EXHIBIT 10

1  WEISSMANN WOLFF BERGMAN
   COLEMAN GRODIN & EVALL LLP
2  Michael Bergman (SBN 37797)
   Anjani Mandavia (SBN 94092)
3  Adam Hagen (SBN 218021)
   9665 Wilshire Boulevard, Ninth Floor
4  Beverly Hills, California 90212
   Telephone: (310) 858-7888
5  Fax: (310) 550-7191

6  FROSS ZELNICK LEHRMAN & ZISSU, P.C.
   Roger L. Zissu (Admitted *pro hac vice*)
7  James D. Weinberger (Admitted *pro hac vice*)
   866 United Nations Plaza
8  New York, New York 10017
   Telephone: (212) 813-5900
9  Fax: (212) 813-5901

10 PERKINS LAW OFFICE, P.C.
   Patrick T. Perkins (Admitted *pro hac vice*)
11 1711 Route 9D
   Cold Spring, New York 10516
12 Telephone: (845) 265-2820
   Fax: (845) 265-2819

13

14 Attorneys for Defendants and Counterclaimant

15            UNITED STATES DISTRICT COURT
             CENTRAL DISTRICT OF CALIFORNIA
16

| | |
|---|---|
| 17 JOANNE SIEGEL and LAURA SIEGEL LARSON, | Case Nos. [Consolidated for Discovery]: |
| 18              Plaintiffs, | CV 04-8400 SGL (RZx) |
|     vs. | CV 04-8776 SGL (RZx) |
| 19 WARNER BROS. ENTERTAINMENT INC.; TIME WARNER INC.; DC | Hon. Steven G. Larson, U.S.D.J. |
| 20 COMICS; and DOES 1-10, | Hon. Ralph Zarefsky, U.S.M.J. |
|              Defendants. | |
| 21 JOANNE SIEGEL and LAURA SIEGEL LARSON, | **DECLARATION OF WAYNE M. SMITH IN SUPPORT OF DEFENDANTS' MOTION TO** |
| 22              Plaintiffs, | **REOPEN DISCOVERY, TO COMPEL PRODUCTION OF** |
|     vs. | **DOCUMENTS, AND TO COMPEL** |
| 23 TIME WARNER INC.; WARNER | **THE FURTHER DEPOSITION TO** |
| 24 COMMUNICATIONS INC.; WARNER | **KEVIN MARKS** |
|    BROS. ENTERTAINMENT INC.; | |
| 25 WARNER BROS. TELEVISION | Time: 10:00 a.m. |
|    PRODUCTION INC.; DC COMICS; | Date: April 20, 2009 |
| 26 and DOES 1-10, | Courtroom: 1 |
|              Defendants. | Hon. Stephen G. Larson |
| 27 AND RELATED COUNTERCLAIMS | Discovery Cutoff: Nov. 17, 2006 |
| 28 | |

EXHIBIT 10

DECLARATION OF WAYNE M. SMITH

1    I, Wayne M. Smith, declare and state as follows:

2    1.    I am an attorney, admitted to practice before the Supreme Court of the

3    State of California and before this Court, and am employed by defendant Warner

4    Bros. Entertainment Inc. ("Warner Bros.") as Vice President, Senior Litigation and

5    Chief Patent Counsel. I have personal knowledge of the facts contained within this

6    declaration, and, if called upon as a witness, I could and would testify competently

7    thereto.

8    2.    On September 26, 2008, the Court ordered plaintiffs to produce any

9    Escrow Documents that had not been listed on a privilege log. On December 11,

10   2008, pursuant to the Court's September 26, 2008, Order, David Eisen of Arnold &

11   Porter produced to defendants' counsel a number of the Escrow Documents. One of

12   those documents is an unsigned, seven-page memorandum entitled: "Superman –

13   Marc Toberoff Timeline" (hereinafter "Timeline").

14   3.    The author of the Timeline is not known with certainly, but it was

15   written by someone who summarized conversations and documents involving the

16   plaintiffs' case and the conduct of the plaintiffs and their lawyers.

17   4.    The Timeline contains this statement: "Marks also tells the Siegels that

18   he would testify in court against the Siegels if they accepted [Mr. Toberoff's] offer

19   because he believes there has already been an agreement reached."

20   5.    Based on my recollection of handling and sorting the Escrow

21   Documents, as described in my declarations dated March 26, 2007 and April 9,

22   2008, I believe the language quoted from the Timeline refers to and is substantially

23   similar to statements made by Mr. Marks to his clients in correspondence that

24   corresponds to document no. Q0008-Q0009 which, according to Plaintiffs' privilege

25   log, appears to be a letter from Kevin Marks to Plaintiffs dated August 9, 2002. I

26   recall sorting this correspondence, along with the Timeline, into the "?" pile as

27

28

EXHIBIT 10

Page 199

1   relating to plaintiffs' contention that Mr. Marks lacked authority to bind plaintiffs to

2   any settlement, an issue on which I believed privilege had likely been waived.

3         Pursuant to 28 U.S.C. § 1746(2), I declare under penalty of perjury that the

4   foregoing is true and correct.

5   February 19, 2009 at Burbank, California.

6

7                                 Wayne M. Smith

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT 10

2

EXHIBIT 11



1   WEISSMANN WOLFF BERGMAN
    COLEMAN GRODIN & EVALL LLP
2   Michael Bergman (SBN 37797)
  Anjani Mandavia (SBN 94092)
3   Adam Hagen (SBN 218021)
  9665 Wilshire Boulevard, Ninth Floor
4   Beverly Hills, California 90212
  Telephone: (310) 858-7888
5   Fax: (310) 550-7191

6   FROSS ZELNICK LEHRMAN & ZISSU, P.C.
  Roger L. Zissu (Admitted *pro hac vice*)
7   James D. Weinberger (Admitted *pro hac vice*)
  866 United Nations Plaza
8   New York, New York 10017
  Telephone: (212) 813-5900
9   Fax: (212) 813-5901

10   PERKINS LAW OFFICE, P.C.
  Patrick T. Perkins (Admitted *pro hac vice*)
11   1711 Route 9D
  Cold Spring, New York 10516
12   Telephone: (845) 265-2820
  Fax: (845) 265-2819

13

14   Attorneys for Defendants and Counterclaimant

15              **UNITED STATES DISTRICT COURT**
             **CENTRAL DISTRICT OF CALIFORNIA**

16

| | |
|---|---|
| 17  JOANNE SIEGEL and LAURA SIEGEL LARSON, | Case Nos. [Consolidated for Discovery]: |
| 18         Plaintiffs, | CV 04-8400 SGL (RZx) |
| | CV 04-8776 SGL (RZx) |
| 19    vs. | Hon. Steven G. Larson, U.S.D.J. |
|   WARNER BROS. ENTERTAINMENT | Hon. Ralph Zarefsky, U.S.M.J. |
| 20  INC.; TIME WARNER INC.; DC COMICS; and DOES 1-10, | |
| 21         Defendants. | **DECLARATION OF MICHAEL BERGMAN IN SUPPORT OF** |
|   JOANNE SIEGEL and LAURA | **DEFENDANTS'** |
| 22  SIEGEL LARSON, | **MOTION TO COMPEL** |
| | **PRODUCTION OF WHISTLE-** |
| 23         Plaintiffs, | **BLOWER DOCUMENTS** |
|    vs. | |
| 24  TIME WARNER INC.; WARNER COMMUNICATIONS INC.; WARNER | **DISCOVERY MATTER** |
| | **LOCAL RULE 37** |
| 25  BROS. ENTERTAINMENT INC.; WARNER BROS. TELEVISION | |
| 26  PRODUCTION INC.; DC COMICS; and DOES 1-10, | Time: 10:00 a.m. |
| | Date: April 16, 2007 |
| 27         Defendants. | Courtroom: 540 |
|   AND RELATED COUNTERCLAIMS | Mag. Judge Ralph Zarefsky |
| | Discovery Cutoff: Nov. 17, 2006 |

28

{F001067! }

EXHIBIT 11

Page 201

1    I, Michael Bergman, declare and state as follows:

2        1.    I am member of Weissmann Wolff Bergman Coleman Grodin & Evall

3    LLP, counsel for Defendants. This declaration, based upon my own personal

4    knowledge and on our office's records, is submitted in support of Defendants

5    Warner Bros. Entertainment Inc., Time Warner Inc., Warner Communications Inc.,

6    Warner Bros. Television Production Inc. and defendant and counterclaimant DC

7    Comics ("Defendants") motion to compel Plaintiffs Joanne Siegel and Laura Siegel

8    Larson ("Plaintiffs") and their counsel to produce so called "Whistle-blower

9    Documents."

10       2.    Attached hereto as Exhibit A is a true and correct copy of defendant

11   and counterclaimant DC Comics' First Amendment Counterclaims in Case No. CV

12   04-8400 SGL (RZx). The identical counterclaims have been filed in related case

13   CV 04-8776 SGL (RZx).

14       3.    Attached hereto as Exhibit B is a true and correct copy of Plaintiffs'

15   Reply to First Amendment Counterclaims.

16       4.    Attached hereto as Exhibit C is a true and correct copy of excerpts from

17   the transcript of the October 7, 2006 deposition of Plaintiffs' former counsel, Kevin

18   Marks of Gang Tyre Ramer & Brown.

19       5.    Attached hereto as Exhibit D is a true and correct copy of a July 5,

20   2006 letter from John J. Quinn, Esq. of Arnold & Porter LLP ("Quinn") to

21   Plaintiffs' counsel Marc Toberoff, Esq. ("Toberoff"), me, and my co-counsel in this

22   action.

23       6.    Attached hereto as Exhibit E is a true and correct copy of a July 13,

24   2006 letter Quinn to Toberoff.

25       7.    Attached hereto as Exhibit F is a true and correct copy of a July 18,

26   2006 letter from Quinn to Toberoff.

27       8.    Attached hereto as Exhibit G is a true and correct copy of a July 19,

28

1

EXHIBIT 11

1   2006 letter from Quinn to Toberoff.

2       9.      Attached hereto as Exhibit H is a true and correct copy of a July 24,

3   2006 letter from Toberoff to Quinn.

4       10.     Attached hereto as Exhibit I is a true and correct copy of my July 24,

5   2006 letter to Toberoff.  Toberoff did not comply with the requests set forth in this

6   letter.

7       11.     Attached hereto as Exhibit J is a true and correct copy of

8   Defendants'/Counterclaimants Third Set of Requests for the Production of

9   Documents and Things, served on August 7, 2006.

10      12.     Attached hereto as Exhibit K is a true and correct copy of the Subpoena

11  in a Civil Case directed to Toberoff and served on August 10, 2006.

12      13.     Attached hereto as Exhibit L is a true and correct copy of Plaintiffs'

13  Response to Defendants'/Counterclaimants Third Set of Requests for the Production

14  of Documents and Things, served on September 6, 2006.

15      14.     Attached hereto as Exhibit M is a true and correct copy of Toberoff's

16  Objections to Defendants' Subpoena, served on August 23, 2006.

17      15.     Attached hereto as Exhibit N is a true and correct copy of the civil

18  minutes of this Court's Order of August 14, 2006.

19      16.     Attached hereto as Exhibit O is a true and correct copy of my

20  September 28, 2006 letter to Toberoff, who never produced a privilege log in

21  response to the August 10, 2006 subpoena.

22      17.     Attached hereto as Exhibit P is a true and correct copy of the privilege

23  logs served by Plaintiffs on September 29, 2006.

24      18.     Attached hereto as Exhibit Q is a true and correct copy of my October

25  13, 2006 letter to Toberoff seeking a conference of counsel pursuant to Local Civil

26  Rule 37-1 regarding the matters complained of in the instant motion.

27      19.     On October 26, 2006, I conducted a Local Rule 37-1 conference by

28  telephone with Mr. Toberoff to discuss the issues set forth in my October 13, 2006

EXHIBIT 11        2

Page 203



1   letter.   During this conference, Mr. Toberoff steadfastly refused to produce any of

2   the non-privileged Whistle-blower Documents and further refused to produce a

3   privilege log, despite the fact that the documents were responsive to specific

4   discovery requests served on Plaintiffs and Mr. Toberoff's law office.   His

5   justification for this position was that the documents were stolen.   Despite the fact

6   that he intimated that certain of the Whistle-blower documents were not privileged, I

7   was unable to sway Mr. Toberoff from his position.   Thus, the parties have not been

8   able to resolve the dispute.

9        20.    Pursuant to Local Rule 37-2.1, attached as Exhibit R is a true and

10  correct copy of the Court's scheduling order in this action dated April 29, 2005, and

11  the April 26, 2006 order extending the original schedule.

12       I declare under penalty of perjury of the laws of the United States of America

13  that the foregoing is true and correct.

14       Dated this 26 day of March 2007 at Los Angeles, California.

15

16                                              Michael Bergman

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT 11    3

Page 204

 

# ARNOLD & PORTER LLP

John J. Quinn
John_Quinn@aporter.com

213.243.4080
213.243.4199 Fax

44th Floor
777 South Figueroa Street
Los Angeles, CA 90017-5844

July 5, 2006

Marc Toberoff, Esq.  *(By Messenger)*
2049 Century Park East, Suite 2720
Los Angeles, CA  90067

Michael Bergman, Esq.  *(By Messenger)*
Weissman, Wolff, Bergman, Coleman, Grodin & Evall, LLP
9665 Wilshire Blvd., Suite 900
Beverly Hills, CA  90212

Roger L. Zissu, Esq.  *(By U. S. Mail)*
Fross, Zelnick, Lehrman & Zissu, P.C.
866 UN Plaza
At First Avenue & 48th Street
New York, NY  10017

Patrick Perkins, Esq.  *(By U.S. Mail)*
Perkins Law Office
1711 Rt. 9D
Cold Spring, NY  10516

    Re:   *Joanne Siegel, etc., Laura Siegel Larson, etc. v. Time Warner Inc., et al.*
         USDC Central District of CA Case No. 04-08776 RSWL (AJWx);
         *Joanne Siegel, etc., Laura Siegel Larson, etc. v. Warner Bros. Entertainment*
         USDC Central District of CA Case No. CV. 04-8400 DDP (RZx)

Gentlemen:

    I have been asked to advise John Schulman, General Counsel of Warner Bros., in connection with certain documents delivered to the Warner Bros. offices during the middle of last week.  One set of documents was delivered to Mr. Schulman and one set was delivered to each of two Warner Bros. executives.  The source or sender of the documents was not identified and no effort has been made to determine whether the three sets are identical in every respect.

    Wayne Smith, Senior Litigation and Chief Patent Counsel of Warner Bros., made a cursory review of the document, did not read or review them in detail, but, recognizing that some of the documents may be privileged, segregated them in three separate categories, namely, "Privileged", "Non-privileged" and "?".

Washington, DC    New York    London    Brussels    Los Angeles    Century City    Northern Virginia    Denver

**Exh. D 81**

EXHIBIT 11

Page 205

 

# ARNOLD & PORTER LLP

Marc Toberoff, Mike Bergman, Rodger Zissu, Patrick Perkins
July 5, 2006
Page 2

Although I have seen the documents, I have not read them or any part of them. I now have the three sets of documents in my possession at my office. I have been asked by Mr. Schulman to contact counsel involved in the pending litigation, advise them of the existence of the documents and the circumstances surrounding their receipt, and suggest a procedure for the proper review and handling of the documents.

Let me suggest the following:

1.   In order to protect the integrity of the documents and avoid any questions, I think they should be Bates stamped by an independent court reporter, court appointed individual, or independent copy service under some supervision.

2.   I would strongly suggest counsel contact the Judge or the Magistrate Judge assigned to this matter and advise him or her of the existence of the documents and circumstances of their receipt.

3.   If agreed, the documents could then be deposited with the Judge or the Magistrate Judge while a procedure for their review is planned. As an alternative, I will retain the documents and await instructions from you or the Court.

4.   The documents should be reviewed by the Judge, the Magistrate Judge or other individual agreed upon to determine whether some or any of the documents are protected by the claim of "Privilege" or "Work Product". Those documents afforded no protection can then be released to the litigation attorneys for defendants.

I hope you will not think me presumptuous in making these suggestions. My only objective is to carry out Mr. Schulman's request that these documents be handled in a proper and efficient manner. In the meantime, I will keep the documents in my personal possession and allow access to them only upon your joint or the Court's instructions.

Yours very truly,

John J. Quinn

JJQ:m
cc: John A. Schulman, Esq

**Exh. D 82**

EXHIBIT 11

Page 206



# ARNOLD & PORTER LLP

John J. Quinn
John_Quinn@aporter.com

213.243.4080
213.243.4199 Fax

44th Floor
777 South Figueroa Street
Los Angeles, CA 90017-5844

July 5, 2006

Marc Toberoff, Esq. *(By Messenger)*
2049 Century Park East, Suite 2720
Los Angeles, CA 90067

Michael Bergman, Esq. *(By Messenger)*
Weissman, Wolff, Bergman, Coleman, Grodin & Evall, LLP
9665 Wilshire Blvd., Suite 900
Beverly Hills, CA 90212

Roger L. Zissu, Esq. *(By U.S. Mail)*
Fross, Zelnick, Lehrman & Zissu, P.C.
866 UN Plaza
At First Avenue & 48th Street
New York, NY 10017

Patrick Perkins, Esq. *(By U.S. Mail)*
Perkins Law Office
1711 Rt. 9D
Cold Spring, NY 10516

Re:   *Joanne Siegel, etc., Laura Siegel Larson, etc. v. Time Warner Inc., et al.*
      USDC Central District of CA Case No. 04-08776 RSWL (AJWx);
      *Joanne Siegel, etc., Laura Siegel Larson, etc. v. Warner Bros. Entertainment*
      USDC Central District of CA Case No. CV. 04-8400 DDP (RZx)

Gentlemen:

I have been asked to advise John Schulman, General Counsel of Warner Bros., in connection with certain documents delivered to the Warner Bros. offices during the middle of last week. One set of documents was delivered to Mr. Schulman and one set was delivered to each of two Warner Bros. executives. The source or sender of the documents was not identified and no effort has been made to determine whether the three sets are identical in every respect.

Wayne Smith, Senior Litigation and Chief Patent Counsel of Warner Bros., made a cursory review of the document, did not read or review them in detail, but, recognizing that some of the documents may be privileged, segregated them in three separate categories, namely, "Privileged", "Non-privileged" and "?".

Washington, DC    New York    London    Brussels    Los Angeles    Century City    Northern Virginia    Denver

**Exh. D 81**

EXHIBIT 11
Page 207

 

# ARNOLD & PORTER LLP

Marc Toberoff, Mike Bergman, Rodger Zissu, Patrick Perkins
July 5, 2006
Page 2

Although I have seen the documents, I have not read them or any part of them. I now have the three sets of documents in my possession at my office. I have been asked by Mr. Schulman to contact counsel involved in the pending litigation, advise them of the existence of the documents and the circumstances surrounding their receipt, and suggest a procedure for the proper review and handling of the documents.

Let me suggest the following:

1. In order to protect the integrity of the documents and avoid any questions, I think they should be Bates stamped by an independent court reporter, court appointed individual, or independent copy service under some supervision.

2. I would strongly suggest counsel contact the Judge or the Magistrate Judge assigned to this matter and advise him or her of the existence of the documents and circumstances of their receipt.

3. If agreed, the documents could then be deposited with the Judge or the Magistrate Judge while a procedure for their review is planned. As an alternative, I will retain the documents and await instructions from you or the Court.

4. The documents should be reviewed by the Judge, the Magistrate Judge or other individual agreed upon to determine whether some or any of the documents are protected by the claim of "Privilege" or "Work Product". Those documents afforded no protection can then be released to the litigation attorneys for defendants.

I hope you will not think me presumptuous in making these suggestions. My only objective is to carry out Mr. Schulman's request that these documents be handled in a proper and efficient manner. In the meantime, I will keep the documents in my personal possession and allow access to them only upon your joint or the Court's instructions.

Yours very truly,

John J. Quinn

JJQ:m
cc: John A. Schulman, Esq

EXHIBIT 11

Page 208

Exh. D 82

 

MB, AM, AH
2231.811

# ARNOLD & PORTER LLP

John J. Quinn
John_Quinn@aporter.com

213.243.4080
213.243.4199 Fax

44th Floor
777 South Figueroa Street
Los Angeles, CA 90017-5844

July 13, 2006

*By Facsimile and U.S. Mail*

Marc Toberoff, Esq.
2049 Century Park East, Suite 2720
Los Angeles, CA 90067

Re:  *Joanne Siegel, etc., Laura Siegel Larson, etc. v. Time Warner Inc., et al.*
USDC Central District of CA Case No. 04-08776 RSWL (AJWx);
*Joanne Siegel, etc., Laura Siegel Larson, etc. v. Warner Bros. Entertainment*
USDC Central District of CA Case No. CV. 04-8400 DDP (RZx)

Dear Marc:

During our conversation on July 11, it was my understanding that you had agreed to follow the protocol outlined in my letter to you of July 5, 2006 and that you would drop me a line to confirm that understanding.

I have tried to reach you on couple of occasions, but have been unsuccessful. Rather than let this matter drag any further and not overly complicate the process, I will do the following:

1.  I will have one copy of the documents made in my office by a paralegal and have them Bates stamped. The paralegal will be instructed that she is not to read or discuss the documents with anyone.

2.  I will personally retain a copy of the Bates stamped documents.

3.  I will send you a copy of the Bates stamped documents.

You can then review the documents and send to Mr. Bergman those documents for which you do not claim any privilege. You can then prepare a privilege log and submit it for review by Mr. Bergman. In the event of any conflict regarding the documents, I assume the two of you will confer to see if a resolution can be accomplished and, if not, you will submit your differences to the Magistrate Judge.

Washington, DC    New York    London    Brussels    Los Angeles    Century City    Northern Virginia    Denver

EXHIBIT 11

Exh. E 83



# ARNOLD & PORTER LLP

Marc Toberoff
July 13, 2006
Page 2

If you have any questions, please call me as soon as possible.

