DANIEL M. PETROCELLI (S.B. # 097802)
　dpetrocelli@omm.com
MATTHEW T. KLINE (S.B. # 211640)
　mkline@omm.com
CASSANDRA L. SETO (S.B. # 246608)
　cseto@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067-6035
Telephone: (310) 553-6700
Facsimile: (310) 246-6779
*Attorneys for Plaintiff DC Comics*

(Additional counsel listed on the next page)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DC COMICS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>PACIFIC PICTURES CORPORATION, IP WORLDWIDE, LLC, IPW, LLC, MARC TOBEROFF, an individual, MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER, JOANNE SIEGEL, an individual, LAURA SIEGEL LARSON, an individual, and DOES 1-10, inclusive,<br><br>　　　　Defendants. | Case No. CV 10-3633 ODW (RZx)<br><br>**DISCOVERY MATTER**<br><br>**DECLARATION OF DANIEL M. PETROCELLI IN SUPPORT OF DC COMICS' MOTION TO INITIATE DISCOVERY AND TAKE IMMEDIATE, LIMITED DISCOVERY OF TWO ELDERLY WITNESSES**<br><br>**Judge**: Hon. Otis D. Wright<br>**Magistrate**: Hon. Ralph Zarefsky<br><br>**Hearing Date**: September 20, 2010<br>**Time**: 10:00 A.M.<br>**Complaint Filed**: May 14, 2010 |

1  (List of counsel continued)

2  PATRICK T. PERKINS (admitted *pro hac vice*)
3    pperkins@ptplaw.com
  PERKINS LAW OFFICE, P.C.
4  1711 Route 9D
  Cold Spring, NY 10516
5  Telephone:  (845) 265-2820
  Facsimile:   (845) 265-2819
6    *Attorney for Plaintiff DC Comics*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF DANIEL M. PETROCELLI

I, DANIEL M. PETROCELLI, do hereby declare:

1. I am an attorney at law, licensed to practice before all courts in the State of California. I am a member of O'Melveny & Myers LLP, lead counsel of record in the above-captioned action for plaintiff DC Comics. I make this declaration in support of DC Comics' Motion to Initiate Discovery and Take Immediate, Limited Discovery of Two Elderly Witnesses. I have personal knowledge of the facts set forth below and, if called as a witness, could and would testify competently thereto.

2. Attached hereto as Exhibit A is a true and correct copy of the October 18, 2005 First Amended Supplemental Complaint in the related action, *Siegel v. Timer Warner Inc., et al.*, United States District Court, Central District of California, Case No. CV-04-08776 ODW.

3. Attached hereto as Exhibit B is a true and correct copy of the October 8, 2008 Second Amended Complaint in the related action, *Siegel v. Time Warner Inc., et al.*, United States District Court, Central District of California, Case No. CV-04-8400 ODW.

4. Attached hereto as Exhibit C is a true and correct copy of the May 14, 2010 Complaint in this action, *DC Comics v. Pacific Pictures Corp., et al.*, United States District Court, Central District of California, Case No. CV 10-3633 ODW.

5. DC Comics served Mr. Toberoff with a copy of the complaint in this action on May 14, 2010. Attached hereto as Exhibit D is a true and correct copy of my May 14, 2010 letter to Mr. Toberoff.

6. On May 20, 2010, not having heard from Mr. Toberoff about whether he would waive service of process on behalf of himself and his three companies (Pacific Pictures Corporation, IP Worldwide, LLC, and IPW, LLC), I sent a follow-up letter. Attached hereto as Exhibit E is a true and correct copy of my May 20, 2010 letter to Mr. Toberoff.

7. DC Comics attached the Toberoff Timeline as Exhibit A to the complaint in this action. Marc Toberoff, counsel for all defendants at the time, did not request that DC Comics remove the Timeline from the filing, nor did defendants seek any relief from the Court to have the document stricken from the public record.

8. Attached hereto as Exhibit F is a true and correct copy of Mr. Toberoff's May 14, 2010 Press Release.

9. Attached hereto as Exhibit G is a true and correct copy of The AmLaw Daily article titled "At Heart of Superman Suit, a Disappearing Lawyer with a Grudge."

10. On June 2, 2010, I had an initial telephone conference with Mr. Toberoff to discuss various procedural and scheduling matters related to the case. During that initial conference, I expressed DC Comics' desire to schedule the initial discovery conference required by Federal Rule of Civil Procedure 26(f). In addition, Mr. Toberoff advised me that he was representing the defendants, including himself "for now."

11. I confirmed our conversation with an email reaffirming DC Comics' request to schedule the initial discovery conference required by Rule 26(f). That same day, Mr. Toberoff sent me an email stating that he would get back to me regarding the initial Rule 26(f) conference. Attached hereto as Exhibit H is a true and correct copy of the June 2, 2010 e-mail chain between me and Mr. Toberoff.

