# EXHIBIT R

**K** Kendall Brill Klieger

writer's direct:
310.272.7900 telephone
310.272.7936 facsimile
rkendall@kbkfirm.com

July 16, 2010

**VIA EMAIL**

Daniel Petrocelli
O'Melveny & Myers LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067-6035
dpetrocelli@omm.com

    Re:    DC Comics v. Pacific Pictures Corp., et al., Central District of California, Case No. 10-CV-03633 ODW

Dear Dan:

Pursuant to Local Rule 37-1, I am writing to request that we meet and confer regarding an issue that we discussed during our meeting on July 13, 2010 regarding the permissible scope of discovery in this matter.

In that meeting, you informed us that Plaintiff DC Comics ("DC") intends to notice the depositions of Joanne Siegel, Jean Peavy, and Mark Warren Peary, and that during the depositions of those individuals, DC intends to ask questions related to the so-called "Toberoff Timeline," which is attached as Exhibit A to DC's Complaint in this action. As we explained in the meeting, the disclosure of that document to DC is a matter of ongoing dispute in the *Siegel* litigation, which your firm is also handling, and orders relating to such disclosure will be the subject of appeal in that case. It is appropriate for a protective order to enter in this case in order for such appellate review to be effective, and to prevent irreversible prejudice in the meantime.

The protective order defendants will seek will bar any use of the Toberoff Timeline in this litigation or at a minimum bar such use until after the Ninth Circuit has ruled on these issues.

Defendants' position is founded on the substantial possibility that the disclosure orders will be reversed. For example, Magistrate Judge Zarefsky did not address the Toberoff Timeline in his ruling, and therefore the law of the case doctrine could not require its disclosure. *See, e.g., Hegler v. Borg*, 50 F.3d 1472, 1475 (9th Cir. 1995). *See also United States v. Smith*, 389 F.3d 944, 948-950 (9th Cir. 2004).

In light of the very serious ethical breaches surrounding the original unauthorized creation and disclosure of the Toberoff Timeline, we expect the Ninth Circuit to take these issues seriously. *See, e.g., Resolution Trust Corp. v. Dean*, 813 F. Supp. 1426, 1430 (D. Ariz. 1993) (protecting stolen documents from disclosure)); *In re Grand Jury Proceedings Involving Berkley & Co., Inc.*, 466 F. Supp. 863, 869 (D. Minn. 1979) (same).

July 16, 2010
Page 2

Accordingly, a protective order is appropriate in this case to ensure that the right of appellate review is not rendered meaningless. *See Mohawk Industries, Inc. v. Carpenter*, 130 S.Ct. 599, 608 (2009) (holding that there is no immediate right of appeal under the collateral order doctrine for disclosure orders adverse to the attorney-client privilege, since "[p]ostjudgment appeals, together with other review mechanisms, suffice to protect the rights of litigants," noting that "protective orders are available to limit the spillover effects of disclosing sensitive information").

We are available to meet and confer any afternoon the week of July 19 to address these issues and to determine whether DC is willing to agree to limit the scope of discovery so that a motion for a protective order can be avoided.

Very truly yours,

Laura W. Brill

54811.2

Ex R - 162