# EXHIBIT T

O

## O'MELVENY & MYERS LLP

BEIJING

BRUSSELS

HONG KONG

LONDON

LOS ANGELES

NEWPORT BEACH

NEW YORK

1999 Avenue of the Stars, 7th Floor
Los Angeles, California 90067-6035

TELEPHONE (310) 553-6700
FACSIMILE (310) 246-6779
www.omm.com

SAN FRANCISCO

SHANGHAI

SILICON VALLEY

SINGAPORE

TOKYO

WASHINGTON, D.C.

July 28, 2010

OUR FILE NUMBER
905,900-321

### VIA E-MAIL AND U.S. MAIL

WRITER'S DIRECT DIAL
(310) 246-6850

Richard Kendall
Kendall Brill & Klieger LLP
10100 Santa Monica Boulevard, Suite 1725
Los Angeles, California 90067

WRITER'S E-MAIL ADDRESS
dpetrocelli@omm.com

Marc Toberoff
Toberoff & Associates, P.C.
2049 Century Park East, Suite 2720
Los Angeles, California 90067

Re:    *DC Comics v. Pacific Pictures Corp. et al.*, **CV-10-3633 (ODW) (RZx)**

Dear Dick and Marc:

I write to follow up on our telephone conversation yesterday with Dick in which Marc did not participate.

As I explained, we do not believe it is appropriate for defendants to file a discovery-related motion in advance of the initial discovery conference required by Federal Rule of Civil Procedure 26(f). Your threatened motion for a protective order regarding use of the Toberoff Timeline is plainly a discovery motion that defendants do not have the right to file without complying with Rule 26(f), which requires the parties to confer on all discovery matters prior to the commencement of discovery proceedings. Rule 26(f) provides that "the parties must confer *as soon as practicable*" on all discovery matters. FED. R. CIV. P. 26(f)(1) (emphasis added). Judge Wright's standard Scheduling Conference Order expressly refers to Rule 26(f) and instructs the parties to "begin to conduct discovery actively before the Scheduling Conference." Standard Scheduling Conference Order at 2 n.1.[1] We first requested a Rule 26(f) conference in my initial telephone conversation with Marc on June 2. Marc said he wanted more time to consider retention of counsel. I obliged. Since then, I have persistently repeated that request,

---

[1] As I noted in my June 7 letter, Judge Wright's standard Scheduling Conference Order is available on the Court's website: http://www.cacd.uscourts.gov/CACD/JudgeReq.nsf/ 2fb080863c88ab47882567c9007fa070/caed4425584c8428882572bf0062cd93?OpenDocument.

O'MELVENY & MYERS LLP
July 28, 2010 - Page 2

including in my two e-mails to Marc on June 2; in my June 7, June 9, and June 29 letters; during our July 13 meet and confer; and in yesterday's call.

To date, you have refused to schedule the Rule 26(f) conference. As I reiterated in our telephone conversation yesterday, your insistence on filing a motion for a protective order separate from and without conducting the Rule 26(f) conference is an inappropriate preemptive tactic. Any such motion should be filed—if at all—as part of and in coordination with the discovery plan and other case management issues to be addressed in the Rule 26(f) conference that we have been requesting for well over a month. As I have advised you in our prior communications, we wish to commence discovery by promptly obtaining certain documents and taking the depositions of Ms. Siegel and Ms. Peavy in light of their advanced age. As you know, Ms. Siegel is 92 and Ms. Peavy is 89. You have asserted various arguments why you might oppose this discovery, including your view that we should be precluded from using the Toberoff Timeline in discovery. The rules require our joint cooperation and efforts in framing and presenting these discovery disputes, and no good reason exists to separate these issues in the manner you have suggested. This letter represents our final request for a Rule 26(f) conference, which we are prepared to conduct immediately. Assuming disputes still remain after our conference, we are likewise prepared to promptly file our motion, together with any you wish to file. This is plainly the correct and efficient way to proceed. If you do not agree to promptly participate in such a Rule 26(f) conference or to otherwise coordinate with us in filing joint motions, then we will seek appropriate relief from the Court, including an order deferring consideration of your threatened motion pending your participation in the Rule 26(f) conference and authorizing the commencement of our discovery notwithstanding your participation in the Rule 26(f) conference.

