# EXHIBIT B



**Re: DC Comics v. Pacific Pictures Corp.**           Thursday, August 5, 2010 10:12 AM

**From:** "Richard Kendall" <rkendall@kbkfirm.com>
**To:** "Seto, Cassandra" <cseto@OMM.com>
**Cc:** "Laura Brill" <lbrill@kbkfirm.com>, "Nicholas Daum" <ndaum@kbkfirm.com>, "Nathalie Cohen" <ncohen@kbkfirm.com>, "Petrocelli, Daniel" <DPetrocelli@OMM.com>, "Kline, Matthew" <MKline@OMM.com>, "mtoberoff@ipwla.com" <mtoberoff@ipwla.com>, "nwilliamson@ipwla.com" <nwilliamson@ipwla.com>, "kgadams@ipwla.com" <kgadams@ipwla.com>

Dan:

You persist in mischaracterizing our position.  *First*, we have not refused to meet and confer on discovery.  We have proposed dates for the Rule 26(f) conference, and, happily, you have now agreed to a date on which all are available:  August 16 at 1:30 p.m.  *Second*, as to your proposed depositions, we have stated our concerns, and at the Rule 26(f) conference we can further discuss with you the ways in which the depositions could be structured to avoid debate about their proper scope and content.  In the meantime, as I have said, we will proceed with our motion for a protective order to address your planned use of the document that you attached as Exhibit A to your complaint.  We are also proceeding with the anti-SLAPP motion.  If you decide after the anti-SLAPP motion is filed to serve discovery on the claims that will be subject to that motion, I suppose we will have a further conference and  perhaps motion practice on that point, but for now we will just have to disagree with your apparent view that the anti-SLAPP motion will not affect your right to take discovery on those claims.  We reserve our rights with respect to other issues that may arise with respect to the contemplated depositions.  *Third*, we simply disagree with your view as to the proper or most efficient way to handle these matters.

Kind regards,
Dick


Sent from handheld
Richard B. Kendall
Kendall Brill & Klieger LLP
Direct:  (310) 272-7900

PLEASE NOTE:  This message, including any attachments, may include privileged, confidential and/or inside information.  Any distribution or use of this communication by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful.  If you are not the intended recipient, please notify the sender by replying to this message and then delete it from your system.  Thank you

On Aug 4, 2010, at 6:53 PM, "Seto, Cassandra" <cseto@OMM.com> wrote:

> Dear Counsel:
> Please see the below e-mail from Dan Petrocelli.  Thanks.
> *          *          *
> Dick,
> Marc has offered to meet and confer with us tomorrow or this Friday on his contemplated Rule 54 motion in the Siegel case.  I trust we can have our Rule 26 conference tomorrow (August 5) or Friday (August 6), and Marc and I can also discuss his contemplated Siegel motion before or after our discussion.  We are also available on August 16 at 1:30 pm PDT--but only by phone from New York.

**065**

As for the list of objections you have proffered to the two depositions we propose, all of them should be heard at once, and not seriatim. What you are proposing is not only wrong legally (SLAPP does not work in the way you suggest, and the duplication arguments you are making are not well-taken), but will waste the parties' and Magistrate's time. Moreover, as you know, we raised the issue of taking these depositions in the first instance, and only after we did so did you assert that the Toberoff Timeline and the other objections you have listed should prevent the taking of this discovery. You cannot stage how the Magistrate will rule on these issues by refusing to meet-and-confer on discovery or tactically filing motions out of sequence.

Dan

**From:** Richard Kendall [mailto:rkendall@kbkfirm.com]
**Sent:** Tuesday, August 03, 2010 5:40 PM
**To:** Petrocelli, Daniel
**Cc:** Laura Brill; Nathalie Cohen; Marc Toberoff; Nick Williamson; Kline, Matthew; Seto, Cassandra; Nicholas Daum
**Subject:** RE: DC Comics v. Pacific Pictures Corp.

Dear Dan:

Unfortunately Marc will be out of the country on vacation beginning on August 18 through the following week, so the dates you propose for the Rule 26(f) conference – August 19 or 20 – are unfortunately not available. Marc and I remain available to meet with you on August 16, and would be willing to have the meeting after hours on that date if that would accommodate your schedule. I have an all-day mediation on August 17, but if you wish to set an after-hours time for August 17 contingent upon conclusion of the mediation, we are open to that as well.

