# EXHIBIT L

1 | Marc Toberoff (CA State Bar No. 188547)
2 | Nicholas C. Williamson (CA State Bar No. 231124)
LAW OFFICES OF MARC TOBEROFF, PLC
2049 Century Park East, Suite 2720
3 | Los Angeles, CA 90067
Telephone: (310) 246-3333
4 | Facsimile: (310) 246-3101

5 | Attorneys for Plaintiffs and Counterclaim Defendants
JOANNE SIEGEL and LAURA SIEGEL LARSON

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANNE SIEGEL, an individual; and LAURA SIEGEL LARSON, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> TIME WARNER INC., a corporation; WARNER COMMUNICATIONS INC., a corporation; WARNER BROS. ENTERTAINMENT INC., a corporation; WARNER BROS. TELEVISION PRODUCTION INC., a corporation; DC COMICS, a general partnership; and DOES 1-10, <br><br> Defendants. | Case Nos.: <br> CV 04-08400 SGL (RZx) <br> CV 04-08776 SGL (RZx) <br><br> [Hon. Stephen G. Larson, U.S.D.J.] <br> [Hon. Ralph Zaresky, U.S.M.J.] <br><br> **DECLARATION OF MARC TOBEROFF IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL PRODUCTION OF WHISTLE BLOWER DOCUMENTS** <br><br> **DISCOVERY MATTER LOCAL RULE 37** <br><br> Date: April 16, 2007 <br> Time: 10:00 a.m. <br> Place: Courtroom 540 <br> Mag. Judge Ralph Zarefsky <br> Discovery Cutoff: Nov. 17, 2006 |
| DC COMICS, <br><br> Counterclaimant, <br><br> vs. <br><br> JOANNE SIEGEL, an individual; and LAURA SIEGEL LARSON, an individual, <br><br> Counterclaim Defendants. | |

Declaration Of Marc Toberoff In Opposition To Defendants' Motion To Compel

I, Marc Toberoff, declare as follows:

1.  I am an attorney at the Law Offices of Marc Toberoff, PLC, counsel of record for plaintiffs Joanne Siegel and Laura Siegel Larson ("Plaintiffs"). I am a member in good standing of the State Bar of California and submit this declaration in opposition to defendants' ("Defendants") motion to compel production of purported "whistle-blower" documents. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would testify competently to such facts under oath.

2.  On February 15, 2006, Plaintiffs moved for partial summary adjudication that their statutory "Superboy" termination is valid and that Plaintiffs thereby recaptured Siegel's "Superboy" copyright. Defendants cross-moved for summary judgment claiming the "Superboy" termination was invalid based in large part on the same purported claims and defenses asserted with respect to "Superman." On March 23, 2006, the Court granted Plaintiffs' motion in its entirety and denied Defendants' motion in its entirety. On March 24, 2006, Plaintiffs moved to have their order certified for appeal, which motion was denied by the Court.

3.  Attached hereto as Exhibit "A" is a true and correct copy of this Court's order dated August 18, 2006 denying Defendants' motion to compel which alleged that Plaintiffs purportedly had waived the attorney-client privilege.

4.  Attached hereto as Exhibit "B" is a true and correct copy of this Court's order dated September 25, 2006 denying Defendants' motion for reconsideration of the aforesaid August 18, 2006 order.

5.  Attached hereto as Exhibit "C" is a true and correct copy of this Court's order dated November 7, 2006 denying Defendants' motion for compel the re-deposition of each of the Plaintiffs.

6.  Attached hereto as Exhibit "D" is a true and correct copy of Michael Bergman's July 6, 2006 letter to the Court.

7. Attached hereto as Exhibit "E" is a true and correct copy of this Court's July 6, 2006 minute order.

8. On July 11, 2006 I spoke telephonically with John J. Quinn ("Quinn") of the law firm Arnold & Porter, LLP regarding his July 5, 2006 letter to me (*see* Declaration of Michael Bergman ("Bergman Decl."), Ex. D.). At no time did Quinn present himself as a "neutral" and at all times he appeared to me to be acting on behalf of Warner Bros. I inquired as to the nature of the documents vaguely referred to in Quinn's July 5, 2006 letter and was informed for the first time that the documents apparently came from my own legal files. I demanded that the documents be returned immediately. I further rejected the "protocol" outlined in Quinn's July 5 letter. I suggested instead that an independent print shop copy and bate stamp all the documents; that Arnold and Porter be provided with this bates stamp number range, but not retain the stolen documents and that *all* of the documents, including defendant Warner Bros' "originals,' be returned to me immediately.

