DANIEL M. PETROCELLI (S.B. #097802)
  dpetrocelli@omm.com
MATTHEW T. KLINE (S.B. #211640)
  mkline@omm.com
CASSANDRA L. SETO (S.B. #246608)
  cseto@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067-6035
Telephone:  (310) 553-6700
Facsimile:  (310) 246-6779

Attorneys for Plaintiff DC Comics

(continued on next page)

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DC COMICS,<br><br>         Plaintiff,<br><br>     v.<br><br>PACIFIC PICTURES CORPORATION, IP WORLDWIDE, LLC, IPW, LLC, MARC TOBEROFF, an individual, MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER, JEAN ADELE PEAVY, an individual, JOANNE SIEGEL, an individual, LAURA SIEGEL LARSON, an individual, and DOES 1-10, inclusive,<br><br>         Defendants. | Case No. CV 10-3633 ODW (RZx)<br><br>**DISCOVERY MATTER**<br><br>**DECLARATION OF DANIEL M. PETROCELLI IN SUPPORT OF DC COMICS'** *EX PARTE* **APPLICATION TO CONSOLIDATE HEARING DATES ON RELATED DISCOVERY MOTIONS**<br><br>*EX PARTE* **APPLICATION AND [PROPOSED] ORDER FILED CONCURRENTLY HEREWITH**<br><br>**Judge**:     Hon. Otis D. Wright II<br>**Magistrate**:  Hon. Ralph Zarefsky<br><br>**Hearing Date**:  September 20, 2010<br>**Hearing Time**:  10:00 a.m.<br>**Complaint Filed**: May 14, 2010 |

1  (continued from previous page)

2  PATRICK T. PERKINS (admitted *pro hac vice*)
3   pperkins@ptplaw.com
   PERKINS LAW OFFICE, P.C.
4  1711 Route 9D
   Cold Spring, NY 10516
5  Telephone:  (845) 265-2820
   Facsimile:   (845) 265-2819
6

7  Attorneys for Plaintiff DC Comics

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## DECLARATION OF DANIEL M. PETROCELLI

I, Daniel M. Petrocelli, declare and state as follows:

1. I am an attorney licensed to practice in the State of California and admitted to the Central District of California. I am a partner with the law firm of O'Melveny & Myers LLP, attorneys of record for plaintiff DC Comics in the above-entitled action. I have personal knowledge of the facts recited herein, and if called to testify thereto, I could and would do so competently.

2. After months of trying unsuccessfully to commence discovery in this case, DC Comics served defendants, on August 13, 2010, with its Motion to Initiate Discovery and Take Immediate, Limited Discovery of Two Elderly Witnesses ("Motion to Take Depositions"). *See* Docket No. 44-1 at 2-4, 8-17.

3. Shortly before DC Comics served its Motion to Take Depositions, defendants had served DC Comics with their Motion for a Protective Order regarding the Toberoff Timeline ("Toberoff Timeline Motion"). *See* Docket No. 42. To avoid further delay in commencing discovery, DC Comics sought to have its Motion to Take Depositions heard at the same time as defendants' Toberoff Timeline Motion. The parties thereafter agreed that these discovery motions would be heard the same day. On August 19, the parties entered into a Joint Stipulation re: Scheduling of Parties' Discovery Motions and Initial Disclosures, which provided that these motions be heard on Monday, September 20, 2010 at 10:00 a.m. *See* Docket No. 37.

4. After receiving defendants' opposition papers, DC Comics filed the joint stipulation regarding its Motion to Take Depositions on August 30. *See* Docket No. 44-1. Per the parties' August 19 stipulation, which the Court approved, DC Comics will file today its supplemental memorandum in support of its Motion to Take Depositions.

5. On August 16, the parties had an initial discovery conference pursuant to Rule 26(f) of the Federal Rules of Civil Procedure. The next day, August 17,

1  DC Comics served notices of deposition and requests for production on defendants
2  Joanne Siegel, Laura Siegel Larson, Jean Peavy, and Mark Warren Peary.
3  (Ms. Peavy was not a named defendant at the time, but DC Comics amended its
4  complaint on September 3 to add her as a party.)  Attached hereto as Exhibit A is a
5  true and correct copy of a letter from me to defendants' counsel dated August 17,
6  2010, enclosing these discovery requests.

7       6.     Counsel for defendants indicated they intended to file a motion to stay
8  discovery noticed by DC Comics, and the parties met and conferred on defendants'
9  motion on September 2.  Counsel for defendants agreed that their motion would
10 turn on issues already in DC Comics' Motion to Take Depositions, and stated that
11 the principal basis of their motion was the same as raised in their opposition to DC
12 Comics' motion—namely, that discovery should be deferred until Judge Wright
13 resolved their motions challenging DC Comics' complaint, then set for hearing on
14 October 18.  Counsel for defendants also indicated that they would be serving
15 objections and responses to DC Comics' requests for production due September 17,
16 but would not disclose whether they intended to produce documents on September
17 17.  I said that if defendants would not produce documents based on their
18 objections, this would necessitate a motion to compel production.  I suggested that
19 because DC Comics' Motion to Take Depositions, defendants' motion to stay, and
20 DC Comics' anticipated motion to compel all were interrelated, I might be
21 amenable to deferring the depositions a short time to permit the motions to be heard
22 together, immediately after a hearing on October 18 on defendants' dispositive
23 motions.  Because defendants' pending Toberoff Timeline Motion involved a
24 separate issue, that could remain on calendar for September 20 at 10:00 a.m.

