# EXHIBIT A



## O'MELVENY & MYERS LLP

BEIJING
BRUSSELS
HONG KONG
LONDON
LOS ANGELES
NEWPORT BEACH
NEW YORK

1999 Avenue of the Stars, 7th Floor
Los Angeles, California 90067-6035

TELEPHONE (310) 553-6700
FACSIMILE (310) 246-6779
www.omm.com

SAN FRANCISCO
SHANGHAI
SILICON VALLEY
SINGAPORE
TOKYO
WASHINGTON, D.C.

August 17, 2010

OUR FILE NUMBER
905,900-321

**VIA E-MAIL AND U.S. MAIL**

WRITER'S DIRECT DIAL
(310) 246-6750

Marc Toberoff
Toberoff & Associates, P.C.
2049 Century Park East, Suite 2720
Los Angeles, California 90067

WRITER'S E-MAIL ADDRESS
dpetrocelli@omm.com

Richard Kendall
Kendall Brill & Klieger LLP
10100 Santa Monica Boulevard, Suite 1725
Los Angeles, California 90067

Re:   ___DC Comics v. Pacific Pictures Corp. et al., CV-10-3633 (ODW) (RZx)___

Dear Counsel:

    Enclosed please find Notices of Deposition and Requests for Production of Documents for Joanne Siegel, Jean Peavy, Laura Siegel Larson, and Mark Warren Peary, as well as a Subpoena to Testify at a Deposition in a Civil Action for Ms. Peavy. Please confirm that you are authorized to accept service on behalf of Ms. Peavy and that you agree to produce her for deposition—if not, we will proceed to serve her with the attached Subpoena.

                        Very truly yours,

                        Daniel M. Petrocelli
                        of O'MELVENY & MYERS LLP

Enclosures

EXHIBIT A
6

1  DANIEL M. PETROCELLI (S.B. #97802)
    dpetrocelli@omm.com
2  MATTHEW T. KLINE (S.B. #211640)
    mkline@omm.com
3  CASSANDRA L. SETO (S.B. #246608)
    cseto@omm.com
4  O'MELVENY & MYERS LLP
   1999 Avenue of the Stars, 7th Floor
5  Los Angeles, CA 90067-6035
   Telephone:  (310) 553-6700
6  Facsimile:   (310) 246-6779

7  (continued on next page)

8  Attorneys for Plaintiff DC Comics

9
                 UNITED STATES DISTRICT COURT
10
                CENTRAL DISTRICT OF CALIFORNIA
11

12  DC COMICS,                          Case No. CV-10-3633 ODW (RZx)

13            Plaintiff,                **DISCOVERY MATTER**

14        v.                            **PLAINTIFF DC COMICS'
                                        NOTICE OF DEPOSITION OF
15  PACIFIC PICTURES                    DEFENDANT JOANNE SIEGEL
    CORPORATION, IP WORLDWIDE,          AND REQUEST FOR
16  LLC, IPW, LLC, MARC TOBEROFF,       PRODUCTION OF DOCUMENTS**
    an individual, MARK WARREN
17  PEARY, as personal representative of **Judge**: Hon. Otis D. Wright II
    the ESTATE OF JOSEPH SHUSTER,       **Magistrate**:  Hon. Ralph Zarefsky
18  JOANNE SIEGEL, an individual,
    LAURA SIEGEL LARSON, an             Deposition Date:  October 5, 2010
19  individual, and DOES 1-10, inclusive, Deposition Time:  9:00 a.m.

20            Defendants.

21

22

23

24

25

26

27

28
                                        NOTICE OF DEPOSITION OF DEFENDANT
                                        JOANNE SIEGEL AND REQUEST FOR
                                        PRODUCTION OF DOCUMENTS

EXHIBIT A
7

1 | (continued from previous page)

2 | PATRICK T. PERKINS (admitted *pro hac vice*)
      pperkins@ptplaw.com
3 | PERKINS LAW OFFICE, P.C.
      1711 Route 9D
4 | Cold Spring, NY 10516
      Telephone:  (845) 265-2820
5 | Facsimile:   (845) 265-2819

6 | Attorneys for Plaintiff DC Comics

7 |
8 |
9 |
10 |
11 |
12 |
13 |
14 |
15 |
16 |
17 |
18 |
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |

NOTICE OF DEPOSITION OF DEFENDANT
JOANNE SIEGEL AND REQUEST FOR
PRODUCTION OF DOCUMENTS

1   **TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

2       PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure

3   30, the deposition upon oral examination of defendant Joanne Siegel (the

4   "Deponent") will be taken in the above-entitled action on October 5, 2010 starting

5   at 9:00 a.m. and continuing over the course of one day until completed or otherwise

6   adjourned.  The deposition will be held at the offices of O'Melveny & Myers LLP,

7   1999 Avenue of the Stars, Suite 700, Los Angeles, California 90067.  The

8   deposition will be taken before a notary public or other officer authorized to

9   administer oaths and will be recorded by stenographic, sound, and visual means.

10       PLEASE TAKE FURTHER NOTICE that, pursuant to Federal Rule of Civil

11   Procedure 34, Deponent is requested to produce for inspection and copying all

12   documents described in Attachment A to this Notice of Deposition, in accordance

13   with the definitions contained therein, by no later than September 17, 2010.

14       This Notice of Deposition is being served on Deponent's counsel at the

15   address shown on the accompanying Proof of Service.

16

17      Dated:  August 17, 2010        Respectfully submitted,

18                               O'MELVENY & MYERS LLP

19

20                               By:_____

21                                 Daniel M. Petrocelli

22                          Attorneys for Plaintiff DC Comics

23

24

25

26

27

28

NOTICE OF DEPOSITION OF DEFENDANT
JOANNE SIEGEL AND REQUEST FOR
PRODUCTION OF DOCUMENTS

## ATTACHMENT A

## DEFINITIONS AND INSTRUCTIONS

1.    "DOCUMENT" shall be interpreted in its broadest sense to include any and all "documents" and "other tangible things" as those terms are understood in Federal Rule of Civil Procedure 34, including, without limitation, any "writing," "recording," or "photograph" as those terms are defined in Federal Rule of Evidence 1001. This shall include, but is not limited to: e-mail, audio or video recordings, correspondence, letters, phone messages, notes, memoranda, facsimiles, publications, contracts, agreements, calendars, drafts of proposed contracts or agreements, papers, and photographs.

2.    "COMMUNICATION" means all written, electronic, oral, telephonic, gesture, or other transmission or exchange of information, including without limitation any inquiry, request, dialogue, discussion, conversation, interview, correspondence, letter, note, consultation, negotiation, agreement, understanding, meeting, e-mail, and all DOCUMENTS evidencing any verbal or nonverbal interaction between any individuals or entities.

3.    "REFER" or "RELATE" means, without limitation, evidence, reflect, summarize, constitute, contain, study, analyze, explain, mention, show, discuss, describe, or comment upon.

4.    "PERSON" means any natural person, firm, association, corporation, partnership, or other legal entity or organization separately identifiable, and any department(s) or division(s) therein.

5.    "YOU" or "YOUR" means Joanne Siegel and, as applicable, any PERSON acting on her behalf, including but not limited to her agents, employees, attorneys, and representatives.

6.    "DEFENDANT" or "DEFENDANTS" means, collectively and severally, any defendant in the above-entitled action, including YOU; Pacific Pictures Corporation; IP Worldwide, LLC; IPW, LLC; Marc Toberoff; Mark

NOTICE OF DEPOSITION OF DEFENDANT
JOANNE SIEGEL AND REQUEST FOR
PRODUCTION OF DOCUMENTS

EXHIBIT A
10

1   Warren Peary, on behalf of the Estate of Joseph Shuster; and Laura Siegel Larson

2   and, as applicable, any PERSON acting on their behalf, including but not limited

3   to their agents, employees, attorneys, and representatives.

4        7.   "SIEGEL HEIRS" means, collectively and severally, YOU, Laura

5   Siegel Larson, Dennis Larson, Michael Siegel, or any other executor,

6   administrator, heir, relative, or representative of Jerome Siegel and, as applicable,

7   any PERSON acting on their behalf, including but not limited to their agents,

8   employees, attorneys, and representatives.

9        8.   "SHUSTER HEIRS" means, collectively and severally, the Estate of

10   Joseph Shuster, Jean Peavy, Mark Peary, Dawn Peavy, Frank Shuster, or any

11   other executor, administrator, heir, relative, or representative of Joseph Shuster

12   and, as applicable, any PERSON acting on their behalf, including but not limited

13   to their agents, employees, attorneys, and representatives.

14        9.   "SIEGEL" means Jerome Siegel and, as applicable, any PERSON

15   acting on his behalf, including but not limited to his agents, employees, attorneys,

16   heirs, and representatives.

17        10.   "SHUSTER" means Joseph Shuster and, as applicable, any PERSON

18   acting on his behalf, including but not limited to his agents, employees, attorneys,

19   heirs, and representatives.

20        11.   "SUPERMAN" means the Superman character as delineated in

21   literary works such as comic books, newspapers, novels, radio programs,

22   television programs, and motion pictures, and any of the works in which he

23   appears, including but not limited to *Action Comics. No. 1.*

24        12.   "SUPERBOY" means the Superboy character as delineated in

25   literary works such as comic books, newspapers, novels, radio programs,

26   television programs, and motion pictures, and any of the works in which he

27   appears, including but not limited to *More Fun Comics #101.*

28        13.   "INCLUDING" means "including, but not limited to."

NOTICE OF DEPOSITION OF DEFENDANT
JOANNE SIEGEL AND REQUEST FOR
PRODUCTION OF DOCUMENTS

3

14.    "Any" and "All" are interchangeable.

