# EXHIBIT G

**K** Kendall Brill Klieger

writer's direct:
310.272.7922
lbrill@kbkfirm.com

September 10, 2010

**VIA ELECTRONIC MAIL**

Daniel Petrocelli
O'Melveny and Myers, LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067-6035
*dpetrocelli@omm.com*

Re:   DC Comics v. Pacific Pictures Corp.

Dear Dan:

Now that DC has filed a First Amended Complaint, there are a variety of scheduling issues to be addressed. We would like to set up a time to meet and confer with you regarding the schedule in general. We propose Tuesday, September 14 at 3:00 p.m.

In the meantime, we do have some concerns about your proposal. First, at the time you filed your motion to initiate discovery, your position was that it was urgent to have depositions begin the first week in October. You refused to change these dates in the meet and confer process, despite the fact that we told you repeatedly that the motion was premature. You then served the motion and forced us to respond, at substantial expense to our client. One of the primary bases for our opposition was that the depositions should not go forward, if at all, until after the hearing on dispositive motions. Your new proposal, under which the depositions would not move forward until shortly after the date originally scheduled for dispositive motions, in essence acknowledges that our timing objection was appropriate, that you never needed depositions during the first week of October and therefore that your motion to initiate discovery need never have been filed. In addition to your own motion, your refusal to push back the deposition dates forced us to file a motion for a protective order for a hearing on October 4, imposing additional significant expense. While we are pleased that you now see that we were right that there was no need for you to have these depositions prior to the hearing on dispositive motions, your intransigence as to deposition dates imposed significant costs that were entirely unnecessary.

Now that you did force us to respond, however, there is substantial benefit in having these motions heard as planned, because having Judge Zarefsky's views on whether discovery should go forward while dispositive motions are pending will help to avoid the need for yet additional briefing on similar issues in connection with the motion to compel that you say you are planning. The matter is set for hearing on September 20 because you said it was critical to you to have it heard at the same time as our motion for a protective order regarding the Toberoff Timeline, and we do not think it is appropriate to put off a decision on the issues of the effect of the Anti-SLAPP motion or the pendency of the 12(b)(6) motions so that there can be three motions on these issues instead of two.

Kendall Brill & Klieger LLP
10100 Santa Monica Blvd.  Suite 1725  Los Angeles, CA 90067  telephone 310.556.2700  facsimile 310.556.2705  www.kbkfirm.com

Kendall Brill & Klieger LLP

September 10, 2010
Page 2

Another problem with your proposal is that it does not address the fact that you have now made Jean Peavy a party to the suit. Defendants have not filed a motion for a protective order as to her deposition because there was never a proper subpoena served. Defendants should not have to file yet another discovery motion to address Ms. Peavy when the principles we expect the Court to establish on September 20 in response to your motion to initiate discovery will likely be applicable to her as well, and it would be incredibly wasteful for the parties and the Court to have to hear four overlapping motions instead of the single motion that is set for hearing at your insistence on September 20.

A further difficulty with your proposal is that it would require us to prepare and file a completely new motion for protective order, even setting aside the issue of Jean Peavy. One of the main issues addressed in our currently pending motion for a protective order is that the depositions should not go forward until after the resolution of dispositive motions. Since you are now agreeing that, at the very least, there is no need for depositions prior to the hearing on these motions, we would not wish to present briefing to the Court that focuses on this issue. We would therefore have to prepare and refile a completely different motion. This will impose additional burden and expense on us, and likely cannot be done on the timetable you propose.

In addition, your proposal would create a large and unnecessary burden on Magistrate Judge Zarefsky, who would be forced to prepare for and hear motions on issues that may be entirely mooted or narrowed by the resolution of the dispositive motions. Since you do not need the depositions before those motions are heard, there is no good reason not to wait until after that hearing and then meet and confer on the appropriate scope of discovery. Once we know which, if any, aspects of the complaint survive, both sides will be in a far better position to assess these issues.

As we have made clear, we are willing to work with you on an overall schedule, including the potential for expedited discovery after dispositive motions are resolved. Your current proposal to postpone the depositions until late November or early October, however, shows that you never needed the early October depositions in the first place, and it makes little sense to preemptively schedule depositions at the end of October or early November, either, or to require ongoing motion practice concerning discovery until the dispositive legal issues in the case have been resolved. As we have consistently made clear, we would be willing to discuss an arrangement under which the depositions you have proposed are taken off calendar, with the parties promptly meeting and conferring after the hearing on the dispositive 12(b)(6) motions and the Anti-

56953.1

EXHIBIT G
132

Kendall Brill & Klieger LLP

September 10, 2010
Page 3

SLAPP motion, in an effort to resolve any disputes concerning the depositions. Please let us know if you are amenable to such an arrangement.

Sincerely,

*[signature]*

Laura W. Brill

cc:   Richard Kendall
      Marc Toberoff

56953.1