| | |
|---|---|
| 1 | DANIEL M. PETROCELLI (S.B. # 097802) |
| 2 | dpetrocelli@omm.com<br>MATTHEW T. KLINE (S.B. # 211640) |
| 3 | mkline@omm.com<br>CASSANDRA L. SETO (S.B. # 246608) |
| 4 | cseto@omm.com |
| 5 | O'MELVENY & MYERS LLP<br>1999 Avenue of the Stars, 7th Floor |
| 6 | Los Angeles, CA  90067-6035<br>Telephone:  (310) 553-6700 |
| 7 | Facsimile:   (310) 246-6779 |
| 8 | *Attorneys for Plaintiff DC Comics* |
| 9 | (Additional counsel listed on the next page) |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DC COMICS, | | Case No. CV 10-3633 ODW (RZx) |
| | Plaintiff, | **DISCOVERY MATTER** |
| v. | | **SUPPLEMENTAL MEMORANDUM IN SUPPORT REGARDING PLAINTIFF'S MOTION TO INITIATE DISCOVERY AND TAKE IMMEDIATE, LIMITED DISCOVERY OF TWO ELDERLY WITNESSES** |
| PACIFIC PICTURES CORPORATION, IP WORLDWIDE, LLC, IPW, LLC, MARC TOBEROFF, an individual, MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER, JEAN ADELE PEAVY, an individual, JOANNE SIEGEL, an individual, LAURA SIEGEL LARSON, an individual, and DOES 1-10, inclusive, | | |
| | | FILED SEPARATELY: SUPPLEMENTAL DECLARATION OF MATTHEW T. KLINE IN SUPPORT OF PLAINTIFF'S MOTION |
| | | **Judge**:          Hon. Otis D. Wright II<br>**Magistrate**:  Hon. Ralph Zarefsky |
| | | **Hearing Date**:  September 20, 2010<br>**Time**:          10:00 a.m.<br>**Complaint Filed**: May 14, 2010 |
| | Defendants. | |

1  (List of counsel continued)

2  PATRICK T. PERKINS (admitted *pro hac vice*)
     pperkins@ptplaw.com
3  PERKINS LAW OFFICE, P.C.
4  1711 Route 9D
   Cold Spring, NY 10516
5  Telephone:  (845) 265-2820
   Facsimile:   (845) 265-2819
6    *Attorney for Plaintiff DC Comics*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DC Comics has attempted, to no avail, to coordinate with defendants to place before the Court, all at once, all the issues related to the commencement of discovery in this case, particularly with respect to four key witnesses. Defendants' persistent efforts to forestall discovery indefinitely have resulted in substantial delay and three pending discovery motions, and DC Comics assuredly will be forced to file another motion after defendants serve objections to DC Comics' document demands on September 17. DC Comics has proposed briefly deferring the four noticed depositions at issue to allow the Court to hear on October 25 the three motions presenting overlapping issues related to these depositions: DC Comics' motion to initiate discovery, defendants' motion to stay discovery, and DC Comics' impending motion to compel the production of documents. Defendants have rejected this proposal, despite acknowledging that DC Comics' motion to initiate discovery (the present motion) and defendants' motion to stay (to be filed today) are mirror images of one another—and yet currently are set to be heard weeks apart, on September 20 and October 4. To avoid the potential for inconsistent rulings and the unnecessary duplication of time and effort by the Court and the parties, DC Comics applied *ex parte* today to have these two motions and DC Comics' anticipated motion to compel documents all heard on October 25, a date by which the parties can fully brief DC Comics' motion to compel.

In opposing DC Comics' present motion (which was 12 pages long), defendants filed a 30-page response, which they then repeated all but verbatim in their 32-page cross-motion for a protective order. DC Comics responded comprehensively to defendants' arguments in its opposition to defendants' cross-motion. *See* Supp. Decl. of M. Kline ("Supp. Decl.") Ex. B at 34-37, 61-84. Judicial efficiency is best served if the Court reviews this briefing and considers these cross motions at one time. Mindful of the rules prohibiting incorporation by reference, *see* L.R. 7-5(a), and to spare the Court from having to read duplicative briefs, DC Comics summarizes its arguments in response below.

