Marc Toberoff (State Bar No. 188547)
Nicholas C. Williamson (State Bar No. 231124)
Keith G. Adams (State Bar No. 240497)
TOBEROFF & ASSOCIATES, P.C.
2049 Century Park East, Suite 2720
Los Angeles, California, 90067
Telephone: (310) 246-3333
Fax:          (310) 246-3101
MToberoff@ipwla.com

Attorneys for Defendants Mark Warren
Peary, as personal representative of the
Estate of Joseph Shuster, Jean Adele Peavy,
Joanne Siegel and Laura Siegel Larson

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| DC COMICS,<br><br>              Plaintiff,<br><br>     vs.<br><br>PACIFIC PICTURES CORPORATION; IP WORLDWIDE, LLC; IPW, LLC; MARC TOBEROFF, an individual; MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER; JEAN ADELE PEAVY, an individual; JOANNE SIEGEL, an individual; LAURA SIEGEL LARSON, an individual, and DOES 1-10, inclusive,<br><br>              Defendants. | Case No: CV 10-03633 ODW (RZx)<br><br>Hon. Otis D. Wright II, U.S.D.J.<br>Hon. Ralph Zarefsky, U.S.M.J.<br><br>**DISCOVERY MATTER**<br><br>**DEFENDANTS' SUPPLEMENTAL BRIEF IN FURTHER OPPOSITION TO PLAINTIFF'S MOTION TO INITIATE DISCOVERY AND TAKE IMMEDIATE, LIMITED DISCOVERY OF TWO ELDERLY WITNESSES**<br><br>Complaint filed: May 14, 2010<br>Trial Date: None Set<br><br>Date:   September 20, 2010<br>Time:   10:00 a.m.<br>Place:   Courtroom 540 |

DEFENDANTS' SUPPLEMENTAL OPPOSITION TO JOINT STIPULATION RE: PLAINTIFF'S MOTION TO INITIATE DISCOVERY AND TAKE DISCOVERY OF TWO WITNESSES

## I. DC HAS ADMITTED ITS MOTION IS MOOT

Since filing this motion for "immediate" discovery, DC Comics ("DC") has now proposed that Joanne Siegel and Jean Peavy's depositions be continued until dates after Defendants' numerous dispositive motions are heard by Judge Wright on October 18, 2010, which Defendants have been advocating all along. JS at 24:24-27:25; 29:1-34:21. *See* Supplemental Declaration of Marc Toberoff, ("Tob. Supp. Decl.") Ex. A (proposing depositions be continued to dates after October 18). DC's latest proposal essentially acknowledges that Defendants' objection to the premature timing of these depositions was appropriate, that there was no "urgency" for DC to take these depositions during the last week of September, and that DC's motion to initiate discovery need never have been filed. Rather than simply withdrawing this superfluous motion, however, DC is now asking to have this motion heard on October 25, 2010, a date after the date originally scheduled for a hearing on dispositive motions, essentially acknowledging that there was no need for depositions before those motions in the first place and no need for this motion. Tob. Supp. Decl., Exs. A-D. DC's intransigence has forced Defendants to expend substantial resources preparing an opposition to this utterly baseless motion. DC's motion must be denied in its entirety as moot: discovery has been "initiated," and DC no longer even wants these depositions to be held on or before September 30, 2010. *See* JS at 7:15-19.

## II. DC'S AMENDMENT OF ITS COMPLAINT DOES NOT ALTER THE SCHEDULE FOR DEFENDANTS' DISPOSITIVE MOTIONS

In response to Defendants' motions to dismiss and Anti-SLAPP motion, DC amended its complaint on September 3, 2010. Defendants will be filing their renewed dispositive motions on or before September 20, 2010. These motions should be scheduled to be heard by Judge Wright on October 18, 2010, or shortly thereafter. Accordingly, Defendants' argument remains unchanged: neither Joanne Siegel nor Jean Peavy should be deposed in this action until Judge Wright rules on these dispositive motions that could end or greatly narrow this case. On the other

1  hand, if the depositions are taken before the dispositive motions are decided, it will
2  force Defendants' counsel to instruct these witnesses not to answer questions at
3  depositions on the grounds set forth in the pending motions.  This will lead to further
4  motion practice, and risk dragging these elderly witnesses back for a third deposition.
5  Thus, the advanced age of these witnesses favors a reasonable stay of their
6  depositions until the dispositive motions are resolved.

