Marc Toberoff (State Bar No. 188547)
 mtoberoff@ipwla.com
Nicholas C. Williamson (State Bar No. 231124)
 nwilliamson@ipwla.com
Keith G. Adams (State Bar No. 240497)
 kgadams@ipwla.com
TOBEROFF & ASSOCIATES, P.C.
2049 Century Park East, Suite 2720
Los Angeles, California, 90067
Telephone: (310) 246-3333
Fax: (310) 246-3101

Attorneys for Defendants Mark Warren Peary, as personal representative of the Estate of Joseph Shuster, Jean Adele Peavy, Joanne Siegel and Laura Siegel Larson

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| DC COMICS,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>PACIFIC PICTURES CORPORATION; IP WORLDWIDE, LLC; IPW, LLC; MARC TOBEROFF, an individual; MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER; JEAN ADELE PEAVY, an individual; JOANNE SIEGEL, an individual; LAURA SIEGEL LARSON, an individual, and DOES 1-10, inclusive,<br><br>　　　　Defendants. | Case No: CV 10-03633 ODW (RZx)<br><br>Hon. Otis D. Wright II, U.S.D.J.<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS MARK WARREN PEARY, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF JOSEPH SHUSTER, AND JEAN ADELE PEAVY'S NOTICE OF MOTION AND MOTION TO DISMISS AND/OR STAY PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**<br><br>Complaint filed: May 14, 2010<br>Trial Date: None Set<br><br>Date: October 18, 2010<br>Time: 1:30 p.m.<br>Place: Courtroom 11 |

**[PROPOSED] ORDER**

After consideration of the papers in support of and in opposition to defendants Mark Warren Peary ("Peary"), personal representative ("Shuster Executor") of the Estate of Joseph Shuster ("Shuster" and the "Shuster Estate"), and Jean Adele Peavy ("Peavy") Motion to Dismiss Plaintiff DC's Comics First and Second Claims for Relief, and any oral argument of counsel, the Court rules as follows:

*Section (1) of DC's First Claim* (First Amended Complaint ("FAC"), ¶¶ 107-11) is based on a theory that Shuster's termination rights do not vest in the executor or representative of his estate unless he had a widow, children and grandchildren who were "not living, but who did at some time live." This theory fails to state a claim because it contradicts the plain language of the statute and the accepted interpretation of "not living" under the Copyright Act, as well as the legislative intent of § 304, and would lead to absurd results. *See* 17 U.S.C. §§ 304(c)(2)(D), 304(d); *Siegel v. Warner Bros. Ent. Inc.* ("*Siegel I*"), 542 F. Supp. 2d 1098, 1114 n.3 (C.D. Cal. 2008); 3 M. Nimmer & D. Nimmer, 3 *Nimmer on Copyright* ("*Nimmer*") § 11.03[A][2][a] at 11-40.1-11.40.2 (emphasis added); *Stewart v. Abend*, 495 U.S. 207, 212 (1990); 67 Fed. Reg. 69134.

*Section (2)* (FAC, ¶¶ 112-17) is based on a theory that a 1992 agreement ("1992 Agreement") between DC and Shuster's siblings bars the Shuster Termination. This theory fails to state a claim because the 1992 Agreement could not lawfully grant any Superman copyrights. None of the parties to the 1992 Agreement possessed any termination rights or Superman copyrights to grant; the Shuster Executor, the sole holder of the termination right, was not a party to the 1992 Agreement; and, in any event, the agreement could not have conveyed or released the inalienable termination right as a matter of law. *See* 17 U.S.C. §§ 204(a), 304(c)(5), 304(c)(6)(B); *Classic Media, Inc. v. Mewborn* ("*Mewborn*"), 532 F.3d 978 (9th Cir. 2008); *Milne v. Stephen Slesinger, Inc.*, 430 F. 3d 1036, 1042-45 (9th Cir. 2005). This theory also fails to state a claim because, under governing New York law, the

unambiguous language of the 1992 Agreement can be interpreted as a matter of law, and such language does not support DC's theory that the 1992 Agreement constituted a "revocation and regrant," especially since New York law requires that such revocation or rescission be *express*. *See Seiden Assoc., Inc. v. ANC Holdings, Inc.*, 959 F.2d 425, 428 (2d Cir. 1992); *Penguin Group (USA) Inc. v. Steinbeck*, 537 F.3d 193, 200 (2d Cir. 2008); *Assoc. Food Stores, Inc. v. Siegel*, 10 N.Y.S. 2d 208, 210 (N.Y. Ct. App. 1960).

