| | |
|---|---|
| 1 | DANIEL M. PETROCELLI (S.B. #097802) |
| |   dpetrocelli@omm.com |
| 2 | MATTHEW T. KLINE (S.B. #211640) |
| |   mkline@omm.com |
| 3 | CASSANDRA L. SETO (S.B. #246608) |
| |   cseto@omm.com |
| 4 | O'MELVENY & MYERS LLP |
| | 1999 Avenue of the Stars, 7th Floor |
| 5 | Los Angeles, CA 90067-6035 |
| | Telephone: (310) 553-6700 |
| 6 | Facsimile: (310) 246-6779 |
| 7 | PATRICK T. PERKINS (admitted *pro hac vice*) |
| |   pperkins@ptplaw.com |
| 8 | PERKINS LAW OFFICE, P.C. |
| | 1711 Route 9D |
| 9 | Cold Spring, NY 10516 |
| | Telephone: (845) 265-2820 |
| 10 | Facsimile: (845) 265-2819 |
| 11 | Attorneys for Plaintiff DC Comics |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DC COMICS, | Case No. CV 10-3633 ODW (RZx) |
| Plaintiff, | **DC COMICS' NOTICE OF MOTION AND MOTION TO MODIFY THE COURT'S OCTOBER 15, 2010 ADMINISTRATIVE ORDER STAYING ACTION PENDING OUTCOME OF APPEAL** |
| v. | |
| PACIFIC PICTURES CORPORATION, IP WORLDWIDE, LLC, IPW, LLC, MARC TOBEROFF, an individual, MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER, JEAN ADELE PEAVY, an individual, JOANNE SIEGEL, an individual, LAURA SIEGEL LARSON, an individual, and DOES 1-10, inclusive, | |
| | DECLARATION OF MATTHEW T. KLINE AND [PROPOSED] ORDER FILED CONCURRENTLY HEREWITH |
| Defendants. | Hon. Otis D. Wright II |
| | **Hearing Date**: November 29, 2010 |
| | **Hearing Time**: 1:30 p.m. |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on November 29, 2010, at 1:30 p.m., or as soon thereafter as the matter may be heard by the above-entitled court, located in Courtroom 11 at 312 North Spring Street, Los Angeles, California, plaintiff DC Comics will and hereby does move the Court to modify its October 15, 2010 administrative order, either to lift the general stay in this case, or to allow certain claims—or at least discovery related to those claims—to proceed.

In its October 15 order, the Court stayed this action in its entirety pending the Ninth Circuit's ruling on defendants' October 7, 2010 notice of appeal of this Court's September 7, 2010 ruling, which had mooted defendants' first anti-SLAPP motion in light of DC Comics' amended complaint. The Court's October 15 stay order should be modified, and all or part of this case should be allowed to proceed pending this appeal. There are four principal reasons to modify the Court's order in this way:

- First, DC Comics' first three claims for relief all arise under federal law and, thus, are not subject to California's SLAPP law. *See Hilton v. Hallmark Cards*, 580 F.3d 874, 881 (9th Cir. 2009). To stay proceedings related to these federal claims on the basis of a state-law-related appeal "frustrate[s]" DC Comics' "substantive federal rights," in violation of the Supremacy Clause. *Sonoma Foods, Inc. v. Sonoma Cheese Factory, LLC*, 634 F. Supp. 2d 1009, 1016 (N.D. Cal. 2007). At the very minimum, this Court should permit discovery related to DC Comics' federal claims to proceed unimpeded pending defendants' state-law SLAPP appeal.
- Second, defendants' SLAPP appeal on DC's state-law claims is frivolous, and the Ninth Circuit has already issued an order compelling defendants to show cause why the appeal should not be dismissed. In any event, this Court can and should permit discovery into these state-law claims while

|   |   |
|---|---|
| 1 | defendants pursue their appeal. *See Schering Corp. v. First DataBank,* |
| 2 | *Inc.*, 2007 WL 1747115, at *4 (N.D. Cal. June 18, 2007). |

