# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

Case No. SACV 05-1083 CJC (ANx)             Date: October 13, 2006

Title: <u>BULLETIN DISPLAYS, LLC v. REGENCY OUTDOOR ADVERTISING, INC., et al.</u>

PRESENT:

### HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE

<u>Debra Beard</u>            <u>  N/A  </u>
Deputy Clerk            Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:      ATTORNEYS PRESENT FOR DEFENDANT:

None Present            None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER CONFIRMING THAT DISTRICT COURT PROCEEDINGS ARE NOT STAYED**

Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* FED. R. CIV. P. 78; Local Rule 7-15. Accordingly, the hearing set for October 16, 2006 at 1:30 p.m. is hereby vacated and off calendar.

Plaintiff Bulletin Displays, LLC ("Bulletin"), brought this motion seeking confirmation that proceedings before this Court would not be stayed pending the appeal of the June 8, 2006 denial of the anti-SLAPP motion brought by Defendants Regency Outdoor Advertising, Inc., West Hollywood Properties, LLC, Brian Kennedy, and Drake Kennedy (collectively, "Defendants").[1] For the following reasons, the Court finds that an appeal of the denial of an anti-SLAPP motion under the collateral order doctrine does not automatically stay proceedings in the district court. Accordingly, no stay will issue, and the action will proceed before this Court during the pendency of Defendants' appeal.

California law provides for pre-trial dismissal of a strategic lawsuit against public

---

[1] Pursuant to a stipulation on September 7, 2006, the parties agreed to combine a potential motion to compel discovery by Bulletin and a corresponding potential motion seeking a protective order from discovery and a stay of all proceedings by Defendants into the instant motion pending before the Court.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

Case No. SACV 05-1083 CJC (ANx)　　　　　　　　　　　　　Date: October 13, 2006

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 2

---

participation ("SLAPP"). *See* CAL. CIV. PROC. CODE § 425.16. When a defendant files an anti-SLAPP motion to strike, all discovery proceedings are stayed pending the resolution of that motion. CAL. CIV. PROC. CODE § 425.16(g). However, once the court denies the motion, the stay is lifted and the parties continue with discovery. *See id.*; *Batzel v. Smith*, 333 F.3d 1018, 1024 (9th Cir. 2003). The anti-SLAPP statute provides that the denial of an anti-SLAPP motion to strike is immediately appealable. CAL. CIV. PROC. CODE § 425.16(j). The Ninth Circuit has also found the denial of an anti-SLAPP motion immediately appealable pursuant to the collateral order doctrine of 28 U.S.C. § 1291. *Batzel*, 333 F.3d at 1024. Recently, the California Supreme Court ruled that an appeal from the denial of an anti-SLAPP motion automatically stays all further trial court proceedings. *See Varian Med. Sys., Inc. v. Delfino*, 35 Cal. 4th 180 (2005).

　　　Defendants argue that *Varian* is dispositive in this case. They point out that, in *Batzel*, the Ninth Circuit recognized that California treats the anti-SLAPP statute as a substantive law granting defendants substantive immunity from suit. *See Batzel*, 333 F.3d at 1025-26. Thus, the Ninth Circuit deferred to the state's application of the statute under the *Erie* doctrine. *Id.* (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)). Defendants argue that the automatic stay imposed under *Varian* is similarly substantive, and under *Erie*, this Court should defer to California's interpretation of the law.

　　　If the text of section 425.16 itself contained language indicating that an appeal of an anti-SLAPP denial would automatically stay trial proceedings, Defendants' argument might be more persuasive. However, the anti-SLAPP statute contains no such language, and the California Supreme Court did not rely on section 425.16 to impose the automatic stay. Instead, the *Varian* Court cited California Civil Procedure Code section 916(a),[2] which governs the stay of trial proceedings pending appeal in California state court. *Varian*, 35 Cal. 4th at 198 ("[T]he automatic stay under section 916 *must* divest the trial court of fundamental jurisdiction over the matters embraced in or affected by the appeal.") (emphasis in original). Under section 916, the effect of an appeal is to remove subject matter jurisdiction from the

---

[2]Section 916(a) states in full: "Except as provided in Sections 917.1 to 917.9, inclusive, and in Section 116.810, the perfecting of an appeal stays proceedings in the trial court upon the judgment or order appealed from or upon the matters embraced therein or affected thereby, including enforcement of the judgment or order, but the trial court may proceed upon any other matter embraced in the action and not affected by the judgment or order." CAL. CIV. PROC. CODE § 916(a).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No. SACV 05-1083 CJC (ANx)  Date: October 13, 2006
Page 3

---

trial court as to any matter embraced in or affected by the appeal. *See id.*, at 196-97. This rule directly conflicts with "firmly established" federal law that "an appeal from an interlocutory order does not stay the proceedings" and "does not divest the trial court of jurisdiction." *Plotkin v. Pacific Tel. & Tel. Co.*, 688 F.2d 1291, 1293 (9th Cir. 1982); *see also Ex parte Nat'l Enameling & Stamping Co.*, 201 U.S. 156, 162 (1906) ("The case, except for the hearing on the appeal from the interlocutory order, is to proceed in the lower court as though no such appeal had been taken, unless otherwise specially ordered."). The district court only loses jurisdiction to modify or amend the specific order that is being appealed. *See Britton v. Co-op Banking Corp.*, 916 F.2d 1405, 1411-12 (9th Cir. 1990). Under *Erie*, federal courts do not apply state rules of procedure. Nor can questions of federal jurisdiction be controlled by state law. Section 916 of the California Civil Procedure Code is unquestionably a rule of procedure, and as such it cannot compel a federal district court to impose an automatic stay. Instead, this Court will apply federal law to determine whether a stay is appropriate in this case.

In considering requests for stays pending appeal, courts consider "(1) the likelihood of the moving party's success on the merits; (2) the possibility of irreparable injury to the moving party if relief is not granted; (3) the extent to which the balance of hardships favors the respective parties; and (4) in certain cases, whether the public interest will be advanced by granting the preliminary relief." *Maui Land & Pineapple Co. v. Occidental Chem. Corp.*, 24 F. Supp. 2d 1083, 1085 (D. Haw. 1998). These factors clearly favor denying a stay in this case. Defendants have very little likelihood of prevailing on the merits of their appeal. The balance of hardships clearly favors Bulletin. The longer this case is delayed, the greater the potential that some or all of the defendants will become judgment proof, thus denying Bulletin the opportunity to obtain redress if it ultimately prevails on its claims. And finally, the Court finds that the public interest would unquestionably be better served by continuing with the proceedings in the district court. This case involves allegations of criminally fraudulent behavior on the part of several defendants, including bribery of public officials. It is in the public's interest to have a resolution on the merits of this action proceed in an expedient fashion, and not be held up by procedural delays. Accordingly, the Court will not order a stay pending Defendants' appeal, and discovery must proceed in this action.

pfr

MINUTES FORM 11
CIVIL-GEN                                                Initials of Deputy Clerk

EXHIBIT F
72