1　DANIEL M. PETROCELLI (S.B. #097802)
　　dpetrocelli@omm.com
2　MATTHEW T. KLINE (S.B. #211640)
　　mkline@omm.com
3　CASSANDRA L. SETO (S.B. #246608)
　　cseto@omm.com
4　O'MELVENY & MYERS LLP
　1999 Avenue of the Stars, 7th Floor
5　Los Angeles, CA  90067-6035
　Telephone:  (310) 553-6700
6　Facsimile:   (310) 246-6779

7　PATRICK T. PERKINS (admitted *pro hac vice*)
　　pperkins@ptplaw.com
8　PERKINS LAW OFFICE, P.C.
　1711 Route 9D
9　Cold Spring, NY 10516
　Telephone:  (845) 265-2820
10　Facsimile:   (845) 265-2819

11　Attorneys for Plaintiff DC Comics

12　　　　　UNITED STATES DISTRICT COURT

13　　　　　CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 14　DC COMICS, | Case No.  CV 10-3633 ODW (RZx) |
| 15　　　　　Plaintiff, | **DC COMICS' REPLY IN SUPPORT OF MOTION TO MODIFY THE COURT'S OCTOBER 15, 2010 ADMINISTRATIVE ORDER STAYING ACTION PENDING OUTCOME OF APPEAL** |
| 16　　　　　v. | |
| 17　PACIFIC PICTURES CORPORATION, IP WORLDWIDE, LLC, IPW, LLC, MARC TOBEROFF, an individual, MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER, JEAN ADELE PEAVY, an individual, JOANNE SIEGEL, an individual, LAURA SIEGEL LARSON, an individual, and DOES 1-10, inclusive, | |
| 18 | |
| 19 | |
| 20 | Hon. Otis D. Wright II |
| 21 | **Hearing Date**:　November 29, 2010 |
| 22　　　　　Defendants. | **Hearing Time**:　1:30 p.m. |
| 23 | |

24

25

26

27

28

1    Lacking any support for a blanket stay of discovery in this case, defendants'

2  opposition diverts the issues and misrepresents the record.  The Court's October 15

3  *sua sponte* order staying this case was based solely on defendants' notice of appeal

4  filed on October 7.  That notice, in turn, was based solely on an attorneys' fees

5  issue that was not raised with this Court, is not ripe for appellate review, is not

6  directed at any of DC Comics' federal claims, and is not remotely meritorious in

7  any event.  On October 21, the Ninth Circuit issued an order to show cause why

8  defendants' appeal should not be dismissed for lack of jurisdiction.  Neither the

9  pendency nor disposition of defendants' appeal provides any basis to further delay

10  DC Comics' right to discovery.  Magistrate Zarefsky rejected defendants' request

11  for an indefinite stay of discovery and ruled that the key depositions of defendants'

12  infirm witnesses could commence November 15—*i.e.*, today.  Delaying discovery

13  further grievously prejudices DC Comics, while allowing it to proceed will cause

14  no prejudice to defendants.  The Court's October 15 order should be modified to

15  permit discovery to proceed.

16  **I.    THE COURT CAN AND SHOULD MODIFY ITS STAY ORDER.**

17    The Court is fully authorized to modify its October 15 stay order, especially

18  since the order was issued *sua sponte* without any briefing from DC on how such a

19  stay would affect its interests.  *See* Mot. at 4, 6 (citing cases).  Defendants do not

20  dispute this, nor do they dispute that California's SLAPP statute—on which they

21  base their appeal—has *no* application to DC's claims brought under federal law.  *Id.*

22  at 4-6.  DC's motion should be granted for these reasons alone.

23    The arguments in defendants' opposition are without merit:

24    First, defendants assert that DC's motion "violates Local Rule 7-18 by

25  repeating arguments this Court already had before it when it decided to enter the

26  stay."  Opp. at 6.  This is incorrect.  The parties *never* briefed the impact of

27  defendants' notice of appeal or the entry of a stay order.  Nor did defendants'

28  SLAPP briefing argue they would file such an appeal or that it would be grounds to

obtain a stay.  Rule 7-18 makes clear that the prohibition against repeating arguments in a motion for reconsideration applies only to "argument[s] made in support of or in opposition to *the original motion*."  L.R. 7-18 (emphasis added); *Wood v. Midland Credit Mgmt., Inc.*, 2005 U.S. Dist. LEXIS 31919, at *3-4 (C.D. Cal. 2005).  Here, defendants never moved for a stay pending their appeal; there was no "original motion" that led to the Court's October 15 order; and, thus, DC is not "repeating arguments" in violation of Rule 7-18.

