# EXHIBIT A

CASE NO. 10-56594

**UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

———————————

PACIFIC PICTURES CORPORATION, IP WORLDWIDE, LLC,
IPW, LLC, AND MARC TOBEROFF

*Defendants-Appellants,*

v.

DC COMICS

*Plaintiff-Appellee.*

———————————

APPELLANTS' MEMORANDUM IN RESPONSE TO ORDER TO SHOW CAUSE
RE: BASIS FOR JURISDICTION

Appeal From The United States District Court for the Central District
of California, Case No. CV-10-3633, Hon. Otis D. Wright II

———————————

> KENDALL BRILL & KLIEGER LLP
> Richard B. Kendall (90072)
> Laura W. Brill (195889)
> Nicholas F. Daum (236155)
> 10100 Santa Monica Blvd., Suite 1725
> Los Angeles, California 90067
> Telephone: 310.556.2700
> Facsimile: 310.556.2705
>
> Attorneys for Pacific Pictures
> Corporation, IP Worldwide, LLC, IPW,
> LLC, and Marc Toberoff

# TABLE OF CONTENTS

Page

I.   INTRODUCTION ........................................................................1

II.  FACTUAL AND PROCEDURAL BACKGROUND ...................................4

     A.   Overview Of The Action...................................................4

     B.   DC Suffers A Defeat In The *Siegel* Litigation And Brings An
          Action Against Toberoff ................................................6

     C.   Toberoff Files An Anti-SLAPP Motion, And DC Amends Its
          Complaint .................................................................8

III. ARGUMENT.............................................................................10

     A.   The Anti-SLAPP Statute's Provision For The Prompt Recovery
          Of Attorney's Fees Is A Critical Substantive Protection Of
          California Law..............................................................10

     B.   Under *Batzel*, An Order Mooting Appellants' Right To
          Attorney's Fees Under the Anti-SLAPP Law Is A Directly
          Appealable Collateral Order.............................................14

     C.   The District Court's Order Is A Collateral Order Under Ninth
          Circuit Law Governing Attorney's Fee Awards ................................19

     D.   The Jurisdictional Issues Raised By This Appeal Should Not Be
          Determined By Summary Disposition ...................................20

IV.  CONCLUSION.........................................................................20

# TABLE OF AUTHORITIES

**Page**

## CASES

*Batzel v. Smith*,
  333 F.3d 1018 (9th Cir. 2003) ............................................................. passim

*Cohen v. Beneficial Industrial Loan Corp.*,
  337 U.S. 541 (1949)................................................................................14

*Coltrain v. Shewalter*,
  66 Cal. App. 4th 94, 77 Cal. Rptr. 2d 600 (Cal. Ct. App. 1998)..................16

*EchoStar Satellite, L.L.C. v. Viewtech, Inc.*,
  2009 WL 1668712  (S.D. Cal. May 27, 2009) .................................................3

*Erie R.R. Co. v. Tompkins*,
  304 U.S. 64 (1938)...................................................................................14

*Finnegan v. Director, Office of Workers' Compensation Programs*,
  69 F.3d 1039 (9th Cir. 1995) .............................................................19

*Johnston v. Corrigan*,
  127 Cal. App. 4th 553 (2005) ............................................................. 2, 16

*K.V. Mart v. United Food & Commercial Workers Int'l Union*,
  173 F.2d 1221  (9th Cir. 1999) .................................................................19

*Ketchum v. Moses*,
  24 Cal.4th 1122, 104 Cal.Rptr.2d 377 (2001) ...................................... 11, 12

*Mindys Cosmetics, Inc. v. Dakar*,
  611 F.3d. 590 (9th Cir. 2010) ........................................................... 3, 8, 11

*Moore v. Liu*,
  69 Cal. App. 4th 745, 81 Cal. Rptr. 2d 807 (Cal. Ct. App. 1999)...... 2, 16, 17

*Pandora Jewelry v. Bello Paradiso, LLC*,
  2009 WL 1953468 (E.D. Cal. July 1, 2009)....................................................3

*Pfeiffer Venice Properties v. Bernard*,
  101 Cal. App. 4th 211, 123 Cal. Rptr. 2d 647  (Cal. Ct. App. 2002)............17

*Riverhead Savings Bank v. Nat'l Mortgage Equity Corp.*,
  893 F.2d 1109 (9th Cir. 1990) .............................................................19

*Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co.*,
  130 S. Ct. 1431 (2010)............................................................................13

*Siegel v. Warner Bros. Ent. Inc.,*
 542 F. Supp. 2d 1098 (C.D. Cal. 2008) ......................................................4, 6

*Simmons v. Allstate Ins. Co.,*
 92 Cal. App. 4th 1068  (2001) ................................................................ 12, 17

*Sylmar Air Conditioning v. Pueblo Contracting Servs., Inc.,*
 122 Cal. App. 4th 1049 (1998) ......................................................... 12, 17, 18

*United States ex rel. Newsham v. Lockheed Missiles & Space Co.,*
 190 F.3d 963 (9th Cir. 1999) ..........................................................................10

*Verizon Delaware, Inc. v. Covad Commc'ns Co.,*
 377 F.3d 1081  (9th Cir. 2004) .......................................................................13

*Will v. Hallock,*
 546 U.S. 345 (2005)........................................................................................14

## STATUTES

17 U.S.C. § 30 .............................................................................................. 3, 4, 6

California Code of Civil Procedure § 416.25 .......................................................10

California Code of Civil Procedure § 904.1 .........................................................16

Public Law 105-298 (1998) ..................................................................................4

## RULES

Ninth Circuit Rule 3-6 ........................................................................................20

## I.      INTRODUCTION

Appellants submit this memorandum in response to the October 21, 2010 order of this Court that directed Appellants to address the basis for this Court's jurisdiction over this appeal.

This Court has jurisdiction because the underlying district court order is subject to immediate appeal under the collateral order doctrine, which provides for interlocutory review of orders that are (1) conclusive, (2) resolve important questions separate from the merits, and (3) render such questions effectively unreviewable on appeal from a final judgment in the underlying action.  *Batzel v. Smith*, 333 F.3d 1018, 1024 (9th Cir. 2003).

The underlying order vacated and dismissed as moot Appellants' motion to strike Appellee's state-law causes of action pursuant to California's "Anti-SLAPP law," Cal. Code of Civil Procedure § 425.16, The Anti-SLAPP law  provides substantive protections, including attorney's fees, to defendants targeted by strategic lawsuits against public participation ("SLAPP" suits) that chill the exercise of speech and petition rights.  The underlying order is an immediately appealable collateral order because it rendered effectively unreviewable Appellants' substantive right under California law to a prompt adjudication of their right to attorney's fees incurred in bringing the Anti-SLAPP motion.

This Court has established that adverse decisions on Anti-SLAPP motions are immediately appealable collateral orders. *Batzel,* 333 F.3d at 1025-26. The *Batzel* court reasoned that denial of an immediate appeal would frustrate the substantive law and policy of California, which seek to prevent the use of meritless strategic litigation to chill the exercise of important constitutional rights. *Id.* The same logic applies here to the order that dismissed as moot an Anti-SLAPP motion and its attendant demand of attorney's fees, once an amended complaint was filed. In California state court, such an order following the voluntary amendment or modification of the pleadings so as to moot an Anti-SLAPP motion may be immediately appealed, to protect the defendant's right to the recovery of attorney's fees. *See Johnston v. Corrigan*, 127 Cal. App. 4th 553, 555-56 (2005) (trial court's order granting request for fees following filing of an amended cross-complaint dismissing cross-defendants and effectively mooting Anti-SLAPP motion is an immediately appealable order); *Moore v. Liu*, 69 Cal. App. 4th 745, 751 (1999) (fee order immediately appealable where it was filed after cross-complainant voluntarily dismissed cross-complaint while Anti-SLAPP motion was pending).

The issue of whether an amendment or voluntary dismissal of a complaint subject to an Anti-SLAPP motion moots such motion's request for attorney's fees has never been decided by this Court, and has produced conflicts among the district courts. *Compare Pandora Jewelry v. Bello Paradiso, LLC*, 2009 WL

1953468, at *3-4 (E.D. Cal. July 1, 2009) (applying California law, finding attorney's fees recoverable for efforts expended on opposing an initial complaint after a plaintiff voluntarily dismisses an action) *with EchoStar Satellite, L.L.C. v. Viewtech, Inc.*, 2009 WL 1668712, at *5-7 (S.D. Cal. May 27, 2009) (attorney's fees in defending against an initial complaint subject to an Anti-SLAPP motion not recoverable after plaintiff files an amended complaint).  The issue is important, is likely to arise repeatedly, and thus deserves full consideration by this Court.

