DANIEL M. PETROCELLI (S.B. #097802)
 dpetrocelli@omm.com
MATTHEW T. KLINE (S.B. #211640)
 mkline@omm.com
CASSANDRA L. SETO (S.B. #246608)
 cseto@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067-6035
Telephone: (310) 553-6700
Facsimile: (310) 246-6779

PATRICK T. PERKINS (admitted *pro hac vice*)
 pperkins@ptplaw.com
PERKINS LAW OFFICE, P.C.
1711 Route 9D
Cold Spring, NY 10516
Telephone: (845) 265-2820
Facsimile: (845) 265-2819

Attorneys for Plaintiff DC Comics

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DC COMICS,<br><br>             Plaintiff,<br><br>      v.<br><br>PACIFIC PICTURES CORPORATION, IP WORLDWIDE, LLC, IPW, LLC, MARC TOBEROFF, an individual, MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER, JEAN ADELE PEAVY, an individual, JOANNE SIEGEL, an individual, LAURA SIEGEL LARSON, an individual, and DOES 1-10, inclusive,<br><br>             Defendants. | Case No. CV 10-3633 ODW (RZx)<br><br>**PLAINTIFF DC COMICS' OPPOSITION TO DEFENDANTS' MOTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 72 AND LOCAL RULE 72-2.1 FOR REVIEW OF MAGISTRATE'S RULING ON MOTION FOR A PROTECTIVE ORDER; OBJECTIONS TO ORDER**<br><br>Hon. Otis D. Wright II<br><br>**Original**<br> **Hearing Date**: November 8, 2010<br>**Original**<br> **Hearing Time**: 1:30 p.m. |

## I. INTRODUCTION

Defendants have but one goal: to dodge, delay, and defy their discovery obligations in the hope of securing a dismissal of this case without having to submit to discovery. Nothing short of court orders and perhaps sanctions will deter defendants from continuing willfully to violate DC Comics' discovery rights.

Some six months have passed since this case was filed (including a short stay of the case last month), and defendants have yet to produce a single document or privilege log in discovery. In June and July, DC gave defendants notice of the discovery it sought. Defendants resisted and, instead, filed two protective-order motions with Magistrate Zarefsky seeking to stay discovery indefinitely on a variety of grounds, including that discovery was foreclosed by the filing of defendants' anti-SLAPP motion. The Magistrate rejected these arguments and held DC may proceed with discovery, including depositions of four key defense witnesses starting November 15. Docket No. 101, Ex. B at 63:17-68:7.

Defendants object to the Magistrate's ruling related to California's anti-SLAPP statute. Their objection is without merit and should be overruled for the reasons Magistrate Zarefsky identified, as well as those addressed in DC's recent motion to modify the stay, which the Court granted. All the discovery DC seeks relates to its first and third claims, which arise under federal law. *See* Docket No. 61, at 34-46. As the Ninth Circuit has held, SLAPP motions have no application to federal claims and cannot and do not interfere with DC's right to take discovery on these claims. *See Hilton v. Hallmark Cards*, 580 F.3d 874, 881 (9th Cir. 2009). Thus, California's SLAPP statute "does not govern," as the Magistrate correctly ruled. Docket No. 101, Ex. B at 65:3-9. As for DC's three state-law claims, Ninth Circuit law is equally clear. Where, as here, a SLAPP motion filed in federal court challenging state-law claims raises contested issues of fact, a plaintiff *must* be permitted to take discovery before the Court rules. *See Metabolife Int'l, Inc. v.*

- 1 -

PL.'S OPP'N TO DEFS.' MOT. FOR REVIEW OF MAGISTRATE'S RULING ON MOT. FOR PROTECTIVE ORDER

*Wornick*, 264 F.3d 832, 846 (9th Cir. 2001); *Shropshire v. Fred Rappoport Co.*, 294 F. Supp. 2d 1085, 1099-1100 (N.D. Cal. 2003).

Under this Court's standing order, the Magistrate's orders may be overruled "only where it has been shown that [the] order is clearly erroneous or contrary to law." Docket No. 18 at 3. Because the Magistrate's ruling was indisputably correct, defendants can come nowhere close to showing error. Moreover, in failing to object to the many other rulings of the Magistrate made in favor of DC, *cf.* Docket No. 101, Motion at 2 n.2 ("omit[ing]" objections to these other rulings), defendants waived any right to challenge them, *see* FED. R. CIV. P. 72(a); C.D. CAL. L.R. 72-2.1.

## II.   NINTH CIRCUIT LAW FULLY SUPPORTS MAGISTRATE ZAREFESKY'S RULINGS.

### A.   In Light of DC Comics' Federal Claims, Defendants' Arguments About SLAPP And DC's State-Law Claims Are Irrelevant.

