KENDALL BRILL & KLIEGER LLP
Richard B. Kendall (90072)
*Rkendall@kbkfirm.com*
Laura W. Brill (195889)
Nicholas F. Daum (236155)
10100 Santa Monica Blvd., Suite 1725
Los Angeles, California  90067
Telephone:  310.556.2700
Facsimile:   310.556.2705

Attorneys for Defendants Marc Toberoff, Pacific Pictures Corporation, IP Worldwide, LLC, and IPW, LLC

Marc Toberoff (State Bar No. 188547)
  *mtoberoff@ipwla.com*
Nicholas C. Williamson (State Bar No. 231124)
  *nwilliamson@ipwla.com*
Keith G. Adams (State Bar No. 240497)
  *kgadams@ipwla.com*
TOBEROFF & ASSOCIATES, P.C.
2049 Century Park East, Suite 2720
Los Angeles, California, 90067
Telephone:  (310) 246-3333
Fax:          (310) 246-3101

Attorneys for Defendants Mark Warren Peary, as personal representative of the Estate of Joseph Shuster, Jean Adele Peavy, Joanne Siegel and Laura Siegel Larson

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| DC COMICS,<br><br>            Plaintiff,<br>     vs.<br><br>PACIFIC PICTURES CORPORATION; IP WORLDWIDE, LLC; IPW, LLC; MARC TOBEROFF, an individual; MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER; JEAN ADELE PEAVY, an individual; JOANNE SIEGEL, an individual; LAURA SIEGEL LARSON, an individual, and DOES 1-10, inclusive,<br><br>            Defendants. | Case No: CV 10-03633 ODW (RZx)<br><br>Hon. Otis D. Wright II, U.S.D.J.<br><br>**DEFENDANTS'** ***EX PARTE*** **APPLICATION FOR THE REINSTATEMENT OF DEFENDANTS' MOTIONS**<br><br>Complaint filed:  May 14, 2010<br>Trial Date:         None Set |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Defendants request that the Court clarify its October 15, 2010 and November 16, 2010 orders, and reinstate Defendants' motions that were vacated by the October 15, 2010 order. Defendants respectfully request that the Court set the earliest possible hearing date for such motions or take such motions under submission for prompt disposition, and enter a brief temporary stay of discovery in this case for thirty (30) days pending the Court's decision on such motions, consistent with Magistrate Zarefsky's September 20, 2010 order.

This *ex parte* application is made on the grounds that the November 16, 2010 order will result in grave procedural unfairness to Defendants. The October 15, 2010 order stayed the entire case, and vacated five of Defendants' then-pending motions – three motions to dismiss, an Anti-SLAPP motion, and a motion for review under F.R.C.P. 72. The November 16, 2010 order modified the stay and expressly allowed Plaintiff to take discovery, but was silent as to Defendants' ability to defend themselves or obtain a ruling on their fully briefed dispositive motions. Absent clarification, the combined effect of these rulings is that Defendants are left without any recourse or ability to defend themselves (*e.g.*, by discovery, motion practice or counterclaims), and their pending dispositive motions are vacated entirely. It would be manifestly inequitable to allow Plaintiff to proceed with its affirmative case and take unlimited discovery on claims that are baseless and barred as a matter of law, while Defendants' motions, which will dispose of such claims and have never been considered, remain vacated.

If the above relief is denied, Defendants request a brief stay pending a petition for a writ of mandate to the Ninth Circuit and the Circuit's decision on such writ, or, in the alternative, a stay to allow the Circuit to determine whether such a stay is appropriate pending its ruling on the merits of the writ.

*Ex parte* relief is justified because the earliest date this motion could otherwise be heard is January 3, 2010, per the Court's calendar. Thus, absent emergency relief,

Defendants would be unable to have their motions considered before enduring abusive discovery on claims that fail as a matter of law.

On November 18, 2010, Defendants gave notice of this *ex parte* application to counsel for Plaintiff,[1] which opposed the relief that Defendants seek. *See* Declaration of Keith Adams ("Adams Decl."), Exs. A-B.

This application is made pursuant to Local Rule 7-19, and is based on this application, the attached memorandum of points and authorities, the concurrently-filed declaration of Keith Adams and the attached exhibits, such further showing or evidence that Defendants may present at a hearing on this *ex parte* application, and any other matters properly before the Court.

Dated: November 22, 2010    KENDALL BRILL & KLIEGER LLP

By: /s/ Richard B. Kendall
Richard B. Kendall
Attorneys for Defendants Marc Toberoff, Pacific Pictures Corporation, IP Worldwide, LLC, and IPW, LLC

DATED: November 22, 2010    TOBEROFF & ASSOCIATES, P.C.

