1  DANIEL M. PETROCELLI (S.B. #097802)
    dpetrocelli@omm.com
2  MATTHEW T. KLINE (S.B. #211640)
    mkline@omm.com
3  CASSANDRA L. SETO (S.B. #246608)
    cseto@omm.com
4  O'MELVENY & MYERS LLP
   1999 Avenue of the Stars, 7th Floor
5  Los Angeles, CA 90067-6035
   Telephone: (310) 553-6700
6  Facsimile:  (310) 246-6779

7  PATRICK T. PERKINS (admitted *pro hac vice*)
    pperkins@ptplaw.com
8  PERKINS LAW OFFICE, P.C.
   1711 Route 9D
9  Cold Spring, NY 10516
   Telephone: (845) 265-2820
10 Facsimile:  (845) 265-2819

11 Attorneys for Plaintiff DC Comics

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| DC COMICS, | Case No. CV 10-3633 ODW (RZx) |
|---|---|
| Plaintiff, | **PLAINTIFF DC COMICS' OPPOSITION TO DEFENDANTS'** *EX PARTE* **APPLICATION FOR THE REINSTATEMENT OF DEFENDANTS' MOTIONS** |
| v. | |
| PACIFIC PICTURES CORPORATION, IP WORLDWIDE, LLC, IPW, LLC, MARC TOBEROFF, an individual, MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER, JEAN ADELE PEAVY, an individual, JOANNE SIEGEL, an individual, LAURA SIEGEL LARSON, an individual, and DOES 1-10, inclusive, | Hon. Otis D. Wright II |
| Defendants. | |

PL.'S OPP'N TO DEFS.' *EX PARTE* APP.

## I. INTRODUCTION

Defendants' *ex parte* application is wholly unwarranted and proceeds in clear defiance of the Court's rules: "*Ex parte* applications are solely for extraordinary relief and should be used with discretion. Sanctions may be imposed for misuse of *ex parte* applications. *See Mission Power Engineering Co. v Continental Casualty Co.*, 883 F. Supp. 488 (C.D. Cal. 1995)." Docket No. 18 at 9. Defendants have presented no basis for emergency relief or reconsideration of the Court's order last week allowing DC Comics to conduct discovery. In contrast, plaintiff DC Comics would be severely prejudiced were defendants' application granted: even though this case has been pending since May, DC has yet to receive a single document or ask a single question in deposition. There is no good-faith basis for defendants' continued intransigence or delaying discovery another day. Defendants' application should be denied.

## II. DEFENDANTS ARE NOT ENTITLED TO EXTRAORDINARY RELIEF, ESPECIALY ON MATTERS THE COURT AND MAGISTRATE ALREADY RESOLVED IN DC'S FAVOR.

"The law on *ex parte* applications is well-settled in this circuit" and such applications are reserved "solely for extraordinary relief." *Popa v. BAC Home Loans Servs., LP*, 2010 U.S. Dist. LEXIS 105667, at *2-3 (C.D. Cal. Sept. 21, 2010). "[F]iling an *ex parte* motion … is the forensic equivalent of standing in a crowded theater and shouting, 'Fire!' There had better be a fire." *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 491 (C.D. Cal. 1995). For there to be "fire," as this Court made plain, a party must show it will be "irreparably prejudiced" if forced to follow "regular noticed motion procedures." *Larin Corp. v. Alltrade, Inc.*, 2010 U.S. Dist. LEXIS 120537, at *1-2 (C.D. Cal. Oct. 28, 2010).

Defendants' application is nothing short of an abuse of these rules. Defendants already employed "regular noticed motion procedures" to request an indefinite stay of discovery—*and their motions rightly were denied*. Magistrate

Zarefsky and later this Court rejected the arguments repeated in defendants' current application. *Ex parte* procedures cannot be used to relitigate unfavorable rulings.

**A. The Magistrate Has Already Rejected Defendants' Arguments.**

In their motion for a blanket stay of discovery filed in September, defendants advanced four of the five arguments now repackaged and resurfaced in their *ex parte* application. They urged the Magistrate to deny discovery to DC because:

- DC's claims were without merit and discovery must await the resolution of their Rule 12 motions—this is labeled defendants' "*First*" argument in their *ex parte* brief, *compare* Docket No. 61 at 14-18, *with Ex Parte* App. at 3:19-4:14;

- Defendants' SLAPP motion barred discovery—what they now label their "*Third*" and "*Fourth*" arguments, *compare* Docket No. 61 at 18-23, *with Ex Parte* App. at 5:20-7:7; and

- DC obtained all the discovery it needed in the *Siegel* cases—what they now call their "*Fifth*" claim, *compare* Docket No. 61 at 25-31, *with Ex Parte* App. at 7:8-17.

