```
 1  KENDALL BRILL & KLIEGER LLP
    Richard B. Kendall (90072)
 2  Rkendall@kbkfirm.com
    Laura W. Brill (195889)
 3  Nicholas F. Daum (236155)
    10100 Santa Monica Blvd., Suite 1725
 4  Los Angeles, California  90067
    Telephone:  310.556.2700
 5  Facsimile:   310.556.2705

 6  Attorneys for Defendants Marc Toberoff,
    Pacific Pictures Corporation, IP Worldwide,
 7  LLC, and IPW, LLC

 8  Marc Toberoff (State Bar No. 188547)
      mtoberoff@ipwla.com
 9  Nicholas C. Williamson (State Bar No. 231124)
      nwilliamson@ipwla.com
10  Keith G. Adams (State Bar No. 240497)
      kgadams@ipwla.com
11  TOBEROFF & ASSOCIATES, P.C.
    2049 Century Park East, Suite 2720
12  Los Angeles, California, 90067
    Telephone:  (310) 246-3333
13  Fax:          (310) 246-3101

14  Attorneys for Defendants Mark Warren
    Peary, as personal representative of the
15  Estate of Joseph Shuster, Jean Adele
    Peavy, Joanne Siegel and Laura Siegel
16  Larson
```

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| DC COMICS,<br><br>  Plaintiff,<br><br>  vs.<br><br>PACIFIC PICTURES CORPORATION; IP WORLDWIDE, LLC; IPW, LLC; MARC TOBEROFF, an individual; MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER; JEAN ADELE PEAVY, an individual; JOANNE SIEGEL, an individual; LAURA SIEGEL LARSON, an individual, and DOES 1-10, inclusive,<br><br>  Defendants. | Case No: CV 10-03633 ODW (RZx)<br><br>Hon. Otis D. Wright II, U.S.D.J.<br><br>**DEFENDANTS' REPLY TO DC COMICS' OPPOSITION TO *EX PARTE* APPLICATION FOR THE REINSTATEMENT OF DEFENDANTS' MOTIONS**<br><br>Complaint filed:  May 14, 2010<br>Trial Date:         None Set |

1  DC Comics' ("DC") Opposition to Defendants' *Ex Parte* Application (Docket
2 No. 121) repeats the straw man that Defendants' "only purpose is to deny discovery
3 to DC," while ignoring that the clear thrust of the application is to have Defendants'
4 motions reinstated.  DC cannot dispute that these motions will streamline this case
5 and thus the scope of discovery.  There is an urgent need for the Court to clarify its
6 ruling.  Otherwise, Defendants' vacated motions would remain indefinitely
7 postponed, and Defendants would be unfairly prohibited from taking any affirmative
8 action to defend themselves, such as by motion practice, discovery or counterclaims,
9 while DC runs roughshod over their rights.  There is no authority supporting such a
10 manifestly inequitable outcome and DC has cited none.  Nor do Defendants believe
11 that this is what the Court intended.  Defendants are simply asking for clarification
12 and relief before it is too late for such to be of any benefit.

13  To dodge this legitimate application, DC pretends that Defendants asked for a
14 complete discovery stay, when their application clearly only requests that **depositions**
15 be stayed for a mere thirty (30) days to afford the Court time to rule on Defendants'
16 motions.  *See* Docket No. 120 at 1.  This request mirrored Magistrate Zarefsky's
17 September 20, 2010 order, which stayed depositions for one month to enable
18 Defendants' dispositive motions to be decided before DC plowed ahead with
19 burdensome depositions of elderly witnesses, on claims which may well be barred as
20 a matter of law.  There was no need for Defendants to have sought this relief from the
21 Court before, since depositions had been stayed by the September 20 order and this
22 Court's October 14, 2010 order.

23  Defendants have not "flipped" or changed their position.  Defendants
24 previously asserted that "DC should not be permitted to proceed on its defective
25 claims, while Defendants' motions, which dispose of all or most of DC's claims as a
26 matter of law, remain vacated and stayed" (Docket No. 112 at 14:21-23), which is
27 precisely what has happened.  If the entire case and discovery is stayed, the
28 dispositive motions can wait; if discovery proceeds, the motions should be decided.

1
DEFENDANTS' REPLY IN SUPPORT OF *EX PARTE* APPLICATION FOR REINSTATEMENT

1   Defendants have also not delayed discovery, despite DC's hyperbole.  Prior to
2 the stay, Defendants Joanne Siegel, Laura Siegel Larson, Jean Peavy and Mark
3 Warren Peary in their First Amended Reponses to DC's Requests for Production
4 responded that, notwithstanding their objections, they would produce all responsive
5 non-privileged documents that they have.  Then, shortly after the Court's stay was
6 lifted, these Defendants offered to produce such documents and their privilege logs
7 by December 3, 2010.

8   There is no good cause to allow Defendants' motions to remain vacated while
9 DC proceeds apace with its claims.  Defendants have asked the Court to reinstate and
10 set a hearing date on their fully-briefed, docketed motions, to briefly stay depositions
11 for 30 days pending resolution of those motions, and to clarify the status of the case.
12 The *ex parte* application should be granted.

Dated:  November 23, 2010          KENDALL BRILL & KLIEGER LLP

                                   By:  /s/ Richard B. Kendall
                                        Richard B. Kendall
                                        Attorneys for Defendants Marc Toberoff,
                                        Pacific Pictures Corporation, IP Worldwide,
                                        LLC, and IPW, LLC

Dated:  November 23, 2010          TOBEROFF & ASSOCIATES, P.C.

                                   By  /s/ Marc Toberoff
                                        Marc Toberoff
                                   Attorneys for Defendants Mark Warren
                                   Peary, as personal representative of the
                                   Estate of Joseph Shuster, Jean Adele Peavy,
                                   Joanne Siegel and Laura Siegel Larson