1   DANIEL M. PETROCELLI (S.B. #097802)
      dpetrocelli@omm.com
2   MATTHEW T. KLINE (S.B. #211640)
      mkline@omm.com
3   CASSANDRA L. SETO (S.B. #246608)
      cseto@omm.com
4   O'MELVENY & MYERS LLP
    1999 Avenue of the Stars, 7th Floor
5   Los Angeles, CA  90067-6035
    Telephone:   (310) 553-6700
6   Facsimile:    (310) 246-6779

7   PATRICK T. PERKINS (admitted *pro hac vice*)
      pperkins@ptplaw.com
8   PERKINS LAW OFFICE, P.C.
    1711 Route 9D
9   Cold Spring, NY 10516
    Telephone:   (845) 265-2820
10  Facsimile:    (845) 265-2819

11  Attorneys for Plaintiff DC Comics

12              **UNITED STATES DISTRICT COURT**

13              **CENTRAL DISTRICT OF CALIFORNIA**

14

15  DC COMICS,                          Case No.  CV 10-3633 ODW (RZx)

16              Plaintiff,               **DISCOVERY MATTER**

17        v.                            **DC COMICS' NOTICE OF**
                                        **MOTION AND MOTION TO**
18  PACIFIC PICTURES                    **COMPEL PRODUCTION OF**
    CORPORATION, IP WORLDWIDE,          **DOCUMENTS AND PRIVILEGE**
19  LLC, IPW, LLC, MARC TOBEROFF,       **LOGS**
    an individual, MARK WARREN
20  PEARY, as personal representative of DECLARATIONS OF CASSANDRA
    the ESTATE OF JOSEPH SHUSTER,       SETO, MATTHEW T. KLINE, AND
21  JEAN ADELE PEAVY, an individual,    DANIEL M. PETROCELLI AND
    JOANNE SIEGEL, an individual,       [PROPOSED] ORDER FILED
22  LAURA SIEGEL LARSON, an             CONCURRENTLY HEREWITH
    individual, and DOES 1-10, inclusive,
23                                      **Judge**:         Hon. Otis D. Wright II
                Defendants.             **Magistrate**:    Hon. Ralph Zarefsky
24

25                                      **Hearing Date**:   December 20, 2010

26                                      **Hearing Time**:    10:00 a.m.

27

28

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on December 20, 2010 at 10:00 a.m., or as soon thereafter as the matter may be heard by the above-entitled court, located at 255 East Temple Street, Los Angeles, California in Courtroom 540, plaintiff DC Comics will and hereby does move the Court for an order compelling defendants to produce all documents responsive to DC Comics' August 17, 2010 discovery requests by no later than December 22, 2010, or, alternatively, to produce by such date all non-privileged documents and a complete privilege log.

This motion is made pursuant to Rules 26, 34, and 37 of the Federal Rules of Civil Procedure and Rule 37-2 of the Local Rules of this Court on the grounds that discovery cannot be commenced, the scheduled depositions cannot be taken, and DC Comics cannot prosecute this action unless the Court grants the relief sought. The parties have attempted unsuccessfully to resolve their disputes pursuant to Central District Local Rule 37-1.  Pursuant to Central District Local Rule 37-2.4, and as explained in the Declaration of Daniel M. Petrocelli filed concurrently herewith, DC Comics is forced to submit this as a motion rather than a joint stipulation because defendants have improperly refused to provide their opposition in a timely manner in accordance with Local Rule 37-2.2.

This motion is based on this Notice of Motion and Motion; the accompanying Declarations of Cassandra Seto, Matthew T. Kline, and Daniel M. Petrocelli and all exhibits in support thereof; any reply brief that may be filed by DC Comics; all exhibits, files, and records on file in this action; matters of which judicial notice may be taken; and such additional submissions and argument as may be presented at or before the hearing on this motion.

DC COMICS' MOTION TO COMPEL

1    Dated:       November 29, 2010          Respectfully Submitted,

2                                            O'MELVENY & MYERS LLP

3                                            By: /s/ Daniel M. Petrocelli

4                                                Daniel M. Petrocelli
                                                 Attorneys for Plaintiff DC Comics
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT STIPULATION RE:
                                            DC COMICS' MOTION TO COMPEL

1

# TABLE OF CONTENTS

2

3

I.     INTRODUCTORY STATEMENT .................................................................. 1

4

II.    STATEMENT OF ISSUES IN DISPUTE ...................................................... 4

5

     A.     Joanne Siegel's Objections to Document Request No. 1 ..................... 4

6

     B.     DC Comics' Contentions, Points, and Authorities ............................ 10

7

     C.     Variations in Other Responses and Objections.................................. 27

8

III.   CONCLUSION ............................................................................................ 28

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DC COMICS' MOTION TO COMPEL

## I.    INTRODUCTORY STATEMENT

DC Comics brings this motion to compel the production of essential documents requested as far back as July.  To date, defendants have not produced a single document or privilege log.  DC seeks documents related to four material witnesses—defendants Siegel, Larson, Peavy, and Peary—that are indisputably relevant.  Given defendants' resolute resistance to discovery, nothing short of a court order, and perhaps sanctions, will assure production of these documents.

As reflected in the initial round of discovery motions decided by the Magistrate, defendants sought to stay discovery indefinitely and severely limit its scope.  Docket Nos. 42, 61.  At the September 20 hearing on these motions, the Court ruled "there's nothing that prevents the plaintiff from commencing discovery" and ordered that these four witnesses' depositions could commence starting November 15, 2010.  Decl. of Cassandra Seto ("Seto Decl.") Ex. H at 122:24-25, 124:11-19.  As to the documents DC requested in advance of the depositions, the Court instructed the parties to "work things out so that you won't have to come back in front of me again"—admonishing counsel "to be cooperative and none to be obstructive."  *Id.* at 113:19-20, 125:17-18.

That night, defendants served over *150 pages* of blanket objections to DC's document requests.  Seto Decl. Exs. I-L.  In the weeks that followed, defendants only added to this barrage of objections.  In responses served on September 20, defendants asserted (i) boilerplate objections that, under the law, amount to no objection at all; (ii) non-specific privilege claims that prevent DC from challenging them; and (iii) the *very same* objections the Magistrate rejected in denying defendants' motion for a protective order—*e.g.*, that their SLAPP motion barred discovery and that "discovery should be stayed" until Judge Wright ruled on their Rule 12 motions, SLAPP motion, and Rule 54(b) motions.  *E.g.*, *id.* Ex. I at 129-30.

DC wrote defendants, noted their blanket objections were inconsistent with the Magistrate's rulings, and requested a prompt meet and confer.  Seto Decl. Ex.

DC COMICS' MOTION TO COMPEL

1    M.  Defendants' response was to delay.  First, defendants said they would not meet

2    and confer because DC's letter failed to specify the bases for its motion.  *Id.* Ex. N

3    at 306-07; *id.* Ex. I at 129.  Defendants also said they would amend their discovery

4    responses to reflect "the views that Magistrate Judge Zarefsky expressed," but not

5    until they reviewed the hearing transcript.  *Id.* Ex. N at 306.  DC sent defendants

6    another letter providing further detail regarding this motion to compel and asking

7    for a conference.  *Id.* Ex. O.  Defendants waited several days to respond and, when

8    they did, said they would serve amended discovery responses and meet and confer,

9    *id.* Ex. P—but only three weeks after DC's initial request to meet.

10        At DC's insistence, defendants finally agreed to confer on October 5.  DC

11   stated it would proceed with its motion on October 11 if defendants continued to

12   withhold documents.  Seto Decl. ¶ 12.  Defendants said they would produce some

13   documents—although they refused to disclose the scope of the production—but

14   only if DC stipulated to a protocol that would exempt from the parties' privilege

15   logs all privileged documents post-dating the filing of the *Siegel* litigation in 2004.

16   *Id.* Ex. G.  Even though the stipulation was overbroad in scope and objectionable,

17   DC said it would endeavor to work out a mutually acceptable stipulation.  *Id.* ¶ 12.

18   DC also sent defendants a revised stipulation on October 6, but defendants never

19   commented on it.  *Id*. Ex. Q, ¶ 13.

20        On October 8, defendants served another 150 pages of blanket objections,

21   again unaccompanied by any documents or privilege logs.  Seto Decl. Exs. R-U.

22   Defendants' amended objections erroneously assert that the Court's September 20

23   discovery rulings justify their view that all document and other discovery should be

24   stayed until resolution of their motions to dismiss and strike.  In addition,

25   defendants filed objections to the Magistrate's refusal to stay discovery by reason

26   of defendants' anti-SLAPP motion—even though that motion, together with their

27   Rule 12 motions, advances factual arguments necessitating discovery to oppose.

28

1    Defendants also filed a notice of appeal challenging the Court's September 7

2  order deeming their initial anti-SLAPP motion moot in light of DC's amended

3  complaint.  Docket No. 104.  On October 14, the Court issued a *sua sponte* order

4  staying this case pending defendants' appeal.  Docket No. 109.  The Court also

5  issued an order refusing to certify the *Siegel* cases for appeal, Case No. CV-04-

6  8400, Docket No. 630, obviating defendants' objection to discovery based on their

7  prediction that the Court would allow an interlocutory appeal.  The Ninth Circuit

8  issued an order on October 21 compelling defendants to "move for voluntary

9  dismissal of the[ir] appeal or show cause why it should not be dismissed for lack of

10  jurisdiction."  Decl. of Matthew T. Kline ("Kline Decl.") Ex. 1.  Briefing on that

11  motion will be complete on November 26.

12    On November 1, DC moved to modify the Court's stay order to permit DC to

13  take full discovery in this case.  Docket No. 110.  The Court granted DC's motion

14  on November 17 and ruled that DC could proceed with full discovery on its federal

15  and state-law claims.  Docket No. 117.  DC then immediately communicated to

16  defendants that it intended to proceed with this motion (originally served on

17  October 11) in order to avoid further delay of discovery.  Kline Decl. Ex. 2.  After

18  several rounds of correspondence, defendants responded on November 22 that they

19  would provide responsive documents and a privilege log, but declined to specify

20  what documents would be produced.  *Id.* Exs. 3-6.  DC Comics replied by

21  requesting that defendants stipulate to this motion to assure production of the

22  requested documents and avoid further court proceedings.  *Id.* Ex. 7.

23    In sum, even though this case has been pending since May, DC Comics has

24  yet to receive a single document or ask a single question in deposition.  There is no

25  good-faith basis for defendants' continued intransigence.  DC seeks an order

26  compelling defendants to produce all documents responsive to its August 17, 2010

27  discovery requests no later than December 22, 2010, or, alternatively, to produce by

28  such date all non-privileged documents and a complete privilege log.

## II.    STATEMENT OF ISSUES IN DISPUTE

Defendants object to each of DC's document requests in each of the four deposition notices.  In their four sets of responses, defendants copy and paste the same objections, with only minor variations.  Mindful of this Court's admonition about burdensome briefing, Seto Decl. Ex. H at 71:21-24, but also mindful of Local Rule 37-2 requiring a verbatim statement of the document requests and responses in dispute, DC has prepared this motion in the following manner:

- In Section II.A, DC reproduces Joanne Siegel's general and specific objections to DC's first document request.

- In Section II.B, DC shows that Ms. Siegel's objections are unfounded and that she is wrongly withholding responsive documents and privilege logs.

- In Section II.C, DC identifies the collective variations contained in defendants' responses and shows why these objections lack merit.

- In Appendix 1, DC has reproduced *all* of the requests at issue and all of defendants' objections.  (This portion of the joint statement spans some 150 pages, just on its own.)

### A.    Joanne Siegel's Objections to Document Request No. 1

**Document Request No. 1**

All agreements between or among YOU and any DEFENDANT regarding the SIEGEL HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

**General Objections**

Siegel objects to the entire Request on each of the following grounds and incorporates by reference each of the following objections into her response to each individual category of documents within it:

1.    Siegel objects to the Request on the ground that the underlying compliant is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. These motions have been fully briefed and are set for hearing on October 18, 2010.  Given the pendency of these dispositive motions, Magistrate Zarefsky held on September 20, 2010 that

1   deposition discovery was not appropriate until at least November 15,
2   2010 to afford Judge Wright time to rule on these motions. Magistrate
    Zarefsky has also indicated that Judge Wright may extend this
3   deadline if he needs more time to so rule. Magistrate Zarefsky's
4   rationale for limiting the burden of discovery until Judge Wright has
    ruled on these motions should apply with equal force to document
5   discovery as it does to depositions.

6           2.      Siegel objects to each individual request within the
    Request to the extent it is relevant only to the Fourth through Sixth
7   state law claims for relief in DC's First Amended Complaint ("FAC").
8   Defendants contend that their pending anti-SLAPP motion stays
    discovery regarding these state law claims. Magistrate Zarefsky
9   rejected that argument, apparently based on *Metabolife Int'l., Inc. v.*
    *Wornick*, 264 F.3d 832 (9th Cir. 2001), but Defendants have timely
10  objected to this ruling pursuant to L.R. 72.2-1. *See* Docket No. 101.
    *Metabolife* is inconsistent with recent Supreme Court authority *Shady*
11  *Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 130 S. Ct. 1431,
12  1452 (2010) (Stevens, J., concurring), decided this year, and with the
    Ninth Circuit's decision in *Batzel v. Smith*, 333 F.3d 1018, 1024 (9th
13  Cir. 2003). These cases recognize that substantive provisions of state
14  law, such as the anti-SLAPP statute's automatic discovery stay, apply
    in federal court. *Metabolife* includes no contrary discussion. In light
15  of this, Judge Wright and the Ninth Circuit should be afforded the
    opportunity to address Defendants' well taken objection on these
16  grounds. *See* Docket No. 101 at 3:20- 5:23. Any response that refers
    to the planned production of documents is without prejudice to
17  Defendants' right to seek a stay of discovery before the Court, the 9th
    Circuit, or the Supreme Court.

18          Plaintiff has sought to avoid the force of this automatic stay by
    contending that the same discovery relates to DC's Third claim for
19  relief ("Third Claim"), which it claims arises under federal copyright
20  law. DC's Third Claim is premised on the false construct that DC
    purportedly has a right of exclusive negotiation under 17 U.S.C. §
21  304(c)(6)(D) to settle Defendant's termination claims pursuant to 17
    U.S.C. § 304(d). However, the plain language of § 304(c)(6)(D) does
22  not provide a terminated grantee like DC with any such "right," as
    expressly addressed and recognized in *Bourne Co. v. MPL Commc'ns,*
23  *Inc.*, 675 F. Supp. 859, 865 n.11 (S.D.N.Y. 1987) ("[T]he statute
24  neither compels the terminating party to negotiate with the terminated
    grantee, nor forbids him from negotiating with anyone else."). *See*
25  Docket Nos. 78 at 4:7-7:27; 100 at 1:17-3:15. The Third Claim does
    not and cannot exist as a matter of law and thus DC cannot use this
26  manufactured federal claim to avoid the automatic stay provided by
27  the anti-SLAPP motion. CCP § 425.16,(g); *Jarvis v. Regan*, 833 F.2d
    149, 155 (9th Cir. 1987) (stay of discovery pending motion to dismiss

28

was appropriate where allegations - taken as true - failed to allege requisite elements of statutory cause of action).

3.    To the extent the Request seeks documents concerning any agreement between the Shusters and Siegels to act collectively in negotiations with DC regarding the settlement of their termination claims ("Collective Bargaining"), Siegel objects on the following grounds:  Such documents concern only the Third through Sixth claims for relief and thus are irrelevant to the First and Second claims that are the only proper subject of discovery at this point in the proceedings.    Any documents that exist relating to Collective Bargaining contain and memorialize attorney-client privileged communications and attorney work product and reveal sensitive settlement strategy that would give DC an unfair advantage.    In addition, any Collective Bargaining documents were prepared in connection with mediation and the use of such information plainly violates the parties' May 1, 2008 JAMS Confidentiality Agreement and the California mediation privilege. Moreover this disclosure is inconsistent with the policies of FRE 408 and California Evidence Code §§ 1119 *et seq.*; 1152.

4.    Siegel objects to the Request on the ground that a motion for entry of judgment pursuant to FRCP 54(b) has been filed in the closely related action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-CV-8400.  If this motion is granted, such judgment will have collateral estoppel effect on DC, and thereby substantially narrow the duplicative issues raised in the present action.  Accordingly, any discovery should be stayed and documents should not be produced until the Rule 54(b) motion is decided.

5.    Siegel objects to the Request to the extent that it seeks the production of any item, or portion thereof, comprising or reflecting information transmitted and maintained in confidence between Siegel or any person or entity acting on her behalf and her counsel for the purpose of obtaining legal advice or representation, on the grounds that such information is protected from disclosure by the attorney-client privilege and the joint-interest privilege.  Such documents will not be produced in response to the request, and any inadvertent production thereof shall not be deemed a Waiver of any privilege or doctrine with respect to such documents.

6.    Siegel objects to the Request to the extent that it seeks the production of any item, or portion thereof, comprising or reflecting information with any confidential impression, conclusion, opinion, legal research, or legal theory of counsel for Siegel or any other person or entity, on the grounds that such information is protected from disclosure by the attorney work product doctrine.  Such documents will not be produced in response to the request, and any inadvertent

DC COMICS' MOTION TO COMPEL

production thereof shall not be deemed a waiver of any privilege or doctrine with respect to such documents.

7.     As the parties are in the process of negotiating a stipulation regarding the parties' logging of post-litigation communications, Siegel will not be serving any privilege logs until these negotiations are concluded. Defendants provided a draft of the proposed stipulation on September 16, 2010, to which Plaintiff did not respond for nearly three weeks, until October 6, 2010.   Before providing the draft stipulation, counsel for Defendants repeatedly asked counsel for DC what terms DC would wish to see in such a stipulation, but DC did not respond.  Nor will Defendants produce any documents absent an agreement by DC that the production of such documents will not constitute a waiver of any protection as to discovery and that there has been no such waiver.   DC has not responded to this request for such an agreement.  Moreover, Siegel will neither produce nor log any documents created or transmitted after the start of this litigation. All privileges and immunities provided by law are expressly reserved.

8.     Siegel objects to the Request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence, on the grounds that it exceeds the permissible scope of discovery delimited by Rule 26(b)(1) of the Federal Rules of Civil Procedure.

9.     Siegel objects to the Request to the extent that it seeks the production of any item, or portion thereof, comprising or reflecting any trade secret or other confidential or proprietary information of Siegel or any other person or entity.

10.     Siegel objects to the Request to the extent that it seeks the production of any item, or portion thereof, which is protected from disclosure by court order, or any privacy or similar rights of any person or entity.

11.     Siegel objects to the Request's document requests to the extent they are unduly burdensome, overly broad, impose extreme hardship or would result in the expenditure of unnecessary time and resources.

12.     Siegel objects to the Request to the extent it is overbroad and therefore unduly burdensome, oppressive and harassing.

13.     Siegel objects to the document requests contained in the Request to the extent the expense of producing documents outweighs the likely benefit of discovery provided to Plaintiff.

14.     Siegel objects to the Request to the extent that it seeks the production of duplicative identical items, or documents or information already in Plaintiff's possession, or by reason of public filing,

publication or otherwise are readily accessible to Plaintiff through other means.

15.    Siegel objects to the Request to the extent that it seeks the production of any item which has been served, filed, or transmitted in the course of this action, on the grounds that such production would be burdensome, oppressive, and unnecessary.

16.    Siegel objects to the Request to the extent that it seeks the production of any item which has already been produced, served, or filed in the course of the related actions *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-CV-8400 ODW (RZx) and *Joanne Siegel, et al. v. Time Warner Inc., et al.*, Case No. 04-CV-8766 ODW (RZx) (collectively "*Siegel* Litigation"), on the grounds that such production would be duplicative, burdensome, oppressive, and unnecessary.  Provided DC agrees that identification of documents produced by Siegel in the *Siegel* litigation that are responsive to this request will not trigger a requirement to produce a privilege log and that there is no waiver of privilege in identifying such documents and that there has been no such waiver, Siegel will identify the documents already produced in the Siegel litigation that are responsive to the Request.

17.    Siegel objects to the Request and each document category therein to the extent that it seeks the production of any item or document that is not the property of Siegel.  Siegel will not produce any items or documents that are the property of any other person or entity.

18.    Siegel objects generally to the Request and to the definitions and instructions therein to the extent that they purport to alter or extend Siegel's obligations beyond those established by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Central District of California, or any order or ruling by the Court in this action.

19.    Siegel objects generally to the definitions of the terms "YOU" and "YOUR" as vague and ambiguous, overbroad and unduly burdensome.  Siegel will construe these terms to refer to Siegel.

20.    Siegel objects generally to the definitions of the terms "DEFENDANT" and "DEFENDANTS" as vague and ambiguous, overbroad and unduly burdensome.  Siegel will construe these terms to refer only to the specific defendants in this action.

21.    Siegel objects generally to the definition of the term "SHUSTER HEIRS" as vague and ambiguous, overbroad and unduly burdensome.  Solely for the purposes of these responses, and for no other purpose, Siegel will construe this term to refer only to the Estate

DC COMICS' MOTION TO COMPEL

of Joseph Shuster, Jean Peavy, Mark Peary, Dawn Peavy and Frank Shuster.

22. Siegel objects generally to the definition of the term "SIEGEL HEIRS" as vague and ambiguous, overbroad and unduly burdensome. Solely for the purposes of these responses, and for no other purpose, Siegel will construe this term to refer only to Joanne Siegel, Laura Siegel Larson, Dennis Larson and Michael Siegel.

23. Siegel objects generally to the definition of the term "SHUSTER" as vague and ambiguous, overbroad and unduly burdensome. Siegel will construe this term to refer only to Joseph Shuster.

24. Siegel objects generally to the definition of the term "SIEGEL" as vague and ambiguous, overbroad and unduly burdensome. Siegel will construe this term to refer only to Jerome Siegel.

25. Siegel reserves the right to revise, amend, supplement or clarify any of the objections set forth herein.

**Response to Document Request No. 1**

In addition to the General Objections, which are incorporated herein by this reference, Siegel specifically objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. *See* General Objection ¶ 1, *supra*. Siegel further objects to this request to the extent that it is relevant only to DC's Third through Sixth state law claims as such discovery should be stayed during the pendency of Defendants' anti-SLAPP motion and because the Third Claim does not exist as a matter of law. *See* General Objection ¶ 2, *supra*. Siegel further objects to this request to the extent it seeks any privileged documents concerning any Collective Bargaining between the Shusters and Siegels and because Plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3, *supra*.

In addition to the above, Siegel further objects to this request on the grounds  that it is compound, overbroad, burdensome and oppressive. Siegel objects to this request on the grounds that the phrase "purported rights" is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response. Siegel further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Siegel further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of

relevant and admissible evidence.  Siegel additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing, and the general and specific objections, Siegel will produce responsive documents consistent with her understanding of this request, if any, that are not privileged and not subject to the parties' JAMS Confidentiality Agreement, provided that such production is based upon a stipulation signed by the parties and the Court concerning the obligations of the parties to log privileged documents.

## B.   DC Comics' Contentions, Points, and Authorities

In their four sets of responses, defendants offer nine objections to justify their refusal to produce a single document or privilege log.  As shown below, each of the objections is without basis.

### 1.  Discovery Stay.

Defendants assert that discovery should be stayed "until Judge Wright has ruled on the[ir] [Rule 12] motions," SLAPP motion, and Rule 54(b) motion in the *Siegel* case.  *E.g.*, *supra* at 4-5 ¶¶ 1, 2, 4.  Defendants' latter argument is moot, since the Court denied their Rule 54(b) motion on October 13.  Case No. CV-04-8400, Docket No. 630.  The remaining arguments were considered and rejected by this Court in ruling "there's nothing that prevents the plaintiff from commencing discovery."  Seto Decl. Ex. H at 122:23-25.  In staying the four noticed depositions from mid-October to November 15, the Court explained this was the result of a careful balancing of competing considerations, including the age and health of two of the witnesses, the possibility that Judge Wright might "promptly" rule on defendants' motions, and the need "not [to] put off the depositions for too long a time" given that "there is some urgency here."  *Id.* at 125:23-60:1, 126:6.  Defendants' statement that the Court intended to "limit[] the burden of discovery until Judge Wright *has ruled* on these motions," *e.g.*, *supra* at 4-5 ¶ 1 (emphasis added), is incorrect.  Defendants' motion for a protective order contained this very request, Docket No. 61 at 2-4, 14-23, and the Court denied it, Seto Decl. Ex. H at

125:19-21.  Defendants' position also provides no basis to withhold the production of documents.  As defendants admit, the brief stay imposed by the Magistrate applied only to "deposition discovery," not "document discovery."  *E.g.*, *supra* at 4-5 ¶ 1.  At the September 20 hearing, DC made clear its intention to promptly enforce the outstanding document requests, and the Magistrate requested that the parties work out these issues "so that you won't have to come back in front of me again."  Seto Decl. Ex. H at 103:17-104:4, 113:19-20.

The Magistrate had good reason to deny an indefinite stay of discovery pending defendants' motions.  As shown in DC's prior briefing, defendants' Rule 12 motions do not operate to stay discovery.  Docket No. 61 at 34-46 (citing, *e.g.*, *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 39-40 (N.D. Cal. 1990); *Skellerup Indus. Ltd. v. City of Los Angeles*, 163 F.R.D. 598, 600 (C.D. Cal. 1995)).  Defendants' SLAPP motion does not bar discovery either.  All the discovery DC seeks is relevant to its first and third claims arising under federal law and is not subject to SLAPP.  *See* Docket No. 61 at 34, 49-55 (citing *Hilton v. Hallmark Cards*, 580 F.3d 874, 881 (9th Cir. 2009); *Sonoma Foods, Inc. v. Sonoma Cheese Factory, LLC*, 634 F. Supp. 2d 1009, 1016 (N.D. Cal. 2007)).  DC also has a right to discovery in connection with its state-law claims, particularly in light of the factual issues raised by defendants' motion.  Docket No. 61 at 34, 49-55, Docket No. 92 at 8-11 (citing, *e.g.*, *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001); *Shropshire v. Fred Rappaport Co.*, 294 F. Supp. 2d 1085, 1099-1100 (N.D. Cal. 2003)).

Relying on exactly this case law and these arguments, Judge Wright ruled on November 17 that the stay he imposed in this case would be modified and that:

> The stay imposed in the Court's October 15, 2010 order is hereby modified *to allow DC Comics to take full discovery related to its federal claims*;
>
> The stay imposed in the Court's October 15, 2010 order is hereby modified *to allow DC Comics to take full discovery related to its state-law claims*; and,

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

> The stay imposed in the Court's October 15, 2010 order is hereby modified *to allow DC Comics to proceed with full and complete discovery of Joanne Siegel, Laura Siegel Larson, Jean Peavy, and Mark Peary*.

Docket No. 117 (emphasis added).  Defendants opposed this relief making the exact same spurious arguments and objections that are repeated throughout its objections to DC's document requests.  Docket No. 112.  These objections have now been decisively rejected by the Magistrate and the Court, and defendants cannot credibly or in good faith continue to assert them.

    2.  <u>Consent Agreements.</u>

    DC's document requests, including the first one directed to Joanne Siegel, seek the production of consent agreements arranged by Toberoff, which DC contends violate its rights under the Copyright Act and otherwise.  *See supra* at 4 (Document Request No. 1: "All agreements between or among YOU and any DEFENDANT regarding the SIEGEL HEIRS' purported rights in SUPERMAN and/or SUPERBOY."); Docket No. 90 at 4-14, 16-24 (DC's brief in support of its third and sixth claims for relief explaining the relevance and legal infirmity of such consent agreements).  Although they acknowledge these consent agreements exist and limit the ability of the Siegels and Shusters freely to enter into agreements with DC, *id.* at 16-24, defendants object to producing any of them on various grounds. None has merit:

    *a. Relevance.*  Defendants contend the consent agreements "concern only the Third through Sixth claims for relief and thus are irrelevant to the First and Second claims that are the only proper subject of discovery."  *E.g.*, *supra* at 6 ¶ 3.  This is incorrect.  The consent agreements are relevant to DC's first claim because, for example, they show how defendants illegally parked the Shusters' interest in Superboy with the Siegels in order to falsely position the Siegels as sole owners of all Superboy rights, while at the same time giving the Shusters an interest in the Siegels' claims in the *Siegel* case.  Docket No. 49 ¶¶ 86-91, 129-33.  The consent

DC COMICS' MOTION TO COMPEL

1    agreements are also relevant to the first and third claims (both federal claims not

2    subject to SLAPP) because they evidence the unlawful "third-party trafficking" of

3    future copyright interests in violation of DC's exclusive rights vis-à-vis the

4    Shusters under the Copyright Act.  *See* Docket No. 89 at 5-13, Docket No. 90 at 4-

5    11.

6         *b.  Privilege.*  Without any substantiation, defendants assert that the consent

7    agreements "contain and memorialize attorney-client privileged communications

8    and attorney work product and reveal sensitive settlement strategy."  *E.g.*, *supra* at

9    6 ¶ 3.  As explained *infra* at 17-18, defendants' failure to identify specifically

10   privileged material and the grounds for asserting such privilege, together with their

11   refusal to produce or commit to produce a privilege log, is untenable and amounts

12   to a waiver.  At the very least, defendants had a duty to produce redacted copies of

13   the consent agreements, excluding any privileged material, if in fact any exists.  *See*

14   FED. R. CIV. P. 34(b)(2)(C); *Aikens v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533, 539

15   (D. Kan. 2003) ("the responding party still has a duty to respond *to the extent the*

16   *request is not objectionable*") (emphasis in original).  While DC has not seen all the

17   consent agreements among defendants, if they are similar to the Pacific Pictures and

18   IP Worldwide agreements disclosed in the *Siegel* case, they cannot be considered

19   privileged.  *E.g.*, *Minebea Co., Ltd. v. Papst*, 355 F. Supp. 2d 526, 529 (D.D.C.

20   2005) (business agreements and communications between attorney and client not

21   privileged); *U.S. v. Martin*, 278 F.3d 988, 999 (9th Cir. 2002) ("The fact that a

22   person is a lawyer does not make all communications with that person privileged.").

23   Nor are the consent agreements privileged to the extent they state the terms of

24   Toberoff's engagement as a lawyer.  *See In re Grand Jury Proceedings*, 33 F.3d

25   1060, 1063-64 (9th Cir. 1994) (retainer agreements not privileged); *Montgomery*

26   *County v. MicroVote Corp.*, 175 F.3d 296, 304 (3d Cir. 1999) ("The attorney-client

27   privilege does not shield fee arrangements.").

28

*c. Collective Bargaining.*  Defendants' decision to now refer to their consent agreements as "Collective Bargaining documents," *e.g.*, *supra* at 6 ¶3, does not shield them from disclosure.  The Copyright Act imposes an exclusivity period that precludes the Shusters from transferring their putative Superman rights to anyone other than DC *until 2013*.  Docket No. 90 at 4-11.  DC has a right to obtain any agreement that may infringe this exclusivity period, whether a "collective bargaining" agreement or not.  Independent of copyright law, a "contract providing that the client may not compromise the suit without the consent of his attorney is against public policy and void." *Calvert v. Stoner*, 33 Cal. 2d 97, 103 (1948); *The Golden Star*, 82 F.2d 687, 688 (9th Cir. 1936) (same).  In short, however defendants seek to label their agreements, they are subject to discovery.

*d. Mediation Confidentiality.*  Defendants contend DC may not discover certain of the consent agreements because Toberoff disclosed their existence in connection with mediations.  *E.g.*, *supra* at 6 ¶ 3 (consent agreements "prepared in connection with mediation" and are thus protected under "FRE 408 and California Evidence Code §§ 1119 [and] 1152," and JAMS confidentiality agreement).  This, too, is wrong.  As federal and California law make clear, defendants may not shield facts and immunize misconduct by disclosing such information at a mediation.

Federal law governs defendants' objection, because in "federal question cases where pendent state law claims are raised, the [federal rules] govern all claims of privilege." *Perrignon v. Bergen Brunswig Corp.*, 77 F.R.D. 455, 459 (N.D. Cal. 1978); *Religious Tech. Ctr. v. Wollersheim*, 971 F.2d 364, 367 n.10 (9th Cir. 1992) (same);  *Jacada (Europe), Ltd. v. Int'l Mktg. Strategies, Inc.*, 401 F.3d 701, 710-12 (6th Cir. 2005) ("generic choice-of-law provision[s]" do not "displace the federal [rules]"); *Sovak v. Chugai Pharm. Co.*, 280 F.3d 1266, 1269-70 (9th Cir. 2002) (same).

Federal Rule of Evidence 408(a) prohibits evidence of "conduct or statements made in compromise negotiations" *only* when such evidence is offered

"to prove liability, invalidity of, or amount of a claim…." Rule 408(b) expressly *permits* the use of such evidence where, as here, "the evidence is offered for purposes not prohibited by subdivision (a)," such as showing the existence of an independent and separate violation of the law. As the Advisory Committee made clear, Rule 408 may not be used to "immunize admissible information, such as a pre-existing document, through the pretense of disclosing it during compromise negotiations." FED. R. EVID. 408, advisory committee note. Numerous cases have confirmed this principle. *E.g.*, *Uforma/Shelby Bus. Forms, Inc. v. N.L.R.B.*, 111 F.3d 1284, 1293-94 (6th Cir. 1997) (evidence of threats made in settlement negotiations admissible); *Athey v. Farmers Ins. Exch.*, 234 F.3d 357, 362 (8th Cir. 2000) (evidence of settlement offer admitted to prove bad faith); *Rhoades v. Avon Prods., Inc.*, 504 F.3d 1151, 1161 (9th Cir. 2007) (disclosure of settlement communications to satisfy jurisdictional requirements); *Carney v. Am. Univ.*, 151 F.3d 1090, 1095-96 (D.C. Cir. 1998) (permitting use of settlement letter to prove independent tort).

