# EXHIBIT I

1  Marc Toberoff (State Bar No. 188547)
   Nicholas C. Williamson (State Bar No. 231124)
2  Keith G. Adams (State Bar No. 240497)
   TOBEROFF & ASSOCIATES, P.C.
3  2049 Century Park East, Suite 2720
   Los Angeles, California, 90067
4  Telephone:  (310) 246-3333
   Fax:          (310) 246-3101
5  MToberoff@ipwla.com

6  Attorneys for Defendants Mark Warren
   Peary, as personal representative of the
7  Estate of Joseph Shuster, Jean Adele Peavy,
   Joanne Siegel and Laura Siegel Larson

8                  UNITED STATES DISTRICT COURT

9         CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| 10  DC COMICS, | Case No: CV 10-03633 ODW (RZx) |
| 11                  Plaintiff, | Hon. Otis D. Wright II, U.S.D.J. |
| 12           vs. | **DEFENDANT JOANNE SIEGEL'S RESPONSE AND OBJECTIONS TO PLAINTIFF DC COMICS' NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION OF DOCUMENTS** |
| 13  PACIFIC PICTURES CORPORATION; | |
| 14  IP WORLDWIDE, LLC; IPW, LLC; MARC TOBEROFF, an individual; | |
| 15  MARK WARREN PEARY, as personal | |
| 16  representative of the ESTATE OF JOSEPH SHUSTER; JEAN ADELE | Complaint Filed:  May 14, 2010 |
| 17  PEAVY, an individual; JOANNE | Trial Date:  None Set |
| 18  SIEGEL, an individual;  LAURA SIEGEL LARSON, an individual, | |
| 19  and DOES 1-10, inclusive, | |
| 20                  Defendants. | |
| 21 | |

22

23

24

25

26

27

28

JOANNE SIEGEL'S OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT I
128

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

Defendant Joanne Siegel ("Siegel"), pursuant to the provisions of Rule 34(b)(2) of the Federal Rules of Civil Procedure, makes the following objections to Plaintiff DC Comics' Notice of Deposition of Defendant Joanne Siegel and Request for Production of Documents ("Request") that was served on August 17, 2010 by plaintiff DC Comics ("Plaintiff"):

## I.

## <u>OBJECTIONS TO THE ENTIRE REQUEST</u>

Siegel objects to the entire Request on each of the following grounds and incorporates by reference each of the following objections into her response to each individual category of documents within it:

1.      Siegel objects to the Request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16 that could dispose of the entire case and/or greatly narrow the issues.  Accordingly, any discovery should be stayed in this action and documents should not be produced until these dispositive motions are decided.   The issue of whether discovery should be so stayed will be addressed in connection with the parties' pending motions for protective order, which are set to be heard by the Court on September 20, 2010.  Following the Court's rulings on these discovery motions, counsel for defendants will promptly meet and confer with counsel for plaintiff regarding whether documents will be produced prior to the resolution of the motions to dismiss pursuant to FRCP 12(b)(6) and (f) and the motion brought pursuant to California's anti-SLAPP statute.

2.      Siegel objects to the Request on the ground that a motion for entry of judgment pursuant to FRCP 54(b) has been filed in the closely related action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-CV-8400.  The motion is set to be heard on September 27, 2010.  If this motion is granted, such

1
JOANNE SIEGEL'S OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT I
129

judgment will have collateral estoppel effect on DC, and thereby substantially narrow the duplicative issues raised in the present action.  Accordingly, any discovery should be stayed and documents should not be produced until the Rule 54(b) motion is decided.

3.      Siegel objects to the Request to the extent that it seeks the production of any item, or portion thereof, comprising or reflecting information transmitted and maintained in confidence between Siegel or any person or entity acting on her behalf and her counsel for the purpose of obtaining legal advice or representation, on the grounds that such information is protected from disclosure by the attorney-client privilege and the joint-interest privilege.  Such documents will not be produced in response to the request, and any inadvertent production thereof shall not be deemed a waiver of any privilege or doctrine with respect to such documents.

4.      Siegel objects to the Request to the extent that it seeks the production of any item, or portion thereof, comprising or reflecting information with any confidential impression, conclusion, opinion, legal research, or legal theory of counsel for Siegel or any other person or entity, on the grounds that such information is protected from disclosure by the attorney work product doctrine.  Such documents will not be produced in response to the request, and any inadvertent production thereof shall not be deemed a waiver of any privilege or doctrine with respect to such documents.

5.      As the parties are in the process of negotiating a stipulation regarding the parties' logging of post-litigation communications, Siegel will not be serving any privilege logs until these negotiations are concluded. All privileges and immunities provided by law are expressly reserved.

6.      Siegel objects to the Request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence, on the grounds that it exceeds the permissible scope of discovery delimited by Rule 26(b)(1) of the Federal Rules of

Civil Procedure.

7.    Siegel objects to the Request to the extent that it seeks the production of any item, or portion thereof, comprising or reflecting any trade secret or other confidential or proprietary information of Siegel or any other person or entity.

8.    Siegel objects to the Request to the extent that it seeks the production of any item, or portion thereof, which is protected from disclosure by court order, or any privacy or similar rights of any person or entity.

9.    Siegel objects to the Request's document requests to the extent they are unduly burdensome, overly broad, impose extreme hardship or would result in the expenditure of unnecessary time and resources.

10.    Siegel objects to the Request to the extent it is overbroad and therefore unduly burdensome, oppressive and harassing.

11.    Siegel objects to the document requests contained in the Request to the extent the expense of producing documents outweighs the likely benefit of discovery provided to Plaintiff.

12.    Siegel objects to the Request to the extent that it seeks the production of duplicative identical items, or documents or information already in Plaintiff's possession, or by reason of public filing, publication or otherwise are readily accessible to Plaintiff through other means.

13.    Siegel objects to the Request to the extent that it seeks the production of any item which has been served, filed, or transmitted in the course of this action, on the grounds that such production would be burdensome, oppressive, and unnecessary.

14.    Siegel objects to the Request to the extent that it seeks the production of any item which has already been produced, served, filed, or transmitted in the course of the related action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-CV-8400 ODW (RZx), on the grounds that such production would be duplicative, burdensome, oppressive, and unnecessary.

15.    Siegel objects to the Request to the extent that it seeks the production of

JOANNE SIEGEL'S OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT I
131

1  any item which has already been produced, served, filed, or transmitted in the course

2  of the related action *Joanne Siegel, et al. v. Time Warner Inc., et al.*, Case No. 04-

3  CV-8766 ODW (RZx), on the grounds that such production would be duplicative,

4  burdensome, oppressive, and unnecessary.

5       16.    Siegel objects to the Request and each document category therein to the

6  extent that it seeks the production of any item or document that is not the property of

7  Siegel.  Siegel will not produce any items or documents that are the property of any

8  other person or entity.

9       17.    Siegel reserves the right to revise, amend, supplement or clarify any of

10  the objections set forth herein.

11  **II.**

12  **DOCUMENTS TO BE PRODUCED**

13  **SPECIFIC RESPONSES TO INDIVIDUAL REQUESTS**

14  **Document Request No. 1**

15       All agreements between or among YOU and any DEFENDANT regarding the

16  SIEGEL HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

17  **Response to Document Request No. 1**

18       Siegel objects to this request on the ground that the underlying complaint is

19  subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a

20  motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. §

21  425.16, that could dispose of the entire case and/or greatly narrow the issues.

22  Accordingly, any discovery should be stayed in this action and no documents should

23  be produced until these dispositive motions are decided.  The issue of whether

24  discovery should be so stayed will be addressed in connection with the parties'

25  pending motions for protective order, which are set to be heard by the Court on

26  September 20, 2010.  Following the Court's rulings on these motions, counsel for

27  defendants will promptly meet and confer with counsel for plaintiff regarding

28  whether documents will be produced prior to the resolution of the motions to dismiss

4

JOANNE SIEGEL'S OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT I
132

1  pursuant to FRCP 12(b)(6) and (f) and the motion brought pursuant to California's

2  anti-SLAPP statute.  Siegel further objects to this request on the ground that a motion

3  for entry of judgment pursuant to FRCP 54(b) has been filed in the closely related

4  action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-

5  CV-8400.  The motion is set to be heard on September 27, 2010.  If this motion is

6  granted, such judgment will have collateral estoppel effect on DC, and thereby

7  substantially narrow the duplicative issues raised in the present action.  Accordingly,

8  any discovery should be stayed in this action and no documents should be produced

9  until these dispositive motions are decided.

10      In addition to the above, Siegel further objects to this request on the grounds

11  that it is compound, overbroad, burdensome and oppressive.  Siegel objects to this

12  request on the grounds that the phrase "purported rights" is vague and ambiguous,

13  and lacks sufficient precision to allow her to formulate an appropriate response.

14  Siegel further objects to this request on the grounds that it is indefinite as to time and

15  not reasonably limited in scope.  Siegel additionally objects to this request to the

16  extent that it seeks the production or identification of any item, or portion thereof,

17  which is protected from disclosure by court order, or any privacy or similar rights of

18  any person or entity.  Siegel additionally objects to this request to the extent that it

19  seeks communications or items protected by the attorney-client privilege, the attorney

20  work product doctrine and any other privilege or immunity available under law or

21  arising from contractual obligation.  Siegel further objects to the request to the extent

22  that it seeks the production of any item which has already been produced, served,

23  filed, or transmitted in the course of the related actions *Joanne Siegel, et al. v.*

24  *Warner Bros. Entertainment Inc., et al.*, 04-CV-8400 ODW (RZx) and/or *Joanne*

25  *Siegel, et al. v. Time Warner Inc., et al.*, 04-CV-8766 ODW (RZx) and is therefore

26  already in DC Comics' possession, custody or control.

