# EXHIBIT J

1  Marc Toberoff (State Bar No. 188547)
   Nicholas C. Williamson (State Bar No. 231124)
2  Keith G. Adams (State Bar No. 240497)
   TOBEROFF & ASSOCIATES, P.C.
3  2049 Century Park East, Suite 2720
   Los Angeles, California, 90067
4  Telephone:  (310) 246-3333
   Fax:          (310) 246-3101
5  MToberoff@ipwla.com

6  Attorneys for Mark Warren Peary,
   as personal representative of the
7  Estate of Joseph Shuster, Jean Adele
   Peavy, Joanne Siegel and Laura Siegel
8  Larson

9                  UNITED STATES DISTRICT COURT

10        CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

11 DC COMICS,                          Case No: CV 10-03633 ODW (RZx)

12              Plaintiff,             Hon. Otis D. Wright II, U.S.D.J.

13        vs.                          **DEFENDANT LAURA SIEGEL
                                       LARSON'S RESPONSE AND**
14 PACIFIC PICTURES CORPORATION;       **OBJECTIONS TO PLAINTIFF
                                       DC COMICS' NOTICE OF**
15 IP WORLDWIDE, LLC; IPW, LLC;        **DEPOSITION AND REQUEST
   MARC TOBEROFF, an individual;       FOR PRODUCTION OF**
16 MARK WARREN PEARY, as personal      **DOCUMENTS**
   representative of the ESTATE OF
17 JOSEPH SHUSTER; JEAN ADELE          Complaint Filed:  May 14, 2010
   PEAVY, an individual; JOANNE        Trial Date:  None Set
18 SIEGEL, an individual; LAURA
   SIEGEL LARSON, an individual,
19 and DOES 1-10, inclusive,

20
                Defendants.
21

22

23

24

25

26

27

28

LAURA SIEGEL LARSON'S OBJECTIONS TO PLAINTIFF'S REQUESTS FOR PRODUCTION

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

Defendant Laura Siegel Larson, pursuant to the provisions of Rule 34(b)(2) of the Federal Rules of Civil Procedure, makes the following objections to Plaintiff DC Comics' Notice of Deposition of Defendant Laura Siegel Larson and Request for Production of Documents ("Request") that was served on August 17, 2010 by plaintiff DC Comics ("Plaintiff"):

## I.

## OBJECTIONS TO THE ENTIRE REQUEST

Laura Siegel Larson objects to the entire Request on each of the following grounds and incorporates by reference each of the following objections into her response to each individual category of documents within it:

1.      Laura Siegel Larson objects to the Request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16 that could dispose of the entire case and/or greatly narrow the issues.  Accordingly, any discovery should be stayed in this action and documents should not be produced until these dispositive motions are decided. The issue of whether discovery should be so stayed will be addressed in connection with the parties' pending motions for protective order, which are set to be heard by the Court on September 20, 2010.  Following the Court's rulings on these discovery motions, counsel for defendants will promptly meet and confer with counsel for plaintiff regarding whether documents will be produced prior to the resolution of the motions to dismiss pursuant to FRCP 12(b)(6) and (f) and the motion brought pursuant to California's anti-SLAPP statute.

2.      Laura Siegel Larson objects to the Request on the ground that a motion for entry of judgment pursuant to FRCP 54(b) has been filed in the closely related action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-CV-8400.  The motion is set to be heard on September 27, 2010.  If this motion is

LAURA SIEGEL LARSON'S OBJECTIONS TO PLAINTIFF'S REQUESTS FOR PRODUCTION

granted, such judgment will have collateral estoppel effect on DC, and thereby substantially narrow the duplicative issues raised in the present action. Accordingly, any discovery should be stayed and documents should not be produced until the Rule 54(b) motion is decided.

3.    Laura Siegel Larson objects to the Request to the extent that it seeks the production of any item, or portion thereof, comprising or reflecting information transmitted and maintained in confidence between Laura Siegel Larson or any person or entity acting on her behalf and her counsel for the purpose of obtaining legal advice or representation, on the grounds that such information is protected from disclosure by the attorney-client privilege and the joint-interest privilege. Such documents will not be produced in response to the request, and any inadvertent production thereof shall not be deemed a waiver of any privilege or doctrine with respect to such documents.

4.    Laura Siegel Larson objects to the Request to the extent that it seeks the production of any item, or portion thereof, comprising or reflecting information with any confidential impression, conclusion, opinion, legal research, or legal theory of counsel for Laura Siegel Larson or any other person or entity, on the grounds that such information is protected from disclosure by the attorney work product doctrine. Such documents will not be produced in response to the request, and any inadvertent production thereof shall not be deemed a waiver of any privilege or doctrine with respect to such documents.

5.    As the parties are in the process of negotiating a stipulation regarding the parties' logging of post-litigation communications, Laura Siegel Larson will not be serving any privilege logs until these negotiations are concluded. All privileges and immunities provided by law are expressly reserved.

6.    Laura Siegel Larson objects to the Request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence, on the grounds that it exceeds

LAURA SIEGEL LARSON'S OBJECTIONS TO PLAINTIFF'S REQUESTS FOR PRODUCTION

the permissible scope of discovery delimited by Rule 26(b)(1) of the Federal Rules of Civil Procedure.

7.    Laura Siegel Larson objects to the Request to the extent that it seeks the production of any item, or portion thereof, comprising or reflecting any trade secret or other confidential or proprietary information of Laura Siegel Larson or any other person or entity.

8.    Laura Siegel Larson objects to the Request to the extent that it seeks the production of any item, or portion thereof, which is protected from disclosure by court order, or any privacy or similar rights of any person or entity.

9.    Laura Siegel Larson objects to the Request's document requests to the extent they are unduly burdensome, overly broad, impose extreme hardship or would result in the expenditure of unnecessary time and resources.

10.    Laura Siegel Larson objects to the Request to the extent it is overbroad and therefore unduly burdensome, oppressive and harassing.

11.    Laura Siegel Larson objects to the document requests contained in the Request to the extent the expense of producing documents outweighs the likely benefit of discovery provided to Plaintiff.

12.    Laura Siegel Larson objects to the Request to the extent that it seeks the production of duplicative identical items, or documents or information already in Plaintiff's possession, or by reason of public filing, publication or otherwise are readily accessible to Plaintiff through other means.

13.    Laura Siegel Larson objects to the Request to the extent that it seeks the production of any item which has been served, filed, or transmitted in the course of this action, on the grounds that such production would be burdensome, oppressive, and unnecessary.

14.    Laura Siegel Larson objects to the Request to the extent that it seeks the production of any item which has already been produced, served, filed, or transmitted in the course of the related action *Joanne Siegel, et al. v. Warner Bros. Entertainment*

1 │ *Inc., et al.*, Case No. 04-CV-8400 ODW (RZx), on the grounds that such production

2 │ would be duplicative, burdensome, oppressive, and unnecessary.

3 │       15.    Laura Siegel Larson objects to the Request to the extent that it seeks the

4 │ production of any item which has already been produced, served, filed, or transmitted

5 │ in the course of the related action *Joanne Siegel, et al. v. Time Warner Inc., et al.*,

6 │ Case No. 04-CV-8766 ODW (RZx), on the grounds that such production would be

7 │ duplicative, burdensome, oppressive, and unnecessary.

8 │       16.    Laura Siegel Larson objects to the Request and each document category

9 │ therein to the extent that it seeks the production of any item or document that is not

10 │ the property of Laura Siegel Larson.  Laura Siegel Larson will not produce any items

11 │ or documents that are the property of any other person or entity.

12 │       17.    Laura Siegel Larson reserves the right to revise, amend, supplement or

13 │ clarify any of the objections set forth herein.

14 │                                     **II.**

15 │                    **DOCUMENTS TO BE PRODUCED**

16 │          **SPECIFIC RESPONSES TO INDIVIDUAL REQUESTS**

17 │ **Document Request No. 1**

18 │       All agreements between or among YOU and any DEFENDANT regarding the

19 │ SIEGEL HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

20 │ **Response to Document Request No. 1**

21 │       Laura Siegel Larson objects to this request on the ground that the underlying

22 │ complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f)

23 │ as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code

24 │ Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the

25 │ issues.  Accordingly, any discovery should be stayed in this action and no documents

26 │ should be produced until these dispositive motions are decided.  The issue of

27 │ whether discovery should be so stayed will be addressed in connection with the

28 │ parties' pending motions for protective order, which are set to be heard by the Court

LAURA SIEGEL LARSON'S OBJECTIONS TO PLAINTIFF'S REQUESTS FOR PRODUCTION

on September 20, 2010.  Following the Court's rulings on these motions, counsel for defendants will promptly meet and confer with counsel for plaintiff regarding whether documents will be produced prior to the resolution of the motions to dismiss pursuant to FRCP 12(b)(6) and (f) and the motion brought pursuant to California's anti-SLAPP statute.  Laura Siegel Larson further objects to this request on the ground that a motion for entry of judgment pursuant to FRCP 54(b) has been filed in the closely related action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-CV-8400.  The motion is set to be heard on September 27, 2010.  If this motion is granted, such judgment will have collateral estoppel effect on DC, and thereby substantially narrow the duplicative issues raised in the present action.  Accordingly, any discovery should be stayed in this action and no documents should be produced until these dispositive motions are decided.

In addition to the above, Laura Siegel Larson further objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive.  Laura Siegel Larson objects to this request on the grounds that the phrase "purported rights" is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response.  Laura Siegel Larson further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope.  Laura Siegel Larson additionally objects to this request to the extent that it seeks the production or identification of any item, or portion thereof, which is protected from disclosure by court order, or any privacy or similar rights of any person or entity.  Laura Siegel Larson additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Laura Siegel Larson further objects to the request to the extent that it seeks the production of any item which has already been produced, served, filed, or transmitted in the course of the related actions *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, 04-CV-8400 ODW (RZx) and/or *Joanne*

LAURA SIEGEL LARSON'S OBJECTIONS TO PLAINTIFF'S REQUESTS FOR PRODUCTION

1  *Siegel, et al. v. Time Warner Inc., et al.*, 04-CV-8766 ODW (RZx) and is therefore

2  already in DC Comics' possession, custody or control.

