# EXHIBIT K

Marc Toberoff (State Bar No. 188547)
Nicholas C. Williamson (State Bar No. 231124)
Keith G. Adams (State Bar No. 240497)
TOBEROFF & ASSOCIATES, P.C.
2049 Century Park East, Suite 2720
Los Angeles, California, 90067
Telephone:  (310) 246-3333
Fax:            (310) 246-3101
MToberoff@ipwla.com

Attorneys for Mark Warren Peary,
as personal representative of the
Estate of Joseph Shuster, Jean Adele
Peavy, Joanne Siegel and Laura Siegel
Larson

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| DC COMICS,<br><br>               Plaintiff,<br><br>     vs.<br><br>PACIFIC PICTURES CORPORATION; IP WORLDWIDE, LLC; IPW, LLC; MARC TOBEROFF, an individual; MARK WARREN  PEAVY, as personal representative of the ESTATE OF JOSEPH SHUSTER; JOANNE SIEGEL, an individual; LAURA SIEGEL LARSON, an individual, and DOES 1-10, inclusive,<br><br>           Defendants. | Case No: CV 10-03633 ODW (RZx)<br><br>Hon. Otis D. Wright II, U.S.D.J.<br><br>**DEFENDANT JEAN ADELE PEAVY'S RESPONSE AND OBJECTIONS TO PLAINTIFF DC COMICS' NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION OF DOCUMENTS**<br><br>Complaint Filed:  May 14, 2010<br>Trial Date:  None Set |

JEAN ADELE PEAVY'S OBJECTIONS TO PLAINTIFF'S REQUESTS FOR PRODUCTION

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

Jean Adele Peavy ("Peavy"), pursuant to the provisions of Rule 34(b)(2) of the Federal Rules of Civil Procedure, makes the following objections to Plaintiff DC Comics' Notice of Deposition of Defendant Jean Peavy and Request for Production of Documents ("Request") that was served on August 17, 2010 by plaintiff DC Comics ("Plaintiff"):

## I.

## OBJECTIONS TO THE ENTIRE REQUEST

Peavy objects to the entire Request on each of the following grounds and incorporates by reference each of the following objections into her response to each individual category of documents within it:

1.      Peavy objects to the Request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16 that could dispose of the entire case and/or greatly narrow the issues.  Accordingly, any discovery should be stayed in this action and documents should not be produced until these dispositive motions are decided.   The issue of whether discovery should be so stayed will be addressed in connection with the parties' pending motions for protective order, which are set to be heard by the Court on September 20, 2010.  Following the Court's rulings on these discovery motions, counsel for defendants will promptly meet and confer with counsel for plaintiff regarding whether documents will be produced prior to the resolution of the motions to dismiss pursuant to FRCP 12(b)(6) and (f) and the motion brought pursuant to California's anti-SLAPP statute.

2.      Peavy objects to the Request on the ground that a motion for entry of judgment pursuant to FRCP 54(b) has been filed in the closely related action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-CV-8400.  The motion is set to be heard on September 27, 2010.  If this motion is granted, such

judgment will have collateral estoppel effect on DC, and thereby substantially narrow the duplicative issues raised in the present action.  Accordingly, any discovery should be stayed and documents should not be produced until the Rule 54(b) motion is decided.

3.    Peavy objects to the Request to the extent that it seeks the production of any item, or portion thereof, comprising or reflecting information transmitted and maintained in confidence between Peavy or any person or entity acting on her behalf and her counsel for the purpose of obtaining legal advice or representation, on the grounds that such information is protected from disclosure by the attorney-client privilege and the joint-interest privilege.  Such documents will not be produced in response to the request, and any inadvertent production thereof shall not be deemed a waiver of any privilege or doctrine with respect to such documents.

4.    Peavy objects to the Request to the extent that it seeks the production of any item, or portion thereof, comprising or reflecting information with any confidential impression, conclusion, opinion, legal research, or legal theory of counsel for Peavy or any other person or entity, on the grounds that such information is protected from disclosure by the attorney work product doctrine.  Such documents will not be produced in response to the request, and any inadvertent production thereof shall not be deemed a waiver of any privilege or doctrine with respect to such documents.

5.    As the parties are in the process of negotiating a stipulation regarding the parties' logging of post-litigation communications, Peavy will not be serving any privilege logs until these negotiations are concluded. All privileges and immunities provided by law are expressly reserved.

6.    Peavy objects to the Request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence, on the grounds that it exceeds the permissible scope of discovery delimited by Rule 26(b)(1) of the Federal Rules of

Civil Procedure.

7.    Peavy objects to the Request to the extent that it seeks the production of any item, or portion thereof, comprising or reflecting any trade secret or other confidential or proprietary information of Peavy or any other person or entity.

8.    Peavy objects to the Request to the extent that it seeks the production of any item, or portion thereof, which is protected from disclosure by court order, or any privacy or similar rights of any person or entity.

9.    Peavy objects to the Request's document requests to the extent they are unduly burdensome, overly broad, impose extreme hardship or would result in the expenditure of unnecessary time and resources.

10.    Peavy objects to the Request to the extent it is overbroad and therefore unduly burdensome, oppressive and harassing.

11.    Peavy objects to the document requests contained in the Request to the extent the expense of producing documents outweighs the likely benefit of discovery provided to Plaintiff.

12.    Peavy objects to the Request to the extent that it seeks the production of duplicative identical items, or documents or information already in Plaintiff's possession, or by reason of public filing, publication or otherwise are readily accessible to Plaintiff through other means.

13.    Peavy objects to the Request to the extent that it seeks the production of any item which has been served, filed, or transmitted in the course of this action, on the grounds that such production would be burdensome, oppressive, and unnecessary.

14.    Peavy objects to the Request to the extent that it seeks the production of any item which has already been produced, served, filed, or transmitted in the course of the related action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-CV-8400 ODW (RZx), on the grounds that such production would be duplicative, burdensome, oppressive, and unnecessary.

15.    Peavy objects to the Request to the extent that it seeks the production of

any item which has already been produced, served, filed, or transmitted in the course of the related action *Joanne Siegel, et al. v. Time Warner Inc., et al.*, Case No. 04-CV-8766 ODW (RZx), on the grounds that such production would be duplicative, burdensome, oppressive, and unnecessary.

16.    Peavy objects to the Request and each document category therein to the extent that it seeks the production of any item or document that is not the property of Peavy.  Peavy will not produce any items or documents that are the property of any other person or entity.

17.    Peavy reserves the right to revise, amend, supplement or clarify any of the objections set forth herein.

## II.

## DOCUMENTS TO BE PRODUCED

## SPECIFIC RESPONSES TO INDIVIDUAL REQUESTS

### Document Request No. 1

All agreements between or among YOU and any DEFENDANT regarding the SHUSTER HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

### Response to Document Request No. 1

Peavy objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. Accordingly, any discovery should be stayed in this action and no documents should be produced until these dispositive motions are decided.  The issue of whether discovery should be so stayed will be addressed in connection with the parties' pending motions for protective order, which are set to be heard by the Court on September 20, 2010.  Following the Court's rulings on these motions, counsel for defendants will promptly meet and confer with counsel for plaintiff regarding whether documents will be produced prior to the resolution of the motions to dismiss

1    pursuant to FRCP 12(b)(6) and (f) and the motion brought pursuant to California's

2    anti-SLAPP statute.  Peavy further objects to this request on the ground that a motion

3    for entry of judgment pursuant to FRCP 54(b) has been filed in the closely related

4    action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-

5    CV-8400.  The motion is set to be heard on September 27, 2010.  If this motion is

6    granted, such judgment will have collateral estoppel effect on DC, and thereby

7    substantially narrow the duplicative issues raised in the present action.  Accordingly,

8    any discovery should be stayed in this action and no documents should be produced

9    until these dispositive motions are decided.

