# EXHIBIT L

1 | Marc Toberoff (State Bar No. 188547)
Nicholas C. Williamson (State Bar No. 231124)
2 | Keith G. Adams (State Bar No. 240497)
TOBEROFF & ASSOCIATES, P.C.
3 | 2049 Century Park East, Suite 2720
Los Angeles, California, 90067
4 | Telephone:  (310) 246-3333
Fax:          (310) 246-3101
5 | MToberoff@ipwla.com

6 | Attorneys for Mark Warren Peary,
as personal representative of the
7 | Estate of Joseph Shuster, Jean Adele
Peavy, Joanne Siegel and Laura Siegel
8 | Larson

9

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| DC COMICS, | Case No: CV 10-03633 ODW (RZx) |
| Plaintiff, | |
| vs. | Hon. Otis D. Wright II, U.S.D.J. |
| | **DEFENDANT MARK WARREN PEARY'S, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF JOSEPH SHUSTER, RESPONSE AND OBJECTIONS TO PLAINTIFF DC COMICS' NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION OF DOCUMENTS** |
| PACIFIC PICTURES CORPORATION; IP WORLDWIDE, LLC; IPW, LLC; MARC TOBEROFF, an individual; MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER; JEAN ADELE PEAVY, an individual, JOANNE SIEGEL, an individual; LAURA SIEGEL LARSON, an individual, and DOES 1-10, inclusive, | |
| | Complaint Filed:  May 14, 2010 |
| | Trial Date:  None Set |
| Defendants. | |

MARK WARREN PEARY'S OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT L
266

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

Mark Warren Peary, as personal representative of the Estate of Joseph Shuster ("Peary"), pursuant to the provisions of Rule 34(b)(2) of the Federal Rules of Civil Procedure, makes the following objections to Plaintiff DC Comics' Notice of Deposition of Defendant Mark Warren Peary and Request for Production of Documents ("Request") that was served on August 17, 2010 by plaintiff DC Comics ("Plaintiff"):

## I.

## <u>OBJECTIONS TO THE ENTIRE REQUEST</u>

Peary objects to the entire Request on each of the following grounds and incorporates by reference each of the following objections into his response to each individual category of documents within it:

1.      Peary objects to the Request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16 that could dispose of the entire case and/or greatly narrow the issues. Accordingly, any discovery should be stayed in this action and documents should not be produced until these dispositive motions are decided.   The issue of whether discovery should be so stayed will be addressed in connection with the parties' pending motions for protective order, which are set to be heard by the Court on September 20, 2010.  Following the Court's rulings on these discovery motions, counsel for defendants will promptly meet and confer with counsel for plaintiff regarding whether documents will be produced prior to the resolution of the motions to dismiss pursuant to FRCP 12(b)(6) and (f) and the motion brought pursuant to California's anti-SLAPP statute.

2.      Peary objects to the Request on the ground that a motion for entry of judgment pursuant to FRCP 54(b) has been filed in the closely related action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-CV-8400.  The

motion is set to be heard on September 27, 2010.  If this motion is granted, such judgment will have collateral estoppel effect on DC, and thereby substantially narrow the duplicative issues raised in the present action.  Accordingly, any discovery should be stayed and documents should not be produced until the Rule 54(b) motion is decided.

3.    Peary objects to the Request to the extent that it seeks the production of any item, or portion thereof, comprising or reflecting information transmitted and maintained in confidence between Peary or any person or entity acting on his behalf and his counsel for the purpose of obtaining legal advice or representation, on the grounds that such information is protected from disclosure by the attorney-client privilege and the joint-interest privilege.  Such documents will not be produced in response to the request, and any inadvertent production thereof shall not be deemed a waiver of any privilege or doctrine with respect to such documents.

4.    Peary objects to the Request to the extent that it seeks the production of any item, or portion thereof, comprising or reflecting information with any confidential impression, conclusion, opinion, legal research, or legal theory of counsel for Peary or any other person or entity, on the grounds that such information is protected from disclosure by the attorney work product doctrine.  Such documents will not be produced in response to the request, and any inadvertent production thereof shall not be deemed a waiver of any privilege or doctrine with respect to such documents.

5.    As the parties are in the process of negotiating a stipulation regarding the parties' logging of post-litigation communications, Peary will not be serving any privilege logs until these negotiations are concluded. All privileges and immunities provided by law are expressly reserved.

6.    Peary objects to the Request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence, on the grounds that it exceeds the

MARK WARREN PEARY'S OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT L
268

permissible scope of discovery delimited by Rule 26(b)(1) of the Federal Rules of Civil Procedure.

7.      Peary objects to the Request to the extent that it seeks the production of any item, or portion thereof, comprising or reflecting any trade secret or other confidential or proprietary information of Peary or any other person or entity.

8.      Peary objects to the Request to the extent that it seeks the production of any item, or portion thereof, which is protected from disclosure by court order, or any privacy or similar rights of any person or entity.

9.      Peary objects to the Request's document requests to the extent they are unduly burdensome, overly broad, impose extreme hardship or would result in the expenditure of unnecessary time and resources.

10.     Peary objects to the Request to the extent it is overbroad and therefore unduly burdensome, oppressive and harassing.

11.     Peary objects to the document requests contained in the Request to the extent the expense of producing documents outweighs the likely benefit of discovery provided to Plaintiff.

12.     Peary objects to the Request to the extent that it seeks the production of duplicative identical items, or documents or information already in Plaintiff's possession, or by reason of public filing, publication or otherwise are readily accessible to Plaintiff through other means.

13.     Peary objects to the Request to the extent that it seeks the production of any item which has been served, filed, or transmitted in the course of this action, on the grounds that such production would be burdensome, oppressive, and unnecessary.

14.     Peary objects to the Request to the extent that it seeks the production of any item which has already been produced, served, filed, or transmitted in the course of the related action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-CV-8400 ODW (RZx), on the grounds that such production would be duplicative, burdensome, oppressive, and unnecessary.

3
MARK WARREN PEARY'S OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT L
269

15.     Peary objects to the Request to the extent that it seeks the production of any item which has already been produced, served, filed, or transmitted in the course of the related action *Joanne Siegel, et al. v. Time Warner Inc., et al.,* Case No. 04-CV-8766 ODW (RZx), on the grounds that such production would be duplicative, burdensome, oppressive, and unnecessary.

16.     Peary objects to the Request and each document category therein to the extent that it seeks the production of any item or document that is not the property of Peary.  Peary will not produce any items or documents that are the property of any other person or entity.

17.     Peary reserves the right to revise, amend, supplement or clarify any of the objections set forth herein.

## II.

## DOCUMENTS TO BE PRODUCED

## SPECIFIC RESPONSES TO INDIVIDUAL REQUESTS

**Document Request No. 1**

All agreements between or among YOU and any DEFENDANT regarding the SHUSTER HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 1**

Peary objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. Accordingly, any discovery should be stayed in this action and no documents should be produced until these dispositive motions are decided.  The issue of whether discovery should be so stayed will be addressed in connection with the parties' pending motions for protective order, which are set to be heard by the Court on September 20, 2010.  Following the Court's rulings on these motions, counsel for defendants will promptly meet and confer with counsel for plaintiff regarding

4
MARK WARREN PEARY'S OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT L
270

1   whether documents will be produced prior to the resolution of the motions to dismiss

2   pursuant to FRCP 12(b)(6) and (f) and the motion brought pursuant to California's

3   anti-SLAPP statute.  Peary further objects to this request on the ground that a motion

4   for entry of judgment pursuant to FRCP 54(b) has been filed in the closely related

5   action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-

6   CV-8400.  The motion is set to be heard on September 27, 2010.  If this motion is

7   granted, such judgment will have collateral estoppel effect on DC, and thereby

8   substantially narrow the duplicative issues raised in the present action.  Accordingly,

9   any discovery should be stayed in this action and no documents should be produced

10  until these dispositive motions are decided.

