# EXHIBIT N





writer's direct:
310.272.7922
lbrill@kbkfirm.com

September 24, 2010

Daniel M. Petrocelli
O'Melveny & Myers LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067-6035

Re:   DC Comics v. Pacific Pictures Corp., et al.

Dear Dan:

I am writing to respond to your September 21, 2010 letter to Marc Toberoff and Richard Kendall and to your follow up letter today.

The responses and objections to the document requests that you served were finalized before the hearing before Magistrate Judge Zarefsky earlier this week. We have ordered an expedited transcript of that hearing, but we have not yet received it. In the meantime, we have reviewed the document responses and are willing to voluntarily amend them to take into account the views that Magistrate Judge Zarefsky expressed at the hearing.

Your letter of September 21 mentions the issue of privilege logs. As you know, extensive privilege logs were served in the Siegel litigations (Case nos. CV-04-8400 and CV-04-8776). There was no obligation to serve additional privilege logs in light of the objections that defendants served in response to your requests for production, which are based on the overall scope and timing of the discovery requests. *See United States v. Phillip Morris, Inc.*, 347 F.3d 951, 954 (D.C. Cir. 2003) ("In short, if a party's pending objections apply to allegedly privileged documents, the party need not log the document until the court rules on its objections.") (quotation marks omitted); *see Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 495 (9th Cir. 1983). In addition, DC Comics indicated that it is interested in entering into an agreement regarding the parties not logging post-litigation documents. We sent you a draft over a week ago on September 16, 2010 of a proposed agreement as to post-litigation document, but to date, we have still not received your response to our draft. Before producing documents we would obviously need your agreement that, as the parties are in the process of negotiating an agreement as to post-litigation documents, DC will not assert any waiver of any privilege or discovery protection if we produce documents before the agreement on post-litigation logging is finalized.

Finally, neither your letter of September 21 nor your letter of today comports with the requirements of Local Rule 37. Under that rule, the moving party's letter shall identify each issue and/or discovery request in dispute, shall state briefly with respect to each such issue/request the moving party's position (and provide any legal authority which the moving party believes is dispositive of the dispute as to that issue/request), and specify the terms of the discovery order to be sought. We request that in the event you are not satisfied with our

Kendall Brill & Klieger LLP
10100 Santa Monica Blvd.   Suite 1725   Los Angeles, CA 90067   telephone 310.556.2700   facsimile 310.556.2705   www.kbkfirm.com

Kendall Brill & Klieger LLP

September 24, 2010
Page 2


amended responses and objections to DC's document requests, that you send us a letter that complies with Local Rule 37, so that there can be a meaningful meet and confer on the issues set forth therein. Magistrate Judge Zarefsky's instructions that counsel cooperate and not be obstructive surely encompasses DC's cooperation and compliance with the Local Rules, including Rule 37's explicit procedures.

Sincerely,

*[signature]*

Laura W. Brill

cc:   Marc Toberoff

58038.1