# EXHIBIT O

# O'MELVENY & MYERS LLP

| | | |
|---|---|---|
| BEIJING | 1999 Avenue of the Stars, 7th Floor | SAN FRANCISCO |
| BRUSSELS | Los Angeles, California 90067-6035 | SHANGHAI |
| HONG KONG | TELEPHONE (310) 553-6700 | SILICON VALLEY |
| LONDON | FACSIMILE (310) 246-6779 | SINGAPORE |
| LOS ANGELES | www.omm.com | TOKYO |
| NEWPORT BEACH | | WASHINGTON, D.C. |
| NEW YORK | | |

September 29, 2010

OUR FILE NUMBER
905,900-321

**VIA E-MAIL AND U.S. MAIL**

WRITER'S DIRECT DIAL
(310) 246-6850

Richard Kendall
Kendall Brill & Klieger LLP
10100 Santa Monica Boulevard, Suite 1725
Los Angeles, California 90067

WRITER'S E-MAIL ADDRESS
dpetrocelli@omm.com

Marc Toberoff
Toberoff & Associates, P.C.
2049 Century Park East, Suite 2720
Los Angeles, California 90067

Re:  **DC Comics v. Pacific Pictures Corp. et al., CV-10-3633 (ODW) (RZx)**

Dear Counsel:

I write in response to Laura's letters of September 24 and September 28. We disagree with the sum and substance of both letters, are prepared to have our Rule 37 conference this Friday on our document motion and at the same time will meet and confer on the objections you say you intend to file to Magistrate Zarefsky's rulings.

We also disagree that our Rule 37 letter did not provide you with sufficient notice of the grounds on which we would be moving. We have discussed these discovery issues dating back to June, at our July 13 conference, and at our Rule 26(f) conference in August. You have had drafts of our document requests since late July, and the parties' briefing to date has addressed them. Absent a significant change in your position, we will file our motion promptly so that it can be heard prior to the commencement of depositions on November 15.

That said, to accommodate your request for additional information, our motion will demonstrate that defendants' verbatim boilerplate objections to every document request in each of the four deposition notices are unfounded. Such "boilerplate or generalized objection[s]" are "inadequate and tantamount to not making any objection at all," *Bess v. Cate*, 2008 WL 5100203, at *4 (E.D. Cal. Nov. 26, 2008). For example, defendants have blanketed their responses with privilege objections that provide no explanation or other means to ascertain the basis for such sweeping claims of privilege. To the extent defendants rely on the same claims of

O'MELVENY & MYERS LLP
September 29, 2010 - Page 2

privilege asserted in their motion for protective order to bar discovery and use of the Timeline in this case, such claims are not viable in light of the Magistrate's ruling, among other reasons.

Defendants' position that it need not produce any privilege logs also is untenable. A party asserting attorney-client privilege "*must identify specific communications* and the grounds supporting the *privilege as to each piece of evidence* over which privilege is asserted." *U.S. v. Martin*, 278 F.3d 988, 1000 (9th Cir. 2002) (emphasis added); *see also U.S. v. El Paso Co.*, 682 F.2d 530, 541-42 (5th Cir. 1982) (rejecting assertion of privilege based on party's failure to "particularize its assertion of the privilege"); *Clarke v. Am. Commerce Nat'l Bank*, 974 F.2d 127, 129 (9th Cir. 1992) (party may be required to provide "a line-by-line justification for assertion of the attorney-client privilege"); *Ramirez v. County of Los Angeles*, 231 F.R.D. 407, 410 (C.D. Cal. 2005) ("The party who withholds discovery materials must provide sufficient information (i.e., a privilege log) to enable the other party to evaluate the applicability of the privilege or protection. Failure to provide sufficient information may constitute a waiver of the privilege."). Defendants have no right to withhold a privilege log on the grounds that DC Comics will not agree to exclude "post-litigation" materials from the log. As you know, that very issue caused confusion and led to needless litigation in the *Siegel* cases. We wish to avoid a similar problem here.

Your objections that "any discovery should be stayed in this action and documents should not be produced until [the] dispositive [and Rule 54] motions are decided" also were rejected by the Magistrate and are not a basis to indiscriminately withhold documents.

Please let us know if you wish to meet and confer this Friday. We are available starting at 1:30 P.M.

Very truly yours,

Daniel M. Petrocelli
of O'MELVENY & MYERS LLP