# EXHIBIT R

1  Marc Toberoff (State Bar No. 188547)
   Nicholas C. Williamson (State Bar No. 231124)
2  Keith G. Adams (State Bar No. 240497)
   TOBEROFF & ASSOCIATES, P.C.
3  2049 Century Park East, Suite 2720
   Los Angeles, California, 90067
4  Telephone:  (310) 246-3333
   Fax:          (310) 246-3101
5  MToberoff@ipwla.com

6  Attorneys for Defendants Mark Warren
   Peary, as personal representative of the
7  Estate of Joseph Shuster, Jean Adele Peavy,
   Joanne Siegel and Laura Siegel Larson

8
                **UNITED STATES DISTRICT COURT**
9
        **CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION**
10

11 | DC COMICS, | Case No: CV 10-03633 ODW (RZx) |

12 |        Plaintiff, | Hon. Otis D. Wright II, U.S.D.J. |

13 |  vs. | **DEFENDANT JOANNE SIEGEL'S FIRST AMENDED RESPONSE AND OBJECTIONS TO PLAINTIFF DC COMICS' NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION OF DOCUMENTS** |

PACIFIC PICTURES CORPORATION;
IP WORLDWIDE, LLC; IPW, LLC;
MARC TOBEROFF, an individual;
MARK WARREN Peary, as personal
representative of the ESTATE OF
JOSEPH SHUSTER; JEAN ADELE
Peavy, an individual; JOANNE SIEGEL,
an individual;  LAURA SIEGEL
LARSON, an individual,
and DOES 1-10, inclusive,

       Defendants.

Complaint Filed:  May 14, 2010
Trial Date:  None Set

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JOANNE SIEGEL'S AMENDED OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

1  TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

2      Defendant Joanne Siegel ("Siegel"), pursuant to the provisions of Rule

3  34(b)(2) of the Federal Rules of Civil Procedure, makes the following first amended

4  objections to Plaintiff DC Comics' Notice of Deposition of Defendant Joanne Siegel

5  and Request for Production of Documents ("Request") that was served on August 17,

6  2010 by plaintiff DC Comics ("Plaintiff"):

7  **I.**

8  **<u>OBJECTIONS TO THE ENTIRE REQUEST</u>**

9      Siegel objects to the entire Request on each of the following grounds and

10  incorporates by reference each of the following objections into her response to each

11  individual category of documents within it:

12      1.    Siegel objects to the Request on the ground that the underlying

13  complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f)

14  as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code

15  Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the

16  issues.  These motions have been fully briefed and are set for hearing on October 18,

17  2010.  Given the pendency of these dispositive motions, Magistrate Zarefsky held on

18  September 20, 2010 that deposition discovery was not appropriate until at least

19  November 15, 2010 to afford Judge Wright time to rule on these motions.  Magistrate

20  Zarefsky has also indicated that Judge Wright may extend this deadline if he needs

21  more time to so rule.  Magistrate Zarefsky's rationale for limiting the burden of

22  discovery until Judge Wright has ruled on these motions should apply with equal

23  force to document discovery as it does to depositions.

24      2.    Siegel objects to each individual request within the Request to the extent

25  it is relevant only to the Fourth through Sixth state law claims for relief in DC's First

26  Amended Complaint ("FAC").  Defendants contend that their pending anti-SLAPP

27  motion stays discovery regarding these state law claims.  Magistrate Zarefsky

28  rejected that argument, apparently based on *Metabolife Int'l., Inc. v. Wornick*, 264

F.3d 832 (9th Cir. 2001), but Defendants have timely objected to this ruling pursuant to L.R. 72.2-1. *See* Docket No. 101. *Metabolife* is inconsistent with recent Supreme Court authority *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 130 S. Ct. 1431, 1452 (2010) (Stevens, J., concurring), decided this year, and with the Ninth Circuit's decision in *Batzel v. Smith*, 333 F.3d 1018, 1024 (9th Cir. 2003). These cases recognize that substantive provisions of state law, such as the anti-SLAPP statute's automatic discovery stay, apply in federal court. *Metabolife* includes no contrary discussion. In light of this, Judge Wright and the Ninth Circuit should be afforded the opportunity to address Defendants' well taken objection on these grounds. *See* Docket No. 101 at 3:20- 5:23. Any response that refers to the planned production of documents is without prejudice to Defendants' right to seek a stay of discovery before the Court, the 9th Circuit, or the Supreme Court.

Plaintiff has sought to avoid the force of this automatic stay by contending that the same discovery relates to DC's Third claim for relief ("Third Claim"), which it claims arises under federal copyright law. DC's Third Claim is premised on the false construct that DC purportedly has a right of exclusive negotiation under 17 U.S.C. § 304(c)(6)(D) to settle Defendant's termination claims pursuant to 17 U.S.C. § 304(d). However, the plain language of § 304(c)(6)(D) does not provide a terminated grantee like DC with any such "right," as expressly addressed and recognized in *Bourne Co. v. MPL Commc'ns, Inc.*, 675 F. Supp. 859, 865 n.11 (S.D.N.Y. 1987) ("[T]he statute neither compels the terminating party to negotiate with the terminated grantee, nor forbids him from negotiating with anyone else."). *See* Docket Nos. 78 at 4:7-7:27; 100 at 1:17-3:15. The Third Claim does not and cannot exist as a matter of law and thus DC cannot use this manufactured federal claim to avoid the automatic stay provided by the anti-SLAPP motion. CCP § 425.16,(g); *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987) (stay of discovery pending motion to dismiss was appropriate where allegations - taken as true - failed to allege requisite elements of statutory cause of action).

JOANNE SIEGEL'S AMENDED OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT R
326

3.    To the extent the Request seeks documents concerning any agreement between the Shusters and Siegels to act collectively in negotiations with DC regarding the settlement of their termination claims ("Collective Bargaining"), Siegel objects on the following grounds:  Such documents concern only the Third through Sixth claims for relief and thus are irrelevant to the First and Second claims that are the only proper subject of discovery at this point in the proceedings.  Any documents that exist relating to Collective Bargaining contain and memorialize attorney-client privileged communications and attorney work product and reveal sensitive settlement strategy that would give DC an unfair advantage.  In addition, any Collective Bargaining documents were prepared in connection with mediation and the use of such information plainly violates the parties' May 1, 2008 JAMS Confidentiality Agreement and the California mediation privilege. Moreover this disclosure is inconsistent with the policies of FRE 408 and California Evidence Code §§ 1119 *et seq.*; 1152.

4.    Siegel objects to the Request on the ground that a motion for entry of judgment pursuant to FRCP 54(b) has been filed in the closely related action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-CV-8400.  If this motion is granted, such judgment will have collateral estoppel effect on DC, and thereby substantially narrow the duplicative issues raised in the present action. Accordingly, any discovery should be stayed and documents should not be produced until the Rule 54(b) motion is decided.

5.    Siegel objects to the Request to the extent that it seeks the production of any item, or portion thereof, comprising or reflecting information transmitted and maintained in confidence between Siegel or any person or entity acting on her behalf and her counsel for the purpose of obtaining legal advice or representation, on the grounds that such information is protected from disclosure by the attorney-client privilege and the joint-interest privilege.  Such documents will not be produced in response to the request, and any inadvertent production thereof shall not be deemed a

JOANNE SIEGEL'S AMENDED OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

1 | waiver of any privilege or doctrine with respect to such documents.

2 | 6.    Siegel objects to the Request to the extent that it seeks the production of

3 | any item, or portion thereof, comprising or reflecting information with any

4 | confidential impression, conclusion, opinion, legal research, or legal theory of

5 | counsel for Siegel or any other person or entity, on the grounds that such information

6 | is protected from disclosure by the attorney work product doctrine.  Such documents

7 | will not be produced in response to the request, and any inadvertent production

8 | thereof shall not be deemed a waiver of any privilege or doctrine with respect to such

9 | documents.

