# EXHIBIT S

Marc Toberoff (State Bar No. 188547)
Nicholas C. Williamson (State Bar No. 231124)
Keith G. Adams (State Bar No. 240497)
TOBEROFF & ASSOCIATES, P.C.
2049 Century Park East, Suite 2720
Los Angeles, California, 90067
Telephone:  (310) 246-3333
Fax:          (310) 246-3101
MToberoff@ipwla.com

Attorneys for Defendants Mark Warren
Peary, as personal representative of the
Estate of Joseph Shuster, Jean Adele Peavy,
Joanne Siegel and Laura Siegel Larson

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| DC COMICS,<br><br>               Plaintiff,<br><br>   vs.<br><br>PACIFIC PICTURES CORPORATION;<br>IP WORLDWIDE, LLC; IPW, LLC;<br>MARC TOBEROFF, an individual;<br>MARK WARREN Peary, as personal<br>representative of the ESTATE OF<br>JOSEPH SHUSTER; JEAN ADELE<br>Peavy, an individual; JOANNE SIEGEL,<br>an individual;  LAURA SIEGEL<br>LARSON, an individual,<br>and DOES 1-10, inclusive,<br><br>          Defendants. | Case No: CV 10-03633 ODW (RZx)<br><br>Hon. Otis D. Wright II, U.S.D.J.<br><br>**DEFENDANT LAURA SIEGEL LARSON'S FIRST AMENDED RESPONSE AND OBJECTIONS TO PLAINTIFF DC COMICS' NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION OF DOCUMENTS**<br><br>Complaint Filed:  May 14, 2010<br>Trial Date:  None Set |

LAURA SIEGEL LARSON'S AMENDED OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

1  TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

2      Defendant Laura Siegel Larson ("Siegel"), pursuant to the provisions of Rule

3  34(b)(2) of the Federal Rules of Civil Procedure, makes the following first amended

4  objections to Plaintiff DC Comics' Notice of Deposition of Defendant Laura Siegel

5  Larson and Request for Production of Documents ("Request") that was served on

6  August 17, 2010 by plaintiff DC Comics ("Plaintiff"):

7  ## I.

8  ## OBJECTIONS TO THE ENTIRE REQUEST

9      Siegel objects to the entire Request on each of the following grounds and

10  incorporates by reference each of the following objections into her response to each

11  individual category of documents within it:

12      1.    Siegel objects to the Request on the ground that the underlying

13  complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f)

14  as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code

15  Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the

16  issues.  These motions have been fully briefed and are set for hearing on October 18,

17  2010.  Given the pendency of these dispositive motions, Magistrate Zarefsky held on

18  September 20, 2010 that deposition discovery was not appropriate until at least

19  November 15, 2010 to afford Judge Wright time to rule on these motions.  Magistrate

20  Zarefsky has also indicated that Judge Wright may extend this deadline if he needs

21  more time to so rule.  Magistrate Zarefsky's rationale for limiting the burden of

22  discovery until Judge Wright has ruled on these motions should apply with equal

23  force to document discovery as it does to depositions.

24      2.    Siegel objects to each individual request within the Request to the extent

25  it is relevant only to the Fourth through Sixth state law claims for relief in DC's First

26  Amended Complaint ("FAC").  Defendants contend that their pending anti-SLAPP

27  motion stays discovery regarding these state law claims.  Magistrate Zarefsky

28  rejected that argument, apparently based on *Metabolife Int'l., Inc. v. Wornick*, 264

1

LAURA SIEGEL LARSON'S AMENDED OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

F.3d 832 (9th Cir. 2001), but Defendants have timely objected to this ruling pursuant to L.R. 72.2-1. *See* Docket No. 101.  *Metabolife* is inconsistent with recent Supreme Court authority *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 130 S. Ct. 1431, 1452 (2010) (Stevens, J., concurring), decided this year, and with the Ninth Circuit's decision in *Batzel v. Smith*, 333 F.3d 1018, 1024 (9th Cir. 2003).  These cases recognize that substantive provisions of state law, such as the anti-SLAPP statute's automatic discovery stay, apply in federal court.  *Metabolife* includes no contrary discussion.  In light of this, Judge Wright and the Ninth Circuit should be afforded the opportunity to address Defendants' well taken objection on these grounds.  *See* Docket No. 101 at 3:20- 5:23.   Any response that refers to the planned production of documents is without prejudice to Defendants' right to seek a stay of discovery before the Court, the 9th Circuit, or the Supreme Court.

Plaintiff has sought to avoid the force of this automatic stay by contending that the same discovery relates to DC's Third claim for relief ("Third Claim"), which it claims arises under federal copyright law.  DC's Third Claim is premised on the false construct that DC purportedly has a right of exclusive negotiation under 17 U.S.C. § 304(c)(6)(D) to settle Defendant's termination claims pursuant to 17 U.S.C. § 304(d). However, the plain language of § 304(c)(6)(D) does not provide a terminated grantee like DC with any such "right," as expressly addressed and recognized in *Bourne Co. v. MPL Commc'ns, Inc.*, 675 F. Supp. 859, 865 n.11 (S.D.N.Y. 1987) ("[T]he statute neither compels the terminating party to negotiate with the terminated grantee, nor forbids him from negotiating with anyone else.").  *See* Docket Nos. 78 at 4:7-7:27; 100 at 1:17-3:15.  The Third Claim does not and cannot exist as a matter of law and thus DC cannot use this manufactured federal claim to avoid the automatic stay provided by the anti-SLAPP motion. CCP § 425.16,(g); *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987) (stay of discovery pending motion to dismiss was appropriate where allegations - taken as true - failed to allege requisite elements of statutory cause of action).

3.      To the extent the Request seeks documents concerning any agreement between the Shusters and Siegels to act collectively in negotiations with DC regarding the settlement of their termination claims ("Collective Bargaining"), Siegel objects on the following grounds:  Such documents concern only the Third through Sixth claims for relief and thus are irrelevant to the First and Second claims that are the only proper subject of discovery at this point in the proceedings.  Any documents that exist relating to Collective Bargaining contain and memorialize attorney-client privileged communications and attorney work product and reveal sensitive settlement strategy that would give DC an unfair advantage.  In addition, any Collective Bargaining documents were prepared in connection with mediation and the use of such information plainly violates the parties' May 1, 2008 JAMS Confidentiality Agreement and the California mediation privilege. Moreover this disclosure is inconsistent with the policies of FRE 408 and California Evidence Code §§ 1119 *et seq.*; 1152.

4.      Siegel objects to the Request on the ground that a motion for entry of judgment pursuant to FRCP 54(b) has been filed in the closely related action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-CV-8400.  If this motion is granted, such judgment will have collateral estoppel effect on DC, and thereby substantially narrow the duplicative issues raised in the present action. Accordingly, any discovery should be stayed and documents should not be produced until the Rule 54(b) motion is decided.

5.      Siegel objects to the Request to the extent that it seeks the production of any item, or portion thereof, comprising or reflecting information transmitted and maintained in confidence between Siegel or any person or entity acting on her behalf and her counsel for the purpose of obtaining legal advice or representation, on the grounds that such information is protected from disclosure by the attorney-client privilege and the joint-interest privilege.  Such documents will not be produced in response to the request, and any inadvertent production thereof shall not be deemed a

1 | waiver of any privilege or doctrine with respect to such documents.

2 |       6.    Siegel objects to the Request to the extent that it seeks the production of
3 | any item, or portion thereof, comprising or reflecting information with any
4 | confidential impression, conclusion, opinion, legal research, or legal theory of
5 | counsel for Siegel or any other person or entity, on the grounds that such information
6 | is protected from disclosure by the attorney work product doctrine.  Such documents
7 | will not be produced in response to the request, and any inadvertent production
8 | thereof shall not be deemed a waiver of any privilege or doctrine with respect to such
9 | documents.

10 |       7.    As the parties are in the process of negotiating a stipulation regarding
11 | the parties' logging of post-litigation communications, Siegel will not be serving any
12 | privilege logs until these negotiations are concluded. Defendants provided a draft of
13 | the proposed stipulation on September 16, 2010, to which Plaintiff did not respond
14 | for nearly three weeks, until October 6, 2010.  Before providing the draft stipulation,
15 | counsel for Defendants repeatedly asked counsel for DC what terms DC would wish
16 | to see in such a stipulation, but DC did not respond.  Nor will Defendants produce
17 | any documents absent an agreement by DC that the production of such documents
18 | will not constitute a waiver of any protection as to discovery and that there has been
19 | no such waiver.  DC has not responded to this request for such an agreement.
20 | Moreover, Siegel will neither produce nor log any documents created or transmitted
21 | after the start of this litigation.  All privileges and immunities provided by law are
22 | expressly reserved.

23 |       8.    Siegel objects to the Request to the extent that it seeks the production of
24 | any item, or portion thereof, which is not reasonably calculated to lead to the
25 | discovery of relevant and admissible evidence, on the grounds that it exceeds the
26 | permissible scope of discovery delimited by Rule 26(b)(1) of the Federal Rules of
27 | Civil Procedure.

28 |       9.    Siegel objects to the Request to the extent that it seeks the production of

4

LAURA SIEGEL LARSON'S AMENDED OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

any item, or portion thereof, comprising or reflecting any trade secret or other confidential or proprietary information of Siegel or any other person or entity.

10.     Siegel objects to the Request to the extent that it seeks the production of any item, or portion thereof, which is protected from disclosure by court order, or any privacy or similar rights of any person or entity.

11.     Siegel objects to the Request's document requests to the extent they are unduly burdensome, overly broad, impose extreme hardship or would result in the expenditure of unnecessary time and resources.

12.     Siegel objects to the Request to the extent it is overbroad and therefore unduly burdensome, oppressive and harassing.

13.     Siegel objects to the document requests contained in the Request to the extent the expense of producing documents outweighs the likely benefit of discovery provided to Plaintiff.

14.     Siegel objects to the Request to the extent that it seeks the production of duplicative identical items, or documents or information already in Plaintiff's possession, or by reason of public filing, publication or otherwise are readily accessible to Plaintiff through other means.

15.     Siegel objects to the Request to the extent that it seeks the production of any item which has been served, filed, or transmitted in the course of this action, on the grounds that such production would be burdensome, oppressive, and unnecessary.

16.     Siegel objects to the Request to the extent that it seeks the production of any item which has already been produced, served, or filed in the course of the related actions *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-CV-8400 ODW (RZx) and *Joanne Siegel, et al. v. Time Warner Inc., et al.*, Case No. 04-CV-8766 ODW (RZx) (collectively "*Siegel* Litigation"), on the grounds that such production would be duplicative, burdensome, oppressive, and unnecessary. Provided DC agrees that identification of documents produced by Siegel in the *Siegel* litigation that are responsive to this request will not trigger a requirement to produce

5

LAURA SIEGEL LARSON'S AMENDED OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

a privilege log and that there is no waiver of privilege in identifying such documents and that there has been no such waiver, Siegel will identify the documents already produced in the *Siegel* litigation that are responsive to the Request.

17.    Siegel objects to the Request and each document category therein to the extent that it seeks the production of any item or document that is not the property of Siegel.  Siegel will not produce any items or documents that are the property of any other person or entity.

18.    Siegel objects generally to the Request and to the definitions and instructions therein to the extent that they purport to alter or extend Siegel's obligations beyond those established by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Central District of California, or any order or ruling by the Court in this action.

19.    Siegel objects generally to the definitions of the terms "YOU" and "YOUR" as vague and ambiguous, overbroad and unduly burdensome.  Siegel will construe these terms to refer to Siegel.

20.    Siegel objects generally to the definitions of the terms "DEFENDANT" and "DEFENDANTS" as vague and ambiguous, overbroad and unduly burdensome. Siegel will construe these terms to refer only to the specific defendants in this action.

21.    Siegel objects generally to the definition of the term "SHUSTER HEIRS" as vague and ambiguous, overbroad and unduly burdensome.  Solely for the purposes of these responses, and for no other purpose, Siegel will construe this term to refer only to the Estate of Joseph Shuster, Jean Peavy, Mark Peary, Dawn Peavy and Frank Shuster.

22.    Siegel objects generally to the definition of the term "SIEGEL HEIRS" as vague and ambiguous, overbroad and unduly burdensome.  Solely for the purposes of these responses, and for no other purpose,  Siegel will construe this term to refer only to Joanne Siegel, Laura Siegel Larson, Dennis Larson and Michael Siegel.

23.    Siegel objects generally to the definition of the term "SHUSTER" as

1   vague and ambiguous, overbroad and unduly burdensome.  Siegel will construe this

2   term to refer only to Joseph Shuster.

3       24.    Siegel objects generally to the definition of the term "SIEGEL" as vague

4   and ambiguous, overbroad and unduly burdensome.  Siegel will construe this term to

5   refer only to Jerome Siegel.

6       25.    Siegel reserves the right to revise, amend, supplement or clarify any of

7   the objections set forth herein.

## II.

## DOCUMENTS TO BE PRODUCED

## SPECIFIC RESPONSES TO INDIVIDUAL REQUESTS

11  **Document Request No. 1**

12      All agreements between or among YOU and any DEFENDANT regarding the

13  SIEGEL HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

14  **Response to Document Request No. 1**

15      In addition to the General Objections, which are incorporated herein by this

16  reference, Siegel specifically objects to this request on the ground that the underlying

17  complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f)

18  as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code

19  Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the

20  issues.  *See* General Objection ¶ 1, *supra*.  Siegel further objects to this request to the

21  extent that it is relevant only to DC's Third through Sixth state law claims as such

22  discovery should be stayed during the pendency of Defendants' anti-SLAPP motion

23  and because the Third Claim does not exist as a matter of law.  *See* General Objection

24  ¶ 2, *supra*.  Siegel further objects to this request to the extent it seeks any privileged

25  documents concerning any Collective Bargaining between the Shusters and Siegels

26  and because Plaintiff's use of such information violates the parties' May 1, 2008

27  JAMS Confidentiality Agreement.  *See* General Objection ¶ 3, *supra*.

28      In addition to the above, Siegel further objects to this request on the grounds

that it is compound, overbroad, burdensome and oppressive. Siegel objects to this request on the grounds that the phrase "purported rights" is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response. Siegel further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Siegel further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Siegel additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing, and the general and specific objections, Siegel will produce responsive documents consistent with her understanding of this request, if any, that are not privileged and not subject to the parties' JAMS Confidentiality Agreement, provided that such production is based upon a stipulation signed by the parties and the Court concerning the obligations of the parties to log privileged documents.

**Document Request No. 2**

All agreements between or among YOU and the SHUSTER HEIRS regarding the SIEGEL HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 2**

In addition to the General Objections, which are incorporated herein by this reference, Siegel specifically objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. *See* General Objection ¶ 1, *supra*. Siegel further objects to this request to the extent that it is relevant only to DC's Third through Sixth state law claims as such discovery should be stayed during the pendency of Defendants' anti-SLAPP motion

and because the Third Claim does not exist as a matter of law. *See* General Objection ¶ 2, *supra*. Siegel further objects to this request to the extent it seeks any privileged documents concerning any Collective Bargaining between the Shusters and Siegels and because Plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3, *supra*.

In addition to the above, Siegel further objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive. Siegel objects to this request on the grounds that the phrase "purported rights" is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response. Siegel further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Siegel further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Siegel additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing, and the general and specific objections, Siegel will produce responsive documents consistent with her understanding of this request, if any, that are not privileged and not subject to the parties' JAMS Confidentiality Agreement, provided that such production is based upon a stipulation signed by the parties and the Court concerning the obligations of the parties to log privileged documents.

**Document Request No. 3**

All agreements between or among YOU and any DEFENDANT regarding the SHUSTER HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 3**

In addition to the General Objections, which are incorporated herein by this reference, Siegel specifically objects to this request on the ground that the underlying

complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. *See* General Objection ¶ 1, *supra*. Siegel further objects to this request to the extent that it is relevant only to DC's Third through Sixth state law claims as such discovery should be stayed during the pendency of Defendants' anti-SLAPP motion and because the Third Claim does not exist as a matter of law. *See* General Objection ¶ 2, *supra*. Siegel further objects to this request to the extent it seeks any privileged documents concerning any Collective Bargaining between the Shusters and Siegels and because Plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3, *supra*.

In addition to the above, Siegel objects to this request on the grounds that it is compound, duplicative, overbroad, burdensome and oppressive. Siegel objects to this request on the grounds that the phrase "SHUSTER HEIRS' purported rights" is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response. Siegel further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Siegel further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Siegel additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing, and the general and specific objections, Siegel will produce responsive documents consistent with her understanding of this request, if any, that are not privileged and not subject to the parties' JAMS Confidentiality Agreement, provided that such production is based upon a stipulation signed by the parties and the Court concerning the obligations of the parties to log privileged documents.

LAURA SIEGEL LARSON'S AMENDED OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

**Document Request No. 4**

All agreements between or among SIEGEL and SHUSTER regarding any purported rights in SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 4**

In addition to the General Objections, which are incorporated herein by this reference, Siegel specifically objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. *See* General Objection ¶ 1, *supra*. Siegel further objects to this request to the extent that it is relevant only to DC's Third through Sixth state law claims as such discovery should be stayed during the pendency of Defendants' anti-SLAPP motion and because the Third Claim does not exist as a matter of law. *See* General Objection ¶ 2, *supra*. Siegel further objects to this request to the extent it seeks any privileged documents concerning any Collective Bargaining between the Shusters and Siegels and because Plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3, *supra*.

In addition to the above, Siegel further objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive. Siegel objects to this request on the grounds that the phrase "purported rights" is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response. Siegel further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Siegel further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Siegel additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual

obligation.  Subject to and without waiving the foregoing, and the general and specific objections, Siegel will produce responsive documents consistent with her understanding of this request, if any, that are not privileged and not subject to the parties' JAMS Confidentiality Agreement, provided that such production is based upon a stipulation signed by the parties and the Court concerning the obligations of the parties to log privileged documents.

**Document Request No. 5**

All agreements between or among YOU and the SHUSTER HEIRS regarding the SHUSTER HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 5**

In addition to the General Objections, which are incorporated herein by this reference, Siegel specifically objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues.  *See* General Objection ¶ 1, *supra*.  Siegel further objects to this request to the extent that it is relevant only to DC's Third through Sixth state law claims as such discovery should be stayed during the pendency of Defendants' anti-SLAPP motion and because the Third Claim does not exist as a matter of law.  *See* General Objection ¶ 2, *supra*.  Siegel further objects to this request to the extent it seeks any privileged documents concerning any Collective Bargaining between the Shusters and Siegels and because Plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3, *supra*.

In addition to the above, Siegel objects to this request on the grounds that it is compound, duplicative, overbroad, burdensome and oppressive.  Siegel objects to this request on the grounds that the phrase "SHUSTER HEIRS' purported rights" is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response.  Siegel further objects to this request on the grounds that it is

1  indefinite as to time and not reasonably limited in scope.  Siegel further objects to

2  this request to the extent that it seeks the production of any item, or portion thereof,

3  which is not reasonably calculated to lead to the discovery of relevant and admissible

4  evidence.  Siegel additionally objects to this request to the extent that it seeks

5  communications or items protected by the attorney-client privilege, the attorney work

6  product doctrine and any other privilege or immunity available under law or arising

7  from contractual obligation.  Subject to and without waiving the foregoing, and the

8  general and specific objections, Siegel will produce responsive documents consistent

9  with her understanding of this request, if any, that are not privileged and not subject

10 to the parties' JAMS Confidentiality Agreement, provided that such production is

11 based upon a stipulation signed by the parties and the Court concerning the

12 obligations of the parties to log privileged documents.

13 **Document Request No. 6**

14      All DOCUMENTS relating to or affecting the ability of YOU or the SIEGEL

15 HEIRS to negotiate or enter into agreements regarding SUPERMAN and/or

16 SUPERBOY.

17 **Response to Document Request No. 6**

18      In addition to the General Objections, which are incorporated herein by this

19 reference, Siegel specifically objects to this request on the ground that the underlying

20 complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f)

21 as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code

22 Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the

23 issues.  *See* General Objection ¶ 1, *supra*.  Siegel further objects to this request to the

24 extent that it is relevant only to DC's Third through Sixth state law claims as such

25 discovery should be stayed during the pendency of Defendants' anti-SLAPP motion

26 and because the Third Claim does not exist as a matter of law.  *See* General Objection

27 ¶ 2, *supra*.  Siegel further objects to this request to the extent it seeks any privileged

28 documents concerning any Collective Bargaining between the Shusters and Siegels

and because Plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3, *supra*.

In addition to the above, Siegel objects to this request on the grounds that it is compound, duplicative, overbroad, burdensome and oppressive. Siegel further objects to this request on the grounds that the phrase "affecting the ability of YOU or the SIEGEL HEIRS to negotiate or enter into agreements regarding SUPERMAN and/or SUPERBOY" is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response. Siegel further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Siegel further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Siegel additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing, and the general and specific objections, Siegel will produce responsive documents consistent with her understanding of this request, if any, that are not privileged and not subject to the parties' JAMS Confidentiality Agreement, provided that such production is based upon a stipulation signed by the parties and the Court concerning the obligations of the parties to log privileged documents.

**Document Request No. 7**

All DOCUMENTS relating to or affecting the ability of the SHUSTER HEIRS to negotiate or enter into agreements regarding SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 7**

In addition to the General Objections, which are incorporated herein by this reference, Siegel specifically objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code

1  Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the

2  issues. *See* General Objection ¶ 1, *supra*. Siegel further objects to this request to the

3  extent that it is relevant only to DC's Third through Sixth state law claims as such

4  discovery should be stayed during the pendency of Defendants' anti-SLAPP motion

5  and because the Third Claim does not exist as a matter of law. *See* General Objection

6  ¶ 2, *supra*. Siegel further objects to this request to the extent it seeks any privileged

7  documents concerning any Collective Bargaining between the Shusters and Siegels

8  and because Plaintiff's use of such information violates the parties' May 1, 2008

9  JAMS Confidentiality Agreement. *See* General Objection ¶ 3, *supra*.

10        In addition to the above, Siegel objects to this request on the grounds that it is

11  compound, duplicative, overbroad, burdensome and oppressive. Siegel further

12  objects to this request on the grounds that the phrase "affecting the ability of the

13  SHUSTER HEIRS to negotiate or enter into agreements regarding SUPERMAN

14  and/or SUPERBOY" is vague and ambiguous, and lacks sufficient precision to allow

15  her to formulate an appropriate response. Siegel further objects to this request on the

16  grounds that it is indefinite as to time and not reasonably limited in scope. Siegel

17  further objects to this request to the extent that it seeks the production of any item, or

18  portion thereof, which is not reasonably calculated to lead to the discovery of relevant

19  and admissible evidence. Siegel additionally objects to this request to the extent that

20  it seeks communications or items protected by the attorney-client privilege, the

21  attorney work product doctrine and any other privilege or immunity available under

22  law or arising from contractual obligation. Subject to and without waiving the

23  foregoing, and the general and specific objections, Siegel will produce responsive

24  documents consistent with her understanding of this request, if any, that are not

25  privileged and not subject to the parties' JAMS Confidentiality Agreement, provided

26  that such production is based upon a stipulation signed by the parties and the Court

27  concerning the obligations of the parties to log privileged documents.

28

LAURA SIEGEL LARSON'S AMENDED OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

**Document Request No. 8**

All DOCUMENTS relating to or affecting the disposition, division, or ownership of any rights in SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 8**

In addition to the General Objections, which are incorporated herein by this reference, Siegel specifically objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. *See* General Objection ¶ 1, *supra*. Siegel further objects to this request to the extent that it is relevant only to DC's Third through Sixth state law claims as such discovery should be stayed during the pendency of Defendants' anti-SLAPP motion and because the Third Claim does not exist as a matter of law. *See* General Objection ¶ 2, *supra*. Siegel further objects to this request to the extent it seeks any privileged documents concerning any Collective Bargaining between the Shusters and Siegels and because Plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3, *supra*.

In addition to the above, Siegel objects to this request on the grounds that it is compound, duplicative, overbroad, burdensome and oppressive. Siegel further objects to this request on the grounds that the phrase "affecting the disposition, division, or ownership of" is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response. Siegel further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Siegel further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Siegel additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity

available under law or arising from contractual obligation.  Subject to and without waiving the foregoing, and the general and specific objections, Siegel will produce responsive documents consistent with her understanding of this request, if any, that are not privileged and not subject to the parties' JAMS Confidentiality Agreement, provided that such production is based upon a stipulation signed by the parties and the Court concerning the obligations of the parties to log privileged documents.

**Document Request No. 9**

All DOCUMENTS relating to or affecting the division of revenue, proceeds, or other profits regarding SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 9**

In addition to the General Objections, which are incorporated herein by this reference, Siegel specifically objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues.  *See* General Objection ¶ 1, *supra*.  Siegel further objects to this request to the extent that it is relevant only to DC's Third through Sixth state law claims as such discovery should be stayed during the pendency of Defendants' anti-SLAPP motion and because the Third Claim does not exist as a matter of law.  *See* General Objection ¶ 2, *supra*.  Siegel further objects to this request to the extent it seeks any privileged documents concerning any Collective Bargaining between the Shusters and Siegels and because Plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3, *supra*.

In addition to the above, Siegel objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive.  Siegel further objects to this request on the grounds that the phrase "affecting the division of" is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response.  Siegel further objects to this request on the grounds that it is indefinite as

1  to time and not reasonably limited in scope. Siegel further objects to this request to

2  the extent that it seeks the production of any item, or portion thereof, which is not

3  reasonably calculated to lead to the discovery of relevant and admissible evidence.

4  Siegel additionally objects to this request to the extent that it seeks communications

5  or items protected by the attorney-client privilege, the attorney work product doctrine

6  and any other privilege or immunity available under law or arising from contractual

7  obligation. Subject to and without waiving the foregoing, and the general and

8  specific objections, Siegel will produce responsive documents consistent with her

9  understanding of this request, if any, that are not privileged and not subject to the

10  parties' JAMS Confidentiality Agreement, provided that such production is based

11  upon a stipulation signed by the parties and the Court concerning the obligations of

12  the parties to log privileged documents.

13  **Document Request No. 10**

14      All DOCUMENTS relating to or affecting the division of any settlement

15  proceeds regarding SUPERMAN and/or SUPERBOY.

16  **Response to Document Request No. 10**

17      In addition to the General Objections, which are incorporated herein by this

18  reference, Siegel specifically objects to this request on the ground that the underlying

19  complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f)

20  as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code

21  Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the

22  issues. *See* General Objection ¶ 1, *supra*. Siegel further objects to this request to the

23  extent that it is relevant only to DC's Third through Sixth state law claims as such

24  discovery should be stayed during the pendency of Defendants' anti-SLAPP motion

25  and because the Third Claim does not exist as a matter of law. *See* General Objection

26  ¶ 2, *supra*. Siegel further objects to this request to the extent it seeks any privileged

27  documents concerning any Collective Bargaining between the Shusters and Siegels

28  and because Plaintiff's use of such information violates the parties' May 1, 2008

18

LAURA SIEGEL LARSON'S AMENDED OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

1  JAMS Confidentiality Agreement.  *See* General Objection ¶ 3, *supra*.

2         In addition to the above, Siegel objects to this request on the grounds that it is

3  compound, duplicative, overbroad, burdensome and oppressive.  Siegel further

4  objects to this request on the grounds that the phrase "affecting the division of" is

5  vague and ambiguous, and lacks sufficient precision to allow her to formulate an

6  appropriate response.  Siegel further objects to this request on the grounds that it is

7  indefinite as to time and not reasonably limited in scope.  Siegel further objects to

8  this request to the extent that it seeks the production of any item, or portion thereof,

9  which is not reasonably calculated to lead to the discovery of relevant and admissible

10  evidence.  Siegel additionally objects to this request to the extent that it seeks

11  communications or items protected by the attorney-client privilege, the attorney work

12  product doctrine and any other privilege or immunity available under law or arising

13  from contractual obligation.  Subject to and without waiving the foregoing, and the

14  general and specific objections, Siegel will produce responsive documents consistent

15  with her understanding of this request, if any, that are not privileged and not subject

16  to the parties' JAMS Confidentiality Agreement, provided that such production is

17  based upon a stipulation signed by the parties and the Court concerning the

18  obligations of the parties to log privileged documents.

19  **Document Request No. 11**

20         All DOCUMENTS relating to the potential sale, assignment, license, or other

21  disposition of any rights relating to SUPERMAN and/or SUPERBOY, including but

22  not limited to any solicitation, offer, option, or proposed agreement.

23  **Response to Document Request No. 11**

24         In addition to the General Objections, which are incorporated herein by this

25  reference, Siegel specifically objects to this request on the ground that the underlying

26  complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f)

27  as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code

28  Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the

issues. *See* General Objection ¶ 1, *supra*. Siegel further objects to this request to the

extent that it is relevant only to DC's Third through Sixth state law claims as such

discovery should be stayed during the pendency of Defendants' anti-SLAPP motion

and because the Third Claim does not exist as a matter of law. *See* General Objection

¶ 2, *supra*. Siegel further objects to this request to the extent it seeks any privileged

documents concerning any Collective Bargaining between the Shusters and Siegels

and because Plaintiff's use of such information violates the parties' May 1, 2008

JAMS Confidentiality Agreement. *See* General Objection ¶ 3, *supra*.

    In addition to the above, Siegel objects to this request on the grounds that it is

compound, duplicative, overbroad, burdensome and oppressive. Siegel further

objects to this request on the grounds that the phrase "potential sale, assignment,

license, or other disposition of any rights" is vague and ambiguous, and lacks

sufficient precision to allow her to formulate an appropriate response. Siegel further

objects to this request on the grounds that it is indefinite as to time and not

reasonably limited in scope. Siegel further objects to this request to the

extent that it seeks the production of any item, or portion thereof, which is not

reasonably calculated to lead to the discovery of relevant and admissible evidence.

Siegel additionally objects to this request to the extent that it seeks communications

or items protected by the attorney-client privilege, the attorney work product doctrine

and any other privilege or immunity available under law or arising from contractual

obligation. Subject to and without waiving the foregoing, and the general and

specific objections, Siegel will produce responsive documents consistent with her

understanding of this request, if any, that are not privileged and not subject to the

parties' JAMS Confidentiality Agreement, provided that such production is based

upon a stipulation signed by the parties and the Court concerning the obligations of

the parties to log privileged documents.

**Document Request No. 12**

    All DOCUMENTS relating to the valuation of any past, current, or potential

LAURA SIEGEL LARSON'S AMENDED OBJECTIONS TO PLAINTIFF'S REQUEST FOR
PRODUCTION

1  ownership interest in SUPERMAN and/or SUPERBOY.

2  **Response to Document Request No. 12**

3      In addition to the General Objections, which are incorporated herein by this

4  reference, Siegel specifically objects to this request on the ground that the underlying

5  complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f)

6  as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code

7  Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the

8  issues. *See* General Objection ¶ 1, *supra*. Siegel further objects to this request to the

9  extent that it is relevant only to DC's Third through Sixth state law claims as such

10 discovery should be stayed during the pendency of Defendants' anti-SLAPP motion

11 and because the Third Claim does not exist as a matter of law. *See* General Objection

12 ¶ 2, *supra*. Siegel further objects to this request to the extent it seeks any privileged

13 documents concerning any Collective Bargaining between the Shusters and Siegels

14 and because Plaintiff's use of such information violates the parties' May 1, 2008

15 JAMS Confidentiality Agreement. *See* General Objection ¶ 3, *supra*.

16      In addition to the above, Siegel objects to this request on the grounds that it is

17 compound, overbroad, burdensome and oppressive. Siegel further objects to this

18 request on the grounds that the phrase "relating to the valuation of any past, current,

19 or potential ownership interest in SUPERMAN and/or SUPERBOY" is vague and

20 ambiguous, and lacks sufficient precision to allow her to formulate an appropriate

21 response. Siegel further objects to this request on the grounds that it is indefinite as

22 to time and not reasonably limited in scope. Siegel further objects to this request to

23 the extent that it seeks the production of any item, or portion thereof, which is not

24 reasonably calculated to lead to the discovery of relevant and admissible evidence.

25 Siegel additionally objects to this request to the extent that it seeks communications

26 or items protected by the attorney-client privilege, the attorney work product doctrine

27 and any other privilege or immunity available under law or arising from contractual

28 obligation. Subject to and without waiving the foregoing, and the general and

1   specific objections, Siegel will produce responsive non-privileged documents

2   consistent with her understanding of this request, if any, provided that such

3   production is based upon a stipulation signed by the parties and the Court concerning

4   the obligations of the parties to log privileged documents.

5   **Document Request No. 13**

6       All DOCUMENTS relating to the introduction of YOU or the SIEGEL HEIRS

7   to any DEFENDANT.

8   **Response to Document Request No. 13**

9       In addition to the General Objections, which are incorporated herein by this

10  reference, Siegel specifically objects to this request on the ground that the underlying

11  complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f)

12  as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code

13  Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the

14  issues. *See* General Objection ¶ 1, *supra*. Siegel further objects to this request to the

15  extent that it is relevant only to DC's Third through Sixth state law claims as such

16  discovery should be stayed during the pendency of Defendants' anti-SLAPP motion

17  and because the Third Claim does not exist as a matter of law. *See* General Objection

18  ¶ 2, *supra*. Siegel further objects to this request to the extent it seeks any privileged

19  documents concerning any Collective Bargaining between the Shusters and Siegels

20  and because Plaintiff's use of such information violates the parties' May 1, 2008

21  JAMS Confidentiality Agreement. *See* General Objection ¶ 3, *supra*.

22      In addition to the above, Siegel objects to this request on the grounds that it is

23  duplicative, overbroad, burdensome and oppressive. Siegel further objects to this

24  request on the grounds that the phrase "introduction of YOU or the SIEGEL HEIRS

25  to any DEFENDANT" is vague and ambiguous, and lacks sufficient precision to

26  allow her to formulate an appropriate response. Siegel further objects to this request

27  on the grounds that it is indefinite as to time and not reasonably limited in scope.

28  Siegel further objects to this request to the extent that it seeks the production of any

LAURA SIEGEL LARSON'S AMENDED OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

1   item, or portion thereof, which is not reasonably calculated to lead to the discovery of

2   relevant and admissible evidence.  Siegel additionally objects to this request to the

3   extent that it seeks communications or items protected by the attorney-client

4   privilege, the attorney work product doctrine and any other privilege or immunity

5   available under law or arising from contractual obligation.  Subject to and without

6   waiving the foregoing, and the general and specific objections, Siegel will produce

7   responsive non-privileged documents consistent with her understanding of this

8   request, if any, provided that such production is based upon a stipulation signed by

9   the parties and the Court concerning the obligations of the parties to log privileged

10  documents.

11  **Document Request No. 14**

12      All DOCUMENTS relating to the October 16, 2001 COMMUNICATION

13  between Kevin Marks and John Schulman.

14  **Response to Document Request No. 14**

15      In addition to the General Objections, which are incorporated herein by this

16  reference, Siegel specifically objects to this request on the ground that the underlying

17  complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f)

18  as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code

19  Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the

20  issues.  *See* General Objection ¶ 1, *supra*.  Siegel further objects to this request to the

21  extent that it is relevant only to DC's Third through Sixth state law claims as such

22  discovery should be stayed during the pendency of Defendants' anti-SLAPP motion

23  and because the Third Claim does not exist as a matter of law.  *See* General Objection

24  ¶ 2, *supra*.  Siegel further objects to this request to the extent it seeks any privileged

25  documents concerning any Collective Bargaining between the Shusters and Siegels

26  and because Plaintiff's use of such information violates the parties' May 1, 2008

27  JAMS Confidentiality Agreement.  *See* General Objection ¶ 3, *supra*.

28      In addition to the above, Siegel objects to this request on the grounds that it is

23

LAURA SIEGEL LARSON'S AMENDED OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

1  overbroad, duplicative, burdensome and oppressive.  Siegel further objects to this

2  request on the grounds that it is vague and ambiguous, and lacks sufficient precision

3  to allow her to formulate an appropriate response.  Siegel further objects to this

4  request on the grounds that it is indefinite as to time and not reasonably limited in

5  scope.  Siegel further objects to this request to the extent that it seeks the production

6  of any item, or portion thereof, which is not reasonably calculated to lead to the

7  discovery of relevant and admissible evidence.  Siegel additionally objects to this

8  request to the extent that it seeks communications or items protected by the attorney-

9  client privilege, the attorney work product doctrine and any other privilege or

10  immunity available under law or arising from contractual obligation.  Subject to and

11  without waiving the foregoing, and the general and specific objections, Siegel will

12  produce responsive non-privileged documents consistent with her understanding of

13  this request, if any, provided that such production is based upon a stipulation signed

14  by the parties and the Court concerning the obligations of the parties to log privileged

15  documents.

16  **Document Request No. 15**

17       All DOCUMENTS relating to the October 19, 2002 letter from Kevin Marks to

18  John Schulman confirming that the SIEGEL HEIRS "accepted D.C. Comics' offer of

19  October 16, 2001."

20  **Response to Document Request No. 15**

21       In addition to the General Objections, which are incorporated herein by this

22  reference, Siegel specifically objects to this request on the ground that the underlying

23  complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f)

24  as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code

25  Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the

26  issues.  *See* General Objection ¶ 1, *supra*.  Siegel further objects to this request to the

27  extent that it is relevant only to DC's Third through Sixth state law claims as such

28  discovery should be stayed during the pendency of Defendants' anti-SLAPP motion

and because the Third Claim does not exist as a matter of law. *See* General Objection ¶ 2, *supra*. Siegel further objects to this request to the extent it seeks any privileged documents concerning any Collective Bargaining between the Shusters and Siegels and because Plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3, *supra*.

In addition to the above, Siegel objects to this request on the grounds that it is overbroad, duplicative, burdensome and oppressive. Siegel further objects to this request on the grounds that it is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response. Siegel further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Siegel further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Siegel additionally objects to Plaintiff's characterization of the document as well as Plaintiff's interpretation of its legal meaning. Siegel additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing, and the general and specific objections, Siegel will produce responsive non-privileged documents consistent with her understanding of this request, if any, provided that such production is based upon a stipulation signed by the parties and the Court concerning the obligations of the parties to log privileged documents.

**Document Request No. 16**

All DOCUMENTS relating to the October 26, 2001 letter from DC Comics to the SIEGEL HEIRS.

**Response to Document Request No. 16**

In addition to the General Objections, which are incorporated herein by this reference, Siegel specifically objects to this request on the ground that the underlying

complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. *See* General Objection ¶ 1, *supra.* Siegel further objects to this request to the extent that it is relevant only to DC's Third through Sixth state law claims as such discovery should be stayed during the pendency of Defendants' anti-SLAPP motion and because the Third Claim does not exist as a matter of law. *See* General Objection ¶ 2, *supra.* Siegel further objects to this request to the extent it seeks any privileged documents concerning any Collective Bargaining between the Shusters and Siegels and because Plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3, *supra.*

In addition to the above, Siegel objects to this request on the grounds that it is overbroad, duplicative, burdensome and oppressive. Siegel further objects to this request on the grounds that it is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response. Siegel further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Siegel further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Siegel additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing, and the general and specific objections, Siegel will produce responsive non-privileged documents consistent with her understanding of this request, if any, provided that such production is based upon a stipulation signed by the parties and the Court concerning the obligations of the parties to log privileged documents.

LAURA SIEGEL LARSON'S AMENDED OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

**Document Request No. 17**

All DOCUMENTS relating to the November 29, 2001 COMMUNICATION between DEFENDANT Marc Toberoff and Kevin Marks regarding the SIEGEL HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 17**

In addition to the General Objections, which are incorporated herein by this reference, Siegel specifically objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. *See* General Objection ¶ 1, *supra*. Siegel further objects to this request to the extent that it is relevant only to DC's Third through Sixth state law claims as such discovery should be stayed during the pendency of Defendants' anti-SLAPP motion and because the Third Claim does not exist as a matter of law. *See* General Objection ¶ 2, *supra*. Siegel further objects to this request to the extent it seeks any privileged documents concerning any Collective Bargaining between the Shusters and Siegels and because Plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3, *supra*.

In addition to the above, Siegel objects to this request on the grounds that it is overbroad, duplicative, burdensome and oppressive. Siegel further objects to this request on the grounds that it is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response. Siegel further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Siegel further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Siegel additionally objects to Plaintiff's characterization of the document as well as Plaintiff's interpretation of its legal meaning. Siegel additionally objects to this request to the extent that it seeks

communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing, and the general and specific objections, Siegel will produce responsive non-privileged documents consistent with her understanding of this request, if any, provided that such production is based upon a stipulation signed by the parties and the Court concerning the obligations of the parties to log privileged documents.

**Document Request No. 18**

All DOCUMENTS relating to the February 1, 2002 letter from Patrick Perkins to the SIEGEL HEIRS.

**Response to Document Request No. 18**

In addition to the General Objections, which are incorporated herein by this reference, Siegel specifically objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues.  *See* General Objection ¶ 1, *supra*.  Siegel further objects to this request to the extent that it is relevant only to DC's Third through Sixth state law claims as such discovery should be stayed during the pendency of Defendants' anti-SLAPP motion and because the Third Claim does not exist as a matter of law.  *See* General Objection ¶ 2, *supra*.  Siegel further objects to this request to the extent it seeks any privileged documents concerning any Collective Bargaining between the Shusters and Siegels and because Plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3, *supra*.

In addition to the above, Siegel objects to this request on the grounds that it is overbroad, duplicative, burdensome and oppressive.  Siegel further objects to this request on the grounds that it is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response.  Siegel further objects to this

request on the grounds that it is indefinite as to time and not reasonably limited in scope. Siegel further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Siegel additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing, and the general and specific objections, Siegel will produce responsive non-privileged documents consistent with her understanding of this request, if any, provided that such production is based upon a stipulation signed by the parties and the Court concerning the obligations of the parties to log privileged documents.

**Document Request No. 19**

All DOCUMENTS relating to the February 6, 2002 COMMUNICATION between DEFENDANT Marc Toberoff and Kevin Marks regarding the SIEGEL HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 19**

In addition to the General Objections, which are incorporated herein by this reference, Siegel specifically objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. *See* General Objection ¶ 1, *supra*. Siegel further objects to this request to the extent that it is relevant only to DC's Third through Sixth state law claims as such discovery should be stayed during the pendency of Defendants' anti-SLAPP motion and because the Third Claim does not exist as a matter of law. *See* General Objection ¶ 2, *supra*. Siegel further objects to this request to the extent it seeks any privileged documents concerning any Collective Bargaining between the Shusters and Siegels

and because Plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3, *supra*.

In addition to the above, Siegel objects to this request on the grounds that it is overbroad, duplicative, burdensome and oppressive. Siegel further objects to this request on the grounds that it is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response. Siegel further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Siegel further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Siegel additionally objects to Plaintiff's characterization of the communication as well as Plaintiff's interpretation of its legal meaning. Siegel additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing, and the general and specific objections, Siegel will produce responsive non-privileged documents consistent with her understanding of this request, if any, provided that such production is based upon a stipulation signed by the parties and the Court concerning the obligations of the parties to log privileged documents.

**Document Request No. 20**

All DOCUMENTS relating to the February 2002 COMMUNICATION between DEFENDANT Marc Toberoff and Warner Bros. executive Steven Spira regarding the rights in SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 20**

In addition to the General Objections, which are incorporated herein by this reference, Siegel specifically objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code

Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues.  *See* General Objection ¶ 1, *supra*.  Siegel further objects to this request to the extent that it is relevant only to DC's Third through Sixth state law claims as such discovery should be stayed during the pendency of Defendants' anti-SLAPP motion and because the Third Claim does not exist as a matter of law.  *See* General Objection ¶ 2, *supra*.  Siegel further objects to this request to the extent it seeks any privileged documents concerning any Collective Bargaining between the Shusters and Siegels and because Plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3, *supra*.

In addition to the above, Siegel objects to this request on the grounds that it is overbroad, duplicative, burdensome and oppressive.  Siegel further objects to this request on the grounds that it is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response.  Siegel further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope.  Siegel further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence.  Siegel additionally objects to Plaintiff's characterization of this purported communication as well as Plaintiff's interpretation of its legal meaning.  Siegel additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing, and the general and specific objections, Siegel will produce responsive non-privileged documents consistent with her understanding of this request, if any, provided that such production is based upon a stipulation signed by the parties and the Court concerning the obligations of the parties to log privileged documents.

LAURA SIEGEL LARSON'S AMENDED OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

**Document Request No. 21**

All DOCUMENTS relating to the May 9, 2002 letter from DEFENDANT Joanne Siegel to Time Warner, Inc.

**Response to Document Request No. 21**

In addition to the General Objections, which are incorporated herein by this reference, Siegel specifically objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. *See* General Objection ¶ 1, *supra*. Siegel further objects to this request to the extent that it is relevant only to DC's Third through Sixth state law claims as such discovery should be stayed during the pendency of Defendants' anti-SLAPP motion and because the Third Claim does not exist as a matter of law. *See* General Objection ¶ 2, *supra*. Siegel further objects to this request to the extent it seeks any privileged documents concerning any Collective Bargaining between the Shusters and Siegels and because Plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3, *supra*.

In addition to the above, Siegel objects to this request on the grounds that it is overbroad, duplicative, burdensome and oppressive. Siegel further objects to this request on the grounds that it is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response. Siegel further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Siegel further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Siegel additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and

1  without waiving the foregoing, and the general and specific objections, Siegel will

2  produce responsive non-privileged documents consistent with her understanding of

3  this request, if any, provided that such production is based upon a stipulation signed

4  by the parties and the Court concerning the obligations of the parties to log privileged

5  documents.

6  **Document Request No. 22**

7      All DOCUMENTS relating to the May 21, 2002 letter from Richard Parsons of

8  Time Warner Inc. to DEFENDANT Joanne Siegel.

9  **Response to Document Request No. 22**

10     In addition to the General Objections, which are incorporated herein by this

11  reference, Siegel specifically objects to this request on the ground that the underlying

12  complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f)

13  as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code

14  Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the

15  issues. *See* General Objection ¶ 1, *supra*. Siegel further objects to this request to the

16  extent that it is relevant only to DC's Third through Sixth state law claims as such

17  discovery should be stayed during the pendency of Defendants' anti-SLAPP motion

18  and because the Third Claim does not exist as a matter of law. *See* General Objection

19  ¶ 2, *supra*. Siegel further objects to this request to the extent it seeks any privileged

20  documents concerning any Collective Bargaining between the Shusters and Siegels

21  and because Plaintiff's use of such information violates the parties' May 1, 2008

22  JAMS Confidentiality Agreement. *See* General Objection ¶ 3, *supra*.

23     In addition to the above, Siegel objects to this request on the grounds that it is

24  overbroad, duplicative, burdensome and oppressive. Siegel further objects to this

25  request on the grounds that it is vague and ambiguous, and lacks sufficient precision

26  to allow her to formulate an appropriate response. Siegel further objects to this

27  request on the grounds that it is indefinite as to time and not reasonably limited in

28  scope. Siegel further objects to this request to the extent that it seeks the production

1    of any item, or portion thereof, which is not reasonably calculated to lead to the

2    discovery of relevant and admissible evidence.  Siegel additionally objects to this

3    request to the extent that it seeks communications or items protected by the attorney-

4    client privilege, the attorney work product doctrine and any other privilege or

5    immunity available under law or arising from contractual obligation.  Subject to and

6    without waiving the foregoing, and the general and specific objections, Siegel will

7    produce responsive non-privileged documents consistent with her understanding of

8    this request, if any, provided that such production is based upon a stipulation signed

9    by the parties and the Court concerning the obligations of the parties to log privileged

10   documents.

11   **Document Request No. 23**

12        All DOCUMENTS relating to any solicitation, offer, or option from any

13   DEFENDANT regarding the purported rights of YOU or the SIEGEL HEIRS in

14   SUPERMAN and/or SUPERBOY.

15   **Response to Document Request No. 23**

16        In addition to the General Objections, which are incorporated herein by this

17   reference, Siegel specifically objects to this request on the ground that the underlying

18   complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f)

19   as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code

20   Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the

21   issues.  *See* General Objection ¶ 1, *supra*.  Siegel further objects to this request to the

22   extent that it is relevant only to DC's Third through Sixth state law claims as such

23   discovery should be stayed during the pendency of Defendants' anti-SLAPP motion

24   and because the Third Claim does not exist as a matter of law.  *See* General Objection

25   ¶ 2, *supra*.  Siegel further objects to this request to the extent it seeks any privileged

26   documents concerning any Collective Bargaining between the Shusters and Siegels

27   and because Plaintiff's use of such information violates the parties' May 1, 2008

28   JAMS Confidentiality Agreement.  *See* General Objection ¶ 3, *supra*.

1    In addition to the above, Siegel objects to this request on the grounds that it is

2  overbroad, burdensome and oppressive.  Siegel further objects to this request on the

3  grounds that the phrase "purported rights" is vague and ambiguous, and lacks

4  sufficient precision to allow her to formulate an appropriate response Siegel further

5  objects to this request on the grounds that it is indefinite as to time and not

6  reasonably limited in scope.  Siegel further objects to this request to the extent that it

7  seeks the production of any item, or portion thereof, which is not reasonably

8  calculated to lead to the discovery of relevant and admissible evidence.  Siegel

9  additionally objects to this request to the extent that it seeks communications or items

10  protected by the attorney-client privilege, the attorney work product doctrine and any

11  other privilege or immunity available under law or arising from contractual

12  obligation.  Subject to and without waiving the foregoing, and the general and

13  specific objections, Siegel will produce responsive non-privileged documents

14  consistent with her understanding of this request, if any, provided that such

15  production is based upon a stipulation signed by the parties and the Court concerning

16  the obligations of the parties to log privileged documents.

17  **Document Request No. 24**

18    All DOCUMENTS relating to the September 21, 2002 letter from YOU to

19  Kevin Marks.

20  **Response to Document Request No. 24**

21    In addition to the General Objections, which are incorporated herein by this

22  reference, Siegel specifically objects to this request on the ground that the underlying

23  complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f)

24  as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code

25  Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the

26  issues. *See* General Objection ¶ 1, *supra*.  Siegel further objects to this request to the

27  extent that it is relevant only to DC's Third through Sixth state law claims as such

28  discovery should be stayed during the pendency of Defendants' anti-SLAPP motion

1  and because the Third Claim does not exist as a matter of law. *See* General Objection

2  ¶ 2, *supra*. Siegel further objects to this request to the extent it seeks any privileged

3  documents concerning any Collective Bargaining between the Shusters and Siegels

4  and because Plaintiff's use of such information violates the parties' May 1, 2008

5  JAMS Confidentiality Agreement. *See* General Objection ¶ 3, *supra*.

6      In addition to the above, Siegel objects to this request on the grounds that it is

7  overbroad, duplicative, burdensome and oppressive. Siegel further objects to this

8  request on the grounds that it is vague and ambiguous, and lacks sufficient precision

9  to allow her to formulate an appropriate response. Siegel further objects to this

10  request on the grounds that it is indefinite as to time and not reasonably limited in

11  scope. Siegel further objects to this request to the extent that it seeks the production

12  of any item, or portion thereof, which is not reasonably calculated to lead to the

13  discovery of relevant and admissible evidence. Siegel additionally objects to this

14  request to the extent that it seeks communications or items protected by the attorney-

15  client privilege, the attorney work product doctrine and any other privilege or

16  immunity available under law or arising from contractual obligation. Subject to and

17  without waiving the foregoing, and the general and specific objections, Siegel will

18  produce responsive non-privileged documents consistent with her understanding of

19  this request, if any, provided that such production is based upon a stipulation signed

20  by the parties and the Court concerning the obligations of the parties to log privileged

21  documents.

22  **Document Request No. 25**

23      All DOCUMENTS relating to the September 21, 2002 letter from YOU to DC

24  Comics.

25  **Response to Document Request No. 25**

26      In addition to the General Objections, which are incorporated herein by this

27  reference, Siegel specifically objects to this request on the ground that the underlying

28  complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f)

as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. *See* General Objection ¶ 1, *supra.* Siegel further objects to this request to the extent that it is relevant only to DC's Third through Sixth state law claims as such discovery should be stayed during the pendency of Defendants' anti-SLAPP motion and because the Third Claim does not exist as a matter of law. *See* General Objection ¶ 2, *supra.* Siegel further objects to this request to the extent it seeks any privileged documents concerning any Collective Bargaining between the Shusters and Siegels and because Plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3, *supra.*

In addition to the above, Siegel objects to this request on the grounds that it is overbroad, duplicative, burdensome and oppressive. Siegel further objects to this request on the grounds that it is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response. Siegel further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Siegel further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Siegel additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing, and the general and specific objections, Siegel will produce responsive non-privileged documents consistent with her understanding of this request, if any, provided that such production is based upon a stipulation signed by the parties and the Court concerning the obligations of the parties to log privileged documents.

**Document Request No. 26**

All DOCUMENTS relating to the letter agreement dated October 3, 2002 that

1  YOU signed with DEFENDANT IP Worldwide, LLC, and any revisions,

2  modifications, or adjustments thereto.

3  **Response to Document Request No. 26**

4       In addition to the General Objections, which are incorporated herein by this

5  reference, Siegel specifically objects to this request on the ground that the underlying

6  complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f)

7  as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code

8  Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the

9  issues.  *See* General Objection ¶ 1, *supra.*  Siegel further objects to this request to the

10  extent that it is relevant only to DC's Third through Sixth state law claims as such

11  discovery should be stayed during the pendency of Defendants' anti-SLAPP motion

12  and because the Third Claim does not exist as a matter of law.  *See* General Objection

13  ¶ 2, *supra.*  Siegel further objects to this request to the extent it seeks any privileged

14  documents concerning any Collective Bargaining between the Shusters and Siegels

15  and because Plaintiff's use of such information violates the parties' May 1, 2008

16  JAMS Confidentiality Agreement.  *See* General Objection ¶ 3, *supra.*

17       In addition to the above, Siegel objects to this request on the grounds that it is

18  overbroad, duplicative, burdensome and oppressive.  Siegel further objects to this

19  request on the grounds that it is vague and ambiguous, and lacks sufficient precision

20  to allow her to formulate an appropriate response.  Siegel further objects to this

21  request on the grounds that it is indefinite as to time and not reasonably limited in

22  scope.  Siegel further objects to this request to the extent that it seeks the production

23  of any item, or portion thereof, which is not reasonably calculated to lead to the

24  discovery of relevant and admissible evidence.  Siegel additionally objects to this

25  request to the extent that it seeks communications or items protected by the attorney-

26  client privilege, the attorney work product doctrine and any other privilege or

27  immunity available under law or arising from contractual obligation.  Subject to and

28  without waiving the foregoing, and the general and specific objections, Siegel will

1    produce responsive non-privileged documents consistent with her understanding of

2    this request, if any, provided that such production is based upon a stipulation signed

3    by the parties and the Court concerning the obligations of the parties to log privileged

4    documents.

5    **Document Request No. 27**

6        All DOCUMENTS relating to the October 28, 2002 letter from YOU to Lillian

7    Laserson of DC Comics.

8    **Response to Document Request No. 27**

9        In addition to the General Objections, which are incorporated herein by this

10    reference, Siegel specifically objects to this request on the ground that the underlying

11    complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f)

12    as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code

13    Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the

14    issues. *See* General Objection ¶ 1, *supra*. Siegel further objects to this request to the

15    extent that it is relevant only to DC's Third through Sixth state law claims as such

16    discovery should be stayed during the pendency of Defendants' anti-SLAPP motion

17    and because the Third Claim does not exist as a matter of law. *See* General Objection

18    ¶ 2, *supra*. Siegel further objects to this request to the extent it seeks any privileged

19    documents concerning any Collective Bargaining between the Shusters and Siegels

20    and because Plaintiff's use of such information violates the parties' May 1, 2008

21    JAMS Confidentiality Agreement. *See* General Objection ¶ 3, *supra*.

22        In addition to the above, Siegel objects to this request on the grounds that it is

23    overbroad, duplicative, burdensome and oppressive. Siegel further objects to this

24    request on the grounds that it is vague and ambiguous, and lacks sufficient precision

25    to allow her to formulate an appropriate response. Siegel further objects to this

26    request on the grounds that it is indefinite as to time and not reasonably limited in

27    scope. Siegel further objects to this request to the extent that it seeks the production

28    of any item, or portion thereof, which is not reasonably calculated to lead to the

LAURA SIEGEL LARSON'S AMENDED OBJECTIONS TO PLAINTIFF'S REQUEST FOR
PRODUCTION

discovery of relevant and admissible evidence.  Siegel additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing, and the general and specific objections, Siegel will produce responsive non-privileged documents consistent with her understanding of this request, if any, provided that such production is based upon a stipulation signed by the parties and the Court concerning the obligations of the parties to log privileged documents.

**Document Request No. 28**

All DOCUMENTS relating to the Request of Termination of Transfer Covering Extended Renewal Term: Superboy served on behalf of the SIEGEL HEIRS on or around November 8, 2002.

**Response to Document Request No. 28**

In addition to the General Objections, which are incorporated herein by this reference, Siegel specifically objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues.  *See* General Objection ¶ 1, *supra*.  Siegel further objects to this request to the extent that it is relevant only to DC's Third through Sixth state law claims as such discovery should be stayed during the pendency of Defendants' anti-SLAPP motion and because the Third Claim does not exist as a matter of law.  *See* General Objection ¶ 2, *supra*.  Siegel further objects to this request to the extent it seeks any privileged documents concerning any Collective Bargaining between the Shusters and Siegels and because Plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3, *supra*.

In addition to the above, Siegel objects to this request on the grounds that it is

overbroad, duplicative, burdensome and oppressive.  Siegel further objects to this request on the grounds that it is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response.  Siegel further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope.  Siegel further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence.  Siegel additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing, and the general and specific objections, Siegel will produce responsive non-privileged documents consistent with her understanding of this request, if any, provided that such production is based upon a stipulation signed by the parties and the Court concerning the obligations of the parties to log privileged documents.

DATED:  October 8, 2010            TOBEROFF & ASSOCIATES, P.C.


By_____
                Marc Toberoff

Attorneys for Defendants Mark Warren Peary, as personal representative of the Estate of Joseph Shuster, Jean Adele Peavy, Joanne Siegel and Laura Siegel Larson

41

LAURA SIEGEL LARSON'S AMENDED OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION