# EXHIBIT T

Marc Toberoff (State Bar No. 188547)
Nicholas C. Williamson (State Bar No. 231124)
Keith G. Adams (State Bar No. 240497)
TOBEROFF & ASSOCIATES, P.C.
2049 Century Park East, Suite 2720
Los Angeles, California, 90067
Telephone:   (310) 246-3333
Fax:            (310) 246-3101
MToberoff@ipwla.com

Attorneys for Mark Warren Peary,
as personal representative of the
Estate of Joseph Shuster, Jean Adele
Peavy, Joanne Siegel and Laura Siegel
Larson

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| DC COMICS,<br><br>    Plaintiff,<br><br>  vs.<br><br>PACIFIC PICTURES CORPORATION;<br>IP WORLDWIDE, LLC; IPW, LLC;<br>MARC TOBEROFF, an individual;<br>MARK WARREN PEARY, as personal<br>representative of the ESTATE OF<br>JOSEPH SHUSTER; JEAN ADELE<br>PEAVY, an individual, JOANNE<br>SIEGEL, an individual; LAURA<br>SIEGEL LARSON, an individual,<br>and DOES 1-10, inclusive,<br><br>    Defendants. | Case No: CV 10-03633 ODW (RZx)<br><br>Hon. Otis D. Wright II, U.S.D.J.<br><br>**DEFENDANT JEAN ADELE PEAVY'S FIRST AMENDED RESPONSE AND OBJECTIONS TO PLAINTIFF DC COMICS' NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION OF DOCUMENTS**<br><br>Complaint Filed:  May 14, 2010<br>Trial Date:  None Set |

JEAN PEAVY`S FIRST AMENDED OBJECTIONS TO PLAINTIFF`S REQUEST FOR PRODUCTION

1   TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

2        Jean Adele Peavy ("Peavy"), pursuant to the provisions of Rule 34(b)(2) of the

3   Federal Rules of Civil Procedure, makes the following amended objections to

4   Plaintiff DC Comics' Notice of Deposition of Defendant Jean Peavy and Request for

5   Production of Documents ("Request") that was served on August 17, 2010 by

6   plaintiff DC Comics ("Plaintiff"):

7                                      **I.**

8                **OBJECTIONS TO THE ENTIRE REQUEST**

9        Peavy objects to the entire Request on each of the following grounds and

10  incorporates by reference each of the following objections into his response to each

11  individual category of documents within it:

12       1.      Peavy objects to the Request on the ground that the underlying

13  complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f)

14  as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code

15  Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the

16  issues.  These motions have been fully briefed and are set for hearing on October 18,

17  2010.  Given the pendency of these dispositive motions, Magistrate Zarefsky held on

18  September 20, 2010 that deposition discovery was not appropriate until at least

19  November 15, 2010 to afford Judge Wright time to rule on these motions.  Magistrate

20  Zarefsky has also indicated that Judge Wright may extend this deadline if he needs

21  more time to so rule.  Magistrate Zarefsky's rationale for limiting the burden of

22  discovery until Judge Wright has ruled on these motions should apply with equal

23  force to document discovery as it does to depositions.

24       2.      Peavy objects to each individual request within the Request to the extent

25  it is relevant only to the Fourth through Sixth state law claims for relief in DC's First

26  Amended Complaint ("FAC").  Defendants contend that their pending anti-SLAPP

27  motion stays discovery regarding these state law claims.    Magistrate Zarefsky

28  rejected that argument, apparently based on *Metabolife Int'l., Inc. v. Wornick*, 264

                                        1
JEAN PEAVY'S FIRST AMENDED OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

F.3d 832 (9th Cir. 2001), but Defendants have timely objected to this ruling pursuant to L.R. 72.2-1. *See* Docket No. 101. *Metabolife* is inconsistent with recent Supreme Court authority *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 130 S. Ct. 1431, 1452 (2010) (Stevens, J., concurring), decided this year, and with the Ninth Circuit's decision in *Batzel v. Smith*, 333 F.3d 1018, 1024 (9th Cir. 2003). These cases recognize that substantive provisions of state law, such as the anti-SLAPP statute's automatic discovery stay, apply in federal court. *Metabolife* includes no contrary discussion. In light of this, Judge Wright and the Ninth Circuit should be afforded the opportunity to address Defendants' well taken objection on these grounds. *See* Docket No. 101 at 3:20- 5:23. Any response that refers to the planned production of documents is without prejudice to Defendants' right to seek a stay of discovery before the Court, the 9th Circuit, or the Supreme Court.

Plaintiff has sought to avoid the force of this automatic stay by contending that the same discovery relates to DC's Third claim for relief ("Third Claim"), which it claims arises under federal copyright law. DC's Third Claim is premised on the false construct that DC purportedly has a right of exclusive negotiation under 17 U.S.C. § 304(c)(6)(D) to settle Defendant's termination claims pursuant to 17 U.S.C. § 304(d). However, the plain language of § 304(c)(6)(D) does not provide a terminated grantee like DC with any such "right," as expressly addressed and recognized in *Bourne Co. v. MPL Commc'ns, Inc.*, 675 F. Supp. 859, 865 n.11 (S.D.N.Y. 1987) ("[T]he statute neither compels the terminating party to negotiate with the terminated grantee, nor forbids him from negotiating with anyone else."). *See* Docket Nos. 78 at 4:7-7:27; 100 at 1:17-3:15. The Third Claim does not and cannot exist as a matter of law and thus DC cannot use this manufactured federal claim to avoid the automatic stay provided by the anti-SLAPP motion. CCP § 425.16(g); *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987) (stay of discovery pending motion to dismiss was appropriate where allegations - taken as true - failed to allege requisite elements of statutory cause of action).

JEAN PEAVY'S FIRST AMENDED OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

3.    To the extent the Request seeks documents concerning any agreement between the Shusters and Siegels to act collectively in negotiations with DC regarding the settlement of their termination claims ("Collective Bargaining"), Peavy objects on the following grounds:  Such documents concern only the Third through Sixth claims for relief and thus are irrelevant to the First and Second claims that are the only proper subject of discovery at this point in the proceedings.  Any documents that exist relating to Collective Bargaining contain and memorialize attorney-client privileged communications and attorney work product and reveal sensitive settlement strategy that would give DC an unfair advantage.  In addition, any Collective Bargaining documents were prepared in connection with mediation and the use of such information plainly violates the parties' May 1, 2008 JAMS Confidentiality Agreement and the California mediation privilege.  Moreover this disclosure is inconsistent with the policies of FRE 408 and California Evidence Code §§ 1119 *et seq.*; 1152.

4.    Peavy objects to the Request on the ground that a motion for entry of judgment pursuant to FRCP 54(b) has been filed in the closely related action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-CV-8400.  If this motion is granted, such judgment will have collateral estoppel effect on DC, and thereby substantially narrow the duplicative issues raised in the present action. Accordingly, any discovery should be stayed and documents should not be produced until the Rule 54(b) motion is decided.

5.    Peavy objects to the Request to the extent that it seeks the production of any item, or portion thereof, comprising or reflecting information transmitted and maintained in confidence between Peavy or any person or entity acting on her behalf and her counsel for the purpose of obtaining legal advice or representation, on the grounds that such information is protected from disclosure by the attorney-client privilege and the joint-interest privilege.  Such documents will not be produced in response to the request, and any inadvertent production thereof shall not be deemed a

3
JEAN PEAVY'S FIRST AMENDED OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

1    waiver of any privilege or doctrine with respect to such documents.

2       6.    Peavy objects to the Request to the extent that it seeks the production of

3    any item, or portion thereof, comprising or reflecting information with any

4    confidential impression, conclusion, opinion, legal research, or legal theory of

5    counsel for Peavy or any other person or entity, on the grounds that such information

6    is protected from disclosure by the attorney work product doctrine.  Such documents

7    will not be produced in response to the request, and any inadvertent production

8    thereof shall not be deemed a waiver of any privilege or doctrine with respect to such

9    documents.

10      7.    As the parties are in the process of negotiating a stipulation regarding

11   the parties' logging of post-litigation communications, Peavy will not be serving any

12   privilege logs until these negotiations are concluded. Defendants provided a draft of

13   proposed stipulation on September 16, 2010, to which Plaintiff did not respond for

14   nearly three weeks until October 6, 2010.  Before providing the draft stipulation,

15   counsel for Defendants repeatedly asked counsel for DC what terms DC would wish

16   to see in such a stipulation, but DC did not respond.  Nor will Defendants produce

17   any documents absent an agreement by DC that the production of such documents

18   will not constitute a waiver of any protection as to discovery and that there has been

19   no such waiver.  DC has not responded to this request for such an agreement.

20   Moreover, Peavy will neither produce nor log any documents created or transmitted

21   after the start of this litigation. All privileges and immunities provided by law are

22   expressly reserved.

23      8.    Peavy objects to the Request to the extent that it seeks the production of

24   any item, or portion thereof, which is not reasonably calculated to lead to the

25   discovery of relevant and admissible evidence, on the grounds that it exceeds the

26   permissible scope of discovery delimited by Rule 26(b)(1) of the Federal Rules of

27   Civil Procedure.

28      9.    Peavy objects to the Request to the extent that it seeks the production of

4
JEAN PEAVY'S FIRST AMENDED OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

any item, or portion thereof, comprising or reflecting any trade secret or other confidential or proprietary information of Peavy or any other person or entity.

10.     Peavy objects to the Request to the extent that it seeks the production of any item, or portion thereof, which is protected from disclosure by court order, or any privacy or similar rights of any person or entity.

11.     Peavy objects to the Request's document requests to the extent they are unduly burdensome, overly broad, impose extreme hardship or would result in the expenditure of unnecessary time and resources.

12.     Peavy objects to the Request to the extent it is overbroad and therefore unduly burdensome, oppressive and harassing.

13.     Peavy objects to the document requests contained in the Request to the extent the expense of producing documents outweighs the likely benefit of discovery provided to Plaintiff.

14.     Peavy objects to the Request to the extent that it seeks the production of duplicative identical items, or documents or information already in Plaintiff's possession, or by reason of public filing, publication or otherwise are readily accessible to Plaintiff through other means.

15.     Peavy objects to the Request to the extent that it seeks the production of any item which has been served, filed, or transmitted in the course of this action, on the grounds that such production would be burdensome, oppressive, and unnecessary.

16.     Peavy objects to the Request to the extent that it seeks the production of any item which has already been produced, served, or filed in the course of the related actions *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-CV-8400 ODW (RZx) and *Joanne Siegel, et al. v. Time Warner Inc., et al.*, Case No. 04-CV-8766 ODW (RZx) (collectively "*Siegel* Litigation"), on the grounds that such production would be duplicative, burdensome, oppressive, and unnecessary. Provided DC agrees that identification of documents produced by Peavy in the *Siegel* litigation that are responsive to this request will not trigger a requirement to produce

5

JEAN PEAVY'S FIRST AMENDED OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

a privilege log and that there is no waiver of privilege in identifying such documents and that there has been no such waiver, Peavy will identify the documents already produced in the *Siegel* litigation that are responsive to the Request.

17.    Peavy objects to the Request and each document category therein to the extent that it seeks the production of any item or document that is not the property of Peavy.  Peavy will not produce any items or documents that are the property of any other person or entity.

18.    Peavy objects generally to the Request and to the definitions and instructions therein to the extent that they purport to alter or extend Peavy's obligations beyond those established by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Central District of California, or any order or ruling by the Court in this action.

19.    Peavy objects generally to the definitions of the terms "YOU" and "YOUR" as vague and ambiguous, overbroad and unduly burdensome.  Peavy will construe these terms to refer to Peavy.

20.    Peavy objects generally to the definitions of the terms "DEFENDANT" and "DEFENDANTS" as vague and ambiguous, overbroad and unduly burdensome. Peavy will construe these terms to refer only to the specific defendants in this action.

21.    Peavy objects generally to the definition of the term "SHUSTER HEIRS" as vague and ambiguous, overbroad and unduly burdensome.  Solely for the purposes of these responses, and for no other purpose, Peavy will construe this term to refer only to the Estate of Joseph Shuster, Mark Peary, Jean Peavy, Dawn Peavy and Frank Shuster.

22.    Peavy objects generally to the definition of the term "SIEGEL HEIRS" as vague and ambiguous, overbroad and unduly burdensome.  Solely for the purposes of these responses, and for no other purpose, Peavy will construe this term to refer only to Joanne Siegel, Laura Siegel Larson, Dennis Larson and Michael Siegel.

23.    Peavy objects generally to the definition of the term "SHUSTER" as

JEAN PEAVY'S FIRST AMENDED OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

1  vague and ambiguous, overbroad and unduly burdensome.  Peavy will construe this

2  term to refer only to Joseph Shuster.

3      24.    Peavy objects generally to the definition of the term "SIEGEL" as vague

4  and ambiguous, overbroad and unduly burdensome.  Peavy will construe this term to

5  refer only to Jerome Siegel.

6      25.    Peavy reserves the right to revise, amend, supplement or clarify any of

7  the objections set forth herein.

8                                    **II.**

9                        **DOCUMENTS TO BE PRODUCED**

10              **SPECIFIC RESPONSES TO INDIVIDUAL REQUESTS**

11  **Document Request No. 1**

12      All agreements between or among YOU and any DEFENDANT regarding the

13  SHUSTER HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

14  **Response to Document Request No. 1**

15      In addition to the General Objections, which are incorporated herein by this

16  reference, Peavy specifically objects to this request on the ground that the underlying

17  complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f)

18  as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code

19  Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the

20  issues.  *See* General Objection ¶ 1, *supra*.  Peavy further objects to this request to the

21  extent that it is relevant only to DC's Third through Sixth state law claims as such

22  discovery should be stayed during the pendency of Defendants' anti-SLAPP motion

23  and because the Third Claim does not exist as a matter of law.  *See* General Objection

24  ¶ 2, *supra*.  Peavy further objects to this request to the extent it seeks any privileged

25  documents concerning any Collective Bargaining between the Shusters and Siegels

26  and because plaintiff's use of such information violates the parties' May 1, 2008

27  JAMS Confidentiality Agreement.  *See* General Objection ¶ 3, *supra*.

28

JEAN PEAVY'S FIRST AMENDED OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

In addition to the above, Peavy objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive.  Peavy objects to this request on the grounds that the phrase "purported rights" is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response.  Peavy further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope.  Peavy further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence.  Peavy additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing, and the general and specific objections, Peavy will produce responsive documents consistent with her understanding of this request, if any, that are not privileged and not subject to the parties' JAMS Confidentiality Agreement, provided that such production is based upon a stipulation signed by the parties and the Court concerning the obligations of the parties to log privileged documents.

**Document Request No. 2**

All agreements between or among YOU and any DEFENDANT regarding the SIEGEL HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 2**

In addition to the General Objections, which are incorporated herein by this reference, Peavy specifically objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues.  *See* General Objection ¶ 1, *supra*.  Peavy further objects to this request to the extent that it is relevant only to DC's Third through Sixth state law claims as such

JEAN PEAVY'S FIRST AMENDED OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

discovery should be stayed during the pendency of Defendants' anti-SLAPP motion and because the Third Claim does not exist as a matter of law. *See* General Objection ¶ 2, *supra*. Peavy further objects to this request to the extent it seeks any privileged documents concerning any Collective Bargaining between the Shusters and Siegels and because plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3, *supra*.

In addition to the above, Peavy objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive. Peavy objects to this request on the grounds that the phrase "purported rights" is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response. Peavy further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Peavy further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Peavy additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing, and the general and specific objections, Peavy will produce responsive documents consistent with her understanding of this request, if any, that are not privileged and not subject to the parties' JAMS Confidentiality Agreement, provided that such production is based upon a stipulation signed by the parties and the Court concerning the obligations of the parties to log privileged documents.

**Document Request No. 3**

All agreements between or among SHUSTER and SIEGEL regarding any purported rights in SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 3**

In addition to the General Objections, which are incorporated herein by this

JEAN PEAVY'S FIRST AMENDED OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

reference, Peavy specifically objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. *See* General Objection ¶ 1, *supra*. Peavy further objects to this request to the extent that it is relevant only to DC's Third through Sixth state law claims as such discovery should be stayed during the pendency of Defendants' anti-SLAPP motion and because the Third Claim does not exist as a matter of law. *See* General Objection ¶ 2, *supra*. Peavy further objects to this request to the extent it seeks any privileged documents concerning any Collective Bargaining between the Shusters and Siegels and because plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3, *supra*.

In addition to the above, Peavy objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive. Peavy objects to this request on the grounds that the phrase "purported rights" is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response. Peavy further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Peavy further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Peavy additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing, and the general and specific objections, Peavy will produce responsive documents consistent with her understanding of this request, if any, that are not privileged and not subject to the parties' JAMS Confidentiality Agreement, provided that such production is based upon a stipulation signed by the parties and the Court concerning the obligations of

JEAN PEAVY'S FIRST AMENDED OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT T
418

1  the parties to log privileged documents.

2  **Document Request No. 4**

3      All DOCUMENTS relating to or affecting the ability of YOU or the

4  SHUSTER HEIRS to negotiate or enter into agreements regarding SUPERMAN

5  and/or SUPERBOY.

6  **Response to Document Request No. 4**

7      In addition to the General Objections, which are incorporated herein by this

8  reference, Peavy specifically objects to this request on the ground that the underlying

9  complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f)

10 as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code

11 Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the

12 issues. *See* General Objection ¶ 1, *supra*. Peavy further objects to this request to the

13 extent that it is relevant only to DC's Third through Sixth state law claims as such

14 discovery should be stayed during the pendency of Defendants' anti-SLAPP motion

15 and because the Third Claim does not exist as a matter of law. *See* General Objection

16 ¶ 2, *supra*. Peavy further objects to this request to the extent it seeks any privileged

17 documents concerning any Collective Bargaining between the Shusters and Siegels

18 and because plaintiff's use of such information violates the parties' May 1, 2008

19 JAMS Confidentiality Agreement. *See* General Objection ¶ 3, *supra*.

20     In addition to the above, Peavy objects to this request on the grounds that it is

21 compound, overbroad, burdensome and oppressive. Peavy further objects to this

22 request on the grounds that the phrase "affecting the ability of YOU or the

23 SHUSTER HEIRS to negotiate or enter into agreements regarding SUPERMAN

24 and/or SUPERBOY" is vague and ambiguous, and lacks sufficient precision to allow

25 her to formulate an appropriate response. Peavy further objects to this request on the

26 grounds that it is indefinite as to time and not reasonably limited in scope. Peavy

27 further objects to this request to the extent that it seeks the production of any item, or

28 portion thereof, which is not reasonably calculated to lead to the discovery of relevant

JEAN PEAVY'S FIRST AMENDED OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

and admissible evidence.  Peavy additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing, and the general and specific objections, Peavy will produce responsive documents consistent with her understanding of this request, if any, that are not privileged and not subject to the parties' JAMS Confidentiality Agreement, provided that such production is based upon a stipulation signed by the parties and the Court concerning the obligations of the parties to log privileged documents.

**Document Request No. 5**

All DOCUMENTS relating to or affecting the ability of the SIEGEL HEIRS to negotiate or enter into agreements regarding SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 5**

In addition to the General Objections, which are incorporated herein by this reference, Peavy specifically objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. *See* General Objection ¶ 1, *supra*.  Peavy further objects to this request to the extent that it is relevant only to DC's Third through Sixth state law claims as such discovery should be stayed during the pendency of Defendants' anti-SLAPP motion and because the Third Claim does not exist as a matter of law. *See* General Objection ¶ 2, *supra*.  Peavy further objects to this request to the extent it seeks any privileged documents concerning any Collective Bargaining between the Shusters and Siegels and because plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3, *supra*.

In addition to the above, Peavy objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive.  Peavy further objects to this

1  request on the grounds that the phrase "affecting the ability of the SIEGEL HEIRS to

2  negotiate or enter into agreements" is vague and ambiguous, and lacks sufficient

3  precision to allow her to formulate an appropriate response. Peavy further objects to

4  this request on the grounds that it is indefinite as to time and not reasonably limited

5  in scope.  Peavy further objects to this request to the extent that it seeks the

6  production of any item, or portion thereof, which is not reasonably calculated to lead

7  to the discovery of relevant and admissible evidence.  Peavy additionally objects to

8  this request to the extent that it seeks communications or items protected by the

9  attorney-client privilege, the attorney work product doctrine and any other privilege

10 or immunity available under law or arising from contractual obligation. Subject to

11 and without waiving the foregoing, and the general and specific objections, Peavy

12 will produce responsive documents consistent with her understanding of this request,

13 if any, that are not privileged and not subject to the parties' JAMS Confidentiality

14 Agreement, provided that such production is based upon a stipulation signed by the

15 parties and the Court concerning the obligations of the parties to log privileged

16 documents.

17 **Document Request No. 6**

18       All DOCUMENTS relating to or affecting the disposition, division, or

19 ownership of any rights in SUPERMAN and/or SUPERBOY.

20 **Response to Document Request No. 6**

21       In addition to the General Objections, which are incorporated herein by this

22 reference, Peavy specifically objects to this request on the ground that the underlying

23 complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f)

24 as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code

25 Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the

26 issues.  *See* General Objection ¶ 1, *supra*.  Peavy further objects to this request to the

27 extent that it is relevant only to DC's Third through Sixth state law claims as such

28 discovery should be stayed during the pendency of Defendants' anti-SLAPP motion

JEAN PEAVY'S FIRST AMENDED OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

and because the Third Claim does not exist as a matter of law. *See* General Objection ¶ 2, *supra*. Peavy further objects to this request to the extent it seeks any privileged documents concerning any Collective Bargaining between the Shusters and Siegels and because plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3, *supra*.

In addition to the above, Peavy objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive. Peavy further objects to this request on the grounds that the phrase "affecting the disposition, division, or ownership of" is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response. Peavy further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Peavy further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Peavy additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing, and the general and specific objections, Peavy will produce responsive documents consistent with her understanding of this request, if any, that are not privileged and not subject to the parties' JAMS Confidentiality Agreement, provided that such production is based upon a stipulation signed by the parties and the Court concerning the obligations of the parties to log privileged documents.

**Document Request No. 7**

All DOCUMENTS relating to or affecting the division of revenue, proceeds, or other profits regarding SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 7**

In addition to the General Objections, which are incorporated herein by this reference, Peavy specifically objects to this request on the ground that the underlying

JEAN PEAVY'S FIRST AMENDED OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. *See* General Objection ¶ 1, *supra*. Peavy further objects to this request to the extent that it is relevant only to DC's Third through Sixth state law claims as such discovery should be stayed during the pendency of Defendants' anti-SLAPP motion and because the Third Claim does not exist as a matter of law. *See* General Objection ¶ 2, *supra*. Peavy further objects to this request to the extent it seeks any privileged documents concerning any Collective Bargaining between the Shusters and Siegels and because plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3, *supra*.

In addition to the above, Peavy objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive. Peavy further objects to this request on the grounds that the phrase "affecting the division of" is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response. Peavy further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Peavy further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Peavy additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing, and the general and specific objections, Peavy will produce responsive documents consistent with her understanding of this request, if any, that are not privileged and not subject to the parties' JAMS Confidentiality Agreement, provided that such production is based upon a stipulation signed by the parties and the Court concerning the obligations of the parties to log privileged documents.

15

JEAN PEAVY'S FIRST AMENDED OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

**Document Request No. 8**

All DOCUMENTS relating to or affecting the division of any settlement proceeds regarding SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 8**

In addition to the General Objections, which are incorporated herein by this reference, Peavy specifically objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. *See* General Objection ¶ 1, *supra*. Peavy further objects to this request to the extent that it is relevant only to DC's Third through Sixth state law claims as such discovery should be stayed during the pendency of Defendants' anti-SLAPP motion and because the Third Claim does not exist as a matter of law. *See* General Objection ¶ 2, *supra*. Peavy further objects to this request to the extent it seeks any privileged documents concerning any Collective Bargaining between the Shusters and Siegels and because plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3, *supra*.

In addition to the above, Peavy objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive. Peavy further objects to this request on the grounds that the phrase "affecting the division of" is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response. Peavy further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Peavy further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Peavy additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual

obligation. Subject to and without waiving the foregoing, and the general and specific objections, Peavy will produce responsive documents consistent with her understanding of this request, if any, that are not privileged and not subject to the parties' JAMS Confidentiality Agreement, provided that such production is based upon a stipulation signed by the parties and the Court concerning the obligations of the parties to log privileged documents.

**Document Request No. 9**

All DOCUMENTS relating to the potential sale, assignment, license, or other disposition of any rights relating to SUPERMAN and/or SUPERBOY, including but not limited to any solicitation, offer, option, or proposed agreement.

**Response to Document Request No. 9**

In addition to the General Objections, which are incorporated herein by this reference, Peavy specifically objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. *See* General Objection ¶ 1, *supra*. Peavy further objects to this request to the extent that it is relevant only to DC's Third through Sixth state law claims as such discovery should be stayed during the pendency of Defendants' anti-SLAPP motion and because the Third Claim does not exist as a matter of law. *See* General Objection ¶ 2, *supra*. Peavy further objects to this request to the extent it seeks any privileged documents concerning any Collective Bargaining between the Shusters and Siegels and because plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3, *supra*.

In addition to the above, Peavy objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive. Peavy further objects to this request on the grounds that the request is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response. Peavy further objects to

this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Peavy further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Peavy additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing, and the general and specific objections, Peavy will produce responsive documents consistent with her understanding of this request, if any, that are not privileged and not subject to the parties' JAMS Confidentiality Agreement, provided that such production is based upon a stipulation signed by the parties and the Court concerning the obligations of the parties to log privileged documents.

**Document Request No. 10**

All DOCUMENTS relating to the valuation of any past, current, or potential ownership interest in SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 10**

In addition to the General Objections, which are incorporated herein by this reference, Peavy specifically objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. *See* General Objection ¶ 1, *supra*. Peavy further objects to this request to the extent that it is relevant only to DC's Third through Sixth state law claims as such discovery should be stayed during the pendency of Defendants' anti-SLAPP motion and because the Third Claim does not exist as a matter of law. *See* General Objection ¶ 2, *supra*. Peavy further objects to this request to the extent it seeks any privileged documents concerning any Collective Bargaining between the Shusters and Siegels

and because plaintiff's use of such information violates the parties' May 1, 2008
JAMS Confidentiality Agreement.  *See* General Objection ¶ 3, *supra.*

In addition to the above, Peavy objects to this request on the grounds that it is
compound, overbroad, burdensome and oppressive.  Peavy further objects to this
request on the grounds that the phrase "valuation of any past, current, or potential
ownership interest in SUPERMAN and/or SUPERBOY" is vague and ambiguous,
and lacks sufficient precision to allow her to formulate an appropriate response.
Peavy further objects to this request on the grounds that it is indefinite as to time and
not reasonably limited in scope.  Peavy further objects to this request to the extent
that it seeks the production of any item, or portion thereof, which is not reasonably
calculated to lead to the discovery of relevant and admissible evidence.  Peavy
additionally objects to this request to the extent that it seeks communications or items
protected by the attorney-client privilege, the attorney work product doctrine and any
other privilege or immunity available under law or arising from contractual
obligation.  Subject to and without waiving the foregoing, and the general and
specific objections, Peavy will produce responsive non-privileged documents
consistent with her understanding of this request, if any, provided that such
production is based upon a stipulation signed by the parties and the Court concerning
the obligations of the parties to log privileged documents.

**Document Request No. 11**

All DOCUMENTS relating to the introduction of YOU or the SHUSTER
HEIRS to any DEFENDANT.

**Response to Document Request No. 11**

In addition to the General Objections, which are incorporated herein by this
reference, Peavy specifically objects to this request on the ground that the underlying
complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f)
as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code
Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the

JEAN PEAVY'S FIRST AMENDED OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

issues. *See* General Objection ¶ 1, *supra.* Peavy further objects to this request to the extent that it is relevant only to DC's Third through Sixth state law claims as such discovery should be stayed during the pendency of Defendants' anti-SLAPP motion and because the Third Claim does not exist as a matter of law. *See* General Objection ¶ 2, *supra.* Peavy further objects to this request to the extent it seeks any privileged documents concerning any Collective Bargaining between the Shusters and Siegels and because plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3, *supra.*

In addition to the above, Peavy objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive. Peavy further objects to this request on the grounds that the phrase "introduction of YOU or the SHUSTER HEIRS to any DEFENDANT" is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response. Peavy further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Peavy further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Peavy additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing, and the general and specific objections, Peavy will produce responsive non-privileged documents consistent with her understanding of this request, if any, provided that such production is based upon a stipulation signed by the parties and the Court concerning the obligations of the parties to log privileged documents.

**Document Request No. 12**

All DOCUMENTS relating to the introduction of the SIEGEL HEIRS to any DEFENDANT.

JEAN PEAVY'S FIRST AMENDED OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT T
428

**Response to Document Request No. 12**

In addition to the General Objections, which are incorporated herein by this reference, Peavy specifically objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. *See* General Objection ¶ 1, *supra*. Peavy further objects to this request to the extent that it is relevant only to DC's Third through Sixth state law claims as such discovery should be stayed during the pendency of Defendants' anti-SLAPP motion and because the Third Claim does not exist as a matter of law. *See* General Objection ¶ 2, *supra*. Peavy further objects to this request to the extent it seeks any privileged documents concerning any Collective Bargaining between the Shusters and Siegels and because plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3, *supra*.

In addition to the above, Peavy objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive. Peavy further objects to this request on the grounds that the phrase "introduction of the SIEGEL HEIRS to any DEFENDANT" is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response. Peavy further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Peavy further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Peavy additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing, and the general and specific objections, Peavy will produce responsive non-privileged documents consistent with her understanding of this request, if any,

1  provided that such production is based upon a stipulation signed by the parties and

2  the Court concerning the obligations of the parties to log privileged documents.

3  **Document Request No. 13**

4      All DOCUMENTS relating to the letter dated August 21, 1992 that YOU sent

5  to Time Warner Inc.

6  **Response to Document Request No. 13**

7      In addition to the General Objections, which are incorporated herein by this

8  reference, Peavy specifically objects to this request on the ground that the underlying

9  complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f)

10  as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code

11  Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the

12  issues. *See* General Objection ¶ 1, *supra*. Peavy further objects to this request to the

13  extent that it is relevant only to DC's Third through Sixth state law claims as such

14  discovery should be stayed during the pendency of Defendants' anti-SLAPP motion

15  and because the Third Claim does not exist as a matter of law. *See* General Objection

16  ¶ 2, *supra*. Peavy further objects to this request to the extent it seeks any privileged

17  documents concerning any Collective Bargaining between the Shusters and Siegels

18  and because plaintiff's use of such information violates the parties' May 1, 2008

19  JAMS Confidentiality Agreement. *See* General Objection ¶ 3, *supra*.

20      In addition to the above, Peavy objects to this request on the grounds that it is

21  compound, overbroad, burdensome and oppressive. Peavy further objects to this

22  request on the grounds that it is vague and ambiguous, and lacks sufficient precision

23  to allow her to formulate an appropriate response. Peavy further objects to this

24  request on the grounds that it is indefinite as to time and not reasonably limited in

25  scope. Peavy further objects to this request to the extent that it seeks the production

26  of any item, or portion thereof, which is not reasonably calculated to lead to the

27  discovery of relevant and admissible evidence. Peavy additionally objects to this

28  request to the extent that it seeks communications or items protected by the attorney-

JEAN PEAVY'S FIRST AMENDED OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing, and the general and specific objections, Peavy will produce responsive non-privileged documents consistent with her understanding of this request, if any, provided that such production is based upon a stipulation signed by the parties and the Court concerning the obligations of the parties to log privileged documents.

**Document Request No. 14**

All DOCUMENTS relating to the letter dated September 10, 1992 that Frank Shuster sent on YOUR behalf to Paul Levitz of DC Comics.

**Response to Document Request No. 14**

In addition to the General Objections, which are incorporated herein by this reference, Peavy specifically objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. *See* General Objection ¶ 1, *supra*. Peavy further objects to this request to the extent that it is relevant only to DC's Third through Sixth state law claims as such discovery should be stayed during the pendency of Defendants' anti-SLAPP motion and because the Third Claim does not exist as a matter of law. *See* General Objection ¶ 2, *supra*. Peavy further objects to this request to the extent it seeks any privileged documents concerning any Collective Bargaining between the Shusters and Siegels and because plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3, *supra*.

In addition to the above, Peavy objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive. Peavy further objects to this request on the grounds that it is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response. Peavy further objects to this

JEAN PEAVY'S FIRST AMENDED OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

request on the grounds that it is indefinite as to time and not reasonably limited in scope. Peavy further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Peavy additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing, and the general and specific objections, Peavy will produce responsive non-privileged documents consistent with her understanding of this request, if any, provided that such production is based upon a stipulation signed by the parties and the Court concerning the obligations of the parties to log privileged documents.

**Document Request No. 15**

All DOCUMENTS relating to the agreement dated August 1, 1992 that YOU entered into with DC Comics.

**Response to Document Request No. 15**

In addition to the General Objections, which are incorporated herein by this reference, Peavy specifically objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. *See* General Objection ¶ 1, *supra*. Peavy further objects to this request to the extent that it is relevant only to DC's Third through Sixth state law claims as such discovery should be stayed during the pendency of Defendants' anti-SLAPP motion and because the Third Claim does not exist as a matter of law. *See* General Objection ¶ 2, *supra*. Peavy further objects to this request to the extent it seeks any privileged documents concerning any Collective Bargaining between the Shusters and Siegels and because plaintiff's use of such information violates the parties' May 1, 2008

JEAN PEAVY'S FIRST AMENDED OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

JAMS Confidentiality Agreement.  *See* General Objection ¶ 3, *supra.*

In addition to the above, Peavy objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive.  Peavy further objects to this request on the grounds that it is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response.  Peavy further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope.  Peavy further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence.  Peavy additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing, and the general and specific objections, Peavy will produce responsive non-privileged documents consistent with her understanding of this request, if any, provided that such production is based upon a stipulation signed by the parties and the Court concerning the obligations of the parties to log privileged documents.

**Document Request No. 16**

All DOCUMENTS relating to the letter dated July 10, 1993 that YOU sent to Paul Levitz of DC Comics.

**Response to Document Request No. 16**

In addition to the General Objections, which are incorporated herein by this reference, Peavy specifically objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues.  *See* General Objection ¶ 1, *supra.*  Peavy further objects to this request to the extent that it is relevant only to DC's Third through Sixth state law claims as such

discovery should be stayed during the pendency of Defendants' anti-SLAPP motion and because the Third Claim does not exist as a matter of law. *See* General Objection ¶ 2, *supra*. Peavy further objects to this request to the extent it seeks any privileged documents concerning any Collective Bargaining between the Shusters and Siegels and because plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3, *supra*.

In addition to the above, Peavy objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive. Peavy further objects to this request on the grounds that it is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response. Peavy further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Peavy further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Peavy additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing, and the general and specific objections, Peavy will produce responsive non-privileged documents consistent with her understanding of this request, if any, provided that such production is based upon a stipulation signed by the parties and the Court concerning the obligations of the parties to log privileged documents.

**Document Request No. 17**

All DOCUMENTS relating to the letter dated September 14, 1993 that YOU sent to Paul Levitz of DC Comics.

**Response to Document Request No. 17**

In addition to the General Objections, which are incorporated herein by this reference, Peavy specifically objects to this request on the ground that the underlying

complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues.  *See* General Objection ¶ 1, *supra*.  Peavy further objects to this request to the extent that it is relevant only to DC's Third through Sixth state law claims as such discovery should be stayed during the pendency of Defendants' anti-SLAPP motion and because the Third Claim does not exist as a matter of law.  *See* General Objection ¶ 2, *supra*.  Peavy further objects to this request to the extent it seeks any privileged documents concerning any Collective Bargaining between the Shusters and Siegels and because plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3, *supra*.

In addition to the above, Peavy objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive.  Peavy further objects to this request on the grounds that it is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response.  Peavy further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope.  Peavy further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence.  Peavy additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing, and the general and specific objections, Peavy will produce responsive non-privileged documents consistent with her understanding of this request, if any, provided that such production is based upon a stipulation signed by the parties and the Court concerning the obligations of the parties to log privileged documents.

JEAN PEAVY'S FIRST AMENDED OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT T
435

**Document Request No. 18**

All DOCUMENTS relating to the letter dated April 27, 1995 that YOU sent to Paul Levitz of DC Comics.

**Response to Document Request No. 18**

In addition to the General Objections, which are incorporated herein by this reference, Peavy specifically objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. *See* General Objection ¶ 1, *supra*. Peavy further objects to this request to the extent that it is relevant only to DC's Third through Sixth state law claims as such discovery should be stayed during the pendency of Defendants' anti-SLAPP motion and because the Third Claim does not exist as a matter of law. *See* General Objection ¶ 2, *supra*. Peavy further objects to this request to the extent it seeks any privileged documents concerning any Collective Bargaining between the Shusters and Siegels and because plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3, *supra*.

In addition to the above, Peavy objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive. Peavy further objects to this request on the grounds that it is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response. Peavy further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Peavy further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Peavy additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and

without waiving the foregoing, and the general and specific objections, Peavy will produce responsive non-privileged documents consistent with her understanding of this request, if any, provided that such production is based upon a stipulation signed by the parties and the Court concerning the obligations of the parties to log privileged documents.

**Document Request No. 19**

All DOCUMENTS relating to the letter agreement dated November 23, 2001 that YOU entered into with DEFENDANT Pacific Pictures Corporation.

**Response to Document Request No. 19**

In addition to the General Objections, which are incorporated herein by this reference, Peavy specifically objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. *See* General Objection ¶ 1, *supra.* Peavy further objects to this request to the extent that it is relevant only to DC's Third through Sixth state law claims as such discovery should be stayed during the pendency of Defendants' anti-SLAPP motion and because the Third Claim does not exist as a matter of law. *See* General Objection ¶ 2, *supra.* Peavy further objects to this request to the extent it seeks any privileged documents concerning any Collective Bargaining between the Shusters and Siegels and because plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3, *supra.*

In addition to the above, Peavy objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive. Peavy further objects to this request on the grounds that it is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response. Peavy further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Peavy further objects to this request to the extent that it seeks the production

JEAN PEAVY'S FIRST AMENDED OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

1  of any item, or portion thereof, which is not reasonably calculated to lead to the

2  discovery of relevant and admissible evidence.  Peavy additionally objects to this

3  request to the extent that it seeks communications or items protected by the attorney-

4  client privilege, the attorney work product doctrine and any other privilege or

5  immunity available under law or arising from contractual obligation.  Subject to and

6  without waiving the foregoing, and the general and specific objections, Peavy will

7  produce responsive non-privileged documents consistent with her understanding of

8  this request, if any, provided that such production is based upon a stipulation signed

9  by the parties and the Court concerning the obligations of the parties to log privileged

10  documents.

11  **Document Request No. 20**

12      All DOCUMENTS relating to the letter agreement dated October 27, 2003 that

13  YOU entered into with DEFENDANT Pacific Pictures Corporation.

14  **Response to Document Request No. 20**

15      In addition to the General Objections, which are incorporated herein by this

16  reference, Peavy specifically objects to this request on the ground that the underlying

17  complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f)

18  as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code

19  Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the

20  issues.  *See* General Objection ¶ 1, *supra*.  Peavy further objects to this request to the

21  extent that it is relevant only to DC's Third through Sixth state law claims as such

22  discovery should be stayed during the pendency of Defendants' anti-SLAPP motion

23  and because the Third Claim does not exist as a matter of law.  *See* General Objection

24  ¶ 2, *supra*.  Peavy further objects to this request to the extent it seeks any privileged

25  documents concerning any Collective Bargaining between the Shusters and Siegels

26  and because plaintiff's use of such information violates the parties' May 1, 2008

27  JAMS Confidentiality Agreement.  *See* General Objection ¶ 3, *supra*.

28      In addition to the above, Peavy objects to this request on the grounds that it is

JEAN PEAVY'S FIRST AMENDED OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT T
438

compound, overbroad, burdensome and oppressive.  Peavy further objects to this

request on the grounds that it is vague and ambiguous, and lacks sufficient precision

to allow her to formulate an appropriate response.  Peavy further objects to this

request on the grounds that it is indefinite as to time and not reasonably limited in

scope.  Peavy further objects to this request to the extent that it seeks the production

of any item, or portion thereof, which is not reasonably calculated to lead to the

discovery of relevant and admissible evidence.  Peavy additionally objects to this

request to the extent that it seeks communications or items protected by the attorney-

client privilege, the attorney work product doctrine and any other privilege or

immunity available under law or arising from contractual obligation.  Subject to and

without waiving the foregoing, and the general and specific objections, Peavy will

produce responsive non-privileged documents consistent with her understanding of

this request, if any, provided that such production is based upon a stipulation signed

by the parties and the Court concerning the obligations of the parties to log privileged

documents.

**Document Request No. 21**

All DOCUMENTS relating to the letter dated September 10, 2004 that YOU

signed with DEFENDANT Pacific Pictures Corporation.

**Response to Document Request No. 21**

In addition to the General Objections, which are incorporated herein by this

reference, Peavy specifically objects to this request on the ground that the underlying

complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f)

as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code

Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the

issues.  *See* General Objection ¶ 1, *supra*.  Peavy further objects to this request to the

extent that it is relevant only to DC's Third through Sixth state law claims as such

discovery should be stayed during the pendency of Defendants' anti-SLAPP motion

and because the Third Claim does not exist as a matter of law.  *See* General Objection

JEAN PEAVY'S FIRST AMENDED OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT T
439

¶ 2, *supra*.  Peavy further objects to this request to the extent it seeks any privileged documents concerning any Collective Bargaining between the Shusters and Siegels and because plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3, *supra*.

In addition to the above, Peavy objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive.  Peavy further objects to this request on the grounds that it is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response.  Peavy further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope.  Peavy further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence.  Peavy additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing, and the general and specific objections, Peavy will produce responsive non-privileged documents consistent with her understanding of this request, if any, provided that such production is based upon a stipulation signed by the parties and the Court concerning the obligations of the parties to log privileged documents.

**Document Request No. 22**

All DOCUMENTS relating to the Request of Termination of Transfer Covering Extended Copyright Renewal Term of "Superman" served on behalf of the Estate of Joseph Shuster on or around November 10, 2003.

**Response to Document Request No. 22**

In addition to the General Objections, which are incorporated herein by this reference, Peavy specifically objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f)

32

JEAN PEAVY'S FIRST AMENDED OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. *See* General Objection ¶ 1, *supra*. Peavy further objects to this request to the extent that it is relevant only to DC's Third through Sixth state law claims as such discovery should be stayed during the pendency of Defendants' anti-SLAPP motion and because the Third Claim does not exist as a matter of law. *See* General Objection ¶ 2, *supra*. Peavy further objects to this request to the extent it seeks any privileged documents concerning any Collective Bargaining between the Shusters and Siegels and because plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3, *supra*.

In addition to the above, Peavy objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive. Peavy further objects to this request on the grounds that it is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response. Peavy further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Peavy further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Peavy additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing, and the general and specific objections, Peavy will produce responsive non-privileged documents consistent with her understanding of this request, if any, provided that such production is based upon a stipulation signed by the parties and the Court concerning the obligations of the parties to log privileged documents.

JEAN PEAVY'S FIRST AMENDED OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

1

2  DATED:  October 8, 2010          TOBEROFF & ASSOCIATES, P.C.

3

4                                    By_____
                                            Marc Toberoff
5
                                    Attorneys for Defendants Mark Warren Peavy,
6                                    as personal representative of the Estate of
                                    Joseph Shuster, Jean Adele Peavy, Joanne
7                                    Siegel and Laura Siegel Larson

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

34

JEAN PEAVY`S FIRST AMENDED OBJECTIONS TO PLAINTIFF`S REQUEST FOR PRODUCTION