# EXHIBIT U

1  Marc Toberoff (State Bar No. 188547)
   Nicholas C. Williamson (State Bar No. 231124)
2  Keith G. Adams (State Bar No. 240497)
   TOBEROFF & ASSOCIATES, P.C.
3  2049 Century Park East, Suite 2720
   Los Angeles, California, 90067
4  Telephone:  (310) 246-3333
   Fax:          (310) 246-3101
5  MToberoff@ipwla.com

6  Attorneys for Mark Warren Peary,
   as personal representative of the
7  Estate of Joseph Shuster, Jean Adele
   Peavy, Joanne Siegel and Laura Siegel
8  Larson

9
                  **UNITED STATES DISTRICT COURT**
10
         **CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION**
11
   DC COMICS,                          Case No: CV 10-03633 ODW (RZx)
12
                    Plaintiff,          Hon. Otis D. Wright II, U.S.D.J.
13
          vs.                           **DEFENDANT MARK WARREN
14                                       PEARY'S, AS PERSONAL
   PACIFIC PICTURES CORPORATION;         REPRESENTATIVE OF THE
15 IP WORLDWIDE, LLC; IPW, LLC;          ESTATE OF JOSEPH
   MARC TOBEROFF, an individual;         SHUSTER, FIRST AMENDED
16 MARK WARREN PEARY, as personal        RESPONSE AND OBJECTIONS
                                         TO PLAINTIFF DC COMICS'
17 representative of the ESTATE OF        NOTICE OF DEPOSITION AND
   JOSEPH SHUSTER; JEAN ADELE            REQUEST FOR PRODUCTION
18 PEAVY, an individual, JOANNE          OF DOCUMENTS**
   SIEGEL, an individual; LAURA
19 SIEGEL LARSON, an individual,         Complaint Filed:  May 14, 2010
   and DOES 1-10, inclusive,            Trial Date:  None Set
20
21
                    Defendants.
22

23

24

25

26

27

28
   _____
   MARK WARREN PEARY'S FIRST AMENDED OBJECTIONS TO PLAINTIFF'S REQUEST FOR
                              PRODUCTION

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

Mark Warren Peary, as personal representative of the Estate of Joseph Shuster ("Peary"), pursuant to the provisions of Rule 34(b)(2) of the Federal Rules of Civil Procedure, makes the following amended objections to Plaintiff DC Comics' Notice of Deposition of Defendant Mark Warren Peary and Request for Production of Documents ("Request") that was served on August 17, 2010 by plaintiff DC Comics ("Plaintiff"):

## I.

## <u>OBJECTIONS TO THE ENTIRE REQUEST</u>

Peary objects to the entire Request on each of the following grounds and incorporates by reference each of the following objections into his response to each individual category of documents within it:

1.    Peary objects to the Request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. These motions have been fully briefed and are set for hearing on October 18, 2010. Given the pendency of these dispositive motions, Magistrate Zarefsky held on September 20, 2010 that deposition discovery was not appropriate until at least November 15, 2010 to afford Judge Wright time to rule on these motions. Magistrate Zarefsky has also indicated that Judge Wright may extend this deadline if he needs more time to so rule. Magistrate Zarefsky's rationale for limiting the burden of discovery until Judge Wright has ruled on these motions should apply with equal force to document discovery as it does to depositions.

2.    Peary objects to each individual request within the Request to the extent it is relevant only to the Fourth through Sixth state law claims for relief in DC's First Amended Complaint ("FAC"). Defendants contend that their pending anti-SLAPP motion stays discovery regarding these state law claims. Magistrate Zarefsky

MARK WARREN PEARY'S FIRST AMENDED OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

rejected that argument, apparently based on *Metabolife Int'l., Inc. v. Wornick*, 264 F.3d 832 (9th Cir. 2001), but Defendants have timely objected to this ruling pursuant to L.R. 72.2-1. *See* Docket No. 101. *Metabolife* is inconsistent with recent Supreme Court authority *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 130 S. Ct. 1431, 1452 (2010) (Stevens, J., concurring), decided this year, and with the Ninth Circuit's decision in *Batzel v. Smith*, 333 F.3d 1018, 1024 (9th Cir. 2003). These cases recognize that substantive provisions of state law, such as the anti-SLAPP statute's automatic discovery stay, apply in federal court. *Metabolife* includes no contrary discussion. In light of this, Judge Wright and the Ninth Circuit should be afforded the opportunity to address Defendants' well taken objection on these grounds. *See* Docket No. 101 at 3:20- 5:23. Any response that refers to the planned production of documents is without prejudice to Defendants' right to seek a stay of discovery before the Court, the 9th Circuit, or the Supreme Court.

Plaintiff has sought to avoid the force of this automatic stay by contending that the same discovery relates to DC's Third claim for relief ("Third Claim"), which it claims arises under federal copyright law. DC's Third Claim is premised on the false construct that DC purportedly has a right of exclusive negotiation under 17 U.S.C. § 304(c)(6)(D) to settle Defendant's termination claims pursuant to 17 U.S.C. § 304(d). However, the plain language of § 304(c)(6)(D) does not provide a terminated grantee like DC with any such "right," as expressly addressed and recognized in *Bourne Co. v. MPL Commc'ns, Inc.*, 675 F. Supp. 859, 865 n.11 (S.D.N.Y. 1987) ("[T]he statute neither compels the terminating party to negotiate with the terminated grantee, nor forbids him from negotiating with anyone else."). *See* Docket Nos. 78 at 4:7-7:27; 100 at 1:17-3:15. The Third Claim does not and cannot exist as a matter of law and thus DC cannot use this manufactured federal claim to avoid the automatic stay provided by the anti-SLAPP motion. CCP § 425.16(g); *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987) (stay of discovery pending motion to dismiss was appropriate where allegations - taken as true - failed to allege requisite elements of

2

MARK WARREN PEARY'S FIRST AMENDED OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

1    statutory cause of action).

2        3.    To the extent the Request seeks documents concerning any agreement

3    between the Shusters and Siegels to act collectively in negotiations with DC

4    regarding the settlement of their termination claims ("Collective Bargaining"), Peary

5    objects on the following grounds:  Such documents concern only the Third through

6    Sixth claims for relief and thus are irrelevant to the First and Second claims that are

7    the only proper subject of discovery at this point in the proceedings.  Any documents

8    that exist relating to Collective Bargaining contain and memorialize attorney-client

9    privileged communications and attorney work product and reveal sensitive settlement

10   strategy that would give DC an unfair advantage.  In addition, any Collective

11   Bargaining documents were prepared in connection with mediation and the use of

12   such information plainly violates the parties' May 1, 2008 JAMS Confidentiality

13   Agreement and the California mediation privilege.  Moreover this disclosure is

14   inconsistent with the policies of FRE 408 and California Evidence Code §§ 1119 *et*

15   *seq.*; 1152.

16       4.    Peary objects to the Request on the ground that a motion for entry of

17   judgment pursuant to FRCP 54(b) has been filed in the closely related action *Joanne*

18   *Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-CV-8400.  If

19   this motion is granted, such judgment will have collateral estoppel effect on DC, and

20   thereby substantially narrow the duplicative issues raised in the present action.

21   Accordingly, any discovery should be stayed and documents should not be produced

22   until the Rule 54(b) motion is decided.

23       5.    Peary objects to the Request to the extent that it seeks the production of

24   any item, or portion thereof, comprising or reflecting information transmitted and

25   maintained in confidence between Peary or any person or entity acting on his behalf

26   and his counsel for the purpose of obtaining legal advice or representation, on the

27   grounds that such information is protected from disclosure by the attorney-client

28   privilege and the joint-interest privilege.  Such documents will not be produced in

1  response to the request, and any inadvertent production thereof shall not be deemed a

2  waiver of any privilege or doctrine with respect to such documents.

3        6.     Peary objects to the Request to the extent that it seeks the production of

4  any item, or portion thereof, comprising or reflecting information with any

5  confidential impression, conclusion, opinion, legal research, or legal theory of

6  counsel for Peary or any other person or entity, on the grounds that such information

7  is protected from disclosure by the attorney work product doctrine.  Such documents

8  will not be produced in response to the request, and any inadvertent production

9  thereof shall not be deemed a waiver of any privilege or doctrine with respect to such

10  documents.

11        7.     As the parties are in the process of negotiating a stipulation regarding

12  the parties' logging of post-litigation communications, Peary will not be serving any

13  privilege logs until these negotiations are concluded.  Defendants provided a draft of

14  the proposed stipulation on September 16, 2010, to which Plaintiff did not respond

15  for nearly three weeks, until October 6, 2010.  Before providing the draft stipulation,

16  counsel for Defendants repeatedly asked counsel for DC what terms DC would wish

17  to see in such a stipulation, but DC did not respond.  Nor will Defendants produce

18  any documents absent an agreement by DC that the production of such documents

19  will not constitute a waiver of any protection as to discovery and that there has been

20  no such waiver.  DC has not responded to this request for such an agreement.

21  Moreover, Peary will neither produce nor log any documents created or transmitted

22  after the start of this litigation. All privileges and immunities provided by law are

23  expressly reserved.

24        8.     Peary objects to the Request to the extent that it seeks the production of

25  any item, or portion thereof, which is not reasonably calculated to lead to the

26  discovery of relevant and admissible evidence, on the grounds that it exceeds the

27  permissible scope of discovery delimited by Rule 26(b)(1) of the Federal Rules of

28  Civil Procedure.

4

MARK WARREN PEARY'S FIRST AMENDED OBJECTIONS TO PLAINTIFF'S REQUEST FOR
PRODUCTION

9.      Peary objects to the Request to the extent that it seeks the production of any item, or portion thereof, comprising or reflecting any trade secret or other confidential or proprietary information of Peary or any other person or entity.

10.     Peary objects to the Request to the extent that it seeks the production of any item, or portion thereof, which is protected from disclosure by court order, or any privacy or similar rights of any person or entity.

11.     Peary objects to the Request's document requests to the extent they are unduly burdensome, overly broad, impose extreme hardship or would result in the expenditure of unnecessary time and resources.

12.     Peary objects to the Request to the extent it is overbroad and therefore unduly burdensome, oppressive and harassing.

13.     Peary objects to the document requests contained in the Request to the extent the expense of producing documents outweighs the likely benefit of discovery provided to Plaintiff.

14.     Peary objects to the Request to the extent that it seeks the production of duplicative identical items, or documents or information already in Plaintiff's possession, or by reason of public filing, publication or otherwise are readily accessible to Plaintiff through other means.

15.     Peary objects to the Request to the extent that it seeks the production of any item which has been served, filed, or transmitted in the course of this action, on the grounds that such production would be burdensome, oppressive, and unnecessary.

16.     Peary objects to the Request to the extent that it seeks the production of any item which has already been produced, served or filed  in the course of the related actions *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-CV-8400 ODW (RZx) and *Joanne Siegel, et al. v. Time Warner Inc., et al.*, Case No. 04-CV-8766 ODW (RZx) (collectively "*Siegel* Litigation"), on the grounds that such production would be duplicative, burdensome, oppressive, and unnecessary. Provided DC agrees that identification of documents produced by Peary in the *Siegel*

5

MARK WARREN PEARY'S FIRST AMENDED OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

litigation that are responsive to this request will not trigger a requirement to produce a privilege log and that there is no waiver of privilege in identifying such documents and that there has been no such waiver, Peary will identify the documents already produced in the *Siegel* litigation that are responsive to the Request.

17.    Peary objects to the Request and each document category therein to the extent that it seeks the production of any item or document that is not the property of Peary.  Peary will not produce any items or documents that are the property of any other person or entity.

18.    Peary objects generally to the Request and to the definitions and instructions therein to the extent that they purport to alter or extend Peary's obligations beyond those established by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Central District of California, or any order or ruling by the Court in this action.

19.    Peary objects generally to the definitions of the terms "YOU" and "YOUR" as vague and ambiguous, overbroad and unduly burdensome.  Peary will construe these terms to refer to Peary.

20.    Peary objects generally to the definitions of the terms "DEFENDANT" and "DEFENDANTS" as vague and ambiguous, overbroad and unduly burdensome. Peary will construe these terms to refer only to the specific defendants in this action.

21.    Peary objects generally to the definition of the term "SHUSTER HEIRS" as vague and ambiguous, overbroad and unduly burdensome. Solely for the purposes of these responses, and for no other purpose, Peary will construe this term to refer only to the Estate of Joseph Shuster, Jean Peavy, Mark Peary, Dawn Peavy and Frank Shuster.

22.     Peary objects generally to the definition of the term "SIEGEL HEIRS" as vague and ambiguous, overbroad and unduly burdensome. Solely for the purposes of these responses, and for no other purpose, Peary will construe this term to refer only to Joanne Siegel, Laura Siegel Larson, Dennis Larson and Michael Siegel.

MARK WARREN PEARY'S FIRST AMENDED OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

23. Peary objects generally to the definition of the term "SHUSTER" as vague and ambiguous, overbroad and unduly burdensome. Peary will construe this term to refer only to Joseph Shuster.

24. Peary objects generally to the definition of the term "SIEGEL" as vague and ambiguous, overbroad and unduly burdensome. Peary will construe this term to refer only to Jerome Siegel.

25. Peary reserves the right to revise, amend, supplement or clarify any of the objections set forth herein.

## II.

## DOCUMENTS TO BE PRODUCED

## SPECIFIC RESPONSES TO INDIVIDUAL REQUESTS

**Document Request No. 1**

All agreements between or among YOU and any DEFENDANT regarding the SHUSTER HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 1**

In addition to the General Objections, which are incorporated herein by this reference, Peary specifically objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. *See* General Objection ¶ 1, *supra*. Peary further objects to this request to the extent that it is relevant only to DC's Third through Sixth state law claims as such discovery should be stayed during the pendency of Defendants' anti-SLAPP motion and because the Third Claim does not exist as a matter of law. *See* General Objection ¶ 2, *supra*. Peary further objects to this request to the extent it seeks any privileged documents concerning any Collective Bargaining between the Shusters and Siegels and because plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3, *supra*.

MARK WARREN PEARY'S FIRST AMENDED OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

In addition to the above, Peary objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive. Peary objects to this request on the grounds that the phrase "purported rights" is vague and ambiguous, and lacks sufficient precision to allow him to formulate an appropriate response. Peary further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Peary further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Peary additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing, and the general and specific objections, Peary will produce responsive documents consistent with his understanding of this request, if any, that are not privileged and not subject to the parties' JAMS Confidentiality Agreement, provided that such production is based upon a stipulation signed by the parties and the Court concerning the obligations of the parties to log privileged documents.

**Document Request No. 2**

All agreements between or among YOU and any DEFENDANT regarding the SIEGEL HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 2**

In addition to the General Objections, which are incorporated herein by this reference, Peary specifically objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. *See* General Objection ¶ 1, *supra*. Peary further objects to this request to the extent that it is relevant only to DC's Third through Sixth state law claims as such

MARK WARREN PEARY'S FIRST AMENDED OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

1  discovery should be stayed during the pendency of Defendants' anti-SLAPP motion
2  and because the Third Claim does not exist as a matter of law. *See* General Objection
3  ¶ 2, *supra*. Peary further objects to this request to the extent it seeks any privileged
4  documents concerning any Collective Bargaining between the Shusters and Siegels
5  and because plaintiff's use of such information violates the parties' May 1, 2008
6  JAMS Confidentiality Agreement. *See* General Objection ¶ 3, *supra*.

7  　　　In addition to the above, Peary objects to this request on the grounds that it is
8  compound, overbroad, burdensome and oppressive. Peary objects to this request on
9  the grounds that the phrase "purported rights" is vague and ambiguous, and lacks
10  sufficient precision to allow him to formulate an appropriate response. Peary further
11  objects to this request on the grounds that it is indefinite as to time and not
12  reasonably limited in scope. Peary further objects to this request to the extent that it
13  seeks the production of any item, or portion thereof, which is not reasonably
14  calculated to lead to the discovery of relevant and admissible evidence. Peary
15  additionally objects to this request to the extent that it seeks communications or items
16  protected by the attorney-client privilege, the attorney work product doctrine and any
17  other privilege or immunity available under law or arising from contractual
18  obligation. Subject to and without waiving the foregoing, and the general and
19  specific objections, Peary will produce responsive documents consistent with his
20  understanding of this request, if any, that are not privileged and not subject to the
21  parties' JAMS Confidentiality Agreement, provided that such production is based
22  upon a stipulation signed by the parties and the Court concerning the obligations of
23  the parties to log privileged documents.

24  **Document Request No. 3**

25  　　　All agreements between or among SHUSTER and SIEGEL regarding any
26  purported rights in SUPERMAN and/or SUPERBOY.

27  **Response to Document Request No. 3**

28  　　　In addition to the General Objections, which are incorporated herein by this

MARK WARREN PEARY'S FIRST AMENDED OBJECTIONS TO PLAINTIFF'S REQUEST FOR
PRODUCTION

reference, Peary specifically objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. *See* General Objection ¶ 1, *supra*. Peary further objects to this request to the extent that it is relevant only to DC's Third through Sixth state law claims as such discovery should be stayed during the pendency of Defendants' anti-SLAPP motion and because the Third Claim does not exist as a matter of law. *See* General Objection ¶ 2, *supra*. Peary further objects to this request to the extent it seeks any privileged documents concerning any Collective Bargaining between the Shusters and Siegels and because plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3, *supra*.

In addition to the above, Peary objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive. Peary objects to this request on the grounds that the phrase "purported rights" is vague and ambiguous, and lacks sufficient precision to allow him to formulate an appropriate response. Peary further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Peary further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Peary additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing, and the general and specific objections, Peary will produce responsive documents consistent with his understanding of this request, if any, that are not privileged and not subject to the parties' JAMS Confidentiality Agreement, provided that such production is based

MARK WARREN PEARY'S FIRST AMENDED OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

1  upon a stipulation signed by the parties and the Court concerning the obligations of

2  the parties to log privileged documents.

3  **Document Request No. 4**

4      All DOCUMENTS relating to or affecting the ability of YOU or the

5  SHUSTER HEIRS to negotiate or enter into agreements regarding SUPERMAN

6  and/or SUPERBOY.

7  **Response to Document Request No. 4**

8      In addition to the General Objections, which are incorporated herein by this

9  reference, Peary specifically objects to this request on the ground that the underlying

10  complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f)

11  as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code

12  Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the

13  issues.  *See* General Objection ¶ 1, *supra*.  Peary further objects to this request to the

14  extent that it is relevant only to DC's Third through Sixth state law claims as such

15  discovery should be stayed during the pendency of Defendants' anti-SLAPP motion

16  and because the Third Claim does not exist as a matter of law.  *See* General Objection

17  ¶ 2, *supra*.  Peary further objects to this request to the extent it seeks any privileged

18  documents concerning any Collective Bargaining between the Shusters and Siegels

19  and because plaintiff's use of such information violates the parties' May 1, 2008

20  JAMS Confidentiality Agreement.  *See* General Objection ¶ 3, *supra*.

21      In addition to the above, Peary objects to this request on the grounds that it is

22  compound, overbroad, burdensome and oppressive.  Peary further objects to this

23  request on the grounds that the phrase "affecting the ability of YOU or the

24  SHUSTER HEIRS to negotiate or enter into agreements regarding SUPERMAN

25  and/or SUPERBOY" is vague and ambiguous, and lacks sufficient precision to allow

26  him to formulate an appropriate response.  Peary further objects to this request on the

27  grounds that it is indefinite as to time and not reasonably limited in scope.  Peary

28  further objects to this request to the extent that it seeks the production of any item, or

MARK WARREN PEARY'S FIRST AMENDED OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

portion thereof, which is not reasonably calculated to lead to the discovery of relevant
and admissible evidence. Peary additionally objects to this request to the extent that
it seeks communications or items protected by the attorney-client privilege, the
attorney work product doctrine and any other privilege or immunity available under
law or arising from contractual obligation. Subject to and without waiving the
foregoing, and the general and specific objections, Peary will produce responsive
documents consistent with his understanding of this request, if any, that are not
privileged and not subject to the parties' JAMS Confidentiality Agreement, provided
that such production is based upon a stipulation signed by the parties and the Court
concerning the obligations of the parties to log privileged documents.

**Document Request No. 5**

All DOCUMENTS relating to or affecting the ability of the SIEGEL HEIRS to
negotiate or enter into agreements regarding SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 5**

In addition to the General Objections, which are incorporated herein by this
reference, Peary specifically objects to this request on the ground that the underlying
complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f)
as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code
Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the
issues. *See* General Objection ¶ 1, *supra*. Peary further objects to this request to the
extent that it is relevant only to DC's Third through Sixth state law claims as such
discovery should be stayed during the pendency of Defendants' anti-SLAPP motion
and because the Third Claim does not exist as a matter of law. *See* General Objection
¶ 2, *supra*. Peary further objects to this request to the extent it seeks any privileged
documents concerning any Collective Bargaining between the Shusters and Siegels
and because plaintiff's use of such information violates the parties' May 1, 2008
JAMS Confidentiality Agreement. *See* General Objection ¶ 3, *supra*.

MARK WARREN PEARY'S FIRST AMENDED OBJECTIONS TO PLAINTIFF'S REQUEST FOR
PRODUCTION

In addition to the above, Peary objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive. Peary further objects to this request on the grounds that the phrase "affecting the ability of the SIEGEL HEIRS to negotiate or enter into agreements" is vague and ambiguous, and lacks sufficient precision to allow him to formulate an appropriate response. Peary further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Peary further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Peary additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing, and the general and specific objections, Peary will produce responsive documents consistent with his understanding of this request, if any, that are not privileged and not subject to the parties' JAMS Confidentiality Agreement, provided that such production is based upon a stipulation signed by the parties and the Court concerning the obligations of the parties to log privileged documents.

**Document Request No. 6**

All DOCUMENTS relating to or affecting the disposition, division, or ownership of any rights in SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 6**

In addition to the General Objections, which are incorporated herein by this reference, Peary specifically objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. *See* General Objection ¶ 1, *supra.* Peary further objects to this request to the

13

MARK WARREN PEARY'S FIRST AMENDED OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

extent that it is relevant only to DC's Third through Sixth state law claims as such discovery should be stayed during the pendency of Defendants' anti-SLAPP motion and because the Third Claim does not exist as a matter of law. *See* General Objection ¶ 2, *supra*. Peary further objects to this request to the extent it seeks any privileged documents concerning any Collective Bargaining between the Shusters and Siegels and because plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3, *supra*.

In addition to the above, Peary objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive. Peary further objects to this request on the grounds that the phrase "affecting the disposition, division, or ownership of" is vague and ambiguous, and lacks sufficient precision to allow him to formulate an appropriate response. Peary further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Peary further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Peary additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing, and the general and specific objections, Peary will produce responsive documents consistent with his understanding of this request, if any, that are not privileged and not subject to the parties' JAMS Confidentiality Agreement, provided that such production is based upon a stipulation signed by the parties and the Court concerning the obligations of the parties to log privileged documents.

**Document Request No. 7**

All DOCUMENTS relating to or affecting the division of revenue, proceeds, or other profits regarding SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 7**

MARK WARREN PEARY'S FIRST AMENDED OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

In addition to the General Objections, which are incorporated herein by this reference, Peary specifically objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. *See* General Objection ¶ 1, *supra.* Peary further objects to this request to the extent that it is relevant only to DC's Third through Sixth state law claims as such discovery should be stayed during the pendency of Defendants' anti-SLAPP motion and because the Third Claim does not exist as a matter of law. *See* General Objection ¶ 2, *supra.* Peary further objects to this request to the extent it seeks any privileged documents concerning any Collective Bargaining between the Shusters and Siegels and because plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3, *supra.*

In addition to the above, Peary objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive. Peary further objects to this request on the grounds that the phrase "affecting the division of" is vague and ambiguous, and lacks sufficient precision to allow him to formulate an appropriate response. Peary further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Peary further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Peary additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing, and the general and specific objections, Peary will produce responsive documents consistent with his understanding of this request, if any, that are not privileged and not subject to the parties' JAMS Confidentiality Agreement, provided that such production is based

15

MARK WARREN PEARY'S FIRST AMENDED OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

1  upon a stipulation signed by the parties and the Court concerning the obligations of

2  the parties to log privileged documents.

3  **Document Request No. 8**

4      All DOCUMENTS relating to or affecting the division of any settlement

5  proceeds regarding SUPERMAN and/or SUPERBOY.

6  **Response to Document Request No. 8**

7      In addition to the General Objections, which are incorporated herein by this

8  reference, Peary specifically objects to this request on the ground that the underlying

9  complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f)

10 as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code

11 Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the

12 issues. *See* General Objection ¶ 1, *supra*. Peary further objects to this request to the

13 extent that it is relevant only to DC's Third through Sixth state law claims as such

14 discovery should be stayed during the pendency of Defendants' anti-SLAPP motion

15 and because the Third Claim does not exist as a matter of law. *See* General Objection

16 ¶ 2, *supra*. Peary further objects to this request to the extent it seeks any privileged

17 documents concerning any Collective Bargaining between the Shusters and Siegels

18 and because plaintiff's use of such information violates the parties' May 1, 2008

19 JAMS Confidentiality Agreement. *See* General Objection ¶ 3, *supra*.

20     In addition to the above, Peary objects to this request on the grounds that it is

21 compound, overbroad, burdensome and oppressive. Peary further objects to this

22 request on the grounds that the phrase "affecting the division of" is vague and

23 ambiguous, and lacks sufficient precision to allow him to formulate an appropriate

24 response. Peary further objects to this request on the grounds that it is indefinite as to

25 time and not reasonably limited in scope. Peary further objects to this request to the

26 extent that it seeks the production of any item, or portion thereof, which is not

27 reasonably calculated to lead to the discovery of relevant and admissible evidence.

28 Peary additionally objects to this request to the extent that it seeks communications or

MARK WARREN PEARY'S FIRST AMENDED OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing, and the general and specific objections, Peary will produce responsive documents consistent with his understanding of this request, if any, that are not privileged and not subject to the parties' JAMS Confidentiality Agreement, provided that such production is based upon a stipulation signed by the parties and the Court concerning the obligations of the parties to log privileged documents.

**Document Request No. 9**

All DOCUMENTS relating to the potential sale, assignment, license, or other disposition of any rights relating to SUPERMAN and/or SUPERBOY, including but not limited to any solicitation, offer, option, or proposed agreement.

**Response to Document Request No. 9**

In addition to the General Objections, which are incorporated herein by this reference, Peary specifically objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. *See* General Objection ¶ 1, *supra.* Peary further objects to this request to the extent that it is relevant only to DC's Third through Sixth state law claims as such discovery should be stayed during the pendency of Defendants' anti-SLAPP motion and because the Third Claim does not exist as a matter of law. *See* General Objection ¶ 2, *supra.* Peary further objects to this request to the extent it seeks any privileged documents concerning any Collective Bargaining between the Shusters and Siegels and because plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3, *supra.*

In addition to the above, Peary objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive. Peary further objects to this

MARK WARREN PEARY'S FIRST AMENDED OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

1    request on the grounds that the request is vague and ambiguous, and lacks sufficient

2    precision to allow him to formulate an appropriate response.  Peary further objects to

3    this request on the grounds that it is indefinite as to time and not reasonably limited

4    in scope.  Peary further objects to this request to the extent that it seeks the

5    production of any item, or portion thereof, which is not reasonably calculated to lead

6    to the discovery of relevant and admissible evidence.  Peary additionally objects to

7    this request to the extent that it seeks communications or items protected by the

8    attorney-client privilege, the attorney work product doctrine and any other privilege

9    or immunity available under law or arising from contractual obligation.  Subject to

10   and without waiving the foregoing, and the general and specific objections, Peary

11   will produce responsive documents consistent with his understanding of this request,

12   if any, that are not privileged and not subject to the parties' JAMS Confidentiality

13   Agreement, provided that such production is based upon a stipulation signed by the

14   parties and the Court concerning the obligations of the parties to log privileged

15   documents.

16   **Document Request No. 10**

17        All DOCUMENTS relating to the valuation of any past, current, or potential

18   ownership interest in SUPERMAN and/or SUPERBOY.

19   **Response to Document Request No. 10**

20        In addition to the General Objections, which are incorporated herein by this

21   reference, Peary specifically objects to this request on the ground that the underlying

22   complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f)

23   as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code

24   Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the

25   issues.  *See* General Objection ¶ 1, *supra*.  Peary further objects to this request to the

26   extent that it is relevant only to DC's Third through Sixth state law claims as such

27   discovery should be stayed during the pendency of Defendants' anti-SLAPP motion

28   and because the Third Claim does not exist as a matter of law.  *See* General Objection

¶ 2, *supra*.  Peary further objects to this request to the extent it seeks any privileged documents concerning any Collective Bargaining between the Shusters and Siegels and because plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3, *supra*.

In addition to the above, Peary objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive.  Peary further objects to this request on the grounds that the phrase "valuation of any past, current, or potential ownership interest in SUPERMAN and/or SUPERBOY" is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response. Peary further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope.  Peary further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence.  Peary additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing, and the general and specific objections, Peary will produce responsive non-privileged documents consistent with his understanding of this request, if any, provided that such production is based upon a stipulation signed by the parties and the Court concerning the obligations of the parties to log privileged documents.

**Document Request No. 11**

All DOCUMENTS relating to the introduction of YOU or the SHUSTER HEIRS to any DEFENDANT.

**Response to Document Request No. 11**

In addition to the General Objections, which are incorporated herein by this reference, Peary specifically objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f)

MARK WARREN PEARY'S FIRST AMENDED OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. *See* General Objection ¶ 1, *supra*. Peary further objects to this request to the extent that it is relevant only to DC's Third through Sixth state law claims as such discovery should be stayed during the pendency of Defendants' anti-SLAPP motion and because the Third Claim does not exist as a matter of law. *See* General Objection ¶ 2, *supra*. Peary further objects to this request to the extent it seeks any privileged documents concerning any Collective Bargaining between the Shusters and Siegels and because plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3, *supra*.

In addition to the above, Peary objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive. Peary further objects to this request on the grounds that the phrase "introduction of YOU or the SHUSTER HEIRS to any DEFENDANT" is vague and ambiguous, and lacks sufficient precision to allow him to formulate an appropriate response. Peary further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Peary further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Peary additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing, and the general and specific objections, Peary will produce responsive non-privileged documents consistent with his understanding of this request, if any, provided that such production is based upon a stipulation signed by the parties and the Court concerning the obligations of the parties to log privileged documents.

MARK WARREN PEARY'S FIRST AMENDED OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

**Document Request No. 12**

All DOCUMENTS relating to the introduction of the SIEGEL HEIRS to any DEFENDANT.

**Response to Document Request No. 12**

In addition to the General Objections, which are incorporated herein by this reference, Peary specifically objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. *See* General Objection ¶ 1, *supra*. Peary further objects to this request to the extent that it is relevant only to DC's Third through Sixth state law claims as such discovery should be stayed during the pendency of Defendants' anti-SLAPP motion and because the Third Claim does not exist as a matter of law. *See* General Objection ¶ 2, *supra*. Peary further objects to this request to the extent it seeks any privileged documents concerning any Collective Bargaining between the Shusters and Siegels and because plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3, *supra*.

In addition to the above, Peary objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive. Peary further objects to this request on the grounds that the phrase "introduction of the SIEGEL HEIRS to any DEFENDANT" is vague and ambiguous, and lacks sufficient precision to allow him to formulate an appropriate response. Peary further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Peary further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Peary additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under

1    law or arising from contractual obligation.   Subject to and without waiving the

2    foregoing, and the general and specific objections, Peary will produce responsive

3    non-privileged documents consistent with his understanding of this request, if any,

4    provided that such production is based upon a stipulation signed by the parties and

5    the Court concerning the obligations of the parties to log privileged documents.

6    **Document Request No. 13**

7        All DOCUMENTS relating to the letter dated August 21, 1992 that YOU sent

8    to Time Warner Inc.

9    **Response to Document Request No. 13**

10       In addition to the General Objections, which are incorporated herein by this

11   reference, Peary specifically objects to this request on the ground that the underlying

12   complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f)

13   as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code

14   Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the

15   issues. *See* General Objection ¶ 1, *supra*. Peary further objects to this request to the

16   extent that it is relevant only to DC's Third through Sixth state law claims as such

17   discovery should be stayed during the pendency of Defendants' anti-SLAPP motion

18   and because the Third Claim does not exist as a matter of law. *See* General Objection

19   ¶ 2, *supra*. Peary further objects to this request to the extent it seeks any privileged

20   documents concerning any Collective Bargaining between the Shusters and Siegels

21   and because plaintiff's use of such information violates the parties' May 1, 2008

22   JAMS Confidentiality Agreement. *See* General Objection ¶ 3, *supra*.

23       In addition to the above, Peary objects to this request on the grounds that it is

24   compound, overbroad, burdensome and oppressive.  Peary further objects to this

25   request on the grounds that it is vague and ambiguous, and lacks sufficient precision

26   to allow him to formulate an appropriate response.  Peary further objects to this

27   request on the grounds that it is indefinite as to time and not reasonably limited in

28   scope.  Peary further objects to this request to the extent that it seeks the production

1  of any item, or portion thereof, which is not reasonably calculated to lead to the

2  discovery of relevant and admissible evidence.  Peary additionally objects to this

3  request to the extent that it seeks communications or items protected by the attorney-

4  client privilege, the attorney work product doctrine and any other privilege or

5  immunity available under law or arising from contractual obligation. Peary

6  additionally objects to the extent that he did not send an August 21, 1992 letter to

7  Time Warner Inc.  Subject to and without waiving the foregoing, and the general and

8  specific objections, Peary will produce responsive non-privileged documents

9  consistent with his understanding of this request, if any, provided that such

10  production is based upon a stipulation signed by the parties and the Court concerning

11  the obligations of the parties to log privileged documents.

12  **Document Request No. 14**

13      All DOCUMENTS relating to the letter dated September 10, 1992 that Frank

14  Shuster sent on YOUR behalf to Paul Levitz of DC Comics.

15  **Response to Document Request No. 14**

16      In addition to the General Objections, which are incorporated herein by this

17  reference, Peary specifically objects to this request on the ground that the underlying

18  complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f)

19  as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code

20  Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the

21  issues.  *See* General Objection ¶ 1, *supra*.  Peary further objects to this request to the

22  extent that it is relevant only to DC's Third through Sixth state law claims as such

23  discovery should be stayed during the pendency of Defendants' anti-SLAPP motion

24  and because the Third Claim does not exist as a matter of law.  *See* General Objection

25  ¶ 2, *supra*.  Peary further objects to this request to the extent it seeks any privileged

26  documents concerning any Collective Bargaining between the Shusters and Siegels

27  and because plaintiff's use of such information violates the parties' May 1, 2008

28  JAMS Confidentiality Agreement.  *See* General Objection ¶ 3, *supra*.

MARK WARREN PEARY'S FIRST AMENDED OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

In addition to the above, Peary objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive. Peary further objects to this request on the grounds that it is vague and ambiguous, and lacks sufficient precision to allow him to formulate an appropriate response. Peary further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Peary further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Peary additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Peary additionally objects to the extent that this September 10, 1992 letter was not sent on his behalf. Subject to and without waiving the foregoing, and the general and specific objections, Peary will produce responsive non-privileged documents consistent with his understanding of this request, if any, provided that such production is based upon a stipulation signed by the parties and the Court concerning the obligations of the parties to log privileged documents.

**Document Request No. 15**

All DOCUMENTS relating to the agreement dated August 1, 1992 that YOU entered into with DC Comics.

**Response to Document Request No. 15**

In addition to the General Objections, which are incorporated herein by this reference, Peary specifically objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. *See* General Objection ¶ 1, *supra*. Peary further objects to this request to the extent that it is relevant only to DC's Third through Sixth state law claims as such

MARK WARREN PEARY'S FIRST AMENDED OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

discovery should be stayed during the pendency of Defendants' anti-SLAPP motion and because the Third Claim does not exist as a matter of law.  *See* General Objection ¶ 2, *supra*.  Peary further objects to this request to the extent it seeks any privileged documents concerning any Collective Bargaining between the Shusters and Siegels and because plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3, *supra*.

In addition to the above, Peary objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive.  Peary further objects to this request on the grounds that it is vague and ambiguous, and lacks sufficient precision to allow him to formulate an appropriate response.  Peary further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope.  Peary further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence.  Peary additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Peary additionally objects on the ground that he was not a party to this agreement with DC Comics dated August 1, 1992.  Subject to and without waiving the foregoing, and the general and specific objections, Peary will produce responsive non-privileged documents consistent with his understanding of this request, if any, provided that such production is based upon a stipulation signed by the parties and the Court concerning the obligations of the parties to log privileged documents.

**Document Request No. 16**

All DOCUMENTS relating to the letter dated July 10, 1993 that YOU sent to Paul Levitz of DC Comics.

**Response to Document Request No. 16**

In addition to the General Objections, which are incorporated herein by this

MARK WARREN PEARY'S FIRST AMENDED OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

1  reference, Peary specifically objects to this request on the ground that the underlying

2  complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f)

3  as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code

4  Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the

5  issues. *See* General Objection ¶ 1, *supra*. Peary further objects to this request to the

6  extent that it is relevant only to DC's Third through Sixth state law claims as such

7  discovery should be stayed during the pendency of Defendants' anti-SLAPP motion

8  and because the Third Claim does not exist as a matter of law. *See* General Objection

9  ¶ 2, *supra*. Peary further objects to this request to the extent it seeks any privileged

10  documents concerning any Collective Bargaining between the Shusters and Siegels

11  and because plaintiff's use of such information violates the parties' May 1, 2008

12  JAMS Confidentiality Agreement. *See* General Objection ¶ 3, *supra*.

13  In addition to the above, Peary objects to this request on the grounds that it is

14  compound, overbroad, burdensome and oppressive. Peary further objects to this

15  request on the grounds that it is vague and ambiguous, and lacks sufficient precision

16  to allow him to formulate an appropriate response. Peary further objects to this

17  request on the grounds that it is indefinite as to time and not reasonably limited in

18  scope. Peary further objects to this request to the extent that it seeks the production

19  of any item, or portion thereof, which is not reasonably calculated to lead to the

20  discovery of relevant and admissible evidence. Peary additionally objects to this

21  request to the extent that it seeks communications or items protected by the attorney-

22  client privilege, the attorney work product doctrine and any other privilege or

23  immunity available under law or arising from contractual obligation. Peary

24  additionally objects to the extent that he did not send a July 10, 1993 letter to Paul

25  Levitz of DC Comics. Subject to and without waiving the foregoing, and the general

26  and specific objections, Peary will produce responsive non-privileged documents

27  consistent with his understanding of this request, if any, provided that such

28  production is based upon a stipulation signed by the parties and the Court concerning

1  the obligations of the parties to log privileged documents.

2  **Document Request No. 17**

3  All DOCUMENTS relating to the letter dated September 14, 1993 that YOU

4  sent to Paul Levitz of DC Comics.

5  **Response to Document Request No. 17**

6  In addition to the General Objections, which are incorporated herein by this

7  reference, Peary specifically objects to this request on the ground that the underlying

8  complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f)

9  as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code

10  Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the

11  issues. *See* General Objection ¶ 1, *supra*. Peary further objects to this request to the

12  extent that it is relevant only to DC's Third through Sixth state law claims as such

13  discovery should be stayed during the pendency of Defendants' anti-SLAPP motion

14  and because the Third Claim does not exist as a matter of law. *See* General Objection

15  ¶ 2, *supra*. Peary further objects to this request to the extent it seeks any privileged

16  documents concerning any Collective Bargaining between the Shusters and Siegels

17  and because plaintiff's use of such information violates the parties' May 1, 2008

18  JAMS Confidentiality Agreement. *See* General Objection ¶ 3, *supra*.

19  In addition to the above, Peary objects to this request on the grounds that it is

20  compound, overbroad, burdensome and oppressive. Peary further objects to this

21  request on the grounds that it is vague and ambiguous, and lacks sufficient precision

22  to allow him to formulate an appropriate response. Peary further objects to this

23  request on the grounds that it is indefinite as to time and not reasonably limited in

24  scope. Peary further objects to this request to the extent that it seeks the production

25  of any item, or portion thereof, which is not reasonably calculated to lead to the

26  discovery of relevant and admissible evidence. Peary additionally objects to this

27  request to the extent that it seeks communications or items protected by the attorney-

28  client privilege, the attorney work product doctrine and any other privilege or

MARK WARREN PEARY'S FIRST AMENDED OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

1  immunity available under law or arising from contractual obligation.  Peary

2  additionally objects to the extent that he did not send a September 14, 1993 letter to

3  Paul Levitz of DC Comics.  Subject to and without waiving the foregoing, and the

4  general and specific objections, Peary will produce responsive non-privileged

5  documents consistent with his understanding of this request, if any, provided that

6  such production is based upon a stipulation signed by the parties and the Court

7  concerning the obligations of the parties to log privileged documents.

8  **Document Request No. 18**

9      All DOCUMENTS relating to the letter dated April 27, 1995 that YOU sent to

10  Paul Levitz of DC Comics.

11  **Response to Document Request No. 18**

12      In addition to the General Objections, which are incorporated herein by this

13  reference, Peary specifically objects to this request on the ground that the underlying

14  complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f)

15  as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code

16  Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the

17  issues.  *See* General Objection ¶ 1, *supra*.  Peary further objects to this request to the

18  extent that it is relevant only to DC's Third through Sixth state law claims as such

19  discovery should be stayed during the pendency of Defendants' anti-SLAPP motion

20  and because the Third Claim does not exist as a matter of law.  *See* General Objection

21  ¶ 2, *supra*.  Peary further objects to this request to the extent it seeks any privileged

22  documents concerning any Collective Bargaining between the Shusters and Siegels

23  and because plaintiff's use of such information violates the parties' May 1, 2008

24  JAMS Confidentiality Agreement.  *See* General Objection ¶ 3, *supra*.

25      In addition to the above, Peary objects to this request on the grounds that it is

26  compound, overbroad, burdensome and oppressive.  Peary further objects to this

27  request on the grounds that it is vague and ambiguous, and lacks sufficient precision

28  to allow him to formulate an appropriate response.  Peary further objects to this

request on the grounds that it is indefinite as to time and not reasonably limited in scope. Peary further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Peary additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Peary additionally objects to the extent that he did not send an April 27, 1995 letter to Paul Levitz of DC Comics. Subject to and without waiving the foregoing, and the general and specific objections, Peary will produce responsive non-privileged documents consistent with his understanding of this request, if any, provided that such production is based upon a stipulation signed by the parties and the Court concerning the obligations of the parties to log privileged documents.

**Document Request No. 19**

All DOCUMENTS relating to the letter agreement dated November 23, 2001 that YOU entered into with DEFENDANT Pacific Pictures Corporation.

**Response to Document Request No. 19**

In addition to the General Objections, which are incorporated herein by this reference, Peary specifically objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. *See* General Objection ¶ 1, *supra*. Peary further objects to this request to the extent that it is relevant only to DC's Third through Sixth state law claims as such discovery should be stayed during the pendency of Defendants' anti-SLAPP motion and because the Third Claim does not exist as a matter of law. *See* General Objection ¶ 2, *supra*. Peary further objects to this request to the extent it seeks any privileged documents concerning any Collective Bargaining between the Shusters and Siegels

1   and because plaintiff's use of such information violates the parties' May 1, 2008

2   JAMS Confidentiality Agreement.  *See* General Objection ¶ 3, *supra.*

3       In addition to the above, Peary objects to this request on the grounds that it is

4   compound, overbroad, burdensome and oppressive.  Peary further objects to this

5   request on the grounds that it is vague and ambiguous, and lacks sufficient precision

6   to allow him to formulate an appropriate response.  Peary further objects to this

7   request on the grounds that it is indefinite as to time and not reasonably limited in

8   scope.  Peary further objects to this request to the extent that it seeks the production

9   of any item, or portion thereof, which is not reasonably calculated to lead to the

10  discovery of relevant and admissible evidence.  Peary additionally objects to this

11  request to the extent that it seeks communications or items protected by the attorney-

12  client privilege, the attorney work product doctrine and any other privilege or

13  immunity available under law or arising from contractual obligation.  Subject to and

14  without waiving the foregoing, and the general and specific objections, Peary will

15  produce responsive non-privileged documents consistent with his understanding of

16  this request, if any, provided that such production is based upon a stipulation signed

17  by the parties and the Court concerning the obligations of the parties to log privileged

18  documents.

19  **Document Request No. 20**

20      All DOCUMENTS relating to the letter agreement dated October 27, 2003 that

21  YOU entered into with DEFENDANT Pacific Pictures Corporation.

22  **Response to Document Request No. 20**

23      In addition to the General Objections, which are incorporated herein by this

24  reference, Peary specifically objects to this request on the ground that the underlying

25  complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f)

26  as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code

27  Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the

28  issues.  *See* General Objection ¶ 1, *supra.*  Peary further objects to this request to the

MARK WARREN PEARY'S FIRST AMENDED OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

extent that it is relevant only to DC's Third through Sixth state law claims as such discovery should be stayed during the pendency of Defendants' anti-SLAPP motion and because the Third Claim does not exist as a matter of law. *See* General Objection ¶ 2, *supra*. Peary further objects to this request to the extent it seeks any privileged documents concerning any Collective Bargaining between the Shusters and Siegels and because plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3, *supra*.

In addition to the above, Peary objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive. Peary further objects to this request on the grounds that it is vague and ambiguous, and lacks sufficient precision to allow him to formulate an appropriate response. Peary further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Peary further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Peary additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing, and the general and specific objections, Peary will produce responsive non-privileged documents consistent with his understanding of this request, if any, provided that such production is based upon a stipulation signed by the parties and the Court concerning the obligations of the parties to log privileged documents.

## Document Request No. 21

All DOCUMENTS relating to the letter dated September 10, 2004 that YOU signed with DEFENDANT Pacific Pictures Corporation.

## Response to Document Request No. 21

In addition to the General Objections, which are incorporated herein by this

MARK WARREN PEARY'S FIRST AMENDED OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

reference, Peary specifically objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. *See* General Objection ¶ 1, *supra.* Peary further objects to this request to the extent that it is relevant only to DC's Third through Sixth state law claims as such discovery should be stayed during the pendency of Defendants' anti-SLAPP motion and because the Third Claim does not exist as a matter of law. *See* General Objection ¶ 2, *supra.* Peary further objects to this request to the extent it seeks any privileged documents concerning any Collective Bargaining between the Shusters and Siegels and because plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3, *supra.*

In addition to the above, Peary objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive. Peary further objects to this request on the grounds that it is vague and ambiguous, and lacks sufficient precision to allow him to formulate an appropriate response. Peary further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Peary further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Peary additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing, and the general and specific objections, Peary will produce responsive non-privileged documents consistent with his understanding of this request, if any, provided that such production is based upon a stipulation signed by the parties and the Court concerning the obligations of the parties to log privileged documents.

MARK WARREN PEARY'S FIRST AMENDED OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

**Document Request No. 22**

All DOCUMENTS relating to the Request of Termination of Transfer Covering Extended Copyright Renewal Term of "Superman" served on behalf of the Estate of Joseph Shuster on or around November 10, 2003.

**Response to Document Request No. 22**

In addition to the General Objections, which are incorporated herein by this reference, Peary specifically objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. *See* General Objection ¶ 1, *supra*. Peary further objects to this request to the extent that it is relevant only to DC's Third through Sixth state law claims as such discovery should be stayed during the pendency of Defendants' anti-SLAPP motion and because the Third Claim does not exist as a matter of law. *See* General Objection ¶ 2, *supra*. Peary further objects to this request to the extent it seeks any privileged documents concerning any Collective Bargaining between the Shusters and Siegels and because plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3, *supra*.

In addition to the above, Peary objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive. Peary further objects to this request on the grounds that it is vague and ambiguous, and lacks sufficient precision to allow him to formulate an appropriate response. Peary further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Peary further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Peary additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or

MARK WARREN PEARY'S FIRST AMENDED OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing, and the general and specific objections, Peary will produce responsive non-privileged documents consistent with his understanding of this request, if any, provided that such production is based upon a stipulation signed by the parties and the Court concerning the obligations of the parties to log privileged documents.

DATED:  October 8, 2010          TOBEROFF & ASSOCIATES, P.C.


By_____
            Marc Toberoff

Attorneys for Defendants Mark Warren Peary, as personal representative of the Estate of Joseph Shuster, Jean Adele Peavy, Joanne Siegel and Laura Siegel Larson

MARK WARREN PEARY'S FIRST AMENDED OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT U
477