**From:** Petrocelli, Daniel
**Sent:** Monday, November 29, 2010 9:31 PM
**To:** 'mtoberoff@ipwla.com'
**Cc:** Seto, Cassandra; Kline, Matthew; 'kgadams@ipwla.com'; 'nichwilliamson@gmail.com'
**Subject:** Re: DC v. PPC

Marc, your change to paragraph 4 needs to be confined to the extant privilege issue, so the second sentence of paragraph 4 should read as follows:

"DC reserves all rights after this conference to bring a motion challenging defendants' privilege logs, and DC and defendants reserve all their respective rights and arguments with respect to any such motion."

Also, you inadvertently did not delete the final paragraph.

Let us know if this does it.

Dan

---

**From:** marc.toberoff@gmail.com <marc.toberoff@gmail.com>
**To:** Petrocelli, Daniel
**Cc:** Seto, Cassandra; Kline, Matthew; kgadams@ipwla.com <kgadams@ipwla.com>; nichwilliamson@gmail.com <nichwilliamson@gmail.com>
**Sent:** Mon Nov 29 21:16:53 2010
**Subject:** Re: DC v. PPC

Dan:

I deleted the last paragraph as suggested. However, I added to paragraph 4 to make the reservation of rights mutual instead of unilateral in DC's favor.

Also please be advised that pursuant to the parties understanding in their prior meet and confer Defendants will reference those responsive documents already produced to DC in *Siegel v. Warner Bros. Ent Inc.*, C.D. Cal. Case No. 04-8400 ODW (RZx) and *Siegel v. Time Warner Inc.*, C.D. Cal. Case No. 04-8776 ODW (RZx) by their Bates numbers, rather than re-copy and re-produce such documents to DC.

If this acceptable we can sign the stipulation and go home to our families.

Marc

On Mon, Nov 29, 2010 at 8:43 PM, Petrocelli, Daniel <DPetrocelli@omm.com> wrote:
Marc, without accepting your characterization of the events, your attached stipulation and order is acceptable, subject to one exception. The last paragraph should be deleted or limited to your privilege and mediation objections as follows:

"In entering into this stipulation, neither party waives any right or argument regarding defendants' withholding and logging of documents based on their assertion of privilege or mediation confidentiality."

Please let us know right away if you will stipulate with this modification.

Dan

1

EXHIBIT J
50

**From**: marc.toberoff@gmail.com <marc.toberoff@gmail.com>
**To**: Petrocelli, Daniel
**Cc**: Seto, Cassandra; Kline, Matthew; kgadams@ipwla.com <kgadams@ipwla.com>; nichwilliamson@gmail.com <nichwilliamson@gmail.com>
**Sent**: Mon Nov 29 20:14:10 2010

**Subject**: Re: DC v. PPC

Dan:


There unfortunately is no "agreement" yet.  We sent you a proposed stipulation that you rejected, just as you previously rejected our generous offer  a week ago to settle this dispute. On November 22, Defendants offered December 3 as a date to produce documents and privilege logs in an effort to compromise *before* DC served its motion.  After rejecting that offer, DC served its motion with a proposed order calling for documents and privilege logs by December 22.


In doing so, DC forced us to work on our opposition to the motion (which is now nearly complete) detracting from our anticipated ability to log documents during this time, including six years of documents in the Siegel litigations. Since DC's rejection of our offer our schedule and commitments in our other matters have changed as well.


Defendants remain willing to enter a stipulation (attached) where Defendants still produce their documents on December 3 and serve their privilege logs on December 15, 2010.  Note that the latter date is still a week earlier than the December 22 date sought in your motion and proposed order.


Please get back to me as soon as possible regarding the proposed stipulation attached.

Thank-you.

On Mon, Nov 29, 2010 at 7:18 PM, Petrocelli, Daniel <DPetrocelli@omm.com> wrote:
Marc, we disagree with your position that our motion cannot be timely filed for hearing on December 20. In addition, you advised us earlier today of your agreement to stipulate to a court order to produce all responsive documents save for those covered by your privilege and mediation objections; you also agreed to provide a log identifying the documents being withheld based on those two objections. The stipulation we just sent you sets forth that agreement. If you are not willing to sign it, then we will proceed with the motion.

Please let us know right away.

Thanks.

Dan


**From**: marc.toberoff@gmail.com <marc.toberoff@gmail.com>
**To**: Petrocelli, Daniel

EXHIBIT J
51

**Cc**: Seto, Cassandra; Kline, Matthew; Keith Adams <kgadams@ipwla.com>; Nicholas Williamson <nichwilliamson@gmail.com>
**Sent**: Mon Nov 29 18:53:32 2010

**Subject**: Re: DC v. PPC

Dan:

I am not asking you to "defer" your motion.  Pursuant to Local Rule 37-2.2, the earliest plaintiff's joint stipulation can properly be filed is Wednesday, December 1.  Pursuant to Local Rule 37-3, the joint stipulation cannot be heard earlier than twenty days after it is filed, meaning the earliest the motion can be heard is Monday, December 27, 2010.

Coupled with the fact that we have had to prepare our opposition over the Thanksgiving week when I was traveling with my family, you really should give us a brief extension until Wednesday, December 1 to provide our opposition while we try to work out a reasonable stipulation and avoid burdening the court with the motion all together.

Please reconsider and let me know.

Marc

On Mon, Nov 29, 2010 at 5:58 PM, Petrocelli, Daniel <DPetrocelli@omm.com> wrote:
Marc, we cannot defer our motion. I suggest we submit a stipulation and order requiring the production of the responsive documents this week, save for your asserted privilege and mediation objections. And as those objections, let's work out a briefing schedule to get a prompt resolution.

Dan

---

**From**: marc.toberoff@gmail.com <marc.toberoff@gmail.com>
**To**: Petrocelli, Daniel; Kline, Matthew; Seto, Cassandra
**Sent**: Mon Nov 29 16:48:40 2010
**Subject**: DC v. PPC

Counsel:

We believe that the parties can avoid this motion and arrive at a stipulation.  However, we are now running short on time due to the requirement that our portion of the joint stipulation be served today, the intervening

EXHIBIT J

Thanksgiving holiday and my being unexpectedly delayed today at a Court hearing.

Under the Local Rule 37, as we've consistently pointed out, DC's motion could not, in any event, be filed in time for a December 20, 2010 hearing due to the timing of its service.

If the parties are discussing a stipulation to avoid the motion, it makes no sense for us to be working to finalize our opposition while the parties are working on a stipulation, particularly when that hearing date will not be met.

For all of these reasons, , in the event this matter is not settled by stipulation, we request a short extension, until 5:00 p.m. Wednesday, December 1, 2010, to serve our opposition.

Marc Toberoff
Toberoff & Associates, PC
2049 Century Park East, Suite 2720
Los Angeles, CA 90067
Tel: (310) 246-3333
Fax: (310) 246-3101
MToberoff@ipwla.com


--
Marc Toberoff
Toberoff & Associates, PC
2049 Century Park East, Suite 2720
Los Angeles, CA 90067
Tel: (310) 246-3333
Fax: (310) 246-3101
MToberoff@ipwla.com


--
Marc Toberoff
Toberoff & Associates, PC
2049 Century Park East, Suite 2720
Los Angeles, CA 90067
Tel: (310) 246-3333
Fax: (310) 246-3101
MToberoff@ipwla.com

EXHIBIT J
53

--
Marc Toberoff
Toberoff & Associates, PC
2049 Century Park East, Suite 2720
Los Angeles, CA 90067
Tel: (310) 246-3333
Fax: (310) 246-3101
MToberoff@ipwla.com

EXHIBIT J
54