Marc Toberoff (State Bar No. 188547)
 mtoberoff@ipwla.com
Nicholas C. Williamson (State Bar No. 231124)
 nwilliamson@ipwla.com
Keith G. Adams (State Bar No. 240497)
 kgadams@ipwla.com
TOBEROFF & ASSOCIATES, P.C.
2049 Century Park East, Suite 2720
Los Angeles, California, 90067
Telephone:  (310) 246-3333
Fax:          (310) 246-3101

Attorneys for Defendants Mark Warren
Peary, as personal representative of the
Estate of Joseph Shuster, Jean Adele
Peavy, Joanne Siegel and Laura Siegel
Larson

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| DC COMICS,<br><br>                    Plaintiff,<br><br>          vs.<br><br>PACIFIC PICTURES CORPORATION;<br>IP WORLDWIDE, LLC; IPW, LLC;<br>MARC TOBEROFF, an individual;<br>MARK WARREN PEARY, as personal<br>representative of the ESTATE OF<br>JOSEPH SHUSTER; JEAN ADELE<br>PEAVY, an individual; JOANNE<br>SIEGEL, an individual; LAURA<br>SIEGEL LARSON, an individual,<br>and DOES 1-10, inclusive,<br><br>                    Defendants. | Case No: CV 10-03633 ODW (RZx)<br><br>Hon. Otis D. Wright II, U.S.D.J.<br><br>**DEFENDANTS JOANNE SIEGEL AND LAURA SIEGEL LARSON'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF RENEWED MOTION TO DISMISS AND/OR STRIKE PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)**<br><br>*Originally filed on 9/20/2010 at Docket No. 78*<br><br>Complaint filed:  May 14, 2010<br>Trial Date:  None Set<br><br>Date:    February 14, 2011<br>Time:    1:30 p.m.<br>Place:   Courtroom 11 |

# **TABLE OF CONTENTS**

| Exhibit | Document | Page |
|---------|----------|------|
| | Request for Judicial Notice | 001 |
| A | Declaration of Michael Bergman in Support of Defendants' Motion to Compel Production of Withheld Document filed on December 30, 2008 (Docket Nos. 395-1, 395-2) in the related case *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-CV-8400 ODW (RZx); Exhibit "B" to that Declaration (Letter from attorney Marc Toberoff to attorney Michael Bergman dated May 2, 2008) | 008 |
| B | Transcript of the January 14, 2009 hearing in the related case *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-CV-8400 ODW (RZx) | 013 |
| C | Declaration of Marc Toberoff in Opposition to Defendants' Motion to Compel filed on December 30, 2008 (Docket Nos. 395-3, 395-4) ("Toberoff Declaration") in the related case *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-CV-8400 ODW (RZx); Exhibit "B" to that Declaration (May 1, 2008 JAMS Confidentiality Agreement between the parties) | 036 |
| D | Exhibit "A" to the Toberoff Declaration (Notice of Motion and Joint Stipulation Re: Defendants' Motion to Compel Compliance with the Court's 4/30/07 Order and Motion for Sanctions filed on September 17, 2007 (Docket No. 240)) | 050 |
| E | March 31, 2008 Minute Order (Docket No. 294) in *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. CV-04-8400-ODW (RZx) | 056 |
| F | Notice of Motion and Joint Stipulation Re: Defendants' Motion to Compel Production of Withheld Document filed on December 30, 2008 (Docket No. 395) in the related case *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-CV-8400 ODW (RZx) | 059 |

| Exhibit | Document | Page |
|---|---|---|
| G | January 14, 2009 Order (Docket No. 442) in the related case *Joanne Siegel et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. CV-04-8400-ODW (RZx) | 083 |
| H | Agreement between IP Worldwide, Inc., on the one hand, and Joanne Siegel and Laura Siegel Larson, on the other hand, dated as of October 3, 2002 | 085 |
| I | Agreement between Pacific Pictures Corporation, on the one hand, and Jean A. Peavy and Mark Warren Peary, on the other hand, dated as of November 23, 2001, as well as a supplement to that agreement dated October 27, 2003 | 090 |
| J | November 15, 2006, letter from Marc Toberoff to counsel for DC enclosing the Bates-stamped PPC Agreements (PPC 00001-00009) and IP Worldwide, Inc. agreement (IPW 00001-00004) | 099 |
| K | Cover pages and exhibits list of the transcript of the November 17, 2006 deposition of Marc Toberoff and documents stamped as Exhibits 13, 14, & 18 thereto | 116 |

Pursuant to Rule 201 of the Federal Rules of Evidence, defendants Joanne Siegel and Laura Siegel Larson ("Defendants") respectfully request that this Court take judicial notice of the following documents, submitted in support of Defendants' Motion to Dismiss Plaintiff DC Comics' Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) filed concurrently herewith.  In ruling on a motion to dismiss a complaint pursuant to Fed. R. Civ. P. 12(b)(6), a court may consider matters subject to judicial notice. *Neilson v. Union Bank of California, N.A.*, 290 F. Supp. 2d 1101, 1111-12 (C.D. Cal. 2003) ("In deciding a motion to dismiss … a court may consider … matters that may be judicially noticed pursuant to Federal Rule of Evidence 201."); *Haye v. United States*, 461 F. Supp. 1168, 1174 (C.D. Cal. 1978) ("Subsection (d) [of Rule 201] makes the taking of judicial notice mandatory if the Court is so requested and supplied with the necessary information.").[1]

1.     Defendants request that the Court take judicial notice of a letter from attorney Marc Toberoff to attorney Michael Bergman dated May 2, 2008, which was "Exhibit B" to the Declaration of Michael Bergman in Support of Defendants' Motion to Compel Production of Withheld Document filed on December 30, 2008 (Docket Nos. 395-1, 395-2) in the related case *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-CV-8400 ODW (RZx).  A true and correct copy of the December 30, 2008 Declaration of Michael Bergman and the May 2, 2008 Letter, as redacted by counsel for DC Comics, is attached hereto as Exhibit A. It is proper for the Court to take judicial notice of proceedings and determinations of prior related litigation. 1-201 *Weinstein's Federal Evidence* § 201.12[3] ("Courts have the power to judicially recognize their own records of prior litigation closely related to the present case").  *See Stein v. State of Arizona*, 2010 WL 2541136 (D.

---

[1] *See generally*, *In re Calpine Corp. Sec. Litig.*, 288 F. Supp. 2d 1054, 1076 (N.D. Cal. 2003) ("[T]he Court may take judicial notice of documents on which allegations in the [complaint] necessarily rely, even if not expressly referenced in the [complaint], provided the authenticity of those documents are not in dispute."); *Parrino v. FHP Healthcare, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) (stating judicial notice prevents "plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based.").

Ariz. June 18, 2010) (on motion to dismiss, taking judicial notice of Plaintiff's sentencing documents and release order in related criminal case against Plaintiff) (citing *Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1198 (9th Cir. 1988)); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.,* 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice, as a matter of public record, of briefs, pleadings, memoranda, expert reports from related litigation); *Kourtis v. Cameron*, 419 F.3d 989, 1001 (9th Cir. 2005) ("[C]ourt records from related proceedings can be taken into account without converting a motion to dismiss into a summary judgment motion") (*abrogated on other grounds by Taylor v. Sturgell*, 553 U.S. 880 (2008)).

2.    Defendants request that the Court take judicial notice of the transcript of the January 14, 2009 hearing before this Court in the related case *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-CV-8400 ODW (RZx). A true and correct copy of the January 14, 2009 hearing transcript is attached hereto as Exhibit B.  It is proper for the Court to take judicial notice of proceedings and determinations of prior related litigation. 1-201 *Weinstein's Federal Evidence* § 201.12[3].  *See Stein v. State of Arizona*, 2010 WL 2541136 (D. Ariz. June 18, 2010) (citing *Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1198 (9th Cir. 1988)); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.,* 442 F.3d 741, 746 n.6 (9th Cir. 2006); *Kourtis v. Cameron*, 419 F.3d 989, 1001 (9th Cir. 2005) (*abrogated on other grounds by Taylor v. Sturgell*, 553 U.S. 880 (2008)).

3.    Defendants request that the Court take judicial notice of the May 1, 2008 JAMS Confidentiality Agreement between the parties in the related case *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-CV-8400 ODW (RZx), which was "Exhibit B" to the Declaration of Marc Toberoff in Opposition to Defendants' Motion to Compel filed on December 30, 2008 (Docket Nos. 395-3, 395-4).  A true and correct copy of the December 30, 2008 Declaration of Marc Toberoff and the May 1, 2008 JAMS Confidentiality Agreement is attached hereto as Exhibit C.  It is proper for the Court to take judicial notice of proceedings and

1   determinations of prior related litigation. 1-201 *Weinstein's Federal Evidence* §

2   201.12[3]. *See Stein v. State of Arizona*, 2010 WL 2541136 (D. Ariz. June 18, 2010)

3   (citing *Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1198 (9th Cir. 1988)); *Reyn's*

4   *Pasta Bella, LLC v. Visa USA, Inc.,* 442 F.3d 741, 746 n.6 (9th Cir. 2006); *Kourtis v.*

5   *Cameron*, 419 F.3d 989, 1001 (9th Cir. 2005) (*abrogated on other grounds by Taylor*

6   *v. Sturgell*, 553 U.S. 880, 128 S. Ct. 2161, 171 L. Ed. 2d 155 (2008)); *In re Calpine*

7   *Corp. Sec. Litig*., 288 F. Supp. 2d 1054, 1076 (N.D. Cal. 2003); *Parrino v. FHP*

8   *Healthcare, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998).

9       4.    Defendants request that the Court take judicial notice of the Notice of

10  Motion and Joint Stipulation Re: Defendants' Motion to Compel Compliance with

11  the Court's 4/30/07 Order and Motion for Sanctions ("Joint Stipulation") filed on

12  September 17, 2007 (Docket No. 240) in the related case *Joanne Siegel, et al. v.*

13  *Warner Bros. Entertainment Inc., et al.*, Case No. 04-CV-8400 ODW (RZx), relevant

14  excerpts of which were attached as "Exhibit A" to the Declaration of Marc Toberoff

15  in Opposition to Defendants' Motion to Compel filed on December 30, 2008 (Docket

16  Nos. 395-3, 395-4). True and correct copies of the relevant excerpts from the Joint

17  Stipulation are attached hereto as Exhibit D.  It is proper for the Court to take judicial

18  notice of proceedings and determinations of prior related litigation. 1-201 *Weinstein's*

19  *Federal Evidence* § 201.12[3]. *See Stein v. State of Arizona*, 2010 WL 2541136 (D.

20  Ariz. June 18, 2010) (citing *Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1198 (9th

21  Cir. 1988)); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.,* 442 F.3d 741, 746 n. 6 (9th

22  Cir. 2006); *Kourtis v. Cameron*, 419 F.3d 989, 1001 (9th Cir. 2005) (*abrogated on*

23  *other grounds by Taylor v. Sturgell*, 553 U.S. 880 (2008)).

24      5.    Defendants request that the Court take judicial notice of the Court's

25  March 31, 2008 Minute Order (Docket No. 294) in *Joanne Siegel, et al. v. Warner*

26  *Bros. Entertainment Inc., et al*., Case No. CV-04-8400-ODW (RZx). A true and

27  correct copy of the Court's March 31, 2008 Minute Order is attached hereto as

28  Exhibit E.  It is proper for the Court to take judicial notice of proceedings and

SIEGEL DEFENDANTS' REQUEST FOR JUDICIAL NOTICE

determinations of prior related litigation. 1-201 *Weinstein's Federal Evidence* § 201.12[3].  *See Stein v. State of Arizona*, 2010 WL 2541136 (D. Ariz. June 18, 2010) (citing *Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1198 (9th Cir. 1988)); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.,* 442 F.3d 741, 746 n.6 (9th Cir. 2006); *Kourtis v. Cameron*, 419 F.3d 989, 1001 (9th Cir. 2005) (*abrogated on other grounds by Taylor v. Sturgell*, 553 U.S. 880 (2008)).

6.    Defendants request that the Court take judicial notice of the Notice of Motion and Joint Stipulation Re: Defendants' Motion to Compel Production of Withheld Document ("Motion to Compel") filed on December 30, 2008 (Docket No. 395) in the related case *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-CV-8400 ODW (RZx).  A true and correct copy of the Motion to Compel is attached hereto as Exhibit F.  It is proper for the Court to take judicial notice of proceedings and determinations of prior related litigation. 1-201 *Weinstein's Federal Evidence* § 201.12[3].  *See Stein v. State of Arizona*, 2010 WL 2541136 (D. Ariz. June 18, 2010) (citing *Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1198 (9th Cir. 1988)); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.,* 442 F.3d 741, 746 n.6 (9th Cir. 2006); *Kourtis v. Cameron*, 419 F.3d 989, 1001 (9th Cir. 2005) (*abrogated on other grounds by Taylor v. Sturgell*, 553 U.S. 880 (2008)).

7.    Defendants request that the Court take judicial notice of the Court's January 14, 2009 Order (Docket No. 442) in the related case *Joanne Siegel et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. CV-04-8400-ODW (RZx).  A true and correct copy of the Court's January 14, 2009 Order is attached hereto as Exhibit G.  It is proper for the Court to take judicial notice of proceedings and determinations of prior related litigation. 1-201 *Weinstein's Federal Evidence* § 201.12[3].  *See Stein v. State of Arizona*, 2010 WL 2541136 (D. Ariz. June 18, 2010) (citing *Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1198 (9th Cir. 1988)); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.,* 442 F.3d 741, 746 n.6 (9th Cir. 2006); *Kourtis v. Cameron*, 419

1  F.3d 989, 1001 (9th Cir. 2005) (*abrogated on other grounds by Taylor v. Sturgell*,

2  553 U.S. 880 (2008)).

3        8.    Defendants request that the Court take judicial notice of the agreement

4  between IP Worldwide, Inc., on the one hand, and Joanne Siegel and Laura Siegel

5  Larson, on the other hand, dated as of October 3, 2002.  A true and correct copy of

6  the 2002 IP Worldwide, Inc. agreement is attached hereto as Exhibit H. On a motion

7  to dismiss under Rule 12(b)(6), courts are permitted to consider documents

8  incorporated by reference in the complaint.  *United States v. Ritchie*, 342 F.3d 903,

9  908 (9th Cir. 2003) ("Even if a document is not attached to a complaint, it may be

10  incorporated by reference into a complaint if the plaintiff refers extensively to the

11  document or the document forms the basis of the plaintiff's claim."); *Von Koenig v.*

12  *Snapple Beverage Corp.*, 2010 WL 1980208 (E.D. Cal. May 10, 2010) (where parties

13  requested judicial notice of juice and tea bottle labels and labels formed the basis of

14  the relevant causes of action, court considered labels for the purpose of defendant's

15  motion to dismiss).  *See generally Parrino v. FHP, Inc.*, 146 F.3d 699, 705-706 (9th

16  Cir. 1997) (holding that "documents critical to plaintiff's claims, but not explicitly

17  incorporated in his complaint" may be judicially noticed and considered by a district

18  court on a motion to dismiss).  As the 2002 IP Worldwide, Inc. agreement is referred

19  to throughout the first amended complaint in this action (*see, e.g.*, FAC ¶¶ 3, 8, 81-

20  84, 185, 193) and is the basis in part of Plaintiff's Fifth and Sixth Claims for Relief, it

21  is proper for the Court to consider the 2002 IP Worldwide, Inc. agreement on

22  Defendants' motion to dismiss.

23        9.    Defendants request that the Court take judicial notice of an agreement

24  between Pacific Pictures Corporation, on the one hand, and Jean A. Peavy and Mark

25  Warren Peary, on the other hand, dated as of November 23, 2001, as well as a

26  supplement to that agreement dated October 27, 2003 ("PPC Agreements").  True

27  and correct copies of these agreements are attached hereto as Exhibit I.  On a motion

28  to dismiss under Rule 12(b)(6), courts are permitted to consider documents

incorporated by reference in the complaint.  *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim."); *Von Koenig v. Snapple Beverage Corp.*, 2010 WL 1980208 (E.D. Cal. May 10, 2010) (where parties requested judicial notice of juice and tea bottle labels and labels formed the basis of the relevant causes of action, court considered labels for the purpose of defendant's motion to dismiss).  *See generally Parrino v. FHP, Inc.*, 146 F.3d 699, 705-706 (9th Cir. 1997) (holding that "documents critical to plaintiff's claims, but not explicitly incorporated in his complaint" may be judicially noticed and considered by a district court on a motion to dismiss).  These agreements are referred to throughout the first amended complaint in this action (*see, e.g.*, FAC ¶¶ 58-65, 90, 92, 119-122, 132) and are the basis in part of Plaintiff's First and Sixth Claims for Relief, it is proper for the Court to consider the PPC Agreements on Defendants' motion to dismiss.

10.    Defendants request that the Court take judicial notice that DC Comics was in possession of the 2001 and 2003 PPC Agreements, and the 2002 IP Worldwide, Inc. agreement on or before November 17, 2006.  Rule 201 of the Federal Rules of Evidence permits a court to take judicial notice of a fact that is "not subject to reasonable dispute in that it is … capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  Subsection (d) [of Rule 201]  makes the taking of judicial notice mandatory if the Court is so requested and supplied with the necessary information."  *Haye v. United States*, 461 F. Supp. 1168, 1174 (C.D. Cal. 1978). That the 2001 and 2003 PPC agreements were produced to DC in the Siegel Litigation is not subject to reasonable dispute. A true and correct copy of the November 15, 2006, letter from Marc Toberoff to counsel for DC enclosing the Bates-stamped PPC Agreements (PPC 00001-00009) and IP Worldwide, Inc. agreement (IPW 00001-00004) is attached hereto as Exhibit J.  *Werner v. Werner*,

267 F.3d 288, 295-296 (3d Cir. 2001) (determination of whether defendants produced corporate meeting minutes during discovery in related state court action "is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned by [defendants]").  Moreover, it cannot be disputed that DC Comics had possession of the PPC Agreements and IP Worldwide, Inc. agreement on or before November 17, 2006, as they were all introduced as exhibits by DC Comics in DC Comics' deposition of Marc Toberoff, which took place on November 17, 2006.   *See* cover pages and exhibits list of the transcript of the deposition of Marc Toberoff and documents stamped as Exhibits 13, 14, & 18 thereto, attached hereto as Exhibit K; *Brodsky v. Yahoo! Inc.*, 630 F. Supp. 2d 1104, 1111 (N.D. Cal. 2009) (court takes judicial notice of conference call transcripts for the fact that statements were made on the dates specified).

Pursuant to Federal Rules of Evidence 201, and for the reasons set forth above, Defendants request that this Court take judicial notice of the documents described above.

DATED: January 14, 2011                  TOBEROFF & ASSOCIATES, P.C.


By_____
               Marc Toberoff

Attorneys for Defendants Mark Warren Peary,
as personal representative of the Estate of
Joseph Shuster, Jean Adele Peavy, Joanne
Siegel and Laura Siegel Larson