Marc Toberoff (State Bar No. 188547)
  *mtoberoff@ipwla.com*
Nicholas C. Williamson (State Bar No. 231124)
  *nwilliamson@ipwla.com*
Keith G. Adams (State Bar No. 240497)
  *kgadams@ipwla.com*
TOBEROFF & ASSOCIATES, P.C.
2049 Century Park East, Suite 2720
Los Angeles, California, 90067
Telephone: (310) 246-3333
Fax:       (310) 246-3101

Attorneys for Defendants Mark Warren Peary, as personal representative of the Estate of Joseph Shuster, Jean Adele Peavy, Joanne Siegel and Laura Siegel Larson

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| DC COMICS,<br><br>            Plaintiff,<br><br>     vs.<br><br>PACIFIC PICTURES CORPORATION; IP WORLDWIDE, LLC; IPW, LLC; MARC TOBEROFF, an individual; MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER; JEAN ADELE PEAVY, an individual; JOANNE SIEGEL, an individual; LAURA SIEGEL LARSON, an individual, and DOES 1-10, inclusive,<br><br>            Defendants. | Case No: CV 10-03633 ODW (RZx)<br><br>Hon. Otis D. Wright II, U.S.D.J.<br><br>**DEFENDANTS MARK WARREN PEARY, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF JOSEPH SHUSTER, AND JEAN ADELE PEAVY'S RENEWED NOTICE OF MOTION AND MOTION TO DISMISS AND/OR STAY PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**<br><br>*Filed concurrently with the following documents originally filed on 9/20/2010: MEMORANDUM OF POINTS AND AUTHORITIES and REQUEST FOR JUDICIAL NOTICE (Originally at Docket No. 80)*<br><br>Complaint filed: May 14, 2010<br>Trial Date: None Set<br><br>Date: February 14, 2011<br>Time: 1:30 p.m.<br>Place: Courtroom 11 |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE on February 14, 2011, at 1:30 p.m., or as soon thereafter as counsel may be heard, in the courtroom of the Honorable Otis D. Wright, II located in the United States Courthouse, 312 N. Spring Street, Los Angeles, California, 90012, Defendants Mark Warren Peary, as Personal Representative of the Estate of Joseph Shuster, and Jean Adele Peavy ("Moving Parties") will and hereby do renew and bring their motion to this Court to dismiss plaintiff's First and Second Claims for Relief pursuant to Fed. R. Civ. P. 12(b)(6).

This motion has already been fully briefed by Moving Parties, and opposed by Plaintiff. The original moving papers for this motion were originally filed on September 20, 2010, at Docket No. 80. Plaintiff's opposition papers were filed on September 27, 2010, and are at Docket No. 89. Moving Parties' reply papers were filed on October 4, 2010, and are at Docket No. 103. The motion was originally set for hearing on October 18, 2010.

By order of October 14, 2010, this Court vacated this motion and other pending dispositive motions set for hearing on October 18, 2010, ordering that "[i]n light of defendants' Notice of Appeal [104], the above-referenced motions are administratively VACATED pending the outcome of the defendants' appeal."

On January 11, 2011, the United States Court of Appeals for the Ninth Circuit dismissed for lack of jurisdiction the appeal referenced in this Court's October 14, 2010 order. *See* Docket Nos. 140, 144.

Accordingly, as this motion was vacated "pending the outcome of the defendants' appeal" and that appeal has now been resolved, Defendants hereby renew their fully-briefed motion.

For the convenience of the Court, Defendants have also re-filed the relevant Memorandum of Points and Authorities and Request for Judicial Notice originally filed on September 20, 2010 in connection with this motion. The documents being re-filed today are identical to those that are already in the Court's files, at Docket No.

80.

This Motion is made and renewed upon the following grounds: Plaintiff DC's First Claim for Relief seeks to invalidate the Shuster Executor's notice of termination under 17 U.S.C. § 304(d) on impermissible and spurious grounds. DC advances an interpretation of § 304(d) that contradicts both the plain language of the statute and the accepted interpretation of "not living" under the Copyright Act. DC also argues that a 1992 agreement between DC and Shuster's siblings bars the Shuster Termination, when such an agreement could not do so under the termination statute. DC makes a frivolous argument, contradicted by its own complaint, that the Shuster Executor did not own the "majority interest necessary to terminate," when the Shuster Executor clearly held the entirety of the termination interest. DC also advances a claim that the Shuster Executor failed to terminate a May 21, 1948 consent judgment, when this Court already correctly decided that this consent judgment had no effect on the validity of Superman termination notices. Lastly, DC argues that the Shuster Executor has "unclean hands," when the alleged "wrongful" acts have already been determined by a court to be proper.

DC's First Claim for Relief is also barred by the statute of limitations.

DC's Second Claim for Relief, which seeks to invalidate or limit the Superman notices of termination served by the Shuster Executor pursuant to 17 U.S.C. § 304, improperly attempts to re-litigate the issues previously litigated on the merits and decided against DC in the related Superman case – *Siegel v. Warner Bros. Ent. Inc., et al.*, C.D. Cal. Case No. 04-CV-08400 ODW (RZx). The *Siegel* litigation to which DC is a party concerned the statutory termination under 17 U.S.C. § 304 of the same pre-1978 grants of the same Superman works, co-authored by Jerome Siegel and Joseph Shuster, as DC's newly filed action. DC is barred by the "law of the case" doctrine from re-litigating the same issues decided against DC in the related *Siegel* action that involved mirror-image Superman notices of termination. To the extent any issues remain, such issues are pending in the more advanced *Siegel* litigation, and

1  should be stayed here, pending their resolution in that closely related action.

2        This Motion is made and renewed following the conference of counsel

3  pursuant to L.R. 7-3, which took place on September 15, 2010.

4        This Motion is based on the original motion papers that have been filed with

5  the Court at Docket No. 80, an identical copy of which is attached hereto for the

6  Court's convenience, all of the pleadings, files, and records in this proceeding, all

7  other matters of which the Court may take judicial notice, and any argument or

8  evidence that may be presented to or considered by the Court prior to its ruling.

10  DATED: January 14, 2011         TOBEROFF & ASSOCIATES, P.C.

12                                        By_____
                                               Marc Toberoff

Attorneys for Defendants Mark Warren Peary, as personal representative of the Estate of Joseph Shuster, Jean Adele Peavy, Joanne Siegel and Laura Siegel Larson

---

3

DEFENDANTS PEARY AND PEAVY'S RENEWED NOTICE OF MOTION & MOTION TO DISMISS FIRST AMENDED COMPLAINT