Marc Toberoff (State Bar No. 188547)
  *mtoberoff@ipwla.com*
Nicholas C. Williamson (State Bar No. 231124)
  *nwilliamson@ipwla.com*
Keith G. Adams (State Bar No. 240497)
  *kgadams@ipwla.com*
TOBEROFF & ASSOCIATES, P.C.
2049 Century Park East, Suite 2720
Los Angeles, California, 90067
Telephone:  (310) 246-3333
Fax:           (310) 246-3101

Attorneys for Defendants Mark Warren Peary, as personal representative of the Estate of Joseph Shuster, Jean Adele Peavy, Joanne Siegel and Laura Siegel Larson

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| DC COMICS,<br><br>            Plaintiff,<br><br>   vs.<br><br>PACIFIC PICTURES CORPORATION; IP WORLDWIDE, LLC; IPW, LLC; MARC TOBEROFF, an individual; MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER; JEAN ADELE PEAVY, an individual; JOANNE SIEGEL, an individual; LAURA SIEGEL LARSON, an individual, and DOES 1-10, inclusive,<br><br>            Defendants. | Case No: CV 10-03633 ODW (RZx)<br><br>Hon. Otis D. Wright II, U.S.D.J.<br><br>**DEFENDANTS MARK WARREN PEARY, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF JOSEPH SHUSTER, AND JEAN ADELE PEAVY'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF RENEWED MOTION TO DISMISS AND/OR STAY PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)**<br><br>*Originally filed on 9/20/2010 at Docket No. 80*<br><br>Complaint filed: May 14, 2010<br>Trial Date: None Set<br><br>Date:  February 14, 2011<br>Time:  1:30 p.m.<br>Place: Courtroom 11 |

# TABLE OF CONTENTS

| Exhibit | Document | Page |
|---|---|---|
|  | Request for Judicial Notice | 001 |
| A | Agreement between DC Comics, on the one hand, and Frank Shuster and Jean Peavy, on the other hand, dated as of August 1, 1992 | 008 |
| B | Defendants Warner Bros. Entertainment Inc., Time Warner Inc. and DC Comics' First Amended Counterclaims ("FACC") filed on October 18, 2005 (Docket No. 42) in the related case *Joanne Siegel et al. v. Warner Bros. Entertainment Inc., et al.*, USDC Case No. 04-CV-8400 ODW (RZx) | 010 |
| C | Notice of Termination of Transfer Covering Extended Copyright Renewal Term of "Superman" served by Mark Warren Peary, as personal representative of the Estate of Joseph Shuster, on Plaintiff DC Comics, among others, on November 10, 2003 and recorded with the U.S. Copyright Office on December 3, 2003 | 051 |
| D | Declaration of Marc Toberoff in Support of Plaintiff's Motion for Summary Judgment, filed April 30, 2007 (Docket No. 163) ("Toberoff Declaration") in the related case *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, USDC Case No. 04-CV-8400 ODW (RZx); Exhibit "C" to that Declaration (Stipulation of settlement dated May 19, 1948 between the parties to the action entitled *Jerome Siegel and Joseph Shuster v. National Periodical Publications, et al.*, in the Supreme Court of the State of New York, Westchester County) | 068 |
| E | Exhibit "F" to the Toberoff Declaration (Findings of Facts and Conclusions of Law dated April 12, 1948 issued by Official Referee Judge Addison Young in the action entitled *Jerome Siegel and Joseph Shuster v. National Periodical Publications, et al.*, in the Supreme Court of the State of New York, Westchester County) | 086 |

| Exhibit | Document | Page |
|---|---|---|
| F | Defendants' Opposition to Plaintiffs' Motion for Partial Summary Judgment, filed May 29, 2007 (Docket No. 181) in the related case *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, USDC Case No. 04-CV-8400 ODW (RZx) | 129 |
| G | Joint Status Report filed on December 21, 2009 (Docket No. 602), in the related case *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-CV-8400 ODW (RZx) | 137 |
| H | Published Order granting in part and denying in part Plaintiffs' Motion for Partial Summary Judgment; Order granting in part and denying in part Defendants' Motion for Partial Summary Judgment, filed on March 26, 2008 (Docket No. 293), in the related case *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, USDC Case No. CV-04-8400-ODW (RZx) | 163 |
| I | Published Order Resolving Additional Issues, filed on August 12, 2009 (Docket no. 560), in the related case *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, USDC Case No. CV-04-8400-ODW (RZx) | 197 |
| J | Published Order, filed on October 30, 2009 (Docket No. 595), in the related case *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, USDC Case No. CV-04-8400-ODW (RZx) | 242 |
| K | Order, filed on July 8, 2008 (Docket No. 331), in the related case *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, USDC Case No. CV-04-8400-ODW (RZx) | 264 |

Pursuant to Rule 201 of the Federal Rules of Evidence, defendants Mark Warren Peary, as personal representative of the Estate of Joseph Shuster and Jean Adele Peavy ("Defendants"), respectfully request that this Court take judicial notice of the following documents, submitted in support of Defendants' Motion to Dismiss and/or Stay Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6).  In ruling on a motion to dismiss a complaint pursuant to Fed. R. Civ. P. 12(b)(6), a court may consider matters subject to judicial notice. *Neilson v. Union Bank of California, N.A.*, 290 F. Supp. 2d 1101, 1111-12 (C.D. Cal. 2003) ("[i]n deciding a motion to dismiss…a court may consider…matters that may be judicially noticed pursuant to Federal Rule of Evidence 201."); *Haye v. United States*, 461 F.Supp. 1168, 1174 (C.D. Cal. 1978) ("Subsection (d) [of Rule 201] makes the taking of judicial notice mandatory if the Court is so requested and supplied with the necessary information.").[1]

1. Defendants request that the Court take judicial notice of the agreement between DC Comics, on the one hand, and Frank Shuster and Jean Peavy, on the other hand, dated as of August 1, 1992 (the "1992 Shuster Agreement").  A true and correct copy of the 1992 Shuster Agreement is attached hereto as Exhibit A.  On a motion to dismiss under Rule 12(b)(6), courts are permitted to consider documents incorporated by reference in the complaint. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim."); *Von Koenig v. Snapple Beverage Corp.*, 2010 WL 1980208 (E.D. Cal. May 10, 2010) (where parties requested judicial notice of juice and tea bottle labels and labels formed the basis of

---

[1] *See generally*, *In re Calpine Corp. Sec. Litig.*, 288 F. Supp. 2d 1054, 1076 (N.D. Cal. 2003) ("[T]he Court may take judicial notice of documents on which allegations in the [complaint] necessarily rely, even if not expressly referenced in the [complaint], provided the authenticity of those documents are not in dispute."); *Parrino v. FHP Healthcare, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) (stating judicial notice prevents "plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based.").

the relevant causes of action, court considered labels for the purpose of defendant's motion to dismiss). *See generally Parrino v. FHP, Inc.*, 146 F.3d 699, 705-706 (9th Cir. 1997) (holding that "documents critical to plaintiff's claims, but not explicitly incorporated in his complaint" may be judicially noticed and considered by a district court on a motion to dismiss). As the 1992 Shuster Agreement is referred to throughout the complaint in this action (*see*, *e.g.*, Complaint ¶¶ 3-4, 6, 51-55, 112-117, 125-128, 175-179) and is the basis in part of Plaintiff's First and Second Claims for Relief, it is proper for the Court to consider the 1992 Shuster Agreement on Defendants' motion to dismiss.

    2.    Defendants request that the Court take judicial notice of defendants Warner Bros. Entertainment Inc., Time Warner Inc. and DC Comics' First Amended Counterclaims ("FACC") filed on October 18, 2005 (Docket No. 42) in the related case *Joanne Siege,l et al. v. Warner Bros. Entertainment Inc., et al.*, USDC Case No. 04-CV-8400 ODW (RZx). A true and correct copy of the FACC is attached hereto as Exhibit B. It is proper for the Court to take judicial notice of proceedings and determinations of prior related litigation. 1-201 *Weinstein's Federal Evidence* § 201.12[3] ("Courts have the power to judicially recognize their own records of prior litigation closely related to the present case"). *See Stein v. State of Arizona*, 2010 WL 2541136 (D. Ariz. June 18, 2010) (on motion to dismiss, taking judicial notice of Plaintiff's sentencing documents and release order in related criminal case against Plaintiff) (citing *Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1198 (9th Cir. 1988)); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.,* 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice, as a matter of public record, of briefs, pleadings, memoranda, expert reports from related litigation); *Kourtis v. Cameron*, 419 F.3d 989, 1001 (9th Cir. 2005) ("[C]ourt records from related proceedings can be taken into account without converting a motion to dismiss into a summary judgment motion") (*abrogated on other grounds by Taylor v. Sturgell*, 553 U.S. 880 (2008)).

    3.    Defendants request that the Court take judicial notice of the Notice of

Termination of Transfer Covering Extended Copyright Renewal Term of "Superman" (the "Notice of Termination") served by Mark Warren Peary, as personal representative of the Estate of Joseph Shuster, on Plaintiff DC Comics, among others, on November 10, 2003 and recorded with the U.S. Copyright Office on December 3, 2003.  A true and correct copy of The Notice of Termination and Certificate of Recordation with the U.S. Copyright Office is attached hereto as Exhibit C.  On a motion to dismiss under Rule 12(b)(6), courts are permitted to consider documents incorporated by reference in the complaint.  *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *Von Koenig v. Snapple Beverage Corp.*, 2010 WL 1980208 (E.D. Cal. May 10, 2010).  As the Notice of Termination is referred to throughout the complaint in this action (*see*, *e.g.*, Complaint ¶¶ 92-101, 105-164) and is the basis in part of Plaintiff's First and Second Claim for Relief, it is proper for the Court to consider the Notice of Termination on Defendants' motion to dismiss.  Moreover, the Court may take judicial notice of records from the U.S. Copyright Office. *Island Software & Computer Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 261 (2d. Cir. 2005) (taking judicial notice of copyright registrations); *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986) (A court may take judicial notice of matters of public record outside the pleadings on a motion to dismiss).

   4. Defendants request that the Court take judicial notice of the stipulation of settlement dated May 19, 1948 ("1948 Stipulation") between the parties to the action entitled *Jerome Siegel and Joseph Shuster v. National Periodical Publications, et al.*, in the Supreme Court of the State of New York, Westchester County. This document was "Exhibit C" to the Declaration of Marc Toberoff in Support of Plaintiff's Motion for Summary Judgment, filed April 30, 2007 (Docket No. 163) in the related case *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, USDC Case No. 04-CV-8400 ODW (RZx).  A true and correct copy of the Declaration of Marc Toberoff and the 1947 Stipulation is attached hereto as Exhibit

3
REQUEST FOR JUDICIAL NOTICE

D.  It is proper for the Court to take judicial notice of proceedings and determinations of prior related litigation. 1-201 *Weinstein's Federal Evidence* § 201.12[3].  *See Stein v. State of Arizona*, 2010 WL 2541136 (D. Ariz. June 18, 2010) (citing *Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1198 (9th Cir. 1988)); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.,* 442 F.3d 741, 746 n. 6 (9th Cir. 2006); *Kourtis v. Cameron*, 419 F.3d 989, 1001 (9th Cir. 2005) (*abrogated on other grounds by Taylor v. Sturgell*, 553 U.S. 880 (2008)).

5. Defendants request that the Court take judicial notice of the Findings of Facts and Conclusions of Law dated April 12, 1948 issued by Official Referee Judge Addison Young ("1948 Findings") in the action entitled *Jerome Siegel and Joseph Shuster v. National Periodical Publications, et al.*, in the Supreme Court of the State of New York, Westchester County.  This document was "Exhibit B" to the Declaration of Marc Toberoff in Support of Plaintiff's Motion for Summary Judgment, filed April 30, 2007 (Docket No. 163) in the related case *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, USDC Case No. 04-CV-8400 ODW (RZx) (*see* paragraph 4, *supra*).  A true and correct copy of the 1948 Findings is attached hereto as Exhibit E.   It is proper for the Court to take judicial notice of proceedings and determinations of prior related litigation. 1-201 *Weinstein's Federal Evidence* § 201.12[3].  *See Stein v. State of Arizona*, 2010 WL 2541136 (D. Ariz. June 18, 2010) (citing *Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1198 (9th Cir. 1988)); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.,* 442 F.3d 741, 746 n.6 (9th Cir. 2006); *Kourtis v. Cameron*, 419 F.3d 989, 1001 (9th Cir. 2005) (*abrogated on other grounds by Taylor v. Sturgell*, 553 U.S. 880 (2008)).

6. Defendants request that the Court take judicial notice of Defendants' Opposition to Plaintiffs' Motion for Partial Summary Judgment ("Opposition") filed May 29, 2007 (Docket No. 181) in the related case *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, USDC Case No. 04-CV-8400 ODW (RZx). True and correct copies of relevant excerpts from the Opposition are attached hereto as Exhibit

F. It is proper for the Court to take judicial notice of proceedings and determinations of prior related litigation. 1-201 *Weinstein's Federal Evidence* § 201.12[3]. *See Stein v. State of Arizona*, 2010 WL 2541136 (D. Ariz. June 18, 2010) (citing *Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1198 (9th Cir. 1988)); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.,* 442 F.3d 741, 746 n.6 (9th Cir. 2006); *Kourtis v. Cameron*, 419 F.3d 989, 1001 (9th Cir. 2005) (*abrogated on other grounds by Taylor v. Sturgell*, 553 U.S. 880 (2008)).

7. Defendants request that the Court take judicial notice of the Joint Status Report filed on December 21, 2009 (Docket No. 602), in the related case *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-CV-8400 ODW (RZx). A true and correct copy of the Joint Status Report is attached hereto as Exhibit G. It is proper for the Court to take judicial notice of proceedings and determinations of prior related litigation. 1-201 *Weinstein's Federal Evidence* § 201.12[3]. *See Stein v. State of Arizona*, 2010 WL 2541136 (D. Ariz. June 18, 2010) (citing *Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1198 (9th Cir. 1988)); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.,* 442 F.3d 741, 746 n.6 (9th Cir. 2006); *Kourtis v. Cameron*, 419 F.3d 989, 1001 (9th Cir. 2005) (*abrogated on other grounds by Taylor v. Sturgell*, 553 U.S. 880 (2008)).

8. Defendants request that the Court take judicial notice of the Court's Order granting in part and denying in part Plaintiffs' Motion for Partial Summary Judgment; Order granting in part and denying in part Defendants' Motion for Partial Summary Judgment, filed on March 26, 2008 (Docket No. 293), in the related case *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al*., USDC Case No. CV-04-8400-ODW (RZx). A true and correct copy of the published version of the Court's March 26, 2008 Order is attached hereto as Exhibit H. It is proper for the Court to take judicial notice of proceedings and determinations of prior related litigation. 1-201 *Weinstein's Federal Evidence* § 201.12[3]. *See Stein v. State of Arizona*, 2010 WL 2541136 (D. Ariz. June 18, 2010) (citing *Emrich v. Touche Ross*

*& Co.,* 846 F.2d 1190, 1198 (9th Cir. 1988)); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.,* 442 F.3d 741, 746 n.6 (9th Cir. 2006); *Kourtis v. Cameron*, 419 F.3d 989, 1001 (9th Cir. 2005) (*abrogated on other grounds by Taylor v. Sturgell*, 553 U.S. 880 (2008)).

9. Defendants request that the Court take judicial notice of the Court's Order Resolving Additional Issues, filed on August 12, 2009 (Docket no. 560), in the related case *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al*., USDC Case No. CV-04-8400-ODW (RZx). A true and correct copy of the published version of the Court's August 12, 2009 Order is attached hereto as Exhibit I. It is proper for the Court to take judicial notice of proceedings and determinations of prior related litigation. 1-201 *Weinstein's Federal Evidence* § 201.12[3]. *See Stein v. State of Arizona*, 2010 WL 2541136 (D. Ariz. June 18, 2010) (citing *Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1198 (9th Cir. 1988)); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.,* 442 F.3d 741, 746 n.6 (9th Cir. 2006); *Kourtis v. Cameron*, 419 F.3d 989, 1001 (9th Cir. 2005) (*abrogated on other grounds by Taylor v. Sturgell*, 553 U.S. 880 (2008)).

10. Defendants request that the Court take judicial notice of the Court's Order, filed on October 30, 2009 (Docket No. 595), in the related case *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al*., USDC Case No. CV-04-8400-ODW (RZx). A true and correct copy of the published version of the Court's October 30, 2009 Order is attached hereto as Exhibit J. It is proper for the Court to take judicial notice of proceedings and determinations of prior related litigation. 1-201 *Weinstein's Federal Evidence* § 201.12[3]. *See Stein v. State of Arizona*, 2010 WL 2541136 (D. Ariz. June 18, 2010) (citing *Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1198 (9th Cir. 1988)); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.,* 442 F.3d 741, 746 n. 6 (9th Cir. 2006); *Kourtis v. Cameron*, 419 F.3d 989, 1001 (9th Cir. 2005) (*abrogated on other grounds by Taylor v. Sturgell*, 553 U.S. 880 (2008)).

11. Defendants request that the Court take judicial notice of the Court's

1 | Order, filed on July 8, 2008 (Docket No. 331), in the related case *Joanne Siegel, et al.*
2 | *v. Warner Bros. Entertainment Inc., et al.*, USDC Case No. CV-04-8400-ODW
3 | (RZx).  A true and correct copy of the Court's July 8, 2008 Order is attached hereto
4 | as Exhibit K.  It is proper for the Court to take judicial notice of proceedings and
5 | determinations of prior related litigation. 1-201 *Weinstein's Federal Evidence* §
6 | 201.12[3].  *See Stein v. State of Arizona*, 2010 WL 2541136 (D. Ariz. June 18, 2010)
7 | (citing *Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1198 (9th Cir. 1988)); *Reyn's*
8 | *Pasta Bella, LLC v. Visa USA, Inc.,* 442 F.3d 741, 746 n.6 (9th Cir. 2006); *Kourtis v.*
9 | *Cameron*, 419 F.3d 989, 1001 (9th Cir. 2005) (*abrogated on other grounds by Taylor*
10 | *v. Sturgell*, 553 U.S. 880 (2008)).

11 |       Pursuant to Federal Rules of Evidence 201, and for the reasons set forth above,
12 | Defendants request that this Court take judicial notice of the documents described
13 | above.

DATED:  January 14, 2011             TOBEROFF & ASSOCIATES, P.C.

By _____
                Marc Toberoff

Attorneys for Defendants Mark Warren Peary,
as personal representative of the Estate of
Joseph Shuster, Jean Adele Peavy, Joanne
Siegel and Laura Siegel Larson