DANIEL M. PETROCELLI (S.B. #097802)
dpetrocelli@omm.com
MATTHEW T. KLINE (S.B. #211640)
mkline@omm.com
CASSANDRA L. SETO (S.B. #246608)
cseto@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067-6035
Telephone: (310) 553-6700
Facsimile: (310) 246-6779

PATRICK T. PERKINS (admitted *pro hac vice*)
pperkins@ptplaw.com
PERKINS LAW OFFICE, P.C.
1711 Route 9D
Cold Spring, NY 10516
Telephone: (845) 265-2820
Facsimile: (845) 265-2819

Attorneys for Plaintiff DC Comics

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DC COMICS,<br><br>Plaintiff,<br><br>v.<br><br>PACIFIC PICTURES CORPORATION, IP WORLDWIDE, LLC, IPW, LLC, MARC TOBEROFF, an individual, MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER, JEAN ADELE PEAVY, an individual, JOANNE SIEGEL, an individual, LAURA SIEGEL LARSON, an individual, and DOES 1-10, inclusive,<br><br>Defendants. | Case No. CV 10-3633 ODW (RZx)<br><br>**DC COMICS' RESPONSE TO DEFENDANTS' "RENEWED" RULE 12 MOTIONS AND ANTI-SLAPP MOTION**<br><br>Hon. Otis D. Wright II<br><br>**Hearing Date**: February 14, 2011<br>**Hearing Time**: 1:30 p.m. |

1    DC Comics briefly responds to the "renewed" Rule 12 and SLAPP motions that defendants filed in this case on January 14, 2011, and noticed for hearing before this Court on February 14, 2011.

<u>1. DC's Substantive Briefing Opposing Defendants' Motions.</u>  DC's initial opposition to defendants' four motions is set forth in the briefs, declaration, and filings found at Docket Numbers 89-94, 97, and 106-07.  For convenience, DC will deliver a courtesy copy of these papers to the Court (with a copy to defendants).

<u>2. Hearing Defendants' Renewed Motions.</u>  This Court has broad authority and discretion to control its busy docket and manage this litigation.  DC defers to the Court on whether and when to hear defendants' pending motions.

Defendants' position, on the other hand, has been far from consistent.  In October, when this Court issued a stay as a result of defendants' initial appeal, DC moved to vacate the stay, but defendants opposed, insisting the stay was proper and reminding the Court that it "possesses the inherent power to control its own docket and calendar."  Docket No. 112 at 8:3-4.  Defendants did not request reinstatement of their motions.  *Cf. id. After* the Court modified the stay to allow discovery to proceed, defendants reversed course and asked that their motions be heard.  Docket No. 119.  More recently, on January 11, 2011, immediately after receiving word that the Ninth Circuit dismissed defendants' first interlocutory appeal in this case, Docket No. 144—the appeal that had led the Court to impose an administrative stay, Docket No. 109—defendants filed a formal request for a status conference with this Court, at which the parties could discuss "*scheduling* a hearing for Defendants' motions."  Docket No. 140 (emphasis added).  Three days later, and before the Court could address this scheduling request, defendants simply refiled their motions and noticed them for hearing on February 14.  Though their positions have changed, defendants' objective has remained consistent throughout:  to force rulings on their motions without affording DC the benefit of any discovery.

3. <u>Status of Defendants' Motions.</u>  As DC's opposition papers explain, defendants' three Rule 12 motions are without basis and should be denied—in large part because they misstate the applicable law and turn on contested fact issues that cannot be resolved at the pleading stage.

The same is true for defendants' SLAPP motion.  Alternatively, this motion can be deferred pending completion of the discovery it implicates.  Docket No. 92 at 8-11; *Shropshire v. Fred Rappaport Co.*, 294 F. Supp. 2d 1085, 1100 (N.D. Cal. 2003).  Defendants contend this Court must rule on their SLAPP motion before such discovery is taken, but that position is contrary to law and was rejected by the Magistrate, this Court, and the Ninth Circuit—each of which denied defendants' applications for a discovery stay pending their motion.  Docket Nos. 74; 95 at 57; 117; 124; 139.  Federal and California law give DC the right to pursue and complete this discovery before any SLAPP motion is heard.  Docket No. 92 at 8-11; *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001); *Shropshire*, 294 F. Supp. 2d at 1100; CAL. CIV. PROC. CODE § 425.16(g); *Lafayette Morehouse, Inc. v. Chronicle Publ'g Co.*, 37 Cal. App. 4th 855, 868 (1995).

DC sought to begin discovery promptly after filing its complaint on May 14, 2010.  Defendants resisted, and after filing their Rule 12 and SLAPP motions, insisted that the Court decide their motions before any discovery could proceed.  That resulted in delaying the initiation of DC's discovery by seven months.  Now that the Court has ordered discovery to commence and the process is underway, defendants again seek to cut off DC's rights by forcing a hearing and decision on their motions before DC has a meaningful opportunity to obtain discovery.

4. <u>Conclusion.</u>  DC submits that defendants' motions lack merit and should be summarily denied.  Alternatively, the SLAPP motion should be deferred pending discovery regarding the factual issues it raises.

1  Dated:       January 21, 2011           Respectfully Submitted,

2                                          O'MELVENY & MYERS LLP

3

4                                          By:  /s/ Daniel M. Petrocelli
                                                Daniel M. Petrocelli
5                                               Attorneys for Plaintiff DC Comics

6
   CC1:843008
7