Marc Toberoff (State Bar No. 188547)
 mtoberoff@ipwla.com
Nicholas C. Williamson (State Bar No. 231124)
 nwilliamson@ipwla.com
TOBEROFF & ASSOCIATES, P.C.
2049 Century Park East, Suite 2720
Los Angeles, California, 90067
Telephone: (310) 246-3333
Fax:          (310) 246-3101

Attorneys for Defendants Mark Warren Peary, as personal representative of the Estate of Joseph Shuster, Jean Adele Peavy, Joanne Siegel and Laura Siegel Larson

KENDALL BRILL & KLIEGER LLP
Richard B. Kendall (90072)
 rkendall@kbkfirm.com
Laura W. Brill (195889)
 lbrill@kbkfirm.com
Nicholas F. Daum (236155)
 ndaum@kbkfirm.com
10100 Santa Monica Blvd., Suite 1725
Los Angeles, California  90067
Telephone: 310.556.2700
Facsimile:  310.556.2705

Attorneys for Defendants Marc Toberoff, Pacific Pictures Corporation, IP Worldwide, LLC, and IPW, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION**

| | |
|---|---|
| DC COMICS,<br><br>　　　　　Plaintiff,<br>　　vs.<br><br>PACIFIC PICTURES CORPORATION; IP WORLDWIDE, LLC; IPW, LLC; MARC TOBEROFF, an individual; MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER; JEAN ADELE PEAVY, an individual; JOANNE SIEGEL, an individual; LAURA SIEGEL LARSON, an individual, and DOES 1-10, inclusive,<br><br>　　　　　Defendants. | Case No: CV 10-03633 ODW (RZx)<br><br>Hon. Otis D. Wright II, U.S.D.J.<br><br>**DEFENDANTS' REPLY TO DC COMICS' RESPONSE TO DEFENDANTS' RENEWED RULE 12 MOTIONS AND ANTI-SLAPP MOTION**<br><br>Complaint filed: May 14, 2010<br>Trial Date: None Set<br><br>Date:  February 14, 2011<br>Time:  1:30 p.m.<br>Place:  Courtroom 11 |

Defendants briefly respond to DC Comics' "Response" to Defendants' renewed Rule 12(b)(6) motions to dismiss and anti-SLAPP motion that were re-noticed on January 14, 2011, and are set for hearing on February 14, 2011.

## I.   Reply Briefs

Defendants' reply briefs and other papers in support of their Rule 12(b)(6) motions and anti-SLAPP motion were filed at Docket Nos. 98-100, 102-103, and 108. For convenience, Defendants will re-deliver courtesy copies of these filings to the Court.

## II.   Hearing on Motions to Dismiss and Anti-SLAPP Motion

A hearing on the Rule 12(b)(6) motions and anti-SLAPP motion is currently set for February 14, 2011, and DC has not moved to postpone that hearing date. DC has presented no basis for further delay of the hearing and resolution of Defendants' dispositive motions to dismiss. Defendants' Rule 12(b)(6) motions present straight-forward legal issues that do not present any disputed factual issues, and make crystal clear that all of DC's claims are barred as a matter of law.

For instance, DC's Third, Fourth, Fifth and Sixth Claims are all barred by the statute of limitations; the Fourth, Fifth and Sixth Claims are also barred by the litigation privilege (Cal. Civ. Code § 47(b)); the Third Claim fails to state a recognized cause of action under the Copyright Act; and the First and Second Claims should be dismissed or stayed in that DC seeks to re-litigate issues fully litigated and decided in *Siegel v. Warner Bros. Ent. Inc.*, 542 F. Supp. 2d 1098 (C.D. Cal. 2008).

DC bemoans the fact that Defendants seek to have their motions to dismiss heard on ordinary notice, before DC has completed discovery; however, discovery is irrelevant to Defendants' Rule 12(b)(6) motions, which raise solely matters of law and are based on the pleadings and judicially noticeable records. Moreover, prompt rulings on Rule 12(b)(6) motions prior to extensive discovery is standard practice expressly approved by the Ninth Circuit. *See Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) (holding that F.R.C.P. 12(b)(6) provides

defendants a means to test the "legal sufficiency of complaints without subjecting themselves to discovery," and that "'if the allegations of the complaint fail to establish the requisite elements of the cause of action, our requiring costly and time consuming discovery … would represent an abdication of our judicial responsibility.'"); *Wagh v. Metris Direct, Inc.*, 363 F.3d 821, 829 (9th Cir. 2003) (same).

Defendants' motion under California's anti-SLAPP law, also set to be heard on February 14, 2011, can readily be resolved based on the same purely legal issues, or alternatively on the basis of discrete undisputed facts. Neither this Court, nor the Magistrate Judge, nor the Ninth Circuit ruled or concluded that DC needs discovery to address the anti-SLAPP motion or that a hearing on the dispositive motions, originally filed in September 2010, should be further deferred, and DC has not moved to delay the hearing on these motions.

DC's statement that "Federal and California law give DC the right to pursue and complete this discovery before any SLAPP motion is heard" (Response at 2:12-13) is wrong. The statute expressly *mandates* that an anti-SLAPP motion be heard and decided in a timely manner so as to shield the SLAPP defendant from the burdens of litigation. *See* Cal. Code Civ. Proc. § 425.16(f); *Fair Political Practices Comm'n v. Am. Civil Rights Coalition, Inc.*, 121 Cal. App. 4th 1171, 1175 (2004) (noting need for prompt resolution). Discovery is stayed pending the decision on an anti-SLAPP motion, except to permit "specified discovery" (Cal. Code Civ. Proc. § 425.16(g)) if, and only if, the plaintiff has "show[n] 'that a defendant or witness possesses evidence needed by plaintiff to establish a *prima facie* case.'" *1-800 Contacts, Inc. v. Steinberg*, 107 Cal. App. 4th 568, 593 (2003) (cites omitted).

Once the anti-SLAPP motion is heard, a court must either grant the motion, deny the motion, or if, and only if the plaintiff has shown "good cause" for specified discovery, the motion may be held pending such discovery. *Id.*; *Paterno v. Superior Ct.*, 163 Cal. App. 4th 1342, 1351 (2008) (reversing grant of discovery). DC omits

the crucial step of hearing the motion, and instead pretends that the Court has heard the anti-SLAPP motion and has decided to defer it pending specified discovery, when no such ruling was ever made. Here, it is plain that no discovery is required to decide the anti-SLAPP motion, which can be resolved as a matter of law.

Respectfully, Defendants' dispositive motions should be heard by the Court on February 14, 2011, as currently noticed.

Dated: January 28, 2011                    RESPECTFULLY SUBMITTED,

_____                  _____
Laura W. Brill                             Marc Toberoff
KENDALL BRILL & KLIEGER LLP                TOBEROFF & ASSOCIATES, P.C.
Attorneys for Defendants,                  Attorneys for Defendants,
*Pacific Pictures Corporation, IP          Mark Warren Peary, as personal
Worldwide, LLC, IPW, LLC and               representative of the Estate of Joseph
Marc Toberoff*                             *Shuster, Jean Adele Peavy, Joanne
                                           Siegel and Laura Siegel Larson*