# EXHIBIT J

From: mtoberoff@ipwla.com [mailto:mtoberoff@ipwla.com]
Sent: Friday, April 18, 2008 8:08 PM
To: MBergman@wwllp.com
Cc: Roger Zissu
Subject: Re: JAMS Mediation Confidentiality Agreement CONFIDENTIAL, FOR SETTLEMENT PURPOSES ONLY

Michael:

As discussed, I have attached a copy of plaintiffs' proposed confidentiality agreement with respect to the upcoming settlement discussions before Judge Weinstein or otherwise. It was modeled after the form JAMS agreement I retrieved from Judge Weinstein's office.  Also attached is a PDF of the JAMS agreement and a redline showing the changes to the form agreement.

EXHIBIT J
91

I look forward to your comments.


Marc Toberoff
Toberoff & Associates
2049 Century Park East, Suite 2720
Los Angeles, CA 90067
Tel: (310) 246-3333
Fax: (310) 246-3101
MToberoff@ipwla.com


The information contained in this email message may be privileged,
confidential, and protected from disclosure. Any unauthorized use, printing, copying,
disclosure or dissemination of this communication may be subject to legal restriction or
sanction. If you think that you have received this email message in error, please reply to
the sender.

## JAMS

## CONFIDENTIALITY AGREEMENT (CALIFORNIA)

(Redline Reflecting Substantive Modifications)

Re:    Mediation of Siegel, Joanne, et al. vs. DC Comics, et al.
JAMS Reference Number 1100052854

In order to promote communication among the parties and to facilitate resolution of the dispute, the participants agree as follows:

1.    This mediation process is to be considered settlement negotiations for the purpose of all state and federal rules protecting disclosures made during such process from later discovery and/or use in evidence.

2.    The provisions of California Evidence Code §§ 1115-1128 and 703.5, attached hereto, apply to this mediation.  The provisions of the Central District of California Local Rule 16-15, attached hereto, also apply to this mediation.  Pursuant to Local Rule 16-5.8, the mediation and any settlement conference or discussion ("Settlement Conference") shall be confidential, and no part of any Settlement Conference shall be reported, or otherwise recorded, without the consent of the parties. With respect to California Evidence Code §1122, any agreement to disclose under sub-sections (a)(1) or (a)(2) of that section must be expressly made in writing.  THIS CONFIDENTIALITY AGREEMENT ("AGREEMENT") EXTENDS TO ALL PRESENT AND FUTURE CIVIL, JUDICIAL, QUASI-JUDICIAL, ARBITRAL, ADMINISTRATIVE OR OTHER PROCEEDINGS.

3.    The participants' sole purpose in conducting or participating in any Settlement Conference is to compromise, settle or resolve their dispute, in whole or in part.  Pursuant to Evidence Code § 1121, neither the mediator nor anyone else will submit to a court or other adjudicative body any report, assessment, evaluation, recommendation, or finding of any kind by the mediator concerning a mediation conducted by the mediator, unless all parties to the mediation expressly agree otherwise in writing in accordance with Evidence Code § 1118.

4.    The privileged character of any information or documents is not altered by disclosure to the mediator or disclosure in any Settlement Conference The mediation process may continue after the date appearing below. Therefore, the mediator's subsequent oral and written communications with the mediation participants in a continuing effort to resolve the dispute are subject to this Agreement.  Accordingly, the parties waive the automatic termination provisions of Evidence Code § 1125(a)(5).

5.    All parties, counsel and any other persons attending any  Settlement Conference shall treat all such discussions as strictly confidential in every respect, including without limitation, the contents or substance of any oral or written statements

made at the Settlement Conference, and all other substantive aspects of such Settlement Conference ("Confidential Settlement Information"). Without limitation, any document that is marked "Confidential – For Settlement Purposes Only" and is disclosed or produced at or in connection with a Settlement Conference shall be treated as Confidential Settlement Information. Confidential Settlement Information shall not be disclosed to anyone other than the parties, their counsel or the mediator or used in any way, shape or form for any purpose, including impeachment, in any pending or future proceeding in any court, in whole or in part, directly or indirectly, orally or in writing, except as set forth in paragraph 6 below.

6.    The prohibition on the disclosure of Confidential Settlement Information does not extend to disclosures as may be mutually stipulated and agreed upon in writing by all parties or to disclosures as are otherwise ordered by a Court of competent jurisdiction. Documentation or information that is (a) publicly available, (b) already in the possession of the adverse party or their counsel prior to its disclosure by a party or their counsel at a Settlement Conference, or (c) is developed independently of any Settlement Conference and without reference thereto, shall not be considered as Confidential Settlement Information, and pursuant to Evidence Code § 1120, the use of such information and documentation at a Settlement Conference shall have no effect on the admissibility or protection from disclosure of the information and documentation in the underlying litigation; however the fact that such information or documentation was used or disclosed at a Settlement Conference, and the nature of such use or disclosure, at a Settlement Conference will constitute Confidential Settlement Information.

7.    The parties shall file with the Court a "joint report, outlining the efforts they have taken in furtherance of the settlement and the results of those efforts," pursuant to the Court's March 31, 2008 scheduling order, and on or before the Court's June 1, 2008 deadline. To the extent the parties fail to settle any outstanding action, claim or dispute by a written settlement agreement, the parties shall, unless otherwise agreed in writing, limit the information conveyed to the Court in their joint report or otherwise to the following: (i) that the parties were unable to settle the action, claim or dispute; (ii) the names of all parties and their counsel who attended each mediation session or other Settlement Conference; and (iii) the dates and duration of any such mediation session or other Settlement Conference. Any further or additional statement or disclosure regarding the status of the parties' settlement discussions as set in the "joint report" or otherwise shall only be made with the written consent of all parties. No further disclosure concerning any of the settlement proceedings, or of "Confidential Settlement Information," shall be made by either party or their respective attorneys, agents, or representatives, in whole or in part, directly or indirectly, orally or in writing, except as set forth in paragraph 6 above.

8.    ANY WRITTEN SETTLEMENT AGREEMENT PREPARED DURING OR AT THE CONCLUSION OF THE MEDIATION IS SUBJECT TO DISCLOSURE, BINDING, ENFORCEABLE, AND ADMISSIBLE to prove the existence of and/or to enforce the agreement under California Code of Civil Procedure 5664.6, if applicable, or otherwise.

9.      Because the participants are disclosing information in reliance upon this
Agreement, any breach of this Agreement would cause irreparable injury for which
monetary damages would be inadequate. Consequently, any pasty to this Agreement may
obtain an injunction to prevent disclosure of any such confidential information in
violation of this Agreement.

10.     In the event that any other individual or entity not set forth below
participates in the mediation process, such an individual or entity must expressly and in
writing agree to all provisions of this Agreement.

11.     The mediator is serving as a neutral intermediary and settlement facilitator
and may not act as an advocate for any party. THE MEDIATOR'S STATEMENTS DO
NOT CONSTITUTE LEGAL ADVICE TO ANY PARTY. ACCORDINGLY, THE
PARTIES ARE STRONGLY ENCOURAGED TO SEEK LEGAL ADVICE FROM
THEIR OWN COUNSEL. If the mediator assists in preparing a settlement agreement,
each participant is advised to have the agreement independently reviewed by their own
counsel before executing the agreement.

Executed on _____

_____
Marc Toberoff, Esq.
Law Offices of Marc Toberoff

_____
Nicholas C. Williamson, Esq.
Law Offices of Marc Toberoff

_____
Keith G. Adams, Esq.
Law Offices of Marc Toberoff

_____
Joanne Siegel

_____
Laura Siegel Larson

page 4/5

Michael Bergman, Esq.
Weissman Wolff Bergman, et al.

Anjani Mandavia, Esq.
Weissman Wolff Bergman, et al.

Roger Zissu, Esq.
Fross Zelnick Lehrman & Zissu, P.C.

Patrick T. Perkins, Esq.
Perkins Law Office, P.C.

Warner Bros. Entertainment Inc.

Time Warner, Inc.

Warner Communications, Inc.

Warner Bros. Television Production, Inc.

DC Comics

for

for

EXHIBIT J
96

page 5/5

for _____         _____ for

for _____         _____ for

for _____         _____ for

for _____         _____ for

EXHIBIT J
97

## JAMS

## CONFIDENTIALITY AGREEMENT (CALIFORNIA)

(Redline Reflecting Substantive Modifications)

**Re:    Mediation of Siegel, Joanne, et al. vs. DC Comics, et al.
JAMS Reference Number 1100052854**

In order to promote communication among the parties and to facilitate resolution of the dispute, the participants agree as follows:

1.      This mediation process is to be considered settlement negotiations for the purpose of all state and federal rules protecting disclosures made during such process from later discovery and/or use in evidence.

2.      The provisions of California Evidence Code §§ 1115-1128 and 703.5, ~~as~~ attached hereto, apply to this mediation. The provisions of the Central District of California Local Rule 16-15, attached hereto, also apply to this mediation. Pursuant to Local Rule 16-5.8, the mediation and any settlement conference or discussion ("Settlement Conference") shall be confidential, and no part of any Settlement Conference shall be reported, or otherwise recorded, without the consent of the parties. With respect to California Evidence Code §1122, any agreement to disclose under sub-sections (a)(1) or (a)(2) of that section must be expressly made in writing. THIS CONFIDENTIALITY AGREEMENT ("AGREEMENT") EXTENDS TO ALL PRESENT AND FUTURE CIVIL, JUDICIAL, QUASI-JUDICIAL, ARBITRAL, ADMINISTRATIVE OR OTHER PROCEEDINGS.

3.      The participants' sole purpose in conducting or participating in ~~mediation~~any Settlement Conference is to compromise, settle or resolve their dispute, in whole or in part. Pursuant to Evidence Code § 1121, neither the mediator nor anyone else will submit to a court or other adjudicative body any report, assessment, evaluation, recommendation, or finding of any kind by the mediator concerning a mediation conducted by the mediator, unless all parties to the mediation expressly agree otherwise in writing in accordance with Evidence Code § 1118.

4.      The privileged character of any information or documents is not altered by disclosure to the mediator, or disclosure in any Settlement Conference The mediation process may continue after the date appearing below. Therefore, the mediator's subsequent oral and written communications with the mediation participants in a continuing effort to resolve the dispute are subject to this Agreement. Accordingly, the parties waive the automatic termination provisions of ~~section~~ Evidence Code § 1125(a)(5). ~~This Agreement may be signed before, during or after the mediation.~~

5.      All parties, counsel and any other persons attending any Settlement Conference shall treat all such discussions as strictly confidential in every respect.

including without limitation, the contents or substance of any oral or written statements
made at the Settlement Conference, and all other substantive aspects of such Settlement
Conference ("Confidential Settlement Information"). Without limitation, any document
that is marked "Confidential – For Settlement Purposes Only" and is disclosed or
produced at or in connection with a Settlement Conference shall be treated as
Confidential Settlement Information. Confidential Settlement Information shall not be
disclosed to anyone other than the parties, their counsel or the mediator or used in any
way, shape or form for any purpose, including impeachment, in any pending or future
proceeding in any court, in whole or in part, directly or indirectly, orally or in writing,
except as set forth in paragraph 6 below.

     6.    The prohibition on the disclosure of Confidential Settlement Information
does not extend to disclosures as may be mutually stipulated and agreed upon in writing
by all parties or to disclosures as are otherwise ordered by a Court of competent
jurisdiction. Documentation or information that is (a) publicly available, (b) already in
the possession of the adverse party or their counsel prior to its disclosure by a party or
their counsel at a Settlement Conference, or (c) is developed independently of any
Settlement Conference and without reference thereto, shall not be considered as
Confidential Settlement Information, and pursuant to Evidence Code § 1120, the use of
such information and documentation at a Settlement Conference shall have no effect on
the admissibility or protection from disclosure of the information and documentation in
the underlying litigation; however the fact that such information or documentation was
used or disclosed at a Settlement Conference, and the nature of such use or disclosure, at
a Settlement Conference will constitute Confidential Settlement Information.

     7.    The parties shall file with the Court a "joint report, outlining the efforts
they have taken in furtherance of the settlement and the results of those efforts," pursuant
to the Court's March 31, 2008 scheduling order, and on or before the Court's June 1,
2008 deadline. To the extent the parties fail to settle any outstanding action, claim or
dispute by a written settlement agreement, the parties shall, unless otherwise agreed in
writing, limit the information conveyed to the Court in their joint report or otherwise to
the following: (i) that the parties were unable to settle the action, claim or dispute; (ii)
the names of all parties and their counsel who attended each mediation session or other
Settlement Conference; and (iii) the dates and duration of any such mediation session or
other Settlement Conference. Any further or additional statement or disclosure regarding
the status of the parties' settlement discussions as set in the "joint report" or otherwise
shall only be made with the written consent of all parties. No further disclosure
concerning any of the settlement proceedings, or of "Confidential Settlement
Information," shall be made by either party or their respective attorneys, agents, or
representatives, in whole or in part, directly or indirectly, orally or in writing, except as
set forth in paragraph 6 above.

     8.    ANY WRITTEN SETTLEMENT AGREEMENT PREPARED DURING
OR AT THE CONCLUSION OF THE MEDIATION IS SUBJECT TO DISCLOSURE,
BINDING, ENFORCEABLE, AND ADMISSIBLE to prove the existence of and/or to

enforce the agreement under California Code of Civil Procedure 5664.6, if applicable, or otherwise.

6.9.    Because the participants are disclosing information in reliance upon this Agreement, any breach of this Agreement would cause irreparable injury for which monetary damages would be inadequate. Consequently, any pasty to this Agreement may obtain an injunction to prevent disclosure of any such confidential information in violation of this Agreement.

7.10.    In the event that any other individual or entity not set forth below participates in the mediation process, such an individual or entity must expressly and in writing agree to all provisions of this Agreement.

11.    The mediator is serving as a neutral intermediary and settlement facilitator and may not act as an advocate for any party. THE MEDIATOR'S STATEMENTS DO NOT CONSTITUTE LEGAL ADVICE TO ANY PARTY. ACCORDINGLY, THE PARTIES ARE STRONGLY ENCOURAGED TO SEEK LEGAL ADVICE FROM THEIR OWN COUNSEL. If the mediator assists in preparing a settlement agreement, each participant is advised to have the agreement independently reviewed by their own counsel before executing the agreement.

Executed on _____

_____
Marc Toberoff, Esq.
Law Offices of Marc Toberoff

_____
Nicholas C. Williamson, Esq.
Law Offices of Marc Toberoff

_____
Keith G. Adams, Esq.
Law Offices of Marc Toberoff

_____
Joanne Siegel

_____
Laura Siegel Larson

EXHIBIT J
100

~~Nicholas C. Williamson, Esq.~~
~~Law Offices of Marc Toberoff~~

~~Joanne Siegel~~

~~Laura Siegel Larson~~

Michael Bergman, Esq.
Weissman Wolff Bergman, et al.

~~Warner Bros. Entertainment Inc.~~

~~Time Warner, Inc.~~

~~Warner Communications, Inc.~~

~~Warner Bros. Television Production, Inc.~~

~~DC Comics~~

Anjani Mandavia, Esq.
Weissman Wolff Bergman, et al.

_____
Roger Zissu, Esq.
Fross Zelnick Lehrman & Zissu, P.C.


_____
Patrick T. Perkins, Esq.
Perkins Law Office, P.C.

_____
Warner Bros. Entertainment Inc.


_____
Time Warner, Inc.


_____
Warner Communications, Inc.


_____
Warner Bros. Television Production, Inc.


_____
DC Comics


_____
~~Roger Zissu, Esq.~~
~~Fross Zelnick Lehrman & Zissu, P.C.~~


_____
~~Warner Bros. Entertainment Inc.~~


_____
~~Time Warner, Inc.~~


_____
~~Warner Communications, Inc.~~

EXHIBIT J
102

Warner Bros. Television Production, Inc.

DC Comics

Patrick T. Perkins, Esq.
Perkins Law Office, P.C.

Warner Bros. Entertainment Inc.

Time Warner, Inc.

Warner Communications, Inc.

Warner Bros. Television Production, Inc.

DC Comics

for                                                    for

for                                                    for

for                                                    for

page 7/7

_____          _____

for                              for

_____          _____

for                              for

page 1/6

**JAMS**

## CONFIDENTIALITY AGREEMENT (CALIFORNIA)

Re: Mediation of Siegel, Joanne, et al. vs. DC Comics, et al.
JAMS Reference Number 1100052854

In order to promote communication among the parties and to facilitate resolution of the dispute, the participants agree as follows:

1. This mediation process is to be considered settlement negotiations for the purpose of all state and federal rules protecting disclosures made during such process from later discovery and/or use in evidence.

2. The provisions of California Evidence Code §§ 1115-1128 and 703.5, as attached hereto, apply to this mediation. THIS CONFIDENTIALITY AGREEMENT ("AGREEMENT") EXTENDS TO ALL PRESENT AND FUTURE CIVIL, JUDICIAL, QUASI-JUDICIAL, ARBITRAL, ADMINISTRATIVE OR OTHER PROCEEDINGS.

3. The participants' sole purpose in conducting or participating in mediation is to compromise, settle or resolve their dispute, in whole or in part.

4. The privileged character of any information or documents is not altered by disclosure to the mediator. The mediation process may continue after the date appearing below. Therefore, the mediator's subsequent oral and written communications with the mediation participants in a continuing effort to resolve the dispute are subject to this Agreement. Accordingly, the parties waive the automatic termination provisions of section 1125(a)(5). This Agreement may be signed before, during or after the mediation.

5. ANY WRITTEN SETTLEMENT AGREEMENT PREPARED DURING OR AT THE CONCLUSION OF THE MEDIATION IS SUBJECT TO DISCLOSURE, BINDING, ENFORCEABLE, AND ADMISSIBLE to prove the existence of and/or to enforce the agreement under California Code of Civil Procedure §664.6, if applicable, or otherwise.

6. Because the participants are disclosing information in reliance upon this Agreement, any breach of this Agreement would cause irreparable injury for which monetary damages would be inadequate. Consequently, any party to this Agreement may obtain an injunction to prevent disclosure of any such confidential information in violation of this Agreement.

page 2/6

7. The mediator is serving as a neutral intermediary and settlement facilitator and may not act as an advocate for any party. THE MEDIATOR'S STATEMENTS DO NOT CONSTITUTE LEGAL ADVICE TO ANY PARTY. ACCORDINGLY, THE PARTIES ARE STRONGLY ENCOURAGED TO SEEK LEGAL ADVICE FROM THEIR OWN COUNSEL. If the mediator assists in preparing a settlement agreement, each participant is advised to have the agreement independently reviewed by their own counsel before executing the agreement.

Executed on_____

_____
Marc Toberoff Esq.
L/O Marc Toberoff

                _____
                Joanne Siegel

                _____
                Laura Siegel Larson

_____
Nicholas C. Williamson Esq.
L/O Marc Toberoff

                _____
                Joanne Siegel

                _____
                Laura Siegel Larson

_____
Michael Bergman Esq.
Weissmann Wolff Bergman, et al.

                _____
                Warner Bros. Entertainment Inc.

                _____
                Time Warner, Inc.

                _____
                Warner Communications, Inc.

                _____
                Warner Bros. Television Production, Inc.

                _____

DC Comics

Anjani Mandavia Esq.
Weissmann Wolff Bergman, et al.

Warner Bros. Entertainment Inc.

Time Warner, Inc.

Warner Communications, Inc.

Warner Bros. Television Production, Inc.

DC Comics

Roger Zissu
Fross Zelnick Lehrman & Zissu, P.C.

Warner Bros. Entertainment Inc.

Time Warner, Inc.

Warner Communications, Inc.

Warner Bros. Television Production, Inc.

DC Comics

Patrick T. Perkins Esq.
Perkins Law Office, P.C.

Warner Bros. Entertainment Inc.

EXHIBIT J
107

Time Warner, Inc.

_____

Warner Communications, Inc.

_____

Warner Bros. Television Production, Inc.

_____

DC Comics

_____                    _____
for                                                for

_____                    _____
for                                                for

page 3/6

CALIFORNIA EVIDENCE CODE

Mediation

**§1115.**  For purposes of this chapter:
(a) "Mediation" means a process in which a neutral person or persons facilitate communication between the disputants to assist them in reaching a mutually acceptable agreement.
(b) "Mediator" means a neutral person who conducts a mediation.  "Mediator" includes any person designated by a mediator either to assist in the mediation or to communicate with the participants in preparation for a mediation.
(c) "Mediation consultation" means a communication between a person and a mediator for the purpose of initiating, considering, or reconvening a mediation or retaining the mediator.

**§1116.**  (a) Nothing in this chapter expands or limits a court's authority to order participation in a dispute resolution proceeding.  Nothing in this chapter authorizes or affects the enforceability of a contract clause in which parties agree to the use of mediation.
(b) Nothing in this chapter makes admissible evidence that is inadmissible under Section 1152 or any other statute.

**§1117.**  (a) Except as provided in subdivision (b), this chapter applies to a mediation as defined in Section 1115.
(b) This chapter does not apply to either of the following:
(1) A proceeding under Part 1 (commencing with Section 1800) of Division 5 of the Family Code or Chapter 11 (commencing with Section 3160) of Part 2 of Division 8 of the Family Code.
(2) A settlement conference pursuant to Rule 222 of the California Rules of Court.

**§1118.**  An oral agreement "in accordance with Section 1118" means an oral agreement that satisfies all of the following conditions:
(a) The oral agreement is recorded by a court reporter, tape recorder, or other reliable means of sound recording.
(b) The terms of the oral agreement are recited on the record in the presence of the parties and the mediator, and the parties express on the record that they agree to the terms recited.
(c) The parties to the oral agreement expressly state on the record that the agreement is enforceable or binding or words to that effect.
(d) The recording is reduced to writing and the writing is signed by the parties within 72 hours after it is recorded.

EXHIBIT J
109

**§1119.** Except as otherwise provided in this chapter:

(a) No evidence of anything said or any admission made for the purpose of, in the course of, or pursuant to, a mediation or a mediation consultation is admissible or subject to discovery, and disclosure of the evidence shall not be compelled, in any arbitration, administrative adjudication, civil action, or other noncriminal proceeding in which, pursuant to law, testimony can be compelled to be given.

(b) No writing, as defined in Section 250, that is prepared for the purpose of, in the course of, or pursuant to, a mediation or a mediation consultation, is admissible or subject to discovery, and disclosure of the writing shall not be compelled, in any arbitration, administrative adjudication, civil action, or other noncriminal proceeding in which, pursuant to law, testimony can be compelled to be given.

(c) All communications, negotiations, or settlement discussions by and between participants in the course of a mediation or a mediation consultation shall remain confidential.

**§1120.** (a) Evidence otherwise admissible or subject to discovery outside of a mediation or a mediation consultation shall not be or become inadmissible or protected from disclosure solely by reason of its introduction or use in a mediation or a mediation consultation.

(b) This chapter does not limit any of the following:

(1) The admissibility of an agreement to mediate a dispute.

(2) The effect of an agreement not to take a default or an agreement to extend the time within which to act or refrain from acting in a pending civil action.

(3) Disclosure of the mere fact that a mediator has served, is serving, will serve, or was contacted about serving as a mediator in a dispute.

**§1121.** Neither a mediator nor anyone else may submit to a court or other adjudicative body, and a court or other adjudicative body may not consider, any report, assessment, evaluation, recommendation, or finding of any kind by the mediator concerning a mediation conducted by the mediator, other than a report that is mandated by court rule or other law and that states only whether an agreement was reached, unless all parties to the mediation expressly agree otherwise in writing, or orally in accordance with Section 1118.

**§1122.** (a) A communication or writing, as defined in Section 250, that is made or prepared for the purpose of, or in the course of, or pursuant to, a mediation or a mediation consultation, is not made inadmissible, or protected from disclosure, by provisions of this chapter if either of the following conditions is satisfied:

(1) All persons who conduct or otherwise participate in the mediation expressly agree in writing, or orally in accordance with Section 1118, to disclosure of the communication, document, or writing.

(2) The communication, document, or writing was prepared by or on behalf of fewer than all the mediation participants, those participants expressly agree in writing, or

orally in accordance with Section 1118, to its disclosure, and the communication, document, or writing does not disclose anything said or done or any admission made in the course of the mediation.

(b) For purposes of subdivision (a), if the neutral person who conducts a mediation expressly agrees to disclosure, that agreement also binds any other person described in subdivision (b) of Section 1115.

**§1123.**   A written settlement agreement prepared in the course of, or pursuant to, a mediation, is not made inadmissible, or protected from disclosure, by provisions of this chapter if the agreement is signed by the settling parties and any of the following conditions are satisfied:

(a) The agreement provides that it is admissible or subject to disclosure, or words to that effect.

(b) The agreement provides that it is enforceable or binding or words to that effect.

(c) All parties to the agreement expressly agree in writing, or orally in accordance with Section 1118, to its disclosure.

(d) The agreement is used to show fraud, duress, illegality that is relevant to an issue in dispute.

**§1124.**   An oral agreement made in the course of, or pursuant to, a mediation is not made inadmissible, or protected from disclosure, by the provisions of this chapter if any of the following conditions are satisfied:

(a) The agreement is in accordance with Section 1118.

(b) The agreement is in accordance with subdivisions (a), (b), and (d) of Section 1118, and all parties to the agreement expressly agree, in writing or orally in accordance with Section 1118, to disclosure of the agreement.

(c) The agreement is in accordance with subdivisions (a), (b), and (d) of Section 1118, and the agreement is used to show fraud, duress, or illegality that is relevant to an issue in dispute.

**§1125.**   (a) For purposes of confidentiality under this chapter, a mediation ends when any one of the following conditions is satisfied:

(1) The parties execute a written settlement agreement that fully resolves the dispute.

(2) An oral agreement that fully resolves the dispute is reached in accordance with Section 1118.

(3) The mediator provides the mediation participants with a writing signed by the mediator that states that the mediation is terminated, or words to that effect, which shall be consistent with Section 1121.

(4) A party provides the mediator and the other mediation participants with a writing stating that the mediation is terminated, or words to that effect, which shall be consistent with Section 1121.   In a mediation involving more than two parties, the mediation may continue as to the remaining parties or be terminated in accordance with this section.

(5) For 10 calendar days, there is no communication between the mediator and any of the parties to the mediation relating to the dispute. The mediator and the parties may shorten or extend this time by agreement.

(b) For purposes of confidentiality under this chapter, if a mediation partially resolves a dispute, mediation ends when either of the following conditions is satisfied:

(1) The parties execute a written settlement agreement that partially resolves the dispute.

(2) An oral agreement that partially resolves the dispute is reached in accordance with Section 1118.

(c) This section does not preclude a party from ending a mediation without reaching an agreement. This section does not otherwise affect the extent to which a party may terminate a mediation.

**§1126.** Anything said, any admission made, or any writing that is inadmissible, protected from disclosure, and confidential under this chapter before a mediation ends, shall remain inadmissible, protected from disclosure, and confidential to the same extent after the mediation ends.

**§1127.** If a person subpoenas or otherwise seeks to compel a mediator to testify or produce a writing, as defined in Section 250, and the court or other adjudicative body determines that the testimony or writing is inadmissible under this chapter, or protected from disclosure under this chapter, the court or adjudicative body making the determination shall award reasonable attorney's fees and costs to the mediator against the person seeking the testimony or writing.

**§1128.** Any reference to a mediation during any subsequent trial is an irregularity in the proceedings of the trial for the purposes of Section 657 of the Code of Civil Procedure. Any reference to a mediation during any other subsequent noncriminal proceeding is grounds for vacating or modifying the decision in that proceeding, in whole or in part, and granting a new or further hearing on all or part of the issues, if the reference materially affected the substantial rights of the party requesting relief.

**§703.5.** Judges, arbitrators or mediators as witnesses; subsequent civil proceeding.

No person presiding at any judicial or quasi-judicial proceeding, and no arbitrator or mediator, shall be competent to testify, in any subsequent civil proceedings, as to any statement, conduct, decision, or ruling, occurring at or in conjunction with the prior proceeding, except as to a statement or conduct that could (a) give rise to civil or criminal contempt, (b) constitute a crime, (c) be the subject of investigation by the State Bar or Commission on Judicial Performance, or (d) give rise to disqualification proceedings under paragraph (1) or (6) of subdivision (a) of Section 170.1 of the Code of Civil Procedure. However, this section does not apply to a mediator with regard to any mediation under Chapter 11 (commencing with Section 3160) of Part 2 of Division 8 of the Family Code.