# EXHIBIT K

Case 2:10-cv-03633-ODW-RZ   Document 161-11   Filed 02/08/11   Page 2 of 11   Page ID #:11187
Case 2:10-cv-03633-ODW-RZ   Document 78-2   Filed 09/20/10   Page 33 of 125   Page ID #:6199

page 1/5

# JAMS

## CONFIDENTIALITY AGREEMENT (CALIFORNIA)

Re: **Mediation of Siegel, Joanne, et al. vs. DC Comics, et al.**
**JAMS Reference Number 1100052854**

In order to promote communication among the parties and to facilitate resolution of the dispute, the participants agree as follows:

1. This mediation process is to be considered settlement negotiations for the purpose of all state and federal rules protecting disclosures made during such process from later discovery and/or use in evidence.

2. The provisions of California Evidence Code §§ 1115-1128 and 703.5, attached hereto, apply to this mediation. The provisions of the Central District of California Local Rule 16-15, attached hereto, also apply to this mediation. Pursuant to Local Rule 16-5.8, the mediation and any settlement conference or discussion ("Settlement Conference") shall be confidential, and no part of any Settlement Conference shall be reported, or otherwise recorded, without the consent of the parties. With respect to California Evidence Code §1122, any agreement to disclose under subsections (a)(1) or (a)(2) of that section must be expressly made in writing. THIS CONFIDENTIALITY AGREEMENT ("AGREEMENT") EXTENDS TO ALL PRESENT AND FUTURE CIVIL, JUDICIAL, QUASI-JUDICIAL, ARBITRAL, ADMINISTRATIVE OR OTHER PROCEEDINGS.

3. The participants' sole purpose in conducting or participating in any Settlement Conference is to compromise, settle or resolve their dispute, in whole or in part. Pursuant to Evidence Code § 1121, neither the mediator nor anyone else will submit to a court or other adjudicative body any report, assessment, evaluation, recommendation, or finding of any kind by the mediator concerning a mediation conducted by the mediator, unless all parties to the mediation expressly agree otherwise in writing in accordance with Evidence Code § 1118.

4. The privileged character of any information or documents is not altered by disclosure to the mediator or disclosure in any Settlement Conference The mediation process may continue after the date appearing below. Therefore, the mediator's subsequent oral and written communications with the mediation participants in a continuing effort to resolve the dispute are subject to this Agreement. Accordingly, the parties waive the automatic termination provisions of Evidence Code § 1125(a)(5).

5. All parties, counsel and any other persons attending any Settlement Conference shall treat all such discussions as strictly confidential in every respect, including without limitation, the contents or substance of any oral or written statements

Case 2:10-cv-03633-ODW-RZ   Document 161-11   Filed 02/08/11   Page 3 of 11   Page ID #:11188
Case 2:10-cv-03633-ODW-RZ   Document 78-2   Filed 09/20/10   Page 34 of 125   Page ID #:6200

page 2/5

made at the Settlement Conference, and all other substantive aspects of such Settlement Conference ("Confidential Settlement Information"). Without limitation, any document that is marked "Confidential – For Settlement Purposes Only" and is disclosed or produced at or in connection with a Settlement Conference shall be treated as Confidential Settlement Information. Confidential Settlement Information shall not be disclosed to anyone other than the parties, their counsel or the mediator or used in any way, shape or form for any purpose, including impeachment, in any pending or future proceeding in any court, in whole or in part, directly or indirectly, orally or in writing, except as set forth in paragraph 6 below.

6. The prohibition on the disclosure of Confidential Settlement Information does not extend to disclosures as may be mutually stipulated and agreed upon in writing by all parties or to disclosures as are otherwise ordered by a Court of competent jurisdiction. Documentation or information that is (a) publicly available, (b) already in the possession of the adverse party or their counsel prior to its disclosure by a party or their counsel at a Settlement Conference, or (c) is developed independently of any Settlement Conference and without reference thereto, shall not be considered as Confidential Settlement Information, and pursuant to Evidence Code § 1120, the use of such information and documentation at a Settlement Conference shall have no effect on the admissibility or protection from disclosure of the information and documentation in the underlying litigation; however the fact that such information or documentation was used or disclosed at a Settlement Conference, and the nature of such use or disclosure, at a Settlement Conference will constitute Confidential Settlement Information.

7. The parties shall file with the Court a "joint report, outlining the efforts they have taken in furtherance of the settlement and the results of those efforts," pursuant to the Court's March 31, 2008 scheduling order, and on or before the Court's June 1, 2008 deadline. To the extent the parties fail to settle any outstanding action, claim or dispute by a written settlement agreement, the parties shall, unless otherwise agreed in writing, limit the information conveyed to the Court in their joint report or otherwise to the following: (i) that the parties were unable to settle the action, claim or dispute; (ii) the names of all parties and their counsel who attended each mediation session or other Settlement Conference; and (iii) the dates and duration of any such mediation session or other Settlement Conference. Any further or additional statement or disclosure regarding the status of the parties' settlement discussions as set in the "joint report" or otherwise shall only be made with the written consent of all parties. No further disclosure concerning any of the settlement proceedings, or of "Confidential Settlement Information," shall be made by either party or their respective attorneys, agents, or representatives, in whole or in part, directly or indirectly, orally or in writing, except as set forth in paragraph 6 above.

8. ANY WRITTEN SETTLEMENT AGREEMENT PREPARED DURING OR AT THE CONCLUSION OF THE MEDIATION IS SUBJECT TO DISCLOSURE, BINDING, ENFORCEABLE, AND ADMISSIBLE to prove the existence of and/or to enforce the agreement under California Code of Civil Procedure 5664.6, if applicable, or otherwise.

Case 2:10-cv-03633-ODW-RZ   Document 161-11   Filed 02/08/11   Page 4 of 11   Page ID #:11189
Case 2:10-cv-03633-ODW-RZ   Document 78-2   Filed 09/20/10   Page 35 of 125   Page ID #:6201

page 3/5

9. Because the participants are disclosing information in reliance upon this Agreement, any breach of this Agreement would cause irreparable injury for which monetary damages would be inadequate. Consequently, any pasty to this Agreement may obtain an injunction to prevent disclosure of any such confidential information in violation of this Agreement.

10. In the event that any other individual or entity not set forth below participates in the mediation process, such an individual or entity must expressly and in writing agree to all provisions of this Agreement.

11. The mediator is serving as a neutral intermediary and settlement facilitator and may not act as an advocate for any party. THE MEDIATOR'S STATEMENTS DO NOT CONSTITUTE LEGAL ADVICE TO ANY PARTY. ACCORDINGLY, THE PARTIES ARE STRONGLY ENCOURAGED TO SEEK LEGAL ADVICE FROM THEIR OWN COUNSEL. If the mediator assists in preparing a settlement agreement, each participant is advised to have the agreement independently reviewed by their own counsel before executing the agreement.

Executed on _____

_____
Marc Toberoff, Esq.
Law Offices of Marc Toberoff

_____
Nicholas C. Williamson, Esq.
Law Offices of Marc Toberoff

_____
Keith G. Adams, Esq.
Law Offices of Marc Toberoff

_____
Joanne Siegel

_____
Laura Siegel Larson

page 3/5

9. Because the participants are disclosing information in reliance upon this Agreement, any breach of this Agreement would cause irreparable injury for which monetary damages would be inadequate. Consequently, any party to this Agreement may obtain an injunction to prevent disclosure of any such confidential information in violation of this Agreement.

10. In the event that any other individual or entity not set forth below participates in the mediation process, such an individual or entity must expressly and in writing agree to all provisions of this Agreement.

11. The mediator is serving as a neutral intermediary and settlement facilitator and may not act as an advocate for any party. THE MEDIATOR'S STATEMENTS DO NOT CONSTITUTE LEGAL ADVICE TO ANY PARTY. ACCORDINGLY, THE PARTIES ARE STRONGLY ENCOURAGED TO SEEK LEGAL ADVICE FROM THEIR OWN COUNSEL. If the mediator assists in preparing a settlement agreement, each participant is advised to have the agreement independently reviewed by their own counsel before executing the agreement.

Executed on _____

_____
Marc Toberoff, Esq.
Law Offices of Marc Toberoff

_____
Nicholas C. Williamson, Esq.
Law Offices of Marc Toberoff

_____
Keith G. Adams, Esq.
Law Offices of Marc Toberoff

_____
Joanne Siegel

_____
Laura Siegel Larson

*[signature]*
Estate of Joseph Shuster,
Mark Warren Peary, Executor

---
Michael Bergman, Esq.
Weissman Wolff Bergman, et al.

---
Anjani Mandavia, Esq.
Weissman Wolff Bergman, et al.

---
Roger Zissu, Esq.
Fross Zelnick Lehrman & Zissu, P.C.

---
Patrick T. Perkins, Esq.
Perkins Law Office, P.C.

---
Warner Bros. Entertainment Inc.

---
Time Warner, Inc.

---
Warner Communications, Inc.

---
Warner Bros. Television Production, Inc.

---
DC Comics

Received   Apr-30-08   08:10pm         From-                    To-                 Page 001

page 4/5

Estate of Joseph Shuster,
Mark Warren Peary, Executor

*Michael Bergman* (signature)
Michael Bergman, Esq.
Weissman Wolff Bergman, et al.

*Anjani Mandavia* (signature)
Anjani Mandavia, Esq.
Weissman Wolff Bergman, et al.

Roger Zissu, Esq.
Fross Zelnick Lehrman & Zissu, P.C.

*Patrick T. Perkins* (signature)
Patrick T. Perkins, Esq.
Perkins Law Office, P.C.

Warner Bros. Entertainment Inc.

Time Warner Inc.

Warner Communications Inc.

Warner Bros. Television Production
A division of WB Studio Enterprises Inc.

Case 2:10-cv-03633-ODW-RZ   Document 161-11   Filed 02/08/11   Page 8 of 11   Page
ID #:11193
Case 2:10-cv-03633-ODW-RZ   Document 78-2   Filed 09/20/10   Page 39 of 125   Page ID
#:6205

page 4/5

_____
Estate of Joseph Shuster,
Mark Warren Peary, Executor

_____
Michael Bergman, Esq.
Weissman Wolff Bergman, et al.

_____
Anjani Mandavia, Esq.
Weissman Wolff Bergman, et al.

_/s/ Roger Zissu_____
Roger Zissu, Esq.
Fross Zelnick Lehrman & Zissu, P.C.

_/s/ Patrick T. Perkins_____
Patrick T. Perkins, Esq.
Perkins Law Office, P.C.

_____
Warner Bros. Entertainment Inc.

_____
Time Warner Inc.

_____
Warner Communications Inc.

_____
Warner Bros. Television Production
A division of WB Studio Enterprises Inc.

page 4/5

_____
Estate of Joseph Shuster,
Mark Warren Peary, Executor

_____
Michael Bergman, Esq.
Weissman Wolff Bergman, et al.

_____
Anjani Mandavia, Esq.
Weissman Wolff Bergman, et al.

_____
Roger Zissu, Esq.
Fross Zelnick Lehrman & Zissu, P.C.

_____          _____
Patrick T. Perkins, Esq.              Warner Bros. Entertainment Inc.
Perkins Law Office, P.C.

                                      _____
                                      Time Warner Inc.

                                      _____
                                      Warner Communications Inc.

                                      _____
                                      Warner Bros. Television Production
                                      A division of WB Studio Enterprises Inc.

page 4/5

_____
Estate of Joseph Shuster,
Mark Warren Peary, Executor

_____
Michael Bergman, Esq.
Weissman Wolff Bergman, et al.

_____
Anjani Mandavia, Esq.
Weissman Wolff Bergman, et al.

_____
Roger Zissu, Esq.
Fross Zelnick Lehrman & Zissu, P.C.

_____
Patrick T. Perkins, Esq.
Perkins Law Office, P.C.

_____
Warner Bros. Entertainment Inc.

*[signature: Edward J. Wein]*
_____
Time Warner Inc.

*[signature: Edward J. Wein]*
_____
Warner Communications Inc.

_____
Warner Bros. Television Production
A division of WB Studio Enterprises Inc.

page 5/5

_____
DC Comics

| for | for |
|---|---|
| for | for |
| for | for |
| for | for |
| for | for |