# EXHIBIT Q

1  DANIEL M. PETROCELLI (S.B. #97802)
      dpetrocelli@omm.com
2  MATTHEW T. KLINE (S.B. #211640)
      mkline@omm.com
3  CASSANDRA L. SETO (S.B. #246608)
      cseto@omm.com
4  O'MELVENY & MYERS LLP
   1999 Avenue of the Stars, 7th Floor
5  Los Angeles, CA 90067-6035
   Telephone: (310) 553-6700
6  Facsimile: (310) 246-6779

7  (continued on next page)

8  Attorneys for Plaintiff DC Comics

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| DC COMICS, | Case No. CV-10-3633 ODW (RZx) |
|---|---|
| Plaintiff, | **DISCOVERY MATTER** |
| v. | **PLAINTIFF DC COMICS' NOTICE OF DEPOSITION OF JEAN PEAVY AND REQUEST FOR PRODUCTION OF DOCUMENTS** |
| PACIFIC PICTURES CORPORATION, IP WORLDWIDE, LLC, IPW, LLC, MARC TOBEROFF, an individual, MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER, JOANNE SIEGEL, an individual, LAURA SIEGEL LARSON, an individual, and DOES 1-10, inclusive, | **Judge**: Hon. Otis D. Wright II<br>**Magistrate**: Hon. Ralph Zarefsky<br><br>Deposition Date: October 12, 2010<br>Deposition Time: 9:00 a.m. |
| Defendants. | |

NOTICE OF DEPOSITION OF
JEAN PEAVY AND REQUEST FOR
PRODUCTION OF DOCUMENTS

1  (continued from previous page)

2  PATRICK T. PERKINS (admitted *pro hac vice*)
   pperkins@ptplaw.com
3  PERKINS LAW OFFICE, P.C.
   1711 Route 9D
4  Cold Spring, NY 10516
   Telephone: (845) 265-2820
5  Facsimile:  (845) 265-2819

6  Attorneys for Plaintiff DC Comics

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF DEPOSITION OF
JEAN PEAVY AND REQUEST FOR
PRODUCTION OF DOCUMENTS

1  **TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

2  PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure
3  30 and the concurrently-served Subpoena to Testify at a Deposition in a Civil
4  Action (the "Subpoena"), the deposition upon oral examination of third party Jean
5  Adele Peavy (the "Deponent") will be taken in the above-entitled action on October
6  12, 2010 starting at 9:00 a.m. and continuing over the course of one day until
7  completed or otherwise adjourned.  The deposition will be held at the Hilton Hotel,
8  100 Sandoval Street, Santa Fe, New Mexico 87501-2131.  The deposition will be
9  taken before a notary public or other officer authorized to administer oaths and will
10 be recorded by stenographic, sound, and visual means.

11 PLEASE TAKE FURTHER NOTICE that, in connection with such
12 deposition and in accordance with the concurrently-served Subpoena, the Deponent
13 is required to provide the documents, records, papers and information described in
14 Attachment A to this Notice of Deposition, in accordance with the definitions
15 contained therein, by no later than September 17, 2010.

16 This Notice of Deposition is being served on Deponent's counsel at the
17 address shown on the accompanying Proof of Service.

18

19 Dated: August 17, 2010            Respectfully submitted,
20                                    O'MELVENY & MYERS LLP
21
22                                    By: _____
                                           Daniel M. Petrocelli
23
                                      Attorneys for Plaintiff DC Comics
24
25
26
27
28

NOTICE OF DEPOSITION OF
JEAN PEAVY AND REQUEST FOR
PRODUCTION OF DOCUMENTS

1

# ATTACHMENT A

## DEFINITIONS AND INSTRUCTIONS

1. "DOCUMENT" shall be interpreted in its broadest sense to include any and all "documents" and "other tangible things" as those terms are understood in Federal Rule of Civil Procedure 34, including, without limitation, any "writing," "recording," or "photograph" as those terms are defined in Federal Rule of Evidence 1001. This shall include, but is not limited to: e-mail, audio or video recordings, correspondence, letters, phone messages, notes, memoranda, facsimiles, publications, contracts, agreements, calendars, drafts of proposed contracts or agreements, papers, and photographs.

2. "COMMUNICATION" means all written, electronic, oral, telephonic, gesture, or other transmission or exchange of information, including without limitation any inquiry, request, dialogue, discussion, conversation, interview, correspondence, letter, note, consultation, negotiation, agreement, understanding, meeting, e-mail, and all DOCUMENTS evidencing any verbal or nonverbal interaction between any individuals or entities.

3. "REFER" or "RELATE" means, without limitation, evidence, reflect, summarize, constitute, contain, study, analyze, explain, mention, show, discuss, describe, or comment upon.

4. "PERSON" means any natural person, firm, association, corporation, partnership, or other legal entity or organization separately identifiable, and any department(s) or division(s) therein.

5. "YOU" or "YOUR" means Jean Adele Peavy and, as applicable, any PERSON acting on her behalf, including but not limited to her agents, employees, attorneys, and representatives.

6. "DEFENDANT" or "DEFENDANTS" means, collectively and severally, any defendant in the above-entitled action, including Pacific Pictures Corporation; IP Worldwide, LLC; IPW, LLC; Marc Toberoff; Mark Warren

Peary, on behalf of the Estate of Joseph Shuster; Joanne Siegel; and Laura Siegel Larson and, as applicable, any PERSON acting on their behalf, including but not limited to their agents, employees, attorneys, and representatives.

7. "SHUSTER HEIRS" means, collectively and severally, YOU, the Estate of Joseph Shuster, Mark Peary, Dawn Peavy, Frank Shuster, or any other executor, administrator, heir, relative, or representative of Joseph Shuster and, as applicable, any PERSON acting on their behalf, including but not limited to their agents, employees, attorneys, and representatives.

8. "SIEGEL HEIRS" means, collectively and severally, Joanne Siegel, Laura Siegel Larson, Dennis Larson, Michael Siegel, or any other executor, administrator, heir, relative, or representative of Jerome Siegel and, as applicable, any PERSON acting on their behalf, including but not limited to their agents, employees, attorneys, and representatives.

9. "SHUSTER" means Joseph Shuster and, as applicable, any PERSON acting on his behalf, including but not limited to his agents, employees, attorneys, heirs, and representatives.

10. "SIEGEL" means Jerome Siegel and, as applicable, any PERSON acting on his behalf, including but not limited to his agents, employees, attorneys, heirs, and representatives.

11. "SUPERMAN" means the Superman character as delineated in literary works such as comic books, newspapers, novels, radio programs, television programs, and motion pictures, and any of the works in which he appears, including but not limited to *Action Comics. No. 1*.

12. "SUPERBOY" means the Superboy character as delineated in literary works such as comic books, newspapers, novels, radio programs, television programs, and motion pictures, and any of the works in which he appears, including but not limited to *More Fun Comics #101*.

13. "INCLUDING" means "including, but not limited to."

14. "Any" and "All" are interchangeable.

15. The singular form includes the plural form, and vice versa.

16. YOU are instructed to produce all DOCUMENTS that are responsive to these Requests and that are in YOUR possession, custody, or control. A DOCUMENT is in YOUR "possession, custody, or control" if it is in YOUR physical possession, or if, as a practical matter, YOU have the ability, upon request, to obtain possession of the DOCUMENT or a copy thereof from another person or entity that has physical possession of the DOCUMENT.

17. If any DOCUMENT or category of DOCUMENTS is not produced in full, please state with particularity the reason or reasons it is not being produced in full, and describe, to the best of YOUR knowledge, information and belief, and with as much particularity as possible, the DOCUMENT or portions of the DOCUMENT that are not being produced.

18. Each DOCUMENT is to be produced as it is kept in the usual course of business, including all file folders, binders, notebooks, and other devices by which such DOCUMENTS may be organized or separated.

19. If YOU withhold any DOCUMENT, or portion of a DOCUMENT, on grounds that it is protected from discovery by the attorney-client privilege, work-product doctrine, or other privilege or immunity from discovery, please set forth, for each DOCUMENT or portion of a DOCUMENT withheld:

    (a) The place, approximate date, and manner of recording, creating or otherwise preparing the DOCUMENT;

    (b) The names and organization position, if any, of each author, sender, and recipient of the DOCUMENT;

    (c) A general description of the subject matter of the DOCUMENT;

    (d) The basis of any claim of privilege; and

    (e) If work-product is asserted, the proceeding for which the DOCUMENT was created.

20. For any DOCUMENT or category of DOCUMENTS that was, but no longer is, in YOUR possession, custody or control, please describe each such DOCUMENT as completely as possible and provide the following information:

    (a) The reason the DOCUMENT is no longer in YOUR possession, custody or control;

    (b) The person or entity, if any, who has possession, custody or control or, if unknown, so state; and

    (c) If the DOCUMENT was destroyed or otherwise disposed of, state (i) the manner of disposal (*i.e.*, destruction, loss, discarding or other means of disposal); (ii) the date of disposal; (iii) the reason for disposal; (iv) the person authorizing disposal; (v) the person disposing of the DOCUMENT; and (vi) the name and address of the most recent custodian of the DOCUMENT.

21. Each Request shall be construed independently and no Request shall be viewed as limiting the scope of any other Request.

22. All responsive DOCUMENTS maintained or stored in electronic format shall be produced in native file format with all associated metadata preserved. All responsive DOCUMENTS maintained in hard copy shall be produced in TIFF.

23. The collection and production of DOCUMENTS shall be performed in a manner that ensures that the source of each DOCUMENTS may be determined, if necessary.

24. DOCUMENTS attached to each other shall not be separated.

25. These Requests impose a continuing obligation subsequent to YOUR initial production within thirty days of the service date of these Requests, or other date mutually agreed upon by the parties, to timely supplement YOUR response or production if YOU determine that YOUR response or production is incomplete or incorrect.

## DOCUMENT REQUESTS

1. All agreements between or among YOU and any DEFENDANT regarding the SHUSTER HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

2. All agreements between or among YOU and any DEFENDANT regarding the SIEGEL HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

3. All agreements between or among SHUSTER and SIEGEL regarding any purported rights in SUPERMAN and/or SUPERBOY.

4. All DOCUMENTS relating to or affecting the ability of YOU or the SHUSTER HEIRS to negotiate or enter into agreements regarding SUPERMAN and/or SUPERBOY.

5. All DOCUMENTS relating to or affecting the ability of the SIEGEL HEIRS to negotiate or enter into agreements regarding SUPERMAN and/or SUPERBOY.

6. All DOCUMENTS relating to or affecting the disposition, division, or ownership of any rights in SUPERMAN and/or SUPERBOY.

7. All DOCUMENTS relating to or affecting the division of revenue, proceeds, or other profits regarding SUPERMAN and/or SUPERBOY.

8. All DOCUMENTS relating to or affecting the division of any settlement proceeds regarding SUPERMAN and/or SUPERBOY.

9. All DOCUMENTS relating to the potential sale, assignment, license, or other disposition of any rights relating to SUPERMAN and/or SUPERBOY, including but not limited to any solicitation, offer, option, or proposed agreement.

10. All DOCUMENTS relating to the valuation of any past, current, or potential ownership interest in SUPERMAN and/or SUPERBOY.

11. All DOCUMENTS relating to the introduction of YOU or the SHUSTER HEIRS to any DEFENDANT.

1  12. All DOCUMENTS relating to the introduction of the SIEGEL HEIRS
2  to any DEFENDANT.
3  13. All DOCUMENTS relating to the letter dated August 21, 1992 that
4  YOU sent to Time Warner Inc.
5  14. All DOCUMENTS relating to the letter dated September 10, 1992 that
6  Frank Shuster sent on YOUR behalf to Paul Levitz of DC Comics.
7  15. All DOCUMENTS relating to the agreement dated August 1, 1992 that
8  YOU entered into with DC Comics.
9  16. All DOCUMENTS relating to the letter dated July 10, 1993 that YOU
10 sent to Paul Levitz of DC Comics.
11 17. All DOCUMENTS relating to the letter dated September 14, 1993 that
12 YOU sent to Paul Levitz of DC Comics.
13 18. All DOCUMENTS relating to the letter dated April 27, 1995 that YOU
14 sent to Paul Levitz of DC Comics.
15 19. All DOCUMENTS relating to the letter agreement dated November 23,
16 2001 that YOU entered into with DEFENDANT Pacific Pictures Corporation.
17 20. All DOCUMENTS relating to the letter agreement dated October 27,
18 2003 that YOU entered into with DEFENDANT Pacific Pictures Corporation.
19 21. All DOCUMENTS relating to the letter dated September 10, 2004 that
20 YOU signed with DEFENDANT Pacific Pictures Corporation.
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

22. All DOCUMENTS relating to the Notice of Termination of Transfer Covering Extended Copyright Renewal Term of "Superman" served on behalf of the Estate of Joseph Shuster on or around November 10, 2003.

Dated: August 17, 2010

Respectfully submitted,

O'MELVENY & MYERS LLP

By: _____
Daniel M. Petrocelli

Attorneys for Plaintiff DC Comics