# EXHIBIT R

```
-----Original Message-----
From: Seto, Cassandra
Sent: Monday, October 11, 2010 11:37 PM
To: Richard Kendall; Laura Brill; Nicholas Daum; Nathalie Cohen; Marc Toberoff; Nicholas
Williamson; Keith Adams
Cc: Petrocelli, Daniel; Kline, Matthew
Subject: DC Comics v. PPC (1 of 3)
```

Dear Counsel:

Attached please find plaintiff's portion of DC Comics' Joint Stipulation Regarding DC Comics'
Motion to Compel Production of Documents and Privilege Logs and documents in support thereof.
Please note that some of the supporting documents will be sent in separate e-mails due to
size restraints.

1

EXHIBIT R
186

1   DANIEL M. PETROCELLI (S.B. #097802)
        dpetrocelli@omm.com
2   MATTHEW T. KLINE (S.B. #211640)
        mkline@omm.com
3   CASSANDRA L. SETO (S.B. #246608)
        cseto@omm.com
4   O'MELVENY & MYERS LLP
    1999 Avenue of the Stars, 7th Floor
5   Los Angeles, CA  90067-6035
    Telephone:  (310) 553-6700
6   Facsimile:   (310) 246-6779

7   PATRICK T. PERKINS (admitted *pro hac vice*)
        pperkins@ptplaw.com
8   PERKINS LAW OFFICE, P.C.
    1711 Route 9D
9   Cold Spring, NY 10516
    Telephone:  (845) 265-2820
10  Facsimile:   (845) 265-2819

11  Attorneys for Plaintiff DC Comics

12  (continued on next page)

13              **UNITED STATES DISTRICT COURT**

14             **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 15  DC COMICS, | Case No.  CV 10-3633 ODW (RZx) |
| 16           Plaintiff, | **DISCOVERY MATTER** |
| 17     v. | **JOINT STIPULATION REGARDING DC COMICS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND PRIVILEGE LOGS** |
| 18  PACIFIC PICTURES CORPORATION, IP WORLDWIDE, LLC, IPW, LLC, MARC TOBEROFF, an individual, MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER, JEAN ADELE PEAVY, an individual, JOANNE SIEGEL, an individual, LAURA SIEGEL LARSON, an individual, and DOES 1-10, inclusive, | |
| 19 | |
| 20 | NOTICE OF MOTION AND MOTION, DECLARATION OF CASSANDRA SETO, AND [PROPOSED] ORDER FILED CONCURRENTLY HEREWITH |
| 21 | |
| 22 | |
| 23           Defendants. | |
| 24 | **Judge**:       Hon. Otis D. Wright II  **Magistrate**:  Hon. Ralph Zarefsky |
| 25 | |
| 26 | **Hearing Date**:   November 8, 2010  **Hearing Time**:   10:00 a.m. |
| 27 | |
| 28 | |

1 | (continued from previous page)

2 | MARC TOBEROFF (S.B. #188547)
3 |   mtoberoff@ipwla.com
   | NICHOLAS C. WILLIAMSON (S.B. #231124)
4 |   nwilliamson@ipwla.com
   | KEITH G. ADAMS (S.B. #240497)
5 |   kgadams@ipwla.com
   | TOBEROFF & ASSOCIATES, P.C.
6 | 2049 Century Park East, Suite 2720
7 | Los Angeles, California 90067
   | Telephone:   (310) 246-3333
8 | Facsimile:    (310) 246-3101

9 | Attorneys for Defendants Mark Warren
10 | Peary, Jean Peavy, Joanne Siegel, and
   | Laura Siegel Larson

11 | RICHARD B. KENDALL (S.B. #90072)
12 |   rkendall@kbkfirm.com
   | LAURA W. BRILL (S.B. #195889)
13 |   lbrill@kbkfirm.com
   | NICHOLAS F. DAUM (S.B. #236155)
14 |   ndaum@kbkfirm.com
   | NATHALIE E. COHEN (S.B. #258222)
15 |   ncohen@kbkfirm.com
   | KENDALL BRILL & KLIEGER LLP
16 | 10100 Santa Monica Blvd., Suite 1725
17 | Los Angeles, California 90067
   | Telephone:   (310) 556-2700
18 | Facsimile:    (310) 556-2705

19 | Attorneys for Defendants Marc Toberoff,
20 | Pacific Pictures Corporation, IP
   | Worldwide, LLC, and IPW, LLC

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

EXHIBIT R
188

1    Pursuant to Federal Rules of Civil Procedure 26, 34, and 37 and Central

2  District Local Rule 37-2, the parties respectfully submit the following Joint

3  Stipulation Regarding DC Comics' Motion to Compel Production of Documents

4  and Privilege Logs.  Pursuant to Central District Local Rule 37-1, the parties have

5  attempted unsuccessfully to resolve their disputes and therefore respectfully seek

6  the assistance of the Court.

7    Dated:    October 18, 2010         Respectfully Submitted,

8                                       O'MELVENY & MYERS LLP

9

10                                      By:_____

11                                          Daniel M. Petrocelli
                                            Attorneys for Plaintiff DC Comics

12   Dated:    October 18, 2010         Respectfully Submitted,

13                                       TOBEROFF & ASSOCIATES, P.C.

14

15                                      By:_____

16                                          Marc Toberoff
                                            Attorneys for Defendants Mark
17                                          Warren Peary, Jean Peavy, Joanne
                                            Siegel, and Laura Siegel Larson
18

19   Dated:    October 18, 2010         Respectfully Submitted,

20                                       KENDALL BRILL & KLIEGER LLP

21

22                                      By:_____

23                                          Richard B. Kendall
                                            Attorneys for Defendants Marc
                                            Toberoff, Pacific Pictures
24                                          Corporation, IP Worldwide, LLC,
                                            and IPW, LLC
25

26

27

28

JOINT STIPULATION RE:
                                       DC COMICS' MOTION TO COMPEL

EXHIBIT R
189

# I.     DC COMICS' INTRODUCTORY STATEMENT

DC Comics seeks documents from four material witnesses:  defendants Joanne Siegel, Laura Siegel Larson, Jean Peavy, and Mark Peary.  As reflected in the initial round of discovery motions decided by the Court, defendants sought to stay discovery indefinitely and severely limit its scope.  Docket Nos. 42, 61.  At the September 20 hearing on these motions, the Court ruled "there's nothing that prevents the plaintiff from commencing discovery" and ordered that these four witnesses' depositions could commence starting November 15, 2010.  Declaration of Cassandra Seto ("Seto Decl.") Ex. H at 122:24-25, 124:11-19.  As to the documents DC Comics requested in advance of the depositions, the Court instructed the parties to "work things out so that you won't have to come back in front of me again"—admonishing counsel "to be cooperative and none to be obstructive."  *Id.* at 113:19-20, 125:17-18.

That night, defendants served over 150 pages of blanket objections to DC Comics' document requests.  Seto Decl. Exs. I-L.  In the weeks that followed, defendants only added to this barrage of objections.  To date, defendants have not produced a single document or privilege log, and refuse to do so until and unless DC Comics enters into stipulations that are objectionable and unwarranted and that defendants have no right to demand as a condition to discharging their discovery obligations.  DC Comics is entitled to the requested documents without further delay, especially in light of the need to preserve the testimony of key witnesses who are aged and infirm.  Without a court order compelling this discovery, defendants will continue to obstruct and delay the process.

Defendants' objections are unfounded.  In their initial responses served on September 20, defendants asserted (i) boilerplate objections that, under the law, amount to no objection at all; (ii) non-specific privilege claims that prevent DC Comics from challenging any claims of privilege; and (iii) the *very same* objections and arguments that the Court rejected in denying defendants' motion for a

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1   protective order—*e.g.*, that their anti-SLAPP motion barred discovery and that

2   "discovery should be stayed" until Judge Wright rules on defendants' Rule 12

3   motions, anti-SLAPP motion, and Rule 54(b) motion in the *Siegel* case.  *E.g.*, Seto

4   Decl. Ex. I at 129-30.

5       The next day, DC Comics wrote defendants and pointed out that their blanket

6   objections were inconsistent with the Court's rulings and otherwise improper and

7   requested a meet and confer under Rule 37.  Seto Decl. Ex. M.  Three days later,

8   defendants said that they would not meet and confer because DC Comics' letter

9   failed to specify the bases for a motion to compel.  *Id.* Ex. N at 306-07. This was

10  despite the fact that defendants had represented in their objections that they would

11  "promptly meet and confer" after "the Court's rulings on the[] discovery motions."

12  *E.g.*, *id.* Ex. I at 129.  Defendants also said they intended to amend their discovery

13  responses to reflect "the views that Magistrate Judge Zarefsky expressed," but not

14  until they obtained and reviewed the hearing transcript.  *Id.* Ex. N at 306.

15      On September 29, DC Comics sent defendants another letter providing

16  further detail regarding this motion to compel and reiterating its request for a

17  conference.  Seto Decl. Ex. O.  Defendants did not respond until October 5, stating

18  they would serve amended discovery responses on October 8 and meet and confer

19  on October 12, *id.* Ex. P—some three weeks after DC Comics' initial request and

20  beyond the 10-day limit established by Rule 37.

21      At DC Comics' insistence, defendants agreed to meet and confer on October

22  5.  During this discussion, DC Comics stated it would proceed with its motion to

23  compel on October 11 if defendants continued to withhold documents.  Seto Decl. ¶

24  12.  Defendants said they would produce documents—although they refused to

25  disclose the scope of the production—if and when DC Comics stipulated to a

26  protocol that would exempt from the parties' privilege logs all privileged

27  documents post-dating the filing of the *Siegel* litigation in 2004 pursuant to a

28  stipulation defendants had proposed to DC Comics a month earlier.  *Id.*, *id.* Ex. G.

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1    Even though the stipulation was overbroad in scope and otherwise objectionable,

2    DC Comics said it would endeavor to work out a mutually acceptable stipulation.

3    *Id.* ¶ 12.  Reiterating the position it conveyed to defendants as early as August, DC

4    Comics declined defendants' request to stipulate to an "interim" agreement that

5    would alleviate defendants' obligation to produce privilege logs while a final

6    stipulation was being negotiated.  *Id.*, *id.* Ex. F.  The next day, in the hope of

7    resolving the issue, DC Comics sent defendants a revised stipulation it was

8    prepared to sign, but defendants have yet to comment on it or agree to produce any

9    documents or privilege logs.  *Id*. Ex. Q, ¶ 13.  DC Comics remains willing to enter

10    into the form of stipulation it provided defendants.  It also is amenable to the

11    Court's adopting DC Comics' form of stipulation in an order applicable to all

12    parties.

13        On October 8, defendants served another 150 pages of blanket objections,

14    again unaccompanied by any documents or privilege logs.  Seto Decl. Exs. R-U.

15    Defendants' amended objections erroneously assert that the Court's September 20

16    discovery rulings justify their view that all document and other discovery should be

17    stayed until November 15 and possibly longer, until resolution of their motions to

18    dismiss and strike.  *E.g.*, *infra* at __.  In addition, defendants filed objections to this

19    Court's refusal to stay discovery by reason of defendants' anti-SLAPP motion,

20    Docket No. 101—even though that motion, together with their Rule 12 motions,

21    advance factual arguments necessitating discovery to oppose.

22        In short, there is no basis for defendants' continued refusal to produce

23    documents.  DC Comics requests that the Court order defendants to produce all

24    responsive documents no later than November 10, 2010 or, alternatively, to produce

25    all non-privileged documents and a complete privilege log no later than November

26    10, 2010.

27    **II.    DEFENDANTS' INTRODUCTORY STATEMENT**

28        [TO BE INSERTED]

-3-

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

## III.    DC COMICS' STATEMENT OF ISSUES IN DISPUTE

Defendants object to each of DC Comics' document requests in each of the four deposition notices.  In their four sets of responses, defendants copy and paste the same objections, with only minor variations.  Mindful of this Court's admonition about burdensome briefing, Seto Decl. Ex. H at 71:21-24, but also mindful of Local Rule 37-2 requiring a verbatim statement of the document requests and responses in dispute, DC Comics has prepared this motion in the following manner:

- In Section II.A, DC Comics reproduces Joanne Siegel's general and specific objections to DC Comics' first document request.

- In Section II.B, DC Comics shows that Ms. Siegel's objections are unfounded and that she is wrongly withholding responsive documents and privilege logs.

- In Section II.C, DC Comics identifies the collective variations contained in defendants' responses and shows why these objections lack merit.

- In Appendix 1, DC Comics has reproduced *all* of the requests at issue and all of defendants' objections.  (This portion of the joint statement spans some 150 pages, just on its own.)

### A.    Joanne Siegel's Objections to Document Request No. 1

**Document Request No. 1**

All agreements between or among YOU and any DEFENDANT regarding the SIEGEL HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

**General Objections**

Siegel objects to the entire Request on each of the following grounds and incorporates by reference each of the following objections into her response to each individual category of documents within it:

1.    Siegel objects to the Request on the ground that the underlying compliant is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. §

JOINT STIPULATION RE: DC COMICS' MOTION TO COMPEL

EXHIBIT R
193

425.16, that could dispose of the entire case and/or greatly narrow the issues. These motions have been fully briefed and are set for hearing on October 18, 2010.  Given the pendency of these dispositive motions, Magistrate Zarefsky held on September 20, 2010 that deposition discovery was not appropriate until at least November 15, 2010 to afford Judge Wright time to rule on these motions. Magistrate Zarefsky has also indicated that Judge Wright may extend this deadline if he needs more time to so rule.  Magistrate Zarefsky's rationale for limiting the burden of discovery until Judge Wright has ruled on these motions should apply with equal force to document discovery as it does to depositions.

2.    Siegel objects to each individual request within the Request to the extent it is relevant only to the Fourth through Sixth state law claims for relief in DC's First Amended Complaint ("FAC"). Defendants contend that their pending anti-SLAPP motion stays discovery regarding these state law claims. Magistrate Zarefsky rejected that argument, apparently based on *Metabolife Int'l., Inc. v. Wornick*, 264 F.3d 832 (9th Cir. 2001), but Defendants have timely objected to this ruling pursuant to L.R. 72.2-1. *See* Docket No. 101. *Metabolife* is inconsistent with recent Supreme Court authority *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 130 S. Ct. 1431, 1452 (2010) (Stevens, J., concurring), decided this year, and with the Ninth Circuit's decision in *Batzel v. Smith*, 333 F.3d 1018, 1024 (9th Cir. 2003).  These cases recognize that substantive provisions of state law, such as the anti-SLAPP statute's automatic discovery stay, apply in federal court.  *Metabolife* includes no contrary discussion.  In light of this, Judge Wright and the Ninth Circuit should be afforded the opportunity to address Defendants' well taken objection on these grounds.  *See* Docket No. 101 at 3:20- 5:23.  Any response that refers to the planned production of documents is without prejudice to Defendants' right to seek a stay of discovery before the Court, the 9th Circuit, or the Supreme Court.

Plaintiff has sought to avoid the force of this automatic stay by contending that the same discovery relates to DC's Third claim for relief ("Third Claim"), which it claims arises under federal copyright law.  DC's Third Claim is premised on the false construct that DC purportedly has a right of exclusive negotiation under 17 U.S.C. § 304(c)(6)(D) to settle Defendant's termination claims pursuant to 17 U.S.C. § 304(d). However, the plain language of § 304(c)(6)(D) does not provide a terminated grantee like DC with any such "right," as expressly addressed and recognized in *Bourne Co. v. MPL Commc'ns, Inc.*, 675 F. Supp. 859, 865 n.11 (S.D.N.Y. 1987) ("[T]he statute neither compels the terminating party to negotiate with the terminated grantee, nor forbids him from negotiating with anyone else.").  *See* Docket Nos. 78 at 4:7-7:27; 100 at 1:17-3:15.  The Third Claim does not and cannot exist as a matter of law and thus DC cannot use this

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

manufactured federal claim to avoid the automatic stay provided by the anti-SLAPP motion. CCP § 425.16,(g); *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987) (stay of discovery pending motion to dismiss was appropriate where allegations - taken as true - failed to allege requisite elements of statutory cause of action).

3.     To the extent the Request seeks documents concerning any agreement between the Shusters and Siegels to act collectively in negotiations with DC regarding the settlement of their termination claims ("Collective Bargaining"), Siegel objects on the following grounds:  Such documents concern only the Third through Sixth claims for relief and thus are irrelevant to the First and Second claims that are the only proper subject of discovery at this point in the proceedings.  Any documents that exist relating to Collective Bargaining contain and memorialize attorney-client privileged communications and attorney work product and reveal sensitive settlement strategy that would give DC an unfair advantage.  In addition, any Collective Bargaining documents were prepared in connection with mediation and the use of such information plainly violates the parties' May 1, 2008 JAMS Confidentiality Agreement and the California mediation privilege. Moreover this disclosure is inconsistent with the policies of FRE 408 and California Evidence Code §§ 1119 *et seq.*; 1152.

4.     Siegel objects to the Request on the ground that a motion for entry of judgment pursuant to FRCP 54(b) has been filed in the closely related action *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-CV-8400.  If this motion is granted, such judgment will have collateral estoppel effect on DC, and thereby substantially narrow the duplicative issues raised in the present action.  Accordingly, any discovery should be stayed and documents should not be produced until the Rule 54(b) motion is decided.

5.     Siegel objects to the Request to the extent that it seeks the production of any item, or portion thereof, comprising or reflecting information transmitted and maintained in confidence between Siegel or any person or entity acting on her behalf and her counsel for the purpose of obtaining legal advice or representation, on the grounds that such information is protected from disclosure by the attorney-client privilege and the joint-interest privilege.  Such documents will not be produced in response to the request, and any inadvertent production thereof shall not be deemed a Waiver of any privilege or doctrine with respect to such documents.

6.     Siegel objects to the Request to the extent that it seeks the production of any item, or portion thereof, comprising or reflecting information with any confidential impression, conclusion, opinion, legal research, or legal theory of counsel for Siegel or any other person or entity, on the grounds that such information is protected from

-6-

disclosure by the attorney work product doctrine. Such documents will not be produced in response to the request, and any inadvertent production thereof shall not be deemed a waiver of any privilege or doctrine with respect to such documents.

7.    As the parties are in the process of negotiating a stipulation regarding the parties' logging of post-litigation communications, Siegel will not be serving any privilege logs until these negotiations are concluded. Defendants provided a draft of the proposed stipulation on September 16, 2010, to which Plaintiff did not respond for nearly three weeks, until October 6, 2010.  Before providing the draft stipulation, counsel for Defendants repeatedly asked counsel for DC what terms DC would wish to see in such a stipulation, but DC did not respond.  Nor will Defendants produce any documents absent an agreement by DC that the production of such documents will not constitute a waiver of any protection as to discovery and that there has been no such waiver.  DC has not responded to this request for such an agreement.  Moreover, Siegel will neither produce nor log any documents created or transmitted after the start of this litigation. All privileges and immunities provided by law are expressly reserved.

8.    Siegel objects to the Request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence, on the grounds that it exceeds the permissible scope of discovery delimited by Rule 26(b)(1) of the Federal Rules of Civil Procedure.

9.    Siegel objects to the Request to the extent that it seeks the production of any item, or portion thereof, comprising or reflecting any trade secret or other confidential or proprietary information of Siegel or any other person or entity.

10.    Siegel objects to the Request to the extent that it seeks the production of any item, or portion thereof, which is protected from disclosure by court order, or any privacy or similar rights of any person or entity.

11.    Siegel objects to the Request's document requests to the extent they are unduly burdensome, overly broad, impose extreme hardship or would result in the expenditure of unnecessary time and resources.

12.    Siegel objects to the Request to the extent it is overbroad and therefore unduly burdensome, oppressive and harassing.

13.    Siegel objects to the document requests contained in the Request to the extent the expense of producing documents outweighs the likely benefit of discovery provided to Plaintiff.

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

14. Siegel objects to the Request to the extent that it seeks the production of duplicative identical items, or documents or information already in Plaintiff's possession, or by reason of public filing, publication or otherwise are readily accessible to Plaintiff through other means.

15. Siegel objects to the Request to the extent that it seeks the production of any item which has been served, filed, or transmitted in the course of this action, on the grounds that such production would be burdensome, oppressive, and unnecessary.

16. Siegel objects to the Request to the extent that it seeks the production of any item which has already been produced, served, or filed in the course of the related actions *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-CV-8400 ODW (RZx) and *Joanne Siegel, et al. v. Time Warner Inc., et al.*, Case No. 04-CV-8766 ODW (RZx) (collectively "*Siegel* Litigation"), on the grounds that such production would be duplicative, burdensome, oppressive, and unnecessary. Provided DC agrees that identification of documents produced by Siegel in the *Siegel* litigation that are responsive to this request will not trigger a requirement to produce a privilege log and that there is no waiver of privilege in identifying such documents and that there has been no such waiver, Siegel will identify the documents already produced in the Siegel litigation that are responsive to the Request.

17. Siegel objects to the Request and each document category therein to the extent that it seeks the production of any item or document that is not the property of Siegel. Siegel will not produce any items or documents that are the property of any other person or entity.

18. Siegel objects generally to the Request and to the definitions and instructions therein to the extent that they purport to alter or extend Siegel's obligations beyond those established by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Central District of California, or any order or ruling by the Court in this action.

19. Siegel objects generally to the definitions of the terms "YOU" and "YOUR" as vague and ambiguous, overbroad and unduly burdensome. Siegel will construe these terms to refer to Siegel.

20. Siegel objects generally to the definitions of the terms "DEFENDANT" and "DEFENDANTS" as vague and ambiguous, overbroad and unduly burdensome. Siegel will construe these terms to refer only to the specific defendants in this action.

21. Siegel objects generally to the definition of the term "SHUSTER HEIRS" as vague and ambiguous, overbroad and unduly

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

burdensome. Solely for the purposes of these responses, and for no other purpose, Siegel will construe this term to refer only to the Estate of Joseph Shuster, Jean Peavy, Mark Peary, Dawn Peavy and Frank Shuster.

22. Siegel objects generally to the definition of the term "SIEGEL HEIRS" as vague and ambiguous, overbroad and unduly burdensome. Solely for the purposes of these responses, and for no other purpose, Siegel will construe this term to refer only to Joanne Siegel, Laura Siegel Larson, Dennis Larson and Michael Siegel.

23. Siegel objects generally to the definition of the term "SHUSTER" as vague and ambiguous, overbroad and unduly burdensome. Siegel will construe this term to refer only to Joseph Shuster.

24. Siegel objects generally to the definition of the term "SIEGEL" as vague and ambiguous, overbroad and unduly burdensome. Siegel will construe this term to refer only to Jerome Siegel.

25. Siegel reserves the right to revise, amend, supplement or clarify any of the objections set forth herein.

**Response to Document Request No. 1**

In addition to the General Objections, which are incorporated herein by this reference, Siegel specifically objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. *See* General Objection ¶ 1, *supra*. Siegel further objects to this request to the extent that it is relevant only to DC's Third through Sixth state law claims as such discovery should be stayed during the pendency of Defendants' anti-SLAPP motion and because the Third Claim does not exist as a matter of law. *See* General Objection ¶ 2, *supra*. Siegel further objects to this request to the extent it seeks any privileged documents concerning any Collective Bargaining between the Shusters and Siegels because Plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3, *supra*.

In addition to the above, Siegel further objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive. Siegel objects to this request on the grounds that the phrase "purported rights" is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response. Siegel further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Siegel further objects to this

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence.  Siegel additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing, and the general and specific objections, Siegel will produce responsive documents consistent with her understanding of this request, if any, that are not privileged and not subject to the parties' JAMS Confidentiality Agreement, provided that such production is based upon a stipulation signed by the parties and the Court concerning the obligations of the parties to log privileged documents.

**B.    DC Comics' Contentions, Points, and Authorities**

In their four sets of responses, defendants offer nine objections to justify their refusal to produce a single document or privilege log.  As shown below, each of the objections is without basis.

1. Discovery Stay.

Defendants assert that discovery should be stayed "until Judge Wright has ruled on the[ir] [Rule 12] motions," SLAPP motion, and Rule 54(b) motion in the *Siegel* case.  *E.g.*, *supra* at ___.  These arguments were considered and rejected by the Court in ruling "there's nothing that prevents the plaintiff from commencing discovery."  Seto Decl. Ex. H at 122:23-25.  In staying the four noticed depositions from mid-October to November 15, the Court explained this was the result of a careful balancing of competing considerations, including the age and health of two of the witnesses, the possibility that Judge Wright might "promptly" rule on defendants' motions, and the need "not [to] put off the depositions for too long a time" given that "there is some urgency here."  *Id.* at 125:23-60:1, 126:6. Defendants' statement that the Court intended to "limit[] the burden of discovery until Judge Wright *has ruled* on these motions," *e.g.*, *supra* at ___ (emphasis added), is incorrect.  Defendants' motion for a protective order contained this very request, Docket No. 61 at 2-4, 14-23, and the Court denied it, Seto Decl. Ex. H at 125:19-21.  Defendants' position provides no basis to withhold production of documents.

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1   As defendants admit, the brief stay imposed by the Court applied only to

2   "deposition discovery," not "document discovery." *E.g.*, *supra* at __. At the

3   September 20 hearing, DC Comics made clear its intention to promptly enforce the

4   outstanding document requests, and the Court requested that the parties work out

5   these issues "so that you won't have to come back in front of me again." Seto Decl.

6   Ex. H at 103:17-104:4, 113:19-20.

7       The Court had good reason to deny an indefinite stay of discovery pending

8   defendants' motions. As shown in DC Comics' prior briefing, defendants' Rule 12

9   motions do not operate to stay discovery. Docket No. 61 at 34-46 (citing, *e.g.*,

10  *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 39-40 (N.D. Cal. 1990); *Skellerup*

11  *Indus. Ltd. v. City of Los Angeles*, 163 F.R.D. 598, 600 (C.D. Cal. 1995)).

12  Defendants' SLAPP motion does not bar discovery either. All the discovery DC

13  Comics seeks is relevant to its first and third claims arising under federal law and is

14  not subject to SLAPP. *See* Docket No. 61 at 34, 49-55 (citing *Hilton v. Hallmark*

15  *Cards*, 580 F.3d 874, 881 (9th Cir. 2009) ("[T]he anti-SLAPP statute does not

16  apply to federal law causes of action."); *Sonoma Foods, Inc. v. Sonoma Cheese*

17  *Factory, LLC*, 634 F. Supp. 2d 1009, 1016 (N.D. Cal. 2007) (staying discovery for

18  federal claim based on state law "would frustrate substantive federal rights")). DC

19  Comics also has a right to discovery in connection with its state-law claims,

20  particularly in light of the factual issues raised by defendants' motion and DC

21  Comics' demonstrated need for discovery to oppose the motion. Docket No. 61 at

22  34, 49-55, Docket No. 92 at 8-11 (citing, *e.g.*, *Metabolife Int'l, Inc. v. Wornick*, 264

23  F.3d 832, 846 (9th Cir. 2001); *Shropshire v. Fred Rappaport Co.*, 294 F. Supp. 2d

24  1085, 1099-1100 (N.D. Cal. 2003)).

25      Finally, defendants' Rule 54(b) motion in the *Siegel* case is no bar to

26  producing the requested documents. This Court declined defendants' request for an

27  order limiting discovery in this case based on the discovery record in *Siegel*.

28  Docket No. 74 at 1. Among other reasons, the two cases present separate and

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1    distinct issues.  *See* Seto Decl. Ex. V at 481 (Shusters and Toberoff:  "The Shuster

2    Termination … is wholly separate and apart from the Siegel Terminations."); Case

3    No. CV 04-8400 ODW (RZx), Docket No. 554 at 23 (Judge Larson:  "It is by no

4    means a foregone conclusion that the Shuster estate will be successful in

5    terminating the grant to the Superman material [that the Siegels obtained]."); Seto

6    Decl. Ex. H at 119:14-20 (Magistrate Zarefsky:  "So, let me understand this.  If Mr.

7    Petrocelli hadn't beaten you to the punch, and you had filed an action to terminate

8    or to return a copyright to the Shusters, you would have moved for summary

9    judgment, and you would have to adduce no evidence.  And the other side would

10   have been entitled to discovery no evidence.  And the case would have been locked

11   up tight.").

12        2.  Consent Agreements.

13        DC Comics' document requests, including the first one directed to Joanne

14   Siegel, seek the production of consent agreements arranged by Toberoff, which DC

15   Comics contends violate its rights under the Copyright Act and otherwise.  *See*

16   *supra* at __ (Document Request No. 1: "All agreements between or among YOU

17   and any DEFENDANT regarding the SIEGEL HEIRS' purported rights in

18   SUPERMAN and/or SUPERBOY."); Docket No. 90 at 4-14, 16-24 (DC Comics'

19   brief in support of its third and sixth claims for relief explaining the relevance and

20   legal infirmity of such consent agreements).  Although they acknowledge these

21   consent agreements exist and limit the ability of the Siegels and Shusters freely to

22   enter into agreements with DC Comics, *id.* at 17-18, defendants object to producing

23   any of them on various grounds.  None has merit:

24        *a.  Relevance.*  Defendants contend the consent agreements "concern only the

25   Third through Sixth claims for relief and thus are irrelevant to the First and Second

26   claims that are the only proper subject of discovery."  *E.g.*, *supra* at __.  This is

27   incorrect.  The consent agreements are relevant to DC Comics first claim because,

28   for example, they show how defendants illegally parked the Shusters' interest in

-12-

1   Superboy with the Siegels in order to falsely position the Siegels as sole owners of

2   all Superboy rights, while at the same time giving the Shusters an interest in the

3   Siegels' claims in the *Siegel* case.  Docket No. 49 ¶¶ 86-91, 129-33.  The consent

4   agreements are also relevant to the first and third claims (both federal claims not

5   subject to SLAPP) because they evidence the unlawful "third-party trafficking" of

6   future copyright interests in violation of DC Comics' exclusive rights vis-à-vis the

7   Shusters under the Copyright Act.  *See* Docket No. 89 at 5-13, Docket No. 90 at 4-

8   11.

9       *b. Privilege.*  Without any substantiation, defendants assert that the consent

10  agreements "contain and memorialize attorney-client privileged communications

11  and attorney work product and reveal sensitive settlement strategy." *E.g.*, *supra* at

12  __.  As explained *infra* at __, defendants' failure to identify specifically privileged

13  material and the grounds for asserting such privilege, together with their refusal to

14  produce or commit to produce a privilege log, is untenable and amounts to a

15  waiver.  At the very least, defendants had a duty to produce redacted copies of the

16  consent agreements, excluding any privileged material, if in fact any exists.  *See*

17  FED. R. CIV. P. 34(b)(2)(C); *Aikens v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533, 539

18  (D. Kan. 2003) ("the responding party still has a duty to respond *to the extent the*

19  *request is not objectionable*") (emphasis in original).  While DC Comics has not

20  seen all the consent agreements among defendants, if they are similar to the Pacific

21  Pictures and IP Worldwide agreements disclosed in the *Siegel* case, they cannot be

22  considered privileged. *E.g.*, *Minebea Co., Ltd. v. Papst*, 355 F. Supp. 2d 526, 529

23  (D.D.C. 2005) (business agreements and communications between attorney and

24  client not privileged); *U.S. v. Martin*, 278 F.3d 988, 999 (9th Cir. 2002) ("The fact

25  that a person is a lawyer does not make all communications with that person

26  privileged.").  Nor are the consent agreements privileged to the extent they state the

27  terms of Toberoff's engagement as a lawyer.  *See In re Grand Jury Proceedings*, 33

28  F.3d 1060, 1063-64 (9th Cir. 1994) (retainer agreements not privileged);

-13-

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1    *Montgomery County v. MicroVote Corp.*, 175 F.3d 296, 304 (3d Cir. 1999) ("The

2    attorney-client privilege does not shield fee arrangements.").

3        *c. Collective Bargaining.*  Defendants' decision to now refer to their consent

4    agreements as "Collective Bargaining documents," *e.g.*, *supra* at __, does not shield

5    them from disclosure.  The Copyright Act imposes an exclusivity period that

6    precludes the Shusters from transferring their putative Superman rights to anyone

7    other than DC Comics *until 2013*.  Docket No. 90 at 4-11.  DC Comics has a right

8    to obtain any agreement that may infringe this exclusivity period, whether a

9    "collective bargaining" agreement or not.  Independent of copyright law, a

10   "contract providing that the client may not compromise the suit without the consent

11   of his attorney is against public policy and void."  *Calvert v. Stoner*, 33 Cal. 2d 97,

12   103 (1948); *The Golden Star*, 82 F.2d 687, 688 (9th Cir. 1936) (same).  In short,

13   however defendants seek to label their agreements, they are subject to discovery.

14       *d. Mediation Confidentiality.*  Defendants contend DC Comics may not

15   discover certain of the consent agreements because Toberoff disclosed their

16   existence in connection with mediations.  *E.g.*, *supra* at __ (consent agreements

17   "prepared in connection with mediation" and are thus protected under "FRE 408

18   and California Evidence Code §§ 1119 [and] 1152," and JAMS confidentiality

19   agreement).  This, too, is wrong.  As federal and California law make clear,

20   defendants may not shield facts and immunize misconduct by disclosing such

21   information at a mediation.

22       Federal law governs defendants' objection, because in "federal question

23   cases where pendent state law claims are raised, the [federal rules] govern all

24   claims of privilege."  *Perrignon v. Bergen Brunswig Corp.*, 77 F.R.D. 455, 459

25   (N.D. Cal. 1978); *Religious Tech. Ctr. v. Wollersheim*, 971 F.2d 364, 367 n.10 (9th

26   Cir. 1992) (same);  *Jacada (Europe), Ltd. v. Int'l Mktg. Strategies, Inc.*, 401 F.3d

27   701, 710-12 (6th Cir. 2005) ("generic choice-of-law provision[s]" do not "displace

28

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1    the federal [rules]"); *Sovak v. Chugai Pharm. Co.*, 280 F.3d 1266, 1269-70 (9th Cir.

2    2002) (same).

3        Federal Rule of Evidence 408(a) prohibits evidence of "conduct or

4    statements made in compromise negotiations" *only* when such evidence is offered

5    "to prove liability, invalidity of, or amount of a claim…."  Rule 408(b) expressly

6    *permits* the use of such evidence where, as here, "the evidence is offered for

7    purposes not prohibited by subdivision (a)," such as showing the existence of an

8    independent and separate violation of the law.  As the Advisory Committee made

9    clear, Rule 408 may not be used to "immunize admissible information, such as a

10   pre-existing document, through the pretense of disclosing it during compromise

11   negotiations."  FED. R. EVID. 408, advisory committee note.  Numerous cases have

12   confirmed this principle.  *E.g.*, *Uforma/Shelby Bus. Forms, Inc. v. N.L.R.B.*, 111

13   F.3d 1284, 1293-94 (6th Cir. 1997) (evidence of threats made in settlement

14   negotiations admissible); *Athey v. Farmers Ins. Exch.*, 234 F.3d 357, 362 (8th Cir.

15   2000) (evidence of settlement offer admitted to prove bad faith); *Rhoades v. Avon*

16   *Prods., Inc.*, 504 F.3d 1151, 1161 (9th Cir. 2007) (disclosure of settlement

17   communications to satisfy jurisdictional requirements); *Carney v. Am. Univ.*, 151

18   F.3d 1090, 1095-96 (D.C. Cir. 1998) (permitting use of settlement letter to prove

19   independent tort).

20       This Court has rightly refused to recognize a mediation privilege beyond the

21   ambit of Rule 408.  *E.g.*, *Munoz v. J.C. Penney Corp., Inc.*, 2009 U.S. Dist. LEXIS

22   36362, at *7 (C.D. Cal. Apr. 9, 2009) (Wright, J.) (while "[f]ederal courts are

23   authorized to define new privileges …, [p]rivileges are not lightly created"); *Bd. of*

24   *Trs. v. Tyco Int'l, Ltd.*, 253 F.R.D. 521, 523 (C.D. Cal. 2008) ("[T]here is no federal

25   privilege preventing the discovery of settlement agreements and related

26   documents.").  The minority of courts that do recognize a separate privilege only

27   permit its use to shield discovery from *third parties*, unlike the circumstances here.

28   Docket No. 90 at 21; *Folb v. Motion Picture Indus. Pension & Health Plans*, 16 F.

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1  Supp. 2d 1164, 1180-81 (C.D. Cal. 1998) (preventing compelled production of

2  mediation brief prepared by third party); *Molina v. Lexmark Int'l, Inc.*, 2008 U.S.

3  Dist. LEXIS 83014, at *25-29 (C.D. Cal. Sept. 30, 2008) (strictly limiting *Folb* to

4  its facts).

5      Defendants' reliance on California law is equally misplaced.  California

6  Evidence Code Section 1152(a) is the equivalent of Rule 408 and does not shield

7  independent facts from disclosure.  CAL. EVID. CODE § 1152(a); *see, e.g.*, *Monex*

8  *Deposit Co. v. Gilliam*, 2010 U.S. Dist. LEXIS 9344, at *5 (C.D. Cal. Jan. 25,

9  2010) (section 1152 and Rule 408 are "similar").  Nor does California's mediation

10  privilege.  *See* CAL. EVID. CODE § 1119.  Among other reasons:

11  • Section 1120 of the California Evidence Code ensures that "[e]vidence

12     otherwise admissible or subject to discovery outside of a mediation or a

13     mediation consultation shall not be or become inadmissible or protected from

14     disclosure solely by reason of its introduction or use in a mediation."  CAL.

15     EVID. CODE § 1120.  If there were any other rule, "parties could use

16     mediation as a pretext to shield materials from disclosure."  *Doe 1 v. Super.*

17     *Ct.*, 132 Cal. App. 4th 1160, 1173 (2005).  The law forbids this:  "facts do not

18     'become inadmissible or protected from disclosure solely by reason of [their]

19     introduction or use in a mediation.'"  *Rojas v. Super. Ct.*, 33 Cal. 4th 407,

20     423 n.8 (2004); *Wimsatt v. Super. Ct.*, 152 Cal. App. 4th 137, 161 (2007);

21     *Kullar v. Foot Locker Retail, Inc.*, 168 Cal. App. 4th 116, 132-33 (2008).

22  • Despite the mediation privilege, courts give parties latitude to pursue

23     alternative sources of discovery to prove the existence of facts disclosed in

24     mediation.  *E.g.*, *Foxgate Homeowners' Ass'n, Inc.  v. Bramalea Cal., Inc.*,

25     26 Cal.4th 1, 18 (2001) (plaintiff may seek evidence other than

26     "communications made during the mediation"); *Benesch v. Green*, 2009 U.S.

27     Dist. LEXIS 117641, at *25 (N.D. Cal. Dec. 17, 2009) (permitting discovery

28

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

EXHIBIT R
205

1    of "new, admissible evidence … not protected by the confidentiality

2    statutes").

3    • Section 1119 does not prevent parties to a mediation from revealing or

4    reporting to a court "noncommunicative," "obstructionist," "sanctionable," or

5    otherwise improper "*conduct*." *Foxgate*, 26 Cal. 4th at 13-14, 17-18 & n.14

6    (emphasis in original); *Campagnone v. Enjoyable Pools & Spas Serv. &*

7    *Repairs, Inc.*, 163 Cal. App. 4th 566, 571 (2008) ("confidentiality rules do

8    not prohibit 'a party' from 'advising the court about *conduct* during

9    mediation that might warrant sanctions.'") (emphasis in original); *In re*

10   *Marriage of Kieturakis*, 138 Cal. App. 4th 56, 80 (2006) (section 1120

11   "allow[s] a party to reveal noncommunicative conduct").  DC Comics'

12   complaint and its discovery requests are not aimed at communications made

13   or disclosed in connection with any mediation; they are directed to

14   defendants' improper *conduct* outside of it—*i.e.*, the unlawful consent

15   agreements.  Docket No. 49 ¶¶ 101, 170, 188.

16       Defendants last argue that confidentiality provisions in the parties' JAMS

17   agreement in the *Siegel* case prevent discovery into the consent agreements.  *E.g.*,

18   *supra* at __.  But the JAMS agreement explicitly invokes and relies on federal and

19   state law—it does not expand the scope of the privilege beyond the limits of federal

20   or California law.  Seto Decl. Ex. W at 502.

21       3.  Privilege.

22       Defendants object that DC Comics' discovery requests seek information

23   "protected from disclosure by the attorney-client privilege," the "attorney work

24   product doctrine," and the "joint-interest privilege."  *E.g.*, *supra* at __.  Defendants

25   provide no explanation, proof, or other means (*i.e.*, a privilege log) to ascertain or

26   test the basis for these sweeping claims; moreover, defendants have a duty to

27   produce documents to the extent they are not covered by the asserted privilege.  *See*

28   FED. R. CIV. P. 34(b)(2)(C); *Aikens*, 217 F.R.D. at 539 ("the responding party still

-17-

1    has a duty to respond *to the extent the request is not objectionable*") (emphasis in
2    original).

3          Defendants' refusal to produce a privilege log, or even commit to a date to do
4    so, amounts to a waiver of privilege.  A party asserting privilege "must identify
5    specific communications and the grounds supporting the privilege as to each piece
6    of evidence over which privilege is asserted." *Martin*, 278 F.3d at 1000; *U.S. v. El*
7    *Paso Co.*, 682 F.2d 530, 541-42 (5th Cir. 1982) (rejecting assertion of privilege
8    based on party's failure to "particularize its assertion of the privilege"); *Clarke v.*
9    *Am. Commerce Nat'l Bank*, 974 F.2d 127, 129 (9th Cir. 1992) (party may be
10   required to provide "a line-by-line justification for assertion of the attorney-client
11   privilege").  Otherwise, the propounding party is unable to test the objecting party's
12   claim of privilege, precisely the circumstance confronting DC Comics.  *See* FED. R.
13   CIV. P. 26(b)(5); FED. R. CIV. P. 26(b)(5), advisory committee note (requiring
14   "sufficient information to enable other parties [and the Court] to evaluate the
15   applicability of the claimed privilege."); *Ramirez v. County of Los Angeles*, 231
16   F.R.D. 407, 410 (C.D. Cal. 2005) ("The party who withholds discovery materials
17   must provide sufficient information (*i.e.*, a privilege log) to enable the other party to
18   evaluate the applicability of the privilege or protection.  Failure to provide
19   sufficient information may constitute a waiver of the privilege.").

20         None of defendants' excuses for their failure to produce a privilege log has
21   merit:

22         *a.  No Obligation to Produce a Log.*  Defendants claim they have "no
23   obligation" to serve privilege logs on DC Comics until this Court has ruled on their
24   objections.  Seto Decl. Ex. N at 306.  This position is contrary to Ninth Circuit law
25   and federal rules establishing that a privilege log is a required element of asserting
26   privilege.  *E.g.*, *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Ct.*, 408 F.3d 1142,
27   1149 (9th Cir. 2005); *Am. Dental Ass'n v. Khorrami*, 2003 WL 24141019, at *9
28   (C.D. Cal. July 14, 2003) (defendant admonished for intentionally refusing to

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1    provide privilege log "[d]espite well-established law that parties seeking to invoke

2    such privileges are not permitted to provide mere 'blanket objections' to discovery

3    requests").  The purpose of a privilege log is to allow the propounding party and the

4    Court to evaluate the privilege claim and prevent parties from hiding behind false

5    claims of privilege.  *See* FED. R. CIV. P. 26(b)(5).  As the drafters of Rule 26

6    confirmed, "To withhold materials without [notifying requesting party] is contrary

7    to the rule …, and may be viewed as a waiver of the privilege or protection."  FED.

8    R. CIV. P. 26(b)(5), advisory committee note; *Eureka Fin. Corp. v. Hartford*

9    *Accident & Indem. Co.*, 136 F.R.D. 179, 184-85 (E.D. Cal. 1991) (failure "to

10    comply with a well settled requirement of specifically identifying the evidence to

11    which a privilege applies" constitutes waiver).

12        Defendants cite two cases to justify their failure to provide privilege logs.

13    Both are inapposite.  In *U.S. v. Philip Morris Inc.*, 347 F.3d 951, 954-55 (D.C. Cir.

14    2003), the D.C. Circuit held that the district court should have considered

15    defendant's general objections before concluding that its failure to list a document

16    on its privilege log resulted in a waiver of privilege.  Unlike here, the defendant in

17    *Phillip Morris* actually *provided a privilege log*, and did not contend its generic

18    objections were sufficient to preserve privilege.  *Id.* at 953.  (To DC Comics'

19    knowledge, *Phillip Morris* has never been adopted outside the D.C. Circuit and

20    may conflict with Ninth Circuit cases like *Burlington*.)  Defendants' other case,

21    *Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 494-95 (9th Cir. 1983),

22    contained literally *no discussion* of privilege logs.

23        Defendants have not sought a protective order to excuse their obligation to

24    serve privilege logs in response to DC Comics' document requests.  Instead, they

25    unilaterally refused to provide any logs with their responses on September 20 or

26    their amended responses on October 8.  This is impermissible.

27        *b. Discovery Stay.*  During the parties' October 5 meet and confer,

28    defendants asserted they were not required to produce privilege logs because the

-19-

1    Court stayed discovery until November 15.  Seto Decl. ¶ 12.  The Court did not stay

2    all discovery until November 15—it ruled "there's nothing that prevents the

3    plaintiff from commencing discovery" and stayed the scheduled *depositions* from

4    October to November 15 after taking into account various competing considerations

5    argued by both sides.  *Id.* Ex. H at 122-26.  The Court made no ruling barring

6    production of the documents requested from the deponents or any associated

7    privilege logs and, to the contrary, asked counsel to work cooperatively to resolve

8    the document issues.  *Id.* Ex. H at 125:17-18.

9        Also incorrect is defendants' argument that the document productions are

10   stayed because they are connected to the depositions that were briefly stayed.  *E.g.*,

11   *supra* at __.  No such relief was sought or obtained.  Furthermore, the deposition

12   notices called for production of the requested documents several weeks in advance

13   of the depositions.  Seto Decl. Exs. A at 7, B at 19, C at 32, D at 45.

14       *c.  The Lack of a Privilege Log Stipulation*.  Defendants contend that they did

15   not produce documents or a privilege log because DC Comics had not agreed to the

16   privilege log stipulation defendants proposed.  *E.g.*, *supra* at __.  To begin, this

17   objection has no application to all the non-privileged documents defendants refuse

18   to produce.

19       As to the privilege log, on August 16 (at the Rule 26(f) conference) and

20   August 25 (in a letter to counsel) defendants requested that the parties negotiate "an

21   agreement to diminish the parties' obligations to log privileged and work product

22   documents."  Seto Decl. Ex. E at 56.  In the letter, defendants proposed entering

23   into an interim agreement not to log such documents until a formal agreement was

24   negotiated.  *Id.*  DC Comics agreed to consider a "draft stipulation" if defendants

25   would prepare one, but explained that defendants' "proposed stand-still agreement,

26   pending negotiations of a final stipulation … is overbroad and likely will not

27   work."  *Id.* Ex. F at 60.  On August 26, defendants again asked for "an interim

28   agreement on logging."  *Id.* Ex. F at 59.  DC Comics again declined, explaining it

-20-

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1  had been "stated very clearly and repeatedly … that we likely could not reach an

2  interim agreement without first seeing a draft of the stipulation." *Id.* Ex. F at 57

3  　　　Some three weeks later, on September 16, defendants sent a draft stipulation.

4  Seto Decl. Ex. G.  Four days later, they served objections to DC Comics' document

5  requests asserting for the first time that "[a]s the parties are in the process of

6  negotiating a stipulation regarding the parties' logging of post-litigation

7  communications, [defendants] will not be serving any privilege logs until these

8  negotiations are concluded." *E.g.*, *supra* at ＿＿.

9  　　　In the October 5 meet-and-confer call, defendants said they could not

10  produce documents without a privilege log and required DC Comics' response to

11  their proposed stipulation on logging.  Reserving all rights (including its argument

12  that defendants had waived privilege by not producing a log), DC Comics sent

13  defendants a revised stipulation the very next day.  Seto Decl. Ex. Q.  DC Comics

14  has not heard back from defendants regarding this stipulation.  *Id.* ¶ 13.

15  　　　Irrespective of any stipulation, defendants may not simply refuse to produce

16  documents or a privilege log.  Nor can they condition their obligation to provide

17  discovery on DC Comics' agreement to meet their demands to exempt plainly

18  relevant categories of documents from their privilege logs.  Defendants' position is

19  wholly unwarranted.

20  　　　4.  Relevance.

21  　　　Defendants object to DC Comics' document requests on relevance grounds,

22  but do not explain why any specific request is irrelevant or whether any documents

23  are being withheld on this ground.  *E.g.*, *supra* at ＿＿.  Defendants' boilerplate

24  objection is the equivalent of no objection at all, and should be overruled.  *E.g.*,

25  *Walker v. Lakewood Condo. Owners Ass'n*, 186 F.R.D. 584, 587 (C.D. Cal. 1999)

26  ("Boilerplate, generalized objections are inadequate and tantamount to not making

27  any objection at all.").  Under Rule 26(b), DC Comics is entitled to "obtain

28  discovery regarding any nonprivileged matter that is relevant to any party's claim

-21-

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1  or defense," including information that "appears reasonably calculated to lead to the

2  discovery of admissible evidence." FED. R. CIV. P. 26(b).  DC Comics' claims for

3  relief allege, *inter alia*, that defendants' web of unlawful agreements violate DC

4  Comics' agreements with the Siegels and Shusters and its rights under the

5  Copyright Act.  Docket No. 49 ¶¶ 105-89.  DC Comics' discovery requests are

6  directly relevant to these claims—specifically, communications and agreements

7  between and among defendants regarding the Siegels' and Shusters' purported

8  Superman rights.  These documents are "discoverable at this stage of the litigation

9  as they clearly relate to the subject matter of the lawsuit and the documents may

10  lead to further admissible evidence at trial." *Youngblood v. Gates*, 112 F.R.D. 342,

11  348 (C.D. Cal. 1985).

12         5.  Protected Information.

13         Defendants object to the discovery requests to the extent they seek

14  production of material containing "any trade secret or other confidential or

15  proprietary information" or "protected from disclosure by court order, or any

16  privacy or similar rights." *E.g.*, *supra* at __.  Again, defendants make no effort to

17  identify the particular information, if any, that is asserted to be protected—let alone

18  to establish why such information is protected.  Such conclusory claims of

19  confidentiality are inadequate; the party resisting discovery must show that the

20  information it seeks to protect is confidential or that its disclosure would cause

21  harm.  *See Nat'l Acad. of Recording Arts & Scis., Inc. v. On Point Events, LP*, 256

22  F.R.D. 678, 683 (C.D. Cal. 2009) (granting motion to compel where "defendant has

23  not presented any declarations … supporting its claim that the information sought

24  … is a 'trade secret' or 'confidential ... commercial information'"); *Centurion*

25  *Indus., Inc. v. Warren Steurer & Assocs.*, 665 F.2d 323, 325 (10th Cir. 1981) ("To

26  resist discovery …, a person must first establish that the information sought is a

27  trade secret and then demonstrate that its disclosure might be harmful."); *Creative*

28  *Gifts, Inc. v. UFO*, 183 F.R.D. 568, 571 (D.N.M. 1998) (same).

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1    Again, defendants cannot stand on boilerplate objections to justify

2    withholding all discovery.  If they actually believed certain information should be

3    protected, defendants "should have entered into a stipulated protective order or filed

4    a motion for a protective order before the date by which it was to produce

5    responsive documents."  *Nat'l Academy*, 256 F.R.D. at 683; *DIRECTV, Inc. v.*

6    *Puccinelli,* 224 F.R.D. 677, 690 (D. Kan. 2004) (rejecting objection based on

7    confidentiality where party neither moved for protective order nor established

8    documents were confidential).  Notably, despite filing two prior motions for

9    protective orders, defendants have never sought a protective order based on

10    "privacy or similar rights."

11        6. Unduly Burdensome.

12    Defendants assert DC's document requests are "unduly burdensome, overly

13    broad," "oppressive and harassing," and "impose extreme hardship."  *E.g.*, *supra* at

14    __.  As this Court has recognized, such "general or boilerplate objections … are

15    improper—especially when a party fails to submit any evidentiary declarations

16    supporting such objections."  *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D.

17    186, 188 (C.D. Cal. 2006); *Paulsen v. Case Corp.*, 168 F.R.D. 285, 289 (C.D. Cal.

18    1996).  To overcome a motion to compel, the party resisting discovery must make a

19    specific showing as to why the discovery requests are burdensome, overly broad, or

20    otherwise objectionable.  *E.g.*, *Duran v. Cisco Sys., Inc.*, 258 F.R.D. 375, 379 (C.D.

21    Cal. 2009) (rejecting "unexplained and unsupported boilerplate objections" that

22    requests were "overbroad," "burdensome," and "harassing"); *E.E.O.C. v. Outback*

23    *Steakhouse of Fla., Inc.*, 251 F.R.D. 603, 608 (D. Colo. 2008) (burden of showing

24    "expense of the proposed discovery outweighs its likely benefit … cannot be

25    satisfied by merely asserting a boilerplate objection … without providing concrete

26    substantiation"); *Panola Land Buyers Ass'n v. Shuman,* 762 F.2d 1550, 1559 (11th

27    Cir. 1985) (rejecting boilerplate "recitation of expense and burdensomeness" as

28    "conclusory").  Defendants have made no such showings.

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

7. <u>Material in DC Comics' Possession.</u>

Defendants object to the extent the document requests would require production of material "already in Plaintiff's possession," including material "produced, served, filed, or transmitted" during the *Siegel* litigation. *E.g.*, *supra* at __. Such "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). "A court generally will not limit discovery simply because it may be somewhat cumulative and duplicative." 6 DANIEL R. COQUILLETTE ET AL., MOORE'S FED. PRAC. § 26.60[2], at 26-431 (3d ed. 2007); FED. R. CIV. P. 26(b)(2)(C)(i) (only when discovery is "*unreasonably cumulative or duplicative*" may it be precluded) (emphasis added). The possibility that the propounding party "is already in possession of the requested documents is not grounds for refusing to provide the[m]." *Adhi Parasakthi Charitable, Med., Educ., & Cultural Soc'y of N. Am. v. West Pikeland*, 2010 WL 157534, at *7 (E.D. Pa. Jan. 13, 2010). This makes sense, as "there might be other documents in addition to the ones previously produced that are now available, and there might be nonprivileged notations on some of the documents that have been added." *Id.*

The Court imposed no limitation on the scope of discovery based on documents produced in the *Siegel* cases. Docket No 74 at 1 (ruling there is "no limit to the subject matter" of discovery). "The fact that [a party] produced documents in the previous litigation does not absolve it of the duty to produce them now." *Johnson & Johnston v. R.E. Serv.*, 2004 WL 3174428, at *3 (N.D. Cal. Nov. 2, 2004); *U.S. v. Siriprechapong*, 181 F.R.D. 416, 431 (N.D. Cal. 1998) (rejecting argument it would be overly burdensome to produce discovery already furnished since evidence already collected).

8. <u>Additional Obligations.</u>

Defendants object to the extent DC Comics' document requests "purport to alter or extend" their obligations under existing law, including by requiring

-24-

1    production of documents beyond defendants' possession.  *E.g.*, *supra* at ▓▓.

2    Defendants point to no example where DC Comics makes any request outside the

3    discovery rules—and indeed, there is none.  Such "boilerplate or generalized

4    objection[s]" are "inadequate and tantamount to not making any objection at all,"

5    *Bess v. Cate*, 2008 WL 5100203, at *4 (E.D. Cal. Nov. 26, 2008).

6          9.  Vague and Ambiguous.

7          Finally, and with no elaboration, defendants object that the following terms

8    and phrases in DC Comics' requests are "vague and ambiguous":

9        •  "YOU" and "YOUR"

10       •  "DEFENDANT" and "DEFENDANTS"

11       •  "SHUSTER HEIRS"

12       •  "SIEGEL HEIRS"

13       •  "SHUSTER"

14       •  "SIEGEL"

15       •  "purported rights"

16       •  "SHUSTER HEIRS' purported rights"

17       •  "affecting the ability of YOU or the SIEGEL HEIRS to negotiate or enter

18          into agreements regarding SUPERMAN and/or SUPERBOY"

19       •  "affecting the ability of the SIEGEL HEIRS to negotiate or enter into

20          agreements"

21       •  "affecting the ability of YOU or the SHUSTER HEIRS to negotiate or enter

22          into agreements regarding SUPERMAN and/or SUPERBOY"

23       •  "affecting the ability of the SHUSTER HEIRS to negotiate or enter into

24          agreements regarding SUPERMAN and/or SUPERBOY

25       •  "affecting the disposition, division, or ownership of"

26       •  "affecting the division of"

27       •  "potential sale, assignment, license, or other disposition of any rights

28       •  "relating to the valuation of any past, current, or potential ownership interest

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1     in SUPERMAN and/or SUPERBOY"

2     • "valuation of any past, current, or potential ownership interest in

3        SUPERMAN and/or SUPERBOY"

4     • "introduction of YOU or the SIEGEL HEIRS to any DEFENDANT"

5     • "introduction of the SIEGEL HEIRS to any DEFENDANT"

6        "introduction of YOU or the SHUSTER HEIRS to any DEFENDANT"

7     *E.g.*, *supra* at ▇, Appendix 1 at ▇. Such blanket assertions of ambiguity, with no

8     explanation, are improper. *See Marchland v. Mercy Med. Ctr.*, 22 F.3d 933, 938

9     (9th Cir. 1994).  Nor is there anything vague or ambiguous about these phrases.

10    Each of the individual terms was defined in DC Comics' requests. *E.g.*, Seto Decl.

11    Ex. A at 8-11.  As to the supposedly ambiguous phrases, "it is not ground for

12    objection that the request is 'ambiguous,' unless [it is] so ambiguous that the

13    responding party cannot, in good faith, frame an intelligent reply."  *U.S. ex rel.*

14    *Englund v. Los Angeles County*, 235 F.R.D. 675, 685 (E.D. Cal. 2006); *McCoo v.*

15    *Denny's, Inc.*, 192 F.R.D. 675, 694 (D. Kan. 2000) (parties "should exercise reason

16    and common sense to attribute ordinary definitions to terms and phrases utilized in

17    [discovery requests]").

18            **C.    Variations in Other Responses and Objections**

19            Defendants assert the very same objections above to the remainder of the

20    document requests served on each of the four defendants.  Pursuant to Rule 37-2,

21    these document requests and responses are fully reproduced in Appendix 1 hereto.

22    There are only a handful of variations in defendants' responses—none of which is

23    material or raises a valid ground for objection:

24            1.  In response to each request, defendants point to certain words and phrases

25    that they claim are "vague and ambiguous."  Each of these additional vagueness

26    objections is underlined in Appendix 1.  For the reasons discussed *supra* at ▇,

27    these unsubstantiated objections are baseless.

28

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

2. Defendant Mark Peary contends that he did not sign or send certain letters and agreements referenced in the discovery requests.  Appendix 1 at __.  This is not a basis to withhold documents.  If Mr. Peary has responsive documents in his possession, custody, or control, he must produce them or list them on a privilege log.  *See* FED. R. CIV. P. 34(a).

3. With respect to certain documents, Joanne Siegel and Laura Siegel Larson Siegel "object[] to Plaintiffs' characterization of the document as well as Plaintiff's interpretation of its meaning."  Appendix 1 at __.  Again, this is not a basis to withhold documents.  If the Siegels have responsive documents in their possession, custody, or control, they must produce them or list them on a privilege log.  *See* FED. R. CIV. P. 34(a).

To DC Comics' knowledge, there are no other substantive differences between the four defendants' responses and objections.[1]

---

[1] There are several inconsequential variations among the objections that merit no further discussion:

- the alteration of names and articles to correspond to the responding party, *e.g.*, Appendix 1 at __;
- omitting/adding the word "further" in certain sentences, *e.g.*, *id.* at __;
- omitting/adding the words "duplicative" and "compound" in certain boilerplate objections, *e.g.*, *id.* at __, that are without basis for the reasons noted above, *supra* at __;
- omitting/adding the words "that the phrase" in certain sentences, *e.g.*, Appendix 1 at __; and
- changing this language:

    Subject to and without waiving the foregoing, and the general and specific objections, Siegel will produce responsive documents consistent with her understanding of this request, if any, that are not privileged and not subject to the parties' JAMS Confidentiality Agreement, provided that such production is based upon a stipulation signed by the parties and the Court concerning the obligations of the parties to log privileged documents.

to the language below in certain responses:

    Subject to and without waiving the foregoing, and the general and specific objections, Siegel will produce responsive non-privileged

-27-

1    **IV.    DEFENDANTS' STATEMENT OF ISSUES IN DISPUTE**

2    [TO BE INSERTED]

3    **V.    DC COMICS' CONCLUSION**

4         For all of the foregoing reasons, DC Comics respectfully requests that the

5    Court issue an order compelling defendants to produce all responsive documents no

6    later than November 10, 2010 or, alternatively, to produce all non-privileged

7    documents and a complete privilege log no later than November 10, 2010.

8    **VI.    DEFENDANTS' CONCLUSION**

9    [TO BE INSERTED]

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25    _____

         documents consistent with her understanding of this request, if any,
26    provided that such production is based upon a stipulation signed by the
         parties and the Court concerning the obligations of the parties to log
27    privileged documents.

28    (Emphasis added.)  *E.g.*, *id.* at __.

-28-

1    Dated:        October 18, 2010                Respectfully Submitted,

2                                                  O'MELVENY & MYERS LLP

3

4                                                  By:_____
                                                       Daniel M. Petrocelli
5                                                      Attorneys for Plaintiff DC Comics

6    Dated:        October 18, 2010                Respectfully Submitted,

7                                                  TOBEROFF & ASSOCIATES, P.C.

8

9                                                  By:_____
                                                       Marc Toberoff
10                                                     Attorneys for Defendants Mark
                                                       Warren Peary, Jean Peavy, Joanne
11                                                     Siegel, and Laura Siegel Larson

12   Dated:        October 18, 2010                Respectfully Submitted,

13
                                                   KENDALL BRILL & KLIEGER LLP
14

15                                                 By:_____
                                                       Richard B. Kendall
16                                                     Attorneys for Defendants Marc
                                                       Toberoff, Pacific Pictures
17                                                     Corporation, IP Worldwide, LLC,
                                                       and IPW, LLC
18

19

20

21

22

23

24

25

26

27

28

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

# APPENDIX 1

**A.** **Joanne Siegel – Document Requests 2-28 and Specific Objections**

**Document Request No. 2**

All agreements between or among YOU and the SHUSTER HEIRS regarding the SIEGEL HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 2**

In addition to the General Objections, which are incorporated herein by this reference, Siegel specifically objects to this request on the ground that the underlying compliant is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the  issues.  *See* General Objection ¶ 1, *supra*.  Siegel further objects to this request to the extent that it is relevant only to DC's Third through Sixth state law claims as such discovery should be stayed during the pendency of Defendants' anti-SLAPP motion and because the Third Claim does not exist as a matter of law. *See* General Objection ¶ 2, *supra*.  Siegel further objects to this request to the extent it seeks any privileged documents concerning any Collective Bargaining between the Shusters and Siegels and because Plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3, *supra*.

In addition to the above, Siegel further objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive.  Siegel objects to this request on the grounds that the phrase "purported rights" is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response. Siegel further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope.  Siegel further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not

-30-

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1    reasonably calculated to lead to the discovery of relevant and admissible evidence.

2    Siegel additionally objects to this request to the extent that it seeks communications

3    or items protected by the attorney-client privilege, the attorney work product

4    doctrine and any other privilege or immunity available under law or arising from

5    contractual obligation.  Subject to and without waiving the foregoing, and the

6    general and specific objections, Siegel will produce responsive documents

7    consistent with her understanding of this request, if any, that are not privileged and

8    not subject to the parties' JAMS Confidentiality Agreement, provided that such

9    production is based upon a stipulation signed by the parties and the Court

10   concerning the obligations of the parties to log privileged documents.

11   **Document Request No. 3**

12       All agreements between or among YOU and any DEFENDANT regarding

13   the SHUSTER HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

14   **Response to Document Request No. 3**

15       In addition to the General Objections, which are incorporated herein by this

16   reference, Siegel specifically objects to this request on the ground that the

17   underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

18   12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

19   statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

20   greatly narrow the  issues. *See* General Objection ¶ 1, *supra*.  Siegel further objects

21   to this request to the extent that it is relevant only to DC's Third through Sixth state

22   law claims as such discovery should be stayed during the pendency of Defendants'

23   anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

24   *See* General Objection ¶ 2, *supra*.  Siegel further objects to this request to the extent

25   it seeks any privileged documents concerning any Collective Bargaining between

26   the Shusters and Siegels and because Plaintiff's use of such information violates the

27   parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3,

28   *supra*.

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1    In addition to the above, Siegel objects to this request on the grounds that it

2    is compound, duplicative, overbroad, burdensome and oppressive.  Siegel objects to

3    this request on the grounds that the phrase "SHUSTER HEIRS' purported rights" is

4    vague and ambiguous, and lacks sufficient precision to allow her to formulate an

5    appropriate response.  Siegel further objects to this request on the grounds that it is

6    indefinite as to time and not reasonably limited in scope.  Siegel further objects to

7    this request to the extent that it seeks the production of any item, or portion thereof,

8    which is not reasonably calculated to lead to the discovery of relevant and

9    admissible evidence.  Siegel additionally objects to this request to the extent that it

10    seeks communications or items protected by the attorney-client privilege, the

11    attorney work product doctrine and any other privilege or immunity available under

12    law or arising from contractual obligation.  Subject to and without waiving the

13    foregoing, and the general and specific objections, Siegel will produce responsive

14    documents consistent with her understanding of this request, if any, that are not

15    privileged and not subject to the parties' JAMS Confidentiality Agreement,

16    provided that such production is based upon a stipulation signed by the parties and

17    the Court concerning the obligations of the parties to log privileged documents.

18    **Document Request No. 4**

19    All agreements between or among SIEGEL and SHUSTER regarding any

20    purported rights in SUPERMAN and/or SUPERBOY.

21    **Response to Document Request No. 4**

22    In addition to the General Objections, which are incorporated herein by this

23    reference, Siegel specifically objects to this request on the ground that the

24    underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

25    12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

26    statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

27    greatly narrow the  issues.  *See* General Objection ¶ 1, *supra*.  Siegel further objects

28    to this request to the extent that it is relevant only to DC's Third through Sixth state

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1   law claims as such discovery should be stayed during the pendency of Defendants'

2   anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

3   *See* General Objection ¶ 2, *supra*.  Siegel further objects to this request to the extent

4   it seeks any privileged documents concerning any Collective Bargaining between

5   the Shusters and Siegels and because Plaintiff's use of such information violates the

6   parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3,

7   *supra*.

8       In addition to the above, Siegel further objects to this request on the grounds

9   that it is compound, overbroad, burdensome and oppressive.  Siegel objects to this

10  request on the grounds that the phrase "purported rights" is vague and ambiguous,

11  and lacks sufficient precision to allow her to formulate an appropriate response.

12  Siegel further objects to this request on the grounds that it is indefinite as to time

13  and not reasonably limited in scope.  Siegel further objects to this request to the

14  extent that it seeks the production of any item, or portion thereof, which is not

15  reasonably calculated to lead to the discovery of relevant and admissible evidence.

16  Siegel additionally objects to this request to the extent that it seeks communications

17  or items protected by the attorney-client privilege, the attorney work product

18  doctrine and any other privilege or immunity available under law or arising from

19  contractual obligation.  Subject to and without waiving the foregoing, and the

20  general and specific objections, Siegel will produce responsive documents

21  consistent with her understanding of this request, if any, that are not privileged and

22  not subject to the parties' JAMS Confidentiality Agreement, provided that such

23  production is based upon a stipulation signed by the parties and the Court

24  concerning the obligations of the parties to log privileged documents.

25  **Document Request No. 5**

26      All agreements between or among YOU and the SHUSTER HEIRS

27  regarding the SHUSTER HEIRS' purported rights in SUPERMAN and/or

28  SUPERBOY.

-33-

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

**Response to Document Request No. 5**

In addition to the General Objections, which are incorporated herein by this reference, Siegel specifically objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the  issues. *See* General Objection ¶ 1, *supra*.  Siegel further objects to this request to the extent that it is relevant only to DC's Third through Sixth state law claims as such discovery should be stayed during the pendency of Defendants' anti-SLAPP motion and because the Third Claim does not exist as a matter of law. *See* General Objection ¶ 2, *supra*.  Siegel further objects to this request to the extent it seeks any privileged documents concerning any Collective Bargaining between the Shusters and Siegels and because Plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3, *supra*.

In addition to the above, Siegel objects to this request on the grounds that it is compound, duplicative, overbroad, burdensome and oppressive.  Siegel objects to this request on the grounds that the phrase "SHUSTER HEIRS' purported rights" is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response.  Siegel further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope.  Siegel further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence.  Siegel additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing, and the general and specific objections, Siegel will produce responsive

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1  documents consistent with her understanding of this request, if any, that are not

2  privileged and not subject to the parties' JAMS Confidentiality Agreement,

3  provided that such production is based upon a stipulation signed by the parties and

4  the Court concerning the obligations of the parties to log privileged documents.

5  **Document Request No. 6**

6      All DOCUMENTS relating to or affecting the ability of YOU or the SIEGEL

7  HEIRS to negotiate or enter into agreements regarding SUPERMAN and/or

8  SUPERBOY.

9  **Response to Document Request No. 6**

10     In addition to the General Objections, which are incorporated herein by this

11 reference, Siegel specifically objects to this request on the ground that the

12 underlying compliant is subject to multiple motions to dismiss pursuant to FRCP

13 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

14 statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

15 greatly narrow the  issues. *See* General Objection ¶ 1, *supra*.  Siegel further objects

16 to this request to the extent that it is relevant only to DC's Third through Sixth state

17 law claims as such discovery should be stayed during the pendency of Defendants'

18 anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

19 *See* General Objection ¶ 2, *supra*.  Siegel further objects to this request to the extent

20 it seeks any privileged documents concerning any Collective Bargaining between

21 the Shusters and Siegels and because Plaintiff's use of such information violates the

22 parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3,

23 *supra*.

24     In addition to the above, Siegel objects to this request on the grounds that it

25 is compound, duplicative, overbroad, burdensome and oppressive.  Siegel further

26 objects to this request on the grounds that the phrase "affecting the ability of YOU

27 or the SIEGEL HEIRS to negotiate or enter into agreements regarding

28 SUPERMAN and/or SUPERBOY" is vague and ambiguous, and lacks sufficient

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

precision to allow her to formulate an appropriate response.  Siegel further objects

to this request on the grounds that it is indefinite as to time and not reasonably

limited in scope.  Siegel further objects to this request to the extent that it seeks the

production of any item, or portion thereof, which is not reasonably calculated to

lead to the discovery of relevant and admissible evidence.  Siegel additionally

objects to this request to the extent that it seeks communications or items protected

by the attorney-client privilege, the attorney work product doctrine and any other

privilege or immunity available under law or arising from contractual obligation.

Subject to and without waiving the foregoing, and the general and specific

objections, Siegel will produce responsive documents consistent with her

understanding of this request, if any, that are not privileged and not subject to the

parties' JAMS Confidentiality Agreement, provided that such production is based

upon a stipulation signed by the parties and the Court concerning the obligations of

the parties to log privileged documents.

**Document Request No. 7**

All DOCUMENTS relating to or affecting the ability of the SHUSTER

HEIRS to negotiate or enter into agreements regarding SUPERMAN and/or

SUPERBOY.

**Response to Document Request No. 7**

In addition to the General Objections, which are incorporated herein by this

reference, Siegel specifically objects to this request on the ground that the

underlying compliant is subject to multiple motions to dismiss pursuant to FRCP

12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

greatly narrow the  issues.  *See* General Objection ¶ 1, *supra*.  Siegel further objects

to this request to the extent that it is relevant only to DC's Third through Sixth state

law claims as such discovery should be stayed during the pendency of Defendants'

anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1   *See* General Objection ¶ 2, *supra*.  Siegel further objects to this request to the extent

2   it seeks any privileged documents concerning any Collective Bargaining between

3   the Shusters and Siegels and because Plaintiff's use of such information violates the

4   parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3,

5   *supra*.

6       In addition to the above, Siegel objects to this request on the grounds that it

7   is compound, duplicative, overbroad, burdensome and oppressive.  Siegel further

8   objects to this request on the grounds that the phrase "<u>affecting the ability of the</u>

9   <u>SHUSTER HEIRS to negotiate or enter into agreements regarding SUPERMAN</u>

10  <u>and/or SUPERBOY</u>" is vague and ambiguous, and lacks sufficient precision to

11  allow her to formulate an appropriate response.  Siegel further objects to this

12  request on the grounds that it is indefinite as to time and not reasonably limited in

13  scope.  Siegel further objects to this request to the extent that it seeks the

14  production of any item, or portion thereof, which is not reasonably calculated to

15  lead to the discovery of relevant and admissible evidence.  Siegel additionally

16  objects to this request to the extent that it seeks communications or items protected

17  by the attorney-client privilege, the attorney work product doctrine and any other

18  privilege or immunity available under law or arising from contractual obligation.

19  Subject to and without waiving the foregoing, and the general and specific

20  objections, Siegel will produce responsive documents consistent with her

21  understanding of this request, if any, that are not privileged and not subject to the

22  parties' JAMS Confidentiality Agreement, provided that such production is based

23  upon a stipulation signed by the parties and the Court concerning the obligations of

24  the parties to log privileged documents.

25  **Document Request No. 8**

26      All DOCUMENTS relating to or affecting the disposition, division, or

27  ownership of any rights in SUPERMAN and/or SUPERBOY.

28  **Response to Document Request No. 8**

-37-

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1    In addition to the General Objections, which are incorporated herein by this

2    reference, Siegel specifically objects to this request on the ground that the

3    underlying compliant is subject to multiple motions to dismiss pursuant to FRCP

4    12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

5    statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

6    greatly narrow the  issues.  *See* General Objection ¶ 1, *supra*.  Siegel further objects

7    to this request to the extent that it is relevant only to DC's Third through Sixth state

8    law claims as such discovery should be stayed during the pendency of Defendants'

9    anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

10   *See* General Objection ¶ 2, *supra*.  Siegel further objects to this request to the extent

11   it seeks any privileged documents concerning any Collective Bargaining between

12   the Shusters and Siegels and because Plaintiff's use of such information violates the

13   parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3,

14   *supra*.

15   In addition to the above, Siegel objects to this request on the grounds that it

16   is compound, duplicative, overbroad, burdensome and oppressive.  Siegel further

17   objects to this request on the grounds that the phrase "affecting the disposition,

18   division, or ownership of" is vague and ambiguous, and lacks sufficient precision to

19   allow her to formulate an appropriate response. Siegel further objects to this request

20   on the grounds that it is indefinite as to time and not reasonably limited in scope.

21   Siegel further objects to this request to the extent that it seeks the production of any

22   item, or portion thereof, which is not reasonably calculated to lead to the discovery

23   of relevant and admissible evidence.  Siegel additionally objects to this request to

24   the extent that it seeks communications or items protected by the attorney-client

25   privilege, the attorney work product doctrine and any other privilege or immunity

26   available under law or arising from contractual obligation.  Subject to and without

27   waiving the foregoing, and the general and specific objections, Siegel will produce

28   responsive documents consistent with her understanding of this request, if any, that

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1    are not privileged and not subject to the parties' JAMS Confidentiality Agreement,

2    provided that such production is based upon a stipulation signed by the parties and

3    the Court concerning the obligations of the parties to log privileged documents.

4    **Document Request No. 9**

5        All DOCUMENTS relating to or affecting the division of revenue, proceeds,

6    or other profits regarding SUPERMAN and/or SUPERBOY.

7    **Response to Document Request No. 9**

8        In addition to the General Objections, which are incorporated herein by this

9    reference, Siegel specifically objects to this request on the ground that the

10   underlying compliant is subject to multiple motions to dismiss pursuant to FRCP

11   12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

12   statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

13   greatly narrow the  issues.  *See* General Objection ¶ 1, *supra*.  Siegel further objects

14   to this request to the extent that it is relevant only to DC's Third through Sixth state

15   law claims as such discovery should be stayed during the pendency of Defendants'

16   anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

17   *See* General Objection ¶ 2, *supra*.  Siegel further objects to this request to the extent

18   it seeks any privileged documents concerning any Collective Bargaining between

19   the Shusters and Siegels and because Plaintiff's use of such information violates the

20   parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3,

21   *supra*.

22       In addition to the above, Siegel objects to this request on the grounds that it

23   is compound, overbroad, burdensome and oppressive.  Siegel further objects to this

24   request on the grounds that the phrase "affecting the division of" is vague and

25   ambiguous, and lacks sufficient precision to allow her to formulate an appropriate

26   response. Siegel further objects to this request on the grounds that it is indefinite as

27   to time and not reasonably limited in scope.  Siegel further objects to this request to

28   the extent that it seeks the production of any item, or portion thereof, which is not

-39-

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1  reasonably calculated to lead to the discovery of relevant and admissible evidence.

2  Siegel additionally objects to this request to the extent that it seeks communications

3  or items protected by the attorney-client privilege, the attorney work product

4  doctrine and any other privilege or immunity available under law or arising from

5  contractual obligation.  Subject to and without waiving the foregoing, and the

6  general and specific objections, Siegel will produce responsive documents

7  consistent with her understanding of this request, if any, that are not privileged and

8  not subject to the parties' JAMS Confidentiality Agreement, provided that such

9  production is based upon a stipulation signed by the parties and the Court

10  concerning the obligations of the parties to log privileged documents.

11  **Document Request No. 10**

12      All DOCUMENTS relating to or affecting the division of any settlement

13  proceeds regarding SUPERMAN and/or SUPERBOY.

14  **Response to Document Request No. 10**

15      In addition to the General Objections, which are incorporated herein by this

16  reference, Siegel specifically objects to this request on the ground that the

17  underlying compliant is subject to multiple motions to dismiss pursuant to FRCP

18  12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

19  statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

20  greatly narrow the  issues. *See* General Objection ¶ 1, *supra*.  Siegel further objects

21  to this request to the extent that it is relevant only to DC's Third through Sixth state

22  law claims as such discovery should be stayed during the pendency of Defendants'

23  anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

24  *See* General Objection ¶ 2, *supra*.  Siegel further objects to this request to the extent

25  it seeks any privileged documents concerning any Collective Bargaining between

26  the Shusters and Siegels and because Plaintiff's use of such information violates the

27  parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3,

28  *supra*.

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1    In addition to the above, Siegel objects to this request on the grounds that it

2    is compound, duplicative, overbroad, burdensome and oppressive.  Siegel further

3    objects to this request on the grounds that the phrase "affecting the division of" is

4    vague and ambiguous, and lacks sufficient precision to allow her to formulate an

5    appropriate response. Siegel further objects to this request on the grounds that it

6    indefinite as to time and not reasonably limited in scope.  Siegel further objects to

7    this request to the extent that it seeks the production of any item, or portion thereof,

8    which is not reasonably calculated to lead to the discovery of relevant and

9    admissible evidence. Siegel additionally objects to this request to the extent that it

10    seeks communications or items protected by the attorney-client privilege, the

11    attorney work product doctrine and any other privilege or immunity available under

12    law or arising from contractual obligation.  Subject to and without waiving the

13    foregoing, and the general and specific objections, Siegel will produce responsive

14    documents consistent with her understanding of this request, if any, that are not

15    privileged and not subject to the parties' JAMS Confidentiality Agreement,

16    provided that such production is based upon a stipulation signed by the parties and

17    the Court concerning the obligations of the parties to log privileged documents.

18    **Document Request No. 11**

19    All DOCUMENTS relating to the potential sale, assignment, license, or other

20    disposition of any rights relating to SUPERMAN and/or SUPERBOY, including

21    but not limited to any solicitation, offer, option, or proposed agreement.

22    **Response to Document Request No. 11**

23    In addition to the General Objections, which are incorporated herein by this

24    reference, Siegel specifically objects to this request on the ground that the

25    underlying compliant is subject to multiple motions to dismiss pursuant to FRCP

26    12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

27    statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

28    greatly narrow the  issues. *See* General Objection ¶ 1, *supra*.  Siegel further objects

-41-

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1  to this request to the extent that it is relevant only to DC's Third through Sixth state

2  law claims as such discovery should be stayed during the pendency of Defendants'

3  anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

4  *See* General Objection ¶ 2, *supra*.  Siegel further objects to this request to the extent

5  it seeks any privileged documents concerning any Collective Bargaining between

6  the Shusters and Siegels and because Plaintiff's use of such information violates the

7  parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3,

8  *supra*.

9          In addition to the above, Siegel objects to this request on the grounds that it

10  is compound, duplicative, overbroad, burdensome and oppressive.  Siegel further

11  objects to this request on the grounds that the phrase "<u>potential sale, assignment,</u>

12  <u>license, or other disposition of any rights</u>" is vague and ambiguous, and lacks

13  sufficient precision to allow her to formulate an appropriate response.  Siegel

14  further objects to this request on the grounds that it is indefinite as to time and not

15  reasonably limited in scope.  Siegel further objects to this request to the extent that

16  it seeks the production of any item, or portion thereof, which is not reasonably

17  calculated to lead to the discovery of relevant and admissible evidence.  Siegel

18  additionally objects to this request to the extent that it seeks communications or

19  items protected by the attorney-client privilege, the attorney work product doctrine

20  and any other privilege or immunity available under law or arising from contractual

21  obligation. Subject to and without waiving the foregoing, and the general and

22  specific objections, Siegel will produce responsive documents consistent with her

23  understanding of this request, if any, that are not privileged and not subject to the

24  parties' JAMS Confidentiality Agreement, provided that such production is based

25  upon a stipulation signed by the parties and the Court concerning the obligations of

26  the parties to log privileged documents.

27  **Document Request No. 12**

28          All DOCUMENTS relating to the valuation of any past, current, or potential

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1  ownership interest in SUPERMAN and/or SUPERBOY.

2  **Response to Document Request No. 12**

3       In addition to the General Objections, which are incorporated herein by this

4  reference, Siegel specifically objects to this request on the ground that the

5  underlying compliant is subject to multiple motions to dismiss pursuant to FRCP

6  12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

7  statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

8  greatly narrow the  issues. *See* General Objection ¶ 1, *supra*.  Siegel further objects

9  to this request to the extent that it is relevant only to DC's Third through Sixth state

10  law claims as such discovery should be stayed during the pendency of Defendants'

11  anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

12  *See* General Objection ¶ 2, *supra*.  Siegel further objects to this request to the extent

13  it seeks any privileged documents concerning any Collective Bargaining between

14  the Shusters and Siegels and because Plaintiff's use of such information violates the

15  parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3,

16  *supra*.

17       In addition to the above, Siegel objects to this request on the grounds that it

18  is compound, overbroad, burdensome and oppressive.  Siegel further objects to this

19  request on the grounds that the phrase "relating to the valuation of any past, current,

20  or potential ownership interest in SUPERMAN and/or SUPERBOY" is vague and

21  ambiguous, and lacks sufficient precision to allow her to formulate an appropriate

22  response. Siegel further objects to this request on the grounds that it is indefinite as

23  to time and not reasonably limited in scope.  Siegel further objects to this request to

24  the extent that it seeks the production of any item, or portion thereof, which is not

25  reasonably calculated to lead to the discovery of relevant and admissible evidence.

26  Siegel additionally objects to this request to the extent that it seeks communications

27  or items protected by the attorney-client privilege, the attorney work product

28  doctrine and any other privilege or immunity available under law or arising from

-43-

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1    contractual obligation.  Subject to and without waiving the foregoing, and the

2    general and specific objections, Siegel will produce responsive non-privileged

3    documents consistent with her understanding of this request, if any, provided that

4    such production is based upon a stipulation signed by the parties and the Court

5    concerning the obligations of the parties to log privileged documents.

6    **Document Request No. 13**

7        All DOCUMENTS relating to the introduction of YOU or the SIEGEL

8    HEIRS to any DEFENDANT.

9    **Response to Document Request No. 13**

10       In addition to the General Objections, which are incorporated herein by this

11   reference, Siegel specifically objects to this request on the ground that the

12   underlying compliant is subject to multiple motions to dismiss pursuant to FRCP

13   12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

14   statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

15   greatly narrow the  issues.  *See* General Objection ¶ 1, *supra*.  Siegel further objects

16   to this request to the extent that it is relevant only to DC's Third through Sixth state

17   law claims as such discovery should be stayed during the pendency of Defendants'

18   anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

19   *See* General Objection ¶ 2, *supra*.  Siegel further objects to this request to the extent

20   it seeks any privileged documents concerning any Collective Bargaining between

21   the Shusters and Siegels and because Plaintiff's use of such information violates the

22   parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3,

23   *supra*.

24       In addition to the above, Siegel objects to this request on the grounds that it

25   is duplicative, overbroad, burdensome and oppressive.  Siegel further objects to this

26   request on the grounds that the phrase "introduction of YOU or the SIEGEL HEIRS

27   to any DEFENDANT" is vague and ambiguous, and lacks sufficient precision to

28   allow her to formulate an appropriate response. Siegel further objects to this request

-44-

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1  on the grounds that it is indefinite as to time and not reasonably limited in scope.

2  Siegel further objects to this request to the extent that it seeks the production of any

3  item, or portion thereof, which is not reasonably calculated to lead to the discovery

4  of relevant and admissible evidence.  Siegel additionally objects to this request to

5  the extent that it seeks communications or items protected by the attorney-client

6  privilege, the attorney work product doctrine and any other privilege or immunity

7  available under law or arising from contractual obligation.  Subject to and without

8  waiving the foregoing, and the general and specific objections, Siegel will produce

9  responsive non-privileged documents consistent with her understanding of this

10  request, if any, provided that such production is based upon a stipulation signed by

11  the parties and the Court concerning the obligations of the parties to log privileged

12  documents.

13  **Document Request No. 14**

14      All DOCUMENTS relating to the October 16, 2001 COMMUNICATION

15  between Kevin Marks and John Schulman.

16  **Response to Document Request No. 14**

17      In addition to the General Objections, which are incorporated herein by this

18  reference, Siegel specifically objects to this request on the ground that the

19  underlying compliant is subject to multiple motions to dismiss pursuant to FRCP

20  12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

21  statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

22  greatly narrow the  issues.  *See* General Objection ¶ 1, *supra*.  Siegel further objects

23  to this request to the extent that it is relevant only to DC's Third through Sixth state

24  law claims as such discovery should be stayed during the pendency of Defendants'

25  anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

26  *See* General Objection ¶ 2, *supra*.  Siegel further objects to this request to the extent

27  it seeks any privileged documents concerning any Collective Bargaining between

28  the Shusters and Siegels and because Plaintiff's use of such information violates the

-45-

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3, *supra*.

In addition to the above, Siegel objects to this request on the grounds that it is overbroad, duplicative, burdensome and oppressive.  Siegel further objects to this request on the grounds that it is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response.  Siegel further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Siegel further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence.  Siegel additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing, and the general and specific objections, Siegel will produce responsive non-privileged documents consistent with her understanding of this request, if any, provided that such production is based upon a stipulation signed by the parties and the Court concerning the obligations of the parties to log privileged documents.

**Document Request No. 15**

All DOCUMENTS relating to the October 19, 2002 letter from Kevin Marks to John Schulman confirming that the SIEGEL HEIRS "accepted D.C. Comics' offer of October 16, 2001."

**Response to Document Request No. 15**

In addition to the General Objections, which are incorporated herein by this reference, Siegel specifically objects to this request on the ground that the underlying compliant is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

-46-

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1   greatly narrow the issues. *See* General Objection ¶ 1, *supra*. Siegel further objects

2   to this request to the extent that it is relevant only to DC's Third through Sixth state

3   law claims as such discovery should be stayed during the pendency of Defendants'

4   anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

5   *See* General Objection ¶ 2, *supra*. Siegel further objects to this request to the extent

6   it seeks any privileged documents concerning any Collective Bargaining between

7   the Shusters and Siegels and because Plaintiff's use of such information violates the

8   parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3,

9   *supra*.

10       In addition to the above, Siegel objects to this request on the grounds that it

11  is overbroad, duplicative, burdensome and oppressive. Siegel further objects to this

12  request on the grounds that it is vague and ambiguous, and lacks sufficient

13  precision to allow her to formulate an appropriate response. Siegel further objects

14  to this request on the grounds that it is indefinite as to time and not reasonably

15  limited in scope. Siegel further objects to this request to the extent that it seeks the

16  production of any item, or portion thereof, which is not reasonably calculated to

17  lead to the discovery of relevant and admissible evidence. Siegel additionally

18  objects to Plaintiff's characterization of the document as well as Plaintiff's

19  interpretation of its legal meaning. Siegel additionally objects to this request to the

20  extent that it seeks communications or items protected by the attorney-client

21  privilege, the attorney work product doctrine and any other privilege or immunity

22  available under law or arising from contractual obligation. Subject to and without

23  waiving the foregoing, and the general and specific objections, Siegel will produce

24  responsive non-privileged documents consistent with her understanding of this

25  request, if any, provided that such production is based upon a stipulation signed by

26  the parties and the Court concerning the obligations of the parties to log privileged

27  documents.

28  **Document Request No. 16**

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1    All DOCUMENTS relating to the October 26, 2001 letter from DC Comics

2    to the SIEGEL HEIRS.

3    **Response to Document Request No. 16**

4    In addition to the General Objections, which are incorporated herein by this

5    reference, Siegel specifically objects to this request on the ground that the

6    underlying compliant is subject to multiple motions to dismiss pursuant to FRCP

7    12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

8    statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

9    greatly narrow the  issues.  *See* General Objection ¶ 1, *supra*.  Siegel further objects

10   to this request to the extent that it is relevant only to DC's Third through Sixth state

11   law claims as such discovery should be stayed during the pendency of Defendants'

12   anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

13   *See* General Objection ¶ 2, *supra*.  Siegel further objects to this request to the extent

14   it seeks any privileged documents concerning any Collective Bargaining between

15   the Shusters and Siegels and because Plaintiff's use of such information violates the

16   parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3,

17   *supra*.

18   In addition to the above, Siegel objects to this request on the grounds that it

19   is overbroad, duplicative, burdensome and oppressive.  Siegel further objects to this

20   request on the grounds that it is vague and ambiguous, and lacks sufficient

21   precision to allow her to formulate an appropriate response.  Siegel further objects

22   to this request on the grounds that it is indefinite as to time and not reasonably

23   limited in scope. Siegel further objects to this request to the extent that it seeks the

24   production of any item, or portion thereof, which is not reasonably calculated to

25   lead to the discovery of relevant and admissible evidence.  Siegel additionally

26   objects to this request to the extent that it seeks communications or items protected

27   by the attorney-client privilege, the attorney work product doctrine and any other

28   privilege or immunity available under law or arising from contractual obligation.

-48-

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1   Subject to and without waiving the foregoing, and the general and specific

2   objections, Siegel will produce responsive non-privileged documents consistent

3   with her understanding of this request, if any, provided that such production is

4   based upon a stipulation signed by the parties and the Court concerning the

5   obligations of the parties to log privileged documents.

6   **Document Request No. 17**

7       All DOCUMENTS relating to the November 29, 2001 COMMUNICATION

8   between DEFENDANT Marc Toberoff and Kevin Marks regarding the SIEGEL

9   HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

10  **Response to Document Request No. 17**

11      In addition to the General Objections, which are incorporated herein by this

12  reference, Siegel specifically objects to this request on the ground that the

13  underlying compliant is subject to multiple motions to dismiss pursuant to FRCP

14  12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

15  statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

16  greatly narrow the  issues.  *See* General Objection ¶ 1, *supra*.  Siegel further objects

17  to this request to the extent that it is relevant only to DC's Third through Sixth state

18  law claims as such discovery should be stayed during the pendency of Defendants'

19  anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

20  *See* General Objection ¶ 2, *supra*.  Siegel further objects to this request to the extent

21  it seeks any privileged documents concerning any Collective Bargaining between

22  the Shusters and Siegels and because Plaintiff's use of such information violates the

23  parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3,

24  *supra*.

25      In addition to the above, Siegel objects to this request on the grounds that it

26  is overbroad, duplicative, burdensome and oppressive.  Siegel further objects to this

27  request on the grounds that it is vague and ambiguous, and lacks sufficient

28  precision to allow her to formulate an appropriate response.  Siegel further objects

-49-

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1   to this request on the grounds that it is indefinite as to time and not reasonably

2   limited in scope. Siegel further objects to this request to the extent that it seeks the

3   production of any item, or portion thereof, which is not reasonably calculated to

4   lead to the discovery of relevant and admissible evidence.  Siegel additionally

5   objects to Plaintiff's characterization of the document as well as Plaintiff's

6   interpretation of its legal meaning.  Siegel additionally objects to this request to the

7   extent that it seeks communications or items protected by the attorney-client

8   privilege, the attorney work product doctrine and any other privilege or immunity

9   available under law or arising from contractual obligation.  Subject to and without

10  waiving the foregoing, and the general and specific objections, Siegel will produce

11  responsive non-privileged documents consistent with her understanding of this

12  request, if any, provided that such production is based upon a stipulation signed by

13  the parties and the Court concerning the obligations of the parties to log privileged

14  documents.

15  **Document Request No. 18**

16          All DOCUMENTS relating to the February 1, 2002 letter from Patrick

17  Perkins to the SIEGEL HEIRS.

18  **Response to Document Request No. 18**

19          In addition to the General Objections, which are incorporated herein by this

20  reference, Siegel specifically objects to this request on the ground that the

21  underlying compliant is subject to multiple motions to dismiss pursuant to FRCP

22  12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

23  statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

24  greatly narrow the  issues. *See* General Objection ¶ 1, *supra*.  Siegel further objects

25  to this request to the extent that it is relevant only to DC's Third through Sixth state

26  law claims as such discovery should be stayed during the pendency of Defendants'

27  anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

28  *See* General Objection ¶ 2, *supra*.  Siegel further objects to this request to the extent

-50-

1   it seeks any privileged documents concerning any Collective Bargaining between

2   the Shusters and Siegels and because Plaintiff's use of such information violates the

3   parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3,

4   *supra*.

5        In addition to the above, Siegel objects to this request on the grounds that it

6   is overbroad, duplicative, burdensome and oppressive.  Siegel further objects to this

7   request on the grounds that it is vague and ambiguous, and lacks sufficient

8   precision to allow her to formulate an appropriate response.  Siegel further objects

9   to this request on the grounds that it is indefinite as to time and not reasonably

10  limited in scope.  Siegel further objects to this request to the extent that it seeks the

11  production of any item, or portion thereof, which is not reasonably calculated to

12  lead to the discovery of relevant and admissible evidence.  Siegel additionally

13  objects to this request to the extent that it seeks communications or items protected

14  by the attorney-client privilege, the attorney work product doctrine and any other

15  privilege or immunity available under law or arising from contractual obligation.

16  Subject to and without waiving the foregoing, and the general and specific

17  objections, Siegel will produce responsive non-privileged documents consistent

18  with her understanding of this request, if any, provided that such production is

19  based upon a stipulation signed by the parties and the Court concerning the

20  obligations of the parties to log privileged documents.

21  **Document Request No. 19**

22       All DOCUMENTS relating to the February 6, 2002 COMMUNICATION

23  between DEFENDANT Marc Toberoff and Kevin Marks regarding the SIEGEL

24  HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

25  **Response to Document Request No. 19**

26       In addition to the General Objections, which are incorporated herein by this

27  reference, Siegel specifically objects to this request on the ground that the

28  underlying compliant is subject to multiple motions to dismiss pursuant to FRCP

-51-

1   12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

2   statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

3   greatly narrow the issues. *See* General Objection ¶ 1, *supra*. Siegel further objects

4   to this request to the extent that it is relevant only to DC's Third through Sixth state

5   law claims as such discovery should be stayed during the pendency of Defendants'

6   anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

7   *See* General Objection ¶ 2, *supra*. Siegel further objects to this request to the extent

8   it seeks any privileged documents concerning any Collective Bargaining between

9   the Shusters and Siegels and because Plaintiff's use of such information violates the

10  parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3,

11  *supra*.

12          In addition to the above, Siegel objects to this request on the grounds that it

13  is overbroad, duplicative, burdensome and oppressive. Siegel further objects to this

14  request on the grounds that it is vague and ambiguous, and lacks sufficient

15  precision to allow her to formulate an appropriate response. Siegel further objects

16  to this request on the grounds that it is indefinite as to time and not reasonably

17  limited in scope. Siegel further objects to this request to the extent that it seeks the

18  production of any item, or portion thereof, which is not reasonably calculated to

19  lead to the discovery of relevant and admissible evidence. Siegel additionally

20  objects to Plaintiff's characterization of the communication as well as Plaintiff's

21  interpretation of its legal meaning. Siegel additionally objects to this request to the

22  extent that it seeks communications or items protected by the attorney-client

23  privilege, the attorney work product doctrine and any other privilege or immunity

24  available under law or arising from contractual obligation. Subject to and without

25  waiving the foregoing, and the general and specific objections, Siegel will produce

26  responsive non-privileged documents consistent with her understanding of this

27  request, if any, provided that such production is based upon a stipulation signed by

28  the parties and the Court concerning the obligations of the parties to log privileged

-52-

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1   documents.

2   **Document Request No. 20**

3       All DOCUMENTS relating to the February 2002 COMMUNICATION

4   between DEFENDANT Marc Toberoff and Warner Bros. executive Steven Spira

5   regarding the rights in SUPERMAN and/or SUPERBOY.

6   **Response to Document Request No. 20**

7       In addition to the General Objections, which are incorporated herein by this

8   reference, Siegel specifically objects to this request on the ground that the

9   underlying compliant is subject to multiple motions to dismiss pursuant to FRCP

10  12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

11  statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

12  greatly narrow the  issues.  *See* General Objection ¶ 1, *supra*.  Siegel further objects

13  to this request to the extent that it is relevant only to DC's Third through Sixth state

14  law claims as such discovery should be stayed during the pendency of Defendants'

15  anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

16  *See* General Objection ¶ 2, *supra*.  Siegel further objects to this request to the extent

17  it seeks any privileged documents concerning any Collective Bargaining between

18  the Shusters and Siegels and because Plaintiff's use of such information violates the

19  parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3,

20  *supra*.

21      In addition to the above, Siegel objects to this request on the grounds that it

22  is overbroad, duplicative, burdensome and oppressive.  Siegel further objects to this

23  request on the grounds that it is vague and ambiguous, and lacks sufficient

24  precision to allow her to formulate an appropriate response.  Siegel further objects

25  to this request on the grounds that it is indefinite as to time and not reasonably

26  limited in scope.  Siegel further objects to this request to the extent that it seeks the

27  production of any item, or portion thereof, which is not reasonably calculated to

28  lead to the discovery of relevant and admissible evidence.  Siegel additionally

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1   objects to Plaintiff's characterization of this purported communication as well as

2   Plaintiff's interpretation of its legal meaning. Siegel additionally objects to this

3   request to the extent that it seeks communications or items protected by the

4   attorney-client privilege, the attorney work product doctrine and any other privilege

5   or immunity available under law or arising from contractual obligation.  Subject to

6   and without waiving the foregoing, and the general and specific objections, Siegel

7   will produce responsive non-privileged documents consistent with her

8   understanding of this request, if any, provided that such production is based upon a

9   stipulation signed by the parties and the Court concerning the obligations of the

10  parties to log privileged documents.

11  **Document Request No. 21**

12       All DOCUMENTS relating to the May 9, 2002 letter from DEFENDANT

13  Joanne Siegel to Time Warner, Inc.

14  **Response to Document Request No. 21**

15       In addition to the General Objections, which are incorporated herein by this

16  reference, Siegel specifically objects to this request on the ground that the

17  underlying compliant is subject to multiple motions to dismiss pursuant to FRCP

18  12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

19  statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

20  greatly narrow the  issues. *See* General Objection ¶ 1, *supra*.  Siegel further objects

21  to this request to the extent that it is relevant only to DC's Third through Sixth state

22  law claims as such discovery should be stayed during the pendency of Defendants'

23  anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

24  *See* General Objection ¶ 2, *supra*.  Siegel further objects to this request to the extent

25  it seeks any privileged documents concerning any Collective Bargaining between

26  the Shusters and Siegels and because Plaintiff's use of such information violates the

27  parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3,

28  *supra*.

-54-

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1    In addition to the above, Siegel objects to this request on the grounds that it

2    is overbroad, duplicative, burdensome and oppressive.  Siegel further objects to this

3    request on the grounds that it is vague and ambiguous, and lacks sufficient

4    precision to allow her to formulate an appropriate response.  Siegel further objects

5    to this request on the grounds that it is indefinite as to time and not reasonably

6    limited in scope.  Siegel further objects to this request to the extent that it seeks the

7    production of any item, or portion thereof, which is not reasonably calculated to

8    lead to the discovery of relevant and admissible evidence.  Siegel additionally

9    objects to this request to the extent that it seeks communications or items protected

10   by the attorney-client privilege, the attorney work product doctrine and any other

11   privilege or immunity available under law or arising from contractual obligation.

12   Subject to and without waiving the foregoing, and the general and specific

13   objections, Siegel will produce responsive non-privileged documents consistent

14   with her understanding of this request, if any, provided that such production is

15   based upon a stipulation signed by the parties and the Court concerning the

16   obligations of the parties to log privileged documents.

17   **Document Request No. 22**

18   All DOCUMENTS relating to the May 21, 2002 letter from Richard Parsons

19   of Time Warner Inc. to DEFENDANT Joanne Siegel.

20   **Response to Document Request No. 22**

21   In addition to the General Objections, which are incorporated herein by this

22   reference, Siegel specifically objects to this request on the ground that the

23   underlying compliant is subject to multiple motions to dismiss pursuant to FRCP

24   12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

25   statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

26   greatly narrow the  issues.  *See* General Objection ¶ 1, *supra*.  Siegel further objects

27   to this request to the extent that it is relevant only to DC's Third through Sixth state

28   law claims as such discovery should be stayed during the pendency of Defendants'

-55-

1    anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

2    *See* General Objection ¶ 2, *supra*.  Siegel further objects to this request to the extent

3    it seeks any privileged documents concerning any Collective Bargaining between

4    the Shusters and Siegels and because Plaintiff's use of such information violates the

5    parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3,

6    *supra*.

7         In addition to the above, Siegel objects to this request on the grounds that it

8    is overbroad, duplicative, burdensome and oppressive.  Siegel further objects to this

9    request on the grounds that it is vague and ambiguous, and lacks sufficient

10   precision to allow her to formulate an appropriate response.  Siegel further objects

11   to this request on the grounds that it is indefinite as to time and not reasonably

12   limited in scope.  Siegel further objects to this request to the extent that it seeks the

13   production of any item, or portion thereof, which is not reasonably calculated to

14   lead to the discovery of relevant and admissible evidence.  Siegel additionally

15   objects to this request to the extent that it seeks communications or items protected

16   by the attorney-client privilege, the attorney work product doctrine and any other

17   privilege or immunity available under law or arising from contractual obligation.

18   Subject to and without waiving the foregoing, and the general and specific

19   objections, Siegel will produce responsive non-privileged documents consistent

20   with her understanding of this request, if any, provided that such production is

21   based upon a stipulation signed by the parties and the Court concerning the

22   obligations of the parties to log privileged documents.

23   **Document Request No. 23**

24        All DOCUMENTS relating to any solicitation, offer, or option from any

25   DEFENDANT regarding the purported rights of YOU or the SIEGEL HEIRS in

26   SUPERMAN and/or SUPERBOY.

27   **Response to Document Request No. 23**

28        In addition to the General Objections, which are incorporated herein by this

-56-

1   reference, Siegel specifically objects to this request on the ground that the

2   underlying compliant is subject to multiple motions to dismiss pursuant to FRCP

3   12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

4   statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

5   greatly narrow the  issues.  *See* General Objection ¶ 1, *supra*.  Siegel further objects

6   to this request to the extent that it is relevant only to DC's Third through Sixth state

7   law claims as such discovery should be stayed during the pendency of Defendants'

8   anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

9   *See* General Objection ¶ 2, *supra*.  Siegel further objects to this request to the extent

10  it seeks any privileged documents concerning any Collective Bargaining between

11  the Shusters and Siegels and because Plaintiff's use of such information violates the

12  parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3,

13  *supra*.

14      In addition to the above, Siegel objects to this request on the grounds that it

15  is overbroad, burdensome and oppressive.  Siegel further objects to this request on

16  the grounds that the phrase "purported rights" is vague and ambiguous, and lacks

17  sufficient precision to allow her to formulate an appropriate response Siegel further

18  objects to this request on the grounds that it is indefinite as to time and not

19  reasonably limited in scope.  Siegel further objects to this request to the extent that

20  it seeks the production of any item, or portion thereof, which is not reasonably

21  calculated to lead to the discovery of relevant and admissible evidence.  Siegel

22  additionally objects to this request to the extent that it seeks communications or

23  items protected by the attorney-client privilege, the attorney work product doctrine

24  and any other privilege or immunity available under law or arising from contractual

25  obligation. Subject to and without waiving the foregoing, and the general and

26  specific objections, Siegel will produce responsive non-privileged documents

27  consistent with her understanding of this request, if any, provided that such

28  production is based upon a stipulation signed by the parties and the Court

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

EXHIBIT R
246

1  concerning the obligations of the parties to log privileged documents.

2  **Document Request No. 24**

3      All DOCUMENTS relating to the September 21, 2002 letter from YOU to

4  Kevin Marks.

5  **Response to Document Request No. 24**

6      In addition to the General Objections, which are incorporated herein by this

7  reference, Siegel specifically objects to this request on the ground that the

8  underlying compliant is subject to multiple motions to dismiss pursuant to FRCP

9  12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

10  statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

11  greatly narrow the  issues. *See* General Objection ¶ 1, *supra*.  Siegel further objects

12  to this request to the extent that it is relevant only to DC's Third through Sixth state

13  law claims as such discovery should be stayed during the pendency of Defendants'

14  anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

15  *See* General Objection ¶ 2, *supra*.  Siegel further objects to this request to the extent

16  it seeks any privileged documents concerning any Collective Bargaining between

17  the Shusters and Siegels and because Plaintiff's use of such information violates the

18  parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3,

19  *supra*.

20      In addition to the above, Siegel objects to this request on the grounds that it

21  is overbroad, duplicative, burdensome and oppressive.  Siegel further objects to this

22  request on the grounds that it is vague and ambiguous, and lacks sufficient

23  precision to allow her to formulate an appropriate response.  Siegel further objects

24  to this request on the grounds that it is indefinite as to time and not reasonably

25  limited in scope.  Siegel further objects to this request to the extent that it seeks the

26  production of any item, or portion thereof, which is not reasonably calculated to

27  lead to the discovery of relevant and admissible evidence.  Siegel additionally

28  objects to this request to the extent that it seeks communications or items protected

-58-

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1  by the attorney-client privilege, the attorney work product doctrine and any other

2  privilege or immunity available under law or arising from contractual obligation.

3  Subject to and without waiving the foregoing, and the general and specific

4  objections, Siegel will produce responsive non-privileged documents consistent

5  with her understanding of this request, if any, provided that such production is

6  based upon a stipulation signed by the parties and the Court concerning the

7  obligations of the parties to log privileged documents.

8  **Document Request No. 25**

9      All DOCUMENTS relating to the September 21, 2002 letter from YOU to

10  DC Comics.

11  **Response to Document Request No. 25**

12      In addition to the General Objections, which are incorporated herein by this

13  reference, Siegel specifically objects to this request on the ground that the

14  underlying compliant is subject to multiple motions to dismiss pursuant to FRCP

15  12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

16  statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

17  greatly narrow the  issues. *See* General Objection ¶ 1, *supra*.  Siegel further objects

18  to this request to the extent that it is relevant only to DC's Third through Sixth state

19  law claims as such discovery should be stayed during the pendency of Defendants'

20  anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

21  *See* General Objection ¶ 2, *supra*.  Siegel further objects to this request to the extent

22  it seeks any privileged documents concerning any Collective Bargaining between

23  the Shusters and Siegels and because Plaintiff's use of such information violates the

24  parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3,

25  *supra*.

26      In addition to the above, Siegel objects to this request on the grounds that it

27  is overbroad, duplicative, burdensome and oppressive.  Siegel further objects to this

28  request on the grounds that it is vague and ambiguous, and lacks sufficient

-59-

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1   precision to allow her to formulate an appropriate response.  Siegel further objects

2   to this request on the grounds that it is indefinite as to time and not reasonably

3   limited in scope.  Siegel further objects to this request to the extent that it seeks the

4   production of any item, or portion thereof, which is not reasonably calculated to

5   lead to the discovery of relevant and admissible evidence.  Siegel additionally

6   objects to this request to the extent that it seeks communications or items protected

7   by the attorney-client privilege, the attorney work product doctrine and any other

8   privilege or immunity available under law or arising from contractual obligation.

9   Subject to and without waiving the foregoing, and the general and specific

10  objections, Siegel will produce responsive non-privileged documents consistent

11  with her understanding of this request, if any, provided that such production is

12  based upon a stipulation signed by the parties and the Court concerning the

13  obligations of the parties to log privileged documents.

14  **Document Request No. 26**

15      All DOCUMENTS relating to the letter agreement dated October 3, 2002

16  that YOU signed with DEFENDANT IP Worldwide, LLC, and any revisions,

17  modifications, or adjustments thereto.

18  **Response to Document Request No. 26**

19      In addition to the General Objections, which are incorporated herein by this

20  reference, Siegel specifically objects to this request on the ground that the

21  underlying compliant is subject to multiple motions to dismiss pursuant to FRCP

22  12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

23  statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

24  greatly narrow the  issues.  *See* General Objection ¶ 1, *supra*.  Siegel further objects

25  to this request to the extent that it is relevant only to DC's Third through Sixth state

26  law claims as such discovery should be stayed during the pendency of Defendants'

27  anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

28  *See* General Objection ¶ 2, *supra*.  Siegel further objects to this request to the extent

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

EXHIBIT R
249

1  it seeks any privileged documents concerning any Collective Bargaining between

2  the Shusters and Siegels and because Plaintiff's use of such information violates the

3  parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3,

4  *supra*.

5      In addition to the above, Siegel objects to this request on the grounds that it

6  is overbroad, duplicative, burdensome and oppressive.  Siegel further objects to this

7  request on the grounds that it is vague and ambiguous, and lacks sufficient

8  precision to allow her to formulate an appropriate response.  Siegel further objects

9  to this request on the grounds that it is indefinite as to time and not reasonably

10  limited in scope.  Siegel further objects to this request to the extent that it seeks the

11  production of any item, or portion thereof, which is not reasonably calculated to

12  lead to the discovery of relevant and admissible evidence.  Siegel additionally

13  objects to this request to the extent that it seeks communications or items protected

14  by the attorney-client privilege, the attorney work product doctrine and any other

15  privilege or immunity available under law or arising from contractual obligation.

16  Subject to and without waiving the foregoing, and the general and specific

17  objections, Siegel will produce responsive non-privileged documents consistent

18  with her understanding of this request, if any, provided that such production is

19  based upon a stipulation signed by the parties and the Court concerning the

20  obligations of the parties to log privileged documents.

21  **Document Request No. 27**

22      All DOCUMENTS relating to the October 28, 2002 letter from YOU to

23  Lillian Laserson of DC Comics.

24  **Response to Document Request No. 27**

25      In addition to the General Objections, which are incorporated herein by this

26  reference, Siegel specifically objects to this request on the ground that the

27  underlying compliant is subject to multiple motions to dismiss pursuant to FRCP

28  12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1  statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

2  greatly narrow the  issues.  *See* General Objection ¶ 1, *supra*.  Siegel further objects

3  to this request to the extent that it is relevant only to DC's Third through Sixth state

4  law claims as such discovery should be stayed during the pendency of Defendants'

5  anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

6  *See* General Objection ¶ 2, *supra*.  Siegel further objects to this request to the extent

7  it seeks any privileged documents concerning any Collective Bargaining between

8  the Shusters and Siegels and because Plaintiff's use of such information violates the

9  parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3,

10  *supra*.

11      In addition to the above, Siegel objects to this request on the grounds that it

12  is overbroad, duplicative, burdensome and oppressive.  Siegel further objects to this

13  request on the grounds that it is vague and ambiguous, and lacks sufficient

14  precision to allow her to formulate an appropriate response.  Siegel further objects

15  to this request on the grounds that it is indefinite as to time and not reasonably

16  limited in scope.  Siegel further objects to this request to the extent that it seeks the

17  production of any item, or portion thereof, which is not reasonably calculated to

18  lead to the discovery of relevant and admissible evidence.  Siegel additionally

19  objects to this request to the extent that it seeks communications or items protected

20  by the attorney-client privilege, the attorney work product doctrine and any other

21  privilege or immunity available under law or arising from contractual obligation.

22  Subject to and without waiving the foregoing, and the general and specific

23  objections, Siegel will produce responsive non-privileged documents consistent

24  with her understanding of this request, if any, provided that such production is

25  based upon a stipulation signed by the parties and the Court concerning the

26  obligations of the parties to log privileged documents.

27  **Document Request No. 28**

28      All DOCUMENTS relating to the Request of Termination of Transfer

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1  Covering Extended Renewal Term: Superboy served on behalf of the SIEGEL

2  HEIRS on or around November 8, 2002.

3  **Response to Document Request No. 28**

4  In addition to the General Objections, which are incorporated herein by this

5  reference, Siegel specifically objects to this request on the ground that the

6  underlying compliant is subject to multiple motions to dismiss pursuant to FRCP

7  12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

8  statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

9  greatly narrow the  issues.  *See* General Objection ¶ 1, *supra*.  Siegel further objects

10  to this request to the extent that it is relevant only to DC's Third through Sixth state

11  law claims as such discovery should be stayed during the pendency of Defendants'

12  anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

13  *See* General Objection ¶ 2, *supra*.  Siegel further objects to this request to the extent

14  it seeks any privileged documents concerning any Collective Bargaining between

15  the Shusters and Siegels and because Plaintiff's use of such information violates the

16  parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3,

17  *supra*.

18  In addition to the above, Siegel objects to this request on the grounds that it

19  is overbroad, duplicative, burdensome and oppressive.  Siegel further objects to this

20  request on the grounds that it is vague and ambiguous, and lacks sufficient

21  precision to allow her to formulate an appropriate response.  Siegel further objects

22  to this request on the grounds that it is indefinite as to time and not reasonably

23  limited in scope.  Siegel further objects to this request to the extent that it seeks the

24  production of any item, or portion thereof, which is not reasonably calculated to

25  lead to the discovery of relevant and admissible evidence.  Siegel additionally

26  objects to this request to the extent that it seeks communications or items protected

27  by the attorney-client privilege, the attorney work product doctrine and any other

28  privilege or immunity available under law or arising from contractual obligation.

-63-

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1   Subject to and without waiving the foregoing, and the general and specific

2   objections, Siegel will produce responsive non-privileged documents consistent

3   with her understanding of this request, if any, provided that such production is

4   based upon a stipulation signed by the parties and the Court concerning the

5   obligations of the parties to log privileged documents.

6       **B.    <u>Laura Siegel Larson – Document Requests 1-28 and General and</u>

7           <u>Specific Objections</u>**

8       **<u>OBJECTIONS TO THE ENTIRE REQUEST</u>**

9       Siegel objects to the entire Request on each of the following grounds and

10  incorporates by reference each of the following objections into her response to each

11  individual category of documents within it:

12      1.      Siegel objects to the Request on the ground that the underlying

13  complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and

14  (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal.

15  Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly

16  narrow the issues.  These motions have been fully briefed and are set for hearing on

17  October 18, 2010.  Given the pendency of these dispositive motions, Magistrate

18  Zarefsky held on September 20, 2010 that deposition discovery was not appropriate

19  until at least November 15, 2010 to afford Judge Wright time to rule on these

20  motions.  Magistrate Zarefsky has also indicated that Judge Wright may extend this

21  deadline if he needs more time to so rule.  Magistrate Zarefsky's rationale for

22  limiting the burden of discovery until Judge Wright has ruled on these motions

23  should apply with equal force to document discovery as it does to depositions.

24      2.      Siegel objects to each individual request within the Request to the

25  extent it is relevant only to the Fourth through Sixth state law claims for relief in

26  DC's First Amended Complaint ("FAC").  Defendants contend that their pending

27  anti-SLAPP motion stays discovery regarding these state law claims.  Magistrate

28  Zarefsky rejected that argument, apparently based on *Metabolife Int'l., Inc. v.*

-64-

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1    *Wornick*, F.3d 832 (9th Cir. 2001), but Defendants have timely objected to this

2    ruling pursuant to L.R. 72.2-1. *See* Docket No. 101.  *Metabolife* is inconsistent with

3    recent Supreme Court authority *Shady Grove Orthopedic Assocs., P.A. v. Allstate*

4    *Ins. Co.*, 130 S. Ct. 1431, 1452 (2010) (Stevens, J., concurring), decided this year,

5    and with the Ninth Circuit's decision in *Batzel v. Smith*, 333 F.3d 1018, 1024 (9th

6    Cir. 2003).  These cases recognize that substantive provisions of state law, such as

7    the anti-SLAPP statute's automatic discovery stay, apply in federal court.

8    *Metabolife* includes no contrary discussion.  In light of this, Judge Wright and the

9    Ninth Circuit should be afforded the opportunity to address Defendants' well taken

10   objection on these grounds.  *See* Docket No. 101 at 3:20- 5:23.   Any response that

11   refers to the planned production of documents is without prejudice to Defendants'

12   right to seek a stay of discovery before the Court, the 9th Circuit, or the Supreme

13   Court.

14        Plaintiff has sought to avoid the force of this automatic stay by contending

15   that the same discovery relates to DC's Third claim for relief ("Third Claim"),

16   which it claims arises under federal copyright law.  DC's Third Claim is premised

17   on the false construct that DC purportedly has a right of exclusive negotiation under

18   17 U.S.C. § 304(c)(6)(D) to settle Defendant's termination claims pursuant to 17

19   U.S.C. § 304(d).  However, the plain language of § 304(c)(6)(D) does not provide a

20   terminated grantee like DC with any such "right," as expressly addressed and

21   recognized in *Bourne Co. v. MPL Commc'ns, Inc.*, 675 F. Supp. 859, 865 n.11

22   (S.D.N.Y. 1987) ("[T]he statute neither compels the terminating party to negotiate

23   with the terminated grantee, nor forbids him from negotiating with anyone else.").

24   *See* Docket Nos. 78 at 4:7-7:27; 100 at 1:17-3:15.  The Third Claim does not and

25   cannot exist as a matter of law and thus DC cannot use this manufactured federal

26   claim to avoid the automatic stay provided by the anti-SLAPP motion. CCP §

27   425.16,(g); *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987) (stay of discovery

28   pending motion to dismiss was appropriate where allegations - taken as true - failed

-65-                                              JOINT STIPULATION RE:
                                          DC COMICS' MOTION TO COMPEL

1  to allege requisite elements of statutory cause of action).

2      3.    To the extent the Request seeks documents concerning any agreement

3  between the Shusters and Siegels to act collectively in negotiations with DC

4  regarding the settlement of their termination claims ("Collective Bargaining"),

5  Siegel objects on the following grounds:  Such documents concern only the Third

6  through Sixth claims for relief and thus are irrelevant to the First and Second claims

7  that are the only proper subject of discovery at this point in the proceedings.  Any

8  documents that exist relating to Collective Bargaining contain and memorialize

9  attorney-client privileged communications and attorney work product and reveal

10 sensitive settlement strategy that would give DC an unfair advantage.  In addition,

11 any Collective Bargaining documents were prepared in connection with mediation

12 and the use of such information plainly violates the parties' May 1, 2008 JAMS

13 Confidentiality Agreement and the California mediation privilege. Moreover this

14 disclosure is inconsistent with the policies of FRE 408 and California Evidence

15 Code §§ 1119 *et seq.*; 1152.

16     4.    Siegel objects to the Request on the ground that a motion for entry of

17 judgment pursuant to FRCP 54(b) has been filed in the closely related action

18 *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-CV-

19 8400.  If this motion is granted, such judgment will have collateral estoppel effect

20 on DC, and thereby substantially narrow the duplicative issues raised in the present

21 action.  Accordingly, any discovery should be stayed and documents should not be

22 produced until the Rule 54(b) motion is decided.

23     5.    Siegel objects to the Request to the extent that it seeks the production

24 of any item, or portion thereof, comprising or reflecting information transmitted

25 and maintained in confidence between Siegel or any person or entity acting on her

26 behalf and her counsel for the purpose of obtaining legal advice or representation,

27 on the grounds that such information is protected from disclosure by the attorney-

28 client privilege and the joint-interest privilege.  Such documents will not be

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

EXHIBIT R
255

produced in response to the request, and any inadvertent production thereof shall not be deemed a waiver of any privilege or doctrine with respect to such documents.

6.    Siegel objects to the Request to the extent that it seeks the production of any item, or portion thereof, comprising or reflecting information with any confidential impression, conclusion, opinion, legal research, or legal theory of counsel for Siegel or any other person or entity, on the grounds that such information is protected from disclosure by the attorney work product doctrine. Such documents will not be produced in response to the request, and any inadvertent production thereof shall not be deemed a waiver of any privilege or doctrine with respect to such documents.

7.    As the parties are in the process of negotiating a stipulation regarding the parties' logging of post-litigation communications, Siegel will not be serving any privilege logs until these negotiations are concluded. Defendants provided a draft of the proposed stipulation on September 16, 2010, to which Plaintiff did not respond for nearly three weeks, until October 6, 2010.  Before providing the draft stipulation, counsel for Defendants repeatedly asked counsel for DC what terms DC would wish to see in such a stipulation, but DC did not respond.  Nor will Defendants produce any documents absent an agreement by DC that the production of such documents will not constitute a waiver of any protection as to discovery and that there has been no such waiver.  DC has not responded to this request for such an agreement.  Moreover, Siegel will neither produce nor log any documents created or transmitted after the start of this litigation.  All privileges and immunities provided by law are expressly reserved.

8.    Siegel objects to the Request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence, on the grounds that it exceeds the permissible scope of discovery delimited by Rule 26(b)(1) of the Federal Rules of

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

EXHIBIT R
256

1    Civil Procedure.

2        9.    Siegel objects to the Request to the extent that it seeks the production

3    of any item, or portion thereof, comprising or reflecting any trade secret or other

4    confidential or proprietary information of Siegel or any other person or entity.

5        10.    Siegel objects to the Request to the extent that it seeks the production

6    of any item, or portion thereof, which is protected from disclosure by court order,

7    or any privacy or similar rights of any person or entity.

8        11.    Siegel objects to the Request's document requests to the extent they

9    are unduly burdensome, overly broad, impose extreme hardship or would result in

10    the expenditure of unnecessary time and resources.

11        12.    Siegel objects to the Request to the extent it is overbroad and therefore

12    unduly burdensome, oppressive and harassing.

13        13.    Siegel objects to the document requests contained in the Request to the

14    extent the expense of producing documents outweighs the likely benefit of

15    discovery provided to Plaintiff.

16        14.    Siegel objects to the Request to the extent that it seeks the production

17    of duplicative identical items, or documents or information already in Plaintiff's

18    possession, or by reason of public filing, publication or otherwise are readily

19    accessible to Plaintiff through other means.

20        15.    Siegel objects to the Request to the extent that it seeks the production

21    of any item which has been served, filed, or transmitted in the course of this action,

22    on the grounds that such production would be burdensome, oppressive, and

23    unnecessary.

24        16.    Siegel objects to the Request to the extent that it seeks the production

25    of any item which has already been produced, served, or filed in the course of the

26    related actions *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al*., Case

27    No. 04-CV-8400 ODW (RZx) and *Joanne Siegel, et al. v. Time Warner Inc., et al.,*

28    Case No. 04-CV-8766 ODW (RZx) (collectively "*Siegel* Litigation"), on the

-68-                    JOINT STIPULATION RE:
                        DC COMICS' MOTION TO COMPEL

grounds that such production would be duplicative, burdensome, oppressive, and unnecessary.  Provided DC agrees that identification of documents produced by Siegel in the *Siegel* litigation that are responsive to this request will not trigger a requirement to produce a privilege log and that there is no waiver of privilege in identifying such documents and that there has been no such waiver, Siegel will identify the documents already produced in the *Siegel* litigation that are responsive to the Request.

17.     Siegel objects to the Request and each document category therein to the extent that it seeks the production of any item or document that is not the property of Siegel.  Siegel will not produce any items or documents that are the property of any other person or entity.

18.     Siegel objects generally to the Request and to the definitions and instructions therein to the extent that they purport to alter or extend Siegel's obligations beyond those established by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Central District of California, or any order or ruling by the Court in this action.

19.     Siegel objects generally to the definitions of the terms "YOU" and "YOUR" as vague and ambiguous, overbroad and unduly burdensome.  Siegel will construe these terms to refer to Siegel.

20.     Siegel objects generally to the definitions of the terms "DEFENDANT" and "DEFENDANTS" as vague and ambiguous, overbroad and unduly burdensome.  Siegel will construe these terms to refer only to the specific defendants in this action.

21.     Siegel objects generally to the definition of the term "SHUSTER HEIRS" as vague and ambiguous, overbroad and unduly burdensome.  Solely for the purposes of these responses, and for no other purpose, Siegel will construe this term to refer only to the Estate of Joseph Shuster, Jean Peavy, Mark Peary, Dawn Peavy and Frank Shuster.

-69-

22.    Siegel objects generally to the definition of the term "SIEGEL HEIRS" as vague and ambiguous, overbroad and unduly burdensome.  Solely for the purposes of these responses, and for no other purpose, Siegel will construe this term to refer only to Joanne Siegel, Laura Siegel Larson, Dennis Larson and Michael Siegel.

23.    Siegel objects generally to the definition of the term "SHUSTER" as vague and ambiguous, overbroad and unduly burdensome. Siegel will construe this term to refer only to Joseph Shuster.

24.    Siegel objects generally to the definition of the term "SIEGEL" as vague and ambiguous, overbroad and unduly burdensome. Siegel will construe this term to refer only to Jerome Siegel.

25.    Siegel reserves the right to revise, amend, supplement or clarify any of the objections set forth herein.

**SPECIFIC RESPONSES TO INDIVIDUAL REQUESTS**

**Document Request No. 1**

All agreements between or among YOU and any DEFENDANT regarding the SIEGEL HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 1**

In addition to the General Objections, which are incorporated herein by this reference, Siegel specifically objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. *See* General Objection ¶ 1, *supra*.  Siegel further objects to this request to the extent that it is relevant only to DC's Third through Sixth state law claims as such discovery should be stayed during the pendency of Defendants' anti-SLAPP motion and because the Third Claim does not exist as a matter of law. *See* General Objection ¶ 2, *supra*.  Siegel further objects to this request to the extent

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

EXHIBIT R
259

1   it seeks any privileged documents concerning any Collective Bargaining between

2   the Shusters and Siegels and because Plaintiff's use of such information violates the

3   parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3,

4   *supra*.

5        In addition to the above, Siegel further objects to this request on the grounds

6   that it is compound, overbroad, burdensome and oppressive.  Siegel objects to this

7   request on the grounds that the phrase "purported rights" is vague and ambiguous,

8   and lacks sufficient precision to allow her to formulate an appropriate response.

9   Siegel further objects to this request on the grounds that it is indefinite as to time

10  and not reasonably limited in scope.  Siegel further objects to this request to the

11  extent that it seeks the production of any item, or portion thereof, which is not

12  reasonably calculated to lead to the discovery of relevant and admissible evidence.

13  Siegel additionally objects to this request to the extent that it seeks communications

14  or items protected by the attorney-client privilege, the attorney work product

15  doctrine and any other privilege or immunity available under law or arising from

16  contractual obligation.  Subject to and without waiving the foregoing, and the

17  general and specific objections, Siegel will produce responsive documents

18  consistent with her understanding of this request, if any, that are not privileged and

19  not subject to the parties' JAMS Confidentiality Agreement, provided that such

20  production is based upon a stipulation signed by the parties and the Court

21  concerning the obligations of the parties to log privileged documents.

22  **Document Request No. 2**

23       All agreements between or among YOU and the SHUSTER HEIRS

24  regarding the SIEGEL HEIRS' purported rights in SUPERMAN and/or

25  SUPERBOY.

26  **Response to Document Request No. 2**

27       In addition to the General Objections, which are incorporated herein by this

28  reference, Siegel specifically objects to this request on the ground that the

-71-

1   underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

2   12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

3   statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

4   greatly narrow the issues. *See* General Objection ¶ 1, *supra*. Siegel further objects

5   to this request to the extent that it is relevant only to DC's Third through Sixth state

6   law claims as such discovery should be stayed during the pendency of Defendants'

7   anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

8   *See* General Objection ¶ 2, *supra*. Siegel further objects to this request to the extent

9   it seeks any privileged documents concerning any Collective Bargaining between

10   the Shusters and Siegels and because Plaintiff's use of such information violates the

11   parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3,

12   *supra*.

13       In addition to the above, Siegel further objects to this request on the grounds

14   that it is compound, overbroad, burdensome and oppressive. Siegel objects to this

15   request on the grounds that the phrase "purported rights" is vague and ambiguous,

16   and lacks sufficient precision to allow her to formulate an appropriate response.

17   Siegel further objects to this request on the grounds that it is indefinite as to time

18   and not reasonably limited in scope. Siegel further objects to this request to the

19   extent that it seeks the production of any item, or portion thereof, which is not

20   reasonably calculated to lead to the discovery of relevant and admissible evidence.

21   Siegel additionally objects to this request to the extent that it seeks communications

22   or items protected by the attorney-client privilege, the attorney work product

23   doctrine and any other privilege or immunity available under law or arising from

24   contractual obligation. Subject to and without waiving the foregoing, and the

25   general and specific objections, Siegel will produce responsive documents

26   consistent with her understanding of this request, if any, that are not privileged and

27   not subject to the parties' JAMS Confidentiality Agreement, provided that such

28   production is based upon a stipulation signed by the parties and the Court

-72-

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1   concerning the obligations of the parties to log privileged documents.

2   **Document Request No. 3**

3       All agreements between or among YOU and any DEFENDANT regarding

4   the SHUSTER HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

5   **Response to Document Request No. 3**

6       In addition to the General Objections, which are incorporated herein by this

7   reference, Siegel specifically objects to this request on the ground that the

8   underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

9   12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

10   statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

11   greatly narrow the issues. *See* General Objection ¶ 1, *supra*. Siegel further objects

12   to this request to the extent that it is relevant only to DC's Third through Sixth state

13   law claims as such discovery should be stayed during the pendency of Defendants'

14   anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

15   *See* General Objection ¶ 2, *supra*. Siegel further objects to this request to the extent

16   it seeks any privileged documents concerning any Collective Bargaining between

17   the Shusters and Siegels and because Plaintiff's use of such information violates the

18   parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3,

19   *supra*.

20       In addition to the above, Siegel objects to this request on the grounds that it

21   is compound, duplicative, overbroad, burdensome and oppressive. Siegel objects to

22   this request on the grounds that the phrase "SHUSTER HEIRS' purported rights" is

23   vague and ambiguous, and lacks sufficient precision to allow her to formulate an

24   appropriate response. Siegel further objects to this request on the grounds that it is

25   indefinite as to time and not reasonably limited in scope. Siegel further objects to

26   this request to the extent that it seeks the production of any item, or portion thereof,

27   which is not reasonably calculated to lead to the discovery of relevant and

28   admissible evidence. Siegel additionally objects to this request to the extent that it

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1   seeks communications or items protected by the attorney-client privilege, the

2   attorney work product doctrine and any other privilege or immunity available under

3   law or arising from contractual obligation.  Subject to and without waiving the

4   foregoing, and the general and specific objections, Siegel will produce responsive

5   documents consistent with her understanding of this request, if any, that are not

6   privileged and not subject to the parties' JAMS Confidentiality Agreement,

7   provided that such production is based upon a stipulation signed by the parties and

8   the Court concerning the obligations of the parties to log privileged documents.

9   **Document Request No. 4**

10   All agreements between or among SIEGEL and SHUSTER regarding any

11   purported rights in SUPERMAN and/or SUPERBOY.

12   **Response to Document Request No. 4**

13   In addition to the General Objections, which are incorporated herein by this

14   reference, Siegel specifically objects to this request on the ground that the

15   underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

16   12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

17   statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

18   greatly narrow the issues.  *See* General Objection ¶ 1, *supra*.  Siegel further objects

19   to this request to the extent that it is relevant only to DC's Third through Sixth state

20   law claims as such discovery should be stayed during the pendency of Defendants'

21   anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

22   *See* General Objection ¶ 2, *supra*.  Siegel further objects to this request to the extent

23   it seeks any privileged documents concerning any Collective Bargaining between

24   the Shusters and Siegels and because Plaintiff's use of such information violates the

25   parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3,

26   *supra*.

27   In addition to the above, Siegel further objects to this request on the grounds

28   that it is compound, overbroad, burdensome and oppressive.  Siegel objects to this

-74-

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1   request on the grounds that the phrase "purported rights" is vague and ambiguous,

2   and lacks sufficient precision to allow her to formulate an appropriate response.

3   Siegel further objects to this request on the grounds that it is indefinite as to time

4   and not reasonably limited in scope.  Siegel further objects to this request to the

5   extent that it seeks the production of any item, or portion thereof, which is not

6   reasonably calculated to lead to the discovery of relevant and admissible evidence.

7   Siegel additionally objects to this request to the extent that it seeks communications

8   or items protected by the attorney-client privilege, the attorney work product

9   doctrine and any other privilege or immunity available under law or arising from

10  contractual obligation.  Subject to and without waiving the foregoing, and the

11  general and specific objections, Siegel will produce responsive documents

12  consistent with her understanding of this request, if any, that are not privileged and

13  not subject to the parties' JAMS Confidentiality Agreement, provided that such

14  production is based upon a stipulation signed by the parties and the Court

15  concerning the obligations of the parties to log privileged documents.

16  **Document Request No. 5**

17       All agreements between or among YOU and the SHUSTER HEIRS

18  regarding the SHUSTER HEIRS' purported rights in SUPERMAN and/or

19  SUPERBOY.

20  **Response to Document Request No. 5**

21       In addition to the General Objections, which are incorporated herein by this

22  reference, Siegel specifically objects to this request on the ground that the

23  underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

24  12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

25  statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

26  greatly narrow the issues.  *See* General Objection ¶ 1, *supra*.  Siegel further objects

27  to this request to the extent that it is relevant only to DC's Third through Sixth state

28  law claims as such discovery should be stayed during the pendency of Defendants'

-75-

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

anti-SLAPP motion and because the Third Claim does not exist as a matter of law. *See* General Objection ¶ 2, *supra*. Siegel further objects to this request to the extent it seeks any privileged documents concerning any Collective Bargaining between the Shusters and Siegels and because Plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3, *supra*.

In addition to the above, Siegel objects to this request on the grounds that it is compound, duplicative, overbroad, burdensome and oppressive. Siegel objects to this request on the grounds that the phrase "SHUSTER HEIRS' purported rights" is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response. Siegel further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Siegel further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Siegel additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing, and the general and specific objections, Siegel will produce responsive documents consistent with her understanding of this request, if any, that are not privileged and not subject to the parties' JAMS Confidentiality Agreement, provided that such production is based upon a stipulation signed by the parties and the Court concerning the obligations of the parties to log privileged documents.

**Document Request No. 6**

All DOCUMENTS relating to or affecting the ability of YOU or the SIEGEL HEIRS to negotiate or enter into agreements regarding SUPERMAN and/or SUPERBOY.

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

**<u>Response to Document Request No. 6</u>**

In addition to the General Objections, which are incorporated herein by this reference, Siegel specifically objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. *See* General Objection ¶ 1, *supra*. Siegel further objects to this request to the extent that it is relevant only to DC's Third through Sixth state law claims as such discovery should be stayed during the pendency of Defendants' anti-SLAPP motion and because the Third Claim does not exist as a matter of law. *See* General Objection ¶ 2, *supra*. Siegel further objects to this request to the extent it seeks any privileged documents concerning any Collective Bargaining between the Shusters and Siegels and because Plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3, *supra*.

In addition to the above, Siegel objects to this request on the grounds that it is compound, duplicative, overbroad, burdensome and oppressive. Siegel further objects to this request on the grounds that the phrase "<u>affecting the ability of YOU or the SIEGEL HEIRS to negotiate or enter into agreements regarding SUPERMAN and/or SUPERBOY</u>" is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response. Siegel further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Siegel further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Siegel additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1   Subject to and without waiving the foregoing, and the general and specific

2   objections, Siegel will produce responsive documents consistent with her

3   understanding of this request, if any, that are not privileged and not subject to the

4   parties' JAMS Confidentiality Agreement, provided that such production is based

5   upon a stipulation signed by the parties and the Court concerning the obligations of

6   the parties to log privileged documents.

7   **Document Request No. 7**

8       All DOCUMENTS relating to or affecting the ability of the SHUSTER

9   HEIRS to negotiate or enter into agreements regarding SUPERMAN and/or

10  SUPERBOY.

11  **Response to Document Request No. 7**

12      In addition to the General Objections, which are incorporated herein by this

13  reference, Siegel specifically objects to this request on the ground that the

14  underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

15  12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

16  statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

17  greatly narrow the issues. *See* General Objection ¶ 1, *supra*. Siegel further objects

18  to this request to the extent that it is relevant only to DC's Third through Sixth state

19  law claims as such discovery should be stayed during the pendency of Defendants'

20  anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

21  *See* General Objection ¶ 2, *supra*. Siegel further objects to this request to the extent

22  it seeks any privileged documents concerning any Collective Bargaining between

23  the Shusters and Siegels and because Plaintiff's use of such information violates the

24  parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3,

25  *supra*.

26      In addition to the above, Siegel objects to this request on the grounds that it

27  is compound, duplicative, overbroad, burdensome and oppressive. Siegel further

28  objects to this request on the grounds that the phrase "affecting the ability of the

-78-

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1  SHUSTER HEIRS to negotiate or enter into agreements regarding SUPERMAN

2  and/or SUPERBOY" is vague and ambiguous, and lacks sufficient precision to

3  allow her to formulate an appropriate response.  Siegel further objects to this

4  request on the grounds that it is indefinite as to time and not reasonably limited in

5  scope.  Siegel further objects to this request to the extent that it seeks the

6  production of any item, or portion thereof, which is not reasonably calculated to

7  lead to the discovery of relevant and admissible evidence.  Siegel additionally

8  objects to this request to the extent that it seeks communications or items protected

9  by the attorney-client privilege, the attorney work product doctrine and any other

10  privilege or immunity available under law or arising from contractual obligation.

11  Subject to and without waiving the foregoing, and the general and specific

12  objections, Siegel will produce responsive documents consistent with her

13  understanding of this request, if any, that are not privileged and not subject to the

14  parties' JAMS Confidentiality Agreement, provided that such production is based

15  upon a stipulation signed by the parties and the Court concerning the obligations of

16  the parties to log privileged documents.

17  **Document Request No. 8**

18      All DOCUMENTS relating to or affecting the disposition, division, or

19  ownership of any rights in SUPERMAN and/or SUPERBOY.

20  **Response to Document Request No. 8**

21      In addition to the General Objections, which are incorporated herein by this

22  reference, Siegel specifically objects to this request on the ground that the

23  underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

24  12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

25  statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

26  greatly narrow the issues.  *See* General Objection ¶ 1, *supra*.  Siegel further objects

27  to this request to the extent that it is relevant only to DC's Third through Sixth state

28  law claims as such discovery should be stayed during the pendency of Defendants'

-79-

anti-SLAPP motion and because the Third Claim does not exist as a matter of law. *See* General Objection ¶ 2, *supra*.  Siegel further objects to this request to the extent it seeks any privileged documents concerning any Collective Bargaining between the Shusters and Siegels and because Plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3, *supra*.

In addition to the above, Siegel objects to this request on the grounds that it is compound, duplicative, overbroad, burdensome and oppressive.  Siegel further objects to this request on the grounds that the phrase "affecting the disposition, division, or ownership of" is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response.  Siegel further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope.  Siegel further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence.  Siegel additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing, and the general and specific objections, Siegel will produce responsive documents consistent with her understanding of this request, if any, that are not privileged and not subject to the parties' JAMS Confidentiality Agreement, provided that such production is based upon a stipulation signed by the parties and the Court concerning the obligations of the parties to log privileged documents.

**Document Request No. 9**

All DOCUMENTS relating to or affecting the division of revenue, proceeds, or other profits regarding SUPERMAN and/or SUPERBOY.

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

**Response to Document Request No. 9**

In addition to the General Objections, which are incorporated herein by this reference, Siegel specifically objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. *See* General Objection ¶ 1, *supra*. Siegel further objects to this request to the extent that it is relevant only to DC's Third through Sixth state law claims as such discovery should be stayed during the pendency of Defendants' anti-SLAPP motion and because the Third Claim does not exist as a matter of law. *See* General Objection ¶ 2, *supra*. Siegel further objects to this request to the extent it seeks any privileged documents concerning any Collective Bargaining between the Shusters and Siegels and because Plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3, *supra*.

In addition to the above, Siegel objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive. Siegel further objects to this request on the grounds that the phrase "affecting the division of" is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response. Siegel further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Siegel further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Siegel additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing, and the general and specific objections, Siegel will produce responsive documents

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1  consistent with her understanding of this request, if any, that are not privileged and

2  not subject to the parties' JAMS Confidentiality Agreement, provided that such

3  production is based upon a stipulation signed by the parties and the Court

4  concerning the obligations of the parties to log privileged documents.

5  **Document Request No. 10**

6    All DOCUMENTS relating to or affecting the division of any settlement

7  proceeds regarding SUPERMAN and/or SUPERBOY.

8  **Response to Document Request No. 10**

9    In addition to the General Objections, which are incorporated herein by this

10  reference, Siegel specifically objects to this request on the ground that the

11  underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

12  12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

13  statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

14  greatly narrow the issues. *See* General Objection ¶ 1, *supra*.  Siegel further objects

15  to this request to the extent that it is relevant only to DC's Third through Sixth state

16  law claims as such discovery should be stayed during the pendency of Defendants'

17  anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

18  *See* General Objection ¶ 2, *supra*.  Siegel further objects to this request to the extent

19  it seeks any privileged documents concerning any Collective Bargaining between

20  the Shusters and Siegels and because Plaintiff's use of such information violates the

21  parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3,

22  *supra*.

23    In addition to the above, Siegel objects to this request on the grounds that it

24  is compound, duplicative, overbroad, burdensome and oppressive.  Siegel further

25  objects to this request on the grounds that the phrase "affecting the division of" is

26  vague and ambiguous, and lacks sufficient precision to allow her to formulate an

27  appropriate response.  Siegel further objects to this request on the grounds that it is

28  indefinite as to time and not reasonably limited in scope.  Siegel further objects to

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

EXHIBIT R
271

1  this request to the extent that it seeks the production of any item, or portion thereof,

2  which is not reasonably calculated to lead to the discovery of relevant and

3  admissible evidence.  Siegel additionally objects to this request to the extent that it

4  seeks communications or items protected by the attorney-client privilege, the

5  attorney work product doctrine and any other privilege or immunity available under

6  law or arising from contractual obligation.  Subject to and without waiving the

7  foregoing, and the general and specific objections, Siegel will produce responsive

8  documents consistent with her understanding of this request, if any, that are not

9  privileged and not subject to the parties' JAMS Confidentiality Agreement,

10  provided that such production is based upon a stipulation signed by the parties and

11  the Court concerning the obligations of the parties to log privileged documents.

12  **Document Request No. 11**

13      All DOCUMENTS relating to the potential sale, assignment, license, or other

14  disposition of any rights relating to SUPERMAN and/or SUPERBOY, including

15  but not limited to any solicitation, offer, option, or proposed agreement.

16  **Response to Document Request No. 11**

17      In addition to the General Objections, which are incorporated herein by this

18  reference, Siegel specifically objects to this request on the ground that the

19  underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

20  12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

21  statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

22  greatly narrow the issues.  *See* General Objection ¶ 1, *supra*.  Siegel further objects

23  to this request to the extent that it is relevant only to DC's Third through Sixth state

24  law claims as such discovery should be stayed during the pendency of Defendants'

25  anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

26  *See* General Objection ¶ 2, *supra*.  Siegel further objects to this request to the extent

27  it seeks any privileged documents concerning any Collective Bargaining between

28  the Shusters and Siegels and because Plaintiff's use of such information violates the

-83-

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1    parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3,

2    *supra*.

3          In addition to the above, Siegel objects to this request on the grounds that it

4    is compound, duplicative, overbroad, burdensome and oppressive.  Siegel further

5    objects to this request on the grounds that the phrase "potential sale, assignment,

6    license, or other disposition of any rights" is vague and ambiguous, and lacks

7    sufficient precision to allow her to formulate an appropriate response.  Siegel

8    further objects to this request on the grounds that it is indefinite as to time and not

9    reasonably limited in scope.  Siegel further objects to this request to the extent that

10   it seeks the production of any item, or portion thereof, which is not reasonably

11   calculated to lead to the discovery of relevant and admissible evidence.  Siegel

12   additionally objects to this request to the extent that it seeks communications or

13   items protected by the attorney-client privilege, the attorney work product doctrine

14   and any other privilege or immunity available under law or arising from contractual

15   obligation.  Subject to and without waiving the foregoing, and the general and

16   specific objections, Siegel will produce responsive documents consistent with her

17   understanding of this request, if any, that are not privileged and not subject to the

18   parties' JAMS Confidentiality Agreement, provided that such production is based

19   upon a stipulation signed by the parties and the Court concerning the obligations of

20   the parties to log privileged documents.

21   **Document Request No. 12**

22         All DOCUMENTS relating to the valuation of any past, current, or potential

23   ownership interest in SUPERMAN and/or SUPERBOY.

24   **Response to Document Request No. 12**

25         In addition to the General Objections, which are incorporated herein by this

26   reference, Siegel specifically objects to this request on the ground that the

27   underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

28   12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

-84-

1   statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

2   greatly narrow the issues.  *See* General Objection ¶ 1, *supra*.  Siegel further objects

3   to this request to the extent that it is relevant only to DC's Third through Sixth state

4   law claims as such discovery should be stayed during the pendency of Defendants'

5   anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

6   *See* General Objection ¶ 2, *supra*.  Siegel further objects to this request to the extent

7   it seeks any privileged documents concerning any Collective Bargaining between

8   the Shusters and Siegels and because Plaintiff's use of such information violates the

9   parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3,

10  *supra*.

11          In addition to the above, Siegel objects to this request on the grounds that it

12  is compound, overbroad, burdensome and oppressive.  Siegel further objects to this

13  request on the grounds that the phrase <u>"relating to the valuation of any past, current,</u>

14  <u>or potential ownership interest in SUPERMAN and/or SUPERBOY"</u> is vague and

15  ambiguous, and lacks sufficient precision to allow her to formulate an appropriate

16  response.  Siegel further objects to this request on the grounds that it is indefinite as

17  to time and not reasonably limited in scope.  Siegel further objects to this request to

18  the extent that it seeks the production of any item, or portion thereof, which is not

19  reasonably calculated to lead to the discovery of relevant and admissible evidence.

20  Siegel additionally objects to this request to the extent that it seeks communications

21  or items protected by the attorney-client privilege, the attorney work product

22  doctrine and any other privilege or immunity available under law or arising from

23  contractual obligation.  Subject to and without waiving the foregoing, and the

24  general and specific objections, Siegel will produce responsive non-privileged

25  documents consistent with her understanding of this request, if any, provided that

26  such production is based upon a stipulation signed by the parties and the Court

27  concerning the obligations of the parties to log privileged documents.

28

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

EXHIBIT R
274

1    **Document Request No. 13**

2       All DOCUMENTS relating to the introduction of YOU or the SIEGEL

3    HEIRS to any DEFENDANT.

4    **Response to Document Request No. 13**

5       In addition to the General Objections, which are incorporated herein by this

6    reference, Siegel specifically objects to this request on the ground that the

7    underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

8    12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

9    statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

10   greatly narrow the issues. *See* General Objection ¶ 1, *supra*.  Siegel further objects

11   to this request to the extent that it is relevant only to DC's Third through Sixth state

12   law claims as such discovery should be stayed during the pendency of Defendants'

13   anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

14   *See* General Objection ¶ 2, *supra*.  Siegel further objects to this request to the extent

15   it seeks any privileged documents concerning any Collective Bargaining between

16   the Shusters and Siegels and because Plaintiff's use of such information violates the

17   parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3,

18   *supra*.

19       In addition to the above, Siegel objects to this request on the grounds that it

20   is duplicative, overbroad, burdensome and oppressive.  Siegel further objects to this

21   request on the grounds that the phrase "introduction of YOU or the SIEGEL HEIRS

22   to any DEFENDANT" is vague and ambiguous, and lacks sufficient precision to

23   allow her to formulate an appropriate response.  Siegel further objects to this

24   request on the grounds that it is indefinite as to time and not reasonably limited in

25   scope.  Siegel further objects to this request to the extent that it seeks the

26   production of any item, or portion thereof, which is not reasonably calculated to

27   lead to the discovery of relevant and admissible evidence.  Siegel additionally

28   objects to this request to the extent that it seeks communications or items protected

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

EXHIBIT R
275

1  by the attorney-client privilege, the attorney work product doctrine and any other

2  privilege or immunity available under law or arising from contractual obligation.

3  Subject to and without waiving the foregoing, and the general and specific

4  objections, Siegel will produce responsive non-privileged documents consistent

5  with her understanding of this request, if any, provided that such production is

6  based upon a stipulation signed by the parties and the Court concerning the

7  obligations of the parties to log privileged documents.

8  **Document Request No. 14**

9      All DOCUMENTS relating to the October 16, 2001 COMMUNICATION

10  between Kevin Marks and John Schulman.

11  **Response to Document Request No. 14**

12      In addition to the General Objections, which are incorporated herein by this

13  reference, Siegel specifically objects to this request on the ground that the

14  underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

15  12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

16  statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

17  greatly narrow the issues. *See* General Objection ¶ 1, *supra*.  Siegel further objects

18  to this request to the extent that it is relevant only to DC's Third through Sixth state

19  law claims as such discovery should be stayed during the pendency of Defendants'

20  anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

21  *See* General Objection ¶ 2, *supra*.  Siegel further objects to this request to the extent

22  it seeks any privileged documents concerning any Collective Bargaining between

23  the Shusters and Siegels and because Plaintiff's use of such information violates the

24  parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3,

25  *supra*.

26      In addition to the above, Siegel objects to this request on the grounds that it

27  is overbroad, duplicative, burdensome and oppressive.  Siegel further objects to this

28  request on the grounds that it is vague and ambiguous, and lacks sufficient

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1   precision to allow her to formulate an appropriate response.  Siegel further objects

2   to this request on the grounds that it is indefinite as to time and not reasonably

3   limited in scope.  Siegel further objects to this request to the extent that it seeks the

4   production of any item, or portion thereof, which is not reasonably calculated to

5   lead to the discovery of relevant and admissible evidence.  Siegel additionally

6   objects to this request to the extent that it seeks communications or items protected

7   by the attorney-client privilege, the attorney work product doctrine and any other

8   privilege or immunity available under law or arising from contractual obligation.

9   Subject to and without waiving the foregoing, and the general and specific

10  objections, Siegel will produce responsive non-privileged documents consistent

11  with her understanding of this request, if any, provided that such production is

12  based upon a stipulation signed by the parties and the Court concerning the

13  obligations of the parties to log privileged documents.

14  **Document Request No. 15**

15      All DOCUMENTS relating to the October 19, 2002 letter from Kevin Marks

16  to John Schulman confirming that the SIEGEL HEIRS "accepted D.C. Comics'

17  offer of October 16, 2001."

18  **Response to Document Request No. 15**

19      In addition to the General Objections, which are incorporated herein by this

20  reference, Siegel specifically objects to this request on the ground that the

21  underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

22  12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

23  statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

24  greatly narrow the issues.  *See* General Objection ¶ 1, *supra*.  Siegel further objects

25  to this request to the extent that it is relevant only to DC's Third through Sixth state

26  law claims as such discovery should be stayed during the pendency of Defendants'

27  anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

28  *See* General Objection ¶ 2, *supra*.  Siegel further objects to this request to the extent

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1    it seeks any privileged documents concerning any Collective Bargaining between

2    the Shusters and Siegels and because Plaintiff's use of such information violates the

3    parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3,

4    *supra*.

5        In addition to the above, Siegel objects to this request on the grounds that it

6    is overbroad, duplicative, burdensome and oppressive.  Siegel further objects to this

7    request on the grounds that it is vague and ambiguous, and lacks sufficient

8    precision to allow her to formulate an appropriate response.  Siegel further objects

9    to this request on the grounds that it is indefinite as to time and not reasonably

10   limited in scope.  Siegel further objects to this request to the extent that it seeks the

11   production of any item, or portion thereof, which is not reasonably calculated to

12   lead to the discovery of relevant and admissible evidence.  Siegel additionally

13   objects to Plaintiff's characterization of the document as well as Plaintiff's

14   interpretation of its legal meaning.  Siegel additionally objects to this request to the

15   extent that it seeks communications or items protected by the attorney-client

16   privilege, the attorney work product doctrine and any other privilege or immunity

17   available under law or arising from contractual obligation.  Subject to and without

18   waiving the foregoing, and the general and specific objections, Siegel will produce

19   responsive non-privileged documents consistent with her understanding of this

20   request, if any, provided that such production is based upon a stipulation signed by

21   the parties and the Court concerning the obligations of the parties to log privileged

22   documents.

23   **Document Request No. 16**

24       All DOCUMENTS relating to the October 26, 2001 letter from DC Comics

25   to the SIEGEL HEIRS

26   **Response to Document Request No. 16**

27       In addition to the General Objections, which are incorporated herein by this

28   reference, Siegel specifically objects to this request on the ground that the

-89-

1    underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

2    12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

3    statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

4    greatly narrow the issues. *See* General Objection ¶ 1, *supra*.  Siegel further objects

5    to this request to the extent that it is relevant only to DC's Third through Sixth state

6    law claims as such discovery should be stayed during the pendency of Defendants'

7    anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

8    *See* General Objection ¶ 2, *supra*.  Siegel further objects to this request to the extent

9    it seeks any privileged documents concerning any Collective Bargaining between

10    the Shusters and Siegels and because Plaintiff's use of such information violates the

11    parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3,

12    *supra*.

13        In addition to the above, Siegel objects to this request on the grounds that it

14    is overbroad, duplicative, burdensome and oppressive.  Siegel further objects to this

15    request on the grounds that it is vague and ambiguous, and lacks sufficient

16    precision to allow her to formulate an appropriate response.  Siegel further objects

17    to this request on the grounds that it is indefinite as to time and not reasonably

18    limited in scope.  Siegel further objects to this request to the extent that it seeks the

19    production of any item, or portion thereof, which is not reasonably calculated to

20    lead to the discovery of relevant and admissible evidence.  Siegel additionally

21    objects to this request to the extent that it seeks communications or items protected

22    by the attorney-client privilege, the attorney work product doctrine and any other

23    privilege or immunity available under law or arising from contractual obligation.

24    Subject to and without waiving the foregoing, and the general and specific

25    objections, Siegel will produce responsive non-privileged documents consistent

26    with her understanding of this request, if any, provided that such production is

27    based upon a stipulation signed by the parties and the Court concerning the

28    obligations of the parties to log privileged documents.

-90-

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

**Document Request No. 17**

All DOCUMENTS relating to the November 29, 2001 COMMUNICATION between DEFENDANT Marc Toberoff and Kevin Marks regarding the SIEGEL HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 17**

In addition to the General Objections, which are incorporated herein by this reference, Siegel specifically objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. *See* General Objection ¶ 1, *supra*. Siegel further objects to this request to the extent that it is relevant only to DC's Third through Sixth state law claims as such discovery should be stayed during the pendency of Defendants' anti-SLAPP motion and because the Third Claim does not exist as a matter of law. *See* General Objection ¶ 2, *supra*. Siegel further objects to this request to the extent it seeks any privileged documents concerning any Collective Bargaining between the Shusters and Siegels and because Plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3, *supra*.

In addition to the above, Siegel objects to this request on the grounds that it is overbroad, duplicative, burdensome and oppressive. Siegel further objects to this request on the grounds that it is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response. Siegel further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Siegel further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Siegel additionally objects to Plaintiff's characterization of the document as well as Plaintiff's

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1  interpretation of its legal meaning.  Siegel additionally objects to this request to the

2  extent that it seeks communications or items protected by the attorney-client

3  privilege, the attorney work product doctrine and any other privilege or immunity

4  available under law or arising from contractual obligation.  Subject to and without

5  waiving the foregoing, and the general and specific objections, Siegel will produce

6  responsive non-privileged documents consistent with her understanding of this

7  request, if any, provided that such production is based upon a stipulation signed by

8  the parties and the Court concerning the obligations of the parties to log privileged

9  documents.

10  **Document Request No. 18**

11    All DOCUMENTS relating to the February 1, 2002 letter from Patrick

12  Perkins to the SIEGEL HEIRS.

13  **Response to Document Request No. 18**

14    In addition to the General Objections, which are incorporated herein by this

15  reference, Siegel specifically objects to this request on the ground that the

16  underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

17  12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

18  statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

19  greatly narrow the issues.  *See* General Objection ¶ 1, *supra*.  Siegel further objects

20  to this request to the extent that it is relevant only to DC's Third through Sixth state

21  law claims as such discovery should be stayed during the pendency of Defendants'

22  anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

23  *See* General Objection ¶ 2, *supra*.  Siegel further objects to this request to the extent

24  it seeks any privileged documents concerning any Collective Bargaining between

25  the Shusters and Siegels and because Plaintiff's use of such information violates the

26  parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3,

27  *supra*.

28    In addition to the above, Siegel objects to this request on the grounds that it

-92-

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1   is overbroad, duplicative, burdensome and oppressive.  Siegel further objects to this

2   request on the grounds that it is vague and ambiguous, and lacks sufficient

3   precision to allow her to formulate an appropriate response.  Siegel further objects

4   to this request on the grounds that it is indefinite as to time and not reasonably

5   limited in scope.  Siegel further objects to this request to the extent that it seeks the

6   production of any item, or portion thereof, which is not reasonably calculated to

7   lead to the discovery of relevant and admissible evidence.  Siegel additionally

8   objects to this request to the extent that it seeks communications or items protected

9   by the attorney-client privilege, the attorney work product doctrine and any other

10  privilege or immunity available under law or arising from contractual obligation.

11  Subject to and without waiving the foregoing, and the general and specific

12  objections, Siegel will produce responsive non-privileged documents consistent

13  with her understanding of this request, if any, provided that such production is

14  based upon a stipulation signed by the parties and the Court concerning the

15  obligations of the parties to log privileged documents.

16  **Document Request No. 19**

17      All DOCUMENTS relating to the February 6, 2002 COMMUNICATION

18  between DEFENDANT Marc Toberoff and Kevin Marks regarding the SIEGEL

19  HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

20  **Response to Document Request No. 19**

21      In addition to the General Objections, which are incorporated herein by this

22  reference, Siegel specifically objects to this request on the ground that the

23  underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

24  12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

25  statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

26  greatly narrow the issues.  *See* General Objection ¶ 1, *supra*.  Siegel further objects

27  to this request to the extent that it is relevant only to DC's Third through Sixth state

28  law claims as such discovery should be stayed during the pendency of Defendants'

-93-

1  anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

2  *See* General Objection ¶ 2, *supra*.  Siegel further objects to this request to the extent

3  it seeks any privileged documents concerning any Collective Bargaining between

4  the Shusters and Siegels and because Plaintiff's use of such information violates the

5  parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3,

6  *supra*.

7          In addition to the above, Siegel objects to this request on the grounds that it

8  is overbroad, duplicative, burdensome and oppressive.  Siegel further objects to this

9  request on the grounds that it is vague and ambiguous, and lacks sufficient

10  precision to allow her to formulate an appropriate response.  Siegel further objects

11  to this request on the grounds that it is indefinite as to time and not reasonably

12  limited in scope.  Siegel further objects to this request to the extent that it seeks the

13  production of any item, or portion thereof, which is not reasonably calculated to

14  lead to the discovery of relevant and admissible evidence.  Siegel additionally

15  objects to Plaintiff's characterization of the communication as well as Plaintiff's

16  interpretation of its legal meaning.  Siegel additionally objects to this request to the

17  extent that it seeks communications or items protected by the attorney-client

18  privilege, the attorney work product doctrine and any other privilege or immunity

19  available under law or arising from contractual obligation.  Subject to and without

20  waiving the foregoing, and the general and specific objections, Siegel will produce

21  responsive non-privileged documents consistent with her understanding of this

22  request, if any, provided that such production is based upon a stipulation signed by

23  the parties and the Court concerning the obligations of the parties to log privileged

24  documents.

25  **Document Request No. 20**

26          All DOCUMENTS relating to the February 2002 COMMUNICATION

27  between DEFENDANT Marc Toberoff and Warner Bros. executive Steven Spira

28  regarding the rights in SUPERMAN and/or SUPERBOY.

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1    **Response to Document Request No. 20**

2        In addition to the General Objections, which are incorporated herein by this

3    reference, Siegel specifically objects to this request on the ground that the

4    underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

5    12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

6    statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

7    greatly narrow the issues. *See* General Objection ¶ 1, *supra*. Siegel further objects

8    to this request to the extent that it is relevant only to DC's Third through Sixth state

9    law claims as such discovery should be stayed during the pendency of Defendants'

10   anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

11   *See* General Objection ¶ 2, *supra*. Siegel further objects to this request to the extent

12   it seeks any privileged documents concerning any Collective Bargaining between

13   the Shusters and Siegels and because Plaintiff's use of such information violates the

14   parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3,

15   *supra*.

16       In addition to the above, Siegel objects to this request on the grounds that it

17   is overbroad, duplicative, burdensome and oppressive. Siegel further objects to this

18   request on the grounds that it is vague and ambiguous, and lacks sufficient

19   precision to allow her to formulate an appropriate response. Siegel further objects

20   to this request on the grounds that it is indefinite as to time and not reasonably

21   limited in scope. Siegel further objects to this request to the extent that it seeks the

22   production of any item, or portion thereof, which is not reasonably calculated to

23   lead to the discovery of relevant and admissible evidence. Siegel additionally

24   objects to Plaintiff's characterization of this purported communication as well as

25   Plaintiff's interpretation of its legal meaning. Siegel additionally objects to this

26   request to the extent that it seeks communications or items protected by the

27   attorney-client privilege, the attorney work product doctrine and any other privilege

28   or immunity available under law or arising from contractual obligation. Subject to

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1    and without waiving the foregoing, and the general and specific objections, Siegel

2    will produce responsive non-privileged documents consistent with her

3    understanding of this request, if any, provided that such production is based upon a

4    stipulation signed by the parties and the Court concerning the obligations of the

5    parties to log privileged documents.

6    **Document Request No. 21**

7        All DOCUMENTS relating to the May 9, 2002 letter from DEFENDANT

8    Joanne Siegel to Time Warner, Inc.

9    **Response to Document Request No. 21**

10       In addition to the General Objections, which are incorporated herein by this

11   reference, Siegel specifically objects to this request on the ground that the

12   underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

13   12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

14   statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

15   greatly narrow the issues. *See* General Objection ¶ 1, *supra*.  Siegel further objects

16   to this request to the extent that it is relevant only to DC's Third through Sixth state

17   law claims as such discovery should be stayed during the pendency of Defendants'

18   anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

19   *See* General Objection ¶ 2, *supra*.  Siegel further objects to this request to the extent

20   it seeks any privileged documents concerning any Collective Bargaining between

21   the Shusters and Siegels and because Plaintiff's use of such information violates the

22   parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3,

23   *supra*.

24       In addition to the above, Siegel objects to this request on the grounds that it

25   is overbroad, duplicative, burdensome and oppressive.  Siegel further objects to this

26   request on the grounds that it is vague and ambiguous, and lacks sufficient

27   precision to allow her to formulate an appropriate response.  Siegel further objects

28   to this request on the grounds that it is indefinite as to time and not reasonably

-96-

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1  limited in scope.  Siegel further objects to this request to the extent that it seeks the

2  production of any item, or portion thereof, which is not reasonably calculated to

3  lead to the discovery of relevant and admissible evidence.  Siegel additionally

4  objects to this request to the extent that it seeks communications or items protected

5  by the attorney-client privilege, the attorney work product doctrine and any other

6  privilege or immunity available under law or arising from contractual obligation.

7  Subject to and without waiving the foregoing, and the general and specific

8  objections, Siegel will produce responsive non-privileged documents consistent

9  with her understanding of this request, if any, provided that such production is

10  based upon a stipulation signed by the parties and the Court concerning the

11  obligations of the parties to log privileged documents.

12  **Document Request No. 22**

13      All DOCUMENTS relating to the May 21, 2002 letter from Richard Parsons

14  of Time Warner Inc. to DEFENDANT Joanne Siegel.

15  **Response to Document Request No. 22**

16      In addition to the General Objections, which are incorporated herein by this

17  reference, Siegel specifically objects to this request on the ground that the

18  underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

19  12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

20  statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

21  greatly narrow the issues.  *See* General Objection ¶ 1, *supra*.  Siegel further objects

22  to this request to the extent that it is relevant only to DC's Third through Sixth state

23  law claims as such discovery should be stayed during the pendency of Defendants'

24  anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

25  *See* General Objection ¶ 2, *supra*.  Siegel further objects to this request to the extent

26  it seeks any privileged documents concerning any Collective Bargaining between

27  the Shusters and Siegels and because Plaintiff's use of such information violates the

28  parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3,

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

EXHIBIT R

1    *supra*.

2         In addition to the above, Siegel objects to this request on the grounds that it

3    is overbroad, duplicative, burdensome and oppressive.  Siegel further objects to this

4    request on the grounds that it is vague and ambiguous, and lacks sufficient

5    precision to allow her to formulate an appropriate response.  Siegel further objects

6    to this request on the grounds that it is indefinite as to time and not reasonably

7    limited in scope.  Siegel further objects to this request to the extent that it seeks the

8    production of any item, or portion thereof, which is not reasonably calculated to

9    lead to the discovery of relevant and admissible evidence.  Siegel additionally

10   objects to this request to the extent that it seeks communications or items protected

11   by the attorney-client privilege, the attorney work product doctrine and any other

12   privilege or immunity available under law or arising from contractual obligation.

13   Subject to and without waiving the foregoing, and the general and specific

14   objections, Siegel will produce responsive non-privileged documents consistent

15   with her understanding of this request, if any, provided that such production is

16   based upon a stipulation signed by the parties and the Court concerning the

17   obligations of the parties to log privileged documents.

18   **Document Request No. 23**

19        All DOCUMENTS relating to any solicitation, offer, or option from any

20   DEFENDANT regarding the purported rights of YOU or the SIEGEL HEIRS in

21   SUPERMAN and/or SUPERBOY.

22   **Response to Document Request No. 23**

23        In addition to the General Objections, which are incorporated herein by this

24   reference, Siegel specifically objects to this request on the ground that the

25   underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

26   12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

27   statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

28   greatly narrow the issues.  *See* General Objection ¶ 1, *supra*.  Siegel further objects

-98-

1  to this request to the extent that it is relevant only to DC's Third through Sixth state

2  law claims as such discovery should be stayed during the pendency of Defendants'

3  anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

4  *See* General Objection ¶ 2, *supra*.  Siegel further objects to this request to the extent

5  it seeks any privileged documents concerning any Collective Bargaining between

6  the Shusters and Siegels and because Plaintiff's use of such information violates the

7  parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3,

8  *supra*.

9          In addition to the above, Siegel objects to this request on the grounds that it

10  is overbroad, burdensome and oppressive.  Siegel further objects to this request on

11  the grounds that the phrase "purported rights" is vague and ambiguous, and lacks

12  sufficient precision to allow her to formulate an appropriate response.  Siegel

13  further objects to this request on the grounds that it is indefinite as to time and not

14  reasonably limited in scope.  Siegel further objects to this request to the extent that

15  it seeks the production of any item, or portion thereof, which is not reasonably

16  calculated to lead to the discovery of relevant and admissible evidence.  Siegel

17  additionally objects to this request to the extent that it seeks communications or

18  items protected by the attorney-client privilege, the attorney work product doctrine

19  and any other privilege or immunity available under law or arising from contractual

20  obligation.  Subject to and without waiving the foregoing, and the general and

21  specific objections, Siegel will produce responsive non-privileged documents

22  consistent with her understanding of this request, if any, provided that such

23  production is based upon a stipulation signed by the parties and the Court

24  concerning the obligations of the parties to log privileged documents.

25  **Document Request No. 24**

26          All DOCUMENTS relating to the September 21, 2002 letter from YOU to

27  Kevin Marks.

28

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1    **Response to Document Request No. 24**

2         In addition to the General Objections, which are incorporated herein by this

3    reference, Siegel specifically objects to this request on the ground that the

4    underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

5    12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

6    statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

7    greatly narrow the issues. *See* General Objection ¶ 1, *supra*. Siegel further objects

8    to this request to the extent that it is relevant only to DC's Third through Sixth state

9    law claims as such discovery should be stayed during the pendency of Defendants'

10   anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

11   *See* General Objection ¶ 2, *supra*. Siegel further objects to this request to the extent

12   it seeks any privileged documents concerning any Collective Bargaining between

13   the Shusters and Siegels and because Plaintiff's use of such information violates the

14   parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3,

15   *supra*.

16        In addition to the above, Siegel objects to this request on the grounds that it

17   is overbroad, duplicative, burdensome and oppressive. Siegel further objects to this

18   request on the grounds that it is vague and ambiguous, and lacks sufficient

19   precision to allow her to formulate an appropriate response. Siegel further objects

20   to this request on the grounds that it is indefinite as to time and not reasonably

21   limited in scope. Siegel further objects to this request to the extent that it seeks the

22   production of any item, or portion thereof, which is not reasonably calculated to

23   lead to the discovery of relevant and admissible evidence. Siegel additionally

24   objects to this request to the extent that it seeks communications or items protected

25   by the attorney-client privilege, the attorney work product doctrine and any other

26   privilege or immunity available under law or arising from contractual obligation.

27   Subject to and without waiving the foregoing, and the general and specific

28   objections, Siegel will produce responsive non-privileged documents consistent

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

EXHIBIT R
289

1  with her understanding of this request, if any, provided that such production is

2  based upon a stipulation signed by the parties and the Court concerning the

3  obligations of the parties to log privileged documents.

4  **Document Request No. 25**

5  All DOCUMENTS relating to the September 21, 2002 letter from YOU to

6  DC Comics.

7  **Response to Document Request No. 25**

8  In addition to the General Objections, which are incorporated herein by this

9  reference, Siegel specifically objects to this request on the ground that the

10  underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

11  12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

12  statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

13  greatly narrow the issues. *See* General Objection ¶ 1, *supra*. Siegel further objects

14  to this request to the extent that it is relevant only to DC's Third through Sixth state

15  law claims as such discovery should be stayed during the pendency of Defendants'

16  anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

17  *See* General Objection ¶ 2, *supra*. Siegel further objects to this request to the extent

18  it seeks any privileged documents concerning any Collective Bargaining between

19  the Shusters and Siegels and because Plaintiff's use of such information violates the

20  parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3,

21  *supra*.

22  In addition to the above, Siegel objects to this request on the grounds that it

23  is overbroad, duplicative, burdensome and oppressive. Siegel further objects to this

24  request on the grounds that it is vague and ambiguous, and lacks sufficient

25  precision to allow her to formulate an appropriate response. Siegel further objects

26  to this request on the grounds that it is indefinite as to time and not reasonably

27  limited in scope. Siegel further objects to this request to the extent that it seeks the

28  production of any item, or portion thereof, which is not reasonably calculated to

-101-

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1    lead to the discovery of relevant and admissible evidence.  Siegel additionally

2    objects to this request to the extent that it seeks communications or items protected

3    by the attorney-client privilege, the attorney work product doctrine and any other

4    privilege or immunity available under law or arising from contractual obligation.

5    Subject to and without waiving the foregoing, and the general and specific

6    objections, Siegel will produce responsive non-privileged documents consistent

7    with her understanding of this request, if any, provided that such production is

8    based upon a stipulation signed by the parties and the Court concerning the

9    obligations of the parties to log privileged documents.

10   **Document Request No. 26**

11       All DOCUMENTS relating to the letter agreement dated October 3, 2002

12   that YOU signed with DEFENDANT IP Worldwide, LLC, and any revisions,

13   modifications, or adjustments thereto.

14   **Response to Document Request No. 26**

15       In addition to the General Objections, which are incorporated herein by this

16   reference, Siegel specifically objects to this request on the ground that the

17   underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

18   12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

19   statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

20   greatly narrow the issues.  *See* General Objection ¶ 1, *supra*.  Siegel further objects

21   to this request to the extent that it is relevant only to DC's Third through Sixth state

22   law claims as such discovery should be stayed during the pendency of Defendants'

23   anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

24   *See* General Objection ¶ 2, *supra*.  Siegel further objects to this request to the extent

25   it seeks any privileged documents concerning any Collective Bargaining between

26   the Shusters and Siegels and because Plaintiff's use of such information violates the

27   parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3,

28   *supra*.

-102-

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1    In addition to the above, Siegel objects to this request on the grounds that it

2    is overbroad, duplicative, burdensome and oppressive.  Siegel further objects to this

3    request on the grounds that it is vague and ambiguous, and lacks sufficient

4    precision to allow her to formulate an appropriate response.  Siegel further objects

5    to this request on the grounds that it is indefinite as to time and not reasonably

6    limited in scope.  Siegel further objects to this request to the extent that it seeks the

7    production of any item, or portion thereof, which is not reasonably calculated to

8    lead to the discovery of relevant and admissible evidence.  Siegel additionally

9    objects to this request to the extent that it seeks communications or items protected

10   by the attorney-client privilege, the attorney work product doctrine and any other

11   privilege or immunity available under law or arising from contractual obligation.

12   Subject to and without waiving the foregoing, and the general and specific

13   objections, Siegel will produce responsive non-privileged documents consistent

14   with her understanding of this request, if any, provided that such production is

15   based upon a stipulation signed by the parties and the Court concerning the

16   obligations of the parties to log privileged documents.

17   **Document Request No. 27**

18   All DOCUMENTS relating to the October 28, 2002 letter from YOU to

19   Lillian Laserson of DC Comics.

20   **Response to Document Request No. 27**

21   In addition to the General Objections, which are incorporated herein by this

22   reference, Siegel specifically objects to this request on the ground that the

23   underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

24   12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

25   statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

26   greatly narrow the issues.  *See* General Objection ¶ 1, *supra*.  Siegel further objects

27   to this request to the extent that it is relevant only to DC's Third through Sixth state

28   law claims as such discovery should be stayed during the pendency of Defendants'

-103-

1  anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

2  *See* General Objection ¶ 2, *supra*.  Siegel further objects to this request to the extent

3  it seeks any privileged documents concerning any Collective Bargaining between

4  the Shusters and Siegels and because Plaintiff's use of such information violates the

5  parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3,

6  *supra*.

7          In addition to the above, Siegel objects to this request on the grounds that it

8  is overbroad, duplicative, burdensome and oppressive.  Siegel further objects to this

9  request on the grounds that it is vague and ambiguous, and lacks sufficient

10  precision to allow her to formulate an appropriate response.  Siegel further objects

11  to this request on the grounds that it is indefinite as to time and not reasonably

12  limited in scope.  Siegel further objects to this request to the extent that it seeks the

13  production of any item, or portion thereof, which is not reasonably calculated to

14  lead to the discovery of relevant and admissible evidence.  Siegel additionally

15  objects to this request to the extent that it seeks communications or items protected

16  by the attorney-client privilege, the attorney work product doctrine and any other

17  privilege or immunity available under law or arising from contractual obligation.

18  Subject to and without waiving the foregoing, and the general and specific

19  objections, Siegel will produce responsive non-privileged documents consistent

20  with her understanding of this request, if any, provided that such production is

21  based upon a stipulation signed by the parties and the Court concerning the

22  obligations of the parties to log privileged documents.

23  **Document Request No. 28**

24          All DOCUMENTS relating to the Request of Termination of Transfer

25  Covering Extended Renewal Term: Superboy served on behalf of the SIEGEL

26  HEIRS on or around November 8, 2002.

27  **Response to Document Request No. 28**

28          In addition to the General Objections, which are incorporated herein by this

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1   reference, Siegel specifically objects to this request on the ground that the

2   underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

3   12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

4   statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

5   greatly narrow the issues.  *See* General Objection ¶ 1, *supra*.  Siegel further objects

6   to this request to the extent that it is relevant only to DC's Third through Sixth state

7   law claims as such discovery should be stayed during the pendency of Defendants'

8   anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

9   *See* General Objection ¶ 2, *supra*.  Siegel further objects to this request to the extent

10  it seeks any privileged documents concerning any Collective Bargaining between

11  the Shusters and Siegels and because Plaintiff's use of such information violates the

12  parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3,

13  *supra*.

14          In addition to the above, Siegel objects to this request on the grounds that it

15  is overbroad, duplicative, burdensome and oppressive.  Siegel further objects to this

16  request on the grounds that it is vague and ambiguous, and lacks sufficient

17  precision to allow her to formulate an appropriate response.  Siegel further objects

18  to this request on the grounds that it is indefinite as to time and not reasonably

19  limited in scope.  Siegel further objects to this request to the extent that it seeks the

20  production of any item, or portion thereof, which is not reasonably calculated to

21  lead to the discovery of relevant and admissible evidence.  Siegel additionally

22  objects to this request to the extent that it seeks communications or items protected

23  by the attorney-client privilege, the attorney work product doctrine and any other

24  privilege or immunity available under law or arising from contractual obligation.

25  Subject to and without waiving the foregoing, and the general and specific

26  objections, Siegel will produce responsive non-privileged documents consistent

27  with her understanding of this request, if any, provided that such production is

28

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

based upon a stipulation signed by the parties and the Court concerning the
obligations of the parties to log privileged documents.

C.    **Jean Peavy – Document Requests 1-22 and General and Specific
Objections**

**OBJECTIONS TO THE ENTIRE REQUEST**

Peavy objects to the entire Request on each of the following grounds and
incorporates by reference each of the following objections into his response to each
individual category of documents within it:

1.    Peavy objects to the Request on the ground that the underlying
complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and
(f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal.
Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly
narrow the issues.  These motions have been fully briefed and are set for hearing on
October 18, 2010.  Given the pendency of these dispositive motions, Magistrate
Zarefsky held on September 20, 2010 that deposition discovery was not appropriate
until at least November 15, 2010 to afford Judge Wright time to rule on these
motions.  Magistrate Zarefsky has also indicated that Judge Wright may extend this
deadline if he needs more time to so rule.  Magistrate Zarefsky's rationale for
limiting the burden of discovery until Judge Wright has ruled on these motions
should apply with equal force to document discovery as it does to depositions.

2.    Peavy objects to each individual request within the Request to the
extent it is relevant only to the Fourth through Sixth state law claims for relief in
DC's First Amended Complaint ("FAC").  Defendants contend that their pending
anti-SLAPP motion stays discovery regarding these state law claims.   Magistrate
Zarefsky rejected that argument, apparently based on *Metabolife Int'l., Inc. v.
Wornick*, 264 F.3d 832 (9th Cir. 2001), but Defendants have timely objected to this
ruling pursuant to L.R. 72.2-1.  *See* Docket No. 101.  *Metabolife* is inconsistent
with recent Supreme Court authority *Shady Grove Orthopedic Assocs., P.A. v.*

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

EXHIBIT R
295

1   *Allstate Ins. Co.*, 130 S. Ct. 1431, 1452 (2010) (Stevens, J., concurring), decided

2   this year, and with the Ninth Circuit's decision in *Batzel v. Smith*, 333 F.3d 1018,

3   1024 (9th Cir. 2003). These cases recognize that substantive provisions of state

4   law, such as the anti-SLAPP statute's automatic discovery stay, apply in federal

5   court. *Metabolife* includes no contrary discussion. In light of this, Judge Wright

6   and the Ninth Circuit should be afforded the opportunity to address Defendants'

7   well taken objection on these grounds. *See* Docket No. 101 at 3:20- 5:23. Any

8   response that refers to the planned production of documents is without prejudice to

9   Defendants' right to seek a stay of discovery before the Court, the 9th Circuit, or

10  the Supreme Court.

11          Plaintiff has sought to avoid the force of this automatic stay by

12  contending that the same discovery relates to DC's Third claim for relief ("Third

13  Claim"), which it claims arises under federal copyright law. DC's Third Claim is

14  premised on the false construct that DC purportedly has a right of exclusive

15  negotiation under 17 U.S.C. § 304(c)(6)(D) to settle Defendant's termination claims

16  pursuant to 17 U.S.C. § 304(d). However, the plain language of § 304(c)(6)(D)

17  does not provide a terminated grantee like DC with any such "right," as expressly

18  addressed and recognized in *Bourne Co. v. MPL Commc'ns, Inc.*, 675 F. Supp. 859,

19  865 n.11 (S.D.N.Y. 1987) ("[T]he statute neither compels the terminating party to

20  negotiate with the terminated grantee, nor forbids him from negotiating with

21  anyone else."). *See* Docket Nos. 78 at 4:7-7:27; 100 at 1:17-3:15. The Third Claim

22  does not and cannot exist as a matter of law and thus DC cannot use this

23  manufactured federal claim to avoid the automatic stay provided by the anti-SLAPP

24  motion. CCP § 425.16(g); *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987) (stay

25  of discovery pending motion to dismiss was appropriate where allegations - taken

26  as true - failed to allege requisite elements of statutory cause of action).

27          3.      To the extent the Request seeks documents concerning any agreement

28  between the Shusters and Siegels to act collectively in negotiations with DC

-107-

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1    regarding the settlement of their termination claims ("Collective Bargaining"),

2    Peavy objects on the following grounds:  Such documents concern only the Third

3    through Sixth claims for relief and thus are irrelevant to the First and Second claims

4    that are the only proper subject of discovery at this point in the proceedings.  Any

5    documents that exist relating to Collective Bargaining contain and memorialize

6    attorney-client privileged communications and attorney work product and reveal

7    sensitive settlement strategy that would give DC an unfair advantage.  In addition,

8    any Collective Bargaining documents were prepared in connection with mediation

9    and the use of such information plainly violates the parties' May 1, 2008 JAMS

10   Confidentiality Agreement and the California mediation privilege.  Moreover this

11   disclosure is inconsistent with the policies of FRE 408 and California Evidence

12   Code §§ 1119 *et seq.*; 1152.

13          4.      Peavy objects to the Request on the ground that a motion for entry of

14   judgment pursuant to FRCP 54(b) has been filed in the closely related action

15   *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-CV-

16   8400.  If this motion is granted, such judgment will have collateral estoppel effect

17   on DC, and thereby substantially narrow the duplicative issues raised in the present

18   action.  Accordingly, any discovery should be stayed and documents should not be

19   produced until the Rule 54(b) motion is decided.

20          5.      Peavy objects to the Request to the extent that it seeks the production

21   of any item, or portion thereof, comprising or reflecting information transmitted

22   and maintained in confidence between Peavy or any person or entity acting on her

23   behalf and her counsel for the purpose of obtaining legal advice or representation,

24   on the grounds that such information is protected from disclosure by the attorney-

25   client privilege and the joint-interest privilege.  Such documents will not be

26   produced in response to the request, and any inadvertent production thereof shall

27   not be deemed a waiver of any privilege or doctrine with respect to such

28   documents.

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

6.     Peavy objects to the Request to the extent that it seeks the production of any item, or portion thereof, comprising or reflecting information with any confidential impression, conclusion, opinion, legal research, or legal theory of counsel for Peavy or any other person or entity, on the grounds that such information is protected from disclosure by the attorney work product doctrine. Such documents will not be produced in response to the request, and any inadvertent production thereof shall not be deemed a waiver of any privilege or doctrine with respect to such documents.

7.     As the parties are in the process of negotiating a stipulation regarding the parties' logging of post-litigation communications, Peavy will not be serving any privilege logs until these negotiations are concluded. Defendants provided a draft of proposed stipulation on September 16, 2010, to which Plaintiff did not respond for nearly three weeks until October 6, 2010.  Before providing the draft stipulation, counsel for Defendants repeatedly asked counsel for DC what terms DC would wish to see in such a stipulation, but DC did not respond.  Nor will Defendants produce any documents absent an agreement by DC that the production of such documents will not constitute a waiver of any protection as to discovery and that there has been no such waiver.  DC has not responded to this request for such an agreement.  Moreover, Peavy will neither produce nor log any documents created or transmitted after the start of this litigation.  All privileges and immunities provided by law are expressly reserved.

8.     Peavy objects to the Request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence, on the grounds that it exceeds the permissible scope of discovery delimited by Rule 26(b)(1) of the Federal Rules of Civil Procedure.

9.     Peavy objects to the Request to the extent that it seeks the production of any item, or portion thereof, comprising or reflecting any trade secret or other

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

EXHIBIT R
298

1    confidential or proprietary information of Peavy or any other person or entity.

2        10.    Peavy objects to the Request to the extent that it seeks the production

3    of any item, or portion thereof, which is protected from disclosure by court order,

4    or any privacy or similar rights of any person or entity.

5        11.    Peavy objects to the Request's document requests to the extent they

6    are unduly burdensome, overly broad, impose extreme hardship or would result in

7    the expenditure of unnecessary time and resources.

8        12.    Peavy objects to the Request to the extent it is overbroad and therefore

9    unduly burdensome, oppressive and harassing.

10        13.    Peavy objects to the document requests contained in the Request to the

11    extent the expense of producing documents outweighs the likely benefit of

12    discovery provided to Plaintiff.

13        14.    Peavy objects to the Request to the extent that it seeks the production

14    of duplicative identical items, or documents or information already in Plaintiff's

15    possession, or by reason of public filing, publication or otherwise are readily

16    accessible to Plaintiff through other means.

17        15.    Peavy objects to the Request to the extent that it seeks the production

18    of any item which has been served, filed, or transmitted in the course of this action,

19    on the grounds that such production would be burdensome, oppressive, and

20    unnecessary.

21        16.    Peavy objects to the Request to the extent that it seeks the production

22    of any item which has already been produced, served, or filed in the course of the

23    related actions *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case

24    No. 04-CV-8400 ODW (RZx) and *Joanne Siegel, et al. v. Time Warner Inc., et al.*,

25    Case No. 04-CV-8766 ODW (RZx) (collectively "*Siegel* Litigation"), on the

26    grounds that such production would be duplicative, burdensome, oppressive, and

27    unnecessary.  Provided DC agrees that identification of documents produced by

28    Peavy in the *Siegel* litigation that are responsive to this request will not trigger a

-110-

1   requirement to produce a privilege log and that there is no waiver of privilege in

2   identifying such documents and that there has been no such waiver, Peavy will

3   identify the documents already produced in the *Siegel* litigation that are responsive

4   to the Request.

5          17.    Peavy objects to the Request and each document category therein to

6   the extent that it seeks the production of any item or document that is not the

7   property of Peavy.  Peavy will not produce any items or documents that are the

8   property of any other person or entity.

9          18.    Peavy objects generally to the Request and to the definitions and

10  instructions therein to the extent that they purport to alter or extend Peavy's

11  obligations beyond those established by the Federal Rules of Civil Procedure, the

12  Local Rules of the United States District Court for the Central District of

13  California, or any order or ruling by the Court in this action.

14         19.    Peavy objects generally to the definitions of the terms "YOU" and

15  "YOUR" as vague and ambiguous, overbroad and unduly burdensome.  Peavy will

16  construe these terms to refer to Peavy.

17         20.    Peavy objects generally to the definitions of the terms

18  "DEFENDANT" and "DEFENDANTS" as vague and ambiguous, overbroad and

19  unduly burdensome.  Peavy will construe these terms to refer only to the specific

20  defendants in this action.

21         21.    Peavy objects generally to the definition of the term "SHUSTER

22  HEIRS" as vague and ambiguous, overbroad and unduly burdensome.  Solely for

23  the purposes of these responses, and for no other purpose, Peavy will construe this

24  term to refer only to the Estate of Joseph Shuster, Mark Peary, Jean Peavy, Dawn

25  Peavy and Frank Shuster.

26         22.    Peavy objects generally to the definition of the term "SIEGEL HEIRS"

27  as vague and ambiguous, overbroad and unduly burdensome.  Solely for the

28  purposes of these responses, and for no other purpose, Peavy will construe this term

-111-

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

EXHIBIT R
300

1  to refer only to Joanne Siegel, Laura Siegel Larson, Dennis Larson and Michael

2  Siegel.

3       23.    Peavy objects generally to the definition of the term "SHUSTER" as

4  vague and ambiguous, overbroad and unduly burdensome.  Peavy will construe this

5  term to refer only to Joseph Shuster.

6       24.    Peavy objects generally to the definition of the term "SIEGEL" as

7  vague and ambiguous, overbroad and unduly burdensome.  Peavy will construe this

8  term to refer only to Jerome Siegel.

9       25.    Peavy reserves the right to revise, amend, supplement or clarify any of

10  the objections set forth herein.

11             **SPECIFIC RESPONSES TO INDIVIDUAL REQUESTS**

12  **Document Request No. 1**

13       All agreements between or among YOU and any DEFENDANT regarding

14  the SHUSTER HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

15  **Response to Document Request No. 1**

16       In addition to the General Objections, which are incorporated herein by this

17  reference, Peavy specifically objects to this request on the ground that the

18  underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

19  12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

20  statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

21  greatly narrow the issues.  *See* General Objection ¶ 1, *supra*.  Peavy further objects

22  to this request to the extent that it is relevant only to DC's Third through Sixth state

23  law claims as such discovery should be stayed during the pendency of Defendants'

24  anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

25  *See* General Objection ¶ 2, *supra*.  Peavy further objects to this request to the extent

26  it seeks any privileged documents concerning any Collective Bargaining between

27  the Shusters and Siegels and because plaintiff's use of such information violates the

28  parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3,

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1    *supra*.

2         In addition to the above, Peavy objects to this request on the grounds that it is

3    compound, overbroad, burdensome and oppressive.  Peavy objects to this request

4    on the grounds that the phrase "purported rights" is vague and ambiguous, and

5    lacks sufficient precision to allow her to formulate an appropriate response.  Peavy

6    further objects to this request on the grounds that it is indefinite as to time and not

7    reasonably limited in scope.  Peavy further objects to this request to the extent that

8    it seeks the production of any item, or portion thereof, which is not reasonably

9    calculated to lead to the discovery of relevant and admissible evidence.  Peavy

10   additionally objects to this request to the extent that it seeks communications or

11   items protected by the attorney-client privilege, the attorney work product doctrine

12   and any other privilege or immunity available under law or arising from contractual

13   obligation.  Subject to and without waiving the foregoing, and the general and

14   specific objections, Peavy will produce responsive documents consistent with her

15   understanding of this request, if any, that are not privileged and not subject to the

16   parties' JAMS Confidentiality Agreement, provided that such production is based

17   upon a stipulation signed by the parties and the Court concerning the obligations of

18   the parties to log privileged documents.

19   **Document Request No. 2**

20        All agreements between or among YOU and any DEFENDANT regarding

21   the SIEGEL HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

22   **Response to Document Request No. 2**

23         In addition to the General Objections, which are incorporated herein

24   by this reference, Peavy specifically objects to this request on the ground that the

25   underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

26   12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

27   statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

28   greatly narrow the issues.  *See* General Objection ¶ 1, *supra*.  Peavy further objects

-113-

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1  to this request to the extent that it is relevant only to DC's Third through Sixth state

2  law claims as such discovery should be stayed during the pendency of Defendants'

3  anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

4  *See* General Objection ¶ 2, *supra*.  Peavy further objects to this request to the extent

5  it seeks any privileged documents concerning any Collective Bargaining between

6  the Shusters and Siegels and because plaintiff's use of such information violates the

7  parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3,

8  *supra*.

9      In addition to the above, Peavy objects to this request on the grounds that it is

10  compound, overbroad, burdensome and oppressive.  Peavy objects to this request

11  on the grounds that the phrase "purported rights" is vague and ambiguous, and

12  lacks sufficient precision to allow her to formulate an appropriate response.  Peavy

13  further objects to this request on the grounds that it is indefinite as to time and not

14  reasonably limited in scope.  Peavy further objects to this request to the extent that

15  it seeks the production of any item, or portion thereof, which is not reasonably

16  calculated to lead to the discovery of relevant and admissible evidence.  Peavy

17  additionally objects to this request to the extent that it seeks communications or

18  items protected by the attorney-client privilege, the attorney work product doctrine

19  and any other privilege or immunity available under law or arising from contractual

20  obligation.  Subject to and without waiving the foregoing, and the general and

21  specific objections, Peavy will produce responsive documents consistent with her

22  understanding of this request, if any, that are not privileged and not subject to the

23  parties' JAMS Confidentiality Agreement, provided that such production is based

24  upon a stipulation signed by the parties and the Court concerning the obligations of

25  the parties to log privileged documents.

26  **Document Request No. 3**

27      All agreements between or among SHUSTER and SIEGEL regarding any

28  purported rights in SUPERMAN and/or SUPERBOY.

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1    **<u>Response to Document Request No. 3</u>**

2    In addition to the General Objections, which are incorporated herein by this

3    reference, Peavy specifically objects to this request on the ground that the

4    underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

5    12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

6    statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

7    greatly narrow the issues. *See* General Objection ¶ 1, *supra*. Peavy further objects

8    to this request to the extent that it is relevant only to DC's Third through Sixth state

9    law claims as such discovery should be stayed during the pendency of Defendants'

10   anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

11   *See* General Objection ¶ 2, *supra*. Peavy further objects to this request to the extent

12   it seeks any privileged documents concerning any Collective Bargaining between

13   the Shusters and Siegels and because plaintiff's use of such information violates the

14   parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3,

15   *supra*.

16   In addition to the above, Peavy objects to this request on the grounds that it is

17   compound, overbroad, burdensome and oppressive. Peavy objects to this request

18   on the grounds that the phrase <u>"purported rights"</u> is vague and ambiguous, and

19   lacks sufficient precision to allow her to formulate an appropriate response. Peavy

20   further objects to this request on the grounds that it is indefinite as to time and not

21   reasonably limited in scope. Peavy further objects to this request to the extent that

22   it seeks the production of any item, or portion thereof, which is not reasonably

23   calculated to lead to the discovery of relevant and admissible evidence. Peavy

24   additionally objects to this request to the extent that it seeks communications or

25   items protected by the attorney-client privilege, the attorney work product doctrine

26   and any other privilege or immunity available under law or arising from contractual

27   obligation. Subject to and without waiving the foregoing, and the general and

28   specific objections, Peavy will produce responsive documents consistent with her

-115-

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1  understanding of this request, if any, that are not privileged and not subject to the

2  parties' JAMS Confidentiality Agreement, provided that such production is based

3  upon a stipulation signed by the parties and the Court concerning the obligations of

4  the parties to log privileged documents.

5  **Document Request No. 4**

6      All DOCUMENTS relating to or affecting the ability of YOU or the

7  SHUSTER HEIRS to negotiate or enter into agreements regarding SUPERMAN

8  and/or SUPERBOY.

9  **Response to Document Request No. 4**

10      In addition to the General Objections, which are incorporated herein by this

11  reference, Peavy specifically objects to this request on the ground that the

12  underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

13  12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

14  statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

15  greatly narrow the issues. *See* General Objection ¶ 1, *supra*. Peavy further objects

16  to this request to the extent that it is relevant only to DC's Third through Sixth state

17  law claims as such discovery should be stayed during the pendency of Defendants'

18  anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

19  *See* General Objection ¶ 2, *supra*. Peavy further objects to this request to the extent

20  it seeks any privileged documents concerning any Collective Bargaining between

21  the Shusters and Siegels and because plaintiff's use of such information violates the

22  parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3,

23  *supra*.

24      In addition to the above, Peavy objects to this request on the grounds that it is

25  compound, overbroad, burdensome and oppressive. Peavy further objects to this

26  request on the grounds that the phrase "affecting the ability of YOU or the

27  SHUSTER HEIRS to negotiate or enter into agreements regarding SUPERMAN

28  and/or SUPERBOY" is vague and ambiguous, and lacks sufficient precision to

-116-

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1   allow her to formulate an appropriate response. Peavy further objects to this request

2   on the grounds that it is indefinite as to time and not reasonably limited in scope.

3   Peavy further objects to this request to the extent that it seeks the production of any

4   item, or portion thereof, which is not reasonably calculated to lead to the discovery

5   of relevant and admissible evidence.  Peavy additionally objects to this request to

6   the extent that it seeks communications or items protected by the attorney-client

7   privilege, the attorney work product doctrine and any other privilege or immunity

8   available under law or arising from contractual obligation. Subject to and without

9   waiving the foregoing, and the general and specific objections, Peavy will produce

10  responsive documents consistent with her understanding of this request, if any, that

11  are not privileged and not subject to the parties' JAMS Confidentiality Agreement,

12  provided that such production is based upon a stipulation signed by the parties and

13  the Court concerning the obligations of the parties to log privileged documents.

14  **Document Request No. 5**

15      All DOCUMENTS relating to or affecting the ability of the SIEGEL HEIRS

16  to negotiate or enter into agreements regarding SUPERMAN and/or SUPERBOY.

17  **Response to Document Request No. 5**

18      In addition to the General Objections, which are incorporated herein by this

19  reference, Peavy specifically objects to this request on the ground that the

20  underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

21  12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

22  statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

23  greatly narrow the issues. *See* General Objection ¶ 1, *supra*.  Peavy further objects

24  to this request to the extent that it is relevant only to DC's Third through Sixth state

25  law claims as such discovery should be stayed during the pendency of Defendants'

26  anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

27  *See* General Objection ¶ 2, *supra*.  Peavy further objects to this request to the extent

28  it seeks any privileged documents concerning any Collective Bargaining between

-117-

1  the Shusters and Siegels and because plaintiff's use of such information violates the

2  parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3,

3  *supra*.

4        In addition to the above, Peavy objects to this request on the grounds that it is

5  compound, overbroad, burdensome and oppressive. Peavy further objects to this

6  request on the grounds that the phrase "affecting the ability of the SIEGEL HEIRS

7  to negotiate or enter into agreements" is vague and ambiguous, and lacks sufficient

8  precision to allow her to formulate an appropriate response. Peavy further objects to

9  this request on the grounds that it is indefinite as to time and not reasonably limited

10 in scope. Peavy further objects to this request to the extent that it seeks the

11 production of any item, or portion thereof, which is not reasonably calculated to

12 lead to the discovery of relevant and admissible evidence. Peavy additionally

13 objects to this request to the extent that it seeks communications or items protected

14 by the attorney-client privilege, the attorney work product doctrine and any other

15 privilege or immunity available under law or arising from contractual obligation.

16 Subject to and without waiving the foregoing, and the general and specific

17 objections, Peavy will produce responsive documents consistent with her

18 understanding of this request, if any, that are not privileged and not subject to the

19 parties' JAMS Confidentiality Agreement, provided that such production is based

20 upon a stipulation signed by the parties and the Court concerning the obligations of

21 the parties to log privileged documents.

22 **Document Request No. 6**

23        All DOCUMENTS relating to or affecting the disposition, division, or

24 ownership of any rights in SUPERMAN and/or SUPERBOY.

25 **Response to Document Request No. 6**

26        In addition to the General Objections, which are incorporated herein by this

27 reference, Peavy specifically objects to this request on the ground that the

28 underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

-118-

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1   12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

2   statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

3   greatly narrow the issues. *See* General Objection ¶ 1, *supra*. Peavy further objects

4   to this request to the extent that it is relevant only to DC's Third through Sixth state

5   law claims as such discovery should be stayed during the pendency of Defendants'

6   anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

7   *See* General Objection ¶ 2, *supra*. Peavy further objects to this request to the extent

8   it seeks any privileged documents concerning any Collective Bargaining between

9   the Shusters and Siegels and because plaintiff's use of such information violates the

10  parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3,

11  *supra*.

12       In addition to the above, Peavy objects to this request on the grounds that it is

13  compound, overbroad, burdensome and oppressive. Peavy further objects to this

14  request on the grounds that the phrase "affecting the disposition, division, or

15  ownership of" is vague and ambiguous, and lacks sufficient precision to allow her

16  to formulate an appropriate response. Peavy further objects to this request on the

17  grounds that it is indefinite as to time and not reasonably limited in scope. Peavy

18  further objects to this request to the extent that it seeks the production of any item,

19  or portion thereof, which is not reasonably calculated to lead to the discovery of

20  relevant and admissible evidence. Peavy additionally objects to this request to the

21  extent that it seeks communications or items protected by the attorney-client

22  privilege, the attorney work product doctrine and any other privilege or immunity

23  available under law or arising from contractual obligation. Subject to and without

24  waiving the foregoing, and the general and specific objections, Peavy will produce

25  responsive documents consistent with her understanding of this request, if any, that

26  are not privileged and not subject to the parties' JAMS Confidentiality Agreement,

27  provided that such production is based upon a stipulation signed by the parties and

28  the Court concerning the obligations of the parties to log privileged documents.

-119-

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

**Document Request No. 7**

All DOCUMENTS relating to or affecting the division of revenue, proceeds, or other profits regarding SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 7**

In addition to the General Objections, which are incorporated herein by this reference, Peavy specifically objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. *See* General Objection ¶ 1, *supra*. Peavy further objects to this request to the extent that it is relevant only to DC's Third through Sixth state law claims as such discovery should be stayed during the pendency of Defendants' anti-SLAPP motion and because the Third Claim does not exist as a matter of law. *See* General Objection ¶ 2, *supra*. Peavy further objects to this request to the extent it seeks any privileged documents concerning any Collective Bargaining between the Shusters and Siegels and because plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3, *supra*.

In addition to the above, Peavy objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive. Peavy further objects to this request on the grounds that the phrase "affecting the division of" is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response. Peavy further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Peavy further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Peavy additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product

-120-

1  doctrine and any other privilege or immunity available under law or arising from

2  contractual obligation.  Subject to and without waiving the foregoing, and the

3  general and specific objections, Peavy will produce responsive documents

4  consistent with her understanding of this request, if any, that are not privileged and

5  not subject to the parties' JAMS Confidentiality Agreement, provided that such

6  production is based upon a stipulation signed by the parties and the Court

7  concerning the obligations of the parties to log privileged documents.

8  **Document Request No. 8**

9      All DOCUMENTS relating to or affecting the division of any settlement

10  proceeds regarding SUPERMAN and/or SUPERBOY.

11  **Response to Document Request No. 8**

12      In addition to the General Objections, which are incorporated herein by this

13  reference, Peavy specifically objects to this request on the ground that the

14  underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

15  12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

16  statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

17  greatly narrow the issues.  *See* General Objection ¶ 1, *supra*.  Peavy further objects

18  to this request to the extent that it is relevant only to DC's Third through Sixth state

19  law claims as such discovery should be stayed during the pendency of Defendants'

20  anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

21  *See* General Objection ¶ 2, *supra*.  Peavy further objects to this request to the extent

22  it seeks any privileged documents concerning any Collective Bargaining between

23  the Shusters and Siegels and because plaintiff's use of such information violates the

24  parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3,

25  *supra*.

26      In addition to the above, Peavy objects to this request on the grounds that it is

27  compound, overbroad, burdensome and oppressive.  Peavy further objects to this

28  request on the grounds that the phrase "affecting the division of" is vague and

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1   ambiguous, and lacks sufficient precision to allow her to formulate an appropriate

2   response. Peavy further objects to this request on the grounds that it is indefinite as

3   to time and not reasonably limited in scope.  Peavy further objects to this request to

4   the extent that it seeks the production of any item, or portion thereof, which is not

5   reasonably calculated to lead to the discovery of relevant and admissible evidence.

6   Peavy additionally objects to this request to the extent that it seeks communications

7   or items protected by the attorney-client privilege, the attorney work product

8   doctrine and any other privilege or immunity available under law or arising from

9   contractual obligation. Subject to and without waiving the foregoing, and the

10  general and specific objections, Peavy will produce responsive documents

11  consistent with her understanding of this request, if any, that are not privileged and

12  not subject to the parties' JAMS Confidentiality Agreement, provided that such

13  production is based upon a stipulation signed by the parties and the Court

14  concerning the obligations of the parties to log privileged documents.

15  **Document Request No. 9**

16          All DOCUMENTS relating to the potential sale, assignment, license, or other

17  disposition of any rights relating to SUPERMAN and/or SUPERBOY, including

18  but not limited to any solicitation, offer, option, or proposed agreement.

19  **Response to Document Request No. 9**

20          In addition to the General Objections, which are incorporated herein by this

21  reference, Peavy specifically objects to this request on the ground that the

22  underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

23  12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

24  statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

25  greatly narrow the issues. *See* General Objection ¶ 1, *supra*.  Peavy further objects

26  to this request to the extent that it is relevant only to DC's Third through Sixth state

27  law claims as such discovery should be stayed during the pendency of Defendants'

28  anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

-122-

1   *See* General Objection ¶ 2, *supra*.  Peavy further objects to this request to the extent

2   it seeks any privileged documents concerning any Collective Bargaining between

3   the Shusters and Siegels and because plaintiff's use of such information violates the

4   parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3,

5   *supra*.

6           In addition to the above, Peavy objects to this request on the grounds that it is

7   compound, overbroad, burdensome and oppressive.  Peavy further objects to this

8   request on the grounds that the request is vague and ambiguous, and lacks sufficient

9   precision to allow her to formulate an appropriate response.  Peavy further objects

10  to this request on the grounds that it is indefinite as to time and not reasonably

11  limited in scope.  Peavy further objects to this request to the extent that it seeks the

12  production of any item, or portion thereof, which is not reasonably calculated to

13  lead to the discovery of relevant and admissible evidence.  Peavy additionally

14  objects to this request to the extent that it seeks communications or items protected

15  by the attorney-client privilege, the attorney work product doctrine and any other

16  privilege or immunity available under law or arising from contractual obligation.

17  Subject to and without waiving the foregoing, and the general and specific

18  objections, Peavy will produce responsive documents consistent with her

19  understanding of this request, if any, that are not privileged and not subject to the

20  parties' JAMS Confidentiality Agreement, provided that such production is based

21  upon a stipulation signed by the parties and the Court concerning the obligations of

22  the parties to log privileged documents.

23  **Document Request No. 10**

24          All DOCUMENTS relating to the valuation of any past, current, or potential

25  ownership interest in SUPERMAN and/or SUPERBOY.

26  **Response to Document Request No. 10**

27          In addition to the General Objections, which are incorporated herein by this

28  reference, Peavy specifically objects to this request on the ground that the

-123-

1  underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

2  12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

3  statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

4  greatly narrow the issues. *See* General Objection ¶ 1, *supra*. Peavy further objects

5  to this request to the extent that it is relevant only to DC's Third through Sixth state

6  law claims as such discovery should be stayed during the pendency of Defendants'

7  anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

8  *See* General Objection ¶ 2, *supra*. Peavy further objects to this request to the extent

9  it seeks any privileged documents concerning any Collective Bargaining between

10 the Shusters and Siegels and because plaintiff's use of such information violates the

11 parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3,

12 *supra*.

13      In addition to the above, Peavy objects to this request on the grounds that it is

14 compound, overbroad, burdensome and oppressive. Peavy further objects to this

15 request on the grounds that the phrase <u>"valuation of any past, current, or potential</u>

16 <u>ownership interest in SUPERMAN and/or SUPERBOY"</u> is vague and ambiguous,

17 and lacks sufficient precision to allow her to formulate an appropriate response.

18 Peavy further objects to this request on the grounds that it is indefinite as to time

19 and not reasonably limited in scope. Peavy further objects to this request to the

20 extent that it seeks the production of any item, or portion thereof, which is not

21 reasonably calculated to lead to the discovery of relevant and admissible evidence.

22 Peavy additionally objects to this request to the extent that it seeks communications

23 or items protected by the attorney-client privilege, the attorney work product

24 doctrine and any other privilege or immunity available under law or arising from

25 contractual obligation. Subject to and without waiving the foregoing, and the

26 general and specific objections, Peavy will produce responsive non-privileged

27 documents consistent with her understanding of this request, if any, provided that

28 such production is based upon a stipulation signed by the parties and the Court

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1  concerning the obligations of the parties to log privileged documents.

2  **Document Request No. 11**

3      All DOCUMENTS relating to the introduction of YOU or the SHUSTER

4  HEIRS to any DEFENDANT.

5  **Response to Document Request No. 11**

6      In addition to the General Objections, which are incorporated herein by this

7  reference, Peavy specifically objects to this request on the ground that the

8  underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

9  12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

10  statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

11  greatly narrow the issues. *See* General Objection ¶ 1, *supra*.  Peavy further objects

12  to this request to the extent that it is relevant only to DC's Third through Sixth state

13  law claims as such discovery should be stayed during the pendency of Defendants'

14  anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

15  *See* General Objection ¶ 2, *supra*.  Peavy further objects to this request to the extent

16  it seeks any privileged documents concerning any Collective Bargaining between

17  the Shusters and Siegels and because plaintiff's use of such information violates the

18  parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3,

19  *supra*.

20      In addition to the above, Peavy objects to this request on the grounds that it is

21  compound, overbroad, burdensome and oppressive.  Peavy further objects to this

22  request on the grounds that the phrase "introduction of YOU or the SHUSTER

23  HEIRS to any DEFENDANT" is vague and ambiguous, and lacks sufficient

24  precision to allow her to formulate an appropriate response.  Peavy further objects

25  to this request on the grounds that it is indefinite as to time and not reasonably

26  limited in scope.  Peavy further objects to this request to the extent that it seeks the

27  production of any item, or portion thereof, which is not reasonably calculated to

28  lead to the discovery of relevant and admissible evidence.  Peavy additionally

-125-

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1  objects to this request to the extent that it seeks communications or items protected

2  by the attorney-client privilege, the attorney work product doctrine and any other

3  privilege or immunity available under law or arising from contractual obligation.

4  Subject to and without waiving the foregoing, and the general and specific

5  objections, Peavy will produce responsive non-privileged documents consistent

6  with her understanding of this request, if any, provided that such production is

7  based upon a stipulation signed by the parties and the Court concerning the

8  obligations of the parties to log privileged documents.

9  **Document Request No. 12**

10      All DOCUMENTS relating to the introduction of the SIEGEL HEIRS to any

11  DEFENDANT.

12  **Response to Document Request No. 12**

13      In addition to the General Objections, which are incorporated herein by this

14  reference, Peavy specifically objects to this request on the ground that the

15  underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

16  12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

17  statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

18  greatly narrow the issues. *See* General Objection ¶ 1, *supra*. Peavy further objects

19  to this request to the extent that it is relevant only to DC's Third through Sixth state

20  law claims as such discovery should be stayed during the pendency of Defendants'

21  anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

22  *See* General Objection ¶ 2, *supra*. Peavy further objects to this request to the extent

23  it seeks any privileged documents concerning any Collective Bargaining between

24  the Shusters and Siegels and because plaintiff's use of such information violates the

25  parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3,

26  *supra*.

27      In addition to the above, Peavy objects to this request on the grounds that it is

28  compound, overbroad, burdensome and oppressive. Peavy further objects to this

-126-

1   request on the grounds that the phrase "introduction of the SIEGEL HEIRS to any

2   DEFENDANT" is vague and ambiguous, and lacks sufficient precision to allow her

3   to formulate an appropriate response. Peavy further objects to this request on the

4   grounds that it is indefinite as to time and not reasonably limited in scope.  Peavy

5   further objects to this request to the extent that it seeks the production of any item,

6   or portion thereof, which is not reasonably calculated to lead to the discovery of

7   relevant and admissible evidence.  Peavy additionally objects to this request to the

8   extent that it seeks communications or items protected by the attorney-client

9   privilege, the attorney work product doctrine and any other privilege or immunity

10  available under law or arising from contractual obligation.  Subject to and without

11  waiving the foregoing, and the general and specific objections, Peavy will produce

12  responsive non-privileged documents consistent with her understanding of this

13  request, if any, provided that such production is based upon a stipulation signed by

14  the parties and the Court concerning the obligations of the parties to log privileged

15  documents.

16  **Document Request No. 13**

17      All DOCUMENTS relating to the letter dated August 21, 1992 that YOU

18  sent to Time Warner Inc.

19  **Response to Document Request No. 13**

20      In addition to the General Objections, which are incorporated herein by this

21  reference, Peavy specifically objects to this request on the ground that the

22  underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

23  12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

24  statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

25  greatly narrow the issues. *See* General Objection ¶ 1, *supra*.  Peavy further objects

26  to this request to the extent that it is relevant only to DC's Third through Sixth state

27  law claims as such discovery should be stayed during the pendency of Defendants'

28  anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

-127-

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1   *See* General Objection ¶ 2, *supra*.  Peavy further objects to this request to the extent

2   it seeks any privileged documents concerning any Collective Bargaining between

3   the Shusters and Siegels and because plaintiff's use of such information violates the

4   parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3,

5   *supra*.

6       In addition to the above, Peavy objects to this request on the grounds that it is

7   compound, overbroad, burdensome and oppressive.  Peavy further objects to this

8   request on the grounds that it is vague and ambiguous, and lacks sufficient

9   precision to allow her to formulate an appropriate response.  Peavy further objects

10  to this request on the grounds that it is indefinite as to time and not reasonably

11  limited in scope.  Peavy further objects to this request to the extent that it seeks the

12  production of any item, or portion thereof, which is not reasonably calculated to

13  lead to the discovery of relevant and admissible evidence.  Peavy additionally

14  objects to this request to the extent that it seeks communications or items protected

15  by the attorney-client privilege, the attorney work product doctrine and any other

16  privilege or immunity available under law or arising from contractual obligation.

17  Subject to and without waiving the foregoing, and the general and specific

18  objections, Peavy will produce responsive non-privileged documents consistent

19  with her understanding of this request, if any, provided that such production is

20  based upon a stipulation signed by the parties and the Court concerning the

21  obligations of the parties to log privileged documents.

22  **Document Request No. 14**

23      All DOCUMENTS relating to the letter dated September 10, 1992 that Frank

24  Shuster sent on YOUR behalf to Paul Levitz of DC Comics.

25  **Response to Document Request No. 14**

26      In addition to the General Objections, which are incorporated herein by this

27  reference, Peavy specifically objects to this request on the ground that the

28  underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1   12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

2   statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

3   greatly narrow the issues. *See* General Objection ¶ 1, *supra*. Peavy further objects

4   to this request to the extent that it is relevant only to DC's Third through Sixth state

5   law claims as such discovery should be stayed during the pendency of Defendants'

6   anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

7   *See* General Objection ¶ 2, *supra*. Peavy further objects to this request to the extent

8   it seeks any privileged documents concerning any Collective Bargaining between

9   the Shusters and Siegels and because plaintiff's use of such information violates the

10  parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3,

11  *supra*.

12          In addition to the above, Peavy objects to this request on the grounds that it is

13  compound, overbroad, burdensome and oppressive. Peavy further objects to this

14  request on the grounds that it is vague and ambiguous, and lacks sufficient

15  precision to allow her to formulate an appropriate response. Peavy further objects

16  to this request on the grounds that it is indefinite as to time and not reasonably

17  limited in scope. Peavy further objects to this request to the extent that it seeks the

18  production of any item, or portion thereof, which is not reasonably calculated to

19  lead to the discovery of relevant and admissible evidence. Peavy additionally

20  objects to this request to the extent that it seeks communications or items protected

21  by the attorney-client privilege, the attorney work product doctrine and any other

22  privilege or immunity available under law or arising from contractual obligation.

23  Subject to and without waiving the foregoing, and the general and specific

24  objections, Peavy will produce responsive non-privileged documents consistent

25  with her understanding of this request, if any, provided that such production is

26  based upon a stipulation signed by the parties and the Court concerning the

27  obligations of the parties to log privileged documents.

28

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1  **Document Request No. 15**

2      All DOCUMENTS relating to the agreement dated August 1, 1992 that YOU

3  entered into with DC Comics.

4  **Response to Document Request No. 15**

5      In addition to the General Objections, which are incorporated herein by this

6  reference, Peavy specifically objects to this request on the ground that the

7  underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

8  12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

9  statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

10  greatly narrow the issues. *See* General Objection ¶ 1, *supra*. Peavy further objects

11  to this request to the extent that it is relevant only to DC's Third through Sixth state

12  law claims as such discovery should be stayed during the pendency of Defendants'

13  anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

14  *See* General Objection ¶ 2, *supra*. Peavy further objects to this request to the extent

15  it seeks any privileged documents concerning any Collective Bargaining between

16  the Shusters and Siegels and because plaintiff's use of such information violates the

17  parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3,

18  *supra*.

19      In addition to the above, Peavy objects to this request on the grounds that it is

20  compound, overbroad, burdensome and oppressive. Peavy further objects to this

21  request on the grounds that it is vague and ambiguous, and lacks sufficient

22  precision to allow her to formulate an appropriate response. Peavy further objects

23  to this request on the grounds that it is indefinite as to time and not reasonably

24  limited in scope. Peavy further objects to this request to the extent that it seeks the

25  production of any item, or portion thereof, which is not reasonably calculated to

26  lead to the discovery of relevant and admissible evidence. Peavy additionally

27  objects to this request to the extent that it seeks communications or items protected

28  by the attorney-client privilege, the attorney work product doctrine and any other

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1  privilege or immunity available under law or arising from contractual obligation.

2  Subject to and without waiving the foregoing, and the general and specific

3  objections, Peavy will produce responsive non-privileged documents consistent

4  with her understanding of this request, if any, provided that such production is

5  based upon a stipulation signed by the parties and the Court concerning the

6  obligations of the parties to log privileged documents.

7  **Document Request No. 16**

8      All DOCUMENTS relating to the letter dated July 10, 1993 that YOU sent to

9  Paul Levitz of DC Comics.

10  **Response to Document Request No. 16**

11      In addition to the General Objections, which are incorporated herein by this

12  reference, Peavy specifically objects to this request on the ground that the

13  underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

14  12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

15  statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

16  greatly narrow the issues. *See* General Objection ¶ 1, *supra*. Peavy further objects

17  to this request to the extent that it is relevant only to DC's Third through Sixth state

18  law claims as such discovery should be stayed during the pendency of Defendants'

19  anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

20  *See* General Objection ¶ 2, *supra*. Peavy further objects to this request to the extent

21  it seeks any privileged documents concerning any Collective Bargaining between

22  the Shusters and Siegels and because plaintiff's use of such information violates the

23  parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3,

24  *supra*.

25      In addition to the above, Peavy objects to this request on the grounds that it is

26  compound, overbroad, burdensome and oppressive. Peavy further objects to this

27  request on the grounds that it is vague and ambiguous, and lacks sufficient

28  precision to allow her to formulate an appropriate response. Peavy further objects

-131-

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1    to this request on the grounds that it is indefinite as to time and not reasonably

2    limited in scope.  Peavy further objects to this request to the extent that it seeks the

3    production of any item, or portion thereof, which is not reasonably calculated to

4    lead to the discovery of relevant and admissible evidence.  Peavy additionally

5    objects to this request to the extent that it seeks communications or items protected

6    by the attorney-client privilege, the attorney work product doctrine and any other

7    privilege or immunity available under law or arising from contractual obligation.

8    Subject to and without waiving the foregoing, and the general and specific

9    objections, Peavy will produce responsive non-privileged documents consistent

10   with her understanding of this request, if any, provided that such production is

11   based upon a stipulation signed by the parties and the Court concerning the

12   obligations of the parties to log privileged documents.

13   **Document Request No. 17**

14        All DOCUMENTS relating to the letter dated September 14, 1993 that YOU

15   sent to Paul Levitz of DC Comics.

16   **Response to Document Request No. 17**

17        In addition to the General Objections, which are incorporated herein by this

18   reference, Peavy specifically objects to this request on the ground that the

19   underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

20   12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

21   statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

22   greatly narrow the issues.  *See* General Objection ¶ 1, *supra*.  Peavy further objects

23   to this request to the extent that it is relevant only to DC's Third through Sixth state

24   law claims as such discovery should be stayed during the pendency of Defendants'

25   anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

26   *See* General Objection ¶ 2, *supra*.  Peavy further objects to this request to the extent

27   it seeks any privileged documents concerning any Collective Bargaining between

28   the Shusters and Siegels and because plaintiff's use of such information violates the

-132-

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

EXHIBIT R
321

parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3, *supra*.

In addition to the above, Peavy objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive.  Peavy further objects to this request on the grounds that it is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response.  Peavy further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope.  Peavy further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence.  Peavy additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing, and the general and specific objections, Peavy will produce responsive non-privileged documents consistent with her understanding of this request, if any, provided that such production is based upon a stipulation signed by the parties and the Court concerning the obligations of the parties to log privileged documents.

**Document Request No. 18**

All DOCUMENTS relating to the letter dated April 27, 1995 that YOU sent to Paul Levitz of DC Comics.

**Response to Document Request No. 18**

In addition to the General Objections, which are incorporated herein by this reference, Peavy specifically objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues.  *See* General Objection ¶ 1, *supra*.  Peavy further objects

-133-

1   to this request to the extent that it is relevant only to DC's Third through Sixth state

2   law claims as such discovery should be stayed during the pendency of Defendants'

3   anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

4   *See* General Objection ¶ 2, *supra*.  Peavy further objects to this request to the extent

5   it seeks any privileged documents concerning any Collective Bargaining between

6   the Shusters and Siegels and because plaintiff's use of such information violates the

7   parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3,

8   *supra*.

9          In addition to the above, Peavy objects to this request on the grounds that it is

10  compound, overbroad, burdensome and oppressive.  Peavy further objects to this

11  request on the grounds that it is vague and ambiguous, and lacks sufficient

12  precision to allow her to formulate an appropriate response.  Peavy further objects

13  to this request on the grounds that it is indefinite as to time and not reasonably

14  limited in scope.  Peavy further objects to this request to the extent that it seeks the

15  production of any item, or portion thereof, which is not reasonably calculated to

16  lead to the discovery of relevant and admissible evidence.  Peavy additionally

17  objects to this request to the extent that it seeks communications or items protected

18  by the attorney-client privilege, the attorney work product doctrine and any other

19  privilege or immunity available under law or arising from contractual obligation.

20  Subject to and without waiving the foregoing, and the general and specific

21  objections, Peavy will produce responsive non-privileged documents consistent

22  with her understanding of this request, if any, provided that such production is

23  based upon a stipulation signed by the parties and the Court concerning the

24  obligations of the parties to log privileged documents.

25  **Document Request No. 19**

26         All DOCUMENTS relating to the letter agreement dated November 23, 2001

27  that YOU entered into with DEFENDANT Pacific Pictures Corporation.

28

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1    **Response to Document Request No. 19**

2    In addition to the General Objections, which are incorporated herein by this

3    reference, Peavy specifically objects to this request on the ground that the

4    underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

5    12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

6    statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

7    greatly narrow the issues.  *See* General Objection ¶ 1, *supra*.  Peavy further objects

8    to this request to the extent that it is relevant only to DC's Third through Sixth state

9    law claims as such discovery should be stayed during the pendency of Defendants'

10   anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

11   *See* General Objection ¶ 2, *supra*.  Peavy further objects to this request to the extent

12   it seeks any privileged documents concerning any Collective Bargaining between

13   the Shusters and Siegels and because plaintiff's use of such information violates the

14   parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3,

15   *supra*.

16   In addition to the above, Peavy objects to this request on the grounds that it is

17   compound, overbroad, burdensome and oppressive.  Peavy further objects to this

18   request on the grounds that it is vague and ambiguous, and lacks sufficient

19   precision to allow her to formulate an appropriate response.  Peavy further objects

20   to this request on the grounds that it is indefinite as to time and not reasonably

21   limited in scope.  Peavy further objects to this request to the extent that it seeks the

22   production of any item, or portion thereof, which is not reasonably calculated to

23   lead to the discovery of relevant and admissible evidence.  Peavy additionally

24   objects to this request to the extent that it seeks communications or items protected

25   by the attorney-client privilege, the attorney work product doctrine and any other

26   privilege or immunity available under law or arising from contractual obligation.

27   Subject to and without waiving the foregoing, and the general and specific

28   objections, Peavy will produce responsive non-privileged documents consistent

-135-

1    with her understanding of this request, if any, provided that such production is

2    based upon a stipulation signed by the parties and the Court concerning the

3    obligations of the parties to log privileged documents.

4    **Document Request No. 20**

5        All DOCUMENTS relating to the letter agreement dated October 27, 2003

6    that YOU entered into with DEFENDANT Pacific Pictures Corporation.

7    **Response to Document Request No. 20**

8        In addition to the General Objections, which are incorporated herein by this

9    reference, Peavy specifically objects to this request on the ground that the

10   underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

11   12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

12   statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

13   greatly narrow the issues. *See* General Objection ¶ 1, *supra*. Peavy further objects

14   to this request to the extent that it is relevant only to DC's Third through Sixth state

15   law claims as such discovery should be stayed during the pendency of Defendants'

16   anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

17   *See* General Objection ¶ 2, *supra*. Peavy further objects to this request to the extent

18   it seeks any privileged documents concerning any Collective Bargaining between

19   the Shusters and Siegels and because plaintiff's use of such information violates the

20   parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3,

21   *supra*.

22       In addition to the above, Peavy objects to this request on the grounds that it is

23   compound, overbroad, burdensome and oppressive. Peavy further objects to this

24   request on the grounds that it is vague and ambiguous, and lacks sufficient

25   precision to allow her to formulate an appropriate response. Peavy further objects

26   to this request on the grounds that it is indefinite as to time and not reasonably

27   limited in scope. Peavy further objects to this request to the extent that it seeks the

28   production of any item, or portion thereof, which is not reasonably calculated to

-136-                                    JOINT STIPULATION RE:
                                         DC COMICS' MOTION TO COMPEL

1   lead to the discovery of relevant and admissible evidence.  Peavy additionally

2   objects to this request to the extent that it seeks communications or items protected

3   by the attorney-client privilege, the attorney work product doctrine and any other

4   privilege or immunity available under law or arising from contractual obligation.

5   Subject to and without waiving the foregoing, and the general and specific

6   objections, Peavy will produce responsive non-privileged documents consistent

7   with her understanding of this request, if any, provided that such production is

8   based upon a stipulation signed by the parties and the Court concerning the

9   obligations of the parties to log privileged documents.

10   **Document Request No. 21**

11        All DOCUMENTS relating to the letter dated September 10, 2004 that YOU

12   signed with DEFENDANT Pacific Pictures Corporation.

13   **Response to Document Request No. 21**

14        In addition to the General Objections, which are incorporated herein by this

15   reference, Peavy specifically objects to this request on the ground that the

16   underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

17   12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

18   statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

19   greatly narrow the issues.  *See* General Objection ¶ 1, *supra*.  Peavy further objects

20   to this request to the extent that it is relevant only to DC's Third through Sixth state

21   law claims as such discovery should be stayed during the pendency of Defendants'

22   anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

23   *See* General Objection ¶ 2, *supra*.  Peavy further objects to this request to the extent

24   it seeks any privileged documents concerning any Collective Bargaining between

25   the Shusters and Siegels and because plaintiff's use of such information violates the

26   parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3,

27   *supra*.

28        In addition to the above, Peavy objects to this request on the grounds that it is

-137-

1   compound, overbroad, burdensome and oppressive.  Peavy further objects to this

2   request on the grounds that it is vague and ambiguous, and lacks sufficient

3   precision to allow her to formulate an appropriate response.  Peavy further objects

4   to this request on the grounds that it is indefinite as to time and not reasonably

5   limited in scope.  Peavy further objects to this request to the extent that it seeks the

6   production of any item, or portion thereof, which is not reasonably calculated to

7   lead to the discovery of relevant and admissible evidence.  Peavy additionally

8   objects to this request to the extent that it seeks communications or items protected

9   by the attorney-client privilege, the attorney work product doctrine and any other

10  privilege or immunity available under law or arising from contractual obligation.

11  Subject to and without waiving the foregoing, and the general and specific

12  objections, Peavy will produce responsive non-privileged documents consistent

13  with her understanding of this request, if any, provided that such production is

14  based upon a stipulation signed by the parties and the Court concerning the

15  obligations of the parties to log privileged documents.

16  **Document Request No. 22**

17      All DOCUMENTS relating to the Request of Termination of Transfer

18  Covering Extended Copyright Renewal Term of "Superman" served on behalf of

19  the Estate of Joseph Shuster on or around November 10, 2003.

20  **Response to Document Request No. 22**

21      In addition to the General Objections, which are incorporated herein by this

22  reference, Peavy specifically objects to this request on the ground that the

23  underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

24  12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

25  statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

26  greatly narrow the issues.  *See* General Objection ¶ 1, *supra*.  Peavy further objects

27  to this request to the extent that it is relevant only to DC's Third through Sixth state

28  law claims as such discovery should be stayed during the pendency of Defendants'

-138-

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

anti-SLAPP motion and because the Third Claim does not exist as a matter of law. *See* General Objection ¶ 2, *supra*. Peavy further objects to this request to the extent it seeks any privileged documents concerning any Collective Bargaining between the Shusters and Siegels and because plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3, *supra*.

In addition to the above, Peavy objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive. Peavy further objects to this request on the grounds that it is vague and ambiguous, and lacks sufficient precision to allow her to formulate an appropriate response. Peavy further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Peavy further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Peavy additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing, and the general and specific objections, Peavy will produce responsive non-privileged documents consistent with her understanding of this request, if any, provided that such production is based upon a stipulation signed by the parties and the Court concerning the obligations of the parties to log privileged documents.

**D.** **Mark Peary – Document Requests 1-22 and General and Specific Objections**

**OBJECTIONS TO THE ENTIRE REQUEST**

Peary objects to the entire Request on each of the following grounds and incorporates by reference each of the following objections into his response to each individual category of documents within it:

-139-

1    1.    Peary objects to the Request on the ground that the underlying

2  complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6)

3  and (f) as well as a motion brought pursuant to California's anti-SLAPP statute,

4  Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

5  greatly narrow the issues.  These motions have been fully briefed and are set for

6  hearing on October 18, 2010.  Given the pendency of these dispositive motions,

7  Magistrate Zarefsky held on September 20, 2010 that deposition discovery was

8  not appropriate until at least November 15, 2010 to afford Judge Wright time to

9  rule on these motions.  Magistrate Zarefsky has also indicated that Judge

10  Wright may extend this deadline if he needs more time to so rule.  Magistrate

11  Zarefsky's rationale for limiting the burden of discovery until Judge Wright has

12  ruled on these motions should apply with equal force to document discovery as

13  it does to depositions.

14    2.    Peary objects to each individual request within the Request to the

15  extent it is relevant only to the Fourth through Sixth state law claims for relief

16  in DC's First Amended Complaint ("FAC").  Defendants contend that their

17  pending anti-SLAPP motion stays discovery regarding these state law claims.

18  Magistrate Zarefsky rejected that argument, apparently based on *Metabolife*

19  *Int'l., Inc. v. Wornick*, 264 F.3d 832 (9th Cir. 2001), but Defendants have

20  timely objected to this ruling pursuant to L.R. 72.2-1. *See* Docket No. 101.

21  *Metabolife* is inconsistent with recent Supreme Court authority *Shady Grove*

22  *Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 130 S. Ct. 1431, 1452 (2010)

23  (Stevens, J., concurring), decided this year, and with the Ninth Circuit's

24  decision in *Batzel v. Smith*, 333 F.3d 1018, 1024 (9th Cir. 2003).  These cases

25  recognize that substantive provisions of state law, such as the anti-SLAPP

26  statute's automatic discovery stay, apply in federal court.  *Metabolife* includes

27  no contrary discussion.  In light of this, Judge Wright and the Ninth Circuit

28  should be afforded the opportunity to address Defendants' well taken objection

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1    on these grounds.  *See* Docket No. 101 at 3:20- 5:23.  Any response that refers

2    to the planned production of documents is without prejudice to Defendants'

3    right to seek a stay of discovery before the Court, the 9th Circuit, or the

4    Supreme Court.

5           Plaintiff has sought to avoid the force of this automatic stay by

6    contending that the same discovery relates to DC's Third claim for relief

7    ("Third Claim"), which it claims arises under federal copyright law.  DC's

8    Third Claim is premised on the false construct that DC purportedly has a right

9    of exclusive negotiation under 17 U.S.C. § 304(c)(6)(D) to settle Defendant's

10   termination claims pursuant to 17 U.S.C. § 304(d).  However, the plain

11   language of § 304(c)(6)(D) does not provide a terminated grantee like DC with

12   any such "right," as expressly addressed and recognized in *Bourne Co. v. MPL*

13   *Commc'ns, Inc.*, 675 F. Supp. 859, 865 n.11 (S.D.N.Y. 1987) ("[T]he statute

14   neither compels the terminating party to negotiate with the terminated grantee,

15   nor forbids him from negotiating with anyone else.").  *See* Docket Nos. 78 at

16   4:7-7:27; 100 at 1:17-3:15.  The Third Claim does not and cannot exist as a

17   matter of law and thus DC cannot use this manufactured federal claim to avoid

18   the automatic stay provided by the anti-SLAPP motion. CCP § 425.16(g);

19   *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987) (stay of discovery pending

20   motion to dismiss was appropriate where allegations - taken as true - failed to

21   allege requisite elements of statutory cause of action).

22          3.     To the extent the Request seeks documents concerning any

23   agreement between the Shusters and Siegels to act collectively in negotiations

24   with DC regarding the settlement of their termination claims ("Collective

25   Bargaining"), Peary objects on the following grounds: Such documents concern

26   only the Third through Sixth claims for relief and thus are irrelevant to the First

27   and Second claims that are the only proper subject of discovery at this point in

28   the proceedings.  Any documents that exist relating to Collective Bargaining

-141-

1  contain and memorialize attorney-client privileged communications and
2  attorney work product and reveal sensitive settlement strategy that would give
3  DC an unfair advantage.  In addition, any Collective Bargaining documents
4  were prepared in connection with mediation and the use of such information
5  plainly violates the parties' May 1, 2008 JAMS Confidentiality Agreement and
6  the California mediation privilege.  Moreover this disclosure is inconsistent
7  with the policies of FRE 408 and California Evidence Code §§ 1119 *et seq.*;
8  1152.

9       4.     Peary objects to the Request on the ground that a motion for entry
10 of judgment pursuant to FRCP 54(b) has been filed in the closely related action
11 *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-
12 CV-8400.  If this motion is granted, such judgment will have collateral estoppel
13 effect on DC, and thereby substantially narrow the duplicative issues raised in
14 the present action.  Accordingly, any discovery should be stayed and
15 documents should not be produced until the Rule 54(b) motion is decided.

16      5.     Peary objects to the Request to the extent that it seeks the
17 production of any item, or portion thereof, comprising or reflecting information
18 transmitted and maintained in confidence between Peary or any person or entity
19 acting on his behalf and his counsel for the purpose of obtaining legal advice or
20 representation, on the grounds that such information is protected from
21 disclosure by the attorney-client privilege and the joint-interest privilege.  Such
22 documents will not be produced in response to the request, and any inadvertent
23 production thereof shall not be deemed a waiver of any privilege or doctrine
24 with respect to such documents.

25      6.     Peary objects to the Request to the extent that it seeks the
26 production of any item, or portion thereof, comprising or reflecting information
27 with any confidential impression, conclusion, opinion, legal research, or legal
28 theory of counsel for Peary or any other person or entity, on the grounds that

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1   such information is protected from disclosure by the attorney work product

2   doctrine.  Such documents will not be produced in response to the request, and

3   any inadvertent production thereof shall not be deemed a waiver of any

4   privilege or doctrine with respect to such documents.

5          7.     As the parties are in the process of negotiating a stipulation

6   regarding the parties' logging of post-litigation communications, Peary will not

7   be serving any privilege logs until these negotiations are concluded.

8   Defendants provided a draft of the proposed stipulation on September 16, 2010,

9   to which Plaintiff did not respond for nearly three weeks, until October 6, 2010.

10  Before providing the draft stipulation, counsel for Defendants repeatedly asked

11  counsel for DC what terms DC would wish to see in such a stipulation, but DC

12  did not respond.  Nor will Defendants produce any documents absent an

13  agreement by DC that the production of such documents will not constitute a

14  waiver of any protection as to discovery and that there has been no such waiver.

15  DC has not responded to this request for such an agreement.  Moreover, Peary

16  will neither produce nor log any documents created or transmitted after the start

17  of this litigation. All privileges and immunities provided by law are expressly

18  reserved.

19         8.     Peary objects to the Request to the extent that it seeks the

20  production of any item, or portion thereof, which is not reasonably calculated to

21  lead to the discovery of relevant and admissible evidence, on the grounds that it

22  exceeds the permissible scope of discovery delimited by Rule 26(b)(1) of the

23  Federal Rules of Civil Procedure.

24         9.     Peary objects to the Request to the extent that it seeks the

25  production of any item, or portion thereof, comprising or reflecting any trade

26  secret or other confidential or proprietary information of Peary or any other

27  person or entity.

28

-143-

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

10.    Peary objects to the Request to the extent that it seeks the production of any item, or portion thereof, which is protected from disclosure by court order, or any privacy or similar rights of any person or entity.

11.    Peary objects to the Request's document requests to the extent they are unduly burdensome, overly broad, impose extreme hardship or would result in the expenditure of unnecessary time and resources.

12.    Peary objects to the Request to the extent it is overbroad and therefore unduly burdensome, oppressive and harassing.

13.    Peary objects to the document requests contained in the Request to the extent the expense of producing documents outweighs the likely benefit of discovery provided to Plaintiff.

14.    Peary objects to the Request to the extent that it seeks the production of duplicative identical items, or documents or information already in Plaintiff's possession, or by reason of public filing, publication or otherwise are readily accessible to Plaintiff through other means.

15.    Peary objects to the Request to the extent that it seeks the production of any item which has been served, filed, or transmitted in the course of this action, on the grounds that such production would be burdensome, oppressive, and unnecessary.

16.    Peary objects to the Request to the extent that it seeks the production of any item which has already been produced, served or filed in the course of the related actions *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-CV-8400 ODW (RZx) and *Joanne Siegel, et al. v. Time Warner Inc., et al.,* Case No. 04-CV-8766 ODW (RZx) (collectively "*Siegel* Litigation"), on the grounds that such production would be duplicative, burdensome, oppressive, and unnecessary.  Provided DC agrees that identification of documents produced by Peary in the *Siegel* litigation that are responsive to this request will not trigger a requirement to produce a

-144-

1    privilege log and that there is no waiver of privilege in identifying such

2    documents and that there has been no such waiver, Peary will identify the

3    documents already produced in the *Siegel* litigation that are responsive to the

4    Request.

5         17.    Peary objects to the Request and each document category therein to

6    the extent that it seeks the production of any item or document that is not the

7    property of Peary.  Peary will not produce any items or documents that are the

8    property of any other person or entity.

9         18.    Peary objects generally to the Request and to the definitions and

10   instructions therein to the extent that they purport to alter or extend Peary's

11   obligations beyond those established by the Federal Rules of Civil Procedure,

12   the Local Rules of the United States District Court for the Central District of

13   California, or any order or ruling by the Court in this action.

14        19.    Peary objects generally to the definitions of the terms "YOU" and

15   "YOUR" as vague and ambiguous, overbroad and unduly burdensome.  Peary

16   will construe these terms to refer to Peary.

17        20.    Peary objects generally to the definitions of the terms

18   "DEFENDANT" and "DEFENDANTS" as vague and ambiguous, overbroad

19   and unduly burdensome.  Peary will construe these terms to refer only to the

20   specific defendants in this action.

21        21.    Peary objects generally to the definition of the term "SHUSTER

22   HEIRS" as vague and ambiguous, overbroad and unduly burdensome. Solely

23   for the purposes of these responses, and for no other purpose, Peary will

24   construe this term to refer only to the Estate of Joseph Shuster, Jean Peavy,

25   Mark Peary, Dawn Peavy and Frank Shuster.

26        22.    Peary objects generally to the definition of the term "SIEGEL

27   HEIRS" as vague and ambiguous, overbroad and unduly burdensome. Solely

28   for the purposes of these responses, and for no other purpose, Peary will

-145-

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

construe this term to refer only to Joanne Siegel, Laura Siegel Larson, Dennis Larson and Michael Siegel.

23.     Peary objects generally to the definition of the term "SHUSTER" as vague and ambiguous, overbroad and unduly burdensome. Peary will construe this term to refer only to Joseph Shuster.

24.     Peary objects generally to the definition of the term "SIEGEL" as vague and ambiguous, overbroad and unduly burdensome. Peary will construe this term to refer only to Jerome Siegel.

25.     Peary reserves the right to revise, amend, supplement or clarify any of the objections set forth herein.

## SPECIFIC RESPONSES TO INDIVIDUAL REQUESTS

**Document Request No. 23**

All agreements between or among YOU and any DEFENDANT regarding the SHUSTER HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 23**

In addition to the General Objections, which are incorporated herein by this reference, Peary specifically objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. *See* General Objection ¶ 1, *supra.* Peary further objects to this request to the extent that it is relevant only to DC's Third through Sixth state law claims as such discovery should be stayed during the pendency of Defendants' anti-SLAPP motion and because the Third Claim does not exist as a matter of law. *See* General Objection ¶ 2, *supra.* Peary further objects to this request to the extent it seeks any privileged documents concerning any Collective Bargaining between the Shusters and Siegels and because plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3,

-146-

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1  *supra*.

2         In addition to the above, Peary objects to this request on the grounds that it is

3  compound, overbroad, burdensome and oppressive.  Peary objects to this request on

4  the grounds that the phrase "purported rights" is vague and ambiguous, and lacks

5  sufficient precision to allow him to formulate an appropriate response.  Peary

6  further objects to this request on the grounds that it is indefinite as to time and not

7  reasonably limited in scope.  Peary further objects to this request to the extent that

8  it seeks the production of any item, or portion thereof, which is not reasonably

9  calculated to lead to the discovery of relevant and admissible evidence.  Peary

10  additionally objects to this request to the extent that it seeks communications or

11  items protected by the attorney-client privilege, the attorney work product doctrine

12  and any other privilege or immunity available under law or arising from contractual

13  obligation.  Subject to and without waiving the foregoing, and the general and

14  specific objections, Peary will produce responsive documents consistent with his

15  understanding of this request, if any, that are not privileged and not subject to the

16  parties' JAMS Confidentiality Agreement, provided that such production is based

17  upon a stipulation signed by the parties and the Court concerning the obligations of

18  the parties to log privileged documents.

19  **Document Request No. 24**

20         All agreements between or among YOU and any DEFENDANT regarding

21  the SIEGEL HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

22  **Response to Document Request No. 24**

23         In addition to the General Objections, which are incorporated herein by this

24  reference, Peary specifically objects to this request on the ground that the

25  underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

26  12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

27  statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

28  greatly narrow the issues.  *See* General Objection ¶ 1, *supra*.  Peary further objects

-147-

1  to this request to the extent that it is relevant only to DC's Third through Sixth state

2  law claims as such discovery should be stayed during the pendency of Defendants'

3  anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

4  *See* General Objection ¶ 2, *supra*.  Peary further objects to this request to the extent

5  it seeks any privileged documents concerning any Collective Bargaining between

6  the Shusters and Siegels and because plaintiff's use of such information violates the

7  parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3,

8  *supra*.

9        In addition to the above, Peary objects to this request on the grounds that it is

10  compound, overbroad, burdensome and oppressive.  Peary objects to this request on

11  the grounds that the phrase "purported rights" is vague and ambiguous, and lacks

12  sufficient precision to allow him to formulate an appropriate response.  Peary

13  further objects to this request on the grounds that it is indefinite as to time and not

14  reasonably limited in scope.  Peary further objects to this request to the extent that

15  it seeks the production of any item, or portion thereof, which is not reasonably

16  calculated to lead to the discovery of relevant and admissible evidence.  Peary

17  additionally objects to this request to the extent that it seeks communications or

18  items protected by the attorney-client privilege, the attorney work product doctrine

19  and any other privilege or immunity available under law or arising from contractual

20  obligation.  Subject to and without waiving the foregoing, and the general and

21  specific objections, Peary will produce responsive documents consistent with his

22  understanding of this request, if any, that are not privileged and not subject to the

23  parties' JAMS Confidentiality Agreement, provided that such production is based

24  upon a stipulation signed by the parties and the Court concerning the obligations of

25  the parties to log privileged documents.

26  **Document Request No. 25**

27        All agreements between or among SHUSTER and SIEGEL regarding any

28  purported rights in SUPERMAN and/or SUPERBOY.

-148-

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1    **Response to Document Request No. 25**

2         In addition to the General Objections, which are incorporated herein by this

3    reference, Peary specifically objects to this request on the ground that the

4    underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

5    12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

6    statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

7    greatly narrow the issues. *See* General Objection ¶ 1, *supra*. Peary further objects

8    to this request to the extent that it is relevant only to DC's Third through Sixth state

9    law claims as such discovery should be stayed during the pendency of Defendants'

10    anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

11    *See* General Objection ¶ 2, *supra*. Peary further objects to this request to the extent

12    it seeks any privileged documents concerning any Collective Bargaining between

13    the Shusters and Siegels and because plaintiff's use of such information violates the

14    parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3,

15    *supra*.

16         In addition to the above, Peary objects to this request on the grounds that

17    it is compound, overbroad, burdensome and oppressive. Peary objects to this

18    request on the grounds that the phrase "purported rights" is vague and

19    ambiguous, and lacks sufficient precision to allow him to formulate an

20    appropriate response. Peary further objects to this request on the grounds that it

21    is indefinite as to time and not reasonably limited in scope. Peary further

22    objects to this request to the extent that it seeks the production of any item, or

23    portion thereof, which is not reasonably calculated to lead to the discovery of

24    relevant and admissible evidence. Peary additionally objects to this request to

25    the extent that it seeks communications or items protected by the attorney-client

26    privilege, the attorney work product doctrine and any other privilege or

27    immunity available under law or arising from contractual obligation. Subject to

28    and without waiving the foregoing, and the general and specific objections,

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

EXHIBIT R
338

1   Peary will produce responsive documents consistent with his understanding of

2   this request, if any, that are not privileged and not subject to the parties' JAMS

3   Confidentiality Agreement, provided that such production is based upon a

4   stipulation signed by the parties and the Court concerning the obligations of the

5   parties to log privileged documents.

6   **Document Request No. 26**

7       All DOCUMENTS relating to or affecting the ability of YOU or the

8   SHUSTER HEIRS to negotiate or enter into agreements regarding SUPERMAN

9   and/or SUPERBOY.

10  **Response to Document Request No. 26**

11      In addition to the General Objections, which are incorporated herein by this

12  reference, Peary specifically objects to this request on the ground that the

13  underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

14  12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

15  statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

16  greatly narrow the issues. *See* General Objection ¶ 1, *supra*. Peary further objects

17  to this request to the extent that it is relevant only to DC's Third through Sixth state

18  law claims as such discovery should be stayed during the pendency of Defendants'

19  anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

20  *See* General Objection ¶ 2, *supra*. Peary further objects to this request to the extent

21  it seeks any privileged documents concerning any Collective Bargaining between

22  the Shusters and Siegels and because plaintiff's use of such information violates the

23  parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3,

24  *supra*.

25      In addition to the above, Peary objects to this request on the grounds that it is

26  compound, overbroad, burdensome and oppressive. Peary further objects to this

27  request on the grounds that the phrase "affecting the ability of YOU or the

28  SHUSTER HEIRS to negotiate or enter into agreements regarding SUPERMAN

-150-

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

EXHIBIT R

339

1    and/or SUPERBOY" is vague and ambiguous, and lacks sufficient precision to

2    allow him to formulate an appropriate response.  Peary further objects to this

3    request on the grounds that it is indefinite as to time and not reasonably limited in

4    scope.  Peary further objects to this request to the extent that it seeks the production

5    of any item, or portion thereof, which is not reasonably calculated to lead to the

6    discovery of relevant and admissible evidence.  Peary additionally objects to this

7    request to the extent that it seeks communications or items protected by the

8    attorney-client privilege, the attorney work product doctrine and any other privilege

9    or immunity available under law or arising from contractual obligation. Subject to

10   and without waiving the foregoing, and the general and specific objections, Peary

11   will produce responsive documents consistent with his understanding of this

12   request, if any, that are not privileged and not subject to the parties' JAMS

13   Confidentiality Agreement, provided that such production is based upon a

14   stipulation signed by the parties and the Court concerning the obligations of the

15   parties to log privileged documents.

16   **Document Request No. 27**

17        All DOCUMENTS relating to or affecting the ability of the SIEGEL HEIRS

18   to negotiate or enter into agreements regarding SUPERMAN and/or SUPERBOY.

19   **Response to Document Request No. 27**

20        In addition to the General Objections, which are incorporated herein by this

21   reference, Peary specifically objects to this request on the ground that the

22   underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

23   12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

24   statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

25   greatly narrow the issues.  *See* General Objection ¶ 1, *supra*.  Peary further objects

26   to this request to the extent that it is relevant only to DC's Third through Sixth state

27   law claims as such discovery should be stayed during the pendency of Defendants'

28   anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

-151-

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1  *See* General Objection ¶ 2, *supra*.  Peary further objects to this request to the extent

2  it seeks any privileged documents concerning any Collective Bargaining between

3  the Shusters and Siegels and because plaintiff's use of such information violates the

4  parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3,

5  *supra*.

6      In addition to the above, Peary objects to this request on the grounds that it is

7  compound, overbroad, burdensome and oppressive.  Peary further objects to this

8  request on the grounds that the phrase "affecting the ability of the SIEGEL HEIRS

9  to negotiate or enter into agreements" is vague and ambiguous, and lacks sufficient

10 precision to allow him to formulate an appropriate response.  Peary further objects

11 to this request on the grounds that it is indefinite as to time and not reasonably

12 limited in scope.  Peary further objects to this request to the extent that it seeks the

13 production of any item, or portion thereof, which is not reasonably calculated to

14 lead to the discovery of relevant and admissible evidence.  Peary additionally

15 objects to this request to the extent that it seeks communications or items protected

16 by the attorney-client privilege, the attorney work product doctrine and any other

17 privilege or immunity available under law or arising from contractual obligation.

18 Subject to and without waiving the foregoing, and the general and specific

19 objections, Peary will produce responsive documents consistent with his

20 understanding of this request, if any, that are not privileged and not subject to the

21 parties' JAMS Confidentiality Agreement, provided that such production is based

22 upon a stipulation signed by the parties and the Court concerning the obligations of

23 the parties to log privileged documents.

24 **Document Request No. 28**

25     All DOCUMENTS relating to or affecting the disposition, division, or

26 ownership of any rights in SUPERMAN and/or SUPERBOY.

27

28

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

EXHIBIT R
341

1    **Response to Document Request No. 28**

2         In addition to the General Objections, which are incorporated herein by

3    this reference, Peary specifically objects to this request on the ground that the

4    underlying complaint is subject to multiple motions to dismiss pursuant to

5    FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's

6    anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the

7    entire case and/or greatly narrow the issues. *See* General Objection ¶ 1, *supra*.

8    Peary further objects to this request to the extent that it is relevant only to DC's

9    Third through Sixth state law claims as such discovery should be stayed during the

10   pendency of Defendants' anti-SLAPP motion and because the Third Claim does

11   not exist as a matter of law. *See* General Objection ¶ 2, *supra*. Peary further

12   objects to this request to the extent it seeks any privileged documents concerning

13   any Collective Bargaining between the Shusters and Siegels and because plaintiff's

14   use of such information violates the parties' May 1, 2008 JAMS Confidentiality

15   Agreement. *See* General Objection ¶ 3, *supra*.

16        In addition to the above, Peary objects to this request on the grounds that it is

17   compound, overbroad, burdensome and oppressive. Peary further objects to this

18   request on the grounds that the phrase "affecting the disposition, division, or

19   ownership of" is vague and ambiguous, and lacks sufficient precision to allow him

20   to formulate an appropriate response. Peary further objects to this request on the

21   grounds that it is indefinite as to time and not reasonably limited in scope. Peary

22   further objects to this request to the extent that it seeks the production of any item,

23   or portion thereof, which is not reasonably calculated to lead to the discovery of

24   relevant and admissible evidence. Peary additionally objects to this request to the

25   extent that it seeks communications or items protected by the attorney-client

26   privilege, the attorney work product doctrine and any other privilege or immunity

27   available under law or arising from contractual obligation. Subject to and without

28   waiving the foregoing, and the general and specific objections, Peary will produce

-153-

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1    responsive documents consistent with his understanding of this request, if any, that

2    are not privileged and not subject to the parties' JAMS Confidentiality Agreement,

3    provided that such production is based upon a stipulation signed by the parties and

4    the Court concerning the obligations of the parties to log privileged documents.

5    **Document Request No. 29**

6        All DOCUMENTS relating to or affecting the division of revenue, proceeds,

7    or other profits regarding SUPERMAN and/or SUPERBOY.

8    **Response to Document Request No. 29**

9        In addition to the General Objections, which are incorporated herein by this

10    reference, Peary specifically objects to this request on the ground that the

11    underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

12    12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

13    statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

14    greatly narrow the issues.  *See* General Objection ¶ 1, *supra*.  Peary further objects

15    to this request to the extent that it is relevant only to DC's Third through Sixth state

16    law claims as such discovery should be stayed during the pendency of Defendants'

17    anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

18    *See* General Objection ¶ 2, *supra*.  Peary further objects to this request to the extent

19    it seeks any privileged documents concerning any Collective Bargaining between

20    the Shusters and Siegels and because plaintiff's use of such information violates the

21    parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3,

22    *supra*.

23        In addition to the above, Peary objects to this request on the grounds that it is

24    compound, overbroad, burdensome and oppressive.  Peary further objects to this

25    request on the grounds that the phrase "affecting the division of" is vague and

26    ambiguous, and lacks sufficient precision to allow him to formulate an appropriate

27    response.  Peary further objects to this request on the grounds that it is indefinite as

28    to time and not reasonably limited in scope.  Peary further objects to this request to

-154-                                    JOINT STIPULATION RE:
                                    DC COMICS' MOTION TO COMPEL

1   the extent that it seeks the production of any item, or portion thereof, which is not

2   reasonably calculated to lead to the discovery of relevant and admissible evidence.

3   Peary additionally objects to this request to the extent that it seeks communications

4   or items protected by the attorney-client privilege, the attorney work product

5   doctrine and any other privilege or immunity available under law or arising from

6   contractual obligation.  Subject to and without waiving the foregoing, and the

7   general and specific objections, Peary will produce responsive documents

8   consistent with his understanding of this request, if any, that are not privileged and

9   not subject to the parties' JAMS Confidentiality Agreement, provided that such

10  production is based upon a stipulation signed by the parties and the Court

11  concerning the obligations of the parties to log privileged documents.

12  **Document Request No. 30**

13      All DOCUMENTS relating to or affecting the division of any settlement

14  proceeds regarding SUPERMAN and/or SUPERBOY.

15  **Response to Document Request No. 30**

16      In addition to the General Objections, which are incorporated herein by this

17  reference, Peary specifically objects to this request on the ground that the

18  underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

19  12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

20  statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

21  greatly narrow the issues.  *See* General Objection ¶ 1, *supra*.  Peary further objects

22  to this request to the extent that it is relevant only to DC's Third through Sixth state

23  law claims as such discovery should be stayed during the pendency of Defendants'

24  anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

25  *See* General Objection ¶ 2, *supra*.  Peary further objects to this request to the extent

26  it seeks any privileged documents concerning any Collective Bargaining between

27  the Shusters and Siegels and because plaintiff's use of such information violates the

28  parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3,

-155-

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1    *supra*.

2        In addition to the above, Peary objects to this request on the grounds that it is

3    compound, overbroad, burdensome and oppressive.  Peary further objects to this

4    request on the grounds that the phrase "affecting the division of" is vague and

5    ambiguous, and lacks sufficient precision to allow him to formulate an appropriate

6    response.  Peary further objects to this request on the grounds that it is indefinite as

7    to time and not reasonably limited in scope.  Peary further objects to this request to

8    the extent that it seeks the production of any item, or portion thereof, which is not

9    reasonably calculated to lead to the discovery of relevant and admissible evidence.

10   Peary additionally objects to this request to the extent that it seeks communications

11   or items protected by the attorney-client privilege, the attorney work product

12   doctrine and any other privilege or immunity available under law or arising from

13   contractual obligation.  Subject to and without waiving the foregoing, and the

14   general and specific objections, Peary will produce responsive documents

15   consistent with his understanding of this request, if any, that are not privileged and

16   not subject to the parties' JAMS Confidentiality Agreement, provided that such

17   production is based upon a stipulation signed by the parties and the Court

18   concerning the obligations of the parties to log privileged documents.

19   **Document Request No. 31**

20       All DOCUMENTS relating to the potential sale, assignment, license, or other

21   disposition of any rights relating to SUPERMAN and/or SUPERBOY, including

22   but not limited to any solicitation, offer, option, or proposed agreement.

23   **Response to Document Request No. 31**

24       In addition to the General Objections, which are incorporated herein by this

25   reference, Peary specifically objects to this request on the ground that the

26   underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

27   12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

28   statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

-156-

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1  greatly narrow the issues.  *See* General Objection ¶ 1, *supra*.  Peary further objects

2  to this request to the extent that it is relevant only to DC's Third through Sixth state

3  law claims as such discovery should be stayed during the pendency of Defendants'

4  anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

5  *See* General Objection ¶ 2, *supra*.  Peary further objects to this request to the extent

6  it seeks any privileged documents concerning any Collective Bargaining between

7  the Shusters and Siegels and because plaintiff's use of such information violates the

8  parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3,

9  *supra*.

10      In addition to the above, Peary objects to this request on the grounds that it is

11  compound, overbroad, burdensome and oppressive.  Peary further objects to this

12  request on the grounds that the request is vague and ambiguous, and lacks sufficient

13  precision to allow him to formulate an appropriate response.  Peary further objects

14  to this request on the grounds that it is indefinite as to time and not reasonably

15  limited in scope.  Peary further objects to this request to the extent that it seeks the

16  production of any item, or portion thereof, which is not reasonably calculated to

17  lead to the discovery of relevant and admissible evidence.  Peary additionally

18  objects to this request to the extent that it seeks communications or items protected

19  by the attorney-client privilege, the attorney work product doctrine and any other

20  privilege or immunity available under law or arising from contractual obligation.

21  Subject to and without waiving the foregoing, and the general and specific

22  objections, Peary will produce responsive documents consistent with his

23  understanding of this request, if any, that are not privileged and not subject to the

24  parties' JAMS Confidentiality Agreement, provided that such production is based

25  upon a stipulation signed by the parties and the Court concerning the obligations of

26  the parties to log privileged documents.

27  **Document Request No. 32**

28      All DOCUMENTS relating to the valuation of any past, current, or potential

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1    ownership interest in SUPERMAN and/or SUPERBOY.

2    **Response to Document Request No. 32**

3          In addition to the General Objections, which are incorporated herein by this

4    reference, Peary specifically objects to this request on the ground that the

5    underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

6    12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

7    statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

8    greatly narrow the issues. *See* General Objection ¶ 1, *supra*. Peary further objects

9    to this request to the extent that it is relevant only to DC's Third through Sixth state

10   law claims as such discovery should be stayed during the pendency of Defendants'

11   anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

12   *See* General Objection ¶ 2, *supra*. Peary further objects to this request to the extent

13   it seeks any privileged documents concerning any Collective Bargaining between

14   the Shusters and Siegels and because plaintiff's use of such information violates the

15   parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3,

16   *supra*.

17         In addition to the above, Peary objects to this request on the grounds that it is

18   compound, overbroad, burdensome and oppressive. Peary further objects to this

19   request on the grounds that the phrase "valuation of any past, current, or potential

20   ownership interest in SUPERMAN and/or SUPERBOY" is vague and ambiguous,

21   and lacks sufficient precision to allow her to formulate an appropriate response.

22   Peary further objects to this request on the grounds that it is indefinite as to time

23   and not reasonably limited in scope. Peary further objects to this request to the

24   extent that it seeks the production of any item, or portion thereof, which is not

25   reasonably calculated to lead to the discovery of relevant and admissible evidence.

26   Peary additionally objects to this request to the extent that it seeks communications

27   or items protected by the attorney-client privilege, the attorney work product

28   doctrine and any other privilege or immunity available under law or arising from

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1  contractual obligation.  Subject to and without waiving the foregoing, and the

2  general and specific objections, Peary will produce responsive non-privileged

3  documents consistent with his understanding of this request, if any, provided that

4  such production is based upon a stipulation signed by the parties and the Court

5  concerning the obligations of the parties to log privileged documents.

6  **Document Request No. 33**

7      All DOCUMENTS relating to the introduction of YOU or the SHUSTER

8  HEIRS to any DEFENDANT.

9  **Response to Document Request No. 33**

10      In addition to the General Objections, which are incorporated herein by this

11  reference, Peary specifically objects to this request on the ground that the

12  underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

13  12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

14  statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

15  greatly narrow the issues.  *See* General Objection ¶ 1, *supra*.  Peary further objects

16  to this request to the extent that it is relevant only to DC's Third through Sixth state

17  law claims as such discovery should be stayed during the pendency of Defendants'

18  anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

19  *See* General Objection ¶ 2, *supra*.  Peary further objects to this request to the extent

20  it seeks any privileged documents concerning any Collective Bargaining between

21  the Shusters and Siegels and because plaintiff's use of such information violates the

22  parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3,

23  *supra*.

24      In addition to the above, Peary objects to this request on the grounds that it is

25  compound, overbroad, burdensome and oppressive.  Peary further objects to this

26  request on the grounds that the phrase "introduction of YOU or the SHUSTER

27  HEIRS to any DEFENDANT" is vague and ambiguous, and lacks sufficient

28  precision to allow him to formulate an appropriate response.  Peary further objects

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

EXHIBIT R
348

1  to this request on the grounds that it is indefinite as to time and not reasonably

2  limited in scope.  Peary further objects to this request to the extent that it seeks the

3  production of any item, or portion thereof, which is not reasonably calculated to

4  lead to the discovery of relevant and admissible evidence.  Peary additionally

5  objects to this request to the extent that it seeks communications or items protected

6  by the attorney-client privilege, the attorney work product doctrine and any other

7  privilege or immunity available under law or arising from contractual obligation.

8  Subject to and without waiving the foregoing, and the general and specific

9  objections, Peary will produce responsive non-privileged documents consistent

10  with his understanding of this request, if any, provided that such production is

11  based upon a stipulation signed by the parties and the Court concerning the

12  obligations of the parties to log privileged documents.

13  **Document Request No. 34**

14       All DOCUMENTS relating to the introduction of the SIEGEL HEIRS to any

15  DEFENDANT.

16  **Response to Document Request No. 34**

17       In addition to the General Objections, which are incorporated herein by this

18  reference, Peary specifically objects to this request on the ground that the

19  underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

20  12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

21  statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

22  greatly narrow the issues.  *See* General Objection ¶ 1, *supra*.  Peary further objects

23  to this request to the extent that it is relevant only to DC's Third through Sixth state

24  law claims as such discovery should be stayed during the pendency of Defendants'

25  anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

26  *See* General Objection ¶ 2, *supra*.  Peary further objects to this request to the extent

27  it seeks any privileged documents concerning any Collective Bargaining between

28  the Shusters and Siegels and because plaintiff's use of such information violates the

-160-

1   parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3,

2   *supra*.

3        In addition to the above, Peary objects to this request on the grounds that it is

4   compound, overbroad, burdensome and oppressive.  Peary further objects to this

5   request on the grounds that the phrase "introduction of the SIEGEL HEIRS to any

6   DEFENDANT" is vague and ambiguous, and lacks sufficient precision to allow

7   him to formulate an appropriate response.  Peary further objects to this request on

8   the grounds that it is indefinite as to time and not reasonably limited in scope.

9   Peary further objects to this request to the extent that it seeks the production of any

10  item, or portion thereof, which is not reasonably calculated to lead to the discovery

11  of relevant and admissible evidence.  Peary additionally objects to this request to

12  the extent that it seeks communications or items protected by the attorney-client

13  privilege, the attorney work product doctrine and any other privilege or immunity

14  available under law or arising from contractual obligation.  Subject to and without

15  waiving the foregoing, and the general and specific objections, Peary will produce

16  responsive non-privileged documents consistent with his understanding of this

17  request, if any, provided that such production is based upon a stipulation signed by

18  the parties and the Court concerning the obligations of the parties to log privileged

19  documents.

20  **Document Request No. 35**

21       All DOCUMENTS relating to the letter dated August 21, 1992 that YOU

22  sent to Time Warner Inc.

23  **Response to Document Request No. 35**

24       In addition to the General Objections, which are incorporated herein by this

25  reference, Peary specifically objects to this request on the ground that the

26  underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

27  12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

28  statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

-161-

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1   greatly narrow the issues.  *See* General Objection ¶ 1, *supra*.  Peary further objects

2   to this request to the extent that it is relevant only to DC's Third through Sixth state

3   law claims as such discovery should be stayed during the pendency of Defendants'

4   anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

5   *See* General Objection ¶ 2, *supra*.  Peary further objects to this request to the extent

6   it seeks any privileged documents concerning any Collective Bargaining between

7   the Shusters and Siegels and because plaintiff's use of such information violates the

8   parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3,

9   *supra*.

10          In addition to the above, Peary objects to this request on the grounds that it is

11  compound, overbroad, burdensome and oppressive.  Peary further objects to this

12  request on the grounds that it is vague and ambiguous, and lacks sufficient

13  precision to allow him to formulate an appropriate response.  Peary further objects

14  to this request on the grounds that it is indefinite as to time and not reasonably

15  limited in scope.  Peary further objects to this request to the extent that it seeks the

16  production of any item, or portion thereof, which is not reasonably calculated to

17  lead to the discovery of relevant and admissible evidence.  Peary additionally

18  objects to this request to the extent that it seeks communications or items protected

19  by the attorney-client privilege, the attorney work product doctrine and any other

20  privilege or immunity available under law or arising from contractual obligation.

21  Peary additionally objects to the extent that he did not send an August 21, 1992

22  letter to Time Warner Inc.  Subject to and without waiving the foregoing, and the

23  general and specific objections, Peary will produce responsive non-privileged

24  documents consistent with his understanding of this request, if any, provided that

25  such production is based upon a stipulation signed by the parties and the Court

26  concerning the obligations of the parties to log privileged documents.

27  **Document Request No. 36**

28          All DOCUMENTS relating to the letter dated September 10, 1992 that Frank

-162-

1   Shuster sent on YOUR behalf to Paul Levitz of DC Comics.

2   **Response to Document Request No. 36**

3   In addition to the General Objections, which are incorporated herein by this

4   reference, Peary specifically objects to this request on the ground that the

5   underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

6   12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

7   statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

8   greatly narrow the issues. *See* General Objection ¶ 1, *supra*. Peary further objects

9   to this request to the extent that it is relevant only to DC's Third through Sixth state

10  law claims as such discovery should be stayed during the pendency of Defendants'

11  anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

12  *See* General Objection ¶ 2, *supra*. Peary further objects to this request to the extent

13  it seeks any privileged documents concerning any Collective Bargaining between

14  the Shusters and Siegels and because plaintiff's use of such information violates the

15  parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3,

16  *supra*.

17  In addition to the above, Peary objects to this request on the grounds that it is

18  compound, overbroad, burdensome and oppressive. Peary further objects to this

19  request on the grounds that it is vague and ambiguous, and lacks sufficient

20  precision to allow him to formulate an appropriate response. Peary further objects

21  to this request on the grounds that it is indefinite as to time and not reasonably

22  limited in scope. Peary further objects to this request to the extent that it seeks the

23  production of any item, or portion thereof, which is not reasonably calculated to

24  lead to the discovery of relevant and admissible evidence. Peary additionally

25  objects to this request to the extent that it seeks communications or items protected

26  by the attorney-client privilege, the attorney work product doctrine and any other

27  privilege or immunity available under law or arising from contractual obligation.

28  Peary additionally objects to the extent that this September 10, 1992 letter was not

-163-

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

EXHIBIT R
352

1    sent on his behalf.  Subject to and without waiving the foregoing, and the general

2    and specific objections, Peary will produce responsive non-privileged documents

3    consistent with his understanding of this request, if any, provided that such

4    production is based upon a stipulation signed by the parties and the Court

5    concerning the obligations of the parties to log privileged documents.

6    **Document Request No. 37**

7    　　All DOCUMENTS relating to the agreement dated August 1, 1992 that YOU

8    entered into with DC Comics.

9    **Response to Document Request No. 37**

10    　　In addition to the General Objections, which are incorporated herein by this

11    reference, Peary specifically objects to this request on the ground that the

12    underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

13    12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

14    statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

15    greatly narrow the issues.  *See* General Objection ¶ 1, *supra*.  Peary further objects

16    to this request to the extent that it is relevant only to DC's Third through Sixth state

17    law claims as such discovery should be stayed during the pendency of Defendants'

18    anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

19    *See* General Objection ¶ 2, *supra*.  Peary further objects to this request to the extent

20    it seeks any privileged documents concerning any Collective Bargaining between

21    the Shusters and Siegels and because plaintiff's use of such information violates the

22    parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3,

23    *supra*.

24    　　In addition to the above, Peary objects to this request on the grounds that it is

25    compound, overbroad, burdensome and oppressive.  Peary further objects to this

26    request on the grounds that it is vague and ambiguous, and lacks sufficient

27    precision to allow him to formulate an appropriate response.  Peary further objects

28    to this request on the grounds that it is indefinite as to time and not reasonably

-164-

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

EXHIBIT R
353

1  limited in scope.  Peary further objects to this request to the extent that it seeks the

2  production of any item, or portion thereof, which is not reasonably calculated to

3  lead to the discovery of relevant and admissible evidence.  Peary additionally

4  objects to this request to the extent that it seeks communications or items protected

5  by the attorney-client privilege, the attorney work product doctrine and any other

6  privilege or immunity available under law or arising from contractual obligation.

7  Peary additionally objects on the ground that he was not a party to this agreement

8  with DC Comics dated August 1, 1992.  Subject to and without waiving the

9  foregoing, and the general and specific objections, Peary will produce responsive

10 non-privileged documents consistent with his understanding of this request, if any,

11 provided that such production is based upon a stipulation signed by the parties and

12 the Court concerning the obligations of the parties to log privileged documents.

13 **Document Request No. 38**

14      All DOCUMENTS relating to the letter dated July 10, 1993 that YOU sent to

15 Paul Levitz of DC Comics.

16 **Response to Document Request No. 38**

17      In addition to the General Objections, which are incorporated herein by this

18 reference, Peary specifically objects to this request on the ground that the

19 underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

20 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

21 statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

22 greatly narrow the issues.  *See* General Objection ¶ 1, *supra*.  Peary further objects

23 to this request to the extent that it is relevant only to DC's Third through Sixth state

24 law claims as such discovery should be stayed during the pendency of Defendants'

25 anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

26 *See* General Objection ¶ 2, *supra*.  Peary further objects to this request to the extent

27 it seeks any privileged documents concerning any Collective Bargaining between

28 the Shusters and Siegels and because plaintiff's use of such information violates the

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1  parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3,

2  *supra*.

3        In addition to the above, Peary objects to this request on the grounds that it is

4  compound, overbroad, burdensome and oppressive.  Peary further objects to this

5  request on the grounds that it is vague and ambiguous, and lacks sufficient

6  precision to allow him to formulate an appropriate response.  Peary further objects

7  to this request on the grounds that it is indefinite as to time and not reasonably

8  limited in scope.  Peary further objects to this request to the extent that it seeks the

9  production of any item, or portion thereof, which is not reasonably calculated to

10 lead to the discovery of relevant and admissible evidence.  Peary additionally

11 objects to this request to the extent that it seeks communications or items protected

12 by the attorney-client privilege, the attorney work product doctrine and any other

13 privilege or immunity available under law or arising from contractual obligation.

14 Peary additionally objects to the extent that he did not send a July 10, 1993 letter to

15 Paul Levitz of DC Comics.  Subject to and without waiving the foregoing, and the

16 general and specific objections, Peary will produce responsive non-privileged

17 documents consistent with his understanding of this request, if any, provided that

18 such production is based upon a stipulation signed by the parties and the Court

19 concerning the obligations of the parties to log privileged documents.

20 **Document Request No. 39**

21       All DOCUMENTS relating to the letter dated September 14, 1993 that YOU

22 sent to Paul Levitz of DC Comics.

23 **Response to Document Request No. 39**

24       In addition to the General Objections, which are incorporated herein by this

25 reference, Peary specifically objects to this request on the ground that the

26 underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

27 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

28 statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1    greatly narrow the issues. *See* General Objection ¶ 1, *supra*. Peary further objects

2    to this request to the extent that it is relevant only to DC's Third through Sixth state

3    law claims as such discovery should be stayed during the pendency of Defendants'

4    anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

5    *See* General Objection ¶ 2, *supra*. Peary further objects to this request to the extent

6    it seeks any privileged documents concerning any Collective Bargaining between

7    the Shusters and Siegels and because plaintiff's use of such information violates the

8    parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3,

9    *supra*.

10            In addition to the above, Peary objects to this request on the grounds that it is

11   compound, overbroad, burdensome and oppressive. Peary further objects to this

12   request on the grounds that it is vague and ambiguous, and lacks sufficient

13   precision to allow him to formulate an appropriate response. Peary further objects

14   to this request on the grounds that it is indefinite as to time and not reasonably

15   limited in scope. Peary further objects to this request to the extent that it seeks the

16   production of any item, or portion thereof, which is not reasonably calculated to

17   lead to the discovery of relevant and admissible evidence. Peary additionally

18   objects to this request to the extent that it seeks communications or items protected

19   by the attorney-client privilege, the attorney work product doctrine and any other

20   privilege or immunity available under law or arising from contractual obligation.

21   Peary additionally objects to the extent that he did not send a September 14, 1993

22   letter to Paul Levitz of DC Comics. Subject to and without waiving the foregoing,

23   and the general and specific objections, Peary will produce responsive non-

24   privileged documents consistent with his understanding of this request, if any,

25   provided that such production is based upon a stipulation signed by the parties and

26   the Court concerning the obligations of the parties to log privileged documents.

27   **Document Request No. 40**

28           All DOCUMENTS relating to the letter dated April 27, 1995 that YOU sent

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

EXHIBIT R
356

1    to Paul Levitz of DC Comics.

2    **Response to Document Request No. 40**

3    In addition to the General Objections, which are incorporated herein by this

4    reference, Peary specifically objects to this request on the ground that the

5    underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

6    12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

7    statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

8    greatly narrow the issues. *See* General Objection ¶ 1, *supra*. Peary further objects

9    to this request to the extent that it is relevant only to DC's Third through Sixth state

10   law claims as such discovery should be stayed during the pendency of Defendants'

11   anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

12   *See* General Objection ¶ 2, *supra*. Peary further objects to this request to the extent

13   it seeks any privileged documents concerning any Collective Bargaining between

14   the Shusters and Siegels and because plaintiff's use of such information violates the

15   parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3,

16   *supra*.

17   In addition to the above, Peary objects to this request on the grounds that it is

18   compound, overbroad, burdensome and oppressive. Peary further objects to this

19   request on the grounds that it is vague and ambiguous, and lacks sufficient

20   precision to allow him to formulate an appropriate response. Peary further objects

21   to this request on the grounds that it is indefinite as to time and not reasonably

22   limited in scope. Peary further objects to this request to the extent that it seeks the

23   production of any item, or portion thereof, which is not reasonably calculated to

24   lead to the discovery of relevant and admissible evidence. Peary additionally

25   objects to this request to the extent that it seeks communications or items protected

26   by the attorney-client privilege, the attorney work product doctrine and any other

27   privilege or immunity available under law or arising from contractual obligation.

28   Peary additionally objects to the extent that he did not send an April 27, 1995 letter

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1  to Paul Levitz of DC Comics.  Subject to and without waiving the foregoing, and

2  the general and specific objections, Peary will produce responsive non-privileged

3  documents consistent with his understanding of this request, if any, provided that

4  such production is based upon a stipulation signed by the parties and the Court

5  concerning the obligations of the parties to log privileged documents.

6  **Document Request No. 41**

7  All DOCUMENTS relating to the letter agreement dated November 23, 2001

8  that YOU entered into with DEFENDANT Pacific Pictures Corporation.

9  **Response to Document Request No. 41**

10  In addition to the General Objections, which are incorporated herein by this

11  reference, Peary specifically objects to this request on the ground that the

12  underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

13  12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

14  statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

15  greatly narrow the issues.  *See* General Objection ¶ 1, *supra*.  Peary further objects

16  to this request to the extent that it is relevant only to DC's Third through Sixth state

17  law claims as such discovery should be stayed during the pendency of Defendants'

18  anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

19  *See* General Objection ¶ 2, *supra*.  Peary further objects to this request to the extent

20  it seeks any privileged documents concerning any Collective Bargaining between

21  the Shusters and Siegels and because plaintiff's use of such information violates the

22  parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3,

23  *supra*.

24  In addition to the above, Peary objects to this request on the grounds that it is

25  compound, overbroad, burdensome and oppressive.  Peary further objects to this

26  request on the grounds that it is vague and ambiguous, and lacks sufficient

27  precision to allow him to formulate an appropriate response.  Peary further objects

28  to this request on the grounds that it is indefinite as to time and not reasonably

-169-

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1   limited in scope.  Peary further objects to this request to the extent that it seeks the

2   production of any item, or portion thereof, which is not reasonably calculated to

3   lead to the discovery of relevant and admissible evidence.  Peary additionally

4   objects to this request to the extent that it seeks communications or items protected

5   by the attorney-client privilege, the attorney work product doctrine and any other

6   privilege or immunity available under law or arising from contractual obligation.

7   Subject to and without waiving the foregoing, and the general and specific

8   objections, Peary will produce responsive non-privileged documents consistent

9   with his understanding of this request, if any, provided that such production is

10  based upon a stipulation signed by the parties and the Court concerning the

11  obligations of the parties to log privileged documents.

12  **Document Request No. 42**

13       All DOCUMENTS relating to the letter agreement dated October 27, 2003

14  that YOU entered into with DEFENDANT Pacific Pictures Corporation.

15  **Response to Document Request No. 42**

16       In addition to the General Objections, which are incorporated herein by this

17  reference, Peary specifically objects to this request on the ground that the

18  underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

19  12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

20  statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

21  greatly narrow the issues.  *See* General Objection ¶ 1, *supra*.  Peary further objects

22  to this request to the extent that it is relevant only to DC's Third through Sixth state

23  law claims as such discovery should be stayed during the pendency of Defendants'

24  anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

25  *See* General Objection ¶ 2, *supra*.  Peary further objects to this request to the extent

26  it seeks any privileged documents concerning any Collective Bargaining between

27  the Shusters and Siegels and because plaintiff's use of such information violates the

28  parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3,

-170-

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1   *supra*.

2        In addition to the above, Peary objects to this request on the grounds that it is

3   compound, overbroad, burdensome and oppressive.  Peary further objects to this

4   request on the grounds that it is vague and ambiguous, and lacks sufficient

5   precision to allow him to formulate an appropriate response.  Peary further objects

6   to this request on the grounds that it is indefinite as to time and not reasonably

7   limited in scope.  Peary further objects to this request to the extent that it seeks the

8   production of any item, or portion thereof, which is not reasonably calculated to

9   lead to the discovery of relevant and admissible evidence.  Peary additionally

10  objects to this request to the extent that it seeks communications or items protected

11  by the attorney-client privilege, the attorney work product doctrine and any other

12  privilege or immunity available under law or arising from contractual obligation.

13  Subject to and without waiving the foregoing, and the general and specific

14  objections, Peary will produce responsive non-privileged documents consistent

15  with his understanding of this request, if any, provided that such production is

16  based upon a stipulation signed by the parties and the Court concerning the

17  obligations of the parties to log privileged documents.

18  **Document Request No. 43**

19       All DOCUMENTS relating to the letter dated September 10, 2004 that YOU

20  signed with DEFENDANT Pacific Pictures Corporation.

21  **Response to Document Request No. 43**

22       In addition to the General Objections, which are incorporated herein by this

23  reference, Peary specifically objects to this request on the ground that the

24  underlying complaint is subject to multiple motions to dismiss pursuant to FRCP

25  12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP

26  statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or

27  greatly narrow the issues.  *See* General Objection ¶ 1, *supra*.  Peary further objects

28  to this request to the extent that it is relevant only to DC's Third through Sixth state

-171-

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1    law claims as such discovery should be stayed during the pendency of Defendants'

2    anti-SLAPP motion and because the Third Claim does not exist as a matter of law.

3    *See* General Objection ¶ 2, *supra*.  Peary further objects to this request to the extent

4    it seeks any privileged documents concerning any Collective Bargaining between

5    the Shusters and Siegels and because plaintiff's use of such information violates the

6    parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* General Objection ¶ 3,

7    *supra*.

8           In addition to the above, Peary objects to this request on the grounds that it is

9    compound, overbroad, burdensome and oppressive.  Peary further objects to this

10   request on the grounds that it is vague and ambiguous, and lacks sufficient

11   precision to allow him to formulate an appropriate response.  Peary further objects

12   to this request on the grounds that it is indefinite as to time and not reasonably

13   limited in scope.  Peary further objects to this request to the extent that it seeks the

14   production of any item, or portion thereof, which is not reasonably calculated to

15   lead to the discovery of relevant and admissible evidence.  Peary additionally

16   objects to this request to the extent that it seeks communications or items protected

17   by the attorney-client privilege, the attorney work product doctrine and any other

18   privilege or immunity available under law or arising from contractual obligation.

19   Subject to and without waiving the foregoing, and the general and specific

20   objections, Peary will produce responsive non-privileged documents consistent

21   with his understanding of this request, if any, provided that such production is

22   based upon a stipulation signed by the parties and the Court concerning the

23   obligations of the parties to log privileged documents.

24   **Document Request No. 44**

25          All DOCUMENTS relating to the Request of Termination of Transfer

26   Covering Extended Copyright Renewal Term of "Superman" served on behalf of

27   the Estate of Joseph Shuster on or around November 10, 2003.

28

-172-

**Response to Document Request No. 44**

In addition to the General Objections, which are incorporated herein by this reference, Peary specifically objects to this request on the ground that the underlying complaint is subject to multiple motions to dismiss pursuant to FRCP 12(b)(6) and (f) as well as a motion brought pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, that could dispose of the entire case and/or greatly narrow the issues. *See* General Objection ¶ 1, *supra*. Peary further objects to this request to the extent that it is relevant only to DC's Third through Sixth state law claims as such discovery should be stayed during the pendency of Defendants' anti-SLAPP motion and because the Third Claim does not exist as a matter of law. *See* General Objection ¶ 2, *supra*. Peary further objects to this request to the extent it seeks any privileged documents concerning any Collective Bargaining between the Shusters and Siegels and because plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement. *See* General Objection ¶ 3, *supra*.

In addition to the above, Peary objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive. Peary further objects to this request on the grounds that it is vague and ambiguous, and lacks sufficient precision to allow him to formulate an appropriate response. Peary further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Peary further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Peary additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing, and the general and specific objections, Peary will produce responsive non-privileged documents consistent

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1   with his understanding of this request, if any, provided that such production is

2   based upon a stipulation signed by the parties and the Court concerning the

3   obligations of the parties to log privileged documents.

4   (Underlining added.)

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

EXHIBIT R
363