# EXHIBIT X

# O'MELVENY & MYERS LLP

| | | |
|---|---|---|
| BEIJING | 1999 Avenue of the Stars, 7th Floor | SAN FRANCISCO |
| BRUSSELS | Los Angeles, California 90067-6035 | SHANGHAI |
| HONG KONG | | SILICON VALLEY |
| LONDON | TELEPHONE (310) 553-6700 | SINGAPORE |
| LOS ANGELES | FACSIMILE (310) 246-6779 | TOKYO |
| NEWPORT BEACH | www.omm.com | WASHINGTON, D.C. |
| NEW YORK | | |

December 20, 2010

OUR FILE NUMBER
905900-321

**VIA EMAIL SERVICE**

WRITER'S DIRECT DIAL
(310) 246-6850

WRITER'S E-MAIL ADDRESS
dpetrocelli@omm.com

Marc Toberoff
Toberoff & Associates, P.C.
2049 Century Park East, Suite 2720
Los Angeles, California 90067

      **Re:** *DC Comics v. Pacific Pictures Corp. et al.*, **CV-10-3633 (ODW) (RZx)**

Dear Counsel:

    We have received the privilege logs for defendants Joanne Siegel, Laura Siegel Larson, Jean Peavy, and Mark Peary. The logs fail to satisfy defendants' obligations under Rule 26, *see* FED. R. CIV. P. 26(b)(5)(A). Pursuant to the meet and confer requirements of Rule 37, as well as our existing stipulation and court order, we will have our Rule 37 conference tomorrow and can further address the issues raised in this letter. To summarize, the defects in defendants' logs are numerous, and absent prompt agreement to remedy the logs, DC intends to file a motion to address the deficiencies. They include the following:

    1. Defendants have omitted essential identifying information, including the subject matter of the documents and all recipients of the communications at issue (*e.g.,* persons who were copied or otherwise received the communication). *See, e.g., In re CV Therapeutics, Inc.*, 2006 WL 1699536, at *2 (N.D. Cal. June 16, 2006) (privilege log must include subject matter of each document); *Helm v. Alderwoods Grp., Inc.*, 2010 WL 2951871, at *1-2 (N.D. Cal. July 27, 2010) ("[W]ithout the names of the author(s) and recipient(s) of each document, [party] cannot determine whether the attorney-client privilege applies."). Without this information, neither DC nor the Court can make a proper evaluation of the propriety of the claim of privilege.

    2. Based upon the limited information contained in the privilege logs, it is apparent that defendants' claims of privilege are overbroad and unwarranted. Defendants cannot shield from discovery documents reflecting Mr. Toberoff's private commercial, business activities as an "entrepreneur," movie "producer," "rights hunter," and/or businessman. Just because a document is exchanged between Mr. Toberoff and the Siegel and Shuster heirs does not make it privileged. *See U.S. v. Martin*, 278 F.3d 988, 999 (9th Cir. 2002).

EXHIBIT X
571

O'MELVENY & MYERS LLP
December 20, 2010 - Page 2

     3. Unprivileged documents do not become privileged simply by conveying them to one's attorney. *See Suezaki v. Superior Court*, 58 Cal. 2d 166, 176 (1962) (mere transmission, even if the parties intend confidentiality, "cannot create the privilege if none, in fact, exists"). For example, DC is aware that Ms. Larson sent a letter to her brother Michael Siegel on July 11, 2003 concerning the sale of his Superman interest to Mr. Toberoff's investor. *See* Case No. CV 04-8400, Docket No. 295-2 at 2-3. Defendants have never produced the letter. DC believes the letter has been withheld as attorney-client privileged because it was faxed to Mr. Toberoff, as reflected in the Siegel defendants' privilege log. *See* Siegel Privilege Log, Entries 715 & 716. This untenable claim of privilege calls into question the remainder of defendants' privilege log.

     4. Defendants have no basis for asserting attorney-client privilege or work-product protection for documents involving Michael Siegel and/or Don Bulson. Mr. Siegel is the holder of the privilege, if any exists, in communications between himself and Mr. Bulson, and defendants cannot assert its protections on his behalf. *See* CAL. EVID. CODE § 953. Defendants' claims that documents are privileged under the joint defense or common-interest privilege are erroneous and were rejected by the U.S. District Court in Ohio. *In re: Subpoena Duces Tecum*, Docket No. 15, U.S. District Court Northern District of Ohio, Case No. 1:06 MC 99.

     5. Your log provides no grounds for your blanket claim that communications involving Dennis Larson are attorney-client privileged. As discussed above, the fact that Mr. Larson is an attorney does not render all communications with him privileged, and defendants have not made a showing that Mr. Larson was providing legal advice in connection with each of the communications at issue.

     6. Defendants' continued insistence that DC is not entitled to discover the consent agreements (or at least redacted versions of them) is without merit for, *inter alia*, the many reasons DC has explained in previous briefing on the subject. Docket No. 90 at 1, 16-24; Docket No. 125 at 12-18. We question why one document is listed in each log as evidencing the consent agreements—a document at only log entry number 27 of the Peary/Peavy Privilege Log and log entry number 2103 of the Siegel Privilege Log that you now describe as a "Collective Bargaining Agreement." We assume other agreements, drafts, and related documents exist, including correspondence. Nor do the logs identify the retainer agreements that the heirs signed; if such items are included on the log, we cannot tell because of the inadequate descriptions. These types of materials are discoverable, *see In re Grand Jury Proceedings*, 33 F.3d 1060, 1063-64 (9th Cir. 1994) (retainer agreements not privileged); *Montgomery Cnty. v. MicroVote Corp.*, 175 F.3d 296, 304 (3d Cir. 1999) ("The attorney-client privilege does not shield fee arrangements.")

     Again, because of the paucity of information in defendants' logs, we cannot identify all issues and objections associated with them. We therefore reserve our right to supplement our position as and when we obtain additional information.

EXHIBIT X
572

O'MELVENY & MYERS LLP
December 20, 2010 - Page 3

      Pursuant to the Magistrate's order, we will meet and confer regarding these issues tomorrow, December 21, 2010, at 2:00 p.m. PST. Please dial in to (866) 244-8528, Passcode: 224018, for our discussion tomorrow.

      Very truly yours,

      Matthew T. Kline
      of O'MELVENY & MYERS LLP

cc:    Daniel M. Petrocelli

CC1:841631

EXHIBIT X
573