# EXHIBIT DD

1  KENDALL BRILL & KLIEGER LLP
   Richard B. Kendall (90072)
2    rkendall@kbkfirm.com
   Laura W. Brill (195889)
3    lbrill@kbkfirm.com
   Nicholas F. Daum (236155)
4    ndaum@kbkfirm.com
   Nathalie E. Cohen (258222)
5    ncohen@kbkfirm.com
   10100 Santa Monica Blvd., Suite 1725
6  Los Angeles, California, 90067
   Telephone:   310.556.2700
7  Facsimile:   310.556.2705

8  Attorneys for Defendants Marc Toberoff,
   Pacific Pictures Corporation, IP
9  Worldwide, LL, and IPW, LLC

10              UNITED STATES DISTRICT COURT

11      CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

12  DC COMICS,                         Case No: CV 10-03633 ODW (RZx)
                      Plaintiff,
13                                      Hon. Otis D. Wright II, U.S.D.J.
         vs.
14                                      **DEFENDANT MARC
                                        TOBEROFF'S RESPONSE TO
15  PACIFIC PICTURES CORPORATION;       PLAINTIFF DC COMICS'
    IP WORLDWIDE, LLC; IPW, LLC;        FIRST SET OF
16  MARC TOBEROFF, an individual;       INTERROGATORIES**
17  MARK WARREN Peary, as personal      Complaint Filed:  May 14, 2010
    representative of the ESTATE OF     Trial Date:  None Set
18  JOSEPH SHUSTER; JEAN ADELE
    Peavy, an individual; JOANNE SIEGEL,
19  an individual;  LAURA SIEGEL
20  LARSON, an individual,
21  and DOES 1-10, inclusive,

22                      Defendants.

23

24

25

26

27

28

              DEFENDANT MARC TOBEROFF'S RESPONSE
           TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendant Marc Toberoff ("Toberoff"), by and through his attorneys, responds as follows to the First Set of Interrogatories dated December 10, 2010 (the "Interrogatories") propounded by plaintiff DC Comics ("Plaintiff" or "DC").

## I.

## GENERAL OBJECTIONS

Toberoff objects to the entire set of Interrogatories on each of the following grounds, and incorporates by reference each of the following objections into his response to each individual interrogatory within it:

1.    Toberoff objects to the Interrogatories generally and to each interrogatory therein to the extent they relate to the Fourth through Sixth state law claims for relief in DC's First Amended Complaint ("FAC").  Defendants contend that their pending anti-SLAPP motion stays discovery regarding these state law claims, as well as the related Third Claim for Relief. *See* Cal. Code Civ. Proc. § 425.16(g); *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 130 S. Ct. 1431, 1452 (2010) (Stevens, J., concurring); *Batzel v. Smith*, 333 F.3d 1018, 1024 (9th Cir. 2003); *Godin v. Schencks*, 2010 U.S. App. LEXIS 25980 (1st Cir. Dec. 22, 2010).

2.    Toberoff objects to the Interrogatories generally and to each interrogatory therein to the extent they exceed the scope of Rules 26 and 33 of the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the Central District of California.

3.    Toberoff objects to the Interrogatories generally and to each interrogatory therein to the extent that they purport to demand information protected from disclosure by the attorney-client privilege, joint interest privilege, attorney work product doctrine or any other privileges or immunities provided by the rules of this Court, statute or agreement.  Inadvertent disclosure of any information subject to any applicable privilege or doctrine is not intended to be and shall not operate as a waiver of any such privilege or doctrine, in whole or in part; nor is any such inadvertent

1  disclosure intended to be, nor shall it constitute, a waiver of the right to object to any

2  use of such information.

3      4.    Toberoff objects to the Interrogatories generally and to each

4  interrogatory therein to the extent that they seek information comprising or reflecting

5  any trade secret or other confidential or proprietary information of Toberoff or any

6  other person or entity.

7      5.    Toberoff objects to the Interrogatories generally and to each

8  interrogatory therein to the extent that they seek information which is protected from

9  disclosure by court order, or any privacy or similar rights of any person or entity.

10     6.    Toberoff objects to the Interrogatories generally and to each

11  interrogatory therein to the extent that they seek information and/or documents

12  already in the possession of the propounding party on the grounds such

13  interrogatories are unnecessary and unduly oppressive and burdensome.

14     7.    Toberoff objects generally to the definitions of the terms "YOU" and

15  "YOUR" as vague and ambiguous, overbroad and unduly burdensome.  Toberoff will

16  construe these terms to refer to Toberoff.

17     8.    Toberoff objects generally to the definitions of the terms

18  "DEFENDANT" and "DEFENDANTS" as vague and ambiguous, overbroad and

19  unduly burdensome.  Toberoff will construe these terms to refer only to the specific

20  defendants in this action.

21     9.    Toberoff objects generally to the definitions of the term "DESCRIBE"

22  as vague and ambiguous, overbroad and unduly burdensome.  Toberoff will construe

23  this term only to refer to "factual information and data that are responsive to the

24  particular request seeking such statement or description."

25     10.   Toberoff objects to the Interrogatories generally and to each

26  interrogatory therein to the extent that they are vague or indefinite with respect to the

27  information sought, or are overbroad and unduly burdensome.

28     11.   Toberoff objects to the Interrogatories generally and to each

DEFENDANT MARC TOBEROFF'S RESPONSE
TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

EXHIBIT DD
594

interrogatory therein to the extent that they seek information which is neither relevant to the subject matter of the pending litigation nor reasonably calculated to lead to the discovery of admissible evidence.

12. No incidental or implied admissions are intended by Toberoff's responses to the Interrogatories. The supplying of any fact does not constitute an admission by Toberoff that such fact is relevant or admissible. The fact that Toberoff has responded to any interrogatory is not intended to be and shall not be construed as a waiver by Toberoff of all or any part of any objection to any interrogatory. Toberoff reserves until the time of trial all objections as the relevance or admissibility of any facts provided in his answers to the Interrogatories.

13. The general and specific objections set forth herein are based on information now available to Toberoff and Toberoff reserves the right to revise, correct, add, clarify or supplement the general and specific objections and responses set forth herein.

## II.

## RESPONSES TO INTERROGATORIES

Subject to, and without waiving the General Objections and qualifications above, Toberoff responds to each individual Interrogatory as follows:

**Interrogatory No. 1**

IDENTIFY the TOBEROFF TIMELINE AUTHOR.

**Response to Interrogatory No. 1**

Toberoff objects to this interrogatory to the extent that it seeks information which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Toberoff additionally objects to this interrogatory to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing general and specific objections, Toberoff responds, without limitation, as follows:

1    David Michaels. Toberoff does not have sufficient information at this time to

2    know whether or not other individuals or entities participated in the production and

3    dissemination of the "Timeline."

4    **Interrogatory No. 2**

5    DESCRIBE in detail who participated in the ALLEGED INTERNAL

6    INVESTIGATION, including participants within your law firm and outside of your

7    law firm.

8    **Response to Interrogatory No. 2**

9    Toberoff objects to this interrogatory to the extent that it is not reasonably

10    calculated to lead to the discovery of relevant and admissible evidence, as any

11    "investigation" by Toberoff or anyone else as to the author of the TOBEROFF

12    TIMELINE is not relevant to any of the claims for relief in this action.  Toberoff

13    additionally objects to this interrogatory to the extent that it seeks communications or

14    items protected by the attorney-client privilege, the attorney work product doctrine

15    and any other privilege or immunity available under law or arising from contractual

16    obligation.  Subject to and without waiving the foregoing general and specific

17    objections, Toberoff responds, without limitation, as follows:

18    Marc Toberoff, McNally Security Group.

19    **Interrogatory No. 3**

20    DESCRIBE in detail the ALLEGED INTERNAL INVESTIGATION,

21    including all steps taken by YOU and any other participants to IDENTIFY the

22    TOBEROFF TIMELINE AUTHOR and OBTAIN information regarding the

23    TOBEROFF TIMELINE AUTHOR and/or the TOBEROFF TIMELINE.

24    **Response to Interrogatory No. 3**

25    Toberoff objects to this interrogatory to the extent that it seeks information

26    which is not reasonably calculated to lead to the discovery of relevant and admissible

27    evidence, as any "investigation" by Toberoff or anyone else as to the author of the

28    TOBEROFF TIMELINE is not relevant to any of the claims for relief in this action.

1  Toberoff further objects to this interrogatory on the grounds that it is overbroad,

2  burdensome and oppressive.  Toberoff further objects to this interrogatory on the

3  grounds that it is not reasonably limited in scope.  Toberoff additionally objects to

4  this interrogatory in that it seeks communications or items protected by the attorney-

5  client privilege, and the attorney work product doctrine.

6  **Interrogatory No. 4**

7        DESCRIBE in detail any and all information revealed by the ALLEGED

8  INTERNAL INVESTIGATION, including all information regarding the

9  TOBEROFF TIMELINE AUTHOR and/or the TOBEROFF TIMELINE.

10  **Response to Interrogatory No. 4**

11        Toberoff objects to this interrogatory on the grounds that it is overbroad,

12  burdensome and oppressive.  Toberoff further objects to this interrogatory on the

13  grounds that it is not reasonably limited in scope.  Toberoff objects to this

14  interrogatory to the extent that it seeks information which is not reasonably calculated

15  to lead to the discovery of relevant and admissible evidence.  Toberoff additionally

16  objects to this interrogatory to the extent that it seeks communications or items

17  protected by the attorney-client privilege, the attorney work product doctrine and any

18  other privilege or immunity available under law or arising from contractual

19  obligation.  Subject to and without waiving the foregoing general and specific

20  objections, Toberoff responds, without limitation, as follows, including, for the sake

21  of context, information that was known prior to the investigation:

22  • **July 18, 2005**:  The Firm hires attorney David Michaels ("Michaels") as its

23        lowest paid junior attorney.  It appears from Michaels' interview that he

24        took the low-paying job because he was in need of money.

25  • **Mid-October 2005**:  After just three months as an employee, and without

26        warning or explanation, or any prior incident at work, Michaels abruptly

27        leaves work during the middle of the day and never returns.  Numerous

28        concerned calls to Michaels are never returned.

- **November-December 2005**: Michaels contacts the Siegels and attempts to "steal" these clients from Mr. Toberoff's firm by baselessly accusing Mr. Toberoff of purported unethical conduct, like allegedly charging the Siegels "unconscionable fees." Under the guise of protecting the Siegels, Michaels visits them, falsely disparages Mr. Toberoff, and attempts to shepherd the Siegels to "a larger firm" (name unknown). In follow-up e-mails, Michaels advises the Siegels to cease all communication with Mr. Toberoff, and he provides them with a termination letter to give to Toberoff & Associates, as well as a new retainer agreement for the Siegels to hire Michaels at a reduced contingency fee. In December, 2005, the Siegels reject Michaels' attempt to take their case away from Toberoff & Associates. During this period, Michaels also approaches another client of Toberoff & Associates, Allison Giannini. He attempts to take that client's business as well by falsely disparaging Mr. Toberoff, but is rebuffed.

- Unbeknownst to the firm, the Siegels and/or the Shuster Estate, Michaels had secretly made copies of numerous documents, many privileged, stolen from Toberoff & Associates' legal files ("Stolen Documents"), and after Michaels' advances are rejected by the Siegels, he delivers at least three duplicate packages of the Stolen Documents to high-level Warner Bros. executives, each allegedly with the same anonymous defamatory cover letter ("Cover Letter") which he entitles "Superman -Marc Toberoff Timeline." The Cover Letter opens with the line: "Consider it an early Holiday gift."

- The Stolen Documents were allegedly received by mail by high-level Warner Bros. executives Alan Horn (President & COO), John Schulman (General Counsel), and Patti Connolly (Executive Vice President of Business Affairs).

- **July 5, 2006**: Toberoff receives a vague letter from Arnold & Porter LLP,

6

DEFENDANT MARC TOBEROFF'S RESPONSE
TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

which is retained by Warner Bros.  The firm states that it is holding three sets of documents sent to it by Warner Bros.' General Counsel, John Schulman.  These are eventually disclosed to be the three sets of Stolen Documents each with the "anonymous" defamatory Cover Letter.

- Knowing that it is under a duty to immediately notify Toberoff & Associates of its receipt of the firm's privileged documents, Warner Bros. dubiously claims to have received the Stolen Documents on June 28, 2006, even though Michaels' Cover Letter states *consider it an early Holiday gift*," and even though this coincides with Michael's rejection by the Siegels *in December, 2005.*

**Interrogatory No. 5**

DESCRIBE in detail any internal or external investigation other than the ALLEGED INTERNAL INVESTIGATION YOU participated in regarding the TOBEROFF TIMELINE AUTHOR and/or the TOBEROFF TIMELINE.

**Response to Interrogatory No. 5**

Toberoff objects to this interrogatory to the extent that it seeks information which is not reasonably calculated to lead to the discovery of relevant and admissible evidence , as any "investigation" by Toberoff or anyone else as to the author of the TOBEROFF TIMELINE is not relevant to any of the claims for relief in this action. Toberoff objects to this interrogatory on the grounds that it is overbroad, burdensome and oppressive.  Toberoff further objects to this interrogatory on the grounds that it is not reasonably limited in scope.  Toberoff objects to this interrogatory to the extent that it seeks information which is not reasonably calculated to lead to the discovery of relevant and admissible evidence.  Toberoff additionally objects to this interrogatory in that it seeks communications or items protected by the attorney-client privilege, and the attorney work product doctrine.

Subject to and without waiving the foregoing general and specific objections, Toberoff responds, without limitation, as follows:

DEFENDANT MARC TOBEROFF'S RESPONSE
TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

1      • In or about November 2007:  Toberoff met with Stanley Ornellas, of the

2        Los Angeles FBI Field Office, regarding the Stolen Documents, and

3        reported the theft.

4      • Summer-Fall 2010:  Toberoff conferred telephonically with Beong-Soo

5        Kim, Deputy Chief of the Major Frauds section of the U.S. Attorney's

6        Office, and Brian Klein, Assistant U.S. Attorney, U.S. Attorney's Office,

7        followed by an in-person meeting regarding the Stolen Documents.

8      • Fall, 2010:  The U.S. Attorney's Office initiates a Grand Jury Investigation.

9 **Interrogatory No. 6**

10      DESCRIBE in detail any and all information revealed by any investigation

11 REFERRED to in response to INTERROGATORY NO. 5.

12 **Response to Interrogatory No. 6**

13      Toberoff objects to this interrogatory on the grounds that it is overbroad,

14 burdensome and oppressive.  Toberoff further objects to this interrogatory on the

15 grounds that it is not reasonably limited in scope.  Toberoff objects to this

16 interrogatory to the extent that it seeks information which is not reasonably calculated

17 to lead to the discovery of relevant and admissible evidence.  Toberoff additionally

18 objects to this interrogatory to the extent that it seeks communications or items

19 protected by the attorney-client privilege, the attorney work product doctrine and any

20 other privilege or immunity available under law or arising from contractual

21 obligation.  Subject to and without waiving the foregoing general and specific

22 objections, Toberoff responds, without limitation, as follows:

23      The investigation is ongoing.

24 **Interrogatory No. 7**

25      DESCRIBE in detail the current status of any investigation REFERRED to in

26 response to INTERROGATORY NO. 5, including whether and when it concluded.

27 **Response to Interrogatory No. 7**

28      Toberoff objects to this interrogatory to the extent that it seeks information

1 | which is not reasonably calculated to lead to the discovery of relevant and admissible

2 | evidence, as any "investigation" by Toberoff or anyone else as to the author of the

3 | TOBEROFF TIMELINE is not relevant to any of the claims for relief in this action.

4 | Toberoff objects to this interrogatory on the grounds that it is overbroad, burdensome

5 | and oppressive.  Toberoff further objects to this interrogatory on the grounds that it is

6 | not reasonably limited in scope.  Toberoff objects to this interrogatory to the extent

7 | that it seeks information which is not reasonably calculated to lead to the discovery

8 | of relevant and admissible evidence.  Toberoff additionally objects to this

9 | interrogatory to the extent that it seeks communications or items protected by the

10 | attorney-client privilege, the attorney work product doctrine and any other privilege

11 | or immunity available under law or arising from contractual obligation.  Subject to

12 | and without waiving the foregoing general and specific objections, Toberoff

13 | responds, without limitation, as follows:

14 |     See Response to Interrogatory No. 6.  Toberoff awaits the results of the

15 | ongoing investigation by the U.S. Attorney's Office and the Grand Jury

16 | Investigation.

17 | **Interrogatory No. 8**

18 |     In the MARCH 2009 DECLARATION, YOU state that the TOBEROFF

19 | TIMELINE AUTHOR: "contacted Plaintiffs and another client of my firm and tried

20 | to convince them to terminate the firm, and to retain him instead, by disparaging me

21 | and by offering to work for a reduced fee.  I am advised by Plaintiffs and my other

22 | client that they both rejected this attorney's overtures in early December, 2005."

23 | IDENTIFY the "other client," including any and all bases for YOUR knowledge.

24 | **Response to Interrogatory No. 8**

25 |     Toberoff objects to this interrogatory to the extent that it seeks information

26 | which is not reasonably calculated to lead to the discovery of relevant and admissible

27 | evidence.  Toberoff additionally objects to this interrogatory to the extent that it seeks

28 | communications or items protected by the attorney-client privilege, the attorney work

1 | product doctrine and any other privilege or immunity available under law or arising

2 | from contractual obligation.  Subject to and without waiving the foregoing general

3 | and specific objections, Toberoff responds, without limitation, as follows:  Allison

4 | Giannini, c/o Toberoff & Associates, P.C., 2049 Century Park East, Suite 2720, Los

5 | Angeles, CA 90064.

6 | **Interrogatory No. 9**

7 | DESCRIBE in detail any and all COMMUNICATIONS between YOU and

8 | any law enforcement official, including anyone employed by the United States

9 | Attorney's Office for the Central District of California and/or the Federal Bureau of

10 | Investigation, regarding the TOBEROFF TIMELINE AUTHOR and/or the

11 | TOBEROFF TIMELINE.

12 | **Response to Interrogatory No. 9**

13 | Toberoff objects to this interrogatory to the extent that it seeks information

14 | which is not reasonably calculated to lead to the discovery of relevant and admissible

15 | evidence, as any "investigation" by Toberoff or anyone else as to the author of the

16 | TOBEROFF TIMELINE is not relevant to any of the claims for relief in this action.

17 | Toberoff additionally objects to this interrogatory to the extent that it seeks

18 | communications or items protected by the attorney-client privilege, the attorney work

19 | product doctrine and any other privilege or immunity available under law or arising

20 | from contractual obligation.  Subject to and without waiving the foregoing general

21 | and specific objections, Toberoff responds, without limitation, as follows:

22 | • In or about November 2007:  Toberoff met with Stanley Ornellas, of the

23 | Los Angeles FBI Field Office, regarding the Stolen Documents.

24 | • Summer-Fall 2010:  Toberoff held a telephone conference with Beong-Soo

25 | Kim, Deputy Chief of the Major Frauds section of the U.S. Attorney's

26 | Office, and Brian Klein, Assistant U.S. Attorney, U.S. Attorney's Office

27 | regarding the Stolen Documents, followed by an in-person meeting with

28 | Mr. Kim and others of the U.S. Attorneys' Office.  David Michaels was

1    disclosed as suspected of having stolen the Stolen Documents and thereafter

2    furnishing attorney-client privileged information to Warner Bros.

3    • September 9, 2010:  Grand Jury Subpoena served on Toberoff requesting

4    copies of the Timeline and Stolen Documents.

5    • September 27, 2010:  Timeline and Stolen Documents provided to U.S.

6    Attorneys Office by Kendall, Brill & Klieger pursuant to Grand Jury

7    Subpoena, subject to an express agreement by the U.S. Attorney's Office

8    that the U.S. Attorney's Office would hold such material as confidential and

9    privileged, that such provision was made in furtherance of a common

10    interest privilege, and that such provision was without waiver of the

11    attorney-client privilege or attorney work product doctrine.

12    **Interrogatory No. 10**

13    IDENTIFY, to the best of your knowledge, any other PERSON who

14    COMMUNICATED with any law enforcement official, including anyone employed

15    by the United States Attorney's Office for the Central District of California and/or the

16    Federal Bureau of Investigation, regarding the TOBEROFF TIMELINE AUTHOR

17    and/or the TOBEROFF TIMELINE.

18    **Response to Interrogatory No. 10**

19    Toberoff objects to this interrogatory to the extent that it seeks information

20    which is not reasonably calculated to lead to the discovery of relevant and admissible

21    evidence, as any "investigation" by Toberoff or anyone else as to the author of the

22    TOBEROFF TIMELINE is not relevant to any of the claims for relief in this action.

23    Toberoff additionally objects to this interrogatory to the extent that it seeks

24    communications or items protected by the attorney-client privilege, the attorney work

25    product doctrine and any other privilege or immunity available under law or arising

26    from contractual obligation.  Subject to and without waiving the foregoing general

27    and specific objections, Toberoff responds, without limitation, as follows:  Richard

28    Kendall

11

DEFENDANT MARC TOBEROFF'S RESPONSE
TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

**Interrogatory No. 11**

DESCRIBE in detail, to the best of YOUR knowledge, the substance of any COMMUNICATIONS REFERRED to in response to INTERROGATORY NO. 11.

**Response to Interrogatory No. 11**

Toberoff objects to this interrogatory to the extent that it seeks information which is not reasonably calculated to lead to the discovery of relevant and admissible evidence, as any "investigation" by Toberoff or anyone else as to the author of the TOBEROFF TIMELINE is not relevant to any of the claims for relief in this action. Toberoff additionally objects to this interrogatory insofar as it seeks communications or items protected by the attorney-client privilege and the attorney work product doctrine. Subject to and without waiving the foregoing general and specific objections, Toberoff responds, without limitation: the substance of the information provided was that described in response to Interrogatory No. 4.

**Interrogatory No. 12**

In the OCTOBER 2010 DECLARATION, YOU state that:

> The theft of privileged documents from my law offices and their transmittal with an anonymous cover letter, entitled the "Toberoff Timeline," to DC's in-house legal team, as well as to other executives of DC's parent company, Warner Bros., by a former junior attorney at my firm is the subject of an ongoing grand jury investigation initiated by the United States Attorney for the Central District of California.

DESCRIBE in detail how, to the best of YOUR knowledge, "the United States Attorney for the Central District of California" or any other member of law enforcement or the federal government became aware of the TOBEROFF TIMELINE AUTHOR and/or the TOBEROFF TIMELINE, including whether YOU initiated contact with them.

**Response to Interrogatory No. 12**

Toberoff objects to this interrogatory to the extent that it seeks information which is not reasonably calculated to lead to the discovery of relevant and admissible evidence, as any "investigation" by Toberoff or anyone else as to the author of the

1  TOBEROFF TIMELINE is not relevant to any of the claims for relief in this action.

2  Toberoff additionally objects to this interrogatory to the extent that it seeks

3  communications or items protected by the attorney-client privilege, the attorney work

4  product doctrine and any other privilege or immunity available under law or arising

5  from contractual obligation.  Subject to and without waiving the foregoing general

6  and specific objections, Toberoff responds, without limitation, as follows:

7        To the best of Toberoff's knowledge, the United States Attorney for the

8  Central District of California became aware of the Stolen Documents, the

9  "TIMELINE," and its author as a result of Toberoff reporting the theft of the Stolen

10  Documents to them.

11  **Interrogatory No. 13**

12        DESCRIBE in detail who, to the best of YOUR knowledge, has participated in

13  the ALLEGED GRAND JURY INVESTIGATION, including any PERSON who has

14  testified or been interviewed in connection with the ALLEGED GRAND JURY

15  INVESTIGATION.

16  **Response to Interrogatory No. 13**

17        Toberoff objects to this interrogatory to the extent that it seeks information

18  which is not reasonably calculated to lead to the discovery of relevant and admissible

19  evidence, as any "investigation" by Toberoff or anyone else as to the author of the

20  TOBEROFF TIMELINE is not relevant to any of the claims for relief in this action.

21  Toberoff additionally objects to this interrogatory to the extent that it seeks

22  communications or items protected by the attorney-client privilege, the attorney work

23  product doctrine and any other privilege or immunity available under law or arising

24  from contractual obligation.  Subject to and without waiving the foregoing general

25  and specific objections, Toberoff responds, without limitation, as follows:

26        Other than statements made by Toberoff to Beong-Soo Kim, Deputy Chief of

27  the Major Frauds section of the U.S. Attorneys' Office and Brian Klein, Assistant

28  U.S. Attorney, U.S. Attorney's Office, Toberoff is not aware of any other testimony

13

DEFENDANT MARC TOBEROFF'S RESPONSE
TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

EXHIBIT DD
605

1  or formal statements by any individuals or entities made as part of the ongoing grand

2  jury investigation.

3  **Interrogatory No. 14**

4  DESCRIBE in detail, to the best of YOUR knowledge, the substance of any

5  testimony or statements made in connection with the ALLEGED GRAND JURY

6  INVESTIGATION.

7  **Response to Interrogatory No. 14**

8  Toberoff objects to this interrogatory to the extent that it seeks information

9  which is not reasonably calculated to lead to the discovery of relevant and admissible

10  evidence, as any "investigation" by Toberoff or anyone else as to the author of the

11  TOBEROFF TIMELINE is not relevant to any of the claims for relief in this action.

12  Toberoff additionally objects to this interrogatory to the extent that it seeks

13  communications or items protected by the attorney-client privilege, the attorney work

14  product doctrine and any other privilege or immunity available under law or arising

15  from contractual obligation.  Subject to and without waiving the foregoing general

16  and specific objections, Toberoff responds, without limitation, as follows:  see

17  Response to Interrogatory No. 13.

18  **I Interrogatory No. 15**

19  DESCRIBE in detail, to the best of YOUR knowledge, the current status of the

20  ALLEGED GRAND JURY INVESTIGATION.

21  **Response to Interrogatory No. 15**

22  Toberoff objects to this interrogatory to the extent that it seeks information

23  which is not reasonably calculated to lead to the discovery of relevant and admissible

24  evidence, as any "investigation" by Toberoff or anyone else as to the author of the

25  TOBEROFF TIMELINE is not relevant to any of the claims for relief in this action.

26  Toberoff additionally objects to this interrogatory to the extent that it seeks

27  communications or items protected by the attorney-client privilege, the attorney work

28  product doctrine and any other privilege or immunity available under law or arising

14

DEFENDANT MARC TOBEROFF'S RESPONSE
TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

from contractual obligation.  Subject to and without waiving the foregoing general
and specific objections, Toberoff responds, without limitation, as follows:

The Grand Jury Investigation is ongoing.

**Interrogatory No. 16**

DESCRIBE in detail, to the best of YOUR knowledge, whether any PERSON
has been designated by the United States Attorney's Office for the Central District of
California as a witness, subject, or target of the ALLEGED GRAND JURY
INVESTIGATION.

**Response to Interrogatory No. 16**

Toberoff objects to this interrogatory to the extent that it seeks information
which is not reasonably calculated to lead to the discovery of relevant and admissible
evidence, as any "investigation" by Toberoff or anyone else as to the author of the
TOBEROFF TIMELINE is not relevant to any of the claims for relief in this action.
Toberoff additionally objects to this interrogatory to the extent that it seeks
communications or items protected by the attorney-client privilege, the attorney work
product doctrine and any other privilege or immunity available under law or arising
from contractual obligation.  Subject to and without waiving the foregoing general
and specific objections, Toberoff responds, without limitation, as follows:  David
Michaels.

**Interrogatory No. 17**

IDENTIFY any DOCUMENTS provided by YOU in connection with the
ALLEGED GRAND JURY INVESTIGATION.

**Response to Interrogatory No. 17**

Toberoff objects to this interrogatory to the extent that it seeks information
which is not reasonably calculated to lead to the discovery of relevant and admissible
evidence, as any "investigation" by Toberoff or anyone else as to the author of the
TOBEROFF TIMELINE is not relevant to any of the claims for relief in this action.
Toberoff additionally objects to this interrogatory to the extent that it seeks

15
DEFENDANT MARC TOBEROFF'S RESPONSE
TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

1  communications or items protected by the attorney-client privilege, the attorney work

2  product doctrine and any other privilege or immunity available under law or arising

3  from contractual obligation.  Subject to and without waiving the foregoing general

4  and specific objections, Toberoff responds, without limitation, as follows:  None.

5  **Interrogatory No. 18**

6      IDENTIFY any DOCUMENTS, to the best of YOUR knowledge, provided by

7  any other PERSON in connection with the ALLEGED GRAND JURY

8  INVESTIGATION.

9  **Response to Interrogatory No. 18**

10     Toberoff objects to this interrogatory to the extent that it seeks information

11  which is not reasonably calculated to lead to the discovery of relevant and admissible

12  evidence, as any "investigation" by Toberoff or anyone else as to the author of the

13  TOBEROFF TIMELINE is not relevant to any of the claims for relief in this action.

14  Toberoff additionally objects to this interrogatory to the extent that it seeks

15  communications or items protected by the attorney-client privilege, the attorney work

16  product doctrine and any other privilege or immunity available under law or arising

17  from contractual obligation.  Subject to and without waiving the foregoing general

18  and specific objections, Toberoff responds, without limitation, as follows:

19     The Kendall, Brill & Klieger firm provided copies of the Toberoff  Timeline

20  and the Stolen Documents to the U.S. Attorney's Office on September 27, 2010

21  pursuant to a Grand Jury Subpoena dated September 13, 2010,  subject to an express

22  agreement by the U.S. Attorney's Office that the U.S. Attorney's Office would hold

23  such material as confidential and privileged, that such provision was made in

24  furtherance of a common interest privilege, and that such provision was without

25  waiver of the attorney-client privilege or attorney work product doctrine.

26  **Interrogatory No. 19**

27     DESCRIBE in detail any grand jury subpoenas that have been issued, to the

28  best of your knowledge, in connection with the ALLEGED GRAND JURY

1  INVESTIGATION.

2  **Response to Interrogatory No. 19**

3       Toberoff objects to this interrogatory to the extent that it seeks information

4  which is not reasonably calculated to lead to the discovery of relevant and admissible

5  evidence, as any "investigation" by Toberoff or anyone else as to the author of the

6  TOBEROFF TIMELINE is not relevant to any of the claims for relief in this action.

7  Toberoff additionally objects to this interrogatory to the extent that it seeks

8  communications or items protected by the attorney-client privilege, the attorney work

9  product doctrine and any other privilege or immunity available under law or arising

10  from contractual obligation.  Subject to and without waiving the foregoing general

11  and specific objections, Toberoff responds, without limitation, as follows:

12       Toberoff's attorneys, at Kendall, Brill & Klieger, were served with a grand

13  jury subpoena on September 13, 2010, which requested copies of the Timeline and

14  Stolen Documents.

15  **Interrogatory No. 20**

16       DESCRIBE in detail how the ALLEGED DISCIPLINARY ACTION began,

17  including any and all COMMUNICATIONS YOU had with the California bar or any

18  legal, administrative, or disciplinary entity regarding the TOBEROFF TIMELINE

19  AUTHOR and/or TOBEROFF TIMELINE.

20  **Response to Interrogatory No. 20**

21       Toberoff objects to this interrogatory to the extent that it seeks information

22  which is not reasonably calculated to lead to the discovery of relevant and admissible

23  evidence, as any "investigation" by Toberoff or anyone else as to the author of the

24  TOBEROFF TIMELINE is not relevant to any of the claims for relief in this action.

25  Toberoff objects to this interrogatory on the grounds that it is overbroad, burdensome

26  and oppressive.  Toberoff further objects to this interrogatory on the grounds that it is

27  not reasonably limited in scope.  Toberoff objects to this interrogatory to the extent

28  that it seeks information which is not reasonably calculated to lead to the discovery

1  of relevant and admissible evidence.  Toberoff additionally objects to this

2  interrogatory to the extent that it seeks communications or items protected by the

3  attorney-client privilege, the attorney work product doctrine and any other privilege

4  or immunity available under law or arising from contractual obligation.  Subject to

5  and without waiving the foregoing general and specific objections, Toberoff

6  responds, without limitation, as follows:

7      Toberoff has no knowledge of any ALLEGED DISCIPLINARY ACTION.

8  **Interrogatory No. 21**

9      DESCRIBE in detail who, to the best of YOUR knowledge, participated in the

10  ALLEGED DISCIPLINARY ACTION.

11  **Response to Interrogatory No. 21**

12      Toberoff objects to this interrogatory to the extent that it seeks information

13  which is not reasonably calculated to lead to the discovery of relevant and admissible

14  evidence, as any "investigation" by Toberoff or anyone else as to the author of the

15  TOBEROFF TIMELINE is not relevant to any of the claims for relief in this action.

16  Toberoff additionally objects to this interrogatory to the extent that it seeks

17  communications or items protected by the attorney-client privilege, the attorney work

18  product doctrine and any other privilege or immunity available under law or arising

19  from contractual obligation.  Subject to and without waiving the foregoing general

20  and specific objections, Toberoff responds, without limitation, as follows:

21      *See* Response to Interrogatory No. 20.

22  **Interrogatory No. 22**

23      DESCRIBE in detail all information revealed by the ALLEGED

24  DISCIPLINARY ACTION, including all information regarding the TOBEROFF

25  TIMELINE AUTHOR and/or the TOBEROFF TIMELINE.

26  **Response to Interrogatory No. 22**

27      Toberoff objects to this interrogatory to the extent that it seeks information

28  which is not reasonably calculated to lead to the discovery of relevant and admissible

1  evidence, as any "investigation" by Toberoff or anyone else as to the author of the

2  TOBEROFF TIMELINE is not relevant to any of the claims for relief in this action.

3  Toberoff additionally objects to this interrogatory to the extent that it seeks

4  communications or items protected by the attorney-client privilege, the attorney work

5  product doctrine and any other privilege or immunity available under law or arising

6  from contractual obligation.  Subject to and without waiving the foregoing general

7  and specific objections, Toberoff responds, without limitation, as follows:

8      *See* Response to Interrogatory No. 20.

9  **Interrogatory No. 23**

10     DESCRIBE in detail, to the best of YOUR knowledge, the current status of the

11 ALLEGED DISCIPLINARY ACTION, including whether and when it concluded.

12 **Response to Interrogatory No. 23**

13     Toberoff objects to this interrogatory to the extent that it seeks information

14 which is not reasonably calculated to lead to the discovery of relevant and admissible

15 evidence, as any "investigation" by Toberoff or anyone else as to the author of the

16 TOBEROFF TIMELINE is not relevant to any of the claims for relief in this action.

17 Toberoff additionally objects to this interrogatory to the extent that it seeks

18 communications or items protected by the attorney-client privilege, the attorney work

19 product doctrine and any other privilege or immunity available under law or arising

20 from contractual obligation.  Subject to and without waiving the foregoing general

21 and specific objections, Toberoff responds, without limitation, as follows:

22     *See* Response to Interrogatory No. 20.

23 **Interrogatory No. 24**

24     DESCRIBE in detail any and all COMMUNICATIONS YOU have had with

25 the TOBEROFF TIMELINE AUTHOR since July 2006, including all efforts YOU

26 made to contact the TOBEROFF TIMELINE AUTHOR.

27 **Response to Interrogatory No. 24**

28     Toberoff objects to this interrogatory to the extent that it seeks information

1 | which is not reasonably calculated to lead to the discovery of relevant and admissible

2 | evidence, as any "investigation" by Toberoff or anyone else as to the author of the

3 | TOBEROFF TIMELINE is not relevant to any of the claims for relief in this action.

4 | Toberoff additionally objects to this interrogatory to the extent that it seeks

5 | communications or items protected by the attorney-client privilege, the attorney work

6 | product doctrine and any other privilege or immunity available under law or arising

7 | from contractual obligation.  Subject to and without waiving the foregoing general

8 | and specific objections, Toberoff responds, without limitation, as follows:

9 |         Toberoff has not had direct contact with David Michaels since July 2006.

10 | **Interrogatory No. 25**

11 |         DESCRIBE in detail any and all COMMUNICATIONS YOU have had with

12 | any PERSON other than a party to the above-entitled action RELATED to the

13 | TOBEROFF TIMELINE AUTHOR and/or the TOBEROFF TIMELINE.

14 | **Response to Interrogatory No. 25**

15 |         Toberoff objects to this interrogatory to the extent that it seeks information

16 | which is not reasonably calculated to lead to the discovery of relevant and admissible

17 | evidence, as any "investigation" by Toberoff or anyone else as to the author of the

18 | TOBEROFF TIMELINE is not relevant to any of the claims for relief in this action.

19 | Toberoff additionally objects to this interrogatory to the extent that it seeks

20 | communications or items protected by the attorney-client privilege, the attorney work

21 | product doctrine and any other privilege or immunity available under law or arising

22 | from contractual obligation.  Subject to and without waiving the foregoing general

23 | and specific objections, Toberoff responds, without limitation, as follows:

24 |         Toberoff has had communications with his attorneys in this action at Kendall,

25 | Brill & Klieger and with the attorneys at Toberoff & Associates P.C. as well as

26 | communications with Stanley Ornellas at the FBI, Beong-soo Kim, Deputy Chief of

27 | the Major Frauds section at the U.S. Attorney's Office, and Brian Klein, Assistant

28 | U.S. Attorney, U.S. Attorney's Office as set forth in Responses Nos. 5, 9 and 13.

20

DEFENDANT MARC TOBEROFF'S RESPONSE
TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Dated:  January 24, 2011

KENDALL BRILL & KLIEGER LLP

_____

Nicholas F. Daum
Attorneys for Defendants Marc Toberoff,
Pacific Pictures Corporation, IP Worldwide,
LLC, and IPW, LLC

DEFENDANT MARC TOBEROFF'S RESPONSE
TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

## VERIFICATION

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I have read the foregoing **DEFENDANT MARC TOBEROFF'S RESPONSE TO PLAINTIFF DC COMICS' FIRST SET OF INTERROGATORIES** and know its contents.

I am a party to this action.  The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

Executed on January 24, 2011, at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.


Marc M. Toberoff
Print Name of Signatory                    Signature

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT DD
614