# EXHIBIT HH

Case 2:10-cv-03633-ODW-RZ Document 163 Filed 02/08/11 Page 2 of 20 Page ID
#:11764
Case: 10-56980 12/30/2010 Page: 1 of 135 Page ID of 20

Appeal No. 10-56980

# United States Court of Appeals

## FOR THE

# Ninth Circuit

————————

Pacific Pictures Corporation, IP Worldwide, LLC, IPW, LLC, Marc Toberoff,
Mark Warren Peary, as personal representative of the Estate of Joseph Shuster,
Joanne Siegel, Laura Siegel Larson, and Jean Adele Peavy, *Defendants-Appellants*,

*v.*

DC Comics, *Plaintiff-Appellee.*

————————

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA
THE HONORABLE OTIS D. WRIGHT II, JUDGE
CASE NO. CV-10-3633 ODW (RZx)

————————

## APPELLEE DC COMICS' MOTION TO DISMISS
## APPEAL FOR LACK OF JURISDICTION

————————

O'MELVENY & MYERS LLP
DANIEL M. PETROCELLI (CA S.B. # 97802)
MATTHEW T. KLINE (CA S.B. # 211640)
CASSANDRA L. SETO (CA S.B. # 246608)
1999 AVENUE OF THE STARS, 7TH FLOOR
LOS ANGELES, CA 90067-6035
TELEPHONE: (310) 553-6700
FACSIMILE: (310) 246-6779

PERKINS LAW OFFICE, P.C.
PATRICK T. PERKINS (NY S.B. # 2603371)
1711 ROUTE 9D
COLD SPRING, NY 10516
TELEPHONE: (845) 265-2820
FACSIMILE: (845) 265-2819

*Attorneys for Plaintiff-Appellee DC Comics*

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................1

FACTUAL BACKGROUND .............................................................................1

ARGUMENT .....................................................................................................4

A.    As Confirmed In *Greensprings*, This Court Does Not Have
Jurisdiction To Hear Appellants' Interlocutory Appeal And The Non-
Final Case Management And Discovery Rulings They Challenge ................4

B.    The Court Should Also Decline To Exercise Jurisdiction Because
Appellants' Arguments About Precluding Discovery Fail On The
Merits ...........................................................................................................11

CONCLUSION ................................................................................................14

- i -

# TABLE OF AUTHORITIES

## CASES

*Batzel v. Smith*,
  333 F.3d 1018 (9th Cir. 2003) .................................................................. *passim*

*Cheney v. U.S. Dist. Ct.*,
  542 U.S. 367 (2004) ....................................................................................14

*Englert v. MacDonnell*,
  551 F.3d 1099 (9th Cir. 2009) .....................................................................8

*Estate of Kennedy v. Bell Helicopter Textron, Inc.*,
  283 F.3d 1107 (9th Cir. 2002) .....................................................................8

*Greensprings Baptist Christian Fellowship Trust v. Cilley*,
  2010 WL 5294273 (9th Cir. Dec. 27, 2010) ............................................. *passim*

*Hilton v. Hallmark Cards*,
  599 F.3d 894 (9th Cir. 2010) ......................................................................12

*In re Anonymous Online Speakers*,
  611 F.3d 653 (9th Cir. 2010) ......................................................................14

*Lafayette Morehouse, Inc. v. Chronicle Publ'g Co.*,
  37 Cal. App. 4th 855 (1995) ....................................................................6, 13

*Metabolife Int'l, Inc. v. Wornick*,
  264 F.3d 832 (9th Cir. 2001) ...................................................................6, 12

*Mitchell v. Forsyth*,
  472 U.S. 511 (1985) .....................................................................................8

*Moser v. Triarc Cos. Inc.*,
  2007 WL 3026425 (S.D. Cal. Oct. 16, 2007) ..............................................12

*Perry v. Schwarzenegger*,
  591 F.3d 1147 (9th Cir. 2010) ..................................................................5, 14

*Sonoma Foods, Inc. v. Sonoma Cheese Factory, LLC*,
  634 F. Supp. 2d 1009 (N.D. Cal. 2007) .......................................................13

*Will v. Hallock*,
  546 U.S. 345 (2006) ................................................................................ *passim*

## STATUTES

28 U.S.C. § 1291 ..............................................................................................4

CAL. CIV. PROC. CODE § 425.16(f) .............................................................10, 13

CAL. CIV. PROC. CODE § 425.16(g) ..........................................................6, 10, 12

CAL. CIV. PROC. CODE § 425.16(i) ...................................................................10

EXHIBIT HH
668

# INTRODUCTION

Under this Court's decisions in *Greensprings Baptist Christian Fellowship Trust v. Cilley*, 2010 WL 5294273 (9th Cir. Dec. 27, 2010), and *Batzel v. Smith*, 333 F.3d 1018 (9th Cir. 2003), as well as the Supreme Court's ruling in *Will v. Hallock*, 546 U.S. 345 (2006), this appeal should be dismissed for lack of jurisdiction.  Determined to impose their tactical strategies on DC and the district court—including their insistence that *no* discovery be allowed—appellants have now filed two interlocutory appeals in the span of three months, in addition to a mandamus petition and motion for stay, asserting that this Court must intervene to review non-final district court rulings regarding discovery and the amending of complaints—quintessentially non-appealable, interlocutory orders.  Appellants contend these rulings are reviewable "collateral orders" under *Batzel* and *Will*. They are wrong.  Earlier this week in *Greensprings*, this Court rejected appellants' misreading of these cases, and its decision forecloses not only the appeal in this case, but also in Case No. 10-56594.

# FACTUAL BACKGROUND

The salient facts relevant to this appeal are set forth in the briefs DC Comics filed on November 24 in Case No. 10-56594 opposing appellants' briefing to "show cause" why their first interlocutory appeal should not be dismissed for lack

- 1 -

EXHIBIT HH
669

of jurisdiction, and on December 23 in Case No. 10-73851 opposing appellants' "urgent" stay motion.  *See* Decl. of Cassandra Seto ("Seto Decl.") Exs. A-B.

To briefly summarize, DC filed this action on May 14, 2010, to protect its longstanding rights in the Superman character and to seek redress from Marc Toberoff and his entertainment production companies for their tortious and unlawful acts of business interference that have violated and continue to violate DC's rights.  Seto Decl. Ex. C.  DC has sought discovery since June, but appellants have resisted at every turn, including by seeking an indefinite discovery stay pending rulings by the district court on appellants' various pleading motions and motion to strike DC's three state-law based claims pursuant to California's anti-SLAPP statute.  *Id.* Ex. D at 2-4, 10-13, 24-34; Ex. E at 14-23, 33-46, 49-55; Ex. F.

The magistrate and district court below have rejected appellants' efforts to preclude discovery, and in December, appellants finally stipulated to a court order compelling production of documents and privilege logs.  Seto Decl. Exs. G at 55-60, H-K.  That stipulation and order also contained reciprocal discovery provisions in favor of defendants.  *Id.* Ex. K.

Appellants have noticed two interlocutory appeals arising out of these district-court proceedings.  On October 7—after losing key discovery rulings—appellants noticed the appeal in Case No. 10-56594, challenging the district court's ruling mooting appellants' initial SLAPP motion in light of DC's amended

- 2 -

complaint.  Seto Decl. Ex. L.  This Court promptly issued an order to show cause why this interlocutory appeal should not be dismissed.  *Id.* Ex. M.  The Court's order expressly questioned appellants' reliance on the *Batzel* case in noticing this appeal, given that the collateral order appealed in *Batzel* was a *final decision* on a SLAPP motion *on the merits*—not an order "mooting" an initial SLAPP motion in light of an amended complaint.  *Id.* at 1.  Appellants and DC briefed this threshold jurisdictional question, *id.* Exs. A, N-O, and on December 29, DC submitted a letter to this Court pursuant to FRAP 28(j) showing why this Court's December 27, 2010, decision in the *Greensprings* case confirms that appellants' first interlocutory appeal must be dismissed for lack of jurisdiction, *id.* Ex. P.

On November 16, the district court issued an order confirming that DC was entitled to take discovery related to its federal and state-law claims pending appellants' first interlocutory SLAPP appeal.  Seto Decl. Ex. I.  On November 22, appellants challenged this order in an *ex parte* application to the district court asserting the order "arguably" prevented appellants from taking discovery of their own.  *Id.* Ex. Q at 7:19.  Importantly, however, appellants did *not* seek to confirm their right to conduct discovery, but to the contrary, again asked the district court to stay all discovery.  *Id.* at Ex. Q.  The next day, DC opposed this application, showed why discovery could not and should not be stayed, and made expressly

EXHIBIT HH
671

clear that "DC has never suggested to defendants that it would resist defendants' initiating discovery."  *Id*. Ex. R at 6:14-15.

The district court denied appellants' *ex parte* application on November 24, Seto Decl. Ex. J, and on December 16, appellants noticed this appeal challenging the district court's November 16 and 24 orders, *id*. Ex. S.  Appellants again premised their interlocutory appeal on this Court's decision in *Batzel*.  *Id.* at 1.  On December 17, appellants also filed a petition for a writ of mandamus and, on December 20, filed an "urgent" motion to stay the district court proceedings.  *Id*. Exs. T-U.  DC opposed appellants' stay motion on December 23, explaining that such a stay was inappropriate because, among other reasons, appellants' writ petition was without basis and none of the district court or magistrate's rulings was subject to an emergency writ or interlocutory appellate review.  *Id.* Ex. B.

## ARGUMENT

### A.    As Confirmed In *Greensprings*, This Court Does Not Have Jurisdiction To Hear Appellants' Interlocutory Appeal And The Non-Final Case Management And Discovery Rulings They Challenge.

This Court has jurisdiction only over "final decisions of the district courts" and a "narrow" class of collateral orders.  28 U.S.C. § 1291; *Will v. Hallock*, 546 U.S. 345, 350 (2006).  The "collateral order doctrine" is limited to a "'small class' of rulings not concluding the litigation, but conclusively resolving 'claims of right separable from, and collateral to, rights asserted in the action.'"  *Will*, 546 U.S. at

- 4 -

349.  The doctrine's requirements are "stringent" and, to qualify, an order must:
"(1) conclusively determine the disputed question, (2) resolve an important issue
completely separate from the merits of the action, and (3) be effectively
unreviewable on appeal from a final judgment." *Id.*  "All three requirements must
be met for a court to exercise jurisdiction under the collateral order doctrine."
*Greensprings*, 2010 WL 5294273, at *2.

Discovery and case management orders, such as those that appellants
challenge, fail the rigid *Will* test.  The very case cited in appellants' notice of
appeal, *Perry v. Schwarzenegger*, 591 F.3d 1147, 1156-57 (9th Cir. 2010), which
cites *Will*, recognizes that in general "'[a] discovery order … is interlocutory and
non-appealable' under 28 U.S.C. §§ 1291" and "under the collateral order
doctrine."  The district court's November 16 and 24 case management orders fall
far short of the demanding test for collateral-order review; appellants essentially
concede as much with respect to the first and third prongs of the *Will* test.[1]

1.  Appellants Fail The First *Will* Prong.  The "disputed question" on an anti-
SLAPP motion is "whether the statute's requirements are met" and the SLAPP
statute applies to bar plaintiff's claims.  *Greensprings*, 2010 WL 5294273, at *4.

---

[1] In the parallel writ proceeding, appellants argue that "there is no means, other
than through a writ of mandamus," to challenge the district court's November 16
and 24 orders because this Court will likely "determine[] that it has no jurisdiction
over the orders below under the collateral order doctrine or otherwise."  Seto Decl.
Ex. T at 16.  DC has explained why appellants' writ petition lacks merit as well.
*Id*. Ex. B at 12-18.

Case 2:10-cv-03638-ODW-RZ Document 163 Filed 02/08/11 Page 10 of 20 Page ID #:11772

Case: 10-80087 Case 2:10-cv-03638-ODW-RZ/30/20 Document 163 of 7 Filed 02/08/11 735 Page 10 of 20 (DktEntry: 40) Page ID

The district court below has never determined whether the SLAPP statute applies to DC's three state-law causes of action, but has ruled only that DC may take discovery relevant to this question. Seto Decl. Exs. G at 55-60, H-J. Indeed, appellants' chief complaint in their writ petition is that they have not yet "obtain[ed] a ruling on their anti-SLAPP motion." *Id.* Ex. T at 22.

Ninth Circuit and California law are clear that such discovery may be taken to oppose a SLAPP motion. *See Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001); CAL. CIV. PROC. CODE § 425.16(g); *Lafayette Morehouse, Inc. v. Chronicle Publ'g Co.*, 37 Cal. App. 4th 855, 868 (1995). As DC has fully demonstrated, the magistrate and district court acted well within their discretion to permit such discovery in this case. *See* Seto Decl. Ex. B at 12-17.

As explained below, these case-management decisions concerning discovery are not subject to collateral-order review under this Court's precedents; nor are they grounds for a writ of mandamus, as explained in DC's opposition to appellants' "urgent" stay motion pending their writ of mandamus, Seto Decl. Ex. B at 11-20. Appellants' reliance on *Batzel v. Smith*, 333 F.3d 1018 (9th Cir. 2003), to establish jurisdiction for this appeal and to meet the collateral-order doctrine, is severely misplaced. In *Batzel*, this Court considered whether it had jurisdiction to review an order *denying on the merits* a SLAPP motion. The Court held that such an order met the pre-*Will* collateral-order test, because a successful SLAPP motion

EXHIBIT HH
674

immunizes a defendant from the "burdens of trial," and the California legislature expressly provided for immediate appeal of the denial of a SLAPP motion to protect defendants from these burdens. *Id.* at 1025-26.

In *Greensprings*, this Court, earlier this week, refused to extend *Batzel* to confer jurisdiction over SLAPP-related orders that did not constitute a final ruling as to the applicability of the SLAPP statute. 2010 WL 5294273, at *2-*3. In *Greensprings*, the district court granted defendants' first SLAPP motion, but granted plaintiff leave to amend its complaint. *Id.* at *1. Defendants appealed, arguing in part that *Batzel* conferred jurisdiction to review the district court's decision granting leave to amend and permitting plaintiff's case to go forward. *Id.* at *1, *3. The *Greensprings* panel—which included the author of the Court's decision in *Batzel*—rejected that argument and confirmed that the limited collateral-order review recognized in *Batzel* is limited to *on-the-merits* "*denial[s]* of an anti-SLAPP motion" *Id.* at *2-*3.

This Court rightly read *Batzel* the same way in its October 21 order to show cause why appellants' first appeal in Case No. 10-56594 should not be dismissed for lack of jurisdiction: "While the notice of appeal purports to find jurisdiction for this appeal based on *Batzel* …, the September 7, 2010 district court order did

- 7 -

not deny on the merits a motion filed under California's Anti-SLAPP Law, but instead simply vacated and deemed moot the motion...." Seto Decl. Ex. M at 1.[2]

Likewise, this Court in *Englert v. MacDonnell*, 551 F.3d 1099, 1105 (9th Cir. 2009), affirmed that *Batzel* must be read narrowly in light of the Supreme Court's decision in *Will*, which "significantly clarified" the test for collateral-order review after *Batzel* was decided. In *Englert*, the Court considered whether the denial of a motion under Oregon's SLAPP statute qualified as an appealable collateral order. The Court observed that *Will* had "made clear that 'the mere avoidance of a trial' was insufficient to invoke the collateral order doctrine," and concluded that a denial of a SLAPP motion under Oregon's statute was not immediately appealable because there was no indication the legislature had created a right to appeal such a ruling on an interlocutory basis to avoid trial. *Id.* at 1105-07.

Appellants misread *Batzel*, *Englert*, and *Will*, arguing these cases liberally allow "interlocutory review of orders concerning California's Anti-SLAPP statute" and that there is no reason "an order denying an Anti-SLAPP motion, as in *Batzel*, and an order declining to hear an Anti-SLAPP motion, as here, should be treated differently." Seto Decl. Ex. O at 7. *Greensprings* forecloses such an unprincipled

---

[2] The other cases cited in appellants' notice of appeal to establish jurisdiction also involved the *denial*, *on the merits*, of purported immunity defenses. *See Mitchell v. Forsyth*, 472 U.S. 511, 525-30 (1985); *Estate of Kennedy v. Bell Helicopter Textron, Inc.*, 283 F.3d 1107, 1110-11 (9th Cir. 2002).

EXHIBIT HH
676

extension of *Batzel*. Appellants in *Greensprings* challenged an order allowing plaintiff to amend its complaint under Federal Rule 15(a), arguing—as appellants do in Case No. 10-56594—that California law should operate to bar such an amendment. *Compare* 2010 WL 5294273, at *1, *with* Seto Decl. Ex. N at 12-17. Citing *Batzel*, *Englert*, and *Will*, this Court held in *Greensprings* that it lacked jurisdiction to hear the appeal, because when the district court granted plaintiff leave to amend, it did not "conclusively determine" whether the SLAPP statute applied to bar plaintiff's claims—thus meaning that the first prong of the *Will* test had not been met. 2010 WL 5294273, at *4.

Here, the district court similarly has *never* determined whether or not the SLAPP statute applies. It has merely issued rulings allowing discovery to proceed relevant to DC's opposition to appellants' SLAPP motion. Seto Decl. Exs. G at 55-60, H-J. Allowing interlocutory review of such interim rulings—which do not "conclusively determine the disputed question" on a SLAPP motion, *Will*, 546 U.S. at 350, would be directly "at odds with the Supreme Court's strong emphasis on the 'stringent' nature of the [collateral-review] test," *Greensprings*, 2010 WL 5294273, at *5.

2. Appellants Fail The Third *Will* Prong. Appellants are mistaken that the interim rulings to which they object are "effectively unreviewable on appeal from a final judgment." *Will*, 546 U.S. at 350. The SLAPP statute provides for

- 9 -

interlocutory review of "[a]n order granting or denying a special motion to strike."
CAL. CIV. PROC. CODE § 425.16(i). *Batzel* holds that an order denying a SLAPP
motion on the merits is "effectively unreviewable" because the California
legislature explicitly provided for immediate review of such denials in section
425.16. 333 F.3d at 1025-26.

There is no equivalent provision for interim rulings, *short of a ruling on the
merits* of a SLAPP motion. To the contrary, the SLAPP statute contemplates that a
trial court may authorize discovery to oppose a SLAPP motion on a showing of
"good cause," CAL. CIV. PROC. CODE § 425.16(g), and also defer ruling on a
SLAPP motion given the other exigencies of its calendar, *id.* § 425.16(f). Nothing
in the text of the SLAPP statute, its legislative history, or the relevant California or
federal case law provides that such interim rulings are immediately appealable,
much less under *Will's* more demanding test for such appeals in federal court.

*       *       *

This second interlocutory appeal appellants have filed (along with their writ
application)—predicated on appellants' unsupported extension of *Batzel* to all
intermediate decisions implicating the SLAPP statute—is exactly what the
Supreme Court warned against in *Will*. There, the Supreme Court admonished that
the collateral-order doctrine must be kept "stringent" and "narrow," otherwise,
expansions, such as those advocated by appellants here:

- 10 -

will overpower the substantial finality interests § 1291 is meant to
further: judicial efficiency, for example, and the sensible policy of
avoid[ing] the obstruction to just claims that would come from
permitting the harassment and cost of a succession of separate appeals
from the various rulings to which a litigation may give rise.

*Will*, 546 U.S. at 349-50 (citations omitted).  Appellants' abuse of the appellate

process—which cases like *Greensprings* confirm cannot be abided—should not be

countenanced.

**B.    The Court Should Also Decline To Exercise Jurisdiction Because
Appellants' Arguments About Precluding Discovery Fail On The
Merits.**

Appellants argue the district court "deprived the Defendants of the

protections and immunities of California's anti-SLAPP statute" by permitting DC

to go forward with discovery and declining to immediately rule on their SLAPP

motion.  Seto Decl. Ex. S at 1.  As DC has explained in opposing appellants'

motion for an "urgent" stay, appellants' substantive arguments challenging the

district court's rulings are entirely without merit.  *Id.* Ex. B.  Under federal law and

the California SLAPP statute, a district court has discretion to grant discovery to

oppose a SLAPP motion and to decide when to rule on a SLAPP motion.  *Id.* at 12-

17.  When it suited their strategic objectives, appellants acknowledged the district

court had "inherent power to stay proceedings," and that such stay orders could

only be overturned for "abuse of discretion."  *Id.* Ex. V at 7-8.

No such abuse occurred here.  To briefly summarize:

- 11 -

- As for DC's state-law claims, the SLAPP statute itself entitles DC to discovery while a SLAPP motion is pending upon a showing of "good cause," CAL. CIV. PROC. CODE § 425.16(g), and DC demonstrated extensively to the magistrate and district court the need to take discovery to oppose appellants' SLAPP motion. Seto Decl. Ex. B at 14-17 (citing and collecting briefs below).  Moreover, this Court has established that FRCP 56(f) entitles plaintiffs "to discover information" essential to a SLAPP opposition, *Metabolife*, 264 F.3d at 846—*e.g.*, where, as here, "a party brings an anti-SLAPP motion challenging the sufficiency of the nonmoving party's evidence," *Moser v. Triarc Cos. Inc.*, 2007 WL 3026425, at *3 (S.D. Cal. Oct. 16, 2007).[3]

- In any event, *all* of the discovery DC seeks—and the magistrate and district court ruled it could take—is directly relevant to DC's federal claims.  "[T]he anti-SLAPP statute does not apply to federal law causes of action," *Hilton v. Hallmark Cards*, 599 F.3d 894, 901 (9th Cir. 2010), and staying discovery related to federal claims on the basis of the SLAPP statute would wrongly "frustrate substantive federal rights." *Sonoma Foods, Inc. v. Sonoma Cheese*

---

[3] Appellants' claim that *Metabolife* is "in tension with decisions of this Court," Seto Decl. Ex. U at 14, is frivolous for the reasons discussed in DC's opposition to appellants' stay motion.  *Id.* Ex. B at 15-16.  This Court in *Greensprings* yet again cited *Metabolife* favorably, 2010 WL 5294273, at *1—further underscoring that appellants' view that *Metabolife* was overruled *sub silentio* or called into doubt by the Supreme Court's decision six months ago in *Shady Grove* is mistaken.

*Factory, LLC*, 634 F. Supp. 2d 1009, 1016 (N.D. Cal. 2007). DC showed in lengthy briefing before the magistrate and district court why these federal claims are valid, implicate disputed factual issues, and require discovery. Seto Decl. Ex. B at 12-14 (citing and collecting briefs below).

- Appellants' argument that the SLAPP statute mandates "a prompt hearing" on their SLAPP motion is belied by the express terms of the statute, which provide that a SLAPP motion may be heard later if "the docket conditions of the court require a later hearing." CAL. CIV. PROC. CODE § 425.16(f). Moreover, section 425.16(g) permits discovery in advance of a SLAPP motion, and nothing in the statute "prevents *the court* from continuing the hearing to a later date so that the discovery it authorized can be completed where a reasonable exercise of judicial discretion dictates the necessity therefor." *Lafayette*, 37 Cal. App. 4th at 868.

- Finally, appellants' argument that the district court's orders effect "a one-sided stay … whereby the plaintiff is permitted to take full discovery" while appellants cannot take reciprocal discovery or file counterclaims is a fiction. Appellants never served discovery or asserted counterclaims; DC does not assert that appellants are barred from conducting discovery; appellants never asked the district court for clarification on whether its orders foreclose discovery by appellants; and there is no order imposing a one-sided

EXHIBIT HH

discovery stay.  Seto Decl. Ex. B at 17-18, 10-11; *see also Cheney v. U.S.
Dist. Ct.*, 542 U.S. 367, 381 (2004) ("interlocutory appellate review is
unavailable" for such "ordinary discovery orders"); *In re Anonymous Online
Speakers*, 611 F.3d 653, 658 (9th Cir. 2010) ("the courts of appeals cannot
afford to become involved with the daily details of discovery") (quoting
*Perry*, 591 F.3d at 1157).  Appellants have advanced this argument in a
transparent effort to manufacture jurisdiction for this appeal because the
district court's case-management orders are interfering with appellants'
tactical objectives.

## CONCLUSION

This appeal should be immediately dismissed for lack of jurisdiction.

Dated:  December 30, 2010          DANIEL M. PETROCELLI
                                   MATTHEW T. KLINE
                                   CASSANDRA L. SETO
                                   O'MELVENY & MYERS LLP


                                   By:   /s/ Daniel M. Petrocelli
                                         Daniel M. Petrocelli

                                   Attorneys for Plaintiff-Appellee
                                   DC Comics

EXHIBIT HH
682

## STATEMENT OF RELATED CASES

Pursuant to Ninth Circuit Rule 28-2.6, plaintiff-appellee DC Comics hereby identifies two related cases pending in this Court, both of which arise out of the same case in the district court:

(1) *Pacific Pictures Corporation et al. v. DC Comics*, Case No. 10-56594.

(2) *Pacific Pictures Corporation et al. v. DC Comics*, Case No. 10-73851.

Dated:  December 30, 2010                    DANIEL M. PETROCELLI
MATTHEW T. KLINE
CASSANDRA L. SETO
O'MELVENY & MYERS LLP

By:   /s/ Daniel M. Petrocelli
Daniel M. Petrocelli

Attorneys for Plaintiff-Appellee
DC Comics

EXHIBIT HH
683

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Federal Rules of Appellate Procedure 27(d) and 32(a), I certify

that plaintiff-appellee DC Comics' brief is proportionately spaced, has a typeface

of 14 points or more, and does not exceed 20 pages.


Dated:  December 30, 2010            DANIEL M. PETROCELLI
                                     MATTHEW T. KLINE
                                     CASSANDRA L. SETO
                                     O'MELVENY & MYERS LLP


                                   By:   /s/ Daniel M. Petrocelli
                                           Daniel M. Petrocelli


                                   Attorneys for Plaintiff-Appellee
                                   DC Comics


CC1:841773