# EXHIBIT KK

Appeal No. 10-56980

# United States Court of Appeals
## FOR THE
# Ninth Circuit

Pacific Pictures Corporation, IP Worldwide, LLC, IPW, LLC, Marc Toberoff, Mark Warren Peary, as Personal Representative of the Estate of Joseph Shuster, Joanne Siegel, Laura Siegel Larson, and Jean Adele Peavy
*Defendants-Appellants*,

*v.*

DC Comics, *Plaintiff-Appellee.*

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA
THE HONORABLE OTIS D. WRIGHT II, JUDGE
CASE NO. CV-10-3633 ODW (RZx)

**APPELLEE DC COMICS' REPLY IN SUPPORT OF ITS MOTION TO DISMISS APPEAL FOR LACK OF JURISDICTION, AND DC COMICS' OPPOSITION TO APPELLANTS' MOTION FOR VOLUNTARY DISMISSAL AND STATEMENT IN RESPONSE TO DC COMICS' MOTION TO DISMISS**

| O'MELVENY & MYERS LLP | PERKINS LAW OFFICE, P.C. |
|---|---|
| DANIEL M. PETROCELLI (CA S.B. # 97802) | PATRICK T. PERKINS (N.Y. S.B. # 2603371) |
| MATTHEW T. KLINE (CA S.B. # 211640) | 1711 ROUTE 9D |
| CASSANDRA L. SETO (CA S.B. # 246608) | COLD SPRING, NY 10516 |
| 1999 AVENUE OF THE STARS, 7TH FLOOR | TELEPHONE: (845) 265-2820 |
| LOS ANGELES, CA 90067-6035 | FACSIMILE: (845) 265-2819 |
| TELEPHONE: (310) 553-6700 | |
| FACSIMILE: (310) 246-6779 | |

*Attorneys for Plaintiff-Appellee DC Comics*

DC Comics moved to dismiss this second interlocutory appeal because, like appellants' first appeal, the district court orders it challenged do not qualify as "collateral orders" under *Greensprings Baptist Christian Fellowship Trust v. Cilley*, 2010 WL 5294273 (Dec. 27, 2010), or *Batzel v. Smith*, 333 F.3d 1018 (9th Cir. 2003). Since the filing of appellants' first appeal in October, DC has maintained that appeals from intermediate SLAPP-related rulings are not collateral orders, and are not subject to appellate review under *Batzel*. Decl. of Matthew T. Kline ("Kline Decl.") Ex. A at 19-21. This Court's two "orders to show cause" identified the same infirmity. *Id.* Exs. B, C. The Court's recent decision in *Greensprings*, *id.* Ex. D—cited in its ruling yesterday dismissing appellants' first appeal, *id.* Ex. E—confirms that DC's position is correct, that appellants have misread *Batzel*, and that appellants' second appeal likewise must be dismissed.

Rather than dismiss their appeal outright, appellants have filed a motion of their own and a "Statement in Response" to DC's pending motion. In it, they agree to dismiss their appeal, but only "without prejudice," Mot. at 4, and only because, they argue, a recent First Circuit decision and DC's "change[] [in] position" counsels in favor of their going back to the district court, *id.* at 3. There is no basis to dismiss this appeal "without prejudice." As with appellants' first interlocutory appeal, the instant appeal simply should be dismissed, Kline Decl. Ex. E at 33, and appellants offer no authority or principled reason for issuing anything short of an

outright dismissal. Moreover, the reason to dismiss this appeal is this Court's binding decision in *Greensprings*—a case appellants continue to ignore—*not* appellants' new excuses for agreeing to a dismissal.

1. In *Greensprings*, 2010 WL 5294273, at *2-3, the Court held it did not have jurisdiction to hear SLAPP-related orders other than final rulings *on the merits* of a SLAPP motion. Appellants have challenged no such *merits* ruling, and they offer no answer to *Greensprings* or the result it compels—dismissal. This Court rightly relied on *Greensprings* in dismissing appellants' first interlocutory appeal, Kline Decl. Ex. E at 32-33, and the same logic and ruling apply here.

2. Appellants' claim *Godin v. Schenks*, 2010 WL 5175180 (1st Cir. Dec. 22, 2010), is a watershed opinion they must now raise with the district court—and hence they wish to dismiss their appeal. As DC explained to this Court last week:

> *Godin* stands for the unremarkable proposition that defendants can use state SLAPP statutes to challenge *state*-law claims brought in federal court. This has long been circuit law, *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 845 (9th Cir. 2001), and *Godin* says nothing about the *federal* claims on which DC is rightfully taking discovery, Case No. 10-73851, Docket No. 6-1 ("Stay Opp.") at 12-14, nor does it hold that the filing of a SLAPP motion bars discovery on DC's state-law claims. Just the opposite: *Godin* recognizes that SLAPP statutes authorize the discovery DC seeks on the showing of "good cause" DC extensively made below, and it held that these discovery-*permitting* rules are *in harmony* with FRCP 56, Slip Op. at 24—further proving appellants' *Shady-Grove* arguments are baseless. Stay Opp. at 15-17.

Kline Decl. Ex. F. Appellants offer no response to this. Instead, having improperly invoked the jurisdiction of this Court, they now wish to have their

appeal dismissed without prejudice, so they may burden the district court with this erroneous argument, which will inevitably be followed by yet another appeal to this Court once the district court rejects their endless efforts to stymie discovery.

This repeated abuse of the process—countless motions, two appeals, a writ of mandamus, and an urgent stay motion, all in the space of a few months—should be brought to a decisive end. *Cf. Will v. Hallock*, 546 U.S. 345, 349-50 (2006). *Godin* is no reason to rule otherwise. Appellants' letter to the Court describing *Godin* was before the Court when it dismissed appellants' first appeal. Kline Decl. Ex. G. *Godin* made no difference then, nor should it now.

3. Appellants claim the other reason they are now willing to dismiss this appeal is "DC has stated that it does not object to Defendants taking discovery" and "DC has changed its position in material respects since this appeal was first filed…." Mot. at 3. Though demonstrably false, as DC has repeatedly shown, appellants persist in this irresponsible argument.

On November 23—*four weeks* before this appeal was filed—DC told appellants: "DC has never suggested to defendants that it would resist defendants' initiating discovery." Kline Decl. Ex. H at 44. Before *and* after appellants filed their appeal (and their writ and stay applications, which the Court denied, *id.* Ex. I), DC has always maintained exactly this same position:

| Date | Source | Text |
|---|---|---|
| December 17 (day appellants filed writ application and three days before they filed stay motion) | *Id.* Ex. J at 47 (email from Kline to Brill). | "As for the current stay, you have mischaracterized it. We have made clear that DC does not object to defendants pursuing discovery…." |
| December 17 | *Id.* Ex. K at 50 (second email from Kline to Brill). | "Also wrong is your claim that DC has objected to discovery by defendants. Defendants have served no discovery in this case, nor has DC asserted that defendants have no right to discovery. In fact, DC has said just the opposite." |
| December 18 (two days before appellants filed stay motion) | *Id.* Ex. L at 56 (email from Kline to Brill). | "Among many other defects in the writ, defendants also misleadingly represent that 'DC, in seeking to modify the district court's October 15 stay order and in opposing Defendants' request that the November 16 order be clarified, failed to state that they would accept discovery from Defendants notwithstanding the stay order….' Despite their duty of candor to the Court, which is especially heightened in an emergency filing of this sort, defendants notably omit reference to our 3:04 pm email and DC's clear statements in its briefs to the district court, quoted in our 3:04 pm email, that: 'Also wrong is your claim that DC has objected to discovery by defendants. Defendants have served no discovery in this case, nor has DC asserted that defendants have no right to discovery. In fact, DC has said just the opposite.'" |
| December 20 (day appellants filed stay motion) | *Id.* Ex. M at 64 (email from Kline to Brill). | "DC has never suggested to defendants that it would resist defendants' initiating discovery." |
| December 23 | *Id.* Ex. N at 69, 79 (Opp. | "In a November 23 filing with the district court, DC was explicit that it did not object to |

| | | |
|---|---|---|
| | to Mot. for Stay). | appellants' initiating discovery: 'DC has never suggested to defendants that it would resist defendants' initiating discovery.' There is no 'one-sided' discovery order in this case."<br><br>"DC sent appellants an email at 7:56 a.m. on the morning appellants filed their writ petition, reminding appellants: '*As for the current stay, you have mischaracterized it. We have made clear that DC does not object to defendants pursuing discovery….*' *Id*. at 1172 (emphasis added). Appellants nonetheless filed their writ that evening, falsely asserting that DC had 'failed to state that they would accept discovery from Defendants notwithstanding the stay order.'" |
| December 30 | *Id*. Ex. O at 107-08 (Mot. to Dismiss Appeal). | "Appellants never served discovery or asserted counterclaims; DC does not assert that appellants are barred from conducting discovery; appellants never asked the district court for clarification on whether its orders foreclose discovery by appellants; and there is no order imposing a one-sided discovery stay." |

Appellants have wasted enough of the Courts' and parties' valuable time and resources. Their latest appeal should be dismissed—without any qualification and on the same grounds as their first appeal.

Dated: January 12, 2011    DANIEL M. PETROCELLI
O'MELVENY & MYERS LLP

By:  /s/ Daniel M. Petrocelli
Daniel M. Petrocelli
Attorneys for Appellee DC Comics

CC1:842552