# EXHIBIT MM

Nov-15-06  10:36pm  From-                                                                T-129  P.003/027  F-045

# IP worldwide

As of October 3, 2002

Joanne Siegel
13929 Marquesas Way, Apt. 201A
Marina Del Rey, CA 90292

Laura Siegel Larson
6400 Pacific Avenue, #106
Playa Del Rey, CA 90293

**RECEIVED**

**OCT 24**

**Marc Toberoff**

Re: "*Superman*"

Dear Joanne and Laura:

This letter shall confirm the agreement and understanding between you ("Owner") and us ("IPW") regarding Owner's retention of IPW to exclusively represent Owner with respect to any and all of Owner's rights, claims, title and interest in and to the comic book property commonly known as "*Superman*," including, without limitation, all characters and copyright interests therein (jointly and individually, "Rights"):

1. In consideration for IPW's services set forth below, the mutual covenants contained herein and other good and valuable consideration, Owner hereby grants IPW the exclusive right to represent Owner and the Rights throughout the world in negotiating and assisting Owner to arrange and negotiate the sale, lease, license and all other dispositions or exploitations of the Rights, for the Term set forth below.

2. IPW will furnish and provide the legal services of Marc Toberoff, Esq., and the business services of Ariel Emanuel and IPW's support staff and employ its network of business relationships and resources to market and negotiate the sale, license, settlement and/or other disposition of the Rights on your behalf, and will advise you and consult with you with respect thereto. IPW will also provide Marc Toberoff's legal services with respect to all legal contracts in connection with all of the above. IPW will be solely responsible for Marc Toberoff's legal fees in connection herewith, if any.

3. The terms of any and all agreements regarding the Rights will require Owner's express written approval.

4. IPW will pay its own costs and expenses in connection with this Agreement, including without limitation, office overhead, photocopying, messenger fees, postage and overnight mail, long distance telephone and fax charges, travel and accommodation costs and any legal fees to Marc Toberoff, and such costs will not be recoupable from Proceeds hereunder. Notwithstanding this, in the event IPW advances or loans Owner moneys to pay costs in furtherance of the Rights (e.g., US Copyright Office fees and audit fees, if any) the terms and repayment of any such advances or loans will be set forth in a separate written agreement between the parties.

9701 Wilshire Boulevard, 10th Floor Beverly Hills, CA 90212 Tel: (310) 246-3100; Fax: (310) 246-3335
E-mail: MToberoff@IPWW.biz

IPW 00001

Nov-15-06  10:36pm  From-
 _2002  04:56 PM
Oct-21-02  08:18pm  From-
T-129  P.004/027  F-045
T-288  P.005/013  F-765

# Ip worldwide

Page 2
Retainer Agreement/ *Superman*
As of October 3, 2002

5.  The term ("Term") of this Agreement is eighteen (18) months from the date this Agreement is executed by all parties. In the event the parties are actively negotiating an agreement regarding the Rights when the Term is due to expire, the Term will automatically be extended for three (3) additional months. In the event during the Term either Marc Toberoff or Ariel Emanuel are unable to render services in connection with this Agreement for a continuous period greater than three (3) months due to death, incapacity or otherwise, Owner may in its discretion terminate this Agreement prior to the expiration of the Term.

6.  In consideration of the services to be furnished by IPW hereunder you hereby agree to pay and authorize IPW to retain out of all gross compensation, moneys or other consideration that may be payable or recovered for or by reason of Owner's Rights whether by negotiation, dispute resolution, settlement or otherwise ("Proceeds"): a fee ("Fee") of ten percent (10%) of any and all gross compensation payable including, without limitation, option, quitclaim or licensing fees, purchase price, settlement amounts, advances, fixed and/or contingent compensation. In computing IPW's fee no deduction will be made from gross Proceeds, including, without limitation, no deduction for Owner's taxes, expenses and/or moneys payable to any and all third parties if any. IPW's Fee shall apply to any and all agreements regarding the Rights made during the Term or the material terms of which are substantially negotiated during the Term and/or to any agreements between Owner and an investor or buyer introduced by IPW to Owner during the Term. For the avoidance of doubt, in the event "*Superman*" and the Rights are sold, settled, licensed or otherwise exploited in conjunction with other characters or rights owned or controlled by Owner (e.g., "*Superboy*"); it is understood and agreed that IPW will not "double dip" and the above 10% IPW Fee will apply to gross Proceeds from any said joined transaction(s).

Notwithstanding the above, for purposes of computing IPW's Fee, Proceeds will not include Joanne Siegel's annual "pension" payments which commenced in 1996 (currently $ 126,148 annually, plus cost of living increases or bonuses, if any) and her full medical and dental coverage provided by AOL Time Warner which consideration and interests pre-date and are wholly separate from her copyright termination interests.

///
///
///
///
///
///

IPW 00002

EXHIBIT MM
699

Nov-15-06  10:37pm  From-                                            T-129  P.005/027  F-045
Oct-21-02  08:18pm  From-                                            T-266  P.006/013  P-786

# **Ip**worldwide

Page 3
Retainer Agreement/ *Superman*
As of October 3, 2002

7. Owner hereby authorizes IPW to collect and receive all Proceeds due and payable; to endorse and deposit any checks or moneys payable into a client trust account on Owner's behalf; to deduct IPW's fee as set forth above; whereupon IPW will promptly pay the remainder directly to Owner as directed by Owner in writing. It is understood that the Rights may involve multiple rights and claims against multiple parties and accordingly IPW's above fee shall be applicable to each Rights payment or recovery from any party and same is not contingent on any other Rights payment.

8. Owner hereby warrants and represents that Owner will not transfer, assign, license or in any manner encumber the Rights during the Term or extended Term other than through or as a result of IPW's exclusive representation hereunder, with the exception of by will, probate or pursuant to other Court order.

9. All notices and/or payments hereunder shall be made to the parties at the addresses set forth on page 1 hereof unless and until either party gives the other prior written notice of a change of address.

10. The parties understand and acknowledge that the scope of this Agreement does not include legal services and/or expenses in connection with litigation or formal legal arbitration, if any. The provision of such services and advancing of such expenses, if requested and desired by Owner, will be rendered and provided by Marc Toberoff, Esq., subject to good faith negotiation of a mutually acceptable agreement executed by Mr. Toberoff and Owner.

11. This Agreement contains the full understanding of the parties and supersedes all prior or contemporaneous understandings whether written or oral with respect to the subject matter hereof and may not be modified except in writing signed by both parties. The parties acknowledge that they fully understand the terms and conditions of this Agreement and have agreed to such terms and conditions after negotiation, mature thought and deliberation. The parties further acknowledge that they have not signed this Agreement in reliance on any promise or representation not expressly set forth in this Agreement. If any provision of this Agreement is found to be unenforceable, the remainder shall be enforced as fully as possible and the unenforceable provisions shall be deemed modified to the limited extent required to permit its enforcement in a manner most closely representing the intention of the parties expressed herein. The terms of this Agreement shall be construed pursuant to their fair meaning, not for or against either party. This Agreement shall bind and inure to the benefit of the parties, their respective heirs, successors and assigns. Executed facsimile copies of this Agreement shall be valid acceptable substitutes for executed originals. This Agreement shall be governed by the

IPW 00003



# Ip worldwide

Page 4
Retainer Agreement/ *Superman*
As of October 3, 2002

Laws of the State of California applicable to agreements made in and to be performed therein.

We are very pleased and excited to work with you and will do our very best to handle this matter in a dedicated manner and to achieve results satisfactory to you.

Yours sincerely,

Marc Toberoff
Authorized signatory

Ariel Emanuel
Authorized signatory

Agreed, Understood and Accepted:

Joanne Siegel                                Date: October 23rd, 2002

Laura Siegel Larson                          Date: October 23, 2002

IPW 00004