# EXHIBIT VV

Case 2:04-cv-08400-SGL-RZ    Document 295-2    Filed 04/09/2008    Page 1 of 4

1 | WEISSMANN WOLFF BERGMAN
COLEMAN GRODIN & EVALL LLP
2 | Michael Bergman (SBN 37797)
Anjani Mandavia (SBN 94092)
3 | 9665 Wilshire Boulevard, Ninth Floor
Beverly Hills, California 90212
4 | Telephone: (310) 858-7888
Fax: (310) 550-7191

5

6 | FROSS ZELNICK LEHRMAN & ZISSU, P.C.
Roger L. Zissu (Admitted *pro hac vice*)
James D. Weinberger (Admitted *pro hac vice*)
7 | 866 United Nations Plaza
New York, New York 10017
8 | Telephone: (212) 813-5900
Fax: (212) 813-5901

9

10 | PERKINS LAW OFFICE, P.C.
Patrick T. Perkins (Admitted *pro hac vice*)
1711 Route 9D
11 | Cold Spring, New York 10516
Telephone: (845) 265-2820
12 | Fax: (845) 265-2819

13 | Attorneys for Defendants and Counterclaimant

14 | **UNITED STATES DISTRICT COURT**

15 | **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 16 JOANNE SIEGEL and LAURA SIEGEL LARSON, | Case Nos. [Consolidated for Discovery]: |
| 17 Plaintiffs, | CV 04-8400 SGL (RZx) |
| | CV 04-8776 SGL (RZx) |
| 18 vs. | Hon. Stephen G. Larson, U.S.D.J. |
| | Hon. Ralph Zarefsky, U.S.M.J. |
| 19 WARNER BROS. ENTERTAINMENT INC.; TIME WARNER INC.; DC COMICS; and DOES 1-10, | |
| 20 Defendants. | **SUPPLEMENTAL DECLARATION OF WAYNE M. SMITH IN SUPPORT OF DEFENDANTS' DECLARATION FILED PURSUANT TO THE COURT'S SEPTEMBER 17, 2007 ORDER RE "ESCROW DOCUMENTS"** |
| 21 JOANNE SIEGEL and LAURA SIEGEL LARSON, | |
| 22 Plaintiffs, | |
| vs. | |
| 23 TIME WARNER INC.; WARNER COMMUNICATIONS INC.; WARNER | **DISCOVERY MATTER** |
| 24 BROS. ENTERTAINMENT INC.; WARNER BROS. TELEVISION | **LOCAL RULE 37** |
| 25 PRODUCTION INC.; DC COMICS; and DOES 1-10, | Time: N/A |
| | Date: N/A |
| 26 Defendants. | Courtroom: 2 |
| 27 AND RELATED COUNTERCLAIMS | Hon. Stephen G. Larson |
| | Discovery Cutoff: Nov. 17, 2006 |

28

{F0252281.2}

**EXHIBIT VV**
**777**

1    I, Wayne M. Smith, declare and state as follows:

2        1.    I am an attorney, admitted to practice before the Supreme Court of the

3    State of California and before this Court, and am employed by defendant Warner

4    Bros. Entertainment Inc. ("Warner Bros.") as Vice President, Senior Litigation and

5    Chief Patent Counsel. I submit this Supplemental Declaration in Support of

6    Defendants' Declaration filed pursuant to the Court's September 17, 2007 Order re

7    "Escrow Documents". I have personal knowledge of the facts contained within this

8    declaration, and, if called upon as a witness, I could and would testify competently

9    thereto.

10        2.    This declaration is submitted based on additional information that has

11    recently come to light in view of proceedings in this case before the United States

12    District Court for the Northern District of Ohio (the "Ohio Proceedings"), which

13    bears on declarations I submitted before this court on March 26, 2007 and April 2,

14    2007. The Ohio Proceedings involve documents that plaintiffs' counsel, Marc

15    Toberoff, has asserted are covered by an alleged joint attorney-client privilege held

16    between the plaintiffs and Michael Siegel (deceased), the half-brother of plaintiff

17    Laura Siegel Larson.

18        3.    As detailed in my declaration of March 26, 2007, after Warner Bros.

19    received what appeared to be three identical sets of the Escrow Documents, I

20    performed a review of one of those sets under the standards set forth in the *State*

21    *Fund* case, and divided the documents into three separate groups: "privileged," "not

22    privileged" and "?". (March 26, 2007 Smith Decl. re Whistleblower Documents, ¶¶

23    7-12.) This divided set of documents was then turned over to John Quinn at Arnold

24    & Porter along with the two other sets. Arnold & Porter subsequently numbered

25    those documents Q0001-Q0839 and provided a copy to Mr. Toberoff. (*Id.* at ¶ 13.)

26    Neither Warner nor its counsel has a copy of the documents. (*Id.*)

27        4.    From reviewing Marc Toberoff's May 21, 2007 declaration, it is clear

28    that documents nos. Q0001-Q0289 are the documents that I reviewed and divided

{F0252281.2 }

EXHIBIT VV

1    into three groups.  This is evident from the fact that the two other sets of documents

2    (Q0290-Q0561 and Q0562-Q0839), each of which begins with the "un-dated

3    defamatory cover letter" document, are in nearly identical order to each other, but

4    not Q0001-Q0289.  This is also evident from the fact that nearly all of the

5    documents that Mr. Toberoff identified as having been already produced in

6    discovery are grouped together in a single run of documents from Q0011-Q0086 –

7    these are plainly the documents that I identified and placed in the second, i.e., "non-

8    privileged," group when I conducted my review.

9        5.    Prior to the Ohio Court's April 1, 2008 Order, in the run of documents

10   from Q0011-Q0086, four had not been produced to plaintiffs.  Three of these

11   documents – corresponding to Bulson Privilege Log nos. 319, 327 and 328 – have

12   been found to be not privileged, were ordered produced by the Ohio Court and have

13   now been produced.  I also grouped these documents among those that were "non-

14   privileged" when I conducted my review under *State Fund* in June 2006.

15       6.    There is only one remaining as yet unproduced document among the

16   "non-privileged" run of documents:  document no. Q0027-33.  In Mr. Toberoff's

17   May 21, 2007 declaration, this document is represented to correspond to "Plaintiff's

18   Supplemental Privilege Log #82," which provides:

| Log# | Date | Identity of Recipient(s) | Identity of Author(s) | Document Description | Privilege Claim | Present Location |
|------|------|--------------------------|------------------------|----------------------|-----------------|------------------|
| 82 | 7/11/2003 | Atty Marc Toberoff | Laura Siegel | Facsimile | Atty/Client | Plaintiff's Counsel |

22   Based on the manner in which I reviewed the documents in June 2006, I would not

23   have placed a communication between Mr. Toberoff and Ms. Siegel within the

24   group of "non-privileged" documents.

25       7.    Based on the information recently discovered from the Ohio

26   Proceedings, I believe this document must be the "missing" letter from Laura Siegel

27   to Michael Siegel discussed in my April 2, 2007 Declaration, possibly preceded by a

28   facsimile transmission page from Ms. Siegel to Mr. Toberoff.  To the best of my

{F0252281.2 }

2

EXHIBIT VV
779

1  recollection, this letter was directed to the same general subject matter as the
2  recently disclosed Bulson documents – the sale of Michael Siegel's Superman
3  interest to Mr. Toberoff's "investor." According to Plaintiff's Supplemental
4  Privilege Log, this letter is dated July 11, 2003 – following Don Bulson's rejection
5  of Mr. Toberoff's offer on June 18, 2003 (Bulson privilege log no. 319), and five
6  days prior to Mr. Toberoff's response on July 16, 2003. Thus, in terms of timing,
7  sequence and subject matter, this as yet unproduced document fits with the other
8  correspondence with Michael Siegel's representative that was improperly withheld,
9  but which has now been produced following the Ohio Order.

10       I declare under penalty of perjury of the laws of the United States of America
11  that the foregoing is true and correct.

12       Dated this 9th day of April, 2008 at Honolulu, Hawaii.

Wayne M. Smith

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

(#025228(2)

2

EXHIBIT VV
780