Marc Toberoff (State Bar No. 188547)
  mtoberoff@ipwla.com
Nicholas C. Williamson (State Bar No. 231124)
  nwilliamson@ipwla.com
Keith G. Adams (State Bar No. 240497)
  kgadams@ipwla.com
TOBEROFF & ASSOCIATES, P.C.
2049 Century Park East, Suite 2720
Los Angeles, California, 90067
Telephone:   (310) 246-3333
Fax:            (310) 246-3101

Attorneys for Defendants Mark Warren
Peary, as personal representative of the
Estate of Joseph Shuster, Jean Adele Peavy,
Joanne Siegel and Laura Siegel Larson

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| DC COMICS,<br><br>                    Plaintiff,<br><br>          vs.<br><br>PACIFIC PICTURES CORPORATION;<br>IP WORLDWIDE, LLC; IPW, LLC;<br>MARC TOBEROFF, an individual;<br>MARK WARREN PEARY, as personal<br>representative of the ESTATE OF<br>JOSEPH SHUSTER; JEAN ADELE<br>PEAVY, an individual; JOANNE<br>SIEGEL, an individual; LAURA<br>SIEGEL LARSON, an individual,<br>and DOES 1-10, inclusive,<br><br>                    Defendants. | Case No: CV 10-03633 ODW (RZx)<br><br>Hon. Otis D. Wright II, U.S.D.J.<br>Hon. Ralph Zarefsky, U.S.M.J.<br><br>**DISCOVERY MATTER**<br><br>**DEFENDANTS' RESPONSE TO DC COMICS' APPLICATION TO FILE CERTAIN EXHIBITS UNDER SEAL**<br><br>Complaint filed:  May 14, 2010<br>Trial Date:  None Set<br><br>Date:     February 28, 2011<br>Time:     10:00 a.m. |

Defendants[1] respectfully respond to plaintiff DC Comics' ("DC") application to file under seal certain exhibits attached to the Declaration of Matthew T. Kline in support of their February 7, 2011 motion to compel.  DC has mischaracterized the facts supporting its application and has failed to inform the Court that this sealing does nothing to remedy the problem.  As DC and its counsel are well aware, the contents of these exhibits, May 2, 2008 and July 3, 2008 settlement letters from Defendants' counsel to DC's counsel, may not be used in litigation in any manner pursuant to the express terms of the parties' May 1, 2008 JAMS confidentiality agreement ("Confidentiality Agreement").  *See* Docket No. 160 ("Joint Stipulation") at 50:1-64:10.

As more fully discussed in Defendants' portion of DC's motion to compel, these letters were clearly marked "Confidential – For Settlement Purposes Only," pursuant to paragraph 5 of the Confidentiality Agreement.  That Confidentiality Agreement clearly provides that such "Confidential Settlement Information" "***shall not be…used in any way, shape or form for any purpose..in any pending or future proceeding in any court***."  *See* Docket No. 161, Declaration of Matthew T. Kline ("Kline Decl."), Ex. K, ¶ 5 (emphasis added).  The letters disclose the Siegels' and the Shusters' strategic approach to settlement of their Superman copyright interests with DC in anticipation of a Court-ordered settlement mediation, and this disclosure was made solely in connection therewith, and expressly pursuant to the Confidentiality Agreement.  *See* Joint Stipulation at 50:1-64:10.

By their use in this litigation and attachment of such settlement letters in/to their motion, DC and its counsel blatantly flout and violate the terms and objectives of the Confidentiality Agreement.  This is particularly egregious in light of the fact that DC previously moved to compel this confidential information in the closely-

---

[1] DC's motion is solely directed at discovery served on the Heirs, responding defendants Laura Siegel Larson, Joanne Siegel, Mark Warren Peary, and Jean Adele Peavy.  It does not relate to any discovery served on Marc Toberoff, Pacific Pictures Corporation, IP Worldwide, LLC or IPW, LLC.  As such, the "Toberoff" defendants are not parties to the pending Joint Stipulation.

DEFENDANTS' RESPONSE TO DC'S APPLICATION TO FILE UNDER SEAL

related *Siegel* case and was denied by Judge Larson, who ruled that this information is privileged:

> THE COURT:  Part of this is motivated simply by the Court's commitment to maintaining the settlement privilege. It was the Court that encouraged you to engage in that settlement effort, and I want to maintain the confidences that were agreed to during that period. So that motion is denied.

Kline Decl., Ex. SS at 12:15-19.  *See* Joint Stipulation at 56:6-57:8.

Thus, "sealing" these exhibits is *not a solution* to Defendants' concern.  In fact, DC has previously submitted to the Court the May 2, 2008 and July 3, 2008 letters only in highly **redacted** form, showing they are well aware of their obligations under the Confidentiality Agreement.  *See Siegel v. Warner Bros. Ent. Inc.*, C.D. Cal. Case No. 04-8400 ODW (RZx), Docket No. 395-2, Exs. B, D; Declaration of Marc Toberoff ("Toberoff Decl."), Exs. A-B.  Consistent with the Confidentiality Agreement, only *striking* this information from DC's motion to compel, and not proceeding with any arguments based thereon, is the appropriate solution.

Defendants' counsel pointed the above out to DC's counsel in a February 7, 2011 e-mail, which DC's counsel failed to provide to the Court:

> "Dan:
>
> I did not miss your point. I addressed it.  It is a straw man.  DC's motion and the disclosures therein directly breach DC's obligations under the Confidentiality Agreement in the most flagrant and obvious manner.  Filing the motion under seal or sealing the letters neither accommodates our objections nor resolves DC's willful breach of paragraph 5 of the Agreement or, for that matter, the mediation privilege, as DC is still using statements made in connection with a settlement mediation in the litigation, itself.
>
> No manner of self-serving statements or mischaracterizations of the record can change that conclusion, so long as you persist in disclosing and using the protected letters in this litigation.
>
> Marc"

*See* Toberoff Decl., Ex. C.

DC tries to "blame the victim" by accusing Defendants of "gamesmanship" for allegedly raising this issue for the first time yesterday.  This is false.  On September 20, 2011, Defendants specifically moved to strike portions of Plaintiff's complaint

disclosing such confidential settlement information. *See* Docket No. 78 at 18:11-24:13. This motion was renewed on January 14, 2011 (with a hearing date before Judge Wright on February 14, 2011), one week before DC served their portion of the Joint Stipulation on January 28, 2011. *See* Docket No. 147 at 18:11-24:13. Thus, DC has been well-aware of Defendants' position for months and decided to disclose this confidential information anyway. Moreover, DC certainly does not need Defendants to inform them of the obvious – that their wholesale use and disclosure of such letters expressly marked "Confidential – For Settlement Purposes Only" and expressly submitted under the Confidentiality Agreement is highly improper.

## <u>CONCLUSION</u>

Consistent with Defendants' pending motion to strike any use of confidential settlement information, exhibits PP and RR should be stricken from the record.


Dated: February 8, 2011                          RESPECTFULLY SUBMITTED,

_____
Marc Toberoff
TOBEROFF & ASSOCIATES, P.C.
Attorneys for Defendants,
Mark Warren Peary, as personal
representative of the Estate of Joseph
Shuster, Jean Adele Peavy, Joanne
Siegel and Laura Siegel Larson