# EXHIBIT A

# LAW OFFICES OF MARC TOBEROFF

A PROFESSIONAL CORPORATION

2049 CENTURY PARK EAST, SUITE 2720
LOS ANGELES, CALIFORNIA 90067

MARC TOBEROFF*
NICHOLAS C. WILLIAMSON
KEITH G. ADAMS
JEFFREY R. RHOADS

* ALSO ADMITTED IN NEW YORK

TELEPHONE
(310) 246-3333

FACSIMILE
(310) 246-3101

May 2, 2008

**<u>CONFIDENTIAL – FOR SETTLEMENT PURPOSES ONLY</u>**

<u>Via Electronic Mail and U.S. Mail</u>

Michael Bergman, Esq.
Weissman Wolff Bergman Coleman Grodin & Evall LLP
9665 Wilshire Blvd., Ninth Floor
Beverly Hills, CA 90212

<u>Re: Superman/Superboy Litigations, Case Nos. 04-CV-8400, 8776 SGL (RZx)</u>

Dear Michael:

This letter is sent pursuant to the executed "JAMS Confidentiality Agreement" and solely in connection with the upcoming settlement mediation sessions.

We wish to inform you that ███████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████

Very truly yours,

*/s/ Marc Toberoff/*

Marc Toberoff

cc:   Roger L. Zissu, Esq.
      Patrick Perkins, Esq.
      Laura Siegel Larson
      Joanne Siegel
      Warren Peary

# EXHIBIT B

# LAW OFFICES OF MARC TOBEROFF

A PROFESSIONAL CORPORATION

2049 CENTURY PARK EAST, SUITE 2720
LOS ANGELES, CALIFORNIA 90067

MARC TOBEROFF*
NICHOLAS C. WILLIAMSON
KEITH G. ADAMS
JEFFREY R. RHOADS

* ALSO ADMITTED IN NEW YORK

TELEPHONE
(310) 246-3333

FACSIMILE
(310) 246-3101

## CONFIDENTIAL – FOR SETTLEMENT PURPOSES ONLY

July 3, 2008

<u>Via Facsimile and US Mail</u>

Michael Bergman, Esq.
Weissmann Wolff Bergman Coleman Grodin & Evall LLP
9665 Wilshire Blvd., Ninth Floor
Beverly Hills, CA 90212

Re: <u>Superman/Superboy Litigations, Case Nos. 04-CV-8400, 8776 SGL (RZx)</u>

Dear Michael:

I write in response to your letter of June 24, 2008 regarding your demand for "the immediate production of the Agreement identified in your letter of May 2, 2008."

[REDACTED]

As you well know, the existence of [REDACTED] was disclosed to Defendants by a letter dated May 2, 2008, marked "Confidential – For Settlement Purposes Only" and solely in connection with the Court-ordered settlement mediation of this case. Pursuant to paragraph 5 of the "JAMS Confidentiality Agreement," signed by all parties and their attorneys on May 1, 2008, the following provision applies to [REDACTED]:

> "Without limitation, any document that is marked 'Confidential – For Settlement Purposes Only' and is disclosed or produced at or in connection with a Settlement Conference shall be treated as Confidential Settlement Information. Confidential Settlement Information shall not be disclosed to anyone other than the parties, their counsel or the mediator or used in any way, shape or form for any purpose, including impeachment, in any pending or future proceeding in any court, in whole or in part, directly or indirectly, orally or in writing, except as set forth in paragraph 6 below."

**LAW OFFICES OF MARC TOBEROFF**

Michael Bergman, Esq.
July 3, 2008
Page 2

Pursuant to paragraph 6 of the JAMS Confidentiality Agreement, such documentation or information will not be considered "Confidential Settlement Information" *only* if it is:

> "(a) publicly available, (b) already in possession of the adverse party or their counsel prior to its disclosure by a party or their counsel at a Settlement Conference, or (c) is developed independently of any Settlement Conference and without reference thereto."

There are no other exceptions, and as you are clearly aware, none of these exceptions are applicable here.

Simply put, Defendants seek to exploit Confidential Settlement Information in this lawsuit in blatant disregard for, and breach of, the parties' Confidentiality Agreement. Defendants' contemplated motion to compel, and the disclosures implicit therein, itself constitutes a willful breach of their Confidentiality Agreement.



**LAW OFFICES OF MARC TOBEROFF**

Michael Bergman, Esq.
July 3, 2008
Page 3



However, failing an amicable resolution of this matter, Plaintiffs will hold Defendants liable for their willful breach of the "JAMS Confidentiality Agreement" and will move to enjoin Defendants' contemplated disclosure pursuant to paragraph 9 thereof ("[A]ny breach of this agreement would cause irreparable injury for which monetary damages would be inadequate. Consequently, any party to this Agreement may obtain an injunction to prevent disclosure…in violation of this Agreement."). Defendants' willful violation of the "JAMS Confidentiality Agreement" will understandably also have a very destructive chilling effect on future settlement disclosures.

Very truly yours,

Marc Toberoff

cc:  Roger Zissu, Esq. (via Facsimile)
     Patrick Perkins, Esq. (via Facsimile)

# EXHIBIT C



### Re: DC v. Pacific Pictures Corp. - DC's Motion to Compel

Monday, February 7, 2011 11:28 PM

**From:** "Marc Toberoff" <mtoberoff@ipwla.com>
**To:** "Petrocelli, Daniel" <DPetrocelli@omm.com>
**Cc:** "Kline, Matthew" <MKline@omm.com>, "Seto, Cassandra" <cseto@omm.com>, "Nicholas Williamson" <nwilliamson@ipwla.com>, "Keith Adams" <kgadams@ipwla.com>

Dan:

I did not miss your point. I addressed it. It is a straw man. DC's motion and the disclosures therein directly breach DC's obligations under the Confidentiality Agreement in the most flagrant and obvious manner. Filing the motion under seal or sealing the letters neither accommodates our objections nor resolves DC's willful breach of paragraph 5 of the Agreement or, for that matter, the mediation privilege, as DC is still using statements made in connection with a settlement mediation in the litigation, itself.

No manner of self-serving statements or mischaracterizations of the record can change that conclusion, so long as you persist in disclosing and using the protected letters in this litigation.

Marc

On Mon, Feb 7, 2011 at 9:59 PM, Petrocelli, Daniel <DPetrocelli@omm.com> wrote:
> Marc, you're missing or evading the point. We disagree on the substance of your objection, but you should have raised it when you received our papers, not hours before the filing deadline. We then could have had sufficient time to jointly discuss and prepare a sealing or other application to at least accommodate your claim of confidentiality pending the court's consideration of our motion, including our position that there is no basis for confidentiality or other restrictions over the two letters. All of this, of course, assumed you had a genuine interest in confidentiality. It now appears you do not. Nonetheless, out of an abundance of caution, we will ask for temporary sealing of the two letters.
>
> Dan
>
>
> On Feb 7, 2011, at 9:30 PM, "Marc Toberoff" <mtoberoff@ipwla.com> wrote:
>
>> Dan:
>>
>> We will advise the Court that your offer did not accomodate our objection or resolve your client's flagrant breach of the Confidentiality Agreement and mediation privilege.
>>
>> Marc
>>
>> On Mon, Feb 7, 2011 at 9:18 PM, Petrocelli, Daniel <DPetrocelli@omm.com> wrote:
>>> Marc, we will advise the Court that you have declined our offer to stipulate to accommodate your belated objection.
>>>
>>> Dan
>>>
>>>
>>> On Feb 7, 2011, at 9:15 PM, "Marc Toberoff" <mtoberoff@ipwla.com> wrote:

**10**

Dan:

There has been no "gamesmanship" on our part, and frankly, you throw such accusations around so easily that they cease to have any meaning. You surely do not need us to inform you that your willful disclosure of documents marked "Confidential - For Settlement Purposes Only" pursuant to paragraph 5 of the parties' JAMS Confidentiality Agreement and submitted in connection with a Court ordered settlement mediation should not be publicly disclosed, nor used in litigation. You are very well aware that your disclosure flouts both the plain wording of DC's Confidentiality Agreement and the mediation privilege that otherwise exists under law.

Since the express purpose of the Confidentiality Agreement was to prevent the use of such documents **"in any pending or future proceeding" "in any way shape or form for any purpose"** your filing of the motion and/or declaration under seal would not remedy DC's willful breach. Furthermore, you already effectively disclosed the information conveyed in my protected May 2 and July 3, 2008 letters in DC's thinly veiled complaints and frivolous causes of actions regarding the so-called "Consent Agreement" that have no conceivable basis in law.

Your excuse that we "put at issue the May 2 and July 3, 2008 letters at issue in our motion to strike" pursuant to the anti-SLAPP law, rings hollow.  Please be advised that if DC files the Joint Stipulation in its present form it proceeds at its own risk. Defendants disagree with the other assertions in your letter, and reserve all of their rights.

Marc Toberoff

On Mon, Feb 7, 2011 at 8:11 PM, Petrocelli, Daniel <DPetrocelli@omm.com> wrote:

> Marc, in response to your letter below received at 7:16 pm, we disagree with your position, and your threats of sanctions are groundless.   Among other reasons, you directly put at issue the contents and circumstances of your May 2 and July 3, 2008 letters in defendants' motion to strike filed in August 2010 and again in your renewed motion to strike filed September 2010.   We will respond to your position in our supplemental filing.
>
> More immediately, however, we object to your gamesmanship in surfacing this issue at the eleventh hour.  You received a copy of our half of the joint statement on January 28, you requested and received an extension to serve your half of the joint statement by 6:00 pm today, you called to say that it would be sent to us a bit late, and yet you never raised your objection to the "present form" of our motion until just now.  Although the objection lacks merit, we are prepared to temporarily accommodate your position pending the Court's ruling on our motion by requesting the Court's permission to file under seal both letters and any pages of our brief quoting them pursuant to a stipulation between us, without prejudice to any of our positions or yours.   If you agree to so stipulate, we will advise the court in our submission.  Please immediately let us know.
>
> Thanks.
>
> Dan
>
> **From:** Keith Adams [mailto:kgadams@ipwla.com]

**11**

**Sent:** Monday, February 07, 2011 7:16 PM
**To:** Petrocelli, Daniel
**Cc:** Seto, Cassandra; Kline, Matthew; Nicholas Williamson; Marc Toberoff
**Subject:** DC v. Pacific Pictures Corp. - DC's Motion to Compel

Counsel:

Attached please find correspondence from Marc Toberoff regarding DC's motion to compel.

Keith G. Adams
Toberoff & Associates, P.C.
2049 Century Park East, Suite 2720
Los Angeles, CA 90067
Telephone: (310) 246-3333
Facsimile: (310) 246-3101
Email: kgadams@ipwla.com
http://www.ipwla.com

This message and any attached documents may contain information from Toberoff & Associates, P.C. that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

--
Marc Toberoff
Toberoff & Associates, PC
2049 Century Park East, Suite 2720
Los Angeles, CA 90067
Tel: (310) 246-3333
Fax: (310) 246-3101
MToberoff@ipwla.com


--
Marc Toberoff
Toberoff & Associates, PC
2049 Century Park East, Suite 2720
Los Angeles, CA 90067
Tel: (310) 246-3333
Fax: (310) 246-3101
MToberoff@ipwla.com



--
Marc Toberoff
Toberoff & Associates, PC
2049 Century Park East, Suite 2720
Los Angeles, CA 90067

**12**

Tel: (310) 246-3333
Fax: (310) 246-3101
MToberoff@ipwla.com

**13**