...

1. Marc Toberoff (State Bar No. 188547)
   mtoberoff@ipwla.com
2. Nicholas C. Williamson (State Bar No. 231124)
   nwilliamson@ipwla.com
3. Keith G. Adams (State Bar No. 240497)
   kgadams@ipwla.com
4. TOBEROFF & ASSOCIATES, P.C.
   2049 Century Park East, Suite 2720
5. Los Angeles, California, 90067
   Telephone: (310) 246-3333
6. Fax:         (310) 246-3101

7. Attorneys for Defendants Mark Warren
   Peary, as personal representative of the
8. Estate of Joseph Shuster, Jean Adele Peavy,
   Joanne Siegel and Laura Siegel Larson

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION**

| | |
|---|---|
| DC COMICS,<br><br>           Plaintiff,<br><br>     vs.<br><br>PACIFIC PICTURES CORPORATION; IP WORLDWIDE, LLC; IPW, LLC; MARC TOBEROFF, an individual; MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER; JEAN ADELE PEAVY, an individual; JOANNE SIEGEL, an individual; LAURA SIEGEL LARSON, an individual, and DOES 1-10, inclusive,<br><br>           Defendants. | Case No: CV 10-03633 ODW (RZx)<br><br>Hon. Otis D. Wright II, U.S.D.J.<br>Hon. Ralph Zarefsky, U.S.M.J.<br><br>**DISCOVERY MATTER**<br><br>**RESPONDING DEFENDANTS' L.R. 37-2.3 SUPPLEMENTAL MEMORANDUM RE: DC COMICS' MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS AND PRIVILEGE LOGS**<br><br>Complaint filed: May 14, 2010<br>Trial Date: None Set<br><br>Date: February 28, 2011<br>Time: 10:00 a.m. |

DEFENDANTS' L.R. 37-2.3 SUPPLEMENTAL MEMORANDUM RE: DC'S MOTION TO COMPEL

## I. DC'S TOKEN SEALING OF DEFENDANTS' SETTLEMENT LETTERS DID NOTHING TO REMEDY THEIR WILLFUL BREACH

DC quoted from and attached to its motion two confidential settlement communications (the May 2, 2008 and July 3, 2008 letters) that disclosed that the Siegels and Shuster estate had agreed to a joint settlement negotiation strategy (the "Settlement Letters"). This disclosure was expressly made pursuant to the parties' May 1, 2008 Confidentiality Agreement ("Confidentiality Agreement"), wherein DC had promised that it would not "use" such settlement disclosures "in any way, shape or form for any purpose … in any pending or future proceeding in any court." *See* Docket No. 160 at 51-57; No. 161, Ex. K, ¶ 5; No. 163, Exs. PP, RR. After Defendants objected to the obvious – that DC's quotation and attachment of the Settlement Letters constituted a blatant breach of the Confidentiality Agreement – DC applied to seal the documents, even though such sealing did nothing to remedy DC's improper use of such settlement letters in this action. Docket Nos. 166-68.

### A. There Has Been No Waiver of Confidentiality

DC attempts to justify its willful breach of the Confidentiality Agreement by arguing that *Defendants* put the contents of their settlement communications at issue. Docket No. 168 ("DC Seal Reply") at 1-2. In fact, *DC* disclosed and put these settlement communications at issue by alleging "upon information and belief" in its complaint that the "Siegels, and the Shusters, have entered into one or more agreements preventing the Siegels and the Shusters from conveying rights to DC Comics … without the consent of other parties" and elsewhere that there are "additional agreements, which prohibit either family from entering into agreements conveying rights to DC Comics without the express approval of all stakeholders." Docket No. 49, ¶¶ 101, 170. DC's thinly veiled complaint clearly attempts to exploit in this litigation the disclosures in the Settlement Letters, made pursuant to the Confidentiality Agreement, as shown by the fact that DC can cite no evidence that such so-called "additional consent agreements" exist other than the Settlement

1
DEFENDANTS' L.R. 37-2.3 SUPPLEMENTAL MEMORANDUM RE: DC'S MOTION TO COMPEL

1 Letters. Docket No. 160 at 21-22.

2 DC also argues that Defendants' prior motion to strike (Docket No. 78) "volunteered the existence of the May 2 letter, disclosed certain of its contents, described the circumstances under which it was sent, and selectively quoted from the letter," and thereby waived confidentiality. DC Seal Reply at 1. This is specious.

*First*, the only "disclosure" of the letter in Defendants' motion was a quotation that "[t]his letter is sent pursuant to the 'JAMS Confidentiality Agreement' and solely in connection with the upcoming settlement mediation sessions," and that the letter concerned the Siegels' and the Shusters' settlement strategy. *See* Docket No. 78 at 20. This is less substantive than the already public allegations in DC's complaint, and hardly constitutes a disclosure of the "contents" of the letter. Moreover, Defendants' non-substantive statements were made solely to rebut DC's allegations. DC cannot create a "Catch-22," where it affirmatively discloses and places privileged and contractually protected information at issue, and then claims waiver when Defendants respond. *Cf. Home Indem. Co. v. Lane Powell Moss & Miller*, 43 F.3d 1322, 1326 (9th Cir. 1995) (holding that "waiver of the attorney-client privilege occurs when … through [an] affirmative act [such as filing a complaint], the asserting party puts the privileged information at issue…."); *St. Louis Convention & Visitors Comm'n v. NFL*, 1997 U.S. Dist. LEXIS 23497, at *6-7 (E.D. Mo. Sept. 10, 1997) (holding that, where defendants put the privileged information at issue, "[t]hey may not now eviscerate Plaintiff's privilege by claiming that Plaintiff put their intentions … at issue merely by responding to Defendants' motion").

*Second*, DC's focus on "confidentiality" and its erroneous allegations that Defendants somehow waived confidentiality is a straw man.[1] At issue is DC's willful breach of its negotiated contractual obligation under paragraph 5 that information disclosed under the Confidentiality Agreement "shall not be … used in any way,

---

[1] DC's claim that Defendants "made revisions to the joint stipulation" (Docket No. 168 at 3) is extremely misleading. The only remotely "substantive" change was a request to delete a reference to "publicly" filed documents, because at the eleventh hour DC redacted certain information and applied to file such information under seal. *See* Docket No. 168, Exs. 3-6.

2
DEFENDANTS' L.R. 37-2.3 SUPPLEMENTAL MEMORANDUM RE: DC'S MOTION TO COMPEL

shape or form for any purpose … in any pending or future proceeding in any court." Docket No. 161, Ex. K, ¶ 5.  When DC first breached this obligation by the thinly veiled allegation as to consent agreements in its complaint, Defendants objected vociferously.  *See, e.g.,* Docket No. 78 at 18:11-24:13.  DC has not and cannot claim that Defendants somehow waived DC's contractual obligation, which it has blatantly breached, once again.  *See Land Office v. Employers Reinsurance Corp.*, 1999 U.S. App. LEXIS 1311, at *4 (9th Cir. Jan. 27, 1999) ("'[T]he burden … is on the party claiming a waiver of a [contractual] right to prove it by clear and convincing evidence that does not leave the matter to speculation, and doubtful cases will be decided against a waiver.'") (citation omitted); *Sanchez v. County of San Bernardino*, 176 Cal. App. 4th 516, 529 (2009) ("A party may waive a contract right by 'conduct so inconsistent with the intent to enforce the right as to induce a reasonable belief that it has been relinquished.'") (citation omitted).  As repeatedly explained by Defendants' counsel, "[f]iling the motion under seal or sealing the letters neither accommodates our objections nor resolves DC's willful breach … as DC is still using statements made in connection with a settlement mediation in the litigation, itself." Docket No. 167-2, Ex. C.  It is DC's violative "use" of the letters in this "proceeding" that Defendants have consistently objected to, not their *public* filing. Accordingly, as DC well knows, its token filing of the Settlement Letters under seal did nothing to remedy DC's flagrant breach of its agreement.

For similar reasons, DC's "gamesmanship" argument as to the timing of Defendants' latest objection is also a disingenuous sideshow.  DC did not need Defendants to specifically inform DC that its use in this litigation of documents clearly labeled "Confidential – For Settlement Purposes Only" per the Confidentiality Agreement clearly breached that agreement, whether filed under seal or otherwise.

### B. The Consent Agreement Has Already Been Upheld As Privileged

DC's arguments that Judge Larson's decision, finding the Consent Agreement to be privileged, is non-binding, or that this is somehow an "open issue," are equally

3
DEFENDANTS' L.R. 37-2.3 SUPPLEMENTAL MEMORANDUM RE: DC'S MOTION TO COMPEL

unpersuasive.  *See* Docket No. 163, Ex. SS at 12:15-19.  DC falsely claims that "subsequent to Judge Larson's ruling … defendants waived any applicable privilege by generally disclosing the existence and selective contents of the Letters to DC." DC Seal Reply at 4.  As set forth above, this is fallacious, as Defendants simply disclosed that the letters concerned settlement strategy and expressly stated that they were "sent pursuant to the 'JAMS Confidentiality Agreement.'"  *See* Docket No. 78 at 20.  Moreover, DC was plainly aware of these letters' confidential nature under the Confidentiality Agreement, as DC filed redacted copies of the letters in connection with its prior motion to compel the Consent Agreement in December 2008.  *See* Docket No. 167 at 2:7-12, Exs. A-B.  Judge Larson denied that motion, ruling in January 2009 that the Consent Agreement was privileged and protected.  There has been no change in circumstances that would justify challenging Judge Larson's ruling.

### C. **Defendants Properly and Consistently Characterized the Lawful Consent Agreement**

DC's suggestion that Defendants "changed" their supposed description of the Consent Agreement is also false and misleading.  Defendants simply and consistently characterized the Consent Agreement as an agreement between the Siegels and Shusters to jointly conduct settlement negotiations.

DC's argument that Defendants' assertion of the attorney-client privilege as to the Consent Agreement is an "attempt to recharacterize the consent agreements" is equally unpersuasive.  Defendants had no obligation to produce the Consent Agreement prepared for purposes of settlement negotiation, as it is protected by the attorney-client and joint interest privileges, and the attorney work product doctrine.  The July 3, 2008 letter simply stated this.  However, Defendants were not obligated to have logged such a privileged litigation communication, or to have earlier asserted privilege, due to the parties' standing agreement in *Siegel* that neither side need log such "post-litigation" communications.  *See Siegel*, Docket No. 254 at 13.

4
DEFENDANTS' L.R. 37-2.3 SUPPLEMENTAL MEMORANDUM RE: DC'S MOTION TO COMPEL

Lastly, DC's argument that the Consent Agreement is "unlawful" or improper is also false and unsupported. *See* Docket No. 160 at 62-64. The Agreement conveys no rights and thus does not and cannot "violate" § 304(c)(6)(D) of the Copyright Act, as asserted by DC. *See* Docket No. 147-1 at 9-10; *Bourne Co. v. MPL Commc'ns, Inc.*, 675 F. Supp. 859, 864-65 (S.D.N.Y. 1987) (holding that "[§ 304(c)(6)(D)] does give the terminated grantee a preferred competitive position" but that "[t]he statute neither compels the terminating party to negotiate with the terminated grantee, nor forbids him from negotiating with anyone else" and does not create a "right of first refusal" or other right); 3 M. Nimmer & D. Nimmer, Nimmer § 11.08[A], n.6 (2010) (stating that "it is inaccurate to refer to this [§ 304(c)(6)(D)] advantage as 'an exclusive period of negotiation'"). As noted by another leading copyright authority, a terminated grantee such as DC has "no rights under [§ 304(c)(6)(D)], cannot sue for failure to comply, and the provision [] does not provide a basis for standing." 3 W. Patry, Patry on Copyright, § 21:18.

## CONCLUSION

DC's motion to compel should be denied. DC should be sanctioned for its improper use in this litigation of the Settlement Letters in willful violation of the parties' Confidentiality Agreement, and such letters (Docket No. 163, Exs. PP, RR) should be stricken from the record.

Dated: February 14, 2011

RESPECTFULLY SUBMITTED,

_____
Marc Toberoff
TOBEROFF & ASSOCIATES, P.C.
Attorneys for Defendants-Petitioners,
Mark Warren Peary, as personal
representative of the Estate of Joseph
Shuster, Jean Adele Peavy, Joanne
Siegel and Laura Siegel Larson

5
DEFENDANTS' L.R. 37-2.3 SUPPLEMENTAL MEMORANDUM RE: DC'S MOTION TO COMPEL