# EXHIBIT 2



Page 1

Not Reported in Cal.Rptr.3d, 2008 WL 223722 (Cal.App. 2 Dist.)
**Nonpublished/Noncitable (Cal. Rules of Court, Rules 8.1105 and 8.1110, 8.1115)**
(Cite as: 2008 WL 223722 (Cal.App. 2 Dist.))

▶
Only the Westlaw citation is currently available.

California Rules of Court, rule 8.1115, restricts citation of unpublished opinions in California courts.

Court of Appeal, Second District,
Division 8.
In re MARRIAGE OF Laura Siegel and Dennis LARSON.
Laura Siegel Larson, Respondent,
v.
Dennis Larson, Appellant.

No. B192070.
(Los Angeles County Super. Ct. No. BD321289).
Jan. 29, 2008.

APPEAL from a judgment of the Superior Court of Los Angeles County. Marjorie S. Steinberg, Judge. Affirmed.
Dennis Larson, in pro. per., for Appellant.

Feinberg, Mindel, Brandt, Klein & Kline and Wallace S. Fingerett for Respondent.

COOPER, P.J.
*1 Dennis Larson (husband) appeals in pro. per. from a marital dissolution judgment. He challenges the court's ruling that all interests in copyrights or copyright termination rights held by Laura Siegel Larson (wife) are her separate property, and that the community acquired no interest in that property. This ruling was proper, and we affirm the judgment.

## FACTS
Wife's late father was the co-creator of "Superman." During the marriage, wife inherited certain federal copyright interests from him, as separate property. In addition, by statute wife became partly entitled to a "copyright termination right," under 17 United States Code section 304 (c). That statute allows the owner of a copyright, or if deceased the surviving spouse and children, to terminate a previous grant of the copyright's renewal term made to another person, and thereby restore the renewal copyright to themselves.

Wife's father had made such grants, primarily to comic book publishers. After his death, wife, her mother, and a half-brother pursued the termination process, which included preparation of documentation. Husband, an attorney but not a copyright specialist, assisted in the preparation of notices of termination. He was paid about $15,000 by wife's mother on behalf of the family interests. Numerous other lawyers, copyright and entertainment, participated in and supervised the termination process. The terminations were effective in April 1999.

Wife filed for dissolution of marriage in April 2000. In 2003, she moved to bifurcate and decide separately the issue of property interests in the inherited copyrights and the copyright termination rights. After briefing and argument, the court ruled that all interests in the copyrights and termination rights held by wife were her separate property. Neither husband nor the community had acquired an interest in this property, nor had wife transmuted her interests. The court ruled that the remaining issue at trial would be what reasonable compensation would reimburse the community for efforts expended in connection with the termination.

Husband did not pursue the compensation claim. Following trial of other property-related issues, the court entered judgment on reserved issues, and husband appealed.

## DISCUSSION
Husband contends that, by reason of his community participation in exercise of the termination right, the trial court should have awarded the community a share of wife's copyright interest, which

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

EXHIBIT 2

6

Not Reported in Cal.Rptr.3d, 2008 WL 223722 (Cal.App. 2 Dist.)
**Nonpublished/Noncitable (Cal. Rules of Court, Rules 8.1105 and 8.1110, 8.1115)**
**(Cite as: 2008 WL 223722 (Cal.App. 2 Dist.))**

the termination presumably made more valuable. To this end, husband contends, the court should have followed *In re Marriage of Dekker* (1993) 17 Cal.App.4th 842 ( *Dekker* ), a leading case on the equitable apportionment of a business. *Dekker,* however, is distinguishable from the present case, in several respects that validate the trial court's ruling.

In *Dekker,* the parties capitalized a business using $1,000 of the wife's separate property. The husband devoted 100 percent of his time to managing and advancing the business. By the time of marital dissolution, the business was worth $927,000. Rejecting wife's claim that the increase should be deemed her separate property, the trial court, affirmed by the Court of Appeal, equitably apportioned the value so that wife received a 10 percent return on her separate property investment, totaling $1,934, while the remaining $925,066 was apportioned to community property, on account of husband's efforts. In so ruling, the court expressly applied the business apportionment method of *Pereira v. Pereira* (1909) 156 Cal. 1 (*Pereira* ), which allows a fair return on separate property investment, and allocates the remainder as community property arising from spousal efforts.

*2 This is the first major difference between *Dekker* and the present case. The methodology of *Pereira, supra,* 157 Cal. 1, generally applies "where business profits are principally attributed to efforts of the community." ( *Dekker, supra,* 17 Cal.App.4th at p. 8 53.) On the other hand, where "the business profits accrued are attributed to the character of the separate asset" (*ibid.*), courts apply the approach of *Van Camp v. Van Camp* (1921) 53 Cal.App. 1 7, u nder which the reasonable value of community services is determined and allocated, and the remaining profit is allotted to the separate property. Here, in its oral ruling, the court paraphrased the two tests, and held, in line with *Van Camp,* that the community effort should receive only a reasonable return.

The court's determination to emphasize the value of wife's separate property-her share of the copyright, as enhanced by the termination right-as against husband's labor in connection with exercise of that right, cannot be deemed an abuse of discretion. The copyright in question is inherently valuable, as was the termination right. That right belonged to wife, her mother, and half-sibling, so that the community effort toward exercising the right advanced all of wife's family's interests, not just her own. The effort, moreover, was only a fractional aspect of the services performed to exercise the right. In short, the court had ample basis to conclude that this was not a case of significant community effort, and to decline to apply *Pereira* and *Dekker.*

Husband also complains that the court should have allowed the community an interest in the copyright, rather than providing for direct compensation for the community's efforts. Here too, *Dekker* and similar cases are distinguishable. Unlike *Dekker* and *Pereira,* this case did not involve a business. Nor did it involve investments in real estate or securities, alternative forms of profit-making activity to which apportionment of profits applies. ( *In re Estate of Neilson* (1962) 57 Cal.2d 733, 740.) In fact, there is no evidence that the copyright generated any enhanced profits between the termination and the parties' separation. There was no cause for awarding the community a profit-based interest in the separate property.

### DISPOSITION
The judgment is affirmed. Wife shall recover costs on appeal.

We concur: RUBIN and FLIER, JJ.

Cal.App. 2 Dist.,2008.
In re Marriage of Larson
Not Reported in Cal.Rptr.3d, 2008 WL 223722 (Cal.App. 2 Dist.)

END OF DOCUMENT

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

EXHIBIT 2
7