# EXHIBIT 6

ARTHUR LEEDS
1560 San Remo Drive
Pacific Palisades, CA 90272
(310) 573-5009

In Pro Per

CASE MANAGEMENT CONFERENCE
APR 0 1 2010
Date

FILED
LOS ANGELES SUPERIOR COURT
DEC 1 4 2009
JOHN A. CLARKE, CLERK
BY _____ DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

ARTHUR LEEDS

Plaintiff

vs.

CHAKO VAN LEEUWAN, MARK TOBEROFF, INTELLECTUAL PROPERTIES WORLDWIDE, AKA IP WORLDWIDE, AND DOES 1 – 50

Defendants.

) CASE NO. SC106045
)
)
)
) COMPLAINT FOR BREACH OF
) CONTRACT, INTENTIONAL AND
) NEGLIGENT INTERFERENCE WITH
) CONTRACT; UNFAIR BUSINESS PRACTICE
) (BUS. & PROF CODE SECTIONS 1700 *et seq.*),
) AND FOR TEMPORARY AND PERMANENT
) INJUNCTIVE RELIEF
)

JACQUELINE CONNOR
Dept. I  8:30am

Comes now PLAINTIFF, Arthur Leeds, who alleges as follows:

FACTS COMMON TO ALL CAUSES OF ACTION

1. Plaintiff is now, and was at all times relevant hereto an individual residing in Los Angeles County, California.

2. Plaintiff is informed and believes, and on such basis alleges, that at all times relevant hereto Defendant Chako van Leeuwan ("Chako") and Defendant Marc Toberoff ("Toberoff"), and each of them, are and were individuals residing in Los Angeles County, California.

3. Plaintiff is informed and believes, and on such basis alleges, that at all times relevant hereto Defendant International Properties Worldwide, aka IP Worldwide, is and was a corporation, LLP, or Partnership doing business in Los Angeles County, California.

-1-
COMPLAINT

Exhibit 6
116

4. Defendants DOE 1 through DOE 50, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to plaintiff. When said true names and capacities are ascertained, plaintiff will amend this complaint by inserting their true names and capacities herein. Plaintiff is informed and believes, and on such basis alleges, that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that plaintiff's damages as herein alleged were proximately caused by such defendants.

5. Plaintiff and Chako entered into a valid and binding agreement (the "Agreement"), a copy of which is attached hereto as Exhibit 1, and made a part hereof as if set forth at length hereat. Prior to the commencement of this action Arthur Leeds Productions, Inc. assigned all of its rights to receive money or other payments to plaintiff.

6. Pursuant to the terms of the Agreement Chako promised, *inter alia*, that if a Piranha movie was made, Plaintiff would receive compensation which would include a shared credit, both on and off screen as Producer, and a reasonable fee and contingent fee. The Agreement also provided that it was binding on all of Chako's successors and assignees.

7. Plaintiff is informed and believes, and on such basis alleges, that such a Piranha movie (the "Movie") has now been made or is now being made and will be released by defendants, and each of them; and that each such defendant who participated in the making of the Movie has entered into an agreement with Chako to allow them to make the Movie and/or claims to have the right to do so as a successor and/or assignee of defendant Chako.

8. Plaintiff is informed and believes, and on such basis alleges, that the Agreement has been breached by defendants, and each of them, in that, *inter alia*, he (plaintiff) has been prevented from fully serving as a Producer, has not received and will not receive his shared credit as producer, and has not received and will not receive any fee or contingent fee.

### FIRST CAUSE OF ACTION

(Breach Of Contract)

-2-

COMPLAINT

Exhibit 6
117



9. Plaintiff repeats and repleads each and every allegation contained in Paragraphs 1 - 8, inclusive, as if set forth at length hereat.

10. As a result of defendants' breach of contract plaintiff has been damaged in an amount as shown at trial but in any event, greater than $50,000.00.

## SECOND CAUSE OF ACTION

### (Intentional Interference With Economic Relationship)



11. Plaintiff repeats and repleads each and every allegation contained in Paragraphs 1 - 8, inclusive, as if set forth at length hereat.

12. Plaintiff is informed and believes, and on such basis alleges, that defendants and each of them knew of the above described contract between plaintiff and defendant Chako, but refused to honor it and/or convinced defendant Chako not to honor it.

13. As a result of defendants' conduct plaintiff has been damaged in an amount as shown at trial but in any event, greater than $50,000.00.

## THIRD CAUSE OF ACTION

### (Unfair Business Practice)

14. Plaintiff repeats and repleads each and every allegation contained in Paragraphs 1 - 8, inclusive, as if set forth at length hereat.

15. Plaintiff is informed and believes, and on such basis alleges, that defendants' actions as set forth above constituted an unfair trade and/or business practice in violation of Business and Professions Code Sections 17,000 *et seq.*

16. Plaintiff is informed and believes, and on such basis alleges, that defendants' actions, unless restrained, will cause additional great and irreparable injury, for which damages would not afford adequate relief.

-3-

COMPLAINT

Exhibit 6
118

## FOURTH CAUSE OF ACTION

### (Negligent Interference With Economic Relationship)

17. Plaintiff repeats and repleads each and every allegation contained in Paragraphs 1 - 8, inclusive, as if set forth at length hereat.

18. Plaintiff is informed and believes, and on such basis alleges, that defendants and each of them would and should have known, with the exercise of reasonable care, of the above described contract between plaintiff and defendant Chako, and refused to honor it and/or convinced defendant Chako not to honor it.

19. As a result of defendants conduct plaintiff has been damaged in an amount as shown at trial but in any event, greater than $50,000.00.

WHEREFORE, plaintiff prays for judgment against defendants, and each of them, as follows:

1. On each of the causes of action for damages in an amount as shown at trial but in any event, greater than $50,000.00;

2. On the Second Cause Of Action for exemplary and punitive damages in an amount as shown at trial;

3. On the Third Cause Of Action for trebled damages;

4. On each of the causes of action for an order requiring defendants, and each of them, to show cause, if any they have, why they should not be enjoined as set forth below, during the pendency of this action;

5. For a temporary restraining order, a preliminary injunction, and a permanent injunction, all enjoining defendants, and each of them, from distributing the Movie unless and until plaintiff is given his Producer credit as required by the Agreement;

-4-
COMPLAINT

Exhibit 6
119

1  6. For reasonable attorney's fees;

3  7. For costs; and

4  8. For any other relief as the Court may seem just and proper.

_____
Arthur Leeds, In Pro Per

-5-
COMPLAINT

Exhibit 6
120

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT 1**

-6-

COMPLAINT

Exhibit 6
121

8. Disputes: Chako and ALP agree that any disputes involving this Agreement shall be settled according to the laws of the State of California in the County of Los Angeles and both parties stipulate to the sole and exclusive jurisdiction of the applicable California State or Federal Court so located in Los Angeles, California.

9. The restrictions and obligations of this Agreement shall survive any expiration, termination or cancellation of negotiations between Chako and ALP or any subsequent agreement to be entered into between Chako and ALP and shall continue to bind both Chako and ALP, their employees, attorneys, agents, successors, and assignees.

By: _____
Arthur Leeds, Individually and for
Arthur Leeds Productions, Inc.

By: _____
Chako Van Leeuwen, Individually and for
Chako Film International

Exhibit 6
122

# AGREEMENT

Agreement made this 2nd day of December, 2004, by and between Chako Van Leeuwen and Chako Film International (hereinafter collectively referred to as "Chako") on the one hand, and Arthur Leeds and Arthur Leeds Productions, Inc., (hereinafter collectively referred to as "ALP") on the other hand, for the possible exploitation of certain entertainment projects known as "Piranha" (including any and all sequels, prequels and remakes, referred to herein individually and collectively as "Piranha") and any script given by one party hereto to another party hereto (hereinafter collectively referred to as the "Projects").

NOW THEREFORE, in mutual consideration of the promises hereinafter contained, the parties agree as follows:

1. <u>Definitions</u>: "Confidential Information" as used herein, shall include, but not be limited to all information, documentation, descriptions, data, devices, ideas, concepts, draft business plans, and each part thereof including but no limited to format, marketing materials, and all schedules or exhibits thereto, business plans, names of investors and/or distributors interested in the Projects, scripts, treatments and clients; hereinafter disclosed or made available by Chako to ALP or by ALP to Chako.

2. <u>Exceptions to Confidential Information</u>: Notwithstanding anything else contained in this Agreement, Confidential Information shall not include any information that:

    A. is or was at the time it was disclosed or becomes after disclosure, other than due to a breach of this Agreement by the Receiving Party, generally available to the public;
    B. is or was already known to the Receiving Party or its affiliates or representatives at the time of its disclosure;
    C. is or becomes available to the Receiving Party or its Affiliates or Representatives from a source other than the Disclosing Party, provided that, to the best of the Receiving Party's knowledge, such source is not bound by a confidentiality agreement or other obligation of confidentiality with the disclosing party relating to such Confidential Information, or
    D. is independently developed by the Receiving Party or its Affiliates or Representatives without use of any Confidential Information of the Disclosing Party.

The Receiving Party shall bear the burden of proof with respect to establishing that Confidential Information falls within any of the foregoing exceptions. In addition, each party understands and agrees that all information, ideas, suggestions and concepts of a general nature that are publicly known related to film financing funds and international tax oriented finance funds shall not be

Exhibit 6
123



deemed included in the Confidential Information of either party, and neither party shall be under any obligation to the other party with respect to its own use thereof.

3. <u>Acknowledgement</u>: Chako and ALP acknowledge and agree that the Confidential Information is proprietary to and a valuable asset of the party transmitting such Confidential Information to the other party and that any unauthorized disclosure or use thereof by the receiving party may cause irreparable harm and loss to the transmitting party.

4. <u>Obligations</u>: Each party agrees to treat the Confidential Information supplied by the other as such and to undertake the following additional obligations with respect thereto:

   A. To use Confidential Information for the sole and only purpose set forth in the letter accompanying the disclosure of the Confidential Information by one party to the other. With respect to a project known as "Piranha," the purpose is to cause one or more a new movies to be financed, produced and distributed.

   B. Not to contact any person or companies introduced by one party to the other without prior written permission of the party making the introduction.

   C. Not to use in any way or disclose Confidential Information to any person, firm or corporation, for any reason(s), without the prior express written consent of the transmitting party.

   D. In the event of a material breach of the Agreement, the breaching party agrees to pay damages to the other party including but not limited to an amount equal to the compensation the aggrieved party would normally receive in a similar transaction plus any other just and proper damages or award.

5. In connection with Piranha, Arthur Leeds shall serve as a producer/advisor to Chako for the purposes of helping to secure financing, distribution, and talent. If Piranha is actually made, Arthur Leeds shall serve as one of the Producers and shall receive a shared credit, both on and off screen, as "Producer." Such credit shall be no less in any way than that of any of the other Producers.

6. In consideration of Arthur Leeds' services herein, ALP shall be paid a reasonable fee and contingent fee (both pursuant to customary industry practice) which shall be mutually agreed upon between ALP and the financiers and/or distributors of Piranha.

7. It is understood and agreed that Chako will not enter into any transaction with respect to Piranha that she does not choose so to do.

Exhibit 6
124