# EXHIBIT 38

1 | Marc Toberoff (CA State Bar No. 188547)
Nicholas C. Williamson (CA State Bar No. 231124)
2 | LAW OFFICES OF MARC TOBEROFF, PLC
1999 Avenue of the Stars, Suite 1540
3 | Los Angeles, CA 90067
Telephone: (310) 246-3333
4 | Facsimile: (310) 246-3101

5 | Attorneys for Plaintiffs and Counterclaim Defendants
Joanne Siegel and Laura Siegel Larson

6 |

7 | **UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

8 |

| | |
|---|---|
| JOANNE SIEGEL, an individual; and LAURA SIEGEL LARSON, an individual, | Civil Case Nos. **04-8400, 04-8776 RSWL (RZx)** |
| Plaintiffs, | **PLAINTIFFS JOANNE SIEGEL AND LAURA SIEGEL LARSON'S RESPONSES TO DEFENDANTS'/COUNTERCLAIMANT'S SECOND SET OF REQUESTS FOR ADMISSION** |
| vs. | |
| WARNER BROS. ENTERTAINMENT INC., a corporation; TIME WARNER INC., a corporation; DC COMICS, a general partnership; and DOES 1-10, | |
| Defendants | |
| DC COMICS, | |
| Plaintiffs | |
| vs. | |
| JOANNE SIEGEL, an individual; and LAURA SIEGEL LARSON, an individual, | |
| Counterclaim Defendants | |

1

PROPOUNDING PARTY: Defendants WARNER BROS. ENTERTAINMENT INC., TIME WARNER INC., and Defendant and Counterclaimant DC COMICS

RESPONDING PARTY:  Plaintiffs JOANNE SIEGEL and LAURA SIEGEL LARSON

SET NUMBER: Two (Nos. 37-126)

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiffs Joanne Siegel and Laura Siegel Larson ("Plaintiffs") hereby respond to Defendant DC Comics' Second Set of Requests for Admission as follows: Discovery is ongoing, and Plaintiffs reserve the right to amend, modify, supplement, or alter this response as warranted by subsequently discovered information, and also to rely upon subsequently discovered information or information omitted from this response due to mistake, error, or inadvertence.  Subject to the following general objections, therefore, Plaintiffs' responses to these Requests for Admission are made without prejudice to their right to provide supplemental responses and objections.

## I.

## OBJECTIONS TO THE ENTIRE REQUESTS FOR ADMISSION

Plaintiffs object to the entire Requests for Admission on each of the following grounds, and incorporate by reference each of the following objections into their response to each individual request within it:

1.    Plaintiffs object to the entire Requests for Admission to the extent that it seeks information transmitted and maintained in confidence between Plaintiffs or any person or entity and its counsel for the purpose of obtaining legal advice or representation, on the ground that such information is protected from disclosure by the attorney-client privilege.

2.    Plaintiffs object to the entire Requests for Admission to the

2

1   extent that it seeks information with any confidential impression, conclusion,

2   opinion, legal research, or legal theory of counsel for Plaintiffs or any other

3   person or entity, on the ground that such information is protected from

4   disclosure by the attorney work product privilege.

5        3.    Plaintiffs object to the entire Requests for Admission to the

6   extent that it seeks information which is not reasonably calculated to lead to the

7   discovery of admissible evidence, on the ground that it exceeds the permissible

8   scope of discovery delimited by Rule 26(b)(1) of the Federal Rules of Civil

9   Procedure.

10       4.    Plaintiffs object to the entire Requests for Admission to the

11   extent that it seeks the production or identification of any item, or portion

12   thereof, which is protected from disclosure by any privacy or similar rights of

13   Plaintiffs or any other person or entity.

14       5.    Plaintiffs object to the entire Requests for Admission to the

15   extent that it purports to impose any obligation beyond those set forth in Rule

16   36 of the Federal Rules of Civil Procedure and Local Rules 36.1-36.3 of the

17   United States District Court for the Central District of California including,

18   without limitation, the assertion that the Requests for Admission are

19   "continuing" and all purported instructions included in it pertaining to the

20   content of Plaintiffs' written response.

## II.

## RESPONSES TO INDIVIDUAL REQUESTS

23      Subject to and without waiving the foregoing objections, Plaintiffs

24   respond to each individual request within the Requests for Admission as

25   follows:

26   **Request No. 37**

27      Admit that the Superman Notices set forth an effective date of

28   termination of April 16, 1999.

3

1  **Response to No. 37**

2       Plaintiffs further object on the basis that the Request for Admission is

3  vague and ambiguous.  Subject to and without waiving the foregoing general

4  and specific objections, Plaintiffs respond as follows:  ADMIT.

5  **Request No. 38**

6       Admit that the Superman Notices were mailed no earlier than April 3,

7  1997.

8  **Response to No. 38**

9       Plaintiffs further object on the basis that the Request for Admission is

10 overbroad, burdensome, vague and ambiguous.  Subject to and without waiving

11 the foregoing general and specific objections, Plaintiffs respond as follows:

12 ADMIT.

13 **Request No. 39**

14      Admit that the Superman Notices do not apply to any work in which

15 copyright was first secured prior to April 16, 1938.

16 **Response to No. 39**

17      Plaintiffs further object on the basis that the Request for Admission is

18 overbroad, burdensome, vague and ambiguous, including, without limitation, as

19 to the meaning of the phrase "do not apply to any work."  Subject to and

20 without waiving the foregoing general and specific objections, Plaintiffs

21 respond as follows:  DENY.

22 **Request No. 40**

23      Admit that *More Fun Comics #14* (a copy of the cover of which is

24 attached as Exhibit A hereto) has a cover date of October 1936 and thus was

25 published at least that early.

26 **Response to No. 40**

27      Plaintiffs further object on the basis that the Request for Admission is

28 overbroad, burdensome, vague and ambiguous.  Plaintiffs further object on the

PLAINTIFFS' RESPONSES TO DEFENDANT'S REQUESTS FOR ADMISSION

Exhibit 38
658

1  basis that Defendants attached only a copy of the cover page of *More Fun*

2  *Comics #14*, not the full comic book.  Subject to and without waiving the

3  foregoing general and specific objections, Plaintiffs respond as follows:  DENY.

4  **Request No. 41**

5      Admit that *More Fun Comics #14* is not identified in the Superman

6  Notices.

7  **Response to No. 41**

8      Plaintiffs further object on the basis that the Request for Admission is

9  overbroad, burdensome, vague and ambiguous.  Plaintiffs further object on the

10  basis that Defendants attached only a copy of the cover page of *More Fun*

11  *Comics #14*, not the full comic book.  Subject to and without waiving the

12  foregoing general and specific objections, Plaintiffs respond as follows:  DENY.

13  **Request No. 42**

14      Admit that Superman Notices do not apply to *More Fun Comics #14*.

15  **Response to No. 42**

16      Plaintiffs further object on the basis that the Request for Admission is

17  overbroad, burdensome, vague and ambiguous, including without limitation, the

18  phrase "apply."  Plaintiffs further object on the basis that Defendants attached

19  only a copy of the cover page of *More Fun Comics #14*, not the full comic book.

20  Subject to and without waiving the foregoing general and specific objections,

21  Plaintiffs respond as follows:  DENY.

22  **Request No. 43**

23      Admit that the time to serve a notice pursuant to 17 U.S.C. § 304 (c)

24  purporting to terminate a grant of copyright in *More Fun Comics #14*, had

25  passed as of the date the Superman Notices were allegedly served.

26  **Response to No. 43**

27      Plaintiffs further object on the basis that the Request for Admission is

28  overbroad, burdensome, vague and ambiguous, including, without limitation, as

5

PLAINTIFFS' RESPONSES TO DEFENDANT'S REQUESTS FOR ADMISSION

Exhibit 38
659

1  to the meaning of the phrase "a grant of copyright in *More Fun Comics #14*."

2  Plaintiffs further object on the basis that Defendants attached only a copy of the

3  cover page of *More Fun Comics #14*, not the full comic book.  Subject to and

4  without waiving the foregoing general and specific objections, Plaintiffs

5  respond as follows:  DENY.

6  **Request No. 44**

7       Admit that Plaintiffs do not claim any copyright ownership or recapture

8  of ownership of copyright in *More Fun Comics #14*.

9  **Response to No. 44**

10       Plaintiffs further object on the basis that the Request for Admission is

11  overbroad, burdensome, vague and ambiguous, including, without limitation, as

12  to the meaning of the phrases "copyright ownership...in *More Fun Comics #14*"

13  and "recapture of ownership of copyright in *More Fun Comics #14*."   Plaintiffs

14  further object on the basis that Defendants attached only a copy of the cover

15  page of *More Fun Comics #14*, not the full comic book.  Subject to and without

16  waiving the foregoing general and specific objections, Plaintiffs respond as

17  follows:  DENY.

18  **Request No. 45**

19       Admit that *More Fun Comics #15* (a copy of the cover of which is

20  attached as Exhibit B hereto) has a cover date of November 1936 and thus was

21  published at least that early.

22  **Response to No. 45**

23       Plaintiffs further object on the basis that the Request for Admission is

24  overbroad, burdensome, vague and ambiguous.  Plaintiffs further object on the

25  basis that Defendants attached only a copy of the cover page of *More Fun*

26  *Comics #15*, not the full comic book.  Subject to and without waiving the

27  foregoing general and specific objections, Plaintiffs respond as follows:  DENY.

28  / /

6

1    **Request No. 46**

2        Admit that *More Fun Comics #15* is not identified in the Superman

3    Notices.

4    **Response to No. 46**

5        Plaintiffs further object on the basis that the Request for Admission is

6    overbroad, burdensome, vague and ambiguous.  Plaintiffs further object on the

7    basis that Defendants attached only a copy of the cover page of *More Fun*

8    *Comics #15*, not the full comic book.  Subject to and without waiving the

9    foregoing general and specific objections, Plaintiffs respond as follows:  DENY.

10    **Request No. 47**

11        Admit that Superman Notices do not apply to *More Fun Comics #15*.

12    **Response to No. 47**

13        Plaintiffs further object on the basis that the Request for Admission is

14    overbroad, burdensome, vague and ambiguous, including without limitation, the

15    phrase "apply."  Plaintiffs further object on the basis that Defendants attached

16    only a copy of the cover page of *More Fun Comics #15*, not the full comic book.

17    Subject to and without waiving the foregoing general and specific objections,

18    Plaintiffs respond as follows:  DENY.

19    **Request No. 48**

20        Admit that the time to serve a notice pursuant to 17 U.S.C. § 304 (c)

21    purporting to terminate a grant of copyright in *More Fun Comics #15*, had

22    passed as of the date the Superman Notices were allegedly served.

23    **Response to No. 48**

24        Plaintiffs further object on the basis that the Request for Admission is

25    overbroad, burdensome, vague and ambiguous, including, without limitation, as

26    to the meaning of the phrase "a grant of copyright in *More Fun Comics #15*."

27    Plaintiffs further object on the basis that Defendants attached only a copy of the

28    cover page of *More Fun Comics #15*, not the full comic book.  Subject to and

7

PLAINTIFFS' RESPONSES TO DEFENDANT'S REQUESTS FOR ADMISSION

Exhibit 38
661

1  without waiving the foregoing general and specific objections, Plaintiffs

2  respond as follows:  DENY.

3  **Request No. 49**

4      Admit that Plaintiffs do not claim any copyright ownership or recapture

5  of ownership of copyright in *More Fun Comics #15*.

6  **Response to No. 49**

7      Plaintiffs further object on the basis that the Request for Admission is

8  overbroad, burdensome, vague and ambiguous, including, without limitation, as

9  to the meaning of the phrases "copyright ownership...in *More Fun Comics #15*

10  " and "recapture of ownership of copyright in *More Fun Comics #15*."

11  Plaintiffs further object on the basis that Defendants attached only a copy of the

12  cover page of *More Fun Comics #15*, not the full comic book.  Subject to and

13  without waiving the foregoing general and specific objections, Plaintiffs

14  respond as follows:  DENY.

15  **Request No. 50**

16      Admit that *More Fun Comics #16* (a copy of the cover of which is

17  attached as Exhibit C hereto) has a cover date of December 1936 and thus was

18  published at least that early.

19  **Response to No. 50**

20      Plaintiffs further object on the basis that the Request for Admission is

21  overbroad, burdensome, vague and ambiguous.  Plaintiffs further object on the

22  basis that Defendants attached only a copy of the cover page of *More Fun*

23  *Comics #16*, not the full comic book.  Subject to and without waiving the

24  foregoing general and specific objections, Plaintiffs respond as follows:  DENY.

25  **Request No. 51**

26      Admit that *More Fun Comics #16* is not identified in the Superman

27  Notices.

28  / /

8

PLAINTIFFS' RESPONSES TO DEFENDANT'S REQUESTS FOR ADMISSION

Exhibit 38
662

1 **Response to No. 51**

2         Plaintiffs further object on the basis that the Request for Admission is

3 overbroad, burdensome, vague and ambiguous.  Plaintiffs further object on the

4 basis that Defendants attached only a copy of the cover page of *More Fun*

5 *Comics #16,* not the full comic book.  Subject to and without waiving the

6 foregoing general and specific objections, Plaintiffs respond as follows:  DENY.

7 **Request No. 52**

8         Admit that Superman Notices do not apply to *More Fun Comics #16.*

9 **Response to No. 52**

10         Plaintiffs further object on the basis that the Request for Admission is

11 overbroad, burdensome, vague and ambiguous, including without limitation, the

12 phrase "apply."  Plaintiffs further object on the basis that Defendants attached

13 only a copy of the cover page of *More Fun Comics #16,* not the full comic book.

14 Subject to and without waiving the foregoing general and specific objections,

15 Plaintiffs respond as follows:  DENY.

16 **Request No. 53**

17         Admit that the time to serve a notice pursuant to 17 U.S.C. § 304 (c)

18 purporting to terminate a grant of copyright in *More Fun Comics #16,* had

19 passed as of the date the Superman Notices were allegedly served.

20 **Response to No. 53**

21         Plaintiffs further object on the basis that the Request for Admission is

22 overbroad, burdensome, vague and ambiguous, including, without limitation, as

23 to the meaning of the phrase "a grant of copyright in *More Fun Comics #16.*"

24 Plaintiffs further object on the basis that Defendants attached only a copy of the

25 cover page of *More Fun Comics #16,* not the full comic book.  Subject to and

26 without waiving the foregoing general and specific objections, Plaintiffs

27 respond as follows:  DENY.

28 / /

9

**Request No. 54**

Admit that Plaintiffs do not claim any copyright ownership or recapture of ownership of copyright in *More Fun Comics #16.*

**Response to No. 54**

Plaintiffs further object on the basis that the Request for Admission is overbroad, burdensome, vague and ambiguous, including, without limitation, as to the meaning of the phrases "copyright ownership…in *More Fun Comics #16*" and "recapture of ownership of copyright in *More Fun Comics #16.*"    Plaintiffs further object on the basis that Defendants attached only a copy of the cover page of *More Fun Comics #16,* not the full comic book.  Subject to and without waiving the foregoing general and specific objections, Plaintiffs respond as follows:  DENY.

**Request No. 55**

Admit that *More Fun Comics #17* (a copy of the cover of which is attached as Exhibit D hereto) has a cover date of January 1937 and thus was published at least that early.

**Response to No. 55**

Plaintiffs further object on the basis that the Request for Admission is overbroad, burdensome, vague and ambiguous.  Plaintiffs further object on the basis that Defendants attached only a copy of the cover page of *More Fun Comics #17,* not the full comic book.  Subject to and without waiving the foregoing general and specific objections, Plaintiffs respond as follows:  DENY.

**Request No. 56**

Admit that *More Fun Comics #17* is not identified in the Superman Notices.

**Response to No. 56**

Plaintiffs further object on the basis that the Request for Admission is overbroad, burdensome, vague and ambiguous.  Plaintiffs further object on the

10

PLAINTIFFS' RESPONSES TO DEFENDANT'S REQUESTS FOR ADMISSION

Exhibit 38
664

1    basis that Defendants attached only a copy of the cover page of *More Fun*

2    *Comics #17*, not the full comic book.  Subject to and without waiving the

3    foregoing general and specific objections, Plaintiffs respond as follows:  DENY.

4    **Request No. 57**

5        Admit that Superman Notices do not apply to *More Fun Comics #17*.

6    **Response to No. 57**

7        Plaintiffs further object on the basis that the Request for Admission is

8    overbroad, burdensome, vague and ambiguous, including without limitation, the

9    phrase "apply."  Plaintiffs further object on the basis that Defendants attached

10   only a copy of the cover page of *More Fun Comics #17*, not the full comic book.

11   Subject to and without waiving the foregoing general and specific objections,

12   Plaintiffs respond as follows:  DENY.

13   **Request No. 58**

14       Admit that the time to serve a notice pursuant to 17 U.S.C. § 304 (c)

15   purporting to terminate a grant of copyright in *More Fun Comics #17*, had

16   passed as of the date the Superman Notices were allegedly served.

17   **Response to No. 58**

18       Plaintiffs further object on the basis that the Request for Admission is

19   overbroad, burdensome, vague and ambiguous, including, without limitation, as

20   to the meaning of the phrase "a grant of copyright in *More Fun Comics #17*."

21   Plaintiffs further object on the basis that Defendants attached only a copy of the

22   cover page of *More Fun Comics #17*, not the full comic book.  Subject to and

23   without waiving the foregoing general and specific objections, Plaintiffs

24   respond as follows:  DENY.

25   **Request No. 59**

26       Admit that Plaintiffs do not claim any copyright ownership or recapture

27   of ownership of copyright in *More Fun Comics #17*.

28   / /

PLAINTIFFS' RESPONSES TO DEFENDANT'S REQUESTS FOR ADMISSION

Exhibit 38
665

1  **Response to No. 59**

2      Plaintiffs further object on the basis that the Request for Admission is

3  overbroad, burdensome, vague and ambiguous, including, without limitation, as

4  to the meaning of the phrases "copyright ownership…in *More Fun Comics #17*"

5  and "recapture of ownership of copyright in *More Fun Comics #17*."   Plaintiffs

6  further object on the basis that Defendants attached only a copy of the cover

7  page of *More Fun Comics #17,* not the full comic book.  Subject to and without

8  waiving the foregoing general and specific objections, Plaintiffs respond as

9  follows:  DENY.

10  **Request No. 60**

11      Admit that *More Fun Comics #31* (a copy of Copyright Reg. No. B

12  258595 is attached as Exhibit E hereto) was published as early as April 5, 1938.

13  **Response to No. 60**

14      Plaintiffs further object on the basis that the Request for Admission is

15  overbroad, burdensome, vague and ambiguous.  Plaintiffs further object on the

16  basis that Defendants attached only a copy of the cover page of *More Fun

17  Comics #31,* not the full comic book.  Subject to and without waiving the

18  foregoing general and specific objections, Plaintiffs respond as follows:  DENY.

19  **Request No. 61**

20      Admit that *More Fun Comics #31* is not identified in the Superman

21  Notices.

22  **Response to No. 61**

23      Plaintiffs further object on the basis that the Request for Admission is

24  overbroad, burdensome, vague and ambiguous.  Plaintiffs further object on the

25  basis that Defendants attached only a copy of the cover page of *More Fun

26  Comics #31,* not the full comic book.  Subject to and without waiving the

27  foregoing general and specific objections, Plaintiffs respond as follows:  DENY.

28  / /

PLAINTIFFS' RESPONSES TO DEFENDANT'S REQUESTS FOR ADMISSION

Exhibit 38
666

1  **Request No. 62**

2      Admit that Superman Notices do not apply to *More Fun Comics #31.*

3  **Response to No. 62**

4      Plaintiffs further object on the basis that the Request for Admission is

5  overbroad, burdensome, vague and ambiguous, including without limitation, the

6  phrase "apply." Plaintiffs further object on the basis that Defendants attached

7  only a copy of the cover page of *More Fun Comics #31,* not the full comic book.

8  Subject to and without waiving the foregoing general and specific objections,

9  Plaintiffs respond as follows: DENY.

10 **Request No. 63**

11     Admit that the time to serve a notice pursuant to 17 U.S.C. § 304 (c)

12 purporting to terminate a grant of copyright in *More Fun Comics #31,* had

13 passed as of the date the Superman Notices were allegedly served.

14 **Response to No. 63**

15     Plaintiffs further object on the basis that the Request for Admission is

16 overbroad, burdensome, vague and ambiguous, including, without limitation, as

17 to the meaning of the phrase "a grant of copyright in *More Fun Comics #31.*"

18 Plaintiffs further object on the basis that Defendants attached only a copy of the

19 cover page of *More Fun Comics #31,* not the full comic book. Subject to and

20 without waiving the foregoing general and specific objections, Plaintiffs

21 respond as follows: DENY.

22 **Request No. 64**

23     Admit that Plaintiffs do not claim any copyright ownership or recapture

24 of ownership of copyright in *More Fun Comics #31.*

25 **Response to No. 64**

26     Plaintiffs further object on the basis that the Request for Admission is

27 overbroad, burdensome, vague and ambiguous, including, without limitation, as

28 to the meaning of the phrases "copyright ownership…in *More Fun Comics #31*"

PLAINTIFFS' RESPONSES TO DEFENDANT'S REQUESTS FOR ADMISSION

Exhibit 38
667

1   and "recapture of ownership of copyright in *More Fun Comics #31*."    Plaintiffs

2   further object on the basis that Defendants attached only a copy of the cover

3   page of *More Fun Comics #31,* not the full comic book.  Subject to and without

4   waiving the foregoing general and specific objections, Plaintiffs respond as

5   follows:  DENY.

6   **Request No. 65**

7         Admit that before serving the Superman Notices and Superboy Notice

8   Plaintiffs undertook no investigation to determine when DC actually first

9   offered to distribute copies of *Action Comics #1* to any group of persons for the

10  purposes of further distribution.

11  **Response to No. 65**

12        Plaintiffs further object on the basis that the Request for Admission is

13  overbroad, burdensome, vague and ambiguous, including, without limitation, as

14  to the meaning of the phrases "when DC actually first offered to distribute

15  copies of *Action Comics #1* to any group of persons for the purposes of further

16  distribution."  Subject to and without waiving the foregoing general and specific

17  objections, Plaintiffs respond as follows:  DENY.

18  **Request No. 66**

19        Admit that attached as <u>Exhibit F</u> hereto is a true and correct copy of a

20  letter dated October 19, 2001 (the "October 19 Letter) from Kevin Marks to

21  John Schulman.

22  **Response to No. 66**

23        Plaintiffs further object on the basis that the Request for Admission is

24  overbroad, burdensome, vague and ambiguous. Subject to and without waiving

25  the foregoing general and specific objections, Plaintiffs respond as follows:

26  ADMIT.

27  / /

28  / /

14

---

1  **Request No. 67**

2       Admit that Kevin Marks sent the October 19 Letter to John Schulman on

3  or around October 19, 2001.

4  **Response to No. 67**

5       Plaintiffs further object on the basis that the Request for Admission is

6  overbroad, burdensome, vague and ambiguous. Subject to and without waiving

7  the foregoing general and specific objections, Plaintiffs respond as follows:

8  Plaintiffs lack knowledge or information sufficient to form a belief as to the

9  truth of Request No. 67 and, on that basis, DENY.

10  **Request No. 68**

11       Admit that when he sent the October 19 Letter, Kevin Marks was the

12  attorney for Plaintiffs.

13  **Response to No. 68**

14       Plaintiffs further object on the basis that the Request for Admission is

15  overbroad, burdensome, vague and ambiguous. Subject to and without waiving

16  the foregoing general and specific objections, Plaintiffs respond as follows:

17  Plaintiffs admit only that Kevin Marks was their attorney on October 19, 2001

18  and Plaintiffs lack knowledge or information sufficient to form a belief as to the

19  truth of the remainder of Request No. 68 and, on that basis, deny the remainder

20  of Request No. 68.

21  **Request No. 69**

22       Admit that Kevin Marks was authorized by Plaintiffs to send the October

23  19 Letter on Plaintiffs' behalf.

24  **Response to No. 69**

25       Plaintiffs further object on the basis that the Request for Admission is

26  overbroad, burdensome, vague and ambiguous. Subject to and without waiving

27  the foregoing general and specific objections, Plaintiffs respond as follows:

28  DENY.

15

---

PLAINTIFFS' RESPONSES TO DEFENDANT'S REQUESTS FOR ADMISSION

Exhibit 38
669

**Request No. 70**

Admit that Plaintiffs were aware of specifics or substance of the contents
of the October 19 Letter when it was sent.

**Response to No. 70**

Plaintiffs further object on the basis that the Request for Admission is
overbroad, burdensome, vague and ambiguous including without limitation the
phrase "specifics or substance of the contents." Subject to and without waiving
the foregoing general and specific objections, Plaintiffs respond as follows:
Plaintiffs admit only that they were aware of some but not all of the material
contents of (and omissions in) the October 19 Letter and otherwise deny this
Request No. 70.

**Request No. 71**

Admit that the October 19 Letter accurately sets forth the terms accepted
by the Plaintiffs to settle all disputes with the Defendants relating to the
"Superman Property," and "The Spectre" as defined in the October 19 Letter.

**Response to No. 71**

Plaintiffs further object on the basis that the Request for Admission is
vague and ambiguous. Subject to and without waiving the foregoing general
and specific objections, Plaintiffs respond as follows: DENY.

**Request No. 72**

Admit that attached as <u>Exhibit G</u> is a true and correct copy of a letter
dated October 26, 2001 (the "October 26 Letter") from John Schulman,
addressed to Kevin Marks.

**Response to No. 72**

Plaintiffs further object on the basis that the Request for Admission is
overbroad, burdensome, vague and ambiguous. Subject to and without waiving
the foregoing general and specific objections, Plaintiffs respond as follows:

16

PLAINTIFFS' RESPONSES TO DEFENDANT'S REQUESTS FOR ADMISSION

Exhibit 38
670

1  Plaintiffs lack knowledge or information sufficient to form a belief as to the

2  truth of Request No. 72 and, on that basis, DENY.

3  **Request No. 73**

4      Admit that Plaintiffs intended to settle all claims concerning their

5  Superman Notices in accordance with the terms set forth in the October 19

6  Letter.

7  **Response to No. 73**

8      Plaintiffs further object on the basis that the Request for Admission is

9  overbroad, burdensome, vague and ambiguous. Subject to and without waiving

10  the foregoing general and specific objections, Plaintiffs respond as follows:

11  DENY.

12  **Request No. 74**

13      Admit that Plaintiffs intended to settle all claims concerning their

14  Superboy Notice in accordance with the terms set forth in the October 19 Letter.

15  **Response to No. 74**

16      Plaintiffs further object on the basis that the Request for Admission is

17  overbroad, burdensome, vague and ambiguous. Plaintiffs further object on the

18  basis that the Superboy Notice had not been served on or before October 19,

19  2001.  Subject to and without waiving the foregoing general and specific

20  objections, Plaintiffs respond as follows: DENY.

21  **Request No. 75**

22      Admit that Plaintiffs knew that Defendants intended to settle all claims

23  relating to the Superman Notices in accordance with the terms set forth in the

24  October 19 Letter.

25  **Response to No. 75**

26      Plaintiffs further object on the basis that the Request for Admission is

27  overbroad, burdensome, vague and ambiguous. Subject to and without waiving

28

PLAINTIFFS' RESPONSES TO DEFENDANT'S REQUESTS FOR ADMISSION

Exhibit 38
671

1  the foregoing general and specific objections, Plaintiffs respond as follows:

2  DENY.

3  **Request No. 76**

4      Admit that Plaintiffs knew that Defendants intended to settle all claims

5  relating to the Superboy Notice in accordance with the terms set forth in the

6  October 19 Letter.

7  **Response to No. 76**

8      Plaintiffs further object on the basis that the Request for Admission is

9  overbroad, burdensome, vague and ambiguous. Plaintiffs further object on the

10  basis that the Superboy Notice had not been served on or before October 19,

11  2001.  Subject to and without waiving the foregoing general and specific

12  objections, Plaintiffs respond as follows: DENY.

13  **Request No. 77**

14      Admit that Kevin Marks received the October 26 2001 Letter on, about,

15  or shortly after October 26, 2001.

16  **Response to No. 77**

17      Plaintiffs further object on the basis that the Request for Admission is

18  overbroad, burdensome, vague and ambiguous. Subject to and without waiving

19  the foregoing general and specific objections, Plaintiffs respond as follows:

20  Plaintiffs lack knowledge or information sufficient to form a belief as to the

21  truth of Request No. 77 and, on that basis, DENY.

22  **Request No. 78**

23      Admit that when Kevin Marks received the October 26 Letter, he was the

24  attorney for Plaintiffs.

25  **Response to No. 78**

26      Plaintiffs further object on the basis that the Request for Admission is

27  overbroad, burdensome, vague and ambiguous. Subject to and without waiving

28  the foregoing general and specific objections, Plaintiffs respond as follows:

18

PLAINTIFFS' RESPONSES TO DEFENDANT'S REQUESTS FOR ADMISSION

Exhibit 38
672

1    Plaintiffs admit only that Kevin Marks was their attorney on October 26, 2001

2    and Plaintiffs lack knowledge or information sufficient to form a belief as to the

3    truth of the remainder of Request No. 78 and, on that basis, deny the remainder

4    of Request No. 78.

5    **Request No. 79**

6        Admit that Plaintiffs saw or received a copy of the October 26 letter on,

7    about, or shortly after October 26, 2001.

8    **Response to No. 79**

9        Plaintiffs further object on the basis that the Request for Admission is

10   overbroad, burdensome, vague and ambiguous. Subject to and without waiving

11   the foregoing general and specific objections, Plaintiffs respond as follows:

12   DENY.

13   **Request No. 80**

14       Admit that Plaintiffs became aware of the specifics or substance of the

15   October 26, 2001 Letter on, about, or shortly after October 26, 2001.

16   **Response to No. 80**

17       Plaintiffs further object on the basis that the Request for Admission is

18   overbroad, burdensome, vague and ambiguous. Subject to and without waiving

19   the foregoing general and specific objections, Plaintiffs respond as follows:

20   DENY.

21   **Request No. 81**

22       Admit that nothing in the October 26 Letter is contrary to the terms of

23   settlement previously accepted by Plaintiffs in the October 19 Letter.

24   **Response to No. 81**

25       Plaintiffs further object on the basis that the Request for Admission is

26   overbroad, burdensome, vague and ambiguous. Subject to and without waiving

27   the foregoing general and specific objections, Plaintiffs respond as follows:

28   DENY.

PLAINTIFFS' RESPONSES TO DEFENDANT'S REQUESTS FOR ADMISSION

Exhibit 38
673

**Request No. 82**

Admit that neither Plaintiffs nor their attorney ever expressed to Defendants, either in writing or orally, that any of the terms set forth in the October 26 Letter were inconsistent with or contrary to the terms set forth in the October 19 Letter.

**Response to No. 82**

Plaintiffs further object on the basis that the Request for Admission is overbroad, burdensome, vague and ambiguous. Subject to and without waiving the foregoing general and specific objections, Plaintiffs respond as follows: DENY.

**Request No. 83**

Admit that attached as <u>Exhibit H</u> is a true and exact copy of the draft formal written agreement forwarded to Kevin Marks on February 1, 2002.

**Response to No. 83**

Plaintiffs further object on the basis that the Request for Admission is overbroad, burdensome, vague and ambiguous, including without limitation the phrase "the draft formal written agreement." Subject to and without waiving the foregoing general and specific objections, Plaintiffs respond as follows: Plaintiffs admit only that Exhibit H is a true and correct copy of a draft of a counter-proposal in the form of a proposed agreement dated February 1, 2002 sent to Kevin Marks, but Plaintiffs deny the remainder of Request No. 83.

**Request No. 84**

Admit that attached as <u>Exhibit I</u> is a true and exact copy of a letter dated May 9, 2002 (the "May 9 Letter") written by Joanne Siegel.

**Response to No. 84**

Plaintiffs further object on the basis that the Request for Admission is overbroad, burdensome, vague and ambiguous. Subject to and without waiving

20

PLAINTIFFS' RESPONSES TO DEFENDANT'S REQUESTS FOR ADMISSION

Exhibit 38
674

1    the foregoing general and specific objections, Plaintiffs respond as follows:

2    ADMIT.

3    **Request No. 85**

4        By the May 9 Letter, Plaintiffs terminated negotiations with Defendants

5    concerning the Superman Notices.

6    **Response to No. 85**

7        Plaintiffs further object on the basis that the Request for Admission is

8    overbroad, burdensome, vague and ambiguous, including without limitation the

9    phrase "negotiations with Defendants concerning the Superman Notices."

10   Subject to and without waiving the foregoing general and specific objections,

11   Plaintiffs respond as follows:  Plaintiffs admit only that by the May 9 Letter

12   Plaintiffs rejected Defendants' counter-offers and counter-proposals, including

13   Defendants' February 1, 2002 proposed draft of agreement, but Plaintiffs deny

14   the remainder of Request No. 85.

15   **Request No. 86**

16       Admit that one of the Superman Notices purports to terminate a grant of

17   copyright in Superman dated December 23, 1975 (the "December 23, 1975

18   Agreement").

19   **Response to No. 86**

20       Plaintiffs further object on the basis that the Request for Admission is

21   overbroad, burdensome, vague and ambiguous, including without limitation the

22   phrase "terminate a grant of copyright in Superman dated December 23, 1975."

23   Subject to and without waiving the foregoing general and specific objections,

24   Plaintiffs respond as follows: Plaintiffs admit only that the Superman Notices

25   terminate any grants of copyright in Superman, to the extent, if any, that such

26   are or may be interpreted to be in an agreement dated December 23, 1975

27   between Warner Communications, Inc. on the one hand and Jerome Siegel and

28

21

---

PLAINTIFFS' RESPONSES TO DEFENDANT'S REQUESTS FOR ADMISSION

Exhibit 38
675

1  Joseph Shuster, on the other, but Plaintiffs deny the remainder of Request No.

2  86.

3  **Request No. 87**

4        Admit that Defendants, since April 16, 1999, have continued to abide by

5  the terms of the December 23, 1975, as modified by the parties.

6  **Response to No. 87**

7        Plaintiffs further object on the basis that the Request for Admission is

8  overbroad, burdensome, vague and ambiguous, including without limitation the

9  phrase "the terms of the December 23, 1975, as modified by the parties."

10  Subject to and without waiving the foregoing general and specific objections,

11  Plaintiffs respond as follows: DENY that Defendants have fully abided by the

12  December 23, 1975 Agreement.

13  **Request No. 88**

14        Admit that Plaintiffs have continued to accept the benefits of the

15  December 23, 1975 Agreement after April 16, 1999.

16  **Response to No. 88**

17        Plaintiffs further object on the basis that the Request for Admission is

18  overbroad, burdensome, vague and ambiguous, including without limitation the

19  phrase "continued to accept the benefits of the December 23, 1975 Agreement

20  after April 16, 1999." Subject to and without waiving the foregoing general and

21  specific objections, Plaintiffs respond as follows: DENY.

22  **Request No. 89**

23        Admit that Plaintiffs have made no attempt to return any sums paid to

24  them pursuant to the December 23, 1975 Agreement.

25  **Response to No. 89**

26        Plaintiffs further object on the basis that the Request for Admission is

27  overbroad, burdensome, vague and ambiguous, including without limitation the

28  phrase "any sums paid to them pursuant to the December 23, 1975 Agreement."

PLAINTIFFS' RESPONSES TO DEFENDANT'S REQUESTS FOR ADMISSION

Exhibit 38
676

1  Subject to and without waiving the foregoing general and specific objections,

2  Plaintiffs respond as follows:  DENY.  Plaintiffs deny that sums were paid to

3  them pursuant to December 23, 1975 Agreement.

4  **Request No. 90**

5      Admit that Plaintiffs have made no attempt to return any sums paid to

6  them by any of the defendants since April 16, 1999.

7  **Response to No. 90**

8      Plaintiffs further object on the basis that the Request for Admission is

9  overbroad, burdensome, vague and ambiguous, including without limitation the

10  phrase "any sums paid to them by any of the defendants since April 16, 1999."

11  Subject to and without waiving the foregoing general and specific objections,

12  Plaintiffs respond as follows: Plaintiffs deny Request No. 90 to the extent that it

13  implies that Defendants paid them sums after April 16, 1999 pursuant to the

14  December 23, 1975 Agreement or pursuant to any other agreement containing a

15  copyright grant terminated by the "Superman" Notices of Termination or

16  "Superboy" Notices of Termination; Plaintiffs otherwise admit Request No. 90.

17  **Request No. 91**

18      Admit that, regardless of whether the Superman Notices are legally

19  effective, DC Comics retains the right after April 16, 1999 to make use of

20  derivative works based upon *Action Comics #1* that were prepared by or for it

21  prior to April 16, 1999 without any duty to account to Plaintiffs or share with

22  them with respect to any portion of the revenue derived therefrom.

23  **Response to No. 91**

24      Plaintiffs further object on the basis that the Request for Admission is

25  overbroad, burdensome, vague and ambiguous, including without limitation the

26  phrase "or share with them with respect to any portion of the revenue derived

27  therefrom." Subject to and without waiving the foregoing general and specific

28  objections, Plaintiffs respond as follows: Plaintiffs admit only that DC Comics

23

---

PLAINTIFFS' RESPONSES TO DEFENDANT'S REQUESTS FOR ADMISSION

Exhibit 38
677

1  is not required to account to Plaintiffs with respect to the exploitation of prior

2  derivative works completed before April 16, 1999 that are derived from Action

3  Comics #1, but Defendants must account to Plaintiffs with respect to any

4  derivative works completed on or after April 16, 1999; and Plaintiffs deny the

5  remainder of Request No. 91.

6  **Request No. 92**

7      Admit that all works depicting and employing the Superman character

8  created by Siegel and/or Shuster after *Action Comics #1* were created at instance

9  and expense of DC Comics.

10  **Response to No. 92**

11      Plaintiffs further object on the basis that the Request for Admission is

12  overbroad, burdensome, vague and ambiguous, including without limitation the

13  phrase "were created at instance and expense of." Subject to and without

14  waiving the foregoing general and specific objections, Plaintiffs respond as

15  follows: DENY.

16  **Request No. 93**

17      Admit that, even if the Superman Notices are legally effective, Plaintiffs

18  cannot recapture any right under copyright in any material relating to the

19  Superman character and his exploits created after the publication of *Action

20  Comics #1*, including new characters, villains, character traits, super powers,

21  plots, storylines and settings, newly added in any Superman work that post-

22  dates *Action Comics #1*.

23  **Response to No. 93**

24      Plaintiffs further object on the basis that the Request for Admission is

25  overbroad, burdensome, vague and ambiguous, including without limitation the

26  phrase "cannot recapture any right under copyright in any material relating to

27  the Superman character and his exploits." Subject to and without waiving the

28  foregoing general and specific objections, Plaintiffs respond as follows: DENY.

24

PLAINTIFFS' RESPONSES TO DEFENDANT'S REQUESTS FOR ADMISSION

Exhibit 38
678

1    **Request No. 94**

2        Admit that, even if the Superman Notices are legally effective, Plaintiffs

3    are not entitled from any of the Defendants to an accounting of profits

4    attributable to any material relating to the Superman character and his exploits

5    not present in *Action Comics #1*, including new characters, villains, character

6    traits, super powers, plots, storylines and settings.

7    **Response to No. 94**

8        Plaintiffs further object on the basis that the Request for Admission is

9    overbroad, burdensome, vague and ambiguous, including without limitation the

10    phrase "profits attributable to any material relating to the Superman character

11    and his exploits." Subject to and without waiving the foregoing general and

12    specific objections, Plaintiffs respond as follows: DENY.

13    **Request No. 95**

14        Admit that, even if the Superman Notices are legally effective, Plaintiffs

15    are not entitled from any of the Defendants to an accounting of profits

16    attributable to any material relating to the Superman character and his exploits

17    not created by Siegel, including new characters, villains, character traits, super

18    powers, plots, storylines and settings.

19    **Response to No. 95**

20        Plaintiffs further object on the basis that the Request for Admission is

21    overbroad, burdensome, vague and ambiguous, including without limitation the

22    phrase "profits attributable to any material relating to the Superman character

23    and his exploits." Subject to and without waiving the foregoing general and

24    specific objections, Plaintiffs respond as follows: DENY

25    **Request No. 96**

26        Admit that, even if the Superman Notices are legally effective, Plaintiffs

27    would never be permitted without the authorization of DC to use or license any

28    material relating to the Superman character and his exploits not present in

PLAINTIFFS' RESPONSES TO DEFENDANT'S REQUESTS FOR ADMISSION

Exhibit 38
679

1 | *Action Comics #1*, including new characters, villains, character traits, super

2 | powers, plots, storylines and settings.

3 | **Response to No. 96**

4 | Plaintiffs further object on the basis that the Request for Admission is

5 | overbroad, burdensome, vague and ambiguous, including without limitation the

6 | phrase "any material relating to the Superman character and his exploits not

7 | present in *Action Comics #1*." Subject to and without waiving the foregoing

8 | general and specific objections, Plaintiffs respond as follows: DENY

9 | **Request No. 97**

10 | Admit that, even if the Superman Notices are legally effective, such

11 | notices do not affect any trademark rights owned by DC.

12 | **Response to No. 97**

13 | Plaintiffs further object on the basis that the Request for Admission is

14 | overbroad, burdensome, vague and ambiguous, including without limitation the

15 | phrase "affect." Subject to and without waiving the foregoing general and

16 | specific objections, Plaintiffs respond as follows: DENY

17 | **Request No. 98**

18 | Admit that, even if the Superman Notices are legally effective, Plaintiffs

19 | would never be permitted without the authorization of DC to make use of any

20 | trademark of DC.

21 | **Response to No. 98**

22 | Plaintiffs further object on the basis that the Request for Admission is

23 | overbroad, burdensome, vague and ambiguous. Subject to and without waiving

24 | the foregoing general and specific objections, Plaintiffs respond as follows:

25 | DENY.

26 | / /

27 | / /

28 | / /

26

PLAINTIFFS' RESPONSES TO DEFENDANT'S REQUESTS FOR ADMISSION

Exhibit 38
680

1 | **Request No. 99**

2 |       Admit that, even if the Superman Notices are legally effective, such

3 | notices do not entitle Plaintiffs to any accounting of profits attributable to DC

4 | Comics' use of trademarks.

5 | **Response to No. 99**

6 |       Plaintiffs further object on the basis that the Request for Admission is

7 | overbroad, burdensome, vague and ambiguous, including without limitation the

8 | phrase "profits attributable to DC Comics' use of trademarks." Subject to and

9 | without waiving the foregoing general and specific objections, Plaintiffs

10 | respond as follows: DENY.

11 | **Request No. 100**

12 |       Admit that, even if the Superman Notices are legally effective, such

13 | notices do not affect DC's copyright rights in *Action Comics #1* outside of the

14 | United States.

15 | **Response to No. 100**

16 |       Plaintiffs further object on the basis that the Request for Admission is

17 | overbroad, burdensome, vague and ambiguous, including without limitation the

18 | phrase "DC's copyright rights in *Action Comics #1* outside of the United

19 | States." Subject to and without waiving the foregoing general and specific

20 | objections, Plaintiffs respond as follows: DENY.

21 | **Request No. 101**

22 |       Admit that, even if the Superman Notices are legally effective, Plaintiffs

23 | would never be permitted without the authorization of DC to use or license the

24 | use of *Action Comics #1* outside the United States.

25 | **Response to No. 101**

26 |       Plaintiffs further object on the basis that the Request for Admission is

27 | overbroad, burdensome, vague and ambiguous, including without limitation the

28 | phrases "never" and "to use or license the use of *Action Comics #1*." Subject to

27

PLAINTIFFS' RESPONSES TO DEFENDANT'S REQUESTS FOR ADMISSION

Exhibit 38
681

1  and without waiving the foregoing general and specific objections, Plaintiffs

2  respond as follows: Admit under the current Copyright Act, but deny to the

3  extent the Copyright Act or the case law interpreting it may change.

4  **Request No. 102**

5      Admit that, even if the Superman Notices are legally effective, Plaintiffs

6  are not entitled from any of the Defendants to an accounting of profits from

7  exploitation of any rights relating to *Action Comics #1* outside of the United

8  States.

9  **Response to No. 102**

10      Plaintiffs further object on the basis that the Request for Admission is

11  overbroad, burdensome, vague and ambiguous, including without limitation the

12  phrase "exploitation of any rights relating to *Action Comics #1*."  Subject to and

13  without waiving the foregoing general and specific objections, Plaintiffs

14  respond as follows: DENY.

15  **Request No. 103**

16      Admit that all material relating to the Superman character and his

17  exploits, including but not limited to his character, origins, family life, and

18  appearance as a youth that is formed in the 1938 Pitch Letter existed before

19  Siegel wrote the 1938 Pitch Letter.

20  **Response to No. 103**

21      Plaintiffs further object on the basis that the Request for Admission is

22  overbroad, burdensome, vague and ambiguous, including without limitation the

23  phrases "all material relating to the Superman character and his exploits" and

24  "appearance as a youth."  Subject to and without waiving the foregoing general

25  and specific objections, Plaintiffs respond as follows: DENY.

26  **Request No. 104**

27      Admit that all material relating to the Superman character and his

28  exploits, including but not limited to his character, origins, family life, and

PLAINTIFFS' RESPONSES TO DEFENDANT'S REQUESTS FOR ADMISSION

Exhibit 38
682

1 | appearance as a youth that is formed in the 1938 Pitch Letter existed before

2 | Siegel wrote the 1940 Script.

3 | **Response to No. 104**

4 | Plaintiffs further object on the basis that the Request for Admission is

5 | overbroad, burdensome, vague and ambiguous, including without limitation the

6 | phrases "all material relating to the Superman character and his exploits"  and

7 | "appearance as a youth."  Subject to and without waiving the foregoing general

8 | and specific objections, Plaintiffs respond as follows: DENY.

9 | **Request No. 105**

10 | Admit that no components protected by copyright, *i.e.*, excluding, *inter*

11 | *alia*, the name or title "Superboy" and the idea of depicting in comic book

12 | format the Superman character and his exploits as a youth, from the 1938 Pitch

13 | Letter are incorporated in *More Fun Comics #101*.

14 | **Response to No. 105**

15 | Plaintiffs further object on the basis that the Request for Admission is

16 | overbroad, burdensome, vague and ambiguous, including without limitation the

17 | phrases "no components protected by copyright, *i.e.*, excluding, *inter alia*, the

18 | name or title "Superboy" and the idea of depicting in comic book format the

19 | Superman character and his exploits as a youth."  Subject to and without

20 | waiving the foregoing general and specific objections, Plaintiffs respond as

21 | follows: DENY.

22 | **Request No. 106**

23 | Admit that no components protected by copyright, *i.e.*, excluding, *inter*

24 | *alia*, the name or title "Superboy" and the idea of depicting in comic book

25 | format the Superman character and his exploits as a youth, from the 1940 Script

26 | are incorporated in *More Fun Comics #101*.

27 | //

28 | //

29

PLAINTIFFS' RESPONSES TO DEFENDANT'S REQUESTS FOR ADMISSION

Exhibit 38
683

**Response to No. 106**

    Plaintiffs further object on the basis that the Request for Admission is overbroad, burdensome, vague and ambiguous, including without limitation the phrases "no components protected by copyright, *i.e.*, excluding, *inter alia*, the name or title 'Superboy' and the idea of depicting in comic book format the Superman character and his exploits as a youth."  Subject to and without waiving the foregoing general and specific objections, Plaintiffs respond as follows: DENY.

**Request No. 107**

    Admit that no components protected by copyright from the 1938 Pitch Letter appear in any episode of the television series *Smallville* prepared after the purported effective date of the Superboy Notice in November 2004.

**Response to No. 107**

    Plaintiffs further object on the basis that the Request for Admission is overbroad, burdensome, vague and ambiguous, including without limitation the phrases "no components protected by copyright." Subject to and without waiving the foregoing general and specific objections, Plaintiffs respond as follows: DENY.

**Request No. 108**

    Admit that no components protected by copyright from the 1940 Script appear in any episode of the television series *Smallville* prepared after the purported effective date of the Superboy Notice in November 2004.

**Response to No. 108**

    Plaintiffs further object on the basis that the Request for Admission is overbroad, burdensome, vague and ambiguous, including without limitation the phrases "no components protected by copyright."  Subject to and without waiving the foregoing general and specific objections, Plaintiffs respond as follows: DENY.

PLAINTIFFS' RESPONSES TO DEFENDANT'S REQUESTS FOR ADMISSION

Exhibit 38
684

1    **Request No. 109**

2        Admit that under the September 22, 1938 letter agreement between

3    Detective Comics, Inc. and Siegel and Shuster, the latter were required to

4    exclusively supply DC with copy and art for the feature "Superman" or for any

5    character "in any wise similar thereto."

6    **Response to No. 109**

7        Plaintiffs further object on the basis that the Request for Admission is

8    overbroad, burdensome, vague and ambiguous, including without limitation the

9    phrase "were required to exclusively supply DC." Subject to and without

10   waiving the foregoing general and specific objections, Plaintiffs respond as

11   follows: DENY. Plaintiffs respectfully refer the Court to the September 22,

12   1938 letter agreement between Detective Comics, Inc. and Siegel and Shuster,

13   for the contents thereof.

14   **Request No. 110**

15       Admit that under the September 22, 1938 letter agreement between

16   Detective Comics, Inc. and Siegel and Shuster, the only material with respect to

17   which there is any provision for first refusal is the paragraph relating to "any

18   other art work or continuity."

19   **Response to No. 110**

20       Plaintiffs further object on the basis that the Request for Admission is

21   overbroad, burdensome, vague and ambiguous, including without limitation the

22   phrases "the only material with respect to which there is any provision for first

23   refusal is the paragraph relating to 'any other art work or continuity.'" Subject

24   to and without waiving the foregoing general and specific objections, Plaintiffs

25   respond as follows: DENY. Plaintiffs respectfully refer the Court to the

26   September 22, 1938 letter agreement between Detective Comics, Inc. and Siegel

27   and Shuster, for the contents thereof.

28   //

PLAINTIFFS' RESPONSES TO DEFENDANT'S REQUESTS FOR ADMISSION

Exhibit 38
685

1    **Request No. 111**

2        Admit that under the September 22, 1938 letter agreement between

3    Detective Comics, Inc. and Siegel and Shuster, the latter were not to "furnish"

4    to any other person except Detective any art or copy for any comics containing

5    the Superman character or continuity thereof "or in any wise similar thereto."

6    **Response to No. 111**

7        Plaintiffs further object on the basis that the Request for Admission is

8    overbroad, burdensome, vague and ambiguous, including without limitation the

9    phrases "any comics containing the Superman character or continuity thereof 'or

10   in any wise similar thereto.'" Subject to and without waiving the foregoing

11   general and specific objections, Plaintiffs respond as follows: DENY.  Plaintiffs

12   respectfully refer the Court to the September 22, 1938 letter agreement between

13   Detective Comics, Inc. and Siegel and Shuster, for the contents thereof.

14   **Request No. 112**

15       Admit that the "idea" and "conception" for a Superboy comic book

16   referred to in the Findings of Fact and Conclusions of Law dated April 12, 1948

17   in *Siegel v. National Comics Publications, Inc.*, No. 1099-1947 (N.Y. Sup. Ct.

18   Westchester Co.) (the "Findings of Fact") is not something for which copyright

19   protection exists under the U.S. Copyright Law.

20   **Response to No. 112**

21       Plaintiffs further object on the basis that the Request for Admission is

22   overbroad, burdensome, vague and ambiguous, including without limitation the

23   phrases "the 'idea' and 'conception' for a Superboy comic book referred to in

24   the Findings of Fact and Conclusions of Law dated April 12, 1948 in *Siegel v.*

25   *National Comics Publications, Inc.*" Subject to and without waiving the

26   foregoing general and specific objections, Plaintiffs respond as follows: DENY.

27   Plaintiffs respectfully refer the Court to the Findings of Fact for the contents

28   thereof.

32

Exhibit 38
686

1  **Request No. 113**

2      Admit that the "plan" for a Superboy comic book referred to in the

3  Findings of Fact is not something for which copyright protection exists under

4  the U.S. Copyright Law.

5  **Response to No. 113**

6      Plaintiffs further object on the basis that the Request for Admission is

7  overbroad, burdensome, vague and ambiguous, including without limitation the

8  phrases "the 'plan' for a Superboy comic book referred to in the Findings of

9  Fact." Subject to and without waiving the foregoing general and specific

10  objections, Plaintiffs respond as follows: DENY. Plaintiffs respectfully refer the

11  Court to the Findings of Fact for the contents thereof.

12  **Request No. 114**

13      Admit that the idea of depicting the character Superman and his exploits

14  before he became a man as a youth in a comic book was not new when Siegel

15  sent the 1938 Pitch Letter to DC.

16  **Response to No. 114**

17      Plaintiffs further object on the basis that the Request for Admission is

18  overbroad, burdensome, vague and ambiguous. Subject to and without waiving

19  the foregoing general and specific objections, Plaintiffs respond as follows:

20  DENY.

21  **Request No. 115**

22      Admit that the idea of depicting the character Superman and his exploits

23  before he became a man as a youth in a comic book was not new when Siegel

24  sent the 1940 Script to DC.

25  **Response to No. 115**

26      Plaintiffs further object on the basis that the Request for Admission is

27  overbroad, burdensome, vague and ambiguous. Subject to and without waiving

28

PLAINTIFFS' RESPONSES TO DEFENDANT'S REQUESTS FOR ADMISSION

Exhibit 38
687

1  the foregoing general and specific objections, Plaintiffs respond as follows:

2  DENY.

3  **Request No. 116**

4     Admit that the depiction of the Superman character in the 1940 Script,

5  including his character traits and superpower abilities, is based, at least in part,

6  upon delineations of the Superman character and his exploits that previously

7  appeared in works published by DC, including *Action Comics #1, Superman #1*

8  and in syndicated newspaper strips.

9  **Response to No. 116**

10     Plaintiffs further object on the basis that the Request for Admission is

11  overbroad, burdensome, vague and ambiguous including without limitation the

12  phrase "depiction of the Superman character in the 1940 Script." Subject to and

13  without waiving the foregoing general and specific objections, Plaintiffs

14  respond as follows: DENY.

15  **Request No. 117**

16     Admit that, putting aside any contentions that the 1938 Pitch Letter and

17  the 1940 Script were published in any *More Fun Comics* comic books, neither

18  the 1938 Pitch Letter nor the 1940 Script was ever itself published before or

19  after January 1, 1978.

20  **Response to No. 117**

21     Plaintiffs further object on the basis that the Request for Admission is

22  overbroad, burdensome, vague and ambiguous including without limitation the

23  phrase "was ever itself published." Subject to and without waiving the

24  foregoing general and specific objections, Plaintiffs respond as follows:

25  Plaintiffs have insufficient information or knowledge to admit Request No. 117

26  and on that basis deny the Request.

27  //

28  //

34

PLAINTIFFS' RESPONSES TO DEFENDANT'S REQUESTS FOR ADMISSION

Exhibit 38
688

1  **Request No. 118**

2    Admit that Siegel never applied to register for copyright protection the

3  1938 Pitch Letter or the 1940 Script.

4  **Response to No. 118**

5    Plaintiffs further object on the basis that the Request for Admission is

6  overbroad, burdensome, vague and ambiguous including without limitation the

7  phrase "never applied to register for copyright protection." Plaintiffs respond as

8  follows: Plaintiffs have insufficient information or knowledge to admit Request

9  No. 118 and on that basis deny the Request.

10  **Request No. 119**

11    Admit that Siegel never applied to register for copyright protection any

12  work featuring the character "Superboy."

13  **Response to No. 119**

14    Plaintiffs further object on the basis that the Request for Admission is

15  overbroad, burdensome, vague and ambiguous including without limitation the

16  phrase "never applied to register for copyright protection." Subject to and

17  without waiving the foregoing general and specific objections, Plaintiffs

18  respond as follows: Plaintiffs have insufficient information or knowledge to

19  admit Request No. 119 and on that basis deny the Request.

20  **Request No. 120**

21    Admit that Siegel never offered to any other party except DC any rights to

22  use or exploit any of the contents of the 1938 Pitch Letter or 1940 Script and

23  never submitted these materials to any other party for consideration in

24  connection with possible exploitation.

25  **Response to No. 120**

26    Plaintiffs further object on the basis that the Request for Admission is

27  overbroad, burdensome, vague and ambiguous including without limitation the

28  phrase "never offered to any other party except DC any rights to use or exploit

35

PLAINTIFFS' RESPONSES TO DEFENDANT'S REQUESTS FOR ADMISSION

Exhibit 38
689

1    any of the contents of the 1938 Pitch Letter or 1940 Script." Subject to and

2    without waiving the foregoing general and specific objections, Plaintiffs

3    respond as follows: Plaintiffs have insufficient information or knowledge to

4    admit Request No. 120 and on that basis deny the Request.

5    **Request No. 121**

6          Admit that Siegel never expressed to any third person that he considered

7    himself to be the copyright owner of the 1938 Pitch Letter, the 1940 Script or

8    any Superboy comic or other work featuring the Superboy character.

9    **Response to No. 121**

10         Plaintiffs further object on the basis that the Request for Admission is

11   overbroad, burdensome, vague and ambiguous. Subject to and without waiving

12   the foregoing general and specific objections, Plaintiffs respond as follows:

13   Plaintiffs have insufficient information or knowledge to admit Request No. 121

14   and on that basis deny the Request.

15   **Request No. 122**

16         Admit that Siegel knew at all times that it was the intent of DC to be the

17   copyright owner of all material protectible by copyright relating to the contents

18   of the 1938 Pitch Letter.

19   **Response to No. 122**

20         Plaintiffs further object on the basis that the Request for Admission is

21   overbroad, burdensome, vague and ambiguous including without limitation the

22   phrase "all material protectible by copyright relating to the contents of the 1938

23   Pitch Letter." Subject to and without waiving the foregoing general and

24   specific objections, Plaintiffs respond as follows: DENY.

25   **Request No. 123**

26         Admit that Siegel knew at all times that it was the intent of DC not to

27   allow any use of the 1938 Pitch Letter by anyone else without its approval.

28   / /

36

---

PLAINTIFFS' RESPONSES TO DEFENDANT'S REQUESTS FOR ADMISSION

Exhibit 38
690

1  **Response to No. 123**

2      Plaintiffs further object on the basis that the Request for Admission is

3  overbroad, burdensome, vague and ambiguous including without limitation the

4  phrase "use of the 1938 Pitch Letter." Subject to and without waiving the

5  foregoing general and specific objections, Plaintiffs respond as follows: DENY.

6  **Request No. 124**

7      Admit that Siegel knew at all times that it was the intent of DC to be the

8  copyright owner of all material protectible by copyright in and relating to the

9  contents of the 1940 Script.

10 **Response to No. 124**

11     Plaintiffs further object on the basis that the Request for Admission is

12 overbroad, burdensome, vague and ambiguous including without limitation the

13 phrase "all material protectible by copyright in and relating to the contents of

14 the 1940 Script." Subject to and without waiving the foregoing general and

15 specific objections, Plaintiffs respond as follows: DENY.

16 **Request No. 125**

17     Admit that Siegel knew at all times that it was the intent of DC not to

18 allow any use of the 1940 Script by anyone else without its approval.

19 **Response to No. 125**

20     Plaintiffs further object on the basis that the Request for Admission is

21 overbroad, burdensome, vague and ambiguous including without limitation the

22 phrase "any use of the 1940 Script." Subject to and without waiving the

23 foregoing general and specific objections, Plaintiffs respond as follows: DENY.

24 **Request No. 126**

25     Admit that all copyrightable material included in the 1940 Script was

26 jointly authored by Shuster.

27 //

28 //

37

PLAINTIFFS' RESPONSES TO DEFENDANT'S REQUESTS FOR ADMISSION

Exhibit 38
691

**Response to No. 126**

  Plaintiffs further object on the basis that the Request for Admission is overbroad, burdensome, vague and ambiguous.  Subject to and without waiving the foregoing general and specific objections, Plaintiffs respond as follows: DENY.


Dated:  June 7, 2006    LAW OFFICES OF MARC TOBEROFF, PLC


                Marc Toberoff

        Attorneys for Plaintiffs JOANNE SIEGEL
        and LAURA SIEGEL LARSON

38

PLAINTIFFS' RESPONSES TO DEFENDANT'S REQUESTS FOR ADMISSION

Exhibit 38
692

1  **PROOF OF SERVICE**

2  STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3      I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is: 1999 Avenue of the Stars, Suite
4  1540, Los Angeles, California 90067.

5      On June 7, 2006, I served the attached documents described as:

6  1. PLAINTIFFS' JOANNE SIEGEL AND LAURA SIEGEL LARSON'S RESPONSE TO DEFENDANT AND COUNTERCLAIMANT DC COMICS' FIRST SET OF
7  INTERROGATORIES NOS. 1-19

8  2. PLAINTIFFS' JOANNE SIEGEL AND LAURA SIEGEL LARSON'S RESPONSE TO DEFENDANT WARNER BROS. ENTERTAINMENT INC.'S FIRST SET OF
9  INTERROGATORIES NO. 1-10

10 3. PLAINTIFFS' JOANNE SIEGEL AND LAURA SIEGEL LARSON'S RESPONSE TO DEFENDANTS/COUNTERCLAIMANT'S SECOND SET OF REQUESTS FOR THE
11 PRODUCTION OF DOCUMENTS AND THINGS

12 4. PLAINTIFFS' JOANNE SIEGEL AND LAURA SIEGEL LARSON'S RESPONSE TO DEFENDANTS/COUNTERCLAIMANT'S SECOND SET OF REQUESTS FOR
13 ADMISSION

14 5. PLAINTIFFS' JOANNE SIEGEL AND LAURA SIEGEL LARSON'S RESPONSE TO DEFENDANT WARNER BROS. ENTERTAINMENT INC.'S FIRST SET OF
15 INTERROGATORIES NO. 1-9

16 as follows:

17 [X] :BY MAIL:

18     As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on
19 that same day with postage thereon fully prepaid at Los Angeles California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal
20 cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit. I placed ____ the original _X_ a true copy thereof enclosed in sealed envelope(s) addressed
21 as follows:

22 James D. Weinberger
FROSS ZELNICK LEHRMAN & ZISSU, P.C.
23 866 United Nations Plaza
New York, NY 10017

24 Patrick T. Perkins
25 PERKINS LAW OFFICE, P.C.
1711 Route 9D
26 Cold Spring, NY 10516

27 Michael Bergman
WEISSMAN WOLFF BERGMAN COLEMAN GRODIN & EVALL LLP
28 9665 Wilshire Boulevard, Ninth Floor

Exhibit 38
693

Beverly Hills, CA 90212

1

2      :(STATE) - I declare under penalty of perjury under the laws of the State of California that the
above is true and correct.

3    [X]  :(FEDERAL) – I declare that I am employed in the office of a member of the bar of this court at
whose direction the service was made.

4

5      I declare under penalty of perjury that the foregoing is true and correct.

6      EXECUTED on June 7, 2006, in Los Angeles, California.

7
                                                    _____
8                                                   Alexander M. Merino

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit 38
694