Marc Toberoff (State Bar No. 188547)
 *mtoberoff@ipwla.com*
Nicholas C. Williamson (State Bar No. 231124)
 *nwilliamson@ipwla.com*
Keith G. Adams (State Bar No. 240497)
 *kgadams@ipwla.com*
TOBEROFF & ASSOCIATES, P.C.
2049 Century Park East, Suite 3630
Los Angeles, California, 90067
Telephone: (310) 246-3333
Fax:         (310) 246-3101

Attorneys for Defendants Mark Warren Peary, as personal representative of the Estate of Joseph Shuster, Jean Adele Peavy, and Laura Siegel Larson

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| DC COMICS,<br><br>            Plaintiff,<br><br>    vs.<br><br>PACIFIC PICTURES CORPORATION; IP WORLDWIDE, LLC; IPW, LLC; MARC TOBEROFF, an individual; MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER; JEAN ADELE PEAVY, an individual; JOANNE SIEGEL, an individual; LAURA SIEGEL LARSON, an individual, and DOES 1-10, inclusive,<br><br>            Defendants. | Case No: CV 10-03633 ODW (RZx)<br><br>Hon. Otis D. Wright II, U.S.D.J.<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS JOANNE SIEGEL AND LAURA SIEGEL LARSON'S RENEWED NOTICE OF MOTION AND MOTION TO DISMISS AND/OR STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED.R.CIV.P. 12(b)(6)**<br><br>*Re: Motion to Dismiss and/or Strike Third and Sixth Claims* (Docket No. 147), *under submission per the Court's February 14, 2011 Order* (Docket No. 169)<br><br>Complaint filed: May 14, 2010<br>Trial Date: None Set |

# [PROPOSED] ORDER

After consideration of the papers in support of and in opposition to defendants Joanne Siegel and Laura Siegel Larson's (the "Siegels") Motion to Dismiss Plaintiff DC's Comics Third and Sixth Claims for Relief, the notices of joinder filed by the other defendants, and any oral argument of counsel, the Court rules as follows:

DC's Third and Sixth Claims are both premised on the legal position that DC has a statutory "right" to a so-called "period of exclusivity" to negotiate the purchase of the Shuster Estate's recaptured *Superman* copyrights under 17 U.S.C. § 304(c)(6)(D). As such, DC's Third and Sixth Claims fail to state a claim because it is clear from the plain language of § 304(c)(6)(D) that it does not provide DC with any "rights," let alone a right to an exclusive period of negotiation. *See* 17 U.S.C. § 304(c)(6)(D); *Bourne Co., v. MPL Commc'ns, Inc.*, 675 F. Supp. 859, 865 (S.D.N.Y. 1987); 3 *Nimmer* § 11.08[A], n.6 (2010). As DC has no substantive right, DC also lacks standing to prosecute these claims. *See* 3 W. Patry, *Patry on Copyright* ("*Patry*") § 7:47 (2010); *Preminger v. Peake*, 536 F.3d 1000, 1005 (9th Cir. 2008).

DC's Third and Sixth Claims also fail as a matter of law because they are moot. DC argues that two sets of agreements with Pacific Pictures Corporation and IP Worldwide, LLC violate its "right," but such agreements were cancelled in 2004 and expired in 2005, respectively. Such agreements are therefore moot and there is no "live" controversy as to such agreements. *See Super Tire Eng'g Co. v. McCorkle*, 416 U.S. 115, 122 (1974); *Campbell v. PMI Food Equipment Group, Inc.*, 509 F.3d 776, 781-82 (6th Cir. 2007).

DC also makes broad allegations as to "consent agreements" between certain defendants. DC alleges that the consent agreements violate § 304(c)(6)(D) because they "prohibit either family from entering into agreements conveying rights … without the express approval of all stakeholders in the heirs' rights." As alleged such "consent agreements," are clearly permitted under § 304(c)(6)(D), which invalidates only "[a] further grant, or agreement to make a further grant" of copyright.

      DC's Sixth Claim under California unfair competition laws is preempted by the Copyright Act, as it is expressly based on and incorporates DC's allegations of purported violations of the Copyright Act, and does not contain an "extra element" that "makes the right asserted qualitatively different from those protected under the Copyright Act." *See* 17 U.S.C. § 301(a); *Kodadek v. MTV Networks*, 152 F.3d 1209, 1213 (9th Cir. 1998); *Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1190 (C.D. Cal. 2001).

      DC's Sixth Claim also fails to state a claim as DC has not alleged: any unlawful conduct under 17 U.S.C. § 304(c)(6)(D) (*see* 61 CAL. JUR. 3d Unfair Competition § 3 (2008)); any unfair conduct or harm to competition (*see Cel-Tech Commc'ns, Inc. v. L. A. Cellular Tele. Co.*, 20 Cal. 4th 163, 187 (1999)); or any fraudulent conduct with the requisite particularity (*see* F.R.C.P. 9(b); *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009)).

      Both the Third and Sixth Claims are also barred by the statute of limitations. The three-year statute of limitations for the Third Claim began to accrue by no later than November 2006, and expired in November 2009, and there is no basis to apply either the discovery rule or the doctrine of continuing accrual. *See* 17 U.S.C. § 507(b); *Estate of Blue v. County of Los Angeles*, 120 F.3d 982, 984 (9th Cir. 1997); *Jolly v. Eli Lilly & Co.*, 44 Cal.3d 1103, 1110-1111 (1988); *State ex rel. Metz v. CCC Information Services, Inc.*, 149 Cal. App. 4th 402, 418-19 (2007). The four-year statute of limitations for the Sixth Claim began to accrue by no later than October 2003, and expired in October 2007. *See Stutz Motor Car of Am. v. Reebok Int'l*, 909 F. Supp. 1353, 1363 (C.D. Cal. 1995) (discovery rule inapplicable to UCL claims); *Medimatch, Inc. v. Lucent Techs., Inc.*, 120 F. Supp. 2d 842, 861 (N.D. Cal. 2000). This complaint was untimely filed in May 2010.

      In addition, alleges additional "consent agreements" that were disclosed solely in connection with the parties' settlement mediation and pursuant to their JAMS Confidentiality Agreement. DC and its counsel willfully breached this JAMS

Confidentiality Agreement by their references to such "consent agreements" in the FAC. DC and its counsel have also willfully breached this Court's January 14, 2009 order in the related Superman action (Case No. 04-CV-8400) forbidding such disclosure. As such, DC's references to "consent agreements" in its FAC must be stricken pursuant to F.R.C.P. 12(f).

        Accordingly, IT IS HEREBY ORDERED that:

1. Defendants Joanne Siegel and Laura Siegel Larson's Motion to Dismiss and/or Strike Plaintiff's First Amended Complaint Pursuant to Fed.R.Civ.P. 12(B)(6) is GRANTED.
2. The Third and Sixth Claims of the First Amended Complaint are hereby DISMISSED WITHOUT LEAVE TO AMEND as to ALL DEFENDANTS.
3. Paragraphs 170 and 188 of DC's First Amended Complaint are HEREBY STRICKEN.

IT IS SO ORDERED.

Dated: _____       _____

                                        Hon. Otis D. Wright II