Marc Toberoff (State Bar No. 188547)
 mtoberoff@ipwla.com
Nicholas C. Williamson (State Bar No. 231124)
 nwilliamson@ipwla.com
Keith G. Adams (State Bar No. 240497)
 kgadams@ipwla.com
TOBEROFF & ASSOCIATES, P.C.
2049 Century Park East, Suite 3630
Los Angeles, California, 90067
Telephone:  (310) 246-3333
Fax:          (310) 246-3101

Attorneys for Defendants Mark Warren
Peary, as personal representative of the Estate
of Joseph Shuster, Jean Adele Peavy and
Laura Siegel Larson

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

DC COMICS,

                    Plaintiff,

        vs.

PACIFIC PICTURES CORPORATION;
IP WORLDWIDE, LLC; IPW, LLC;
MARC TOBEROFF, an individual;
MARK WARREN PEARY, as personal
representative of the ESTATE OF
JOSEPH SHUSTER; JEAN ADELE
PEAVY, an individual; JOANNE
SIEGEL, an individual; LAURA
SIEGEL LARSON, an individual,
and DOES 1-10, inclusive,

                    Defendants.

Case No: CV 10-03633 ODW (RZx)

Hon. Otis D. Wright II, U.S.D.J.

**DEFENDANTS' EVIDENTIARY OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI IN SUPPORT OF DC COMICS' INITIAL OPPOSITION TO DEFENDANTS' RENEWED MOTIONS TO DISMISS AND TO STRIKE UNDER CALIFORNIA'S ANTI-SLAPP STATUTE**

*Re: Anti-SLAPP Motion to Strike* (Docket No. 145) *and Motions to Dismiss First through Sixth Claims* (Docket Nos. 146-148), *under submission per the Court's February 14, 2011 Order* (Docket No. 169)

Complaint filed: May 14, 2010
Trial Date:  None Set

1

Defendants respectfully submit the following Evidentiary Objections to the Declaration of Daniel M. Petrocelli ("Declarant") in Support of DC Comics' Initial Opposition to Defendants' Motions to Dismiss and to Strike Under California's Anti-SLAPP Statute ("Declaration"). Defendants respectfully object and move to strike the designated portions of the Declaration and other evidence set forth below for the reason that said portions violate the Federal Rules of Evidence and/or constitute improper testimony.

## General Objections

1.    It is rare for an attorneys' declaration to so flagrantly violate the basic rules of evidence, privilege, and common decency. This Declaration litters the record with inadmissible and unreliable hearsay derived from a mudslinging screed penned by a junior lawyer who worked for Mr. Toberoff for just three months, long after the events in question, and then (i) stole privileged documents, (ii) authored a series of false accusations to persuade the Siegels to hire him and fire Toberoff, (iii) met with the Siegels but failed in this endeavor, and then, (iv) contrary to the interests of his former clients, sent their privileged documents and his grossly unethical rant to the adverse party's legal team. This worthless garbage, on which no attorney of sound judgment should rely, is contradicted by the sworn testimony of every percipient witness to the events in question, and is wholly unsupported by the record. That sworn testimony proves that numerous statements in Declarant's Declaration are completely false, yet Declarant, who lacks any personal knowledge, repeats these falsehoods while blithely ignoring the evidence that has governed this case since 2006. The Declaration also willfully breaches the parties' May 1, 2008 JAMS mediation agreement.

Remarkably, the Declaration includes not a single piece of admissible evidence to support the key factual allegations of the complaint against the Siegels' and Shusters' long-time counsel, Marc Toberoff, *i.e.*, that he misrepresented that there was a "billionaire" investor for the Siegels or that he offered to produce a competing Superman movie based on the Siegels' recaptured copyrights. As Declarant well

knows, the sworn testimony of percipient witnesses in the six-year old *Siegel* litigation is entirely to the contrary. *See* Reply in Support of Anti-SLAPP motion, at 5-6. Yet the Declarant, without any evidence, has repeatedly accused Mr. Toberoff of fraud and larded the Declaration and DC's oppositions with unseemly *ad hominem* attacks on Mr. Toberoff based on irrelevant hearsay. This tactical character assassination of Mr. Toberoff repeated throughout the Declaration and opposition papers should be given no credence whatsoever. It is not proper to bring a lawsuit for the purpose of destroying the reputation of a lawyer due to his effective advocacy. That virtually everything in the Declaration is objectionable and inadmissible and/or attacks Mr. Toberoff based on total irrelevancies is noteworthy for one purpose only: it shows that this vicious suit is a pure act of retaliation covered by California's Anti-SLAPP statute, as its purpose is to attack Mr. Toberoff in connection with his successful representation of the Siegels and Shusters.

2.    The Declaration's obvious objective is to prejudice the Court against Mr. Toberoff so as to achieve an advantage over his clients. For instance, the Declaration announces that Mr. Toberoff has been sued twice before, citing two cases. *See* Petrocelli Decl., ¶ 14. Such "gutter" tactics are unworthy of O'Melveny & Myers and Declarant himself, and cannot be the basis for any adverse inference as a matter of law. F.R.E. 404. Moreover, the first case was settled in favor of Mr. Toberoff, and the other has only recently been filed, is barred on numerous grounds and has not resulted in any adverse determination whatsoever. *See* Reply Declaration of Marc Toberoff ("Tob. Reply Decl"), ¶¶ 2, 8-13. Such unrelated lawsuits are no more relevant to the instant case than the fact that Declarant himself has been sued for misconduct, *see Benasra v. Mitchell Silberberg & Knupp LLP*, 123 Cal.App.4th 1179 (2004), or that O'Melveny has been sued numerous times. *See generally*, *Davis v. O'Melveny & Myers*, 485 F.3d 1066 (9th Cir. Cal. 2007); *FDIC v. O'Melveny & Myers*, 61 F.3d 17 (9th Cir. Cal.

1995).[1]  We note this solely to illustrate how meaningless and outrageous Declarant's

smear tactics really are.  As DC's complaint and FAC in the instant case reveal,

lawsuits are easy to file, but hard to prove.  Unproven allegations in unrelated lawsuits

have no place in these motions or in a declaration, as Declarant well knows.

3.    At every turn the Declaration runs afoul of Local Rule 7-7's admonition

that "[d]eclarations shall only contain factual, evidentiary matter and shall conform as

far as possible to the requirements of F.R.C.P. 56(e)."  *Id.*  F.R.C.P. 56(e) provides that

a "supporting or opposing affidavit must be made on personal knowledge, set out facts

that would be admissible in evidence, and show that the affiant is competent to testify

on the matters stated."  *Id.*  Here, the Declaration is rife with testimony for which

Declarant lacks personal knowledge, and depends largely on improper argument and

hearsay (F.R.E. 802).  Declarations must "state *facts* that would be admissible evidence

(rather than hearsay statements by others, or the declarant's opinions or conclusions)."

Schwarzer, Tashima & Wagstaffe, *Federal Civil Procedure Before Trial* § 12:57

(Rutter Group 2009) (emphasis in original).  *See Tri-Valley Cares v. Department of

Energy*, 203 Fed. Appx. 105, 108 (9th Cir. 2006) (affirming the exclusion of

declarations that "contained impermissible legal conclusions, opinions from lay

witness, or political statements"); *Sears Sav. Bank v. Insurance Co. of N. Am.*, 1994

U.S. App. LEXIS 37256, at *3 (9th Cir. 1994) (affirming the exclusion of declaration

because it "offer[ed] conclusory legal opinion rather than personal knowledge").  *See*

*also*  Scheduling and Case Management Order for Cases Assigned to Judge Otis D.

Wright II, § 6(d)(ii) (for summary judgment motions, "[t]he Court will accept

counsel's authentication of deposition transcripts, written discovery responses, and the

---

[1]  Warner Bros. has also been the subject of numerous adverse lawsuits. *See generally*, *Ladd v.
Warner Bros. Entm't, Inc.*, 184 Cal. App. 4th 1298 (2010), *review denied*, 2010 Cal. LEXIS
7780 (Cal. Aug. 11, 2010); *Tolkien v. New Line Cinema Corp.*, No. BC385294 (Cal. Sup. Ct.
filed February 11, 2008); *Twentieth Century Fox Film Corp. v. Warner Bros. Entm't, Inc.*,
630 F. Supp. 2d 1140 (C.D. Cal. 2008); *Moonrunners Limited Partnership v. Time Warner,
Inc.*, 2005 U.S. Dist. LEXIS 41244 (C.D. Cal. Jun. 17, 2005).

receipt of documents in discovery if the fact that the document was in the opponent's possession is of independent significance.  Documentary evidence as to which there is no stipulation regarding foundation must be accompanied by the testimony, either by declaration or properly authenticated deposition transcript, of a witness who can establish its authenticity.").

4.    Defendants object generally to the Declaration as a clear violation of this Court's Standing Order limiting opposition papers to 25 pages as it often reads like a brief, both repeating and supplementing arguments made in plaintiff's opposition papers.  *See* Standing Order at ¶ 5(c).  Plaintiff's attempt to circumvent this Court's page limitations by smuggling argument into a declaration should not be countenanced.

5.    The Declaration is styled as being in support of DC's "Initial Opposition to Defendants' Motions to Dismiss and to Strike Under California's Anti-SLAPP Statute."  *See also* Petrocelli Decl., ¶ 2.  However, the submission of such an purported *evidentiary* declaration is improper in opposition to a FRCP 12(b)(6) motion to dismiss and the Court should not consider it for that purpose.

6.    Defendants object generally to the Declaration on the grounds that Declarant *selectively* quotes from documents and deposition transcripts, in a way that edits out the relevant context and misleadingly characterizes the underlying evidence. *See e.g.* Petrocelli Decl., ¶¶ 12-13, 17-18, 21-22, 27, 30-31, 35, 38, 41, 43-46, 48-49, 51.  This also constitutes inadmissible hearsay, as Declarant's edits substitute Declarant's views for the witnesses' testimony, such that Declarant is testifying as to the purported contents of deposition transcripts, orders and documents, which speak for themselves, rather than simply attaching the documents.  FRE 802, 1002.

7.    Defendants further object to the Declaration on the grounds that Declarant egregiously purports to discloses protected statements made during and/or in connection with the parties' settlement mediation in *Siegel v. Warner Bros. Ent., Inc.*, 04-CV-08400 ODW (RZx).  *See, e.g.*, Petrocelli Decl., ¶¶ 52, 53.  Such disclosures

1  willfully breach the parties' May 1, 2008 JAMS Confidentiality Agreement and must

2  be stricken.  *See* Docket No. 78 at 18:12-24:13.

3      8.      Defendants further object to the Declaration on the grounds that Declarant

4  purports to recite a "laundry list" of discovery that is allegedly needed to combat

5  Defendants' Anti-SLAPP Motion.  However, this is merely a summary of the

6  complaint's allegations, without making the necesssary showing as to what discovery

7  is specifically need to address the dispositive legal issues posed by the Anti-SLAPP

8  motion.  Decl., ¶¶ 54-56.  Defendants object to the paragraphs in the Declaration

9  arguing discovery matters in this case as they have no relevance to Defendants'

10  pending motions.  Petrocelli Decl., ¶¶ 5-9.  Declarant argues that Defendants have

11  stalled discovery in this case.  DC made the same arguments in opposition to

12  Defendants' motion to stay depositions until resolution of Defendants' pending

13  motions to dismiss and Anti-SLAPP motion.  Magistrate Zarefsky granted such relief

14  as requested by Defendants, staying discovery until at least November 15, 2010 to

15  allow time for this Court to resolve the motions.  Magistrate Zarefsky also expressly

16  stated that Judge Wright could further extend the time for discovery as needed.  Tob.

17  Reply Decl., Ex. A at 19-22.  Thus, there was no finding by Magistrate Zarefsky of

18  improper delay of any kind by Defendants.  Defendants respectfully refer the Court to

19  Docket Nos. 44, 58, DC's and Defendants' respective Motions regarding the timing of

20  this discovery, for a more detailed explanation regarding the baseless arguments in the

21  Declaration.

22      9.      Declarant also grossly mischaracterizes the proceedings before Magistrate

23  Zarefsky regarding the "Toberoff Timeline."  Petrocelli Decl., ¶ 7.  The only issue

24  before Magistrate Zarefsky on the "Toberoff Timeline" was whether there should be a

25  protective order barring use of this document in discovery.  Docket No. 42.  Magistrate

26  Zarefsky simply denied that request, stating "Judge Larson has indicated, ruled that the

27  letter has to be turned over.  And I'm not going to revisit that ruling.  And I'm not

28  going to voice an opinion as to whether I would have issued the same ruling…."  Tob,

6

Reply Decl., Ex. A at 55:24-56:3.   Magistrate Zarefsky was not asked to rule on the question of admissibility, which is not within the scope of the reference to him, and he made no statements whatsoever to suggest that this anonymous hearsay document is admissible.   Declarant also claims that Magistrate Zarefsky's ruling that "[t]here shall be no limit to the subject matter covered in the depositions" means DC can ask any question they want regarding the "Toberoff Timeline."   Magistrate Zarefsky plainly made no such ruling.   Rather, he declined to give categorical limits on topics to be covered, but reminded counsel not to repeat previous questioning:

> "I'm not going to impose a limit on the subjects to be covered in the depositions. Because I think that is essentially unworkable and only invites rancor at the depositions and essentially for the court to baby-sit the depositions. I will depend on counsel to not needlessly go over material that has been covered, even if it has been covered in another case, and focus on what is truly needed."

Tob. Reply Decl., Ex. A at 59:4-12.

10.     As to the "Toberoff Timeline," itself, Judge Larson's December 3, 2008 ruling that ordered its disclosure was mistaken, in large part due to DC's misleading statements to the Court.   On April 30, 2007, in the ruling on which Judge Larson based his disclosure order, Magistrate Zarefsky defined the term "escrow documents" to be co-extensive with the terms "Whistle-blower Documents" and "stolen documents." The terms "stolen documents" and "Whistle-blower Documents" both referred to the same thing, *i.e.*, the documents stolen from Mr. Toberoff's law firm, as distinct from the "cover letter." *See* Docket No. 42 at 17:4-25:10.   The Court's April 30, 2007 Order imposed various requirements and consequences with respect to the "escrow" documents, but none with respect to the separate "cover letter." *Id*. As Judge Larson's December 3, 2008 order was erroneously based on the premise that the April 30, 2007 Order had addressed the "Toberoff Timeline" and that "law of the case" therefore applied, Judge Larson's ruling was incorrect, and such ruling will be appropriately addressed on appeal.   *See* Docket No. 42 at 29:1-30:26.

7

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

11.     Declarant's reliance and recitation of the "Timeline" only adds to the document's lack of credibility.  Petrocelli Decl., ¶ 46, Ex. 31.  Declarant deliberately fails to mention in his declaration that the Cover Letter, which the attorney sent to Warner Bros.' General Counsel prior to June 28, 2006, in the midst of the *Siegel* Litigation, enclosed reams of privileged attorney-client documents stolen by the attorney from Mr. Toberoff's law firm.  Tob. Reply Decl., ¶¶ 14-15.  *See* Docket No. 42 at 8:13-28.  He fails to mention that the thief tried to use the stolen documents and his baseless accusations to persuade the Siegels to fire Toberoff and hire him, and that only after this scheme failed did the thief, in clear breach of his ethical duties, send the mudslinging "Timeline" and the Siegels' and Shusters' privileged documents to the opposing party's in-house legal team.  *Id*. at 8:7-12.  Declarant fails to acknowledge that the Timeline was written by someone with no percipient knowledge of any relevant events, and is obviously inadmissible for any purpose whatsoever.  Declarant cannot satisfy his Rule 11 ethical obligations by quoting from the Timeline.  *Anderson v. County of Montgomery*, 111 F.3d 494, 501 (7th Cir. 1997) (unreasonable to rely on untrustworthy source), overruled on other grounds, *DeWalt v. Carter*, 224 F.3d 607, 613-18 (7th Cir. 2000).

12.     In determining what weight to give Declarant's reliance on the Timeline, the Court should also consider that Mr. Toberoff is a member in good standing of the California State Bar, just as the Declarant is, and the New York State Bar has received widespread recognition for his work as a leading plaintiff's-side attorney in the area of copyright and entertainment litigation,.  Marc Toberoff has been called the "legal Man of Steel" and a "superhero to rights holders" by *Variety* and a "brilliant crusader for the little guy" by *The New York Times*.  Toberoff Decl., ¶¶ 4-13 Exs. B-F. In 2008, 2009 and 2010, Mr. Toberoff was consistently selected as one of the most influential entertainment litigators in the country by *The Hollywood Reporter*. *Id*., Exs., E-F. In 2009, Mr. Toberoff was honored by *Variety* as a top entertainment Dealmaker. *Id*., Ex. B.  Mr. Toberoff was a speaker at the USC Gould School of Law - Beverly Hills Bar

Association 2009 Institute on Entertainment Law and Business. *Id.*, ¶ 8. Mr. Toberoff
was also the judge in November 2009 of the semi-finals at the prestigious National
Entertainment Law Moot Court Competition. *Id.*

## Specific Objections

Defendants submit the following additional objections to the Declaration

| EVIDENCE | OBJECTION |
|---|---|
| 1. Declaration of Daniel M. Petrocelli ("Petrocelli Decl."), ¶ 3. | 1.  Declarant's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court. <br><br> Hearsay, as Declarant is testifying as to the purported contents of documents and orders in the record, which speak for themselves. FRE 802, 1002. <br><br> Irrelevant, self serving and prejudicial. FRE 401, 403. |
| 2. Petrocelli Decl., ¶ 4. | 2. Declarant's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, |

| | |
|---|---|
| | 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Declarant is testifying as to the purported contents of a document in the record, which speaks for itself. FRE 802, 1002.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. |
| 3. Petrocelli Decl., ¶ 5. | 3.  Declarant's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Declarant is testifying as to the purported contents of documents, which speak for themselves. FRE 802, 1002.  Defendants further object to the abbreviated summaries of the referenced documents as misconstruing the contents of the documents as a whole. |

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

| | |
|---|---|
| | Irrelevant, self serving and prejudicial. FRE 401, 403. |
| 4.  Petrocelli Decl., ¶ 6. | 4. Declarant's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.  Hearsay, as Declarant is testifying as to the purported contents of documents, which speak for themselves. FRE 802, 1002.  Defendants further object to the abbreviated summaries of the referenced documents as misconstruing the contents of the documents as a whole. <br><br> Irrelevant, self serving and prejudicial. FRE 401, 403. |
| 5.  Petrocelli Decl., ¶ 7 & Exhibit 39. | 5.  Lack of foundation. Lack of personal knowledge. FRE 602. <br><br> Declarant's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, |

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

| | |
|---|---|
| | speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Declarant is testifying as to the purported contents of documents, which speak for themselves. FRE 802, 1002.  Defendants further object to the abbreviated summaries of the referenced documents as misconstruing the contents of the documents as a whole.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403.<br><br>**Exhibit 39**:  Hearsay, FRE 801, 802. Irrelevant, self serving and prejudicial. FRE 401, 403. |
| 6.   Petrocelli Decl., ¶ 8. | 6. Declarant's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court. |

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

| | |
|---|---|
| | Hearsay, as Declarant is testifying as to the purported contents of documents, which speak for themselves. FRE 802, 1002.  Defendants further object to these abbreviated summaries of the referenced documents as misconstruing the content of the document as a whole.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. |
| 7. Petrocelli Decl., ¶ 9. | 7.   Declarant's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Declarant is testifying as to the purported contents of documents, which speak for themselves. FRE 802, 1002.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. |

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

| | |
|---|---|
| 8. Petrocelli Decl., ¶ 10 & Exhibit 1 | 8.  Lack of foundation.  Lack of personal knowledge.  FRE 602.

Declarant's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.

Hearsay, as Declarant is testifying as to the purported contents of a document, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced document as misconstruing the content of the document as a whole.

Irrelevant, self serving and prejudicial. FRE 401, 403.

**Exhibit 1**: Lack of foundation, FRE 602. Hearsay, FRE 801, 802.  Irrelevant, self serving and prejudicial.  FRE 401, 403. |
| 9. Petrocelli Decl., ¶ 11 & Exhibit 2. | 9.   Lack of foundation. Lack of personal |

| | |
|---|---|
| | knowledge. FRE 602.<br><br>Declarant's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Declarant is testifying as to the purported contents of a document, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced document as misconstruing the content of the document as a whole.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403.<br><br>**Exhibit 2**: Lack of foundation, FRE 602. Hearsay, FRE 801, 802.  Irrelevant, self serving and prejudicial.  FRE 401, 403. |
| 10. Petrocelli Decl., ¶ 12 & Exhibit 3 | 10.   Lack of foundation. Lack of personal knowledge. FRE 602. |

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

Declarant's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.

Hearsay, as Declarant is testifying as to the purported contents of a document, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced document as misconstruing the content of the document as a whole.

Double hearsay, as Declarant is testifying as to the purported statements made by an individual to another individual within the document within the document. FRE 802, 1002.

Impermissible character evidence.  FRE 404.

Irrelevant, self serving and prejudicial.

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

| | |
|---|---|
| | FRE 401, 403.<br><br>**Exhibit 3**: Lack of foundation, FRE 602. Hearsay, FRE 801, 802.  Irrelevant, self serving and prejudicial.  FRE 401, 403. |
| 11. Petrocelli Decl., ¶ 13 & Exhibit 4. | 11. Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Declarant's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Declarant is testifying as to the purported contents of a document, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced document as misconstruing the content of the document as a whole.<br><br>Double hearsay, as Declarant is testifying as to the purported statements made by an |

| | |
|---|---|
| | individual to another individual within the document within the document. FRE 802, 1002.

Impermissible character evidence.  FRE 404.

Irrelevant, self serving and prejudicial. FRE 401, 403.

**Exhibit 4**: Lack of foundation, FRE 602. Hearsay, FRE 801, 802. Impermissible character evidence.  FRE 404. Irrelevant, self serving and prejudicial. FRE 401, 403. |
| 12. Petrocelli Decl., ¶ 14 & Exhibits 5, 6. | 12. Lack of foundation. Lack of personal knowledge. FRE 602.

Declarant's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court. |

| | |
|---|---|
| | Hearsay, as Declarant is testifying as to the purported contents of documents, which speak for themselves. FRE 802, 1002.<br><br>Impermissible character evidence.  FRE 404.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403.<br><br>**Exhibit 5**: Lack of foundation, FRE 602. Hearsay, FRE 801, 802. Irrelevant, self serving and prejudicial.  FRE 401, 403, 404.<br><br>**Exhibit 6**: Lack of foundation, FRE 602. Hearsay, FRE 801, 802. Irrelevant, self serving and prejudicial.  FRE 401, 403, 404. |
| 13. Petrocelli Decl., ¶ 15. | 13.   Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Declarant's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, |

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

| | |
|---|---|
| | speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Declarant is testifying as to the purported contents of a document, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced document as misconstruing the content of the document as a whole.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. |
| 14. Petrocelli Decl., ¶ 16 & Exhibit 8. | 14.  Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Declarant's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court. |

| | |
|---|---|
| | Hearsay, as Declarant is testifying as to the purported content of a document, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced document as misconstruing the content of the document as a whole.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403.<br><br>**Exhibit 8**: Lack of foundation, FRE 602. Hearsay, FRE 801, 802.  Irrelevant, self serving and prejudicial.  FRE 401, 403. |
| 15. Petrocelli Decl., ¶ 17. | 15.   Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Hearsay, as Declarant is testifying as to the purported contents of documents, which speak for themselves. FRE 802, 1002.  Defendants further object to this abbreviated summary of the referenced document as misconstruing the content of the document as a whole.<br><br>Irrelevant, self serving and prejudicial. |

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

| | |
|---|---|
| | FRE 401, 403. |
| 16. Petrocelli Decl., ¶ 18. | 16.   Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Hearsay, as Declarant is testifying as to the purported content of a document, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced document as misconstruing the content of the document as a whole.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. |
| 17. Petrocelli Decl., ¶ 19. | 17. Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Hearsay, as Declarant is testifying as to the purported content of a document, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced document as misconstruing the content of the document as a whole. |

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

| | |
|---|---|
| | Irrelevant, self serving and prejudicial. FRE 401, 403. |
| 18. Petrocelli Decl., ¶ 20. | 18. Lack of foundation. Lack of personal knowledge. FRE 602. |
| | Declarant's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court. |
| | Hearsay, as Declarant is testifying as to the purported content of a document, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced document as misconstruing the content of the document as a whole. |
| | Irrelevant, self serving and prejudicial. FRE 401, 403. |
| 19. Petrocelli Decl., ¶ 21. | 19. Lack of foundation. Lack of personal knowledge. FRE 602. |

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

| | |
|---|---|
| | Declarant's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.

Hearsay, as Declarant is testifying as to the purported content of a document, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced document as misconstruing the content of the document as a whole.

Irrelevant, self serving and prejudicial. FRE 401, 403. |
| 20. Petrocelli Decl., ¶ 22. | 20.  Lack of foundation. Lack of personal knowledge. FRE 602.

Declarant's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, |

| | |
|---|---|
| | 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Declarant is testifying as to the purported content of documents, which speak for themselves. FRE 802, 1002.  Defendants further object to the abbreviated summaries of the referenced documents as misconstruing the contents of the documents as a whole.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. |
| 21. Petrocelli Decl., ¶ 23. | 21.   Lack of foundation. Lack of personal knowledge.  FRE 602.<br><br>Declarant's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Declarant is testifying as to |

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

| | |
|---|---|
| | the purported content of a document, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced document as misconstruing the content of the document as a whole.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403.<br><br>Defendants further object on the basis the document discussed was marked confidential pursuant to a protective order in the closely related action *Joanne Siegel, et al. v. Warner Bros., et al.*, 04-CV-8400 ODW (RZx). |
| 22. Petrocelli Decl., ¶ 24. | 22. Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Declarant's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be |

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

| | |
|---|---|
| | considered by the Court.<br><br>Hearsay, as Declarant is testifying as to the purported content of a deposition transcript, which speaks for itself. FRE 802, 1002.  Defendants further object to this abbreviated summary of the referenced deposition transcript as misconstruing the content of the deposition transcript as a whole.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. |
| 23. Petrocelli Decl., ¶ 25. | 23. Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Declarant's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Declarant is testifying as to the purported content of a document, |

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

| | |
|---|---|
| | which speaks for itself. FRE 802, 1002.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. |
| 24. Petrocelli Decl., ¶ 26. | 24. Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Declarant's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court. |
| 25. Petrocelli Decl., ¶ 27 & Exhibit 37 | 25.  Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Declarant's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court. |

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

| | Hearsay, as Declarant is testifying as to the purported content of a document, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced document as misconstruing the content of the document as a whole.

Irrelevant, self serving and prejudicial and improperly discloses confidential settlement discussions  FRE 401, 403, 408.

**Exhibit 37**: Lack of foundation, FRE 602. Hearsay, FRE 801, 802.  Irrelevant, self serving and prejudicial.  FRE 401, 403. |
| --- | --- |
| 26. Petrocelli Decl., ¶ 28 & Exhibit 16. | 26.    Lack of foundation. Lack of personal knowledge. FRE 602.

Declarant's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be |

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

| | |
|---|---|
| | considered by the Court.<br><br>Hearsay, as Declarant is testifying as to the purported content of a document, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced document as misconstruing the content of the document as a whole.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403.<br><br>**Exhibit 16**: Lack of foundation, FRE 602. Hearsay, FRE 801, 802.  Irrelevant, self serving and prejudicial.  FRE 401, 403. |
| 27. Petrocelli Decl., ¶ 29 & Exhibits 17, 18, 19. | 27.   Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Declarant's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court. |

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

| | |
|---|---|
| | Hearsay, as Declarant is testifying as to the purported content of documents, which speak for themselves. FRE 802, 1002.  Defendants further object to the abbreviated summaries of the referenced documents as misconstruing the contents of the documents as a whole.<br><br>Irrelevant, self serving and prejudicial.  FRE 401, 403.<br><br>**Exhibit 17**: Lack of foundation, FRE 602.  Hearsay, FRE 801, 802.  Irrelevant, self serving and prejudicial.  FRE 401, 403.<br><br>**Exhibit 18**: Lack of foundation, FRE 602.  Hearsay, FRE 801, 802.  Irrelevant, self serving and prejudicial.  FRE 401, 403.<br><br>**Exhibit 19**: Lack of foundation, FRE 602.  Hearsay, FRE 801, 802.  Irrelevant, self serving and prejudicial.  FRE 401, 403. |
| 28. Petrocelli Decl., ¶ 30 & Exhibit 22 | 28. Lack of foundation. Lack of personal knowledge. FRE 602. |

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

| | |
|---|---|
| | Declarant's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.

Hearsay, as Declarant is testifying as to the purported content of a document, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced document as misconstruing the content of the document as a whole.

Irrelevant, self serving and prejudicial. FRE 401, 403.

**Exhibit 22**: Lack of foundation, FRE 602. Hearsay, FRE 801, 802.  Irrelevant, self serving and prejudicial.  FRE 401, 403. |
| 29. Petrocelli Decl., ¶ 31 & Exhibit 23. | 29.    Lack of foundation. Lack of personal knowledge. FRE 602.

Declarant's statements are not factual |

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

| | evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.

Hearsay, as Declarant is testifying as to the purported content of a document, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced document as misconstruing the content of the document as a whole.

Irrelevant, self serving and prejudicial. FRE 401, 403.

**Exhibit 23**: Lack of foundation, FRE 602. Hearsay, FRE 801, 802.  Irrelevant, self serving and prejudicial.  FRE 401, 403. |
| --- | --- |
| 30. Petrocelli Decl., ¶ 32. | 30.  Lack of foundation. Lack of personal knowledge. FRE 602.

Declarant's statements are not factual evidence, but conclusory statements |

| | |
|---|---|
| | consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Declarant is testifying as to the purported content of a document, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced document as misconstruing the content of the document as a whole.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. |
| 31. Petrocelli Decl., ¶ 33. | 31.  Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Declarant's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court. |

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

| | |
|---|---|
| | Hearsay, as Declarant is testifying as to the purported content of a deposition transcript, which speaks for itself. FRE 802, 1002.  Defendants further object to this abbreviated summary of the referenced deposition transcript as misconstruing the content of the deposition transcript as a whole. |
| | Irrelevant, self serving and prejudicial. FRE 401, 403. |
| 32. Petrocelli Decl., ¶ 34. | 32.    Lack of foundation. Lack of personal knowledge. FRE 602. |
| | Declarant's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court. |
| | Hearsay, as Declarant is testifying as to the purported content of a deposition transcript, which speaks for itself. FRE |

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

| | |
|---|---|
| | 802, 1002. Defendants further object to this abbreviated summary of the referenced deposition transcript as misconstruing the content of the deposition transcript as a whole. <br><br> Irrelevant, self serving and prejudicial. FRE 401, 403. |
| 33. Petrocelli Decl., ¶ 35 & Exhibit 25. | 33. Lack of foundation. Lack of personal knowledge. FRE 602. <br><br> Declarant's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court. <br><br> Hearsay, as Declarant is testifying as to the purported content of a document, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced document as misconstruing the content of the document as a whole. |

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

| | |
|---|---|
| | Irrelevant, self serving and prejudicial. FRE 401, 403.<br><br>**Exhibit 25**: Lack of foundation, FRE 602. Hearsay, FRE 801, 802.  Irrelevant, self serving and prejudicial.  FRE 401, 403. |
| 34. Petrocelli Decl., ¶ 36 & Exhibit 26. | 34.    Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Declarant's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Declarant is testifying as to the purported content of a document, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced document as misconstruing the content of the document as a whole. |

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

| | |
|---|---|
| | Irrelevant, self serving and prejudicial. FRE 401, 403.<br><br>**Exhibit 26**: Lack of foundation, FRE 602. Hearsay, FRE 801, 802. Irrelevant, self serving and prejudicial. FRE 401, 403. |
| 35. Petrocelli Decl., ¶ 37. | 35.    Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Declarant's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Declarant is testifying as to the purported content of a document, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced document as misconstruing the content of the document as a whole.<br><br>Irrelevant, self serving and prejudicial. |

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

| | |
|---|---|
| | FRE 401, 403. |
| 36. Petrocelli Decl., ¶ 38. | 36.    Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Declarant's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Declarant is testifying as to the purported contents of documents, which speak for themselves. FRE 802, 1002.  Defendants further object to these abbreviated summaries of the referenced documents as misconstruing the contents of the documents as a whole.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. |
| 37. Petrocelli Decl., ¶ 39 & Exhibit 29. | 37.    Lack of foundation. Lack of personal knowledge. FRE 602. |

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

Declarant's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.

Hearsay, as Declarant is testifying as to the purported content of a declaration, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced declaration as misconstruing the content of the declaration as a whole.

Double hearsay, as Declarant is testifying as to the purported statements made by an individual to the declarant within the declaration. FRE 802, 1002.

Irrelevant, self serving and prejudicial. FRE 401, 403.

**Exhibit 29**: Lack of foundation, FRE 602. Hearsay, FRE 801, 802.  Irrelevant, self serving and prejudicial.  FRE 401, 403.

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

| | |
|---|---|
| 38. Petrocelli Decl., ¶ 40. | 38.  Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Declarant's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Declarant is testifying as to the purported content of a deposition transcript, which speaks for itself. FRE 802, 1002.  Defendants further object to this abbreviated summary of the referenced deposition transcript as misconstruing the content of the deposition transcript as a whole.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. |
| 39. Petrocelli Decl., ¶ 41. | 39.   Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Declarant's statements are not factual |

| | |
|---|---|
| | evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court. |
| | Hearsay, as Declarant is testifying as to the purported content of a deposition transcript, which speaks for itself. FRE 802, 1002.  Defendants further object to this abbreviated summary of the referenced deposition transcript as misconstruing the content of the deposition transcript as a whole. |
| | Irrelevant, self serving and prejudicial. FRE 401, 403. |
| 40. Petrocelli Decl., ¶ 42. | 40.  Lack of foundation. Lack of personal knowledge. FRE 602. |
| | Declarant's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not |

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

| | |
|---|---|
| | constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Declarant is testifying as to the purported content of a document, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced document as misconstruing the content of the document as a whole.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. |
| 41. Petrocelli Decl., ¶ 43. | 41.    Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Declarant's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Declarant is testifying as to the purported content of a deposition |

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

| | |
|---|---|
| | transcript, which speaks for itself. FRE 802, 1002.  Defendants further object to this abbreviated summary of the referenced deposition transcript as misconstruing the content of the deposition transcript as a whole. |
| | Irrelevant, self serving and prejudicial. FRE 401, 403. |
| 42. Petrocelli Decl., ¶ 44. | 42.    Lack of foundation. Lack of personal knowledge. FRE 602. |
| | Declarant's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court. |
| | Hearsay, as Declarant is testifying as to the purported content of a deposition transcript, which speaks for itself. FRE 802, 1002.  Defendants further object to this abbreviated summary of the referenced deposition transcript as |

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

| | |
|---|---|
| | misconstruing the content of the deposition transcript as a whole. |
| | Irrelevant, self serving and prejudicial. FRE 401, 403. |
| 43. Petrocelli Decl., ¶ 45. | 43.   Lack of foundation. Lack of personal knowledge. FRE 602. |
| | Declarant's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court. |
| | Hearsay, as Declarant is testifying as to the purported content of a deposition transcript, which speaks for itself. FRE 802, 1002.  Defendants further object to this abbreviated summary of the referenced deposition transcript as misconstruing the content of the deposition transcript as a whole. |
| | Irrelevant, self serving and prejudicial. |

| | |
|---|---|
| | FRE 401, 403. |
| 44. Petrocelli Decl., ¶ 46 & Exhibit 31. | 44.    Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Impermissible character evidence.  FRE 404.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403.<br><br>**Exhibit 31**: Lack of foundation, authentication. FRE 602, 901.  Hearsay, FRE 801, 802. Impermissible character evidence.  FRE 404.  Irrelevant, self serving and prejudicial.  FRE 401, 403.<br><br>The document improperly discloses privileged and confidential information, and its improper use by DC Comics in the related action of *Joanne Siegel, et al., v. Warner Bros., et al.*, 04-CV-8400 ODW (RZx) is subject to an appeal.  *See* ¶¶ 11-12, *supra*. |
| 45. Petrocelli Decl., ¶ 47. | 45.    Lack of foundation. Lack of personal knowledge. FRE 602. |

| | |
|---|---|
| | This is not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403, 404. |
| 46. Petrocelli Decl., ¶ 48. | 46.    Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Hearsay, as Declarant is testifying as to the purported content of a document, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced document as misconstruing the content of the document as a whole.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. |
| 47. Petrocelli Decl., ¶ 49 & Exhibit | 47.    Lack of foundation. Lack of personal |

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

| | |
|---|---|
| 36. | knowledge. FRE 602.<br><br>Hearsay, as Declarant is testifying as to the purported contents of documents, which speak for themselves. FRE 802, 1002.  Defendants further object to the abbreviated summaries of the referenced documents as misconstruing the contents of the documents as a whole.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403.<br><br>**Exhibit 36**: Lack of foundation, FRE 602. Hearsay, FRE 801, 802.  Irrelevant, self serving and prejudicial.  FRE 401, 403. |
| 48. Petrocelli Decl., ¶ 50. | 48.    Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Declarant's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court. |

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

| | |
|---|---|
| | Hearsay, as Declarant is testifying as to the purported content of a document, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced document as misconstruing the content of the document as a whole.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403.<br><br>Defendants further object on the basis the document in question was marked "confidential" pursuant to a protective order in the  closely related action *Joanne Siegel, et  al. v. Warner Bros., et al.*, 04-CV-8400 ODW (RZx). |
| 49. Petrocelli Decl., ¶ 51. | 49.  Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Hearsay, as Declarant is testifying as to the purported contents of documents, which speak for themselves. FRE 802, 1002.  Defendants further object to the abbreviated summaries of the referenced |

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

| | |
|---|---|
| | documents as misconstruing the contents of the documents as a whole.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. |
| 50. Petrocelli Decl., ¶ 52 & Exhibit 20. | 50.    Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Defendants further object on the grounds that this testimony deliberately violates the parties May 1, 2008 JAMS Confidentiality Agreement as well as FRE 408. *See* Docket No. 78 at 18:12-24:13.<br><br>Declarant's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Declarant is testifying as to the purported contents of documents, which speak for themselves. FRE 802, 1002.  Defendants further object to the |

| | |
|---|---|
| | abbreviated summaries of the referenced documents as misconstruing the contents of the documents as a whole.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. |
| 51. Petrocelli Decl., ¶ 53. | 51.    Defendants further object on the grounds that this testimony deliberately violates the parties May 1, 2008 JAMS Confidentiality Agreement as well FRE 408. *See* Docket No. 78 at 18:12-24:13.<br><br>Declarant 's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Declarant is testifying as to the purported contents of a settlement mediation. FRE 802, 1002.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. |

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

| | |
|---|---|
| 52. Petrocelli Decl., ¶ 54. | 52. Declarant's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>This paragraph impermissibly contains additional arguments outside of Plaintiff's opposition to Defendants' Anti-SLAPP motion in violation of paragraph 5(c) of this Court's Standing Order.<br><br>Moreover, Declarant purports to recite the "laundry list" of discovery that is allegedly needed, without making any showing what discovery has already occurred on these topics or how it is relevant to any of the specific factual issues addressed in the Anti-SLAPP motion. *See* ¶ 8, *supra*. |
| 53. Petrocelli Decl., ¶ 55. | 53.    Declarant's statements are not factual evidence, but conclusory statements consisting of inadmissible |

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

| | |
|---|---|
| | opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>This paragraph impermissibly contains additional arguments outside of Plaintiff's opposition to Defendants' Anti-SLAPP motion in violation of paragraph 5(c) of this Court's Standing Order.<br><br>Moreover, Declarant purports to recite the "laundry list" of discovery that is allegedly needed, without making any showing what discovery has already occurred on these topics or how it is relevant to any of the specific factual issues addressed in the Anti-SLAPP motion. *See* ¶ 8, *supra*. |
| 54. Petrocelli Decl., ¶ 56. | 54.    Declarant's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court. |

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

| | |
|---|---|
| | This paragraph impermissibly contains additional arguments outside of Plaintiff's opposition to Defendants' Anti-SLAPP motion in violation of paragraph 5(c) of this Court's Standing Order.<br><br>Moreover, Declarant purports to recite the "laundry list" of discovery that is allegedly needed, without making any showing what discovery has already occurred on these topics or how it is relevant to any of the specific factual issues addressed in the Anti-SLAPP motion. |

DATED: March 29, 2010          TOBEROFF & ASSOCIATES, P.C.


                                By   /s/ Marc Toberoff
                                       Marc Toberoff

                                Attorneys for Defendants Mark Warren
                                Peary, as personal representative of the Estate
                                of Joseph Shuster, Jean Adele Peavy and
                                Laura Siegel Larson


Dated:  March 29, 2010          KENDALL BRILL & KLIEGER LLP


                                By  /s/ Richard B. Kendall
                                    Attorneys for Defendants Marc Toberoff,  Pacific
                                    Pictures Corporation, IP Worldwide, LLC, and
                                    IPW, LLC

54