DANIEL M. PETROCELLI (S.B. #097802)
  dpetrocelli@omm.com
MATTHEW T. KLINE (S.B. #211640)
  mkline@omm.com
CASSANDRA L. SETO (S.B. #246608)
  cseto@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA  90067-6035
Telephone:   (310) 553-6700
Facsimile:    (310) 246-6779

PATRICK T. PERKINS (admitted *pro hac vice*)
  pperkins@ptplaw.com
PERKINS LAW OFFICE, P.C.
1711 Route 9D
Cold Spring, NY 10516
Telephone:   (845) 265-2820
Facsimile:    (845) 265-2819

Attorneys for Plaintiff DC Comics

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DC COMICS,<br><br>        Plaintiff,<br><br>    v.<br><br>PACIFIC PICTURES CORPORATION, IP WORLDWIDE, LLC, IPW, LLC, MARC TOBEROFF, an individual, MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER, JEAN ADELE PEAVY, an individual, JOANNE SIEGEL, an individual, LAURA SIEGEL LARSON, an individual, and DOES 1-10, inclusive,<br><br>        Defendants. | Case No. CV 10-3633 ODW (RZx)<br><br>**DISCOVERY MATTER**<br><br>**[REDACTED] DC COMICS' COURT-ORDERED SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND AMENDED PRIVILEGE LOGS**<br><br>**AN UNREDACTED VERSION OF THIS BRIEF HAS BEEN SEPARATELY LODGED PROVISIONALLY UNDER SEAL AND IS THE SUBJECT OF A SEAL APPLICATION PURSUANT TO LOCAL RULE 79-5.1**<br><br>**Judge**:      Hon. Otis D. Wright II<br>**Magistrate**:   Hon. Ralph Zarefsky |

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................ 1

II.   FACTUAL BACKGROUND .............................................................. 2

III.  NONE OF THE REQUIREMENTS FOR ISSUE PRECLUSION HAS BEEN SATISTIED .............................................................................. 4

    A.    There Has Been No Final Judgment As To The *Siegel* Court's Interlocutory Discovery Ruling ............................................... 4

    B.    The *Siegel* Court's Discovery Ruling Was Not "Essential" To The Rule 54(b) Judgment .......................................................... 6

    C.    The Facts And Issues Underlying This Case Are Far From "Identical" To Those In *Siegel* ................................................ 7

    D.    DC Did Not "Actually Litigate"—Or Have A "Full And Fair Opportunity" To Litigate—The Issues In *Siegel* ................ 10

IV.   CONCLUSION ................................................................................. 11

# TABLE OF AUTHORITIES

## CASES

*Arizona v. California*,
460 U.S. 605 (1983) ............................................................................. 6

*Baby Dolls Topless Saloons, Inc. v. City of Dallas*,
295 F.3d 471 (5th Cir. 2002) ............................................................... 8

*Banner v. U.S.*,
238 F.3d 1348 (Fed. Cir. 2001) ......................................................... 10

*Black Ass'n of New Orleans Fire Fighters v. City of New Orleans*,
911 F.2d 1063 (5th Cir. 1990) ............................................................ 5

*Carter v. U.S.*,
973 F.2d 1479 (9th Cir. 1992) ......................................................... 7, 8

*City of Los Angeles v. Santa Monica Baykeeper*,
254 F.3d 882 (9th Cir. 2001) ............................................................. 6

*Davis & Cox v. Summa Corp.*,
751 F.2d 1507 (9th Cir. 1985) ........................................................ 11

*Donovan v. Comm. Union Uns. Co.*,
44 Mass. App. Ct. 596 (1998) ......................................................... 11

*Fair Housing Council v. Mercury, Peerless Publ'ns, Inc.*,
1999 WL 93576 (E.D. Pa. Feb. 1, 1999)............................................ 8

*Fund for Animals, Inc. v. Lujan*,
962 F.2d 1391 (9th Cir. 1992) ........................................................... 7

*Genchev v. Detroit Diesel Corp.*,
2008 U.S. Dist. LEXIS 77033 (S.D. Cal. Oct. 2, 2008)................... 11

*Grisham v. Philip Morris, Inc.*,
670 F. Supp. 2d 1014 (C.D. Cal. 2009)............................................. 6

*Guerra v. Paramo*,
251 Fed. Appx. 424 (9th Cir. 2007) ................................................. 6

*Guzowski v. Hartman*,
849 F.2d 252 (6th Cir. 1988) ........................................................... 10

*Hasalia v. Walker*,
416 B.R. 449 (W.D.N.C. 2009) ....................................................... 10

*Henry v. Chapa*,
2009 WL 1748697 (E.D. Cal. June 19, 2009).................................. 10

*Hybert v. Shearson Lehman/Am. Express, Inc.*,
688 F. Supp. 320 (N.D. Ill. 1988).................................................... 10

*In re Corey*,
394 B.R. 519 (10th Cir. 2008).......................................................... 10

*In re Marshall*,
600 F.3d 1037 (9th Cir. 2010) ......................................................... 10

*In re Microsoft Antitrust Litig.*,
355 F.3d 322 (4th Cir. 2004)............................................................. 6

COURT-ORDERED SUPPLEMENTAL
BRIEF RE: DC'S MOTION TO COMPEL

*M.A. Mortensen Co. v. U.S.*,
     877 F.2d 50 (Fed. Cir. 1989) ................................................................. 5

*Maciel v. C.I.R.*,
     489 F.3d 1018 (9th Cir. 2007) ........................................................... 1, 9

*Medhekar v. U.S. Dist. Ct.*,
     99 F.3d 325 (9th Cir. 1996) ................................................................. 5

*Minebea Co., Ltd. v. Papst*,
     355 F. Supp. 2d 526 (D.D.C. 2005) ..................................................... 8

*Montana v. U.S.*,
     440 U.S. 147 (1979) .................................................................... 2, 7, 8

*Mulay Plastics, Inc. v. Grand Trunk W. R.R. Co.*,
     742 F.2d 369 (7th Cir. 1984) ............................................................... 5

*Parklane Hosiery Co. v. Shore*,
     439 U.S. 322 (1979) ........................................................................... 10

*Pyramid Lake Paiute Tribe of Indians v. Hodel*,
     882 F.2d 364 (9th Cir. 1989) ............................................................... 5

*Segal v. Am. Tel. & Tel. Co.*,
     606 F.2d 842 (9th Cir. 1979) ............................................................... 6

*SG Cowen Sec. Corp. v. U.S. Dist. Ct.*,
     189 F.3d 909 (9th Cir. 1999) ............................................................... 4

*Sports Factory, Inc. v. Chanoff*,
     586 F. Supp. 342 (E.D. Pa. 1984) ..................................................... 11

*St. Paul Fire & Marine Ins. Co. v. F.H.*,
     55 F.3d 1420 (9th Cir. 1995) ............................................................... 5

*Stone v. Williams*,
     970 F.2d 1043 (2d Cir. 1992) ........................................................... 8, 9

*Strand v. L.D. Trucking & Excavating, Inc.*,
     2001 Wash. App. LEXIS 805 (Wash. Ct. App. Apr. 16, 2001) ...................... 11

*Thomas v. Bible*,
     983 F.2d 152 (9th Cir. 1993) ............................................................... 6

*U.S. v. Martin*,
     278 F.3d 988 (9th Cir. 2002) ........................................................... 2, 8

*U.S. v. Sch. Dist. of Ferndale*,
     577 F.2d 1339 (6th Cir. 1978) ............................................................. 6

*Vardon Golf Co. v. Karsten Mfg. Corp.*,
     294 F.3d 1330 (Fed. Cir. 2002) ........................................................... 5

### OTHER AUTHORITIES

18 LAWRENCE B. SOLUM, MOORE'S FEDERAL PRACTICE
     § 132.02[2][e] (2011) ......................................................................... 7

RESTATEMENT (SECOND) OF JUDGMENTS § 13 (1982) ................................. 1, 4, 6

RESTATEMENT (SECOND) OF JUDGMENTS § 27 ........................................... 6

# I.    INTRODUCTION

DC's pending motion to compel seeks, among other documents, the production of one or more "consent agreements" barring the Siegel and Shuster heirs from freely entering into copyright agreements with DC, in violation of the Copyright Act.  The Court asked the parties to submit supplemental memoranda "addressing the applicability, if any, of the … doctrine of issue preclusion" to Judge Larson's discovery ruling in the *Siegel* case that defendants need not produce that document.  Docket No. 180.

To answer the Court's question:  the doctrine of issue preclusion does not apply for the simple reason that Judge Larson's discovery ruling has *never* been reduced to, or made a part of, or otherwise embraced by a "final judgment"—a prerequisite for preclusion.  *See* RESTATEMENT (SECOND) OF JUDGMENTS § 13 (1982).  While the Court in *Siegel* recently entered partial judgment on certain claims in *Siegel* under Rule 54(b) of the Federal Rule of Civil Procedure, that judgment did *not* encompass *any* discovery rulings—let alone the January 2009 discovery ruling at issue here.  The discovery order at issue was relevant to the *accounting claims* in the *Siegel* cases—claims that were *expressly excluded* from the Rule 54(b) motion and judgment.

Furthermore, issue preclusion applies only where an "identical issue" was "actually litigated" and "necessarily decided" in a prior action after the parties had a "full and fair opportunity" to present evidence and argument.  *Maciel v. C.I.R.*, 489 F.3d 1018, 1023 (9th Cir. 2007).  None of these criteria is met here.  In the *Siegel* case, DC filed a motion to compel production of the consent agreement more than two years after discovery had closed and weeks before a bench trial on the Siegels' alter-ego claims.  In their briefing, the parties referred to the consent agreement only as the "Withheld Document"—disclosing neither its nature or substance, nor the letter that described it as a **[REDACTED]**.  Given the "trial starting in a few weeks" over which he would preside, Judge Larson refused to examine the

1  "Withheld Document" or the letter disclosing it.  Instead, he denied DC's motion

2  based on "Toberoff's characterization of it as a privileged document, as an officer

3  of the court."  Docket No. 163 Ex. SS at 718:17-19, 724:9-11.

4       DC's pending motion in this case turns on issues not presented to or decided

5  by Judge Larson.  Defendants now concede, as they must, that the consent

6  agreement is *not* entirely privileged, but contains provisions prescribing agreements

7  among the Siegel and Shuster heirs restraining their ability to individually enter into

8  agreements with DC.  *See* Docket No. 100 at 7-8; 160 at 50-51, 3.  Such business

9  agreements and rights-dividing schemes are not privileged.  *Cf. U.S. v. Martin*, 278

10  F.3d 988, 999 (9th Cir. 2002).  Judge Larson never had occasion to address this set

11  of issues, including the copyright law and public policies that such agreements

12  violate and the key federal and state law governing mediation confidentiality.  Nor

13  did—or could—Judge Larson consider the applicability of DC's waiver arguments,

14  which are based on defendants' recent selective disclosures about the consent

15  agreements.  *See, e.g.*, Docket Nos. 100 at 7-8; 160 at 22-24, 24 n.7, 53-56.  In

16  short, because the facts, issues, claims, and parties in this case are different,

17  collateral estoppel does not apply.  *See Montana v. U.S.*, 440 U.S. 147, 159 (1979).

18  **II.    FACTUAL BACKGROUND**

19       The *Siegel* cases address the Siegels' attempt to terminate certain purported

20  copyright grants in Superman and Superboy.  In those cases, the Siegels sought a

21  declaration regarding their rights, as well as an accounting from DC for its

22  exploitation of the Superman and Superboy properties in recent years.  Discovery in

23  the *Siegel* cases was consolidated and closed on November 16, 2006.  Case No.

24  CV-04-8400, Docket No. 602 at 15.

25       Well after the close of discovery, the Siegels' counsel, Marc Toberoff,

26  disclosed to DC that the Siegel and Shuster heirs had entered into an agreement in

27  violation of the copyright termination statute that prevented either family from

28  settling their claims against DC **[REDACTED]**.  Docket No. 173, Ex. PP.  In

1  December 2008, DC filed a motion to compel the production of that agreement—

2  which, at Toberoff's insistence, DC referred to only as the "Withheld Document."

3  Case No. CV-04-8400, Docket No. 395 at 1.  Without disclosing its nature, DC

4  argued the "Withheld Document" was responsive to discovery requests it had

5  served and relevant to issues "in the upcoming accounting trial."  *Id.* at 5, 2-6.  The

6  Siegels argued the "Withheld Document" was privileged and had "absolutely no

7  relevance" to the claims in *Siegel*.  *Id.* at 2, 6-15.

8      Judge Larson declined to review the "Withheld Document" or Toberoff's

9  letter to DC describing it, explaining:  "I would rather not look at this letter myself,

10  particularly since we have a bench trial starting in a few weeks...."  Docket No. 163

11  Ex. SS at 718:17-19.  Thus, without knowing anything about the nature of the

12  "Withheld Document," Judge Larson denied DC's motion on the basis of

13  Toberoff's bare assertion, "as an officer of the court," that the document was

14  privileged.  *Id.* at 724:9-11.  In this January 2009 ruling made from the bench,

15  Judge Larson did not make any factual findings or provide any explanation of the

16  law.  Rather, he simply accepted counsel's representation that the document was

17  privileged—an asserted privilege that has since been waived.

18      On March 15, 2011, Judge Wright granted the Siegels' Rule 54(b) motion for

19  partial final judgment in the *Siegel* Superman case.  *See* Case No. CV-04-8400,

20  Docket No. 660.  The judgment certified as final the Siegels' First Claim for Relief,

21  which seeks declaratory relief as to the validity and scope of their termination

22  notice, and DC's First through Fourth Counterclaims, which allege that the Siegels'

23  Superman and Superboy termination notices are invalid.  *Id.*  DC disputes the

24  validity of the Court's Rule 54(b) judgment, for reasons explained in its oppositions

25  to defendants' motions.  *See* Case No. CV-04-8400, Docket Nos. 624, 655.  DC,

26  moreover, will move to dismiss the appeal once it is filed.

27      In this action, the consent agreements that Toberoff has engineered are

28  central components of DC's First, Third, Fourth, and Sixth Claims for Relief.  *See*

- 3 -

Am. Compl. ¶¶ 58-91, 129-33, 165-73.  Defendants have admitted—in publicly-filed briefs—that the 2008 consent agreement exists and limits the Siegel and Shuster heirs' ability to settle their claims with DC.  Docket Nos. 100 at 7-8; 174 at 22-24, 24 n.7.  Defendants, moreover, have *conceded* that previous consent agreements—which they contend no longer are in effect—violate the Copyright Act.  Docket Nos. 78 at 8; 90 at 16-24; 160 at 12; 147-1 at 8.  Importantly, defendants do not dispute that the 2008 consent agreement remains in effect to this very day.

## III.   NONE OF THE REQUIREMENTS FOR ISSUE PRECLUSION HAS BEEN SATISTIED.

### A.   There Has Been No Final Judgment As To The *Siegel* Court's Interlocutory Discovery Ruling.

The rules of preclusion apply "only when a final judgment is rendered." RESTATEMENT (SECOND) OF JUDGMENTS § 13 (1982).  Judge Larson's January 2009 discovery ruling has no preclusive effect because it has never been reduced to or embodied in a final judgment.  There has been no final judgment *of any kind* in the Superboy case.  And while Judge Wright recently entered partial final judgment under Rule 54(b) in the Superman case, that judgment applies only to certain specified claims and does not embrace all of Judge Larson's interim discovery rulings.

Judge Wright's Rule 54(b) judgment certifies as final the *Siegel* court's summary judgment and related orders "dated March 26, 2008 (Docket No. 293), August 12, 2009 (Docket No. 560), and October 30, 2009 (Docket No. 595)," which purportedly resolve plaintiffs' First Claim and DC's First through Fourth Counterclaims.  Case No. CV-04-8400, Docket No. 660 at 1.  The Rule 54(b) judgment makes *no reference* to Judge Larson's January 2009 discovery ruling. Nor could it.  Rule 54(b) applies only to orders disposing of entire claims or parties. *See SG Cowen Sec. Corp. v. U.S. Dist. Ct.*, 189 F.3d 909, 913 (9th Cir. 1999);

1    *Medhekar v. U.S. Dist. Ct.*, 99 F.3d 325, 326 (9th Cir. 1996).  Thus, courts refuse to

2    treat as final discovery orders, even when those discovery orders directly relate to

3    fully resolved claims certified under Rule 54, or even when the Rule 54 order itself

4    identifies the discovery order as finally resolved.  *See Black Ass'n of New Orleans*

5    *Fire Fighters v. City of New Orleans*, 911 F.2d 1063, 1065-66 (5th Cir. 1990)

6    (refusing to review discovery order even though "intimately related" to claim

7    certified for review); *Mulay Plastics, Inc. v. Grand Trunk W. R.R. Co.*, 742 F.2d

8    369, 370-71 (7th Cir. 1984) (trial court's Rule 54 certification of discovery order

9    "adds nothing").

10         As Judge Posner explained:  "The language of Rule 54(b) leaves little room

11    for doubt that it indeed is limited to substantive claims"—and cannot be extended

12    to interim orders.  *Mulay Plastics*, 742 F.2d at 371.  Any other rule would defy

13    "good sense," as an entire "class of interlocutory orders would be reviewable

14    prematurely."  *Id.*; *M.A. Mortensen Co. v. U.S.*, 877 F.2d 50, 51-52 (Fed. Cir.

15    1989); 10 CHARLES A. WRIGHT ET AL., FED. PRAC. & PROC. § 2658.4, at 100-01

16    (1998).  Defendants cannot credibly claim otherwise.  Not once in their two sets of

17    Rule 54(b) papers did they ever suggest that the Rule 54(b) judgment they sought

18    would encompass discovery rulings.

19         In the absence of a final judgment, Judge Larson's 2009 discovery order

20    remains interlocutory and carries no preclusive weight.  *See Pyramid Lake Paiute*

21    *Tribe of Indians v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir. 1989) (non-final order

22    has no preclusive effect); *Black Ass'n*, 911 F.2d at 1065; WRIGHT, *supra*, § 2661, at

23    155.  Interim orders are not "sufficiently firm" for issue preclusion to attach, as they

24    are "subject to revision at any time before the entry of judgment adjudicating all the

25    claims…."  *Vardon Golf Co. v. Karsten Mfg. Corp.*, 294 F.3d 1330, 1334 (Fed. Cir.

26    2002); *St. Paul Fire & Marine Ins. Co. v. F.H.*, 55 F.3d 1420, 1425 (9th Cir. 1995).

27    This is particularly true where, as here, the interlocutory order is not supported by a

28

1    thoroughly reasoned decision and the parties were not given an opportunity to be

2    "fully heard." *See infra* Part D.[1]

3    **B.    The *Siegel* Court's Discovery Ruling Was Not "Essential" To The**

4    **Rule 54(b) Judgment.**

5    In order for one court's ruling to bind another, the ruling must have been

6    "essential" to the final judgment in the prior action. RESTATEMENT, *supra*, § 27.  "If

7    issues are determined but the judgment is not dependent upon the determinations,

8    relitigation of those issues in a subsequent action between the parties is not

9    precluded.  Such determinations have the characteristics of dicta…." *Id.* § 13

10   cmt. h; *accord U.S. v. Sch. Dist. of Ferndale*, 577 F.2d 1339, 1349-50 (6th Cir.

11   1978); *Segal v. Am. Tel. & Tel. Co.*, 606 F.2d 842, 845 n.2 (9th Cir. 1979).  To

12   qualify as "essential," a ruling must have been "outcome determinative" in the prior

13   action.  *Grisham v. Philip Morris, Inc.*, 670 F. Supp. 2d 1014, 1031-32 (C.D. Cal.

14   2009).  It is not enough that the issues were "supportive of" the final judgment—

15   they must have been "critical," "indispensible," and "necessary." *In re Microsoft*

16   *Antitrust Litig.*, 355 F.3d 322, 326-28 (4th Cir. 2004).

17   Judge Larson's 2009 discovery ruling was not remotely relevant to the Rule

18   54(b) judgment—let alone "essential" to it.  The Rule 54(b) judgment certified

19   certain summary judgment rulings as final on issues such as "work made for hire"

20   and counterclaims based on statute-of-limitations and "settlement" defenses.  Case

21   No. CV-04-8400, Docket No. 660.  The March 26, 2008, summary judgment order

22   issued *nine months before* Judge Larson denied DC's motion to compel.  And Judge

23

---

24    [1] As DC explained in prior briefing, *e.g.*, Docket Nos. 160 at 25-26; 186 at 23-
25   24, the law-of-the-case doctrine is also "wholly inapposite" where the district court
     retains jurisdiction to reconsider its own interlocutory order.  *City of Los Angeles v.*
26   *Santa Monica Baykeeper*, 254 F.3d 882, 888 (9th Cir. 2001); *Guerra v. Paramo*,
     251 Fed. Appx. 424, 425 (9th Cir. 2007).  Moreover, "law of the case" applies only
27   where an issue "has already been decided by the same court, or a higher court *in the*
     *identical case.*"  *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993) (emphasis
28   added); *see also Arizona v. California*, 460 U.S. 605, 618 (1983).

- 6 -

1   Larson's subsequent summary judgment rulings made *no* mention of his

2   intervening January 2009 discovery decision.  *Cf.* Case No. CV-04-8400, Docket

3   Nos. 560; 595.  Most tellingly, in opposing DC's 2008 motion to compel in the

4   *Siegel* case, the Siegels argued the consent agreement had "absolutely no

5   relevance" to the litigation.  *E.g.*, Case No. CV-04-8400, Docket No. 395 at 2.  In

6   this case, they do not dispute that the consent agreements are centrally relevant.

7         **C.**     **The Facts And Issues Underlying This Case Are Far From**

8                 **"Identical" To Those In *Siegel*.**

9         Issue preclusion "applies only when the issues presented in each matter are

10  identical.  *The doctrine is inapplicable if the issues are merely similar*."  *Fund for*

11  *Animals, Inc. v. Lujan*, 962 F.2d 1391, 1399 (9th Cir. 1992) (emphasis added).  The

12  Supreme Court has established that the identity of issues turns on the underlying

13  facts; "changes in facts essential to a judgment will render [issue preclusion]

14  inapplicable in a subsequent action raising the same issues."  *Montana*, 440 U.S. at

15  159; *Carter v. U.S.*, 973 F.2d 1479, 1482-84 (9th Cir. 1992) (no issue preclusion

16  where prior verdict "may well have been different in light of" subsequent change in

17  facts); 18 L. SOLUM, MOORE'S FEDERAL PRACTICE § 132.02[2][e] (2011)

18  (applicability of issue preclusion "depends in part on whether the controlling facts

19  have changed").

20        In this case, the facts and circumstances underlying Judge Larson's 2009

21  discovery ruling have radically changed, as have the legal issues:

22        1.  The sole basis for Judge Larson's denial of DC's motion to compel was

23  his acceptance of Toberoff's assurance, "as an officer of the court," that the consent

24  agreement was "a privileged document."  Docket No. 163 Ex. SS at 724:9-11.  In

25  their opposition to DC's motion to compel in this case, defendants voluntarily

26  disclose that the consent agreement is "a 'collective bargaining agreement' between

27  the Siegels and the Shusters relating to their 'settlement strategy'" that was "also

28  signed" by Toberoff.  Docket No. 160 at 50-51, 3; *see also* Docket No. 147-1 at 20.

There is no privilege that protects an agreement between two parties concerning the disposition of rights, and such an agreement does *not* become privileged merely because an attorney signed it. *See Minebea Co., Ltd. v. Papst*, 355 F. Supp. 2d 526, 529 (D.D.C. 2005); *Martin*, 278 F.3d at 999.

2.  Last fall, as part of their briefing to dismiss and strike portions of DC's complaint in this case, defendants chose—in public, unsealed filings—to selectively disclose and characterize the contents and terms of the consent agreements and their letters describing them. *See* Docket Nos. 34 at 2-3, 8-9, 15-24; 78 at 2-3, 9-10, 16-24; 90 at 5-7, 17; 174 at 22-24, 24 n.7. These acts of waiver, which were never before Judge Larson, by themselves foreclose application of collateral-estoppel doctrine. *See Montana*, 440 U.S. at 159. **[REDACTED]**

**[REDACTED]**

Docket No. 173, Ex. PP.

Judge Larson never saw this language. Nor was he asked to decide whether such consent agreements violate the Copyright Act, which is an integral part of DC's claims in this case. *See* Am. Compl. ¶¶ 58-91, 129-33, 165-73; Docket Nos. 160 at 12; 147-1 at 8. Had Judge Larson been aware of these facts, his ruling on DC's motion to compel "may well have been different." *Carter*, 973 F.2d at 1484. Preclusion is improper where additional evidence has been developed or disclosed since the prior judgment, as the first court "did not have before it full and complete information relevant to the question." *Stone v. Williams*, 970 F.2d 1043, 1055 (2d Cir. 1992); *accord Baby Dolls Topless Saloons, Inc. v. City of Dallas*, 295 F.3d 471, 475-79 (5th Cir. 2002); *Fair Hous. Council v. Mercury, Peerless Publ'ns, Inc.*, 1999 WL 93576, at *2-*3 (E.D. Pa. Feb. 1, 1999).

3.  In the *Siegel* case, there was no compelling reason for Judge Larson to consider DC's motion to compel on the eve of trial and long after discovery had

closed.  Here, discovery has just begun and a trial date has yet to be set.  The legal

issues that DC's motion presents were not resolved by Judge Larson and include:

- Whether federal law, state law, or the parties JAMS' agreement governs the discoverability and use of the consent agreement, Docket No. 160 at 14;

- Whether Rule 408 of the Federal Rule of Evidence allows DC to discover and use at trial the consent agreement, *id.* at 14-16;

- Whether California law governing mediations permits the discovery DC seeks, *id.* at 16-18;

- Whether the parties' JAMS agreement was intended to—and legally could— modify the protections of state and federal mediation confidentiality rules, *id.* at 19-21;

- Whether the consent agreement was created independently of mediation, *see id.* at 21;

- Whether the consent agreement—and others like it—continues to exist to this day, *see id.* at 16-17;

- Whether defendants are obligated, at the very least, to produce redacted versions of the consent agreements, *see id.* at 24-25; and

- Whether defendants' recent labeling of the consent agreement as a "Collective Bargaining Agreement"—as opposed to **[REDACTED]**—can shield it from disclosure, *see id.* at 21-23.

It would be unjust to deny DC the opportunity to litigate these issues that were

never before Judge Larson.  *See Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 331

n.15 (1979); *Stone*, 970 F.2d at 1055.

### D.    DC Did Not "Actually Litigate"—Or Have A "Full And Fair Opportunity" To Litigate—The Issues In *Siegel*.

A party cannot be barred from litigating an issue unless the party "had a full

and fair opportunity to litigate the issue" in a prior action and the issue was

"actually litigated."  *Maciel*, 489 F.3d at 1023.  This due process requirement

1    ensures that the party against whom preclusion is asserted was able to present "all

2    evidence and argument" in support of its position in the prior action, and that the

3    court considered this evidence and argument in reaching a "reasoned opinion." *In*

4    *re Corey*, 394 B.R. 519, 527 (10th Cir. 2008); *In re Marshall*, 600 F.3d 1037, 1062

5    (9th Cir. 2010); *see also Henry v. Chapa*, 2009 WL 1748697, at *3 (E.D. Cal. June

6    19, 2009) (party must have been able to "present significant evidence").

7          In this case, the "actually litigated" requirement cannot be met, because DC's

8    present motion to compel turns on different facts, issues, and legal theories. *See*

9    *supra*; *Guzowski v. Hartman*, 849 F.2d 252, 255-56 (6th Cir. 1988) (alternative

10   legal theories not "actually litigated" in prior case); *Hasalia v. Walker*, 416 B.R.

11   449, 465-66 (W.D.N.C. 2009) (applying *Restatement*) (same).  Even assuming

12   some overlap between the motions, there was no "full and fair opportunity to

13   litigate" the issues in *Siegel*.  In determining whether issues were "actually

14   litigated," a court can consider "whether there were significant procedural

15   limitations in the prior proceeding." *Banner v. U.S.*, 238 F.3d 1348, 1354 (Fed. Cir.

16   2001).  In *Siegel*, Toberoff disclosed the consent agreement well after discovery

17   had been closed, and the consent agreement was not directly relevant to any claim

18   in the case.  As a result, Judge Larson declined to consider DC's arguments in any

19   detail; he declined to examine the consent agreement or the letter disclosing it; and,

20   at oral argument, Judge Larson denied DC's motion based on Toberoff's assertion

21   that the agreement was privileged.  Docket No. 163 Ex. SS at 724:9-11 ("The

22   motion is denied.  I will accept Mr. Toberoff's clarification of the letter or

23   characterization of the letter….").

24         Courts refuse to give preclusive effect to such cursory decisions.  In *Hybert*

25   *v. Shearson Lehman/Am. Express, Inc.*, 688 F. Supp. 320, 326 (N.D. Ill. 1988), for

26   example, the court held that an arbitration award that "tells us who wins, but not

27   what issues were decided, [or] how the arbitrators arrived at that decision" was not

28   binding.  Even though many of the issues plaintiffs sought to re-litigate "were

raised, at some length, during the arbitration" and based on an extensive record, this
"proves little …. In a case awash with issues, one can imagine several possible
explanations for the arbitrators' decision.  We cannot hold that defendants have
shown 'with clarity and certainty' that any particular fact was the only rational one
the factfinder could have to reach the result." *Id.*; *accord Strand v. L.D. Trucking
& Excavating, Inc.*, 2001 Wash. App. LEXIS 805, at *8-*11 (Wash. Ct. App. Apr.
16, 2001); *Sports Factory, Inc. v. Chanoff*, 586 F. Supp. 342, 346 (E.D. Pa. 1984).

Here, Judge Larson's oral ruling, which was based solely on Toberoff's
unsupported representation, is not sufficient for preclusion to attach.  *See id.*;
*Donovan v. Comm. Union Uns. Co.*, 44 Mass. App. Ct. 596, 599 (1998) (citing
*Restatement* and holding "dictum-like discussion … did not rise to the level of a
firm decision that could preclude an issue of fact or law"); *Genchev v. Detroit
Diesel Corp.*, 2008 U.S. Dist. LEXIS 77033, at *10-*11 (S.D. Cal. Oct. 2, 2008)
("[I]f there is doubt as to the scope of the prior judgment, collateral estoppel will
not be applied."); *Davis & Cox v. Summa Corp.*, 751 F.2d 1507, 1518-19 (9th Cir.
1985) (same).  DC is entitled to have a court meaningfully consider its evidence and
arguments as to why the consent agreement must be produced.

## IV.    CONCLUSION

DC's motion to compel should be granted.


Dated:        March 29, 2011            Respectfully Submitted,

                                        O'MELVENY & MYERS LLP


                                        By:   /s/ Daniel M. Petrocelli
                                              Daniel M. Petrocelli
                                              Attorneys for Plaintiff DC Comics

CC1:846218

- 11 -