```
 1  DANIEL M. PETROCELLI (S.B. #097802)
       dpetrocelli@omm.com
 2  MATTHEW T. KLINE (S.B. #211640)
       mkline@omm.com
 3  CASSANDRA L. SETO (S.B. #246608)
       cseto@omm.com
 4  O'MELVENY & MYERS LLP
    1999 Avenue of the Stars, 7th Floor
 5  Los Angeles, CA 90067-6035
    Telephone: (310) 553-6700
 6  Facsimile: (310) 246-6779

 7  PATRICK T. PERKINS (admitted pro hac vice)
       pperkins@ptplaw.com
 8  PERKINS LAW OFFICE, P.C.
    1711 Route 9D
 9  Cold Spring, NY 10516
    Telephone: (845) 265-2820
10  Facsimile: (845) 265-2819

11  Attorneys for Plaintiff DC Comics
```

**ORIGINAL**

**FILED** 2011 MAR 29 PM 3:50
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DC COMICS, <br><br> Plaintiff, <br><br> v. <br><br> PACIFIC PICTURES CORPORATION, IP WORLDWIDE, LLC, IPW, LLC, MARC TOBEROFF, an individual, MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER, JEAN ADELE PEAVY, an individual, JOANNE SIEGEL, an individual, LAURA SIEGEL LARSON, an individual, and DOES 1-10, inclusive, <br><br> Defendants. | Case No. CV 10-03633 ODW (RZx) <br><br> **DISCOVERY MATTER** <br><br> **DC COMICS' UNOPPOSED APPLICATION TO TEMPORARILY FILE UNDER SEAL COURT-ORDERED SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND AMENDED PRIVILEGE LOGS PURSUANT TO L.R. 79-5.1** <br><br> **DECLARATION OF CASSANDRA SETO AND [PROPOSED] ORDER FILED CONCURRENTLY HEREWITH** <br><br> **Judge:** Hon. Otis D. Wright II <br> **Magistrate:** Hon. Ralph Zarefsky |

Pursuant to Central District Local Rule 79-5.1 and the Court's February 15, 2011, order, DC Comics moves to temporarily seal its Court-Ordered Supplemental Brief in Support of Motion to Compel Production of Documents and Amended Privilege Logs ("Supplemental Brief"). DC submits that the Supplemental Brief should not be sealed permanently, but in accordance with the Court's order granting DC's application to temporarily seal portions of its motion to compel, believes it is prudent to seal the Supplemental Brief until the Court has ruled on DC's motion.

DC's Supplemental Brief contains references to a May 2, 2008, letter from defendants discussing an unlawful consent agreement, which defendants wrongly assert is shielded from disclosure because it was sent to DC in advance of mediation. *See* Docket Nos. 168 at 1-4, 160 at 1, 11-27. For all of the reasons discussed in DC's prior application to seal, there is no basis to exclude this letter from this case or public disclosure. *See* Docket Nos. 166, 168. First, defendants affirmatively put the letter at issue by repeatedly and openly disclosing its existence and contents in public filings—most recently, in unsealed portions of defendants' opposition to DC's motion to compel. Docket No. 160 at 53-56; *see also id.* at 22-24, 24 n.7. Second, federal and state law clearly permit DC's reference to the letter, and the parties' JAMS agreement does not trump this law. *See* Docket Nos. 168 at 4, 160 at 11-21. Finally, as DC sets forth in its Supplemental Brief, Judge Larson's interlocutory discovery ruling on the consent agreement in the related *Siegel* case is not binding on this court under the doctrine of collateral estoppel or law of the case. *See generally* Supplemental Brief.

Solely to accommodate an objection from defendants, DC filed an application to temporarily seal certain portions of its motion to compel and related exhibits. Docket Nos. 166 at 1, 168 at 2-3. On February 15, 2011, the Court granted DC's application, ruling "it is prudent to place the matters under seal until the decision on the motion [to compel], and the application to temporarily place them under seal is granted." Docket No. 172. DC submits that it is also prudent to

- 1 -    DC COMICS' UNOPPOSED APPLICATION TO SEAL SUPPLEMENTAL BRIEF

1  temporarily seal its Supplemental Brief pending the Court's ruling on DC's motion.
2  Once the Court has ruled, DC contends its Supplemental Brief should be unsealed.
3       Defendants agree that the Supplemental Brief should be sealed on the terms
4  set forth in the Court's February 15 order, although they object "to DC's disclosure
5  and use of" the letter "in this litigation." Decl. of Cassandra Seto ¶ 2, Ex. A.

7  Dated:      March 29, 2011             Respectfully Submitted,

8                                         O'MELVENY & MYERS LLP

10                                        By: _____
                                              Daniel M. Petrocelli
11                                            Attorneys for Plaintiff DC Comics

12  CC1:846837