DANIEL M. PETROCELLI (S.B. #097802)
  dpetrocelli@omm.com
MATTHEW T. KLINE (S.B. #211640)
  mkline@omm.com
CASSANDRA L. SETO (S.B. #246608)
  cseto@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067-6035
Telephone: (310) 553-6700
Facsimile: (310) 246-6779

PATRICK T. PERKINS (admitted *pro hac vice*)
  pperkins@ptplaw.com
PERKINS LAW OFFICE, P.C.
1711 Route 9D
Cold Spring, NY 10516
Telephone: (845) 265-2820
Facsimile: (845) 265-2819

Attorneys for Plaintiff DC Comics

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| DC COMICS, | Case No. CV 10-3633 ODW (RZx) |
|---|---|
| Plaintiff, | Hon. Otis D. Wright II |
| v. | **DC COMICS' RESPONSES TO DEFENDANTS' EVIDENTIARY OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI IN SUPPORT OF DC COMICS' RENEWED INITIAL OPPOSITION TO DEFENDANTS' RENEWED MOTIONS TO DISMISS AND TO STRIKE UNDER CALIFORNIA'S ANTI-SLAPP STATUTE** |
| PACIFIC PICTURES CORPORATION, IP WORLDWIDE, LLC, IPW, LLC, MARC TOBEROFF, an individual, MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER, JEAN ADELE PEAVY, an individual, JOANNE SIEGEL, an individual, LAURA SIEGEL LARSON, an individual, and DOES 1-10, inclusive, | |
| Defendants. | Re: Anti-SLAPP Motion to Strike (Docket No. 145) and Motions to Dismiss First through Sixth Claims (Docket Nos. 146-148) |
| | **Complaint Filed:** May 14, 2010 |

1    **I.    <u>INTRODUCTION</u>**

2         Defendants' objections to the Declaration of Daniel M. Petrocelli are

3    unfounded and should be overruled.  They consist largely of improper argument,

4    overheated rhetoric, and inappropriate *ad hominem* attack.  The objections also

5    reflect defendants' continuing mischaracterization of DC Comics' complaint and

6    positions, mirroring the same spurious approach defendants employed in their

7    motions to dismiss and strike DC Comics' complaint.  As specifically pled in DC

8    Comics' complaint and explained in DC's renewed oppositions to defendants' four

9    renewed motions, DC Comics' claims arise *not* from defendant Marc Toberoff's

10   practice of law, but from his business conduct in interfering with DC Comics'

11   rights—conduct that he improperly now attempts to cloak in a lawyer's garb.

12        Defendants' evidentiary objections are so far off the mark that they seek to

13   exclude explicit admissions by Toberoff on his website and to the national press

14   (including the *Wall Street Journal*) assuring that he keeps his entertainment

15   business *separate and apart from his law practice*—divided by a "defined

16   firewall."  Docket No. 181 (Pl.'s Renewed Opp. to Defs.' Renewed SLAPP Mot.

17   ("SLAPP Opp.")) at 2-3; Docket No. 182 (Petrocelli Decl. in Supp. of Renewed

18   SLAPP Opp. ("Petrocelli Decl.")) ¶¶ 10-13.  These admissions refute defendants'

19   assertion that they have carried their burden of showing protected conduct under

20   Prong 1 of the SLAPP test as well their reliance on California's litigation privilege

21   to satisfy Prong 2.  Docket No. 181 (SLAPP Opp.) at 12-17, 23-25.  So, too, do the

22   contracts Toberoff signed as a businessman on behalf of his entertainment

23   companies, which indisputably show that he acted in a business capacity in courting

24   the Siegel and Shuster heirs and capturing their rights for himself, knowing that

25   they had existing relationship and agreements with DC Comics.  Docket No. 181

26   (SLAPP Opp.) at 1-8, 12-22; Docket No. 182 (Petrocelli Decl.) ¶¶ 10-51.

27        Defendants cannot re-write that history, and so they have unleashed a

28   litigation strategy to suppress or obscure it by any and all means—unsupported

DC COMICS' RESPONSES TO
DEFENDANTS' EVIDENTIARY
OBJECTIONS

1  motions to dismiss and strike the complaint, unwarranted motions to preclude

2  discovery, unfounded objections to the Magistrate's ruling denying their effort to

3  stop discovery, a frivolous appeal of this Court's ruling that defendants' initial anti-

4  SLAPP motion was mooted by DC Comics' amended complaint, and unprincipled

5  attacks on opposing counsel.  Defendants' virulence is no substitute for reason, nor

6  does it mask or justify defendants' insistent efforts to misrepresent DC Comics'

7  positions and divert the issues.

8      None of defendants' evidentiary objections has merit.  Defendants' diatribe

9  against DC Comics and its counsel for suing the Toberoff defendants is no

10  objection at all.  Nor is defendants' indignant protest to DC Comics' disclosure of

11  other lawsuits against Toberoff and his business entities.  This evidence is plainly

12  relevant to show that Mr. Toberoff regularly engages in entertainment industry

13  activities that do not constitute the practice of law, contrary to the lengthy and

14  misleading argument in defendants' motions that all of Mr. Toberoff's conduct

15  challenged in this case was undertaken as a lawyer representing his clients.  Given

16  his choice to pursue commercial activities outside the practice of law, there is

17  nothing unique or exceptional in Mr. Toberoff having to face litigation for his

18  tortious conduct.  He enjoys no immunity and is entitled to no special treatment

19  under the law.

20      Equally devoid of merit are defendants' general objections.  "Boilerplate,

21  generalized objections are inadequate and tantamount to not making any objection

22  at all."  *Walker v. Lakewood Condo. Owners Ass'n*, 186 F.R.D. 584, 587 (C.D. Cal.

23  1999); *Bess v. Cate*, 2008 WL 5100203, at *4 (E.D. Cal. Nov. 26, 2008) (same);

24  *Ritacca v. Abbott Labs.*, 203 F.R.D. 332, 335 n.4 (N.D. Ill. 2001) ("As courts have

25  repeatedly pointed out, blanket objections are patently improper …, [and] we treat

26  [the] general objections as if they were never made.").  Indeed, it is all but

27  impossible to respond to many of defendants' "objections," because they identify

28  no specific defect or basis for objection.  For example, defendants claim that

DC COMICS' RESPONSES TO
DEFENDANTS' EVIDENTIARY
OBJECTIONS

1  "selective" quotes in the declaration misrepresented facts or documents, yet they

2  *never once* describe a specific mischaracterization. For good reason—there is none.

3  Furthermore, Mr. Petrocelli attached to his declaration full and complete copies of

4  every deposition transcript and document for the Court's review. Other objections

5  simply make no sense. For example, defendants object to Mr. Petrocelli's

6  declaration as lacking personal knowledge of the evidence or constituting hearsay.

7  Mr. Petrocelli's declaration does not purport to prove the underlying facts of this

8  case, but to describe the relevant history of this litigation and identify certain

9  evidence relevant to opposing defendants' motion. Mr. Petrocelli's declaration

10 includes no argument or opinions about the facts or evidence and is plainly

11 permissible and proper. *E.g.*, *In re Real Estate Assocs. Ltd. P'Ship Litig.*, 2002 WL

12 31027557, at *1 (C.D. Cal. Aug. 29, 2002) ("declarations []based on counsel's

13 analysis of the discovery and pleadings in this case [] are permissible"); *see also*

14 *Lockheed Martin Corp. v. U.S.*, 70 Fed. Cl. 745, 750 (Fed. Cl. 2006) (denying

15 objection as to personal knowledge based on review of documents); *cf.* CAL. CODE

16 CIV. PROC. § 2009 (exception to hearsay rule for declarations used in motion

17 proceedings).

18      There is likewise no basis for defendants' objection to Mr. Petrocelli's

19 description of essential discovery DC Comics requires to oppose defendants'

20 motions. As lead counsel to DC Comics in this case, Mr. Petrocelli is fully

21 competent to make such a showing to the Court. Defendants' motions challenge

22 the sufficiency of DC Comics' evidence, *e.g.* Docket No. 145 at 22-25 (Defs.'

23 Renewed Mot. to Strike Pursuant to California's Anti-SLAPP Law ("SLAPP

24 Mot."), and they have refused to provide meaningful discovery to date, *see* Docket

25 No. 61 at 5-8, 32-55 (Joint Stip. re: Mot. for Protective Order Staying Depositions

26 ("Mot. to Stay Depos")). Just as in opposing a motion for summary judgment, an

27 attorney declaration is necessary and appropriate to describe the factual areas where

28 essential discovery is required. *See* FED. R. CIV. P. 56(f).

DC COMICS' RESPONSES TO
DEFENDANTS' EVIDENTIARY
OBJECTIONS

1    Defendants' shrill attacks on the Toberoff Timeline do not change the facts.

2   It is a *fact* that the Timeline was prepared by Mr. Toberoff's former colleague

3   (David Michaels) by summarizing documents relevant to this case.  It is a *fact* that

4   DC Comics had no ability to use the Timeline until *December 2008*, when it was

5   ordered to be produced by Judge Larson, long after every single percipient witness

6   was deposed and discovery closed in the *Siegel* cases.  It is a *fact* that DC Comics

7   has had no opportunity to depose any person about the information contained in the

8   Timeline or the underlying or related documents, including an email exchange

9   between Toberoff and the Siegels corroborating revelations in the Timeline about

10  Toberoff's inducements to the Siegels to cut ties to DC Comics.  The list of

11  necessary deponents includes Kevin Marks, whose declaration defendants

12  improperly submitted as part of their reply.  This declaration only highlights the

13  need for discovery as it is conspicuous for what it does not say—it carefully

14  discusses only one self-selected phone call with Mr. Toberoff but fails to address

15  other key events disclosed in the Timeline, including Mr. Marks' warning to the

16  Siegels not to accept Mr. Toberoff's offer because of their completed agreement

17  with DC Comics.

18    And, it is a *fact* that in four years since the Timeline was created, neither Mr.

19  Toberoff nor anyone else has taken any public action against the supposed thief.

20  Not surprisingly, defendants now say the theft is under investigation by a grand jury

21  in this district.  Yet, that only raises a host of new untested factual inquiries,

22  including whether defendants helped to initiate the alleged grand jury investigation

23  only *after* being sued by DC Comics in order to suppress the testimony of the

24  Timeline's author by attempting to create criminal jeopardy.

25                    *         *         *

26    In closing, DC Comics apologizes for the length of these responses.

27  Defendants' voluminous objections—laced with inappropriate invective and

28  argument—demand this response.

DC COMICS' RESPONSES TO
DEFENDANTS' EVIDENTIARY
OBJECTIONS

## II.    RESPONSES TO EACH OF DEFENDANTS' OBJECTIONS

### General Objections

| DEFENDANTS' OBJECTION | DC COMICS' RESPONSE |
|---|---|
| 1.    It is rare for an attorneys' declaration to so flagrantly violate the basic rules of evidence, privilege, and common decency. This Declaration litters the record with inadmissible and unreliable hearsay derived from a mudslinging screed penned by a junior lawyer who worked for Mr. Toberoff for just three months, long after the events in question, and then (i) stole privileged documents, (ii) authored a series of false accusations to persuade the Siegels to hire him and fire Toberoff, (iii) met with the Siegels but failed in this endeavor, and then, (iv) contrary to the interests of his former clients, sent their privileged documents and his grossly unethical rant to the adverse party's legal team. This worthless garbage, on which no attorney of sound judgment should rely, is contradicted by the sworn testimony of every percipient witness to the events | This is pure rhetoric and argument and not a ground for objection. There has been no adjudication establishing that the statements in the Toberoff Timeline are untrue.  To the contrary, despite similar claims that DC Comics and its counsel acted inappropriately in attaching the Toberoff Timeline to the complaint in this case and seeking discovery regarding it, Magistrate Zarefsky denied defendants' motion to bar use of the Timeline and confirmed Judge Larson ordered it produced and DC Comics was free to take discovery regarding the document in this case.

Notably, while calling its author a "thief" and claiming the Timeline is "false," defendants have never taken any public legal action against the author in the four years since the Timeline was first authored (likely permitting all statutes of limitation to run), and no discovery has |

DC COMICS' RESPONSES TO
DEFENDANTS' EVIDENTIARY
OBJECTIONS

in question, and is wholly unsupported by the record. That sworn testimony proves that numerous statements in Declarant's Declaration are completely false, yet Declarant, who lacks any personal knowledge, repeats these falsehoods while blithely ignoring the evidence that has governed this case since 2006. The Declaration also willfully breaches the parties' May 1, 2008 JAMS mediation agreement.

Remarkably, the Declaration includes not a single piece of admissible evidence to support the key factual allegations of the complaint against the Siegels' and Shusters' long-time counsel, Marc Toberoff, i.e., that he misrepresented that there was a "billionaire" investor for the Siegels or that he offered to produce a competing Superman movie based on the Siegels' recaptured copyrights. As Declarant well knows, the sworn testimony of percipient witnesses in the six-year old Siegel litigation is entirely to the contrary. *See* Reply in Support of Anti-

ever been taken of any witness regarding the Timeline. Moreover, as defendants conspicuously fail to disclose, the Timeline is a summary of and supported by underlying documents and evidence. Witnesses have not been deposed on this underlying evidence, nor have the relevant documents been produced. For example, in an federal action in Ohio, DC Comics challenged assertions of joint-interest privilege over documents on the privilege log of Don Bulson, attorney for the late Michael Siegel, son of Jerry Siegel and half-brother of Laura Siegel Larson. During his lifetime, Michael Siegel refused to participate in the termination efforts of the Siegels. On April 1, 2008, the court held that none of the 15 documents it had reviewed *in camera* was properly characterized by Mr. Toberoff as falling within the joint-interest privilege and ordered their production.

Defendants' attacks on the Timeline do not constitute legal objections, but are self-serving arguments aimed at

DC COMICS' RESPONSES TO DEFENDANTS' EVIDENTIARY OBJECTIONS

SLAPP motion, at 5-6. Yet the Declarant, without any evidence, has repeatedly accused Mr. Toberoff of fraud and larded the Declaration and DC's oppositions with unseemly *ad hominem* attacks on Mr. Toberoff based on irrelevant hearsay. This tactical character assassination of Mr. Toberoff repeated throughout the Declaration and opposition papers should be given no credence whatsoever. It is not proper to bring a lawsuit for the purpose of destroying the reputation of a lawyer due to his effective advocacy. That virtually everything in the Declaration is objectionable and inadmissible and/or attacks Mr. Toberoff based on total irrelevancies is noteworthy for one purpose only: it shows that this vicious suit is a pure act of retaliation covered by California's Anti-SLAPP statute, as its purpose is to attack Mr. Toberoff in connection with his successful representation of the Siegels and Shusters.

suppressing discovery regarding the Timeline. Defendants' arguments also misrepresent the facts regarding disclosure of the Timeline, which was ordered produced in the *Siegel* action, Case No. CV 04-8400, based on the Court's finding that defendants waived any potential privilege. Docket No. 386 (Dec. 4, 2008 Order). In their motion for a protective order concerning the Timeline in this case, defendants repeated their same arguments from the *Siegel* cases: the documents sent with the Timeline were stolen; DC Comics improperly handled receipt of the documents; the Timeline was not required to be logged; and Judge Larson misinterpreted an earlier ruling and should not have ordered the Timeline produced. Docket No. 42 at 1-4, 7-39 (Joint Stipulation Re: Motion for a Protective Order Re: Toberoff Timeline ("Motion PO Timeline"). Magistrate Zarefsky rejected these arguments and denied defendants' motion. Docket No. 74 (Sept. 20, 2010 Order).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

In addition to the underlying documents, the Toberoff Timeline itself is potentially admissible—it reflects admissions by defendants in this case and is a statement against interest by a potentially unavailable witness.  FRE 801(d)(2), FRE 804(b)(3).  As Magistrate Zarefsky ruled, DC Comics is entitled to discovery related to the document.  Mr. Petrocelli's declaration explains the need for essential discovery related to the factual issues raised by the Timeline.  *See* Docket No. 182 ¶ 54 (Petrocelli Decl.).  Defendants have not been deposed about the information contained in the Timeline or the underlying documents, since it was not produced to DC Comics until after the close of discovery in the *Siegel* cases.  Kevin Marks' new declaration is both improper as part of a reply and fails to address many of the key issues.

As alleged in DC Comics' complaint and opposition papers, the consent agreements impermissibly infringe DC Comics' rights, and disclosing their existence does not violate the parties'

DC COMICS' RESPONSES TO DEFENDANTS' EVIDENTIARY OBJECTIONS

May 1, 2008 JAMS mediation agreement.  *See* Docket No. 185 at 18-23 (DC Comics' Renewed Opposition to Siegel Renewed Motion to Dismiss and/or Strike (Opp.  Siegel MTD")).  DC Comics fully complied with the agreement and the federal and state rules it invoked—none of which permitted defendants to immunize facts and their independently wrongful acts by disclosing them in mediation.

Finally, defendants' characterization of DC Comics' claims is irrelevant and inaccurate.  DC Comics has sued Mr. Toberoff and his companies for his illicit business dealings and not for litigation activity.

| DEFENDANTS' OBJECTION | DC COMICS' RESPONSE |
|---|---|
| 2.      The Declaration's obvious objective is to prejudice the Court against Mr. Toberoff so as to achieve an advantage over his clients. For instance, the Declaration announces that Mr. Toberoff has been sued twice before, citing two cases. *See* Petrocelli Decl., ¶ | This is specious.  DC Comics sued Mr. Toberoff because, *inter alia*, by his own admission, he entered into consent agreements with the Shusters that on their face violate copyright law and engaged in other acts of tortious interference.  Docket No. 184 at 18 (DC |

DC COMICS' RESPONSES TO
DEFENDANTS' EVIDENTIARY
OBJECTIONS

14. Such "gutter" tactics are unworthy of O'Melveny & Myers and Declarant himself, and cannot be the basis for any adverse inference as a matter of law. F.R.E. 404. Moreover, the first case was settled in favor of Mr. Toberoff, and the other has only recently been filed, is barred on numerous grounds and has not resulted in any adverse determination whatsoever. *See* Reply Declaration of Marc Toberoff ("Tob. Reply Decl"), ¶¶ 2, 8-13. Such unrelated lawsuits are no more relevant to the instant case than the fact that Declarant himself has been sued for misconduct, *see Benasra v. Mitchell Silberberg & Knupp LLP*, 123 Cal.App.4th 1179 (2004), or that O'Melveny has been sued numerous times. *See generally*, *Davis v. O'Melveny & Myers*, 485 F.3d 1066 (9th Cir. Cal. 2007); *FDIC v. O'Melveny & Myers*, 61 F.3d 17 (9th Cir. Cal. 1995). We note this solely to illustrate how meaningless and outrageous Declarant's smear tactics really are. As DC's complaint and FAC

Comics' Renewed Opposition to Toberoff Renewed Motion to Dismiss ("Opp. to Toberoff MTD")); Docket No. 181 at 13-21 (SLAPP Opp.).

Toberoff and his company Pacific Pictures have been sued in other cases alleging fraud, tortious interference, and falsely claiming rights as their own stemming from their business activities. The existence of these cases is offered not for purposes of "character assassination," but to show both the fact and course of Toberoff's conduct as a film producer, entrepreneur, and businessman in the entertainment business. Such evidence plainly refutes defendants' assertion that Toberoff acted solely as a lawyer representing his clients in connection with the matters alleged in DC Comics' complaint.

DC COMICS' RESPONSES TO DEFENDANTS' EVIDENTIARY OBJECTIONS

| | |
|---|---|
| in the instant case reveal, lawsuits are easy to file, but hard to prove. Unproven allegations in unrelated lawsuits have no place in these motions or in a declaration, as Declarant well knows. | |

| **DEFENDANTS' OBJECTION** | **DC COMICS' RESPONSE** |
|---|---|
| 3.    At every turn the Declaration runs afoul of Local Rule 7-7's admonition that "[d]eclarations shall only contain factual, evidentiary matter and shall conform as far as possible to the requirements of F.R.C.P. 56(e)." *Id.* F.R.C.P. 56(e) provides that a "supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." *Id.* Here, the Declaration is rife with testimony for which Declarant lacks personal knowledge, and depends largely on improper argument and hearsay (F.R.E. 802). Declarations must "state facts that would be admissible evidence (rather than hearsay | Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions.  Such attorney declarations are routine and proper.  *E.g.*, *In re Real Estate Assocs. Ltd. P'Ship Litig.*, 2002 WL 31027557, at *1 ("declarations []based on counsel's analysis of the discovery and pleadings in this case [] are permissible"); *see also Lockheed Martin Corp.*, 70 Fed. Cl. at 750 (denying objection as to personal knowledge based on review of documents); *cf.* CAL. CODE CIV. PROC. § 2009 (exception to hearsay rule for declarations used in motion proceedings).  Despite the objection here and elsewhere that DC Comics misrepresented facts or documents, |

statements by others, or the declarant's opinions or conclusions)." Schwarzer, Tashima & Wagstaffe, *Federal Civil Procedure Before Trial* § 12:57 (Rutter Group 2009) (emphasis in original). *See Tri-Valley Cares v. Department of Energy*, 203 Fed. Appx. 105, 108 (9th Cir. 2006) (affirming the exclusion of declarations that "contained impermissible legal conclusions, opinions from lay witness, or political statements"); *Sears Sav. Bank v. Insurance Co. of N. Am.*, 1994 U.S. App. LEXIS 37256, at *3 (9th Cir. 1994) (affirming the exclusion of declaration because it "offer[ed] conclusory legal opinion rather than personal knowledge"). *See also* Scheduling and Case Management Order for Cases Assigned to Judge Otis D. Wright II, § 6(d)(ii) (for summary judgment motions, "[t]he Court will accept counsel's authentication of deposition transcripts, written discovery responses, and the receipt of documents in discovery if the fact that the document was in the opponent's

defendants never once describe a specific mischaracterization, and none exists.

As shown below, the declaration is not inadmissible hearsay. It is not offered to prove the underlying facts, but to identify relevant evidence and other information necessary to oppose defendants' motions.

possession is of independent significance. Documentary evidence as to which there is no stipulation regarding foundation must be accompanied by the testimony, either by declaration or properly authenticated deposition transcript, of a witness who can establish its authenticity.").

| **DEFENDANTS' OBJECTION** | **DC COMICS' RESPONSE** |
|---|---|
| 4.    Defendants object generally to the Declaration as a clear violation of this Court's Standing Order limiting opposition papers to 25 pages as it often reads like a brief, both repeating and supplementing arguments made in plaintiff's opposition papers. *See* Standing Order at ¶ 5(c). Plaintiff's attempt to circumvent this Court's page limitations by smuggling argument into a declaration should not be countenanced. | DC Comics properly submitted a list of "facts essential to justify its opposition" on which it needs to conduct discovery. FRCP 56(f).  Contrary to defendants' objections, the declaration includes no argument.  It describes the discovery necessary to oppose defendants' motion, a purpose expressly authorized by FRCP 56(f).  The summary of certain documents and testimony is intended to facilitate the Court's review of voluminous materials put in issue by defendants' motions.

Judge Wright's Standing Order imposes no page limit on declarations. |

DC COMICS' RESPONSES TO
DEFENDANTS' EVIDENTIARY
OBJECTIONS

| DEFENDANTS' OBJECTION | DC COMICS' RESPONSE |
|---|---|
| 5.    The Declaration is styled as being in support of DC's "Initial Opposition to Defendants' Motions to Dismiss and to Strike Under California's Anti-SLAPP Statute." *See also* Petrocelli Decl., ¶ 2. However, the submission of such an purported evidentiary declaration is improper in opposition to a FRCP 12(b)(6) motion to dismiss and the Court should not consider it for that purpose. | DC Comics' oppositions to defendants' motions to dismiss cite only once to just two paragraphs of Mr. Petrocelli's declaration.  Docket No. 185 at 18 (Opp. Siegel MTD).  The matters addressed in these two paragraphs are referenced in DC Comics' complaint and are thus appropriate for consideration in opposition to a motion to dismiss.  *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). |

| DEFENDANTS' OBJECTION | DC COMICS' RESPONSE |
|---|---|
| 6.    Defendants object generally to the Declaration on the grounds that Declarant *selectively* quotes from documents and deposition transcripts, in a way that edits out the relevant context and misleadingly characterizes the underlying evidence. *See e.g.* Petrocelli Decl., ¶¶ 12-13, 17-18, 21-22, 27, 30-31, 35, 38, 41, 43-46, 48-49, 51. This also constitutes inadmissible hearsay, as Declarant's edits substitute Declarant's views for the witnesses' testimony, such that Declarant is | Defendants point to paragraphs of Mr. Petrocelli's declaration, but offer no explanation—either in their general objections or specific objections—as to how any quotations supposedly misrepresent underlying documents.  The quotations are accurate.

DC Comics quoted relevant passages from documents and deposition transcripts to facilitate the Court's review of voluminous materials put in issue by defendants' motions.  DC Comics |

DC COMICS' RESPONSES TO
DEFENDANTS' EVIDENTIARY
OBJECTIONS

| | |
|---|---|
| testifying as to the purported contents of deposition transcripts, orders and documents, which speak for themselves, rather than simply attaching the documents. FRE 802, 1002. | identified the specific sources for each quotation or summary and attached a complete copy of the referenced source document or deposition.  The passages contained in Mr. Petrocelli's declaration also help explain why DC Comics requires essential discovery to oppose defendants' motions.  *See* FRCP 56(f). |

| **DEFENDANTS' OBJECTION** | **DC COMICS' RESPONSE** |
|---|---|
| 7.      Defendants further object to the Declaration on the grounds that Declarant egregiously purports to discloses protected statements made during and/or in connection with the parties' settlement mediation in *Siegel v. Warner Bros. Ent., Inc.*, 04-CV-08400 ODW (RZx). *See, e.g.*, Petrocelli Decl., ¶¶ 52, 53. Such disclosures willfully breach the parties' May 1, 2008 JAMS Confidentiality Agreement and must be stricken. *See* Docket No. 78 at 18:12-24:13. | Nothing in the declaration violates the parties' May 1, 2008 JAMS mediation agreement.  *See* Docket No. 185 at 18-23 (Opp. Siegel MTD).  DC Comics fully complied with all the rules invoked by the JAMS agreement, none of which permits defendants to immunize facts or their independently wrongful acts by disclosing them in mediation. Furthermore, the disclosure in the declaration is made in the most narrow manner sufficient to apprise the Court of the existence of the offending agreements and the need to take discovery regarding them. |

| DEFENDANTS' OBJECTION | DC COMICS' RESPONSE |
|---|---|
| 8.    Defendants further object to the Declaration on the grounds that Declarant purports to recite a "laundry list" of discovery that is allegedly needed to combat Defendants' Anti-SLAPP Motion. However, this is merely a summary of the complaint's allegations, without making the necesssary showing as to what discovery is specifically need to address the dispositive legal issues posed by the Anti-SLAPP motion. Decl., ¶¶ 54-56. Defendants object to the paragraphs in the Declaration arguing discovery matters in this case as they have no relevance to Defendants' pending motions. Petrocelli Decl., ¶¶ 5-9. Declarant argues that Defendants have stalled discovery in this case. DC made the same arguments in opposition to Defendants' motion to stay depositions until resolution of Defendants' pending motions to dismiss and Anti-SLAPP motion. Magistrate Zarefsky granted such relief as requested by Defendants, staying discovery until at least | DC Comics properly submitted a list of "facts essential to justify its opposition" on which it needs to conduct discovery. FRCP 56(f).  DC Comics' opposition to defendants' SLAPP motion repeatedly asserts that discovery is necessary to fully oppose defendants' motion:  "DC Comics submits this initial opposition brief to identify its need for discovery to oppose defendants' motion…."  Docket No. 181 at 2 (SLAPP Opp.); *see id.* at 1-3, 7-11, 16, 19, 21, 24-25.  The identified discovery is clearly segregated by factual issues relevant to DC Comics' fourth, fifth, and sixth claims.  Petrocelli Decl. ¶ 54.<br><br>Defendants have mischaracterized the proceedings before Magistrate Zarefsky. Defendants argued that discovery should be stayed *not* until a date certain, but indefinitely until resolution of all their motions.  *See* Docket Nos. 45 at 2-4, 7-17 (Joint Stipulation Re: DC Comics' Motion to Initiate Discovery ("Mot. Initiate Discovery")); Docket No. 61 at 5- |

DC COMICS' RESPONSES TO
DEFENDANTS' EVIDENTIARY
OBJECTIONS

November 15, 2010 to allow time for this Court to resolve the motions. Magistrate Zarefsky also expressly stated that Judge Wright could further extend the time for discovery as needed. Tob. Reply Decl., Ex. A at 19-22. Thus, there was no finding by Magistrate Zarefsky of improper delay of any kind by Defendants. Defendants respectfully refer the Court to Docket Nos. 44, 58, DC's and Defendants' respective Motions regarding the timing of this discovery, for a more detailed explanation regarding the baseless arguments in the Declaration.

8, 32-55 (Motion to Stay Depos). Magistrate Zarefsky declined to issue an indefinite stay and stayed the depositions at issue until November 15, 2010. *See* Docket No. 74 (Sept. 20, 2010 Order). The depositions may then proceed. In addition, Magistrate Zarefsky denied defendants' motion to bar any use of the Toberoff Timeline in discovery and otherwise in this case.

| DEFENDANTS' OBJECTION | DC COMICS' RESPONSE |
|---|---|
| 9.     Declarant also grossly mischaracterizes the proceedings before Magistrate Zarefsky regarding the "Toberoff Timeline." Petrocelli Decl., ¶ 7. The only issue before Magistrate Zarefsky on the "Toberoff Timeline" was whether there should be a protective order barring use of this document in discovery. Docket No. 42. Magistrate Zarefsky simply denied that | DC Comics did not state that Magistrate Zarefsky ruled on the admissibility of the Toberoff Timeline, only that he stated that "[t]here shall be no limit to the subject matter covered in the depositions." Docket No. 74 (Sept. 20, 2010 Order). Defendants do not and cannot deny the accuracy of DC Comics' quotation of the order. |

DC COMICS' RESPONSES TO
DEFENDANTS' EVIDENTIARY
OBJECTIONS

request, stating "Judge Larson has indicated, ruled that the letter has to be turned over. And I'm not going to revisit that ruling. And I'm not going to voice an opinion as to whether I would have issued the same ruling…." Tob, Reply Decl., Ex. A at 55:24-56:3. Magistrate Zarefsky was not asked to rule on the question of admissibility, which is not within the scope of the reference to him, and he made no statements whatsoever to suggest that this anonymous hearsay document is admissible. Declarant also claims that Magistrate Zarefsky's ruling that "[t]here shall be no limit to the subject matter covered in the depositions" means DC can ask any question they want regarding the "Toberoff Timeline." Magistrate Zarefsky plainly made no such ruling. Rather, he declined to give categorical limits on topics to be covered, but reminded counsel not to repeat previous questioning:

"I'm not going to impose a limit on the subjects to be

Defendants' further contention that topics previously covered in the *Siegel* cases limit the scope of discovery about the Toberoff Timeline is wrong. The Timeline was only produced to DC Comics *after* depositions in the *Siegel* cases had been conducted. No subject matter limitations were imposed by Magistrate Zarefsky.

Defendants' "objections" to the Timeline do not constitute legal objections, but are self-serving arguments aimed at suppressing discovery about the Timeline. Defendants' arguments also misrepresent the facts regarding disclosure of the Timeline, which was ordered produced in the *Siegel* action, Case No. CV 04-8400, based on the Court's finding that defendants waived any privilege that may have applied. Docket No. 386 (Dec. 4, 2008 Order). In their motion for a protective order concerning the Timeline in this case, defendants repeated their same arguments from the *Siegel* cases:  the documents sent with the Timeline were

DC COMICS' RESPONSES TO DEFENDANTS' EVIDENTIARY OBJECTIONS

covered in the depositions. Because I think that is essentially unworkable and only invites rancor at the depositions and essentially for the court to baby-sit the depositions. I will depend on counsel to not needlessly go over material that has been covered, even if it has been covered in another case, and focus on what is truly needed."

Tob. Reply Decl., Ex. A at 59:4-12.

stolen; DC Comics improperly handled receipt of the documents; the Timeline was not required to be logged; and Judge Larson misinterpreted an earlier ruling and should not have ordered the Timeline produced. Docket No. 42 at 1-4, 7-39 (Motion PO Timeline). Magistrate Zarefsky denied defendants' motion. Docket No. 74 (Sept. 20, 2010 Order).

In addition to the underlying documents, the Toberoff Timeline itself is potentially admissible—it reflects admissions by defendants in this case and is a statement against interest by a potentially unavailable witness. FRE 801(d)(2), FRE 804(b)(3). As Magistrate Zarefsky ruled, DC Comics is entitled to discovery related to the document. Mr. Petrocelli's declaration explains the need for essential discovery related to the factual issues raised by that document. *See* Docket No. 182 ¶ 54 (Petrocelli Decl.). Neither defendants nor other witnesses (including the Timeline's author) have been examined regarding information contained in the Timeline or the

DC COMICS' RESPONSES TO DEFENDANTS' EVIDENTIARY OBJECTIONS

|  | underlying documents, since it was not produced to DC Comics until after the close of discovery in the *Siegel* cases.<br><br>Kevin Marks' new declaration is both improper as part of a reply and fails to address many of the key issues. |

| **DEFENDANTS' OBJECTION** | **DC COMICS' RESPONSE** |
|---|---|
| 10.    As to the "Toberoff Timeline," itself, Judge Larson's December 3, 2008 ruling that ordered its disclosure was mistaken, in large part due to DC's misleading statements to the Court. On April 30, 2007, in the ruling on which Judge Larson based his disclosure order, Magistrate Zarefsky defined the term "escrow documents" to be co-extensive with the terms "Whistle-blower Documents" and "stolen documents." The terms "stolen documents" and "Whistle-blower Documents" both referred to the same thing, *i.e.*, the documents stolen from Mr. Toberoff's law firm, as distinct from the "cover letter." *See* Docket No. 42 at 17:4-25:10. The Court's April 30, | Defendants' "objections" to the Timeline do not constitute legal objections, but are self-serving arguments aimed at suppressing discovery about the Timeline.  Defendants' arguments also misrepresent the facts regarding disclosure of the Timeline, which was ordered produced in the *Siegel* action, Case No. CV 04-8400, based on the Court's finding that defendants waived any privilege that may have applied. Docket No. 386 (Dec. 4, 2008 Order).  In their motion for a protective order concerning the Timeline in this case, defendants repeated their same arguments from the *Siegel* cases:  the documents sent with the Timeline were stolen; DC Comics improperly handled |

2007 Order imposed various requirements and consequences with respect to the "escrow" documents, but none with respect to the separate "cover letter." *Id.* As Judge Larson's December 3, 2008 order was erroneously based on the premise that the April 30, 2007 Order had addressed the "Toberoff Timeline" and that "law of the case" therefore applied, Judge Larson's ruling was incorrect, and such ruling will be appropriately addressed on appeal. *See* Docket No. 42 at 29:1-30:26.

receipt of the documents; the Timeline was not required to be logged; and Judge Larson misinterpreted an earlier ruling and should not have ordered the Timeline produced. Docket No. 42 at 1-4, 7-39 (Motion PO Timeline). Magistrate Zarefsky denied defendants' motion. Docket No. 74 (Sept. 20, 2010).

In addition to the underlying documents, the Toberoff Timeline itself is potentially admissible—it reflects admissions by defendants in this case and is a statement against interest by a potentially unavailable witness. FRE 801(d)(2), FRE 804(b)(3). As Magistrate Zarefsky ruled, DC Comics is entitled to discovery related to the document. Mr. Petrocelli's declaration explains the need for essential discovery related to the factual issues raised by that document. *See* Docket No. 182 ¶ 54 (Petrocelli Decl.). Neither defendants nor other witnesses (including the Timeline's author) have been examined regarding information contained in the Timeline or the underlying documents, since it was not

DC COMICS' RESPONSES TO DEFENDANTS' EVIDENTIARY OBJECTIONS

|  | produced to DC Comics until after the close of discovery in the *Siegel* cases. |
|---|---|

| **DEFENDANTS' OBJECTION** | **DC COMICS' RESPONSE** |
|---|---|
| 11.   Declarant's reliance and recitation of the "Timeline" only adds to the document's lack of credibility. Petrocelli Decl., ¶ 46, Ex. 31. Declarant deliberately fails to mention in his declaration that the Cover Letter, which the attorney sent to Warner Bros.' General Counsel prior to June 28, 2006, in the midst of the Siegel Litigation, enclosed reams of privileged attorney-client documents stolen by the attorney from Mr. Toberoff's law firm. Tob. Reply Decl., ¶¶ 14-15. *See* Docket No. 42 at 8:13-28. He fails to mention that the thief tried to use the stolen documents and his baseless accusations to persuade the Siegels to fire Toberoff and hire him, and that only after this scheme failed did the thief, in clear breach of his ethical duties, send the mudslinging "Timeline" and the Siegels' and Shusters' privileged | In addition to the underlying documents, the Toberoff Timeline itself is potentially admissible—it reflects admissions by defendants in this case and is a statement against interest by a potentially unavailable witness.  FRE 801(d)(2), FRE 804(b)(3).  As Magistrate Zarefsky ruled, DC Comics is entitled to discovery related to the document.  Mr. Petrocelli's declaration explains the need for essential discovery related to the factual issues raised by that document.  *See* Docket No. 182 ¶ 54 (Petrocelli Decl.).  Neither defendants nor other witnesses (including the Timeline's author) have been examined regarding information contained in the Timeline or the underlying documents, since it was not produced to DC Comics until after the close of discovery in the *Siegel* cases.

Kevin Marks' new declaration is both improper as part of a reply and fails to |

DC COMICS' RESPONSES TO
DEFENDANTS' EVIDENTIARY
OBJECTIONS

| | |
|---|---|
| documents to the opposing party's in-house legal team. *Id.* at 8:7-12. Declarant fails to acknowledge that the Timeline was written by someone with no percipient knowledge of any relevant events, and is obviously inadmissible for any purpose whatsoever. Declarant cannot satisfy his Rule 11 ethical obligations by quoting from the Timeline. *Anderson v. County of Montgomery*, 111 F.3d 494, 501 (7th Cir. 1997) (unreasonable to rely on untrustworthy source), overruled on other grounds, *DeWalt v. Carter*, 224 F.3d 607, 613-18 (7th Cir. 2000). | address many of the key issues. |

| **DEFENDANTS' OBJECTION** | **DC COMICS' RESPONSE** |
|---|---|
| 12.    In determining what weight to give Declarant's reliance on the Timeline, the Court should also consider that Mr. Toberoff is a member in good standing of the California State Bar, just as the Declarant is, and the New York State Bar has received widespread recognition for his work as a leading plaintiff's-side attorney in the | Like much of defendants' submission, this constitutes no cognizable objection. DC Comics addresses this new matter in its concurrently-filed objections to defendants' submission of new evidence with their reply, and simply notes here that this new evidence is inappropriate in a reply, irrelevant, and improper character evidence. |

DC COMICS' RESPONSES TO
DEFENDANTS' EVIDENTIARY
OBJECTIONS

area of copyright and entertainment litigation,. Marc Toberoff has been called the "legal Man of Steel" and a "superhero to rights holders" by *Variety* and a "brilliant crusader for the little guy" by *The New York Times*. Toberoff Decl., ¶¶ 4-13 Exs. B-F. In 2008, 2009 and 2010, Mr. Toberoff was consistently selected as one of the most influential entertainment litigators in the country by *The Hollywood Reporter*. *Id.*, Exs., E-F. In 2009, Mr. Toberoff was honored by *Variety* as a top entertainment Dealmaker. *Id.*, Ex. B. Mr. Toberoff was a speaker at the USC Gould School of Law - Beverly Hills Bar Association 2009 Institute on Entertainment Law and Business. *Id.*, ¶ 8. Mr. Toberoff was also the judge in November 2009 of the semi-finals at the prestigious National Entertainment Law Moot Court Competition. *Id.*

DC COMICS' RESPONSES TO DEFENDANTS' EVIDENTIARY OBJECTIONS

1

Specific Objections

| PETROCELLI DECLARATION |
|---|

¶ 3:  The relevant procedural history is as follows.  DC Comics filed its initial complaint on May 14, 2010.  Docket No. 1.  On August 13, 2010, defendants filed three motions to dismiss and/or strike under Federal Rule of Civil Procedure 12, and a motion to strike under California's anti-SLAPP statute directed to DC Comics' fourth, fifth, and sixth claims for relief, which arise under state law ("Motion to Strike").  Docket Nos. 30-31, 33-34.  DC Comics filed its First Amended Complaint ("FAC") on September 3, 2010.  Docket No. 49.  In light of DC Comics' amendment, the Court issued an order on September 7, 2010 ruling that defendants' four motions were moot.  Docket No. 52.  On September 20, 2010, defendants filed the three pending Rule 12 motions and the Motion to Strike.  Docket Nos. 75, 77-78, 80.  To date, DC Comics has received no discovery from defendants in this action.

| DEFENDANTS' OBJECTION | DC COMICS' RESPONSE |
|---|---|
| 1.      Declarant's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Declarant is testifying as to the purported contents of documents | Defendants assert blanket objections without ever identifying any specific defect. "Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all." *Walker,* 186 F.R.D. at 587.<br><br>As lead counsel for DC Comics, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the |

| | |
|---|---|
| and orders in the record, which speak for themselves. FRE 802, 1002.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. | Court's consideration of defendants' motions. This is routine and proper. *E.g.*, *In re Real Estate Assocs. Ltd. P'Ship Litig.*, 2002 WL 31027557, at *1 ("declarations []based on counsel's analysis of the discovery and pleadings in this case [] are permissible"); *see also Lockheed Martin Corp.*, 70 Fed. Cl. at 750 (denying objection as to personal knowledge based on review of documents); *cf.* CAL. CODE CIV. PROC. § 2009 (exception to hearsay rule for declarations used in motion proceedings). Defendants do not and cannot show that any information has been mischaracterized.<br><br>Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none. FRE 403. |

### PETROCELLI DECLARATION

¶ 4: Because defendants' Motion to Strike raises factual issues that require discovery to fully and fairly address, DC Comics requests, pursuant to Rule 56(f), that the Court either deny the motion in its entirety, but to the extent not completely denied pursuant to Rule 56(f), issue an order staying resolution of it pending the

DC COMICS' RESPONSES TO
DEFENDANTS' EVIDENTIARY
OBJECTIONS

close of discovery and setting a status conference no earlier than 120 days (on or about January 24, 2011) at which the parties and Court can discuss a final briefing schedule and hearing date on defendants' Motion to Strike.

| DEFENDANTS' OBJECTION | DC COMICS' RESPONSE |
|---|---|
| 2.    Declarant's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Declarant is testifying as to the purported contents of a document in the record, which speaks for itself. FRE 802, 1002.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. | Defendants assert blanket objections without ever identifying any specific defect. "Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all." *Walker,* 186 F.R.D. at 587.<br><br>As lead counsel for DC Comics, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. This is routine and proper. *E.g.*, *In re Real Estate Assocs. Ltd. P'Ship Litig.*, 2002 WL 31027557, at *1 ("declarations []based on counsel's analysis of the discovery and pleadings in this case [] are permissible"); *see also Lockheed Martin Corp.*, 70 Fed. Cl. at 750 (denying objection as to personal knowledge based on review of documents); *cf.* CAL. CODE CIV. PROC. § 2009 (exception to hearsay rule for |

| | declarations used in motion proceedings). Defendants do not and cannot show that any information has been mischaracterized.<br><br>Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none. FRE 403.<br><br>The evidence cannot be irrelevant or prejudicial, as it describes DC Comics' efforts to commence discovery and therefore relates to DC Comics' need for discovery pursuant to FRCP 56(f). |
|---|---|

| PETROCELLI DECLARATION | |
|---|---|
| ¶ 5:  DC Comics' need for discovery, in the event that motions are not fully denied, is not due to its lack of diligence.  DC Comics tried unsuccessfully for nearly two months to schedule an initial discovery conference pursuant to Rule 26(f) and to commence depositions and written discovery.  Defendants resisted, contending discovery should not commence until they filed and the Court ruled on their motions to dismiss and to strike the complaint.  Therefore, DC Comics served a motion to initiate discovery on August 13, 2010.  Docket No. 44-1 at 2-4, 8-17. | |
| DEFENDANTS' OBJECTION | DC COMICS' RESPONSE |
| 3.      Declarant's statements are not factual evidence, but conclusory | Defendants assert blanket objections without ever identifying any specific |

DC COMICS' RESPONSES TO
DEFENDANTS' EVIDENTIARY
OBJECTIONS

statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.

Hearsay, as Declarant is testifying as to the purported contents of documents, which speak for themselves. FRE 802, 1002. Defendants further object to the abbreviated summaries of the referenced documents as misconstruing the contents of the documents as a whole.

Irrelevant, self serving and prejudicial. FRE 401, 403.

defect. "Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all." *Walker,* 186 F.R.D. at 587.

As lead counsel for DC Comics, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. This is routine and proper. *E.g.*, *In re Real Estate Assocs. Ltd. P'Ship Litig.*, 2002 WL 31027557, at *1 ("declarations []based on counsel's analysis of the discovery and pleadings in this case [] are permissible"); *see also Lockheed Martin Corp.*, 70 Fed. Cl. at 750 (denying objection as to personal knowledge based on review of documents); *cf.* CAL. CODE CIV. PROC. § 2009 (exception to hearsay rule for declarations used in motion proceedings). Defendants do not and cannot show that any information has been mischaracterized.

Moreover, the evidence presents no

DC COMICS' RESPONSES TO
DEFENDANTS' EVIDENTIARY
OBJECTIONS

| | danger of unfair prejudice to defendants, and defendants have identified none. FRE 403.<br><br>The evidence cannot be irrelevant or prejudicial, as it describes DC Comics' efforts to commence discovery and therefore relates to DC Comics' need for discovery pursuant to FRCP 56(f). |
|---|---|

### PETROCELLI DECLARATION

¶ 6:  The parties conducted their Rule 26(f) initial discovery conference on August 16, 2010, the earliest date defendants would agree to it.  The next day, DC Comics served deposition notices and requests for production of documents on defendants Joanne Siegel, Laura Siegel Larson, Jean Peavy, and Mark Peary.

| DEFENDANTS' OBJECTION | DC COMICS' RESPONSE |
|---|---|
| 4.      Declarant's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court. Hearsay, as Declarant is testifying as to the purported contents of documents, which speak for themselves. FRE 802, 1002. Defendants | Defendants assert blanket objections without ever identifying any specific defect. "Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all." *Walker,* 186 F.R.D. at 587.<br><br>As lead counsel for DC Comics, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the |

DC COMICS' RESPONSES TO
DEFENDANTS' EVIDENTIARY
OBJECTIONS

| | |
|---|---|
| further object to the abbreviated summaries of the referenced documents as misconstruing the contents of the documents as a whole.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. | Court's consideration of defendants' motions.  This is routine and proper. *E.g.*, *In re Real Estate Assocs. Ltd. P'Ship Litig.*, 2002 WL 31027557, at *1 ("declarations []based on counsel's analysis of the discovery and pleadings in this case [] are permissible"); *see also Lockheed Martin Corp.*, 70 Fed. Cl. at 750 (denying objection as to personal knowledge based on review of documents); *cf.* CAL. CODE CIV. PROC. § 2009 (exception to hearsay rule for declarations used in motion proceedings). Defendants do not and cannot show that any information has been mischaracterized.<br><br>Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none. FRE 403.<br><br>The evidence cannot be irrelevant or prejudicial, as it describes DC Comics' efforts to commence discovery and therefore relates to DC Comics' need for discovery pursuant to FRCP 56(f). |

DC COMICS' RESPONSES TO
DEFENDANTS' EVIDENTIARY
OBJECTIONS

| | |
|---|---|
| | Paragraph 6 contains no citations to documents, abbreviated or otherwise. |

### PETROCELLI DECLARATION

¶ 7:  Defendants filed two motions seeking to stay and/or limit discovery. Defendants' first motion, filed at the same time as DC Comics' motion to initiate discovery, sought to bar discovery regarding an anonymous letter written by a former colleague of defendant Marc Toberoff titled "Superman – Marc Toberoff Timeline," whose identity Mr. Toberoff and his co-defendants have declined to disclose.  As alleged in DC Comics' complaint, "[t]he Toberoff Timeline describes and discloses Toberoff's wrongful activities in pursuing the Siegel and Shuster Heirs' putative interests in the Superman rights," FAC ¶ 103—conduct on which DC Comics' claims for relief are based, particularly the fourth, fifth, and sixth claims that are the subject of the Motion to Strike.  The Toberoff Timeline first surfaced during the related Siegel case, Case Nos. CV-04-8400, CV-04-8776.  To prevent DC Comics from obtaining and using this document, Toberoff and the Siegels asserted that it was exempt from discovery on the ground of privilege, but this position was rejected by the Court and the Toberoff Timeline was ordered to be produced.  The Timeline was produced to DC Comics on December 12, 2008.  In their motion in this case to bar use of the Timeline, defendants repeated many of the same arguments from the Siegel case, asserting the Timeline was privileged and DC Comics was not entitled to use it in discovery.  Magistrate Zarefsky denied defendants' motion on September 20, 2010, specifying:  "There shall be no limit to the subject matter covered in the depositions."  Docket No. 74.  Defendants admitted that the author was formerly employed at Mr. Toberoff's law firm, but refused to divulge the person's identity.  Case No. 04-8400, Docket No. 477 ¶¶ 33-

34.  Attached hereto as Exhibit 39 is a true and correct copy of an August 16, 2010 letter from Daniel Petrocelli to Marc Toberoff and Richard Kendall addressing this issue.  DC Comics will seek to compel defendants to disclose that information so that DC Comics may depose the author and others about the numerous activities and events catalogued in the document.

| DEFENDANTS' OBJECTION | DC COMICS' RESPONSE |
|---|---|
| 5.      Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Declarant's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Declarant is testifying as to the purported contents of documents, which speak for themselves. FRE 802, 1002. Defendants further object to the abbreviated summaries of the referenced documents as misconstruing the contents of the documents as a whole.<br><br>Irrelevant, self serving and prejudicial. | Defendants' "objections" to the Timeline do not constitute legal objections, but are self-serving arguments aimed at suppressing discovery about the Timeline.  Defendants' arguments also misrepresent the facts regarding disclosure of the Timeline, which was ordered produced in the *Siegel* action, Case No. CV 04-8400, based on the Court's finding that defendants waived any privilege that may have applied. Docket No. 386 (Dec. 4, 2008 Order).  In their motion for a protective order concerning the Timeline in this case, defendants repeated their same arguments from the *Siegel* cases:  the documents sent with the Timeline were stolen; DC Comics improperly handled receipt of the documents; the Timeline was not required to be logged; and Judge Larson misinterpreted an earlier ruling |

DC COMICS' RESPONSES TO
DEFENDANTS' EVIDENTIARY
OBJECTIONS

FRE 401, 403.

**Exhibit 39**: Hearsay, FRE 801, 802. Irrelevant, self serving and prejudicial. FRE 401, 403.

and should not have ordered the Timeline produced. Docket No. 42 at 1-4, 7-39 (Mot. PO Timeline). Magistrate Zarefsky denied defendants' motion. Docket No. 74 (Sept. 20, 2010 Order).

In addition to the underlying documents, the Toberoff Timeline itself is potentially admissible—it reflects admissions by defendants in this case and is a statement against interest by a potentially unavailable witness. FRE 801(d)(2), FRE 804(b)(3). As Magistrate Zarefsky ruled, DC Comics is entitled to discovery related to the document. Mr. Petrocelli's declaration explains the need for essential discovery related to the factual issues raised by that document. *See* Docket No. 182 ¶ 54 (Petrocelli Decl.). Neither defendants nor other witnesses (including the Timeline's author) have been examined regarding information contained in the Timeline or the underlying documents, since it was not produced to DC Comics until after the close of discovery in the *Siegel* cases.

DC COMICS' RESPONSES TO DEFENDANTS' EVIDENTIARY OBJECTIONS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Defendants assert blanket objections without ever identifying any specific defect.  "Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all." *Walker,* 186 F.R.D. at 587.

As lead counsel for DC Comics, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions.  This is routine and proper. *E.g.*, *In re Real Estate Assocs. Ltd. P'Ship Litig.*, 2002 WL 31027557, at *1 ("declarations []based on counsel's analysis of the discovery and pleadings in this case [] are permissible"); *see also Lockheed Martin Corp.*, 70 Fed. Cl. at 750 (denying objection as to personal knowledge based on review of documents); *cf.* CAL. CODE CIV. PROC. § 2009 (exception to hearsay rule for declarations used in motion proceedings). Defendants do not and cannot show that any information has been mischaracterized.

DC COMICS' RESPONSES TO DEFENDANTS' EVIDENTIARY OBJECTIONS

1

2

3    Moreover, the evidence presents no

4    danger of unfair prejudice to defendants,

     and defendants have identified none.
5
     FRE 403.
6

7    The evidence cannot be irrelevant or

8    prejudicial, as it describes DC Comics'

9    efforts to commence discovery and

10   therefore relates to DC Comics' need for

11   discovery pursuant to FRCP 56(f).

12

13   The Petrocelli Declaration attached

14   complete copies of the documents and

15   other sources of evidence it cited for the

16   Court's review.  Defendants' blanket and

17   non-specific objections that documents

18   were mischaracterized or taken out of

19   context are baseless, because they

20   identify no specific defect and because

21   full copies of all the evidence was

22   provided.

23

24   **Exhibit 39**:  The objections fail for the

25   same reasons stated above.

26

27

28

DC COMICS' RESPONSES TO
DEFENDANTS' EVIDENTIARY
OBJECTIONS

| PETROCELLI DECLARATION |
|---|
| ¶ 8:  Defendants' second motion sought to stay the four depositions noticed by DC Comics on August 17 pending resolution of their Rule 12 motions and Motion to Strike.  Defendants argued, among other things, that because Ms. Siegel, Ms. Larson, Ms. Peavy, and Mr. Peary had been deposed in the Siegel case, their depositions in this case "should be strictly limited, to avoid subjecting these witnesses to duplicative questioning on the same subject matter...."  Docket No. 61 at 25.  As DC Comics explained in its opposition and discusses below, the witnesses' limited depositions in the Siegel case had little relevance to the claims and issues in this case.  Docket No. 61 at 5-7, 32-55.  On September 20, 2010, Magistrate Zarefsky granted in part and denied in part defendants' motion, ordering that the depositions would be stayed until November 15, 2010, but then could commence thereafter.  Docket No. 74.  Judge Zarefsky also denied DC Comics motion to initiate discovery, because by the time the motion was heard, DC Comics had served the four pending deposition notices. |

| DEFENDANTS' OBJECTION | DC COMICS' RESPONSE |
|---|---|
| 6.      Declarant's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Declarant is testifying as to the purported contents of documents, | Defendants assert blanket objections without ever identifying any specific defect. "Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all." *Walker,* 186 F.R.D. at 587.<br><br>As lead counsel for DC Comics, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the |

DC COMICS' RESPONSES TO
DEFENDANTS' EVIDENTIARY
OBJECTIONS

| | |
|---|---|
| which speak for themselves. FRE 802, 1002. Defendants further object to these abbreviated summaries of the referenced documents as misconstruing the content of the document as a whole.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. | Court's consideration of defendants' motions.  This is routine and proper. *E.g.*, *In re Real Estate Assocs. Ltd. P'Ship Litig.*, 2002 WL 31027557, at *1 ("declarations []based on counsel's analysis of the discovery and pleadings in this case [] are permissible"); *see also Lockheed Martin Corp.*, 70 Fed. Cl. at 750 (denying objection as to personal knowledge based on review of documents); *cf.* CAL. CODE CIV. PROC. § 2009 (exception to hearsay rule for declarations used in motion proceedings). Defendants do not and cannot show that any information has been mischaracterized.<br><br>Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none. FRE 403.<br><br>The evidence cannot be irrelevant or prejudicial, as it describes DC Comics' efforts to commence discovery and therefore relates to DC Comics' need for discovery pursuant to FRCP 56(f). |

DC COMICS' RESPONSES TO DEFENDANTS' EVIDENTIARY OBJECTIONS

| PETROCELLI DECLARATION |
|---|

¶ 9:  Following Magistrate Zarefsky's rulings, on September 20, 2010, defendants served over 150 pages of objections to DC Comics' document requests contained in the four notices of deposition served on August 17.  Defendants produced no documents.  DC Comics anticipates promptly filing a motion to compel production of the requested documents.  I anticipate discovery in this case will take at least six months.

| DEFENDANTS' OBJECTION | DC COMICS' RESPONSE |
|---|---|
| 7.     Declarant's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Declarant is testifying as to the purported contents of documents, which speak for themselves. FRE 802, 1002.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. | Defendants assert blanket objections without ever identifying any specific defect.  "Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all." *Walker,* 186 F.R.D. at 587.<br><br>As lead counsel for DC Comics, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions.  This is routine and proper. *E.g.*, *In re Real Estate Assocs. Ltd. P'Ship Litig.*, 2002 WL 31027557, at *1 ("declarations []based on counsel's analysis of the discovery and pleadings in this case [] are permissible"); *see also* |

| | |
|---|---|
| | *Lockheed Martin Corp.*, 70 Fed. Cl. at 750 (denying objection as to personal knowledge based on review of documents); *cf.* CAL. CODE CIV. PROC. § 2009 (exception to hearsay rule for declarations used in motion proceedings). Defendants do not and cannot show that any information has been mischaracterized.

Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none. FRE 403.

The evidence cannot be irrelevant or prejudicial, as it describes DC Comics' efforts to commence discovery and therefore relates to DC Comics' need for discovery pursuant to FRCP 56(f). |

### PETROCELLI DECLARATION

¶ 10:  According to a 2006 published website for one of Mr. Toberoff's companies, "Intellectual Properties Worldwide" or "IPW":

> [Toberoff] is an *intellectual property expert, entrepreneur and producer*....  Prior to founding IPW, Mr. Toberoff acquired theatrical film, pay TV, merchandising and publishing rights to the classic television series: *My Favorite Martian*, *Fantasy Island*, *The Wild Wild West*....  Mr. Toberoff's efforts led to Sony's feature film, *I SPY*,

DC COMICS' RESPONSES TO
DEFENDANTS' EVIDENTIARY
OBJECTIONS

starring Eddie Murphy and Owen Wilson (2002), which he executive produced, Disney's feature film, *My Favorite Martian* (1998) ... which Mr. Toberoff produced....

(Emphasis added.)  The website also stated: "IPW manages an impressive library of over 250 popular literary titles.  In order to monetize these assets, IPW has strategic partnership with top talent agencies and production companies...."

Attached hereto as Exhibit 1 is a true and correct copy of a January 4, 2006 version of the www.ipwla.com website.

| DEFENDANTS' OBJECTION | DC COMICS' RESPONSE |
|---|---|
| 8.     Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Declarant's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Declarant is testifying as to the purported contents of a document, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced document as misconstruing the content of the document as a whole. | Defendants assert blanket objections without ever identifying any specific defect.  "Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all." *Walker,* 186 F.R.D. at 587.<br><br>As lead counsel for DC Comics, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions.  This is routine and proper. *E.g.*, *In re Real Estate Assocs. Ltd. P'Ship Litig.*, 2002 WL 31027557, at *1 ("declarations []based on counsel's analysis of the discovery and pleadings in this case [] are permissible"); *see also* |

DC COMICS' RESPONSES TO DEFENDANTS' EVIDENTIARY OBJECTIONS

| | |
|---|---|
| Irrelevant, self serving and prejudicial. FRE 401, 403.<br><br>**Exhibit 1**: Lack of foundation, FRE 602. Hearsay, FRE 801, 802. Irrelevant, self serving and prejudicial. FRE 401, 403. | *Lockheed Martin Corp.*, 70 Fed. Cl. at 750 (denying objection as to personal knowledge based on review of documents); *cf.* CAL. CODE CIV. PROC. § 2009 (exception to hearsay rule for declarations used in motion proceedings). Defendants do not and cannot show that any information has been mischaracterized.<br><br>Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none. FRE 403.<br><br>The evidence submitted contains admissions by party-opponents because it is a website setup by Mr. Toberoff to describe his activities as a film producer and the capabilities of his company Intellectual Properties Worldwide.  FRE 801(d)(2).<br><br>The evidence is relevant, among other reasons, because it proves Mr. Toberoff's business conduct at issue in DC Comics' fourth, fifth, and sixth claims.  FRE 401. |

DC COMICS' RESPONSES TO
DEFENDANTS' EVIDENTIARY
OBJECTIONS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Moreover, the evidence presents no danger of unfair prejudice to defendants and defendants have identified none. FRE 403.

The Petrocelli Declaration attached complete copies of the documents and other sources of evidence it cited for the Court's review. Defendants' blanket and non-specific objections that documents were mischaracterized or taken out of context are baseless, because they identify no specific defect and because full copies of all the evidence was provided.

**Exhibit 1**: The objections fail for the same reasons stated above.

Defendants do not dispute the accuracy of the evidence's depiction of Mr. Toberoff's actions as a businessperson, nor could they since defendants authored and published the webpage.

DC COMICS' RESPONSES TO
DEFENDANTS' EVIDENTIARY
OBJECTIONS

| PETROCELLI DECLARATION | |
|---|---|
| ¶ 11:  The Internet Movie Database website, IMDB.com, identifies Mr. Toberoff as a producer of 11 films and Intellectual Properties Worldwide as a production company for six films.  Attached hereto as Exhibit 2 is a true and correct copy of the Internet Movie Database listings for Marc Toberoff and Intellectual Properties Worldwide as they appeared on September 26, 2010. | |
| **DEFENDANTS' OBJECTION** | **DC COMICS' RESPONSE** |
| 9.      Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Declarant's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Declarant is testifying as to the purported contents of a document, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced document as misconstruing the content of the document as a whole.<br><br>Irrelevant, self serving and prejudicial. | Defendants assert blanket objections without ever identifying any specific defect.  "Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all." *Walker,* 186 F.R.D. at 587.<br><br>As lead counsel for DC Comics, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions.  This is routine and proper. *E.g.*, *In re Real Estate Assocs. Ltd. P'Ship Litig.*, 2002 WL 31027557, at *1 ("declarations []based on counsel's analysis of the discovery and pleadings in this case [] are permissible"); *see also Lockheed Martin Corp.*, 70 Fed. Cl. at 750 (denying objection as to personal |

| | |
|---|---|
| 1 | |

FRE 401, 403.

**Exhibit 2**: Lack of foundation, FRE 602. Hearsay, FRE 801, 802. Irrelevant, self serving and prejudicial. FRE 401, 403.

knowledge based on review of documents); *cf.* CAL. CODE CIV. PROC. § 2009 (exception to hearsay rule for declarations used in motion proceedings). Defendants do not and cannot show that any information has been mischaracterized.

Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none. FRE 403.

The exhibit described is a business record. FRE 803(6).

The evidence is relevant, among other reasons, because it proves Mr. Toberoff's business conduct at issue in DC Comics' fourth, fifth, and sixth claims, among other purposes. FRE 401. Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none. FRE 403.

The Petrocelli Declaration attached complete copies of the documents and

DC COMICS' RESPONSES TO
DEFENDANTS' EVIDENTIARY
OBJECTIONS

other sources of evidence it cited for the Court's review.  Defendants' blanket and non-specific objections that documents were mischaracterized or taken out of context are baseless, because they identify no specific defect and because full copies of all the evidence was provided.

**Exhibit 2**:  The objections fail for the same reasons stated above.

Notably, defendants do not dispute the accuracy of the evidence's depiction of Mr. Toberoff's actions as a businessperson or those of his companies.

| PETROCELLI DECLARATION |
| --- |

¶ 12:  According to a published profile of Mr. Toberoff:

> Toberoff's penchant for biting the hand he hopes will feed him later—a rare duality that has *him acting as a lawyer one minute, a movie producer the next*—has made him a target for criticism.  "It's a cagey thing to do, but I don't think admiration comes with it," says Karen Kehela Sherwood, who, as co-chair of Imagine Films, a division of Brian Grazer and Ron Howard's Imagine Entertainment, has been pitched by Toberoff.  "*He's not someone who hats have to go off to*."

(Emphasis added.)  Attached hereto as Exhibit 3 is a true and correct copy of an article titled "Nastier Than a Speeding Bullet," published on profile.com and dated September 17, 2007.

DC COMICS' RESPONSES TO DEFENDANTS' EVIDENTIARY OBJECTIONS

| DEFENDANTS' OBJECTION | DC COMICS' RESPONSE |
|---|---|
| 10.    Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Declarant's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Declarant is testifying as to the purported contents of a document, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced document as misconstruing the content of the document as a whole.<br><br>Double hearsay, as Declarant is testifying as to the purported statements made by an individual to another individual within the document within the document. FRE 802, 1002.<br><br>Impermissible character evidence. FRE | Defendants assert blanket objections without ever identifying any specific defect. "Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all." *Walker,* 186 F.R.D. at 587.<br><br>As lead counsel for DC Comics, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions.  This is routine and proper. *E.g.*, *In re Real Estate Assocs. Ltd. P'Ship Litig.*, 2002 WL 31027557, at *1 ("declarations []based on counsel's analysis of the discovery and pleadings in this case [] are permissible"); *see also Lockheed Martin Corp.*, 70 Fed. Cl. at 750 (denying objection as to personal knowledge based on review of documents); *cf.* CAL. CODE CIV. PROC. § 2009 (exception to hearsay rule for declarations used in motion proceedings). Defendants do not and cannot show that any information has been |

| | |
|---|---|
| 404. | mischaracterized. |
| Irrelevant, self serving and prejudicial. FRE 401, 403. | The exhibit described contains statements of reputation among associates, including the fact that Toberoff is well known to "act[] as a lawyer one minute, a movie producer the nest," which "has made him a target for criticism." FRE 803(21). |
| **Exhibit 3**: Lack of foundation, FRE 602. Hearsay, FRE 801, 802. Irrelevant, self serving and prejudicial. FRE 401, 403. | |
| | The evidence is relevant to Mr. Toberoff's business conduct, at issue in DC Comics' fourth, fifth, and sixth claims, among other purposes, and also refutes defendants' assertion that the SLAPP statute applies here, not to prove conformity with any character. FRE 404. This evidence shows Mr. Toberoff's history and course of conduct as a business person as admitted by him and recognized by others. FRE 401. The evidence presents no danger of unfair prejudice to defendants, and defendants have identified none. FRE 403. |
| | The Petrocelli Declaration attached complete copies of the documents and other sources of evidence it cited for the |

48

| | |
|---|---|
| | Court's review.  Defendants' blanket and non-specific objections that documents were mischaracterized or taken out of context are baseless, because they identify no specific defect and because full copies of all the evidence was provided.<br><br>**Exhibit 3**:  The objections fail for the same reasons stated above.<br><br>Defendants do not dispute the accuracy of the evidence's depiction of Mr. Toberoff's conduct in dual roles as a businessman and lawyer. |

| **PETROCELLI DECLARATION** |
|---|
| ¶ 13:  According to a Wall Street Journal article discussing Mr. Toberoff:<br><br>      Mr. Toberoff has pursued another line of work: producing.  His Intellectual Properties Worldwide has acquired remake rights to classics like "High Sierra" and "The Asphalt Jungle...."  This could theoretically put him in a delicate position, since *he is representing TV-show creators suing studios, while his production company seeks the cooperation of studios* that's required to fund and distribute Hollywood films.  Mr. Toberoff says he is aware of this potential conflict and "*keeps a defined firewall between producing and legal matters*."<br><br>(Emphasis added.)  Attached hereto as Exhibit 4 is a true and correct copy of an article titled "The Rights Stuff," published in The Wall Street Journal on July 15, 2005. |

| DEFENDANTS' OBJECTION | DC COMICS' RESPONSE |
|---|---|
| 11.    Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Declarant's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Declarant is testifying as to the purported contents of a document, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced document as misconstruing the content of the document as a whole.<br><br>Double hearsay, as Declarant is testifying as to the purported statements made by an individual to another individual within the document within the document. FRE 802, 1002.<br><br>Impermissible character evidence. FRE | Defendants assert blanket objections without ever identifying any specific defect. "Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all." *Walker,* 186 F.R.D. at 587.<br><br>As lead counsel for DC Comics, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions.  This is routine and proper. *E.g.*, *In re Real Estate Assocs. Ltd. P'Ship Litig.*, 2002 WL 31027557, at *1 ("declarations []based on counsel's analysis of the discovery and pleadings in this case [] are permissible"); *see also Lockheed Martin Corp.*, 70 Fed. Cl. at 750 (denying objection as to personal knowledge based on review of documents); *cf.* CAL. CODE CIV. PROC. § 2009 (exception to hearsay rule for declarations used in motion proceedings).  Defendants do not and cannot show that any information has been |

| | |
|---|---|
| 404. | mischaracterized. |
| Irrelevant, self serving and prejudicial. FRE 401, 403. | The exhibit described contains admissions by party-opponents, specifically Mr. Toberoff's statement that he "keeps a defined firewall between producing and legal matters."  FRE 801(d)(2).  FRE 803(21). |
| **Exhibit 4**: Lack of foundation, FRE 602.  Hearsay, FRE 801, 802. Impermissible character evidence. FRE 404. Irrelevant, self serving and prejudicial. FRE 401, 403. | The evidence is relevant to Mr. Toberoff's business conduct, at issue in DC Comics' fourth, fifth, and sixth claims, among other purposes, and also refutes defendants' assertion that the SLAPP statute applies here, not to prove conformity with any character.  FRE 404. This evidence shows Mr. Toberoff's history and course of conduct as a business person as admitted by him and recognized by others.  FRE 401.  The evidence presents no danger of unfair prejudice to defendants, and defendants have identified none.  FRE 403. |
| | The Petrocelli Declaration attached complete copies of the documents and |

other sources of evidence it cited for the Court's review.  Defendants' blanket and non-specific objections that documents were mischaracterized or taken out of context are baseless, because they identify no specific defect and because full copies of all the evidence was provided.

**Exhibit 4**:  The objections fail for the same reasons stated above.

Defendants do not dispute the accuracy of the evidence's depiction of Mr. Toberoff's actions as involving a potential conflict of interest, nor do they dispute the accuracy of Mr. Toberoff's quote.

| PETROCELLI DECLARATION |
| --- |

¶ 14:  This case is not the first time Mr. Toberoff and his companies have been sued for alleged business misconduct.  Attached hereto as Exhibit 5 is a true and correct copy of a complaint filed against Mr. Toberoff and Pacific Pictures Corporation in Los Angeles Superior Court on February 28, 1997 (*Alomar v. Cavana*, Case No. BC166806).  Attached hereto as Exhibit 6 is a true and correct copy of a complaint filed against Marc Toberoff and Intellectual Properties Worldwide in Los Angeles

DC COMICS' RESPONSES TO
DEFENDANTS' EVIDENTIARY
OBJECTIONS

Superior Court on December 14, 2009 (*Leeds v. Van Leeuwan*, Case No. SC106045).

| DEFENDANTS' OBJECTION | DC COMICS' RESPONSE |
|---|---|
| 12.    Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Declarant's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Declarant is testifying as to the purported contents of documents, which speak for themselves. FRE 802, 1002.<br><br>Impermissible character evidence. FRE 404.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403.<br><br>**Exhibit 5**: Lack of foundation, FRE 602. Hearsay, FRE 801, 802. Irrelevant, | Defendants assert blanket objections without ever identifying any specific defect.  "Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all." *Walker,* 186 F.R.D. at 587.<br><br>As lead counsel for DC Comics, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions.  This is routine and proper. *E.g.*, *In re Real Estate Assocs. Ltd. P'Ship Litig.*, 2002 WL 31027557, at *1 ("declarations []based on counsel's analysis of the discovery and pleadings in this case [] are permissible"); *see also Lockheed Martin Corp.*, 70 Fed. Cl. at 750 (denying objection as to personal knowledge based on review of documents); *cf.* CAL. CODE CIV. PROC. § 2009 (exception to hearsay rule for declarations used in motion proceedings). |

| | |
|---|---|
| self serving and prejudicial. FRE 401, 403, 404. | Defendants do not and cannot show that any information has been mischaracterized. |
| **Exhibit 6**: Lack of foundation, FRE 602. Hearsay, FRE 801, 802. Irrelevant, self serving and prejudicial. FRE 401, 403, 404. | The exhibits described are public records. FRE 803(8).<br><br>The evidence is relevant to Mr. Toberoff's business conduct, at issue in DC Comics' fourth, fifth, and sixth claims, among other purposes, and also refutes defendants' assertion that the SLAPP statute applies here, not to prove conformity with any character.  FRE 404. This evidence shows Mr. Toberoff's history and course of conduct as a business person as admitted by him and recognized by others.  FRE 401.  The evidence presents no danger of unfair prejudice to defendants, and defendants have identified none.  FRE 403.<br><br>The Petrocelli Declaration attached complete copies of the documents and other sources of evidence it cited for the Court's review.  Defendants' blanket and non-specific objections that documents |

were mischaracterized or taken out of context are baseless, because they identify no specific defect and because full copies of all the evidence was provided.

**Exhibit 5**: The objections fail for the same reasons stated above.

**Exhibit 6**: The objections fail for the same reasons stated above.

Defendants do not dispute that these cases evidence suits for business interference and/or fraud against Mr. Toberoff in a non-lawyer capacity.

| PETROCELLI DECLARATION |
|---|

¶ 15:  Joseph Shuster, who co-created Superman with Jerome Siegel, died on July 30, 1992.  Ex. 7.  He left two siblings, Jean Peavy and Frank Shuster, Ex. 8, as well as a nephew, Mark Warren Peary, Ex. 7.  In 2003, Ms. Peavy and Mr. Peary initiated a probate action in Los Angeles Superior Court to probate Joseph Shuster's purported will.  Attached hereto as Exhibit 7 is a true and correct copy of an Order Admitting Will To Probate, Appointing Executor and Authorizing Independent Administration of Estate with Limited Authority entered on October 7, 2003 in that action.

| DEFENDANTS' OBJECTION | DC COMICS' RESPONSE |
|---|---|
| 13.    Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Declarant's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Declarant is testifying as to the purported contents of a document, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced document as misconstruing the content of the document as a whole.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. | Defendants assert blanket objections without ever identifying any specific defect. "Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all." *Walker,* 186 F.R.D. at 587.<br><br>As lead counsel for DC Comics, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. This is routine and proper. *E.g.*, *In re Real Estate Assocs. Ltd. P'Ship Litig.*, 2002 WL 31027557, at *1 ("declarations []based on counsel's analysis of the discovery and pleadings in this case [] are permissible"); *see also Lockheed Martin Corp.*, 70 Fed. Cl. at 750 (denying objection as to personal knowledge based on review of documents); *cf.* CAL. CODE CIV. PROC. § 2009 (exception to hearsay rule for declarations used in motion proceedings). Defendants do not and cannot show that any information has been |

DC COMICS' RESPONSES TO
DEFENDANTS' EVIDENTIARY
OBJECTIONS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

mischaracterized.

The referenced facts and documents are not in dispute.  Defendants identify no inaccuracies in them.

The exhibit described contains admissions by party-opponents because they are the documents through which the Shuster Estate was established, prior to exercising the estate's purported termination right.  FRE 801(d)(2).  The exhibit is also a public record. FRE 803(8).

The evidence is relevant because it shows DC Comics' history with the Shusters, at issue in DC Comics' fourth claim, among other purposes.  FRE 401.  Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none.  FRE 403.

The Petrocelli Declaration attached complete copies of the documents and other sources of evidence it cited for the Court's review.  Defendants' blanket and

DC COMICS' RESPONSES TO DEFENDANTS' EVIDENTIARY OBJECTIONS

| | non-specific objections that documents were mischaracterized or taken out of context are baseless, because they identify no specific defect and because full copies of all the evidence was provided. |
|---|---|

| **PETROCELLI DECLARATION** |
|---|

¶ 16: On August 21, 1992, Ms. Peavy sent a letter to Time Warner and DC Comics explaining that she was the sole heir to Shuster's estate and that Shuster had left "a crushing burden of unpaid debts and bills and only a tiny estate." She asked that Time Warner and DC Comics "pay his final debts and expenses." Attached hereto as Exhibit 8 is a true and correct copy of that letter. DC Comics agreed to pay Shuster's debts and increase Frank Shuster's annual survivor payments under a 1975 agreement.

| **DEFENDANTS' OBJECTION** | **DC COMICS' RESPONSE** |
|---|---|
| 14.    Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Declarant's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court. | Defendants assert blanket objections without ever identifying any specific defect. "Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all." *Walker,* 186 F.R.D. at 587.<br><br>As lead counsel for DC Comics, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the |

| | |
|---|---|
| Hearsay, as Declarant is testifying as to the purported content of a document, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced document as misconstruing the content of the document as a whole.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403.<br><br>**Exhibit 8**: Lack of foundation, FRE 602. Hearsay, FRE 801, 802. Irrelevant, self serving and prejudicial. FRE 401, 403. | Court's consideration of defendants' motions.  This is routine and proper. *E.g.*, *In re Real Estate Assocs. Ltd. P'Ship Litig.*, 2002 WL 31027557, at *1 ("declarations []based on counsel's analysis of the discovery and pleadings in this case [] are permissible"); *see also Lockheed Martin Corp.*, 70 Fed. Cl. at 750 (denying objection as to personal knowledge based on review of documents); *cf.* CAL. CODE CIV. PROC. § 2009 (exception to hearsay rule for declarations used in motion proceedings). Defendants do not and cannot show that any information has been mischaracterized.<br><br>The referenced facts and documents are not in dispute.  Defendants identify no inaccuracies in them.<br><br>The exhibit described contain admissions by party-opponents because it contains representations by Ms. Peavy that induced DC Comics to enter into the 1992 Agreement, that fully and finally settled any rights claimed by the Siegels |

DC COMICS' RESPONSES TO DEFENDANTS' EVIDENTIARY OBJECTIONS

in the Superman property.  FRE 801(d)(2).  The exhibit is also an ancient document. FRE 803(16).

The evidence is relevant because it shows DC Comics' history with the Shusters, at issue in DC Comics' fourth claim, among other purposes.  FRE 401.  Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none.  FRE 403.

The Petrocelli Declaration attached complete copies of the documents and other sources of evidence it cited for the Court's review.  Defendants' blanket and non-specific objections that documents were mischaracterized or taken out of context are baseless, because they identify no specific defect and because full copies of all the evidence was provided.

**Exhibit 8**: The objections fail for the same reasons stated above.

| PETROCELLI DECLARATION |
|---|

¶ 17:  On September 10, 1992, Frank Shuster sent a letter to DC Comics stating:

> [Jean] pointed out that my income tax as a single individual would be higher than hers as a married person. She made the suggestion that if payments were made in her name, she would not pursue the termination of the Superman copyright as provided for to creators' heirs in the 1976 U.S. Copyright Act....

Attached hereto as Exhibit 9 is a true and correct copy of a letter dated September 10, 1992 from Frank Shuster to Paul Levitz of DC Comics.

| DEFENDANTS' OBJECTION | DC COMICS' RESPONSE |
|---|---|
| 15.    Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Hearsay, as Declarant is testifying as to the purported contents of documents, which speak for themselves. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced document as misconstruing the content of the document as a whole.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. | Defendants assert blanket objections without ever identifying any specific defect.  "Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all." *Walker,* 186 F.R.D. at 587.<br><br>As lead counsel for DC Comics, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions.  This is routine and proper. *E.g.*, *In re Real Estate Assocs. Ltd. P'Ship Litig.*, 2002 WL 31027557, at *1 ("declarations []based on counsel's analysis of the discovery and pleadings in this case [] are permissible"); *see also* |

DC COMICS' RESPONSES TO DEFENDANTS' EVIDENTIARY OBJECTIONS

*Lockheed Martin Corp.*, 70 Fed. Cl. at 750 (denying objection as to personal knowledge based on review of documents); *cf.* CAL. CODE CIV. PROC. § 2009 (exception to hearsay rule for declarations used in motion proceedings). Defendants do not and cannot show that any information has been mischaracterized.

The referenced facts and documents are not in dispute.  Defendants identify no inaccuracies in them.

The exhibit described contains admissions by party-opponents and verbal acts—*i.e.,* promises Frank Shuster and Jean Peavy made to DC Comics. FRE 801(d)(2); FRE 801(c).

The evidence is relevant because it shows DC Comics' history with the Shusters, at issue in DC Comics' fourth claim, among other purposes.  FRE 401.  Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none.  FRE 403.

DC COMICS' RESPONSES TO
DEFENDANTS' EVIDENTIARY
OBJECTIONS

|  | The Petrocelli Declaration attached complete copies of the documents and other sources of evidence it cited for the Court's review.  Defendants' blanket and non-specific objections that documents were mischaracterized or taken out of context are baseless, because they identify no specific defect and because full copies of all the evidence was provided. |
|---|---|

| **PETROCELLI DECLARATION** |
|---|

¶ 18:  DC Comics entered into an agreement with Jean Peavy and Frank Shuster on August 1, 1992 ("1992 Agreement"), which provided:

> [T]his agreement fully settles all claims to any payments or other rights or remedies which you may have under any other agreement or otherwise, whether now or hereafter existing regarding any copyrights, trademarks, or other property right in any and all work created in whole or in part by your brother, Joseph Shuster, or any works based thereon. *In any event, you now grant to us [DC Comics] any such rights and release us, our licensees and all others acting with our permission, and covenant not to assert any claim of right, by suit or otherwise, with respect to the above, now and forever.*

(Emphasis added.)  Attached hereto as Exhibit 10 is a true and correct copy of the August 1, 1992 agreement signed by Jean Peavy, Frank Shuster, and DC Comics.

| **DEFENDANTS' OBJECTION** | **DC COMICS' RESPONSE** |
|---|---|
| 16.    Lack of foundation. Lack of personal knowledge. FRE 602. | Defendants assert blanket objections without ever identifying any specific defect.  "Boilerplate, generalized |

Hearsay, as Declarant is testifying as to the purported content of a document, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced document as misconstruing the content of the document as a whole.

Irrelevant, self serving and prejudicial. FRE 401, 403.

objections are inadequate and tantamount to not making any objection at all." *Walker,* 186 F.R.D. at 587.

As lead counsel for DC Comics, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions.  This is routine and proper. *E.g.*, *In re Real Estate Assocs. Ltd. P'Ship Litig.*, 2002 WL 31027557, at *1 ("declarations []based on counsel's analysis of the discovery and pleadings in this case [] are permissible"); *see also Lockheed Martin Corp.*, 70 Fed. Cl. at 750 (denying objection as to personal knowledge based on review of documents); *cf.* CAL. CODE CIV. PROC. § 2009 (exception to hearsay rule for declarations used in motion proceedings). Defendants do not and cannot show that any information has been mischaracterized.

The referenced facts and documents are not in dispute.  Defendants identify no

DC COMICS' RESPONSES TO
DEFENDANTS' EVIDENTIARY
OBJECTIONS

1

2
inaccuracies in them.

3

4
The exhibit described contains

5
admissions by party-opponents.  FRE

6
801(d)(2).

7

8
The evidence is relevant because it shows

9
DC Comics' history with the Shusters, at

10
issue in DC Comics' fourth claim, among

11
other purposes.  FRE 401.  Moreover, the

12
evidence presents no danger of unfair

13
prejudice to defendants, and defendants

14
have identified none.  FRE 403.

15

16
The Petrocelli Declaration attached

17
complete copies of the documents and

18
other sources of evidence it cited for the

19
Court's review.  Defendants' blanket and

20
non-specific objections that documents

21
were mischaracterized or taken out of

22
context are baseless, because they

23
identify no specific defect and because

24
full copies of all the evidence was

25
provided.

26

27

28

DC COMICS' RESPONSES TO
DEFENDANTS' EVIDENTIARY
OBJECTIONS

| PETROCELLI DECLARATION |
|---|
| ¶ 19:  In a September 7, 1999 letter from Jean Peavy to Paul Levitz, Ms. Peavy wrote, "I have learned from the Internet that Joanne Siegel has filed a copyright claim for SUPERMAN.  I want you to know that I intend to continue to honor our pension agreement."  Attached hereto as Exhibit 11 is a true and correct copy of that letter. |

| DEFENDANTS' OBJECTION | DC COMICS' RESPONSE |
|---|---|
| 17.    Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Hearsay, as Declarant is testifying as to the purported content of a document, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced document as misconstruing the content of the document as a whole.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. | Defendants assert blanket objections without ever identifying any specific defect.  "Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all." *Walker,* 186 F.R.D. at 587.<br><br>As lead counsel for DC Comics, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions.  This is routine and proper. *E.g.*, *In re Real Estate Assocs. Ltd. P'Ship Litig.*, 2002 WL 31027557, at *1 ("declarations []based on counsel's analysis of the discovery and pleadings in this case [] are permissible"); *see also Lockheed Martin Corp.*, 70 Fed. Cl. at 750 (denying objection as to personal |

knowledge based on review of documents); *cf.* CAL. CODE CIV. PROC. § 2009 (exception to hearsay rule for declarations used in motion proceedings). Defendants do not and cannot show that any information has been mischaracterized.

The referenced facts and documents are not in dispute. Defendants identify no inaccuracies in them.

The exhibit described contains admissions by party-opponents because it includes statements by Ms. Peavy that she would continue to honor the 992 Agreement. FRE 801(d)(2).

The evidence is relevant because it shows DC Comics' history with the Shusters, at issue in DC Comics' fourth claim, among other purposes. FRE 401. Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none. FRE 403.

The Petrocelli Declaration attached

DC COMICS' RESPONSES TO DEFENDANTS' EVIDENTIARY OBJECTIONS

|  | complete copies of the documents and other sources of evidence it cited for the Court's review.  Defendants' blanket and non-specific objections that documents were mischaracterized or taken out of context are baseless, because they identify no specific defect and because full copies of all the evidence was provided. |

| **PETROCELLI DECLARATION** |

¶ 20:  In November 2001, Mr. Toberoff's company, Pacific Pictures Corporation, entered into an agreement with Ms. Peavy and Mr. Peary regarding their putative Superman and Superboy rights ("2001 PPC Agreement).  Toberoff executed the agreement as "President" of Pacific Pictures.   Attached hereto as Exhibit 12 is a true and correct copy of this agreement dated November 23, 2001 between Ms. Peavy, Mr. Peary, and Mr. Toberoff on behalf of Pacific Pictures Corporation.

| **DEFENDANTS' OBJECTION** | **DC COMICS' RESPONSE** |
|---|---|
| 18.    Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Declarant's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do | Defendants assert blanket objections without ever identifying any specific defect.  "Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all." *Walker,* 186 F.R.D. at 587.<br><br>As lead counsel for DC Comics, Mr. |

| | |
|---|---|
| not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Declarant is testifying as to the purported content of a document, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced document as misconstruing the content of the document as a whole.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. | Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions.  This is routine and proper. *E.g.*, *In re Real Estate Assocs. Ltd. P'Ship Litig.*, 2002 WL 31027557, at *1 ("declarations []based on counsel's analysis of the discovery and pleadings in this case [] are permissible"); *see also Lockheed Martin Corp.*, 70 Fed. Cl. at 750 (denying objection as to personal knowledge based on review of documents); *cf.* CAL. CODE CIV. PROC. § 2009 (exception to hearsay rule for declarations used in motion proceedings). Defendants do not and cannot show that any information has been mischaracterized.<br><br>The referenced facts and documents are not in dispute.  Defendants identify no inaccuracies in them.<br><br>The exhibit described contains admissions by party-opponents because it is the 2001 PPC Agreement between |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Toberoff and the Shusters, in which the Shusters transferred their purported Superman rights to the joint venture. FRE 801(d)(2).

The evidence is relevant because it relates to Mr. Toberoff's business conduct, at issue in DC Comics' fourth, fifth, and sixth claims, among other purposes.  FRE 401.

The evidence is relevant because it shows DC Comics' history with the Shusters, at issue in DC Comics' fourth claim, among other purposes.  FRE 401.  Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none.  FRE 403.

The Petrocelli Declaration attached complete copies of the documents and other sources of evidence it cited for the Court's review.  Defendants' blanket and non-specific objections that documents were mischaracterized or taken out of context are baseless, because they identify no specific defect and because

70

| | |
|---|---|
| | full copies of all the evidence was provided. |
| | Defendants do not contest the exhibit at all, including the fact that Mr. Toberoff signed the agreements in his role as President of PPC. |

### PETROCELLI DECLARATION

¶ 21:  The 2001 PPC Agreement provides in part:  "[Peavy and Peary] hereby transfer and assign to the Venture their rights, title and interests in the Rights," defined to include the "character, story element, and indicia associated with" Superman and Superboy.  Ex. 12 ¶¶ 1, 2.  It also provides:

> The parties each warrant and represent that after signing this Agreement *they will not without the express written consent of all the parties transfer, limit or encumber the Rights in any respect....*

> Any and all moneys and proceeds received ... will be shared, divided and payable: fifty percent (50%) to [Peavy and Peary] and fifty percent (50%) to PPC.

*Id.* ¶¶ 4-5 (emphasis added).

| DEFENDANTS' OBJECTION | DC COMICS' RESPONSE |
|---|---|
| 19.     Lack of foundation. Lack of personal knowledge. FRE 602.  Declarant's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, | Defendants assert blanket objections without ever identifying any specific defect.  "Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all." *Walker,* 186 F.R.D. at 587. |

701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.

Hearsay, as Declarant is testifying as to the purported content of a document, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced document as misconstruing the content of the document as a whole.

Irrelevant, self serving and prejudicial. FRE 401, 403.

As lead counsel for DC Comics, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. This is routine and proper. *E.g.*, *In re Real Estate Assocs. Ltd. P'Ship Litig.*, 2002 WL 31027557, at *1 ("declarations []based on counsel's analysis of the discovery and pleadings in this case [] are permissible"); *see also Lockheed Martin Corp.*, 70 Fed. Cl. at 750 (denying objection as to personal knowledge based on review of documents); *cf.* CAL. CODE CIV. PROC. § 2009 (exception to hearsay rule for declarations used in motion proceedings). Defendants do not and cannot show that any information has been mischaracterized.

The referenced facts and documents are not in dispute. Defendants identify no inaccuracies in them.

The exhibit described contains admissions by party-opponents because it

DC COMICS' RESPONSES TO DEFENDANTS' EVIDENTIARY OBJECTIONS

is the 2001 PPC Agreement between Toberoff and the Shusters, in which the Shusters transferred their purported Superman rights to the joint venture. FRE 801(d)(2).

The evidence is relevant because it relates to Mr. Toberoff's business conduct, at issue in DC Comics' fourth, fifth, and sixth claims, among other purposes.  FRE 401.

The evidence is relevant because it shows DC Comics' history with the Shusters, at issue in DC Comics' fourth claim, among other purposes.  FRE 401.  Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none.  FRE 403.

The Petrocelli Declaration attached complete copies of the documents and other sources of evidence it cited for the Court's review.  Defendants' blanket and non-specific objections that documents were mischaracterized or taken out of context are baseless, because they

DC COMICS' RESPONSES TO DEFENDANTS' EVIDENTIARY OBJECTIONS

| | identify no specific defect and because full copies of all the evidence was provided. |

## PETROCELLI DECLARATION

¶ 22:  On October 27, 2003, Pacific Pictures entered into another agreement with Jean Peavy and Mark Peary ("2003 PPC Agreement"), providing that it "supplement[ed] the joint venture agreement dated as of November 23, 2001...." Ex. 13 at 143.  Toberoff executed the agreement as "President" of Pacific Pictures. The 2003 PPC Agreement also stated:

> PPC ... is not a law firm....
>
> The parties each warrant and represent that after signing this Agreement they *will not without the express written consent of all parties transfer, limit or encumber the Rights in any respect*....
>
> Upon the expiration of the Term or *in the event of termination* by Client of this agreement for any reason, *all Rights will be held fifty percent* (50%) by the Client and fifty percent (50%) by PPC ... Client and *PPC* will each be entitled to receive and *continue to receive fifty percent (50%) of all Proceeds derived from the Rights after termination*, if any.

Ex. 13 ¶¶ 2, 4, 7 (emphasis added).  The 2003 PPC Agreement was signed by Ms. Peavy, Mr. Peary, and "Marc Toberoff President" of Pacific Pictures Corporation. In a September 10, 2004 letter from Mr. Toberoff to Mr. Peary and Ms. Peavy, Mr. Toberoff "confirm[ed]" that the 2001 PPC Agreement and 2003 PPC Agreement "have been cancelled." Ex. 35.  Attached hereto as Exhibit 13 is a true and correct copy of the 2003 PPC Agreement.  Attached hereto as Exhibit 35 is a true and correct copy of the September 10, 2004 letter.

| DEFENDANTS' OBJECTION | DC COMICS' RESPONSE |
| --- | --- |
| 20.    Lack of foundation. Lack of personal knowledge. FRE 602. | Defendants assert blanket objections without ever identifying any specific |

Declarant's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.

Hearsay, as Declarant is testifying as to the purported content of documents, which speak for themselves. FRE 802, 1002. Defendants further object to the abbreviated summaries of the referenced documents as misconstruing the contents of the documents as a whole.

Irrelevant, self serving and prejudicial. FRE 401, 403.

defect. "Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all." *Walker,* 186 F.R.D. at 587.

As lead counsel for DC Comics, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. This is routine and proper. *E.g.*, *In re Real Estate Assocs. Ltd. P'Ship Litig.*, 2002 WL 31027557, at *1 ("declarations []based on counsel's analysis of the discovery and pleadings in this case [] are permissible"); *see also Lockheed Martin Corp.*, 70 Fed. Cl. at 750 (denying objection as to personal knowledge based on review of documents); *cf.* CAL. CODE CIV. PROC. § 2009 (exception to hearsay rule for declarations used in motion proceedings). Defendants do not and cannot show that any information has been mischaracterized.

The referenced facts and documents are

DC COMICS' RESPONSES TO DEFENDANTS' EVIDENTIARY OBJECTIONS

not in dispute.  Defendants identify no inaccuracies in them.

The exhibit described contain admissions by party-opponents because it is the 2003 PPC Agreement between Toberoff and the Shusters, which amended the 2001 PPC Agreement to disclaim any interest by the Siegels in Superboy, thereby fraudulently parking all rights in the Siegels to manufacture a claim of copyright infringement.  FRE 801(d)(2).

The evidence is relevant because it relates to Mr. Toberoff's business conduct, at issue in DC Comics' fourth, fifth, and sixth claims, among other purposes.  FRE 401.

The evidence is relevant because it shows DC Comics' history with the Shusters, at issue in DC Comics' fourth claim, among other purposes.  FRE 401.  Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none.  FRE 403.

DC COMICS' RESPONSES TO
DEFENDANTS' EVIDENTIARY
OBJECTIONS

| | |
|---|---|
| | The Petrocelli Declaration attached complete copies of the documents and other sources of evidence it cited for the Court's review.  Defendants' blanket and non-specific objections that documents were mischaracterized or taken out of context are baseless, because they identify no specific defect and because full copies of all the evidence was provided.<br><br>Defendants do not contest the exhibit at all, including the fact that Mr. Toberoff signed the agreements in his role as President of PPC or that the agreement expressly notes that company "is not a law firm." |

| **PETROCELLI DECLARATION** |
|---|
| ¶ 23:  According to a letter agreement dated February 2002, Pacific Pictures promised to contribute its "current IP business" to IP Worldwide as well as Toberoff's "contacts" and "IP hit list." Because this letter agreement was stamped confidential, in an abundance of caution, DC Comics does not attach it hereto—although defendants have disclosed certain of its contents in public filings. |

| **DEFENDANTS' OBJECTION** | **DC COMICS' RESPONSE** |
|---|---|
| 21.    Lack of foundation. Lack of personal knowledge. FRE 602. | Defendants assert blanket objections without ever identifying any specific |

Declarant's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.

Hearsay, as Declarant is testifying as to the purported content of a document, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced document as misconstruing the content of the document as a whole.

Irrelevant, self serving and prejudicial. FRE 401, 403.

Defendants further object on the basis the document discussed was marked confidential pursuant to a protective order in the closely related action *Joanne Siegel, et al. v. Warner Bros., et al.*, 04-CV-8400 ODW (RZx).

defect. "Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all." *Walker,* 186 F.R.D. at 587.

As lead counsel for DC Comics, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. This is routine and proper. *E.g.*, *In re Real Estate Assocs. Ltd. P'Ship Litig.*, 2002 WL 31027557, at *1 ("declarations []based on counsel's analysis of the discovery and pleadings in this case [] are permissible"); *see also Lockheed Martin Corp.*, 70 Fed. Cl. at 750 (denying objection as to personal knowledge based on review of documents); *cf.* CAL. CODE CIV. PROC. § 2009 (exception to hearsay rule for declarations used in motion proceedings). Defendants do not and cannot show that any information has been mischaracterized.

The referenced facts and documents are

DC COMICS' RESPONSES TO DEFENDANTS' EVIDENTIARY OBJECTIONS

not in dispute.  Defendants identify no inaccuracies in them.

The exhibit described contain admissions by party-opponents because it is the 2002 formation of IPW between Toberoff's company, Pacific Pictures, and Ari Emanuel and Endeavor Talent Agency. FRE 801(d)(2).

The evidence is relevant because it relates to Mr. Toberoff's business conduct, at issue in DC Comics' fourth, fifth, and sixth claims, among other purposes.  FRE 401.

The evidence is relevant because it shows DC Comics' history with the Siegels, at issue in DC Comics' fourth claim, among other purposes.  FRE 401.  Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none.  FRE 403.

Defendants disclosed the general content of the document in public filings, which waived any confidentiality defendants

| | |
|---|---|
| | might otherwise have claimed.  *See* Docket Nos. 75 at 8 (SLAPP Mot.), 77 at 7 (Toberoff MTD).  Moreover, though DC Comics believes it was entitled to, our of an abundance of caution, it did not attach the document. |
| | Defendants do not contest the accuracy of the evidence at all, including the make-up of IP Worldwide or PPC's contributions to that company. |

| PETROCELLI DECLARATION |
|---|

¶ 24:  The deposition of Marc Toberoff was taken in the *Siegel* cases on November 17, 2006.  Various paragraphs below reference portions of Mr. Toberoff's testimony.  According to Mr. Toberoff's testimony, IP Worldwide LLC assigned the rights from Pacific Pictures to IPW, LLC.  Ex. 14 at 191:4-15.  Exhibit 14 is a true and correct copy the November 17, 2006 deposition of Marc Toberoff in Case Nos. 04-8400 and 04-8776.

| DEFENDANTS' OBJECTION | DC COMICS' RESPONSE |
|---|---|
| 22.    Lack of foundation. Lack of personal knowledge. FRE 602.

Declarant's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, | Defendants assert blanket objections without ever identifying any specific defect.  "Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all." *Walker,* 186 F.R.D. at 587. |

701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.

Hearsay, as Declarant is testifying as to the purported content of a deposition transcript, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced deposition transcript as misconstruing the content of the deposition transcript as a whole.

Irrelevant, self serving and prejudicial. FRE 401, 403.

As lead counsel for DC Comics, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. This is routine and proper. *E.g.*, *In re Real Estate Assocs. Ltd. P'Ship Litig.*, 2002 WL 31027557, at *1 ("declarations []based on counsel's analysis of the discovery and pleadings in this case [] are permissible"); *see also Lockheed Martin Corp.*, 70 Fed. Cl. at 750 (denying objection as to personal knowledge based on review of documents); *cf.* CAL. CODE CIV. PROC. § 2009 (exception to hearsay rule for declarations used in motion proceedings). Defendants do not and cannot show that any information has been mischaracterized.

The exhibit described contains admissions by party-opponents. FRE 801(d)(2).

The statements excerpted from Mr. Toberoff's deposition are relevant to DC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

Comics' fourth, fifth, and sixth claims, among other purposes.  FRE 401. Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none. FRE 403.

The Petrocelli Declaration attached complete copies of the documents and other sources of evidence it cited for the Court's review.  Defendants' blanket and non-specific objections that documents were mischaracterized or taken out of context are baseless, because they identify no specific defect and because full copies of all the evidence was provided.

Defendants do not dispute the accuracy of the evidence's depiction of Mr. Toberoff's business transactions.

23

## PETROCELLI DECLARATION

24
25
26
27
28

¶ 25:  On November 10, 2003, a notice of copyright termination regarding Joseph Shuster's putative interest in Superman was served on Mr. Peary's behalf. Attached hereto as Exhibit 15 is a true and correct copy of the Notice of Termination of Transfer Covering Extended Copyright Renewal Term of

DC COMICS' RESPONSES TO DEFENDANTS' EVIDENTIARY OBJECTIONS

"Superman" dated November 10, 2003.

| DEFENDANTS' OBJECTION | DC COMICS' RESPONSE |
|---|---|
| 23.    Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Declarant's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Declarant is testifying as to the purported content of a document, which speaks for itself. FRE 802, 1002. Irrelevant, self serving and prejudicial. FRE 401, 403. | Defendants assert blanket objections without ever identifying any specific defect.  "Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all." *Walker,* 186 F.R.D. at 587.<br><br>As lead counsel for DC Comics, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions.  This is routine and proper. *E.g.*, *In re Real Estate Assocs. Ltd. P'Ship Litig.*, 2002 WL 31027557, at *1 ("declarations []based on counsel's analysis of the discovery and pleadings in this case [] are permissible"); *see also Lockheed Martin Corp.*, 70 Fed. Cl. at 750 (denying objection as to personal knowledge based on review of documents); *cf.* CAL. CODE CIV. PROC. § 2009 (exception to hearsay rule for declarations used in motion proceedings). |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defendants do not and cannot show that any information has been mischaracterized.

This testimony is purely factual; it simply states that a notice of termination was served in November 2003.  Moreover, DC Comics did not offer the testimony to establish a legal conclusion, but to describe the history of its relationship with the Shusters.  FRE 701.

The exhibit described is a public record, and contains admissions by a party opponent.  FRE 803(8), 801(c).

The Petrocelli Declaration attached complete copies of the documents and other sources of evidence it cited for the Court's review.  Defendants' blanket and non-specific objections that documents were mischaracterized or taken out of context are baseless, because they identify no specific defect and because full copies of all the evidence was provided.

84

| PETROCELLI DECLARATION | |
| --- | --- |
| ¶ 26:  To the best of my knowledge, since execution of the 2001 PPC Agreement, neither Jean Peavy nor Mark Peary has filed any litigation against DC Comics concerning putative Superman rights. | |
| **DEFENDANTS' OBJECTION** | **DC COMICS' RESPONSE** |
| 24.     Lack of foundation. Lack of personal knowledge. FRE 602.

Declarant's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court. | Paragraph 26 describes the extent of Mr. Petrocelli's personal knowledge and cannot therefore manifest a "lack of personal knowledge."  FRE 602.

Defendants do not contest the accuracy of the statement and their own failure to bring any action against DC Comics in the seven years since serving the Shusters' termination notice. |

| PETROCELLI DECLARATION |
| --- |
| ¶ 27:  In a letter dated May 12, 2005 from Mr. Toberoff to DC Comics' counsel Patrick Perkins, Mr. Toberoff expressed the Shusters' understanding that DC Comics had denied the validity of the Shuster Termination Notices:

> Given your firm's prior letter on DC's behalf denying our clients' termination interests without legal grounds, my clients have requested that any further communications to them be made through our law firm and not to them directly."

Ex. 37.  Attached hereto as Exhibit 37 is a true and correct copy of the May 12, 2005 letter from Marc Toberoff to Patrick Perkins. |

| DEFENDANTS' OBJECTION | DC COMICS' RESPONSE |
|---|---|
| 25.    Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Declarant's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Declarant is testifying as to the purported content of a document, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced document as misconstruing the content of the document as a whole.<br><br>Irrelevant, self serving and prejudicial and improperly discloses confidential settlement discussions FRE 401, 403, 408.<br><br>**Exhibit 37**: Lack of foundation, FRE 602. Hearsay, FRE 801, 802. Irrelevant, | Defendants assert blanket objections without ever identifying any specific defect. "Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all." *Walker,* 186 F.R.D. at 587.<br><br>As lead counsel for DC Comics, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions.  This is routine and proper. *E.g.*, *In re Real Estate Assocs. Ltd. P'Ship Litig.*, 2002 WL 31027557, at *1 ("declarations []based on counsel's analysis of the discovery and pleadings in this case [] are permissible"); *see also Lockheed Martin Corp.*, 70 Fed. Cl. at 750 (denying objection as to personal knowledge based on review of documents); *cf.* CAL. CODE CIV. PROC. § 2009 (exception to hearsay rule for declarations used in motion proceedings). Defendants do not and cannot show that any information has been |

DC COMICS' RESPONSES TO
DEFENDANTS' EVIDENTIARY
OBJECTIONS

| | |
|---|---|
| self serving and prejudicial. FRE 401, 403. | mischaracterized.<br><br>The referenced facts and documents are not in dispute.  Defendants identify no inaccuracies in them.<br><br>The exhibit described contain admissions by party-opponents.  FRE 801(d)(2).<br><br>The evidence is relevant because it shows DC Comics' history with the Shusters, at issue in DC Comics' fourth claim, among other purposes.  FRE 401.  Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none.  FRE 403.<br><br>The Petrocelli Declaration attached complete copies of the documents and other sources of evidence it cited for the Court's review.  Defendants' blanket and non-specific objections that documents were mischaracterized or taken out of context are baseless, because they identify no specific defect and because full copies of all the evidence was provided. |

DC COMICS' RESPONSES TO
DEFENDANTS' EVIDENTIARY
OBJECTIONS

| | |
|---|---|
| | **Exhibit 37**: The objections fail for the same reasons stated above.<br><br>Defendants do not contest the accuracy of the exhibit at all, including its recognition of DC Comics' rejection of the Shusters' termination notice in 2005. |

| PETROCELLI DECLARATION |
|---|

¶ 28: In a 1975 agreement between DC Comics' affiliate Warner Communications Inc., Superman co-creator Jerome Siegel, and Joseph Shuster ("1975 Agreement"), Warner Communications agreed to pay Mr. Siegel and Mr. Shuster $20,000 per year until their deaths. Ex. 16 ¶ 5(a). The agreement also provided medical insurance coverage, lump sum payments, and annual survivor payments to their heirs. *Id.* ¶ 5. Attached hereto as Exhibit 16 is a true and correct copy of the December 23, 1975 agreement signed by Jerry Siegel, Joseph Shuster, and Warner Communications Inc.

| DEFENDANTS' OBJECTION | DC COMICS' RESPONSE |
|---|---|
| 26.    Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Declarant's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do | Defendants assert blanket objections without ever identifying any specific defect. "Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all." *Walker,* 186 F.R.D. at 587.<br><br>As lead counsel for DC Comics, Mr. |

| | |
|---|---|
| not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Declarant is testifying as to the purported content of a document, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced document as misconstruing the content of the document as a whole.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403.<br><br>**Exhibit 16**: Lack of foundation, FRE 602. Hearsay, FRE 801, 802. Irrelevant, self serving and prejudicial. FRE 401, 403. | Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions.  This is routine and proper. *E.g.*, *In re Real Estate Assocs. Ltd. P'Ship Litig.*, 2002 WL 31027557, at *1 ("declarations []based on counsel's analysis of the discovery and pleadings in this case [] are permissible"); *see also Lockheed Martin Corp.*, 70 Fed. Cl. at 750 (denying objection as to personal knowledge based on review of documents); *cf.* CAL. CODE CIV. PROC. § 2009 (exception to hearsay rule for declarations used in motion proceedings). Defendants do not and cannot show that any information has been mischaracterized.<br><br>The referenced facts and documents are not in dispute.  Defendants identify no inaccuracies in them.<br><br>The exhibit described contain admissions by party-opponents and is an ancient document.  FRE 801(d)(2), FRE 803(16). |

DC COMICS' RESPONSES TO
DEFENDANTS' EVIDENTIARY
OBJECTIONS

1

2

3    The evidence is relevant because it shows

4    DC Comics' history with the Siegels and

5    Shusters, at issue in DC Comics' fourth

6    claim, among other purposes.  FRE 401.

7    Moreover, the evidence presents no

8    danger of unfair prejudice to defendants,

9    and defendants have identified none.

10   FRE 403.

11

12   The Petrocelli Declaration attached

13   complete copies of the documents and

14   other sources of evidence it cited for the

15   Court's review.  Defendants' blanket and

16   non-specific objections that documents

17   were mischaracterized or taken out of

18   context are baseless, because they

19   identify no specific defect and because

20   full copies of all the evidence was

21   provided.

22

23   **Exhibit 16**: The objections fail for the

24   same reasons stated above.

25

26

27

28

DC COMICS' RESPONSES TO
DEFENDANTS' EVIDENTIARY
OBJECTIONS

| PETROCELLI DECLARATION |
|---|

¶ 29:  According to June and August 1988 letters from Martin Payson of Warner Communications to Joseph Shuster, Warner Communications subsequently increased the annual payments to Siegel and Shuster, including an increase from $60,000 to $80,000 in 1988.  Exs. 17, 18.   Letters from March 1990 and March 1991 show that, following the 1988 increase, DC Comics made periodic "cost of living" increases to the Siegels and Shusters.  Ex. 19.  Attached hereto as Exhibits 17, 18, 19, and 21 are true and correct copies of letters from Martin Payson of Warner Communications dated June 20, 1988; August 8, 1988; March 12, 1990; and March 5, 1991.

| DEFENDANTS' OBJECTION | DC COMICS' RESPONSE |
|---|---|
| 27.     Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Declarant's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Declarant is testifying as to the purported content of documents, which speak for themselves. FRE 802, 1002. Defendants further object to the abbreviated summaries of the | Defendants assert blanket objections without ever identifying any specific defect.  "Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all." *Walker,* 186 F.R.D. at 587.<br><br>As lead counsel for DC Comics, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions.  This is routine and proper. *E.g.*, *In re Real Estate Assocs. Ltd. P'Ship Litig.*, 2002 WL 31027557, at *1 ("declarations []based on counsel's |

DC COMICS' RESPONSES TO
DEFENDANTS' EVIDENTIARY
OBJECTIONS

referenced documents as misconstruing the contents of the documents as a whole.

Irrelevant, self serving and prejudicial. FRE 401, 403.

**Exhibit 17**: Lack of foundation, FRE 602. Hearsay, FRE 801, 802. Irrelevant, self serving and prejudicial. FRE 401, 403.

**Exhibit 18**: Lack of foundation, FRE 602. Hearsay, FRE 801, 802. Irrelevant, self serving and prejudicial. FRE 401, 403.

**Exhibit 19**: Lack of foundation, FRE 602. Hearsay, FRE 801, 802. Irrelevant, self serving and prejudicial. FRE 401, 403.

analysis of the discovery and pleadings in this case [] are permissible"); *see also Lockheed Martin Corp.*, 70 Fed. Cl. at 750 (denying objection as to personal knowledge based on review of documents); *cf.* CAL. CODE CIV. PROC. § 2009 (exception to hearsay rule for declarations used in motion proceedings). Defendants do not and cannot show that any information has been mischaracterized.

The referenced facts and documents are not in dispute.  Defendants identify no inaccuracies in them.

Three of the exhibits are ancient documents, and all are business records. FRE 801(d)(2).

The evidence is relevant because it shows DC Comics' history with the Siegels and Shusters, at issue in DC Comics' fourth claim, among other purposes.  FRE 401. Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none.

DC COMICS' RESPONSES TO DEFENDANTS' EVIDENTIARY OBJECTIONS

FRE 403.

The Petrocelli Declaration attached complete copies of the documents and other sources of evidence it cited for the Court's review. Defendants' blanket and non-specific objections that documents were mischaracterized or taken out of context are baseless, because they identify no specific defect and because full copies of all the evidence was provided.

**Exhibit 17, 18, and 19**: The objections fail for the same reasons stated above.

| **PETROCELLI DECLARATION** |
| --- |

¶ 30: In a February 14, 1982 letter to Steven J. Ross of Warner Communications, Joanne Siegel requested an amendment to the 1975 Agreement:

> Should anything happen to Jerry, there is the problem of what's to become of me as his widow. I'll be 65 years old this year. And there is our daughter, Laura who would be left without any measure of security....
>
> [O]ur contract states that after Jerry's demise, should it come before 1985, I would receive only $20,000 annually, about $16,000 after taxes, or $10,000 after 1985, about $7,000 annually after taxes. This would plunge me into an impossible financial situation without dignity nor security....
>
> *Without an amendment to the contract stating that the same income continue to me, my financial security is in jeopardy....*
>
> We are so grateful to you for all you have done for us....

DC COMICS' RESPONSES TO
DEFENDANTS' EVIDENTIARY
OBJECTIONS

Fondest regards from Jerry, Joe, Laurand me.  God bless you.

Ex. 22 at 344-45 (emphasis added).  Attached hereto as Exhibit 22 is a true and correct copy of that letter.

| DEFENDANTS' OBJECTION | DC COMICS' RESPONSE |
|---|---|
| 28.    Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Declarant's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Declarant is testifying as to the purported content of a document, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced document as misconstruing the content of the document as a whole.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403.<br><br>**Exhibit 22**: Lack of foundation, FRE | Defendants assert blanket objections without ever identifying any specific defect.  "Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all." *Walker,* 186 F.R.D. at 587.<br><br>As lead counsel for DC Comics, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions.  This is routine and proper. *E.g.*, *In re Real Estate Assocs. Ltd. P'Ship Litig.*, 2002 WL 31027557, at *1 ("declarations []based on counsel's analysis of the discovery and pleadings in this case [] are permissible"); *see also Lockheed Martin Corp.*, 70 Fed. Cl. at 750 (denying objection as to personal knowledge based on review of documents); *cf.* CAL. CODE CIV. PROC. § 2009 (exception to hearsay rule for |

| | |
|---|---|
| 602. Hearsay, FRE 801, 802. Irrelevant, self serving and prejudicial. FRE 401, 403. | declarations used in motion proceedings). Defendants do not and cannot show that any information has been mischaracterized. |
| | The referenced facts and documents are not in dispute. Defendants identify no inaccuracies in them. |
| | The exhibit described contain admissions by party-opponents because it is a letter from Joanne Siegel requesting that Warner Bros. extend to her benefits beyond what it was obligated to provide, which Warner Bros. agreed to undertake. FRE 801(d)(2). The document is also an ancient document. FRE 803(16). |
| | The evidence is relevant because it shows DC Comics' history with the Siegels, at issue in DC Comics' fifth claim, among other purposes. FRE 401. Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none. FRE 403. |
| | The Petrocelli Declaration attached |

DC COMICS' RESPONSES TO
DEFENDANTS' EVIDENTIARY
OBJECTIONS

| | |
|---|---|
| | complete copies of the documents and other sources of evidence it cited for the Court's review.  Defendants' blanket and non-specific objections that documents were mischaracterized or taken out of context are baseless, because they identify no specific defect and because full copies of all the evidence was provided.<br><br>**Exhibit 22**: The objections fail for the same reasons stated above. |

| PETROCELLI DECLARATION |
|---|

¶ 31:  By return letter, Martin Payson informed Ms. Siegel:

> I am pleased to advise you that Warner Communications agrees that if Jerry should predecease you, *Warner Communications will continue to pay to you for the remainder of your life the same benefits which it is then paying to Jerry.*

Ex. 23.  Attached hereto as Exhibit 23 is a true and correct copy of a March 15, 1982 letter from Martin Payson to Joanne Siegel.

| DEFENDANTS' OBJECTION | DC COMICS' RESPONSE |
|---|---|
| 29.    Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Declarant's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, | Defendants assert blanket objections without ever identifying any specific defect.  "Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all." *Walker,* 186 F.R.D. at 587. |

DC COMICS' RESPONSES TO
DEFENDANTS' EVIDENTIARY
OBJECTIONS

speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.

Hearsay, as Declarant is testifying as to the purported content of a document, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced document as misconstruing the content of the document as a whole.

Irrelevant, self serving and prejudicial. FRE 401, 403.

**Exhibit 23**: Lack of foundation, FRE 602. Hearsay, FRE 801, 802. Irrelevant, self serving and prejudicial. FRE 401, 403.

As lead counsel for DC Comics, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. This is routine and proper. *E.g.*, *In re Real Estate Assocs. Ltd. P'Ship Litig.*, 2002 WL 31027557, at *1 ("declarations []based on counsel's analysis of the discovery and pleadings in this case [] are permissible"); *see also Lockheed Martin Corp.*, 70 Fed. Cl. at 750 (denying objection as to personal knowledge based on review of documents); *cf.* CAL. CODE CIV. PROC. § 2009 (exception to hearsay rule for declarations used in motion proceedings). Defendants do not and cannot show that any information has been mischaracterized.

The referenced facts and documents are not in dispute. Defendants identify no inaccuracies in them.

The exhibit described is a business

record, and ancient document.  FRE 803(16, FRE 803(16).

The evidence is relevant because it shows DC Comics' history with the Siegels, at issue in DC Comics' fifth claim, among other purposes.  FRE 401.  Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none.  FRE 403.

The Petrocelli Declaration attached complete copies of the documents and other sources of evidence it cited for the Court's review.  Defendants' blanket and non-specific objections that documents were mischaracterized or taken out of context are baseless, because they identify no specific defect and because full copies of all the evidence was provided.

**Exhibit 23**: The objections fail for the same reasons stated above.

| PETROCELLI DECLARATION ||
|---|---|
| ¶ 32: On April 3, 1997, notices of copyright termination were served by Laura Siegel Larson and Joanne Siegel on DC Comics regarding certain works depicting Superman. Case No. 04-8400, Docket No. 293 at 20. ||
| **DEFENDANTS' OBJECTION** | **DC COMICS' RESPONSE** |
| 30. Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Declarant's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Declarant is testifying as to the purported content of a document, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced document as misconstruing the content of the document as a whole.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. | Defendants assert blanket objections without ever identifying any specific defect. "Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all." *Walker,* 186 F.R.D. at 587.<br><br>As lead counsel for DC Comics, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. This is routine and proper. *E.g.*, *In re Real Estate Assocs. Ltd. P'Ship Litig.*, 2002 WL 31027557, at *1 ("declarations []based on counsel's analysis of the discovery and pleadings in this case [] are permissible"); *see also Lockheed Martin Corp.*, 70 Fed. Cl. at 750 (denying objection as to personal knowledge based on review of documents); *cf.* CAL. CODE CIV. PROC. § |

2009 (exception to hearsay rule for declarations used in motion proceedings). Defendants do not and cannot show that any information has been mischaracterized.

This testimony is purely factual; it simply states that notices of termination were served in April 1997.  Moreover, DC Comics did not offer the testimony to establish a legal conclusion, but to describe the history of its relationship with the Siegels.  FRE 701.

The evidence is relevant because it shows DC Comics' history with the Siegels, at issue in DC Comics' fifth claim, among other purposes.  FRE 401.  Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none.  FRE 403.

DC COMICS' RESPONSES TO DEFENDANTS' EVIDENTIARY OBJECTIONS

| PETROCELLI DECLARATION |
|---|

¶ 33:  The deposition of the Siegels' attorney Kevin Marks was taken in the *Siegel* cases on October 7, 2006.  Various paragraphs below reference portions of Mr. Marks' testimony.  A true and correct copy of the entire deposition transcript is attached hereto as Exhibit 24.  According to Mr. Marks, in 1999, the Siegels retained him to "represent the Superman termination interest."  Ex. 24 at 369:1-9. He "advise[d] them generally and [attempted] to negotiate an arrangement with Time Warner, or then AOL Time Warner."  *Id*. at 370:11-15.  At the time he was retained, Mr. Marks testified that his law firm "no longer engaged in litigation practice."  *Id.* at 370:4-6.  Attached hereto as Exhibit 24 is a true and correct copy of relevant excerpts from the October 7, 2006 deposition of Kevin Marks in Case No. 04-8400 and Case No. 04-8776.

| DEFENDANTS' OBJECTION | DC COMICS' RESPONSE |
|---|---|
| 31.     Lack of foundation. Lack of personal knowledge. FRE 602. <br><br> Declarant's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court. <br><br> Hearsay, as Declarant is testifying as to the purported content of a deposition transcript, which speaks for itself. FRE | Defendants assert blanket objections without ever identifying any specific defect.  "Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all." *Walker,* 186 F.R.D. at 587. <br><br> As lead counsel for DC Comics, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions.  This is routine and proper. *E.g.*, *In re Real Estate Assocs. Ltd.* |

| | |
|---|---|
| 802, 1002. Defendants further object to this abbreviated summary of the referenced deposition transcript as misconstruing the content of the deposition transcript as a whole.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. | *P'Ship Litig.*, 2002 WL 31027557, at *1 ("declarations []based on counsel's analysis of the discovery and pleadings in this case [] are permissible"); *see also Lockheed Martin Corp.*, 70 Fed. Cl. at 750 (denying objection as to personal knowledge based on review of documents); *cf.* CAL. CODE CIV. PROC. § 2009 (exception to hearsay rule for declarations used in motion proceedings). Defendants do not and cannot show that any information has been mischaracterized.<br><br>The testimony described contains admissions by party-opponents since Mr. Marks was the legal representative for the Siegels during the relevant time periods. FRE 801(d)(2). The document is also a public record. FRE 803(8).<br><br>The evidence is relevant because it shows DC Comics' history with the Siegels, at issue in DC Comics' fifth claim, among other purposes. FRE 401. Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants |

DC COMICS' RESPONSES TO
DEFENDANTS' EVIDENTIARY
OBJECTIONS

| | |
|---|---|
| | have identified none.  FRE 403. |
| | The Petrocelli Declaration attached complete copies of the documents and other sources of evidence it cited for the Court's review.  Defendants' blanket and non-specific objections that documents were mischaracterized or taken out of context are baseless, because they identify no specific defect and because full copies of all the evidence was provided. |

| PETROCELLI DECLARATION |
|---|
| ¶ 34:  Mr. Marks testified that on October 16, 2001, John Schulman of DC Comics' affiliate Warner Bros. Pictures and he resolved the "final element" of their negotiation.  When asked at his deposition whether "that [resolution] closed the deal," Mr. Marks testified, "Yes."  Ex. 24 at 479:11-481:11. |

| DEFENDANTS' OBJECTION | DC COMICS' RESPONSE |
|---|---|
| 32.    Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Declarant's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do | Defendants assert blanket objections without ever identifying any specific defect.  "Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all." *Walker,* 186 F.R.D. at 587.<br><br>As lead counsel for DC Comics, Mr. |

not constitute competent evidence that may be considered by the Court.

Hearsay, as Declarant is testifying as to the purported content of a deposition transcript, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced deposition transcript as misconstruing the content of the deposition transcript as a whole.

Irrelevant, self serving and prejudicial. FRE 401, 403.

Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. This is routine and proper. *E.g.*, *In re Real Estate Assocs. Ltd. P'Ship Litig.*, 2002 WL 31027557, at *1 ("declarations []based on counsel's analysis of the discovery and pleadings in this case [] are permissible"); *see also Lockheed Martin Corp.*, 70 Fed. Cl. at 750 (denying objection as to personal knowledge based on review of documents); *cf.* CAL. CODE CIV. PROC. § 2009 (exception to hearsay rule for declarations used in motion proceedings). Defendants do not and cannot show that any information has been mischaracterized.

The testimony described contains admissions by party-opponents since Mr. Marks was the legal representative for the Siegels during the relevant time periods. FRE 801(d)(2). The document is also a public record. FRE 803(8).

DC COMICS' RESPONSES TO
DEFENDANTS' EVIDENTIARY
OBJECTIONS

The evidence is relevant because it shows DC Comics' history with the Siegels, at issue in DC Comics' fifth claim, among other purposes. FRE 401. Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none. FRE 403.

The Petrocelli Declaration attached complete copies of the documents and other sources of evidence it cited for the Court's review. Defendants' blanket and non-specific objections that documents were mischaracterized or taken out of context are baseless, because they identify no specific defect and because full copies of all the evidence was provided.

| **PETROCELLI DECLARATION** |
| --- |

¶ 35: According to a letter by Mr. Marks to John Schulman of Warner Bros. dated October 19, 2001. Mr. Marks stated:

> This is to confirm our telephone conversation of October 19, 2001. *The Siegel Family* (through Joanne Siegel and Laura Siegel Larson, the majority owners of the terminated copyright interests) *has accepted D.C. Comics [sic] offer of October 16, 2001 in respect of the "Superman" and "Spectre" properties.* The terms are as follows....

Ex. 25 (emphasis added). Attached hereto as Exhibit 25 is a true and correct copy of the October 19, 2001 letter from Mr. Marks to Mr. Schulman.

DC COMICS' RESPONSES TO
DEFENDANTS' EVIDENTIARY
OBJECTIONS

| DEFENDANTS' OBJECTION | DC COMICS' RESPONSE |
|---|---|
| 33.    Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Declarant's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Declarant is testifying as to the purported content of a document, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced document as misconstruing the content of the document as a whole.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403.<br><br>**Exhibit 25**: Lack of foundation, FRE 602. Hearsay, FRE 801, 802. Irrelevant, self serving and prejudicial. FRE 401, 403. | Defendants assert blanket objections without ever identifying any specific defect.  "Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all." *Walker,* 186 F.R.D. at 587.<br><br>As lead counsel for DC Comics, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions.  This is routine and proper. *E.g.*, *In re Real Estate Assocs. Ltd. P'Ship Litig.*, 2002 WL 31027557, at *1 ("declarations []based on counsel's analysis of the discovery and pleadings in this case [] are permissible"); *see also Lockheed Martin Corp.*, 70 Fed. Cl. at 750 (denying objection as to personal knowledge based on review of documents); *cf.* CAL. CODE CIV. PROC. § 2009 (exception to hearsay rule for declarations used in motion proceedings). Defendants do not and cannot show that any information has been |

DC COMICS' RESPONSES TO
DEFENDANTS' EVIDENTIARY
OBJECTIONS

1

2

mischaracterized.

3

4

The exhibit described contains admission by party-opponents because it is a letter from Mr. Marks, the Siegels' legal representative, that conveyed the Siegels acceptance of the October 16, 2001 Settlement.  FRE 801(d)(2).

5

6

7

8

9

10

11

The evidence is relevant because it shows DC Comics' history with the Siegels, at issue in DC Comics' fifth claim, among other purposes.  FRE 401.  Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none.  FRE 403.

12

13

14

15

16

17

18

19

The Petrocelli Declaration attached complete copies of the documents and other sources of evidence it cited for the Court's review.  Defendants' blanket and non-specific objections that documents were mischaracterized or taken out of context are baseless, because they identify no specific defect and because full copies of all the evidence was provided.

20

21

22

23

24

25

26

27

28

DC COMICS' RESPONSES TO DEFENDANTS' EVIDENTIARY OBJECTIONS

| | |
|---|---|
| | **Exhibit 25**: The objections fail for the same reasons stated above. |

| PETROCELLI DECLARATION |
|---|

¶ 36: An October 26, 2001 letter from John Schulman to Kevin Marks outlines the parties' agreed-upon terms. Ex. 26. Attached hereto as Exhibit 26 is a true and correct copy of that letter.

| DEFENDANTS' OBJECTION | DC COMICS' RESPONSE |
|---|---|
| 34.    Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Declarant's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Declarant is testifying as to the purported content of a document, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced document as misconstruing the content of the document as a whole. | Defendants assert blanket objections without ever identifying any specific defect. "Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all." *Walker,* 186 F.R.D. at 587.<br><br>As lead counsel for DC Comics, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. This is routine and proper. *E.g.*, *In re Real Estate Assocs. Ltd. P'Ship Litig.*, 2002 WL 31027557, at *1 ("declarations []based on counsel's analysis of the discovery and pleadings in this case [] are permissible"); *see also* |

| | |
|---|---|
| Irrelevant, self serving and prejudicial. FRE 401, 403.<br><br>**Exhibit 26**: Lack of foundation, FRE 602. Hearsay, FRE 801, 802. Irrelevant, self serving and prejudicial. FRE 401, 403. | *Lockheed Martin Corp.*, 70 Fed. Cl. at 750 (denying objection as to personal knowledge based on review of documents); *cf.* CAL. CODE CIV. PROC. § 2009 (exception to hearsay rule for declarations used in motion proceedings). Defendants do not and cannot show that any information has been mischaracterized.<br><br>The exhibit described is a business record. FRE 803(6).<br><br>The evidence is relevant because it shows DC Comics' history with the Siegels, at issue in DC Comics' fifth claim, among other purposes. FRE 401. Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none. FRE 403.<br><br>The Petrocelli Declaration attached complete copies of the documents and other sources of evidence it cited for the Court's review. Defendants' blanket and non-specific objections that documents were mischaracterized or taken out of |

| | context are baseless, because they identify no specific defect and because full copies of all the evidence was provided. |
| | |
| | **Exhibit 26**: The objections fail for the same reasons stated above. |

| PETROCELLI DECLARATION |
| --- |

¶ 37:  In a February 1, 2002 letter, Mr. Perkins sent a letter to Mr. Marks attaching a draft long-form agreement.  Attached hereto as Exhibit 27 is a true and correct copy of that letter.

| DEFENDANTS' OBJECTION | DC COMICS' RESPONSE |
| --- | --- |
| 35.    Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Declarant's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Declarant is testifying as to the purported content of a document, which speaks for itself. FRE 802, 1002. | Defendants assert blanket objections without ever identifying any specific defect.  "Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all." *Walker,* 186 F.R.D. at 587.<br><br>As lead counsel for DC Comics, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions.  This is routine and proper. *E.g.*, *In re Real Estate Assocs. Ltd.* |

110

| | |
|---|---|
| Defendants further object to this abbreviated summary of the referenced document as misconstruing the content of the document as a whole.<br><br>Irrelevant, self serving and prejudicial. FRE 41, 403. | *P'Ship Litig.*, 2002 WL 31027557, at *1 ("declarations []based on counsel's analysis of the discovery and pleadings in this case [] are permissible"); *see also Lockheed Martin Corp.*, 70 Fed. Cl. at 750 (denying objection as to personal knowledge based on review of documents); *cf.* CAL. CODE CIV. PROC. § 2009 (exception to hearsay rule for declarations used in motion proceedings). Defendants do not and cannot show that any information has been mischaracterized.<br><br>This testimony is purely factual; it simply states that a letter and attached draft agreement were sent in February 2002. Moreover, DC Comics did not offer the testimony to establish a legal conclusion, but to describe the history of its relationship with the Siegels. FRE 701.<br><br>The exhibit described is a business record. FRE 803(6).<br><br>The evidence is relevant because it shows DC Comics' history with the Siegels, at |

DC COMICS' RESPONSES TO
DEFENDANTS' EVIDENTIARY
OBJECTIONS

issue in DC Comics' fifth claim, among other purposes.  FRE 401.  Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none.  FRE 403.

The Petrocelli Declaration attached complete copies of the documents and other sources of evidence it cited for the Court's review.  Defendants' blanket and non-specific objections that documents were mischaracterized or taken out of context are baseless, because they identify no specific defect and because full copies of all the evidence was provided.

## PETROCELLI DECLARATION

¶ 38:  On May 9, 2002, Joanne Siegel sent a letter to Richard Parsons of Time Warner, Inc. regarding the February 1, 2002 long-form agreement.  In discovery responses in the *Siegel* cases, Joanne Siegel and Laura Siegel Larson "den[ied]" that "the May 9 Letter … terminated negotiations with [DC Comics] concerning the Superman Notices."  Ex. 38 RFA 85 at 21.  Attached hereto as Exhibit 38 is a true and correct copy of that letter.  Attached hereto as Exhibit 28 is a true and correct copy of Plaintiffs Joanne Siegel and Laura Siegel Larson's Responses to Defendants'/Counterclaimant's Second Set of Requests for Admission filed in the Siegel cases and dated June 7, 2006.

| DEFENDANTS' OBJECTION | DC COMICS' RESPONSE |
|---|---|
| 36.    Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Declarant's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Declarant is testifying as to the purported contents of documents, which speak for themselves. FRE 802, 1002. Defendants further object to these abbreviated summaries of the referenced documents as misconstruing the contents of the documents as a whole.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. | Defendants assert blanket objections without ever identifying any specific defect. "Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all." *Walker,* 186 F.R.D. at 587.<br><br>As lead counsel for DC Comics, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions.  This is routine and proper. *E.g.,* *In re Real Estate Assocs. Ltd. P'Ship Litig.*, 2002 WL 31027557, at *1 ("declarations []based on counsel's analysis of the discovery and pleadings in this case [] are permissible"); *see also Lockheed Martin Corp.*, 70 Fed. Cl. at 750 (denying objection as to personal knowledge based on review of documents); *cf.* CAL. CODE CIV. PROC. § 2009 (exception to hearsay rule for declarations used in motion proceedings). Defendants do not and cannot show that any information has been |

1

2

mischaracterized.

3

4

The referenced facts and documents are

5

not in dispute.  Defendants identify no

6

inaccuracies in them.

7

8

The exhibits described contain party

9

admissions.  FRE 801(d)(2).

10

11

The evidence is relevant because it shows

12

DC Comics' history with the Siegels, at

13

issue in DC Comics' fifth claim, among

14

other purposes.  FRE 401.  Moreover, the

15

evidence presents no danger of unfair

16

prejudice to defendants, and defendants

17

have identified none.  FRE 403.

18

19

The Petrocelli Declaration attached

20

complete copies of the documents and

21

other sources of evidence it cited for the

22

Court's review.  Defendants' blanket and

23

non-specific objections that documents

24

were mischaracterized or taken out of

25

context are baseless, because they

26

identify no specific defect and because

27

full copies of all the evidence was

28

provided.

DC COMICS' RESPONSES TO
DEFENDANTS' EVIDENTIARY
OBJECTIONS

| PETROCELLI DECLARATION |
|---|
| ¶ 39:  According to the declaration of John Schulman filed in the *Siegel* cases In Opposition to Plaintiffs' Motion for Partial Summary Judgment, on May 16, 2002, Kevin Marks had a phone conversation with John Schulman in which Mr. Marks said the long-form agreement was aggressive but "not contrary to what had been agreed to...."  Ex. 29 ¶ 11.  Attached hereto as Exhibit 29 is a true and correct copy of the Declaration of John Schulman in Opposition to Plaintiffs' Motion for Partial Summary Judgment filed in the *Siegel* case on May 29, 2007. |

| DEFENDANTS' OBJECTION | DC COMICS' RESPONSE |
|---|---|
| 37.    Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Declarant's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Declarant is testifying as to the purported content of a declaration, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced declaration as misconstruing the content | Defendants assert blanket objections without ever identifying any specific defect.  "Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all." *Walker,* 186 F.R.D. at 587.<br><br>As lead counsel for DC Comics, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions.  This is routine and proper. *E.g.*, *In re Real Estate Assocs. Ltd. P'Ship Litig.*, 2002 WL 31027557, at *1 ("declarations []based on counsel's analysis of the discovery and pleadings in |

DC COMICS' RESPONSES TO
DEFENDANTS' EVIDENTIARY
OBJECTIONS

of the declaration as a whole.

Double hearsay, as Declarant is testifying as to the purported statements made by an individual to the declarant within the declaration. FRE 802, 1002.

Irrelevant, self serving and prejudicial. FRE 401, 403.

**Exhibit 29**: Lack of foundation, FRE 602. Hearsay, FRE 801, 802. Irrelevant, self serving and prejudicial. FRE 401, 403.

this case [] are permissible"); *see also Lockheed Martin Corp.*, 70 Fed. Cl. at 750 (denying objection as to personal knowledge based on review of documents); *cf.* CAL. CODE CIV. PROC. § 2009 (exception to hearsay rule for declarations used in motion proceedings). Defendants do not and cannot show that any information has been mischaracterized.

The exhibit described is a public record. FRE 803(8).

The evidence is relevant because it shows DC Comics' history with the Siegels, at issue in DC Comics' fifth claim, among other purposes.  FRE 401.  Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none.  FRE 403.

The Petrocelli Declaration attached complete copies of the documents and other sources of evidence it cited for the Court's review.  Defendants' blanket and non-specific objections that documents

|  | were mischaracterized or taken out of context are baseless, because they identify no specific defect and because full copies of all the evidence was provided.

**Exhibit 29**:  The objections fail for the same reasons stated above. |
| --- | --- |

| PETROCELLI DECLARATION |
| --- |
| ¶ 40:  At his deposition in the *Siegel* case, Kevin Marks testified that he prepared a new draft agreement and sent it to "the Siegels on or about July 15, 2002."  Ex. 24 at 545:25-546:3. |

| DEFENDANTS' OBJECTION | DC COMICS' RESPONSE |
| --- | --- |
| 38.    Lack of foundation. Lack of personal knowledge. FRE 602.

Declarant's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.

Hearsay, as Declarant is testifying as to the purported content of a deposition | Defendants assert blanket objections without ever identifying any specific defect.  "Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all." *Walker,* 186 F.R.D. at 587.

As lead counsel for DC Comics, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions.  This is routine and proper. |

| | |
|---|---|
| transcript, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced deposition transcript as misconstruing the content of the deposition transcript as a whole.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. | *E.g.*, *In re Real Estate Assocs. Ltd. P'Ship Litig.*, 2002 WL 31027557, at *1 ("declarations []based on counsel's analysis of the discovery and pleadings in this case [] are permissible"); *see also Lockheed Martin Corp.*, 70 Fed. Cl. at 750 (denying objection as to personal knowledge based on review of documents); *cf.* CAL. CODE CIV. PROC. § 2009 (exception to hearsay rule for declarations used in motion proceedings). Defendants do not and cannot show that any information has been mischaracterized.<br><br>The testimony described contains admissions by party-opponents since Mr. Marks was the legal representative for the Siegels during the relevant time periods. FRE 801(d)(2). The document is also a public record. FRE 803(8).<br><br>The evidence is relevant because it shows DC Comics' history with the Siegels, at issue in DC Comics' fifth claim, among other purposes. FRE 401. Moreover, the evidence presents no danger of unfair |

DC COMICS' RESPONSES TO
DEFENDANTS' EVIDENTIARY
OBJECTIONS

| | |
|---|---|
| | prejudice to defendants, and defendants have identified none.  FRE 403.

The Petrocelli Declaration attached complete copies of the documents and other sources of evidence it cited for the Court's review.  Defendants' blanket and non-specific objections that documents were mischaracterized or taken out of context are baseless, because they identify no specific defect and because full copies of all the evidence was provided. |

| PETROCELLI DECLARATION | |
|---|---|

¶ 41:  At his deposition, Mr. Toberoff testified that he called Mr. Marks in November 2001, "shortly after I made an agreement with the Shusters," in order to "find out the status" of the Siegels' termination.  Ex. 14 at 230:17-232:4. Mr. Marks testified that he never returned the November 2001 phone call.  Ex. 24 at 498:10-11.

| DEFENDANTS' OBJECTION | DC COMICS' RESPONSE |
|---|---|
| 39.    Lack of foundation. Lack of personal knowledge. FRE 602.

Declarant's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, | Defendants assert blanket objections without ever identifying any specific defect.  "Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all." *Walker,* 186 F.R.D. at 587. |

speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.

Hearsay, as Declarant is testifying as to the purported content of a deposition transcript, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced deposition transcript as misconstruing the content of the deposition transcript as a whole.

Irrelevant, self serving and prejudicial. FRE 401, 403.

As lead counsel for DC Comics, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. This is routine and proper. *E.g.*, *In re Real Estate Assocs. Ltd. P'Ship Litig.*, 2002 WL 31027557, at *1 ("declarations []based on counsel's analysis of the discovery and pleadings in this case [] are permissible"); *see also Lockheed Martin Corp.*, 70 Fed. Cl. at 750 (denying objection as to personal knowledge based on review of documents); *cf.* CAL. CODE CIV. PROC. § 2009 (exception to hearsay rule for declarations used in motion proceedings). Defendants do not and cannot show that any information has been mischaracterized.

The testimony described contain admissions by party-opponents and is a public record. FRE 801(d)(2), FRE 803(8).

DC COMICS' RESPONSES TO DEFENDANTS' EVIDENTIARY OBJECTIONS

The evidence is relevant because it relates to Mr. Toberoff's business conduct, at issue in DC Comics' fourth, fifth, and sixth claims, among other purposes.  FRE 401.

The evidence is relevant because it shows DC Comics' history with the Siegels, at issue in DC Comics' fifth claim, among other purposes.  FRE 401.  Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none.  FRE 403.

The Petrocelli Declaration attached complete copies of the documents and other sources of evidence it cited for the Court's review.  Defendants' blanket and non-specific objections that documents were mischaracterized or taken out of context are baseless, because they identify no specific defect and because full copies of all the evidence was provided.

DC COMICS' RESPONSES TO
DEFENDANTS' EVIDENTIARY
OBJECTIONS

| PETROCELLI DECLARATION | |
|---|---|
| ¶ 42: According to Mr. Marks' call log, Mr. Toberoff called Mr. Marks again on February 6, 2002. Attached hereto as Exhibit 30 is a true and correct copy of relevant excerpts from Mr. Marks' call log. | |
| **DEFENDANTS' OBJECTION** | **DC COMICS' RESPONSE** |
| 40.    Lack of foundation. Lack of personal knowledge. FRE 602.

Declarant's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.

Hearsay, as Declarant is testifying as to the purported content of a document, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced document as misconstruing the content of the document as a whole.

Irrelevant, self serving and prejudicial. FRE 401, 403. | Defendants assert blanket objections without ever identifying any specific defect. "Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all." *Walker,* 186 F.R.D. at 587.

As lead counsel for DC Comics, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. This is routine and proper. *E.g.*, *In re Real Estate Assocs. Ltd. P'Ship Litig.*, 2002 WL 31027557, at *1 ("declarations []based on counsel's analysis of the discovery and pleadings in this case [] are permissible"); *see also Lockheed Martin Corp.*, 70 Fed. Cl. at 750 (denying objection as to personal knowledge based on review of documents); *cf.* CAL. CODE CIV. PROC. § |

2009 (exception to hearsay rule for declarations used in motion proceedings). Defendants do not and cannot show that any information has been mischaracterized.

The referenced facts and documents are not in dispute.  Defendants identify no inaccuracies in them.

The exhibit described contains admissions by party-opponents since Mr. Marks was the legal representative for the Siegels during the relevant time periods.  FRE 801(d)(2).  The document is also a public record.  FRE 803(8).

The evidence is relevant because it relates to Mr. Toberoff's business conduct, at issue in DC Comics' fourth, fifth, and sixth claims, among other purposes.

The evidence is relevant because it shows DC Comics' history with the Siegels, at issue in DC Comics' fifth claim, among other purposes.  FRE 401.  Moreover, the

DC COMICS' RESPONSES TO
DEFENDANTS' EVIDENTIARY
OBJECTIONS

| | evidence presents no danger of unfair prejudice to defendants, and defendants have identified none.  FRE 403.<br><br>The Petrocelli Declaration attached complete copies of the documents and other sources of evidence it cited for the Court's review.  Defendants' blanket and non-specific objections that documents were mischaracterized or taken out of context are baseless, because they identify no specific defect and because full copies of all the evidence was provided. |
|---|---|

### PETROCELLI DECLARATION

¶ 43:  Mr. Marks testified that he subsequently returned Mr. Toberoff's February 2002 phone call and described the conversation as follows:

> I think Mr. Toberoff started the call by saying that he had called me earlier and that I hadn't returned his call, for which I apologized, and then he introduced himself.  He said he was a lawyer and that he represented individuals that had interests in rights to movie and other properties that had come into those rights either by way of reversions under the law or reversions under Guild agreements.  *I also recall him saying that he had a separate company that was in the business of acquiring intellectual property rights. I recall him saying that he was interested in the Superman property and the Superboy property and had understood that I was representing the Siegel family interest, and he asked if he could talk to me about that.*
> ...

I think I said we were in the process
of -- in the documentation phase, were trying to document
a deal.

Ex. 24 at 498:18-500:13 (emphasis added).

| DEFENDANTS' OBJECTION | DC COMICS' RESPONSE |
|---|---|
| 41.    Lack of foundation. Lack of personal knowledge. FRE 602.

Declarant's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.

Hearsay, as Declarant is testifying as to the purported content of a deposition transcript, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced deposition transcript as misconstruing the content of the deposition transcript as a whole.

Irrelevant, self serving and prejudicial. FRE 401, 403. | Defendants assert blanket objections without ever identifying any specific defect.  "Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all." *Walker,* 186 F.R.D. at 587.

As lead counsel for DC Comics, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions.  This is routine and proper. *E.g.*, *In re Real Estate Assocs. Ltd. P'Ship Litig.*, 2002 WL 31027557, at *1 ("declarations []based on counsel's analysis of the discovery and pleadings in this case [] are permissible"); *see also Lockheed Martin Corp.*, 70 Fed. Cl. at 750 (denying objection as to personal knowledge based on review of documents); *cf.* CAL. CODE CIV. PROC. § 2009 (exception to hearsay rule for |

declarations used in motion proceedings). Defendants do not and cannot show that any information has been mischaracterized.

The testimony described contains admissions by party-opponents since Mr. Marks was the legal representative for the Siegels during the relevant time periods. FRE 801(d)(2). The document is also a public record. FRE 803(8).

The evidence is relevant because it relates to Mr. Toberoff's business conduct, at issue in DC Comics' fourth, fifth, and sixth claims, among other purposes.

The evidence is relevant because it shows DC Comics' history with the Siegels, at issue in DC Comics' fifth claim, among other purposes. FRE 401. Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none. FRE 403.

The Petrocelli Declaration attached

DC COMICS' RESPONSES TO
DEFENDANTS' EVIDENTIARY
OBJECTIONS

complete copies of the documents and other sources of evidence it cited for the Court's review.  Defendants' blanket and non-specific objections that documents were mischaracterized or taken out of context are baseless, because they identify no specific defect and because full copies of all the evidence was provided.

Defendants do not contest the accuracy of the evidence at all, including that Mr. Toberoff specifically referred to his "separate company" when speaking to Mr. Marks about purchasing the Siegels' Superman interest in February 2002.

| PETROCELLI DECLARATION |
|---|

¶ 44:  Mr. Marks also testified about his July 2002 conversation with Mr. Toberoff as follows:

  Q. Okay.  Can you tell me to the best of your
recollection what was said by each of you and
Mr. Toberoff in that conversation?
A. I think Mr. Toberoff said he was -- wanted to
check in with me to see where we were in our dealings
with DC Comics, and I think I told him then that -- and I
may have also said it in our first conversation -- that
we had a confidentiality agreement with DC Comics, and I
didn't feel at liberty to discuss the status of our
dealings with him.

> Mr. Toberoff said, "Can you tell me what DC Comics offered you," and I said "No. We have a confidentiality agreement."
>
> And I believe Mr. Toberoff said, "Would you be willing to enter into negotiations with me," and I believe I said, "Initiating negotiations, no. That's something that makes me very uncomfortable. If you have an offer, present it to me, and I'll present it to the client."

Ex. 24 at 513:10-514:3.

| DEFENDANTS' OBJECTION | DC COMICS' RESPONSE |
|---|---|
| 42. Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Declarant's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Declarant is testifying as to the purported content of a deposition transcript, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced deposition transcript as misconstruing the content of the deposition transcript as a whole. | Defendants assert blanket objections without ever identifying any specific defect. "Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all." *Walker,* 186 F.R.D. at 587.<br><br>As lead counsel for DC Comics, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. This is routine and proper. *E.g.*, *In re Real Estate Assocs. Ltd. P'Ship Litig.*, 2002 WL 31027557, at *1 ("declarations []based on counsel's analysis of the discovery and pleadings in this case [] are permissible"); *see also Lockheed Martin Corp.*, 70 Fed. Cl. at |

| | |
|---|---|
| Irrelevant, self serving and prejudicial. FRE 401, 403. | 750 (denying objection as to personal knowledge based on review of documents); *cf.* CAL. CODE CIV. PROC. § 2009 (exception to hearsay rule for declarations used in motion proceedings). Defendants do not and cannot show that any information has been mischaracterized.<br><br>The testimony described contains admissions by party-opponents since Mr. Marks was the legal representative for the Siegels during the relevant time periods. FRE 801(d)(2). The document is also a public record. FRE 803(8).<br><br>The evidence is relevant because it relates to Mr. Toberoff's business conduct, at issue in DC Comics' fourth, fifth, and sixth claims, among other purposes.<br><br>The evidence is relevant because it shows DC Comics' history with the Siegels, at issue in DC Comics' fifth claim, among other purposes. FRE 401. Moreover, the evidence presents no danger of unfair |

129

| | |
|---|---|
| | prejudice to defendants, and defendants have identified none.  FRE 403.<br><br>The Petrocelli Declaration attached complete copies of the documents and other sources of evidence it cited for the Court's review.  Defendants' blanket and non-specific objections that documents were mischaracterized or taken out of context are baseless, because they identify no specific defect and because full copies of all the evidence was provided. |

### PETROCELLI DECLARATION

¶ 45:  According to Mr. Marks' deposition testimony, on or around August 8, 2002, he had a conference call with Mr. Toberoff and talent agent Ari Emanuel that he described as follows:

> ... they understood that the Siegel family had an interest in the termination rights and viewed that as perhaps the most valuable of properties and wanted to make a proposal.
> Q. Okay. What did you say?
> A. I said in substance and effect, "I'm listening."
> And I'm not sure who spoke, but they made a proposal of $15 million and what was described as a meaningful back end, which I understood to be a contingent compensation position or a royalty position in the exploitation of the property.

*Id.* at 515:20-516:5.

DC COMICS' RESPONSES TO DEFENDANTS' EVIDENTIARY OBJECTIONS

| DEFENDANTS' OBJECTION | DC COMICS' RESPONSE |
|---|---|
| 43.     Lack of foundation. Lack of personal knowledge. FRE 602.

Declarant's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.

Hearsay, as Declarant is testifying as to the purported content of a deposition transcript, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced deposition transcript as misconstruing the content of the deposition transcript as a whole.

Irrelevant, self serving and prejudicial. FRE 401, 403. | Defendants assert blanket objections without ever identifying any specific defect. "Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all." *Walker,* 186 F.R.D. at 587.

As lead counsel for DC Comics, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions.  This is routine and proper. *E.g.*, *In re Real Estate Assocs. Ltd. P'Ship Litig.*, 2002 WL 31027557, at *1 ("declarations []based on counsel's analysis of the discovery and pleadings in this case [] are permissible"); *see also Lockheed Martin Corp.*, 70 Fed. Cl. at 750 (denying objection as to personal knowledge based on review of documents); *cf.* CAL. CODE CIV. PROC. § 2009 (exception to hearsay rule for declarations used in motion proceedings). Defendants do not and cannot show that any information has been |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

mischaracterized.

The testimony described contains admissions by party-opponents since Mr. Marks was the legal representative for the Siegels during the relevant time periods. FRE 801(d)(2). The document is also a public record. FRE 803(8).

The evidence is relevant because it relates to Mr. Toberoff's business conduct, at issue in DC Comics' fourth, fifth, and sixth claims, among other purposes.

The evidence is relevant because it shows DC Comics' history with the Siegels, at issue in DC Comics' fifth claim, among other purposes. FRE 401. Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none. FRE 403.

The Petrocelli Declaration attached complete copies of the documents and other sources of evidence it cited for the Court's review. Defendants' blanket and

DC COMICS' RESPONSES TO
DEFENDANTS' EVIDENTIARY
OBJECTIONS

| | |
|---|---|
| | non-specific objections that documents were mischaracterized or taken out of context are baseless, because they identify no specific defect and because full copies of all the evidence was provided. |

**PETROCELLI DECLARATION**

¶ 46: In the Toberoff Timeline, the author describes Mr. Toberoff's August 2002 contacts regarding the Siegels as follows:

> MT and Ari Emanuel, partner and agent at Endeavor, contacts Kevin Marks at Gang, Tyre, Ramer, & Brown again, (who represented Joanne and Laura Siegel), on August 8, 2002. MT approaches the Siegels, _not as an attorney but as a film producer_, stating that he is "allied" with Emanuel, hoping such a claim will legitimize him.

> On August 8th 2002, MT tells Marks that he and Emanuel have a billionaire ready to offer $15 million dollars up-front, plus what they promise to be meaningful participation from proceeds for exploitation of the Siegels' rights to SUPERMAN and some continued royalties on an ongoing basis in all media....

> Within their offer, MT appeals to the Siegels' sense of ownership and encourages them to take this deal. MT says he can help them make a movie in direct competition to the one being made at Warner Brothers (MT makes this argument to Joanne and Laura, all the while knowing full well that no one would ever go near making such an attempt; no other studio would go for it because of the division of rights, and no one outside of the studio system would attempt such an endeavor for all the enormous costs attributable to the making, marketing and distribution of such a film.) In other words, MT displays "predatory intent" in his initial approach to the Siegels from the very beginning....

> Upon the Siegels signing the agreement, MT then tells Joanne and Laura that his mysterious billionaire has decided to invest elsewhere....

> Significantly, MT admits to Laura Siegel that there never was a billionaire willing to invest $15 million when he first approached them. But by then the Siegels were concerned about appearing flaky

for changing lawyers a few times.  They decide to stick it out.

Ex. 31 at 639-40, 643 (emphasis in original).  Attached hereto as Exhibit 31 is a true and correct copy of the Toberoff Timeline.

| DEFENDANTS' OBJECTION | DC COMICS' RESPONSE |
|---|---|
| 44.    Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Impermissible character evidence. FRE 404.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403.<br><br>**Exhibit 31**: Lack of foundation, authentication. FRE 602, 901. Hearsay, FRE 801, 802. Impermissible character evidence. FRE 404. Irrelevant, self serving and prejudicial. FRE 401, 403.<br><br>The document improperly discloses privileged and confidential information, and its improper use by DC Comics in the related action of *Joanne Siegel, et al., v. Warner Bros., et al.*, 04-CV-8400 ODW (RZx) is subject to an appeal. *See* ¶¶ 11-12, *supra*. | Defendants' "objections" to the Timeline do not constitute legal objections, but are self-serving arguments aimed at suppressing discovery about the Timeline.  Defendants' arguments also misrepresent the facts regarding disclosure of the Timeline, which was ordered produced in the *Siegel* action, Case No. CV 04-8400, based on the Court's finding that defendants waived any privilege that may have applied. Docket No. 386 (Dec. 4, 2008).  In their motion for a protective order concerning the Timeline in this case, defendants repeated their same arguments from the *Siegel* cases:  the documents sent with the Timeline were stolen; DC Comics improperly handled receipt of the documents; the Timeline was not required to be logged; and Judge Larson misinterpreted an earlier ruling and should not have ordered the Timeline produced.  Docket No. 42 at 1-4, 7-39 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

(Mot. PO Timeline). Magistrate Zarefsky denied defendants' motion.  Docket No. 74 (Sept. 20, 2010 Order).

In addition to the underlying documents, the Toberoff Timeline itself is potentially admissible—it reflects admissions by defendants in this case and is a statement against interest by a potentially unavailable witness.  FRE 801(d)(2), FRE 804(b)(3).  As Magistrate Zarefsky ruled, DC Comics is entitled to discovery related to the document.  Mr. Petrocelli's declaration explains the need for essential discovery related to the factual issues raised by that document.  *See* Docket No. 182 ¶ 54 (Petrocelli Decl.).  Neither defendants nor other witnesses (including the Timeline's author) have been examined regarding information contained in the Timeline or the underlying documents, since it was not produced to DC Comics until after the close of discovery in the *Siegel* cases. Defendants assert blanket objections without ever identifying any specific defect.  "Boilerplate, generalized

DC COMICS' RESPONSES TO DEFENDANTS' EVIDENTIARY OBJECTIONS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

objections are inadequate and tantamount to not making any objection at all." *Walker,* 186 F.R.D. at 587.

Defendants assert blanket objections without ever identifying any specific defect. "Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all." *Walker,* 186 F.R.D. at 587.

As lead counsel for DC Comics, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. This is routine and proper. *E.g.*, *In re Real Estate Assocs. Ltd. P'Ship Litig.*, 2002 WL 31027557, at *1 ("declarations []based on counsel's analysis of the discovery and pleadings in this case [] are permissible"); *see also Lockheed Martin Corp.*, 70 Fed. Cl. at 750 (denying objection as to personal knowledge based on review of documents); *cf.* CAL. CODE CIV. PROC. § 2009 (exception to hearsay rule for

136

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

declarations used in motion proceedings). Defendants do not and cannot show that any information has been mischaracterized.

The exhibits described are public records. FRE 803(8).

The evidence is relevant to Mr. Toberoff's business conduct, at issue in DC Comics' fourth, fifth, and sixth claims, among other purposes, and also refutes defendants' assertion that the SLAPP statute applies here, not to prove conformity with any character. FRE 404. This evidence shows Mr. Toberoff's history and course of conduct as a business person as admitted by him and recognized by others. FRE 401.

The evidence is relevant because it shows DC Comics' history with the Siegels, at issue in DC Comics' fifth claim, among other purposes. FRE 401. Moreover, the evidence presents no danger of unfair prejudice to defendants. FRE 403.

DC COMICS' RESPONSES TO
DEFENDANTS' EVIDENTIARY
OBJECTIONS

1
2
3
4
5
6
7
8
9
10
11

The Petrocelli Declaration attached complete copies of the documents and other sources of evidence it cited for the Court's review.  Defendants' blanket and non-specific objections that documents were mischaracterized or taken out of context are baseless, because they identify no specific defect and because full copies of all the evidence was provided.

12
13
14
15
16
17
18
19

**Exhibit 31**:  The objections fail for the same reasons stated above.  Additionally, the document described contains admissions by a party-opponent and statements against the interest of the document's author.  FRE 801(d)(2), 804(b)(3).

20
21
22
23
24
25

Privilege was waived as to the document, Case No. 04-8400, Docket Nos. 374 (Sept. 26, 2008 Order), 386 (Dec. 4, 2008), and defendants' motion for a protective order in this case was denied. Docket No. 74 (Sept. 20, 2010).

26
27
28

DC COMICS' RESPONSES TO
DEFENDANTS' EVIDENTIARY
OBJECTIONS

| PETROCELLI DECLARATION | |
|---|---|
| ¶ 47:  To the best of my knowledge, Mr. Toberoff has not publicly identified the author of the Toberoff Timeline or taken legal action against the author. | |
| **DEFENDANTS' OBJECTION** | **DC COMICS' RESPONSE** |
| 45.    Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>This is not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403, 404. | Paragraph 47 describes the extent of Mr. Petrocelli's personal knowledge and cannot therefore manifest a "lack of personal knowledge."  FRE 602.  It does not constitute an opinion.<br><br>The evidence is relevant because it relates to DC Comics' history with the Siegels, at issue in DC Comics' fifth claim, among other purposes.  FRE 401.  Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none. FRE 403.<br><br>Defendants do not contest the accuracy of the statement and their own failure to bring any action against the author of the Toberoff Timeline. |

| PETROCELLI DECLARATION |
|---|

¶ 48:  A September 21, 2002 letter from Joanne Siegel and Laura Siegel Larson to Kevin Marks states:

> As we previously discussed with you and hereby affirm, we rejected DC Comics' offer for the Siegel Family interest in Superman and other characters sent to us by you on February 4, 2002. We *similarly reject your redraft of the February 4, 2002 document which you sent to us on July 15, 2002.*  Therefore, due to irreconcilable differences, after four years of painful and unsatisfying negotiations, *this letter serves as formal notification that we are totally stopping and ending all negotiations with DC Comics, Inc.....*
>
> This letter is also notification that, effective immediately, we are terminating Gang, Tyre, Ramer & Brown, Inc., and all of your firm's partners, associates and employees as representatives of the Siegel Family interest regarding Superman....

Ex. 32 (emphasis added).  Attached hereto as Exhibit 32 is a true and correct copy of that letter.

| DEFENDANTS' OBJECTION | DC COMICS' RESPONSE |
|---|---|
| 46.    Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Hearsay, as Declarant is testifying as to the purported content of a document, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced document as misconstruing the content of the document as a whole.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. | Defendants assert blanket objections without ever identifying any specific defect.  "Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all." *Walker,* 186 F.R.D. at 587.<br><br>As lead counsel for DC Comics, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions.  This is routine and proper. |

*E.g.*, *In re Real Estate Assocs. Ltd. P'Ship Litig.*, 2002 WL 31027557, at *1 ("declarations []based on counsel's analysis of the discovery and pleadings in this case [] are permissible"); *see also Lockheed Martin Corp.*, 70 Fed. Cl. at 750 (denying objection as to personal knowledge based on review of documents); *cf.* CAL. CODE CIV. PROC. § 2009 (exception to hearsay rule for declarations used in motion proceedings). Defendants do not and cannot show that any information has been mischaracterized.

The exhibit described contains admissions by party-opponents because it conveys the Siegels' termination Mr. Marks' legal representation. FRE 801(d)(2).

The evidence is relevant because it shows DC Comics' history with the Siegels, at issue in DC Comics' fifth claim, among other purposes. FRE 401. Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants

DC COMICS' RESPONSES TO
DEFENDANTS' EVIDENTIARY
OBJECTIONS

| | |
|---|---|
| | have identified none.  FRE 403.<br><br>The Petrocelli Declaration attached complete copies of the documents and other sources of evidence it cited for the Court's review.  Defendants' blanket and non-specific objections that documents were mischaracterized or taken out of context are baseless, because they identify no specific defect and because full copies of all the evidence was provided. |

| **PETROCELLI DECLARATION** |
|---|

¶ 49:  In a September 21, 2002 letter from Joanne Siegel and Laura Siegel Larson to Paul Levitz of Warner Bros., the Siegels stated:

> We regret to inform you that after many years of difficult negotiations with your representatives culminating in an offer sent to us on February 4, 2002, irreconcilable differences exist that cannot be overcome.  *Therefore, effective immediately, we are totally stopping and ending negotiations with DC Comics, Inc....*

Ex. 33 (emphasis added).  In a letter dated October 28, 2002, the Siegel heirs sent a letter to Lillian Laserson of DC Comics attaching the September 21, 2001 letter "which totally stopped and ended negotiations with DC Comics...."  Ex. 36.  Attached hereto as Exhibit 33 is a true and correct copy of a letter signed by Joanne Siegel and Laura Siegel Larson dated September 21, 2002.  Attached hereto as Exhibit 36 is a true and correct copy of a letter signed by Joanne Siegel and Laura Siegel Larson dated October 28, 2002.

| DEFENDANTS' OBJECTION | DC COMICS' RESPONSE |
|---|---|
| 47.    Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Hearsay, as Declarant is testifying as to the purported contents of documents, which speak for themselves. FRE 802, 1002. Defendants further object to the abbreviated summaries of the referenced documents as misconstruing the contents of the documents as a whole.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403.<br><br>**Exhibit 36**: Lack of foundation, FRE 602. Hearsay, FRE 801, 802. Irrelevant, self serving and prejudicial. FRE 401, 403. | Defendants assert blanket objections without ever identifying any specific defect. "Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all." *Walker,* 186 F.R.D. at 587.<br><br>As lead counsel for DC Comics, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions.  This is routine and proper. *E.g.*, *In re Real Estate Assocs. Ltd. P'Ship Litig.*, 2002 WL 31027557, at *1 ("declarations []based on counsel's analysis of the discovery and pleadings in this case [] are permissible"); *see also Lockheed Martin Corp.*, 70 Fed. Cl. at 750 (denying objection as to personal knowledge based on review of documents); *cf.* CAL. CODE CIV. PROC. § 2009 (exception to hearsay rule for declarations used in motion proceedings). Defendants do not and cannot show that any information has been |

DC COMICS' RESPONSES TO
DEFENDANTS' EVIDENTIARY
OBJECTIONS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

mischaracterized.

The exhibits described contain admissions by party-opponents because they represent the Siegels repudiation of the 2001 Settlement Agreement.  FRE 801(d)(2).

The evidence is relevant because it shows DC Comics' history with the Siegels, at issue in DC Comics' fifth claim, among other purposes.  FRE 401.  Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none.  FRE 403.

The Petrocelli Declaration attached complete copies of the documents and other sources of evidence it cited for the Court's review.  Defendants' blanket and non-specific objections that documents were mischaracterized or taken out of context are baseless, because they identify no specific defect and because full copies of all the evidence was provided.

DC COMICS' RESPONSES TO DEFENDANTS' EVIDENTIARY OBJECTIONS

| | **Exhibit 36**:  The objections fail for the same reasons stated above. |
|---|---|

| **PETROCELLI DECLARATION** |
|---|

¶ 50:  According to the letter agreement dated February 2002, Mr. Toberoff and Mr. Emanuel formed IP Worldwide as a joint venture between Pacific Pictures, Mr. Emanuel, and Endeavor talent agency.  Pacific Pictures promised to contribute its "current IP business" to IP Worldwide as well as Toberoff's "contacts" and "IP hit list."  Because this letter agreement was stamped confidential, in an abundance of caution, DC Comics does not attach it hereto—although defendants have disclosed certain of its contents in public filings.

| **DEFENDANTS' OBJECTION** | **DC COMICS' RESPONSE** |
|---|---|
| 48.    Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Declarant's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Declarant is testifying as to the purported content of a document, which speaks for itself. FRE 802, 1002. Defendants further object to this | Defendants assert blanket objections without ever identifying any specific defect.  "Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all." *Walker,* 186 F.R.D. at 587.<br><br>As lead counsel for DC Comics, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions.  This is routine and proper. *E.g.*, *In re Real Estate Assocs. Ltd. P'Ship Litig.*, 2002 WL 31027557, at *1 |

DC COMICS' RESPONSES TO
DEFENDANTS' EVIDENTIARY
OBJECTIONS

abbreviated summary of the referenced document as misconstruing the content of the document as a whole.

Irrelevant, self serving and prejudicial. FRE 401, 403.

Defendants further object on the basis the document in question was marked "confidential" pursuant to a protective order in the closely related action *Joanne Siegel, et al. v. Warner Bros., et al.*, 04-CV-8400 ODW (RZx).

("declarations []based on counsel's analysis of the discovery and pleadings in this case [] are permissible"); *see also Lockheed Martin Corp.*, 70 Fed. Cl. at 750 (denying objection as to personal knowledge based on review of documents); *cf.* CAL. CODE CIV. PROC. § 2009 (exception to hearsay rule for declarations used in motion proceedings). Defendants do not and cannot show that any information has been mischaracterized.

The exhibit described contain admissions by party-opponents because it is the 2002 formation of IPW between Toberoff's company, Pacific Pictures, and Ari Emanuel and Endeavor Talent Agency. FRE 801(d)(2).

The evidence is relevant to Mr. Toberoff's business conduct, at issue in DC Comics' fourth, fifth, and sixth claims, among other purposes, and also refutes defendants' assertion that the SLAPP statute applies here, not to prove conformity with any character.  FRE 404.

| | |
|---|---|
| | This evidence shows Mr. Toberoff's history and course of conduct as a business person as admitted by him and recognized by others.  FRE 401. |
| | The evidence is relevant because it shows DC Comics' history with the Siegels, at issue in DC Comics' fifth claim, among other purposes.  FRE 401.  Moreover, the evidence presents no danger of unfair prejudice to defendants.  FRE 403. |
| | Defendants disclosed the general content of the document in public filings, which waived any confidentiality defendants might otherwise have claimed.  *See* Docket Nos. 75 at 8 (SLAPP Mot.), 77 at 7 (Toberoff MTD).  Moreover, though DC Comics believes it was entitled to, our of an abundance of caution, it did not attach the document. |
| | Defendants do not contest the accuracy of the evidence at all, including the make-up of IP Worldwide or PPC's contributions to that company. |

DC COMICS' RESPONSES TO
DEFENDANTS' EVIDENTIARY
OBJECTIONS

| PETROCELLI DECLARATION |
|---|

¶ 51:  In October 2002, the Siegels entered into an agreement with IP Worldwide providing:

> Owner hereby warrants and represents that Owner will not transfer, assign, license or in any manner encumber the Rights during the Term or extended Term other than through or as a result of IPW's exclusive representation hereunder, with the exception of by will, probate or pursuant to other Court order.
>
> ...
>
> The parties understand and acknowledge that the scope of this Agreement does not include legal services and/or expenses in connection with litigation or formal legal arbitration, if any.

Ex. 34 ¶¶ 8, 10.  Attached hereto as Exhibit 34 is a true and correct copy of a October 3, 2002 agreement between Joanne Siegel, Laura Siegel Larson, and IP Worldwide.

| DEFENDANTS' OBJECTION | DC COMICS' RESPONSE |
|---|---|
| 49.    Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Hearsay, as Declarant is testifying as to the purported contents of documents, which speak for themselves. FRE 802, 1002. Defendants further object to the abbreviated summaries of the referenced documents as misconstruing the contents of the documents as a whole.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. | Defendants assert blanket objections without ever identifying any specific defect.  "Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all." *Walker,* 186 F.R.D. at 587.<br><br>As lead counsel for DC Comics, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions.  This is routine and proper. *E.g.,* *In re Real Estate Assocs. Ltd.* |

DC COMICS' RESPONSES TO DEFENDANTS' EVIDENTIARY OBJECTIONS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*P'Ship Litig.*, 2002 WL 31027557, at *1
("declarations []based on counsel's
analysis of the discovery and pleadings in
this case [] are permissible"); *see also*
*Lockheed Martin Corp.*, 70 Fed. Cl. at
750 (denying objection as to personal
knowledge based on review of
documents); *cf.* CAL. CODE CIV. PROC. §
2009 (exception to hearsay rule for
declarations used in motion proceedings).
Defendants do not and cannot show that
any information has been
mischaracterized.

The exhibit described contains
admissions by party-opponents.  FRE
801(d)(2).

The evidence is relevant to Mr.
Toberoff's business conduct, at issue in
DC Comics' fourth, fifth, and sixth
claims, among other purposes, and also
refutes defendants' assertion that the
SLAPP statute applies here, not to prove
conformity with any character.  FRE 404.
This evidence shows Mr. Toberoff's
history and course of conduct as a

DC COMICS' RESPONSES TO
DEFENDANTS' EVIDENTIARY
OBJECTIONS

business person as admitted by him and recognized by others.  FRE 401.

The evidence is relevant because it shows DC Comics' history with the Siegels, at issue in DC Comics' fifth claim, among other purposes.  FRE 401.  Moreover, the evidence presents no danger of unfair prejudice to defendants.  FRE 403.

The Petrocelli Declaration attached complete copies of the documents and other sources of evidence it cited for the Court's review.  Defendants' blanket and non-specific objections that documents were mischaracterized or taken out of context are baseless, because they identify no specific defect and because full copies of all the evidence was provided.

| PETROCELLI DECLARATION |
| --- |

¶ 52:  As discussed in the Siegel defendants' motion to dismiss at pages 18-23, before a 2008 mediation session in the *Siegel* case, Mr. Toberoff informed DC Comics about certain arrangements between the Shusters and Siegels relevant to their entering into agreements with DC Comics.  A mediation thereafter ensued,

DC COMICS' RESPONSES TO DEFENDANTS' EVIDENTIARY OBJECTIONS

pursuant to a JAMS Confidentiality Agreement, a copy of which is attached hereto as Exhibit 20.

| DEFENDANTS' OBJECTION | DC COMICS' RESPONSE |
|---|---|
| 50.    Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Defendants further object on the grounds that this testimony deliberately violates the parties May 1, 2008 JAMS Confidentiality Agreement as well as FRE 408. *See* Docket No. 78 at 18:12-24:13.<br><br>Declarant's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Declarant is testifying as to the purported contents of documents, which speak for themselves. FRE 802, 1002. Defendants further object to the abbreviated summaries of the referenced documents as misconstruing | Defendants assert blanket objections without ever identifying any specific defect. "Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all." *Walker,* 186 F.R.D. at 587.<br><br>As lead counsel for DC Comics, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions.  This is routine and proper. *E.g.*, *In re Real Estate Assocs. Ltd. P'Ship Litig.*, 2002 WL 31027557, at *1 ("declarations []based on counsel's analysis of the discovery and pleadings in this case [] are permissible"); *see also Lockheed Martin Corp.*, 70 Fed. Cl. at 750 (denying objection as to personal knowledge based on review of documents); *cf.* CAL. CODE CIV. PROC. § 2009 (exception to hearsay rule for declarations used in motion proceedings). |

DC COMICS' RESPONSES TO
DEFENDANTS' EVIDENTIARY
OBJECTIONS

| | |
|---|---|
| the contents of the documents as a whole.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. | Defendants do not and cannot show that any information has been mischaracterized.<br><br>The evidence was not offered to prove the validity or amount of a claim that was disputed at mediation.  FRE 408. Moreover, the testimony does not violate the parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* Docket No. 185 at 18-23 (Opp. Siegel MTD).<br><br>The exhibit described contains admissions by party-opponents.  FRE 801(d)(2).<br><br>The evidence is relevant because it relates to Mr. Toberoff's business conduct, at issue in DC Comics' fourth, fifth, and sixth claims, among other purposes.  FRE 401.<br><br>The evidence is relevant because it shows DC Comics' history with the Siegels, at issue in DC Comics' fifth claim, among other purposes.  FRE 401.  Moreover, the evidence presents no danger of unfair |

DC COMICS' RESPONSES TO
DEFENDANTS' EVIDENTIARY
OBJECTIONS

| | |
|---|---|
| | prejudice to defendants.  FRE 403.

The Petrocelli Declaration attached complete copies of the documents and other sources of evidence it cited for the Court's review.  Defendants' blanket and non-specific objections that documents were mischaracterized or taken out of context are baseless, because they identify no specific defect and because full copies of all the evidence was provided. |

| **PETROCELLI DECLARATION** |
|---|

¶ 53:  During a mediation session on April 26, 2010, DC Comics was informed that agreements existed between the Siegels and Shusters relevant to their entering into agreements with DC Comics.  We have sought those agreements in discovery. Defendants have refused to produce them.

| **DEFENDANTS' OBJECTION** | **DC COMICS' RESPONSE** |
|---|---|
| 51.    Defendants further object on the grounds that this testimony deliberately violates the parties May 1, 2008 JAMS Confidentiality Agreement as well FRE 408. *See* Docket No. 78 at 18:12-24:13.

Declarant 's statements are not factual evidence, but conclusory statements | The evidence was not offered to prove the validity or amount of a claim that was disputed at mediation.  FRE 408. Moreover, the testimony does not violate the parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* Docket No. 185 at 18-23 (Opp. Siegel MTD). |

| | |
|---|---|
| consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court. | The conversation and agreement described contain admissions by party-opponents.  FRE 801(d)(2). |
| Hearsay, as Declarant is testifying as to the purported contents of a settlement mediation. FRE 802, 1002. | The evidence is relevant because it relates to Mr. Toberoff's business conduct, at issue in DC Comics' fourth, fifth, and sixth claims.  FRE 401. |
| Irrelevant, self serving and prejudicial. FRE 401, 403. | The evidence is relevant because it shows DC Comics' history with the Siegels, at issue in DC Comics' fifth claim, among other purposes.  FRE 401.  Moreover, the evidence presents no danger of unfair prejudice to defendants.  FRE 403. |

| PETROCELLI DECLARATION |
|---|

¶ 54:  Defendants' Motion to Strike contains a number of factual assertions and characterizations regarding DC Comics' state-law claims in its fourth, fifth, and sixth claims for relief.  Because of the factual issues raised by defendants' Motion to Strike, DC Comics requires discovery to respond to such areas.  I have identified below certain factual areas where discovery is required to oppose defendants' Motion to Strike.  [List of evidence required.]

| DEFENDANTS' OBJECTION | DC COMICS' RESPONSE |
|---|---|
| 52.    Declarant's statements are not factual evidence, but conclusory statements consisting of inadmissible | DC Comics properly submitted a list of "facts essential to justify its opposition" on which it needs to conduct discovery. |

| | |
|---|---|
| opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>This paragraph impermissibly contains additional arguments outside of Plaintiff's opposition to Defendants' Anti-SLAPP motion in violation of paragraph 5(c) of this Court's Standing Order.<br><br>Moreover, Declarant purports to recite the "laundry list" of discovery that is allegedly needed, without making any showing what discovery has already occurred on these topics or how it is relevant to any of the specific factual issues addressed in the Anti-SLAPP motion. *See* ¶ 8, *supra*. | FRCP 56(f). DC Comics' opposition to defendants' SLAPP motion repeatedly asserts that discovery is necessary to fully oppose defendants' motion: "DC Comics submits this initial opposition brief to identify its need for discovery to oppose defendants' motion…." Docket No. 181 at 2; *see id.* at 1-3, 7-11, 16, 19, 21, 24-25. The identified discovery is clearly segregated by factual issues relevant to DC Comics' fourth, fifth, and sixth claims. Petrocelli Decl. ¶ 54. |

### PETROCELLI DECLARATION

¶ 55: In the event the court does not deny defendants' motion to strike in its entirety, I believe that the discovery described above is necessary to provide relevant evidence to fully and fairly oppose the motion.

155

| DEFENDANTS' OBJECTION | DC COMICS' RESPONSE |
|---|---|
| 53.    Declarant's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>This paragraph impermissibly contains additional arguments outside of Plaintiff's opposition to Defendants' Anti-SLAPP motion in violation of paragraph 5(c) of this Court's Standing Order.<br><br>Moreover, Declarant purports to recite the "laundry list" of discovery that is allegedly needed, without making any showing what discovery has already occurred on these topics or how it is relevant to any of the specific factual issues addressed in the Anti-SLAPP motion. *See* ¶ 8, *supra*. | DC Comics properly submitted a list of "facts essential to justify its opposition" on which it needs to conduct discovery. FRCP 56(f).  DC Comics' opposition to defendants' SLAPP motion repeatedly asserts that discovery is necessary to fully oppose defendants' motion:  "DC Comics submits this initial opposition brief to identify its need for discovery to oppose defendants' motion…."  Docket No. 181 at 2; *see id.* at 1-3, 7-11, 16, 19, 21, 24-25.  The identified discovery is clearly segregated by factual issues relevant to DC Comics' fourth, fifth, and sixth claims.  Petrocelli Decl. ¶ 54. |

| PETROCELLI DECLARATION |
|---|
| ¶ 56:  DC Comics' therefore requests that the Court deny defendants' Motion to Strike in its entirety or, alternatively, issue and order staying any resolution of defendants' Motion to Strike and setting a status conference no sooner than 120 days, at which the parties and Court can discuss a final briefing schedule and hearing date on defendants' Motion to Strike. |

| DEFENDANTS' OBJECTION | DC COMICS' RESPONSE |
|---|---|
| 54.    Declarant's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>This paragraph impermissibly contains additional arguments outside of Plaintiff's opposition to Defendants' Anti-SLAPP motion in violation of paragraph 5(c) of this Court's Standing Order.<br><br>Moreover, Declarant purports to recite the "laundry list" of discovery that is allegedly needed, without making any showing what discovery has already | DC Comics properly submitted a list of "facts essential to justify its opposition" on which it needs to conduct discovery. FRCP 56(f).  DC Comics' opposition to defendants' SLAPP motion repeatedly asserts that discovery is necessary to fully oppose defendants' motion:  "DC Comics submits this initial opposition brief to identify its need for discovery to oppose defendants' motion…."  Docket No. 181 at 2; *see id.* at 1-3, 7-11, 16, 19, 21, 24-25.  The identified discovery is clearly segregated by factual issues relevant to DC Comics' fourth, fifth, and sixth claims.  Petrocelli Decl. ¶ 54. |

| 1 | occurred on these topics or how it is relevant to any of the specific factual issues addressed in the Anti-SLAPP motion. | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

Dated: March 30, 2011

DANIEL PETROCELLI
O'MELVENY & MYERS LLP


By:  /s/ Daniel M. Petrocelli
    Daniel Petrocelli
    Attorneys for Plaintiff DC Comics

CC1:847069

DC COMICS' RESPONSES TO
DEFENDANTS' EVIDENTIARY
OBJECTIONS