1  DANIEL M. PETROCELLI (S.B. #097802)
     dpetrocelli@omm.com
2  MATTHEW T. KLINE (S.B. #211640)
     mkline@omm.com
3  CASSANDRA L. SETO (S.B. #246608)
     cseto@omm.com
4  O'MELVENY & MYERS LLP
   1999 Avenue of the Stars, 7th Floor
5  Los Angeles, CA  90067-6035
   Telephone:  (310) 553-6700
6  Facsimile:   (310) 246-6779

7  Attorneys for Plaintiff DC Comics

8  (continued on next page)

9              UNITED STATES DISTRICT COURT

10           CENTRAL DISTRICT OF CALIFORNIA

11  DC COMICS,                          Case No.  CV 10-3633 ODW (RZx)

12           Plaintiff,                 **DISCOVERY MATTER**

13       v.                             **DC COMICS' NOTICE OF
                                         MOTION AND MOTION TO
14  PACIFIC PICTURES                     COMPEL THE PRODUCTION OF
    CORPORATION, IP WORLDWIDE,           DOCUMENTS AND AMENDED
15  LLC, IPW, LLC, MARC TOBEROFF,        PRIVILEGE LOGS FROM THE
    an individual, MARK WARREN          TOBEROFF DEFENDANTS**
16  PEARY, as personal representative of
    the ESTATE OF JOSEPH SHUSTER,        **FILED PURSUANT TO L.R. 37-2.4**
17  JEAN ADELE PEAVY, an individual,
    JOANNE SIEGEL, an individual,        DECLARATION OF DANIEL M.
18  LAURA SIEGEL LARSON, an              PETROCELLI, DECLARATION OF
    individual, and DOES 1-10, inclusive, MATTHEW T. KLINE PURSUANT
19                                       TO L.R. 37-2.4, AND [PROPOSED]
             Defendants.                 ORDER FILED CONCURRENTLY
20                                       HEREWITH

21                                       **Judge**:        Hon. Otis D. Wright II
22                                       **Magistrate**:   Hon. Ralph Zarefsky
23
24                                       **Hearing Date**:       Apr. 25, 2011
25                                       **Hearing Time**:       10:00 a.m.
                                         **Discovery Cutoff**:   None Set
26                                       **Pretrial Conference**: None Set
                                         **Trial**:              None Set
27

28

                                         DC COMICS' MOTION TO COMPEL

1    (continued from previous page)

2    PATRICK T. PERKINS (admitted *pro hac vice*)
3      pperkins@ptplaw.com
     PERKINS LAW OFFICE, P.C.
4    1711 Route 9D
     Cold Spring, NY 10516
5    Telephone:  (845) 265-2820
     Facsimile:    (845) 265-2819
6

7    Attorneys for Plaintiff DC Comics

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

I.      INTRODUCTION ................................................................................... 1

II.     DC COMICS' STATEMENT OF ISSUES IN DISPUTE ............................ 3

        A.    DC Is Entitled To Discover The Documents And
              Communications Defendants Shared With The U.S. Attorney's
              Office Related To The Toberoff Timeline ..................................... 4

              1.    Factual Background Related To This Issue ............................. 4

              2.    Defendants Waived Any Claim Of Privilege Concerning
                    The So-Called "Stolen Documents." .................................... 6

              3.    Defendants Cannot Shield Their Communications With
                    The U.S. Attorney's Office .............................................. 10

              4.    The Order DC Seeks ....................................................... 11

        B.    DC Is Entitled To Discover Communications Between David
              Michaels And The Siegel Heirs ................................................ 13

              1.    Defendants Waived Attorney-Client Privilege By
                    Disclosing the Substance of the Michaels-Siegel
                    Communications .............................................................. 13

              2.    Defendants Have Not Carried Their Burden Of Showing
                    The Michaels-Siegel Communications Were Privileged ......... 14

              3.    The Order DC Seeks ....................................................... 16

        C.    DC Is Entitled To Discover All Documents Relating To Kevin
              Marks' October 4, 2010 Declaration .................................... 17

              1.    Defendants Waived Any Privilege Claims By Failing To
                    List The Marks Documents On Their Privilege Log ............... 18

              2.    Defendants Have Not Carried Their Burden Of Showing
                    The Marks Documents Are Privileged ................................. 19

              3.    The Order DC Seeks ....................................................... 20

        D.    Defendants' Other Objections To Justify Producing Only One
              New Document Are Without Merit ........................................ 21

              1.    Defendants' Objections And Refusal To Produce
                    Obviously Responsive And Relevant Documents Are
                    Improper......................................................................... 22

              2.    Defendants' Remaining Boilerplate Objections Are All
                    Without Basis And Should Be Overruled ........................... 25

              3.    The Order DC Seeks ....................................................... 30

        APPENDIX ........................................................................................ 31

1   TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

2         PLEASE TAKE NOTICE that on April 25, 2011, at 10:00 a.m., or as soon

3   thereafter as the matter may be heard by the above-entitled court, located at 255

4   East Temple Street, Los Angeles, California in Courtroom 540, plaintiff DC

5   Comics will and hereby does move the Court for an order compelling the Toberoff

6   defendants to:  (1) produce—either to DC or, at minimum, to the Court for *in*

7   *camera* inspection—documents that have been improperly withheld, and (2) amend

8   their privilege logs to include sufficient information to enable DC and the Court to

9   evaluate defendants' assertion of privilege.

10        This motion is made pursuant to Rules 26, 34, and 37 of the Federal Rules of

11  Civil Procedure and Rule 37-2 of the Local Rules of this Court on the grounds that

12  the Toberoff defendants' responses include the same unfounded objections and

13  deficient privilege logs that necessitated DC's pending motion to compel.  Docket

14  No. 160.  In addition, defendants refuse to provide DC with responsive, non-

15  privileged documents, including documents disclosed to the U.S. Attorney's office

16  relating to the Toberoff Timeline and its author, David Michaels; written

17  communications between Mr. Michaels and the Siegels; and documents relating to

18  the Declaration of Kevin Marks filed in support of defendants' SLAPP motion.

19  Pursuant to Local Rule 37-1, the parties have attempted unsuccessfully to resolve

20  their disputes and therefore respectfully seek the assistance of the Court.

21        This motion is based on this Notice of Motion and Motion; the

22  accompanying Memorandum of Points and Authorities; the accompanying

23  Declaration of Daniel M. Petrocelli and exhibits in support thereof; the

24  accompanying Declaration of Matthew T. Kline and exhibits in support thereof; any

25  supplemental memoranda that may be filed pursuant to Local Rule 37; all exhibits,

26  files, and records on file in this action; matters of which judicial notice may be

27

28

DC COMICS' MOTION TO COMPEL

1  taken; and such additional submissions and argument as may be presented at or

2  before the hearing on this motion.

3

4  Dated:      April 4, 2011              Respectfully Submitted,

5                                        O'MELVENY & MYERS LLP

6

7                                        By: /s/ Daniel M. Petrocelli

8                                            Daniel M. Petrocelli
                                             Attorneys for Plaintiff DC Comics

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    **I.    INTRODUCTION**

2         DC Comics seeks an order compelling the Toberoff defendants to produce

3    documents relating to the Toberoff Timeline.  Specifically, in December 2010, DC

4    propounded document requests to Marc Toberoff, Pacific Pictures Corporation, IP

5    Worldwide, LLP, and IPW, LLC (referred to herein as "Toberoff defendants" or

6    "defendants"), as well interrogatories to all defendants, that contain many of the

7    same categories previously propounded to the Siegel and Shuster defendants in

8    August 2010, plus additional document demands.  DC gave all defendants

9    additional time to respond to this discovery provided they serve "substantive

10   responses and not just blanket objections."  Petrocelli Decl. Ex. H at 78.

11        Nonetheless, the Toberoff defendants produced only *one* new document and

12   re-served the same unfounded objections and deficient privilege logs that

13   necessitated DC's pending motion to compel.  Docket No. 160.  That motion,

14   which presented seven issues, is equally applicable to the responses of the Toberoff

15   defendants challenged herein. Therefore, to avoid duplication of the same briefing,

16   DC requests that the Court's ruling and order on the prior motion apply to bind the

17   Toberoff defendants as well.

18        In addition, this motion presents four new issues—numbered "Issues 8

19   through 11":

20        Issue 8.  Solely in response to the filing of this lawsuit, defendants have

21   sought to blunt the impact of the Toberoff Timeline by asking the U.S. Attorney's

22   office last summer to initiate a criminal investigation of its author.  In pursuing this

23   strategy, defendants made the tactical choice to respond to a government subpoena

24   (that they invited) by disclosing to the government both the Toberoff Timeline

25   document and *all* of the allegedly privileged documents that were included as

26   attachments to it.  Defendants had the opportunity to redact or withhold any

27   privileged information they wished to protect, but they elected to share the entire

28   set of documents.  This constitutes a waiver of the privilege, as case after case

1    holds.  Furthermore, the government received prior notice of this motion and a copy

2    of this motion and, to date, has interposed no objection to DC's requests for

3    production of the requested documents.

4         Issue 9:  Claiming attorney-client privilege, the Toberoff defendants refuse to

5    produce written communications between David Michaels (the Timeline's author)

6    and the Siegels.  These communications are not privileged—as defendants

7    themselves insist, they are the product of Mr. Michaels' attempts to wrongfully

8    induce the Siegels to terminate their relationship with Mr. Toberoff.  Moreover, any

9    such privilege claim was waived when defendants elected to disclose the contents

10   and substance of these communications in their interrogatory responses to DC.

11        Issue 10:  In support of their reply brief on their SLAPP motion filed in

12   October 2010, defendants submitted a declaration from Kevin Marks, the Siegels'

13   former lawyer, fired in September 2002.  That declaration raises several new fact

14   issues that trigger DC's right to discovery.  In addition, the carefully crafted

15   language of the declaration suggests it may have been the product of significant

16   compromise.  *See* Docket No. 106 at 3-7.  Therefore, DC seeks drafts of the Marks

17   declaration and related correspondence between defendants' and Marks' counsel.

18   Defendants did not produce or log any such drafts or correspondence—although

19   they are clearly responsive to DC's document requests.  Only when pressed for

20   these materials did defendants acknowledge their existence and later add them to

21   their privilege logs.  But such belated assertions of privilege do not resurrect

22   defendants' earlier waiver.  Moreover, defendants' claim these documents are

23   protected by a common-interest privilege is erroneous.  No common interest exists

24   because the interests of defendants and Mr. Marks have been adverse since at least

25   2002.

26        Issue 11.  Though producing only one document, the Toberoff defendants

27   acknowledge they have additional relevant, non-privileged documents responsive to

28   DC's requests.  These documents include important business records of Toberoff's

companies, none of which is subject to the objections presented in Issues 1 through 10.  Rather, defendants refuse to produce these documents unless DC first narrows all of its document requests based on defendants' boilerplate objections.  To avoid burdening the Court with this issue, DC proposed narrowing those few document requests to which defendants made specific objections, but defendants still declined to produce any of the responsive documents.[1]

## II.    DC COMICS' STATEMENT OF ISSUES IN DISPUTE[2]

### Issues 1-7:  Carry-Over Issues From The Pending Siegel/Shuster Motion

DC's pending motion to compel, Docket No. 160—heard by the Court on February 28—challenges the Shuster and Siegel defendants' improper objections to producing numerous key documents, as well as deficiencies in defendants' privilege logs.  In this motion and its proposed order hereto, DC seeks the same relief from the Toberoff defendants (Marc Toberoff; Pacific Pictures Corporation; IP Worldwide, LLC; and IPW, LLC) on the same seven issues.  DC will not re-brief these issues here, and defendants have agreed to this approach.  Petrocelli Decl. Ex. L at 487.

There is one new point, however, that must be addressed.  The Shuster and Siegel defendants produced privilege logs in December 2010 that they re-packaged and updated from the *Siegel* case.  *Id*. Ex. G at 75.  The Toberoff defendants, however, prepared their privilege logs just for this case, and had ample time and opportunity to provide the necessary identifying information.  They chose not to do so, despite agreeing that their logs did not disclose important information such as which documents related to defendants' "consent agreements."  *Id.* Ex. K at 482.

---

[1] DC reserves its right to raise specific waiver arguments as to individual documents in the event the Court does not grant this motion.

[2] Mindful of this Court's admonition about over-long briefing, but also mindful of Local Rule 37-2, DC has reproduced all of the document requests at issue and all of defendants' objections and responses in Appendix 1 to this brief.

DC COMICS' MOTION TO COMPEL

*Issue 8:  Communications With The U.S. Attorney's Office*

    **A.**    **DC Is Entitled To Discover The Documents And Communications Defendants Shared With The U.S. Attorney's Office Related To The Toberoff Timeline.**

           **1.**    **Factual Background Related To This Issue.**

The Toberoff Timeline exposes misconduct by the Toberoff defendants.  To redress the violations of its rights, DC filed this lawsuit in May 2010, and the Timeline was Exhibit A to the complaint.  In meet-and-confer discussions starting July 13, 2010, defendants asserted they would seek to bar any use of the Timeline in the case.  In response, DC documented why that position was without basis, had been rejected by Judge Larson, and had otherwise been waived.  Petrocelli Decl. Ex. D at 7-8.  In September 2010, this Court ruled "[DC] may conduct discovery about [the Timeline]."  Docket No. 95 at 56.

Between July 27 and October 21, 2010, defendants' counsel initiated and exchanged at least 13 communications with the U.S. Attorney's office concerning the Timeline and its author.  *Id.* Ex. I at 408-417 (Entries 3130, 3147-51, 3158-3161, 3217, 3228 and 3284)  In support of their SLAPP motion, defendants filed a declaration on October 4, 2010, in which Toberoff asserted:  "The theft of privileged documents from my law offices and their transmittal with an anonymous cover letter, entitled the 'Toberoff Timeline' … is the subject of an ongoing grand jury investigation."  Docket No. 99-1 at ¶ 14.

Defendants have also now confirmed that, on September 27, 2010:

> The Kendall, Brill & Klieger firm [Toberoff's counsel] *provided copies of the Toberoff Timeline and the* <u>*Stolen Documents*</u> *to the U.S. Attorney's Office* … pursuant to a Grand Jury Subpoena dated September 13, 2010, subject to an express agreement by the U.S. Attorney's Office that the U.S. Attorney's Office would hold such material as confidential and privileged, that such provision was made in furtherance of a common interest privilege, and that such provision was without waiver of the attorney-client privilege or attorney work product doctrine.  Petrocelli Decl. Ex. I at 446 (emphasis added).

DC COMICS' MOTION TO COMPEL

The so-called "Stolen Documents" provided to the government include scores of documents that defendants long maintained were *privileged*—and, thus, defendants asserted, were not discoverable by DC.  *Id.* Ex. K at 483-484.  The government gave defendants the option, however, *not* to disclose these privileged materials to it—yet defendants chose to do so anyway.  The subpoena to which defendants responded explicitly invited them to redact and/or withhold and log any document over which they asserted privilege:

> (2) *If anyone has redacted any portion of any document called for by this subpoena*, stamp the word "redacted" on each portion of the document that was redacted.
> …
> (4) *In the event that any document called for by this subpoena is to be withheld on the basis of any claim of privilege*, as to each such document:
>> (a)  Identify the nature of the privilege which is being claimed and all facts upon which any such privilege is based; and
>> (b) Provide the following information (if applicable):
>>> (i)  The date of the creation of the document and the date the document bears;
>>> (ii)  The name, the present or last known home and business address, the telephone numbers, the title (or position) and the occupation of those individuals who prepared, produced, reproduced, or who were recipients of said document;
>>> (iii)  A description of the document sufficient to identify it without revealing the information for which the privilege is claimed, including a description of the type of document and the subject matter of the document;
>>> (iv)  The number of pages of the document;
>>> (v)  Each and every fact or basis upon which such privilege is claimed;
>>> (vi)  The location of the document; and
>>> (vii)  The custodian of the document.

*Id.* Ex. I at 221 (emphasis added).

As part of its opposition to defendants' SLAPP motion, and in aid of its claims in this case, DC served document requests on the Toberoff defendants seeking defendants' communications with the government and any documents

DC COMICS' MOTION TO COMPEL

defendants shared or disclosed.[3]  Defendants refuse to produce these materials—which they do not dispute are responsive, relevant, and/or put at issue by their SLAPP motion—on the grounds that their communications with the government were privileged and that no privilege was waived in selectively disclosing otherwise privileged materials to the government.  Petrocelli Decl. Ex. J at 477; Ex. K at 483-484; Ex. L at 491; Ex. M at 497.  Defendants' position is unfounded, as explained below.[4]

## 2. Defendants Waived Any Claim Of Privilege Concerning The So-Called "Stolen Documents."

Over the past two decades, one circuit court after another has had to grapple with the question of whether private parties may share privileged documents with the government *and selectively waive the privilege as to the government, but preserve it as to everyone else*.  The consistent answer to this question is *no*.  The First, Third, Fourth, Sixth, and D.C. Circuits have all rejected the notion that parties

---

[3] *E.g.*, Petrocelli Decl. Ex. E at 18 (Toberoff Request No. 21:  "All DOCUMENTS RELATING to the ALLEGED GRAND JURY INVESTIGATION."); *id*. (Toberoff Request No. 23:  "All DOCUMENTS RELATING to any legal … action YOU have participated in regarding the TOBEROFF TIMELINE …, including any COMMUNICATIONS YOU have had with law enforcement … ."); *id*. at 19 (Toberoff Request No. 26:  "All DOCUMENTS RELATING to any COMMUNICATIONS YOU have had with third parties RELATED to the TOBEROFF TIMELINE … ."); *id*. at 12 ("'DOCUMENT' shall be interpreted in its broadest sense to include any and all 'documents' and 'other tangible things' as those terms are understood in Federal Rule of Civil Procedure 34….  This shall include, but is not limited to: e-mail, audio or video recordings, correspondence, letters, phone messages, notes, memoranda, facsimiles, publications, contracts, agreements, calendars, drafts of proposed contracts or agreements, papers, and photographs."); *id*. ("'COMMUNICATION' means all written, electronic, oral, telephonic, gesture, or other transmission or exchange of information, including without limitation any inquiry, request, dialogue, discussion, conversation, interview, correspondence, letter, note, consultation, negotiation, agreement, understanding, meeting, e-mail, and all DOCUMENTS evidencing any verbal or nonverbal interaction between any individuals or entities.").

[4] DC reserves its right to challenge defendants' privilege claims on all other grounds.

DC COMICS' MOTION TO COMPEL

may select and choose to whom they waive the privilege.  Many of these courts have also rejected the tactic—employed by defendants here, *supra* at 4—of seeking to undo their acts of waiver by purported "agreements" with the government that no waiver should be found.

- *U.S. v. Mass. Inst. of Tech.*, 129 F.3d 681, 686 (1st Cir. 1997) ("Anyone who chooses to disclose a privileged document to a third party, or does so pursuant to a prior agreement of understanding, has an incentive to do so, whether for gain or to avoid disadvantage.  It would be perfectly possible to carve out some of those disclosures and say that, although the disclosure itself is not necessary to foster attorney-client communications, neither does it forfeit the privilege.  *With rare exceptions, courts have been unwilling to start down this path—which has no logical terminus—and we join in this reluctance*.") (emphasis added);

- *Westinghouse Elec. Corp. v. Republic of the Phil.*, 951 F.2d 1414, 1422 (3d Cir. 1991) ("[S]elective waiver does not serve the purpose of encouraging full disclosure to one's attorney in order to obtain informed legal assistance; it merely encourages voluntary disclosure to government agencies, thereby extending the privilege beyond its intended purpose.");

- *In re Martin Marietta Corp.*, 856 F.2d 619, 623-24 (4th Cir. 1988) ("The Fourth Circuit has not embraced the concept of limited waiver of the attorney-client privilege.");

- *In re Columbia/HCA Healthcare Corp. Billing Practices Litig.*, 293 F.3d 289, 302 (6th Cir. 2002) ("[A]ny form of selective waiver, *even that which stems from a confidentiality agreement*, transforms the attorney-client privilege into 'merely another brush on an attorney's palette, utilized and manipulated to gain tactical and strategic advantage.'") (emphasis added);

DC COMICS' MOTION TO COMPEL

- *Permian Corp. v. U.S.*, 665 F.2d 1214, 1216-17 (D.C. Cir. 1981) ("[W]e cannot see how the availability of a 'limited waiver' would serve the interests underlying the common law privilege for confidential communications between attorney and client.…  Voluntary cooperation with government investigations may be a laudable activity, but it is hard to understand how such conduct improves the attorney-client relationship. *If the client feels the need to keep his communications with his attorney confidential, he is free to do so under the traditional rule by consistently asserting the privilege, even when the discovery request comes from a 'friendly' agency.*") (emphasis added).

Here, the government gave defendants the *express choice* to keep the so-called "Stolen Documents" privileged and not share them with the government. Because of perceived tactical advantages—and the hopes of initiating an investigation of Michaels, or silencing him—defendants not only contacted the government in the first instance, but chose to disclose the allegedly privileged documents in response to the government's subpoena.  That choice was voluntary, given the way the subpoena was framed, and defendants cannot take a contrary position with DC just because it may suit their tactical interests.  *See id.*  Although defendants may seek to distinguish their situation from the cases above—claiming they were not a target of an investigation, but a party initiating one—the choice defendants had was the same as in those cases—whether to disclose the allegedly privileged "Stolen Documents" for a perceived strategic gain, or not.  If defendants "fe[lt] the need to keep [their] communications with [their] attorney[s] confidential, [they were] free to do so under the traditional rule by consistently asserting the privilege, even when the discovery request comes from a 'friendly' agency." *Permian*, 665 F.2d at 1216-17.

While the Ninth Circuit has yet to address this selective-waiver question, federal district courts in California, as well as the California state courts, follow the

-8-                    DC COMICS' MOTION TO COMPEL

1    majority rule set for the above.  *See, e.g., U.S. v. Reyes*, 239 F.R.D. 591, 602 (N.D.

2    Cal. 2006); *McKesson HBOC, Inc. v. Super. Ct.*, 115 Cal. App. 4th 1229, 1236-41

3    (2004); *U.S. v. Bergonzi*, 403 F.3d 1048, 1050 (9th Cir. 2005) (Ninth Circuit

4    recognizing issue, but not resolving it).  In *Reyes*, 239 F.R.D. at 602, for example,

5    the district court explained, even though all of the documents movant sought "f[e]ll

6    squarely under the rubric" of the attorney-client privilege and work-product

7    doctrine, the law firms and client who shared them with the SEC and Department of

8    Justice "surrendered whatever privileges may have attached," irrespective of

9    whatever confidentiality agreements they made with the government.

10
11   > In accord with every appellate court that has considered the issue in
   > the last twenty-five years, this Court holds that [Brocade and the two
   > law firms] cannot waive the attorney-client privilege selectively.
12   > Parties "cannot be permitted to pick and choose" in their disclosure of
   > protected communications, "waiving the privilege for some and
13   > resurrecting the claim of confidentiality to obstruct others." *Id.* at 603.

14   *Accord In re Qwest Commc'ns Int'l*, 450 F.3d 1179, 1201 (10th Cir. 2006) (in

15   lengthy opinion surveying law, Tenth Circuit declined to endorse selective-waiver

16   rule as well, but left open the possibility it could apply on different factual record).

17       Indeed, the only federal circuit to recognize the right to disclose privileged

18   documents selectively to the government was the Eighth Circuit—and that was in

19   an opinion over 30 years ago.  *See Diversified Indus., Inc. v. Meredith*, 572 F.2d

20   596, 607 (8th Cir. 1977).  Since then, the Eight Circuit has refused to extend the

21   rule to non-opinion work product, *see In re Chrysler Motors Corp.*, 860 F.2d 844,

22   845 (8th Cir. 1988), and indicated it may be backing away from the proposition that

23   a limited waiver of privilege is possible, *see In re Grand Jury Proceedings*

24   *Subpoena*, 841 F.2d 230, 234 (8th Cir. 1988) (noting that "voluntary disclosure is

25   inconsistent with the confidential attorney-client relationship and waives the

26   privilege").  The Eighth Circuit has also rightly held—as have many courts, *see*

27   *supra* at 7-9—that the sort of alleged confidentiality agreements on which

28   defendants rely, *supra* at 4, do *not* excuse acts waiver, *see In re Chrysler*, 860 F.2d

DC COMICS' MOTION TO COMPEL

1   at 845; *but compare In re Steinhardt Partners L.P.*, 9 F.3d 230, 236 (2d Cir. 1993)

2   ("Establishing a rigid rule would fail to anticipate situations in which the disclosing

3   party and the government may share a common interest in developing legal theories

4   and analyzing information, or situations in which the SEC and the disclosing party

5   have entered into an explicit agreement that the SEC will maintain the

6   confidentiality of the disclosed materials.") *with Bowne of New York City, Inc. v.*

7   *AmBase Corp.*, 150 F.R.D. 465, 480 (S.D.N.Y.1993) (holding that "even if the

8   disclosing party requires, as a condition of disclosure, that the recipient maintain

9   the materials in confidence, this agreement does not prevent the disclosure from

10   constituting a waiver of the privilege; it merely obligates the recipient to comply

11   with the terms of any confidentiality agreement." (citations omitted)).

12       This body of case law was well known to defendants when they chose to

13   "provide[] copies of … the Stolen Documents to the U.S. Attorney's Office on

14   September 27, 2010…."  Petrocelli Decl. Ex. I at 446.  Neither of the cases cited by

15   defendants during the parties' meet-and-confer talks supports their assertion that the

16   disclosure of privileged documents to the government did not effect a waiver.  *Id.*

17   Ex. K at 483.  Both the *Bergonzi*, 403 F.3d at 1050, and *Bittaker v. Woodford*, 331

18   F.3d 715, 720 n.5 (9th Cir. 2003), cases that they cite simply recognize that the

19   Ninth Circuit has not addressed this question.

20
           3.    **Defendants Cannot Shield Their Communications With The**
21
               **U.S. Attorney's Office.**

22       Defendants refuse to produce a variety of emails among themselves and their

23   counsel with the U.S. Attorneys' office.  *See* Petrocelli Ex. K at 483-484; Ex. M at

24   497.  Defendants have not identified any authority—nor are we aware of any—to

25   support a "joint interest" with the government that would shield their

26   communications.  Nor have defendants produced any document reflecting their

27   alleged "express agreement" creating this asserted privileged relationship.  If such

28   and agreement existed, defendants should have produced it to DC, *see In re Qwest*,

1   450 F.3d at 1994, but notably failed to do so, even though it is *their* burden to prove

2   any claim of privilege, *see U.S. v. Martin*, 278 F.3d 988, 999-1000 (9th Cir. 2002).

3   Also, the U.S. Attorney's office has thus far interposed *no objection* to this

4   motion—nor to DC's request for the documents at issue.

5          In short, defendants' privilege claims are unfounded.  Their assertion is

6   "merely another brush on an attorney's palette, utilized and manipulated to gain

7   tactical and strategic advantage."  *In re Columbia*, 293 F.3d at 302.  This is

8   forbidden and should not be countenanced.  *See id.*

9                    4.   **The Order DC Seeks**

10         The Court should order defendants to produce to DC's counsel, by no later

11   than May 2, 2011:

12   •   Unredacted copies of the documents logged in the Toberoff Privilege Log

13       as entries 3130, 3147-51, 3158-3161 (emails between Toberoff and U.S.

14       Attorney's office), *see* Petrocelli Decl. Ex.I at 408-417;

15   •   Unredacted copies of the documents logged in the Toberoff Privilege Log

16       as entries 3217, 3228, 3284 (emails between Toberoff's counsel and U.S.

17       Attorney's office), *see id.*;

18   •   All documents defendants or their counsel provided to the U.S. Attorney's

19       office, including but not limited to the "copies of the Toberoff Timeline

20       and the Stolen Documents" provided on September 27, 2010, *see*

21       Petrocelli Decl. Ex. I at 446; and

22   •   A log identifying all documents defendants or their counsel provided to

23       the U.S. Attorney's Office, including but not limited to the "copies of the

24       Toberoff and the Stolen Documents" provided on September 27, 2010,

25       *see id.*; and

26   •   All agreements defendants or their counsel or representatives have or had

27       with the U.S. Attorney's office; and

28

-11-                    DC COMICS' MOTION TO COMPEL

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- Any other communications defendants or their counsel or representatives have had with law enforcement authorities or third parties regarding the Toberoff Timeline and David Michaels, Petrocelli Decl. Ex. E at 18-19 (Toberoff Request  Nos. 19, 21, 23, 26).

DC COMICS' MOTION TO COMPEL

*Issue 9: Communications Between David Michaels And The Siegels*

### B.  DC Is Entitled To Discover Communications Between David Michaels And The Siegel Heirs.

In their interrogatory responses served on January 24, 2011, defendants disclosed that between November and December 2005, Mr. Michaels communicated with the Siegels in an attempt to "steal" them as clients from Toberoff.  Petrocelli Decl. Ex. I at 436.  As noted in DC's pending motion to compel, argued February 28, the Siegels neither produced nor logged any of these communications.  Docket No. 160 at 37.  These Michaels-Siegels communications were identified for the first time in the interrogatory responses and the privilege logs that Toberoff defendants served on January 24.  *Id.* Ex. I at 6; 284-285, 429 (Toberoff Log entries 1064-1072, 3476-3477.  There is no basis for any of the defendants to withhold these and related documents.

### 1.  Defendants Waived Attorney-Client Privilege By Disclosing the Substance of the Michaels-Siegel Communications.

In his verified interrogatory responses, Toberoff openly described the Michaels-Siegel communications and what Toberoff described as efforts by Michaels to "steal" the Siegel heirs as clients and "disparage[]" Toberoff:

> **November-December 2005:**  Michaels contacts the Siegels and attempts to "steal" these clients from Mr. Toberoff's firm by baselessly accusing Mr. Toberoff of purported unethical conduct, like allegedly charging the Siegels "unconscionable fees."  Under the guise of protecting the Siegels, Michaels visits them, falsely disparages Mr. Toberoff, and attempts to shepherd the Siegels to "a larger firm." (name unknown).  In follow-up emails, Michaels advises the Siegels to cease all communication with Mr. Toberoff, and he provides them with a termination letter to give to Toberoff & Associates, as well as a new retainer agreement for the Siegels to hire Michaels at a reduced contingency fee.  In December, 2005, the Siegels reject Michaels' attempt to take their case away from Toberoff & Associates.

Petrocelli Decl. Ex. I at 436.  Openly disclosing and describing the contents and substance of these communications operate to waive any claim of privilege.

DC COMICS' MOTION TO COMPEL

1  *Hernandez v. Tanninen*, 604 F.3d 1095, 1100 (9th Cir. 2010) (privilege waived by

2  plaintiff disclosing privileged communications in opposing summary) *U.S. v.*

3  *Jacobs*, 117 F.3d 82, 91 (2d Cir. 1997) ("Public, even extrajudicial, disclosures

4  constitute a waiver of the privilege 'for the communications or portions of

5  communications disclosed.'"); *Weil v. Inv./Indicators, Research & Mgmt., Inc.*, 647

6  F.2d 18, 23-25 (9th Cir. 1981) (disclosure of content of a privilege communication

7  held to be a waiver of privilege).

8      Moreover, the law is clear that defendants' waiver extends not only to these

9  communications, but the subject matter of these communications generally.  *U.S. v.*

10  *Nobles*, 422 U.S. 225, 239 (1975); *Weil*, 647 F.2d at 24 ("[V]oluntary disclosure of

11  the content of a privileged attorney communication constitutes waiver of the

12  privilege as to all other such communications on the same subject.").  This includes

13  documents identified in the Toberoff Log, such as "Memorandum re: David

14  Michaels Conference," which must be produced as well.  *Id.*; Petrocelli Decl. Ex. I

15  at 284 (Entry 1063)

16      Defendants also may have provided the Michaels-Siegel communications to

17  the U.S. Attorney's office, but one cannot tell given the obfuscation in defendants'

18  logs and their failure to list attachments to emails and letters separately from those

19  communications.  *See* Docket No. 160 at 32-33; Petrocelli Decl. Ex. I at  408-417

20  (Entries 3130, 3147-51, 3158-3161, 3217, 3228 and 3284).  If defendants provided

21  the Michaels-Siegel communications or their memos to the government—and they

22  should be required to answer this question—this further act of waiver only bolsters

23  why these materials must be produced.  *Supra* at 6-11.

24          2.    **Defendants Have Not Carried Their Burden Of Showing**
                  **The Michaels-Siegel Communications Were Privileged.**
25

26      According to defendants, when Michaels contacted the Siegels in November

27  2005, he was no longer employed by Toberoff & Associates, nor was he providing

28  the Siegels with legal advice.  To the contrary, defendants accuse Michaels of

-14-                                         DC COMICS' MOTION TO COMPEL

"disparag[ing]" Toberoff.  Petrocelli Decl. Ex. I at 436.  Moreover, defendants admit that the Siegels advised Toberoff of Michaels' initial contact with them.  *Id.* Ex. I at 284 (Entry 1063).  For whatever reason, it appears that Toberoff and the Siegels chose for the Siegels to continue their line of communication with Michaels—and neither they nor Toberoff wrote Michaels a letter demanding such communications immediately cease.  If such a letter exists, it is not disclosed on defendants' logs.  If it is disclosed, the logs make it impossible to tell.

Defendants cannot meet their burden to show these communications are privileged.  To do so, they must establish:

> (1) [That] legal advice of any kind is [being] sought (2) from a professional legal adviser in his or her capacity as such, (3) the communications relat[e] to that purpose, (4) [are] made in confidence (5) by the client, (6) are, at the client's instance, permanently protected (7) from disclosure … (8) unless the protection be waived.  *Martin*, 278 F.3d at 999 (emphasis added)

By defendants own admission, Michaels' communications are not "legal advice," but on defendants' reading of the documents "baselessly accus[e] Mr. Toberoff of purported unethical conduct, like allegedly charging 'unconscionable fees.'" Petrocelli Decl. Ex. I at 436.  Indeed, when it suited their strategic purposes, defendants insisted that Michaels' correspondence with the Siegels were *unauthorized and inappropriate*—not counsel from a professional legal adviser, in his role as such, and related to that purpose.  *E.g.,* Case No. CV 04-8400, Docket No. 244 ¶¶ 8-9.

Nor can defendants meet their burden of proving that the communications were, "at the client's instance, *permanently protected* … from disclosure…." *Martin*, 278 F.3d at 999 (emphasis added).  Defendants chose to disclose the content of those communications in their interrogatory responses (and perhaps to the government)—that is despite literally *thousands* of other claims of privilege in defendants' recent discovery responses.

DC COMICS' MOTION TO COMPEL

1        At the very minimum, defendants owe DC redacted versions of the Michaels-

2    Siegel communications—disclosing Michaels' accusations regarding Toberoff.

3    *E.g.*, FED. R. CIV. P. 34(b)(2)(C); W. SCHWARZER, ET AL., RUTTER GROUP PRACTICE

4    GUIDE: FEDERAL CIVIL PROCEDURE BEFORE TRIAL § 11:1914 (2010) (citing *Aikens*

5    *v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533, 539 (D. Kan. 2003) ("the responding

6    party still has a duty to respond to the extent the request is not objectionable")

7    (emphasis added)).  If defendants refuse to provide DC with the communications in

8    this form, they owe the Court and DC "a line-by-line justification for assertion of

9    the attorney-client privilege."  *Clarke v. Am. Commerce Nat'l Bank*, 974 F.2d 127,

10   129 (9th Cir. 1992).

11                   3.    **The Order DC Seeks**

12       The Court should order defendants to produce to DC's counsel, by no later

13   than May 2, 2011:

14       •    All communications between Michaels and the Siegel heirs, including but

15           not limited to those listed at entries 1064-72, 3476-77 of the Toberoff

16           privilege log; s*ee* Petrocelli Decl. Ex. I at 284-285, 429; and

17       •    All documents relating the Michaels-Siegel communications, including

18           but not limited to the "Memorandum re: David Michaels Conference"

19           listed in the Toberoff Privilege Log at Entry 1063.  *Id*. at 284.

20

21

22

23

24

25

26

27

28

DC COMICS' MOTION TO COMPEL

*Issue 10:  Communications Relating to Kevin Marks' October 2010 Declaration*

## C.    DC Is Entitled To Discover All Documents Relating To Kevin Marks' October 4, 2010 Declaration.

DC seeks the production of all documents and communications relating to the declaration of Kevin S. Marks—the Siegels' former attorney, fired by them in September 2002—filed on October 4, 2010, in connection with defendants' SLAPP motion.  *See* Appendix 1 at 62-64 (reproducing relevant document requests and defendants' objections).  The declaration appears to be a highly engineered document, and Marks carefully includes language restricting his testimony to a *single conversation* between himself, Toberoff, and Ari Emanuel in August 2002— remaining silent as to other conversations he had with defendants.  *E.g.*, Docket No. 98-3 at 1 ("At no time during *that conversation*…") (emphasis added).  This declaration raises a number of disputed issues of fact relevant to DC's claims in the case and defendants' pending SLAPP motion.  Docket Nos. 75 at 7; 106 at 2-7, 108 at 2-3, 98 at 4-6.  DC is entitled to take discovery concerning this declaration in aid of its federal and state-law claims in this case, in general, and as part of its opposition to defendants' SLAPP motion.  Docket No. 45 at 3, 11-13; Docket No. 61 at 49-55; Docket No. 92 at 1-2, 8-11; Docket No. 94; Docket No. 125 at 10-12; *Metabolife Int'l, Inc. v.* Wornick, 264 F.3d 832, 846 (9th Cir. 2001).

As part of DC's discovery into the Marks declaration, it is entitled to discover drafts of the document, as well as related correspondence between counsel for Marks and defendants.  DC is entitled to know what changes were made to the testimony and whether any promises were made to Marks or his counsel in connection with his testimony.  *See, e.g., See U.S. v. Hale*, 422 U.S. 171, 176 (1975) ("A basic rule of evidence provides that prior inconsistent statements may be used to impeach the credibility of a witness."); *Grunewald v. U.S.*, 353 U.S. 391, 418-19 (1957) ("It is, of course, an elementary rule of evidence that prior statements may be used to impeach the credibility of a criminal defendant or an

1  ordinary witness."); *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006)

2  (evidence of bias and financial motive relevant to discrediting testimony of a third

3  party).  Defendants do not dispute that such information is relevant; instead, they

4  assert that even though Toberoff and Toberoff's counsel do *not* represent Marks as

5  his counsel (the Jeffer Mangels law firm does), Toberoff and his counsel share a

6  common-interest privilege with Marks and the Jeffer firm.  These belated excuses

7  are without basis.

8          1.      **Defendants Waived Any Privilege Claims By Failing To List**
9                  **The Marks Documents On Their Privilege Log.**

10         Even though DC's document requests clearly called for drafts of the Marks

11  declaration and communications regarding the same,[5] defendants neither produced

12  nor logged any documents relating to Marks' declaration when their discovery

13  responses were due on January 24, 2011.  DC notified defendants of this failing on

14  February 4.  Petrocelli Decl. Ex. J at 478.  Defendants waited the entire 10-day

15  statutory period to respond pursuant to Local Rule 37-1, and then stated their

16  intention to produce an amended privilege log.  *Id.* Ex. K at 485.  However, during

17  the parties' meet-and-confer that same day, defendants would not commit to

18  producing a privilege log by any date certain.  *Id.* Ex. L at 492.  Defendants finally

19  provided DC with amended log entries on February 18—more than two months

20  after receiving DC's discovery requests.  *Id.* Ex. M at 499 (Entry 3480).  The log

21  identifies one early draft of the Marks declaration, as well as five emails between

22  Toberoff's and Marks' counsel.  Defendants assert joint-interest privilege and the

23  work-product  privilege to justify their withholding these documents.  *Id.*

24         [5] *E.g.*, Petrocelli Decl. Ex. E at 20 (Toberoff Request No. 43:  "All
25  DOCUMENTS RELATING to any COMMUNICATION RELATING to the
   'Declaration of Kevin S. Marks in Support of Toberoff defendants' Reply
26  Memorandum in Support of Motion to Strike Plaintiff's State Law Causes of
   Action Pursuant to California's Anti-SLAPP Law (Cal. Code Civ. Proc. § 425.16)'
27  filed in the above-entitled action on October 4, 2010 (Docket No. 98-3), including
   any and all drafts of that declaration and any and all DOCUMENTS reflecting the
28  contents of that declaration.").

1    Any privileges that may have applied to these six responsive documents was

2    waived by defendants in knowingly withholding them without timely providing a

3    privilege log to DC.  *See, e.g., Am. Dental Ass'n v. Khorrami*, 2003 WL 24141019,

4    at *9 (C.D. Cal. July 14, 2003).  Defendants' failure to log these documents was not

5    simply an error or oversight; defendants knowingly chose to withhold the

6    documents without producing a log, and their belated attempt to preserve the

7    asserted privileges by providing the amended log entries is ineffective.

8          2.    **Defendants Have Not Carried Their Burden Of Showing**

9                **The Marks Documents Are Privileged.**

10   Nothing supports defendants' claim of a joint-interest privilege with Marks.

11   Marks has not represented the Siegels since 2002.  Marks is represented by separate

12   counsel in this case—not by Toberoff or Toberoff's outside counsel.  Moreover,

13   Marks made clear in August 2002 that he did not share a common interest with

14   Toberoff.  After conveying an offer from Toberoff, the businessman to purchase the

15   Siegels' putative rights to Superman, Marks advised the Siegels that "he would

16   testify in court against the Siegels if they accepted [Toberoff's] offer because he

17   believe[d] there ha[d] already been an agreement reached" between the Siegels and

18   DC.  Am. Compl. Ex. A at 63.  One month later, on September 21, 2002, the

19   Siegels fired Marks and his law firm—Gang, Tyre, Ramer & Brown.  *Id.* Ex. A at

20   3.

21   Unlike Toberoff and his companies, Marks is accused of no misconduct in

22   this case, he is not named as a defendant, and, instead, he is a third-party witness

23   from whom both DC and defendants are fully entitled to take discovery.  The

24   Toberoff defendants bear the burden of establishing a joint-interest privilege

25   between themselves and Marks—and simply asserting one exists is not enough.

26   *E.g.*, *Clarke v. Am. Commerce Nat'l Bank*, 974 F.2d 127, 129 (9th Cir. 1992)

27   (burden of establishing the joint-defense exception is on the party asserting the

28   privilege).  Nor can defendants meet this burden, because "[t]o be entitled to assert

-19-                              DC COMICS' MOTION TO COMPEL

1  the common interest doctrine, *the interest of the parties sharing the information*

2  *must be identical, not simply similar*, and the interest must be legal and not solely

3  commercial."  6 PATRICK E. HIGGINBOTHAM, MOORE'S FED. PRAC. § 26.49[5][b]

4  (2011) (emphasis added); *Carl Zeiss Int'l Gmbh v. Signet Armorlite Inc.*, 2009 WL

5  4642388, at * 7 (S.D. Cal. Dec. 1, 2009) (same).

6      The Toberoff defendants' interest is in avoiding liability on DC's claims.

7  Marks has no similar interest—much less an identical one.  Indeed, defendants

8  admit that Marks has "*no interest in this dispute*."  Docket No. 98 at 3 (emphasis

9  added).  His sole possible interest is in maintaining and preserving whatever

10  privileges the Siegels held concerning their communications with him in *2002*.

11  This does not extend to communications Marks' lawyer and Toberoff's lawyer

12  shared in 2010.  Nor does it extend to drafts of a 2010 declaration, which concerns

13  Marks' discussions in 2002 with Toberoff and his companies.  Finally, Marks may

14  not wish to be involved in this case—or to be asked to testify regarding Toberoff's

15  alleged misdeeds—but such concerns are not a "legal matter" that allows invoking

16  this privilege.  *U.S. v. Aramony*, 88 F.3d 1369, 1392 (4th Cir. 1996).

17      That leaves defendants' work-product claims concerning the Marks

18  documents—which stand or fall along with defendants' joint-interest defense.

19  Absent a legally cognizable joint-interest protection (and none exists here),

20  communications from Toberoff's counsel to Marks' counsel disclosing work

21  product *waives* any protection Toberoff could otherwise claim.  *Cf. Cont'l Oil*

22  *Corp. v. U.S.*, 330 F.2d 347, 350 (9th Cir. 1964).

23          3.    **The Order DC Seeks**

24      The Court should order defendants to produce to DC's counsel, by no later

25  than May 2, 2011:

26  •  All documents and communications relating to the Marks' declaration,

27      including but not limited to those listed at entries 3478-83 of the Toberoff

28      privilege log.

*Issue 11:  Remaining Objections Lack Merit*

> **D.    Defendants' Other Objections To Justify Producing Only One New Document Are Without Merit.**

The Toberoff defendants produced *one* new document in response to DC's 171 document requests.  These 171 requests span many subject matter areas, several of them not implicated in the discovery DC has taken from the Shusters and Siegels—either because the requests are different, or because the Shusters and Siegels would not possess or control documents that Toberoff and his companies created, received, and control.  As examples, this includes:

- Agreements between the Toberoff defendants, the Siegel heirs, the Shuster heirs, and/or third parties relating to Superman and.or Superboy, *e.g.,* Petrocelli Decl. Ex. E at 17 (Toberoff Request Nos. 1-4);

- The Toberoff defendants' past, current, and potential ownership interest in any rights in Superman and/or Superboy, and their ability to affect the disposition of any rights in or revenue from those properties, *e.g., id.* at 17 (Toberoff Request Nos. 10-13);

- The internal investigation conducted by Toberoff and the grand jury investigation regarding the Toberoff Timeline and Michaels, *e.g., id.* at 18 (Toberoff Request Nos. 19-23);

- The Toberoff defendants' business relationship with Ari Emanuel, including contributions by Toberoff to the IP Worldwide joint venture between Pacific Pictures Corporation and Emanuel, *e.g., id.* at 19-20 (Toberoff Request Nos. 35-39); and

- Toberoff's role and ownership interest in Pacific Pictures Corporation, IP Worldwide LLP, and IPW, LLC, *e.g., id.* at 22 (Toberoff Request Nos. 56-58).

DC COMICS' MOTION TO COMPEL

1    When pressed on why they only produced one new document in response to

2    DC's 171 requests, defendants conceded that they have many documents relevant

3    and responsive to DC's request—*they just refuse to produce them*.  This is not

4    because defendants assert privilege over these documents, but because of a series of

5    boilerplate objections.  The Siegels and Shusters, of course, waived such spurious

6    objections when faced with DC's motions challenging them this past fall.  *See*

7    Docket Nos. 125, 132, 133.  Nonetheless, save for one or two requests (which DC

8    addressed specifically with defendants), defendants *refuse* to propose ways for DC

9    to clarify or narrow its requests or to provide DC with further substantiation or

10   explanation for their objections.  Petrocelli Decl. Ex. K at 481, 482, 484, 485, Ex. L

11   at 489, Ex. M at 496, 497.  Rather, defendants assert it is DC's burden unilaterally

12   to narrow its requests in response to defendants' boilerplate objections, and

13   defendants may lawfully refuse to produce documents until DC does so.  *See id*. Ex

14   K at 481, 482, 484, 485, Ex. L at 489, Ex. M at 496 see also, e.g., *E.g.,* Appendix 1

15   at __ (M. Toberoff Responses to RFP Nos. 5, 9, 12-15, 18, 27-29, 32, 35-38, 40-44,

16   46, 48, 52-54, 56-58).  Defendants' position is without merit.

17
          1.    **Defendants' Objections And Refusal To Produce Obviously**
18              **Responsive And Relevant Documents Are Improper.**

19   The Federal Rules make clear that defendants were required to produce

20   responsive documents, while asserting specifically any "overbreadth" objections as

21   to any specific parts of DC's requests that they deemed objectionable.  *E.g.*, FED. R.

22   CIV. P. 34(b)(2)(C) ("An objection to part of a request must specify the part and

23   permit inspection of the rest.").  "Rule 34(b) was amended in 1993 to make it clear

24   that if an item or category is objectionable only in part, the responding party must

25   comply with the unobjectionable portions of the request."  7 JAMES C. FRANCIS,

26   MOORE'S FED. PRAC. § 34.13[2][b] (2011); *see also* FED. R. CIV. P. 34 Advisory

27   Comm. Note.  Courts and commentators have reached the same conclusion, and

28   defendants' position is simply untenable.  *E.g.*, WILLIAM W. SCHWARZER ET AL.,

1  CAL. PRAC. GUIDE: FED. CIV. PRO. BEFORE TRIAL § 11:1914 (2010) ("Where an

2  objection applies to only a portion of the documents requested, the responding party

3  must produce the remainder."); *GMAC Real Estate, LLC v. Joseph Carl Sec., Inc.*,

4  2010 WL 432318, at \*1-2 (D. Ariz. Feb. 3, 2010) (ordering production of

5  documents and admonishing failure to produce uncontested documents).

6       DC sought to avoid burdening the Court with this motion by meeting and

7  conferring with defendants on the very few requests to which they raised specific

8  objections and proposed narrowing. DC was unable to reach agreement with

9  defendants, whose primary goal remains delay.

10       *First*, defendants refused to produce or log communications with third parties

11  regarding acquiring or exploiting the Siegel or Shusters' purported rights in

12  Superman or Superboy, claiming DC's document requests did not even call for

13  such materials. Petrocelli Decl. Ex. K at 485 ("This category is untethered to any

14  specific requests. Defendants are willing to produce such communications,

15  provided that the requests in question are identified and appropriately tailored.").

16  DC pointed out that, for example, its Requests Numbered 15 to 17 directed to

17  Toberoff specifically sought these communications. *See id.* Ex. L at 492 (Toberoff

18  Request No. 16: "All DOCUMENTS RELATING to any efforts YOU have made

19  to sell, lease, license, or otherwise exploit any rights in SUPERMAN and/or

20  SUPERBOY."); *infra* Appendix at 44. Rather than agree to produce the

21  documents, defendants then claimed the requests were overbroad because they

22  involved documents "'relating' to every major motion picture studio." *Id.* Ex. M at

23  498. Yes—that is the point. DC wants and is entitled to know about all of

24  defendants' efforts to market and exploit the Siegels' and Shusters' putative rights.

25  DC's claims against the Toberoff defendants directly relate to misrepresentations

26  they made to the heirs about to whom they would market the rights and when. *E.g.*,

27  Am. Compl. at ¶¶ 6-9, 60-63, 77-82, 85, 184-186. Defendants have no basis to

28  resist this discovery, nor have they made any showing that gathering these materials

1    from their files would be burdensome—or explained why.  They have had these

2    requests since early December; no excuse exists for their continued failure to

3    produce them.

4         *Second*, defendants refused to produce any documents involving Toberoff's

5    business entities and activities.  *See* Appendix 1 at 32; Petrocelli Decl. Ex. J at 477,

6    Ex. L at 489-490, Ex. K at 484.  This is despite claims that Toberoff has made to

7    the national press about his allegedly thriving entertainment and producing

8    businesses, and the "firewall" he keeps in place separating his businesses and his

9    legal practice.  Defendants objected that certain of DC's requests might force

10   defendants to produce filings made in the *Siegel* litigation or other needless

11   materials that need not be produced.  Petrocelli Decl. Ex. K at 484, Ex. L at 490,

12   Ex. M at 496.  DC responded that it had addressed this *very objection* with a

13   stipulation that the parties agreed to last fall.  *Id.* Ex. L at 490; Docket No. 132.

14   Defendants refused to produce the Toberoff business documents, asserting "DC

15   improperly requested any and all document[s] that relate to any and all business

16   conducted or to be conducted by any such entity, ever. … DC's requests must

17   obviously be narrowed before they can be fully responded to."  *Id.* Ex. M at 496.

18        *Third*, defendants refused to produce any documents relating to

19   communications with Toberoff's business partner, the agent Ari Emanuel (aside

20   from a few emails from Toberoff to Paramount executives on which Emanuel was

21   copied) on the asserted ground that DC's requests for production are "overbroad."

22   Appendix 1 at 57-61; *see also* Petrocelli Decl. Ex. K at 484.  DC disagreed, but in

23   the spirit of compromise, proposed to narrow its Emanuel-related requests to:  "all

24   documents (and necessary privilege logs) RELATING to: (a) Superman and/or

25   Superboy; (b) the Siegel and Shuster Heirs; (c) any of the other named defendants

26   in this case; or (d) the business and/or economic relationship(s) between any of the

27   named defendants in this case and Mr. Emanuel."  Petrocelli Decl. Ex. L at 489.

28   Defendants rejected this reasonable compromise—offering instead to produce "All

DC COMICS' MOTION TO COMPEL

1    non-privileged communications between Mr. Emanuel and any defendant relating

2    to Superman, Superboy; the Siegel Heirs and/or Shuster Heirs." *Id.* Ex. M at 495.

3    DC cannot live with this proposal because it seeks to shield from discovery

4    documents relevant to establish the nature and extent of the relationships between

5    Emanuel and other of the defendants, a restriction not supported by the federal

6    rules. *See* FED. R. CIV. P. 26(b).

7        DC invited defendants to raise any other specific narrowing proposals they

8    might have. Petrocelli Decl. Ex. L at 489. Defendants offered none, and continued

9    to refuse to produce responsive, relevant documents.

10       2.    **Defendants' Remaining Boilerplate Objections Are All**

11             **Without Basis And Should Be Overruled.**

12       Defendants have raised boilerplate objections to every document request

13   served by DC. These non-specific objections are "inadequate and tantamount to not

14   making any objection at all." *E.g.*, *Walker v. Lakewood Condo. Owners Ass'n*, 186

15   F.R.D. 584, 587 (C.D. Cal. 1999). Many of these objections are ones defendants

16   chose not to defend the last time DC was forced to file a motion to compel, by

17   entering into the parties' December 7 stipulated order. Docket No. 133. As

18   summarized below, none of these objections has merit; all are asserted to obstruct

19   and delay.

20       The law makes clear that it is not DC's obligation to go request-by-request to

21   address these boilerplate objections and propose narrowing of its requests to

22   defendants. *E.g., Walker*, 186 F.R.D. at 587; *Marchland v. Mercy Med. Ctr.*, 22

23   F.3d 933, 938 (9th Cir. 1994); *see also* Docket No. 125 at 22-27. It is defendants'

24   obligation to identify specifically what they believe is objectionable about each

25   request so that DC can meaningfully respond during the parties' meet-and-confer

26   efforts, and defendants failed to meet that obligation.

27       Relevance. Defendants object to DC's document requests on relevance

28   grounds, but do not explain why any specific request is irrelevant or whether any

1  documents are being withheld on this ground. *E.g.*, Appendix 1 at 31.  Defendants'

2  boilerplate objection is the equivalent of no objection at all, and should be

3  overruled. *E.g.*, *Walker*, 186 F.R.D. at 587.  Under Rule 26(b), DC is entitled to

4  "obtain discovery regarding any nonprivileged matter that is relevant to any party's

5  claim or defense," including information that "appears reasonably calculated to lead

6  to the discovery of admissible evidence."  FED. R. CIV. P. 26(b)(1).  DC's claims for

7  relief allege, *inter alia*, that defendants' web of unlawful agreements violate DC's

8  agreements with the Siegels and Shusters and its rights under the Copyright Act.

9  Docket No. 49 ¶¶ 105-89.  DC's discovery requests are directly relevant to these

10 claims—specifically, communications and agreements between and among

11 defendants regarding the Siegels' and Shusters' purported Superman rights.  These

12 documents are "discoverable at this stage of the litigation as they clearly relate to

13 the subject matter of the lawsuit and the documents may lead to further admissible

14 evidence at trial." *Youngblood v. Gates*, 112 F.R.D. 342, 348 (C.D. Cal. 1985).

15      Protected Information. Defendants object to the discovery requests to the

16 extent they seek production of material containing "any trade secret or other

17 confidential or proprietary information" or "protected from disclosure by court

18 order, or any privacy or similar rights." *E.g.*, Appendix 1 at 33.  Again, defendants

19 make no effort to identify the particular information, if any, that is asserted to be

20 protected—let alone to establish why such information is protected.  Such

21 conclusory claims of confidentiality are inadequate; the party resisting discovery

22 must show that the information it seeks to protect is confidential or that its

23 disclosure would cause harm. *See Nat'l Acad. of Recording Arts & Scis., Inc. v. On*

24 *Point Events, LP*, 256 F.R.D. 678, 683 (C.D. Cal. 2009) (granting motion to compel

25 where "defendant has not presented any declarations … supporting its claim that

26 the information sought … is a 'trade secret' or 'confidential … commercial

27 information'"); *Centurion Indus., Inc. v. Warren Steurer & Assocs.*, 665 F.2d 323,

28 325 (10th Cir. 1981) ("To resist discovery …, a person must first establish that the

-26-                    DC COMICS' MOTION TO COMPEL

1    information sought is a trade secret and then demonstrate that its disclosure might

2    be harmful."). If they actually believed certain information should be protected,

3    defendants "should have entered into a stipulated protective order or filed a motion

4    for a protective order before the date by which it was to produce responsive

5    documents." *Nat'l Academy of Recording Arts & Sciences*, 256 F.R.D. at 683.

6    Defendants have sought neither.

7        "Other" Protections. Similarly, defendants object to almost every document

8    request to the extent they seek material protected by "any other privilege or

9    immunity available under law or arising from contractual obligation." *E.g.,*

10   Appendix 1 at 36 [Toberoff RFP 1-23, 26-54, 56-60]. Defendants refuse to identify

11   what documents, if any, are being withheld on this basis. Petrocelli Decl. Ex. L at

12   490. Defendants additionally refuse to identify what "other privilege" or

13   "immunity" they are invoking, nor do their privilege logs identify any "other"

14   protections. *Id.* Ex. J at 475; Ex. L at 490. At the same time, defendants argue that

15   because DC's requests haven't been narrowed, they *could* implicate trade secrets

16   that deal with private information not subject to disclosure. *Id.* Ex. L at 490. That

17   is no answer; either responsive, non-privileged documents are being withheld or

18   not. Defendants cannot stand on these ambiguous and indefinite objections to

19   justify withholding discovery.

20       Unduly Burdensome. Defendants assert DC's document requests are "unduly

21   burdensome, overly broad," "oppressive and harassing," and "impose extreme

22   hardship." *E.g.*, Appendix 1 at 33. As this Court has recognized, such "general or

23   boilerplate objections … are improper—especially when a party fails to submit any

24   evidentiary declarations supporting such objections." *A. Farber & Partners, Inc. v.*

25   *Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006); *Paulsen v. Case Corp.*, 168 F.R.D.

26   285, 289 (C.D. Cal. 1996). To overcome a motion to compel, the party resisting

27   discovery must make a specific showing as to why the discovery requests are

28   burdensome, overly broad, or otherwise objectionable. *E.g.*, *Duran v. Cisco Sys.*,

DC COMICS' MOTION TO COMPEL

1   *Inc.*, 258 F.R.D. 375, 379 (C.D. Cal. 2009) (rejecting "unexplained and

2   unsupported boilerplate objections" that requests were "overbroad," "burdensome,"

3   and "harassing"); *E.E.O.C. v. Outback Steakhouse of Fla., Inc.*, 251 F.R.D. 603,

4   608 (D. Colo. 2008) (burden of showing "expense of the proposed discovery

5   outweighs its likely benefit … cannot be satisfied by merely asserting a boilerplate

6   objection … without providing concrete substantiation"); *Panola Land Buyers*

7   *Ass'n v. Shuman,* 762 F.2d 1550, 1559 (11th Cir. 1985) (rejecting boilerplate

8   "recitation of expense and burdensomeness" as "conclusory").  Defendants have

9   made no such showings.

10          Even in the limited instances where defendants have identified why they

11  believe DC's request is "overbroad," their reasoning is refuted.  For example,

12  defendants object to Request No. 5, seeking "All DOCUMENTS RELATING to

13  SUPERMAN and/or SUPERBOY," as being "grossly overbroad," claiming it

14  requires production of documents relating to or produced in this litigation or the

15  *Siegel* cases, and "all documents relating to the exploitation of Superman and/or

16  Superboy over the past 80 years."  Appendix 1 at 38.  To the contrary, and as noted

17  above, these exact concerns were addressed by the parties' December 7 stipulation

18  and court order, and defendants are well aware that they are not required to re-

19  produce these types of documents.  *See* Docket No. 133.

20          Material in DC Comics' Possession. Defendants object to the extent the

21  document requests would require production of material "already in Plaintiff's

22  possession," including material "produced, served, or filed" during the *Siegel*

23  litigation.  *E.g.*, Appendix 1 at 33-34.  As discussed *supra*, defendants are aware

24  that they do not have to re-produce these materials pursuant to the parties'

25  December 7 stipulated order.  Docket No. 133.

26          Additional Obligations. Defendants object to the extent DC's document

27  requests "purport to alter or extend" their obligations under existing law, including

28  by requiring production of documents beyond defendants' possession.  *E.g.*,

Appendix 1 at 34.  Defendants point to no example where DC makes any request outside the discovery rules—and there is none.

Vague and Ambiguous. With no elaboration, defendants object that terms and phrases in DC's requests are "vague and ambiguous."[6]  Such blanket assertions of ambiguity, with no explanation, are improper.  *See Marchland*, 22 F.3d at 938.  Nor is there anything vague or ambiguous about these phrases.  Each of the individual terms was defined in DC's requests.  *E.g.*, Petrocelli Decl. Ex. E at 12-16.  As to the supposedly ambiguous phrases, "it is not ground for objection that the request is 'ambiguous,' unless [it is] so ambiguous that the responding party cannot, in good faith, frame an intelligent reply." *U.S. ex rel. Englund v. Los Angeles County*, 235 F.R.D. 675, 685 (E.D. Cal. 2006); *McCoo v. Denny's, Inc.*, 192 F.R.D. 675, 694 (D. Kan. 2000) (parties "should exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in [discovery requests]").

Defendants' Understanding.  Defendants agree to produce responsive documents, but they qualify their agreement on producing documents "consistent with [their] understanding of [each] request." *E.g.,* Appendix 1 at 36.  There is no basis for such a qualified response.  Defendants are obligated to produce all responsive, unprivileged documents, and cannot "interpret" DC's requests in a manner that shields otherwise discoverable documents.

Defendants' SLAPP Motion.  Defendants concede they are not withholding any documents on the basis of their pending SLAPP motion, but refuse to withdraw their general objection that discovery is stayed as to DC's Third through Sixth claims during the pendency of the motion.  This objection should be overruled.[7]

---

[6] Each of these vagueness objections is underlined in Appendix 1.

[7] Defendants cannot argue that DC neither raised nor conferred over specific concerns regarding their General Objections when DC's meet and confer letters explicitly identified these deficiencies and advised defendants that many were the same objections they chose not to defend the last time DC was forced to file a motion to compel.  Petrocelli Decl. Exs. J at 472, L at 487.

DC COMICS' MOTION TO COMPEL

1

### 3. The Order DC Seeks

2   The Court should order defendants to produce to DC's counsel, by no later

3   than May 2, 2011, all responsive, non-privileged documents.

4   The Court should overrule the following objections raised by defendants:

5   • Overbeadth;

6   • Relevance;

7   • Material containing "any trade secret or other confidential or proprietary

8   information" or "protected from disclosure by court order, or any privacy

9   or similar rights";

10   • Material protected by "any other privilege or immunity available under

11   law or arising from contractual obligation";

12   • "[U]nduly burdensome, overly broad," "oppressive and harassing," and

13   "impose extreme hardship";

14   • Material in DC's possession;

15   • Requests that "purport to alter or extend" defendants' obligations under

16   existing law;

17   • Vague and ambiguous;

18   • Defendants' qualification on producing documents as "consistent with

19   [their] understanding of [each] request"; and

20   • Contention that discovery is stayed as to DC's Third through Sixth claims

21   during the pendency of defendants' SLAPP motion.

22

23   Dated:        April 4, 2011                Respectfully Submitted,

24                                             O'MELVENY & MYERS LLP

25

26                                             By: /s/ Daniel M. Petrocelli
                                                    Daniel M. Petrocelli
27                                                  Attorneys for Plaintiff DC Comics

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**APPENDIX 1**

A.   **Marc Toberoff – Document Request Nos. 1-5, 9-19, 21, 23-46, 48, 52-60 and General and Specific Objections**

**OBJECTIONS TO THE ENTIRE REQUEST**

Toberoff objects to the entire Request on each of the following grounds and incorporates by reference each of the following objections into his response to each individual request for documents within it:

1.   Toberoff objects to each individual request within the Request to the extent it is relevant only to the Fourth through Sixth state law claims for relief in DC's First Amended Complaint ("FAC").  Defendants contend that their pending anti-SLAPP motion stays discovery regarding these state law claims, as well as the related Third Claim for Relief.  *See* Cal. Code Civ. Proc. § 425.16(g); *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 130 S. Ct. 1431, 1452 (2010) (Stevens, J., concurring); *Batzel v. Smith*, 333 F.3d 1018, 1024 (9th Cir. 2003); *Godin v. Schencks*, 2010 U.S. App. LEXIS 25980 (1st Cir. Dec. 22, 2010).

2.   To the extent the Request and each document request therein seeks documents concerning any agreement between the Shusters and Siegels to act collectively in negotiations with DC regarding the settlement of their termination claims ("Collective Bargaining"), Toberoff objects on the following grounds:  Any documents that exist relating to Collective Bargaining contain and memorialize attorney-client privileged communications and attorney work product and reveal sensitive settlement strategy that would give DC an unfair advantage.  Moreover, any Collective Bargaining documents were prepared in connection with settlement mediation in the closely related cases *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-CV-8400 ODW (RZx) and *Joanne Siegel, et al. v. Time Warner Inc., et al.*, Case No. 04-CV-8766 ODW (RZx) (collectively "*Siegel* Litigation") and the use of such information plainly violates the parties' May 1, 2008 JAMS Confidentiality Agreement.  Moreover this disclosure is

DC COMICS' MOTION TO COMPEL

inconsistent with the policies of FRE 408 and California Evidence Code §§ 1119 *et seq.*, 1152.

3.      Toberoff objects to the Request and each document request therein to the extent that it seeks the production of any item, or portion thereof, comprising or reflecting information transmitted and maintained in confidence between Toberoff or any person or entity acting on his behalf and his counsel and/or one or more of his clients for the purpose of obtaining legal advice or representation, on the grounds that such information is protected from disclosure by the attorney-client privilege and the joint-interest privilege. Such documents will not be produced in response to the request, and any inadvertent production thereof shall not be deemed a waiver of any privilege or doctrine with respect to such documents. With respect to such documents, Toberoff hereby incorporates by reference the privilege logs served by the Defendants in this action on December 15, 2010.

4.      Toberoff objects to the Request and each document request therein to the extent that it seeks the production of any item, or portion thereof, comprising or reflecting information with any confidential impression, conclusion, opinion, legal research, or legal theory of counsel for Toberoff or any other person or entity, on the grounds that such information is protected from disclosure by the attorney work product doctrine. Such documents will not be produced in response to the request, and any inadvertent production thereof shall not be deemed a waiver of any privilege or doctrine with respect to such documents. With respect to such documents, Toberoff hereby incorporates by reference the privilege logs served by the Defendants in this action on December 15, 2010.

5.      Toberoff objects to the Request and each document request therein to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence, on the grounds that it exceeds the permissible scope of discovery delimited by Rule 26(b)(1) of the Federal Rules of Civil Procedure.

DC COMICS' MOTION TO COMPEL

6.      Toberoff objects to the Request and each document request therein to the extent that it seeks the production of any item, or portion thereof, comprising or reflecting any trade secret or other confidential or proprietary information of Toberoff or any other entity or person.

7.      Toberoff objects to the Request and each document request therein to the extent that it seeks the production of any item, or portion thereof, which is protected from disclosure by court order, or any privacy or similar rights of any person or entity.

8.      Toberoff objects to the Request and each document request therein to the extent that it is unduly burdensome, overly broad, impose extreme hardship, IS oppressive and harassing, or would result in the expenditure of unnecessary time and resources.

9.      Toberoff objects to the Request and each document request therein to the extent that the expense of producing documents outweighs the likely benefit of discovery provided to Plaintiff.

10.     Toberoff objects to the Request and each document request therein to the extent that it seeks the production of duplicative identical items, or documents or information already in Plaintiff's possession, or by reason of public filing, publication or otherwise are readily accessible to Plaintiff through other means.

11.     Toberoff objects to the Request and each document request therein to the extent that it seeks the production of any item which has been served, filed, or transmitted in the course of this action, on the grounds that such production would be burdensome, oppressive, and unnecessary.

12.     Toberoff objects to the Request and each document request therein to the extent that it seeks the production of any item which has already been produced, served, or filed in the course of the related actions *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-CV-8400 ODW (RZx) and *Joanne Siegel, et al. v. Time Warner Inc., et al.*, Case No. 04-CV-8766 ODW (RZx)

DC COMICS' MOTION TO COMPEL

(collectively "*Siegel* Litigation"), on the grounds that such production would be duplicative, burdensome, oppressive, and unnecessary.

13.    In making any document production, Toberoff will reference by their Bates numbers documents already produced to DC in the *Siegel* Litigation, rather than re-copy and reproduce such documents.  Toberoff will not produce or designate by Bates numbers documents Toberoff obtained solely as a result of a document production by the other side in the *Siegel* Litigation.

14.    Consistent with the agreement governing privilege logs negotiated by the parties concerning plaintiff and other defendants, Toberoff will not log privileged communications or attorney work-product documents in either this case or the *Siegel* Litigations, that (a) are internal communications by defendants' counsel at the law firms of Toberoff & Associates, P.C. and Kendall Brill & Klieger, L.L.P., or (b) between Toberoff & Associates P.C and defendants' counsel at the law firm of Kendall, Brill & Klieger LLP.  Logging such documents would constitute an extraordinary interference by DC in the affairs of its opposing counsel in both this action and the ongoing *Siegel* litigation.

15.    Toberoff objects to the Request and each document request therein to the extent that it seeks the production of any item or document that is not the property of Toberoff.  Toberoff will not produce any items or documents that are the property of any other person or entity.

16.    Toberoff objects to the Request and each document request therein and to the definitions and instructions therein to the extent that they purport to alter or extend Toberoff's obligations beyond those established by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Central District of California, or any order or ruling by the Court in this action.

17.    Toberoff objects generally to the definitions of the terms "<u>YOU</u>" and "<u>YOUR</u>" as vague and ambiguous, overbroad and unduly burdensome, especially

DC COMICS' MOTION TO COMPEL

1   with respect to the definition's reference to "attorneys".  Toberoff will construe

2   these terms to refer to Toberoff.

3          18.    Toberoff objects generally to the definitions of the terms

4   "<u>DEFENDANT</u>" and "<u>DEFENDANTS</u>" as vague and ambiguous, overbroad and

5   unduly burdensome, especially with respect to the definition's reference to

6   "attorneys".  Toberoff will construe these terms to refer only to the specific

7   defendants in this action.

8          19.    Toberoff objects generally to the definition of the term "<u>SHUSTER</u>

9   <u>HEIRS</u>" as vague and ambiguous, overbroad and unduly burdensome, especially

10  with respect to the definition's reference to "attorneys".  Solely for the purposes of

11  these responses, and for no other purpose, Toberoff will construe this term to refer

12  only to the Estate of Joseph Shuster, Jean Peavy, Mark Peary, Dawn Peavy and

13  Frank Shuster.

14         20.    Toberoff objects generally to the definition of the term "<u>SIEGEL</u>

15  <u>HEIRS</u>" as vague and ambiguous, overbroad and unduly burdensome, especially

16  with respect to the definition's reference to "attorneys". Solely for the purposes of

17  these responses, and for no other purpose, Toberoff will construe this term to refer

18  only to Joanne Siegel and Laura Siegel Larson.

19         21.    Toberoff reserves the right to revise, amend, supplement or clarify any

20  of the objections set forth herein.

21             **DOCUMENTS TO BE PRODUCED**

22        **SPECIFIC RESPONSES TO INDIVIDUAL REQUESTS**

23  **Document Request No. 1**

24         All agreements between or among YOU and any DEFENDANT RELATING

25  to the SIEGEL HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

26  **Response to Document Request No. 1**

27         Toberoff objects to this request to the extent it seeks any privileged

28  documents concerning any collective bargaining of any settlement by the Shusters

1   and Siegels and because Plaintiff's use of such information violates the parties'

2   May 1, 2008 JAMS Confidentiality Agreement.  Toberoff further objects to this

3   request on the grounds that the phrase "the SIEGEL HEIRS' purported rights in

4   SUPERMAN and/or SUPERBOY," is vague and ambiguous, and lacks sufficient

5   precision to allow him to formulate an appropriate response.  Toberoff further

6   objects to this request to the extent that it seeks communications or items protected

7   by the attorney-client privilege, the joint-interest privilege, the attorney work

8   product doctrine and any other privilege or immunity available under law or arising

9   from contractual obligation.  Subject to and without waiving the foregoing general

10  and specific objections, Toberoff will produce documents, if any, that are neither

11  privileged nor protected by the JAMS Confidentiality Agreement, consistent with

12  his understanding of this request.

13  **Document Request No. 2**

14          All agreements between or among YOU and any DEFENDANT RELATING

15  to the SHUSTER HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

16  **Response to Document Request No. 2**

17          Toberoff objects to this request to the extent it seeks any privileged

18  documents concerning any collective bargaining of any settlement by the Shusters

19  and Siegels and because Plaintiff's use of such information violates the parties'

20  May 1, 2008 JAMS Confidentiality Agreement.  Toberoff further objects to this

21  request on the grounds that the phrase "the SHUSTER HEIRS' purported rights in

22  SUPERMAN and/or SUPERBOY," is vague and ambiguous, and lacks sufficient

23  precision to allow him to formulate an appropriate response.  Toberoff further

24  objects to this request to the extent that it seeks communications or items protected

25  by the attorney-client privilege, the joint-interest privilege, the attorney work

26  product doctrine and any other privilege or immunity available under law or arising

27  from contractual obligation.  Subject to and without waiving the foregoing general

28  and specific objections, Toberoff will produce documents, if any, that are neither

privileged nor protected by the JAMS Confidentiality Agreement, consistent with his understanding of this request.

**Document Request No. 3**

All agreements between or among YOU and any DEFENDANT.

**Response to Document Request No. 3**

Toberoff objects to this request to the extent it seeks any privileged documents concerning any collective bargaining of any settlement by the Shusters and Siegels and because Plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement. Toberoff additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint-interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing general and specific objections, Toberoff will produce documents, if any, that are neither privileged nor protected by the JAMS Confidentiality Agreement, consistent with his understanding of this request.

**Document Request No. 4**

All agreements between or among YOU and any third party RELATING to SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 4**

Toberoff objects to this request to the extent it seeks any privileged documents concerning any collective bargaining of any settlement by the Shusters and Siegels and because Plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement. Toberoff additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint-interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing general and

DC COMICS' MOTION TO COMPEL

1   specific objections, Toberoff will produce documents, if any, that are neither

2   privileged nor protected by the JAMS Confidentiality Agreement, consistent with

3   his understanding of this request.

4   **Document Request No. 5**

5       All DOCUMENTS RELATING to SUPERMAN and/or SUPERBOY.

6   **Response to Document Request No. 5**

7       Toberoff objects to this request to the extent it seeks any privileged

8   documents concerning any collective bargaining of any settlement by the Shusters

9   and Siegels and because Plaintiff's use of such information violates the parties'

10  May 1, 2008 JAMS Confidentiality Agreement.  Toberoff further objects to this

11  request on the grounds that it is compound, overbroad, burdensome and oppressive,

12  as it could be reasonably construed to request all documents related to this

13  litigation, the *Siegel v. Warner Bros. Ent. Inc.* and *Siegel v. Time Warner Inc.*

14  litigations, documents created and/or produced by Plaintiff and all documents

15  relating to the exploitation of Superman and/or Superboy over the past 80 years.

16  Toberoff further objects to this request on the grounds that the phrase

17  "RELATING," is vague and ambiguous, and lacks sufficient precision to allow him

18  to formulate an appropriate response.  Toberoff further objects to this request on the

19  grounds that it is indefinite as to time, not reasonably limited in scope, and to the

20  extent that it seeks the production of any item, or portion thereof, which is not

21  reasonably calculated to lead to the discovery of relevant and admissible evidence.

22  Toberoff additionally objects to this request to the extent that it seeks

23  communications or items protected by the attorney-client privilege, the joint-

24  interest privilege, the attorney work product doctrine and any other privilege or

25  immunity available under law or arising from contractual obligation.  Subject to and

26  without waiving the foregoing general and specific objections, Toberoff is willing

27  to meet and confer with Plaintiff regarding the tailoring of this request.

28

**Document Request No. 9**

All DOCUMENTS RELATING to any of the DEFENDANTS OBTAINED by YOU prior to YOUR initial contact with each of them.

**Response to Document Request No. 9**

Toberoff objects to this request on the grounds that it is compound, duplicative, overbroad, burdensome and oppressive, as it could be reasonably construed to request all documents relating to Superman, Jerome Siegel, Joseph Shuster, the Siegels and the Shusters, including all prior litigations between Jerome Siegel and Joseph Shuster and DC Comics or any predecessor thereof and all documents relating the exploitation of Superman and/or Superboy over the past 80 years. Toberoff further objects to this request on the grounds that the phrase "RELATING to any of the DEFENDANTS," used in the context of this request, is vague and ambiguous, and lacks sufficient precision to allow him to formulate an appropriate response. Toberoff further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Toberoff further objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint-interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing general and specific objections, Toberoff is willing to meet and confer with Plaintiff regarding the tailoring of this request.

**Document Request No. 10**

All DOCUMENTS RELATING to YOUR past, current, or potential ownership interest in any rights in SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 10**

Toberoff objects to this request to the extent it seeks any privileged documents concerning any collective bargaining of any settlement by the Shusters and Siegels and because Plaintiff's use of such information violates the parties'

DC COMICS' MOTION TO COMPEL

1   May 1, 2008 JAMS Confidentiality Agreement.  Toberoff objects to this request on

2   the grounds that the term "<u>RELATING to YOUR past, current, or potential</u>

3   <u>ownership interest</u>," is vague and ambiguous, and lacks sufficient precision to allow

4   him to formulate an appropriate response.  Toberoff further objects to this request

5   to the extent that it assumes that such a "past, current, or potential ownership

6   interest" of Toberoff in such rights existed, exists, or will exist.  Toberoff

7   additionally objects to this request to the extent that it seeks communications or

8   items protected by the attorney-client privilege, the joint-interest privilege, the

9   attorney work product doctrine and any other privilege or immunity available under

10  law or arising from contractual obligation.  Subject to and without waiving the

11  foregoing general and specific objections, Toberoff will produce documents, if any,

12  that are neither privileged nor protected by the JAMS Confidentiality Agreement,

13  consistent with his understanding of this request.

14  **Document Request No. 11**

15      All DOCUMENTS RELATING to YOUR ability to negotiate or enter into

16  agreements regarding SUPERMAN and/or SUPERBOY.

17  **Response to Document Request No. 11**

18      Toberoff objects to this request to the extent it seeks any privileged

19  documents concerning any collective bargaining of any settlement by the Shusters

20  and Siegels and because Plaintiff's use of such information violates the parties'

21  May 1, 2008 JAMS Confidentiality Agreement.  Toberoff objects to this request on

22  the grounds that the term "<u>RELATING to YOUR ability to negotiate or enter into</u>

23  <u>agreements</u>" is vague and ambiguous, and lacks sufficient precision to allow him to

24  formulate an appropriate response.  Toberoff additionally objects to this request to

25  the extent that it seeks communications or items protected by the attorney-client

26  privilege, the joint-interest privilege, the attorney work product doctrine and any

27  other privilege or immunity available under law or arising from contractual

28  obligation.  Subject to and without waiving the foregoing general and specific

DC COMICS' MOTION TO COMPEL

1  objections, Toberoff will produce non-privileged responsive documents, if any,

2  consistent with his understanding of this request.

3  **Document Request No. 12**

4      All DOCUMENTS RELATING to or affecting the disposition, division, or

5  ownership of any rights in SUPERMAN and/or SUPERBOY.

6  **Response to Document Request No. 12**

7      Toberoff objects to this request to the extent it seeks any privileged

8  documents concerning any collective bargaining of any settlement by the Shusters

9  and Siegels and because Plaintiff's use of such information violates the parties'

10  May 1, 2008 JAMS Confidentiality Agreement.  Toberoff objects to this request on

11  the grounds that it is compound, overbroad, burdensome and oppressive, as it could

12  be reasonably construed to request all documents related to this litigation, the *Siegel*

13  *v. Warner Bros. Ent. Inc.* and *Siegel v. Time Warner Inc.* litigations, documents

14  created and/or produced by Plaintiff, and all documents relating to the exploitation

15  of Superman and/or Superboy over the past 80 years.  Toberoff objects to this

16  request on the grounds that the phrase "RELATING to or affecting" is vague and

17  ambiguous, and lacks sufficient precision to allow him to formulate an appropriate

18  response.  Toberoff further objects to this request on the grounds that it is indefinite

19  as to time and not reasonably limited in scope.  Toberoff additionally objects to this

20  request to the extent that it seeks communications or items protected by the

21  attorney-client privilege, the joint-interest privilege, the attorney work product

22  doctrine and any other privilege or immunity available under law or arising from

23  contractual obligation.  Subject to and without waiving the foregoing general and

24  specific objections, Toberoff is willing to meet and confer with Plaintiff regarding

25  the tailoring of this request.

26  **Document Request No. 13**

27      All DOCUMENTS RELATING to or affecting the division of revenue,

28  proceeds, or other profits regarding SUPERMAN and/or SUPERBOY.

DC COMICS' MOTION TO COMPEL

**Response to Document Request No. 13**

Toberoff objects to this request to the extent it seeks any privileged documents concerning any collective bargaining of any settlement by the Shusters and Siegels and because Plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement.  Toberoff objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive, as it could be reasonably construed to request all documents related to this litigation, the *Siegel v. Warner Bros. Ent. Inc.* and *Siegel v. Time Warner Inc.* litigations, documents created and/or produced by Plaintiff and all documents relating to the exploitation of Superman and/or Superboy over the past 80 years.  Toberoff objects to this request on the grounds that the phrase "<u>RELATING to or affecting</u>" is vague and ambiguous, and lacks sufficient precision to allow him to formulate an appropriate response.  Toberoff further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope.  Toberoff additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint-interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing general and specific objections, Toberoff is willing to meet and confer with Plaintiff regarding the tailoring of this request.

**Document Request No. 14**

All DOCUMENTS RELATING to or affecting the division of any settlement proceeds regarding SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 14**

Toberoff objects to this request to the extent it seeks any privileged documents concerning any collective bargaining of any settlement by the Shusters and Siegels and because Plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement.  Toberoff objects to this request on

DC COMICS' MOTION TO COMPEL

1    the grounds that it is compound, duplicative, overbroad, burdensome and

2    oppressive.  Toberoff objects to this request on the grounds that the phrase

3    "<u>RELATING to or affecting</u>" is vague and ambiguous, and lacks sufficient

4    precision to allow him to formulate an appropriate response.  Toberoff further

5    objects to this request on the grounds that it is indefinite as to time and not

6    reasonably limited in scope.  Toberoff additionally objects to this request to the

7    extent that it seeks communications or items protected by the attorney-client

8    privilege, the joint-interest privilege, the attorney work product doctrine and any

9    other privilege or immunity available under law or arising from contractual

10   obligation.  Subject to and without waiving the foregoing general and specific

11   objections, Toberoff is willing to meet and confer with Plaintiff regarding the

12   tailoring of this request.

13   **<u>Document Request No. 15</u>**

14        All DOCUMENTS RELATING to the potential sale, assignment, license, or

15   other disposition of any rights relating to SUPERMAN and/or SUPERBOY,

16   including but not limited to any solicitation, offer, option, or proposed agreement.

17   **<u>Response to Document Request No. 15</u>**

18        Toberoff objects to this request to the extent it seeks any privileged

19   documents concerning any collective bargaining of any settlement by the Shusters

20   and Siegels and because Plaintiff's use of such information violates the parties'

21   May 1, 2008 JAMS Confidentiality Agreement.  Toberoff further objects to this

22   request on the grounds that it is compound, overbroad, burdensome and oppressive,

23   as it could be reasonably construed to request all documents related to this

24   litigation, the *Siegel v. Warner Bros. Ent. Inc.* and *Siegel v. Time Warner Inc.*

25   litigations, documents created and/or produced by Plaintiff, documents relating to

26   Plaintiff's or its licensees' exploitation of Superman and/or Superboy and all

27   documents relating to the exploitation of Superman and/or Superboy over the past

28   80 years.  Toberoff objects to this request on the grounds that the term

DC COMICS' MOTION TO COMPEL

1    "RELATING" is vague and ambiguous, and lacks sufficient precision to allow him

2    to formulate an appropriate response.  Toberoff further objects to this request on the

3    grounds that it is indefinite as to time and not reasonably limited in scope.  Toberoff

4    further objects to this request to the extent that it seeks the production of any item,

5    or portion thereof, which is not reasonably calculated to lead to the discovery of

6    relevant and admissible evidence.  Toberoff additionally objects to this request to

7    the extent that it seeks communications or items protected by the attorney-client

8    privilege, the joint-interest privilege, the attorney work product doctrine and any

9    other privilege or immunity available under law or arising from contractual

10    obligation.  Subject to and without waiving the foregoing general and specific

11    objections, Toberoff is willing to meet and confer with Plaintiff regarding the

12    tailoring of this request.

13    **Document Request No. 16**

14        All DOCUMENTS RELATING to any efforts YOU have made to sell, lease,

15    license, or otherwise exploit any rights in SUPERMAN and/or SUPERBOY.

16    **Response to Document Request No. 16**

17        Toberoff objects to this request to the extent it seeks any privileged

18    documents concerning any collective bargaining of any settlement by the Shusters

19    and Siegels and because Plaintiff's use of such information violates the parties'

20    May 1, 2008 JAMS Confidentiality Agreement.  Toberoff further objects to this

21    request on the grounds that it is compound, overbroad, burdensome and oppressive.

22    Toberoff objects to this request on the grounds that the term "RELATING to any

23    efforts" is vague and ambiguous, and lacks sufficient precision to allow him to

24    formulate an appropriate response.  Toberoff further objects to this request on the

25    grounds that it is indefinite as to time and not reasonably limited in scope.  Toberoff

26    further objects to this request to the extent that it seeks the production of any item,

27    or portion thereof, which is not reasonably calculated to lead to the discovery of

28    relevant and admissible evidence.  Toberoff additionally objects to this request to

DC COMICS' MOTION TO COMPEL

1  the extent that it seeks communications or items protected by the attorney-client

2  privilege, the joint-interest privilege, the attorney work product doctrine and any

3  other privilege or immunity available under law or arising from contractual

4  obligation.  Subject to and without waiving the foregoing general and specific

5  objections, Toberoff will produce documents, if any, that are neither privileged nor

6  protected by the JAMS Confidentiality Agreement, consistent with his

7  understanding of this request.

8  **Document Request No. 17**

9        All DOCUMENTS RELATING to any potential investors or other

10  PERSONS who have expressed interest in purchasing or otherwise investing in any

11  rights in SUPERMAN and/or SUPERBOY.

12  **Response to Document Request No. 17**

13        Toberoff objects to this request on the grounds that it is compound,

14  overbroad, burdensome and oppressive.  Toberoff objects to this request on the

15  grounds that the term "RELATING to any potential investors or other PERSONS

16  who have expressed interest in purchasing or otherwise investing in any rights" is

17  vague and ambiguous, and lacks sufficient precision to allow him to formulate an

18  appropriate response.  Toberoff further objects to this request on the grounds that it

19  is indefinite as to time and not reasonably limited in scope.  Toberoff further objects

20  to this request to the extent that it seeks the production of any item, or portion

21  thereof, which is not reasonably calculated to lead to the discovery of relevant and

22  admissible evidence.  Toberoff objects to this request to the extent it seeks any

23  privileged documents concerning any collective bargaining of any settlement by the

24  Shusters and Siegels and because Plaintiff's use of such information violates the

25  parties' May 1, 2008 JAMS Confidentiality Agreement.  Toberoff additionally

26  objects to this request to the extent that it seeks communications or items protected

27  by the attorney-client privilege, the joint-interest privilege, the attorney work

28  product doctrine and any other privilege or immunity available under law or arising

DC COMICS' MOTION TO COMPEL

1  from contractual obligation. Subject to and without waiving the foregoing general

2  and specific objections, Toberoff will produce documents, if any, that are neither

3  privileged nor protected by the JAMS Confidentiality Agreement, consistent with

4  his understanding of this request.

5  **Document Request No. 18**

6      All DOCUMENTS RELATING to the valuation of any past, current, or

7  potential ownership interest in SUPERMAN and/or SUPERBOY.

8  **Response to Document Request No. 18**

9      Toberoff objects to this request on the grounds that it is compound,

10  overbroad, burdensome and oppressive, as it could be reasonably construed to

11  request all documents related to this litigation, the *Siegel v. Warner Bros. Ent. Inc.*

12  and *Siegel v. Time Warner Inc.* litigations, documents created and/or produced by

13  Plaintiff, documents relating to Plaintiff's or its licensees' exploitation of Superman

14  and/or Superboy and all documents relating to the exploitation of Superman and/or

15  Superboy over the past 80 years.  Toberoff further objects to this request on the

16  grounds that the term "RELATING to the valuation of any past, current, or

17  potential ownership interest" is vague and ambiguous, and lacks sufficient precision

18  to allow him to formulate an appropriate response.  Toberoff further objects to this

19  request on the grounds that it is indefinite as to time and not reasonably limited in

20  scope.  Toberoff further objects to this request to the extent that it seeks the

21  production of any item, or portion thereof, which is not reasonably calculated to

22  lead to the discovery of relevant and admissible evidence.  Toberoff additionally

23  objects to this request to the extent that it seeks communications or items protected

24  by the attorney-client privilege, the joint-interest privilege, the attorney work

25  product doctrine and any other privilege or immunity available under law or arising

26  from contractual obligation.  Subject to and without waiving the foregoing general

27  and specific objections, Toberoff is willing to meet and confer with Plaintiff

28  regarding the tailoring of this request.

DC COMICS' MOTION TO COMPEL

**Document Request No. 19**

All DOCUMENTS RELATING to any internal or external investigation YOU participated in regarding the TOBEROFF TIMELINE AUTHOR and/or the TOBEROFF TIMELINE, including the findings of any such investigation.

**Response to Document Request No. 19**

Toberoff objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive. Toberoff objects to the Request to the extent that it seeks the production of documents which is not reasonably calculated to lead to the discovery of relevant and admissible evidence, on the grounds that it exceeds the permissible scope of discovery delimited by Rule 26(b)(1) of the Federal Rules of Civil Procedure, as any "investigation" by Toberoff as to the author of the TOBEROFF TIMELINE is not relevant to any of the claims for relief in this action. Toberoff further objects to this request on the grounds that the term "RELATING" is vague and ambiguous, and lacks sufficient precision to allow him to formulate an appropriate response. Toberoff objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint-interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Toberoff further objects to this request to the extent it seeks the production of the "Timeline" or of the documents stolen from the confidential legal files of Toberoff & Associates, P.C. The Court's orders releasing these documents in *Siegel v. Warner Bros.*, Case No. 04-CV-8400 were in error and Toberoff objects to any further production of these documents on that basis. Toberoff further objects to this request on the ground that the provision of any documents to the U.S. Attorney's Office was done without waiver of any privilege or protection and with the express understanding that any privileged material would remain privileged and confidential. Subject to and without waiving the foregoing general and specific

DC COMICS' MOTION TO COMPEL

1    objections, Toberoff will produce non-privileged responsive documents, if any,

2    consistent with his understanding of this request.

3    **Document Request No. 21**

4          All DOCUMENTS RELATING to the ALLEGED GRAND JURY

5    INVESTIGATION.

6    **Response to Document Request No. 21**

7          Toberoff objects to this request on the grounds that it is compound,

8    overbroad, burdensome and oppressive.  Toberoff objects to this request on the

9    grounds that the term "<u>RELATING</u>" is vague and ambiguous, and lacks sufficient

10   precision to allow him to formulate an appropriate response.  Toberoff further

11   objects to this request to the extent that it seeks the production of any item, or

12   portion thereof, which is not reasonably calculated to lead to the discovery of

13   relevant and admissible evidence.  Toberoff objects to this request to the extent that

14   it seeks communications or items protected by the attorney-client privilege, the

15   joint-interest privilege, the attorney work product doctrine and any other privilege

16   or immunity available under law or arising from contractual obligation.  Toberoff

17   further objects to this request to the extent it seeks the production of the "Timeline"

18   or of the documents stolen from the confidential legal files of Toberoff &

19   Associates, P.C. The Court's orders releasing these documents in *Siegel v. Warner*

20   *Bros*, Case No. 04-CV-8400 were in error and Toberoff objects to any further

21   production of these documents on that basis.  Toberoff further objects to this

22   request on the ground that the provision of any documents to the U.S. Attorney's

23   Office was done without waiver of any privilege or protection and with the express

24   understanding that any privileged material would remain privileged and

25   confidential.

26   **Document Request No. 23**

27         All DOCUMENTS RELATING to any legal, administrative, or disciplinary

28   action YOU have participated in regarding the TOBEROFF TIMELINE AUTHOR

DC COMICS' MOTION TO COMPEL

1   or the TOBEROFF TIMELINE, including any COMMUNICATIONS YOU have

2   had with law enforcement or the state bar association.

3   **Response to Document Request No. 23**

4          Toberoff objects to this request on the grounds that the term "RELATING" is

5   vague and ambiguous, and lacks sufficient precision to allow him to formulate an

6   appropriate response.  Toberoff further objects to this request to the extent that it

7   seeks the production of any item, or portion thereof, which is not reasonably

8   calculated to lead to the discovery of relevant and admissible evidence.  Toberoff

9   further objects to this request to the extent that it seeks communications or items

10  protected by the attorney-client privilege, the joint-interest privilege, the attorney

11  work product doctrine and any other privilege or immunity available under law or

12  arising from contractual obligation.  Toberoff further objects to this request to the

13  extent it seeks the production of the "Timeline" or of the documents stolen from the

14  confidential legal files of Toberoff & Associates, P.C. The Court's orders releasing

15  these documents in *Siegel v. Warner Bros*, Case No. 04-CV-8400 were in error and

16  Toberoff objects to any further production of these documents on that basis.

17  Toberoff further objects to this request on the ground that the provision of any

18  documents to the U.S. Attorney's Office was done without waiver of any privilege

19  or protection and with the express understanding that any privileged material would

20  remain privileged and confidential.

21  **Document Request No. 24**

22         All DOCUMENTS RELATING to any COMMUNICATIONS YOU have

23  had with the SIEGEL HEIRS RELATED to the TOBEROFF TIMELINE

24  AUTHOR or the TOBEROFF TIMELINE.

25  **Response to Document Request No. 24**

26         Toberoff objects to this request on the grounds that it is compound,

27  overbroad, burdensome and oppressive.  Toberoff further objects to this request on

28  the grounds that the terms "RELATING" and "RELATED" are vague and

DC COMICS' MOTION TO COMPEL

1   ambiguous, and lack sufficient precision to allow him to formulate an appropriate

2   response.  Toberoff further objects to this request to the extent that it seeks the

3   production of any item, or portion thereof, which is not reasonably calculated to

4   lead to the discovery of relevant and admissible evidence.  Toberoff further objects

5   to this request in that it expressly seeks communications or items protected by the

6   attorney-client privilege and the attorney work product doctrine.

7   **Document Request No. 25**

8        All DOCUMENTS RELATING to any COMMUNICATIONS YOU have

9   had with the SHUSTER HEIRS RELATED to the TOBEROFF TIMELINE

10  AUTHOR or the TOBEROFF TIMELINE.

11  **Response to Document Request No. 25**

12       Toberoff objects to this request on the grounds that it is compound,

13  overbroad, burdensome and oppressive.  Toberoff further objects to this request on

14  the grounds that the terms "RELATING" and "RELATED" are vague and

15  ambiguous, and lack sufficient precision to allow him to formulate an appropriate

16  response.  Toberoff further objects to this request to the extent that it seeks the

17  production of any item, or portion thereof, which is not reasonably calculated to

18  lead to the discovery of relevant and admissible evidence.  Toberoff further objects

19  to this request in that it expressly seeks communications or items protected by the

20  attorney-client privilege and the attorney work product doctrine.

21  **Document Request No. 26**

22       All DOCUMENTS RELATING to any COMMUNICATIONS YOU have

23  had with third parties RELATED to the TOBEROFF TIMELINE AUTHOR or the

24  TOBEROFF TIMELINE.

25  **Response to Document Request No. 26**

26       Toberoff objects to this request on the grounds that it is compound,

27  overbroad, burdensome and oppressive.  Toberoff further objects to this request on

28  the grounds that the terms "RELATING" and "RELATED" are vague and

DC COMICS' MOTION TO COMPEL

ambiguous, and lacks sufficient precision to allow him to formulate an appropriate response.  Toberoff further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence.  Toberoff additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint-interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Toberoff further objects to this request to the extent it seeks the production of the "Timeline" or of the documents stolen from the confidential legal files of Toberoff & Associates, P.C. The Court's orders releasing these documents in *Siegel v. Warner Bros*, Case No. 04-CV-8400 were in error and Toberoff objects to any further production of these documents on that basis. Toberoff further objects to this request on the ground that the provision of any documents to the U.S. Attorney's Office was done without waiver of any privilege or protection and with the express understanding that any privileged material would remain privileged and confidential.  Subject to and without waiving the foregoing general and specific objections, Toberoff will produce responsive documents, if any, consistent with his understanding of this request.

**Document Request No. 27**

        All DOCUMENTS RELATING to YOUR introduction to and involvement with the SIEGEL HEIRS.

**Response to Document Request No. 27**

        Toberoff further objects to this request on the grounds that it is compound, duplicative, overbroad, burdensome and oppressive, as it could reasonably be construed to request all documents related to this litigation, the *Siegel v. Warner Bros. Ent. Inc.* and *Siegel v. Time Warner Inc.* litigations, documents created by Plaintiff and all documents relating to the exploitation of Superman and/or Superboy over the past 80 years.  Toberoff objects to this request on the grounds

DC COMICS' MOTION TO COMPEL

1  that the terms "<u>RELATING</u>" and "<u>involvement with</u>" are vague and ambiguous,

2  and lack sufficient precision to allow him to formulate an appropriate response.

3  Toberoff further objects to this request on the grounds that it is indefinite as to time

4  and not reasonably limited in scope.  Toberoff objects to this request to the extent it

5  seeks any privileged documents concerning any collective bargaining of any

6  settlement by the Shusters and Siegels and because Plaintiff's use of such

7  information violates the parties' May 1, 2008 JAMS Confidentiality Agreement.

8  Toberoff additionally objects to this request to the extent that it seeks

9  communications or items protected by the attorney-client privilege, the joint-

10  interest privilege, the attorney work product doctrine and any other privilege or

11  immunity available under law or arising from contractual obligation.  Subject to and

12  without waiving the foregoing general and specific objections, Toberoff is willing

13  to meet and confer with Plaintiff regarding the tailoring of this request.

14  **Document Request No. 28**

15      All DOCUMENTS RELATING to YOUR introduction to and involvement

16  with the SHUSTER HEIRS.

17  **Response to Document Request No. 28**

18      Toberoff further objects to this request on the grounds that it is compound,

19  duplicative, overbroad, burdensome and oppressive, as it could reasonably be

20  construed to request all documents related to this litigation, the *Siegel v. Warner*

21  *Bros. Ent. Inc.* and *Siegel v. Time Warner Inc.* litigations, documents created by

22  Plaintiff and all documents relating to the exploitation of Superman over the past 80

23  years.  Toberoff objects to this request on the grounds that the terms "<u>RELATING</u>"

24  and "<u>involvement with</u>" are vague and ambiguous, and lack sufficient precision to

25  allow him to formulate an appropriate response.  Toberoff further objects to this

26  request on the grounds that it is indefinite as to time and not reasonably limited in

27  scope.  Toberoff objects to this request to the extent it seeks any privileged

28  documents concerning any collective bargaining of any settlement by the Shusters

1    and Siegels and because Plaintiff's use of such information violates the parties'

2    May 1, 2008 JAMS Confidentiality Agreement.  Toberoff additionally objects to

3    this request to the extent that it seeks communications or items protected by the

4    attorney-client privilege, the joint-interest privilege, the attorney work product

5    doctrine and any other privilege or immunity available under law or arising from

6    contractual obligation.  Subject to and without waiving the foregoing general and

7    specific objections, Toberoff is willing to meet and confer with Plaintiff regarding

8    the tailoring of this request.

9    **Document Request No. 29**

10        All DOCUMENTS RELATING to the transfer of any property or interest

11    between or among YOU and any DEFENDANT.

12    **Response to Document Request No. 29**

13        Toberoff further objects to this request on the grounds that it is compound,

14    duplicative, overbroad, burdensome and oppressive, as it could reasonably be

15    construed to request all documents related to this litigation, the *Siegel v. Warner*

16    *Bros. Ent. Inc.* and *Siegel v. Time Warner Inc.* litigations, documents created by

17    Plaintiff, all documents relating to the exploitation of Superman and/or Superboy

18    over the past 80 years and documents relating to wholly irrelevant business between

19    Toberoff and Defendants owned or controlled by Toberoff (e.g., IPW, LLC).

20    Toberoff objects to this request on the grounds that the terms "RELATING" and

21    "involvement" are vague and ambiguous, and lack sufficient precision to allow him

22    to formulate an appropriate response.  Toberoff further objects to this request on the

23    grounds that it is indefinite as to time and not reasonably limited in scope.  Toberoff

24    additionally objects to this request to the extent that it seeks communications or

25    items protected by the attorney-client privilege, the joint-interest privilege, the

26    attorney work product doctrine and any other privilege or immunity available under

27    law or arising from contractual obligation.  Subject to and without waiving the

28

DC COMICS' MOTION TO COMPEL

1  foregoing general and specific objections, Toberoff is willing to meet and confer

2  with Plaintiff regarding the tailoring of this request.

3  **Document Request No. 30**

4      All COMMUNICATIONS RELATING to any disclosure of a potential or

5  actual conflict of interest by or to YOU or any DEFENDANT.

6  **Response to Document Request No. 30**

7      Toberoff objects to this request in that it seeks the production of items not

8  reasonably calculated to lead to the discovery of relevant and admissible evidence.

9  Toberoff further further objects to this request on the grounds that it is compound,

10 duplicative, overbroad, burdensome and oppressive.  Toberoff further objects to this

11 request on the grounds that the terms "<u>RELATING</u>" and "<u>disclosure of a potential</u>

12 <u>or actual conflict of interest by or to YOU or any DEFENDANT</u>" are vague and

13 ambiguous, and lacks sufficient precision to allow him to formulate an appropriate

14 response.  Toberoff further objects to this request on the grounds that it is indefinite

15 as to time and not reasonably limited in scope.  Toberoff further objects to this

16 request as it seeks any privileged documents concerning any collective bargaining

17 of any settlement by the Shusters and Siegels and because Plaintiff's use of such

18 information violates the parties' May 1, 2008 JAMS Confidentiality Agreement.

19 Toberoff additionally objects to this request as it seeks communications or items

20 protected by the attorney-client privilege, the joint-interest privilege, the attorney

21 work product doctrine and to the extent it seeks the production of items protected

22 by any other privilege or immunity available under law or arising from contractual

23 obligation.

24 **Document Request No. 31**

25      All COMMUNICATIONS RELATING to any waiver or acknowledgement

26 of a potential or actual conflict of interest by or to YOU or any DEFENDANT.

27

28

DC COMICS' MOTION TO COMPEL

**Response to Document Request No. 31**

Toberoff objects to this request in that it seeks the production of items not reasonably calculated to lead to the discovery of relevant and admissible evidence. Toberoff further further objects to this request on the grounds that it is compound, duplicative, overbroad, burdensome and oppressive.  Toberoff further objects to this request on the grounds that the terms "<u>RELATING</u>" and "<u>disclosure of a potential or actual conflict of interest by or to YOU or any DEFENDANT</u>" are vague and ambiguous, and lacks sufficient precision to allow him to formulate an appropriate response.  Toberoff further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope.  Toberoff further objects to this request as it seeks any privileged documents concerning any collective bargaining of any settlement by the Shusters and Siegels and because Plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement. Toberoff additionally objects to this request as it seeks communications or items protected by the attorney-client privilege, the joint-interest privilege, the attorney work product doctrine and to the extent it seeks the production of items protected by any other privilege or immunity available under law or arising from contractual obligation.

**Document Request No. 32**

All DOCUMENTS RELATING to any past, current, or planned partnership or strategic alliance between YOU and any individual or entity RELATING to any DEFENDANT.

**Response to Document Request No. 32**

Toberoff objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive, as it could be reasonably construed to request all documents related to this litigation, the *Siegel v. Warner Bros. Ent. Inc.* and *Siegel v. Time Warner Inc.* litigations, documents created and/or produced by Plaintiff, all documents relating to the exploitation of Superman and/or Superboy

DC COMICS' MOTION TO COMPEL

1  over the past 80 years and documents relating to wholly irrelevant business between

2  Toberoff and Defendants owned or controlled by Toberoff (e.g., IPW, LLC).

3  Toberoff objects to this request on the grounds that the phrase "<u>RELATING to any</u>

4  <u>past, current, or planned partnership or strategic alliance between YOU and any</u>

5  <u>individual or entity</u>" is vague and ambiguous, and lacks sufficient precision to

6  allow him to formulate an appropriate response.  Toberoff further objects to this

7  request on the grounds that it is indefinite as to time and not reasonably limited in

8  scope.  Toberoff objects to this request to the extent it seeks any privileged

9  documents concerning any collective bargaining of any settlement by the Shusters

10 and Siegels and because Plaintiff's use of such information violates the parties'

11 May 1, 2008 JAMS Confidentiality Agreement.  Toberoff additionally objects to

12 this request to the extent that it seeks communications or items protected by the

13 attorney-client privilege, the joint-interest privilege, the attorney work product

14 doctrine and any other privilege or immunity available under law or arising from

15 contractual obligation.  Subject to and without waiving the foregoing general and

16 specific objections, Toberoff is willing to meet and confer with Plaintiff regarding

17 the tailoring of this request.

18 **Document Request No. 33**

19    All DOCUMENTS RELATING to any past, current, or planned partnership

20 or strategic alliance between YOU and any individual or entity RELATING to any

21 intellectual property rights.

22 **Response to Document Request No. 33**

23    Toberoff objects to this request on the grounds that it is compound,

24 overbroad, burdensome and oppressive and seeks documents relating to wholly

25 irrelevant business between Toberoff and Defendants owned or controlled by

26 Toberoff (e.g., IPW, LLC).  Toberoff further objects to this request on the grounds

27 that the term "<u>RELATING</u>" is vague and ambiguous, and lacks sufficient precision

28 to allow him to formulate an appropriate response.  Toberoff further objects to this

DC COMICS' MOTION TO COMPEL

1    request on the grounds that it is indefinite as to time and not reasonably limited in

2    scope.  Toberoff further objects to this request on the basis that it seeks the

3    production of items not reasonably calculated to lead to the discovery of relevant

4    and admissible evidence.  Toberoff additionally objects to this request to the extent

5    that it seeks communications or items protected by the attorney-client privilege, the

6    joint-interest privilege, the attorney work product doctrine and any other privilege

7    or immunity available under law or arising from contractual obligation.

8    **Document Request No. 34**

9         All DOCUMENTS RELATING to the letter agreement dated November 23,

10    2001 that YOU signed with the SHUSTER HEIRS.

11    **Response to Document Request No. 34**

12         Toberoff further objects to this request on the grounds that it is compound,

13    duplicative, overbroad, burdensome and oppressive.  Toberoff objects to this

14    request on the grounds that the phrase "<u>RELATING</u>" is vague and ambiguous, and

15    lacks sufficient precision to allow him to formulate an appropriate response.

16    Toberoff further objects to this request on the grounds that it is indefinite as to time

17    and not reasonably limited in scope.  Toberoff further objects to this request to the

18    extent that it seeks the production of any item, or portion thereof, which is not

19    reasonably calculated to lead to the discovery of relevant and admissible evidence.

20    Toberoff additionally objects to this request to the extent that it seeks

21    communications or items protected by the attorney-client privilege, the joint interest

22    privilege, the attorney work product doctrine and any other privilege or immunity

23    available under law or arising from contractual obligation.  Subject to and without

24    waiving the foregoing general and specific objections, Toberoff will produce non-

25    privileged responsive documents, if any, consistent with his understanding of this

26    request.

27    **Document Request No. 35**

28         All DOCUMENTS RELATING to Ari Emanuel.

DC COMICS' MOTION TO COMPEL

**Response to Document Request No. 35**

 Toberoff objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive.  Toberoff objects to this request on the grounds that the term "<u>RELATING</u>" is vague and ambiguous, and lacks sufficient precision to allow him to formulate an appropriate response.  Toberoff further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope.  Toberoff further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence.  Toberoff additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing general and specific objections, Toberoff is willing to meet and confer with Plaintiff regarding the tailoring of this request.

**Document Request No. 36**

 All DOCUMENTS RELATING to any COMMUNICATIONS with Ari Emanuel.

**Response to Document Request No. 36**

 Toberoff objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive.  Toberoff objects to this request on the grounds that the term "<u>RELATING</u>" is vague and ambiguous, and lacks sufficient precision to allow him to formulate an appropriate response.  Toberoff further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope.  Toberoff further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence.  Toberoff additionally objects to this request to the extent that it seeks communications or

1   items protected by the attorney-client privilege, the joint interest privilege, the

2   attorney work product doctrine and any other privilege or immunity available under

3   law or arising from contractual obligation.  Subject to and without waiving the

4   foregoing general and specific objections, Toberoff is willing to meet and confer

5   with Plaintiff regarding the tailoring of this request.

6   **Document Request No. 37**

7         All DOCUMENTS RELATING to the Memorandum of Agreement dated

8   February 2, 2002 that YOU signed with Ari Emanuel.

9   **Response to Document Request No. 37**

10        Toberoff objects to this request on the grounds that it is compound,

11  duplicative, overbroad, burdensome and oppressive.  Toberoff objects to this

12  request on the grounds that it is compound, overbroad, burdensome and oppressive.

13  Toberoff further objects to this request on the grounds that the term "<u>RELATING</u>"

14  is vague and ambiguous, and lacks sufficient precision to allow him to formulate an

15  appropriate response.  Toberoff objects to this request to the extent that it seeks the

16  production of any item, or portion thereof, which is not reasonably calculated to

17  lead to the discovery of relevant and admissible evidence.  Toberoff additionally

18  objects to this request to the extent that it seeks communications or items protected

19  by the attorney-client privilege, the joint interest privilege, the attorney work

20  product doctrine and any other privilege or immunity available under law or arising

21  from contractual obligation.  Subject to and without waiving the foregoing general

22  and specific objections, Toberoff is willing to meet and confer with Plaintiff

23  regarding the tailoring of this request.

24  **Document Request No. 38**

25        All DOCUMENTS RELATING to any contributions by YOU to the IP

26  Worldwide joint venture dated February 2, 2002 between DEFENDANT Pacific

27  Pictures Corporation and Ari Emanuel.

28

- 59 -                         DC COMICS' MOTION TO COMPEL

**Response to Document Request No. 38**

Toberoff objects to this request on the grounds that it is compound, duplicative, overbroad, burdensome and oppressive. Toberoff further objects to this request on the grounds that the phrase "<u>RELATING to any contributions</u>" is vague and ambiguous, and lacks sufficient precision to allow him to formulate an appropriate response. Toberoff objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Toberoff additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing general and specific objections, Toberoff is willing to meet and confer with Plaintiff regarding the tailoring of this request.

**Document Request No. 39**

All DOCUMENTS RELATING to YOUR identification of "JS Claims" in Appendix 1 to the February 2, 2002 Memorandum of Agreement.

**Response to Document Request No. 39**

Toberoff objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive. Toberoff further objects to this request on the grounds that the terms "<u>RELATING</u>" and "<u>YOUR identification of JS Claims</u>" is vague and ambiguous, and lacks sufficient precision to allow him to formulate an appropriate response. Toberoff objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Toberoff further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Toberoff additionally objects to this request to the extent that

DC COMICS' MOTION TO COMPEL

1   it seeks communications or items protected by the attorney-client privilege, the

2   joint interest privilege, the attorney work product doctrine and any other privilege

3   or immunity available under law or arising from contractual obligation. Subject to

4   and without waiving the foregoing general and specific objections, Toberoff will

5   produce non-privileged responsive documents, if any, consistent with his

6   understanding of this request.

7   **Document Request No. 40**

8       All DOCUMENTS RELATING to the letter agreement dated October 27,

9   2003 that YOU signed with the SHUSTER HEIRS.

10   **Response to Document Request No. 40**

11      Toberoff objects to this request on the grounds that it is compound,

12   duplicative, overbroad, burdensome and oppressive, as it could be reasonably

13   construed to request all documents related to Superman.  Toberoff objects to this

14   request on the grounds that the phrase "RELATING" is vague and ambiguous, and

15   lacks sufficient precision to allow him to formulate an appropriate response.

16   Toberoff further objects to this request on the grounds that it is indefinite as to time

17   and not reasonably limited in scope.  Toberoff further objects to this request to the

18   extent that it seeks the production of any item, or portion thereof, which is not

19   reasonably calculated to lead to the discovery of relevant and admissible evidence.

20   Toberoff additionally objects to this request to the extent that it seeks

21   communications or items protected by the attorney-client privilege, the joint interest

22   privilege, the attorney work product doctrine and any other privilege or immunity

23   available under law or arising from contractual obligation. Subject to and without

24   waiving the foregoing general and specific objections, Toberoff is willing to meet

25   and confer with Plaintiff regarding the tailoring of this request.

26   **Document Request No. 41**

27      ALL DOCUMENTS RELATING to the letter dated September 10, 2004 that

28   YOU signed with the SHUSTER HEIRS.

DC COMICS' MOTION TO COMPEL

1  **Response to Document Request No. 41**

2          Toberoff objects to this request on the grounds that it is compound,

3  duplicative, overbroad, burdensome and oppressive, as it could be reasonably

4  construed to request all documents related to Superman.  Toberoff objects to this

5  request on the grounds that the phrase "<u>RELATING</u>" is vague and ambiguous, and

6  lacks sufficient precision to allow him to formulate an appropriate response.

7  Toberoff further objects to this request on the grounds that it is indefinite as to time

8  and not reasonably limited in scope.  Toberoff further objects to this request to the

9  extent that it seeks the production of any item, or portion thereof, which is not

10  reasonably calculated to lead to the discovery of relevant and admissible evidence.

11  Toberoff additionally objects to this request to the extent that it seeks

12  communications or items protected by the attorney-client privilege, the joint interest

13  privilege, the attorney work product doctrine and any other privilege or immunity

14  available under law or arising from contractual obligation.  Subject to and without

15  waiving the foregoing general and specific objections, Toberoff is willing to meet

16  and confer with Plaintiff regarding the tailoring of this request.

17  **Document Request No. 42**

18          All DOCUMENTS RELATING to any COMMUNICATION between YOU

19  and Kevin Marks.

20  **Response to Document Request No. 42**

21          Toberoff objects to this request on the grounds that it is compound,

22  duplicative, overbroad, burdensome and oppressive.  Toberoff objects to this

23  request on the grounds that the term "<u>RELATING</u>" is vague and ambiguous, and

24  lacks sufficient precision to allow him to formulate an appropriate response.

25  Toberoff further objects to this request on the grounds that it is indefinite as to time

26  and not reasonably limited in scope.  Toberoff further objects to this request to the

27  extent that it seeks the production of any item, or portion thereof, which is not

28  reasonably calculated to lead to the discovery of relevant and admissible evidence.

DC COMICS' MOTION TO COMPEL

1    Toberoff additionally objects to this request to the extent that it seeks

2    communications or items protected by the attorney-client privilege, the joint interest

3    privilege, the attorney work product doctrine and any other privilege or immunity

4    available under law or arising from contractual obligation.  Subject to and without

5    waiving the foregoing general and specific objections, Toberoff is willing to meet

6    and confer with Plaintiff regarding the tailoring of this request.

7    **Document Request No. 43**

8        All DOCUMENTS RELATING to any COMMUNICATION RELATING to

9    the "Declaration of Kevin S. Marks in Support of Toberoff defendants' Reply

10    Memorandum in Support of Motion to Strike Plaintiff's State Law Causes of

11    Action Pursuant to California's Anti-SLAPP Law (Cal. Code Civ. Proc. § 425.16)"

12    filed in the above-entitled action on October 4, 2010 (Docket No. 98-3), including

13    any and all drafts of that declaration and any and all DOCUMENTS reflecting the

14    contents of that declaration.

15    **Response to Document Request No. 43**

16        Toberoff objects to this request on the grounds that it is compound,

17    overbroad, burdensome and oppressive.  Toberoff objects to this request on the

18    grounds that the term "<u>RELATING</u>" is vague and ambiguous, and lacks sufficient

19    precision to allow him to formulate an appropriate response.  Toberoff further

20    objects to this request on the grounds that it is indefinite as to time and not

21    reasonably limited in scope.  Toberoff further objects to this request to the extent

22    that it seeks the production of any item, or portion thereof, which is not reasonably

23    calculated to lead to the discovery of relevant and admissible evidence.  Toberoff

24    additionally objects to this request to the extent that it seeks communications or

25    items protected by the attorney-client privilege, the joint interest privilege, the

26    attorney work product doctrine and any other privilege or immunity available under

27    law or arising from contractual obligation.  Subject to and without waiving the

28

DC COMICS' MOTION TO COMPEL

1    foregoing general and specific objections, Toberoff is willing to meet and confer

2    with Plaintiff regarding the tailoring of this request.

3    **Document Request No. 44**

4        All DOCUMENTS RELATING to the letter dated August 9, 2002 from

5    Kevin Marks to Joanne and/or Laura Siegel.

6    **Response to Document Request No. 44**

7        Toberoff objects to this request on the grounds that it is compound,

8    overbroad, burdensome and oppressive.  Toberoff objects to this request on the

9    grounds that the term "RELATING" is vague and ambiguous, and lacks sufficient

10    precision to allow him to formulate an appropriate response.  Toberoff further

11    objects to this request on the grounds that it is indefinite as to time and not

12    reasonably limited in scope.  Toberoff further objects to this request to the extent

13    that it seeks the production of any item, or portion thereof, which is not reasonably

14    calculated to lead to the discovery of relevant and admissible evidence.  Toberoff

15    additionally objects to this request to the extent that it seeks communications or

16    items protected by the attorney-client privilege, the joint interest privilege, the

17    attorney work product doctrine and any other privilege or immunity available under

18    law or arising from contractual obligation.  Subject to and without waiving the

19    foregoing general and specific objections, Toberoff is willing to meet and confer

20    with Plaintiff regarding the tailoring of this request.

21    **Document Request No. 45**

22        All DOCUMENTS RELATING to any COMMUNICATION between YOU

23    and Don Bulson RELATING to the rights in SUPERMAN and/or SUPERBOY.

24    **Response to Document Request No. 45**

25        Toberoff objects to this request on the grounds that it is compound,

26    duplicative, overbroad, burdensome and oppressive, as it could be reasonably

27    construed to request all documents relating to Superman and/or Superboy.

28    Toberoff objects to this request on the grounds that the terms "RELATING to any

DC COMICS' MOTION TO COMPEL

1  COMMUNICATIONS" and "RELATING to the rights" are vague and ambiguous,

2  and lack sufficient precision to allow him to formulate an appropriate response.

3  Toberoff further objects to this request on the grounds that it is indefinite as to time

4  and not reasonably limited in scope.  Toberoff further objects to this request to the

5  extent that it seeks the production of any item, or portion thereof, which is not

6  reasonably calculated to lead to the discovery of relevant and admissible evidence.

7  Toberoff additionally objects to this request to the extent that it seeks

8  communications or items protected by the attorney-client privilege, the joint interest

9  privilege, the attorney work product doctrine and any other privilege or immunity

10  available under law or arising from contractual obligation.

11  **Document Request No. 46**

12       All DOCUMENTS RELATING to any COMMUNICATION between YOU

13  and Michael Siegel RELATING to the rights in SUPERMAN and/or SUPERBOY.

14  **Response to Document Request No. 46**

15       Toberoff objects to this request on the grounds that it is compound,

16  duplicative, overbroad, burdensome and oppressive, as it could be reasonably

17  construed to request all documents relating to Superman and/or Superboy.

18  Toberoff objects to this request on the grounds that the term "RELATING" is vague

19  and ambiguous, and lacks sufficient precision to allow him to formulate an

20  appropriate response.  Toberoff further objects to this request on the grounds that it

21  is indefinite as to time and not reasonably limited in scope.  Toberoff further objects

22  to this request to the extent that it seeks the production of any item, or portion

23  thereof, which is not reasonably calculated to lead to the discovery of relevant and

24  admissible evidence.  Toberoff additionally objects to this request to the extent that

25  it seeks communications or items protected by the attorney-client privilege, the

26  joint interest privilege, the attorney work product doctrine and any other privilege

27  or immunity available under law or arising from contractual obligation.  Subject to

28

DC COMICS' MOTION TO COMPEL

1  and without waiving the foregoing general and specific objections, Toberoff is

2  willing to meet and confer with Plaintiff regarding the tailoring of this request.

3  **Document Request No. 48**

4      All DOCUMENTS RELATING to any COMMUNICATION between or

5  among Laura Siegel Larson and Michael Siegel.

6  **Response to Document Request No. 48**

7      Toberoff objects to this request on the grounds that it is compound,

8  duplicative, overbroad, burdensome and oppressive, as it could be reasonably

9  construed to request all documents relating to Superman and/or Superboy.

10  Toberoff objects to this request on the grounds that it is compound, overbroad,

11  burdensome and oppressive.  Toberoff objects to this request on the grounds that

12  the term "RELATING" is vague and ambiguous, and lacks sufficient precision to

13  allow him to formulate an appropriate response.  Toberoff further objects to this

14  request on the grounds that it is indefinite as to time, not reasonably limited in

15  scope, and to the extent that it seeks the production of any item, or portion thereof,

16  which is not reasonably calculated to lead to the discovery of relevant and

17  admissible evidence.  Toberoff further objects to this request to the extent that it

18  seeks communications or items protected by the attorney-client privilege, the joint

19  interest privilege, the attorney work product doctrine and any other privilege or

20  immunity available under law or arising from contractual obligation.  Subject to and

21  without waiving the foregoing general and specific objections, Toberoff is willing

22  to meet and confer with Plaintiff regarding the tailoring of this request.

23  **Document Request No. 52**

24      All DOCUMENTS RELATING to the letter agreement dated October 3,

25  2002 that YOU signed on behalf of DEFENDANT IP Worldwide, LLC, and any

26  revisions, modifications, or adjustments thereto.

27

28

DC COMICS' MOTION TO COMPEL

**Response to Document Request No. 52**

Toberoff objects to this request on the grounds that it is compound, duplicative, overbroad, burdensome and oppressive.  Toberoff objects to this request on the grounds that the term "RELATING" is vague and ambiguous, and lacks sufficient precision to allow him to formulate an appropriate response. Toberoff further objects to this request on the grounds that it is indefinite as to time, not reasonably limited in scope, and to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence.  Toberoff further objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing general and specific objections, Toberoff is willing to meet and confer with Plaintiff regarding the tailoring of this request.

**Document Request No. 53**

All DOCUMENTS RELATING to the Notice of Termination of Transfer Covering Extended Renewal Term:  Superboy served on behalf of the SIEGEL HEIRS on or around November 8, 2002.

**Response to Document Request No. 53**

Toberoff further objects to this request on the grounds that it is compound, duplicative, overbroad, burdensome and oppressive, as it could be reasonably construed to request all documents related to this litigation, the *Siegel v. Warner Bros. Ent. Inc.* and *Siegel v. Time Warner Inc.* litigations, documents created and/or produced by Plaintiff and all documents relating to the exploitation of Superman and/or Superboy over the past 80 years.  Toberoff further objects to this request on the grounds that the phrase "RELATING," used in the context of this request, is vague and ambiguous, and lacks sufficient precision to allow him to formulate an

DC COMICS' MOTION TO COMPEL

1  appropriate response. Toberoff further objects to this request on the grounds that it

2  is indefinite as to time, not reasonably limited in scope, and to the extent that it

3  seeks the production of any item, or portion thereof, which is not reasonably

4  calculated to lead to the discovery of relevant and admissible evidence. Toberoff

5  additionally objects to this request to the extent that it seeks communications or

6  items protected by the attorney-client privilege, the joint interest privilege, the

7  attorney work product doctrine and any other privilege or immunity available under

8  law or arising from contractual obligation. Subject to and without waiving the

9  foregoing general and specific objections, Toberoff is willing to meet and confer

10  with Plaintiff regarding the tailoring of this request.

11  **Document Request No. 54**

12      All DOCUMENTS RELATING to the Notice of Termination of Transfer

13  Covering Extended Copyright Renewal Term of "Superman" served on behalf of

14  the Estate of Joseph Shuster on November 10, 2003.

15  **Response to Document Request No. 54**

16      Toberoff further objects to this request on the grounds that it is compound,

17  duplicative, overbroad, burdensome and oppressive, as it could be reasonably

18  construed to request all documents related to this litigation, the *Siegel v. Warner*

19  *Bros. Ent. Inc.* and *Siegel v. Time Warner Inc.* litigations, documents created and/or

20  produced by Plaintiff and all documents relating to the exploitation of Superman

21  and/or Superboy over the past 80 years. Toberoff further objects to this request on

22  the grounds that the phrase "RELATING," used in the context of this request, is

23  vague and ambiguous, and lacks sufficient precision to allow him to formulate an

24  appropriate response. Toberoff further objects to this request on the grounds that it

25  is indefinite as to time, not reasonably limited in scope, and to the extent that it

26  seeks the production of any item, or portion thereof, which is not reasonably

27  calculated to lead to the discovery of relevant and admissible evidence. Toberoff

28  additionally objects to this request to the extent that it seeks communications or

DC COMICS' MOTION TO COMPEL

1   items protected by the attorney-client privilege, the joint interest privilege, the

2   attorney work product doctrine and any other privilege or immunity available under

3   law or arising from contractual obligation.  Subject to and without waiving the

4   foregoing general and specific objections, Toberoff is willing to meet and confer

5   with Plaintiff regarding the tailoring of this request.

6   **Document Request No. 55**

7         All DOCUMENTS RELATING to any COMMUNICATIONS you have

8   initiated with holders of putative copyright termination rights in connection with

9   your encouraging them to exercise such copyright termination right, whether or not

10  such right was ever exercised.

11  **Response to Document Request No. 55**

12        Toberoff objects to this request on the grounds that it is compound,

13  overbroad, burdensome and oppressive.  Toberoff objects to this request on the

14  grounds that the phrase "<u>RELATING to any COMMUNICATIONS you have</u>

15  <u>initiated with holders of putative copyright termination rights in connection with</u>

16  <u>your encouraging them to exercise such copyright termination right</u>" is vague and

17  ambiguous, and lacks sufficient precision to allow him to formulate an appropriate

18  response.  Toberoff further objects to this request on the grounds that it is indefinite

19  as to time and not reasonably limited in scope, and to the extent that it seeks the

20  production of any item, or portion thereof.  Toberoff further objects to this request

21  on the grounds that it is not reasonably calculated to lead to the discovery of

22  relevant and admissible evidence.  Toberoff further objects to this request in that it

23  seeks communications or items protected by the attorney-client privilege, and the

24  attorney work product doctrine.

25  **Document Request No. 56**

26        All DOCUMENTS RELATING to your role and ownership interest in

27  Pacific Pictures Corporation, including, articles of organization, operating

28

DC COMICS' MOTION TO COMPEL

1  agreements, minutes, capital tables or other DOCUMENTS evidencing capital

2  accounts or capital structure, filings, income statements, business plans, etc.

3  **Response to Document Request No. 56**

4      Toberoff objects to this request on the grounds that it is compound,

5  overbroad, burdensome and oppressive.  Toberoff objects to this request on the

6  grounds that the phrase "<u>RELATING to your role and ownership interest</u>" is vague

7  and ambiguous, and lacks sufficient precision to allow him to formulate an

8  appropriate response.  Toberoff further objects to this request on the grounds that it

9  is indefinite as to time and not reasonably limited in scope.  Toberoff further objects

10 to this request in that it seeks the production of items not reasonably calculated to

11 lead to the discovery of relevant and admissible evidence.  Toberoff objects to this

12 request to the extent that it seeks communications or items protected by the

13 attorney-client privilege, the joint interest privilege, the attorney work product

14 doctrine and any other privilege or immunity available under law or arising from

15 contractual obligation.  Subject to and without waiving the foregoing general and

16 specific objections, Toberoff is willing to meet and confer with Plaintiff regarding

17 the tailoring of this request.

18 **Document Request No. 57**

19     All DOCUMENTS RELATING to your role and ownership interest in IP

20 Worldwide LLC, including, articles of organization, operating agreements, minutes,

21 capital tables or other DOCUMENTS evidencing capital accounts or capital

22 structure, filings, income statements, business plans, etc.

23 **Response to Document Request No. 57**

24     Toberoff objects to this request on the grounds that it is compound,

25 overbroad, burdensome and oppressive.  Toberoff objects to this request on the

26 grounds that the phrase "<u>RELATING to your role and ownership interest</u>" is vague

27 and ambiguous, and lacks sufficient precision to allow him to formulate an

28 appropriate response.  Toberoff further objects to this request on the grounds that it

DC COMICS' MOTION TO COMPEL

1   is indefinite as to time and not reasonably limited in scope.  Toberoff further objects

2   to this request in that it seeks the production of items not reasonably calculated to

3   lead to the discovery of relevant and admissible evidence.  Toberoff objects to this

4   request to the extent that it seeks communications or items protected by the

5   attorney-client privilege, the joint interest privilege, the attorney work product

6   doctrine and any other privilege or immunity available under law or arising from

7   contractual obligation.  Subject to and without waiving the foregoing general and

8   specific objections, Toberoff is willing to meet and confer with Plaintiff regarding

9   the tailoring of this request.

10  **Document Request No. 58**

11      All DOCUMENTS RELATING to your role and ownership interest in IPW,

12  LLC, including, articles of organization, operating agreements, minutes, capital

13  tables or other DOCUMENTS evidencing capital accounts or capital structure,

14  filings, income statements, business plans, etc.

15  **Response to Document Request No. 58**

16      Toberoff objects to this request on the grounds that it is compound,

17  overbroad, burdensome and oppressive.  Toberoff objects to this request on the

18  grounds that the phrase "<u>RELATING to your role and ownership interest</u>" is vague

19  and ambiguous, and lacks sufficient precision to allow him to formulate an

20  appropriate response.  Toberoff further objects to this request on the grounds that it

21  is indefinite as to time and not reasonably limited in scope.  Toberoff further objects

22  to this request in that it seeks the production of items not reasonably calculated to

23  lead to the discovery of relevant and admissible evidence.  Toberoff objects to this

24  request to the extent that it seeks communications or items protected by the

25  attorney-client privilege, the joint interest privilege, the attorney work product

26  doctrine and any other privilege or immunity available under law or arising from

27  contractual obligation.  Subject to and without waiving the foregoing general and

28

DC COMICS' MOTION TO COMPEL

1  specific objections, Toberoff is willing to meet and confer with Plaintiff regarding

2  the tailoring of this request.

3  **Document Request No. 59**

4      ALL DOCUMENTS RELATING to any claim of insurance you have asserted

5  regarding this action.

6  **Response to Document Request No. 59**

7      Toberoff objects to this request on the grounds that it is compound,

8  overbroad, burdensome and oppressive.  Toberoff objects to this request on the

9  grounds that the term "RELATING" is vague and ambiguous, and lacks sufficient

10  precision to allow him to formulate an appropriate response.  Toberoff further

11  objects to this request on the grounds that it is indefinite as to time and not

12  reasonably limited in scope.  Toberoff further objects to this request to the extent

13  that it seeks the production of any item, or portion thereof, which is not reasonably

14  calculated to lead to the discovery of relevant and admissible evidence.  Toberoff

15  objects to this request to the extent that it seeks communications or items protected

16  by the attorney-client privilege, the joint interest privilege, the attorney work

17  product doctrine and any other privilege or immunity available under law or arising

18  from contractual obligation.  Subject to and without waiving the foregoing general

19  and specific objections, Toberoff will produce non-privileged responsive

20  documents, if any, consistent with his understanding of this request.

21  **Document Request No. 60**

22      All DOCUMENTS RELATING to YOUR DOCUMENT maintenance and

23  retention policies.

24  **Response to Document Request No. 60**

25      Toberoff objects to this request on the grounds that it is compound,

26  overbroad, burdensome and oppressive.  Toberoff objects to this request on the

27  grounds that the term "RELATING" is vague and ambiguous, and lacks sufficient

28  precision to allow him to formulate an appropriate response.  Toberoff further

DC COMICS' MOTION TO COMPEL

1  objects to this request on the grounds that it is indefinite as to time and not

2  reasonably limited in scope.  Toberoff further objects to this request to the extent

3  that it seeks the production of any item, or portion thereof, which is not reasonably

4  calculated to lead to the discovery of relevant and admissible evidence.  Toberoff

5  objects to this request to the extent that it seeks communications or items protected

6  by the attorney-client privilege, the joint interest privilege, the attorney work

7  product doctrine and any other privilege or immunity available under law or arising

8  from contractual obligation.  Subject to and without waiving the foregoing general

9  and specific objections, Toberoff will produce non-privileged responsive

10  documents, if any, consistent with his understanding of this request.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DC COMICS' MOTION TO COMPEL

**B.** **Pacific Pictures Corporation – Document Request Nos. 1-36 and General and Specific Objections**

### OBJECTIONS TO THE ENTIRE REQUEST

Pacific objects to the entire Request on each of the following grounds and incorporates by reference each of the following objections into its response to each individual category of documents within it:

1. Pacific objects to each individual request within the Request to the extent it is relevant only to the Fourth through Sixth state law claims for relief in DC's First Amended Complaint ("FAC"). Defendants contend that their pending anti-SLAPP motion stays discovery regarding these state law claims, as well as the related Third Claim for Relief. *See* Cal. Code Civ. Proc. § 425.16(g)*; Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 130 S. Ct. 1431, 1452 (2010) (Stevens, J., concurring); *Batzel v. Smith*, 333 F.3d 1018, 1024 (9th Cir. 2003); *Godin v. Schencks*, 2010 U.S. App. LEXIS 25980 (1st Cir. Dec. 22, 2010).

2. To the extent the Request and each document request therein seeks documents concerning any agreement between the Shusters and Siegels to act collectively in negotiations with DC regarding the settlement of their termination claims ("Collective Bargaining"), Pacific objects on the following grounds: Any documents that exist relating to Collective Bargaining contain and memorialize attorney-client privileged communications and attorney work product and reveal sensitive settlement strategy that would give DC an unfair advantage. Moreover, any Collective Bargaining documents were prepared in connection with settlement mediation in the closely related cases *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-CV-8400 ODW (RZx) and *Joanne Siegel, et al. v. Time Warner Inc., et al.*, Case No. 04-CV-8766 ODW (RZx) (collectively "*Siegel* Litigation") and the use of such information plainly violates the parties' May 1, 2008 JAMS Confidentiality Agreement. Moreover this disclosure is

DC COMICS' MOTION TO COMPEL

1    inconsistent with the policies of FRE 408 and California Evidence Code §§ 1119

2    *et seq.*, 1152.

3          3.     Pacific objects to the Request and each document request

4    therein to the extent that it seeks the production of any item, or portion thereof,

5    comprising or reflecting information transmitted and maintained in confidence

6    between Pacific or any person or entity acting on its behalf and for the purpose of

7    obtaining legal advice or representation, on the grounds that such information is

8    protected from disclosure by the attorney-client privilege and the joint-interest

9    privilege.  Such documents will not be produced in response to the request, and any

10   inadvertent production thereof shall not be deemed a waiver of any privilege or

11   doctrine with respect to such documents.  With respect to such documents, Pacific

12   hereby incorporates by reference the privilege logs served by the Defendants in this

13   action on December 15, 2010.

14         4.     Pacific objects to the Request and each document request

15   therein to the extent that it seeks the production of any item, or portion thereof,

16   comprising or reflecting information with any confidential impression, conclusion,

17   opinion, legal research, or legal theory of counsel for Pacific or any other person or

18   entity, on the grounds that such information is protected from disclosure by the

19   attorney work product doctrine.  Such documents will not be produced in response

20   to the request, and any inadvertent production thereof shall not be deemed a waiver

21   of any privilege or doctrine with respect to such documents.  With respect to such

22   documents, Pacific hereby incorporates by reference the privilege logs served by

23   the Defendants in this action on December 15, 2010.

24         5.     Pacific objects to the Request and each document request

25   therein to the extent that it seeks the production of any item, or portion thereof,

26   which is not reasonably calculated to lead to the discovery of relevant and

27   admissible evidence, on the grounds that it exceeds the permissible scope of

28   discovery delimited by Rule 26(b)(1) of the Federal Rules of Civil Procedure.

6.      Pacific objects to the Request and each document request therein to the extent that it seeks the production of any item, or portion thereof, comprising or reflecting any trade secret or other confidential or proprietary information of Pacific or any other entity or person.

7.      Pacific objects to the Request and each document request therein to the extent that it seeks the production of any item, or portion thereof, which is protected from disclosure by court order, or any privacy or similar rights of any person or entity.

8.      Pacific objects to the Request and each document request therein to the extent that it is unduly burdensome, overly broad, impose extreme hardship, is oppressive and harassing, or would result in the expenditure of unnecessary time and resources.

9.      Pacific objects to the Request and each document request therein to the extent that the expense of producing documents outweighs the likely benefit of discovery provided to Plaintiff.

10.     Pacific objects to the Request and each document request therein to the extent that it seeks the production of duplicative identical items, or documents or information already in Plaintiff's possession, or by reason of public filing, publication or otherwise are readily accessible to Plaintiff through other means.

11.     Pacific objects to the Request and each document request therein to the extent that it seeks the production of any item which has been served, filed, or transmitted in the course of this action, on the grounds that such production would be burdensome, oppressive, and unnecessary.

12.     Pacific objects to the Request and each document request therein to the extent that it seeks the production of any item which has already been produced, served, or filed in the course of the related actions *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-CV-8400 ODW (RZx) and

1    *Joanne Siegel, et al. v. Time Warner Inc., et al.*, Case No. 04-CV-8766 ODW (RZx)

2    (collectively "*Siegel* Litigation"), on the grounds that such production would be

3    duplicative, burdensome, oppressive, and unnecessary.

4         13.    In making any document production, Pacific will reference by

5    their Bates numbers documents already produced to DC in the *Siegel* Litigation,

6    rather than re-copy and reproduce such documents.  Pacific will not produce or

7    designate by Bates numbers documents Pacific obtained solely as a result of a

8    document production by the other side in the *Siegel* Litigation.

9         14.    Consistent with the agreement governing privilege logs negotiated by

10   the parties concerning plaintiff and other defendants, Pacific will not log privileged

11   communications or attorney work-product documents in either this case or the

12   *Siegel* Litigations, that (a) are internal communications by defendants' counsel at

13   the law firms of Toberoff & Associates, P.C. and Kendall Brill & Klieger, L.L.P.,

14   or (b) between Toberoff & Associates P.C and defendants' counsel at the law firm

15   of Kendall, Brill & Klieger LLP.  Logging such documents would constitute an

16   extraordinary interference by DC in the affairs of its opposing counsel in both this

17   action and the ongoing *Siegel* litigation.

18        15.    Pacific objects to the Request and each document request

19   therein to the extent that it seeks the production of any item or document that is not

20   the property of Pacific. Pacific will not produce any items or documents that are the

21   property of any other person or entity.

22        16.    Pacific objects to the Request and each document request

23   therein and to the definitions and instructions therein to the extent that they purport

24   to alter or extend Pacific's obligations beyond those established by the Federal

25   Rules of Civil Procedure, the Local Rules of the United States District Court for the

26   Central District of California, or any order or ruling by the Court in this action.

27        16.    Pacific objects generally to the definitions of the terms "<u>YOU</u>,"

28   "<u>YOUR</u>" and "<u>PACIFIC PICTURES</u>" as vague and ambiguous, overbroad and

DC COMICS' MOTION TO COMPEL

unduly burdensome, especially with respect to the definition's reference to "attorneys".  Pacific will construe these terms to refer to Pacific.

17.    Pacific objects generally to the definitions of the terms "<u>DEFENDANT</u>" and "<u>DEFENDANTS</u>" as vague and ambiguous, overbroad and unduly burdensome, especially with respect to the definition's reference to "attorneys". Pacific Pictures will construe these terms to refer only to the specific defendants in this action.

18.    Pacific objects generally to the definition of the term "<u>SHUSTER HEIRS</u>" as vague and ambiguous, overbroad and unduly burdensome, especially with respect to the definition's reference to "attorneys".  Solely for the purposes of these responses, and for no other purpose, Pacific will construe this term to refer only to the Estate of Joseph Shuster, Jean Peavy, Mark Warren Peary, Dawn Peavy and Frank Shuster.

19.    Pacific objects generally to the definition of the term "<u>SIEGEL HEIRS</u>" as vague and ambiguous, overbroad and unduly burdensome, especially with respect to the definition's reference to "attorneys".  Solely for the purposes of these responses, and for no other purpose, Pacific will construe this term to refer only to Joanne Siegel, Laura Siegel Larson, and Michael Siegel.

20.    Pacific reserves the right to revise, amend, supplement or clarify any of the objections set forth herein.

## **DOCUMENTS TO BE PRODUCED**
## **SPECIFIC RESPONSES TO INDIVIDUAL REQUESTS**

**<u>Document Request No. 1</u>**

All agreements between or among YOU and any DEFENDANT RELATING to the SIEGEL HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

**<u>Response to Document Request No. 1</u>**

Pacific objects to this request on the grounds that the phrase "the <u>SIEGEL HEIRS' purported rights in SUPERMAN and/or SUPERBOY</u>," is vague and

DC COMICS' MOTION TO COMPEL

1    ambiguous, and lacks sufficient precision to allow it to formulate an appropriate

2    response.  Pacific further objects to this request to the extent that it seeks

3    communications or items protected by the attorney-client privilege, the joint-

4    interest privilege, the attorney work product doctrine and any other privilege or

5    immunity available under law or arising from contractual obligation.  Subject to and

6    without waiving the foregoing general and specific objections, Pacific will produce

7    non-privileged responsive documents, if any, consistent with its understanding of

8    this request.

9    **Document Request No. 2**

10    All agreements between or among YOU and any DEFENDANT RELATING

11    to the SHUSTER HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

12    **Response to Document Request No. 2**

13    Pacific objects to this request on the grounds that the phrase "the SHUSTER

14    HEIRS' purported rights in SUPERMAN and/or SUPERBOY," is vague and

15    ambiguous, and lacks sufficient precision to allow it to formulate an appropriate

16    response.  Pacific further objects to this request to the extent that it seeks

17    communications or items protected by the attorney-client privilege, the joint-

18    interest privilege, the attorney work product doctrine and any other privilege or

19    immunity available under law or arising from contractual obligation.  Subject to and

20    without waiving the foregoing general and specific objections, Pacific will produce

21    non-privileged responsive documents, consistent with its understanding of this

22    request.

23    **Document Request No. 3**

24    All agreements between or among YOU and any third party RELATING to

25    the SIEGEL HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

26    **Response to Document Request No. 3**

27    Pacific objects to this request on the grounds that the phrase "RELATING,"

28    is vague and ambiguous, and lacks sufficient precision to allow it to formulate an

DC COMICS' MOTION TO COMPEL

1  appropriate response.  Pacific additionally objects to this request to the extent that it

2  seeks communications or items protected by the attorney-client privilege, the joint-

3  interest privilege, the attorney work product doctrine and any other privilege or

4  immunity available under law or arising from contractual obligation.  Subject to and

5  without waiving the foregoing general and specific objections, Pacific will produce

6  non-privileged responsive documents, if any, consistent with its understanding of

7  this request.

8  **Document Request No. 4**

9      All agreements between or among YOU and any third party RELATING to

10  the SHUSTER HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

11  **Response to Document Request No. 4**

12      Pacific objects to this request on the grounds that the phrase "<u>RELATING</u>,"

13  is vague and ambiguous, and lacks sufficient precision to allow it to formulate an

14  appropriate response.  Pacific additionally objects to this request to the extent that it

15  seeks communications or items protected by the attorney-client privilege, the joint-

16  interest privilege, the attorney work product doctrine and any other privilege or

17  immunity available under law or arising from contractual obligation.  Subject to and

18  without waiving the foregoing general and specific objections, Pacific will produce

19  non-privileged responsive documents, consistent with its understanding of this

20  request.

21  **Document Request No. 5**

22      All DOCUMENTS RELATING to SUPERMAN and/or SUPERBOY.

23  **Response to Document Request No. 5**

24      Pacific objects to this request on the grounds that it is compound, overbroad,

25  burdensome and oppressive.  Pacific further objects to this request on the grounds

26  that the phrase "<u>RELATING</u>," is vague and ambiguous, and lacks sufficient

27  precision to allow it to formulate an appropriate response.  Pacific further objects to

28  this request on the grounds that it is indefinite as to time, not reasonably limited in

DC COMICS' MOTION TO COMPEL

1   scope, and to the extent that it seeks the production of any item, or portion thereof,

2   which is not reasonably calculated to lead to the discovery of relevant and

3   admissible evidence.  Pacific additionally objects to this request to the extent that it

4   seeks communications or items protected by the attorney-client privilege, the joint-

5   interest privilege, the attorney work product doctrine and any other privilege or

6   immunity available under law or arising from contractual obligation.  Subject to and

7   without waiving the foregoing general and specific objections, Pacific is willing to

8   meet and confer with Plaintiff regarding the tailoring of this request.

9   **Document Request No. 6**

10      All DOCUMENTS RELATING to the SIEGEL HEIRS.

11  **Response to Document Request No. 6**

12      Pacific objects to this request on the grounds that it is compound, overbroad,

13  burdensome and oppressive.  Pacific further objects to this request on the grounds

14  that the phrase "<u>RELATING</u>," is vague and ambiguous, and lacks sufficient

15  precision to allow it to formulate an appropriate response.  Pacific further objects to

16  this request on the grounds that it is indefinite as to time, not reasonably limited in

17  scope, and to the extent that it seeks the production of any item, or portion thereof,

18  which is not reasonably calculated to lead to the discovery of relevant and

19  admissible evidence.  Pacific additionally objects to this request to the extent that it

20  seeks communications or items protected by the attorney-client privilege, the joint-

21  interest privilege, the attorney work product doctrine and any other privilege or

22  immunity available under law or arising from contractual obligation.  Subject to and

23  without waiving the foregoing general and specific objections, Pacific is willing to

24  meet and confer with Plaintiff regarding the tailoring of this request.

25  **Document Request No. 7**

26      All DOCUMENTS RELATING to the SHUSTER HEIRS.

27

28

DC COMICS' MOTION TO COMPEL

1    **Response to Document Request No. 7**

2         Pacific further objects to this request on the grounds that it is compound,

3    overbroad, burdensome and oppressive. Pacific further objects to this request on the

4    grounds that the phrase "RELATING," is vague and ambiguous, and lacks

5    sufficient precision to allow it to formulate an appropriate response.  Pacific further

6    objects to this request on the grounds that it is indefinite as to time, not reasonably

7    limited in scope, and to the extent that it seeks the production of any item, or

8    portion thereof, which is not reasonably calculated to lead to the discovery of

9    relevant and admissible evidence.  Pacific additionally objects to this request to the

10   extent that it seeks communications or items protected by the attorney-client

11   privilege, the joint-interest privilege, the attorney work product doctrine and any

12   other privilege or immunity available under law or arising from contractual

13   obligation.  Subject to and without waiving the foregoing general and specific

14   objections, Pacific is willing to meet and confer with Plaintiff regarding the

15   tailoring of this request.

16   **Document Request No. 8**

17        All DOCUMENTS RELATING to YOUR ability to negotiate or enter into

18   agreements regarding SUPERMAN and/or SUPERBOY.

19   **Response to Document Request No. 8**

20        Pacific objects to this request on the grounds that the term "RELATING to

21   YOUR ability to negotiate or enter into agreements" is vague and ambiguous, and

22   lacks sufficient precision to allow it to formulate an appropriate response.  Pacific

23   further objects to this request in that it assumes that IPWW has the ability to

24   negotiate or enter into agreements regarding SUPERMAN and/or SUPERBOY.

25   Pacific additionally objects to this request to the extent that it seeks

26   communications or items protected by the attorney-client privilege, the joint-

27   interest privilege, the attorney work product doctrine and any other privilege or

28   immunity available under law or arising from contractual obligation.  Subject to and

1    without waiving the foregoing general and specific objections, Pacific will produce

2    non-privileged responsive documents, if any, consistent with its understanding of

3    this request.

4    **Document Request No. 9**

5        All DOCUMENTS RELATING to or affecting the disposition, division, or

6    ownership of any rights in SUPERMAN and/or SUPERBOY.

7    **Response to Document Request No. 9**

8        Pacific objects to this request on the grounds that it is compound, overbroad,

9    burdensome and oppressive.  Pacific further objects to this request on the grounds

10   that the phrase "RELATING to or affecting" is vague and ambiguous, and lacks

11   sufficient precision to allow it to formulate an appropriate response.  Pacific further

12   objects to this request on the grounds that it is indefinite as to time and not

13   reasonably limited in scope.  Pacific additionally objects to this request to the extent

14   that it seeks communications or items protected by the attorney-client privilege, the

15   joint-interest privilege, the attorney work product doctrine and any other privilege

16   or immunity available under law or arising from contractual obligation.  Subject to

17   and without waiving the foregoing general and specific objections, Pacific will

18   produce non-privileged responsive documents, if any, consistent with its

19   understanding of this request.

20   **Document Request No. 10**

21       All DOCUMENTS RELATING to or affecting the division of revenue,

22   proceeds, or other profits regarding SUPERMAN and/or SUPERBOY.

23   **Response to Document Request No. 10**

24       Pacific objects to this request on the grounds that it is compound, overbroad,

25   burdensome and oppressive.  Pacific further objects to this request on the grounds

26   that the phrase "RELATING to or affecting" is vague and ambiguous, and lacks

27   sufficient precision to allow it to formulate an appropriate response.  Pacific further

28   objects to this request on the grounds that it is indefinite as to time and not

DC COMICS' MOTION TO COMPEL

1    reasonably limited in scope.  Pacific additionally objects to this request to the extent

2    that it seeks communications or items protected by the attorney-client privilege, the

3    joint-interest privilege, the attorney work product doctrine and any other privilege

4    or immunity available under law or arising from contractual obligation.  Subject to

5    and without waiving the foregoing general and specific objections, Pacific will

6    produce non-privileged responsive documents, if any, consistent with its

7    understanding of this request.

8    **Document Request No. 11**

9        All DOCUMENTS RELATING to or affecting the division of any settlement

10   proceeds regarding SUPERMAN and/or SUPERBOY.

11   **Response to Document Request No. 11**

12       Pacific objects to this request on the grounds that it is compound, duplicative,

13   overbroad, burdensome and oppressive.  Pacific further objects to this request on

14   the grounds that the phrase "RELATING to or affecting" is vague and ambiguous,

15   and lacks sufficient precision to allow it to formulate an appropriate response.

16   Pacific further objects to this request on the grounds that it is indefinite as to time

17   and not reasonably limited in scope.  Pacific additionally objects to this request to

18   the extent that it seeks communications or items protected by the attorney-client

19   privilege, the joint-interest privilege, the attorney work product doctrine and any

20   other privilege or immunity available under law or arising from contractual

21   obligation.  Subject to and without waiving the foregoing general and specific

22   objections, Pacific will produce non-privileged responsive documents, if any,

23   consistent with its understanding of this request.

24   **Document Request No. 12**

25       All DOCUMENTS RELATING to the potential sale, assignment, license, or

26   other disposition of any rights relating to SUPERMAN and/or SUPERBOY,

27   including but not limited to any solicitation, offer, option, or proposed agreement.

28

DC COMICS' MOTION TO COMPEL

**Response to Document Request No. 12**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15

Pacific objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive.  Pacific further objects to this request on the grounds that the term "RELATING" is vague and ambiguous, and lacks sufficient precision to allow it to formulate an appropriate response.  Pacific further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope.  Pacific further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence.  Pacific additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint-interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing general and specific objections, Pacific will produce non-privileged responsive documents, if any, consistent with its understanding of this request.

**Document Request No. 13**

All DOCUMENTS RELATING to any efforts YOU have made to sell, lease, license, or otherwise exploit any rights in SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 13**

Pacific objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive. Pacific further objects to this request on the grounds that the term "RELATING to any efforts" is vague and ambiguous, and lacks sufficient precision to allow it to formulate an appropriate response.  Pacific further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope.  Pacific further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence.  Pacific additionally objects to this request to the extent that it seeks communications or

DC COMICS' MOTION TO COMPEL

1  items protected by the attorney-client privilege, the joint-interest privilege, the

2  attorney work product doctrine and any other privilege or immunity available under

3  law or arising from contractual obligation.  Subject to and without waiving the

4  foregoing general and specific objections, Pacific will produce non-privileged

5  responsive documents, if any, consistent with its understanding of this request.

6  **Document Request No. 14**

7  All DOCUMENTS RELATING to any potential investors or other

8  PERSONS who have expressed interest in purchasing or otherwise investing in any

9  rights in SUPERMAN and/or SUPERBOY.

10  **Response to Document Request No. 14**

11  Pacific objects to this request on the grounds that it is compound, overbroad,

12  burdensome and oppressive.  Pacific further objects to this request on the grounds

13  that the term "RELATING to any potential investors or other PERSONS who have

14  expressed interest in purchasing or otherwise investing in any rights" is vague and

15  ambiguous, and lacks sufficient precision to allow it to formulate an appropriate

16  response.  Pacific further objects to this request on the grounds that it is indefinite

17  as to time and not reasonably limited in scope.  Pacific further objects to this

18  request to the extent that it seeks the production of any item, or portion thereof,

19  which is not reasonably calculated to lead to the discovery of relevant and

20  admissible evidence.  Pacific additionally objects to this request to the extent that it

21  seeks communications or items protected by the attorney-client privilege, the joint-

22  interest privilege, the attorney work product doctrine and any other privilege or

23  immunity available under law or arising from contractual obligation.  Subject to and

24  without waiving the foregoing general and specific objections, Pacific will produce

25  non-privileged responsive documents, if any, consistent with its understanding of

26  this request.

27

28

DC COMICS' MOTION TO COMPEL

**Document Request No. 15**

All DOCUMENTS RELATING to the valuation of any past, current, or potential ownership interest in SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 15**

Pacific objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive. Pacific further objects to this request on the grounds that the term "RELATING to the valuation of any past, current, or potential ownership interest" is vague and ambiguous, and lacks sufficient precision to allow it to formulate an appropriate response.  Pacific further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope.  Pacific further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence.  Pacific additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint-interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing general and specific objections, Pacific is willing to meet and confer with Plaintiff regarding the tailoring of this request.

**Document Request No. 16**

All DOCUMENTS RELATING to the valuation of any past, current, or potential ownership interest in SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 16**

Pacific objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive.  Pacific further objects to this request on the grounds that the term "RELATING to the valuation of any past, current, or potential ownership interest" is vague and ambiguous, and lacks sufficient precision to allow it to formulate an appropriate response.  Pacific further objects to this request on the

DC COMICS' MOTION TO COMPEL

grounds that it is indefinite as to time and not reasonably limited in scope. Pacific further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Pacific additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint-interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing general and specific objections, Pacific is willing to meet and confer with Plaintiff regarding the tailoring of this request.

**Document Request No. 17**

All COMMUNICATIONS RELATING to any disclosure of a potential or actual conflict of interest by or to YOU or any DEFENDANT.

**Response to Document Request No. 17**

Pacific objects to this request in that it seeks the production of items not reasonably calculated to lead to the discovery of relevant and admissible evidence. Pacific further objects to this request on the grounds that it is compound, duplicative, overbroad, burdensome and oppressive. Pacific further objects to this request on the grounds that the terms "RELATING" and "disclosure of a potential or actual conflict of interest by or to YOU or any DEFENDANT" are vague and ambiguous, and lacks sufficient precision to allow it to formulate an appropriate response. Pacific further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Pacific additionally objects to this request as it seeks communications or items protected by the attorney-client privilege, the joint-interest privilege, the attorney work product doctrine and to the extent it seeks the production of items protected by any other privilege or immunity available under law or arising from contractual obligation.

DC COMICS' MOTION TO COMPEL

**Document Request No. 18**

All DOCUMENTS RELATING to YOUR introduction to and involvement with the SIEGEL HEIRS.

**Response to Document Request No. 18**

Pacific further objects to this request on the grounds that it is compound, duplicative, overbroad, burdensome and oppressive. Pacific objects to this request on the grounds that the terms "RELATING" and "involvement with" are vague and ambiguous, and lack sufficient precision to allow it to formulate an appropriate response. Pacific further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Pacific additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint-interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing general and specific objections, Pacific has no responsive documents to this request.

**Document Request No. 19**

All DOCUMENTS RELATING to YOUR introduction to and involvement with the SHUSTER HEIRS.

**Response to Document Request No. 19**

Pacific objects to this request on the grounds that it is compound, duplicative, overbroad, burdensome and oppressive. Pacific objects to this request on the grounds that the terms "RELATING" and "involvement with" are vague and ambiguous, and lack sufficient precision to allow it to formulate an appropriate response. Pacific further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Pacific additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint-interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from

DC COMICS' MOTION TO COMPEL

1  contractual obligation.  Subject to and without waiving the foregoing general and

2  specific objections, Pacific is willing to meet and confer with Plaintiff regarding the

3  tailoring of this request.

4  **Document Request No. 20**

5  　　　All DOCUMENTS RELATING to the letter agreement dated November 23,

6  2001 that YOU entered into with the SHUSTER HEIRS.

7  **Response to Document Request No. 20**

8  　　　Pacific further objects to this request on the grounds that it is compound,

9  duplicative, overbroad, burdensome and oppressive.  Pacific objects to this request

10  on the grounds that the phrase "RELATING" is vague and ambiguous, and lacks

11  sufficient precision to allow it to formulate an appropriate response.  Pacific further

12  objects to this request on the grounds that it is indefinite as to time and not

13  reasonably limited in scope.  Pacific further objects to this request to the extent that

14  it seeks the production of any item, or portion thereof, which is not reasonably

15  calculated to lead to the discovery of relevant and admissible evidence.  Pacific

16  additionally objects to this request to the extent that it seeks communications or

17  items protected by the attorney-client privilege, the joint interest privilege, the

18  attorney work product doctrine and any other privilege or immunity available under

19  law or arising from contractual obligation.  Subject to and without waiving the

20  foregoing general and specific objections, Pacific will produce non-privileged

21  responsive documents, if any, consistent with his understanding of this request.

22  **Document Request No. 21**

23  　　　All DOCUMENTS RELATING to Ari Emanuel.

24  **Response to Document Request No. 21**

25  　　　Pacific objects to this request on the grounds that it is compound, overbroad,

26  burdensome and oppressive.  Pacific objects to this request on the grounds that the

27  term "RELATING" is vague and ambiguous, and lacks sufficient precision to allow

28  it to formulate an appropriate response.  Pacific further objects to this request on the

1   grounds that it is indefinite as to time and not reasonably limited in scope. Pacific

2   further objects to this request to the extent that it seeks the production of any item,

3   or portion thereof, which is not reasonably calculated to lead to the discovery of

4   relevant and admissible evidence. Pacific additionally objects to this request to the

5   extent that it seeks communications or items protected by the attorney-client

6   privilege, the joint interest privilege, the attorney work product doctrine and any

7   other privilege or immunity available under law or arising from contractual

8   obligation.

9   **Document Request No. 22**

10   All DOCUMENTS RELATING to any COMMUNICATIONS with Ari

11   Emanuel.

12   **Response to Document Request No. 22**

13   Pacific objects to this request on the grounds that it is compound, overbroad,

14   burdensome and oppressive. Pacific objects to this request on the grounds that the

15   term "RELATING" is vague and ambiguous, and lacks sufficient precision to allow

16   it to formulate an appropriate response. Pacific further objects to this request on the

17   grounds that it is indefinite as to time and not reasonably limited in scope. Pacific

18   further objects to this request to the extent that it seeks the production of any item,

19   or portion thereof, which is not reasonably calculated to lead to the discovery of

20   relevant and admissible evidence. Pacific additionally objects to this request to the

21   extent that it seeks communications or items protected by the attorney-client

22   privilege, the joint interest privilege, the attorney work product doctrine and any

23   other privilege or immunity available under law or arising from contractual

24   obligation.

25   **Document Request No. 23**

26   All DOCUMENTS RELATING to YOUR past and current ownership and

27   management structure, including operating agreements, by-laws, capitalization

28   schedules, capital accounts, shares, filings, and other financial forms.

DC COMICS' MOTION TO COMPEL

**Response to Document Request No. 23**

Pacific objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive.  Pacific objects to this request on the grounds that the phrases "RELATING" and "RELATING to your past and current ownership" are vague and ambiguous, and lacks sufficient precision to allow it to formulate an appropriate response.  Pacific further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope.  Pacific further objects to this request in that it seeks the production of items not reasonably calculated to lead to the discovery of relevant and admissible evidence.  Pacific objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing general and specific objections, Pacific is willing to meet and confer with Plaintiff regarding the tailoring of this request.

**Document Request No. 24**

All DOCUMENTS RELATING to the Memorandum of Agreement dated February 2, 2002 that YOU entered into with Ari Emanuel.

**Response to Document Request No. 24**

Pacific objects to this request on the grounds that it is compound, duplicative, overbroad, burdensome and oppressive.  Pacific further objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive.  Pacific further objects to this request on the grounds that the term "RELATING" is vague and ambiguous, and lacks sufficient precision to allow it to formulate an appropriate response.  Pacific objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence.  Pacific additionally objects to this request to the extent that it seeks communications or items protected

DC COMICS' MOTION TO COMPEL

1   by the attorney-client privilege, the joint interest privilege, the attorney work

2   product doctrine and any other privilege or immunity available under law or arising

3   from contractual obligation.  Subject to and without waiving the foregoing general

4   and specific objections, Pacific is willing to meet and confer with Plaintiff

5   regarding the tailoring of this request.

6   **Document Request No. 25**

7        ALL DOCUMENTS RELATING to any contributions by YOU to the IP

8   Worldwide joint venture.

9   **Response to Document Request No. 25**

10       Pacific objects to this request on the grounds that it is compound, duplicative,

11  overbroad, burdensome and oppressive.  Pacific further objects to this request on

12  the grounds that the phrases "<u>RELATING</u>" and "<u>RELATING to any contributions</u>

13  <u>by YOU to the IP Worldwide joint venture</u>" are vague and ambiguous, and lacks

14  sufficient precision to allow it to formulate an appropriate response.  Pacific objects

15  to this request to the extent that it seeks the production of any item, or portion

16  thereof, which is not reasonably calculated to lead to the discovery of relevant and

17  admissible evidence.  Pacific additionally objects to this request to the extent that it

18  seeks communications or items protected by the attorney-client privilege, the joint

19  interest privilege, the attorney work product doctrine and any other privilege or

20  immunity available under law or arising from contractual obligation.  Subject to and

21  without waiving the foregoing general and specific objections, Pacific is willing to

22  meet and confer with Plaintiff regarding the tailoring of this request.

23  **Document Request No. 26**

24       All DOCUMENTS RELATING to YOUR identification of "JS Claims" in

25  Appendix 1 to the February 2, 2002 Memorandum of Agreement.

26  **Response to Document Request No. 26**

27       Pacific objects to this request on the grounds that it is compound, overbroad,

28  burdensome and oppressive.  Pacific further objects to this request on the grounds

DC COMICS' MOTION TO COMPEL

that the phrases "RELATING" and "RELATING to YOUR identification of JS Claims" are vague and ambiguous, and lack sufficient precision to allow it to formulate an appropriate response.  Pacific objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence.  Pacific further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence.  Pacific additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing general and specific objections, Pacific will produce non-privileged responsive documents, if any, consistent with his understanding of this request.

**Document Request No. 27**

All DOCUMENTS RELATING to the letter agreement dated October 27, 2003 that YOU entered into with the SHUSTER HEIRS.

**Response to Document Request No. 27**

Pacific objects to this request on the grounds that it is compound, duplicative, overbroad, burdensome and oppressive, as it could be reasonably construed to request all documents related to Superman.  Pacific objects to this request on the grounds that the phrase "RELATING" is vague and ambiguous, and lacks sufficient precision to allow it to formulate an appropriate response.  Pacific further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Pacific further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence.  Pacific additionally objects to this request to the extent that it seeks communications or items protected

DC COMICS' MOTION TO COMPEL

1   by the attorney-client privilege, the joint interest privilege, the attorney work

2   product doctrine and any other privilege or immunity available under law or arising

3   from contractual obligation.  Subject to and without waiving the foregoing general

4   and specific objections, Pacific is willing to meet and confer with Plaintiff

5   regarding the tailoring of this request.

6   **Document Request No. 28**

7       ALL DOCUMENTS RELATING to the letter dated September 10, 2004 that

8   YOU signed with the SHUSTER HEIRS.

9   **Response to Document Request No. 28**

10      Pacific objects to this request on the grounds that it is compound, duplicative,

11  overbroad, burdensome and oppressive, as it could be reasonably construed to

12  request all documents related to Superman.  Pacific objects to this request on the

13  grounds that the phrase "<u>RELATING</u>" is vague and ambiguous, and lacks sufficient

14  precision to allow it to formulate an appropriate response.  Pacific further objects to

15  this request on the grounds that it is indefinite as to time and not reasonably limited

16  in scope.  Pacific further objects to this request to the extent that it seeks the

17  production of any item, or portion thereof, which is not reasonably calculated to

18  lead to the discovery of relevant and admissible evidence.  Pacific additionally

19  objects to this request to the extent that it seeks communications or items protected

20  by the attorney-client privilege, the joint interest privilege, the attorney work

21  product doctrine and any other privilege or immunity available under law or arising

22  from contractual obligation.  Subject to and without waiving the foregoing general

23  and specific objections, Pacific is willing to meet and confer with Plaintiff

24  regarding the tailoring of this request.

25  **Document Request No. 29**

26      All DOCUMENTS RELATING to the formation of PACIFIC PICTURES.

27

28

DC COMICS' MOTION TO COMPEL

1   **Response to Document Request No. 29**

2        Pacific objects to this request on the grounds that it is compound, overbroad,

3   burdensome and oppressive.  Pacific objects to this request on the grounds that the

4   phrases "RELATING" and "RELATING to the formation" are vague and

5   ambiguous, and lack sufficient precision to allow it to formulate an appropriate

6   response.  Pacific further objects to this request on the grounds that it is indefinite

7   as to time and not reasonably limited in scope.  Pacific further objects to this

8   request in that it seeks the production of items not reasonably calculated to lead to

9   the discovery of relevant and admissible evidence.  Pacific objects to this request to

10  the extent that it seeks communications or items protected by the attorney-client

11  privilege, the joint interest privilege, the attorney work product doctrine and any

12  other privilege or immunity available under law or arising from contractual

13  obligation.  Subject to and without waiving the foregoing general and specific

14  objections, Pacific is willing to meet and confer with Plaintiff regarding the

15  tailoring of this request.

16  **Document Request No. 30**

17       All DOCUMENTS RELATING to the current corporate status of PACIFIC

18  PICTURES.

19  **Response to Document Request No. 30**

20       Pacific objects to this request on the grounds that it is compound, overbroad,

21  burdensome and oppressive.  Pacific objects to this request on the grounds that the

22  phrases "RELATING" and "RELATING to the current corporate status" are vague

23  and ambiguous, and lacks sufficient precision to allow it to formulate an

24  appropriate response.  Pacific further objects to this request on the grounds that it is

25  indefinite as to time and not reasonably limited in scope.  Pacific further objects to

26  this request in that it seeks the production of items not reasonably calculated to lead

27  to the discovery of relevant and admissible evidence.  Pacific objects to this request

28  to the extent that it seeks communications or items protected by the attorney-client

1    privilege, the joint interest privilege, the attorney work product doctrine and any

2    other privilege or immunity available under law or arising from contractual

3    obligation.  Subject to and without waiving the foregoing general and specific

4    objections, Pacific is willing to meet and confer with Plaintiff regarding the

5    tailoring of this request.

6    **Document Request No. 31**

7        All DOCUMENTS RELATING to any past, current, or planned business

8    activity of PACIFIC PICTURES.

9    **Response to Document Request No. 31**

10       Pacific objects to this request on the grounds that it is compound, overbroad,

11   burdensome and oppressive, as it requests documents "RELATING" to any activity

12   Pacific has ever undertaken.  Pacific further objects to this request on the grounds

13   that the term "<u>RELATING</u>" is vague and ambiguous, and lacks sufficient precision

14   to allow it to formulate an appropriate response.  Pacific further objects to this

15   request on the grounds that it is indefinite as to time and not reasonably limited in

16   scope.  Pacific further objects to this request to the extent that it seeks the

17   production of any item, or portion thereof, which is not reasonably calculated to

18   lead to the discovery of relevant and admissible evidence.  Pacific additionally

19   objects to this request to the extent that it seeks communications or items protected

20   by the attorney-client privilege, the joint interest privilege, the attorney work

21   product doctrine and any other privilege or immunity available under law or arising

22   from contractual obligation.

23   **Document Request No. 32**

24       All DOCUMENTS RELATING to any past, current, or planned property in

25   which PACIFIC PICTURES held, holds, or will hold an interest.

26   **Response to Document Request No. 32**

27       Pacific objects to this request on the grounds that it is compound, overbroad,

28   burdensome and oppressive, since it requests documents "RELATING" to any

DC COMICS' MOTION TO COMPEL

1   property Pacific has ever owned or may own in the future.  Pacific further objects to

2   this request on the grounds that the term "<u>RELATING</u>" is vague and ambiguous,

3   and lacks sufficient precision to allow it to formulate an appropriate response.

4   Pacific further objects to this request on the grounds that it is indefinite as to time

5   and not reasonably limited in scope.  Pacific further objects to this request to the

6   extent that it seeks the production of any item, or portion thereof, which is not

7   reasonably calculated to lead to the discovery of relevant and admissible evidence.

8   Pacific additionally objects to this request to the extent that it seeks

9   communications or items protected by the attorney-client privilege, the joint interest

10  privilege, the attorney work product doctrine and any other privilege or immunity

11  available under law or arising from contractual obligation.

12  **Document Request No. 33**

13      All DOCUMENTS RELATING to any individual or entity that currently

14  holds property or interests formerly held by PACIFIC PICTURES.

15  **Response to Document Request No. 33**

16      Pacific objects to this request on the grounds that it is compound, overbroad,

17  burdensome and oppressive.  Pacific further objects to this request on the grounds

18  that the phrases "<u>RELATING</u>" and "<u>RELATING to any individual or entity</u>

19  <u>currently holds property or interests formerly held by PACIFIC PICTURES</u>" are

20  vague and ambiguous, and lacks sufficient precision to allow it to formulate an

21  appropriate response.  Pacific further objects to this request on the grounds that it is

22  indefinite as to time and not reasonably limited in scope.  Pacific further objects to

23  this request to the extent that it seeks the production of any item, or portion thereof,

24  which is not reasonably calculated to lead to the discovery of relevant and

25  admissible evidence.  Pacific additionally objects to this request to the extent that it

26  seeks communications or items protected by the attorney-client privilege, the joint-

27  interest privilege, the attorney work product doctrine and any other privilege or

28  immunity available under law or arising from contractual obligation.  Subject to and

DC COMICS' MOTION TO COMPEL

1   without waiving the foregoing general and specific objections, Pacific is willing to

2   meet and confer with Plaintiff regarding the tailoring of this request.

3   **Document Request No. 34**

4       All DOCUMENTS RELATING to any past, current, or planned client of

5   PACIFIC PICTURES.

6   **Response to Document Request No. 34**

7       Pacific objects to this request on the grounds that it is compound, overbroad,

8   burdensome and oppressive, since it requests documents "RELATING" to any

9   client Pacific has ever had.  Pacific objects to this request on the grounds that the

10  term "RELATING" is vague and ambiguous, and lacks sufficient precision to allow

11  it to formulate an appropriate response.  Pacific further objects to this request on the

12  grounds that it is indefinite as to time and not reasonably limited in scope.  Pacific

13  further objects to this request to the extent that it seeks the production of any item,

14  or portion thereof, which is not reasonably calculated to lead to the discovery of

15  relevant and admissible evidence.  Pacific additionally objects to this request to the

16  extent that it seeks communications or items protected by the attorney-client

17  privilege, the attorney work product doctrine and any other privilege or immunity

18  available under law or arising from contractual obligation.

19  **Document Request No. 35**

20      All DOCUMENTS RELATING to any past or current member, employee, or

21  shareholder of PACIFIC PICTURES.

22  **Response to Document Request No. 35**

23      Pacific objects to this request on the grounds that it is compound, overbroad,

24  burdensome and oppressive in that it requests any and all documents RELATING

25  to any past or current member, employee, or shareholder of Pacific.  Pacific further

26  objects to this request on the grounds that the term "RELATING" is vague and

27  ambiguous, and lacks sufficient precision to allow it to formulate an appropriate

28  response.  Pacific further objects to this request on the grounds that it is indefinite

DC COMICS' MOTION TO COMPEL

1  as to time and not reasonably limited in scope.  Pacific further objects to this

2  request to the extent that it seeks the production of any item, or portion thereof,

3  which is not reasonably calculated to lead to the discovery of relevant and

4  admissible evidence.  Pacific additionally objects to this request to the extent that it

5  seeks communications or items protected by the attorney-client privilege, the

6  attorney work product doctrine and any other privilege or immunity available under

7  law or arising from contractual obligation.

8  **Document Request No. 36**

9       All DOCUMENTS RELATING to any past, current, or planned partnership

10  or strategic alliance between PACIFIC PICTURES and any individual or entity.

11  **Response to Document Request No. 36**

12       Pacific objects to this request on the grounds that it is compound, overbroad,

13  burdensome and oppressive, as it could be reasonably construed to request all

14  documents RELATING to any business conducted by Pacific.  Pacific further

15  objects to this request on the grounds that the phrases "<u>RELATING</u>" or

16  "<u>RELATING to any past, current, or planned partnership or strategic alliance</u>" are

17  vague and ambiguous, and lacks sufficient precision to allow it to formulate an

18  appropriate response.  Pacific further objects to this request on the grounds that it is

19  indefinite as to time and not reasonably limited in scope.  Pacific additionally

20  objects to this request to the extent that it seeks communications or items protected

21  by the attorney-client privilege, the joint-interest privilege, the attorney work

22  product doctrine and any other privilege or immunity available under law or arising

23  from contractual obligation.

24

25

26

27

28

DC COMICS' MOTION TO COMPEL

**C.**    **IP Worldwide, LLC – Document Request Nos. 1-8, 10-18, 20-37 and General and Specific Objections**

**OBJECTIONS TO THE ENTIRE REQUEST**

IPWW objects to the entire Request on each of the following grounds and incorporates by reference each of the following objections into its response to each individual category of documents within it:

1.    IPWW objects to each individual request within the Request to the extent it is relevant only to the Fourth through Sixth state law claims for relief in DC's First Amended Complaint ("FAC"). Defendants contend that their pending anti-SLAPP motion stays discovery regarding these state law claims, as well as the related Third Claim for Relief. *See* Cal. Code Civ. Proc. § 425.16(g); *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 130 S. Ct. 1431, 1452 (2010) (Stevens, J., concurring); *Batzel v. Smith*, 333 F.3d 1018, 1024 (9th Cir. 2003); *Godin v. Schencks*, 2010 U.S. App. LEXIS 25980 (1st Cir. Dec. 22, 2010).

2.    To the extent the Request and each document request therein seeks documents concerning any agreement between the Shusters and Siegels to act collectively in negotiations with DC regarding the settlement of their termination claims ("Collective Bargaining"), IPWW objects on the following grounds: Any documents that exist relating to Collective Bargaining contain and memorialize attorney-client privileged communications and attorney work product and reveal sensitive settlement strategy that would give DC an unfair advantage. Moreover, any Collective Bargaining documents were prepared in connection with settlement mediation in the closely related cases *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-CV-8400 ODW (RZx) and *Joanne Siegel, et al. v. Time Warner Inc., et al.*, Case No. 04-CV-8766 ODW (RZx) (collectively "*Siegel* Litigation") and the use of such information plainly violates the parties' May 1, 2008 JAMS Confidentiality Agreement.  Moreover this disclosure is

DC COMICS' MOTION TO COMPEL

1  inconsistent with the policies of FRE 408 and California Evidence Code §§ 1119 *et*

2  *seq.*, 1152.

3         3.    IPWW objects to the Request and each document request therein to the

4  extent that it seeks the production of any item, or portion thereof, comprising or

5  reflecting information transmitted and maintained in confidence between IPWW or

6  any person or entity acting on its behalf and for the purpose of obtaining legal

7  advice or representation, on the grounds that such information is protected from

8  disclosure by the attorney-client privilege and the joint-interest privilege.  Such

9  documents will not be produced in response to the request, and any inadvertent

10  production thereof shall not be deemed a waiver of any privilege or doctrine with

11  respect to such documents.  With respect to such documents, IPWW hereby

12  incorporates by reference the privilege logs served by the Defendants in this action

13  on December 15, 2010.

14         4.    IPWW objects to the Request and each document request therein to the

15  extent that it seeks the production of any item, or portion thereof, comprising or

16  reflecting information with any confidential impression, conclusion, opinion, legal

17  research, or legal theory of counsel for IPWW or any other person or entity, on the

18  grounds that such information is protected from disclosure by the attorney work

19  product doctrine.  Such documents will not be produced in response to the request,

20  and any inadvertent production thereof shall not be deemed a waiver of any

21  privilege or doctrine with respect to such documents.  With respect to such

22  documents, IPWW hereby incorporates by reference the privilege logs served by

23  the Defendants in this action on December 15, 2010.

24         5.    IPWW objects to the Request and each document request therein to the

25  extent that it seeks the production of any item, or portion thereof, which is not

26  reasonably calculated to lead to the discovery of relevant and admissible evidence,

27  on the grounds that it exceeds the permissible scope of discovery delimited by Rule

28  26(b)(1) of the Federal Rules of Civil Procedure.

DC COMICS' MOTION TO COMPEL

6.     IPWW objects to the Request and each document request therein to the extent that it seeks the production of any item, or portion thereof, comprising or reflecting any trade secret or other confidential or proprietary information of IPWW or any other entity or person.

7.     IPWW objects to the Request and each document request therein to the extent that it seeks the production of any item, or portion thereof, which is protected from disclosure by court order, or any privacy or similar rights of any person or entity.

8.     IPWW objects to the Request and each document request therein to the extent that it is unduly burdensome, overly broad, impose extreme hardship, is oppressive and harassing, or would result in the expenditure of unnecessary time and resources.

9.     IPWW objects to the Request and each document request therein to the extent that the expense of producing documents outweighs the likely benefit of discovery provided to Plaintiff.

10.    IPWW objects to the Request and each document request therein to the extent that it seeks the production of duplicative identical items, or documents or information already in Plaintiff's possession, or by reason of public filing, publication or otherwise are readily accessible to Plaintiff through other means.

11.    IPWW objects to the Request and each document request therein to the extent that it seeks the production of any item which has been served, filed, or transmitted in the course of this action, on the grounds that such production would be burdensome, oppressive, and unnecessary.

12.    IPWW objects to the Request and each document request therein to the extent that it seeks the production of any item which has already been produced, served, or filed in the course of the related actions *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-CV-8400 ODW (RZx) and *Joanne Siegel, et al. v. Time Warner Inc., et al.*, Case No. 04-CV-8766 ODW (RZx)

DC COMICS' MOTION TO COMPEL

(collectively "*Siegel* Litigation"), on the grounds that such production would be duplicative, burdensome, oppressive, and unnecessary.

13. In making any document production, IPWW will reference by their Bates numbers documents already produced to DC in the *Siegel* Litigation, rather than re-copy and reproduce such documents. IPWW will not produce or designate by Bates numbers documents IPWW obtained solely as a result of a document production by the other side in the *Siegel* Litigation.

14. Consistent with the agreement governing privilege logs negotiated by the parties concerning plaintiff and other defendants, IPWW will not log privileged communications or attorney work-product documents in either this case or the *Siegel* Litigations, that (a) are internal communications by defendants' counsel at the law firms of Toberoff & Associates, P.C. and Kendall Brill & Klieger, L.L.P., or (b) between Toberoff & Associates P.C and defendants' counsel at the law firm of Kendall, Brill & Klieger LLP. Logging such documents would constitute an extraordinary interference by DC in the affairs of its opposing counsel in both this action and the ongoing *Siegel* litigation.

15. IPWW objects to the Request and each document request therein to the extent that it seeks the production of any item or document that is not the property of IPWW. IPWW will not produce any items or documents that are the property of any other person or entity.

16. IPWW objects to the Request and each document request therein and to the definitions and instructions therein to the extent that they purport to alter or extend IPWW's obligations beyond those established by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Central District of California, or any order or ruling by the Court in this action.

17. IPWW objects generally to the definitions of the terms "YOU," "YOUR" and "IP WORLDWIDE" as vague and ambiguous, overbroad and unduly

DC COMICS' MOTION TO COMPEL

1    burdensome, especially with the respect to the definition's reference to "attorneys".

2    IP Worldwide will construe these terms to refer to IP Worldwide.

3        18.  IPWW objects generally to the definitions of the terms "<u>DEFENDANT</u>"

4    and "<u>DEFENDANTS</u>" as vague and ambiguous, overbroad and unduly

5    burdensome, especially with respect to the definition's reference to "attorneys".  IP

6    Worldwide will construe these terms to refer only to the specific defendants in this

7    action.

8        19.  IPWW objects generally to the definition of the term "<u>SHUSTER</u>

9    <u>HEIRS</u>" as vague and ambiguous, overbroad and unduly burdensome, especially

10    with respect to the definition's reference to "attorneys".  Solely for the purposes of

11    these responses, and for no other purpose, IP Worldwide will construe this term to

12    refer only to the Estate of Joseph Shuster, Jean Peavy, Mark Warren Peary, Dawn

13    Peavy and Frank Shuster.

14        20.  IPWW objects generally to the definition of the term "<u>SIEGEL HEIRS</u>"

15    as vague and ambiguous, overbroad and unduly burdensome, especially with

16    respect to the definition's reference to "attorneys".  Solely for the purposes of these

17    responses, and for no other purpose, IP Worldwide will construe this term to refer

18    only to Joanne Siegel, Laura Siegel Larson, and Michael Siegel.

19        21.  IPWW reserves the right to revise, amend, supplement or clarify any of

20    the objections set forth herein.

21    **<u>DOCUMENTS TO BE PRODUCED</u>**

22    **<u>SPECIFIC RESPONSES TO INDIVIDUAL REQUESTS</u>**

23    **<u>Document Request No. 1</u>**

24        All agreements between or among YOU and any DEFENDANT RELATING

25    to the SIEGEL HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

26    **<u>Response to Document Request No. 1</u>**

27        IPWW objects to this request on the grounds that the phrase "<u>the SIEGEL</u>

28    <u>HEIRS' purported rights in SUPERMAN and/or SUPERBOY</u>," is vague and

DC COMICS' MOTION TO COMPEL

1  ambiguous, and lacks sufficient precision to allow it to formulate an appropriate

2  response.  IPWW further objects to this request to the extent that it seeks

3  communications or items protected by the attorney-client privilege, the joint-

4  interest privilege, the attorney work product doctrine and any other privilege or

5  immunity available under law or arising from contractual obligation.  Subject to and

6  without waiving the foregoing general and specific objections, IPWW will produce

7  non-privileged responsive documents, consistent with its understanding of this

8  request.

9  **Document Request No. 2**

10       All agreements between or among YOU and any DEFENDANT RELATING

11  to the SHUSTER HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

12  **Response to Document Request No. 2**

13       IPWW objects to this request on the grounds that the phrase "<u>the SHUSTER

14  HEIRS' purported rights in SUPERMAN and/or SUPERBOY</u>," is vague and

15  ambiguous, and lacks sufficient precision to allow it to formulate an appropriate

16  response.  IPWW further objects to this request to the extent that it seeks

17  communications or items protected by the attorney-client privilege, the joint-

18  interest privilege, the attorney work product doctrine and any other privilege or

19  immunity available under law or arising from contractual obligation.  Subject to and

20  without waiving the foregoing general and specific objections, IPWW will produce

21  non-privileged responsive documents, if any, consistent with its understanding of

22  this request.

23  **Document Request No. 3**

24       All agreements between or among YOU and any third party RELATING to

25  the SIEGEL HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

26  **Response to Document Request No. 3**

27       IPWW objects to this request on the grounds that the phrase "<u>RELATING</u>,"

28  is vague and ambiguous, and lacks sufficient precision to allow it to formulate an

DC COMICS' MOTION TO COMPEL

1  appropriate response.  IPWW additionally objects to this request to the extent that it

2  seeks communications or items protected by the attorney-client privilege, the joint-

3  interest privilege, the attorney work product doctrine and any other privilege or

4  immunity available under law or arising from contractual obligation.  Subject to and

5  without waiving the foregoing general and specific objections, IPWW will produce

6  non-privileged responsive documents, consistent with its understanding of this

7  request.

8  **Document Request No. 4**

9        All agreements between or among YOU and any third party RELATING to

10  the SHUSTER HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

11  **Response to Document Request No. 4**

12        IPWW objects to this request on the grounds that the phrase "<u>RELATING</u>,"

13  is vague and ambiguous, and lacks sufficient precision to allow it to formulate an

14  appropriate response.  IPWW additionally objects to this request to the extent that it

15  seeks communications or items protected by the attorney-client privilege, the joint-

16  interest privilege, the attorney work product doctrine and any other privilege or

17  immunity available under law or arising from contractual obligation.  Subject to and

18  without waiving the foregoing general and specific objections, IPWW will produce

19  non-privileged responsive documents, consistent with its understanding of this

20  request.

21  **Document Request No. 5**

22        All DOCUMENTS RELATING to SUPERMAN and/or SUPERBOY.

23  **Response to Document Request No. 5**

24        IPWW objects to this request on the grounds that it is compound, overbroad,

25  burdensome and oppressive.  IPWW further objects to this request on the grounds

26  that the phrase "<u>RELATING</u>," is vague and ambiguous, and lacks sufficient

27  precision to allow it to formulate an appropriate response. IPWW further objects to

28  this request on the grounds that it is indefinite as to time, not reasonably limited in

DC COMICS' MOTION TO COMPEL

1    scope, and to the extent that it seeks the production of any item, or portion thereof,

2    which is not reasonably calculated to lead to the discovery of relevant and

3    admissible evidence.  IPWW additionally objects to this request to the extent that it

4    seeks communications or items protected by the attorney-client privilege, the joint-

5    interest privilege, the attorney work product doctrine and any other privilege or

6    immunity available under law or arising from contractual obligation.  Subject to and

7    without waiving the foregoing general and specific objections, IPWW is willing to

8    meet and confer with Plaintiff regarding the tailoring of this request.

9    **Document Request No. 6**

10        All DOCUMENTS RELATING to the SIEGEL HEIRS.

11    **Response to Document Request No. 6**

12        IPWW objects to this request on the grounds that it is compound, overbroad,

13    burdensome and oppressive.  IPWW further objects to this request on the grounds

14    that the phrase "<u>RELATING</u>," is vague and ambiguous, and lacks sufficient

15    precision to allow it to formulate an appropriate response.  IPWW further objects to

16    this request on the grounds that it is indefinite as to time, not reasonably limited in

17    scope, and to the extent that it seeks the production of any item, or portion thereof,

18    which is not reasonably calculated to lead to the discovery of relevant and

19    admissible evidence.  IPWW additionally objects to this request to the extent that it

20    seeks communications or items protected by the attorney-client privilege, the joint-

21    interest privilege, the attorney work product doctrine and any other privilege or

22    immunity available under law or arising from contractual obligation.  Subject to and

23    without waiving the foregoing general and specific objections, IPWW is willing to

24    meet and confer with Plaintiff regarding the tailoring of this request.

25    **Document Request No. 7**

26        All DOCUMENTS RELATING to the SHUSTER HEIRS.

27

28

DC COMICS' MOTION TO COMPEL

**Response to Document Request No. 7**

    IPWW objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive.  IPWW further objects to this request on the grounds that the phrase "<u>RELATING</u>," is vague and ambiguous, and lacks sufficient precision to allow it to formulate an appropriate response.  IPWW further objects to this request on the grounds that it is indefinite as to time, not reasonably limited in scope, and to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence.  IPWW additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint-interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing general and specific objections, IPWW is willing to meet and confer with Plaintiff regarding the tailoring of this request.

**Document Request No. 8**

    All DOCUMENTS RELATING to YOUR ability to negotiate or enter into agreements regarding SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 8**

    IPWW objects to this request on the grounds that the term "<u>RELATING to YOUR ability to negotiate or enter into agreements</u>" is vague and ambiguous, and lacks sufficient precision to allow it to formulate an appropriate response.  IPWW further objects to this request in that it assumes that IPWW has the ability to negotiate or enter into agreements regarding SUPERMAN and/or SUPERBOY.  IPWW additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint-interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing general and specific objections, IPWW will produce

DC COMICS' MOTION TO COMPEL

1  non-privileged responsive documents, if any, consistent with its understanding of

2  this request.

3  **Document Request No. 10**

4      All DOCUMENTS RELATING to or affecting the division of revenue,

5  proceeds, or other profits regarding SUPERMAN and/or SUPERBOY.

6  **Response to Document Request No. 10**

7      IPWW objects to this request on the grounds that it is compound, overbroad,

8  burdensome and oppressive.  IPWW further objects to this request on the grounds

9  that the phrase "RELATING to or affecting" is vague and ambiguous, and lacks

10  sufficient precision to allow it to formulate an appropriate response.  IPWW further

11  objects to this request on the grounds that it is indefinite as to time and not

12  reasonably limited in scope.  IPWW additionally objects to this request to the extent

13  that it seeks communications or items protected by the attorney-client privilege, the

14  joint-interest privilege, the attorney work product doctrine and any other privilege

15  or immunity available under law or arising from contractual obligation.  Subject to

16  and without waiving the foregoing general and specific objections, IPWW will

17  produce non-privileged responsive documents, if any, consistent with its

18  understanding of this request.

19  **Document Request No. 11**

20      All DOCUMENTS RELATING to or affecting the division of any settlement

21  proceeds regarding SUPERMAN and/or SUPERBOY.

22  **Response to Document Request No. 11**

23      IPWW objects to this request on the grounds that it is compound, duplicative,

24  overbroad, burdensome and oppressive.  IPWW further objects to this request on

25  the grounds that the phrase "RELATING to or affecting" is vague and ambiguous,

26  and lacks sufficient precision to allow it to formulate an appropriate response.

27  IPWW further objects to this request on the grounds that it is indefinite as to time

28  and not reasonably limited in scope.  IPWW additionally objects to this request to

DC COMICS' MOTION TO COMPEL

the extent that it seeks communications or items protected by the attorney-client privilege, the joint-interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing general and specific objections, IPWW will produce non-privileged responsive documents, if any, consistent with its understanding of this request.

**Document Request No. 12**

All DOCUMENTS RELATING to the potential sale, assignment, license, or other disposition of any rights relating to SUPERMAN and/or SUPERBOY, including but not limited to any solicitation, offer, option, or proposed agreement.

**Response to Document Request No. 12**

IPWW objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive. IPWW objects to this request on the grounds that the term "RELATING" is vague and ambiguous, and lacks sufficient precision to allow it to formulate an appropriate response. IPWW further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. IPWW further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. IPWW additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint-interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing general and specific objections, IPWW will produce non-privileged responsive documents, if any, consistent with its understanding of this request.

**Document Request No. 13**

All DOCUMENTS RELATING to any efforts YOU have made to sell, lease, license, or otherwise exploit any rights in SUPERMAN and/or SUPERBOY.

DC COMICS' MOTION TO COMPEL

**Response to Document Request No. 13**

IPWW objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive.  IPWW further objects to this request on the grounds that the term "RELATING to any efforts" is vague and ambiguous, and lacks sufficient precision to allow it to formulate an appropriate response.  IPWW further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope.  IPWW further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence.  IPWW additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint-interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing general and specific objections, IPWW will produce non-privileged responsive documents, if any, consistent with its understanding of this request.

**Document Request No. 14**

All DOCUMENTS RELATING to any potential investors or other PERSONS who have expressed interest in purchasing or otherwise investing in any rights in SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 14**

IPWW objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive.  IPWW further objects to this request on the grounds that the term "RELATING to any potential investors or other PERSONS who have expressed interest in purchasing or otherwise investing in any rights" is vague and ambiguous, and lacks sufficient precision to allow it to formulate an appropriate response.  IPWW further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope.  IPWW additionally objects to this request to the extent that it seeks communications or items protected by the

DC COMICS' MOTION TO COMPEL

1    attorney-client privilege, the joint-interest privilege, the attorney work product

2    doctrine and any other privilege or immunity available under law or arising from

3    contractual obligation.  Subject to and without waiving the foregoing general and

4    specific objections, IPWW will produce non-privileged responsive documents, if

5    any, consistent with its understanding of this request.

6    **Document Request No. 15**

7        All DOCUMENTS RELATING to the valuation of any past, current, or

8    potential ownership interest in SUPERMAN and/or SUPERBOY.

9    **Response to Document Request No. 15**

10       IPWW objects to this request on the grounds that it is compound, overbroad,

11   burdensome and oppressive.  IPWW further objects to this request on the grounds

12   that the term "<u>RELATING to the valuation of any past, current, or potential</u>

13   <u>ownership interest</u>" is vague and ambiguous, and lacks sufficient precision to allow

14   it to formulate an appropriate response.  IPWW further objects to this request on the

15   grounds that it is indefinite as to time and not reasonably limited in scope.  IPWW

16   further objects to this request to the extent that it seeks the production of any item,

17   or portion thereof, which is not reasonably calculated to lead to the discovery of

18   relevant and admissible evidence.  IPWW additionally objects to this request to the

19   extent that it seeks communications or items protected by the attorney-client

20   privilege, the joint-interest privilege, the attorney work product doctrine and any

21   other privilege or immunity available under law or arising from contractual

22   obligation. Subject to and without waiving the foregoing general and specific

23   objections, IPWW is willing to meet and confer with Plaintiff regarding the

24   tailoring of this request.

25   **Document Request No. 16**

26       All COMMUNICATIONS RELATING to any disclosure of a potential or

27   actual conflict of interest by or to YOU or any DEFENDANT.

28

DC COMICS' MOTION TO COMPEL

1  **Response to Document Request No. 16**

2    IPWW objects to this request in that it seeks the production of items not

3  reasonably calculated to lead to the discovery of relevant and admissible evidence.

4  IPWW further objects to this request on the grounds that it is compound,

5  duplicative, overbroad, burdensome and oppressive.  IPWW further objects to this

6  request on the grounds that the terms "<u>RELATING</u>" and "<u>disclosure of a potential</u>

7  <u>or actual conflict of interest by or to YOU or any DEFENDANT</u>" are vague and

8  ambiguous, and lacks sufficient precision to allow it to formulate an appropriate

9  response.  IPWW further objects to this request on the grounds that it is indefinite

10  as to time and not reasonably limited in scope.  IPWW additionally objects to this

11  request as it seeks communications or items protected by the attorney-client

12  privilege, the joint-interest privilege, the attorney work product doctrine and to the

13  extent it seeks the production of items protected by any other privilege or immunity

14  available under law or arising from contractual obligation.

15  **Document Request No. 17**

16    All DOCUMENTS RELATING to any waiver or acknowledgement of a

17  potential or actual conflict of interest by or to YOU or any DEFENDANT.

18  **Response to Document Request No. 17**

19    IPWW objects to this request in that it seeks the production of items not

20  reasonably calculated to lead to the discovery of relevant and admissible evidence.

21  IPWW further objects to this request on the grounds that it is compound,

22  duplicative, overbroad, burdensome and oppressive.  IPWW further objects to this

23  request on the grounds that the terms "<u>RELATING</u>" and "<u>acknowledgment of a</u>

24  <u>potential or actual conflict of interest by or to YOU or any DEFENDANT</u>" are

25  vague and ambiguous, and lacks sufficient precision to allow it to formulate an

26  appropriate response.   IPWW further objects to this request on the grounds that it is

27  indefinite as to time and not reasonably limited in scope.  IPWW additionally

28  objects to this request as it seeks communications or items protected by the

   DC COMICS' MOTION TO COMPEL

1   attorney-client privilege, the joint-interest privilege, the attorney work product

2   doctrine and to the extent it seeks the production of items protected by any other

3   privilege or immunity available under law or arising from contractual obligation.

4   **Document Request No. 18**

5       All DOCUMENTS RELATING to YOUR introduction to and involvement

6   with the SIEGEL HEIRS.

7   **Response to Document Request No. 18**

8       IPWW further objects to this request on the grounds that it is compound,

9   duplicative, overbroad, burdensome and oppressive. IPWW further objects to this

10  request on the grounds that the terms "RELATING" and "involvement with" are

11  vague and ambiguous, and lack sufficient precision to allow it to formulate an

12  appropriate response. IPWW further objects to this request on the grounds that it is

13  indefinite as to time and not reasonably limited in scope. IPWW additionally

14  objects to this request to the extent that it seeks communications or items protected

15  by the attorney-client privilege, the joint-interest privilege, the attorney work

16  product doctrine and any other privilege or immunity available under law or arising

17  from contractual obligation. Subject to and without waiving the foregoing general

18  and specific objections, IPWW is willing to meet and confer with Plaintiff

19  regarding the tailoring of this request.

20  **Document Request No. 20**

21      All DOCUMENTS RELATING to the transfer of any property or interest

22  from IP WORLDWIDE to IPW, LLC.

23  **Response to Document Request No. 20**

24      IPWW objects to this request on the grounds that it is compound, duplicative,

25  overbroad, burdensome and oppressive. IPWW objects to this request on the

26  grounds that the terms "RELATING" and "involvement" are vague and ambiguous,

27  and lack sufficient precision to allow it to formulate an appropriate response.

28  IPWW further objects to this request on the grounds that it is indefinite as to time

DC COMICS' MOTION TO COMPEL

1  and not reasonably limited in scope.  IPWW additionally objects to this request to

2  the extent that it seeks communications or items protected by the attorney-client

3  privilege, the joint-interest privilege, the attorney work product doctrine and any

4  other privilege or immunity available under law or arising from contractual

5  obligation.  Subject to and without waiving the foregoing general and specific

6  objections, IPWW will produce responsive non-privileged documents regarding the

7  transfer of any property or interest in Superman and/or Superboy from

8  DEFENDANT IP Worldwide, LLC to IPW, consistent with its understanding of

9  this request.

10  **Document Request No. 21**

11       All DOCUMENTS RELATING to YOUR assertion in the Certification of

12  Interested Parties filed on YOUR behalf in the above-entitled case on July 15, 2010

13  that YOU have "no pecuniary interest in the matters that are the subject of

14  Plaintiff's Third and Sixth Causes of action."

15  **Response to Document Request No. 21**

16       IPWW objects to this request on the grounds that it is compound, overbroad,

17  burdensome and oppressive.  IPWW objects to this request on the grounds that the

18  term "<u>RELATING</u>" is vague and ambiguous, and lacks sufficient precision to allow

19  it to formulate an appropriate response.  IPWW further objects to this request on the

20  grounds that it is indefinite as to time and not reasonably limited in scope.  IPWW

21  further objects to this request to the extent that it seeks the production of any item,

22  or portion thereof, which is not reasonably calculated to lead to the discovery of

23  relevant and admissible evidence.  IPWW additionally objects to this request to the

24  extent that it seeks communications or items protected by the attorney-client

25  privilege, the joint-interest privilege, the attorney work product doctrine and any

26  other privilege or immunity available under law or arising from contractual

27  obligation.  Subject to and without waiving the foregoing general and specific

28

DC COMICS' MOTION TO COMPEL

1  objections, IPWW will produce responsive non-privileged documents consistent

2  with its understanding of this request.

3  **Document Request No. 22**

4  All DOCUMENTS RELATING to Ari Emanuel.

5  **Response to Document Request No. 22**

6  IPWW objects to this request on the grounds that it is compound, overbroad,

7  burdensome and oppressive, and that the request improperly encompasses every

8  document of IPWW insofar as Ari Emanuel was a member of IPWW.  IPWW

9  objects to this request on the grounds that the term "RELATING" is vague and

10  ambiguous, and lacks sufficient precision to allow it to formulate an appropriate

11  response.  IPWW further objects to this request on the grounds that it is indefinite

12  as to time and not reasonably limited in scope.  IPWW further objects to this

13  request to the extent that it seeks the production of any item, or portion thereof,

14  which is not reasonably calculated to lead to the discovery of relevant and

15  admissible evidence.  IPWW additionally objects to this request to the extent that it

16  seeks communications or items protected by the attorney-client privilege, the joint

17  interest privilege, the attorney work product doctrine and any other privilege or

18  immunity available under law or arising from contractual obligation.

19  **Document Request No. 23**

20  All DOCUMENTS RELATING to any COMMUNICATIONS with Ari

21  Emanuel.

22  **Response to Document Request No. 23**

23  IPWW objects to this request on the grounds that it is compound, overbroad,

24  burdensome and oppressive, and that the request improperly encompasses most

25  communications of IPWW insofar as Ari Emanuel was a member of IPWW.

26  IPWW objects to this request on the grounds that the term "RELATING" is vague

27  and ambiguous, and lacks sufficient precision to allow it to formulate an

28  appropriate response.  IPWW further objects to this request on the grounds that it is

DC COMICS' MOTION TO COMPEL

1  indefinite as to time and not reasonably limited in scope.  IPWW further objects to

2  this request to the extent that it seeks the production of any item, or portion thereof,

3  which is not reasonably calculated to lead to the discovery of relevant and

4  admissible evidence.  IPWW additionally objects to this request to the extent that it

5  seeks communications or items protected by the attorney-client privilege, the joint

6  interest privilege, the attorney work product doctrine and any other privilege or

7  immunity available under law or arising from contractual obligation.

8  **Document Request No. 24**

9      All DOCUMENTS RELATING to the Memorandum of Agreement

10  purporting to create the IP WORLDWIDE joint venture dated February 2, 2002

11  between DEFENDANT Pacific Pictures Corporation and Ari Emanuel.

12  **Response to Document Request No. 24**

13      IPWW objects to this request on the grounds that it is compound, duplicative,

14  overbroad, burdensome and oppressive.  IPWW objects to this request on the

15  grounds that it is compound, overbroad, burdensome and oppressive.  IPWW

16  further objects to this request on the grounds that the term "<u>RELATING</u>" is vague

17  and ambiguous, and lacks sufficient precision to allow it to formulate an

18  appropriate response.  IPWW objects to this request to the extent that it seeks the

19  production of any item, or portion thereof, which is not reasonably calculated to

20  lead to the discovery of relevant and admissible evidence.  IPWW additionally

21  objects to this request to the extent that it seeks communications or items protected

22  by the attorney-client privilege, the joint interest privilege, the attorney work

23  product doctrine and any other privilege or immunity available under law or arising

24  from contractual obligation.  Subject to and without waiving the foregoing general

25  and specific objections, IPWW is willing to meet and confer with Plaintiff

26  regarding the tailoring of this request.

27

28

DC COMICS' MOTION TO COMPEL

1  **Document Request No. 25**

2      All DOCUMENTS RELATING to the contributions of DEFENDANTS

3  Marc Toberoff and Pacific Pictures Corporation to IP Worldwide.

4  **Response to Document Request No. 25**

5      IPWW objects to this request on the grounds that it is compound, duplicative,

6  overbroad, burdensome and oppressive.  IPWW further objects to this request on

7  the grounds that the phrase "<u>RELATING to the contributions</u>" is vague and

8  ambiguous, and lacks sufficient precision to allow it to formulate an appropriate

9  response.  IPWW objects to this request to the extent that it seeks the production of

10  any item, or portion thereof, which is not reasonably calculated to lead to the

11  discovery of relevant and admissible evidence.  IPWW additionally objects to this

12  request to the extent that it seeks communications or items protected by the

13  attorney-client privilege, the joint interest privilege, the attorney work product

14  doctrine and any other privilege or immunity available under law or arising from

15  contractual obligation.  Subject to and without waiving the foregoing general and

16  specific objections, IPWW is willing to meet and confer with Plaintiff regarding the

17  tailoring of this request.

18  **Document Request No. 26**

19      All DOCUMENTS RELATING to the identification of "JS Claims" in

20  Appendix 1 to the February 2, 2002 Memorandum of Agreement.

21  **Response to Document Request No. 26**

22      IPWW objects to this request on the grounds that it is compound, overbroad,

23  burdensome and oppressive.  IPWW further objects to this request on the grounds

24  that the terms "<u>RELATING</u>" and "<u>identification of 'JS Claims'</u>" is vague and

25  ambiguous, and lacks sufficient precision to allow it to formulate an appropriate

26  response.  IPWW objects to this request to the extent that it seeks the production of

27  any item, or portion thereof, which is not reasonably calculated to lead to the

28  discovery of relevant and admissible evidence.  IPWW further objects to this

DC COMICS' MOTION TO COMPEL

1  request to the extent that it seeks the production of any item, or portion thereof,
2  which is not reasonably calculated to lead to the discovery of relevant and
3  admissible evidence.  IPWW additionally objects to this request to the extent that it
4  seeks communications or items protected by the attorney-client privilege, the joint
5  interest privilege, the attorney work product doctrine and any other privilege or
6  immunity available under law or arising from contractual obligation.  Subject to and
7  without waiving the foregoing general and specific objections, IPWW will produce
8  non-privileged responsive documents, if any, consistent with its understanding of
9  this request.

10 **Document Request No. 27**

11      All DOCUMENTS RELATING to the letter agreement dated October 3,
12 2002 – and any revisions, modifications, or adjustments thereto – that IP
13 WORLDWIDE signed with the SIEGEL HEIRS.

14 **Response to Document Request No. 27**

15      IPWW objects to this request on the grounds that it is compound, duplicative,
16 overbroad, burdensome and oppressive.  IPWW further objects to this request on
17 the grounds that the term "RELATING" is vague and ambiguous, and lacks
18 sufficient precision to allow it to formulate an appropriate response.  IPWW further
19 objects to this request on the grounds that it is indefinite as to time, not reasonably
20 limited in scope, and to the extent that it seeks the production of any item, or
21 portion thereof, which is not reasonably calculated to lead to the discovery of
22 relevant and admissible evidence.  IPWW further objects to this request to the
23 extent that it seeks communications or items protected by the attorney-client
24 privilege, the joint interest privilege, the attorney work product doctrine and any
25 other privilege or immunity available under law or arising from contractual
26 obligation.  Subject to and without waiving the foregoing general and specific
27 objections, IPWW is willing to meet and confer with Plaintiff regarding the
28 tailoring of this request.

**Document Request No. 28**

All DOCUMENTS RELATING to the identification of IP WORLDWIDE on the Document Cover Sheet for Recordation of Documents filed with the Transfer Covering Extended Copyright Renewal Term of "Superman" served on behalf of the Estate of Joseph Shuster on November 10, 2003.

**Response to Document Request No. 28**

IPWW further objects to this request on the grounds that it is compound, duplicative, overbroad, burdensome and oppressive.  IPWW further objects to this request on the grounds that the phrases "RELATING" and "RELATING to the identification of IP WORLDWIDE" as used in the context of this request, are vague and ambiguous, and lack sufficient precision to allow it to formulate an appropriate response.  IPWW further objects to this request on the grounds that it is indefinite as to time, not reasonably limited in scope, and to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence.  IPWW additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing general and specific objections, IPWW is willing to meet and confer with Plaintiff regarding the tailoring of this request.

**Document Request No. 29**

All DOCUMENTS RELATING to the formation of IP WORLDWIDE.

**Response to Document Request No. 29**

IPWW objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive.  IPWW objects to this request on the grounds that the phrases "RELATING" and "RELATING to the formation" are vague and ambiguous, and lack sufficient precision to allow it to formulate an appropriate

DC COMICS' MOTION TO COMPEL

1    response.  IPWW further objects to this request on the grounds that it is indefinite

2    as to time and not reasonably limited in scope.  IPWW further objects to this

3    request in that it seeks the production of items not reasonably calculated to lead to

4    the discovery of relevant and admissible evidence.  IPWW objects to this request to

5    the extent that it seeks communications or items protected by the attorney-client

6    privilege, the joint interest privilege, the attorney work product doctrine and any

7    other privilege or immunity available under law or arising from contractual

8    obligation.  Subject to and without waiving the foregoing general and specific

9    objections, IPWW is willing to meet and confer with Plaintiff regarding the

10    tailoring of this request.

11    **Document Request No. 30**

12         All DOCUMENTS RELATING to the current corporate status of IP

13    WORLDWIDE.

14    **Response to Document Request No. 30**

15         IPWW objects to this request on the grounds that it is compound, overbroad,

16    burdensome and oppressive.  IPWW objects to this request on the grounds that the

17    phrases "<u>RELATING</u>" and "<u>RELATING to the current corporate status</u>" are vague

18    and ambiguous, and lack sufficient precision to allow it to formulate an appropriate

19    response.  IPWW further objects to this request on the grounds that it is indefinite

20    as to time and not reasonably limited in scope.  IPWW further objects to this

21    request in that it seeks the production of items not reasonably calculated to lead to

22    the discovery of relevant and admissible evidence.  IPWW objects to this request to

23    the extent that it seeks communications or items protected by the attorney-client

24    privilege, the joint interest privilege, the attorney work product doctrine and any

25    other privilege or immunity available under law or arising from contractual

26    obligation.  Subject to and without waiving the foregoing general and specific

27    objections, IPWW is willing to meet and confer with Plaintiff regarding the

28    tailoring of this request.

DC COMICS' MOTION TO COMPEL

1   **Document Request No. 31**

2       All DOCUMENTS RELATING to the past and current ownership and

3   management structure of IP WORLDWIDE, including operating agreements,

4   capitalization schedules, capital accounts, filings, K-1S, and other financial forms.

5   **Response to Document Request No. 31**

6       IPWW objects to this request on the grounds that it is compound, overbroad,

7   burdensome and oppressive.  IPWW objects to this request on the grounds that the

8   phrases "<u>RELATING</u>" and "<u>RELATING to the past and current ownership</u>" are

9   vague and ambiguous, and lack sufficient precision to allow it to formulate an

10   appropriate response.  IPWW further objects to this request on the grounds that it is

11   indefinite as to time and not reasonably limited in scope.  IPWW further objects to

12   this request in that it seeks the production of items not reasonably calculated to lead

13   to the discovery of relevant and admissible evidence.  IPWW objects to this request

14   to the extent that it seeks communications or items protected by the attorney-client

15   privilege, the joint interest privilege, the attorney work product doctrine and any

16   other privilege or immunity available under law or arising from contractual

17   obligation.  Subject to and without waiving the foregoing general and specific

18   objections, IPWW is willing to meet and confer with Plaintiff regarding the

19   tailoring of this request.

20   **Document Request No. 32**

21       All DOCUMENTS RELATING to any past, current, or planned business

22   activity of IP WORLDWIDE.

23   **Response to Document Request No. 32**

24       IPWW objects to this request on the grounds that it is compound, overbroad,

25   burdensome and oppressive, as it requests documents "RELATING" to any activity

26   IPWW has ever undertaken.  IPWW further objects to this request on the grounds

27   that the term "<u>RELATING</u>" is vague and ambiguous, and lacks sufficient precision

28   to allow it to formulate an appropriate response.  IPWW further objects to this

    DC COMICS' MOTION TO COMPEL

1  request on the grounds that it is indefinite as to time and not reasonably limited in

2  scope.  IPWW further objects to this request to the extent that it seeks the

3  production of any item, or portion thereof, which is not reasonably calculated to

4  lead to the discovery of relevant and admissible evidence.  IPWW s additionally

5  objects to this request to the extent that it seeks communications or items protected

6  by the attorney-client privilege, the joint interest privilege, the attorney work

7  product doctrine and any other privilege or immunity available under law or arising

8  from contractual obligation.

9  **Document Request No. 33**

10       All DOCUMENTS RELATING to any past, current, or planned property in

11  which IP WORLDWIDE held, holds, or will hold an interest.

12  **Response to Document Request No. 33**

13       IPWW objects to this request on the grounds that it is compound, overbroad,

14  burdensome and oppressive, since it requests documents "RELATING" to any

15  property IPWW has ever owned or may own in the future.  IPWW further objects to

16  this request on the grounds that the term "<u>RELATING</u>" is vague and ambiguous,

17  and lacks sufficient precision to allow it to formulate an appropriate response.

18  IPWW further objects to this request on the grounds that it is indefinite as to time

19  and not reasonably limited in scope.  IPWW further objects to this request to the

20  extent that it seeks the production of any item, or portion thereof, which is not

21  reasonably calculated to lead to the discovery of relevant and admissible evidence.

22  IPWW s additionally objects to this request to the extent that it seeks

23  communications or items protected by the attorney-client privilege, the joint interest

24  privilege, the attorney work product doctrine and any other privilege or immunity

25  available under law or arising from contractual obligation.

26  **Document Request No. 34**

27       All DOCUMENTS RELATING to any individual or entity that currently

28  holds property or interests formerly held by IP WORLDWIDE.

DC COMICS' MOTION TO COMPEL

**Response to Document Request No. 34**

IPWW objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive.  IPWW further objects to this request on the grounds that the phrases "RELATING" and "RELATING to any individual or entity that currently holds property or interests formerly held by IP WORLDWIDE" are vague and ambiguous, and lack sufficient precision to allow it to formulate an appropriate response.  IPWW further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope.  IPWW further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence.  IPWW additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint-interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing general and specific objections, IPWW is willing to meet and confer with Plaintiff regarding the tailoring of this request.

**Document Request No. 35**

All DOCUMENTS RELATING to any past, current, or planned client of IP WORLDWIDE.

**Response to Document Request No. 35**

IPWW objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive, since it requests documents "RELATING" to any client IPWW has ever had or may have in the future. IPWW further objects to this request on the grounds that the term "RELATING" is vague and ambiguous, and lacks sufficient precision to allow it to formulate an appropriate response.  IPWW further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope.  IPWW further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably

DC COMICS' MOTION TO COMPEL

1  calculated to lead to the discovery of relevant and admissible evidence.  IPWW

2  additionally objects to this request to the extent that it seeks communications or

3  items protected by the attorney-client privilege, the attorney work product doctrine

4  and any other privilege or immunity available under law or arising from contractual

5  obligation.

6  **Document Request No. 36**

7      All DOCUMENTS RELATING to any past or current member, employee, or

8  shareholder of IP WORLDWIDE.

9  **Response to Document Request No. 36**

10     IPWW objects to this request on the grounds that it is compound, overbroad,

11 burdensome and oppressive in that it requests any and all documents RELATING

12 to any past or current member, employee, or shareholder of IPWW.  IPWW further

13 objects to this request on the grounds that the term "<u>RELATING</u>" is vague and

14 ambiguous, and lacks sufficient precision to allow it to formulate an appropriate

15 response.  IPWW s further objects to this request on the grounds that it is indefinite

16 as to time and not reasonably limited in scope.  IPWW further objects to this

17 request to the extent that it seeks the production of any item, or portion thereof,

18 which is not reasonably calculated to lead to the discovery of relevant and

19 admissible evidence.  IPWW additionally objects to this request to the extent that it

20 seeks communications or items protected by the attorney-client privilege, the

21 attorney work product doctrine and any other privilege or immunity available under

22 law or arising from contractual obligation.

23 **Document Request No. 37**

24     All DOCUMENTS RELATING to any past, current, or planned partnership

25 or strategic alliance between IP WORLDWIDE and any individual or entity.

26 **Response to Document Request No. 27**

27     IPWW objects to this request on the grounds that it is compound, overbroad,

28 burdensome and oppressive, as it could be reasonably construed to request all

DC COMICS' MOTION TO COMPEL

1    documents RELATING to any business conducted by IPWW.  IPWW further

2    objects to this request on the grounds that the phrases "<u>RELATING</u>" and

3    "<u>RELATING to any past, current, or planned partnership or strategic alliance</u>" are

4    vague and ambiguous, and lack sufficient precision to allow it to formulate an

5    appropriate response.  IPWW further objects to this request on the grounds that it is

6    indefinite as to time and not reasonably limited in scope.  IPWW additionally

7    objects to this request to the extent that it seeks communications or items protected

8    by the attorney-client privilege, the joint-interest privilege, the attorney work

9    product doctrine and any other privilege or immunity available under law or arising

10    from contractual obligation.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DC COMICS' MOTION TO COMPEL

**D.**     <u>IPW, LLC – Document Request Nos. 1-34 and General and Specific Objections</u>

<u>OBJECTIONS TO THE ENTIRE REQUEST</u>

    IPW objects to the entire Request on each of the following grounds and incorporates by reference each of the following objections into its response to each individual category of documents within it:

    1.     IPW objects to each individual request within the Request to the extent it is relevant only to the Fourth through Sixth state law claims for relief in DC's First Amended Complaint ("FAC"). Defendants contend that their pending anti-SLAPP motion stays discovery regarding these state law claims, as well as the related Third Claim for Relief. *See* Cal. Code Civ. Proc. § 425.16(g); *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 130 S. Ct. 1431, 1452 (2010) (Stevens, J., concurring); *Batzel v. Smith*, 333 F.3d 1018, 1024 (9th Cir. 2003); *Godin v. Schencks*, 2010 U.S. App. LEXIS 25980 (1st Cir. Dec. 22, 2010).

    2.     To the extent the Request and each document request therein seeks documents concerning any agreement between the Shusters and Siegels to act collectively in negotiations with DC regarding the settlement of their termination claims ("Collective Bargaining"), IPW objects on the following grounds:  Any documents that exist relating to Collective Bargaining contain and memorialize attorney-client privileged communications and attorney work product and reveal sensitive settlement strategy that would give DC an unfair advantage. Moreover, any Collective Bargaining documents were prepared in connection with settlement mediation in the closely related cases *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-CV-8400 ODW (RZx) and *Joanne Siegel, et al. v. Time Warner Inc., et al.*, Case No. 04-CV-8766 ODW (RZx) (collectively "*Siegel* Litigation") and the use of such information plainly violates the parties' May 1, 2008 JAMS Confidentiality Agreement. Moreover this disclosure is

    DC COMICS' MOTION TO COMPEL

inconsistent with the policies of FRE 408 and California Evidence Code §§ 1119 *et seq*., 1152.

3.    IPW objects to the Request and each document request therein to the extent that it seeks the production of any item, or portion thereof, comprising or reflecting information transmitted and maintained in confidence between IPW or any person or entity acting on its behalf and for the purpose of obtaining legal advice or representation, on the grounds that such information is protected from disclosure by the attorney-client privilege and the joint-interest privilege. Such documents will not be produced in response to the request, and any inadvertent production thereof shall not be deemed a waiver of any privilege or doctrine with respect to such documents. With respect to such documents, IPW hereby incorporates by reference the privilege logs served by the Defendants in this action on December 15, 2010.

4.    IPW objects to the Request and each document request therein to the extent that it seeks the production of any item, or portion thereof, comprising or reflecting information with any confidential impression, conclusion, opinion, legal research, or legal theory of counsel for IPW or any other person or entity, on the grounds that such information is protected from disclosure by the attorney work product doctrine. Such documents will not be produced in response to the request, and any inadvertent production thereof shall not be deemed a waiver of any privilege or doctrine with respect to such documents. With respect to such documents, IPW hereby incorporates by reference the privilege logs served by the Defendants in this action on December 15, 2010.

5.    IPW objects to the Request and each document request therein to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence, on the grounds that it exceeds the permissible scope of discovery delimited by Rule 26(b)(1) of the Federal Rules of Civil Procedure.

DC COMICS' MOTION TO COMPEL

6.    IPW objects to the Request and each document request therein to the extent that it seeks the production of any item, or portion thereof, comprising or reflecting any trade secret or other confidential or proprietary information of IPW or any other entity or person.

7.    IPW objects to the Request and each document request therein to the extent that it seeks the production of any item, or portion thereof, which is protected from disclosure by court order, or any privacy or similar rights of any person or entity.

8.    IPW objects to the Request and each document request therein to the extent that it is unduly burdensome, overly broad, impose extreme hardship, is oppressive and harassing, or would result in the expenditure of unnecessary time and resources.

9.    IPW objects to the Request and each document request therein to the extent that the expense of producing documents outweighs the likely benefit of discovery provided to Plaintiff.

10.    IPW objects to the Request and each document request therein to the extent that it seeks the production of duplicative identical items, or documents or information already in Plaintiff's possession, or by reason of public filing, publication or otherwise are readily accessible to Plaintiff through other means.

11.    IPW objects to the Request and each document request therein to the extent that it seeks the production of any item which has been served, filed, or transmitted in the course of this action, on the grounds that such production would be burdensome, oppressive, and unnecessary.

12.    IPW objects to the Request and each document request therein to the extent that it seeks the production of any item which has already been produced, served, or filed in the course of the related actions *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-CV-8400 ODW (RZx) and

DC COMICS' MOTION TO COMPEL

1  *Joanne Siegel, et al. v. Time Warner Inc., et al.,* Case No. 04-CV-8766 ODW

2  (RZx) (collectively "*Siegel* Litigation"), on the grounds that such production would

3  be duplicative, burdensome, oppressive, and unnecessary.

4      13.   In making any document production, IPW will reference by their Bates

5  numbers documents already produced to DC in the *Siegel* Litigation, rather than

6  re-copy and reproduce such documents. IPW will not produce or designate by

7  Bates numbers documents IPW obtained solely as a result of a document

8  production by the other side in the *Siegel* Litigation.

9      14.   Consistent with the agreement governing privilege logs negotiated

10  by the parties concerning plaintiff and other defendants, IPW will not log

11  privileged communications or attorney work-product documents in either this case or

12  the *Siegel* Litigations, that (a) are internal communications by defendants'

13  counsel at the law firms of Toberoff & Associates, P.C. and Kendall Brill &

14  Klieger, L.L.P., or (b) between Toberoff & Associates P.C and defendants'

15  counsel at the law firm of Kendall, Brill & Klieger LLP. Logging such

16  documents would constitute an extraordinary interference by DC in the affairs of

17  its opposing counsel in both this action and the ongoing *Siegel* litigation.

18      15.   IPW objects to the Request and each document request therein to the

19  extent that it seeks the production of any item or document that is not the

20  property of IPW.  IPW will not produce any items or documents that are the property

21  of any other person or entity.

22      16.   IPW objects to the Request and each document request therein and

23  to the definitions and instructions therein to the extent that they purport to alter

24  or extend IPW's obligations beyond those established by the Federal Rules of

25  Civil Procedure, the Local Rules of the United States District Court for the Central

26  District of California, or any order or ruling by the Court in this action.

27      17.     IPW objects generally to the definitions of the terms "<u>YOU</u>,"

28  "<u>YOUR</u>"  and "<u>IPW</u>" as vague and ambiguous, overbroad and unduly burdensome,

1  especially with respect to the definition's reference to "attorneys". IPW will construe

2  these terms to refer to IPW.

3        18.  IPW objects generally to the definitions of the terms

4  "DEFENDANT" and "DEFENDANTS" as vague and ambiguous, overbroad and

5  unduly burdensome, especially with respect to the definition's reference to

6  "attorneys". IPW will construe these terms to refer only to the specific defendants

7  in this action.

8        19.  IPW objects generally to the definition of the term "SHUSTER HEIRS"

9  as vague and ambiguous, overbroad and unduly burdensome, especially with

10  respect to the definition's reference to "attorneys". Solely for the purposes of

11  these responses, and for no other purpose, IPW will construe this term to refer only

12  to the Estate of Joseph Shuster, Jean Peavy, Mark Warren Peary, Dawn Peavy and

13  Frank Shuster.

14        20.  IPW objects generally to the definition of the term "SIEGEL HEIRS" as

15  vague and ambiguous, overbroad and unduly burdensome, especially with

16  respect to the definition's reference to "attorneys". Solely for the purposes of these

17  responses, and for no other purpose, IPW will construe this term to refer only to

18  Joanne Siegel, Laura Siegel Larson, and Michael Siegel.

19        21.  IPW reserves the right to revise, amend, supplement or clarify any of the

20  objections set forth herein.

21                                  **DOCUMENTS TO BE PRODUCED**

22              **SPECIFIC RESPONSES TO INDIVIDUAL REQUESTS**

23  **Document Request No. 1**

24      All agreements between or among YOU and any DEFENDANT RELATING

25  to the SIEGEL HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

26  **Response to Document Request No. 1**

27      IPW objects to this request to the extent it seeks any privileged documents

28  concerning any collective bargaining of any settlement by the Shusters and Siegels

1   and because Plaintiff's use of such information violates the parties' May 1, 2008

2   JAMS Confidentiality Agreement. IPW further objects to this request on the

3   grounds that the phrase "the SIEGEL HEIRS' purported rights in SUPERMAN

4   and/or SUPERBOY," is vague and ambiguous, and lacks sufficient precision to

5   allow it to formulate an appropriate response. IPW further objects to this request to

6   the extent that it seeks communications or items protected by the attorney-client

7   privilege, the joint-interest privilege, the attorney work product doctrine and any

8   other privilege or immunity available under law or arising from contractual

9   obligation. Subject to and without waiving the foregoing general and specific

10  objections, IPW has no responsive documents to this request.

11  **Document Request No. 2**

12      All agreements between or among YOU and any DEFENDANT RELATING

13  to the SHUSTER HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

14  **Response to Document Request No. 2**

15      IPW objects to this request to the extent it seeks any privileged documents

16  concerning any collective bargaining of any settlement by the Shusters and Siegels

17  and because Plaintiff's use of such information violates the parties' May 1, 2008

18  JAMS Confidentiality Agreement. IPW further objects to this request on the grounds

19  that the phrase "the SHUSTER HEIRS' purported rights in SUPERMAN and/or

20  SUPERBOY," is vague and ambiguous, and lacks sufficient precision to allow it to

21  formulate an appropriate response. IPW further objects to this request to the extent

22  that it seeks communications or items protected by the attorney-client privilege, the

23  joint-interest privilege, the attorney work product doctrine and any other privilege or

24  immunity available under law or arising from contractual obligation. Subject to and

25  without waiving the foregoing general and specific objections, IPW has no

26  responsive documents to this request.

27

28

1  **Document Request No. 3**

2      All agreements between or among YOU and any third party RELATING to

3  the SIEGEL HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

4  **Response to Document Request No. 3**

5      IPW objects to this request on the grounds that the phrase "<u>RELATING</u>," is

6  vague and ambiguous, and lacks sufficient precision to allow it to formulate an

7  appropriate response. IPW additionally objects to this request to the extent that it

8  seeks communications or items protected by the attorney-client privilege, the joint-

9  interest privilege, the attorney work product doctrine and any other privilege or

10  immunity available under law or arising from contractual obligation. Subject to and

11  without waiving the foregoing general and specific objections, IPW will produce

12  non-privileged documents, if any, that are consistent with its understanding of this

13  request.

14  **Document Request No. 4**

15      All agreements between or among YOU and any third party RELATING to the

16  SHUSTER HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

17  **Response to Document Request No. 4**

18      IPW objects to this request on the grounds that the terms "<u>RELATING</u>," and

19  "<u>third party</u>" are vague and ambiguous, and lack sufficient precision to allow it to

20  formulate an appropriate response. IPW additionally objects to this request to the

21  extent that it seeks communications or items protected by the attorney-client

22  privilege, the joint-interest privilege, the attorney work product doctrine and any

23  other privilege or immunity available under law or arising from contractual

24  obligation. Subject to and without waiving the foregoing general and specific

25  objections, IPW will produce non-privileged documents, if any, that are consistent

26  with its understanding of this request. Subject to and without waiving the foregoing

27  general and specific objections, IPW will produce non-privileged documents, if any,

28  that are consistent with its understanding of this request.

DC COMICS' MOTION TO COMPEL

1    **<u>Document Request No. 6</u>**

2        All DOCUMENTS RELATING to the SIEGEL HEIRS.

3    **<u>Response to Document Request No. 6</u>**

4        IPW objects to this request on the grounds that it is compound, overbroad,

5    burdensome and oppressive. IPW further objects to this request on the grounds that

6    the phrase "<u>RELATING</u>," is vague and ambiguous, and lacks sufficient precision to

7    allow it to formulate an appropriate response. IPW further objects to this request on

8    the grounds that it is indefinite as to time, not reasonably limited in scope, and to the

9    extent that it seeks the production of any item, or portion thereof, which is not

10   reasonably calculated to lead to the discovery of relevant and admissible evidence.

11   IPW additionally objects to this request to the extent that it seeks communications

12   or items protected by the attorney-client privilege, the joint-interest privilege, the

13   attorney work product doctrine and any other privilege or immunity available

14   under law or arising from contractual obligation. Subject to and without waiving

15   the foregoing general and specific objections, IPW has no documents regarding

16   SUPERMAN and/or SUPERBOY other than the agreement between IP

17   Worldwide, LLC and the Siegels dated October 3, 2002 and the agreement dated

18   August 17, 2004 assigning the IP Worldwide agreement to IPW for the remainder

19   of its term, both of which have already been produced to Plaintiff in the Siegel

20   Litigation.

21   **<u>Document Request No. 7</u>**

22       All DOCUMENTS RELATING to the SHUSTER HEIRS.

23   **<u>Response to Document Request No. 7</u>**

24       IPW objects to this request to the extent it seeks any privileged documents

25   concerning any collective bargaining of any settlement by the Shusters and Siegels

26   and because Plaintiff's use of such information violates the parties' May 1, 2008

27   JAMS Confidentiality Agreement. IPW further objects to this request on the

28   grounds that it is compound, overbroad, burdensome and oppressive. IPW further

1    objects to this request on the grounds that the phrase "<u>RELATING</u>," is vague and

2    ambiguous, and lacks sufficient precision to allow it to formulate an appropriate

3    response. IPW further objects to this request on the grounds that it is indefinite as

4    to time, not reasonably limited in scope, and to the extent that it seeks the

5    production of any item, or portion thereof, which is not reasonably calculated to

6    lead to the discovery of relevant and admissible evidence. IPW additionally objects

7    to this request to the extent that it seeks communications or items protected by the

8    attorney-client privilege, the joint-interest privilege, the attorney work product

9    doctrine and any other privilege or immunity available under law or arising from

10   contractual obligation. Subject to and without waiving the foregoing general and

11   specific objections, IPW will produce non-privileged documents, if any, that are

12   consistent with its understanding of this request.

13   **Document Request No. 16**

14        All COMMUNICATIONS RELATING to any disclosure of a potential or

15   actual conflict of interest by or to YOU or any DEFENDANT.

16   **Response to Document Request No. 16**

17        IPW objects to this request in that it seeks the production of items not

18   reasonably calculated to lead to the discovery of relevant and admissible evidence.

19   IPW further objects to this request on the grounds that it is compound, duplicative,

20   overbroad, burdensome and oppressive. IPW further objects to this request on the

21   grounds that the terms "<u>RELATING</u>" and "<u>disclosure of a potential or actual</u>

22   <u>conflict of interest by or to YOU or any DEFENDANT</u>" are vague and ambiguous,

23   and lack sufficient precision to allow it to formulate an appropriate response. IPW

24   further objects to this request on the grounds that it is indefinite as to time and

25   not reasonably limited in scope. IPW additionally objects to this request as it seeks

26   communications or items protected by the attorney-client privilege, the joint-interest

27   privilege, the attorney work product doctrine and to the extent it seeks the

28

DC COMICS' MOTION TO COMPEL

1   production of items protected by any other privilege or immunity available under

2   law or arising from contractual obligation.

3   **Document Request No. 17**

4        All DOCUMENTS RELATING to any waiver or acknowledgement of a

5   potential or actual conflict of interest by or to YOU or any DEFENDANT.

6   **Response to Document Request No. 17**

7        IPW objects to this request in that it seeks the production of items not

8   reasonably calculated to lead to the discovery of relevant and admissible

9   evidence. IPW further objects to this request on the grounds that it is compound,

10  duplicative, overbroad, burdensome and oppressive. IPW further objects to this

11  request on the grounds that the terms "<u>RELATING</u>" and "<u>acknowledgment of a</u>

12  <u>potential or actual conflict of interest by or to YOU or any DEFENDANT</u>" are

13  vague and ambiguous, and lack sufficient precision to allow it to formulate an

14  appropriate response. IPW further objects to this request on the grounds that it is

15  indefinite as to time and not reasonably limited in scope. IPW additionally objects

16  to this request as it seeks communications or items protected by the attorney-client

17  privilege, the joint-interest privilege, the attorney work product doctrine and to the

18  extent it seeks the production of items protected by any other privilege or immunity

19  available under law or arising from contractual obligation.

20  **Document Request No. 20**

21       All DOCUMENTS RELATING to the transfer of any property or interest

22  from DEFENDANT IP Worldwide, LLC to IPW.

23  **Response to Document Request No. 20**

24       IPW further objects to this request on the grounds that it is compound,

25  duplicative, overbroad, burdensome and oppressive. IPW objects to this request on

26  the grounds that the terms "<u>RELATING</u>" and "<u>involvement</u>" are vague and

27  ambiguous, and lack sufficient precision to allow it to formulate an appropriate

28  response. IPW further objects to this request on the grounds that it is indefinite as

DC COMICS' MOTION TO COMPEL

1  to time and not reasonably limited in scope. IPW additionally objects to this request

2  to the extent that it seeks communications or items protected by the attorney-

3  client privilege, the joint-interest privilege, the attorney work product doctrine

4  and any other privilege or immunity available under law or arising from

5  contractual obligation. Subject to and without waiving the foregoing general

6  and specific objections, IPW will produce responsive non-privileged documents

7  regarding the transfer of any property or interest in Superman and/or Superboy

8  from DEFENDANT IP Worldwide, LLC to IPW, consistent with its understanding of

9  this request.

10  **Document Request No. 21**

11       All DOCUMENTS RELATING to YOUR assertion in the Certification of

12  Interested Parties filed on YOUR behalf in the above-entitled case on July 15, 2010

13  that YOU have "no pecuniary interest in the matters that are the subject of Plaintiff's

14  Third and Sixth Causes of action."

15  **Response to Document Request No. 21**

16       IPW objects to this request on the grounds that it is compound, overbroad,

17  burdensome and oppressive. IPW objects to this request on the grounds that the term

18  "RELATING" is vague and ambiguous, and lacks sufficient precision to allow it to

19  formulate an appropriate response. IPW further objects to this request on the

20  grounds that it is indefinite as to time and not reasonably limited in scope. IPW

21  further objects to this request to the extent that it seeks the production of any item, or

22  portion thereof, which is not reasonably calculated to lead to the discovery of

23  relevant and admissible evidence. IPW additionally objects to this request to the

24  extent that it seeks communications or items protected by the attorney-client

25  privilege, the joint-intertest privilege, the attorney work product doctrine and any

26  other privilege or immunity available under law or arising from contractual

27  obligation. Subject to and without waiving the foregoing general and specific

28

1    objections, IPW will produce responsive non-privileged documents, if any,

2    consistent with its understanding of this request.

3    **Document Request No. 22**

4        All DOCUMENTS RELATING to Ari Emanuel.

5    **Response to Document Request No. 22**

6        IPW objects to this request on the grounds that it is compound, overbroad,

7    burdensome and oppressive. IPW objects to this request on the grounds that the term

8    "RELATING" is vague and ambiguous, and lacks sufficient precision to allow it to

9    formulate an appropriate response. IPW further objects to this request on the

10   grounds that it is indefinite as to time and not reasonably limited in scope. IPW

11   further objects to this request to the extent that it seeks the production of any item, or

12   portion thereof, which is not reasonably calculated to lead to the discovery of

13   relevant and admissible evidence. IPW additionally objects to this request to the

14   extent that it seeks communications or items protected by the attorney-client

15   privilege, the joint interest privilege, the attorney work product doctrine and any

16   other privilege or immunity available under law or arising from contractual

17   obligation.

18   **Document Request No. 23**

19       All DOCUMENTS RELATING to any COMMUNICATIONS with Ari

20   Emanuel.

21   **Response to Document Request No. 23**

22       IPW objects to this request on the grounds that it is compound, overbroad,

23   burdensome and oppressive. IPW objects to this request on the grounds that the term

24   "RELATING" is vague and ambiguous, and lacks sufficient precision to allow it to

25   formulate an appropriate response. IPW further objects to this request on the

26   grounds that it is indefinite as to time and not reasonably limited in scope. IPW

27   further objects to this request to the extent that it seeks the production of any item, or

28   portion thereof, which is not reasonably calculated to lead to the discovery of

DC COMICS' MOTION TO COMPEL

1   relevant and admissible evidence. IPW additionally objects to this request to the

2   extent that it seeks communications or items protected by the attorney-client

3   privilege, the joint interest privilege, the attorney work product doctrine and any

4   other privilege or immunity available under law or arising from contractual

5   obligation.

6   **Document Request No. 24**

7        All DOCUMENTS RELATING to the formation of IPW.

8   **Response to Document Request No. 24**

9        IPW objects to this request on the grounds that it is compound, overbroad,

10  burdensome and oppressive. IPW objects to this request on the grounds that the

11  phrases "RELATING" and "RELATING to the formation" are vague and

12  ambiguous, and lack sufficient precision to allow it to formulate an appropriate

13  response. IPW further objects to this request on the grounds that it is indefinite as

14  to time and not reasonably limited in scope. IPW further objects to this request in

15  that it seeks the production of items not reasonably calculated to lead to the discovery

16  of relevant and admissible evidence. IPW objects to this request to the extent that

17  it seeks communications or items protected by the attorney-client privilege, the joint

18  interest privilege, the attorney work product doctrine and any other privilege or

19  immunity available under law or arising from contractual obligation. Subject to and

20  without waiving the foregoing general and specific objections, IPW is willing to meet

21  and confer with Plaintiff regarding the tailoring of this request.

22  **Document Request No. 25**

23       All DOCUMENTS RELATING to the current corporate status of IPW.

24  **Response to Document Request No. 25**

25       IPW objects to this request on the grounds that it is compound, overbroad,

26  burdensome and oppressive. IPW objects to this request on the grounds that the

27  phrases "RELATING" and "RELATING to the current corporate status" are

28  vague and ambiguous, and lack sufficient precision to allow it to formulate an

DC COMICS' MOTION TO COMPEL

appropriate response. IPW further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. IPW further objects to this request in that it seeks the production of items not reasonably calculated to lead to the discovery of relevant and admissible evidence. IPW objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing general and specific objections, IPW is willing to meet and confer with Plaintiff regarding the tailoring of this request.

**Document Request No. 26**

All DOCUMENTS RELATING to the past and current ownership and management structure of IPW, including operating agreements, capitalization schedules, capital accounts, shares, filings, and other financial forms.

**Response to Document Request No. 26**

IPW objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive. IPW objects to this request on the grounds that the phrases "RELATING" and "RELATING to your past and current ownership" are vague and ambiguous, and lack sufficient precision to allow it to formulate an appropriate response. IPW further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. IPW further objects to this request in that it seeks the production of items not reasonably calculated to lead to the discovery of relevant and admissible evidence. IPW objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing general and specific

DC COMICS' MOTION TO COMPEL

1    objections, IPW is willing to meet and confer with Plaintiff regarding the tailoring
2    of this request.

3    **Document Request No. 27**

4    All DOCUMENTS RELATING to any past, current, or planned business
5    activity of IPW.

6    **Response to Document Request No. 27**

7    IPW objects to this request on the grounds that it is compound, overbroad,
8    burdensome and oppressive, as it requests documents "RELATING" to any
9    activity IPW has ever undertaken. IPW further objects to this request on the grounds
10   that the term "<u>RELATING</u>" is vague and ambiguous, and lacks sufficient precision
11   to allow it to formulate an appropriate response. IPW further objects to this
12   request on the grounds that it is indefinite as to time and not reasonably limited
13   in scope. IPW further objects to this request to the extent that it seeks the production
14   of any item, or portion thereof, which is not reasonably calculated to lead to the
15   discovery of relevant and admissible evidence. IPW s additionally objects to this
16   request to the extent that it seeks communications or items protected by the
17   attorney-client privilege, the joint interest privilege, the attorney work product
18   doctrine and any other privilege or immunity available under law or arising from
19   contractual obligation.

20   **Document Request No. 28**

21   All DOCUMENTS RELATING to any past, current, or planned property in
22   which IPW held, holds, or will hold an interest.

23   **Response to Document Request No. 28**

24   IPW objects to this request on the grounds that it is compound, overbroad,
25   burdensome and oppressive, since it requests documents "RELATING" to any
26   property IPW has ever owned or may own in the future. IPW further objects to this
27   request on the grounds that the term "<u>RELATING</u>" is vague and ambiguous, and
28   lacks sufficient precision to allow it to formulate an appropriate response. IPW

DC COMICS' MOTION TO COMPEL

1  further objects to this request on the grounds that it is indefinite as to time and not

2  reasonably limited in scope. IPW further objects to this request to the extent that it

3  seeks the production of any item, or portion thereof, which is not reasonably

4  calculated to lead to the discovery of relevant and admissible evidence. IPW

5  additionally objects to this request to the extent that it seeks communications or items

6  protected by the attorney-client privilege, the joint interest privilege, the attorney

7  work product doctrine and any other privilege or immunity available under law or

8  arising from contractual obligation.

9  **Document Request No. 29**

10      All DOCUMENTS RELATING to any individual or entity that currently holds

11  property or interests formerly held by IPW.

12  **Response to Document Request No. 29**

13      IPW objects to this request on the grounds that it is compound, overbroad,

14  burdensome and oppressive. IPW further objects to this request on the grounds

15  that the phrases "RELATING" and "RELATING to any individual or entity that

16  currently holds property or interests formerly held by IPW" are vague and ambiguous,

17  and lack sufficient precision to allow it to formulate an appropriate response. IPW

18  further objects to this request on the grounds that it is indefinite as to time and

19  not reasonably limited in scope. IPW further objects to this request to the extent

20  that it seeks the production of any item, or portion thereof, which is not

21  reasonably calculated to lead to the discovery of relevant and admissible evidence.

22  IPW additionally objects to this request to the extent that it seeks communications or

23  items protected by the attorney-client privilege, the joint-interest privilege, the

24  attorney work product doctrine and any other privilege or immunity available

25  under law or arising from contractual obligation. Subject to and without waiving

26  the foregoing general and specific objections, IPW is willing to meet and confer

27  with Plaintiff regarding the tailoring of this request.

28

DC COMICS' MOTION TO COMPEL

**Document Request No. 30**

All DOCUMENTS RELATING to any past, current, or planned client of IPW.

**Response to Document Request No. 30**

IPW objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive, since it requests documents "RELATING" to any client IPW has ever had or may have in future. IPW further objects to this request on the grounds that the term "RELATING" is vague and ambiguous, and lack sufficient precision to allow it to formulate an appropriate response. IPW further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. IPW further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. IPW additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.

**Document Request No. 31**

All DOCUMENTS RELATING to any past or current member, employee, or shareholder of IPW.

**Response to Document Request No. 31**

IPW objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive in that it requests any and all documents RELATING to any past or current member, employee, or shareholder of IPW. IPW further objects to this request on the grounds that the term "RELATING" is vague and ambiguous, and lacks sufficient precision to allow it to formulate an appropriate response. IPW s further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. IPW further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence.

DC COMICS' MOTION TO COMPEL

1  IPW additionally objects to this request to the extent that it seeks communications or

2  items protected by the attorney-client privilege, the attorney work product doctrine

3  and any other privilege or immunity available under law or arising from

4  contractual obligation.

5  **Document Request No. 32**

6       All DOCUMENTS RELATING to any past, current, or planned partnership or

7  strategic alliance between IPW and any individual or entity.

8  **Response to Document Request No. 32**

9       IPW objects to this request on the grounds that it is compound, overbroad,

10  burdensome and oppressive. , as it could be reasonably construed to request all

11  documents RELATING to any business conducted by IPW. IPW further objects to

12  this request on the grounds that the phrases "<u>RELATING</u>" and "<u>RELATING to any</u>

13  <u>past, current, or planned partnership or strategic alliance</u>" are vague and

14  ambiguous, and lack sufficient precision to allow it to formulate an appropriate

15  response. IPW further objects to this request on the grounds that it is indefinite as

16  to time and not reasonably limited in scope. IPW additionally objects to this

17  request to the extent that it seeks communications or items protected by the

18  attorney-client privilege, the joint-interest privilege, the attorney work product

19  doctrine and any other privilege or immunity available under law or arising from

20  contractual obligation.

21  **Document Request No. 33**

22       All DOCUMENTS RELATING to any claim of insurance you have asserted

23  regarding this action.

24  **Response to Document Request No. 33**

25       IPW objects to this request on the grounds that it is compound, overbroad,

26  burdensome and oppressive. IPW further objects to this request on the grounds

27  that the term "<u>RELATING</u>" is vague and ambiguous, and lacks sufficient

28  precision to allow it to formulate an appropriate response. IPW further objects to

DC COMICS' MOTION TO COMPEL

1   this request on the grounds that it is indefinite as to time and not reasonably limited

2   in scope. IPW further objects to this request to the extent that it seeks the production

3   of any item, or portion thereof, which is not reasonably calculated to lead to the

4   discovery of relevant and admissible evidence. IPW objects to this request to the

5   extent that it seeks communications or items protected by the attorney-client

6   privilege, the joint interest privilege, the attorney work product doctrine and any

7   other privilege or immunity available under law or arising from contractual

8   obligation. Subject to and without waiving the foregoing general and specific

9   objections, IPW will produce responsive non-privileged documents, if any,

10   consistent with its understanding of this request.

11

12   (underlining added)

13

14

15   CC1:846834

16

17

18

19

20

21

22

23

24

25

26

27

28

       DC COMICS' MOTION TO COMPEL