# EXHIBIT D

**Subject:** FW: DC Comics v. PPC Meet and Confer Letter

**From:** Kline, Matthew
**Sent:** Thursday, July 22, 2010 6:32 PM
**To:** 'Laura Brill'
**Cc:** Petrocelli, Daniel; Richard Kendall
**Subject:** RE: DC Comics v. PPC Meet and Confer Letter

Laura,

The Toberoff Timeline has been a public document and a matter of public record since March 2, 2009, when the parties filed their Joint Stipulation Regarding Defendants' Motion To Reopen Discovery, To Compel Production of Documents, and To Compel the Further Deposition of Kevin Marks in the Siegel case. The document has been part of the public file ever since, with your client's knowledge and complete inaction. When your client was informed by DC Comics that it would file and use the document publicly in the Siegel case roughly a year-and-a-half ago, DC Comics informed your client that if he had any objections to its filing and using the document, he should seek a protective order. He never did so, and he never argued that any use of the document must be delayed pending judgment and appeal in the Siegel case. His position that the document cannot be used now is completely without merit.

Indeed, when DC Comics filed the complaint in the current PPC case in May--and attached a copy of the Timeline as an exhibit--your client, your firm, and all of the defendants in the PPC case did nothing about the issue for two months. Indeed, we had numerous discussions about the case with your client and Dick, and not once did either of them mention addressing this issue, much less any urgency about doing so right away. This is despite the fact that we discussed scheduling issues numerous times, which motions your side would file and when, and how to make accommodations for your respective schedules, so they could be filed. By virtue of your client's inaction, the Timeline is not only a part of the public record but is also easily available on the Internet. E.g., Matthew Belloni, Read the Warner Bros. Lawsuit Against Superman Lawyer, The Hollywood Report (May 14, 2010), http://thresq.hollywoodreporter.com/2010/05/warner-bros-.html; Drew Combs, At Heart of Superman Suit, a Disappearing Lawyer with a Grudge, The AmLaw Daily (May 20, 2010), http://amlawdaily.typepad.com/amlawdaily/2010/05/superman.html. It is plain that the document is not confidential.

On the question of discovery and document issues to be resolved in the case and when, soon after filing the complaint, we sent your side email after email seeking to set up a meet and confer on discovery issues, and those requests were either resisted, ignored, or any meeting was delayed to accommodate your side's competing scheduling demands. At no time in

1

EXHIBIT D
7

responding to these many requests or as a part of these discussions was this allegedly "urgent" issue raised.  Moreover, when we finally set a meet-and-confer date for July 13, your side gave us no advance notice of this Toberoff Timeline issue.  Rather, your side merely mentioned it in the final minutes of a multi-hour discussion--and in the context of not giving us any firm assurances that your side would agree to the discovery we had properly teed up for our meet and confer and had been seeking for some time.  In addition, in the course of the meeting, your side refused to answer questions about the Timeline, despite the fact that your client has discussed the document repeatedly with members of the press.  Notably, your letter seeking the meet-and-confer provides none of the factual details that were requested, nor any promise to provide them.

In short, the urgency your client seeks to invent about this issue--when your client waived his rights repeatedly, starting some 17 months--is obvious and belied by the record.  Tellingly, when Dick and I spoke earlier this week he said nothing about your side demanding a conference within the 10-day period that you now invoke. If you want to change positions now, and need to ruin weekends and holidays to discuss this issue and create a sense of urgency where none exists, I will reach out to Dan in Europe and try to set up something.  I hope we can avoid interrupting his family vacation after a year-long trial to do that, and trust instead that we can set a meeting for July 29 or 30 or the first week of August, as we proposed. The 29th, as you know, would be 13 days after you sent your letter--a far more expedited response for a meet and confer than we got from your client on the discovery issues we raised.

Thanks,

Matt

---

**From:** Laura Brill [mailto:lbrill@kbkfirm.com]
**Sent:** Thursday, July 22, 2010 6:32 AM
**To:** Kline, Matthew
**Cc:** Petrocelli, Daniel; Richard Kendall
**Subject:** RE: DC Comics v. PPC Meet and Confer Letter

Dear Matt,

Local Rule 37-1 provides for the meet and confer to take place within 10 days of the date of the letter requesting the meet and confer.  Given the very serious issues involved in your client's efforts to make use of the Toberoff Timeline prior to appellate review of the rulings leading to its disclosure, we would like to have the court address the need for a protective order as to the scope of discovery as soon as possible.

We would be happy to arrange for Dan to participate telephonically in the meet and confer this week.  I will note that we have already made you aware of the legal basis of the motion during our original in-person meet and confer with you and Dan, which took place on July 13, 2010.  You and he informed us at that time that DC Comics wishes to take a variety of depositions immediately and wishes to use these depositions to question the witnesses regarding the details of the Toberoff Timeline, which was produced in response to discovery orders that were and remain disputed.  When we made you aware of our objections to the scope of such discovery and the need for appellate review of the underlying orders, and referred you to the unanimous Supreme Court decision in *Mohawk v. Carpenter*, you did not agree with our

2

EXHIBIT D
8

position, and it became quite clear that a motion for a protective order would be necessary.  We thereafter promptly started the meet and confer process on a motion for protective order through the formal Rule 37 letter, which I sent you on July 16.

If you and Dan insist on having the meet and confer next week while Dick and I are both on vacation, then either he will participate in the meet and confer during his vacation or I will do so from mine.  I am available to meet and confer any time today and any time tomorrow except 12:30-2 pm.  I can also make myself available on Saturday, July 24 if that is the only time that work for you and Dan.  I again request that you send me some times that you are available.  If you will not meet and confer this week, please send me some times on or before July 26 that work for you and/or Dan.

Thank you,
Laura

**Laura W. Brill**
Kendall Brill & Klieger LLP

PLEASE NOTE:  This message, including any attachments, may include privileged, confidential and/or inside information.  Any distribution or use of this communication by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful.  If you are not the intended recipient, please notify the sender by replying to this message and then delete it from your system.  Thank you.

---

**From:** Kline, Matthew [mailto:MKline@OMM.com]
**Sent:** Wednesday, July 21, 2010 11:20 PM
**To:** Laura Brill
**Cc:** Petrocelli, Daniel; Richard Kendall
**Subject:** Re: DC Comics v. PPC Meet and Confer Letter

Thanks for the email, Laura.  Tomorrow and Friday don't work.  As I mentioned to Dick when he called me earlier this week, Dan wants to be a part of this meet and confer, and your team knew when you sent us your letter that Dan would be out of town until next week.  You raised the issue set forth in your letter in response to the meet-and-confer discussions we initiated and met on last week, and I only wish we could have teed up your issues before we met and before Dan left the country.  Instead, we got your letter making the formal request while he was on the road, and the letter asked for a meeting at a time when Dan said he'd be unavailable.  I'm sure that was unintentional, but we are where we are.  When Dick and I talked, we tried to discuss some dates to meet next week.  He said you'd be out of town for the next two weeks, and he'd be gone for one himself, so next week didn't work.  While he said he'd prefer that I handle the meet and confer this week, I said I wasn't sure that was possible, and he said that when he returned he could handle the meet and confer on his own.

The net-net, I think, is perhaps Dick and Dan will have to set a time to address this issue when they are both back in town.  As Dan and I mentioned, we will also aim to get you next week responses to your two letters.

Thanks and safe travels,

Matt

---

**From**: Laura Brill <lbrill@kbkfirm.com>
**To**: Kline, Matthew
**Cc**: Petrocelli, Daniel; Richard Kendall <rkendall@kbkfirm.com>
**Sent**: Wed Jul 21 16:27:14 2010
**Subject**: FW: DC Comics v. PPC Meet and Confer Letter

Matt,

I'm writing to follow up on the email below.  As I believe Dick mentioned to you, I will be out on vacation next week.  I would like to set up a time tomorrow or Friday to meet and confer about whether a motion for a protective order is necessary or whether there is a possibility for agreement concerning the matters raised in the attached letter.  Please let me know when you are available.

Many thanks,
Laura



**Laura W. Brill**
Kendall Brill & Klieger LLP

PLEASE NOTE:  This message, including any attachments, may include privileged, confidential and/or inside information.  Any distribution or use of this communication by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful.  If you are not the intended recipient, please notify the sender by replying to this message and then delete it from your system.  Thank you.

---

**From:** Laura Brill
**Sent:** Friday, July 16, 2010 3:40 PM
**To:** 'dpetrocelli@omm.com'
**Cc:** 'MKline@OMM.com'; Richard Kendall
**Subject:** DC Comics v. PPC Meet and Confer Letter

Dan,

Please see the attached letter.

Regards,
Laura Brill


**Kendall Brill Klieger**

**Laura W. Brill**
Kendall Brill & Klieger LLP
10100 Santa Monica Blvd., Suite 1725
Los Angeles, California 90067

Tel:  (310) 556-2700
Direct:  (310) 272-7922
Fax:  (310) 556-2705
E-mail:  lbrill@kbkfirm.com
Web:  www.kbkfirm.com

PLEASE NOTE:  This message, including any attachments, may include privileged, confidential and/or inside information.  Any distribution or use of this communication by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful.  If you are not the intended recipient, please notify the sender by replying to this message and then delete it from your system.  Thank you.