# EXHIBIT E

1  DANIEL M. PETROCELLI (S.B. #97802)
   dpetrocelli@omm.com
2  MATTHEW T. KLINE (S.B. #211640)
   mkline@omm.com
3  CASSANDRA L. SETO (S.B. #246608)
   cseto@omm.com
4  O'MELVENY & MYERS LLP
   1999 Avenue of the Stars, 7th Floor
5  Los Angeles, CA 90067-6035
   Telephone:  (310) 553-6700
6  Facsimile:   (310) 246-6779

7  PATRICK T. PERKINS (admitted *pro hac vice*)
   pperkins@ptplaw.com
8  PERKINS LAW OFFICE, P.C.
   1711 Route 9D
9  Cold Spring, NY 10516
   Telephone:  (845) 265-2820
10 Facsimile:   (845) 265-2819

11 Attorneys for Plaintiff DC Comics

12                UNITED STATES DISTRICT COURT

13                CENTRAL DISTRICT OF CALIFORNIA

14

15 DC COMICS,                          Case No. CV-10-3633 ODW (RZx)

                 Plaintiff,            **DISCOVERY MATTER**
16
        v.                             **PLAINTIFF DC COMICS' FIRST
17                                     SET OF REQUESTS FOR
   PACIFIC PICTURES                    PRODUCTION TO DEFENDANT
18 CORPORATION, IP WORLDWIDE,          MARC TOBEROFF**
   LLC, IPW, LLC, MARC TOBEROFF,
19 an individual, MARK WARREN          **Judge**:  Hon. Otis D. Wright II
   PEARY, as personal representative of **Magistrate**:  Hon. Ralph Zarefsky
20 the ESTATE OF JOSEPH SHUSTER,
   JEAN ADELE PEAVY, an individual,
21 JOANNE SIEGEL, an individual,
   LAURA SIEGEL LARSON, an
22 individual, and DOES 1-10, inclusive,

23               Defendants.

24

25 **PROPOUNDING PARTY**:    Plaintiff DC Comics

26 **RESPONDING PARTY**:     Defendant Marc Toberoff

27 **SET NUMBER**:           One (Document Request Nos. 1-60)

28

Pursuant to Federal Rule of Civil Procedure 34, plaintiff DC Comics hereby requests that defendant Marc Toberoff produce for inspection and copying all documents described in the following Requests for Production, in accordance with the definitions and instructions contained therein, by no later than January 10, 2011.

## DEFINITIONS AND INSTRUCTIONS

1.    "DOCUMENT" shall be interpreted in its broadest sense to include any and all "documents" and "other tangible things" as those terms are understood in Federal Rule of Civil Procedure 34, including, without limitation, any "writing," "recording," or "photograph" as those terms are defined in Federal Rule of Evidence 1001.  This shall include, but is not limited to:  e-mail, audio or video recordings, correspondence, letters, phone messages, notes, memoranda, facsimiles, publications, contracts, agreements, calendars, drafts of proposed contracts or agreements, papers, and photographs.

2.    "COMMUNICATION" means all written, electronic, oral, telephonic, gesture, or other transmission or exchange of information, including without limitation any inquiry, request, dialogue, discussion, conversation, interview, correspondence, letter, note, consultation, negotiation, agreement, understanding, meeting, e-mail, and all DOCUMENTS evidencing any verbal or nonverbal interaction between any individuals or entities.

3.    "REFER" or "RELATE" (or any conjugation thereof) means, without limitation, evidence, reflect, summarize, constitute, contain, study, analyze, explain, mention, show, discuss, describe, or comment upon.

4.    "OBTAIN" (or any conjugation thereof) means, without limitation, acquire, attain, capture, come by, gain, garner, get, procure, or secure.

5.    "PERSON" means any natural person, firm, association, corporation, partnership, or other legal entity or organization separately identifiable, and any department(s) or division(s) therein.

PL.'S FIRST SET OF REQS. FOR
PRODUC. TO DEF. MARC TOBEROFF

EXHIBIT E
12

1    6.    "YOU" or "YOUR" means Marc Toberoff and, as applicable, any

2    PERSON in which he has a controlling ownership interest or that is acting on his

3    behalf, including but not limited to his/their agents, employees, attorneys, and

4    representatives.

5    7.    "DEFENDANT" or "DEFENDANTS" means, collectively and

6    severally, any defendant in the above-entitled action, including YOU; Pacific

7    Pictures Corporation; IP Worldwide, LLC; IPW, LLC; Mark Warren Peary, on

8    behalf of the Estate of Joseph Shuster; Jean Adele Peavy; Joanne Siegel; and

9    Laura Siegel Larson and, as applicable, any PERSON acting on their behalf,

10    including but not limited to their agents, employees, attorneys, and

11    representatives.

12    8.    "SIEGEL HEIRS" means, collectively and severally, Joanne Siegel,

13    Laura Siegel Larson, Dennis Larson, Michael Siegel, or any other executor,

14    administrator, heir, relative, or representative of Jerome Siegel and, as applicable,

15    any PERSON acting on their behalf, including but not limited to their agents,

16    employees, attorneys, and representatives.

17    9.    "SHUSTER HEIRS" means, collectively and severally, the Estate of

18    Joseph Shuster, Jean Adele Peavy, Mark Warren Peary, Dawn Peavy, Frank

19    Shuster, or any other executor, administrator, heir, relative, or representative of

20    Joseph Shuster and, as applicable, any PERSON acting on their behalf, including

21    but not limited to their agents, employees, attorneys, and representatives.

22    10.    "SUPERMAN" means the Superman character as delineated in

23    literary works such as comic books, newspapers, novels, radio programs,

24    television programs, and motion pictures, and any of the works in which he

25    appears, including but not limited to *Action Comics. No. 1*.

26    11.    "SUPERBOY" means the Superboy character as delineated in

27    literary works such as comic books, newspapers, novels, radio programs,

28

- 2 -

1  television programs, and motion pictures, and any of the works in which he

2  appears, including but not limited to *More Fun Comics No. 101*.

3      12.   "TOBEROFF TIMELINE" means the undated document titled

4  "Superman – Marc Toberoff Timeline," attached as Exhibit A to the First

5  Amended Complaint filed by plaintiff DC Comics on September 3, 2010 in the

6  above-entitled action.

7      13.   "TOBEROFF TIMELINE AUTHOR" means any PERSON who

8  YOU believe was involved in creating, writing, or transmitting the TOBEROFF

9  TIMELINE, and, as applicable, any PERSON acting on their behalf, including

10  but not limited to their agents, employees, attorneys, and representatives.

11      14.   "ALLEGED GRAND JURY INVESTIGATION" means the

12  proceeding YOU REFER to in paragraph 14 of the October 4, 2010 declaration

13  YOU submitted in the above-entitled action (Docket No. 99-1), which provides:

14          The theft of privileged documents from my law offices and their
15      transmittal with an anonymous cover letter, entitled the "Toberoff
        Timeline," to DC's in-house legal team, as well as to other executives
16      of DC's parent company, Warner Bros., by a former junior attorney at
        my firm, is the subject of an ongoing grand jury investigation initiated
17      by the United States Attorney for the Central District of California.

18      15.   "ALLEGED DISCIPLINARY ACTION" means the action

19  REFERRED to in an article titled "At Heart of Superman Suit, a Disappearing

20  Lawyer with a Grudge," published by the Am Law Daily on May 21, 2010,

21  purportedly based on a discussion with YOU, which states:

22          That the letter to Warner's included a note saying the timeline
        information could lead to Toberoff being "suspended" and "disgraced"
23      isn't something Toberoff takes lightly.  He says he expects to reveal
        the mysterious lawyer's identity as part of his broader response to the
24      Warner's suit.

25          Even more ominously, Toberoff says he is considering reporting
        the associate's actions to the California bar.
26

      16.   "INCLUDING" means "including, but not limited to."
27
      17.   "Any" and "All" are interchangeable.
28

PL.'S FIRST SET OF REQS. FOR
PRODUC. TO DEF. MARC TOBEROFF

18.    The singular form includes the plural form, and vice versa.

19.    YOU are instructed to produce all DOCUMENTS that are responsive to these Requests and that are in YOUR possession, custody, or control. A DOCUMENT is in YOUR "possession, custody, or control" if it is in YOUR physical possession, or if, as a practical matter, YOU have the ability, upon request, to OBTAIN possession of the DOCUMENT or a copy thereof from another person or entity that has physical possession of the DOCUMENT.

20.    If any DOCUMENT or category of DOCUMENTS is not produced in full, please state with particularity the reason or reasons it is not being produced in full, and describe, to the best of YOUR knowledge, information and belief, and with as much particularity as possible, the DOCUMENT or portions of the DOCUMENT that are not being produced.

21.    Each DOCUMENT is to be produced as it is kept in the usual course of business, including all file folders, binders, notebooks, and other devices by which such DOCUMENTS may be organized or separated.

22.    If YOU withhold any DOCUMENT, or portion of a DOCUMENT, on grounds that it is protected from discovery by the attorney-client privilege, work-product doctrine, or other privilege or immunity from discovery, please set forth, for each DOCUMENT or portion of a DOCUMENT withheld:

(a)    The place, approximate date, and manner of recording, creating or otherwise preparing the DOCUMENT;

(b)    The names and organization position, if any, of each author, sender, and recipient of the DOCUMENT;

(c)    A general description of the subject matter of the DOCUMENT;

(d)    The basis of any claim of privilege; and

(e)    If work-product is asserted, the proceeding for which the DOCUMENT was created.

- 4 -

23.     For any DOCUMENT or category of DOCUMENTS that was, but no longer is, in YOUR possession, custody or control, please describe each such DOCUMENT as completely as possible and provide the following information:

      (a)     The reason the DOCUMENT is no longer in YOUR possession, custody or control;

      (b)     The person or entity, if any, who has possession, custody or control or, if unknown, so state; and

      (c)     If the DOCUMENT was destroyed or otherwise disposed of, state (i) the manner of disposal (*i.e.*, destruction, loss, discarding or other means of disposal); (ii) the date of disposal; (iii) the reason for disposal; (iv) the person authorizing disposal; (v) the person disposing of the DOCUMENT; and (vi) the name and address of the most recent custodian of the DOCUMENT.

24.     Each Request shall be construed independently and no Request shall be viewed as limiting the scope of any other Request.

25.     All responsive DOCUMENTS maintained or stored in electronic format shall be produced in native file format with all associated metadata preserved.  All responsive DOCUMENTS maintained in hard copy shall be produced in TIFF.

26.     The collection and production of DOCUMENTS shall be performed in a manner that ensures that the source of each DOCUMENT may be determined, if necessary.

27.     DOCUMENTS attached to each other shall not be separated.

28.     These Requests impose a continuing obligation subsequent to YOUR initial production within thirty days of the service date of these Requests, or other date mutually agreed upon by the parties, to timely supplement YOUR response or production if YOU determine that YOUR response or production is incomplete or incorrect.

PL.'S FIRST SET OF REQS. FOR
PRODUC. TO DEF. MARC TOBEROFF

EXHIBIT E
16

## **DOCUMENTS REQUESTED**

1.      All agreements between or among YOU and any DEFENDANT RELATING to the SIEGEL HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

2.      All agreements between or among YOU and any DEFENDANT RELATING to the SHUSTER HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

3.      All agreements between or among YOU and any DEFENDANT.

4.      All agreements between or among YOU and any third party RELATING to SUPERMAN and/or SUPERBOY.

5.      All DOCUMENTS RELATING to SUPERMAN and/or SUPERBOY.

6.      All DOCUMENTS OBTAINED by YOU prior to October 1, 2002, RELATING to negotiations between the SIEGEL HEIRS and DC Comics RELATING to SUPERMAN and/or SUPERBOY.

7.      All DOCUMENTS RELATING to the SIEGEL HEIRS OBTAINED by YOU prior to October 1, 2002.

8.      All DOCUMENTS RELATING to the SHUSTER HEIRS OBTAINED by YOU prior to YOUR initial contact with any of them.

9.      All DOCUMENTS RELATING to any of the DEFENDANTS OBTAINED by YOU prior to YOUR initial contact with each of them.

10.     All DOCUMENTS RELATING to your past, current, or potential ownership interest in any rights in SUPERMAN and/or SUPERBOY.

11.     All DOCUMENTS RELATING to YOUR ability to negotiate or enter into agreements regarding SUPERMAN and/or SUPERBOY.

12.     All DOCUMENTS RELATING to or affecting the disposition, division, or ownership of any rights in SUPERMAN and/or SUPERBOY.

13.     All DOCUMENTS RELATING to or affecting the division of revenue, proceeds, or other profits regarding SUPERMAN and/or SUPERBOY.

- 6 -

PL.'S FIRST SET OF REQS. FOR
PRODUC. TO DEF. MARC TOBEROFF

14. All DOCUMENTS RELATING to or affecting the division of any settlement proceeds regarding SUPERMAN and/or SUPERBOY.

15. All DOCUMENTS RELATING to the potential sale, assignment, license, or other disposition of any rights RELATING to SUPERMAN and/or SUPERBOY, including but not limited to any solicitation, offer, option, or proposed agreement.

16. All DOCUMENTS RELATING to any efforts YOU have made to sell, lease, license, or otherwise exploit any rights in SUPERMAN and/or SUPERBOY.

17. All DOCUMENTS RELATING to any potential investors or other PERSONS who have expressed interest in purchasing or otherwise investing in any rights in SUPERMAN and/or SUPERBOY.

18. All DOCUMENTS RELATING to the valuation of any past, current, or potential ownership interest in SUPERMAN and/or SUPERBOY.

19. All DOCUMENTS RELATING to any internal or external investigation YOU participated in regarding the TOBEROFF TIMELINE AUTHOR and/or the TOBEROFF TIMELINE, including the findings of any such investigation.

20. All DOCUMENTS RELATING to any COMMUNICATIONS YOU have had with the TOBEROFF TIMELINE AUTHOR since July 2006.

21. All DOCUMENTS RELATING to the ALLEGED GRAND JURY INVESTIGATION.

22. All DOCUMENTS RELATING to the ALLEGED DISCIPLINARY ACTION.

23. All DOCUMENTS RELATING to any legal, administrative, or disciplinary action YOU have participated in regarding the TOBEROFF TIMELINE AUTHOR or the TOBEROFF TIMELINE, including any COMMUNICATIONS YOU have had with law enforcement or the state bar association.

- 7 -

PL.'S FIRST SET OF REQS. FOR
PRODUC. TO DEF. MARC TOBEROFF

24.    All DOCUMENTS RELATING to any COMMUNICATIONS YOU have had with the SIEGEL HEIRS RELATED to the TOBEROFF TIMELINE AUTHOR or the TOBEROFF TIMELINE.

25.    All DOCUMENTS RELATING to any COMMUNICATIONS YOU have had with the SHUSTER HEIRS RELATED to the TOBEROFF TIMELINE AUTHOR or the TOBEROFF TIMELINE.

26.    All DOCUMENTS RELATING to any COMMUNICATIONS YOU have had with third parties RELATED to the TOBEROFF TIMELINE AUTHOR or the TOBEROFF TIMELINE.

27.    All DOCUMENTS RELATING to YOUR introduction to the SIEGEL HEIRS.

28.    All DOCUMENTS RELATING to YOUR introduction to the SHUSTER HEIRS.

29.    All DOCUMENTS RELATING to the transfer of any property or interest between or among YOU and any DEFENDANT.

30.    All COMMUNICATIONS RELATING to any disclosure of a potential or actual conflict of interest by or to YOU or any DEFENDANT.

31.    All DOCUMENTS RELATING to any waiver or acknowledgement of a potential or actual conflict of interest by or to YOU or any DEFENDANT.

32.    All DOCUMENTS RELATING to any past, current, or planned partnership or strategic alliance between YOU and any individual or entity RELATING to any DEFENDANT.

33.    All DOCUMENTS RELATING to any past, current, or planned partnership or strategic alliance between YOU and any individual or entity RELATING to any intellectual property rights.

34.    All DOCUMENTS RELATING to the letter agreement dated November 23, 2001 that YOU signed with the SHUSTER HEIRS.

35.    All DOCUMENTS RELATING to Ari Emanuel.

- 8 -

36.    All DOCUMENTS RELATING to any COMMUNICATIONS with Ari Emanuel.

37.    All DOCUMENTS RELATING to the Memorandum of Agreement dated February 2, 2002 that YOU signed with Ari Emanuel.

38.    All DOCUMENTS RELATING to any contributions by YOU to the IP Worldwide joint venture dated February 2, 2002 between DEFENDANT Pacific Pictures Corporation and Ari Emanuel.

39.    All DOCUMENTS RELATING to YOUR identification of "JS Claims" in Appendix 1 to the February 2, 2002 Memorandum of Agreement.

40.    All DOCUMENTS RELATING to the letter agreement dated October 27, 2003 that YOU signed with the SHUSTER HEIRS.

41.    All DOCUMENTS RELATING to the letter dated September 10, 2004 that YOU signed with the SHUSTER HEIRS.

42.    All DOCUMENTS RELATING to any COMMUNICATION between YOU and Kevin Marks.

43.    All DOCUMENTS RELATING to any COMMUNICATION RELATING to the "Declaration of Kevin S. Marks in Support of Toberoff Defendants' Reply Memorandum in Support of Motion to Strike Plaintiff's State Law Causes of Action Pursuant to California's Anti-SLAPP Law (Cal. Code Civ. Proc. § 425,16)" filed in the above-entitled action on October 4, 2010 (Docket No. 98-3), including any and all drafts of that declaration and any and all DOCUMENTS reflecting the contents of that declaration.

44.    All DOCUMENTS RELATING to the letter dated August 9, 2002 from Kevin Marks to Joanne and/or Laura Siegel.

45.    All DOCUMENTS RELATING to any COMMUNICATION between YOU and Don Bulson RELATING to the rights in SUPERMAN and/or SUPERBOY.

- 9 -

PL.'S FIRST SET OF REQS. FOR
PRODUC. TO DEF. MARC TOBEROFF

46.    All DOCUMENTS RELATING to any COMMUNICATION between YOU and Michael Siegel RELATING to the rights in SUPERMAN and/or SUPERBOY.

47.    All DOCUMENTS RELATING to any COMMUNICATION between YOU and Warner Bros. executive Steven Spira regarding the rights in SUPERMAN and/or SUPERBOY.

48.    All DOCUMENTS RELATING to any COMMUNICATION between or among Laura Siegel Larson and Michael Siegel.

49.    All DOCUMENTS RELATING to YOUR involvement with or awareness of the May 9, 2002 letter from DEFENDANT Joanne Siegel to Time Warner Inc.

50.    All DOCUMENTS RELATING to YOUR involvement with or awareness of the September 21, 2002 letter from DEFENDANTS Joanne Siegel and Laura Siegel Larson to Kevin Marks.

51.    All DOCUMENTS RELATING to YOUR involvement with or awareness of the September 21, 2002 letter from DEFENDANTS Joanne Siegel and Laura Siegel Larson to DC Comics.

52.    All DOCUMENTS RELATING to the letter agreement dated October 3, 2002 that YOU signed on behalf of DEFENDANT IP Worldwide, LLC, and any revisions, modifications, or adjustments thereto.

53.    All DOCUMENTS RELATING to the Notice of Termination of Transfer Covering Extended Renewal Term:  Superboy served on behalf of the SIEGEL HEIRS on or around November 8, 2002.

54.    All DOCUMENTS RELATING to the Transfer Covering Extended Copyright Renewal Term of "Superman" served on behalf of the Estate of Joseph Shuster on November 10, 2003.

55.    All DOCUMENTS RELATING to any COMMUNICATIONS you have initiated with holders of putative copyright termination rights in connection

- 10 -

PL.'S FIRST SET OF REQS. FOR
PRODUC. TO DEF. MARC TOBEROFF

1    with your encouraging them to exercise such copyright termination right, whether

2    or not such right was ever exercised.

3        56.    All DOCUMENTS RELATING to your role and ownership interest in

4    Pacific Pictures Corporation, including, articles of organization, operating

5    agreements, minutes, capital tables or other DOCUMENTS evidencing capital

6    accounts or capital structure, filings, income statements, business plans, etc.

7        57.    All DOCUMENTS RELATING to your role and ownership interest in

8    IP Worldwide LLC, including, articles of organization, operating agreements,

9    minutes, capital tables or other DOCUMENTS evidencing capital accounts or

10    capital structure, filings, income statements, business plans, etc.

11        58.    All DOCUMENTS RELATING to your role and ownership interest in

12    IPW, LLC, including, articles of organization, operating agreements, minutes,

13    capital tables or other DOCUMENTS evidencing capital accounts or capital

14    structure, filings, income statements, business plans, etc.

15        59.    All DOCUMENTS RELATING to any claim of insurance you have

16    asserted regarding this action.

17        60.    All DOCUMENTS RELATING to YOUR DOCUMENT maintenance

18    and retention policies.

19

20    Dated:  December 10, 2010                Respectfully submitted,

21                                            O'MELVENY & MYERS LLP

22                                            By: _____

23                                                Daniel M. Petrocelli

24                                            Attorneys for Plaintiff DC Comics

25

26

27

28

- 11 -

1   DANIEL M. PETROCELLI (S.B. #97802)
     dpetrocelli@omm.com
2   MATTHEW T. KLINE (S.B. #211640)
     mkline@omm.com
3   CASSANDRA L. SETO (S.B. #246608)
     cseto@omm.com
4   O'MELVENY & MYERS LLP
    1999 Avenue of the Stars, 7th Floor
5   Los Angeles, CA 90067-6035
    Telephone:  (310) 553-6700
6   Facsimile:   (310) 246-6779

7   PATRICK T. PERKINS (admitted *pro hac vice*)
     pperkins@ptplaw.com
8   PERKINS LAW OFFICE, P.C.
    1711 Route 9D
9   Cold Spring, NY 10516
    Telephone:  (845) 265-2820
10  Facsimile:   (845) 265-2819

11  Attorneys for Plaintiff DC Comics

12

13            **UNITED STATES DISTRICT COURT**

            **CENTRAL DISTRICT OF CALIFORNIA**

14

15  DC COMICS,

16           Plaintiff,

17     v.

18  PACIFIC PICTURES
    CORPORATION, IP WORLDWIDE,
19  LLC, IPW, LLC, MARC TOBEROFF,
    an individual, MARK WARREN
20  PEARY, as personal representative of
    the ESTATE OF JOSEPH SHUSTER,
21  JEAN ADELE PEAVY, an individual,
    JOANNE SIEGEL, an individual,
22  LAURA SIEGEL LARSON, an
    individual, and DOES 1-10, inclusive,
23
           Defendants.
24

Case No. CV-10-3633 ODW (RZx)

**DISCOVERY MATTER**

**PLAINTIFF DC COMICS' FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT IPW, LLC**

**Judge:**  Hon. Otis D. Wright II
**Magistrate:**  Hon. Ralph Zarefsky

25  **PROPOUNDING PARTY:**   Plaintiff DC Comics

26  **RESPONDING PARTY:**   Defendant IPW, LLC

27  **SET NUMBER:**          One (Document Request Nos. 1-34)

28

1        Pursuant to Federal Rule of Civil Procedure 34, plaintiff DC Comics hereby

2    requests that defendant IPW, LLC produce for inspection and copying all

3    documents described in the following Requests for Production, in accordance with

4    the definitions and instructions contained therein, by no later than January 10, 2011.

5        **<u>DEFINITIONS AND INSTRUCTIONS</u>**

6        1.    "DOCUMENT" shall be interpreted in its broadest sense to include

7    any and all "documents" and "other tangible things" as those terms are

8    understood in Federal Rule of Civil Procedure 34, including, without limitation,

9    any "writing," "recording," or "photograph" as those terms are defined in Federal

10   Rule of Evidence 1001.  This shall include, but is not limited to:  e-mail, audio or

11   video recordings, correspondence, letters, phone messages, notes, memoranda,

12   facsimiles, publications, contracts, agreements, calendars, drafts of proposed

13   contracts or agreements, papers, and photographs.

14       2.    "COMMUNICATION" means all written, electronic, oral,

15   telephonic, gesture, or other transmission or exchange of information, including

16   without limitation any inquiry, request, dialogue, discussion, conversation,

17   interview, correspondence, letter, note, consultation, negotiation, agreement,

18   understanding, meeting, e-mail, and all DOCUMENTS evidencing any verbal or

19   nonverbal interaction between any individuals or entities.

20       3.    "REFER" or "RELATE" (or any conjugation thereof) means,

21   without limitation, evidence, reflect, summarize, constitute, contain, study,

22   analyze, explain, mention, show, discuss, describe, or comment upon.

23       4.    "OBTAIN" (or any conjugation thereof) means, without limitation,

24   acquire, attain, capture, come by, gain, garner, get, procure, or secure.

25       5.    "PERSON" means any natural person, firm, association, corporation,

26   partnership, or other legal entity or organization separately identifiable, and any

27   department(s) or division(s) therein.

28

PL.'S FIRST SET OF REQS. FOR
PRODUC. TO DEF. IPW, LLC

EXHIBIT E
24

6.      "YOU" or "YOUR" or "IPW" means IPW, LLC and, as applicable, any PERSON in which it has a controlling interest or that is acting on its behalf, including but not limited to its agents, employees, attorneys, and representatives.

7.      "DEFENDANT" or "DEFENDANTS" means, collectively and severally, any defendant in the above-entitled action, including YOU; Pacific Pictures Corporation; IP Worldwide, LLC; Marc Toberoff; Mark Warren Peary, on behalf of the Estate of Joseph Shuster; Jean Adele Peavy; Joanne Siegel; and Laura Siegel Larson and, as applicable, any PERSON acting on their behalf, including but not limited to their agents, employees, attorneys, and representatives.

8.      "SIEGEL HEIRS" means, collectively and severally, Joanne Siegel, Laura Siegel Larson, Dennis Larson, Michael Siegel, or any other executor, administrator, heir, relative, or representative of Jerome Siegel and, as applicable, any PERSON acting on their behalf, including but not limited to their agents, employees, attorneys, and representatives.

9.      "SHUSTER HEIRS" means, collectively and severally, the Estate of Joseph Shuster, Jean Adele Peavy, Mark Warren Peary, Dawn Peavy, Frank Shuster, or any other executor, administrator, heir, relative, or representative of Joseph Shuster and, as applicable, any PERSON acting on their behalf, including but not limited to their agents, employees, attorneys, and representatives.

10.     "SUPERMAN" means the Superman character as delineated in literary works such as comic books, newspapers, novels, radio programs, television programs, and motion pictures, and any of the works in which he appears, including but not limited to *Action Comics. No. 1*.

11.     "SUPERBOY" means the Superboy character as delineated in literary works such as comic books, newspapers, novels, radio programs, television programs, and motion pictures, and any of the works in which he appears, including but not limited to *More Fun Comics No. 101*.

PL.'S FIRST SET OF REQS. FOR
PRODUC. TO DEF. IPW, LLC

12.    "INCLUDING" means "including, but not limited to."

13.    "Any" and "All" are interchangeable.

14.    The singular form includes the plural form, and vice versa.

15.    YOU are instructed to produce all DOCUMENTS that are responsive to these Requests and that are in YOUR possession, custody, or control.  A DOCUMENT is in YOUR "possession, custody, or control" if it is in YOUR physical possession, or if, as a practical matter, YOU have the ability, upon request, to obtain possession of the DOCUMENT or a copy thereof from another person or entity that has physical possession of the DOCUMENT.

16.    If any DOCUMENT or category of DOCUMENTS is not produced in full, please state with particularity the reason or reasons it is not being produced in full, and describe, to the best of YOUR knowledge, information and belief, and with as much particularity as possible, the DOCUMENT or portions of the DOCUMENT that are not being produced.

17.    Each DOCUMENT is to be produced as it is kept in the usual course of business, including all file folders, binders, notebooks, and other devices by which such DOCUMENTS may be organized or separated.

18.    If YOU withhold any DOCUMENT, or portion of a DOCUMENT, on grounds that it is protected from discovery by the attorney-client privilege, work-product doctrine, or other privilege or immunity from discovery, please set forth, for each DOCUMENT or portion of a DOCUMENT withheld:

(a)    The place, approximate date, and manner of recording, creating or otherwise preparing the DOCUMENT;

(b)    The names and organization position, if any, of each author, sender, and recipient of the DOCUMENT;

(c)    A general description of the subject matter of the DOCUMENT;

(d)    The basis of any claim of privilege; and

PL.'S FIRST SET OF REQS. FOR
PRODUC. TO DEF. IPW, LLC

EXHIBIT E
26

        (e)     If work-product is asserted, the proceeding for which the DOCUMENT was created.

19.    For any DOCUMENT or category of DOCUMENTS that was, but no longer is, in YOUR possession, custody or control, please describe each such DOCUMENT as completely as possible and provide the following information:

        (a)     The reason the DOCUMENT is no longer in YOUR possession, custody or control;

        (b)     The person or entity, if any, who has possession, custody or control or, if unknown, so state; and

        (c)     If the DOCUMENT was destroyed or otherwise disposed of, state (i) the manner of disposal (*i.e.*, destruction, loss, discarding or other means of disposal); (ii) the date of disposal; (iii) the reason for disposal; (iv) the person authorizing disposal; (v) the person disposing of the DOCUMENT; and (vi) the name and address of the most recent custodian of the DOCUMENT.

20.    Each Request shall be construed independently and no Request shall be viewed as limiting the scope of any other Request.

21.    All responsive DOCUMENTS maintained or stored in electronic format shall be produced in native file format with all associated metadata preserved.  All responsive DOCUMENTS maintained in hard copy shall be produced in TIFF.

22.    The collection and production of DOCUMENTS shall be performed in a manner that ensures that the source of each DOCUMENT may be determined, if necessary.

23.    DOCUMENTS attached to each other shall not be separated.

24.    These Requests impose a continuing obligation subsequent to YOUR initial production within thirty days of the service date of these Requests, or other date mutually agreed upon by the parties, to timely supplement YOUR response

- 4 -

1  or production if YOU determine that YOUR response or production is incomplete

2  or incorrect.

3                         **DOCUMENTS REQUESTED**

4      1.     All agreements between or among YOU and any DEFENDANT

5  RELATING to the SIEGEL HEIRS' purported rights in SUPERMAN and/or

6  SUPERBOY.

7      2.     All agreements between or among YOU and any DEFENDANT

8  RELATING to the SHUSTER HEIRS' purported rights in SUPERMAN and/or

9  SUPERBOY.

10      3.     All agreements between or among YOU and any third party

11  RELATING to the SIEGEL HEIRS' purported rights in SUPERMAN and/or

12  SUPERBOY.

13      4.     All agreements between or among YOU and any third party

14  RELATING to the SHUSTER HEIRS' purported rights in SUPERMAN and/or

15  SUPERBOY.

16      5.     All DOCUMENTS RELATING to SUPERMAN and/or SUPERBOY.

17      6.     All DOCUMENTS RELATING to the SIEGEL HEIRS.

18      7.     All DOCUMENTS RELATING to the SHUSTER HEIRS.

19      8.     All DOCUMENTS RELATING to YOUR ability to negotiate or enter

20  into agreements regarding SUPERMAN and/or SUPERBOY.

21      9.     All DOCUMENTS RELATING to or affecting the disposition,

22  division, or ownership of any rights in SUPERMAN and/or SUPERBOY.

23      10.    All DOCUMENTS RELATING to or affecting the division of revenue,

24  proceeds, or other profits regarding SUPERMAN and/or SUPERBOY.

25      11.    All DOCUMENTS RELATING to or affecting the division of any

26  settlement proceeds regarding SUPERMAN and/or SUPERBOY.

27      12.    All DOCUMENTS RELATING to the potential sale, assignment,

28  license, or other disposition of any rights relating to SUPERMAN and/or

PL.'S FIRST SET OF REQS. FOR
PRODUC. TO DEF. IPW, LLC

1  SUPERBOY, including but not limited to any solicitation, offer, option, or
2  proposed agreement.

3      13.    All DOCUMENTS RELATING to any efforts YOU have made to sell,
4  lease, license, or otherwise exploit any rights in SUPERMAN and/or SUPERBOY.

5      14.    All DOCUMENTS RELATING to any potential investors or other
6  PERSONS who have expressed interest in purchasing or otherwise investing in any
7  rights in SUPERMAN and/or SUPERBOY.

8      15.    All DOCUMENTS RELATING to the valuation of any past, current,
9  or potential ownership interest in SUPERMAN and/or SUPERBOY.

10     16.    All COMMUNICATIONS RELATING to any disclosure of a potential
11  or actual conflict of interest by or to YOU or any DEFENDANT.

12     17.    All DOCUMENTS RELATING to any waiver or acknowledgement of
13  a potential or actual conflict of interest by or to YOU or any DEFENDANT.

14     18.    All DOCUMENTS RELATING to YOUR introduction to and
15  involvement with the SIEGEL HEIRS.

16     19.    All DOCUMENTS RELATING to YOUR introduction to and
17  involvement with the SHUSTER HEIRS.

18     20.    All DOCUMENTS RELATING to the transfer of any property or
19  interest from DEFENDANT IP Worldwide, LLC to IPW.

20     21.    All DOCUMENTS RELATING to YOUR assertion in the
21  Certification of Interested Parties filed on YOUR behalf in the above-entitled case
22  on July 15, 2010 that YOU have "no pecuniary interest in the matters that are the
23  subject of Plaintiff's Third and Sixth Causes of action."

24     22.    All DOCUMENTS RELATING to Ari Emanuel.

25     23.    All DOCUMENTS RELATING to any COMMUNICATIONS with
26  Ari Emanuel.

27     24.    All DOCUMENTS RELATING to the formation of IPW.

28     25.    All DOCUMENTS RELATING to the current corporate status of IPW.

PL.'S FIRST SET OF REQS. FOR
PRODUC. TO DEF. IPW, LLC

EXHIBIT E
29

1    26.    All DOCUMENTS RELATING to the past and current ownership and

2    management structure of IPW, including operating agreements, capitalization

3    schedules, capital accounts, filings, and other financial forms.

4    27.    All DOCUMENTS RELATING to any past, current, or planned

5    business activity of IPW.

6    28.    All DOCUMENTS RELATING to any past, current, or planned

7    property in which IPW held, holds, or will hold an interest.

8    29.    All DOCUMENTS RELATING to any individual or entity that

9    currently holds property or interests formerly held by IPW.

10    30.    All DOCUMENTS RELATING to any past, current, or planned client

11    of IPW.

12    31.    All DOCUMENTS RELATING to any past or current member,

13    employee, or shareholder of IPW.

14    32.    All DOCUMENTS RELATING to any past, current, or planned

15    partnership or strategic alliance between IPW and any individual or entity.

16    33.    All DOCUMENTS RELATING to any claim of insurance you have

17    asserted regarding this action.

18    34.    All DOCUMENTS RELATING to YOUR DOCUMENT maintenance

19    and retention policies.

20    Dated:  December 10, 2010                    Respectfully submitted,

21                                                O'MELVENY & MYERS LLP

22

23                                                By: _____

24                                                    Daniel M. Petrocelli

25                                                Attorneys for Plaintiff DC Comics

26

27    CCI:840149

28

PL.'S FIRST SET OF REQS. FOR
PRODUC. TO DEF. IPW, LLC

EXHIBIT E
30

1   DANIEL M. PETROCELLI (S.B. #97802)
      dpetrocelli@omm.com
2   MATTHEW T. KLINE (S.B. #211640)
      mkline@omm.com
3   CASSANDRA L. SETO (S.B. #246608)
      cseto@omm.com
4   O'MELVENY & MYERS LLP
    1999 Avenue of the Stars, 7th Floor
5   Los Angeles, CA 90067-6035
    Telephone:  (310) 553-6700
6   Facsimile:   (310) 246-6779

7   PATRICK T. PERKINS (admitted *pro hac vice*)
      pperkins@ptlaw.com
8   PERKINS LAW OFFICE, P.C.
    1711 Route 9D
9   Cold Spring, NY 10516
    Telephone:  (845) 265-2820
10  Facsimile:   (845) 265-2819

11  Attorneys for Plaintiff DC Comics

12                  UNITED STATES DISTRICT COURT

13               CENTRAL DISTRICT OF CALIFORNIA

14

15  DC COMICS,                          Case No. CV-10-3633 ODW (RZx)

16              Plaintiff,              **DISCOVERY MATTER**

17       v.                            **PLAINTIFF DC COMICS' FIRST
                                        SET OF REQUESTS FOR
18  PACIFIC PICTURES                    PRODUCTION TO DEFENDANT
    CORPORATION, IP WORLDWIDE,          IP WORLDWIDE, LLC**
    LLC, IPW, LLC, MARC TOBEROFF,
19  an individual, MARK WARREN          **Judge**:  Hon. Otis D. Wright II
    PEARY, as personal representative of **Magistrate**:  Hon. Ralph Zarefsky
20  the ESTATE OF JOSEPH SHUSTER,
    JEAN ADELE PEAVY, an individual,
21  JOANNE SIEGEL, an individual,
    LAURA SIEGEL LARSON, an
22  individual, and DOES 1-10, inclusive,

23              Defendants.

24

25  **PROPOUNDING PARTY**:    Plaintiff DC Comics

26  **RESPONDING PARTY**:    Defendant IP Worldwide, LLC

27  **SET NUMBER**:    One (Document Request Nos. 1-39)

28
                                        PL.'S FIRST SET OF REQS. FOR
                                        PRODUC. TO DEF. IP WORLDWIDE, LLC

Pursuant to Federal Rule of Civil Procedure 34, plaintiff DC Comics hereby requests that defendant IP Worldwide, LLC produce for inspection and copying all documents described in the following Requests for Production, in accordance with the definitions and instructions contained therein, by no later than January 10, 2011.

## DEFINITIONS AND INSTRUCTIONS

1.    "DOCUMENT" shall be interpreted in its broadest sense to include any and all "documents" and "other tangible things" as those terms are understood in Federal Rule of Civil Procedure 34, including, without limitation, any "writing," "recording," or "photograph" as those terms are defined in Federal Rule of Evidence 1001.  This shall include, but is not limited to:  e-mail, audio or video recordings, correspondence, letters, phone messages, notes, memoranda, facsimiles, publications, contracts, agreements, calendars, drafts of proposed contracts or agreements, papers, and photographs.

2.    "COMMUNICATION" means all written, electronic, oral, telephonic, gesture, or other transmission or exchange of information, including without limitation any inquiry, request, dialogue, discussion, conversation, interview, correspondence, letter, note, consultation, negotiation, agreement, understanding, meeting, e-mail, and all DOCUMENTS evidencing any verbal or nonverbal interaction between any individuals or entities.

3.    "REFER" or "RELATE" (or any conjugation thereof) means, without limitation, evidence, reflect, summarize, constitute, contain, study, analyze, explain, mention, show, discuss, describe, or comment upon.

4.    "OBTAIN" (or any conjugation thereof) means, without limitation, acquire, attain, capture, come by, gain, garner, get, procure, or secure.

5.    "PERSON" means any natural person, firm, association, corporation, partnership, or other legal entity or organization separately identifiable, and any department(s) or division(s) therein.

PL.'S FIRST SET OF REQS. FOR
PRODUC. TO DEF. IP WORLDWIDE, LLC

6.    "YOU" or "YOUR" or "IP WORLDWIDE" means IP Worldwide, LLC and, as applicable, any PERSON in which it has a controlling ownership interest or that is acting on its behalf, including but not limited to its agents, employees, attorneys, and representatives.

7.    "DEFENDANT" or "DEFENDANTS" means, collectively and severally, any defendant in the above-entitled action, including YOU; Pacific Pictures Corporation; IPW, LLC; Marc Toberoff; Mark Warren Peary, on behalf of the Estate of Joseph Shuster; Jean Adele Peavy; Joanne Siegel; and Laura Siegel Larson and, as applicable, any PERSON acting on their behalf, including but not limited to their agents, employees, attorneys, and representatives.

8.    "SIEGEL HEIRS" means, collectively and severally, Joanne Siegel, Laura Siegel Larson, Dennis Larson, Michael Siegel, or any other executor, administrator, heir, relative, or representative of Jerome Siegel and, as applicable, any PERSON acting on their behalf, including but not limited to their agents, employees, attorneys, and representatives.

9.    "SHUSTER HEIRS" means, collectively and severally, the Estate of Joseph Shuster, Jean Adele Peavy, Mark Warren Peary, Dawn Peavy, Frank Shuster, or any other executor, administrator, heir, relative, or representative of Joseph Shuster and, as applicable, any PERSON acting on their behalf, including but not limited to their agents, employees, attorneys, and representatives.

10.    "SUPERMAN" means the Superman character as delineated in literary works such as comic books, newspapers, novels, radio programs, television programs, and motion pictures, and any of the works in which he appears, including but not limited to *Action Comics. No. 1.*

11.    "SUPERBOY" means the Superboy character as delineated in literary works such as comic books, newspapers, novels, radio programs, television programs, and motion pictures, and any of the works in which he appears, including but not limited to *More Fun Comics No. 101.*

- 2 -

12.    "INCLUDING" means "including, but not limited to."

13.    "Any" and "All" are interchangeable.

14.    The singular form includes the plural form, and vice versa.

15.    YOU are instructed to produce all DOCUMENTS that are responsive to these Requests and that are in YOUR possession, custody, or control. A DOCUMENT is in YOUR "possession, custody, or control" if it is in YOUR physical possession, or if, as a practical matter, YOU have the ability, upon request, to OBTAIN possession of the DOCUMENT or a copy thereof from another person or entity that has physical possession of the DOCUMENT.

16.    If any DOCUMENT or category of DOCUMENTS is not produced in full, please state with particularity the reason or reasons it is not being produced in full, and describe, to the best of YOUR knowledge, information and belief, and with as much particularity as possible, the DOCUMENT or portions of the DOCUMENT that are not being produced.

17.    Each DOCUMENT is to be produced as it is kept in the usual course of business, including all file folders, binders, notebooks, and other devices by which such DOCUMENTS may be organized or separated.

18.    If YOU withhold any DOCUMENT, or portion of a DOCUMENT, on grounds that it is protected from discovery by the attorney-client privilege, work-product doctrine, or other privilege or immunity from discovery, please set forth, for each DOCUMENT or portion of a DOCUMENT withheld:

    (a)    The place, approximate date, and manner of recording, creating or otherwise preparing the DOCUMENT;

    (b)    The names and organization position, if any, of each author, sender, and recipient of the DOCUMENT;

    (c)    A general description of the subject matter of the DOCUMENT;

    (d)    The basis of any claim of privilege; and

- 3 -

(e)    If work-product is asserted, the proceeding for which the DOCUMENT was created.

19.    For any DOCUMENT or category of DOCUMENTS that was, but no longer is, in YOUR possession, custody or control, please describe each such DOCUMENT as completely as possible and provide the following information:

(a)    The reason the DOCUMENT is no longer in YOUR possession, custody or control;

(b)    The person or entity, if any, who has possession, custody or control or, if unknown, so state; and

(c)    If the DOCUMENT was destroyed or otherwise disposed of, state (i) the manner of disposal (*i.e.*, destruction, loss, discarding or other means of disposal); (ii) the date of disposal; (iii) the reason for disposal; (iv) the person authorizing disposal; (v) the person disposing of the DOCUMENT; and (vi) the name and address of the most recent custodian of the DOCUMENT.

20.    Each Request shall be construed independently and no Request shall be viewed as limiting the scope of any other Request.

21.    All responsive DOCUMENTS maintained or stored in electronic format shall be produced in native file format with all associated metadata preserved.  All responsive DOCUMENTS maintained in hard copy shall be produced in TIFF.

22.    The collection and production of DOCUMENTS shall be performed in a manner that ensures that the source of each DOCUMENT may be determined, if necessary.

23.    DOCUMENTS attached to each other shall not be separated.

24.    These Requests impose a continuing obligation subsequent to YOUR initial production within thirty days of the service date of these Requests, or other date mutually agreed upon by the parties, to timely supplement YOUR response

- 4 -

EXHIBIT E
35

or production if YOU determine that YOUR response or production is incomplete or incorrect.

## **DOCUMENTS REQUESTED**

1.      All agreements between or among YOU and any DEFENDANT RELATING to the SIEGEL HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

2.      All agreements between or among YOU and any DEFENDANT RELATING to the SHUSTER HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

3.      All agreements between or among YOU and any third party RELATING to the SIEGEL HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

4.      All agreements between or among YOU and any third party RELATING to the SHUSTER HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

5.      All DOCUMENTS RELATING to SUPERMAN and/or SUPERBOY.

6.      All DOCUMENTS RELATING to the SIEGEL HEIRS.

7.      All DOCUMENTS RELATING to the SHUSTER HEIRS.

8.      All DOCUMENTS RELATING to YOUR ability to negotiate or enter into agreements regarding SUPERMAN and/or SUPERBOY.

9.      All DOCUMENTS RELATING to or affecting the disposition, division, or ownership of any rights in SUPERMAN and/or SUPERBOY.

10.     All DOCUMENTS RELATING to or affecting the division of revenue, proceeds, or other profits regarding SUPERMAN and/or SUPERBOY.

11.     All DOCUMENTS RELATING to or affecting the division of any settlement proceeds regarding SUPERMAN and/or SUPERBOY.

12.     All DOCUMENTS RELATING to the potential sale, assignment, license, or other disposition of any rights RELATING to SUPERMAN and/or

PL.'S FIRST SET OF REQS. FOR
PRODUC. TO DEF. IP WORLDWIDE, LLC

EXHIBIT E
36

1    SUPERBOY, including but not limited to any solicitation, offer, option, or

2    proposed agreement.

3         13.    All DOCUMENTS RELATING to any efforts YOU have made to sell,

4    lease, license, or otherwise exploit any rights in SUPERMAN and/or SUPERBOY.

5         14.    All DOCUMENTS RELATING to any potential investors or other

6    PERSONS who have expressed interest in purchasing or otherwise investing in any

7    rights in SUPERMAN and/or SUPERBOY.

8         15.    All DOCUMENTS RELATING to the valuation of any past, current,

9    or potential ownership interest in SUPERMAN and/or SUPERBOY.

10        16.    All COMMUNICATIONS RELATING to any disclosure of a potential

11   or actual conflict of interest by or to YOU or any DEFENDANT.

12        17.    All DOCUMENTS RELATING to any waiver or acknowledgement of

13   a potential or actual conflict of interest by or to YOU or any DEFENDANT.

14        18.    All DOCUMENTS RELATING to YOUR introduction to and

15   involvement with the SIEGEL HEIRS.

16        19.    All DOCUMENTS RELATING to YOUR introduction to and

17   involvement with the SHUSTER HEIRS.

18        20.    All DOCUMENTS RELATING to the transfer of any property or

19   interest from IP WORLDWIDE to IPW, LLC.

20        21.    All DOCUMENTS RELATING to YOUR assertion in the

21   Certification of Interested Parties filed on YOUR behalf in the above-entitled case

22   on July 15, 2010 that YOU have "no pecuniary interest in the matters that are the

23   subject of Plaintiff's Third and Sixth Causes of action."

24        22.    All DOCUMENTS RELATING to Ari Emanuel.

25        23.    All DOCUMENTS RELATING to any COMMUNICATIONS with

26   Ari Emanuel.

27

28

PL.'S FIRST SET OF REQS. FOR
PRODUC. TO DEF. IP WORLDWIDE, LLC

24.    All DOCUMENTS RELATING to the Memorandum of Agreement purporting to create the IP WORLDWIDE joint venture dated February 2, 2002 between DEFENDANT Pacific Pictures Corporation and Ari Emanuel.

25.    All DOCUMENTS RELATING to the contributions of DEFENDANTS Marc Toberoff and Pacific Pictures Corporation to IP WORLDWIDE.

26.    All DOCUMENTS RELATING to the identification of "JS Claims" in Appendix 1 to the February 2, 2002 Memorandum of Agreement.

27.    All DOCUMENTS RELATING to the letter agreement dated October 3, 2002—and any revisions, modifications, or adjustments thereto—that IP WORLDWIDE signed with the SIEGEL HEIRS.

28.    All DOCUMENTS RELATING to the identification of IP WORLDWIDE on the Document Cover Sheet for Recordation of Documents filed with the Transfer Covering Extended Copyright Renewal Term of "Superman" served on behalf of the Estate of Joseph Shuster on November 10, 2003.

29.    All DOCUMENTS RELATING to the formation of IP WORLDWIDE.

30.    All DOCUMENTS RELATING to the current corporate status of IP WORLDWIDE.

31.    All DOCUMENTS RELATING to the past and current ownership and management structure of IP WORLDWIDE, including operating agreements, capitalization schedules, capital accounts, filings, K-1s, and other financial forms.

32.    All DOCUMENTS RELATING to any past, current, or planned business activity of IP WORLDWIDE.

33.    All DOCUMENTS RELATING to any past, current, or planned property in which IP WORLDWIDE held, holds, or will hold an interest.

34.    All DOCUMENTS RELATING to any individual or entity that currently holds property or interests formerly held by IP WORLDWIDE.

PL.'S FIRST SET OF REQS. FOR
PRODUC. TO DEF. IP WORLDWIDE, LLC

EXHIBIT E
38

1       35.    All DOCUMENTS RELATING to any past, current, or planned client

2  of IP WORLDWIDE.

3       36.    All DOCUMENTS RELATING to any past or current member,

4  employee, or shareholder of IP WORLDWIDE.

5       37.    All DOCUMENTS RELATING to any past, current, or planned

6  partnership or strategic alliance between IP WORLDWIDE and any individual or

7  entity.

8       38.    All DOCUMENTS RELATING to any claim of insurance you have

9  asserted regarding this action.

10       39.    All DOCUMENTS RELATING to YOUR DOCUMENT maintenance

11  and retention policies.

12

13  Dated:  December 10, 2010           Respectfully submitted,

14                         O'MELVENY & MYERS LLP

15

16                         By: _____
                                 Daniel M. Petrocelli

17                         Attorneys for Plaintiff DC Comics

18

19

20  CC1:840152

21

22

23

24

25

26

27

28

PL.'S FIRST SET OF REQS. FOR
PRODUC. TO DEF. IP WORLDWIDE, LLC

EXHIBIT E
39

1   DANIEL M. PETROCELLI (S.B. #97802)
      dpetrocelli@omm.com
2   MATTHEW T. KLINE (S.B. #211640)
      mkline@omm.com
3   CASSANDRA L. SETO (S.B. #246608)
      cseto@omm.com
4   O'MELVENY & MYERS LLP
    1999 Avenue of the Stars, 7th Floor
5   Los Angeles, CA 90067-6035
    Telephone:  (310) 553-6700
6   Facsimile:   (310) 246-6779

7   PATRICK T. PERKINS (admitted *pro hac vice*)
      pperkins@ptplaw.com
8   PERKINS LAW OFFICE, P.C.
    1711 Route 9D
9   Cold Spring, NY 10516
    Telephone:  (845) 265-2820
10  Facsimile:   (845) 265-2819

11  Attorneys for Plaintiff DC Comics

12                  **UNITED STATES DISTRICT COURT**

13                 **CENTRAL DISTRICT OF CALIFORNIA**

14
    DC COMICS,                          |  Case No. CV-10-3633 ODW (RZx)
15
                    Plaintiff,          |  **DISCOVERY MATTER**
16
           v.                           |  **PLAINTIFF DC COMICS' FIRST
17                                          SET OF REQUESTS FOR
    PACIFIC PICTURES                       PRODUCTION TO DEFENDANT
18  CORPORATION, IP WORLDWIDE,             PACIFIC PICTURES
    LLC, IPW, LLC, MARC TOBEROFF,          CORPORATION**
19  an individual, MARK WARREN
    PEARY, as personal representative of   **Judge**:  Hon. Otis D. Wright II
20  the ESTATE OF JOSEPH SHUSTER,          **Magistrate**:  Hon. Ralph Zarefsky
    JEAN ADELE PEAVY, an individual,
21  JOANNE SIEGEL, an individual,
    LAURA SIEGEL LARSON, an
22  individual, and DOES 1-10, inclusive,

23                  Defendants.

24

25  **PROPOUNDING PARTY**:    Plaintiff DC Comics

26  **RESPONDING PARTY**:     Defendant Pacific Pictures Corporation

27  **SET NUMBER**:           One (Document Request Nos. 1-38)

28
                                            PL.'S FIRST SET OF REQS. FOR
                                            PRODUC. TO DEF. PACIFIC
                                            PICTURES CORPORATION

Pursuant to Federal Rule of Civil Procedure 34, plaintiff DC Comics hereby requests that defendant Pacific Pictures Corporation produce for inspection and copying all documents described in the following Requests for Production, in accordance with the definitions and instructions contained therein, by no later than January 10, 2011.

## DEFINITIONS AND INSTRUCTIONS

1.    "DOCUMENT" shall be interpreted in its broadest sense to include any and all "documents" and "other tangible things" as those terms are understood in Federal Rule of Civil Procedure 34, including, without limitation, any "writing," "recording," or "photograph" as those terms are defined in Federal Rule of Evidence 1001. This shall include, but is not limited to: e-mail, audio or video recordings, correspondence, letters, phone messages, notes, memoranda, facsimiles, publications, contracts, agreements, calendars, drafts of proposed contracts or agreements, papers, and photographs.

2.    "COMMUNICATION" means all written, electronic, oral, telephonic, gesture, or other transmission or exchange of information, including without limitation any inquiry, request, dialogue, discussion, conversation, interview, correspondence, letter, note, consultation, negotiation, agreement, understanding, meeting, e-mail, and all DOCUMENTS evidencing any verbal or nonverbal interaction between any individuals or entities.

3.    "REFER" or "RELATE" (or any conjugation thereof) means, without limitation, evidence, reflect, summarize, constitute, contain, study, analyze, explain, mention, show, discuss, describe, or comment upon.

4.    "OBTAIN" (or any conjugation thereof) means, without limitation, acquire, attain, capture, come by, gain, garner, get, procure, or secure.

5.    "PERSON" means any natural person, firm, association, corporation, partnership, or other legal entity or organization separately identifiable, and any department(s) or division(s) therein.

PL.'S FIRST SET OF REQS. FOR
PRODUC. TO DEF. PACIFIC
PICTURES CORPORATION

6.    "YOU" or "YOUR" or "PACIFIC PICTURES" means Pacific Pictures Corporation and, as applicable, any PERSON in which it has a controlling interest or that is acting on its behalf, including but not limited to its/their agents, employees, attorneys, and representatives.

7.    "DEFENDANT" or "DEFENDANTS" means, collectively and severally, any defendant in the above-entitled action, including YOU; IP Worldwide, LLC; IPW, LLC; Marc Toberoff; Mark Warren Peary, on behalf of the Estate of Joseph Shuster; Jean Adele Peavy; Joanne Siegel; and Laura Siegel Larson and, as applicable, any PERSON acting on their behalf, including but not limited to their agents, employees, attorneys, and representatives.

8.    "SIEGEL HEIRS" means, collectively and severally, Joanne Siegel, Laura Siegel Larson, Dennis Larson, Michael Siegel, or any other executor, administrator, heir, relative, or representative of Jerome Siegel and, as applicable, any PERSON acting on their behalf, including but not limited to their agents, employees, attorneys, and representatives.

9.    "SHUSTER HEIRS" means, collectively and severally, the Estate of Joseph Shuster, Jean Adele Peavy, Mark Warren Peary, Dawn Peavy, Frank Shuster, or any other executor, administrator, heir, relative, or representative of Joseph Shuster and, as applicable, any PERSON acting on their behalf, including but not limited to their agents, employees, attorneys, and representatives.

10.    "SUPERMAN" means the Superman character as delineated in literary works such as comic books, newspapers, novels, radio programs, television programs, and motion pictures, and any of the works in which he appears, including but not limited to *Action Comics. No. 1.*

11.    "SUPERBOY" means the Superboy character as delineated in literary works such as comic books, newspapers, novels, radio programs, television programs, and motion pictures, and any of the works in which he appears, including but not limited to *More Fun Comics No. 101.*

- 2 -

12.    "INCLUDING" means "including, but not limited to."

13.    "Any" and "All" are interchangeable.

14.    The singular form includes the plural form, and vice versa.

15.    YOU are instructed to produce all DOCUMENTS that are responsive to these Requests and that are in YOUR possession, custody, or control.  A DOCUMENT is in YOUR "possession, custody, or control" if it is in YOUR physical possession, or if, as a practical matter, YOU have the ability, upon request, to obtain possession of the DOCUMENT or a copy thereof from another person or entity that has physical possession of the DOCUMENT.

16.    If any DOCUMENT or category of DOCUMENTS is not produced in full, please state with particularity the reason or reasons it is not being produced in full, and describe, to the best of YOUR knowledge, information and belief, and with as much particularity as possible, the DOCUMENT or portions of the DOCUMENT that are not being produced.

17.    Each DOCUMENT is to be produced as it is kept in the usual course of business, including all file folders, binders, notebooks, and other devices by which such DOCUMENTS may be organized or separated.

18.    If YOU withhold any DOCUMENT, or portion of a DOCUMENT, on grounds that it is protected from discovery by the attorney-client privilege, work-product doctrine, or other privilege or immunity from discovery, please set forth, for each DOCUMENT or portion of a DOCUMENT withheld:

(a)    The place, approximate date, and manner of recording, creating or otherwise preparing the DOCUMENT;

(b)    The names and organization position, if any, of each author, sender, and recipient of the DOCUMENT;

(c)    A general description of the subject matter of the DOCUMENT;

(d)    The basis of any claim of privilege; and

PL.'S FIRST SET OF REQS. FOR
PRODUC. TO DEF. PACIFIC
PICTURES CORPORATION

1        (e)     If work-product is asserted, the proceeding for which the

2               DOCUMENT was created.

3      19.    For any DOCUMENT or category of DOCUMENTS that was, but

4 no longer is, in YOUR possession, custody or control, please describe each such

5 DOCUMENT as completely as possible and provide the following information:

6        (a)    The reason the DOCUMENT is no longer in YOUR possession,

7               custody or control;

8        (b)    The person or entity, if any, who has possession, custody or

9               control or, if unknown, so state; and

10        (c)    If the DOCUMENT was destroyed or otherwise disposed of,

11               state (i) the manner of disposal (*i.e.*, destruction, loss, discarding

12               or other means of disposal); (ii) the date of disposal; (iii) the

13               reason for disposal; (iv) the person authorizing disposal; (v) the

14               person disposing of the DOCUMENT; and (vi) the name and

15               address of the most recent custodian of the DOCUMENT.

16      20.    Each Request shall be construed independently and no Request shall

17 be viewed as limiting the scope of any other Request.

18      21.    All responsive DOCUMENTS maintained or stored in electronic

19 format shall be produced in native file format with all associated metadata

20 preserved.  All responsive DOCUMENTS maintained in hard copy shall be

21 produced in TIFF.

22      22.    The collection and production of DOCUMENTS shall be performed

23 in a manner that ensures that the source of each DOCUMENT may be

24 determined, if necessary.

25      23.    DOCUMENTS attached to each other shall not be separated.

26      24.    These Requests impose a continuing obligation subsequent to YOUR

27 initial production within thirty days of the service date of these Requests, or other

28 date mutually agreed upon by the parties, to timely supplement YOUR response

- 4 -

EXHIBIT E

44

or production if YOU determine that YOUR response or production is incomplete or incorrect.

## **DOCUMENTS REQUESTED**

1.    All agreements between or among YOU and any DEFENDANT RELATING to the SIEGEL HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

2.    All agreements between or among YOU and any DEFENDANT RELATING to the SHUSTER HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

3.    All agreements between or among YOU and any third party RELATING to the SIEGEL HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

4.    All agreements between or among YOU and any third party RELATING to the SHUSTER HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

5.    All DOCUMENTS RELATING to SUPERMAN and/or SUPERBOY.

6.    All DOCUMENTS RELATING to the SIEGEL HEIRS.

7.    All DOCUMENTS RELATING to the SHUSTER HEIRS.

8.    All DOCUMENTS RELATING to YOUR ability to negotiate or enter into agreements regarding SUPERMAN and/or SUPERBOY.

9.    All DOCUMENTS RELATING to or affecting the disposition, division, or ownership of any rights in SUPERMAN and/or SUPERBOY.

10.    All DOCUMENTS RELATING to or affecting the division of revenue, proceeds, or other profits regarding SUPERMAN and/or SUPERBOY.

11.    All DOCUMENTS RELATING to or affecting the division of any settlement proceeds regarding SUPERMAN and/or SUPERBOY.

12.    All DOCUMENTS RELATING to the potential sale, assignment, license, or other disposition of any rights relating to SUPERMAN and/or

- 5 -

PL.'S FIRST SET OF REQS. FOR
PRODUC. TO DEF. PACIFIC
PICTURES CORPORATION

1   SUPERBOY, including but not limited to any solicitation, offer, option, or

2   proposed agreement.

3       13.    All DOCUMENTS RELATING to any efforts YOU have made to sell,

4   lease, license, or otherwise exploit any rights in SUPERMAN and/or SUPERBOY.

5       14.    All DOCUMENTS RELATING to any potential investors or other

6   PERSONS who have expressed interest in purchasing or otherwise investing in any

7   rights in SUPERMAN and/or SUPERBOY.

8       15.    All DOCUMENTS RELATING to the valuation of any past, current,

9   or potential ownership interest in SUPERMAN and/or SUPERBOY.

10      16.    All DOCUMENTS RELATING to the valuation of any past, current,

11  or potential ownership interest in SUPERMAN and/or SUPERBOY.

12      17.    All COMMUNICATIONS RELATING to any disclosure of a potential

13  or actual conflict of interest by or to YOU or any DEFENDANT.

14      18.    All DOCUMENTS RELATING to YOUR introduction to and

15  involvement with the SIEGEL HEIRS.

16      19.    All DOCUMENTS RELATING to YOUR introduction to and

17  involvement with the SHUSTER HEIRS.

18      20.    All DOCUMENTS RELATING to the letter agreement dated

19  November 23, 2001 that YOU entered into with the SHUSTER HEIRS.

20      21.    All DOCUMENTS RELATING to Ari Emanuel.

21      22.    All DOCUMENTS RELATING to any COMMUNICATIONS with

22  Ari Emanuel.

23      23.    All DOCUMENTS RELATING to YOUR past and current ownership

24  and management structure, including operating agreements, by-laws, capitalization

25  schedules, capital accounts, shares, filings, and other financial forms.

26      24.    All DOCUMENTS RELATING to the Memorandum of Agreement

27  dated February 2, 2002 that YOU entered into with Ari Emanuel.

28

- 6 -

PL.'S FIRST SET OF REQS. FOR
PRODUC. TO DEF. PACIFIC
PICTURES CORPORATION

25. All DOCUMENTS RELATING to any contributions by YOU to the IP Worldwide joint venture.

26. All DOCUMENTS RELATING to YOUR identification of "JS Claims" in Appendix 1 to the February 2, 2002 Memorandum of Agreement.

27. All DOCUMENTS RELATING to the letter agreement dated October 27, 2003 that YOU entered into with the SHUSTER HEIRS.

28. All DOCUMENTS RELATING to the letter dated September 10, 2004 that YOU signed with the SHUSTER HEIRS.

29. All DOCUMENTS RELATING to the formation of PACIFIC PICTURES.

30. All DOCUMENTS RELATING to the current corporate status of PACIFIC PICTURES.

31. All DOCUMENTS RELATING to any past, current, or planned business activity of PACIFIC PICTURES.

32. All DOCUMENTS RELATING to any past, current, or planned property in which PACIFIC PICTURES held, holds, or will hold an interest.

33. All DOCUMENTS RELATING to any individual or entity that currently holds property or interests formerly held by PACIFIC PICTURES.

34. All DOCUMENTS RELATING to any past, current, or planned client of PACIFIC PICTURES.

35. All DOCUMENTS RELATING to any past or current member, employee, or shareholder of PACIFIC PICTURES.

36. All DOCUMENTS RELATING to any past, current, or planned partnership or strategic alliance between PACIFIC PICTURES and any individual or entity.

37. All DOCUMENTS RELATING to any claim of insurance you have asserted regarding this action.

- 7 -

1       38.    All DOCUMENTS RELATING to YOUR DOCUMENT maintenance

2 and retention policies.

3

4 Dated:  December 10, 2010            Respectfully submitted,

5                                 O'MELVENY & MYERS LLP

6

7                                   By: _____
                                               Daniel M. Petrocelli

8                                 Attorneys for Plaintiff DC Comics

9

10 CC1:840133

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT E
48