# EXHIBIT F

1   DANIEL M. PETROCELLI (S.B. #97802)
      dpetrocelli@omm.com
2   MATTHEW T. KLINE (S.B. #211640)
      mkline@omm.com
3   CASSANDRA L. SETO (S.B. #246608)
      cseto@omm.com
4   O'MELVENY & MYERS LLP
    1999 Avenue of the Stars, 7th Floor
5   Los Angeles, CA 90067-6035
    Telephone:  (310) 553-6700
6   Facsimile:   (310) 246-6779

7   PATRICK T. PERKINS (admitted *pro hac vice*)
      pperkins@ptplaw.com
8   PERKINS LAW OFFICE, P.C.
    1711 Route 9D
9   Cold Spring, NY 10516
    Telephone:  (845) 265-2820
10  Facsimile:   (845) 265-2819

11  Attorneys for Plaintiff DC Comics

12                    UNITED STATES DISTRICT COURT

13                   CENTRAL DISTRICT OF CALIFORNIA

14

15  DC COMICS,                          Case No. CV-10-3633 ODW (RZx)

16            Plaintiff,                 **DISCOVERY MATTER**

17        v.                            **PLAINTIFF DC COMICS' FIRST
                                        SET OF INTERROGATORIES TO
18  PACIFIC PICTURES                    DEFENDANT MARC TOBEROFF**
    CORPORATION, IP WORLDWIDE,
19  LLC, IPW, LLC, MARC TOBEROFF,       **Judge**:  Hon. Otis D. Wright II
    an individual, MARK WARREN          **Magistrate**:  Hon. Ralph Zarefsky
20  PEARY, as personal representative of
    the ESTATE OF JOSEPH SHUSTER,
21  JEAN ADELE PEAVY, an individual,
    JOANNE SIEGEL, an individual,
22  LAURA SIEGEL LARSON, an
    individual, and DOES 1-10, inclusive,
23
              Defendants.
24

25  **PROPOUNDING PARTY**:    Plaintiff DC Comics

26  **RESPONDING PARTY**:     Defendant Marc Toberoff

27  **SET NUMBER**:           One (Interrogatory Nos. 1-25)

28
                                              PL.'S FIRST SET OF INTERROGS.
                                                TO DEF. MARC TOBEROFF

Pursuant to Federal Rule of Civil Procedure 33, plaintiff DC Comics hereby requests that defendant Marc Toberoff respond in writing and under oath to the following First Set of Interrogatories ("Interrogatories"), in accordance with the definitions and instructions contained herein, by no later than January 10, 2011.

## DEFINITIONS AND INSTRUCTIONS

1.    "DOCUMENT" shall be interpreted in its broadest sense to include any and all "documents" and "other tangible things" as those terms are understood in Federal Rule of Civil Procedure 34, including, without limitation, any "writing," "recording," or "photograph" as those terms are defined in Federal Rule of Evidence 1001.  This shall include, but is not limited to:  e-mail, audio or video recordings, correspondence, letters, phone messages, notes, memoranda, facsimiles, publications, contracts, agreements, calendars, drafts of proposed contracts or agreements, papers, and photographs.

2.    "COMMUNICATION" means all written, electronic, oral, telephonic, gesture, or other transmission or exchange of information, including without limitation any inquiry, request, dialogue, discussion, conversation, interview, correspondence, letter, note, consultation, negotiation, agreement, understanding, meeting, e-mail, and all DOCUMENTS evidencing any verbal or nonverbal interaction between any individuals or entities.

3.    "REFER" or "RELATE" (or any conjugation thereof) means, without limitation, evidence, reflect, summarize, constitute, contain, study, analyze, explain, mention, show, discuss, describe, or comment upon.

4.    "OBTAIN" (or any conjugation thereof) means, without limitation, acquire, attain, capture, come by, gain, garner, get, procure, or secure.

5.    "PERSON" means any natural person, firm, association, corporation, partnership, or other legal entity or organization separately identifiable, and any department(s) or division(s) therein.

- 1 -

PL.'S FIRST SET OF INTERROGS.
TO DEF. MARC TOBEROFF

6.    "IDENTIFY" means the following:

    a.    When used in reference to a PERSON, it means to state the person's full name, present or last known address, and present or last known business affiliation and business address;

    b.    When used in reference to an organization, it means to state the organization's full name and, if it is a corporation, partnership, or other business entity, the address of its principal place of business;

    c.    When used in reference to a DOCUMENT, it means to state, to the extent known, the DOCUMENT'S (i) type (*i.e.* letter, memo, note, e-mail); (ii) subject matter; (iii) current location; (iv) every author, recipient or addressee; and (v) the bates number of the DOCUMENT if simultaneously or previously produced in this or any related action.

    d.    When used in reference to a COMMUNICATION, it means to state, to the extent known, the COMMUNICATION'S (i) date; (ii) type (*i.e.* oral, telephonic, e-mail); (iii) subject matter; (iv) every author, recipient or addressee; and (v) the bates number of the DOCUMENT if simultaneously or previously produced in this or any related action.

7.    "DESCRIBE" means to set forth fully and in detail all factual information and data that are in any way RELATED to the subject matter of the particular request seeking such statement or description.

8.    "YOU" or "YOUR" means Marc Toberoff and, as applicable, any PERSON acting on his behalf, including but not limited to his agents, employees, attorneys, and representatives.

9.    "DEFENDANT" or "DEFENDANTS" means, collectively and severally, any defendant in the above-entitled action, including YOU; Pacific

- 2 -

PL.'S FIRST SET OF INTERROGS.
TO DEF. MARC TOBEROFF

Pictures Corporation; IP Worldwide, LLC; IPW, LLC; Mark Warren Peary, on behalf of the Estate of Joseph Shuster; Jean Adele Peavy; Joanne Siegel; and Laura Siegel Larson and, as applicable, any PERSON acting on their behalf, including but not limited to their agents, employees, attorneys, and representatives.

10.    "TOBEROFF TIMELINE" means the undated DOCUMENT titled "Superman – Marc Toberoff Timeline," attached as Exhibit A to the First Amended Complaint filed by plaintiff DC Comics on September 3, 2010 in the above-entitled action.

11.    "TOBEROFF TIMELINE AUTHOR" means any PERSON or PERSONS who YOU believe was involved in creating, writing, or transmitting the TOBEROFF TIMELINE, and, as applicable, any PERSON acting on their behalf, including but not limited to their agents, employees, attorneys, and representatives.

12.    "MARCH 2009 DECLARATION" means the "Declaration of Marc Toberoff in Opposition to Defendants' Motion to Reopen Discovery, to Compel Production of Documents, and to Compel the Further Deposition of Kevin Marks," which YOU filed in *Siegel v. Warner Bros. Entm't Inc.*, Case No. CV-04-8400 (Docket No. 477), on March 2, 2009.

13.    "ALLEGED INTERNAL INVESTIGATION" means the "investigation" REFERRED to in paragraphs 33 and 34 of the MARCH 2009 DECLARATION, which state:

> My law firm's investigation has revealed that the Stolen Documents were secretly copied and stolen from my law firm's files by a disgruntled attorney employed by the firm who thereafter furnished the documents to Warner Bros. The attorney worked at my firm for less than three months, without any problem or incident, and then one day disappeared on his lunch break in November without notice. The attorney did not return any of the firm's subsequent telephone messages or e-mails.

> Our investigation has revealed that in late November and early December, 2005, he contacted Plaintiffs and another client of my firm

PL.'S FIRST SET OF INTERROGS.
TO DEF. MARC TOBEROFF

and tried to convince them to terminate the firm, and to retain him instead, by disparaging me and by offering to work for a reduced fee. I am advised by Plaintiffs and my other client that they both rejected this attorney's overtures in early December, 2005.

14.    "OCTOBER 2010 DECLARATION" means the "Declaration of Marc Toberoff in Further Support of Defendants' Motion to Strike Under California's Anti-SLAPP Statute," which YOU filed in the above-entitled case (Docket No. 99-1) on October 4, 2010.

15.    "ALLEGED GRAND JURY INVESTIGATION" means the "ongoing grand jury investigation" REFERRED to in paragraph 14 of the OCTOBER 2010 DECLARATION, which states:

> The theft of privileged documents from my law offices and their transmittal with an anonymous cover letter, entitled the "Toberoff Timeline," to DC's in-house legal team, as well as to other executives of DC's parent company, Warner Bros., by a former junior attorney at my firm, is the subject of an ongoing grand jury investigation initiated by the United States Attorney for the Central District of California.

16.    "ALLEGED DISCIPLINARY ACTION" means the action REFERRED to in an article titled "At Heart of Superman Suit, a Disappearing Lawyer with a Grudge," published by the Am Law Daily on May 21, 2010, purportedly based on a discussion with YOU, which states:

> That the letter to Warner's included a note saying the timeline information could lead to Toberoff being "suspended" and "disgraced" isn't something Toberoff takes lightly. He says he expects to reveal the mysterious lawyer's identity as part of his broader response to the Warner's suit.

> Even more ominously, Toberoff says he is considering reporting the associate's actions to the California bar.

17.    "INCLUDING" means "including, but not limited to."

18.    "Any" and "All" are interchangeable.

19.    The singular form includes the plural form, and vice versa.

20.    Each answer must be as complete and straightforward as the information reasonably available to YOU permits. If an Interrogatory cannot be answered completely, answer it to the extent possible.

- 4 -

21.    Whenever an Interrogatory may be answered by referring to a DOCUMENT, the DOCUMENT may be attached as an exhibit to the response and referred to in the response.  If the DOCUMENT has more than one page, refer to the page and section where the answer to the Interrogatory can be found.

22.    Federal Rule of Civil Procedure 33 provides these instructions, which YOU must follow when responding to these Interrogatories:

    a.    Each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable.

    b.    The answers are to be signed by the person making them, and the objections signed by the attorney making them.

    c.    The party upon whom the interrogatories have been served shall serve a copy of the answers, and objections if any, within 30 days after the service of the interrogatories.

    d.    All grounds for an objection to an interrogatory shall be stated with specificity.  Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown.

    e.    The party submitting the interrogatories may move for an order under Rule 37(a) with respect to any objection to or other failure to answer an interrogatory.

23.    Each Interrogatory shall be construed independently and no Interrogatory shall be viewed as limiting the scope of any other Interrogatory.

24.    These Interrogatories impose a continuing obligation subsequent to YOUR initial responses to timely supplement YOUR responses if YOU determine that any response is incomplete or incorrect.

PL.'S FIRST SET OF INTERROGS.
TO DEF. MARC TOBEROFF

# **INTERROGATORIES**

<u>Interrogatory No. 1</u>

    IDENTIFY the TOBEROFF TIMELINE AUTHOR.

<u>Interrogatory No. 2</u>

    DESCRIBE in detail who participated in the ALLEGED INTERNAL INVESTIGATION, including participants within your law firm and outside of your law firm.

<u>Interrogatory No. 3</u>

    DESCRIBE in detail the ALLEGED INTERNAL INVESTIGATION, including all steps taken by YOU and any other participants to IDENTIFY the TOBEROFF TIMELINE AUTHOR and OBTAIN information regarding the TOBEROFF TIMELINE AUTHOR and/or the TOBEROFF TIMELINE.

<u>Interrogatory No. 4</u>

    DESCRIBE in detail any and all information revealed by the ALLEGED INTERNAL INVESTIGATION, including all information regarding the TOBEROFF TIMELINE AUTHOR and/or the TOBEROFF TIMELINE.

<u>Interrogatory No. 5</u>

    DESCRIBE in detail any internal or external investigation other than the ALLEGED INTERNAL INVESTIGATION YOU participated in regarding the TOBEROFF TIMELINE AUTHOR and/or the TOBEROFF TIMELINE.

<u>Interrogatory No. 6</u>

    DESCRIBE in detail any and all information revealed by any investigation REFERRED to in response to Interrogatory No. 5.

<u>Interrogatory No. 7</u>

    DESCRIBE in detail the current status of any investigation REFERRED to in response to Interrogatory No. 5, including whether and when it concluded.

- 6 -

PL.'S FIRST SET OF INTERROGS.
TO DEF. MARC TOBEROFF

Interrogatory No. 8

In the MARCH 2009 DECLARATION, YOU state that the TOBEROFF TIMELINE AUTHOR: "contacted Plaintiffs and another client of my firm and tried to convince them to terminate the firm, and to retain him instead, by disparaging me and by offering to work for a reduced fee. I am advised by Plaintiffs and my other client that they both rejected this attorney's overtures in early December, 2005." IDENTIFY the "other client," including any and all bases for YOUR knowledge.

Interrogatory No. 9

DESCRIBE in detail any and all COMMUNICATIONS between YOU and any law enforcement official, including anyone employed by the United States Attorney's Office for the Central District of California and/or the Federal Bureau of Investigation, regarding the TOBEROFF TIMELINE AUTHOR and/or the TOBEROFF TIMELINE.

Interrogatory No. 10

IDENTIFY, to the best of your knowledge, any other PERSON who COMMUNICATED with any law enforcement official, including anyone employed by the United States Attorney's Office for the Central District of California and/or the Federal Bureau of Investigation, regarding the TOBEROFF TIMELINE AUTHOR and/or the TOBEROFF TIMELINE.

Interrogatory No. 11

DESCRIBE in detail, to the best of YOUR knowledge, the substance of any COMMUNCATIONS REFERRED to in response to Interrogatory No. 11.

Interrogatory No. 12

In the OCTOBER 2010 DECLARATION, YOU state that:

The theft of privileged documents from my law offices and their transmittal with an anonymous cover letter, entitled the "Toberoff Timeline," to DC's in-house legal team, as well as to other executives of DC's parent company, Warner Bros., by a former junior attorney at

- 7 -

PL.'S FIRST SET OF INTERROGS.
TO DEF. MARC TOBEROFF

1    my firm, is the subject of an ongoing grand jury investigation initiated by the United States Attorney for the Central District of California.

2

3    DESCRIBE in detail how, to the best of YOUR knowledge, "the United States

4    Attorney for the Central District of California" or any other member of law

5    enforcement or the federal government became aware of the TOBEROFF

6    TIMELINE AUTHOR and/or the TOBEROFF TIMELINE, including whether

7    YOU initiated contact with them.

Interrogatory No. 13

8    DESCRIBE in detail who, to the best of YOUR knowledge, has participated

9    in the ALLEGED GRAND JURY INVESTIGATION, including any PERSON who

10   has testified or been interviewed in connection with the ALLEGED GRAND JURY

11   INVESTIGATION.

12   Interrogatory No. 14

13   DESCRIBE in detail, to the best of YOUR knowledge, the substance of any

14   testimony or statements made in connection with the ALLEGED GRAND JURY

15   INVESTIGATION.

16   Interrogatory No. 15

17   DESCRIBE in detail, to the best of YOUR knowledge, the current status of

18   the ALLEGED GRAND JURY INVESTIGATION.

19   Interrogatory No. 16

20   DESCRIBE in detail, to the best of YOUR knowledge, whether any

21   PERSON has been designated by the United States Attorney's Office for the

22   Central District of California as a witness, subject, or target of the ALLEGED

23   GRAND JURY INVESTIGATION.

24   Interrogatory No. 17

25   IDENTIFY any DOCUMENTS provided by YOU in connection with the

26   ALLEGED GRAND JURY INVESTIGATION.

27

28

- 8 -

PL.'S FIRST SET OF INTERROGS.
TO DEF. MARC TOBEROFF

1    Interrogatory No. 18

2    IDENTIFY any DOCUMENTS, to the best of YOUR knowledge, provided

3    by any other PERSON in connection with the ALLEGED GRAND JURY

4    INVESTIGATION.

5    Interrogatory No. 19

6    DESCRIBE in detail any grand jury subpoenas that have been issued, to the

7    best of your knowledge, in connection with the ALLEGED GRAND JURY

8    INVESTIGATION.

9    Interrogatory No. 20

10    DESCRIBE in detail how the ALLEGED DISCIPLINARY ACTION began,

11    including any and all COMMUNICATIONS YOU had with the California bar or

12    any legal, administrative, or disciplinary entity regarding the TOBEROFF

13    TIMELINE AUTHOR and/or TOBEROFF TIMELINE.

14    Interrogatory No. 21

15    DESCRIBE in detail who, to the best of YOUR knowledge, participated in

16    the ALLEGED DISCIPLINARY ACTION.

17    Interrogatory No. 22

18    DESCRIBE in detail all information revealed by the ALLEGED

19    DISCIPLINARY ACTION, including all information regarding the TOBEROFF

20    TIMELINE AUTHOR and/or the TOBEROFF TIMELINE.

21    Interrogatory No. 23

22    DESCRIBE in detail, to the best of YOUR knowledge, the current status of

23    the ALLEGED DISCIPLINARY ACTION, including whether and when it

24    concluded.

25    Interrogatory No. 24

26    DESCRIBE in detail any and all COMMUNICATIONS YOU have had with

27    the TOBEROFF TIMELINE AUTHOR since July 2006, including all efforts YOU

28    made to contact the TOBEROFF TIMELINE AUTHOR.

PL.'S FIRST SET OF INTERROGS.
TO DEF. MARC TOBEROFF

EXHIBIT F
58

1    Interrogatory No. 25

2         DESCRIBE in detail any and all COMMUNICATIONS YOU have had with

3    any PERSON other than a party to the above-entitled action RELATED to the

4    TOBEROFF TIMELINE AUTHOR and/or the TOBEROFF TIMELINE.

5

6    Dated:  December 10, 2010                    Respectfully submitted,

7                                                O'MELVENY & MYERS LLP

8                                                By: _____

9                                                     Daniel M. Petrocelli

10                                               Attorneys for Plaintiff DC Comics

11   CC1:840098

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PL.'S FIRST SET OF INTERROGS.
TO DEF. MARC TOBEROFF

1    DANIEL M. PETROCELLI (S.B. #97802)
       dpetrocelli@omm.com
2    MATTHEW T. KLINE (S.B. #211640)
       mkline@omm.com
3    CASSANDRA L. SETO (S.B. #246608)
       cseto@omm.com
4    O'MELVENY & MYERS LLP
     1999 Avenue of the Stars, 7th Floor
5    Los Angeles, CA 90067-6035
     Telephone:  (310) 553-6700
6    Facsimile:   (310) 246-6779

7    PATRICK T. PERKINS (admitted *pro hac vice*)
       pperkins@ptplaw.com
8    PERKINS LAW OFFICE, P.C.
     1711 Route 9D
9    Cold Spring, NY 10516
     Telephone:  (845) 265-2820
10   Facsimile:   (845) 265-2819

11   Attorneys for Plaintiff DC Comics

12              UNITED STATES DISTRICT COURT

13             CENTRAL DISTRICT OF CALIFORNIA

14
     DC COMICS,                          Case No. CV-10-3633 ODW (RZx)
15
                      Plaintiff,         **DISCOVERY MATTER**
16
            v.                           **PLAINTIFF DC COMICS' FIRST
17                                       SET OF INTERROGATORIES TO
     PACIFIC PICTURES                    DEFENDANT LAURA SIEGEL
18   CORPORATION, IP WORLDWIDE,          LARSON**
     LLC, IPW, LLC, MARC TOBEROFF,
19   an individual, MARK WARREN          **Judge**:  Hon. Otis D. Wright II
     PEARY, as personal representative of **Magistrate**:  Hon. Ralph Zarefsky
20   the ESTATE OF JOSEPH SHUSTER,
     JEAN ADELE PEAVY, an individual,
21   JOANNE SIEGEL, an individual,
     LAURA SIEGEL LARSON, an
22   individual, and DOES 1-10, inclusive,

23                      Defendants.

24

25   **PROPOUNDING PARTY**:    Plaintiff DC Comics

26   **RESPONDING PARTY**:     Defendant Laura Siegel Larson

27   **SET NUMBER**:           One (Interrogatory Nos. 1-5)

28

Pursuant to Federal Rule of Civil Procedure 33, plaintiff DC Comics hereby requests that defendant Laura Siegel Larson respond in writing and under oath to the following First Set of Interrogatories ("Interrogatories"), in accordance with the definitions and instructions contained herein, by no later than January 10, 2011.

## DEFINITIONS AND INSTRUCTIONS

1.    "DOCUMENT" shall be interpreted in its broadest sense to include any and all "documents" and "other tangible things" as those terms are understood in Federal Rule of Civil Procedure 34, including, without limitation, any "writing," "recording," or "photograph" as those terms are defined in Federal Rule of Evidence 1001.  This shall include, but is not limited to:  e-mail, audio or video recordings, correspondence, letters, phone messages, notes, memoranda, facsimiles, publications, contracts, agreements, calendars, drafts of proposed contracts or agreements, papers, and photographs.

2.    "COMMUNICATION" means all written, electronic, oral, telephonic, gesture, or other transmission or exchange of information, including without limitation any inquiry, request, dialogue, discussion, conversation, interview, correspondence, letter, note, consultation, negotiation, agreement, understanding, meeting, e-mail, and all DOCUMENTS evidencing any verbal or nonverbal interaction between any individuals or entities.

3.    "REFER" or "RELATE" (or any conjugation thereof) means, without limitation, evidence, reflect, summarize, constitute, contain, study, analyze, explain, mention, show, discuss, describe, or comment upon.

4.    "PERSON" means any natural person, firm, association, corporation, partnership, or other legal entity or organization separately identifiable, and any department(s) or division(s) therein.

- 1 -

PL.'S FIRST SET OF INTERROGS.
TO DEF. LAURA SIEGEL LARSON

5.    "IDENTIFY" means the following:

a.    When used in reference to a PERSON, it means to state the person's full name, present or last known address, and present or last known business affiliation and business address;

b.    When used in reference to an organization, it means to state the organization's full name and, if it is a corporation, partnership, or other business entity, the address of its principal place of business;

c.    When used in reference to a DOCUMENT, it means to state, to the extent known, the DOCUMENT'S (i) type (*i.e.* letter, memo, note, e-mail); (ii) subject matter; (iii) current location; (iv) every author, recipient or addressee; and (v) the bates number of the DOCUMENT if simultaneously or previously produced in this or any related action.

d.    When used in reference to a COMMUNICATION, it means to state, to the extent known, the COMMUNICATION'S (i) date; (ii) type (*i.e.* oral, telephonic, e-mail); (iii) subject matter; (iv) every author, recipient or addressee; and (v) the bates number of the DOCUMENT if simultaneously or previously produced in this or any related action.

6.    "DESCRIBE" means to set forth fully and in detail all factual information and data that are in any way RELATED to the subject matter of the particular request seeking such statement or description.

7.    "YOU" or "YOUR" means Laura Siegel Larson and, as applicable, any PERSON acting on her behalf, including but not limited to her agents, employees, attorneys, and representatives.

8.    "DEFENDANT" or "DEFENDANTS" means, collectively and severally, any defendant in the above-entitled action, including YOU; Pacific

PL.'S FIRST SET OF INTERROGS.
TO DEF. LAURA SIEGEL LARSON

EXHIBIT F
62

1  Pictures Corporation; IP Worldwide, LLC; IPW, LLC; Marc Toberoff; Mark

2  Warren Peary, on behalf of the Estate of Joseph Shuster; Jean Adele Peavy; and

3  Joanne Siegel and, as applicable, any PERSON acting on their behalf, including

4  but not limited to their agents, employees, attorneys, and representatives.

5       9.    "TOBEROFF TIMELINE" means the undated DOCUMENT titled

6  "Superman – Marc Toberoff Timeline," attached as Exhibit A to the First

7  Amended Complaint filed by plaintiff DC Comics on September 3, 2010 in the

8  above-entitled action.

9       10.    "TOBEROFF TIMELINE AUTHOR" means any PERSON or

10  PERSONS who YOU believe was involved in creating, writing, or transmitting

11  the TOBEROFF TIMELINE, and, as applicable, any PERSON acting on their

12  behalf, including but not limited to their agents, employees, attorneys, and

13  representatives. The "Declaration of Marc Toberoff in Opposition to Defendants'

14  Motion to Reopen Discovery, to Compel Production of Documents, and to

15  Compel the Further Deposition of Kevin Marks," which DEFENDANT Marc

16  Toberoff filed on YOUR behalf in *Siegel v. Warner Bros. Entm't Inc.*, Case No.

17  CV-04-8400 (Docket No. 477), on March 2, 2009, describes the TOBEROFF

18  TIMELINE AUTHOR as follows:

19          My law firm's investigation has revealed that the Stolen

20  Documents were secretly copied and stolen from my law firm's files by a disgruntled attorney employed by the firm who thereafter

21  furnished the documents to Warner Bros. The attorney worked at my firm for less than three months, without any problem or incident, and

22  then one day disappeared on his lunch break in November without notice. The attorney did not return any of the firm's subsequent

23  telephone messages or e-mails.

24          Our investigation has revealed that in late November and early December, 2005, he contacted Plaintiffs and another client of my firm

25  and tried to convince them to terminate the firm, and to retain him instead, by disparaging me and by offering to work for a reduced fee.

26  I am advised by Plaintiffs and my other client that they both rejected this attorney's overtures in early December, 2005.

27       11.    "ALLEGED GRAND JURY INVESTIGATION" means the

28  proceeding REFERRED to in paragraph 14 of the October 4, 2010 declaration

PL.'S FIRST SET OF INTERROGS.
TO DEF. LAURA SIEGEL LARSON

DEFENDANT Marc Toberoff submitted in the above-entitled action (Docket No. 99-1), which provides:

> The theft of privileged documents from my law offices and their transmittal with an anonymous cover letter, entitled the "Toberoff Timeline," to DC's in-house legal team, as well as to other executives of DC's parent company, Warner Bros., by a former junior attorney at my firm, is the subject of an ongoing grand jury investigation initiated by the United States Attorney for the Central District of California.

12.    "ALLEGED DISCIPLINARY ACTION" means the action REFERRED to in an article titled "At Heart of Superman Suit, a Disappearing Lawyer with a Grudge," published by the Am Law Daily on May 21, 2010, purportedly based on a discussion with DEFENDANT Marc Toberoff, which states:

> That the letter to Warner's included a note saying the timeline information could lead to Toberoff being "suspended" and "disgraced" isn't something Toberoff takes lightly.  He says he expects to reveal the mysterious lawyer's identity as part of his broader response to the Warner's suit.

> Even more ominously, Toberoff says he is considering reporting the associate's actions to the California bar.

13.    "INCLUDING" means "including, but not limited to."

14.     "Any" and "All" are interchangeable.

15.    The singular form includes the plural form, and vice versa.

16.    Each answer must be as complete and straightforward as the information reasonably available to YOU permits.  If an Interrogatory cannot be answered completely, answer it to the extent possible.

17.    Whenever an Interrogatory may be answered by referring to a DOCUMENT, the DOCUMENT may be attached as an exhibit to the response and referred to in the response.  If the DOCUMENT has more than one page, refer to the page and section where the answer to the Interrogatory can be found.

18.    Federal Rule of Civil Procedure 33 provides these instructions, which YOU must follow when responding to these Interrogatories:

- 4 -

PL.'S FIRST SET OF INTERROGS.
TO DEF. LAURA SIEGEL LARSON

a.  Each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable.

b.  The answers are to be signed by the person making them, and the objections signed by the attorney making them.

c.  The party upon whom the interrogatories have been served shall serve a copy of the answers, and objections if any, within 30 days after the service of the interrogatories.

d.  All grounds for an objection to an interrogatory shall be stated with specificity.  Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown.

e.  The party submitting the interrogatories may move for an order under Rule 37(a) with respect to any objection to or other failure to answer an interrogatory.

19.  Each Interrogatory shall be construed independently and no Interrogatory shall be viewed as limiting the scope of any other Interrogatory.

20.  These Interrogatories impose a continuing obligation subsequent to YOUR initial responses to timely supplement YOUR responses if YOU determine that any response is incomplete or incorrect.

## **INTERROGATORIES**

Interrogatory No. 1

DESCRIBE in detail any and all COMMUNICATIONS YOU have had with any PERSON RELATED to the TOBEROFF TIMELINE AUTHOR and/or the TOBEROFF TIMELINE.

- 5 -

1  Interrogatory No. 2

2       DESCRIBE in detail any and all COMMUNICATIONS between YOU and

3  any law enforcement official, including anyone employed by the United States

4  Attorney's Office for the Central District of California and/or the Federal Bureau of

5  Investigation, regarding the TOBEROFF TIMELINE AUTHOR and/or the

6  TOBEROFF TIMELINE.

7  Interrogatory No. 3

8       DESCRIBE in detail any information YOU have RELATING to the

9  ALLEGED GRAND JURY INVESTIGATION.

10  Interrogatory No. 4

11       DESCRIBE in detail any and all COMMUNICATIONS YOU have had with

12  the California bar or any legal, administrative, or disciplinary entity regarding the

13  TOBEROFF TIMELINE AUTHOR and/or the TOBEROFF TIMELINE.

14  Interrogatory No. 5

15       DESCRIBE in detail any information YOU have RELATING to the

16  ALLEGED DISCIPLINARY ACTION, including all information regarding the

17  TOBEROFF TIMELINE AUTHOR and/or the TOBEROFF TIMELINE.

18

19  Dated:  December 10, 2010            Respectfully submitted,

20                          O'MELVENY & MYERS LLP

21

22                          By: _____
                                  Daniel M. Petrocelli

23                          Attorneys for Plaintiff DC Comics

24

  CCI:840495

25

26

27

28

                      - 6 -          PL.'S FIRST SET OF INTERROGS.
                                      TO DEF. LAURA SIEGEL LARSON

DANIEL M. PETROCELLI (S.B. #97802)
  dpetrocelli@omm.com
MATTHEW T. KLINE (S.B. #211640)
  mkline@omm.com
CASSANDRA L. SETO (S.B. #246608)
  cseto@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067-6035
Telephone:  (310) 553-6700
Facsimile:   (310) 246-6779

PATRICK T. PERKINS (admitted *pro hac vice*)
  pperkins@ptplaw.com
PERKINS LAW OFFICE, P.C.
1711 Route 9D
Cold Spring, NY 10516
Telephone:  (845) 265-2820
Facsimile:   (845) 265-2819

Attorneys for Plaintiff DC Comics

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DC COMICS,<br><br>                    Plaintiff,<br><br>          v.<br><br>PACIFIC PICTURES CORPORATION, IP WORLDWIDE, LLC, IPW, LLC, MARC TOBEROFF, an individual, MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER, JEAN ADELE PEAVY, an individual, JOANNE SIEGEL, an individual, LAURA SIEGEL LARSON, an individual, and DOES 1-10, inclusive,<br><br>                    Defendants. | Case No. CV-10-3633 ODW (RZx)<br><br>**DISCOVERY MATTER**<br><br>**PLAINTIFF DC COMICS' FIRST SET OF INTERROGATORIES TO DEFENDANT MARK WARREN PEARY**<br><br>**Judge**:  Hon. Otis D. Wright II<br>**Magistrate**:  Hon. Ralph Zarefsky |

**PROPOUNDING PARTY**:    Plaintiff DC Comics

**RESPONDING PARTY**:    Defendant Mark Warren Peary

**SET NUMBER**:    One (Interrogatory Nos. 1-5)

1        Pursuant to Federal Rule of Civil Procedure 33, plaintiff DC Comics hereby

2    requests that defendant Mark Warren Peary respond in writing and under oath to the

3    following First Set of Interrogatories ("Interrogatories"), in accordance with the

4    definitions and instructions contained herein, by no later than January 10, 2011.

5    **DEFINITIONS AND INSTRUCTIONS**

6        1.    "DOCUMENT" shall be interpreted in its broadest sense to include

7    any and all "documents" and "other tangible things" as those terms are

8    understood in Federal Rule of Civil Procedure 34, including, without limitation,

9    any "writing," "recording," or "photograph" as those terms are defined in Federal

10   Rule of Evidence 1001.  This shall include, but is not limited to:  e-mail, audio or

11   video recordings, correspondence, letters, phone messages, notes, memoranda,

12   facsimiles, publications, contracts, agreements, calendars, drafts of proposed

13   contracts or agreements, papers, and photographs.

14       2.    "COMMUNICATION" means all written, electronic, oral,

15   telephonic, gesture, or other transmission or exchange of information, including

16   without limitation any inquiry, request, dialogue, discussion, conversation,

17   interview, correspondence, letter, note, consultation, negotiation, agreement,

18   understanding, meeting, e-mail, and all DOCUMENTS evidencing any verbal or

19   nonverbal interaction between any individuals or entities.

20       3.    "REFER" or "RELATE" (or any conjugation thereof) means,

21   without limitation, evidence, reflect, summarize, constitute, contain, study,

22   analyze, explain, mention, show, discuss, describe, or comment upon.

23       4.    "PERSON" means any natural person, firm, association, corporation,

24   partnership, or other legal entity or organization separately identifiable, and any

25   department(s) or division(s) therein.

26

27

28

PL.'S FIRST SET OF INTERROGS.
TO DEF. MARK WARREN PEARY

5.    "IDENTIFY" means the following:

    a.    When used in reference to a PERSON, it means to state the person's full name, present or last known address, and present or last known business affiliation and business address;

    b.    When used in reference to an organization, it means to state the organization's full name and, if it is a corporation, partnership, or other business entity, the address of its principal place of business;

    c.    When used in reference to a DOCUMENT, it means to state, to the extent known, the DOCUMENT'S (i) type (*i.e.* letter, memo, note, e-mail); (ii) subject matter; (iii) current location; (iv) every author, recipient or addressee; and (v) the bates number of the DOCUMENT if simultaneously or previously produced in this or any related action.

    d.    When used in reference to a COMMUNICATION, it means to state, to the extent known, the COMMUNICATION'S (i) date; (ii) type (*i.e.* oral, telephonic, e-mail); (iii) subject matter; (iv) every author, recipient or addressee; and (v) the bates number of the DOCUMENT if simultaneously or previously produced in this or any related action.

6.    "DESCRIBE" means to set forth fully and in detail all factual information and data that are in any way RELATED to the subject matter of the particular request seeking such statement or description.

7.    "YOU" or "YOUR" means Mark Warren Peary and, as applicable, any PERSON acting on his behalf, including but not limited to his agents, employees, attorneys, and representatives.

8.    "DEFENDANT" or "DEFENDANTS" means, collectively and severally, any defendant in the above-entitled action, including YOU; Pacific

PL.'S FIRST SET OF INTERROGS.
TO DEF. MARK WARREN PEARY

1   Pictures Corporation; IP Worldwide, LLC; IPW, LLC; Marc Toberoff; Jean

2   Adele Peavy; Joanne Siegel; and Laura Siegel Larson and, as applicable, any

3   PERSON acting on their behalf, including but not limited to their agents,

4   employees, attorneys, and representatives.

5          9.      "TOBEROFF TIMELINE" means the undated document titled

6   "Superman – Marc Toberoff Timeline," attached as Exhibit A to the First

7   Amended Complaint filed by plaintiff DC Comics on September 3, 2010 in the

8   above-entitled action.

9          10.     "TOBEROFF TIMELINE AUTHOR" means any PERSON or

10  PERSONS who YOU believe was involved in creating, writing, or transmitting

11  the TOBEROFF TIMELINE, and, as applicable, any PERSON acting on their

12  behalf, including but not limited to their agents, employees, attorneys, and

13  representatives.

14         11.     "ALLEGED GRAND JURY INVESTIGATION" means the

15  proceeding REFERRED to in paragraph 14 of the October 4, 2010 declaration

16  DEFENDANT Marc Toberoff submitted in the above-entitled action (Docket No.

17  99-1), which provides:

18         The theft of privileged documents from my law offices and their
           transmittal with an anonymous cover letter, entitled the "Toberoff
19         Timeline," to DC's in-house legal team, as well as to other executives
           of DC's parent company, Warner Bros., by a former junior attorney at
20         my firm, is the subject of an ongoing grand jury investigation initiated
           by the United States Attorney for the Central District of California.
21
22         12.     "ALLEGED DISCIPLINARY ACTION" means the action

23  REFERRED to in an article titled "At Heart of Superman Suit, a Disappearing

24  Lawyer with a Grudge," published by the Am Law Daily on May 21, 2010,

25  purportedly based on a discussion with DEFENDANT Marc Toberoff, which

26  states:

27         That the letter to Warner's included a note saying the timeline
           information could lead to Toberoff being "suspended" and "disgraced"
28         isn't something Toberoff takes lightly.  He says he expects to reveal

- 3 -

PL.'S FIRST SET OF INTERROGS.
TO DEF. MARK WARREN PEARY

1    the mysterious lawyer's identity as part of his broader response to the Warner's suit.

2

3    Even more ominously, Toberoff says he is considering reporting the associate's actions to the California bar.

4    13.    "INCLUDING" means "including, but not limited to."

5    14.    "Any" and "All" are interchangeable.

6    15.    The singular form includes the plural form, and vice versa.

7    16.    Each answer must be as complete and straightforward as the

8    information reasonably available to YOU permits.  If an Interrogatory cannot be

9    answered completely, answer it to the extent possible.

10    17.    Whenever an Interrogatory may be answered by referring to a

11    DOCUMENT, the DOCUMENT may be attached as an exhibit to the response

12    and referred to in the response.  If the DOCUMENT has more than one page,

13    refer to the page and section where the answer to the Interrogatory can be found.

14    18.    Federal Rule of Civil Procedure 33 provides these instructions,

15    which YOU must follow when responding to these Interrogatories:

16        a.    Each interrogatory shall be answered separately and fully in

17            writing under oath, unless it is objected to, in which event the

18            objecting party shall state the reasons for objection and shall

19            answer to the extent the interrogatory is not objectionable.

20        b.    The answers are to be signed by the person making them, and

21            the objections signed by the attorney making them.

22        c.    The party upon whom the interrogatories have been served shall

23            serve a copy of the answers, and objections if any, within 30

24            days after the service of the interrogatories.

25        d.    All grounds for an objection to an interrogatory shall be stated

26            with specificity.  Any ground not stated in a timely objection is

27            waived unless the party's failure to object is excused by the

28            court for good cause shown.

- 4 -

PL.'S FIRST SET OF INTERROGS.
TO DEF. MARK WARREN PEARY

e.    The party submitting the interrogatories may move for an order under Rule 37(a) with respect to any objection to or other failure to answer an interrogatory.

19.    Each Interrogatory shall be construed independently and no Interrogatory shall be viewed as limiting the scope of any other Interrogatory.

20.    These Interrogatories impose a continuing obligation subsequent to YOUR initial responses to timely supplement YOUR responses if YOU determine that any response is incomplete or incorrect.

## **INTERROGATORIES**

Interrogatory No. 1

DESCRIBE in detail any and all COMMUNICATIONS YOU have had with any PERSON RELATED to the TOBEROFF TIMELINE AUTHOR and/or the TOBEROFF TIMELINE.

Interrogatory No. 2

DESCRIBE in detail any and all COMMUNICATIONS between YOU and any law enforcement official, including anyone employed by the United States Attorney's Office for the Central District of California and/or the Federal Bureau of Investigation, regarding the TOBEROFF TIMELINE AUTHOR and/or the TOBEROFF TIMELINE.

Interrogatory No. 3

DESCRIBE in detail any information YOU have RELATING to the ALLEGED GRAND JURY INVESTIGATION.

Interrogatory No. 4

DESCRIBE in detail any and all COMMUNICATIONS YOU have had with the California bar or any legal, administrative, or disciplinary entity regarding the TOBEROFF TIMELINE AUTHOR and/or the TOBEROFF TIMELINE.

PL.'S FIRST SET OF INTERROGS.
TO DEF. MARK WARREN PEARY

1    <u>Interrogatory No. 5</u>

2         DESCRIBE in detail any information YOU have RELATING to the

3    ALLEGED DISCIPLINARY ACTION, including all information regarding the

4    TOBEROFF TIMELINE AUTHOR and/or the TOBEROFF TIMELINE.

5

6    Dated:  December 10, 2010                    Respectfully submitted,

7                                                 O'MELVENY & MYERS LLP

8                                                 By: _____

9                                                      Daniel M. Petrocelli

10                                                Attorneys for Plaintiff DC Comics

11

12   CC1:840502

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PL.'S FIRST SET OF INTERROGS.
TO DEF. MARK WARREN PEARY

EXHIBIT F
73