# EXHIBIT I

| | |
|---|---|
| Subject: | FW: DC v. PPC 10-CV-3633 |
| Attachments: | DC v. PCC.Discovery.MT-PrivilegeLog.1.24.2011.pdf; DC v. PPC.Discovery.MT-Production.00001-00007.1.24.2011.pdf; DC v. PPC.Letter.Toberoff-Petrocelli.DESIGNATION.1.24.2010.pdf; DC v.PPC.MT.RPDS.1.24.11.final.pdf; DC v.PPC.IPWllc.rpds.1.24.10.final.pdf; DC v.PPC.Pacific-Pictures-Response-to-RPODs.1.24.2011.final.pdf; DC v.PPC.Marc-Toberoff-ROG-Responses.01.24.2011.final.pdf; DC v.PPC.IP-Worldwide-Response-to-RPODs.1.24.2011.final.pdf; DC v.PPC.Mark-Warren-Peary-ROG-Responses.01.24.2011.final.pdf; DC v.PPC.Laura-Siegel-Larson-ROG-Responses.01.24.2011.final.pdf; DC v.PPC.PROOF OF SERVICE.1.24.10.FINAL.final.pdf |

-----Original Message-----
From: nwilliamson@ipwla.com [mailto:nwilliamson@ipwla.com]
Sent: Monday, January 24, 2011 11:59 PM
To: Petrocelli, Daniel; Kline, Matthew; Seto, Cassandra
Cc: nwilliamson@ipwla.com; kgadams@ipwla.com
Subject: DC v. PPC 10-CV-3633

Dan:

Please see the attached letter and enclosures from defendants.

Regards,

Nicholas C. Williamson
Toberoff & Associates, P.C.
2049 Century Park East, Suite 2720
Los Angeles , CA 90067
Telephone: (310) 246-3333
Facsimile: (310) 246-3101
Email: nwilliamson@ipwla.com


This message and any attached documents may contain information from Toberoff & Associates,
P.C. that is confidential and/or privileged. If you are not the intended recipient, you may
not read, copy, distribute or use this information. If you have received this transmission in
error, please notify the sender immediately by reply e-mail and then delete this message.

1

EXHIBIT I
80

1  KENDALL BRILL & KLIEGER LLP
   Richard B. Kendall (90072)
2    rkendall@kbkfirm.com
   Laura W. Brill (195889)
3    lbrill@kbkfirm.com
   Nicholas F Daum (236155)
4    ndaum@kbkfirm.com
   Nathalie E. Cohen (258222)
5    ncohen@kbkfirm.com
   10100 Santa Monica Blvd., Suite 1725
6  Los Angeles, California, 90067
   Telephone:   310.556.2700
7  Facsimile:   310.556.2705

8  Attorneys for Defendants Marc Toberoff,
   Pacific Pictures Corporation, IP
9  Worldwide, LLC, and IPW, LLC

10              **UNITED STATES DISTRICT COURT**

11       **CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION**

| | |
|---|---|
| 12  DC COMICS, | Case No: CV 10-03633 ODW (RZx) |
| 13                    Plaintiff, | Hon. Otis D. Wright II, U.S.D.J. |
| 14          vs. | **DEFENDANT MARC TOBEROFF'S RESPONSE AND OBJECTIONS TO PLAINTIFF DC COMICS' REQUEST FOR PRODUCTION OF DOCUMENTS** |
| 15  PACIFIC PICTURES CORPORATION; IP WORLDWIDE, LLC; IPW, LLC; | |
| 16  MARC TOBEROFF, an individual; | |
| 17  MARK WARREN PEARY, as personal representative of the ESTATE OF | Complaint Filed:  May 14, 2010 |
| 18  JOSEPH SHUSTER; JEAN ADELE PEAVY, an individual; JOANNE | Trial Date:  None Set |
| 19  SIEGEL, an individual;  LAURA | |
| 20  SIEGEL LARSON, an individual, | |
| 21  and DOES 1-10, inclusive, | |
| 22                    Defendants. | |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

Defendant Marc Toberoff ("Toberoff"), pursuant to the provisions of Rule 34(b)(2) of the Federal Rules of Civil Procedure, makes the following objections to Plaintiff DC Comics' Request for Production of Documents ("Request") that was served on December 10, 2010 by plaintiff DC Comics ("Plaintiff"):

## I.

## OBJECTIONS TO THE ENTIRE REQUEST

Toberoff objects to the entire Request on each of the following grounds and incorporates by reference each of the following objections into his response to each individual request for documents within it:

1.      Toberoff objects to each individual request within the Request to the extent it is relevant only to the Fourth through Sixth state law claims for relief in DC's First Amended Complaint ("FAC").  Defendants contend that their pending anti-SLAPP motion stays discovery regarding these state law claims, as well as the related Third Claim for Relief.  *See* Cal. Code Civ. Proc. § 425.16(g); *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 130 S. Ct. 1431, 1452 (2010) (Stevens, J., concurring); *Batzel v. Smith*, 333 F.3d 1018, 1024 (9th Cir. 2003); *Godin v. Schencks*, 2010 U.S. App. LEXIS 25980 (1st Cir. Dec. 22, 2010).

2.      To the extent the Request and each document request therein seeks documents concerning any agreement between the Shusters and Siegels to act collectively in negotiations with DC regarding the settlement of their termination claims ("Collective Bargaining"), Toberoff objects on the following grounds:  Any documents that exist relating to Collective Bargaining contain and memorialize attorney-client privileged communications and attorney work product and reveal sensitive settlement strategy that would give DC an unfair advantage.  Moreover, any Collective Bargaining documents were prepared in connection with settlement mediation in the closely related cases *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-CV-8400 ODW (RZx) and *Joanne Siegel, et*

72785.1

DEFENDANT MARC TOBEROFF'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT I
82

1  *al. v. Time Warner Inc., et al.,* Case No. 04-CV-8766 ODW (RZx) (collectively

2  "*Siegel* Litigation") and the use of such information plainly violates the parties' May

3  1, 2008 JAMS Confidentiality Agreement.  Moreover this disclosure is inconsistent

4  with the policies of FRE 408 and California Evidence Code §§ 1119 *et seq*., 1152.

5       3.    Toberoff objects to the Request and each document request therein to

6  the extent that it seeks the production of any item, or portion thereof, comprising or

7  reflecting information transmitted and maintained in confidence between Toberoff or

8  any person or entity acting on his behalf and his counsel and/or one or more of his

9  clients for the purpose of obtaining legal advice or representation, on the grounds that

10  such information is protected from disclosure by the attorney-client privilege and the

11  joint-interest privilege.  Such documents will not be produced in response to the

12  request, and any inadvertent production thereof shall not be deemed a waiver of any

13  privilege or doctrine with respect to such documents.  With respect to such

14  documents, Toberoff hereby incorporates by reference the privilege logs served by

15  the Defendants in this action on December 15, 2010.

16       4.    Toberoff objects to the Request and each document request therein to

17  the extent that it seeks the production of any item, or portion thereof, comprising or

18  reflecting information with any confidential impression, conclusion, opinion, legal

19  research, or legal theory of counsel for Toberoff or any other person or entity, on the

20  grounds that such information is protected from disclosure by the attorney work

21  product doctrine.  Such documents will not be produced in response to the request,

22  and any inadvertent production thereof shall not be deemed a waiver of any privilege

23  or doctrine with respect to such documents.  With respect to such documents,

24  Toberoff hereby incorporates by reference the privilege logs served by the

25  Defendants in this action on December 15, 2010.

26       5.    Toberoff objects to the Request and each document request therein to

27  the extent that it seeks the production of any item, or portion thereof, which is not

28  reasonably calculated to lead to the discovery of relevant and admissible evidence, on

72785.1

DEFENDANT MARC TOBEROFF'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT I
83

the grounds that it exceeds the permissible scope of discovery delimited by Rule 26(b)(1) of the Federal Rules of Civil Procedure.

6.      Toberoff objects to the Request and each document request therein to the extent that it seeks the production of any item, or portion thereof, comprising or reflecting any trade secret or other confidential or proprietary information of Toberoff or any other entity or person.

7.      Toberoff objects to the Request and each document request therein to the extent that it seeks the production of any item, or portion thereof, which is protected from disclosure by court order, or any privacy or similar rights of any person or entity.

8.      Toberoff objects to the Request and each document request therein to the extent that it is unduly burdensome, overly broad, impose extreme hardship, IS oppressive and harassing, or would result in the expenditure of unnecessary time and resources.

9.      Toberoff objects to the Request and each document request therein to the extent that the expense of producing documents outweighs the likely benefit of discovery provided to Plaintiff.

10.     Toberoff objects to the Request and each document request therein to the extent that it seeks the production of duplicative identical items, or documents or information already in Plaintiff's possession, or by reason of public filing, publication or otherwise are readily accessible to Plaintiff through other means.

11.     Toberoff objects to the Request and each document request therein to the extent that it seeks the production of any item which has been served, filed, or transmitted in the course of this action, on the grounds that such production would be burdensome, oppressive, and unnecessary.

12.     Toberoff objects to the Request and each document request therein to the extent that it seeks the production of any item which has already been produced, served, or filed in the course of the related actions *Joanne Siegel, et al. v. Warner*

DEFENDANT MARC TOBEROFF'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT I
84

*Bros. Entertainment Inc., et al.*, Case No. 04-CV-8400 ODW (RZx) and *Joanne Siegel, et al. v. Time Warner Inc., et al.,* Case No. 04-CV-8766 ODW (RZx) (collectively "*Siegel* Litigation"), on the grounds that such production would be duplicative, burdensome, oppressive, and unnecessary.

13.    In making any document production, Toberoff will reference by their Bates numbers documents already produced to DC in the *Siegel* Litigation, rather than re-copy and reproduce such documents. Toberoff will not produce or designate by Bates numbers documents Toberoff obtained solely as a result of a document production by the other side in the *Siegel* Litigation.

14.    Consistent with the agreement governing privilege logs negotiated by the parties concerning plaintiff and other defendants, Toberoff will not log privileged communications or attorney work-product documents in either this case or the *Siegel* Litigations, that (a) are internal communications by defendants' counsel at the law firms of Toberoff & Associates, P.C. and Kendall Brill & Klieger, L.L.P., or (b) between Toberoff & Associates P.C and defendants' counsel at the law firm of Kendall, Brill & Klieger LLP. Logging such documents would constitute an extraordinary interference by DC in the affairs of its opposing counsel in both this action and the ongoing *Siegel* litigation.

15.    Toberoff objects to the Request and each document request therein to the extent that it seeks the production of any item or document that is not the property of Toberoff. Toberoff will not produce any items or documents that are the property of any other person or entity.

16.    Toberoff objects to the Request and each document request therein and to the definitions and instructions therein to the extent that they purport to alter or extend Toberoff's obligations beyond those established by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Central District of California, or any order or ruling by the Court in this action.

17.    Toberoff objects generally to the definitions of the terms "YOU" and

72785.1

4

EXHIBIT I
85

"YOUR" as vague and ambiguous, overbroad and unduly burdensome, especially with respect to the definition's reference to "attorneys". Toberoff will construe these terms to refer to Toberoff.

18.    Toberoff objects generally to the definitions of the terms "DEFENDANT" and "DEFENDANTS" as vague and ambiguous, overbroad and unduly burdensome, especially with respect to the definition's reference to "attorneys". Toberoff will construe these terms to refer only to the specific defendants in this action.

19.    Toberoff objects generally to the definition of the term "SHUSTER HEIRS" as vague and ambiguous, overbroad and unduly burdensome, especially with respect to the definition's reference to "attorneys". Solely for the purposes of these responses, and for no other purpose, Toberoff will construe this term to refer only to the Estate of Joseph Shuster, Jean Peavy, Mark Peary, Dawn Peavy and Frank Shuster.

20.    Toberoff objects generally to the definition of the term "SIEGEL HEIRS" as vague and ambiguous, overbroad and unduly burdensome, especially with respect to the definition's reference to "attorneys". Solely for the purposes of these responses, and for no other purpose, Toberoff will construe this term to refer only to Joanne Siegel and Laura Siegel Larson.

21.    Toberoff reserves the right to revise, amend, supplement or clarify any of the objections set forth herein.

## II.

## DOCUMENTS TO BE PRODUCED

## SPECIFIC RESPONSES TO INDIVIDUAL REQUESTS

**Document Request No. 1**

All agreements between or among YOU and any DEFENDANT RELATING to the SIEGEL HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 1**

Toberoff objects to this request to the extent it seeks any privileged documents concerning any collective bargaining of any settlement by the Shusters and Siegels and because Plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement. Toberoff further objects to this request on the grounds that the phrase "the SIEGEL HEIRS' purported rights in SUPERMAN and/or SUPERBOY," is vague and ambiguous, and lacks sufficient precision to allow him to formulate an appropriate response. Toberoff further objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint-interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing general and specific objections, Toberoff will produce documents, if any, that are neither privileged nor protected by the JAMS Confidentiality Agreement, consistent with his understanding of this request.

**Document Request No. 2**

All agreements between or among YOU and any DEFENDANT RELATING to the SHUSTER HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 2**

Toberoff objects to this request to the extent it seeks any privileged documents concerning any collective bargaining of any settlement by the Shusters and Siegels and because Plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement. Toberoff further objects to this request on the grounds that the phrase "the SHUSTER HEIRS' purported rights in SUPERMAN and/or SUPERBOY," is vague and ambiguous, and lacks sufficient precision to allow him to formulate an appropriate response. Toberoff further objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint-interest privilege, the attorney work product doctrine and any

72785.1

other privilege or immunity available under law or arising from contractual obligation.   Subject to and without waiving the foregoing general and specific objections, Toberoff will produce documents, if any, that are neither privileged nor protected by the JAMS Confidentiality Agreement, consistent with his understanding of this request.

**Document Request No. 3**

All agreements between or among YOU and any DEFENDANT.

**Response to Document Request No. 3**

Toberoff objects to this request to the extent it seeks any privileged documents concerning any collective bargaining of any settlement by the Shusters and Siegels and because Plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement.  Toberoff additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint-interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.   Subject to and without waiving the foregoing general and specific objections, Toberoff will produce documents, if any, that are neither privileged nor protected by the JAMS Confidentiality Agreement, consistent with his understanding of this request.

**Document Request No. 4**

All agreements between or among YOU and any third party RELATING to SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 4**

Toberoff objects to this request to the extent it seeks any privileged documents concerning any collective bargaining of any settlement by the Shusters and Siegels and because Plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement.  Toberoff additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client

72785.1

DEFENDANT MARC TOBEROFF'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT I
88

1  privilege, the joint-interest privilege, the attorney work product doctrine and any

2  other privilege or immunity available under law or arising from contractual

3  obligation.   Subject to and without waiving the foregoing general and specific

4  objections, Toberoff will produce documents, if any, that are neither privileged nor

5  protected by the JAMS Confidentiality Agreement, consistent with his understanding

6  of this request.

7  **Document Request No. 5**

8         All DOCUMENTS RELATING to SUPERMAN and/or SUPERBOY.

9  **Response to Document Request No. 5**

10        Toberoff objects to this request to the extent it seeks any privileged documents

11 concerning any collective bargaining of any settlement by the Shusters and Siegels

12 and because Plaintiff's use of such information violates the parties' May 1, 2008

13 JAMS Confidentiality Agreement.  Toberoff further objects to this request on the

14 grounds that it is compound, overbroad, burdensome and oppressive, as it could be

15 reasonably construed to request all documents related to this litigation, the *Siegel v.*

16 *Warner Bros. Ent. Inc.* and *Siegel v. Time Warner Inc.* litigations, documents created

17 and/or produced by Plaintiff and all documents relating to the exploitation of

18 Superman and/or Superboy over the past 80 years.  Toberoff further objects to this

19 request on the grounds that the phrase "RELATING," is vague and ambiguous, and

20 lacks sufficient precision to allow him to formulate an appropriate response.

21 Toberoff further objects to this request on the grounds that it is indefinite as to time,

22 not reasonably limited in scope, and to the extent that it seeks the production of any

23 item, or portion thereof, which is not reasonably calculated to lead to the discovery of

24 relevant and admissible evidence.  Toberoff additionally objects to this request to the

25 extent that it seeks communications or items protected by the attorney-client

26 privilege, the joint-interest privilege, the attorney work product doctrine and any

27 other privilege or immunity available under law or arising from contractual

28 obligation.  Subject to and without waiving the foregoing general and specific

8

DEFENDANT MARC TOBEROFF'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT I
89

1  objections, Toberoff is willing to meet and confer with Plaintiff regarding the

2  tailoring of this request.

3  **Document Request No. 6**

4      All DOCUMENTS OBTAINED by YOU prior to October 1, 2002,

5  RELATING to negotiations between the SIEGEL HEIRS and DC Comics

6  RELATING to SUPERMAN and/or SUPERBOY.

7  **Response to Document Request No. 6**

8      Toberoff objects to this request on the grounds that it is compound, overbroad,

9  burdensome and oppressive. Toberoff further objects to this request on the grounds

10  that the phrase "RELATING," is vague and ambiguous, and lacks sufficient precision

11  to allow him to formulate an appropriate response.  Toberoff further objects to this

12  request to the extent that it seeks communications or items protected by the attorney-

13  client privilege, the joint-interest privilege, the attorney work product doctrine and

14  any other privilege or immunity available under law or arising from contractual

15  obligation.  Subject to and without waiving the foregoing general and specific

16  objections, Toberoff has no responsive documents to this request.

17  **Document Request No. 7**

18      All DOCUMENTS RELATING to the SIEGEL HEIRS OBTAINED by YOU

19  prior to October 1, 2002.

20  **Response to Document Request No. 7**

21      Toberoff objects to this request on the grounds that it is compound, overbroad,

22  burdensome and oppressive.  Toberoff further objects to this request on the grounds

23  that the phrase "RELATING," is vague and ambiguous, and lacks sufficient precision

24  to allow him to formulate an appropriate response.  Toberoff objects to this request to

25  the extent that it seeks communications or items protected by the attorney-client

26  privilege, the joint-interest privilege, the attorney work product doctrine and any

27  other privilege or immunity available under law or arising from contractual

28  obligation.  Subject to and without waiving the foregoing general and specific

72785.1

9

EXHIBIT I
90

1  objections, Toberoff has no responsive documents to this request.

2  **Document Request No. 8**

3      All DOCUMENTS RELATING to the SHUSTER HEIRS OBTAINED by

4  YOU prior to YOUR initial contact with any of them.

5  **Response to Document Request No. 8**

6      Toberoff objects to this request on the grounds that it is compound, overbroad,

7  burdensome and oppressive.  Toberoff further objects to this request on the grounds

8  that the phrase "RELATING to the SHUSTER HEIRS," is vague and ambiguous,

9  and lacks sufficient precision to allow him to formulate an appropriate response.

10  Toberoff objects to this request to the extent that it seeks communications or items

11  protected by the attorney-client privilege, the joint-interest privilege, the attorney

12  work product doctrine and any other privilege or immunity available under law or

13  arising from contractual obligation.  Subject to and without waiving the foregoing

14  general and specific objections, Toberoff has no responsive documents to this

15  request.

16  **Document Request No. 9**

17      All DOCUMENTS RELATING to any of the DEFENDANTS OBTAINED by

18  YOU prior to YOUR initial contact with each of them.

19  **Response to Document Request No. 9**

20      Toberoff objects to this request on the grounds that it is compound,

21  duplicative, overbroad, burdensome and oppressive, as it could be reasonably

22  construed to request all documents relating to Superman, Jerome Siegel, Joseph

23  Shuster, the Siegels and the Shusters, including all prior litigations between Jerome

24  Siegel and Joseph Shuster and DC Comics or any predecessor thereof and all

25  documents relating the exploitation of Superman and/or Superboy over the past 80

26  years.   Toberoff further objects to this request on the grounds that the phrase

27  "RELATING to any of the DEFENDANTS," used in the context of this request, is

28  vague and ambiguous, and lacks sufficient precision to allow him to formulate an

72785.1

10

DEFENDANT MARC TOBEROFF'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT I
91

1  appropriate response.  Toberoff further objects to this request on the grounds that it is

2  indefinite as to time and not reasonably limited in scope.   Toberoff further objects to

3  this request to the extent that it seeks communications or items protected by the

4  attorney-client privilege, the joint-interest privilege, the attorney work product

5  doctrine and any other privilege or immunity available under law or arising from

6  contractual obligation.  Subject to and without waiving the foregoing general and

7  specific objections, Toberoff is willing to meet and confer with Plaintiff regarding the

8  tailoring of this request.

9  **Document Request No. 10**

10      All DOCUMENTS RELATING to YOUR past, current, or potential ownership

11  interest in any rights in SUPERMAN and/or SUPERBOY.

12  **Response to Document Request No. 10**

13      Toberoff objects to this request to the extent it seeks any privileged documents

14  concerning any collective bargaining of any settlement by the Shusters and Siegels

15  and because Plaintiff's use of such information violates the parties' May 1, 2008

16  JAMS Confidentiality Agreement.  Toberoff objects to this request on the grounds

17  that the term "RELATING to YOUR past, current, or potential ownership interest," is

18  vague and ambiguous, and lacks sufficient precision to allow him to formulate an

19  appropriate response. Toberoff further objects to this request to the extent that it

20  assumes that such a "past, current, or potential ownership interest" of Toberoff in

21  such rights existed, exists, or will exist.  Toberoff additionally objects to this request

22  to the extent that it seeks communications or items protected by the attorney-client

23  privilege, the joint-interest privilege, the attorney work product doctrine and any

24  other privilege or immunity available under law or arising from contractual

25  obligation.   Subject to and without waiving the foregoing general and specific

26  objections, Toberoff will produce documents, if any, that are neither privileged nor

27  protected by the JAMS Confidentiality Agreement, consistent with his understanding

28  of this request.

72785.1

DEFENDANT MARC TOBEROFF'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT I
92

**Document Request No. 11**

1

2    All DOCUMENTS RELATING to YOUR ability to negotiate or enter into

3 agreements regarding SUPERMAN and/or SUPERBOY.

4 **Response to Document Request No. 11**

5    Toberoff objects to this request to the extent it seeks any privileged documents

6 concerning any collective bargaining of any settlement by the Shusters and Siegels

7 and because Plaintiff's use of such information violates the parties' May 1, 2008

8 JAMS Confidentiality Agreement.  Toberoff objects to this request on the grounds

9 that the term "RELATING to YOUR ability to negotiate or enter into agreements" is

10 vague and ambiguous, and lacks sufficient precision to allow him to formulate an

11 appropriate response.  Toberoff additionally objects to this request to the extent that it

12 seeks communications or items protected by the attorney-client privilege, the joint-

13 interest privilege, the attorney work product doctrine and any other privilege or

14 immunity available under law or arising from contractual obligation.  Subject to and

15 without waiving the foregoing general and specific objections, Toberoff will produce

16 non-privileged responsive documents, if any, consistent with his understanding of

17 this request.

18 **Document Request No. 12**

19    All DOCUMENTS RELATING to or affecting the disposition, division, or

20 ownership of any rights in SUPERMAN and/or SUPERBOY.

21 **Response to Document Request No. 12**

22    Toberoff objects to this request to the extent it seeks any privileged documents

23 concerning any collective bargaining of any settlement by the Shusters and Siegels

24 and because Plaintiff's use of such information violates the parties' May 1, 2008

25 JAMS Confidentiality Agreement.  Toberoff objects to this request on the grounds

26 that it is compound, overbroad, burdensome and oppressive, as it could be reasonably

27 construed to request all documents related to this litigation, the *Siegel v. Warner*

28 *Bros. Ent. Inc.* and *Siegel v. Time Warner Inc.* litigations, documents created and/or

72785.1

12
DEFENDANT MARC TOBEROFF'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT I
93

1    produced by Plaintiff, and all documents relating to the exploitation of Superman

2    and/or Superboy over the past 80 years.  Toberoff objects to this request on the

3    grounds that the phrase "RELATING to or affecting" is vague and ambiguous, and

4    lacks sufficient precision to allow him to formulate an appropriate response.

5    Toberoff further objects to this request on the grounds that it is indefinite as to time

6    and not reasonably limited in scope. Toberoff additionally objects to this request to

7    the extent that it seeks communications or items protected by the attorney-client

8    privilege, the joint-interest privilege, the attorney work product doctrine and any

9    other privilege or immunity available under law or arising from contractual

10   obligation.  Subject to and without waiving the foregoing general and specific

11   objections, Toberoff is willing to meet and confer with Plaintiff regarding the

12   tailoring of this request.

13   **Document Request No. 13**

14        All DOCUMENTS RELATING to or affecting the division of revenue,

15   proceeds, or other profits regarding SUPERMAN and/or SUPERBOY.

16   **Response to Document Request No. 13**

17        Toberoff objects to this request to the extent it seeks any privileged documents

18   concerning any collective bargaining of any settlement by the Shusters and Siegels

19   and because Plaintiff's use of such information violates the parties' May 1, 2008

20   JAMS Confidentiality Agreement.  Toberoff objects to this request on the grounds

21   that it is compound, overbroad, burdensome and oppressive, as it could be reasonably

22   construed to request all documents related to this litigation, the *Siegel v. Warner*

23   *Bros. Ent. Inc.* and *Siegel v. Time Warner Inc.* litigations, documents created and/or

24   produced by Plaintiff and all documents relating to the exploitation of Superman

25   and/or Superboy over the past 80 years.  Toberoff objects to this request on the

26   grounds that the phrase "RELATING to or affecting" is vague and ambiguous, and

27   lacks sufficient precision to allow him to formulate an appropriate response.

28   Toberoff further objects to this request on the grounds that it is indefinite as to time

72785.1

DEFENDANT MARC TOBEROFF'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT I
94

and not reasonably limited in scope. Toberoff additionally objects to this request to

the extent that it seeks communications or items protected by the attorney-client

privilege, the joint-interest privilege, the attorney work product doctrine and any

other privilege or immunity available under law or arising from contractual

obligation.  Subject to and without waiving the foregoing general and specific

objections, Toberoff is willing to meet and confer with Plaintiff regarding the

tailoring of this request.

**Document Request No. 14**

All DOCUMENTS RELATING to or affecting the division of any settlement

proceeds regarding SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 14**

Toberoff objects to this request to the extent it seeks any privileged documents

concerning any collective bargaining of any settlement by the Shusters and Siegels

and because Plaintiff's use of such information violates the parties' May 1, 2008

JAMS Confidentiality Agreement.  Toberoff objects to this request on the grounds

that it is compound, duplicative, overbroad, burdensome and oppressive.  Toberoff

objects to this request on the grounds that the phrase "RELATING to or affecting" is

vague and ambiguous, and lacks sufficient precision to allow him to formulate an

appropriate response.  Toberoff further objects to this request on the grounds that it is

indefinite as to time and not reasonably limited in scope. Toberoff additionally

objects to this request to the extent that it seeks communications or items protected

by the attorney-client privilege, the joint-interest privilege, the attorney work product

doctrine and any other privilege or immunity available under law or arising from

contractual obligation.  Subject to and without waiving the foregoing general and

specific objections, Toberoff is willing to meet and confer with Plaintiff regarding the

tailoring of this request.

**Document Request No. 15**

All DOCUMENTS RELATING to the potential sale, assignment, license, or

1  other disposition of any rights relating to SUPERMAN and/or SUPERBOY,

2  including but not limited to any solicitation, offer, option, or proposed agreement.

3  **Response to Document Request No. 15**

4        Toberoff objects to this request to the extent it seeks any privileged documents

5  concerning any collective bargaining of any settlement by the Shusters and Siegels

6  and because Plaintiff's use of such information violates the parties' May 1, 2008

7  JAMS Confidentiality Agreement. Toberoff further objects to this request on the

8  grounds that it is compound, overbroad, burdensome and oppressive, as it could be

9  reasonably construed to request all documents related to this litigation, the *Siegel v.*

10  *Warner Bros. Ent. Inc.* and *Siegel v. Time Warner Inc.* litigations, documents created

11  and/or produced by Plaintiff, documents relating to Plaintiff's or its licensees'

12  exploitation of Superman and/or Superboy and all documents relating to the

13  exploitation of Superman and/or Superboy over the past 80 years. Toberoff objects to

14  this request on the grounds that the term "RELATING" is vague and ambiguous, and

15  lacks sufficient precision to allow him to formulate an appropriate response.

16  Toberoff further objects to this request on the grounds that it is indefinite as to time

17  and not reasonably limited in scope.  Toberoff further objects to this request to the

18  extent that it seeks the production of any item, or portion thereof, which is not

19  reasonably calculated to lead to the discovery of relevant and admissible evidence.

20  Toberoff additionally objects to this request to the extent that it seeks

21  communications or items protected by the attorney-client privilege, the joint-interest

22  privilege, the attorney work product doctrine and any other privilege or immunity

23  available under law or arising from contractual obligation.  Subject to and without

24  waiving the foregoing general and specific objections, Toberoff is willing to meet

25  and confer with Plaintiff regarding the tailoring of this request.

26  **Document Request No. 16**

27        All DOCUMENTS RELATING to any efforts YOU have made to sell, lease,

28  license, or otherwise exploit any rights in SUPERMAN and/or SUPERBOY.

72785.1

DEFENDANT MARC TOBEROFF'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT I
96

**Response to Document Request No. 16**

Toberoff objects to this request to the extent it seeks any privileged documents concerning any collective bargaining of any settlement by the Shusters and Siegels and because Plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement. Toberoff further objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive. Toberoff objects to this request on the grounds that the term "RELATING to any efforts" is vague and ambiguous, and lacks sufficient precision to allow him to formulate an appropriate response. Toberoff further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Toberoff further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Toberoff additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint-interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing general and specific objections, Toberoff will produce documents, if any, that are neither privileged nor protected by the JAMS Confidentiality Agreement, consistent with his understanding of this request.

**Document Request No. 17**

All DOCUMENTS RELATING to any potential investors or other PERSONS who have expressed interest in purchasing or otherwise investing in any rights in SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 17**

Toberoff objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive. Toberoff objects to this request on the grounds that the term "RELATING to any potential investors or other PERSONS who have expressed interest in purchasing or otherwise investing in any rights" is vague and ambiguous,

DEFENDANT MARC TOBEROFF'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT I
97

and lacks sufficient precision to allow him to formulate an appropriate response. Toberoff further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Toberoff further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Toberoff objects to this request to the extent it seeks any privileged documents concerning any collective bargaining of any settlement by the Shusters and Siegels and because Plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement. Toberoff additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint-interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing general and specific objections, Toberoff will produce documents, if any, that are neither privileged nor protected by the JAMS Confidentiality Agreement, consistent with his understanding of this request.

**Document Request No. 18**

All DOCUMENTS RELATING to the valuation of any past, current, or potential ownership interest in SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 18**

Toberoff objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive, as it could be reasonably construed to request all documents related to this litigation, the *Siegel v. Warner Bros. Ent. Inc.* and *Siegel v. Time Warner Inc.* litigations, documents created and/or produced by Plaintiff, documents relating to Plaintiff's or its licensees' exploitation of Superman and/or Superboy and all documents relating to the exploitation of Superman and/or Superboy over the past 80 years. Toberoff further objects to this request on the grounds that the term "RELATING to the valuation of any past, current, or potential

72785.1

EXHIBIT I
98

ownership interest" is vague and ambiguous, and lacks sufficient precision to allow him to formulate an appropriate response.  Toberoff further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Toberoff further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence.  Toberoff additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint-interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing general and specific objections, Toberoff is willing to meet and confer with Plaintiff regarding the tailoring of this request.

**Document Request No. 19**

All DOCUMENTS RELATING to any internal or external investigation YOU participated in regarding the TOBEROFF TIMELINE AUTHOR and/or the TOBEROFF TIMELINE, including the findings of any such investigation.

**Response to Document Request No. 19**

Toberoff objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive. Toberoff objects to the Request to the extent that it seeks the production of documents which is not reasonably calculated to lead to the discovery of relevant and admissible evidence, on the grounds that it exceeds the permissible scope of discovery delimited by Rule 26(b)(1) of the Federal Rules of Civil Procedure, as any "investigation" by Toberoff as to the author of the TOBEROFF TIMELINE is not relevant to any of the claims for relief in this action. Toberoff further objects to this request on the grounds that the term "RELATING" is vague and ambiguous, and lacks sufficient precision to allow him to formulate an appropriate response.  Toberoff objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint-interest

privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Toberoff further objects to this request to the extent it seeks the production of the "Timeline" or of the documents stolen from the confidential legal files of Toberoff & Associates, P.C. The Court's orders releasing these documents in *Siegel v. Warner Bros.*, Case No. 04-CV-8400 were in error and Toberoff objects to any further production of these documents on that basis.  Toberoff further objects to this request on the ground that the provision of any documents to the U.S. Attorney's Office was done without waiver of any privilege or protection and with the express understanding that any privileged material would remain privileged and confidential.  Subject to and without waiving the foregoing general and specific objections, Toberoff will produce non-privileged responsive documents, if any, consistent with his understanding of this request.

**Document Request No. 20**

All DOCUMENTS RELATING to any COMMUNICATIONS YOU have had with the TOBEROFF TIMELINE AUTHOR since July 2006.

**Response to Document Request No. 20**

Toberoff objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive. Toberoff objects to this request on the grounds that the term "RELATING" is vague and ambiguous, and lacks sufficient precision to allow him to formulate an appropriate response. Toberoff further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Toberoff further objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint-interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing general and specific objections, Toberoff has no responsive documents to

72785.1

19

1  this request.

2

3  **Document Request No. 21**

4      All DOCUMENTS RELATING to the ALLEGED GRAND JURY

5  INVESTIGATION.

6  **Response to Document Request No. 21**

7      Toberoff objects to this request on the grounds that it is compound, overbroad,

8  burdensome and oppressive. Toberoff objects to this request on the grounds that the

9  term "RELATING" is vague and ambiguous, and lacks sufficient precision to allow

10 him to formulate an appropriate response. Toberoff further objects to this request to

11 the extent that it seeks the production of any item, or portion thereof, which is not

12 reasonably calculated to lead to the discovery of relevant and admissible evidence.

13 Toberoff objects to this request to the extent that it seeks communications or items

14 protected by the attorney-client privilege, the joint-interest privilege, the attorney

15 work product doctrine and any other privilege or immunity available under law or

16 arising from contractual obligation.  Toberoff further objects to this request to the

17 extent it seeks the production of the "Timeline" or of the documents stolen from the

18 confidential legal files of Toberoff & Associates, P.C.  The Court's orders releasing

19 these documents in *Siegel v. Warner Bros*, Case No. 04-CV-8400 were in error and

20 Toberoff objects to any further production of these documents on that basis.

21 Toberoff further objects to this request on the ground that the provision of any

22 documents to the U.S. Attorney's Office was done without waiver of any privilege or

23 protection and with the express understanding that any privileged material would

24 remain privileged and confidential.

25 **Document Request No. 22**

26      All DOCUMENTS RELATING to the ALLEGED DISCIPLINARY

27 ACTION.

28 **Response to Document Request No. 22**

72785.1

20

DEFENDANT MARC TOBEROFF'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT I
101

Toberoff objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive. Toberoff objects to this request on the grounds that the term "RELATING" is vague and ambiguous, and lacks sufficient precision to allow him to formulate an appropriate response. Toberoff further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Toberoff further objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint-interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing general and specific objections, Toberoff has no responsive documents to this request.

**Document Request No. 23**

All DOCUMENTS RELATING to any legal, administrative, or disciplinary action YOU have participated in regarding the TOBEROFF TIMELINE AUTHOR or the TOBEROFF TIMELINE, including any COMMUNICATIONS YOU have had with law enforcement or the state bar association.

**Response to Document Request No. 23**

Toberoff objects to this request on the grounds that the term "RELATING" is vague and ambiguous, and lacks sufficient precision to allow him to formulate an appropriate response. Toberoff further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence.  Toberoff further objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint-interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Toberoff further objects to this request to the extent it seeks the production of the "Timeline" or of the documents stolen from the

72785.1

DEFENDANT MARC TOBEROFF'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT I
102

confidential legal files of Toberoff & Associates, P.C.  The Court's orders releasing these documents in *Siegel v. Warner Bros*, Case No. 04-CV-8400 were in error and Toberoff objects to any further production of these documents on that basis. Toberoff further objects to this request on the ground that the provision of any documents to the U.S. Attorney's Office was done without waiver of any privilege or protection and with the express understanding that any privileged material would remain privileged and confidential.

**Document Request No. 24**

All DOCUMENTS RELATING to any COMMUNICATIONS YOU have had with the SIEGEL HEIRS RELATED to the TOBEROFF TIMELINE AUTHOR or the TOBEROFF TIMELINE.

**Response to Document Request No. 24**

Toberoff objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive. Toberoff further objects to this request on the grounds that the terms "RELATING" and "RELATED" are vague and ambiguous, and lack sufficient precision to allow him to formulate an appropriate response.  Toberoff further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence.  Toberoff  further objects to this request in that it expressly seeks communications or items protected by the attorney-client privilege and the attorney work product doctrine.

**Document Request No. 25**

All DOCUMENTS RELATING to any COMMUNICATIONS YOU have had with the SHUSTER HEIRS RELATED to the TOBEROFF TIMELINE AUTHOR or the TOBEROFF TIMELINE.

**Response to Document Request No. 25**

Toberoff objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive. Toberoff further objects to this request on the grounds

72785.1

DEFENDANT MARC TOBEROFF'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT I
103

1  that the terms "RELATING" and "RELATED" are vague and ambiguous, and lack

2  sufficient precision to allow him to formulate an appropriate response.  Toberoff

3  further objects to this request to the extent that it seeks the production of any item, or

4  portion thereof, which is not reasonably calculated to lead to the discovery of relevant

5  and admissible evidence.  Toberoff further objects to this request in that it expressly

6  seeks communications or items protected by the attorney-client privilege and the

7  attorney work product doctrine.

8  **Document Request No. 26**

9       All DOCUMENTS RELATING to any COMMUNICATIONS YOU have had

10  with third parties RELATED to the TOBEROFF TIMELINE AUTHOR or the

11  TOBEROFF TIMELINE.

12  **Response to Document Request No. 26**

13       Toberoff objects to this request on the grounds that it is compound, overbroad,

14  burdensome and oppressive. Toberoff further objects to this request on the grounds

15  that the terms "RELATING" and "RELATED" are vague and ambiguous, and lacks

16  sufficient precision to allow him to formulate an appropriate response.  Toberoff

17  further objects to this request to the extent that it seeks the production of any item, or

18  portion thereof, which is not reasonably calculated to lead to the discovery of relevant

19  and admissible evidence. Toberoff additionally objects to this request to the extent

20  that it seeks communications or items protected by the attorney-client privilege, the

21  joint-interest privilege, the attorney work product doctrine and any other privilege or

22  immunity available under law or arising from contractual obligation.  Toberoff

23  further objects to this request to the extent it seeks the production of the "Timeline"

24  or of the documents stolen from the confidential legal files of Toberoff & Associates,

25  P.C.  The Court's orders releasing these documents in *Siegel v. Warner Bros*, Case

26  No. 04-CV-8400 were in error and Toberoff objects to any further production of

27  these documents on that basis.  Toberoff further objects to this request on the ground

28  that the provision of any documents to the U.S. Attorney's Office was done without

1  waiver of any privilege or protection and with the express understanding that any

2  privileged material would remain privileged and confidential.  Subject to and without

3  waiving the foregoing general and specific objections, Toberoff will produce

4  responsive documents, if any, consistent with his understanding of this request.

5  **Document Request No. 27**

6      All DOCUMENTS RELATING to YOUR introduction to and involvement

7  with the SIEGEL HEIRS.

8  **Response to Document Request No. 27**

9      Toberoff further objects to this request on the grounds that it is compound,

10  duplicative, overbroad, burdensome and oppressive, as it could reasonably be

11  construed to request all documents related to this litigation, the *Siegel v. Warner*

12  *Bros. Ent. Inc.* and *Siegel v. Time Warner Inc.* litigations, documents created by

13  Plaintiff and all documents relating to the exploitation of Superman and/or Superboy

14  over the past 80 years.  Toberoff objects to this request on the grounds that the terms

15  "RELATING" and "involvement with" are vague and ambiguous, and lack sufficient

16  precision to allow him to formulate an appropriate response.  Toberoff further objects

17  to this request on the grounds that it is indefinite as to time and not reasonably

18  limited in scope.  Toberoff objects to this request to the extent it seeks any privileged

19  documents concerning any collective bargaining of any settlement by the Shusters

20  and Siegels  and because Plaintiff's use of such information violates the parties' May

21  1, 2008 JAMS Confidentiality Agreement. Toberoff additionally objects to this

22  request to the extent that it seeks communications or items protected by the attorney-

23  client privilege, the joint-interest privilege, the attorney work product doctrine and

24  any other privilege or immunity available under law or arising from contractual

25  obligation.  Subject to and without waiving the foregoing general and specific

26  objections, Toberoff is willing to meet and confer with Plaintiff regarding the

27  tailoring of this request.

28

72785.1

24
DEFENDANT MARC TOBEROFF'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT I
105

**Document Request No. 28**

All DOCUMENTS RELATING to YOUR introduction to and involvement with the SHUSTER HEIRS.

**Response to Document Request No. 28**

Toberoff further objects to this request on the grounds that it is compound, duplicative, overbroad, burdensome and oppressive, as it could reasonably be construed to request all documents related to this litigation, the *Siegel v. Warner Bros. Ent. Inc.* and *Siegel v. Time Warner Inc.* litigations, documents created by Plaintiff and all documents relating to the exploitation of Superman over the past 80 years.  Toberoff objects to this request on the grounds that the terms "RELATING" and "involvement with" are vague and ambiguous, and lack sufficient precision to allow him to formulate an appropriate response.  Toberoff further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope.  Toberoff objects to this request to the extent it seeks any privileged documents concerning any collective bargaining of any settlement by the Shusters and Siegels  and because Plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement. Toberoff additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint-interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing general and specific objections, Toberoff is willing to meet and confer with Plaintiff regarding the tailoring of this request.

**Document Request No. 29**

All DOCUMENTS RELATING to the transfer of any property or interest between or among YOU and any DEFENDANT.

**Response to Document Request No. 29**

Toberoff further objects to this request on the grounds that it is compound,

DEFENDANT MARC TOBEROFF'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT I
106

1  duplicative, overbroad, burdensome and oppressive, as it could reasonably be

2  construed to request all documents related to this litigation, the *Siegel v. Warner*

3  *Bros. Ent. Inc.* and *Siegel v. Time Warner Inc.* litigations, documents created by

4  Plaintiff, all documents relating to the exploitation of Superman and/or Superboy

5  over the past 80 years and documents relating to wholly irrelevant business between

6  Toberoff and Defendants owned or controlled by Toberoff (e.g., IPW, LLC).

7  Toberoff objects to this request on the grounds that the terms "RELATING" and

8  "involvement" are vague and ambiguous, and lack sufficient precision to allow him

9  to formulate an appropriate response.  Toberoff further objects to this request on the

10 grounds that it is indefinite as to time and not reasonably limited in scope.  Toberoff

11 additionally objects to this request to the extent that it seeks communications or items

12 protected by the attorney-client privilege, the joint-interest privilege, the attorney

13 work product doctrine and any other privilege or immunity available under law or

14 arising from contractual obligation.  Subject to and without waiving the foregoing

15 general and specific objections, Toberoff is willing to meet and confer with Plaintiff

16 regarding the tailoring of this request.

17 **Document Request No. 30**

18     All COMMUNICATIONS RELATING to any disclosure of a potential or

19 actual conflict of interest by or to YOU or any DEFENDANT.

20 **Response to Document Request No. 30**

21     Toberoff objects to this request in that it seeks the production of items not

22 reasonably calculated to lead to the discovery of relevant and admissible evidence.

23 Toberoff further further objects to this request on the grounds that it is compound,

24 duplicative, overbroad, burdensome and oppressive.  Toberoff further objects to this

25 request on the grounds that the terms "RELATING" and "disclosure of a potential or

26 actual conflict of interest by or to YOU or any DEFENDANT" are vague and

27 ambiguous, and lacks sufficient precision to allow him to formulate an appropriate

28 response.  Toberoff further objects to this request on the grounds that it is indefinite

72785.1

DEFENDANT MARC TOBEROFF'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT I
107

1  as to time and not reasonably limited in scope.   Toberoff further objects to this

2  request as it seeks any privileged documents concerning any collective bargaining of

3  any settlement by the Shusters and Siegels  and because Plaintiff's use of such

4  information violates the parties' May 1, 2008 JAMS Confidentiality Agreement.

5  Toberoff additionally objects to this request as it seeks communications or items

6  protected by the attorney-client privilege, the joint-interest privilege, the attorney

7  work product doctrine and to the extent it seeks the production of items protected by

8  any other privilege or immunity available under law or arising from contractual

9  obligation.

10  **Document Request No. 31**

11      All COMMUNICATIONS RELATING to any waiver or acknowledgement of

12  a potential or actual conflict of interest by or to YOU or any DEFENDANT.

13  **Response to Document Request No. 31**

14      Toberoff objects to this request in that it seeks the production of items not

15  reasonably calculated to lead to the discovery of relevant and admissible evidence.

16  Toberoff further further objects to this request on the grounds that it is compound,

17  duplicative, overbroad, burdensome and oppressive.  Toberoff further objects to this

18  request on the grounds that the terms "RELATING" and "disclosure of a potential or

19  actual conflict of interest by or to YOU or any DEFENDANT" are vague and

20  ambiguous, and lacks sufficient precision to allow him to formulate an appropriate

21  response.  Toberoff further objects to this request on the grounds that it is indefinite

22  as to time and not reasonably limited in scope.   Toberoff further objects to this

23  request as it seeks any privileged documents concerning any collective bargaining of

24  any settlement by the Shusters and Siegels  and because Plaintiff's use of such

25  information violates the parties' May 1, 2008 JAMS Confidentiality Agreement.

26  Toberoff additionally objects to this request as it seeks communications or items

27  protected by the attorney-client privilege, the joint-interest privilege, the attorney

28  work product doctrine and to the extent it seeks the production of items protected by

72785.1

EXHIBIT I
108

1   any other privilege or immunity available under law or arising from contractual

2   obligation.

3   **Document Request No. 32**

4          All DOCUMENTS RELATING to any past, current, or planned partnership or

5   strategic alliance between YOU and any individual or entity RELATING to any

6   DEFENDANT.

7   **Response to Document Request No. 32**

8          Toberoff objects to this request on the grounds that it is compound, overbroad,

9   burdensome and oppressive, as it could be reasonably construed to request all

10  documents related to this litigation, the *Siegel v. Warner Bros. Ent. Inc.* and *Siegel v.*

11  *Time Warner Inc.* litigations, documents created and/or produced by Plaintiff, all

12  documents relating to the exploitation of Superman and/or Superboy over the past 80

13  years and documents relating to wholly irrelevant business between Toberoff and

14  Defendants owned or controlled by Toberoff (e.g., IPW, LLC).  Toberoff objects to

15  this request on the grounds that the phrase "RELATING to any past, current, or

16  planned partnership or strategic alliance between YOU and any individual or entity"

17  is vague and ambiguous, and lacks sufficient precision to allow him to formulate an

18  appropriate response.  Toberoff further objects to this request on the grounds that it is

19  indefinite as to time and not reasonably limited in scope.  Toberoff objects to this

20  request to the extent it seeks any privileged documents concerning any collective

21  bargaining of any settlement by the Shusters and Siegels  and because Plaintiff's use

22  of such information violates the parties' May 1, 2008 JAMS Confidentiality

23  Agreement.  Toberoff additionally objects to this request to the extent that it seeks

24  communications or items protected by the attorney-client privilege, the joint-interest

25  privilege, the attorney work product doctrine and any other privilege or immunity

26  available under law or arising from contractual obligation. Subject to and without

27  waiving the foregoing general and specific objections, Toberoff is willing to meet

28  and confer with Plaintiff regarding the tailoring of this request.

72785.1

DEFENDANT MARC TOBEROFF'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT I
109

**Document Request No. 33**

All DOCUMENTS RELATING to any past, current, or planned partnership or strategic alliance between YOU and any individual or entity RELATING to any intellectual property rights.

**Response to Document Request No. 33**

Toberoff objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive and seeks documents relating to wholly irrelevant business between Toberoff and Defendants owned or controlled by Toberoff (e.g., IPW, LLC). Toberoff further objects to this request on the grounds that the term "RELATING" is vague and ambiguous, and lacks sufficient precision to allow him to formulate an appropriate response. Toberoff further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Toberoff further objects to this request on the basis that it seeks the production of items not reasonably calculated to lead to the discovery of relevant and admissible evidence. Toberoff additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint-interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.

**Document Request No. 34**

All DOCUMENTS RELATING to the letter agreement dated November 23, 2001 that YOU signed with the SHUSTER HEIRS.

**Response to Document Request No. 34**

Toberoff further objects to this request on the grounds that it is compound, duplicative, overbroad, burdensome and oppressive. Toberoff objects to this request on the grounds that the phrase "RELATING" is vague and ambiguous, and lacks sufficient precision to allow him to formulate an appropriate response. Toberoff further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Toberoff further objects to this request to the extent that

1  it seeks the production of any item, or portion thereof, which is not reasonably

2  calculated to lead to the discovery of relevant and admissible evidence. Toberoff

3  additionally objects to this request to the extent that it seeks communications or items

4  protected by the attorney-client privilege, the joint interest privilege, the attorney

5  work product doctrine and any other privilege or immunity available under law or

6  arising from contractual obligation.  Subject to and without waiving the foregoing

7  general and specific objections, Toberoff will produce non-privileged responsive

8  documents, if any, consistent with his understanding of this request.

9  **Document Request No. 35**

10     All DOCUMENTS RELATING to Ari Emanuel.

11  **Response to Document Request No. 35**

12       Toberoff objects to this request on the grounds that it is compound,

13  overbroad, burdensome and oppressive.  Toberoff objects to this request on the

14  grounds that the term "RELATING" is vague and ambiguous, and lacks sufficient

15  precision to allow him to formulate an appropriate response.  Toberoff further objects

16  to this request on the grounds that it is indefinite as to time and not reasonably

17  limited in scope.  Toberoff further objects to this request to the extent that it seeks the

18  production of any item, or portion thereof, which is not reasonably calculated to lead

19  to the discovery of relevant and admissible evidence.  Toberoff additionally objects

20  to this request to the extent that it seeks communications or items protected by the

21  attorney-client privilege, the joint interest privilege, the attorney work product

22  doctrine and any other privilege or immunity available under law or arising from

23  contractual obligation.  Subject to and without waiving the foregoing general and

24  specific objections, Toberoff is willing to meet and confer with Plaintiff regarding the

25  tailoring of this request.

26  **Document Request No. 36**

27     All DOCUMENTS RELATING to any COMMUNICATIONS with Ari

28  Emanuel.

72785.1

30

DEFENDANT MARC TOBEROFF'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT I
111

**Response to Document Request No. 36**

Toberoff objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive.  Toberoff objects to this request on the grounds that the term "RELATING" is vague and ambiguous, and lacks sufficient precision to allow him to formulate an appropriate response.  Toberoff further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope.  Toberoff further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence.  Toberoff additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing general and specific objections, Toberoff is willing to meet and confer with Plaintiff regarding the tailoring of this request.

**Document Request No. 37**

All DOCUMENTS RELATING to the Memorandum of Agreement dated February 2, 2002 that YOU signed with Ari Emanuel.

**Response to Document Request No. 37**

Toberoff objects to this request on the grounds that it is compound, duplicative, overbroad, burdensome and oppressive.  Toberoff objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive.  Toberoff further objects to this request on the grounds that the term "RELATING" is vague and ambiguous, and lacks sufficient precision to allow him to formulate an appropriate response. Toberoff objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence.  Toberoff additionally objects to this request to the extent that it seeks communications or items protected by the

72785.1

DEFENDANT MARC TOBEROFF'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT I
112

1   attorney-client privilege, the joint interest privilege, the attorney work product

2   doctrine and any other privilege or immunity available under law or arising from

3   contractual obligation.  Subject to and without waiving the foregoing general and

4   specific objections, Toberoff is willing to meet and confer with Plaintiff regarding the

5   tailoring of this request.

6   **Document Request No. 38**

7         All DOCUMENTS RELATING to any contributions by YOU to the IP

8   Worldwide joint venture dated February 2, 2002 between DEFENDANT Pacific

9   Pictures Corporation and Ari Emanuel.

10  **Response to Document Request No. 38**

11        Toberoff objects to this request on the grounds that it is compound,

12  duplicative, overbroad, burdensome and oppressive.  Toberoff further objects to this

13  request on the grounds that the phrase "RELATING to any contributions" is vague

14  and ambiguous, and lacks sufficient precision to allow him to formulate an

15  appropriate response. Toberoff objects to this request to the extent that it seeks the

16  production of any item, or portion thereof, which is not reasonably calculated to lead

17  to the discovery of relevant and admissible evidence.  Toberoff additionally objects

18  to this request to the extent that it seeks communications or items protected by the

19  attorney-client privilege, the joint interest privilege, the attorney work product

20  doctrine and any other privilege or immunity available under law or arising from

21  contractual obligation.  Subject to and without waiving the foregoing general and

22  specific objections, Toberoff is willing to meet and confer with Plaintiff regarding the

23  tailoring of this request.

24  **Document Request No. 39**

25        All DOCUMENTS RELATING to YOUR identification of "JS Claims" in

26  Appendix 1 to the February 2, 2002 Memorandum of Agreement.

27  **Response to Document Request No. 39**

28        Toberoff objects to this request on the grounds that it is compound, overbroad,

72785.1

32

burdensome and oppressive.  Toberoff further objects to this request on the grounds that the terms "RELATING" and "YOUR identification of JS Claims" is vague and ambiguous, and lacks sufficient precision to allow him to formulate an appropriate response. Toberoff objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Toberoff further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence.   Toberoff additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing general and specific objections, Toberoff will produce non-privileged responsive documents, if any, consistent with his understanding of this request.

**Document Request No. 40**

All DOCUMENTS RELATING to the letter agreement dated October 27, 2003 that YOU signed with the SHUSTER HEIRS.

**Response to Document Request No. 40**

Toberoff objects to this request on the grounds that it is compound, duplicative, overbroad, burdensome and oppressive, as it could be reasonably construed to request all documents related to Superman.  Toberoff objects to this request on the grounds that the phrase "RELATING" is vague and ambiguous, and lacks sufficient precision to allow him to formulate an appropriate response. Toberoff further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope.  Toberoff further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence.

Toberoff additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing general and specific objections, Toberoff is willing to meet and confer with Plaintiff regarding the tailoring of this request.

**Document Request No. 41**

ALL DOCUMENTS RELATING to the letter dated September 10, 2004 that YOU signed with the SHUSTER HEIRS.

**Response to Document Request No. 41**

Toberoff objects to this request on the grounds that it is compound, duplicative, overbroad, burdensome and oppressive, as it could be reasonably construed to request all documents related to Superman.  Toberoff objects to this request on the grounds that the phrase "RELATING" is vague and ambiguous, and lacks sufficient precision to allow him to formulate an appropriate response. Toberoff further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope.  Toberoff further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Toberoff additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing general and specific objections, Toberoff is willing to meet and confer with Plaintiff regarding the tailoring of this request.

**Document Request No. 42**

All DOCUMENTS RELATING to any COMMUNICATION between YOU and Kevin Marks.

DEFENDANT MARC TOBEROFF'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT I
115

**RESPONSE TO DOCUMENT REQUEST NO. 42**

Toberoff objects to this request on the grounds that it is compound, duplicative, overbroad, burdensome and oppressive.  Toberoff objects to this request on the grounds that the term "RELATING" is vague and ambiguous, and lacks sufficient precision to allow him to formulate an appropriate response.  Toberoff further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope.  Toberoff further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence.  Toberoff additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing general and specific objections, Toberoff is willing to meet and confer with Plaintiff regarding the tailoring of this request.

**Document Request No. 43**

All DOCUMENTS RELATING to any COMMUNICATION RELATING to the "Declaration of Kevin S. Marks in Support of Toberoff Defendants' Reply Memorandum in Support of Motion to Strike Plaintiff's State Law Causes of Action Pursuant to California's Anti-SLAPP Law (Cal. Code Civ. Proc. § 425.16)" filed in the above-entitled action on October 4, 2010 (Docket No. 98-3), including any and all drafts of that declaration and any and all DOCUMENTS reflecting the contents of that declaration.

**Response to Document Request No. 43**

Toberoff objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive.  Toberoff objects to this request on the grounds that the term "RELATING" is vague and ambiguous, and lacks sufficient precision to allow him to formulate an appropriate response.  Toberoff further objects to this request on

72785.1

35

the grounds that it is indefinite as to time and not reasonably limited in scope. Toberoff further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence.  Toberoff additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing general and specific objections, Toberoff is willing to meet and confer with Plaintiff regarding the tailoring of this request.

**Document Request No. 44**

All DOCUMENTS RELATING to the letter dated August 9, 2002 from Kevin Marks to Joanne and/or Laura Siegel.

**Response to Document Request No. 44**

Toberoff objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive.  Toberoff objects to this request on the grounds that the term "RELATING" is vague and ambiguous, and lacks sufficient precision to allow him to formulate an appropriate response.  Toberoff further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Toberoff further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence.  Toberoff additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.   Subject to and without waiving the foregoing general and specific objections, Toberoff is willing to meet and confer with Plaintiff regarding the tailoring of this request.

1  **Document Request No. 45**

2      All DOCUMENTS RELATING to any COMMUNICATION between YOU

3  and Don Bulson RELATING to the rights in SUPERMAN and/or SUPERBOY.

4   **Response to Document Request No. 45**

5      Toberoff objects to this request on the grounds that it is compound,

6  duplicative, overbroad, burdensome and oppressive, as it could be reasonably

7  construed to request all documents relating to Superman and/or Superboy. Toberoff

8  objects to this request on the grounds that the terms "RELATING to any

9  COMMUNICATIONS" and "RELATING to the rights" are vague and ambiguous,

10  and lack sufficient precision to allow him to formulate an appropriate response.

11  Toberoff further objects to this request on the grounds that it is indefinite as to time

12  and not reasonably limited in scope.  Toberoff further objects to this request to the

13  extent that it seeks the production of any item, or portion thereof, which is not

14  reasonably calculated to lead to the discovery of relevant and admissible evidence.

15  Toberoff additionally objects to this request to the extent that it seeks

16  communications or items protected by the attorney-client privilege, the joint interest

17  privilege, the attorney work product doctrine and any other privilege or immunity

18  available under law or arising from contractual obligation.

19  **Document Request No. 46**

20      All DOCUMENTS RELATING to any COMMUNICATION between YOU

21  and Michael Siegel RELATING to the rights in SUPERMAN and/or SUPERBOY.

22  **Response to Document Request No. 46**

23      Toberoff objects to this request on the grounds that it is compound,

24  duplicative, overbroad, burdensome and oppressive, as it could be reasonably

25  construed to request all documents relating to Superman and/or Superboy. Toberoff

26  objects to this request on the grounds that the term "RELATING" is vague and

27  ambiguous, and lacks sufficient precision to allow him to formulate an appropriate

28  response.  Toberoff further objects to this request on the grounds that it is indefinite

72785.1

37

DEFENDANT MARC TOBEROFF'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT I
118

as to time and not reasonably limited in scope. Toberoff further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Toberoff additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing general and specific objections, Toberoff is willing to meet and confer with Plaintiff regarding the tailoring of this request.

**Document Request No. 47**

All DOCUMENTS RELATING to any COMMUNICATION between YOU and Warner Bros. executive Steven Spira regarding the rights in SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 47**

Toberoff objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive. Toberoff objects to this request on the grounds that the term "RELATING" is vague and ambiguous, and lacks sufficient precision to allow him to formulate an appropriate response. Toberoff objects to this request to the extent that it assumes that there was, in fact, a "COMMUNICATION between YOU and Warner Bros. executive Steven Spira regarding the rights in SUPERMAN and/or SUPERBOY." Toberoff further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Toberoff further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Toberoff objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the

72785.1

DEFENDANT MARC TOBEROFF'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT I
119

foregoing general and specific objections, Toberoff has no documents regarding COMMUNICATIONS with Steven Spira.

**Document Request No. 48**

All DOCUMENTS RELATING to any COMMUNICATION between or among Laura Siegel Larson and Michael Siegel.

**Response to Document Request No. 48**

Toberoff objects to this request on the grounds that it is compound, duplicative, overbroad, burdensome and oppressive, as it could be reasonably construed to request all documents relating to Superman and/or Superboy. Toberoff objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive. Toberoff objects to this request on the grounds that the term "RELATING" is vague and ambiguous, and lacks sufficient precision to allow him to formulate an appropriate response. Toberoff further objects to this request on the grounds that it is indefinite as to time, not reasonably limited in scope, and to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Toberoff further objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing general and specific objections, Toberoff is willing to meet and confer with Plaintiff regarding the tailoring of this request.

**Document Request No. 49**

All DOCUMENTS RELATING to YOUR involvement with or awareness of the May 9, 2002 letter from DEFENDANT Joanne Siegel to Time Warner Inc.

**Response to Document Request No. 49**

Toberoff objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive. Toberoff objects to this request on the grounds that the

72785.1

39

EXHIBIT I
120

phrase "RELATING to YOUR involvement with or awareness of" is vague and ambiguous, and lacks sufficient precision to allow him to formulate an appropriate response.  Toberoff objects to this request to the extent that it assumes that there was, in fact, "involvement with or awareness of the May 9, 2002 letter from DEFENDANT Joanne Siegel to Time Warner Inc." by Toberoff.  Toberoff further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope.  Toberoff further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence.  Toberoff objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.

Subject to and without waiving the foregoing general and specific objections, Toberoff has no documents regarding any purported involvement by him with or prior awareness of the May 9, 2002 letter.

**Document Request No. 50**

All DOCUMENTS RELATING to YOUR involvement with or awareness of the September 21, 2002 letter from DEFENDANTS Joanne Siegel and Laura Siegel Larson to Kevin Marks.

**Response to Document Request No. 50**

Toberoff objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive.  Toberoff objects to this request on the grounds that the term "RELATING to YOUR involvement with or awareness of" is vague and ambiguous, and lacks sufficient precision to allow him to formulate an appropriate response.  Toberoff objects to this request to the extent that it assumes that there was, in fact, "involvement with or awareness of the September 21, 2002 letter from DEFENDANTS Joanne Siegel and Laura Siegel Larson to Kevin Marks" by

DEFENDANT MARC TOBEROFF'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT I
121

1  Toberoff.  Toberoff further objects to this request on the grounds that it is indefinite

2  as to time and not reasonably limited in scope.  Toberoff further objects to this

3  request to the extent that it seeks the production of any item, or portion thereof,

4  which is not reasonably calculated to lead to the discovery of relevant and admissible

5  evidence.  Toberoff objects to this request to the extent that it seeks communications

6  or items protected by the attorney-client privilege, the joint interest privilege, the

7  attorney work product doctrine and any other privilege or immunity available under

8  law or arising from contractual obligation.  Subject to and without waiving the

9  foregoing general and specific objections, Toberoff has no documents regarding any

10  purported involvement by him with or prior awareness of the September 21, 2002

11  letter to Kevin Marks.

12  **Document Request No. 51**

13       All DOCUMENTS RELATING to YOUR involvement with or awareness of

14  the September 21, 2002 letter from DEFENDANTS Joanne Siegel and Laura Siegel

15  Larson to DC Comics.

16  **Response to Document Request No. 51**

17       Toberoff objects to this request on the grounds that it is compound, overbroad,

18  burdensome and oppressive.  Toberoff objects to this request on the grounds that the

19  term "RELATING to YOUR involvement with or awareness of" is vague and

20  ambiguous, and lacks sufficient precision to allow him to formulate an appropriate

21  response.  Toberoff objects to this request to the extent that it assumes that there was,

22  in fact, "involvement with or awareness of the September 21, 2002 letter from

23  DEFENDANTS Joanne Siegel and Laura Siegel Larson to DC Comics" by Toberoff.

24  Toberoff further objects to this request on the grounds that it is indefinite as to time

25  and not reasonably limited in scope.  Toberoff further objects to this request to the

26  extent that it seeks the production of any item, or portion thereof, which is not

27  reasonably calculated to lead to the discovery of relevant and admissible evidence.

28  Toberoff objects to this request to the extent that it seeks communications or items

EXHIBIT I
122

protected by the attorney-client privilege, the joint interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing general and specific objections, Toberoff has no documents regarding any purported involvement by him with or prior awareness of the September 21, 2002 letter to DC Comics.

**Document Request No. 52**

All DOCUMENTS RELATING to the letter agreement dated October 3, 2002 that YOU signed on behalf of DEFENDANT IP Worldwide, LLC, and any revisions, modifications, or adjustments thereto.

**Response to Document Request No. 52**

Toberoff objects to this request on the grounds that it is compound, duplicative, overbroad, burdensome and oppressive.   Toberoff objects to this request on the grounds that the term "RELATING" is vague and ambiguous, and lacks sufficient precision to allow him to formulate an appropriate response.  Toberoff further objects to this request on the grounds that it is indefinite as to time, not reasonably limited in scope, and to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Toberoff further objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing general and specific objections, Toberoff is willing to meet and confer with Plaintiff regarding the tailoring of this request.

**Document Request No. 53**

All DOCUMENTS RELATING to the Notice of Termination of Transfer Covering Extended Renewal Term: Superboy served on behalf of the SIEGEL

DEFENDANT MARC TOBEROFF'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT I
123

1  HEIRS on or around November 8, 2002.

2

3  **Response to Document Request No. 53**

4      Toberoff further objects to this request on the grounds that it is compound,

5  duplicative, overbroad, burdensome and oppressive, as it could be reasonably

6  construed to request all documents related to this litigation, the *Siegel v. Warner*

7  *Bros. Ent. Inc.* and *Siegel v. Time Warner Inc.* litigations, documents created and/or

8  produced by Plaintiff and all documents relating to the exploitation of Superman

9  and/or Superboy over the past 80 years.  Toberoff further objects to this request on

10  the grounds that the phrase "RELATING," used in the context of this request, is

11  vague and ambiguous, and lacks sufficient precision to allow him to formulate an

12  appropriate response.  Toberoff further objects to this request on the grounds that it is

13  indefinite as to time, not reasonably limited in scope, and to the extent that it seeks

14  the production of any item, or portion thereof, which is not reasonably calculated to

15  lead to the discovery of relevant and admissible evidence.  Toberoff additionally

16  objects to this request to the extent that it seeks communications or items protected

17  by the attorney-client privilege, the joint interest privilege, the attorney work product

18  doctrine and any other privilege or immunity available under law or arising from

19  contractual obligation.  Subject to and without waiving the foregoing general and

20  specific objections, Toberoff is willing to meet and confer with Plaintiff regarding the

21  tailoring of this request.

22  **Document Request No. 54**

23      All DOCUMENTS RELATING to the Notice of Termination of Transfer

24  Covering Extended Copyright Renewal Term of "Superman" served on behalf of the

25  Estate of Joseph Shuster on November 10, 2003.

26  **Response to Document Request No. 54**

27      Toberoff further objects to this request on the grounds that it is compound,

28  duplicative, overbroad, burdensome and oppressive, as it could be reasonably

72785.1

43

DEFENDANT MARC TOBEROFF'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT I
124

construed to request all documents related to this litigation, the *Siegel v. Warner Bros. Ent. Inc.* and *Siegel v. Time Warner Inc.* litigations, documents created and/or produced by Plaintiff and all documents relating to the exploitation of Superman and/or Superboy over the past 80 years.  Toberoff further objects to this request on the grounds that the phrase "RELATING," used in the context of this request, is vague and ambiguous, and lacks sufficient precision to allow him to formulate an appropriate response.  Toberoff further objects to this request on the grounds that it is indefinite as to time, not reasonably limited in scope, and to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence.  Toberoff additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing general and specific objections, Toberoff is willing to meet and confer with Plaintiff regarding the tailoring of this request.

**Document Request No. 55**

All DOCUMENTS RELATING to any COMMUNICATIONS you have initiated with holders of putative copyright termination rights in connection with your encouraging them to exercise such copyright termination right, whether or not such right was ever exercised.

**Response to Document Request No. 55**

Toberoff objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive.  Toberoff objects to this request on the grounds that the phrase "RELATING to any COMMUNICATIONS you have initiated with holders of putative copyright termination rights in connection with your encouraging them to exercise such copyright termination right" is vague and ambiguous, and lacks sufficient precision to allow him to formulate an appropriate response.  Toberoff

EXHIBIT I
125

further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope, and to the extent that it seeks the production of any item, or portion thereof.  Toberoff further objects to this request on the grounds that it is not reasonably calculated to lead to the discovery of relevant and admissible evidence.  Toberoff further objects to this request in that it seeks communications or items protected by the attorney-client privilege, and the attorney work product doctrine.

**Document Request No. 56**

All DOCUMENTS RELATING to your role and ownership interest in Pacific Pictures Corporation, including, articles of organization, operating agreements, minutes, capital tables or other DOCUMENTS evidencing capital accounts or capital structure, filings, income statements, business plans, etc.

**Response to Document Request No. 56**

Toberoff objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive.  Toberoff objects to this request on the grounds that the phrase "RELATING to your role and ownership interest" is vague and ambiguous, and lacks sufficient precision to allow him to formulate an appropriate response. Toberoff further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope.  Toberoff further objects to this request in that it seeks the production of items not reasonably calculated to lead to the discovery of relevant and admissible evidence.  Toberoff objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing general and specific objections, Toberoff is willing to meet and confer with Plaintiff regarding the tailoring of this request.

**Document Request No. 57**

All DOCUMENTS RELATING to your role and ownership interest in IP

DEFENDANT MARC TOBEROFF'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT I
126

1  Worldwide LLC, including, articles of organization, operating agreements, minutes,

2  capital tables or other DOCUMENTS evidencing capital accounts or capital

3  structure, filings, income statements, business plans, etc.

4  **Response to Document Request No. 57**

5       Toberoff objects to this request on the grounds that it is compound, overbroad,

6  burdensome and oppressive.  Toberoff objects to this request on the grounds that the

7  phrase "RELATING to your role and ownership interest" is vague and ambiguous,

8  and lacks sufficient precision to allow him to formulate an appropriate response.

9  Toberoff further objects to this request on the grounds that it is indefinite as to time

10 and not reasonably limited in scope.  Toberoff further objects to this request in that it

11 seeks the production of items not reasonably calculated to lead to the discovery of

12 relevant and admissible evidence.  Toberoff objects to this request to the extent that it

13 seeks communications or items protected by the attorney-client privilege, the joint

14 interest privilege, the attorney work product doctrine and any other privilege or

15 immunity available under law or arising from contractual obligation.  Subject to and

16 without waiving the foregoing general and specific objections, Toberoff is willing to

17 meet and confer with Plaintiff regarding the tailoring of this request.

18 **Document Request No. 58**

19      All DOCUMENTS RELATING to your role and ownership interest in IPW,

20 LLC, including, articles of organization, operating agreements, minutes, capital tables

21 or other DOCUMENTS evidencing capital accounts or capital structure, filings,

22 income statements, business plans, etc.

23 **Response to Document Request No. 58**

24      Toberoff objects to this request on the grounds that it is compound, overbroad,

25 burdensome and oppressive.  Toberoff objects to this request on the grounds that the

26 phrase "RELATING to your role and ownership interest" is vague and ambiguous,

27 and lacks sufficient precision to allow him to formulate an appropriate response.

28 Toberoff further objects to this request on the grounds that it is indefinite as to time

46

DEFENDANT MARC TOBEROFF'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT I
127

1   and not reasonably limited in scope.  Toberoff further objects to this request in that it

2   seeks the production of items not reasonably calculated to lead to the discovery of

3   relevant and admissible evidence.  Toberoff objects to this request to the extent that it

4   seeks communications or items protected by the attorney-client privilege, the joint

5   interest privilege, the attorney work product doctrine and any other privilege or

6   immunity available under law or arising from contractual obligation.  Subject to and

7   without waiving the foregoing general and specific objections, Toberoff is willing to

8   meet and confer with Plaintiff regarding the tailoring of this request.

9   **Document Request No. 59**

10      All DOCUMENTS RELATING to any claim of insurance you have asserted

11  regarding this action.

12  **Response to Document Request No. 59**

13      Toberoff objects to this request on the grounds that it is compound, overbroad,

14  burdensome and oppressive.  Toberoff objects to this request on the grounds that the

15  term "RELATING" is vague and ambiguous, and lacks sufficient precision to allow

16  him to formulate an appropriate response.  Toberoff further objects to this request on

17  the grounds that it is indefinite as to time and not reasonably limited in scope.

18  Toberoff further objects to this request to the extent that it seeks the production of

19  any item, or portion thereof, which is not reasonably calculated to lead to the

20  discovery of relevant and admissible evidence.  Toberoff objects to this request to the

21  extent that it seeks communications or items protected by the attorney-client

22  privilege, the joint interest privilege, the attorney work product doctrine and any

23  other privilege or immunity available under law or arising from contractual

24  obligation.  Subject to and without waiving the foregoing general and specific

25  objections, Toberoff will produce non-privileged responsive documents, if any,

26  consistent with his understanding of this request.

27  **Document Request No. 60**

28      All DOCUMENTS RELATING to YOUR DOCUMENT maintenance and

72785.1

47

EXHIBIT I
128

retention policies.

**Response to Document Request No. 60**

      Toberoff objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive.  Toberoff objects to this request on the grounds that the term "RELATING" is vague and ambiguous, and lacks sufficient precision to allow him to formulate an appropriate response.  Toberoff further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Toberoff further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence.  Toberoff objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing general and specific objections, Toberoff will produce non-privileged responsive documents, if any, consistent with his understanding of this request.

Dated:  January 24, 2011              KENDALL BRILL & KLIEGER LLP

                              Nicholas F. Daum
                              Attorneys for Defendants Marc Toberoff,
                              Pacific Pictures Corporation, IP Worldwide,
                              LLC, and IPW, LLC

48
DEFENDANT MARC TOBEROFF'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT I
129

1   KENDALL BRILL & KLIEGER LLP
    Richard B. Kendall (90072)
2    rkendall@kbkfirm.com
    Laura W. Brill (195889)
3    lbrill@kbkfirm.com
    Nicholas F Daum (236155)
4    ndaum@kbkfirm.com
    Nathalie E. Cohen (258222)
5    ncohen@kbkfirm.com
    10100 Santa Monica Blvd., Suite 1725
6   Los Angeles, California, 90067
    Telephone:   310.556.2700
7   Facsimile:    310.556.2705

8   Attorneys for Defendants Marc Toberoff,
    Pacific Pictures Corporation, IP
9   Worldwide, LLC, and IPW, LLC

10              **UNITED STATES DISTRICT COURT**

11      **CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION**

| | |
|---|---|
| 12  DC COMICS, | Case No: CV 10-03633 ODW (RZx) |
| 13           Plaintiff, | Hon. Otis D. Wright II, U.S.D.J. |
| 14        vs. | **DEFENDANT IPW, LLC'S RESPONSE AND OBJECTIONS TO PLAINTIFF DC COMICS' REQUEST FOR PRODUCTION OF DOCUMENTS** |
| 15  PACIFIC PICTURES CORPORATION; IP WORLDWIDE, LLC; IPW, LLC; | |
| 16  MARC TOBEROFF, an individual; | Complaint Filed: May 14, 2010 |
| 17  MARK WARREN PEARY, as personal representative of the ESTATE OF | Trial Date:  None Set |
| 18  JOSEPH SHUSTER; JEAN ADELE PEAVY, an individual; JOANNE | |
| 19  SIEGEL, an individual;  LAURA | |
| 20  SIEGEL LARSON, an individual, | |
| 21  and DOES 1-10, inclusive, | |
| 22           Defendants. | |

EXHIBIT I
130

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

Defendant IPW, LLC ("IPW"), pursuant to the provisions of Rule 34(b)(2) of the Federal Rules of Civil Procedure, makes the following objections to Plaintiff DC Comics' Request for Production of Documents ("Request") that was served on December 10, 2010 by plaintiff DC Comics ("Plaintiff"):

# I.

## OBJECTIONS TO THE ENTIRE REQUEST

IPW objects to the entire Request on each of the following grounds and incorporates by reference each of the following objections into its response to each individual category of documents within it:

1.    IPW objects to each individual request within the Request to the extent it is relevant only to the Fourth through Sixth state law claims for relief in DC's First Amended Complaint ("FAC").  Defendants contend that their pending anti-SLAPP motion stays discovery regarding these state law claims, as well as the related Third Claim for Relief.  *See* Cal. Code Civ. Proc. § 425.16(g); *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 130 S. Ct. 1431, 1452 (2010) (Stevens, J., concurring); *Batzel v. Smith*, 333 F.3d 1018, 1024 (9th Cir. 2003); *Godin v. Schencks*, 2010 U.S. App. LEXIS 25980 (1st Cir. Dec. 22, 2010).

2.    To the extent the Request and each document request therein seeks documents concerning any agreement between the Shusters and Siegels to act collectively in negotiations with DC regarding the settlement of their termination claims ("Collective Bargaining"), IPW objects on the following grounds:  Any documents that exist relating to Collective Bargaining contain and memorialize attorney-client privileged communications and attorney work product and reveal sensitive settlement strategy that would give DC an unfair advantage.  Moreover, any Collective Bargaining documents were prepared in connection with settlement mediation in the closely related cases *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-CV-8400 ODW (RZx) and *Joanne Siegel, et*

DEFENDANT IPW, LLC'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT I
131

1   *al. v. Time Warner Inc., et al.,* Case No. 04-CV-8766 ODW (RZx) (collectively

2   "*Siegel* Litigation") and the use of such information plainly violates the parties' May

3   1, 2008 JAMS Confidentiality Agreement.  Moreover this disclosure is inconsistent

4   with the policies of FRE 408 and California Evidence Code §§ 1119 *et seq*., 1152.

5         3.    IPW objects to the Request and each document request therein to the

6   extent that it seeks the production of any item, or portion thereof, comprising or

7   reflecting information transmitted and maintained in confidence between IPW or any

8   person or entity acting on its behalf and for the purpose of obtaining legal advice or

9   representation, on the grounds that such information is protected from disclosure by

10  the attorney-client privilege and the joint-interest privilege.  Such documents will not

11  be produced in response to the request, and any inadvertent production thereof shall

12  not be deemed a waiver of any privilege or doctrine with respect to such documents.

13  With respect to such documents, IPW hereby incorporates by reference the privilege

14  logs served by the Defendants in this action on December 15, 2010.

15        4.    IPW objects to the Request and each document request therein to the

16  extent that it seeks the production of any item, or portion thereof, comprising or

17  reflecting information with any confidential impression, conclusion, opinion, legal

18  research, or legal theory of counsel for IPW or any other person or entity, on the

19  grounds that such information is protected from disclosure by the attorney work

20  product doctrine.  Such documents will not be produced in response to the request,

21  and any inadvertent production thereof shall not be deemed a waiver of any privilege

22  or doctrine with respect to such documents.  With respect to such documents, IPW

23  hereby incorporates by reference the privilege logs served by the Defendants in this

24  action on December 15, 2010.

25        5.    IPW objects to the Request and each document request therein to the

26  extent that it seeks the production of any item, or portion thereof, which is not

27  reasonably calculated to lead to the discovery of relevant and admissible evidence, on

28  the grounds that it exceeds the permissible scope of discovery delimited by Rule

DEFENDANT IPW, LLC'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT I
132

1  26(b)(1) of the Federal Rules of Civil Procedure.

2      6.    IPW objects to the Request and each document request therein to the

3  extent that it seeks the production of any item, or portion thereof, comprising or

4  reflecting any trade secret or other confidential or proprietary information of IPW or

5  any other entity or person.

6      7.    IPW objects to the Request and each document request therein to the

7  extent that it seeks the production of any item, or portion thereof, which is protected

8  from disclosure by court order, or any privacy or similar rights of any person or

9  entity.

10      8.    IPW objects to the Request and each document request therein to

11  the extent that it is unduly burdensome, overly broad, impose extreme hardship, is

12  oppressive and harassing, or would result in the expenditure of unnecessary time and

13  resources.

14      9.    IPW objects to the Request and each document request therein to the

15  extent that the expense of producing documents outweighs the likely benefit of

16  discovery provided to Plaintiff.

17      10.    IPW objects to the Request and each document request therein to the

18  extent that it seeks the production of duplicative identical items, or documents or

19  information already in Plaintiff's possession, or by reason of public filing,

20  publication or otherwise are readily accessible to Plaintiff through other means.

21      11.    IPW objects to the Request and each document request therein to the

22  extent that it seeks the production of any item which has been served, filed, or

23  transmitted in the course of this action, on the grounds that such production would be

24  burdensome, oppressive, and unnecessary.

25      12.    IPW objects to the Request and each document request therein to the

26  extent that it seeks the production of any item which has already been produced,

27  served, or filed in the course of the related actions *Joanne Siegel, et al. v. Warner*

28  *Bros. Entertainment Inc., et al.*, Case No. 04-CV-8400 ODW (RZx) and *Joanne*

DEFENDANT IPW, LLC'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT I
133

*Siegel, et al. v. Time Warner Inc., et al.,* Case No. 04-CV-8766 ODW (RZx) (collectively "*Siegel* Litigation"), on the grounds that such production would be duplicative, burdensome, oppressive, and unnecessary.

13.    In making any document production, IPW will reference by their Bates numbers documents already produced to DC in the *Siegel* Litigation, rather than re-copy and reproduce such documents. IPW will not produce or designate by Bates numbers documents IPW obtained solely as a result of a document production by the other side in the *Siegel* Litigation.

14.    Consistent with the agreement governing privilege logs negotiated by the parties concerning plaintiff and other defendants, IPW will not log privileged communications or attorney work-product documents in either this case or the *Siegel* Litigations,  that (a) are internal communications by defendants' counsel at the law firms of Toberoff & Associates, P.C. and Kendall Brill & Klieger, L.L.P., or (b) between  Toberoff & Associates P.C and defendants' counsel at the law firm of Kendall, Brill & Klieger LLP.  Logging such documents would constitute an extraordinary interference by DC in the affairs of its opposing counsel in both this action and the ongoing *Siegel* litigation.

15.    IPW objects to the Request and each document request therein to the extent that it seeks the production of any item or document that is not the property of IPW. IPW will not produce any items or documents that are the property of any other person or entity.

16.    IPW objects to the Request and each document request therein and to the definitions and instructions therein to the extent that they purport to alter or extend IPW's obligations beyond those established by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Central District of California, or any order or ruling by the Court in this action.

17.    IPW objects generally to the definitions of the terms "YOU," "YOUR" and "IPW" as vague and ambiguous, overbroad and unduly burdensome, especially

EXHIBIT I
134

with respect to the definition's reference to "attorneys". IPW will construe these terms to refer to IPW.

18.    IPW objects generally to the definitions of the terms "DEFENDANT" and "DEFENDANTS" as vague and ambiguous, overbroad and unduly burdensome, especially with respect to the definition's reference to "attorneys". IPW will construe these terms to refer only to the specific defendants in this action.

19.    IPW objects generally to the definition of the term "SHUSTER HEIRS" as vague and ambiguous, overbroad and unduly burdensome, especially with respect to the definition's reference to "attorneys". Solely for the purposes of these responses, and for no other purpose, IPW will construe this term to refer only to the Estate of Joseph Shuster, Jean Peavy, Mark Warren Peary, Dawn Peavy and Frank Shuster.

20.    IPW objects generally to the definition of the term "SIEGEL HEIRS" as vague and ambiguous, overbroad and unduly burdensome, especially with respect to the definition's reference to "attorneys". Solely for the purposes of these responses, and for no other purpose, IPW will construe this term to refer only to Joanne Siegel, Laura Siegel Larson, and Michael Siegel.

21.    IPW reserves the right to revise, amend, supplement or clarify any of the objections set forth herein.

## II.

## DOCUMENTS TO BE PRODUCED

## SPECIFIC RESPONSES TO INDIVIDUAL REQUESTS

**Document Request No. 1**

All agreements between or among YOU and any DEFENDANT RELATING to the SlEGEL HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 1**

IPW objects to this request to the extent it seeks any privileged documents concerning any collective bargaining of any settlement by the Shusters and Siegels

1   and because Plaintiff's use of such information violates the parties' May 1, 2008

2   JAMS Confidentiality Agreement.  IPW further objects to this request on the grounds

3   that the phrase "the SIEGEL HEIRS' purported rights in SUPERMAN and/or

4   SUPERBOY," is vague and ambiguous, and lacks sufficient precision to allow it to

5   formulate an appropriate response.  IPW further objects to this request to the extent

6   that it seeks communications or items protected by the attorney-client privilege, the

7   joint-interest privilege, the attorney work product doctrine and any other privilege or

8   immunity available under law or arising from contractual obligation.  Subject to and

9   without waiving the foregoing general and specific objections, IPW has no

10  responsive documents to this request.

11  **Document Request No. 2**

12       All agreements between or among YOU and any DEFENDANT RELATING

13  to the SHUSTER HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

14  **Response to Document Request No. 2**

15       IPW objects to this request to the extent it seeks any privileged documents

16  concerning any collective bargaining of any settlement by the Shusters and Siegels

17  and because Plaintiff's use of such information violates the parties' May 1, 2008

18  JAMS Confidentiality Agreement.  IPW further objects to this request on the grounds

19  that the phrase "the SHUSTER HEIRS' purported rights in SUPERMAN and/or

20  SUPERBOY," is vague and ambiguous, and lacks sufficient precision to allow it to

21  formulate an appropriate response.  IPW further objects to this request to the extent

22  that it seeks communications or items protected by the attorney-client privilege, the

23  joint-interest privilege, the attorney work product doctrine and any other privilege or

24  immunity available under law or arising from contractual obligation.  Subject to and

25  without waiving the foregoing general and specific objections, IPW has no

26  responsive documents to this request.

27  **Document Request No. 3**

28       All agreements between or among YOU and any third party RELATING to the

DEFENDANT IPW, LLC'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT I
136

SIEGEL HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 3**

IPW objects to this request on the grounds that the phrase "RELATING," is vague and ambiguous, and lacks sufficient precision to allow it to formulate an appropriate response.  IPW additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint-interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.   Subject to and without waiving the foregoing general and specific objections, IPW will produce non-privileged documents, if any, that are consistent with its understanding of this request.

**Document Request No. 4**

All agreements between or among YOU and any third party RELATING to the SHUSTER HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 4**

IPW objects to this request on the grounds that the terms "RELATING," and "third party" are vague and ambiguous, and lack sufficient precision to allow it to formulate an appropriate response.  IPW additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint-interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.   Subject to and without waiving the foregoing general and specific objections, IPW will produce non-privileged documents, if any, that are consistent with its understanding of this request.  Subject to and without waiving the foregoing general and specific objections, IPW will produce non-privileged documents, if any, that are consistent with its understanding of this request.

**Document Request No. 5**

All DOCUMENTS RELATING to SUPERMAN and/or SUPERBOY.

DEFENDANT IPW, LLC'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT I
137

**Response to Document Request No. 5**

IPW objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive.  IPW further objects to this request on the grounds that the phrase "RELATING," is vague and ambiguous, and lacks sufficient precision to allow it to formulate an appropriate response.  IPW further objects to this request on the grounds that it is indefinite as to time, not reasonably limited in scope, and to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. IPW additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint-interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing general and specific objections, IPW has no documents regarding SUPERMAN and/or SUPERBOY other than the agreement between IP Worldwide, LLC and the Siegels dated October 3, 2002 and the agreement dated August 17, 2004 assigning the IP Worldwide agreement to IPW for the remainder of its term, both of which have already been produced to Plaintiff in the *Siegel* Litigation.

**Document Request No. 6**

All DOCUMENTS RELATING to the SIEGEL HEIRS.

**Response to Document Request No. 6**

IPW objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive.  IPW further objects to this request on the grounds that the phrase "RELATING," is vague and ambiguous, and lacks sufficient precision to allow it to formulate an appropriate response.  IPW further objects to this request on the grounds that it is indefinite as to time, not reasonably limited in scope, and to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. IPW additionally objects to this request to the extent that it seeks communications or

DEFENDANT IPW, LLC'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT I
138

items protected by the attorney-client privilege, the joint-interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing general and specific objections, IPW has no documents regarding SUPERMAN and/or SUPERBOY other than the agreement between IP Worldwide, LLC and the Siegels dated October 3, 2002 and the agreement dated August 17, 2004 assigning the IP Worldwide agreement to IPW for the remainder of its term, both of which have already been produced to Plaintiff in the *Siegel* Litigation.

**Document Request No. 7**

All DOCUMENTS RELATING to the SHUSTER HEIRS.

**Response to Document Request No. 7**

IPW objects to this request to the extent it seeks any privileged documents concerning any collective bargaining of any settlement by the Shusters and Siegels and because Plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement.  IPW further objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive.  IPW further objects to this request on the grounds that the phrase "RELATING," is vague and ambiguous, and lacks sufficient precision to allow it to formulate an appropriate response.  IPW further objects to this request on the grounds that it is indefinite as to time, not reasonably limited in scope, and to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence.  IPW additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint-interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.   Subject to and without waiving the foregoing general and specific objections, IPW will produce non-privileged documents, if any, that are consistent with its understanding of this request.

9

DEFENDANT IPW, LLC'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT I
139

1  **Document Request No. 8**

2      All DOCUMENTS RELATING to YOUR ability to negotiate or enter into

3  agreements regarding SUPERMAN and/or SUPERBOY.

4  **Response to Document Request No. 8**

5      IPW objects to this request on the grounds that the term "RELATING to

6  YOUR ability to negotiate or enter into agreements" is vague and ambiguous, and

7  lacks sufficient precision to allow it to formulate an appropriate response.  IPW

8  further objects to this request in that it erroneously assumes IPW has the ability to

9  negotiate or enter into agreements regarding SUPERMAN and/or SUPERBOY.  IPW

10  additionally objects to this request to the extent that it seeks communications or items

11  protected by the attorney-client privilege, the joint-interest privilege, the attorney

12  work product doctrine and any other privilege or immunity available under law or

13  arising from contractual obligation.  Subject to and without waiving the foregoing

14  general and specific objections, IPW has no responsive documents to this request.

15  **Document Request No. 9**

16      All DOCUMENTS RELATING to or affecting the disposition, division, or

17  ownership of any rights in SUPERMAN and/or SUPERBOY.

18  **Response to Document Request No. 9**

19      IPW objects to this request to the extent it seeks any privileged documents

20  concerning any collective bargaining of any settlement by the Shusters and Siegels

21  and because Plaintiff's use of such information violates the parties' May 1, 2008

22  JAMS Confidentiality Agreement.  IPW objects to this request on the grounds that it

23  is compound, overbroad, burdensome and oppressive.  IPW objects to this request on

24  the grounds that the phrase "RELATING to or affecting" is vague and ambiguous,

25  and lacks sufficient precision to allow it to formulate an appropriate response.  IPW

26  further objects to this request on the grounds that it is indefinite as to time and not

27  reasonably limited in scope. IPW additionally objects to this request to the extent that

28  it seeks communications or items protected by the attorney-client privilege, the joint-

EXHIBIT I
140

interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing general and specific objections, IPW has no responsive documents to this request.

**Document Request No. 10**

All DOCUMENTS RELATING to or affecting the division of revenue, proceeds, or other profits regarding SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 10**

IPW objects to this request to the extent it seeks any privileged documents concerning any collective bargaining of any settlement by the Shusters and Siegels and because Plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement.  IPW objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive, as it could be reasonably construed to request all documents related to this litigation.  IPW objects to this request on the grounds that the phrase "RELATING to or affecting" is vague and ambiguous, and lacks sufficient precision to allow it to formulate an appropriate response.  IPW further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. IPW additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint-interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.   Subject to and without waiving the foregoing general and specific objections, IPW has no documents regarding SUPERMAN and/or SUPERBOY other than the agreement between IP Worldwide, LLC and the Siegels dated October 3, 2002 and the agreement dated August 17, 2004 assigning the IP Worldwide agreement to IPW for the remainder of its term, both of which have already been produced to Plaintiff in the *Siegel* Litigation.

**Document Request No. 11**

EXHIBIT I
141

1    All DOCUMENTS RELATING to or affecting the division of any settlement

2    proceeds regarding SUPERMAN and/or SUPERBOY.

3

4    **Response to Document Request No. 11**

5    IPW objects to this request to the extent it seeks any privileged documents

6    concerning any collective bargaining of any settlement by the Shusters and Siegels

7    and because Plaintiff's use of such information violates the parties' May 1, 2008

8    JAMS Confidentiality Agreement.  IPW objects to this request on the grounds that it

9    is compound, duplicative, overbroad, burdensome and oppressive.   IPW objects to

10   this request on the grounds that the phrase "RELATING to or affecting" is vague and

11   ambiguous, and lacks sufficient precision to allow it to formulate an appropriate

12   response.  IPW further objects to this request on the grounds that it is indefinite as to

13   time and not reasonably limited in scope. IPW additionally objects to this request to

14   the extent that it seeks communications or items protected by the attorney-client

15   privilege, the joint-interest privilege, the attorney work product doctrine and any

16   other privilege or immunity available under law or arising from contractual

17   obligation.  Subject to and without waiving the foregoing general and specific

18   objections, IPW has no documents regarding SUPERMAN and/or SUPERBOY other

19   than the agreement between IP Worldwide, LLC and the Siegels dated October 3,

20   2002 and the agreement dated August 17, 2004 assigning the IP Worldwide

21   agreement to IPW for the remainder of its term, both of which have already been

22   produced to Plaintiff in the *Siegel* Litigation.

23   **Document Request No. 12**

24   All DOCUMENTS RELATING to the potential sale, assignment, license, or

25   other disposition of any rights relating to SUPERMAN and/or SUPERBOY,

26   including but not limited to any solicitation, offer, option, or proposed agreement.

27   **Response to Document Request No. 12**

28   IPW objects to this request on the grounds that the term "RELATING" is

DEFENDANT IPW, LLC'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT I
142

vague and ambiguous, and lacks sufficient precision to allow it to formulate an appropriate response.  IPW further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope.  IPW further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence.  IPW additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint-interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing general and specific objections, IPW has no documents regarding SUPERMAN and/or SUPERBOY other than the agreement between IP Worldwide, LLC and the Siegels dated October 3, 2002 and the agreement dated August 17, 2004 assigning the IP Worldwide agreement to IPW for the remainder of its term, both of which have already been produced to Plaintiff in the *Siegel* Litigation.

**Document Request No. 13**

All DOCUMENTS RELATING to any efforts YOU have made to sell, lease, license, or otherwise exploit any rights in SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 13**

IPW objects to this request to the extent it seeks any privileged documents concerning any collective bargaining of any settlement by the Shusters and Siegels and because Plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement. IPW further objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive.  IPW objects to this request on the grounds that the term "RELATING to any efforts" is vague and ambiguous, and lacks sufficient precision to allow it to formulate an appropriate response.  IPW further objects to this request in that it erroneously assumes IPW has made efforts to "sell, lease, license, or otherwise exploit any rights in SUPERMAN

DEFENDANT IPW, LLC'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT I
143

and/or SUPERBOY."  IPW further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope.  IPW further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence.  IPW additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint-interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing general and specific objections, IPW has no responsive documents to this request.

**Document Request No. 14**

All DOCUMENTS RELATING to any potential investors or other PERSONS who have expressed interest in purchasing or otherwise investing in any rights in SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 14**

IPW further objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive.  IPW objects to this request on the grounds that the term "RELATING to any potential investors or other PERSONS who have expressed interest in purchasing or otherwise investing in any rights" is vague and ambiguous, and lacks sufficient precision to allow it to formulate an appropriate response. IPW further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope.  IPW further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. IPW additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint-interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the

EXHIBIT I
144

1    foregoing general and specific objections, IPW has no responsive documents to this

2    request.

3

4    **Document Request No. 15**

5         All DOCUMENTS RELATING to the valuation of any past, current, or

6    potential ownership interest in SUPERMAN and/or SUPERBOY.

7    **Response to Document Request No. 15**

8         IPW objects to this request on the grounds that it is compound, overbroad,

9    burdensome and oppressive.  IPW further objects to this request on the grounds that

10   the term "RELATING to the valuation of any past, current, or potential ownership

11   interest" is vague and ambiguous, and lacks sufficient precision to allow it to

12   formulate an appropriate response.  IPW further objects to this request on the grounds

13   that it is indefinite as to time and not reasonably limited in scope.  IPW further

14   objects to this request to the extent that it seeks the production of any item, or portion

15   thereof, which is not reasonably calculated to lead to the discovery of relevant and

16   admissible evidence.  IPW additionally objects to this request to the extent that it

17   seeks communications or items protected by the attorney-client privilege, the joint-

18   interest privilege, the attorney work product doctrine and any other privilege or

19   immunity available under law or arising from contractual obligation.  Subject to and

20   without waiving the foregoing general and specific objections,  IPW has no

21   documents regarding the valuation of any past, current, or potential ownership

22   interest in SUPERMAN and/or SUPERBOY.

23   **Document Request No. 16**

24        All COMMUNICATIONS RELATING to any disclosure of a potential or

25   actual conflict of interest by or to YOU or any DEFENDANT.

26   **Response to Document Request No. 16**

27        IPW objects to this request in that it seeks the production of items not

28   reasonably calculated to lead to the discovery of relevant and admissible evidence.

DEFENDANT IPW, LLC'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT I
145

IPW further objects to this request on the grounds that it is compound, duplicative, overbroad, burdensome and oppressive.  IPW further objects to this request on the grounds that the terms "RELATING" and "disclosure of a potential or actual conflict of interest by or to YOU or any DEFENDANT" are vague and ambiguous, and lack sufficient precision to allow it to formulate an appropriate response.  IPW further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. IPW additionally objects to this request as it seeks communications or items protected by the attorney-client privilege, the joint-interest privilege, the attorney work product doctrine and to the extent it seeks the production of items protected by any other privilege or immunity available under law or arising from contractual obligation.

**Document Request No. 17**

All DOCUMENTS RELATING to any waiver or acknowledgement of a potential or actual conflict of interest by or to YOU or any DEFENDANT.

**Response to Document Request No. 17**

IPW objects to this request in that it seeks the production of items not reasonably calculated to lead to the discovery of relevant and admissible evidence. IPW further objects to this request on the grounds that it is compound, duplicative, overbroad, burdensome and oppressive.  IPW further objects to this request on the grounds that the terms "RELATING" and "acknowledgment of a potential or actual conflict of interest by or to YOU or any DEFENDANT" are vague and ambiguous, and lack sufficient precision to allow it to formulate an appropriate response.  IPW further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope.   IPW additionally objects to this request as it seeks communications or items protected by the attorney-client privilege, the joint-interest privilege, the attorney work product doctrine and to the extent it seeks the production of items protected by any other privilege or immunity available under law or arising from contractual obligation.

DEFENDANT IPW, LLC'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT I
146

**Document Request No. 18**

All DOCUMENTS RELATING to YOUR introduction to and involvement with the SIEGEL HEIRS.

**Response to Document Request No. 18**

IPW further objects to this request on the grounds that it is compound, duplicative, overbroad, burdensome and oppressive.  IPW objects to this request on the grounds that the terms "RELATING" and "involvement with" are vague and ambiguous, and lack sufficient precision to allow it to formulate an appropriate response.  IPW further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope.  IPW additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint-interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing general and specific objections, IPW has no responsive documents to this request.

**Document Request No. 19**

All DOCUMENTS RELATING to YOUR introduction to and involvement with the SHUSTER HEIRS.

**Response to Document Request No. 19**

IPW further objects to this request on the grounds that it is compound, duplicative, overbroad, burdensome and oppressive.  IPW further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope.  IPW objects to this request to the extent it seeks any privileged documents concerning any collective bargaining of any settlement by the Shusters and Siegels and because Plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement. IPW additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint-interest privilege, the attorney work product doctrine and any

EXHIBIT I
147

1    other privilege or immunity available under law or arising from contractual

2    obligation.  Subject to and without waiving the foregoing general and specific

3    objections, IPW has no responsive documents to this request.

4    **Document Request No. 20**

5        All DOCUMENTS RELATING to the transfer of any property or interest from

6    DEFENDANT IP Worldwide, LLC to IPW.

7    **Response to Document Request No. 20**

8        IPW further objects to this request on the grounds that it is compound,

9    duplicative, overbroad, burdensome and oppressive.  IPW objects to this request on

10    the grounds that the terms "RELATING" and "involvement" are vague and

11    ambiguous, and lack sufficient precision to allow it to formulate an appropriate

12    response.  IPW further objects to this request on the grounds that it is indefinite as to

13    time and not reasonably limited in scope.  IPW additionally objects to this request to

14    the extent that it seeks communications or items protected by the attorney-client

15    privilege, the joint-interest privilege, the attorney work product doctrine and any

16    other privilege or immunity available under law or arising from contractual

17    obligation.  Subject to and without waiving the foregoing general and specific

18    objections, IPW will produce responsive non-privileged documents regarding the

19    transfer of any property or interest in Superman and/or Superboy from

20    DEFENDANT IP Worldwide, LLC to IPW, consistent with its understanding of this

21    request.

22    **Document Request No. 21**

23        All DOCUMENTS RELATING to YOUR assertion in the Certification of

24    Interested Parties filed on YOUR behalf in the above-entitled case on July 15, 2010

25    that YOU have "no pecuniary interest in the matters that are the subject of Plaintiff's

26    Third and Sixth Causes of action."

27    **Response to Document Request No. 21**

28        IPW objects to this request on the grounds that it is compound, overbroad,

EXHIBIT I
148

1    burdensome and oppressive.  IPW objects to this request on the grounds that the term

2    "RELATING" is vague and ambiguous, and lacks sufficient precision to allow it to

3    formulate an appropriate response.  IPW further objects to this request on the grounds

4    that it is indefinite as to time and not reasonably limited in scope.  IPW further

5    objects to this request to the extent that it seeks the production of any item, or portion

6    thereof, which is not reasonably calculated to lead to the discovery of relevant and

7    admissible evidence.  IPW additionally objects to this request to the extent that it

8    seeks communications or items protected by the attorney-client privilege, the joint-

9    intertest privilege, the attorney work product doctrine and any other privilege or

10   immunity available under law or arising from contractual obligation.  Subject to and

11   without waiving the foregoing general and specific objections, IPW will produce

12   responsive non-privileged documents, if any, consistent with its understanding of this

13   request.

14   **Document Request No. 22**

15        All DOCUMENTS RELATING to Ari Emanuel.

16   **Response to Document Request No. 22**

17        IPW objects to this request on the grounds that it is compound, overbroad,

18   burdensome and oppressive.  IPW objects to this request on the grounds that the term

19   "RELATING" is vague and ambiguous, and lacks sufficient precision to allow it to

20   formulate an appropriate response.  IPW further objects to this request on the grounds

21   that it is indefinite as to time and not reasonably limited in scope.  IPW further

22   objects to this request to the extent that it seeks the production of any item, or portion

23   thereof, which is not reasonably calculated to lead to the discovery of relevant and

24   admissible evidence.  IPW additionally objects to this request to the extent that it

25   seeks communications or items protected by the attorney-client privilege, the joint

26   interest privilege, the attorney work product doctrine and any other privilege or

27   immunity available under law or arising from contractual obligation.

28   **Document Request No. 23**

19
DEFENDANT IPW, LLC'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT I
149

1        All DOCUMENTS RELATING to any COMMUNICATIONS with Ari

2    Emanuel.

3

4    **Response to Document Request No. 23**

5        IPW objects to this request on the grounds that it is compound, overbroad,

6    burdensome and oppressive.  IPW objects to this request on the grounds that the term

7    "RELATING" is vague and ambiguous, and lacks sufficient precision to allow it to

8    formulate an appropriate response.  IPW further objects to this request on the grounds

9    that it is indefinite as to time and not reasonably limited in scope.  IPW further

10   objects to this request to the extent that it seeks the production of any item, or portion

11   thereof, which is not reasonably calculated to lead to the discovery of relevant and

12   admissible evidence.  IPW additionally objects to this request to the extent that it

13   seeks communications or items protected by the attorney-client privilege, the joint

14   interest privilege, the attorney work product doctrine and any other privilege or

15   immunity available under law or arising from contractual obligation.

16   **Document Request No. 24**

17       All DOCUMENTS RELATING to the formation of IPW.

18   **Response to Document Request No. 24**

19       IPW objects to this request on the grounds that it is compound, overbroad,

20   burdensome and oppressive.  IPW objects to this request on the grounds that the

21   phrases "RELATING" and "RELATING to the formation" are vague and ambiguous,

22   and lack sufficient precision to allow it to formulate an appropriate response.  IPW

23   further objects to this request on the grounds that it is indefinite as to time and not

24   reasonably limited in scope.  IPW further objects to this request in that it seeks the

25   production of items not reasonably calculated to lead to the discovery of relevant and

26   admissible evidence.  IPW objects to this request to the extent that it seeks

27   communications or items protected by the attorney-client privilege, the joint interest

28   privilege, the attorney work product doctrine and any other privilege or immunity

DEFENDANT IPW, LLC'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT I
150

available under law or arising from contractual obligation.  Subject to and without waiving the foregoing general and specific objections, IPW is willing to meet and confer with Plaintiff regarding the tailoring of this request.

**Document Request No. 25**

All DOCUMENTS RELATING to the current corporate status of IPW.

**Response to Document Request No. 25**

IPW objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive.  IPW objects to this request on the grounds that the phrases "RELATING" and "RELATING to the current corporate status" are vague and ambiguous, and lack sufficient precision to allow it to formulate an appropriate response.  IPW further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope.  IPW further objects to this request in that it seeks the production of items not reasonably calculated to lead to the discovery of relevant and admissible evidence.  IPW objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing general and specific objections, IPW is willing to meet and confer with Plaintiff regarding the tailoring of this request.

**Document Request No. 26**

All DOCUMENTS RELATING to the past and current ownership and management structure of IPW, including operating agreements, capitalization schedules, capital accounts, shares, filings, and other financial forms.

**Response to Document Request No. 26**

IPW objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive.  IPW objects to this request on the grounds that the phrases "RELATING" and "RELATING to your past and current ownership" are vague and ambiguous, and lack sufficient precision to allow it to formulate an

EXHIBIT I
151

appropriate response.  IPW further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope.  IPW further objects to this request in that it seeks the production of items not reasonably calculated to lead to the discovery of relevant and admissible evidence.  IPW objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing general and specific objections, IPW is willing to meet and confer with Plaintiff regarding the tailoring of this request.

**Document Request No. 27**

All DOCUMENTS RELATING to any past, current, or planned business activity of IPW.

**Response to Document Request No. 27**

IPW objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive, as it requests documents "RELATING" to any activity IPW has ever undertaken.  IPW further objects to this request on the grounds that the term "RELATING" is vague and ambiguous, and lacks sufficient precision to allow it to formulate an appropriate response.  IPW further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope.  IPW further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence.  IPW s additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.

**Document Request No. 28**

DEFENDANT IPW, LLC'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT I
152

1          All DOCUMENTS RELATING to any past, current, or planned property in

2   which IPW held, holds, or will hold an interest.

3

4   **Response to Document Request No. 28**

5          IPW objects to this request on the grounds that it is compound, overbroad,

6   burdensome and oppressive, since it requests documents "RELATING" to any

7   property IPW has ever owned or may own in the future.  IPW further objects to this

8   request on the grounds that the term "RELATING" is vague and ambiguous, and

9   lacks sufficient precision to allow it to formulate an appropriate response.  IPW

10  further objects to this request on the grounds that it is indefinite as to time and not

11  reasonably limited in scope.  IPW further objects to this request to the extent that it

12  seeks the production of any item, or portion thereof, which is not reasonably

13  calculated to lead to the discovery of relevant and admissible evidence.  IPW s

14  additionally objects to this request to the extent that it seeks communications or items

15  protected by the attorney-client privilege, the joint interest privilege, the attorney

16  work product doctrine and any other privilege or immunity available under law or

17  arising from contractual obligation.

18  **Document Request No. 29**

19         All DOCUMENTS RELATING to any individual or entity that currently holds

20  property or interests formerly held by IPW.

21  **Response to Document Request No. 29**

22         IPW objects to this request on the grounds that it is compound, overbroad,

23  burdensome and oppressive.  IPW further objects to this request on the grounds that

24  the phrases "RELATING" and "RELATING to any individual or entity that currently

25  holds property or interests formerly held by IPW" are vague and ambiguous, and lack

26  sufficient precision to allow it to formulate an appropriate response.  IPW further

27  objects to this request on the grounds that it is indefinite as to time and not

28  reasonably limited in scope.  IPW further objects to this request to the extent that it

DEFENDANT IPW, LLC'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT I
153

1  seeks the production of any item, or portion thereof, which is not reasonably

2  calculated to lead to the discovery of relevant and admissible evidence.  IPW

3  additionally objects to this request to the extent that it seeks communications or items

4  protected by the attorney-client privilege, the joint-interest privilege, the attorney

5  work product doctrine and any other privilege or immunity available under law or

6  arising from contractual obligation. Subject to and without waiving the foregoing

7  general and specific objections, IPW is willing to meet and confer with Plaintiff

8  regarding the tailoring of this request.

9  **Document Request No. 30**

10      All DOCUMENTS RELATING to any past, current, or planned client of IPW.

11  **Response to Document Request No. 30**

12      IPW objects to this request on the grounds that it is compound, overbroad,

13  burdensome and oppressive, since it requests documents "RELATING" to any client

14  IPW has ever had or may have in future.  IPW further objects to this request on the

15  grounds that the term "RELATING" is vague and ambiguous, and lack sufficient

16  precision to allow it to formulate an appropriate response.  IPW further objects to this

17  request on the grounds that it is indefinite as to time and not reasonably limited in

18  scope.  IPW further objects to this request to the extent that it seeks the production of

19  any item, or portion thereof, which is not reasonably calculated to lead to the

20  discovery of relevant and admissible evidence.  IPW additionally objects to this

21  request to the extent that it seeks communications or items protected by the attorney-

22  client privilege, the attorney work product doctrine and any other privilege or

23  immunity available under law or arising from contractual obligation.

24  **Document Request No. 31**

25      All DOCUMENTS RELATING to any past or current member, employee, or

26  shareholder of IPW.

27  **Response to Document Request No. 31**

28      IPW objects to this request on the grounds that it is compound, overbroad,

DEFENDANT IPW, LLC'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT I
154

burdensome and oppressive in that it requests any and all documents RELATING to any past or current member, employee, or shareholder of IPW.  IPW further objects to this request on the grounds that the term "RELATING" is vague and ambiguous, and lacks sufficient precision to allow it to formulate an appropriate response.  IPW s further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope.  IPW further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence.  IPW additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.

**Document Request No. 32**

All DOCUMENTS RELATING to any past, current, or planned partnership or strategic alliance between IPW and any individual or entity.

**Response to Document Request No. 32**

IPW objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive. , as it could be reasonably construed to request all documents RELATING to any business conducted by IPW.  IPW further objects to this request on the grounds that the phrases "RELATING" and "RELATING to any past, current, or planned partnership or strategic alliance" are vague and ambiguous, and lack sufficient precision to allow it to formulate an appropriate response.  IPW further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope.  IPW additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint-interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.

**Document Request No. 33**

DEFENDANT IPW, LLC'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT I
155

1      All DOCUMENTS RELATING to any claim of insurance you have asserted

2 regarding this action.

3

4 **Response to Document Request No. 33**

5      IPW objects to this request on the grounds that it is compound, overbroad,

6 burdensome and oppressive.  IPW further objects to this request on the grounds that

7 the term "RELATING" is vague and ambiguous, and lacks sufficient precision to

8 allow it to formulate an appropriate response.  IPW further objects to this request on

9 the grounds that it is indefinite as to time and not reasonably limited in scope.  IPW

10 further objects to this request to the extent that it seeks the production of any item, or

11 portion thereof, which is not reasonably calculated to lead to the discovery of

12 relevant and admissible evidence.  IPW objects to this request to the extent that it

13 seeks communications or items protected by the attorney-client privilege, the joint

14 interest privilege, the attorney work product doctrine and any other privilege or

15 immunity available under law or arising from contractual obligation.  Subject to and

16 without waiving the foregoing general and specific objections, IPW will produce

17 responsive non-privileged documents, if any, consistent with its understanding of this

18 request.

19 **Document Request No. 34**

20      All DOCUMENTS RELATING to YOUR DOCUMENT maintenance and

21 retention policies.

22 **Response to Document Request No. 34**

23      IPW objects to this request on the grounds that it is compound, overbroad,

24 burdensome and oppressive.  IPW further objects to this request on the grounds that

25 the term "RELATING" is vague and ambiguous, and lacks sufficient precision to

26 allow it to formulate an appropriate response.  IPW further objects to this request on

27 the grounds that it is indefinite as to time and not reasonably limited in scope.  IPW

28 further objects to this request to the extent that it seeks the production of any item, or

DEFENDANT IPW, LLC'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT I
156

1  portion thereof, which is not reasonably calculated to lead to the discovery of

2  relevant and admissible evidence.  IPW objects to this request to the extent that it

3  seeks communications or items protected by the attorney-client privilege, the joint

4  interest privilege, the attorney work product doctrine and any other privilege or

5  immunity available under law or arising from contractual obligation.  Subject to and

6  without waiving the foregoing general and specific objections, IPW has no

7  documents responsive to this request.

8

9

Dated:  January 24, 2011                    KENDALL BRILL & KLIEGER LLP

10

11

12                                          _____

13                                          Nicholas F. Daum
                                            Attorneys for Defendants Marc Toberoff,
14                                          Pacific Pictures Corporation, IP Worldwide,
                                            LLC, and IPW, LLC
15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT IPW, LLC'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT I
157

1  KENDALL BRILL & KLIEGER LLP
   Richard B. Kendall (90072)
2   rkendall@kbkfirm.com
   Laura W. Brill (195889)
3   lbrill@kbkfirm.com
   Nicholas F Daum (236155)
4   ndaum@kbkfirm.com
   Nathalie E. Cohen (258222)
5   ncohen@kbkfirm.com
   10100 Santa Monica Blvd., Suite 1725
6  Los Angeles, California, 90067
   Telephone:   310.556.2700
7  Facsimile:    310.556.2705

8  Attorneys for Defendants Marc Toberoff,
   Pacific Pictures Corporation, IP
9  Worldwide, LL, and IPWW, LLC

10              **UNITED STATES DISTRICT COURT**

11      **CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION**

| | |
|---|---|
| 12  DC COMICS, | Case No: CV 10-03633 ODW (RZx) |
| 13              Plaintiff, | Hon. Otis D. Wright II, U.S.D.J. |
| 14          vs. | **DEFENDANT IP WORLDWIDE, LLC'S RESPONSE AND OBJECTIONS TO PLAINTIFF DC COMICS' REQUEST FOR PRODUCTION OF DOCUMENTS** |
| 15  PACIFIC PICTURES CORPORATION; IP WORLDWIDE, LLC; IPWW, LLC; | |
| 16  MARC TOBEROFF, an individual; | |
| 17  MARK WARREN PEARY, as personal representative of the ESTATE OF | |
| 18  JOSEPH SHUSTER; JEAN ADELE PEAVY, an individual; JOANNE | Complaint Filed:  May 14, 2010 Trial Date:  None Set |
| 19  SIEGEL, an individual;  LAURA | |
| 20  SIEGEL LARSON, an individual, | |
| 21  and DOES 1-10, inclusive, | |
| 22              Defendants. | |

23

24

25

26

27

28

EXHIBIT I
158

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

Defendant IP Worldwide, LLC ("IPWW" or "IP Worldwide"), pursuant to the provisions of Rule 34(b)(2) of the Federal Rules of Civil Procedure, makes the following objections to Plaintiff DC Comics' Request for Production of Documents ("Request") that was served on December 10, 2010 by plaintiff DC Comics ("Plaintiff"):

## I.

## OBJECTIONS TO THE ENTIRE REQUEST

IPWW objects to the entire Request on each of the following grounds and incorporates by reference each of the following objections into its response to each individual category of documents within it:

1.    IPWW objects to each individual request within the Request to the extent it is relevant only to the Fourth through Sixth state law claims for relief in DC's First Amended Complaint ("FAC").  Defendants contend that their pending anti-SLAPP motion stays discovery regarding these state law claims, as well as the related Third Claim for Relief.  *See* Cal. Code Civ. Proc. § 425.16(g); *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 130 S. Ct. 1431, 1452 (2010) (Stevens, J., concurring); *Batzel v. Smith*, 333 F.3d 1018, 1024 (9th Cir. 2003); *Godin v. Schencks*, 2010 U.S. App. LEXIS 25980 (1st Cir. Dec. 22, 2010).

2.    To the extent the Request and each document request therein seeks documents concerning any agreement between the Shusters and Siegels to act collectively in negotiations with DC regarding the settlement of their termination claims ("Collective Bargaining"), IPWW objects on the following grounds:  Any documents that exist relating to Collective Bargaining contain and memorialize attorney-client privileged communications and attorney work product and reveal sensitive settlement strategy that would give DC an unfair advantage.  Moreover, any Collective Bargaining documents were prepared in connection with settlement mediation in the closely related cases *Joanne Siegel, et al. v. Warner Bros.*

DEFENDANT IP WORLDWIDE, LLC'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT I
159

*Entertainment Inc., et al.*, Case No. 04-CV-8400 ODW (RZx) and *Joanne Siegel, et al. v. Time Warner Inc., et al.,* Case No. 04-CV-8766 ODW (RZx) (collectively "*Siegel* Litigation") and the use of such information plainly violates the parties' May 1, 2008 JAMS Confidentiality Agreement.  Moreover this disclosure is inconsistent with the policies of FRE 408 and California Evidence Code §§ 1119 *et seq.*, 1152.

3.      IPWW objects to the Request and each document request therein to the extent that it seeks the production of any item, or portion thereof, comprising or reflecting information transmitted and maintained in confidence between IPWW or any person or entity acting on its behalf and for the purpose of obtaining legal advice or representation, on the grounds that such information is protected from disclosure by the attorney-client privilege and the joint-interest privilege.  Such documents will not be produced in response to the request, and any inadvertent production thereof shall not be deemed a waiver of any privilege or doctrine with respect to such documents.  With respect to such documents, IPWW hereby incorporates by reference the privilege logs served by the Defendants in this action on December 15, 2010.

4.      IPWW objects to the Request and each document request therein to the extent that it seeks the production of any item, or portion thereof, comprising or reflecting information with any confidential impression, conclusion, opinion, legal research, or legal theory of counsel for IPWW or any other person or entity, on the grounds that such information is protected from disclosure by the attorney work product doctrine.  Such documents will not be produced in response to the request, and any inadvertent production thereof shall not be deemed a waiver of any privilege or doctrine with respect to such documents.  With respect to such documents, IPWW hereby incorporates by reference the privilege logs served by the Defendants in this action on December 15, 2010.

5.      IPWW objects to the Request and each document request therein to the extent that it seeks the production of any item, or portion thereof, which is not

DEFENDANT IP WORLDWIDE, LLC'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT I
160

reasonably calculated to lead to the discovery of relevant and admissible evidence, on the grounds that it exceeds the permissible scope of discovery delimited by Rule 26(b)(1) of the Federal Rules of Civil Procedure.

6.      IPWW objects to the Request and each document request therein to the extent that it seeks the production of any item, or portion thereof, comprising or reflecting any trade secret or other confidential or proprietary information of IPWW or any other entity or person.

7.      IPWW objects to the Request and each document request therein to the extent that it seeks the production of any item, or portion thereof, which is protected from disclosure by court order, or any privacy or similar rights of any person or entity.

8.      IPWW objects to the Request and each document request therein to the extent that it is unduly burdensome, overly broad, impose extreme hardship, is oppressive and harassing, or would result in the expenditure of unnecessary time and resources.

9.      IPWW objects to the Request and each document request therein to the extent that the expense of producing documents outweighs the likely benefit of discovery provided to Plaintiff.

10.      IPWW objects to the Request and each document request therein to the extent that it seeks the production of duplicative identical items, or documents or information already in Plaintiff's possession, or by reason of public filing, publication or otherwise are readily accessible to Plaintiff through other means.

11.      IPWW objects to the Request and each document request therein to the extent that it seeks the production of any item which has been served, filed, or transmitted in the course of this action, on the grounds that such production would be burdensome, oppressive, and unnecessary.

12.      IPWW objects to the Request and each document request therein to the extent that it seeks the production of any item which has already been produced,

DEFENDANT IP WORLDWIDE, LLC'S RESPONSE AND OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT I
161

served, or filed in the course of the related actions *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-CV-8400 ODW (RZx) and *Joanne Siegel, et al. v. Time Warner Inc., et al.,* Case No. 04-CV-8766 ODW (RZx) (collectively "*Siegel* Litigation"), on the grounds that such production would be duplicative, burdensome, oppressive, and unnecessary.

13.    In making any document production, IPWW will reference by their Bates numbers documents already produced to DC in the *Siegel* Litigation, rather than re-copy and reproduce such documents. IPWW will not produce or designate by Bates numbers documents IPWW obtained solely as a result of a document production by the other side in the *Siegel* Litigation.

14.    Consistent with the agreement governing privilege logs negotiated by the parties concerning plaintiff and other defendants, IPWW will not log privileged communications or attorney work-product documents in either this case or the *Siegel* Litigations,  that (a) are internal communications by defendants' counsel at the law firms of Toberoff & Associates, P.C. and Kendall Brill & Klieger, L.L.P., or (b) between  Toberoff & Associates P.C and defendants' counsel at the law firm of Kendall, Brill & Klieger LLP.   Logging such documents would constitute an extraordinary interference by DC in the affairs of its opposing counsel in both this action and the ongoing *Siegel* litigation.

15.    IPWW objects to the Request and each document request therein to the extent that it seeks the production of any item or document that is not the property of IPWW. IPWW will not produce any items or documents that are the property of any other person or entity.

16.    IPWW objects to the Request and each document request therein and to the definitions and instructions therein to the extent that they purport to alter or extend IPWW's obligations beyond those established by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Central District of California, or any order or ruling by the Court in this action.

17.    IPWW objects generally to the definitions of the terms "YOU," "YOUR" and "IP WORLDWIDE" as vague and ambiguous, overbroad and unduly burdensome, especially with the respect to the definition's reference to "attorneys". IP Worldwide will construe these terms to refer to IP Worldwide.

18.    IPWW objects generally to the definitions of the terms "DEFENDANT" and "DEFENDANTS" as vague and ambiguous, overbroad and unduly burdensome, especially with respect to the definition's reference to "attorneys".  IP Worldwide will construe these terms to refer only to the specific defendants in this action.

19.    IPWW objects generally to the definition of the term "SHUSTER HEIRS" as vague and ambiguous, overbroad and unduly burdensome, especially with respect to the definition's reference to "attorneys".  Solely for the purposes of these responses, and for no other purpose, IP Worldwide will construe this term to refer only to the Estate of Joseph Shuster, Jean Peavy, Mark Warren Peary, Dawn Peavy and Frank Shuster.

20.    IPWW objects generally to the definition of the term "SIEGEL HEIRS" as vague and ambiguous, overbroad and unduly burdensome, especially with respect to the definition's reference to "attorneys".  Solely for the purposes of these responses, and for no other purpose, IP Worldwide will construe this term to refer only to Joanne Siegel, Laura Siegel Larson, and Michael Siegel.

21.    IPWW reserves the right to revise, amend, supplement or clarify any of the objections set forth herein.

## II.

## DOCUMENTS TO BE PRODUCED

## SPECIFIC RESPONSES TO INDIVIDUAL REQUESTS

**Document Request No. 1**

All agreements between or among YOU and any DEFENDANT RELATING to the SlEGEL HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

DEFENDANT IP WORLDWIDE, LLC'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT I
163

**Response to Document Request No. 1**

IPWW objects to this request on the grounds that the phrase "the SIEGEL HEIRS' purported rights in SUPERMAN and/or SUPERBOY," is vague and ambiguous, and lacks sufficient precision to allow it to formulate an appropriate response. IPWW further objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint-interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing general and specific objections, IPWW will produce non-privileged responsive documents, consistent with its understanding of this request.

**Document Request No. 2**

All agreements between or among YOU and any DEFENDANT RELATING to the SHUSTER HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 2**

IPWW objects to this request on the grounds that the phrase "the SHUSTER HEIRS' purported rights in SUPERMAN and/or SUPERBOY," is vague and ambiguous, and lacks sufficient precision to allow it to formulate an appropriate response. IPWW further objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint-interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing general and specific objections, IPWW will produce non-privileged responsive documents, if any, consistent with its understanding of this request.

**Document Request No. 3**

All agreements between or among YOU and any third party RELATING to the SIEGEL HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 3**

DEFENDANT IP WORLDWIDE, LLC'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT I
164

1    IPWW objects to this request on the grounds that the phrase "RELATING," is

2  vague and ambiguous, and lacks sufficient precision to allow it to formulate an

3  appropriate response.  IPWW additionally objects to this request to the extent that it

4  seeks communications or items protected by the attorney-client privilege, the joint-

5  interest privilege, the attorney work product doctrine and any other privilege or

6  immunity available under law or arising from contractual obligation.   Subject to and

7  without waiving the foregoing general and specific objections, IPWW will produce

8  non-privileged responsive documents, consistent with its understanding of this

9  request.

10  **Document Request No. 4**

11    All agreements between or among YOU and any third party RELATING to the

12  SHUSTER HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

13  **Response to Document Request No. 4**

14    IPWW objects to this request on the grounds that the phrase "RELATING," is

15  vague and ambiguous, and lacks sufficient precision to allow it to formulate an

16  appropriate response.  IPWW additionally objects to this request to the extent that it

17  seeks communications or items protected by the attorney-client privilege, the joint-

18  interest privilege, the attorney work product doctrine and any other privilege or

19  immunity available under law or arising from contractual obligation.   Subject to and

20  without waiving the foregoing general and specific objections, IPWW will produce

21  non-privileged responsive documents, consistent with its understanding of this

22  request.

23  **Document Request No. 5**

24    All DOCUMENTS RELATING to SUPERMAN and/or SUPERBOY.

25  **Response to Document Request No. 5**

26    IPWW objects to this request on the grounds that it is compound, overbroad,

27  burdensome and oppressive.  IPWW further objects to this request on the grounds

28  that the phrase "RELATING," is vague and ambiguous, and lacks sufficient precision

EXHIBIT I
165

to allow it to formulate an appropriate response.  IPWW further objects to this request on the grounds that it is indefinite as to time, not reasonably limited in scope, and to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence.  IPWW additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint-interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing general and specific objections, IPWW is willing to meet and confer with Plaintiff regarding the tailoring of this request.

**Document Request No. 6**

All DOCUMENTS RELATING to the SIEGEL HEIRS.

**Response to Document Request No. 6**

IPWW objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive.  IPWW further objects to this request on the grounds that the phrase "RELATING," is vague and ambiguous, and lacks sufficient precision to allow it to formulate an appropriate response.  IPWW further objects to this request on the grounds that it is indefinite as to time, not reasonably limited in scope, and to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence.  IPWW additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint-interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing general and specific objections, IPWW is willing to meet and confer with Plaintiff regarding the tailoring of this request.

**Document Request No. 7**

All DOCUMENTS RELATING to the SHUSTER HEIRS.

DEFENDANT IP WORLDWIDE, LLC'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT I
166

**Response to Document Request No. 7**

IPWW objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive. IPWW further objects to this request on the grounds that the phrase "RELATING," is vague and ambiguous, and lacks sufficient precision to allow it to formulate an appropriate response.  IPWW further objects to this request on the grounds that it is indefinite as to time, not reasonably limited in scope, and to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. IPWW additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint-interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.   Subject to and without waiving the foregoing general and specific objections, IPWW is willing to meet and confer with Plaintiff regarding the tailoring of this request.

**Document Request No. 8**

All DOCUMENTS RELATING to YOUR ability to negotiate or enter into agreements regarding SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 8**

IPWW objects to this request on the grounds that the term "RELATING to YOUR ability to negotiate or enter into agreements" is vague and ambiguous, and lacks sufficient precision to allow it to formulate an appropriate response.  IPWW further objects to this request in that it assumes that IPWW has the ability to negotiate or enter into agreements regarding SUPERMAN and/or SUPERBOY. IPWW additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint-interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing general and specific objections, IPWW will produce non-privileged

DEFENDANT IP WORLDWIDE, LLC'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT I
167

1  responsive documents, if any, consistent with its understanding of this request.

2  **Document Request No. 9**

3      All DOCUMENTS RELATING to or affecting the disposition, division, or

4  ownership of any rights in SUPERMAN and/or SUPERBOY.

5  **Response to Document Request No. 9**

6      IPWW objects to this request on the grounds that it is compound, overbroad,

7  burdensome and oppressive.  IPWW further objects to this request on the grounds

8  that the phrase "RELATING to or affecting" is vague and ambiguous, and lacks

9  sufficient precision to allow it to formulate an appropriate response.  IPWW further

10 objects to this request on the grounds that it is indefinite as to time and not

11 reasonably limited in scope. IPWW additionally objects to this request to the extent

12 that it seeks communications or items protected by the attorney-client privilege, the

13 joint-interest privilege, the attorney work product doctrine and any other privilege or

14 immunity available under law or arising from contractual obligation.  Subject to and

15 without waiving the foregoing general and specific objections, IPWW has no

16 responsive documents to this request.

17 **Document Request No. 10**

18     All DOCUMENTS RELATING to or affecting the division of revenue,

19 proceeds, or other profits regarding SUPERMAN and/or SUPERBOY.

20 **Response to Document Request No. 10**

21     IPWW objects to this request on the grounds that it is compound, overbroad,

22 burdensome and oppressive.  IPWW further objects to this request on the grounds

23 that the phrase "RELATING to or affecting" is vague and ambiguous, and lacks

24 sufficient precision to allow it to formulate an appropriate response.  IPWW further

25 objects to this request on the grounds that it is indefinite as to time and not

26 reasonably limited in scope. IPWW additionally objects to this request to the extent

27 that it seeks communications or items protected by the attorney-client privilege, the

28 joint-interest privilege, the attorney work product doctrine and any other privilege or

DEFENDANT IP WORLDWIDE, LLC'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT I
168

immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing general and specific objections, IPWW will produce non-privileged responsive documents, if any, consistent with its understanding of this request.

**Document Request No. 11**

All DOCUMENTS RELATING to or affecting the division of any settlement proceeds regarding SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 11**

IPWW objects to this request on the grounds that it is compound, duplicative, overbroad, burdensome and oppressive.   IPWW further objects to this request on the grounds that the phrase "RELATING to or affecting" is vague and ambiguous, and lacks sufficient precision to allow it to formulate an appropriate response.  IPWW further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. IPWW additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint-interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing general and specific objections, IPWW will produce non-privileged responsive documents, if any, consistent with its understanding of this request.

**Document Request No. 12**

All DOCUMENTS RELATING to the potential sale, assignment, license, or other disposition of any rights relating to SUPERMAN and/or SUPERBOY, including but not limited to any solicitation, offer, option, or proposed agreement.

**Response to Document Request No. 12**

IPWW objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive.  IPWW objects to this request on the grounds that the term "RELATING" is vague and ambiguous, and lacks sufficient precision to allow it

EXHIBIT I
169

to formulate an appropriate response. IPWW further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. IPWW further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. IPWW additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint-interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing general and specific objections, IPWW will produce non-privileged responsive documents, if any, consistent with its understanding of this request.

**Document Request No. 13**

All DOCUMENTS RELATING to any efforts YOU have made to sell, lease, license, or otherwise exploit any rights in SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 13**

IPWW objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive. IPWW further objects to this request on the grounds that the term "RELATING to any efforts" is vague and ambiguous, and lacks sufficient precision to allow it to formulate an appropriate response. IPWW further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. IPWW further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. IPWW additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint-interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing general and specific objections, IPWW will produce non-privileged responsive documents, if any,

DEFENDANT IP WORLDWIDE, LLC'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT I
170

1  consistent with its understanding of this request.

2  **Document Request No. 14**

3      All DOCUMENTS RELATING to any potential investors or other PERSONS

4  who have expressed interest in purchasing or otherwise investing in any rights in

5  SUPERMAN and/or SUPERBOY.

6  **Response to Document Request No. 14**

7      IPWW objects to this request on the grounds that it is compound, overbroad,

8  burdensome and oppressive.  IPWW further objects to this request on the grounds

9  that the term "RELATING to any potential investors or other PERSONS who have

10  expressed interest in purchasing or otherwise investing in any rights" is vague and

11  ambiguous, and lacks sufficient precision to allow it to formulate an appropriate

12  response. IPWW further objects to this request on the grounds that it is indefinite as

13  to time and not reasonably limited in scope.  IPWW additionally objects to this

14  request to the extent that it seeks communications or items protected by the attorney-

15  client privilege, the joint-interest privilege, the attorney work product doctrine and

16  any other privilege or immunity available under law or arising from contractual

17  obligation.  Subject to and without waiving the foregoing general and specific

18  objections, IPWW will produce non-privileged responsive documents, if any,

19  consistent with its understanding of this request.

20  **Document Request No. 15**

21      All DOCUMENTS RELATING to the valuation of any past, current, or

22  potential ownership interest in SUPERMAN and/or SUPERBOY.

23  **Response to Document Request No. 15**

24      IPWW objects to this request on the grounds that it is compound, overbroad,

25  burdensome and oppressive.  IPWW further objects to this request on the grounds

26  that the term "RELATING to the valuation of any past, current, or potential

27  ownership interest" is vague and ambiguous, and lacks sufficient precision to allow it

28  to formulate an appropriate response.  IPWW further objects to this request on the

grounds that it is indefinite as to time and not reasonably limited in scope.  IPWW further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence.  IPWW additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint-interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing general and specific objections, IPWW is willing to meet and confer with Plaintiff regarding the tailoring of this request.

**Document Request No. 16**

All COMMUNICATIONS RELATING to any disclosure of a potential or actual conflict of interest by or to YOU or any DEFENDANT.

**Response to Document Request No. 16**

IPWW objects to this request in that it seeks the production of items not reasonably calculated to lead to the discovery of relevant and admissible evidence.  IPWW further objects to this request on the grounds that it is compound, duplicative, overbroad, burdensome and oppressive.  IPWW further objects to this request on the grounds that the terms "RELATING" and "disclosure of a potential or actual conflict of interest by or to YOU or any DEFENDANT" are vague and ambiguous, and lacks sufficient precision to allow it to formulate an appropriate response.  IPWW further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope.  IPWW additionally objects to this request as it seeks communications or items protected by the attorney-client privilege, the joint-interest privilege, the attorney work product doctrine and to the extent it seeks the production of items protected by any other privilege or immunity available under law or arising from contractual obligation.

**Document Request No. 17**

All DOCUMENTS RELATING to any waiver or acknowledgement of a

potential or actual conflict of interest by or to YOU or any DEFENDANT.

**Response to Document Request No. 17**

IPWW objects to this request in that it seeks the production of items not reasonably calculated to lead to the discovery of relevant and admissible evidence. IPWW further objects to this request on the grounds that it is compound, duplicative, overbroad, burdensome and oppressive. IPWW further objects to this request on the grounds that the terms "RELATING" and "acknowledgment of a potential or actual conflict of interest by or to YOU or any DEFENDANT" are vague and ambiguous, and lacks sufficient precision to allow it to formulate an appropriate response. IPWW further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. IPWW additionally objects to this request as it seeks communications or items protected by the attorney-client privilege, the joint-interest privilege, the attorney work product doctrine and to the extent it seeks the production of items protected by any other privilege or immunity available under law or arising from contractual obligation.

**Document Request No. 18**

All DOCUMENTS RELATING to YOUR introduction to and involvement with the SIEGEL HEIRS.

**Response to Document Request No. 18**

IPWW further objects to this request on the grounds that it is compound, duplicative, overbroad, burdensome and oppressive. IPWW further objects to this request on the grounds that the terms "RELATING" and "involvement with" are vague and ambiguous, and lack sufficient precision to allow it to formulate an appropriate response. IPWW further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. IPWW additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint-interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from

15

1  contractual obligation.  Subject to and without waiving the foregoing general and

2  specific objections, IPWW is willing to meet and confer with Plaintiff regarding the

3  tailoring of this request.

4  **Document Request No. 19**

5      All DOCUMENTS RELATING to YOUR introduction to and involvement

6  with the SHUSTER HEIRS.

7  **Response to Document Request No. 19**

8      IPWW objects to this request on the grounds that it is compound, duplicative,

9  overbroad, burdensome and oppressive.  IPWW further objects to this request on the

10  grounds that the terms "RELATING" and "involvement with" are vague and

11  ambiguous, and lack sufficient precision to allow it to formulate an appropriate

12  response.  IPWW further objects to this request on the grounds that it is indefinite as

13  to time and not reasonably limited in scope.  IPWW additionally objects to this

14  request to the extent that it seeks communications or items protected by the attorney-

15  client privilege, the joint-interest privilege, the attorney work product doctrine and

16  any other privilege or immunity available under law or arising from contractual

17  obligation.  Subject to and without waiving the foregoing general and specific

18  objections, IPWW has no responsive documents to this request.

19  **Document Request No. 20**

20      All DOCUMENTS RELATING to the transfer of any property or interest from

21  IP WORLDWIDE to IPW, LLC.

22  **Response to Document Request No. 20**

23      IPWW objects to this request on the grounds that it is compound, duplicative,

24  overbroad, burdensome and oppressive.  IPWW objects to this request on the grounds

25  that the terms "RELATING" and "involvement" are vague and ambiguous, and lack

26  sufficient precision to allow it to formulate an appropriate response.  IPWW further

27  objects to this request on the grounds that it is indefinite as to time and not

28  reasonably limited in scope.  IPWW additionally objects to this request to the extent

that it seeks communications or items protected by the attorney-client privilege, the joint-interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing general and specific objections, IPWW will produce responsive non-privileged documents regarding the transfer of any property or interest in Superman and/or Superboy from DEFENDANT IP Worldwide, LLC to IPW, consistent with its understanding of this request.

**Document Request No. 21**

All DOCUMENTS RELATING to YOUR assertion in the Certification of Interested Parties filed on YOUR behalf in the above-entitled case on July 15, 2010 that YOU have "no pecuniary interest in the matters that are the subject of Plaintiff's Third and Sixth Causes of action."

**Response to Document Request No. 21**

IPWW objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive. IPWW objects to this request on the grounds that the term "RELATING" is vague and ambiguous, and lacks sufficient precision to allow it to formulate an appropriate response. IPWW further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. IPWW further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. IPWW additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint-intertest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing general and specific objections, IPWW will produce responsive non-privileged documents consistent with its understanding of this request.

DEFENDANT IP WORLDWIDE, LLC'S RESPONSE AND OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT I
175

**Document Request No. 22**

All DOCUMENTS RELATING to Ari Emanuel.

**Response to Document Request No. 22**

IPWW objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive, and that the request improperly encompasses every document of IPWW insofar as Ari Emanuel was a member of IPWW.  IPWW objects to this request on the grounds that the term "RELATING" is vague and ambiguous, and lacks sufficient precision to allow it to formulate an appropriate response. IPWW further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope.  IPWW further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence.  IPWW additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.

**Document Request No. 23**

All DOCUMENTS RELATING to any COMMUNICATIONS with Ari Emanuel.

**Response to Document Request No. 23**

IPWW objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive, and that the request improperly encompasses most communications of IPWW insofar as Ari Emanuel was a member of IPWW.  IPWW objects to this request on the grounds that the term "RELATING" is vague and ambiguous, and lacks sufficient precision to allow it to formulate an appropriate response.  IPWW further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope.  IPWW further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not

EXHIBIT I
176

1  reasonably calculated to lead to the discovery of relevant and admissible evidence.

2  IPWW additionally objects to this request to the extent that it seeks communications

3  or items protected by the attorney-client privilege, the joint interest privilege, the

4  attorney work product doctrine and any other privilege or immunity available under

5  law or arising from contractual obligation.

6  **Document Request No. 24**

7      All DOCUMENTS RELATING to the Memorandum of Agreement purporting

8  to create the IP WORLDWIDE joint venture dated February 2, 2002 between

9  DEFENDANT Pacific Pictures Corporation and Ari Emanuel.

10  **Response to Document Request No. 24**

11      IPWW objects to this request on the grounds that it is compound, duplicative,

12  overbroad, burdensome and oppressive.  IPWW objects to this request on the grounds

13  that it is compound, overbroad, burdensome and oppressive.  IPWW further objects

14  to this request on the grounds that the term "RELATING" is vague and ambiguous,

15  and lacks sufficient precision to allow it to formulate an appropriate response. IPWW

16  objects to this request to the extent that it seeks the production of any item, or portion

17  thereof, which is not reasonably calculated to lead to the discovery of relevant and

18  admissible evidence.  IPWW additionally objects to this request to the extent that it

19  seeks communications or items protected by the attorney-client privilege, the joint

20  interest privilege, the attorney work product doctrine and any other privilege or

21  immunity available under law or arising from contractual obligation.  Subject to and

22  without waiving the foregoing general and specific objections, IPWW is willing to

23  meet and confer with Plaintiff regarding the tailoring of this request.

24  **Document Request No. 25**

25      All DOCUMENTS RELATING to the contributions of DEFENDANTS Marc

26  Toberoff and Pacific Pictures Corporation to IP Worldwide.

27  **Response to Document Request No. 25**

28      IPWW objects to this request on the grounds that it is compound, duplicative,

overbroad, burdensome and oppressive.  IPWW further objects to this request on the grounds that the phrase "RELATING to the contributions" is vague and ambiguous, and lacks sufficient precision to allow it to formulate an appropriate response. IPWW objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence.  IPWW additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing general and specific objections, IPWW is willing to meet and confer with Plaintiff regarding the tailoring of this request.

**Document Request No. 26**

All DOCUMENTS RELATING to the identification of "JS Claims" in Appendix 1 to the February 2, 2002 Memorandum of Agreement.

**Response to Document Request No. 26**

IPWW objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive.  IPWW further objects to this request on the grounds that the terms "RELATING" and "identification of 'JS Claims'" is vague and ambiguous, and lacks sufficient precision to allow it to formulate an appropriate response. IPWW objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. IPWW further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. IPWW additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the

DEFENDANT IP WORLDWIDE, LLC'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S REQUEST FOR PRODUCTION
EXHIBIT I
178

foregoing general and specific objections, IPWW will produce non-privileged

responsive documents, if any, consistent with its understanding of this request.

**Document Request No. 27**

All DOCUMENTS RELATING to the letter agreement dated October 3, 2002 – and any revisions, modifications, or adjustments thereto – that IP WORLDWIDE signed with the SIEGEL HEIRS.

**Response to Document Request No. 27**

IPWW objects to this request on the grounds that it is compound, duplicative, overbroad, burdensome and oppressive.   IPWW further objects to this request on the grounds that the term "RELATING" is vague and ambiguous, and lacks sufficient precision to allow it to formulate an appropriate response.  IPWW further objects to this request on the grounds that it is indefinite as to time, not reasonably limited in scope, and to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. IPWW further objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing general and specific objections, IPWW is willing to meet and confer with Plaintiff regarding the tailoring of this request.

**Document Request No. 28**

All DOCUMENTS RELATING to the identification of IP WORLDWIDE on the Document Cover Sheet for Recordation of Documents filed with the Transfer Covering Extended Copyright Renewal Term of "Superman" served on behalf of the Estate of Joseph Shuster on November 10, 2003.

**Response to Document Request No. 28**

IPWW further objects to this request on the grounds that it is compound, duplicative, overbroad, burdensome and oppressive.  IPWW further objects to this

EXHIBIT I
179

1  request on the grounds that the phrases "RELATING" and "RELATING to the

2  identification of IP WORLDWIDE" as used in the context of this request, are vague

3  and ambiguous, and lack sufficient precision to allow it to formulate an appropriate

4  response.  IPWW further objects to this request on the grounds that it is indefinite as

5  to time, not reasonably limited in scope, and to the extent that it seeks the production

6  of any item, or portion thereof, which is not reasonably calculated to lead to the

7  discovery of relevant and admissible evidence.  IPWW additionally objects to this

8  request to the extent that it seeks communications or items protected by the attorney-

9  client privilege, the joint interest privilege, the attorney work product doctrine and

10 any other privilege or immunity available under law or arising from contractual

11 obligation.  Subject to and without waiving the foregoing general and specific

12 objections, IPWW is willing to meet and confer with Plaintiff regarding the tailoring

13 of this request.

14 **Document Request No. 29**

15      All DOCUMENTS RELATING to the formation of IP WORLDWIDE.

16 **Response to Document Request No. 29**

17      IPWW objects to this request on the grounds that it is compound, overbroad,

18 burdensome and oppressive.  IPWW objects to this request on the grounds that the

19 phrases "RELATING" and "RELATING to the formation" are vague and ambiguous,

20 and lack sufficient precision to allow it to formulate an appropriate response.  IPWW

21 further objects to this request on the grounds that it is indefinite as to time and not

22 reasonably limited in scope.  IPWW further objects to this request in that it seeks the

23 production of items not reasonably calculated to lead to the discovery of relevant and

24 admissible evidence.  IPWW objects to this request to the extent that it seeks

25 communications or items protected by the attorney-client privilege, the joint interest

26 privilege, the attorney work product doctrine and any other privilege or immunity

27 available under law or arising from contractual obligation.  Subject to and without

28 waiving the foregoing general and specific objections, IPWW is willing to meet and

DEFENDANT IP WORLDWIDE, LLC'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT I
180

confer with Plaintiff regarding the tailoring of this request.

**Document Request No. 30**

All DOCUMENTS RELATING to the current corporate status of IP WORLDWIDE.

**Response to Document Request No. 30**

IPWW objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive. IPWW objects to this request on the grounds that the phrases "RELATING" and "RELATING to the current corporate status" are vague and ambiguous, and lack sufficient precision to allow it to formulate an appropriate response. IPWW further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. IPWW further objects to this request in that it seeks the production of items not reasonably calculated to lead to the discovery of relevant and admissible evidence. IPWW objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing general and specific objections, IPWW is willing to meet and confer with Plaintiff regarding the tailoring of this request.

**Document Request No. 31**

All DOCUMENTS RELATING to the past and current ownership and management structure of IP WORLDWIDE, including operating agreements, capitalization schedules, capital accounts, filings, K-1S, and other financial forms.

**Response to Document Request No. 31**

IPWW objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive. IPWW objects to this request on the grounds that the phrases "RELATING" and "RELATING to the past and current ownership" are vague and ambiguous, and lack sufficient precision to allow it to formulate an appropriate response. IPWW further objects to this request on the grounds that it is

EXHIBIT I
181

1  indefinite as to time and not reasonably limited in scope.  IPWW further objects to

2  this request in that it seeks the production of items not reasonably calculated to lead

3  to the discovery of relevant and admissible evidence.  IPWW objects to this request

4  to the extent that it seeks communications or items protected by the attorney-client

5  privilege, the joint interest privilege, the attorney work product doctrine and any

6  other privilege or immunity available under law or arising from contractual

7  obligation.  Subject to and without waiving the foregoing general and specific

8  objections, IPWW is willing to meet and confer with Plaintiff regarding the tailoring

9  of this request.

10  **Document Request No. 32**

11      All DOCUMENTS RELATING to any past, current, or planned business

12  activity of IP WORLDWIDE.

13  **Response to Document Request No. 32**

14      IPWW objects to this request on the grounds that it is compound, overbroad,

15  burdensome and oppressive, as it requests documents "RELATING" to any activity

16  IPWW has ever undertaken.  IPWW further objects to this request on the grounds

17  that the term "RELATING" is vague and ambiguous, and lacks sufficient precision to

18  allow it to formulate an appropriate response.  IPWW further objects to this request

19  on the grounds that it is indefinite as to time and not reasonably limited in scope.

20  IPWW further objects to this request to the extent that it seeks the production of any

21  item, or portion thereof, which is not reasonably calculated to lead to the discovery of

22  relevant and admissible evidence.  IPWW s additionally objects to this request to the

23  extent that it seeks communications or items protected by the attorney-client

24  privilege, the joint interest privilege, the attorney work product doctrine and any

25  other privilege or immunity available under law or arising from contractual

26  obligation.

27  **Document Request No. 33**

28      All DOCUMENTS RELATING to any past, current, or planned property in

24

DEFENDANT IP WORLDWIDE, LLC'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT I
182

1  which IP WORLDWIDE held, holds, or will hold an interest.

2  **Response to Document Request No. 33**

3      IPWW objects to this request on the grounds that it is compound, overbroad,

4  burdensome and oppressive, since it requests documents "RELATING" to any

5  property IPWW has ever owned or may own in the future.  IPWW further objects to

6  this request on the grounds that the term "RELATING" is vague and ambiguous, and

7  lacks sufficient precision to allow it to formulate an appropriate response.  IPWW

8  further objects to this request on the grounds that it is indefinite as to time and not

9  reasonably limited in scope.  IPWW further objects to this request to the extent that it

10  seeks the production of any item, or portion thereof, which is not reasonably

11  calculated to lead to the discovery of relevant and admissible evidence.  IPWW s

12  additionally objects to this request to the extent that it seeks communications or items

13  protected by the attorney-client privilege, the joint interest privilege, the attorney

14  work product doctrine and any other privilege or immunity available under law or

15  arising from contractual obligation.

16  **Document Request No. 34**

17      All DOCUMENTS RELATING to any individual or entity that currently holds

18  property or interests formerly held by IP WORLDWIDE.

19  **Response to Document Request No. 34**

20      IPWW objects to this request on the grounds that it is compound, overbroad,

21  burdensome and oppressive.  IPWW further objects to this request on the grounds

22  that the phrases "RELATING" and "RELATING to any individual or entity that

23  currently holds property or interests formerly held by IP WORLDWIDE" are vague

24  and ambiguous, and lack sufficient precision to allow it to formulate an appropriate

25  response.  IPWW further objects to this request on the grounds that it is indefinite as

26  to time and not reasonably limited in scope.  IPWW further objects to this request to

27  the extent that it seeks the production of any item, or portion thereof, which is not

28  reasonably calculated to lead to the discovery of relevant and admissible evidence.

DEFENDANT IP WORLDWIDE, LLC'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT I
183

1  IPWW additionally objects to this request to the extent that it seeks communications

2  or items protected by the attorney-client privilege, the joint-interest privilege, the

3  attorney work product doctrine and any other privilege or immunity available under

4  law or arising from contractual obligation. Subject to and without waiving the

5  foregoing general and specific objections, IPWW is willing to meet and confer with

6  Plaintiff regarding the tailoring of this request.

7  **Document Request No. 35**

8      All DOCUMENTS RELATING to any past, current, or planned client of IP

9  WORLDWIDE.

10  **Response to Document Request No. 35**

11      IPWW objects to this request on the grounds that it is compound, overbroad,

12  burdensome and oppressive, since it requests documents "RELATING" to any client

13  IPWW has ever had or may have in the future.  IPWW further objects to this request

14  on the grounds that the term "RELATING" is vague and ambiguous, and lacks

15  sufficient precision to allow it to formulate an appropriate response.  IPWW s further

16  objects to this request on the grounds that it is indefinite as to time and not

17  reasonably limited in scope.  IPWW further objects to this request to the extent that it

18  seeks the production of any item, or portion thereof, which is not reasonably

19  calculated to lead to the discovery of relevant and admissible evidence.  IPWW

20  additionally objects to this request to the extent that it seeks communications or items

21  protected by the attorney-client privilege, the attorney work product doctrine and any

22  other privilege or immunity available under law or arising from contractual

23  obligation.

24  **Document Request No. 36**

25      All DOCUMENTS RELATING to any past or current member, employee, or

26  shareholder of IP WORLDWIDE.

27  **Response to Document Request No. 36**

28      IPWW objects to this request on the grounds that it is compound, overbroad,

1  burdensome and oppressive in that it requests any and all documents RELATING to

2  any past or current member, employee, or shareholder of IPWW.  IPWW further

3  objects to this request on the grounds that the term "RELATING" is vague and

4  ambiguous, and lacks sufficient precision to allow it to formulate an appropriate

5  response.  IPWW s further objects to this request on the grounds that it is indefinite

6  as to time and not reasonably limited in scope.  IPWW further objects to this request

7  to the extent that it seeks the production of any item, or portion thereof, which is not

8  reasonably calculated to lead to the discovery of relevant and admissible evidence.

9  IPWW additionally objects to this request to the extent that it seeks communications

10 or items protected by the attorney-client privilege, the attorney work product doctrine

11 and any other privilege or immunity available under law or arising from contractual

12 obligation.

13 **Document Request No. 37**

14     All DOCUMENTS RELATING to any past, current, or planned partnership or

15 strategic alliance between IP WORLDWIDE and any individual or entity.

16 **Response to Document Request No. 37**

17     IPWW objects to this request on the grounds that it is compound, overbroad,

18 burdensome and oppressive, as it could be reasonably construed to request all

19 documents RELATING to any business conducted by IPWW.  IPWW further objects

20 to this request on the grounds that the phrases "RELATING" and "RELATING to

21 any past, current, or planned partnership or strategic alliance" are vague and

22 ambiguous, and lack sufficient precision to allow it to formulate an appropriate

23 response.  IPWW further objects to this request on the grounds that it is indefinite as

24 to time and not reasonably limited in scope.  IPWW additionally objects to this

25 request to the extent that it seeks communications or items protected by the attorney-

26 client privilege, the joint-interest privilege, the attorney work product doctrine and

27 any other privilege or immunity available under law or arising from contractual

28 obligation.

DEFENDANT IP WORLDWIDE, LLC'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT I
185

**Document Request No. 38**

All DOCUMENTS RELATING to any claim of insurance you have asserted regarding this action.

**Response to Document Request No. 38**

IPWW objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive.  IPWW further objects to this request on the grounds that the term "RELATING" is vague and ambiguous, and lacks sufficient precision to allow it to formulate an appropriate response.  IPWW further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. IPWW further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence.  IPWW objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing general and specific objections, IPWW has no documents responsive to this request.

**Document Request No. 39**

All DOCUMENTS RELATING to YOUR DOCUMENT maintenance and retention policies.

**Response to Document Request No. 39**

IPWW objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive.  IPWW further objects to this request on the grounds that the term "RELATING" is vague and ambiguous, and lacks sufficient precision to allow it to formulate an appropriate response.  IPWW further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. IPWW further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of

EXHIBIT I
186

1 | relevant and admissible evidence.  IPWW objects to this request to the extent that it

2 | seeks communications or items protected by the attorney-client privilege, the joint

3 | interest privilege, the attorney work product doctrine and any other privilege or

4 | immunity available under law or arising from contractual obligation.  Subject to and

5 | without waiving the foregoing general and specific objections, IPWW has no

6 | documents responsive to this request.

7

8

Dated:  January 24, 2011                    KENDALL BRILL & KLIEGER LLP

9

10

11

_____

12 | Nicholas F. Daum
Attorneys for Defendants Marc Toberoff,
13 | Pacific Pictures Corporation, IP Worldwide,
LLC, and IPW, LLC

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT
187

1  KENDALL BRILL & KLIEGER LLP
   Richard B. Kendall (90072)
2    rkendall@kbkfirm.com
   Laura W. Brill (195889)
3    lbrill@kbkfirm.com
   Nicholas F Daum (236155)
4    ndaum@kbkfirm.com
   Nathalie E. Cohen (258222)
5    ncohen@kbkfirm.com
   10100 Santa Monica Blvd., Suite 1725
6  Los Angeles, California, 90067
   Telephone:   310.556.2700
7  Facsimile:    310.556.2705

8  Attorneys for Defendants Marc Toberoff,
   Pacific Pictures Corporation, IP
9  Worldwide, LLC, and IPW, LLC

10            **UNITED STATES DISTRICT COURT**

11     **CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION**

| | |
|---|---|
| 12  DC COMICS, | Case No: CV 10-03633 ODW (RZx) |
| 13              Plaintiff, | Hon. Otis D. Wright II, U.S.D.J. |
| 14         vs. | **DEFENDANT PACIFIC PICTURES CORPORATION'S RESPONSE AND OBJECTIONS TO PLAINTIFF DC COMICS' REQUEST FOR PRODUCTION OF DOCUMENTS** |
| 15  PACIFIC PICTURES CORPORATION; IP WORLDWIDE, LLC; IPW, LLC; | |
| 16  MARC TOBEROFF, an individual; | |
| 17  MARK WARREN PEARY, as personal representative of the ESTATE OF | |
| 18  JOSEPH SHUSTER; JEAN ADELE PEAVY, an individual; JOANNE | Complaint Filed:  May 14, 2010 Trial Date:  None Set |
| 19  SIEGEL, an individual;  LAURA | |
| 20  SIEGEL LARSON, an individual, | |
| 21  and DOES 1-10, inclusive, | |
| 22              Defendants. | |

23

24

25

26

27

28

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

Defendant Pacific Pictures Corporation ("Pacific"), pursuant to the provisions of Rule 34(b)(2) of the Federal Rules of Civil Procedure, makes the following objections to Plaintiff DC Comics' Request for Production of Documents ("Request") that was served on December 10, 2010 by plaintiff DC Comics ("Plaintiff"):

## I.

## OBJECTIONS TO THE ENTIRE REQUEST

Pacific objects to the entire Request on each of the following grounds and incorporates by reference each of the following objections into its response to each individual category of documents within it:

1. Pacific objects to each individual request within the Request to the extent it is relevant only to the Fourth through Sixth state law claims for relief in DC's First Amended Complaint ("FAC"). Defendants contend that their pending anti-SLAPP motion stays discovery regarding these state law claims, as well as the related Third Claim for Relief. *See* Cal. Code Civ. Proc. § 425.16(g); *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 130 S. Ct. 1431, 1452 (2010) (Stevens, J., concurring); *Batzel v. Smith*, 333 F.3d 1018, 1024 (9th Cir. 2003); *Godin v. Schencks*, 2010 U.S. App. LEXIS 25980 (1st Cir. Dec. 22, 2010).

2. To the extent the Request and each document request therein seeks documents concerning any agreement between the Shusters and Siegels to act collectively in negotiations with DC regarding the settlement of their termination claims ("Collective Bargaining"), Pacific objects on the following grounds: Any documents that exist relating to Collective Bargaining contain and memorialize attorney-client privileged communications and attorney work product and reveal sensitive settlement strategy that would give DC an unfair advantage. Moreover, any Collective Bargaining documents were prepared in connection with settlement mediation in the closely related cases *Joanne Siegel, et al. v. Warner Bros.*

1

DEFENDANT PACIFIC PICTURES CORPORATION'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT I
189

*Entertainment Inc., et al.*, Case No. 04-CV-8400 ODW (RZx) and *Joanne Siegel, et al. v. Time Warner Inc., et al.,* Case No. 04-CV-8766 ODW (RZx) (collectively "*Siegel* Litigation") and the use of such information plainly violates the parties' May 1, 2008 JAMS Confidentiality Agreement.  Moreover this disclosure is inconsistent with the policies of FRE 408 and California Evidence Code §§ 1119 *et seq.*, 1152.

3.    Pacific objects to the Request and each document request therein to the extent that it seeks the production of any item, or portion thereof, comprising or reflecting information transmitted and maintained in confidence between Pacific or any person or entity acting on its behalf and for the purpose of obtaining legal advice or representation, on the grounds that such information is protected from disclosure by the attorney-client privilege and the joint-interest privilege.  Such documents will not be produced in response to the request, and any inadvertent production thereof shall not be deemed a waiver of any privilege or doctrine with respect to such documents.  With respect to such documents, Pacific hereby incorporates by reference the privilege logs served by the Defendants in this action on December 15, 2010.

4.    Pacific objects to the Request and each document request therein to the extent that it seeks the production of any item, or portion thereof, comprising or reflecting information with any confidential impression, conclusion, opinion, legal research, or legal theory of counsel for Pacific or any other person or entity, on the grounds that such information is protected from disclosure by the attorney work product doctrine.  Such documents will not be produced in response to the request, and any inadvertent production thereof shall not be deemed a waiver of any privilege or doctrine with respect to such documents.  With respect to such documents, Pacific hereby incorporates by reference the privilege logs served by the Defendants in this action on December 15, 2010.

5.    Pacific objects to the Request and each document request therein to the extent that it seeks the production of any item, or portion thereof, which

1    is not reasonably calculated to lead to the discovery of relevant and admissible

2    evidence, on the grounds that it exceeds the permissible scope of discovery delimited

3    by Rule 26(b)(1) of the Federal Rules of Civil Procedure.

4          6.      Pacific objects to the Request and each document request

5    therein to the extent that it seeks the production of any item, or portion thereof,

6    comprising or reflecting any trade secret or other confidential or proprietary

7    information of Pacific or any other entity or person.

8          7.      Pacific objects to the Request and each document request

9    therein to the extent that it seeks the production of any item, or portion thereof, which

10    is protected from disclosure by court order, or any privacy or similar rights of any

11    person or entity.

12          8.      Pacific objects to the Request and each document request

13    therein to the extent that it is unduly burdensome, overly broad, impose extreme

14    hardship, is oppressive and harassing, or would result in the expenditure of

15    unnecessary time and resources.

16          9.      Pacific objects to the Request and each document request

17    therein to the extent that the expense of producing documents outweighs the likely

18    benefit of discovery provided to Plaintiff.

19          10.     Pacific objects to the Request and each document request

20    therein to the extent that it seeks the production of duplicative identical items, or

21    documents or information already in Plaintiff's possession, or by reason of public

22    filing, publication or otherwise are readily accessible to Plaintiff through other

23    means.

24          11.     Pacific objects to the Request and each document request

25    therein to the extent that it seeks the production of any item which has been served,

26    filed, or transmitted in the course of this action, on the grounds that such production

27    would be burdensome, oppressive, and unnecessary.

28          12.     Pacific objects to the Request and each document request

DEFENDANT PACIFIC PICTURES CORPORATION'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT I
191

therein to the extent that it seeks the production of any item which has already been produced, served, or filed in the course of the related actions *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-CV-8400 ODW (RZx) and *Joanne Siegel, et al. v. Time Warner Inc., et al.,* Case No. 04-CV-8766 ODW (RZx) (collectively "*Siegel* Litigation"), on the grounds that such production would be duplicative, burdensome, oppressive, and unnecessary.

13.    In making any document production, Pacific will reference by their Bates numbers documents already produced to DC in the *Siegel* Litigation, rather than re-copy and reproduce such documents. Pacific will not produce or designate by Bates numbers documents Pacific obtained solely as a result of a document production by the other side in the *Siegel* Litigation.

14.    Consistent with the agreement governing privilege logs negotiated by the parties concerning plaintiff and other defendants, Pacific will not log privileged communications or attorney work-product documents in either this case or the *Siegel* Litigations,  that (a) are internal communications by defendants' counsel at the law firms of Toberoff & Associates, P.C. and Kendall Brill & Klieger, L.L.P., or (b) between  Toberoff & Associates P.C and defendants' counsel at the law firm of Kendall, Brill & Klieger LLP.   Logging such documents would constitute an extraordinary interference by DC in the affairs of its opposing counsel in both this action and the ongoing *Siegel* litigation.

15.    Pacific objects to the Request and each document request therein to the extent that it seeks the production of any item or document that is not the property of Pacific. Pacific will not produce any items or documents that are the property of any other person or entity.

16.    Pacific objects to the Request and each document request therein and to the definitions and instructions therein to the extent that they purport to alter or extend Pacific's obligations beyond those established by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Central

DEFENDANT PACIFIC PICTURES CORPORATION'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT I
192

District of California, or any order or ruling by the Court in this action.

16.    Pacific objects generally to the definitions of the terms "YOU," "YOUR" and "PACIFIC PICTURES" as vague and ambiguous, overbroad and unduly burdensome, especially with respect to the definition's reference to "attorneys".  Pacific will construe these terms to refer to Pacific.

17.    Pacific objects generally to the definitions of the terms "DEFENDANT" and "DEFENDANTS" as vague and ambiguous, overbroad and unduly burdensome, especially with respect to the definition's reference to "attorneys".  Pacific Pictures will construe these terms to refer only to the specific defendants in this action.

18.    Pacific objects generally to the definition of the term "SHUSTER HEIRS" as vague and ambiguous, overbroad and unduly burdensome, especially with respect to the definition's reference to "attorneys".  Solely for the purposes of these responses, and for no other purpose, Pacific will construe this term to refer only to the Estate of Joseph Shuster, Jean Peavy, Mark Warren Peary, Dawn Peavy and Frank Shuster.

19.    Pacific objects generally to the definition of the term "SIEGEL HEIRS" as vague and ambiguous, overbroad and unduly burdensome, especially with respect to the definition's reference to "attorneys".  Solely for the purposes of these responses, and for no other purpose, Pacific will construe this term to refer only to Joanne Siegel, Laura Siegel Larson, and Michael Siegel.

20.    Pacific reserves the right to revise, amend, supplement or clarify any of the objections set forth herein.

## II.

## DOCUMENTS TO BE PRODUCED

## SPECIFIC RESPONSES TO INDIVIDUAL REQUESTS

### Document Request No. 1

All agreements between or among YOU and any DEFENDANT RELATING to the SIEGEL HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

DEFENDANT PACIFIC PICTURES CORPORATION'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT I
193

**Response to Document Request No. 1**

Pacific objects to this request on the grounds that the phrase "the SIEGEL HEIRS' purported rights in SUPERMAN and/or SUPERBOY," is vague and ambiguous, and lacks sufficient precision to allow it to formulate an appropriate response. Pacific further objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint-interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing general and specific objections, Pacific will produce non-privileged responsive documents, if any, consistent with its understanding of this request.

**Document Request No. 2**

All agreements between or among YOU and any DEFENDANT RELATING to the SHUSTER HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 2**

Pacific objects to this request on the grounds that the phrase "the SHUSTER HEIRS' purported rights in SUPERMAN and/or SUPERBOY," is vague and ambiguous, and lacks sufficient precision to allow it to formulate an appropriate response. Pacific further objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint-interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing general and specific objections, Pacific will produce non-privileged responsive documents, consistent with its understanding of this request.

**Document Request No. 3**

All agreements between or among YOU and any third party RELATING to the SIEGEL HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 3**

DEFENDANT PACIFIC PICTURES CORPORATION'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT I
194

1    Pacific objects to this request on the grounds that the phrase "RELATING," is
2  vague and ambiguous, and lacks sufficient precision to allow it to formulate an
3  appropriate response.  Pacific additionally objects to this request to the extent that it
4  seeks communications or items protected by the attorney-client privilege, the joint-
5  interest privilege, the attorney work product doctrine and any other privilege or
6  immunity available under law or arising from contractual obligation.   Subject to and
7  without waiving the foregoing general and specific objections, Pacific will produce
8  non-privileged responsive documents, if any, consistent with its understanding of this
9  request.

10 **Document Request No. 4**

11    All agreements between or among YOU and any third party RELATING to the
12 SHUSTER HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

13 **Response to Document Request No. 4**

14    Pacific objects to this request on the grounds that the phrase "RELATING," is
15 vague and ambiguous, and lacks sufficient precision to allow it to formulate an
16 appropriate response.  Pacific additionally objects to this request to the extent that it
17 seeks communications or items protected by the attorney-client privilege, the joint-
18 interest privilege, the attorney work product doctrine and any other privilege or
19 immunity available under law or arising from contractual obligation.   Subject to and
20 without waiving the foregoing general and specific objections, Pacific will produce
21 non-privileged responsive documents, consistent with its understanding of this
22 request.

23 **Document Request No. 5**

24    All DOCUMENTS RELATING to SUPERMAN and/or SUPERBOY.

25 **Response to Document Request No. 5**

26    Pacific objects to this request on the grounds that it is compound, overbroad,
27 burdensome and oppressive.  Pacific further objects to this request on the grounds
28 that the phrase "RELATING," is vague and ambiguous, and lacks sufficient precision

DEFENDANT PACIFIC PICTURES CORPORATION'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT I
195

1   to allow it to formulate an appropriate response.  Pacific further objects to this

2   request on the grounds that it is indefinite as to time, not reasonably limited in scope,

3   and to the extent that it seeks the production of any item, or portion thereof, which is

4   not reasonably calculated to lead to the discovery of relevant and admissible

5   evidence.  Pacific additionally objects to this request to the extent that it seeks

6   communications or items protected by the attorney-client privilege, the joint-interest

7   privilege, the attorney work product doctrine and any other privilege or immunity

8   available under law or arising from contractual obligation.  Subject to and without

9   waiving the foregoing general and specific objections, Pacific is willing to meet and

10  confer with Plaintiff regarding the tailoring of this request.

11  **Document Request No. 6**

12          All DOCUMENTS RELATING to the SIEGEL HEIRS.

13  **Response to Document Request No. 6**

14          Pacific objects to this request on the grounds that it is compound, overbroad,

15  burdensome and oppressive.  Pacific further objects to this request on the grounds

16  that the phrase "RELATING," is vague and ambiguous, and lacks sufficient precision

17  to allow it to formulate an appropriate response.  Pacific further objects to this

18  request on the grounds that it is indefinite as to time, not reasonably limited in scope,

19  and to the extent that it seeks the production of any item, or portion thereof, which is

20  not reasonably calculated to lead to the discovery of relevant and admissible

21  evidence.  Pacific additionally objects to this request to the extent that it seeks

22  communications or items protected by the attorney-client privilege, the joint-interest

23  privilege, the attorney work product doctrine and any other privilege or immunity

24  available under law or arising from contractual obligation.  Subject to and without

25  waiving the foregoing general and specific objections, Pacific is willing to meet and

26  confer with Plaintiff regarding the tailoring of this request.

27  **Document Request No. 7**

28          All DOCUMENTS RELATING to the SHUSTER HEIRS.

DEFENDANT PACIFIC PICTURES CORPORATION'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT I
196

**Response to Document Request No. 7**

Pacific further objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive.  Pacific further objects to this request on the grounds that the phrase "RELATING," is vague and ambiguous, and lacks sufficient precision to allow it to formulate an appropriate response.  Pacific further objects to this request on the grounds that it is indefinite as to time, not reasonably limited in scope, and to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence.  Pacific additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint-interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing general and specific objections, Pacific is willing to meet and confer with Plaintiff regarding the tailoring of this request.

**Document Request No. 8**

All DOCUMENTS RELATING to YOUR ability to negotiate or enter into agreements regarding SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 8**

Pacific objects to this request on the grounds that the term "RELATING to YOUR ability to negotiate or enter into agreements" is vague and ambiguous, and lacks sufficient precision to allow it to formulate an appropriate response.  Pacific further objects to this request in that it assumes that IPWW has the ability to negotiate or enter into agreements regarding SUPERMAN and/or SUPERBOY.  Pacific additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint-interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing general and specific objections, Pacific will produce non-privileged

DEFENDANT PACIFIC PICTURES CORPORATION'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT I
197

1 | responsive documents, if any, consistent with its understanding of this request.

2

3 | **Document Request No. 9**

4 |   All DOCUMENTS RELATING to or affecting the disposition, division, or

5 | ownership of any rights in SUPERMAN and/or SUPERBOY.

6 | **Response to Document Request No. 9**

7 |   Pacific objects to this request on the grounds that it is compound, overbroad,

8 | burdensome and oppressive.  Pacific further objects to this request on the grounds

9 | that the phrase "RELATING to or affecting" is vague and ambiguous, and lacks

10 | sufficient precision to allow it to formulate an appropriate response.  Pacific further

11 | objects to this request on the grounds that it is indefinite as to time and not

12 | reasonably limited in scope. Pacific additionally objects to this request to the extent

13 | that it seeks communications or items protected by the attorney-client privilege, the

14 | joint-interest privilege, the attorney work product doctrine and any other privilege or

15 | immunity available under law or arising from contractual obligation.  Subject to and

16 | without waiving the foregoing general and specific objections, Pacific will produce

17 | non-privileged responsive documents, if any, consistent with its understanding of this

18 | request.

19 | **Document Request No. 10**

20 |   All DOCUMENTS RELATING to or affecting the division of revenue,

21 | proceeds, or other profits regarding SUPERMAN and/or SUPERBOY.

22 | **Response to Document Request No. 10**

23 |   Pacific objects to this request on the grounds that it is compound, overbroad,

24 | burdensome and oppressive.  Pacific further objects to this request on the grounds

25 | that the phrase "RELATING to or affecting" is vague and ambiguous, and lacks

26 | sufficient precision to allow it to formulate an appropriate response.  Pacific further

27 | objects to this request on the grounds that it is indefinite as to time and not

28 | reasonably limited in scope. Pacific additionally objects to this request to the extent

DEFENDANT PACIFIC PICTURES CORPORATION'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT I
198

1  that it seeks communications or items protected by the attorney-client privilege, the

2  joint-interest privilege, the attorney work product doctrine and any other privilege or

3  immunity available under law or arising from contractual obligation.  Subject to and

4  without waiving the foregoing general and specific objections, Pacific will produce

5  non-privileged responsive documents, if any, consistent with its understanding of this

6  request.

7  **Document Request No. 11**

8  All DOCUMENTS RELATING to or affecting the division of any settlement

9  proceeds regarding SUPERMAN and/or SUPERBOY.

10  **Response to Document Request No. 11**

11  Pacific objects to this request on the grounds that it is compound, duplicative,

12  overbroad, burdensome and oppressive.  Pacific further objects to this request on the

13  grounds that the phrase "RELATING to or affecting" is vague and ambiguous, and

14  lacks sufficient precision to allow it to formulate an appropriate response.  Pacific

15  further objects to this request on the grounds that it is indefinite as to time and not

16  reasonably limited in scope. Pacific additionally objects to this request to the extent

17  that it seeks communications or items protected by the attorney-client privilege, the

18  joint-interest privilege, the attorney work product doctrine and any other privilege or

19  immunity available under law or arising from contractual obligation.  Subject to and

20  without waiving the foregoing general and specific objections, Pacific will produce

21  non-privileged responsive documents, if any, consistent with its understanding of this

22  request.

23  **Document Request No. 12**

24  All DOCUMENTS RELATING to the potential sale, assignment, license, or

25  other disposition of any rights relating to SUPERMAN and/or SUPERBOY,

26  including but not limited to any solicitation, offer, option, or proposed agreement.

27  **Response to Document Request No. 12**

28  Pacific objects to this request on the grounds that it is compound, overbroad,

burdensome and oppressive.  Pacific further objects to this request on the grounds that the term "RELATING" is vague and ambiguous, and lacks sufficient precision to allow it to formulate an appropriate response.  Pacific further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Pacific further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence.  Pacific additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint-interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing general and specific objections, Pacific will produce non-privileged responsive documents, if any, consistent with its understanding of this request.

**Document Request No. 13**

All DOCUMENTS RELATING to any efforts YOU have made to sell, lease, license, or otherwise exploit any rights in SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 13**

Pacific objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive. Pacific further objects to this request on the grounds that the term "RELATING to any efforts" is vague and ambiguous, and lacks sufficient precision to allow it to formulate an appropriate response.  Pacific further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope.  Pacific further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence.  Pacific additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint-interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from

1    contractual obligation.  Subject to and without waiving the foregoing general and

2    specific objections, Pacific will produce non-privileged responsive documents, if any,

3    consistent with its understanding of this request.

4    **Document Request No. 14**

5        All DOCUMENTS RELATING to any potential investors or other PERSONS

6    who have expressed interest in purchasing or otherwise investing in any rights in

7    SUPERMAN and/or SUPERBOY.

8    **Response to Document Request No. 14**

9        Pacific objects to this request on the grounds that it is compound, overbroad,

10   burdensome and oppressive.  Pacific further objects to this request on the grounds

11   that the term "RELATING to any potential investors or other PERSONS who have

12   expressed interest in purchasing or otherwise investing in any rights" is vague and

13   ambiguous, and lacks sufficient precision to allow it to formulate an appropriate

14   response. Pacific further objects to this request on the grounds that it is indefinite as

15   to time and not reasonably limited in scope.  Pacific further objects to this request to

16   the extent that it seeks the production of any item, or portion thereof, which is not

17   reasonably calculated to lead to the discovery of relevant and admissible evidence.

18   Pacific additionally objects to this request to the extent that it seeks communications

19   or items protected by the attorney-client privilege, the joint-interest privilege, the

20   attorney work product doctrine and any other privilege or immunity available under

21   law or arising from contractual obligation.  Subject to and without waiving the

22   foregoing general and specific objections, Pacific will produce non-privileged

23   responsive documents, if any, consistent with its understanding of this request.

24   **Document Request No. 15**

25       All DOCUMENTS RELATING to the valuation of any past, current, or

26   potential ownership interest in SUPERMAN and/or SUPERBOY.

27   **Response to Document Request No. 15**

28       Pacific objects to this request on the grounds that it is compound, overbroad,

DEFENDANT PACIFIC PICTURES CORPORATION'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT I
201

1   burdensome and oppressive.  Pacific further objects to this request on the grounds

2   that the term "RELATING to the valuation of any past, current, or potential

3   ownership interest" is vague and ambiguous, and lacks sufficient precision to allow it

4   to formulate an appropriate response.  Pacific further objects to this request on the

5   grounds that it is indefinite as to time and not reasonably limited in scope.  Pacific

6   further objects to this request to the extent that it seeks the production of any item, or

7   portion thereof, which is not reasonably calculated to lead to the discovery of relevant

8   and admissible evidence.  Pacific additionally objects to this request to the extent that

9   it seeks communications or items protected by the attorney-client privilege, the joint-

10  interest privilege, the attorney work product doctrine and any other privilege or

11  immunity available under law or arising from contractual obligation.  Subject to and

12  without waiving the foregoing general and specific objections, Pacific is willing to

13  meet and confer with Plaintiff regarding the tailoring of this request.

14  **Document Request No. 16**

15      All DOCUMENTS RELATING to the valuation of any past, current, or

16  potential ownership interest in SUPERMAN and/or SUPERBOY.

17  **Response to Document Request No. 16**

18      Pacific objects to this request on the grounds that it is compound, overbroad,

19  burdensome and oppressive.  Pacific further objects to this request on the grounds

20  that the term "RELATING to the valuation of any past, current, or potential

21  ownership interest" is vague and ambiguous, and lacks sufficient precision to allow it

22  to formulate an appropriate response.  Pacific further objects to this request on the

23  grounds that it is indefinite as to time and not reasonably limited in scope.  Pacific

24  further objects to this request to the extent that it seeks the production of any item, or

25  portion thereof, which is not reasonably calculated to lead to the discovery of relevant

26  and admissible evidence.  Pacific additionally objects to this request to the extent that

27  it seeks communications or items protected by the attorney-client privilege, the joint-

28  interest privilege, the attorney work product doctrine and any other privilege or

DEFENDANT PACIFIC PICTURES CORPORATION'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT I
202

1  immunity available under law or arising from contractual obligation.  Subject to and

2  without waiving the foregoing general and specific objections, Pacific is willing to

3  meet and confer with Plaintiff regarding the tailoring of this request.

4  **Document Request No. 17**

5       All COMMUNICATIONS RELATING to any disclosure of a potential or

6  actual conflict of interest by or to YOU or any DEFENDANT.

7  **Response to Document Request No. 17**

8       Pacific objects to this request in that it seeks the production of items not

9  reasonably calculated to lead to the discovery of relevant and admissible evidence.

10  Pacific further objects to this request on the grounds that it is compound, duplicative,

11  overbroad, burdensome and oppressive.  Pacific further objects to this request on the

12  grounds that the terms "RELATING" and "disclosure of a potential or actual conflict

13  of interest by or to YOU or any DEFENDANT" are vague and ambiguous, and lacks

14  sufficient precision to allow it to formulate an appropriate response.  Pacific further

15  objects to this request on the grounds that it is indefinite as to time and not

16  reasonably limited in scope.  Pacific additionally objects to this request as it seeks

17  communications or items protected by the attorney-client privilege, the joint-interest

18  privilege, the attorney work product doctrine and to the extent it seeks the production

19  of items protected by any other privilege or immunity available under law or arising

20  from contractual obligation.

21  **Document Request No. 18**

22       All DOCUMENTS RELATING to YOUR introduction to and involvement

23  with the SIEGEL HEIRS.

24  **Response to Document Request No. 18**

25       Pacific further objects to this request on the grounds that it is compound,

26  duplicative, overbroad, burdensome and oppressive.  Pacific objects to this request on

27  the grounds that the terms "RELATING" and "involvement with" are vague and

28  ambiguous, and lack sufficient precision to allow it to formulate an appropriate

1  response.  Pacific further objects to this request on the grounds that it is indefinite as

2  to time and not reasonably limited in scope.  Pacific additionally objects to this

3  request to the extent that it seeks communications or items protected by the attorney-

4  client privilege, the joint-interest privilege, the attorney work product doctrine and

5  any other privilege or immunity available under law or arising from contractual

6  obligation.  Subject to and without waiving the foregoing general and specific

7  objections, Pacific has no responsive documents to this request.

8  **Document Request No. 19**

9       All DOCUMENTS RELATING to YOUR introduction to and involvement

10  with the SHUSTER HEIRS.

11  **Response to Document Request No. 19**

12       Pacific objects to this request on the grounds that it is compound, duplicative,

13  overbroad, burdensome and oppressive.  Pacific objects to this request on the grounds

14  that the terms "RELATING" and "involvement with" are vague and ambiguous, and

15  lack sufficient precision to allow it to formulate an appropriate response.  Pacific

16  further objects to this request on the grounds that it is indefinite as to time and not

17  reasonably limited in scope.  Pacific additionally objects to this request to the extent

18  that it seeks communications or items protected by the attorney-client privilege, the

19  joint-interest privilege, the attorney work product doctrine and any other privilege or

20  immunity available under law or arising from contractual obligation.  Subject to and

21  without waiving the foregoing general and specific objections, Pacific is willing to

22  meet and confer with Plaintiff regarding the tailoring of this request.

23  **Document Request No. 20**

24       All DOCUMENTS RELATING to the letter agreement dated November 23,

25  2001 that YOU entered into with the SHUSTER HEIRS.

26  **Response to Document Request No. 20**

27       Pacific further objects to this request on the grounds that it is compound,

28  duplicative, overbroad, burdensome and oppressive. Pacific objects to this request on

16

DEFENDANT PACIFIC PICTURES CORPORATION'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT I
204

the grounds that the phrase "RELATING" is vague and ambiguous, and lacks

sufficient precision to allow it to formulate an appropriate response. Pacific further

objects to this request on the grounds that it is indefinite as to time and not

reasonably limited in scope. Pacific further objects to this request to the extent that it

seeks the production of any item, or portion thereof, which is not reasonably

calculated to lead to the discovery of relevant and admissible evidence. Pacific

additionally objects to this request to the extent that it seeks communications or items

protected by the attorney-client privilege, the joint interest privilege, the attorney

work product doctrine and any other privilege or immunity available under law or

arising from contractual obligation. Subject to and without waiving the foregoing

general and specific objections, Pacific will produce non-privileged responsive

documents, if any, consistent with his understanding of this request.

**Document Request No. 21**

All DOCUMENTS RELATING to Ari Emanuel.

**Response to Document Request No. 21**

Pacific objects to this request on the grounds that it is compound, overbroad,

burdensome and oppressive. Pacific objects to this request on the grounds that the

term "RELATING" is vague and ambiguous, and lacks sufficient precision to allow it

to formulate an appropriate response. Pacific further objects to this request on the

grounds that it is indefinite as to time and not reasonably limited in scope. Pacific

further objects to this request to the extent that it seeks the production of any item, or

portion thereof, which is not reasonably calculated to lead to the discovery of relevant

and admissible evidence. Pacific additionally objects to this request to the extent that

it seeks communications or items protected by the attorney-client privilege, the joint

interest privilege, the attorney work product doctrine and any other privilege or

immunity available under law or arising from contractual obligation.

**Document Request No. 22**

All DOCUMENTS RELATING to any COMMUNICATIONS with Ari

1    Emanuel.

2    **Response to Document Request No. 22**

3          Pacific objects to this request on the grounds that it is compound, overbroad,

4    burdensome and oppressive.  Pacific objects to this request on the grounds that the

5    term "RELATING" is vague and ambiguous, and lacks sufficient precision to allow it

6    to formulate an appropriate response.  Pacific further objects to this request on the

7    grounds that it is indefinite as to time and not reasonably limited in scope.  Pacific

8    further objects to this request to the extent that it seeks the production of any item, or

9    portion thereof, which is not reasonably calculated to lead to the discovery of relevant

10   and admissible evidence.  Pacific additionally objects to this request to the extent that

11   it seeks communications or items protected by the attorney-client privilege, the joint

12   interest privilege, the attorney work product doctrine and any other privilege or

13   immunity available under law or arising from contractual obligation.

14   **Document Request No. 23**

15         All DOCUMENTS RELATING to YOUR past and current ownership and

16   management structure, including operating agreements, by-laws, capitalization

17   schedules, capital accounts, shares, filings, and other financial forms.

18   **Response to Document Request No. 23**

19         Pacific objects to this request on the grounds that it is compound, overbroad,

20   burdensome and oppressive.  Pacific objects to this request on the grounds that the

21   phrases "RELATING" and "RELATING to your past and current ownership" are

22   vague and ambiguous, and lacks sufficient precision to allow it to formulate an

23   appropriate response.  Pacific further objects to this request on the grounds that it is

24   indefinite as to time and not reasonably limited in scope.  Pacific further objects to

25   this request in that it seeks the production of items not reasonably calculated to lead

26   to the discovery of relevant and admissible evidence.  Pacific objects to this request

27   to the extent that it seeks communications or items protected by the attorney-client

28   privilege, the joint interest privilege, the attorney work product doctrine and any

DEFENDANT PACIFIC PICTURES CORPORATION'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT I
206

1   other privilege or immunity available under law or arising from contractual

2   obligation.  Subject to and without waiving the foregoing general and specific

3   objections, Pacific is willing to meet and confer with Plaintiff regarding the tailoring

4   of this request.

5   **Document Request No. 24**

6       All DOCUMENTS RELATING to the Memorandum of Agreement dated

7   February 2, 2002 that YOU entered into with Ari Emanuel.

8   **Response to Document Request No. 24**

9       Pacific objects to this request on the grounds that it is compound, duplicative,

10  overbroad, burdensome and oppressive.  Pacific further objects to this request on the

11  grounds that it is compound, overbroad, burdensome and oppressive.  Pacific further

12  objects to this request on the grounds that the term "RELATING" is vague and

13  ambiguous, and lacks sufficient precision to allow it to formulate an appropriate

14  response. Pacific objects to this request to the extent that it seeks the production of

15  any item, or portion thereof, which is not reasonably calculated to lead to the

16  discovery of relevant and admissible evidence.  Pacific additionally objects to this

17  request to the extent that it seeks communications or items protected by the attorney-

18  client privilege, the joint interest privilege, the attorney work product doctrine and

19  any other privilege or immunity available under law or arising from contractual

20  obligation.  Subject to and without waiving the foregoing general and specific

21  objections, Pacific is willing to meet and confer with Plaintiff regarding the tailoring

22  of this request.

23  **Document Request No. 25**

24      All DOCUMENTS RELATING to any contributions by YOU to the IP

25  Worldwide joint venture.

26  **Response to Document Request No. 25**

27      Pacific objects to this request on the grounds that it is compound, duplicative,

28  overbroad, burdensome and oppressive.  Pacific further objects to this request on the

DEFENDANT PACIFIC PICTURES CORPORATION'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT I
207

1    grounds that the phrases "RELATING" and "RELATING to any contributions by

2    YOU to the IP Worldwide joint venture" are vague and ambiguous, and lacks

3    sufficient precision to allow it to formulate an appropriate response.  Pacific objects

4    to this request to the extent that it seeks the production of any item, or portion

5    thereof, which is not reasonably calculated to lead to the discovery of relevant and

6    admissible evidence.  Pacific additionally objects to this request to the extent that it

7    seeks communications or items protected by the attorney-client privilege, the joint

8    interest privilege, the attorney work product doctrine and any other privilege or

9    immunity available under law or arising from contractual obligation.  Subject to and

10   without waiving the foregoing general and specific objections, Pacific is willing to

11   meet and confer with Plaintiff regarding the tailoring of this request.

12   **Document Request No. 26**

13       All DOCUMENTS RELATING to YOUR identification of "JS Claims" in

14   Appendix 1 to the February 2, 2002 Memorandum of Agreement.

15   **Response to Document Request No. 26**

16       Pacific objects to this request on the grounds that it is compound, overbroad,

17   burdensome and oppressive.  Pacific further objects to this request on the grounds

18   that the phrases "RELATING" and "RELATING to YOUR identification of JS

19   Claims" are vague and ambiguous, and lack sufficient precision to allow it to

20   formulate an appropriate response.  Pacific objects to this request to the extent that it

21   seeks the production of any item, or portion thereof, which is not reasonably

22   calculated to lead to the discovery of relevant and admissible evidence. Pacific

23   further objects to this request to the extent that it seeks the production of any item, or

24   portion thereof, which is not reasonably calculated to lead to the discovery of relevant

25   and admissible evidence.   Pacific additionally objects to this request to the extent

26   that it seeks communications or items protected by the attorney-client privilege, the

27   joint interest privilege, the attorney work product doctrine and any other privilege or

28   immunity available under law or arising from contractual obligation.  Subject to and

DEFENDANT PACIFIC PICTURES CORPORATION'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT I
208

without waiving the foregoing general and specific objections, Pacific will produce

non-privileged responsive documents, if any, consistent with his understanding of

this request.

**Document Request No. 27**

All DOCUMENTS RELATING to the letter agreement dated October 27,

2003 that YOU entered into with the SHUSTER HEIRS.

**Response to Document Request No. 27**

Pacific objects to this request on the grounds that it is compound, duplicative,

overbroad, burdensome and oppressive, as it could be reasonably construed to request

all documents related to Superman.  Pacific objects to this request on the grounds that

the phrase "RELATING" is vague and ambiguous, and lacks sufficient precision to

allow it to formulate an appropriate response.  Pacific further objects to this request

on the grounds that it is indefinite as to time and not reasonably limited in scope.

Pacific further objects to this request to the extent that it seeks the production of any

item, or portion thereof, which is not reasonably calculated to lead to the discovery of

relevant and admissible evidence. Pacific additionally objects to this request to the

extent that it seeks communications or items protected by the attorney-client

privilege, the joint interest privilege, the attorney work product doctrine and any

other privilege or immunity available under law or arising from contractual

obligation.  Subject to and without waiving the foregoing general and specific

objections, Pacific is willing to meet and confer with Plaintiff regarding the tailoring

of this request.

**Document Request No. 28**

ALL DOCUMENTS RELATING to the letter dated September 10, 2004 that

YOU signed with the SHUSTER HEIRS.

**Response to Document Request No. 28**

Pacific objects to this request on the grounds that it is compound, duplicative,

overbroad, burdensome and oppressive, as it could be reasonably construed to request

21

DEFENDANT PACIFIC PICTURES CORPORATION'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT I
209

all documents related to Superman.  Pacific objects to this request on the grounds that

the phrase "RELATING" is vague and ambiguous, and lacks sufficient precision to

allow it to formulate an appropriate response.  Pacific further objects to this request

on the grounds that it is indefinite as to time and not reasonably limited in scope.

Pacific further objects to this request to the extent that it seeks the production of any

item, or portion thereof, which is not reasonably calculated to lead to the discovery of

relevant and admissible evidence. Pacific additionally objects to this request to the

extent that it seeks communications or items protected by the attorney-client

privilege, the joint interest privilege, the attorney work product doctrine and any

other privilege or immunity available under law or arising from contractual

obligation.  Subject to and without waiving the foregoing general and specific

objections, Pacific is willing to meet and confer with Plaintiff regarding the tailoring

of this request.

**Document Request No. 29**

All DOCUMENTS RELATING to the formation of PACIFIC PICTURES.

**Response to Document Request No. 29**

Pacific objects to this request on the grounds that it is compound, overbroad,

burdensome and oppressive.  Pacific objects to this request on the grounds that the

phrases "RELATING" and "RELATING to the formation" are vague and ambiguous,

and lack sufficient precision to allow it to formulate an appropriate response.  Pacific

further objects to this request on the grounds that it is indefinite as to time and not

reasonably limited in scope.  Pacific further objects to this request in that it seeks the

production of items not reasonably calculated to lead to the discovery of relevant and

admissible evidence.  Pacific objects to this request to the extent that it seeks

communications or items protected by the attorney-client privilege, the joint interest

privilege, the attorney work product doctrine and any other privilege or immunity

available under law or arising from contractual obligation.  Subject to and without

waiving the foregoing general and specific objections, Pacific is willing to meet and

DEFENDANT PACIFIC PICTURES CORPORATION'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT I
210

1    confer with Plaintiff regarding the tailoring of this request.

2    **Document Request No. 30**

3          All DOCUMENTS RELATING to the current corporate status of PACIFIC

4    PICTURES.

5    **Response to Document Request No. 30**

6           Pacific objects to this request on the grounds that it is compound, overbroad,

7    burdensome and oppressive.  Pacific objects to this request on the grounds that the

8    phrases "RELATING" and "RELATING to the current corporate status" are vague

9    and ambiguous, and lacks sufficient precision to allow it to formulate an appropriate

10   response.  Pacific further objects to this request on the grounds that it is indefinite as

11   to time and not reasonably limited in scope.  Pacific further objects to this request in

12   that it seeks the production of items not reasonably calculated to lead to the discovery

13   of relevant and admissible evidence.  Pacific objects to this request to the extent that

14   it seeks communications or items protected by the attorney-client privilege, the joint

15   interest privilege, the attorney work product doctrine and any other privilege or

16   immunity available under law or arising from contractual obligation.  Subject to and

17   without waiving the foregoing general and specific objections, Pacific is willing to

18   meet and confer with Plaintiff regarding the tailoring of this request.

19   **Document Request No. 31**

20         All DOCUMENTS RELATING to any past, current, or planned business

21   activity of PACIFIC PICTURES.

22   **Response to Document Request No. 31**

23         Pacific objects to this request on the grounds that it is compound, overbroad,

24   burdensome and oppressive, as it requests documents "RELATING" to any activity

25   Pacific has ever undertaken.  Pacific further objects to this request on the grounds

26   that the term "RELATING" is vague and ambiguous, and lacks sufficient precision to

27   allow it to formulate an appropriate response.  Pacific further objects to this request

28   on the grounds that it is indefinite as to time and not reasonably limited in scope.

DEFENDANT PACIFIC PICTURES CORPORATION'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT I
211

1    Pacific further objects to this request to the extent that it seeks the production of any

2    item, or portion thereof, which is not reasonably calculated to lead to the discovery of

3    relevant and admissible evidence.  Pacific additionally objects to this request to the

4    extent that it seeks communications or items protected by the attorney-client

5    privilege, the joint interest privilege, the attorney work product doctrine and any

6    other privilege or immunity available under law or arising from contractual

7    obligation.

8    **Document Request No. 32**

9         All DOCUMENTS RELATING to any past, current, or planned property in

10   which PACIFIC PICTURES held, holds, or will hold an interest.

11   **Response to Document Request No. 32**

12        Pacific objects to this request on the grounds that it is compound, overbroad,

13   burdensome and oppressive, since it requests documents "RELATING" to any

14   property Pacific has ever owned or may own in the future.  Pacific further objects to

15   this request on the grounds that the term "RELATING" is vague and ambiguous, and

16   lacks sufficient precision to allow it to formulate an appropriate response.  Pacific

17   further objects to this request on the grounds that it is indefinite as to time and not

18   reasonably limited in scope.  Pacific further objects to this request to the extent that it

19   seeks the production of any item, or portion thereof, which is not reasonably

20   calculated to lead to the discovery of relevant and admissible evidence.  Pacific

21   additionally objects to this request to the extent that it seeks communications or items

22   protected by the attorney-client privilege, the joint interest privilege, the attorney

23   work product doctrine and any other privilege or immunity available under law or

24   arising from contractual obligation.

25   **Document Request No. 33**

26        All DOCUMENTS RELATING to any individual or entity that currently holds

27   property or interests formerly held by PACIFIC PICTURES.

28   **Response to Document Request No. 33**

DEFENDANT PACIFIC PICTURES CORPORATION'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT I
212

1    Pacific objects to this request on the grounds that it is compound, overbroad,

2  burdensome and oppressive.  Pacific further objects to this request on the grounds

3  that the phrases "RELATING" and "RELATING to any individual or entity that

4  currently holds property or interests formerly held by PACIFIC PICTURES" are

5  vague and ambiguous, and lacks sufficient precision to allow it to formulate an

6  appropriate response.  Pacific further objects to this request on the grounds that it is

7  indefinite as to time and not reasonably limited in scope.  Pacific further objects to

8  this request to the extent that it seeks the production of any item, or portion thereof,

9  which is not reasonably calculated to lead to the discovery of relevant and admissible

10  evidence.  Pacific additionally objects to this request to the extent that it seeks

11  communications or items protected by the attorney-client privilege, the joint-interest

12  privilege, the attorney work product doctrine and any other privilege or immunity

13  available under law or arising from contractual obligation. Subject to and without

14  waiving the foregoing general and specific objections, Pacific is willing to meet and

15  confer with Plaintiff regarding the tailoring of this request.

16  **Document Request No. 34**

17    All DOCUMENTS RELATING to any past, current, or planned client of

18  PACIFIC PICTURES.

19  **Response to Document Request No. 34**

20    Pacific objects to this request on the grounds that it is compound, overbroad,

21  burdensome and oppressive, since it requests documents "RELATING" to any client

22  Pacific has ever had. Pacific objects to this request on the grounds that the term

23  "RELATING" is vague and ambiguous, and lacks sufficient precision to allow it to

24  formulate an appropriate response.  Pacific further objects to this request on the

25  grounds that it is indefinite as to time and not reasonably limited in scope.  Pacific

26  further objects to this request to the extent that it seeks the production of any item, or

27  portion thereof, which is not reasonably calculated to lead to the discovery of relevant

28  and admissible evidence.  Pacific additionally objects to this request to the extent that

DEFENDANT PACIFIC PICTURES CORPORATION'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT I
213

it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.

**Document Request No. 35**

All DOCUMENTS RELATING to any past or current member, employee, or shareholder of PACIFIC PICTURES.

**Response to Document Request No. 35**

Pacific objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive in that it requests any and all documents RELATING to any past or current member, employee, or shareholder of Pacific. Pacific further objects to this request on the grounds that the term "RELATING" is vague and ambiguous, and lacks sufficient precision to allow it to formulate an appropriate response. Pacific further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Pacific further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Pacific additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.

**Document Request No. 36**

All DOCUMENTS RELATING to any past, current, or planned partnership or strategic alliance between PACIFIC PICTURES and any individual or entity.

**Response to Document Request No. 36**

Pacific objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive, as it could be reasonably construed to request all documents RELATING to any business conducted by Pacific. Pacific further objects to this request on the grounds that the phrases "RELATING" or "RELATING to any

DEFENDANT PACIFIC PICTURES CORPORATION'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT I
214

past, current, or planned partnership or strategic alliance" are vague and ambiguous, and lacks sufficient precision to allow it to formulate an appropriate response. Pacific further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope.  Pacific additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint-interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.

**Document Request No. 37**

All DOCUMENTS RELATING to any claim of insurance you have asserted regarding this action.

**Response to Document Request No. 37**

Pacific objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive.  Pacific further objects to this request on the grounds that the term "RELATING" is vague and ambiguous, and lacks sufficient precision to allow it to formulate an appropriate response.  Pacific further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Pacific further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence.  Pacific objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing general and specific objections, Pacific has no documents responsive to this request.

**Document Request No. 38**

All DOCUMENTS RELATING to YOUR DOCUMENT maintenance and retention policies.

EXHIBIT I
215

**Response to Document Request No. 38**

Pacific objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive. Pacific further objects to this request on the grounds that the term "RELATING" is vague and ambiguous, and lacks sufficient precision to allow it to formulate an appropriate response. Pacific further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Pacific further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Pacific objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing general and specific objections, Pacific has no documents responsive to this request.

Dated: January 24, 2011                    KENDALL BRILL & KLIEGER LLP


_____
Nicholas F. Daum
Attorneys for Defendants Marc Toberoff,
Pacific Pictures Corporation, IP Worldwide,
LLC, and IPW, LLC

DEFENDANT PACIFIC PICTURES CORPORATION'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT I
216

# TOBEROFF & ASSOCIATES, P.C.

A PROFESSIONAL CORPORATION

2049 CENTURY PARK EAST, SUITE 2720
LOS ANGELES, CALIFORNIA 90067

MARC TOBEROFF*
NICHOLAS C. WILLIAMSON
KEITH G. ADAMS
JEFFREY R. RHOADS

\* Also admitted in New York

TELEPHONE
(310) 246-3333

FACSIMILE
(310) 246-3101

mtoberoff@ipwla.com

January 24, 2011

<u>Via Electronic Mail and U.S. Mail</u>

Daniel Petrocelli
O'Melveny and Myers LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067

Re:    <u>*DC Comics v. Pacific Pictures Corp., et al.*, Case No. 10-CV-03633 ODW (RZx)</u>

Dear Dan:

Enclosed please find the responses to DC's discovery that was served on December 10, 2010, as well as the following document production:

    1.  MT    00001-00007   (Production of defendant Marc Toberoff)

Furthermore, as set forth in the discovery responses, defendants Marc Toberoff, IPW, LLC, IP Worldwide, LLC, and Pacific Pictures Corp. hereby designate the following documents, already produced in *Siegel v. Warner Bros. Ent. Inc.*, C.D. Cal. Case No. 04-8400 ODW (RZx) and *Siegel v. Time Warner Inc.*, C.D. Cal. Case No. 04-8776 ODW (RZx) (the *Siegel* cases), as potentially responsive to DC Comics' document requests:

    1.  SGL    00001-00817; 00820-01087; 01112-01224; 01290; 01296-01300; 01323-03538; 03541-06260
    2.  SHU  00001-00143
    3.  DB    00001-00044
    4.  GTRB 00001-00132; 00145-00157; 00230-00322; 00324-00326; 00329-00491; 00494-00625
    5.  IPW  00001-00020
    6.  PPC  00001-00009
    7.  EN    00001-00142
    8.  JF    00001-00048
    9.  WL   00001-00141; 00317-00343
  10.  JS    00001-00118; 00133-00168
  11.  ME   00001-00118; 00122-00186
  12.  MH   00001-03058; 03134-03391; 03488-03521

EXHIBIT I
217

**TOBEROFF & ASSOCIATES, P.C.**

January 24, 2011
Re:     *DC Comics v. Pacific Pictures Corp., et al.*
Page:   2 of 2

    13. Q      0010; 0278; 0285-89; 0361; 0550; 0557-61; 0618; 0827; 0836-38

Please note that "SGL" refers to the production of plaintiffs Joanne Siegel and Laura Siegel Larson in the *Siegel* cases, and that "SHU" refers to the production of Mark Warren Peary and Jean Peavy in the *Siegel* cases.

Furthermore, defendants Marc Toberoff, IPW, LLC, IP Worldwide, LLC, and Pacific Pictures Corp. hereby designate the following documents, already produced in this case, as potentially responsive to DC Comics' document requests:

    14. LSL    00001-00210
    15. SHU    00001-00053

Please be advised that the majority of documents not already produced in the *Siegel* cases are subject to claims of privilege.

Very truly yours,

Marc Toberoff

EXHIBIT I
218



UNITED STATES ATTORNEY'S OFFICE
CENTRAL DISTRICT OF CALIFORNIA
UNITED STATES COURTHOUSE
312 NORTH SPRING STREET
LOS ANGELES, CALIFORNIA 90012

## FAX TRANSMISSION COVER PAGE

DATE:    September 13, 2010

FROM:    Annie L. Nelson            Richard B. Kendall
         Criminal Investigator     Kendall Brill & Kleiger LLP
         (213) 894-0762            310-556-2705 Fax
         (213) 894-6269 fax        310-272-7900 Office

GJ Subpoena for Marc Toberoff

Pages 7

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

MT 00001

EXHIBIT I
219

# United States District Court

## Central District of California

TO:

Marc Toberoff

**SUBPOENA TO TESTIFY
BEFORE GRAND JURY**

**SUBPOENA FOR:**
☐ Person   ☒ Document(s) or Object(s)

☒ YOU ARE HEREBY COMMANDED to appear and testify before the Grand Jury of the United States District Court at the place, date, and time specified below.

| PLACE | COURTROOM |
|---|---|
| UNITED STATES COURTHOUSE<br>312 NORTH SPRING STREET<br>LOS ANGELES, CALIFORNIA 90012 | Room 1346<br>13th Floor<br>DATE AND TIME<br>September 28, 2010 at 9:30 a.m. |

☒  YOU ARE ALSO COMMANDED to bring with you the following document(s) or object(s):

## SEE ATTACHMENT

☐ *Please see additional information on reverse*
This subpoena shall remain in effect until you are granted leave to depart by the court or by an officer acting on behalf of the court.

| CLERK | DATE |
|---|---|
| *Terry Nafisi* | September 13, 2010 |

(By) Deputy Clerk
Terry Nafisi, Clerk of the Court

This subpoena is issued on application
of the United States of America.

ANDRÉ BIROTTE JR.
United States Attorney

Brian E. Klein
Assistant United States Attorney
United States Courthouse
312 North Spring Street, 11ᵗʰ Floor
Los Angeles, California 90012
Telephone: (213) 894-6920

"If not applicable, enter "none"

Agent: Annie L. Nelson
Telephone:(213) 894-0762

Note:  An Agent of the U.S. Department of Justice will deliver the above-mentioned document(s) to the Grand Jury should you desire to volunteer them to the Grand Jury in advance of the Grand Jury date indicated above.

ATTACHMENT TO SUBPOENA

Marc Toberoff

Produce the following:

The "SUPERMAN - MARC TOBEROFF TIMELINE" and its enclosures, which were provided anonymously to Warner Brothers in or about 2005-2006 and became the subject of litigation in Siegel, et al. v. Warner Bros. Entertainment Inc., et al., 04-CV-8400, and related litigation.

Definitions and Instructions:

(1) The term "documents" means any and all writings and includes but is not limited to agreements, emails, letters, contracts, notes, memoranda, and images.

(2) If anyone has redacted any portion of any document called for by this subpoena, stamp the word "redacted" on each portion of the document that was redacted.

(3) If any otherwise responsive document was, but is no longer, in existence or in your possession, custody, or control, identify such document as completely as possible and provide the following information (if applicable):
    (a) The manner of disposal, including destruction, loss, discarding, or any other means of disposal;
    (b) The date of disposal;
    (c) The reason for disposal;
    (d) The person authorizing the disposal and person disposing of the document; and
    (e) The present custodian and location of the document.

(4) In the event that any document called for by this subpoena is to be withheld on the basis of any claim of privilege, as to each such document:
    (a) Identify the nature of the privilege which is being claimed and all facts upon which any such privilege is based; and
    (b) Provide the following information (if applicable):
        (i)  The date of the creation of the document and the date the document bears;
        (ii) The name, the present or last known home and business address, the telephone numbers, the title (or position) and the occupation of those individuals who prepared, produced, reproduced, or who were recipients of, said document;
        (iii) A description of the document sufficient to identify it without revealing the information for which the privilege is claimed, including a description of the type of document and the subject matter of the document;
        (iv) The number of pages of the document;
        (v) Each and every fact or basis upon which such privilege is claimed;
        (vi) The location of the document; and
        (vii) The custodian of the document.

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

MT 00003

EXHIBIT I
221



**U. S. Department of Justice**
**United States Attorney**
**Central District of California**

Brian E. Klein
Assistant United States Attorney
(213) 894-6920

United States Courthouse
312 North Spring Street
Los Angeles, California

**September 13, 2010**

Marc Toberoff

     Re:  <u>Federal Grand Jury Subpoena</u>

Dear Sir or Madam:

    The enclosed subpoena has been issued in connection with an official criminal investigation being conducted by the **United States Department of Justice.** The subpoena requires that a custodian of records from your business appear before the grand jury and produce the records described in the subpoena on the date and at the time specified on the subpoena.

    As a convenience to you, you can produce the demanded documents by mail or in person to **Criminal Investigator Annie Nelson** of the **United States Department of Justice** who will deliver the requested documents to the grand jury.  If you would like to do so in order to avoid a personal appearance, you must (a) deliver or mail the documents so that they are received in advance of the date specified on the subpoena; and (b) have an appropriate custodian of records from your business fill in the declaration enclosed with this letter.  Unless you comply with both of those requirements, a custodian of records must appear in person to produce the documents.

    If you choose to mail the records, please send them to the following address:

        **United States Department of Justice**
        **U.S. Attorney's Office**
        **Attn: Investigator Nelson**
        **312 N. Spring Street, 11th Floor**
        **Los Angeles, CA 90012**

MT 00004

EXHIBIT I
222

Because this subpoena relates to an ongoing criminal investigation, this Office requests that you not disclose the existence of or compliance with the subpoena for an indefinite period of time or until the Office notifies you that the investigation has been completed or until a court orders disclosure. Premature disclosure could impede the investigation and interfere with the enforcement of the law. In addition, you do not have an obligation under Right to Financial Privacy Act, 12 U.S.C. § 3401, et seq. to disclose to a customer your receipt of or compliance with a federal grand jury subpoena for that customer's records. We request that you give this Office advance notice if you plan to disclose the existence of or compliance with the subpoena.

If you have any questions regarding compliance with this subpoena, please call me at (213) 894-6920 or **Investigator Annie Nelson** at **(213) 894-0762.**

Very truly yours,

ANDRÉ BIROTTE JR.
United States Attorney

BRIAN E. KLEIN
Assistant United States Attorney

Enclosures

EXHIBIT I
223

## DECLARATION OF CUSTODIAN CERTIFYING BUSINESS RECORD
(Please type or print legibly except for signature.)

I, _____, hereby declare as follows:
  (name)

(1)  I am a custodian of records for _____,
                                        (name of business or entity)

and in that capacity am knowledgeable about the matters set forth

herein.

  (a)  My job title/position is:

  (b)  I have been employed in this capacity for _____
                                                    (duration)

and by the aforementioned business/entity for _____
  (duration)

  (c)  My job duties are:

  (d)  I am knowledgeable about the matters set forth herein and the relevant record-
keeping practices of the aforementioned business/entity based upon (check all that apply):

  [ ] Training.

  [ ] Familiarity with relevant policy/policies.

  [ ] Hands-on experience.

  [ ] Supervision of one or more others with hands-on experience.

  [ ] Other.  Describe:

(2)  Attached hereto or enclosed herewith are *originals/*
*true and correct duplicates* of a record or records of a regularly

conducted activity of the business or entity named above.

(Circle either "originals" or "true and correct duplicates" and

MT 00006

EXHIBIT I
224

strike out the other term.)

(3)  I certify that the attached record(s):

     (a) was/were made at or near the time of the occurrence of the matters set forth therein,

     (b) was/were made by, or from information transmitted by, a person with knowledge of those matters;

     (c)  was/were kept in the course of the regularly conducted activity;

     (d)  was/were made by and in the course of the regularly conducted activity as a regular practice;

     (e)  if not original records, are exact duplicates of original records.

     I declare under penalty of perjury that the foregoing is

true and correct.  Dated _____ and

                               (date document was signed)

executed at _____.

        (place document was signed)

                                    _____

                                        (signature)

                                    _____

                                     (typed or printed name)

MT 00007

EXHIBIT I
225

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|---|---|---|---|---|---|---|
| 1 | 4/9/1947 | Atty Morton S. Wekstein | Jerome Siegel | Letter | Atty/Client | Defendants' Counsel |
| 2 | 5/19/1948 | Atty Morton S. Wekstein | Jerome Siegel | Letter | Atty/Client | Defendants' Counsel |
| 3 | 11/30/1968 | Jerome Siegel | Atty Carleton Eldridge | Letter | Atty/Client | Defendants' Counsel |
| 4 | 6/22/1969 | Jerome Siegel | Atty Gordon King | Letter | Atty/Client | Defendants' Counsel |
| 5 | 1/18/1970 | Jerome Siegel | Atty Gordon King | Letter | Atty/Client | Defendants' Counsel |
| 6 | 4/25/1970 | Jerome Siegel | Atty Gordon King | Letter | Atty/Client | Defendants' Counsel |
| 7 | 5/24/1970 | Jerome Siegel | Atty Gordon King | Letter | Atty/Client | Defendants' Counsel |
| 8 | 6/14/1970 | Jerome Siegel | Atty Gordon King | Letter | Atty/Client | Defendants' Counsel |
| 9 | 6/20/1970 | Jerome Siegel | Atty Gordon King | Letter | Atty/Client | Defendants' Counsel |
| 10 | 7/11/1970 | Jerome Siegel | Atty Gordon King | Letter | Atty/Client | Defendants' Counsel |
| 11 | 8/4/1970 | Jerome Siegel | Atty Gordon King | Letter | Atty/Client | Defendants' Counsel |
| 12 | 7/11/1971 | Jerome Siegel | Atty Gordon King | Letter | Atty/Client | Defendants' Counsel |
| 13 | 7/15/1971 | Jerome Siegel | Atty Gordon King | Letter | Atty/Client | Defendants' Counsel |
| 14 | 7/26/1971 | Jerome Siegel | Atty Gordon King | Letter | Atty/Client | Defendants' Counsel |
| 15 | 2/16/1972 | Jerome Siegel | Atty Gordon King | Letter | Atty/Client | Defendants' Counsel |
| 16 | 2/22/1973 | Jerome Siegel | Atty Gordon King | Letter | Atty/Client | Defendants' Counsel |
| 17 | 2/24/1973 | Jerome Siegel | Atty Gordon King | Letter | Atty/Client | Defendants' Counsel |
| 18 | 3/1/1973 | Jerome Siegel | Atty Gordon King | Letter | Atty/Client | Defendants' Counsel |
| 19 | 3/11/1973 | Jerome Siegel | Atty Gordon King | Letter | Atty/Client | Defendants' Counsel |

EXHIBIT I
226

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|---|---|---|---|---|---|---|
| 20 | 10/21/1973 | Jerome Siegel | Atty Gordon King | Letter | Atty/Client | Defendants' Counsel |
| 21 | 11/3/1973 | Jerome Siegel | Atty Gordon King | Letter | Atty/Client | Defendants' Counsel |
| 22 | 3/2/1974 | Jerome Siegel | Attys Gordon King, Carleton Eldridge | Letter | Atty/Client | Defendants' Counsel |
| 23 | 3/20/1974 | Jerome Siegel | Attys Gordon King, Carleton Eldridge | Letter | Atty/Client | Defendants' Counsel |
| 24 | 3/22/1974 | Jerome Siegel | Attys Gordon King, Carleton Eldridge | Letter | Atty/Client | Defendants' Counsel |
| 25 | 3/26/1974 | Jerome Siegel | Attys Gordon King, Carleton Eldridge | Letter | Atty/Client | Defendants' Counsel |
| 26 | 3/31/1974 | Jerome Siegel | Attys Gordon King, Carleton Eldridge | Letter | Atty/Client | Defendants' Counsel |
| 27 | 4/9/1975 | Atty Gordon King | Jerome Siegel | Letter | Atty/Client | Defendants' Counsel |
| 28 | 6/17/1988 | Atty Don Bulson | Atty Arthur Levine | Letter | Atty/Client-Joint Interest | Defendants' Counsel |
| 29 | 2/23/1996 | Thomson, Thomson | Atty George Zadorozny | Research Report | Atty Work Product | Defendants' Counsel |
| 30 | 3/4/1996 | Thomson, Thomson | Atty George Zadorozny | Research Report | Atty Work Product | Defendants' Counsel |
| 31 | 11/1/1996 | Atty Arthur Levine | Joanne, Laura Siegel | Letter | Atty/Client | Defendants' Counsel |
| 32 | 11/21/1996 | Atty Arthur Levine | Joanne, Laura Siegel | Letter | Atty/Client | Defendants' Counsel |
| 33 | 11/21/1996 | Atty Dennis Larson | Atty Arthur Levine | Letter | Atty/Client | Defendants' Counsel |
| 34 | 12/24/1996 | Atty Arthur Levine | Atty Dennis Larson | Letter | Atty/Client | Defendants' Counsel |
| 35 | 1/15/1997 | Atty Dennis Larson | Atty Arthur Levine | Letter | Atty/Client | Defendants' Counsel |
| 36 | 1/23/1997 | Atty Dennis Larson | Atty Arthur Levine | Letter | Atty/Client | Defendants' Counsel |
| 37 | 3/24/1997 | Atty Dennis Larson | Atty Arthur Levine | Letter | Atty/Client | Defendants' Counsel |
| 38 | 3/30/1997 | Atty Dennis Larson | Atty Arthur Levine | Letter | Atty/Client | Defendants' Counsel |

EXHIBIT I
227

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|---|---|---|---|---|---|---|
| 39 | 3/31/1997 | Atty Dennis Larson | Atty Arthur Levine | Letter | Atty/Client | Defendants' Counsel |
| 40 | 4/1/1997 | Atty Dennis Larson | Atty Arthur Levine | Letter | Atty/Client | Defendants' Counsel |
| 41 | 4/3/1997 | Atty Dennis Larson | Atty Arthur Levine | Letter | Atty/Client | Defendants' Counsel |
| 42 | 4/18/1997 | Atty Dennis Larson | Michael Siegel, Joanne, Laura Siegel | Letter | Atty/Client- Joint Interest | Defendants' Counsel |
| 43 | 7/18/1997 | Atty Himanshu Amin | Michael Siegel | Letter | Atty/Client | Defendants' Counsel |
| 44 | 8/7/1997 | Atty Arthur Levine | Atty Himanshu Amin | Letter | Atty/Client-Joint Interest | Defendants' Counsel |
| 45 | 8/15/1997 | Atty Don Bulson | | Notes | Atty Work Product | Defendants' Counsel |
| 46 | 10/14/1997 | Atty Himanshu Amin | Atty Dennis Larson | Letter | Atty/Client-Joint Interest | Defendants' Counsel |
| 47 | 11/5/1997 | Atty Dennis Larson | Atty Himanshu Amin | Letter | Atty/Client-Joint Interest | Defendants' Counsel |
| 48 | 11/12/1997 | Atty Himanshu Amin | Michael Siegel | Letter | Atty/Client | Defendants' Counsel |
| 49 | 1/15/1998 | Atty Don Bulson | Atty Arthur Levine | Letter | Atty/Client-Joint Interest | Defendants' Counsel |
| 50 | 1/26/1998 | Joanne Siegel | Atty Arthur Levine | Letter | Atty/Client | Defendants' Counsel |
| 51 | 2/2/1998 | Atty Arthur Levine | Atty Don Bulson | Letter | Atty/Client-Joint Interest | Defendants' Counsel |
| 52 | 2/2/1998 | Atty Arthur Levine | Atty Don Bulson | Letter | Atty/Client- Joint Interest | Defendants' Counsel |
| 53 | 3/18/1998 | Atty Don Bulson | Atty Arthur Levine | Letter | Atty/Client-Joint Interest | Defendants' Counsel |
| 54 | 3/18/1998 | Atty Don Bulson | Atty Arthur Levine | Letter | Atty/Client- Joint Interest | Defendants' Counsel |
| 55 | 4/14/1998 | Atty Dennis Larson | Atty Arthur Levine | Letter | Atty/Client | Defendants' Counsel |
| 56 | 6/17/1998 | Atty Don Bulson | Atty Arthur Levine | Letter | Atty/Client- Joint Interest | Defendants' Counsel |
| 57 | 6/26/1998 | Atty Arthur Levine | Atty Don Bulson | Letter | Atty/Client-Joint Interest | Defendants' Counsel |

EXHIBIT I
228

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|------------------------|---------------------------|----------------|------------------|-------------------|
| 58 | 6/26/1998 | Atty Arthur Levine | Atty Don Bulson | Letter | Atty/Client-Joint Interest | Defendants' Counsel |
| 59 | 6/26/1998 | Atty Arthur Levine | Atty Don Bulson, Joanne, Laura Siegel | Letter | Atty/Client- Joint Interest | Defendants' Counsel |
| 60 | 7/14/1998 | Atty Judith Trelogan | Joanne Siegel | Letter | Atty/Client | Defendants' Counsel |
| 61 | 9/4/1998 | Atty Don Bulson | | Letter (Draft) | Atty Work Product | Defendants' Counsel |
| 62 | 9/4/1998 | Atty Don Bulson | Atty Arthur Levine | Letter | Atty/Client- Joint Interest | Defendants' Counsel |
| 63 | 11/3/1998 | Atty Don Bulson | Atty Arthur Levine | Letter | Atty/Client-Joint Interest | Defendants' Counsel |
| 64 | 11/3/1998 | Atty Don Bulson | Atty Arthur Levine | Letter | Atty/Client- Joint Interest | Defendants' Counsel |
| 65 | 11/9/1998 | Atty Dennis Larson | Atty Arthur Levine, Joanne, Laura Siegel | Letter | Atty/Client | Defendants' Counsel |
| 66 | 11/13/1998 | Atty Arthur Levine | Atty Don Bulson | Letter | Atty/Client-Joint Interest | Defendants' Counsel |
| 67 | 12/3/1998 | Atty Arthur Levine | Atty Dennis Larson | Letter | Atty/Client | Defendants' Counsel |
| 68 | 12/4/1998 | Atty Arthur Levine | Atty Don Bulson | Letter | Atty/Client-Joint Interest | Defendants' Counsel |
| 69 | 12/4/1998 | Atty Arthur Levine | Atty Don Bulson | Letter | Atty/Client- Joint Interest | Defendants' Counsel |
| 70 | 12/14/1998 | Atty Don Bulson | | Notes | Atty Work Product | Defendants' Counsel |
| 71 | 12/28/1998 | Atty Vinay Joshi | Atty Don Bulson | Memo | Atty Work Product | Defendants' Counsel |
| 72 | 1/19/1999 | Atty Don Bulson | Atty Arthur Levine | Letter | Atty/Client-Joint Interest | Defendants' Counsel |
| 73 | 1/19/1999 | Atty Don Bulson | Atty Arthur Levine | Letter | Atty/Client- Joint Interest | Defendants' Counsel |
| 74 | 1/28/1999 | Atty Dennis Larson | Atty Arthur Levine, Joanne, Laura Siegel | Letter | Atty/Client | Defendants' Counsel |
| 75 | 2/2/1999 | Atty Bruce Ramer | Joanne, Laura Siegel, Atty Dennis Larson, Atty Kevin Marks | Letter | Atty/Client | Defendants' Counsel |
| 76 | 2/24/1999 | Atty Kevin Marks | Atty Dennis Larson | Letter | Atty/Client | Defendants' Counsel |

EXHIBIT I
229

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|---|---|---|---|---|---|---|
| 77 | 3/3/1999 | Atty Arthur Levine | Atty Don Bulson | Letter | Atty/Client-Joint Interest | Defendants' Counsel |
| 78 | 3/10/1999 | Atty Don Bulson | Atty Arthur Levine | Letter | Atty/Client-Joint Interest | Defendants' Counsel |
| 79 | 3/10/1999 | Atty Don Bulson | Atty Arthur Levine | Letter | Atty/Client- Joint Interest | Defendants' Counsel |
| 80 | 3/17/1999 | Atty Arthur Levine | Atty Don Bulson | Facsimile | Atty/Client-Joint Interest | Defendants' Counsel |
| 81 | 3/31/1999 | Atty Bruce Ramer | Joanne, Laura Siegel, Atty Dennis Larson, Atty Kevin Marks | Letter | Atty/Client | Defendants' Counsel |
| 82 | 3/31/1999 | Atty Bruce Ramer | Joanne, Laura Siegel, Atty Dennis Larson, Atty Kevin Marks | Letter | Atty/Client | Defendants' Counsel |
| 83 | 4/7/1999 | Atty Kevin Marks | Joanne, Laura Siegel, Atty Dennis Larson, Atty Bruce Ramer | Letter | Atty/Client | Defendants' Counsel |
| 84 | 4/7/1999 | Dennis Larson | Atty Kevin Marks | Letter | Atty/Client | Defendants' Counsel |
| 85 | 4/12/1999 | Atty Dennis Larson | Attys Bruce Ramer, Kevin Marks | Letter | Atty/Client | Defendants' Counsel |
| 86 | 4/12/1999 | Atty Dennis Larson | Atty Bruce Ramer, Kevin Marks | Letter | Atty/Client | Defendants' Counsel |
| 87 | 4/16/1999 | Atty Don Bulson | Atty Arthur Levine | Letter | Atty/Client-Joint Interest | Defendants' Counsel |
| 88 | 4/16/1999 | Atty Don Bulson | Atty Arthur Levine | Letter | Atty/Client- Joint Interest | Defendants' Counsel |
| 89 | 4/19/1999 | Atty Kevin Marks | Atty Dennis Larson | Letter | Atty/Client | Defendants' Counsel |
| 90 | 4/28/1999 | Atty Dennis Larson | Attys Bruce Ramer, Kevin Marks | Letter | Atty/Client | Defendants' Counsel |
| 91 | 4/29/1999 | Atty Bruce Ramer | | Letter (draft) | Atty Work Product | Defendants' Counsel |
| 92 | 4/29/1999 | Atty Kevin Marks | Joanne, Laura Siegel, Atty Dennis Larson | Letter | Atty/ Client | Defendants' Counsel |
| 93 | 5/10/1999 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 94 | 5/12/1999 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 95 | 5/13/1999 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |

EXHIBIT I
230

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|------------------------|---------------------------|---------------|-----------------|------------------|
| 96 | 5/19/1999 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 97 | 5/26/1999 | Atty Kevin Marks | | Memorandum | Atty Work Product | Defendants' Counsel |
| 98 | 5/27/1999 | Atty Arthur Levine | Atty Don Bulson | Letter | Atty/Client- Joint Interest | Defendants' Counsel |
| 99 | 5/28/1999 | Atty Arthur Levine | Atty Kevin Marks | Letter | Atty/Client | Defendants' Counsel |
| 100 | 6/2/1999 | Thomson, Thomson | Atty Kevin Marks | Research Report | Atty/Client | Defendants' Counsel |
| 101 | 6/8/1999 | Atty Don Bulson | Atty Arthur Levine | Letter | Atty/Client-Joint Interest | Defendants' Counsel |
| 102 | 6/9/1999 | Atty Arthur Levine | Atty Don Bulson | Letter | Atty/Client-Joint Interest | Defendants' Counsel |
| 103 | 6/9/1999 | Atty Arthur Levine | Atty Don Bulson | Letter | Atty/Client-Joint Interest | Defendants' Counsel |
| 104 | 6/9/1999 | Atty Arthur Levine | Atty Don Bulson, Joanne, Laura Siegel | Letter | Atty/Client- Joint Interest | Defendants' Counsel |
| 105 | 6/22/1999 | Atty Dennis Larson | Attys Bruce Ramer, Kevin Marks, Joanne, Laura Siegel, Atty George Zadorozny | Letter | Atty/Client | Defendants' Counsel |
| 106 | 6/30/1999 | Atty Kevin Marks | Joanne, Laura Siegel, Atty Dennis Larson, Atty Bruce Ramer, Atty Arthur Levine | Letter | Atty/Client | Defendants' Counsel |
| 107 | 7/7/1999 | Atty Dennis Larson | Attys Kevin Marks, Bruce Ramer | Letter | Atty/Client | Defendants' Counsel |
| 108 | 7/7/1999 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 109 | 7/8/1999 | Atty Kevin Marks | Atty Arthur Levine, Atty Dennis Larson, Atty Bruce Ramer | Letter | Atty/Client | Defendants' Counsel |
| 110 | 7/9/1999 | Atty Kevin Marks | Atty Dennis Larson, Atty Bruce Ramer | Letter | Atty/Client | Defendants' Counsel |
| 111 | 7/12/1999 | Atty Kevin Marks | Atty Arthur Levine, Atty Don Bulson | Memo | Atty/Client-Joint Interest | Defendants' Counsel |
| 112 | 7/12/1999 | Atty Kevin Marks | Atty Arthur Levine | Letter | Atty/Client | Defendants' Counsel |
| 113 | 7/12/1999 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |

EXHIBIT I
231

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|---|---|---|---|---|---|---|
| 114 | 7/20/1999 | Atty Don Bulson | Atty Arthur Levine | Letter | Atty/Client-Joint Interest | Defendants' Counsel |
| 115 | 7/20/1999 | Atty Don Bulson | Atty Arthur Levine | Letter | Atty/Client- Joint Interest | Defendants' Counsel |
| 116 | 7/27/1999 | Atty Dennis Larson | Atty Arthur Levine, Joanne, Laura Siegel, Atty Bruce Ramer, Atty Kevin Marks | Letter | Atty/Client | Defendants' Counsel |
| 117 | 7/31/1999 | Atty Bruce Ramer | Atty Kevin Marks | Memorandum | Atty Work Product | Defendants' Counsel |
| 118 | 8/2/1999 | Atty Arthur Levine | Atty Don Bulson | Letter | Atty/Client-Joint Interest | Defendants' Counsel |
| 119 | 8/2/1999 | Atty Arthur Levine | Atty Don Bulson, Joanne, Laura Siegel, Atty Kevin Marks | Letter | Atty/Client- Joint Interest | Defendants' Counsel |
| 120 | 8/4/1999 | Atty Bruce Ramer | Atty Kevin Marks | Letter | Atty/Client | Defendants' Counsel |
| 121 | 8/10/1999 | Atty Don Bulson | Atty Arthur Levine | Letter | Atty/Client-Joint Interest | Defendants' Counsel |
| 122 | 8/10/1999 | Atty Don Bulson | Atty Arthur Levine | Letter | Atty/Client- Joint Interest | Defendants' Counsel |
| 123 | 8/24/1999 | Atty Arthur Levine | Atty Don Bulson | Facsimile | Atty/Client-Joint Interest | Defendants' Counsel |
| 124 | 8/25/1999 | Atty Kevin Marks | Atty Bruce Ramer | Memorandum | Atty Work Product | Defendants' Counsel |
| 125 | 8/30/1999 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 126 | 8/31/1999 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 127 | 9/2/1999 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |
| 128 | 9/2/1999 | Atty Don Bulson | Michael Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 129 | 9/2/1999 | Atty Don Bulson | Atty Arthur Levine | Letter | Atty/Client-Joint Interest | Defendants' Counsel |
| 130 | 9/2/1999 | Atty Don Bulson | Atty Arthur Levine | Letter | Atty/Client- Joint Interest | Defendants' Counsel |
| 131 | 9/3/1999 | Atty Don Bulson | | Notes | Atty Work Product | Defendants' Counsel |

EXHIBIT I
232

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|---|---|---|---|---|---|---|
| 132 | 9/3/1999 | Atty Arthur Levine | Atty Kevin Marks | Letter | Atty/Client | Defendants' Counsel |
| 133 | 9/5/1999 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |
| 134 | 9/7/1999 | Atty Don Bulson | | Notes | Atty Work Product | Defendants' Counsel |
| 135 | 9/7/1999 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 136 | 9/8/1999 | Atty Don Bulson | Atty Arthur Levine | Letter | Atty/Client-Joint Interest | Defendants' Counsel |
| 137 | 9/8/1999 | Atty Don Bulson | Atty Arthur Levine | Letter | Atty/Client- Joint Interest | Defendants' Counsel |
| 138 | 9/9/1999 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |
| 139 | 9/9/1999 | Atty Arthur Levine | Atty Don Bulson | Letter | Atty/Client-Joint Interest | Defendants' Counsel |
| 140 | 9/14/1999 | Joanne Siegel | Atty Kevin Marks | Letter | Atty/Client | Defendants' Counsel |
| 141 | 9/14/1999 | Atty Don Bulson | Michael Siegel | Letter | Atty/Client | Defendants' Counsel |
| 142 | 9/14/1999 | Atty Don Bulson | Atty Kevin Marks | Letter | Atty/Client-Joint Interest | Defendants' Counsel |
| 143 | 9/14/1999 | Atty Don Bulson | Atty Kevin Marks, Atty Arthur Levine | Letter | Atty/Client- Joint Interest | Defendants' Counsel |
| 144 | 9/15/1999 | Atty Kevin Marks | Joanne, Laura Siegel, Atty Dennis Larson, Atty Bruce Ramer, Atty Arthur Levine | Letter | Atty/Client | Defendants' Counsel |
| 145 | 9/16/1999 | Atty Don Bulson | | Notes | Atty Work Product | Defendants' Counsel |
| 146 | 9/17/1999 | Atty Arthur Levine | Atty Don Bulson | Letter | Atty/Client-Joint Interest | Defendants' Counsel |
| 147 | 9/17/1999 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |
| 148 | 9/17/1999 | Atty Bruce Ramer | Atty Kevin Marks | Memorandum | Atty Work Product | Defendants' Counsel |
| 149 | 9/20/1999 | Atty Don Bulson | Michael Siegel | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
233

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|---|---|---|---|---|---|---|
| 150 | 9/22/1999 | Atty Don Bulson | Michael Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 151 | 9/22/1999 | Atty Don Bulson | Michael Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 152 | 9/22/1999 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |
| 153 | 9/23/1999 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |
| 154 | 9/23/1999 | Atty Don Bulson | Michael Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 155 | 9/23/1999 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |
| 156 | 9/24/1999 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |
| 157 | 9/24/1999 | Atty Don Bulson | Michael Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 158 | 9/27/1999 | Atty Don Bulson | Michael Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 159 | 9/27/1999 | Atty Dennis Larson | Attys Bruce Ramer, Kevin Marks | Letter | Atty Work Product | Defendants' Counsel |
| 160 | 9/28/1999 | Atty Don Bulson | Atty Kevin Marks | Letter | Atty/Client-Joint Interest | Defendants' Counsel |
| 161 | 9/28/1999 | Atty Kevin Marks | Atty Dennis Larson, Atty Arthur Levine, Atty Don Bulson, Joanne Siegel, Laura Siegel | Letter | Atty/Client-Joint Interest | Defendants' Counsel |
| 162 | 9/28/1999 | Atty Don Bulson | Atty Kevin Marks | Letter | Atty/Client- Joint Interest | Defendants' Counsel |
| 163 | 9/29/1999 | Atty Don Bulson | Michael Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 164 | 10/8/1999 | Atty Kevin Marks | Atty Don Bulson | Letter | Atty/Client-Joint Interest | Defendants' Counsel |
| 165 | 10/8/1999 | Atty Don Bulson | Atty Kevin Marks | Letter | Atty/Client-Joint Interest | Defendants' Counsel |
| 166 | 10/8/1999 | Atty Don Bulson | Atty Kevin Marks | Letter | Atty/Client- Joint Interest | Defendants' Counsel |
| 167 | 10/8/1999 | Atty Don Bulson | Atty Kevin Marks | Letter | Atty/Client- Joint Interest | Defendants' Counsel |

EXHIBIT I
234

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|-----------------|----------------------|-------------------------|---------------|-----------------|------------------|
| 168 | 10/11/1999 | Atty Don Bulson | Michael Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 169 | 10/11/1999 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |
| 170 | 10/11/1999 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |
| 171 | 10/11/1999 | Atty Don Bulson | Michael Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 172 | 10/12/1999 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |
| 173 | 10/25/1999 | Atty Kevin Marks | Atty George Zadorozny | Memorandum | Atty Work Product | Defendants' Counsel |
| 174 | 10/27/1999 | Atty Don Bulson | Atty Kevin Marks | Letter | Atty/Client-Joint Interest | Defendants' Counsel |
| 175 | 10/27/1999 | Atty Don Bulson | Atty Kevin Marks | Letter | Atty/Client- Joint Interest | Defendants' Counsel |
| 176 | 10/31/1999 | Atty Don Bulson | Michael Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 177 | 11/3/1999 | Atty Kevin Marks | Atty Dennis Larson, Atty Bruce Ramer, Atty Arthur Levine, Atty Don Bulson, Joanne Siegel, Laura Siegel | Letter | Atty/Client-Joint Interest | Defendants' Counsel |
| 178 | 11/3/1999 | Atty Don Bulson | | Notes | Atty Work Product | Defendants' Counsel |
| 179 | 11/3/1999 | Atty Kevin Marks | Joanne, Laura Siegel, Atty Dennis Larson, Atty Bruce Ramer, Atty Arthur Levine, Atty Don Bulson | Letter | Atty/Client | Defendants' Counsel |
| 180 | 11/4/1999 | Atty Don Bulson | Michael Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 181 | 11/5/1999 | Atty Don Bulson | | Notes | Atty Work Product | Defendants' Counsel |
| 182 | 11/8/1999 | Atty Don Bulson | Atty Kevin Marks | Letter | Atty/Client-Joint Interest | Defendants' Counsel |
| 183 | 11/8/1999 | Atty Don Bulson | Atty Kevin Marks | Letter | Atty/Client- Joint Interest | Defendants' Counsel |
| 184 | 11/12/1999 | Atty Kevin Marks | Atty Don Bulson, Atty Dennis Larson | Facsimile | Atty/Client-Joint Interest | Defendants' Counsel |

EXHIBIT I
235

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|----------------------|--------------------------|---------------|-----------------|------------------|
| 185 | 11/18/1999 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 186 | 11/23/1999 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 187 | 12/3/1999 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 188 | 12/6/1999 | Atty Don Bulson | Michael Siegel | Letter | Atty/Client | Defendants' Counsel |
| 189 | 12/6/1999 | Atty Don Bulson | Atty Kevin Marks | Letter | Atty/Client-Joint Interest | Defendants' Counsel |
| 190 | 12/6/1999 | Atty Don Bulson | Michael Siegel | Letter | Atty/Client | Defendants' Counsel |
| 191 | 12/6/1999 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 192 | 12/6/1999 | Atty Don Bulson | Atty Kevin Marks | Letter | Atty/Client- Joint Interest | Defendants' Counsel |
| 193 | 12/7/1999 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 194 | 12/10/1999 | Atty Kevin Marks | Atty Don Bulson, Atty Arthur Levine, Joanne Siegel, Laura Siegel | Letter | Atty/Client-Joint Interest | Defendants' Counsel |
| 195 | 12/10/1999 | Atty Kevin Marks | Joanne, Laura Siegel | Letter | Atty/Client | Defendants' Counsel |
| 196 | 12/15/1999 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 197 | 12/22/1999 | Atty Kevin Marks | Atty Don Bulson | E-mail | Atty/Client-Joint Interest | Defendants' Counsel |
| 198 | 12/22/1999 | Atty Don Bulson | Atty Kevin Marks | E-mail | Atty/Client-Joint Interest | Defendants' Counsel |
| 199 | 12/22/1999 | Atty Don Bulson | Atty Kevin Marks | E-mail | Atty/Client-Joint Interest | Defendants' Counsel |
| 200 | 12/22/1999 | Atty Don Bulson | Atty Kevin Marks | E-mail | Atty/Client-Joint Interest | Defendants' Counsel |
| 201 | 12/29/1999 | Atty Kevin Marks | Atty Don Bulson | E-mail | Atty/Client-Joint Interest | Defendants' Counsel |
| 202 | 12/29/1999 | Atty Kevin Marks | Atty Don Bulson | E-mail | Atty/Client-Joint Interest | Defendants' Counsel |
| 203 | 12/30/1999 | Atty Don Bulson | Atty Kevin Marks | E-mail | Atty/Client-Joint Interest | Defendants' Counsel |

EXHIBIT I
236

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|----------------------|--------------------------|---------------|-----------------|------------------|
| 204 | 1/2/2000 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |
| 205 | 1/3/2000 | Atty Don Bulson | Michael Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 206 | 1/3/2000 | Atty Don Bulson | Atty Kevin Marks | E-mail | Atty/Client-Joint Interest | Defendants' Counsel |
| 207 | 1/3/2000 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |
| 208 | 1/3/2000 | Atty Don Bulson | Atty Kevin Marks | E-mail | Atty/Client-Joint Interest | Defendants' Counsel |
| 209 | 1/3/2000 | Atty Kevin Marks | Atty Don Bulson, Atty Bruce Ramer | Letter | Atty/Client- Joint Interest | Defendants' Counsel |
| 210 | 1/4/2000 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client-Joint Interest | Defendants' Counsel |
| 211 | 1/4/2000 | Atty Kevin Marks | Atty Don Bulson | E-mail | Atty/Client-Joint Interest | Defendants' Counsel |
| 212 | 1/5/2000 | Atty Kevin Marks | Atty Don Bulson | E-mail | Atty/Client-Joint Interest | Defendants' Counsel |
| 213 | 1/10/2000 | Atty Kevin Marks | Atty Don Bulson | E-mail | Atty/Client-Joint Interest | Defendants' Counsel |
| 214 | 1/10/2000 | Atty Kevin Marks | Atty Don Bulson | E-mail | Atty/Client-Joint Interest | Defendants' Counsel |
| 215 | 1/10/2000 | Atty Kevin Marks | Atty Don Bulson | Letter | Atty/Client-Joint Interest | Defendants' Counsel |
| 216 | 1/10/2000 | Atty Kevin Marks | Atty Don Bulson, Atty Dennis Larson, Atty Bruce Ramer, Atty Arthur Levine | Letter | Atty/Client- Joint Interest | Defendants' Counsel |
| 217 | 1/11/2000 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |
| 218 | 1/14/2000 | Atty Kevin Marks | Atty Don Bulson | E-mail | Atty/Client-Joint Interest | Defendants' Counsel |
| 219 | 1/17/2000 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |
| 220 | 1/17/2000 | Laura Siegel | Atty Kevin Marks | Letter | Atty/Client | Defendants' Counsel |
| 221 | 1/18/2000 | Atty Kevin Marks | Atty Don Bulson | E-mail | Atty/Client-Joint Interest | Defendants' Counsel |
| 222 | 1/19/2000 | Atty Dennis Larson | Atty Bruce Ramer, Atty Kevin Marks, Joanne, Laura Siegel | Letter | Atty/Client | Defendants' Counsel |

EXHIBIT I
237

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|------------------------|---------------------------|---------------|-----------------|------------------|
| 223 | 1/25/2000 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 224 | 2/6/2000 | Laura Siegel | Atty Kevin Marks, Atty Bruce Ramer | Letter | Atty/Client | Defendants' Counsel |
| 225 | 2/7/2000 | Atty George Zadorozny | Atty Kevin Marks, Atty Bruce Ramer, Joanne, Laura Siegel | Letter | Atty/Client | Defendants' Counsel |
| 226 | 2/14/2000 | Atty Don Bulson | | Notes | Atty Work Product | Defendants' Counsel |
| 227 | 2/28/2000 | Atty Don Bulson | | Notes | Atty/Client-Joint Interest | Defendants' Counsel |
| 228 | 3/1/2000 | Atty Kevin Marks | Atty Arthur Levine, Atty Bruce Ramer, Atty Don Bulson, Joanne Siegel, Laura Siegel | Letter | Atty/Client-Joint Interest | Defendants' Counsel |
| 229 | 3/1/2000 | Atty Kevin Marks | Joanne, Laura Siegel, Atty Arthur Levine, Atty Bruce Ramer, Atty Don Bulson | Letter | Atty/Client | Defendants' Counsel |
| 230 | 3/6/2000 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 231 | 3/7/2000 | Atty Don Bulson | Atty Kevin Marks | E-mail | Atty/Client-Joint Interest | Defendants' Counsel |
| 232 | 3/8/2000 | Atty Kevin Marks | Atty Arthur Levine, Atty Don Bulson, Joanne Siegel, Laura Siegel | Letter | Atty/Client | Defendants' Counsel |
| 233 | 3/8/2000 | Atty Kevin Marks | Joanne, Laura Siegel, Atty Arthur Levine, Atty Don Bulson | Letter | Atty/Client | Defendants' Counsel |
| 234 | 3/9/2000 | Atty Kevin Marks | Atty Don Bulson | E-mail | Atty/Client-Joint Interest | Defendants' Counsel |
| 235 | 3/9/2000 | Atty Kevin Marks | Atty Don Bulson | Letter | Atty/Client-Joint Interest | Defendants' Counsel |
| 236 | 3/13/2000 | Atty Don Bulson | Michael Siegel | Letter | Atty/Client | Defendants' Counsel |
| 237 | 3/21/2000 | Atty Kevin Marks | Atty Don Bulson | Letter | Atty/Client-Joint Interest | Defendants' Counsel |
| 238 | 3/30/2000 | Atty Kevin Marks | Atty Bruce Ramer, Atty Don Bulson, Atty Arthur Levine, Joanne Siegel, Laura Siegel | Letter | Atty/Client-Joint Interest | Defendants' Counsel |
| 239 | 3/30/2000 | Atty Kevin Marks | Atty Don Bulson, Joanne Siegel, Laura Siegel | Letter | Atty/Client-Joint Interest | Defendants' Counsel |

EXHIBIT I
238

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|---|---|---|---|---|---|---|
| 240 | 3/30/2000 | Atty Kevin Marks | Joanne, Laura Siegel, Atty Bruce Ramer, Atty Don Bulson, Atty Arthur Levine | Letter | Atty/Client | Defendants' Counsel |
| 241 | 4/3/2000 | Atty Kevin Marks | Atty Don Bulson, Atty Arthur Levine, Joanne Siegel, Laura Siegel | Letter | Atty/Client-Joint Interest | Defendants' Counsel |
| 242 | 4/3/2000 | Atty Kevin Marks | Joanne, Laura Siegel, Atty Bruce Ramer, Atty Don Bulson, Atty Arthur Levine | Letter | Atty/Client | Defendants' Counsel |
| 243 | 4/5/2000 | Atty Don Bulson | | Notes | Atty Work Product | Defendants' Counsel |
| 244 | 4/5/2000 | Atty Kevin Marks | Atty Don Bulson, Atty Arthur Levine, Joanne Siegel, Laura Siegel | Facsimile | Atty/Client-Joint Interest | Defendants' Counsel |
| 245 | 4/5/2000 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 246 | 4/5/2000 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 247 | 4/5/2000 | Atty Kevin Marks | Joanne, Laura Siegel, Atty Bruce Ramer, Atty Don Bulson, Atty Arthur Levine | Memorandum | Atty/Client | Defendants' Counsel |
| 248 | 4/11/2000 | Atty Kevin Marks | Atty Don Bulson, Atty Arthur Levine, Joanne Siegel, Laura Siegel | Facsimile | Atty/Client-Joint Interest | Defendants' Counsel |
| 249 | 4/11/2000 | Atty Kevin Marks | Atty Don Bulson | E-mail | Atty/Client- Joint Interest | Defendants' Counsel |
| 250 | 4/12/2000 | Atty Don Bulson | Atty Kevin Marks | E-mail | Atty/Client-Joint Interest | Defendants' Counsel |
| 251 | 4/12/2000 | Atty Kevin Marks | Atty Don Bulson | E-mail | Atty/Client-Joint Interest | Defendants' Counsel |
| 252 | 4/12/2000 | Atty Kevin Marks | Atty Don Bulson | E-mail | Atty/Client- Joint Interest | Defendants' Counsel |
| 253 | 4/12/2000 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 254 | 4/15/2000 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 255 | 4/17/2000 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |
| 256 | 4/17/2000 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
239

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|---|---|---|---|---|---|---|
| 257 | 4/17/2000 | Atty Kevin Marks | Atty Don Bulson | E-mail | Atty/Client-Joint Interest | Defendants' Counsel |
| 258 | 4/17/2000 | Atty Don Bulson | Michael Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 259 | 4/18/2000 | Atty Kevin Marks | Atty Don Bulson | E-mail | Atty/Client-Joint Interest | Defendants' Counsel |
| 260 | 4/18/2000 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |
| 261 | 4/18/2000 | Atty Kevin Marks | Atty Don Bulson | E-mail | Atty/Client- Joint Interest | Defendants' Counsel |
| 262 | 4/21/2000 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 263 | 4/24/2000 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 264 | 4/27/2000 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 265 | 4/27/2000 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 266 | 5/1/2000 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 267 | 5/2/2000 | Atty Kevin Marks | | E-mail | Atty/Client-Joint Interest | Defendants' Counsel |
| 268 | 5/3/2000 | Atty Don Bulson | | E-mail | Atty/Client-Joint Interest | Defendants' Counsel |
| 269 | 5/3/2000 | Atty Kevin Marks | Atty Don Bulson | E-mail | Atty/Client-Joint Interest | Defendants' Counsel |
| 270 | 5/3/2000 | Atty Kevin Marks | Atty Don Bulson | E-mail | Atty/Client- Joint Interest | Defendants' Counsel |
| 271 | 5/3/2000 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 272 | 5/3/2000 | Atty Kevin Marks | Joanne, Laura Siegel, Atty Bruce Ramer, Atty Arthur Levine | Memorandum | Atty/Client | Defendants' Counsel |
| 273 | 5/4/2000 | Atty Don Bulson | Atty Kevin Marks | E-mail | Atty/Client-Joint Interest | Defendants' Counsel |
| 274 | 5/4/2000 | Atty Kevin Marks | Atty Don Bulson | E-mail | Atty/Client-Joint Interest | Defendants' Counsel |
| 275 | 5/5/2000 | Atty Don Bulson | Atty Kevin Marks | E-mail | Atty/Client-Joint Interest | Defendants' Counsel |

EXHIBIT I
240

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|---|---|---|---|---|---|---|
| 276 | 5/5/2000 | Atty Kevin Marks | Atty Don Bulson | E-mail | Atty/Client-Joint Interest | Defendants' Counsel |
| 277 | 5/5/2000 | Atty Kevin Marks | Atty Don Bulson | E-mail | Atty/Client- Joint Interest | Defendants' Counsel |
| 278 | 5/8/2000 | Atty Kevin Marks | Atty Don Bulson | E-mail | Atty/Client-Joint Interest | Defendants' Counsel |
| 279 | 5/8/2000 | Atty Don Bulson | Atty Kevin Marks | E-mail | Atty/Client-Joint Interest | Defendants' Counsel |
| 280 | 5/8/2000 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 281 | 5/8/2000 | Atty Kevin Marks | Atty Don Bulson | E-mail | Atty/Client- Joint Interest | Defendants' Counsel |
| 282 | 5/9/2000 | Atty Kevin Marks | Atty Don Bulson | E-mail | Atty/Client-Joint Interest | Defendants' Counsel |
| 283 | 5/9/2000 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 284 | 5/10/2000 | Atty Kevin Marks | Atty Don Bulson | E-mail | Atty/Client-Joint Interest | Defendants' Counsel |
| 285 | 5/10/2000 | Atty Kevin Marks | Joanne, Laura Siegel, Atty Bruce Ramer | Memorandum | Atty/Client | Defendants' Counsel |
| 286 | 5/10/2000 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 287 | 5/15/2000 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 288 | 5/16/2000 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 289 | 5/16/2000 | Atty Kevin Marks | Joanne, Laura Siegel, Atty Bruce Ramer | Letter | Atty/Client | Defendants' Counsel |
| 290 | 5/18/2000 | Atty Kevin Marks | Atty Bruce Ramer, Atty Don Bulson, Joanne Siegel, Laura Siegel | Letter | Atty/Client-Joint Interest | Defendants' Counsel |
| 291 | 5/18/2000 | Atty Kevin Marks | Joanne, Laura Siegel, Atty Bruce Ramer, Atty Don Bulson | Letter | Atty/Client | Defendants' Counsel |
| 292 | 5/21/2000 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |
| 293 | 5/23/2000 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 294 | 5/26/2000 | Atty Kevin Marks | Atty Don Bulson | E-mail | Atty/Client-Joint Interest | Defendants' Counsel |

EXHIBIT I
241

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|---|---|---|---|---|---|---|
| 295 | 5/26/2000 | Atty Kevin Marks | Atty Don Bulson | E-mail | Atty/Client- Joint Interest | Defendants' Counsel |
| 296 | 5/30/2000 | Atty Don Bulson | | Notes | Atty Work Product | Defendants' Counsel |
| 297 | 5/31/2000 | Atty Kevin Marks | Joanne, Laura Siegel | Letter | Atty/Client | Defendants' Counsel |
| 298 | 5/31/2000 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 299 | 6/2/2000 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 300 | 6/5/2000 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |
| 301 | 6/6/2000 | Atty Kevin Marks | Laura Siegel | Letter | Atty/Client | Defendants' Counsel |
| 302 | 6/7/2000 | Atty Kevin Marks | Atty Don Bulson | E-mail | Atty/Client-Joint Interest | Defendants' Counsel |
| 303 | 6/7/2000 | Joanne, Laura Siegel | Atty Bruce Ramer | Notes | Atty Work Product | Defendants' Counsel |
| 304 | 6/7/2000 | Atty Kevin Marks | Atty Don Bulson | E-mail | Atty/Client- Joint Interest | Defendants' Counsel |
| 305 | 6/8/2000 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 306 | 6/8/2000 | Atty Kevin Marks | Joanne, Laura Siegel, Atty Bruce Ramer | Memorandum | Atty/Client | Defendants' Counsel |
| 307 | 6/9/2000 | Atty Kevin Marks | Atty Don Bulson, Joanne, Laura Siegel | Letter | Atty/Client-Joint Interest | Defendants' Counsel |
| 308 | 6/12/2000 | Joanne, Laura Siegel | Atty Kevin Marks, Atty Bruce Ramer | Letter | Atty/Client | Defendants' Counsel |
| 309 | 6/27/2000 | Atty Don Bulson | Michael Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 310 | 7/5/2000 | Atty Don Bulson | | Notes | Atty Work Product | Defendants' Counsel |
| 311 | 7/6/2000 | Atty Kevin Marks | Atty Don Bulson | Letter | Atty/Client-Joint Interest | Defendants' Counsel |
| 312 | 7/6/2000 | Atty Kevin Marks | Joanne, Laura Siegel | Letter | Atty/Client | Defendants' Counsel |
| 313 | 7/7/2000 | Atty Kevin Marks | Atty Don Bulson | Letter | Atty/Client-Joint Interest | Defendants' Counsel |

EXHIBIT I
242

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|---|---|---|---|---|---|---|
| 314 | 7/7/2000 | Atty Kevin Marks | Joanne, Laura Siegel, Atty Bruce Ramer, Atty Don Bulson | Letter | Atty/Client | Defendants' Counsel |
| 315 | 7/10/2000 | Atty Don Bulson | Atty Kevin Marks | E-mail | Atty/Client-Joint Interest | Defendants' Counsel |
| 316 | 7/10/2000 | Atty Don Bulson | Atty Kevin Marks | E-mail | Atty/Client-Joint Interest | Defendants' Counsel |
| 317 | 7/10/2000 | Atty Don Bulson | Atty Kevin Marks | E-mail | Atty/Client- Joint Interest | Defendants' Counsel |
| 318 | 7/10/2000 | Joanne Siegel | Atty Kevin Marks | Letter | Atty/Client | Defendants' Counsel |
| 319 | 7/14/2000 | Atty Don Bulson | | Notes | Atty Work Product | Defendants' Counsel |
| 320 | 7/14/2000 | Atty Don Bulson | Michael Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 321 | 7/17/2000 | Atty Kevin Marks | Atty Don Bulson | E-mail | Atty/Client-Joint Interest | Defendants' Counsel |
| 322 | 7/17/2000 | Atty Don Bulson | Michael Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 323 | 7/17/2000 | Atty Kevin Marks | Atty Bruce Ramer, Atty Don Bulson, Joanne Siegel, Laura Siegel | Letter | Atty/Client-Joint Interest | Defendants' Counsel |
| 324 | 7/18/2000 | Atty Don Bulson | Michael Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 325 | 7/18/2000 | Atty Kevin Marks | Atty Don Bulson | Letter | Atty/Client-Joint Interest | Defendants' Counsel |
| 326 | 7/18/2000 | Atty Don Bulson | Atty Kevin Marks | E-mail | Atty/Client-Joint Interest | Defendants' Counsel |
| 327 | 7/19/2000 | Atty Don Bulson | Atty Kevin Marks | E-mail | Atty/Client-Joint Interest | Defendants' Counsel |
| 328 | 7/19/2000 | Atty Kevin Marks | Atty Don Bulson | Letter | Atty/Client-Joint Interest | Defendants' Counsel |
| 329 | 7/19/2000 | Atty Don Bulson | Atty Kevin Marks | E-mail | Atty/Client- Joint Interest | Defendants' Counsel |
| 330 | 7/21/2000 | Atty Kevin Marks | Atty Don Bulson | Letter | Atty/Client-Joint Interest | Defendants' Counsel |
| 331 | 7/21/2000 | Atty Kevin Marks | Atty Don Bulson | Letter | Atty/Client- Joint Interest | Defendants' Counsel |
| 332 | 7/24/2000 | Atty Don Bulson | Atty Kevin Marks | E-mail | Atty/Client-Joint Interest | Defendants' Counsel |

EXHIBIT I
243

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|---|---|---|---|---|---|---|
| 333 | 7/24/2000 | Atty Don Bulson | Atty Kevin Marks | E-mail | Atty/Client-Joint Interest | Defendants' Counsel |
| 334 | 7/24/2000 | Atty Don Bulson | Atty Kevin Marks | E-mail | Atty/Client-Joint Interest | Defendants' Counsel |
| 335 | 7/24/2000 | Atty Don Bulson | Atty Kevin Marks | E-mail | Atty/Client-Joint Interest | Defendants' Counsel |
| 336 | 7/24/2000 | Atty Don Bulson | Michael Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 337 | 7/24/2000 | Atty Don Bulson | Atty Kevin Marks | E-mail | Atty/Client- Joint Interest | Defendants' Counsel |
| 338 | 7/25/2000 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |
| 339 | 7/25/2000 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |
| 340 | 7/26/2000 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |
| 341 | 7/26/2000 | Atty Don Bulson | Michael Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 342 | 7/26/2000 | Atty Kevin Marks | Atty Don Bulson | Facsimile | Atty/Client-Joint Interest | Defendants' Counsel |
| 343 | 7/26/2000 | Joanne Siegel | Atty Kevin Marks, Atty Bruce Ramer | Letter | Atty/Client | Defendants' Counsel |
| 344 | 7/26/2000 | Atty Kevin Marks | Joanne, Laura Siegel | Letter | Atty/Client | Defendants' Counsel |
| 345 | 7/28/2000 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 346 | 7/29/2000 | Joanne Siegel | Atty Kevin Marks | Letter | Atty/Client | Defendants' Counsel |
| 347 | 8/7/2000 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |
| 348 | 8/8/2000 | Atty Don Bulson | Michael Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 349 | 8/8/2000 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |
| 350 | 8/8/2000 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |
| 351 | 8/10/2000 | Atty Don Bulson | Michael Siegel | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
244

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|----------------------|--------------------------|---------------|-----------------|------------------|
| 352 | 8/21/2000 | Atty Don Bulson | | Notes | Atty Work Product | Defendants' Counsel |
| 353 | 8/24/2000 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 354 | 8/25/2000 | Atty Don Bulson | Michael Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 355 | 8/25/2000 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 356 | 9/5/2000 | Atty Don Bulson | Atty Kevin Marks | E-mail | Atty/Client- Joint Interest | Defendants' Counsel |
| 357 | 9/6/2000 | Atty Don Bulson | | Letter (Draft) | Atty Work Product | Defendants' Counsel |
| 358 | 9/6/2000 | Atty Don Bulson | Atty Kevin Marks | Letter | Atty/Client-Joint Interest | Defendants' Counsel |
| 359 | 9/6/2000 | Atty Don Bulson | Atty Kevin Marks | Letter | Atty/Client-Joint Interest | Defendants' Counsel |
| 360 | 9/6/2000 | Atty Don Bulson | Atty Kevin Marks | Letter | Atty/Client- Joint Interest | Defendants' Counsel |
| 361 | 9/7/2000 | Atty Kevin Marks | Joanne, Laura Siegel, Atty Bruce Ramer | Letter | Atty/Client | Defendants' Counsel |
| 362 | 9/8/2000 | Atty Kevin Marks | Atty Don Bulson | E-mail | Atty/Client-Joint Interest | Defendants' Counsel |
| 363 | 9/8/2000 | Atty Kevin Marks | Atty Don Bulson | E-mail | Atty/Client- Joint Interest | Defendants' Counsel |
| 364 | 9/8/2000 | Atty Don Bulson | Atty Kevin Marks | E-mail | Atty/Client- Joint Interest | Defendants' Counsel |
| 365 | 9/8/2000 | Joanne, Laura Siegel | Atty Kevin Marks | Letter | Atty/Client | Defendants' Counsel |
| 366 | 9/8/2000 | Atty Don Bulson | Atty Kevin Marks | E-mail | Atty/Client- Joint Interest | Defendants' Counsel |
| 367 | 9/8/2000 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 368 | 9/9/2000 | Atty Kevin Marks | Atty Don Bulson | E-mail | Atty/Client- Joint Interest | Defendants' Counsel |
| 369 | 9/11/2000 | Atty Don Bulson | Michael Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 370 | 9/12/2000 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |

EXHIBIT I
245

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|---|---|---|---|---|---|---|
| 371 | 9/14/2000 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 372 | 9/15/2000 | Atty Kevin Marks | Atty Don Bulson | Facsimile | Atty/Client-Joint Interest | Defendants' Counsel |
| 373 | 9/15/2000 | Atty Kevin Marks | Atty Don Bulson | Letter | Atty/Client- Joint Interest | Defendants' Counsel |
| 374 | 9/17/2000 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |
| 375 | 9/17/2000 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |
| 376 | 9/17/2000 | Joanne, Laura Siegel | Atty Kevin Marks | Letter | Atty/Client | Defendants' Counsel |
| 377 | 9/18/2000 | Atty Don Bulson | Michael Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 378 | 9/18/2000 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 379 | 9/19/2000 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 380 | 9/21/2000 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |
| 381 | 9/22/2000 | Atty Kevin Marks | Joanne, Laura Siegel | Letter | Atty/Client | Defendants' Counsel |
| 382 | 9/22/2000 | Joanne, Laura Siegel | Atty Kevin Marks | Letter | Atty/Client | Defendants' Counsel |
| 383 | 9/26/2000 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 384 | 9/26/2000 | Joanne Siegel | Atty Kevin Marks | Letter | Atty/Client | Defendants' Counsel |
| 385 | 10/10/2000 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 386 | 10/10/2000 | Laura Siegel | Atty Kevin Marks | Letter | Atty/Client | Defendants' Counsel |
| 387 | 10/11/2000 | Atty Kevin Marks | Joanne, Laura Siegel | Letter | Atty/Client | Defendants' Counsel |
| 388 | 10/12/2000 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 389 | 10/12/2000 | Laura Siegel | Atty Kevin Marks | Letter | Atty/Client | Defendants' Counsel |

EXHIBIT I
246

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|------------------------|---------------------------|----------------|------------------|-------------------|
| 390 | 10/13/2000 | Laura Siegel | Atty Kevin Marks | Letter | Atty/Client | Defendants' Counsel |
| 391 | 10/13/2000 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 392 | 10/17/2000 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 393 | 10/17/2000 | Atty Kevin Marks | Joanne, Laura Siegel, Atty Bruce Ramer | Letter | Atty/Client | Defendants' Counsel |
| 394 | 10/18/2000 | Joanne, Laura Siegel | Atty Kevin Marks | Letter | Atty/Client | Defendants' Counsel |
| 395 | 10/19/2000 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 396 | 10/20/2000 | Atty Kevin Marks | Joanne, Laura Siegel, Atty Bruce Ramer | Letter | Atty/Client | Defendants' Counsel |
| 397 | 10/21/2000 | Joanne, Laura Siegel | Atty Kevin Marks | Letter | Atty/Client | Defendants' Counsel |
| 398 | 10/24/2000 | Joanne, Laura Siegel | Atty Kevin Marks | Letter | Atty/Client | Defendants' Counsel |
| 399 | 10/26/2000 | Atty Kevin Marks | Atty Don Bulson | Facsimile | Atty/Client-Joint Interest | Defendants' Counsel |
| 400 | 10/26/2000 | Atty Kevin Marks | Joanne, Laura Siegel | Letter | Atty/Client | Defendants' Counsel |
| 401 | 10/26/2000 | Atty Kevin Marks | Atty Don Bulson | Letter | Atty/Client- Joint Interest | Defendants' Counsel |
| 402 | 11/2/2000 | Atty Don Bulson | | Notes | Atty Work Product | Defendants' Counsel |
| 403 | 11/3/2000 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 404 | 11/4/2000 | Joanne, Laura Siegel | Atty Kevin Marks | Letter | Atty/Client | Defendants' Counsel |
| 405 | 11/6/2000 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 406 | 11/8/2000 | Atty Kevin Marks | Atty Don Bulson | Letter | Atty/Client-Joint Interest | Defendants' Counsel |
| 407 | 11/8/2000 | Atty Kevin Marks | Atty Don Bulson | Letter | Atty/Client-Joint Interest | Defendants' Counsel |
| 408 | 11/8/2000 | Atty Kevin Marks | Joanne, Laura Siegel, Atty Don Bulson, Atty Bruce Ramer | Letter | Atty/Client- Joint Interest | Defendants' Counsel |

EXHIBIT I
247

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|------------------------|--------------------------|---------------|-----------------|------------------|
| 409 | 11/10/2000 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 410 | 11/15/2000 | Atty Don Bulson | Michael Siegel | Letter | Atty/Client | Defendants' Counsel |
| 411 | 11/19/2000 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |
| 412 | 11/20/2000 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 413 | 11/27/2000 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |
| 414 | 11/28/2000 | Michael Siegel | Atty Don Bulson | Letter | Atty/Client | Defendants' Counsel |
| 415 | 11/29/2000 | Atty Kevin Marks | Joanne, Laura Siegel, Atty Bruce Ramer | Letter | Atty/Client | Defendants' Counsel |
| 416 | 12/4/2000 | Michael Siegel | Atty Don Bulson | Letter | Atty/Client | Defendants' Counsel |
| 417 | 12/4/2000 | Atty Don Bulson | Michael Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 418 | 12/5/2000 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |
| 419 | 12/6/2000 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 420 | 12/8/2000 | Atty Don Bulson | Michael Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 421 | 12/18/2000 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 422 | 12/19/2000 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 423 | 12/22/2000 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 424 | 12/27/2000 | Joanne, Laura Siegel | Atty Kevin Marks | Letter | Atty/Client | Defendants' Counsel |
| 425 | 12/28/2000 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 426 | 12/28/2000 | Atty Kevin Marks | Joanne, Laura Siegel | Letter | Atty/Client | Defendants' Counsel |
| 427 | 12/30/2000 | Laura Siegel | Atty Kevin Marks | Letter | Atty/Client | Defendants' Counsel |

EXHIBIT I
248

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|-----------------------|--------------------------|---------------|-----------------|------------------|
| 428 | 1/2/2001 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 429 | 1/3/2001 | Atty Kevin Marks | Atty Don Bulson | E-mail | Atty/Client-Joint Interest | Defendants' Counsel |
| 430 | 1/3/2001 | Atty Kevin Marks | Atty Don Bulson | E-mail | Atty/Client- Joint Interest | Defendants' Counsel |
| 431 | 1/10/2001 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 432 | 1/12/2001 | Atty Kevin Marks | Joanne, Laura Siegel, Atty Bruce Ramer | Letter | Atty/Client | Defendants' Counsel |
| 433 | 1/16/2001 | Atty Kevin Marks | Atty Don Bulson | Letter | Atty/Client-Joint Interest | Defendants' Counsel |
| 434 | 1/16/2001 | Atty Kevin Marks | Atty Don Bulson | Letter | Atty/Client- Joint Interest | Defendants' Counsel |
| 435 | 1/30/2001 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |
| 436 | 1/30/2001 | Atty Don Bulson | Michael Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 437 | 1/31/2001 | Atty Don Bulson | Michael Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 438 | 2/7/2001 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 439 | 2/11/2001 | Joanne, Laura Siegel | Atty Kevin Marks | Letter | Atty/Client | Defendants' Counsel |
| 440 | 2/12/2001 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 441 | 2/14/2001 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 442 | 2/14/2001 | Atty Kevin Marks | | Memorandum | Atty Work Product | Defendants' Counsel |
| 443 | 2/16/2001 | Atty Don Bulson | Michael Siegel | Letter | Atty/Client | Defendants' Counsel |
| 444 | 2/20/2001 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 445 | 2/26/2001 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 446 | 3/9/2001 | Atty Don Bulson | Michael Siegel | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
249

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|----------------------|--------------------------|---------------|-----------------|------------------|
| 447 | 3/12/2001 | Atty Don Bulson | Atty Kevin Marks | E-mail | Atty/Client-Joint Interest | Defendants' Counsel |
| 448 | 3/12/2001 | Atty Don Bulson | Atty Kevin Marks, Michael Siegel | Letter | Atty/Client- Joint Interest | Defendants' Counsel |
| 449 | 3/13/2001 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 450 | 3/19/2001 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 451 | 3/26/2001 | Atty Kevin Marks | Atty Bruce Ramer | Memorandum | Atty Work Product | Defendants' Counsel |
| 452 | 4/2/2001 | Atty Kevin Marks | Joanne, Laura Siegel, Atty Bruce Ramer | Letter | Atty/Client | Defendants' Counsel |
| 453 | 4/11/2001 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 454 | 4/18/2001 | Atty Kevin Marks | Joanne, Laura Siegel | Letter | Atty/Client | Defendants' Counsel |
| 455 | 4/18/2001 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 456 | 4/19/2001 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 457 | 4/23/2001 | Atty Kevin Marks | Joanne, Laura Siegel | Letter | Atty/Client | Defendants' Counsel |
| 458 | 4/27/2001 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 459 | 4/27/2001 | Laura Siegel | Atty Kevin Marks | Letter | Atty/Client | Defendants' Counsel |
| 460 | 4/30/2001 | Atty Kevin Marks | Atty Don Bulson | E-mail | Atty/Client-Joint Interest | Defendants' Counsel |
| 461 | 4/30/2001 | Atty Kevin Marks | Atty Don Bulson, Joanne, Laura Siegel, Atty Bruce Ramer | Letter | Atty/Client- Joint Interest | Defendants' Counsel |
| 462 | 5/3/2001 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 463 | 5/4/2001 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |
| 464 | 5/4/2001 | Atty Don Bulson | Michael Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 465 | 5/4/2001 | Atty Don Bulson | Michael Siegel | Letter | Atty/Client | Defendants' Counsel |

EXHIBIT I
250

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|-----------------------|--------------------------|---------------|-----------------|------------------|
| 466 | 5/7/2001 | Atty Kevin Marks | Joanne, Laura Siegel, Atty Bruce Ramer, Atty Arthur Levine | Letter | Atty/Client | Defendants' Counsel |
| 467 | 5/8/2001 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 468 | 5/10/2001 | Atty Kevin Marks | Joanne, Laura Siegel, Atty Bruce Ramer | Letter | Atty/Client | Defendants' Counsel |
| 469 | 5/14/2001 | Joanne Siegel | Atty Kevin Marks | Letter | Atty/Client | Defendants' Counsel |
| 470 | 5/16/2001 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 471 | 5/16/2001 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 472 | 5/17/2001 | Atty Don Bulson | | Letter (Draft) | Atty Work Product | Defendants' Counsel |
| 473 | 5/17/2001 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 474 | 5/18/2001 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 475 | 5/18/2001 | Atty Kevin Marks | Joanne, Laura Siegel, Atty Bruce Ramer | Memorandum | Atty/Client | Defendants' Counsel |
| 476 | 5/24/2001 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 477 | 5/25/2001 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 478 | 5/30/2001 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 479 | 5/30/2001 | Atty Kevin Marks | Joanne, Laura Siegel, Atty Bruce Ramer | Letter | Atty/Client | Defendants' Counsel |
| 480 | 5/30/2001 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 481 | 5/31/2001 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 482 | 6/14/2001 | Atty Don Bulson | Michael Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 483 | 6/19/2001 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 484 | 6/21/2001 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |

EXHIBIT I
251

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|---|---|---|---|---|---|---|
| 485 | 6/21/2001 | Joanne, Laura Siegel | Atty Kevin Marks | Letter | Atty/Client | Defendants' Counsel |
| 486 | 6/22/2001 | Atty Kevin Marks | Joanne, Laura Siegel, Bruce Ramer | Memorandum | Atty/Client | Defendants' Counsel |
| 487 | 6/25/2001 | Joanne, Laura Siegel | Atty Kevin Marks | Letter | Atty/Client | Defendants' Counsel |
| 488 | 6/25/2001 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 489 | 6/26/2001 | Atty Don Bulson | Michael Siegel | Letter | Atty/Client | Defendants' Counsel |
| 490 | 6/26/2001 | Atty Kevin Marks | Joanne, Laura Siegel, Atty Bruce Ramer | Letter | Atty/Client | Defendants' Counsel |
| 491 | 6/29/2001 | Atty Kevin Marks | Joanne, Laura Siegel, Atty Bruce Ramer | Letter | Atty/Client | Defendants' Counsel |
| 492 | 6/29/2001 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 493 | 6/29/2001 | Joanne, Laura Siegel | Atty Kevin Marks | Letter | Atty/Client | Defendants' Counsel |
| 494 | 7/3/2001 | Atty Don Bulson | | Letter (Draft) | Atty Work Product | Defendants' Counsel |
| 495 | 7/3/2001 | Atty Don Bulson | Atty Kevin Marks | Letter | Atty/Client- Joint Interest | Defendants' Counsel |
| 496 | 7/9/2001 | Atty Don Bulson | Michael Siegel | Letter | Atty/Client | Defendants' Counsel |
| 497 | 7/11/2001 | Atty Kevin Marks | Joanne, Laura Siegel, Atty Bruce Ramer | Letter | Atty/Client | Defendants' Counsel |
| 498 | 7/11/2001 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 499 | 7/12/2001 | Atty Kevin Marks | Joanne, Laura Siegel, Atty Bruce Ramer | Memorandum | Atty/Client | Defendants' Counsel |
| 500 | 7/12/2001 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 501 | 7/16/2001 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 502 | 7/16/2001 | Atty Kevin Marks | Atty Bruce Ramer | Memorandum | Atty Work Product | Defendants' Counsel |
| 503 | 7/18/2001 | Atty Kevin Marks | Joanne, Laura Siegel, Atty Bruce Ramer | Letter | Atty/Client | Defendants' Counsel |

EXHIBIT I
252

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|---|---|---|---|---|---|---|
| 504 | 7/20/2001 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 505 | 7/24/2001 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 506 | 7/27/2001 | Atty Kevin Marks | Joanne, Laura Siegel, Atty Bruce Ramer | Letter | Atty/Client | Defendants' Counsel |
| 507 | 7/30/2001 | Atty Kevin Marks | Atty Don Bulson | Letter | Atty/Client-Joint Interest | Defendants' Counsel |
| 508 | 7/30/2001 | Atty Kevin Marks | Atty Don Bulson | Letter | Atty/Client-Joint Interest | Defendants' Counsel |
| 509 | 7/30/2001 | Atty Kevin Marks | Atty Don Bulson, Joanne, Laura Siegel, Atty Bruce Ramer | Letter | Atty/Client- Joint Interest | Defendants' Counsel |
| 510 | 7/31/2001 | Atty Don Bulson | Michael Siegel | Letter | Atty/Client | Defendants' Counsel |
| 511 | 7/31/2001 | Atty Don Bulson | | Notes | Atty Work Product | Defendants' Counsel |
| 512 | 7/31/2001 | Atty Kevin Marks | Atty Don Bulson | E-mail | Atty/Client- Joint Interest | Defendants' Counsel |
| 513 | 8/2/2001 | Atty Don Bulson | | Notes | Atty Work Product | Defendants' Counsel |
| 514 | 8/9/2001 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 515 | 8/17/2001 | Atty Kevin Marks | Joanne, Laura Siegel | Letter | Atty/Client | Defendants' Counsel |
| 516 | 8/24/2001 | Atty Kevin Marks | Atty Don Bulson | Letter | Atty/Client-Joint Interest | Defendants' Counsel |
| 517 | 8/24/2001 | Atty Don Bulson | Atty Kevin Marks | Letter | Atty/Client- Joint Interest | Defendants' Counsel |
| 518 | 8/24/2001 | Atty Kevin Marks | Atty Don Bulson | Letter | Atty/Client- Joint Interest | Defendants' Counsel |
| 519 | 8/30/2001 | Atty Kevin Marks | Atty Don Bulson | Facsimile | Atty/Client-Joint Interest | Defendants' Counsel |
| 520 | 9/5/2001 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 521 | 9/12/2001 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |
| 522 | 9/13/2001 | Atty Don Bulson | Atty Kevin Marks | Letter | Atty/Client-Joint Interest | Defendants' Counsel |

EXHIBIT I
253

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|-----------------------|--------------------------|---------------|-----------------|------------------|
| 523 | 9/13/2001 | Atty Don Bulson | Atty Kevin Marks | Letter | Atty/Client-Joint Interest | Defendants' Counsel |
| 524 | 9/13/2001 | Atty Don Bulson | Atty Kevin Marks | Letter | Atty/Client- Joint Interest | Defendants' Counsel |
| 525 | 9/14/2001 | Atty Kevin Marks | Joanne, Laura Siegel, Atty Bruce Ramer | Letter | Atty/Client | Defendants' Counsel |
| 526 | 9/17/2001 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 527 | 9/17/2001 | Atty Kevin Marks | Joanne, Laura Siegel, Atty Bruce Ramer | Letter | Atty/Client | Defendants' Counsel |
| 528 | 9/21/2001 | Atty Kevin Marks | Joanne, Laura Siegel | Letter | Atty/Client | Defendants' Counsel |
| 529 | 9/23/2001 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 530 | 9/24/2001 | Atty Kevin Marks | Atty Don Bulson | Letter | Atty/Client-Joint Interest | Defendants' Counsel |
| 531 | 9/24/2001 | Atty Kevin Marks | Atty Don Bulson | Letter | Atty/Client-Joint Interest | Defendants' Counsel |
| 532 | 9/24/2001 | Atty Kevin Marks | Atty Don Bulson, Joanne, Laura Siegel, Atty Bruce Ramer | Letter | Atty/Client- Joint Interest | Defendants' Counsel |
| 533 | 9/26/2001 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 534 | 9/28/2001 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 535 | 9/28/2001 | Atty Kevin Marks | Atty Bruce Ramer | Memorandum | Atty Work Product | Defendants' Counsel |
| 536 | 10/1/2001 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 537 | 10/2/2001 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 538 | 10/3/2001 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 539 | 10/4/2001 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 540 | 10/8/2001 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 541 | 10/10/2001 | Atty Kevin Marks | Joanne, Laura Siegel, Atty Bruce Ramer | Memorandum | Atty/Client | Defendants' Counsel |

EXHIBIT I
254

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|-----------------|----------------------|--------------------------|---------------|-----------------|------------------|
| 542 | 10/10/2001 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 543 | 10/15/2001 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 544 | 10/16/2001 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 545 | 10/17/2001 | Atty Kevin Marks | Atty Don Bulson | Letter | Atty/Client-Joint Interest | Defendants' Counsel |
| 546 | 10/17/2001 | Atty Kevin Marks | Atty Don Bulson | Letter | Atty/Client-Joint Interest | Defendants' Counsel |
| 547 | 10/17/2001 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 548 | 10/17/2001 | Atty Kevin Marks | Atty Don Bulson, Joanne, Laura Siegel, Atty Bruce Ramer | Letter | Atty/Client-Joint Interest | Defendants' Counsel |
| 549 | 10/19/2001 | Atty Kevin Marks | Atty Don Bulson, Laura Siegel | Letter | Atty/Client-Joint Interest | Defendants' Counsel |
| 550 | 10/19/2001 | Atty Kevin Marks | Atty Don Bulson, Laura Siegel | Letter | Atty/Client-Joint Interest | Defendants' Counsel |
| 551 | 10/19/2001 | Atty Kevin Marks | Atty Don Bulson | E-mail | Atty/Client-Joint Interest | Defendants' Counsel |
| 552 | 10/19/2001 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 553 | 10/19/2001 | Atty Kevin Marks | Atty Don Bulson | E-mail | Atty/Client- Joint Interest | Defendants' Counsel |
| 554 | 10/24/2001 | Atty Don Bulson | Michael Siegel | Letter | Atty/Client | Defendants' Counsel |
| 555 | 11/23/2001 | Atty Marc Toberoff | Mark Warren Peary, Jean Peavy | Letter | Atty/Client | Defendants' Counsel |
| 556 | 11/27/2001 | Atty Don Bulson | | Notes | Atty Work Product | Defendants' Counsel |
| 557 | 11/27/2001 | Atty Don Bulson | | Notes | Atty Work Product | Defendants' Counsel |
| 558 | 12/6/2001 | Atty Kevin Marks | Atty Don Bulson | Letter | Atty/Client-Joint Interest | Defendants' Counsel |
| 559 | 12/26/2001 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |
| 560 | 12/26/2001 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |

EXHIBIT I
255

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|----------------------|--------------------------|---------------|-----------------|------------------|
| 561 | 1/3/2002 | Atty Don Bulson | Atty Kevin Marks | E-mail | Atty/Client-Joint Interest | Defendants' Counsel |
| 562 | 1/3/2002 | Atty Don Bulson | Atty Kevin Marks | E-mail | Atty/Client-Joint Interest | Defendants' Counsel |
| 563 | 1/3/2002 | Atty Kevin Marks | Atty Don Bulson | E-mail | Atty/Client-Joint Interest | Defendants' Counsel |
| 564 | 1/3/2002 | Atty Don Bulson | Atty Kevin Marks | E-mail | Atty/Client- Joint Interest | Defendants' Counsel |
| 565 | 1/3/2002 | Atty Kevin Marks | Atty Don Bulson | E-mail | Atty/Client- Joint Interest | Defendants' Counsel |
| 566 | 1/9/2002 | Laura Siegel | Atty Kevin Marks, Atty Jennifer Harding | Letter | Atty/Client | Defendants' Counsel |
| 567 | 1/10/2002 | Atty Kevin Marks | Atty Don Bulson | E-mail | Atty/Client-Joint Interest | Defendants' Counsel |
| 568 | 1/10/2002 | Atty Kevin Marks | Atty Don Bulson | E-mail | Atty/Client- Joint Interest | Defendants' Counsel |
| 569 | 1/22/2002 | Atty Kevin Marks | Atty Don Bulson | E-mail | Atty/Client-Joint Interest | Defendants' Counsel |
| 570 | 1/22/2002 | Atty Kevin Marks | Atty Don Bulson | E-mail | Atty/Client- Joint Interest | Defendants' Counsel |
| 571 | 2/4/2002 | Atty Kevin Marks | Joanne, Laura Siegel | Letter | Atty/Client | Defendants' Counsel |
| 572 | 2/4/2002 | Atty Kevin Marks | Atty Don Bulson | Letter | Atty/Client- Joint Interest | Defendants' Counsel |
| 573 | 2/5/2002 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |
| 574 | 2/6/2002 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |
| 575 | 2/7/2002 | Atty Don Bulson | Michael Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 576 | 2/8/2002 | Atty Kevin Marks | Atty Don Bulson | Memorandum | Atty/Client-Joint Interest | Defendants' Counsel |
| 577 | 2/11/2002 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 578 | 3/2/2002 | Atty Don Bulson | | Notes | Atty Work Product | Defendants' Counsel |
| 579 | 3/7/2002 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |

EXHIBIT I
256

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|-----------------------|--------------------------|---------------|-----------------|------------------|
| 580 | 3/8/2002 | Atty Don Bulson | | Notes | Atty Work Product | Defendants' Counsel |
| 581 | 3/8/2002 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 582 | 4/7/2002 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |
| 583 | 4/8/2002 | Atty Don Bulson | Michael Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 584 | 4/19/2002 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 585 | 4/26/2002 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 586 | 5/9/2002 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |
| 587 | 5/10/2002 | Atty Don Bulson | Michael Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 588 | 5/10/2002 | Atty Don Bulson | Michael Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 589 | 5/10/2002 | Atty Don Bulson | Atty Kevin Marks, Michael Siegel | Letter | Atty/Client-Joint Interest | Defendants' Counsel |
| 590 | 5/10/2002 | Atty Don Bulson | Atty Kevin Marks | Letter | Atty/Client-Joint Interest | Defendants' Counsel |
| 591 | 5/10/2002 | Atty Don Bulson | Atty Kevin Marks, Michael Siegel | Letter | Atty/Client- Joint Interest | Defendants' Counsel |
| 592 | 5/12/2002 | Laura Siegel | Atty Kevin Marks | Letter | Atty/Client | Defendants' Counsel |
| 593 | 5/13/2002 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 594 | 5/16/2002 | Atty Kevin Marks | Joanne, Laura Siegel, Atty Bruce Ramer | Letter | Atty/Client | Defendants' Counsel |
| 595 | 5/17/2002 | Atty Kevin Marks | Joanne, Laura Siegel | Letter | Atty/Client | Defendants' Counsel |
| 596 | 5/18/2002 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |
| 597 | 5/22/2002 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 598 | 5/25/2002 | Joanne Siegel | Atty Kevin Marks | Letter | Atty/Client | Defendants' Counsel |

EXHIBIT I
257

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|---|---|---|---|---|---|---|
| 599 | 5/28/2002 | Atty Don Bulson | Michael Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 600 | 6/5/2002 | Atty Kevin Marks | Joanne, Laura Siegel | Memorandum | Atty/Client | Defendants' Counsel |
| 601 | 6/5/2002 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 602 | 6/7/2002 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 603 | 6/24/2002 | Atty Don Bulson | Atty Kevin Marks | E-mail | Atty/Client- Joint Interest | Defendants' Counsel |
| 604 | 6/25/2002 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 605 | 7/1/2002 | Atty Kevin Marks | Joanne, Laura Siegel, Don Bulson | Draft Proposal | Atty/Client | Defendants' Counsel |
| 606 | 7/1/2002 | Atty Kevin Marks | | Draft Proposal | Atty Work Product | Defendants' Counsel |
| 607 | 7/2/2002 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 608 | 7/8/2002 | Atty Kevin Marks | Laura Siegel | Letter | Atty/Client | Defendants' Counsel |
| 609 | 7/9/2002 | Laura Siegel | Atty Kevin Marks | Letter | Atty/Client | Defendants' Counsel |
| 610 | 7/10/2002 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 611 | 7/11/2002 | Laura Siegel | Atty Kevin Marks | Letter | Atty/Client | Defendants' Counsel |
| 612 | 7/11/2002 | Atty Kevin Marks | Atty Don Bulson | E-mail | Atty/Client- Joint Interest | Defendants' Counsel |
| 613 | 7/12/2002 | Atty Don Bulson | Atty Kevin Marks | E-mail | Atty/Client- Joint Interest | Defendants' Counsel |
| 614 | 7/12/2002 | Atty Kevin Marks | Joanne, Laura Siegel, Don Bulson | Letter | Atty/Client- Joint Interest | Defendants' Counsel |
| 615 | 7/15/2002 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 616 | 7/16/2002 | Atty Kevin Marks | Laura Siegel | Letter | Atty/Client | Defendants' Counsel |
| 617 | 7/17/2002 | Atty Kevin Marks | Laura Siegel | Letter | Atty/Client | Defendants' Counsel |

EXHIBIT I
258

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|---|---|---|---|---|---|---|
| 618 | 7/17/2002 | Laura Siegel | Atty Kevin Marks | Letter | Atty/Client | Defendants' Counsel |
| 619 | 7/19/2002 | Laura Siegel | Atty Kevin Marks | Letter | Atty/Client | Defendants' Counsel |
| 620 | 7/22/2002 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 621 | 7/24/2002 | Laura Siegel | Atty Kevin Marks | Letter | Atty/Client | Defendants' Counsel |
| 622 | 7/31/2002 | Atty Don Bulson | Michael Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 623 | 8/8/2002 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 624 | 8/9/2002 | Atty Kevin Marks | Joanne, Laura Siegel, Atty Don Bulson, Atty Bruce Ramer | Letter | Atty/Client | Defendants' Counsel |
| 625 | 8/12/2002 | Atty Kevin Marks | Joanne, Laura Siegel | Letter | Atty/Client | Defendants' Counsel |
| 626 | 8/13/2002 | Atty Don Bulson | Michael Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 627 | 8/14/2002 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |
| 628 | 8/14/2002 | Atty Don Bulson | Michael Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 629 | 8/20/2002 | Atty Kevin Marks | Joanne, Laura Siegel, Atty Bruce Ramer | Letter | Atty/Client | Defendants' Counsel |
| 630 | 8/22/2002 | Atty Don Bulson | Atty Kevin Marks | Letter | Atty/Client- Joint Interest | Defendants' Counsel |
| 631 | 8/23/2002 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |
| 632 | 8/27/2002 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |
| 633 | 8/27/2002 | Atty Kevin Marks | Joanne, Laura Siegel | Letter | Atty/Client | Defendants' Counsel |
| 634 | 8/28/2002 | Atty Don Bulson | Michael Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 635 | 8/30/2002 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 636 | 9/2/2002 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
259

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|------------------------|---------------------------|---------------|------------------|-------------------|
| 637 | 9/2/2002 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |
| 638 | 9/3/2002 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |
| 639 | 9/3/2002 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 640 | 9/3/2002 | Laura Siegel | Atty Kevin Marks | Letter | Atty/Client | Defendants' Counsel |
| 641 | 9/4/2002 | Atty Don Bulson | Michael Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 642 | 9/19/2002 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |
| 643 | 9/19/2002 | Atty Don Bulson | Michael Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 644 | 9/21/2002 | Joanne, Laura Siegel | Atty Kevin Marks | Letter | Atty/Client | Defendants' Counsel |
| 645 | 9/22/2002 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |
| 646 | 9/23/2002 | Atty Don Bulson | Michael Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 647 | 9/23/2002 | Atty Don Bulson | Michael Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 648 | 9/23/2002 | Atty Don Bulson | Atty Kevin Marks | E-mail | Atty/Client- Joint Interest | Defendants' Counsel |
| 649 | 9/24/2002 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |
| 650 | 9/24/2002 | Atty Don Bulson | Michael Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 651 | 9/24/2002 | Atty Don Bulson | Michael Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 652 | 9/26/2002 | Atty Kevin Marks | Joanne, Laura Siegel | Letter | Atty/Client | Defendants' Counsel |
| 653 | 9/28/2002 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |
| 654 | 9/28/2002 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |
| 655 | 10/1/2002 | Atty Don Bulson | Michael Siegel | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
260

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|---|---|---|---|---|---|---|
| 656 | 10/1/2002 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |
| 657 | 10/4/2002 | Atty Bruce Ramer | Joanne, Laura Siegel | Letter | Atty/Client | Defendants' Counsel |
| 658 | 10/4/2002 | Atty Kevin Marks | Joanne, Laura Siegel, Atty Bruce Ramer | Letter | Atty/Client | Defendants' Counsel |
| 659 | 10/4/2002 | Atty Kevin Marks | Joanne, Laura Siegel | Letter | Atty/Client | Defendants' Counsel |
| 660 | 10/15/2002 | Joanne, Laura Siegel | Atty Marc Toberoff | Letter | Atty/Client | Defendants' Counsel |
| 661 | 10/21/2002 | Joanne, Laura Siegel | Atty Marc Toberoff | Letter | Atty/Client | Defendants' Counsel |
| 662 | 11/6/2002 | Atty Marc Toberoff | Joanne, Laura Siegel | Letter | Atty/Client | Defendants' Counsel |
| 663 | 11/6/2002 | Joanne, Laura Siegel | Atty Marc Toberoff | Letter | Atty/Client | Defendants' Counsel |
| 664 | 11/8/2002 | Michael Siegel | Michael Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 665 | 11/19/2002 | Atty Don Bulson | | Notes | Atty Work Product | Defendants' Counsel |
| 666 | 11/25/2002 | Atty Don Bulson | Michael Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 667 | 11/27/2002 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |
| 668 | 12/2/2002 | Atty Marc Toberoff | Laura Siegel | Letter | Atty/Client | Defendants' Counsel |
| 669 | 12/19/2002 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |
| 670 | 1/5/2003 | Joanne, Laura Siegel | Atty Marc Toberoff | Letter | Atty/Client | Defendants' Counsel |
| 671 | 1/5/2003 | Joanne, Laura Siegel | Atty Marc Toberoff | Letter | Atty/Client | Defendants' Counsel |
| 672 | 1/9/2003 | Atty Marc Toberoff | Atty Kevin Marks | Letter | Atty/Client | Defendants' Counsel |
| 673 | 1/16/2003 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |
| 674 | 1/21/2003 | Atty Kevin Marks | Atty Marc Toberoff | Letter | Atty Work Product | Defendants' Counsel |

EXHIBIT I
261

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|----------------------|--------------------------|---------------|-----------------|------------------|
| 675 | 1/23/2003 | Atty Don Bulson | | Notes | Atty Work Product | Defendants' Counsel |
| 676 | 1/23/2003 | Atty Don Bulson | | Notes | Atty Work Product | Defendants' Counsel |
| 677 | 1/24/2003 | Atty Don Bulson | | Notes | Atty Work Product | Defendants' Counsel |
| 678 | 1/28/2003 | Atty Don Bulson | Michael Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 679 | 3/24/2003 | Atty Don Bulson | Michael Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 680 | 4/2/2003 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |
| 681 | 4/2/2003 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |
| 682 | 4/4/2003 | Atty Don Bulson | Michael Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 683 | 4/7/2003 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |
| 684 | 4/7/2003 | Atty Don Bulson | Michael Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 685 | 4/14/2003 | Atty Don Bulson | Michael Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 686 | 4/14/2003 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |
| 687 | 4/16/2003 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |
| 688 | 4/29/2003 | Atty Marc Toberoff | Atty Don Bulson | Letter | Atty/Client-Joint Interest | Defendants' Counsel |
| 689 | 4/30/2003 | Atty Marc Toberoff | Atty Don Bulson | Letter | Atty/Client-Joint Interest | Defendants' Counsel |
| 690 | 4/30/2003 | Joanne, Laura Siegel | Atty Marc Toberoff | Letter | Atty/Client | Defendants' Counsel |
| 691 | 5/6/2003 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |
| 692 | 5/6/2003 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |
| 693 | 5/7/2003 | Atty Don Bulson | Michael Siegel | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
262

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|-----------------------|--------------------------|---------------|-----------------|------------------|
| 694 | 5/8/2003 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |
| 695 | 5/8/2003 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |
| 696 | 5/12/2003 | Atty Don Bulson | Michael Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 697 | 5/12/2003 | Atty Don Bulson | Michael Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 698 | 5/12/2003 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |
| 699 | 5/27/2003 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |
| 700 | 5/27/2003 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |
| 701 | 5/28/2003 | Atty James R. Jackoway | Atty Marc Toberoff | Letter | Atty Work Product | Defendants' Counsel |
| 702 | 5/29/2003 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |
| 703 | 5/30/2003 | Atty James R. Jackoway | Atty Marc Toberoff | Letter | Atty Work Product | Defendants' Counsel |
| 704 | 5/30/2003 | Atty James R. Jackoway | Atty Marc Toberoff | Letter | Atty Work Product | Defendants' Counsel |
| 705 | 6/3/2003 | Atty Don Bulson | | Notes | Atty/Client-Joint Interest | Defendants' Counsel |
| 706 | 6/9/2003 | Atty Don Bulson | Michael Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 707 | 6/10/2003 | Atty Don Bulson | | Notes | Atty Work Product | Defendants' Counsel |
| 708 | 6/13/2003 | Atty Marc Toberoff | Atty John Pettker | Letter | Atty/Client | Defendants' Counsel |
| 709 | 6/13/2003 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |
| 710 | 6/17/2003 | Atty Don Bulson | | Letter (Draft) | Atty Work Product | Defendants' Counsel |
| 711 | 6/18/2003 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |
| 712 | 6/19/2003 | Atty Don Bulson | Michael Siegel | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
263

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|----------------------|--------------------------|---------------|-----------------|------------------|
| 713 | 6/23/2003 | Atty Don Bulson | Michael Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 714 | 6/30/2003 | Atty John Pettker | Atty Marc Toberoff, Jean Peavy | Letter | Atty/Client | Defendants' Counsel |
| 715 | 7/5/2003 | Laura Siegel | Atty Marc Toberoff | Facsimile | Atty/Client | Defendants' Counsel |
| 716 | 7/8/2003 | Atty John Pettker | Atty Marc Toberoff | Letter | Atty/Client | Defendants' Counsel |
| 717 | 7/8/2003 | Laura Siegel | Atty Marc Toberoff | Facsimile | Atty/Client | Defendants' Counsel |
| 718 | 7/8/2003 | Laura Siegel | Atty Marc Toberoff | Facsimile | Atty/Client | Defendants' Counsel |
| 719 | 7/10/2003 | Atty Marc Toberoff | Jean Peavy, Mark Warren Peary | Letter | Atty/Client | Defendants' Counsel |
| 720 | 7/11/2003 | Laura Siegel | Atty Marc Toberoff | Facsimile | Atty/Client | Defendants' Counsel |
| 721 | 7/11/2003 | Laura Siegel | Atty Marc Toberoff | Facsimile | Atty/Client | Defendants' Counsel |
| 722 | 7/14/2003 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |
| 723 | 7/14/2003 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |
| 724 | 7/14/2003 | Atty Don Bulson | Michael Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 725 | 7/15/2003 | Atty Marc Toberoff | Atty John Pettker | Letter | Atty/Client | Defendants' Counsel |
| 726 | 7/15/2003 | Atty Marc Toberoff | Mark Warren Peary | Letter | Atty/Client | Defendants' Counsel |
| 727 | 7/21/2003 | Atty Marc Toberoff | Atty John Pettker | Letter | Atty/Client | Defendants' Counsel |
| 728 | 7/21/2003 | Atty Don Bulson | | Notes | Atty/Client-Joint Interest | Defendants' Counsel |
| 729 | 8/7/2003 | Atty John Pettker | Atty Marc Toberoff | Letter | Atty/Client | Defendants' Counsel |
| 730 | 8/12/2003 | Atty Don Bulson | | Letter (Draft) | Atty Work Product | Defendants' Counsel |
| 731 | 8/25/2003 | Atty John Pettker | Mark Warren Peary | Letter | Atty/Client | Defendants' Counsel |

EXHIBIT I
264

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|---|---|---|---|---|---|---|
| 732 | 9/15/2003 | Atty John Pettker | Mark Warren Peary | Letter | Atty/Client | Defendants' Counsel |
| 733 | 9/17/2003 | Atty Don Bulson | Michael Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 734 | 9/17/2003 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |
| 735 | 9/17/2003 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |
| 736 | 9/17/2003 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |
| 737 | 10/10/2003 | Atty John Pettker | Mark Warren Peary, Jean Peavy | Letter | Atty/Client | Defendants' Counsel |
| 738 | 10/22/2003 | Atty Don Bulson | Michael Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 739 | 10/22/2003 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |
| 740 | 10/23/2003 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |
| 741 | 10/27/2003 | Atty Marc Toberoff | Mark Warren Peary | Letter | Atty/Client | Defendants' Counsel |
| 742 | 10/27/2003 | Atty Don Bulson | Michael Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 743 | 10/28/2003 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |
| 744 | 11/13/2003 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |
| 745 | 11/13/2003 | Atty Don Bulson | Michael Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 746 | 11/18/2003 | Atty Don Bulson | | Notes | Atty Work Product | Defendants' Counsel |
| 747 | 1/17/2004 | Atty Marc Toberoff | Atty Don Bulson | E-mail | Atty/Client-Joint Interest | Defendants' Counsel |
| 748 | 3/7/2004 | Laura Siegel | Atty Marc Toberoff | Letter | Atty/Client | Defendants' Counsel |
| 749 | 3/27/2004 | Joanne, Laura Siegel | Atty Marc Toberoff | Facsimile | Atty/Client | Defendants' Counsel |
| 750 | 3/29/2004 | Atty Marc Toberoff | | Notes | Atty Work Product | Defendants' Counsel |

EXHIBIT I
265

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|---|---|---|---|---|---|---|
| 751 | 3/29/2004 | Atty Marc Toberoff | Joanne, Laura Siegel | Letter | Atty/Client | Defendants' Counsel |
| 752 | 4/13/2004 | Atty Arthur Levine | Joanne, Laura Siegel | Letter | Atty/Client | Defendants' Counsel |
| 753 | 4/16/2004 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 754 | 4/16/2004 | Laura Siegel | Atty Marc Toberoff | Facsimile | Atty/Client | Defendants' Counsel |
| 755 | 5/7/2004 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 756 | 5/11/2004 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 757 | 5/11/2004 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 758 | 5/11/2004 | Atty Don Bulson | | Notes | Atty Work Product | Defendants' Counsel |
| 759 | 5/11/2004 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |
| 760 | 5/12/2004 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 761 | 5/12/2004 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 762 | 5/12/2004 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 763 | 5/25/2004 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 764 | 6/1/2004 | Laura Siegel | Atty Marc Toberoff | Facsimile | Atty/Client | Defendants' Counsel |
| 765 | 6/1/2004 | Atty Arthur Levine | Laura Siegel | Facsimile | Atty/Client | Defendants' Counsel |
| 766 | 6/1/2004 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 767 | 6/1/2004 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 768 | 6/3/2004 | Atty Don Bulson | | Notes | Atty Work Product | Defendants' Counsel |
| 769 | 6/5/2004 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
266

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|---|---|---|---|---|---|---|
| 770 | 6/5/2004 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 771 | 6/5/2004 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 772 | 6/5/2004 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 773 | 6/5/2004 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 774 | 6/7/2004 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |
| 775 | 6/7/2004 | Atty Don Bulson | Michael Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 776 | 6/7/2004 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |
| 777 | 6/8/2004 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 778 | 6/8/2004 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |
| 779 | 6/9/2004 | Atty Don Bulson | | Notes | Atty Work Product | Defendants' Counsel |
| 780 | 6/10/2004 | Atty Don Bulson | Michael Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 781 | 6/11/2004 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 782 | 6/11/2004 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 783 | 6/15/2004 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |
| 784 | 6/17/2004 | Atty Don Bulson | Michael Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 785 | 6/20/2004 | Laura Siegel | Atty Marc Toberoff | Letter | Atty/Client | Defendants' Counsel |
| 786 | 6/21/2004 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 787 | 6/21/2004 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 788 | 6/21/2004 | Atty Don Bulson | Michael Siegel | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
267

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|---|---|---|---|---|---|---|
| 789 | 6/21/2004 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |
| 790 | 6/21/2004 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |
| 791 | 6/22/2004 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 792 | 6/22/2004 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 793 | 6/23/2004 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 794 | 6/24/2004 | Atty Don Bulson | Atty Kevin Marks | E-mail | Atty/Client-Joint Interest | Defendants' Counsel |
| 795 | 6/27/2004 | Atty Kevin Marks | Atty Don Bulson | E-mail | Atty/Client-Joint Interest | Defendants' Counsel |
| 796 | 7/7/2004 | Laura Siegel | Atty Marc Toberoff | Letter | Atty/Client | Defendants' Counsel |
| 797 | 7/17/2004 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 798 | 7/21/2004 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 799 | 7/27/2004 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |
| 800 | 7/27/2004 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |
| 801 | 7/28/2004 | Atty Don Bulson | Michael Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 802 | 7/30/2004 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 803 | 7/30/2004 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 804 | 7/31/2004 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 805 | 7/31/2004 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 806 | 8/3/2004 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 807 | 8/3/2004 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
268

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|---|---|---|---|---|---|---|
| 808 | 8/4/2004 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 809 | 8/4/2004 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 810 | 8/4/2004 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 811 | 8/4/2004 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 812 | 8/4/2004 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 813 | 8/4/2004 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 814 | 8/4/2004 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 815 | 8/4/2004 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 816 | 8/4/2004 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |
| 817 | 8/5/2004 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |
| 818 | 8/9/2004 | Atty Don Bulson | Atty Marc Toberoff | E-mail | Atty/Client-Joint Interest | Defendants' Counsel |
| 819 | 8/11/2004 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 820 | 8/11/2004 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 821 | 8/11/2004 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 822 | 8/11/2004 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 823 | 8/11/2004 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 824 | 8/11/2004 | Atty Marc Toberoff | Laura Siegel | Facsimile | Atty/Client | Defendants' Counsel |
| 825 | 8/12/2004 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 826 | 8/16/2004 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
269

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|---|---|---|---|---|---|---|
| 827 | 8/16/2004 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 828 | 8/18/2004 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |
| 829 | 8/19/2004 | Atty Don Bulson | Michael Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 830 | 8/19/2004 | Joanne Siegel | Atty Arthur Levine | Letter | Atty/Client | Defendants' Counsel |
| 831 | 8/22/2004 | Atty Don Bulson | Atty Kevin Marks | Letter | Atty/Client-Joint Interest | Defendants' Counsel |
| 832 | 8/22/2004 | Atty Don Bulson | Atty Kevin Marks | Letter | Atty/Client-Joint Interest | Defendants' Counsel |
| 833 | 8/23/2004 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 834 | 9/7/2004 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 835 | 9/8/2004 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 836 | 9/9/2004 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 837 | 9/9/2004 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 838 | 9/10/2004 | Laura Siegel | Atty Marc Toberoff | Facsimile | Atty/Client | Defendants' Counsel |
| 839 | 9/13/2004 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 840 | 9/13/2004 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 841 | 9/20/2004 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 842 | 9/20/2004 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 843 | 9/20/2004 | Joanne, Laura Siegel | Atty Marc Toberoff | Letter | Atty/Client | Defendants' Counsel |
| 844 | 9/20/2004 | Joanne, Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 845 | 9/21/2004 | Atty Nicholas Williamson | Atty Marc Toberoff | Memorandum | Atty Work Product | Defendants' Counsel |

EXHIBIT I
270

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|------------------------|---------------------------|---------------|-----------------|------------------|
| 846 | 9/21/2004 | Joanne and Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 847 | 9/21/2004 | Atty Marc Toberoff | Joanne, Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 848 | 9/21/2004 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 849 | 9/21/2004 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 850 | 9/21/2004 | Joanne, Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 851 | 9/22/2004 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 852 | 9/24/2004 | Joanne, Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 853 | 9/27/2004 | Atty Marc Toberoff | | Notes to File | Atty Work Product | Defendants' Counsel |
| 854 | 9/27/2004 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 855 | 9/28/2004 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 856 | 9/29/2004 | Atty Marc Toberoff | Atty George Zadorozny | E-mail | Atty/Client | Defendants' Counsel |
| 857 | 9/29/2004 | Atty Marc Toberoff | Atty George Zadorozny, Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 858 | 9/29/2004 | Atty Marc Toberoff | Atty George Zadorozny, Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 859 | 9/29/2004 | Atty Marc Toberoff | Atty George Zadorozny, Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 860 | 9/29/2004 | Atty Marc Toberoff | Atty George Zadorozny, Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 861 | 9/29/2004 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 862 | 9/30/2004 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 863 | 9/30/2004 | Atty Marc Toberoff | Atty George Zadorozny | E-mail | Atty/Client | Defendants' Counsel |
| 864 | 10/1/2004 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
271

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|----------------------|--------------------------|---------------|-----------------|------------------|
| 865 | 10/1/2004 | Atty Marc Toberoff | Atty George Zadorozny | E-mail | Atty/Client | Defendants' Counsel |
| 866 | 10/2/2004 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 867 | 10/2/2004 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 868 | 10/2/2004 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 869 | 10/2/2004 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 870 | 10/2/2004 | Atty George Zadorozny | Atty Marc Toberoff, Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 871 | 10/2/2004 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 872 | 10/2/2004 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 873 | 10/3/2004 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 874 | 10/3/2004 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 875 | 10/3/2004 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 876 | 10/3/2004 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 877 | 10/3/2004 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 878 | 10/3/2004 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 879 | 10/3/2004 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 880 | 10/3/2004 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 881 | 10/3/2004 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 882 | 10/3/2004 | Atty Marc Toberoff | Laura Siegel, Joanne Siegel | Letter | Atty/Client | Defendants' Counsel |
| 883 | 10/3/2004 | Atty Marc Toberoff | Laura Siegel, Joanne Siegel | Letter | Atty/Client | Defendants' Counsel |

EXHIBIT I
272

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|---|---|---|---|---|---|---|
| 884 | 10/4/2004 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 885 | 10/4/2004 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 886 | 10/4/2004 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 887 | 10/4/2004 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 888 | 10/4/2004 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 889 | 10/4/2004 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 890 | 10/4/2004 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 891 | 10/4/2004 | Atty George Zadorozny | Atty Marc Toberoff, Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 892 | 10/4/2004 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 893 | 10/4/2004 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 894 | 10/4/2004 | Atty George Zadorozny | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 895 | 10/4/2004 | Atty Nicholas Williamson | | Notes | Atty Work Product | Defendants' Counsel |
| 896 | 10/4/2004 | Atty Marc Toberoff | Laura Siegel | Letter | Atty/Client | Defendants' Counsel |
| 897 | 10/4/2004 | Atty Marc Toberoff | Laura Siegel | Letter | Atty/Client | Defendants' Counsel |
| 898 | 10/4/2004 | Atty Marc Toberoff | Laura Siegel | Letter | Atty/Client | Defendants' Counsel |
| 899 | 10/4/2004 | Atty Marc Toberoff | Joanne Siegel | Letter | Atty/Client | Defendants' Counsel |
| 900 | 10/4/2004 | Atty Nicholas Williamson | Joanne Siegel | Facsimile | Atty/Client | Defendants' Counsel |
| 901 | 10/4/2004 | Laura Siegel | Atty Nicholas Williamson | Facsimile Letter | Atty/Client | Defendants' Counsel |
| 902 | 10/5/2004 | Atty George Zadorozny | Atty Marc Toberoff, Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
273

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|---|---|---|---|---|---|---|
| 903 | 10/5/2004 | Atty George Zadorozny | Atty Marc Toberoff, Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 904 | 10/5/2004 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 905 | 10/5/2004 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 906 | 10/5/2004 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 907 | 10/5/2004 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 908 | 10/5/2004 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 909 | 10/5/2004 | Laura Siegel | Attys Marc Toberoff, George Zadorozny | E-mail | Atty/Client | Defendants' Counsel |
| 910 | 10/5/2004 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 911 | 10/5/2004 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 912 | 10/5/2004 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 913 | 10/5/2004 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 914 | 10/5/2004 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 915 | 10/5/2004 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 916 | 10/5/2004 | Laura Siegel | Atty Marc Toberoff, George Zadorozny | E-mail | Atty/Client | Defendants' Counsel |
| 917 | 10/5/2004 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 918 | 10/5/2004 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 919 | 10/5/2004 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 920 | 10/5/2004 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 921 | 10/5/2004 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
274

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|-----------------------|--------------------------|---------------|-----------------|------------------|
| 922 | 10/5/2004 | Atty Don Bulson | Michael Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 923 | 10/5/2004 | Atty Don Bulson | Michael Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 924 | 10/6/2004 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 925 | 10/6/2004 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 926 | 10/6/2004 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 927 | 10/6/2004 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 928 | 10/6/2004 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 929 | 10/6/2004 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 930 | 10/6/2004 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 931 | 10/6/2004 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 932 | 10/6/2004 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 933 | 10/6/2004 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 934 | 10/6/2004 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |
| 935 | 10/6/2004 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |
| 936 | 10/7/2004 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 937 | 10/7/2004 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 938 | 10/7/2004 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 939 | 10/7/2004 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 940 | 10/7/2004 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
275

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|---|---|---|---|---|---|---|
| 941 | 10/7/2004 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 942 | 10/7/2004 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 943 | 10/7/2004 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 944 | 10/7/2004 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 945 | 10/8/2004 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 946 | 10/8/2004 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 947 | 10/8/2004 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 948 | 10/8/2004 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 949 | 10/8/2004 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 950 | 10/8/2004 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 951 | 10/8/2004 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 952 | 10/8/2004 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
276

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|----------------------|--------------------------|---------------|-----------------|------------------|
| 953 | 10/8/2004 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 954 | 10/8/2004 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 955 | 10/8/2004 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 956 | 10/8/2004 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 957 | 10/8/2004 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 958 | 10/8/2004 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 959 | 10/10/2004 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |
| 960 | 10/11/2004 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 961 | 10/11/2004 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 962 | 10/11/2004 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 963 | 10/12/2004 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |
| 964 | 10/12/2004 | Atty Don Bulson | Michael Siegel | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
277

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|---|---|---|---|---|---|---|
| 965 | 10/12/2004 | Atty Don Bulson | Atty Marc Toberoff | E-mail | Atty/Client-Joint Interest | Defendants' Counsel |
| 966 | 10/12/2004 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 967 | 10/12/2004 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 968 | 10/12/2004 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 969 | 10/12/2004 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 970 | 10/13/2004 | Atty Don Bulson | | Notes | Atty Work Product | Defendants' Counsel |
| 971 | 10/13/2004 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 972 | 10/13/2004 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 973 | 10/13/2004 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 974 | 10/15/2004 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 975 | 10/16/2004 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 976 | 10/16/2004 | Laura Siegel | Atty Marc Toberoff | Facsimile | Atty/Client | Defendants' Counsel |
| 977 | 10/17/2004 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 978 | 10/17/2004 | Atty Marc Toberoff | Laura Siegel, Joanne Siegel | Letter | Atty/Client | Defendants' Counsel |

EXHIBIT I
278

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|----------------------|-------------------------|---------------|-----------------|------------------|
| 979 | 10/18/2004 | Laura Siegel | Atty Marc Toberoff | Facsimile | Atty/Client | Defendants' Counsel |
| 980 | 10/19/2004 | Atty Nicholas Williamson | Laura Siegel | Facsimile | Atty/Client | Defendants' Counsel |
| 981 | 10/19/2004 | Atty Nicholas Williamson | Joanne Siegel | Facsimile | Atty/Client | Defendants' Counsel |
| 982 | 10/26/2004 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 983 | 10/28/2004 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 984 | 10/29/2004 | Atty Marc Toberoff | Laura Siegel, Joanne Siegel | Letter | Atty/Client | Defendants' Counsel |
| 985 | 11/15/2004 | Laura Siegel | Atty Marc Toberoff | Letter | Atty/Client | Defendants' Counsel |
| 986 | 11/15/2004 | Laura Siegel | Atty Marc Toberoff | Facsimile | Atty/Client | Defendants' Counsel |
| 987 | 11/18/2004 | Atty Don Bulson | Michael Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 988 | 11/19/2004 | Atty Don Bulson | Michael Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 989 | 11/19/2004 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |
| 990 | 11/19/2004 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |
| 991 | 11/28/2004 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |
| 992 | 12/2/2004 | Atty Don Bulson | Michael Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 993 | 12/5/2004 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |
| 994 | 12/6/2004 | Atty Don Bulson | Michael Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 995 | 12/7/2004 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
279

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|-----------------------|--------------------------|---------------|-----------------|------------------|
| 996 | 12/15/2004 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 997 | 1/16/2005 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 998 | 1/19/2005 | Laura Siegel, Joanne Siegel | Atty Marc Toberoff | Letter | Atty/Client | Defendants' Counsel |
| 999 | 1/22/2005 | Laura Siegel, Joanne Siegel | Atty Marc Toberoff | Facsimile | Atty/Client | Defendants' Counsel |
| 1000 | 2/3/2005 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1001 | 2/3/2005 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1002 | 2/4/2005 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |
| 1003 | 2/5/2005 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |
| 1004 | 2/5/2005 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |
| 1005 | 2/5/2005 | Atty Don Bulson | Michael Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1006 | 2/17/2005 | Atty Don Bulson | | Notes | Atty Work Product | Defendants' Counsel |
| 1007 | 2/20/2005 | Atty Don Bulson | Michael Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1008 | 2/22/2005 | Atty Marc Toberoff | Laura Siegel | Facsimile | Atty/Client | Defendants' Counsel |
| 1009 | 2/22/2005 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1010 | 3/6/2005 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1011 | 3/6/2005 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1012 | 3/7/2005 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
280

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|-----------------------|--------------------------|---------------|-----------------|------------------|
| 1013 | 3/14/2005 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1014 | 3/31/2005 | Laura Siegel | Atty Marc Toberoff | Facsimile | Atty/Client | Defendants' Counsel |
| 1015 | 3/31/2005 | Laura Siegel | Atty Marc Toberoff | Facsimile | Atty/Client | Defendants' Counsel |
| 1016 | 4/1/2005 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1017 | 4/7/2005 | Atty Marc Toberoff | Laura Siegel | Facsimile | Atty/Client | Defendants' Counsel |
| 1018 | 4/8/2005 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1019 | 4/17/2005 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1020 | 4/23/2005 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1021 | 4/25/2005 | Atty Marc Toberoff | Laura Siegel | Facsimile | Atty/Client | Defendants' Counsel |
| 1022 | 4/25/2005 | Atty Nicholas Williamson | Laura Siegel, Joanne Siegel | Letter | Atty/Client | Defendants' Counsel |
| 1023 | 5/6/2005 | Atty Marc Toberoff | Laura Siegel | Facsimile | Atty/Client | Defendants' Counsel |
| 1024 | 5/7/2005 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1025 | 5/7/2005 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1026 | 5/8/2005 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
281

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|---|---|---|---|---|---|---|
| 1027 | 5/13/2005 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1028 | 6/18/2005 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1029 | 7/3/2005 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1030 | 7/3/2005 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1031 | 7/3/2005 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1032 | 7/3/2005 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1033 | 7/5/2005 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1034 | 7/11/2005 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1035 | 7/26/2005 | Atty Nicholas Williamson | Laura Siegel, Joanne Siegel | Letter | Atty/Client | Defendants' Counsel |
| 1036 | 7/29/2005 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1037 | 7/31/2005 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1038 | 7/31/2005 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1039 | 8/3/2005 | Atty Marc Toberoff | Laura Siegel | Facsimile | Atty/Client | Defendants' Counsel |
| 1040 | 8/3/2005 | Atty Marc Toberoff | Joanne Siegel | Facsimile | Atty/Client | Defendants' Counsel |
| 1041 | 8/4/2005 | Atty Marc Toberoff | Laura Siegel | Facsimile | Atty/Client | Defendants' Counsel |

EXHIBIT I
282

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|-----------------------|--------------------------|---------------|-----------------|------------------|
| 1042 | 8/4/2005 | Atty Marc Toberoff | Joanne Siegel | Facsimile | Atty/Client | Defendants' Counsel |
| 1043 | 8/12/2005 | Atty Marc Toberoff | Laura Siegel | Facsimile | Atty/Client | Defendants' Counsel |
| 1044 | 8/12/2005 | Atty Marc Toberoff | Joanne Siegel | Facsimile | Atty/Client | Defendants' Counsel |
| 1045 | 8/13/2005 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1046 | 8/13/2005 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1047 | 8/25/2005 | Atty John Pettker | Mark Warren Peary | Letter | Atty/Client | Defendants' Counsel |
| 1048 | 9/9/2005 | Atty Marc Toberoff | Laura Siegel | Facsimile | Atty/Client | Defendants' Counsel |
| 1049 | 9/27/2005 | Laura Siegel | Atty Marc Toberoff | Memo | Atty/Client | Defendants' Counsel |
| 1050 | 10/8/2005 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |
| 1051 | 10/10/2005 | Atty Don Bulson | Michael Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1052 | 10/10/2005 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1053 | 10/11/2005 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |
| 1054 | 10/11/2005 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
283

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|---|---|---|---|---|---|---|
| 1055 | 10/11/2005 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1056 | 10/19/2005 | Atty Nicholas Williamson | Laura Siegel, Joanne Siegel | Letter | Atty/Client | Defendants' Counsel |
| 1057 | 10/24/2005 | Atty Don Bulson | Michael Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1058 | 10/24/2005 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |
| 1059 | 10/24/2005 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |
| 1060 | 10/25/2005 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |
| 1061 | 10/28/2005 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1062 | 10/31/2005 | Atty Don Bulson | | Notes | Atty/Client-Joint Interest | Defendants' Counsel |
| 1063 | 11/10/2005 | Laura Siegel | Atty Marc Toberoff | Memorandum re: David Michaels Conference | Atty/Client | Defendants' Counsel |
| 1064 | 11/13/2005 | Atty David Michaels | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1065 | 11/15/2005 | Atty David Michaels | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1066 | 12/7/2005 | Atty David Michaels | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1067 | 12/9/2005 | Atty David Michaels | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1068 | 12/10/2005 | Atty David Michaels | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1069 | 12/12/2005 | Atty David Michaels | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1070 | 12/12/2005 | Laura Siegel | Atty David Michaels | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
284

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|---|---|---|---|---|---|---|
| 1071 | 12/12/2005 | Joanne Siegel | Atty David Michaels | Letter | Atty/Client | Defendants' Counsel |
| 1072 | 12/13/2005 | Atty David Michaels | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1073 | 1/11/2006 | Laura Siegel, Joanne Siegel | Atty Marc Toberoff | Letter | Atty/Client | Defendants' Counsel |
| 1074 | 1/11/2006 | Laura Siegel, Joanne Siegel | Atty Marc Toberoff | Letter | Atty/Client | Defendants' Counsel |
| 1075 | 1/17/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1076 | 1/27/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1077 | 1/30/2006 | Atty Marc Toberoff | Laura Siegel, Joanne Siegel | Facsimile | Atty/Client | Defendants' Counsel |
| 1078 | 2/6/2006 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |
| 1079 | 2/16/2006 | Atty Nicholas Williamson | Laura Siegel | Letter | Atty/Client | Defendants' Counsel |
| 1080 | 2/22/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1081 | 2/25/2006 | Atty Don Bulson | Michael Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1082 | 3/1/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1083 | 3/2/2006 | Atty Nicholas Williamson | Laura Siegel | Letter | Atty/Client | Defendants' Counsel |
| 1084 | 3/2/2006 | Atty Nicholas Williamson | Joanne Siegel | Letter | Atty/Client | Defendants' Counsel |
| 1085 | 3/17/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1086 | 3/31/2006 | Atty Nicholas Williamson | Laura Siegel | Letter | Atty/Client | Defendants' Counsel |

EXHIBIT I
285

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|---|---|---|---|---|---|---|
| 1087 | 4/2/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1088 | 4/5/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1089 | 4/5/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1090 | 4/5/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1091 | 4/5/2006 | Atty Marc Toberoff | Laura Siegel | Facsimile | Atty/Client | Defendants' Counsel |
| 1092 | 4/5/2006 | Atty Marc Toberoff | Joanne Siegel | Facsimile | Atty/Client | Defendants' Counsel |
| 1093 | 4/6/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1094 | 4/6/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1095 | 4/7/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1096 | 4/9/2006 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1097 | 4/11/2006 | Jean Peavy | Atty Marc Toberoff | Letter | Atty/Client | Defendants' Counsel |
| 1098 | 4/21/2006 | Atty Nicholas Williamson | Laura Siegel | Facsimile | Atty/Client | Defendants' Counsel |
| 1099 | 5/3/2006 | Atty Alexander Merino | Laura Siegel | Letter | Atty/Client | Defendants' Counsel |
| 1100 | 5/8/2006 | Atty Alexander Merino | Laura Siegel | Letter | Atty/Client | Defendants' Counsel |
| 1101 | 5/16/2006 | Atty Nicholas Williamson | Laura Siegel | Facsimile | Atty/Client | Defendants' Counsel |

EXHIBIT I
286

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|-----------------------|--------------------------|---------------|-----------------|------------------|
| 1102 | 5/16/2006 | Atty Alexander Merino | Laura Siegel | Letter | Atty/Client | Defendants' Counsel |
| 1103 | 6/2/2006 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1104 | 6/4/2006 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1105 | 6/4/2006 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1106 | 6/4/2006 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1107 | 6/4/2006 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1108 | 6/5/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1109 | 6/5/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1110 | 6/6/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1111 | 6/6/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1112 | 6/6/2006 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1113 | 6/6/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1114 | 6/6/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1115 | 6/7/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1116 | 6/7/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
287

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|-----------------------|--------------------------|---------------|-----------------|------------------|
| 1117 | 6/7/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1118 | 6/7/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1119 | 6/7/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1120 | 6/7/2006 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1121 | 6/7/2006 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1122 | 6/7/2006 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1123 | 6/7/2006 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1124 | 6/7/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1125 | 6/7/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1126 | 6/7/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1127 | 6/7/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1128 | 6/7/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1129 | 6/8/2006 | Laura Siegel | Atty Marc Toberoff | Facsimile | Atty/Client | Defendants' Counsel |
| 1130 | 6/8/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1131 | 6/8/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
288

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|---|---|---|---|---|---|---|
| 1132 | 6/8/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1133 | 6/8/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1134 | 6/8/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1135 | 6/8/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1136 | 6/8/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1137 | 6/8/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1138 | 6/8/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1139 | 6/8/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1140 | 6/8/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1141 | 6/8/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1142 | 6/8/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1143 | 6/9/2006 | Mark Warren Peary | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1144 | 6/9/2006 | Mark Warren Peary | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1145 | 6/18/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1146 | 6/18/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1147 | 6/18/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1148 | 6/18/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1149 | 6/19/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
289

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|----------------------|--------------------------|---------------|-----------------|------------------|
| 1150 | 6/20/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1151 | 6/20/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1152 | 6/20/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1153 | 6/21/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1154 | 6/27/2006 | Atty Kevin Marks | Atty Don Bulson | E-mail | Atty/Client- Joint Interest | Defendants' Counsel |
| 1155 | 6/29/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1156 | 7/2/2006 | Atty Marc Toberoff | Laura Siegel | Facsimile | Atty/Client | Defendants' Counsel |
| 1157 | 7/3/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1158 | 7/4/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1159 | 7/4/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1160 | 7/6/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1161 | 7/6/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1162 | 7/10/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1163 | 7/10/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1164 | 7/10/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1165 | 7/11/2006 | Mark Warren Peary | Atty Marc Toberoff | Letter | Atty/Client | Defendants' Counsel |
| 1166 | 7/11/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1167 | 7/11/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
290

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|---|---|---|---|---|---|---|
| 1168 | 7/11/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1169 | 7/12/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1170 | 7/12/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1171 | 7/12/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1172 | 7/13/2006 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1173 | 7/14/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1174 | 7/14/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1175 | 7/14/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1176 | 7/14/2006 | Atty Alexander Merino | Laura Siegel | Letter | Atty/Client | Defendants' Counsel |
| 1177 | 7/14/2006 | Laura Siegel | Atty Marc Toberoff | Facsimile | Atty/Client | Defendants' Counsel |
| 1178 | 7/14/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1179 | 7/14/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1180 | 7/14/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1181 | 7/14/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1182 | 7/14/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1183 | 7/14/2006 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
291

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|------------------------|---------------------------|---------------|-----------------|------------------|
| 1184 | 7/17/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1185 | 7/18/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1186 | 7/18/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1187 | 7/20/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1188 | 7/20/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1189 | 7/20/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1190 | 7/20/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1191 | 7/20/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1192 | 7/21/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1193 | 7/23/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1194 | 7/24/2006 | Atty Alexander Merino | Atty Marc Toberoff, Atty Nicholas Williamson, Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1195 | 7/25/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1196 | 7/25/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1197 | 7/25/2006 | Laura Siegel | Atty Marc Toberoff | Facsimile Letter | Atty/Client | Defendants' Counsel |
| 1198 | 7/25/2006 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1199 | 7/25/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1200 | 7/25/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1201 | 7/25/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
292

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|-----------------------|--------------------------|---------------|-----------------|------------------|
| 1202 | 7/25/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1203 | 7/25/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1204 | 7/25/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1205 | 7/25/2006 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1206 | 7/25/2006 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1207 | 7/26/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1208 | 7/26/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1209 | 7/26/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1210 | 7/27/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1211 | 7/27/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1212 | 7/27/2006 | Laura Siegel | Atty Marc Toberoff, Atty Alexander Merino | E-mail | Atty/Client | Defendants' Counsel |
| 1213 | 7/27/2006 | Laura Siegel | Atty Marc Toberoff, Atty Alexander Merino | E-mail | Atty/Client | Defendants' Counsel |
| 1214 | 7/29/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1215 | 7/30/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1216 | 7/31/2006 | Laura Siegel | Atty Marc Toberoff | Facsimile | Atty/Client | Defendants' Counsel |
| 1217 | 7/31/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1218 | 7/31/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
293

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|---|---|---|---|---|---|---|
| 1219 | 8/3/2006 | Atty Marc Toberoff | Laura Siegel | Facsimile | Atty/Client | Defendants' Counsel |
| 1220 | 8/3/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1221 | 8/7/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1222 | 8/7/2006 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1223 | 8/8/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1224 | 8/9/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1225 | 8/9/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1226 | 8/10/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1227 | 8/11/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1228 | 8/11/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1229 | 8/11/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1230 | 8/15/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1231 | 8/15/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1232 | 8/16/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1233 | 8/17/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1234 | 8/17/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1235 | 8/17/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
294

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|---|---|---|---|---|---|---|
| 1236 | 8/18/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1237 | 8/19/2006 | Laura Siegel | Atty Marc Toberoff, Atty Alexander Merino | E-mail | Atty/Client | Defendants' Counsel |
| 1238 | 8/19/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1239 | 8/19/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1240 | 8/20/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1241 | 8/21/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1242 | 8/22/2006 | Atty Don Bulson | Atty Nicholas Williamson | E-mail | Atty/Client-Joint Interest | Defendants' Counsel |
| 1243 | 8/22/2006 | Atty Nicholas Williamson | Atty Don Bulson | E-mail | Atty/Client-Joint Interest | Defendants' Counsel |
| 1244 | 8/22/2006 | Laura Siegel | Atty Melvin Banchek, Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1245 | 8/24/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1246 | 8/25/2006 | Laura Siegel | Atty Marc Toberoff, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1247 | 8/25/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1248 | 8/25/2006 | Laura Siegel | Atty Marc Toberoff, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1249 | 8/27/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1250 | 8/27/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1251 | 8/28/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1252 | 8/29/2006 | Laura Siegel | Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1253 | 9/4/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
295

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|-----------------------|--------------------------|---------------|-----------------|------------------|
| 1254 | 9/5/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1255 | 9/7/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1256 | 9/8/2006 | Laura Siegel | Atty Marc Toberoff | Letter | Atty/Client | Defendants' Counsel |
| 1257 | 9/8/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1258 | 9/8/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1259 | 9/8/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1260 | 9/8/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1261 | 9/8/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1262 | 9/8/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1263 | 9/10/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1264 | 9/10/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1265 | 9/10/2006 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1266 | 9/11/2006 | Laura Siegel | Atty Marc Toberoff, Atty Alexander Merino, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1267 | 9/11/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1268 | 9/12/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1269 | 9/12/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1270 | 9/14/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
296

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|----------------------|--------------------------|---------------|-----------------|------------------|
| 1271 | 9/16/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1272 | 9/17/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1273 | 9/17/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1274 | 9/18/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1275 | 9/19/2006 | Laura Siegel | Atty Marc Toberoff, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1276 | 9/21/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1277 | 9/21/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1278 | 9/22/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1279 | 9/22/2006 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1280 | 9/22/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1281 | 9/22/2006 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1282 | 9/23/2006 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1283 | 9/23/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1284 | 9/23/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1285 | 9/23/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1286 | 9/23/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1287 | 9/23/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
297

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|----------------------|--------------------------|---------------|-----------------|------------------|
| 1288 | 9/23/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1289 | 9/23/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1290 | 9/23/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1291 | 9/23/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1292 | 9/23/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1293 | 9/23/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1294 | 9/23/2006 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1295 | 9/23/2006 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1296 | 9/23/2006 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1297 | 9/23/2006 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1298 | 9/23/2006 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1299 | 9/24/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1300 | 9/24/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1301 | 9/24/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1302 | 9/24/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1303 | 9/24/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
298

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|----------------------|--------------------------|---------------|-----------------|------------------|
| 1304 | 9/24/2006 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1305 | 9/24/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1306 | 9/24/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1307 | 9/24/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1308 | 9/24/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1309 | 9/24/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1310 | 9/24/2006 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1311 | 9/25/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1312 | 9/25/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1313 | 9/26/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1314 | 9/26/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1315 | 9/26/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1316 | 9/26/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1317 | 9/27/2006 | Laura Siegel | Atty Marc Toberoff | Facsimile Letter | Atty/Client | Defendants' Counsel |
| 1318 | 9/27/2006 | Atty Marc Toberoff | Joanne Siegel | Letter | Atty/Client | Defendants' Counsel |

EXHIBIT I
299

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|----------------------|-------------------------|---------------|-----------------|------------------|
| 1319 | 9/27/2006 | Atty Marc Toberoff | Laura Siegel | Letter | Atty/Client | Defendants' Counsel |
| 1320 | 9/27/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1321 | 9/29/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1322 | 9/29/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1323 | 9/29/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1324 | 10/5/2006 | Laura Siegel | Atty Marc Toberoff, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1325 | 10/5/2006 | Laura Siegel | Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1326 | 10/8/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1327 | 10/10/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1328 | 10/10/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1329 | 10/11/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1330 | 10/11/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1331 | 10/11/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1332 | 10/11/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1333 | 10/11/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1334 | 10/11/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1335 | 10/11/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
300

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|----------------------|--------------------------|---------------|-----------------|------------------|
| 1336 | 10/11/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1337 | 10/11/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1338 | 10/12/2006 | Laura Siegel | Atty Marc Toberoff, Atty Alexander Merino, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1339 | 10/12/2006 | Laura Siegel | Atty Marc Toberoff, Atty Alexander Merino, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1340 | 10/12/2006 | Laura Siegel | Atty Marc Toberoff, Atty Alexander Merino | E-mail | Atty/Client | Defendants' Counsel |
| 1341 | 10/13/2006 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1342 | 10/13/2006 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1343 | 10/14/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1344 | 10/17/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1345 | 10/17/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1346 | 10/17/2006 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1347 | 10/18/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1348 | 10/18/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1349 | 10/24/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1350 | 10/25/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1351 | 10/25/2006 | Laura Siegel | Atty Marc Toberoff, Atty Alexander Merino, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1352 | 10/25/2006 | Atty Nicholas Williamson | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1353 | 10/25/2006 | Laura Siegel | Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
301

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|------------------------|---------------------------|----------------|------------------|-------------------|
| 1354 | 10/26/2006 | Atty Alexander Merino | Laura Siegel | Letter | Atty/Client | Defendants' Counsel |
| 1355 | 10/26/2006 | Atty Alexander Merino | Joanne Siegel | Letter | Atty/Client | Defendants' Counsel |
| 1356 | 10/26/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1357 | 10/26/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1358 | 10/26/2006 | Atty Marc Toberoff | Laura Siegel | Facsimile | Atty/Client | Defendants' Counsel |
| 1359 | 10/26/2006 | Laura Siegel | Atty Marc Toberoff, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1360 | 10/26/2006 | Laura Siegel | Atty Marc Toberoff, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1361 | 10/26/2006 | Laura Siegel | Atty Marc Toberoff, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1362 | 10/26/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1363 | 10/26/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1364 | 10/27/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1365 | 10/27/2006 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1366 | 10/27/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1367 | 10/27/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1368 | 10/27/2006 | Laura Siegel | Atty Marc Toberoff, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1369 | 10/27/2006 | Laura Siegel | Atty Marc Toberoff, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
302

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|---|---|---|---|---|---|---|
| 1370 | 10/28/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1371 | 10/28/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1372 | 10/28/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1373 | 10/28/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1374 | 10/28/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1375 | 10/28/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1376 | 10/28/2006 | Laura Siegel | Atty Marc Toberoff, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1377 | 10/29/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1378 | 10/30/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1379 | 10/30/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1380 | 10/30/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1381 | 10/30/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1382 | 10/30/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1383 | 10/30/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1384 | 10/30/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1385 | 10/30/2006 | Laura Siegel | Atty Melvin Banchek, Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1386 | 10/30/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1387 | 10/30/2006 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
303

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|---|---|---|---|---|---|---|
| 1388 | 10/31/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1389 | 10/31/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1390 | 10/31/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1391 | 10/31/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1392 | 10/31/2006 | Laura Siegel | Atty Marc Toberoff, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1393 | 10/31/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1394 | 10/31/2006 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1395 | 10/31/2006 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1396 | 11/1/2006 | Atty Alexander Merino | Laura Siegel | Letter | Atty/Client | Defendants' Counsel |
| 1397 | 11/1/2006 | Atty Alexander Merino | Joanne Siegel | Letter | Atty/Client | Defendants' Counsel |
| 1398 | 11/1/2006 | Laura Siegel | Atty Marc Toberoff, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1399 | 11/1/2006 | Laura Siegel | Atty Marc Toberoff, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1400 | 11/2/2006 | Atty Marc Toberoff | Atty Don Bulson | E-mail | Atty/Client-Joint Interest | Defendants' Counsel |
| 1401 | 11/2/2006 | Atty Don Bulson | Atty Marc Toberoff | E-mail | Atty/Client-Joint Interest | Defendants' Counsel |
| 1402 | 11/2/2006 | Atty Joshua Ryland | Atty Marc Toberoff, Atty Alexander Merino, Atty Nicholas Williamson | E-mail | Atty/Client-Joint Interest, Atty Work Product | Defendants' Counsel |
| 1403 | 11/2/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
304

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|------------------------|---------------------------|---------------|-----------------|-------------------|
| 1404 | 11/2/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1405 | 11/2/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1406 | 11/2/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1407 | 11/2/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1408 | 11/2/2006 | Laura Siegel | Atty Marc Toberoff, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1409 | 11/2/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1410 | 11/2/2006 | Laura Siegel | Atty Melvin Banchek, Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1411 | 11/2/2006 | Laura Siegel | Atty Melvin Banchek, Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1412 | 11/2/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1413 | 11/2/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1414 | 11/2/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1415 | 11/3/2006 | Atty Don Bulson | Atty Marc Toberoff, Atty Alexander Merino, Atty Nicholas Williamson | E-mail | Atty/Client-Joint Interest | Defendants' Counsel |
| 1416 | 11/3/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1417 | 11/3/2006 | Laura Siegel | Atty Marc Toberoff, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1418 | 11/3/2006 | Laura Siegel | Atty Marc Toberoff, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1419 | 11/3/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1420 | 11/3/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
305

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|-----------------------|--------------------------|---------------|-----------------|------------------|
| 1421 | 11/4/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1422 | 11/4/2006 | Laura Siegel | Atty Marc Toberoff, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1423 | 11/4/2006 | Laura Siegel | Atty Marc Toberoff, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1424 | 11/4/2006 | Laura Siegel | Atty Marc Toberoff, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1425 | 11/4/2006 | Laura Siegel | Atty Marc Toberoff, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1426 | 11/4/2006 | Laura Siegel | Atty Marc Toberoff, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1427 | 11/4/2006 | Laura Siegel | Atty Marc Toberoff, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1428 | 11/4/2006 | Laura Siegel | Atty Marc Toberoff, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1429 | 11/4/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1430 | 11/4/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1431 | 11/4/2006 | Laura Siegel | Atty Marc Toberoff, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1432 | 11/4/2006 | Laura Siegel | Atty Marc Toberoff, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1433 | 11/4/2006 | Laura Siegel | Atty Marc Toberoff, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1434 | 11/4/2006 | Laura Siegel | Atty Marc Toberoff, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1435 | 11/4/2006 | Laura Siegel | Atty Marc Toberoff, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
306

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|---|---|---|---|---|---|---|
| 1436 | 11/4/2006 | Laura Siegel | Atty Marc Toberoff, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1437 | 11/4/2006 | Laura Siegel | Atty Marc Toberoff, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1438 | 11/4/2006 | Laura Siegel | Atty Marc Toberoff, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1439 | 11/4/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1440 | 11/4/2006 | Laura Siegel | Atty Marc Toberoff, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1441 | 11/5/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1442 | 11/5/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1443 | 11/5/2006 | Laura Siegel | Atty Marc Toberoff, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1444 | 11/5/2006 | Laura Siegel | Atty Marc Toberoff, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1445 | 11/5/2006 | Laura Siegel | Atty Marc Toberoff, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1446 | 11/5/2006 | Laura Siegel | Atty Marc Toberoff, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1447 | 11/5/2006 | Laura Siegel | Atty Marc Toberoff, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1448 | 11/5/2006 | Laura Siegel | Atty Marc Toberoff, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1449 | 11/6/2006 | Atty Joshua Ryland | Atty Marc Toberoff, Atty Alexander Merino, Atty Nicholas Williamson | E-mail | Atty/Client-Joint Interest, Atty Work Product | Defendants' Counsel |
| 1450 | 11/6/2006 | Atty Alexander Merino | Atty Joshua Ryland | E-mail | Atty/Client-Joint Interest, Atty Work Product | Defendants' Counsel |

EXHIBIT I
307

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|------------------------|---------------------------|----------------|------------------|-------------------|
| 1451 | 11/6/2006 | Atty Alexander Merino | Atty Joshua Ryland, Atty Thomas Fistek, Atty Don Bulson | E-mail | Atty/Client-Joint Interest, Atty Work Product | Defendants' Counsel |
| 1452 | 11/6/2006 | Atty Alexander Merino | Atty Joshua Ryland | E-mail | Atty/Client-Joint Interest, Atty Work Product | Defendants' Counsel |
| 1453 | 11/7/2006 | Laura Siegel | Atty Marc Toberoff, Atty Alexander Merino, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1454 | 11/7/2006 | Laura Siegel | Atty Marc Toberoff, Atty Alexander Merino, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1455 | 11/7/2006 | Laura Siegel | Atty Marc Toberoff, Atty Alexander Merino, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1456 | 11/7/2006 | Laura Siegel | Atty Marc Toberoff, Atty Alexander Merino, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1457 | 11/7/2006 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1458 | 11/7/2006 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1459 | 11/8/2006 | Laura Siegel | Atty Marc Toberoff, Atty Alexander Merino, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1460 | 11/8/2006 | Laura Siegel | Atty Marc Toberoff, Atty Alexander Merino, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1461 | 11/8/2006 | Laura Siegel | Atty Marc Toberoff, Atty Alexander Merino, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1462 | 11/8/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1463 | 11/8/2006 | Laura Siegel | Atty Marc Toberoff, Atty Alexander Merino, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1464 | 11/8/2006 | Laura Siegel | Atty Marc Toberoff, Atty Alexander Merino, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
308

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|----------------------|--------------------------|---------------|-----------------|------------------|
| 1465 | 11/8/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1466 | 11/8/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1467 | 11/8/2006 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1468 | 11/8/2006 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1469 | 11/8/2006 | Laura Siegel | Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1470 | 11/9/2006 | Laura Siegel | Atty Marc Toberoff, Atty Nicholas Williamson, Atty Alex Merino | E-mail | Atty/Client | Defendants' Counsel |
| 1471 | 11/9/2006 | Laura Siegel | Atty Marc Toberoff, Atty Alexander Merino, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1472 | 11/9/2006 | Laura Siegel | Atty Marc Toberoff, Atty Alexander Merino, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1473 | 11/9/2006 | Laura Siegel | Atty Marc Toberoff, Atty Alexander Merino, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1474 | 11/9/2006 | Atty Alexander Merino | Laura Siegel, Atty Nicholas Williamson, Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1475 | 11/11/2006 | Laura Siegel | Atty Marc Toberoff, Atty Alexander Merino, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1476 | 11/11/2006 | Laura Siegel | Atty Marc Toberoff, Atty Alexander Merino, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1477 | 11/11/2006 | Laura Siegel | Atty Marc Toberoff, Atty Alexander Merino, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1478 | 11/11/2006 | Laura Siegel | Atty Marc Toberoff, Atty Alexander Merino, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1479 | 11/11/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1480 | 11/12/2006 | Laura Siegel | Atty Marc Toberoff, Atty Nicholas Williamson, Atty Alex Merino | E-mail | Atty/Client | Defendants' Counsel |
| 1481 | 11/12/2006 | Laura Siegel | Atty Marc Toberoff, Atty Alexander Merino, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
309

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|----------------------|--------------------------|---------------|-----------------|------------------|
| 1482 | 11/12/2006 | Laura Siegel | Atty Marc Toberoff, Atty Alexander Merino, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1483 | 11/12/2006 | Laura Siegel | Atty Marc Toberoff, Atty Alexander Merino, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1484 | 11/12/2006 | Laura Siegel | Atty Marc Toberoff, Atty Alexander Merino, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1485 | 11/12/2006 | Laura Siegel | Atty Marc Toberoff, Atty Alexander Merino, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1486 | 11/12/2006 | Laura Siegel | Atty Marc Toberoff, Atty Alexander Merino, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1487 | 11/12/2006 | Laura Siegel | Atty Marc Toberoff, Atty Alexander Merino, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1488 | 11/13/2006 | Laura Siegel | Atty Marc Toberoff, Atty Alexander Merino, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1489 | 11/13/2006 | Laura Siegel | Atty Marc Toberoff, Atty Alexander Merino, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1490 | 11/13/2006 | Laura Siegel | Atty Marc Toberoff, Atty Alexander Merino, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1491 | 11/13/2006 | Laura Siegel | Atty Marc Toberoff, Atty Alexander Merino, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1492 | 11/13/2006 | Laura Siegel | Atty Marc Toberoff, Atty Alexander Merino, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1493 | 11/13/2006 | Laura Siegel | Atty Marc Toberoff, Atty Alexander Merino, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1494 | 11/13/2006 | Laura Siegel | Atty Marc Toberoff, Atty Alexander Merino, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1495 | 11/13/2006 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1496 | 11/13/2006 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
310

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|------------------------|---------------------------|----------------|-----------------|-------------------|
| 1497 | 11/13/2006 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1498 | 11/14/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1499 | 11/14/2006 | Laura Siegel | Atty Marc Toberoff, Atty Alexander Merino, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1500 | 11/14/2006 | Laura Siegel | Atty Marc Toberoff, Atty Alexander Merino, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1501 | 11/14/2006 | Laura Siegel | Atty Marc Toberoff, Atty Alexander Merino, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1502 | 11/14/2006 | Laura Siegel | Atty Marc Toberoff, Atty Alexander Merino, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1503 | 11/14/2006 | Laura Siegel | Atty Marc Toberoff, Atty Alexander Merino, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1504 | 11/14/2006 | Laura Siegel | Atty Marc Toberoff, Atty Alexander Merino, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1505 | 11/14/2006 | Laura Siegel | Atty Marc Toberoff, Atty Alexander Merino, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1506 | 11/14/2006 | Laura Siegel | Atty Marc Toberoff, Atty Alexander Merino, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1507 | 11/14/2006 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1508 | 11/15/2006 | Laura Siegel | Atty Marc Toberoff, Atty Alexander Merino, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1509 | 11/15/2006 | Laura Siegel | Atty Marc Toberoff, Atty Alexander Merino, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1510 | 11/15/2006 | Laura Siegel | Atty Marc Toberoff, Atty Alexander Merino, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1511 | 11/15/2006 | Laura Siegel | Atty Marc Toberoff, Atty Alexander Merino, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1512 | 11/16/2006 | Laura Siegel | Atty Marc Toberoff, Atty Alexander Merino, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
311

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|---|---|---|---|---|---|---|
| 1513 | 11/16/2006 | Laura Siegel | Atty Marc Toberoff, Atty Alexander Merino, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1514 | 11/16/2006 | Laura Siegel | Atty Marc Toberoff, Atty Alexander Merino, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1515 | 11/16/2006 | Laura Siegel | Atty Marc Toberoff, Atty Alexander Merino, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1516 | 11/16/2006 | Laura Siegel | Atty Marc Toberoff, Atty Alexander Merino, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1517 | 11/16/2006 | Laura Siegel | Atty Marc Toberoff, Atty Alexander Merino, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1518 | 11/16/2006 | Laura Siegel | Atty Marc Toberoff, Atty Alexander Merino, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1519 | 11/16/2006 | Laura Siegel | Atty Marc Toberoff, Atty Alexander Merino, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1520 | 11/16/2006 | Laura Siegel | Atty Marc Toberoff, Atty Alexander Merino, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1521 | 11/16/2006 | Laura Siegel | Atty Marc Toberoff, Atty Alexander Merino, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1522 | 11/16/2006 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1523 | 11/19/2006 | Laura Siegel | Atty Marc Toberoff, Atty Alexander Merino, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1524 | 11/19/2006 | Laura Siegel | Atty Marc Toberoff, Atty Alexander Merino, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1525 | 11/19/2006 | Laura Siegel | Atty Marc Toberoff, Atty Alexander Merino, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1526 | 11/20/2006 | Laura Siegel | Atty Marc Toberoff | Facsimile | Atty/Client | Defendants' Counsel |
| 1527 | 11/20/2006 | Laura Siegel | Atty Marc Toberoff, Atty Alexander Merino, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1528 | 11/21/2006 | Laura Siegel | Atty Marc Toberoff, Atty Alexander Merino | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
312

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|---|---|---|---|---|---|---|
| 1529 | 11/21/2006 | Laura Siegel | Atty Marc Toberoff, Atty Alexander Merino, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1530 | 11/21/2006 | Laura Siegel | Atty Marc Toberoff, Atty Alexander Merino, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1531 | 11/21/2006 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1532 | 11/21/2006 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1533 | 11/21/2006 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1534 | 11/21/2006 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1535 | 11/28/2006 | Laura Siegel | Atty Marc Toberoff | Facsimile | Atty/Client | Defendants' Counsel |
| 1536 | 11/28/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1537 | 11/28/2006 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1538 | 11/28/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1539 | 11/28/2006 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1540 | 11/28/2006 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1541 | 11/30/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1542 | 11/30/2006 | Atty Alexander Merino | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1543 | 11/30/2006 | Laura Siegel | Atty Marc Toberoff, Atty Alexander Merino, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
313

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|-----------------|----------------------|--------------------------|---------------|-----------------|------------------|
| 1544 | 11/30/2006 | Laura Siegel | Atty Marc Toberoff, Atty Alexander Merino, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1545 | 11/30/2006 | Laura Siegel | Atty Marc Toberoff, Atty Alexander Merino, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1546 | 11/30/2006 | Laura Siegel | Atty Marc Toberoff, Atty Alexander Merino, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1547 | 11/30/2006 | Laura Siegel | Atty Marc Toberoff, Atty Alexander Merino, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1548 | 12/11/2006 | Laura Siegel | Atty Marc Toberoff, Atty Alexander Merino, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1549 | 12/11/2006 | Atty Alexander Merino | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1550 | 12/12/2006 | Laura Siegel | Atty Marc Toberoff, Atty Alexander Merino, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1551 | 12/12/2006 | Laura Siegel | Atty Marc Toberoff, Atty Alexander Merino, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1552 | 12/12/2006 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1553 | 12/13/2006 | Laura Siegel | Atty Marc Toberoff, Atty Alexander Merino, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1554 | 12/13/2006 | Laura Siegel | Atty Marc Toberoff, Atty Alexander Merino, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1555 | 12/19/2006 | Laura Siegel | Atty Marc Toberoff, Atty Nicholas Williamson, Atty Alex Merino | E-mail | Atty/Client | Defendants' Counsel |
| 1556 | 12/19/2006 | Joanne Siegel | Atty Marc Toberoff | Facsimile | Atty/Client | Defendants' Counsel |
| 1557 | 12/19/2006 | Laura Siegel | Atty Marc Toberoff, Atty Nicholas Williamson, Atty Alex Merino | E-mail | Atty/Client | Defendants' Counsel |
| 1558 | 12/19/2006 | Laura Siegel | Atty Marc Toberoff, Atty Nicholas Williamson, Atty Alex Merino | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
314

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|---|---|---|---|---|---|---|
| 1559 | 12/19/2006 | Atty Alexander Merino | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1560 | 12/19/2006 | Laura Siegel | Atty Marc Toberoff, Atty Alexander Merino, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1561 | 12/19/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1562 | 12/19/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1563 | 12/19/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1564 | 12/19/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1565 | 12/19/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1566 | 12/19/2006 | Laura Siegel | Atty Marc Toberoff, Atty Alexander Merino, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1567 | 12/19/2006 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1568 | 12/19/2006 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1569 | 12/20/2006 | Laura Siegel | Atty Marc Toberoff, Atty Nicholas Williamson, Atty Alex Merino | E-mail | Atty/Client | Defendants' Counsel |
| 1570 | 12/20/2006 | Laura Siegel | Atty Marc Toberoff, Atty Nicholas Williamson, Atty Alex Merino | E-mail | Atty/Client | Defendants' Counsel |
| 1571 | 12/20/2006 | Laura Siegel | Atty Marc Toberoff, Atty Nicholas Williamson, Atty Alex Merino | E-mail | Atty/Client | Defendants' Counsel |
| 1572 | 12/20/2006 | Laura Siegel | Atty Marc Toberoff, Atty Nicholas Williamson, Atty Alex Merino | E-mail | Atty/Client | Defendants' Counsel |
| 1573 | 12/20/2006 | Laura Siegel | Atty Marc Toberoff, Atty Alexander Merino, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
315

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|----------------------|-------------------------|---------------|----------------|------------------|
| 1574 | 12/20/2006 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1575 | 12/20/2006 | Laura Siegel | Atty Marc Toberoff, Atty Alexander Merino, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1576 | 12/20/2006 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1577 | 12/20/2006 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1578 | 12/20/2006 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1579 | 12/20/2006 | Laura Siegel | Atty Marc Toberoff, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1580 | 12/28/2006 | Laura Siegel | Atty Marc Toberoff, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1581 | 1/2/2007 | Laura Siegel | Atty Marc Toberoff, Atty Nicholas Williamson, Atty Alex Merino | E-mail | Atty/Client | Defendants' Counsel |
| 1582 | 1/2/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1583 | 1/2/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1584 | 1/2/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1585 | 1/2/2007 | Laura Siegel | Atty Marc Toberoff, Atty Alexander Merino, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1586 | 1/2/2007 | Laura Siegel | Atty Marc Toberoff, Atty Alexander Merino, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1587 | 1/2/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1588 | 1/2/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
316

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|------------------------|---------------------------|----------------|------------------|-------------------|
| 1589 | 1/2/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1590 | 1/2/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1591 | 1/2/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1592 | 1/3/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1593 | 1/4/2007 | Laura Siegel | Atty Marc Toberoff, Atty Nicholas Williamson, Atty Alex Merino | E-mail | Atty/Client | Defendants' Counsel |
| 1594 | 1/4/2007 | Laura Siegel | Atty Marc Toberoff, Atty Alexander Merino, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1595 | 1/4/2007 | Laura Siegel | Atty Marc Toberoff, Atty Alexander Merino, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1596 | 1/4/2007 | Laura Siegel | Atty Marc Toberoff, Atty Alexander Merino, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1597 | 1/4/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1598 | 1/4/2007 | Laura Siegel | Atty Marc Toberoff, Atty Alexander Merino, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1599 | 1/4/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1600 | 1/4/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1601 | 1/4/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1602 | 1/5/2007 | Laura Siegel | Atty Marc Toberoff, Atty Alexander Merino, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1603 | 1/5/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
317

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|---|---|---|---|---|---|---|
| 1604 | 1/6/2007 | Laura Siegel | Atty Marc Toberoff, Atty Alexander Merino, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1605 | 1/8/2007 | Joanne Siegel | Atty Marc Toberoff | Facsimile Letter | Atty/Client | Defendants' Counsel |
| 1606 | 1/8/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1607 | 1/8/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1608 | 1/8/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1609 | 1/9/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1610 | 1/10/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1611 | 1/10/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1612 | 1/10/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1613 | 1/13/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1614 | 1/13/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1615 | 1/15/2007 | Atty Alexander Merino | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1616 | 1/15/2007 | Atty Alexander Merino | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1617 | 1/15/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1618 | 1/16/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1619 | 1/16/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
318

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|------------------------|---------------------------|---------------|-----------------|-------------------|
| 1620 | 1/16/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1621 | 1/16/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1622 | 1/16/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1623 | 1/17/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1624 | 1/18/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1625 | 1/21/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1626 | 1/21/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1627 | 1/21/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1628 | 1/21/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1629 | 1/21/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1630 | 1/21/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1631 | 1/21/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1632 | 1/21/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1633 | 1/21/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1634 | 1/23/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
319

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|-----------------------|--------------------------|---------------|-----------------|------------------|
| 1635 | 1/23/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1636 | 1/23/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1637 | 1/23/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1638 | 1/23/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1639 | 1/23/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1640 | 1/28/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1641 | 1/30/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1642 | 1/31/2007 | Atty Alexander Merino | Laura Siegel | Letter | Atty/Client | Defendants' Counsel |
| 1643 | 1/31/2007 | Atty Alexander Merino | Joanne Siegel | Letter | Atty/Client | Defendants' Counsel |
| 1644 | 1/31/2007 | Laura Siegel | Atty Marc-Toberoff | Facsimile | Atty/Client | Defendants' Counsel |
| 1645 | 1/31/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1646 | 1/31/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1647 | 1/31/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1648 | 1/31/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
320

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|------------------------|---------------------------|----------------|------------------|-------------------|
| 1649 | 1/31/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1650 | 1/31/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1651 | 2/2/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1652 | 2/2/2007 | Laura Siegel | Atty Marc-Toberoff | Facsimile | Atty/Client | Defendants' Counsel |
| 1653 | 2/2/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1654 | 2/2/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1655 | 2/2/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1656 | 2/2/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1657 | 2/2/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1658 | 2/2/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1659 | 2/2/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1660 | 2/3/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1661 | 2/3/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1662 | 2/3/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1663 | 2/3/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1664 | 2/3/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
321

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|-----------------------|--------------------------|---------------|-----------------|------------------|
| 1665 | 2/3/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1666 | 2/3/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1667 | 2/4/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1668 | 2/4/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1669 | 2/4/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1670 | 2/4/2007 | Laura Siegel | Atty Marc Toberoff, Atty Alexander Merino, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1671 | 2/4/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1672 | 2/4/2007 | Laura Siegel | Atty Marc Toberoff, Atty Alexander Merino, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1673 | 2/4/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1674 | 2/4/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1675 | 2/4/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1676 | 2/4/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1677 | 2/4/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1678 | 2/4/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1679 | 2/4/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1680 | 2/4/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
322

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|-----------------------|--------------------------|---------------|-----------------|------------------|
| 1681 | 2/5/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1682 | 2/5/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1683 | 2/5/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1684 | 2/5/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1685 | 2/5/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1686 | 2/6/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1687 | 2/6/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1688 | 2/8/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1689 | 2/8/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1690 | 2/8/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1691 | 2/8/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1692 | 2/8/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1693 | 2/8/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1694 | 2/10/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1695 | 2/10/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
323

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|---|---|---|---|---|---|---|
| 1696 | 2/11/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1697 | 2/11/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1698 | 2/12/2007 | Atty Alexander Merino | Joanne Siegel | Letter | Atty/Client | Defendants' Counsel |
| 1699 | 2/12/2007 | Atty Alexander Merino | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1700 | 2/12/2007 | Atty Alexander Merino | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1701 | 2/13/2007 | Atty Marc Toberoff | Atty Joshua Ryland | E-mail | Atty/Client-Joint Interest, Atty Work Product | Defendants' Counsel |
| 1702 | 2/13/2007 | Atty Joshua Ryland | Atty Marc Toberoff | E-mail | Atty/Client-Joint Interest, Atty Work Product | Defendants' Counsel |
| 1703 | 2/13/2007 | Atty Joshua Ryland | Atty Marc Toberoff, Atty Nicholas Williamson | E-mail | Atty/Client-Joint Interest, Atty Work Product | Defendants' Counsel |
| 1704 | 2/13/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1705 | 2/13/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1706 | 2/13/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1707 | 2/13/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
324

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|---|---|---|---|---|---|---|
| 1708 | 2/13/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1709 | 2/21/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1710 | 2/22/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1711 | 2/22/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1712 | 2/22/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1713 | 2/24/2007 | Laura Siegel | Atty Marc-Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1714 | 2/24/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1715 | 2/25/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1716 | 2/25/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1717 | 2/26/2007 | Atty Marc-Toberoff | Joanne Siegel | Letter | Atty/Client | Defendants' Counsel |
| 1718 | 2/27/2007 | Atty Alexander Merino | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1719 | 2/27/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1720 | 2/27/2007 | Laura Siegel | Atty Marc Toberoff, Atty Alexander Merino, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1721 | 2/27/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1722 | 2/27/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1723 | 2/27/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
325

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|-----------------------|--------------------------|---------------|-----------------|------------------|
| 1724 | 2/27/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1725 | 2/27/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1726 | 2/28/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1727 | 2/28/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1728 | 2/28/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1729 | 2/28/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1730 | 2/28/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1731 | 2/28/2007 | Laura Siegel | Atty Marc Toberoff, Atty Alexander Merino, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1732 | 2/28/2007 | Laura Siegel | Atty Marc Toberoff, Atty Alexander Merino, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1733 | 2/28/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1734 | 2/28/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1735 | 2/28/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1736 | 2/28/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1737 | 2/28/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1738 | 2/28/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
326

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|----------------------|--------------------------|---------------|-----------------|------------------|
| 1739 | 3/1/2007 | Laura Siegel | Atty Marc Toberoff, Atty Nicholas Williamson, Atty Alex Merino | E-mail | Atty/Client | Defendants' Counsel |
| 1740 | 3/1/2007 | Laura Siegel | Atty Marc Toberoff, Atty Nicholas Williamson, Atty Alex Merino | E-mail | Atty/Client | Defendants' Counsel |
| 1741 | 3/1/2007 | Laura Siegel | Atty Marc Toberoff, Atty Nicholas Williamson, Atty Alex Merino | E-mail | Atty/Client | Defendants' Counsel |
| 1742 | 3/1/2007 | Laura Siegel | Atty Marc Toberoff, Atty Nicholas Williamson, Atty Alex Merino | E-mail | Atty/Client | Defendants' Counsel |
| 1743 | 3/1/2007 | Laura Siegel | Atty Marc Toberoff, Atty Nicholas Williamson, Atty Alex Merino | E-mail | Atty/Client | Defendants' Counsel |
| 1744 | 3/1/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1745 | 3/1/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1746 | 3/1/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1747 | 3/1/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1748 | 3/1/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1749 | 3/1/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1750 | 3/1/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1751 | 3/1/2007 | Laura Siegel | Atty Marc Toberoff, Atty Alexander Merino, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
327

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|-----------------------|--------------------------|---------------|-----------------|------------------|
| 1752 | 3/2/2007 | Laura Siegel | Atty Marc Toberoff, Atty Alexander Merino, Atty Nicholas Williamson | | Atty/Client | Defendants' Counsel |
| 1753 | 3/5/2007 | Laura Siegel | Atty Marc Toberoff, Atty Alexander Merino, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1754 | 3/5/2007 | Laura Siegel | Atty Marc Toberoff, Atty Alexander Merino, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1755 | 3/7/2007 | Laura Siegel | Atty Marc-Toberoff | Facsimile | Atty/Client | Defendants' Counsel |
| 1756 | 3/7/2007 | Laura Siegel | Atty Marc Toberoff, Atty Alexander Merino, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1757 | 3/7/2007 | Laura Siegel | Atty Marc Toberoff, Atty Alexander Merino, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1758 | 3/7/2007 | Laura Siegel | Atty Marc Toberoff, Atty Alexander Merino, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1759 | 3/8/2007 | Laura Siegel | Atty Marc Toberoff, Atty Alexander Merino, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1760 | 3/8/2007 | Laura Siegel | Atty Marc Toberoff, Atty Alexander Merino, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1761 | 3/8/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1762 | 3/9/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1763 | 3/9/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1764 | 3/10/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1765 | 3/10/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1766 | 3/10/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1767 | 3/10/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
328

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|------------------------|---------------------------|---------------|-----------------|------------------|
| 1768 | 3/12/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1769 | 3/12/2007 | Atty Alexander Merino | Laura Siegel, Atty Nicholas Williamson, Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1770 | 3/13/2007 | Atty Marc Toberoff | Mark Warren Peary | Letter | Atty/Client | Defendants' Counsel |
| 1771 | 3/16/2007 | Atty Marc-Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1772 | 3/16/2007 | Laura Siegel | Atty Marc-Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1773 | 3/16/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1774 | 3/16/2007 | Laura Siegel | Atty Marc Toberoff, Atty Alexander Merino, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1775 | 3/16/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1776 | 3/16/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1777 | 3/16/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1778 | 3/18/2007 | Joanne Siegel | Atty Marc-Toberoff | Facsimile | Atty/Client | Defendants' Counsel |
| 1779 | 3/20/2007 | Laura Siegel | Atty Marc Toberoff, Atty Alexander Merino, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1780 | 3/20/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1781 | 3/20/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1782 | 3/21/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
329

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|-----------------------|--------------------------|---------------|-----------------|------------------|
| 1783 | 3/21/2007 | Laura Siegel | Atty Marc Toberoff, Atty Alexander Merino, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1784 | 3/21/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1785 | 3/21/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1786 | 3/22/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1787 | 3/22/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1788 | 3/22/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1789 | 3/22/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1790 | 3/22/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1791 | 3/22/2007 | Laura Siegel | Atty Marc Toberoff | Facsimile | Atty/Client | Defendants' Counsel |
| 1792 | 3/22/2007 | Laura Siegel | Atty Marc Toberoff | Facsimile | Atty/Client | Defendants' Counsel |
| 1793 | 3/27/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1794 | 3/29/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1795 | 3/29/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1796 | 3/29/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1797 | 3/29/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1798 | 3/29/2007 | Laura Siegel | Atty Marc Toberoff, Atty Alexander Merino, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1799 | 4/1/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1800 | 4/1/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
330

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|----------------------|--------------------------|---------------|-----------------|------------------|
| 1801 | 4/1/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1802 | 4/2/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1803 | 4/2/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1804 | 4/5/2007 | Laura Siegel | Atty Marc Toberoff, Atty Alexander Merino, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1805 | 4/6/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1806 | 4/6/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1807 | 4/6/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1808 | 4/9/2007 | Atty Alexander Merino | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1809 | 4/9/2007 | Atty Alexander Merino | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1810 | 4/9/2007 | Laura Siegel | Atty Alexander Merino, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1811 | 4/10/2007 | Laura Siegel | Atty Alexander Merino | E-mail | Atty/Client | Defendants' Counsel |
| 1812 | 4/13/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1813 | 4/16/2007 | Atty Melvin Banchek | Laura Siegel | Letter | Atty/Client | Defendants' Counsel |
| 1814 | 4/17/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1815 | 4/17/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1816 | 4/18/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1817 | 4/18/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1818 | 4/18/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
331

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|-----------------------|--------------------------|---------------|-----------------|------------------|
| 1819 | 4/21/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1820 | 4/22/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1821 | 4/22/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1822 | 4/22/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1823 | 4/22/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1824 | 4/23/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1825 | 4/24/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1826 | 4/24/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1827 | 4/24/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1828 | 4/25/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1829 | 4/25/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1830 | 4/25/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1831 | 4/25/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1832 | 4/26/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1833 | 4/26/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1834 | 4/26/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1835 | 4/30/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1836 | 5/1/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1837 | 5/1/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
332

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|---|---|---|---|---|---|---|
| 1838 | 5/1/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1839 | 5/2/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1840 | 5/3/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1841 | 5/3/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1842 | 5/3/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1843 | 5/3/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1844 | 5/4/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1845 | 5/4/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1846 | 5/4/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1847 | 5/4/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1848 | 5/6/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1849 | 5/6/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1850 | 5/7/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1851 | 5/9/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1852 | 5/9/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1853 | 5/10/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1854 | 5/10/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1855 | 5/10/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
333

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|---|---|---|---|---|---|---|
| 1856 | 5/10/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1857 | 5/11/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1858 | 5/11/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1859 | 5/11/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1860 | 5/11/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1861 | 5/11/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1862 | 5/18/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1863 | 5/18/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1864 | 5/18/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1865 | 5/23/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1866 | 5/27/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1867 | 5/27/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1868 | 5/27/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1869 | 5/27/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1870 | 5/27/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1871 | 5/28/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1872 | 5/28/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
334

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|-----------------------|--------------------------|---------------|-----------------|------------------|
| 1873 | 5/28/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1874 | 5/28/2007 | Atty Nicholas Williamson | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1875 | 5/28/2007 | Atty Nicholas Williamson | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1876 | 5/29/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1877 | 5/30/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1878 | 5/30/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1879 | 5/30/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1880 | 5/30/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1881 | 5/30/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1882 | 6/5/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1883 | 6/5/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1884 | 6/5/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1885 | 6/5/2007 | Atty Nicholas Williamson | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1886 | 6/5/2007 | Atty Nicholas Williamson | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1887 | 6/6/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1888 | 6/6/2007 | Atty Nicholas Williamson | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1889 | 6/7/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1890 | 6/7/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1891 | 6/7/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
335

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|----------------------|--------------------------|---------------|-----------------|------------------|
| 1892 | 6/7/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1893 | 6/7/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1894 | 6/7/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1895 | 6/10/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1896 | 6/10/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1897 | 6/11/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1898 | 6/13/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1899 | 6/21/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1900 | 6/25/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1901 | 6/26/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1902 | 6/26/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1903 | 6/26/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1904 | 6/27/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1905 | 6/27/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1906 | 6/27/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1907 | 6/29/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1908 | 6/30/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1909 | 7/3/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1910 | 7/4/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
336

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|-----------------------|--------------------------|---------------|-----------------|------------------|
| 1911 | 7/5/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1912 | 7/11/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1913 | 7/18/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1914 | 7/19/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1915 | 7/19/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1916 | 7/19/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1917 | 7/20/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1918 | 7/25/2007 | Atty Marc Toberoff | Mark Warren Peary | E-mail | Atty/Client | Defendants' Counsel |
| 1919 | 7/27/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1920 | 7/27/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1921 | 7/27/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1922 | 7/28/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1923 | 7/28/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1924 | 7/30/2007 | Atty Nicholas Williamson | Laura Siegel | Letter | Atty/Client | Defendants' Counsel |
| 1925 | 7/30/2007 | Atty Nicholas Williamson | Joanne Siegel | Letter | Atty/Client | Defendants' Counsel |
| 1926 | 7/30/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1927 | 7/30/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1928 | 7/31/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
337

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|-----------------------|--------------------------|---------------|-----------------|------------------|
| 1929 | 8/1/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1930 | 8/7/2007 | Laura Siegel | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1931 | 8/7/2007 | Laura Siegel | Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1932 | 8/10/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1933 | 8/10/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1934 | 8/10/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1935 | 8/10/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1936 | 8/11/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1937 | 8/12/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1938 | 8/13/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1939 | 8/23/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1940 | 8/27/2007 | Laura Siegel | Atty Marc Toberoff, Atty  Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 1941 | 8/28/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1942 | 8/31/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1943 | 8/31/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1944 | 9/4/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1945 | 9/4/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1946 | 9/10/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
338

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|------------------------|---------------------------|----------------|------------------|-------------------|
| 1947 | 9/10/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1948 | 9/11/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1949 | 9/18/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1950 | 9/18/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1951 | 9/18/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1952 | 9/18/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1953 | 9/18/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1954 | 9/21/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1955 | 9/21/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1956 | 9/21/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1957 | 9/21/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1958 | 9/23/2007 | Atty Marc Toberoff | Mark Warren Peary | E-mail | Atty/Client | Defendants' Counsel |
| 1959 | 9/23/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1960 | 9/23/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1961 | 9/24/2007 | Atty Marc Toberoff | Mark Warren Peary | E-mail | Atty/Client | Defendants' Counsel |
| 1962 | 9/24/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1963 | 9/24/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1964 | 9/25/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1965 | 9/26/2007 | Atty Marc Toberoff | Mark Warren Peary | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
339

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|-----------------------|--------------------------|---------------|-----------------|------------------|
| 1966 | 9/26/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1967 | 9/27/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1968 | 9/27/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1969 | 9/27/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1970 | 9/27/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1971 | 10/3/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1972 | 10/3/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1973 | 10/3/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1974 | 10/9/2007 | Atty Nicholas Williamson | Joanne Siegel | Letter | Atty/Client | Defendants' Counsel |
| 1975 | 10/9/2007 | Atty Nicholas Williamson | Laura Siegel | Letter | Atty/Client | Defendants' Counsel |
| 1976 | 10/22/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1977 | 10/22/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1978 | 10/22/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1979 | 10/22/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1980 | 10/22/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1981 | 10/22/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1982 | 10/22/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1983 | 10/22/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
340

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|-----------------------|--------------------------|---------------|-----------------|------------------|
| 1984 | 10/22/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1985 | 10/22/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1986 | 10/23/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1987 | 10/24/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1988 | 10/24/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1989 | 10/25/2007 | Atty Keith Adams | Laura Siegel | Letter | Atty/Client | Defendants' Counsel |
| 1990 | 10/25/2007 | Atty Keith Adams | Joanne Siegel | Letter | Atty/Client | Defendants' Counsel |
| 1991 | 10/31/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1992 | 10/31/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1993 | 10/31/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1994 | 10/31/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1995 | 10/31/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1996 | 10/31/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 1997 | 10/31/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1998 | 10/31/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 1999 | 11/6/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2000 | 11/6/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
341

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|------------------------|---------------------------|---------------|-----------------|------------------|
| 2001 | 11/7/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2002 | 11/7/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2003 | 11/7/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2004 | 11/8/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2005 | 11/8/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2006 | 11/8/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2007 | 11/8/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2008 | 11/12/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2009 | 11/12/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2010 | 11/14/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2011 | 11/14/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2012 | 11/14/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2013 | 11/15/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2014 | 11/15/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2015 | 11/15/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2016 | 11/15/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2017 | 11/15/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
342

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|-----------------------|--------------------------|---------------|-----------------|------------------|
| 2018 | 11/15/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2019 | 11/15/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2020 | 11/15/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2021 | 11/15/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2022 | 11/15/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2023 | 11/19/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2024 | 11/19/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2025 | 11/21/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2026 | 11/21/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2027 | 11/21/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2028 | 11/24/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2029 | 11/26/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2030 | 11/26/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2031 | 11/26/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2032 | 11/27/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2033 | 11/27/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2034 | 11/30/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2035 | 12/3/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2036 | 12/4/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
343

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|---|---|---|---|---|---|---|
| 2037 | 12/7/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2038 | 12/7/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2039 | 12/7/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2040 | 12/8/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2041 | 12/11/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2042 | 12/11/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2043 | 12/11/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2044 | 12/11/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2045 | 12/14/2007 | Atty Keith Adams | Laura Siegel | Letter | Atty/Client | Defendants' Counsel |
| 2046 | 12/14/2007 | Atty Keith Adams | Joanne Siegel | Letter | Atty/Client | Defendants' Counsel |
| 2047 | 12/18/2007 | Joanne Siegel, Laura Siegel | Atty Marc-Toberoff | Facsimile | Atty/Client | Defendants' Counsel |
| 2048 | 12/18/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2049 | 12/20/2007 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2050 | 12/21/2007 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2051 | 1/1/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2052 | 1/3/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2053 | 1/3/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2054 | 1/3/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
344

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|---|---|---|---|---|---|---|
| 2055 | 1/4/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2056 | 1/4/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2057 | 1/4/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2058 | 1/5/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2059 | 1/7/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2060 | 1/7/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2061 | 1/7/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2062 | 1/14/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2063 | 1/16/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2064 | 1/16/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2065 | 1/16/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2066 | 1/17/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2067 | 1/17/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2068 | 1/17/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2069 | 1/17/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2070 | 1/18/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2071 | 1/18/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2072 | 1/26/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
345

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|---|---|---|---|---|---|---|
| 2073 | 1/27/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2074 | 1/28/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2075 | 1/29/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2076 | 1/29/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2077 | 1/29/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2078 | 1/29/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2079 | 1/31/2008 | Atty Keith Adams | Laura Siegel | Letter | Atty/Client | Defendants' Counsel |
| 2080 | 1/31/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2081 | 2/1/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2082 | 2/1/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2083 | 2/1/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2084 | 2/6/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2085 | 2/11/2008 | Atty Marc Toberoff | Atty Joshua Ryland | E-mail | Atty/Client-Joint Interest, Atty Work Product | Defendants' Counsel |
| 2086 | 2/11/2008 | Atty Marc Toberoff | Atty Joshua Ryland | E-mail | Atty/Client-Joint Interest, Atty Work Product | Defendants' Counsel |
| 2087 | 2/11/2008 | Atty Marc Toberoff | Atty Joshua Ryland | E-mail | Atty/Client-Joint Interest, Atty Work Product | Defendants' Counsel |

EXHIBIT I
346

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|----------------------|--------------------------|---------------|-----------------|------------------|
| 2088 | 2/11/2008 | Atty Marc Toberoff | Atty Joshua Ryland | E-mail | Atty/Client-Joint Interest, Atty Work Product | Defendants' Counsel |
| 2089 | 2/11/2008 | Atty Marc Toberoff | Atty Joshua Ryland | E-mail | Atty/Client-Joint Interest, Atty Work Product | Defendants' Counsel |
| 2090 | 2/11/2008 | Atty Joshua Ryland | Atty Marc Toberoff | E-mail | Atty/Client-Joint Interest, Atty Work Product | Defendants' Counsel |
| 2091 | 2/11/2008 | Atty Joshua Ryland | Atty Marc Toberoff | E-mail | Atty/Client-Joint Interest, Atty Work Product | Defendants' Counsel |
| 2092 | 2/11/2008 | Atty Malvin Banchek | Atty Nicholas Williamson, Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2093 | 2/12/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2094 | 2/13/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2095 | 2/18/2008 | Atty Marc Toberoff | Laura Siegel, Joanne Siegel | Letter | Atty/Client | Defendants' Counsel |
| 2096 | 2/20/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2097 | 2/22/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2098 | 2/22/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2099 | 2/25/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2100 | 2/26/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2101 | 2/26/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
347

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|----------------------|--------------------------|---------------|-----------------|------------------|
| 2102 | 2/28/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2103 | 2/28/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2104 | 2/28/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2105 | 2/29/2008 | Atty Marc Toberoff | Laura Siegel, Joanne Siegel | Facsimile | Atty/Client | Defendants' Counsel |
| 2106 | 2/29/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2107 | 3/3/2008 | Atty Keith Adams | Laura Siegel | Facsimile | Atty/Client | Defendants' Counsel |
| 2108 | 3/3/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2109 | 3/5/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2110 | 3/14/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2111 | 3/22/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2112 | 3/22/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2113 | 3/26/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2114 | 3/27/2008 | Atty Marc Toberoff | Mark Warren Peary | E-mail | Atty/Client | Defendants' Counsel |
| 2115 | 3/27/2008 | Atty Keith Adams | Laura Siegel | Letter | Atty/Client | Defendants' Counsel |
| 2116 | 3/27/2008 | Atty Keith Adams | Joanne Siegel | Letter | Atty/Client | Defendants' Counsel |
| 2117 | 3/27/2008 | Atty Keith Adams | Joanne Siegel | Letter | Atty/Client | Defendants' Counsel |
| 2118 | 3/27/2008 | Atty Keith Adams | Laura Siegel | Letter | Atty/Client | Defendants' Counsel |

EXHIBIT I
348

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|-----------------------|--------------------------|---------------|-----------------|------------------|
| 2119 | 3/28/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2120 | 3/28/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2121 | 3/28/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2122 | 3/29/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2123 | 3/29/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2124 | 3/31/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2125 | 3/31/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2126 | 4/1/2008 | Joanne Siegel | Atty Marc Toberoff | Facsimile Letter | Atty/Client | Defendants' Counsel |
| 2127 | 4/2/2008 | Atty Marc Toberoff | Mark Warren Peary | E-mail | Atty/Client | Defendants' Counsel |
| 2128 | 4/2/2008 | Atty Joshua Ryland | Atty Marc Toberoff, Atty Nicholas Williamson | E-mail | Atty/Client-Joint Interest; Atty Work Product | Defendants' Counsel |
| 2129 | 4/2/2008 | Atty Marc Toberorff | Joanne Siegel | Facsimile | Atty/Client | Defendants' Counsel |
| 2130 | 4/2/2008 | Joanne Siegel | Atty Marc Toberoff | Facsimile Letter | Atty/Client | Defendants' Counsel |
| 2131 | 4/4/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2132 | 4/4/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2133 | 4/5/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2134 | 4/6/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2135 | 4/7/2008 | Atty George Zadorozny | Laura Siegel, Joanne Siegel | Facsimile Memo | Atty/Client, Atty Work Product | Defendants' Counsel |

EXHIBIT I
349

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|---|---|---|---|---|---|---|
| 2136 | 4/7/2008 | Laura Siegel | Atty Marc Toberorff | Facsimile | Atty/Client | Defendants' Counsel |
| 2137 | 4/7/2008 | Atty George Zadorozny | Laura Siegel, Joanne Siegel | Facsimile Memo | Atty/Client, Atty Work Product | Defendants' Counsel |
| 2138 | 4/7/2008 | Atty George Zadorozny | Laura Siegel, Joanne Siegel | Facsimile Memo | Atty/Client, Atty Work Product | Defendants' Counsel |
| 2139 | 4/7/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2140 | 4/7/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2141 | 4/7/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2142 | 4/7/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2143 | 4/7/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2144 | 4/7/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2145 | 4/7/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2146 | 4/8/2008 | Atty Marc Toberoff | Mark Warren Peary | E-mail | Atty/Client | Defendants' Counsel |
| 2147 | 4/8/2008 | Atty George Zadorozny | Laura Siegel, Joanne Siegel | Facsimile Memo | Atty/Client, Atty Work Product | Defendants' Counsel |
| 2148 | 4/8/2008 | Atty George Zadorozny | Laura Siegel, Joanne Siegel | Facsimile Memo | Atty/Client, Atty Work Product | Defendants' Counsel |
| 2149 | 4/8/2008 | Atty George Zadorozny | Laura Siegel, Joanne Siegel | Facsimile Memo | Atty/Client, Atty Work Product | Defendants' Counsel |

EXHIBIT I
350

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|---|---|---|---|---|---|---|
| 2150 | 4/8/2008 | Atty Marc Toberoff | Laura Siegel, Joanne Siegel | Facsimile | Atty/Client | Defendants' Counsel |
| 2151 | 4/8/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2152 | 4/8/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2153 | 4/8/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2154 | 4/8/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2155 | 4/8/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2156 | 4/8/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2157 | 4/9/2008 | Mark Warren Peary | Atty Marc Toberoff | Collective Bargaining Agreement | Atty/Client-Joint Interest; Atty Work Product; JAMS Agreement | Defendants' Counsel |
| 2158 | 4/9/2008 | Mark Warren Peary | Atty Marc Toberoff | Letter | Atty/Client | Defendants' Counsel |
| 2159 | 4/9/2008 | Atty Marc Toberoff | Mark Warren Peary | Letter | Atty/Client | Defendants' Counsel |
| 2160 | 4/9/2008 | Atty Marc Toberoff | Mark Warren Peary | Letter | Atty/Client | Defendants' Counsel |
| 2161 | 4/9/2008 | Atty Marc Toberoff | Mark Warren Peary | E-mail | Atty/Client | Defendants' Counsel |
| 2162 | 4/9/2008 | Atty Marc Toberoff | Mark Warren Peary | E-mail | Atty/Client | Defendants' Counsel |
| 2163 | 4/9/2008 | Atty Marc Toberoff | Mark Warren Peary | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
351

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|-----------------------|--------------------------|---------------|-----------------|------------------|
| 2164 | 4/9/2008 | Atty Marc Toberoff | Laura Siegel, Joanne Siegel | Letter | Atty/Client | Defendants' Counsel |
| 2165 | 4/9/2008 | Laura Siegel, Joanne Siegel | Atty Marc Toberoff | Collective Bargaining Agreement | Atty/Client-Joint Interest; Atty Work Product; JAMS Agreement | Defendants' Counsel |
| 2166 | 4/9/2008 | Laura Siegel, Joanne Siegel | Atty Marc Toberoff | Letter | Atty/Client | Defendants' Counsel |
| 2167 | 4/9/2008 | Atty Marc Toberoff | Laura Siegel, Joanne Siegel | Facsimile | Atty/Client | Defendants' Counsel |
| 2168 | 4/9/2008 | Mark Warren Peary | Atty Marc Toberoff | Facsimile | Atty/Client | Defendants' Counsel |
| 2169 | 4/9/2008 | Mark Warren Peary | Atty Marc Toberoff | Facsimile | Atty/Client | Defendants' Counsel |
| 2170 | 4/9/2008 | Laura Siegel, Joanne Siegel | Atty Marc Toberoff | Facsimile | Atty/Client | Defendants' Counsel |
| 2171 | 4/9/2008 | Joanne Siegel | Atty Marc Toberoff | Facsimile | Atty/Client | Defendants' Counsel |
| 2172 | 4/9/2008 | Joanne Siegel | Atty Marc Toberoff | Facsimile | Atty/Client | Defendants' Counsel |
| 2173 | 4/9/2008 | Atty Marc Toberoff | Laura Siegel, Joanne Siegel | Facsimile | Atty/Client | Defendants' Counsel |

EXHIBIT I
352

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|----------------------|--------------------------|---------------|-----------------|------------------|
| 2174 | 4/9/2008 | Atty George Zadorozny | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2175 | 4/9/2008 | Laura Siegel | Atty Marc Toberoff | Facsimile | Atty/Client | Defendants' Counsel |
| 2176 | 4/9/2008 | Laura Siegel | Atty Marc Toberoff | Facsimile | Atty/Client | Defendants' Counsel |
| 2177 | 4/9/2008 | Laura Siegel | Atty Marc Toberoff | Facsimile | Atty/Client | Defendants' Counsel |
| 2178 | 4/9/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2179 | 4/14/2008 | Atty Marc Toberoff | Mark Warren Peary | Letter | Atty/Client | Defendants' Counsel |
| 2180 | 4/14/2008 | Atty Keith Adams | Laura Siegel | Letter | Atty/Client | Defendants' Counsel |
| 2181 | 4/14/2008 | Atty Keith Adams | Joanne Siegel | Letter | Atty/Client | Defendants' Counsel |
| 2182 | 4/16/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2183 | 4/16/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2184 | 4/16/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2185 | 4/17/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2186 | 4/17/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2187 | 4/17/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2188 | 4/17/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2189 | 4/17/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2190 | 4/17/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
353

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|-----------------|----------------------|--------------------------|---------------|-----------------|------------------|
| 2191 | 4/17/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2192 | 4/17/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2193 | 4/17/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2194 | 4/18/2008 | Laura Siegel | Atty Marc Toberoff | Facsimile | Atty/Client | Defendants' Counsel |
| 2195 | 4/18/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2196 | 4/18/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2197 | 4/18/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2198 | 4/18/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2199 | 4/18/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2200 | 4/18/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2201 | 4/18/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2202 | 4/23/2008 | Atty Joshua Ryland | Atty Marc Toberoff, Atty Nicholas Williamson, Atty Don Bulson | E-mail | Atty/Client-Joint Interest; Atty Work Product | Defendants' Counsel |
| 2203 | 4/30/2008 | Mark Warren Peary | Atty Marc Toberoff | Facsimile | Atty/Client | Defendants' Counsel |

EXHIBIT I
354

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|---|---|---|---|---|---|---|
| 2204 | 4/30/2008 | Mark Warren Peary | Atty Marc Toberoff | Facsimile | Atty/Client | Defendants' Counsel |
| 2205 | 4/30/2008 | Atty Marc Toberoff | Mark Warren Peary | E-mail | Atty/Client | Defendants' Counsel |
| 2206 | 4/30/2008 | Laura Siegel, Joanne Siegel | Atty Marc Toberoff | Facsimile | Atty/Client | Defendants' Counsel |
| 2207 | 4/30/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2208 | 5/2/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2209 | 5/2/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2210 | 5/2/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2211 | 5/2/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2212 | 5/2/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2213 | 5/2/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2214 | 5/2/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2215 | 5/6/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2216 | 5/8/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
355

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|---|---|---|---|---|---|---|
| 2217 | 5/8/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2218 | 5/13/2008 | Atty Marc Toberoff | Laura Siegel | Letter | Atty/Client | Defendants' Counsel |
| 2219 | 5/14/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2220 | 5/20/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2221 | 5/20/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2222 | 5/20/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2223 | 5/21/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2224 | 5/21/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2225 | 5/23/2008 | Atty Keith Adams | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2226 | 5/23/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2227 | 5/23/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2228 | 5/23/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2229 | 5/23/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2230 | 5/23/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2231 | 5/23/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2232 | 5/23/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2233 | 5/23/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
356

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|------------------------|---------------------------|----------------|------------------|-------------------|
| 2234 | 5/23/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2235 | 5/25/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2236 | 5/25/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2237 | 5/26/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2238 | 5/27/2008 | Ajay Mody, Atty Keith Adams | | Memorandum | Atty Work Product; JAMS Agreement | Defendants' Counsel |
| 2239 | 5/27/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2240 | 5/27/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2241 | 5/27/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2242 | 5/27/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2243 | 5/27/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2244 | 5/27/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2245 | 5/27/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2246 | 5/28/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2247 | 6/6/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2248 | 6/11/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2249 | 6/11/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2250 | 6/15/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2251 | 6/15/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
357

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|-----------------|----------------------|-------------------------|---------------|-----------------|------------------|
| 2252 | 6/15/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2253 | 6/17/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2254 | 6/17/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2255 | 6/17/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2256 | 6/17/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2257 | 6/20/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2258 | 6/25/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2259 | 6/25/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2260 | 7/1/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2261 | 7/3/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2262 | 7/3/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2263 | 7/11/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2264 | 7/11/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2265 | 7/11/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2266 | 7/12/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2267 | 7/12/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2268 | 7/13/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
358

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|-----------------------|--------------------------|---------------|-----------------|------------------|
| 2269 | 7/15/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2270 | 7/15/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2271 | 7/15/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2272 | 7/15/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2273 | 7/15/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2274 | 7/22/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2275 | 7/22/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2276 | 7/22/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2277 | 7/28/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2278 | 7/29/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2279 | 7/29/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2280 | 7/30/2008 | Atty Keith Adams | Joanne Siegel | Letter | Atty/Client | Defendants' Counsel |
| 2281 | 7/30/2008 | Atty Keith Adams | Laura Siegel | Letter | Atty/Client | Defendants' Counsel |
| 2282 | 8/7/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2283 | 8/7/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2284 | 8/7/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2285 | 8/8/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2286 | 8/8/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
359

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|-----------------------|--------------------------|---------------|-----------------|------------------|
| 2287 | 8/8/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2288 | 8/8/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2289 | 8/8/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2290 | 8/8/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2291 | 8/8/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2292 | 8/12/2008 | Atty Keith Adams | Laura Siegel | Letter | Atty/Client | Defendants' Counsel |
| 2293 | 8/12/2008 | Atty Keith Adams | Joanne Siegel | Letter | Atty/Client | Defendants' Counsel |
| 2294 | 8/12/2008 | Atty Keith Adams | Joanne Siegel | Letter | Atty/Client | Defendants' Counsel |
| 2295 | 8/12/2008 | Atty Keith Adams | Laura Siegel | Letter | Atty/Client | Defendants' Counsel |
| 2296 | 8/12/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2297 | 8/13/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2298 | 8/17/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2299 | 8/17/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2300 | 8/17/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
360

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|----------------------|--------------------------|---------------|-----------------|------------------|
| 2301 | 8/17/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2302 | 8/17/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2303 | 8/17/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2304 | 8/17/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2305 | 8/17/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2306 | 8/17/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2307 | 8/18/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2308 | 8/19/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2309 | 8/20/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2310 | 8/20/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2311 | 8/20/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2312 | 8/20/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2313 | 8/21/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2314 | 8/21/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2315 | 8/21/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2316 | 8/22/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2317 | 8/23/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
361

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|------------------------|---------------------------|----------------|------------------|-------------------|
| 2318 | 8/23/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2319 | 8/23/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2320 | 8/26/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2321 | 8/26/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2322 | 9/2/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2323 | 9/2/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2324 | 9/2/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2325 | 9/4/2008 | Atty Marc Toberoff | Mark Warren Peary | E-mail | Atty/Client | Defendants' Counsel |
| 2326 | 9/4/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2327 | 9/4/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2328 | 9/4/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2329 | 9/4/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2330 | 9/4/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2331 | 9/4/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2332 | 9/4/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2333 | 9/5/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2334 | 9/5/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2335 | 9/5/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
362

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|-----------------------|--------------------------|---------------|-----------------|------------------|
| 2336 | 9/5/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2337 | 9/6/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2338 | 9/6/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2339 | 9/8/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2340 | 9/8/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2341 | 9/8/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2342 | 9/10/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2343 | 9/10/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2344 | 9/10/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2345 | 9/10/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2346 | 9/10/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2347 | 9/10/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2348 | 9/11/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2349 | 9/15/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2350 | 9/15/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2351 | 9/18/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2352 | 9/18/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2353 | 9/18/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2354 | 9/18/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
363

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|-----------------------|--------------------------|---------------|-----------------|------------------|
| 2355 | 9/18/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2356 | 9/18/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2357 | 9/20/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2358 | 9/21/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2359 | 9/21/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2360 | 9/22/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2361 | 9/22/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2362 | 9/22/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2363 | 9/22/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2364 | 9/22/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2365 | 9/22/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2366 | 9/22/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2367 | 9/22/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
364

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|---|---|---|---|---|---|---|
| 2368 | 9/22/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2369 | 9/22/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2370 | 9/23/2008 | Atty Keith Adams | Laura Siegel, Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2371 | 9/23/2008 | Atty Marc Toberoff | Joanne Siegel | Facsimile | Atty/Client | Defendants' Counsel |
| 2372 | 9/23/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2373 | 9/23/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2374 | 9/23/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2375 | 9/23/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2376 | 9/24/2008 | Atty Keith Adams | Laura Siegel, Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2377 | 9/24/2008 | Laura Siegel | Atty Keith Adams | E-mail | Atty/Client | Defendants' Counsel |
| 2378 | 9/24/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2379 | 9/24/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2380 | 9/24/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2381 | 9/24/2008 | Atty Nicholas Williamson | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2382 | 9/26/2008 | Atty Keith Adams | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2383 | 9/26/2008 | Laura Siegel | Atty Keith Adams | E-mail | Atty/Client | Defendants' Counsel |
| 2384 | 9/26/2008 | Atty Nicholas Williamson | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
365

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|---|---|---|---|---|---|---|
| 2385 | 9/30/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2386 | 9/30/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2387 | 9/30/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2388 | 9/30/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2389 | 9/30/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2390 | 9/30/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2391 | 9/30/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2392 | 10/1/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2393 | 10/1/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2394 | 10/11/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2395 | 10/11/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2396 | 10/11/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2397 | 10/11/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2398 | 10/15/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2399 | 10/15/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2400 | 10/15/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2401 | 10/15/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2402 | 10/15/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
366

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|---|---|---|---|---|---|---|
| 2403 | 10/15/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2404 | 10/20/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2405 | 10/20/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2406 | 10/20/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2407 | 10/24/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2408 | 10/24/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2409 | 10/24/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2410 | 10/24/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2411 | 10/24/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2412 | 10/24/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2413 | 10/24/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2414 | 11/4/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2415 | 11/4/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2416 | 11/4/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2417 | 11/10/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2418 | 11/10/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2419 | 11/10/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2420 | 11/10/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
367

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|-----------------------|--------------------------|---------------|-----------------|------------------|
| 2421 | 11/10/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2422 | 11/11/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2423 | 11/11/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2424 | 11/14/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2425 | 11/14/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2426 | 11/14/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2427 | 11/16/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2428 | 11/16/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2429 | 11/16/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2430 | 11/18/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2431 | 11/18/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2432 | 11/18/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2433 | 11/18/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2434 | 11/18/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2435 | 11/24/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2436 | 11/24/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
368

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|-----------------------|--------------------------|---------------|-----------------|------------------|
| 2437 | 11/24/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2438 | 11/24/2008 | Laura Siegel | Atty Christopher Coleman, Atty Melvin Banchek | E-mail | Atty/Client | Defendants' Counsel |
| 2439 | 11/25/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2440 | 11/25/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2441 | 11/25/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2442 | 11/25/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2443 | 11/26/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2444 | 11/28/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2445 | 12/2/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2446 | 12/2/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
369

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|------------------------|---------------------------|---------------|------------------|-------------------|
| 2447 | 12/2/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2448 | 12/2/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2449 | 12/3/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2450 | 12/3/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2451 | 12/3/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2452 | 12/3/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2453 | 12/3/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2454 | 12/3/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2455 | 12/15/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2456 | 12/15/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2457 | 12/15/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2458 | 12/15/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2459 | 12/15/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2460 | 12/18/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2461 | 12/19/2008 | Atty Keith Adams | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2462 | 12/19/2008 | Laura Siegel | Atty Keith Adams | E-mail | Atty/Client | Defendants' Counsel |
| 2463 | 12/19/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
370

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|-----------------|----------------------|--------------------------|---------------|-----------------|------------------|
| 2464 | 12/19/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2465 | 12/19/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2466 | 12/19/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2467 | 12/19/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2468 | 12/19/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2469 | 12/19/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2470 | 12/19/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2471 | 12/19/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2472 | 12/23/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2473 | 12/23/2008 | Laura Siegel | Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 2474 | 12/23/2008 | Atty Nicholas Williamson | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2475 | 12/23/2008 | Laura Siegel | Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 2476 | 12/27/2008 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2477 | 12/29/2008 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2478 | 1/15/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2479 | 1/15/2009 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2480 | 1/15/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2481 | 1/15/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2482 | 1/27/2009 | Atty Keith Adams | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
371

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|---|---|---|---|---|---|---|
| 2483 | 1/27/2009 | Laura Siegel | Atty Keith Adams | E-mail | Atty/Client | Defendants' Counsel |
| 2484 | 1/27/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2485 | 1/27/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2486 | 1/27/2009 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2487 | 1/27/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2488 | 1/28/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2489 | 1/28/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2490 | 1/28/2009 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2491 | 1/29/2009 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2492 | 1/29/2009 | Atty Keith Adams | Joanne Siegel | Facsimile | Atty/Client | Defendants' Counsel |
| 2493 | 1/29/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2494 | 1/29/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2495 | 1/29/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2496 | 1/30/2009 | Atty Keith Adams | Joanne Siegel | Letter | Atty/Client | Defendants' Counsel |
| 2497 | 1/30/2009 | Atty Keith Adams | Laura Siegel | Letter | Atty/Client | Defendants' Counsel |
| 2498 | 2/3/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2499 | 2/3/2009 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2500 | 2/3/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2501 | 2/3/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
372

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|------------------------|---------------------------|---------------|-----------------|------------------|
| 2502 | 2/3/2009 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2503 | 2/3/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2504 | 2/3/2009 | Atty Christopher Coleman | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2505 | 2/4/2009 | Laura Siegel | Atty Christopher Coleman, Atty Melvin Banchek | E-mail | Atty/Client | Defendants' Counsel |
| 2506 | 2/5/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2507 | 2/5/2009 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2508 | 2/5/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2509 | 2/5/2009 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2510 | 2/5/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2511 | 2/9/2009 | Laura Siegel | Atty Christopher Coleman, Atty Melvin Banchek | E-mail | Atty/Client | Defendants' Counsel |
| 2512 | 2/12/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2513 | 2/15/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2514 | 2/16/2009 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2515 | 2/16/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2516 | 2/16/2009 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2517 | 2/23/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
373

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|-----------------------|--------------------------|---------------|-----------------|------------------|
| 2518 | 2/24/2009 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2519 | 2/26/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2520 | 3/2/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2521 | 3/19/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2522 | 3/20/2009 | Atty Keith Adams | Joanne Siegel | Letter | Atty/Client | Defendants' Counsel |
| 2523 | 3/20/2009 | Atty Keith Adams | Laura Siegel | Letter | Atty/Client | Defendants' Counsel |
| 2524 | 3/20/2009 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2525 | 3/20/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2526 | 3/20/2009 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2527 | 3/24/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2528 | 3/24/2009 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2529 | 3/24/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2530 | 3/31/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2531 | 4/15/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2532 | 4/15/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2533 | 4/15/2009 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2534 | 4/15/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2535 | 4/15/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2536 | 4/15/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
374

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|-----------------------|--------------------------|---------------|-----------------|------------------|
| 2537 | 4/28/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2538 | 4/28/2009 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2539 | 4/28/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2540 | 4/28/2009 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2541 | 4/28/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2542 | 5/1/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2543 | 5/1/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2544 | 5/1/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2545 | 5/2/2009 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2546 | 5/10/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2547 | 5/10/2009 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2548 | 5/15/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2549 | 5/17/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2550 | 5/18/2009 | Laura Siegel | Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 2551 | 5/18/2009 | Atty Nicholas Williamson | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2552 | 5/31/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2553 | 5/31/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2554 | 5/31/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2555 | 5/31/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
375

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|-----------------------|--------------------------|---------------|-----------------|------------------|
| 2556 | 6/1/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2557 | 6/1/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2558 | 6/1/2009 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2559 | 6/1/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2560 | 6/3/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2561 | 6/3/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2562 | 6/14/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2563 | 6/17/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2564 | 6/17/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2565 | 6/19/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2566 | 6/19/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2567 | 6/19/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2568 | 6/23/2009 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2569 | 6/23/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2570 | 6/23/2009 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2571 | 6/23/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2572 | 6/23/2009 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2573 | 6/24/2009 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
376

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|----------------------|--------------------------|---------------|-----------------|------------------|
| 2574 | 6/24/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2575 | 6/24/2009 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2576 | 7/1/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2577 | 7/1/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2578 | 7/1/2009 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2579 | 7/1/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2580 | 7/6/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2581 | 7/6/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2582 | 7/6/2009 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2583 | 7/7/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2584 | 7/8/2009 | Atty Nicholas Williamson | Laura Siegel, Atty Keith Adams | E-mail | Atty/Client | Defendants' Counsel |
| 2585 | 7/8/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2586 | 7/8/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2587 | 7/8/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2588 | 7/8/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2589 | 7/8/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2590 | 7/8/2009 | Laura Siegel | Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 2591 | 7/9/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2592 | 7/13/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
377

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|---|---|---|---|---|---|---|
| 2593 | 7/13/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2594 | 7/13/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2595 | 7/14/2009 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2596 | 7/14/2009 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2597 | 7/14/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2598 | 7/14/2009 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2599 | 7/14/2009 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2600 | 7/14/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2601 | 7/14/2009 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2602 | 7/14/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2603 | 7/14/2009 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2604 | 7/14/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2605 | 7/14/2009 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2606 | 7/14/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2607 | 7/14/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2608 | 7/14/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2609 | 7/14/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2610 | 7/14/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2611 | 7/14/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
378

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|-----------------------|--------------------------|---------------|-----------------|------------------|
| 2612 | 7/14/2009 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2613 | 7/14/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2614 | 7/14/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2615 | 7/14/2009 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2616 | 7/14/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2617 | 7/15/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2618 | 7/17/2009 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2619 | 7/20/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2620 | 7/20/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2621 | 7/20/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2622 | 7/20/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2623 | 7/21/2009 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2624 | 7/21/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2625 | 7/21/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2626 | 7/21/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2627 | 7/22/2009 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2628 | 7/22/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2629 | 7/22/2009 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2630 | 7/22/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
379

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|------------------------|---------------------------|---------------|-----------------|-------------------|
| 2631 | 7/23/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2632 | 7/23/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2633 | 7/24/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2634 | 7/25/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2635 | 7/25/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2636 | 7/25/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2637 | 7/26/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2638 | 7/26/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2639 | 7/26/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2640 | 7/27/2009 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2641 | 7/27/2009 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2642 | 7/28/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2643 | 7/28/2009 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2644 | 7/29/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2645 | 7/31/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2646 | 7/31/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2647 | 7/31/2009 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2648 | 7/31/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2649 | 7/31/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
380

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|---|---|---|---|---|---|---|
| 2650 | 7/31/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2651 | 8/12/2009 | Atty Keith Adams | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2652 | 8/12/2009 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2653 | 8/12/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2654 | 8/12/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2655 | 8/13/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2656 | 8/13/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2657 | 8/14/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2658 | 8/14/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2659 | 8/14/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2660 | 8/15/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2661 | 8/16/2009 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2662 | 8/16/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2663 | 8/20/2009 | Atty Keith Adams | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2664 | 8/21/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2665 | 8/21/2009 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2666 | 8/21/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2667 | 8/21/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2668 | 8/21/2009 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
381

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|---|---|---|---|---|---|---|
| 2669 | 8/22/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2670 | 8/24/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2671 | 8/24/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2672 | 8/24/2009 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2673 | 8/24/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2674 | 8/25/2009 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2675 | 8/26/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2676 | 8/26/2009 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2677 | 8/26/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2678 | 8/27/2009 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2679 | 8/27/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2680 | 8/27/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2681 | 8/27/2009 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2682 | 8/28/2009 | Laura Siegel | Atty Marc Toberoff, Atty Keith Adams | E-mail | Atty/Client | Defendants' Counsel |
| 2683 | 8/28/2009 | Laura Siegel | Atty Marc Toberoff, Atty Keith Adams | E-mail | Atty/Client | Defendants' Counsel |
| 2684 | 8/28/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2685 | 8/28/2009 | Laura Siegel | Atty Marc Toberoff, Atty Keith Adams, Atty Nicholas Wililamson | E-mail | Atty/Client | Defendants' Counsel |
| 2686 | 8/28/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2687 | 8/28/2009 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
382

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|----------------------|--------------------------|---------------|-----------------|------------------|
| 2688 | 8/28/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2689 | 8/31/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2690 | 8/31/2009 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2691 | 8/31/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2692 | 8/31/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2693 | 9/6/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2694 | 9/7/2009 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2695 | 9/7/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2696 | 9/8/2009 | Atty Marc Toberoff | Mark Warren Peary | E-mail | Atty/Client | Defendants' Counsel |
| 2697 | 9/8/2009 | Atty Keith Adams | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2698 | 9/8/2009 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2699 | 9/8/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2700 | 9/8/2009 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2701 | 9/8/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2702 | 9/8/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2703 | 9/8/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2704 | 9/9/2009 | Laura Siegel | Atty Marc Toberoff, Atty Keith Adams | E-mail | Atty/Client | Defendants' Counsel |
| 2705 | 9/9/2009 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2706 | 9/9/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
383

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|---|---|---|---|---|---|---|
| 2707 | 9/9/2009 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2708 | 9/9/2009 | Laura Siegel | Atty Marc Toberoff, Atty Keith Adams | E-mail | Atty/Client | Defendants' Counsel |
| 2709 | 9/9/2009 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2710 | 9/9/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2711 | 9/9/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2712 | 9/9/2009 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2713 | 9/9/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2714 | 9/9/2009 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2715 | 9/9/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2716 | 9/9/2009 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2717 | 9/9/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2718 | 9/9/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2719 | 9/9/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2720 | 9/9/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2721 | 9/9/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2722 | 9/10/2009 | Atty Marc Toberoff | Mark Warren Peary | E-mail | Atty/Client | Defendants' Counsel |
| 2723 | 9/10/2009 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2724 | 9/10/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2725 | 9/10/2009 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
384

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|----------------------|--------------------------|---------------|-----------------|------------------|
| 2726 | 9/10/2009 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2727 | 9/10/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2728 | 9/10/2009 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2729 | 9/14/2009 | Atty Marc Toberoff | Mark Warren Peary | E-mail | Atty/Client | Defendants' Counsel |
| 2730 | 9/14/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2731 | 9/14/2009 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2732 | 9/14/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2733 | 9/14/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2734 | 9/14/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2735 | 9/14/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2736 | 9/14/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2737 | 9/14/2009 | Atty Nicholas Williamson | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2738 | 9/15/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2739 | 9/15/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2740 | 9/15/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2741 | 9/15/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2742 | 9/15/2009 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2743 | 9/15/2009 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
385

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|------------------------|---------------------------|----------------|------------------|-------------------|
| 2744 | 9/15/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2745 | 9/15/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2746 | 9/15/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2747 | 9/15/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2748 | 9/15/2009 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2749 | 9/15/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2750 | 9/16/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2751 | 9/16/2009 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2752 | 9/16/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2753 | 9/16/2009 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2754 | 9/16/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2755 | 9/17/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2756 | 9/18/2009 | Atty Keith Adams | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2757 | 9/18/2009 | Laura Siegel | Atty Keith Adams | E-mail | Atty/Client | Defendants' Counsel |
| 2758 | 9/18/2009 | Atty Keith Adams | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2759 | 9/18/2009 | Laura Siegel | Atty Keith Adams | E-mail | Atty/Client | Defendants' Counsel |
| 2760 | 9/18/2009 | Atty Keith Adams | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2761 | 9/18/2009 | Laura Siegel | Atty Marc Toberoff, Atty Keith Adams | E-mail | Atty/Client | Defendants' Counsel |
| 2762 | 9/18/2009 | Atty Keith Adams | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
386

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|------------------------|---------------------------|----------------|------------------|-------------------|
| 2763 | 9/18/2009 | Laura Siegel | Atty Marc Toberoff, Atty Keith Adams | E-mail | Atty/Client | Defendants' Counsel |
| 2764 | 9/18/2009 | Laura Siegel | Atty Marc Toberoff, Atty Keith Adams | E-mail | Atty/Client | Defendants' Counsel |
| 2765 | 9/22/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2766 | 9/25/2009 | Atty Keith Adams | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2767 | 10/1/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2768 | 10/1/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2769 | 10/1/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2770 | 10/2/2009 | Atty Keith Adams | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2771 | 10/2/2009 | Laura Siegel | Atty Keith Adams | E-mail | Atty/Client | Defendants' Counsel |
| 2772 | 10/5/2009 | Atty Keith Adams | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2773 | 10/5/2009 | Laura Siegel | Atty Keith Adams | E-mail | Atty/Client | Defendants' Counsel |
| 2774 | 10/5/2009 | Atty Keith Adams | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2775 | 10/5/2009 | Laura Siegel | Atty Keith Adams | E-mail | Atty/Client | Defendants' Counsel |
| 2776 | 10/5/2009 | Atty Keith Adams | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2777 | 10/5/2009 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2778 | 10/5/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
387

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|---|---|---|---|---|---|---|
| 2779 | 10/5/2009 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2780 | 10/5/2009 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2781 | 10/5/2009 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2782 | 10/5/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2783 | 10/5/2009 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2784 | 10/5/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2785 | 10/6/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2786 | 10/6/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2787 | 10/6/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2788 | 10/6/2009 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2789 | 10/6/2009 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2790 | 10/6/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2791 | 10/6/2009 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2792 | 10/6/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2793 | 10/6/2009 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2794 | 10/7/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2795 | 10/7/2009 | Laura Siegel | Atty Marc Toberoff, Atty Keith Adams, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 2796 | 10/7/2009 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2797 | 10/7/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
388

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|---|---|---|---|---|---|---|
| 2798 | 10/8/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2799 | 10/8/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2800 | 10/8/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2801 | 10/9/2009 | Atty Keith Adams | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2802 | 10/9/2009 | Laura Siegel | Atty Keith Adams | E-mail | Atty/Client | Defendants' Counsel |
| 2803 | 10/9/2009 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2804 | 10/9/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2805 | 10/9/2009 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2806 | 10/9/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2807 | 10/9/2009 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2808 | 10/9/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2809 | 10/10/2009 | Atty Keith Adams | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2810 | 10/10/2009 | Atty Keith Adams | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2811 | 10/10/2009 | Laura Siegel | Atty Keith Adams | E-mail | Atty/Client | Defendants' Counsel |
| 2812 | 10/10/2009 | Atty Keith Adams | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2813 | 10/11/2009 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2814 | 10/11/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2815 | 10/12/2009 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
389

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|-----------------------|--------------------------|---------------|-----------------|------------------|
| 2816 | 10/12/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2817 | 10/12/2009 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2818 | 10/12/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2819 | 10/15/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2820 | 10/15/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2821 | 10/16/2009 | Atty Keith Adams | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2822 | 10/16/2009 | Laura Siegel | Atty Keith Adams | E-mail | Atty/Client | Defendants' Counsel |
| 2823 | 10/16/2009 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2824 | 10/16/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2825 | 10/19/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2826 | 10/19/2009 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2827 | 10/19/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2828 | 10/19/2009 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2829 | 10/20/2009 | Atty Keith Adams | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2830 | 10/20/2009 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2831 | 10/21/2009 | Atty Keith Adams | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2832 | 10/21/2009 | Laura Siegel | Atty Keith Adams | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
390

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|---|---|---|---|---|---|---|
| 2833 | 10/21/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2834 | 10/21/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2835 | 10/28/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2836 | 10/30/2009 | Atty Keith Adams | Laura Siegel, Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2837 | 10/30/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2838 | 11/2/2009 | Laura Siegel | Atty Keith Adams | E-mail | Atty/Client | Defendants' Counsel |
| 2839 | 11/2/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2840 | 11/3/2009 | Atty Keith Adams | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2841 | 11/3/2009 | Laura Siegel | Atty Keith Adams | E-mail | Atty/Client | Defendants' Counsel |
| 2842 | 11/3/2009 | Laura Siegel | Atty Keith Adams | E-mail | Atty/Client | Defendants' Counsel |
| 2843 | 11/3/2009 | Atty Keith Adams | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2844 | 11/10/2009 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2845 | 11/10/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2846 | 11/11/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2847 | 11/11/2009 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2848 | 11/14/2009 | Laura Siegel | Atty Marc Toberoff, Atty Keith Adams, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 2849 | 11/16/2009 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2850 | 12/3/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
391

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|-----------------------|--------------------------|---------------|-----------------|------------------|
| 2851 | 12/3/2009 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2852 | 12/3/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2853 | 12/4/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2854 | 12/4/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2855 | 12/4/2009 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2856 | 12/4/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2857 | 12/15/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2858 | 12/15/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2859 | 12/15/2009 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2860 | 12/16/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2861 | 12/16/2009 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2862 | 12/16/2009 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2863 | 12/29/2009 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2864 | 1/2/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2865 | 1/2/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2866 | 1/6/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2867 | 1/6/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2868 | 1/14/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2869 | 1/20/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
392

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|---|---|---|---|---|---|---|
| 2870 | 1/20/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2871 | 1/21/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2872 | 1/21/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2873 | 1/21/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2874 | 2/1/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2875 | 2/1/2010 | Laura Siegel | Atty Christopher Coleman, Atty Melvin Banchek | E-mail | Atty/Client | Defendants' Counsel |
| 2876 | 2/4/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2877 | 2/4/2010 | Atty Melvin Banchek | Laura Siegel, Atty Christopher Coleman | Letter | Atty/Client | Defendants' Counsel |
| 2878 | 2/5/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2879 | 2/5/2010 | Atty Christopher Coleman | Atty Melvin Banchek, Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2880 | 2/5/2010 | Laura Siegel | Atty Christopher Coleman, Atty Melvin Banchek | E-mail | Atty/Client | Defendants' Counsel |
| 2881 | 2/6/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2882 | 2/9/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2883 | 2/9/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2884 | 2/11/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
393

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|---|---|---|---|---|---|---|
| 2885 | 2/11/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2886 | 2/11/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2887 | 2/12/2010 | Atty Keith Adams | Joanne Siegel | Letter | Atty/Client | Defendants' Counsel |
| 2888 | 2/12/2010 | Atty Keith Adams | Laura Siegel | Letter | Atty/Client | Defendants' Counsel |
| 2889 | 2/12/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2890 | 2/12/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2891 | 2/12/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2892 | 2/14/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2893 | 2/16/2010 | Atty Keith Adams | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2894 | 2/22/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2895 | 2/22/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2896 | 2/22/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2897 | 2/22/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2898 | 2/22/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2899 | 2/22/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2900 | 2/24/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2901 | 2/25/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2902 | 2/25/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
394

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|---|---|---|---|---|---|---|
| 2903 | 2/25/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2904 | 3/1/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2905 | 3/7/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2906 | 3/10/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2907 | 3/10/2010 | Laura Siegel | Atty Christopher Coleman, Atty Melvin Banchek | E-mail | Atty/Client | Defendants' Counsel |
| 2908 | 3/11/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2909 | 3/11/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2910 | 3/15/2010 | Atty Christopher Coleman | Laura Siegel, Atty Melvin Banchek | E-mail | Atty/Client | Defendants' Counsel |
| 2911 | 3/15/2010 | Laura Siegel | Atty Christopher Coleman, Atty Melvin Banchek | E-mail | Atty/Client | Defendants' Counsel |
| 2912 | 3/15/2010 | Atty Christopher Coleman | Laura Siegel, Atty Melvin Banchek | E-mail | Atty/Client | Defendants' Counsel |
| 2913 | 3/15/2010 | Laura Siegel | Atty Christopher Coleman, Atty Melvin Banchek | E-mail | Atty/Client | Defendants' Counsel |
| 2914 | 3/16/2010 | Atty Melvin Banchek | Laura Siegel, Atty Christopher Coleman | Letter | Atty/Client | Defendants' Counsel |

EXHIBIT I
395

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|---|---|---|---|---|---|---|
| 2915 | 3/19/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2916 | 3/19/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2917 | 3/19/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2918 | 3/22/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2919 | 3/23/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2920 | 3/23/2010 | Laura Siegel | Atty Melvin Banchek, Atty Christopher Coleman | E-mail | Atty/Client | Defendants' Counsel |
| 2921 | 3/26/2010 | Laura Siegel | Atty Melvin Banchek, Atty Christopher Coleman | E-mail | Atty/Client | Defendants' Counsel |
| 2922 | 3/30/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2923 | 3/30/2010 | Atty Melvin Banchek | Laura Siegel, Atty Christopher Coleman | E-mail | Atty/Client | Defendants' Counsel |
| 2924 | 3/30/2010 | Laura Siegel | Atty Melvin Banchek, Atty Christopher Coleman | E-mail | Atty/Client | Defendants' Counsel |
| 2925 | 4/1/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2926 | 4/2/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2927 | 4/2/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2928 | 4/5/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
396

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|-----------------------|--------------------------|---------------|-----------------|------------------|
| 2929 | 4/5/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2930 | 4/5/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2931 | 4/5/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2932 | 4/5/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2933 | 4/5/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2934 | 4/5/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2935 | 4/5/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2936 | 4/5/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2937 | 4/6/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2938 | 4/6/2010 | Laura Siegel | Atty Melvin Banchek, Atty Christopher Coleman | E-mail | Atty/Client | Defendants' Counsel |
| 2939 | 4/6/2010 | Atty Melvin Banchek | Laura Siegel, Atty Christopher Coleman | E-mail | Atty/Client | Defendants' Counsel |
| 2940 | 4/6/2010 | Laura Siegel | Atty Melvin Banchek, Atty Christopher Coleman | E-mail | Atty/Client | Defendants' Counsel |
| 2941 | 4/8/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2942 | 4/8/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2943 | 4/8/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
397

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|----------------------|--------------------------|---------------|-----------------|------------------|
| 2944 | 4/13/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2945 | 4/13/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2946 | 4/13/2010 | Atty Melvin Banchek | Laura Siegel, Atty Christopher Coleman | E-mail | Atty/Client | Defendants' Counsel |
| 2947 | 4/13/2010 | Atty Christopher Coleman | Laura Siegel, Atty Melvin Banchek | E-mail | Atty/Client | Defendants' Counsel |
| 2948 | 4/13/2010 | Laura Siegel | Atty Christopher Coleman, Atty Melvin Banchek | E-mail | Atty/Client | Defendants' Counsel |
| 2949 | 4/14/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2950 | 4/15/2010 | Atty Keith Adams | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2951 | 4/17/2010 | Mark Warren Peary | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2952 | 4/19/2010 | Atty Marc Toberoff | Mark Warren Peary | E-mail | Atty/Client | Defendants' Counsel |
| 2953 | 4/19/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2954 | 4/19/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2955 | 4/19/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2956 | 4/19/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2957 | 4/19/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
398

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|------------------------|---------------------------|----------------|------------------|-------------------|
| 2958 | 4/19/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2959 | 4/21/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2960 | 4/21/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2961 | 4/21/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2962 | 4/21/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2963 | 4/21/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2964 | 4/21/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2965 | 4/21/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2966 | 4/21/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2967 | 4/21/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2968 | 4/21/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2969 | 4/21/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2970 | 4/21/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2971 | 4/21/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2972 | 4/21/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2973 | 4/22/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2974 | 4/22/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2975 | 4/22/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2976 | 4/22/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
399

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|----------------------|--------------------------|---------------|-----------------|------------------|
| 2977 | 4/23/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2978 | 4/23/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2979 | 4/23/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2980 | 4/23/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2981 | 4/23/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2982 | 4/27/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2983 | 4/27/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2984 | 4/27/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2985 | 4/27/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2986 | 4/28/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2987 | 4/28/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2988 | 4/28/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2989 | 4/28/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2990 | 4/28/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2991 | 4/28/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2992 | 4/29/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2993 | 4/29/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2994 | 4/29/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2995 | 5/3/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
400

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|-----------------------|--------------------------|---------------|-----------------|------------------|
| 2996 | 5/4/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2997 | 5/4/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 2998 | 5/4/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 2999 | 5/4/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3000 | 5/4/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3001 | 5/6/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3002 | 5/6/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3003 | 5/6/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3004 | 5/6/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3005 | 5/6/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3006 | 5/6/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3007 | 5/6/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3008 | 5/6/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3009 | 5/6/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3010 | 5/6/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3011 | 5/6/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3012 | 5/7/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3013 | 5/10/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3014 | 5/10/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
401

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|---|---|---|---|---|---|---|
| 3015 | 5/11/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3016 | 5/12/2010 | Laura Siegel | Atty Christopher Coleman, Atty Melvin Banchek | E-mail | Atty/Client | Defendants' Counsel |
| 3017 | 5/13/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3018 | 5/14/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3019 | 5/14/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3020 | 5/14/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3021 | 5/15/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3022 | 5/17/2010 | Laura Siegel | Atty Christopher Coleman, Atty Melvin Banchek | E-mail | Atty/Client | Defendants' Counsel |
| 3023 | 5/18/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3024 | 5/18/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3025 | 5/19/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3026 | 5/19/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3027 | 5/21/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3028 | 5/21/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3029 | 5/22/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3030 | 5/22/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3031 | 5/22/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
402

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|-----------------------|--------------------------|---------------|-----------------|------------------|
| 3032 | 5/23/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3033 | 5/24/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3034 | 5/24/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3035 | 5/25/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3036 | 5/25/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3037 | 5/25/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3038 | 5/25/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3039 | 5/25/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3040 | 5/25/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3041 | 5/25/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3042 | 5/25/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3043 | 5/26/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3044 | 5/26/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3045 | 5/26/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3046 | 5/26/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3047 | 5/26/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3048 | 5/26/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3049 | 5/26/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3050 | 5/26/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
403

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|-----------------------|--------------------------|---------------|-----------------|------------------|
| 3051 | 5/26/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3052 | 5/26/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3053 | 5/26/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3054 | 5/26/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3055 | 5/26/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3056 | 5/26/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3057 | 5/27/2010 | Atty Marc Toberoff | Laura Siegel, Joanne Siegel | Letter | Atty/Client | Defendants' Counsel |
| 3058 | 5/27/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3059 | 5/27/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3060 | 5/27/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3061 | 5/27/2010 | Laura Siegel | Atty Marc Toberoff | Facsimile | Atty/Client | Defendants' Counsel |
| 3062 | 5/28/2010 | Laura Siegel | Atty Christopher Coleman, Atty Melvin Banchek | E-mail | Atty/Client | Defendants' Counsel |
| 3063 | 5/31/2010 | Atty Marc Toberoff | Mark Warren Peary, Jean Peavy | Letter | Atty/Client | Defendants' Counsel |
| 3064 | 6/1/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3065 | 6/1/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3066 | 6/2/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3067 | 6/2/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3068 | 6/2/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
404

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|------------------------|---------------------------|---------------|------------------|-------------------|
| 3069 | 6/2/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3070 | 6/2/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3071 | 6/2/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3072 | 6/2/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3073 | 6/2/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3074 | 6/3/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3075 | 6/3/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3076 | 6/8/2010 | Atty Marc Toberoff | Laura Siegel, Atty Keith Adams, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 3077 | 6/8/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3078 | 6/9/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3079 | 6/10/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3080 | 6/10/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3081 | 6/16/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3082 | 7/1/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3083 | 7/2/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3084 | 7/2/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3085 | 7/2/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3086 | 7/2/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3087 | 7/2/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
405

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|----------------------|--------------------------|---------------|-----------------|------------------|
| 3088 | 7/5/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3089 | 7/5/2010 | Atty Richard Kendall | Timothy McNally | E-mail | Atty Work Product | Defendants' Counsel |
| 3090 | 7/5/2010 | Timothy McNally | Atty Richard Kendall | E-mail | Atty Work Product | Defendants' Counsel |
| 3091 | 7/5/2010 | Atty Richard Kendall | Timothy McNally | E-mail | Atty Work Product | Defendants' Counsel |
| 3092 | 7/5/2010 | Timothy McNally | Atty Richard Kendall | E-mail | Atty Work Product | Defendants' Counsel |
| 3093 | 7/6/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3094 | 7/6/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3095 | 7/6/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3096 | 7/6/2010 | Atty Richard Kendall | Timothy McNally | E-mail | Atty Work Product | Defendants' Counsel |
| 3097 | 7/6/2010 | Timothy McNally | Atty Richard Kendall | E-mail | Atty Work Product | Defendants' Counsel |
| 3098 | 7/6/2010 | Atty Richard Kendall | Timothy McNally | E-mail | Atty Work Product | Defendants' Counsel |
| 3099 | 7/6/2010 | Timothy McNally | Atty Richard Kendall | E-mail | Atty Work Product | Defendants' Counsel |
| 3100 | 7/7/2010 | Atty Richard Kendall | Timothy McNally | E-mail | Atty Work Product | Defendants' Counsel |
| 3101 | 7/7/2010 | Timothy McNally | Atty Richard Kendall | E-mail | Atty Work Product | Defendants' Counsel |
| 3102 | 7/9/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3103 | 7/9/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3104 | 7/9/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3105 | 7/12/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3106 | 7/12/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
406

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|-----------------------|--------------------------|---------------|-----------------|------------------|
| 3107 | 7/12/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3108 | 7/12/2010 | Timothy McNally | Atty Richard Kendall | E-mail | Atty Work Product | Defendants' Counsel |
| 3109 | 7/12/2010 | Timothy McNally | Atty Richard Kendall | Letter | Atty Work Product | Defendants' Counsel |
| 3110 | 7/13/2010 | Timothy McNally | Atty Richard Kendall, Stanley Ornellas, Michael Wacks | E-mail | Atty Work Product | Defendants' Counsel |
| 3111 | 7/14/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3112 | 7/16/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3113 | 7/16/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3114 | 7/19/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3115 | 7/22/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3116 | 7/22/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3117 | 7/22/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3118 | 7/23/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3119 | 7/24/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3120 | 7/25/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3121 | 7/26/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3122 | 7/26/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3123 | 7/26/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
407

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|-----------------------|--------------------------|---------------|-----------------|------------------|
| 3124 | 7/26/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3125 | 7/26/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3126 | 7/26/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3127 | 7/26/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3128 | 7/26/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3129 | 7/26/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3130 | 7/27/2010 | Atty Marc Toberoff | Atty Beong-soo Kim | Letter | Joint Interest Privilege | Defendants' Counsel |
| 3131 | 7/28/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3132 | 8/2/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3133 | 8/3/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3134 | 8/4/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3135 | 8/4/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3136 | 8/5/2010 | Laura Siegel | Atty Christopher Coleman | E-mail | Atty/Client | Defendants' Counsel |
| 3137 | 8/6/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3138 | 8/6/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3139 | 8/6/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
408

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|-----------------------|--------------------------|---------------|-----------------|------------------|
| 3140 | 8/6/2010 | Atty Christopher Coleman | Laura Siegel, Atty Melvin Banchek | E-mail | Atty/Client | Defendants' Counsel |
| 3141 | 8/7/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3142 | 8/7/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3143 | 8/7/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3144 | 8/7/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3145 | 8/7/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3146 | 8/11/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3147 | 8/12/2010 | Atty Beong-Soo Kim | Atty Marc Toberoff | E-mail | Joint Interest Privilege | Defendants' Counsel |
| 3148 | 8/12/2010 | Atty Marc Toberoff | Atty Beong-Soo Kim | E-mail | Joint Interest Privilege | Defendants' Counsel |
| 3149 | 8/12/2010 | Atty Beong-Soo Kim | Atty Marc Toberoff | E-mail | Joint Interest Privilege | Defendants' Counsel |
| 3150 | 8/13/2010 | Atty Marc Toberoff | Atty Beong-Soo Kim | E-mail | Joint Interest Privilege | Defendants' Counsel |
| 3151 | 8/13/2010 | Atty Beong-Soo Kim | Atty Marc Toberoff | E-mail | Joint Interest Privilege | Defendants' Counsel |
| 3152 | 8/16/2010 | Atty Keith Adams | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
409

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|---|---|---|---|---|---|---|
| 3153 | 8/16/2010 | Atty Keith Adams | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3154 | 8/16/2010 | Laura Siegel | Atty Keith Adams | E-mail | Atty/Client | Defendants' Counsel |
| 3155 | 8/16/2010 | Atty Keith Adams | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3156 | 8/16/2010 | Atty Keith Adams | Joanne Siegel | Letter | Atty/Client | Defendants' Counsel |
| 3157 | 8/16/2010 | Atty Keith Adams | Laura Siegel | Letter | Atty/Client | Defendants' Counsel |
| 3158 | 8/16/2010 | Atty Marc Toberoff | Atty Beong-Soo Kim | E-mail | Joint Interest Privilege | Defendants' Counsel |
| 3159 | 8/16/2010 | Atty Beong-Soo Kim | Atty Marc Toberoff | E-mail | Joint Interest Privilege | Defendants' Counsel |
| 3160 | 8/16/2010 | Atty Marc Toberoff | Atty Beong-Soo Kim | E-mail | Joint Interest Privilege | Defendants' Counsel |
| 3161 | 8/17/2010 | Atty Marc Toberoff | Atty Beong-Soo Kim | E-mail | Joint Interest Privilege | Defendants' Counsel |
| 3162 | 8/17/2010 | Timothy McNally | Atty Richard Kendall, Stanley Ornellas, Michael Wacks | E-mail | Atty Work Product | Defendants' Counsel |
| 3163 | 8/19/2010 | Atty Richard Kendall | Timothy McNally, Stanley Ornellas, Michael Wacks | E-mail | Atty Work Product | Defendants' Counsel |
| 3164 | 8/19/2010 | Timothy McNally | Atty Richard Kendall, Stanley Ornellas, Michael Wacks | E-mail | Atty Work Product | Defendants' Counsel |
| 3165 | 8/26/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3166 | 8/27/2010 | Atty Keith Adams | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3167 | 8/27/2010 | Laura Siegel | Atty Keith Adams | E-mail | Atty/Client | Defendants' Counsel |
| 3168 | 8/27/2010 | Laura Siegel | Atty Keith Adams | E-mail | Atty/Client | Defendants' Counsel |
| 3169 | 8/27/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3170 | 8/29/2010 | Atty Nicholas Williamson | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
410

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|----------------------|--------------------------|---------------|-----------------|------------------|
| 3171 | 8/29/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3172 | 8/30/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3173 | 8/30/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3174 | 8/30/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3175 | 8/30/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3176 | 8/30/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3177 | 8/30/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3178 | 8/31/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3179 | 8/31/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3180 | 8/31/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3181 | 8/31/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3182 | 8/31/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3183 | 8/31/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3184 | 9/1/2010 | Atty Keith Adams | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3185 | 9/1/2010 | Atty Keith Adams | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3186 | 9/1/2010 | Atty Keith Adams | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3187 | 9/1/2010 | Atty Keith Adams | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
411

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|------------------------|---------------------------|----------------|------------------|-------------------|
| 3188 | 9/1/2010 | Atty Nicholas Williamson | Laura Siegel, Atty Keith Adams | E-mail | Atty/Client | Defendants' Counsel |
| 3189 | 9/1/2010 | Atty Nicholas Williamson | Laura Siegel, Atty Keith Adams | E-mail | Atty/Client | Defendants' Counsel |
| 3190 | 9/1/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3191 | 9/1/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3192 | 9/1/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3193 | 9/1/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3194 | 9/1/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3195 | 9/1/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3196 | 9/1/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3197 | 9/1/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3198 | 9/1/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3199 | 9/1/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3200 | 9/2/2010 | Atty Keith Adams | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3201 | 9/2/2010 | Atty Keith Adams | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3202 | 9/2/2010 | Laura Siegel | Atty Keith Adams | E-mail | Atty/Client | Defendants' Counsel |
| 3203 | 9/2/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3204 | 9/2/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3205 | 9/2/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
412

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|----------------------|--------------------------|---------------|-----------------|------------------|
| 3206 | 9/2/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3207 | 9/2/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3208 | 9/2/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3209 | 9/2/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3210 | 9/2/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3211 | 9/2/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3212 | 9/2/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3213 | 9/2/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3214 | 9/2/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3215 | 9/2/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3216 | 9/2/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3217 | 9/13/2010 | Atty Brian Klein | Atty Richard Kendall | E-mail | Joint Interest Privilege | Defendants' Counsel |
| 3218 | 9/14/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3219 | 9/14/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3220 | 9/14/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3221 | 9/15/2010 | Atty Nicholas Williamson | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3222 | 9/15/2010 | Atty Nicholas Williamson | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3223 | 9/15/2010 | Atty Nicholas Williamson | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
413

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|------------------------|---------------------------|----------------|------------------|-------------------|
| 3224 | 9/15/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3225 | 9/15/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3226 | 9/16/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3227 | 9/16/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3228 | 9/17/2010 | Atty Richard Kendall | Atty Beong-Soo Kim; Atty Brian Klein | Letter | Joint Interest Privilege | Defendants' Counsel |
| 3229 | 9/21/2010 | Atty Melvin Banchek | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3230 | 9/21/2010 | Atty Melvin Banchek | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3231 | 9/22/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3232 | 9/22/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3233 | 9/22/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3234 | 9/22/2010 | Laura Siegel | Atty Melvin Banchek, Atty Christopher Coleman | E-mail | Atty/Client | Defendants' Counsel |
| 3235 | 9/23/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3236 | 9/24/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3237 | 9/27/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3238 | 9/27/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3239 | 9/28/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
414

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|---|---|---|---|---|---|---|
| 3240 | 9/28/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3241 | 9/29/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3242 | 9/29/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3243 | 9/29/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3244 | 9/29/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3245 | 9/29/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3246 | 9/30/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3247 | 9/30/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3248 | 9/30/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3249 | 9/30/2010 | Laura Siegel | Atty Melvin Banchek, Atty Christopher Coleman | E-mail | Atty/Client | Defendants' Counsel |
| 3250 | 9/30/2010 | Atty Christopher Coleman | Laura Siegel, Atty Melvin Banchek | E-mail | Atty/Client | Defendants' Counsel |
| 3251 | 9/30/2010 | Laura Siegel | Atty Christopher Coleman, Atty Melvin Banchek | E-mail | Atty/Client | Defendants' Counsel |
| 3252 | 10/1/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3253 | 10/1/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3254 | 10/1/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
415

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|-----------------------|--------------------------|---------------|-----------------|------------------|
| 3255 | 10/1/2010 | Atty Christopher Coleman | Laura Siegel, Atty Melvin Banchek | E-mail | Atty/Client | Defendants' Counsel |
| 3256 | 10/1/2010 | Laura Siegel | Atty Christopher Coleman | E-mail | Atty/Client | Defendants' Counsel |
| 3257 | 10/4/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3258 | 10/5/2010 | Atty Keith Adams | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3259 | 10/5/2010 | Atty Keith Adams | Joanne Siegel | Letter | Atty/Client | Defendants' Counsel |
| 3260 | 10/5/2010 | Atty Keith Adams | Laura Siegel | Letter | Atty/Client | Defendants' Counsel |
| 3261 | 10/6/2010 | Atty Keith Adams | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3262 | 10/6/2010 | Atty Keith Adams | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3263 | 10/6/2010 | Atty Keith Adams | Joanne Siegel | Letter | Atty/Client | Defendants' Counsel |
| 3264 | 10/6/2010 | Atty Keith Adams | Laura Siegel | Letter | Atty/Client | Defendants' Counsel |
| 3265 | 10/7/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3266 | 10/9/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3267 | 10/9/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3268 | 10/11/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3269 | 10/15/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3270 | 10/15/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3271 | 10/15/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
416

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|-----------------------|--------------------------|---------------|-----------------|------------------|
| 3272 | 10/15/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3273 | 10/15/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3274 | 10/16/2010 | Atty Keith Adams | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3275 | 10/16/2010 | Laura Siegel | Atty Keith Adams | E-mail | Atty/Client | Defendants' Counsel |
| 3276 | 10/16/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3277 | 10/16/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3278 | 10/16/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3279 | 10/18/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3280 | 10/19/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3281 | 10/19/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3282 | 10/19/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3283 | 10/20/2010 | Laura Siegel | Atty Christopher Coleman, Atty Melvin Banchek | E-mail | Atty/Client | Defendants' Counsel |
| 3284 | 10/21/2010 | Atty Richard Kendall | Atty Brian Klein | E-mail | Joint Interest Privilege | Defendants' Counsel |
| 3285 | 10/25/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3286 | 10/28/2010 | Laura Siegel | Atty Christopher Coleman, Atty Melvin Banchek | E-mail | Atty/Client | Defendants' Counsel |
| 3287 | 10/28/2010 | Atty Melvin Banchek | Laura Siegel, Atty Christopher Coleman | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
417

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|---|---|---|---|---|---|---|
| 3288 | 10/28/2010 | Laura Siegel | Atty Melvin Banchek, Atty Christopher Coleman | E-mail | Atty/Client | Defendants' Counsel |
| 3289 | 10/29/2010 | Atty Christopher Coleman | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3290 | 10/30/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3291 | 10/30/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3292 | 10/31/2010 | Atty Marc Toberoff | Laura Siegel, Atty Keith Adams, Atty Nicholas Williamson | E-mail | Atty/Client | Defendants' Counsel |
| 3293 | 10/31/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3294 | 10/31/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3295 | 10/31/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3296 | 10/31/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3297 | 11/1/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3298 | 11/1/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3299 | 11/2/2010 | Laura Siegel | Atty Christopher Coleman, Atty Melvin Banchek | E-mail | Atty/Client | Defendants' Counsel |
| 3300 | 11/6/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
418

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|------------------------|---------------------------|----------------|------------------|-------------------|
| 3301 | 11/6/2010 | Laura Siegel | Atty Christopher Coleman, Atty Melvin Banchek | E-mail | Atty/Client | Defendants' Counsel |
| 3302 | 11/8/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3303 | 11/8/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3304 | 11/8/2010 | Laura Siegel | Atty Christopher Coleman | E-mail | Atty/Client | Defendants' Counsel |
| 3305 | 11/8/2010 | Atty Christopher Coleman | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3306 | 11/8/2010 | Laura Siegel | Atty Christopher Coleman | E-mail | Atty/Client | Defendants' Counsel |
| 3307 | 11/8/2010 | Atty Christopher Coleman | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3308 | 11/11/2010 | Atty Keith Adams | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3309 | 11/11/2010 | Laura Siegel | Atty Keith Adams | E-mail | Atty/Client | Defendants' Counsel |
| 3310 | 11/11/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3311 | 11/11/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3312 | 11/11/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3313 | 11/11/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
419

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|---|---|---|---|---|---|---|
| 3314 | 11/11/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3315 | 11/11/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3316 | 11/11/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3317 | 11/11/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3318 | 11/11/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3319 | 11/11/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3320 | 11/12/2010 | Atty Christopher Coleman | Laura Siegel, Atty Melvin Banchek | E-mail | Atty/Client | Defendants' Counsel |
| 3321 | 11/12/2010 | Laura Siegel | Atty Christopher Coleman, Atty Melvin Banchek | E-mail | Atty/Client | Defendants' Counsel |
| 3322 | 11/12/2010 | Laura Siegel | Atty Christopher Coleman | E-mail | Atty/Client | Defendants' Counsel |
| 3323 | 11/14/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3324 | 11/14/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3325 | 11/17/2010 | Atty Keith Adams | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3326 | 11/17/2010 | Laura Siegel | Atty Marc Toberoff, Atty Keith Adams | E-mail | Atty/Client | Defendants' Counsel |
| 3327 | 11/17/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3328 | 11/17/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
420

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|---|---|---|---|---|---|---|
| 3329 | 11/19/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3330 | 11/20/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3331 | 11/20/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3332 | 11/20/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3333 | 11/20/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3334 | 11/21/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3335 | 11/22/2010 | Atty Keith Adams | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3336 | 11/22/2010 | Laura Siegel | Atty Keith Adams | E-mail | Atty/Client | Defendants' Counsel |
| 3337 | 11/22/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3338 | 11/22/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3339 | 11/22/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3340 | 11/22/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3341 | 11/22/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3342 | 11/23/2010 | Atty Keith Adams | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3343 | 11/23/2010 | Atty Keith Adams | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3344 | 11/23/2010 | Laura Siegel | Atty Keith Adams | E-mail | Atty/Client | Defendants' Counsel |
| 3345 | 11/23/2010 | Atty Keith Adams | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
421

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|---|---|---|---|---|---|---|
| 3346 | 11/23/2010 | Laura Siegel | Atty Keith Adams | E-mail | Atty/Client | Defendants' Counsel |
| 3347 | 11/23/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3348 | 11/23/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3349 | 11/23/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3350 | 11/23/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3351 | 11/23/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3352 | 11/23/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3353 | 11/29/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3354 | 11/29/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3355 | 11/29/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3356 | 12/1/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3357 | 12/1/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3358 | 12/1/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3359 | 12/1/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3360 | 12/1/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3361 | 12/1/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3362 | 12/2/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3363 | 12/2/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
422

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|-----------------------|--------------------------|---------------|-----------------|------------------|
| 3364 | 12/2/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3365 | 12/3/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3366 | 12/3/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3367 | 12/3/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3368 | 12/3/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3369 | 12/3/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3370 | 12/3/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3371 | 12/4/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3372 | 12/5/2010 | Atty Keith Adams | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3373 | 12/5/2010 | Laura Siegel | Atty Keith Adams | E-mail | Atty/Client | Defendants' Counsel |
| 3374 | 12/5/2010 | Laura Siegel | Atty Christopher Coleman | E-mail | Atty/Client | Defendants' Counsel |
| 3375 | 12/6/2010 | Mark Warren Peary | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3376 | 12/6/2010 | Atty Marc Toberoff | Mark Warren Peary | E-mail | Atty/Client | Defendants' Counsel |
| 3377 | 12/8/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3378 | 12/8/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3379 | 12/9/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3380 | 12/9/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
423

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|-----------------------|--------------------------|---------------|-----------------|------------------|
| 3381 | 12/10/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3382 | 12/10/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3383 | 12/11/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3384 | 12/12/2010 | Atty Marc Toberoff | Mark Warren Peary | E-mail | Atty/Client | Defendants' Counsel |
| 3385 | 12/12/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3386 | 12/12/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3387 | 12/13/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3388 | 12/13/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3389 | 12/13/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3390 | 12/13/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3391 | 12/13/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3392 | 12/13/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3393 | 12/13/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3394 | 12/13/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3395 | 12/13/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3396 | 12/13/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3397 | 12/13/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3398 | 12/14/2010 | Atty Marc Toberoff | Mark Warren Peary | Letter | Atty/Client | Defendants' Counsel |

EXHIBIT I
424

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|-----------------------|--------------------------|---------------|-----------------|------------------|
| 3399 | 12/16/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3400 | 12/17/2010 | Atty Keith Adams | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3401 | 12/17/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3402 | 12/17/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3403 | 12/22/2010 | Atty Keith Adams | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3404 | 12/22/2010 | Laura Siegel | Atty Keith Adams | E-mail | Atty/Client | Defendants' Counsel |
| 3405 | 12/22/2010 | Laura Siegel | Atty Keith Adams | E-mail | Atty/Client | Defendants' Counsel |
| 3406 | 12/22/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3407 | 12/22/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3408 | 12/22/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3409 | 12/23/2010 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3410 | 12/24/2010 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3411 | 1/3/2011 | Atty Keith Adams | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3412 | 1/3/2011 | Laura Siegel | Atty Keith Adams | E-mail | Atty/Client | Defendants' Counsel |
| 3413 | 1/3/2011 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3414 | 1/3/2011 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3415 | 1/3/2011 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3416 | 1/4/2011 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3417 | 1/4/2011 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
425

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|------------------------|---------------------------|----------------|------------------|-------------------|
| 3418 | 1/4/2011 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3419 | 1/4/2011 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3420 | 1/5/2011 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3421 | 1/5/2011 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3422 | 1/5/2011 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3423 | 1/5/2011 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3424 | 1/5/2011 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3425 | 1/6/2011 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3426 | 1/6/2011 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3427 | 1/6/2011 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3428 | 1/6/2011 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3429 | 1/8/2011 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3430 | 1/11/2011 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3431 | 1/11/2011 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3432 | 1/12/2011 | Atty Keith Adams | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3433 | 1/12/2011 | Atty Keith Adams | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3434 | 1/15/2011 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3435 | 1/15/2011 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3436 | 1/15/2011 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |

EXHIBIT I
426

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|-----------------------|--------------------------|---------------|-----------------|------------------|
| 3437 | 1/18/2011 | Atty Keith Adams | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3438 | 1/18/2011 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 3439 | 1/18/2011 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 3440 | 0/0/0 | Atty Marc Toberoff | Mark Warren Peary | Letter | Atty/Client | Defendants' Counsel |
| 3441 | 0/0/0 | Jerome Siegel | Atty Morton S. Wekstein | Letter | Atty/Client | Defendants' Counsel |
| 3442 | 0/0/0 | Jerome Siegel | Atty Morton S. Wekstein | Letter | Atty/Client | Defendants' Counsel |
| 3443 | 0/0/0 | Jerome Siegel | Atty Morton S. Wekstein | Letter | Atty/Client | Defendants' Counsel |
| 3444 | 0/0/0 | Jerome Siegel | Atty Morton S. Wekstein | Letter | Atty/Client | Defendants' Counsel |
| 3445 | 0/0/0 | Jerome Siegel | Atty Morton S. Wekstein | Letter | Atty/Client | Defendants' Counsel |
| 3446 | 0/0/0 | Jerome Siegel | Atty Morton S. Wekstein | Letter | Atty/Client | Defendants' Counsel |
| 3447 | 0/0/0 | Jerome Siegel | Atty Morton S. Wekstein | Letter | Atty/Client | Defendants' Counsel |
| 3448 | 0/0/0 | Jerome Siegel | Atty Morton S. Wekstein | Letter | Atty/Client | Defendants' Counsel |
| 3449 | 0/0/0 | Jerome Siegel | Atty Morton S. Wekstein | Letter | Atty/Client | Defendants' Counsel |
| 3450 | 0/0/0 | Jerome Siegel | Atty Morton S. Wekstein | Letter | Atty/Client | Defendants' Counsel |
| 3451 | 0/0/0 | Jerome Siegel | Atty Morton S. Wekstein | Letter | Atty/Client | Defendants' Counsel |
| 3452 | 0/0/0 | Jerome Siegel | Atty Morton S. Wekstein | Letter | Atty/Client | Defendants' Counsel |
| 3453 | 0/0/0 | Jerome Siegel | Atty Morton S. Wekstein | Letter | Atty/Client | Defendants' Counsel |
| 3454 | 0/0/0 | Jerome Siegel | Atty Morton S. Wekstein | Letter | Atty/Client | Defendants' Counsel |
| 3455 | 0/0/0 | Jerome Siegel | Atty Morton S. Wekstein | Letter | Atty/Client | Defendants' Counsel |

EXHIBIT I
427

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|-----------------------|--------------------------|---------------|-----------------|------------------|
| 3456 | 0/0/0 | Jerome Siegel | Atty Morton S. Wekstein | Letter | Atty/Client | Defendants' Counsel |
| 3457 | 0/0/0 | Jerome Siegel | Atty Morton S. Wekstein | Letter | Atty/Client | Defendants' Counsel |
| 3458 | 0/0/0 | Jerome Siegel | Atty Morton S. Wekstein | Letter | Atty/Client | Defendants' Counsel |
| 3459 | 0/0/0 | Jerome Siegel | Atty Morton S. Wekstein | Letter | Atty/Client | Defendants' Counsel |
| 3460 | 0/0/0 | Jerome Siegel | Atty Morton S. Wekstein | Letter | Atty/Client | Defendants' Counsel |
| 3461 | 0/0/0 | Atty Don Bulson | | Notes | Atty Work Product | Defendants' Counsel |
| 3462 | 0/0/0 | Atty Don Bulson | | Notes | Atty Work Product | Defendants' Counsel |
| 3463 | 0/0/0 | Atty Don Bulson | | Notes | Atty Work Product | Defendants' Counsel |
| 3464 | 0/0/0 | Atty Don Bulson | | Notes | Atty Work Product | Defendants' Counsel |
| 3465 | 0/0/0 | Atty Don Bulson | | Notes | Atty Work Product | Defendants' Counsel |
| 3466 | 0/0/0 | Atty Don Bulson | | Notes | Atty Work Product | Defendants' Counsel |
| 3467 | 0/0/0 | Atty Don Bulson | | Notes | Atty Work Product | Defendants' Counsel |
| 3468 | 0/0/0 | Atty Don Bulson | | Notes | Atty Work Product | Defendants' Counsel |
| 3469 | 0/0/0 | Atty Don Bulson | | Notes | Atty Work Product | Defendants' Counsel |
| 3470 | 0/0/0 | Atty Don Bulson | | Notes | Atty Work Product | Defendants' Counsel |
| 3471 | 0/0/0 | Atty Don Bulson | | Notes | Atty Work Product | Defendants' Counsel |
| 3472 | 0/0/0 | Atty Don Bulson | | Notes | Atty Work Product | Defendants' Counsel |
| 3473 | 0/0/0 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 3474 | 0/0/0 | Atty Kevin Marks | | Agreement (Draft) | Atty Work Product | Defendants' Counsel |

EXHIBIT I
428

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|-----------------------|--------------------------|---------------|-----------------|------------------|
| 3475 | 0/0/0 | Atty Kevin Marks | | Notes | Atty Work Product | Defendants' Counsel |
| 3476 | 0/0/0 | Atty David Michaels | Laura Siegel | Memorandum | Atty/Client | Defendants' Counsel |
| 3477 | 0/0/0 | Atty David Michaels | Laura Siegel | Note | Atty/Client | Defendants' Counsel |

EXHIBIT I
429

1  KENDALL BRILL & KLIEGER LLP
   Richard B. Kendall (90072)
2    rkendall@kbkfirm.com
   Laura W. Brill (195889)
3    lbrill@kbkfirm.com
   Nicholas F. Daum (236155)
4    ndaum@kbkfirm.com
   Nathalie E. Cohen (258222)
5    ncohen@kbkfirm.com
   10100 Santa Monica Blvd., Suite 1725
6  Los Angeles, California, 90067
   Telephone:   310.556.2700
7  Facsimile:    310.556.2705

8  Attorneys for Defendants Marc Toberoff,
   Pacific Pictures Corporation, IP
9  Worldwide, LL, and IPW, LLC

10              **UNITED STATES DISTRICT COURT**

11      **CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION**

| | |
|---|---|
| 12  DC COMICS,<br><br>13              Plaintiff,<br><br>14       vs.<br><br>15  PACIFIC PICTURES CORPORATION;<br>IP WORLDWIDE, LLC; IPW, LLC;<br>16  MARC TOBEROFF, an individual;<br>17  MARK WARREN Peary, as personal<br>representative of the ESTATE OF<br>18  JOSEPH SHUSTER; JEAN ADELE<br>19  Peavy, an individual; JOANNE SIEGEL,<br>an individual; LAURA SIEGEL<br>20  LARSON, an individual,<br>21  and DOES 1-10, inclusive,<br><br>22              Defendants. | Case No: CV 10-03633 ODW (RZx)<br><br>Hon. Otis D. Wright II, U.S.D.J.<br><br>**DEFENDANT MARC TOBEROFF'S RESPONSE TO PLAINTIFF DC COMICS' FIRST SET OF INTERROGATORIES**<br><br>Complaint Filed:  May 14, 2010<br>Trial Date:  None Set |

EXHIBIT I
430

Defendant Marc Toberoff ("Toberoff"), by and through his attorneys, responds as follows to the First Set of Interrogatories dated December 10, 2010 (the "Interrogatories") propounded by plaintiff DC Comics ("Plaintiff" or "DC").

## I.

## <u>GENERAL OBJECTIONS</u>

Toberoff objects to the entire set of Interrogatories on each of the following grounds, and incorporates by reference each of the following objections into his response to each individual interrogatory within it:

1.      Toberoff objects to the Interrogatories generally and to each interrogatory therein to the extent they relate to the Fourth through Sixth state law claims for relief in DC's First Amended Complaint ("FAC").  Defendants contend that their pending anti-SLAPP motion stays discovery regarding these state law claims, as well as the related Third Claim for Relief.  *See* Cal. Code Civ. Proc. § 425.16(g); *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 130 S. Ct. 1431, 1452 (2010) (Stevens, J., concurring); *Batzel v. Smith*, 333 F.3d 1018, 1024 (9th Cir. 2003); *Godin v. Schencks*, 2010 U.S. App. LEXIS 25980 (1st Cir. Dec. 22, 2010).

2.      Toberoff objects to the Interrogatories generally and to each interrogatory therein to the extent they exceed the scope of Rules 26 and 33 of the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the Central District of California.

3.      Toberoff objects to the Interrogatories generally and to each interrogatory therein to the extent that they purport to demand information protected from disclosure by the attorney-client privilege, joint interest privilege, attorney work product doctrine or any other privileges or immunities provided by the rules of this Court, statute or agreement.  Inadvertent disclosure of any information subject to any applicable privilege or doctrine is not intended to be and shall not operate as a waiver of any such privilege or doctrine, in whole or in part; nor is any such inadvertent

disclosure intended to be, nor shall it constitute, a waiver of the right to object to any use of such information.

4.    Toberoff objects to the Interrogatories generally and to each interrogatory therein to the extent that they seek information comprising or reflecting any trade secret or other confidential or proprietary information of Toberoff or any other person or entity.

5.    Toberoff objects to the Interrogatories generally and to each interrogatory therein to the extent that they seek information which is protected from disclosure by court order, or any privacy or similar rights of any person or entity.

6.    Toberoff objects to the Interrogatories generally and to each interrogatory therein to the extent that they seek information and/or documents already in the possession of the propounding party on the grounds such interrogatories are unnecessary and unduly oppressive and burdensome.

7.    Toberoff objects generally to the definitions of the terms "YOU" and "YOUR" as vague and ambiguous, overbroad and unduly burdensome.  Toberoff will construe these terms to refer to Toberoff.

8.    Toberoff objects generally to the definitions of the terms "DEFENDANT" and "DEFENDANTS" as vague and ambiguous, overbroad and unduly burdensome.  Toberoff will construe these terms to refer only to the specific defendants in this action.

9.    Toberoff objects generally to the definitions of the term "DESCRIBE" as vague and ambiguous, overbroad and unduly burdensome.  Toberoff will construe this term only to refer to "factual information and data that are responsive to the particular request seeking such statement or description."

10.    Toberoff objects to the Interrogatories generally and to each interrogatory therein to the extent that they are vague or indefinite with respect to the information sought, or are overbroad and unduly burdensome.

11.    Toberoff objects to the Interrogatories generally and to each

DEFENDANT MARC TOBEROFF'S RESPONSE
TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

EXHIBIT I
432

interrogatory therein to the extent that they seek information which is neither relevant to the subject matter of the pending litigation nor reasonably calculated to lead to the discovery of admissible evidence.

12.     No incidental or implied admissions are intended by Toberoff's responses to the Interrogatories.  The supplying of any fact does not constitute an admission by Toberoff that such fact is relevant or admissible.  The fact that Toberoff has responded to any interrogatory is not intended to be and shall not be construed as a waiver by Toberoff of all or any part of any objection to any interrogatory. Toberoff reserves until the time of trial all objections as the relevance or admissibility of any facts provided in his answers to the Interrogatories.

13.     The general and specific objections set forth herein are based on information now available to Toberoff and Toberoff reserves the right to revise, correct, add, clarify or supplement the general and specific objections and responses set forth herein.

## II.
## RESPONSES TO INTERROGATORIES

Subject to, and without waiving the General Objections and qualifications above, Toberoff responds to each individual Interrogatory as follows:

**Interrogatory No. 1**

IDENTIFY the TOBEROFF TIMELINE AUTHOR.

**Response to Interrogatory No. 1**

Toberoff objects to this interrogatory to the extent that it seeks information which is not reasonably calculated to lead to the discovery of relevant and admissible evidence.  Toberoff additionally objects to this interrogatory to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing general and specific objections, Toberoff responds, without limitation, as follows:

EXHIBIT I
433

1    David Michaels. Toberoff does not have sufficient information at this time to

2  know whether or not other individuals or entities participated in the production and

3  dissemination of the "Timeline."

4  **Interrogatory No. 2**

5    DESCRIBE in detail who participated in the ALLEGED INTERNAL

6  INVESTIGATION, including participants within your law firm and outside of your

7  law firm.

8  **Response to Interrogatory No. 2**

9    Toberoff objects to this interrogatory to the extent that it is not reasonably

10 calculated to lead to the discovery of relevant and admissible evidence, as any

11 "investigation" by Toberoff or anyone else as to the author of the TOBEROFF

12 TIMELINE is not relevant to any of the claims for relief in this action.  Toberoff

13 additionally objects to this interrogatory to the extent that it seeks communications or

14 items protected by the attorney-client privilege, the attorney work product doctrine

15 and any other privilege or immunity available under law or arising from contractual

16 obligation.  Subject to and without waiving the foregoing general and specific

17 objections, Toberoff responds, without limitation, as follows:

18    Marc Toberoff, McNally Security Group.

19 **Interrogatory No. 3**

20    DESCRIBE in detail the ALLEGED INTERNAL INVESTIGATION,

21 including all steps taken by YOU and any other participants to IDENTIFY the

22 TOBEROFF TIMELINE AUTHOR and OBTAIN information regarding the

23 TOBEROFF TIMELINE AUTHOR and/or the TOBEROFF TIMELINE.

24 **Response to Interrogatory No. 3**

25    Toberoff objects to this interrogatory to the extent that it seeks information

26 which is not reasonably calculated to lead to the discovery of relevant and admissible

27 evidence, as any "investigation" by Toberoff or anyone else as to the author of the

28 TOBEROFF TIMELINE is not relevant to any of the claims for relief in this action.

DEFENDANT MARC TOBEROFF'S RESPONSE
TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

EXHIBIT I
434

Toberoff further objects to this interrogatory on the grounds that it is overbroad, burdensome and oppressive. Toberoff further objects to this interrogatory on the grounds that it is not reasonably limited in scope. Toberoff additionally objects to this interrogatory in that it seeks communications or items protected by the attorney-client privilege, and the attorney work product doctrine.

**Interrogatory No. 4**

DESCRIBE in detail any and all information revealed by the ALLEGED INTERNAL INVESTIGATION, including all information regarding the TOBEROFF TIMELINE AUTHOR and/or the TOBEROFF TIMELINE.

**Response to Interrogatory No. 4**

Toberoff objects to this interrogatory on the grounds that it is overbroad, burdensome and oppressive. Toberoff further objects to this interrogatory on the grounds that it is not reasonably limited in scope. Toberoff objects to this interrogatory to the extent that it seeks information which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Toberoff additionally objects to this interrogatory to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing general and specific objections, Toberoff responds, without limitation, as follows, including, for the sake of context, information that was known prior to the investigation:

- **July 18, 2005**: The Firm hires attorney David Michaels ("Michaels") as its lowest paid junior attorney. It appears from Michaels' interview that he took the low-paying job because he was in need of money.
- **Mid-October 2005**: After just three months as an employee, and without warning or explanation, or any prior incident at work, Michaels abruptly leaves work during the middle of the day and never returns. Numerous concerned calls to Michaels are never returned.

- **November-December 2005**: Michaels contacts the Siegels and attempts to "steal" these clients from Mr. Toberoff's firm by baselessly accusing Mr. Toberoff of purported unethical conduct, like allegedly charging the Siegels "unconscionable fees." Under the guise of protecting the Siegels, Michaels visits them, falsely disparages Mr. Toberoff, and attempts to shepherd the Siegels to "a larger firm" (name unknown). In follow-up e-mails, Michaels advises the Siegels to cease all communication with Mr. Toberoff, and he provides them with a termination letter to give to Toberoff & Associates, as well as a new retainer agreement for the Siegels to hire Michaels at a reduced contingency fee. In December, 2005, the Siegels reject Michaels' attempt to take their case away from Toberoff & Associates. During this period, Michaels also approaches another client of Toberoff & Associates, Allison Giannini. He attempts to take that client's business as well by falsely disparaging Mr. Toberoff, but is rebuffed.

- Unbeknownst to the firm, the Siegels and/or the Shuster Estate, Michaels had secretly made copies of numerous documents, many privileged, stolen from Toberoff & Associates' legal files ("Stolen Documents"), and after Michaels' advances are rejected by the Siegels, he delivers at least three duplicate packages of the Stolen Documents to high-level Warner Bros. executives, each allegedly with the same anonymous defamatory cover letter ("Cover Letter") which he entitles "Superman -Marc Toberoff Timeline." The Cover Letter opens with the line: "Consider it an early Holiday gift."

- The Stolen Documents were allegedly received by mail by high-level Warner Bros. executives Alan Horn (President & COO), John Schulman (General Counsel), and Patti Connolly (Executive Vice President of Business Affairs).

- **July 5, 2006**: Toberoff receives a vague letter from Arnold & Porter LLP,

DEFENDANT MARC TOBEROFF'S RESPONSE
TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

EXHIBIT I
436

which is retained by Warner Bros.  The firm states that it is holding three
sets of documents sent to it by Warner Bros.' General Counsel, John
Schulman.  These are eventually disclosed to be the three sets of Stolen
Documents each with the "anonymous" defamatory Cover Letter.

- Knowing that it is under a duty to immediately notify Toberoff &
Associates of its receipt of the firm's privileged documents, Warner Bros.
dubiously claims to have received the Stolen Documents on June 28, 2006,
even though Michaels' Cover Letter states "*consider it an early Holiday*
*gift*," and even though this coincides with Michael's rejection by the Siegels
*in December, 2005*.

**Interrogatory No. 5**

DESCRIBE in detail any internal or external investigation other than the
ALLEGED INTERNAL INVESTIGATION YOU participated in regarding the
TOBEROFF TIMELINE AUTHOR and/or the TOBEROFF TIMELINE.

**Response to Interrogatory No. 5**

Toberoff objects to this interrogatory to the extent that it seeks information
which is not reasonably calculated to lead to the discovery of relevant and admissible
evidence , as any "investigation" by Toberoff or anyone else as to the author of the
TOBEROFF TIMELINE is not relevant to any of the claims for relief in this action.
Toberoff objects to this interrogatory on the grounds that it is overbroad, burdensome
and oppressive.  Toberoff further objects to this interrogatory on the grounds that it is
not reasonably limited in scope.  Toberoff objects to this interrogatory to the extent
that it seeks information which is not reasonably calculated to lead to the discovery
of relevant and admissible evidence.  Toberoff additionally objects to this
interrogatory in that it seeks communications or items protected by the attorney-client
privilege, and the attorney work product doctrine.

Subject to and without waiving the foregoing general and specific objections,
Toberoff responds, without limitation, as follows:

EXHIBIT I
437

1    • In or about November 2007:  Toberoff met with Stanley Ornellas, of the

2       Los Angeles FBI Field Office, regarding the Stolen Documents, and

3       reported the theft.

4    • Summer-Fall 2010:  Toberoff conferred telephonically with Beong-Soo

5       Kim, Deputy Chief of the Major Frauds section of the U.S. Attorney's

6       Office, and Brian Klein, Assistant U.S. Attorney, U.S. Attorney's Office,

7       followed by an in-person meeting regarding the Stolen Documents.

8    • Fall, 2010:  The U.S. Attorney's Office initiates a Grand Jury Investigation.

9  **Interrogatory No. 6**

10      DESCRIBE in detail any and all information revealed by any investigation

11  REFERRED to in response to INTERROGATORY NO. 5.

12  **Response to Interrogatory No. 6**

13      Toberoff objects to this interrogatory on the grounds that it is overbroad,

14  burdensome and oppressive.  Toberoff further objects to this interrogatory on the

15  grounds that it is not reasonably limited in scope.  Toberoff objects to this

16  interrogatory to the extent that it seeks information which is not reasonably calculated

17  to lead to the discovery of relevant and admissible evidence.  Toberoff additionally

18  objects to this interrogatory to the extent that it seeks communications or items

19  protected by the attorney-client privilege, the attorney work product doctrine and any

20  other privilege or immunity available under law or arising from contractual

21  obligation.  Subject to and without waiving the foregoing general and specific

22  objections, Toberoff responds, without limitation, as follows:

23      The investigation is ongoing.

24  **Interrogatory No. 7**

25      DESCRIBE in detail the current status of any investigation REFERRED to in

26  response to INTERROGATORY NO. 5, including whether and when it concluded.

27  **Response to Interrogatory No. 7**

28      Toberoff objects to this interrogatory to the extent that it seeks information

1   which is not reasonably calculated to lead to the discovery of relevant and admissible

2   evidence, as any "investigation" by Toberoff or anyone else as to the author of the

3   TOBEROFF TIMELINE is not relevant to any of the claims for relief in this action.

4   Toberoff objects to this interrogatory on the grounds that it is overbroad, burdensome

5   and oppressive.  Toberoff further objects to this interrogatory on the grounds that it is

6   not reasonably limited in scope.  Toberoff objects to this interrogatory to the extent

7   that it seeks information which is not reasonably calculated to lead to the discovery

8   of relevant and admissible evidence.  Toberoff additionally objects to this

9   interrogatory to the extent that it seeks communications or items protected by the

10  attorney-client privilege, the attorney work product doctrine and any other privilege

11  or immunity available under law or arising from contractual obligation.  Subject to

12  and without waiving the foregoing general and specific objections, Toberoff

13  responds, without limitation, as follows:

14      See Response to Interrogatory No. 6.  Toberoff awaits the results of the

15  ongoing investigation by the U.S. Attorney's Office and the Grand Jury

16  Investigation.

17  **Interrogatory No. 8**

18      In the MARCH 2009 DECLARATION, YOU state that the TOBEROFF

19  TIMELINE AUTHOR: "contacted Plaintiffs and another client of my firm and tried

20  to convince them to terminate the firm, and to retain him instead, by disparaging me

21  and by offering to work for a reduced fee.  I am advised by Plaintiffs and my other

22  client that they both rejected this attorney's overtures in early December, 2005."

23  IDENTIFY the "other client," including any and all bases for YOUR knowledge.

24  **Response to Interrogatory No. 8**

25      Toberoff objects to this interrogatory to the extent that it seeks information

26  which is not reasonably calculated to lead to the discovery of relevant and admissible

27  evidence.  Toberoff additionally objects to this interrogatory to the extent that it seeks

28  communications or items protected by the attorney-client privilege, the attorney work

product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing general and specific objections, Toberoff responds, without limitation, as follows:  Allison Giannini, c/o Toberoff & Associates, P.C., 2049 Century Park East, Suite 2720, Los Angeles, CA 90064.

**Interrogatory No. 9**

DESCRIBE in detail any and all COMMUNICATIONS between YOU and any law enforcement official, including anyone employed by the United States Attorney's Office for the Central District of California and/or the Federal Bureau of Investigation, regarding the TOBEROFF TIMELINE AUTHOR and/or the TOBEROFF TIMELINE.

**Response to Interrogatory No. 9**

Toberoff objects to this interrogatory to the extent that it seeks information which is not reasonably calculated to lead to the discovery of relevant and admissible evidence, as any "investigation" by Toberoff or anyone else as to the author of the TOBEROFF TIMELINE is not relevant to any of the claims for relief in this action. Toberoff additionally objects to this interrogatory to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing general and specific objections, Toberoff responds, without limitation, as follows:

- In or about November 2007:  Toberoff met with Stanley Ornellas, of the Los Angeles FBI Field Office, regarding the Stolen Documents.
- Summer-Fall 2010:  Toberoff held a telephone conference with Beong-Soo Kim, Deputy Chief of the Major Frauds section of the U.S. Attorney's Office, and Brian Klein, Assistant U.S. Attorney, U.S. Attorney's Office regarding the Stolen Documents, followed by an in-person meeting with Mr. Kim and others of the U.S. Attorneys' Office.  David Michaels was

EXHIBIT I
440

1    disclosed as suspected of having stolen the Stolen Documents and thereafter

2    furnishing attorney-client privileged information to Warner Bros.

3    • September 9, 2010:  Grand Jury Subpoena served on Toberoff requesting

4    copies of the Timeline and Stolen Documents.

5    • September 27, 2010:  Timeline and Stolen Documents provided to U.S.

6    Attorneys Office by Kendall, Brill & Klieger pursuant to Grand Jury

7    Subpoena, subject to an express agreement by the U.S. Attorney's Office

8    that the U.S. Attorney's Office would hold such material as confidential and

9    privileged, that such provision was made in furtherance of a common

10    interest privilege, and that such provision was without waiver of the

11    attorney-client privilege or attorney work product doctrine.

12    **Interrogatory No. 10**

13    IDENTIFY, to the best of your knowledge, any other PERSON who

14    COMMUNICATED with any law enforcement official, including anyone employed

15    by the United States Attorney's Office for the Central District of California and/or the

16    Federal Bureau of Investigation, regarding the TOBEROFF TIMELINE AUTHOR

17    and/or the TOBEROFF TIMELINE.

18    **Response to Interrogatory No. 10**

19    Toberoff objects to this interrogatory to the extent that it seeks information

20    which is not reasonably calculated to lead to the discovery of relevant and admissible

21    evidence, as any "investigation" by Toberoff or anyone else as to the author of the

22    TOBEROFF TIMELINE is not relevant to any of the claims for relief in this action.

23    Toberoff additionally objects to this interrogatory to the extent that it seeks

24    communications or items protected by the attorney-client privilege, the attorney work

25    product doctrine and any other privilege or immunity available under law or arising

26    from contractual obligation.  Subject to and without waiving the foregoing general

27    and specific objections, Toberoff responds, without limitation, as follows:  Richard

28    Kendall

11
DEFENDANT MARC TOBEROFF'S RESPONSE
TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

EXHIBIT I
441

**Interrogatory No. 11**

DESCRIBE in detail, to the best of YOUR knowledge, the substance of any COMMUNICATIONS REFERRED to in response to INTERROGATORY NO. 11.

**Response to Interrogatory No. 11**

Toberoff objects to this interrogatory to the extent that it seeks information which is not reasonably calculated to lead to the discovery of relevant and admissible evidence, as any "investigation" by Toberoff or anyone else as to the author of the TOBEROFF TIMELINE is not relevant to any of the claims for relief in this action. Toberoff additionally objects to this interrogatory insofar as it seeks communications or items protected by the attorney-client privilege and the attorney work product doctrine.  Subject to and without waiving the foregoing general and specific objections, Toberoff responds, without limitation: the substance of the information provided was that described in response to Interrogatory No. 4.

**Interrogatory No. 12**

In the OCTOBER 2010 DECLARATION, YOU state that:

> The theft of privileged documents from my law offices and their transmittal with an anonymous cover letter, entitled the "Toberoff Timeline," to DC's in-house legal team, as well as to other executives of DC's parent company, Warner Bros., by a former junior attorney at my firm is the subject of an ongoing grand jury investigation initiated by the United States Attorney for the Central District of California.

DESCRIBE in detail how, to the best of YOUR knowledge, "the United States Attorney for the Central District of California" or any other member of law enforcement or the federal government became aware of the TOBEROFF TIMELINE AUTHOR and/or the TOBEROFF TIMELINE, including whether YOU initiated contact with them.

**Response to Interrogatory No. 12**

Toberoff objects to this interrogatory to the extent that it seeks information which is not reasonably calculated to lead to the discovery of relevant and admissible evidence, as any "investigation" by Toberoff or anyone else as to the author of the

TOBEROFF TIMELINE is not relevant to any of the claims for relief in this action. Toberoff additionally objects to this interrogatory to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing general and specific objections, Toberoff responds, without limitation, as follows:

To the best of Toberoff's knowledge, the United States Attorney for the Central District of California became aware of the Stolen Documents, the "TIMELINE," and its author as a result of Toberoff reporting the theft of the Stolen Documents to them.

**Interrogatory No. 13**

DESCRIBE in detail who, to the best of YOUR knowledge, has participated in the ALLEGED GRAND JURY INVESTIGATION, including any PERSON who has testified or been interviewed in connection with the ALLEGED GRAND JURY INVESTIGATION.

**Response to Interrogatory No. 13**

Toberoff objects to this interrogatory to the extent that it seeks information which is not reasonably calculated to lead to the discovery of relevant and admissible evidence, as any "investigation" by Toberoff or anyone else as to the author of the TOBEROFF TIMELINE is not relevant to any of the claims for relief in this action. Toberoff additionally objects to this interrogatory to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing general and specific objections, Toberoff responds, without limitation, as follows:

Other than statements made by Toberoff to Beong-Soo Kim, Deputy Chief of the Major Frauds section of the U.S. Attorneys' Office and Brian Klein, Assistant U.S. Attorney, U.S. Attorney's Office, Toberoff is not aware of any other testimony

EXHIBIT I
443

1    or formal statements by any individuals or entities made as part of the ongoing grand

2    jury investigation.

3    **Interrogatory No. 14**

4            DESCRIBE in detail, to the best of YOUR knowledge, the substance of any

5    testimony or statements made in connection with the ALLEGED GRAND JURY

6    INVESTIGATION.

7    **Response to Interrogatory No. 14**

8            Toberoff objects to this interrogatory to the extent that it seeks information

9    which is not reasonably calculated to lead to the discovery of relevant and admissible

10   evidence, as any "investigation" by Toberoff or anyone else as to the author of the

11   TOBEROFF TIMELINE is not relevant to any of the claims for relief in this action.

12   Toberoff additionally objects to this interrogatory to the extent that it seeks

13   communications or items protected by the attorney-client privilege, the attorney work

14   product doctrine and any other privilege or immunity available under law or arising

15   from contractual obligation.  Subject to and without waiving the foregoing general

16   and specific objections, Toberoff responds, without limitation, as follows:  see

17   Response to Interrogatory No. 13.

18   **I Interrogatory No. 15**

19           DESCRIBE in detail, to the best of YOUR knowledge, the current status of the

20   ALLEGED GRAND JURY INVESTIGATION.

21   **Response to Interrogatory No. 15**

22           Toberoff objects to this interrogatory to the extent that it seeks information

23   which is not reasonably calculated to lead to the discovery of relevant and admissible

24   evidence, as any "investigation" by Toberoff or anyone else as to the author of the

25   TOBEROFF TIMELINE is not relevant to any of the claims for relief in this action.

26   Toberoff additionally objects to this interrogatory to the extent that it seeks

27   communications or items protected by the attorney-client privilege, the attorney work

28   product doctrine and any other privilege or immunity available under law or arising

from contractual obligation.  Subject to and without waiving the foregoing general and specific objections, Toberoff responds, without limitation, as follows:

The Grand Jury Investigation is ongoing.

**Interrogatory No. 16**

DESCRIBE in detail, to the best of YOUR knowledge, whether any PERSON has been designated by the United States Attorney's Office for the Central District of California as a witness, subject, or target of the ALLEGED GRAND JURY INVESTIGATION.

**Response to Interrogatory No. 16**

Toberoff objects to this interrogatory to the extent that it seeks information which is not reasonably calculated to lead to the discovery of relevant and admissible evidence, as any "investigation" by Toberoff or anyone else as to the author of the TOBEROFF TIMELINE is not relevant to any of the claims for relief in this action. Toberoff additionally objects to this interrogatory to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing general and specific objections, Toberoff responds, without limitation, as follows:  David Michaels.

**Interrogatory No. 17**

IDENTIFY any DOCUMENTS provided by YOU in connection with the ALLEGED GRAND JURY INVESTIGATION.

**Response to Interrogatory No. 17**

Toberoff objects to this interrogatory to the extent that it seeks information which is not reasonably calculated to lead to the discovery of relevant and admissible evidence, as any "investigation" by Toberoff or anyone else as to the author of the TOBEROFF TIMELINE is not relevant to any of the claims for relief in this action. Toberoff additionally objects to this interrogatory to the extent that it seeks

communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing general and specific objections, Toberoff responds, without limitation, as follows:  None.

**Interrogatory No. 18**

IDENTIFY any DOCUMENTS, to the best of YOUR knowledge, provided by any other PERSON in connection with the ALLEGED GRAND JURY INVESTIGATION.

**Response to Interrogatory No. 18**

Toberoff objects to this interrogatory to the extent that it seeks information which is not reasonably calculated to lead to the discovery of relevant and admissible evidence, as any "investigation" by Toberoff or anyone else as to the author of the TOBEROFF TIMELINE is not relevant to any of the claims for relief in this action. Toberoff additionally objects to this interrogatory to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing general and specific objections, Toberoff responds, without limitation, as follows:

The Kendall, Brill & Klieger firm provided copies of the Toberoff  Timeline and the Stolen Documents to the U.S. Attorney's Office on September 27, 2010 pursuant to a Grand Jury Subpoena dated September 13, 2010,  subject to an express agreement by the U.S. Attorney's Office that the U.S. Attorney's Office would hold such material as confidential and privileged, that such provision was made in furtherance of a common interest privilege, and that such provision was without waiver of the attorney-client privilege or attorney work product doctrine.

**Interrogatory No. 19**

DESCRIBE in detail any grand jury subpoenas that have been issued, to the best of your knowledge, in connection with the ALLEGED GRAND JURY

1    INVESTIGATION.

2    **Response to Interrogatory No. 19**

3         Toberoff objects to this interrogatory to the extent that it seeks information

4    which is not reasonably calculated to lead to the discovery of relevant and admissible

5    evidence, as any "investigation" by Toberoff or anyone else as to the author of the

6    TOBEROFF TIMELINE is not relevant to any of the claims for relief in this action.

7    Toberoff additionally objects to this interrogatory to the extent that it seeks

8    communications or items protected by the attorney-client privilege, the attorney work

9    product doctrine and any other privilege or immunity available under law or arising

10   from contractual obligation.  Subject to and without waiving the foregoing general

11   and specific objections, Toberoff responds, without limitation, as follows:

12        Toberoff's attorneys, at Kendall, Brill & Klieger, were served with a grand

13   jury subpoena on September 13, 2010, which requested copies of the Timeline and

14   Stolen Documents.

15   **Interrogatory No. 20**

16        DESCRIBE in detail how the ALLEGED DISCIPLINARY ACTION began,

17   including any and all COMMUNICATIONS YOU had with the California bar or any

18   legal, administrative, or disciplinary entity regarding the TOBEROFF TIMELINE

19   AUTHOR and/or TOBEROFF TIMELINE.

20   **Response to Interrogatory No. 20**

21        Toberoff objects to this interrogatory to the extent that it seeks information

22   which is not reasonably calculated to lead to the discovery of relevant and admissible

23   evidence, as any "investigation" by Toberoff or anyone else as to the author of the

24   TOBEROFF TIMELINE is not relevant to any of the claims for relief in this action.

25   Toberoff objects to this interrogatory on the grounds that it is overbroad, burdensome

26   and oppressive.  Toberoff further objects to this interrogatory on the grounds that it is

27   not reasonably limited in scope.  Toberoff objects to this interrogatory to the extent

28   that it seeks information which is not reasonably calculated to lead to the discovery

17

DEFENDANT MARC TOBEROFF'S RESPONSE
TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

EXHIBIT I
447

of relevant and admissible evidence.  Toberoff additionally objects to this

interrogatory to the extent that it seeks communications or items protected by the

attorney-client privilege, the attorney work product doctrine and any other privilege

or immunity available under law or arising from contractual obligation.  Subject to

and without waiving the foregoing general and specific objections, Toberoff

responds, without limitation, as follows:

Toberoff has no knowledge of any ALLEGED DISCIPLINARY ACTION.

**Interrogatory No. 21**

DESCRIBE in detail who, to the best of YOUR knowledge, participated in the

ALLEGED DISCIPLINARY ACTION.

**Response to Interrogatory No. 21**

Toberoff objects to this interrogatory to the extent that it seeks information

which is not reasonably calculated to lead to the discovery of relevant and admissible

evidence, as any "investigation" by Toberoff or anyone else as to the author of the

TOBEROFF TIMELINE is not relevant to any of the claims for relief in this action.

Toberoff additionally objects to this interrogatory to the extent that it seeks

communications or items protected by the attorney-client privilege, the attorney work

product doctrine and any other privilege or immunity available under law or arising

from contractual obligation.  Subject to and without waiving the foregoing general

and specific objections, Toberoff responds, without limitation, as follows:

*See* Response to Interrogatory No. 20.

**Interrogatory No. 22**

DESCRIBE in detail all information revealed by the ALLEGED

DISCIPLINARY ACTION, including all information regarding the TOBEROFF

TIMELINE AUTHOR and/or the TOBEROFF TIMELINE.

**Response to Interrogatory No. 22**

Toberoff objects to this interrogatory to the extent that it seeks information

which is not reasonably calculated to lead to the discovery of relevant and admissible

18
DEFENDANT MARC TOBEROFF'S RESPONSE
TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

EXHIBIT I
448

1  evidence, as any "investigation" by Toberoff or anyone else as to the author of the

2  TOBEROFF TIMELINE is not relevant to any of the claims for relief in this action.

3  Toberoff additionally objects to this interrogatory to the extent that it seeks

4  communications or items protected by the attorney-client privilege, the attorney work

5  product doctrine and any other privilege or immunity available under law or arising

6  from contractual obligation.  Subject to and without waiving the foregoing general

7  and specific objections, Toberoff responds, without limitation, as follows:

8       *See* Response to Interrogatory No. 20.

9  **Interrogatory No. 23**

10      DESCRIBE in detail, to the best of YOUR knowledge, the current status of the

11  ALLEGED DISCIPLINARY ACTION, including whether and when it concluded.

12  **Response to Interrogatory No. 23**

13      Toberoff objects to this interrogatory to the extent that it seeks information

14  which is not reasonably calculated to lead to the discovery of relevant and admissible

15  evidence, as any "investigation" by Toberoff or anyone else as to the author of the

16  TOBEROFF TIMELINE is not relevant to any of the claims for relief in this action.

17  Toberoff additionally objects to this interrogatory to the extent that it seeks

18  communications or items protected by the attorney-client privilege, the attorney work

19  product doctrine and any other privilege or immunity available under law or arising

20  from contractual obligation.  Subject to and without waiving the foregoing general

21  and specific objections, Toberoff responds, without limitation, as follows:

22       *See* Response to Interrogatory No. 20.

23  **Interrogatory No. 24**

24      DESCRIBE in detail any and all COMMUNICATIONS YOU have had with

25  the TOBEROFF TIMELINE AUTHOR since July 2006, including all efforts YOU

26  made to contact the TOBEROFF TIMELINE AUTHOR.

27  **Response to Interrogatory No. 24**

28      Toberoff objects to this interrogatory to the extent that it seeks information

1   which is not reasonably calculated to lead to the discovery of relevant and admissible

2   evidence, as any "investigation" by Toberoff or anyone else as to the author of the

3   TOBEROFF TIMELINE is not relevant to any of the claims for relief in this action.

4   Toberoff additionally objects to this interrogatory to the extent that it seeks

5   communications or items protected by the attorney-client privilege, the attorney work

6   product doctrine and any other privilege or immunity available under law or arising

7   from contractual obligation.  Subject to and without waiving the foregoing general

8   and specific objections, Toberoff responds, without limitation, as follows:

9       Toberoff has not had direct contact with David Michaels since July 2006.

10  **Interrogatory No. 25**

11      DESCRIBE in detail any and all COMMUNICATIONS YOU have had with

12  any PERSON other than a party to the above-entitled action RELATED to the

13  TOBEROFF TIMELINE AUTHOR and/or the TOBEROFF TIMELINE.

14  **Response to Interrogatory No. 25**

15      Toberoff objects to this interrogatory to the extent that it seeks information

16  which is not reasonably calculated to lead to the discovery of relevant and admissible

17  evidence, as any "investigation" by Toberoff or anyone else as to the author of the

18  TOBEROFF TIMELINE is not relevant to any of the claims for relief in this action.

19  Toberoff additionally objects to this interrogatory to the extent that it seeks

20  communications or items protected by the attorney-client privilege, the attorney work

21  product doctrine and any other privilege or immunity available under law or arising

22  from contractual obligation.  Subject to and without waiving the foregoing general

23  and specific objections, Toberoff responds, without limitation, as follows:

24      Toberoff has had communications with his attorneys in this action at Kendall,

25  Brill & Klieger and with the attorneys at Toberoff & Associates P.C. as well as

26  communications with Stanley Ornellas at the FBI, Beong-soo Kim, Deputy Chief of

27  the Major Frauds section at the U.S. Attorney's Office, and Brian Klein, Assistant

28  U.S. Attorney, U.S. Attorney's Office as set forth in Responses Nos. 5, 9 and 13.

DEFENDANT MARC TOBEROFF'S RESPONSE
TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

EXHIBIT I
450

Dated:  January 24, 2011

KENDALL BRILL & KLIEGER LLP

_____
Nicholas F. Daum
Attorneys for Defendants Marc Toberoff,
Pacific Pictures Corporation, IP Worldwide,
LLC, and IPW, LLC

21
DEFENDANT MARC TOBEROFF'S RESPONSE
TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

EXHIBIT I
451

# <u>VERIFICATION</u>

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I have read the foregoing **DEFENDANT MARC TOBEROFF'S RESPONSE TO PLAINTIFF DC COMICS' FIRST SET OF INTERROGATORIES** and know its contents.

I am a party to this action.  The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

Executed on January 24, 2011, at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.


_Marc M. Toberoff_____          _____
Print Name of Signatory                    Signature

DEFENDANT MARC TOBEROFF'S RESPONSE
TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

EXHIBIT I
452

1 | Marc Toberoff (CA State Bar No. 188547)
   *mtoberoff@ipwla.com*
2 | Nicholas C. Williamson (CA State Bar No. 231124)
   *nwilliamson@ipwla.com*
3 | TOBEROFF & ASSOCIATES, P.C.
2049 Century Park East, Suite 2720
4 | Los Angeles, CA 90067
Telephone: (310) 246-3333
5 | Facsimile: (310) 246-3101

6 | Attorneys for Defendants Joanne Siegel,
Laura Siegel Larson, Mark Warren Peary,
7 | as Personal Representative of the Estate of
Joseph Shuster and Jean Adele Peavy

8

**UNITED STATES DISTRICT COURT**

9

**CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION**

10

| | |
|---|---|
| DC COMICS, | Case No: CV 10-03633 ODW (RZx) |
|          Plaintiff, | Hon. Otis D. Wright II, U.S.D.J. |
|    vs. | **DEFENDANT LAURA SIEGEL LARSON'S RESPONSE TO PLAINTIFF DC COMICS' FIRST SET OF INTERROGATORIES** |
| PACIFIC PICTURES CORPORATION; IP WORLDWIDE, LLC; IPW, LLC; MARC TOBEROFF, an individual; MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER; JEAN ADELE PEAVY, an individual; JOANNE SIEGEL, an individual; LAURA SIEGEL LARSON, an individual, and DOES 1-10, inclusive, | Complaint Filed: May 14, 2010
Trial Date: None Set |
|          Defendants. | |

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT I
453

1    Defendant Laura Siegel Larson ("Siegel"), by and through her attorneys,

2    responds as follows to the interrogatories dated December 10, 2010 (the

3    "Interrogatories") propounded by plaintiff DC Comics ("Plaintiff" or "DC").

## I.

## GENERAL OBJECTIONS

6    Siegel objects to the entire set of Interrogatories on each of the following

7    grounds, and incorporates by reference each of the following objections into her

8    response to each individual interrogatory within it:

9    1.    Siegel objects to the Interrogatories generally and to each interrogatory

10   therein to the extent they relate to the Fourth through Sixth state law claims for relief

11   in DC's First Amended Complaint ("FAC").  Defendants contend that their pending

12   anti-SLAPP motion stays discovery regarding these state law claims, as well as the

13   related Third Claim for Relief.  *See* Cal. Code Civ. Proc. § 425.16(g); *Shady Grove*

14   *Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 130 S. Ct. 1431, 1452 (2010) (Stevens,

15   J., concurring); *Batzel v. Smith*, 333 F.3d 1018, 1024 (9th Cir. 2003); *Godin v.*

16   *Schencks*, 2010 U.S. App. LEXIS 25980 (1st Cir. Dec. 22, 2010).

17   2.    Siegel objects to the Interrogatories generally and to each interrogatory

18   therein to the extent they exceed the scope of Rules 26 and 33 of the Federal Rules of

19   Civil Procedure or the Local Rules of the United States District Court for the Central

20   District of California.

21   3.    Siegel objects to the Interrogatories generally and to each interrogatory

22   therein to the extent that they purport to demand information protected from

23   disclosure by the attorney-client privilege, joint interest privilege, attorney work

24   product doctrine or any other privileges or immunities provided by the rules of this

25   Court, statute or agreement.  Inadvertent disclosure of any information subject to any

26   applicable privilege or doctrine is not intended to be and shall not operate as a waiver

27   of any such privilege or doctrine, in whole or in part; nor is any such inadvertent

28

disclosure intended to be, nor shall it constitute, a waiver of the right to object to any use of such information.

4.     Siegel objects to the Interrogatories generally and to each interrogatory therein to the extent that they seek information comprising or reflecting any trade secret or other confidential or proprietary information of Siegel or any other person or entity.

5.     Siegel objects to the Interrogatories generally and to each interrogatory therein to the extent that they seek information which is protected from disclosure by court order, or any privacy or similar rights of any person or entity.

6.     Siegel objects to the Interrogatories generally and to each interrogatory therein to the extent that they seek information and/or documents already in the possession of the propounding party on the grounds such interrogatories are unnecessary and unduly oppressive and burdensome.

7.     Siegel objects generally to the definitions of the terms "YOU" and "YOUR" as vague and ambiguous, overbroad and unduly burdensome.  Siegel will construe these terms to refer to Siegel.

8.     Siegel objects generally to the definitions of the terms "DEFENDANT" and "DEFENDANTS" as vague and ambiguous, overbroad and unduly burdensome. Siegel will construe these terms to refer only to the specific defendants in this action.

9.     Siegel objects generally to the definitions of the terms "DESCRIBE" as vague and ambiguous, overbroad and unduly burdensome.  Siegel will construe this term only to refer to "factual information and data that are responsive to the particular request seeking such statement or description."

10.     Siegel objects to the Interrogatories generally and to each interrogatory therein to the extent that they are vague or indefinite with respect to the information sought, or are overbroad and unduly burdensome.

11.     Siegel objects to the Interrogatories generally and to each interrogatory therein to the extent that they seek information which is neither relevant to the subject

matter of the pending litigation nor reasonably calculated to lead to the discovery of admissible evidence.

12.    No incidental or implied admissions are intended by Siegel's responses to the Interrogatories.  The supplying of any fact does not constitute an admission by Siegel that such fact is relevant or admissible.  The fact that Siegel has responded to any interrogatory is not intended to be and shall not be construed as a waiver by Siegel of all or any part of any objection to any interrogatory.  Siegel reserves until the time of trial all objections as to the relevance or admissibility of any facts provided in her answers to the Interrogatories.

13.    The general and specific objections set forth herein are based on information now available to Siegel and Siegel reserves the right to revise, correct, add, clarify or supplement the general and specific objections and responses set forth herein.

## II.

## RESPONSES TO INTERROGATORIES

Subject to, and without waiving the General Objections and qualifications above, Siegel responds to each individual Interrogatory as follows:

## INTERROGATORY NO. 1

DESCRIBE in detail any and all COMMUNICATIONS YOU have had with any PERSON RELATED to the TOBEROFF TIMELINE AUTHOR and/or the TOBEROFF TIMELINE.

## RESPONSE TO INTERROGATORY NO. 1

Siegel objects to this interrogatory to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence.  Siegel additionally objects to this interrogatory to the extent that it seeks communications or items protected by the attorney-client privilege, the common interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from

contractual obligation.  Subject to and without waiving the foregoing general and specific objections, Siegel responds, without limitation, as follows:  Siegel has only had privileged communications with her attorneys about the Timeline and its author(s).

**INTERROGATORY NO. 2**

DESCRIBE in detail any and all COMMUNICATIONS between YOU and any law enforcement official, including anyone employed by the United States Attorney's Office for the Central District of California and/or the Federal Bureau of Investigation, regarding the TOBEROFF TIMELINE AUTHOR and/or the TOBEROFF TIMELINE.

**RESPONSE TO INTERROGATORY NO. 2**

Siegel objects to this interrogatory to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence.  Siegel additionally objects to this interrogatory to the extent that it seeks communications or items protected by the attorney-client privilege, the common interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing general and specific objections, Siegel responds, without limitation, as follows:  Siegel has not had any communications with any law enforcement official regarding the Timeline or its author(s).

**INTERROGATORY NO. 3**

DESCRIBE in detail any information YOU have RELATING to the ALLEGED GRAND JURY INVESTIGATION.

**RESPONSE TO INTERROGATORY NO. 3**

Siegel objects to this interrogatory to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence.  Siegel additionally objects to this

1  interrogatory to the extent that it seeks communications or items protected by the

2  attorney-client privilege, the common interest privilege, the attorney work product

3  doctrine and any other privilege or immunity available under law or arising from

4  contractual obligation.  Subject to and without waiving the foregoing general and

5  specific objections, Siegel responds, without limitation, as follows:  Siegel has no

6  information regarding the Grand Jury Investigation other than that on September 9,

7  2010 a Grand Jury Subpoena was served on her attorneys requesting copies of the

8  Timeline and Stolen Documents.

9  **INTERROGATORY NO. 4**

10      DESCRIBE in detail any and all COMMUNICATIONS YOU have had with

11  the California bar or any legal, administrative, or disciplinary entity regarding the

12  TOBEROFF TIMELINE AUTHOR and/or the TOBEROFF TIMELINE.

13  **RESPONSE TO INTERROGATORY NO. 4**

14      Siegel objects to this interrogatory to the extent that it seeks the production of

15  any item, or portion thereof, which is not reasonably calculated to lead to the

16  discovery of relevant and admissible evidence.  Siegel additionally objects to this

17  interrogatory to the extent that it seeks communications or items protected by the

18  attorney-client privilege, the common interest privilege, the attorney work product

19  doctrine and any other privilege or immunity available under law or arising from

20  contractual obligation.  Subject to and without waiving the foregoing general and

21  specific objections, Siegel responds, without limitation, as follows:  Siegel has had no

22  such communications.

23  **INTERROGATORY NO. 5**

24      DESCRIBE in detail any information YOU have RELATING to the

25  ALLEGED DISCIPLINARY ACTION, including all information regarding the

26  TOBEROFF TIMELINE AUTHOR and/or the TOBEROFF TIMELINE.

27  **RESPONSE TO INTERROGATORY NO. 5**

28      Siegel objects to this interrogatory to the extent that it seeks the production of

DEFENDANT LAURA SIEGEL LARSON'S RESPONSE
TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

EXHIBIT I
458

1  any item, or portion thereof, which is not reasonably calculated to lead to the

2  discovery of relevant and admissible evidence.  Siegel additionally objects to this

3  interrogatory to the extent that it seeks communications or items protected by the

4  attorney-client privilege, the common interest privilege, the attorney work product

5  doctrine and any other privilege or immunity available under law or arising from

6  contractual obligation.  Subject to and without waiving the foregoing general and

7  specific objections, Siegel responds, without limitation, as follows:  Siegel has no

8  information regarding the ALLEGED DISCIPLINARY ACTION.

9

10

11  DATED:  January 24, 2011          TOBEROFF & ASSOCIATES, P.C.

12

13  By_____
                Marc Toberoff

14  Attorneys for Defendants, Joanne Siegel, Laura
15  Siegel Larson, Mark Warren Peary, as personal
    representative of the Estate of Joseph Shuster
16  and Jean Adele Peavy

17

18

19

20

21

22

23

24

25

26

27

28

## VERIFICATION

I declare under penalty of perjury, that on information and belief, the facts set forth in the foregoing answers to the Interrogatories are true to the best of my present knowledge and belief.

DATED:  January 24, 2011

*Laura Siegel Larson*
Laura Siegel Larson

1 | Marc Toberoff (CA State Bar No. 188547)
   mtoberoff@ipwla.com
2 | Nicholas C. Williamson (CA State Bar No. 231124)
   nwilliamson@ipwla.com
3 | TOBEROFF & ASSOCIATES, P.C.
2049 Century Park East, Suite 2720
4 | Los Angeles, CA 90067
Telephone: (310) 246-3333
5 | Facsimile: (310) 246-3101

6 | Attorneys for Defendants Joanne Siegel,
Laura Siegel Larson, Mark Warren Peary,
7 | as Personal Representative of the Estate of
Joseph Shuster and Jean Adele Peavy

8

**UNITED STATES DISTRICT COURT**

9

**CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION**

10

| | |
|---|---|
| DC COMICS, | Case No: CV 10-03633 ODW (RZx) |
|            Plaintiff, | Hon. Otis D. Wright II, U.S.D.J. |
|    vs. | **DEFENDANT MARK WARREN PEARY'S RESPONSE TO PLAINTIFF DC COMICS' FIRST SET OF INTERROGATORIES** |
| PACIFIC PICTURES CORPORATION; IP WORLDWIDE, LLC; IPW, LLC; MARC TOBEROFF, an individual; MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER; JEAN ADELE PEAVY, an individual; JOANNE SIEGEL, an individual; LAURA SIEGEL LARSON, an individual, and DOES 1-10, inclusive, | Complaint Filed:  May 14, 2010
Trial Date:  None Set |
|           Defendants. | |

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT I
461

1    Defendant Mark Warren Peary ("Peary"), by and through his attorneys,

2  responds as follows to the interrogatories dated December 10, 2010 (the

3  "Interrogatories") propounded by plaintiff DC Comics ("Plaintiff" or "DC").

4                                         **I.**

5                        **GENERAL OBJECTIONS**

6    Peary objects to the entire set of Interrogatories on each of the following

7  grounds, and incorporates by reference each of the following objections into his

8  response to each individual interrogatory within it:

9    1.    Peary objects to the Interrogatories generally and to each interrogatory

10 therein to the extent they relate to the Fourth through Sixth state law claims for relief

11 in DC's First Amended Complaint ("FAC").  Defendants contend that their pending

12 anti-SLAPP motion stays discovery regarding these state law claims, as well as the

13 related Third Claim for Relief.  *See* Cal. Code Civ. Proc. § 425.16(g); *Shady Grove*

14 *Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 130 S. Ct. 1431, 1452 (2010) (Stevens,

15 J., concurring); *Batzel v. Smith*, 333 F.3d 1018, 1024 (9th Cir. 2003); *Godin v.*

16 *Schencks*, 2010 U.S. App. LEXIS 25980 (1st Cir. Dec. 22, 2010).

17   2.    Peary objects to the Interrogatories generally and to each interrogatory

18 therein to the extent they exceed the scope of Rules 26 and 33 of the Federal Rules of

19 Civil Procedure or the Local Rules of the United States District Court for the Central

20 District of California.

21   3.    Peary objects to the Interrogatories generally and to each interrogatory

22 therein to the extent that they purport to demand information protected from

23 disclosure by the attorney-client privilege, joint interest privilege, attorney work

24 product doctrine or any other privileges or immunities provided by the rules of this

25 Court, statute or agreement.  Inadvertent disclosure of any information subject to any

26 applicable privilege or doctrine is not intended to be and shall not operate as a waiver

27 of any such privilege or doctrine, in whole or in part; nor is any such inadvertent

28

disclosure intended to be, nor shall it constitute, a waiver of the right to object to any use of such information.

4.    Peary objects to the Interrogatories generally and to each interrogatory therein to the extent that they seek information comprising or reflecting any trade secret or other confidential or proprietary information of Peary or any other person or entity.

5.    Peary objects to the Interrogatories generally and to each interrogatory therein to the extent that they seek information which is protected from disclosure by court order, or any privacy or similar rights of any person or entity.

6.    Peary objects to the Interrogatories generally and to each interrogatory therein to the extent that they seek information and/or documents already in the possession of the propounding party on the grounds such interrogatories are unnecessary and unduly oppressive and burdensome.

7.    Peary objects generally to the definitions of the terms "YOU" and "YOUR" as vague and ambiguous, overbroad and unduly burdensome.  Peary will construe these terms to refer to Peary.

8.    Peary objects generally to the definitions of the terms "DEFENDANT" and "DEFENDANTS" as vague and ambiguous, overbroad and unduly burdensome. Peary will construe these terms to refer only to the specific defendants in this action.

9.    Peary objects generally to the definitions of the terms "DESCRIBE" as vague and ambiguous, overbroad and unduly burdensome.  Peary will construe this term only to refer to "factual information and data that are responsive to the particular interrogatory seeking such statement or description."

10.    Peary objects to the Interrogatories generally and to each interrogatory therein to the extent that they are vague or indefinite with respect to the information sought, or are overbroad and unduly burdensome.

11.    Peary objects to the Interrogatories generally and to each interrogatory therein to the extent that they seek information which is neither relevant to the subject

2

DEFENDANT MARK WARREN PEARY'S RESPONSE
TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

EXHIBIT I
463

1  matter of the pending litigation nor reasonably calculated to lead to the discovery of

2  admissible evidence.

3       12.    No incidental or implied admissions are intended by Peary's responses

4  to the Interrogatories.  The supplying of any fact does not constitute an admission by

5  Peary that such fact is relevant or admissible.  The fact that Peary has responded to

6  any interrogatory is not intended to be and shall not be construed as a waiver by

7  Peary of all or any part of any objection to any interrogatory.  Peary reserves until the

8  time of trial all objections as to the relevance or admissibility of any facts provided in

9  his answers to the Interrogatories.

10      13.    The general and specific objections set forth herein are based on

11  information now available to Peary and Peary reserves the right to revise, correct,

12  add, clarify or supplement the general and specific objections and responses set forth

13  herein.

14

15                                **II.**

16                    **RESPONSES TO INTERROGATORIES**

17       Subject to, and without waiving the General Objections and qualifications

18  above, Peary responds to each individual Interrogatory as follows:

19  **INTERROGATORY NO. 1**

20       DESCRIBE in detail any and all COMMUNICATIONS YOU have had with

21  any PERSON RELATED to the TOBEROFF TIMELINE AUTHOR and/or the

22  TOBEROFF TIMELINE.

23  **RESPONSE TO INTERROGATORY NO. 1**

24       Peary objects to this interrogatory to the extent that it seeks the production of

25  any item, or portion thereof, which is not reasonably calculated to lead to the

26  discovery of relevant and admissible evidence.  Peary additionally objects to this

27  interrogatory to the extent that it seeks communications or items protected by the

28  attorney-client privilege, the common interest privilege, the attorney work product

1   doctrine and any other privilege or immunity available under law or arising from

2   contractual obligation.  Subject to and without waiving the foregoing general and

3   specific objections, Peary responds, without limitation, as follows:

4          Outside of privileged attorney-client communications, none.

5   **INTERROGATORY NO. 2**

6          DESCRIBE in detail any and all COMMUNICATIONS between YOU and

7   any law enforcement official, including anyone employed by the United States

8   Attorney's Office for the Central District of California and/or the Federal Bureau of

9   Investigation, regarding the TOBEROFF TIMELINE AUTHOR and/or the

10  TOBEROFF TIMELINE.

11  **RESPONSE TO INTERROGATORY NO. 2**

12         Peary objects to this interrogatory to the extent that it seeks the production of

13  any item, or portion thereof, which is not reasonably calculated to lead to the

14  discovery of relevant and admissible evidence.  Peary additionally objects to this

15  interrogatory to the extent that it seeks communications or items protected by the

16  attorney-client privilege, the common interest privilege, the attorney work product

17  doctrine and any other privilege or immunity available under law or arising from

18  contractual obligation.  Subject to and without waiving the foregoing general and

19  specific objections, Peary responds, without limitation, as follows:

20         None.

21  **INTERROGATORY NO. 3**

22         DESCRIBE in detail any information YOU have RELATING to the

23  ALLEGED GRAND JURY INVESTIGATION.

24  **RESPONSE TO INTERROGATORY NO. 3**

25         Peary objects to this interrogatory to the extent that it seeks the production of

26  any item, or portion thereof, which is not reasonably calculated to lead to the

27  discovery of relevant and admissible evidence.  Peary additionally objects to this

28  interrogatory to the extent that it seeks communications or items protected by the

attorney-client privilege, the common interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing general and specific objections, Peary responds, without limitation, as follows:  Peary has no information regarding the Grand Jury Investigation other than that on September 9, 2010 a Grand Jury Subpoena was served on his attorneys requesting copies of the Timeline and Stolen Documents.

**INTERROGATORY NO. 4**

DESCRIBE in detail any and all COMMUNICATIONS YOU have had with the California bar or any legal, administrative, or disciplinary entity regarding the TOBEROFF TIMELINE AUTHOR and/or the TOBEROFF TIMELINE.

**RESPONSE TO INTERROGATORY NO. 4**

Peary objects to this interrogatory to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence.  Peary additionally objects to this interrogatory to the extent that it seeks communications or items protected by the attorney-client privilege, the common interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing general and specific objections, Peary responds, without limitation, as follows:

None.

**INTERROGATORY NO. 5**

DESCRIBE in detail any information YOU have RELATING to the ALLEGED DISCIPLINARY ACTION, including all information regarding the TOBEROFF TIMELINE AUTHOR and/or the TOBEROFF TIMELINE.

**RESPONSE TO INTERROGATORY NO. 5**

Peary objects to this interrogatory to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the

DEFENDANT MARK WARREN PEARY'S RESPONSE
TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

EXHIBIT I
466

1    discovery of relevant and admissible evidence.  Peary additionally objects to this

2    interrogatory to the extent that it seeks communications or items protected by the

3    attorney-client privilege, the common interest privilege, the attorney work product

4    doctrine and any other privilege or immunity available under law or arising from

5    contractual obligation.  Subject to and without waiving the foregoing general and

6    specific objections, Peary responds, without limitation, as follows:

7           None.

8
9    DATED:  January 24, 2011          TOBEROFF & ASSOCIATES, P.C.

10
11                                    By_____
                                              Marc Toberoff

12                                    Attorneys for Defendants Mark Warren Peary,
                                      as personal representative of the Estate of
13                                    Joseph Shuster, Jean Adele Peavy, Joanne
                                      Siegel and Laura Siegel Larson
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2                          **VERIFICATION**
3        I declare under penalty of perjury, that on information and belief, the facts set
4   forth in the foregoing answers to the Interrogatories are true to the best of my present
5   knowledge and belief.
6
7
8   DATED:  January 24, 2011
9                                               Mark Warren Peary
                                        Personal Representative of the Estate of
10                                      Joseph Shuster
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
                                        7
                       DEFENDANT MARK WARREN PEARY'S RESPONSE
                       TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

EXHIBIT I
468

1   KENDALL BRILL & KLIEGER LLP
    Richard B. Kendall (90072)
2     rkendall@kbkfirm.com
    Laura W. Brill (195889)
3     lbrill@kbkfirm.com
    Nicholas F Daum (236155)
4     ndaum@kbkfirm.com
    Nathalie E. Cohen (258222)
5     ncohen@kbkfirm.com
    10100 Santa Monica Blvd., Suite 1725
6   Los Angeles, California, 90067
    Telephone:   310.556.2700
7   Facsimile:    310.556.2705

8   Attorneys for Defendants Marc Toberoff,
    Pacific Pictures Corporation, IP
9   Worldwide, LL, and IPW, LLC

10              **UNITED STATES DISTRICT COURT**

11      **CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION**

| | |
|---|---|
| 12  DC COMICS, | Case No: CV 10-03633 ODW (RZx) |
| 13                  Plaintiff, | Hon. Otis D. Wright II, U.S.D.J. |
|          vs. | |
| 14 | **PROOF OF SERVICE** |
| 15  PACIFIC PICTURES CORPORATION; | Complaint Filed:  May 14, 2010 |
|     IP WORLDWIDE, LLC; IPW, LLC; | Trial Date:  None Set |
| 16  MARC TOBEROFF, an individual; | |
| 17  MARK WARREN Peary, as personal | |
|     representative of the ESTATE OF | |
| 18  JOSEPH SHUSTER; JEAN ADELE | |
| 19  Peavy, an individual; JOANNE SIEGEL, | |
|     an individual;  LAURA SIEGEL | |
| 20  LARSON, an individual, | |
| 21  and DOES 1-10, inclusive, | |
| 22                  Defendants. | |

EXHIBIT I
469

1

**PROOF OF SERVICE**

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

    I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is:  2049 Century Park

4

East, Suite 2720, Los Angeles, California 90067.

5

       On January 24, 2011, I served the attached documents described as

6

as follows:

7

**DEFENDANT IP WORLDWIDE, LLC'S RESPONSE AND OBJECTIONS TO PLAINTIFF DC COMICS' REQUEST FOR PRODUCTION OF DOCUMENTS**

8

9

**DEFENDANT PACIFIC PICTURES CORPORATION'S RESPONSE AND OBJECTIONS TO PLAINTIFF DC COMICS' REQUEST FOR PRODUCTION OF DOCUMENTS**

10

**DEFENDANT MARC TOBEROFF'S RESPONSE AND OBJECTIONS TO PLAINTIFF DC COMICS' REQUEST FOR PRODUCTION OF DOCUMENTS**

11

12

**DEFENDANT IPW, LLC'S RESPONSE AND OBJECTIONS TO PLAINTIFF DC COMICS' REQUEST FOR PRODUCTION OF DOCUMENTS**

13

14

**DEFENDANT MARC TOBEROFF'S RESPONSE TO PLAINTIFF DC COMICS' FIRST SET OF INTERROGATORIES**

15

**DEFENDANT MARK WARREN PEARY'S RESPONSE TO PLAINTIFF DC COMICS' FIRST SET OF INTERROGATORIES**

16

17

**DEFENDANT LAURA SIEGEL LARSON'S RESPONSE TO PLAINTIFF DC COMICS' FIRST SET OF INTERROGATORIES**

18

19

[X]  :<u>BY MAIL</u>:

20

    As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. postal service

21

on that same day with postage thereon fully prepaid at Los Angeles California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if

22

postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.  I placed _____ the original _X_ a true copy thereof enclosed in sealed envelope(s)

23

addressed as follows:

24

    Daniel M. Petrocelli, Esq.
    O'MELVENY & MYERS LLP

25

    1999 Avenue of the Stars, 7th Floor
    Los Angeles, CA 90067

26

27

[X]  :(FEDERAL) – I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

28

EXHIBIT I
470

1    I declare under penalty of perjury that the foregoing is true and correct.

2    EXECUTED on January 24, 2011, in Los Angeles, California.

3                                        _____

4                                             Nicholas C. Williamson

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT I
471