# EXHIBIT L

# O'MELVENY & MYERS LLP

| | | |
|---|---|---|
| BEIJING | 1999 Avenue of the Stars, 7th Floor | SAN FRANCISCO |
| BRUSSELS | Los Angeles, California 90067-6035 | SHANGHAI |
| HONG KONG | | SILICON VALLEY |
| LONDON | TELEPHONE (310) 553-6700 | SINGAPORE |
| LOS ANGELES | FACSIMILE (310) 246-6779 | TOKYO |
| NEWPORT BEACH | www.omm.com | WASHINGTON, D.C. |
| NEW YORK | | |

OUR FILE NUMBER
905,900-321

February 17, 2011

WRITER'S DIRECT DIAL
(310) 246-6840

**VIA E-MAIL & U.S. MAIL**

WRITER'S E-MAIL ADDRESS
mkline@omm.com

Laura Brill
Kendall Brill & Klieger LLP
10100 Santa Monica Boulevard, Suite 1725
Los Angeles, California 90067

Marc Toberoff
Toberoff & Associates, P.C.
2049 Century Park East, Suite 2720
Los Angeles, California 90067

Re:   *DC Comics v. Pacific Pictures Corp. et al.*, **CV-10-3633 (ODW) (RZx)**

Dear Counsel:

     This letter follows up on the Rule 37 conference we held on Monday regarding the issues DC Comics raised with defendants' responses and objections to the discovery DC served on December 10, 2010. This letter is not intended to recount our full discussion, which lasted some 60 minutes, but to crystallize our open issues of dispute, so that when DC files its motion to compel, we have clear agreement at least about which issues the parties disagree.

     DC agrees that the parties should not have to repeat arguments made in DC's pending Motion to Compel the Production of Documents and Amended Privilege Logs, dated February 7, 2011, which is set for hearing on February 28, 2011. However, DC does not agree that it is necessary, or beneficial, for the parties to wait until after DC's motion is ruled upon before addressing the many other independent deficiencies in defendants' most recent discovery responses. Defendants have been engaged in nine months of delay in this case, have been in possession of DC's discovery requests at issue for over two months and have refused to provide meaningful responses to that discovery—let alone legally required responses. DC's efforts to take discovery cannot be further delayed by defendants' intransigence—or its apparent views, confirmed by its actions and our most recent call, that virtually every document that passes through defendants' hands somehow becomes protected by privilege. This systematic and improper approach to privilege issues, coupled with defendants' strategic and selective privilege waiver, compels the conclusion that the hundreds of pertinent documents defendants are wrongly withholding must be produced, and be produced without delay.

EXHIBIT L
487

O'MELVENY & MYERS LLP
February 17, 2011 - Page 2

As we stated on the call, to the extent DC's forthcoming motion to compel addresses issues currently before the Court in DC's pending motion, DC will advert to the current briefing, as appropriate, and supplement that briefing, as appropriate, if and when new issues have been raised.

## I. PRIVILEGE LOGS

Defendants asserted that their arguments regarding the deficiencies in their privilege logs are set forth in the parties' correspondence and current briefing. Defendants stated that, in their opinion, there was no point in further debating the issue. We obviously disagree and believe defendants should have endeavored to draft their most recent privilege logs to address the issues DC raised in December with defendants' first round of logs. Defendants chose not to do that in the logs it served in late January, and any arguments defendants may now make about having to re-do work will be without basis in light of that strategic choice.

## II. REQUESTS FOR PRODUCTION

### A. Communications With Ari Emanuel

Defendants admit that they are withholding responsive documents relating to communications with Ari Emanuel on the asserted ground that DC's requests for production are "overbroad." Defendants assert they will *not* produce *any* of those documents or logs until DC has narrowed the scope of its document requests. Defendants' legal position is untenable, and they were required to make a good-faith effort to produce obviously responsive documents. *E.g.*, FED. R. CIV. P. 34(b)(2)(C); W. SCHWARZER, ET AL., RUTTER GROUP PRACTICE GUIDE: FEDERAL CIVIL PROCEDURE BEFORE TRIAL § 11:1914 (2010) (citing *Aikens v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533, 539 (D. Kan. 2003) ("the responding party still has a duty to respond *to the extent the request is not objectionable*") (emphasis added)). Defendants made a tactical choice not to do so, in violation of their discovery obligations.

In addition, defendants' boilerplate "overbreadth" objections as to all of the Ari Emanuel requests,[1] are "inadequate and tantamount to not making any objection at all." *E.g., Walker v. Lakewood Condo. Owners Ass'n*, 186 F.R.D. 584, 587 (C.D. Cal. 1999). DC raised this issue with respect to defendants' objections last Fall, and defendants rightly abandoned such spurious objections in the Court-approved stipulation and order dated December 7, 2010. Defendants are wasting everyone's time asserting and standing on such boilerplate objections once again. Indeed, defendants made no effort—*none*—in the two months since they received these document requests to produce Ari Emanuel documents, nor did they ever once propose a narrowing of DC's document requests to address this alleged overbreadth concern. Rather, defendants sought to forestall any discovery filing one frivolous pleading after another with the District Court and Ninth Circuit; they sought and obtained an extension to respond to these document requests—all the while promising to provide meaningful responses, when they had no intention to do so; and then they waited the full 10 days even to agree to a meet-and-confer on

---

[1] *E.g.* M. Toberoff Request Nos. 35, 36.

EXHIBIT L
488

O'MELVENY & MYERS LLP
February 17, 2011 - Page 3

these issues—and then still proposed no narrowing of the requests, much less produced a single Ari Emanuel document.

Solely in an effort to avoid burdening the Court with a motion to compel, and to assess whether defendants are really willing to engage in discovery in this case in good faith, DC proposes that defendants produce to DC, at its counsel's office, by Tuesday, February 23 at 5 p.m. PST, all documents (and necessary privilege logs) RELATING to: (a) Superman and/or Superboy; (b) the Siegel and Shuster Heirs; (c) any of the other named defendants in this case; or (d) the business and/or economic relationship(s) between any of the named defendants in this case and Mr. Emanuel. Please advise us by no later than February 18, at 10 a.m. PST, if defendants will agree to this proposal.

### B. Boilerplate Objections To Every Other Document Request

Boilerplate Objections. Defendants have raised boilerplate objections to every document request served by DC. As it advised defendants and the law makes clear, it is not DC's obligation to go request-by-request to address these meaningless objections and propose narrowing of these requests to defendants. *E.g., Walker*, 186 F.R.D. at 587; *Marchland v. Mercy Med. Ctr.*, 22 F.3d 933, 938 (9th Cir. 1994); *see also* Docket No. 125 at 22-27. It is defendants' obligation to identify specifically what they believe is objectionable about DC's request so that DC can meaningfully respond during the parties' meet-and-confer efforts, and defendants have failed to meet that obligation—failing to produce the necessary documents, failing to produce the privilege logs that the law requires, and thereby waiving any claims of privilege as to all of these categories of documents (including the Ari Emanuel documents) as to which defendants are asserting these boilerplate objections. *E.g., U.S. v. Martin*, 278 F.3d 988, 1000 (9th Cir. 2002); *Clarke v. Am. Commerce Nat'l Bank*, 974 F.2d 127, 129 (9th Cir. 1992); *Ramirez v. County of Los Angeles*, 231 F.R.D. 407, 410 (C.D. Cal. 2005); *Am. Dental Ass'n v. Khorrami*, 2003 WL 24141019, at *9 (C.D. Cal. July 14, 2003); Docket No. 125 at 14-22.

DC demands that by Friday, February 18, at 2:00 p.m. PST, defendants disclose for each request what category of documents they intend to produce, and by Tuesday, February 22, at 2:00 p.m. PST, make that production of documents and any and all privilege logs at the offices of O'Melveny & Myers LLP, 1999 Avenue of the Stars, Suite 700, Log Angeles, California, 90067. Otherwise, DC intends to move to compel and will take the position that defendants have waived their objections to DC's discovery requests.

Toberoff-Related Business Entities. DC understands that defendants are withholding documents responsive to DC's discovery requests involving the various Toberoff-related business entities, including Pacific Pictures Corporation, IP Worldwide, LLC, and IPW, LLC, and they will not produce them until DC has "appropriately tailor[ed] its broad request." First, DC does not agree that its requests are overbroad. Second, as discussed *supra*, defendants' blanket refusal to produce any documents based on their objection to scope of DC's request is improper. Defendants were required to make a good-faith effort to produce obviously responsive documents. Third, defendants need to amend their privilege logs to indicate what capacity Mr.

EXHIBIT L
489

O'MELVENY & MYERS LLP
February 17, 2011 - Page 4

Toberoff was acting in when he authored or received communications involving his related business entities.

### C. General, Non-Specific Objections

<u>Offers to Meet and Confer</u>. Defendants do not meet their discovery obligations by offering to meet and confer to "narrow" the scope of DC's requests. As discussed *supra*, defendants were required to make a good-faith effort to produce obviously responsive documents.

Defendants identify Document Request No. 5 to Mr. Toberoff as representative of their claim that DC's requests are "grossly overbroad." Request No. 5 seeks, "All DOCUMENTS RELATING to SUPERMAN and/or SUPERBOY." DC's request is proper. Defendants complain that this request requires production of documents relating to this litigation, the *Siegel* cases, documents created and/or produced by DC, and "all documents relating to the exploitation of Superman and/or Superboy over the pas 80 years." To the contrary, these exact concerns were addressed by the parties' December 7 stipulation and court order, and defendants are well aware that they are not required to re-produce these types of documents. *See* Docket No. 133. At the same time, defendants are obligated to produce responsive, non-privileged documents that do not fall in those categories—and they chose not to do so.

<u>"Other" Protections</u>. Defendants refuse to confirm whether any documents are being withheld on the ground of "any other privilege or immunity available under law or arising from contractual obligation," or to identify what "other privilege" or "immunity" they are invoking beyond the attorney-client privilege, common-interest privilege, work-product doctrine, or protections allegedly afforded by the parties' JAMS agreement. Defendants referred DC to their privilege logs and stated that whatever protections apply are listed therein. However, defendants' logs do not identify *any* "other privilege" or "immunity" on which documents are being withheld. At the same time, defendants argue that because DC's requests haven't been narrowed, they *could* implicate trade secrets that deal with private information not subject to disclosure. Defendants' refusal to answer DC's simple question defies the purpose of Rule 37's meet-and-confer requirement. DC demands that defendants identify what "other privilege" or "immunity" they are claiming, *if any*, or agree that these objections are waived.

### D. SLAPP

Defendants have created an ambiguity by stating that "no documents are being withheld on the basis of this objection *alone*." (emphasis added) Defendants refused to remove the qualifier "alone" from their stated position, even though the Magistrate has already ruled in this case that SLAPP serves as no bar to discovery. The District Court and Ninth Circuit have rejected defendants' repeated reliance on the SLAPP statute to block discovery, and yet defendants persist in so asserting. Indeed, when DC asked whether it would have to address this objection in DC's forthcoming motion to compel, defendants refused repeatedly to state what their position is on this subject and asserted they would force DC to address such arguments in the 5-page supplemental filing on reply. This gamesmanship has no place in the Rule 37 meet-

EXHIBIT L
490

O'MELVENY & MYERS LLP
February 17, 2011 - Page 5

and-confer process and will only burden the Court with needless briefing. Defendants have cited to SLAPP cases in recent court filings—*Godin v. Schenks*, No. 09-2324, Slip Op. at 23-25, 2010 WL 5175180 (1st Cir. Dec. 22, 2010), and *In re NCAA Student-Athlete Name & Likeness Litig.*, No. 09-1967 CW, 2010 WL 5644656 (N.D. Cal. Dec. 17, 2010)—but those cases provide utterly no support for defendants' positions. Please let us know by February 18, at 10 a.m. PST, whether you intend to rely on those cases or any SLAPP-related arguments in opposing DC's motion to compel.

### E. Communications With The U.S. Attorney's Office

DC advised defendants that their disclosure of communications or documents to the U.S. Attorney's office waived any attorney-client privilege or work-product protections with respect to the subject matters of all the disclosures and documents at issue. *E.g., U.S. Mass. Inst. of Tech.*, 129 F.3d 681 (1st Cir. 1997); *In re Steinhardt Partners L.P.*, 9 F.3d 230 (2d Cir. 1993); *In re Subpoena Duces Tecum*, 738 F.2d 1367, 1370-72 (D.C. Cir. 1984). Defendants responded that their arguments are as set forth in their February 14 letter, and that they did not want to repeat themselves. Defendants asked why these issues are relevant; DC pointed out that, *inter alia*, defendants chose to put them at issue in Mr. Toberoff's declaration submitted in support of defendants' SLAPP motion. Docket No. 99-1 at ¶¶ 14-16. DC is also concerned that defendants are seeking to silence the author of the Toberoff Timeline as a material witness and will address this matter with the Court as well, as discussed.

### F. Communications With Kevin Marks

Document Request No. 43 to Mr. Toberoff calls for:

All DOCUMENTS RELATING to any COMMUNICATION RELATING to the "Declaration of Kevin S. Marks in Support of Toberoff Defendants' Reply Memorandum in Support of Motion to Strike Plaintiff's State Law Causes of Action Pursuant to California's Anti-SLAPP Law (Cal. Code Civ. Proc. § 425.16)" filed in the above-entitled action on October 4, 2010 (Docket No. 98-3), including any and all drafts of that declaration and any and all DOCUMENTS reflecting the contents of that declaration.

Defendants and their counsel admit that they do not represent Mr. Marks as his lawyer or in connection with the declaration he recently submitted in this case. They also admit that they are withholding documents and communications related to his declaration and that those documents appear on none of the privilege logs defendants were required to produce weeks ago. Defendants' failure to log these communications waives any claims of privilege. *E.g.*, *Martin*, 278 F.3d at 1000; *Clarke*, 974 F.2d at 129; *Ramirez*, 231 F.R.D. at 410; *Am. Dental Ass'n*, 2003 WL 24141019, at *9. Defendants are aware that the failure to produce privilege logs results in a waiver because, among other reasons, DC raised this exact issue in November when defendants similarly refused to log withheld documents. *See* Docket No. 125 at 17-19.

EXHIBIT L
491

O'Melveny & Myers LLP
February 17, 2011 - Page 6

DC served its discovery requests on December 10 and requested that defendants respond no later than January 10. DC agreed to extend defendants' time to respond by two weeks to January 24. Still, defendants did not produce any documents responsive to Request No. 43 or a privilege log on January 25. On February 4, DC sent defendants its Rule 37 letter describing the deficiencies of their discovery responses, but no log has been produced to date. During our meet-and-confer, DC requested that an amended log be produced no later than Friday, February 18, and defendants refused to commit even to that. It is too late, and defendants have waived any applicable protections. Every day that defendants delay is a further waiver.

### G. Communications With Third Parties Regarding Marketing The Siegels and/or Shusters' Purported Rights

DC advised defendants that requests 15-17 to Mr. Toberoff, for example, specifically seek the production of communications with third parties regarding marketing the Siegels' and/or Shusters' purported rights.[2] DC demands that defendants produce responsive documents by Friday, February 18 at 2:00 p.m. PST at the offices of O'Melveny & Myers LLP, 1999 Avenue of the Stars, Suite 700, Log Angeles, California 90067.

### III. INTERROGATORIES

DC again advised defendants that it believes their responses to DC's first set of interrogatories were incomplete, misleading, and avoid directly responding to the question posed. For example, defendants identify that Richard Kendall spoke with representatives from the U.S. Attorney's Office, and Mr. Toberoff met with the FBI, but they fail to describe those communications in detail as requested by DC's interrogatories. Defendants additionally challenge the relevance of certain of DC's requests, including the investigation into the author of the Toberoff Timeline, David Michaels. DC discussed several theories of relevance during the parties' conference and DC will address these and others, if it is forced to move to compel these documents. DC demands that defendants revise their responses to provide the necessary and requested detail and information by Friday, February 18 at 2:00 p.m. PST.

\*   \*   \*

---

[2] M. Toberoff Request No. 15: "All DOCUMENTS RELATING to the potential sale, assignment, license, or other disposition of any rights RELATING to SUPERMAN and/or SUPERBOY, including but not limited to any solicitation, offer, option, or proposed agreement."; M. Toberoff Request No. 16: "All DOCUMENTS RELATING to any efforts YOU have made to sell, lease, license, or otherwise exploit any rights in SUPERMAN and/or SUPERBOY."; M. Toberoff Request No. 17: "All DOCUMENTS RELATING to any potential investors or other PERSONS who have expressed interest in purchasing or otherwise investing in any rights in SUPERMAN and/or SUPERBOY."

EXHIBIT L
492

O'MELVENY & MYERS LLP

February 17, 2011 - Page 7

    Thank you for your time and attention to these matters.

                    Very truly yours,

                    Matthew T. Kline
                    of O'MELVENY & MYERS LLP

cc:    Daniel M. Petrocelli, Esq.

CC1:844312

EXHIBIT L

493