# EXHIBIT M



writer's direct:
310.272.7922
lbrill@kbkfirm.com

February 18, 2011

**VIA E-MAIL**

Matthew Kline
O'Melveny and Myers LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067

Re:   *DC Comics v. Pacific Pictures Corp., et al.*, Case No. 10-CV-03633 ODW (RZx)

Dear Matt:

This letter responds to the parties' February 14, 2011 meet-and-confer and your February 17, 2011 letter with respect to defendants' January 24, 2011 interrogatory responses, document production and privilege logs. We disagree with numerous factual and legal assertions in your letter, and all of defendants' rights on all of these subjects are expressly reserved.

As a preliminary matter, your hyperbolic claims that "virtually every document that passes through defendants' hands somehow becomes protected by privilege," and that "hundreds of pertinent documents" are being wrongly withheld are baseless. DC is seeking documents from parties that have *already responded* to most of DC's document requests in the *Siegel* litigations, and most of the documents DC now seeks were already produced in connection therewith or logged a long time ago.

**I.    FORMAT OF PRIVILEGE LOGS**

You continue to raise an issue regarding the format of the privilege logs, despite the facts that (a) the format of the Siegel/Shuster defendants' privilege logs have already been expressly upheld in the closely related *Siegel* litigations, (b) defendants nonetheless offered and DC rejected a reasonably reciprocal compromise, and (c) this issue will be resolved by a motion to compel already pending before Judge Zarefsky. As we discussed in our telephone call, we expect Judge Zarefsky to resolve this issue shortly and disagree with your effort to relitigate an issue DC has already lost.

**II.   REQUESTS FOR PRODUCTION**

A.    **Communications with Ari Emanuel**

These requests – for "All DOCUMENTS RELATING to Ari Emanuel," and "All DOCUMENTS RELATING to any COMMUNICATIONS with Ari Emanuel" – were properly objected to as overbroad. DC's reliance on *Aikens v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533 (D. Kan. 2003) for the proposition that defendants should have produced documents "to the

Kendall Brill & Klieger LLP
10100 Santa Monica Blvd.   Suite 1725   Los Angeles, CA 90067   telephone 310.556.2700   facsimile 310.556.2705   www.kbkfirm.com

EXHIBIT M
494

February 18, 2011
Page 2

extent that the request is not objectionable" is misplaced. *Aikens* held that "[b]efore the Court will require an objecting party to answer or provide a privilege log … the Court must have some guidance – from either the parties or some other source – as to what portion of the request is reasonably answerable." *Id.* at 538. DC completely failed to delineate what it actually sought with respect to these requests, which were "so broad and open-ended that Defendant could not possibly fully determine – without undue burden – which documents would be responsive." *Id.* Nor was it defendants' burden to narrow DC's overbroad requests.

Furthermore, "Ari Emanuel" documents were produced in response to DC's requests. The parties agreed in their December 6, 2010 stipulation approved by the Court that documents already produced in *Siegel v. Warner Bros. Ent. Inc.*, C.D. Cal. Case No. 04-8400 ODW (RZx) and *Siegel v. Time Warner Inc.*, C.D. Cal. Case No. 04-8776 ODW (RZx) (the *Siegel* cases) could be "produced" by designating their bates numbers. Defendants reasonably followed that procedure here and designated 142 pages of such documents from Ari Emanuel/Endeavor, as well as other related documents from entities such as IP Worldwide, LLC, that are responsive to DC's requests.

Despite your needlessly inflammatory language, defendants have consistently made clear, including in our telephone call of February 14, that they are willing to provide documents in response to a more reasonably tailored request for Ari Emmanuel documents, which is why we asked (and why you agreed to provide) a written statement describing the specific categories of documents DC is seeking to obtain through its request. However, we do not understand your proposal. It states that defendants should produce "all documents (and necessary privilege logs) RELATING to: (a) Superman and/or Superboy; (b) the Siegel and Shuster Heirs; (c) any of the other named defendants in this case; or (d) the business and/or economic relationship(s) between any of the named defendants in this case and Mr. Emanuel." It is unclear whether DC asks for (a) all communications with Mr. Emanuel on those subjects, or (b) all documents on those subjects. Even your supposedly "tailored" request would appear to be asking for every document "related" to any business dealing between Mr. Toberoff and Mr. Emmanuel, who have a long-standing professional relationship in matters that have nothing whatsoever to do with Superman, the Siegel and Shuster families, or any fact remotely related to this litigation.

Nonetheless, in the hopes of productively resolving this issue, provided DC agrees to so tailor its overbroad requests regarding Mr. Emanuel, defendants would be willing to produce, by 6:00 p.m. on Wednesday, February 23, 2011, the following categories of documents and necessary privilege logs:

- All non-privileged communications between Mr. Emanuel and any defendant relating to Superman, Superboy; the Siegel Heirs and/or Shuster Heirs.

78442.1

EXHIBIT M
495

**Kendall Brill & Klieger LLP**

February 18, 2011
Page 3

### B.   Objections to Other Document Requests

<u>Alleged "Boilerplate" Objections</u>:  Defendants' objections were not mere boilerplate – they identified the specific deficiencies in DC's flawed document requests.  There is also no basis for your assertion that defendants have waived their objections.  In response to numerous DC requests, Defendants provided specific reasons as to why the requests were grossly overbroad on their face.  *See, e.g.,* Mr. Toberoff's response to Request No. 41 (stating "this request … is compound, duplicative, overbroad, burdensome and oppressive, as it could be reasonably construed to request all documents related to Superman").

Moreover, as with the "Ari Emanuel" documents, documents were produced by the responding defendants by designating the Bates numbers of documents produced in the related *Siegel* litigations.  For these requests, thousands of pages of documents were, in fact, designated by their Bates numbers and thereby produced.

DC demands that defendants narrow DC's overbroad requests without any agreement or compromise in the meet and confer process on DC's part to narrow its requests or to not bring a motion to compel.  Again it is not defendants' burden to narrow DC's overbroad requests or to divine the categories of documents DC really wants that have not already been produced and designated by defendants.  The meet and confer procedures are intended to avoid burdening the Court with unnecessary motions to compel.  DC's unreasonable one-sided approach does not satisfy that objective.

Defendants are again willing to meet-and-confer on the categories of documents, not already produced, that DC truly seeks in its overbroad requests.  However, if it wants to meet and confer in good faith, DC must agree to narrow its requests and to work towards a reasonable system for discovery in this case that allows DC to obtain documents that are actually relevant or likely to lead to the discovery of admissible evidence, not to simply demand endless document production without in any way indicating that it will refrain from moving to compel documents based on its overbroad requests.

<u>Toberoff-Related Business Entities</u>:  DC improperly requested any and all document that relate to any and all business conducted or to be conducted by any such entity, ever.  For example, DC asked for "All DOCUMENTS RELATING to any past, current, or planned business activity of PACIFIC PICTURES" (PPC Request No. 31), and asked equivalent questions of every other Toberoff-related entity.  DC's requests must obviously be narrowed before they can be fully responded to.

That being said, Defendants have already produced by designation such entities' documents relating to Superman, Superboy, the Siegels, and/or the Shusters, and are willing to produce documents that establish these entities' basic corporate structure and ownership.

Kendall Brill & Klieger LLP

February 18, 2011
Page 4

### C. General Objections

<u>Offers to Meet and Confer:</u> Please see our response in Section II.B, *supra*. Defendants are willing to produce responsive documents, if DC is willing to make a good-faith effort to narrow its overbroad requests.

DC's argument that its prior overbroad requests were addressed by the December 6, 2010 stipulation is a red herring. Simply because one set of defendants responded to such overbroad requests does not mean that every defendant is obliged to do so without further explanation or narrowing. Requests for "All DOCUMENTS RELATING to SUPERMAN and/or SUPERBOY" or "All DOCUMENTS RELATING to any past, current, or planned business activity" are facially overbroad, and must be narrowed before they can be meaningfully responded to.

<u>"Other" Protections:</u> Defendants are not currently claiming any protections outside of those listed on the privilege log. Until DC's requests have been narrowed, defendants cannot identify what other protections might be claimed. For example, Pacific Pictures cannot meaningfully identify every possible claim of privilege for every document that would be at issue in response to a request for "DOCUMENTS RELATING to any past, current, or planned business activity," since that request calls for production of every document relating to Pacific Pictures regardless of its relevance to this case.

Aside from the issues relating to the "overbreadth" objection, the "other protections" issue, and the anti-SLAPP issue (discussed immediately below), DC has not raised, and we have not conferred over, any specific concern DC has regarding Defendants' General Objections.

### D. SLAPP

While reserving all of their rights and arguments under the anti-SLAPP statute and as set forth in defendants' anti-SLAPP motion, defendants have not withheld any documents on the basis of the anti-SLAPP statute.

### E. Communications With the U.S. Attorney's Office

Defendants' position is as set forth in their February 14, 2011 letter, and your letter conspicuously fails to address the authorities cited therein, or to provide any Ninth Circuit authority for DC's claim that such communications are not privileged.

DC claims that "DC is also concerned that defendants are seeking to silence the author of the Toberoff Timeline as a material witness." You made no reference to this in our February 14, 2011 meet and confer, and the suggestion of an effort to silence Mr. Michaels is absurd and offensive.

78442.1

EXHIBIT M
497

Kendall Brill & Klieger LLP

February 18, 2011
Page 5

### F.     Communications With Kevin Marks

Enclosed please find a privilege log addressing these Requests. DC's suggestion that Defendants have somehow waived a privilege by providing you with the enclosed log has no basis whatsoever; in our conversation on February 14, we agreed to provide you with a privilege log concerning these documents and confer over that log by February 21, and have met that deadline The Ninth Circuit has rejected DC's "automatic waiver" argument. *See Burlington Northern & Santa Fe Railway Co. v. United States Dist. Ct.*, 408 F.3d 1142, 1147 (9th Cir. 2005); *see also Brockmeier v. Solano County Sheriff's Dep't*, 2010 U.S. Dist. LEXIS 7992, at *20, *20 n.8 (E.D. Cal. Jan. 11, 2010) (where party "did object on work product grounds and did flag the issue for defendants … the court will not deem the protection waived"). Defendants will address DC's waiver arguments in connection with any motion to compel.

### G.     Communications With Third Parties Regarding Marketing the Siegels and/or Shusters' Rights

With respect to Requests Nos. 16-18, defendants produced by designation and logged the responsive documents that are related specifically to Superman and the Siegel and Shuster families. To the extent that DC still seeks literally all documents in Mr. Toberoff's possession "*RELATING* to any *potential* investors or other PERSONS who have expressed interest in purchasing or otherwise investing in any rights in SUPERMAN and/or SUPERBOY" (emphasis added) such requests are impermissibly overbroad as they, for instance, encompass any documents "relating" to every major motion picture studio.

### III.    <u>INTERROGATORIES</u>

We disagree with and are confused by your assertions. For example, you state that defendants' interrogatory responses fail to describe the substance of communications between Mr. Kendall and representatives of the U.S. Attorney's office; in fact, Interrogatory Response No. 11 refers back to Response No. 4, which describes the substance of what was communicated in more than a page of detail; similarly, Interrogatory Responses No. 5 and 9 describe in detail communications between Mr. Toberoff and representatives of the Federal Government. You have articulated no way whatsoever in which defendants' interrogatory responses were "misleading."

Sincerely,

*/s/ Laura W. Brill*

Laura W. Brill

78442.1

EXHIBIT M
498

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|---|---|---|---|---|---|---|
| 3478 | 9/30/2010 | Atty Richard Kendall | Atty Susan J. Allison | E-mail | Joint Interest Privilege; Atty Work Product | Defendants' Counsel |
| 3479 | 9/30/2010 | Atty Richard Kendall | Atty Susan J. Allison | E-mail | Joint Interest Privilege; Atty Work Product | Defendants' Counsel |
| 3480 | 9/30/2010 | Atty Richard Kendall | | Declaration (Draft) | Joint Interest Privilege; Atty Work Product | Defendants' Counsel |
| 3481 | 9/30/2010 | Atty Richard Kendall | Atty Susan J. Allison | E-mail | Joint Interest Privilege; Atty Work Product | Defendants' Counsel |
| 3482 | 9/30/2010 | Atty Susan J. Allison | Atty Richard Kendall | E-mail | Joint Interest Privilege; Atty Work Product | Defendants' Counsel |
| 3483 | 9/30/2010 | Atty Richard Kendall | Atty Susan J. Allison | E-mail | Joint Interest Privilege; Atty Work Product | Defendants' Counsel |