KENDALL BRILL & KLIEGER LLP
Richard B. Kendall (90072)
  rkendall@kbkfirm.com
Laura W. Brill (195889)
  lbrill@kbkfirm.com
Nicholas F. Daum (236155)
  ndaum@kbkfirm.com
10100 Santa Monica Blvd., Suite 1725
Los Angeles, California 90067
Telephone: 310.556.2700
Facsimile: 310.556.2705

Attorneys for Defendants Marc Toberoff,
Pacific Pictures Corporation, IP
Worldwide, LLC, and IPW, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| DC COMICS,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>PACIFIC PICTURES CORPORATION; IP WORLDWIDE, LLC; IPW, LLC; MARC TOBEROFF, an individual; MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER; JEAN ADELE PEAVY, an individual; JOANNE SIEGEL, an individual; LAURA SIEGEL LARSON, an individual, and DOES 1-10, inclusive,<br><br>　　　　Defendants. | Case No: CV 10-03633 ODW (RZx)<br><br>**DECLARATION OF MARC TOBEROFF IN RESPONSE TO THE DECLARATION OF MATTHEW T. KLINE PURSUANT TO LOCAL RULE 37-2.4 (DOCKET NO. 208) AND IN OPPOSITION TO DC COMICS' MOTIONS TO COMPEL (DOCKET NOS. 205, 206)**<br><br>Hon. Otis D. Wright II, U.S.D.J.<br>Hon. Ralph Zarefsky, U.S.M.J.<br><br>Complaint filed: May 14, 2010<br>Trial Date: None Set<br><br>Date:　April 25, 2011<br>Time:　10:00 a.m. |

DECLARATION OF MARC TOBEROFF IN RESPONSE TO THE DECLARATION OF MATTHEW KLINE

# DECLARATION OF MARC TOBEROFF

I, Marc Toberoff, declare as follows:

1. I am an attorney at Toberoff & Associates, P.C., counsel of record for defendants Mark Warren Peary, as personal representative of the Estate of Joseph Shuster, Jean Adele Peavy, and Laura Siegel Larson. I am also counsel for plaintiff Laura Siegel Larson in the related cases of *Siegel v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-CV-8400 ODW (RZx) and *Siegel v. Time Warner Inc., et al.*, Case No. 04-CV-8776 ODW (RZx). I am a member in good standing of the State Bar of California and submit this declaration in response to the Declaration of Matthew T. Kline filed on April 4, 2011 ("Kline Decl.") (Docket No. 208). I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would testify competently to such facts under oath.

2. On February 4, 2011, DC Comics sent a letter pursuant to Local Rule 37-1 that requested a meet-and-confer regarding defendants' responses to DC's document requests and interrogatories. The parties met-and-conferred on February 14, 2011, after which both sides sent one substantive follow-up letter. The meet and confer concluded on February 18, 2011.

3. Five weeks after the meet-and-confer concluded, at approximately 10:40 p.m. on Friday, March 25, 2011, DC Comics served two detailed motions to compel, in the form of joint stipulations under Local Rule 37, for which defendants' portion for each motion would be due Friday, April 1, 2011. Kline Decl., Ex. A.

4. I had already scheduled an out-of-state ski vacation from March 26 to April 3, 2011, around my children's "Spring Break" holiday. I therefore arranged for two short filings regarding the collateral estoppel effect of the Court's recent Rule 54(b) judgment in the related *Siegel* action to be completed and nearly finalized before I left, as I had advance notice of these filings.

5. Laura Brill, a partner at Kendall Brill & Klieger who represents me in this action, was also on vacation from March 27 to April 3, 2011, and Richard

Kendall, the lead counsel representing me in this case, was also on vacation when DC served its motions.

6. I am informed and believe that DC's lead counsel, Daniel Petrocelli, was similarly on "Spring Break" vacation with his family during the period DC's service would have required us to draft oppositions to its two motions to compel.

7. With both partners responsible for my defense largely unavailable to oppose DC's two motions, my associate, Keith Adams, sent an e-mail on my behalf, early in the morning on March 30, 2011, asking for a short one-week extension of defendants' time to respond to DC's motions. This would have continued the hearing date for DC's motions by just one week, from April 25, 2011 to May 2, 2011. Kline Decl., Ex. B.

8. DC did not respond until two days later, on Friday, April 1, 2011, stating that it would only grant a one-business-day extension until April 4, 2011, which obviously would not alleviate the problem. *Id.*, Ex. C. I responded approximately 40 minutes later by e-mail, pointing out that DC's proposal did not resolve the conflict, as the responsible partners were still unavailable to work on the oppositions. *Id.* On April 4, 2011, without responding to my April 1, 2011 e-mail, DC reiterated its demand that defendants serve their portion of the joint stipulations that day. *Id.*, Ex. D. Shortly thereafter, before defendants had a chance to respond, DC filed the instant motions on April 4, 2011 pursuant to Local Rule 37-2.4. Docket Nos. 205-206.

9. Attached hereto as "Exhibit 1" is a true and correct copy of a letter from my counsel, Laura Brill, to plaintiff's counsel, Daniel Petrocelli, dated April 11, 2011, responding to DC's April 4, 2011 e-mail.

10. The sole reason offered by DC's counsel for refusing to extend the professional courtesy of a one-week extension to accommodate our intervening vacations was that it sought to maintain an April 25, 2011 hearing date on its motions, as opposed to a May 2, 2011 hearing date, despite the fact that DC had

2
DECLARATION OF MARC TOBEROFF IN RESPONSE TO THE DECLARATION OF MATTHEW KLINE

waited over five weeks after conclusion of the meet and confer process on February 18, 2011 to serve its motions.

11. Without seeking leave of court, DC set the hearing date for its motion as April 25, 2011, although the earliest date consistent with Local Rules 37-2.4 and 6-1 is May 2, 2011. On November 29, 2010, DC did the exact same thing in filing a motion to compel on a 21-day motion calendar in wanton disregard of Local Rules 37-2.4 and Local 6-1 (see Docket No. 125). After the Court issued a Notice of Deficiency, DC finally corrected the erroneous hearing date. Docket Nos. 130-131.

12. DC attempts to excuse its prior erroneous filing by falsely accusing defendants of having "delay[ed] [] signing a completed joint stipulation to postpone DC's scheduled hearing date." Docket No. 208 at 2. In truth, DC filed its motion while the parties were in the midst of negotiating a resolution of their dispute, and DC's motion was readily resolved by stipulation shortly thereafter. *See* Docket Nos. 133-132.

13. To further justify its conduct, DC falsely claims with respect to its improper Motion to Initiate Discovery, filed in Summer 2010, that defendants "refus[ed] to participate in [an] initial discovery conference." Docket No. 208 at 2. In truth, defendants participated in such a Rule 26(f) conference on August 16, 2010, ***before*** DC filed its unnecessary motion on August 30, 2010, and defendants objected to DC's motion on this basis. DC's completely unnecessary motion, filed ***after*** the conference, was summarily denied by this Court as moot for that very reason. *See* Docket No. 74.

///
///
///
///

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed on April 11, 2011, in Los Angeles, California

Marc Toberoff

