# EXHIBIT A

**Westlaw.**

**C**

United States Code Annotated Currentness
 Rules of Evidence for United States Courts and Magistrates (Refs & Annos)
  Article V. Privileges
   → **Rule 502. Attorney-Client Privilege and Work Product; Limitations on Waiver**

The following provisions apply, in the circumstances set out, to disclosure of a communication or information covered by the attorney-client privilege or work-product protection.

**(a) Disclosure made in a Federal proceeding or to a Federal office or agency; scope of a waiver.**--When the disclosure is made in a Federal proceeding or to a Federal office or agency and waives the attorney-client privilege or work-product protection, the waiver extends to an undisclosed communication or information in a Federal or State proceeding only if:

  **(1)** the waiver is intentional;

  **(2)** the disclosed and undisclosed communications or information concern the same subject matter; and

  **(3)** they ought in fairness to be considered together.

**(b) Inadvertent disclosure.**--When made in a Federal proceeding or to a Federal office or agency, the disclosure does not operate as a waiver in a Federal or State proceeding if:

  **(1)** the disclosure is inadvertent;

  **(2)** the holder of the privilege or protection took reasonable steps to prevent disclosure; and

  **(3)** the holder promptly took reasonable steps to rectify the error, including (if applicable) following Federal Rule of Civil Procedure 26(b)(5)(B).

**(c) Disclosure made in a State proceeding.**--When the disclosure is made in a State proceeding and is not the subject of a State-court order concerning waiver, the disclosure does not operate as a waiver in a Federal proceeding if the disclosure:

EXHIBIT A
2

Federal Rules of Evidence Rule 502, 28 U.S.C.A.                                                    Page 2

**(1)** would not be a waiver under this rule if it had been made in a Federal proceeding; or

**(2)** is not a waiver under the law of the State where the disclosure occurred.

**(d) Controlling effect of a court order.**--A Federal court may order that the privilege or protection is not waived by disclosure connected with the litigation pending before the court--in which event the disclosure is also not a waiver in any other Federal or State proceeding.

**(e) Controlling effect of a party agreement.**--An agreement on the effect of disclosure in a Federal proceeding is binding only on the parties to the agreement, unless it is incorporated into a court order.

**(f) Controlling effect of this rule.**--Notwithstanding Rules 101 and 1101, this rule applies to State proceedings and to Federal court-annexed and Federal court-mandated arbitration proceedings, in the circumstances set out in the rule. And notwithstanding Rule 501, this rule applies even if State law provides the rule of decision.

**(g) Definitions.**--In this rule:

**(1)** "attorney-client privilege" means the protection that applicable law provides for confidential attorney-client communications; and

**(2)** "work-product protection" means the protection that applicable law provides for tangible material (or its intangible equivalent) prepared in anticipation of litigation or for trial.

CREDIT(S)

(Pub.L. 110-322, § 1(a), Sept. 19, 2008, 122 Stat. 3537.)

ADVISORY COMMITTEE NOTES

Explanatory Note (Revised 11/28/2007)

This new rule has two major purposes:

1) It resolves some longstanding disputes in the courts about the effect of certain disclosures of communications or information protected by the attorney-client privilege or as work product--specifically those disputes involving inadvertent disclosure and subject matter waiver.

2) It responds to the widespread complaint that litigation costs necessary to protect against waiver of attorney-client privilege or work product have become prohibitive due to the concern that any disclosure (however innocent or minimal) will operate as a subject matter waiver of all protected communications or information. This concern is especially troubling in cases involving electronic discovery. *See, e.g., Hopson v. City of Baltimore*, 232 F.R.D. 228, 244 (D.Md. 2005) (electronic discovery may encompass "millions of documents" and to insist upon

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

EXHIBIT A
3

"record-by-record pre-production privilege review, on pain of subject matter waiver, would impose upon parties costs of production that bear no proportionality to what is at stake in the litigation").

The rule seeks to provide a predictable, uniform set of standards under which parties can determine the consequences of a disclosure of a communication or information covered by the attorney-client privilege or work-product protection. Parties to litigation need to know, for example, that if they exchange privileged information pursuant to a confidentiality order, the court's order will be enforceable. Moreover, if a federal court's confidentiality order is not enforceable in a state court then the burdensome costs of privilege review and retention are unlikely to be reduced.

The rule makes no attempt to alter federal or state law on whether a communication or information is protected under the attorney-client privilege or work-product immunity as an initial matter. Moreover, while establishing some exceptions to waiver, the rule does not purport to supplant applicable waiver doctrine generally.

The rule governs only certain waivers by disclosure. Other common-law waiver doctrines may result in a finding of waiver even where there is no disclosure of privileged information or work product. *See, e.g., Nguyen v. Excel Corp.*, 197 F.3d 200 (5th Cir. 1999) (reliance on an advice of counsel defense waives the privilege with respect to attorney-client communications pertinent to that defense); *Ryers v.Burleson*, 100 F.R.D. 436 (D.D.C. 1983) (allegation of lawyer malpractice constituted a waiver of confidential communications under the circumstances). The rule is not intended to displace or modify federal common law concerning waiver of privilege or work product where no disclosure has been made.

**Subdivision (a).** The rule provides that a voluntary disclosure in a federal proceeding or to a federal office or agency, if a waiver, generally results in a waiver only of the communication or information disclosed; a subject matter waiver (of either privilege or work product) is reserved for those unusual situations in which fairness requires a further disclosure of related, protected information, in order to prevent a selective and misleading presentation of evidence to the disadvantage of the adversary. *See, e.g., In re United Mine Workers of America Employee Benefit Plans Litig.*, 159 F.R.D. 307, 312 (D.D.C. 1994) (waiver of work product limited to materials actually disclosed, because the party did not deliberately disclose documents in an attempt to gain a tactical advantage). Thus, subject matter waiver is limited to situations in which a party intentionally puts protected information into the litigation in a selective, misleading and unfair manner. It follows that an inadvertent disclosure of protected information can never result in a subject matter waiver. *See* Rule 502(b). The rule rejects the result in *In re Sealed Case*, 877 F.2d 976 (D.C.Cir. 1989), which held that inadvertent disclosure of documents during discovery automatically constituted a subject matter waiver.

The language concerning subject matter waiver--"ought in fairness"--is taken from Rule 106, because the animating principle is the same. Under both Rules, a party that makes a selective, misleading presentation that is unfair to the adversary opens itself to a more complete and accurate presentation.

To assure protection and predictability, the rule provides that if a disclosure is made at the federal level, the federal rule on subject matter waiver governs subsequent state court determinations on the scope of the waiver by that disclosure.

**Subdivision (b).** Courts are in conflict over whether an inadvertent disclosure of a communication or information protected as privileged or work product constitutes a waiver. A few courts find that a disclosure must be intentional to be a waiver. Most courts find a waiver only if the disclosing party acted carelessly in disclosing the communication or information and failed to request its return in a timely manner. And a few courts hold that any

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

EXHIBIT A
4

Federal Rules of Evidence Rule 502, 28 U.S.C.A.    Page 4

inadvertent disclosure of a communication or information protected under the attorney-client privilege or as work product constitutes a waiver without regard to the protections taken to avoid such a disclosure. *See gener-ally Hopson v. City of Baltimore*, 232 F.R.D. 228 (D.Md. 2005), for a discussion of this case law.

The rule opts for the middle ground: inadvertent disclosure of protected communications or information in connection with a federal proceeding or to a federal office or agency does not constitute a waiver if the holder took reasonable steps to prevent disclosure and also promptly took reasonable steps to rectify the error. This position is in accord with the majority view on whether inadvertent disclosure is a waiver.

Cases such as *Lois Sportswear, U.S.A., Inc. v. Levi Strauss & Co.*, 104 F.R.D. 103, 105 (S.D.N.Y. 1985) and *Hartford Fire Ins. Co. v. Garvey*, 109 F.R.D. 323, 332 (N.D.Cal. 1985), set out a multi-factor test for determining whether inadvertent disclosure is a waiver. The stated factors (none of which is dispositive) are the reasonableness of precautions taken, the time taken to rectify the error, the scope of discovery, the extent of disclosure and the overriding issue of fairness. The rule does not explicitly codify that test, because it is really a set of non-determinative guidelines that vary from case to case. The rule is flexible enough to accommodate any of those listed factors. Other considerations bearing on the reasonableness of a producing party's efforts include the number of documents to be reviewed and the time constraints for production. Depending on the circumstances, a party that uses advanced analytical software applications and linguistic tools in screening for privilege and work product may be found to have taken "reasonable steps" to prevent inadvertent disclosure. The implementation of an efficient system of records management before litigation may also be relevant.

The rule does not require the producing party to engage in a post-production review to determine whether any protected communication or information has been produced by mistake. But the rule does require the producing party to follow up on any obvious indications that a protected communication or information has been produced inadvertently.

The rule applies to inadvertent disclosures made to a federal office or agency, including but not limited to an office or agency that is acting in the course of its regulatory, investigative or enforcement authority. The consequences of waiver, and the concomitant costs of pre-production privilege review, can be as great with respect to disclosures to offices and agencies as they are in litigation.

**Subdivision (c).** Difficult questions can arise when 1) a disclosure of a communication or information protected by the attorney-client privilege or as work product is made in a state proceeding, 2) the communication or information is offered in a subsequent federal proceeding on the ground that the disclosure waived the privilege or protection, and 3) the state and federal laws are in conflict on the question of waiver. The Committee determined that the proper solution for the federal court is to apply the law that is most protective of privilege and work product. If the state law is more protective (such as where the state law is that an inadvertent disclosure can never be a waiver), the holder of the privilege or protection may well have relied on that law when making the disclosure in the state proceeding. Moreover, applying a more restrictive federal law of waiver could impair the state objective of preserving the privilege or work-product protection for disclosures made in state proceedings. On the other hand, if the federal law is more protective, applying the state law of waiver to determine admissibility in federal court is likely to undermine the federal objective of limiting the costs of production.

The rule does not address the enforceability of a state court confidentiality order in a federal proceeding, as that question is covered both by statutory law and principles of federalism and comity. *See* 28 U.S.C. § 1738 (providing that state judicial proceedings "shall have the same full faith and credit in every court within the

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Federal Rules of Evidence Rule 502, 28 U.S.C.A.                                                              Page 5

United States . . . as they have by law or usage in the courts of such State . . . from which they are taken").*See also Tucker v. Ohtsu Tire & Rubber Co.*, 191 F.R.D. 495, 499 (D.Md. 2000) (noting that a federal court considering the enforceability of a state confidentiality order is "constrained by principles of comity, courtesy, and . . . federalism"). Thus, a state court order finding no waiver in connection with a disclosure made in a state court proceeding is enforceable under existing law in subsequent federal proceedings.

**Subdivision (d).** Confidentiality orders are becoming increasingly important in limiting the costs of privilege review and retention, especially in cases involving electronic discovery. But the utility of a confidentiality order in reducing discovery costs is substantially diminished if it provides no protection outside the particular litigation in which the order is entered. Parties are unlikely to be able to reduce the costs of pre-production review for privilege and work product if the consequence of disclosure is that the communications or information could be used by non-parties to the litigation.

There is some dispute on whether a confidentiality order entered in one case is enforceable in other proceedings. *See generally Hopson v. City of Baltimore*, 232 F.R.D. 228 (D.Md. 2005), for a discussion of this case law. The rule provides that when a confidentiality order governing the consequences of disclosure in that case is entered in a federal proceeding, its terms are enforceable against non-parties in any federal or state proceeding. For example, the court order may provide for return of documents without waiver irrespective of the care taken by the disclosing party; the rule contemplates enforcement of "claw-back" and "quick peek" arrangements as a way to avoid the excessive costs of pre-production review for privilege and work product. *See Zubulake v. UBS Warburg LLC*, 216 F.R.D. 280, 290 (S.D.N.Y. 2003) (noting that parties may enter into "so-called 'claw-back' agreements that allow the parties to forego privilege review altogether in favor of an agreement to return inadvertently produced privilege documents"). The rule provides a party with a predictable protection from a court order--predictability that is needed to allow the party to plan in advance to limit the prohibitive costs of privilege and work product review and retention.

Under the rule, a confidentiality order is enforceable whether or not it memorializes an agreement among the parties to the litigation. Party agreement should not be a condition of enforceability of a federal court's order.

Under subdivision (d), a federal court may order that disclosure of privileged or protected information "in connection with" a federal proceeding does not result in waiver. But subdivision (d) does not allow the federal court to enter an order determining the waiver effects of a separate disclosure of the same information in other proceedings, state or federal. If a disclosure has been made in a state proceeding (and is not the subject of a state-court order on waiver), then subdivision (d) is inapplicable. Subdivision (c) would govern the federal court's determination whether the state-court disclosure waived the privilege or protection in the federal proceeding.

**Subdivision (e).** Subdivision (e) codifies the well-established proposition that parties can enter an agreement to limit the effect of waiver by disclosure between or among them. Of course such an agreement can bind only the parties to the agreement. The rule makes clear that if parties want protection against non-parties from a finding of waiver by disclosure, the agreement must be made part of a court order.

**Subdivision (f).** The protections against waiver provided by Rule 502 must be applicable when protected communications or information disclosed in federal proceedings are subsequently offered in state proceedings. Otherwise the holders of protected communications and information, and their lawyers, could not rely on the protections provided by the Rule, and the goal of limiting costs in discovery would be substantially undermined. Rule 502(f) is intended to resolve any potential tension between the provisions of Rule 502 that apply to state pro-

EXHIBIT A
6

Federal Rules of Evidence Rule 502, 28 U.S.C.A.                                                    Page 6

ceedings and the possible limitations on the applicability of the Federal Rules of Evidence otherwise provided by Rules 101 and 1101.

The rule is intended to apply in all federal court proceedings, including court-annexed and court-ordered arbitrations, without regard to any possible limitations of Rules 101 and 1101. This provision is not intended to raise an inference about the applicability of any other rule of evidence in arbitration proceedings more generally.

The costs of discovery can be equally high for state and federal causes of action, and the rule seeks to limit those costs in all federal proceedings, regardless of whether the claim arises under state or federal law. Accordingly, the rule applies to state law causes of action brought in federal court.

**Subdivision (g).** The rule's coverage is limited to attorney-client privilege and work product. The operation of waiver by disclosure, as applied to other evidentiary privileges, remains a question of federal common law. Nor does the rule purport to apply to the Fifth Amendment privilege against compelled self-incrimination.

The definition of work product "materials" is intended to include both tangible and intangible information. *See In re Cendant Corp. Sec. Litig.*, 343 F.3d 658, 662 (3d Cir. 2003) ("work product protection extends to both tangible and intangible work product").

Committee Letter

The letter from the Committee on Rules of Practice and Procedure of the Judicial Conference of the United States to the Committee on the Judiciary of the U.S. Senate and House of Representatives, dated September 26, 2007, provided:

On behalf of the Judicial Conference of the United States, I respectfully submit a proposed addition to the Federal Rules of Evidence. The Conference recommends that Congress adopt this proposed rule as Federal Rule of Evidence 502.

The Rule provides for protections against waiver of the attorney-client privilege or work product immunity. The Conference submits this proposal directly to Congress because of the limitations on the rulemaking function of the federal courts in matters dealing with evidentiary privilege. Unlike all other federal rules of procedure prescribed under the Rules Enabling Act, those rules governing evidentiary privilege must by approved by an Act of Congress, 28 U.S.C. § 2074(b).

Description of the Process Leading to the Proposed Rule

The Judicial Conference Rules Committees have long been concerned about the rising costs of litigation, much of which has been caused by the review, required under current law, of every document produced in discovery, in order to determine whether the document contains privileged information. In 2006, the House Judiciary Committee Chair suggested that the Judicial Conference consider proposing a rule dealing with waiver of attorney-client privilege and work product, in order to limit these rising costs. The Judicial Conference was urged to proceed with rulemaking that would:

•protect against the forfeiture of privilege when a disclosure in discovery is the result of an innocent mistake; and

•permit parties, and courts, to protect against the consequences of waiver by permitting disclosures of priv-

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

EXHIBIT A
7

ileged information between the parties to litigation.

The task of drafting a proposed rule was referred to the Advisory Committee on Evidence Rules (the "Advisory Committee"). The Advisory Committee prepared a draft Rule 502 and invited a select group of judges, lawyers, and academics to testify before the Advisory Committee about the need for the rule, and to suggest any improvements. The Advisory Committee considered all the testimony presented by these experts and redrafted the rule accordingly. At its Spring 2006 meeting, the Advisory Committee approved for release for public comment a proposed Rule 502 that would provide certain exceptions to the federal common law on waiver of privileges and work product. That rule was approved for release for public comment by the Committee on Rules of Practice and Procedure ("the Standing Committee"). The public comment period began in August 2006 and ended February 15, 2007. The Advisory Committee received more that [sic] 70 public comments, and also heard the testimony of more than 20 witnesses at two public hearings. The rule released for public comment was also carefully reviewed by the Standing Committee's Subcommittee on Style. In April 2007, the Advisory Committee issued a revised proposed Rule 502 taking into account the public comment, the views of the Subcommittee on Style, and its own judgment. The revised rule was approved by the Standing Committee and the Judicial Conference. It is enclosed with this letter.

In order to inform Congress of the legal issues involved in this rule, the proposed Rule 502 also includes a proposed Committee Note of the kind that accompanies all rules adopted through the Rules Enabling Act. This Committee Note may be incorporated as all or part of the legislative history of the rule if it is adopted by Congress. *See, e.g.*, House Conference Report 103-711 (stating that the "Conferees intend that the Advisory Committee Note on [Evidence] Rule 412, as transmitted by the Judicial Conference of the United States to the Supreme Court on October 25, 1993, applies to Rule 412 as enacted by this section" of the Violent Crime Control and Law Enforcement Act of 1994).

Problems Addressed by the Proposed Rule

In drafting the proposed Rule, the Advisory Committee concluded that the current law on waiver of privilege and work product is responsible in large part for the rising costs of discovery, especially discovery of electronic information. In complex litigation the lawyers spend significant amounts of time and effort to preserve the privilege and work product. The reason is that if a protected document is produced, there is a risk that a court will find a subject matter waiver that will apply not only to the instant case and document but to other cases and documents as well. Moreover, an enormous amount of expense is put into document production in order to protect against inadvertent disclosure of privileged information, because the producing party risks a ruling that even a mistaken disclosure can result in a subject matter waiver. Advisory Committee members also expressed the view that the fear of waiver leads to extravagant claims of privilege. Members concluded that if there were a way to produce documents in discovery without risking subject matter waiver, the discovery process could be made much less expensive. The Advisory Committee noted that the existing law on the effect of inadvertent disclosures and on the scope of waiver is far from consistent or certain. It also noted that agreements between parties with regard to the effect of disclosure on privilege are common, but are unlikely to decrease the costs of discovery due to the ineffectiveness of such agreements as to persons not party to them.

Proposed Rule 502 does not attempt to deal comprehensively with either attorney-client privilege or work-product protection. It also does not purport to cover all issues concerning waiver or forfeiture of either the attorney-client privilege or work-product protection. Rather, it deals primarily with issues involved in the disclosure of protected information in federal court proceedings or to a federal public office or agency. The rule binds state

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

EXHIBIT A
8

courts only with regard to disclosures made in federal proceedings. It deals with disclosures made in state proceedings only to the extent that the effect of those disclosures becomes an issue in federal litigation. The Rule covers issues of scope of waiver, inadvertent disclosure, and the controlling effect of court orders and agreements.

**Rule 502 provides the following protections against waiver of privilege or work product:**

•*Limitations on Scope of Waiver.*Subdivision (a) provides that if a waiver is found, it applies only to the information disclosed, unless a broader waiver is made necessary by the holder's intentional and misleading use of privileged or protected communications or information.

• *Protections Against Inadvertent Disclosure.*Subdivision (b) provides that an inadvertent disclosure of privileged or protected communications or information, when made at the federal level, does not operate as a waiver if the holder took reasonable steps to prevent such a disclosure and employed reasonably prompt measures to retrieve the mistakenly disclosed communications or information.

•*Effect on State Proceedings and Disclosures Made in State Courts.*Subdivision (c) provides that 1) if there is a disclosure of privileged or protected communications or information at the federal level, then state courts must honor Rule 502 in subsequent state proceedings; and 2) if there is a disclosure of privileged or protected communications or information in a state proceeding, then admissibility in a subsequent federal proceeding is determined by the law that is most protective against waiver.

•*Orders Protecting Privileged Communications Binding on Non-Parties.*Subdivision (d) provides that if a federal court enters an order providing that a disclosure of privileged or protected communications or information does not constitute a waiver, that order is enforceable against all persons and entities in any federal or state proceeding. This provision allows parties in an action in which such an order is entered to limit their costs of pre-production privilege review.

•*Agreements Protecting Privileged Communications Binding on Parties.*Subdivision (e) provides that parties in a federal proceeding can enter into a confidentiality agreement providing for mutual protection against waiver in that proceeding. While those agreements bind the signatory parties, they are not binding on non-parties unless incorporated into a court order.

Drafting Choices Made by the Advisory Committee

The Advisory Committee made a number of important drafting choices in Rule 502. This section explains those choices.

**1) The effect in state proceedings of disclosures initially made in state proceedings.**Rule 502 does not apply to a disclosure made in a state proceeding when the disclosed communication or information is subsequently offered in another state proceeding. The first draft of Rule 502 provided for uniform waiver rules in federal and state proceedings, regardless of where the initial disclosure was made. This draft raised the objections of the Conference of State Chief Justices. State judges argued that the Rule as drafted offended principles of federalism and comity, by superseding state law of privilege waiver, even for disclosures that are made initially in state proceedings--and even when the disclosed material is then offered in a state proceeding (the so-called "state-to-state" problem). In response to these objections, the Advisory Committee voted unanimously to scale back the Rule, so that it would not cover the "state-to-state" problem. Under the current proposal state courts are

EXHIBIT A
9

Federal Rules of Evidence Rule 502, 28 U.S.C.A.                                                    Page 9

bound by the Federal Rule only when a disclosure is made at the federal level and the disclosed communication
or information is later offered in a state proceeding (the so-called "federal-to-state" problem).

During the public comment period on the scaled-back rule, the Advisory Committee received many requests
from lawyers and lawyer groups to return to the original draft and provide a uniform rule of privilege waiver that
would bind both state and federal courts, for disclosures made in either state or federal proceedings. These com-
ments expressed the concern that if states were not bound by a uniform federal rule on privilege waiver, the pro-
tections afforded by Rule 502 would be undermined; parties and their lawyers might not be able to rely on the
protections of the Rule, for fear that a state law would find a waiver even though the Federal Rule would not.

The Advisory Committee determined that these comments raised a legitimate concern, but decided not to extend
Rule 502 to govern a state court's determination of waiver with respect to disclosures made in state proceedings.
The Committee relied on the following considerations:

> •Rule 502 is located in the Federal Rules of Evidence, a body of rules determining the admissibility of evid-
> ence in federal proceedings. Parties in a state proceeding determining the effect of a disclosure made in that
> proceeding or in other state courts would be unlikely to look to the Federal Rules of Evidence for the an-
> swer.

> •In the Advisory Committee's view, Rule 502, as proposed herein, does fulfill its primary goal of reducing
> the costs of discovery in *federal* proceedings. Rule 502 by its terms governs state courts with regard to the
> effect of disclosures initially made in federal proceedings or to federal offices or agencies. Parties and their
> lawyers in federal proceedings can therefore predict the consequences of disclosure by referring to Rule
> 502; there is no possibility that a state court could find a waiver when Rule 502 would not, when the dis-
> closure is initially made at the federal level.

The Judicial Conference has no position on the merits of separate legislation to cover the problem of waiver of
privilege and work product when the disclosure is made at the state level and the consequence is to be determ-
ined in a state court.

**2) Other applications of Rule 502 to state court proceedings.**Although disclosures made in state court pro-
ceedings and later offered in state proceedings would not be covered, Rule 502 would have an effect on state
court proceedings where the disclosure is initially made in a federal proceeding or to a federal office or agency.
Most importantly, state courts in such circumstances would be bound by federal protection orders. The other
protections against waiver in Rule 502--against mistaken disclosure and subject matter waiver--would also bind
state courts as to disclosures initially made at the federal level. The Rule, as submitted, specifically provides that
it applies to state proceedings under the circumstances set out in the Rule. This protection is needed, otherwise
parties could not rely on Rule 502 even as to federal disclosures, for fear that a state court would find waiver
even when a federal court would not.

**3) Disclosures made in state proceedings and offered in a subsequent federal proceeding.**Earlier drafts of
proposed Rule 502 did not determine the question of what rule would apply when a disclosure is made in state
court and the waiver determination is to be made in a subsequent federal proceeding. Proposed Rule 502 as sub-
mitted herein provides that all of the provisions of Rule 502 apply unless the state law of privilege is more pro-
tective (less likely to find waiver) than the federal law. The Advisory Committee determined that this solution
best preserved federal interests in protecting against waiver, and also provided appropriate respect for state at-
tempts to give greater protection to communications and information covered by the attorney-client privilege or

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

EXHIBIT A
10

Federal Rules of Evidence Rule 502, 28 U.S.C.A.                                    Page 10

work-product doctrine.

**4) Selective waiver.** At the suggestion of the House Judiciary Committee Chair, the Advisory Committee considered a rule that would allow persons and entities to cooperate with government agencies without waiving all privileges as to other parties in subsequent litigation. Such a rule is known as a "selective waiver" rule, meaning that disclosure of protected communications or information to the government waives the protection only selectively--to the government--and not to any other person or entity.

The selective waiver provision proved to be very controversial. The Advisory Committee determined that it would not propose adoption of a selective waiver provision; but in light of the request from the House Judiciary Committee, the Advisory Committee did prepare language for a selective waiver provision should Congress decide to proceed. The draft language for a selective waiver provision is available on request.

Conclusion

Proposed Rule 502 is respectfully submitted for consideration by Congress as a rule that will effectively limit the skyrocketing costs of discovery. Members of the Standing Committee, the Advisory Committee, as well as their reporters and consultants, are ready to assist Congress in any way it sees fit.

Sincerely,

Lee H. Rosenthal

Chair, Committee on Rules of Practice and Procedure

Addendum to Advisory Committee Notes

STATEMENT OF CONGRESSIONAL INTENT REGARDING RULE 502 OF THE FEDERAL RULES OF EVIDENCE

During consideration of this rule in Congress, a number of questions were raised about the scope and contours of the effect of the proposed rule on current law regarding attorney-client privilege and work-product protection. These questions were ultimately answered satisfactorily, without need to revise the text of the rule as submitted to Congress by the Judicial Conference.

In general, these questions are answered by keeping in mind the limited though important purpose and focus of the rule. The rule addresses only the effect of disclosure, under specified circumstances, of a communication that is otherwise protected by attorney-client privilege, or of information that is protected by work-product protection, on whether the disclosure itself operates as a waiver of the privilege or protection for purposes of admissibility of evidence in a federal or state judicial or administrative proceeding. The rule does not alter the substantive law regarding attorney-client privilege or work-product protection in any other respect, including the burden on the party invoking the privilege (or protection) to prove that the particular information (or communication) qualifies for it. And it is not intended to alter the rules and practices governing use of information outside this evidentiary context.

Some of these questions are addressed more specifically below, in order to help further avoid uncertainty in the

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

EXHIBIT A
11

interpretation and application of the rule.

Subdivision (a)--Disclosure vs. Use

This subdivision does not alter the substantive law regarding when a party's strategic use in litigation of other-wise privileged information obliges that party to waive the privilege regarding other information concerning the same subject matter, so that the information being used can be fairly considered in context. One situation in which this issue arises, the assertion as a defense in patent-infringement litigation that a party was relying on ad-vice of counsel, is discussed elsewhere in this Note. In this and similar situations, under subdivision (a)(1) the party using an attorney-client communication to its advantage in the litigation has, in so doing, intentionally waived the privilege as to other communications concerning the same subject matter, regardless of the circum-stances in which the communication being so used was initially disclosed.

Subdivision (b)--Fairness Considerations

The standard set forth in this subdivision for determining whether a disclosure operates as a waiver of the priv-ilege or protection is, as explained elsewhere in this Note, the majority rule in the federal courts. The majority rule has simply been distilled here into a standard designed to be predictable in its application. This distillation is not intended to foreclose notions of fairness from continuing to inform application of the standard in all as-pects as appropriate in particular cases--for example, as to whether steps taken to rectify an erroneous inadvert-ent disclosure were sufficiently prompt under subdivision (b)(3) where the receiving party has relied on the in-formation disclosed.

Subdivisions (a) and (b)--Disclosures to Federal Office or Agency

This rule, as a Federal Rule of Evidence, applies to admissibility of evidence. While subdivisions (a) and (b) are written broadly to apply as appropriate to disclosures of information to a federal office or agency, they do not apply to uses of information--such as routine use in government publications--that fall outside the evidentiary context. Nor do these subdivisions relieve the party seeking to protect the information as privileged from the burden of proving that the privilege applies in the first place.

Subdivision (d)--Court Orders

This subdivision authorizes a court to enter orders only in the context of litigation pending before the court. And it does not alter the law regarding waiver of privilege resulting from having acquiesced in the use of otherwise privileged information. Therefore, this subdivision does not provide a basis for a court to enable parties to agree to a selective waiver of the privilege, such as to a federal agency conducting an investigation, while preserving the privilege as against other parties seeking the information. This subdivision is designed to enable a court to enter an order, whether on motion of one or more parties or on its own motion, that will allow the parties to con-duct and respond to discovery expeditiously, without the need for exhaustive pre-production privilege reviews, while still preserving each party's right to assert the privilege to preclude use in litigation of information dis-closed in such discovery. While the benefits of a court order under this subdivision would be equally available in government enforcement actions as in private actions, acquiescence by the disclosing party in use by the federal agency of information disclosed pursuant to such an order would still be treated as under current law for pur-poses of determining whether the acquiescence in use of the information, as opposed to its mere disclosure, ef-fects a waiver of the privilege. The same applies to acquiescence in use by another private party.

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

EXHIBIT A

Moreover, whether the order is entered on motion of one or more parties, or on the court's own motion, the court retains its authority to include the conditions it deems appropriate In the circumstances.

Subdivision (e)--Party Agreements

This subdivision simply makes clear that while parties to a case may agree among themselves regarding the effect of disclosures between each other in a federal proceeding, it is not binding on others unless it is incorporated into a court order. This subdivision does not confer any authority on a court to enter any order regarding the effect of disclosures. That authority must be found in subdivision (d), or elsewhere.

EXHIBIT A
13