Yours very truly,



John J. Quinn

JJQ:rn

cc:    Michael Bergman (by facsimile and U.S. Mail)
       Roger Zissu (by U.S. Mail)
       Patrick Perkins (by U.S. Mail)
       John A. Schulman (by U.S. Mail)

EXHIBIT 11

Page 210

Exh. E 84



## ARNOLD & PORTER LLP

John J. Quinn
John_Quinn@aporter.com

213.243.4090
213.243.4199 Fax

44th Floor
777 South Figueroa Street
Los Angeles, CA 90017-5844

July 18, 2006

*By Facsimile and Messenger*

Marc Toberoff, Esq.
2049 Century Park East, Suite 2720
Los Angeles, CA 90067

     Re:  *Joanne Siegel, etc., Laura Siegel Larson, etc. v. Time Warner Inc., et al.*
          USDC Central District of CA Case No. 04-08776 RSWL (AJWx);
          *Joanne Siegel, etc., Laura Siegel Larson, etc. v. Warner Bros. Entertainment*
          USDC Central District of CA Case No. CV. 04-8400 DDP (RZx)

Dear Marc:

    Attached please find copies of the documents which were delivered to the Warner Bros. offices. As I advised you in my letter of July 5, 2006, no effort has been made to determine whether the three sets are identical in every respect. Nonetheless, we have Bates stamped each of the documents in each of the sets.

    We have replicated the post-its and have located them on the documents in the same position as received.

    I assume the next step in this process would be for you to prepare and serve a privilege log on Mr. Bergman.

    Further, as I have advised you, I have retained a set of the documents in the same configuration as I received them.

                 Yours very truly,

                    John J. Quinn

JJQ:rn

cc:   Michael Bergman (by facsimile and U.S. Mail)
      Roger Zissu (by U.S. Mail)
      Patrick Perkins (by U.S. Mail)
      John A. Schulman (by U.S. Mail)

Washington, DC   New York   London   Brussels   Los Angeles   Century City   Northern Virginia   Denver

Exh. F 85

EXHIBIT 11

Page 211



Jul-19-06    09:29pm    From-                                T-880    P.002/003    F-378

# LAW OFFICES OF MARC TOBEROFF

A PROFESSIONAL CORPORATION

2049 CENTURY PARK EAST, SUITE 2720
LOS ANGELES, CALIFORNIA 90067

MARC TOBEROFF*
NICHOLAS C. WILLIAMSON
ALEXANDER M. MERINO

* ALSO ADMITTED IN NEW YORK

TELEPHONE
(310) 246-3333

FACSIMILE
(310) 246-3101

July 19, 2006

<u>Via Fax and US Mail</u>

John J. Quinn
Arnold & Porter, LLP
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017

Re:  *Joanne Siegel and Laura Siegel Larson v. Time Warner, Inc. et al.*
     USDC Central District of CA, Case No. 04-08776 RSWL (AJWx)
     *Joanne Siegel and Laura Siegel Larson v. Time Warner, Inc. et al.*
     USDC Central District of CA, Case No. 04-08400 RSWL (AJWx)

Dear John:

    I am writing with respect to your letter dated July 13, 2006 and your subsequent delivery of documents to my office on July 18, 2006.

    As a preliminary matter, your July 13 letter mistakenly states that I agreed in our conversation on July 11, 2006 to follow the protocol outlined in your letter of July 5, 2006. I presumed from the tenor of your July 5 letter that the privileged documents referred to were documents to which *my clients* hold the privilege. I therefore requested in our July 11 teleconference that the documents be promptly disclosed and turned over to us. As a protocol I suggested that (1) an independent shop copy and bate stamp the documents, and provide you with only the total bate stamp number range; (2) all such documents including Warner Bros.' "originals" then be returned to my offices and (3) I review the documents and provide Warner Bros. with a privilege log as appropriate. We concluded with my stating that I would memorialize the above in an e-mail to you, however, I was pulled into another urgent matter, whereupon you sent your July 11 letter.

    Upon opening the document package sent to my office yesterday, it was immediately apparent that the documents had been *stolen* from my legal files and are, in large part, clear attorney-client communications. Such illegally obtained documents should *not* have been reviewed in any manner by Wayne Smith, Warner Bros.' Senior Litigation Counsel.

EXHIBIT 11                                                    **Exh. G 86**

Jul-19-06   08:28pm   From-                                             T-880   P.009/009   F-878



**LAW OFFICES OF MARC TOBEROFF**

John J. Quinn, Esq.
July 19, 2006
Page 2

Your letter of July 5 states that Wayne Smith did not read or review the documents in detail but nonetheless somehow segregated the documents in three separate categories – "Privileged," "Non-Privileged" and "?." This segregation was passed on to me in the form of clipped copies marked with "post-its." It is logically impossible for Wayne Smith to have made this detailed segregation without reviewing the stolen documents in substance, which was improper. Upon realizing, as is plainly evident, that these documents had been stolen from my law offices, Warner Bros. should have immediately re-sealed the documents, notified me of this security breach and returned the documents to my offices, together with all pertinent details regarding its receipt of the documents.

We are understandably conducting an investigation into this shocking and unconscionable theft of confidential legal files from my offices and their disclosure at an important juncture in the above referenced litigations.

In connection with our investigation of this matter, request is hereby made that Warner Bros. furnish us with the following: (1) the date(s) each set of documents was received; (2) copies of all envelopes or packages enclosing the documents; (3) the method by which the documents were sent and, in the unlikely event the documents were delivered by hand, the name of the messenger (and messenger service) logged at Warner Bros.' security gate and (4) any other pertinent information regarding Warner Bros.' receipt of these documents. We would also like to inspect the "original" documents and enclosing envelopes or packages *as received* by Warner Bros.

Lastly, request is hereby made that any and all copies of these stolen documents (e.g., the retained set mentioned in your July 13 letter) be immediately returned to my law offices.

Warner Bros.' anticipated cooperation with respect to this very troubling matter is appreciated.

Very truly yours,

Marc Toberoff

cc: Michael Bergman, Esq.

EXHIBIT 11                                    Exh. G 87

Page 213





# ARNOLD & PORTER LLP

John J. Quinn
John_Quinn@aporter.com

213.243.4080
213.243.4199 Fax

44th Floor
777 South Figueroa Street
Los Angeles, CA 90017-5844

July 24, 2006

*By Facsimile and U.S. Mail*
Marc Toberoff, Esq.
2049 Century Park East, Suite 2720
Los Angeles, CA 90067

Re:   *Joanne Siegel, etc., Laura Siegel Larson, etc. v. Time Warner Inc., et al.*
      USDC Central District of CA Case No. 04-08776 RSWL (AJWx);
      *Joanne Siegel, etc., Laura Siegel Larson, etc. v. Warner Bros. Entertainment*
      USDC Central District of CA Case No. CV. 04-8400 DDP (RZx)

Dear Marc:

   This will acknowledge receipt of your letter of July 19, 2006.

   I regret that we have a disagreement about our conversation of July 11, 2006.

   Regardless of our disagreement, it appears the only issue which now exists is my retention of a copy of the documents. You will recall in my letter of July 5, 2006, I suggested the documents might be deposited with the Judge or Magistrate Judge while a procedure for the review was planned.

   I then received a copy of a letter under date of July 6, 2002 from Michael Bergman to Magistrate Judge Ralph Zarefsky on which you were copied. I learned that day or the next that the Magistrate Judge had returned Mr. Bergman's letter. Not having heard from you, I corresponded with you under date of July 13, 2006 to the effect that I would have the documents copied in my office, I would retain a copy of the Bates stamped documents and I would send you a copy of the Bates stamped documents. These documents were sent to you by messenger on July 18.

   It appears the only quarrel you have is that I have retained a copy of the documents. I can assure you the documents in my possession have not been read by anyone. The only reason I suggested that I or someone retain a copy of the documents or that they be deposited with the Court was to insure no claim was made that the documents were not complete.

   As I stated previously, I would be happy to comply with any instructions from the Court or any agreement that you and Mr. Bergman may work out. My suggestion would be to have a hearing before the Judge or Magistrate Judge. I would be happy to appear at any court hearing which is scheduled on this matter. Perhaps you and Mr. Bergman can agree on a process for the

Washington, DC    New York    London    Brussels    Los Angeles    Century City    Northern Virginia    Denver

EXHIBIT 11

Page 214

Exh. H 88



# ARNOLD & PORTER LLP

Marc Toberoff
July 24, 2006
Page 2

which is scheduled on this matter. Perhaps you and Mr. Bergman can agree on a process for the handling of the documents. If not, I would urge that the Court be involved and we seek directions on how to proceed. Frankly, I am trying to be constructive and thought my suggestions carried out your goals, namely, prompt delivery of a copy of the documents to you and further protection of the integrity of the documents for the benefit of the parties to the litigation.

With respect to your request for information from Warner Bros. regarding the delivery and handling of the documents, I will inquire and see what information I can supply to you.

Yours very truly,

John J. Quinn

JJQ:m

cc:    Michael Bergman (by facsimile and U.S. Mail)
       Roger Zissu (by U.S. Mail)
       Patrick Perkins (by U.S. Mail)
       John A. Schulman (by U.S. Mail)

EXHIBIT 11

Page 215

**Exh. H 89**





VIA FACSIMILE (310) 246-3101
AND FIRST CLASS MAIL

July 24, 2006

Marc Toberoff, Esq.
Law Offices of Marc Toberoff
1999 Century Park East, Suite 1540
Los Angeles, CA 90064

Michael Bergman
a professional corporation
mbergman@wwllp.com

Our File No. 2231.811

Re:    *Joanne Siegel, etc., Laura Siegel Larson, etc. v. Time Warner Inc., et al.*
       USDC Central District of CA Case No. 04-08776 RSWL (AJWx);
       *Joanne Siegel, etc., Laura Siegel Larson, etc. v. Warner Bros. Entertainment*
       USDC Central District of CA Case No. CV 04-8400 DDP (RZx)

Dear Marc:

I am writing to you regarding the documents first described in Jack Quinn's letter of July 5, 2006, and which have since been the subject of various correspondence between you, myself and Mr. Quinn (the "Documents"). As I have previously advised you, I have neither seen, nor discussed the contents of, the Documents.

I understand from Mr. Quinn's letter of July 18 that the Documents have been Bates stamped, and that copies have been provided to you. While the matter may, at some point, require the guidance of Magistrate Judge Zarefsky, I believe that we should initially proceed as follows:

    1.    You should immediately provide me with copies of each Document as to which you are not asserting an attorney/client or work product privilege.

    2.    As to each Document which you assert to be privileged, you should provide to me, no later than Friday, July 28, 2006, an appropriately detailed privilege log containing, as to each such Document: (a) its Bate stamp number; (b) its date; (c) the identity of the author and the capacity in which he or she created the Document; (d) the identity of the addressee and each other recipient of the Document as well as the capacity in which each of them received the Document; (e) a description of the Document sufficient to support

WEISSMANN WOLFF BERGMAN COLEMAN GRODIN & EVALL LLP
9665 WILSHIRE BLVD. NINTH FLOOR, BEVERLY HILLS, CA 90212  T: 310.858.7888  F: 310.550.7191  WWW.WWLLP.COM
LAWYERS

EXHIBIT 11

Page 216

Exh. I 90



Marc Toberoff, Esq.
July 24, 2006
Page 2

the asserted privilege; and (f) the particular privilege being asserted by you. In addition, in the event that the Document does not relate to the above litigations, a description of the matter to which it does relate.

If this procedure is not acceptable to you we will initiate a status conference with Magistrate Judge Zarefsky and request the attendance of Mr. Quinn together with his retained set of the Documents.

Thank you.

Very truly yours,

Michael Bergman

cc:    Roger Zissu, Esq.
       Patrick Perkins, Esq.

WEISSMANN WOLFF BERGMAN COLEMAN GRODIN & EVALL LLP

322688v1

Exh. I 91

EXHIBIT 11

Page 217

1   FROSS ZELNICK LEHRMAN & ZISSU, P.C.
    Roger L. Zissu (Admitted *pro hac vice*)
2   James D. Weinberger (Admitted *pro hac vice*)
    Justin Deabler (Admitted *pro hac vice*)
3   866 United Nations Plaza
    New York, New York 10017
4   Telephone: 212-813-5900
    Fax:         212-813-5901
5
    PERKINS LAW OFFICE, P.C.
6   Patrick T. Perkins (Admitted *pro hac vice*)
    1711 Route 9D
7   Cold Spring, NY 10516
    Telephone: 845-265-2820
8   Fax:         845-265-2819
9   WEISSMANN WOLFF BERGMAN
      COLEMAN GRODIN & EVALL LLP
10  Michael Bergman (SBN 37797)
    Anjani Mandavia (SBN94092)
11  Adam Hagen (SBN 218021)
    9665 Wilshire Boulevard, Ninth Floor
12  Beverly Hills, California 90212
    Telephone: 310-858-7888
13  Fax:         310-550-7191
14  Attorneys for Defendants and Counterclaimants
15                UNITED STATES DISTRICT COURT
16                CENTRAL DISTRICT OF CALIFORNIA
17
18  JOANNE SIEGEL and LAURA          ) Case Nos. [Consolidated for
    SIEGEL LARSON,                   ) Discovery]:
19                                   )      04-8400 RSWL (RZx)
           Plaintiffs,               )      04-8776 RSWL (RZx)
20                                   )
        vs.                          ) Hon. Ronald S.W. Lew, U.S.D.J.
21                                   ) Hon. Ralph Zarefsky, U.S.M.J.
    TIME WARNER INC., WARNER         )
22  COMMUNICATIONS INC., WARNER      ) DEFENDANTS'/
    BROS. ENTERTAINMENT INC.,        ) COUNTERCLAIMANT'S
23  WARNER BROS. TELEVISION          ) THIRD SET OF REQUESTS
    PRODUCTION INC., DC COMICS,,     ) FOR THE PRODUCTION OF
24  and DOES 1-10,                   ) DOCUMENTS AND THINGS
                                     )
25         Defendants.               )
                                     )
26  ─────────────────────────────   )
                                     )
27  AND RELATED COUNTERCLAIMS.       )
                                     )
28

                                1
    DEFENDANTS'/COUNTERCLAIMANT'S THIRD SET OF REQUEST FOR PRODUCTION
                                                        **Exh. J 92**

EXHIBIT 11

Page 218

1   Pursuant to Fed. R. Civ. P. 34, Defendants Warner Bros. Entertainment,

2   Inc., Time Warner Inc., Warner Communications Inc., and Warner Bros.

3   Television Production Inc., and Defendant and Counterclaimant DC Comics,

4   request that Plaintiffs Joanne Siegel and Laura Siegel Larson respond hereto in

5   writing and produce and permit inspection and copying of each of the following

6   documents and tangible things in their possession, custody or control.  The

7   documents and things identified herein shall be produced no later than 30 days

8   from the date of this request at the offices of Weissmann Wolff Bergman

9   Coleman Grodin & Evall LLP, 9665 Wilshire Boulevard, Ninth Floor, Beverly

10  Hills, California 90212, or as otherwise agreed.

11              **INSTRUCTIONS AND DEFINITIONS**

12          A.     Whenever the terms "and" or "or" are used they are to be

13  construed both disjunctively and conjunctively as necessary to bring within the

14  scope of these discovery requests responses that might otherwise be construed to

15  be outside the scope.

16          B.     The use of the singular form of any word includes the plural

17  and vice versa.

18          C.     In the event any document is withheld on a claim of

19  attorney/client privilege or work product immunity, please provide a statement

20  signed by an attorney representing Plaintiffs setting forth as to each such

21  document:

22      (1)    The name of the sender(s) of the document;

23      (2)    The name of the author(s) of the document, the entity on whose

24             behalf it was created and the capacity in which the author(s) created

25             the document;

26      (3)    The name(s) of all person(s) to whom copies were sent and/or to

27             whom the information contained therein was disclosed, the entity to

28             which it was addressed and the capacity in which each such recipient

2

1      received the document;

2      (4)     The job title of every person referred to in (1), (2), and (3) above;

3      (5)     The date of the document;

4      (6)     The date on which the document was received;

5      (7)     A brief description of the nature and subject matter of the document

6              sufficient to support the asserted privilege; and

7      (8)     The statute, rule, or decision which is claimed to give rise to the

8              privilege.

9              D.     "Writing" means any tangible expression or communication --

10     printed or electronic -- however created, recorded, embodied, maintained, filed, or

11     stored in any medium, mode, form, or technology, including, without limitation,

12     as defined by Rule 1001 of the Federal Rules of Evidence, and includes every

13     "original" and every "duplicate" of each such Writing as defined, respectively, by

14     Rules 1001(3) and (4) of the Federal Rules of Evidence.

15                              **REQUESTS**

16     **Request No. 66**

17          All Writings referenced in the July 5, 2006 letter from John J. Quinn, Esq.

18     to, among others, Marc Toberoff, Esq. (a copy of which is attached hereto as

19     Exhibit A), and which were attached to or enclosed with the July 18, 2006 letter

20     from John J. Quinn, Esq. to Marc Toberoff, Esq. (a copy of which is attached

21     hereto as Exhibit B).

22     DATED:  August 7, 2006          FROSS ZELNICK LEHRMAN & ZISSU, P.C.
                                        PERKINS LAW OFFICE, P.C.

23

24                                     -and-

25                                     WEISSMANN WOLFF BERGMAN
                                        COLEMAN GRODIN & EVALL LLP

26

27                                     By: _____
                                            Michael Bergman
28                                     *Attorneys for Defendants and Counterclaimants*

                                    3

**EXHIBIT A**

EXHIBIT 11

Page 221

Exh. J 95



# ARNOLD & PORTER LLP

John J. Quinn
John_Quinn@aporter.com

213.243.4060
213.243.4199 Fax

44th Floor
777 South Figueroa Street
Los Angeles, CA 90017-5844

July 5, 2006

Marc Toberoff, Esq. *(By Messenger)*
2049 Century Park East, Suite 2720
Los Angeles, CA 90067

Michael Bergman, Esq. *(By Messenger)*
Weissman, Wolff, Bergman, Coleman, Grodin & Evall, LLP
9665 Wilshire Blvd., Suite 900
Beverly Hills, CA 90212

Roger L. Zissu, Esq. *(By U.S. Mail)*
Fross, Zelnick, Lehrman & Zissu, P.C.
866 UN Plaza
At First Avenue & 48th Street
New York, NY 10017

Patrick Perkins, Esq. *(By U.S. Mail)*
Perkins Law Office
1711 Rt. 9D
Cold Spring, NY 10516

Re:   *Joanne Siegel, etc., Laura Siegel Larson, etc. v. Time Warner Inc., et al.*
USDC Central District of CA Case No. 04-08776 RSWL (AJWx);
*Joanne Siegel, etc., Laura Siegel Larson, etc. v. Warner Bros. Entertainment*
USDC Central District of CA Case No. CV. 04-8400 DDP (RZx)

Gentlemen:

I have been asked to advise John Schulman, General Counsel of Warner Bros., in connection with certain documents delivered to the Warner Bros. offices during the middle of last week. One set of documents was delivered to Mr. Schulman and one set was delivered to each of two Warner Bros. executives. The source or sender of the documents was not identified and no effort has been made to determine whether the three sets are identical in every respect.

Wayne Smith, Senior Litigation and Chief Patent Counsel of Warner Bros., made a cursory review of the document, did not read or review them in detail, but, recognizing that some of the documents may be privileged, segregated them in three separate categories, namely, "Privileged", "Non-privileged" and "?".

EXHIBIT     A

Washington, DC    New York    London    Brussels    Los Angeles    Century City    Northern Virginia    Denver

EXHIBIT 11

Exh. J 96

Page 222



# ARNOLD & PORTER LLP

Marc Toberoff, Mike Bergman, Rodger Zissu, Patrick Perkins
July 5, 2006
Page 2

Although I have seen the documents, I have not read them or any part of them. I now have the three sets of documents in my possession at my office. I have been asked by Mr. Schulman to contact counsel involved in the pending litigation, advise them of the existence of the documents and the circumstances surrounding their receipt, and suggest a procedure for the proper review and handling of the documents.

Let me suggest the following:

1. In order to protect the integrity of the documents and avoid any questions, I think they should be Bates stamped by an independent court reporter, court appointed individual, or independent copy service under some supervision.

2. I would strongly suggest counsel contact the Judge or the Magistrate Judge assigned to this matter and advise him or her of the existence of the documents and circumstances of their receipt.

3. If agreed, the documents could then be deposited with the Judge or the Magistrate Judge while a procedure for their review is planned. As an alternative, I will retain the documents and await instructions from you or the Court.

4. The documents should be reviewed by the Judge, the Magistrate Judge or other individual agreed upon to determine whether some or any of the documents are protected by the claim of "Privilege" or "Work Product". Those documents afforded no protection can then be released to the litigation attorneys for defendants.

I hope you will not think me presumptuous in making these suggestions. My only objective is to carry out Mr. Schulman's request that these documents be handled in a proper and efficient manner. In the meantime, I will keep the documents in my personal possession and allow access to them only upon your joint or the Court's instructions.

Yours very truly,

John J. Quinn

JJQ:m
cc: John A. Schulman, Esq

EXHIBIT 11

Exh. J 97

**EXHIBIT B**

07/18/2008 08:51 FAX  213 243     ARNOLD & PORTER,LLP    ☑ 001/002

# ARNOLD & PORTER LLP

213.243.4000
213.243.4199 Fax

44th Floor
777 South Figueroa Street
Los Angeles, CA  90017-5844

| Fax Transmittal | | |
|---|---|---|
| July 18, 2006 | | |
| **RECIPIENT NAME(S)** | **RECIPIENT FAX NUMBER(S)** | **RECIPIENT TELEPHONE NUMBER(S)** |
| Marc Toberoff, Esq. | (310) 246-3101 | (310) 246-3333 |
| Michael Bergman | (310) 550-7191 | (310) 858-7888 |
| **SENDER** | **SENDER'S TELEPHONE NUMBER** | |
| John Quinn | (213) 243-4080 | |
| **CLIENT/MATTER NUMBER** | **TIMEKEEPER NUMBER** | **NUMBER OF PAGES(S)** |
| 01791.002 | | We are transmitting 2 page(s) (including this cover sheet). |
| If you experience difficulty receiving this fax transmission, please contact the operator at 213.243.4032. | | |
| **MESSAGE** | | |
| | | |

PRIVILEGED AND CONFIDENTIAL
Information intended only for the use of the addressee named above.  If the reader of this message is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, please note that any dissemination, distribution or copying of this communication is strictly prohibited.  Anyone who receives this communication in error should notify us immediately by telephone and return the original message to us at the above address via the U.S. Mail.

EXHIBIT  6

EXHIBIT 11                    Exh. J 99

2231.81

# ARNOLD & PORTER LLP

John J. Quinn
John_Quinn@aporter.com

213.243.4080
213.243.4199 Fax

44th Floor
777 South Figueroa Street
Los Angeles, CA 90017-5844

July 18, 2006

*By Facsimile and Messenger*

Marc Toberoff, Esq.
2049 Century Park East, Suite 2720
Los Angeles, CA  90067

Re:    *Joanne Siegel, etc., Laura Siegel Larson, etc. v. Time Warner Inc., et al.*
USDC Central District of CA Case No. 04-08776 RSWL (AJWx);
*Joanne Siegel, etc., Laura Siegel Larson, etc. v. Warner Bros. Entertainment*
USDC Central District of CA Case No. CV. 04-8400 DDP (RZx)

Dear Marc:

Attached please find copies of the documents which were delivered to the Warner Bros. offices.  As I advised you in my letter of July 5, 2006, no effort has been made to determine whether the three sets are identical in every respect.  Nonetheless, we have Bates stamped each of the documents in each of the sets.

We have replicated the post-its and have located them on the documents in the same position as received.

I assume the next step in this process would be for you to prepare and serve a privilege log on Mr. Bergman.

Further, as I have advised you, I have retained a set of the documents in the same configuration as I received them.

Yours very truly,

John J. Quinn

JJQ:m

cc:    Michael Bergman (by facsimile and U.S. Mail)
Roger Zissu (by U.S. Mail)
Patrick Perkins (by U.S. Mail)
John A. Schulman (by U.S. Mail)

Washington, DC    New York    London    Brussels    Los Angeles    Century City    Northern Virginia    Denver

322688

EXHIBIT 11                    Exh. J 100

Page 226



1

PROOF OF SERVICE

2

STATE OF CALIFORNIA          )
3                                                    ) ss.
COUNTY OF LOS ANGELES      )

4

5          I am employed in the County of Los Angeles, State of California; I am over the age of 18
and not a party to the within action; my business address is 9665 Wilshire Blvd, Ninth Floor,
6    Beverly Hills, California 90212. On the date shown below, I served the documents described as:
7    **DEFENDANTS'/COUNTERCLAIMANT'S THIRD SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS** on the interested parties in said action, by
8    placing a true copy thereof enclosed in a sealed envelope, addressed as follows:

9    Marc Toberoff
Law Offices of Marc Toberoff, PLC
10   2049 Century Park East, Suite 2720
Los Angeles, CA 90067
11   Fax No.: (310) 246-3101

12   ___   **(BY MAIL)** I am "readily familiar" with the firm's practice of collection and processing
13         correspondence for mailing. Under that practice it would be deposited with the U.S. postal
service on that same day with postage thereon fully prepaid at Beverly Hills, California. I
14         am aware that on motion of the party served, service is presumed invalid if postal
cancellation date or postage meter date is more than one day after date of deposit for
15         mailing in affidavit.

16   ___   **(FACSIMILE SERVICE)** I caused such document to be transmitted via facsimile to the
17         offices of the addressees at the numbers listed above.

18   XX    **(PERSONAL SERVICE)** I caused such envelope to be delivered by hand to the
19         addressees above.

20   ___   **(BY FEDERAL EXPRESS)** I caused a copy of such document(s) to be delivered to the
21         offices of the addressee(s) via Federal Express, next business day delivery service.

22         Executed on August 7, 2006, at Beverly Hills, California.

23   ___   **STATE**    I declare under penalty of perjury under the laws of the State of California
that the foregoing is true and correct.

24

25   XX    **FEDERAL**    I declare that I am employed in the office of a member of the bar of this
court at whose direction the service was made.

26

27                                                    Pamela Crawford

28

EXHIBIT 11                                    **Exh. J 101**

Page 227

 

MB, AM, AH
2231.811
Calendar

AO 88 (Rev. 11/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

Central    DISTRICT OF California

JOANNE SIEGEL and LAURA SIEGEL LARSON

**SUBPOENA IN A CIVIL CASE**

v.

TIME WARNER INC., WARNER COMMUNICATIONS
INC., WARNER BROS. ENTERTAINMENT INC.,
WARNER BROS. TELEVISION PRODUCTION
INC., DC COMICS, and DOES 1-10

Case Number: CV 04-8400; 04-8776

TO: Marc Toberoff, Esq., Law Offices of Marc Toberoff, 2049 Century Park East, Suite 2720, Los Angeles, California 90067

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Documents set forth in the attached Schedule 1.

| PLACE | DATE AND TIME |
|---|---|
| WEISSMANN WOLFF BERGMAN COLEMAN GRODIN & EVALL LLP 9665 Wilshire Boulevard, Ninth Floor, Beverly Hills, California 90212 | September 6, 2006, 10:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* Michael Bergman | August 10, 2006 |
| Attorneys for Defendants/Counterclaimants |  |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Michael Bergman, Esq., WEISSMANN WOLFF BERGMAN COLEMAN GRODIN & EVALL LLP, 9665 Wilshire Boulevard, Ninth Floor, Beverly Hills, California 90212, (310) 858-7888

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

¹ If action is pending in district other than district of issuance, state district under case number.

AO-88

ORIGINAL

EXHIBIT 11

Exh. K 102




AO 88 (Rev. 11/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to

the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

EXHIBIT 11

Exh. K 103

 

## <u>SCHEDULE 1</u>
### INSTRUCTIONS AND DEFINITIONS

  A. Whenever the terms "and" or "or" are used they are to be construed both disjunctively and conjunctively as necessary to bring within the scope of this subpoena responses that might otherwise be construed to be outside the scope.

  B. The use of the singular form of any word includes the plural and vice versa.

  C. In the event any document is withheld on a claim of attorney/client privilege or work product immunity, please provide a statement signed by you or your attorney setting forth as to each such document:

  (1) The name of the sender(s) of the document;

  (2) The name of the author(s) of the document, the entity on whose behalf it was created and the capacity in which the author(s) created the document;

  (3) The name(s) of all person(s) to whom copies were sent and/or to whom the information contained therein was disclosed, the entity to which it was addressed and the capacity in which each such recipient received the document;

  (4) The job title of every person referred to in (1), (2), and (3) above;

  (5) The date of the document;

  (6) The date on which the document was received;

  (7) A brief description of the nature and subject matter of the document sufficient to support the asserted privilege; and

EXHIBIT 11

Page 230

Exh. K 104



(8)    The statute, rule, or decision which is claimed to give rise to the privilege.

D.    "Writing" means any tangible expression or communication -- printed or electronic -- however created, recorded, embodied, maintained, filed, or stored in any medium, mode, form, or technology, including, without limitation, as defined by Rule 1001 of the Federal Rules of Evidence, and includes every "original" and every "duplicate" of each such Writing as defined, respectively, by Rules 1001(3) and (4) of the Federal Rules of Evidence.

## DOCUMENTS TO BE PRODUCED AND MADE AVAILABLE FOR INSPECTION AND COPYING

1.    All Writings referenced in the July 5, 2006 letter from John J. Quinn, Esq. to, among others, Marc Toberoff, Esq. (a copy of which is attached hereto as Exhibit A), and which were attached to or enclosed with the July 18, 2006 letter from John J. Quinn, Esq. to Marc Toberoff, Esq. (a copy of which is attached hereto as Exhibit B).

EXHIBIT 11

Page 231

Exh. K 105



# ARNOLD & PORTER LLP

John J. Quinn
John_Quinn@aporter.com

213.243.4080
213.243.4199 Fax

44th Floor
777 South Figueroa Street
Los Angeles, CA 90017-5844

July 5, 2006

Marc Toberoff, Esq. *(By Messenger)*
2049 Century Park East, Suite 2720
Los Angeles, CA 90067

Michael Bergman, Esq. *(By Messenger)*
Weissmann, Wolff, Bergman, Coleman, Grodin & Evall, LLP
9665 Wilshire Blvd., Suite 900
Beverly Hills, CA 90212

Roger L. Zissu, Esq. *(By U. S. Mail)*
Fross, Zelnick, Lehrman & Zissu, P.C.
866 UN Plaza
At First Avenue & 48th Street
New York, NY 10017

Patrick Perkins, Esq. *(By U.S. Mail)*
Perkins Law Office
1711 Rt. 9D
Cold Spring, NY 10516

Re:  *Joanne Siegel, etc., Laura Siegel Larson, etc. v. Time Warner Inc., et al.*
USDC Central District of CA Case No. 04-08776 RSWL (AJWx);
*Joanne Siegel, etc., Laura Siegel Larson, etc. v. Warner Bros. Entertainment*
USDC Central District of CA Case No. CV, 04-8400 DDP (RZx)

Gentlemen:

I have been asked to advise John Schulman, General Counsel of Warner Bros., in connection with certain documents delivered to the Warner Bros. offices during the middle of last week. One set of documents was delivered to Mr. Schulman and one set was delivered to each of two Warner Bros. executives. The source or sender of the documents was not identified and no effort has been made to determine whether the three sets are identical in every respect.

Wayne Smith, Senior Litigation and Chief Patent Counsel of Warner Bros., made a cursory review of the document, did not read or review them in detail, but, recognizing that some of the documents may be privileged, segregated them in three separate categories, namely, "Privileged", "Non-privileged" and "?".

EXHIBIT  A

Washington, DC    New York    London    Brussels    Los Angeles    Century City    Northern Virginia    Denver

EXHIBIT 11

Page 232

Exh. K 106



## ARNOLD & PORTER LLP

Marc Toberoff, Mike Bergman, Rodger Zissu, Patrick Perkins
July 5, 2006
Page 2

Although I have seen the documents, I have not read them or any part of them. I now have the three sets of documents in my possession at my office. I have been asked by Mr. Schulman to contact counsel involved in the pending litigation, advise them of the existence of the documents and the circumstances surrounding their receipt, and suggest a procedure for the proper review and handling of the documents.

Let me suggest the following:

1. In order to protect the integrity of the documents and avoid any questions, I think they should be Bates stamped by an independent court reporter, court appointed individual, or independent copy service under some supervision.

2. I would strongly suggest counsel contact the Judge or the Magistrate Judge assigned to this matter and advise him or her of the existence of the documents and circumstances of their receipt.

3. If agreed, the documents could then be deposited with the Judge or the Magistrate Judge while a procedure for their review is planned. As an alternative, I will retain the documents and await instructions from you or the Court.

4. The documents should be reviewed by the Judge, the Magistrate Judge or other individual agreed upon to determine whether some or any of the documents are protected by the claim of "Privilege" or "Work Product". Those documents afforded no protection can then be released to the litigation attorneys for defendants.

I hope you will not think me presumptuous in making these suggestions. My only objective is to carry out Mr. Schulman's request that these documents be handled in a proper and efficient manner. In the meantime, I will keep the documents in my personal possession and allow access to them only upon your joint or the Court's instructions.

Yours very truly,

John J. Quinn

JJQ:rn
cc: John A. Schulman, Esq

EXHIBIT 11                                          **Exh. K 107**

Page 233



07/18/2006 09:51 FAX  213 243 4199          ARNOLD & PORTER,LLP                              ☒ 001/002

# ARNOLD & PORTER LLP

213.243.4000
213.243.4199 Fax

44th Floor
777 South Figueroa Street
Los Angeles, CA 90017-5844

## Fax Transmittal
### July 18, 2006

| RECIPIENT NAME(S) | RECIPIENT FAX NUMBER(S) | RECIPIENT TELEPHONE NUMBER(S) |
|---|---|---|
| Marc Toberoff, Esq. | (310) 246-3101 | (310) 246-3333 |
| Michael Borgman | (310) 550-7191 | (310) 858-7888 |
| **SENDER** | **SENDER'S TELEPHONE NUMBER** | |
| John Quinn | (213) 243-4080 | |
| **CLIENT/MATTER NUMBER** | **TIMEKEEPER NUMBER** | **NUMBER OF PAGE(S)** |
| 61791.002 | | We are transmitting 2 page(s) (including this cover sheet) |

If you experience difficulty receiving this fax transmission, please contact the operator at 213.243.4032

| MESSAGE |
|---|
| |

PRIVILEGED AND CONFIDENTIAL
Information intended only for the use of the addressee named above. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, please note that any dissemination, distribution or copying of this communication is strictly prohibited. Anyone who receives this communication in error should notify us immediately by telephone and return the original message to us at the above address via the U.S. Mail.

EXHIBIT 6

EXHIBIT 11

Page 234

Exh. K 108

 

# ARNOLD & PORTER LLP

John J. Quinn
John_Quinn@aporter.com

213.243.4080
213.243.4199 Fax

44th Floor
777 South Figueroa Street
Los Angeles, CA 90017-5844

July 18, 2006

*By Facsimile and Messenger*

Marc Toberoff, Esq.
2049 Century Park East, Suite 2720
Los Angeles, CA 90067

Re:  *Joanne Siegel, etc., Laura Siegel Larson, etc. v. Time Warner Inc., et al.*
USDC Central District of CA Case No. 04-08776 RSWL (AJWx);
*Joanne Siegel, etc., Laura Siegel Larson, etc. v. Warner Bros. Entertainment*
USDC Central District of CA Case No. CV. 04-8400 DDP (RZx)

Dear Marc:

Attached please find copies of the documents which were delivered to the Warner Bros. offices. As I advised you in my letter of July 5, 2006, no effort has been made to determine whether the three sets are identical in every respect. Nonetheless, we have Bates stamped each of the documents in each of the sets.

We have replicated the post-its and have located them on the documents in the same position as received.

I assume the next step in this process would be for you to prepare and serve a privilege log on Mr. Bergman.

Further, as I have advised you, I have retained a set of the documents in the same configuration as I received them.

Yours very truly,

John J. Quinn

JJQ:rn

cc:  Michael Bergman (by facsimile and U.S. Mail)
Roger Zissu (by U.S. Mail)
Patrick Perkins (by U.S. Mail)
John A. Schulman (by U.S. Mail)

Washington, DC    New York    London    Brussels    Los Angeles    Century City    Northern Virginia    Denver

EXHIBIT 11

Exh. K 109

**PROOF OF SERVICE**

1

2    STATE OF CALIFORNIA          )
                                  ) ss.
3    COUNTY OF LOS ANGELES        )

4

5          I am employed in the County of Los Angeles, State of California; I am over the age of 18
and not a party to the within action; my business address is 9665 Wilshire Blvd, Ninth Floor,
6    Beverly Hills, California 90212.  On the date shown below, I served the documents described as:
**SUBPOENA IN A CIVIL CASE** on the interested parties in said action, by placing a true copy
7    thereof enclosed in a sealed envelope, addressed as follows:

8    Marc Toberoff
Law Offices of Marc Toberoff, PLC
9    2049 Century Park East, Suite 2720
Los Angeles, CA 90067
10

11

12   ____   **(BY MAIL)**   I am "readily familiar" with the firm's practice of collection and processing
correspondence for mailing.  Under that practice it would be deposited with the U.S. postal
13   service on that same day with postage thereon fully prepaid at Beverly Hills, California.  I
am aware that on motion of the party served, service is presumed invalid if postal
14   cancellation date or postage meter date is more than one day after date of deposit for
mailing in affidavit.
15

16   ____   **(FACSIMILE SERVICE)**  I caused such document to be transmitted via facsimile to the
offices of the addressees at the numbers listed above.
17

18   XX    **(PERSONAL SERVICE)** I caused such envelope to be delivered by hand to the
addressees above.
19

20   ____   **(BY FEDERAL EXPRESS)** I caused a copy of such document(s) to be delivered to the
offices of the addressee(s) via Federal Express, next business day delivery service.

21

22          Executed on **August 10, 2006**, at Beverly Hills, California.

23   ____   **STATE**     I declare under penalty of perjury under the laws of the State of California
that the foregoing is true and correct.

24
XX    **FEDERAL**    I declare that I am employed in the office of a member of the bar of this
25   court at whose direction the service was made.

26

27                                                    _____
                                                      Michael Bergman
28

EXHIBIT 11

Page 236                                    **Exh. K 110**

1 | Marc Toberoff (CA State Bar No. 188547)
Nicholas C. Williamson (CA State Bar No. 231124)
2 | LAW OFFICES OF MARC TOBEROFF, PLC
2049 Century Park East, Suite 2720
3 | Los Angeles, CA 90067
Telephone: (310) 246-3333
4 | Facsimile: (310) 246-3101

5 | Attorneys for Plaintiffs and Counterclaim Defendants
Joanne Siegel and Laura Siegel Larson
6 |

7 | UNITED STATES DISTRICT COURT

8 | CENTRAL DISTRICT OF CALIFORNIA

9 |

10 | JOANNE SIEGEL, an individual; and    Civil Case No. 04-8400 DDP (RZx)
LAURA SIEGEL LARSON, an           &
11 | individual,                      04-8776 DDP (AJWx)

12 |          Plaintiffs,       PLAINTIFFS JOANNE SIEGEL
13 |     vs.               AND LAURA SIEGEL LARSON'S
RESPONSE TO DEFENDANTS'/
14 |                         COUNTERCLAIMANT'S THIRD
WARNER BROS.            SET OF REQUESTS FOR
15 | ENTERTAINMENT INC., a      PRODUCTION OF DOCUMENTS
corporation; TIME WARNER INC., a   AND THINGS
16 | corporation; DC COMICS, a general
17 | partnership; and DOES 1-10,

18 |          Defendants
19 |

20 | DC COMICS,

21 |        Counterclaimant
22 |

23 |     vs.

24 | JOANNE SIEGEL, an individual; and
LAURA SIEGEL LARSON, an
25 | individual,

26 |

27 |        Counterclaim Defendants.

28 |

1

Exh. L 111

EXHIBIT 11    Page 237

1   PROPOUNDING PARTY:  Defendants WARNER BROS. ENTERTAINMENT

2   INC., TIME WARNER INC., WARNER COMMUNICATIONS INC.,

3   WARNER BROS. TELEVISION PRODUCTION INC., and Defendant/

4   Counterclaimant DC COMICS.

5   RESPONDING PARTY:  Plaintiffs JOANNE SIEGEL and LAURA SIEGEL

6   LARSON.

7   SET NUMBER:  Three (No. 66).

8        Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiffs

9   Joanne Siegel and Laura Siegel Larson ("Plaintiffs") hereby respond to the third

10  set of Requests for the Production of Documents and Things ("Request for

11  Production") served by Defendants Warner Bros. Entertainment Inc., Time

12  Warner Inc., Warner Communications Inc., Warner Bros. Television Production

13  Inc., and Defendant/Counterclaimant DC Comics ("Defendants").  Discovery is

14  ongoing, and Plaintiffs reserve the right to amend, modify, supplement or alter

15  this response as warranted by subsequently discovered information, and also to

16  rely upon subsequently discovered information or information omitted from this

17  response due to mistake, error, or inadvertence.  By producing any item in

18  response to the Request for Production, Plaintiffs are not waiving any objection

19  on any ground to its use for any purpose in any subsequent proceeding

20  (including as evidence at trial) in this or any other action.  Any statement in this

21  response that Plaintiffs will produce responsive items does not constitute a

22  representation that any such item exists within its possession, custody or

23  control.  Any production in response to the Request for production will be done

24  at a reasonable time and in a reasonable manner to be agreed upon by counsel.

25  //

26  //

27  //

28  //

2

EXHIBIT 11
Page 238

Exh. L 112

## L.

## OBJECTIONS TO THE ENTIRE REQUEST FOR PRODUCTION

Plaintiffs object to the entire Request for Production on each of the following grounds and incorporate by reference each of the following objections into their response to each individual request within it:

1.     Plaintiffs object to the entire Request for Production to the extent that it seeks the production or identification of any item, or portion thereof, comprising or reflecting information transmitted and maintained in confidence between Plaintiffs or any person or entity acting on their behalf and their counsel for the purpose of obtaining legal advice or representation, on the ground that such information is protected from disclosure by the attorney-client privilege.

2.     Plaintiffs object to the entire Request for Production to the extent that it seeks the production or identification of any item, or portion thereof, comprising or reflecting information with any confidential impression, conclusion, opinion, legal research, or legal theory of counsel for Plaintiffs or any other person or entity, on the ground that such information is protected from disclosure by the attorney work product privilege.

3.     Plaintiffs object to the entire Request for Production to the extent that it seeks the production or identification of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence, on the ground that it exceeds the permissible scope of discovery delimited by Rule 26(b)(1) of the Federal Rules of Civil Procedure.

4.     Plaintiffs object to the entire Request for Production to the extent that it seeks the production or identification of any item, or portion thereof, comprising or reflecting any trade secret or other confidential or proprietary information of Plaintiffs or any other person or entity.

5.     Plaintiffs object to the entire Request for Production to the extent

3

Exh. L 113

EXHIBIT 11
Page 239

1    that it seeks the production or identification of any item, or portion thereof,

2    which is protected from disclosure by any privacy or similar rights of Plaintiffs

3    or any other person or entity.

4        6.    Plaintiffs object to the entire Request for Production to the extent

5    that it seeks the production of original documents, on the ground that such

6    production would be burdensome, oppressive, and unnecessary. Plaintiffs

7    reserve the right to comply with the Request for Production, subject to this

8    response, by producing a true copy of any item or by permitting inspection of

9    any item.

10        7.    Plaintiffs object to the entire Request for Production to the extent

11    that it seeks the production of duplicative identical items, on the ground that

12    such production would be burdensome, oppressive, and unnecessary.

13        8.    Plaintiffs object to the entire Request for Production to the extent

14    that it seeks the production of any item which has been served, filed, or

15    transmitted in the course of this action, on the ground that such production

16    would be burdensome, oppressive, and unnecessary.

17        9.    Plaintiffs object to the entire Request for Production to the extent

18    that it purports to impose any obligation beyond those set forth in Rule 34 of the

19    Federal Rules of Civil Procedure and Local Rules 34-1 through 34-3 of the

20    United States District Court for the Central District of California, including,

21    without limitation, the assertion that the Request for Production is "continuing"

22    and all purported instructions included in it pertaining to the content of

23    Plaintiffs' written response and the manner of Plaintiffs' production of

24    documents and things.

## II.

## RESPONSES TO INDIVIDUAL REQUESTS

27        Subject to and without waiving the foregoing objections, Plaintiffs

28    respond to each individual request within the Request for Production as follows:

4

Exh. L 114

EXHIBIT 11    Page 240

**Request No. 66**

All Writings referenced in the July 5, 2006 letter from John J. Quinn, Esq. to, among others, Marc Toberoff, Esq. (a copy of which is attached hereto as Exhibit A), and which were attached to or enclosed with the July 18, 2006 letter from John J. Quinn, Esq. to Marc Toberoff, Esq. (a copy of which is attached hereto as Exhibit B).

**Response to Request No. 66**

Plaintiffs object to this Request on the grounds that it is vague and ambiguous as to the phrase "all Writings referenced." Plaintiffs further object to this Request on the grounds that it is overbroad, burdensome and oppressive. Plaintiffs further object to this Request because it seeks documents or communications clearly protected by the attorney/client privilege and the attorney work product doctrine. Plaintiffs further object to this Request on the ground that Defendants are seeking to impermissibly gain an advantage in this litigation from their illicit receipt of clearly confidential and privileged documents clearly *stolen* from the files of Plaintiffs' counsel's law offices. In an effort to capitalize on this theft, Defendants improperly reviewed these *stolen files* well before notifying Plaintiffs' counsel of the theft or returning the *stolen files* to Plaintiffs' counsel. Defendants also improperly retained a copy of the *stolen files*. But for Defendants' illicit receipt of these *stolen files*, Defendants would not have issued this Request.

Dated: September 6, 2006                    LAW OFFICES OF MARC TOBEROFF, PLC

By: _____

Marc Toberoff

Attorneys for Plaintiffs and Counterclaim Defendants Joanne Siegel and Laura Siegel Larson

5

Exh. L 115

EXHIBIT 11     Page 241

1

## PROOF OF SERVICE

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen

4 years and not a party to the within action; my business address is: 1999 Avenue of the Stars, Suite 1540, Los Angeles, California 90067.

5

On September 6, 2006, I served the attached documents described as **PLAINTIFFS**

6 **JOANNE SIEGEL AND LAURA SIEGEL LARSON'S RESPONSE TO DEFENDANTS'/COUNTERCLAIMANT'S THIRD SET OF REQUESTS FOR DOCUMENTS**

7 **AND THINGS** as follows:

8    [X]   :BY FACSIMILE:

9

As follows: I caused the transmission of the above named documents to the fax number set

10 forth below, or on the attached service list.

11    James D. Weinberger
      FROSS ZELNICK LEHRMAN & ZISSU, P.C.
12    866 United Nations Plaza
      New York, NY 10017
      Facsimile No. 212-813-5901

13

14    Patrick T. Perkins
      PERKINS LAW OFFICE, P.C.
15    1711 Route 9D
      Cold Spring, NY 10516
16    Facsimile No. 845-265-2819

17    Michael Bergman
      WEISSMAN WOLFF BERGMAN COLEMAN GRODIN & EVALL LLP
18    9665 Wilshire Boulevard, Ninth Floor
      Beverly Hills, CA 90212
19    Facsimile No. 310-550-7191

20    [X]   :BY MAIL:

21

As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on

22 that same day with postage thereon fully prepaid at Los Angeles California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal

23 cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit. I placed _____ the original  _X_ a true copy thereof enclosed in sealed envelope(s) addressed

24 as follows:

25    James D. Weinberger
      FROSS ZELNICK LEHRMAN & ZISSU, P.C.
26    866 United Nations Plaza
      New York, NY 10017

27    Michael Bergman
      WEISSMAN WOLFF BERGMAN COLEMAN GRODIN & EVALL LLP
28    9665 Wilshire Boulevard, Ninth Floor

EXHIBIT 11

Exh. L 116

1    Beverly Hills, CA 90212

    :(STATE) - I declare under penalty of perjury under the laws of the State of California that the
2    above is true and correct.

3    [X] :(FEDERAL) – I declare that I am employed in the office of a member of the bar of this court at
    whose direction the service was made.
4

5    I declare under penalty of perjury that the foregoing is true and correct.

6    EXECUTED on September 6, 2006, in Los Angeles, California.

7

8                                            Alexander M. Meriho

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT 11

Exh. L 117

1  Marc Toberoff (CA State Bar No. 188547)
   Nicholas C. Williamson (CA State Bar No. 231124)
2  LAW OFFICES OF MARC TOBEROFF, PLC
   2049 Century Park East, Suite 2720
3  Los Angeles, CA 90067
   Telephone: (310) 246-3333
4  Facsimile: (310) 246-3101

5  Attorneys for Marc Toberoff, Esq.

6                  UNITED STATES DISTRICT COURT

7                  CENTRAL DISTRICT OF CALIFORNIA

8  JOANNE SIEGEL, an individual; and      Civil Case No. **04-8400  DDP (RZx)**
9  LAURA SIEGEL LARSON, an                              **&**
   individual,                           **04-8776  DDP (RZx)**
10
11            Plaintiff,                  **MARC TOBEROFF, ESQ.'S
                                          OBJECTIONS TO DEFENDANTS'
12       vs.                              SUBPOENA**

13 WARNER BROS.
14 ENTERTAINMENT INC., a
   corporation; TIME WARNER INC., a
15 corporation; DC COMICS, a general
   partnership; and DOES 1-10,
16
17            Defendants
18
19
20 DC COMICS,
21            Plaintiff
22
23       vs.
24 JOANNE SIEGEL, an individual; and
   LAURA SIEGEL LARSON, an
25 individual,
26
27            Counterclaim Defendants
28

                                1



TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

Marc Toberoff, Esq., ("Toberoff"), pursuant to the provisions of Rule 45(c)(2)(B) of the Federal Rules of Civil Procedure, makes the following objections to the subpoena duces tecum (the "Subpoena") that was served on him on August 10, 2006:

## I.

## OBJECTIONS TO THE ENTIRE SUBPOENA

Toberoff objects to the entire Subpoena on each of the following grounds and incorporates by reference each of the following objections into his response to each individual request within it:

1.    Toberoff objects to the entire Subpoena to the extent that it seeks the production or identification of any item, or portion thereof, comprising or reflecting information transmitted and maintained in confidence between Toberoff or any person or entity on whose behalf he is acting as counsel for the purpose of obtaining legal advice or representation, on the ground that such information is protected from disclosure by the attorney-client privilege. Toberoff will serve a log identifying each item, or portion thereof, withheld from production in response to the Subpoena under claim of attorney-client privilege which was created before the inception of this action.

2.    Toberoff objects to the entire Subpoena to the extent that it seeks the production or identification of any item, or portion thereof, comprising or reflecting information with any confidential impression, conclusion, opinion, legal research, or legal theory of Toberoff or any other person or entity, on the ground that such information is protected from disclosure by the attorney work product privilege. Toberoff will serve a log identifying each item, or portion thereof, withheld from production in response to the Subpoena under claim of attorney work product privilege which was created before the inception of this action.

2

3.     Toberoff objects to the entire Subpoena to the extent that it seeks the production or identification of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence, on the ground that it exceeds the permissible scope of discovery delimited by Rule 26(b)(1) of the Federal Rules of Civil Procedure.

4.     Toberoff objects to the entire Subpoena to the extent that it seeks the production or identification of any item, or portion thereof, comprising or reflecting any trade secret or other confidential or proprietary information of Toberoff or any other person or entity.

5.     Toberoff objects to the entire Subpoena to the extent that it seeks the production or identification of any item, or portion thereof, which is protected from disclosure by any privacy or similar rights of Toberoff or any other person or entity.

6.     Toberoff objects to the entire Subpoena to the extent that it seeks the production of original documents, on the ground that such production would be burdensome, oppressive, and unnecessary. Toberoff reserves the right to comply with the Subpoena, subject to this response, by producing a true copy of any item or by permitting inspection of any item.

7.     Toberoff objects to the entire Subpoena to the extent that it seeks the production of duplicative identical items, on the ground that such production would be burdensome, oppressive, and unnecessary.

8.     Toberoff objects to the entire Subpoena to the extent that it seeks the production of any item which has been served, filed, or transmitted in the course of this action, on the ground that such production would be burdensome, oppressive, and unnecessary.

## II.

## RESPONSES TO INDIVIDUAL REQUESTS

Subject to and without waiving the foregoing objections, Toberoff

3

 

1  responds to each individual request within the Subpoena as follows:

2  **Document Category No. 1:**

3      All Writings referenced in the July 5, 2006 letter from John J. Quinn, Esq.

4  to among others, Marc Toberoff, Esq. (a copy of which is attached hereto as

5  Exhibit A), and which were attached to or enclosed with the July 18, 2006 letter

6  from John J. Quinn, Esq. to Marc Toberoff, Esq. (a copy of which is attached

7  hereto as Exhibit B).

8  **Response to Document Category No. 1:**

9      Toberoff objects to this Subpoena on the grounds that it is vague and

10  ambiguous as to the phrase "all writings referenced." Toberoff further objects

11  to this Subpoena on the grounds that it is overbroad, burdensome and

12  oppressive. Toberoff further objects to this Subpoena because it seeks

13  documents or communications clearly protected by the attorney/client privilege

14  and the attorney work product doctrine. Toberoff further objects on the ground

15  that Defendants are seeking to impermissibly capitalize on their receipt of

16  clearly confidential and privileged documents stolen from Toberoff's law

17  offices, which Defendants improperly reviewed before notifying Toberoff of the

18  issue. But for the receipt of these stolen documents, Defendants would not have

19  issued this subpoena.

20

21  Dated: August 23, 2006          LAW OFFICES OF MARC TOBEROFF, PLC

22

23

24                                          Marc Toberoff
                                    Attorneys for Marc Toberoff, Esq.

25

26

27

28

4



1      **PROOF OF SERVICE**

2      STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3          I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen
       years and not a party to the within action; my business address is:  2049 Century Park East, Suite 2720,
4      Los Angeles, California 90067.

5          On August 23, 2006, I served the attached document described as **MARC TOBEROFF,
       ESQ.'S OBJECTIONS TO DEFENDANTS' SUBPOENA** on all interested parties in this action by
6      placing _____ the original _X_ a true copy thereof enclosed in sealed envelope(s) addressed as follows:

7          James D. Weinberger
           FROSS ZELNICK LEHRMAN & ZISSU, P.C.
8          866 United Nations Plaza
           New York, NY 10017
9          Facsimile No. 212-813-5901

10         Patrick T. Perkins
           PERKINS LAW OFFICE, P.C.
11         1711 Route 9D
           Cold Spring, NY 10516
12         Facsimile No. 845-265-2819

13         Michael Bergman
           WEISSMAN WOLFF BERGMAN COLEMAN GRODIN & EVALL LLP
14         9665 Wilshire Boulevard, Ninth Floor
           Beverly Hills, CA 90212
15         Facsimile No. 310-550-7191

16     [X]  :BY MAIL:

17         As follows:  I am "readily familiar" with the firm's practice of collection and processing
       correspondence for mailing.  Under that practice it would be deposited with the U.S. postal service on
18     that same day with postage thereon fully prepaid at Los Angeles California in the ordinary course of
       business. I am aware that on motion of the party served, service is presumed invalid if postal
19     cancellation date or postage meter date is more than one day after date of deposit for mailing in
       affidavit.

20
       [X]  :(FEDERAL) – I declare that I am employed in the office of a member of the bar of this court
21     at whose direction the service was made.

22         I declare under penalty of perjury that the foregoing is true and correct.

23
24         EXECUTED on August 23, 2006, in Los Angeles, California/

25                                                    _____
                                                              Alex Merino
26
27
28

                                    EXHIBIT 11                              **Exh. M 122**

EXHIBIT 12

1  WEISSMANN WOLFF BERGMAN
     COLEMAN GRODIN & EVALL LLP
2  Michael Bergman (SBN 37797)
   Anjani Mandavia (SBN 94092)
3  9665 Wilshire Boulevard, Ninth Floor
   Beverly Hills, California  90212
4  Telephone:  310-858-7888
   Fax:            310-550-7191
5  Email:       mbergman@wwllp.com

6  FROSS ZELNICK LEHRMAN & ZISSU, P.C.
   Roger L. Zissu (Admitted *pro hac vice*)
7  James Weinberger (Admitted *pro hac vice*)
   866 United Nations Plaza
8  New York, New York  10017
   Telephone:  212-813-5900
9  Fax:            212-813-5901

10 PERKINS LAW OFFICE, P.C.
   Patrick T. Perkins (Admitted *pro hac vice*)
11 1711 Route 9D
   Cold Spring, NY  10516
12 Telephone:  845-265-2820
   Fax:            845-265-2819

13

14 Attorneys for Defendants and Counterclaimant

15               UNITED STATES DISTRICT COURT

16    CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

17 JOANNE SIEGEL and LAURA          ) Case No. SA CV 04-8400 SGL (RZx)
   SIEGEL LARSON,                   ) Case No. SA CV 04-8776 SGL (RZx)
18                                  )
                                    ) Hon. Stephen G. Larson, U.S.D.J.
19              Plaintiffs,         ) Hon. Ralph Zarefsky, U.S.M.J.
                                    )
20       vs.                        ) **OBJECTION TO PLAINTIFFS'**
                                    ) **REPLY PAPERS CONCERNING**
21                                  ) **THE "ESCROW DOCUMENTS"**
   TIME WARNER INC., WARNER         ) **AND DECLARATION OF**
22 COMMUNICATIONS INC. WARNER       ) **MICHAEL BERGMAN IN**
   BROS. ENTERTAINMENT INC.,        ) **RESPONSE THERETO**
23 WARNER BROS. TELEVISION          )
   PRODUCTION INC., DC COMICS,      ) **DISCOVERY MATTER**
24 and DOES 1-10,                   ) **LOCAL RULE 37**
                Defendants.         )
25                                  )
                                    )
26                                  )
                                    )
27 AND RELATED COUNTERCLAIMS.       )
                                    )
28                                  )

                    EXHIBIT 12

1    Defendants, on the grounds set forth below, hereby object to and request

2    that the Court reject, without consideration, Plaintiffs' "Objection to the

3    Declaration of Michael Bergman Re: The Court's September 17, 2007 Order"

4    and the Declaration of Marc Toberoff in Support Thereof.

5    The Court's September 17, 2007 Minute Order sets forth the procedure the

6    parties were required to follow in addressing their discovery dispute over the

7    "escrow documents": "Counsel for Plaintiffs is **ORDERED** to submit a

8    declaration on or before Friday, September 21, 2007, setting forth the grounds for

9    any claims of privilege relating to said documents; defendants may file a

10   response to the declaration on or before Tuesday, September 29, 2007." That

11   Order does not provide for a reply declaration, which, in substance, is what

12   Plaintiffs have filed, although they have styled their pleading as an "Objection."

13   Should the Court deem it proper to consider the substantive argument

14   made in Plaintiffs' and Mr. Toberoff's "reply" papers, Defendants respectfully

15   request that the Court also consider the Declaration of Michael Bergman in

16   Response to Plaintiffs' Reply Papers Concerning the "Escrow Documents,"

17   submitted herewith.

18   DATED: September 28, 2007    Respectfully submitted,

19                                WEISSMANN WOLFF BERGMAN
                                  COLEMAN GRODIN & EVALL, LLP
20                                          -and-
                                  FROSS ZELNICK LEHRMAN ZISSU, LLP
21                                          -and-
                                  PERKINS LAW FIRM, PLC
22

23   By _____
                    Michael Bergman
24
     Attorneys for Defendants and Counterclaimant
25

26

27

28

EXHIBIT 12

OBJECTION TO PLAINTIFFS' REPLY PAPERS CONCERNING THE "ESCROW DOCUMENTS"

1    **DECLARATION OF MICHAEL BERGMAN**

2    I, Michael Bergman, declare under penalty of perjury:

3    1.    I am a member of Weissmann Wolff Bergman Coleman Grodin &

4    Evall LLP, counsel for Defendants.  This declaration, based upon my own

5    personal knowledge and our office's records, is submitted in response to

6    Plaintiffs' and Mr. Toberoff's reply papers regarding the "Escrow Documents,"

7    which were styled as "Plaintiffs' Joanne Siegel and Laura Siegel Larson's

8    Objection to the Declaration of Michael Bergman Re: The Court's September 17,

9    2007 Order and Declaration of Marc Toberoff in Support Thereof."

10    2.    This declaration addresses the principal argument raised by Mr.

11    Toberoff in his declaration that the escrow holder (or the Court) should not use

12    Mr. Toberoff's May 21, 2007 Declaration to match up the Escrow Documents

13    with the privilege log entries and production documents listed in that declaration

14    to ensure that he is releasing the proper documents.

15    3.    First, I have never "feign[ed] confusion" with Magistrate Zarefsky's

16    April 30, 2007 Order.  During the briefing of Defendants' initial motion to

17    compel production of the Escrow Documents, Mr. Toberoff submitted a

18    declaration representing that he had produced all of the Escrow Documents or

19    listed them on a privilege log, save a few documents that he produced to

20    Defendants while their motion was pending.  He further reaffirmed this

21    representation several times during the April 20, 2007 hearing in front of

22    Magistrate Zarefsky.  *See* Declaration of Michael Bergman in Response to the

23    Declaration of Marc Toberoff Filed Pursuant to the Court's September 17, 2007

24    Order at ¶ 12.  Rather than accept this representation on its face, Magistrate

25    Zarefsky noted the "wiggle room" in Mr. Toberoff's Declaration and instead

26    Ordered Mr. Toberoff to draft a declaration identifying the Bates numbers of the

27    Escrow Documents and matching them up with documents that had already been

28    produced or listed as privilege log entries.  Defendants reasonably interpreted this

1   Order as providing the Escrow Holder with a roadmap to confirm that he releases
2   the proper documents to each party.  Because Mr. Toberoff adamantly refused to
3   permit the escrow holder to undertake this review, Defendants filed their Motion
4   to Compel on September 17, 2007 requesting, among other things, a ruling
5   specifically Ordering the escrow holder to undertake the review implied by
6   Magistrate Zarefsky's April 30, 2007 Order.

7       4.    Second, I did not "feign confusion" with the Court's September 17,
8   2007 Order either.  Based on what the Court said during the hearing, namely that
9   the escrow holder would be "relieved of his duties," I concluded that the Court
10  intended the escrow holder to turn over *all* of the Escrow Documents to the Court
11  for *in camera* review and that the Court would consider Plaintiffs' arguments that
12  they did not waive the attorney-client privilege with respect to the *nine* Escrow
13  Documents that allegedly "fell through the cracks."  I accordingly sent Mr. Eisen
14  correspondence on September 18, 2007 and September 19, 2007 instructing him
15  to turn over all of the Escrow Documents to the Court.  *See* Toberoff Reply Decl.,
16  Exhs. B & C.

17      5.    Attached hereto as Exhibit A is a true and correct copy of relevant
18  portions of the transcript from this Court's September 17, 2007 Hearing.  During
19  the Hearing, the Court stated: "The Escrow Documents will be provided in
20  camera to the Court so the escrow attorney can be relieved of this; along with the
21  declaration of counsel setting forth your privileges and a singular response
22  document to those privileges filed by the defense."  (Tr. at 127:21 - 127:25).

23      6.    When Defendants received the Court's September 17, 2007 Minute
24  Order instructing that the escrow holder should submit only the nine Disputed
25  Documents to the Court for *in camera* review, I immediately forwarded the
26  Court's Order to Mr. Eisen, and explained that I had been mistaken.  *See*
27  Toberoff Reply Decl., Exh. D.  In that e-mail, I requested that Mr. Eisen retain
28

EXHIBIT 12

3

OBJECTION TO PLAINTIFFS' REPLY PAPERS CONCERNING THE "ESCROW DOCUMENTS"

1  the remainder of the Escrow Documents pending this Court's resolution of the

2  issue. *Id.*

3       7.    As described in my Declaration in Response to the Declaration of

4  Marc Toberoff Filed Pursuant to the Court's September 17, 2007 Order, this

5  Court's Minute Order did not resolve whether Mr. Eisen should use Mr.

6  Toberoff's May 21, 2007 Declaration to match up the Escrow Documents with

7  the privilege log entries and production documents listed in that declaration to

8  ensure that he is releasing the proper documents.  Although Defendants raised

9  this issue during the September 17, 2007 hearing because it had been a

10  component of their motion for sanctions filed the same day, the Court did not

11  focus on that aspect of Defendants' motion because it was concerned with the

12  issue as framed by Mr. Toberoff -- whether the nine Disputed Documents that

13  had "fallen through the cracks" should be produced to Defendants.  Accordingly,

14  in my Declaration at paragraphs 48-51, I requested that the Court address the

15  procedure Mr. Eisen should follow for ensuring compliance with Magistrate

16  Zarefsky's April 30, 2007 Order when he releases the Escrow Documents.

17       8.    Respectfully, Mr. Toberoff doth protest too much.  If Mr. Toberoff's

18  May 21, 2007 Declaration is accurate, he has no reason to object to Mr. Eisen

19  using it as a tool to ensure that he is releasing the proper documents to each party.

20  After all, as Mr. Toberoff has been quick to point out during the parties' briefing

21  and argument, Defendants are footing the bill for Mr. Eisen's time as the escrow

22  holder, so Plaintiffs would not incur any additional costs if Mr. Eisen undertakes

23  this comparison.  Nor would Mr. Eisen's review involve a significant amount of

24  time.  Because Defendants have provided Mr. Eisen with the production

25  documents and privilege logs listed in Mr. Toberoff's May 21, 2007 Declaration,

26  Mr. Eisen would simply need to match them up with the Escrow Documents

27  listed in that Declaration to confirm that he is releasing the Escrow Documents in

28  accordance with Magistrate Zarefsky's Order.  Curiously, however, Mr. Toberoff

EXHIBIT 12

4

OBJECTION TO PLAINTIFFS' REPLY PAPERS CONCERNING THE "ESCROW DOCUMENTS"

1  has consistently resisted any suggestion that Mr. Eisen consult Mr. Toberoff's

2  May 21, 2007 Declaration prior to releasing the Escrow Documents.  Plaintiffs'

3  and Mr. Toberoff's improper reply papers are but the most recent example of the

4  roadblocks Mr. Toberoff has erected, and Defendants cannot help but wonder

5  why Mr. Toberoff has made such an issue out of this relatively ministerial task.

6  In contrast, as described in Paragraph 51 of my Declaration filed pursuant to the

7  Court's September 17, 2007 Order, Defendants have a valid concern that at least

8  one additional document -- correspondence between plaintiff Laura Siegel Larson

9  and her estranged (now deceased) step-brother, Michael Siegel, relating to Mr.

10  Siegel's share of the termination interest at stake in the litigation -- "fell through

11  the cracks."  Notably, although Mr. Toberoff questions Mr. Smith's memory

12  about this document (Toberoff Reply Decl. at ¶ 21), he does not deny that the

13  document was among the Escrow Documents.

14      I declare under penalty of perjury of the laws of the United States of

15  America that the foregoing is true and correct.

16      Dated this 28th day of September, 2007 at Beverly Hills, California.

17

18                                      Michael Bergman

19

20

21

22

23

24

25

26

27

28

EXHIBIT 12

5

EXHIBIT 13

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 04-08400 DDP (RZx) | Date | July 6, 2006 |
|---|---|---|---|

| Title : | JOANNE SIEGEL ETC. v. WARNER BROS. ENTERTAINMENT INC., ET AL. |
|---|---|

Present: The Honorable    **RALPH ZAREFSKY, UNITED STATES MAGISTRATE JUDGE**

| Ilene Bernal | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Petitioner:                    Attorneys Present for Respondent:

N/A                                             N/A

**Proceedings:**        (In Chambers)

    All parties, whether represented by counsel or not, shall refrain from writing letters to the Magistrate Judge or members of his staff. Letters written to the Magistrate Judge or members of his staff will not be considered and will be stricken from the record. Local Rule 83-2.11. Any matter a party wishes to bring to the attention of the Court must be filed and served on opposing counsel in strict accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court.

cc:    parties of record

| Priority | x |
|---|---|
| Send | x |
| Enter | |
| Closed | |
| JS-5/JS-6 | |
| JS-2/JS-3 | |
| Scan Only | |

DOCKETED ON CM

JUL 6 2006

BY ____ 049

(52)

.EXHIBIT 13

Initials of Preparer

Page 255

EXHIBIT 14



1 | FROSS ZELNICK LEHRMAN & ZISSU, P.C.
Roger L. Zissu (Admitted *pro hac vice*)
2 | James D. Weinberger (Admitted *pro hac vice*)
866 United Nations Plaza
3 | New York, New York 10017
Telephone: (212) 813-5900
4 | Fax: (212) 813-5901

5 | PERKINS LAW OFFICE, P.C.
Patrick T. Perkins (Admitted *pro hac vice*)
6 | 1711 Route 9D
Cold Spring, New York 10516
7 | Telephone: (845) 265-2820
Fax: (845) 265-2819

8 | WEISSMANN WOLFF BERGMAN
9 | COLEMAN GRODIN & EVALL LLP
Michael Bergman (SBN 37797)
10 | Anjani Mandavia (SBN 94092)
Adam Hagen (SBN 218021)
11 | 9665 Wilshire Boulevard, Ninth Floor
Beverly Hills, California 90212
12 | Telephone: (310) 858-7888
Fax: (310) 550-7191

13

14 | Attorneys for Defendants and Counterclaimant

15 | **UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

16 | JOANNE SIEGEL and LAURA
SIEGEL LARSON,
17 |                Plaintiffs,
18 |        vs.
WARNER BROS. ENTERTAINMENT
19 | INC.; TIME WARNER INC.; DC
COMICS; and DOES 1-10,
20 |                Defendants.

21 | JOANNE SIEGEL and LAURA
SIEGEL LARSON,
22 |                Plaintiffs,
        vs.
23 | TIME WARNER INC.; WARNER
COMMUNICATIONS INC.; WARNER
24 | BROS. ENTERTAINMENT INC.;
WARNER BROS. TELEVISION
25 | PRODUCTION INC.; DC COMICS;
and DOES 1-10,
26 |                Defendants.

27 | AND RELATED COUNTERCLAIMS

28

Case Nos. [Consolidated for Discovery]:
    04-8400 RSWL (RZx)
    04-8776 RSWL (RZx)
Hon. Ronald S.W. Lew, U.S.D.J.
Hon. Ralph Zarefsky, U.S.M.J.

**DECLARATION OF JAMES D.
WEINBERGER IN SUPPORT OF
DEFENDANTS' MOTION TO
COMPEL PRODUCTION OF
DOCUMENTS**

**DISCOVERY MATTER
LOCAL RULE 37**

Time: 10:00 a.m.
Date: August 14, 2006
Courtroom: 540
Mag. Judge Ralph Zarefsky
Discovery Cutoff: Nov. 17, 2006

EXHIBIT 14

Page 256

 

I, James D. Weinberger, declare under penalty of perjury:

1.    I am an associate in the law firm of Fross Zelnick Lehrman & Zissu, P.C., counsel for Defendants.  This declaration, based upon my own personal knowledge and on our office's records in this action, is submitted in support of Defendants' motion to compel production of documents.

2.    Attached as Exhibit A hereto is a true and correct copy of the October 19, 2001 letter from Gang Tyre Ramer & Brown ("Gang Tyre") to John Schulman, General Counsel of Warner Bros. Entertainment Inc.  Certain highly confidential financial information not relevant to this motion has been redacted from the letter.

3.    Attached as Exhibit B is a true and correct copy of the September 21, 2002 letter from Plaintiffs to Gang Tyre.

4.    Attached as Exhibit C is a true and correct copy of the September 21, 2002 letter from Plaintiffs to Paul Levitz, President of DC Comics.

5.    Attached as Exhibit D is a true and correct copy of DC's amended counterclaims in Case No. SA-CV-04-8400.

6.    Attached as Exhibit E is a true and correct copy of Defendants' First Requests for the Production of Documents.

7.    Attached as Exhibit F is a true and correct copy of Plaintiffs' responses to Defendants' First Requests for the Production of Documents.

8.    Plaintiffs produced approximately 1900 pages of documents in September 2005, none of which contained purportedly privileged communications between them and Gang Tyre.

9.    I have made, on behalf of Defendants, several requests for Plaintiffs to produce a privilege log.  Attached as Exhibits G-I are true and correct copies of letters and emails I sent to Plaintiff's counsel in this action requesting a privilege log.  To date, none has been produced.

10.    Attached as Exhibit J is a true and correct copy of Defendants' Second Set of Requests for Admission.

2

EXHIBIT 14

 

1    11.    Attached as Exhibit <u>K</u> is a true and correct copy of Plaintiffs'
2  Responses to Defendants' Second Set of Requests for Admission, without exhibits.
3    12.    No documents or privilege log have been produced by Plaintiffs since
4  serving their response to Request for Admission No. 69.
5    13.    In view of Plaintiffs' failure to produce responsive documents or
6  identify documents being withheld on the basis of a claimed attorney-client
7  privilege, I wrote to Plaintiffs' counsel on June 27, 2006 requesting a conference to
8  discuss the dispute.  A true and correct copy of that letter is attached as Exhibit <u>L</u>.
9    14.    On July 10, 2006, the parties conducted a meet-and-confer on the issues
10  set forth in this motion and were unable to come to a satisfactory resolution.  During
11  this conference, Plaintiffs' counsel claimed that because – in their view – DC's
12  counterclaim to enforce the settlement agreement was "frivolous," Defendants were
13  not permitted to probe the defenses asserted by Plaintiffs in response thereto.
14  Counsel also claimed Siegels' September 21, 2002 letter to Gang Tyre setting forth
15  a detailed basis for their termination (*see* Ex. <u>B</u>, above) does not, by virtue of being
16  sent to DC's president, constitute a waiver of the attorney-client privilege.
17  Plaintiffs' counsel argued that the letter was only sent to DC's president to advise
18  him that Gang Tyre was no longer representing the Siegels and thus did not
19  constitute a waiver.  Plaintiffs' counsel also asserted that the Siegels were not
20  represented by counsel when they sent the September 21, 2002 letter to DC's
21  president, and thus could not have intended the communication as a waiver of the
22  privilege.  During the conference, Plaintiffs' counsel represented that he would
23  produce a privilege log by no later than Friday, July 14, 2006, but no log was
24  ///
25  ///
26  ///
27  ///
28  ///

EXHIBIT 14
3
Page 258




1    received by Defendants on that date.  A log was produced on July 20, 2006, via

2    email at 7:00 p.m, a true and correct copy of which is attached as Exhibit M.

3         I declare under penalty of perjury of the laws of the United States of America

4    that the foregoing is true and correct.

5         Sworn to me this 24th day of July, 2006 at New York, New York.

6

7                                      James D. Weinberger

8

9

10   I:\jweinberger\dcc\Siegel Litigation\Pleadings\04cv8400\060724-0425344-JDW Decl re Motion to Compel re Privilege-jdw.doc

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

EXHIBIT 14



1  FROSS ZELNICK LEHRMAN & ZISSU, P.C.
   Roger L. Zissu (Admitted *pro hac vice*)
2  Patrick T. Perkins (Admitted *pro hac vice*)
   James D. Weinberger (Admitted *pro hac vice*)
3  866 United Nations Plaza
   New York, New York 10017
4  Telephone: (212) 813-5900
   Fax: (212) 813-5901
5
   WEISSMANN WOLFF BERGMAN
6     COLEMAN GRODIN & EVALL LLP
   Michael Bergman (SBN 37797)
7  David L. Burg (SBN 130403)
   Adam Hagen (SBN 218021)
8  9665 Wilshire Boulevard, Ninth Floor
   Beverly Hills, California 90212
9  Telephone: (310) 858-7888
   Fax: (310) 550-7191
10
   Attorneys for Defendants/Counterclaimant
11

| | |
|---|---|
| 12  JOANNE SIEGEL and LAURA SIEGEL LARSON, | Case No. 04-8400 (DDP) (RZx) |
| 13  Plaintiffs, | |
| 14  vs. | |
| 15  WARNER BROS. ENTERTAINMENT INC.; TIME WARNER INC.; DC COMICS; and DOES 1-10. | -and- |
| 16  Defendants. | |
| 17  JOANNE SIEGEL and LAURA SIEGEL LARSON, | Case No. 04-8776 (DDP) (RZx) |
| 18  Plaintiffs, | |
| 19  vs. | **DEFENDANTS'/** |
| 20  TIME WARNER INC.; WARNER COMMUNICATIONS INC.; WARNER BROS. ENTERTAINMENT INC.; | **COUNTERCLAIMANT'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF** |
| 21  WARNER BROS. TELEVISION | **DOCUMENTS AND THINGS** |
| 22  PRODUCTION INC.; DC COMICS; and DOES 1-10. | |
| 23  Defendants. | |
| 24  AND RELATED COUNTERCLAIMS | |

25      Pursuant to Fed. R. Civ. P. 34, Defendants Warner Bros. Entertainment Inc.,

26  Time Warner Inc., Warner Communications Inc., and Warner Bros. Television

27  Production Inc., and Defendant and Counterclaimant DC Comics, request that

28



1  Plaintiffs Joanne Siegel and Laura Siegel Larson respond hereto in writing and

2  produce and permit inspection and copying of each of the following documents and

3  tangible things in their possession, custody or control.  The documents and things

4  identified herein shall be produced no later than 30 days from the date of this request

5  at the offices of Fross Zelnick Lehrman & Zissu, P.C., 866 United Nations Plaza, New

6  York, New York 10017, or as otherwise agreed.

7                    **INSTRUCTIONS AND DEFINITIONS**

8      A.    "Plaintiffs" means, collectively and severally, Plaintiffs Joanne Siegel

9  and Laura Siegel Larson and each of their past and present agents and

10 representatives.

11     B.    "Siegel" means Jerome (a.k.a. "Jerry") Siegel and each of his agents

12 and representatives.

13     C.    "Shuster" means Joseph (a.k.a. "Joe") Shuster and each of his agents

14 and representatives.

15     D.    The "Shuster Representatives" means, collectively and severally, Jean

16 Adele Peavy, Mark Warren Peary, all executors, administrators, heirs, and

17 representatives of the estate of Joseph Shuster, and all of their respective agents and

18 representatives.

19     E.    "Defendants" means, collectively and severally, Defendants Warner

20 Bros. Entertainment Inc., Time Warner Inc., Warner Communications Inc., and

21 Warner Bros. Television Production Inc., and Defendant and Counterclaimant DC

22 Comics, each of their predecessors in interest, and all of their agents, employees,

23 and representatives.

24     F.    "First Complaint" means the complaint and any amendments,

25 supplements, or corrections thereto in action Case No. 04-8400 (DDP) (RZx).

26     G.    "Second Complaint" means the complaint and any amendments,

27 supplements, or corrections thereto in action Case No. 04-08776 (DDP) (RZx).

28

                              2

EXHIBIT 14                              Ex. E Page 54




1    H.    "Concerning" means relating to, describing, evidencing, proving, tending to prove, referring to, comprising, constituting, disproving or tending to disprove.

4    I.    Whenever the terms "and" or "or" are used they are to be construed both disjunctively and conjunctively as necessary to bring within the scope of these discovery requests responses that might otherwise be construed to be outside the scope.

8    J.    The use of the singular form of any word includes the plural and vice versa.

10    K.    In the event any document is withheld on a claim of attorney/client privilege or work product immunity, please provide a statement signed by an attorney representing Plaintiffs setting forth as to each such document:

13        (1)    The name of the sender(s) of the document;

14        (2)    The name of the author(s) of the document;

15        (3)    The name(s) of all person(s) to whom copies were sent and/or to whom the information contained therein was disclosed;

17        (4)    Job title of every person named in (1), (2), and (3) above;

18        (5)    Date of the document;

19        (6)    The date on which the document was received;

20        (7)    A brief description of the nature and subject matter of the document; and

22        (8)    The statute, rule, or decision which is claimed to give rise to the privilege.

24    M.    "Writing" means any tangible expression or communication -- printed or electronic -- however created, recorded, embodied, maintained, filed, or stored in any medium, mode, form, or technology, including, without limitation, as defined by Rule 1001 of the Federal Rules of Evidence, and includes every "original" and every "duplicate" of each such Writing as defined, respectively, by Rules 1001(3)

3

EXHIBIT 14

Ex. E Page 55

Page 262

1 | and (4) of the Federal Rules of Evidence.

2 | N.   The "1947 Action" means  the lawsuit filed by Jerome Siegel and

3 | Joseph Shuster in or about 1947 in the Supreme Court of the State of New York,

4 | County of Westchester, against National Comics Publications, Inc.

## REQUESTS

6 | **Request No. 1**

7 | All Writings upon which Plaintiffs intend to rely in this action.

8 | **Request No. 2**

9 | All Writings concerning any communication or agreements among or

10 | between Siegel and Shuster.

11 | **Request No. 3**

12 | All Writings concerning any communication or agreement between Siegel

13 | and/or Shuster, on the one hand, and Defendants, on the other hand.

14 | **Request No. 4**

15 | All Writings concerning or which Plaintiffs contend support any of the

16 | allegations in paragraph 16 of the First Complaint.

17 | **Request No. 5**

18 | All Writings concerning: (a) the twenty-four days of "Superman" comic strips

19 | intended for newspaper publication; (b) the synopsis of comic strips for weeks two,

20 | three and four; (c) the paragraph previewing future "Superman" exploits; and (d) the

21 | nine page synopsis that Plaintiffs allege Siegel created "in or about 1934," in

22 | paragraph 17 of the First Complaint, including but not limited to correspondence

23 | relating thereto, as well as any drafts, sketches, drawings, or story boards.

24 | **Request No. 6**

25 | All Writings concerning: (a) the fifteen daily "Superman" comic strips and (b)

26 | the three additional six day weeks of "Superman" comics that Plaintiffs allege

27 | Siegel and Shuster created "in or about 1934," in paragraph 18 of the First

28 | Complaint, including but not limited to correspondence relating thereto, as well as

1  any drafts, sketches, drawings, or story boards.

2  **Request No. 7**

3      All Writings concerning the October 4, 1935 letter from Malcolm Wheeler-

4  Nicholson referred to in paragraph 19 of the First Complaint.

5  **Request No. 8**

6      All Writings concerning the December 4, 1937 agreement between Siegel and

7  Shuster and Detective Comics referred to in paragraph 20 of the First Complaint.

8  **Request No. 9**

9      All Writings concerning the request to Siegel and Shuster from McClure

10  Newspaper Syndicate to forward the "1934 Superman Comic Strip material" to

11  Detective Comics that Plaintiffs allege in paragraph 21 of the First Complaint took

12  place in 1938.

13  **Request No. 10**

14      All Writings concerning or which Plaintiffs contend support the allegation in

15  paragraph 21 of the First Complaint that, by early 1938, "'Superman" and his

16  miraculous powers had already been completely developed by Siegel and Shuster."

17  **Request No. 11**

18      All Writings concerning or which Plaintiffs contend support the allegations in

19  paragraph 22 of the First Complaint that in or about January or February 1938, in

20  response to interest by Detective Comics, "Siegel and Shuster cut and pasted"

21  material they had previously created into "more than ninety separate panels."

22  **Request No. 12**

23      All Writings concerning the March 1, 1938 grant from Siegel and Shuster to

24  Detective Comics referred to in paragraph 24 of the First Complaint.

25  **Request No. 13**

26      All Writings concerning any advertisement of Superman and "Action Comics

27  No. 1," including but not limited to those which appeared in "More Fun Comics No.

28  31," "Detective Comics No. 15," and "New Adventure Comics No. 26."



**Request No. 14**

    All Writings concerning Action Comics No. 1, including but not limited to, any correspondence related thereto, and all drafts, sketches, drawings, or story boards.

**Request No. 15**

    All Writings concerning the September 22, 1938 agreement among Siegel and Shuster, Detective Comics and The McClure Newspaper Syndicate referred to in paragraph 29 of the First Complaint.

**Request No. 16**

    All Writings concerning the September 22, 1938 grant from Siegel and Shuster to Detective Comics referred to in paragraph 30 of the First Complaint.

**Request No. 17**

    All Writings concerning Action Comics Nos. 1-6, including but not limited to any correspondence related thereto, and all drafts, sketches, drawings, or story boards.

**Request No. 18**

    All Writings concerning or which Plaintiffs contend support the allegation in paragraph 32 of the First Complaint that Action Comics Nos. 2-6 were not "works made for hire."

**Request No. 19**

    All Writings concerning the December 19, 1939 agreement between Siegel and Shuster and Detective Comics referred to in paragraph 33 of the First Complaint.

**Request No. 20**

    All Writings concerning or which Plaintiffs contend support the allegations in paragraph 34 of the First Complaint that the Superman works created by Siegel and Shuster after September 28, 1938 were not "works made for hire."

**Request No. 21**

All Writings concerning the "character, conception and plan" for "Superboy," and its submission to any other person or entity, including but not limited to Detective Comics, referred to in paragraph 18 of the Second Complaint.

**Request No. 22**

All Writings concerning the letter dated December 2, 1938 referred to in paragraph 19 of the Second Complaint.

**Request No. 23**

All Writings concerning the "Siegel Superboy Material" referred to in paragraph 22 of the Second Complaint, including but not limited, any correspondence related thereto, and all drafts, sketches, drawings, or story boards.

**Request No. 24**

All Writings concerning any submission (or response thereto) of the "Siegel Superboy Material" referred to paragraphs 27-28 of the Second Complaint.

**Request No. 25**

All Writings concerning or which Plaintiffs contend support any of the allegations in paragraph 31 of the Second Complaint.

**Request No. 26**

All Writings concerning the "Superboy Comic Books" referred to in paragraph 37 of the Second Complaint.

**Request No. 27**

All Writings concerning the 1947 Action.

**Request No. 28**

All Writings concerning the trial of the 1947 Action before the Official Referee.

**Request No. 29**

All Writings concerning the May 19, 1948 stipulation of settlement between Siegel and National Comics Publications, Inc. referred to in paragraph 35 of the

7

EXHIBIT 14

Ex. E Page 59




1  First Complaint.

2  <u>Request No. 30</u>

3      All Writings concerning the Consent Judgment entered into by the parties to

4  the 1947 Action.

5  <u>Request No. 31</u>

6      All Writings concerning the action brought in the United States District Court

7  for the Southern District of New York entitled *Siegel v. National Periodical Publs.,*

8  *Inc.*, Case No. 69 Civ. 1429.

9  <u>Request No. 32</u>

10      All Writings concerning the appeal to the United States Court of Appeals for

11  the Second Circuit entitled *Siegel v. National Periodical Publs., Inc.*, Docket No.

12  73-2844.

13  <u>Request No. 33</u>

14      All Writings concerning the December 23, 1975 agreement referred to in

15  paragraph 38 of the First Complaint.

16  <u>Request No. 34</u>

17      All Writings concerning any benefits ever received by Siegel, Shuster, or

18  Plaintiffs from Defendants, including without limitation pursuant to the December

19  23, 1975 Agreement referred to in paragraph 38 of the First Complaint and

20  paragraph 57 of the Second Complaint.

21  <u>Request No. 35</u>

22      All Writings concerning the conception or creation of any element of the

23  Superman character or story.

24  <u>Request No. 36</u>

25      All Writings concerning any communication or agreement (a) between or

26  among Plaintiffs concerning any of the matters alleged in the First Complaint or the

27  Second Complaint, (b) between Plaintiffs, and on the one hand, and any other

28  person or entity, on the other hand, concerning any of the matters alleged in the First



1    Complaint or the Second Complaint, or (c) between Plaintiffs and Defendants.

2    **Request No. 37**

3        All Writings concerning any of the following:

4        i.        Letter from Jerry Siegel to Stanley H. Livingston, President,

5    Consolidated Book Publishers, dated June 1, 1933.

6        ii.        Letter from Stanley H. Livingston, President, Consolidated Book

7    Publishers, to Jerry Siegel dated June 8, 1933.

8        iii.        Post card from Jerry Siegel to Stanley H. Livingston, President,

9    Consolidated Book Publishers, dated August 8, 1933.

10        iv.        Letter from Stanley H. Livingston, President, Consolidated Book

11    Publishers, to Jerry Siegel dated August 22, 1933.

12        v.        Letter from Lee O'Mealia to Jerry Siegel dated July 17, 1933.

13        vi.        Letter from Lee O'Mealia to Jerry Siegel dated September 11, 1933.

14        vii.        Letter from Lee O'Mealia to Jerry Siegel dated November 2, 1933.

15        viii.        Letter from Lee O'Mealia to Jerry Siegel dated August 31, 1934.

16        ix.        Letter from Russell Keaton to Jerry Siegel dated June 9, 1934.

17        x.        Script for Superman submitted by Jerry Siegel to Russell Keaton on

18    or about June 11, 1934.

19        xi.        Letter from Russell Keaton to Jerry Siegel dated June 14, 1934.

20        xii.        Letter from Russell Keaton to Jerry Siegel dated June 22, 1934.

21        xiii.        Letter from Russell Keaton to Jerry Siegel dated July 6, 1934.

22        xiv.        Letter from Russell Keaton to Jerry Siegel dated July 11, 1934.

23        xv.        Letter from Russell Keaton to Jerry Siegel dated August 7, 1934.

24        xvi.        Letter from Russell Keaton to Jerry Siegel dated October 17, 1934.

25        xvii.        Letter from Russell Keaton to Jerry Siegel dated November 3, 1934.

26        xviii.        Rejection letters re Superman from the Bell Syndicate, Publishers

27    Syndicate of Chicago, Super Magazines, Dell Publishing Company, Swan-

28

Ex. E Page 61



1  McDonald Features, Esquire Features, McClure Newspaper Syndicate, United

2  Features Syndicate or The Ledger Syndicate.

3      xix.    Letter dated November 16, 1974 from the editor of Super Magazines.

4      xx.    Letter dated October 29, 1937 from the editor of Super Magazines.

5      xxi.    Letter from Joseph B. Agnelli of The Bell Syndicate to Jerry Siegel

6  dated February 21, 1935.

7      xxii.    Letter from Horace Epps of The Bell Syndicate to Jerry Siegel, dated

8  May 27, 1935.

9      xxiii.    Letter from Malcolm Wheeler-Nicholson to Jerry Siegel dated June

10  6, 1935.

11      xxiv.    Letter from Malcolm Wheeler-Nicholson to Jerry Siegel dated July 3,

12  1935.

13      xxv.    Letter from Malcolm Wheeler-Nicholson to Jerry Siegel dated

14  October 4, 1935.

15      xxvi.    Letter from Malcolm Wheeler-Nicholson to Jerry Siegel dated March

16  13, 1936.

17      xxvii.    Letter from Malcolm Wheeler-Nicholson to Jerry Siegel dated March

18  20, 1936.

19      xxviii.    Letter from Malcolm Wheeler-Nicholson to Jerry Siegel dated March

20  16, 1937.

21      xxix.    Letter from Malcolm Wheeler-Nicholson to Jerry Siegel dated

22  August 3, 1937.

23      xxx.    Letter from Malcolm Wheeler-Nicholson to Jerry Siegel dated

24  December 1, 1937.

25      xxxi.    Letter from M.C. Gaines of The McClure Newspaper Syndicate to

26  Jerry Siegel dated November 30, 1937.

27      xxxii.    Letter from M.C. Gaines of The McClure Newspaper Syndicate to

28  Jerry Siegel dated February 9, 1938.

10

EXHIBIT 14                                  Ex. E Page 62

1   xxxiii. Letter from The McClure Newspaper Syndicate to Jerry Siegel dated
2 April 8, 1938.

3   xxxiv. Letter from The McClure Newspaper Syndicate to Jerry Siegel dated
4 April 13, 1938.

5   xxxv. Letter from The McClure Newspaper Syndicate to Jerry Siegel dated
6 April 21, 1938.

7   xxxvi. Letter from Jerry Siegel to M.C. Gaines of The McClure Newspaper
8 Syndicate dated December 1, 1937.

9   xxxvii. Letter from M.C. Gaines of The McClure Newspaper Syndicate to
10 Jerry Siegel dated June 13, 1938.

11   xxxviii. Letter from Jack Liebowitz of Detective Comics, Inc. to Jerry Siegel
12 dated December 1, 1937.

13   xxxix. Letter from Jerry Siegel to Jack Liebowitz of Detective Comics, Inc.
14 dated December 6, 1937.

15   xl. Letter from Jack Liebowitz of Detective Comics, Inc. to Jerry Siegel
16 dated December 9, 1937.

17   xli. Letter from Jack Liebowitz of Detective Comics, Inc. to Jerry Siegel
18 dated January 5, 1938.

19   xlii. Letter from Jack Liebowitz of Detective Comics, Inc. to Jerry Siegel
20 dated March 1, 1938.

21   xliii. Letter from Jack Liebowitz of Detective Comics, Inc. to Jerry Siegel
22 dated June 9, 1938.

23   xliv. Letter from Vin Sullivan of Detective Comics, Inc. to Jerry Siegel
24 dated January 10, 1938.

25   xlv. Letter from Vin Sullivan of Detective Comics, Inc. to Jerry Siegel
26 dated January 12, 1938.

27   xlvi. Letter from Vin Sullivan of Detective Comics, Inc. to Jerry Siegel
28 dated January 31, 1938.

1          xlvii.    Letter from Vin Sullivan of Detective Comics, Inc. to Jerry Siegel
2    dated February 1, 1938.

3          xlviii.    Letter from Vin Sullivan of Detective Comics, Inc. to Jerry Siegel
4    dated February 4, 1938.

5          xlix.    Letter from Vin Sullivan of Detective Comics, Inc. to Jerry Siegel
6    dated February 9, 1938.

7          l.    Letter from Vin Sullivan of Detective Comics, Inc. to Jerry Siegel
8    dated February 16, 1938.

9          li.    Letter from Vin Sullivan of Detective Comics, Inc. to Jerry Siegel
10   dated February 22, 1938.

11         lii.    Letter from Vin Sullivan of Detective Comics, Inc. to Jerry Siegel
12   dated March 14, 1938.

13         liii.    Letter from Howard Denby of Esquire Features, Inc. to Jerry Siegel
14   dated September 9, 1936.

15         liv.    Letter from New Fun's Managing Editor to Jerry Siegel dated
16   October 23, 1935.

17         lv.    Letter from Swan-McDonald Features, Inc. to Jerry Siegel dated
18   February 27, 1936.

19         lvi.    Letter from William Laas of United Features Syndicate to Jerry
20   Siegel dated February 13, 1937.

21         lvii.    Letter from The Ledger Syndicate to Jerry Siegel dated March 2,
22   1937.

23         lviii.    Letter from Chas. F. Lounsbury of The Register and Tribune
24   Syndicate dated August 26, 1938.

25         lix.    Letter from Chas. F. Lounsbury of The Register and Tribune
26   Syndicate dated September 7, 1938.

27

28



**Request No. 38**

All Writings concerning the notices of termination under 17 U.S.C. § 304, which Plaintiffs claim they served on or about April 3, 1997.

**Request No. 39**

All Writings concerning or which Plaintiffs contend support their allegation that the notices of termination served by Plaintiffs on or about April 3, 1997 were drafted, served and filed in full compliance with 17 U.S.C. § 304(c) and 37 C.F.R. § 201.10 (2003).

**Request No. 40**

All Writings concerning the notice of termination under 17 U.S.C. § 304, which Plaintiffs claim they served on or about November 8, 2002.

**Request No. 41**

All Writings concerning or which Plaintiffs contend support their allegation that the notice of termination served by Plaintiffs on or about November 8, 2002 was drafted, served and filed in full compliance with 17 U.S.C. § 304(c) and 37 C.F.R. § 201.10 (2003).

**Request No. 42**

All Writings concerning ownership or any claim of ownership by Plaintiffs of any trademarks, trade dress, or related marks or rights in the Superman Crest, as that term is defined in the First and Second Complaints.

**Request No. 43**

All Writings concerning or which Plaintiffs contend support any damage or injury which they claim has resulted from the waste alleged in Count Five of the First Complaint.

**Request No. 44**

All Writings concerning or which Plaintiffs contend support the allegation of "Defendants' under-utilization of the Recaptured copyrights" in paragraph 79 of the First Complaint.



**Request No. 45**

1     All Writings concerning or which Plaintiffs contend support the allegation of "Defendants' non 'arms length' contracts between wholly owned subsidiaries and divisions" in paragraph 79 of the First Complaint.

**Request No. 46**

    All Writings concerning or which Plaintiffs contend support the allegation of "Defendants' self-serving accounting practices" in paragraph 79 of the First Complaint.

**Request No. 47**

    All Writings concerning or which Plaintiffs contend support the allegation of "Defendants' improper allocation of revenues, costs and profits" in paragraph 79 of the First Complaint.

**Request No. 48**

    All Writings concerning or which Plaintiffs contend support the allegation of "Defendants' relatively marginal exploitation" of the Superman franchise in paragraph 79 of the First Complaint.

**Request No. 49**

    All Writings concerning or which Plaintiffs contend support the allegation that "market opportunities for such a superhero franchise has been and continues to be at an all time high" in paragraph 79 of the First Complaint.

**Request No. 50**

    All Writings concerning any attempts by Plaintiffs, Siegel, and/or Shuster to sell, license, assign, transfer, market, or otherwise exploit any rights in Superman.

**Request No. 51**

    All Writings concerning any payments or other consideration received by Plaintiffs from any Defendants in connection with Superman.

14

EXHIBIT 14

Ex. E Page 66

Page 273

 

**Request No. 52**

All Writings concerning the settlement discussions between Plaintiffs and Defendants that took place from approximately April 17, 1997 through September 30, 2002.

**Request No. 53**

All Writings concerning the October 19, 2001 letter from Plaintiffs' then counsel to John Schulman.

**Request No. 54**

All Writings concerning the October 26, 2001 letter from John Schulman to Plaintiffs' then counsel.

**Request No. 55**

All Writings concerning the draft agreement transmitted to Plaintiffs on or about February 1, 2002.

**Request No. 56**

All Writings concerning the May 9, 2002 letter from Joanne Siegel to Richard Parsons.

**Request No. 57**

All Writings concerning the September 21, 2002 letter from Plaintiffs to Paul Levitz.

**Request No. 58**

All Writings concerning any communications between Plaintiffs and any attorney, partner, employee, agent, or representative of the law firm Gang Tyre Ramer & Brown after September 21, 2002.

**Request No. 59**

All Writings concerning any disposition of any rights relating to Superman, including but not limited to any solicitation, offer, option, agreement or license.

15

EXHIBIT 14

Ex. E Page 67




1  **Request No. 60**

2      All Writings concerning the division of any revenues relating to Superman

3  among Plaintiffs and between Plaintiffs and any other person or entity.

4  **Request No. 61**

5      All Writings concerning any communication or agreement between Michael

6  Siegel and Plaintiffs related to Superman.

7  **Request No. 62**

8      All Writings concerning any communication or agreement between Dennis

9  Larson and Plaintiffs related to Superman.

10  **Request No. 63**

11      All Writings concerning the Shuster Representatives, including but not

12  limited to any communication or agreements between Plaintiffs and any of the

13  Shuster Representatives.

14  **Request No. 64**

15      All Writings concerning Marc Toberoff or his law firm which were created or

16  which refer to the period prior to his being retained as counsel for Plaintiffs in these

17  related actions.

18  DATED:      June 21, 2005        FROSS ZELNICK LEHRMAN & ZISSU, P.C.
                                     Roger L. Zissu
19                                   Patrick T. Perkins
                                     James D. Weinberger
20
                                            -and-
21
                                     WEISSMANN WOLFF BERGMAN
22                                      COLEMAN GRODIN & EVALL LLP
                                     Michael Bergman
23                                   David L. Burg
                                     Adam Hagen
24
                                     By:
25                                      Patrick T. Perkins
26                                   Attorneys for Defendants/Counterclaimant
27

28

16

1  Marc Toberoff (CA State Bar No. 188547)
   Larry S. Greenfield (CA State Bar No. 093917)
2  Nicholas C. Williamson (CA State Bar No. 231124)
   LAW OFFICES OF MARC TOBEROFF, PLC
3  1999 Avenue of the Stars, Suite 1540
   Los Angeles, CA 90067
4  Telephone: (310) 246-3333
   Facsimile: (310) 246-3101
5

6  Attorneys for Plaintiffs and Counterclaim Defendants
   Joanne Siegel and Laura Siegel Larson
7

8              UNITED STATES DISTRICT COURT

9            CENTRAL DISTRICT OF CALIFORNIA

10  JOANNE SIEGEL, an individual; and    Civil Case No. 04-8400  DDP (RZx)
11  LAURA SIEGEL LARSON, an                           &
12  individual,                          04-8776  DDP (AJWx)

13          Plaintiffs,                  PLAINTIFFS JOANNE SIEGEL
                                         AND LAURA SIEGEL LARSON'S
14      vs.                              RESPONSE TO DEFENDANTS'/
                                         COUNTERCLAIMANT'S FIRST
15  WARNER BROS.                         SET OF REQUESTS FOR
                                         PRODUCTION OF DOCUMENTS
16  ENTERTAINMENT INC., a               AND THINGS
    corporation; TIME WARNER INC., a
17  corporation; DC COMICS, a general
18  partnership; and DOES 1-10,

19          Defendants
20

21  DC COMICS,

22          Counterclaimant

23      vs.
24

25  JOANNE SIEGEL, an individual; and
    LAURA SIEGEL LARSON, an
26  individual,

27          Counterclaim Defendants.
28

                              1

EXHIBIT 14

Page 276



1  PROPOUNDING PARTY: Defendants WARNER BROS. ENTERTAINMENT

2  INC., TIME WARNER INC., WARNER COMMUNICATIONS INC.,

3  WARNER BROS. TELEVISION PRODUCTION INC., and Defendant/

4  Counterclaimant DC COMICS.

5  RESPONDING PARTY: Plaintiffs JOANNE SIEGEL and LAURA SIEGEL

6  LARSON.

7  SET NUMBER: One (Nos. 1-64).

8      Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiffs

9  Joanne Siegel and Laura Siegel Larson ("Plaintiffs") hereby respond to the first

10  set of Requests for the Production of Documents and Things ("Request for

11  Production") served by Defendants Warner Bros. Entertainment Inc., Time

12  Warner Inc., Warner Communications Inc., Warner Bros. Television Production

13  Inc., and Defendant/Counterclaimant DC Comics ("Defendants"). Discovery is

14  ongoing, and Plaintiffs reserve the right to amend, modify, supplement or alter

15  this response as warranted by subsequently discovered information, and also to

16  rely upon subsequently discovered information or information omitted from this

17  response due to mistake, error, or inadvertence. By producing any item in

18  response to the Request for Production, Plaintiffs are not waiving any objection

19  on any ground to its use for any purpose in any subsequent proceeding

20  (including as evidence at trial) in this or any other action. Any statement in this

21  response that Plaintiffs will produce responsive items does not constitute a

22  representation that any such item exists within its possession, custody or

23  control. Any production in response to the Request for production will be done

24  at a reasonable time and in a reasonable manner to be agreed upon by counsel.

25  //

26  //

27  //

28  //

2



# I.

## OBJECTIONS TO THE ENTIRE REQUEST FOR PRODUCTION

Plaintiffs object to the entire Request for Production on each of the following grounds and incorporate by reference each of the following objections into their response to each individual request within it:

1. Plaintiffs object to the entire Request for Production to the extent that it seeks the production or identification of any item, or portion thereof, comprising or reflecting information transmitted and maintained in confidence between Plaintiffs or any person or entity acting on their behalf and their counsel for the purpose of obtaining legal advice or representation, on the ground that such information is protected from disclosure by the attorney-client privilege. Plaintiffs will serve a log identifying each item, or portion thereof, withheld from production in response to the Request for Production under claim of attorney-client privilege which was created before the inception of this action.

2. Plaintiffs object to the entire Request for Production to the extent that it seeks the production or identification of any item, or portion thereof, comprising or reflecting information with any confidential impression, conclusion, opinion, legal research, or legal theory of counsel for Plaintiffs or any other person or entity, on the ground that such information is protected from disclosure by the attorney work product privilege. Plaintiffs will serve a log identifying each item, or portion thereof, withheld from production in response to the Request for Production under claim of attorney work product privilege which was created before the inception of this action.

3. Plaintiffs object to the entire Request for Production to the extent that it seeks the production or identification of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and

EXHIBIT 14

Jul-21-05   06:55pm   From-      T-239   P.006   F-397

1 admissible evidence, on the ground that it exceeds the permissible scope of

2 discovery delimited by Rule 26(b)(1) of the Federal Rules of Civil Procedure.

3      4.     Plaintiffs object to the entire Request for Production to the extent

4 that it seeks the production or identification of any item, or portion thereof,

5 comprising or reflecting any trade secret or other confidential or proprietary

6 information of Plaintiffs or any other person or entity.

7      5.     Plaintiffs object to the entire Request for Production to the extent

8 that it seeks the production or identification of any item, or portion thereof,

9 which is protected from disclosure by any privacy or similar rights of Plaintiffs

10 or any other person or entity.

11      6.     Plaintiffs object to the entire Request for Production to the extent

12 that it seeks the production of original documents, on the ground that such

13 production would be burdensome, oppressive, and unnecessary. Plaintiffs

14 reserve the right to comply with the Request for Production, subject to this

15 response, by producing a true copy of any item or by permitting inspection of

16 any item.

17      7.     Plaintiffs object to the entire Request for Production to the extent

18 that it seeks the production of duplicative identical items, on the ground that

19 such production would be burdensome, oppressive, and unnecessary.

20      8.     Plaintiffs object to the entire Request for Production to the extent

21 that it seeks the production of any item which has been served, filed, or

22 transmitted in the course of this action, on the ground that such production

23 would be burdensome oppressive, and unnecessary.

24      9.     Plaintiffs object to the entire Request for Production to the extent

25 that it purports to impose any obligation beyond those set forth in Rule 34 of the

26 Federal Rules of Civil Procedure and Local Rules 34-1 through 34-3 of the

27 United States District Court for the Central District of California, including,

28 without limitation, the assertion that the Request for Production is "continuing"

4

Jul-21-05   08:55pm   From-                                      T-230   P.006   F-397

1  and all purported instructions included in it pertaining to the content of

2  Plaintiffs' written response and the manner of Plaintiffs' production of

3  documents and things.

4       10.    Plaintiffs object to the definition of "Plaintiffs" set forth in the

5  Request for Production on the grounds that it is vague, ambiguous, overbroad,

6  burdensome and oppressive.  Plaintiffs will treat the term "Plaintiffs" as used in

7  the Request for Production to mean Plaintiffs Joanne Siegel and Laura Siegel

8  Larson only.

9       11.    Plaintiffs object to the definition of "Siegel" set forth in the

10 Request for Production on the grounds that it is vague, ambiguous, overbroad,

11 burdensome and oppressive.  Plaintiffs will treat the term "Siegel" as used in the

12 Request for Production to mean Jerry Siegel only.

13      12.    Plaintiffs object to the definition of "Shuster" set forth in the

14 Request for Production on the grounds that it is vague, ambiguous, overbroad,

15 burdensome and oppressive.  Plaintiffs will treat the term "Shuster" as used in

16 the Request for Production to mean Joseph Shuster only.

17      13.    Plaintiffs object to the definition of "Shuster Representatives" set

18 forth in the Request for Production on the grounds that it is vague, ambiguous,

19 overbroad, burdensome and oppressive.  Plaintiffs will treat the term "Shuster

20 Representatives" as used in the Request for Production to mean Jean Adele

21 Peavy and Mark Warren Peary only.

22                                    II.

23              **RESPONSES TO INDIVIDUAL REQUESTS**

24      Subject to and without waiving the foregoing objections, Plaintiffs

25 respond to each individual request within the Request for Production as follows:

26 **Request No. 1**

27      All Writings upon which Plaintiffs intend to rely in this action.

28 **Response to Request No. 1**

                                    5

EXHIBIT 14

Page 280

Jul-21-08    08:56pm    From-        T-238    P.007/034    F-387

1    Plaintiffs further object to this request on the grounds that it is vague,
2    ambiguous, overbroad, burdensome and oppressive. Plaintiffs further object to
3    this request on the ground that it is premature. Subject to and without waiving
4    the foregoing objections, Plaintiffs will produce all non-privileged documents
5    they are able to determine are responsive to this request.

6    **Request No. 2**
7    All Writings concerning any communication or agreements among or
8    between Siegel and Shuster.

9    **Response to Request No. 2**
10    Plaintiffs further object to this request on the grounds that it is vague,
11    ambiguous, overbroad, burdensome and oppressive. Subject to and without
12    waiving the foregoing objections, Plaintiffs will produce all non-privileged
13    documents concerning communications or agreements between Siegel and
14    Shuster relating to Superman or Superboy that they determine are responsive to
15    this request.

16    **Request No. 3**
17    All Writings concerning any communication or agreement between Siegel
18    and/or Shuster, on the one hand, and Defendants, on the other hand.

19    **Response to Request No. 3**
20    Plaintiffs further object to this request on the grounds that it is vague,
21    ambiguous, overbroad, burdensome and oppressive. Plaintiffs further object to
22    this request on the grounds that the information sought by this Request for
23    Production is equally if not more readily available to Defendants. Subject to
24    and without waiving the foregoing objections, Plaintiffs will produce all non-
25    privileged documents they are able to determine are responsive to this request.

26    **Request No. 4**
27    All Writings concerning or which Plaintiffs contend support any of the
28    allegations in paragraph 16 of the First Complaint.

6

Jul-21-08  06:56pm  From-    T-238  P.008/034  F-397

1  **Response to Request No. 4**
2      Plaintiffs further object to this request on the grounds that it is vague,
3  ambiguous, overbroad, burdensome and oppressive. Subject to and without
4  waiving the foregoing objections, Plaintiffs will produce all non-privileged
5  documents they are able to determine are responsive to this request.
6  **Request No. 5**
7      All Writings concerning: (a) the twenty-four days of "Superman" comic
8  strips intended for newspaper publication; (b) the synopsis of comic strips for
9  weeks two, three and four; (c) the paragraph previewing future "Superman"
10  exploits; and (d) the nine page synopsis that Plaintiffs allege Siegel created "in
11  or about 1934," in paragraph 17 of the First Complaint, including but not
12  limited to correspondence relating thereto, as well as any drafts, sketches,
13  drawings, or story boards.
14  **Response to Request No. 5**
15      Plaintiffs further object to this request on the grounds that it is vague,
16  ambiguous, overbroad, burdensome and oppressive. Subject to and without
17  waiving the foregoing objections, Plaintiffs will produce all non-privileged
18  documents they are able to determine are responsive to this request.
19  **Request No. 6**
20      All Writings concerning: (a) the fifteen daily "Superman" comic strips
21  and (b) the three additional six day weeks of "Superman" comics that Plaintiffs
22  allege Siegel and Shuster created "in or about 1934," in paragraph 18 of the
23  First Complaint, including but not limited to correspondence relating thereto, as
24  well as any drafts, sketches, drawings, or story boards.
25  **Response to Request No. 6**
26      Plaintiffs further object to this request on the grounds that it is vague,
27  ambiguous, overbroad, burdensome and oppressive. Subject to and without
28  waiving the foregoing objections, Plaintiffs will produce all non-privileged

7



1  documents they are able to determine are responsive to this request.

2  <u>Request No. 7</u>

3      All Writings concerning the October 4, 1935 letter from Malcolm

4  Wheeler-Nicholson referred to in paragraph 19 of the First Complaint.

5  <u>Response to Request No. 7</u>

6      Plaintiffs further object to this request on the grounds that it is vague,

7  ambiguous, overbroad, burdensome and oppressive.  Subject to and without

8  waiving the foregoing objections, Plaintiffs will produce all non-privileged

9  documents they are able to determine are responsive to this request.

10  <u>Request No. 8</u>

11      All Writings concerning the December 4, 1937 agreement between Siegel

12  and Shuster and Detective Comics referred to in paragraph 20 of the First

13  Complaint.

14  <u>Response to Request No. 8</u>

15      Plaintiffs further object to this request on the grounds that it is vague,

16  ambiguous, overbroad, burdensome and oppressive.  Subject to and without

17  waiving the foregoing objections, Plaintiffs will produce all non-privileged

18  documents they are able to determine are responsive to this request.

19  <u>Request No. 9</u>

20      All Writings concerning the request to Siegel and Shuster from McClure

21  Newspaper Syndicate to forward the "1934 Superman Comic Strip material" to

22  Detective Comics that Plaintiffs allege in paragraph 21 of the First Complaint

23  took place in 1938.

24  <u>Response to Request No. 9</u>

25      Plaintiffs further object to this request on the grounds that it is vague,

26  ambiguous, overbroad, burdensome and oppressive.  Subject to and without

27  waiving the foregoing objections, Plaintiffs will produce all non-privileged

28  documents they are able to determine are responsive to this request.

8




1  <u>**Request No. 10**</u>

2       All writings concerning or which Plaintiffs contend support the allegation

3  in paragraph 21 of the First Complaint that, by early 1938, "'Superman' and his

4  miraculous powers had already been completely developed by Siegel and

5  Shuster."

6  <u>**Response to Request No. 10**</u>

7       Plaintiffs further object to this request on the grounds that it is vague,

8  ambiguous, overbroad, burdensome and oppressive.  Subject to and without

9  waiving the foregoing objections, Plaintiffs will produce all non-privileged

10  documents they are able to determine are responsive to this request.

11  <u>**Request No. 11**</u>

12       All Writings concerning or which Plaintiffs contend support the

13  allegations in paragraph 22 of the First Complaint that in or about January or

14  February 1938, in response to interest by Detective Comics, "Siegel and Shuster

15  cut and pasted" material they had previously created into "more than ninety

16  separate panels."

17  <u>**Response to Request No. 11**</u>

18       Plaintiffs further object to this request on the grounds that it is vague,

19  ambiguous, overbroad, burdensome and oppressive.  Subject to and without

20  waiving the foregoing objections, Plaintiffs will produce all non-privileged

21  documents they are able to determine are responsive to this request.

22  <u>**Request No. 12**</u>

23       All Writings concerning the March 1, 1938 grant from Siegel and Shuster

24  to Detective Comics referred to in paragraph 24 of the First Complaint.

25  <u>**Response to Request No. 12**</u>

26       Plaintiffs further object to this request on the grounds that it is vague,

27  ambiguous, overbroad, burdensome and oppressive.  Subject to and without

28  waiving the foregoing objections, Plaintiffs will produce all non-privileged

9

Ex. F Page 77

EXHIBIT 14

Page 284

Jul-21-08  06:07pm  From-    T-230  P.011/034  F-387

1  documents they are able to determine are responsive to this request.

2  **Request No. 13**

3      All Writings concerning any advertisement of Superman and "Action

4  Comics No. 1," including but not limited to those which appeared in "More Fun

5  Comics No. 31," "Detective Comics No. 15," and "New Adventure Comics No.

6  26."

7  **Response to Request No. 13**

8      Plaintiffs further object to this request on the grounds that it is vague,

9  ambiguous, overbroad, burdensome and oppressive.  Plaintiffs further object to

10  this request on the grounds that the information sought by this Request for

11  Production is equally if not more readily available to Defendants.  Subject to

12  and without waiving the foregoing objections, Plaintiffs will produce all non-

13  privileged documents they are able to determine are responsive to this request.

14  **Request No. 14**

15      All Writings concerning Action Comics No. 1, including but not limited

16  to, any correspondence related thereto, and all drafts, sketches, drawings, or

17  story boards.

18  **Response to Request No. 14**

19      Plaintiffs further object to this request on the grounds that it is vague,

20  ambiguous, overbroad, burdensome and oppressive.  Subject to and without

21  waiving the foregoing objections, Plaintiffs will produce all non-privileged

22  documents they are able to determine are responsive to this request.

23  **Request No. 15**

24      All Writings concerning the September 22, 1938 agreement among Siegel

25  and Shuster, Detective Comics and The McClure Newspaper Syndicate referred

26  to in paragraph 29 of the First Complaint.

27  **Response to Request No. 15**

28      Plaintiffs further object to this request on the grounds that it is vague,

10

EXHIBIT 14

Page 285



1  ambiguous, overbroad, burdensome and oppressive.  Plaintiffs further object to
2  this request on the grounds that the information sought by this Request for
3  Production is equally if not more readily available to Defendants.  Subject to
4  and without waiving the foregoing objections, Plaintiffs will produce all non-
5  privileged documents they are able to determine are responsive to this request.
6  **Request No. 16**
7      All Writings concerning the September 22, 1938 grant from Siegel and
8  Shuster to Detective Comics referred to in paragraph 30 of the First Complaint.
9  **Response to Request No. 16**
10      Plaintiffs further object to this request on the grounds that it is vague,
11  ambiguous, overbroad, burdensome and oppressive.  Plaintiffs further object to
12  this request on the grounds that the information sought by this Request for
13  Production is equally if not more readily available to Defendants.  Subject to
14  and without waiving the foregoing objections, Plaintiffs will produce all non-
15  privileged documents they are able to determine are responsive to this request.
16  **Request No. 17**
17      All Writings concerning Action Comics Nos. 1-6, including but not
18  limited to any correspondence related thereto, and all drafts, sketches, drawings
19  or story boards.
20  **Response to Request No. 17**
21      Plaintiffs further object to this request on the grounds that it is vague,
22  ambiguous, overbroad, burdensome and oppressive.  Subject to and without
23  waiving the foregoing objections, Plaintiffs will produce all non-privileged
24  documents they are able to determine are responsive to this request.
25  **Request No. 18**
26      All Writings concerning or which Plaintiffs contend support the
27  allegation in paragraph 32 of the First Complaint that Action Comics Nos. 2-6
28  were not "works made for hire."

11

 

1  **Response to Request No. 18**

2      Plaintiffs further object to this request on the grounds that it is vague,

3  ambiguous, overbroad, burdensome and oppressive.  Subject to and without

4  waiving the foregoing objections, Plaintiffs will produce all non-privileged

5  documents they are able to determine are responsive to this request.

6  **Request No. 19**

7      All Writings concerning the December 19, 1939 agreement between

8  Siegel and Shuster and Detective Comics referred to in paragraph 33 of the First

9  Complaint.

10  **Response to Request No. 19**

11      Plaintiffs further object to this request on the grounds that it is vague,

12  ambiguous, overbroad, burdensome and oppressive.  Subject to and without

13  waiving the foregoing objections, Plaintiffs will produce all non-privileged

14  documents they are able to determine are responsive to this request.

15  **Request No. 20**

16      All Writings concerning or which Plaintiffs contend support the

17  allegations in paragraph 34 of the First Complaint that the Superman works

18  created by Siegel and Shuster after September 28, 1938 were not "works made

19  for hire."

20  **Response to Request No. 20**

21      Plaintiffs further object to this request on the grounds that it is vague,

22  ambiguous, overbroad, burdensome and oppressive.  Subject to and without

23  waiving the foregoing objections, Plaintiffs will produce all non-privileged

24  documents they are able to determine are responsive to this request.

25  **Request No. 21**

26      All Writings concerning the "character, conception and plan" for

27  "Superboy," and its submission to any other person or entity, including but not

28  limited to Detective Comics, referred to in paragraph 18 of the Second

12

EXHIBIT 14

Page 287



1    Complaint.

2    <u>Response to Request No. 21</u>

3        Plaintiffs further object to this request on the grounds that it is vague,

4    ambiguous, overbroad, burdensome and oppressive.  Subject to and without

5    waiving the foregoing objections, Plaintiffs will produce all non-privileged

6    documents they are able to determine are responsive to this request.

7    <u>Request No. 22</u>

8        All Writings concerning the letter dated December 2, 1938 referred to in

9    paragraph 19 of the Second Complaint.

10    <u>Response to Request No. 22</u>

11        Plaintiffs further object to this request on the grounds that it is vague,

12    ambiguous, overbroad, burdensome and oppressive.  Subject to and without

13    waiving the foregoing objections, Plaintiffs will produce all non-privileged

14    documents they are able to determine are responsive to this request.

15    <u>Request No. 23</u>

16        All Writings concerning the "Siegel Superboy Material" referred to in

17    paragraph 22 of the Second Complaint, including but not limited to, any

18    correspondence related thereto, and all drafts, sketches, drawings, or story

19    boards.

20    <u>Response to Request No. 23</u>

21        Plaintiffs further object to this request on the grounds that it is vague,

22    ambiguous, overbroad, burdensome and oppressive.  Plaintiffs further object to

23    this request on the grounds that it is duplicative of requests nos. 21 and 22

24    above.  Subject to and without waiving the foregoing objections, Plaintiffs will

25    produce all non-privileged documents they are able to determine are responsive

26    to this request.

27    <u>Request No. 24</u>

28        All Writings concerning any submission (or response thereto) of the

13

EXHIBIT 14

Page 288



1   "Siegel Superboy Material" referred to in paragraphs 27-28 of the Second

2   Complaint.

3   **Response to Request No. 24**

4       Plaintiffs further object to this request on the grounds that it is vague,

5   ambiguous, overbroad, burdensome and oppressive.  Subject to and without

6   waiving the foregoing objections, Plaintiffs will produce all non-privileged

7   documents they are able to determine are responsive to this request.

8   **Request No. 25**

9       All Writings concerning or which Plaintiffs contend support any of the

10  allegations in paragraph 31 of the Second Complaint.

11  **Response to Request No. 25**

12      Plaintiffs further object to this request on the grounds that it is vague,

13  ambiguous, overbroad, burdensome and oppressive.  Plaintiffs further object to

14  this request on the grounds that the information sought by this Request for

15  Production is equally if not more readily available to Defendants.  Subject to

16  and without waiving the foregoing objections, Plaintiffs will produce all non-

17  privileged documents they are able to determine are responsive to this request.

18  **Request No. 26**

19      All Writings concerning the "Superboy Comic Books" referred to in

20  paragraph 37 of the Second Complaint.

21  **Response to Request No. 26**

22      Plaintiffs further object to this request on the grounds that it is vague,

23  ambiguous, overbroad, burdensome and oppressive.  Plaintiffs further object to

24  this request on the grounds that the information sought by this Request for

25  Production is equally if not more readily available to Defendants.  Subject to

26  and without waiving the foregoing objections, Plaintiffs will produce all non-

27  privileged documents they are able to determine are responsive to this request.

28  **Request No. 27**

14

 

1    All Writings concerning the 1947 Action.

2  **Response to Request No. 27**

3    Plaintiffs further object to this request on the grounds that it is vague,

4  ambiguous, overbroad, burdensome and oppressive.  Subject to and without

5  waiving the foregoing objections, Plaintiffs will produce all non-privileged

6  documents they are able to determine are responsive to this request.

7  **Request No. 28**

8    All Writings concerning the trial of the 1947 Action before the Official

9  Referee.

10  **Response to Request No. 28**

11    Plaintiffs further object to this request on the grounds that it is vague,

12  ambiguous, overbroad, burdensome and oppressive.  Plaintiffs further object to

13  this request on the grounds that it is duplicative of request no. 27.  Subject to

14  and without waiving the foregoing objections, Plaintiffs will produce all non-

15  privileged documents they are able to determine are responsive to this request.

16  **Request No. 29**

17    All Writings concerning the May 19, 1948 stipulation of settlement

18  between Siegel and National Comics Publications, Inc. referred to in paragraph

19  35 of the First Complaint.

20  **Response to Request No. 29**

21    Plaintiffs further object to this request on the grounds that it is vague,

22  ambiguous, overbroad, burdensome and oppressive.  Plaintiffs further object to

23  this request on the grounds that it is duplicative of request no. 27.  Subject to

24  and without waiving the foregoing objections, Plaintiffs will produce all non-

25  privileged documents they are able to determine are responsive to this request.

26  **Request No. 30**

27    All Writings concerning the Consent Judgment entered into by the parties

28  to the 1947 Action.

15

EXHIBIT 14

Page 290

 

**Response to Request No. 30**

Plaintiffs further object to this request on the grounds that it is vague, ambiguous, overbroad, burdensome and oppressive. Plaintiffs further object to this request on the grounds that it is duplicative of request no. 27. Subject to and without waiving the foregoing objections, Plaintiffs will produce all non-privileged documents they are able to determine are responsive to this request.

**Request No. 31**

All Writings concerning the action brought in the United States District Court for the Southern District of New York entitled *Siegel v. National Periodical Publs., Inc.*, Case No. 69 Civ. 1429.

**Response to Request No. 31**

Plaintiffs further object to this request on the grounds that it is vague, ambiguous, overbroad, burdensome and oppressive. Subject to and without waiving the foregoing objections, Plaintiffs will produce all non-privileged documents they are able to determine are responsive to this request.

**Request No. 32**

All Writings concerning the appeal to the United States Court of Appeals for the Second Circuit entitled *Siegel v. National Periodical Publs., Inc.*, Docket No. 73-2844.

**Response to Request No. 32**

Plaintiffs further object to this request on the grounds that it is vague, ambiguous, overbroad, burdensome and oppressive. Subject to and without waiving the foregoing objections, Plaintiffs will produce all non-privileged documents they are able to determine are responsive to this request.

**Request No. 33**

All Writings concerning the December 23, 1975 agreement referred to in paragraph 38 of the First Complaint.

**Response to Request No. 33**

16

 

1    Plaintiffs further object to this request on the grounds that it is vague,
2   ambiguous, overbroad, burdensome and oppressive.  Subject to and without
3   waiving the foregoing objections, Plaintiffs will produce all non-privileged
4   documents they are able to determine are responsive to this request.
5   **Request No. 34**
6       All Writings concerning any benefits ever received by Siegel, Shuster, or
7   Plaintiffs from Defendants, including without limitation pursuant to the
8   December 23, 1975 Agreement referred to in paragraph 38 of the First
9   Complaint and paragraph 57 of the Second Complaint.
10  **Response to Request No. 34**
11      Plaintiffs further object to this request on the grounds that it is vague,
12  ambiguous, overbroad, burdensome and oppressive.  Plaintiffs further object to
13  this request on the grounds that the information sought by this Request for
14  Production is equally if not more readily available to Defendants.  Subject to
15  and without waiving the foregoing objections, Plaintiffs will produce all non-
16  privileged documents they are able to determine are responsive to this request.
17  **Request No. 35**
18      All Writings concerning the conception or creation of any element of the
19  Superman character or story.
20  **Response to Request No. 35**
21      Plaintiffs further object to this request on the grounds that it is vague,
22  ambiguous, overbroad, burdensome and oppressive.  Subject to and without
23  waiving the foregoing objections, Plaintiffs will produce all non-privileged
24  documents they are able to determine are responsive to this request.
25  **Request No. 36**
26      All Writings concerning any communication or agreement (a) between or
27  among Plaintiffs concerning any of the matters alleged in the First Complaint or
28  the Second Complaint, (b) between Plaintiffs, and on the one hand, and any

17

EXHIBIT 14

Page 292

 

1  other person or entity, on the other hand, concerning any of the matters alleged

2  in the First Complaint or the Second Complaint, or (c) between Plaintiffs and

3  Defendants.

4  **Response to Request No. 36**

5      Plaintiffs further object to this request on the grounds that it is vague,

6  ambiguous, overbroad, burdensome and oppressive. Subject to and without

7  waiving the foregoing objections, Plaintiffs will produce all non-privileged

8  documents they are able to determine are responsive to this request.

9  **Request No. 37**

10     All Writings concerning any of the following:

11     i.      Letter from Jerry Siegel to Stanley H. Livingston, President,

12  Consolidated Book Publishers, dated June 1, 1933.

13     ii.     Letter from Stanley H. Livingston, President, Consolidated Book

14  Publishers, to Jerry Siegel dated June 8, 1933.

15     iii.    Post card from Jerry Siegel to Stanley H. Livingston, President,

16  Consolidated Book Publishers, dated August 8, 1933.

17     iv.     Letter from Stanley H. Livingston, President, Consolidated Book

18  Publishers, to Jerry Siegel dated August 22, 1933.

19     v.      Letter from Lee O'Mealia to Jerry Siegel dated July 17, 1933.

20     vi.     Letter from Lee O'Mealia to Jerry Siegel dated September 11,

21  1933.

22     vii.    Letter from Lee O'Mealia to Jerry Siegel dated November 2,

23  1933.

24     viii.   Letter from Lee O'Mealia to Jerry Siegel dated August 31, 1934.

25     ix.     Letter from Russell Keaton to Jerry Siegel dated June 9, 1934.

26     x.      Script for Superman submitted by Jerry Siegel to Russell Keaton

27  on or about June 11, 1934.

28     xi.     Letter from Russell Keaton to Jerry Siegel dated June 14, 1934.

18

EXHIBIT 14

Page 293

1    xii.    Letter from Russell Keaton to Jerry Siegel dated June 22, 1934.

2    xiii.    Letter from Russell Keaton to Jerry Siegel dated July 6, 1934.

3    xiv.    Letter from Russell Keaton to Jerry Siegel dated July 11, 1934.

4    xv.    Letter from Russell Keaton to Jerry Siegel dated August 7, 1934.

5    xvi.    Letter from Russell Keaton to Jerry Siegel dated October 17,

6    1934.

7    xvii.    Letter from Russell Keaton to Jerry Siegel dated November 3,

8    1934.

9    xviii.    Rejection letters re Superman from the Bell Syndicate, Publishers

10    Syndicate of Chicago, Super Magazines, Dell Publishing Company, Swan-

11    McDonald Features, Esquire Features, McClure Newspaper Syndicate, United

12    Features Syndicate or The Ledger Syndicate.

13    xix.    Letter dated November 16, 1974 from the editor of Super

14    Magazines.

15    xx.    Letter dated October 29, 1937 from the editor of Super

16    Magazines.

17    xxi.    Letter from Joseph B Angelli of The Bell Syndicate to Jerry

18    Siegel dated February 21, 1935.

19    xxii.    Letter from Horace Epps of The Bell Syndicate to Jerry Siegel,

20    dated May 27, 1935.

21    xxiii.    Letter from Malcolm Wheeler-Nicholson to Jerry Siegel dated

22    June 6, 1935.

23    xxiv.    Letter from Malcolm Wheeler-Nicholson to Jerry Siegel dated

24    July 3, 1935.

25    xxv.    Letter from Malcolm Wheeler-Nicholson to Jerry Siegel dated

26    October 4, 1935.

27    xxvi.    Letter from Malcolm Wheeler-Nicholson to Jerry Siegel dated

28    March 13, 1936.

19

EXHIBIT 14

Page 294

Jul-21-08    07:00pm    From-      T-230  P.021/034  F-397

xxvii.    Letter from Malcolm Wheeler-Nicholson to Jerry Siegel dated March 20, 1936.

xxviii.  Letter from Malcolm Wheeler-Nicholson to Jerry Siegel dated March 16, 1937.

xxix.    Letter from Malcolm Wheeler-Nicholson to Jerry Siegel dated August 3, 1937.

xxx.    Letter from Malcolm Wheeler-Nicholson to Jerry Siegel dated December 1, 1937.

xxxi.    Letter from M.C. Gaines of the McClure Newspaper Syndicate to Jerry Siegel dated November 30, 1937.

xxxii.    Letter from M.C. Gaines of The McClure Newspaper Syndicate to Jerry Siegel dated February 9, 1938.

xxxiii.  Letter from The McClure Newspaper Syndicate to Jerry Siegel dated April 8, 1938.

xxxiv.  Letter from The McClure Newspaper Syndicate to Jerry Siegel dated April 13, 1938.

xxxv.    Letter from The McClure Newspaper Syndicate to Jerry Siegel dated April 21, 1938.

xxxvi.  Letter from Jerry Siegel to M.C. Gaines of The McClure Newspaper Syndicate dated December 1, 1937.

xxxvii. Letter M.C. Gaines of The McClure Newspaper Syndicate to Jerry Siegel dated June 13, 1938.

xxxviii. Letter from Jack Liebowitz of Detective Comics, Inc. to Jerry Siegel dated December 1, 1937.

xxxix.  Letter from Jerry Siegel to Jack Liebowitz of Detective Comics, Inc. dated December 6, 1937.

xl.    Letter from Jack Liebowitz of Detective Comics, Inc. to Jerry Siegel dated December 9, 1937.

20



xli.    Letter from Jack Liebowitz of Detective Comics, Inc. to Jerry Siegel dated January 5, 1938.

xlii.    Letter from Jack Liebowitz of Detective Comics, Inc. to Jerry Siegel dated March 1, 1938.

xliii.    Letter from Jack Liebowitz of Detective Comics, Inc. to Jerry Siegel dated June 9, 1938.

xliv.    Letter from Vin Sullivan of Detective Comics, Inc. to Jerry Siegel dated January 10, 1938.

xlv.    Letter from Vin Sullivan of Detective Comics, Inc. to Jerry Siegel dated January 12, 1938.

xlvi.    Letter from Vin Sullivan of Detective Comics, Inc. to Jerry Siegel dated January 31, 1938.

xlvii.    Letter from Vin Sullivan of Detective Comics, Inc. to Jerry Siegel dated February 1, 1938.

xlviii.    Letter from Vin Sullivan of Detective Comics, Inc. to Jerry Siegel dated February 4, 1938

xlix.    Letter from Vin Sullivan of Detective Comics, Inc. to Jerry Siegel dated February 9, 1938.

l.    Letter from Vin Sullivan of Detective Comics, Inc. to Jerry Siegel dated February 16, 1938.

li.    Letter from Vin Sullivan of Detective Comics, Inc. to Jerry Siegel dated February 22, 1938.

lii.    Letter from Vin Sullivan of Detective Comics, Inc. to Jerry Siegel dated March 14, 1938.

liii.    Letter from Howard Denby of Esquire Features, Inc. to Jerry Siegel dated September 9, 1936.

liv.    Letter from New Fun's Managing Editor to Jerry Siegel dated October 23, 1935.

21

EXHIBIT 14

Page 296

 

1    lv.  Letter from Swan-McDonald Features, Inc. to Jerry Siegel dated

2 February 27, 1936.

3    lvi.  Letter from William Laas of United Features Syndicate to Jerry

4 Siegel dated February 13, 1937.

5    lvii.  Letter from The Ledger Syndicate to Jerry Siegel dated March 2,

6 1937.

7    lviii.  Letter from Chas. F. Lounsbury of The Register and Tribune

8 Syndicate dated August 26, 1938.

9    lix.  Letter from Chas. F. Lounsbury of The Register and Tribune

10 Syndicate dated September 7, 1938.

11 **Response to Request No. 37**

12   Plaintiffs further object to this request on the grounds that it is vague,

13 ambiguous, overbroad, burdensome and oppressive. Plaintiffs further object to

14 this request on the grounds that the information sought by this Request for

15 Production is equally if not more readily available to Defendants.  Subject to

16 and without waiving the foregoing objections, Plaintiffs will produce all non-

17 privileged documents they are able to determine are responsive to this request.

18 **Request No. 38**

19   All Writings concerning the notices of termination under 17 U.S.C. § 304,

20 which Plaintiffs claim they served on or about April 3, 1997.

21 **Response to Request No. 38**

22   Plaintiffs further object to this request on the grounds that it is vague,

23 ambiguous, overbroad, burdensome and oppressive.  Plaintiffs further object to

24 this request on the grounds that it is duplicative of Defendants' above requests.

25 Subject to and without waiving the foregoing objections, Plaintiffs will produce

26 all non-privileged documents they are able to determine are responsive to this

27 request.

28

22

EXHIBIT 14

Page 297



**Request No. 39**

All Writings concerning or which Plaintiffs contend support their allegation that the notices of termination served by Plaintiffs on or about April 3, 1997 were drafted, served and filed in full compliance with 17, U.S.C. § 304(c) and 37 C.F.R. § 201.10 (2003).

**Response to Request No. 39**

Plaintiffs further object to this request on the grounds that it is vague, ambiguous, overbroad, burdensome and oppressive. Subject to and without waiving the foregoing objections, Plaintiffs will produce all non-privileged documents they are able to determine are responsive to this request.

**Request No. 40**

All Writings concerning the notice of termination under 17 U.S.C. § 304, which Plaintiffs claim they served on or about November 8, 2002.

**Response to Request No. 40**

Plaintiffs further object to this request on the grounds that it is vague, ambiguous, overbroad, burdensome and oppressive. Subject to and without waiving the foregoing objections, Plaintiffs will produce all non-privileged documents they are able to determine are responsive to this request.

**Request No. 41**

All Writings concerning or which Plaintiffs contend support their allegation that the notice of termination served by Plaintiffs on or about November 8, 2002 was drafted, served and filed in full compliance with 17 U.S.C. § 304(c) and 37 C.F.R. § 201.10 (2003).

**Response to Request No. 41**

Plaintiffs further object to this request on the grounds that it is vague, ambiguous, overbroad, burdensome and oppressive. Plaintiffs further object to this request on the grounds that it is duplicative of Defendants' above requests. Subject to and without waiving the foregoing objections, Plaintiffs will produce

23

EXHIBIT 14

Page 298



1   all non-privileged documents they are able to determine are responsive to this

2   request.

3   **Request No. 42**

4        All Writings concerning ownership or any claim of ownership by

5   Plaintiffs of any trademarks, trade dress, or related marks or rights in the

6   Superman Crest, as that term is defined in the First and Second Complaints.

7   **Response to Request No. 42**

8        Plaintiffs further object to this request on the grounds that it is vague,

9   ambiguous, overbroad, burdensome and oppressive.  Subject to and without

10  waiving the foregoing objections, Plaintiffs will produce all non-privileged

11  documents they are able to determine are responsive to this request.

12  **Request No. 43**

13       All Writings concerning or which Plaintiffs contend support any damage

14  or injury which they can claim has resulted from the waste alleged in Count

15  Five of the First Complaint.

16  **Response to Request No. 43**

17       Plaintiffs further object to this request on the grounds that it is vague,

18  ambiguous, overbroad, burdensome and oppressive.  Plaintiffs further object to

19  this Request for Production on the ground that it is premature.  Subject to and

20  without waiving the foregoing objections, Plaintiffs will produce all non-

21  privileged documents they are able to determine are responsive to this request.

22  **Request No. 44**

23       All Writings concerning or which Plaintiffs contend support the

24  allegation of "Defendants' under-utilization of the Recaptured copyrights" in

25  paragraph 79 of the First Complaint.

26  **Response to Request No. 44**

27       Plaintiffs further object to this request on the grounds that it is vague,

28  ambiguous, overbroad, burdensome and oppressive.  Subject to and without

24

EXHIBIT 14

Page 299

Jul-21-05    07:01pm    From-        T-239    P.026/034    F-397

1    waiving the foregoing objections, Plaintiffs will produce all non-privileged

2    documents they are able to determine are responsive to this request.

3    <u>Request No. 45</u>

4        All Writings concerning or which Plaintiffs contend support the

5    allegation of "Defendants' non 'arms length' contracts between wholly owned

6    subsidiaries and divisions" in paragraph 79 of the First Complaint.

7    <u>Response to Request No. 45</u>

8        Plaintiffs further object to this request on the grounds that it is vague,

9    ambiguous, overbroad, burdensome and oppressive. Plaintiffs further object to

10    this request on the grounds that the information sought by this Request for

11    Production is equally if not more readily available to Defendants. Subject to

12    and without waiving the foregoing objections, Plaintiffs will produce all non-

13    privileged documents they are able to determine are responsive to this request.

14    <u>Request No. 46</u>

15        All Writings concerning or which Plaintiffs contend support the

16    allegation of "Defendants' self-serving accounting practices" in paragraph 79 of

17    the First Complaint.

18    <u>Response to Request No. 46</u>

19        Plaintiffs further object to this request on the grounds that it is vague,

20    ambiguous, overbroad, burdensome and oppressive. Plaintiffs further object to

21    this request on the grounds that the information sought by this Request for

22    Production is equally if not more readily available to Defendants. Subject to

23    and without waiving the foregoing objections, Plaintiffs will produce all non-

24    privileged documents they are able to determine are responsive to this request.

25    <u>Request No. 47</u>

26        All Writings concerning or which Plaintiffs contend support the

27    allegation of "Defendants' improper allocation of revenues, costs and profits" in

28    paragraph 79 of the First Complaint.

25

Ex. F Page 93

EXHIBIT 12

Page 300



1   **Response to Request No. 47**

2        Plaintiffs further object to this request on the grounds that it is vague,

3   ambiguous, overbroad, burdensome and oppressive.  Plaintiffs further object to

4   this request on the grounds that the information sought by this Request for

5   Production is equally if not more readily available to Defendants.  Subject to

6   and without waiving the foregoing objections, Plaintiffs will produce all non-

7   privileged documents they are able to determine are responsive to this request.

8   **Request No. 48**

9        All Writings concerning or which Plaintiffs contend support the

10  allegation of "Defendants' relatively marginal exploitation" of the Superman

11  franchise in paragraph 79 of the First Complaint.

12  **Response to Request No. 48**

13       Plaintiffs further object to this request on the grounds that it is vague,

14  ambiguous, overbroad, burdensome and oppressive.  Plaintiffs further object to

15  this request on the grounds that the information sought by this Request for

16  Production is equally if not more readily available to Defendants.  Subject to

17  and without waiving the foregoing objections, Plaintiffs will produce all non-

18  privileged documents they are able to determine are responsive to this request.

19  **Request No. 49**

20       All Writings concerning or which Plaintiffs contend support the

21  allegation that "market opportunities for such a superhero franchise has been

22  and continues to be at an all time high" in paragraph 79 of the First Complaint.

23  **Response to Request No. 49**

24       Plaintiffs further object to this request on the grounds that it is vague,

25  ambiguous, overbroad, burdensome and oppressive.  Subject to and without

26  waiving the foregoing objections, Plaintiffs will produce all non-privileged

27  documents they are able to determine are responsive to this request.

28

26

Ex. F Page 94

EXHIBIT 12

Page 301

  

1  <u>Request No. 50</u>

2      All Writings concerning any attempts by Plaintiffs, Siegel, and/or Shuster

3  to sell, license, assign, transfer, market, or otherwise exploit any rights in

4  Superman.

5  <u>Response to Request No. 50</u>

6      Plaintiffs further object to this request on the grounds that it is vague,

7  ambiguous, overbroad, burdensome and oppressive.  Subject to and without

8  waiving the foregoing objections, Plaintiffs will produce all non-privileged

9  documents they are able to determine are responsive to this request.

10 <u>Request No. 51</u>

11     All Writings concerning any payments or other consideration received by

12 Plaintiffs from any Defendants in connection with Superman.

13 <u>Response to Request No. 51</u>

14     Plaintiffs further object to this request on the grounds that it is vague,

15 ambiguous, overbroad, burdensome and oppressive. Plaintiffs further object to

16 this request on the grounds that the information sought by this Request for

17 Production is equally if not more readily available to Defendants.  Subject to

18 and without waiving the foregoing objections, Plaintiffs will produce all non-

19 privileged documents they are able to determine are responsive to this request.

20 <u>Request No. 52</u>

21     All Writings concerning the settlement discussions between Plaintiffs and

22 Defendants that took place from approximately April 17, 1997 through

23 September 30, 2002.

24 <u>Response to Request No. 52</u>

25     Plaintiffs further object to this request on the grounds that it is vague,

26 ambiguous, overbroad, burdensome and oppressive. Plaintiffs further object to

27 this Request for Production on the ground that it violates Rule 408 of the

28 Federal Rules of Evidence. Subject to and without waiving the foregoing

27

Jul-21-08   07:02pm   From-            T-238   P.029/034   F-397

1  objections, Plaintiffs will produce all non-privileged documents they are able to
2  determine are responsive to this request.
3  __Request No. 53__
4        All Writings concerning the October 19, 2001 letter from Plaintiffs' then
5  counsel to John Schulman.
6  __Response to Request No. 53__
7        Plaintiffs further object to this request on the grounds that it is vague,
8  ambiguous, overbroad, burdensome and oppressive.  Plaintiffs further object to
9  this Request for Production on the ground that it violates Rule 408 of the
10  Federal Rules of Evidence.  Subject to and without waiving the foregoing
11  objections, Plaintiffs will produce all non-privileged documents they are able to
12  determine are responsive to this request.
13  __Request No. 54__
14        All Writings concerning the October 26, 2001 letter from John Schulman
15  to Plaintiffs' then counsel.
16  __Response to Request No. 54__
17        Plaintiffs further object to this request on the grounds that it is vague,
18  ambiguous, overbroad, burdensome and oppressive.  Plaintiffs further object to
19  this Request for Production to the extent that it violates Rule 408 of the Federal
20  Rules of Evidence. Subject to and without waiving the foregoing objections,
21  Plaintiffs will produce all non-privileged documents they are able to determine
22  are responsive to this request.
23  __Request No. 55__
24        All Writings concerning the draft agreement transmitted to Plaintiffs on
25  or about February 1, 2002.
26  __Response to Request No. 55__
27        Plaintiffs further object to this request on the grounds that it is vague,
28  ambiguous, overbroad, burdensome and oppressive.  Plaintiffs further object to

28

EXHIBIT 14

Page 303

Jul-21-05   07:03pm   From-      T-238   P.030/034   F-397

1  this Request for Production to the extent that it violates Rule 408 of the Federal

2  Rules of Evidence. Subject to and without waiving the foregoing objections,

3  Plaintiffs will produce all non-privileged documents they are able to determine

4  are responsive to this request.

5  **Request No. 56**

6      All Writings concerning the May 9, 2002 letter from Joanne Siegel to

7  Richard Parsons.

8  **Response to Request No. 56**

9      Plaintiffs further object to this request on the grounds that it is vague,

10  ambiguous, overbroad, burdensome and oppressive. Plaintiffs further object to

11  this Request for Production to the extent that it violates Rule 408 of the Federal

12  Rules of Evidence. Subject to and without waiving the foregoing objections,

13  Plaintiffs will produce all non-privileged documents they are able to determine

14  are responsive to this request.

15  **Request No. 57**

16      All Writings concerning the September 21, 2002 letter from Plaintiffs to

17  Paul Levitz.

18  **Response to Request No. 57**

19      Plaintiffs further object to this request on the grounds that it is vague,

20  ambiguous, overbroad, burdensome and oppressive. Subject to and without

21  waiving the foregoing objections, Plaintiffs will produce all non-privileged

22  documents they are able to determine are responsive to this request.

23  **Request No. 58**

24      All Writings concerning any communications between Plaintiffs and any

25  attorney, partner, employee, agent, or representative of the law firm Gang Tyre

26  Ramer & Brown after September 21, 2002.

27  **Response to Request No. 58**

28      Plaintiffs further object to this request on the grounds that it is vague,

29

 
1  ambiguous, overbroad, burdensome and oppressive.  Subject to and without

2  waiving the foregoing objections, Plaintiffs submit that any and all such

3  documents are private, proprietary and privileged, and Plaintiffs will not

4  produce any such documents.

5  **Request No. 59**

6          All Writings concerning any disposition of any rights relating to

7  Superman, including but not limited to any solicitation, offer, option, agreement

8  or license.

9  **Response to Request No. 59**

10         Plaintiffs further object to this request on the grounds that it is vague,

11 ambiguous, overbroad, burdensome and oppressive.  Plaintiffs further object to

12 this request on the grounds that it is duplicative of the above requests.  Subject

13 to and without waiving the foregoing objections, Plaintiffs will produce all non-

14 privileged documents they are able to determine are responsive to this request.

15 **Request No. 60**

16         All Writings concerning the division of any revenues relating to

17 Superman among Plaintiffs and between Plaintiffs and any other person or

18 entity.

19 **Response to Request No. 60**

20         Plaintiffs further object to this request on the grounds that it is vague,

21 ambiguous, overbroad, burdensome and oppressive.  Subject to and without

22 waiving the foregoing objections, Plaintiffs will produce all non-privileged

23 documents they are able to determine are responsive to this request.

24 **Request No. 61**

25         All Writings concerning any communication or agreement between

26 Michael Siegel and Plaintiffs related to Superman.

27 **Response to Request No. 61**

28         Plaintiffs further object to this request on the grounds that it is vague,

30

EXHIBIT 14

Page 305



1  ambiguous, overbroad, burdensome and oppressive.  Subject to and without

2  waiving the foregoing objections, Plaintiffs will produce all non-privileged

3  documents they are able to determine are responsive to this request.

4  **Request No. 62**

5      All Writings concerning any communication or agreement between

6  Dennis Larson and Plaintiffs related to Superman.

7  **Response to Request No. 62**

8      Plaintiffs further object to this request on the grounds that it is vague,

9  ambiguous, overbroad, burdensome and oppressive.  Subject to and without

10  waiving the foregoing objections, Plaintiffs respond as follows: any and all such

11  documents are private, proprietary and privileged, and Plaintiffs will not

12  produce any such documents.

13  **Request No. 63**

14      All Writings concerning the Shuster Representatives, including but not

15  limited to any communication or agreements between Plaintiffs and any of the

16  Shuster Representatives.

17  **Response to Request No. 63**

18      Plaintiffs further object to this request on the grounds that it is vague,

19  ambiguous, overbroad, burdensome and oppressive.  Subject to and without

20  waiving the foregoing objections, Plaintiffs will produce all non-privileged

21  documents concerning any communication or agreement between Plaintiffs and

22  any of the Shuster Representatives relating to "Superman" or "Superboy" that

23  they determine are responsive to this request.

24  **Request No. 64**

25      All Writings concerning Marc Toberoff or his law firm which were

26  created or which refer to the period prior to his being retained as counsel for

27  Plaintiffs in these related actions.

28

31

Ex. F Page 99

EXHIBIT 14

Page 306

 

1    <u>__Response to Request No. 64__</u>

2        Plaintiffs further object to this request on the grounds that it is vague,

3    ambiguous, overbroad, burdensome and oppressive.  Subject to and without

4    waiving the foregoing objections, Plaintiffs respond as follows: any and all such

5    documents are private, proprietary and privileged, and Plaintiffs will not

6    produce any such documents.

7

8    Dated: July 21, 2005            LAW OFFICES OF MARC TOBEROFF

9

10                          By: _____
                                Marc Toberoff

11

12                    Attorneys for Plaintiffs and Counterclaim
                 Defendants Joanne Siegel and Laura Siegel
                 Larson

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

32

EXHIBIT 14

Page 307

1

2

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

4
   I am employed in the County of Los Angeles, State of California. I am over the age of
eighteen years and not a party to the within action; my business address is: 1999 Avenue of
the Stars, Suite 1540, Los Angeles, California 90067.

5

6

7

8
   On July 21, 2005, I served the attached documents described as PLAINTIFFS
JOANNE SIEGEL AND LAURA SIEGEL LARSON'S RESPONSE TO
DEFENDANTS'/ COUNTERCLAIMANT'S FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS on all interested parties in this action by
placing __the original _X_ a true copy thereof enclosed in sealed envelope(s) addressed as
follows:

9

10

11

12
Roger L. Zissu
Patrick T. Perkins
FROSS ZELNICK LEHRMAN & ZISSU, P.C.
866 United Nations Plaza
New York, New York 10017
Facsimile: (212) 813-5901

13

14

15
Michael Bergman
David L. Burg
WEISSMANN WOLF BERGMAN COLEMAN GRODIN & EVALL LLP
9665 Wilshire Boulevard, Ninth Floor
Beverly Hills, CA 90212
Facsimile: (310) 550-7191

16

17
   [X]   :BY FACSIMILE:

18
   As follows: I caused the transmission of the above named document to the fax number
set forth above, or on the attached service list.

19
   [X]   :BY MAIL:

20

21

22
   As follows: I am "readily familiar" with the firm's practice of collection and processing
correspondence for mailing. Under that practice it would be deposited with the U.S. postal
service on that same day with postage thereon fully prepaid at Los Angeles California in the
ordinary course of business. I am aware that on motion of the party served, service is presumed
invalid if postal cancellation date or postage meter date is more than one day after date of
deposit for mailing an affidavit.

23

24
   I declare that I am employed in the office of a member of the bar of this court at whose
direction the service was made.

25
   I declare under penalty of perjury that the foregoing is true and correct.

26
   EXECUTED on July 21, 2005, in Los Angeles, California.

27

28
Nicholas C. Williamson

EXHIBIT 14

Page 308