12. On June 7, not having heard from Mr. Toberoff regarding the Rule 26(f) conference, I sent him a letter reminding him that Rule 26(f)(1) requires that counsel for the parties "confer as soon as practicable." Moreover, I pointed out that the Court's standard Scheduling Conference Order instructs parties to "begin to conduct discovery actively before the Scheduling Conference." I then proposed times on three separate days when the parties could meet and asked Mr. Toberoff to

- 2 -

PETROCELLI DECL. ISO MOT. TO INITIATE DISCOVERY AND TAKE DISCOVERY OF TWO ELDERLY WITNESSES

let me know his availability. Attached hereto as Exhibit I is a true and correct copy of my June 7, 2010 letter to Mr. Toberoff.

13. Mr. Toberoff wrote back to me that same day and stated that DC Comics' "hurried demand for a Rule 26(f) conference to be held this week is neither reasonable nor practicable." Mr. Toberoff declined to participate in a Rule 26(f) conference claiming that "Rule 26(f) requires such conferences to be held no later than twenty-one days before the Rule 16(b) conference, and the Rule 16(b) conference has yet to be scheduled by the Court." Mr. Toberoff stated that "once the Court sets the date of the Rule 16(b) conference, defendants' counsel will reasonably participate in the Rule 16(f) conference as required." Mr. Toberoff expressed his view that any Rule 16(b) conference was "several months away." In addition, and for the first time, Mr. Toberoff informed me that he was seeking counsel to represent him in this case and that "[i]t would inadvisable and impracticable to hold any Rule 26(f) conference in my counsel's absence." Attached hereto as Exhibit J is a true and correct copy of Mr. Toberoff's June 7, 2010 letter to me.

14. In response, I sent a letter to Mr. Toberoff on June 9 stating that in light of his intention to retain counsel, we would accommodate his request for additional time to conduct the Rule 26(f) conference. However, I expressed DC Comics' disagreement that the Rule 26(f) conference had to await issuance of the Court's order scheduling the Rule 16(b) conference. I requested that Mr. Toberoff's counsel contact me within two weeks to discuss scheduling discovery. Attached hereto as Exhibit K is a true and correct copy of my June 9, 2010 letter to Mr. Toberoff.

15. Mr. Toberoff responded to my June 9 letter with unwarranted assertions about our conversation, but said nothing about when I might hear back to schedule the Rule 26(f) conference. Attached hereto as Exhibit L is a true and correct copy of Mr. Toberoff's June 10, 2010 letter to me. That same day, I wrote

- 3 -

PETROCELLI DECL. ISO MOT. TO INITIATE DISCOVERY AND TAKE DISCOVERY OF TWO ELDERLY WITNESSES

1  to Mr. Toberoff responding to his assertions. Attached hereto as Exhibit M is a true
2  and correct copy of my June 10, 2010 letter to Mr. Toberoff.

3        16.    On June 22, 2010, I received an email from Richard Kendall, advising
4  me that his firm, Kendall Brill & Klieger, had been engaged to represent defendants
5  Pacific Pictures Corporation, IP Worldwide, LLC, and Mr. Toberoff. Attached
6  hereto as Exhibit N is a true and correct copy of Mr. Kendall's June 22, 2010 email
7  to me.

8        17.    Mr. Kendall followed up his email with a phone call in which we
9  generally discussed several matters, including Mr. Kendall's request for a 30-day
10 extension of time for all defendants to respond to the complaint and my request for
11 initiate discovery proceedings. Mr. Kendall said he had to get up to speed on the
12 case, but thought it unlikely defendants would agree to immediately commence any
13 discovery. I told him that Judge Wright's standing order contemplates that the
14 parties begin discovery without delay.

15       18.    In ensuing conversations between Mr. Kendall and myself from June
16 22 and June 29, I conveyed DC Comics' agreement to a 30-day extension and
17 continued to request scheduling a Rule 26(f) conference to discuss a discovery plan,
18 including the depositions of Joanne Siegel and Jean Peavy, two key witnesses of
19 advanced age. Mr. Kendall reiterated defendants would likely object to the
20 commencement of discovery since they intended to file motions to dismiss and
21 believed it would be inefficient to conduct discovery pending resolution of the
22 motions. I told Mr. Kendall we disagreed with defendants' position and stated that
23 discovery should start forthwith, especially in light of the advanced ages of Ms.
24 Siegel and Ms. Peavy. Mr. Kendall also indicated that defendants would likely
25 object to examination of witnesses deposed in the Siegel Cases, including Ms.
26 Siegel and Ms. Peavy. I again told Mr. Kendall that I disagreed that depositions in
27 the Siegel Cases provided any basis to foreclose or limit depositions in this case.
28

19. On June 29, 2010, I wrote to Mr. Toberoff and Mr. Kendall and offered to meet for the Rule 26(f) conference that week or early the following week so that we could discuss an initial discovery plan. I stated if defendants intended to oppose all discovery as previously suggested, they be prepared to meet and confer regarding a motion for relief by DC Comics. Attached hereto as Exhibit O is a true and correct copy of my June 29, 2010 letter to Mr. Toberoff and Mr. Kendall.

20. On or about June 30, 2010, the parties filed a stipulation with the Court providing defendants' with a 30-day extension of time to respond to the complaint, from July 13 to August 13, 2010. Attached hereto as Exhibit P is a true and correct copy of the June 30, 2010 Joint Stipulation Extending Time To Respond To Initial Complaint.

21. On June 30, Mr. Kendall responded to my June 29 letter and said Mr. Toberoff and he were available to meet the following week to discuss discovery, but stated the meeting "would not be a formal Rule 26(f) conference, because a formal Rule 26(f) conference would not be practicable until our firm has sufficient time to study the very extensive record of the parties' prior discovery." Mr. Kendall characterized such a discussion as an "informal meeting in advance of the formal Rule 26(f) procedure." Attached hereto as Exhibit Q is a true and correct copy of a June 29-July 1 email chain between myself and Mr. Kendall.

22. I responded that same day to both Mr. Kendall and Mr. Toberoff that I disagreed with their positions, but was available to meet the following week as requested, as well as the week thereafter. Counsel agreed to meet on July 13, 2010, in person at Mr. Kendall's office. *Id.*

23. On July 13, 2010, my partner Matthew Kline and I went to Mr. Kendall's office and met with Mr. Toberoff and Mr. Kendall, together with other members of their firms. We discussed various issues, including motions to dismiss defendants intended to file and DC Comics' intention to commence discovery, including the depositions of Ms. Siegel and Ms. Peavy. Counsel for defendants

reiterated their objection to the initiation of discovery, including on the ground that they intended to challenge our use of the Toberoff Timeline. This was the first time that issue had been raised to us and asserted as a ground to delay the commencement of discovery.

24. On July 16, Mr. Kendall followed up our discussion on July 13 with a letter requesting a meet and confer "regarding the permissible scope of discovery in this matter." Mr. Kendall asserted that defendants would object to the depositions of Ms. Peavy, Ms. Siegel, and Mr. Peary on the grounds that they would be seeking a protective order to bar any use of the Toberoff Timeline, since it is a "matter of ongoing dispute in the *Siegel* litigation." Attached hereto as Exhibit R is a true and correct copy of Mr. Kendall's July 16, 2010 letter to me.

25. Between July 16 and July 27, the parties exchanged numerous emails in an attempt to schedule a meet and confer conference amenable to everyone's schedule. Counsel eventually agreed to meet and confer on July 27. Attached hereto as Exhibit S is a true and copy of a July 16-July 27, 2010 email chain between Matthew Kline, Mr. Kendall, Laura Brill, and myself.

26. On July 27, 2010, Mr. Kendall, other counsel, and I met and conferred by telephone regarding defendants' motion for a protective order. In that conference I described DC Comics' repeated attempts to schedule a Rule 26(f) conference so that discovery could commence, particularly the depositions of Ms. Peavy and Ms. Siegel. I offered to have the Rule 26(f) conference then and there on the call, but Mr. Kendall refused and reiterated defendants' objections. I offered a number of immediate alternative dates for the Rule 26(f) conference, but the earliest date to which Mr. Kendall would agree was August 16. Mr. Kendall insisted that defendants would file their motion for a protective order regarding the Toberoff Timeline before the Rule 26(f) conference. I explained that if defendants insisted on taking that position, DC Comics would be forced to file a motion to commence discovery. I suggested that both sides hold off with motions until all the

issues could be ventilated in our Rule 26(f) conference. If differences remained, I explained, it would be far more appropriate and efficient to present to the Court at one time both defendants' motion for a protective order and DC Comics' motion to commence discovery. Mr. Kendall disagreed. He also insisted that DC Comics first had to specify the discovery it sought before defendants could finalize their position.

27. The next day, I wrote Mr. Kendall and Mr. Toberoff and included the Notices of Deposition and Requests for Production of Documents DC Comics directed to Ms. Peavy and Ms. Siegel. I expressed our disagreement with defendants' approach in delaying the Rule 26(f) conference until after they filed a protective order motion related to discovery we had been requesting for nearly two months. Attached hereto as Exhibit T is a true and copy of my July 28, 2010 letter to Mr. Kendall and Mr. Toberoff.

28. On July 30, Mr. Kendall responded and, again, would not agree to a Rule 26(f) conference earlier than August 16, saying there was no good reason to conduct the conference prior to filing defendants' motion for a protective order. Despite our having served the specific discovery we sought in response to his request, Mr. Kendall did not address our discovery in his letter. Attached hereto as Exhibit U is a true and correct of Mr. Kendall's July 30, 2010 letter to me.

29. I wrote back to Mr. Kendall the next day, expressing again our disagreement with defendants' decision to proceed with the motion for protective order before a Rule 26(f) conference. I again suggested that both sides' motions proceed after the Rule 26(f) conference so that they could be evaluated by both parties and the Court in the overall framework and context of a case management schedule. Since, as I explained, I was scheduled to be out of town on August 16, I proposed to have the Rule 26(f) conference on August 19 or 20, at which time both sides could discuss joint presentation of respective motions to the Court. Finally, I noted to Mr. Kendall that he had not addressed the Notices of Deposition of Ms.

1  Peavy and Ms. Siegel that we provided at his request. Attached hereto as Exhibit V
2  is a true and correct copy of the July 30-August 5, 2010 e-mail chain between me
3  and Mr. Kendall.
4      30.   Mr. Kendall wrote to me on August 3 and objected to DC Comics'
5  proposed discovery on the ground that it appeared to seek information related to the
6  Toberoff Timeline, which was the subject of defendants' upcoming motion for
7  protective order. In addition, Mr. Kendall contended that the proposed discovery
8  involved matters that would be the subject of a discovery stay triggered by
9  defendants' anti-SLAPP motion, as well as matters previously covered in the
10  depositions of Ms. Peavy and Ms. Siegel in the Siegel Cases. Finally, Mr. Kendall
11  said Mr. Toberoff was unavailable beginning on August 18 through the following
12  week and reiterated their availability on August 16 as well as August 17. *Id.*
13      31.   I wrote back the following day and again suggested that defendants'
14  objections to the proposed depositions of Ms. Peavy and Ms. Siegel should be
15  heard at all once, not seriatim. I also pointed out that Mr. Toberoff had requested
16  that we meet and confer on August 5 or August 6 on a matter in the Siegel Cases,
17  and that I had agreed to his request, I asked if we could likewise conduct the Rule
18  26(f) conference in this case on either of those days. I also indicated I was
19  available to conduct the Rule 26(f) conference on August 16, as Mr. Kendall had
20  requested, but only by telephone from New York. *Id.*
21      32.   The next day, Mr. Kendall wrote back and said defendants were
22  prepared to go forward with the conference on August 16, but said nothing about
23  my request to do it on August 5 or August 6. He reiterated his intention to proceed
24  with defendants' motion for protective order prior to the conference. That same
25  day, I wrote back to Mr. Kendall and pointed out he had not responded to my
26  request to hold the Rule 26(f) conference on August 5 or August 6, prior to filing
27  any motions. I again reminded him that Mr. Toberoff was available on those days
28  and asked Mr. Kendall to confirm his availability. Mr. Kendall quickly emailed me

1 | back stating he was out of town on August 5 and consumed with other matters on
2 | August 6. I promptly replied and registered my continuing objection to defendants'
3 | refusal to timely participate in the Rule 26(f) conference until after filing of their
4 | preemptive motion. *Id.*

5 |     33. I continued to exchange correspondence with Mr. Kendall over the
6 | next several days. On August 5, solely because defendants would not agree to any
7 | earlier date, I agreed to do the Rule 26(f) conference August 16. I told Mr. Kendall
8 | that I assumed he would not file any motions beforehand. Mr. Kendall did not
9 | respond to my last email. *Id.*

10 |     34. On August 9, 2010, defendants' served us their potion of a Notice of
11 | Motion and Joint Stipulation Concerning Defendants' Motion for a Protective
12 | Order. Attached hereto as Exhibit W is a true and correct copy of the August 9,
13 | 2010 letter from Nicholas F. Daum, an associate in Mr. Kendall's office, to me.

### I. **MISCELLANEOUS**

35. Attached hereto as Exhibit X is a true and correct copy of the transcript of the November 11, 2006 Deposition of Ms. Peavy in the related *Siegel* Cases (Case Nos. CV-04-8400 ODW, CV-04-8776 ODW).

36. Attached hereto as Exhibit Y is a true and correct copy of the standard Scheduling Conference Order of the Honorable Otis D. Wright.

I declare under penalty of perjury that the foregoing is true and correct. Executed at Los Angeles, California, on this 13 day of August 2010.

                                                        Daniel M. Petrocelli