In our discussion yesterday, you insisted that we confirm in writing the discovery we wish to commence so that you can formulate a final position. Though unnecessary in light of our prior discussions, as promised yesterday and in the interest of moving things forward, we have enclosed the Notices of Deposition and Requests for Production of Documents we intend to serve on Ms. Siegel and Ms. Peavy. We can discuss your final position in our Rule 26 conference, which as I've said, we're prepared to do right away.

Many thanks.

Very truly yours,

Daniel M. Petrocelli
of O'MELVENY & MYERS LLP

Enclosures

Ex T - 174

1   DANIEL M. PETROCELLI (S.B. #97802)
      dpetrocelli@omm.com
2   MATTHEW T. KLINE (S.B. #211640)
      mkline@omm.com
3   CASSANDRA L. SETO (S.B. #246608)
      cseto@omm.com
4   O'MELVENY & MYERS LLP
    1999 Avenue of the Stars, 7th Floor
5   Los Angeles, CA 90067-6035
    Telephone:  (310) 553-6700
6   Facsimile:   (310) 246-6779

7   (continued on next page)

8   Attorneys for Plaintiff DC Comics

9
                  UNITED STATES DISTRICT COURT
10
                 CENTRAL DISTRICT OF CALIFORNIA
11

12  DC COMICS,                          Case No. CV-10-3633 ODW (RZx)

13            Plaintiff,                **PLAINTIFF DC COMICS'
                                        NOTICE OF DEPOSITION OF
         v.                             DEFENDANT JOANNE SIEGEL
14                                      AND REQUEST FOR
                                        PRODUCTION OF DOCUMENTS**
15  PACIFIC PICTURES
    CORPORATION, IP WORLDWIDE,          The Hon. Otis D. Wright II
16  LLC, IPW, LLC, MARC TOBEROFF,
    an individual, MARK WARREN          Deposition Date:   September 2, 2010
17  PEARY, as personal representative of Deposition Time:   9:00 a.m.
    the ESTATE OF JOSEPH SHUSTER,
18  JOANNE SIEGEL, an individual,
    LAURA SIEGEL LARSON, an
    individual, and DOES 1-10, inclusive,
19
              Defendants.
20

21

22

23

24

25

26

27

28

1    (continued from previous page)

2    PATRICK T. PERKINS (admitted *pro hac vice*)
        pperkins@ptplaw.com
3    PERKINS LAW OFFICE, P.C.
     1711 Route 9D
4    Cold Spring, NY 10516
     Telephone:   (845) 265-2820
5    Facsimile:    (845) 265-2819

6    Attorneys for Plaintiff DC Comics

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF DEPOSITION OF DEFENDANT
JOANNE SIEGEL AND REQUEST FOR
PRODUCTION OF DOCUMENTS

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 30, the deposition upon oral examination of defendant Joanne Siegel (the "Deponent") will be taken in the above-entitled action on September 2, 2010 starting at 9:00 a.m. and continuing over the course of one day until completed or otherwise adjourned. The deposition will be held at the offices of O'Melveny & Myers LLP, 1999 Avenue of the Stars, Suite 700, Los Angeles, California 90067. The deposition will be taken before a notary public or other officer authorized to administer oaths and will be recorded by stenographic, sound, and visual means.

PLEASE TAKE FURTHER NOTICE that, pursuant to Federal Rule of Civil Procedure 34, Deponent is requested to produce for inspection and copying all documents described in Attachment A to this Notice of Deposition, in accordance with the definitions contained therein, by no later than August 27, 2010.

This Notice of Deposition is being served on Deponent's counsel at the address shown on the accompanying Proof of Service.

Dated: July 28, 2010                    Respectfully submitted,

                                        O'MELVENY & MYERS LLP


                                        By:_____
                                              Daniel M. Petrocelli

                                        Attorneys for Plaintiff DC Comics


NOTICE OF DEPOSITION OF DEFENDANT
JOANNE SIEGEL AND REQUEST FOR
PRODUCTION OF DOCUMENTS

1

Ex T - 177

## ATTACHMENT A

## DEFINITIONS AND INSTRUCTIONS

1. "DOCUMENT" shall be interpreted in its broadest sense to include any and all "documents" and "other tangible things" as those terms are understood in Federal Rule of Civil Procedure 34, including, without limitation, any "writing," "recording," or "photograph" as those terms are defined in Federal Rule of Evidence 1001. This shall include, but is not limited to: e-mail, audio or video recordings, correspondence, letters, phone messages, notes, memoranda, facsimiles, publications, contracts, agreements, calendars, drafts of proposed contracts or agreements, papers, and photographs.

2. "COMMUNICATION" means all written, electronic, oral, telephonic, gesture, or other transmission or exchange of information, including without limitation any inquiry, request, dialogue, discussion, conversation, interview, correspondence, letter, note, consultation, negotiation, agreement, understanding, meeting, e-mail, and all DOCUMENTS evidencing any verbal or nonverbal interaction between any individuals or entities.

3. "REFER" or "RELATE" means, without limitation, evidence, reflect, summarize, constitute, contain, study, analyze, explain, mention, show, discuss, describe, or comment upon.

4. "PERSON" means any natural person, firm, association, corporation, partnership, or other legal entity or organization separately identifiable, and any department(s) or division(s) therein.

5. "YOU" or "YOUR" means Joanne Siegel and, as applicable, any PERSON acting on her behalf, including but not limited to her agents, employees, attorneys, and representatives.

6. "DEFENDANT" or "DEFENDANTS" means, collectively and severally, any defendant in the above-entitled action, including YOU; Pacific Pictures Corporation; IP Worldwide, LLC; IPW, LLC; Marc Toberoff; Mark

1    Warren Peary, on behalf of the Estate of Joseph Shuster; and Laura Siegel Larson

2    and, as applicable, any PERSON acting on their behalf, including but not limited

3    to their agents, employees, attorneys, and representatives.

4         7.    "SIEGEL HEIRS" means, collectively and severally, YOU, Laura

5    Siegel Larson, Dennis Larson, Michael Siegel, or any other executor,

6    administrator, heir, relative, or representative of Jerome Siegel and, as applicable,

7    any PERSON acting on their behalf, including but not limited to their agents,

8    employees, attorneys, and representatives.

9         8.    "SHUSTER HEIRS" means, collectively and severally, the Estate of

10   Joseph Shuster, Jean Peavy, Mark Peary, Dawn Peavy, Frank Shuster, or any

11   other executor, administrator, heir, relative, or representative of Joseph Shuster

12   and, as applicable, any PERSON acting on their behalf, including but not limited

13   to their agents, employees, attorneys, and representatives.

14        9.    "SIEGEL" means Jerome Siegel and, as applicable, any PERSON

15   acting on his behalf, including but not limited to his agents, employees, attorneys,

16   heirs, and representatives.

17        10.   "SHUSTER" means Joseph Shuster and, as applicable, any PERSON

18   acting on his behalf, including but not limited to his agents, employees, attorneys,

19   heirs, and representatives.

20        11.   "SUPERMAN" means the Superman character as delineated in

21   literary works such as comic books, newspapers, novels, radio programs,

22   television programs, and motion pictures, and any of the works in which he

23   appears, including but not limited to *Action Comics. No. 1*.

24        12.   "SUPERBOY" means the Superboy character as delineated in

25   literary works such as comic books, newspapers, novels, radio programs,

26   television programs, and motion pictures, and any of the works in which he

27   appears, including but not limited to *More Fun Comics #101*.

28        13.   "INCLUDING" means "including, but not limited to."

NOTICE OF DEPOSITION OF DEFENDANT
JOANNE SIEGEL AND REQUEST FOR
PRODUCTION OF DOCUMENTS

3

14.   "Any" and "All" are interchangeable.

15.   The singular form includes the plural form, and vice versa.

16.   YOU are instructed to produce all DOCUMENTS that are responsive to these Requests and that are in YOUR possession, custody, or control.  A DOCUMENT is in YOUR "possession, custody, or control" if it is in YOUR physical possession, or if, as a practical matter, YOU have the ability, upon request, to obtain possession of the DOCUMENT or a copy thereof from another person or entity that has physical possession of the DOCUMENT.

17.   If any DOCUMENT or category of DOCUMENTS is not produced in full, please state with particularity the reason or reasons it is not being produced in full, and describe, to the best of YOUR knowledge, information and belief, and with as much particularity as possible, the DOCUMENT or portions of the DOCUMENT that are not being produced.

18.   Each DOCUMENT is to be produced as it is kept in the usual course of business, including all file folders, binders, notebooks, and other devices by which such DOCUMENTS may be organized or separated.

19.   If YOU withhold any DOCUMENT, or portion of a DOCUMENT, on grounds that it is protected from discovery by the attorney-client privilege, work-product doctrine, or other privilege or immunity from discovery, please set forth, for each DOCUMENT or portion of a DOCUMENT withheld:

    (a)   The place, approximate date, and manner of recording, creating or otherwise preparing the DOCUMENT;

    (b)   The names and organization position, if any, of each author, sender, and recipient of the DOCUMENT;

    (c)   A general description of the subject matter of the DOCUMENT;

    (d)   The basis of any claim of privilege; and

    (e)   If work-product is asserted, the proceeding for which the DOCUMENT was created.

NOTICE OF DEPOSITION OF DEFENDANT
JOANNE SIEGEL AND REQUEST FOR
PRODUCTION OF DOCUMENTS

20.    For any DOCUMENT or category of DOCUMENTS that was, but no longer is, in YOUR possession, custody or control, please describe each such DOCUMENT as completely as possible and provide the following information:

(a)    The reason the DOCUMENT is no longer in YOUR possession, custody or control;

(b)    The person or entity, if any, who has possession, custody or control or, if unknown, so state; and

(c)    If the DOCUMENT was destroyed or otherwise disposed of, state (i) the manner of disposal (*i.e.*, destruction, loss, discarding or other means of disposal); (ii) the date of disposal; (iii) the reason for disposal; (iv) the person authorizing disposal; (v) the person disposing of the DOCUMENT; and (vi) the name and address of the most recent custodian of the DOCUMENT.

21.    Each Request shall be construed independently and no Request shall be viewed as limiting the scope of any other Request.

22.    All responsive DOCUMENTS maintained or stored in electronic format shall be produced in native file format with all associated metadata preserved.  All responsive DOCUMENTS maintained in hard copy shall be produced in TIFF.

23.    The collection and production of DOCUMENTS shall be performed in a manner that ensures that the source of each DOCUMENTS may be determined, if necessary.

24.    DOCUMENTS attached to each other shall not be separated.

25.    These Requests impose a continuing obligation subsequent to YOUR initial production within thirty days of the service date of these Requests, or other date mutually agreed upon by the parties, to timely supplement YOUR response or production if YOU determine that YOUR response or production is incomplete or incorrect.

NOTICE OF DEPOSITION OF DEFENDANT
JOANNE SIEGEL AND REQUEST FOR
PRODUCTION OF DOCUMENTS

Ex T - 181

## DOCUMENTS REQUESTED

1.    All agreements between or among YOU and any DEFENDANT regarding the SIEGEL HEIRS' purported rights in SUPERMAN and SUPERBOY.

2.    All agreements between or among YOU and the SHUSTER HEIRS regarding the SIEGEL HEIRS' purported rights in SUPERMAN and SUPERBOY.

3.    All agreements between or among YOU and any DEFENDANT regarding the SHUSTER HEIRS' purported rights in SUPERMAN and SUPERBOY.

4.    All agreements between or among SIEGEL and SHUSTER regarding any purported rights in SUPERMAN and SUPERBOY.

5.    All agreements between or among YOU and the SHUSTER HEIRS regarding the SHUSTER HEIRS' purported rights in SUPERMAN and SUPERBOY.

6.    All DOCUMENTS relating to or affecting the ability of YOU or the SIEGEL HEIRS to negotiate or enter into agreements regarding SUPERMAN or SUPERBOY.

7.    All DOCUMENTS relating to or affecting the ability of the SHUSTER HEIRS to negotiate or enter into agreements regarding SUPERMAN or SUPERBOY.

8.    All DOCUMENTS relating to or affecting the disposition, division, or ownership of any rights in SUPERMAN or SUPERBOY.

9.    All DOCUMENTS relating to or affecting the division of revenue, proceeds, or other profits regarding SUPERMAN or SUPERBOY.

10.    All DOCUMENTS relating to or affecting the division of any settlement proceeds regarding SUPERMAN or SUPERBOY.

11.    All DOCUMENTS relating to the potential sale, assignment, license, or other disposition of any rights relating to SUPERMAN or SUPERBOY, including but not limited to any solicitation, offer, option, or proposed agreement.

1    12.    All DOCUMENTS relating to the valuation of any past, current, or

2    potential ownership interest in SUPERMAN or SUPERBOY.

3    13.    All DOCUMENTS relating to the introduction of YOU or the SIEGEL

4    HEIRS to any DEFENDANT.

5    14.    All DOCUMENTS relating to the October 16, 2001

6    COMMUNICATION between Kevin Marks and John Schulman.

7    15.    All DOCUMENTS relating to the October 19, 2002 letter from Kevin

8    Marks to John Schulman confirming that the SIEGEL HEIRS "accepted D.C.

9    Comics' offer of October 16, 2001."

10    16.    All DOCUMENTS relating to the October 26, 2001 letter from DC

11    Comics to the SIEGEL HEIRS.

12    17.    All DOCUMENTS relating to the November 29, 2001

13    COMMUNICATION between DEFENDANT Marc Toberoff and Kevin Marks

14    regarding the SIEGEL HEIRS' purported rights in SUPERMAN and SUPERBOY.

15    18.    All DOCUMENTS relating to the February 1, 2002 letter from Patrick

16    Perkins to the SIEGEL HEIRS.

17    19.    All DOCUMENTS relating to the February 6, 2002

18    COMMUNICATION between DEFENDANT Marc Toberoff and Kevin Marks

19    regarding the SIEGEL HEIRS' purported rights in SUPERMAN and SUPERBOY.

20    20.    All DOCUMENTS relating to the February 2002 COMMUNICATION

21    between DEFENDANT Marc Toberoff and Warner Bros. executive Steven Spira

22    regarding the rights in SUPERMAN and SUPERBOY.

23    21.    All DOCUMENTS relating to the May 9, 2002 letter from YOU to

24    Time Warner Inc.

25    22.    All DOCUMENTS relating to the May 21, 2002 letter from Richard

26    Parsons of Time Warner Inc. to YOU.

27

28

NOTICE OF DEPOSITION OF DEFENDANT
JOANNE SIEGEL AND REQUEST FOR
PRODUCTION OF DOCUMENTS

Ex T - 183

1      23.   All DOCUMENTS relating to any solicitation, offer, or option from

2  any DEFENDANT regarding the purported rights of YOU or the SIEGEL HEIRS

3  in SUPERMAN or SUPERBOY.

4      24.   All DOCUMENTS relating to the September 21, 2002 letter from

5  YOU to Kevin Marks.

6      25.   All DOCUMENTS relating to the September 21, 2002 letter from

7  YOU to DC Comics.

8      26.   All DOCUMENTS relating to the letter agreement dated October 3,

9  2002 that YOU signed with DEFENDANT IP Worldwide, LLC, and any revisions,

10 modifications, or adjustments thereto.

11     27.   All DOCUMENTS relating to the October 28, 2002 letter from YOU

12 to Lillian Laserson of DC Comics.

13     28.   All DOCUMENTS relating to the Notice of Termination of Transfer

14 Covering Extended Renewal Term: Superboy served on behalf of the SIEGEL

15 HEIRS on or around November 8, 2002.

16

17          Dated: July 28, 2010         Respectfully submitted,

18                                O'MELVENY & MYERS LLP

19

20                                By:_____
                                         Daniel M. Petrocelli

21                                Attorneys for Plaintiff DC Comics

22

23

24

25

26

27

28

NOTICE OF DEPOSITION OF DEFENDANT
JOANNE SIEGEL AND REQUEST FOR
PRODUCTION OF DOCUMENTS

1   DANIEL M. PETROCELLI (S.B. #97802)
      dpetrocelli@omm.com
2   MATTHEW T. KLINE (S.B. #211640)
      mkline@omm.com
3   CASSANDRA L. SETO (S.B. #246608)
      cseto@omm.com
4   O'MELVENY & MYERS LLP
    1999 Avenue of the Stars, 7th Floor
5   Los Angeles, CA 90067-6035
    Telephone:  (310) 553-6700
6   Facsimile:   (310) 246-6779

7   (continued on next page)

8   Attorneys for Plaintiff DC Comics

9               UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11  DC COMICS,                          Case No. CV-10-3633 ODW (RZx)

12            Plaintiff,                **PLAINTIFF DC COMICS'**
                                        **NOTICE OF DEPOSITION OF**
13        v.                            **JEAN PEAVY AND REQUEST**
                                        **FOR PRODUCTION OF**
14                                      **DOCUMENTS**
    PACIFIC PICTURES
15  CORPORATION, IP WORLDWIDE,          The Hon. Otis D. Wright II
    LLC, IPW, LLC, MARC TOBEROFF,
16  an individual, MARK WARREN          Deposition Date:    September 7, 2010
    PEARY, as personal representative of  Deposition Time:    9:00 a.m.
17  the ESTATE OF JOSEPH SHUSTER,
    JOANNE SIEGEL, an individual,
18  LAURA SIEGEL LARSON, an
    individual, and DOES 1-10, inclusive,
19
              Defendants.
20

21

22

23

24

25

26

27

28

Ex T - 185

1  (continued from previous page)

2  PATRICK T. PERKINS (admitted *pro hac vice*)
     pperkins@ptplaw.com
3  PERKINS LAW OFFICE, P.C.
     1711 Route 9D
4  Cold Spring, NY 10516
     Telephone:   (845) 265-2820
5  Facsimile:    (845) 265-2819

6  Attorneys for Plaintiff DC Comics

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF DEPOSITION OF
JEAN PEAVY AND REQUEST FOR
PRODUCTION OF DOCUMENTS

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 30 and the concurrently-served Subpoena to Testify at a Deposition in a Civil Action (the "Subpoena"), the deposition upon oral examination of third party Jean Adele Peavy (the "Deponent") will be taken in the above-entitled action on September 7, 2010 starting at 9:00 a.m. and continuing over the course of one day until completed or otherwise adjourned.  The deposition will be held at the Hilton Hotel, 100 Sandoval Street, Santa Fe, New Mexico 87501-2131.  The deposition will be taken before a notary public or other officer authorized to administer oaths and will be recorded by stenographic, sound, and visual means.

PLEASE TAKE FURTHER NOTICE that, in connection with such deposition and in accordance with the concurrently-served Subpoena, the Deponent is required to provide the documents, records, papers and information described in Attachment A to this Notice of Deposition, in accordance with the definitions contained therein, by no later than August 27, 2010.

This Notice of Deposition is being served on Deponent's counsel at the address shown on the accompanying Proof of Service.


Dated:  July 28, 2010                    Respectfully submitted,

                                         O'MELVENY & MYERS LLP


                                         By: _____
                                               Daniel M. Petrocelli

                                         Attorneys for Plaintiff DC Comics


NOTICE OF DEPOSITION OF
JEAN PEAVY AND REQUEST FOR
PRODUCTION OF DOCUMENTS

1

Ex T - 187

# ATTACHMENT A

## DEFINITIONS AND INSTRUCTIONS

1.    "DOCUMENT" shall be interpreted in its broadest sense to include any and all "documents" and "other tangible things" as those terms are understood in Federal Rule of Civil Procedure 34, including, without limitation, any "writing," "recording," or "photograph" as those terms are defined in Federal Rule of Evidence 1001.  This shall include, but is not limited to:  e-mail, audio or video recordings, correspondence, letters, phone messages, notes, memoranda, facsimiles, publications, contracts, agreements, calendars, drafts of proposed contracts or agreements, papers, and photographs.

2.    "COMMUNICATION" means all written, electronic, oral, telephonic, gesture, or other transmission or exchange of information, including without limitation any inquiry, request, dialogue, discussion, conversation, interview, correspondence, letter, note, consultation, negotiation, agreement, understanding, meeting, e-mail, and all DOCUMENTS evidencing any verbal or nonverbal interaction between any individuals or entities.

3.    "REFER" or "RELATE" means, without limitation, evidence, reflect, summarize, constitute, contain, study, analyze, explain, mention, show, discuss, describe, or comment upon.

4.    "PERSON" means any natural person, firm, association, corporation, partnership, or other legal entity or organization separately identifiable, and any department(s) or division(s) therein.

5.    "YOU" or "YOUR" means Jean Adele Peavy and, as applicable, any PERSON acting on her behalf, including but not limited to her agents, employees, attorneys, and representatives.

6.    "DEFENDANT" or "DEFENDANTS" means, collectively and severally, any defendant in the above-entitled action, including Pacific Pictures Corporation; IP Worldwide, LLC; IPW, LLC; Marc Toberoff; Mark Warren

NOTICE OF DEPOSITION OF
JEAN PEAVY AND REQUEST FOR
PRODUCTION OF DOCUMENTS

Ex T - 188

1  Peary, on behalf of the Estate of Joseph Shuster; Joanne Siegel; and Laura Siegel

2  Larson and, as applicable, any PERSON acting on their behalf, including but not

3  limited to their agents, employees, attorneys, and representatives.

4        7.    "SHUSTER HEIRS" means, collectively and severally, YOU, the

5  Estate of Joseph Shuster, Mark Peary, Dawn Peavy, Frank Shuster, or any other

6  executor, administrator, heir, relative, or representative of Joseph Shuster and, as

7  applicable, any PERSON acting on their behalf, including but not limited to their

8  agents, employees, attorneys, and representatives.

9        8.    "SIEGEL HEIRS" means, collectively and severally, Joanne Siegel,

10  Laura Siegel Larson, Dennis Larson, Michael Siegel, or any other executor,

11  administrator, heir, relative, or representative of Jerome Siegel and, as applicable,

12  any PERSON acting on their behalf, including but not limited to their agents,

13  employees, attorneys, and representatives.

14        9.    "SHUSTER" means Joseph Shuster and, as applicable, any PERSON

15  acting on his behalf, including but not limited to his agents, employees, attorneys,

16  heirs, and representatives.

17        10.    "SIEGEL" means Jerome Siegel and, as applicable, any PERSON

18  acting on his behalf, including but not limited to his agents, employees, attorneys,

19  heirs, and representatives.

20        11.    "SUPERMAN" means the Superman character as delineated in

21  literary works such as comic books, newspapers, novels, radio programs,

22  television programs, and motion pictures, and any of the works in which he

23  appears, including but not limited to *Action Comics. No. 1*.

24        12.    "SUPERBOY" means the Superboy character as delineated in

25  literary works such as comic books, newspapers, novels, radio programs,

26  television programs, and motion pictures, and any of the works in which he

27  appears, including but not limited to *More Fun Comics #101*.

28        13.    "INCLUDING" means "including, but not limited to."

NOTICE OF DEPOSITION OF
JEAN PEAVY AND REQUEST FOR
PRODUCTION OF DOCUMENTS

Ex T - 189

14.    "Any" and "All" are interchangeable.

15.    The singular form includes the plural form, and vice versa.

16.    YOU are instructed to produce all DOCUMENTS that are responsive to these Requests and that are in YOUR possession, custody, or control.  A DOCUMENT is in YOUR "possession, custody, or control" if it is in YOUR physical possession, or if, as a practical matter, YOU have the ability, upon request, to obtain possession of the DOCUMENT or a copy thereof from another person or entity that has physical possession of the DOCUMENT.

17.    If any DOCUMENT or category of DOCUMENTS is not produced in full, please state with particularity the reason or reasons it is not being produced in full, and describe, to the best of YOUR knowledge, information and belief, and with as much particularity as possible, the DOCUMENT or portions of the DOCUMENT that are not being produced.

18.    Each DOCUMENT is to be produced as it is kept in the usual course of business, including all file folders, binders, notebooks, and other devices by which such DOCUMENTS may be organized or separated.

19.    If YOU withhold any DOCUMENT, or portion of a DOCUMENT, on grounds that it is protected from discovery by the attorney-client privilege, work-product doctrine, or other privilege or immunity from discovery, please set forth, for each DOCUMENT or portion of a DOCUMENT withheld:

(a)    The place, approximate date, and manner of recording, creating or otherwise preparing the DOCUMENT;

(b)    The names and organization position, if any, of each author, sender, and recipient of the DOCUMENT;

(c)    A general description of the subject matter of the DOCUMENT;

(d)    The basis of any claim of privilege; and

(e)    If work-product is asserted, the proceeding for which the DOCUMENT was created.

NOTICE OF DEPOSITION OF
JEAN PEAVY AND REQUEST FOR
PRODUCTION OF DOCUMENTS

20.  For any DOCUMENT or category of DOCUMENTS that was, but no longer is, in YOUR possession, custody or control, please describe each such DOCUMENT as completely as possible and provide the following information:

  (a)  The reason the DOCUMENT is no longer in YOUR possession, custody or control;

  (b)  The person or entity, if any, who has possession, custody or control or, if unknown, so state; and

  (c)  If the DOCUMENT was destroyed or otherwise disposed of, state (i) the manner of disposal (*i.e.*, destruction, loss, discarding or other means of disposal); (ii) the date of disposal; (iii) the reason for disposal; (iv) the person authorizing disposal; (v) the person disposing of the DOCUMENT; and (vi) the name and address of the most recent custodian of the DOCUMENT.

21.  Each Request shall be construed independently and no Request shall be viewed as limiting the scope of any other Request.

22.  All responsive DOCUMENTS maintained or stored in electronic format shall be produced in native file format with all associated metadata preserved.  All responsive DOCUMENTS maintained in hard copy shall be produced in TIFF.

23.  The collection and production of DOCUMENTS shall be performed in a manner that ensures that the source of each DOCUMENTS may be determined, if necessary.

24.  DOCUMENTS attached to each other shall not be separated.

25.  These Requests impose a continuing obligation subsequent to YOUR initial production within thirty days of the service date of these Requests, or other date mutually agreed upon by the parties, to timely supplement YOUR response or production if YOU determine that YOUR response or production is incomplete or incorrect.

NOTICE OF DEPOSITION OF
JEAN PEAVY AND REQUEST FOR
PRODUCTION OF DOCUMENTS

Ex T - 191

## DOCUMENT REQUESTS

1.    All agreements between or among YOU and any DEFENDANT regarding the SHUSTER HEIRS' purported rights in SUPERMAN and SUPERBOY.

2.    All agreements between or among YOU and any DEFENDANT regarding the SIEGEL HEIRS' purported rights in SUPERMAN and SUPERBOY.

3.    All agreements between or among SHUSTER and SIEGEL regarding any purported rights in SUPERMAN and SUPERBOY.

4.    All DOCUMENTS relating to or affecting the ability of YOU or the SHUSTER HEIRS to negotiate or enter into agreements regarding SUPERMAN or SUPERBOY.

5.    All DOCUMENTS relating to or affecting the ability of the SIEGEL HEIRS to negotiate or enter into agreements regarding SUPERMAN or SUPERBOY.

6.    All DOCUMENTS relating to or affecting the disposition, division, or ownership of any rights in SUPERMAN or SUPERBOY.

7.    All DOCUMENTS relating to or affecting the division of revenue, proceeds, or other profits regarding SUPERMAN or SUPERBOY.

8.    All DOCUMENTS relating to or affecting the division of any settlement proceeds regarding SUPERMAN or SUPERBOY.

9.    All DOCUMENTS relating to the potential sale, assignment, license, or other disposition of any rights relating to SUPERMAN or SUPERBOY, including but not limited to any solicitation, offer, option, or proposed agreement.

10.    All DOCUMENTS relating to the valuation of any past, current, or potential ownership interest in SUPERMAN or SUPERBOY.

11.    All DOCUMENTS relating to the introduction of YOU or the SHUSTER HEIRS to any DEFENDANT.

NOTICE OF DEPOSITION OF
JEAN PEAVY AND REQUEST FOR
PRODUCTION OF DOCUMENTS

Ex T - 192

1      12.    All DOCUMENTS relating to the introduction of the SIEGEL HEIRS

2    to any DEFENDANT.

3      13.    All DOCUMENTS relating to the letter dated August 21, 1992 that

4    YOU sent to Time Warner Inc.

5      14.    All DOCUMENTS relating to the letter dated September 10, 1992 that

6    Frank Shuster sent on YOUR behalf to Paul Levitz of DC Comics.

7      15.    All DOCUMENTS relating to the agreement dated August 1, 1992 that

8    YOU entered into with DC Comics.

9      16.    All DOCUMENTS relating to the letter dated July 10, 1993 that YOU

10    sent to Paul Levitz of DC Comics.

11      17.    All DOCUMENTS relating to the letter dated September 14, 1993 that

12    YOU sent to Paul Levitz of DC Comics.

13      18.    All DOCUMENTS relating to the letter dated April 27, 1995 that YOU

14    sent to Paul Levitz of DC Comics.

15      19.    All DOCUMENTS relating to the letter agreement dated November 23,

16    2001 that YOU entered into with DEFENDANT Pacific Pictures Corporation.

17      20.    All DOCUMENTS relating to the letter agreement dated October 27,

18    2003 that YOU entered into with DEFENDANT Pacific Pictures Corporation.

19      21.    All DOCUMENTS relating to the letter dated September 10, 2004 that

20    YOU signed with DEFENDANT Pacific Pictures Corporation.

21    //

22    //

23    //

24    //

25    //

26    //

27    //

28    //

NOTICE OF DEPOSITION OF
JEAN PEAVY AND REQUEST FOR
PRODUCTION OF DOCUMENTS

7

1    22.    All DOCUMENTS relating to the Notice of Termination of Transfer

2  Covering Extended Copyright Renewal Term of "Superman" served on behalf of

3  the Estate of Joseph Shuster on or around November 10, 2003.

4

5    Dated:  July 28, 2010                Respectfully submitted,

6                                          O'MELVENY & MYERS LLP

7

8                                          By:_____

9                                             Daniel M. Petrocelli

10                                         Attorneys for Plaintiff DC Comics

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF DEPOSITION OF
JEAN PEAVY AND REQUEST FOR
PRODUCTION OF DOCUMENTS

Ex T - 194