As to your proposed discovery, it appears that you plan to ask questions about the timeline and matters covered therein, which as you know will be the subject of our motion for a protective order. It appears you also plan to ask questions about matters that will be the subject of the discovery stay that would normally be a product of the anti-SLAPP motion and to cover the same subject matter that has previously been covered during the prior depositions of these witnesses. We are of course concerned about these issues, but it appears premature to argue about them until, among other things, Judge Zarefsky resolves the issue of whether you can seek discovery derived from the timeline.

Please let me know whether after-hours on August 16th or a contingent time after-hours on August 17 would be workable for you and your team.

Kind regards,

Dick


<image001.jpg>
**Richard B. Kendall**
Kendall Brill & Klieger LLP
Direct:  (310) 272-7900

PLEASE NOTE: This message, including any attachments, may include privileged, confidential and/or inside information. Any distribution or use of this communication by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful. If you are not the intended recipient, please notify the sender by replying to this message and then delete it from your system. Thank you.

**From:** Petrocelli, Daniel [mailto:DPetrocelli@OMM.com]
**Sent:** Saturday, July 31, 2010 10:58 AM
**To:** Nicholas Daum

**066**

**Cc:** Richard Kendall; Laura Brill; Nathalie Cohen; Marc Toberoff; Nick Williamson; Kline, Matthew; Seto, Cassandra
**Subject:** RE: DC Comics v. Pacific Pictures Corp.

Dear Dick and Marc.

This is in response to Dick's letter yesterday.  As you know and as recounted in my July 28 letter, we have been requesting a Rule 26(f) conference for nearly two months, long before either of your vacations or Laura's vacation.  There is no basis to suggest any intent on our part to disrupt anyone's vacations.  Given your steadfast refusal to participate, we will now have to await until you all get back from vacation to have the Rule 26 conference.  I am out of town on the August 16 date you suggested,  but can do it on August 19 or 20.  Please confirm your availability.

We disagree with your decision to proceed with the motion for protective order before our conference for the reasons stated in our prior discussions and correspondence. Nor do we believe it is reasonable or fair to ask us to respect your vacation schedules while you initiate motion practice.  Since you have refused to defer your motion two weeks until our Rule 26 conference, we have no choice but to file our motion at the same time as yours.  Again, we strongly suggest -- and believe the Court would expect -- that these motions proceed after the Rule 26 conference so that they can be evaluated by both the parties and the Court in the overall framework and context of a case management schedule.

Finally, at your insistence, we prepared and sent you overnight the specific discovery we wish to commence.  You asked us to reduce it to writing so that you could more fully consider and finalize your position on whether you would object.  Your letter yesterday includes no discussion of your position -- you elected to completely ignore the subject of our discovery.  I can understand that you might want to return from vacation before responding, but as I said,  you should not then barge ahead with a motion of your own.  Were you not seeking to derive some tactical advantage, your motion, our motion, and our Rule 26 conference would all be addressed at the same time two weeks from now, with no one gaining any perceived advantage over the other.

Please let us know if you will reconsider your position.  If so, we will hold off with our motion, which is our strong preference.

Many thanks.

Dan

**From:** Nicholas Daum [mailto:ndaum@kbkfirm.com]
**Sent:** Friday, July 30, 2010 2:13 PM
**To:** Petrocelli, Daniel; Kline, Matthew; Seto, Cassandra
**Cc:** Richard Kendall; Laura Brill; Nathalie Cohen; Marc Toberoff; Nick Williamson

**067**

**Subject:** DC Comics v. Pacific Pictures Corp.

Counsel:

Please see the attached letter from Dick Kendall.  Thank you.

**Nicholas F. Daum**
Kendall Brill & Klieger LLP

PLEASE NOTE:  This message, including any attachments, may include privileged, confidential and/or inside information.  Any distribution or use of this communication by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful.  If you are not the intended recipient, please notify me by replying to this message and then delete it from your system.  Thank you.