9. By letter dated July 13, 2006 (see Bergman Decl., Ex. E) Quinn announced, that he would have the documents bates stamped by his office, send a copy of the bates stamped documents to me, and retain a bates stamped set and the originals, contrary to my wishes.

10. On July 18, 2006, Quinn delivered three sets of copies of the stolen documents to my offices. These sets had been bates stamped. The "originals" have never been returned to my offices or to Plaintiffs.

11. Attached hereto as Exhibit "F" is a true and correct copy of my July 19, 2006 letter to Quinn.

12. Attached hereto as Exhibit "G" is a true and correct copy of a letter dated July 20, 2006 from Defendants' other counsel, Michael Bergman ("Bergman"), to Quinn.

13. Attached hereto as Exhibit "H" is a true and correct copy of a letter dated July 24, 2006 from Quinn to me.

2

Declaration Of Marc Toberoff In Opposition To Defendants' Motion To Compel

14. Attached hereto as Exhibit "I" is a true and correct copy of a letter dated July 26, 2007 from me to Quinn.

15. Attached hereto as Exhibit "J" is a true and correct copy of a letter dated July 27, 2006 from Bergman to me.

16. Plaintiffs produced documents in this case on September 29, 2005 and supplemented this production on October 6, 2006, November 6, 2006 and November 17, 2006. Attached hereto as composite Exhibit "K" are true and correct copies of the September 29, October 6, November 6 and November 17, 2006 cover letters accompanying Plaintiffs' document production.

17. Attached hereto as Exhibit "L" is a true and correct copy of Plaintiffs' July 20, 2006 privilege log.

18. Attached hereto as composite Exhibit "M" are true and correct copies of Plaintiffs' supplemental privilege logs served on September 29, 2006.

19. Documents were produced by third parties Jean Peavy and Warren Peary (the "Shusters") on July 18, August 11 and August 14, 2006 in response to Defendants' subpoena. The Shusters served a privilege log on August 11, 2006. Shusters served a supplemented privilege log on October 16, 2006. Attached hereto as Exhibit "N" is a true and correct copy of the Shuster's October 16, 2006 privilege log.

20. On behalf of Don Bulson, the former attorney of Laura Siegel Larson's stepbrother, Michael Siegel, I served a privilege log on October 23, 2006 in response to Defendants' subpoena. Attached hereto as Exhibit "O" is a true and correct copy of October 23, 2006 privilege log.

21. Third party IPW, LLC produced documents on November 15, 2006 in response to Defendants' subpoena. Third party Pacific Pictures Corporation produced documents on November 15, 2006 in response to Defendants' subpoena. Attached hereto as Exhibit "P" is a November 15, 2006 letter from my office to Defendants' counsel concerning their respective document production.

3

Declaration Of Marc Toberoff In Opposition To Defendants' Motion To Compel

22. I have reviewed the stolen documents and compared them to my firm's legal files. I found that all but two non-privileged documents in Plaintiffs' legal files had long ago been produced or listed by Plaintiffs in a privilege log. The documents, consisting of two letters from Plaintiff Joanne Siegel to DC Comics' executive Paul Levitz although already in Defendants' possession, have recently been produced. I also cross-referenced two privileged e-mail communications between Plaintiffs and me dated after the commencement of this action which were not listed in Plaintiffs' privilege logs because the parties to this action have agreed not to list post-complaint attorney-client communications on their respective privilege logs.

23. Additionally, I searched the files of other persons or entities which my firm represents that have been subpoenaed in this case, in search of any stolen documents that had not either been produced or listed in a privilege log, even though this motion to compel is only directed at Plaintiffs. As a result of this search I found in the files of IPW, LLC, one IP Worldwide fax cover sheet having little relevance to this action, which I nonetheless also recently produced to Defendants.

24. I also re-searched the files of Jean Peavy, Warren Peary, and the Estate of Joe Schuster (the "Shusters"), cross-referencing the stolen documents, and found three irrelevant, but non-privileged documents, regarding the probating of Joe Shuster's Estate, that I believe had not been previously produced. I therefore also recently produced these documents. In this search I also found one privileged document from the Shuster files, again concerning probate, and on the Shusters' behalf I listed this document on a supplemental privilege log which I recently provided to Defendants.

25. As a result of my law firm's ongoing investigation, I believe that the documents to which this motion applies were stolen from my law firm's files by a disgruntled former *attorney* employed by the firm who thereafter furnished the documents to Warner Bros. under circumstances of which I am not yet aware. The

4

Declaration Of Marc Toberoff In Opposition To Defendants' Motion To Compel

attorney is not named by me herein so as not to jeopardize my firm's ongoing investigation or that of the authorities.

26. This attorney/employee was terminated by my firm in November, 2005. Our investigation has revealed that in late November and early December, 2005, after the attorney was terminated, he contacted Plaintiffs and another client of my firm and tried to convince them to terminate the firm, and to retain him instead, by falsely disparaging me and by offering to work for a reduced fee. I am advised by Plaintiffs and my other client that they both rejected this attorney's overtures in early December, 2005.

27. On July 18, 2006, when Arnold & Porter furnished me with bates stamped copies of the stolen documents they also furnished me with a copy of an allegedly undated and anonymous cover letter to Warner Bros. purporting to enclose the stolen documents ("Cover Letter"). The Cover Letter was not attached by Defendants and is not attached by Plaintiffs because it is defamatory, in other respects potentially violates the attorney-client privilege and work product doctrine, and should not be further published through the public record of this action. The Cover Letter ends by stating to Warner Bros.: "consider this an early Christmas present."

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed on March 23, 2007 in Los Angeles, California.

_____
Marc Toberoff

# EXHIBIT P

# LAW OFFICES OF MARC TOBEROFF

A PROFESSIONAL CORPORATION

2049 CENTURY PARK EAST, SUITE 2720
LOS ANGELES, CALIFORNIA 90067

MARC TOBEROFF*
NICHOLAS C. WILLIAMSON
ALEXANDER M. MERINO

* ALSO ADMITTED IN NEW YORK

TELEPHONE
(310) 246-3333

FACSIMILE
(310) 246-3101

November 15, 2006

Via Facsimile

Adam Hagen, Esq.
Weissman Wolff Bergman Coleman Grodin & Evall LLP
9665 Wilshire Boulevard, Ninth Floor
Beverly Hills, CA 90212

Re:  *Joanne Siegel & Laura Siegel Larson v. Time Warner, Inc. et al.*
     USDC Central District of CA, Case No. 04-08400 SGL (RZx)
     *Joanne Siegel & Laura Siegel Larson v. Time Warner, Inc. et al.*
     USDC Central District of CA, Case No. 04-08776 SGL (RZx)

Dear Adam:

Enclosed please find IPW, LLC's production of documents, numbered IPW 00001-00016. In addition, enclosed please find Pacific Pictures Corporation's production of documents, numbered PPC 00001-00009.

Very truly yours,

Alexander M. Merino

cc:  Patrick T. Perkins, Esq.
     James D. Weinberger, Esq.

338

*** SEND SUCCESSFUL ***

mber : 045

# LAW OFFICES OF MARC TOBEROFF
A PROFESSIONAL CORPORATION

2049 CENTURY PARK EAST, SUITE 2720
LOS ANGELES, CALIFORNIA 90067

TELEPHONE
(310) 246-3333

FACSIMILE
(310) 246-3101

MARC TOBEROFF*
NICHOLAS C. WILLIAMSON
ALEXANDER M. MORINO
* ALSO ADMITTED IN NEW YORK

## FACSIMILE COVER PAGE

| TO: Adam Hagen, Esq., James D. Weinberger, Esq., Patrick T. Perkins, Esq. | FAX: 310-550-7191, 212-813-5901, 845-265-2819 |
|---|---|
| FROM: Marc Toberoff | PAGES (including cover): 27 |
| DATE: 11/15/06 | RE: Superman (Case Nos. 04-CV-8400 SGL (RZx) and 04-CV-8776 SGL (RZx)) |

COMMENTS:

THE INFORMATION CONTAINED IN THIS TRANSMISSION IS INTENDED ONLY FOR USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF THE READER OF THIS TRANSMISSION IS NOT THE INTENDED RECIPIENT, ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL TRANSMISSION TO US AT THE ABOVE ADDRESS VIA THE US POSTAL SERVICE. THANK YOU.

339

Group Send Report

```
Page       : 001
Date & Time: Nov-15-06  10:47pm
Line 1     :
Machine ID :
```

| | |
|---|---|
| Job number | : 045 |
| Date | : Nov-15 10:32pm |
| Number of pages | : 027 |
| Start time | : Nov-15 10:32pm |
| End time | : Nov-15 10:47pm |

Successful nbrs.

　　Fax numbers

　　　　☎13105507191
　　　　☎12128135901
　　　　☎18452652819


Unsuccessful nbrs.                                                                Pages sent

**340**