25      7.     On September 2, shortly after our telephone conference, I sent counsel
26 for defendants a letter setting forth a specific scheduling proposal.  This schedule
27 was based on the assumption that any new dispositive motions to be filed by
28 defendants in response to DC Comics' amended complaint would be set for hearing

1  on October 18.  I proposed to continue the deposition dates for the four witnesses
2  by roughly one month—from early October to "late October/early November."  I
3  also proposed scheduling a hearing on October 25 for the three motions related to
4  DC Comics' outstanding discovery requests—*i.e.*, DC Comics' motion to
5  commence discovery, defendants' motion to stay discovery, and DC Comics'
6  anticipated motion to compel the production of documents.  Attached hereto as
7  Exhibit B is a true and correct copy of that letter dated September 2.

8      8.    That same day, counsel for defendants sent me a letter rejecting this
9  proposal, and instead requesting that DC Comics take its four depositions off
10  calendar and that the parties defer addressing any discovery issues until after the
11  Court addressed defendants' Rule 12 and SLAPP motions.  Attached hereto as
12  Exhibit C is a true and correct copy of that letter from defendants' counsel to me
13  dated September 2.

14      9.    Since defendants' proposal would entail unnecessary and indefinite
15  delay in commencing discovery, DC Comics rejected it, as set forth in my letter to
16  defendants' counsel dated September 2 and attached hereto as Exhibit D.

17      10.    Close to midnight on September 2, defendants served DC Comics with
18  their Motion for a Protective Order Staying Depositions Pending Rulings on
19  Dispositive Motions and Limiting Scope and Time of Depositions ("Motion to Stay
20  Depositions").  DC Comics served defendants with its opposition papers on
21  September 9, and defendants are expected to file their Motion to Stay Depositions
22  with the Court today.  A copy of these papers are attached hereto as Exhibit E.
23  Defendants noticed the motion for a hearing date of October 4, 2010 at 10:00 a.m.

24      11.    On September 3, DC Comics filed its first amended complaint.  *See*
25  Docket No. 49.  On September 7, Judge Wright entered an order deeming
26  defendants' Rule 12 and SLAPP motions moot and vacating the October 18 hearing
27  date on those motions.  *See* Docket No. 52.  Defendants have told us they intend to
28  refile their Rule 12 and SLAPP motions.

1    12.   On September 8, the day before DC Comics served its opposition to defendants' Motion to Stay Depositions, I sent a letter to counsel for defendants again asking whether they would "agree to continuing both our motion to initiate discovery and your motion for a protective order to stay depositions to October 25," when they could be heard together with DC Comics' motion to compel.  I also repeated my offer to continue the four witnesses' deposition dates until early November.  As I had explained, these scheduling adjustments would give defendants an opportunity to refile their dispositive motions and have them heard on October 18 (if that was their intention), before the hearing on the parties' discovery motions.  I advised defendants' counsel that failing their agreement to this proposal, DC Comics would seek *ex parte* relief.  Attached hereto as Exhibit F is a true and correct copy of a letter from me to defendants' counsel dated September 8.

13.   On Friday, September 10, counsel for defendants sent me a letter rejecting our proposal.  Defendants instead requested—as they did during our September 2 meet-and-confer and in their ensuing letter—"an arrangement under which the depositions you have proposed are taken off calendar, with the parties promptly meeting and conferring after the hearing on the dispositive 12(b)(6) motions and the Anti-SLAPP motion, in an effort to resolve any disputes concerning the depositions."  While defendants acknowledged that DC Comics motion to initiate discovery and defendants' motion to stay discovery were "overlapping" and turned on "similar issues," they refused to agree to have these motions heard on the same day.  Attached hereto as Exhibit G is a true and correct copy of this letter from defendants' counsel to me dated September 10.

14.   I responded to defendants' September 10 letter, explaining that defendants had made the same proposal to DC Comics on September 2, that we "already apprised [defendants] the proposal was not reasonable," and thus DC Comics would need to "proceed with the *ex parte* application."  Attached

- 4 -  PETROCELLI DECLARATION RE: *EX PARTE* APPLICATION TO CONSOLIDATE HEARING DATES ON RELATED DISCOVERY MOTIONS

1 | hereto as Exhibit H is a true and correct copy of that letter from me to defendants'
2 | counsel, sent earlier today.

3 | 15. On September 13, shortly before filing this *ex parte* application,
4 | defendants' counsel sent us the letter attached hereto as Exhibit I.

5 | I declare under penalty of perjury under the laws of the United States that the
6 | foregoing is true and correct. Executed this 13th day of September 2010, at Los
7 | Angeles, California.

/s/ Daniel M. Petrocelli

CCI:836146