15.    The singular form includes the plural form, and vice versa.

16.    YOU are instructed to produce all DOCUMENTS that are responsive to these Requests and that are in YOUR possession, custody, or control.  A DOCUMENT is in YOUR "possession, custody, or control" if it is in YOUR physical possession, or if, as a practical matter, YOU have the ability, upon request, to obtain possession of the DOCUMENT or a copy thereof from another person or entity that has physical possession of the DOCUMENT.

17.    If any DOCUMENT or category of DOCUMENTS is not produced in full, please state with particularity the reason or reasons it is not being produced in full, and describe, to the best of YOUR knowledge, information and belief, and with as much particularity as possible, the DOCUMENT or portions of the DOCUMENT that are not being produced.

18.    Each DOCUMENT is to be produced as it is kept in the usual course of business, including all file folders, binders, notebooks, and other devices by which such DOCUMENTS may be organized or separated.

19.    If YOU withhold any DOCUMENT, or portion of a DOCUMENT, on grounds that it is protected from discovery by the attorney-client privilege, work-product doctrine, or other privilege or immunity from discovery, please set forth, for each DOCUMENT or portion of a DOCUMENT withheld:

     (a)    The place, approximate date, and manner of recording, creating or otherwise preparing the DOCUMENT;

     (b)    The names and organization position, if any, of each author, sender, and recipient of the DOCUMENT;

     (c)    A general description of the subject matter of the DOCUMENT;

     (d)    The basis of any claim of privilege; and

     (e)    If work-product is asserted, the proceeding for which the DOCUMENT was created.

20.    For any DOCUMENT or category of DOCUMENTS that was, but no longer is, in YOUR possession, custody or control, please describe each such DOCUMENT as completely as possible and provide the following information:

        (a)    The reason the DOCUMENT is no longer in YOUR possession, custody or control;

        (b)    The person or entity, if any, who has possession, custody or control or, if unknown, so state; and

        (c)    If the DOCUMENT was destroyed or otherwise disposed of, state (i) the manner of disposal (*i.e.*, destruction, loss, discarding or other means of disposal); (ii) the date of disposal; (iii) the reason for disposal; (iv) the person authorizing disposal; (v) the person disposing of the DOCUMENT; and (vi) the name and address of the most recent custodian of the DOCUMENT.

21.    Each Request shall be construed independently and no Request shall be viewed as limiting the scope of any other Request.

22.    All responsive DOCUMENTS maintained or stored in electronic format shall be produced in native file format with all associated metadata preserved. All responsive DOCUMENTS maintained in hard copy shall be produced in TIFF.

23.    The collection and production of DOCUMENTS shall be performed in a manner that ensures that the source of each DOCUMENTS may be determined, if necessary.

24.    DOCUMENTS attached to each other shall not be separated.

25.    These Requests impose a continuing obligation subsequent to YOUR initial production within thirty days of the service date of these Requests, or other date mutually agreed upon by the parties, to timely supplement YOUR response or production if YOU determine that YOUR response or production is incomplete or incorrect.

NOTICE OF DEPOSITION OF DEFENDANT
JOANNE SIEGEL AND REQUEST FOR
PRODUCTION OF DOCUMENTS

5

## **DOCUMENTS REQUESTED**

1.     All agreements between or among YOU and any DEFENDANT regarding the SIEGEL HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

2.     All agreements between or among YOU and the SHUSTER HEIRS regarding the SIEGEL HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

3.     All agreements between or among YOU and any DEFENDANT regarding the SHUSTER HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

4.     All agreements between or among SIEGEL and SHUSTER regarding any purported rights in SUPERMAN and/or SUPERBOY.

5.     All agreements between or among YOU and the SHUSTER HEIRS regarding the SHUSTER HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

6.     All DOCUMENTS relating to or affecting the ability of YOU or the SIEGEL HEIRS to negotiate or enter into agreements regarding SUPERMAN and/or SUPERBOY.

7.     All DOCUMENTS relating to or affecting the ability of the SHUSTER HEIRS to negotiate or enter into agreements regarding SUPERMAN and/or SUPERBOY.

8.     All DOCUMENTS relating to or affecting the disposition, division, or ownership of any rights in SUPERMAN and/or SUPERBOY.

9.     All DOCUMENTS relating to or affecting the division of revenue, proceeds, or other profits regarding SUPERMAN and/or SUPERBOY.

10.     All DOCUMENTS relating to or affecting the division of any settlement proceeds regarding SUPERMAN and/or SUPERBOY.

NOTICE OF DEPOSITION OF DEFENDANT
JOANNE SIEGEL AND REQUEST FOR
PRODUCTION OF DOCUMENTS

EXHIBIT A
14

1      11.   All DOCUMENTS relating to the potential sale, assignment, license,

2  or other disposition of any rights relating to SUPERMAN and/or SUPERBOY,

3  including but not limited to any solicitation, offer, option, or proposed agreement.

4      12.   All DOCUMENTS relating to the valuation of any past, current, or

5  potential ownership interest in SUPERMAN and/or SUPERBOY.

6      13.   All DOCUMENTS relating to the introduction of YOU or the SIEGEL

7  HEIRS to any DEFENDANT.

8      14.   All DOCUMENTS relating to the October 16, 2001

9  COMMUNICATION between Kevin Marks and John Schulman.

10      15.   All DOCUMENTS relating to the October 19, 2002 letter from Kevin

11  Marks to John Schulman confirming that the SIEGEL HEIRS "accepted D.C.

12  Comics' offer of October 16, 2001."

13      16.   All DOCUMENTS relating to the October 26, 2001 letter from DC

14  Comics to the SIEGEL HEIRS.

15      17.   All DOCUMENTS relating to the November 29, 2001

16  COMMUNICATION between DEFENDANT Marc Toberoff and Kevin Marks

17  regarding the SIEGEL HEIRS' purported rights in SUPERMAN and/or

18  SUPERBOY.

19      18.   All DOCUMENTS relating to the February 1, 2002 letter from Patrick

20  Perkins to the SIEGEL HEIRS.

21      19.   All DOCUMENTS relating to the February 6, 2002

22  COMMUNICATION between DEFENDANT Marc Toberoff and Kevin Marks

23  regarding the SIEGEL HEIRS' purported rights in SUPERMAN and/or

24  SUPERBOY.

25      20.   All DOCUMENTS relating to the February 2002 COMMUNICATION

26  between DEFENDANT Marc Toberoff and Warner Bros. executive Steven Spira

27  regarding the rights in SUPERMAN and/or SUPERBOY.

28

1    21.    All DOCUMENTS relating to the May 9, 2002 letter from YOU to
2    Time Warner Inc.

3    22.    All DOCUMENTS relating to the May 21, 2002 letter from Richard
4    Parsons of Time Warner Inc. to YOU.

5    23.    All DOCUMENTS relating to any solicitation, offer, or option from
6    any DEFENDANT regarding the purported rights of YOU or the SIEGEL HEIRS
7    in SUPERMAN and/or SUPERBOY.

8    24.    All DOCUMENTS relating to the September 21, 2002 letter from
9    YOU to Kevin Marks.

10    25.    All DOCUMENTS relating to the September 21, 2002 letter from
11    YOU to DC Comics.

12    26.    All DOCUMENTS relating to the letter agreement dated October 3,
13    2002 that YOU signed with DEFENDANT IP Worldwide, LLC, and any revisions,
14    modifications, or adjustments thereto.

15    27.    All DOCUMENTS relating to the October 28, 2002 letter from YOU
16    to Lillian Laserson of DC Comics.

17    28.    All DOCUMENTS relating to the Notice of Termination of Transfer
18    Covering Extended Renewal Term:  Superboy served on behalf of the SIEGEL
19    HEIRS on or around November 8, 2002.

20
21    Dated:  August 17, 2010                Respectfully submitted,
22                                           O'MELVENY & MYERS LLP
23
24    By:_____
                                           Daniel M. Petrocelli
25                                         Attorneys for Plaintiff DC Comics
26
27
28

                                    NOTICE OF DEPOSITION OF DEFENDANT
                                    JOANNE SIEGEL AND REQUEST FOR
                          8         PRODUCTION OF DOCUMENTS

1  DANIEL M. PETROCELLI (S.B. #97802)
      dpetrocelli@omm.com
2  MATTHEW T. KLINE (S.B. #211640)
      mkline@omm.com
3  CASSANDRA L. SETO (S.B. #246608)
      cseto@omm.com
4  O'MELVENY & MYERS LLP
   1999 Avenue of the Stars, 7th Floor
5  Los Angeles, CA 90067-6035
   Telephone:  (310) 553-6700
6  Facsimile:  (310) 246-6779

7  (continued on next page)

8  Attorneys for Plaintiff DC Comics

9

# UNITED STATES DISTRICT COURT

10

## CENTRAL DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| 12  DC COMICS, | Case No. CV-10-3633 ODW (RZx) |
| 13              Plaintiff, | **DISCOVERY MATTER** |
| 14         v. | **PLAINTIFF DC COMICS' NOTICE OF DEPOSITION OF JEAN PEAVY AND REQUEST FOR PRODUCTION OF DOCUMENTS** |
| 15  PACIFIC PICTURES CORPORATION, IP WORLDWIDE, LLC, IPW, LLC, MARC TOBEROFF, an individual, MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER, JOANNE SIEGEL, an individual, LAURA SIEGEL LARSON, an individual, and DOES 1-10, inclusive, | **Judge**:  Hon. Otis D. Wright II
**Magistrate**:  Hon. Ralph Zarefsky

Deposition Date:    October 12, 2010
Deposition Time:   9:00 a.m. |
| 19              Defendants. | |

NOTICE OF DEPOSITION OF
JEAN PEAVY AND REQUEST FOR
PRODUCTION OF DOCUMENTS

1    **TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

2          PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure

3    30 and the concurrently-served Subpoena to Testify at a Deposition in a Civil

4    Action (the "Subpoena"), the deposition upon oral examination of third party Jean

5    Adele Peavy (the "Deponent") will be taken in the above-entitled action on October

6    12, 2010 starting at 9:00 a.m. and continuing over the course of one day until

7    completed or otherwise adjourned.  The deposition will be held at the Hilton Hotel,

8    100 Sandoval Street, Santa Fe, New Mexico 87501-2131.  The deposition will be

9    taken before a notary public or other officer authorized to administer oaths and will

10   be recorded by stenographic, sound, and visual means.

11         PLEASE TAKE FURTHER NOTICE that, in connection with such

12   deposition and in accordance with the concurrently-served Subpoena, the Deponent

13   is required to provide the documents, records, papers and information described in

14   Attachment A to this Notice of Deposition, in accordance with the definitions

15   contained therein, by no later than September 17, 2010.

16         This Notice of Deposition is being served on Deponent's counsel at the

17   address shown on the accompanying Proof of Service.

18

19         Dated:  August 17, 2010                    Respectfully submitted,

20                                                     O'MELVENY & MYERS LLP

21

22                                                     By:_____
                                                          Daniel M. Petrocelli
23
                                                     Attorneys for Plaintiff DC Comics
24

25

26

27

28
                                                              NOTICE OF DEPOSITION OF
                                                           JEAN PEAVY AND REQUEST FOR
                                                           PRODUCTION OF DOCUMENTS
                                    1

EXHIBIT A
18

## ATTACHMENT A

## DEFINITIONS AND INSTRUCTIONS

1.      "DOCUMENT" shall be interpreted in its broadest sense to include any and all "documents" and "other tangible things" as those terms are understood in Federal Rule of Civil Procedure 34, including, without limitation, any "writing," "recording," or "photograph" as those terms are defined in Federal Rule of Evidence 1001.  This shall include, but is not limited to:  e-mail, audio or video recordings, correspondence, letters, phone messages, notes, memoranda, facsimiles, publications, contracts, agreements, calendars, drafts of proposed contracts or agreements, papers, and photographs.

2.      "COMMUNICATION" means all written, electronic, oral, telephonic, gesture, or other transmission or exchange of information, including without limitation any inquiry, request, dialogue, discussion, conversation, interview, correspondence, letter, note, consultation, negotiation, agreement, understanding, meeting, e-mail, and all DOCUMENTS evidencing any verbal or nonverbal interaction between any individuals or entities.

3.      "REFER" or "RELATE" means, without limitation, evidence, reflect, summarize, constitute, contain, study, analyze, explain, mention, show, discuss, describe, or comment upon.

4.      "PERSON" means any natural person, firm, association, corporation, partnership, or other legal entity or organization separately identifiable, and any department(s) or division(s) therein.

5.      "YOU" or "YOUR" means Jean Adele Peavy and, as applicable, any PERSON acting on her behalf, including but not limited to her agents, employees, attorneys, and representatives.

6.      "DEFENDANT" or "DEFENDANTS" means, collectively and severally, any defendant in the above-entitled action, including Pacific Pictures Corporation; IP Worldwide, LLC; IPW, LLC; Marc Toberoff; Mark Warren

NOTICE OF DEPOSITION OF
JEAN PEAVY AND REQUEST FOR
PRODUCTION OF DOCUMENTS

2

1  Peary, on behalf of the Estate of Joseph Shuster; Joanne Siegel; and Laura Siegel

2  Larson and, as applicable, any PERSON acting on their behalf, including but not

3  limited to their agents, employees, attorneys, and representatives.

4      7.     "SHUSTER HEIRS" means, collectively and severally, YOU, the

5  Estate of Joseph Shuster, Mark Peary, Dawn Peavy, Frank Shuster, or any other

6  executor, administrator, heir, relative, or representative of Joseph Shuster and, as

7  applicable, any PERSON acting on their behalf, including but not limited to their

8  agents, employees, attorneys, and representatives.

9      8.     "SIEGEL HEIRS" means, collectively and severally, Joanne Siegel,

10  Laura Siegel Larson, Dennis Larson, Michael Siegel, or any other executor,

11  administrator, heir, relative, or representative of Jerome Siegel and, as applicable,

12  any PERSON acting on their behalf, including but not limited to their agents,

13  employees, attorneys, and representatives.

14      9.     "SHUSTER" means Joseph Shuster and, as applicable, any PERSON

15  acting on his behalf, including but not limited to his agents, employees, attorneys,

16  heirs, and representatives.

17      10.    "SIEGEL" means Jerome Siegel and, as applicable, any PERSON

18  acting on his behalf, including but not limited to his agents, employees, attorneys,

19  heirs, and representatives.

20      11.    "SUPERMAN" means the Superman character as delineated in

21  literary works such as comic books, newspapers, novels, radio programs,

22  television programs, and motion pictures, and any of the works in which he

23  appears, including but not limited to *Action Comics. No. 1.*

24      12.    "SUPERBOY" means the Superboy character as delineated in

25  literary works such as comic books, newspapers, novels, radio programs,

26  television programs, and motion pictures, and any of the works in which he

27  appears, including but not limited to *More Fun Comics #101.*

28      13.    "INCLUDING" means "including, but not limited to."

NOTICE OF DEPOSITION OF
JEAN PEAVY AND REQUEST FOR
PRODUCTION OF DOCUMENTS

3

14.    "Any" and "All" are interchangeable.

15.    The singular form includes the plural form, and vice versa.

16.    YOU are instructed to produce all DOCUMENTS that are responsive to these Requests and that are in YOUR possession, custody, or control.  A DOCUMENT is in YOUR "possession, custody, or control" if it is in YOUR physical possession, or if, as a practical matter, YOU have the ability, upon request, to obtain possession of the DOCUMENT or a copy thereof from another person or entity that has physical possession of the DOCUMENT.

17.    If any DOCUMENT or category of DOCUMENTS is not produced in full, please state with particularity the reason or reasons it is not being produced in full, and describe, to the best of YOUR knowledge, information and belief, and with as much particularity as possible, the DOCUMENT or portions of the DOCUMENT that are not being produced.

18.    Each DOCUMENT is to be produced as it is kept in the usual course of business, including all file folders, binders, notebooks, and other devices by which such DOCUMENTS may be organized or separated.

19.    If YOU withhold any DOCUMENT, or portion of a DOCUMENT, on grounds that it is protected from discovery by the attorney-client privilege, work-product doctrine, or other privilege or immunity from discovery, please set forth, for each DOCUMENT or portion of a DOCUMENT withheld:

(a)    The place, approximate date, and manner of recording, creating or otherwise preparing the DOCUMENT;

(b)    The names and organization position, if any, of each author, sender, and recipient of the DOCUMENT;

(c)    A general description of the subject matter of the DOCUMENT;

(d)    The basis of any claim of privilege; and

(e)    If work-product is asserted, the proceeding for which the DOCUMENT was created.

NOTICE OF DEPOSITION OF
JEAN PEAVY AND REQUEST FOR
PRODUCTION OF DOCUMENTS

4

EXHIBIT A
21

20.     For any DOCUMENT or category of DOCUMENTS that was, but no longer is, in YOUR possession, custody or control, please describe each such DOCUMENT as completely as possible and provide the following information:

    (a)     The reason the DOCUMENT is no longer in YOUR possession, custody or control;

    (b)     The person or entity, if any, who has possession, custody or control or, if unknown, so state; and

    (c)     If the DOCUMENT was destroyed or otherwise disposed of, state (i) the manner of disposal (*i.e.*, destruction, loss, discarding or other means of disposal); (ii) the date of disposal; (iii) the reason for disposal; (iv) the person authorizing disposal; (v) the person disposing of the DOCUMENT; and (vi) the name and address of the most recent custodian of the DOCUMENT.

21.     Each Request shall be construed independently and no Request shall be viewed as limiting the scope of any other Request.

22.     All responsive DOCUMENTS maintained or stored in electronic format shall be produced in native file format with all associated metadata preserved.  All responsive DOCUMENTS maintained in hard copy shall be produced in TIFF.

23.     The collection and production of DOCUMENTS shall be performed in a manner that ensures that the source of each DOCUMENTS may be determined, if necessary.

24.     DOCUMENTS attached to each other shall not be separated.

25.     These Requests impose a continuing obligation subsequent to YOUR initial production within thirty days of the service date of these Requests, or other date mutually agreed upon by the parties, to timely supplement YOUR response or production if YOU determine that YOUR response or production is incomplete or incorrect.

NOTICE OF DEPOSITION OF
JEAN PEAVY AND REQUEST FOR
PRODUCTION OF DOCUMENTS

5

## **DOCUMENT REQUESTS**

1.    All agreements between or among YOU and any DEFENDANT regarding the SHUSTER HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

2.    All agreements between or among YOU and any DEFENDANT regarding the SIEGEL HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

3.    All agreements between or among SHUSTER and SIEGEL regarding any purported rights in SUPERMAN and/or SUPERBOY.

4.    All DOCUMENTS relating to or affecting the ability of YOU or the SHUSTER HEIRS to negotiate or enter into agreements regarding SUPERMAN and/or SUPERBOY.

5.    All DOCUMENTS relating to or affecting the ability of the SIEGEL HEIRS to negotiate or enter into agreements regarding SUPERMAN and/or SUPERBOY.

6.    All DOCUMENTS relating to or affecting the disposition, division, or ownership of any rights in SUPERMAN and/or SUPERBOY.

7.    All DOCUMENTS relating to or affecting the division of revenue, proceeds, or other profits regarding SUPERMAN and/or SUPERBOY.

8.    All DOCUMENTS relating to or affecting the division of any settlement proceeds regarding SUPERMAN and/or SUPERBOY.

9.    All DOCUMENTS relating to the potential sale, assignment, license, or other disposition of any rights relating to SUPERMAN and/or SUPERBOY, including but not limited to any solicitation, offer, option, or proposed agreement.

10.    All DOCUMENTS relating to the valuation of any past, current, or potential ownership interest in SUPERMAN and/or SUPERBOY.

11.    All DOCUMENTS relating to the introduction of YOU or the SHUSTER HEIRS to any DEFENDANT.

NOTICE OF DEPOSITION OF
JEAN PEAVY AND REQUEST FOR
PRODUCTION OF DOCUMENTS

EXHIBIT A
23

1      12.    All DOCUMENTS relating to the introduction of the SIEGEL HEIRS

2  to any DEFENDANT.

3      13.    All DOCUMENTS relating to the letter dated August 21, 1992 that

4  YOU sent to Time Warner Inc.

5      14.    All DOCUMENTS relating to the letter dated September 10, 1992 that

6  Frank Shuster sent on YOUR behalf to Paul Levitz of DC Comics.

7      15.    All DOCUMENTS relating to the agreement dated August 1, 1992 that

8  YOU entered into with DC Comics.

9      16.    All DOCUMENTS relating to the letter dated July 10, 1993 that YOU

10  sent to Paul Levitz of DC Comics.

11      17.    All DOCUMENTS relating to the letter dated September 14, 1993 that

12  YOU sent to Paul Levitz of DC Comics.

13      18.    All DOCUMENTS relating to the letter dated April 27, 1995 that YOU

14  sent to Paul Levitz of DC Comics.

15      19.    All DOCUMENTS relating to the letter agreement dated November 23,

16  2001 that YOU entered into with DEFENDANT Pacific Pictures Corporation.

17      20.    All DOCUMENTS relating to the letter agreement dated October 27,

18  2003 that YOU entered into with DEFENDANT Pacific Pictures Corporation.

19      21.    All DOCUMENTS relating to the letter dated September 10, 2004 that

20  YOU signed with DEFENDANT Pacific Pictures Corporation.

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28  //

NOTICE OF DEPOSITION OF
JEAN PEAVY AND REQUEST FOR
PRODUCTION OF DOCUMENTS

EXHIBIT A

1        22.    All DOCUMENTS relating to the Notice of Termination of Transfer

2    Covering Extended Copyright Renewal Term of "Superman" served on behalf of

3    the Estate of Joseph Shuster on or around November 10, 2003.

4

5          Dated:  August 17, 2010          Respectfully submitted,

6                                    O'MELVENY & MYERS LLP

7

8                                    By:_____

                                        Daniel M. Petrocelli

9                                  Attorneys for Plaintiff DC Comics

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   DANIEL M. PETROCELLI (S.B. #97802)
      dpetrocelli@omm.com
2   MATTHEW T. KLINE (S.B. #211640)
      mkline@omm.com
3   CASSANDRA L. SETO (S.B. #246608)
      cseto@omm.com
4   O'MELVENY & MYERS LLP
    1999 Avenue of the Stars, 7th Floor
5   Los Angeles, CA 90067-6035
    Telephone:  (310) 553-6700
6   Facsimile:   (310) 246-6779

7   (continued on next page)

8   Attorneys for Plaintiff DC Comics

9                   UNITED STATES DISTRICT COURT

10              CENTRAL DISTRICT OF CALIFORNIA

11
    DC COMICS,                          Case No. CV-10-3633 ODW (RZx)
12
                    Plaintiff,          **DISCOVERY MATTER**
13
          v.                            **PLAINTIFF DC COMICS'
14                                      NOTICE OF DEPOSITION OF
    PACIFIC PICTURES                    DEFENDANT LAURA SIEGEL
15  CORPORATION, IP WORLDWIDE,          LARSON AND REQUEST FOR
    LLC, IPW, LLC, MARC TOBEROFF,       PRODUCTION OF DOCUMENTS**
16  an individual, MARK WARREN
    PEARY, as personal representative of **Judge**:  Hon. Otis D. Wright II
17  the ESTATE OF JOSEPH SHUSTER,       **Magistrate**:  Hon. Ralph Zarefsky
    JOANNE SIEGEL, an individual,
18  LAURA SIEGEL LARSON, an             Deposition Date:  October 6, 2010
    individual, and DOES 1-10, inclusive, Deposition Time:  9:00 a.m.
19
                    Defendants.
20

21

22

23

24

25

26

27

28
                                        NOTICE OF DEPOSITION OF DEFENDANT
                                        LAURA SIEGEL LARSON AND REQUEST
                                        FOR PRODUCTION OF DOCUMENTS

1 | (continued from previous page)

2 | PATRICK T. PERKINS (admitted *pro hac vice*)
   pperkins@ptplaw.com
3 | PERKINS LAW OFFICE, P.C.
   1711 Route 9D
4 | Cold Spring, NY 10516
   Telephone:  (845) 265-2820
5 | Facsimile:   (845) 265-2819

6 | Attorneys for Plaintiff DC Comics

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF DEPOSITION OF DEFENDANT
LAURA SIEGEL LARSON AND REQUEST
FOR PRODUCTION OF DOCUMENTS

EXHIBIT A
27

1  **TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

2      PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure

3  30, the deposition upon oral examination of defendant Laura Siegel Larson (the

4  "Deponent") will be taken in the above-entitled action on October 6, 2010 starting

5  at 9:00 a.m. and continuing over the course of one day until completed or otherwise

6  adjourned.  The deposition will be held at the offices of O'Melveny & Myers LLP,

7  1999 Avenue of the Stars, Suite 700, Los Angeles, California 90067.  The

8  deposition will be taken before a notary public or other officer authorized to

9  administer oaths and will be recorded by stenographic, sound, and visual means.

10      PLEASE TAKE FURTHER NOTICE that, pursuant to Federal Rule of Civil

11  Procedure 34, Deponent is requested to produce for inspection and copying all

12  documents described in Attachment A to this Notice of Deposition, in accordance

13  with the definitions contained therein, by no later than September 17, 2010.

14      This Notice of Deposition is being served on Deponent's counsel at the

15  address shown on the accompanying Proof of Service.

16

17      Dated:  August 17, 2010          Respectfully submitted,

18                              O'MELVENY & MYERS LLP

19

20                              By:_____

21                                 Daniel M. Petrocelli

22                              Attorneys for Plaintiff DC Comics

23

24

25

26

27

28

                                   NOTICE OF DEPOSITION OF DEFENDANT
                                   LAURA SIEGEL LARSON AND REQUEST

1                                FOR PRODUCTION OF DOCUMENTS

# ATTACHMENT A

## DEFINITIONS AND INSTRUCTIONS

1.  "DOCUMENT" shall be interpreted in its broadest sense to include any and all "documents" and "other tangible things" as those terms are understood in Federal Rule of Civil Procedure 34, including, without limitation, any "writing," "recording," or "photograph" as those terms are defined in Federal Rule of Evidence 1001. This shall include, but is not limited to: e-mail, audio or video recordings, correspondence, letters, phone messages, notes, memoranda, facsimiles, publications, contracts, agreements, calendars, drafts of proposed contracts or agreements, papers, and photographs.

2.  "COMMUNICATION" means all written, electronic, oral, telephonic, gesture, or other transmission or exchange of information, including without limitation any inquiry, request, dialogue, discussion, conversation, interview, correspondence, letter, note, consultation, negotiation, agreement, understanding, meeting, e-mail, and all DOCUMENTS evidencing any verbal or nonverbal interaction between any individuals or entities.

3.  "REFER" or "RELATE" means, without limitation, evidence, reflect, summarize, constitute, contain, study, analyze, explain, mention, show, discuss, describe, or comment upon.

4.  "PERSON" means any natural person, firm, association, corporation, partnership, or other legal entity or organization separately identifiable, and any department(s) or division(s) therein.

5.  "YOU" or "YOUR" means Laura Siegel Larson and, as applicable, any PERSON acting on her behalf, including but not limited to her agents, employees, attorneys, and representatives.

6.  "DEFENDANT" or "DEFENDANTS" means, collectively and severally, any defendant in the above-entitled action, including YOU; Pacific Pictures Corporation; IP Worldwide, LLC; IPW, LLC; Marc Toberoff; Mark

NOTICE OF DEPOSITION OF DEFENDANT
LAURA SIEGEL LARSON AND REQUEST
FOR PRODUCTION OF DOCUMENTS

1    Warren Peary, on behalf of the Estate of Joseph Shuster; and Joanne Siegel and,

2    as applicable, any PERSON acting on their behalf, including but not limited to

3    their agents, employees, attorneys, and representatives.

4        7.    "SIEGEL HEIRS" means, collectively and severally, YOU, Joanne

5    Siegel, Dennis Larson, Michael Siegel, or any other executor, administrator, heir,

6    relative, or representative of Jerome Siegel and, as applicable, any PERSON

7    acting on their behalf, including but not limited to their agents, employees,

8    attorneys, and representatives.

9        8.    "SHUSTER HEIRS" means, collectively and severally, the Estate of

10   Joseph Shuster, Jean Peavy, Mark Peary, Dawn Peavy, Frank Shuster, or any

11   other executor, administrator, heir, relative, or representative of Joseph Shuster

12   and, as applicable, any PERSON acting on their behalf, including but not limited

13   to their agents, employees, attorneys, and representatives.

14       9.    "SIEGEL" means Jerome Siegel and, as applicable, any PERSON

15   acting on his behalf, including but not limited to his agents, employees, attorneys,

16   heirs, and representatives.

17       10.    "SHUSTER" means Joseph Shuster and, as applicable, any PERSON

18   acting on his behalf, including but not limited to his agents, employees, attorneys,

19   heirs, and representatives.

20       11.    "SUPERMAN" means the Superman character as delineated in

21   literary works such as comic books, newspapers, novels, radio programs,

22   television programs, and motion pictures, and any of the works in which he

23   appears, including but not limited to *Action Comics. No. 1.*

24       12.    "SUPERBOY" means the Superboy character as delineated in

25   literary works such as comic books, newspapers, novels, radio programs,

26   television programs, and motion pictures, and any of the works in which he

27   appears, including but not limited to *More Fun Comics #101.*

28       13.    "INCLUDING" means "including, but not limited to."

NOTICE OF DEPOSITION OF DEFENDANT<br>LAURA SIEGEL LARSON AND REQUEST<br>FOR PRODUCTION OF DOCUMENTS

3

14.    "Any" and "All" are interchangeable.

15.    The singular form includes the plural form, and vice versa.

16.    YOU are instructed to produce all DOCUMENTS that are responsive to these Requests and that are in YOUR possession, custody, or control.  A DOCUMENT is in YOUR "possession, custody, or control" if it is in YOUR physical possession, or if, as a practical matter, YOU have the ability, upon request, to obtain possession of the DOCUMENT or a copy thereof from another person or entity that has physical possession of the DOCUMENT.

17.    If any DOCUMENT or category of DOCUMENTS is not produced in full, please state with particularity the reason or reasons it is not being produced in full, and describe, to the best of YOUR knowledge, information and belief, and with as much particularity as possible, the DOCUMENT or portions of the DOCUMENT that are not being produced.

18.    Each DOCUMENT is to be produced as it is kept in the usual course of business, including all file folders, binders, notebooks, and other devices by which such DOCUMENTS may be organized or separated.

19.    If YOU withhold any DOCUMENT, or portion of a DOCUMENT, on grounds that it is protected from discovery by the attorney-client privilege, work-product doctrine, or other privilege or immunity from discovery, please set forth, for each DOCUMENT or portion of a DOCUMENT withheld:

    (a)    The place, approximate date, and manner of recording, creating or otherwise preparing the DOCUMENT;

    (b)    The names and organization position, if any, of each author, sender, and recipient of the DOCUMENT;

    (c)    A general description of the subject matter of the DOCUMENT;

    (d)    The basis of any claim of privilege; and

    (e)    If work-product is asserted, the proceeding for which the DOCUMENT was created.

NOTICE OF DEPOSITION OF DEFENDANT
LAURA SIEGEL LARSON AND REQUEST
FOR PRODUCTION OF DOCUMENTS

4

20.    For any DOCUMENT or category of DOCUMENTS that was, but no longer is, in YOUR possession, custody or control, please describe each such DOCUMENT as completely as possible and provide the following information:

(a)    The reason the DOCUMENT is no longer in YOUR possession, custody or control;

(b)    The person or entity, if any, who has possession, custody or control or, if unknown, so state; and

(c)    If the DOCUMENT was destroyed or otherwise disposed of, state (i) the manner of disposal (*i.e.*, destruction, loss, discarding or other means of disposal); (ii) the date of disposal; (iii) the reason for disposal; (iv) the person authorizing disposal; (v) the person disposing of the DOCUMENT; and (vi) the name and address of the most recent custodian of the DOCUMENT.

21.    Each Request shall be construed independently and no Request shall be viewed as limiting the scope of any other Request.

22.    All responsive DOCUMENTS maintained or stored in electronic format shall be produced in native file format with all associated metadata preserved.  All responsive DOCUMENTS maintained in hard copy shall be produced in TIFF.

23.    The collection and production of DOCUMENTS shall be performed in a manner that ensures that the source of each DOCUMENTS may be determined, if necessary.

24.    DOCUMENTS attached to each other shall not be separated.

25.    These Requests impose a continuing obligation subsequent to YOUR initial production within thirty days of the service date of these Requests, or other date mutually agreed upon by the parties, to timely supplement YOUR response or production if YOU determine that YOUR response or production is incomplete or incorrect.

**<u>DOCUMENTS REQUESTED</u>**

1.     All agreements between or among YOU and any DEFENDANT regarding the SIEGEL HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

2.     All agreements between or among YOU and the SHUSTER HEIRS regarding the SIEGEL HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

3.     All agreements between or among YOU and any DEFENDANT regarding the SHUSTER HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

4.     All agreements between or among SIEGEL and SHUSTER regarding any purported rights in SUPERMAN and/or SUPERBOY.

5.     All agreements between or among YOU and the SHUSTER HEIRS regarding the SHUSTER HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

6.     All DOCUMENTS relating to or affecting the ability of YOU or the SIEGEL HEIRS to negotiate or enter into agreements regarding SUPERMAN and/or SUPERBOY.

7.     All DOCUMENTS relating to or affecting the ability of the SHUSTER HEIRS to negotiate or enter into agreements regarding SUPERMAN and/or SUPERBOY.

8.     All DOCUMENTS relating to or affecting the disposition, division, or ownership of any rights in SUPERMAN and/or SUPERBOY.

9.     All DOCUMENTS relating to or affecting the division of revenue, proceeds, or other profits regarding SUPERMAN and/or SUPERBOY.

10.     All DOCUMENTS relating to or affecting the division of any settlement proceeds regarding SUPERMAN and/or SUPERBOY.

11.     All DOCUMENTS relating to the potential sale, assignment, license, or other disposition of any rights relating to SUPERMAN and/or SUPERBOY, including but not limited to any solicitation, offer, option, or proposed agreement.

12.     All DOCUMENTS relating to the valuation of any past, current, or potential ownership interest in SUPERMAN and/or SUPERBOY.

13.     All DOCUMENTS relating to the introduction of YOU or the SIEGEL HEIRS to any DEFENDANT.

14.     All DOCUMENTS relating to the October 16, 2001 COMMUNICATION between Kevin Marks and John Schulman.

15.     All DOCUMENTS relating to the October 19, 2002 letter from Kevin Marks to John Schulman confirming that the SIEGEL HEIRS "accepted D.C. Comics' offer of October 16, 2001."

16.     All DOCUMENTS relating to the October 26, 2001 letter from DC Comics to the SIEGEL HEIRS.

17.     All DOCUMENTS relating to the November 29, 2001 COMMUNICATION between DEFENDANT Marc Toberoff and Kevin Marks regarding the SIEGEL HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

18.     All DOCUMENTS relating to the February 1, 2002 letter from Patrick Perkins to the SIEGEL HEIRS.

19.     All DOCUMENTS relating to the February 6, 2002 COMMUNICATION between DEFENDANT Marc Toberoff and Kevin Marks regarding the SIEGEL HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

20.     All DOCUMENTS relating to the February 2002 COMMUNICATION between DEFENDANT Marc Toberoff and Warner Bros. executive Steven Spira regarding the rights in SUPERMAN and/or SUPERBOY.

EXHIBIT A
34

1      21.   All DOCUMENTS relating to the May 9, 2002 letter from

2  DEFENDANT Joanne Siegel to Time Warner Inc.

3      22.   All DOCUMENTS relating to the May 21, 2002 letter from Richard

4  Parsons of Time Warner Inc. to DEFENDANT Joanne Siegel.

5      23.   All DOCUMENTS relating to any solicitation, offer, or option from

6  any DEFENDANT regarding the purported rights of YOU or the SIEGEL HEIRS

7  in SUPERMAN and/or SUPERBOY.

8      24.   All DOCUMENTS relating to the September 21, 2002 letter from

9  YOU to Kevin Marks.

10      25.   All DOCUMENTS relating to the September 21, 2002 letter from

11  YOU to DC Comics.

12      26.   All DOCUMENTS relating to the letter agreement dated October 3,

13  2002 that YOU signed with DEFENDANT IP Worldwide, LLC, and any revisions,

14  modifications, or adjustments thereto.

15      27.   All DOCUMENTS relating to the October 28, 2002 letter from YOU

16  to Lillian Laserson of DC Comics.

17      28.   All DOCUMENTS relating to the Notice of Termination of Transfer

18  Covering Extended Renewal Term:  Superboy served on behalf of the SIEGEL

19  HEIRS on or around November 8, 2002.

20

21      Dated:  August 17, 2010        Respectfully submitted,

22                             O'MELVENY & MYERS LLP

23

24                             By:_____

                                   Daniel M. Petrocelli

25                             Attorneys for Plaintiff DC Comics

26

27

28

                                       NOTICE OF DEPOSITION OF DEFENDANT
                                     LAURA SIEGEL LARSON AND REQUEST
                  FOR PRODUCTION OF DOCUMENTS

1  DANIEL M. PETROCELLI (S.B. #97802)
     dpetrocelli@omm.com
2  MATTHEW T. KLINE (S.B. #211640)
     mkline@omm.com
3  CASSANDRA L. SETO (S.B. #246608)
     cseto@omm.com
4  O'MELVENY & MYERS LLP
   1999 Avenue of the Stars, 7th Floor
5  Los Angeles, CA 90067-6035
   Telephone:  (310) 553-6700
6  Facsimile:   (310) 246-6779

7  (continued on next page)

8  Attorneys for Plaintiff DC Comics

9
                    UNITED STATES DISTRICT COURT
10
                   CENTRAL DISTRICT OF CALIFORNIA
11

12  DC COMICS,                          Case No. CV-10-3633 ODW (RZx)

13            Plaintiff,                 **DISCOVERY MATTER**

14       v.                              **PLAINTIFF DC COMICS'
                                         NOTICE OF DEPOSITION OF
15  PACIFIC PICTURES                     MARK WARREN PEARY AND
    CORPORATION, IP WORLDWIDE,           REQUEST FOR PRODUCTION
16  LLC, IPW, LLC, MARC TOBEROFF,        OF DOCUMENTS**
    an individual, MARK WARREN
17  PEARY, as personal representative of  **Judge**: Hon. Otis D. Wright II
    the ESTATE OF JOSEPH SHUSTER,         **Magistrate**:  Hon. Ralph Zarefsky
    JOANNE SIEGEL, an individual,
18  LAURA SIEGEL LARSON, an               Deposition Date:    October 13, 2010
    individual, and DOES 1-10, inclusive, Deposition Time:    9:00 a.m.
19
              Defendants.
20

21

22

23

24

25

26

27

28
                                         NOTICE OF DEPOSITION OF DEFENDANT
                                         MARK WARREN PEARY AND REQUEST
                                         FOR PRODUCTION OF DOCUMENTS

EXHIBIT A
36

1    (continued from previous page)

2    PATRICK T. PERKINS (admitted *pro hac vice*)
        pperkins@ptplaw.com
3    PERKINS LAW OFFICE, P.C.
      1711 Route 9D
4    Cold Spring, NY 10516
      Telephone:  (845) 265-2820
5    Facsimile:   (845) 265-2819

6    Attorneys for Plaintiff DC Comics

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    NOTICE OF DEPOSITION OF DEFENDANT
                                    MARK WARREN PEARY AND REQUEST
                                    FOR PRODUCTION OF DOCUMENTS

1    **TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

2        PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure

3    30, the deposition upon oral examination of defendant Mark Warren Peary (the

4    "Deponent") will be taken in the above-entitled action on October 13, 2010 starting

5    at 9:00 a.m. and continuing over the course of one day until completed or otherwise

6    adjourned.  The deposition will be held at the Hilton Hotel, 100 Sandoval Street,

7    Santa Fe, New Mexico 87501-2131.  The deposition will be taken before a notary

8    public or other officer authorized to administer oaths and will be recorded by

9    stenographic, sound, and visual means.

10        PLEASE TAKE FURTHER NOTICE that, pursuant to Federal Rule of Civil

11    Procedure 34, Deponent is requested to produce for inspection and copying all

12    documents described in Attachment A to this Notice of Deposition, in accordance

13    with the definitions contained therein, by no later than September 17, 2010.

14        This Notice of Deposition is being served on Deponent's counsel at the

15    address shown on the accompanying Proof of Service.

16

17    Dated:  August 17, 2010              Respectfully submitted,

18                                          O'MELVENY & MYERS LLP

19

20                                          By:_____

21                                               Daniel M. Petrocelli

22                                          Attorneys for Plaintiff DC Comics

23

24

25

26

27

28

1

NOTICE OF DEPOSITION OF DEFENDANT
MARK WARREN PEARY AND REQUEST
FOR PRODUCTION OF DOCUMENTS

# ATTACHMENT A

## DEFINITIONS AND INSTRUCTIONS

1.    "DOCUMENT" shall be interpreted in its broadest sense to include any and all "documents" and "other tangible things" as those terms are understood in Federal Rule of Civil Procedure 34, including, without limitation, any "writing," "recording," or "photograph" as those terms are defined in Federal Rule of Evidence 1001.  This shall include, but is not limited to:  e-mail, audio or video recordings, correspondence, letters, phone messages, notes, memoranda, facsimiles, publications, contracts, agreements, calendars, drafts of proposed contracts or agreements, papers, and photographs.

2.    "COMMUNICATION" means all written, electronic, oral, telephonic, gesture, or other transmission or exchange of information, including without limitation any inquiry, request, dialogue, discussion, conversation, interview, correspondence, letter, note, consultation, negotiation, agreement, understanding, meeting, e-mail, and all DOCUMENTS evidencing any verbal or nonverbal interaction between any individuals or entities.

3.    "REFER" or "RELATE" means, without limitation, evidence, reflect, summarize, constitute, contain, study, analyze, explain, mention, show, discuss, describe, or comment upon.

4.    "PERSON" means any natural person, firm, association, corporation, partnership, or other legal entity or organization separately identifiable, and any department(s) or division(s) therein.

5.    "YOU" or "YOUR" means Mark Warren Peary and the Estate of Joseph Shuster, and, as applicable, any PERSON acting on their behalf, including but not limited to their agents, employees, attorneys, and representatives.

6.    "DEFENDANT" or "DEFENDANTS" means, collectively and severally, any defendant in the above-entitled action, including YOU; Pacific Pictures Corporation; IP Worldwide, LLC; IPW, LLC; Marc Toberoff; Joanne

1   Siegel; and Laura Siegel Larson and, as applicable, any PERSON acting on their

2   behalf, including but not limited to their agents, employees, attorneys, and

3   representatives.

4       7.    "SHUSTER HEIRS" means, collectively and severally, YOU, Jean

5   Peavy, Dawn Peavy, Frank Shuster, or any other executor, administrator, heir,

6   relative, or representative of Joseph Shuster and, as applicable, any PERSON

7   acting on their behalf, including but not limited to their agents, employees,

8   attorneys, and representatives.

9       8.    "SIEGEL HEIRS" means, collectively and severally, Joanne Siegel,

10  Laura Siegel Larson, Dennis Larson, Michael Siegel, or any other executor,

11  administrator, heir, relative, or representative of Jerome Siegel and, as applicable,

12  any PERSON acting on their behalf, including but not limited to their agents,

13  employees, attorneys, and representatives.

14      9.    "SHUSTER" means Joseph Shuster and, as applicable, any PERSON

15  acting on his behalf, including but not limited to his agents, employees, attorneys,

16  heirs, and representatives.

17      10.   "SIEGEL" means Jerome Siegel and, as applicable, any PERSON

18  acting on his behalf, including but not limited to his agents, employees, attorneys,

19  heirs, and representatives.

20      11.   "SUPERMAN" means the Superman character as delineated in

21  literary works such as comic books, newspapers, novels, radio programs,

22  television programs, and motion pictures, and any of the works in which he

23  appears, including but not limited to *Action Comics. No. 1*.

24      12.   "SUPERBOY" means the Superboy character as delineated in

25  literary works such as comic books, newspapers, novels, radio programs,

26  television programs, and motion pictures, and any of the works in which he

27  appears, including but not limited to *More Fun Comics #101*.

28      13.   "INCLUDING" means "including, but not limited to."

14. "Any" and "All" are interchangeable.

15. The singular form includes the plural form, and vice versa.

16. YOU are instructed to produce all DOCUMENTS that are responsive to these Requests and that are in YOUR possession, custody, or control. A DOCUMENT is in YOUR "possession, custody, or control" if it is in YOUR physical possession, or if, as a practical matter, YOU have the ability, upon request, to obtain possession of the DOCUMENT or a copy thereof from another person or entity that has physical possession of the DOCUMENT.

17. If any DOCUMENT or category of DOCUMENTS is not produced in full, please state with particularity the reason or reasons it is not being produced in full, and describe, to the best of YOUR knowledge, information and belief, and with as much particularity as possible, the DOCUMENT or portions of the DOCUMENT that are not being produced.

18. Each DOCUMENT is to be produced as it is kept in the usual course of business, including all file folders, binders, notebooks, and other devices by which such DOCUMENTS may be organized or separated.

19. If YOU withhold any DOCUMENT, or portion of a DOCUMENT, on grounds that it is protected from discovery by the attorney-client privilege, work-product doctrine, or other privilege or immunity from discovery, please set forth, for each DOCUMENT or portion of a DOCUMENT withheld:

    (a)    The place, approximate date, and manner of recording, creating or otherwise preparing the DOCUMENT;

    (b)    The names and organization position, if any, of each author, sender, and recipient of the DOCUMENT;

    (c)    A general description of the subject matter of the DOCUMENT;

    (d)    The basis of any claim of privilege; and

    (e)    If work-product is asserted, the proceeding for which the DOCUMENT was created.

NOTICE OF DEPOSITION OF DEFENDANT
MARK WARREN PEARY AND REQUEST
FOR PRODUCTION OF DOCUMENTS

4

20.    For any DOCUMENT or category of DOCUMENTS that was, but no longer is, in YOUR possession, custody or control, please describe each such DOCUMENT as completely as possible and provide the following information:

     (a)    The reason the DOCUMENT is no longer in YOUR possession, custody or control;

     (b)    The person or entity, if any, who has possession, custody or control or, if unknown, so state; and

     (c)    If the DOCUMENT was destroyed or otherwise disposed of, state (i) the manner of disposal (*i.e.*, destruction, loss, discarding or other means of disposal); (ii) the date of disposal; (iii) the reason for disposal; (iv) the person authorizing disposal; (v) the person disposing of the DOCUMENT; and (vi) the name and address of the most recent custodian of the DOCUMENT.

21.    Each Request shall be construed independently and no Request shall be viewed as limiting the scope of any other Request.

22.    All responsive DOCUMENTS maintained or stored in electronic format shall be produced in native file format with all associated metadata preserved. All responsive DOCUMENTS maintained in hard copy shall be produced in TIFF.

23.    The collection and production of DOCUMENTS shall be performed in a manner that ensures that the source of each DOCUMENTS may be determined, if necessary.

24.    DOCUMENTS attached to each other shall not be separated.

25.    These Requests impose a continuing obligation subsequent to YOUR initial production within thirty days of the service date of these Requests, or other date mutually agreed upon by the parties, to timely supplement YOUR response or production if YOU determine that YOUR response or production is incomplete or incorrect.

## **DOCUMENT REQUESTS**

1.    All agreements between or among YOU and any DEFENDANT regarding the SHUSTER HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

2.    All agreements between or among YOU and any DEFENDANT regarding the SIEGEL HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

3.    All agreements between or among SHUSTER and SIEGEL regarding any purported rights in SUPERMAN and/or SUPERBOY.

4.    All DOCUMENTS relating to or affecting the ability of YOU or the SHUSTER HEIRS to negotiate or enter into agreements regarding SUPERMAN and/or SUPERBOY.

5.    All DOCUMENTS relating to or affecting the ability of the SIEGEL HEIRS to negotiate or enter into agreements regarding SUPERMAN and/or SUPERBOY.

6.    All DOCUMENTS relating to or affecting the disposition, division, or ownership of any rights in SUPERMAN and/or SUPERBOY.

7.    All DOCUMENTS relating to or affecting the division of revenue, proceeds, or other profits regarding SUPERMAN and/or SUPERBOY.

8.    All DOCUMENTS relating to or affecting the division of any settlement proceeds regarding SUPERMAN and/or SUPERBOY.

9.    All DOCUMENTS relating to the potential sale, assignment, license, or other disposition of any rights relating to SUPERMAN and/or SUPERBOY, including but not limited to any solicitation, offer, option, or proposed agreement.

10.    All DOCUMENTS relating to the valuation of any past, current, or potential ownership interest in SUPERMAN and/or SUPERBOY.

11.    All DOCUMENTS relating to the introduction of YOU or the SHUSTER HEIRS to any DEFENDANT.

1    12.    All DOCUMENTS relating to the introduction of the SIEGEL HEIRS
2  to any DEFENDANT.

3    13.    All DOCUMENTS relating to the letter dated August 21, 1992 that
4  Jean Peavy sent to Time Warner Inc.

5    14.    All DOCUMENTS relating to the letter dated September 10, 1992 that
6  Frank Shuster sent to Paul Levitz of DC Comics.

7    15.    All DOCUMENTS relating to the agreement dated August 1, 1992 that
8  Jean Peavy and Frank Shuster entered into with DC Comics.

9    16.    All DOCUMENTS relating to the letter dated July 10, 1993 that Jean
10  Peavy sent to Paul Levitz of DC Comics.

11    17.    All DOCUMENTS relating to the letter dated September 14, 1993 that
12  Jean Peavy sent to Paul Levitz of DC Comics.

13    18.    All DOCUMENTS relating to the letter dated April 27, 1995 that Jean
14  Peavy sent to Paul Levitz of DC Comics.

15    19.    All DOCUMENTS relating to the letter agreement dated November 23,
16  2001 that YOU entered into with DEFENDANT Pacific Pictures Corporation.

17    20.    All DOCUMENTS relating to the letter agreement dated October 27,
18  2003 that YOU entered into with DEFENDANT Pacific Pictures Corporation.

19    21.    All DOCUMENTS relating to the letter dated September 10, 2004 that
20  YOU signed with DEFENDANT Pacific Pictures Corporation.

21  //
22  //
23  //
24  //
25  //
26  //
27  //
28  //

7

NOTICE OF DEPOSITION OF DEFENDANT
MARK WARREN PEARY AND REQUEST
FOR PRODUCTION OF DOCUMENTS

EXHIBIT A
44

1    22.    All DOCUMENTS relating to the Notice of Termination of Transfer

2  Covering Extended Copyright Renewal Term of "Superman" served on behalf of

3  the Estate of Joseph Shuster on or around November 10, 2003.

4

5        Dated:  August 17, 2010          Respectfully submitted,

6                                          O'MELVENY & MYERS LLP

7

8                                          By:_____

9                                                Daniel M. Petrocelli

10                                         Attorneys for Plaintiff DC Comics

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF DEPOSITION OF DEFENDANT
MARK WARREN PEARY AND REQUEST
FOR PRODUCTION OF DOCUMENTS

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the
District of New Mexico

| | | |
|---|---|---|
| DC COMICS, | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. CV-10-3633 ODW (RZx) |
| | ) | |
| PACIFIC PICTURES CORPORATION, et al., | ) | (If the action is pending in another district, state where:  Central |
| *Defendants* | ) | District of California) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:
    Jean Adele Peavy

    ☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place:<br>Hilton Hotel, 100 Sandoval Street, Santa Fe, New Mexico 87501-2131 | Date and Time:<br>October 12, 2010 at 9:00 a.m. |
|---|---|

    The deposition will be recorded by this method:  Stenographic, sound, and visual means

    ☒ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:
    See attachment

    The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  August 17, 2010

| CLERK OF COURT | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |
| | | Daniel M. Petrocelli |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*  Plaintiff DC Comics
_____, who issues or requests this subpoena, are:
DANIEL M. PETROCELLI, MATTHEW T. KLINE, and CASSANDRA L. SETO, O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 7th Floor, Los Angeles, CA 90067-6035
Telephone:  (310) 553-6700; E-Mail:  dpetrocelli@omm.com; mkline@omm.com; cseto@omm.com

American LegalNet, Inc.
www.FormsWorkFlow.com

EXHIBIT A
46

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. CV-10-3633 ODW (RZx)

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00 _____

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:



EXHIBIT A
47

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).



## ATTACHMENT TO SUBPOENA
## DEFINITIONS AND INSTRUCTIONS

1.     "DOCUMENT" shall be interpreted in its broadest sense to include any and all "documents" and "other tangible things" as those terms are understood in Federal Rule of Civil Procedure 34, including, without limitation, any "writing," "recording," or "photograph" as those terms are defined in Federal Rule of Evidence 1001. This shall include, but is not limited to: e-mail, audio or video recordings, correspondence, letters, phone messages, notes, memoranda, facsimiles, publications, contracts, agreements, calendars, drafts of proposed contracts or agreements, papers, and photographs.

2.     "COMMUNICATION" means all written, electronic, oral, telephonic, gesture, or other transmission or exchange of information, including without limitation any inquiry, request, dialogue, discussion, conversation, interview, correspondence, letter, note, consultation, negotiation, agreement, understanding, meeting, e-mail, and all DOCUMENTS evidencing any verbal or nonverbal interaction between any individuals or entities.

3.     "REFER" or "RELATE" means, without limitation, evidence, reflect, summarize, constitute, contain, study, analyze, explain, mention, show, discuss, describe, or comment upon.

4.     "PERSON" means any natural person, firm, association, corporation, partnership, or other legal entity or organization separately identifiable, and any department(s) or division(s) therein.

5.     "YOU" or "YOUR" means Jean Adele Peavy and, as applicable, any PERSON acting on her behalf, including but not limited to her agents, employees, attorneys, and representatives.

EXHIBIT A
49

6.      "DEFENDANT" or "DEFENDANTS" means, collectively and severally, any defendant in the above-entitled action, including Pacific Pictures Corporation; IP Worldwide, LLC; IPW, LLC; Marc Toberoff; Mark Warren Peary, on behalf of the Estate of Joseph Shuster; Joanne Siegel; and Laura Siegel Larson and, as applicable, any PERSON acting on their behalf, including but not limited to their agents, employees, attorneys, and representatives.

7.      "SHUSTER HEIRS" means, collectively and severally, YOU, the Estate of Joseph Shuster, Mark Peary, Dawn Peavy, Frank Shuster, or any other executor, administrator, heir, relative, or representative of Joseph Shuster and, as applicable, any PERSON acting on their behalf, including but not limited to their agents, employees, attorneys, and representatives.

8.      "SIEGEL HEIRS" means, collectively and severally, Joanne Siegel, Laura Siegel Larson, Dennis Larson, Michael Siegel, or any other executor, administrator, heir, relative, or representative of Jerome Siegel and, as applicable, any PERSON acting on their behalf, including but not limited to their agents, employees, attorneys, and representatives.

9.      "SHUSTER" means Joseph Shuster and, as applicable, any PERSON acting on his behalf, including but not limited to his agents, employees, attorneys, heirs, and representatives.

10.     "SIEGEL" means Jerome Siegel and, as applicable, any PERSON acting on his behalf, including but not limited to his agents, employees, attorneys, heirs, and representatives.

11.     "SUPERMAN" means the Superman character as delineated in literary works such as comic books, newspapers, novels, radio programs, television programs, and motion pictures, and any of the works in which he appears, including but not limited to *Action Comics. No. 1.*

12.    "SUPERBOY" means the Superboy character as delineated in literary works such as comic books, newspapers, novels, radio programs, television programs, and motion pictures, and any of the works in which he appears, including but not limited to *More Fun Comics #101*.

13.    "INCLUDING" means "including, but not limited to."

14.    "Any" and "All" are interchangeable.

15.    The singular form includes the plural form, and vice versa.

16.    YOU are instructed to produce all DOCUMENTS that are responsive to these Requests and that are in YOUR possession, custody, or control.  A DOCUMENT is in YOUR "possession, custody, or control" if it is in YOUR physical possession, or if, as a practical matter, YOU have the ability, upon request, to obtain possession of the DOCUMENT or a copy thereof from another person or entity that has physical possession of the DOCUMENT.

17.    If any DOCUMENT or category of DOCUMENTS is not produced in full, please state with particularity the reason or reasons it is not being produced in full, and describe, to the best of YOUR knowledge, information and belief, and with as much particularity as possible, the DOCUMENT or portions of the DOCUMENT that are not being produced.

18.    Each DOCUMENT is to be produced as it is kept in the usual course of business, including all file folders, binders, notebooks, and other devices by which such DOCUMENTS may be organized or separated.

19.    If YOU withhold any DOCUMENT, or portion of a DOCUMENT, on grounds that it is protected from discovery by the attorney-client privilege, work-product doctrine, or other privilege or

immunity from discovery, please set forth, for each DOCUMENT or portion of a DOCUMENT withheld:

    (a)    The place, approximate date, and manner of recording, creating or otherwise preparing the DOCUMENT;

    (b)    The names and organization position, if any, of each author, sender, and recipient of the DOCUMENT;

    (c)    A general description of the subject matter of the DOCUMENT;

    (d)    The basis of any claim of privilege; and

    (e)    If work-product is asserted, the proceeding for which the DOCUMENT was created.

20.    For any DOCUMENT or category of DOCUMENTS that was, but no longer is, in YOUR possession, custody or control, please describe each such DOCUMENT as completely as possible and provide the following information:

    (a)    The reason the DOCUMENT is no longer in YOUR possession, custody or control;

    (b)    The person or entity, if any, who has possession, custody or control or, if unknown, so state; and

    (c)    If the DOCUMENT was destroyed or otherwise disposed of, state (i) the manner of disposal (*i.e.*, destruction, loss, discarding or other means of disposal); (ii) the date of disposal; (iii) the reason for disposal; (iv) the person authorizing disposal; (v) the person disposing of the DOCUMENT; and (vi) the name and address of the most recent custodian of the DOCUMENT.

21.    Each Request shall be construed independently and no Request shall be viewed as limiting the scope of any other Request.

22.    All responsive DOCUMENTS maintained or stored in electronic format shall be produced in native file format with all associated

metadata preserved.  All responsive DOCUMENTS maintained in hard
copy shall be produced in TIFF.

    23.    The collection and production of DOCUMENTS shall be
performed in a manner that ensures that the source of each DOCUMENTS
may be determined, if necessary.

    24.    DOCUMENTS attached to each other shall not be separated.

    25.    These Requests impose a continuing obligation subsequent to
YOUR initial production within thirty days of the service date of these
Requests, or other date mutually agreed upon by the parties, to timely
supplement YOUR response or production if YOU determine that YOUR
response or production is incomplete or incorrect.

## DOCUMENT REQUESTS

    1.    All agreements between or among YOU and any DEFENDANT
regarding the SHUSTER HEIRS' purported rights in SUPERMAN and/or
SUPERBOY.

    2.    All agreements between or among YOU and any DEFENDANT
regarding the SIEGEL HEIRS' purported rights in SUPERMAN and/or
SUPERBOY.

    3.    All agreements between or among SHUSTER and SIEGEL
regarding any purported rights in SUPERMAN and/or SUPERBOY.

    4.    All DOCUMENTS relating to or affecting the ability of YOU or
the SHUSTER HEIRS to negotiate or enter into agreements regarding
SUPERMAN and/or SUPERBOY.

    5.    All DOCUMENTS relating to or affecting the ability of the
SIEGEL HEIRS to negotiate or enter into agreements regarding
SUPERMAN and/or SUPERBOY.

EXHIBIT A
53

6.    All DOCUMENTS relating to or affecting the disposition, division, or ownership of any rights in SUPERMAN and/or SUPERBOY.

7.    All DOCUMENTS relating to or affecting the division of revenue, proceeds, or other profits regarding SUPERMAN and/or SUPERBOY.

8.    All DOCUMENTS relating to or affecting the division of any settlement proceeds regarding SUPERMAN and/or SUPERBOY.

9.    All DOCUMENTS relating to the potential sale, assignment, license, or other disposition of any rights relating to SUPERMAN and/or SUPERBOY, including but not limited to any solicitation, offer, option, or proposed agreement.

10.    All DOCUMENTS relating to the valuation of any past, current, or potential ownership interest in SUPERMAN and/or SUPERBOY.

11.    All DOCUMENTS relating to the introduction of YOU or the SHUSTER HEIRS to any DEFENDANT.

12.    All DOCUMENTS relating to the introduction of the SIEGEL HEIRS to any DEFENDANT.

13.    All DOCUMENTS relating to the letter dated August 21, 1992 that YOU sent to Time Warner Inc.

14.    All DOCUMENTS relating to the letter dated September 10, 1992 that Frank Shuster sent on YOUR behalf to Paul Levitz of DC Comics.

15.    All DOCUMENTS relating to the agreement dated August 1, 1992 that YOU entered into with DC Comics.

16.    All DOCUMENTS relating to the letter dated July 10, 1993 that YOU sent to Paul Levitz of DC Comics.

17.    All DOCUMENTS relating to the letter dated September 14, 1993 that YOU sent to Paul Levitz of DC Comics.

18.    All DOCUMENTS relating to the letter dated April 27, 1995 that YOU sent to Paul Levitz of DC Comics.

19.    All DOCUMENTS relating to the letter agreement dated November 23, 2001 that YOU entered into with DEFENDANT Pacific Pictures Corporation.

20.    All DOCUMENTS relating to the letter agreement dated October 27, 2003 that YOU entered into with DEFENDANT Pacific Pictures Corporation.

21.    All DOCUMENTS relating to the letter dated September 10, 2004 that YOU signed with DEFENDANT Pacific Pictures Corporation.

22.    All DOCUMENTS relating to the Notice of Termination of Transfer Covering Extended Copyright Renewal Term of "Superman" served on behalf of the Estate of Joseph Shuster on or around November 10, 2003.

1  DANIEL M. PETROCELLI (S.B. #97802)
     dpetrocelli@omm.com
2  MATTHEW T. KLINE (S.B. #211640)
     mkline@omm.com
3  CASSANDRA L. SETO (S.B. #246608)
     cseto@omm.com
4  O'MELVENY & MYERS LLP
   1999 Avenue of the Stars, 7th Floor
5  Los Angeles, CA 90067-6035
   Telephone: (310) 553-6700
6  Facsimile:  (310) 246-6779

7  PATRICK T. PERKINS (admitted *pro hac vice*)
     pperkins@ptplaw.com
8  PERKINS LAW OFFICE, P.C.
   1711 Route 9D
9  Cold Spring, NY 10516
   Telephone: (845) 265-2820
10 Facsimile:  (845) 265-2819

11 Attorneys for Plaintiff DC Comics

12                 **UNITED STATES DISTRICT COURT**

13                 **CENTRAL DISTRICT OF CALIFORNIA**

14

15 DC COMICS,                          Case No. CV-10-3633 ODW (RZx)

16                Plaintiff,            **PROOF OF SERVICE**

17       v.
                                        **Judge**: Hon. Otis D. Wright II
18 PACIFIC PICTURES                     **Magistrate**: Hon. Ralph Zarefsky
   CORPORATION, IP WORLDWIDE,
19 LLC, IPW, LLC, MARC TOBEROFF,
   an individual, MARK WARREN
20 PEARY, as personal representative of
   the ESTATE OF JOSEPH SHUSTER,
21 JOANNE SIEGEL, an individual,
   LAURA SIEGEL LARSON, an
22 individual, and DOES 1-10, inclusive,

23                Defendants.

24

25

26

27

28
                                                        PROOF OF SERVICE

EXHIBIT A
56

## PROOF OF SERVICE BY MAIL

1
2      I am a citizen of the United States and employed in Los Angeles County,
3   California, at the office of a member of the bar of this Court at whose direction this
4   service was made.  I am over the age of eighteen years and not a party to the within
5   action.  I am a resident of or employed in the county where the service described
6   below occurred.  My business address is 1999 Avenue of the Stars, 7th Floor, Los
7   Angeles, California 90067-6035.  I am readily familiar with this firm's practice for
8   collection and processing of correspondence for mailing with the United States
9   Postal Service.  In the ordinary course of business, correspondence collected from
10  me would be processed on the same day, with postage thereon fully prepaid and
11  placed for deposit that day with the United States Postal Service.  On August 17,
12  2010 I served the following:

13          **PLAINTIFF DC COMICS' NOTICE OF
            DEPOSITION OF DEFENDANT JOANNE SIEGEL
14          AND REQUEST FOR PRODUCTION OF
            DOCUMENTS;**
15
            **PLAINTIFF DC COMICS' NOTICE OF
16          DEPOSITION OF JEAN PEAVY AND REQUEST
            FOR PRODUCTION OF DOCUMENTS;**
17
            **SUBPOENA TO TESTIFY AT A DEPOSITION IN A
18          CIVIL ACTION TO JEAN ADELE PEAVY;**
19
            **PLAINTIFF DC COMICS' NOTICE OF
            DEPOSITION OF DEFENDANT LAURA SIEGEL
20          LARSON AND REQUEST FOR PRODUCTION OF
            DOCUMENTS; and**
21
            **PLAINTIFF DC COMICS' NOTICE OF
22          DEPOSITION OF MARK WARREN PEARY AND
            REQUEST FOR PRODUCTION OF DOCUMENTS**
23
24  by putting a true and correct copy thereof in a sealed envelope, with postage fully
25  prepaid, and placing the envelope for collection and mailing today with the United
26  States Postal Service in accordance with the firm's ordinary business practices,
27  addressed as follows:
28

PROOF OF SERVICE

1

1    Marc Toberoff
2    Toberoff & Associates, P.C.
     2049 Century Park East, Suite 2720
3    Los Angeles, CA  90067

4    Attorneys for defendants Joanne Siegel; Laura Siegel Larson; and
5    Mark Warren Peary; and third-party Jean Peavy

6

7    Richard Kendall
8    Kendall Brill & Klieger LLP
     10100 Santa Monica Blvd., Suite 1725
9    Los Angeles, CA  90067

10
     Attorneys for defendants Marc Toberoff; Pacific Pictures Corporation;
11   IP Worldwide, LLC; and IPW, LLC

12
         I declare under penalty of perjury under the laws of the United States that the
13
     above is true and correct.  Executed on August 17, 2010, at Los Angeles,
14
     California.
15

16

17                                          _____
                                                     Sandra L. Watson
18

19

20

21

22

23

24

25

26

27

28

                                                              PROOF OF SERVICE
                                   2

EXHIBIT A
58