## I. DC Comics' Motion To Commence Discovery Should Be Granted.

Since filing this case in May 2010, DC Comics has sought diligently to begin discovery, particularly of several infirm witnesses. DC Comics was entitled to commence discovery as early as *June*, unless defendants could meet their "heavy burden" to make a "strong showing" that discovery must be stayed. *Skellerup Indus. v. City of Los Angeles*, 163 F.R.D. 598, 600 (C.D. Cal. 1995). Defendants cannot meet that heavy burden.

### A. DC Comics' Is Entitled To Discovery On Its Federal Claims.

Defendants principally argue that a state-law SLAPP motion they intend to file, Rule 12 motions they intend to file, and discovery that was taken in the related *Siegel* cases are reasons to delay discovery. Each assertion is mistaken.

First, *all of the* discovery DC Comics seeks is directly relevant to its federal claims brought pursuant to the Copyright Act. Supp. Decl. Ex. B at 63-75. None of these *federal* claims is subject to SLAPP, *Hilton v. Hallmark Cards*, 580 F.3d 874, 881 (9th Cir. 2009), and despite 62-pages of briefing, defendants have never cited a case holding that a SLAPP motion justifies staying discovery on a *federal* claim. No such case exists, because staying discovery of a federal claim based on a state law "would frustrate substantive federal rights." *Sonoma Foods, Inc. v. Sonoma Cheese Factory, LLC*, 634 F. Supp. 2d 1009, 1016 (N.D. Cal. 2007).

Second, defendants' Rule 12 motions are not grounds to preclude discovery on DC Comics' claims. *E.g., Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 39-40 (N.D. Cal. 1990). It is inappropriate for the Court "to make a preliminary finding of the likelihood of success on the motion[s] to dismiss" since it "would circumvent the procedures for resolution of such a motion." *Id*. at 40. Moreover, as explained below, DC Comics' federal claims present a multitude of factual issues that cannot be resolved at the pleadings stage. *See also* Supp. Decl. Ex. B at 63-75.

Third, defendants' assertion that no discovery is necessary because this new lawsuit is the "same" as the *Siegel* cases or is "closely related" is refuted by

defendants' own representations in court. As the Shusters, represented by Toberoff, argued in 2006 in related court proceedings, but do not disclose here: "the Siegel Litigations do not concern Shuster's copyright interests in *Superman*." Supp. Decl. Ex. A at 14. Indeed, as Judge Larson made clear, and as defendants again fail to apprise the Court: "It is by no means a foregone conclusion that the Shuster estate will be successful in terminating the grant to the Superman material" that the Siegels obtained. Case No. CV 04-8400 ODW (RZx), Docket No. 554 at 23.

This case—and DC Comics' first three claims for relief—are aimed at defining the contours of the *Shuster* heirs' rights, *if any*, in Superman, and defendants have no legitimate basis to prevent discovery regarding these claims. *See* Supp. Decl. Ex. B at 63-75. Litigating these claims will require the resolution of factual issues that turn on the interpretation, intent, and extrinsic evidence related to contracts to which the Shusters are parties. *See id.* Such fact-bound claims are not amenable to Rule 12 motions and provide no basis to defer discovery indefinitely. *See id.*; *see also, e.g.*, *HRPT Props. Trust v. Lingle*, 676 F. Supp. 2d 1036, 1044 (D. Haw. 2009). By way of a few examples:

  i. 1992 Shuster Agreement. In a 1992 agreement with DC Comics, Jean Peavy and Frank Shuster revoked and re-granted to DC Comics all of Joseph Shuster's purported Superman rights. Am. Compl. ¶¶ 51-57. Entering into this agreement had the legal effect of relinquishing the very termination rights the Shuster heirs now seek to pursue. *Milne v. Stephen Slesinger, Inc.*, 430 F.3d 1036, 1042-45 (9th Cir. 2005). None of the depositions taken in the *Siegel* cases directly addressed this claim; nor did they address correspondence from the Shuster heirs in which they *admitted* that the 1992 agreement foreclosed the termination claims they now pursue. Supp. Decl. Ex. B at 65-68. As defendants conceded, the 1992 agreement had "absolutely nothing to do with the Siegel Litigations," *id.* Ex. A at 21, and DC Comics has every right here to take full discovery into that agreement.

ii. <u>Pacific Pictures Joint Venture Agreements.</u> The Shusters' termination notices are invalid because Pacific Pictures, one of Toberoff's alter-ego companies, owned 50% of the Shusters' putative copyright interest when the notices were served. Am. Compl. ¶¶ 118-24. Defendants' assertion that the 2001 and 2003 joint-venture agreements transferring these rights were rescinded, *cf.* Case No. CV 10-3633, Docket No. 31 at 7, is incorrect and likewise turns on disputed issues of fact, including how, by contract and conduct, the Shuster' putative interests were distributed to Pacific Pictures if the joint venture ceased to exist. Ms. Peavy, who signed these contracts, was never deposed about them. Supp. Decl. Ex. B at 68-69.

iii. <u>Manipulation of the Superboy Rights.</u> DC Comics is also entitled to discovery regarding Toberoff's scheme to park all the Superboy rights in the hands of the Siegels—including why, after 50 years of taking the position that Superboy was *jointly* created by Siegel and Shuster, the Shuster heirs suddenly disclaimed any interest in Superboy, but only after Toberoff intervened. Am. Compl. ¶¶ 9-10, 61, 86-91, 129-33. These subjects were not meaningfully addressed in the *Siegel* cases. Supp. Decl. Ex. B at 69-71.

**B. Defendants' Other Excuses For Delay Equally Lack Merit.**

*1. A Rule 26(f) Conference.* Defendants engineered delay by refusing for two months to participate in a Rule 26(f) conference. Although the conference was finally held on August 16, DC Comics was impermissibly blocked from starting discovery. In any event, that impediment no longer exists now.

*2. Age And Health Of Witnesses.* The advanced age and poor health of three of the four witnesses DC Comics seeks to depose make it essential to preserve their testimony without further delay. *E.g.*, *Marvel Worldwide, Inc. v. Kirby*, 10 Civ. 141 (CM) (KNF), Docket No. 28 (S.D.N.Y. Apr. 19, 2010) (ordering immediate deposition of material witness due to age). DC Comics has made every accommodation to respect the condition of these witnesses, including offering to defer their deposition for one month (from early October to early November) so the

motions related to their testimony can be promptly heard. But the witnesses must be deposed soon.

      *3. The Siegels' Rule 54(b) Motion And Defendants' SLAPP Motion.* Defendants' Rule 54(b) motion in the *Siegel* case lacks merit, *see* Case No. CV-04-8400, Docket No. 624. Also without merit is defendants' assertion that the issues decided in *Siegel* have "preclusive effect" here. The issues are different, as defendants admitted: "The Shuster Termination … is wholly separate and apart from the Siegel Terminations." Supp. Decl. Ex. A at 5; *see also id.* Ex B at 77-78.

      Nor does defendants' SLAPP motion pose a bar to any discovery, because *all of* the discovery DC Comics seeks relates equally to its *federal* claims. *Id.* Ex. B at 78-84. Moreover, in prosecuting its state-law claims, DC Comics has a right to "to discover information that is essential to its opposition" to defendants' SLAPP motion. *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001). Defendants' assertions that *Metabolife* was called into doubt by Justice Stevens' lone concurrence in *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 130 S. Ct. 1431 (2010), or *Batzel v. Smith*, 333 F.3d 1018 (9th Cir. 2003), are frivolous. No fewer than five district court cases have continued to recognize the discovery rule in *Metabolife* since *Shady Grove*, and courts in this circuit have cited *Metabolife* approvingly over 50 times since *Batzel*. Supp. Decl. Ex. B at 81-84. Defendants' convoluted arguments to the contrary are fully addressed in DC Comics' opposition to defendants' protective-order motion. *Id.*

      For all these reasons, DC Comics' motion should be granted.

Dated: September 13, 2010

Respectfully submitted,

O'MELVENY & MYERS LLP

By: _____
     Daniel M. Petrocelli