7  **III.   DC AMENDED ITS COMPLAINT TO SUE JEAN ADELE PEAVY**
8      **A.   Ms. Peavy's Deposition Should Be Stayed for the Reasons Set Forth**
9          **in the Joint Stipulation**

10      DC's motion seeking the deposition testimony of Jean Adele Peavy ("Ms.
11  Peavy") was manifestly improper when filed, because the court lacked jurisdiction
12  over this 89-year-old third-party resident of New Mexico.  *See, e.g.,* JS at 7:3-7, 7:28-
13  8:1, 23:18-24:23.  In addition, DC failed to serve the appropriate witness fees with its
14  subpoena of Ms. Peavy, rendering it invalid.  *See Tourgeman v. Collins Fin. Servs.*,
15  2009 U.S. Dist. LEXIS 92230, at *3–4 (N.D. Cal. May 4, 2009) ("A failure to tender
16  fees at the time of service invalidates the subpoena and the deposition testimony will
17  not be compelled"); *Mirana v. Battery Tai-Shing Corp.*, 2009 U.S. Dist. LEXIS
18  12212, at *3–4 (N.D. Cal. Feb. 5, 2009) (same).

19      Undeterred, DC, on September 3, 2010, filed a First Amended Complaint,
20  suing Ms. Peavy personally as to its First, Second, Third, and Sixth Claims for Relief.
21  However, all of the previously-made arguments that support a stay of the deposition
22  of Defendant Joanne Siegel apply with equal or greater force to Ms. Peavy:
23  • The relief sought by DC's motion – for Ms. Peavy's deposition to be taken **by**
24     **September 30**, 2010 – is now moot.  As noted above, despite recently noticing
25     Peavy's deposition for **October 12**, 2010, Defendants have now admitted that
26     they do not need the deposition until an undefined "date in late October or
27     early November."  Tob. Supp. Decl., Ex. A.
28  • Ms. Peavy, like Joanne Siegel, will file dispositive motions in response to all

of DC's pertinent claims in the First Amended Complaint on or before September 20, 2010, with a hearing date of October 18, 2010, or shortly thereafter.

- Ms. Peavy's age, like that of Joanne Siegel, is an insufficient basis to claim that DC will be prejudiced by a short delay of her deposition. DC's own conduct in waiting at least a year and a half to name her as a party and in failing to ever move to preserve her testimony under F.R.C.P. 27(a) belies DC's recent claim of urgency. Moreover, Ms. Peavy's testimony, as shown below, has already been preserved by DC's prior deposition of her on November 11, 2006 in the closely related *Siegel* actions. JS at 27:26-28:27.

### B. Ms. Peavy's Ill-Health Is a Further Reason to Stay Any Deposition Unless and Until It Is Absolutely Necessary

Ms. Peavy suffers from serious medical conditions which render the deposition process unduly difficult for her, and of doubtful benefit to discovery. Ms. Peavy suffered significant stress from her deposition in 2006 in the *Siegel* litigations. Declaration of Jean Peavy ("Peavy Decl."), ¶ 3. Then, in May 2009, Ms. Peavy suffered a debilitating stroke. *Id.*, ¶ 4. Ms. Peavy now suffers from atrial fibrillation and hypertension. *Id.*, ¶ 5. *See* Declaration of Adam Ronan, MD ("Ronan Decl."), ¶ 5. It is difficult for Ms. Peavy to sit for more than 15-20 minutes, and she is bedridden most of the time due to extreme fatigue. Peavy Decl., ¶ 5.

Most importantly, as a further consequence of her stroke, Ms. Peavy suffers from aphasia. Due to this condition, she has difficulty both speaking and understanding spoken words. *Id.,* ¶ 4; Ronan Decl., ¶ 5. Her treating physician has testified as follows:

> "It is my professional medical opinion that **Jean is likely unable from a neurological standpoint to participate in a legal deposition** due to her aphasia. As Jean is the victim of a recent stroke, the stress of a second deposition may also pose a serious health risk. It is my recommendation that she should not be subjected to a second deposition of any duration."

Ronan Decl., ¶ 7 (emphasis added). At a minimum, the age and severe medical

condition of Ms. Peavy urges that her deposition be postponed until it is clearly necessary, the issues are narrowed and that reasonable efforts have been made to avoid subjecting her to duplicative questioning. Indeed, DC should not be able to depose Ms. Peavy at all without showing that she has unique information unavailable from any other source on matters not covered in the prior depositions. Even then, in light of Ms. Peavy's aphasia, her deposition should be limited to written questions.

### C. Ms. Peavy Should Not Be Re-Deposed on Topics Already Covered

The Ninth Circuit has held that "eliminating duplicative discovery" is an important consideration in discovery practice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470 (9th Cir. 1992). This concern is only heightened where, as here, the deponents are elderly. *Baxter Healthcare Corp.*, 2007 WL 3342573, at *2 (N.D. Cal. 2007). In light of her prior deposition, difficulties with oral communication due to aphasia, and health concerns, DC should not be allowed to re-examine Ms. Peavy on topics already covered during her depositions in the *Siegel* cases. Such topics include, but are not limited to, the following:

| Topic | Depo Pages | Amended Complaint |
|---|---|---|
| The 1947 Action between Jerry Siegel, Joseph Shuster, and DC's predecessors | 13:17-15:15 | ¶¶ 41-44 |
| The Superboy character | 15:16-20 | ¶¶ 86-90 |
| The 1974 Agreement between Jerry Siegel and Warner Bros., and further amendments to that agreement | 15:21-18:4 | ¶¶ 47-48 |
| Ms. Peavy's relationship with Joanne Siegel | 18:5-18:18 | ¶¶ 71, 79-84 |
| Ms. Peavy's 1992 correspondence with DC | 18:20-23:25 | ¶¶ 52-54 |
| Ms. Peavy's 1992 Agreement with DC | 25:21-28:9 | ¶¶ 55-57, 112-17, 175-76 |
| The establishment of the Estate of Joseph Shuster and the Shuster Terminations | 28:10-13 | ¶¶ 64-65, 90, 92-101, 129-34 |
| Ms. Peavy's relationship with Toberoff | 31:24-32:4 | ¶¶ 60, 177-78 |
| Ms. Peavy's introduction of Toberoff to the Siegels | 32:5-34:2 | ¶¶ 71, 79-84 |

| Topic | Depo Pages | Amended Complaint |
|---|---|---|
| The Pacific Pictures Agreements between Toberoff, Ms. Peavy and Defendant Mark Warren Peary | 34:3-34:24 | ¶¶ 60-64, 118-24 |

*See* Tob. Supp. Decl. Ex. E (Jean Peavy Deposition), Ex. F (First Amended Complaint).

DC was clearly given the opportunity to fully depose Ms. Peavy in the closely related *Siegel* actions. DC's dissatisfaction with its questioning of Ms. Peavy, or its recent amendment of its Complaint to get around the blatant jurisdictional defects of its motion to compel, is no reason to force Ms. Peavy to sit through a premature and duplicative deposition.

DATED:  September 13, 2010      TOBEROFF & ASSOCIATES, P.C.

By _____
   Marc Toberoff

Attorneys for Defendants Marc Warren Peary, as personal representative of the Estate of Joseph Shuster, Jean Adele Peavy, Joanne Siegel and Laura Siegel Larson