*Section (3)* (FAC, ¶¶ 118-24) is based on a theory that the Shuster Executor did not own the "majority interest necessary to terminate." This theory fails to state a claim because the Shuster Executor clearly held the entirety of the termination interest, because as acknowledged in the FAC, termination rights cannot be transferred to third parties, including Pacific Pictures Corporation, prior to the effective date of termination per 17 U.S.C. § 304(c)(6)(D), and the effective termination date is October 26, 2013.

*Section (4)* (FAC, ¶¶ 125-28) is based on a theory that the Shuster Termination failed to terminate a May 21, 1948 consent judgment. This theory fails to state a claim because, as this Court has already correctly decided, this 1948 consent judgment was not a copyright grant, and had no effect on the validity of Superman termination notices. *See Siegel I,* 542 F. Supp. 2d at 1131.

*Section (5)*'s "unclean hands" claim (FAC, ¶¶ 129-33) fails to state a claim because unclean hands is a equitable *defense* that is available only against a party that seeks affirmative equitable relief, and is not a basis for a cause of action as there have been no affirmative claims made by the defendants. *See Pelich v. INS*, 329 F.3d 1057, 1062 (9th Cir. 2003); *Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 841 (9th Cir. Cal. 2002). This theory also fails to state a claim because the acts alleged to be "wrongful" with respect to Superboy have already been determined by a court to be proper. *See Siegel v. National Periodical Publ'ns, Inc.*, 508 F.2d 909 (2d Cir. 1974); *Siegel v. National Comics Publications, Inc.*, Case No. 1099-1947 (N.Y.

Sup. Ct. April 12, 1948); *MGM Studios, Inc. v. Grokster, Ltd.*, 518 F. Supp. 2d 1197, 1240 (C.D. Cal. 2007).

In the alternative, DC's First Claim is also barred as a matter of law by the statute of limitations, as the 2003 Shuster Termination constituted an express repudiation of DC's co-ownership of the rights in question. *See* 17 U.S.C. § 507(b); *Zuill v. Shanahan*, 80 F.3d 1366, 1369-70 (9th Cir. 1996).

As to the Second Claim, sub-parts (1) through (4) have already been adjudicated and final judgment entered in the related *Siegel v. Warner Bros. Ent. Inc.,* Case No. 04-CV-08400 ODW (RZx). In accordance with the Court's decisions of March 26, 2008 (Docket No. 293), August 12, 2009 (Docket No. 560), and October 30, 2009 (Docket No. 595) and _____ __, 2010 (Docket No. ___) in the *Siegel* case, the First Claim of Plaintiffs' Second Amended Complaint, and the First, Second, Third and Fourth Claims of Defendants' First Amended Counterclaims, have been resolved. The remaining aspects of the Second Claim are pending in the *Siegel* litigation, and, in the interests of judicial efficiency, will be stayed until they are resolved in the *Siegel* action.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants Mark Warren Peary, as Personal Representative of the Estate Of Joseph Shuster, And Jean Adele Peavy's Notice of Motion and Motion To Dismiss and/or Stay Plaintiff's First Amended Complaint Pursuant To Fed. R. Civ. P. 12(B)(6) is GRANTED.

2. The First Claim and the sub-parts (1) through (4) of the Second Claim of the First Amended Complaint are hereby DISMISSED WITHOUT LEAVE TO AMEND.

3. Further proceedings in this case as to Second Claim for Relief are hereby stayed.

1  IT IS SO ORDERED.

2

3  Dated: _____                    _____
4                                           Hon. Otis D. Wright II