- Third, DC Comics will suffer serious prejudice unless the Court's general stay order is lifted. Three key witnesses whose testimony DC Comics seeks to preserve are, by defendants' own submission, aged (*i.e.*, in their 80s and 90s) and/or are in extremely poor health. DC Comics fought all summer—over defendants' repeated objections—to obtain discovery from these witnesses, and Magistrate Zarefsky ordered these witnesses could be deposed starting November 15, 2010. Neither defendants' efforts to suppress the relevant evidence these witnesses have to offer, nor their frivolous appeal, should be rewarded by a blanket stay in this case.
- Fourth, the Court has the full power to modify its October 15 administrative order based on the arguments above—none of which DC Comics had a chance to present to the Court before it issued its *sua sponte* ruling on October 15. *See infra* Mem. of Points & Auth. at 4.

DC Comics makes this motion following a conference of counsel on October 21, 2010, pursuant to Local Rule 7-3. Defendants oppose the relief DC seeks.

This motion is based on this Notice of Motion; the attached Memorandum of Points and Authorities; the accompanying Declaration of Matthew T. Kline and exhibits in support thereof; all exhibits, files, and records on file in this action; matters of which judicial notice may be taken; and such additional submissions and argument as may be presented at or before the hearing on this motion.

Dated:       November 1, 2010                Respectfully Submitted,

                                             O'MELVENY & MYERS LLP
                                             By: /s/ Daniel M. Petrocelli
                                                 Daniel M. Petrocelli
                                                 Attorneys for Plaintiff DC Comics

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.     Factual Background

DC Comics filed its complaint in this case on May 10, 2010.  The complaint alleges six claims for relief—the first three arising under federal copyright law, the latter three arising under California state law.  *See* Docket No. 49 ¶¶ 105-89.  From the outset, DC Comics sought discovery in support of its federal and state claims, focusing in particular on the documents and testimony of four of the named defendants (Mark Peary, Joanne Siegel, Laura Siegel Larson, and Jean Peavy), three of whom are aged and/or seriously ill and whose testimony needs to be taken and preserved (Siegel, Larson, and Peavy).  *See* Docket No. 44-1 at 2-4, 8-17; Docket No. 61 at 5-7, 32-55; Docket No. 61 at 2-4, 24-25.

On August 13, 2010, defendants filed two motions, pursuant to Rule 12, seeking to dismiss DC Comics' federal claims, *see* Docket Nos. 33, 34, and two motions challenging DC's state-law claims—one under Rule 12, and the other as a special motion to strike under California's anti-SLAPP law, *see* Docket Nos. 30, 31.  As defendants were advised would occur, *see* Decl. of Matthew T. Kline ("Kline Decl.") Ex. A, DC Comics amended its complaint on September 3, 2010, to make minor changes to the pleading, *see* Docket No. 49.

On September 7, 2010, the Court, *sua sponte*, vacated defendants' four pending motions as moot in light of DC Comics' amended complaint.  *See* Docket No. 52 at 1.  Defendants did not move to vacate or modify the Court's order or argue to the Court that DC Comics had no right to amend its complaint.  Rather, defendants merely re-filed their three Rule 12 motions and SLAPP motion on September 20, 2010.  *See* Docket Nos. 75, 77, 78, 80.  In none of these motions did defendants challenge the Court's September 7 order or argue DC Comics was precluded from amending its complaint.  *Cf. id.*

Also on September 20, Magistrate Zarefsky overruled defendants' objections to and request to stay discovery, and ordered that DC Comics could depose Peary,

Siegel, Larson, and Peavy starting November 15, 2010.  (To justify their request to stay discovery, defendants contended that "the age and/or severe medical condition of" Siegel, Larson, and Peavy "urges that their depositions be postponed."  Docket No. 61 at 25.  Ms. Siegel is almost 93 years old, and Ms. Peavy is 89, and defendants submitted briefs and declarations discussing the poor health of Peavy, Siegel, and Larson.  *See id.* at 24-25.  DC Comics argued that the precarious conditions of these witnesses made it all the more important for discovery to go forward so their testimony and documents could be preserved.  *See id.* at 46-47.)  The Magistrate set November 15 as the date to begin these depositions, and, in that same order, denied defendants' additional requests to limit the subject matter of this discovery, and to preclude discovery related to the "Toberoff Timeline" document, which is attached to DC's complaint as Exhibit A.  Docket No. 74 at 1-2; Kline Decl. Ex. B at 55:17-60:7.

On September 27, DC Comics opposed defendants' Rule 12 and SLAPP motions.  *See* Docket Nos. 89-93.  On October 4, Defendants filed their reply briefs in support of these motions.  *See* Docket Nos. 98, 100, 102, 103.

On October 7, three days after the parties completed briefing defendants' second SLAPP motion, defendants filed a notice of appeal challenging the Court's September 7 order.  The notice of appeal objected to the Court's mooting of defendants' initial SLAPP motion in light of DC's amended complaint.  Docket No. 104.  Defendants told the Magistrate the asserted reason for this appeal was that they wanted to seek their attorneys' fees and costs from DC Comics in connection with their first SLAPP motion.  *See* Kline Decl. Ex. B at 12:5-14:8.  Defendants, of course, have no entitlement to such fees or costs, *see id.* Ex. C, and in any event defendants *never* filed a motion with the Court documenting and seeking such fees—either before or after the Court issued its September 7 order.  All defendants had done was mention they would seek such relief in their initial SLAPP motion.  In short, defendants appealed an issue they *never* presented to this Court to resolve.

- 2 -

DC COMICS' MOT. TO MODIFY
OCT. 15, 2010 ORDER

Shortly after the defendants noticed this appeal, the Court issued a second *sua sponte* order on October 15, 2010. The order stated:

> In light of Defendants' Notice of Appeal [104], [Motions 75; 76; 77; 78; 80; 81] are administratively VACATED pending the outcome of defendants' appeal. The hearing on the [] motions, scheduled for October 18, 2010 at 1:30 p.m. is also VACATED.
>
> Defendants' Motion for Review [101] is similarly VACATED, as is the hearing noticed for November 8, 2010 at 1:30 p.m.
>
> This matter is STAYED pending the outcome of defendants' appeal.

Docket No. 109 at 1.

The same day this order issued, DC Comics wrote a letter to defendants, requesting a meet-and-confer on the Court's October 15 ruling. DC explained:

> We seek to set up a meet-and-confer discussion with you on Monday, October 18, at any time between 8am and 8pm PDT. We intend to move the Court to reconsider its order today staying the *Pacific Pictures* case pending the appeal defendants noticed. The appeal is frivolous and there is no jurisdiction to hear it. Among other reasons, the law clearly endorsed Judge Wright's ruling mooting defendants' SLAPP motion, and if defendants wanted to seek attorneys' fees and costs based on the amended complaint DC Comics filed (defendants' stated reason for taking the appeal), they could have filed such a motion with Judge Wright, which DC Comics would have opposed, because it too would have been frivolous—not filed an appeal. *See, e.g., Verizon Delaware, Inc. v. Covad Commc'ns Co.*, 377 F.3d 1081, 1091 (9th Cir. 2004); *Nejo v. Wilshire Credit Corp.*, 2010 WL 2888905, at *2 (S.D. Cal. July 21, 2010); *EchoStar Satellite, L.L.C. v. Viewtech, Inc.*, 2009 WL 1668712, at *5-6 (S.D. Cal. May 27, 2009); *Will v. Hallock*, 546 U.S. 345, 349 (2006). In addition, the SLAPP motion defendants filed has no application to DC Comics' federal claims, and staying the resolution of those claims pending an appeal of SLAPP issues clearly frustrates and prejudices DC Comics' rights under federal law. *See, e.g., Hilton v. Hallmark Cards*, 580 F.3d 874, 881 (9th Cir. 2009); *Sonoma Foods, Inc. v. Sonoma Cheese Factory, LLC*, 634 F. Supp. 2d 1009, 1016 (N.D. Cal. 2007). The appeal defendants have noticed also prejudices DC Comics' ability to preserve the testimony of aged and infirm witnesses, among other harms. DC Comics reserves all rights and remedies, including seeking fees and costs in litigating the appeal defendants have noticed, as well as seeking evidentiary sanctions should the delay defendants have caused prevent DC Comics from deposing the witnesses in question or otherwise obtaining discovery.

Kline Decl. Ex. C.

1  Defendants agreed to meet and confer with DC on the afternoon of October
2  21, 2010. The morning of October 21, the Ninth Circuit issued an order compelling
3  defendants either to dismiss their appeal voluntarily, or to show cause why the
4  Ninth Circuit has jurisdiction to hear defendants' appeal. *See id.* Ex. D at 1-2 (*DC*
5  *Comics v. Pacific Pictures Corp.*, Case No. 10-56594 (9th Cir. Oct. 21, 2010)).
6  During the meet-and-confer that followed that afternoon, defendants stated they
7  would not (i) voluntarily dismiss their appeal, (ii) agree that DC Comics' federal
8  claims in this case may proceed despite the October 15 stay, or (iii) agree that
9  discovery of Peary, Siegel, Larson, and Peavy could be taken, given the exigencies
10 of their age and health, despite the stay. *See* Kline Decl. ¶ 9. Defendants also
11 declined to agree to a briefing schedule that would have allowed DC Comics to
12 present this motion to the Court on shortened time. *See id.* Ex. E.

## II. The Court Has the Power to Modify Its October 15, 2010 Order.

14 "A district court has the inherent power to reconsider and modify its
15 interlocutory orders prior to the entry of judgment." *Smith v. Massachusetts*, 543
16 U.S. 462, 475 (2005). Courts may modify their rulings where, as here, the Court
17 ruled on an issue *sua sponte* and the parties did not have an opportunity to present
18 argument on the issue or to address a ruling's collateral impact. *E.g.*, *U.S. Philips*
19 *Corp. v. Int'l Norcent Tech., Inc.*, 2007 WL 4984151, at *1 (C.D. Cal. Oct. 23,
20 2007); *Barone v. Brown*, 126 F. Supp. 2d 805, 806 (D.N.J. 2001); *see also* C.D.
21 LOCAL R. 7-18; *Robinson v. ITT Corp. Sys. Div.*, 2009 WL 2044641, at *1 n.4
22 (M.D. Ga. July 10, 2009). Courts may also modify general stay orders where, as
23 here, the order prejudices plaintiff's ability to obtain key discovery. *E.g.*, *Sanborn*
24 *v. Asbestos Corp., Ltd.*, 2009 WL 282020, at *1-2 (N.D. Cal. Feb. 5, 2009).

## III. DC Comics' Federal Claims Should Be Allowed to Proceed Unimpeded.

26 DC Comics' first through third claims for relief arise under federal copyright
27 law. Accordingly, none may be the subject of a SLAPP motion. *See In re Bah*, 321
28 B.R. 41, 46 (9th Cir. BAP 2005) ("the anti-SLAPP statute may not be applied to

matters involving federal questions"). Nor may defendants envelop DC Comics' federal claims in their state-law based SLAPP appeal. *See Hilton v. Hallmark Cards*, 580 F.3d 874, 881 (9th Cir. 2009) ("[T]he anti-SLAPP statute does not apply to federal law causes of action…. Because a federal court can only entertain anti-SLAPP special motions to strike in connection with state law claims, there is no properly appealable order with which [plaintiff's federal] Lanham Act claim could be inextricably intertwined. We therefore lack jurisdiction to review it.").

To stay this entire case pending defendants' SLAPP appeal "frustrate[s]" DC Comics' "substantive federal rights." *Sonoma Foods, Inc. v. Sonoma Cheese Factory, LLC*, 634 F. Supp. 2d 1009, 1016 (N.D. Cal. 2007). Defendants' SLAPP motion did not—and legally could not—challenge DC's federal claims. To stay those federal claims pending defendants' SLAPP appeal contravenes the U.S. Constitution's Supremacy Clause, which provides that "the Laws of the United States … shall be the supreme Law of the Land," U.S. CONST. art. § VI, cl. 2, because it permits a state-law statute to impede the prosecution of a federal claim, *see Sonoma Foods*, 634 F. Supp. 2d at 1016; *Bulletin Displays, LLC v. Regency Outdoor Adver., Inc.*, 448 F. Supp. 2d 1172, 1180 (C.D. Cal. 2006) ("applying [SLAPP] to federal claims arguably would permit state law to affect and alter the substance of federal claims in violation of the Supremacy Clause"). Federal substantive law cannot be frustrated by the application of state statutes, laws, or procedural rules. *See, e.g., Southland Corp. v. Keating*, 465 U.S. 1, 3, 15-16 (1984) (provision of the California Franchise Investment law that "invalidate[d] certain arbitration agreements covered" by the Federal Arbitration Act violated the Supremacy Clause because it frustrated congressional intent to place arbitration agreements on "the same footing as other contracts").

Even if the Court is unwilling to allow DC's federal claims to proceed without limitation, at the very least it should modify its October 15 order to permit DC Comics to take full discovery related to its federal claims. The Court may defer

- 5 - DC COMICS' MOT. TO MODIFY OCT. 15, 2010 ORDER

1  ruling on the merits of these federal claims or defendants' Rule 12 motions during
2  the pendency of defendants' SLAPP appeal, but the Court should not impose a
3  blanket stay on discovery while this occurs.  DC Comics presented extensive
4  evidence to Magistrate Zarefsky showing the need to take discovery on DC
5  Comics' federal claims, and the Magistrate rightly rejected defendants' arguments
6  to impose an indefinite stay on discovery.  *See* Docket No. 44-1 at 2-4, 8-17;
7  Docket No. 61 at 32-55; Docket No. 74 at 1-2; Kline Decl. Ex. B at 55:17-60:7.
8  The Magistrate's ruling permitting discovery should be respected, and as in cases
9  like *Sanborn v. Asbestos Corp., Ltd.*, 2009 WL 282020, at *1-2 (N.D. Cal. Feb. 5,
10 2009), and *Castaneda v. United States*, 2008 U.S. Dist. LEXIS 40567, at *4-5 (C.D.
11 Cal. May 20, 2008), the Court's October 15 stay order should be modified to allow
12 discovery in aid of DC Comics' federal claims.
13       In *Sanborn*, the court initially stayed a case in its entirety pending transfer to
14 a multi-district litigation court.  When plaintiff showed that the blanket stay
15 prejudiced his ability to take discovery of a key, infirm witness the court modified
16 its stay order to permit discovery.  *See* 2009 WL 282020 at *2.  In *Castaneda*, the
17 United States took an interlocutory appeal in a federal case, arguing it should be
18 held immune from the suit plaintiff brought.  Despite the appeal, the district court
19 properly allowed discovery to continue.  "Because discovery and other pretrial
20 matters are not relevant to the subject of the appeal," the court had the power to
21 proceed with discovery despite the appeal, and did so in part because, as here, the
22 discovery sought was relevant to claims not on appeal.  *See* 2008 U.S. Dist. LEXIS
23 40567 at *5, *18.
24       In short, as in cases like *Mindys Cosmetics, Inc. v. Dakar*, Case No. 96 CV
25 08-4459 (C.D. Cal. Mar. 9, 2009) (attached as Kline Decl. Ex. G), defendants
26 should be ordered to comply with discovery relevant to DC Comics' *federal* claims
27 while plaintiffs pursue their *state-law* SLAPP appeal.
28

**IV. DC Comics' State-Law Claims Should Not Be Stayed Either Because Defendants' Appeal Is Frivolous; and, at a Minimum, Discovery Can and Should Be Allowed to Proceed on Those Claims.**

On October 21, the Ninth Circuit issued an order, *sua sponte*, stating that a "review of the record suggests that this court may lack jurisdiction over [defendants' SLAPP] appeal because it does not seek review of a final appealable decision under 28 U.S.C. § 1291." Kline Decl. Ex. D at 1-2. The Ninth Circuit ordered defendants to "move for voluntary dismissal of the appeal or show cause why it should not be dismissed for lack of jurisdiction." *Id.* The Ninth Circuit suspended all briefing on the merits of defendants' appeal pending the resolution of this threshold issue, *see id.*, and defendants have told DC Comics they refuse to dismiss their appeal voluntarily, *see* Kline Decl. ¶ 9.

Defendants' appeal is frivolous because, among other reasons, the Ninth Circuit lacks jurisdiction to hear it and defendants never presented to the district court the arguments it now wants the Ninth Circuit to consider. *See, e.g., Englert v. MacDonnel*, 551 F.3d 1099, 1103 (9th Cir. 2009) ("appeal will lie only from a final decision"); *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 321 F.3d 878, 879 (9th Cir. 2003) (appellate court will not consider arguments "never presented to the district court"). If and when defendants respond to the Ninth Circuit's order to show cause, DC Comics will demonstrate in detail why defendants' appeal must be dismissed. DC Comics hopes and expects that once the Ninth Circuit receives briefing on this threshold issue, it will promptly dismiss defendants' frivolous appeal, but there is no assurance such a ruling will issue quickly, or even this year.

No matter when or how the Ninth Circuit rules, this Court can and should permit DC Comics to continue to take discovery in this case in aid of its state-law claims. *See Schering Corp. v. First DataBank, Inc.*, 2007 WL 1747115, at *4 (N.D. Cal. June 18, 2007). In *Schering*, plaintiff sued defendant for a variety of state-law business torts. Defendant filed a SLAPP motion challenging the claims, and the

district court denied the SLAPP motion. *See id.* at *1. Defendants filed a SLAPP appeal, and pending that appeal, plaintiff sought to take discovery in aid of its state-law claims. Examining the Ninth Circuit law on this issue, Judge Alsup rightly held that he retained jurisdiction over case-management issues, "including discovery," reasoning "[i]t would be wrong to rule on a blanket basis that any and all discovery … should be denied pending what may be a lengthy appeal." *Id.* at *4; *accord Bulletin Displays, LLC v. Regency Outdoor Adver.*, Case No. 54 SACV 05-01083 (C.D. Cal. Oct. 13, 2006) (ordering that discovery could continue on all claims in case—state and federal—pending defendants' SLAPP appeal, so as to avoid prejudice to plaintiffs) (attached as Kline Decl. Ex. F).

As in *Schering* and *Bulletin Displays*, this Court should similarly modify its October 15 ruling to permit discovery on DC Comics' state-law claims pending defendants' appeal on the narrow (and frivolous) issue of the mooting of their SLAPP motion. This case is even more deserving of discovery than *Schering* or *Bulletin Displays* because unlike in those cases: (a) defendants' appeal here is of a mooting order on this Court's part, not a ruling on the merits of defendants' SLAPP motion; and (b) DC Comics has a compelling need to preserve the testimony of aged and infirm witnesses. In addition, the state-law-related discovery DC Comics seeks, as it demonstrated to the Magistrate, Docket No. 44-1 at 2-4, 8-17; Docket No. 61 at 5-7, 32-55, largely overlaps with the federal discovery it needs to take, and that DC has every right to take as a matter of federal right, *see supra* at 4-6.

## V.   CONCLUSION

For the foregoing reasons, DC Comics respectfully requests that the Court modify its October 15, 2010, order and grant any or all of the alternative forms relief set forth DC Comics' Proposed Order filed herewith. In short, DC asks the Court either to (i) vacate its stay ruling; or (ii) modify the stay ruling to (a) permit DC Comics' federal claims to proceed unimpeded, (b) allow DC Comics to take

1 | full discovery on its federal and/or state-law claims, or (c), at the very minimum,
2 | permit DC Comics take full discovery of Siegel, Larson, Peavy, and Peary.

Dated:     November 1, 2010                Respectfully Submitted,

O'MELVENY & MYERS LLP


By: /s/ Daniel M. Petrocelli
    Daniel M. Petrocelli
    Attorneys for Plaintiff DC Comics

CC1:838943