Second, defendants contend DC must show that the Court "abused its discretion" in entering the stay.  Opp. at 5-8.  This is incorrect.  The Court may modify its *sua sponte* order without a showing that its discretion was abused.  *See Smith v. Massachusetts*, 543 U.S. 462, 475 (2005); *Sanborn v. Asbestos Corp., Ltd.*, 2009 WL 282020, at *1-2 (N.D. Cal. Feb. 5, 2009); *Glass v. Scribner*, 2009 WL 2579657, at *1 n.3 (E.D. Cal. Aug. 19, 2009).  The Court's stay of discovery should be lifted because, at the minimum, it interferes with DC's three *federal* claims for relief in contravention of the Supremacy Clause.  *See* Mot. at 4-6.  Defendants never address this issue or the cases that discuss it.  Instead, they rely solely on *Moser v. Encore Capital Grp., Inc.*, 2007 WL 1114113 (S.D. Cal. Mar. 27, 2007) (Opp. at 8), in which the court stayed an entire case pending an appeal of a SLAPP motion that, unlike here, was resolved on the merits.  More importantly, and as defendants fail to disclose, *Moser* involved no federal claims for relief, *see* 2007 WL 1114113, at *1-4, and thus it provides no authority for staying DC's federal claims or for overcoming the Supremacy Clause.

Third, defendants assert this case should be stayed pending further litigation in the *Siegel* cases because Shusters' copyright claims here mirror the Siegels'.  *See* Opp. at 10:16-11:13.  This, too, is incorrect.  As its complaint alleges, DC's challenge to the Shuster's copyright termination notice turns on *Shuster-specific* interests and facts, such as a contract the Shusters signed in 1992 and ratified and benefited from throughout the years.  *See* Docket No. 61 at 36-46.  The Siegels

DC COMICS' REPLY ISO MOT. TO MODIFY OCT. 15, 2010 ORDER

were *never* parties to this contract. As defendants themselves represented to the federal court in New Mexico in 2006, but notably omit here: "'the *Siegel Litigations* do <u>not</u> concern Shuster's copyright interests in *Superman*.'" *Id.* at 49 (emphasis in original).

Moreover, in urging Magistrate Zarefsky to impose an indefinite stay of all discovery in this case, defendants argued, as they do now, that DC obtained all necessary discovery in the *Siegel* cases. *Cf.* Docket No. 44-1 at 2-4, 8-17; Docket No. 61 at 5-7, 32-55. Magistrate Zarefsky rightly rejected this argument and refused to stay or limit discovery based on proceedings in the *Siegel* litigation. Reminding the parties to avoid needless duplication, the Magistrate held that depositions of defendants' key witnesses (Peavy, Peary, Siegel, and Larson) could begin November 15, and stated: "There shall be no limit to the subject matter covered in the depositions." Docket No. 74 at 2; Docket No. 110-3 at 62:4-5 ("I'm not going to impose a limit on the subjects to be covered in the depositions...."). Defendants' chose not to appeal this ruling. *See* Docket No. 101 at 2 n.2.

<u>Fourth</u>, defendants assert that Magistrate Zarefsky "stayed depositions so that this Court may first rule on dispositive motions" defendants filed. Opp. at 1, 11, 14. Again, this is incorrect. Magistrate Zarefsky rejected defendants' invitation to weigh the merits of their Rule 12 motions, rejected their argument that their SLAPP motion bars discovery, and rejected their request for an indefinite stay of all discovery pending the Court's ruling on defendants' motions. As he explained:

> I don't think these [discovery] motions are all that difficult.... *[T]here's nothing that prevents [DC] from commencing discovery*. The only automatic stay that federal law imposes is a stay before the Rule 26(f) conference, and that conference has taken place.... *[T]he California Anti-SLAP* [sic] *statute does not govern these federal proceedings*.... There are four deposition notices at issue: [Siegel, Larson, Peary, and Peavy]. In my view there are balances to be struck here.... In balancing all those factors..., I'm going to stay the depositions until November 15th.... I don't know when Judge Wright will ultimately rule. I've attempted to give him time to rule if he is so inclined. And, of course, obviously, he can alter any schedule that I have set. But assuming that

DC COMICS' REPLY ISO MOT. TO
MODIFY OCT. 15, 2010 ORDER

he does proceed as promptly as the defendants believe that he will proceed, this should allow time for certain issues to shake out *and for the depositions to take place and, at the same time, not put off the depositions for too long a time. These witnesses are not getting any younger.* It's the Court's keen observation that people who are elderly and have health problems don't get any younger, and their health problems tend to not improve. *So, I think there is some urgency here....*

Docket No. 110-3 at 58:19-63:6 (emphasis added).

Defendants chose not to appeal Magistrate Zarefsky's findings regarding this obvious "urgency." *See* Docket No. 101 at 2 n.2. Disregarding this waiver, defendants now claim the age and health of these witnesses present no impediment to an indefinite stay of their depositions, Opp. at 12-13—a position foreclosed not only by the Magistrate's ruling, but also by defendants' contrary representations to the Magistrate. *E.g.*, Docket No. 61 at 24 ("Siegel is 92 … and while her condition is stable, she suffers from a heart condition, a hearing disability and high blood pressure."); *id.* ("Larson has Multiple Sclerosis…, Fibromyalgia (a musculo-skeletal pain and fatigue disorder), Spondylosis (a degenerative joint disease)…."); Docket No. 64 at 3 ("[I]n May 2009, Ms. Peavy suffered a debilitating stroke. Ms. Peavy now suffers from atrial fibrillation[,] hypertension … [and] aphasia.").

## II.    DEFENDANTS' SLAPP NOTICE OF APPEAL DOES NOT BAR DISCOVERY.

Defendants' notice of appeal regarding their moot SLAPP motion does not bar discovery into DC's *state-law* claims either. In *Schering Corp. v. First DataBank, Inc.*, 2007 WL 1747115, at *5 (N.D. Cal. June 18, 2007), and *Bulletin Displays, LLC v. Regency Outdoor Adver.*, Case No. 54 SACV 05-01083 (C.D. Cal. Oct. 13, 2006), the courts rightly held that discovery in support of plaintiffs' state-law claims may continue during appeals of orders resolving SLAPP motions on their merits. These cases definitively reject any contention that discovery must be stayed because of a SLAPP appeal, especially where, as here, defendants' appeal does not even involve the merits of a SLAPP ruing. Defendants' only response to these authorities is to say they "are merely cases where the Court declined a stay in

DC COMICS' REPLY ISO MOT. TO MODIFY OCT. 15, 2010 ORDER

the exercise of its discretion," Opp. at 17, but defendants come nowhere close to showing why this Court should depart from the result in these cases and resort to an exceptional stay of all discovery while defendants pursue an appeal on a narrow procedural issue seeking only fees.  As defendants are fully aware, such a stay can only prejudice DC by risking the loss of key evidence and exacerbating the delay and wrangling that has tied up the Superman litigation for six years now.

As for the merits of defendants' SLAPP appeal, the Ninth Circuit's order compelling defendants to show cause why the appeal should not be dismissed is far from "routine," as defendants contend.  Opp. at 2.  The order reflects the obvious defect that defendants seek to appeal an order that a motion is *moot*, not a ruling on its *merits*.  *Cf. In re Burrell*, 415 F.3d 994, 998 (9th Cir. 2005).  Defendants claim *Batzel v. Smith*, 333 F.3d 1018 (9th Cir. 2003), supports their appeal, Opp. at 2-3, but the Ninth Circuit specifically called that claim into question in its October 21 order:  "While the notice of appeal purports to find jurisdiction for this appeal based on *Batzel...*, the September 7, 2010 district court order did not deny on the merits a motion filed under California's Anti-SLAPP Law, but instead simply vacated and deemed moot the motion because an amended complaint had been filed by the plaintiff."  Docket No. 110-5 at 67.

Finally, there is no basis for defendants' contentions that *Batzel* and *Shady Grove* foreclose DC from taking discovery in support of its state-law claims because of defendants' SLAPP motion.  *See* Opp. at 9-10.  Defendants' position squarely conflicts with the Ninth Circuit's decision in *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832 (9th Cir. 2001).  In *Batzel* and since, courts in the Ninth Circuit have cited *Metabolife* approvingly over 50 times, including 23 times by the Ninth Circuit alone, and as recently as a few months ago.  *See Flores v. Emerich & Fike*, 2010 WL 2640625, at *2 (9th Cir. 2010).  *Shady Grove* had nothing to do with the SLAPP statute, and *no fewer than five cases* handed down since continue to recognize a plaintiff's right under *Metabolife* to take discovery in opposing a

DC COMICS' REPLY ISO MOT. TO
MODIFY OCT. 15, 2010 ORDER

1   SLAPP motion.  *See Nguyen v. County of Clark*, 2010 WL 3211873, at * 3 (W.D.

2   Wash. Aug, 12. 2010); *Rebel Commc'ns, LLC v. Virgin Valley Water Dist.*, 2010

3   WL 2773530, *2 (D. Nev. July 12, 2010); *Thornbrough v. Western Placer Unified*

4   *Sch. Dist.*, 2010 WL 2179917, at *4 (E.D. Cal. May 27, 2010); *Chevron Corp. v.*

5   *Bonifaz*, 2010 WL 1948681, at *3 (N.D. Cal. May 12, 2010); *Pacquiao v.*

6   *Mayweather*, 2010 WL 1439100, at *1 (D. Nev. Apr. 9, 2010).

7   **V.    CONCLUSION**

8       Defendants' delay tactics should not be rewarded, and DC Comics' motion

9   should be granted.

10  Dated:        November 15, 2010          Respectfully Submitted,

11                                           O'MELVENY & MYERS LLP

12

13                                           By:  /s/ Daniel M. Petrocelli
                                                  Daniel M. Petrocelli
14                                                Attorneys for Plaintiff DC Comics

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DC COMICS' REPLY ISO MOT. TO
MODIFY OCT. 15, 2010 ORDER