In this action, Plaintiff-Appellee DC Comics ("DC") filed a paradigmatic SLAPP suit that asserted state-law claims against Marc Toberoff, an attorney who obtained a critical victory against DC in ongoing litigation concerning the rights to the famed comic book character, Superman.  DC's claims against Mr. Toberoff and affiliated companies (collectively, "Toberoff") are based on allegations that Toberoff improperly helped the heirs and/or estate of Superman's creators to vindicate their rights under federal copyright law to terminate prior copyright grants to DC pursuant to 17 U.S.C. § 304(c).  This Court has recognized that comparable litigation- and petition-related conduct is protected by California's Anti-SLAPP law.  *See Mindys Cosmetics, Inc. v. Dakar*, 611 F.3d. 590, 595-98 (9th Cir. 2010).  The district court's dismissal of Toberoff's meritorious Anti-SLAPP motion due to DC's amendment of its complaint resulted in a denial of Toberoff's substantive right to a prompt adjudication of his entitlement to

3

attorney's fees. As set forth below, the order to show cause should be discharged and this appeal should proceed to full consideration by a merits panel.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. Overview Of The Action

In the mid-1930s, Jerome Siegel (an author) and Joseph Shuster (an illustrator), two high school students, co-created Superman and with it, the superhero genre. *See Siegel v. Warner Bros. Ent. Inc.*, 542 F. Supp. 2d 1098, 1102-11 (C.D. Cal. 2008) ("*Siegel I*"). In 1938, for a pittance, they signed a publisher's release, which was later held to have granted their entire copyright in Superman to DC, which has exploited it for more than 70 years. *Id.* at 1107, 1110.

In 1976, Congress amended the Copyright Act to extend the copyright term, and, in response to the plight of authors who, like Siegel and Shuster, lacked the bargaining power to retain any financial interest in their copyrights, Congress gave authors, and their surviving spouses, children, and grandchildren, the inalienable right to terminate prior grants of copyright and thereby recapture their copyrights for the extended term. 17 U.S.C. § 304(c). In 1998, Congress amended the 1976 Act to extend the termination right to the personal representative or executor of an author's estate. 17 U.S.C. § 304(c)(2)(D); Pub. Law 105-298 (1998).

In 1996, Jerome Siegel died. *Siegel I*, 542 F. Supp. 2d at 1113; Declaration of Nicholas F. Daum in Support of Memorandum in Response to Order to Show Cause ("Daum Decl.") at 3 (Complaint) ¶ 60. He was survived by his widow,

defendant Joanne Siegel, and their daughter, defendant Laura Siegel Larson (the "Siegels"). *Siegel I*, 542 F. Supp. 2d at 1102, 1114. In 1997, the Siegels served on DC notices of termination of Jerome Siegel's 1938 Superman copyright grants, effective as of April 16, 1999. *Id.* at 1114.

Joseph Shuster died in 1992. Daum Decl. Ex. 3 ¶ 97. At his death, he was survived by his siblings, Frank Shuster (who died in 1996) and defendant Jean Peavy ("Peavy"), and by Peavy's two children. Joseph Shuster's nephew, Mark Warren Peary ("Peary"), is the personal representative of his estate.

In mid-2001, Toberoff, an attorney who specialized in enforcing the intellectual property rights of authors and their heirs, began providing legal advice to Peavy and Peary (the "Shusters") in connection with the probate of Joseph Shuster's estate and their statutory termination. *See* Daum Decl. Ex. 2 (Decl. of Nicholas F. Daum in Support of Anti-SLAPP Motion ("Anti-SLAPP Decl.")) at Exs. B, G (Marc Toberoff Depo. 52:9-25; Mark Warren Peary Depo. 20:5-20:22). Subsequently, in October 2002, following a breakdown in settlement negotiations with DC, the Siegels contacted Toberoff in connection with their statutory termination. Daum Decl. Ex. 2 (Anti-SLAPP Decl.) at Exs. L, O (letters from the Siegels), Exs. B, K, M (Marc Toberoff Depo. 106:1-107:24, 135:1-6; Joanne Siegel Depo. 41:1-3, Laura Siegel Larson Depo. 17:6-13).

In November 2002, Toberoff, as attorney for the Siegels, drafted, served on DC and filed with the U.S. Copyright Office an additional notice of termination regarding the comic book character "Superboy." Daum Decl. Ex. 2 (Anti-SLAPP Decl.) at Ex. N. In November 2003, Toberoff, as attorney for Peary, the executor of the Shuster estate, drafted, served on DC, and filed in the U.S. Copyright Office a notice of termination under 17 U.S.C. § 304(d) of Joseph Shuster's Superman copyright grants. *Siegel I*, 542 F. Supp. 2d at 1114, n.3.

In October 2004, the Siegels, represented by Toberoff, filed two actions in the United States District Court for the Central District of California, No. 04-CV-08400 ODW (RZx) (Superman) & 04-CV-08776 ODW (RZx) (Superboy), which sought, among other remedies, declarations that the Siegels' respective terminations were valid and enforceable. The two district court cases are in their seventh year, with Toberoff continuing to represent the Siegels throughout.

**B.     DC Suffers A Defeat In The *Siegel* Litigation And Brings An Action Against Toberoff**

In March 2008, DC suffered an enormous setback in the *Siegel* litigation. The district court granted partial summary judgment largely in favor of the Siegels, which threatened DC's exclusive control over Superman. *Siegel I,* 542 F. Supp. 2d at 1116, 1145. The district court held, in an extraordinarily detailed, 72-page partial summary judgment opinion, that the Siegel heirs had properly invoked

Section 304 of the Copyright Act to recapture Jerome Siegel's original Superman copyrights. *Id.*

After DC substantially lost on summary judgment, it retained new counsel and concocted its current strategy, reflected in the complaint filed on May 14, 2010 in this action. Daum Decl. Ex. 3 (Complaint). DC's new tactic was not only to sue the Siegels and Shusters for exercising their statutory rights, but to sue their counsel, Toberoff, personally. DC alleged six causes of action, three of which were brought under California state law.[1] *Id.* The state law claims—for tortious interference with contract, tortious interference with economic relations, and declaratory relief—were brought against Toberoff and his affiliated entities, Pacific Pictures Corporation (defunct), IP Worldwide, LLC (inactive), and IPW, LLC. *Id.* ¶¶ 161-176.

DC alleged that Toberoff, by agreeing to assist the Shuster Estate with its copyright termination, interfered with a 1992 agreement between DC and Shuster's siblings, Peavy and Frank Shuster. *Id.* ¶¶ 54, 164-66. DC also alleged that Toberoff, by purportedly inducing the Siegels to end unfruitful settlement negotiations and enforce their rights in the courts, interfered with DC's purported "prospective economic advantage." *Id.* ¶¶ 62-72, 168-73. Finally, DC sought a declaration that alleged "consent agreements" between the Siegels, Shusters, and

---

[1] DC's three remaining claims are brought under federal law (and thus were not subject to the Anti-SLAPP motion.)

Toberoff, "are void and unenforceable," under California's unfair competition

laws.  *Id.* ¶¶ 88, 175-76.

**C.     Toberoff Files An Anti-SLAPP Motion, And DC Amends Its Complaint**

On August 13, 2010, Toberoff filed a motion pursuant to the Anti-SLAPP

law, seeking to strike DC's three California claims and to recover attorney's fees

pursuant to Cal. Code of Civ. Proc. § 425.16(c).  Daum Decl. Ex. 1 at 2 (Notice of

Anti-SLAPP Motion).  Toberoff's Anti-SLAPP motion demonstrated that DC's

state-law claims fell within the scope of the Anti-SLAPP law and lacked merit.

Toberoff established that, under clear Ninth Circuit and California authority, DC's

allegations that Toberoff assisted the Siegels and Shusters with enforcing their

statutory termination rights via proceedings in the Copyright Office and litigation

concerned protected activity within the Anti-SLAPP statute.  *See* Daum Decl. Ex. 1

at 14-21 (Anti-SLAPP Motion); *Mindys Cosmetics, Inc. v. Dakar*, 611 F.3d. 590,

597 (9th Cir. July 6, 2010) ("[A]n attempt to establish a property right under a

comprehensive federal statutory scheme" is protected by the Anti-SLAPP law).

Toberoff further showed, based on the law and the undisputed record in the

*Siegel* litigation, that DC could not meet its burden of establishing that any of its

three state-law claims had merit.  The Fourth Claim for tortious interference with

contract was barred:  (1) because DC failed to allege any actual interference or a

valid contract; (2) by the statute of limitations; and (3) by California's litigation

privilege.  The Fifth Claim for tortious interference with prospective economic advantage was barred by: (1) California's litigation privilege; and (2) the statute of limitations.  The Sixth Claim, for unfair competition was barred because: (1) DC had no statutory rights as a matter of law and therefore lacked standing; (2) it was preempted by the Copyright Act; (3) it pled no unfair or unlawful conduct; and by (4) California's litigation privilege.  Daum Decl. Ex. 1 at 21-25 (Anti-SLAPP Motion); Ex. 5 at 9-25, Ex. 6, Ex. 7 at 9-18, Ex. 8 (Motions to Dismiss, incorporated into Anti-SLAPP Motion).  DC's response to Toberoff's Anti-SLAPP motion was due on September 3, 2010.  However, instead of opposing the motion, DC filed an amended complaint on the last possible day to do so.  *Id.*  Ex. 4.[2]

On September 7, 2010, the district court *sua sponte* entered an order stating: "The Court is in receipt of Plaintiff's First Amended Complaint.  Accordingly, the following motions [including the Anti-SLAPP motion] are DEEMED MOOT AND VACATED, as is the motions hearing scheduled for October 18, 2010 at 1:30 p.m."  Daum Decl. Ex. 9.  On October 7, 2010, Toberoff filed a timely notice of appeal from the September 7, 2010 Order.  Daum Decl. Ex. 10.  On October 21, 2010, this Court issued an order to show cause asking for briefing on the jurisdictional basis for the appeal.  Daum Decl. Ex. 11.  This memorandum

---

[2]  Subsequently, on September 20, 2010, the Appellants moved again under the Anti-SLAPP law to strike DC's state claims in its First Amended Complaint.  That motion is stayed pending the outcome of this appeal.  DC has filed a motion for reconsideration seeking to lift the stay.

responds to that order to show cause.

## III.   ARGUMENT

### A.   The Anti-SLAPP Statute's Provision For The Prompt Recovery Of Attorney's Fees Is A Critical Substantive Protection Of California Law

California's Anti-SLAPP law, which applies to California-law claims brought in federal court, provides substantive immunity from suit and a mandatory award of attorney's fees, to deter "lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances."  Cal. Code Civ. Proc. § 425.16(a).[3]

A key element of the Anti-SLAPP law's protection is that the prevailing defendant is entitled to the mandatory recovery of attorney's fees from the plaintiff.  *See* Cal. Code Civ. Proc. § 425.16(c) ("[I]n any action subject to [the Anti-SLAPP law], a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs.").  This Court has recognized that this is a <u>substantive</u> protection available in federal court, and critical to the Anti-SLAPP law's protection against the meritless imposition of litigation costs on defendants.  *United States ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 973 (9th Cir. 1999) (describing the "availability of

---

[3]   "The hallmark of a SLAPP suit is that it lacks merit, and is brought with the goals of obtaining an economic advantage over a citizen party by increasing the cost of litigation to the point that the citizen party's case will be weakened or abandoned, and of deterring future litigation."  *Newsham* 190 F.3d at  970-71.

fees and costs" as a substantive provision of the Anti-SLAPP law that can be invoked in federal courts under the *Erie* doctrine).

The Anti-SLAPP law deters meritless suits that interfere with speech or petition rights not only by awarding fees and striking the offending claims, but by establishing a procedure that enables such relief to be granted <u>quickly</u>, at the very outset of litigation. "The statute was designed to allow courts 'to <u>promptly</u> expose and dismiss meritless and harassing claims seeking to chill protected expression.'" *Mindys Cosmetics*, 611 F.3d at 595 (emphasis added). To that end, in California courts, the statute expressly mandates that Anti-SLAPP motions be served no more than 60 days after service of the complaint and that they be set for hearing not more than 30 days after the service of the motion. Cal. Code Civ. Proc. § 425.16(f). An attorney's fee award to a successful Anti-SLAPP movant is mandatory, not permissive. Cal. Code Civ. Proc. § 425.16(c) (subject to exceptions not relevant here, "a prevailing defendant on a special motion to strike <u>shall</u> be entitled to recover his or her attorney's fees and costs") (emphasis added); *Ketchum v. Moses*, 24 Cal. 4th 1122, 1131, 136-38 (2001) (noting that mandatory fee award is intended to discourage SLAPP suits "by imposing the litigation costs on the party" that files a SLAPP suit). This process vindicates California's substantive interest in protecting free speech and petition rights, and deterring meritless claims that suppress the exercise of such rights. *See* Cal. Code. Civ.

Proc. § 425.16(a); *Ketchum*, 24 Cal. 4th at 1131 (fee enhancement available in contingency fee cases to vindicate substantive state policy of "discourag[ing] . . . strategic lawsuits against public participation … [and] encourag[ing] private representation in SLAPP cases").

Consistent with California's substantive policy choice to protect public participation and deter the abuse of the judicial process, in California state court a plaintiff <u>cannot</u> avoid a prompt, mandatory fee award by amending its complaint:

> Allowing a SLAPP plaintiff leave to amend the complaint once the court finds the prima facie showing has been met would completely undermine the statute by providing the pleader a ready escape from section 425.16's quick dismissal remedy.  Instead of having to show a probability of success on the merits, the SLAPP plaintiff would be able to go back to the drawing board with a second opportunity to disguise the vexatious nature of the suit through more artful pleading.

*Simmons v. Allstate Ins. Co.*, 92 Cal. App. 4th 1068, 1073-1074 (2001).  *See also Sylmar Air Conditioning v. Pueblo Contracting Servs., Inc.*, 122 Cal. App. 4th 1049, 1054-55 (1998) (affirming attorney's fees award on an Anti-SLAPP motion on original complaint, and finding no mootness despite amended complaint: "It is the public policy of the State that complaints arising from the exercise of free speech rights to be evaluated at an early stage.  This cannot be defeated by filing an amendment even as a matter of right.").

This Court has held that a federal complaint may be amended once as of right pursuant to Fed. R. Civ. P. 15, regardless of the pendency of an Anti-SLAPP

motion. *See Verizon Delaware, Inc. v. Covad Commc'ns Co.*, 377 F.3d 1081, 1091 (9th Cir. 2004). However, *Verizon* did not address a defendant's <u>substantive</u> right to a prompt adjudication of its entitlement to attorney's fees incurred in bringing an Anti-SLAPP motion to strike the original complaint. Nor does any other decision of this Court.

Here, DC served a meritless complaint, and Toberoff incurred significant legal fees in preparing a motion to strike the complaint under California's Anti-SLAPP law. At the last possible moment, DC filed a first amended complaint, with minor changes. Daum Decl. Ex. 3, 4, 12. When the district court held that the Anti-SLAPP motion was mooted by the filing of an amended complaint, Appellants were plainly deprived of their right under California law to prompt adjudication of their right to attorney's fees incurred in defending against the initial complaint.

The recent ruling of the United States Supreme Court in *Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co.*, 130 S. Ct. 1431 (2010), makes clear that the protections of California's Anti-SLAPP law, including its critical provision for the recovery of attorney's fees, apply in federal court. In *Shady Grove*, the Supreme Court addressed the interplay between a New York law relating to class action lawsuits and Fed. R. Civ. P. 23. In a controlling concurrence, Justice Stevens clarified that a federal rule cannot govern under the

Rules Enabling Act when it "would displace a state law that is procedural in the ordinary use of the term but is so intertwined with a state right or remedy that it functions to define the scope of the state-created right." 130 S. Ct. at 1452 (Stevens, J., concurring).[4] Thus, "[b]ecause California law recognizes the protection of the Anti-SLAPP statute as a substantive immunity from suit, this Court, sitting in diversity, will do so as well." *Batzel*, 333 F.3d at 1025-26 (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)).

**B.     Under *Batzel*, An Order Mooting Appellants' Right To Attorney's Fees Under the Anti-SLAPP Law Is A Directly Appealable Collateral Order**

The collateral order doctrine grants this court jurisdiction to hear on direct appeal "rulings, not concluding the litigation, but conclusively resolving 'claims of right separable from, and collateral to, rights asserted in the action.'" *Will v. Hallock*, 546 U.S. 345, 349 (2005), *quoting Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546 (1949). To fall within the collateral order doctrine, a determination must (1) be "conclusive," (2) "resolve important questions completely separate from the merits," and (3) "render such questions effectively unreviewable on appeal from a final judgment in the underlying action." *Batzel*, 333 F.3d at 1024. The district court's order easily meets these elements.

---

[4]     As Justice Ginsberg noted in her dissent, which was joined by three other Justices, a majority of the Court "agrees that Federal Rules should be read with moderation" in suits where state law provides the rule of decision "to accommodate important state concerns." *Id.* at 1463 n. 2 (Ginsberg, J., dissenting).

14

Under the reasoning of *Batzel*, the collateral order doctrine must apply here. In *Batzel*, the Court emphasized that the purpose of the Anti-SLAPP law, *i.e.,* to provide defendants with a powerful weapon to promptly deter meritless suits that interfere with protected speech and petition rights, must be considered in deciding whether the determination of an Anti-SLAPP motion is a directly appealable collateral order. In *Batzel*, this Court concluded that the structure of the Anti-SLAPP law, which requires the rapid adjudication of meritless claims and fee awards, would be eviscerated if defendants were forced to wait until final judgment before appealing a determination of those substantive rights. *See id.* at 1024-25 ("Because the anti-SLAPP motion is designed to protect the defendant from having to litigate meritless cases aimed at chilling First Amendment expression, the district court's denial of an anti-SLAPP motion would effectively be unreviewable on appeal from a final judgment."). This Court found that the denial of an Anti-SLAPP motion is conclusive (because it conclusively deprives defendants of the protections of the Anti-SLAPP law), is unrelated to the overall merits (because denial of an Anti-SLAPP motion does not resolve the merits), and is effectively unreviewable on final judgment (because the purpose of the Anti-SLAPP law is precisely to avoid forcing defendants to litigate meritless, speech-interfering actions to judgment). *Id.*

The issue before the Court in the instant appeal involves a closely related protection of the Anti-SLAPP law—Appellants' right to the prompt adjudication of their entitlement to attorney's fees incurred in defending against a meritless, retaliatory complaint. In California, as part of the overall legislative scheme for prompt adjudication, an order on a motion to strike under the Anti-SLAPP law is immediately appealable. Cal. Code Civ. Proc. § 904.1; 425.16(i); *Batzel*, 333 F.3d at 1024-26. Similarly, a decision whether to award attorney's fees on an Anti-SLAPP motion following an attempt to moot a complaint by voluntary dismissal, or amendment to dismiss a party, is immediately appealable. *See Moore,* 69 Cal. App. 4th at 751 (voluntary dismissal of complaint subject to Anti-SLAPP motion creates right of immediate appeal to protect right to a determination of fees); *Corrigan,* 127 Cal. App. 4th at 555-56 (filing of an amended cross-complaint dismissing cross-defendants creates right of immediate appeal regarding fee award).

Indeed, a California court <u>must</u> examine the merits of an Anti-SLAPP motion even <u>after</u> a plaintiff has filed a <u>voluntary</u> dismissal, to determine attorney's fees. For example, *Coltrain v. Shewalter*, 66 Cal. App. 4th 94, 106-07 (1998), held that courts must consider an award of fees to the defendant once an Anti-SLAPP motion has been filed, <u>even if the plaintiff voluntarily dismisses its complaint and otherwise resolves the litigation</u>. *Coltrain* reasoned that "[o]therwise, SLAPP

plaintiffs could achieve most of their objective with little risk—by filing a SLAPP suit, forcing the defendant to incur the effort and expense of preparing a special motion to strike, then dismissing the action without prejudice." *Id.* at 106. The California Court of Appeal in *Pfeiffer Venice Properties v. Bernard*, 101 Cal. App. 4th 211, 218 (2002), similarly held that a trial court must examine the merits of an Anti-SLAPP motion, even if the case has been dismissed on other grounds, to preserve the defendant's statutory right to attorney's fees. As *Pfeiffer* noted, "any other rule would deprive the true SLAPP defendant of statutorily authorized fees, frustrating the purpose of the statute's remedial provisions." *Id.*; *Moore,* 69 Cal. App. 4th at 753 ("At that point, the plaintiff would have accomplished all the wrongdoing that triggers the defendant's eligibility for attorney's fees, but the defendant would be cheated of redress."). Thus, the statutory right to a prompt adjudication of attorney's fees cannot be mooted by a voluntary dismissal or other modification of the Complaint. California courts, as discussed above, have extended this doctrine by holding that filing an amended complaint cannot moot an Anti-SLAPP motion or its request for fees. *See Simmons*, 92 Cal. App. 4th at 1073-1074; *Sylmar*, 122 Cal. App. 4th at 1054-56.

DC's mere amendment of its complaint should not have deprived Appellants of their right to a prompt adjudication of their right to attorney's fees in defending against DC's initial complaint. In mooting the Anti-SLAPP motion, the district

court's order denied Appellants this critical protection. Under *Batzel*, the order is a directly appealable collateral order.

*First*, the district court's order conclusively deprived Appellants of their right to a hearing concerning attorney's fees incurred in defending against the original complaint. *See Sylmar*, 122 Cal. App. 4th at 1054-56 (holding that the trial court must assess the merits of an Anti-SLAPP motion to an initial complaint to determine fees and costs, regardless of the filing of an amended complaint). *Second*, the order is unquestionably unrelated to the overall merits of the action. Under *Batzel*, Anti-SLAPP motions are considered unrelated. 333 F.3d at 1024. Moreover, the order affects only attorney's fees in connection with Appellants' original Anti-SLAPP motion, an issue plainly unrelated to the overall merits of the case. *Third*, due to the nature of the Anti-SLAPP law, the order is effectively unreviewable on appeal. Even if an appellate court eventually considered the attorney's fee issue following final judgment, the deterrent of rendering a *prompt* determination of attorney's fees would be eliminated and the substantive protections of the Anti-SLAPP law compromised.

If the district court's order were not directly appealable, a plaintiff could abuse the judicial process to gain strategic leverage, by forcing a defendant to incur substantial legal fees fighting meritless SLAPP claims, secure in the knowledge that all it need do is amend its complaint in minor ways. Such a result would

conflict with the deterrence objective of California's Anti-SLAPP law, including its substantive guarantees of prompt adjudication and the mandatory right to fees.

## C. **The District Court's Order Is A Collateral Order Under Ninth Circuit Law Governing Attorney's Fee Awards**

Awards or denials of attorney's fees in similar circumstances have long been held by this Circuit to meet the requirements for a directly appealable collateral order. *See Finnegan v. Director, Office of Workers' Compensation Programs*, 69 F.3d 1039, 1040-41 (9th Cir. 1995) (award of attorney's fee arising from workers' compensation claim is a collaterally appealable order that need not await final judgment); *K.V. Mart v. United Food & Commercial Workers Int'l Union*, 173 F.2d 1221, 1223 (9th Cir. 1999) (fee award for challenging removal is a directly appealable collateral order); *Riverhead Savings Bank v. Nat'l Mortgage Equity Corp.*, 893 F.2d 1109, 1113-14 (9th Cir. 1990) (award of sanctions against former attorney directly appealable collateral order).

This Circuit has instructed that attorney's fee awards are collateral orders when they conclusively resolve the fees available for a "discrete period." *Finnegan*, 69 F.3d at 1041. Here, the attorney's fee award at issue is discrete, as it involves only the fees and costs already incurred in preparing the Anti-SLAPP motion to strike the initial complaint, and the fees not subject to any later revision. As such, the order mooting Appellants' ability to obtain such fees is a directly appealable collateral order.

**D.** **The Jurisdictional Issues Raised By This Appeal Should Not Be Determined By Summary Disposition**

If this Court is inclined to further consider the jurisdictional issues raised by the appeal, it should do so by merits briefing, not by summary disposition pursuant to Circuit Rule 3-6. The jurisdictional issues here, as well as the issues related to the merits, are unsettled and present novel questions of law, and are not questions so "insubstantial as not to justify further proceedings." Circuit Rule 3-6.[5]

## IV. CONCLUSION

For the foregoing reasons, this Court has jurisdiction to consider the merits of this appeal. Any further consideration given by the Court to these jurisdictional issues should be made in connection with the parties' full briefing on the merits.

Dated: November 12, 2010

KENDALL BRILL & KLIEGER LLP

By: s/ Laura W. Brill
Laura W. Brill
Attorneys for Defendants-Appellants
Pacific Pictures Corporation, IP
Worldwide, LLC, IPW, LLC and Marc
Toberoff

---

[5] *See also* Ninth Circuit General Orders Appendix A at 121, item 57 (June 2010) (authorizing motions attorneys to enter orders referring to the merits panel motions to dismiss for lack of jurisdiction that involve "legal issues intricately bound up in the merits of the appeal").

60988.3

20