Defendants' focus their attack on DC's state-law claims. *See* Mot. at 3:20-5:11. That is because defendants recognize that their SLAPP motion and "the anti-SLAPP statute is not applicable to the federal claims." *Globetrotter Software, Inc. v. Elan Computer Group, Inc.*, 63 F. Supp. 2d 1127, 1130 (N.D. Cal. 1999); *accord Sonoma Foods, Inc. v. Sonoma Cheese Factory, LLC*, 634 F. Supp. 2d 1009, 1016 (N.D. Cal. 2007); *Hilton*, 580 F.3d at 881.

DC's briefing before the Magistrate demonstrated that its requested discovery relates equally to its first and third claims for relief under the Copyright Act. *See* Docket No. 61, at 34-46. Defendants' only response is to assert that DC's discovery pertains solely to its "Third Claim," and to argue this claim should be dismissed without allowing discovery. Mot. at 5:12-22. Defendants are wrong on both counts:

- DC devoted seven pages of its briefing to explaining why its discovery is directly relevant to its *first* federal claim, *see* Docket No. 61 at 36-42, yet,

in their objections, defendants say *nothing* about this first claim, much less anything about defendants' extensive briefing on it.

- Defendants' attack on DC's third claim for relief is directly contrary to binding Ninth Circuit precedent. *See Milne v. Stephen Slesinger, Inc.*, 430 F.3d 1036, 1047 (9th Cir. 2005); *see* Docket No. 90, at 4-11. The *only* case defendants cite to challenge this claim is a 1987 district court opinion from New York that they misread. *See* Docket No. 90, at 4-11. In any event, defendants' challenge to the third claim turns entirely on contested fact issues on which discovery is required. *See id.* at 5-7.

### B. No Conflict In Law Exists Regarding DC's Right To Take Discovery Related To Its State-Law Claims.

Defendants concede the Ninth Circuit's decision in *Metabolife* case entitles DC to discovery to oppose defendants' SLAPP motion challenging its state-law claims. *See* Mot. at 3:26-4:2. They assert, however, that *Metabolife* "is no longer good law" in light of *Batzel v. Smith*, 333 F.3d 1018 (9th Cir. 2003), and *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 130 S. Ct. 1431 (2010). *See* Mot. at 4:2-7. That assertion borders on bad faith. As DC demonstrated to the Magistrate, courts in the Ninth Circuit have cited *Metabolife* approvingly *over 50 times since Batzel, including 23 times by the Ninth Circuit alone*, and as recently as a few months ago. *See Flores v. Emerich & Fike*, 2010 WL 2640625, at *2 (9th Cir. 2010). *Batzel* itself cited *Metabolife* approvingly, *see* 333 F.3d at 1024, and never questioned or criticized its rule requiring discovery. Even assuming *Batzel* purported to overrule *Metabolife*—and it did not—Ninth Circuit law clearly holds that the earlier Ninth Circuit decision, *i.e.*, *Metabolife*, controls. *See U.S. v. Hardesty*, 977 F.2d 1347, 1347 (9th Cir. 1992) (en banc) ("when two panels reach different conclusions the earlier decision controls").

Equally frivolous is defendants' position that Justice Stevens' concurrence in *Shady Grove* operates to overrule *Metabolife*. *Shady Grove* had *nothing* to do with

- 3 -

1  the SLAPP statute.  *No fewer than five* district court cases in this Circuit since
2  *Shady Grove* continue fully to recognize plaintiffs' right under *Metabolife* to take
3  discovery in opposing a SLAPP motion.  *E.g.*, *Nguyen v. County of Clark*, 2010
4  WL 3211873, at * 3 (W.D. Wash. Aug, 12, 2010); *Rebel Commc'ns, LLC v. Virgin
5  Valley Water Dist.*, 2010 WL 2773530, *2 (D. Nev. July 12, 2010); *Thornbrough v.
6  Western Placer Unified Sch. Dist.*, 2010 WL 2179917, at *4 (E.D. Cal. May 27,
7  2010); *Chevron Corp. v. Bonifaz*, 2010 WL 1948681, at *3 (N.D. Cal. May 12,
8  2010); *Pacquiao v. Mayweather*, 2010 WL 1439100, at *1 (D. Nev. Apr. 9, 2010).
9  The Ninth Circuit's recent decision post-dating *Shady Grove*—*i.e.*, *Flores*—
10 recognized this same right.  Defendants mention *none* of these cases in their
11 objection, even though DC identified them below.  *E.g.*, Docket No. 61, at 52-55.

## III.  CONCLUSION

Defendants' objection to the Magistrate's September 20, 2010 rulings is without basis and should be overruled.

Dated:  November 19, 2010            Respectfully Submitted,

                                     By: /s/ Daniel M. Petrocelli
                                         Daniel M. Petrocelli

CC1:838076

- 4 -    PL.'S OPP'N TO DEFS.' MOT. FOR REVIEW OF MAGISTRATE'S RULING ON MOT. FOR PROTECTIVE ORDER