By /s/ Marc Toberoff
Marc Toberoff
Attorneys for Defendants Mark Warren Peary, as personal representative of the Estate of Joseph Shuster, Jean Adele Peavy, Joanne Siegel and Laura Siegel Larson

---

[1] Plaintiff is represented by Daniel Petrocelli (dpetrocelli@omm.com) and Matthew Kline (mkline@omm.com) of O'Melveny & Myers LLP, located at 1999 Avenue of the Stars, 7th Floor, Los Angeles, California, 90067-6035, Telephone No. (310) 553-6700.

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

In staying this action, the Court's October 15, 2010 order vacated Defendants' three motions to dismiss and Anti-SLAPP motion. These motions, when considered by the Court, will dispose of all of Plaintiff's claims against Defendants, and even if not granted in their entirety will substantially narrow the scope of discovery in this case. The Court also vacated Defendants' F.R.C.P. 72 motion for review of the Anti-SLAPP law's mandatory discovery stay pending adjudication of their Anti-SLAPP motion. Each of the motions is straightforward, fully briefed, and ripe for decision.

The Court's November 16, 2010 order ("November 16 Order") modified the stay to allow Plaintiff DC Comics ("DC") to take discovery, but did not reinstate the motions that the Court had previously vacated, leaving uncertainty as to the continuing effect of the October 15 stay. Plaintiff has refused to join in a request to have the vacated motions submitted for prompt resolution. Absent emergency relief and clarification, the effect is manifestly unfair and will result in serious prejudice to Defendants. In DC's view, DC is allowed to take unbridled discovery on its claims, while Defendants are not permitted to defend themselves, and their fully briefed motions, which dispose of DC's claims as a matter of law, remain indefinitely suspended. As this unintended result is inequitable, Defendants respectfully request that the Court reinstate and decide their dispositive motions.

## PROCEDURAL BACKGROUND

On August 13, 2010, Defendants filed a motion pursuant to the Anti-SLAPP law, as well as three motions to dismiss, all of which were set for hearing on October 18, 2010. Docket Nos. 30-31, 33-34. These motions addressed every cause of action in the case. DC filed an amended complaint (with changes DC describes as minor), on the very last day to amend. Docket Nos. 49, 110 at 1. On September 7, 2010, this Court vacated Defendants' original motions as moot. Docket No. 52. On October 7, 2010, Defendants timely filed a notice of appeal of this order to preserve their

statutory right to recover attorneys' fees on their original Anti-SLAPP motion. Defendants did not request a stay pending that appeal. On September 20, 2010, Defendants renewed their three motions to dismiss and Anti-SLAPP motion to strike DC's amended complaint, which were fully briefed by October 4, and set for hearing on October 18, 2010. Docket Nos. 75, 77-78, 80.

On September 13, 2010, Defendants moved to stay depositions pending this Court's ruling on Defendants' dispositive motions, and also to stay discovery during the pendency of the Anti-SLAPP motion. Docket Nos. 58-59. On September 20, 2010, Magistrate Zarefsky granted Defendants' motion in part and stayed all depositions until November 15, 2010 ***to give this Court time to first rule on Defendants' dispositive motions***, but ruled that the filing of the Anti-SLAPP motion, in itself, did not stay discovery because this action was brought in federal rather than state court. Docket No. 74 ("September 20 Order"); Adams Decl., Ex. C at 59:20-60:1. On October 4, 2010, Defendants moved under F.R.C.P. 72 to have this Court review the September 20 Order as to the Anti-SLAPP motion. Docket No. 101.[2] That motion for review was set for hearing on November 8, 2010. The case was set for this Court to resolve the dispositive motions and the motion for review prior to the commencement of discovery.

On October 15, 2010, this Court *sua sponte* stayed this entire case pending the outcome of Defendants' appeal, and vacated the hearing dates for Defendants' four dispositive motions and their F.R.C.P. 72 motion. Docket No. 109. On November 1, 2010, DC filed a motion to modify the Court's October 15 Order which sought removal of the stay or alternatively, to take one-sided discovery. On November 16, 2010, this Court granted Plaintiff's motion (Docket No. 117), and stated:

> "The stay imposed in the Court's October 15, 2010 order is hereby modified ***to allow DC Comics*** to take full discovery related to its federal claims;
> The stay imposed in the Court's October 15, 2010 order is hereby modified ***to allow DC Comics*** to take full discovery related to its state-law claims; and
> The stay imposed in the Court's October 15, 2010 order is hereby modified ***to***

---

[2] Since depositions were stayed until November 15 by the September 20 Order, Defendants' motion for review would have been heard on November 8, well before the stay expired.

1  *allow DC Comics* to proceed with full and complete discovery of Joanne Siegel, Laura Siegel Larson, Jean Peavy, and Mark Peary." (emphasis added).

The November 16 Order is silent as to the dispositive motions, and DC has refused to join in a request for clarification that these motions be reinstated and resolved.

## ARGUMENT

The November 16 Order allows Plaintiff to take "full" discovery on claims that are barred as a matter of law, while Defendants' duly-filed Anti-SLAPP and 12(b)(6) motions that dispose of such claims, and which will greatly narrow the scope of discovery, are stayed indefinitely. Defendants' F.R.C.P. 72 motion for a mandatory stay of discovery pursuant to the Anti-SLAPP law has also been vacated without consideration by the Court. The November 16 Order, unless adjusted, will result in severe prejudice to Defendants. Whereas Plaintiff is permitted to freely proceed on its baseless claims, Defendants are deprived of their substantive and procedural rights under the Anti-SLAPP law and the Federal Rules of Civil Procedure. Such a result is manifestly inequitable. Good cause exists to reinstate and decide the dispositive motions promptly before full-blown discovery, as required by the Anti-SLAPP law, and as contemplated by Magistrate Zarefsky's September 20 Order, which stayed discovery to enable the Court to first consider Defendants' dispositive motions.

*First,* every one of DC's claims fails as a matter of law. For example, the Third, Fourth, Fifth and Sixth Claims are ***all barred by the statute of limitations***; the Fourth, Fifth and Sixth Claims are ***barred by the litigation privilege*** (Cal. Civ. Code 47(b)); the Third and Sixth Claims are barred because they are both based on an alleged right under the Copyright Act that does not exist; the First and Second Claims seek to re-litigate issues already decided in *Siegel v. Warner Bros. Ent. Inc.*; and the Sixth Claim is also preempted by the Copyright Act. Defendants' dispositive motions will either eliminate this action in its entirety or, at a minimum, greatly streamline this case and the scope of discovery and further discovery disputes.

DC's position that Defendants should be indefinitely barred from obtaining a

3
DEFENDANTS' *EX PARTE* APPLICATION FOR REINSTATEMENT

ruling on their dispositive motions has the procedural rules and policies backwards. "The purpose of [Rule] 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery." *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987). "'[I]f the allegations of the complaint fail to establish the requisite elements of the cause of action, our requiring costly and time consuming discovery … would represent an abdication of our judicial responsibility.'" *Id.* Motions to dismiss should thus normally be decided **before** discovery begins. *See Wagh v. Metris Direct, Inc.*, 363 F.3d 821, 829 (9th Cir. 2003) ("[D]iscovery at the pleadings stage is only appropriate where factual issues are raised by a Rule 12(b) motion."); *Rutman Wine Co.,* 829 F.2d at 738 (that discovery should be permitted before deciding a motion to dismiss "is unsupported and defies common sense"); *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987) ("Discovery is only appropriate where there are factual issues raised by a Rule 12(b) motion.").

The U.S. Supreme Court has specifically tightened pleading standards, and thereby encouraged motions to dismiss, because "it is self-evident that the problem of discovery abuse cannot be solved" otherwise. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007) (citations omitted). *See also Thomas v. N.Y. City Dep't of Educ.*, 2010 U.S. Dist. LEXIS 95798, at *8-9 (E.D.N.Y. Sept. 14, 2010) ("Even if defendants' motion to dismiss is granted only in part, such a ruling will narrow and clarify the scope of the issues in this litigation, and will impact this Court's decision on defendants' objections to the discovery requests.").

Given that the rules of procedure are designed to allow a defendant an opportunity to obtain a prompt ruling on whether the complaint states plausible claims *before* discovery proceeds, it would not be fair for Plaintiff to take unbridled discovery on claims that are barred as a matter of law, while Defendants' pending and fully-briefed dispositive motions remain stayed.

**Second**, Magistrate Zarefsky recognized the above principles in his September

20 Order, which, at Defendants' request, stayed all depositions until November 15 – a month *after* the then-scheduled October 18 hearing on Defendants' dispositive motions – to enable this Court to first rule on such motions and streamline this case:

> "The scope of the examination is determined by relevance, and relevance is determined by the pleadings. … I'm going to stay the depositions until November 15th.
> ….
> I don't know when Judge Wright will ultimately rule [on the dispositive motions]. ***I've attempted to give him time to rule*** if he is so inclined. And, of course, obviously, he can alter any schedule that I have set. But assuming that he does proceed as promptly as the defendants believe that he will proceed, ***this should allow time for certain issues to shake out*** … and, at the same time, not put off the depositions for too long a time."

Adams Decl., Ex. C at 59:23-60:1 (emphasis added). The combined effect of the Court's October 15 stay and the November 16 Order inadvertently undoes this logic: rather than having depositions proceed a month *after* the dispositive motions are heard, affording Defendants the opportunity to first have the meritless claims dismissed, discovery will now proceed on such claims before Defendants' motions are even considered. Instead, consistent with Magistrate Zarefsky's September 20 Order, depositions should be stayed for a brief thirty days after the reinstatement of Defendants' motions to afford the Court time to first decide the dispositive motions. *See Jarvis*, 833 F.2d at 155 (approving discovery stay pending motion to dismiss as discovery was "'not required to address the [legal] issues raised'" by the motion).[3]

***Third,*** as to the Anti-SLAPP motion, an indefinite stay interferes with the letter and spirit of the substantive protections of the State's Anti-SLAPP law, which include the prompt filing and resolution of all such motions. In California, Anti-SLAPP motions must be served no more than 60 days after service of the complaint

---

[3] *In re Graphics Processing Units Antitrust Litig.*, 2007 U.S. Dist. LEXIS 57982, at *24 (N.D. Cal. July 24, 2007) ("[F]irst resolving the motions to dismiss is the better course. After full ventilation of the viability *vel non* of the complaint, we will all be in a much better position to evaluate how much, if any, discovery to allow."); *Rivera v. Heyman*, 1997 U.S. Dist. LEXIS 2003, at *3 (S.D.N.Y. Feb. 27, 1997) ("[D]isposition of the dismissal motion may significantly narrow, if not eliminate, the issues remaining in the case, [and] proceeding with discovery while the motion is pending would waste the parties' resources and would constitute an undue burden.").

and, absent docket congestion, be set for hearing not more than 30 days after the service of the motion. Cal. Code Civ. Proc. § 425.16(f); *Mindys Cosmetics, Inc. v. Dakar*, 611 F.3d. 590, 595-98 (9th Cir. 2010) ("The statute was designed to allow courts 'to promptly expose and dismiss meritless and harassing claims….'").

*Fourth,* Defendants' Rule 72 motion for review should also be reinstated, as it is specifically directed to the mandatory discovery stay on Plaintiff's state-law claims under California's Anti-SLAPP law, Cal. Civ. Proc. Code § 425.16, while an Anti-SLAPP motion is pending. *See Batzel v. Smith*, 333 F.3d 1018, 1024-26 (9th Cir. 2003) ("If the defendant files a [anti-SLAPP] motion to strike, all discovery proceedings are stayed").[4] The discovery stay under the Anti-SLAPP law is a substantive protection that California purposefully adopted to suppress "non-meritorious cases aimed at chilling [the right of petition] through costly, time-consuming litigation." *New.Net, Inc. v. Lavasoft*, 356 F. Supp. 2d 1090, 1098 (C.D. Cal. 2004) (applying Anti-SLAPP law's discovery stay in federal court). The automatic discovery stay provision prevents a plaintiff from coercing the defendant to respond to abusive, costly and time-consuming discovery before the court has ruled on defendants' Anti-SLAPP motion. Since the Court's stay was modified to permit Plaintiff to take full discovery, the motion for review should be reinstated, and, at a minimum, discovery stayed pending a decision thereon, to avoid prejudicing Defendants' substantive right to a stay under the Anti-SLAPP law. If the Court denies that motion or does not provide a temporary stay pending its resolution, discovery should be stayed pending a writ for appellate review or at a minimum to allow the Ninth Circuit to consider the need for a stay pending such review.[5]

---

[4] DC has erroneously argued that this is "frivolous," relying on *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001) and subsequent cases that allowed discovery while an Anti-SLAPP motion was pending. *See, e.g.,* Docket No. 118 at 3:10-4:11. However, such cases did not consider the conflicts between *Metabolife* and the 9th Circuit's subsequent decision in *Batzel*, nor the effect of the Supreme Court's recent decision in *Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co.*, 130 S. Ct. 1431 (2010).

[5] On November 19, Plaintiff filed an opposition to Defendants' motion for review, while refusing Defendants' request to set a hearing date for the motion.

Plaintiff contends that discovery is necessary to oppose Defendants' Anti-SLAPP motion to strike the state law claims. This is incorrect, as the Anti-SLAPP motion may be granted as a matter of law based on the purely legal arguments set forth in Defendants' motions to dismiss. Thus, DC has never articulated how such discovery could refute Defendants' dispositive legal arguments. *See Moser v. Triarc Cos.*, 2007 WL 3026425, at *2-4 (S.D. Cal. Oct. 16, 2007) (denying leave to conduct discovery because it was not "essential in opposing" Anti-SLAPP motion).

***Fifth***, Plaintiff is hardly prejudiced by a brief stay of discovery pending a decision on Defendants' dispositive motions as the key witnesses (Joanne Siegel, Laura Siegel, Jean Peavy, and Mark Warren Peary) were all fully deposed on the same subjects in the closely related *Siegel* litigations, and the testimony of the aged and/or infirm witnesses has already been well preserved (*e.g.*, Laura Siegel was already deposed *twice*). *See* Docket No. 112, Appendix I. At a minimum, the age and/or medical conditions[6] of Joanne Siegel (93), Jean Peavy (89) and Laura Siegel caution that they should not be dragged through another seven-hour deposition based on meritless claims, while their duly-filed motions to dismiss such claims remain stayed.

***Sixth,*** the November 16 Order allows Plaintiff to take discovery in this action, while arguably denying such right to Defendants. If the stay is not lifted entirely, Defendants must have the right to prosecute their defenses, bring counterclaims and

---

[6] Jean Peavy (89) suffered a stroke in May 2009, and suffers from atrial fibrillation, hypertension and *aphasia*, and thus has difficulty speaking and understanding speech. Docket No. 64-3, ¶¶ 4-5. Ms. Peavy's physician testified that she "is likely unable from a neurological standpoint to participate in a legal deposition" and "the stress of a second deposition may also pose a serious health risk." Docket No. 64-4, ¶ 7.

Joanne Siegel (93) suffers from a heart condition, hearing disability, and high blood pressure. Docket No. 84, ¶¶ 3-9. Her physician testified "that a deposition would subject Ms. Siegel to an unacceptably high risk of serious adverse health consequences, including the threat of a debilitating or life-threatening heart attack or stroke." Docket No. 86.

Laura Siegel Larson (59) has Multiple Sclerosis, Fibromyalgia, Spondylosis, Scoliosis, Temporomandibular joint disorder, Arthritis, and Glaucoma. Docket No. 88, ¶¶ 4-12, 15; Docket No. 85, ¶¶ 7-8; Docket No. 87, ¶¶ 7-8. Her physicians testified that "she should not be subjected to a deposition of any duration, unless and to the limited extent it is absolutely necessary." Docket Nos. 85, ¶ 9; 87, ¶ 9.

obtain relevant information from Plaintiff. *See Ferguson v. Countrywide Credit Indus., Inc.*, 298 F.3d 778, 787 (9th Cir. 2002) (finding arbitration agreement that permitted one-sided discovery unconscionable), *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1218 (11th Cir. 2007) ("A court should not participate in a one-sided subversion of the rules."), *Matthews v. Mariner*, 2009 U.S. Dist. LEXIS 13420, at *6 (S.D. Ind. Feb. 19, 2009) ("the particular stay requested by Defendants would likely prejudice or tactically disadvantage Plaintiff because it seemingly would allow Defendants to conduct discovery but would not permit Plaintiff to do so"). *See Bank of Am. v. First Mut. Bancorp of Ill., Inc.*, 2010 U.S. Dist. LEXIS 41841, at *11 (N.D. Ill. Apr. 26, 2010) ("it would be unfair to impose a one-sided stay").

## CONCLUSION

The Court should reinstate Defendants' vacated motions, which dispose of Plaintiff's claims as a matter of law, and, as before, depositions should be stayed briefly, for thirty (30) days, to allow such motions to first be decided.

Dated: November 22, 2010         KENDALL BRILL & KLIEGER LLP


                                 By: /s/ Richard B. Kendall
                                     Richard B. Kendall
                                     Attorneys for Defendants Marc Toberoff,
                                     Pacific Pictures Corporation, IP Worldwide,
                                     LLC, and IPW, LLC


DATED: November 22, 2010         TOBEROFF & ASSOCIATES, P.C.


                                 By  /s/ Marc Toberoff
                                     Marc Toberoff
                                 Attorneys for Defendants Mark Warren Peary,
                                 as personal representative of the Estate of
                                 Joseph Shuster, Jean Adele Peavy, Joanne
                                 Siegel and Laura Siegel Larson