DC demonstrated to the Magistrate why each of these arguments was unfounded, citing extensive case law and record citations on each disputed point. Docket No. 61 at 32-55; Docket No. 45 at 2-4, 8-17. For example:

- A discovery stay is not warranted simply because defendants believe they are "likely to prevail on motions to dismiss." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 39-40 (N.D. Cal. 1990); *Skellerup Indus. Ltd. v. City of L.A.*, 163 F.R.D. 598, 600 (C.D. Cal. 1995). If the rule were otherwise, "it would undercut the Federal Rules' liberal discovery provisions" and stand "directly at odds with the need for expeditious resolution of litigation." *Gray*, 133 F.R.D. at 39. The presumptive rule is that discovery must proceed pending such motions, and DC has every right to take discovery *now* in aid of federal and state-law claims.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- Defendants' SLAPP motion did not bar discovery. DC's federal claims are not subject to SLAPP, *see Hilton v. Hallmark Cards*, 580 F.3d 874, 881 (9th Cir. 2009), and because defendants' SLAPP motion raised contested issues of fact about DC's state-law claims, DC is entitled to discovery to oppose the motion, *see Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001).
- Discovery in the *Siegel* case is no substitute for discovery here. Docket No. 61 at 36-46. As defendants themselves represented to a federal court in New Mexico in 2006: "'the *Siegel Litigations* do not concern Shuster's copyright interests in *Superman*.'" *Id.* at 49 (emphasis in original).

The Magistrate rejected defendants' request for a comprehensive and indefinite stay of discovery, agreeing only briefly to stay the depositions of four defense witnesses until November 15. In so ruling, the Magistrate correctly held:

- "[T]here's nothing that prevents [DC] from commencing discovery. The only automatic stay that federal law imposes is a stay before the Rule 26(f) conference, and that conference has taken place";
- "[T]he California Anti-SLAP[P] statute does not govern these federal proceedings," Docket No. 110-3 at 59:23-60:2, 60:3-5; and
- "There shall be no limit to the subject matter covered in the depositions" based on discovery in the *Siegel* cases, *id*. at 62:4-5; Docket No. 74 at 2.

Defendants chose not to appeal this first or third ruling, *see* Docket No. 101 at 2 n.2, thus waiving any right to make the "*First*" and "*Fifth*" arguments advanced in their *ex parte* application, *see* FED. R. CIV. P. 72(a); C.D. CAL. L.R. 72-2.1. Defendants appealed the Magistrate's SLAPP ruling to this Court, Docket No. 101, although they did *not* request a stay of discovery pending this Court's consideration of their objection. As DC demonstrated in opposing defendants' objection, defendants' arguments about the SLAPP statute are directly contrary to Ninth Circuit law and literally scores of decided cases refuting defendants'

- 3 -    PL.'S OPP'N TO DEFS.' *EX PARTE* APP.

1 positions. Docket No. 118. And, in any event, their motion to review Magistrate Zarefsky's order does not operate to stay discovery. *See* C.D. CAL. L.R. 72-2.2 ("Regardless of whether a motion for review has been filed, the Magistrate Judge's ruling remains in effect unless the ruling is stayed or modified by the Magistrate Judge or the District Judge."); *Housing Rights Ctr. v. Sterling*, 2004 WL 3610228, at *2 (C.D. Cal. Dec. 29, 2004) ("All one needed to do was review Local Rule 72-2.2 to learn that a motion for reconsideration … does not stay the magistrate judge's order."); *U.S. Philips Corp. v. KXD Tech., Inc.*, 2007 WL 4984153, at *2 (C.D. Cal. July 27, 2007) ("Local Rule 72-2.2 makes it absolutely clear" that appeal of a discovery ruling does not stay the ruling.).

Nor can defendants create a false sense of urgency by asking for a stay now, rather than in September when the Magistrate denied their motion. *Cf. AT & T Intellectual Prop. II, L.P. v. Toll Free Yellow Pages Corp.*, 2009 U.S. Dist. LEXIS 119518, at *3 (C.D. Cal. Dec. 2, 2009) (application denied where movant waited two months to seek *ex parte* relief); *Crews v. Wachovia Mortg. Corp.*, 2010 U.S. Dist. LEXIS 77660, at *14-16 (C.D. Cal. July 23, 2010) (same; 10 days).

### B. The Court Has Already Rejected Defendants' Arguments.

After defendants filed their SLAPP appeal with the Ninth Circuit, this Court issued an order *sua sponte* staying the case. DC moved to vacate the stay or to modify it to permit DC's discovery to proceed. Docket No. 110 at 5:26-6:12. In opposing this motion, defendants argued the Court should *not* rule on their SLAPP motion pending the Ninth Circuit appeal—a position they now flip on, given that their opposition to DC's motion was unsuccessful. *Compare* Docket No. 112 at 8-11, *with Ex Parte* App. at 1:8-9. In opposing DC's motion, defendants also repeated the arguments the Magistrate rejected in September. For example, they:

- argued that their SLAPP motion barred discovery, citing *Batzel* and *Shady Grove*, which they again cite here, *compare* Docket No. 112 at 9-10, *with Ex Parte* App. at 6 n.4; and

- 4 -   PL.'S OPP'N TO DEFS.' *EX PARTE* APP.

1. - contended that DC obtained the discovery it needed in the *Siegel* cases, *compare* Docket No. 112 at 10-11, 13-14, *with Ex Parte* App. at 7.

DC again refuted these arguments, showing that *no fewer than 50 cases* had refused to recognize defendants' claim that *Batzel* overruled the Ninth Circuit's decision in the *Metabolife* case—which entitles DC to discovery despite defendants' SLAPP motion. Docket No. 115 at 5. DC also demonstrated that its discovery in the *Siegel* cases does not remotely substitute for discovery here. *Id.* at 2-3.

Defendants also advanced a new argument based on the Magistrate's rulings, which they repeat here as their "**Second**" argument. In opposing the modification to the stay that DC requested, they contended the Magistrate intended discovery to begin only after this Court ruled upon defendants' Rule 12 and SLAPP motions. *Compare* Docket No. 112 at 1, 4, 11, *with Ex Parte* App. at 4:28-5:19. However, as DC successfully showed in refuting that argument, the Magistrate never so ruled. Docket No. 115 at 3-4. As the Magistrate recognized, "I don't know when Judge Wright will ultimately rule" on defendants' Rule 12 and SLAPP motions. Docket No. 110-3 at 62:19-20. Those briefs spanned 100 pages, included over 1,000 pages of exhibits, and, as shown in DC's opposition briefs, each was hotly contested and turned on disputed issues of fact. The Court rightly could reject these motions summarily—because none has merit. It could table them for resolution pending discovery. It could hold extensive hearings on the matters. Or it could defer the motions in favor other priority matters on the Court's busy docket. Recognizing this, Magistrate Zarefsky held he was not going to "put off" discovery in this case "for too long a time. These witnesses are not getting any younger. It's the Court's keen observation that people who are elderly and have health problems don't get any younger, and their health problems tend to not improve. *So, I think there is some urgency here*…." *Id.* at 63:1-6 (emphasis added).

As DC showed in its motion to modify the stay, defendants declined to appeal the Magistrate's ruling regarding this "urgency." Docket No. 115 at 4.

1  Ignoring this waiver, defendants unsuccessfully argued (then and now) that the age
2  and health of these witnesses are no impediment to an indefinite stay. *Compare*
3  Docket No. 112 at 12, *with ExParte* App. at 7 n.6.
4      In short, we are living the movie *Groundhog Day*. Each day we awake, and
5  each day defendants yet again assert the same groundless arguments, without regard
6  to how many times they are rejected. These wasteful tactics severely threaten DC's
7  right to a fair process and trial and should be brought to a decisive end.
8      **C.    Defendants' Only New Argument Is Not Grounds For Relief.**
9      Defendants' only new argument—their last or "***Sixth***" argument—is that the
10 Court's order "arguably" does not permit them to take discovery. *Ex Parte* App. at
11 7:18-8:10. This issue is neither ripe nor a ground for *ex parte* relief. To date,
12 defendants have *never* served discovery on DC. Nor did defendants ask DC before
13 they filed this "emergency" application whether DC would resist discovery on these
14 grounds. In reality, DC has never suggested to defendants that it would resist
15 defendants' initiating discovery.
16     **D.    Timing For Hearing Defendants' Motions**
17     Finally, as to setting a date to hear defendants' Rule 12 and SLAPP motions,
18 as DC told defendants, it is solely within the province of the Court to control its
19 own calendar and decide when and how to resolve these matters. *See* Adams Decl.
20 Ex. B. DC declined to join defendants' *ex parte* motion compelling the setting of
21 such hearing dates because such a request is improper, because defendants
22 *themselves* argued the merits of this case *should be stayed* pending their Ninth
23 Circuit appeal, and because defendants' SLAPP motion is not ripe for hearing until
24 discovery is complete. *See id.* (citing, *e.g.*, *Shropshire v. Fred Rappaport Co.*, 294
25 F. Supp. 2d 1085, 1099-1100 (N.D. Cal. 2003)); *supra* at 4:20-24. The Ninth
26 Circuit's *sua sponte* order to show cause why defendants' appeal should not be
27 dismissed for lack of jurisdiction is still pending. Briefing before the Ninth Circuit
28 on this issue will be complete this week.

- 6 -    PL.'S OPP'N TO DEFS.' *EX PARTE* APP.

**III.   CONCLUSION**

Defendants *ex parte* application presents no *bona fide* urgency or right to relief. Its only purpose is to deny discovery to DC Comics. The application should be denied.

Dated:  November 23, 2010    Respectfully Submitted,

By: /s/ Daniel M. Petrocelli
    Daniel M. Petrocelli

CC1:840228