This Court has rightly refused to recognize a mediation privilege beyond the ambit of Rule 408. *E.g.*, *Munoz v. J.C. Penney Corp., Inc.*, 2009 U.S. Dist. LEXIS 36362, at *7 (C.D. Cal. Apr. 9, 2009) (Wright, J.) (while "[f]ederal courts are authorized to define new privileges …, [p]rivileges are not lightly created"); *Bd. of Trs. v. Tyco Int'l, Ltd.*, 253 F.R.D. 521, 523 (C.D. Cal. 2008) ("[T]here is no federal privilege preventing the discovery of settlement agreements and related documents."). The minority of courts that do recognize a separate privilege only permit its use to shield discovery from *third parties*, unlike the circumstances here. Docket No. 90 at 21; *Folb v. Motion Picture Indus. Pension & Health Plans*, 16 F. Supp. 2d 1164, 1180-81 (C.D. Cal. 1998) (preventing compelled production of mediation brief prepared by third party); *Molina v. Lexmark Int'l, Inc.*, 2008 U.S. Dist. LEXIS 83014, at *25-29 (C.D. Cal. Sept. 30, 2008) (strictly limiting *Folb* to its facts).

DC COMICS' MOTION TO COMPEL

1    Defendants' reliance on California law is equally misplaced.  California

2  Evidence Code Section 1152(a) is the equivalent of Rule 408 and does not shield

3  independent facts from disclosure.  CAL. EVID. CODE § 1152(a); *see, e.g.*, *Monex*

4  *Deposit Co. v. Gilliam*, 2010 U.S. Dist. LEXIS 9344, at *5 (C.D. Cal. Jan. 25,

5  2010) (section 1152 and Rule 408 are "similar").  Nor does California's mediation

6  privilege.  *See* CAL. EVID. CODE § 1119.  Among other reasons:

7    • Section 1120 of the California Evidence Code ensures that "[e]vidence

8      otherwise admissible or subject to discovery outside of a mediation or a

9      mediation consultation shall not be or become inadmissible or protected from

10     disclosure solely by reason of its introduction or use in a mediation."  CAL.

11     EVID. CODE § 1120.  If there were any other rule, "parties could use

12     mediation as a pretext to shield materials from disclosure."  *Doe 1 v. Super.*

13     *Ct.*, 132 Cal. App. 4th 1160, 1173 (2005).  The law forbids this:  "facts do not

14     'become inadmissible or protected from disclosure solely by reason of [their]

15     introduction or use in a mediation.'"  *Rojas v. Super. Ct.*, 33 Cal. 4th 407,

16     423 n.8 (2004); *Wimsatt v. Super. Ct.*, 152 Cal. App. 4th 137, 161 (2007);

17     *Kullar v. Foot Locker Retail, Inc.*, 168 Cal. App. 4th 116, 132-33 (2008).

18    • Despite the mediation privilege, courts give parties latitude to pursue

19      alternative sources of discovery to prove the existence of facts disclosed in

20      mediation.  *E.g., Foxgate Homeowners' Ass'n, Inc.  v. Bramalea Cal., Inc.*,

21      26 Cal.4th 1, 18 (2001) (plaintiff may seek evidence other than

22      "communications made during the mediation"); *Benesch v. Green*, 2009 U.S.

23      Dist. LEXIS 117641, at *25 (N.D. Cal. Dec. 17, 2009) (permitting discovery

24      of "new, admissible evidence … not protected by the confidentiality

25      statutes").

26    • Section 1119 does not prevent parties to a mediation from revealing or

27      reporting to a court "noncommunicative," "obstructionist," "sanctionable," or

28      otherwise improper "*conduct*."  *Foxgate*, 26 Cal. 4th at 13-14, 17-18 & n.14

(emphasis in original); *Campagnone v. Enjoyable Pools & Spas Serv. & Repairs, Inc.*, 163 Cal. App. 4th 566, 571 (2008) ("confidentiality rules do not prohibit 'a party' from 'advising the court about *conduct* during mediation that might warrant sanctions.'") (emphasis in original); *In re Marriage of Kieturakis*, 138 Cal. App. 4th 56, 80 (2006) (section 1120 "allow[s] a party to reveal noncommunicative conduct").  DC Comics' complaint and its discovery requests are not aimed at communications made or disclosed in connection with any mediation; they are directed to defendants' improper *conduct* outside of it—*i.e.*, the unlawful consent agreements.  Docket No. 49 ¶¶ 101, 170, 188.

Defendants last argue that confidentiality provisions in the parties' JAMS agreement in the *Siegel* case prevent discovery into the consent agreements.  *E.g.*, *supra* at 6 ¶ 3.  But the JAMS agreement explicitly invokes and relies on federal and state law—it does not expand the scope of the privilege beyond the limits of federal or California law.  Seto Decl. Ex. W at 502.

3.  Privilege.

Defendants object that DC's discovery requests seek information "protected from disclosure by the attorney-client privilege," the "attorney work product doctrine," and the "joint-interest privilege."  *E.g.*, *supra* at 6 ¶¶ 5-6.  Defendants provide no explanation, proof, or other means (*i.e.*, a privilege log) to ascertain or test the basis for these sweeping claims; moreover, defendants have a duty to produce documents to the extent they are not covered by the asserted privilege.  *See* FED. R. CIV. P. 34(b)(2)(C); *Aikens*, 217 F.R.D. at 539 ("the responding party still has a duty to respond *to the extent the request is not objectionable*") (emphasis in original).

Defendants' refusal to produce a privilege log, or affirmatively commit to doing so, amounts to a waiver of privilege.  A party asserting privilege "must identify specific communications and the grounds supporting the privilege as to

DC COMICS' MOTION TO COMPEL

each piece of evidence over which privilege is asserted." *Martin*, 278 F.3d at 1000; *U.S. v. El Paso Co.*, 682 F.2d 530, 541-42 (5th Cir. 1982) (rejecting assertion of privilege based on party's failure to "particularize its assertion of the privilege"); *Clarke v. Am. Commerce Nat'l Bank*, 974 F.2d 127, 129 (9th Cir. 1992) (party may be required to provide "a line-by-line justification for assertion of the attorney-client privilege"). Otherwise, the propounding party is unable to test the objecting party's claim of privilege, precisely the circumstance confronting DC. *See* FED. R. CIV. P. 26(b)(5); FED. R. CIV. P. 26(b)(5), advisory committee note (requiring "sufficient information to enable other parties [and the Court] to evaluate the applicability of the claimed privilege."); *Ramirez v. County of Los Angeles*, 231 F.R.D. 407, 410 (C.D. Cal. 2005) ("The party who withholds discovery materials must provide sufficient information (*i.e.*, a privilege log) to enable the other party to evaluate the applicability of the privilege or protection. Failure to provide sufficient information may constitute a waiver of the privilege.").

None of defendants' excuses for their failure to produce a privilege log has merit:

*a. No Obligation to Produce a Log.* Defendants claim they have "no obligation" to serve privilege logs on DC until this Court has ruled on their objections. Seto Decl. Ex. N at 306. Defendants' objection is contrary to Ninth Circuit law and federal rules establishing that a privilege log is a required element of asserting privilege. *E.g.*, *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Ct.*, 408 F.3d 1142, 1149 (9th Cir. 2005); *Am. Dental Ass'n v. Khorrami*, 2003 WL 24141019, at *9 (C.D. Cal. July 14, 2003) (defendant admonished for intentionally refusing to provide privilege log "[d]espite well-established law that parties seeking to invoke such privileges are not permitted to provide mere 'blanket objections' to discovery requests"). The purpose of a privilege log is to allow the propounding party and the Court to evaluate the privilege claim and prevent parties from hiding behind false claims of privilege. *See* FED. R. CIV. P. 26(b)(5). As the drafters of

Rule 26 confirmed, "To withhold materials without [notifying requesting party] is contrary to the rule …, and may be viewed as a waiver of the privilege or protection." FED. R. CIV. P. 26(b)(5), advisory committee note; *Eureka Fin. Corp. v. Hartford Accident & Indem. Co.*, 136 F.R.D. 179, 184-85 (E.D. Cal. 1991) (failure "to comply with a well settled requirement of specifically identifying the evidence to which a privilege applies" constitutes waiver).

Defendants cite two cases to justify their failure to provide privilege logs. Both are inapposite. In *U.S. v. Philip Morris Inc.*, 347 F.3d 951, 954-55 (D.C. Cir. 2003), the D.C. Circuit held that the district court should have considered defendant's general objections before concluding that its failure to list a document on its privilege log resulted in a waiver of privilege. Unlike here, the defendant in *Phillip Morris* actually *provided a privilege log*, and did not contend its generic objections were sufficient to preserve privilege. *Id.* at 953. (To DC's knowledge, *Phillip Morris* has never been adopted outside the D.C. Circuit and may conflict with Ninth Circuit cases like *Burlington*.) Defendants' other case, *Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 494-95 (9th Cir. 1983), contained literally *no discussion* of privilege logs.

Defendants have not sought a protective order to excuse their obligation to serve privilege logs in response to DC's document requests. Instead, they unilaterally refused to provide any logs with their responses on September 20 or their amended responses on October 8. This is impermissible. Likely recognizing this, defendants wrote DC on the eve of DC serving this motion asserting that they would serve privilege logs on December 3 and meet and confer about their contents. Kline Decl. Ex. 6. Defendants have provided no specificity as to what these logs will contain. As DC told defendants, if defendants finally stipulate to the relief sought in this motion—which they have yet to do—DC will take this motion off calendar. *Id.* Ex. 7.

DC COMICS' MOTION TO COMPEL

1    *b. Discovery Stay.*  During the parties' October 5 meet and confer,

2    defendants asserted they were not required to produce privilege logs because the

3    Court stayed discovery until November 15.  Seto Decl. ¶ 12.  The Court did not stay

4    all discovery until November 15—it ruled "there's nothing that prevents the

5    plaintiff from commencing discovery" and stayed the scheduled *depositions* from

6    October to November 15 after taking into account various competing considerations

7    argued by both sides.  *Id.* Ex. H at 122-26.  The Court made no ruling barring

8    production of the documents requested from the deponents or any associated

9    privilege logs and, to the contrary, asked counsel to work cooperatively to resolve

10   the document issues.  *Id.* Ex. H at 125:17-18.

11   Also incorrect is defendants' argument that the document productions are

12   stayed because they are connected to the depositions that were briefly stayed.  *E.g.*,

13   *supra* at 5 ¶ 2.  No such relief was sought or obtained.  Furthermore, the deposition

14   notices called for production of the requested documents several weeks in advance

15   of the depositions.  Seto Decl. Exs. A at 7, B at 19, C at 32, D at 45.

16   *c. The Lack of a Privilege Log Stipulation*.  Defendants contend that they did

17   not produce documents or a privilege log because DC had not agreed to the

18   privilege log stipulation defendants proposed.  *E.g.*, *supra* at 7 ¶ 7.  To begin, this

19   objection has no application to all the non-privileged documents defendants refuse

20   to produce.

21   As to the privilege log, on August 16 (at the Rule 26(f) conference) and

22   August 25 (in a letter to counsel) defendants requested that the parties negotiate "an

23   agreement to diminish the parties' obligations to log privileged and work product

24   documents."  Seto Decl. Ex. E at 56.  In the letter, defendants proposed entering

25   into an interim agreement not to log such documents until a formal agreement was

26   negotiated.  *Id.*  DC agreed to consider a "draft stipulation" if defendants would

27   prepare one, but explained that defendants' "proposed stand-still agreement,

28   pending negotiations of a final stipulation … is overbroad and likely will not

DC COMICS' MOTION TO COMPEL

work." *Id.* Ex. F at 60.  On August 26, defendants again asked for "an interim agreement on logging." *Id.* Ex. F at 59.  DC again declined, explaining it had been "stated very clearly and repeatedly … that we likely could not reach an interim agreement without first seeing a draft of the stipulation." *Id.* Ex. F at 57.

Some three weeks later, on September 16, defendants sent a draft stipulation. Seto Decl. Ex. G.  Four days later, they served objections to DC's document requests asserting for the first time that "[a]s the parties are in the process of negotiating a stipulation regarding the parties' logging of post-litigation communications, [defendants] will not be serving any privilege logs until these negotiations are concluded." *E.g.*, *supra* at 7 ¶ 7.

In the October 5 meet-and-confer call, defendants said they could not produce documents without a privilege log and required DC's response to their proposed stipulation on logging.  Reserving all rights (including its argument that defendants had waived privilege by not producing a log), DC sent defendants a revised stipulation the very next day.  Seto Decl. Ex. Q.  DC has not heard back from defendants regarding this stipulation.  *Id.* ¶ 13.

In an effort to moot this motion, on November 22—and just before DC served defendants with its portion of this joint stipulation—defendants indicated that they would provide responsive documents and a privilege log.  Kline Decl. Ex. 6.  Defendants provided no assurance that they would produce all non-privileged documents and gave no details as to which documents they would produce or the content of the logs.  DC agreed to consider taking this motion off calendar if defendants stipulated to the relief requested herein and provided all the discovery DC seeks, *id.* Ex. 7, but defendants declined to respond as of the time of service. Defendants cannot moot DC's motion with such a half-measure; only the full production of all responsive documents and a complete privilege log would obviate the necessity for relief.

DC COMICS' MOTION TO COMPEL

1   Irrespective of any stipulation, defendants may not simply refuse to produce

2   all responsive documents or a complete privilege log.  Nor can they condition their

3   obligation to provide discovery on DC's agreement to meet their demands to

4   exempt plainly relevant categories of documents from their privilege logs.

5   Defendants' position is wholly unwarranted.

6       4.  Relevance.

7   Defendants object to DC's document requests on relevance grounds, but do

8   not explain why any specific request is irrelevant or whether any documents are

9   being withheld on this ground.  *E.g.*, *supra* at 7 ¶ 8.  Defendants' boilerplate

10  objection is the equivalent of no objection at all, and should be overruled.  *E.g.*,

11  *Walker v. Lakewood Condo. Owners Ass'n*, 186 F.R.D. 584, 587 (C.D. Cal. 1999)

12  ("Boilerplate, generalized objections are inadequate and tantamount to not making

13  any objection at all.").  Under Rule 26(b), DC is entitled to "obtain discovery

14  regarding any nonprivileged matter that is relevant to any party's claim or defense,"

15  including information that "appears reasonably calculated to lead to the discovery

16  of admissible evidence."  FED. R. CIV. P. 26(b).  DC's claims for relief allege, *inter*

17  *alia*, that defendants' web of unlawful agreements violate DC's agreements with

18  the Siegels and Shusters and its rights under the Copyright Act.  Docket No. 49 ¶¶

19  105-89.  DC's discovery requests are directly relevant to these claims—specifically,

20  communications and agreements between and among defendants regarding the

21  Siegels' and Shusters' purported Superman rights.  These documents are

22  "discoverable at this stage of the litigation as they clearly relate to the subject

23  matter of the lawsuit and the documents may lead to further admissible evidence at

24  trial."  *Youngblood v. Gates*, 112 F.R.D. 342, 348 (C.D. Cal. 1985).

25      5.  Protected Information.

26  Defendants object to the discovery requests to the extent they seek

27  production of material containing "any trade secret or other confidential or

28  proprietary information" or "protected from disclosure by court order, or any

DC COMICS' MOTION TO COMPEL

privacy or similar rights." *E.g.*, *supra* at 7 ¶ 9. Again, defendants make no effort to identify the particular information, if any, that is asserted to be protected—let alone to establish why such information is protected. Such conclusory claims of confidentiality are inadequate; the party resisting discovery must show that the information it seeks to protect is confidential or that its disclosure would cause harm. *See Nat'l Acad. of Recording Arts & Scis., Inc. v. On Point Events, LP*, 256 F.R.D. 678, 683 (C.D. Cal. 2009) (granting motion to compel where "defendant has not presented any declarations … supporting its claim that the information sought … is a 'trade secret' or 'confidential … commercial information'"); *Centurion Indus., Inc. v. Warren Steurer & Assocs.*, 665 F.2d 323, 325 (10th Cir. 1981) ("To resist discovery …, a person must first establish that the information sought is a trade secret and then demonstrate that its disclosure might be harmful."); *Creative Gifts, Inc. v. UFO,* 183 F.R.D. 568, 571 (D.N.M. 1998) (same).

Again, defendants cannot stand on boilerplate objections to justify withholding all discovery. If they actually believed certain information should be protected, defendants "should have entered into a stipulated protective order or filed a motion for a protective order before the date by which it was to produce responsive documents." *Nat'l Academy*, 256 F.R.D. at 683; *DIRECTV, Inc. v. Puccinelli,* 224 F.R.D. 677, 690 (D. Kan. 2004) (rejecting objection based on confidentiality where party neither moved for protective order nor established documents were confidential). Notably, despite filing two prior motions for protective orders, defendants have never sought a protective order based on "privacy or similar rights."

   6. Unduly Burdensome.

Defendants assert DC's document requests are "unduly burdensome, overly broad," "oppressive and harassing," and "impose extreme hardship." *E.g.*, *supra* at 7 ¶ 11-13. As this Court has recognized, such "general or boilerplate objections … are improper—especially when a party fails to submit any evidentiary declarations

DC COMICS' MOTION TO COMPEL

1   supporting such objections." *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D.

2   186, 188 (C.D. Cal. 2006); *Paulsen v. Case Corp.*, 168 F.R.D. 285, 289 (C.D. Cal.

3   1996).  To overcome a motion to compel, the party resisting discovery must make a

4   specific showing as to why the discovery requests are burdensome, overly broad, or

5   otherwise objectionable.  *E.g.*, *Duran v. Cisco Sys., Inc.*, 258 F.R.D. 375, 379 (C.D.

6   Cal. 2009) (rejecting "unexplained and unsupported boilerplate objections" that

7   requests were "overbroad," "burdensome," and "harassing"); *E.E.O.C. v. Outback

8   Steakhouse of Fla., Inc.*, 251 F.R.D. 603, 608 (D. Colo. 2008) (burden of showing

9   "expense of the proposed discovery outweighs its likely benefit … cannot be

10  satisfied by merely asserting a boilerplate objection … without providing concrete

11  substantiation"); *Panola Land Buyers Ass'n v. Shuman,* 762 F.2d 1550, 1559 (11th

12  Cir. 1985) (rejecting boilerplate "recitation of expense and burdensomeness" as

13  "conclusory").  Defendants have made no such showings.

14          7.  Material in DC Comics' Possession.

15          Defendants object to the extent the document requests would require

16  production of material "already in Plaintiff's possession," including material

17  "produced, served, filed, or transmitted" during the *Siegel* litigation.  *E.g.*, *supra* at

18  8 ¶ 16.  Such "[b]road allegations of harm, unsubstantiated by specific examples or

19  articulated reasoning, do not satisfy the Rule 26(c) test."  *Beckman Indus., Inc. v.

20  Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).  "A court generally will not limit

21  discovery simply because it may be somewhat cumulative and duplicative."  6

22  DANIEL R. COQUILLETTE ET AL., MOORE'S FED. PRAC. § 26.60[2], at 26-431 (3d ed.

23  2007); FED. R. CIV. P. 26(b)(2)(C)(i) (only when discovery is "*unreasonably

24  cumulative or duplicative*" may it be precluded) (emphasis added).  The possibility

25  that the propounding party "is already in possession of the requested documents is

26  not grounds for refusing to provide the[m]."  *Adhi Parasakthi Charitable, Med.,

27  Educ., & Cultural Soc'y of N. Am. v. West Pikeland*, 2010 WL 157534, at *7 (E.D.

28  Pa. Jan. 13, 2010).  This makes sense, as "there might be other documents in

1   addition to the ones previously produced that are now available, and there might be

2   nonprivileged notations on some of the documents that have been added." *Id.*

3       The Court imposed no limitation on the scope of discovery based on

4   documents produced in the *Siegel* cases.  Docket No 74 at 1 (ruling there is "no

5   limit to the subject matter" of discovery).  "The fact that [a party] produced

6   documents in the previous litigation does not absolve it of the duty to produce them

7   now." *Johnson & Johnston v. R.E. Serv.*, 2004 WL 3174428, at *3 (N.D. Cal. Nov.

8   2, 2004); *U.S. v. Siriprechapong*, 181 F.R.D. 416, 431 (N.D. Cal. 1998) (rejecting

9   argument it would be overly burdensome to produce discovery already furnished

10  since evidence already collected).

11      8.  Additional Obligations.

12      Defendants object to the extent DC's document requests "purport to alter or

13  extend" their obligations under existing law, including by requiring production of

14  documents beyond defendants' possession. *E.g.*, *supra* at 8 ¶ 18.  Defendants point

15  to no example where DC makes any request outside the discovery rules—and

16  indeed, there is none.  Such "boilerplate or generalized objection[s]" are

17  "inadequate and tantamount to not making any objection at all," *Bess v. Cate*, 2008

18  WL 5100203, at *4 (E.D. Cal. Nov. 26, 2008).

19      9.  Vague and Ambiguous.

20      Finally, and with no elaboration, defendants object that the following terms

21  and phrases in DC's requests are "vague and ambiguous":

22  • "YOU" and "YOUR"

23  • "DEFENDANT" and "DEFENDANTS"

24  • "SHUSTER HEIRS"

25  • "SIEGEL HEIRS

26  • "SHUSTER"

27  • "SIEGEL"

28  • "purported rights"

DC COMICS' MOTION TO COMPEL

- "SHUSTER HEIRS' purported rights"
- "affecting the ability of YOU or the SIEGEL HEIRS to negotiate or enter into agreements regarding SUPERMAN and/or SUPERBOY"
- "affecting the ability of the SIEGEL HEIRS to negotiate or enter into agreements"
- "affecting the ability of YOU or the SHUSTER HEIRS to negotiate or enter into agreements regarding SUPERMAN and/or SUPERBOY"
- "affecting the ability of the SHUSTER HEIRS to negotiate or enter into agreements regarding SUPERMAN and/or SUPERBOY
- "affecting the disposition, division, or ownership of"
- "affecting the division of"
- "potential sale, assignment, license, or other disposition of any rights
- "relating to the valuation of any past, current, or potential ownership interest in SUPERMAN and/or SUPERBOY"
- "valuation of any past, current, or potential ownership interest in SUPERMAN and/or SUPERBOY"
- "introduction of YOU or the SIEGEL HEIRS to any DEFENDANT"
- "introduction of the SIEGEL HEIRS to any DEFENDANT"
- "introduction of YOU or the SHUSTER HEIRS to any DEFENDANT"

*E.g.*, *supra* at 8-9 ¶¶ 20-24, Appendix 1 at 29. Such blanket assertions of ambiguity, with no explanation, are improper. *See Marchland v. Mercy Med. Ctr.*, 22 F.3d 933, 938 (9th Cir. 1994). Nor is there anything vague or ambiguous about these phrases. Each of the individual terms was defined in DC's requests. *E.g.*, Seto Decl. Ex. A at 8-11. As to the supposedly ambiguous phrases, "it is not ground for objection that the request is 'ambiguous,' unless [it is] so ambiguous that the responding party cannot, in good faith, frame an intelligent reply." *U.S. ex rel. Englund v. Los Angeles County*, 235 F.R.D. 675, 685 (E.D. Cal. 2006); *McCoo v. Denny's, Inc.*, 192 F.R.D. 675, 694 (D. Kan. 2000) (parties "should exercise reason

DC COMICS' MOTION TO COMPEL

and common sense to attribute ordinary definitions to terms and phrases utilized in [discovery requests]").

## C.     Variations in Other Responses and Objections

Defendants assert the very same objections above to the remainder of the document requests served on each of the four defendants.  Pursuant to Rule 37-2, these document requests and responses are fully reproduced in Appendix 1 hereto. There are only a handful of variations in defendants' responses—none of which is material or raises a valid ground for objection:

1.  In response to each request, defendants point to certain words and phrases that they claim are "vague and ambiguous."  Each of these additional vagueness objections is underlined in Appendix 1.  For the reasons discussed *supra* at 26-27, these unsubstantiated objections are baseless.

2.  Defendant Mark Peary contends that he did not sign or send certain letters and agreements referenced in the discovery requests.  Appendix 1 at 161-67.  This is not a basis to withhold documents.  If Mr. Peary has responsive documents in his possession, custody, or control, he must produce them or list them on a privilege log.  *See* FED. R. CIV. P. 34(a).

3.  With respect to certain documents, Joanne Siegel and Laura Siegel Larson Siegel "object[] to Plaintiffs' characterization of the document as well as Plaintiff's interpretation of its meaning."  Appendix 1 at 46, 49, 51, 53.  Again, this is not a basis to withhold documents.  If the Siegels have responsive documents in their possession, custody, or control, they must produce them or list them on a privilege log.  *See* FED. R. CIV. P. 34(a).

To DC's knowledge, there are no other substantive differences between the four defendants' responses and objections.[1]

---

[1] There are several inconsequential variations among the objections that merit no further discussion:

- the alteration of names and articles to correspond to the responding party, *e.g.*, Appendix 1 at 106;

DC COMICS' MOTION TO COMPEL

**III.    CONCLUSION**

For all of the foregoing reasons, DC respectfully requests that the Court issue an order compelling defendants to produce all responsive documents no later than December 22, 2010 or, alternatively, to produce all non-privileged documents and a complete privilege log no later than December 22, 2010.

Dated:        November 29, 2010                Respectfully Submitted,

O'MELVENY & MYERS LLP

By: /s/ Daniel M. Petrocelli
    Daniel M. Petrocelli
    Attorneys for Plaintiff DC Comics

---

- omitting/adding the word "further" in certain sentences, *e.g.*, *id.* at 32;
- omitting/adding the words "duplicative" and "compound" in certain boilerplate objections, *e.g.*, *id.* at 33, that are without basis for the reasons noted above, *supra* at 23-24;
- omitting/adding the words "that the phrase" in certain sentences, *e.g.*, Appendix 1 at 45; and
- changing this language:

> Subject to and without waiving the foregoing, and the general and specific objections, Siegel will produce responsive documents consistent with her understanding of this request, if any, <u>that are not privileged and not subject to the parties' JAMS Confidentiality Agreement</u>, provided that such production is based upon a stipulation signed by the parties and the Court concerning the obligations of the parties to log privileged documents.

to the language below in certain responses:

> Subject to and without waiving the foregoing, and the general and specific objections, Siegel will produce responsive <u>non-privileged</u> documents consistent with her understanding of this request, if any, provided that such production is based upon a stipulation signed by the parties and the Court concerning the obligations of the parties to log privileged documents.

(Emphasis added.)  *E.g.*, *id.* at 43.

# APPENDIX 1

A.    **Joanne Siegel – Document Requests 2-28 and Specific Objections**

**Document Request No. 2**

All agreements between or among YOU and the SHUSTER HEIRS regarding the SIEGEL HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 2**

In addition to the General Objections, which are incorporated herein by this reference, Siegel specifically objects to this request on the ground that the underlying compliant is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the  issues. *See* General Objection ¶ 1, *supra*.  Siegel further objects to this request to the extent that it is relevant only to DC's Third through Sixth state law claims as such discovery should be stayed during the pendency of Defendants' anti-SLAPP motion and because the Third Claim does not exist as a matter of law. *See* General Objection ¶ 2, *supra*.  Siegel further objects to this request to the extent it seeks any privileged documents concerning any Collective Bargaining between the Shusters and Siegels and because Plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3, *supra*.

In addition to the above, Siegel further objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive.  Siegel objects to this request on the grounds that the phrase "purported rights" is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response. Siegel further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope.  Siegel further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not

DC COMICS' MOTION TO COMPEL

1  reasonably calculated to lead to the discovery of relevant and admissible evidence.

2  Siegel additionally objects to this request to the extent that it seeks communications

3  or items protected by the attorney-client privilege, the attorney work product

4  doctrine and any other privilege or immunity available under law or arising from

5  contractual obligation.  Subject to and without waiving the foregoing, and the

6  general and specific objections, Siegel will produce responsive documents

7  consistent with her understanding of this request, if any, that are not privileged and

8  not subject to the parties' JAMS Confidentiality Agreement, provided that such

9  production is based upon a stipulation signed by the parties and the Court

10 concerning the obligations of the parties to log privileged documents.

11 **Document Request No. 3**

12      All agreements between or among YOU and any DEFENDANT regarding

13 the SHUSTER HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

14 **Response to Document Request No. 3**

15      In addition to the General Objections, which are incorporated herein by this

16 reference, Siegel specifically objects to this request on the ground that the

17 underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

18 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

19 statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

20 greatly narrow the  issues. *See* General Objection ¶ 1, *supra*.  Siegel further objects

21 to this request to the extent that it is relevant only to DC's Third through Sixth state

22 law claims as such discovery should be stayed during the pendency of Defendants'

23 anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

24 *See* General Objection ¶ 2, *supra*.  Siegel further objects to this request to the extent

25 it seeks any privileged documents concerning any Collective Bargaining between

26 the Shusters and Siegels and because Plaintiff's use of such information violates the

27 parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3,

28 *supra*.

1    In addition to the above, Siegel objects to this request on the grounds that it is

2    compound, duplicative, overbroad, burdensome and oppressive. Siegel objects to

3    this request on the grounds that the phrase "SHUSTER HEIRS' purported rights" is

4    vague and ambiguous, and lacks sufficient precision to allow her to formulate an

5    appropriate response. Siegel further objects to this request on the grounds that it is

6    indefinite as to time and not reasonably limited in scope. Siegel further objects to

7    this request to the extent that it seeks the production of any item, or portion thereof,

8    which is not reasonably calculated to lead to the discovery of relevant and

9    admissible evidence. Siegel additionally objects to this request to the extent that it

10   seeks communications or items protected by the attorney-client privilege, the

11   attorney work product doctrine and any other privilege or immunity available under

12   law or arising from contractual obligation. Subject to and without waiving the

13   foregoing, and the general and specific objections, Siegel will produce responsive

14   documents consistent with her understanding of this request, if any, that are not

15   privileged and not subject to the parties' JAMS Confidentiality Agreement,

16   provided that such production is based upon a stipulation signed by the parties and

17   the Court concerning the obligations of the parties to log privileged documents.

18   **Document Request No. 4**

19   All agreements between or among SIEGEL and SHUSTER regarding any

20   purported rights in SUPERMAN and/or SUPERBOY.

21   **Response to Document Request No. 4**

22   In addition to the General Objections, which are incorporated herein by this

23   reference, Siegel specifically objects to this request on the ground that the

24   underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

25   12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

26   statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

27   greatly narrow the issues. *See* General Objection ¶ 1, *supra*. Siegel further objects

28   to this request to the extent that it is relevant only to DC's Third through Sixth state

law claims as such discovery should be stayed during the pendency of Defendants' anti-SLAPP motion and because the Third Claim does not exist as a matter of law. *See* General Objection ¶ 2, *supra*.  Siegel further objects to this request to the extent it seeks any privileged documents concerning any Collective Bargaining between the Shusters and Siegels and because Plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3, *supra*.

In addition to the above, Siegel further objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive.  Siegel objects to this request on the grounds that the phrase "purported rights" is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response. Siegel further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope.  Siegel further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Siegel additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing, and the general and specific objections, Siegel will produce responsive documents consistent with her understanding of this request, if any, that are not privileged and not subject to the parties' JAMS Confidentiality Agreement, provided that such production is based upon a stipulation signed by the parties and the Court concerning the obligations of the parties to log privileged documents.

**Document Request No. 5**

All agreements between or among YOU and the SHUSTER HEIRS regarding the SHUSTER HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

DC COMICS' MOTION TO COMPEL

**<u>Response to Document Request No. 5</u>**

   In addition to the General Objections, which are incorporated herein by this reference, Siegel specifically objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. *See* General Objection ¶ 1, *supra*. Siegel further objects to this request to the extent that it is relevant only to DC's Third through Sixth state law claims as such discovery should be stayed during the pendency of Defendants' anti-SLAPP motion and because the Third Claim does not exist as a matter of law. *See* General Objection ¶ 2, *supra*. Siegel further objects to this request to the extent it seeks any privileged documents concerning any Collective Bargaining between the Shusters and Siegels and because Plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3, *supra*.

   In addition to the above, Siegel objects to this request on the grounds that it is compound, duplicative, overbroad, burdensome and oppressive. Siegel objects to this request on the grounds that the phrase <u>"SHUSTER HEIRS' purported rights"</u> is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response. Siegel further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Siegel further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Siegel additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing, and the general and specific objections, Siegel will produce responsive

DC COMICS' MOTION TO COMPEL

1  documents consistent with her understanding of this request, if any, that are not

2  privileged and not subject to the parties' JAMS Confidentiality Agreement,

3  provided that such production is based upon a stipulation signed by the parties and

4  the Court concerning the obligations of the parties to log privileged documents.

5  **Document Request No. 6**

6      All DOCUMENTS relating to or affecting the ability of YOU or the SIEGEL

7  HEIRS to negotiate or enter into agreements regarding SUPERMAN and/or

8  SUPERBOY.

9  **Response to Document Request No. 6**

10      In addition to the General Objections, which are incorporated herein by this

11  reference, Siegel specifically objects to this request on the ground that the

12  underlying compliant is subject to multiple motions to dismiss pursuant to FRCP

13  12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

14  statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

15  greatly narrow the  issues.  *See* General Objection ¶ 1, *supra*.  Siegel further objects

16  to this request to the extent that it is relevant only to DC's Third through Sixth state

17  law claims as such discovery should be stayed during the pendency of Defendants'

18  anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

19  *See* General Objection ¶ 2, *supra*.  Siegel further objects to this request to the extent

20  it seeks any privileged documents concerning any Collective Bargaining between

21  the Shusters and Siegels and because Plaintiff's use of such information violates the

22  parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3,

23  *supra*.

24      In addition to the above, Siegel objects to this request on the grounds that it is

25  compound, duplicative, overbroad, burdensome and oppressive.  Siegel further

26  objects to this request on the grounds that the phrase "affecting the ability of YOU

27  or the SIEGEL HEIRS to negotiate or enter into agreements regarding

28  SUPERMAN and/or SUPERBOY" is vague and ambiguous, and lacks sufficient

DC COMICS' MOTION TO COMPEL

precision to allow her to formulate an appropriate response. Siegel further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Siegel further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Siegel additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing, and the general and specific objections, Siegel will produce responsive documents consistent with her understanding of this request, if any, that are not privileged and not subject to the parties' JAMS Confidentiality Agreement, provided that such production is based upon a stipulation signed by the parties and the Court concerning the obligations of the parties to log privileged documents.

**Document Request No. 7**

All DOCUMENTS relating to or affecting the ability of the SHUSTER HEIRS to negotiate or enter into agreements regarding SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 7**

In addition to the General Objections, which are incorporated herein by this reference, Siegel specifically objects to this request on the ground that the underlying compliant is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. *See* General Objection ¶ 1, *supra*. Siegel further objects to this request to the extent that it is relevant only to DC's Third through Sixth state law claims as such discovery should be stayed during the pendency of Defendants' anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

DC COMICS' MOTION TO COMPEL

*See* General Objection ¶ 2, *supra*. Siegel further objects to this request to the extent it seeks any privileged documents concerning any Collective Bargaining between the Shusters and Siegels and because Plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3, *supra*.

In addition to the above, Siegel objects to this request on the grounds that it is compound, duplicative, overbroad, burdensome and oppressive. Siegel further objects to this request on the grounds that the phrase <u>"affecting the ability of the SHUSTER HEIRS to negotiate or enter into agreements regarding SUPERMAN and/or SUPERBOY"</u> is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response. Siegel further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Siegel further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Siegel additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing, and the general and specific objections, Siegel will produce responsive documents consistent with her understanding of this request, if any, that are not privileged and not subject to the parties' JAMS Confidentiality Agreement, provided that such production is based upon a stipulation signed by the parties and the Court concerning the obligations of the parties to log privileged documents.

**Document Request No. 8**

All DOCUMENTS relating to or affecting the disposition, division, or ownership of any rights in SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 8**

DC COMICS' MOTION TO COMPEL

1    In addition to the General Objections, which are incorporated herein by this

2    reference, Siegel specifically objects to this request on the ground that the

3    underlying compliant is subject to multiple motions to dismiss pursuant to FRCP

4    12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

5    statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

6    greatly narrow the  issues.  *See* General Objection ¶ 1, *supra*.  Siegel further objects

7    to this request to the extent that it is relevant only to DC's Third through Sixth state

8    law claims as such discovery should be stayed during the pendency of Defendants'

9    anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

10   *See* General Objection ¶ 2, *supra*.  Siegel further objects to this request to the extent

11   it seeks any privileged documents concerning any Collective Bargaining between

12   the Shusters and Siegels and because Plaintiff's use of such information violates the

13   parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3,

14   *supra*.

15   In addition to the above, Siegel objects to this request on the grounds that it is

16   compound, duplicative, overbroad, burdensome and oppressive.  Siegel further

17   objects to this request on the grounds that the phrase "affecting the disposition,

18   division, or ownership of" is vague and ambiguous, and lacks sufficient precision to

19   allow her to formulate an appropriate response. Siegel further objects to this request

20   on the grounds that it is indefinite as to time and not reasonably limited in scope.

21   Siegel further objects to this request to the extent that it seeks the production of any

22   item, or portion thereof, which is not reasonably calculated to lead to the discovery

23   of relevant and admissible evidence.  Siegel additionally objects to this request to

24   the extent that it seeks communications or items protected by the attorney-client

25   privilege, the attorney work product doctrine and any other privilege or immunity

26   available under law or arising from contractual obligation.  Subject to and without

27   waiving the foregoing, and the general and specific objections, Siegel will produce

28   responsive documents consistent with her understanding of this request, if any, that

1    are not privileged and not subject to the parties' JAMS Confidentiality Agreement,

2    provided that such production is based upon a stipulation signed by the parties and

3    the Court concerning the obligations of the parties to log privileged documents.

4    **Document Request No. 9**

5        All DOCUMENTS relating to or affecting the division of revenue, proceeds,

6    or other profits regarding SUPERMAN and/or SUPERBOY.

7    **Response to Document Request No. 9**

8        In addition to the General Objections, which are incorporated herein by this

9    reference, Siegel specifically objects to this request on the ground that the

10   underlying compliant is subject to multiple motions to dismiss pursuant to FRCP

11   12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

12   statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

13   greatly narrow the  issues.  *See* General Objection ¶ 1, *supra*.  Siegel further objects

14   to this request to the extent that it is relevant only to DC's Third through Sixth state

15   law claims as such discovery should be stayed during the pendency of Defendants'

16   anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

17   *See* General Objection ¶ 2, *supra*.  Siegel further objects to this request to the extent

18   it seeks any privileged documents concerning any Collective Bargaining between

19   the Shusters and Siegels and because Plaintiff's use of such information violates the

20   parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3,

21   *supra*.

22       In addition to the above, Siegel objects to this request on the grounds that it is

23   compound, overbroad, burdensome and oppressive.  Siegel further objects to this

24   request on the grounds that the phrase <u>"affecting the division of"</u> is vague and

25   ambiguous, and lacks sufficient precision to allow her to formulate an appropriate

26   response. Siegel further objects to this request on the grounds that it is indefinite as

27   to time and not reasonably limited in scope.  Siegel further objects to this request to

28   the extent that it seeks the production of any item, or portion thereof, which is not

DC COMICS' MOTION TO COMPEL

1  reasonably calculated to lead to the discovery of relevant and admissible evidence.

2  Siegel additionally objects to this request to the extent that it seeks communications

3  or items protected by the attorney-client privilege, the attorney work product

4  doctrine and any other privilege or immunity available under law or arising from

5  contractual obligation.  Subject to and without waiving the foregoing, and the

6  general and specific objections, Siegel will produce responsive documents

7  consistent with her understanding of this request, if any, that are not privileged and

8  not subject to the parties' JAMS Confidentiality Agreement, provided that such

9  production is based upon a stipulation signed by the parties and the Court

10  concerning the obligations of the parties to log privileged documents.

11  **Document Request No. 10**

12      All DOCUMENTS relating to or affecting the division of any settlement

13  proceeds regarding SUPERMAN and/or SUPERBOY.

14  **Response to Document Request No. 10**

15      In addition to the General Objections, which are incorporated herein by this

16  reference, Siegel specifically objects to this request on the ground that the

17  underlying compliant is subject to multiple motions to dismiss pursuant to FRCP

18  12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

19  statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

20  greatly narrow the  issues. *See* General Objection ¶ 1, *supra*.  Siegel further objects

21  to this request to the extent that it is relevant only to DC's Third through Sixth state

22  law claims as such discovery should be stayed during the pendency of Defendants'

23  anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

24  *See* General Objection ¶ 2, *supra*.  Siegel further objects to this request to the extent

25  it seeks any privileged documents concerning any Collective Bargaining between

26  the Shusters and Siegels and because Plaintiff's use of such information violates the

27  parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3,

28  *supra*.

DC COMICS' MOTION TO COMPEL

In addition to the above, Siegel objects to this request on the grounds that it is compound, duplicative, overbroad, burdensome and oppressive.  Siegel further objects to this request on the grounds that the phrase "affecting the division of" is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response. Siegel further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope.  Siegel further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Siegel additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing, and the general and specific objections, Siegel will produce responsive documents consistent with her understanding of this request, if any, that are not privileged and not subject to the parties' JAMS Confidentiality Agreement, provided that such production is based upon a stipulation signed by the parties and the Court concerning the obligations of the parties to log privileged documents.

**Document Request No. 11**

All DOCUMENTS relating to the potential sale, assignment, license, or other disposition of any rights relating to SUPERMAN and/or SUPERBOY, including but not limited to any solicitation, offer, option, or proposed agreement.

**Response to Document Request No. 11**

In addition to the General Objections, which are incorporated herein by this reference, Siegel specifically objects to this request on the ground that the underlying compliant is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the  issues.  *See* General Objection ¶ 1, *supra*.  Siegel further objects

DC COMICS' MOTION TO COMPEL

1   to this request to the extent that it is relevant only to DC's Third through Sixth state

2   law claims as such discovery should be stayed during the pendency of Defendants'

3   anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

4   *See* General Objection ¶ 2, *supra*.  Siegel further objects to this request to the extent

5   it seeks any privileged documents concerning any Collective Bargaining between

6   the Shusters and Siegels and because Plaintiff's use of such information violates the

7   parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3,

8   *supra*.

9           In addition to the above, Siegel objects to this request on the grounds that it is

10   compound, duplicative, overbroad, burdensome and oppressive.  Siegel further

11   objects to this request on the grounds that the phrase "potential sale, assignment,

12   license, or other disposition of any rights" is vague and ambiguous, and lacks

13   sufficient precision to allow her to formulate an appropriate response.  Siegel

14   further objects to this request on the grounds that it is indefinite as to time and not

15   reasonably limited in scope.  Siegel further objects to this request to the extent that

16   it seeks the production of any item, or portion thereof, which is not reasonably

17   calculated to lead to the discovery of relevant and admissible evidence.  Siegel

18   additionally objects to this request to the extent that it seeks communications or

19   items protected by the attorney-client privilege, the attorney work product doctrine

20   and any other privilege or immunity available under law or arising from contractual

21   obligation. Subject to and without waiving the foregoing, and the general and

22   specific objections, Siegel will produce responsive documents consistent with her

23   understanding of this request, if any, that are not privileged and not subject to the

24   parties' JAMS Confidentiality Agreement, provided that such production is based

25   upon a stipulation signed by the parties and the Court concerning the obligations of

26   the parties to log privileged documents.

27   **Document Request No. 12**

28           All DOCUMENTS relating to the valuation of any past, current, or potential

1    ownership interest in SUPERMAN and/or SUPERBOY.

2    **Response to Document Request No. 12**

3        In addition to the General Objections, which are incorporated herein by this

4    reference, Siegel specifically objects to this request on the ground that the

5    underlying compliant is subject to multiple motions to dismiss pursuant to FRCP

6    12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

7    statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

8    greatly narrow the  issues.  *See* General Objection ¶ 1, *supra*.  Siegel further objects

9    to this request to the extent that it is relevant only to DC's Third through Sixth state

10   law claims as such discovery should be stayed during the pendency of Defendants'

11   anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

12   *See* General Objection ¶ 2, *supra*.  Siegel further objects to this request to the extent

13   it seeks any privileged documents concerning any Collective Bargaining between

14   the Shusters and Siegels and because Plaintiff's use of such information violates the

15   parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3,

16   *supra*.

17       In addition to the above, Siegel objects to this request on the grounds that it is

18   compound, overbroad, burdensome and oppressive.  Siegel further objects to this

19   request on the grounds that the phrase "relating to the valuation of any past, current,

20   or potential ownership interest in SUPERMAN and/or SUPERBOY" is vague and

21   ambiguous, and lacks sufficient precision to allow her to formulate an appropriate

22   response. Siegel further objects to this request on the grounds that it is indefinite as

23   to time and not reasonably limited in scope.  Siegel further objects to this request to

24   the extent that it seeks the production of any item, or portion thereof, which is not

25   reasonably calculated to lead to the discovery of relevant and admissible evidence.

26   Siegel additionally objects to this request to the extent that it seeks communications

27   or items protected by the attorney-client privilege, the attorney work product

28   doctrine and any other privilege or immunity available under law or arising from

1  contractual obligation.  Subject to and without waiving the foregoing, and the

2  general and specific objections, Siegel will produce responsive non-privileged

3  documents consistent with her understanding of this request, if any, provided that

4  such production is based upon a stipulation signed by the parties and the Court

5  concerning the obligations of the parties to log privileged documents.

6  **Document Request No. 13**

7      All DOCUMENTS relating to the introduction of YOU or the SIEGEL

8  HEIRS to any DEFENDANT.

9  **Response to Document Request No. 13**

10      In addition to the General Objections, which are incorporated herein by this

11  reference, Siegel specifically objects to this request on the ground that the

12  underlying compliant is subject to multiple motions to dismiss pursuant to FRCP

13  12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

14  statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

15  greatly narrow the  issues.  *See* General Objection ¶ 1, *supra*.  Siegel further objects

16  to this request to the extent that it is relevant only to DC's Third through Sixth state

17  law claims as such discovery should be stayed during the pendency of Defendants'

18  anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

19  *See* General Objection ¶ 2, *supra*.  Siegel further objects to this request to the extent

20  it seeks any privileged documents concerning any Collective Bargaining between

21  the Shusters and Siegels and because Plaintiff's use of such information violates the

22  parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3,

23  *supra*.

24      In addition to the above, Siegel objects to this request on the grounds that it is

25  duplicative, overbroad, burdensome and oppressive.  Siegel further objects to this

26  request on the grounds that the phrase "introduction of YOU or the SIEGEL HEIRS

27  to any DEFENDANT" is vague and ambiguous, and lacks sufficient precision to

28  allow her to formulate an appropriate response. Siegel further objects to this request

DC COMICS' MOTION TO COMPEL

1  on the grounds that it is indefinite as to time and not reasonably limited in scope.

2  Siegel further objects to this request to the extent that it seeks the production of any

3  item, or portion thereof, which is not reasonably calculated to lead to the discovery

4  of relevant and admissible evidence.  Siegel additionally objects to this request to

5  the extent that it seeks communications or items protected by the attorney-client

6  privilege, the attorney work product doctrine and any other privilege or immunity

7  available under law or arising from contractual obligation.  Subject to and without

8  waiving the foregoing, and the general and specific objections, Siegel will produce

9  responsive non-privileged documents consistent with her understanding of this

10  request, if any, provided that such production is based upon a stipulation signed by

11  the parties and the Court concerning the obligations of the parties to log privileged

12  documents.

13  **Document Request No. 14**

14      All DOCUMENTS relating to the October 16, 2001 COMMUNICATION

15  between Kevin Marks and John Schulman.

16  **Response to Document Request No. 14**

17      In addition to the General Objections, which are incorporated herein by this

18  reference, Siegel specifically objects to this request on the ground that the

19  underlying compliant is subject to multiple motions to dismiss pursuant to FRCP

20  12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

21  statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

22  greatly narrow the  issues.  *See* General Objection ¶ 1, *supra*.  Siegel further objects

23  to this request to the extent that it is relevant only to DC's Third through Sixth state

24  law claims as such discovery should be stayed during the pendency of Defendants'

25  anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

26  *See* General Objection ¶ 2, *supra*.  Siegel further objects to this request to the extent

27  it seeks any privileged documents concerning any Collective Bargaining between

28  the Shusters and Siegels and because Plaintiff's use of such information violates the

DC COMICS' MOTION TO COMPEL

parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3, *supra*.

In addition to the above, Siegel objects to this request on the grounds that it is overbroad, duplicative, burdensome and oppressive.  Siegel further objects to this request on the grounds that it is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response.  Siegel further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Siegel further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence.  Siegel additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing, and the general and specific objections, Siegel will produce responsive non-privileged documents consistent with her understanding of this request, if any, provided that such production is based upon a stipulation signed by the parties and the Court concerning the obligations of the parties to log privileged documents.

**Document Request No. 15**

All DOCUMENTS relating to the October 19, 2002 letter from Kevin Marks to John Schulman confirming that the SIEGEL HEIRS "accepted D.C. Comics' offer of October 16, 2001."

**Response to Document Request No. 15**

In addition to the General Objections, which are incorporated herein by this reference, Siegel specifically objects to this request on the ground that the underlying compliant is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

DC COMICS' MOTION TO COMPEL

greatly narrow the issues. *See* General Objection ¶ 1, *supra*. Siegel further objects to this request to the extent that it is relevant only to DC's Third through Sixth state law claims as such discovery should be stayed during the pendency of Defendants' anti-SLAPP motion and because the Third Claim does not exist as a matter of law. *See* General Objection ¶ 2, *supra*. Siegel further objects to this request to the extent it seeks any privileged documents concerning any Collective Bargaining between the Shusters and Siegels and because Plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3, *supra*.

In addition to the above, Siegel objects to this request on the grounds that it is overbroad, duplicative, burdensome and oppressive. Siegel further objects to this request on the grounds that it is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response. Siegel further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Siegel further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Siegel additionally objects to Plaintiff's characterization of the document as well as Plaintiff's interpretation of its legal meaning. Siegel additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing, and the general and specific objections, Siegel will produce responsive non-privileged documents consistent with her understanding of this request, if any, provided that such production is based upon a stipulation signed by the parties and the Court concerning the obligations of the parties to log privileged documents.

**Document Request No. 16**

DC COMICS' MOTION TO COMPEL

1    All DOCUMENTS relating to the October 26, 2001 letter from DC Comics

2    to the SIEGEL HEIRS.

3    **Response to Document Request No. 16**

4    In addition to the General Objections, which are incorporated herein by this

5    reference, Siegel specifically objects to this request on the ground that the

6    underlying compliant is subject to multiple motions to dismiss pursuant to FRCP

7    12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

8    statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

9    greatly narrow the  issues.  *See* General Objection ¶ 1, *supra*.  Siegel further objects

10   to this request to the extent that it is relevant only to DC's Third through Sixth state

11   law claims as such discovery should be stayed during the pendency of Defendants'

12   anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

13   *See* General Objection ¶ 2, *supra*.  Siegel further objects to this request to the extent

14   it seeks any privileged documents concerning any Collective Bargaining between

15   the Shusters and Siegels and because Plaintiff's use of such information violates the

16   parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3,

17   *supra*.

18   In addition to the above, Siegel objects to this request on the grounds that it is

19   overbroad, duplicative, burdensome and oppressive.  Siegel further objects to this

20   request on the grounds that it is vague and ambiguous, and lacks sufficient

21   precision to allow her to formulate an appropriate response.  Siegel further objects

22   to this request on the grounds that it is indefinite as to time and not reasonably

23   limited in scope. Siegel further objects to this request to the extent that it seeks the

24   production of any item, or portion thereof, which is not reasonably calculated to

25   lead to the discovery of relevant and admissible evidence.  Siegel additionally

26   objects to this request to the extent that it seeks communications or items protected

27   by the attorney-client privilege, the attorney work product doctrine and any other

28   privilege or immunity available under law or arising from contractual obligation.

DC COMICS' MOTION TO COMPEL

1  Subject to and without waiving the foregoing, and the general and specific

2  objections, Siegel will produce responsive non-privileged documents consistent

3  with her understanding of this request, if any, provided that such production is

4  based upon a stipulation signed by the parties and the Court concerning the

5  obligations of the parties to log privileged documents.

6  **Document Request No. 17**

7      All DOCUMENTS relating to the November 29, 2001 COMMUNICATION

8  between DEFENDANT Marc Toberoff and Kevin Marks regarding the SIEGEL

9  HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

10  **Response to Document Request No. 17**

11      In addition to the General Objections, which are incorporated herein by this

12  reference, Siegel specifically objects to this request on the ground that the

13  underlying compliant is subject to multiple motions to dismiss pursuant to FRCP

14  12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

15  statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

16  greatly narrow the  issues.  *See* General Objection ¶ 1, *supra*.  Siegel further objects

17  to this request to the extent that it is relevant only to DC's Third through Sixth state

18  law claims as such discovery should be stayed during the pendency of Defendants'

19  anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

20  *See* General Objection ¶ 2, *supra*.  Siegel further objects to this request to the extent

21  it seeks any privileged documents concerning any Collective Bargaining between

22  the Shusters and Siegels and because Plaintiff's use of such information violates the

23  parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3,

24  *supra*.

25      In addition to the above, Siegel objects to this request on the grounds that it is

26  overbroad, duplicative, burdensome and oppressive.  Siegel further objects to this

27  request on the grounds that it is vague and ambiguous, and lacks sufficient

28  precision to allow her to formulate an appropriate response.  Siegel further objects

1   to this request on the grounds that it is indefinite as to time and not reasonably

2   limited in scope. Siegel further objects to this request to the extent that it seeks the

3   production of any item, or portion thereof, which is not reasonably calculated to

4   lead to the discovery of relevant and admissible evidence.  Siegel additionally

5   objects to Plaintiff's characterization of the document as well as Plaintiff's

6   interpretation of its legal meaning.  Siegel additionally objects to this request to the

7   extent that it seeks communications or items protected by the attorney-client

8   privilege, the attorney work product doctrine and any other privilege or immunity

9   available under law or arising from contractual obligation.  Subject to and without

10  waiving the foregoing, and the general and specific objections, Siegel will produce

11  responsive non-privileged documents consistent with her understanding of this

12  request, if any, provided that such production is based upon a stipulation signed by

13  the parties and the Court concerning the obligations of the parties to log privileged

14  documents.

15  **Document Request No. 18**

16      All DOCUMENTS relating to the February 1, 2002 letter from Patrick

17  Perkins to the SIEGEL HEIRS.

18  **Response to Document Request No. 18**

19      In addition to the General Objections, which are incorporated herein by this

20  reference, Siegel specifically objects to this request on the ground that the

21  underlying compliant is subject to multiple motions to dismiss pursuant to FRCP

22  12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

23  statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

24  greatly narrow the  issues.  *See* General Objection ¶ 1, *supra*.  Siegel further objects

25  to this request to the extent that it is relevant only to DC's Third through Sixth state

26  law claims as such discovery should be stayed during the pendency of Defendants'

27  anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

28  *See* General Objection ¶ 2, *supra*.  Siegel further objects to this request to the extent

1  it seeks any privileged documents concerning any Collective Bargaining between

2  the Shusters and Siegels and because Plaintiff's use of such information violates the

3  parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3,

4  *supra*.

5        In addition to the above, Siegel objects to this request on the grounds that it is

6  overbroad, duplicative, burdensome and oppressive.  Siegel further objects to this

7  request on the grounds that it is vague and ambiguous, and lacks sufficient

8  precision to allow her to formulate an appropriate response.  Siegel further objects

9  to this request on the grounds that it is indefinite as to time and not reasonably

10 limited in scope.  Siegel further objects to this request to the extent that it seeks the

11 production of any item, or portion thereof, which is not reasonably calculated to

12 lead to the discovery of relevant and admissible evidence.  Siegel additionally

13 objects to this request to the extent that it seeks communications or items protected

14 by the attorney-client privilege, the attorney work product doctrine and any other

15 privilege or immunity available under law or arising from contractual obligation.

16 Subject to and without waiving the foregoing, and the general and specific

17 objections, Siegel will produce responsive non-privileged documents consistent

18 with her understanding of this request, if any, provided that such production is

19 based upon a stipulation signed by the parties and the Court concerning the

20 obligations of the parties to log privileged documents.

21 **Document Request No. 19**

22       All DOCUMENTS relating to the February 6, 2002 COMMUNICATION

23 between DEFENDANT Marc Toberoff and Kevin Marks regarding the SIEGEL

24 HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

25 **Response to Document Request No. 19**

26       In addition to the General Objections, which are incorporated herein by this

27 reference, Siegel specifically objects to this request on the ground that the

28 underlying compliant is subject to multiple motions to dismiss pursuant to FRCP

DC COMICS' MOTION TO COMPEL

1    12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

2    statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

3    greatly narrow the  issues.  *See* General Objection ¶ 1, *supra*.  Siegel further objects

4    to this request to the extent that it is relevant only to DC's Third through Sixth state

5    law claims as such discovery should be stayed during the pendency of Defendants'

6    anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

7    *See* General Objection ¶ 2, *supra*.  Siegel further objects to this request to the extent

8    it seeks any privileged documents concerning any Collective Bargaining between

9    the Shusters and Siegels and because Plaintiff's use of such information violates the

10    parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3,

11    *supra*.

12           In addition to the above, Siegel objects to this request on the grounds that it is

13    overbroad, duplicative, burdensome and oppressive.  Siegel further objects to this

14    request on the grounds that it is vague and ambiguous, and lacks sufficient

15    precision to allow her to formulate an appropriate response.  Siegel further objects

16    to this request on the grounds that it is indefinite as to time and not reasonably

17    limited in scope. Siegel further objects to this request to the extent that it seeks the

18    production of any item, or portion thereof, which is not reasonably calculated to

19    lead to the discovery of relevant and admissible evidence.  Siegel additionally

20    objects to Plaintiff's characterization of the communication as well as Plaintiff's

21    interpretation of its legal meaning.  Siegel additionally objects to this request to the

22    extent that it seeks communications or items protected by the attorney-client

23    privilege, the attorney work product doctrine and any other privilege or immunity

24    available under law or arising from contractual obligation.  Subject to and without

25    waiving the foregoing, and the general and specific objections, Siegel will produce

26    responsive non-privileged documents consistent with her understanding of this

27    request, if any, provided that such production is based upon a stipulation signed by

28    the parties and the Court concerning the obligations of the parties to log privileged

1  documents.

2  **Document Request No. 20**

3      All DOCUMENTS relating to the February 2002 COMMUNICATION

4  between DEFENDANT Marc Toberoff and Warner Bros. executive Steven Spira

5  regarding the rights in SUPERMAN and/or SUPERBOY.

6  **Response to Document Request No. 20**

7      In addition to the General Objections, which are incorporated herein by this

8  reference, Siegel specifically objects to this request on the ground that the

9  underlying compliant is subject to multiple motions to dismiss pursuant to FRCP

10  12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

11  statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

12  greatly narrow the  issues.  *See* General Objection ¶ 1, *supra*.  Siegel further objects

13  to this request to the extent that it is relevant only to DC's Third through Sixth state

14  law claims as such discovery should be stayed during the pendency of Defendants'

15  anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

16  *See* General Objection ¶ 2, *supra*.  Siegel further objects to this request to the extent

17  it seeks any privileged documents concerning any Collective Bargaining between

18  the Shusters and Siegels and because Plaintiff's use of such information violates the

19  parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3,

20  *supra*.

21      In addition to the above, Siegel objects to this request on the grounds that it is

22  overbroad, duplicative, burdensome and oppressive.  Siegel further objects to this

23  request on the grounds that it is vague and ambiguous, and lacks sufficient

24  precision to allow her to formulate an appropriate response.  Siegel further objects

25  to this request on the grounds that it is indefinite as to time and not reasonably

26  limited in scope.  Siegel further objects to this request to the extent that it seeks the

27  production of any item, or portion thereof, which is not reasonably calculated to

28  lead to the discovery of relevant and admissible evidence.  Siegel additionally

DC COMICS' MOTION TO COMPEL

1   objects to Plaintiff's characterization of this purported communication as well as

2   Plaintiff's interpretation of its legal meaning. Siegel additionally objects to this

3   request to the extent that it seeks communications or items protected by the

4   attorney-client privilege, the attorney work product doctrine and any other privilege

5   or immunity available under law or arising from contractual obligation.  Subject to

6   and without waiving the foregoing, and the general and specific objections, Siegel

7   will produce responsive non-privileged documents consistent with her

8   understanding of this request, if any, provided that such production is based upon a

9   stipulation signed by the parties and the Court concerning the obligations of the

10  parties to log privileged documents.

11  **Document Request No. 21**

12      All DOCUMENTS relating to the May 9, 2002 letter from DEFENDANT

13  Joanne Siegel to Time Warner, Inc.

14  **Response to Document Request No. 21**

15      In addition to the General Objections, which are incorporated herein by this

16  reference, Siegel specifically objects to this request on the ground that the

17  underlying compliant is subject to multiple motions to dismiss pursuant to FRCP

18  12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

19  statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

20  greatly narrow the  issues. *See* General Objection ¶ 1, *supra*.  Siegel further objects

21  to this request to the extent that it is relevant only to DC's Third through Sixth state

22  law claims as such discovery should be stayed during the pendency of Defendants'

23  anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

24  *See* General Objection ¶ 2, *supra*.  Siegel further objects to this request to the extent

25  it seeks any privileged documents concerning any Collective Bargaining between

26  the Shusters and Siegels and because Plaintiff's use of such information violates the

27  parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3,

28  *supra*.

1      In addition to the above, Siegel objects to this request on the grounds that it is

2   overbroad, duplicative, burdensome and oppressive.  Siegel further objects to this

3   request on the grounds that it is vague and ambiguous, and lacks sufficient

4   precision to allow her to formulate an appropriate response.  Siegel further objects

5   to this request on the grounds that it is indefinite as to time and not reasonably

6   limited in scope.  Siegel further objects to this request to the extent that it seeks the

7   production of any item, or portion thereof, which is not reasonably calculated to

8   lead to the discovery of relevant and admissible evidence.  Siegel additionally

9   objects to this request to the extent that it seeks communications or items protected

10   by the attorney-client privilege, the attorney work product doctrine and any other

11   privilege or immunity available under law or arising from contractual obligation.

12   Subject to and without waiving the foregoing, and the general and specific

13   objections, Siegel will produce responsive non-privileged documents consistent

14   with her understanding of this request, if any, provided that such production is

15   based upon a stipulation signed by the parties and the Court concerning the

16   obligations of the parties to log privileged documents.

17   **Document Request No. 22**

18      All DOCUMENTS relating to the May 21, 2002 letter from Richard Parsons

19   of Time Warner Inc. to DEFENDANT Joanne Siegel.

20   **Response to Document Request No. 22**

21      In addition to the General Objections, which are incorporated herein by this

22   reference, Siegel specifically objects to this request on the ground that the

23   underlying compliant is subject to multiple motions to dismiss pursuant to FRCP

24   12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

25   statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

26   greatly narrow the  issues. *See* General Objection ¶ 1, *supra*.  Siegel further objects

27   to this request to the extent that it is relevant only to DC's Third through Sixth state

28   law claims as such discovery should be stayed during the pendency of Defendants'

anti-SLAPP motion and because the Third Claim does not exist as a matter of law. *See* General Objection ¶ 2, *supra*. Siegel further objects to this request to the extent it seeks any privileged documents concerning any Collective Bargaining between the Shusters and Siegels and because Plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3, *supra*.

In addition to the above, Siegel objects to this request on the grounds that it is overbroad, duplicative, burdensome and oppressive. Siegel further objects to this request on the grounds that it is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response. Siegel further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Siegel further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Siegel additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing, and the general and specific objections, Siegel will produce responsive non-privileged documents consistent with her understanding of this request, if any, provided that such production is based upon a stipulation signed by the parties and the Court concerning the obligations of the parties to log privileged documents.

**Document Request No. 23**

All DOCUMENTS relating to any solicitation, offer, or option from any DEFENDANT regarding the purported rights of YOU or the SIEGEL HEIRS in SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 23**

In addition to the General Objections, which are incorporated herein by this

DC COMICS' MOTION TO COMPEL

1   reference, Siegel specifically objects to this request on the ground that the

2   underlying compliant is subject to multiple motions to dismiss pursuant to FRCP

3   12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

4   statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

5   greatly narrow the  issues.  *See* General Objection ¶ 1, *supra*.  Siegel further objects

6   to this request to the extent that it is relevant only to DC's Third through Sixth state

7   law claims as such discovery should be stayed during the pendency of Defendants'

8   anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

9   *See* General Objection ¶ 2, *supra*.  Siegel further objects to this request to the extent

10  it seeks any privileged documents concerning any Collective Bargaining between

11  the Shusters and Siegels and because Plaintiff's use of such information violates the

12  parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3,

13  *supra*.

14          In addition to the above, Siegel objects to this request on the grounds that it is

15  overbroad, burdensome and oppressive.  Siegel further objects to this request on the

16  grounds that the phrase "purported rights" is vague and ambiguous, and lacks

17  sufficient precision to allow her to formulate an appropriate response Siegel further

18  objects to this request on the grounds that it is indefinite as to time and not

19  reasonably limited in scope.  Siegel further objects to this request to the extent that

20  it seeks the production of any item, or portion thereof, which is not reasonably

21  calculated to lead to the discovery of relevant and admissible evidence.  Siegel

22  additionally objects to this request to the extent that it seeks communications or

23  items protected by the attorney-client privilege, the attorney work product doctrine

24  and any other privilege or immunity available under law or arising from contractual

25  obligation. Subject to and without waiving the foregoing, and the general and

26  specific objections, Siegel will produce responsive non-privileged documents

27  consistent with her understanding of this request, if any, provided that such

28  production is based upon a stipulation signed by the parties and the Court

1    concerning the obligations of the parties to log privileged documents.

2    **Document Request No. 24**

3        All DOCUMENTS relating to the September 21, 2002 letter from YOU to

4    Kevin Marks.

5    **Response to Document Request No. 24**

6        In addition to the General Objections, which are incorporated herein by this

7    reference, Siegel specifically objects to this request on the ground that the

8    underlying compliant is subject to multiple motions to dismiss pursuant to FRCP

9    12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

10    statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

11    greatly narrow the  issues.  *See* General Objection ¶ 1, *supra*.  Siegel further objects

12    to this request to the extent that it is relevant only to DC's Third through Sixth state

13    law claims as such discovery should be stayed during the pendency of Defendants'

14    anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

15    *See* General Objection ¶ 2, *supra*.  Siegel further objects to this request to the extent

16    it seeks any privileged documents concerning any Collective Bargaining between

17    the Shusters and Siegels and because Plaintiff's use of such information violates the

18    parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3,

19    *supra*.

20        In addition to the above, Siegel objects to this request on the grounds that it is

21    overbroad, duplicative, burdensome and oppressive.  Siegel further objects to this

22    request on the grounds that it is vague and ambiguous, and lacks sufficient

23    precision to allow her to formulate an appropriate response.  Siegel further objects

24    to this request on the grounds that it is indefinite as to time and not reasonably

25    limited in scope.  Siegel further objects to this request to the extent that it seeks the

26    production of any item, or portion thereof, which is not reasonably calculated to

27    lead to the discovery of relevant and admissible evidence.  Siegel additionally

28    objects to this request to the extent that it seeks communications or items protected

DC COMICS' MOTION TO COMPEL

by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing, and the general and specific objections, Siegel will produce responsive non-privileged documents consistent with her understanding of this request, if any, provided that such production is based upon a stipulation signed by the parties and the Court concerning the obligations of the parties to log privileged documents.

**Document Request No. 25**

All DOCUMENTS relating to the September 21, 2002 letter from YOU to DC Comics.

**Response to Document Request No. 25**

In addition to the General Objections, which are incorporated herein by this reference, Siegel specifically objects to this request on the ground that the underlying compliant is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. *See* General Objection ¶ 1, *supra*. Siegel further objects to this request to the extent that it is relevant only to DC's Third through Sixth state law claims as such discovery should be stayed during the pendency of Defendants' anti-SLAPP motion and because the Third Claim does not exist as a matter of law. *See* General Objection ¶ 2, *supra*. Siegel further objects to this request to the extent it seeks any privileged documents concerning any Collective Bargaining between the Shusters and Siegels and because Plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3, *supra*.

In addition to the above, Siegel objects to this request on the grounds that it is overbroad, duplicative, burdensome and oppressive. Siegel further objects to this request on the grounds that it is vague and ambiguous, and lacks sufficient

DC COMICS' MOTION TO COMPEL

1    precision to allow her to formulate an appropriate response.  Siegel further objects

2    to this request on the grounds that it is indefinite as to time and not reasonably

3    limited in scope.  Siegel further objects to this request to the extent that it seeks the

4    production of any item, or portion thereof, which is not reasonably calculated to

5    lead to the discovery of relevant and admissible evidence.  Siegel additionally

6    objects to this request to the extent that it seeks communications or items protected

7    by the attorney-client privilege, the attorney work product doctrine and any other

8    privilege or immunity available under law or arising from contractual obligation.

9    Subject to and without waiving the foregoing, and the general and specific

10   objections, Siegel will produce responsive non-privileged documents consistent

11   with her understanding of this request, if any, provided that such production is

12   based upon a stipulation signed by the parties and the Court concerning the

13   obligations of the parties to log privileged documents.

14   **Document Request No. 26**

15       All DOCUMENTS relating to the letter agreement dated October 3, 2002

16   that YOU signed with DEFENDANT IP Worldwide, LLC, and any revisions,

17   modifications, or adjustments thereto.

18   **Response to Document Request No. 26**

19       In addition to the General Objections, which are incorporated herein by this

20   reference, Siegel specifically objects to this request on the ground that the

21   underlying compliant is subject to multiple motions to dismiss pursuant to FRCP

22   12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

23   statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

24   greatly narrow the  issues.  *See* General Objection ¶ 1, *supra*.  Siegel further objects

25   to this request to the extent that it is relevant only to DC's Third through Sixth state

26   law claims as such discovery should be stayed during the pendency of Defendants'

27   anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

28   *See* General Objection ¶ 2, *supra*.  Siegel further objects to this request to the extent

DC COMICS' MOTION TO COMPEL

1   it seeks any privileged documents concerning any Collective Bargaining between

2   the Shusters and Siegels and because Plaintiff's use of such information violates the

3   parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3,

4   *supra*.

5          In addition to the above, Siegel objects to this request on the grounds that it is

6   overbroad, duplicative, burdensome and oppressive.  Siegel further objects to this

7   request on the grounds that it is vague and ambiguous, and lacks sufficient

8   precision to allow her to formulate an appropriate response.  Siegel further objects

9   to this request on the grounds that it is indefinite as to time and not reasonably

10  limited in scope.  Siegel further objects to this request to the extent that it seeks the

11  production of any item, or portion thereof, which is not reasonably calculated to

12  lead to the discovery of relevant and admissible evidence.  Siegel additionally

13  objects to this request to the extent that it seeks communications or items protected

14  by the attorney-client privilege, the attorney work product doctrine and any other

15  privilege or immunity available under law or arising from contractual obligation.

16  Subject to and without waiving the foregoing, and the general and specific

17  objections, Siegel will produce responsive non-privileged documents consistent

18  with her understanding of this request, if any, provided that such production is

19  based upon a stipulation signed by the parties and the Court concerning the

20  obligations of the parties to log privileged documents.

21  **Document Request No. 27**

22         All DOCUMENTS relating to the October 28, 2002 letter from YOU to

23  Lillian Laserson of DC Comics.

24  **Response to Document Request No. 27**

25         In addition to the General Objections, which are incorporated herein by this

26  reference, Siegel specifically objects to this request on the ground that the

27  underlying compliant is subject to multiple motions to dismiss pursuant to FRCP

28  12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

1    statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

2    greatly narrow the  issues.  *See* General Objection ¶ 1, *supra*.  Siegel further objects

3    to this request to the extent that it is relevant only to DC's Third through Sixth state

4    law claims as such discovery should be stayed during the pendency of Defendants'

5    anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

6    *See* General Objection ¶ 2, *supra*.  Siegel further objects to this request to the extent

7    it seeks any privileged documents concerning any Collective Bargaining between

8    the Shusters and Siegels and because Plaintiff's use of such information violates the

9    parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3,

10   *supra*.

11   In addition to the above, Siegel objects to this request on the grounds that it is

12   overbroad, duplicative, burdensome and oppressive.  Siegel further objects to this

13   request on the grounds that it is vague and ambiguous, and lacks sufficient

14   precision to allow her to formulate an appropriate response.  Siegel further objects

15   to this request on the grounds that it is indefinite as to time and not reasonably

16   limited in scope.  Siegel further objects to this request to the extent that it seeks the

17   production of any item, or portion thereof, which is not reasonably calculated to

18   lead to the discovery of relevant and admissible evidence.  Siegel additionally

19   objects to this request to the extent that it seeks communications or items protected

20   by the attorney-client privilege, the attorney work product doctrine and any other

21   privilege or immunity available under law or arising from contractual obligation.

22   Subject to and without waiving the foregoing, and the general and specific

23   objections, Siegel will produce responsive non-privileged documents consistent

24   with her understanding of this request, if any, provided that such production is

25   based upon a stipulation signed by the parties and the Court concerning the

26   obligations of the parties to log privileged documents.

27   **Document Request No. 28**

28   All DOCUMENTS relating to the Request of Termination of Transfer

DC COMICS' MOTION TO COMPEL

1   Covering Extended Renewal Term: Superboy served on behalf of the SIEGEL

2   HEIRS on or around November 8, 2002.

3   **Response to Document Request No. 28**

4          In addition to the General Objections, which are incorporated herein by this

5   reference, Siegel specifically objects to this request on the ground that the

6   underlying compliant is subject to multiple motions to dismiss pursuant to FRCP

7   12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

8   statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

9   greatly narrow the  issues.  *See* General Objection ¶ 1, *supra*.  Siegel further objects

10  to this request to the extent that it is relevant only to DC's Third through Sixth state

11  law claims as such discovery should be stayed during the pendency of Defendants'

12  anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

13  *See* General Objection ¶ 2, *supra*.  Siegel further objects to this request to the extent

14  it seeks any privileged documents concerning any Collective Bargaining between

15  the Shusters and Siegels and because Plaintiff's use of such information violates the

16  parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3,

17  *supra*.

18         In addition to the above, Siegel objects to this request on the grounds that it is

19  overbroad, duplicative, burdensome and oppressive.  Siegel further objects to this

20  request on the grounds that it is vague and ambiguous, and lacks sufficient

21  precision to allow her to formulate an appropriate response.  Siegel further objects

22  to this request on the grounds that it is indefinite as to time and not reasonably

23  limited in scope.  Siegel further objects to this request to the extent that it seeks the

24  production of any item, or portion thereof, which is not reasonably calculated to

25  lead to the discovery of relevant and admissible evidence.  Siegel additionally

26  objects to this request to the extent that it seeks communications or items protected

27  by the attorney-client privilege, the attorney work product doctrine and any other

28  privilege or immunity available under law or arising from contractual obligation.

1   Subject to and without waiving the foregoing, and the general and specific

2   objections, Siegel will produce responsive non-privileged documents consistent

3   with her understanding of this request, if any, provided that such production is

4   based upon a stipulation signed by the parties and the Court concerning the

5   obligations of the parties to log privileged documents.

6   **B.    <u>Laura Siegel Larson – Document Requests 1-28 and General and</u>**

7   **<u>Specific Objections</u>**

8   **<u>OBJECTIONS TO THE ENTIRE REQUEST</u>**

9   Siegel objects to the entire Request on each of the following grounds and

10  incorporates by reference each of the following objections into her response to each

11  individual category of documents within it:

12  1.    Siegel objects to the Request on the ground that the underlying

13  complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and

14  (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal.

15  Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly

16  narrow the issues.  These motions have been fully briefed and are set for hearing on

17  October 18, 2010.  Given the pendency of these dispositive motions, Magistrate

18  Zarefsky held on September 20, 2010 that deposition discovery was not appropriate

19  until at least November 15, 2010 to afford Judge Wright time to rule on these

20  motions.  Magistrate Zarefsky has also indicated that Judge Wright may extend this

21  deadline if he needs more time to so rule.  Magistrate Zarefsky's rationale for

22  limiting the burden of discovery until Judge Wright has ruled on these motions

23  should apply with equal force to document discovery as it does to depositions.

24  2.    Siegel objects to each individual request within the Request to the

25  extent it is relevant only to the Fourth through Sixth state law claims for relief in

26  DC's First Amended Complaint ("FAC").  Defendants contend that their pending

27  anti-SLAPP motion stays discovery regarding these state law claims.  Magistrate

28  Zarefsky rejected that argument, apparently based on *Metabolife Int'l., Inc. v.*

1    *Wornick*, F.3d 832 (9th Cir. 2001), but Defendants have timely objected to this

2    ruling pursuant to L.R. 72.2-1. *See* Docket No. 101.  *Metabolife* is inconsistent with

3    recent Supreme Court authority *Shady Grove Orthopedic Assocs., P.A. v. Allstate*

4    *Ins. Co.*, 130 S. Ct. 1431, 1452 (2010) (Stevens, J., concurring), decided this year,

5    and with the Ninth Circuit's decision in *Batzel v. Smith*, 333 F.3d 1018, 1024 (9th

6    Cir. 2003).  These cases recognize that substantive provisions of state law, such as

7    the anti-SLAPP statute's automatic discovery stay, apply in federal court.

8    *Metabolife* includes no contrary discussion.  In light of this, Judge Wright and the

9    Ninth Circuit should be afforded the opportunity to address Defendants' well taken

10   objection on these grounds.  *See* Docket No. 101 at 3:20- 5:23.   Any response that

11   refers to the planned production of documents is without prejudice to Defendants'

12   right to seek a stay of discovery before the Court, the 9th Circuit, or the Supreme

13   Court.

14          Plaintiff has sought to avoid the force of this automatic stay by contending

15   that the same discovery relates to DC's Third claim for relief ("Third Claim"),

16   which it claims arises under federal copyright law.  DC's Third Claim is premised

17   on the false construct that DC purportedly has a right of exclusive negotiation under

18   17 U.S.C. § 304(c)(6)(D) to settle Defendant's termination claims pursuant to 17

19   U.S.C. § 304(d).  However, the plain language of § 304(c)(6)(D) does not provide a

20   terminated grantee like DC with any such "right," as expressly addressed and

21   recognized in *Bourne Co. v. MPL Commc'ns, Inc.*, 675 F. Supp. 859, 865 n.11

22   (S.D.N.Y. 1987) ("[T]he statute neither compels the terminating party to negotiate

23   with the terminated grantee, nor forbids him from negotiating with anyone else.").

24   *See* Docket Nos. 78 at 4:7-7:27; 100 at 1:17-3:15.  The Third Claim does not and

25   cannot exist as a matter of law and thus DC cannot use this manufactured federal

26   claim to avoid the automatic stay provided by the anti-SLAPP motion. CCP §

27   425.16,(g); *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987) (stay of discovery

28   pending motion to dismiss was appropriate where allegations - taken as true - failed

1    to allege requisite elements of statutory cause of action).

2        3.    To the extent the Request seeks documents concerning any agreement

3    between the Shusters and Siegels to act collectively in negotiations with DC

4    regarding the settlement of their termination claims ("Collective Bargaining"),

5    Siegel objects on the following grounds:  Such documents concern only the Third

6    through Sixth claims for relief and thus are irrelevant to the First and Second claims

7    that are the only proper subject of discovery at this point in the proceedings.  Any

8    documents that exist relating to Collective Bargaining contain and memorialize

9    attorney-client privileged communications and attorney work product and reveal

10   sensitive settlement strategy that would give DC an unfair advantage.  In addition,

11   any Collective Bargaining documents were prepared in connection with mediation

12   and the use of such information plainly violates the parties' May 1, 2008 JAMS

13   Confidentiality Agreement and the California mediation privilege. Moreover this

14   disclosure is inconsistent with the policies of FRE 408 and California Evidence

15   Code §§ 1119 *et seq*.; 1152.

16       4.    Siegel objects to the Request on the ground that a motion for entry of

17   judgment pursuant to FRCP 54(b) has been filed in the closely related action

18   *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al*., Case No. 04-CV-

19   8400.  If this motion is granted, such judgment will have collateral estoppel effect

20   on DC, and thereby substantially narrow the duplicative issues raised in the present

21   action.  Accordingly, any discovery should be stayed and documents should not be

22   produced until the Rule 54(b) motion is decided.

23       5.    Siegel objects to the Request to the extent that it seeks the production

24   of any item, or portion thereof, comprising or reflecting information transmitted and

25   maintained in confidence between Siegel or any person or entity acting on her

26   behalf and her counsel for the purpose of obtaining legal advice or representation,

27   on the grounds that such information is protected from disclosure by the attorney-

28   client privilege and the joint-interest privilege.  Such documents will not be

1    produced in response to the request, and any inadvertent production thereof shall

2    not be deemed a waiver of any privilege or doctrine with respect to such

3    documents.

4          6.    Siegel objects to the Request to the extent that it seeks the production

5    of any item, or portion thereof, comprising or reflecting information with any

6    confidential impression, conclusion, opinion, legal research, or legal theory of

7    counsel for Siegel or any other person or entity, on the grounds that such

8    information is protected from disclosure by the attorney work product doctrine.

9    Such documents will not be produced in response to the request, and any

10   inadvertent production thereof shall not be deemed a waiver of any privilege or

11   doctrine with respect to such documents.

12         7.    As the parties are in the process of negotiating a stipulation regarding

13   the parties' logging of post-litigation communications, Siegel will not be serving

14   any privilege logs until these negotiations are concluded. Defendants provided a

15   draft of the proposed stipulation on September 16, 2010, to which Plaintiff did not

16   respond for nearly three weeks, until October 6, 2010.  Before providing the draft

17   stipulation, counsel for Defendants repeatedly asked counsel for DC what terms DC

18   would wish to see in such a stipulation, but DC did not respond.  Nor will

19   Defendants produce any documents absent an agreement by DC that the production

20   of such documents will not constitute a waiver of any protection as to discovery and

21   that there has been no such waiver.  DC has not responded to this request for such

22   an agreement.  Moreover, Siegel will neither produce nor log any documents

23   created or transmitted after the start of this litigation.  All privileges and immunities

24   provided by law are expressly reserved.

25         8.    Siegel objects to the Request to the extent that it seeks the production

26   of any item, or portion thereof, which is not reasonably calculated to lead to the

27   discovery of relevant and admissible evidence, on the grounds that it exceeds the

28   permissible scope of discovery delimited by Rule 26(b)(1) of the Federal Rules of

Civil Procedure.

9.      Siegel objects to the Request to the extent that it seeks the production of any item, or portion thereof, comprising or reflecting any trade secret or other confidential or proprietary information of Siegel or any other person or entity.

10.      Siegel objects to the Request to the extent that it seeks the production of any item, or portion thereof, which is protected from disclosure by court order, or any privacy or similar rights of any person or entity.

11.      Siegel objects to the Request's document requests to the extent they are unduly burdensome, overly broad, impose extreme hardship or would result in the expenditure of unnecessary time and resources.

12.      Siegel objects to the Request to the extent it is overbroad and therefore unduly burdensome, oppressive and harassing.

13.      Siegel objects to the document requests contained in the Request to the extent the expense of producing documents outweighs the likely benefit of discovery provided to Plaintiff.

14.      Siegel objects to the Request to the extent that it seeks the production of duplicative identical items, or documents or information already in Plaintiff's possession, or by reason of public filing, publication or otherwise are readily accessible to Plaintiff through other means.

15.      Siegel objects to the Request to the extent that it seeks the production of any item which has been served, filed, or transmitted in the course of this action, on the grounds that such production would be burdensome, oppressive, and unnecessary.

16.      Siegel objects to the Request to the extent that it seeks the production of any item which has already been produced, served, or filed in the course of the related actions *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al*., Case No. 04-CV-8400 ODW (RZx) and *Joanne Siegel, et al. v. Time Warner Inc., et al.,* Case No. 04-CV-8766 ODW (RZx) (collectively "*Siegel* Litigation"), on the

grounds that such production would be duplicative, burdensome, oppressive, and unnecessary.  Provided DC agrees that identification of documents produced by Siegel in the *Siegel* litigation that are responsive to this request will not trigger a requirement to produce a privilege log and that there is no waiver of privilege in identifying such documents and that there has been no such waiver, Siegel will identify the documents already produced in the *Siegel* litigation that are responsive to the Request.

17.    Siegel objects to the Request and each document category therein to the extent that it seeks the production of any item or document that is not the property of Siegel.  Siegel will not produce any items or documents that are the property of any other person or entity.

18.    Siegel objects generally to the Request and to the definitions and instructions therein to the extent that they purport to alter or extend Siegel's obligations beyond those established by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Central District of California, or any order or ruling by the Court in this action.

19.    Siegel objects generally to the definitions of the terms "YOU" and "YOUR" as vague and ambiguous, overbroad and unduly burdensome.  Siegel will construe these terms to refer to Siegel.

20.    Siegel objects generally to the definitions of the terms "DEFENDANT" and "DEFENDANTS" as vague and ambiguous, overbroad and unduly burdensome.  Siegel will construe these terms to refer only to the specific defendants in this action.

21.    Siegel objects generally to the definition of the term "SHUSTER HEIRS" as vague and ambiguous, overbroad and unduly burdensome.  Solely for the purposes of these responses, and for no other purpose, Siegel will construe this term to refer only to the Estate of Joseph Shuster, Jean Peavy, Mark Peary, Dawn Peavy and Frank Shuster.

DC COMICS' MOTION TO COMPEL

22.    Siegel objects generally to the definition of the term "SIEGEL HEIRS" as vague and ambiguous, overbroad and unduly burdensome.  Solely for the purposes of these responses, and for no other purpose, Siegel will construe this term to refer only to Joanne Siegel, Laura Siegel Larson, Dennis Larson and Michael Siegel.

23.    Siegel objects generally to the definition of the term "SHUSTER" as vague and ambiguous, overbroad and unduly burdensome. Siegel will construe this term to refer only to Joseph Shuster.

24.    Siegel objects generally to the definition of the term "SIEGEL" as vague and ambiguous, overbroad and unduly burdensome. Siegel will construe this term to refer only to Jerome Siegel.

25.    Siegel reserves the right to revise, amend, supplement or clarify any of the objections set forth herein.

## SPECIFIC RESPONSES TO INDIVIDUAL REQUESTS

**Document Request No. 1**

All agreements between or among YOU and any DEFENDANT regarding the SIEGEL HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 1**

In addition to the General Objections, which are incorporated herein by this reference, Siegel specifically objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues.  *See* General Objection ¶ 1, *supra*.  Siegel further objects to this request to the extent that it is relevant only to DC's Third through Sixth state law claims as such discovery should be stayed during the pendency of Defendants' anti-SLAPP motion and because the Third Claim does not exist as a matter of law. *See* General Objection ¶ 2, *supra*.  Siegel further objects to this request to the extent

DC COMICS' MOTION TO COMPEL

it seeks any privileged documents concerning any Collective Bargaining between the Shusters and Siegels and because Plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3, *supra*.

In addition to the above, Siegel further objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive. Siegel objects to this request on the grounds that the phrase "purported rights" is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response. Siegel further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Siegel further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Siegel additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing, and the general and specific objections, Siegel will produce responsive documents consistent with her understanding of this request, if any, that are not privileged and not subject to the parties' JAMS Confidentiality Agreement, provided that such production is based upon a stipulation signed by the parties and the Court concerning the obligations of the parties to log privileged documents.

**Document Request No. 2**

All agreements between or among YOU and the SHUSTER HEIRS regarding the SIEGEL HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 2**

In addition to the General Objections, which are incorporated herein by this reference, Siegel specifically objects to this request on the ground that the

DC COMICS' MOTION TO COMPEL

1    underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

2    12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

3    statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

4    greatly narrow the issues.  *See* General Objection ¶ 1, *supra*.  Siegel further objects

5    to this request to the extent that it is relevant only to DC's Third through Sixth state

6    law claims as such discovery should be stayed during the pendency of Defendants'

7    anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

8    *See* General Objection ¶ 2, *supra*.  Siegel further objects to this request to the extent

9    it seeks any privileged documents concerning any Collective Bargaining between

10   the Shusters and Siegels and because Plaintiff's use of such information violates the

11   parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3,

12   *supra*.

13          In addition to the above, Siegel further objects to this request on the grounds

14   that it is compound, overbroad, burdensome and oppressive.  Siegel objects to this

15   request on the grounds that the phrase "purported rights" is vague and ambiguous,

16   and lacks sufficient precision to allow her to formulate an appropriate response.

17   Siegel further objects to this request on the grounds that it is indefinite as to time

18   and not reasonably limited in scope.  Siegel further objects to this request to the

19   extent that it seeks the production of any item, or portion thereof, which is not

20   reasonably calculated to lead to the discovery of relevant and admissible evidence.

21   Siegel additionally objects to this request to the extent that it seeks communications

22   or items protected by the attorney-client privilege, the attorney work product

23   doctrine and any other privilege or immunity available under law or arising from

24   contractual obligation.  Subject to and without waiving the foregoing, and the

25   general and specific objections, Siegel will produce responsive documents

26   consistent with her understanding of this request, if any, that are not privileged and

27   not subject to the parties' JAMS Confidentiality Agreement, provided that such

28   production is based upon a stipulation signed by the parties and the Court

DC COMICS' MOTION TO COMPEL

1    concerning the obligations of the parties to log privileged documents.

2    **Document Request No. 3**

3        All agreements between or among YOU and any DEFENDANT regarding

4    the SHUSTER HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

5    **Response to Document Request No. 3**

6        In addition to the General Objections, which are incorporated herein by this

7    reference, Siegel specifically objects to this request on the ground that the

8    underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

9    12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

10   statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

11   greatly narrow the issues. *See* General Objection ¶ 1, *supra*.  Siegel further objects

12   to this request to the extent that it is relevant only to DC's Third through Sixth state

13   law claims as such discovery should be stayed during the pendency of Defendants'

14   anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

15   *See* General Objection ¶ 2, *supra*.  Siegel further objects to this request to the extent

16   it seeks any privileged documents concerning any Collective Bargaining between

17   the Shusters and Siegels and because Plaintiff's use of such information violates the

18   parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3,

19   *supra*.

20       In addition to the above, Siegel objects to this request on the grounds that it is

21   compound, duplicative, overbroad, burdensome and oppressive.  Siegel objects to

22   this request on the grounds that the phrase "SHUSTER HEIRS' purported rights" is

23   vague and ambiguous, and lacks sufficient precision to allow her to formulate an

24   appropriate response.  Siegel further objects to this request on the grounds that it is

25   indefinite as to time and not reasonably limited in scope.  Siegel further objects to

26   this request to the extent that it seeks the production of any item, or portion thereof,

27   which is not reasonably calculated to lead to the discovery of relevant and

28   admissible evidence.  Siegel additionally objects to this request to the extent that it

DC COMICS' MOTION TO COMPEL

1   seeks communications or items protected by the attorney-client privilege, the

2   attorney work product doctrine and any other privilege or immunity available under

3   law or arising from contractual obligation.  Subject to and without waiving the

4   foregoing, and the general and specific objections, Siegel will produce responsive

5   documents consistent with her understanding of this request, if any, that are not

6   privileged and not subject to the parties' JAMS Confidentiality Agreement,

7   provided that such production is based upon a stipulation signed by the parties and

8   the Court concerning the obligations of the parties to log privileged documents.

9   **Document Request No. 4**

10      All agreements between or among SIEGEL and SHUSTER regarding any

11  purported rights in SUPERMAN and/or SUPERBOY.

12  **Response to Document Request No. 4**

13      In addition to the General Objections, which are incorporated herein by this

14  reference, Siegel specifically objects to this request on the ground that the

15  underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

16  12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

17  statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

18  greatly narrow the issues.  *See* General Objection ¶ 1, *supra*.  Siegel further objects

19  to this request to the extent that it is relevant only to DC's Third through Sixth state

20  law claims as such discovery should be stayed during the pendency of Defendants'

21  anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

22  *See* General Objection ¶ 2, *supra*.  Siegel further objects to this request to the extent

23  it seeks any privileged documents concerning any Collective Bargaining between

24  the Shusters and Siegels and because Plaintiff's use of such information violates the

25  parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3,

26  *supra*.

27      In addition to the above, Siegel further objects to this request on the grounds

28  that it is compound, overbroad, burdensome and oppressive.  Siegel objects to this

DC COMICS' MOTION TO COMPEL

1    request on the grounds that the phrase "purported rights" is vague and ambiguous,

2    and lacks sufficient precision to allow her to formulate an appropriate response.

3    Siegel further objects to this request on the grounds that it is indefinite as to time

4    and not reasonably limited in scope.  Siegel further objects to this request to the

5    extent that it seeks the production of any item, or portion thereof, which is not

6    reasonably calculated to lead to the discovery of relevant and admissible evidence.

7    Siegel additionally objects to this request to the extent that it seeks communications

8    or items protected by the attorney-client privilege, the attorney work product

9    doctrine and any other privilege or immunity available under law or arising from

10    contractual obligation.  Subject to and without waiving the foregoing, and the

11    general and specific objections, Siegel will produce responsive documents

12    consistent with her understanding of this request, if any, that are not privileged and

13    not subject to the parties' JAMS Confidentiality Agreement, provided that such

14    production is based upon a stipulation signed by the parties and the Court

15    concerning the obligations of the parties to log privileged documents.

16    **Document Request No. 5**

17          All agreements between or among YOU and the SHUSTER HEIRS

18    regarding the SHUSTER HEIRS' purported rights in SUPERMAN and/or

19    SUPERBOY.

20    **Response to Document Request No. 5**

21          In addition to the General Objections, which are incorporated herein by this

22    reference, Siegel specifically objects to this request on the ground that the

23    underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

24    12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

25    statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

26    greatly narrow the issues.  *See* General Objection ¶ 1, *supra*.  Siegel further objects

27    to this request to the extent that it is relevant only to DC's Third through Sixth state

28    law claims as such discovery should be stayed during the pendency of Defendants'

DC COMICS' MOTION TO COMPEL

anti-SLAPP motion and because the Third Claim does not exist as a matter of law. *See* General Objection ¶ 2, *supra*. Siegel further objects to this request to the extent it seeks any privileged documents concerning any Collective Bargaining between the Shusters and Siegels and because Plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3, *supra*.

In addition to the above, Siegel objects to this request on the grounds that it is compound, duplicative, overbroad, burdensome and oppressive. Siegel objects to this request on the grounds that the phrase "SHUSTER HEIRS' purported rights" is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response. Siegel further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Siegel further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Siegel additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing, and the general and specific objections, Siegel will produce responsive documents consistent with her understanding of this request, if any, that are not privileged and not subject to the parties' JAMS Confidentiality Agreement, provided that such production is based upon a stipulation signed by the parties and the Court concerning the obligations of the parties to log privileged documents.

**Document Request No. 6**

All DOCUMENTS relating to or affecting the ability of YOU or the SIEGEL HEIRS to negotiate or enter into agreements regarding SUPERMAN and/or SUPERBOY.

DC COMICS' MOTION TO COMPEL

**Response to Document Request No. 6**

In addition to the General Objections, which are incorporated herein by this reference, Siegel specifically objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. *See* General Objection ¶ 1, *supra*. Siegel further objects to this request to the extent that it is relevant only to DC's Third through Sixth state law claims as such discovery should be stayed during the pendency of Defendants' anti-SLAPP motion and because the Third Claim does not exist as a matter of law. *See* General Objection ¶ 2, *supra*. Siegel further objects to this request to the extent it seeks any privileged documents concerning any Collective Bargaining between the Shusters and Siegels and because Plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3, *supra*.

In addition to the above, Siegel objects to this request on the grounds that it is compound, duplicative, overbroad, burdensome and oppressive. Siegel further objects to this request on the grounds that the phrase "affecting the ability of YOU or the SIEGEL HEIRS to negotiate or enter into agreements regarding SUPERMAN and/or SUPERBOY" is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response. Siegel further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Siegel further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Siegel additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.

DC COMICS' MOTION TO COMPEL

1  Subject to and without waiving the foregoing, and the general and specific

2  objections, Siegel will produce responsive documents consistent with her

3  understanding of this request, if any, that are not privileged and not subject to the

4  parties' JAMS Confidentiality Agreement, provided that such production is based

5  upon a stipulation signed by the parties and the Court concerning the obligations of

6  the parties to log privileged documents.

7  **Document Request No. 7**

8      All DOCUMENTS relating to or affecting the ability of the SHUSTER

9  HEIRS to negotiate or enter into agreements regarding SUPERMAN and/or

10  SUPERBOY.

11  **Response to Document Request No. 7**

12      In addition to the General Objections, which are incorporated herein by this

13  reference, Siegel specifically objects to this request on the ground that the

14  underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

15  12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

16  statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

17  greatly narrow the issues.  *See* General Objection ¶ 1, *supra*.  Siegel further objects

18  to this request to the extent that it is relevant only to DC's Third through Sixth state

19  law claims as such discovery should be stayed during the pendency of Defendants'

20  anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

21  *See* General Objection ¶ 2, *supra*.  Siegel further objects to this request to the extent

22  it seeks any privileged documents concerning any Collective Bargaining between

23  the Shusters and Siegels and because Plaintiff's use of such information violates the

24  parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3,

25  *supra*.

26      In addition to the above, Siegel objects to this request on the grounds that it is

27  compound, duplicative, overbroad, burdensome and oppressive.  Siegel further

28  objects to this request on the grounds that the phrase "affecting the ability of the

1  SHUSTER HEIRS to negotiate or enter into agreements regarding SUPERMAN
2  and/or SUPERBOY" is vague and ambiguous, and lacks sufficient precision to
3  allow her to formulate an appropriate response.  Siegel further objects to this
4  request on the grounds that it is indefinite as to time and not reasonably limited in
5  scope.  Siegel further objects to this request to the extent that it seeks the production
6  of any item, or portion thereof, which is not reasonably calculated to lead to the
7  discovery of relevant and admissible evidence.  Siegel additionally objects to this
8  request to the extent that it seeks communications or items protected by the
9  attorney-client privilege, the attorney work product doctrine and any other privilege
10 or immunity available under law or arising from contractual obligation.  Subject to
11 and without waiving the foregoing, and the general and specific objections, Siegel
12 will produce responsive documents consistent with her understanding of this
13 request, if any, that are not privileged and not subject to the parties' JAMS
14 Confidentiality Agreement, provided that such production is based upon a
15 stipulation signed by the parties and the Court concerning the obligations of the
16 parties to log privileged documents.

17 **Document Request No. 8**

18     All DOCUMENTS relating to or affecting the disposition, division, or
19 ownership of any rights in SUPERMAN and/or SUPERBOY.

20 **Response to Document Request No. 8**

21     In addition to the General Objections, which are incorporated herein by this
22 reference, Siegel specifically objects to this request on the ground that the
23 underlying complaint is subject to multiple motions to dismiss pursuant to FRCP
24 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP
25 statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or
26 greatly narrow the issues.  *See* General Objection ¶ 1, *supra*.  Siegel further objects
27 to this request to the extent that it is relevant only to DC's Third through Sixth state
28 law claims as such discovery should be stayed during the pendency of Defendants'

anti-SLAPP motion and because the Third Claim does not exist as a matter of law. *See* General Objection ¶ 2, *supra*.  Siegel further objects to this request to the extent it seeks any privileged documents concerning any Collective Bargaining between the Shusters and Siegels and because Plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3, *supra*.

        In addition to the above, Siegel objects to this request on the grounds that it is compound, duplicative, overbroad, burdensome and oppressive.  Siegel further objects to this request on the grounds that the phrase "affecting the disposition, division, or ownership of" is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response.  Siegel further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope.  Siegel further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence.  Siegel additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing, and the general and specific objections, Siegel will produce responsive documents consistent with her understanding of this request, if any, that are not privileged and not subject to the parties' JAMS Confidentiality Agreement, provided that such production is based upon a stipulation signed by the parties and the Court concerning the obligations of the parties to log privileged documents.

**Document Request No. 9**

        All DOCUMENTS relating to or affecting the division of revenue, proceeds, or other profits regarding SUPERMAN and/or SUPERBOY.

1    **Response to Document Request No. 9**

2        In addition to the General Objections, which are incorporated herein by this

3    reference, Siegel specifically objects to this request on the ground that the

4    underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

5    12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

6    statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

7    greatly narrow the issues.  *See* General Objection ¶ 1, *supra*.  Siegel further objects

8    to this request to the extent that it is relevant only to DC's Third through Sixth state

9    law claims as such discovery should be stayed during the pendency of Defendants'

10   anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

11   *See* General Objection ¶ 2, *supra*.  Siegel further objects to this request to the extent

12   it seeks any privileged documents concerning any Collective Bargaining between

13   the Shusters and Siegels and because Plaintiff's use of such information violates the

14   parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3,

15   *supra*.

16       In addition to the above, Siegel objects to this request on the grounds that it is

17   compound, overbroad, burdensome and oppressive.  Siegel further objects to this

18   request on the grounds that the phrase "affecting the division of" is vague and

19   ambiguous, and lacks sufficient precision to allow her to formulate an appropriate

20   response.  Siegel further objects to this request on the grounds that it is indefinite as

21   to time and not reasonably limited in scope.  Siegel further objects to this request to

22   the extent that it seeks the production of any item, or portion thereof, which is not

23   reasonably calculated to lead to the discovery of relevant and admissible evidence.

24   Siegel additionally objects to this request to the extent that it seeks communications

25   or items protected by the attorney-client privilege, the attorney work product

26   doctrine and any other privilege or immunity available under law or arising from

27   contractual obligation.  Subject to and without waiving the foregoing, and the

28   general and specific objections, Siegel will produce responsive documents

DC COMICS' MOTION TO COMPEL

1    consistent with her understanding of this request, if any, that are not privileged and

2    not subject to the parties' JAMS Confidentiality Agreement, provided that such

3    production is based upon a stipulation signed by the parties and the Court

4    concerning the obligations of the parties to log privileged documents.

5    **Document Request No. 10**

6        All DOCUMENTS relating to or affecting the division of any settlement

7    proceeds regarding SUPERMAN and/or SUPERBOY.

8    **Response to Document Request No. 10**

9        In addition to the General Objections, which are incorporated herein by this

10   reference, Siegel specifically objects to this request on the ground that the

11   underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

12   12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

13   statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

14   greatly narrow the issues. *See* General Objection ¶ 1, *supra*. Siegel further objects

15   to this request to the extent that it is relevant only to DC's Third through Sixth state

16   law claims as such discovery should be stayed during the pendency of Defendants'

17   anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

18   *See* General Objection ¶ 2, *supra*. Siegel further objects to this request to the extent

19   it seeks any privileged documents concerning any Collective Bargaining between

20   the Shusters and Siegels and because Plaintiff's use of such information violates the

21   parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3,

22   *supra*.

23       In addition to the above, Siegel objects to this request on the grounds that it is

24   compound, duplicative, overbroad, burdensome and oppressive. Siegel further

25   objects to this request on the grounds that the phrase "affecting the division of" is

26   vague and ambiguous, and lacks sufficient precision to allow her to formulate an

27   appropriate response. Siegel further objects to this request on the grounds that it is

28   indefinite as to time and not reasonably limited in scope. Siegel further objects to

1   this request to the extent that it seeks the production of any item, or portion thereof,

2   which is not reasonably calculated to lead to the discovery of relevant and

3   admissible evidence.  Siegel additionally objects to this request to the extent that it

4   seeks communications or items protected by the attorney-client privilege, the

5   attorney work product doctrine and any other privilege or immunity available under

6   law or arising from contractual obligation.  Subject to and without waiving the

7   foregoing, and the general and specific objections, Siegel will produce responsive

8   documents consistent with her understanding of this request, if any, that are not

9   privileged and not subject to the parties' JAMS Confidentiality Agreement,

10   provided that such production is based upon a stipulation signed by the parties and

11   the Court concerning the obligations of the parties to log privileged documents.

12   **Document Request No. 11**

13       All DOCUMENTS relating to the potential sale, assignment, license, or other

14   disposition of any rights relating to SUPERMAN and/or SUPERBOY, including

15   but not limited to any solicitation, offer, option, or proposed agreement.

16   **Response to Document Request No. 11**

17       In addition to the General Objections, which are incorporated herein by this

18   reference, Siegel specifically objects to this request on the ground that the

19   underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

20   12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

21   statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

22   greatly narrow the issues.  *See* General Objection ¶ 1, *supra*.  Siegel further objects

23   to this request to the extent that it is relevant only to DC's Third through Sixth state

24   law claims as such discovery should be stayed during the pendency of Defendants'

25   anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

26   *See* General Objection ¶ 2, *supra*.  Siegel further objects to this request to the extent

27   it seeks any privileged documents concerning any Collective Bargaining between

28   the Shusters and Siegels and because Plaintiff's use of such information violates the

DC COMICS' MOTION TO COMPEL

parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3, *supra*.

In addition to the above, Siegel objects to this request on the grounds that it is compound, duplicative, overbroad, burdensome and oppressive.  Siegel further objects to this request on the grounds that the phrase "potential sale, assignment, license, or other disposition of any rights" is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response.  Siegel further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope.  Siegel further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence.  Siegel additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing, and the general and specific objections, Siegel will produce responsive documents consistent with her understanding of this request, if any, that are not privileged and not subject to the parties' JAMS Confidentiality Agreement, provided that such production is based upon a stipulation signed by the parties and the Court concerning the obligations of the parties to log privileged documents.

**Document Request No. 12**

All DOCUMENTS relating to the valuation of any past, current, or potential ownership interest in SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 12**

In addition to the General Objections, which are incorporated herein by this reference, Siegel specifically objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

DC COMICS' MOTION TO COMPEL

statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues.  *See* General Objection ¶ 1, *supra*.  Siegel further objects to this request to the extent that it is relevant only to DC's Third through Sixth state law claims as such discovery should be stayed during the pendency of Defendants' anti-SLAPP motion and because the Third Claim does not exist as a matter of law.  *See* General Objection ¶ 2, *supra*.  Siegel further objects to this request to the extent it seeks any privileged documents concerning any Collective Bargaining between the Shusters and Siegels and because Plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3, *supra*.

In addition to the above, Siegel objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive.  Siegel further objects to this request on the grounds that the phrase "relating to the valuation of any past, current, or potential ownership interest in SUPERMAN and/or SUPERBOY" is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response.  Siegel further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope.  Siegel further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence.  Siegel additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing, and the general and specific objections, Siegel will produce responsive non-privileged documents consistent with her understanding of this request, if any, provided that such production is based upon a stipulation signed by the parties and the Court concerning the obligations of the parties to log privileged documents.

DC COMICS' MOTION TO COMPEL

1    **Document Request No. 13**

2         All DOCUMENTS relating to the introduction of YOU or the SIEGEL

3    HEIRS to any DEFENDANT.

4    **Response to Document Request No. 13**

5         In addition to the General Objections, which are incorporated herein by this

6    reference, Siegel specifically objects to this request on the ground that the

7    underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

8    12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

9    statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

10   greatly narrow the issues.  *See* General Objection ¶ 1, *supra*.  Siegel further objects

11   to this request to the extent that it is relevant only to DC's Third through Sixth state

12   law claims as such discovery should be stayed during the pendency of Defendants'

13   anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

14   *See* General Objection ¶ 2, *supra*.  Siegel further objects to this request to the extent

15   it seeks any privileged documents concerning any Collective Bargaining between

16   the Shusters and Siegels and because Plaintiff's use of such information violates the

17   parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3,

18   *supra*.

19        In addition to the above, Siegel objects to this request on the grounds that it is

20   duplicative, overbroad, burdensome and oppressive.  Siegel further objects to this

21   request on the grounds that the phrase "introduction of YOU or the SIEGEL HEIRS

22   to any DEFENDANT" is vague and ambiguous, and lacks sufficient precision to

23   allow her to formulate an appropriate response.  Siegel further objects to this

24   request on the grounds that it is indefinite as to time and not reasonably limited in

25   scope.  Siegel further objects to this request to the extent that it seeks the production

26   of any item, or portion thereof, which is not reasonably calculated to lead to the

27   discovery of relevant and admissible evidence.  Siegel additionally objects to this

28   request to the extent that it seeks communications or items protected by the

DC COMICS' MOTION TO COMPEL

1   attorney-client privilege, the attorney work product doctrine and any other privilege

2   or immunity available under law or arising from contractual obligation.  Subject to

3   and without waiving the foregoing, and the general and specific objections, Siegel

4   will produce responsive non-privileged documents consistent with her

5   understanding of this request, if any, provided that such production is based upon a

6   stipulation signed by the parties and the Court concerning the obligations of the

7   parties to log privileged documents.

8   **Document Request No. 14**

9       All DOCUMENTS relating to the October 16, 2001 COMMUNICATION

10  between Kevin Marks and John Schulman.

11  **Response to Document Request No. 14**

12      In addition to the General Objections, which are incorporated herein by this

13  reference, Siegel specifically objects to this request on the ground that the

14  underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

15  12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

16  statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

17  greatly narrow the issues.  *See* General Objection ¶ 1, *supra*.  Siegel further objects

18  to this request to the extent that it is relevant only to DC's Third through Sixth state

19  law claims as such discovery should be stayed during the pendency of Defendants'

20  anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

21  *See* General Objection ¶ 2, *supra*.  Siegel further objects to this request to the extent

22  it seeks any privileged documents concerning any Collective Bargaining between

23  the Shusters and Siegels and because Plaintiff's use of such information violates the

24  parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3,

25  *supra*.

26      In addition to the above, Siegel objects to this request on the grounds that it is

27  overbroad, duplicative, burdensome and oppressive.  Siegel further objects to this

28  request on the grounds that it is vague and ambiguous, and lacks sufficient

1  precision to allow her to formulate an appropriate response.  Siegel further objects

2  to this request on the grounds that it is indefinite as to time and not reasonably

3  limited in scope.  Siegel further objects to this request to the extent that it seeks the

4  production of any item, or portion thereof, which is not reasonably calculated to

5  lead to the discovery of relevant and admissible evidence.  Siegel additionally

6  objects to this request to the extent that it seeks communications or items protected

7  by the attorney-client privilege, the attorney work product doctrine and any other

8  privilege or immunity available under law or arising from contractual obligation.

9  Subject to and without waiving the foregoing, and the general and specific

10  objections, Siegel will produce responsive non-privileged documents consistent

11  with her understanding of this request, if any, provided that such production is

12  based upon a stipulation signed by the parties and the Court concerning the

13  obligations of the parties to log privileged documents.

14  **Document Request No. 15**

15       All DOCUMENTS relating to the October 19, 2002 letter from Kevin Marks

16  to John Schulman confirming that the SIEGEL HEIRS "accepted D.C. Comics'

17  offer of October 16, 2001."

18  **Response to Document Request No. 15**

19       In addition to the General Objections, which are incorporated herein by this

20  reference, Siegel specifically objects to this request on the ground that the

21  underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

22  12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

23  statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

24  greatly narrow the issues.  *See* General Objection ¶ 1, *supra*.  Siegel further objects

25  to this request to the extent that it is relevant only to DC's Third through Sixth state

26  law claims as such discovery should be stayed during the pendency of Defendants'

27  anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

28  *See* General Objection ¶ 2, *supra*.  Siegel further objects to this request to the extent

1  it seeks any privileged documents concerning any Collective Bargaining between

2  the Shusters and Siegels and because Plaintiff's use of such information violates the

3  parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3,

4  *supra*.

5        In addition to the above, Siegel objects to this request on the grounds that it is

6  overbroad, duplicative, burdensome and oppressive.  Siegel further objects to this

7  request on the grounds that it is vague and ambiguous, and lacks sufficient

8  precision to allow her to formulate an appropriate response.  Siegel further objects

9  to this request on the grounds that it is indefinite as to time and not reasonably

10  limited in scope.  Siegel further objects to this request to the extent that it seeks the

11  production of any item, or portion thereof, which is not reasonably calculated to

12  lead to the discovery of relevant and admissible evidence.  Siegel additionally

13  objects to Plaintiff's characterization of the document as well as Plaintiff's

14  interpretation of its legal meaning.  Siegel additionally objects to this request to the

15  extent that it seeks communications or items protected by the attorney-client

16  privilege, the attorney work product doctrine and any other privilege or immunity

17  available under law or arising from contractual obligation.  Subject to and without

18  waiving the foregoing, and the general and specific objections, Siegel will produce

19  responsive non-privileged documents consistent with her understanding of this

20  request, if any, provided that such production is based upon a stipulation signed by

21  the parties and the Court concerning the obligations of the parties to log privileged

22  documents.

23  **Document Request No. 16**

24        All DOCUMENTS relating to the October 26, 2001 letter from DC Comics

25  to the SIEGEL HEIRS

26  **Response to Document Request No. 16**

27        In addition to the General Objections, which are incorporated herein by this

28  reference, Siegel specifically objects to this request on the ground that the

DC COMICS' MOTION TO COMPEL

1    underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

2    12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

3    statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

4    greatly narrow the issues. *See* General Objection ¶ 1, *supra*. Siegel further objects

5    to this request to the extent that it is relevant only to DC's Third through Sixth state

6    law claims as such discovery should be stayed during the pendency of Defendants'

7    anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

8    *See* General Objection ¶ 2, *supra*. Siegel further objects to this request to the extent

9    it seeks any privileged documents concerning any Collective Bargaining between

10   the Shusters and Siegels and because Plaintiff's use of such information violates the

11   parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3,

12   *supra*.

13        In addition to the above, Siegel objects to this request on the grounds that it is

14   overbroad, duplicative, burdensome and oppressive. Siegel further objects to this

15   request on the grounds that it is vague and ambiguous, and lacks sufficient

16   precision to allow her to formulate an appropriate response. Siegel further objects

17   to this request on the grounds that it is indefinite as to time and not reasonably

18   limited in scope. Siegel further objects to this request to the extent that it seeks the

19   production of any item, or portion thereof, which is not reasonably calculated to

20   lead to the discovery of relevant and admissible evidence. Siegel additionally

21   objects to this request to the extent that it seeks communications or items protected

22   by the attorney-client privilege, the attorney work product doctrine and any other

23   privilege or immunity available under law or arising from contractual obligation.

24   Subject to and without waiving the foregoing, and the general and specific

25   objections, Siegel will produce responsive non-privileged documents consistent

26   with her understanding of this request, if any, provided that such production is

27   based upon a stipulation signed by the parties and the Court concerning the

28   obligations of the parties to log privileged documents.

DC COMICS' MOTION TO COMPEL

**Document Request No. 17**

All DOCUMENTS relating to the November 29, 2001 COMMUNICATION between DEFENDANT Marc Toberoff and Kevin Marks regarding the SIEGEL HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 17**

In addition to the General Objections, which are incorporated herein by this reference, Siegel specifically objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. *See* General Objection ¶ 1, *supra*. Siegel further objects to this request to the extent that it is relevant only to DC's Third through Sixth state law claims as such discovery should be stayed during the pendency of Defendants' anti-SLAPP motion and because the Third Claim does not exist as a matter of law. *See* General Objection ¶ 2, *supra*. Siegel further objects to this request to the extent it seeks any privileged documents concerning any Collective Bargaining between the Shusters and Siegels and because Plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3, *supra*.

In addition to the above, Siegel objects to this request on the grounds that it is overbroad, duplicative, burdensome and oppressive. Siegel further objects to this request on the grounds that it is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response. Siegel further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Siegel further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Siegel additionally objects to Plaintiff's characterization of the document as well as Plaintiff's

1  interpretation of its legal meaning.  Siegel additionally objects to this request to the

2  extent that it seeks communications or items protected by the attorney-client

3  privilege, the attorney work product doctrine and any other privilege or immunity

4  available under law or arising from contractual obligation.  Subject to and without

5  waiving the foregoing, and the general and specific objections, Siegel will produce

6  responsive non-privileged documents consistent with her understanding of this

7  request, if any, provided that such production is based upon a stipulation signed by

8  the parties and the Court concerning the obligations of the parties to log privileged

9  documents.

10  **Document Request No. 18**

11      All DOCUMENTS relating to the February 1, 2002 letter from Patrick

12  Perkins to the SIEGEL HEIRS.

13  **Response to Document Request No. 18**

14      In addition to the General Objections, which are incorporated herein by this

15  reference, Siegel specifically objects to this request on the ground that the

16  underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

17  12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

18  statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

19  greatly narrow the issues.  *See* General Objection ¶ 1, *supra*.  Siegel further objects

20  to this request to the extent that it is relevant only to DC's Third through Sixth state

21  law claims as such discovery should be stayed during the pendency of Defendants'

22  anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

23  *See* General Objection ¶ 2, *supra*.  Siegel further objects to this request to the extent

24  it seeks any privileged documents concerning any Collective Bargaining between

25  the Shusters and Siegels and because Plaintiff's use of such information violates the

26  parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3,

27  *supra*.

28      In addition to the above, Siegel objects to this request on the grounds that it is

DC COMICS' MOTION TO COMPEL

1  overbroad, duplicative, burdensome and oppressive.  Siegel further objects to this

2  request on the grounds that it is vague and ambiguous, and lacks sufficient

3  precision to allow her to formulate an appropriate response.  Siegel further objects

4  to this request on the grounds that it is indefinite as to time and not reasonably

5  limited in scope.  Siegel further objects to this request to the extent that it seeks the

6  production of any item, or portion thereof, which is not reasonably calculated to

7  lead to the discovery of relevant and admissible evidence.  Siegel additionally

8  objects to this request to the extent that it seeks communications or items protected

9  by the attorney-client privilege, the attorney work product doctrine and any other

10  privilege or immunity available under law or arising from contractual obligation.

11  Subject to and without waiving the foregoing, and the general and specific

12  objections, Siegel will produce responsive non-privileged documents consistent

13  with her understanding of this request, if any, provided that such production is

14  based upon a stipulation signed by the parties and the Court concerning the

15  obligations of the parties to log privileged documents.

16  **Document Request No. 19**

17      All DOCUMENTS relating to the February 6, 2002 COMMUNICATION

18  between DEFENDANT Marc Toberoff and Kevin Marks regarding the SIEGEL

19  HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

20  **Response to Document Request No. 19**

21      In addition to the General Objections, which are incorporated herein by this

22  reference, Siegel specifically objects to this request on the ground that the

23  underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

24  12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

25  statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

26  greatly narrow the issues.  *See* General Objection ¶ 1, *supra*.  Siegel further objects

27  to this request to the extent that it is relevant only to DC's Third through Sixth state

28  law claims as such discovery should be stayed during the pendency of Defendants'

DC COMICS' MOTION TO COMPEL

anti-SLAPP motion and because the Third Claim does not exist as a matter of law. *See* General Objection ¶ 2, *supra*.  Siegel further objects to this request to the extent it seeks any privileged documents concerning any Collective Bargaining between the Shusters and Siegels and because Plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3, *supra*.

In addition to the above, Siegel objects to this request on the grounds that it is overbroad, duplicative, burdensome and oppressive.  Siegel further objects to this request on the grounds that it is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response.  Siegel further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope.  Siegel further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence.  Siegel additionally objects to Plaintiff's characterization of the communication as well as Plaintiff's interpretation of its legal meaning.  Siegel additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing, and the general and specific objections, Siegel will produce responsive non-privileged documents consistent with her understanding of this request, if any, provided that such production is based upon a stipulation signed by the parties and the Court concerning the obligations of the parties to log privileged documents.

**Document Request No. 20**

All DOCUMENTS relating to the February 2002 COMMUNICATION between DEFENDANT Marc Toberoff and Warner Bros. executive Steven Spira regarding the rights in SUPERMAN and/or SUPERBOY.

DC COMICS' MOTION TO COMPEL

1    **Response to Document Request No. 20**

2          In addition to the General Objections, which are incorporated herein by this

3    reference, Siegel specifically objects to this request on the ground that the

4    underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

5    12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

6    statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

7    greatly narrow the issues. *See* General Objection ¶ 1, *supra*. Siegel further objects

8    to this request to the extent that it is relevant only to DC's Third through Sixth state

9    law claims as such discovery should be stayed during the pendency of Defendants'

10   anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

11   *See* General Objection ¶ 2, *supra*. Siegel further objects to this request to the extent

12   it seeks any privileged documents concerning any Collective Bargaining between

13   the Shusters and Siegels and because Plaintiff's use of such information violates the

14   parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3,

15   *supra*.

16         In addition to the above, Siegel objects to this request on the grounds that it is

17   overbroad, duplicative, burdensome and oppressive. Siegel further objects to this

18   request on the grounds that it is vague and ambiguous, and lacks sufficient

19   precision to allow her to formulate an appropriate response. Siegel further objects

20   to this request on the grounds that it is indefinite as to time and not reasonably

21   limited in scope. Siegel further objects to this request to the extent that it seeks the

22   production of any item, or portion thereof, which is not reasonably calculated to

23   lead to the discovery of relevant and admissible evidence. Siegel additionally

24   objects to Plaintiff's characterization of this purported communication as well as

25   Plaintiff's interpretation of its legal meaning. Siegel additionally objects to this

26   request to the extent that it seeks communications or items protected by the

27   attorney-client privilege, the attorney work product doctrine and any other privilege

28   or immunity available under law or arising from contractual obligation. Subject to

1    and without waiving the foregoing, and the general and specific objections, Siegel

2    will produce responsive non-privileged documents consistent with her

3    understanding of this request, if any, provided that such production is based upon a

4    stipulation signed by the parties and the Court concerning the obligations of the

5    parties to log privileged documents.

6    **Document Request No. 21**

7        All DOCUMENTS relating to the May 9, 2002 letter from DEFENDANT

8    Joanne Siegel to Time Warner, Inc.

9    **Response to Document Request No. 21**

10       In addition to the General Objections, which are incorporated herein by this

11   reference, Siegel specifically objects to this request on the ground that the

12   underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

13   12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

14   statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

15   greatly narrow the issues.  *See* General Objection ¶ 1, *supra*.  Siegel further objects

16   to this request to the extent that it is relevant only to DC's Third through Sixth state

17   law claims as such discovery should be stayed during the pendency of Defendants'

18   anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

19   *See* General Objection ¶ 2, *supra*.  Siegel further objects to this request to the extent

20   it seeks any privileged documents concerning any Collective Bargaining between

21   the Shusters and Siegels and because Plaintiff's use of such information violates the

22   parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3,

23   *supra*.

24       In addition to the above, Siegel objects to this request on the grounds that it is

25   overbroad, duplicative, burdensome and oppressive.  Siegel further objects to this

26   request on the grounds that it is vague and ambiguous, and lacks sufficient

27   precision to allow her to formulate an appropriate response.  Siegel further objects

28   to this request on the grounds that it is indefinite as to time and not reasonably

1  limited in scope.  Siegel further objects to this request to the extent that it seeks the

2  production of any item, or portion thereof, which is not reasonably calculated to

3  lead to the discovery of relevant and admissible evidence.  Siegel additionally

4  objects to this request to the extent that it seeks communications or items protected

5  by the attorney-client privilege, the attorney work product doctrine and any other

6  privilege or immunity available under law or arising from contractual obligation.

7  Subject to and without waiving the foregoing, and the general and specific

8  objections, Siegel will produce responsive non-privileged documents consistent

9  with her understanding of this request, if any, provided that such production is

10  based upon a stipulation signed by the parties and the Court concerning the

11  obligations of the parties to log privileged documents.

12  **Document Request No. 22**

13      All DOCUMENTS relating to the May 21, 2002 letter from Richard Parsons

14  of Time Warner Inc. to DEFENDANT Joanne Siegel.

15  **Response to Document Request No. 22**

16      In addition to the General Objections, which are incorporated herein by this

17  reference, Siegel specifically objects to this request on the ground that the

18  underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

19  12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

20  statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

21  greatly narrow the issues.  *See* General Objection ¶ 1, *supra*.  Siegel further objects

22  to this request to the extent that it is relevant only to DC's Third through Sixth state

23  law claims as such discovery should be stayed during the pendency of Defendants'

24  anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

25  *See* General Objection ¶ 2, *supra*.  Siegel further objects to this request to the extent

26  it seeks any privileged documents concerning any Collective Bargaining between

27  the Shusters and Siegels and because Plaintiff's use of such information violates the

28  parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3,

1   *supra*.

2          In addition to the above, Siegel objects to this request on the grounds that it is

3   overbroad, duplicative, burdensome and oppressive.  Siegel further objects to this

4   request on the grounds that it is vague and ambiguous, and lacks sufficient

5   precision to allow her to formulate an appropriate response.  Siegel further objects

6   to this request on the grounds that it is indefinite as to time and not reasonably

7   limited in scope.  Siegel further objects to this request to the extent that it seeks the

8   production of any item, or portion thereof, which is not reasonably calculated to

9   lead to the discovery of relevant and admissible evidence.  Siegel additionally

10  objects to this request to the extent that it seeks communications or items protected

11  by the attorney-client privilege, the attorney work product doctrine and any other

12  privilege or immunity available under law or arising from contractual obligation.

13  Subject to and without waiving the foregoing, and the general and specific

14  objections, Siegel will produce responsive non-privileged documents consistent

15  with her understanding of this request, if any, provided that such production is

16  based upon a stipulation signed by the parties and the Court concerning the

17  obligations of the parties to log privileged documents.

18  **Document Request No. 23**

19          All DOCUMENTS relating to any solicitation, offer, or option from any

20  DEFENDANT regarding the purported rights of YOU or the SIEGEL HEIRS in

21  SUPERMAN and/or SUPERBOY.

22  **Response to Document Request No. 23**

23          In addition to the General Objections, which are incorporated herein by this

24  reference, Siegel specifically objects to this request on the ground that the

25  underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

26  12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

27  statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

28  greatly narrow the issues.  *See* General Objection ¶ 1, *supra*.  Siegel further objects

1  to this request to the extent that it is relevant only to DC's Third through Sixth state

2  law claims as such discovery should be stayed during the pendency of Defendants'

3  anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

4  *See* General Objection ¶ 2, *supra*.  Siegel further objects to this request to the extent

5  it seeks any privileged documents concerning any Collective Bargaining between

6  the Shusters and Siegels and because Plaintiff's use of such information violates the

7  parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3,

8  *supra*.

9        In addition to the above, Siegel objects to this request on the grounds that it is

10  overbroad, burdensome and oppressive.  Siegel further objects to this request on the

11  grounds that the phrase <u>"purported rights"</u> is vague and ambiguous, and lacks

12  sufficient precision to allow her to formulate an appropriate response.  Siegel

13  further objects to this request on the grounds that it is indefinite as to time and not

14  reasonably limited in scope.  Siegel further objects to this request to the extent that

15  it seeks the production of any item, or portion thereof, which is not reasonably

16  calculated to lead to the discovery of relevant and admissible evidence.  Siegel

17  additionally objects to this request to the extent that it seeks communications or

18  items protected by the attorney-client privilege, the attorney work product doctrine

19  and any other privilege or immunity available under law or arising from contractual

20  obligation.  Subject to and without waiving the foregoing, and the general and

21  specific objections, Siegel will produce responsive non-privileged documents

22  consistent with her understanding of this request, if any, provided that such

23  production is based upon a stipulation signed by the parties and the Court

24  concerning the obligations of the parties to log privileged documents.

25  **Document Request No. 24**

26        All DOCUMENTS relating to the September 21, 2002 letter from YOU to

27  Kevin Marks.

28

DC COMICS' MOTION TO COMPEL

**Response to Document Request No. 24**

        In addition to the General Objections, which are incorporated herein by this reference, Siegel specifically objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. *See* General Objection ¶ 1, *supra*.  Siegel further objects to this request to the extent that it is relevant only to DC's Third through Sixth state law claims as such discovery should be stayed during the pendency of Defendants' anti-SLAPP motion and because the Third Claim does not exist as a matter of law. *See* General Objection ¶ 2, *supra*.  Siegel further objects to this request to the extent it seeks any privileged documents concerning any Collective Bargaining between the Shusters and Siegels and because Plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3, *supra*.

        In addition to the above, Siegel objects to this request on the grounds that it is overbroad, duplicative, burdensome and oppressive.  Siegel further objects to this request on the grounds that it is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response.  Siegel further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope.  Siegel further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence.  Siegel additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing, and the general and specific objections, Siegel will produce responsive non-privileged documents consistent

DC COMICS' MOTION TO COMPEL

1   with her understanding of this request, if any, provided that such production is

2   based upon a stipulation signed by the parties and the Court concerning the

3   obligations of the parties to log privileged documents.

4   **Document Request No. 25**

5       All DOCUMENTS relating to the September 21, 2002 letter from YOU to

6   DC Comics.

7   **Response to Document Request No. 25**

8       In addition to the General Objections, which are incorporated herein by this

9   reference, Siegel specifically objects to this request on the ground that the

10  underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

11  12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

12  statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

13  greatly narrow the issues. *See* General Objection ¶ 1, *supra*. Siegel further objects

14  to this request to the extent that it is relevant only to DC's Third through Sixth state

15  law claims as such discovery should be stayed during the pendency of Defendants'

16  anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

17  *See* General Objection ¶ 2, *supra*. Siegel further objects to this request to the extent

18  it seeks any privileged documents concerning any Collective Bargaining between

19  the Shusters and Siegels and because Plaintiff's use of such information violates the

20  parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3,

21  *supra*.

22      In addition to the above, Siegel objects to this request on the grounds that it is

23  overbroad, duplicative, burdensome and oppressive. Siegel further objects to this

24  request on the grounds that it is vague and ambiguous, and lacks sufficient

25  precision to allow her to formulate an appropriate response. Siegel further objects

26  to this request on the grounds that it is indefinite as to time and not reasonably

27  limited in scope. Siegel further objects to this request to the extent that it seeks the

28  production of any item, or portion thereof, which is not reasonably calculated to

1  lead to the discovery of relevant and admissible evidence.  Siegel additionally

2  objects to this request to the extent that it seeks communications or items protected

3  by the attorney-client privilege, the attorney work product doctrine and any other

4  privilege or immunity available under law or arising from contractual obligation.

5  Subject to and without waiving the foregoing, and the general and specific

6  objections, Siegel will produce responsive non-privileged documents consistent

7  with her understanding of this request, if any, provided that such production is

8  based upon a stipulation signed by the parties and the Court concerning the

9  obligations of the parties to log privileged documents.

10 **Document Request No. 26**

11      All DOCUMENTS relating to the letter agreement dated October 3, 2002

12 that YOU signed with DEFENDANT IP Worldwide, LLC, and any revisions,

13 modifications, or adjustments thereto.

14 **Response to Document Request No. 26**

15      In addition to the General Objections, which are incorporated herein by this

16 reference, Siegel specifically objects to this request on the ground that the

17 underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

18 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

19 statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

20 greatly narrow the issues.  *See* General Objection ¶ 1, *supra*.  Siegel further objects

21 to this request to the extent that it is relevant only to DC's Third through Sixth state

22 law claims as such discovery should be stayed during the pendency of Defendants'

23 anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

24 *See* General Objection ¶ 2, *supra*.  Siegel further objects to this request to the extent

25 it seeks any privileged documents concerning any Collective Bargaining between

26 the Shusters and Siegels and because Plaintiff's use of such information violates the

27 parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3,

28 *supra*.

DC COMICS' MOTION TO COMPEL

1    In addition to the above, Siegel objects to this request on the grounds that it is

2    overbroad, duplicative, burdensome and oppressive.  Siegel further objects to this

3    request on the grounds that it is vague and ambiguous, and lacks sufficient

4    precision to allow her to formulate an appropriate response.  Siegel further objects

5    to this request on the grounds that it is indefinite as to time and not reasonably

6    limited in scope.  Siegel further objects to this request to the extent that it seeks the

7    production of any item, or portion thereof, which is not reasonably calculated to

8    lead to the discovery of relevant and admissible evidence.  Siegel additionally

9    objects to this request to the extent that it seeks communications or items protected

10   by the attorney-client privilege, the attorney work product doctrine and any other

11   privilege or immunity available under law or arising from contractual obligation.

12   Subject to and without waiving the foregoing, and the general and specific

13   objections, Siegel will produce responsive non-privileged documents consistent

14   with her understanding of this request, if any, provided that such production is

15   based upon a stipulation signed by the parties and the Court concerning the

16   obligations of the parties to log privileged documents.

17   **Document Request No. 27**

18   All DOCUMENTS relating to the October 28, 2002 letter from YOU to

19   Lillian Laserson of DC Comics.

20   **Response to Document Request No. 27**

21   In addition to the General Objections, which are incorporated herein by this

22   reference, Siegel specifically objects to this request on the ground that the

23   underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

24   12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

25   statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

26   greatly narrow the issues.  *See* General Objection ¶ 1, *supra*.  Siegel further objects

27   to this request to the extent that it is relevant only to DC's Third through Sixth state

28   law claims as such discovery should be stayed during the pendency of Defendants'

DC COMICS' MOTION TO COMPEL

1  anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

2  *See* General Objection ¶ 2, *supra*.  Siegel further objects to this request to the extent

3  it seeks any privileged documents concerning any Collective Bargaining between

4  the Shusters and Siegels and because Plaintiff's use of such information violates the

5  parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3,

6  *supra*.

7      In addition to the above, Siegel objects to this request on the grounds that it is

8  overbroad, duplicative, burdensome and oppressive.  Siegel further objects to this

9  request on the grounds that it is vague and ambiguous, and lacks sufficient

10  precision to allow her to formulate an appropriate response.  Siegel further objects

11  to this request on the grounds that it is indefinite as to time and not reasonably

12  limited in scope.  Siegel further objects to this request to the extent that it seeks the

13  production of any item, or portion thereof, which is not reasonably calculated to

14  lead to the discovery of relevant and admissible evidence.  Siegel additionally

15  objects to this request to the extent that it seeks communications or items protected

16  by the attorney-client privilege, the attorney work product doctrine and any other

17  privilege or immunity available under law or arising from contractual obligation.

18  Subject to and without waiving the foregoing, and the general and specific

19  objections, Siegel will produce responsive non-privileged documents consistent

20  with her understanding of this request, if any, provided that such production is

21  based upon a stipulation signed by the parties and the Court concerning the

22  obligations of the parties to log privileged documents.

23  **Document Request No. 28**

24      All DOCUMENTS relating to the Request of Termination of Transfer

25  Covering Extended Renewal Term: Superboy served on behalf of the SIEGEL

26  HEIRS on or around November 8, 2002.

27  **Response to Document Request No. 28**

28      In addition to the General Objections, which are incorporated herein by this

reference, Siegel specifically objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues.  *See* General Objection ¶ 1, *supra*.  Siegel further objects to this request to the extent that it is relevant only to DC's Third through Sixth state law claims as such discovery should be stayed during the pendency of Defendants' anti-SLAPP motion and because the Third Claim does not exist as a matter of law. *See* General Objection ¶ 2, *supra*.  Siegel further objects to this request to the extent it seeks any privileged documents concerning any Collective Bargaining between the Shusters and Siegels and because Plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3, *supra*.

In addition to the above, Siegel objects to this request on the grounds that it is overbroad, duplicative, burdensome and oppressive.  Siegel further objects to this request on the grounds that it is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response.  Siegel further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope.  Siegel further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence.  Siegel additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing, and the general and specific objections, Siegel will produce responsive non-privileged documents consistent with her understanding of this request, if any, provided that such production is

DC COMICS' MOTION TO COMPEL

1   based upon a stipulation signed by the parties and the Court concerning the

2   obligations of the parties to log privileged documents.

3       **C.**      **<u>Jean Peavy – Document Requests 1-22 and General and Specific</u>**

4                **<u>Objections</u>**

5                **<u>OBJECTIONS TO THE ENTIRE REQUEST</u>**

6       Peavy objects to the entire Request on each of the following grounds and

7   incorporates by reference each of the following objections into his response to each

8   individual category of documents within it:

9       1.    Peavy objects to the Request on the ground that the underlying

10   complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and

11   (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal.

12   Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly

13   narrow the issues.  These motions have been fully briefed and are set for hearing on

14   October 18, 2010.  Given the pendency of these dispositive motions, Magistrate

15   Zarefsky held on September 20, 2010 that deposition discovery was not appropriate

16   until at least November 15, 2010 to afford Judge Wright time to rule on these

17   motions.  Magistrate Zarefsky has also indicated that Judge Wright may extend this

18   deadline if he needs more time to so rule.  Magistrate Zarefsky's rationale for

19   limiting the burden of discovery until Judge Wright has ruled on these motions

20   should apply with equal force to document discovery as it does to depositions.

21       2.    Peavy objects to each individual request within the Request to the

22   extent it is relevant only to the Fourth through Sixth state law claims for relief in

23   DC's First Amended Complaint ("FAC").  Defendants contend that their pending

24   anti-SLAPP motion stays discovery regarding these state law claims.   Magistrate

25   Zarefsky rejected that argument, apparently based on *Metabolife Int'l., Inc. v.*

26   *Wornick*, 264 F.3d 832 (9th Cir. 2001), but Defendants have timely objected to this

27   ruling pursuant to L.R. 72.2-1. *See* Docket No. 101.  *Metabolife* is inconsistent

28   with recent Supreme Court authority *Shady Grove Orthopedic Assocs., P.A. v.*

1    *Allstate Ins. Co.*, 130 S. Ct. 1431, 1452 (2010) (Stevens, J., concurring), decided

2    this year, and with the Ninth Circuit's decision in *Batzel v. Smith*, 333 F.3d 1018,

3    1024 (9th Cir. 2003). These cases recognize that substantive provisions of state

4    law, such as the anti-SLAPP statute's automatic discovery stay, apply in federal

5    court. *Metabolife* includes no contrary discussion. In light of this, Judge Wright

6    and the Ninth Circuit should be afforded the opportunity to address Defendants'

7    well taken objection on these grounds. *See* Docket No. 101 at 3:20- 5:23. Any

8    response that refers to the planned production of documents is without prejudice to

9    Defendants' right to seek a stay of discovery before the Court, the 9th Circuit, or

10   the Supreme Court.

11          Plaintiff has sought to avoid the force of this automatic stay by

12   contending that the same discovery relates to DC's Third claim for relief ("Third

13   Claim"), which it claims arises under federal copyright law. DC's Third Claim is

14   premised on the false construct that DC purportedly has a right of exclusive

15   negotiation under 17 U.S.C. § 304(c)(6)(D) to settle Defendant's termination claims

16   pursuant to 17 U.S.C. § 304(d). However, the plain language of § 304(c)(6)(D)

17   does not provide a terminated grantee like DC with any such "right," as expressly

18   addressed and recognized in *Bourne Co. v. MPL Commc'ns, Inc.*, 675 F. Supp. 859,

19   865 n.11 (S.D.N.Y. 1987) ("[T]he statute neither compels the terminating party to

20   negotiate with the terminated grantee, nor forbids him from negotiating with

21   anyone else."). *See* Docket Nos. 78 at 4:7-7:27; 100 at 1:17-3:15. The Third Claim

22   does not and cannot exist as a matter of law and thus DC cannot use this

23   manufactured federal claim to avoid the automatic stay provided by the anti-SLAPP

24   motion. CCP § 425.16(g); *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987) (stay

25   of discovery pending motion to dismiss was appropriate where allegations - taken

26   as true - failed to allege requisite elements of statutory cause of action).

27          3.      To the extent the Request seeks documents concerning any agreement

28   between the Shusters and Siegels to act collectively in negotiations with DC

1    regarding the settlement of their termination claims ("Collective Bargaining"),

2    Peavy objects on the following grounds:  Such documents concern only the Third

3    through Sixth claims for relief and thus are irrelevant to the First and Second claims

4    that are the only proper subject of discovery at this point in the proceedings.  Any

5    documents that exist relating to Collective Bargaining contain and memorialize

6    attorney-client privileged communications and attorney work product and reveal

7    sensitive settlement strategy that would give DC an unfair advantage.  In addition,

8    any Collective Bargaining documents were prepared in connection with mediation

9    and the use of such information plainly violates the parties' May 1, 2008 JAMS

10    Confidentiality Agreement and the California mediation privilege.  Moreover this

11    disclosure is inconsistent with the policies of FRE 408 and California Evidence

12    Code §§ 1119 *et seq.*; 1152.

13    　　　　4.    Peavy objects to the Request on the ground that a motion for entry of

14    judgment pursuant to FRCP 54(b) has been filed in the closely related action

15    *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-CV-

16    8400.  If this motion is granted, such judgment will have collateral estoppel effect

17    on DC, and thereby substantially narrow the duplicative issues raised in the present

18    action.  Accordingly, any discovery should be stayed and documents should not be

19    produced until the Rule 54(b) motion is decided.

20    　　　　5.    Peavy objects to the Request to the extent that it seeks the production

21    of any item, or portion thereof, comprising or reflecting information transmitted and

22    maintained in confidence between Peavy or any person or entity acting on her

23    behalf and her counsel for the purpose of obtaining legal advice or representation,

24    on the grounds that such information is protected from disclosure by the attorney-

25    client privilege and the joint-interest privilege.  Such documents will not be

26    produced in response to the request, and any inadvertent production thereof shall

27    not be deemed a waiver of any privilege or doctrine with respect to such

28    documents.

DC COMICS' MOTION TO COMPEL

6. Peavy objects to the Request to the extent that it seeks the production of any item, or portion thereof, comprising or reflecting information with any confidential impression, conclusion, opinion, legal research, or legal theory of counsel for Peavy or any other person or entity, on the grounds that such information is protected from disclosure by the attorney work product doctrine. Such documents will not be produced in response to the request, and any inadvertent production thereof shall not be deemed a waiver of any privilege or doctrine with respect to such documents.

7. As the parties are in the process of negotiating a stipulation regarding the parties' logging of post-litigation communications, Peavy will not be serving any privilege logs until these negotiations are concluded. Defendants provided a draft of proposed stipulation on September 16, 2010, to which Plaintiff did not respond for nearly three weeks until October 6, 2010. Before providing the draft stipulation, counsel for Defendants repeatedly asked counsel for DC what terms DC would wish to see in such a stipulation, but DC did not respond. Nor will Defendants produce any documents absent an agreement by DC that the production of such documents will not constitute a waiver of any protection as to discovery and that there has been no such waiver. DC has not responded to this request for such an agreement. Moreover, Peavy will neither produce nor log any documents created or transmitted after the start of this litigation. All privileges and immunities provided by law are expressly reserved.

8. Peavy objects to the Request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence, on the grounds that it exceeds the permissible scope of discovery delimited by Rule 26(b)(1) of the Federal Rules of Civil Procedure.

9. Peavy objects to the Request to the extent that it seeks the production of any item, or portion thereof, comprising or reflecting any trade secret or other

confidential or proprietary information of Peavy or any other person or entity.

10.    Peavy objects to the Request to the extent that it seeks the production of any item, or portion thereof, which is protected from disclosure by court order, or any privacy or similar rights of any person or entity.

11.    Peavy objects to the Request's document requests to the extent they are unduly burdensome, overly broad, impose extreme hardship or would result in the expenditure of unnecessary time and resources.

12.    Peavy objects to the Request to the extent it is overbroad and therefore unduly burdensome, oppressive and harassing.

13.    Peavy objects to the document requests contained in the Request to the extent the expense of producing documents outweighs the likely benefit of discovery provided to Plaintiff.

14.    Peavy objects to the Request to the extent that it seeks the production of duplicative identical items, or documents or information already in Plaintiff's possession, or by reason of public filing, publication or otherwise are readily accessible to Plaintiff through other means.

15.    Peavy objects to the Request to the extent that it seeks the production of any item which has been served, filed, or transmitted in the course of this action, on the grounds that such production would be burdensome, oppressive, and unnecessary.

16.    Peavy objects to the Request to the extent that it seeks the production of any item which has already been produced, served, or filed in the course of the related actions *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al*., Case No. 04-CV-8400 ODW (RZx) and *Joanne Siegel, et al. v. Time Warner Inc., et al*., Case No. 04-CV-8766 ODW (RZx) (collectively "*Siegel* Litigation"), on the grounds that such production would be duplicative, burdensome, oppressive, and unnecessary.  Provided DC agrees that identification of documents produced by Peavy in the *Siegel* litigation that are responsive to this request will not trigger a

DC COMICS' MOTION TO COMPEL

1    requirement to produce a privilege log and that there is no waiver of privilege in

2    identifying such documents and that there has been no such waiver, Peavy will

3    identify the documents already produced in the *Siegel* litigation that are responsive

4    to the Request.

5          17.    Peavy objects to the Request and each document category therein to

6    the extent that it seeks the production of any item or document that is not the

7    property of Peavy.  Peavy will not produce any items or documents that are the

8    property of any other person or entity.

9          18.    Peavy objects generally to the Request and to the definitions and

10   instructions therein to the extent that they purport to alter or extend Peavy's

11   obligations beyond those established by the Federal Rules of Civil Procedure, the

12   Local Rules of the United States District Court for the Central District of

13   California, or any order or ruling by the Court in this action.

14         19.    Peavy objects generally to the definitions of the terms "YOU" and

15   "YOUR" as vague and ambiguous, overbroad and unduly burdensome.  Peavy will

16   construe these terms to refer to Peavy.

17         20.    Peavy objects generally to the definitions of the terms

18   "DEFENDANT" and "DEFENDANTS" as vague and ambiguous, overbroad and

19   unduly burdensome.  Peavy will construe these terms to refer only to the specific

20   defendants in this action.

21         21.    Peavy objects generally to the definition of the term "SHUSTER

22   HEIRS" as vague and ambiguous, overbroad and unduly burdensome.  Solely for

23   the purposes of these responses, and for no other purpose, Peavy will construe this

24   term to refer only to the Estate of Joseph Shuster, Mark Peary, Jean Peavy, Dawn

25   Peavy and Frank Shuster.

26         22.    Peavy objects generally to the definition of the term "SIEGEL HEIRS"

27   as vague and ambiguous, overbroad and unduly burdensome.  Solely for the

28   purposes of these responses, and for no other purpose, Peavy will construe this term

DC COMICS' MOTION TO COMPEL

1    to refer only to Joanne Siegel, Laura Siegel Larson, Dennis Larson and Michael

2    Siegel.

3        23.    Peavy objects generally to the definition of the term "SHUSTER" as

4    vague and ambiguous, overbroad and unduly burdensome.  Peavy will construe this

5    term to refer only to Joseph Shuster.

6        24.    Peavy objects generally to the definition of the term "SIEGEL" as

7    vague and ambiguous, overbroad and unduly burdensome.  Peavy will construe this

8    term to refer only to Jerome Siegel.

9        25.    Peavy reserves the right to revise, amend, supplement or clarify any of

10   the objections set forth herein.

## SPECIFIC RESPONSES TO INDIVIDUAL REQUESTS

**Document Request No. 1**

13       All agreements between or among YOU and any DEFENDANT regarding

14   the SHUSTER HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 1**

16       In addition to the General Objections, which are incorporated herein by this

17   reference, Peavy specifically objects to this request on the ground that the

18   underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

19   12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

20   statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

21   greatly narrow the issues.  *See* General Objection ¶ 1, *supra*.  Peavy further objects

22   to this request to the extent that it is relevant only to DC's Third through Sixth state

23   law claims as such discovery should be stayed during the pendency of Defendants'

24   anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

25   *See* General Objection ¶ 2, *supra*.  Peavy further objects to this request to the extent

26   it seeks any privileged documents concerning any Collective Bargaining between

27   the Shusters and Siegels and because plaintiff's use of such information violates the

28   parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3,

1     *supra*.

2         In addition to the above, Peavy objects to this request on the grounds that it is

3 compound, overbroad, burdensome and oppressive.  Peavy objects to this request

4 on the grounds that the phrase "purported rights" is vague and ambiguous, and

5 lacks sufficient precision to allow her to formulate an appropriate response.  Peavy

6 further objects to this request on the grounds that it is indefinite as to time and not

7 reasonably limited in scope.  Peavy further objects to this request to the extent that

8 it seeks the production of any item, or portion thereof, which is not reasonably

9 calculated to lead to the discovery of relevant and admissible evidence.  Peavy

10 additionally objects to this request to the extent that it seeks communications or

11 items protected by the attorney-client privilege, the attorney work product doctrine

12 and any other privilege or immunity available under law or arising from contractual

13 obligation.  Subject to and without waiving the foregoing, and the general and

14 specific objections, Peavy will produce responsive documents consistent with her

15 understanding of this request, if any, that are not privileged and not subject to the

16 parties' JAMS Confidentiality Agreement, provided that such production is based

17 upon a stipulation signed by the parties and the Court concerning the obligations of

18 the parties to log privileged documents.

19 **Document Request No. 2**

20         All agreements between or among YOU and any DEFENDANT regarding

21 the SIEGEL HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

22 **Response to Document Request No. 2**

23         In addition to the General Objections, which are incorporated herein

24 by this reference, Peavy specifically objects to this request on the ground that the

25 underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

26 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

27 statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

28 greatly narrow the issues.  *See* General Objection ¶ 1, *supra*.  Peavy further objects

     DC COMICS' MOTION TO COMPEL

1  to this request to the extent that it is relevant only to DC's Third through Sixth state

2  law claims as such discovery should be stayed during the pendency of Defendants'

3  anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

4  *See* General Objection ¶ 2, *supra*.  Peavy further objects to this request to the extent

5  it seeks any privileged documents concerning any Collective Bargaining between

6  the Shusters and Siegels and because plaintiff's use of such information violates the

7  parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3,

8  *supra*.

9        In addition to the above, Peavy objects to this request on the grounds that it is

10  compound, overbroad, burdensome and oppressive.  Peavy objects to this request

11  on the grounds that the phrase "purported rights" is vague and ambiguous, and

12  lacks sufficient precision to allow her to formulate an appropriate response.  Peavy

13  further objects to this request on the grounds that it is indefinite as to time and not

14  reasonably limited in scope.  Peavy further objects to this request to the extent that

15  it seeks the production of any item, or portion thereof, which is not reasonably

16  calculated to lead to the discovery of relevant and admissible evidence.  Peavy

17  additionally objects to this request to the extent that it seeks communications or

18  items protected by the attorney-client privilege, the attorney work product doctrine

19  and any other privilege or immunity available under law or arising from contractual

20  obligation.  Subject to and without waiving the foregoing, and the general and

21  specific objections, Peavy will produce responsive documents consistent with her

22  understanding of this request, if any, that are not privileged and not subject to the

23  parties' JAMS Confidentiality Agreement, provided that such production is based

24  upon a stipulation signed by the parties and the Court concerning the obligations of

25  the parties to log privileged documents.

26  **Document Request No. 3**

27        All agreements between or among SHUSTER and SIEGEL regarding any

28  purported rights in SUPERMAN and/or SUPERBOY.

DC COMICS' MOTION TO COMPEL

**Response to Document Request No. 3**

In addition to the General Objections, which are incorporated herein by this reference, Peavy specifically objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. *See* General Objection ¶ 1, *supra*. Peavy further objects to this request to the extent that it is relevant only to DC's Third through Sixth state law claims as such discovery should be stayed during the pendency of Defendants' anti-SLAPP motion and because the Third Claim does not exist as a matter of law. *See* General Objection ¶ 2, *supra*. Peavy further objects to this request to the extent it seeks any privileged documents concerning any Collective Bargaining between the Shusters and Siegels and because plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3, *supra*.

In addition to the above, Peavy objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive. Peavy objects to this request on the grounds that the phrase "purported rights" is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response. Peavy further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Peavy further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Peavy additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing, and the general and specific objections, Peavy will produce responsive documents consistent with her

DC COMICS' MOTION TO COMPEL

1  understanding of this request, if any, that are not privileged and not subject to the

2  parties' JAMS Confidentiality Agreement, provided that such production is based

3  upon a stipulation signed by the parties and the Court concerning the obligations of

4  the parties to log privileged documents.

5  **Document Request No. 4**

6      All DOCUMENTS relating to or affecting the ability of YOU or the

7  SHUSTER HEIRS to negotiate or enter into agreements regarding SUPERMAN

8  and/or SUPERBOY.

9  **Response to Document Request No. 4**

10      In addition to the General Objections, which are incorporated herein by this

11  reference, Peavy specifically objects to this request on the ground that the

12  underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

13  12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

14  statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

15  greatly narrow the issues.  *See* General Objection ¶ 1, *supra*.  Peavy further objects

16  to this request to the extent that it is relevant only to DC's Third through Sixth state

17  law claims as such discovery should be stayed during the pendency of Defendants'

18  anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

19  *See* General Objection ¶ 2, *supra*.  Peavy further objects to this request to the extent

20  it seeks any privileged documents concerning any Collective Bargaining between

21  the Shusters and Siegels and because plaintiff's use of such information violates the

22  parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3,

23  *supra*.

24      In addition to the above, Peavy objects to this request on the grounds that it is

25  compound, overbroad, burdensome and oppressive.  Peavy further objects to this

26  request on the grounds that the phrase "affecting the ability of YOU or the

27  SHUSTER HEIRS to negotiate or enter into agreements regarding SUPERMAN

28  and/or SUPERBOY" is vague and ambiguous, and lacks sufficient precision to

DC COMICS' MOTION TO COMPEL

1    allow her to formulate an appropriate response. Peavy further objects to this request

2    on the grounds that it is indefinite as to time and not reasonably limited in scope.

3    Peavy further objects to this request to the extent that it seeks the production of any

4    item, or portion thereof, which is not reasonably calculated to lead to the discovery

5    of relevant and admissible evidence.  Peavy additionally objects to this request to

6    the extent that it seeks communications or items protected by the attorney-client

7    privilege, the attorney work product doctrine and any other privilege or immunity

8    available under law or arising from contractual obligation. Subject to and without

9    waiving the foregoing, and the general and specific objections, Peavy will produce

10   responsive documents consistent with her understanding of this request, if any, that

11   are not privileged and not subject to the parties' JAMS Confidentiality Agreement,

12   provided that such production is based upon a stipulation signed by the parties and

13   the Court concerning the obligations of the parties to log privileged documents.

14   **Document Request No. 5:**

15       All DOCUMENTS relating to or affecting the ability of the SIEGEL HEIRS

16   to negotiate or enter into agreements regarding SUPERMAN and/or SUPERBOY.

17   **Response to Document Request No. 5**

18       In addition to the General Objections, which are incorporated herein by this

19   reference, Peavy specifically objects to this request on the ground that the

20   underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

21   12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

22   statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

23   greatly narrow the issues.  *See* General Objection ¶ 1, *supra*.  Peavy further objects

24   to this request to the extent that it is relevant only to DC's Third through Sixth state

25   law claims as such discovery should be stayed during the pendency of Defendants'

26   anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

27   *See* General Objection ¶ 2, *supra*.  Peavy further objects to this request to the extent

28   it seeks any privileged documents concerning any Collective Bargaining between

1  the Shusters and Siegels and because plaintiff's use of such information violates the

2  parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3,

3  *supra*.

4        In addition to the above, Peavy objects to this request on the grounds that it is

5  compound, overbroad, burdensome and oppressive.  Peavy further objects to this

6  request on the grounds that the phrase "affecting the ability of the SIEGEL HEIRS

7  to negotiate or enter into agreements" is vague and ambiguous, and lacks sufficient

8  precision to allow her to formulate an appropriate response. Peavy further objects to

9  this request on the grounds that it is indefinite as to time and not reasonably limited

10 in scope.  Peavy further objects to this request to the extent that it seeks the

11 production of any item, or portion thereof, which is not reasonably calculated to

12 lead to the discovery of relevant and admissible evidence.  Peavy additionally

13 objects to this request to the extent that it seeks communications or items protected

14 by the attorney-client privilege, the attorney work product doctrine and any other

15 privilege or immunity available under law or arising from contractual obligation.

16 Subject to and without waiving the foregoing, and the general and specific

17 objections, Peavy will produce responsive documents consistent with her

18 understanding of this request, if any, that are not privileged and not subject to the

19 parties' JAMS Confidentiality Agreement, provided that such production is based

20 upon a stipulation signed by the parties and the Court concerning the obligations of

21 the parties to log privileged documents.

22 **Document Request No. 6**

23       All DOCUMENTS relating to or affecting the disposition, division, or

24 ownership of any rights in SUPERMAN and/or SUPERBOY.

25 **Response to Document Request No. 6**

26       In addition to the General Objections, which are incorporated herein by this

27 reference, Peavy specifically objects to this request on the ground that the

28 underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

1  12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

2  statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

3  greatly narrow the issues. *See* General Objection ¶ 1, *supra*. Peavy further objects

4  to this request to the extent that it is relevant only to DC's Third through Sixth state

5  law claims as such discovery should be stayed during the pendency of Defendants'

6  anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

7  *See* General Objection ¶ 2, *supra*. Peavy further objects to this request to the extent

8  it seeks any privileged documents concerning any Collective Bargaining between

9  the Shusters and Siegels and because plaintiff's use of such information violates the

10  parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3,

11  *supra*.

12      In addition to the above, Peavy objects to this request on the grounds that it is

13  compound, overbroad, burdensome and oppressive. Peavy further objects to this

14  request on the grounds that the phrase "affecting the disposition, division, or

15  ownership of" is vague and ambiguous, and lacks sufficient precision to allow her

16  to formulate an appropriate response. Peavy further objects to this request on the

17  grounds that it is indefinite as to time and not reasonably limited in scope. Peavy

18  further objects to this request to the extent that it seeks the production of any item,

19  or portion thereof, which is not reasonably calculated to lead to the discovery of

20  relevant and admissible evidence. Peavy additionally objects to this request to the

21  extent that it seeks communications or items protected by the attorney-client

22  privilege, the attorney work product doctrine and any other privilege or immunity

23  available under law or arising from contractual obligation. Subject to and without

24  waiving the foregoing, and the general and specific objections, Peavy will produce

25  responsive documents consistent with her understanding of this request, if any, that

26  are not privileged and not subject to the parties' JAMS Confidentiality Agreement,

27  provided that such production is based upon a stipulation signed by the parties and

28  the Court concerning the obligations of the parties to log privileged documents.

**Document Request No. 7**

All DOCUMENTS relating to or affecting the division of revenue, proceeds, or other profits regarding SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 7**

In addition to the General Objections, which are incorporated herein by this reference, Peavy specifically objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. *See* General Objection ¶ 1, *supra*. Peavy further objects to this request to the extent that it is relevant only to DC's Third through Sixth state law claims as such discovery should be stayed during the pendency of Defendants' anti-SLAPP motion and because the Third Claim does not exist as a matter of law. *See* General Objection ¶ 2, *supra*. Peavy further objects to this request to the extent it seeks any privileged documents concerning any Collective Bargaining between the Shusters and Siegels and because plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3, *supra*.

In addition to the above, Peavy objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive. Peavy further objects to this request on the grounds that the phrase "affecting the division of" is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response. Peavy further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Peavy further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Peavy additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product

DC COMICS' MOTION TO COMPEL

1   doctrine and any other privilege or immunity available under law or arising from

2   contractual obligation.  Subject to and without waiving the foregoing, and the

3   general and specific objections, Peavy will produce responsive documents

4   consistent with her understanding of this request, if any, that are not privileged and

5   not subject to the parties' JAMS Confidentiality Agreement, provided that such

6   production is based upon a stipulation signed by the parties and the Court

7   concerning the obligations of the parties to log privileged documents.

8   **Document Request No. 8**

9       All DOCUMENTS relating to or affecting the division of any settlement

10  proceeds regarding SUPERMAN and/or SUPERBOY.

11  **Response to Document Request No. 8**

12      In addition to the General Objections, which are incorporated herein by this

13  reference, Peavy specifically objects to this request on the ground that the

14  underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

15  12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

16  statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

17  greatly narrow the issues.  *See* General Objection ¶ 1, *supra*.  Peavy further objects

18  to this request to the extent that it is relevant only to DC's Third through Sixth state

19  law claims as such discovery should be stayed during the pendency of Defendants'

20  anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

21  *See* General Objection ¶ 2, *supra*.  Peavy further objects to this request to the extent

22  it seeks any privileged documents concerning any Collective Bargaining between

23  the Shusters and Siegels and because plaintiff's use of such information violates the

24  parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3,

25  *supra*.

26      In addition to the above, Peavy objects to this request on the grounds that it is

27  compound, overbroad, burdensome and oppressive.  Peavy further objects to this

28  request on the grounds that the phrase "affecting the division of" is vague and

DC COMICS' MOTION TO COMPEL

1  ambiguous, and lacks sufficient precision to allow her to formulate an appropriate

2  response. Peavy further objects to this request on the grounds that it is indefinite as

3  to time and not reasonably limited in scope.  Peavy further objects to this request to

4  the extent that it seeks the production of any item, or portion thereof, which is not

5  reasonably calculated to lead to the discovery of relevant and admissible evidence.

6  Peavy additionally objects to this request to the extent that it seeks communications

7  or items protected by the attorney-client privilege, the attorney work product

8  doctrine and any other privilege or immunity available under law or arising from

9  contractual obligation. Subject to and without waiving the foregoing, and the

10  general and specific objections, Peavy will produce responsive documents

11  consistent with her understanding of this request, if any, that are not privileged and

12  not subject to the parties' JAMS Confidentiality Agreement, provided that such

13  production is based upon a stipulation signed by the parties and the Court

14  concerning the obligations of the parties to log privileged documents.

15  **Document Request No. 9**

16      All DOCUMENTS relating to the potential sale, assignment, license, or other

17  disposition of any rights relating to SUPERMAN and/or SUPERBOY, including

18  but not limited to any solicitation, offer, option, or proposed agreement.

19  **Response to Document Request No. 9**

20      In addition to the General Objections, which are incorporated herein by this

21  reference, Peavy specifically objects to this request on the ground that the

22  underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

23  12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

24  statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

25  greatly narrow the issues. *See* General Objection ¶ 1, *supra*.  Peavy further objects

26  to this request to the extent that it is relevant only to DC's Third through Sixth state

27  law claims as such discovery should be stayed during the pendency of Defendants'

28  anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

*See* General Objection ¶ 2, *supra*. Peavy further objects to this request to the extent it seeks any privileged documents concerning any Collective Bargaining between the Shusters and Siegels and because plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3, *supra*.

In addition to the above, Peavy objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive. Peavy further objects to this request on the grounds that the request is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response. Peavy further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Peavy further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Peavy additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing, and the general and specific objections, Peavy will produce responsive documents consistent with her understanding of this request, if any, that are not privileged and not subject to the parties' JAMS Confidentiality Agreement, provided that such production is based upon a stipulation signed by the parties and the Court concerning the obligations of the parties to log privileged documents.

**Document Request No. 10**

All DOCUMENTS relating to the valuation of any past, current, or potential ownership interest in SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 10**

In addition to the General Objections, which are incorporated herein by this reference, Peavy specifically objects to this request on the ground that the

DC COMICS' MOTION TO COMPEL

1   underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

2   12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

3   statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

4   greatly narrow the issues. *See* General Objection ¶ 1, *supra*. Peavy further objects

5   to this request to the extent that it is relevant only to DC's Third through Sixth state

6   law claims as such discovery should be stayed during the pendency of Defendants'

7   anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

8   *See* General Objection ¶ 2, *supra*. Peavy further objects to this request to the extent

9   it seeks any privileged documents concerning any Collective Bargaining between

10  the Shusters and Siegels and because plaintiff's use of such information violates the

11  parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3,

12  *supra*.

13       In addition to the above, Peavy objects to this request on the grounds that it is

14  compound, overbroad, burdensome and oppressive. Peavy further objects to this

15  request on the grounds that the phrase "valuation of any past, current, or potential

16  ownership interest in SUPERMAN and/or SUPERBOY" is vague and ambiguous,

17  and lacks sufficient precision to allow her to formulate an appropriate response.

18  Peavy further objects to this request on the grounds that it is indefinite as to time

19  and not reasonably limited in scope. Peavy further objects to this request to the

20  extent that it seeks the production of any item, or portion thereof, which is not

21  reasonably calculated to lead to the discovery of relevant and admissible evidence.

22  Peavy additionally objects to this request to the extent that it seeks communications

23  or items protected by the attorney-client privilege, the attorney work product

24  doctrine and any other privilege or immunity available under law or arising from

25  contractual obligation. Subject to and without waiving the foregoing, and the

26  general and specific objections, Peavy will produce responsive non-privileged

27  documents consistent with her understanding of this request, if any, provided that

28  such production is based upon a stipulation signed by the parties and the Court

DC COMICS' MOTION TO COMPEL

1  concerning the obligations of the parties to log privileged documents.

2  **Document Request No. 11**

3      All DOCUMENTS relating to the introduction of YOU or the SHUSTER

4  HEIRS to any DEFENDANT.

5  **Response to Document Request No. 11**

6      In addition to the General Objections, which are incorporated herein by this

7  reference, Peavy specifically objects to this request on the ground that the

8  underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

9  12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

10  statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

11  greatly narrow the issues.  *See* General Objection ¶ 1, *supra*.  Peavy further objects

12  to this request to the extent that it is relevant only to DC's Third through Sixth state

13  law claims as such discovery should be stayed during the pendency of Defendants'

14  anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

15  *See* General Objection ¶ 2, *supra*.  Peavy further objects to this request to the extent

16  it seeks any privileged documents concerning any Collective Bargaining between

17  the Shusters and Siegels and because plaintiff's use of such information violates the

18  parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3,

19  *supra*.

20      In addition to the above, Peavy objects to this request on the grounds that it is

21  compound, overbroad, burdensome and oppressive.  Peavy further objects to this

22  request on the grounds that the phrase "introduction of YOU or the SHUSTER

23  HEIRS to any DEFENDANT" is vague and ambiguous, and lacks sufficient

24  precision to allow her to formulate an appropriate response.  Peavy further objects

25  to this request on the grounds that it is indefinite as to time and not reasonably

26  limited in scope.  Peavy further objects to this request to the extent that it seeks the

27  production of any item, or portion thereof, which is not reasonably calculated to

28  lead to the discovery of relevant and admissible evidence.  Peavy additionally

DC COMICS' MOTION TO COMPEL

1   objects to this request to the extent that it seeks communications or items protected

2   by the attorney-client privilege, the attorney work product doctrine and any other

3   privilege or immunity available under law or arising from contractual obligation.

4   Subject to and without waiving the foregoing, and the general and specific

5   objections, Peavy will produce responsive non-privileged documents consistent

6   with her understanding of this request, if any, provided that such production is

7   based upon a stipulation signed by the parties and the Court concerning the

8   obligations of the parties to log privileged documents.

9   **Document Request No. 12**

10   All DOCUMENTS relating to the introduction of the SIEGEL HEIRS to any

11   DEFENDANT.

12   **Response to Document Request No. 12**

13   In addition to the General Objections, which are incorporated herein by this

14   reference, Peavy specifically objects to this request on the ground that the

15   underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

16   12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

17   statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

18   greatly narrow the issues. *See* General Objection ¶ 1, *supra*. Peavy further objects

19   to this request to the extent that it is relevant only to DC's Third through Sixth state

20   law claims as such discovery should be stayed during the pendency of Defendants'

21   anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

22   *See* General Objection ¶ 2, *supra*. Peavy further objects to this request to the extent

23   it seeks any privileged documents concerning any Collective Bargaining between

24   the Shusters and Siegels and because plaintiff's use of such information violates the

25   parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3,

26   *supra*.

27   In addition to the above, Peavy objects to this request on the grounds that it is

28   compound, overbroad, burdensome and oppressive. Peavy further objects to this

DC COMICS' MOTION TO COMPEL

1  request on the grounds that the phrase <u>"introduction of the SIEGEL HEIRS to any</u>

2  <u>DEFENDANT"</u> is vague and ambiguous, and lacks sufficient precision to allow her

3  to formulate an appropriate response. Peavy further objects to this request on the

4  grounds that it is indefinite as to time and not reasonably limited in scope.  Peavy

5  further objects to this request to the extent that it seeks the production of any item,

6  or portion thereof, which is not reasonably calculated to lead to the discovery of

7  relevant and admissible evidence.  Peavy additionally objects to this request to the

8  extent that it seeks communications or items protected by the attorney-client

9  privilege, the attorney work product doctrine and any other privilege or immunity

10  available under law or arising from contractual obligation.  Subject to and without

11  waiving the foregoing, and the general and specific objections, Peavy will produce

12  responsive non-privileged documents consistent with her understanding of this

13  request, if any, provided that such production is based upon a stipulation signed by

14  the parties and the Court concerning the obligations of the parties to log privileged

15  documents.

16  **Document Request No. 13**

17       All DOCUMENTS relating to the letter dated August 21, 1992 that YOU

18  sent to Time Warner Inc.

19  **Response to Document Request No. 13:**

20       In addition to the General Objections, which are incorporated herein by this

21  reference, Peavy specifically objects to this request on the ground that the

22  underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

23  12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

24  statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

25  greatly narrow the issues. *See* General Objection ¶ 1, *supra*.  Peavy further objects

26  to this request to the extent that it is relevant only to DC's Third through Sixth state

27  law claims as such discovery should be stayed during the pendency of Defendants'

28  anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

DC COMICS' MOTION TO COMPEL

*See* General Objection ¶ 2, *supra*.  Peavy further objects to this request to the extent it seeks any privileged documents concerning any Collective Bargaining between the Shusters and Siegels and because plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3, *supra*.

In addition to the above, Peavy objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive.  Peavy further objects to this request on the grounds that it is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response.  Peavy further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope.  Peavy further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence.  Peavy additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing, and the general and specific objections, Peavy will produce responsive non-privileged documents consistent with her understanding of this request, if any, provided that such production is based upon a stipulation signed by the parties and the Court concerning the obligations of the parties to log privileged documents.

**Document Request No. 14**

All DOCUMENTS relating to the letter dated September 10, 1992 that Frank Shuster sent on YOUR behalf to Paul Levitz of DC Comics.

**Response to Document Request No. 14**

In addition to the General Objections, which are incorporated herein by this reference, Peavy specifically objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

DC COMICS' MOTION TO COMPEL

12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. *See* General Objection ¶ 1, *supra*. Peavy further objects to this request to the extent that it is relevant only to DC's Third through Sixth state law claims as such discovery should be stayed during the pendency of Defendants' anti-SLAPP motion and because the Third Claim does not exist as a matter of law. *See* General Objection ¶ 2, *supra*. Peavy further objects to this request to the extent it seeks any privileged documents concerning any Collective Bargaining between the Shusters and Siegels and because plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3, *supra*.

In addition to the above, Peavy objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive. Peavy further objects to this request on the grounds that it is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response. Peavy further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Peavy further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Peavy additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing, and the general and specific objections, Peavy will produce responsive non-privileged documents consistent with her understanding of this request, if any, provided that such production is based upon a stipulation signed by the parties and the Court concerning the obligations of the parties to log privileged documents.

DC COMICS' MOTION TO COMPEL

1    **Document Request No. 15**

2        All DOCUMENTS relating to the agreement dated August 1, 1992 that YOU

3    entered into with DC Comics.

4    **Response to Document Request No. 15**

5        In addition to the General Objections, which are incorporated herein by this

6    reference, Peavy specifically objects to this request on the ground that the

7    underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

8    12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

9    statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

10   greatly narrow the issues.  *See* General Objection ¶ 1, *supra*.  Peavy further objects

11   to this request to the extent that it is relevant only to DC's Third through Sixth state

12   law claims as such discovery should be stayed during the pendency of Defendants'

13   anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

14   *See* General Objection ¶ 2, *supra*.  Peavy further objects to this request to the extent

15   it seeks any privileged documents concerning any Collective Bargaining between

16   the Shusters and Siegels and because plaintiff's use of such information violates the

17   parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3,

18   *supra*.

19       In addition to the above, Peavy objects to this request on the grounds that it is

20   compound, overbroad, burdensome and oppressive.  Peavy further objects to this

21   request on the grounds that it is vague and ambiguous, and lacks sufficient

22   precision to allow her to formulate an appropriate response.  Peavy further objects

23   to this request on the grounds that it is indefinite as to time and not reasonably

24   limited in scope.  Peavy further objects to this request to the extent that it seeks the

25   production of any item, or portion thereof, which is not reasonably calculated to

26   lead to the discovery of relevant and admissible evidence.  Peavy additionally

27   objects to this request to the extent that it seeks communications or items protected

28   by the attorney-client privilege, the attorney work product doctrine and any other

DC COMICS' MOTION TO COMPEL

1   privilege or immunity available under law or arising from contractual obligation.

2   Subject to and without waiving the foregoing, and the general and specific

3   objections, Peavy will produce responsive non-privileged documents consistent

4   with her understanding of this request, if any, provided that such production is

5   based upon a stipulation signed by the parties and the Court concerning the

6   obligations of the parties to log privileged documents.

7   **Document Request No. 16**

8       All DOCUMENTS relating to the letter dated July 10, 1993 that YOU sent to

9   Paul Levitz of DC Comics.

10  **Response to Document Request No. 16**

11      In addition to the General Objections, which are incorporated herein by this

12  reference, Peavy specifically objects to this request on the ground that the

13  underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

14  12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

15  statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

16  greatly narrow the issues. *See* General Objection ¶ 1, *supra*. Peavy further objects

17  to this request to the extent that it is relevant only to DC's Third through Sixth state

18  law claims as such discovery should be stayed during the pendency of Defendants'

19  anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

20  *See* General Objection ¶ 2, *supra*. Peavy further objects to this request to the extent

21  it seeks any privileged documents concerning any Collective Bargaining between

22  the Shusters and Siegels and because plaintiff's use of such information violates the

23  parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3,

24  *supra*.

25      In addition to the above, Peavy objects to this request on the grounds that it is

26  compound, overbroad, burdensome and oppressive. Peavy further objects to this

27  request on the grounds that it is vague and ambiguous, and lacks sufficient

28  precision to allow her to formulate an appropriate response. Peavy further objects

DC COMICS' MOTION TO COMPEL

1    to this request on the grounds that it is indefinite as to time and not reasonably

2    limited in scope.  Peavy further objects to this request to the extent that it seeks the

3    production of any item, or portion thereof, which is not reasonably calculated to

4    lead to the discovery of relevant and admissible evidence.  Peavy additionally

5    objects to this request to the extent that it seeks communications or items protected

6    by the attorney-client privilege, the attorney work product doctrine and any other

7    privilege or immunity available under law or arising from contractual obligation.

8    Subject to and without waiving the foregoing, and the general and specific

9    objections, Peavy will produce responsive non-privileged documents consistent

10   with her understanding of this request, if any, provided that such production is

11   based upon a stipulation signed by the parties and the Court concerning the

12   obligations of the parties to log privileged documents.

13   **Document Request No. 17**

14        All DOCUMENTS relating to the letter dated September 14, 1993 that YOU

15   sent to Paul Levitz of DC Comics.

16   **Response to Document Request No. 17**

17        In addition to the General Objections, which are incorporated herein by this

18   reference, Peavy specifically objects to this request on the ground that the

19   underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

20   12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

21   statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

22   greatly narrow the issues.  *See* General Objection ¶ 1, *supra*.  Peavy further objects

23   to this request to the extent that it is relevant only to DC's Third through Sixth state

24   law claims as such discovery should be stayed during the pendency of Defendants'

25   anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

26   *See* General Objection ¶ 2, *supra*.  Peavy further objects to this request to the extent

27   it seeks any privileged documents concerning any Collective Bargaining between

28   the Shusters and Siegels and because plaintiff's use of such information violates the

parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3, *supra*.

In addition to the above, Peavy objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive. Peavy further objects to this request on the grounds that it is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response. Peavy further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Peavy further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Peavy additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing, and the general and specific objections, Peavy will produce responsive non-privileged documents consistent with her understanding of this request, if any, provided that such production is based upon a stipulation signed by the parties and the Court concerning the obligations of the parties to log privileged documents.

**Document Request No. 18**

All DOCUMENTS relating to the letter dated April 27, 1995 that YOU sent to Paul Levitz of DC Comics.

**Response to Document Request No. 18**

In addition to the General Objections, which are incorporated herein by this reference, Peavy specifically objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. *See* General Objection ¶ 1, *supra*. Peavy further objects

DC COMICS' MOTION TO COMPEL

1    to this request to the extent that it is relevant only to DC's Third through Sixth state

2    law claims as such discovery should be stayed during the pendency of Defendants'

3    anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

4    *See* General Objection ¶ 2, *supra*.  Peavy further objects to this request to the extent

5    it seeks any privileged documents concerning any Collective Bargaining between

6    the Shusters and Siegels and because plaintiff's use of such information violates the

7    parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3,

8    *supra*.

9            In addition to the above, Peavy objects to this request on the grounds that it is

10   compound, overbroad, burdensome and oppressive.  Peavy further objects to this

11   request on the grounds that it is vague and ambiguous, and lacks sufficient

12   precision to allow her to formulate an appropriate response.  Peavy further objects

13   to this request on the grounds that it is indefinite as to time and not reasonably

14   limited in scope.  Peavy further objects to this request to the extent that it seeks the

15   production of any item, or portion thereof, which is not reasonably calculated to

16   lead to the discovery of relevant and admissible evidence.  Peavy additionally

17   objects to this request to the extent that it seeks communications or items protected

18   by the attorney-client privilege, the attorney work product doctrine and any other

19   privilege or immunity available under law or arising from contractual obligation.

20   Subject to and without waiving the foregoing, and the general and specific

21   objections, Peavy will produce responsive non-privileged documents consistent

22   with her understanding of this request, if any, provided that such production is

23   based upon a stipulation signed by the parties and the Court concerning the

24   obligations of the parties to log privileged documents.

25   **Document Request No. 19**

26           All DOCUMENTS relating to the letter agreement dated November 23, 2001

27   that YOU entered into with DEFENDANT Pacific Pictures Corporation.

28

**<u>Response to Document Request No. 19</u>**

In addition to the General Objections, which are incorporated herein by this reference, Peavy specifically objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. *See* General Objection ¶ 1, *supra*. Peavy further objects to this request to the extent that it is relevant only to DC's Third through Sixth state law claims as such discovery should be stayed during the pendency of Defendants' anti-SLAPP motion and because the Third Claim does not exist as a matter of law. *See* General Objection ¶ 2, *supra*. Peavy further objects to this request to the extent it seeks any privileged documents concerning any Collective Bargaining between the Shusters and Siegels and because plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3, *supra*.

In addition to the above, Peavy objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive. Peavy further objects to this request on the grounds that it is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response. Peavy further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Peavy further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Peavy additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing, and the general and specific objections, Peavy will produce responsive non-privileged documents consistent

DC COMICS' MOTION TO COMPEL

1   with her understanding of this request, if any, provided that such production is

2   based upon a stipulation signed by the parties and the Court concerning the

3   obligations of the parties to log privileged documents.

4   **Document Request No. 20**

5        All DOCUMENTS relating to the letter agreement dated October 27, 2003

6   that YOU entered into with DEFENDANT Pacific Pictures Corporation.

7   **Response to Document Request No. 20**

8        In addition to the General Objections, which are incorporated herein by this

9   reference, Peavy specifically objects to this request on the ground that the

10  underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

11  12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

12  statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

13  greatly narrow the issues. *See* General Objection ¶ 1, *supra*. Peavy further objects

14  to this request to the extent that it is relevant only to DC's Third through Sixth state

15  law claims as such discovery should be stayed during the pendency of Defendants'

16  anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

17  *See* General Objection ¶ 2, *supra*. Peavy further objects to this request to the extent

18  it seeks any privileged documents concerning any Collective Bargaining between

19  the Shusters and Siegels and because plaintiff's use of such information violates the

20  parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3,

21  *supra*.

22       In addition to the above, Peavy objects to this request on the grounds that it is

23  compound, overbroad, burdensome and oppressive. Peavy further objects to this

24  request on the grounds that it is vague and ambiguous, and lacks sufficient

25  precision to allow her to formulate an appropriate response. Peavy further objects

26  to this request on the grounds that it is indefinite as to time and not reasonably

27  limited in scope. Peavy further objects to this request to the extent that it seeks the

28  production of any item, or portion thereof, which is not reasonably calculated to

DC COMICS' MOTION TO COMPEL

1   lead to the discovery of relevant and admissible evidence.  Peavy additionally

2   objects to this request to the extent that it seeks communications or items protected

3   by the attorney-client privilege, the attorney work product doctrine and any other

4   privilege or immunity available under law or arising from contractual obligation.

5   Subject to and without waiving the foregoing, and the general and specific

6   objections, Peavy will produce responsive non-privileged documents consistent

7   with her understanding of this request, if any, provided that such production is

8   based upon a stipulation signed by the parties and the Court concerning the

9   obligations of the parties to log privileged documents.

10  **Document Request No. 21:**

11      All DOCUMENTS relating to the letter dated September 10, 2004 that YOU

12  signed with DEFENDANT Pacific Pictures Corporation.

13  **Response to Document Request No. 21**

14      In addition to the General Objections, which are incorporated herein by this

15  reference, Peavy specifically objects to this request on the ground that the

16  underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

17  12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

18  statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

19  greatly narrow the issues.  *See* General Objection ¶ 1, *supra*.  Peavy further objects

20  to this request to the extent that it is relevant only to DC's Third through Sixth state

21  law claims as such discovery should be stayed during the pendency of Defendants'

22  anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

23  *See* General Objection ¶ 2, *supra*.  Peavy further objects to this request to the extent

24  it seeks any privileged documents concerning any Collective Bargaining between

25  the Shusters and Siegels and because plaintiff's use of such information violates the

26  parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3,

27  *supra*.

28      In addition to the above, Peavy objects to this request on the grounds that it is

- 136 -                DC COMICS' MOTION TO COMPEL

1  compound, overbroad, burdensome and oppressive.  Peavy further objects to this

2  request on the grounds that it is vague and ambiguous, and lacks sufficient

3  precision to allow her to formulate an appropriate response.  Peavy further objects

4  to this request on the grounds that it is indefinite as to time and not reasonably

5  limited in scope.  Peavy further objects to this request to the extent that it seeks the

6  production of any item, or portion thereof, which is not reasonably calculated to

7  lead to the discovery of relevant and admissible evidence.  Peavy additionally

8  objects to this request to the extent that it seeks communications or items protected

9  by the attorney-client privilege, the attorney work product doctrine and any other

10  privilege or immunity available under law or arising from contractual obligation.

11  Subject to and without waiving the foregoing, and the general and specific

12  objections, Peavy will produce responsive non-privileged documents consistent

13  with her understanding of this request, if any, provided that such production is

14  based upon a stipulation signed by the parties and the Court concerning the

15  obligations of the parties to log privileged documents.

16  **Document Request No. 22**

17      All DOCUMENTS relating to the Request of Termination of Transfer

18  Covering Extended Copyright Renewal Term of "Superman" served on behalf of

19  the Estate of Joseph Shuster on or around November 10, 2003.

20  **Response to Document Request No. 22**

21      In addition to the General Objections, which are incorporated herein by this

22  reference, Peavy specifically objects to this request on the ground that the

23  underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

24  12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

25  statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

26  greatly narrow the issues.  *See* General Objection ¶ 1, *supra*.  Peavy further objects

27  to this request to the extent that it is relevant only to DC's Third through Sixth state

28  law claims as such discovery should be stayed during the pendency of Defendants'

DC COMICS' MOTION TO COMPEL

1   anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

2   *See* General Objection ¶ 2, *supra*.  Peavy further objects to this request to the extent

3   it seeks any privileged documents concerning any Collective Bargaining between

4   the Shusters and Siegels and because plaintiff's use of such information violates the

5   parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3,

6   *supra*.

7        In addition to the above, Peavy objects to this request on the grounds that it is

8   compound, overbroad, burdensome and oppressive.  Peavy further objects to this

9   request on the grounds that it is vague and ambiguous, and lacks sufficient

10  precision to allow her to formulate an appropriate response.  Peavy further objects

11  to this request on the grounds that it is indefinite as to time and not reasonably

12  limited in scope.  Peavy further objects to this request to the extent that it seeks the

13  production of any item, or portion thereof, which is not reasonably calculated to

14  lead to the discovery of relevant and admissible evidence.  Peavy additionally

15  objects to this request to the extent that it seeks communications or items protected

16  by the attorney-client privilege, the attorney work product doctrine and any other

17  privilege or immunity available under law or arising from contractual obligation.

18  Subject to and without waiving the foregoing, and the general and specific

19  objections, Peavy will produce responsive non-privileged documents consistent

20  with her understanding of this request, if any, provided that such production is

21  based upon a stipulation signed by the parties and the Court concerning the

22  obligations of the parties to log privileged documents.

23  **D.**    **Mark Peary – Document Requests 1-22 and General and Specific**

24         **Objections**

25         **OBJECTIONS TO THE ENTIRE REQUEST**

26       Peary objects to the entire Request on each of the following grounds and

27  incorporates by reference each of the following objections into his response to

28  each individual category of documents within it:

DC COMICS' MOTION TO COMPEL

1.      Peary objects to the Request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues.  These motions have been fully briefed and are set for hearing on October 18, 2010.  Given the pendency of these dispositive motions, Magistrate Zarefsky held on September 20, 2010 that deposition discovery was not appropriate until at least November 15, 2010 to afford Judge Wright time to rule on these motions.  Magistrate Zarefsky has also indicated that Judge Wright may extend this deadline if he needs more time to so rule.  Magistrate Zarefsky's rationale for limiting the burden of discovery until Judge Wright has ruled on these motions should apply with equal force to document discovery as it does to depositions.

2.      Peary objects to each individual request within the Request to the extent it is relevant only to the Fourth through Sixth state law claims for relief in DC's First Amended Complaint ("FAC").  Defendants contend that their pending anti-SLAPP motion stays discovery regarding these state law claims.  Magistrate Zarefsky rejected that argument, apparently based on *Metabolife Int'l., Inc. v. Wornick*, 264 F.3d 832 (9th Cir. 2001), but Defendants have timely objected to this ruling pursuant to L.R. 72.2-1. *See* Docket No. 101. *Metabolife* is inconsistent with recent Supreme Court authority *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 130 S. Ct. 1431, 1452 (2010) (Stevens, J., concurring), decided this year, and with the Ninth Circuit's decision in *Batzel v. Smith*, 333 F.3d 1018, 1024 (9th Cir. 2003).  These cases recognize that substantive provisions of state law, such as the anti-SLAPP statute's automatic discovery stay, apply in federal court.  *Metabolife* includes no contrary discussion.  In light of this, Judge Wright and the Ninth Circuit should be afforded the opportunity to address Defendants' well taken objection

DC COMICS' MOTION TO COMPEL

1    on these grounds.  *See* Docket No. 101 at 3:20- 5:23.  Any response that refers

2    to the planned production of documents is without prejudice to Defendants'

3    right to seek a stay of discovery before the Court, the 9th Circuit, or the

4    Supreme Court.

5         Plaintiff has sought to avoid the force of this automatic stay by

6    contending that the same discovery relates to DC's Third claim for relief

7    ("Third Claim"), which it claims arises under federal copyright law.  DC's

8    Third Claim is premised on the false construct that DC purportedly has a right

9    of exclusive negotiation under 17 U.S.C. § 304(c)(6)(D) to settle Defendant's

10   termination claims pursuant to 17 U.S.C. § 304(d).  However, the plain

11   language of § 304(c)(6)(D) does not provide a terminated grantee like DC with

12   any such "right," as expressly addressed and recognized in *Bourne Co. v. MPL

13   Commc'ns, Inc*., 675 F. Supp. 859, 865 n.11 (S.D.N.Y. 1987) ("[T]he statute

14   neither compels the terminating party to negotiate with the terminated grantee,

15   nor forbids him from negotiating with anyone else.").  *See* Docket Nos. 78 at

16   4:7-7:27; 100 at 1:17-3:15.  The Third Claim does not and cannot exist as a

17   matter of law and thus DC cannot use this manufactured federal claim to avoid

18   the automatic stay provided by the anti-SLAPP motion. CCP § 425.16(g);

19   *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987) (stay of discovery pending

20   motion to dismiss was appropriate where allegations - taken as true - failed to

21   allege requisite elements of statutory cause of action).

22        3.    To the extent the Request seeks documents concerning any

23   agreement between the Shusters and Siegels to act collectively in negotiations

24   with DC regarding the settlement of their termination claims ("Collective

25   Bargaining"), Peary objects on the following grounds: Such documents concern

26   only the Third through Sixth claims for relief and thus are irrelevant to the First

27   and Second claims that are the only proper subject of discovery at this point in

28   the proceedings.  Any documents that exist relating to Collective Bargaining

DC COMICS' MOTION TO COMPEL

1  contain and memorialize attorney-client privileged communications and

2  attorney work product and reveal sensitive settlement strategy that would give

3  DC an unfair advantage.  In addition, any Collective Bargaining documents

4  were prepared in connection with mediation and the use of such information

5  plainly violates the parties' May 1, 2008 JAMS Confidentiality Agreement and

6  the California mediation privilege.  Moreover this disclosure is inconsistent

7  with the policies of FRE 408 and California Evidence Code §§ 1119 *et seq*.;

8  1152.

9      4.    Peary objects to the Request on the ground that a motion for entry

10 of judgment pursuant to FRCP 54(b) has been filed in the closely related action

11 *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-

12 CV-8400.  If this motion is granted, such judgment will have collateral estoppel

13 effect on DC, and thereby substantially narrow the duplicative issues raised in

14 the present action.  Accordingly, any discovery should be stayed and documents

15 should not be produced until the Rule 54(b) motion is decided.

16     5.    Peary objects to the Request to the extent that it seeks the

17 production of any item, or portion thereof, comprising or reflecting information

18 transmitted and maintained in confidence between Peary or any person or entity

19 acting on his behalf and his counsel for the purpose of obtaining legal advice or

20 representation, on the grounds that such information is protected from

21 disclosure by the attorney-client privilege and the joint-interest privilege.  Such

22 documents will not be produced in response to the request, and any inadvertent

23 production thereof shall not be deemed a waiver of any privilege or doctrine

24 with respect to such documents.

25     6.    Peary objects to the Request to the extent that it seeks the

26 production of any item, or portion thereof, comprising or reflecting information

27 with any confidential impression, conclusion, opinion, legal research, or legal

28 theory of counsel for Peary or any other person or entity, on the grounds that

DC COMICS' MOTION TO COMPEL

1    such information is protected from disclosure by the attorney work product

2    doctrine.  Such documents will not be produced in response to the request, and

3    any inadvertent production thereof shall not be deemed a waiver of any

4    privilege or doctrine with respect to such documents.

5         7.    As the parties are in the process of negotiating a stipulation

6    regarding the parties' logging of post-litigation communications, Peary will not

7    be serving any privilege logs until these negotiations are concluded.

8    Defendants provided a draft of the proposed stipulation on September 16, 2010,

9    to which Plaintiff did not respond for nearly three weeks, until October 6, 2010.

10   Before providing the draft stipulation, counsel for Defendants repeatedly asked

11   counsel for DC what terms DC would wish to see in such a stipulation, but DC

12   did not respond.  Nor will Defendants produce any documents absent an

13   agreement by DC that the production of such documents will not constitute a

14   waiver of any protection as to discovery and that there has been no such waiver.

15   DC has not responded to this request for such an agreement.  Moreover, Peary

16   will neither produce nor log any documents created or transmitted after the start

17   of this litigation. All privileges and immunities provided by law are expressly

18   reserved.

19        8.    Peary objects to the Request to the extent that it seeks the

20   production of any item, or portion thereof, which is not reasonably calculated to

21   lead to the discovery of relevant and admissible evidence, on the grounds that it

22   exceeds the permissible scope of discovery delimited by Rule 26(b)(1) of the

23   Federal Rules of Civil Procedure.

24        9.    Peary objects to the Request to the extent that it seeks the

25   production of any item, or portion thereof, comprising or reflecting any trade

26   secret or other confidential or proprietary information of Peary or any other

27   person or entity.

28

DC COMICS' MOTION TO COMPEL

1      10.    Peary objects to the Request to the extent that it seeks the

2  production of any item, or portion thereof, which is protected from disclosure

3  by court order, or any privacy or similar rights of any person or entity.

4      11.    Peary objects to the Request's document requests to the extent they

5  are unduly burdensome, overly broad, impose extreme hardship or would result

6  in the expenditure of unnecessary time and resources.

7      12.    Peary objects to the Request to the extent it is overbroad and

8  therefore unduly burdensome, oppressive and harassing.

9      13.    Peary objects to the document requests contained in the Request to

10  the extent the expense of producing documents outweighs the likely benefit of

11  discovery provided to Plaintiff.

12      14.    Peary objects to the Request to the extent that it seeks the

13  production of duplicative identical items, or documents or information already

14  in Plaintiff's possession, or by reason of public filing, publication or otherwise

15  are readily accessible to Plaintiff through other means.

16      15.    Peary objects to the Request to the extent that it seeks the

17  production of any item which has been served, filed, or transmitted in the

18  course of this action, on the grounds that such production would be

19  burdensome, oppressive, and unnecessary.

20      16.    Peary objects to the Request to the extent that it seeks the

21  production of any item which has already been produced, served or filed in the

22  course of the related actions *Joanne Siegel, et al. v. Warner Bros.*

23  *Entertainment Inc., et al.*, Case No. 04-CV-8400 ODW (RZx) and *Joanne*

24  *Siegel, et al. v. Time Warner Inc., et al.,* Case No. 04-CV-8766 ODW (RZx)

25  (collectively "*Siegel* Litigation"), on the grounds that such production would be

26  duplicative, burdensome, oppressive, and unnecessary.  Provided DC agrees

27  that identification of documents produced by Peary in the *Siegel* litigation that

28  are responsive to this request will not trigger a requirement to produce a

      DC COMICS' MOTION TO COMPEL

1   privilege log and that there is no waiver of privilege in identifying such
2   documents and that there has been no such waiver, Peary will identify the
3   documents already produced in the *Siegel* litigation that are responsive to the
4   Request.

5       17.     Peary objects to the Request and each document category therein to
6   the extent that it seeks the production of any item or document that is not the
7   property of Peary.  Peary will not produce any items or documents that are the
8   property of any other person or entity.

9       18.     Peary objects generally to the Request and to the definitions and
10  instructions therein to the extent that they purport to alter or extend Peary's
11  obligations beyond those established by the Federal Rules of Civil Procedure,
12  the Local Rules of the United States District Court for the Central District of
13  California, or any order or ruling by the Court in this action.

14      19.     Peary objects generally to the definitions of the terms "YOU" and
15  "YOUR" as vague and ambiguous, overbroad and unduly burdensome.  Peary
16  will construe these terms to refer to Peary.

17      20.     Peary objects generally to the definitions of the terms
18  "DEFENDANT" and "DEFENDANTS" as vague and ambiguous, overbroad
19  and unduly burdensome.  Peary will construe these terms to refer only to the
20  specific defendants in this action.

21      21.     Peary objects generally to the definition of the term "SHUSTER
22  HEIRS" as vague and ambiguous, overbroad and unduly burdensome. Solely
23  for the purposes of these responses, and for no other purpose, Peary will
24  construe this term to refer only to the Estate of Joseph Shuster, Jean Peavy,
25  Mark Peary, Dawn Peavy and Frank Shuster.

26      22.     Peary objects generally to the definition of the term "SIEGEL
27  HEIRS" as vague and ambiguous, overbroad and unduly burdensome. Solely
28  for the purposes of these responses, and for no other purpose, Peary will

DC COMICS' MOTION TO COMPEL

1  construe this term to refer only to Joanne Siegel, Laura Siegel Larson, Dennis

2  Larson and Michael Siegel.

3      23.    Peary objects generally to the definition of the term "SHUSTER"

4  as vague and ambiguous, overbroad and unduly burdensome. Peary will

5  construe this term to refer only to Joseph Shuster.

6      24.    Peary objects generally to the definition of the term "SIEGEL" as

7  vague and ambiguous, overbroad and unduly burdensome. Peary will construe

8  this term to refer only to Jerome Siegel.

9      25.    Peary reserves the right to revise, amend, supplement or clarify any

10  of the objections set forth herein.

11          **SPECIFIC RESPONSES TO INDIVIDUAL REQUESTS**

12  **Document Request No. 23**

13      All agreements between or among YOU and any DEFENDANT regarding

14  the SHUSTER HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

15  **Response to Document Request No. 23**

16      In addition to the General Objections, which are incorporated herein by this

17  reference, Peary specifically objects to this request on the ground that the

18  underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

19  12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

20  statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

21  greatly narrow the issues. *See* General Objection ¶ 1, *supra*. Peary further objects

22  to this request to the extent that it is relevant only to DC's Third through Sixth state

23  law claims as such discovery should be stayed during the pendency of Defendants'

24  anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

25  *See* General Objection ¶ 2, *supra*. Peary further objects to this request to the extent

26  it seeks any privileged documents concerning any Collective Bargaining between

27  the Shusters and Siegels and because plaintiff's use of such information violates the

28  parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3,

DC COMICS' MOTION TO COMPEL

1    *supra*.

2        In addition to the above, Peary objects to this request on the grounds that it is

3    compound, overbroad, burdensome and oppressive.  Peary objects to this request on

4    the grounds that the phrase "purported rights" is vague and ambiguous, and lacks

5    sufficient precision to allow him to formulate an appropriate response.  Peary

6    further objects to this request on the grounds that it is indefinite as to time and not

7    reasonably limited in scope.  Peary further objects to this request to the extent that it

8    seeks the production of any item, or portion thereof, which is not reasonably

9    calculated to lead to the discovery of relevant and admissible evidence.  Peary

10   additionally objects to this request to the extent that it seeks communications or

11   items protected by the attorney-client privilege, the attorney work product doctrine

12   and any other privilege or immunity available under law or arising from contractual

13   obligation.  Subject to and without waiving the foregoing, and the general and

14   specific objections, Peary will produce responsive documents consistent with his

15   understanding of this request, if any, that are not privileged and not subject to the

16   parties' JAMS Confidentiality Agreement, provided that such production is based

17   upon a stipulation signed by the parties and the Court concerning the obligations of

18   the parties to log privileged documents.

19   **Document Request No. 24**

20       All agreements between or among YOU and any DEFENDANT regarding

21   the SIEGEL HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

22   **Response to Document Request No. 24**

23       In addition to the General Objections, which are incorporated herein by this

24   reference, Peary specifically objects to this request on the ground that the

25   underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

26   12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

27   statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

28   greatly narrow the issues.  *See* General Objection ¶ 1, *supra*.  Peary further objects

DC COMICS' MOTION TO COMPEL

1    to this request to the extent that it is relevant only to DC's Third through Sixth state

2    law claims as such discovery should be stayed during the pendency of Defendants'

3    anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

4    *See* General Objection ¶ 2, *supra*.  Peary further objects to this request to the extent

5    it seeks any privileged documents concerning any Collective Bargaining between

6    the Shusters and Siegels and because plaintiff's use of such information violates the

7    parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3,

8    *supra*.

9        In addition to the above, Peary objects to this request on the grounds that it is

10    compound, overbroad, burdensome and oppressive.  Peary objects to this request on

11    the grounds that the phrase "purported rights" is vague and ambiguous, and lacks

12    sufficient precision to allow him to formulate an appropriate response.  Peary

13    further objects to this request on the grounds that it is indefinite as to time and not

14    reasonably limited in scope.  Peary further objects to this request to the extent that it

15    seeks the production of any item, or portion thereof, which is not reasonably

16    calculated to lead to the discovery of relevant and admissible evidence.  Peary

17    additionally objects to this request to the extent that it seeks communications or

18    items protected by the attorney-client privilege, the attorney work product doctrine

19    and any other privilege or immunity available under law or arising from contractual

20    obligation.  Subject to and without waiving the foregoing, and the general and

21    specific objections, Peary will produce responsive documents consistent with his

22    understanding of this request, if any, that are not privileged and not subject to the

23    parties' JAMS Confidentiality Agreement, provided that such production is based

24    upon a stipulation signed by the parties and the Court concerning the obligations of

25    the parties to log privileged documents.

26    **Document Request No. 25**

27        All agreements between or among SHUSTER and SIEGEL regarding any

28    purported rights in SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 25**

In addition to the General Objections, which are incorporated herein by this reference, Peary specifically objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. *See* General Objection ¶ 1, *supra*. Peary further objects to this request to the extent that it is relevant only to DC's Third through Sixth state law claims as such discovery should be stayed during the pendency of Defendants' anti-SLAPP motion and because the Third Claim does not exist as a matter of law. *See* General Objection ¶ 2, *supra*. Peary further objects to this request to the extent it seeks any privileged documents concerning any Collective Bargaining between the Shusters and Siegels and because plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3, *supra*.

In addition to the above, Peary objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive. Peary objects to this request on the grounds that the phrase "purported rights" is vague and ambiguous, and lacks sufficient precision to allow him to formulate an appropriate response. Peary further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Peary further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Peary additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing, and the general and specific objections,

DC COMICS' MOTION TO COMPEL

Peary will produce responsive documents consistent with his understanding of this request, if any, that are not privileged and not subject to the parties' JAMS Confidentiality Agreement, provided that such production is based upon a stipulation signed by the parties and the Court concerning the obligations of the parties to log privileged documents.

**Document Request No. 26**

All DOCUMENTS relating to or affecting the ability of YOU or the SHUSTER HEIRS to negotiate or enter into agreements regarding SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 26**

In addition to the General Objections, which are incorporated herein by this reference, Peary specifically objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. *See* General Objection ¶ 1, *supra.* Peary further objects to this request to the extent that it is relevant only to DC's Third through Sixth state law claims as such discovery should be stayed during the pendency of Defendants' anti-SLAPP motion and because the Third Claim does not exist as a matter of law. *See* General Objection ¶ 2, *supra.* Peary further objects to this request to the extent it seeks any privileged documents concerning any Collective Bargaining between the Shusters and Siegels and because plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3, *supra.*

In addition to the above, Peary objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive. Peary further objects to this request on the grounds that the phrase "affecting the ability of YOU or the SHUSTER HEIRS to negotiate or enter into agreements regarding SUPERMAN

DC COMICS' MOTION TO COMPEL

1  and/or SUPERBOY" is vague and ambiguous, and lacks sufficient precision to

2  allow him to formulate an appropriate response.  Peary further objects to this

3  request on the grounds that it is indefinite as to time and not reasonably limited in

4  scope.  Peary further objects to this request to the extent that it seeks the production

5  of any item, or portion thereof, which is not reasonably calculated to lead to the

6  discovery of relevant and admissible evidence.  Peary additionally objects to this

7  request to the extent that it seeks communications or items protected by the

8  attorney-client privilege, the attorney work product doctrine and any other privilege

9  or immunity available under law or arising from contractual obligation. Subject to

10  and without waiving the foregoing, and the general and specific objections, Peary

11  will produce responsive documents consistent with his understanding of this

12  request, if any, that are not privileged and not subject to the parties' JAMS

13  Confidentiality Agreement, provided that such production is based upon a

14  stipulation signed by the parties and the Court concerning the obligations of the

15  parties to log privileged documents.

16  **Document Request No. 27**

17         All DOCUMENTS relating to or affecting the ability of the SIEGEL HEIRS

18  to negotiate or enter into agreements regarding SUPERMAN and/or SUPERBOY.

19  **Response to Document Request No. 27**

20         In addition to the General Objections, which are incorporated herein by this

21  reference, Peary specifically objects to this request on the ground that the

22  underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

23  12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

24  statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

25  greatly narrow the issues.  *See* General Objection ¶ 1, *supra*.  Peary further objects

26  to this request to the extent that it is relevant only to DC's Third through Sixth state

27  law claims as such discovery should be stayed during the pendency of Defendants'

28  anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

*See* General Objection ¶ 2, *supra*.  Peary further objects to this request to the extent it seeks any privileged documents concerning any Collective Bargaining between the Shusters and Siegels and because plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3, *supra*.

In addition to the above, Peary objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive.  Peary further objects to this request on the grounds that the phrase "affecting the ability of the SIEGEL HEIRS to negotiate or enter into agreements" is vague and ambiguous, and lacks sufficient precision to allow him to formulate an appropriate response.  Peary further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope.  Peary further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence.  Peary additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing, and the general and specific objections, Peary will produce responsive documents consistent with his understanding of this request, if any, that are not privileged and not subject to the parties' JAMS Confidentiality Agreement, provided that such production is based upon a stipulation signed by the parties and the Court concerning the obligations of the parties to log privileged documents.

**Document Request No. 28**

All DOCUMENTS relating to or affecting the disposition, division, or ownership of any rights in SUPERMAN and/or SUPERBOY.

DC COMICS' MOTION TO COMPEL

**Response to Document Request No. 28**

In addition to the General Objections, which are incorporated herein by this reference, Peary specifically objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. *See* General Objection ¶ 1, *supra*. Peary further objects to this request to the extent that it is relevant only to DC's Third through Sixth state law claims as such discovery should be stayed during the pendency of Defendants' anti-SLAPP motion and because the Third Claim does not exist as a matter of law. *See* General Objection ¶ 2, *supra*. Peary further objects to this request to the extent it seeks any privileged documents concerning any Collective Bargaining between the Shusters and Siegels and because plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3, *supra*.

In addition to the above, Peary objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive. Peary further objects to this request on the grounds that the phrase "affecting the disposition, division, or ownership of" is vague and ambiguous, and lacks sufficient precision to allow him to formulate an appropriate response. Peary further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Peary further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Peary additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing, and the general and specific objections, Peary will produce

DC COMICS' MOTION TO COMPEL

1 responsive documents consistent with his understanding of this request, if any, that

2 are not privileged and not subject to the parties' JAMS Confidentiality Agreement,

3 provided that such production is based upon a stipulation signed by the parties and

4 the Court concerning the obligations of the parties to log privileged documents.

5 **Document Request No. 29**

6     All DOCUMENTS relating to or affecting the division of revenue, proceeds,

7 or other profits regarding SUPERMAN and/or SUPERBOY.

8 **Response to Document Request No. 29**

9     In addition to the General Objections, which are incorporated herein by this

10 reference, Peary specifically objects to this request on the ground that the

11 underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

12 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

13 statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

14 greatly narrow the issues. *See* General Objection ¶ 1, *supra*. Peary further objects

15 to this request to the extent that it is relevant only to DC's Third through Sixth state

16 law claims as such discovery should be stayed during the pendency of Defendants'

17 anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

18 *See* General Objection ¶ 2, *supra*. Peary further objects to this request to the extent

19 it seeks any privileged documents concerning any Collective Bargaining between

20 the Shusters and Siegels and because plaintiff's use of such information violates the

21 parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3,

22 *supra*.

23     In addition to the above, Peary objects to this request on the grounds that it is

24 compound, overbroad, burdensome and oppressive. Peary further objects to this

25 request on the grounds that the phrase "affecting the division of" is vague and

26 ambiguous, and lacks sufficient precision to allow him to formulate an appropriate

27 response. Peary further objects to this request on the grounds that it is indefinite as

28 to time and not reasonably limited in scope. Peary further objects to this request to

DC COMICS' MOTION TO COMPEL

1   the extent that it seeks the production of any item, or portion thereof, which is not

2   reasonably calculated to lead to the discovery of relevant and admissible evidence.

3   Peary additionally objects to this request to the extent that it seeks communications

4   or items protected by the attorney-client privilege, the attorney work product

5   doctrine and any other privilege or immunity available under law or arising from

6   contractual obligation.  Subject to and without waiving the foregoing, and the

7   general and specific objections, Peary will produce responsive documents

8   consistent with his understanding of this request, if any, that are not privileged and

9   not subject to the parties' JAMS Confidentiality Agreement, provided that such

10  production is based upon a stipulation signed by the parties and the Court

11  concerning the obligations of the parties to log privileged documents.

12  **Document Request No. 30**

13      All DOCUMENTS relating to or affecting the division of any settlement

14  proceeds regarding SUPERMAN and/or SUPERBOY.

15  **Response to Document Request No. 30**

16      In addition to the General Objections, which are incorporated herein by this

17  reference, Peary specifically objects to this request on the ground that the

18  underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

19  12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

20  statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

21  greatly narrow the issues.  *See* General Objection ¶ 1, *supra*.  Peary further objects

22  to this request to the extent that it is relevant only to DC's Third through Sixth state

23  law claims as such discovery should be stayed during the pendency of Defendants'

24  anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

25  *See* General Objection ¶ 2, *supra*.  Peary further objects to this request to the extent

26  it seeks any privileged documents concerning any Collective Bargaining between

27  the Shusters and Siegels and because plaintiff's use of such information violates the

28  parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3,

DC COMICS' MOTION TO COMPEL

1    *supra*.

2        In addition to the above, Peary objects to this request on the grounds that it is

3    compound, overbroad, burdensome and oppressive.  Peary further objects to this

4    request on the grounds that the phrase "affecting the division of" is vague and

5    ambiguous, and lacks sufficient precision to allow him to formulate an appropriate

6    response.  Peary further objects to this request on the grounds that it is indefinite as

7    to time and not reasonably limited in scope.  Peary further objects to this request to

8    the extent that it seeks the production of any item, or portion thereof, which is not

9    reasonably calculated to lead to the discovery of relevant and admissible evidence.

10   Peary additionally objects to this request to the extent that it seeks communications

11   or items protected by the attorney-client privilege, the attorney work product

12   doctrine and any other privilege or immunity available under law or arising from

13   contractual obligation.  Subject to and without waiving the foregoing, and the

14   general and specific objections, Peary will produce responsive documents

15   consistent with his understanding of this request, if any, that are not privileged and

16   not subject to the parties' JAMS Confidentiality Agreement, provided that such

17   production is based upon a stipulation signed by the parties and the Court

18   concerning the obligations of the parties to log privileged documents.

19   **Document Request No. 31**

20       All DOCUMENTS relating to the potential sale, assignment, license, or other

21   disposition of any rights relating to SUPERMAN and/or SUPERBOY, including

22   but not limited to any solicitation, offer, option, or proposed agreement.

23   **Response to Document Request No. 31**

24       In addition to the General Objections, which are incorporated herein by this

25   reference, Peary specifically objects to this request on the ground that the

26   underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

27   12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

28   statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

1   greatly narrow the issues.  *See* General Objection ¶ 1, *supra*.  Peary further objects

2   to this request to the extent that it is relevant only to DC's Third through Sixth state

3   law claims as such discovery should be stayed during the pendency of Defendants'

4   anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

5   *See* General Objection ¶ 2, *supra*.  Peary further objects to this request to the extent

6   it seeks any privileged documents concerning any Collective Bargaining between

7   the Shusters and Siegels and because plaintiff's use of such information violates the

8   parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3,

9   *supra*.

10       In addition to the above, Peary objects to this request on the grounds that it is

11  compound, overbroad, burdensome and oppressive.  Peary further objects to this

12  request on the grounds that the request is vague and ambiguous, and lacks sufficient

13  precision to allow him to formulate an appropriate response.  Peary further objects

14  to this request on the grounds that it is indefinite as to time and not reasonably

15  limited in scope.  Peary further objects to this request to the extent that it seeks the

16  production of any item, or portion thereof, which is not reasonably calculated to

17  lead to the discovery of relevant and admissible evidence.  Peary additionally

18  objects to this request to the extent that it seeks communications or items protected

19  by the attorney-client privilege, the attorney work product doctrine and any other

20  privilege or immunity available under law or arising from contractual obligation.

21  Subject to and without waiving the foregoing, and the general and specific

22  objections, Peary will produce responsive documents consistent with his

23  understanding of this request, if any, that are not privileged and not subject to the

24  parties' JAMS Confidentiality Agreement, provided that such production is based

25  upon a stipulation signed by the parties and the Court concerning the obligations of

26  the parties to log privileged documents.

27  **Document Request No. 32**

28       All DOCUMENTS relating to the valuation of any past, current, or potential

- 156 -            DC COMICS' MOTION TO COMPEL

1  ownership interest in SUPERMAN and/or SUPERBOY.

2  **Response to Document Request No. 32**

3      In addition to the General Objections, which are incorporated herein by this

4  reference, Peary specifically objects to this request on the ground that the

5  underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

6  12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

7  statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

8  greatly narrow the issues. *See* General Objection ¶ 1, *supra*. Peary further objects

9  to this request to the extent that it is relevant only to DC's Third through Sixth state

10  law claims as such discovery should be stayed during the pendency of Defendants'

11  anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

12  *See* General Objection ¶ 2, *supra*. Peary further objects to this request to the extent

13  it seeks any privileged documents concerning any Collective Bargaining between

14  the Shusters and Siegels and because plaintiff's use of such information violates the

15  parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3,

16  *supra*.

17      In addition to the above, Peary objects to this request on the grounds that it is

18  compound, overbroad, burdensome and oppressive. Peary further objects to this

19  request on the grounds that the phrase "valuation of any past, current, or potential

20  ownership interest in SUPERMAN and/or SUPERBOY" is vague and ambiguous,

21  and lacks sufficient precision to allow her to formulate an appropriate response.

22  Peary further objects to this request on the grounds that it is indefinite as to time

23  and not reasonably limited in scope. Peary further objects to this request to the

24  extent that it seeks the production of any item, or portion thereof, which is not

25  reasonably calculated to lead to the discovery of relevant and admissible evidence.

26  Peary additionally objects to this request to the extent that it seeks communications

27  or items protected by the attorney-client privilege, the attorney work product

28  doctrine and any other privilege or immunity available under law or arising from

1  contractual obligation.  Subject to and without waiving the foregoing, and the

2  general and specific objections, Peary will produce responsive non-privileged

3  documents consistent with his understanding of this request, if any, provided that

4  such production is based upon a stipulation signed by the parties and the Court

5  concerning the obligations of the parties to log privileged documents.

6  **Document Request No. 33**

7  All DOCUMENTS relating to the introduction of YOU or the SHUSTER

8  HEIRS to any DEFENDANT.

9  **Response to Document Request No. 33**

10  In addition to the General Objections, which are incorporated herein by this

11  reference, Peary specifically objects to this request on the ground that the

12  underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

13  12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

14  statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

15  greatly narrow the issues.  *See* General Objection ¶ 1, *supra*.  Peary further objects

16  to this request to the extent that it is relevant only to DC's Third through Sixth state

17  law claims as such discovery should be stayed during the pendency of Defendants'

18  anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

19  *See* General Objection ¶ 2, *supra*.  Peary further objects to this request to the extent

20  it seeks any privileged documents concerning any Collective Bargaining between

21  the Shusters and Siegels and because plaintiff's use of such information violates the

22  parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3,

23  *supra*.

24  In addition to the above, Peary objects to this request on the grounds that it is

25  compound, overbroad, burdensome and oppressive.  Peary further objects to this

26  request on the grounds that the phrase "introduction of YOU or the SHUSTER

27  HEIRS to any DEFENDANT" is vague and ambiguous, and lacks sufficient

28  precision to allow him to formulate an appropriate response.  Peary further objects

DC COMICS' MOTION TO COMPEL

1    to this request on the grounds that it is indefinite as to time and not reasonably

2    limited in scope.  Peary further objects to this request to the extent that it seeks the

3    production of any item, or portion thereof, which is not reasonably calculated to

4    lead to the discovery of relevant and admissible evidence.  Peary additionally

5    objects to this request to the extent that it seeks communications or items protected

6    by the attorney-client privilege, the attorney work product doctrine and any other

7    privilege or immunity available under law or arising from contractual obligation.

8    Subject to and without waiving the foregoing, and the general and specific

9    objections, Peary will produce responsive non-privileged documents consistent

10   with his understanding of this request, if any, provided that such production is

11   based upon a stipulation signed by the parties and the Court concerning the

12   obligations of the parties to log privileged documents.

13   **Document Request No. 34**

14       All DOCUMENTS relating to the introduction of the SIEGEL HEIRS to any

15   DEFENDANT.

16   **Response to Document Request No. 34**

17       In addition to the General Objections, which are incorporated herein by this

18   reference, Peary specifically objects to this request on the ground that the

19   underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

20   12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

21   statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

22   greatly narrow the issues.  *See* General Objection ¶ 1, *supra*.  Peary further objects

23   to this request to the extent that it is relevant only to DC's Third through Sixth state

24   law claims as such discovery should be stayed during the pendency of Defendants'

25   anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

26   *See* General Objection ¶ 2, *supra*.  Peary further objects to this request to the extent

27   it seeks any privileged documents concerning any Collective Bargaining between

28   the Shusters and Siegels and because plaintiff's use of such information violates the

DC COMICS' MOTION TO COMPEL

parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3, *supra*.

In addition to the above, Peary objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive.  Peary further objects to this request on the grounds that the phrase "introduction of the SIEGEL HEIRS to any DEFENDANT" is vague and ambiguous, and lacks sufficient precision to allow him to formulate an appropriate response.  Peary further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope.  Peary further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence.  Peary additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing, and the general and specific objections, Peary will produce responsive non-privileged documents consistent with his understanding of this request, if any, provided that such production is based upon a stipulation signed by the parties and the Court concerning the obligations of the parties to log privileged documents.

**Document Request No. 35**

All DOCUMENTS relating to the letter dated August 21, 1992 that YOU sent to Time Warner Inc.

**Response to Document Request No. 35**

In addition to the General Objections, which are incorporated herein by this reference, Peary specifically objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

DC COMICS' MOTION TO COMPEL

1  greatly narrow the issues.  *See* General Objection ¶ 1, *supra*.  Peary further objects

2  to this request to the extent that it is relevant only to DC's Third through Sixth state

3  law claims as such discovery should be stayed during the pendency of Defendants'

4  anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

5  *See* General Objection ¶ 2, *supra*.  Peary further objects to this request to the extent

6  it seeks any privileged documents concerning any Collective Bargaining between

7  the Shusters and Siegels and because plaintiff's use of such information violates the

8  parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3,

9  *supra*.

10      In addition to the above, Peary objects to this request on the grounds that it is

11  compound, overbroad, burdensome and oppressive.  Peary further objects to this

12  request on the grounds that it is vague and ambiguous, and lacks sufficient

13  precision to allow him to formulate an appropriate response.  Peary further objects

14  to this request on the grounds that it is indefinite as to time and not reasonably

15  limited in scope.  Peary further objects to this request to the extent that it seeks the

16  production of any item, or portion thereof, which is not reasonably calculated to

17  lead to the discovery of relevant and admissible evidence.  Peary additionally

18  objects to this request to the extent that it seeks communications or items protected

19  by the attorney-client privilege, the attorney work product doctrine and any other

20  privilege or immunity available under law or arising from contractual obligation.

21  Peary additionally objects to the extent that he did not send an August 21, 1992

22  letter to Time Warner Inc.  Subject to and without waiving the foregoing, and the

23  general and specific objections, Peary will produce responsive non-privileged

24  documents consistent with his understanding of this request, if any, provided that

25  such production is based upon a stipulation signed by the parties and the Court

26  concerning the obligations of the parties to log privileged documents.

27  **Document Request No. 36**

28      All DOCUMENTS relating to the letter dated September 10, 1992 that Frank

DC COMICS' MOTION TO COMPEL

1    Shuster sent on YOUR behalf to Paul Levitz of DC Comics.

2    **Response to Document Request No. 36**

3    　　In addition to the General Objections, which are incorporated herein by this

4    reference, Peary specifically objects to this request on the ground that the

5    underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

6    12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

7    statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

8    greatly narrow the issues. *See* General Objection ¶ 1, *supra*. Peary further objects

9    to this request to the extent that it is relevant only to DC's Third through Sixth state

10   law claims as such discovery should be stayed during the pendency of Defendants'

11   anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

12   *See* General Objection ¶ 2, *supra*. Peary further objects to this request to the extent

13   it seeks any privileged documents concerning any Collective Bargaining between

14   the Shusters and Siegels and because plaintiff's use of such information violates the

15   parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3,

16   *supra*.

17   　　In addition to the above, Peary objects to this request on the grounds that it is

18   compound, overbroad, burdensome and oppressive. Peary further objects to this

19   request on the grounds that it is vague and ambiguous, and lacks sufficient

20   precision to allow him to formulate an appropriate response. Peary further objects

21   to this request on the grounds that it is indefinite as to time and not reasonably

22   limited in scope. Peary further objects to this request to the extent that it seeks the

23   production of any item, or portion thereof, which is not reasonably calculated to

24   lead to the discovery of relevant and admissible evidence. Peary additionally

25   objects to this request to the extent that it seeks communications or items protected

26   by the attorney-client privilege, the attorney work product doctrine and any other

27   privilege or immunity available under law or arising from contractual obligation.

28   Peary additionally objects to the extent that this September 10, 1992 letter was not

DC COMICS' MOTION TO COMPEL

1   sent on his behalf.  Subject to and without waiving the foregoing, and the general

2   and specific objections, Peary will produce responsive non-privileged documents

3   consistent with his understanding of this request, if any, provided that such

4   production is based upon a stipulation signed by the parties and the Court

5   concerning the obligations of the parties to log privileged documents.

6   **Document Request No. 37**

7       All DOCUMENTS relating to the agreement dated August 1, 1992 that YOU

8   entered into with DC Comics.

9   **Response to Document Request No. 37**

10      In addition to the General Objections, which are incorporated herein by this

11  reference, Peary specifically objects to this request on the ground that the

12  underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

13  12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

14  statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

15  greatly narrow the issues.  *See* General Objection ¶ 1, *supra*.  Peary further objects

16  to this request to the extent that it is relevant only to DC's Third through Sixth state

17  law claims as such discovery should be stayed during the pendency of Defendants'

18  anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

19  *See* General Objection ¶ 2, *supra*.  Peary further objects to this request to the extent

20  it seeks any privileged documents concerning any Collective Bargaining between

21  the Shusters and Siegels and because plaintiff's use of such information violates the

22  parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3,

23  *supra*.

24      In addition to the above, Peary objects to this request on the grounds that it is

25  compound, overbroad, burdensome and oppressive.  Peary further objects to this

26  request on the grounds that it is vague and ambiguous, and lacks sufficient

27  precision to allow him to formulate an appropriate response.  Peary further objects

28  to this request on the grounds that it is indefinite as to time and not reasonably

DC COMICS' MOTION TO COMPEL

limited in scope.  Peary further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence.  Peary additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Peary additionally objects on the ground that he was not a party to this agreement with DC Comics dated August 1, 1992.  Subject to and without waiving the foregoing, and the general and specific objections, Peary will produce responsive non-privileged documents consistent with his understanding of this request, if any, provided that such production is based upon a stipulation signed by the parties and the Court concerning the obligations of the parties to log privileged documents.

**Document Request No. 38**

All DOCUMENTS relating to the letter dated July 10, 1993 that YOU sent to Paul Levitz of DC Comics.

**Response to Document Request No. 38**

In addition to the General Objections, which are incorporated herein by this reference, Peary specifically objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues.  *See* General Objection ¶ 1, *supra*.  Peary further objects to this request to the extent that it is relevant only to DC's Third through Sixth state law claims as such discovery should be stayed during the pendency of Defendants' anti-SLAPP motion and because the Third Claim does not exist as a matter of law.  *See* General Objection ¶ 2, *supra*.  Peary further objects to this request to the extent it seeks any privileged documents concerning any Collective Bargaining between the Shusters and Siegels and because plaintiff's use of such information violates the

DC COMICS' MOTION TO COMPEL

1  parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3,

2  *supra*.

3       In addition to the above, Peary objects to this request on the grounds that it is

4  compound, overbroad, burdensome and oppressive.  Peary further objects to this

5  request on the grounds that it is vague and ambiguous, and lacks sufficient

6  precision to allow him to formulate an appropriate response.  Peary further objects

7  to this request on the grounds that it is indefinite as to time and not reasonably

8  limited in scope.  Peary further objects to this request to the extent that it seeks the

9  production of any item, or portion thereof, which is not reasonably calculated to

10  lead to the discovery of relevant and admissible evidence.  Peary additionally

11  objects to this request to the extent that it seeks communications or items protected

12  by the attorney-client privilege, the attorney work product doctrine and any other

13  privilege or immunity available under law or arising from contractual obligation.

14  Peary additionally objects to the extent that he did not send a July 10, 1993 letter to

15  Paul Levitz of DC Comics.  Subject to and without waiving the foregoing, and the

16  general and specific objections, Peary will produce responsive non-privileged

17  documents consistent with his understanding of this request, if any, provided that

18  such production is based upon a stipulation signed by the parties and the Court

19  concerning the obligations of the parties to log privileged documents.

20  **Document Request No. 39**

21       All DOCUMENTS relating to the letter dated September 14, 1993 that YOU

22  sent to Paul Levitz of DC Comics.

23  **Response to Document Request No. 39**

24       In addition to the General Objections, which are incorporated herein by this

25  reference, Peary specifically objects to this request on the ground that the

26  underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

27  12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

28  statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

    DC COMICS' MOTION TO COMPEL

1  greatly narrow the issues.  *See* General Objection ¶ 1, *supra*.  Peary further objects

2  to this request to the extent that it is relevant only to DC's Third through Sixth state

3  law claims as such discovery should be stayed during the pendency of Defendants'

4  anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

5  *See* General Objection ¶ 2, *supra*.  Peary further objects to this request to the extent

6  it seeks any privileged documents concerning any Collective Bargaining between

7  the Shusters and Siegels and because plaintiff's use of such information violates the

8  parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3,

9  *supra*.

10      In addition to the above, Peary objects to this request on the grounds that it is

11  compound, overbroad, burdensome and oppressive.  Peary further objects to this

12  request on the grounds that it is vague and ambiguous, and lacks sufficient

13  precision to allow him to formulate an appropriate response.  Peary further objects

14  to this request on the grounds that it is indefinite as to time and not reasonably

15  limited in scope.  Peary further objects to this request to the extent that it seeks the

16  production of any item, or portion thereof, which is not reasonably calculated to

17  lead to the discovery of relevant and admissible evidence.  Peary additionally

18  objects to this request to the extent that it seeks communications or items protected

19  by the attorney-client privilege, the attorney work product doctrine and any other

20  privilege or immunity available under law or arising from contractual obligation.

21  Peary additionally objects to the extent that he did not send a September 14, 1993

22  letter to Paul Levitz of DC Comics.  Subject to and without waiving the foregoing,

23  and the general and specific objections, Peary will produce responsive non-

24  privileged documents consistent with his understanding of this request, if any,

25  provided that such production is based upon a stipulation signed by the parties and

26  the Court concerning the obligations of the parties to log privileged documents.

27  **Document Request No. 40**

28      All DOCUMENTS relating to the letter dated April 27, 1995 that YOU sent

DC COMICS' MOTION TO COMPEL

1    to Paul Levitz of DC Comics.

2    **Response to Document Request No. 40**

3        In addition to the General Objections, which are incorporated herein by this

4    reference, Peary specifically objects to this request on the ground that the

5    underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

6    12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

7    statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

8    greatly narrow the issues. *See* General Objection ¶ 1, *supra*. Peary further objects

9    to this request to the extent that it is relevant only to DC's Third through Sixth state

10    law claims as such discovery should be stayed during the pendency of Defendants'

11    anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

12    *See* General Objection ¶ 2, *supra*. Peary further objects to this request to the extent

13    it seeks any privileged documents concerning any Collective Bargaining between

14    the Shusters and Siegels and because plaintiff's use of such information violates the

15    parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3,

16    *supra*.

17        In addition to the above, Peary objects to this request on the grounds that it is

18    compound, overbroad, burdensome and oppressive. Peary further objects to this

19    request on the grounds that it is vague and ambiguous, and lacks sufficient

20    precision to allow him to formulate an appropriate response. Peary further objects

21    to this request on the grounds that it is indefinite as to time and not reasonably

22    limited in scope. Peary further objects to this request to the extent that it seeks the

23    production of any item, or portion thereof, which is not reasonably calculated to

24    lead to the discovery of relevant and admissible evidence. Peary additionally

25    objects to this request to the extent that it seeks communications or items protected

26    by the attorney-client privilege, the attorney work product doctrine and any other

27    privilege or immunity available under law or arising from contractual obligation.

28    Peary additionally objects to the extent that he did not send an April 27, 1995 letter

DC COMICS' MOTION TO COMPEL

1    to Paul Levitz of DC Comics.  Subject to and without waiving the foregoing, and

2    the general and specific objections, Peary will produce responsive non-privileged

3    documents consistent with his understanding of this request, if any, provided that

4    such production is based upon a stipulation signed by the parties and the Court

5    concerning the obligations of the parties to log privileged documents.

6    **Document Request No. 41**

7            All DOCUMENTS relating to the letter agreement dated November 23, 2001

8    that YOU entered into with DEFENDANT Pacific Pictures Corporation.

9    **Response to Document Request No. 41**

10            In addition to the General Objections, which are incorporated herein by this

11    reference, Peary specifically objects to this request on the ground that the

12    underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

13    12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

14    statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

15    greatly narrow the issues.  *See* General Objection ¶ 1, *supra*.  Peary further objects

16    to this request to the extent that it is relevant only to DC's Third through Sixth state

17    law claims as such discovery should be stayed during the pendency of Defendants'

18    anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

19    *See* General Objection ¶ 2, *supra*.  Peary further objects to this request to the extent

20    it seeks any privileged documents concerning any Collective Bargaining between

21    the Shusters and Siegels and because plaintiff's use of such information violates the

22    parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3,

23    *supra*.

24            In addition to the above, Peary objects to this request on the grounds that it is

25    compound, overbroad, burdensome and oppressive.  Peary further objects to this

26    request on the grounds that it is vague and ambiguous, and lacks sufficient

27    precision to allow him to formulate an appropriate response.  Peary further objects

28    to this request on the grounds that it is indefinite as to time and not reasonably

1   limited in scope.  Peary further objects to this request to the extent that it seeks the

2   production of any item, or portion thereof, which is not reasonably calculated to

3   lead to the discovery of relevant and admissible evidence.  Peary additionally

4   objects to this request to the extent that it seeks communications or items protected

5   by the attorney-client privilege, the attorney work product doctrine and any other

6   privilege or immunity available under law or arising from contractual obligation.

7   Subject to and without waiving the foregoing, and the general and specific

8   objections, Peary will produce responsive non-privileged documents consistent

9   with his understanding of this request, if any, provided that such production is

10  based upon a stipulation signed by the parties and the Court concerning the

11  obligations of the parties to log privileged documents.

12  **Document Request No. 42**

13      All DOCUMENTS relating to the letter agreement dated October 27, 2003

14  that YOU entered into with DEFENDANT Pacific Pictures Corporation.

15  **Response to Document Request No. 42**

16      In addition to the General Objections, which are incorporated herein by this

17  reference, Peary specifically objects to this request on the ground that the

18  underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

19  12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

20  statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

21  greatly narrow the issues.  *See* General Objection ¶ 1, *supra*.  Peary further objects

22  to this request to the extent that it is relevant only to DC's Third through Sixth state

23  law claims as such discovery should be stayed during the pendency of Defendants'

24  anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

25  *See* General Objection ¶ 2, *supra*.  Peary further objects to this request to the extent

26  it seeks any privileged documents concerning any Collective Bargaining between

27  the Shusters and Siegels and because plaintiff's use of such information violates the

28  parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3,

1    *supra*.

2        In addition to the above, Peary objects to this request on the grounds that it is

3    compound, overbroad, burdensome and oppressive.  Peary further objects to this

4    request on the grounds that it is vague and ambiguous, and lacks sufficient

5    precision to allow him to formulate an appropriate response.  Peary further objects

6    to this request on the grounds that it is indefinite as to time and not reasonably

7    limited in scope.  Peary further objects to this request to the extent that it seeks the

8    production of any item, or portion thereof, which is not reasonably calculated to

9    lead to the discovery of relevant and admissible evidence.  Peary additionally

10   objects to this request to the extent that it seeks communications or items protected

11   by the attorney-client privilege, the attorney work product doctrine and any other

12   privilege or immunity available under law or arising from contractual obligation.

13   Subject to and without waiving the foregoing, and the general and specific

14   objections, Peary will produce responsive non-privileged documents consistent

15   with his understanding of this request, if any, provided that such production is

16   based upon a stipulation signed by the parties and the Court concerning the

17   obligations of the parties to log privileged documents.

18   **Document Request No. 43**

19       All DOCUMENTS relating to the letter dated September 10, 2004 that YOU

20   signed with DEFENDANT Pacific Pictures Corporation.

21   **Response to Document Request No. 43**

22       In addition to the General Objections, which are incorporated herein by this

23   reference, Peary specifically objects to this request on the ground that the

24   underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

25   12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

26   statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

27   greatly narrow the issues.  *See* General Objection ¶ 1, *supra*.  Peary further objects

28   to this request to the extent that it is relevant only to DC's Third through Sixth state

DC COMICS' MOTION TO COMPEL

1  law claims as such discovery should be stayed during the pendency of Defendants'

2  anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

3  *See* General Objection ¶ 2, *supra*.  Peary further objects to this request to the extent

4  it seeks any privileged documents concerning any Collective Bargaining between

5  the Shusters and Siegels and because plaintiff's use of such information violates the

6  parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3,

7  *supra*.

8          In addition to the above, Peary objects to this request on the grounds that it is

9  compound, overbroad, burdensome and oppressive.  Peary further objects to this

10  request on the grounds that it is vague and ambiguous, and lacks sufficient

11  precision to allow him to formulate an appropriate response.  Peary further objects

12  to this request on the grounds that it is indefinite as to time and not reasonably

13  limited in scope.  Peary further objects to this request to the extent that it seeks the

14  production of any item, or portion thereof, which is not reasonably calculated to

15  lead to the discovery of relevant and admissible evidence.  Peary additionally

16  objects to this request to the extent that it seeks communications or items protected

17  by the attorney-client privilege, the attorney work product doctrine and any other

18  privilege or immunity available under law or arising from contractual obligation.

19  Subject to and without waiving the foregoing, and the general and specific

20  objections, Peary will produce responsive non-privileged documents consistent

21  with his understanding of this request, if any, provided that such production is

22  based upon a stipulation signed by the parties and the Court concerning the

23  obligations of the parties to log privileged documents.

24  **Document Request No. 44**

25          All DOCUMENTS relating to the Request of Termination of Transfer

26  Covering Extended Copyright Renewal Term of "Superman" served on behalf of

27  the Estate of Joseph Shuster on or around November 10, 2003.

28

DC COMICS' MOTION TO COMPEL

1    **<u>Response to Document Request No. 44</u>**

2    　　　　In addition to the General Objections, which are incorporated herein by this

3    reference, Peary specifically objects to this request on the ground that the

4    underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

5    12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

6    statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

7    greatly narrow the issues. *See* General Objection ¶ 1, *supra*. Peary further objects

8    to this request to the extent that it is relevant only to DC's Third through Sixth state

9    law claims as such discovery should be stayed during the pendency of Defendants'

10   anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

11   *See* General Objection ¶ 2, *supra*. Peary further objects to this request to the extent

12   it seeks any privileged documents concerning any Collective Bargaining between

13   the Shusters and Siegels and because plaintiff's use of such information violates the

14   parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3,

15   *supra*.

16   　　　　In addition to the above, Peary objects to this request on the grounds that it is

17   compound, overbroad, burdensome and oppressive. Peary further objects to this

18   request on the grounds that it is vague and ambiguous, and lacks sufficient

19   precision to allow him to formulate an appropriate response. Peary further objects

20   to this request on the grounds that it is indefinite as to time and not reasonably

21   limited in scope. Peary further objects to this request to the extent that it seeks the

22   production of any item, or portion thereof, which is not reasonably calculated to

23   lead to the discovery of relevant and admissible evidence. Peary additionally

24   objects to this request to the extent that it seeks communications or items protected

25   by the attorney-client privilege, the attorney work product doctrine and any other

26   privilege or immunity available under law or arising from contractual obligation.

27   Subject to and without waiving the foregoing, and the general and specific

28   objections, Peary will produce responsive non-privileged documents consistent

DC COMICS' MOTION TO COMPEL

1  with his understanding of this request, if any, provided that such production is

2  based upon a stipulation signed by the parties and the Court concerning the

3  obligations of the parties to log privileged documents.

4  (Underlining added.)

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DC COMICS' MOTION TO COMPEL