27

28

**Document Request No. 2**

All agreements between or among YOU and the SHUSTER HEIRS regarding the SIEGEL HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 2**

Siegel objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. Accordingly, any discovery should be stayed in this action and no documents should be produced until these dispositive motions are decided. The issue of whether discovery should be so stayed will be addressed in connection with the parties' pending motions for protective order, which are set to be heard by the Court on September 20, 2010. Following the Court's rulings on these motions, counsel for defendants will promptly meet and confer with counsel for plaintiff regarding whether documents will be produced prior to the resolution of the motions to dismiss pursuant to FRCP 12(b)(6) and (f) and the motion brought pursuant to California's anti-SLAPP statute. Siegel further objects to this request on the ground that a motion for entry of judgment pursuant to FRCP 54(b) has been filed in the closely related action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-CV-8400. The motion is set to be heard on September 27, 2010. If this motion is granted, such judgment will have collateral estoppel effect on DC, and thereby substantially narrow the duplicative issues raised in the present action. Accordingly, any discovery should be stayed in this action and no documents should be produced until these dispositive motions are decided.

In addition to the above, Siegel objects to this request on the grounds that it is compound, duplicative, overbroad, burdensome and oppressive. Siegel objects to this request on the grounds that the phrase "purported rights" is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate

6
JOANNE SIEGEL'S OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT I
134

response.   Siegel further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope.  Siegel additionally objects to this request to the extent that it seeks the production or identification of any item, or portion thereof, which is protected from disclosure by court order, or any privacy or similar rights of any person or entity. Siegel additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Siegel further objects to the request to the extent that it seeks the production of any item which has already been produced, served, filed, or transmitted in the course of the related actions *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, 04-CV-8400 ODW (RZx) and/or *Joanne Siegel, et al. v. Time Warner Inc., et al.*, 04-CV-8766 ODW (RZx) and is therefore already in DC Comics' possession, custody or control.

**Document Request No. 3**

All agreements between or among YOU and any DEFENDANT regarding the SHUSTER HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 3**

Siegel objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. Accordingly, any discovery should be stayed in this action and no documents should be produced until these dispositive motions are decided.  The issue of whether discovery should be so stayed will be addressed in connection with the parties' pending motions for protective order, which are set to be heard by the Court on September 20, 2010.  Following the Court's rulings on these motions, counsel for defendants will promptly meet and confer with counsel for plaintiff regarding whether documents will be produced prior to the resolution of the motions to dismiss

JOANNE SIEGEL'S OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT I

135

pursuant to FRCP 12(b)(6) and (f) and the motion brought pursuant to California's anti-SLAPP statute. Siegel further objects to this request on the ground that a motion for entry of judgment pursuant to FRCP 54(b) has been filed in the closely related action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-CV-8400. The motion is set to be heard on September 27, 2010. If this motion is granted, such judgment will have collateral estoppel effect on DC, and thereby substantially narrow the duplicative issues raised in the present action. Accordingly, any discovery should be stayed in this action and no documents should be produced until these dispositive motions are decided.

In addition to the above, Siegel objects to this request on the grounds that it is compound, duplicative, overbroad, burdensome and oppressive. Siegel objects to this request on the grounds that the phrase "SHUSTER HEIRS' purported rights" is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response. Siegel further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Siegel additionally objects to this request to the extent that it seeks the production or identification of any item, or portion thereof, which is protected from disclosure by court order, or any privacy or similar rights of any person or entity. Siegel additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Siegel further objects to the request to the extent that it seeks the production of any item which has already been produced, served, filed, or transmitted in the course of the related actions *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, 04-CV-8400 ODW (RZx) and/or *Joanne Siegel, et al. v. Time Warner Inc., et al.*, 04-CV-8766 ODW (RZx) and is therefore already in DC Comics' possession, custody or control.

**Document Request No. 4**

All agreements between or among SIEGEL and SHUSTER regarding any purported rights in SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 4**

Siegel objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. Accordingly, any discovery should be stayed in this action and no documents should be produced until these dispositive motions are decided. The issue of whether discovery should be so stayed will be addressed in connection with the parties' pending motions for protective order, which are set to be heard by the Court on September 20, 2010. Following the Court's rulings on these motions, counsel for defendants will promptly meet and confer with counsel for plaintiff regarding whether documents will be produced prior to the resolution of the motions to dismiss pursuant to FRCP 12(b)(6) and (f) and the motion brought pursuant to California's anti-SLAPP statute. Siegel further objects to this request on the ground that a motion for entry of judgment pursuant to FRCP 54(b) has been filed in the closely related action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-CV-8400. The motion is set to be heard on September 27, 2010. If this motion is granted, such judgment will have collateral estoppel effect on DC, and thereby substantially narrow the duplicative issues raised in the present action. Accordingly, any discovery should be stayed in this action and no documents should be produced until these dispositive motions are decided.

In addition to the above, Siegel objects to this request on the grounds that it is compound, duplicative, overbroad, burdensome and oppressive. Siegel objects to this request on the grounds that the phrase "purported rights" is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response.

Siegel further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Siegel additionally objects to this request to the extent that it seeks the production or identification of any item, or portion thereof, which is protected from disclosure by court order, or any privacy or similar rights of any person or entity. Siegel additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Siegel further objects to the request to the extent that it seeks the production of any item which has already been produced, served, filed, or transmitted in the course of the related actions *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.,* 04-CV-8400 ODW (RZx) and/or *Joanne Siegel, et al. v. Time Warner Inc., et al.,* 04-CV-8766 ODW (RZx) and is therefore already in DC Comics' possession, custody or control.

**Document Request No. 5**

All agreements between or among YOU and the SHUSTER HEIRS regarding the SHUSTER HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 5**

Siegel objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. Accordingly, any discovery should be stayed in this action and no documents should be produced until these dispositive motions are decided.  The issue of whether discovery should be so stayed will be addressed in connection with the parties' pending motions for protective order, which are set to be heard by the Court on September 20, 2010.  Following the Court's rulings on these motions, counsel for defendants will promptly meet and confer with counsel for plaintiff regarding whether documents will be produced prior to the resolution of the motions to dismiss

pursuant to FRCP 12(b)(6) and (f) and the motion brought pursuant to California's anti-SLAPP statute.  Siegel further objects to this request on the ground that a motion for entry of judgment pursuant to FRCP 54(b) has been filed in the closely related action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-CV-8400.  The motion is set to be heard on September 27, 2010.  If this motion is granted, such judgment will have collateral estoppel effect on DC, and thereby substantially narrow the duplicative issues raised in the present action.  Accordingly, any discovery should be stayed in this action and no documents should be produced until these dispositive motions are decided.

In addition to the above,  Siegel objects to this request on the grounds that it is compound, duplicative, overbroad, burdensome and oppressive. Siegel objects to this request on the grounds that the phrase "SHUSTER HEIRS' purported rights" is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response.  Siegel further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope.  Siegel additionally objects to this request to the extent that it seeks the production or identification of any item, or portion thereof, which is protected from disclosure by court order, or any privacy or similar rights of any person or entity. Siegel additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Siegel further objects to the request to the extent that it seeks the production of any item which has already been produced, served, filed, or transmitted in the course of the related actions *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, 04-CV-8400 ODW (RZx) and/or *Joanne Siegel, et al. v. Time Warner Inc., et al.*, 04-CV-8766 ODW (RZx) and is therefore already in DC Comics' possession, custody or control.

JOANNE SIEGEL'S OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT I
139

**Document Request No. 6**

All DOCUMENTS relating to or affecting the ability of YOU or the SIEGEL HEIRS to negotiate or enter into agreements regarding SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 6**

Siegel objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. Accordingly, any discovery should be stayed in this action and no documents should be produced until these dispositive motions are decided. The issue of whether discovery should be so stayed will be addressed in connection with the parties' pending motions for protective order, which are set to be heard by the Court on September 20, 2010. Following the Court's rulings on these motions, counsel for defendants will promptly meet and confer with counsel for plaintiff regarding whether documents will be produced prior to the resolution of the motions to dismiss pursuant to FRCP 12(b)(6) and (f) and the motion brought pursuant to California's anti-SLAPP statute. Siegel further objects to this request on the ground that a motion for entry of judgment pursuant to FRCP 54(b) has been filed in the closely related action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-CV-8400. The motion is set to be heard on September 27, 2010. If this motion is granted, such judgment will have collateral estoppel effect on DC, and thereby substantially narrow the duplicative issues raised in the present action. Accordingly, any discovery should be stayed in this action and no documents should be produced until these dispositive motions are decided.

In addition to the above, Siegel objects to this request on the grounds that it is compound, duplicative, overbroad, burdensome and oppressive. Siegel further objects to this request on the grounds that the phrase "affecting the ability of YOU or

JOANNE SIEGEL'S OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT I
140

1  the SIEGEL HEIRS to negotiate or enter into agreements regarding SUPERMAN

2  and/or SUPERBOY" is vague and ambiguous, and lacks sufficient precision to allow

3  her to formulate an appropriate response.  Siegel further objects to this request on the

4  grounds that it is indefinite as to time and not reasonably limited in scope.  Siegel

5  additionally objects to this request to the extent that it seeks the production or

6  identification of any item, or portion thereof, which is protected from disclosure by

7  court order, or any privacy or similar rights of any person or entity.  Siegel

8  additionally objects to this request to the extent that it seeks communications or items

9  protected by the attorney-client privilege, the attorney work product doctrine and any

10  other privilege or immunity available under law or arising from contractual

11  obligation.  Siegel further objects to the request to the extent that it seeks the

12  production of any item which has already been produced, served, filed, or transmitted

13  in the course of the related actions *Joanne Siegel, et al. v. Warner Bros.*

14  *Entertainment Inc., et al.,* 04-CV-8400 ODW (RZx) and/or *Joanne Siegel, et al. v.*

15  *Time Warner Inc., et al.,* 04-CV-8766 ODW (RZx) and is therefore already in DC

16  Comics' possession, custody or control.

17  **Document Request No. 7**

18      All DOCUMENTS relating to or affecting the ability of the SHUSTER HEIRS

19  to negotiate or enter into agreements regarding SUPERMAN and/or SUPERBOY.

20  **Response to Document Request No. 7**

21      Siegel objects to this request on the ground that the underlying complaint is

22  subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a

23  motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. §

24  425.16, that could dispose of the entire case and/or greatly narrow the issues.

25  Accordingly, any discovery should be stayed in this action and no documents should

26  be produced until these dispositive motions are decided.  The issue of whether

27  discovery should be so stayed will be addressed in connection with the parties'

28  pending motions for protective order, which are set to be heard by the Court on

September 20, 2010.  Following the Court's rulings on these motions, counsel for defendants will promptly meet and confer with counsel for plaintiff regarding whether documents will be produced prior to the resolution of the motions to dismiss pursuant to FRCP 12(b)(6) and (f) and the motion brought pursuant to California's anti-SLAPP statute.  Siegel further objects to this request on the ground that a motion for entry of judgment pursuant to FRCP 54(b) has been filed in the closely related action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-CV-8400.  The motion is set to be heard on September 27, 2010.  If this motion is granted, such judgment will have collateral estoppel effect on DC, and thereby substantially narrow the duplicative issues raised in the present action.  Accordingly, any discovery should be stayed in this action and no documents should be produced until these dispositive motions are decided.

In addition to the above,  Siegel objects to this request on the grounds that it is compound, duplicative, overbroad, burdensome and oppressive. Siegel further objects to this request on the grounds that the phrase "affecting the ability of the SHUSTER HEIRS to negotiate or enter into agreements regarding SUPERMAN and/or SUPERBOY" is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response.  Siegel further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope.  Siegel additionally objects to this request to the extent that it seeks the production or identification of any item, or portion thereof, which is protected from disclosure by court order, or any privacy or similar rights of any person or entity. Siegel additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Siegel further objects to the request to the extent that it seeks the production of any item which has already been produced, served, filed, or transmitted in the course of the related actions *Joanne Siegel, et al. v. Warner Bros.*

1  *Entertainment Inc., et al.,* 04-CV-8400 ODW (RZx) and/or *Joanne Siegel, et al. v.*

2  *Time Warner Inc., et al.,* 04-CV-8766 ODW (RZx) and is therefore already in DC

3  Comics' possession, custody or control.

4  **Document Request No. 8**

5      All DOCUMENTS relating to or affecting the disposition, division, or

6  ownership of any rights in SUPERMAN and/or SUPERBOY.

7  **Response to Document Request No. 8**

8      Siegel objects to this request on the ground that the underlying complaint is

9  subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a

10  motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. §

11  425.16, that could dispose of the entire case and/or greatly narrow the issues.

12  Accordingly, any discovery should be stayed in this action and no documents should

13  be produced until these dispositive motions are decided.  The issue of whether

14  discovery should be so stayed will be addressed in connection with the parties'

15  pending motions for protective order, which are set to be heard by the Court on

16  September 20, 2010.  Following the Court's rulings on these motions, counsel for

17  defendants will promptly meet and confer with counsel for plaintiff regarding

18  whether documents will be produced prior to the resolution of the motions to dismiss

19  pursuant to FRCP 12(b)(6) and (f) and the motion brought pursuant to California's

20  anti-SLAPP statute.  Siegel further objects to this request on the ground that a motion

21  for entry of judgment pursuant to FRCP 54(b) has been filed in the closely related

22  action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-

23  CV-8400.  The motion is set to be heard on September 27, 2010.  If this motion is

24  granted, such judgment will have collateral estoppel effect on DC, and thereby

25  substantially narrow the duplicative issues raised in the present action.  Accordingly,

26  any discovery should be stayed in this action and no documents should be produced

27  until these dispositive motions are decided.

28      In addition to the above,  Siegel objects to this request on the grounds that it is

compound, duplicative, overbroad, burdensome and oppressive.  Siegel further objects to this request on the grounds that the phrase "affecting the disposition, division, or ownership of" is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response.  Siegel further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope.  Siegel  additionally objects to this request to the extent that it seeks the production or identification of any item, or portion thereof, which is protected from disclosure by court order, or any privacy or similar rights of any person or entity. Siegel additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Siegel further objects to the request to the extent that it seeks the production of any item which has already been produced, served, filed, or transmitted in the course of the related actions *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.,* 04-CV-8400 ODW (RZx) and/or *Joanne Siegel, et al. v. Time Warner Inc., et al.,* 04-CV-8766 ODW (RZx) and is therefore already in DC Comics' possession, custody or control.

**Document Request No. 9**

All DOCUMENTS relating to or affecting the division of revenue, proceeds, or other profits regarding SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 9**

Siegel objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues.  Accordingly, any discovery should be stayed in this action and no documents should be produced until these dispositive motions are decided.  The issue of whether discovery should be so stayed will be addressed in connection with the parties'

pending motions for protective order, which are set to be heard by the Court on September 20, 2010.  Following the Court's rulings on these motions, counsel for defendants will promptly meet and confer with counsel for plaintiff regarding whether documents will be produced prior to the resolution of the motions to dismiss pursuant to FRCP 12(b)(6) and (f) and the motion brought pursuant to California's anti-SLAPP statute.  Siegel further objects to this request on the ground that a motion for entry of judgment pursuant to FRCP 54(b) has been filed in the closely related action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-CV-8400.  The motion is set to be heard on September 27, 2010.  If this motion is granted, such judgment will have collateral estoppel effect on DC, and thereby substantially narrow the duplicative issues raised in the present action.  Accordingly, any discovery should be stayed in this action and no documents should be produced until these dispositive motions are decided.

In addition to the above,  Siegel objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive. Siegel further objects to this request on the grounds that the phrase "affecting the division of" is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response. Siegel further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope.  Siegel additionally objects to this request to the extent that it seeks the production or identification of any item, or portion thereof, which is protected from disclosure by court order, or any privacy or similar rights of any person or entity. Siegel additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Siegel further objects to the request to the extent that it seeks the production of any item which has already been produced, served, filed, or transmitted in the course of the related actions *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, 04-CV-8400 ODW (RZx) and/or *Joanne*

1  *Siegel, et al. v. Time Warner Inc., et al.*, 04-CV-8766 ODW (RZx) and is therefore

2  already in DC Comics' possession, custody or control.

3  **Document Request No. 10**

4      All DOCUMENTS relating to or affecting the division of any settlement

5  proceeds regarding SUPERMAN and/or SUPERBOY.

6  **Response to Document Request No. 10**

7      Siegel objects to this request on the ground that the underlying complaint is

8  subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a

9  motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. §

10  425.16, that could dispose of the entire case and/or greatly narrow the issues.

11  Accordingly, any discovery should be stayed in this action and no documents should

12  be produced until these dispositive motions are decided.  The issue of whether

13  discovery should be so stayed will be addressed in connection with the parties'

14  pending motions for protective order, which are set to be heard by the Court on

15  September 20, 2010.  Following the Court's rulings on these motions, counsel for

16  defendants will promptly meet and confer with counsel for plaintiff regarding

17  whether documents will be produced prior to the resolution of the motions to dismiss

18  pursuant to FRCP 12(b)(6) and (f) and the motion brought pursuant to California's

19  anti-SLAPP statute.  Siegel further objects to this request on the ground that a motion

20  for entry of judgment pursuant to FRCP 54(b) has been filed in the closely related

21  action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-

22  CV-8400.  The motion is set to be heard on September 27, 2010.  If this motion is

23  granted, such judgment will have collateral estoppel effect on DC, and thereby

24  substantially narrow the duplicative issues raised in the present action.  Accordingly,

25  any discovery should be stayed in this action and no documents should be produced

26  until these dispositive motions are decided.

27      In addition to the above,  Siegel objects to this request on the grounds that it is

28  compound, duplicative, overbroad, burdensome and oppressive.  Siegel further

1  objects to this request on the grounds that the phrase "affecting the division of" is

2  vague and ambiguous, and lacks sufficient precision to allow her to formulate an

3  appropriate response.   Siegel further objects to this request on the grounds that it is

4  indefinite as to time and not reasonably limited in scope.  Siegel additionally objects

5  to this request to the extent that it seeks the production or identification of any item,

6  or portion thereof, which is protected from disclosure by court order, or any privacy

7  or similar rights of any person or entity. Siegel additionally objects to this request to

8  the extent that it seeks communications or items protected by the attorney-client

9  privilege, the attorney work product doctrine and any other privilege or immunity

10  available under law or arising from contractual obligation.  Siegel further objects to

11  the request to the extent that it seeks the production of any item which has already

12  been produced, served, filed, or transmitted in the course of the related actions

13  *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.,* 04-CV-8400 ODW

14  (RZx) and/or *Joanne Siegel, et al. v. Time Warner Inc., et al.,* 04-CV-8766 ODW

15  (RZx) and is therefore already in DC Comics' possession, custody or control.

16  **Document Request No. 11**

17      All DOCUMENTS relating to the potential sale, assignment, license, or other

18  disposition of any rights relating to SUPERMAN and/or SUPERBOY, including but

19  not limited to any solicitation, offer, option, or proposed agreement.

20  **Response to Document Request No. 11**

21      Siegel objects to this request on the ground that the underlying complaint is

22  subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a

23  motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. §

24  425.16, that could dispose of the entire case and/or greatly narrow the issues.

25  Accordingly, any discovery should be stayed in this action and no documents should

26  be produced until these dispositive motions are decided.  The issue of whether

27  discovery should be so stayed will be addressed in connection with the parties'

28  pending motions for protective order, which are set to be heard by the Court on

September 20, 2010.  Following the Court's rulings on these motions, counsel for defendants will promptly meet and confer with counsel for plaintiff regarding whether documents will be produced prior to the resolution of the motions to dismiss pursuant to FRCP 12(b)(6) and (f) and the motion brought pursuant to California's anti-SLAPP statute.  Siegel further objects to this request on the ground that a motion for entry of judgment pursuant to FRCP 54(b) has been filed in the closely related action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-CV-8400.  The motion is set to be heard on September 27, 2010.  If this motion is granted, such judgment will have collateral estoppel effect on DC, and thereby substantially narrow the duplicative issues raised in the present action.  Accordingly, any discovery should be stayed in this action and no documents should be produced until these dispositive motions are decided.

In addition to the above,  Siegel objects to this request on the grounds that it is compound, duplicative, overbroad, burdensome and oppressive.  Siegel further objects to this request on the grounds that the phrase "potential sale, assignment, license, or other disposition of any rights" is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response.  Siegel further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope.  Siegel additionally objects to this request to the extent that it seeks the production or identification of any item, or portion thereof, which is protected from disclosure by court order, or any privacy or similar rights of any person or entity.  Siegel additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Siegel further objects to the request to the extent that it seeks the production of any item which has already been produced, served, filed, or transmitted in the course of the related actions *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.,* 04-CV-8400 ODW (RZx) and/or *Joanne Siegel, et al. v.*

JOANNE SIEGEL'S OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT I
148

1 | *Time Warner Inc., et al.,* 04-CV-8766 ODW (RZx) and is therefore already in DC

2 | Comics' possession, custody or control.

3 | **Document Request No. 12**

4 | All DOCUMENTS relating to the valuation of any past, current, or potential

5 | ownership interest in SUPERMAN and/or SUPERBOY.

6 | **Response to Document Request No. 12**

7 | Siegel objects to this request on the ground that the underlying complaint is

8 | subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a

9 | motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. §

10 | 425.16, that could dispose of the entire case and/or greatly narrow the issues.

11 | Accordingly, any discovery should be stayed in this action and no documents should

12 | be produced until these dispositive motions are decided.  The issue of whether

13 | discovery should be so stayed will be addressed in connection with the parties'

14 | pending motions for protective order, which are set to be heard by the Court on

15 | September 20, 2010.  Following the Court's rulings on these motions, counsel for

16 | defendants will promptly meet and confer with counsel for plaintiff regarding

17 | whether documents will be produced prior to the resolution of the motions to dismiss

18 | pursuant to FRCP 12(b)(6) and (f) and the motion brought pursuant to California's

19 | anti-SLAPP statute.  Siegel further objects to this request on the ground that a motion

20 | for entry of judgment pursuant to FRCP 54(b) has been filed in the closely related

21 | action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-

22 | CV-8400.  The motion is set to be heard on September 27, 2010.  If this motion is

23 | granted, such judgment will have collateral estoppel effect on DC, and thereby

24 | substantially narrow the duplicative issues raised in the present action.  Accordingly,

25 | any discovery should be stayed in this action and no documents should be produced

26 | until these dispositive motions are decided.

27 | In addition to the above, Siegel objects to this request on the grounds that it is

28 | compound, overbroad, burdensome and oppressive.  Siegel further objects to this

JOANNE SIEGEL'S OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT I
149

request on the grounds that the phrase "relating to the valuation of any past, current, or potential ownership interest in SUPERMAN and/or SUPERBOY" is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response.  Siegel further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope.  Siegel additionally objects to this request to the extent that it seeks the production or identification of any item, or portion thereof, which is protected from disclosure by court order, or any privacy or similar rights of any person or entity. Siegel further objects to this request to the extent it seeks information that is otherwise obtainable by less burdensome means. Siegel further objects to this request to the extent it seeks documents and information already in Plaintiff's possession, custody or control. Siegel further objects to this request to the extent that it seeks the production or identification of any item, or portion thereof, comprising or reflecting any trade secret or other confidential or proprietary information of Siegel or any other person or entity.  Siegel additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Siegel further objects to the request to the extent that it seeks the production of any item which has already been produced, served, filed, or transmitted in the course of the related actions *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.,* 04-CV-8400 ODW (RZx) and/or *Joanne Siegel, et al. v. Time Warner Inc., et al.,* 04-CV-8766 ODW (RZx) and is therefore already in DC Comics' possession, custody or control.

**Document Request No. 13**

All DOCUMENTS relating to the introduction of YOU or the SIEGEL HEIRS to any DEFENDANT.

**Response to Document Request No. 13**

Siegel objects to this request on the ground that the underlying complaint is

1   subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a

2   motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. §

3   425.16, that could dispose of the entire case and/or greatly narrow the issues.

4   Accordingly, any discovery should be stayed in this action and no documents should

5   be produced until these dispositive motions are decided.  The issue of whether

6   discovery should be so stayed will be addressed in connection with the parties'

7   pending motions for protective order, which are set to be heard by the Court on

8   September 20, 2010.  Following the Court's rulings on these motions, counsel for

9   defendants will promptly meet and confer with counsel for plaintiff regarding

10  whether documents will be produced prior to the resolution of the motions to dismiss

11  pursuant to FRCP 12(b)(6) and (f) and the motion brought pursuant to California's

12  anti-SLAPP statute.  Siegel further objects to this request on the ground that a motion

13  for entry of judgment pursuant to FRCP 54(b) has been filed in the closely related

14  action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-

15  CV-8400.  The motion is set to be heard on September 27, 2010.  If this motion is

16  granted, such judgment will have collateral estoppel effect on DC, and thereby

17  substantially narrow the duplicative issues raised in the present action.  Accordingly,

18  any discovery should be stayed in this action and no documents should be produced

19  until these dispositive motions are decided.

20          In addition to the above, Siegel objects to this request on the grounds that it is

21  duplicative, overbroad, burdensome and oppressive. Siegel further objects to this

22  request on the grounds that the phrase "introduction of YOU or the SIEGEL HEIRS

23  to any DEFENDANT" is vague and ambiguous, and lacks sufficient precision to

24  allow her to formulate an appropriate response. Siegel further objects to this request

25  on the grounds that it is indefinite as to time and not reasonably limited in scope.

26  Siegel additionally objects to this request to the extent that it seeks the production or

27  identification of any item, or portion thereof, which is protected from disclosure by

28  court order, or any privacy or similar rights of any person or entity. Siegel

1    additionally objects to this request to the extent that it seeks communications or items

2    protected by the attorney-client privilege, the attorney work product doctrine and any

3    other privilege or immunity available under law or arising from contractual

4    obligation.  Siegel further objects to the request to the extent that it seeks the

5    production of any item which has already been produced, served, filed, or transmitted

6    in the course of the related actions *Joanne Siegel, et al. v. Warner Bros.*

7    *Entertainment Inc., et al.,* 04-CV-8400 ODW (RZx) and/or *Joanne Siegel, et al. v.*

8    *Time Warner Inc., et al.,* 04-CV-8766 ODW (RZx) and is therefore already in DC

9    Comics' possession, custody or control.

10   **Document Request No. 14**

11       All DOCUMENTS relating to the October 16, 2001 COMMUNICATION

12   between Kevin Marks and John Schulman.

13   **Response to Document Request No. 14**

14       Siegel objects to this request on the ground that the underlying complaint is

15   subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a

16   motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. §

17   425.16, that could dispose of the entire case and/or greatly narrow the issues.

18   Accordingly, any discovery should be stayed in this action and no documents should

19   be produced until these dispositive motions are decided.  The issue of whether

20   discovery should be so stayed will be addressed in connection with the parties'

21   pending motions for protective order, which are set to be heard by the Court on

22   September 20, 2010.  Following the Court's rulings on these motions, counsel for

23   defendants will promptly meet and confer with counsel for plaintiff regarding

24   whether documents will be produced prior to the resolution of the motions to dismiss

25   pursuant to FRCP 12(b)(6) and (f) and the motion brought pursuant to California's

26   anti-SLAPP statute.  Siegel further objects to this request on the ground that a motion

27   for entry of judgment pursuant to FRCP 54(b) has been filed in the closely related

28   action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.,* Case No. 04-

1  CV-8400.  The motion is set to be heard on September 27, 2010.  If this motion is

2  granted, such judgment will have collateral estoppel effect on DC, and thereby

3  substantially narrow the duplicative issues raised in the present action.  Accordingly,

4  any discovery should be stayed in this action and no documents should be produced

5  until these dispositive motions are decided.

6       In addition to the above, Siegel objects to this request on the grounds that it is

7  overbroad, duplicative, burdensome and oppressive. Siegel further objects to this

8  request on the grounds that it is vague and ambiguous, and lacks sufficient precision

9  to allow her to formulate an appropriate response. Siegel further objects to this

10 request to the extent it seeks documents and information already in Plaintiff's

11 possession, custody or control.  Siegel further objects to this request on the grounds

12 that it is indefinite as to time and not reasonably limited in scope. Siegel additionally

13 objects to this request to the extent that it seeks the production or identification of any

14 item, or portion thereof, which is protected from disclosure by court order, or any

15 privacy or similar rights of any person or entity. Siegel additionally objects to this

16 request to the extent that it seeks communications or items protected by the attorney-

17 client privilege, the attorney work product doctrine and any other privilege or

18 immunity available under law or arising from contractual obligation. Siegel further

19 objects to the request to the extent that it seeks the production of any item which has

20 already been produced, served, filed, or transmitted in the course of the related

21 actions *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.,* 04-CV-8400

22 ODW (RZx) and/or *Joanne Siegel, et al. v. Time Warner Inc., et al.,* 04-CV-8766

23 ODW (RZx) and is therefore already in DC Comics' possession, custody or control.

24 **Document Request No. 15**

25      All DOCUMENTS relating to the October 19, 2002 letter from Kevin Marks to

26 John Schulman confirming that the SIEGEL HEIRS "accepted D.C. Comics' offer of

27 October 16, 2001."

28

JOANNE SIEGEL'S OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT I
153

**Response to Document Request No. 15**

Siegel objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. Accordingly, any discovery should be stayed in this action and no documents should be produced until these dispositive motions are decided.  The issue of whether discovery should be so stayed will be addressed in connection with the parties' pending motions for protective order, which are set to be heard by the Court on September 20, 2010.  Following the Court's rulings on these motions, counsel for defendants will promptly meet and confer with counsel for plaintiff regarding whether documents will be produced prior to the resolution of the motions to dismiss pursuant to FRCP 12(b)(6) and (f) and the motion brought pursuant to California's anti-SLAPP statute.  Siegel further objects to this request on the ground that a motion for entry of judgment pursuant to FRCP 54(b) has been filed in the closely related action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-CV-8400.  The motion is set to be heard on September 27, 2010.  If this motion is granted, such judgment will have collateral estoppel effect on DC, and thereby substantially narrow the duplicative issues raised in the present action.  Accordingly, any discovery should be stayed in this action and no documents should be produced until these dispositive motions are decided.

In addition to the above, Siegel objects to this request on the grounds that it is overbroad, duplicative, burdensome and oppressive.  Siegel further objects to this request on the grounds that it is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response.  Siegel further objects to this request to the extent it seeks documents and information already in Plaintiff's possession, custody or control. Siegel further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Siegel additionally

1   objects to this request to the extent that it seeks the production or identification of any

2   item, or portion thereof, which is protected from disclosure by court order, or any

3   privacy or similar rights of any person or entity. Siegel additionally objects to this

4   request to the extent that it seeks communications or items protected by the attorney-

5   client privilege, the attorney work product doctrine and any other privilege or

6   immunity available under law or arising from contractual obligation. Siegel further

7   objects to the request to the extent that it seeks the production of any item which has

8   already been produced, served, filed, or transmitted in the course of the related

9   actions *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.,* 04-CV-8400

10  ODW (RZx) and/or *Joanne Siegel, et al. v. Time Warner Inc., et al.,* 04-CV-8766

11  ODW (RZx) and is therefore already in DC Comics' possession, custody or control.

12  **Document Request No. 16**

13      All DOCUMENTS relating to the October 26, 2001 letter from DC Comics to

14  the SIEGEL HEIRS.

15  **Response to Document Request No. 16**

16      Siegel objects to this request on the ground that the underlying complaint is

17  subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a

18  motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. §

19  425.16, that could dispose of the entire case and/or greatly narrow the issues.

20  Accordingly, any discovery should be stayed in this action and no documents should

21  be produced until these dispositive motions are decided.  The issue of whether

22  discovery should be so stayed will be addressed in connection with the parties'

23  pending motions for protective order, which are set to be heard by the Court on

24  September 20, 2010.  Following the Court's rulings on these motions, counsel for

25  defendants will promptly meet and confer with counsel for plaintiff regarding

26  whether documents will be produced prior to the resolution of the motions to dismiss

27  pursuant to FRCP 12(b)(6) and (f) and the motion brought pursuant to California's

28  anti-SLAPP statute.  Siegel further objects to this request on the ground that a motion

JOANNE SIEGEL'S OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT I
155

1   for entry of judgment pursuant to FRCP 54(b) has been filed in the closely related

2   action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-

3   CV-8400.  The motion is set to be heard on September 27, 2010.  If this motion is

4   granted, such judgment will have collateral estoppel effect on DC, and thereby

5   substantially narrow the duplicative issues raised in the present action.  Accordingly,

6   any discovery should be stayed in this action and no documents should be produced

7   until these dispositive motions are decided.

8        In addition to the above, Siegel objects to this request on the grounds that it is

9   overbroad, duplicative, burdensome and oppressive. Siegel further objects to this

10  request on the grounds that it is vague and ambiguous, and lacks sufficient precision

11  to allow her to formulate an appropriate response. Siegel further objects to this

12  request to the extent it seeks documents and information already in Plaintiff's

13  possession, custody or control.  Siegel further objects to this request on the grounds

14  that it is indefinite as to time and not reasonably limited in scope.  Siegel additionally

15  objects to this request to the extent that it seeks the production or identification of any

16  item, or portion thereof, which is protected from disclosure by court order, or any

17  privacy or similar rights of any person or entity.  Siegel additionally objects to this

18  request to the extent that it seeks communications or items protected by the attorney-

19  client privilege, the attorney work product doctrine and any other privilege or

20  immunity available under law or arising from contractual obligation.  Siegel further

21  objects to the request to the extent that it seeks the production of any item which has

22  already been produced, served, filed, or transmitted in the course of the related

23  actions *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.,* 04-CV-8400

24  ODW (RZx) and/or *Joanne Siegel, et al. v. Time Warner Inc., et al.,* 04-CV-8766

25  ODW (RZx) and is therefore already in DC Comics' possession, custody or control.

26

27

28

JOANNE SIEGEL'S OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT I
156

**Document Request No. 17**

All DOCUMENTS relating to the November 29, 2001 COMMUNICATION between DEFENDANT Marc Toberoff and Kevin Marks regarding the SIEGEL HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 17**

Siegel objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. Accordingly, any discovery should be stayed in this action and no documents should be produced until these dispositive motions are decided. The issue of whether discovery should be so stayed will be addressed in connection with the parties' pending motions for protective order, which are set to be heard by the Court on September 20, 2010. Following the Court's rulings on these motions, counsel for defendants will promptly meet and confer with counsel for plaintiff regarding whether documents will be produced prior to the resolution of the motions to dismiss pursuant to FRCP 12(b)(6) and (f) and the motion brought pursuant to California's anti-SLAPP statute. Siegel further objects to this request on the ground that a motion for entry of judgment pursuant to FRCP 54(b) has been filed in the closely related action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-CV-8400. The motion is set to be heard on September 27, 2010. If this motion is granted, such judgment will have collateral estoppel effect on DC, and thereby substantially narrow the duplicative issues raised in the present action. Accordingly, any discovery should be stayed in this action and no documents should be produced until these dispositive motions are decided.

In addition to the above, Siegel objects to this request on the grounds that it is overbroad, duplicative, burdensome and oppressive. Siegel further objects to this request on the grounds that it is vague and ambiguous, and lacks sufficient precision

JOANNE SIEGEL'S OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT I
157

to allow her to formulate an appropriate response.  Siegel further objects to this request to the extent it seeks documents and information already in Plaintiff's possession, custody or control. Siegel further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope.  Siegel additionally objects to this request to the extent that it seeks the production or identification of any item, or portion thereof, which is protected from disclosure by court order, or any privacy or similar rights of any person or entity. Siegel additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Siegel further objects to the request to the extent that it seeks the production of any item which has already been produced, served, filed, or transmitted in the course of the related actions *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.,* 04-CV-8400 ODW (RZx) and/or *Joanne Siegel, et al. v. Time Warner Inc., et al.,* 04-CV-8766 ODW (RZx) and is therefore already in DC Comics' possession, custody or control.

**Document Request No. 18**

All DOCUMENTS relating to the February 1, 2002 letter from Patrick Perkins to the SIEGEL HEIRS.

**Response to Document Request No. 18**

Siegel objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. Accordingly, any discovery should be stayed in this action and no documents should be produced until these dispositive motions are decided.  The issue of whether discovery should be so stayed will be addressed in connection with the parties' pending motions for protective order, which are set to be heard by the Court on September 20, 2010.  Following the Court's rulings on these motions, counsel for

JOANNE SIEGEL'S OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT I
158

1  defendants will promptly meet and confer with counsel for plaintiff regarding

2  whether documents will be produced prior to the resolution of the motions to dismiss

3  pursuant to FRCP 12(b)(6) and (f) and the motion brought pursuant to California's

4  anti-SLAPP statute.  Siegel further objects to this equest on the ground that a motion

5  for entry of judgment pursuant to FRCP 54(b) has been filed in the closely related

6  action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-

7  CV-8400.  The motion is set to be heard on September 27, 2010.  If this motion is

8  granted, such judgment will have collateral estoppel effect on DC, and thereby

9  substantially narrow the duplicative issues raised in the present action.  Accordingly,

10  any discovery should be stayed in this action and no documents should be produced

11  until these dispositive motions are decided.

12       In addition to the above, Siegel objects to this request on the grounds that it is

13  overbroad, duplicative, burdensome and oppressive. Siegel further objects to this

14  request on the grounds that it is vague and ambiguous, and lacks sufficient precision

15  to allow her to formulate an appropriate response.  Siegel further objects to this

16  request to the extent it seeks documents and information already in Plaintiff's

17  possession, custody or control.  Siegel further objects to this request on the grounds

18  that it is indefinite as to time and not reasonably limited in scope.  Siegel additionally

19  objects to this request to the extent that it seeks the production or identification of any

20  item, or portion thereof, which is protected from disclosure by court order, or any

21  privacy or similar rights of any person or entity. Siegel additionally objects to this

22  request to the extent that it seeks communications or items protected by the attorney-

23  client privilege, the attorney work product doctrine and any other privilege or

24  immunity available under law or arising from contractual obligation.  Siegel further

25  objects to the request to the extent that it seeks the production of any item which has

26  already been produced, served, filed, or transmitted in the course of the related

27  actions *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.,* 04-CV-8400

28  ODW (RZx) and/or *Joanne Siegel, et al. v. Time Warner Inc., et al.,* 04-CV-8766

JOANNE SIEGEL'S OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT I
159

1  ODW (RZx) and is therefore already in DC Comics' possession, custody or control.

2  **Document Request No. 19**

3      All DOCUMENTS relating to the February 6, 2002 COMMUNICATION

4  between DEFENDANT Marc Toberoff and Kevin Marks regarding the SIEGEL

5  HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

6  **Response to Document Request No. 19**

7      Siegel objects to this request on the ground that the underlying complaint is

8  subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a

9  motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. §

10  425.16, that could dispose of the entire case and/or greatly narrow the issues.

11  Accordingly, any discovery should be stayed in this action and no documents should

12  be produced until these dispositive motions are decided.  The issue of whether

13  discovery should be so stayed will be addressed in connection with the parties'

14  pending motions for protective order, which are set to be heard by the Court on

15  September 20, 2010.  Following the Court's rulings on these motions, counsel for

16  defendants will promptly meet and confer with counsel for plaintiff regarding

17  whether documents will be produced prior to the resolution of the motions to dismiss

18  pursuant to FRCP 12(b)(6) and (f) and the motion brought pursuant to California's

19  anti-SLAPP statute.  Siegel further objects to this request on the ground that a motion

20  for entry of judgment pursuant to FRCP 54(b) has been filed in the closely related

21  action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-

22  CV-8400.  The motion is set to be heard on September 27, 2010.  If this motion is

23  granted, such judgment will have collateral estoppel effect on DC, and thereby

24  substantially narrow the duplicative issues raised in the present action.  Accordingly,

25  any discovery should be stayed in this action and no documents should be produced

26  until these dispositive motions are decided.

27      In addition to the above, Siegel objects to this request on the grounds that it is

28  overbroad, duplicative, burdensome and oppressive.  Siegel further objects to this

JOANNE SIEGEL'S OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT I
160

request on the grounds that it is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response.   Siegel further objects to this request to the extent it seeks documents and information already in Plaintiff's possession, custody or control. Siegel further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope.  Siegel additionally objects to this request to the extent that it seeks the production or identification of any item, or portion thereof, which is protected from disclosure by court order, or any privacy or similar rights of any person or entity. Siegel additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Siegel further objects to the request to the extent that it seeks the production of any item which has already been produced, served, filed, or transmitted in the course of the related actions *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.,* 04-CV-8400 ODW (RZx) and/or *Joanne Siegel, et al. v. Time Warner Inc., et al.,* 04-CV-8766 ODW (RZx) and is therefore already in DC Comics' possession, custody or control.

**Document Request No. 20**

All DOCUMENTS relating to the February 2002 COMMUNICATION between DEFENDANT Marc Toberoff and Warner Bros. executive Steven Spira regarding the rights in SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 20**

Siegel objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. Accordingly, any discovery should be stayed in this action and no documents should be produced until these dispositive motions are decided.  The issue of whether discovery should be so stayed will be addressed in connection with the parties'

pending motions for protective order, which are set to be heard by the Court on September 20, 2010.  Following the Court's rulings on these motions, counsel for defendants will promptly meet and confer with counsel for plaintiff regarding whether documents will be produced prior to the resolution of the motions to dismiss pursuant to FRCP 12(b)(6) and (f) and the motion brought pursuant to California's anti-SLAPP statute.  Siegel further objects to this request on the ground that a motion for entry of judgment pursuant to FRCP 54(b) has been filed in the closely related action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-CV-8400.  The motion is set to be heard on September 27, 2010.  If this motion is granted, such judgment will have collateral estoppel effect on DC, and thereby substantially narrow the duplicative issues raised in the present action.  Accordingly, any discovery should be stayed in this action and no documents should be produced until these dispositive motions are decided.

In addition to the above, Siegel objects to this request on the grounds that it is overbroad, duplicative, burdensome and oppressive.  Siegel further objects to this request on the grounds that it is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response.  Siegel further objects to this request to the extent it seeks documents and information already in Plaintiff's possession, custody or control.  Siegel further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope.  Siegel additionally objects to this request to the extent that it seeks the production or identification of any item, or portion thereof, which is protected from disclosure by court order, or any privacy or similar rights of any person or entity.  Siegel additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Siegel further objects to the request to the extent that it seeks the production of any item which has already been produced, served, filed, or transmitted in the course of the related

1 actions *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.,* 04-CV-8400

2 ODW (RZx) and/or *Joanne Siegel, et al. v. Time Warner Inc., et al.,* 04-CV-8766

3 ODW (RZx) and is therefore already in DC Comics' possession, custody or control.

4 **Document Request No. 21**

5     All DOCUMENTS relating to the May 9, 2002 letter from DEFENDANT

6 Joanne Siegel to Time Warner, Inc.

7 **Response to Document Request No. 21**

8     Siegel objects to this request on the ground that the underlying complaint is

9 subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a

10 motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. §

11 425.16, that could dispose of the entire case and/or greatly narrow the issues.

12 Accordingly, any discovery should be stayed in this action and no documents should

13 be produced until these dispositive motions are decided. The issue of whether

14 discovery should be so stayed will be addressed in connection with the parties'

15 pending motions for protective order, which are set to be heard by the Court on

16 September 20, 2010. Following the Court's rulings on these motions, counsel for

17 defendants will promptly meet and confer with counsel for plaintiff regarding

18 whether documents will be produced prior to the resolution of the motions to dismiss

19 pursuant to FRCP 12(b)(6) and (f) and the motion brought pursuant to California's

20 anti-SLAPP statute. Siegel further objects to this request on the ground that a motion

21 for entry of judgment pursuant to FRCP 54(b) has been filed in the closely related

22 action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.,* Case No. 04-

23 CV-8400. The motion is set to be heard on September 27, 2010. If this motion is

24 granted, such judgment will have collateral estoppel effect on DC, and thereby

25 substantially narrow the duplicative issues raised in the present action. Accordingly,

26 any discovery should be stayed in this action and no documents should be produced

27 until these dispositive motions are decided.

28     In addition to the above, Siegel objects to this request on the grounds that it is

1   overbroad, duplicative, burdensome and oppressive.  Siegel further objects to this

2   request on the grounds that it is vague and ambiguous, and lacks sufficient precision

3   to allow her to formulate an appropriate response.   Siegel further objects to this

4   request to the extent it seeks documents and information already in Plaintiff's

5   possession, custody or control.  Siegel further objects to this request on the grounds

6   that it is indefinite as to time and not reasonably limited in scope.  Siegel additionally

7   objects to this request to the extent that it seeks the production or identification of any

8   item, or portion thereof, which is protected from disclosure by court order, or any

9   privacy or similar rights of any person or entity.  Siegel additionally objects to this

10  request to the extent that it seeks communications or items protected by the attorney-

11  client privilege, the attorney work product doctrine and any other privilege or

12  immunity available under law or arising from contractual obligation.  Siegel further

13  objects to the request to the extent that it seeks the production of any item which has

14  already been produced, served, filed, or transmitted in the course of the related

15  actions *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.,* 04-CV-8400

16  ODW (RZx) and/or *Joanne Siegel, et al. v. Time Warner Inc., et al.,* 04-CV-8766

17  ODW (RZx) and is therefore already in DC Comics' possession, custody or control.

18  **Document Request No. 22**

19       All DOCUMENTS relating to the May 21, 2002 letter from Richard Parsons of

20  Time Warner Inc. to DEFENDANT Joanne Siegel.

21  **Response to Document Request No. 22**

22       Siegel objects to this request on the ground that the underlying complaint is

23  subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a

24  motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. §

25  425.16, that could dispose of the entire case and/or greatly narrow the issues.

26  Accordingly, any discovery should be stayed in this action and no documents should

27  be produced until these dispositive motions are decided.  The issue of whether

28  discovery should be so stayed will be addressed in connection with the parties'

pending motions for protective order, which are set to be heard by the Court on September 20, 2010.  Following the Court's rulings on these motions, counsel for defendants will promptly meet and confer with counsel for plaintiff regarding whether documents will be produced prior to the resolution of the motions to dismiss pursuant to FRCP 12(b)(6) and (f) and the motion brought pursuant to California's anti-SLAPP statute.  Siegel further objects to this request on the ground that a motion for entry of judgment pursuant to FRCP 54(b) has been filed in the closely related action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-CV-8400.  The motion is set to be heard on September 27, 2010.  If this motion is granted, such judgment will have collateral estoppel effect on DC, and thereby substantially narrow the duplicative issues raised in the present action.  Accordingly, any discovery should be stayed in this action and no documents should be produced until these dispositive motions are decided.

In addition to the above, Siegel objects to this request on the grounds that it is overbroad, duplicative, burdensome and oppressive.  Siegel further objects to this request on the grounds that it is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response.  Siegel further objects to this request to the extent it seeks documents and information already in Plaintiff's possession, custody or control. Siegel further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Siegel additionally objects to this request to the extent that it seeks the production or identification of any item, or portion thereof, which is protected from disclosure by court order, or any privacy or similar rights of any person or entity. Siegel additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Siegel further objects to the request to the extent that it seeks the production of any item which has already been produced, served, filed, or transmitted in the course of the related

JOANNE SIEGEL'S OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT I
165

1   actions *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.,* 04-CV-8400

2   ODW (RZx) and/or *Joanne Siegel, et al. v. Time Warner Inc., et al.,* 04-CV-8766

3   ODW (RZx) and is therefore already in DC Comics' possession, custody or control.

4   **Document Request No. 23**

5       All DOCUMENTS relating to any solicitation, offer, or option from any

6   DEFENDANT regarding the purported rights of YOU or the SIEGEL HEIRS in

7   SUPERMAN and/or SUPERBOY.

8   **Response to Document Request No. 23**

9       Siegel objects to this request on the ground that the underlying complaint is

10  subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a

11  motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. §

12  425.16, that could dispose of the entire case and/or greatly narrow the issues.

13  Accordingly, any discovery should be stayed in this action and no documents should

14  be produced until these dispositive motions are decided.  The issue of whether

15  discovery should be so stayed will be addressed in connection with the parties'

16  pending motions for protective order, which are set to be heard by the Court on

17  September 20, 2010.  Following the Court's rulings on these motions, counsel for

18  defendants will promptly meet and confer with counsel for plaintiff regarding

19  whether documents will be produced prior to the resolution of the motions to dismiss

20  pursuant to FRCP 12(b)(6) and (f) and the motion brought pursuant to California's

21  anti-SLAPP statute.  Siegel further objects to this request on the ground that a motion

22  for entry of judgment pursuant to FRCP 54(b) has been filed in the closely related

23  action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-

24  CV-8400.  The motion is set to be heard on September 27, 2010.  If this motion is

25  granted, such judgment will have collateral estoppel effect on DC, and thereby

26  substantially narrow the duplicative issues raised in the present action.  Accordingly,

27  any discovery should be stayed in this action and no documents should be produced

28  until these dispositive motions are decided.

JOANNE SIEGEL'S OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT I
166

In addition to the above, Siegel objects to this request on the grounds that it is overbroad, burdensome and oppressive.  Siegel further objects to this request on the grounds that the phrase "purported rights" is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response.   Siegel further objects to this request to the extent it seeks documents and information already in Plaintiff's possession, custody or control.  Siegel further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope.  Siegel additionally objects to this request to the extent that it seeks the production or identification of any item, or portion thereof, which is protected from disclosure by court order, or any privacy or similar rights of any person or entity.  Siegel additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Siegel further objects to the request to the extent that it seeks the production of any item which has already been produced, served, filed, or transmitted in the course of the related actions *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.,* 04-CV-8400 ODW (RZx) and/or *Joanne Siegel, et al. v. Time Warner Inc., et al.,* 04-CV-8766 ODW (RZx) and is therefore already in DC Comics' possession, custody or control.

**Document Request No. 24**

All DOCUMENTS relating to the September 21, 2002 letter from YOU to Kevin Marks.

**Response to Document Request No. 24**

Siegel objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. Accordingly, any discovery should be stayed in this action and no documents should

JOANNE SIEGEL'S OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION
EXHIBIT I
167

be produced until these dispositive motions are decided.  The issue of whether discovery should be so stayed will be addressed in connection with the parties' pending motions for protective order, which are set to be heard by the Court on September 20, 2010.  Following the Court's rulings on these motions, counsel for defendants will promptly meet and confer with counsel for plaintiff regarding whether documents will be produced prior to the resolution of the motions to dismiss pursuant to FRCP 12(b)(6) and (f) and the motion brought pursuant to California's anti-SLAPP statute.  Siegel further objects to this request on the ground that a motion for entry of judgment pursuant to FRCP 54(b) has been filed in the closely related action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-CV-8400.  The motion is set to be heard on September 27, 2010.  If this motion is granted, such judgment will have collateral estoppel effect on DC, and thereby substantially narrow the duplicative issues raised in the present action.  Accordingly, any discovery should be stayed in this action and no documents should be produced until these dispositive motions are decided.

In addition to the above, Siegel objects to this request on the grounds that it is overbroad, duplicative, burdensome and oppressive.  Siegel further objects to this request on the grounds that it is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response.  Siegel further objects to this request to the extent it seeks documents and information already in Plaintiff's possession, custody or control.  Siegel further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope.  Siegel additionally objects to this request to the extent that it seeks the production or identification of any item, or portion thereof, which is protected from disclosure by court order, or any privacy or similar rights of any person or entity.  Siegel additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Siegel further

objects to the request to the extent that it seeks the production of any item which has already been produced, served, filed, or transmitted in the course of the related actions *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.,* 04-CV-8400 ODW (RZx) and/or *Joanne Siegel, et al. v. Time Warner Inc., et al.,* 04-CV-8766 ODW (RZx) and is therefore already in DC Comics' possession, custody or control.

**Document Request No. 25**

All DOCUMENTS relating to the September 21, 2002 letter from YOU to DC Comics.

**Response to Document Request No. 25**

Siegel objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. Accordingly, any discovery should be stayed in this action and no documents should be produced until these dispositive motions are decided. The issue of whether discovery should be so stayed will be addressed in connection with the parties' pending motions for protective order, which are set to be heard by the Court on September 20, 2010. Following the Court's rulings on these motions, counsel for defendants will promptly meet and confer with counsel for plaintiff regarding whether documents will be produced prior to the resolution of the motions to dismiss pursuant to FRCP 12(b)(6) and (f) and the motion brought pursuant to California's anti-SLAPP statute. Siegel further objects to this request on the ground that a motion for entry of judgment pursuant to FRCP 54(b) has been filed in the closely related action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.,* Case No. 04-CV-8400. The motion is set to be heard on September 27, 2010. If this motion is granted, such judgment will have collateral estoppel effect on DC, and thereby substantially narrow the duplicative issues raised in the present action. Accordingly, any discovery should be stayed in this action and no documents should be produced

1   until these dispositive motions are decided.

2          In addition to the above, Siegel objects to this request on the grounds that it is

3   overbroad, duplicative, burdensome and oppressive.  Siegel further objects to this

4   request on the grounds that it is vague and ambiguous, and lacks sufficient precision

5   to allow her to formulate an appropriate response.  Siegel further objects to this

6   request to the extent it seeks documents and information already in Plaintiff's

7   possession, custody or control.  Siegel further objects to this request on the grounds

8   that it is indefinite as to time and not reasonably limited in scope. Siegel additionally

9   objects to this request to the extent that it seeks the production or identification of any

10  item, or portion thereof, which is protected from disclosure by court order, or any

11  privacy or similar rights of any person or entity.  Siegel additionally objects to this

12  request to the extent that it seeks communications or items protected by the attorney-

13  client privilege, the attorney work product doctrine and any other privilege or

14  immunity available under law or arising from contractual obligation.  Siegel further

15  objects to the request to the extent that it seeks the production of any item which has

16  already been produced, served, filed, or transmitted in the course of the related

17  actions *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.,* 04-CV-8400

18  ODW (RZx) and/or *Joanne Siegel, et al. v. Time Warner Inc., et al.,* 04-CV-8766

19  ODW (RZx) and is therefore already in DC Comics' possession, custody or control.

20  **Document Request No. 26**

21         All DOCUMENTS relating to the letter agreement dated October 3, 2002 that

22  YOU signed with DEFENDANT IP Worldwide, LLC, and any revisions,

23  modifications, or adjustments thereto.

24  **Response to Document Request No. 26**

25         Siegel objects to this request on the ground that the underlying complaint is

26  subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a

27  motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. §

28  425.16, that could dispose of the entire case and/or greatly narrow the issues.

1    Accordingly, any discovery should be stayed in this action and no documents should

2    be produced until these dispositive motions are decided.  The issue of whether

3    discovery should be so stayed will be addressed in connection with the parties'

4    pending motions for protective order, which are set to be heard by the Court on

5    September 20, 2010.  Following the Court's rulings on these motions, counsel for

6    defendants will promptly meet and confer with counsel for plaintiff regarding

7    whether documents will be produced prior to the resolution of the motions to dismiss

8    pursuant to FRCP 12(b)(6) and (f) and the motion brought pursuant to California's

9    anti-SLAPP statute.  Siegel further objects to this request on the ground that a motion

10   for entry of judgment pursuant to FRCP 54(b) has been filed in the closely related

11   action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-

12   CV-8400.  The motion is set to be heard on September 27, 2010.  If this motion is

13   granted, such judgment will have collateral estoppel effect on DC, and thereby

14   substantially narrow the duplicative issues raised in the present action.  Accordingly,

15   any discovery should be stayed in this action and no documents should be produced

16   until these dispositive motions are decided.

17        In addition to the above, Siegel objects to this request on the grounds that it is

18   overbroad, duplicative, burdensome and oppressive.  Siegel further objects to this

19   request on the grounds that it is vague and ambiguous, and lacks sufficient precision

20   to allow her to formulate an appropriate response. Siegel further objects to this

21   request to the extent it seeks documents and information already in Plaintiff's

22   possession, custody or control.  Siegel further objects to this request on the grounds

23   that it is indefinite as to time and not reasonably limited in scope.  Siegel additionally

24   objects to this request to the extent that it seeks the production or identification of any

25   item, or portion thereof, which is protected from disclosure by court order, or any

26   privacy or similar rights of any person or entity. Siegel additionally objects to this

27   request to the extent that it seeks communications or items protected by the attorney-

28   client privilege, the attorney work product doctrine and any other privilege or

43
JOANNE SIEGEL'S OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT I
171

immunity available under law or arising from contractual obligation. Siegel further objects to the request to the extent that it seeks the production of any item which has already been produced, served, filed, or transmitted in the course of the related actions *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.,* 04-CV-8400 ODW (RZx) and/or *Joanne Siegel, et al. v. Time Warner Inc., et al.,* 04-CV-8766 ODW (RZx) and is therefore already in DC Comics' possession, custody or control.

**Document Request No. 27**

All DOCUMENTS relating to the October 28, 2002 letter from YOU to Lillian Laserson of DC Comics.

**Response to Document Request No. 27**

Siegel objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. Accordingly, any discovery should be stayed in this action and no documents should be produced until these dispositive motions are decided. The issue of whether discovery should be so stayed will be addressed in connection with the parties' pending motions for protective order, which are set to be heard by the Court on September 20, 2010. Following the Court's rulings on these motions, counsel for defendants will promptly meet and confer with counsel for plaintiff regarding whether documents will be produced prior to the resolution of the motions to dismiss pursuant to FRCP 12(b)(6) and (f) and the motion brought pursuant to California's anti-SLAPP statute. Siegel further objects to this request on the ground that a motion for entry of judgment pursuant to FRCP 54(b) has been filed in the closely related action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-CV-8400. The motion is set to be heard on September 27, 2010. If this motion is granted, such judgment will have collateral estoppel effect on DC, and thereby substantially narrow the duplicative issues raised in the present action. Accordingly,

JOANNE SIEGEL'S OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT I
172

1  any discovery should be stayed in this action and no documents should be produced

2  until these dispositive motions are decided.

3        In addition to the above, Siegel objects to this request on the grounds that it is

4  overbroad, duplicative, burdensome and oppressive.  Siegel further objects to this

5  request on the grounds that it is vague and ambiguous, and lacks sufficient precision

6  to allow her to formulate an appropriate response.  Siegel further objects to this

7  request to the extent it seeks documents and information already in Plaintiff's

8  possession, custody or control. Siegel further objects to this request on the grounds

9  that it is indefinite as to time and not reasonably limited in scope.  Siegel additionally

10 objects to this request to the extent that it seeks the production or identification of any

11 item, or portion thereof, which is protected from disclosure by court order, or any

12 privacy or similar rights of any person or entity. Siegel additionally objects to this

13 request to the extent that it seeks communications or items protected by the attorney-

14 client privilege, the attorney work product doctrine and any other privilege or

15 immunity available under law or arising from contractual obligation.  Siegel further

16 objects to the request to the extent that it seeks the production of any item which has

17 already been produced, served, filed, or transmitted in the course of the related

18 actions *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.,* 04-CV-8400

19 ODW (RZx) and/or *Joanne Siegel, et al. v. Time Warner Inc., et al.,* 04-CV-8766

20 ODW (RZx) and is therefore already in DC Comics' possession, custody or control.

21 **Document Request No. 28**

22       All DOCUMENTS relating to the Request of Termination of Transfer

23 Covering Extended Renewal Term: Superboy served on behalf of the SIEGEL

24 HEIRS on or around November 8, 2002.

25 **Response to Document Request No. 28**

26       Siegel objects to this request on the ground that the underlying complaint is

27 subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a

28 motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. §

425.16, that could dispose of the entire case and/or greatly narrow the issues. Accordingly, any discovery should be stayed in this action and no documents should be produced until these dispositive motions are decided. The issue of whether discovery should be so stayed will be addressed in connection with the parties' pending motions for protective order, which are set to be heard by the Court on September 20, 2010. Following the Court's rulings on these motions, counsel for defendants will promptly meet and confer with counsel for plaintiff regarding whether documents will be produced prior to the resolution of the motions to dismiss pursuant to FRCP 12(b)(6) and (f) and the motion brought pursuant to California's anti-SLAPP statute. Siegel further objects to this request on the ground that a motion for entry of judgment pursuant to FRCP 54(b) has been filed in the closely related action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-CV-8400. The motion is set to be heard on September 27, 2010. If this motion is granted, such judgment will have collateral estoppel effect on DC, and thereby substantially narrow the duplicative issues raised in the present action. Accordingly, any discovery should be stayed in this action and no documents should be produced until these dispositive motions are decided.

In addition to the above, Siegel objects to this request on the grounds that it is overbroad, duplicative, burdensome and oppressive. Siegel further objects to this request on the grounds that it is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response. Siegel further objects to this request to the extent it seeks documents and information already in Plaintiff's possession, custody or control. Siegel further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Siegel additionally objects to this request to the extent that it seeks the production or identification of any item, or portion thereof, which is protected from disclosure by court order, or any privacy or similar rights of any person or entity. Siegel additionally objects to this request to the extent that it seeks communications or items protected by the attorney-

JOANNE SIEGEL'S OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT I
174

client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Siegel further objects to the request to the extent that it seeks the production of any item which has already been produced, served, filed, or transmitted in the course of the related actions *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.,* 04-CV-8400 ODW (RZx) and/or *Joanne Siegel, et al. v. Time Warner Inc., et al.,* 04-CV-8766 ODW (RZx) and is therefore already in DC Comics' possession, custody or control.


DATED:  September 20, 2010    TOBEROFF & ASSOCIATES, P.C.


By _____
                  Marc Toberoff

Attorneys for Defendants Mark Warren Peary, as personal representative of the Estate of Joseph Shuster, Jean Adele Peavy, Joanne Siegel and Laura Siegel Larson

JOANNE SIEGEL'S OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT I
175

1

**PROOF OF SERVICE**

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is:  2049 Century Park East, Suite 2720,

4

Los Angeles, California 90067.

5

On September 20, 2010, I served the attached documents described as

6

**DEFENDANT JEAN ADELE PEAVY'S RESPONSE AND OBJECTIONS TO PLAINTIFF DC COMICS' NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION OF**

7

**DOCUMENTS**

8

**DEFENDANT MARK WARREN PEARY'S, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF JOSEPH SHUSTER, RESPONSE AND OBJECTIONS TO PLAINTIFF DC COMICS' NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION OF**

9

**DOCUMENTS**

10

**DEFENDANT LAURA SIEGEL LARSON'S RESPONSE AND OBJECTIONS TO PLAINTIFF DC COMICS' NOTICE OF DEPOSITION AND REQUEST FOR**

11

**PRODUCTION OF DOCUMENTS**

12

**DEFENDANT JOAANE SIEGEL'S RESPONSE AND OBJECTIONS TO PLAINTIFF DC COMICS' NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION OF**

13

**DOCUMENTS**

14

as follows:

15

[X]   :BY MAIL:

16

As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. postal service on

17

that same day with postage thereon fully prepaid at Los Angeles California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal

18

cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.  I placed _____ the original _X_ a true copy thereof enclosed in sealed envelope(s) addressed

19

as follows:

20

Daniel M. Petrocelli, Esq.
O'MELVENY & MYERS LLP

21

1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067

22

[X]  :(FEDERAL) – I declare that I am employed in the office of a member of the bar of this court at

23

whose direction the service was made.

24

25

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED on September 20, 2010, in Los Angeles, California.

26

27

_____

28

Nicholas C. Williamson

EXHIBIT I
176