3  **Document Request No. 2**

4      All agreements between or among YOU and the SHUSTER HEIRS regarding

5  the SIEGEL HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

6  **Response to Document Request No. 2**

7      Laura Siegel Larson objects to this request on the ground that the underlying

8  complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f)

9  as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code

10  Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the

11  issues.  Accordingly, any discovery should be stayed in this action and no documents

12  should be produced until these dispositive motions are decided.  The issue of

13  whether discovery should be so stayed will be addressed in connection with the

14  parties' pending motions for protective order, which are set to be heard by the Court

15  on September 20, 2010.  Following the Court's rulings on these motions, counsel for

16  defendants will promptly meet and confer with counsel for plaintiff regarding

17  whether documents will be produced prior to the resolution of the motions to dismiss

18  pursuant to FRCP 12(b)(6) and (f) and the motion brought pursuant to California's

19  anti-SLAPP statute.  Laura Siegel Larson further objects to this request on the

20  ground that a motion for entry of judgment pursuant to FRCP 54(b) has been filed in

21  the closely related action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc.,*

22  *et al.*, Case No. 04-CV-8400.  The motion is set to be heard on September 27, 2010.

23  If this motion is granted, such judgment will have collateral estoppel effect on DC,

24  and thereby substantially narrow the duplicative issues raised in the present action.

25  Accordingly, any discovery should be stayed in this action and no documents

26  should be produced until these dispositive motions are decided.

27      In addition to the above, Laura Siegel Larson objects to this request on the

28  grounds that it is compound, duplicative, overbroad, burdensome and oppressive.

Laura Siegel Larson objects to this request on the grounds that the phrase "purported rights" is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response.  Laura Siegel Larson further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope.  Laura Siegel Larson additionally objects to this request to the extent that it seeks the production or identification of any item, or portion thereof, which is protected from disclosure by court order, or any privacy or similar rights of any person or entity. Laura Siegel Larson additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Laura Siegel Larson further objects to the request to the extent that it seeks the production of any item which has already been produced, served, filed, or transmitted in the course of the related actions *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, 04-CV-8400 ODW (RZx) and/or *Joanne Siegel, et al. v. Time Warner Inc., et al.*, 04-CV-8766 ODW (RZx) and is therefore already in DC Comics' possession, custody or control.

**Document Request No. 3**

All agreements between or among YOU and any DEFENDANT regarding the SHUSTER HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 3**

Laura Siegel Larson objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues.  Accordingly, any discovery should be stayed in this action and no documents should be produced until these dispositive motions are decided.  The issue of whether discovery should be so stayed will be addressed in connection with the parties' pending motions for protective order, which are set to be heard by the Court

1  on September 20, 2010.  Following the Court's rulings on these motions, counsel for

2  defendants will promptly meet and confer with counsel for plaintiff regarding

3  whether documents will be produced prior to the resolution of the motions to dismiss

4  pursuant to FRCP 12(b)(6) and (f) and the motion brought pursuant to California's

5  anti-SLAPP statute.  Laura Siegel Larson further objects to this request on the

6  ground that a motion for entry of judgment pursuant to FRCP 54(b) has been filed in

7  the closely related action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc.,*

8  *et al.*, Case No. 04-CV-8400.  The motion is set to be heard on September 27, 2010.

9  If this motion is granted, such judgment will have collateral estoppel effect on DC,

10 and thereby substantially narrow the duplicative issues raised in the present action.

11 Accordingly, any discovery should be stayed in this action and no documents

12 should be produced until these dispositive motions are decided.

13        In addition to the above, Laura Siegel Larson objects to this request on the

14 grounds that it is compound, duplicative, overbroad, burdensome and oppressive.

15 Laura Siegel Larson objects to this request on the grounds that the phrase

16 "SHUSTER HEIRS' purported rights" is vague and ambiguous, and lacks sufficient

17 precision to allow her to formulate an appropriate response.  Laura Siegel Larson

18 further objects to this request on the grounds that it is indefinite as to time and not

19 reasonably limited in scope.  Laura Siegel Larson additionally objects to this request

20 to the extent that it seeks the production or identification of any item, or portion

21 thereof, which is protected from disclosure by court order, or any privacy or similar

22 rights of any person or entity. Laura Siegel Larson additionally objects to this request

23 to the extent that it seeks communications or items protected by the attorney-client

24 privilege, the attorney work product doctrine and any other privilege or immunity

25 available under law or arising from contractual obligation.  Laura Siegel Larson

26 further objects to the request to the extent that it seeks the production of any item

27 which has already been produced, served, filed, or transmitted in the course of the

28 related actions *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, 04-

CV-8400 ODW (RZx) and/or *Joanne Siegel, et al. v. Time Warner Inc., et al.,* 04-CV-8766 ODW (RZx) and is therefore already in DC Comics' possession, custody or control.

**Document Request No. 4**

All agreements between or among SIEGEL and SHUSTER regarding any purported rights in SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 4**

Laura Siegel Larson objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. Accordingly, any discovery should be stayed in this action and no documents should be produced until these dispositive motions are decided. The issue of whether discovery should be so stayed will be addressed in connection with the parties' pending motions for protective order, which are set to be heard by the Court on September 20, 2010. Following the Court's rulings on these motions, counsel for defendants will promptly meet and confer with counsel for plaintiff regarding whether documents will be produced prior to the resolution of the motions to dismiss pursuant to FRCP 12(b)(6) and (f) and the motion brought pursuant to California's anti-SLAPP statute. Laura Siegel Larson further objects to this request on the ground that a motion for entry of judgment pursuant to FRCP 54(b) has been filed in the closely related action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.,* Case No. 04-CV-8400. The motion is set to be heard on September 27, 2010. If this motion is granted, such judgment will have collateral estoppel effect on DC, and thereby substantially narrow the duplicative issues raised in the present action. Accordingly, any discovery should be stayed in this action and no documents should be produced until these dispositive motions are decided.

LAURA SIEGEL LARSON'S OBJECTIONS TO PLAINTIFF'S REQUESTS FOR PRODUCTION

In addition to the above, Laura Siegel Larson objects to this request on the grounds that it is compound, duplicative, overbroad, burdensome and oppressive. Laura Siegel Larson objects to this request on the grounds that the phrase "purported rights" is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response. Laura Siegel Larson further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Laura Siegel Larson additionally objects to this request to the extent that it seeks the production or identification of any item, or portion thereof, which is protected from disclosure by court order, or any privacy or similar rights of any person or entity. Laura Siegel Larson additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Laura Siegel Larson further objects to the request to the extent that it seeks the production of any item which has already been produced, served, filed, or transmitted in the course of the related actions *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, 04-CV-8400 ODW (RZx) and/or *Joanne Siegel, et al. v. Time Warner Inc., et al.*, 04-CV-8766 ODW (RZx) and is therefore already in DC Comics' possession, custody or control.

**Document Request No. 5**

All agreements between or among YOU and the SHUSTER HEIRS regarding the SHUSTER HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 5**

Laura Siegel Larson objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. Accordingly, any discovery should be stayed in this action and no documents should be produced until these dispositive motions are decided. The issue of

LAURA SIEGEL LARSON'S OBJECTIONS TO PLAINTIFF'S REQUESTS FOR PRODUCTION

1  whether discovery should be so stayed will be addressed in connection with the

2  parties' pending motions for protective order, which are set to be heard by the Court

3  on September 20, 2010.  Following the Court's rulings on these motions, counsel for

4  defendants will promptly meet and confer with counsel for plaintiff regarding

5  whether documents will be produced prior to the resolution of the motions to dismiss

6  pursuant to FRCP 12(b)(6) and (f) and the motion brought pursuant to California's

7  anti-SLAPP statute.  Laura Siegel Larson further objects to this request on the

8  ground that a motion for entry of judgment pursuant to FRCP 54(b) has been filed in

9  the closely related action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc.,*

10 *et al.*, Case No. 04-CV-8400.  The motion is set to be heard on September 27, 2010.

11 If this motion is granted, such judgment will have collateral estoppel effect on DC,

12 and thereby substantially narrow the duplicative issues raised in the present action.

13 Accordingly, any discovery should be stayed in this action and no documents

14 should be produced until these dispositive motions are decided.

15     In addition to the above, Laura Siegel Larson objects to this request on the

16 grounds that it is compound, duplicative, overbroad, burdensome and oppressive.

17 Laura Siegel Larson objects to this request on the grounds that the phrase

18 "SHUSTER HEIRS' purported rights" is vague and ambiguous, and lacks sufficient

19 precision to allow her to formulate an appropriate response.  Laura Siegel Larson

20 further objects to this request on the grounds that it is indefinite as to time and not

21 reasonably limited in scope.  Laura Siegel Larson additionally objects to this request

22 to the extent that it seeks the production or identification of any item, or portion

23 thereof, which is protected from disclosure by court order, or any privacy or similar

24 rights of any person or entity. Laura Siegel Larson additionally objects to this request

25 to the extent that it seeks communications or items protected by the attorney-client

26 privilege, the attorney work product doctrine and any other privilege or immunity

27 available under law or arising from contractual obligation.  Laura Siegel Larson

28 further objects to the request to the extent that it seeks the production of any item

LAURA SIEGEL LARSON'S OBJECTIONS TO PLAINTIFF'S REQUESTS FOR PRODUCTION

1  which has already been produced, served, filed, or transmitted in the course of the

2  related actions *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.,* 04-

3  CV-8400 ODW (RZx) and/or *Joanne Siegel, et al. v. Time Warner Inc., et al.,* 04-

4  CV-8766 ODW (RZx) and is therefore already in DC Comics' possession, custody or

5  control.

6  **Document Request No. 6**

7      All DOCUMENTS relating to or affecting the ability of YOU or the SIEGEL

8  HEIRS to negotiate or enter into agreements regarding SUPERMAN and/or

9  SUPERBOY.

10  **Response to Document Request No. 6**

11      Laura Siegel Larson objects to this request on the ground that the underlying

12  complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f)

13  as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code

14  Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the

15  issues.  Accordingly, any discovery should be stayed in this action and no documents

16  should be produced until these dispositive motions are decided.  The issue of

17  whether discovery should be so stayed will be addressed in connection with the

18  parties' pending motions for protective order, which are set to be heard by the Court

19  on September 20, 2010.  Following the Court's rulings on these motions, counsel for

20  defendants will promptly meet and confer with counsel for plaintiff regarding

21  whether documents will be produced prior to the resolution of the motions to dismiss

22  pursuant to FRCP 12(b)(6) and (f) and the motion brought pursuant to California's

23  anti-SLAPP statute.  Laura Siegel Larson further objects to this request on the

24  ground that a motion for entry of judgment pursuant to FRCP 54(b) has been filed in

25  the closely related action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc.,*

26  *et al.,* Case No. 04-CV-8400.  The motion is set to be heard on September 27, 2010.

27  If this motion is granted, such judgment will have collateral estoppel effect on DC,

28  and thereby substantially narrow the duplicative issues raised in the present action.

1    Accordingly, any discovery should be stayed in this action and no documents

2    should be produced until these dispositive motions are decided.

3          In addition to the above, Laura Siegel Larson objects to this request on the

4    grounds that it is compound, duplicative, overbroad, burdensome and oppressive.

5    Laura Siegel Larson further objects to this request on the grounds that the phrase

6    "affecting the ability of YOU or the SIEGEL HEIRS to negotiate or enter into

7    agreements regarding SUPERMAN and/or SUPERBOY" is vague and ambiguous,

8    and lacks sufficient precision to allow her to formulate an appropriate response.

9    Laura Siegel Larson further objects to this request on the grounds that it is indefinite

10   as to time and not reasonably limited in scope.  Laura Siegel Larson additionally

11   objects to this request to the extent that it seeks the production or identification of any

12   item, or portion thereof, which is protected from disclosure by court order, or any

13   privacy or similar rights of any person or entity. Laura Siegel Larson additionally

14   objects to this request to the extent that it seeks communications or items protected

15   by the attorney-client privilege, the attorney work product doctrine and any other

16   privilege or immunity available under law or arising from contractual obligation.

17   Laura Siegel Larson further objects to the request to the extent that it seeks the

18   production of any item which has already been produced, served, filed, or transmitted

19   in the course of the related actions *Joanne Siegel, et al. v. Warner Bros.*

20   *Entertainment Inc., et al.,* 04-CV-8400 ODW (RZx) and/or *Joanne Siegel, et al. v.*

21   *Time Warner Inc., et al.,* 04-CV-8766 ODW (RZx) and is therefore already in DC

22   Comics' possession, custody or control.

23   **Document Request No. 7**

24         All DOCUMENTS relating to or affecting the ability of the SHUSTER HEIRS

25   to negotiate or enter into agreements regarding SUPERMAN and/or SUPERBOY.

26   **Response to Document Request No. 7**

27         Laura Siegel Larson objects to this request on the ground that the underlying

28   complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f)

1   as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code

2   Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the

3   issues.  Accordingly, any discovery should be stayed in this action and no documents

4   should be produced until these dispositive motions are decided.  The issue of

5   whether discovery should be so stayed will be addressed in connection with the

6   parties' pending motions for protective order, which are set to be heard by the Court

7   on September 20, 2010.  Following the Court's rulings on these motions, counsel for

8   defendants will promptly meet and confer with counsel for plaintiff regarding

9   whether documents will be produced prior to the resolution of the motions to dismiss

10  pursuant to FRCP 12(b)(6) and (f) and the motion brought pursuant to California's

11  anti-SLAPP statute.  Laura Siegel Larson further objects to this request on the

12  ground that a motion for entry of judgment pursuant to FRCP 54(b) has been filed in

13  the closely related action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc.,*

14  *et al.*, Case No. 04-CV-8400.  The motion is set to be heard on September 27, 2010.

15  If this motion is granted, such judgment will have collateral estoppel effect on DC,

16  and thereby substantially narrow the duplicative issues raised in the present action.

17  Accordingly, any discovery should be stayed in this action and no documents

18  should be produced until these dispositive motions are decided.

19      In addition to the above, Laura Siegel Larson objects to this request on the

20  grounds that it is compound, duplicative, overbroad, burdensome and oppressive.

21  Laura Siegel Larson further objects to this request on the grounds that the phrase

22  "affecting the ability of the SHUSTER HEIRS to negotiate or enter into agreements

23  regarding SUPERMAN and/or SUPERBOY" is vague and ambiguous, and lacks

24  sufficient precision to allow her to formulate an appropriate response. Laura Siegel

25  Larson further objects to this request on the grounds that it is indefinite as to time and

26  not reasonably limited in scope.  Laura Siegel Larson additionally objects to this

27  request to the extent that it seeks the production or identification of any item, or

28  portion thereof, which is protected from disclosure by court order, or any privacy or

similar rights of any person or entity. Laura Siegel Larson additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Laura Siegel Larson further objects to the request to the extent that it seeks the production of any item which has already been produced, served, filed, or transmitted in the course of the related actions *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.,* 04-CV-8400 ODW (RZx) and/or *Joanne Siegel, et al. v. Time Warner Inc., et al.,* 04-CV-8766 ODW (RZx) and is therefore already in DC Comics' possession, custody or control.

**Document Request No. 8**

All DOCUMENTS relating to or affecting the disposition, division, or ownership of any rights in SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 8**

Laura Siegel Larson objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. Accordingly, any discovery should be stayed in this action and no documents should be produced until these dispositive motions are decided. The issue of whether discovery should be so stayed will be addressed in connection with the parties' pending motions for protective order, which are set to be heard by the Court on September 20, 2010. Following the Court's rulings on these motions, counsel for defendants will promptly meet and confer with counsel for plaintiff regarding whether documents will be produced prior to the resolution of the motions to dismiss pursuant to FRCP 12(b)(6) and (f) and the motion brought pursuant to California's anti-SLAPP statute. Laura Siegel Larson further objects to this request on the ground that a motion for entry of judgment pursuant to FRCP 54(b) has been filed in

the closely related action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc.,
et al.*, Case No. 04-CV-8400. The motion is set to be heard on September 27, 2010.
If this motion is granted, such judgment will have collateral estoppel effect on DC,
and thereby substantially narrow the duplicative issues raised in the present action.
Accordingly, any discovery should be stayed in this action and no documents
should be produced until these dispositive motions are decided.

In addition to the above, Laura Siegel Larson objects to this request on the
grounds that it is compound, duplicative, overbroad, burdensome and oppressive.
Laura Siegel Larson further objects to this request on the grounds that the phrase
"affecting the disposition, division, or ownership of" is vague and ambiguous, and
lacks sufficient precision to allow her to formulate an appropriate response. Laura
Siegel Larson further objects to this request on the grounds that it is indefinite as to
time and not reasonably limited in scope. Laura Siegel Larson additionally objects to
this request to the extent that it seeks the production or identification of any item, or
portion thereof, which is protected from disclosure by court order, or any privacy or
similar rights of any person or entity. Laura Siegel Larson additionally objects to this
request to the extent that it seeks communications or items protected by the attorney-
client privilege, the attorney work product doctrine and any other privilege or
immunity available under law or arising from contractual obligation. Laura Siegel
Larson further objects to the request to the extent that it seeks the production of any
item which has already been produced, served, filed, or transmitted in the course of
the related actions *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.,* 04-
CV-8400 ODW (RZx) and/or *Joanne Siegel, et al. v. Time Warner Inc., et al.,* 04-
CV-8766 ODW (RZx) and is therefore already in DC Comics' possession, custody or
control.

**Document Request No. 9**

All DOCUMENTS relating to or affecting the division of revenue, proceeds, or
other profits regarding SUPERMAN and/or SUPERBOY.

LAURA SIEGEL LARSON'S OBJECTIONS TO PLAINTIFF'S REQUESTS FOR PRODUCTION

**Response to Document Request No. 9**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Laura Siegel Larson objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. Accordingly, any discovery should be stayed in this action and no documents should be produced until these dispositive motions are decided. The issue of whether discovery should be so stayed will be addressed in connection with the parties' pending motions for protective order, which are set to be heard by the Court on September 20, 2010. Following the Court's rulings on these motions, counsel for defendants will promptly meet and confer with counsel for plaintiff regarding whether documents will be produced prior to the resolution of the motions to dismiss pursuant to FRCP 12(b)(6) and (f) and the motion brought pursuant to California's anti-SLAPP statute. Laura Siegel Larson further objects to this request on the ground that a motion for entry of judgment pursuant to FRCP 54(b) has been filed in the closely related action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-CV-8400. The motion is set to be heard on September 27, 2010. If this motion is granted, such judgment will have collateral estoppel effect on DC, and thereby substantially narrow the duplicative issues raised in the present action. Accordingly, any discovery should be stayed in this action and no documents should be produced until these dispositive motions are decided.

In addition to the above, Laura Siegel Larson objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive. Laura Siegel Larson further objects to this request on the grounds that the phrase "affecting the division of" is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response. Laura Siegel Larson further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Laura Siegel Larson additionally objects to this request to the extent that it

seeks the production or identification of any item, or portion thereof, which is protected from disclosure by court order, or any privacy or similar rights of any person or entity. Laura Siegel Larson additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Laura Siegel Larson further objects to the request to the extent that it seeks the production of any item which has already been produced, served, filed, or transmitted in the course of the related actions *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, 04-CV-8400 ODW (RZx) and/or *Joanne Siegel, et al. v. Time Warner Inc., et al.*, 04-CV-8766 ODW (RZx) and is therefore already in DC Comics' possession, custody or control.

**Document Request No. 10**

All DOCUMENTS relating to or affecting the division of any settlement proceeds regarding SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 10**

Laura Siegel Larson objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. Accordingly, any discovery should be stayed in this action and no documents should be produced until these dispositive motions are decided. The issue of whether discovery should be so stayed will be addressed in connection with the parties' pending motions for protective order, which are set to be heard by the Court on September 20, 2010. Following the Court's rulings on these motions, counsel for defendants will promptly meet and confer with counsel for plaintiff regarding whether documents will be produced prior to the resolution of the motions to dismiss pursuant to FRCP 12(b)(6) and (f) and the motion brought pursuant to California's anti-SLAPP statute. Laura Siegel Larson further objects to this request on the

LAURA SIEGEL LARSON'S OBJECTIONS TO PLAINTIFF'S REQUESTS FOR PRODUCTION

1  ground that a motion for entry of judgment pursuant to FRCP 54(b) has been filed in

2  the closely related action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc.,*

3  *et al.*, Case No. 04-CV-8400.  The motion is set to be heard on September 27, 2010.

4  If this motion is granted, such judgment will have collateral estoppel effect on DC,

5  and thereby substantially narrow the duplicative issues raised in the present action.

6  Accordingly, any discovery should be stayed in this action and no documents

7  should be produced until these dispositive motions are decided.

8        In addition to the above, Laura Siegel Larson objects to this request on the

9  grounds that it is compound, duplicative, overbroad, burdensome and oppressive.

10  Laura Siegel Larson further objects to this request on the grounds that the phrase

11  "affecting the division of" is vague and ambiguous, and lacks sufficient precision to

12  allow her to formulate an appropriate response. Laura Siegel Larson further objects to

13  this request on the grounds that it is indefinite as to time and not reasonably limited

14  in scope.  Laura Siegel Larson additionally objects to this request to the extent that it

15  seeks the production or identification of any item, or portion thereof, which is

16  protected from disclosure by court order, or any privacy or similar rights of any

17  person or entity. Laura Siegel Larson additionally objects to this request to the extent

18  that it seeks communications or items protected by the attorney-client privilege, the

19  attorney work product doctrine and any other privilege or immunity available under

20  law or arising from contractual obligation.  Laura Siegel Larson further objects to the

21  request to the extent that it seeks the production of any item which has already been

22  produced, served, filed, or transmitted in the course of the related actions *Joanne*

23  *Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, 04-CV-8400 ODW (RZx)

24  and/or *Joanne Siegel, et al. v. Time Warner Inc., et al.*, 04-CV-8766 ODW (RZx) and

25  is therefore already in DC Comics' possession, custody or control.

26

27

28

LAURA SIEGEL LARSON'S OBJECTIONS TO PLAINTIFF'S REQUESTS FOR PRODUCTION

**Document Request No. 11**

All DOCUMENTS relating to the potential sale, assignment, license, or other disposition of any rights relating to SUPERMAN and/or SUPERBOY, including but not limited to any solicitation, offer, option, or proposed agreement.

**Response to Document Request No. 11**

Laura Siegel Larson objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues.  Accordingly, any discovery should be stayed in this action and no documents should be produced until these dispositive motions are decided.  The issue of whether discovery should be so stayed will be addressed in connection with the parties' pending motions for protective order, which are set to be heard by the Court on September 20, 2010.  Following the Court's rulings on these motions, counsel for defendants will promptly meet and confer with counsel for plaintiff regarding whether documents will be produced prior to the resolution of the motions to dismiss pursuant to FRCP 12(b)(6) and (f) and the motion brought pursuant to California's anti-SLAPP statute.  Laura Siegel Larson further objects to this request on the ground that a motion for entry of judgment pursuant to FRCP 54(b) has been filed in the closely related action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-CV-8400.  The motion is set to be heard on September 27, 2010.  If this motion is granted, such judgment will have collateral estoppel effect on DC, and thereby substantially narrow the duplicative issues raised in the present action.  Accordingly, any discovery should be stayed in this action and no documents should be produced until these dispositive motions are decided.

In addition to the above, Laura Siegel Larson objects to this request on the grounds that it is compound, duplicative, overbroad, burdensome and oppressive.  Laura Siegel Larson further objects to this request on the grounds that the phrase

LAURA SIEGEL LARSON'S OBJECTIONS TO PLAINTIFF'S REQUESTS FOR PRODUCTION

"potential sale, assignment, license, or other disposition of any rights" is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response. Laura Siegel Larson further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope.  Laura Siegel Larson additionally objects to this request to the extent that it seeks the production or identification of any item, or portion thereof, which is protected from disclosure by court order, or any privacy or similar rights of any person or entity. Laura Siegel Larson additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Laura Siegel Larson further objects to the request to the extent that it seeks the production of any item which has already been produced, served, filed, or transmitted in the course of the related actions *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.,* 04-CV-8400 ODW (RZx) and/or *Joanne Siegel, et al. v. Time Warner Inc., et al.,* 04-CV-8766 ODW (RZx) and is therefore already in DC Comics' possession, custody or control.

**Document Request No. 12**

All DOCUMENTS relating to the valuation of any past, current, or potential ownership interest in SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 12**

Laura Siegel Larson objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues.  Accordingly, any discovery should be stayed in this action and no documents should be produced until these dispositive motions are decided.  The issue of whether discovery should be so stayed will be addressed in connection with the parties' pending motions for protective order, which are set to be heard by the Court

on September 20, 2010.  Following the Court's rulings on these motions, counsel for

defendants will promptly meet and confer with counsel for plaintiff regarding

whether documents will be produced prior to the resolution of the motions to dismiss

pursuant to FRCP 12(b)(6) and (f) and the motion brought pursuant to California's

anti-SLAPP statute.  Laura Siegel Larson further objects to this request on the

ground that a motion for entry of judgment pursuant to FRCP 54(b) has been filed in

the closely related action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc.,

et al.*, Case No. 04-CV-8400.  The motion is set to be heard on September 27, 2010.

If this motion is granted, such judgment will have collateral estoppel effect on DC,

and thereby substantially narrow the duplicative issues raised in the present action.

Accordingly, any discovery should be stayed in this action and no documents

should be produced until these dispositive motions are decided.

In addition to the above, Laura Siegel Larson objects to this request on the

grounds that it is compound, overbroad, burdensome and oppressive.  Laura Siegel

Larson further objects to this request on the grounds that the phrase "relating to the

valuation of any past, current, or potential ownership interest in SUPERMAN and/or

SUPERBOY" is vague and ambiguous, and lacks sufficient precision to allow her to

formulate an appropriate response.   Laura Siegel Larson further objects to this

request on the grounds that it is indefinite as to time and not reasonably limited in

scope.  Laura Siegel Larson additionally objects to this request to the extent that it

seeks the production or identification of any item, or portion thereof, which is

protected from disclosure by court order, or any privacy or similar rights of any

person or entity. Laura Siegel Larson further objects to this request to the extent it

seeks information that is otherwise obtainable by less burdensome means.  Laura

Siegel Larson further objects to this request to the extent it seeks documents and

information already in Plaintiff's possession, custody or control.  Laura Siegel Larson

further objects to this request to the extent that it seeks the production or

identification of any item, or portion thereof, comprising or reflecting any trade secret

LAURA SIEGEL LARSON'S OBJECTIONS TO PLAINTIFF'S REQUESTS FOR PRODUCTION

1    or other confidential or proprietary information of Laura Siegel Larson or any other

2    person or entity.  Laura Siegel Larson additionally objects to this request to the extent

3    that it seeks communications or items protected by the attorney-client privilege, the

4    attorney work product doctrine and any other privilege or immunity available under

5    law or arising from contractual obligation.  Laura Siegel Larson further objects to the

6    request to the extent that it seeks the production of any item which has already been

7    produced, served, filed, or transmitted in the course of the related actions *Joanne*

8    *Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, 04-CV-8400 ODW (RZx)

9    and/or *Joanne Siegel, et al. v. Time Warner Inc., et al.*, 04-CV-8766 ODW (RZx) and

10   is therefore already in DC Comics' possession, custody or control.

11   **Document Request No. 13**

12        All DOCUMENTS relating to the introduction of YOU or the SIEGEL HEIRS

13   to any DEFENDANT.

14   **Response to Document Request No. 13**

15        Laura Siegel Larson objects to this request on the ground that the underlying

16   complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f)

17   as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code

18   Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the

19   issues.  Accordingly, any discovery should be stayed in this action and no documents

20   should be produced until these dispositive motions are decided.  The issue of

21   whether discovery should be so stayed will be addressed in connection with the

22   parties' pending motions for protective order, which are set to be heard by the Court

23   on September 20, 2010.  Following the Court's rulings on these motions, counsel for

24   defendants will promptly meet and confer with counsel for plaintiff regarding

25   whether documents will be produced prior to the resolution of the motions to dismiss

26   pursuant to FRCP 12(b)(6) and (f) and the motion brought pursuant to California's

27   anti-SLAPP statute.  Laura Siegel Larson further objects to this request on the

28   ground that a motion for entry of judgment pursuant to FRCP 54(b) has been filed in

the closely related action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-CV-8400. The motion is set to be heard on September 27, 2010. If this motion is granted, such judgment will have collateral estoppel effect on DC, and thereby substantially narrow the duplicative issues raised in the present action. Accordingly, any discovery should be stayed in this action and no documents should be produced until these dispositive motions are decided.

In addition to the above, Laura Siegel Larson objects to this request on the grounds that it is duplicative, overbroad, burdensome and oppressive. Laura Siegel Larson further objects to this request on the grounds that the phrase "introduction of YOU or the SIEGEL HEIRS to any DEFENDANT" is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response. Laura Siegel Larson further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Laura Siegel Larson additionally objects to this request to the extent that it seeks the production or identification of any item, or portion thereof, which is protected from disclosure by court order, or any privacy or similar rights of any person or entity. Laura Siegel Larson additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Laura Siegel Larson further objects to the request to the extent that it seeks the production of any item which has already been produced, served, filed, or transmitted in the course of the related actions *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, 04-CV-8400 ODW (RZx) and/or *Joanne Siegel, et al. v. Time Warner Inc., et al.*, 04-CV-8766 ODW (RZx) and is therefore already in DC Comics' possession, custody or control.

**Document Request No. 14**

All DOCUMENTS relating to the October 16, 2001 COMMUNICATION between Kevin Marks and John Schulman.

**Response to Document Request No. 14**

Laura Siegel Larson objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. Accordingly, any discovery should be stayed in this action and no documents should be produced until these dispositive motions are decided. The issue of whether discovery should be so stayed will be addressed in connection with the parties' pending motions for protective order, which are set to be heard by the Court on September 20, 2010. Following the Court's rulings on these motions, counsel for defendants will promptly meet and confer with counsel for plaintiff regarding whether documents will be produced prior to the resolution of the motions to dismiss pursuant to FRCP 12(b)(6) and (f) and the motion brought pursuant to California's anti-SLAPP statute. Laura Siegel Larson further objects to this request on the ground that a motion for entry of judgment pursuant to FRCP 54(b) has been filed in the closely related action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-CV-8400. The motion is set to be heard on September 27, 2010. If this motion is granted, such judgment will have collateral estoppel effect on DC, and thereby substantially narrow the duplicative issues raised in the present action. Accordingly, any discovery should be stayed in this action and no documents should be produced until these dispositive motions are decided.

In addition to the above, Laura Siegel Larson objects to this request on the grounds that it is overbroad, duplicative, burdensome and oppressive. Laura Siegel Larson further objects to this request on the grounds that it is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response. Laura Siegel Larson further objects to this request to the extent it seeks documents and information already in Plaintiff's possession, custody or control. Laura Siegel Larson further objects to this request on the grounds that it is indefinite as to time and

LAURA SIEGEL LARSON'S OBJECTIONS TO PLAINTIFF'S REQUESTS FOR PRODUCTION

1   not reasonably limited in scope.  Laura Siegel Larson additionally objects to this

2   request to the extent that it seeks the production or identification of any item, or

3   portion thereof, which is protected from disclosure by court order, or any privacy or

4   similar rights of any person or entity. Laura Siegel Larson additionally objects to this

5   request to the extent that it seeks communications or items protected by the attorney-

6   client privilege, the attorney work product doctrine and any other privilege or

7   immunity available under law or arising from contractual obligation.  Laura Siegel

8   Larson further objects to the request to the extent that it seeks the production of any

9   item which has already been produced, served, filed, or transmitted in the course of

10  the related actions *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.,* 04-

11  CV-8400 ODW (RZx) and/or *Joanne Siegel, et al. v. Time Warner Inc., et al.,* 04-

12  CV-8766 ODW (RZx) and is therefore already in DC Comics' possession, custody or

13  control.

14  **Document Request No. 15**

15      All DOCUMENTS relating to the October 19, 2002 letter from Kevin Marks to

16  John Schulman confirming that the SIEGEL HEIRS "accepted D.C. Comics' offer of

17  October 16, 2001."

18  **Response to Document Request No. 15**

19      Laura Siegel Larson objects to this request on the ground that the underlying

20  complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f)

21  as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code

22  Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the

23  issues.  Accordingly, any discovery should be stayed in this action and no documents

24  should be produced until these dispositive motions are decided.  The issue of

25  whether discovery should be so stayed will be addressed in connection with the

26  parties' pending motions for protective order, which are set to be heard by the Court

27  on September 20, 2010.  Following the Court's rulings on these motions, counsel for

28  defendants will promptly meet and confer with counsel for plaintiff regarding

LAURA SIEGEL LARSON'S OBJECTIONS TO PLAINTIFF'S REQUESTS FOR PRODUCTION

whether documents will be produced prior to the resolution of the motions to dismiss
pursuant to FRCP 12(b)(6) and (f) and the motion brought pursuant to California's
anti-SLAPP statute.  Laura Siegel Larson further objects to this request on the
ground that a motion for entry of judgment pursuant to FRCP 54(b) has been filed in
the closely related action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc.,
et al.*, Case No. 04-CV-8400.  The motion is set to be heard on September 27, 2010.
If this motion is granted, such judgment will have collateral estoppel effect on DC,
and thereby substantially narrow the duplicative issues raised in the present action.
Accordingly, any discovery should be stayed in this action and no documents
should be produced until these dispositive motions are decided.

In addition to the above, Laura Siegel Larson objects to this request on the
grounds that it is overbroad, duplicative, burdensome and oppressive.  Laura Siegel
Larson further objects to this request on the grounds that it is vague and ambiguous,
and lacks sufficient precision to allow her to formulate an appropriate response.
Laura Siegel Larson further objects to this request to the extent it seeks documents
and information already in Plaintiff's possession, custody or control.  Laura Siegel
Larson further objects to this request on the grounds that it is indefinite as to time and
not reasonably limited in scope.  Laura Siegel Larson additionally objects to this
request to the extent that it seeks the production or identification of any item, or
portion thereof, which is protected from disclosure by court order, or any privacy or
similar rights of any person or entity. Laura Siegel Larson additionally objects to this
request to the extent that it seeks communications or items protected by the attorney-
client privilege, the attorney work product doctrine and any other privilege or
immunity available under law or arising from contractual obligation.  Laura Siegel
Larson further objects to the request to the extent that it seeks the production of any
item which has already been produced, served, filed, or transmitted in the course of
the related actions *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, 04-
CV-8400 ODW (RZx) and/or *Joanne Siegel, et al. v. Time Warner Inc., et al.*, 04-

27
LAURA SIEGEL LARSON'S OBJECTIONS TO PLAINTIFF'S REQUESTS FOR PRODUCTION

1  CV-8766 ODW (RZx) and is therefore already in DC Comics' possession, custody or

2  control.

3  **Document Request No. 16**

4      All DOCUMENTS relating to the October 26, 2001 letter from DC Comics to

5  the SIEGEL HEIRS.

6  **Response to Document Request No. 16**

7      Laura Siegel Larson objects to this request on the ground that the underlying

8  complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f)

9  as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code

10  Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the

11  issues.  Accordingly, any discovery should be stayed in this action and no documents

12  should be produced until these dispositive motions are decided.  The issue of

13  whether discovery should be so stayed will be addressed in connection with the

14  parties' pending motions for protective order, which are set to be heard by the Court

15  on September 20, 2010.  Following the Court's rulings on these motions, counsel for

16  defendants will promptly meet and confer with counsel for plaintiff regarding

17  whether documents will be produced prior to the resolution of the motions to dismiss

18  pursuant to FRCP 12(b)(6) and (f) and the motion brought pursuant to California's

19  anti-SLAPP statute.  Laura Siegel Larson further objects to this request on the

20  ground that a motion for entry of judgment pursuant to FRCP 54(b) has been filed in

21  the closely related action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc.,*

22  *et al.*, Case No. 04-CV-8400.  The motion is set to be heard on September 27, 2010.

23  If this motion is granted, such judgment will have collateral estoppel effect on DC,

24  and thereby substantially narrow the duplicative issues raised in the present action.

25  Accordingly, any discovery should be stayed in this action and no documents

26  should be produced until these dispositive motions are decided.

27      In addition to the above, Laura Siegel Larson objects to this request on the

28  grounds that it is overbroad, duplicative, burdensome and oppressive.  Laura Siegel

Larson further objects to this request on the grounds that it is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response. Laura Siegel Larson further objects to this request to the extent it seeks documents and information already in Plaintiff's possession, custody or control. Laura Siegel Larson further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Laura Siegel Larson additionally objects to this request to the extent that it seeks the production or identification of any item, or portion thereof, which is protected from disclosure by court order, or any privacy or similar rights of any person or entity. Laura Siegel Larson additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Laura Siegel Larson further objects to the request to the extent that it seeks the production of any item which has already been produced, served, filed, or transmitted in the course of the related actions *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.,* 04-CV-8400 ODW (RZx) and/or *Joanne Siegel, et al. v. Time Warner Inc., et al.,* 04-CV-8766 ODW (RZx) and is therefore already in DC Comics' possession, custody or control.

## Document Request No. 17

All DOCUMENTS relating to the November 29, 2001 COMMUNICATION between DEFENDANT Marc Toberoff and Kevin Marks regarding the SIEGEL HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

## Response to Document Request No. 17

Laura Siegel Larson objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. Accordingly, any discovery should be stayed in this action and no documents

LAURA SIEGEL LARSON'S OBJECTIONS TO PLAINTIFF'S REQUESTS FOR PRODUCTION

should be produced until these dispositive motions are decided.  The issue of whether discovery should be so stayed will be addressed in connection with the parties' pending motions for protective order, which are set to be heard by the Court on September 20, 2010.  Following the Court's rulings on these motions, counsel for defendants will promptly meet and confer with counsel for plaintiff regarding whether documents will be produced prior to the resolution of the motions to dismiss pursuant to FRCP 12(b)(6) and (f) and the motion brought pursuant to California's anti-SLAPP statute.  Laura Siegel Larson further objects to this request on the ground that a motion for entry of judgment pursuant to FRCP 54(b) has been filed in the closely related action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-CV-8400.  The motion is set to be heard on September 27, 2010. If this motion is granted, such judgment will have collateral estoppel effect on DC, and thereby substantially narrow the duplicative issues raised in the present action. Accordingly, any discovery should be stayed in this action and no documents should be produced until these dispositive motions are decided.

In addition to the above, Laura Siegel Larson objects to this request on the grounds that it is overbroad, duplicative, burdensome and oppressive.  Laura Siegel Larson further objects to this request on the grounds that it is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response. Laura Siegel Larson further objects to this request to the extent it seeks documents and information already in Plaintiff's possession, custody or control.  Laura Siegel Larson further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope.  Laura Siegel Larson additionally objects to this request to the extent that it seeks the production or identification of any item, or portion thereof, which is protected from disclosure by court order, or any privacy or similar rights of any person or entity. Laura Siegel Larson additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or

LAURA SIEGEL LARSON'S OBJECTIONS TO PLAINTIFF'S REQUESTS FOR PRODUCTION

1   immunity available under law or arising from contractual obligation.  Laura Siegel

2   Larson further objects to the request to the extent that it seeks the production of any

3   item which has already been produced, served, filed, or transmitted in the course of

4   the related actions *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, 04-

5   CV-8400 ODW (RZx) and/or *Joanne Siegel, et al. v. Time Warner Inc., et al.*, 04-

6   CV-8766 ODW (RZx) and is therefore already in DC Comics' possession, custody or

7   control.

8   **Document Request No. 18**

9       All DOCUMENTS relating to the February 1, 2002 letter from Patrick Perkins

10   to the SIEGEL HEIRS.

11   **Response to Document Request No. 18**

12       Laura Siegel Larson objects to this request on the ground that the underlying

13   complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f)

14   as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code

15   Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the

16   issues.  Accordingly, any discovery should be stayed in this action and no documents

17   should be produced until these dispositive motions are decided.  The issue of

18   whether discovery should be so stayed will be addressed in connection with the

19   parties' pending motions for protective order, which are set to be heard by the Court

20   on September 20, 2010.  Following the Court's rulings on these motions, counsel for

21   defendants will promptly meet and confer with counsel for plaintiff regarding

22   whether documents will be produced prior to the resolution of the motions to dismiss

23   pursuant to FRCP 12(b)(6) and (f) and the motion brought pursuant to California's

24   anti-SLAPP statute.  Laura Siegel Larson further objects to this request on the

25   ground that a motion for entry of judgment pursuant to FRCP 54(b) has been filed in

26   the closely related action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc.,*

27   *et al.*, Case No. 04-CV-8400.  The motion is set to be heard on September 27, 2010.

28   If this motion is granted, such judgment will have collateral estoppel effect on DC,

LAURA SIEGEL LARSON'S OBJECTIONS TO PLAINTIFF'S REQUESTS FOR PRODUCTION

1  and thereby substantially narrow the duplicative issues raised in the present action.

2  Accordingly, any discovery should be stayed in this action and no documents

3  should be produced until these dispositive motions are decided.

4       In addition to the above, Laura Siegel Larson objects to this request on the

5  grounds that it is overbroad, duplicative, burdensome and oppressive.  Laura Siegel

6  Larson further objects to this request on the grounds that it is vague and ambiguous,

7  and lacks sufficient precision to allow her to formulate an appropriate response.

8  Laura Siegel Larson further objects to this request to the extent it seeks documents

9  and information already in Plaintiff's possession, custody or control.  Laura Siegel

10  Larson further objects to this request on the grounds that it is indefinite as to time and

11  not reasonably limited in scope.  Laura Siegel Larson additionally objects to this

12  request to the extent that it seeks the production or identification of any item, or

13  portion thereof, which is protected from disclosure by court order, or any privacy or

14  similar rights of any person or entity. Laura Siegel Larson additionally objects to this

15  request to the extent that it seeks communications or items protected by the attorney-

16  client privilege, the attorney work product doctrine and any other privilege or

17  immunity available under law or arising from contractual obligation.  Laura Siegel

18  Larson further objects to the request to the extent that it seeks the production of any

19  item which has already been produced, served, filed, or transmitted in the course of

20  the related actions *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.,* 04-

21  CV-8400 ODW (RZx) and/or *Joanne Siegel, et al. v. Time Warner Inc., et al.,* 04-

22  CV-8766 ODW (RZx) and is therefore already in DC Comics' possession, custody or

23  control.

24  **Document Request No. 19**

25       All DOCUMENTS relating to the February 6, 2002 COMMUNICATION

26  between DEFENDANT Marc Toberoff and Kevin Marks regarding the SIEGEL

27  HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

28

LAURA SIEGEL LARSON'S OBJECTIONS TO PLAINTIFF'S REQUESTS FOR PRODUCTION

**Response to Document Request No. 19**

1

2          Laura Siegel Larson objects to this request on the ground that the underlying

3    complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f)

4    as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code

5    Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the

6    issues.  Accordingly, any discovery should be stayed in this action and no documents

7    should be produced until these dispositive motions are decided.  The issue of

8    whether discovery should be so stayed will be addressed in connection with the

9    parties' pending motions for protective order, which are set to be heard by the Court

10   on September 20, 2010.  Following the Court's rulings on these motions, counsel for

11   defendants will promptly meet and confer with counsel for plaintiff regarding

12   whether documents will be produced prior to the resolution of the motions to dismiss

13   pursuant to FRCP 12(b)(6) and (f) and the motion brought pursuant to California's

14   anti-SLAPP statute.  Laura Siegel Larson further objects to this request on the

15   ground that a motion for entry of judgment pursuant to FRCP 54(b) has been filed in

16   the closely related action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc.,*

17   *et al.*, Case No. 04-CV-8400.  The motion is set to be heard on September 27, 2010.

18   If this motion is granted, such judgment will have collateral estoppel effect on DC,

19   and thereby substantially narrow the duplicative issues raised in the present action.

20   Accordingly, any discovery should be stayed in this action and no documents

21   should be produced until these dispositive motions are decided.

22          In addition to the above, Laura Siegel Larson objects to this request on the

23   grounds that it is overbroad, duplicative, burdensome and oppressive.  Laura Siegel

24   Larson further objects to this request on the grounds that it is vague and ambiguous,

25   and lacks sufficient precision to allow her to formulate an appropriate response.

26   Laura Siegel Larson further objects to this request to the extent it seeks documents

27   and information already in Plaintiff's possession, custody or control.  Laura Siegel

28   Larson further objects to this request on the grounds that it is indefinite as to time and

LAURA SIEGEL LARSON'S OBJECTIONS TO PLAINTIFF'S REQUESTS FOR PRODUCTION

1  not reasonably limited in scope.  Laura Siegel Larson additionally objects to this

2  request to the extent that it seeks the production or identification of any item, or

3  portion thereof, which is protected from disclosure by court order, or any privacy or

4  similar rights of any person or entity. Laura Siegel Larson additionally objects to this

5  request to the extent that it seeks communications or items protected by the attorney-

6  client privilege, the attorney work product doctrine and any other privilege or

7  immunity available under law or arising from contractual obligation.  Laura Siegel

8  Larson further objects to the request to the extent that it seeks the production of any

9  item which has already been produced, served, filed, or transmitted in the course of

10  the related actions *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.,* 04-

11  CV-8400 ODW (RZx) and/or *Joanne Siegel, et al. v. Time Warner Inc., et al.,* 04-

12  CV-8766 ODW (RZx) and is therefore already in DC Comics' possession, custody or

13  control.

14  **Document Request No. 20**

15      All DOCUMENTS relating to the February 2002 COMMUNICATION

16  between DEFENDANT Marc Toberoff and Warner Bros. executive Steven Spira

17  regarding the rights in SUPERMAN and/or SUPERBOY.

18  **Response to Document Request No. 20**

19      Laura Siegel Larson objects to this request on the ground that the underlying

20  complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f)

21  as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code

22  Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the

23  issues.  Accordingly, any discovery should be stayed in this action and no documents

24  should be produced until these dispositive motions are decided.  The issue of

25  whether discovery should be so stayed will be addressed in connection with the

26  parties' pending motions for protective order, which are set to be heard by the Court

27  on September 20, 2010.  Following the Court's rulings on these motions, counsel for

28  defendants will promptly meet and confer with counsel for plaintiff regarding

whether documents will be produced prior to the resolution of the motions to dismiss pursuant to FRCP 12(b)(6) and (f) and the motion brought pursuant to California's anti-SLAPP statute. Laura Siegel Larson further objects to this request on the ground that a motion for entry of judgment pursuant to FRCP 54(b) has been filed in the closely related action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-CV-8400. The motion is set to be heard on September 27, 2010. If this motion is granted, such judgment will have collateral estoppel effect on DC, and thereby substantially narrow the duplicative issues raised in the present action. Accordingly, any discovery should be stayed in this action and no documents should be produced until these dispositive motions are decided.

In addition to the above, Laura Siegel Larson objects to this request on the grounds that it is overbroad, duplicative, burdensome and oppressive. Laura Siegel Larson further objects to this request on the grounds that it is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response. Laura Siegel Larson further objects to this request to the extent it seeks documents and information already in Plaintiff's possession, custody or control. Laura Siegel Larson further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Laura Siegel Larson additionally objects to this request to the extent that it seeks the production or identification of any item, or portion thereof, which is protected from disclosure by court order, or any privacy or similar rights of any person or entity. Laura Siegel Larson additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Laura Siegel Larson further objects to the request to the extent that it seeks the production of any item which has already been produced, served, filed, or transmitted in the course of the related actions *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, 04-CV-8400 ODW (RZx) and/or *Joanne Siegel, et al. v. Time Warner Inc., et al.*, 04-

LAURA SIEGEL LARSON'S OBJECTIONS TO PLAINTIFF'S REQUESTS FOR PRODUCTION

1  CV-8766 ODW (RZx) and is therefore already in DC Comics' possession, custody or

2  control.

3  **Document Request No. 21**

4      All DOCUMENTS relating to the May 9, 2002 letter from DEFENDANT

5  Joanne Siegel to Time Warner, Inc.

6  **Response to Document Request No. 21**

7      Laura Siegel Larson objects to this request on the ground that the underlying

8  complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f)

9  as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code

10  Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the

11  issues. Accordingly, any discovery should be stayed in this action and no documents

12  should be produced until these dispositive motions are decided. The issue of

13  whether discovery should be so stayed will be addressed in connection with the

14  parties' pending motions for protective order, which are set to be heard by the Court

15  on September 20, 2010. Following the Court's rulings on these motions, counsel for

16  defendants will promptly meet and confer with counsel for plaintiff regarding

17  whether documents will be produced prior to the resolution of the motions to dismiss

18  pursuant to FRCP 12(b)(6) and (f) and the motion brought pursuant to California's

19  anti-SLAPP statute. Laura Siegel Larson further objects to this request on the

20  ground that a motion for entry of judgment pursuant to FRCP 54(b) has been filed in

21  the closely related action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc.,*

22  *et al.*, Case No. 04-CV-8400. The motion is set to be heard on September 27, 2010.

23  If this motion is granted, such judgment will have collateral estoppel effect on DC,

24  and thereby substantially narrow the duplicative issues raised in the present action.

25  Accordingly, any discovery should be stayed in this action and no documents

26  should be produced until these dispositive motions are decided.

27      In addition to the above, Laura Siegel Larson objects to this request on the

28  grounds that it is overbroad, duplicative, burdensome and oppressive. Laura Siegel

LAURA SIEGEL LARSON'S OBJECTIONS TO PLAINTIFF'S REQUESTS FOR PRODUCTION

1  Larson further objects to this request on the grounds that it is vague and ambiguous,

2  and lacks sufficient precision to allow her to formulate an appropriate response.

3  Laura Siegel Larson further objects to this request to the extent it seeks documents

4  and information already in Plaintiff's possession, custody or control.  Laura Siegel

5  Larson further objects to this request on the grounds that it is indefinite as to time and

6  not reasonably limited in scope.  Laura Siegel Larson additionally objects to this

7  request to the extent that it seeks the production or identification of any item, or

8  portion thereof, which is protected from disclosure by court order, or any privacy or

9  similar rights of any person or entity. Laura Siegel Larson additionally objects to this

10  request to the extent that it seeks communications or items protected by the attorney-

11  client privilege, the attorney work product doctrine and any other privilege or

12  immunity available under law or arising from contractual obligation.  Laura Siegel

13  Larson further objects to the request to the extent that it seeks the production of any

14  item which has already been produced, served, filed, or transmitted in the course of

15  the related actions *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.,* 04-

16  CV-8400 ODW (RZx) and/or *Joanne Siegel, et al. v. Time Warner Inc., et al.,* 04-

17  CV-8766 ODW (RZx) and is therefore already in DC Comics' possession, custody or

18  control.

19  **Document Request No. 22**

20      All DOCUMENTS relating to the May 21, 2002 letter from Richard Parsons of

21  Time Warner Inc. to DEFENDANT Joanne Siegel.

22  **Response to Document Request No. 22**

23      Laura Siegel Larson objects to this request on the ground that the underlying

24  complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f)

25  as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code

26  Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the

27  issues.  Accordingly, any discovery should be stayed in this action and no documents

28  should be produced until these dispositive motions are decided.  The issue of

1    whether discovery should be so stayed will be addressed in connection with the

2    parties' pending motions for protective order, which are set to be heard by the Court

3    on September 20, 2010.  Following the Court's rulings on these motions, counsel for

4    defendants will promptly meet and confer with counsel for plaintiff regarding

5    whether documents will be produced prior to the resolution of the motions to dismiss

6    pursuant to FRCP 12(b)(6) and (f) and the motion brought pursuant to California's

7    anti-SLAPP statute.  Laura Siegel Larson further objects to this request on the

8    ground that a motion for entry of judgment pursuant to FRCP 54(b) has been filed in

9    the closely related action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc.,*

10    *et al.*, Case No. 04-CV-8400.  The motion is set to be heard on September 27, 2010.

11    If this motion is granted, such judgment will have collateral estoppel effect on DC,

12    and thereby substantially narrow the duplicative issues raised in the present action.

13    Accordingly, any discovery should be stayed in this action and no documents

14    should be produced until these dispositive motions are decided.

15        In addition to the above, Laura Siegel Larson objects to this request on the

16    grounds that it is overbroad, duplicative, burdensome and oppressive.  Laura Siegel

17    Larson further objects to this request on the grounds that it is vague and ambiguous,

18    and lacks sufficient precision to allow her to formulate an appropriate response.

19    Laura Siegel Larson further objects to this request to the extent it seeks documents

20    and information already in Plaintiff's possession, custody or control.  Laura Siegel

21    Larson further objects to this request on the grounds that it is indefinite as to time and

22    not reasonably limited in scope.  Laura Siegel Larson additionally objects to this

23    request to the extent that it seeks the production or identification of any item, or

24    portion thereof, which is protected from disclosure by court order, or any privacy or

25    similar rights of any person or entity. Laura Siegel Larson additionally objects to this

26    request to the extent that it seeks communications or items protected by the attorney-

27    client privilege, the attorney work product doctrine and any other privilege or

28    immunity available under law or arising from contractual obligation.  Laura Siegel

LAURA SIEGEL LARSON'S OBJECTIONS TO PLAINTIFF'S REQUESTS FOR PRODUCTION

Larson further objects to the request to the extent that it seeks the production of any item which has already been produced, served, filed, or transmitted in the course of the related actions *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.,* 04-CV-8400 ODW (RZx) and/or *Joanne Siegel, et al. v. Time Warner Inc., et al.,* 04-CV-8766 ODW (RZx) and is therefore already in DC Comics' possession, custody or control.

**Document Request No. 23**

All DOCUMENTS relating to any solicitation, offer, or option from any DEFENDANT regarding the purported rights of YOU or the SIEGEL HEIRS in SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 23**

Laura Siegel Larson objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. Accordingly, any discovery should be stayed in this action and no documents should be produced until these dispositive motions are decided. The issue of whether discovery should be so stayed will be addressed in connection with the parties' pending motions for protective order, which are set to be heard by the Court on September 20, 2010. Following the Court's rulings on these motions, counsel for defendants will promptly meet and confer with counsel for plaintiff regarding whether documents will be produced prior to the resolution of the motions to dismiss pursuant to FRCP 12(b)(6) and (f) and the motion brought pursuant to California's anti-SLAPP statute. Laura Siegel Larson further objects to this request on the ground that a motion for entry of judgment pursuant to FRCP 54(b) has been filed in the closely related action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-CV-8400. The motion is set to be heard on September 27, 2010. If this motion is granted, such judgment will have collateral estoppel effect on DC,

LAURA SIEGEL LARSON'S OBJECTIONS TO PLAINTIFF'S REQUESTS FOR PRODUCTION

1  and thereby substantially narrow the duplicative issues raised in the present action.

2  Accordingly, any discovery should be stayed in this action and no documents

3  should be produced until these dispositive motions are decided.

4        In addition to the above, Laura Siegel Larson objects to this request on the

5  grounds that it is overbroad, burdensome and oppressive.  Laura Siegel Larson

6  further objects to this request on the grounds that the phrase "purported rights" is

7  vague and ambiguous, and lacks sufficient precision to allow her to formulate an

8  appropriate response.  Laura Siegel Larson further objects to this request to the extent

9  it seeks documents and information already in Plaintiff's possession, custody or

10  control.  Laura Siegel Larson further objects to this request on the grounds that it is

11  indefinite as to time and not reasonably limited in scope.  Laura Siegel Larson

12  additionally objects to this request to the extent that it seeks the production or

13  identification of any item, or portion thereof, which is protected from disclosure by

14  court order, or any privacy or similar rights of any person or entity. Laura Siegel

15  Larson additionally objects to this request to the extent that it seeks communications

16  or items protected by the attorney-client privilege, the attorney work product doctrine

17  and any other privilege or immunity available under law or arising from contractual

18  obligation.  Laura Siegel Larson further objects to the request to the extent that it

19  seeks the production of any item which has already been produced, served, filed, or

20  transmitted in the course of the related actions *Joanne Siegel, et al. v. Warner Bros.*

21  *Entertainment Inc., et al.,* 04-CV-8400 ODW (RZx) and/or *Joanne Siegel, et al. v.*

22  *Time Warner Inc., et al.,* 04-CV-8766 ODW (RZx) and is therefore already in DC

23  Comics' possession, custody or control.

24  **Document Request No. 24**

25        All DOCUMENTS relating to the September 21, 2002 letter from YOU to

26  Kevin Marks.

27  **Response to Document Request No. 24**

28        Laura Siegel Larson objects to this request on the ground that the underlying

complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. Accordingly, any discovery should be stayed in this action and no documents should be produced until these dispositive motions are decided. The issue of whether discovery should be so stayed will be addressed in connection with the parties' pending motions for protective order, which are set to be heard by the Court on September 20, 2010. Following the Court's rulings on these motions, counsel for defendants will promptly meet and confer with counsel for plaintiff regarding whether documents will be produced prior to the resolution of the motions to dismiss pursuant to FRCP 12(b)(6) and (f) and the motion brought pursuant to California's anti-SLAPP statute. Laura Siegel Larson further objects to this request on the ground that a motion for entry of judgment pursuant to FRCP 54(b) has been filed in the closely related action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-CV-8400. The motion is set to be heard on September 27, 2010. If this motion is granted, such judgment will have collateral estoppel effect on DC, and thereby substantially narrow the duplicative issues raised in the present action. Accordingly, any discovery should be stayed in this action and no documents should be produced until these dispositive motions are decided.

In addition to the above, Laura Siegel Larson objects to this request on the grounds that it is overbroad, duplicative, burdensome and oppressive. Laura Siegel Larson further objects to this request on the grounds that is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response. Laura Siegel Larson further objects to this request to the extent it seeks documents and information already in Plaintiff's possession, custody or control. Laura Siegel Larson further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Laura Siegel Larson additionally objects to this request to the extent that it seeks the production or identification of any item, or

LAURA SIEGEL LARSON'S OBJECTIONS TO PLAINTIFF'S REQUESTS FOR PRODUCTION

1  portion thereof, which is protected from disclosure by court order, or any privacy or

2  similar rights of any person or entity. Laura Siegel Larson additionally objects to this

3  request to the extent that it seeks communications or items protected by the attorney-

4  client privilege, the attorney work product doctrine and any other privilege or

5  immunity available under law or arising from contractual obligation.  Laura Siegel

6  Larson further objects to the request to the extent that it seeks the production of any

7  item which has already been produced, served, filed, or transmitted in the course of

8  the related actions *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.,* 04-

9  CV-8400 ODW (RZx) and/or *Joanne Siegel, et al. v. Time Warner Inc., et al.,* 04-

10  CV-8766 ODW (RZx) and is therefore already in DC Comics' possession, custody or

11  control.

12  **Document Request No. 25**

13      All DOCUMENTS relating to the September 21, 2002 letter from YOU to DC

14  Comics.

15  **Response to Document Request No. 25**

16      Laura Siegel Larson objects to this request on the ground that the underlying

17  complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f)

18  as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code

19  Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the

20  issues.  Accordingly, any discovery should be stayed in this action and no documents

21  should be produced until these dispositive motions are decided.  The issue of

22  whether discovery should be so stayed will be addressed in connection with the

23  parties' pending motions for protective order, which are set to be heard by the Court

24  on September 20, 2010.  Following the Court's rulings on these motions, counsel for

25  defendants will promptly meet and confer with counsel for plaintiff regarding

26  whether documents will be produced prior to the resolution of the motions to dismiss

27  pursuant to FRCP 12(b)(6) and (f) and the motion brought pursuant to California's

28  anti-SLAPP statute.  Laura Siegel Larson further objects to this request on the

LAURA SIEGEL LARSON'S OBJECTIONS TO PLAINTIFF'S REQUESTS FOR PRODUCTION

1   ground that a motion for entry of judgment pursuant to FRCP 54(b) has been filed in
2   the closely related action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc.,*
3   *et al.*, Case No. 04-CV-8400.  The motion is set to be heard on September 27, 2010.
4   If this motion is granted, such judgment will have collateral estoppel effect on DC,
5   and thereby substantially narrow the duplicative issues raised in the present action.
6   Accordingly, any discovery should be stayed in this action and no documents
7   should be produced until these dispositive motions are decided.

8          In addition to the above, Laura Siegel Larson objects to this request on the
9   grounds that it is overbroad, duplicative, burdensome and oppressive.  Laura Siegel
10  Larson further objects to this request on the grounds that is vague and ambiguous,
11  and lacks sufficient precision to allow her to formulate an appropriate response.
12  Laura Siegel Larson further objects to this request to the extent it seeks documents
13  and information already in Plaintiff's possession, custody or control.  Laura Siegel
14  Larson further objects to this request on the grounds that it is indefinite as to time and
15  not reasonably limited in scope.  Laura Siegel Larson additionally objects to this
16  request to the extent that it seeks the production or identification of any item, or
17  portion thereof, which is protected from disclosure by court order, or any privacy or
18  similar rights of any person or entity. Laura Siegel Larson additionally objects to this
19  request to the extent that it seeks communications or items protected by the attorney-
20  client privilege, the attorney work product doctrine and any other privilege or
21  immunity available under law or arising from contractual obligation.  Laura Siegel
22  Larson further objects to the request to the extent that it seeks the production of any
23  item which has already been produced, served, filed, or transmitted in the course of
24  the related actions *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.,* 04-
25  CV-8400 ODW (RZx) and/or *Joanne Siegel, et al. v. Time Warner Inc., et al.,* 04-
26  CV-8766 ODW (RZx) and is therefore already in DC Comics' possession, custody or
27  control.
28

LAURA SIEGEL LARSON'S OBJECTIONS TO PLAINTIFF'S REQUESTS FOR PRODUCTION

**Document Request No. 26**

All DOCUMENTS relating to the letter agreement dated October 3, 2002 that YOU signed with DEFENDANT IP Worldwide, LLC, and any revisions, modifications, or adjustments thereto.

**Response to Document Request No. 26**

Laura Siegel Larson objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. Accordingly, any discovery should be stayed in this action and no documents should be produced until these dispositive motions are decided. The issue of whether discovery should be so stayed will be addressed in connection with the parties' pending motions for protective order, which are set to be heard by the Court on September 20, 2010. Following the Court's rulings on these motions, counsel for defendants will promptly meet and confer with counsel for plaintiff regarding whether documents will be produced prior to the resolution of the motions to dismiss pursuant to FRCP 12(b)(6) and (f) and the motion brought pursuant to California's anti-SLAPP statute. Laura Siegel Larson further objects to this request on the ground that a motion for entry of judgment pursuant to FRCP 54(b) has been filed in the closely related action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-CV-8400. The motion is set to be heard on September 27, 2010. If this motion is granted, such judgment will have collateral estoppel effect on DC, and thereby substantially narrow the duplicative issues raised in the present action. Accordingly, any discovery should be stayed in this action and no documents should be produced until these dispositive motions are decided.

In addition to the above, Laura Siegel Larson objects to this request on the grounds that it is overbroad, duplicative, burdensome and oppressive. Laura Siegel Larson further objects to this request on the grounds that it is vague and ambiguous,

LAURA SIEGEL LARSON'S OBJECTIONS TO PLAINTIFF'S REQUESTS FOR PRODUCTION

EXHIBIT J
221

1  and lacks sufficient precision to allow her to formulate an appropriate response.

2  Laura Siegel Larson further objects to this request to the extent it seeks documents

3  and information already in Plaintiff's possession, custody or control.  Laura Siegel

4  Larson further objects to this request on the grounds that it is indefinite as to time and

5  not reasonably limited in scope.  Laura Siegel Larson additionally objects to this

6  request to the extent that it seeks the production or identification of any item, or

7  portion thereof, which is protected from disclosure by court order, or any privacy or

8  similar rights of any person or entity. Laura Siegel Larson additionally objects to this

9  request to the extent that it seeks communications or items protected by the attorney-

10  client privilege, the attorney work product doctrine and any other privilege or

11  immunity available under law or arising from contractual obligation.  Laura Siegel

12  Larson further objects to the request to the extent that it seeks the production of any

13  item which has already been produced, served, filed, or transmitted in the course of

14  the related actions *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.,* 04-

15  CV-8400 ODW (RZx) and/or *Joanne Siegel, et al. v. Time Warner Inc., et al.,* 04-

16  CV-8766 ODW (RZx) and is therefore already in DC Comics' possession, custody or

17  control.

18  **Document Request No. 27**

19      All DOCUMENTS relating to the October 28, 2002 letter from YOU to Lillian

20  Laserson of DC Comics.

21  **Response to Document Request No. 27**

22      Laura Siegel Larson objects to this request on the ground that the underlying

23  complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f)

24  as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code

25  Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the

26  issues.  Accordingly, any discovery should be stayed in this action and no documents

27  should be produced until these dispositive motions are decided.  The issue of

28  whether discovery should be so stayed will be addressed in connection with the

45

LAURA SIEGEL LARSON'S OBJECTIONS TO PLAINTIFF'S REQUESTS FOR PRODUCTION

parties' pending motions for protective order, which are set to be heard by the Court on September 20, 2010. Following the Court's rulings on these motions, counsel for defendants will promptly meet and confer with counsel for plaintiff regarding whether documents will be produced prior to the resolution of the motions to dismiss pursuant to FRCP 12(b)(6) and (f) and the motion brought pursuant to California's anti-SLAPP statute. Laura Siegel Larson further objects to this request on the ground that a motion for entry of judgment pursuant to FRCP 54(b) has been filed in the closely related action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-CV-8400. The motion is set to be heard on September 27, 2010. If this motion is granted, such judgment will have collateral estoppel effect on DC, and thereby substantially narrow the duplicative issues raised in the present action. Accordingly, any discovery should be stayed in this action and no documents should be produced until these dispositive motions are decided.

In addition to the above, Laura Siegel Larson objects to this request on the grounds that it is overbroad, duplicative, burdensome and oppressive. Laura Siegel Larson further objects to this request on the grounds that it is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response. Laura Siegel Larson further objects to this request to the extent it seeks documents and information already in Plaintiff's possession, custody or control. Laura Siegel Larson further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Laura Siegel Larson additionally objects to this request to the extent that it seeks the production or identification of any item, or portion thereof, which is protected from disclosure by court order, or any privacy or similar rights of any person or entity. Laura Siegel Larson additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Laura Siegel Larson further objects to the request to the extent that it seeks the production of any

1    item which has already been produced, served, filed, or transmitted in the course of

2    the related actions *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, 04-

3    CV-8400 ODW (RZx) and/or *Joanne Siegel, et al. v. Time Warner Inc., et al.*, 04-

4    CV-8766 ODW (RZx) and is therefore already in DC Comics' possession, custody or

5    control.

6    **Document Request No. 28**

7        All DOCUMENTS relating to the Request of Termination of Transfer

8    Covering Extended Renewal Term: Superboy served on behalf of the SIEGEL

9    HEIRS on or around November 8, 2002.

10    **Response to Document Request No. 28**

11        Laura Siegel Larson objects to this request on the ground that the underlying

12    complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f)

13    as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code

14    Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the

15    issues.  Accordingly, any discovery should be stayed in this action and no documents

16    should be produced until these dispositive motions are decided.  The issue of

17    whether discovery should be so stayed will be addressed in connection with the

18    parties' pending motions for protective order, which are set to be heard by the Court

19    on September 20, 2010.  Following the Court's rulings on these motions, counsel for

20    defendants will promptly meet and confer with counsel for plaintiff regarding

21    whether documents will be produced prior to the resolution of the motions to dismiss

22    pursuant to FRCP 12(b)(6) and (f) and the motion brought pursuant to California's

23    anti-SLAPP statute.  Laura Siegel Larson further objects to this request on the

24    ground that a motion for entry of judgment pursuant to FRCP 54(b) has been filed in

25    the closely related action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc.,*

26    *et al.*, Case No. 04-CV-8400.  The motion is set to be heard on September 27, 2010.

27    If this motion is granted, such judgment will have collateral estoppel effect on DC,

28    and thereby substantially narrow the duplicative issues raised in the present action.

1    Accordingly, any discovery should be stayed in this action and no documents

2    should be produced until these dispositive motions are decided.

3          In addition to the above, Laura Siegel Larson objects to this request on the

4    grounds that it is overbroad, duplicative, burdensome and oppressive.  Laura Siegel

5    Larson further objects to this request on the grounds that it is vague and ambiguous,

6    and lacks sufficient precision to allow her to formulate an appropriate response.

7    Laura Siegel Larson further objects to this request to the extent it seeks documents

8    and information already in Plaintiff's possession, custody or control.  Laura Siegel

9    Larson further objects to this request on the grounds that it is indefinite as to time and

10   not reasonably limited in scope.  Laura Siegel Larson additionally objects to this

11   request to the extent that it seeks the production or identification of any item, or

12   portion thereof, which is protected from disclosure by court order, or any privacy or

13   similar rights of any person or entity. Laura Siegel Larson additionally objects to this

14   request to the extent that it seeks communications or items protected by the attorney-

15   client privilege, the attorney work product doctrine and any other privilege or

16   immunity available under law or arising from contractual obligation.  Laura Siegel

17   Larson further objects to the request to the extent that it seeks the production of any

18   item which has already been produced, served, filed, or transmitted in the course of

19   the related actions *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.,* 04-

20   CV-8400 ODW (RZx) and/or *Joanne Siegel, et al. v. Time Warner Inc., et al.,* 04-

21   CV-8766 ODW (RZx) and is therefore already in DC Comics' possession, custody or

22   control.

23   DATED:  September 20, 2010     TOBEROFF & ASSOCIATES, P.C.

24

25                                                   By_____

26                                                              Marc Toberoff

27                                          Attorneys for Defendants Mark Warren Peary,
                                           as personal representative of the Estate of
28                                          Joseph Shuster, Jean Adele Peavy, Joanne
                                           Siegel and Laura Siegel Larson

48
LAURA SIEGEL LARSON'S OBJECTIONS TO PLAINTIFF'S REQUESTS FOR PRODUCTION

1

**PROOF OF SERVICE**

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

   I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is:  2049 Century Park East, Suite 2720,

4

Los Angeles, California 90067.

5

   On September 20, 2010, I served the attached documents described as

6

**DEFENDANT JEAN ADELE PEAVY'S RESPONSE AND OBJECTIONS TO PLAINTIFF DC COMICS' NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION OF**

7

**DOCUMENTS**

8

**DEFENDANT MARK WARREN PEARY'S, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF JOSEPH SHUSTER, RESPONSE AND OBJECTIONS TO PLAINTIFF DC**

9

**COMICS' NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION OF DOCUMENTS**

10

**DEFENDANT LAURA SIEGEL LARSON'S RESPONSE AND OBJECTIONS TO PLAINTIFF DC COMICS' NOTICE OF DEPOSITION AND REQUEST FOR**

11

**PRODUCTION OF DOCUMENTS**

12

**DEFENDANT JOAANE SIEGEL'S RESPONSE AND OBJECTIONS TO PLAINTIFF DC COMICS' NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION OF**

13

**DOCUMENTS**

14

as follows:

15

   [X]   :BY MAIL:

16

   As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. postal service on

17

that same day with postage thereon fully prepaid at Los Angeles California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal

18

cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.  I placed _____ the original _X_ a true copy thereof enclosed in sealed envelope(s) addressed

19

as follows:

20

   Daniel M. Petrocelli, Esq.
   O'MELVENY & MYERS LLP

21

   1999 Avenue of the Stars, 7th Floor
   Los Angeles, CA 90067

22

   [X]  :(FEDERAL) – I declare that I am employed in the office of a member of the bar of this court at

23

whose direction the service was made.

24

25

   I declare under penalty of perjury that the foregoing is true and correct.

26

   EXECUTED on September 20, 2010, in Los Angeles, California.

27

   _____

28

                    Nicholas C. Williamson

EXHIBIT J
226