10        In addition to the above, Peavy objects to this request on the grounds that it is

11    compound, overbroad, burdensome and oppressive. Peavy objects to this request on

12    the grounds that the phrase "purported rights" is vague and ambiguous, and lacks

13    sufficient precision to allow her to formulate an appropriate response.  Peavy further

14    objects to this request on the grounds that it is indefinite as to time and not

15    reasonably limited in scope.  Peavy additionally objects to this request to the extent

16    that it seeks the production or identification of any item, or portion thereof, which is

17    protected from disclosure by court order, or any privacy or similar rights of any

18    person or entity.  Peavy additionally objects to this request to the extent that it seeks

19    communications or items protected by the attorney-client privilege, the attorney work

20    product doctrine and any other privilege or immunity available under law or arising

21    from contractual obligation.  Peavy further objects to the request to the extent that it

22    seeks the production of any item which has already been produced, served, filed, or

23    transmitted in the course of the related actions *Joanne Siegel, et al. v. Warner Bros.*

24    *Entertainment Inc., et al.,* 04-CV-8400 ODW (RZx) and/or *Joanne Siegel, et al. v.*

25    *Time Warner Inc., et al.,* 04-CV-8766 ODW (RZx) and is therefore already in DC

26    Comics' possession, custody or control.

27    **Document Request No. 2**

28        All agreements between or among YOU and any DEFENDANT regarding the

5

**JEAN ADELE PEAVY'S OBJECTIONS TO PLAINTIFF'S REQUESTS FOR PRODUCTION**

SIEGEL HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 2**

Peavy objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. Accordingly, any discovery should be stayed in this action and no documents should be produced until these dispositive motions are decided. The issue of whether discovery should be so stayed will be addressed in connection with the parties' pending motions for protective order, which are set to be heard by the Court on September 20, 2010. Following the Court's rulings on these motions, counsel for defendants will promptly meet and confer with counsel for plaintiff regarding whether documents will be produced prior to the resolution of the motions to dismiss pursuant to FRCP 12(b)(6) and (f) and the motion brought pursuant to California's anti-SLAPP statute. Peavy further objects to this request on the ground that a motion for entry of judgment pursuant to FRCP 54(b) has been filed in the closely related action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-CV-8400. The motion is set to be heard on September 27, 2010. If this motion is granted, such judgment will have collateral estoppel effect on DC, and thereby substantially narrow the duplicative issues raised in the present action. Accordingly, any discovery should be stayed in this action and no documents should be produced until these dispositive motions are decided.

In addition to the above, Peavy objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive. Peavy objects to this request on the grounds that the phrase "purported rights" is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response. Peavy further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Peavy additionally objects to this request to the extent

6

JEAN ADELE PEAVY'S OBJECTIONS TO PLAINTIFF'S REQUESTS FOR PRODUCTION

that it seeks the production or identification of any item, or portion thereof, which is protected from disclosure by court order, or any privacy or similar rights of any person or entity.  Peavy additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Peavy further objects to the request to the extent that it seeks the production of any item which has already been produced, served, filed, or transmitted in the course of the related actions *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.,* 04-CV-8400 ODW (RZx) and/or *Joanne Siegel, et al. v. Time Warner Inc., et al.,* 04-CV-8766 ODW (RZx) and is therefore already in DC Comics' possession, custody or control.

**Document Request No. 3**

All agreements between or among SHUSTER and SIEGEL regarding any purported rights in SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 3**

Peavy objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. Accordingly, any discovery should be stayed in this action and no documents should be produced until these dispositive motions are decided.  The issue of whether discovery should be so stayed will be addressed in connection with the parties' pending motions for protective order, which are set to be heard by the Court on September 20, 2010.  Following the Court's rulings on these motions, counsel for defendants will promptly meet and confer with counsel for plaintiff regarding whether documents will be produced prior to the resolution of the motions to dismiss pursuant to FRCP 12(b)(6) and (f) and the motion brought pursuant to California's anti-SLAPP statute.  Peavy further objects to this request on the ground that a motion

7

JEAN ADELE PEAVY'S OBJECTIONS TO PLAINTIFF'S REQUESTS FOR PRODUCTION

1  for entry of judgment pursuant to FRCP 54(b) has been filed in the closely related

2  action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-

3  CV-8400.  The motion is set to be heard on September 27, 2010.  If this motion is

4  granted, such judgment will have collateral estoppel effect on DC, and thereby

5  substantially narrow the duplicative issues raised in the present action.  Accordingly,

6  any discovery should be stayed in this action and no documents should be produced

7  until these dispositive motions are decided.

8       In addition to the above, Peavy objects to this request on the grounds that it is

9  compound, overbroad, burdensome and oppressive.  Peavy objects to this request on

10  the grounds that the phrase "purported rights" is vague and ambiguous, and lacks

11  sufficient precision to allow her to formulate an appropriate response.  Peavy further

12  objects to this request on the grounds that it is indefinite as to time and not

13  reasonably limited in scope.  Peavy additionally objects to this request to the extent

14  that it seeks the production or identification of any item, or portion thereof, which is

15  protected from disclosure by court order, or any privacy or similar rights of any

16  person or entity.  Peavy additionally objects to this request to the extent that it seeks

17  communications or items protected by the attorney-client privilege, the attorney work

18  product doctrine and any other privilege or immunity available under law or arising

19  from contractual obligation.  Peavy further objects to the request to the extent that it

20  seeks the production of any item which has already been produced, served, filed, or

21  transmitted in the course of the related actions *Joanne Siegel, et al. v. Warner Bros.*

22  *Entertainment Inc., et al.,* 04-CV-8400 ODW (RZx) and/or *Joanne Siegel, et al. v.*

23  *Time Warner Inc., et al.,* 04-CV-8766 ODW (RZx) and is therefore already in DC

24  Comics' possession, custody or control.

25  **Document Request No. 4**

26       All DOCUMENTS relating to or affecting the ability of YOU or the

27  SHUSTER HEIRS to negotiate or enter into agreements regarding SUPERMAN

28  and/or SUPERBOY.

8

**JEAN ADELE PEAVY'S OBJECTIONS TO PLAINTIFF'S REQUESTS FOR PRODUCTION**

**Response to Document Request No. 4**

1       Peavy objects to this request on the ground that the underlying complaint is

2  subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a

3  motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. §

4  425.16, that could dispose of the entire case and/or greatly narrow the issues.

5  Accordingly, any discovery should be stayed in this action and no documents should

6  be produced until these dispositive motions are decided.  The issue of whether

7  discovery should be so stayed will be addressed in connection with the parties'

8  pending motions for protective order, which are set to be heard by the Court on

9  September 20, 2010.  Following the Court's rulings on these motions, counsel for

10  defendants will promptly meet and confer with counsel for plaintiff regarding

11  whether documents will be produced prior to the resolution of the motions to dismiss

12  pursuant to FRCP 12(b)(6) and (f) and the motion brought pursuant to California's

13  anti-SLAPP statute.  Peavy further objects to this request on the ground that a motion

14  for entry of judgment pursuant to FRCP 54(b) has been filed in the closely related

15  action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-

16  CV-8400.  The motion is set to be heard on September 27, 2010.  If this motion is

17  granted, such judgment will have collateral estoppel effect on DC, and thereby

18  substantially narrow the duplicative issues raised in the present action.  Accordingly,

19  any discovery should be stayed in this action and no documents should be produced

20  until these dispositive motions are decided.

21       In addition to the above, Peavy objects to this request on the grounds that it is

22  compound, overbroad, burdensome and oppressive.  Peavy further objects to this

23  request on the grounds that the phrase "affecting the ability of YOU or the

24  SHUSTER HEIRS to negotiate or enter into agreements regarding SUPERMAN

25  and/or SUPERBOY" is vague and ambiguous, and lacks sufficient precision to allow

26  her to formulate an appropriate response. Peavy further objects to this request on the

27  grounds that it is indefinite as to time and not reasonably limited in scope.  Peavy

additionally objects to this request to the extent that it seeks the production or identification of any item, or portion thereof, which is protected from disclosure by court order, or any privacy or similar rights of any person or entity.  Peavy additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Peavy further objects to the request to the extent that it seeks the production of any item which has already been produced, served, filed, or transmitted in the course of the related actions *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.,* 04-CV-8400 ODW (RZx) and/or *Joanne Siegel, et al. v. Time Warner Inc., et al.,* 04-CV-8766 ODW (RZx) and is therefore already in DC Comics' possession, custody or control.

**Document Request No. 5**

All DOCUMENTS relating to or affecting the ability of the SIEGEL HEIRS to negotiate or enter into agreements regarding SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 5**

Peavy objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. Accordingly, any discovery should be stayed in this action and no documents should be produced until these dispositive motions are decided.  The issue of whether discovery should be so stayed will be addressed in connection with the parties' pending motions for protective order, which are set to be heard by the Court on September 20, 2010.  Following the Court's rulings on these motions, counsel for defendants will promptly meet and confer with counsel for plaintiff regarding whether documents will be produced prior to the resolution of the motions to dismiss pursuant to FRCP 12(b)(6) and (f) and the motion brought pursuant to California's

JEAN ADELE PEAVY'S OBJECTIONS TO PLAINTIFF'S REQUESTS FOR PRODUCTION

anti-SLAPP statute.  Peavy further objects to this request on the ground that a motion for entry of judgment pursuant to FRCP 54(b) has been filed in the closely related action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-CV-8400.  The motion is set to be heard on September 27, 2010.  If this motion is granted, such judgment will have collateral estoppel effect on DC, and thereby substantially narrow the duplicative issues raised in the present action.  Accordingly, any discovery should be stayed in this action and no documents should be produced until these dispositive motions are decided.

In addition to the above, Peavy objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive.  Peavy further objects to this request on the grounds that the phrase "affecting the ability of the SIEGEL HEIRS to negotiate or enter into agreements" is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response. Peavy further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope.  Peavy additionally objects to this request to the extent that it seeks the production or identification of any item, or portion thereof, which is protected from disclosure by court order, or any privacy or similar rights of any person or entity. Peavy additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Peavy further objects to the request to the extent that it seeks the production of any item which has already been produced, served, filed, or transmitted in the course of the related actions *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.,* 04-CV-8400 ODW (RZx) and/or *Joanne Siegel, et al. v. Time Warner Inc., et al.,* 04-CV-8766 ODW (RZx) and is therefore already in DC Comics' possession, custody or control.

**Document Request No. 6**

All DOCUMENTS relating to or affecting the disposition, division, or

11

JEAN ADELE PEAVY'S OBJECTIONS TO PLAINTIFF'S REQUESTS FOR PRODUCTION

1 ownership of any rights in SUPERMAN and/or SUPERBOY.

2 **Response to Document Request No. 6**

3     Peavy objects to this request on the ground that the underlying complaint is

4 subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a

5 motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. §

6 425.16, that could dispose of the entire case and/or greatly narrow the issues.

7 Accordingly, any discovery should be stayed in this action and no documents should

8 be produced until these dispositive motions are decided. The issue of whether

9 discovery should be so stayed will be addressed in connection with the parties'

10 pending motions for protective order, which are set to be heard by the Court on

11 September 20, 2010. Following the Court's rulings on these motions, counsel for

12 defendants will promptly meet and confer with counsel for plaintiff regarding

13 whether documents will be produced prior to the resolution of the motions to dismiss

14 pursuant to FRCP 12(b)(6) and (f) and the motion brought pursuant to California's

15 anti-SLAPP statute. Peavy further objects to this request on the ground that a motion

16 for entry of judgment pursuant to FRCP 54(b) has been filed in the closely related

17 action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-

18 CV-8400. The motion is set to be heard on September 27, 2010. If this motion is

19 granted, such judgment will have collateral estoppel effect on DC, and thereby

20 substantially narrow the duplicative issues raised in the present action. Accordingly,

21 any discovery should be stayed in this action and no documents should be produced

22 until these dispositive motions are decided.

23     In addition to the above, Peavy objects to this request on the grounds that it is

24 compound, duplicative, overbroad, burdensome and oppressive. Peavy further

25 objects to this request on the grounds that the phrase "affecting the disposition,

26 division, or ownership of" is vague and ambiguous, and lacks sufficient precision to

27 allow her to formulate an appropriate response. Peavy further objects to this request

28 on the grounds that it is indefinite as to time and not reasonably limited in scope.

12

JEAN ADELE PEAVY'S OBJECTIONS TO PLAINTIFF'S REQUESTS FOR PRODUCTION

1  Peavy additionally objects to this request to the extent that it seeks the production or

2  identification of any item, or portion thereof, which is protected from disclosure by

3  court order, or any privacy or similar rights of any person or entity.  Peavy

4  additionally objects to this request to the extent that it seeks communications or items

5  protected by the attorney-client privilege, the attorney work product doctrine and any

6  other privilege or immunity available under law or arising from contractual

7  obligation.  Peavy further objects to the request to the extent that it seeks the

8  production of any item which has already been produced, served, filed, or transmitted

9  in the course of the related actions *Joanne Siegel, et al. v. Warner Bros.*

10  *Entertainment Inc., et al.,* 04-CV-8400 ODW (RZx) and/or *Joanne Siegel, et al. v.*

11  *Time Warner Inc., et al.,* 04-CV-8766 ODW (RZx) and is therefore already in DC

12  Comics' possession, custody or control.

13  **Document Request No. 7**

14      All DOCUMENTS relating to or affecting the division of revenue, proceeds, or

15  other profits regarding SUPERMAN and/or SUPERBOY.

16  **Response to Document Request No. 7**

17      Peavy objects to this request on the ground that the underlying complaint is

18  subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a

19  motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. §

20  425.16, that could dispose of the entire case and/or greatly narrow the issues.

21  Accordingly, any discovery should be stayed in this action and no documents should

22  be produced until these dispositive motions are decided.  The issue of whether

23  discovery should be so stayed will be addressed in connection with the parties'

24  pending motions for protective order, which are set to be heard by the Court on

25  September 20, 2010.  Following the Court's rulings on these motions, counsel for

26  defendants will promptly meet and confer with counsel for plaintiff regarding

27  whether documents will be produced prior to the resolution of the motions to dismiss

28  pursuant to FRCP 12(b)(6) and (f) and the motion brought pursuant to California's

anti-SLAPP statute.  Peavy further objects to this request on the ground that a motion for entry of judgment pursuant to FRCP 54(b) has been filed in the closely related action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-CV-8400.  The motion is set to be heard on September 27, 2010.  If this motion is granted, such judgment will have collateral estoppel effect on DC, and thereby substantially narrow the duplicative issues raised in the present action.  Accordingly, any discovery should be stayed in this action and no documents should be produced until these dispositive motions are decided.

In addition to the above, Peavy objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive.  Peavy further objects to this request on the grounds that the phrase "affecting the division of" is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response.   Peavy further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope.  Peavy additionally objects to this request to the extent that it seeks the production or identification of any item, or portion thereof, which is protected from disclosure by court order, or any privacy or similar rights of any person or entity.  Peavy additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Peavy further objects to the request to the extent that it seeks the production of any item which has already been produced, served, filed, or transmitted in the course of the related actions *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, 04-CV-8400 ODW (RZx) and/or *Joanne Siegel, et al. v. Time Warner Inc., et al.*, 04-CV-8766 ODW (RZx) and is therefore already in DC Comics' possession, custody or control.

**Document Request No. 8**

All DOCUMENTS relating to or affecting the division of any settlement proceeds regarding SUPERMAN and/or SUPERBOY.

JEAN ADELE PEAVY'S OBJECTIONS TO PLAINTIFF'S REQUESTS FOR PRODUCTION

**Response to Document Request No. 8**

Peavy objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. Accordingly, any discovery should be stayed in this action and no documents should be produced until these dispositive motions are decided.  The issue of whether discovery should be so stayed will be addressed in connection with the parties' pending motions for protective order, which are set to be heard by the Court on September 20, 2010.  Following the Court's rulings on these motions, counsel for defendants will promptly meet and confer with counsel for plaintiff regarding whether documents will be produced prior to the resolution of the motions to dismiss pursuant to FRCP 12(b)(6) and (f) and the motion brought pursuant to California's anti-SLAPP statute.  Peavy further objects to this request on the ground that a motion for entry of judgment pursuant to FRCP 54(b) has been filed in the closely related action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-CV-8400.  The motion is set to be heard on September 27, 2010.  If this motion is granted, such judgment will have collateral estoppel effect on DC, and thereby substantially narrow the duplicative issues raised in the present action.  Accordingly, any discovery should be stayed in this action and no documents should be produced until these dispositive motions are decided.

In addition to the above, Peavy objects to this request on the grounds that it is compound, duplicative, overbroad, burdensome and oppressive.  Peavy further objects to this request on the grounds that the phrase "affecting the division of" is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response.   Peavy further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope.  Peavy additionally objects to this request to the extent that it seeks the production or identification of any item,

JEAN ADELE PEAVY'S OBJECTIONS TO PLAINTIFF'S REQUESTS FOR PRODUCTION

1   or portion thereof, which is protected from disclosure by court order, or any privacy

2   or similar rights of any person or entity.  Peavy additionally objects to this request to

3   the extent that it seeks communications or items protected by the attorney-client

4   privilege, the attorney work product doctrine and any other privilege or immunity

5   available under law or arising from contractual obligation.  Peavy further objects to

6   the request to the extent that it seeks the production of any item which has already

7   been produced, served, filed, or transmitted in the course of the related actions

8   *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.,* 04-CV-8400 ODW

9   (RZx) and/or *Joanne Siegel, et al. v. Time Warner Inc., et al.,* 04-CV-8766 ODW

10  (RZx) and is therefore already in DC Comics' possession, custody or control.

11  **Document Request No. 9**

12       All DOCUMENTS relating to the potential sale, assignment, license, or other

13  disposition of any rights relating to SUPERMAN and/or SUPERBOY, including but

14  not limited to any solicitation, offer, option, or proposed agreement.

15  **Response to Document Request No. 9**

16       Peavy objects to this request on the ground that the underlying complaint is

17  subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a

18  motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. §

19  425.16, that could dispose of the entire case and/or greatly narrow the issues.

20  Accordingly, any discovery should be stayed in this action and no documents should

21  be produced until these dispositive motions are decided.  The issue of whether

22  discovery should be so stayed will be addressed in connection with the parties'

23  pending motions for protective order, which are set to be heard by the Court on

24  September 20, 2010.  Following the Court's rulings on these motions, counsel for

25  defendants will promptly meet and confer with counsel for plaintiff regarding

26  whether documents will be produced prior to the resolution of the motions to dismiss

27  pursuant to FRCP 12(b)(6) and (f) and the motion brought pursuant to California's

28  anti-SLAPP statute.  Peavy further objects to this request on the ground that a motion

for entry of judgment pursuant to FRCP 54(b) has been filed in the closely related action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-CV-8400. The motion is set to be heard on September 27, 2010. If this motion is granted, such judgment will have collateral estoppel effect on DC, and thereby substantially narrow the duplicative issues raised in the present action. Accordingly, any discovery should be stayed in this action and no documents should be produced until these dispositive motions are decided.

In addition to the above, Peavy objects to this request on the grounds that it is compound, duplicative, overbroad, burdensome and oppressive. Peavy further objects to this request on the grounds that the request is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response. Peavy further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Peavy additionally objects to this request to the extent that it seeks the production or identification of any item, or portion thereof, which is protected from disclosure by court order, or any privacy or similar rights of any person or entity. Peavy additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Peavy further objects to the request to the extent that it seeks the production of any item which has already been produced, served, filed, or transmitted in the course of the related actions *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.,* 04-CV-8400 ODW (RZx) and/or *Joanne Siegel, et al. v. Time Warner Inc., et al.,* 04-CV-8766 ODW (RZx) and is therefore already in DC Comics' possession, custody or control.

**Document Request No. 10**

All DOCUMENTS relating to the valuation of any past, current, or potential ownership interest in SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 10**

Peavy objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. Accordingly, any discovery should be stayed in this action and no documents should be produced until these dispositive motions are decided.  The issue of whether discovery should be so stayed will be addressed in connection with the parties' pending motions for protective order, which are set to be heard by the Court on September 20, 2010.  Following the Court's rulings on these motions, counsel for defendants will promptly meet and confer with counsel for plaintiff regarding whether documents will be produced prior to the resolution of the motions to dismiss pursuant to FRCP 12(b)(6) and (f) and the motion brought pursuant to California's anti-SLAPP statute.  Peavy further objects to this request on the ground that a motion for entry of judgment pursuant to FRCP 54(b) has been filed in the closely related action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-CV-8400.  The motion is set to be heard on September 27, 2010.  If this motion is granted, such judgment will have collateral estoppel effect on DC, and thereby substantially narrow the duplicative issues raised in the present action.  Accordingly, any discovery should be stayed in this action and no documents should be produced until these dispositive motions are decided.

In addition to the above, Peavy objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive.  Peavy further objects to this request on the grounds that the phrase "valuation of any past, current, or potential ownership interest in SUPERMAN and/or SUPERBOY" is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response. Peavy further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope.  Peavy additionally objects to this request to the

extent that it seeks the production or identification of any item, or portion thereof, which is protected from disclosure by court order, or any privacy or similar rights of any person or entity.  Peavy additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Peavy further objects to the request to the extent that it seeks the production of any item which has already been produced, served, filed, or transmitted in the course of the related actions *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.,* 04-CV-8400 ODW (RZx) and/or *Joanne Siegel, et al. v. Time Warner Inc., et al.,* 04-CV-8766 ODW (RZx) and is therefore already in DC Comics' possession, custody or control.

**Document Request No. 11**

All DOCUMENTS relating to the introduction of YOU or the SHUSTER HEIRS to any DEFENDANT.

**Response to Document Request No. 11**

Peavy objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. Accordingly, any discovery should be stayed in this action and no documents should be produced until these dispositive motions are decided.  The issue of whether discovery should be so stayed will be addressed in connection with the parties' pending motions for protective order, which are set to be heard by the Court on September 20, 2010.  Following the Court's rulings on these motions, counsel for defendants will promptly meet and confer with counsel for plaintiff regarding whether documents will be produced prior to the resolution of the motions to dismiss pursuant to FRCP 12(b)(6) and (f) and the motion brought pursuant to California's anti-SLAPP statute.  Peavy further objects to this request on the ground that a motion

19

JEAN ADELE PEAVY'S OBJECTIONS TO PLAINTIFF'S REQUESTS FOR PRODUCTION

for entry of judgment pursuant to FRCP 54(b) has been filed in the closely related action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-CV-8400.  The motion is set to be heard on September 27, 2010.  If this motion is granted, such judgment will have collateral estoppel effect on DC, and thereby substantially narrow the duplicative issues raised in the present action.  Accordingly, any discovery should be stayed in this action and no documents should be produced until these dispositive motions are decided.

In addition to the above, Peavy objects to this request on the grounds that it is duplicative, overbroad, burdensome and oppressive.  Peavy further objects to this request on the grounds that the phrase "introduction of YOU or the SHUSTER HEIRS to any DEFENDANT" is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response.   Peavy further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope.  Peavy additionally objects to this request to the extent that it seeks the production or identification of any item, or portion thereof, which is protected from disclosure by court order, or any privacy or similar rights of any person or entity. Peavy additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Peavy further objects to the request to the extent that it seeks the production of any item which has already been produced, served, filed, or transmitted in the course of the related actions *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.,* 04-CV-8400 ODW (RZx) and/or *Joanne Siegel, et al. v. Time Warner Inc., et al.,* 04-CV-8766 ODW (RZx) and is therefore already in DC Comics' possession, custody or control.

**Document Request No. 12**

All DOCUMENTS relating to the introduction of the SIEGEL HEIRS to any DEFENDANT.

JEAN ADELE PEAVY'S OBJECTIONS TO PLAINTIFF'S REQUESTS FOR PRODUCTION

**Response to Document Request No. 12**

Peavy objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. Accordingly, any discovery should be stayed in this action and no documents should be produced until these dispositive motions are decided.  The issue of whether discovery should be so stayed will be addressed in connection with the parties' pending motions for protective order, which are set to be heard by the Court on September 20, 2010.  Following the Court's rulings on these motions, counsel for defendants will promptly meet and confer with counsel for plaintiff regarding whether documents will be produced prior to the resolution of the motions to dismiss pursuant to FRCP 12(b)(6) and (f) and the motion brought pursuant to California's anti-SLAPP statute.  Peavy further objects to this request on the ground that a motion for entry of judgment pursuant to FRCP 54(b) has been filed in the closely related action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-CV-8400.  The motion is set to be heard on September 27, 2010.  If this motion is granted, such judgment will have collateral estoppel effect on DC, and thereby substantially narrow the duplicative issues raised in the present action.  Accordingly, any discovery should be stayed in this action and no documents should be produced until these dispositive motions are decided.

In addition to the above, Peavy objects to this request on the grounds that it is duplicative, overbroad, burdensome and oppressive.  Peavy further objects to this request on the grounds that the phrase "introduction of the SIEGEL HEIRS to any DEFENDANT" is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response. Peavy further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope.  Peavy additionally objects to this request to the extent that it seeks the production or

identification of any item, or portion thereof, which is protected from disclosure by court order, or any privacy or similar rights of any person or entity.  Peavy additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Peavy further objects to the request to the extent that it seeks the production of any item which has already been produced, served, filed, or transmitted in the course of the related actions *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, 04-CV-8400 ODW (RZx) and/or *Joanne Siegel, et al. v. Time Warner Inc., et al.*, 04-CV-8766 ODW (RZx) and is therefore already in DC Comics' possession, custody or control.

**Document Request No. 13**

All DOCUMENTS relating to the letter dated August 21, 1992 that YOU sent to Time Warner Inc.

**Response to Document Request No. 13**

Peavy objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. Accordingly, any discovery should be stayed in this action and no documents should be produced until these dispositive motions are decided.  The issue of whether discovery should be so stayed will be addressed in connection with the parties' pending motions for protective order, which are set to be heard by the Court on September 20, 2010.  Following the Court's rulings on these motions, counsel for defendants will promptly meet and confer with counsel for plaintiff regarding whether documents will be produced prior to the resolution of the motions to dismiss pursuant to FRCP 12(b)(6) and (f) and the motion brought pursuant to California's anti-SLAPP statute.  Peavy further objects to this request on the ground that a motion

22

JEAN ADELE PEAVY'S OBJECTIONS TO PLAINTIFF'S REQUESTS FOR PRODUCTION

1  for entry of judgment pursuant to FRCP 54(b) has been filed in the closely related

2  action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-

3  CV-8400.  The motion is set to be heard on September 27, 2010.  If this motion is

4  granted, such judgment will have collateral estoppel effect on DC, and thereby

5  substantially narrow the duplicative issues raised in the present action.  Accordingly,

6  any discovery should be stayed in this action and no documents should be produced

7  until these dispositive motions are decided.

8  　　In addition to the above, Peavy objects to this request on the grounds that it is

9  overbroad, burdensome and oppressive.  Peavy further objects to this request on the

10  grounds that it is vague and ambiguous, and lacks sufficient precision to allow her to

11  formulate an appropriate response. Peavy further objects to this request on the

12  grounds that it is indefinite as to time and not reasonably limited in scope.  Peavy

13  additionally objects to this request to the extent that it seeks the production or

14  identification of any item, or portion thereof, which is protected from disclosure by

15  court order, or any privacy or similar rights of any person or entity.  Peavy

16  additionally objects to this request to the extent that it seeks communications or items

17  protected by the attorney-client privilege, the attorney work product doctrine and any

18  other privilege or immunity available under law or arising from contractual

19  obligation.  Peavy further objects to the request to the extent that it seeks the

20  production of any item which has already been produced, served, filed, or transmitted

21  in the course of the related actions *Joanne Siegel, et al. v. Warner Bros.*

22  *Entertainment Inc., et al.,* 04-CV-8400 ODW (RZx) and/or *Joanne Siegel, et al. v.*

23  *Time Warner Inc., et al.,* 04-CV-8766 ODW (RZx) and is therefore already in DC

24  Comics' possession, custody or control.

25  **Document Request No. 14**

26  　　All DOCUMENTS relating to the letter dated September 10, 1992 that Frank

27  Shuster sent on YOUR behalf to Paul Levitz of DC Comics.

28

JEAN ADELE PEAVY'S OBJECTIONS TO PLAINTIFF'S REQUESTS FOR PRODUCTION

**Response to Document Request No. 14**

Peavy objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. Accordingly, any discovery should be stayed in this action and no documents should be produced until these dispositive motions are decided.  The issue of whether discovery should be so stayed will be addressed in connection with the parties' pending motions for protective order, which are set to be heard by the Court on September 20, 2010.  Following the Court's rulings on these motions, counsel for defendants will promptly meet and confer with counsel for plaintiff regarding whether documents will be produced prior to the resolution of the motions to dismiss pursuant to FRCP 12(b)(6) and (f) and the motion brought pursuant to California's anti-SLAPP statute.  Peavy further objects to this request on the ground that a motion for entry of judgment pursuant to FRCP 54(b) has been filed in the closely related action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-CV-8400.  The motion is set to be heard on September 27, 2010.  If this motion is granted, such judgment will have collateral estoppel effect on DC, and thereby substantially narrow the duplicative issues raised in the present action.  Accordingly, any discovery should be stayed in this action and no documents should be produced until these dispositive motions are decided.

In addition to the above, Peavy objects to this request on the grounds that it is overbroad, burdensome and oppressive.  Peavy further objects to this request on the grounds that it is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response.  Peavy further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope.  Peavy additionally objects to this request to the extent that it seeks the production or identification of any item, or portion thereof, which is protected from disclosure by

court order, or any privacy or similar rights of any person or entity. Peavy additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Peavy further objects to the request to the extent that it seeks the production of any item which has already been produced, served, filed, or transmitted in the course of the related actions *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.,* 04-CV-8400 ODW (RZx) and/or *Joanne Siegel, et al. v. Time Warner Inc., et al.,* 04-CV-8766 ODW (RZx) and is therefore already in DC Comics' possession, custody or control.

**Document Request No. 15**

All DOCUMENTS relating to the agreement dated August 1, 1992 that YOU entered into with DC Comics.

**Response to Document Request No. 15**

Peavy objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. Accordingly, any discovery should be stayed in this action and no documents should be produced until these dispositive motions are decided. The issue of whether discovery should be so stayed will be addressed in connection with the parties' pending motions for protective order, which are set to be heard by the Court on September 20, 2010. Following the Court's rulings on these motions, counsel for defendants will promptly meet and confer with counsel for plaintiff regarding whether documents will be produced prior to the resolution of the motions to dismiss pursuant to FRCP 12(b)(6) and (f) and the motion brought pursuant to California's anti-SLAPP statute. Peavy further objects to this request on the ground that a motion for entry of judgment pursuant to FRCP 54(b) has been filed in the closely related

JEAN ADELE PEAVY'S OBJECTIONS TO PLAINTIFF'S REQUESTS FOR PRODUCTION

action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-CV-8400.  The motion is set to be heard on September 27, 2010.  If this motion is granted, such judgment will have collateral estoppel effect on DC, and thereby substantially narrow the duplicative issues raised in the present action.  Accordingly, any discovery should be stayed in this action and no documents should be produced until these dispositive motions are decided.

In addition to the above, Peavy objects to this request on the grounds that it is overbroad, burdensome and oppressive.  Peavy further objects to this request on the grounds that it is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response.  Peavy further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope.  Peavy additionally objects to this request to the extent that it seeks the production or identification of any item, or portion thereof, which is protected from disclosure by court order, or any privacy or similar rights of any person or entity.  Peavy additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Peavy further objects to the request to the extent that it seeks the production of any item which has already been produced, served, filed, or transmitted in the course of the related actions *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.,* 04-CV-8400 ODW (RZx) and/or *Joanne Siegel, et al. v. Time Warner Inc., et al.,* 04-CV-8766 ODW (RZx) and is therefore already in DC Comics' possession, custody or control.

**Document Request No. 16**

All DOCUMENTS relating to the letter dated July 10, 1993 that YOU sent to Paul Levitz of DC Comics.

**Response to Document Request No. 16**

Peavy objects to this request on the ground that the underlying complaint is

subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. Accordingly, any discovery should be stayed in this action and no documents should be produced until these dispositive motions are decided. The issue of whether discovery should be so stayed will be addressed in connection with the parties' pending motions for protective order, which are set to be heard by the Court on September 20, 2010. Following the Court's rulings on these motions, counsel for defendants will promptly meet and confer with counsel for plaintiff regarding whether documents will be produced prior to the resolution of the motions to dismiss pursuant to FRCP 12(b)(6) and (f) and the motion brought pursuant to California's anti-SLAPP statute. Peavy further objects to this request on the ground that a motion for entry of judgment pursuant to FRCP 54(b) has been filed in the closely related action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-CV-8400. The motion is set to be heard on September 27, 2010. If this motion is granted, such judgment will have collateral estoppel effect on DC, and thereby substantially narrow the duplicative issues raised in the present action. Accordingly, any discovery should be stayed in this action and no documents should be produced until these dispositive motions are decided.

In addition to the above, Peavy objects to this request on the grounds that it is overbroad, burdensome and oppressive. Peavy further objects to this request on the grounds that it is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response. Peavy further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Peavy additionally objects to this request to the extent that it seeks the production or identification of any item, or portion thereof, which is protected from disclosure by court order, or any privacy or similar rights of any person or entity. Peavy additionally objects to this request to the extent that it seeks communications or items

1  protected by the attorney-client privilege, the attorney work product doctrine and any

2  other privilege or immunity available under law or arising from contractual

3  obligation.  Peavy further objects to the request to the extent that it seeks the

4  production of any item which has already been produced, served, filed, or transmitted

5  in the course of the related actions *Joanne Siegel, et al. v. Warner Bros.*

6  *Entertainment Inc., et al.*, 04-CV-8400 ODW (RZx) and/or *Joanne Siegel, et al. v.*

7  *Time Warner Inc., et al.*, 04-CV-8766 ODW (RZx) and is therefore already in DC

8  Comics' possession, custody or control.

9  **Document Request No. 17**

10      All DOCUMENTS relating to the letter dated September 14, 1993 that YOU

11  sent to Paul Levitz of DC Comics.

12  **Response to Document Request No. 17**

13      Peavy objects to this request on the ground that the underlying complaint is

14  subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a

15  motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. §

16  425.16, that could dispose of the entire case and/or greatly narrow the issues.

17  Accordingly, any discovery should be stayed in this action and no documents should

18  be produced until these dispositive motions are decided.  The issue of whether

19  discovery should be so stayed will be addressed in connection with the parties'

20  pending motions for protective order, which are set to be heard by the Court on

21  September 20, 2010.  Following the Court's rulings on these motions, counsel for

22  defendants will promptly meet and confer with counsel for plaintiff regarding

23  whether documents will be produced prior to the resolution of the motions to dismiss

24  pursuant to FRCP 12(b)(6) and (f) and the motion brought pursuant to California's

25  anti-SLAPP statute.  Peavy further objects to this request on the ground that a motion

26  for entry of judgment pursuant to FRCP 54(b) has been filed in the closely related

27  action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-

28  CV-8400.  The motion is set to be heard on September 27, 2010.  If this motion is

granted, such judgment will have collateral estoppel effect on DC, and thereby substantially narrow the duplicative issues raised in the present action. Accordingly, any discovery should be stayed in this action and no documents should be produced until these dispositive motions are decided.

In addition to the above, Peavy objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive. Peavy further objects to this request on the grounds that it is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response. Peavy further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Peavy additionally objects to this request to the extent that it seeks the production or identification of any item, or portion thereof, which is protected from disclosure by court order, or any privacy or similar rights of any person or entity. Peavy additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Peavy further objects to the request to the extent that it seeks the production of any item which has already been produced, served, filed, or transmitted in the course of the related actions *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.,* 04-CV-8400 ODW (RZx) and/or *Joanne Siegel, et al. v. Time Warner Inc., et al.,* 04-CV-8766 ODW (RZx) and is therefore already in DC Comics' possession, custody or control.

**Document Request No. 18**

All DOCUMENTS relating to the letter dated April 27, 1995 that YOU sent to Paul Levitz of DC Comics.

**Response to Document Request No. 18**

Peavy objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. §

425.16, that could dispose of the entire case and/or greatly narrow the issues. Accordingly, any discovery should be stayed in this action and no documents should be produced until these dispositive motions are decided.  The issue of whether discovery should be so stayed will be addressed in connection with the parties' pending motions for protective order, which are set to be heard by the Court on September 20, 2010.  Following the Court's rulings on these motions, counsel for defendants will promptly meet and confer with counsel for plaintiff regarding whether documents will be produced prior to the resolution of the motions to dismiss pursuant to FRCP 12(b)(6) and (f) and the motion brought pursuant to California's anti-SLAPP statute.  Peavy further objects to this request on the ground that a motion for entry of judgment pursuant to FRCP 54(b) has been filed in the closely related action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-CV-8400.  The motion is set to be heard on September 27, 2010.  If this motion is granted, such judgment will have collateral estoppel effect on DC, and thereby substantially narrow the duplicative issues raised in the present action.  Accordingly, any discovery should be stayed in this action and no documents should be produced until these dispositive motions are decided.

In addition to the above, Peavy objects to this request on the grounds that it is overbroad, burdensome and oppressive.  Peavy further objects to this request on the grounds that it is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response.  Peavy further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope.  Peavy additionally objects to this request to the extent that it seeks the production or identification of any item, or portion thereof, which is protected from disclosure by court order, or any privacy or similar rights of any person or entity.  Peavy additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual

30

JEAN ADELE PEAVY'S OBJECTIONS TO PLAINTIFF'S REQUESTS FOR PRODUCTION

obligation.  Peavy further objects to the request to the extent that it seeks the production of any item which has already been produced, served, filed, or transmitted in the course of the related actions *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.,* 04-CV-8400 ODW (RZx) and/or *Joanne Siegel, et al. v. Time Warner Inc., et al.,* 04-CV-8766 ODW (RZx) and is therefore already in DC Comics' possession, custody or control.

**Document Request No. 19**

All DOCUMENTS relating to the letter agreement dated November 23, 2001 that YOU entered into with DEFENDANT Pacific Pictures Corporation.

**Response to Document Request No. 19**

Peavy objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. Accordingly, any discovery should be stayed in this action and no documents should be produced until these dispositive motions are decided.  The issue of whether discovery should be so stayed will be addressed in connection with the parties' pending motions for protective order, which are set to be heard by the Court on September 20, 2010.  Following the Court's rulings on these motions, counsel for defendants will promptly meet and confer with counsel for plaintiff regarding whether documents will be produced prior to the resolution of the motions to dismiss pursuant to FRCP 12(b)(6) and (f) and the motion brought pursuant to California's anti-SLAPP statute.  Peavy further objects to this request on the ground that a motion for entry of judgment pursuant to FRCP 54(b) has been filed in the closely related action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.,* Case No. 04-CV-8400.  The motion is set to be heard on September 27, 2010.  If this motion is granted, such judgment will have collateral estoppel effect on DC, and thereby substantially narrow the duplicative issues raised in the present action.  Accordingly,

JEAN ADELE PEAVY'S OBJECTIONS TO PLAINTIFF'S REQUESTS FOR PRODUCTION

1  any discovery should be stayed in this action and no documents should be produced

2  until these dispositive motions are decided.

3      In addition to the above, Peavy objects to this request on the grounds that it is

4  overbroad, burdensome and oppressive.  Peavy further objects to this request on the

5  grounds that it is vague and ambiguous, and lacks sufficient precision to allow her to

6  formulate an appropriate response.  Peavy further objects to this request on the

7  grounds that it is indefinite as to time and not reasonably limited in scope.  Peavy

8  additionally objects to this request to the extent that it seeks the production or

9  identification of any item, or portion thereof, which is protected from disclosure by

10  court order, or any privacy or similar rights of any person or entity.  Peavy

11  additionally objects to this request to the extent that it seeks communications or items

12  protected by the attorney-client privilege, the attorney work product doctrine and any

13  other privilege or immunity available under law or arising from contractual

14  obligation.  Peavy further objects to the request to the extent that it seeks the

15  production of any item which has already been produced, served, filed, or transmitted

16  in the course of the related actions *Joanne Siegel, et al. v. Warner Bros.*

17  *Entertainment Inc., et al.,* 04-CV-8400 ODW (RZx) and/or *Joanne Siegel, et al. v.*

18  *Time Warner Inc., et al.,* 04-CV-8766 ODW (RZx) and is therefore already in DC

19  Comics' possession, custody or control.

20  **Document Request No. 20**

21      All DOCUMENTS relating to the letter agreement dated October 27, 2003 that

22  YOU entered into with DEFENDANT Pacific Pictures Corporation.

23  **Response to Document Request No. 20**

24      Peavy objects to this request on the ground that the underlying complaint is

25  subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a

26  motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. §

27  425.16, that could dispose of the entire case and/or greatly narrow the issues.

28  Accordingly, any discovery should be stayed in this action and no documents should

be produced until these dispositive motions are decided.  The issue of whether discovery should be so stayed will be addressed in connection with the parties' pending motions for protective order, which are set to be heard by the Court on September 20, 2010.  Following the Court's rulings on these motions, counsel for defendants will promptly meet and confer with counsel for plaintiff regarding whether documents will be produced prior to the resolution of the motions to dismiss pursuant to FRCP 12(b)(6) and (f) and the motion brought pursuant to California's anti-SLAPP statute.  Peavy further objects to this request on the ground that a motion for entry of judgment pursuant to FRCP 54(b) has been filed in the closely related action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-CV-8400.  The motion is set to be heard on September 27, 2010.  If this motion is granted, such judgment will have collateral estoppel effect on DC, and thereby substantially narrow the duplicative issues raised in the present action.  Accordingly, any discovery should be stayed in this action and no documents should be produced until these dispositive motions are decided.

In addition to the above, Peavy objects to this request on the grounds that it is overbroad, burdensome and oppressive.  Peavy further objects to this request on the grounds that it is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response. Peavy further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope.  Peavy additionally objects to this request to the extent that it seeks the production or identification of any item, or portion thereof, which is protected from disclosure by court order, or any privacy or similar rights of any person or entity.  Peavy additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Peavy further objects to the request to the extent that it seeks the production of any item which has already been produced, served, filed, or transmitted

JEAN ADELE PEAVY'S OBJECTIONS TO PLAINTIFF'S REQUESTS FOR PRODUCTION

1   in the course of the related actions *Joanne Siegel, et al. v. Warner Bros.*

2   *Entertainment Inc., et al.,* 04-CV-8400 ODW (RZx) and/or *Joanne Siegel, et al. v.*

3   *Time Warner Inc., et al.,* 04-CV-8766 ODW (RZx) and is therefore already in DC

4   Comics' possession, custody or control.

5   **Document Request No. 21**

6       All DOCUMENTS relating to the letter dated September 10, 2004 that YOU

7   signed with DEFENDANT Pacific Pictures Corporation.

8   **Response to Document Request No. 21**

9       Peavy objects to this request on the ground that the underlying complaint is

10   subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a

11   motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. §

12   425.16, that could dispose of the entire case and/or greatly narrow the issues.

13   Accordingly, any discovery should be stayed in this action and no documents should

14   be produced until these dispositive motions are decided.  The issue of whether

15   discovery should be so stayed will be addressed in connection with the parties'

16   pending motions for protective order, which are set to be heard by the Court on

17   September 20, 2010.  Following the Court's rulings on these motions, counsel for

18   defendants will promptly meet and confer with counsel for plaintiff regarding

19   whether documents will be produced prior to the resolution of the motions to dismiss

20   pursuant to FRCP 12(b)(6) and (f) and the motion brought pursuant to California's

21   anti-SLAPP statute.  Peavy further objects to this request on the ground that a motion

22   for entry of judgment pursuant to FRCP 54(b) has been filed in the closely related

23   action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-

24   CV-8400.  The motion is set to be heard on September 27, 2010.  If this motion is

25   granted, such judgment will have collateral estoppel effect on DC, and thereby

26   substantially narrow the duplicative issues raised in the present action.  Accordingly,

27   any discovery should be stayed in this action and no documents should be produced

28   until these dispositive motions are decided.

34
JEAN ADELE PEAVY'S OBJECTIONS TO PLAINTIFF'S REQUESTS FOR PRODUCTION

1    In addition to the above, Peavy objects to this request on the grounds that it is

2    overbroad, burdensome and oppressive.  Peavy further objects to this request on the

3    grounds that it is vague and ambiguous, and lacks sufficient precision to allow her to

4    formulate an appropriate response.  Peavy further objects to this request on the

5    grounds that it is indefinite as to time and not reasonably limited in scope.  Peavy

6    additionally objects to this request to the extent that it seeks the production or

7    identification of any item, or portion thereof, which is protected from disclosure by

8    court order, or any privacy or similar rights of any person or entity.  Peavy

9    additionally objects to this request to the extent that it seeks communications or items

10   protected by the attorney-client privilege, the attorney work product doctrine and any

11   other privilege or immunity available under law or arising from contractual

12   obligation.  Peavy further objects to the request to the extent that it seeks the

13   production of any item which has already been produced, served, filed, or transmitted

14   in the course of the related actions *Joanne Siegel, et al. v. Warner Bros.*

15   *Entertainment Inc., et al.,* 04-CV-8400 ODW (RZx) and/or *Joanne Siegel, et al. v.*

16   *Time Warner Inc., et al.,* 04-CV-8766 ODW (RZx) and is therefore already in DC

17   Comics' possession, custody or control.

18   **Document Request No. 22**

19   All DOCUMENTS relating to the Request of Termination of Transfer

20   Covering Extended Copyright Renewal Term of "Superman" served on behalf of the

21   Estate of Joseph Shuster on or around November 10, 2003.

22   **Response to Document Request No. 22**

23   Peavy objects to this request on the ground that the underlying complaint is

24   subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a

25   motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. §

26   425.16, that could dispose of the entire case and/or greatly narrow the issues.

27   Accordingly, any discovery should be stayed in this action and no documents should

28   be produced until these dispositive motions are decided.  The issue of whether

JEAN ADELE PEAVY'S OBJECTIONS TO PLAINTIFF'S REQUESTS FOR PRODUCTION

discovery should be so stayed will be addressed in connection with the parties'
pending motions for protective order, which are set to be heard by the Court on
September 20, 2010.  Following the Court's rulings on these motions, counsel for
defendants will promptly meet and confer with counsel for plaintiff regarding
whether documents will be produced prior to the resolution of the motions to dismiss
pursuant to FRCP 12(b)(6) and (f) and the motion brought pursuant to California's
anti-SLAPP statute.  Peavy further objects to this request on the ground that a motion
for entry of judgment pursuant to FRCP 54(b) has been filed in the closely related
action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-
CV-8400.  The motion is set to be heard on September 27, 2010.  If this motion is
granted, such judgment will have collateral estoppel effect on DC, and thereby
substantially narrow the duplicative issues raised in the present action.  Accordingly,
any discovery should be stayed in this action and no documents should be produced
until these dispositive motions are decided.

In addition to the above, Peavy objects to this request on the grounds that it is
duplicative, overbroad, burdensome and oppressive.  Peavy further objects to this
request on the grounds that it is vague and ambiguous, and lacks sufficient precision
to allow her to formulate an appropriate response.   Peavy further objects to this
request on the grounds that it is indefinite as to time and not reasonably limited in
scope.  Peavy additionally objects to this request to the extent that it seeks the
production or identification of any item, or portion thereof, which is protected from
disclosure by court order, or any privacy or similar rights of any person or entity.
Peavy additionally objects to this request to the extent that it seeks communications
or items protected by the attorney-client privilege, the attorney work product doctrine
and any other privilege or immunity available under law or arising from contractual
obligation.  Peavy further objects to the request to the extent that it seeks the
production of any item which has already been produced, served, filed, or transmitted
in the course of the related actions *Joanne Siegel, et al. v. Warner Bros.*

JEAN ADELE PEAVY'S OBJECTIONS TO PLAINTIFF'S REQUESTS FOR PRODUCTION

1    *Entertainment Inc., et al.,* 04-CV-8400 ODW (RZx) and/or *Joanne Siegel, et al. v.*

2    *Time Warner Inc., et al.,* 04-CV-8766 ODW (RZx) and is therefore already in DC

3    Comics' possession, custody or control.

4

5    DATED:  September 20, 2010      TOBEROFF & ASSOCIATES, P.C.

6

7    By _____
                        Marc Toberoff

8    Attorneys for Defendants Mark Warren Peary,
     as personal representative of the Estate of
9    Joseph Shuster, Jean Adele Peavy, Joanne
     Siegel and Laura Siegel Larson

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is: 2049 Century Park East, Suite 2720, Los Angeles, California 90067.

On September 20, 2010, I served the attached documents described as

**DEFENDANT JEAN ADELE PEAVY'S RESPONSE AND OBJECTIONS TO PLAINTIFF DC COMICS' NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION OF DOCUMENTS**

**DEFENDANT MARK WARREN PEARY'S, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF JOSEPH SHUSTER, RESPONSE AND OBJECTIONS TO PLAINTIFF DC COMICS' NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION OF DOCUMENTS**

**DEFENDANT LAURA SIEGEL LARSON'S RESPONSE AND OBJECTIONS TO PLAINTIFF DC COMICS' NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION OF DOCUMENTS**

**DEFENDANT JOAANE SIEGEL'S RESPONSE AND OBJECTIONS TO PLAINTIFF DC COMICS' NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION OF DOCUMENTS**

as follows:

[X]   :BY MAIL:

As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit. I placed _____ the original _X_ a true copy thereof enclosed in sealed envelope(s) addressed as follows:

Daniel M. Petrocelli, Esq.
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067

[X]   :(FEDERAL) – I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED on September 20, 2010, in Los Angeles, California.

_____
Nicholas C. Williamson