11      In addition to the above, Peary objects to this request on the grounds that it is

12  compound, overbroad, burdensome and oppressive. Peary objects to this request on

13  the grounds that the phrase "purported rights" is vague and ambiguous, and lacks

14  sufficient precision to allow him to formulate an appropriate response.  Peary further

15  objects to this request on the grounds that it is indefinite as to time and not

16  reasonably limited in scope.  Peary additionally objects to this request to the extent

17  that it seeks the production or identification of any item, or portion thereof, which is

18  protected from disclosure by court order, or any privacy or similar rights of any

19  person or entity.  Peary additionally objects to this request to the extent that it seeks

20  communications or items protected by the attorney-client privilege, the attorney work

21  product doctrine and any other privilege or immunity available under law or arising

22  from contractual obligation.  Peary further objects to the request to the extent that it

23  seeks the production of any item which has already been produced, served, filed, or

24  transmitted in the course of the related actions *Joanne Siegel, et al. v. Warner Bros.*

25  *Entertainment Inc., et al.,* 04-CV-8400 ODW (RZx) and/or *Joanne Siegel, et al. v.*

26  *Time Warner Inc., et al.,* 04-CV-8766 ODW (RZx) and is therefore already in DC

27  Comics' possession, custody or control.

28

MARK WARREN PEARY'S OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT L
271

**Document Request No. 2**

All agreements between or among YOU and any DEFENDANT regarding the SIEGEL HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 2**

Peary objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. Accordingly, any discovery should be stayed in this action and no documents should be produced until these dispositive motions are decided. The issue of whether discovery should be so stayed will be addressed in connection with the parties' pending motions for protective order, which are set to be heard by the Court on September 20, 2010. Following the Court's rulings on these motions, counsel for defendants will promptly meet and confer with counsel for plaintiff regarding whether documents will be produced prior to the resolution of the motions to dismiss pursuant to FRCP 12(b)(6) and (f) and the motion brought pursuant to California's anti-SLAPP statute. Peary further objects to this request on the ground that a motion for entry of judgment pursuant to FRCP 54(b) has been filed in the closely related action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-CV-8400. The motion is set to be heard on September 27, 2010. If this motion is granted, such judgment will have collateral estoppel effect on DC, and thereby substantially narrow the duplicative issues raised in the present action. Accordingly, any discovery should be stayed in this action and no documents should be produced until these dispositive motions are decided.

In addition to the above, Peary objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive. Peary objects to this request on the grounds that the phrase "purported rights" is vague and ambiguous, and lacks sufficient precision to allow him to formulate an appropriate response. Peary further

MARK WARREN PEARY'S OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT L
272

1  objects to this request on the grounds that it is indefinite as to time and not

2  reasonably limited in scope. Peary additionally objects to this request to the extent

3  that it seeks the production or identification of any item, or portion thereof, which is

4  protected from disclosure by court order, or any privacy or similar rights of any

5  person or entity. Peary additionally objects to this request to the extent that it seeks

6  communications or items protected by the attorney-client privilege, the attorney work

7  product doctrine and any other privilege or immunity available under law or arising

8  from contractual obligation. Peary further objects to the request to the extent that it

9  seeks the production of any item which has already been produced, served, filed, or

10 transmitted in the course of the related actions *Joanne Siegel, et al. v. Warner Bros.*

11 *Entertainment Inc., et al.,* 04-CV-8400 ODW (RZx) and/or *Joanne Siegel, et al. v.*

12 *Time Warner Inc., et al.,* 04-CV-8766 ODW (RZx) and is therefore already in DC

13 Comics' possession, custody or control.

14 **Document Request No. 3**

15     All agreements between or among SHUSTER and SIEGEL regarding any

16 purported rights in SUPERMAN and/or SUPERBOY.

17 **Response to Document Request No. 3**

18     Peary objects to this request on the ground that the underlying complaint is

19 subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a

20 motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. §

21 425.16, that could dispose of the entire case and/or greatly narrow the issues.

22 Accordingly, any discovery should be stayed in this action and no documents should

23 be produced until these dispositive motions are decided. The issue of whether

24 discovery should be so stayed will be addressed in connection with the parties'

25 pending motions for protective order, which are set to be heard by the Court on

26 September 20, 2010. Following the Court's rulings on these motions, counsel for

27 defendants will promptly meet and confer with counsel for plaintiff regarding

28 whether documents will be produced prior to the resolution of the motions to dismiss

7
MARK WARREN PEARY'S OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT L
273

1  pursuant to FRCP 12(b)(6) and (f) and the motion brought pursuant to California's

2  anti-SLAPP statute.  Peary further objects to this request on the ground that a motion

3  for entry of judgment pursuant to FRCP 54(b) has been filed in the closely related

4  action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-

5  CV-8400.  The motion is set to be heard on September 27, 2010.  If this motion is

6  granted, such judgment will have collateral estoppel effect on DC, and thereby

7  substantially narrow the duplicative issues raised in the present action.  Accordingly,

8  any discovery should be stayed in this action and no documents should be produced

9  until these dispositive motions are decided.

10  In addition to the above, Peary objects to this request on the grounds that it is

11  compound, overbroad, burdensome and oppressive.  Peary objects to this request on

12  the grounds that the phrase "purported rights" is vague and ambiguous, and lacks

13  sufficient precision to allow him to formulate an appropriate response.  Peary further

14  objects to this request on the grounds that it is indefinite as to time and not

15  reasonably limited in scope.  Peary additionally objects to this request to the extent

16  that it seeks the production or identification of any item, or portion thereof, which is

17  protected from disclosure by court order, or any privacy or similar rights of any

18  person or entity.  Peary additionally objects to this request to the extent that it seeks

19  communications or items protected by the attorney-client privilege, the attorney work

20  product doctrine and any other privilege or immunity available under law or arising

21  from contractual obligation.  Peary further objects to the request to the extent that it

22  seeks the production of any item which has already been produced, served, filed, or

23  transmitted in the course of the related actions *Joanne Siegel, et al. v. Warner Bros.*

24  *Entertainment Inc., et al.,* 04-CV-8400 ODW (RZx) and/or *Joanne Siegel, et al. v.*

25  *Time Warner Inc., et al.,* 04-CV-8766 ODW (RZx) and is therefore already in DC

26  Comics' possession, custody or control.

27  **Document Request No. 4**

28  All DOCUMENTS relating to or affecting the ability of YOU or the

1 SHUSTER HEIRS to negotiate or enter into agreements regarding SUPERMAN

2 and/or SUPERBOY.

3 **Response to Document Request No. 4**

4   Peary objects to this request on the ground that the underlying complaint is

5 subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a

6 motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. §

7 425.16, that could dispose of the entire case and/or greatly narrow the issues.

8 Accordingly, any discovery should be stayed in this action and no documents should

9 be produced until these dispositive motions are decided.  The issue of whether

10 discovery should be so stayed will be addressed in connection with the parties'

11 pending motions for protective order, which are set to be heard by the Court on

12 September 20, 2010.  Following the Court's rulings on these motions, counsel for

13 defendants will promptly meet and confer with counsel for plaintiff regarding

14 whether documents will be produced prior to the resolution of the motions to dismiss

15 pursuant to FRCP 12(b)(6) and (f) and the motion brought pursuant to California's

16 anti-SLAPP statute.  Peary further objects to this request on the ground that a motion

17 for entry of judgment pursuant to FRCP 54(b) has been filed in the closely related

18 action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-

19 CV-8400.  The motion is set to be heard on September 27, 2010.  If this motion is

20 granted, such judgment will have collateral estoppel effect on DC, and thereby

21 substantially narrow the duplicative issues raised in the present action.  Accordingly,

22 any discovery should be stayed in this action and no documents should be produced

23 until these dispositive motions are decided.

24   In addition to the above, Peary objects to this request on the grounds that it is

25 compound, overbroad, burdensome and oppressive.  Peary further objects to this

26 request on the grounds that the phrase "affecting the ability of YOU or the

27 SHUSTER HEIRS to negotiate or enter into agreements regarding SUPERMAN

28 and/or SUPERBOY" is vague and ambiguous, and lacks sufficient precision to allow

him to formulate an appropriate response. Peary further objects to this request on the
grounds that it is indefinite as to time and not reasonably limited in scope.  Peary
additionally objects to this request to the extent that it seeks the production or
identification of any item, or portion thereof, which is protected from disclosure by
court order, or any privacy or similar rights of any person or entity.  Peary
additionally objects to this request to the extent that it seeks communications or items
protected by the attorney-client privilege, the attorney work product doctrine and any
other privilege or immunity available under law or arising from contractual
obligation.  Peary further objects to the request to the extent that it seeks the
production of any item which has already been produced, served, filed, or transmitted
in the course of the related actions *Joanne Siegel, et al. v. Warner Bros.
Entertainment Inc., et al.,* 04-CV-8400 ODW (RZx) and/or *Joanne Siegel, et al. v.
Time Warner Inc., et al.,* 04-CV-8766 ODW (RZx) and is therefore already in DC
Comics' possession, custody or control.

**Document Request No. 5**

All DOCUMENTS relating to or affecting the ability of the SIEGEL HEIRS to
negotiate or enter into agreements regarding SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 5**

Peary objects to this request on the ground that the underlying complaint is
subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a
motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. §
425.16, that could dispose of the entire case and/or greatly narrow the issues.
Accordingly, any discovery should be stayed in this action and no documents should
be produced until these dispositive motions are decided.  The issue of whether
discovery should be so stayed will be addressed in connection with the parties'
pending motions for protective order, which are set to be heard by the Court on
September 20, 2010.  Following the Court's rulings on these motions, counsel for
defendants will promptly meet and confer with counsel for plaintiff regarding

10
MARK WARREN PEARY'S OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT L
276

1   whether documents will be produced prior to the resolution of the motions to dismiss

2   pursuant to FRCP 12(b)(6) and (f) and the motion brought pursuant to California's

3   anti-SLAPP statute.  Peary further objects to this request on the ground that a motion

4   for entry of judgment pursuant to FRCP 54(b) has been filed in the closely related

5   action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-

6   CV-8400.  The motion is set to be heard on September 27, 2010.  If this motion is

7   granted, such judgment will have collateral estoppel effect on DC, and thereby

8   substantially narrow the duplicative issues raised in the present action.  Accordingly,

9   any discovery should be stayed in this action and no documents should be produced

10  until these dispositive motions are decided.

11      In addition to the above, Peary objects to this request on the grounds that it is

12  compound, overbroad, burdensome and oppressive.  Peary further objects to this

13  request on the grounds that the phrase "affecting the ability of the SIEGEL HEIRS to

14  negotiate or enter into agreements" is vague and ambiguous, and lacks sufficient

15  precision to allow him to formulate an appropriate response. Peary further objects to

16  this request on the grounds that it is indefinite as to time and not reasonably limited

17  in scope.  Peary additionally objects to this request to the extent that it seeks the

18  production or identification of any item, or portion thereof, which is protected from

19  disclosure by court order, or any privacy or similar rights of any person or entity.

20  Peary additionally objects to this request to the extent that it seeks communications or

21  items protected by the attorney-client privilege, the attorney work product doctrine

22  and any other privilege or immunity available under law or arising from contractual

23  obligation.  Peary further objects to the request to the extent that it seeks the

24  production of any item which has already been produced, served, filed, or transmitted

25  in the course of the related actions *Joanne Siegel, et al. v. Warner Bros.*

26  *Entertainment Inc., et al.,* 04-CV-8400 ODW (RZx) and/or *Joanne Siegel, et al. v.*

27  *Time Warner Inc., et al.,* 04-CV-8766 ODW (RZx) and is therefore already in DC

28  Comics' possession, custody or control.

11

**MARK WARREN PEARY'S OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION**

EXHIBIT L
277

**Document Request No. 6**

All DOCUMENTS relating to or affecting the disposition, division, or ownership of any rights in SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 6**

Peary objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. Accordingly, any discovery should be stayed in this action and no documents should be produced until these dispositive motions are decided.  The issue of whether discovery should be so stayed will be addressed in connection with the parties' pending motions for protective order, which are set to be heard by the Court on September 20, 2010.  Following the Court's rulings on these motions, counsel for defendants will promptly meet and confer with counsel for plaintiff regarding whether documents will be produced prior to the resolution of the motions to dismiss pursuant to FRCP 12(b)(6) and (f) and the motion brought pursuant to California's anti-SLAPP statute.  Peary further objects to this request on the ground that a motion for entry of judgment pursuant to FRCP 54(b) has been filed in the closely related action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-CV-8400.  The motion is set to be heard on September 27, 2010.  If this motion is granted, such judgment will have collateral estoppel effect on DC, and thereby substantially narrow the duplicative issues raised in the present action.  Accordingly, any discovery should be stayed in this action and no documents should be produced until these dispositive motions are decided.

In addition to the above, Peary objects to this request on the grounds that it is compound, duplicative, overbroad, burdensome and oppressive.  Peary further objects to this request on the grounds that the phrase "affecting the disposition, division, or ownership of" is vague and ambiguous, and lacks sufficient precision to

MARK WARREN PEARY'S OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT L
278

1  allow him to formulate an appropriate response.   Peary further objects to this request

2  on the grounds that it is indefinite as to time and not reasonably limited in scope.

3  Peary additionally objects to this request to the extent that it seeks the production or

4  identification of any item, or portion thereof, which is protected from disclosure by

5  court order, or any privacy or similar rights of any person or entity.  Peary

6  additionally objects to this request to the extent that it seeks communications or items

7  protected by the attorney-client privilege, the attorney work product doctrine and any

8  other privilege or immunity available under law or arising from contractual

9  obligation.  Peary further objects to the request to the extent that it seeks the

10  production of any item which has already been produced, served, filed, or transmitted

11  in the course of the related actions *Joanne Siegel, et al. v. Warner Bros.*

12  *Entertainment Inc., et al.,* 04-CV-8400 ODW (RZx) and/or *Joanne Siegel, et al. v.*

13  *Time Warner Inc., et al.,* 04-CV-8766 ODW (RZx) and is therefore already in DC

14  Comics' possession, custody or control.

15  **Document Request No. 7**

16      All DOCUMENTS relating to or affecting the division of revenue, proceeds, or

17  other profits regarding SUPERMAN and/or SUPERBOY.

18  **Response to Document Request No. 7**

19      Peary objects to this request on the ground that the underlying complaint is

20  subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a

21  motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. §

22  425.16, that could dispose of the entire case and/or greatly narrow the issues.

23  Accordingly, any discovery should be stayed in this action and no documents should

24  be produced until these dispositive motions are decided.  The issue of whether

25  discovery should be so stayed will be addressed in connection with the parties'

26  pending motions for protective order, which are set to be heard by the Court on

27  September 20, 2010.  Following the Court's rulings on these motions, counsel for

28  defendants will promptly meet and confer with counsel for plaintiff regarding

1  whether documents will be produced prior to the resolution of the motions to dismiss

2  pursuant to FRCP 12(b)(6) and (f) and the motion brought pursuant to California's

3  anti-SLAPP statute.  Peary further objects to this request on the ground that a motion

4  for entry of judgment pursuant to FRCP 54(b) has been filed in the closely related

5  action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-

6  CV-8400.  The motion is set to be heard on September 27, 2010.  If this motion is

7  granted, such judgment will have collateral estoppel effect on DC, and thereby

8  substantially narrow the duplicative issues raised in the present action.  Accordingly,

9  any discovery should be stayed in this action and no documents should be produced

10  until these dispositive motions are decided.

11       In addition to the above, Peary objects to this request on the grounds that it is

12  compound, overbroad, burdensome and oppressive.  Peary further objects to this

13  request on the grounds that the phrase "affecting the division of" is vague and

14  ambiguous, and lacks sufficient precision to allow him to formulate an appropriate

15  response.   Peary further objects to this request on the grounds that it is indefinite as

16  to time and not reasonably limited in scope.  Peary additionally objects to this request

17  to the extent that it seeks the production or identification of any item, or portion

18  thereof, which is protected from disclosure by court order, or any privacy or similar

19  rights of any person or entity.  Peary additionally objects to this request to the extent

20  that it seeks communications or items protected by the attorney-client privilege, the

21  attorney work product doctrine and any other privilege or immunity available under

22  law or arising from contractual obligation.  Peary further objects to the request to the

23  extent that it seeks the production of any item which has already been produced,

24  served, filed, or transmitted in the course of the related actions *Joanne Siegel, et al. v.*

25  *Warner Bros. Entertainment Inc., et al.*, 04-CV-8400 ODW (RZx) and/or *Joanne*

26  *Siegel, et al. v. Time Warner Inc., et al.*, 04-CV-8766 ODW (RZx) and is therefore

27  already in DC Comics' possession, custody or control.

28

MARK WARREN PEARY'S OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT L
280

**Document Request No. 8**

All DOCUMENTS relating to or affecting the division of any settlement proceeds regarding SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 8**

Peary objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. Accordingly, any discovery should be stayed in this action and no documents should be produced until these dispositive motions are decided.  The issue of whether discovery should be so stayed will be addressed in connection with the parties' pending motions for protective order, which are set to be heard by the Court on September 20, 2010.  Following the Court's rulings on these motions, counsel for defendants will promptly meet and confer with counsel for plaintiff regarding whether documents will be produced prior to the resolution of the motions to dismiss pursuant to FRCP 12(b)(6) and (f) and the motion brought pursuant to California's anti-SLAPP statute.  Peary further objects to this request on the ground that a motion for entry of judgment pursuant to FRCP 54(b) has been filed in the closely related action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-CV-8400.  The motion is set to be heard on September 27, 2010.  If this motion is granted, such judgment will have collateral estoppel effect on DC, and thereby substantially narrow the duplicative issues raised in the present action.  Accordingly, any discovery should be stayed in this action and no documents should be produced until these dispositive motions are decided.

In addition to the above, Peary objects to this request on the grounds that it is compound, duplicative, overbroad, burdensome and oppressive.  Peary further objects to this request on the grounds that the phrase "affecting the division of" is vague and ambiguous, and lacks sufficient precision to allow him to formulate an

appropriate response.   Peary further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope.  Peary additionally objects to this request to the extent that it seeks the production or identification of any item, or portion thereof, which is protected from disclosure by court order, or any privacy or similar rights of any person or entity.  Peary additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Peary further objects to the request to the extent that it seeks the production of any item which has already been produced, served, filed, or transmitted in the course of the related actions *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, 04-CV-8400 ODW (RZx) and/or *Joanne Siegel, et al. v. Time Warner Inc., et al.*, 04-CV-8766 ODW (RZx) and is therefore already in DC Comics' possession, custody or control.

**Document Request No. 9**

All DOCUMENTS relating to the potential sale, assignment, license, or other disposition of any rights relating to SUPERMAN and/or SUPERBOY, including but not limited to any solicitation, offer, option, or proposed agreement.

**Response to Document Request No. 9**

Peary objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. Accordingly, any discovery should be stayed in this action and no documents should be produced until these dispositive motions are decided.  The issue of whether discovery should be so stayed will be addressed in connection with the parties' pending motions for protective order, which are set to be heard by the Court on September 20, 2010.  Following the Court's rulings on these motions, counsel for defendants will promptly meet and confer with counsel for plaintiff regarding

whether documents will be produced prior to the resolution of the motions to dismiss pursuant to FRCP 12(b)(6) and (f) and the motion brought pursuant to California's anti-SLAPP statute.  Peary further objects to this request on the ground that a motion for entry of judgment pursuant to FRCP 54(b) has been filed in the closely related action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-CV-8400.  The motion is set to be heard on September 27, 2010.  If this motion is granted, such judgment will have collateral estoppel effect on DC, and thereby substantially narrow the duplicative issues raised in the present action.  Accordingly, any discovery should be stayed in this action and no documents should be produced until these dispositive motions are decided.

In addition to the above, Peary objects to this request on the grounds that it is compound, duplicative, overbroad, burdensome and oppressive.  Peary further objects to this request on the grounds that the request is vague and ambiguous, and lacks sufficient precision to allow him to formulate an appropriate response.   Peary further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope.  Peary additionally objects to this request to the extent that it seeks the production or identification of any item, or portion thereof, which is protected from disclosure by court order, or any privacy or similar rights of any person or entity.  Peary additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Peary further objects to the request to the extent that it seeks the production of any item which has already been produced, served, filed, or transmitted in the course of the related actions *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.,* 04-CV-8400 ODW (RZx) and/or *Joanne Siegel, et al. v. Time Warner Inc., et al.,* 04-CV-8766 ODW (RZx) and is therefore already in DC Comics' possession, custody or control.

MARK WARREN PEARY'S OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION
EXHIBIT L
283

**Document Request No. 10**

All DOCUMENTS relating to the valuation of any past, current, or potential ownership interest in SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 10**

Peary objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. Accordingly, any discovery should be stayed in this action and no documents should be produced until these dispositive motions are decided. The issue of whether discovery should be so stayed will be addressed in connection with the parties' pending motions for protective order, which are set to be heard by the Court on September 20, 2010. Following the Court's rulings on these motions, counsel for defendants will promptly meet and confer with counsel for plaintiff regarding whether documents will be produced prior to the resolution of the motions to dismiss pursuant to FRCP 12(b)(6) and (f) and the motion brought pursuant to California's anti-SLAPP statute. Peary further objects to this request on the ground that a motion for entry of judgment pursuant to FRCP 54(b) has been filed in the closely related action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-CV-8400. The motion is set to be heard on September 27, 2010. If this motion is granted, such judgment will have collateral estoppel effect on DC, and thereby substantially narrow the duplicative issues raised in the present action. Accordingly, any discovery should be stayed in this action and no documents should be produced until these dispositive motions are decided.

In addition to the above, Peary objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive. Peary further objects to this request on the grounds that the phrase "valuation of any past, current, or potential ownership interest in SUPERMAN and/or SUPERBOY" is vague and ambiguous,

MARK WARREN PEARY'S OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT L
284

and lacks sufficient precision to allow her to formulate an appropriate response.
Peary further objects to this request on the grounds that it is indefinite as to time and
not reasonably limited in scope. Peary additionally objects to this request to the
extent that it seeks the production or identification of any item, or portion thereof,
which is protected from disclosure by court order, or any privacy or similar rights of
any person or entity. Peary additionally objects to this request to the extent that it
seeks communications or items protected by the attorney-client privilege, the attorney
work product doctrine and any other privilege or immunity available under law or
arising from contractual obligation. Peary further objects to the request to the extent
that it seeks the production of any item which has already been produced, served,
filed, or transmitted in the course of the related actions *Joanne Siegel, et al. v.*
*Warner Bros. Entertainment Inc., et al.,* 04-CV-8400 ODW (RZx) and/or *Joanne*
*Siegel, et al. v. Time Warner Inc., et al.,* 04-CV-8766 ODW (RZx) and is therefore
already in DC Comics' possession, custody or control.

**Document Request No. 11**

All DOCUMENTS relating to the introduction of YOU or the SHUSTER
HEIRS to any DEFENDANT.

**Response to Document Request No. 11**

Peary objects to this request on the ground that the underlying complaint is
subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a
motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. §
425.16, that could dispose of the entire case and/or greatly narrow the issues.
Accordingly, any discovery should be stayed in this action and no documents should
be produced until these dispositive motions are decided. The issue of whether
discovery should be so stayed will be addressed in connection with the parties'
pending motions for protective order, which are set to be heard by the Court on
September 20, 2010. Following the Court's rulings on these motions, counsel for
defendants will promptly meet and confer with counsel for plaintiff regarding

1  whether documents will be produced prior to the resolution of the motions to dismiss

2  pursuant to FRCP 12(b)(6) and (f) and the motion brought pursuant to California's

3  anti-SLAPP statute.  Peary further objects to this request on the ground that a motion

4  for entry of judgment pursuant to FRCP 54(b) has been filed in the closely related

5  action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-

6  CV-8400.  The motion is set to be heard on September 27, 2010.  If this motion is

7  granted, such judgment will have collateral estoppel effect on DC, and thereby

8  substantially narrow the duplicative issues raised in the present action.  Accordingly,

9  any discovery should be stayed in this action and no documents should be produced

10  until these dispositive motions are decided.

11      In addition to the above, Peary objects to this request on the grounds that it is

12  duplicative, overbroad, burdensome and oppressive.  Peary further objects to this

13  request on the grounds that the phrase "introduction of YOU or the SHUSTER

14  HEIRS to any DEFENDANT" is vague and ambiguous, and lacks sufficient

15  precision to allow him to formulate an appropriate response.   Peary further objects to

16  this request on the grounds that it is indefinite as to time and not reasonably limited

17  in scope.  Peary additionally objects to this request to the extent that it seeks the

18  production or identification of any item, or portion thereof, which is protected from

19  disclosure by court order, or any privacy or similar rights of any person or entity.

20  Peary additionally objects to this request to the extent that it seeks communications or

21  items protected by the attorney-client privilege, the attorney work product doctrine

22  and any other privilege or immunity available under law or arising from contractual

23  obligation.  Peary further objects to the request to the extent that it seeks the

24  production of any item which has already been produced, served, filed, or transmitted

25  in the course of the related actions *Joanne Siegel, et al. v. Warner Bros.*

26  *Entertainment Inc., et al.,* 04-CV-8400 ODW (RZx) and/or *Joanne Siegel, et al. v.*

27  *Time Warner Inc., et al.,* 04-CV-8766 ODW (RZx) and is therefore already in DC

28  Comics' possession, custody or control.

20

MARK WARREN PEARY'S OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT L
286

**Document Request No. 12**

All DOCUMENTS relating to the introduction of the SIEGEL HEIRS to any DEFENDANT.

**Response to Document Request No. 12**

Peary objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. Accordingly, any discovery should be stayed in this action and no documents should be produced until these dispositive motions are decided. The issue of whether discovery should be so stayed will be addressed in connection with the parties' pending motions for protective order, which are set to be heard by the Court on September 20, 2010. Following the Court's rulings on these motions, counsel for defendants will promptly meet and confer with counsel for plaintiff regarding whether documents will be produced prior to the resolution of the motions to dismiss pursuant to FRCP 12(b)(6) and (f) and the motion brought pursuant to California's anti-SLAPP statute. Peary further objects to this request on the ground that a motion for entry of judgment pursuant to FRCP 54(b) has been filed in the closely related action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-CV-8400. The motion is set to be heard on September 27, 2010. If this motion is granted, such judgment will have collateral estoppel effect on DC, and thereby substantially narrow the duplicative issues raised in the present action. Accordingly, any discovery should be stayed in this action and no documents should be produced until these dispositive motions are decided.

In addition to the above, Peary objects to this request on the grounds that it is duplicative, overbroad, burdensome and oppressive. Peary further objects to this request on the grounds that the phrase "introduction of the SIEGEL HEIRS to any DEFENDANT" is vague and ambiguous, and lacks sufficient precision to allow him

MARK WARREN PEARY'S OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT L
287

1  to formulate an appropriate response. Peary further objects to this request on the

2  grounds that it is indefinite as to time and not reasonably limited in scope.  Peary

3  additionally objects to this request to the extent that it seeks the production or

4  identification of any item, or portion thereof, which is protected from disclosure by

5  court order, or any privacy or similar rights of any person or entity.  Peary

6  additionally objects to this request to the extent that it seeks communications or items

7  protected by the attorney-client privilege, the attorney work product doctrine and any

8  other privilege or immunity available under law or arising from contractual

9  obligation.  Peary further objects to the request to the extent that it seeks the

10  production of any item which has already been produced, served, filed, or transmitted

11  in the course of the related actions *Joanne Siegel, et al. v. Warner Bros.*

12  *Entertainment Inc., et al.,* 04-CV-8400 ODW (RZx) and/or *Joanne Siegel, et al. v.*

13  *Time Warner Inc., et al.,* 04-CV-8766 ODW (RZx) and is therefore already in DC

14  Comics' possession, custody or control.

15  **Document Request No. 13**

16       All DOCUMENTS relating to the letter dated August 21, 1992 that YOU sent

17  to Time Warner Inc.

18  **Response to Document Request No. 13**

19       Peary objects to this request on the ground that the underlying complaint is

20  subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a

21  motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. §

22  425.16, that could dispose of the entire case and/or greatly narrow the issues.

23  Accordingly, any discovery should be stayed in this action and no documents should

24  be produced until these dispositive motions are decided.  The issue of whether

25  discovery should be so stayed will be addressed in connection with the parties'

26  pending motions for protective order, which are set to be heard by the Court on

27  September 20, 2010.  Following the Court's rulings on these motions, counsel for

28  defendants will promptly meet and confer with counsel for plaintiff regarding

MARK WARREN PEARY'S OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT L
288

1   whether documents will be produced prior to the resolution of the motions to dismiss

2   pursuant to FRCP 12(b)(6) and (f) and the motion brought pursuant to California's

3   anti-SLAPP statute.  Peary further objects to this request on the ground that a motion

4   for entry of judgment pursuant to FRCP 54(b) has been filed in the closely related

5   action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-

6   CV-8400.  The motion is set to be heard on September 27, 2010.  If this motion is

7   granted, such judgment will have collateral estoppel effect on DC, and thereby

8   substantially narrow the duplicative issues raised in the present action.  Accordingly,

9   any discovery should be stayed in this action and no documents should be produced

10  until these dispositive motions are decided.

11      In addition to the above, Peary objects to this request on the grounds that it is

12  overbroad, burdensome and oppressive.  Peary further objects to this request on the

13  grounds that it is vague and ambiguous, and lacks sufficient precision to allow him to

14  formulate an appropriate response. Peary further objects to this request on the

15  grounds that it is indefinite as to time and not reasonably limited in scope.  Peary

16  additionally objects to this request to the extent that it seeks the production or

17  identification of any item, or portion thereof, which is protected from disclosure by

18  court order, or any privacy or similar rights of any person or entity.  Peary

19  additionally objects to this request to the extent that it seeks communications or items

20  protected by the attorney-client privilege, the attorney work product doctrine and any

21  other privilege or immunity available under law or arising from contractual

22  obligation.  Peary further objects to the request to the extent that it seeks the

23  production of any item which has already been produced, served, filed, or transmitted

24  in the course of the related actions *Joanne Siegel, et al. v. Warner Bros.*

25  *Entertainment Inc., et al.,* 04-CV-8400 ODW (RZx) and/or *Joanne Siegel, et al. v.*

26  *Time Warner Inc., et al.,* 04-CV-8766 ODW (RZx) and is therefore already in DC

27  Comics' possession, custody or control.

28

23
**MARK WARREN PEARY'S OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION**

EXHIBIT L
289

**Document Request No. 14**

All DOCUMENTS relating to the letter dated September 10, 1992 that Frank Shuster sent on YOUR behalf to Paul Levitz of DC Comics.

**Response to Document Request No. 14**

Peary objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. Accordingly, any discovery should be stayed in this action and no documents should be produced until these dispositive motions are decided. The issue of whether discovery should be so stayed will be addressed in connection with the parties' pending motions for protective order, which are set to be heard by the Court on September 20, 2010. Following the Court's rulings on these motions, counsel for defendants will promptly meet and confer with counsel for plaintiff regarding whether documents will be produced prior to the resolution of the motions to dismiss pursuant to FRCP 12(b)(6) and (f) and the motion brought pursuant to California's anti-SLAPP statute. Peary further objects to this request on the ground that a motion for entry of judgment pursuant to FRCP 54(b) has been filed in the closely related action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-CV-8400. The motion is set to be heard on September 27, 2010. If this motion is granted, such judgment will have collateral estoppel effect on DC, and thereby substantially narrow the duplicative issues raised in the present action. Accordingly, any discovery should be stayed in this action and no documents should be produced until these dispositive motions are decided.

In addition to the above, Peary objects to this request on the grounds that it is overbroad, burdensome and oppressive. Peary further objects to this request on the grounds that it is vague and ambiguous, and lacks sufficient precision to allow him to formulate an appropriate response. Peary further objects to this request on the

MARK WARREN PEARY'S OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT L
290

grounds that it is indefinite as to time and not reasonably limited in scope. Peary additionally objects to this request to the extent that it seeks the production or identification of any item, or portion thereof, which is protected from disclosure by court order, or any privacy or similar rights of any person or entity. Peary additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Peary further objects to the request to the extent that it seeks the production of any item which has already been produced, served, filed, or transmitted in the course of the related actions *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.,* 04-CV-8400 ODW (RZx) and/or *Joanne Siegel, et al. v. Time Warner Inc., et al.,* 04-CV-8766 ODW (RZx) and is therefore already in DC Comics' possession, custody or control.

**Document Request No. 15**

All DOCUMENTS relating to the agreement dated August 1, 1992 that YOU entered into with DC Comics.

**Response to Document Request No. 15**

Peary objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. Accordingly, any discovery should be stayed in this action and no documents should be produced until these dispositive motions are decided. The issue of whether discovery should be so stayed will be addressed in connection with the parties' pending motions for protective order, which are set to be heard by the Court on September 20, 2010. Following the Court's rulings on these motions, counsel for defendants will promptly meet and confer with counsel for plaintiff regarding whether documents will be produced prior to the resolution of the motions to dismiss

pursuant to FRCP 12(b)(6) and (f) and the motion brought pursuant to California's anti-SLAPP statute.  Peary further objects to this request on the ground that a motion for entry of judgment pursuant to FRCP 54(b) has been filed in the closely related action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-CV-8400.  The motion is set to be heard on September 27, 2010.  If this motion is granted, such judgment will have collateral estoppel effect on DC, and thereby substantially narrow the duplicative issues raised in the present action.  Accordingly, any discovery should be stayed in this action and no documents should be produced until these dispositive motions are decided.

In addition to the above, Peary objects to this request on the grounds that it is overbroad, burdensome and oppressive.  Peary further objects to this request on the grounds that it is vague and ambiguous, and lacks sufficient precision to allow him to formulate an appropriate response.  Peary further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope.  Peary additionally objects to this request to the extent that it seeks the production or identification of any item, or portion thereof, which is protected from disclosure by court order, or any privacy or similar rights of any person or entity.  Peary additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Peary further objects to the request to the extent that it seeks the production of any item which has already been produced, served, filed, or transmitted in the course of the related actions *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.,* 04-CV-8400 ODW (RZx) and/or *Joanne Siegel, et al. v. Time Warner Inc., et al.,* 04-CV-8766 ODW (RZx) and is therefore already in DC Comics' possession, custody or control.

**Document Request No. 16**

All DOCUMENTS relating to the letter dated July 10, 1993 that YOU sent to

MARK WARREN PEARY'S OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT L
292

1  Paul Levitz of DC Comics.

2  **Response to Document Request No. 16**

3      Peary objects to this request on the ground that the underlying complaint is

4  subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a

5  motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. §

6  425.16, that could dispose of the entire case and/or greatly narrow the issues.

7  Accordingly, any discovery should be stayed in this action and no documents should

8  be produced until these dispositive motions are decided.  The issue of whether

9  discovery should be so stayed will be addressed in connection with the parties'

10 pending motions for protective order, which are set to be heard by the Court on

11 September 20, 2010.  Following the Court's rulings on these motions, counsel for

12 defendants will promptly meet and confer with counsel for plaintiff regarding

13 whether documents will be produced prior to the resolution of the motions to dismiss

14 pursuant to FRCP 12(b)(6) and (f) and the motion brought pursuant to California's

15 anti-SLAPP statute.  Peary further objects to this request on the ground that a motion

16 for entry of judgment pursuant to FRCP 54(b) has been filed in the closely related

17 action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-

18 CV-8400.  The motion is set to be heard on September 27, 2010.  If this motion is

19 granted, such judgment will have collateral estoppel effect on DC, and thereby

20 substantially narrow the duplicative issues raised in the present action.  Accordingly,

21 any discovery should be stayed in this action and no documents should be produced

22 until these dispositive motions are decided.

23     In addition to the above, Peary objects to this request on the grounds that it is

24 overbroad, burdensome and oppressive.  Peary further objects to this request on the

25 grounds that it is vague and ambiguous, and lacks sufficient precision to allow him to

26 formulate an appropriate response.  Peary further objects to this request on the

27 grounds that it is indefinite as to time and not reasonably limited in scope.  Peary

28 additionally objects to this request to the extent that it seeks the production or

identification of any item, or portion thereof, which is protected from disclosure by court order, or any privacy or similar rights of any person or entity.  Peary additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Peary further objects to the request to the extent that it seeks the production of any item which has already been produced, served, filed, or transmitted in the course of the related actions *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, 04-CV-8400 ODW (RZx) and/or *Joanne Siegel, et al. v. Time Warner Inc., et al.*, 04-CV-8766 ODW (RZx) and is therefore already in DC Comics' possession, custody or control.

**Document Request No. 17**

All DOCUMENTS relating to the letter dated September 14, 1993 that YOU sent to Paul Levitz of DC Comics.

**Response to Document Request No. 17**

Peary objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. Accordingly, any discovery should be stayed in this action and no documents should be produced until these dispositive motions are decided.  The issue of whether discovery should be so stayed will be addressed in connection with the parties' pending motions for protective order, which are set to be heard by the Court on September 20, 2010.  Following the Court's rulings on these motions, counsel for defendants will promptly meet and confer with counsel for plaintiff regarding whether documents will be produced prior to the resolution of the motions to dismiss pursuant to FRCP 12(b)(6) and (f) and the motion brought pursuant to California's anti-SLAPP statute.  Peary further objects to this request on the ground that a motion

MARK WARREN PEARY'S OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT L
294

1   for entry of judgment pursuant to FRCP 54(b) has been filed in the closely related

2   action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-

3   CV-8400.  The motion is set to be heard on September 27, 2010.  If this motion is

4   granted, such judgment will have collateral estoppel effect on DC, and thereby

5   substantially narrow the duplicative issues raised in the present action.  Accordingly,

6   any discovery should be stayed in this action and no documents should be produced

7   until these dispositive motions are decided.

8       In addition to the above, Peary objects to this request on the grounds that it is

9   compound, overbroad, burdensome and oppressive.  Peary further objects to this

10  request on the grounds that it is vague and ambiguous, and lacks sufficient precision

11  to allow him to formulate an appropriate response.   Peary further objects to this

12  request on the grounds that it is indefinite as to time and not reasonably limited in

13  scope.  Peary additionally objects to this request to the extent that it seeks the

14  production or identification of any item, or portion thereof, which is protected from

15  disclosure by court order, or any privacy or similar rights of any person or entity.

16  Peary additionally objects to this request to the extent that it seeks communications or

17  items protected by the attorney-client privilege, the attorney work product doctrine

18  and any other privilege or immunity available under law or arising from contractual

19  obligation.  Peary further objects to the request to the extent that it seeks the

20  production of any item which has already been produced, served, filed, or transmitted

21  in the course of the related actions *Joanne Siegel, et al. v. Warner Bros.*

22  *Entertainment Inc., et al.,* 04-CV-8400 ODW (RZx) and/or *Joanne Siegel, et al. v.*

23  *Time Warner Inc., et al.,* 04-CV-8766 ODW (RZx) and is therefore already in DC

24  Comics' possession, custody or control.

25  **Document Request No. 18**

26      All DOCUMENTS relating to the letter dated April 27, 1995 that YOU sent to

27  Paul Levitz of DC Comics.

28

**Response to Document Request No. 18**

Peary objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. Accordingly, any discovery should be stayed in this action and no documents should be produced until these dispositive motions are decided.  The issue of whether discovery should be so stayed will be addressed in connection with the parties' pending motions for protective order, which are set to be heard by the Court on September 20, 2010.  Following the Court's rulings on these motions, counsel for defendants will promptly meet and confer with counsel for plaintiff regarding whether documents will be produced prior to the resolution of the motions to dismiss pursuant to FRCP 12(b)(6) and (f) and the motion brought pursuant to California's anti-SLAPP statute.  Peary further objects to this request on the ground that a motion for entry of judgment pursuant to FRCP 54(b) has been filed in the closely related action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-CV-8400.  The motion is set to be heard on September 27, 2010.  If this motion is granted, such judgment will have collateral estoppel effect on DC, and thereby substantially narrow the duplicative issues raised in the present action.  Accordingly, any discovery should be stayed in this action and no documents should be produced until these dispositive motions are decided.

In addition to the above, Peary objects to this request on the grounds that it is overbroad, burdensome and oppressive.  Peary further objects to this request on the grounds that it is vague and ambiguous, and lacks sufficient precision to allow him to formulate an appropriate response.   Peary further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope.  Peary additionally objects to this request to the extent that it seeks the production or identification of any item, or portion thereof, which is protected from disclosure by

30

MARK WARREN PEARY'S OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT L
296

court order, or any privacy or similar rights of any person or entity. Peary additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Peary further objects to the request to the extent that it seeks the production of any item which has already been produced, served, filed, or transmitted in the course of the related actions *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.,* 04-CV-8400 ODW (RZx) and/or *Joanne Siegel, et al. v. Time Warner Inc., et al.,* 04-CV-8766 ODW (RZx) and is therefore already in DC Comics' possession, custody or control.

**Document Request No. 19**

All DOCUMENTS relating to the letter agreement dated November 23, 2001 that YOU entered into with DEFENDANT Pacific Pictures Corporation.

**Response to Document Request No. 19**

Peary objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. Accordingly, any discovery should be stayed in this action and no documents should be produced until these dispositive motions are decided. The issue of whether discovery should be so stayed will be addressed in connection with the parties' pending motions for protective order, which are set to be heard by the Court on September 20, 2010. Following the Court's rulings on these motions, counsel for defendants will promptly meet and confer with counsel for plaintiff regarding whether documents will be produced prior to the resolution of the motions to dismiss pursuant to FRCP 12(b)(6) and (f) and the motion brought pursuant to California's anti-SLAPP statute. Peary further objects to this request on the ground that a motion for entry of judgment pursuant to FRCP 54(b) has been filed in the closely related

MARK WARREN PEARY'S OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT L
297

action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-CV-8400.  The motion is set to be heard on September 27, 2010.  If this motion is granted, such judgment will have collateral estoppel effect on DC, and thereby substantially narrow the duplicative issues raised in the present action.  Accordingly, any discovery should be stayed in this action and no documents should be produced until these dispositive motions are decided.

In addition to the above, Peary objects to this request on the grounds that it is overbroad, burdensome and oppressive.  Peary further objects to this request on the grounds that it is vague and ambiguous, and lacks sufficient precision to allow him to formulate an appropriate response.  Peary further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope.  Peary additionally objects to this request to the extent that it seeks the production or identification of any item, or portion thereof, which is protected from disclosure by court order, or any privacy or similar rights of any person or entity.  Peary additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Peary further objects to the request to the extent that it seeks the production of any item which has already been produced, served, filed, or transmitted in the course of the related actions *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, 04-CV-8400 ODW (RZx) and/or *Joanne Siegel, et al. v. Time Warner Inc., et al.*, 04-CV-8766 ODW (RZx) and is therefore already in DC Comics' possession, custody or control.

**Document Request No. 20**

All DOCUMENTS relating to the letter agreement dated October 27, 2003 that YOU entered into with DEFENDANT Pacific Pictures Corporation.

**Response to Document Request No. 20**

Peary objects to this request on the ground that the underlying complaint is

1    subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a

2    motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. §

3    425.16, that could dispose of the entire case and/or greatly narrow the issues.

4    Accordingly, any discovery should be stayed in this action and no documents should

5    be produced until these dispositive motions are decided.  The issue of whether

6    discovery should be so stayed will be addressed in connection with the parties'

7    pending motions for protective order, which are set to be heard by the Court on

8    September 20, 2010.  Following the Court's rulings on these motions, counsel for

9    defendants will promptly meet and confer with counsel for plaintiff regarding

10    whether documents will be produced prior to the resolution of the motions to dismiss

11    pursuant to FRCP 12(b)(6) and (f) and the motion brought pursuant to California's

12    anti-SLAPP statute.  Peary further objects to this request on the ground that a motion

13    for entry of judgment pursuant to FRCP 54(b) has been filed in the closely related

14    action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-

15    CV-8400.  The motion is set to be heard on September 27, 2010.  If this motion is

16    granted, such judgment will have collateral estoppel effect on DC, and thereby

17    substantially narrow the duplicative issues raised in the present action.  Accordingly,

18    any discovery should be stayed in this action and no documents should be produced

19    until these dispositive motions are decided.

20         In addition to the above, Peary objects to this request on the grounds that it is

21    overbroad, burdensome and oppressive.  Peary further objects to this request on the

22    grounds that it is vague and ambiguous, and lacks sufficient precision to allow him to

23    formulate an appropriate response. Peary further objects to this request on the

24    grounds that it is indefinite as to time and not reasonably limited in scope.  Peary

25    additionally objects to this request to the extent that it seeks the production or

26    identification of any item, or portion thereof, which is protected from disclosure by

27    court order, or any privacy or similar rights of any person or entity.  Peary

28    additionally objects to this request to the extent that it seeks communications or items

MARK WARREN PEARY'S OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT L
299

1  protected by the attorney-client privilege, the attorney work product doctrine and any

2  other privilege or immunity available under law or arising from contractual

3  obligation.  Peary further objects to the request to the extent that it seeks the

4  production of any item which has already been produced, served, filed, or transmitted

5  in the course of the related actions *Joanne Siegel, et al. v. Warner Bros.*

6  *Entertainment Inc., et al.*, 04-CV-8400 ODW (RZx) and/or *Joanne Siegel, et al. v.*

7  *Time Warner Inc., et al.*, 04-CV-8766 ODW (RZx) and is therefore already in DC

8  Comics' possession, custody or control.

9  **Document Request No. 21**

10      All DOCUMENTS relating to the letter dated September 10, 2004 that YOU

11  signed with DEFENDANT Pacific Pictures Corporation.

12  **Response to Document Request No. 21**

13      Peary objects to this request on the ground that the underlying complaint is

14  subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a

15  motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. §

16  425.16, that could dispose of the entire case and/or greatly narrow the issues.

17  Accordingly, any discovery should be stayed in this action and no documents should

18  be produced until these dispositive motions are decided.  The issue of whether

19  discovery should be so stayed will be addressed in connection with the parties'

20  pending motions for protective order, which are set to be heard by the Court on

21  September 20, 2010.  Following the Court's rulings on these motions, counsel for

22  defendants will promptly meet and confer with counsel for plaintiff regarding

23  whether documents will be produced prior to the resolution of the motions to dismiss

24  pursuant to FRCP 12(b)(6) and (f) and the motion brought pursuant to California's

25  anti-SLAPP statute.  Peary further objects to this request on the ground that a motion

26  for entry of judgment pursuant to FRCP 54(b) has been filed in the closely related

27  action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-

28  CV-8400.  The motion is set to be heard on September 27, 2010.  If this motion is

MARK WARREN PEARY'S OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT L
300

granted, such judgment will have collateral estoppel effect on DC, and thereby substantially narrow the duplicative issues raised in the present action.  Accordingly, any discovery should be stayed in this action and no documents should be produced until these dispositive motions are decided.

In addition to the above, Peary objects to this request on the grounds that it is overbroad, burdensome and oppressive.  Peary further objects to this request on the grounds that it is vague and ambiguous, and lacks sufficient precision to allow him to formulate an appropriate response.  Peary further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope.  Peary additionally objects to this request to the extent that it seeks the production or identification of any item, or portion thereof, which is protected from disclosure by court order, or any privacy or similar rights of any person or entity.  Peary additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Peary further objects to the request to the extent that it seeks the production of any item which has already been produced, served, filed, or transmitted in the course of the related actions *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.,* 04-CV-8400 ODW (RZx) and/or *Joanne Siegel, et al. v. Time Warner Inc., et al.,* 04-CV-8766 ODW (RZx) and is therefore already in DC Comics' possession, custody or control.

**Document Request No. 22**

All DOCUMENTS relating to the Request of Termination of Transfer Covering Extended Copyright Renewal Term of "Superman" served on behalf of the Estate of Joseph Shuster on or around November 10, 2003.

**Response to Document Request No. 22**

Peary objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a

MARK WARREN PEARY'S OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT L
301

motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. §
425.16, that could dispose of the entire case and/or greatly narrow the issues.
Accordingly, any discovery should be stayed in this action and no documents should
be produced until these dispositive motions are decided.  The issue of whether
discovery should be so stayed will be addressed in connection with the parties'
pending motions for protective order, which are set to be heard by the Court on
September 20, 2010.  Following the Court's rulings on these motions, counsel for
defendants will promptly meet and confer with counsel for plaintiff regarding
whether documents will be produced prior to the resolution of the motions to dismiss
pursuant to FRCP 12(b)(6) and (f) and the motion brought pursuant to California's
anti-SLAPP statute.  Peary further objects to this request on the ground that a motion
for entry of judgment pursuant to FRCP 54(b) has been filed in the closely related
action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-
CV-8400.  The motion is set to be heard on September 27, 2010.  If this motion is
granted, such judgment will have collateral estoppel effect on DC, and thereby
substantially narrow the duplicative issues raised in the present action.  Accordingly,
any discovery should be stayed in this action and no documents should be produced
until these dispositive motions are decided.

In addition to the above, Peary objects to this request on the grounds that it is
duplicative, overbroad, burdensome and oppressive.  Peary further objects to this
request on the grounds that it is vague and ambiguous, and lacks sufficient precision
to allow him to formulate an appropriate response.   Peary further objects to this
request on the grounds that it is indefinite as to time and not reasonably limited in
scope.  Peary additionally objects to this request to the extent that it seeks the
production or identification of any item, or portion thereof, which is protected from
disclosure by court order, or any privacy or similar rights of any person or entity.
Peary additionally objects to this request to the extent that it seeks communications or
items protected by the attorney-client privilege, the attorney work product doctrine

MARK WARREN PEARY'S OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT L
302

1   and any other privilege or immunity available under law or arising from contractual

2   obligation.  Peary further objects to the request to the extent that it seeks the

3   production of any item which has already been produced, served, filed, or transmitted

4   in the course of the related actions *Joanne Siegel, et al. v. Warner Bros.*

5   *Entertainment Inc., et al.,* 04-CV-8400 ODW (RZx) and/or *Joanne Siegel, et al. v.*

6   *Time Warner Inc., et al.,* 04-CV-8766 ODW (RZx) and is therefore already in DC

7   Comics' possession, custody or control.

8
    DATED:  September 20, 2010     TOBEROFF & ASSOCIATES, P.C.
9

10

11                                          By_____
                                                       Marc Toberoff
12
                                            Attorneys for Defendants Mark Warren Peary,
13                                          as personal representative of the Estate of
                                            Joseph Shuster, Jean Adele Peavy, Joanne
14                                          Siegel and Laura Siegel Larson

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MARK WARREN PEARY'S OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT L
303

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is:  2049 Century Park East, Suite 2720, Los Angeles, California 90067.

On September 20, 2010, I served the attached documents described as

**DEFENDANT JEAN ADELE PEAVY'S RESPONSE AND OBJECTIONS TO PLAINTIFF DC COMICS' NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION OF DOCUMENTS**

**DEFENDANT MARK WARREN PEARY'S, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF JOSEPH SHUSTER, RESPONSE AND OBJECTIONS TO PLAINTIFF DC COMICS' NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION OF DOCUMENTS**

**DEFENDANT LAURA SIEGEL LARSON'S RESPONSE AND OBJECTIONS TO PLAINTIFF DC COMICS' NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION OF DOCUMENTS**

**DEFENDANT JOAANE SIEGEL'S RESPONSE AND OBJECTIONS TO PLAINTIFF DC COMICS' NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION OF DOCUMENTS**

as follows:

[X]   :BY MAIL:

As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.  I placed _____ the original _X_ a true copy thereof enclosed in sealed envelope(s) addressed as follows:

Daniel M. Petrocelli, Esq.
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067

[X]  :(FEDERAL) – I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED on September 20, 2010, in Los Angeles, California.

_____
Nicholas C. Williamson

EXHIBIT L
304