10 | 7.    As the parties are in the process of negotiating a stipulation regarding

11 | the parties' logging of post-litigation communications, Siegel will not be serving any

12 | privilege logs until these negotiations are concluded. Defendants provided a draft of

13 | the proposed stipulation on September 16, 2010, to which Plaintiff did not respond

14 | for nearly three weeks, until October 6, 2010.  Before providing the draft stipulation,

15 | counsel for Defendants repeatedly asked counsel for DC what terms DC would wish

16 | to see in such a stipulation, but DC did not respond.  Nor will Defendants produce

17 | any documents absent an agreement by DC that the production of such documents

18 | will not constitute a waiver of any protection as to discovery and that there has been

19 | no such waiver.  DC has not responded to this request for such an agreement.

20 | Moreover, Siegel will neither produce nor log any documents created or transmitted

21 | after the start of this litigation.  All privileges and immunities provided by law are

22 | expressly reserved.

23 | 8.    Siegel objects to the Request to the extent that it seeks the production of

24 | any item, or portion thereof, which is not reasonably calculated to lead to the

25 | discovery of relevant and admissible evidence, on the grounds that it exceeds the

26 | permissible scope of discovery delimited by Rule 26(b)(1) of the Federal Rules of

27 | Civil Procedure.

28 | 9.    Siegel objects to the Request to the extent that it seeks the production of

any item, or portion thereof, comprising or reflecting any trade secret or other confidential or proprietary information of Siegel or any other person or entity.

10.     Siegel objects to the Request to the extent that it seeks the production of any item, or portion thereof, which is protected from disclosure by court order, or any privacy or similar rights of any person or entity.

11.     Siegel objects to the Request's document requests to the extent they are unduly burdensome, overly broad, impose extreme hardship or would result in the expenditure of unnecessary time and resources.

12.     Siegel objects to the Request to the extent it is overbroad and therefore unduly burdensome, oppressive and harassing.

13.     Siegel objects to the document requests contained in the Request to the extent the expense of producing documents outweighs the likely benefit of discovery provided to Plaintiff.

14.     Siegel objects to the Request to the extent that it seeks the production of duplicative identical items, or documents or information already in Plaintiff's possession, or by reason of public filing, publication or otherwise are readily accessible to Plaintiff through other means.

15.     Siegel objects to the Request to the extent that it seeks the production of any item which has been served, filed, or transmitted in the course of this action, on the grounds that such production would be burdensome, oppressive, and unnecessary.

16.     Siegel objects to the Request to the extent that it seeks the production of any item which has already been produced, served, or filed in the course of the related actions *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-CV-8400 ODW (RZx) and *Joanne Siegel, et al. v. Time Warner Inc., et al.*, Case No. 04-CV-8766 ODW (RZx) (collectively "*Siegel* Litigation"), on the grounds that such production would be duplicative, burdensome, oppressive, and unnecessary. Provided DC agrees that identification of documents produced by Siegel in the *Siegel* litigation that are responsive to this request will not trigger a requirement to produce

a privilege log and that there is no waiver of privilege in identifying such documents and that there has been no such waiver, Siegel will identify the documents already produced in the *Siegel* litigation that are responsive to the Request.

17.    Siegel objects to the Request and each document category therein to the extent that it seeks the production of any item or document that is not the property of Siegel. Siegel will not produce any items or documents that are the property of any other person or entity.

18.    Siegel objects generally to the Request and to the definitions and instructions therein to the extent that they purport to alter or extend Siegel's obligations beyond those established by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Central District of California, or any order or ruling by the Court in this action.

19.    Siegel objects generally to the definitions of the terms "YOU" and "YOUR" as vague and ambiguous, overbroad and unduly burdensome. Siegel will construe these terms to refer to Siegel.

20.    Siegel objects generally to the definitions of the terms "DEFENDANT" and "DEFENDANTS" as vague and ambiguous, overbroad and unduly burdensome. Siegel will construe these terms to refer only to the specific defendants in this action.

21.    Siegel objects generally to the definition of the term "SHUSTER HEIRS" as vague and ambiguous, overbroad and unduly burdensome. Solely for the purposes of these responses, and for no other purpose, Siegel will construe this term to refer only to the Estate of Joseph Shuster, Jean Peavy, Mark Peary, Dawn Peavy and Frank Shuster.

22.    Siegel objects generally to the definition of the term "SIEGEL HEIRS" as vague and ambiguous, overbroad and unduly burdensome. Solely for the purposes of these responses, and for no other purpose, Siegel will construe this term to refer only to Joanne Siegel, Laura Siegel Larson, Dennis Larson and Michael Siegel.

23.    Siegel objects generally to the definition of the term "SHUSTER" as

JOANNE SIEGEL'S AMENDED OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

1   vague and ambiguous, overbroad and unduly burdensome.  Siegel will construe this

2   term to refer only to Joseph Shuster.

3        24.    Siegel objects generally to the definition of the term "SIEGEL" as vague

4   and ambiguous, overbroad and unduly burdensome.  Siegel will construe this term to

5   refer only to Jerome Siegel.

6        25.    Siegel reserves the right to revise, amend, supplement or clarify any of

7   the objections set forth herein.

8   <center>**II.**</center>

9   <center>**DOCUMENTS TO BE PRODUCED**</center>

10  <center>**SPECIFIC RESPONSES TO INDIVIDUAL REQUESTS**</center>

11  **Document Request No. 1**

12       All agreements between or among YOU and any DEFENDANT regarding the

13  SIEGEL HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

14  **Response to Document Request No. 1**

15       In addition to the General Objections, which are incorporated herein by this

16  reference, Siegel specifically objects to this request on the ground that the underlying

17  complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f)

18  as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code

19  Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the

20  issues.  *See* General Objection ¶ 1, *supra*.  Siegel further objects to this request to the

21  extent that it is relevant only to DC's Third through Sixth state law claims as such

22  discovery should be stayed during the pendency of Defendants' anti-SLAPP motion

23  and because the Third Claim does not exist as a matter of law.  *See* General Objection

24  ¶ 2, *supra*.  Siegel further objects to this request to the extent it seeks any privileged

25  documents concerning any Collective Bargaining between the Shusters and Siegels

26  and because Plaintiff's use of such information violates the parties' May 1, 2008

27  JAMS Confidentiality Agreement.  *See* General Objection ¶ 3, *supra*.

28       In addition to the above, Siegel further objects to this request on the grounds

<center>7</center>
<center>JOANNE SIEGEL'S AMENDED OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION</center>

that it is compound, overbroad, burdensome and oppressive.  Siegel objects to this request on the grounds that the phrase "purported rights" is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response. Siegel further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope.  Siegel further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence.  Siegel additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing, and the general and specific objections, Siegel will produce responsive documents consistent with her understanding of this request, if any, that are not privileged and not subject to the parties' JAMS Confidentiality Agreement, provided that such production is based upon a stipulation signed by the parties and the Court concerning the obligations of the parties to log privileged documents.

**Document Request No. 2**

All agreements between or among YOU and the SHUSTER HEIRS regarding the SIEGEL HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 2**

In addition to the General Objections, which are incorporated herein by this reference, Siegel specifically objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. *See* General Objection ¶ 1, *supra*.  Siegel further objects to this request to the extent that it is relevant only to DC's Third through Sixth state law claims as such discovery should be stayed during the pendency of Defendants' anti-SLAPP motion

JOANNE SIEGEL'S AMENDED OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

and because the Third Claim does not exist as a matter of law. *See* General Objection ¶ 2, *supra*. Siegel further objects to this request to the extent it seeks any privileged documents concerning any Collective Bargaining between the Shusters and Siegels and because Plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3, *supra*.

In addition to the above, Siegel further objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive. Siegel objects to this request on the grounds that the phrase "purported rights" is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response. Siegel further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Siegel further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Siegel additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing, and the general and specific objections, Siegel will produce responsive documents consistent with her understanding of this request, if any, that are not privileged and not subject to the parties' JAMS Confidentiality Agreement, provided that such production is based upon a stipulation signed by the parties and the Court concerning the obligations of the parties to log privileged documents.

**Document Request No. 3**

All agreements between or among YOU and any DEFENDANT regarding the SHUSTER HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 3**

In addition to the General Objections, which are incorporated herein by this reference, Siegel specifically objects to this request on the ground that the underlying

complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. *See* General Objection ¶ 1, *supra*. Siegel further objects to this request to the extent that it is relevant only to DC's Third through Sixth state law claims as such discovery should be stayed during the pendency of Defendants' anti-SLAPP motion and because the Third Claim does not exist as a matter of law. *See* General Objection ¶ 2, *supra*. Siegel further objects to this request to the extent it seeks any privileged documents concerning any Collective Bargaining between the Shusters and Siegels and because Plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3, *supra*.

In addition to the above, Siegel objects to this request on the grounds that it is compound, duplicative, overbroad, burdensome and oppressive. Siegel objects to this request on the grounds that the phrase "SHUSTER HEIRS' purported rights" is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response. Siegel further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Siegel further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Siegel additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing, and the general and specific objections, Siegel will produce responsive documents consistent with her understanding of this request, if any, that are not privileged and not subject to the parties' JAMS Confidentiality Agreement, provided that such production is based upon a stipulation signed by the parties and the Court concerning the obligations of the parties to log privileged documents.

JOANNE SIEGEL'S AMENDED OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

**Document Request No. 4**

All agreements between or among SIEGEL and SHUSTER regarding any purported rights in SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 4**

In addition to the General Objections, which are incorporated herein by this reference, Siegel specifically objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. *See* General Objection ¶ 1, *supra*. Siegel further objects to this request to the extent that it is relevant only to DC's Third through Sixth state law claims as such discovery should be stayed during the pendency of Defendants' anti-SLAPP motion and because the Third Claim does not exist as a matter of law. *See* General Objection ¶ 2, *supra*. Siegel further objects to this request to the extent it seeks any privileged documents concerning any Collective Bargaining between the Shusters and Siegels and because Plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3, *supra*.

In addition to the above, Siegel further objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive. Siegel objects to this request on the grounds that the phrase "purported rights" is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response. Siegel further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Siegel further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Siegel additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual

1    obligation.  Subject to and without waiving the foregoing, and the general and

2    specific objections, Siegel will produce responsive documents consistent with her

3    understanding of this request, if any, that are not privileged and not subject to the

4    parties' JAMS Confidentiality Agreement, provided that such production is based

5    upon a stipulation signed by the parties and the Court concerning the obligations of

6    the parties to log privileged documents.

7    **Document Request No. 5**

8        All agreements between or among YOU and the SHUSTER HEIRS regarding

9    the SHUSTER HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

10   **Response to Document Request No. 5**

11       In addition to the General Objections, which are incorporated herein by this

12   reference, Siegel specifically objects to this request on the ground that the underlying

13   complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f)

14   as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code

15   Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the

16   issues.  *See* General Objection ¶ 1, *supra*.  Siegel further objects to this request to the

17   extent that it is relevant only to DC's Third through Sixth state law claims as such

18   discovery should be stayed during the pendency of Defendants' anti-SLAPP motion

19   and because the Third Claim does not exist as a matter of law.  *See* General Objection

20   ¶ 2, *supra*.  Siegel further objects to this request to the extent it seeks any privileged

21   documents concerning any Collective Bargaining between the Shusters and Siegels

22   and because Plaintiff's use of such information violates the parties' May 1, 2008

23   JAMS Confidentiality Agreement.  *See* General Objection ¶ 3, *supra*.

24       In addition to the above, Siegel objects to this request on the grounds that it is

25   compound, duplicative, overbroad, burdensome and oppressive.  Siegel objects to

26   this request on the grounds that the phrase "SHUSTER HEIRS' purported rights" is

27   vague and ambiguous, and lacks sufficient precision to allow her to formulate an

28   appropriate response.  Siegel further objects to this request on the grounds that it is

indefinite as to time and not reasonably limited in scope.  Siegel further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence.  Siegel additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing, and the general and specific objections, Siegel will produce responsive documents consistent with her understanding of this request, if any, that are not privileged and not subject to the parties' JAMS Confidentiality Agreement, provided that such production is based upon a stipulation signed by the parties and the Court concerning the obligations of the parties to log privileged documents.

**Document Request No. 6**

All DOCUMENTS relating to or affecting the ability of YOU or the SIEGEL HEIRS to negotiate or enter into agreements regarding SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 6**

In addition to the General Objections, which are incorporated herein by this reference, Siegel specifically objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues.  *See* General Objection ¶ 1, *supra*.  Siegel further objects to this request to the extent that it is relevant only to DC's Third through Sixth state law claims as such discovery should be stayed during the pendency of Defendants' anti-SLAPP motion and because the Third Claim does not exist as a matter of law.  *See* General Objection ¶ 2, *supra*.  Siegel further objects to this request to the extent it seeks any privileged documents concerning any Collective Bargaining between the Shusters and Siegels

JOANNE SIEGEL'S AMENDED OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

1  and because Plaintiff's use of such information violates the parties' May 1, 2008

2  JAMS Confidentiality Agreement.  *See* General Objection ¶ 3, *supra*.

3       In addition to the above, Siegel objects to this request on the grounds that it is

4  compound, duplicative, overbroad, burdensome and oppressive.  Siegel further

5  objects to this request on the grounds that the phrase "affecting the ability of YOU or

6  the SIEGEL HEIRS to negotiate or enter into agreements regarding SUPERMAN

7  and/or SUPERBOY" is vague and ambiguous, and lacks sufficient precision to allow

8  her to formulate an appropriate response.  Siegel further objects to this request on the

9  grounds that it is indefinite as to time and not reasonably limited in scope.  Siegel

10  further objects to this request to the extent that it seeks the production of any item, or

11  portion thereof, which is not reasonably calculated to lead to the discovery of relevant

12  and admissible evidence.  Siegel additionally objects to this request to the extent that

13  it seeks communications or items protected by the attorney-client privilege, the

14  attorney work product doctrine and any other privilege or immunity available under

15  law or arising from contractual obligation.  Subject to and without waiving the

16  foregoing, and the general and specific objections, Siegel will produce responsive

17  documents consistent with her understanding of this request, if any, that are not

18  privileged and not subject to the parties' JAMS Confidentiality Agreement, provided

19  that such production is based upon a stipulation signed by the parties and the Court

20  concerning the obligations of the parties to log privileged documents.

21  **Document Request No. 7**

22       All DOCUMENTS relating to or affecting the ability of the SHUSTER HEIRS

23  to negotiate or enter into agreements regarding SUPERMAN and/or SUPERBOY.

24  **Response to Document Request No. 7**

25       In addition to the General Objections, which are incorporated herein by this

26  reference, Siegel specifically objects to this request on the ground that the underlying

27  complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f)

28  as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code

Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. *See* General Objection ¶ 1, *supra*. Siegel further objects to this request to the extent that it is relevant only to DC's Third through Sixth state law claims as such discovery should be stayed during the pendency of Defendants' anti-SLAPP motion and because the Third Claim does not exist as a matter of law. *See* General Objection ¶ 2, *supra*. Siegel further objects to this request to the extent it seeks any privileged documents concerning any Collective Bargaining between the Shusters and Siegels and because Plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3, *supra*.

In addition to the above, Siegel objects to this request on the grounds that it is compound, duplicative, overbroad, burdensome and oppressive. Siegel further objects to this request on the grounds that the phrase "affecting the ability of the SHUSTER HEIRS to negotiate or enter into agreements regarding SUPERMAN and/or SUPERBOY" is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response. Siegel further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Siegel further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Siegel additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing, and the general and specific objections, Siegel will produce responsive documents consistent with her understanding of this request, if any, that are not privileged and not subject to the parties' JAMS Confidentiality Agreement, provided that such production is based upon a stipulation signed by the parties and the Court concerning the obligations of the parties to log privileged documents.

JOANNE SIEGEL'S AMENDED OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

**Document Request No. 8**

All DOCUMENTS relating to or affecting the disposition, division, or ownership of any rights in SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 8**

In addition to the General Objections, which are incorporated herein by this reference, Siegel specifically objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. *See* General Objection ¶ 1, *supra*. Siegel further objects to this request to the extent that it is relevant only to DC's Third through Sixth state law claims as such discovery should be stayed during the pendency of Defendants' anti-SLAPP motion and because the Third Claim does not exist as a matter of law. *See* General Objection ¶ 2, *supra*. Siegel further objects to this request to the extent it seeks any privileged documents concerning any Collective Bargaining between the Shusters and Siegels and because Plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3, *supra*.

In addition to the above, Siegel objects to this request on the grounds that it is compound, duplicative, overbroad, burdensome and oppressive. Siegel further objects to this request on the grounds that the phrase "affecting the disposition, division, or ownership of" is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response. Siegel further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Siegel further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Siegel additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity

1  available under law or arising from contractual obligation.  Subject to and without

2  waiving the foregoing, and the general and specific objections, Siegel will produce

3  responsive documents consistent with her understanding of this request, if any, that

4  are not privileged and not subject to the parties' JAMS Confidentiality Agreement,

5  provided that such production is based upon a stipulation signed by the parties and

6  the Court concerning the obligations of the parties to log privileged documents.

7  **Document Request No. 9**

8      All DOCUMENTS relating to or affecting the division of revenue, proceeds, or

9  other profits regarding SUPERMAN and/or SUPERBOY.

10  **Response to Document Request No. 9**

11      In addition to the General Objections, which are incorporated herein by this

12  reference, Siegel specifically objects to this request on the ground that the underlying

13  complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f)

14  as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code

15  Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the

16  issues.  *See* General Objection ¶ 1, *supra*.  Siegel further objects to this request to the

17  extent that it is relevant only to DC's Third through Sixth state law claims as such

18  discovery should be stayed during the pendency of Defendants' anti-SLAPP motion

19  and because the Third Claim does not exist as a matter of law.  *See* General Objection

20  ¶ 2, *supra*.  Siegel further objects to this request to the extent it seeks any privileged

21  documents concerning any Collective Bargaining between the Shusters and Siegels

22  and because Plaintiff's use of such information violates the parties' May 1, 2008

23  JAMS Confidentiality Agreement.  *See* General Objection ¶ 3, *supra*.

24      In addition to the above, Siegel objects to this request on the grounds that it is

25  compound, overbroad, burdensome and oppressive.  Siegel further objects to this

26  request on the grounds that the phrase "affecting the division of" is vague and

27  ambiguous, and lacks sufficient precision to allow her to formulate an appropriate

28  response.  Siegel further objects to this request on the grounds that it is indefinite as

JOANNE SIEGEL'S AMENDED OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

to time and not reasonably limited in scope.  Siegel further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Siegel additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing, and the general and specific objections, Siegel will produce responsive documents consistent with her understanding of this request, if any, that are not privileged and not subject to the parties' JAMS Confidentiality Agreement, provided that such production is based upon a stipulation signed by the parties and the Court concerning the obligations of the parties to log privileged documents.

**Document Request No. 10**

All DOCUMENTS relating to or affecting the division of any settlement proceeds regarding SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 10**

In addition to the General Objections, which are incorporated herein by this reference, Siegel specifically objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues.  *See* General Objection ¶ 1, *supra*.  Siegel further objects to this request to the extent that it is relevant only to DC's Third through Sixth state law claims as such discovery should be stayed during the pendency of Defendants' anti-SLAPP motion and because the Third Claim does not exist as a matter of law.  *See* General Objection ¶ 2, *supra*.  Siegel further objects to this request to the extent it seeks any privileged documents concerning any Collective Bargaining between the Shusters and Siegels and because Plaintiff's use of such information violates the parties' May 1, 2008

JOANNE SIEGEL'S AMENDED OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

JAMS Confidentiality Agreement.  *See* General Objection ¶ 3, *supra.*

In addition to the above, Siegel objects to this request on the grounds that it is compound, duplicative, overbroad, burdensome and oppressive.  Siegel further objects to this request on the grounds that the phrase "affecting the division of" is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response.  Siegel further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope.  Siegel further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence.  Siegel additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing, and the general and specific objections, Siegel will produce responsive documents consistent with her understanding of this request, if any, that are not privileged and not subject to the parties' JAMS Confidentiality Agreement, provided that such production is based upon a stipulation signed by the parties and the Court concerning the obligations of the parties to log privileged documents.

**Document Request No. 11**

All DOCUMENTS relating to the potential sale, assignment, license, or other disposition of any rights relating to SUPERMAN and/or SUPERBOY, including but not limited to any solicitation, offer, option, or proposed agreement.

**Response to Document Request No. 11**

In addition to the General Objections, which are incorporated herein by this reference, Siegel specifically objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the

issues.  *See* General Objection ¶ 1, *supra*.  Siegel further objects to this request to the extent that it is relevant only to DC's Third through Sixth state law claims as such discovery should be stayed during the pendency of Defendants' anti-SLAPP motion and because the Third Claim does not exist as a matter of law.  *See* General Objection ¶ 2, *supra*.  Siegel further objects to this request to the extent it seeks any privileged documents concerning any Collective Bargaining between the Shusters and Siegels and because Plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3, *supra*.

          In addition to the above, Siegel objects to this request on the grounds that it is compound, duplicative, overbroad, burdensome and oppressive.  Siegel further objects to this request on the grounds that the phrase "potential sale, assignment, license, or other disposition of any rights" is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response.  Siegel further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope.  Siegel further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence.  Siegel additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing, and the general and specific objections, Siegel will produce responsive documents consistent with her understanding of this request, if any, that are not privileged and not subject to the parties' JAMS Confidentiality Agreement, provided that such production is based upon a stipulation signed by the parties and the Court concerning the obligations of the parties to log privileged documents.

**Document Request No. 12**

          All DOCUMENTS relating to the valuation of any past, current, or potential

JOANNE SIEGEL'S AMENDED OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

ownership interest in SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 12**

In addition to the General Objections, which are incorporated herein by this reference, Siegel specifically objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. *See* General Objection ¶ 1, *supra*. Siegel further objects to this request to the extent that it is relevant only to DC's Third through Sixth state law claims as such discovery should be stayed during the pendency of Defendants' anti-SLAPP motion and because the Third Claim does not exist as a matter of law. *See* General Objection ¶ 2, *supra*. Siegel further objects to this request to the extent it seeks any privileged documents concerning any Collective Bargaining between the Shusters and Siegels and because Plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3, *supra*.

In addition to the above, Siegel objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive. Siegel further objects to this request on the grounds that the phrase "relating to the valuation of any past, current, or potential ownership interest in SUPERMAN and/or SUPERBOY" is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response. Siegel further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Siegel further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Siegel additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing, and the general and

JOANNE SIEGEL'S AMENDED OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

1  specific objections, Siegel will produce responsive non-privileged documents

2  consistent with her understanding of this request, if any, provided that such

3  production is based upon a stipulation signed by the parties and the Court concerning

4  the obligations of the parties to log privileged documents.

5  **Document Request No. 13**

6      All DOCUMENTS relating to the introduction of YOU or the SIEGEL HEIRS

7  to any DEFENDANT.

8  **Response to Document Request No. 13**

9      In addition to the General Objections, which are incorporated herein by this

10  reference, Siegel specifically objects to this request on the ground that the underlying

11  complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f)

12  as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code

13  Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the

14  issues. *See* General Objection ¶ 1, *supra*. Siegel further objects to this request to the

15  extent that it is relevant only to DC's Third through Sixth state law claims as such

16  discovery should be stayed during the pendency of Defendants' anti-SLAPP motion

17  and because the Third Claim does not exist as a matter of law. *See* General Objection

18  ¶ 2, *supra*. Siegel further objects to this request to the extent it seeks any privileged

19  documents concerning any Collective Bargaining between the Shusters and Siegels

20  and because Plaintiff's use of such information violates the parties' May 1, 2008

21  JAMS Confidentiality Agreement. *See* General Objection ¶ 3, *supra*.

22      In addition to the above, Siegel objects to this request on the grounds that it is

23  duplicative, overbroad, burdensome and oppressive. Siegel further objects to this

24  request on the grounds that the phrase "introduction of YOU or the SIEGEL HEIRS

25  to any DEFENDANT" is vague and ambiguous, and lacks sufficient precision to

26  allow her to formulate an appropriate response. Siegel further objects to this request

27  on the grounds that it is indefinite as to time and not reasonably limited in scope.

28  Siegel further objects to this request to the extent that it seeks the production of any

JOANNE SIEGEL'S AMENDED OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

1  item, or portion thereof, which is not reasonably calculated to lead to the discovery of

2  relevant and admissible evidence.  Siegel additionally objects to this request to the

3  extent that it seeks communications or items protected by the attorney-client

4  privilege, the attorney work product doctrine and any other privilege or immunity

5  available under law or arising from contractual obligation.  Subject to and without

6  waiving the foregoing, and the general and specific objections, Siegel will produce

7  responsive non-privileged documents consistent with her understanding of this

8  request, if any, provided that such production is based upon a stipulation signed by

9  the parties and the Court concerning the obligations of the parties to log privileged

10  documents.

11  **Document Request No. 14**

12      All DOCUMENTS relating to the October 16, 2001 COMMUNICATION

13  between Kevin Marks and John Schulman.

14  **Response to Document Request No. 14**

15      In addition to the General Objections, which are incorporated herein by this

16  reference, Siegel specifically objects to this request on the ground that the underlying

17  complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f)

18  as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code

19  Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the

20  issues.  *See* General Objection ¶ 1, *supra*.  Siegel further objects to this request to the

21  extent that it is relevant only to DC's Third through Sixth state law claims as such

22  discovery should be stayed during the pendency of Defendants' anti-SLAPP motion

23  and because the Third Claim does not exist as a matter of law.  *See* General Objection

24  ¶ 2, *supra*.  Siegel further objects to this request to the extent it seeks any privileged

25  documents concerning any Collective Bargaining between the Shusters and Siegels

26  and because Plaintiff's use of such information violates the parties' May 1, 2008

27  JAMS Confidentiality Agreement.  *See* General Objection ¶ 3, *supra*.

28      In addition to the above, Siegel objects to this request on the grounds that it is

overbroad, duplicative, burdensome and oppressive.  Siegel further objects to this

request on the grounds that it is vague and ambiguous, and lacks sufficient precision

to allow her to formulate an appropriate response.  Siegel further objects to this

request on the grounds that it is indefinite as to time and not reasonably limited in

scope.  Siegel further objects to this request to the extent that it seeks the production

of any item, or portion thereof, which is not reasonably calculated to lead to the

discovery of relevant and admissible evidence.  Siegel additionally objects to this

request to the extent that it seeks communications or items protected by the attorney-

client privilege, the attorney work product doctrine and any other privilege or

immunity available under law or arising from contractual obligation.  Subject to and

without waiving the foregoing, and the general and specific objections, Siegel will

produce responsive non-privileged documents consistent with her understanding of

this request, if any, provided that such production is based upon a stipulation signed

by the parties and the Court concerning the obligations of the parties to log privileged

documents.

**Document Request No. 15**

All DOCUMENTS relating to the October 19, 2002 letter from Kevin Marks to

John Schulman confirming that the SIEGEL HEIRS "accepted D.C. Comics' offer of

October 16, 2001."

**Response to Document Request No. 15**

In addition to the General Objections, which are incorporated herein by this

reference, Siegel specifically objects to this request on the ground that the underlying

complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f)

as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code

Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the

issues.  *See* General Objection ¶ 1, *supra*.  Siegel further objects to this request to the

extent that it is relevant only to DC's Third through Sixth state law claims as such

discovery should be stayed during the pendency of Defendants' anti-SLAPP motion

JOANNE SIEGEL'S AMENDED OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

1  and because the Third Claim does not exist as a matter of law.  *See* General Objection

2  ¶ 2, *supra*.  Siegel further objects to this request to the extent it seeks any privileged

3  documents concerning any Collective Bargaining between the Shusters and Siegels

4  and because Plaintiff's use of such information violates the parties' May 1, 2008

5  JAMS Confidentiality Agreement.  *See* General Objection ¶ 3, *supra*.

6        In addition to the above, Siegel objects to this request on the grounds that it is

7  overbroad, duplicative, burdensome and oppressive.  Siegel further objects to this

8  request on the grounds that it is vague and ambiguous, and lacks sufficient precision

9  to allow her to formulate an appropriate response.  Siegel further objects to this

10  request on the grounds that it is indefinite as to time and not reasonably limited in

11  scope.  Siegel further objects to this request to the extent that it seeks the production

12  of any item, or portion thereof, which is not reasonably calculated to lead to the

13  discovery of relevant and admissible evidence.  Siegel additionally objects to

14  Plaintiff's characterization of the document as well as Plaintiff's interpretation of its

15  legal meaning.  Siegel additionally objects to this request to the extent that it seeks

16  communications or items protected by the attorney-client privilege, the attorney work

17  product doctrine and any other privilege or immunity available under law or arising

18  from contractual obligation.  Subject to and without waiving the foregoing, and the

19  general and specific objections, Siegel will produce responsive non-privileged

20  documents consistent with her understanding of this request, if any, provided that

21  such production is based upon a stipulation signed by the parties and the Court

22  concerning the obligations of the parties to log privileged documents.

23  **Document Request No. 16**

24        All DOCUMENTS relating to the October 26, 2001 letter from DC Comics to

25  the SIEGEL HEIRS.

26  **Response to Document Request No. 16**

27        In addition to the General Objections, which are incorporated herein by this

28  reference, Siegel specifically objects to this request on the ground that the underlying

complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. *See* General Objection ¶ 1, *supra*. Siegel further objects to this request to the extent that it is relevant only to DC's Third through Sixth state law claims as such discovery should be stayed during the pendency of Defendants' anti-SLAPP motion and because the Third Claim does not exist as a matter of law. *See* General Objection ¶ 2, *supra*. Siegel further objects to this request to the extent it seeks any privileged documents concerning any Collective Bargaining between the Shusters and Siegels and because Plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3, *supra*.

In addition to the above, Siegel objects to this request on the grounds that it is overbroad, duplicative, burdensome and oppressive. Siegel further objects to this request on the grounds that it is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response. Siegel further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Siegel further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Siegel additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing, and the general and specific objections, Siegel will produce responsive non-privileged documents consistent with her understanding of this request, if any, provided that such production is based upon a stipulation signed by the parties and the Court concerning the obligations of the parties to log privileged documents.

JOANNE SIEGEL'S AMENDED OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

**Document Request No. 17**

All DOCUMENTS relating to the November 29, 2001 COMMUNICATION between DEFENDANT Marc Toberoff and Kevin Marks regarding the SIEGEL HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 17**

In addition to the General Objections, which are incorporated herein by this reference, Siegel specifically objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. *See* General Objection ¶ 1, *supra*. Siegel further objects to this request to the extent that it is relevant only to DC's Third through Sixth state law claims as such discovery should be stayed during the pendency of Defendants' anti-SLAPP motion and because the Third Claim does not exist as a matter of law. *See* General Objection ¶ 2, *supra*. Siegel further objects to this request to the extent it seeks any privileged documents concerning any Collective Bargaining between the Shusters and Siegels and because Plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3, *supra*.

In addition to the above, Siegel objects to this request on the grounds that it is overbroad, duplicative, burdensome and oppressive. Siegel further objects to this request on the grounds that it is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response. Siegel further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Siegel further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Siegel additionally objects to Plaintiff's characterization of the document as well as Plaintiff's interpretation of its legal meaning. Siegel additionally objects to this request to the extent that it seeks

1  communications or items protected by the attorney-client privilege, the attorney work

2  product doctrine and any other privilege or immunity available under law or arising

3  from contractual obligation.  Subject to and without waiving the foregoing, and the

4  general and specific objections, Siegel will produce responsive non-privileged

5  documents consistent with her understanding of this request, if any, provided that

6  such production is based upon a stipulation signed by the parties and the Court

7  concerning the obligations of the parties to log privileged documents.

8  **Document Request No. 18**

9       All DOCUMENTS relating to the February 1, 2002 letter from Patrick Perkins

10  to the SIEGEL HEIRS.

11  **Response to Document Request No. 18**

12       In addition to the General Objections, which are incorporated herein by this

13  reference, Siegel specifically objects to this request on the ground that the underlying

14  complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f)

15  as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code

16  Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the

17  issues.  *See* General Objection ¶ 1, *supra*.  Siegel further objects to this request to the

18  extent that it is relevant only to DC's Third through Sixth state law claims as such

19  discovery should be stayed during the pendency of Defendants' anti-SLAPP motion

20  and because the Third Claim does not exist as a matter of law.  *See* General Objection

21  ¶ 2, *supra*.  Siegel further objects to this request to the extent it seeks any privileged

22  documents concerning any Collective Bargaining between the Shusters and Siegels

23  and because Plaintiff's use of such information violates the parties' May 1, 2008

24  JAMS Confidentiality Agreement.  *See* General Objection ¶ 3, *supra*.

25       In addition to the above, Siegel objects to this request on the grounds that it is

26  overbroad, duplicative, burdensome and oppressive.  Siegel further objects to this

27  request on the grounds that it is vague and ambiguous, and lacks sufficient precision

28  to allow her to formulate an appropriate response.  Siegel further objects to this

EXHIBIT R
352

1    request on the grounds that it is indefinite as to time and not reasonably limited in

2    scope.  Siegel further objects to this request to the extent that it seeks the production

3    of any item, or portion thereof, which is not reasonably calculated to lead to the

4    discovery of relevant and admissible evidence.  Siegel additionally objects to this

5    request to the extent that it seeks communications or items protected by the attorney-

6    client privilege, the attorney work product doctrine and any other privilege or

7    immunity available under law or arising from contractual obligation.  Subject to and

8    without waiving the foregoing, and the general and specific objections, Siegel will

9    produce responsive non-privileged documents consistent with her understanding of

10   this request, if any, provided that such production is based upon a stipulation signed

11   by the parties and the Court concerning the obligations of the parties to log privileged

12   documents.

13   **Document Request No. 19**

14        All DOCUMENTS relating to the February 6, 2002 COMMUNICATION

15   between DEFENDANT Marc Toberoff and Kevin Marks regarding the SIEGEL

16   HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

17   **Response to Document Request No. 19**

18        In addition to the General Objections, which are incorporated herein by this

19   reference, Siegel specifically objects to this request on the ground that the underlying

20   complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f)

21   as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code

22   Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the

23   issues.  *See* General Objection ¶ 1, *supra*.  Siegel further objects to this request to the

24   extent that it is relevant only to DC's Third through Sixth state law claims as such

25   discovery should be stayed during the pendency of Defendants' anti-SLAPP motion

26   and because the Third Claim does not exist as a matter of law.  *See* General Objection

27   ¶ 2, *supra*.  Siegel further objects to this request to the extent it seeks any privileged

28   documents concerning any Collective Bargaining between the Shusters and Siegels

1  and because Plaintiff's use of such information violates the parties' May 1, 2008

2  JAMS Confidentiality Agreement. *See* General Objection ¶ 3, *supra.*

3       In addition to the above, Siegel objects to this request on the grounds that it is

4  overbroad, duplicative, burdensome and oppressive. Siegel further objects to this

5  request on the grounds that it is vague and ambiguous, and lacks sufficient precision

6  to allow her to formulate an appropriate response. Siegel further objects to this

7  request on the grounds that it is indefinite as to time and not reasonably limited in

8  scope. Siegel further objects to this request to the extent that it seeks the production

9  of any item, or portion thereof, which is not reasonably calculated to lead to the

10  discovery of relevant and admissible evidence. Siegel additionally objects to

11  Plaintiff's characterization of the communication as well as Plaintiff's interpretation

12  of its legal meaning. Siegel additionally objects to this request to the extent that it

13  seeks communications or items protected by the attorney-client privilege, the attorney

14  work product doctrine and any other privilege or immunity available under law or

15  arising from contractual obligation. Subject to and without waiving the foregoing,

16  and the general and specific objections, Siegel will produce responsive non-

17  privileged documents consistent with her understanding of this request, if any,

18  provided that such production is based upon a stipulation signed by the parties and

19  the Court concerning the obligations of the parties to log privileged documents.

20  **Document Request No. 20**

21       All DOCUMENTS relating to the February 2002 COMMUNICATION

22  between DEFENDANT Marc Toberoff and Warner Bros. executive Steven Spira

23  regarding the rights in SUPERMAN and/or SUPERBOY.

24  **Response to Document Request No. 20**

25       In addition to the General Objections, which are incorporated herein by this

26  reference, Siegel specifically objects to this request on the ground that the underlying

27  complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f)

28  as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code

Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. *See* General Objection ¶ 1, *supra*. Siegel further objects to this request to the extent that it is relevant only to DC's Third through Sixth state law claims as such discovery should be stayed during the pendency of Defendants' anti-SLAPP motion and because the Third Claim does not exist as a matter of law. *See* General Objection ¶ 2, *supra*. Siegel further objects to this request to the extent it seeks any privileged documents concerning any Collective Bargaining between the Shusters and Siegels and because Plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3, *supra*.

In addition to the above, Siegel objects to this request on the grounds that it is overbroad, duplicative, burdensome and oppressive. Siegel further objects to this request on the grounds that it is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response. Siegel further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Siegel further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Siegel additionally objects to Plaintiff's characterization of this purported communication as well as Plaintiff's interpretation of its legal meaning. Siegel additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing, and the general and specific objections, Siegel will produce responsive non-privileged documents consistent with her understanding of this request, if any, provided that such production is based upon a stipulation signed by the parties and the Court concerning the obligations of the parties to log privileged documents.

JOANNE SIEGEL'S AMENDED OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT R
355

**Document Request No. 21**

All DOCUMENTS relating to the May 9, 2002 letter from DEFENDANT Joanne Siegel to Time Warner, Inc.

**Response to Document Request No. 21**

In addition to the General Objections, which are incorporated herein by this reference, Siegel specifically objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. *See* General Objection ¶ 1, *supra*. Siegel further objects to this request to the extent that it is relevant only to DC's Third through Sixth state law claims as such discovery should be stayed during the pendency of Defendants' anti-SLAPP motion and because the Third Claim does not exist as a matter of law. *See* General Objection ¶ 2, *supra*. Siegel further objects to this request to the extent it seeks any privileged documents concerning any Collective Bargaining between the Shusters and Siegels and because Plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3, *supra*.

In addition to the above, Siegel objects to this request on the grounds that it is overbroad, duplicative, burdensome and oppressive. Siegel further objects to this request on the grounds that it is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response. Siegel further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Siegel further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Siegel additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and

JOANNE SIEGEL'S AMENDED OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

1  without waiving the foregoing, and the general and specific objections, Siegel will

2  produce responsive non-privileged documents consistent with her understanding of

3  this request, if any, provided that such production is based upon a stipulation signed

4  by the parties and the Court concerning the obligations of the parties to log privileged

5  documents.

6  **Document Request No. 22**

7      All DOCUMENTS relating to the May 21, 2002 letter from Richard Parsons of

8  Time Warner Inc. to DEFENDANT Joanne Siegel.

9  **Response to Document Request No. 22**

10      In addition to the General Objections, which are incorporated herein by this

11  reference, Siegel specifically objects to this request on the ground that the underlying

12  complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f)

13  as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code

14  Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the

15  issues. *See* General Objection ¶ 1, *supra*. Siegel further objects to this request to the

16  extent that it is relevant only to DC's Third through Sixth state law claims as such

17  discovery should be stayed during the pendency of Defendants' anti-SLAPP motion

18  and because the Third Claim does not exist as a matter of law. *See* General Objection

19  ¶ 2, *supra*. Siegel further objects to this request to the extent it seeks any privileged

20  documents concerning any Collective Bargaining between the Shusters and Siegels

21  and because Plaintiff's use of such information violates the parties' May 1, 2008

22  JAMS Confidentiality Agreement. *See* General Objection ¶ 3, *supra*.

23      In addition to the above, Siegel objects to this request on the grounds that it is

24  overbroad, duplicative, burdensome and oppressive. Siegel further objects to this

25  request on the grounds that it is vague and ambiguous, and lacks sufficient precision

26  to allow her to formulate an appropriate response. Siegel further objects to this

27  request on the grounds that it is indefinite as to time and not reasonably limited in

28  scope. Siegel further objects to this request to the extent that it seeks the production

JOANNE SIEGEL'S AMENDED OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

1  of any item, or portion thereof, which is not reasonably calculated to lead to the

2  discovery of relevant and admissible evidence.  Siegel additionally objects to this

3  request to the extent that it seeks communications or items protected by the attorney-

4  client privilege, the attorney work product doctrine and any other privilege or

5  immunity available under law or arising from contractual obligation.  Subject to and

6  without waiving the foregoing, and the general and specific objections, Siegel will

7  produce responsive non-privileged documents consistent with her understanding of

8  this request, if any, provided that such production is based upon a stipulation signed

9  by the parties and the Court concerning the obligations of the parties to log privileged

10  documents.

11  **Document Request No. 23**

12      All DOCUMENTS relating to any solicitation, offer, or option from any

13  DEFENDANT regarding the purported rights of YOU or the SIEGEL HEIRS in

14  SUPERMAN and/or SUPERBOY.

15  **Response to Document Request No. 23**

16      In addition to the General Objections, which are incorporated herein by this

17  reference, Siegel specifically objects to this request on the ground that the underlying

18  complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f)

19  as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code

20  Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the

21  issues.  *See* General Objection ¶ 1, *supra*.  Siegel further objects to this request to the

22  extent that it is relevant only to DC's Third through Sixth state law claims as such

23  discovery should be stayed during the pendency of Defendants' anti-SLAPP motion

24  and because the Third Claim does not exist as a matter of law.  *See* General Objection

25  ¶ 2, *supra*.  Siegel further objects to this request to the extent it seeks any privileged

26  documents concerning any Collective Bargaining between the Shusters and Siegels

27  and because Plaintiff's use of such information violates the parties' May 1, 2008

28  JAMS Confidentiality Agreement.  *See* General Objection ¶ 3, *supra*.

34

JOANNE SIEGEL`S AMENDED OBJECTIONS TO PLAINTIFF`S REQUEST FOR PRODUCTION

In addition to the above, Siegel objects to this request on the grounds that it is overbroad, burdensome and oppressive.  Siegel further objects to this request on the grounds that the phrase "purported rights" is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response Siegel further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope.  Siegel further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence.  Siegel additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing, and the general and specific objections, Siegel will produce responsive non-privileged documents consistent with her understanding of this request, if any, provided that such production is based upon a stipulation signed by the parties and the Court concerning the obligations of the parties to log privileged documents.

**Document Request No. 24**

All DOCUMENTS relating to the September 21, 2002 letter from YOU to Kevin Marks.

**Response to Document Request No. 24**

In addition to the General Objections, which are incorporated herein by this reference, Siegel specifically objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues.  *See* General Objection ¶ 1, *supra*.  Siegel further objects to this request to the extent that it is relevant only to DC's Third through Sixth state law claims as such discovery should be stayed during the pendency of Defendants' anti-SLAPP motion

JOANNE SIEGEL'S AMENDED OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

1   and because the Third Claim does not exist as a matter of law. *See* General Objection

2   ¶ 2, *supra*. Siegel further objects to this request to the extent it seeks any privileged

3   documents concerning any Collective Bargaining between the Shusters and Siegels

4   and because Plaintiff's use of such information violates the parties' May 1, 2008

5   JAMS Confidentiality Agreement. *See* General Objection ¶ 3, *supra*.

6         In addition to the above, Siegel objects to this request on the grounds that it is

7   overbroad, duplicative, burdensome and oppressive. Siegel further objects to this

8   request on the grounds that it is vague and ambiguous, and lacks sufficient precision

9   to allow her to formulate an appropriate response. Siegel further objects to this

10  request on the grounds that it is indefinite as to time and not reasonably limited in

11  scope. Siegel further objects to this request to the extent that it seeks the production

12  of any item, or portion thereof, which is not reasonably calculated to lead to the

13  discovery of relevant and admissible evidence. Siegel additionally objects to this

14  request to the extent that it seeks communications or items protected by the attorney-

15  client privilege, the attorney work product doctrine and any other privilege or

16  immunity available under law or arising from contractual obligation. Subject to and

17  without waiving the foregoing, and the general and specific objections, Siegel will

18  produce responsive non-privileged documents consistent with her understanding of

19  this request, if any, provided that such production is based upon a stipulation signed

20  by the parties and the Court concerning the obligations of the parties to log privileged

21  documents.

22  **Document Request No. 25**

23        All DOCUMENTS relating to the September 21, 2002 letter from YOU to DC

24  Comics.

25  **Response to Document Request No. 25**

26        In addition to the General Objections, which are incorporated herein by this

27  reference, Siegel specifically objects to this request on the ground that the underlying

28  complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f)

as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. *See* General Objection ¶ 1, *supra*. Siegel further objects to this request to the extent that it is relevant only to DC's Third through Sixth state law claims as such discovery should be stayed during the pendency of Defendants' anti-SLAPP motion and because the Third Claim does not exist as a matter of law. *See* General Objection ¶ 2, *supra*. Siegel further objects to this request to the extent it seeks any privileged documents concerning any Collective Bargaining between the Shusters and Siegels and because Plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3, *supra*.

In addition to the above, Siegel objects to this request on the grounds that it is overbroad, duplicative, burdensome and oppressive. Siegel further objects to this request on the grounds that it is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response. Siegel further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Siegel further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Siegel additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing, and the general and specific objections, Siegel will produce responsive non-privileged documents consistent with her understanding of this request, if any, provided that such production is based upon a stipulation signed by the parties and the Court concerning the obligations of the parties to log privileged documents.

**Document Request No. 26**

All DOCUMENTS relating to the letter agreement dated October 3, 2002 that

JOANNE SIEGEL'S AMENDED OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

1  YOU signed with DEFENDANT IP Worldwide, LLC, and any revisions,

2  modifications, or adjustments thereto.

3  **Response to Document Request No. 26**

4      In addition to the General Objections, which are incorporated herein by this

5  reference, Siegel specifically objects to this request on the ground that the underlying

6  complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f)

7  as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code

8  Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the

9  issues. *See* General Objection ¶ 1, *supra*. Siegel further objects to this request to the

10  extent that it is relevant only to DC's Third through Sixth state law claims as such

11  discovery should be stayed during the pendency of Defendants' anti-SLAPP motion

12  and because the Third Claim does not exist as a matter of law. *See* General Objection

13  ¶ 2, *supra*. Siegel further objects to this request to the extent it seeks any privileged

14  documents concerning any Collective Bargaining between the Shusters and Siegels

15  and because Plaintiff's use of such information violates the parties' May 1, 2008

16  JAMS Confidentiality Agreement. *See* General Objection ¶ 3, *supra*.

17      In addition to the above, Siegel objects to this request on the grounds that it is

18  overbroad, duplicative, burdensome and oppressive. Siegel further objects to this

19  request on the grounds that it is vague and ambiguous, and lacks sufficient precision

20  to allow her to formulate an appropriate response. Siegel further objects to this

21  request on the grounds that it is indefinite as to time and not reasonably limited in

22  scope. Siegel further objects to this request to the extent that it seeks the production

23  of any item, or portion thereof, which is not reasonably calculated to lead to the

24  discovery of relevant and admissible evidence. Siegel additionally objects to this

25  request to the extent that it seeks communications or items protected by the attorney-

26  client privilege, the attorney work product doctrine and any other privilege or

27  immunity available under law or arising from contractual obligation. Subject to and

28  without waiving the foregoing, and the general and specific objections, Siegel will

1   produce responsive non-privileged documents consistent with her understanding of
2   this request, if any, provided that such production is based upon a stipulation signed
3   by the parties and the Court concerning the obligations of the parties to log privileged
4   documents.

5   **Document Request No. 27**

6       All DOCUMENTS relating to the October 28, 2002 letter from YOU to Lillian
7   Laserson of DC Comics.

8   **Response to Document Request No. 27**

9       In addition to the General Objections, which are incorporated herein by this
10  reference, Siegel specifically objects to this request on the ground that the underlying
11  complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f)
12  as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code
13  Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the
14  issues. *See* General Objection ¶ 1, *supra*. Siegel further objects to this request to the
15  extent that it is relevant only to DC's Third through Sixth state law claims as such
16  discovery should be stayed during the pendency of Defendants' anti-SLAPP motion
17  and because the Third Claim does not exist as a matter of law. *See* General Objection
18  ¶ 2, *supra*. Siegel further objects to this request to the extent it seeks any privileged
19  documents concerning any Collective Bargaining between the Shusters and Siegels
20  and because Plaintiff's use of such information violates the parties' May 1, 2008
21  JAMS Confidentiality Agreement. *See* General Objection ¶ 3, *supra*.

22      In addition to the above, Siegel objects to this request on the grounds that it is
23  overbroad, duplicative, burdensome and oppressive. Siegel further objects to this
24  request on the grounds that it is vague and ambiguous, and lacks sufficient precision
25  to allow her to formulate an appropriate response. Siegel further objects to this
26  request on the grounds that it is indefinite as to time and not reasonably limited in
27  scope. Siegel further objects to this request to the extent that it seeks the production
28  of any item, or portion thereof, which is not reasonably calculated to lead to the

1   discovery of relevant and admissible evidence. Siegel additionally objects to this

2   request to the extent that it seeks communications or items protected by the attorney-

3   client privilege, the attorney work product doctrine and any other privilege or

4   immunity available under law or arising from contractual obligation. Subject to and

5   without waiving the foregoing, and the general and specific objections, Siegel will

6   produce responsive non-privileged documents consistent with her understanding of

7   this request, if any, provided that such production is based upon a stipulation signed

8   by the parties and the Court concerning the obligations of the parties to log privileged

9   documents.

10   **Document Request No. 28**

11       All DOCUMENTS relating to the Request of Termination of Transfer

12   Covering Extended Renewal Term: Superboy served on behalf of the SIEGEL

13   HEIRS on or around November 8, 2002.

14   **Response to Document Request No. 28**

15       In addition to the General Objections, which are incorporated herein by this

16   reference, Siegel specifically objects to this request on the ground that the underlying

17   complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f)

18   as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code

19   Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the

20   issues. *See* General Objection ¶ 1, *supra*. Siegel further objects to this request to the

21   extent that it is relevant only to DC's Third through Sixth state law claims as such

22   discovery should be stayed during the pendency of Defendants' anti-SLAPP motion

23   and because the Third Claim does not exist as a matter of law. *See* General Objection

24   ¶ 2, *supra*. Siegel further objects to this request to the extent it seeks any privileged

25   documents concerning any Collective Bargaining between the Shusters and Siegels

26   and because Plaintiff's use of such information violates the parties' May 1, 2008

27   JAMS Confidentiality Agreement. *See* General Objection ¶ 3, *supra*.

28       In addition to the above, Siegel objects to this request on the grounds that it is

1   overbroad, duplicative, burdensome and oppressive.  Siegel further objects to this

2   request on the grounds that it is vague and ambiguous, and lacks sufficient precision

3   to allow her to formulate an appropriate response.  Siegel further objects to this

4   request on the grounds that it is indefinite as to time and not reasonably limited in

5   scope.  Siegel further objects to this request to the extent that it seeks the production

6   of any item, or portion thereof, which is not reasonably calculated to lead to the

7   discovery of relevant and admissible evidence.  Siegel additionally objects to this

8   request to the extent that it seeks communications or items protected by the attorney-

9   client privilege, the attorney work product doctrine and any other privilege or

10  immunity available under law or arising from contractual obligation.  Subject to and

11  without waiving the foregoing, and the general and specific objections, Siegel will

12  produce responsive non-privileged documents consistent with her understanding of

13  this request, if any, provided that such production is based upon a stipulation signed

14  by the parties and the Court concerning the obligations of the parties to log privileged

15  documents.

16
17  DATED:  October 8, 2010          TOBEROFF & ASSOCIATES, P.C.

18
19                                   By_____
                                            Marc Toberoff
20
                                     Attorneys for Defendants Mark Warren Peary,
21                                   as personal representative of the Estate of
                                     Joseph Shuster, Jean Adele Peavy, Joanne
22                                   Siegel and Laura Siegel Larson

23

24

25

26

27

28

41
JOANNE SIEGEL'S AMENDED OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION