# EXHIBIT B

**Attachments:**          3-25-11 - DC's Mtn to Compel Production of Docs.pdf; 3-25-11 - DC's Mtn to Compel
                          Interrogatory Responses.pdf


-----Original Message-----
From: Lewis, Marie On Behalf Of Olson, Steve
Sent: Tuesday, March 29, 2011 12:31 PM
To: Kim, Beong-Soo (USACAC)
Cc: Petrocelli, Daniel; Kline, Matthew
Subject: DC Comics v. Pacific Pictures, et al.

Beong,

Attached please find two briefs we served on Toberoff last Friday.  Let us know if you have
any questions.

Steven J. Olson
O'Melveny & Myers LLP
400 South Hope Street
Los Angeles, California 90071
(213) 430-7855
_____
This message and any attached documents contain information from the law firm O'Melveny &
Myers LLP that may be confidential or privileged.  If you are not the intended recipient, you
may not read, copy, distribute or use this information.  If you received this transmission in
error, please notify the sender by reply email and delete the message.

1

EXHIBIT B
14

1  DANIEL M. PETROCELLI (S.B. #097802)
    dpetrocelli@omm.com
2  MATTHEW T. KLINE (S.B. #211640)
    mkline@omm.com
3  CASSANDRA L. SETO (S.B. #246608)
    cseto@omm.com
4  O'MELVENY & MYERS LLP
   1999 Avenue of the Stars, 7th Floor
5  Los Angeles, CA  90067-6035
   Telephone:  (310) 553-6700
6  Facsimile:   (310) 246-6779

7  PATRICK T. PERKINS (admitted *pro hac vice*)
    pperkins@ptplaw.com
8  PERKINS LAW OFFICE, P.C.
   1711 Route 9D
9  Cold Spring, NY 10516
   Telephone:  (845) 265-2820
10 Facsimile:   (845) 265-2819

11 Attorneys for Plaintiff DC Comics

12 (continued on next page)

13          **UNITED STATES DISTRICT COURT**

14          **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 15  DC COMICS, | Case No.  CV 10-3633 ODW (RZx) |
| 16              Plaintiff, | **DISCOVERY MATTER** |
| 17       v. | **JOINT STIPULATION REGARDING DC COMICS' MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS AND AMENDED PRIVILEGE LOGS FROM THE TOBEROFF DEFENDANTS** |
| 18  PACIFIC PICTURES CORPORATION, IP WORLDWIDE, LLC, IPW, LLC, MARC TOBEROFF, an individual, MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER, JEAN ADELE PEAVY, an individual, JOANNE SIEGEL, an individual, LAURA SIEGEL LARSON, an individual, and DOES 1-10, inclusive, | |
| 23              Defendants. | NOTICE OF MOTION AND MOTION, DECLARATION OF DANIEL M. PETROCELLI, AND [PROPOSED] ORDER FILED CONCURRENTLY HEREWITH |
| 25 | **Judge**:       Hon. Otis D. Wright II |
| 26 | **Magistrate**:  Hon. Ralph Zarefsky |
| 27 | **Hearing Date**:   April 25, 2011 |
| 28 | **Hearing Time**:   10:00 a.m. |

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1   (continued from previous page)

2   RICHARD B. KENDALL (S.B. #90072)
3     rkendall@kbkfirm.com
    LAURA W. BRILL (S.B. #195889)
4     lbrill@kbkfirm.com
    NICHOLAS F. DAUM (S.B. #236155)
5     ndaum@kbkfirm.com
    NATHALIE E. COHEN (S.B. #258222)
6     ncohen@kbkfirm.com
7   KENDALL BRILL & KLIEGER LLP
    10100 Santa Monica Blvd., Suite 1725
8   Los Angeles, California 90067
    Telephone:   (310) 556-2700
9   Facsimile:    (310) 556-2705

10
    Attorneys for Defendants Marc Toberoff,
11  Pacific Pictures Corporation, IP
    Worldwide, LLC, and IPW, LLC
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1          Pursuant to Federal Rules of Civil Procedure 26, 34, and 37 and Central

2 District Local Rule 37-2, the parties respectfully submit the following Joint

3 Stipulation Regarding DC Comics' Motion to Compel Production of Documents.

4 Pursuant to Central District Local Rule 37-1, the parties have attempted

5 unsuccessfully to resolve their disputes and therefore seek the assistance of the

6 Court.

7

8 Dated:       April 4, 2011             Respectfully Submitted,

9                                       O'MELVENY & MYERS LLP

10

11                                       By:_____

12                                           Daniel M. Petrocelli
                                          Attorneys for Plaintiff DC Comics

13 Dated:       April 4, 2011             Respectfully Submitted,

14                                       KENDALL BRILL & KLIEGER LLP

15

16                                       By:_____

17                                         Richard B. Kendall

18                                         Attorneys for Defendants Marc
                                        Toberoff, Pacific Pictures

19                                         Corporation, IP Worldwide, LLC,
                                        and IPW, LLC

20

21

22

23

24

25

26

27

28

## I.    DC COMICS' INTRODUCTORY STATEMENT

DC Comics seeks an order compelling the Toberoff defendants to produce documents relating to the Toberoff Timeline.  Specifically, in December 2010, DC propounded document requests to Marc Toberoff, Pacific Pictures Corporation, IP Worldwide, LLP, and IPW, LLC (referred to herein as "Toberoff defendants" or "defendants"), as well interrogatories to all defendants, that contain many of the same categories previously propounded to the Siegel and Shuster defendants in August 2010, plus additional document demands.  DC gave all defendants additional time to respond to this discovery provided they serve "substantive responses and not just blanket objections."  Petrocelli Decl. Ex. H at 78.

Nonetheless, the Toberoff defendants produced only *one* new document and re-served the same unfounded objections and deficient privilege logs that necessitated DC's pending motion to compel.  Docket No. 160.  That motion, which presented seven issues, is equally applicable to the responses of the Toberoff defendants challenged herein. Therefore, to avoid duplication of the same briefing, DC requests that the Court's ruling and order on the prior motion apply to bind the Toberoff defendants as well.

In addition, this motion presents four new issues—numbered "Issues 8 through 11":

Issue 8.  Solely in response to the filing of this lawsuit, defendants have sought to blunt the impact of the Toberoff Timeline by asking the U.S. Attorney's office last summer to initiate a criminal investigation of its author.  In pursuing this strategy, defendants made the tactical choice to respond to a government subpoena (that they invited) by disclosing to the government both the Toberoff Timeline document and *all* of the allegedly privileged documents that were included as attachments to it.  Defendants had the opportunity to redact or withhold any privileged information they wished to protect, but they elected to share the entire set of documents.  This constitutes a waiver of the privilege, as case after case

-1-

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1  holds.  Furthermore, the government received prior notice of this motion and a copy

2  of this motion and, to date, has interposed no objection to DC's requests for

3  production of the requested documents.

4      Issue 9:  Claiming attorney-client privilege, the Toberoff defendants refuse to

5  produce written communications between David Michaels (the Timeline's author)

6  and the Siegels.  These communications are not privileged—as defendants

7  themselves insist, they are the product of Mr. Michaels' attempts to wrongfully

8  induce the Siegels to terminate their relationship with Mr. Toberoff.  Moreover, any

9  such privilege claim was waived when defendants elected to disclose the contents

10  and substance of these communications in their interrogatory responses to DC.

11      Issue 10:  In support of their reply brief on their SLAPP motion filed in

12  October 2010, defendants submitted a declaration from Kevin Marks, the Siegels'

13  former lawyer, fired in September 2002.  That declaration raises several new fact

14  issues that trigger DC's right to discovery.  In addition, the carefully crafted

15  language of the declaration suggests it may have been the product of significant

16  compromise.  *See* Docket No. 106 at 3-7.  Therefore, DC seeks drafts of the Marks

17  declaration and related correspondence between defendants' and Marks' counsel.

18  Defendants did not produce or log any such drafts or correspondence—although

19  they are clearly responsive to DC's document requests.  Only when pressed for

20  these materials did defendants acknowledge their existence and later add them to

21  their privilege logs.  But such belated assertions of privilege do not resurrect

22  defendants' earlier waiver.  Moreover, defendants' claim these documents are

23  protected by a common-interest privilege is erroneous.  No common interest exists

24  because the interests of defendants and Mr. Marks have been adverse since at least

25  2002.

26      Issue 11.  Though producing only one document, the Toberoff defendants

27  acknowledge they have additional relevant, non-privileged documents responsive to

28  DC's requests.  These documents include important business records of Toberoff's

-2-

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

EXHIBIT B
19

1    companies, none of which is subject to the objections presented in Issues 1 through

2    10.  Rather, defendants refuse to produce these documents unless DC first narrows

3    all of its document requests based on defendants' boilerplate objections.  To avoid

4    burdening the Court with this issue, DC proposed narrowing those few document

5    requests to which defendants made specific objections, but defendants still declined

6    to produce any of the responsive documents.[1]

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[1] DC reserves its right to raise specific waiver arguments as to individual documents in the event the Court does not grant this motion.

-3-
                                                    JOINT STIPULATION RE:
                                                    DC COMICS' MOTION TO COMPEL

## II.    TOBEROFF DEFENDANTS' INTRODUCTORY STATEMENT

[TO BE INSERTED]

1  **III.   DC COMICS' STATEMENT OF ISSUES IN DISPUTE[2]**

2  *Issues 1-7:  Carry-Over Issues From The Pending Siegel/Shuster Motion*

3        DC's pending motion to compel, Docket No. 160—heard by the Court on

4  February 28—challenges the Shuster and Siegel defendants' improper objections to

5  producing numerous key documents, as well as deficiencies in defendants' privilege

6  logs.  In this motion and its proposed order hereto, DC seeks the same relief from

7  the Toberoff defendants (Marc Toberoff; Pacific Pictures Corporation; IP

8  Worldwide, LLC; and IPW, LLC) on the same seven issues.  DC will not re-brief

9  these issues here, and defendants have agreed to this approach.  Petrocelli Decl. Ex.

10  L at 487.

11        There is one new point, however, that must be addressed.  The Shuster and

12  Siegel defendants produced privilege logs in December 2010 that they re-packaged

13  and updated from the *Siegel* case.  *Id*. Ex. G at 75.  The Toberoff defendants,

14  however, prepared their privilege logs just for this case, and had ample time and

15  opportunity to provide the necessary identifying information.  They chose not to do

16  so, despite agreeing that their logs did not disclose important information such as

17  which documents related to defendants' "consent agreements."  *Id.* Ex. K at 482.

18

19

20

21

22

23

24

25

26

---

27     [2] Mindful of this Court's admonition about over-long briefing, but also mindful

28  of Local Rule 37-2, DC has reproduced all of the document requests at issue and all of defendants' objections and responses in Appendix 1 to this brief.

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

EXHIBIT B
22

***Issue 8:  Communications With The U.S. Attorney's Office***

    **A.**    **DC Is Entitled To Discover The Documents And Communications Defendants Shared With The U.S. Attorney's Office Related To The Toberoff Timeline.**

        1.    **Factual Background Related To This Issue.**

The Toberoff Timeline exposes misconduct by the Toberoff defendants.  To redress the violations of its rights, DC filed this lawsuit in May 2010, and the Timeline was Exhibit A to the complaint.  In meet-and-confer discussions starting July 13, 2010, defendants asserted they would seek to bar any use of the Timeline in the case.  In response, DC documented why that position was without basis, had been rejected by Judge Larson, and had otherwise been waived.  Petrocelli Decl. Ex. D at 7-8.  In September 2010, this Court ruled "[DC] may conduct discovery about [the Timeline]."  Docket No. 95 at 56.

Between July 27 and October 21, 2010, defendants' counsel initiated and exchanged at least 13 communications with the U.S. Attorney's office concerning the Timeline and its author.  *Id.* Ex. I at 408-417 (Entries 3130, 3147-51, 3158-3161, 3217, 3228 and 3284)  In support of their SLAPP motion, defendants filed a declaration on October 4, 2010, in which Toberoff asserted:  "The theft of privileged documents from my law offices and their transmittal with an anonymous cover letter, entitled the 'Toberoff Timeline' … is the subject of an ongoing grand jury investigation."  Docket No. 99-1 at ¶ 14.

Defendants have also now confirmed that, on September 27, 2010:

> The Kendall, Brill & Klieger firm [Toberoff's counsel] *provided copies of the Toberoff Timeline and the* <u>*Stolen Documents*</u> *to the U.S. Attorney's Office* … pursuant to a Grand Jury Subpoena dated September 13, 2010, subject to an express agreement by the U.S. Attorney's Office that the U.S. Attorney's Office would hold such material as confidential and privileged, that such provision was made in furtherance of a common interest privilege, and that such provision was without waiver of the attorney-client privilege or attorney work product doctrine.  Petrocelli Decl. Ex. I at 446 (emphasis added).

-6-

The so-called "Stolen Documents" provided to the government include scores of documents that defendants long maintained were *privileged*—and, thus, defendants asserted, were not discoverable by DC. *Id.* Ex. K at 483-484. The government gave defendants the option, however, *not* to disclose these privileged materials to it—yet defendants chose to do so anyway. The subpoena to which defendants responded explicitly invited them to redact and/or withhold and log any document over which they asserted privilege:

> (2) *If anyone has redacted any portion of any document called for by this subpoena*, stamp the word "redacted" on each portion of the document that was redacted.
> …
> (4) *In the event that any document called for by this subpoena is to be withheld on the basis of any claim of privilege*, as to each such document:
>> (a)  Identify the nature of the privilege which is being claimed and all facts upon which any such privilege is based; and
>> (b) Provide the following information (if applicable):
>>> (i)  The date of the creation of the document and the date the document bears;
>>> (ii)  The name, the present or last known home and business address, the telephone numbers, the title (or position) and the occupation of those individuals who prepared, produced, reproduced, or who were recipients of said document;
>>> (iii)  A description of the document sufficient to identify it without revealing the information for which the privilege is claimed, including a description of the type of document and the subject matter of the document;
>>> (iv)  The number of pages of the document;
>>> (v)  Each and every fact or basis upon which such privilege is claimed;
>>> (vi)  The location of the document; and
>>> (vii)  The custodian of the document.

*Id.* Ex. I at 221 (emphasis added).

As part of its opposition to defendants' SLAPP motion, and in aid of its claims in this case, DC served document requests on the Toberoff defendants seeking defendants' communications with the government and any documents

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

EXHIBIT B
24

1    defendants shared or disclosed.[3]  Defendants refuse to produce these materials—

2    which they do not dispute are responsive, relevant, and/or put at issue by their

3    SLAPP motion—on the grounds that their communications with the government

4    were privileged and that no privilege was waived in selectively disclosing otherwise

5    privileged materials to the government.  Petrocelli Decl. Ex. J at 477; Ex. K at 483-

6    484; Ex. L at 491; Ex. M at 497.  Defendants' position is unfounded, as explained

7    below.[4]

8                2.    **Defendants Waived Any Claim Of Privilege Concerning The
                       So-Called "Stolen Documents."**
9

10          Over the past two decades, one circuit court after another has had to grapple

11   with the question of whether private parties may share privileged documents with

12   the government *and selectively waive the privilege as to the government, but*

13   *preserve it as to everyone else*.  The consistent answer to this question is *no*.  The

14   First, Third, Fourth, Sixth, and D.C. Circuits have all rejected the notion that parties

15   _____

16      [3] *E.g.*, Petrocelli Decl. Ex. E at 18 (Toberoff Request No. 21:  "All
     DOCUMENTS RELATING to the ALLEGED GRAND JURY
17   INVESTIGATION."); *id.* (Toberoff Request No. 23:  "All DOCUMENTS
     RELATING to any legal … action YOU have participated in regarding the
18   TOBEROFF TIMELINE …, including any COMMUNICATIONS YOU have had
     with law enforcement … ."); *id.* at 19 (Toberoff Request No. 26:  "All
19   DOCUMENTS RELATING to any COMMUNICATIONS YOU have had with
     third parties RELATED to the TOBEROFF TIMELINE … ."); *id.* at 12
20   ("'DOCUMENT' shall be interpreted in its broadest sense to include any and all
     'documents' and 'other tangible things' as those terms are understood in Federal
21   Rule of Civil Procedure 34….  This shall include, but is not limited to: e-mail,
     audio or video recordings, correspondence, letters, phone messages, notes,
22   memoranda, facsimiles, publications, contracts, agreements, calendars, drafts of
     proposed contracts or agreements, papers, and photographs."); *id.*
23   ("'COMMUNICATION' means all written, electronic, oral, telephonic, gesture, or
     other transmission or exchange of information, including without limitation any
24   inquiry, request, dialogue, discussion, conversation, interview, correspondence,
     letter, note, consultation, negotiation, agreement, understanding, meeting, e-mail,
25   and all DOCUMENTS evidencing any verbal or nonverbal interaction between any
     individuals or entities.").
26
        [4] DC reserves its right to challenge defendants' privilege claims on all other
27   grounds.

28

JOINT STIPULATION RE:
                                    DC COMICS' MOTION TO COMPEL

1    may select and choose to whom they waive the privilege.  Many of these courts

2    have also rejected the tactic—employed by defendants here, *supra* at __—of

3    seeking to undo their acts of waiver by purported "agreements" with the

4    government that no waiver should be found.

5    • *U.S. v. Mass. Inst. of Tech.*, 129 F.3d 681, 686 (1st Cir. 1997) ("Anyone

6         who chooses to disclose a privileged document to a third party, or does so

7         pursuant to a prior agreement of understanding, has an incentive to do so,

8         whether for gain or to avoid disadvantage.  It would be perfectly possible

9         to carve out some of those disclosures and say that, although the

10        disclosure itself is not necessary to foster attorney-client communications,

11        neither does it forfeit the privilege.  *With rare exceptions, courts have*

12        *been unwilling to start down this path—which has no logical terminus—*

13        *and we join in this reluctance*.") (emphasis added);

14   • *Westinghouse Elec. Corp. v. Republic of the Phil.*, 951 F.2d 1414, 1422

15        (3d Cir. 1991) ("[S]elective waiver does not serve the purpose of

16        encouraging full disclosure to one's attorney in order to obtain informed

17        legal assistance; it merely encourages voluntary disclosure to government

18        agencies, thereby extending the privilege beyond its intended purpose.");

19   • *In re Martin Marietta Corp.*, 856 F.2d 619, 623-24 (4th Cir. 1988) ("The

20        Fourth Circuit has not embraced the concept of limited waiver of the

21        attorney-client privilege.");

22   • *In re Columbia/HCA Healthcare Corp. Billing Practices Litig.*, 293 F.3d

23        289, 302 (6th Cir. 2002) ("[A]ny form of selective waiver, *even that*

24        *which stems from a confidentiality agreement*, transforms the attorney-

25        client privilege into 'merely another brush on an attorney's palette,

26        utilized and manipulated to gain tactical and strategic advantage.'")

27        (emphasis added);

28

-9-

1        • *Permian Corp. v. U.S.*, 665 F.2d 1214, 1216-17 (D.C. Cir. 1981) ("[W]e

2            cannot see how the availability of a 'limited waiver' would serve the

3            interests underlying the common law privilege for confidential

4            communications between attorney and client.…   Voluntary cooperation

5            with government investigations may be a laudable activity, but it is hard

6            to understand how such conduct improves the attorney-client relationship.

7            *If the client feels the need to keep his communications with his attorney*

8            *confidential, he is free to do so under the traditional rule by consistently*

9            *asserting the privilege, even when the discovery request comes from a*

10           *'friendly' agency.*") (emphasis added).

11        Here, the government gave defendants the *express choice* to keep the so-

12  called "Stolen Documents" privileged and not share them with the government.

13  Because of perceived tactical advantages—and the hopes of initiating an

14  investigation of Michaels, or silencing him—defendants not only contacted the

15  government in the first instance, but chose to disclose the allegedly privileged

16  documents in response to the government's subpoena.  That choice was voluntary,

17  given the way the subpoena was framed, and defendants cannot take a contrary

18  position with DC just because it may suit their tactical interests.  *See id*.  Although

19  defendants may seek to distinguish their situation from the cases above—claiming

20  they were not a target of an investigation, but a party initiating one—the choice

21  defendants had was the same as in those cases—whether to disclose the allegedly

22  privileged "Stolen Documents" for a perceived strategic gain, or not.  If defendants

23  "fe[lt] the need to keep [their] communications with [their] attorney[s] confidential,

24  [they were] free to do so under the traditional rule by consistently asserting the

25  privilege, even when the discovery request comes from a 'friendly' agency."

26  *Permian*, 665 F.2d at 1216-17.

27        While the Ninth Circuit has yet to address this selective-waiver question,

28  federal district courts in California, as well as the California state courts, follow the

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

majority rule set for the above. *See, e.g., U.S. v. Reyes*, 239 F.R.D. 591, 602 (N.D. Cal. 2006); *McKesson HBOC, Inc. v. Super. Ct.*, 115 Cal. App. 4th 1229, 1236-41 (2004); *U.S. v. Bergonzi*, 403 F.3d 1048, 1050 (9th Cir. 2005) (Ninth Circuit recognizing issue, but not resolving it). In *Reyes*, 239 F.R.D. at 602, for example, the district court explained, even though all of the documents movant sought "f[e]ll squarely under the rubric" of the attorney-client privilege and work-product doctrine, the law firms and client who shared them with the SEC and Department of Justice "surrendered whatever privileges may have attached," irrespective of whatever confidentiality agreements they made with the government.

> In accord with every appellate court that has considered the issue in the last twenty-five years, this Court holds that [Brocade and the two law firms] cannot waive the attorney-client privilege selectively. Parties "cannot be permitted to pick and choose" in their disclosure of protected communications, "waiving the privilege for some and resurrecting the claim of confidentiality to obstruct others." *Id.* at 603.

*Accord In re Qwest Commc'ns Int'l*, 450 F.3d 1179, 1201 (10th Cir. 2006) (in lengthy opinion surveying law, Tenth Circuit declined to endorse selective-waiver rule as well, but left open the possibility it could apply on different factual record).

Indeed, the only federal circuit to recognize the right to disclose privileged documents selectively to the government was the Eighth Circuit—and that was in an opinion over 30 years ago. *See Diversified Indus., Inc. v. Meredith*, 572 F.2d 596, 607 (8th Cir. 1977). Since then, the Eight Circuit has refused to extend the rule to non-opinion work product, *see In re Chrysler Motors Corp.*, 860 F.2d 844, 845 (8th Cir. 1988), and indicated it may be backing away from the proposition that a limited waiver of privilege is possible, *see In re Grand Jury Proceedings Subpoena*, 841 F.2d 230, 234 (8th Cir. 1988) (noting that "voluntary disclosure is inconsistent with the confidential attorney-client relationship and waives the privilege"). The Eighth Circuit has also rightly held—as have many courts, *see supra* at __-__—that the sort of alleged confidentiality agreements on which defendants rely, *supra* at __, do *not* excuse acts waiver, *see In re Chrysler*, 860 F.2d

JOINT STIPULATION RE: DC COMICS' MOTION TO COMPEL

EXHIBIT B

28

1    at 845; *but compare In re Steinhardt Partners L.P.*, 9 F.3d 230, 236 (2d Cir. 1993)

2    ("Establishing a rigid rule would fail to anticipate situations in which the disclosing

3    party and the government may share a common interest in developing legal theories

4    and analyzing information, or situations in which the SEC and the disclosing party

5    have entered into an explicit agreement that the SEC will maintain the

6    confidentiality of the disclosed materials.") *with Bowne of New York City, Inc. v.*

7    *AmBase Corp.*, 150 F.R.D. 465, 480 (S.D.N.Y.1993) (holding that "even if the

8    disclosing party requires, as a condition of disclosure, that the recipient maintain

9    the materials in confidence, this agreement does not prevent the disclosure from

10   constituting a waiver of the privilege; it merely obligates the recipient to comply

11   with the terms of any confidentiality agreement." (citations omitted)).

12       This body of case law was well known to defendants when they chose to

13   "provide[] copies of … the Stolen Documents to the U.S. Attorney's Office on

14   September 27, 2010…."  Petrocelli Decl. Ex. I at 446.  Neither of the cases cited by

15   defendants during the parties' meet-and-confer talks supports their assertion that the

16   disclosure of privileged documents to the government did not effect a waiver.  *Id.*

17   Ex. K at 483.  Both the *Bergonzi*, 403 F.3d at 1050, and *Bittaker v. Woodford*, 331

18   F.3d 715, 720 n.5 (9th Cir. 2003), cases that they cite simply recognize that the

19   Ninth Circuit has not addressed this question.

                            3.      **Defendants Cannot Shield Their Communications With The U.S. Attorney's Office.**

22       Defendants refuse to produce a variety of emails among themselves and their

23   counsel with the U.S. Attorneys' office.  *See* Petrocelli Ex. K at 483-484; Ex. M at

24   497.  Defendants have not identified any authority—nor are we aware of any—to

25   support a "joint interest" with the government that would shield their

26   communications.  Nor have defendants produced any document reflecting their

27   alleged "express agreement" creating this asserted privileged relationship.  If such

28   and agreement existed, defendants should have produced it to DC, *see In re Qwest*,

-12-

1   450 F.3d at 1994, but notably failed to do so, even though it is *their* burden to prove

2   any claim of privilege, *see U.S. v. Martin*, 278 F.3d 988, 999-1000 (9th Cir. 2002).

3   Also, the U.S. Attorney's office has thus far interposed *no objection* to this

4   motion—nor to DC's request for the documents at issue.

5           In short, defendants' privilege claims are unfounded.  Their assertion is

6   "merely another brush on an attorney's palette, utilized and manipulated to gain

7   tactical and strategic advantage."  *In re Columbia*, 293 F.3d at 302.  This is

8   forbidden and should not be countenanced.  *See id.*

9                    4.    **The Order DC Seeks**

10          The Court should order defendants to produce to DC's counsel, by no later

11   than May 2, 2011:

12      • Unredacted copies of the documents logged in the Toberoff Privilege Log

13          as entries 3130, 3147-51, 3158-3161 (emails between Toberoff and U.S.

14          Attorney's office), *see* Petrocelli Decl. Ex.I at 408-417;

15      • Unredacted copies of the documents logged in the Toberoff Privilege Log

16          as entries 3217, 3228, 3284 (emails between Toberoff's counsel and U.S.

17          Attorney's office), *see id.*;

18      • All documents defendants or their counsel provided to the U.S. Attorney's

19          office, including but not limited to the "copies of the Toberoff Timeline

20          and the Stolen Documents" provided on September 27, 2010, *see*

21          Petrocelli Decl. Ex. I at 446; and

22      • A log identifying all documents defendants or their counsel provided to

23          the U.S. Attorney's Office, including but not limited to the "copies of the

24          Toberoff and the Stolen Documents" provided on September 27, 2010,

25          *see id.*; and

26      • All agreements defendants or their counsel or representatives have or had

27          with the U.S. Attorney's office; and

28

-13-

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

EXHIBIT B
30

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- Any other communications defendants or their counsel or representatives have had with law enforcement authorities or third parties regarding the Toberoff Timeline and David Michaels, Petrocelli Decl. Ex. E at 18-19 (Toberoff Request  Nos. 19, 21, 23, 26).

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

EXHIBIT B

*Issue 9: Communications Between David Michaels And The Siegels*

### B.  DC Is Entitled To Discover Communications Between David Michaels And The Siegel Heirs.

In their interrogatory responses served on January 24, 2011, defendants disclosed that between November and December 2005, Mr. Michaels communicated with the Siegels in an attempt to "steal" them as clients from Toberoff.  Petrocelli Decl. Ex. I at 436.  As noted in DC's pending motion to compel, argued February 28, the Siegels neither produced nor logged any of these communications.  Docket No. 160 at 37.  These Michaels-Siegels communications were identified for the first time in the interrogatory responses and the privilege logs that Toberoff defendants served on January 24.  *Id.* Ex. I at 6; 284-285, 429 (Toberoff Log entries 1064-1072, 3476-3477.  There is no basis for any of the defendants to withhold these and related documents.

### 1.  Defendants Waived Attorney-Client Privilege By Disclosing the Substance of the Michaels-Siegel Communications.

In his verified interrogatory responses, Toberoff openly described the Michaels-Siegel communications and what Toberoff described as efforts by Michaels to "steal" the Siegel heirs as clients and "disparage[]" Toberoff:

> **November-December 2005:**  Michaels contacts the Siegels and attempts to "steal" these clients from Mr. Toberoff's firm by baselessly accusing Mr. Toberoff of purported unethical conduct, like allegedly charging the Siegels "unconscionable fees."  Under the guise of protecting the Siegels, Michaels visits them, falsely disparages Mr. Toberoff, and attempts to shepherd the Siegels to "a larger firm." (name unknown).  In follow-up emails, Michaels advises the Siegels to cease all communication with Mr. Toberoff, and he provides them with a termination letter to give to Toberoff & Associates, as well as a new retainer agreement for the Siegels to hire Michaels at a reduced contingency fee.  In December, 2005, the Siegels reject Michaels' attempt to take their case away from Toberoff & Associates.

Petrocelli Decl. Ex. I at 436.  Openly disclosing and describing the contents and substance of these communications operate to waive any claim of privilege.

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

EXHIBIT B
32

1    *Hernandez v. Tanninen*, 604 F.3d 1095, 1100 (9th Cir. 2010) (privilege waived by

2    plaintiff disclosing privileged communications in opposing summary) *U.S. v.*

3    *Jacobs*, 117 F.3d 82, 91 (2d Cir. 1997) ("Public, even extrajudicial, disclosures

4    constitute a waiver of the privilege 'for the communications or portions of

5    communications disclosed.'"); *Weil v. Inv./Indicators, Research & Mgmt., Inc.*, 647

6    F.2d 18, 23-25 (9th Cir. 1981) (disclosure of content of a privilege communication

7    held to be a waiver of privilege).

8         Moreover, the law is clear that defendants' waiver extends not only to these

9    communications, but the subject matter of these communications generally. *U.S. v.*

10   *Nobles*, 422 U.S. 225, 239 (1975); *Weil*, 647 F.2d at 24 ("[V]oluntary disclosure of

11   the content of a privileged attorney communication constitutes waiver of the

12   privilege as to all other such communications on the same subject.").  This includes

13   documents identified in the Toberoff Log, such as "Memorandum re: David

14   Michaels Conference," which must be produced as well. *Id.*; Petrocelli Decl. Ex. I

15   at 284 (Entry 1063)

16        Defendants also may have provided the Michaels-Siegel communications to

17   the U.S. Attorney's office, but one cannot tell given the obfuscation in defendants'

18   logs and their failure to list attachments to emails and letters separately from those

19   communications.  *See* Docket No. 160 at 32-33; Petrocelli Decl. Ex. I at  408-417

20   (Entries 3130, 3147-51, 3158-3161, 3217, 3228 and 3284).  If defendants provided

21   the Michaels-Siegel communications or their memos to the government—and they

22   should be required to answer this question—this further act of waiver only bolsters

23   why these materials must be produced. *Supra* at __-__.

24                    2.     **Defendants Have Not Carried Their Burden Of Showing**
                             **The Michaels-Siegel Communications Were Privileged.**
25

26        According to defendants, when Michaels contacted the Siegels in November

27   2005, he was no longer employed by Toberoff & Associates, nor was he providing

28   the Siegels with legal advice.  To the contrary, defendants accuse Michaels of

-16-

"disparag[ing]" Toberoff.  Petrocelli Decl. Ex. I at 436.  Moreover, defendants admit that the Siegels advised Toberoff of Michaels' initial contact with them.  *Id.* Ex. I at 284 (Entry 1063).  For whatever reason, it appears that Toberoff and the Siegels chose for the Siegels to continue their line of communication with Michaels—and neither they nor Toberoff wrote Michaels a letter demanding such communications immediately cease.  If such a letter exists, it is not disclosed on defendants' logs.  If it is disclosed, the logs make it impossible to tell.

Defendants cannot meet their burden to show these communications are privileged.  To do so, they must establish:

> (1) [That] legal advice of any kind is [being] sought (2) from a professional legal adviser in his or her capacity as such, (3) the communications relat[e] to that purpose, (4) [are] made in confidence (5) by the client, (6) are, at the client's instance, permanently protected (7) from disclosure … (8) unless the protection be waived.  *Martin*, 278 F.3d at 999 (emphasis added)

By defendants own admission, Michaels' communications are not "legal advice," but on defendants' reading of the documents "baselessly accus[e] Mr. Toberoff of purported unethical conduct, like allegedly charging 'unconscionable fees.'" Petrocelli Decl. Ex. I at 436.  Indeed, when it suited their strategic purposes, defendants insisted that Michaels' correspondence with the Siegels were *unauthorized and inappropriate*—not counsel from a professional legal adviser, in his role as such, and related to that purpose.  *E.g.,* Case No. CV 04-8400, Docket No. 244 ¶¶ 8-9.

Nor can defendants meet their burden of proving that the communications were, "at the client's instance, *permanently protected* … from disclosure…." *Martin*, 278 F.3d at 999 (emphasis added).  Defendants chose to disclose the content of those communications in their interrogatory responses (and perhaps to the government)—that is despite literally *thousands* of other claims of privilege in defendants' recent discovery responses.

-17-

1    At the very minimum, defendants owe DC redacted versions of the Michaels-

2  Siegel communications—disclosing Michaels' accusations regarding Toberoff.

3  *E.g.*, FED. R. CIV. P. 34(b)(2)(C); W. SCHWARZER, ET AL., RUTTER GROUP PRACTICE

4  GUIDE: FEDERAL CIVIL PROCEDURE BEFORE TRIAL § 11:1914 (2010) (citing *Aikens*

5  *v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533, 539 (D. Kan. 2003) ("the responding

6  party still has a duty to respond to the extent the request is not objectionable")

7  (emphasis added)).  If defendants refuse to provide DC with the communications in

8  this form, they owe the Court and DC "a line-by-line justification for assertion of

9  the attorney-client privilege."  *Clarke v. Am. Commerce Nat'l Bank*, 974 F.2d 127,

10  129 (9th Cir. 1992).

11    **3.    The Order DC Seeks**

12    The Court should order defendants to produce to DC's counsel, by no later

13  than May 2, 2011:

14  - All communications between Michaels and the Siegel heirs, including but

15    not limited to those listed at entries 1064-72, 3476-77 of the Toberoff

16    privilege log; s*ee* Petrocelli Decl. Ex. I at 284-285, 429; and

17  - All documents relating the Michaels-Siegel communications, including

18    but not limited to the "Memorandum re: David Michaels Conference"

19    listed in the Toberoff Privilege Log at Entry 1063.  *Id*. at 284.

20

21

22

23

24

25

26

27

28

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

EXHIBIT B
35

*Issue 10:  Communications Relating to Kevin Marks' October 2010 Declaration*

## C.    DC Is Entitled To Discover All Documents Relating To Kevin Marks' October 4, 2010 Declaration.

DC seeks the production of all documents and communications relating to the declaration of Kevin S. Marks—the Siegels' former attorney, fired by them in September 2002—filed on October 4, 2010, in connection with defendants' SLAPP motion.  *See* Appendix 1 at __ (reproducing relevant document requests and defendants' objections).  The declaration appears to be a highly engineered document, and Marks carefully includes language restricting his testimony to a *single conversation* between himself, Toberoff, and Ari Emanuel in August 2002— remaining silent as to other conversations he had with defendants.  *E.g.*, Docket No. 98-3 at 1 ("At no time during *that conversation*…") (emphasis added).  This declaration raises a number of disputed issues of fact relevant to DC's claims in the case and defendants' pending SLAPP motion.  Docket Nos. 75 at 7; 106 at 2-7, 108 at 2-3, 98 at 4-6.  DC is entitled to take discovery concerning this declaration in aid of its federal and state-law claims in this case, in general, and as part of its opposition to defendants' SLAPP motion.  Docket No. 45 at 3, 11-13; Docket No. 61 at 49-55; Docket No. 92 at 1-2, 8-11; Docket No. 94; Docket No. 125 at 10-12; *Metabolife Int'l, Inc. v.* Wornick, 264 F.3d 832, 846 (9th Cir. 2001).

As part of DC's discovery into the Marks declaration, it is entitled to discover drafts of the document, as well as related correspondence between counsel for Marks and defendants.  DC is entitled to know what changes were made to the testimony and whether any promises were made to Marks or his counsel in connection with his testimony.  *See, e.g., See U.S. v. Hale*, 422 U.S. 171, 176 (1975) ("A basic rule of evidence provides that prior inconsistent statements may be used to impeach the credibility of a witness."); *Grunewald v. U.S.*, 353 U.S. 391, 418-19 (1957) ("It is, of course, an elementary rule of evidence that prior statements may be used to impeach the credibility of a criminal defendant or an

-19-

1  ordinary witness."); *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006)

2  (evidence of bias and financial motive relevant to discrediting testimony of a third

3  party).  Defendants do not dispute that such information is relevant; instead, they

4  assert that even though Toberoff and Toberoff's counsel do *not* represent Marks as

5  his counsel (the Jeffer Mangels law firm does), Toberoff and his counsel share a

6  common-interest privilege with Marks and the Jeffer firm.  These belated excuses

7  are without basis.

8          1.      **Defendants Waived Any Privilege Claims By Failing To List**
                   **The Marks Documents On Their Privilege Log.**
9

10         Even though DC's document requests clearly called for drafts of the Marks

11  declaration and communications regarding the same,[5] defendants neither produced

12  nor logged any documents relating to Marks' declaration when their discovery

13  responses were due on January 24, 2011.  DC notified defendants of this failing on

14  February 4.  Petrocelli Decl. Ex. J at 478.  Defendants waited the entire 10-day

15  statutory period to respond pursuant to Local Rule 37-1, and then stated their

16  intention to produce an amended privilege log.  *Id.* Ex. K at 485.  However, during

17  the parties' meet-and-confer that same day, defendants would not commit to

18  producing a privilege log by any date certain.  *Id.* Ex. L at 492.  Defendants finally

19  provided DC with amended log entries on February 18—more than two months

20  after receiving DC's discovery requests.  *Id.* Ex. M at 499 (Entry 3480).  The log

21  identifies one early draft of the Marks declaration, as well as five emails between

22  Toberoff's and Marks' counsel.  Defendants assert joint-interest privilege and the

23  work-product  privilege to justify their withholding these documents.  *Id.*

24          [5] *E.g.*, Petrocelli Decl. Ex. E at 20 (Toberoff Request No. 43:  "All
DOCUMENTS RELATING to any COMMUNICATION RELATING to the
25  'Declaration of Kevin S. Marks in Support of Toberoff defendants' Reply
Memorandum in Support of Motion to Strike Plaintiff's State Law Causes of
26  Action Pursuant to California's Anti-SLAPP Law (Cal. Code Civ. Proc. § 425.16)'
filed in the above-entitled action on October 4, 2010 (Docket No. 98-3), including
27  any and all drafts of that declaration and any and all DOCUMENTS reflecting the
contents of that declaration.").
28

-20-                          JOINT STIPULATION RE:
                              DC COMICS' MOTION TO COMPEL

1    Any privileges that may have applied to these six responsive documents was

2    waived by defendants in knowingly withholding them without timely providing a

3    privilege log to DC.  *See, e.g., Am. Dental Ass'n v. Khorrami*, 2003 WL 24141019,

4    at *9 (C.D. Cal. July 14, 2003).  Defendants' failure to log these documents was not

5    simply an error or oversight; defendants knowingly chose to withhold the

6    documents without producing a log, and their belated attempt to preserve the

7    asserted privileges by providing the amended log entries is ineffective.

8              2.    **Defendants Have Not Carried Their Burden Of Showing**

9                       **The Marks Documents Are Privileged.**

10    Nothing supports defendants' claim of a joint-interest privilege with Marks.

11    Marks has not represented the Siegels since 2002.  Marks is represented by separate

12    counsel in this case—not by Toberoff or Toberoff's outside counsel.  Moreover,

13    Marks made clear in August 2002 that he did not share a common interest with

14    Toberoff.  After conveying an offer from Toberoff, the businessman to purchase the

15    Siegels' putative rights to Superman, Marks advised the Siegels that "he would

16    testify in court against the Siegels if they accepted [Toberoff's] offer because he

17    believe[d] there ha[d] already been an agreement reached" between the Siegels and

18    DC.  Am. Compl. Ex. A at 63.  One month later, on September 21, 2002, the

19    Siegels fired Marks and his law firm—Gang, Tyre, Ramer & Brown.  *Id.* Ex. A at

20    3.

21    Unlike Toberoff and his companies, Marks is accused of no misconduct in

22    this case, he is not named as a defendant, and, instead, he is a third-party witness

23    from whom both DC and defendants are fully entitled to take discovery.  The

24    Toberoff defendants bear the burden of establishing a joint-interest privilege

25    between themselves and Marks—and simply asserting one exists is not enough.

26    *E.g.*, *Clarke v. Am. Commerce Nat'l Bank*, 974 F.2d 127, 129 (9th Cir. 1992)

27    (burden of establishing the joint-defense exception is on the party asserting the

28    privilege).  Nor can defendants meet this burden, because "[t]o be entitled to assert

-21-

1  the common interest doctrine, *the interest of the parties sharing the information*

2  *must be identical, not simply similar*, and the interest must be legal and not solely

3  commercial." 6 PATRICK E. HIGGINBOTHAM, MOORE'S FED. PRAC. § 26.49[5][b]

4  (2011) (emphasis added); *Carl Zeiss Int'l Gmbh v. Signet Armorlite Inc.*, 2009 WL

5  4642388, at * 7 (S.D. Cal. Dec. 1, 2009) (same).

6      The Toberoff defendants' interest is in avoiding liability on DC's claims.

7  Marks has no similar interest—much less an identical one.  Indeed, defendants

8  admit that Marks has "*no interest in this dispute*."  Docket No. 98 at 3 (emphasis

9  added).  His sole possible interest is in maintaining and preserving whatever

10  privileges the Siegels held concerning their communications with him in *2002*.

11  This does not extend to communications Marks' lawyer and Toberoff's lawyer

12  shared in 2010.  Nor does it extend to drafts of a 2010 declaration, which concerns

13  Marks' discussions in 2002 with Toberoff and his companies.  Finally, Marks may

14  not wish to be involved in this case—or to be asked to testify regarding Toberoff's

15  alleged misdeeds—but such concerns are not a "legal matter" that allows invoking

16  this privilege.  *U.S. v. Aramony*, 88 F.3d 1369, 1392 (4th Cir. 1996).

17      That leaves defendants' work-product claims concerning the Marks

18  documents—which stand or fall along with defendants' joint-interest defense.

19  Absent a legally cognizable joint-interest protection (and none exists here),

20  communications from Toberoff's counsel to Marks' counsel disclosing work

21  product *waives* any protection Toberoff could otherwise claim.  *Cf. Cont'l Oil*

22  *Corp. v. U.S.*, 330 F.2d 347, 350 (9th Cir. 1964).

23          3.    **The Order DC Seeks**

24      The Court should order defendants to produce to DC's counsel, by no later

25  than May 2, 2011:

26      • All documents and communications relating to the Marks' declaration,

27          including but not limited to those listed at entries 3478-83 of the Toberoff

28          privilege log.

-22-

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

*Issue 11:  Remaining Objections Lack Merit*

> **D.    Defendants' Other Objections To Justify Producing Only One New Document Are Without Merit.**

The Toberoff defendants produced *one* new document in response to DC's 171 document requests.  These 171 requests span many subject matter areas, several of them not implicated in the discovery DC has taken from the Shusters and Siegels—either because the requests are different, or because the Shusters and Siegels would not possess or control documents that Toberoff and his companies created, received, and control.  As examples, this includes:

- Agreements between the Toberoff defendants, the Siegel heirs, the Shuster heirs, and/or third parties relating to Superman and.or Superboy, *e.g.,* Petrocelli Decl. Ex. E at 17 (Toberoff Request Nos. 1-4);

- The Toberoff defendants' past, current, and potential ownership interest in any rights in Superman and/or Superboy, and their ability to affect the disposition of any rights in or revenue from those properties, *e.g., id.* at 17 (Toberoff Request Nos. 10-13);

- The internal investigation conducted by Toberoff and the grand jury investigation regarding the Toberoff Timeline and Michaels, *e.g., id.* at 18 (Toberoff Request Nos. 19-23);

- The Toberoff defendants' business relationship with Ari Emanuel, including contributions by Toberoff to the IP Worldwide joint venture between Pacific Pictures Corporation and Emanuel, *e.g., id.* at 19-20 (Toberoff Request Nos. 35-39); and

- Toberoff's role and ownership interest in Pacific Pictures Corporation, IP Worldwide LLP, and IPW, LLC, *e.g., id.* at 22 (Toberoff Request Nos. 56-58).

-23-

When pressed on why they only produced one new document in response to DC's 171 requests, defendants conceded that they have many documents relevant and responsive to DC's request—*they just refuse to produce them*. This is not because defendants assert privilege over these documents, but because of a series of boilerplate objections. The Siegels and Shusters, of course, waived such spurious objections when faced with DC's motions challenging them this past fall. *See* Docket Nos. 125, 132, 133. Nonetheless, save for one or two requests (which DC addressed specifically with defendants), defendants *refuse* to propose ways for DC to clarify or narrow its requests or to provide DC with further substantiation or explanation for their objections. Petrocelli Decl. Ex. K at 481, 482, 484, 485, Ex. L at 489, Ex. M at 496, 497. Rather, defendants assert it is DC's burden unilaterally to narrow its requests in response to defendants' boilerplate objections, and defendants may lawfully refuse to produce documents until DC does so. *See id*. Ex K at 481, 482, 484, 485, Ex. L at 489, Ex. M at 496 see also, e.g., *E.g.,* Appendix 1 at __ (M. Toberoff Responses to RFP Nos. 5, 9, 12-15, 18, 27-29, 32, 35-38, 40-44, 46, 48, 52-54, 56-58). Defendants' position is without merit.

1.  **Defendants' Objections And Refusal To Produce Obviously Responsive And Relevant Documents Are Improper.**

The Federal Rules make clear that defendants were required to produce responsive documents, while asserting specifically any "overbreadth" objections as to any specific parts of DC's requests that they deemed objectionable. *E.g.*, FED. R. CIV. P. 34(b)(2)(C) ("An objection to part of a request must specify the part and permit inspection of the rest."). "Rule 34(b) was amended in 1993 to make it clear that if an item or category is objectionable only in part, the responding party must comply with the unobjectionable portions of the request." 7 JAMES C. FRANCIS, MOORE'S FED. PRAC. § 34.13[2][b] (2011); *see also* FED. R. CIV. P. 34 Advisory Comm. Note. Courts and commentators have reached the same conclusion, and defendants' position is simply untenable. *E.g.*, WILLIAM W. SCHWARZER ET AL.,

-24-

1    CAL. PRAC. GUIDE: FED. CIV. PRO. BEFORE TRIAL § 11:1914 (2010) ("Where an

2    objection applies to only a portion of the documents requested, the responding party

3    must produce the remainder."); *GMAC Real Estate, LLC v. Joseph Carl Sec., Inc.*,

4    2010 WL 432318, at *1-2 (D. Ariz. Feb. 3, 2010) (ordering production of

5    documents and admonishing failure to produce uncontested documents).

6         DC sought to avoid burdening the Court with this motion by meeting and

7    conferring with defendants on the very few requests to which they raised specific

8    objections and proposed narrowing.  DC was unable to reach agreement with

9    defendants, whose primary goal remains delay.

10        *First*, defendants refused to produce or log communications with third parties

11   regarding acquiring or exploiting the Siegel or Shusters' purported rights in

12   Superman or Superboy, claiming DC's document requests did not even call for

13   such materials.  Petrocelli Decl. Ex. K at 485 ("This category is untethered to any

14   specific requests.  Defendants are willing to produce such communications,

15   provided that the requests in question are identified and appropriately tailored.").

16   DC pointed out that, for example, its Requests Numbered 15 to 17 directed to

17   Toberoff specifically sought these communications.  *See id.* Ex. L at 492 (Toberoff

18   Request No. 16:  "All DOCUMENTS RELATING to any efforts YOU have made

19   to sell, lease, license, or otherwise exploit any rights in SUPERMAN and/or

20   SUPERBOY."); *infra* Appendix at __.  Rather than agree to produce the

21   documents, defendants then claimed the requests were overbroad because they

22   involved documents "'relating' to every major motion picture studio."  *Id.* Ex. M at

23   498.  Yes—that is the point.  DC wants and is entitled to know about all of

24   defendants' efforts to market and exploit the Siegels' and Shusters' putative rights.

25   DC's claims against the Toberoff defendants directly relate to misrepresentations

26   they made to the heirs about to whom they would market the rights and when.  *E.g.*,

27   Am. Compl. at ¶¶ 6-9, 60-63, 77-82, 85, 184-186.  Defendants have no basis to

28   resist this discovery, nor have they made any showing that gathering these materials

-25-

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1    from their files would be burdensome—or explained why.  They have had these

2    requests since early December; no excuse exists for their continued failure to

3    produce them.

4         *Second*, defendants refused to produce any documents involving Toberoff's

5    business entities and activities.  *See* Appendix 1 at __; Petrocelli Decl. Ex. J at 477,

6    Ex. L at 489-490, Ex. K at 484.  This is despite claims that Toberoff has made to

7    the national press about his allegedly thriving entertainment and producing

8    businesses, and the "firewall" he keeps in place separating his businesses and his

9    legal practice.  Defendants objected that certain of DC's requests might force

10   defendants to produce filings made in the *Siegel* litigation or other needless

11   materials that need not be produced.  Petrocelli Decl. Ex. K at 484, Ex. L at 490,

12   Ex. M at 496.  DC responded that it had addressed this *very objection* with a

13   stipulation that the parties agreed to last fall.  *Id.* Ex. L at 490; Docket No. 132.

14   Defendants refused to produce the Toberoff business documents, asserting "DC

15   improperly requested any and all document[s] that relate to any and all business

16   conducted or to be conducted by any such entity, ever. … DC's requests must

17   obviously be narrowed before they can be fully responded to."  *Id.* Ex. M at 496.

18        *Third*, defendants refused to produce any documents relating to

19   communications with Toberoff's business partner, the agent Ari Emanuel (aside

20   from a few emails from Toberoff to Paramount executives on which Emanuel was

21   copied) on the asserted ground that DC's requests for production are "overbroad."

22   Appendix 1 at __; *see also* Petrocelli Decl. Ex. K at 484.  DC disagreed, but in the

23   spirit of compromise, proposed to narrow its Emanuel-related requests to:  "all

24   documents (and necessary privilege logs) RELATING to: (a) Superman and/or

25   Superboy; (b) the Siegel and Shuster Heirs; (c) any of the other named defendants

26   in this case; or (d) the business and/or economic relationship(s) between any of the

27   named defendants in this case and Mr. Emanuel."  Petrocelli Decl. Ex. L at 489.

28   Defendants rejected this reasonable compromise—offering instead to produce "All

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1    non-privileged communications between Mr. Emanuel and any defendant relating

2    to Superman, Superboy; the Siegel Heirs and/or Shuster Heirs." *Id.* Ex. M at 495.

3    DC cannot live with this proposal because it seeks to shield from discovery

4    documents relevant to establish the nature and extent of the relationships between

5    Emanuel and other of the defendants, a restriction not supported by the federal

6    rules. *See* FED. R. CIV. P. 26(b).

7         DC invited defendants to raise any other specific narrowing proposals they

8    might have. Petrocelli Decl. Ex. L at 489. Defendants offered none, and continued

9    to refuse to produce responsive, relevant documents.

10
11                    2.    **Defendants' Remaining Boilerplate Objections Are All Without Basis And Should Be Overruled.**

12        Defendants have raised boilerplate objections to every document request

13   served by DC. These non-specific objections are "inadequate and tantamount to not

14   making any objection at all." *E.g.*, *Walker v. Lakewood Condo. Owners Ass'n*, 186

15   F.R.D. 584, 587 (C.D. Cal. 1999). Many of these objections are ones defendants

16   chose not to defend the last time DC was forced to file a motion to compel, by

17   entering into the parties' December 7 stipulated order. Docket No. 133. As

18   summarized below, none of these objections has merit; all are asserted to obstruct

19   and delay.

20        The law makes clear that it is not DC's obligation to go request-by-request to

21   address these boilerplate objections and propose narrowing of its requests to

22   defendants. *E.g., Walker*, 186 F.R.D. at 587; *Marchland v. Mercy Med. Ctr.*, 22

23   F.3d 933, 938 (9th Cir. 1994); *see also* Docket No. 125 at 22-27. It is defendants'

24   obligation to identify specifically what they believe is objectionable about each

25   request so that DC can meaningfully respond during the parties' meet-and-confer

26   efforts, and defendants failed to meet that obligation.

27        <u>Relevance</u>. Defendants object to DC's document requests on relevance

28   grounds, but do not explain why any specific request is irrelevant or whether any

-27-

1  documents are being withheld on this ground. *E.g.*, Appendix 1 at __. Defendants'

2  boilerplate objection is the equivalent of no objection at all, and should be

3  overruled. *E.g.*, *Walker*, 186 F.R.D. at 587. Under Rule 26(b), DC is entitled to

4  "obtain discovery regarding any nonprivileged matter that is relevant to any party's

5  claim or defense," including information that "appears reasonably calculated to lead

6  to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1). DC's claims for

7  relief allege, *inter alia*, that defendants' web of unlawful agreements violate DC's

8  agreements with the Siegels and Shusters and its rights under the Copyright Act.

9  Docket No. 49 ¶¶ 105-89. DC's discovery requests are directly relevant to these

10 claims—specifically, communications and agreements between and among

11 defendants regarding the Siegels' and Shusters' purported Superman rights. These

12 documents are "discoverable at this stage of the litigation as they clearly relate to

13 the subject matter of the lawsuit and the documents may lead to further admissible

14 evidence at trial." *Youngblood v. Gates*, 112 F.R.D. 342, 348 (C.D. Cal. 1985).

15     Protected Information. Defendants object to the discovery requests to the

16 extent they seek production of material containing "any trade secret or other

17 confidential or proprietary information" or "protected from disclosure by court

18 order, or any privacy or similar rights." *E.g.*, Appendix 1 at __. Again, defendants

19 make no effort to identify the particular information, if any, that is asserted to be

20 protected—let alone to establish why such information is protected. Such

21 conclusory claims of confidentiality are inadequate; the party resisting discovery

22 must show that the information it seeks to protect is confidential or that its

23 disclosure would cause harm. *See Nat'l Acad. of Recording Arts & Scis., Inc. v. On

24 Point Events, LP*, 256 F.R.D. 678, 683 (C.D. Cal. 2009) (granting motion to compel

25 where "defendant has not presented any declarations … supporting its claim that

26 the information sought … is a 'trade secret' or 'confidential … commercial

27 information'"); *Centurion Indus., Inc. v. Warren Steurer & Assocs.*, 665 F.2d 323,

28 325 (10th Cir. 1981) ("To resist discovery …, a person must first establish that the

-28-

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1  information sought is a trade secret and then demonstrate that its disclosure might

2  be harmful.").  If they actually believed certain information should be protected,

3  defendants "should have entered into a stipulated protective order or filed a motion

4  for a protective order before the date by which it was to produce responsive

5  documents." *Nat'l Academy of Recording Arts & Sciences*, 256 F.R.D. at 683.

6  Defendants have sought neither.

7       "Other" Protections. Similarly, defendants object to almost every document

8  request to the extent they seek material protected by "any other privilege or

9  immunity available under law or arising from contractual obligation." *E.g.*,

10  Appendix 1 at __ [Toberoff RFP 1-23, 26-54, 56-60].  Defendants refuse to identify

11  what documents, if any, are being withheld on this basis.  Petrocelli Decl. Ex. L at

12  490.  Defendants additionally refuse to identify what "other privilege" or

13  "immunity" they are invoking, nor do their privilege logs identify any "other"

14  protections. *Id.* Ex. J at 475; Ex. L at 490.  At the same time, defendants argue that

15  because DC's requests haven't been narrowed, they *could* implicate trade secrets

16  that deal with private information not subject to disclosure. *Id.* Ex. L at 490.  That

17  is no answer; either responsive, non-privileged documents are being withheld or

18  not.  Defendants cannot stand on these ambiguous and indefinite objections to

19  justify withholding discovery.

20       Unduly Burdensome. Defendants assert DC's document requests are "unduly

21  burdensome, overly broad," "oppressive and harassing," and "impose extreme

22  hardship." *E.g.*, Appendix 1 at __.  As this Court has recognized, such "general or

23  boilerplate objections … are improper—especially when a party fails to submit any

24  evidentiary declarations supporting such objections." *A. Farber & Partners, Inc. v.

25  Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006); *Paulsen v. Case Corp.*, 168 F.R.D.

26  285, 289 (C.D. Cal. 1996).  To overcome a motion to compel, the party resisting

27  discovery must make a specific showing as to why the discovery requests are

28  burdensome, overly broad, or otherwise objectionable. *E.g.*, *Duran v. Cisco Sys.*,

-29-

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1    *Inc.*, 258 F.R.D. 375, 379 (C.D. Cal. 2009) (rejecting "unexplained and

2    unsupported boilerplate objections" that requests were "overbroad," "burdensome,"

3    and "harassing"); *E.E.O.C. v. Outback Steakhouse of Fla., Inc.*, 251 F.R.D. 603,

4    608 (D. Colo. 2008) (burden of showing "expense of the proposed discovery

5    outweighs its likely benefit … cannot be satisfied by merely asserting a boilerplate

6    objection … without providing concrete substantiation"); *Panola Land Buyers*

7    *Ass'n v. Shuman,* 762 F.2d 1550, 1559 (11th Cir. 1985) (rejecting boilerplate

8    "recitation of expense and burdensomeness" as "conclusory"). Defendants have

9    made no such showings.

10   Even in the limited instances where defendants have identified why they

11   believe DC's request is "overbroad," their reasoning is refuted. For example,

12   defendants object to Request No. 5, seeking "All DOCUMENTS RELATING to

13   SUPERMAN and/or SUPERBOY," as being "grossly overbroad," claiming it

14   requires production of documents relating to or produced in this litigation or the

15   *Siegel* cases, and "all documents relating to the exploitation of Superman and/or

16   Superboy over the past 80 years." Appendix 1 at __. To the contrary, and as noted

17   above, these exact concerns were addressed by the parties' December 7 stipulation

18   and court order, and defendants are well aware that they are not required to re-

19   produce these types of documents. *See* Docket No. 133.

20   <u>Material in DC Comics' Possession</u>. Defendants object to the extent the

21   document requests would require production of material "already in Plaintiff's

22   possession," including material "produced, served, or filed" during the *Siegel*

23   litigation. *E.g.*, Appendix 1 at __. As discussed *supra*, defendants are aware that

24   they do not have to re-produce these materials pursuant to the parties' December 7

25   stipulated order. Docket No. 133.

26   <u>Additional Obligations</u>. Defendants object to the extent DC's document

27   requests "purport to alter or extend" their obligations under existing law, including

28   by requiring production of documents beyond defendants' possession. *E.g.*,

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1    Appendix 1 at __.  Defendants point to no example where DC makes any request

2    outside the discovery rules—and there is none.

3         Vague and Ambiguous. With no elaboration, defendants object that terms

4    and phrases in DC's requests are "vague and ambiguous."[6]  Such blanket assertions

5    of ambiguity, with no explanation, are improper.  *See Marchland*, 22 F.3d at 938.

6    Nor is there anything vague or ambiguous about these phrases.  Each of the

7    individual terms was defined in DC's requests.  *E.g.*, Petrocelli Decl. Ex. E at 12-

8    16.  As to the supposedly ambiguous phrases, "it is not ground for objection that the

9    request is 'ambiguous,' unless [it is] so ambiguous that the responding party cannot,

10   in good faith, frame an intelligent reply." *U.S. ex rel. Englund v. Los Angeles

11   County*, 235 F.R.D. 675, 685 (E.D. Cal. 2006); *McCoo v. Denny's, Inc.*, 192 F.R.D.

12   675, 694 (D. Kan. 2000) (parties "should exercise reason and common sense to

13   attribute ordinary definitions to terms and phrases utilized in [discovery requests]").

14        Defendants' Understanding.  Defendants agree to produce responsive

15   documents, but they qualify their agreement on producing documents "consistent

16   with [their] understanding of [each] request." *E.g.,* Appendix 1 at __.  There is no

17   basis for such a qualified response.  Defendants are obligated to produce all

18   responsive, unprivileged documents, and cannot "interpret" DC's requests in a

19   manner that shields otherwise discoverable documents.

20        Defendants' SLAPP Motion.  Defendants concede they are not withholding

21   any documents on the basis of their pending SLAPP motion, but refuse to withdraw

22   their general objection that discovery is stayed as to DC's Third through Sixth

23   claims during the pendency of the motion.  This objection should be overruled.[7]

24

25        ───────────────────

        [6] Each of these vagueness objections is underlined in Appendix 1.

26        [7] Defendants cannot argue that DC neither raised nor conferred over specific

27   concerns regarding their General Objections when DC's meet and confer letters
     explicitly identified these deficiencies and advised defendants that many were the
     same objections they chose not to defend the last time DC was forced to file a
28   motion to compel.  Petrocelli Decl. Exs. J at 472, L at 487.

                                                    JOINT STIPULATION RE:
                        -31-                  DC COMICS' MOTION TO COMPEL

### 3.    **The Order DC Seeks**

The Court should order defendants to produce to DC's counsel, by no later than May 2, 2011, all responsive, non-privileged documents.

The Court should overrule the following objections raised by defendants:

- Overbeadth;
- Relevance;
- Material containing "any trade secret or other confidential or proprietary information" or "protected from disclosure by court order, or any privacy or similar rights";
- Material protected by "any other privilege or immunity available under law or arising from contractual obligation";
- "[U]nduly burdensome, overly broad," "oppressive and harassing," and "impose extreme hardship";
- Material in DC's possession;
- Requests that "purport to alter or extend" defendants' obligations under existing law;
- Vague and ambiguous;
- Defendants' qualification on producing documents as "consistent with [their] understanding of [each] request"; and
- Contention that discovery is stayed as to DC's Third through Sixth claims during the pendency of defendants' SLAPP motion.

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**IV.    TOBEROFF DEFENDANTS' STATEMENT OF ISSUES IN DISPUTE**

[TO BE INSERTED]

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

EXHIBIT B
50

1

2 Dated:      April 4, 2011                    Respectfully Submitted,

3                                             O'MELVENY & MYERS LLP

4

5 By:_____
                                                Daniel M. Petrocelli
6                                               Attorneys for Plaintiff DC Comics

7 Dated:      April 4, 2011                    Respectfully Submitted,

8                                             KENDALL BRILL & KLIEGER LLP

9

10 By:_____
                                                Richard B. Kendall
11                                              Attorneys for Defendants Marc
                                                Toberoff, Pacific Pictures
12                                              Corporation, IP Worldwide, LLC,
                                                and IPW, LLC
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-34-                                  JOINT STIPULATION RE:
                                      DC COMICS' MOTION TO COMPEL

# APPENDIX 1

**A.    Marc Toberoff – Document Request Nos. 1-5, 9-19, 21, 23-46, 48, 52-60 and General and Specific Objections**

### OBJECTIONS TO THE ENTIRE REQUEST

Toberoff objects to the entire Request on each of the following grounds and incorporates by reference each of the following objections into his response to each individual request for documents within it:

1.    Toberoff objects to each individual request within the Request to the extent it is relevant only to the Fourth through Sixth state law claims for relief in DC's First Amended Complaint ("FAC").  Defendants contend that their pending anti-SLAPP motion stays discovery regarding these state law claims, as well as the related Third Claim for Relief.  *See* Cal. Code Civ. Proc. § 425.16(g); *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 130 S. Ct. 1431, 1452 (2010) (Stevens, J., concurring); *Batzel v. Smith*, 333 F.3d 1018, 1024 (9th Cir. 2003); *Godin v. Schencks*, 2010 U.S. App. LEXIS 25980 (1st Cir. Dec. 22, 2010).

2.    To the extent the Request and each document request therein seeks documents concerning any agreement between the Shusters and Siegels to act collectively in negotiations with DC regarding the settlement of their termination claims ("Collective Bargaining"), Toberoff objects on the following grounds:  Any documents that exist relating to Collective Bargaining contain and memorialize attorney-client privileged communications and attorney work product and reveal sensitive settlement strategy that would give DC an unfair advantage.  Moreover, any Collective Bargaining documents were prepared in connection with settlement mediation in the closely related cases *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-CV-8400 ODW (RZx) and *Joanne Siegel, et al. v. Time Warner Inc., et al.*, Case No. 04-CV-8766 ODW (RZx) (collectively "*Siegel* Litigation") and the use of such information plainly violates the parties' May 1, 2008 JAMS Confidentiality Agreement.  Moreover this disclosure is

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1    inconsistent with the policies of FRE 408 and California Evidence Code §§ 1119 *et*

2    *seq.*, 1152.

3        3.    Toberoff objects to the Request and each document request therein to

4    the extent that it seeks the production of any item, or portion thereof, comprising or

5    reflecting information transmitted and maintained in confidence between Toberoff

6    or any person or entity acting on his behalf and his counsel and/or one or more of

7    his clients for the purpose of obtaining legal advice or representation, on the

8    grounds that such information is protected from disclosure by the attorney-client

9    privilege and the joint-interest privilege. Such documents will not be produced in

10   response to the request, and any inadvertent production thereof shall not be deemed

11   a waiver of any privilege or doctrine with respect to such documents. With respect

12   to such documents, Toberoff hereby incorporates by reference the privilege logs

13   served by the Defendants in this action on December 15, 2010.

14       4.    Toberoff objects to the Request and each document request therein to

15   the extent that it seeks the production of any item, or portion thereof, comprising or

16   reflecting information with any confidential impression, conclusion, opinion, legal

17   research, or legal theory of counsel for Toberoff or any other person or entity, on

18   the grounds that such information is protected from disclosure by the attorney work

19   product doctrine. Such documents will not be produced in response to the request,

20   and any inadvertent production thereof shall not be deemed a waiver of any

21   privilege or doctrine with respect to such documents. With respect to such

22   documents, Toberoff hereby incorporates by reference the privilege logs served by

23   the Defendants in this action on December 15, 2010.

24       5.    Toberoff objects to the Request and each document request therein to

25   the extent that it seeks the production of any item, or portion thereof, which is not

26   reasonably calculated to lead to the discovery of relevant and admissible evidence,

27   on the grounds that it exceeds the permissible scope of discovery delimited by Rule

28   26(b)(1) of the Federal Rules of Civil Procedure.

- 36 -

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

6.      Toberoff objects to the Request and each document request therein to the extent that it seeks the production of any item, or portion thereof, comprising or reflecting any trade secret or other confidential or proprietary information of Toberoff or any other entity or person.

7.      Toberoff objects to the Request and each document request therein to the extent that it seeks the production of any item, or portion thereof, which is protected from disclosure by court order, or any privacy or similar rights of any person or entity.

8.      Toberoff objects to the Request and each document request therein to the extent that it is unduly burdensome, overly broad, impose extreme hardship, IS oppressive and harassing, or would result in the expenditure of unnecessary time and resources.

9.      Toberoff objects to the Request and each document request therein to the extent that the expense of producing documents outweighs the likely benefit of discovery provided to Plaintiff.

10.     Toberoff objects to the Request and each document request therein to the extent that it seeks the production of duplicative identical items, or documents or information already in Plaintiff's possession, or by reason of public filing, publication or otherwise are readily accessible to Plaintiff through other means.

11.     Toberoff objects to the Request and each document request therein to the extent that it seeks the production of any item which has been served, filed, or transmitted in the course of this action, on the grounds that such production would be burdensome, oppressive, and unnecessary.

12.     Toberoff objects to the Request and each document request therein to the extent that it seeks the production of any item which has already been produced, served, or filed in the course of the related actions *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-CV-8400 ODW (RZx) and *Joanne Siegel, et al. v. Time Warner Inc., et al.*, Case No. 04-CV-8766 ODW (RZx)

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1  (collectively "*Siegel* Litigation"), on the grounds that such production would be

2  duplicative, burdensome, oppressive, and unnecessary.

3      13.    In making any document production, Toberoff will reference by their

4  Bates numbers documents already produced to DC in the *Siegel* Litigation, rather

5  than re-copy and reproduce such documents.  Toberoff will not produce or

6  designate by Bates numbers documents Toberoff obtained solely as a result of a

7  document production by the other side in the *Siegel* Litigation.

8      14.    Consistent with the agreement governing privilege logs negotiated by

9  the parties concerning plaintiff and other defendants, Toberoff will not log

10 privileged communications or attorney work-product documents in either this case

11 or the *Siegel* Litigations, that (a) are internal communications by defendants'

12 counsel at the law firms of Toberoff & Associates, P.C. and Kendall Brill &

13 Klieger, L.L.P., or (b) between Toberoff & Associates P.C and defendants' counsel

14 at the law firm of Kendall, Brill & Klieger LLP.  Logging such documents would

15 constitute an extraordinary interference by DC in the affairs of its opposing counsel

16 in both this action and the ongoing *Siegel* litigation.

17     15.    Toberoff objects to the Request and each document request therein to

18 the extent that it seeks the production of any item or document that is not the

19 property of Toberoff.  Toberoff will not produce any items or documents that are

20 the property of any other person or entity.

21     16.    Toberoff objects to the Request and each document request therein and

22 to the definitions and instructions therein to the extent that they purport to alter or

23 extend Toberoff's obligations beyond those established by the Federal Rules of

24 Civil Procedure, the Local Rules of the United States District Court for the Central

25 District of California, or any order or ruling by the Court in this action.

26     17.    Toberoff objects generally to the definitions of the terms "<u>YOU</u>" and

27 "<u>YOUR</u>" as vague and ambiguous, overbroad and unduly burdensome, especially

28

- 38 -

1  with respect to the definition's reference to "attorneys".  Toberoff will construe

2  these terms to refer to Toberoff.

3      18.    Toberoff objects generally to the definitions of the terms

4  "DEFENDANT" and "DEFENDANTS" as vague and ambiguous, overbroad and

5  unduly burdensome, especially with respect to the definition's reference to

6  "attorneys".  Toberoff will construe these terms to refer only to the specific

7  defendants in this action.

8      19.    Toberoff objects generally to the definition of the term "SHUSTER

9  HEIRS" as vague and ambiguous, overbroad and unduly burdensome, especially

10  with respect to the definition's reference to "attorneys".  Solely for the purposes of

11  these responses, and for no other purpose, Toberoff will construe this term to refer

12  only to the Estate of Joseph Shuster, Jean Peavy, Mark Peary, Dawn Peavy and

13  Frank Shuster.

14      20.    Toberoff objects generally to the definition of the term "SIEGEL

15  HEIRS" as vague and ambiguous, overbroad and unduly burdensome, especially

16  with respect to the definition's reference to "attorneys". Solely for the purposes of

17  these responses, and for no other purpose, Toberoff will construe this term to refer

18  only to Joanne Siegel and Laura Siegel Larson.

19      21.    Toberoff reserves the right to revise, amend, supplement or clarify any

20  of the objections set forth herein.

21                  **DOCUMENTS TO BE PRODUCED**

22      **SPECIFIC RESPONSES TO INDIVIDUAL REQUESTS**

23  **Document Request No. 1**

24      All agreements between or among YOU and any DEFENDANT RELATING

25  to the SIEGEL HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

26  **Response to Document Request No. 1**

27      Toberoff objects to this request to the extent it seeks any privileged

28  documents concerning any collective bargaining of any settlement by the Shusters

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1  and Siegels and because Plaintiff's use of such information violates the parties'

2  May 1, 2008 JAMS Confidentiality Agreement.  Toberoff further objects to this

3  request on the grounds that the phrase "the SIEGEL HEIRS' purported rights in

4  SUPERMAN and/or SUPERBOY," is vague and ambiguous, and lacks sufficient

5  precision to allow him to formulate an appropriate response.  Toberoff further

6  objects to this request to the extent that it seeks communications or items protected

7  by the attorney-client privilege, the joint-interest privilege, the attorney work

8  product doctrine and any other privilege or immunity available under law or arising

9  from contractual obligation.  Subject to and without waiving the foregoing general

10  and specific objections, Toberoff will produce documents, if any, that are neither

11  privileged nor protected by the JAMS Confidentiality Agreement, consistent with

12  his understanding of this request.

13  **Document Request No. 2**

14      All agreements between or among YOU and any DEFENDANT RELATING

15  to the SHUSTER HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

16  **Response to Document Request No. 2**

17      Toberoff objects to this request to the extent it seeks any privileged

18  documents concerning any collective bargaining of any settlement by the Shusters

19  and Siegels and because Plaintiff's use of such information violates the parties'

20  May 1, 2008 JAMS Confidentiality Agreement.  Toberoff further objects to this

21  request on the grounds that the phrase "the SHUSTER HEIRS' purported rights in

22  SUPERMAN and/or SUPERBOY," is vague and ambiguous, and lacks sufficient

23  precision to allow him to formulate an appropriate response.  Toberoff further

24  objects to this request to the extent that it seeks communications or items protected

25  by the attorney-client privilege, the joint-interest privilege, the attorney work

26  product doctrine and any other privilege or immunity available under law or arising

27  from contractual obligation.  Subject to and without waiving the foregoing general

28  and specific objections, Toberoff will produce documents, if any, that are neither

- 40 -

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1    privileged nor protected by the JAMS Confidentiality Agreement, consistent with

2    his understanding of this request.

3    **Document Request No. 3**

4         All agreements between or among YOU and any DEFENDANT.

5    **Response to Document Request No. 3**

6         Toberoff objects to this request to the extent it seeks any privileged

7    documents concerning any collective bargaining of any settlement by the Shusters

8    and Siegels and because Plaintiff's use of such information violates the parties'

9    May 1, 2008 JAMS Confidentiality Agreement.  Toberoff additionally objects to

10   this request to the extent that it seeks communications or items protected by the

11   attorney-client privilege, the joint-interest privilege, the attorney work product

12   doctrine and any other privilege or immunity available under law or arising from

13   contractual obligation.  Subject to and without waiving the foregoing general and

14   specific objections, Toberoff will produce documents, if any, that are neither

15   privileged nor protected by the JAMS Confidentiality Agreement, consistent with

16   his understanding of this request.

17   **Document Request No. 4**

18        All agreements between or among YOU and any third party RELATING to

19   SUPERMAN and/or SUPERBOY.

20   **Response to Document Request No. 4**

21        Toberoff objects to this request to the extent it seeks any privileged

22   documents concerning any collective bargaining of any settlement by the Shusters

23   and Siegels and because Plaintiff's use of such information violates the parties'

24   May 1, 2008 JAMS Confidentiality Agreement.  Toberoff additionally objects to

25   this request to the extent that it seeks communications or items protected by the

26   attorney-client privilege, the joint-interest privilege, the attorney work product

27   doctrine and any other privilege or immunity available under law or arising from

28   contractual obligation.  Subject to and without waiving the foregoing general and

- 41 -

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1    specific objections, Toberoff will produce documents, if any, that are neither

2    privileged nor protected by the JAMS Confidentiality Agreement, consistent with

3    his understanding of this request.

4    **Document Request No. 5**

5         All DOCUMENTS RELATING to SUPERMAN and/or SUPERBOY.

6    **Response to Document Request No. 5**

7         Toberoff objects to this request to the extent it seeks any privileged

8    documents concerning any collective bargaining of any settlement by the Shusters

9    and Siegels and because Plaintiff's use of such information violates the parties'

10   May 1, 2008 JAMS Confidentiality Agreement.  Toberoff further objects to this

11   request on the grounds that it is compound, overbroad, burdensome and oppressive,

12   as it could be reasonably construed to request all documents related to this

13   litigation, the *Siegel v. Warner Bros. Ent. Inc.* and *Siegel v. Time Warner Inc.*

14   litigations, documents created and/or produced by Plaintiff and all documents

15   relating to the exploitation of Superman and/or Superboy over the past 80 years.

16   Toberoff further objects to this request on the grounds that the phrase

17   "RELATING," is vague and ambiguous, and lacks sufficient precision to allow him

18   to formulate an appropriate response.  Toberoff further objects to this request on the

19   grounds that it is indefinite as to time, not reasonably limited in scope, and to the

20   extent that it seeks the production of any item, or portion thereof, which is not

21   reasonably calculated to lead to the discovery of relevant and admissible evidence.

22   Toberoff additionally objects to this request to the extent that it seeks

23   communications or items protected by the attorney-client privilege, the joint-

24   interest privilege, the attorney work product doctrine and any other privilege or

25   immunity available under law or arising from contractual obligation.  Subject to and

26   without waiving the foregoing general and specific objections, Toberoff is willing

27   to meet and confer with Plaintiff regarding the tailoring of this request.

28

- 42 -

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1  **Document Request No. 9**

2      All DOCUMENTS RELATING to any of the DEFENDANTS OBTAINED

3  by YOU prior to YOUR initial contact with each of them.

4  **Response to Document Request No. 9**

5      Toberoff objects to this request on the grounds that it is compound,

6  duplicative, overbroad, burdensome and oppressive, as it could be reasonably

7  construed to request all documents relating to Superman, Jerome Siegel, Joseph

8  Shuster, the Siegels and the Shusters, including all prior litigations between Jerome

9  Siegel and Joseph Shuster and DC Comics or any predecessor thereof and all

10 documents relating the exploitation of Superman and/or Superboy over the past 80

11 years.  Toberoff further objects to this request on the grounds that the phrase

12 "RELATING to any of the DEFENDANTS," used in the context of this request, is

13 vague and ambiguous, and lacks sufficient precision to allow him to formulate an

14 appropriate response.  Toberoff further objects to this request on the grounds that it

15 is indefinite as to time and not reasonably limited in scope.  Toberoff further objects

16 to this request to the extent that it seeks communications or items protected by the

17 attorney-client privilege, the joint-interest privilege, the attorney work product

18 doctrine and any other privilege or immunity available under law or arising from

19 contractual obligation.  Subject to and without waiving the foregoing general and

20 specific objections, Toberoff is willing to meet and confer with Plaintiff regarding

21 the tailoring of this request.

22 **Document Request No. 10**

23      All DOCUMENTS RELATING to YOUR past, current, or potential

24 ownership interest in any rights in SUPERMAN and/or SUPERBOY.

25 **Response to Document Request No. 10**

26      Toberoff objects to this request to the extent it seeks any privileged

27 documents concerning any collective bargaining of any settlement by the Shusters

28 and Siegels and because Plaintiff's use of such information violates the parties'

- 43 -

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

**EXHIBIT B**

60

1   May 1, 2008 JAMS Confidentiality Agreement.  Toberoff objects to this request on

2   the grounds that the term "<u>RELATING to YOUR past, current, or potential</u>

3   <u>ownership interest</u>," is vague and ambiguous, and lacks sufficient precision to allow

4   him to formulate an appropriate response.  Toberoff further objects to this request

5   to the extent that it assumes that such a "past, current, or potential ownership

6   interest" of Toberoff in such rights existed, exists, or will exist.  Toberoff

7   additionally objects to this request to the extent that it seeks communications or

8   items protected by the attorney-client privilege, the joint-interest privilege, the

9   attorney work product doctrine and any other privilege or immunity available under

10  law or arising from contractual obligation.  Subject to and without waiving the

11  foregoing general and specific objections, Toberoff will produce documents, if any,

12  that are neither privileged nor protected by the JAMS Confidentiality Agreement,

13  consistent with his understanding of this request.

14  **Document Request No. 11**

15      All DOCUMENTS RELATING to YOUR ability to negotiate or enter into

16  agreements regarding SUPERMAN and/or SUPERBOY.

17  **Response to Document Request No. 11**

18      Toberoff objects to this request to the extent it seeks any privileged

19  documents concerning any collective bargaining of any settlement by the Shusters

20  and Siegels and because Plaintiff's use of such information violates the parties'

21  May 1, 2008 JAMS Confidentiality Agreement.  Toberoff objects to this request on

22  the grounds that the term "<u>RELATING to YOUR ability to negotiate or enter into</u>

23  <u>agreements</u>" is vague and ambiguous, and lacks sufficient precision to allow him to

24  formulate an appropriate response.  Toberoff additionally objects to this request to

25  the extent that it seeks communications or items protected by the attorney-client

26  privilege, the joint-interest privilege, the attorney work product doctrine and any

27  other privilege or immunity available under law or arising from contractual

28  obligation.  Subject to and without waiving the foregoing general and specific

- 44 -

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

EXHIBIT B
61

1    objections, Toberoff will produce non-privileged responsive documents, if any,

2    consistent with his understanding of this request.

3    **Document Request No. 12**

4        All DOCUMENTS RELATING to or affecting the disposition, division, or

5    ownership of any rights in SUPERMAN and/or SUPERBOY.

6    **Response to Document Request No. 12**

7        Toberoff objects to this request to the extent it seeks any privileged

8    documents concerning any collective bargaining of any settlement by the Shusters

9    and Siegels and because Plaintiff's use of such information violates the parties'

10   May 1, 2008 JAMS Confidentiality Agreement.  Toberoff objects to this request on

11   the grounds that it is compound, overbroad, burdensome and oppressive, as it could

12   be reasonably construed to request all documents related to this litigation, the *Siegel*

13   *v. Warner Bros. Ent. Inc.* and *Siegel v. Time Warner Inc.* litigations, documents

14   created and/or produced by Plaintiff, and all documents relating to the exploitation

15   of Superman and/or Superboy over the past 80 years.  Toberoff objects to this

16   request on the grounds that the phrase "RELATING to or affecting" is vague and

17   ambiguous, and lacks sufficient precision to allow him to formulate an appropriate

18   response.  Toberoff further objects to this request on the grounds that it is indefinite

19   as to time and not reasonably limited in scope.  Toberoff additionally objects to this

20   request to the extent that it seeks communications or items protected by the

21   attorney-client privilege, the joint-interest privilege, the attorney work product

22   doctrine and any other privilege or immunity available under law or arising from

23   contractual obligation.  Subject to and without waiving the foregoing general and

24   specific objections, Toberoff is willing to meet and confer with Plaintiff regarding

25   the tailoring of this request.

26   **Document Request No. 13**

27       All DOCUMENTS RELATING to or affecting the division of revenue,

28   proceeds, or other profits regarding SUPERMAN and/or SUPERBOY.

- 45 -

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1  **Response to Document Request No. 13**

2      Toberoff objects to this request to the extent it seeks any privileged

3  documents concerning any collective bargaining of any settlement by the Shusters

4  and Siegels and because Plaintiff's use of such information violates the parties'

5  May 1, 2008 JAMS Confidentiality Agreement.  Toberoff objects to this request on

6  the grounds that it is compound, overbroad, burdensome and oppressive, as it could

7  be reasonably construed to request all documents related to this litigation, the *Siegel*

8  *v. Warner Bros. Ent. Inc.* and *Siegel v. Time Warner Inc.* litigations, documents

9  created and/or produced by Plaintiff and all documents relating to the exploitation

10  of Superman and/or Superboy over the past 80 years.  Toberoff objects to this

11  request on the grounds that the phrase "RELATING to or affecting" is vague and

12  ambiguous, and lacks sufficient precision to allow him to formulate an appropriate

13  response.  Toberoff further objects to this request on the grounds that it is indefinite

14  as to time and not reasonably limited in scope.  Toberoff additionally objects to this

15  request to the extent that it seeks communications or items protected by the

16  attorney-client privilege, the joint-interest privilege, the attorney work product

17  doctrine and any other privilege or immunity available under law or arising from

18  contractual obligation.  Subject to and without waiving the foregoing general and

19  specific objections, Toberoff is willing to meet and confer with Plaintiff regarding

20  the tailoring of this request.

21  **Document Request No. 14**

22      All DOCUMENTS RELATING to or affecting the division of any settlement

23  proceeds regarding SUPERMAN and/or SUPERBOY.

24  **Response to Document Request No. 14**

25      Toberoff objects to this request to the extent it seeks any privileged

26  documents concerning any collective bargaining of any settlement by the Shusters

27  and Siegels and because Plaintiff's use of such information violates the parties'

28  May 1, 2008 JAMS Confidentiality Agreement.  Toberoff objects to this request on

- 46 -

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1  the grounds that it is compound, duplicative, overbroad, burdensome and

2  oppressive.  Toberoff objects to this request on the grounds that the phrase

3  "<u>RELATING to or affecting</u>" is vague and ambiguous, and lacks sufficient

4  precision to allow him to formulate an appropriate response.  Toberoff further

5  objects to this request on the grounds that it is indefinite as to time and not

6  reasonably limited in scope.  Toberoff additionally objects to this request to the

7  extent that it seeks communications or items protected by the attorney-client

8  privilege, the joint-interest privilege, the attorney work product doctrine and any

9  other privilege or immunity available under law or arising from contractual

10  obligation.  Subject to and without waiving the foregoing general and specific

11  objections, Toberoff is willing to meet and confer with Plaintiff regarding the

12  tailoring of this request.

13  **Document Request No. 15**

14       All DOCUMENTS RELATING to the potential sale, assignment, license, or

15  other disposition of any rights relating to SUPERMAN and/or SUPERBOY,

16  including but not limited to any solicitation, offer, option, or proposed agreement.

17  **Response to Document Request No. 15**

18       Toberoff objects to this request to the extent it seeks any privileged

19  documents concerning any collective bargaining of any settlement by the Shusters

20  and Siegels and because Plaintiff's use of such information violates the parties'

21  May 1, 2008 JAMS Confidentiality Agreement.  Toberoff further objects to this

22  request on the grounds that it is compound, overbroad, burdensome and oppressive,

23  as it could be reasonably construed to request all documents related to this

24  litigation, the *Siegel v. Warner Bros. Ent. Inc.* and *Siegel v. Time Warner Inc.*

25  litigations, documents created and/or produced by Plaintiff, documents relating to

26  Plaintiff's or its licensees' exploitation of Superman and/or Superboy and all

27  documents relating to the exploitation of Superman and/or Superboy over the past

28  80 years.  Toberoff objects to this request on the grounds that the term

- 47 -

1  "RELATING" is vague and ambiguous, and lacks sufficient precision to allow him

2  to formulate an appropriate response.  Toberoff further objects to this request on the

3  grounds that it is indefinite as to time and not reasonably limited in scope.  Toberoff

4  further objects to this request to the extent that it seeks the production of any item,

5  or portion thereof, which is not reasonably calculated to lead to the discovery of

6  relevant and admissible evidence.  Toberoff additionally objects to this request to

7  the extent that it seeks communications or items protected by the attorney-client

8  privilege, the joint-interest privilege, the attorney work product doctrine and any

9  other privilege or immunity available under law or arising from contractual

10  obligation.  Subject to and without waiving the foregoing general and specific

11  objections, Toberoff is willing to meet and confer with Plaintiff regarding the

12  tailoring of this request.

13  **Document Request No. 16**

14      All DOCUMENTS RELATING to any efforts YOU have made to sell, lease,

15  license, or otherwise exploit any rights in SUPERMAN and/or SUPERBOY.

16  **Response to Document Request No. 16**

17      Toberoff objects to this request to the extent it seeks any privileged

18  documents concerning any collective bargaining of any settlement by the Shusters

19  and Siegels and because Plaintiff's use of such information violates the parties'

20  May 1, 2008 JAMS Confidentiality Agreement.  Toberoff further objects to this

21  request on the grounds that it is compound, overbroad, burdensome and oppressive.

22  Toberoff objects to this request on the grounds that the term "RELATING to any

23  efforts" is vague and ambiguous, and lacks sufficient precision to allow him to

24  formulate an appropriate response.  Toberoff further objects to this request on the

25  grounds that it is indefinite as to time and not reasonably limited in scope.  Toberoff

26  further objects to this request to the extent that it seeks the production of any item,

27  or portion thereof, which is not reasonably calculated to lead to the discovery of

28  relevant and admissible evidence.  Toberoff additionally objects to this request to

- 48 -

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1   the extent that it seeks communications or items protected by the attorney-client

2   privilege, the joint-interest privilege, the attorney work product doctrine and any

3   other privilege or immunity available under law or arising from contractual

4   obligation.  Subject to and without waiving the foregoing general and specific

5   objections, Toberoff will produce documents, if any, that are neither privileged nor

6   protected by the JAMS Confidentiality Agreement, consistent with his

7   understanding of this request.

8   **Document Request No. 17**

9        All DOCUMENTS RELATING to any potential investors or other

10  PERSONS who have expressed interest in purchasing or otherwise investing in any

11  rights in SUPERMAN and/or SUPERBOY.

12  **Response to Document Request No. 17**

13       Toberoff objects to this request on the grounds that it is compound,

14  overbroad, burdensome and oppressive.  Toberoff objects to this request on the

15  grounds that the term "RELATING to any potential investors or other PERSONS

16  who have expressed interest in purchasing or otherwise investing in any rights" is

17  vague and ambiguous, and lacks sufficient precision to allow him to formulate an

18  appropriate response.  Toberoff further objects to this request on the grounds that it

19  is indefinite as to time and not reasonably limited in scope.  Toberoff further objects

20  to this request to the extent that it seeks the production of any item, or portion

21  thereof, which is not reasonably calculated to lead to the discovery of relevant and

22  admissible evidence.  Toberoff objects to this request to the extent it seeks any

23  privileged documents concerning any collective bargaining of any settlement by the

24  Shusters and Siegels and because Plaintiff's use of such information violates the

25  parties' May 1, 2008 JAMS Confidentiality Agreement.  Toberoff additionally

26  objects to this request to the extent that it seeks communications or items protected

27  by the attorney-client privilege, the joint-interest privilege, the attorney work

28  product doctrine and any other privilege or immunity available under law or arising

- 49 -

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

EXHIBIT B

1   from contractual obligation. Subject to and without waiving the foregoing general

2   and specific objections, Toberoff will produce documents, if any, that are neither

3   privileged nor protected by the JAMS Confidentiality Agreement, consistent with

4   his understanding of this request.

5   **Document Request No. 18**

6       All DOCUMENTS RELATING to the valuation of any past, current, or

7   potential ownership interest in SUPERMAN and/or SUPERBOY.

8   **Response to Document Request No. 18**

9       Toberoff objects to this request on the grounds that it is compound,

10  overbroad, burdensome and oppressive, as it could be reasonably construed to

11  request all documents related to this litigation, the *Siegel v. Warner Bros. Ent. Inc.*

12  and *Siegel v. Time Warner Inc.* litigations, documents created and/or produced by

13  Plaintiff, documents relating to Plaintiff's or its licensees' exploitation of Superman

14  and/or Superboy and all documents relating to the exploitation of Superman and/or

15  Superboy over the past 80 years.  Toberoff further objects to this request on the

16  grounds that the term "RELATING to the valuation of any past, current, or

17  potential ownership interest" is vague and ambiguous, and lacks sufficient precision

18  to allow him to formulate an appropriate response.  Toberoff further objects to this

19  request on the grounds that it is indefinite as to time and not reasonably limited in

20  scope.  Toberoff further objects to this request to the extent that it seeks the

21  production of any item, or portion thereof, which is not reasonably calculated to

22  lead to the discovery of relevant and admissible evidence.  Toberoff additionally

23  objects to this request to the extent that it seeks communications or items protected

24  by the attorney-client privilege, the joint-interest privilege, the attorney work

25  product doctrine and any other privilege or immunity available under law or arising

26  from contractual obligation.  Subject to and without waiving the foregoing general

27  and specific objections, Toberoff is willing to meet and confer with Plaintiff

28  regarding the tailoring of this request.

- 50 -

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

EXHIBIT B
67

1    **Document Request No. 19**

2         All DOCUMENTS RELATING to any internal or external investigation

3    YOU participated in regarding the TOBEROFF TIMELINE AUTHOR and/or the

4    TOBEROFF TIMELINE, including the findings of any such investigation.

5    **Response to Document Request No. 19**

6         Toberoff objects to this request on the grounds that it is compound,

7    overbroad, burdensome and oppressive.  Toberoff objects to the Request to the

8    extent that it seeks the production of documents which is not reasonably calculated

9    to lead to the discovery of relevant and admissible evidence, on the grounds that it

10   exceeds the permissible scope of discovery delimited by Rule 26(b)(1) of the

11   Federal Rules of Civil Procedure, as any "investigation" by Toberoff as to the

12   author of the TOBEROFF TIMELINE is not relevant to any of the claims for relief

13   in this action.  Toberoff further objects to this request on the grounds that the term

14   "RELATING" is vague and ambiguous, and lacks sufficient precision to allow him

15   to formulate an appropriate response.  Toberoff objects to this request to the extent

16   that it seeks communications or items protected by the attorney-client privilege, the

17   joint-interest privilege, the attorney work product doctrine and any other privilege

18   or immunity available under law or arising from contractual obligation.  Toberoff

19   further objects to this request to the extent it seeks the production of the "Timeline"

20   or of the documents stolen from the confidential legal files of Toberoff &

21   Associates, P.C.  The Court's orders releasing these documents in *Siegel v. Warner*

22   *Bros.*, Case No. 04-CV-8400 were in error and Toberoff objects to any further

23   production of these documents on that basis.  Toberoff further objects to this

24   request on the ground that the provision of any documents to the U.S. Attorney's

25   Office was done without waiver of any privilege or protection and with the express

26   understanding that any privileged material would remain privileged and

27   confidential. Subject to and without waiving the foregoing general and specific

28

- 51 -

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1  objections, Toberoff will produce non-privileged responsive documents, if any,

2  consistent with his understanding of this request.

3  **Document Request No. 21**

4      All DOCUMENTS RELATING to the ALLEGED GRAND JURY

5  INVESTIGATION.

6  **Response to Document Request No. 21**

7      Toberoff objects to this request on the grounds that it is compound,

8  overbroad, burdensome and oppressive.  Toberoff objects to this request on the

9  grounds that the term "<u>RELATING</u>" is vague and ambiguous, and lacks sufficient

10  precision to allow him to formulate an appropriate response.  Toberoff further

11  objects to this request to the extent that it seeks the production of any item, or

12  portion thereof, which is not reasonably calculated to lead to the discovery of

13  relevant and admissible evidence.  Toberoff objects to this request to the extent that

14  it seeks communications or items protected by the attorney-client privilege, the

15  joint-interest privilege, the attorney work product doctrine and any other privilege

16  or immunity available under law or arising from contractual obligation.  Toberoff

17  further objects to this request to the extent it seeks the production of the "Timeline"

18  or of the documents stolen from the confidential legal files of Toberoff &

19  Associates, P.C. The Court's orders releasing these documents in *Siegel v. Warner*

20  *Bros*, Case No. 04-CV-8400 were in error and Toberoff objects to any further

21  production of these documents on that basis.  Toberoff further objects to this

22  request on the ground that the provision of any documents to the U.S. Attorney's

23  Office was done without waiver of any privilege or protection and with the express

24  understanding that any privileged material would remain privileged and

25  confidential.

26  **Document Request No. 23**

27      All DOCUMENTS RELATING to any legal, administrative, or disciplinary

28  action YOU have participated in regarding the TOBEROFF TIMELINE AUTHOR

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1   or the TOBEROFF TIMELINE, including any COMMUNICATIONS YOU have

2   had with law enforcement or the state bar association.

3   **Response to Document Request No. 23**

4          Toberoff objects to this request on the grounds that the term "<u>RELATING</u>" is

5   vague and ambiguous, and lacks sufficient precision to allow him to formulate an

6   appropriate response.  Toberoff further objects to this request to the extent that it

7   seeks the production of any item, or portion thereof, which is not reasonably

8   calculated to lead to the discovery of relevant and admissible evidence.  Toberoff

9   further objects to this request to the extent that it seeks communications or items

10  protected by the attorney-client privilege, the joint-interest privilege, the attorney

11  work product doctrine and any other privilege or immunity available under law or

12  arising from contractual obligation.  Toberoff further objects to this request to the

13  extent it seeks the production of the "Timeline" or of the documents stolen from the

14  confidential legal files of Toberoff & Associates, P.C. The Court's orders releasing

15  these documents in *Siegel v. Warner Bros*, Case No. 04-CV-8400 were in error and

16  Toberoff objects to any further production of these documents on that basis.

17  Toberoff further objects to this request on the ground that the provision of any

18  documents to the U.S. Attorney's Office was done without waiver of any privilege

19  or protection and with the express understanding that any privileged material would

20  remain privileged and confidential.

21  **Document Request No. 24**

22          All DOCUMENTS RELATING to any COMMUNICATIONS YOU have

23  had with the SIEGEL HEIRS RELATED to the TOBEROFF TIMELINE

24  AUTHOR or the TOBEROFF TIMELINE.

25  **Response to Document Request No. 24**

26          Toberoff objects to this request on the grounds that it is compound,

27  overbroad, burdensome and oppressive.  Toberoff further objects to this request on

28  the grounds that the terms "<u>RELATING</u>" and "<u>RELATED</u>" are vague and

- 53 -

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

EXHIBIT B
70

1  ambiguous, and lack sufficient precision to allow him to formulate an appropriate

2  response.  Toberoff further objects to this request to the extent that it seeks the

3  production of any item, or portion thereof, which is not reasonably calculated to

4  lead to the discovery of relevant and admissible evidence.  Toberoff further objects

5  to this request in that it expressly seeks communications or items protected by the

6  attorney-client privilege and the attorney work product doctrine.

7  **Document Request No. 25**

8      All DOCUMENTS RELATING to any COMMUNICATIONS YOU have

9  had with the SHUSTER HEIRS RELATED to the TOBEROFF TIMELINE

10 AUTHOR or the TOBEROFF TIMELINE.

11 **Response to Document Request No. 25**

12     Toberoff objects to this request on the grounds that it is compound,

13 overbroad, burdensome and oppressive.  Toberoff further objects to this request on

14 the grounds that the terms "RELATING" and "RELATED" are vague and

15 ambiguous, and lack sufficient precision to allow him to formulate an appropriate

16 response.  Toberoff further objects to this request to the extent that it seeks the

17 production of any item, or portion thereof, which is not reasonably calculated to

18 lead to the discovery of relevant and admissible evidence.  Toberoff further objects

19 to this request in that it expressly seeks communications or items protected by the

20 attorney-client privilege and the attorney work product doctrine.

21 **Document Request No. 26**

22     All DOCUMENTS RELATING to any COMMUNICATIONS YOU have

23 had with third parties RELATED to the TOBEROFF TIMELINE AUTHOR or the

24 TOBEROFF TIMELINE.

25 **Response to Document Request No. 26**

26     Toberoff objects to this request on the grounds that it is compound,

27 overbroad, burdensome and oppressive.  Toberoff further objects to this request on

28 the grounds that the terms "RELATING" and "RELATED" are vague and

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

EXHIBIT B

1  ambiguous, and lacks sufficient precision to allow him to formulate an appropriate

2  response.  Toberoff further objects to this request to the extent that it seeks the

3  production of any item, or portion thereof, which is not reasonably calculated to

4  lead to the discovery of relevant and admissible evidence.  Toberoff additionally

5  objects to this request to the extent that it seeks communications or items protected

6  by the attorney-client privilege, the joint-interest privilege, the attorney work

7  product doctrine and any other privilege or immunity available under law or arising

8  from contractual obligation.  Toberoff further objects to this request to the extent it

9  seeks the production of the "Timeline" or of the documents stolen from the

10  confidential legal files of Toberoff & Associates, P.C. The Court's orders releasing

11  these documents in *Siegel v. Warner Bros*, Case No. 04-CV-8400 were in error and

12  Toberoff objects to any further production of these documents on that basis.

13  Toberoff further objects to this request on the ground that the provision of any

14  documents to the U.S. Attorney's Office was done without waiver of any privilege

15  or protection and with the express understanding that any privileged material would

16  remain privileged and confidential.  Subject to and without waiving the foregoing

17  general and specific objections, Toberoff will produce responsive documents, if

18  any, consistent with his understanding of this request.

19  **Document Request No. 27**

20      All DOCUMENTS RELATING to YOUR introduction to and involvement

21  with the SIEGEL HEIRS.

22  **Response to Document Request No. 27**

23      Toberoff further objects to this request on the grounds that it is compound,

24  duplicative, overbroad, burdensome and oppressive, as it could reasonably be

25  construed to request all documents related to this litigation, the *Siegel v. Warner*

26  *Bros. Ent. Inc.* and *Siegel v. Time Warner Inc.* litigations, documents created by

27  Plaintiff and all documents relating to the exploitation of Superman and/or

28  Superboy over the past 80 years.  Toberoff objects to this request on the grounds

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1  that the terms "<u>RELATING</u>" and "<u>involvement with</u>" are vague and ambiguous,

2  and lack sufficient precision to allow him to formulate an appropriate response.

3  Toberoff further objects to this request on the grounds that it is indefinite as to time

4  and not reasonably limited in scope.  Toberoff objects to this request to the extent it

5  seeks any privileged documents concerning any collective bargaining of any

6  settlement by the Shusters and Siegels and because Plaintiff's use of such

7  information violates the parties' May 1, 2008 JAMS Confidentiality Agreement.

8  Toberoff additionally objects to this request to the extent that it seeks

9  communications or items protected by the attorney-client privilege, the joint-

10  interest privilege, the attorney work product doctrine and any other privilege or

11  immunity available under law or arising from contractual obligation.  Subject to and

12  without waiving the foregoing general and specific objections, Toberoff is willing

13  to meet and confer with Plaintiff regarding the tailoring of this request.

14  **Document Request No. 28**

15      All DOCUMENTS RELATING to YOUR introduction to and involvement

16  with the SHUSTER HEIRS.

17  **Response to Document Request No. 28**

18      Toberoff further objects to this request on the grounds that it is compound,

19  duplicative, overbroad, burdensome and oppressive, as it could reasonably be

20  construed to request all documents related to this litigation, the *Siegel v. Warner*

21  *Bros. Ent. Inc.* and *Siegel v. Time Warner Inc.* litigations, documents created by

22  Plaintiff and all documents relating to the exploitation of Superman over the past 80

23  years.  Toberoff objects to this request on the grounds that the terms "<u>RELATING</u>"

24  and "<u>involvement with</u>" are vague and ambiguous, and lack sufficient precision to

25  allow him to formulate an appropriate response.  Toberoff further objects to this

26  request on the grounds that it is indefinite as to time and not reasonably limited in

27  scope.  Toberoff objects to this request to the extent it seeks any privileged

28  documents concerning any collective bargaining of any settlement by the Shusters

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1    and Siegels and because Plaintiff's use of such information violates the parties'

2    May 1, 2008 JAMS Confidentiality Agreement.  Toberoff additionally objects to

3    this request to the extent that it seeks communications or items protected by the

4    attorney-client privilege, the joint-interest privilege, the attorney work product

5    doctrine and any other privilege or immunity available under law or arising from

6    contractual obligation.  Subject to and without waiving the foregoing general and

7    specific objections, Toberoff is willing to meet and confer with Plaintiff regarding

8    the tailoring of this request.

9    **Document Request No. 29**

10       All DOCUMENTS RELATING to the transfer of any property or interest

11   between or among YOU and any DEFENDANT.

12   **Response to Document Request No. 29**

13       Toberoff further objects to this request on the grounds that it is compound,

14   duplicative, overbroad, burdensome and oppressive, as it could reasonably be

15   construed to request all documents related to this litigation, the *Siegel v. Warner*

16   *Bros. Ent. Inc.* and *Siegel v. Time Warner Inc.* litigations, documents created by

17   Plaintiff, all documents relating to the exploitation of Superman and/or Superboy

18   over the past 80 years and documents relating to wholly irrelevant business between

19   Toberoff and Defendants owned or controlled by Toberoff (e.g., IPW, LLC).

20   Toberoff objects to this request on the grounds that the terms "RELATING" and

21   "involvement" are vague and ambiguous, and lack sufficient precision to allow him

22   to formulate an appropriate response.  Toberoff further objects to this request on the

23   grounds that it is indefinite as to time and not reasonably limited in scope.  Toberoff

24   additionally objects to this request to the extent that it seeks communications or

25   items protected by the attorney-client privilege, the joint-interest privilege, the

26   attorney work product doctrine and any other privilege or immunity available under

27   law or arising from contractual obligation.  Subject to and without waiving the

28

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

EXHIBIT B
74

1  foregoing general and specific objections, Toberoff is willing to meet and confer

2  with Plaintiff regarding the tailoring of this request.

3  **Document Request No. 30**

4      All COMMUNICATIONS RELATING to any disclosure of a potential or

5  actual conflict of interest by or to YOU or any DEFENDANT.

6  **Response to Document Request No. 30**

7      Toberoff objects to this request in that it seeks the production of items not

8  reasonably calculated to lead to the discovery of relevant and admissible evidence.

9  Toberoff further further objects to this request on the grounds that it is compound,

10  duplicative, overbroad, burdensome and oppressive.  Toberoff further objects to this

11  request on the grounds that the terms "<u>RELATING</u>" and "<u>disclosure of a potential</u>

12  <u>or actual conflict of interest by or to YOU or any DEFENDANT</u>" are vague and

13  ambiguous, and lacks sufficient precision to allow him to formulate an appropriate

14  response.  Toberoff further objects to this request on the grounds that it is indefinite

15  as to time and not reasonably limited in scope.  Toberoff further objects to this

16  request as it seeks any privileged documents concerning any collective bargaining

17  of any settlement by the Shusters and Siegels and because Plaintiff's use of such

18  information violates the parties' May 1, 2008 JAMS Confidentiality Agreement.

19  Toberoff additionally objects to this request as it seeks communications or items

20  protected by the attorney-client privilege, the joint-interest privilege, the attorney

21  work product doctrine and to the extent it seeks the production of items protected

22  by any other privilege or immunity available under law or arising from contractual

23  obligation.

24  **Document Request No. 31**

25      All COMMUNICATIONS RELATING to any waiver or acknowledgement

26  of a potential or actual conflict of interest by or to YOU or any DEFENDANT.

27

28

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1  **Response to Document Request No. 31**

2      Toberoff objects to this request in that it seeks the production of items not

3  reasonably calculated to lead to the discovery of relevant and admissible evidence.

4  Toberoff further further objects to this request on the grounds that it is compound,

5  duplicative, overbroad, burdensome and oppressive.  Toberoff further objects to this

6  request on the grounds that the terms "RELATING" and "disclosure of a potential

7  or actual conflict of interest by or to YOU or any DEFENDANT" are vague and

8  ambiguous, and lacks sufficient precision to allow him to formulate an appropriate

9  response.  Toberoff further objects to this request on the grounds that it is indefinite

10  as to time and not reasonably limited in scope.  Toberoff further objects to this

11  request as it seeks any privileged documents concerning any collective bargaining

12  of any settlement by the Shusters and Siegels and because Plaintiff's use of such

13  information violates the parties' May 1, 2008 JAMS Confidentiality Agreement.

14  Toberoff additionally objects to this request as it seeks communications or items

15  protected by the attorney-client privilege, the joint-interest privilege, the attorney

16  work product doctrine and to the extent it seeks the production of items protected

17  by any other privilege or immunity available under law or arising from contractual

18  obligation.

19  **Document Request No. 32**

20      All DOCUMENTS RELATING to any past, current, or planned partnership

21  or strategic alliance between YOU and any individual or entity RELATING to any

22  DEFENDANT.

23  **Response to Document Request No. 32**

24      Toberoff objects to this request on the grounds that it is compound,

25  overbroad, burdensome and oppressive, as it could be reasonably construed to

26  request all documents related to this litigation, the *Siegel v. Warner Bros. Ent. Inc.*

27  and *Siegel v. Time Warner Inc.* litigations, documents created and/or produced by

28  Plaintiff, all documents relating to the exploitation of Superman and/or Superboy

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1  over the past 80 years and documents relating to wholly irrelevant business between

2  Toberoff and Defendants owned or controlled by Toberoff (e.g., IPW, LLC).

3  Toberoff objects to this request on the grounds that the phrase "<u>RELATING to any</u>

4  <u>past, current, or planned partnership or strategic alliance between YOU and any</u>

5  <u>individual or entity</u>" is vague and ambiguous, and lacks sufficient precision to

6  allow him to formulate an appropriate response.  Toberoff further objects to this

7  request on the grounds that it is indefinite as to time and not reasonably limited in

8  scope.  Toberoff objects to this request to the extent it seeks any privileged

9  documents concerning any collective bargaining of any settlement by the Shusters

10  and Siegels and because Plaintiff's use of such information violates the parties'

11  May 1, 2008 JAMS Confidentiality Agreement.  Toberoff additionally objects to

12  this request to the extent that it seeks communications or items protected by the

13  attorney-client privilege, the joint-interest privilege, the attorney work product

14  doctrine and any other privilege or immunity available under law or arising from

15  contractual obligation.  Subject to and without waiving the foregoing general and

16  specific objections, Toberoff is willing to meet and confer with Plaintiff regarding

17  the tailoring of this request.

18  **Document Request No. 33**

19      All DOCUMENTS RELATING to any past, current, or planned partnership

20  or strategic alliance between YOU and any individual or entity RELATING to any

21  intellectual property rights.

22  **Response to Document Request No. 33**

23      Toberoff objects to this request on the grounds that it is compound,

24  overbroad, burdensome and oppressive and seeks documents relating to wholly

25  irrelevant business between Toberoff and Defendants owned or controlled by

26  Toberoff (e.g., IPW, LLC).  Toberoff further objects to this request on the grounds

27  that the term "<u>RELATING</u>" is vague and ambiguous, and lacks sufficient precision

28  to allow him to formulate an appropriate response.  Toberoff further objects to this

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

EXHIBIT B
77

1  request on the grounds that it is indefinite as to time and not reasonably limited in

2  scope.  Toberoff further objects to this request on the basis that it seeks the

3  production of items not reasonably calculated to lead to the discovery of relevant

4  and admissible evidence.  Toberoff additionally objects to this request to the extent

5  that it seeks communications or items protected by the attorney-client privilege, the

6  joint-interest privilege, the attorney work product doctrine and any other privilege

7  or immunity available under law or arising from contractual obligation.

8  **Document Request No. 34**

9      All DOCUMENTS RELATING to the letter agreement dated November 23,

10  2001 that YOU signed with the SHUSTER HEIRS.

11  **Response to Document Request No. 34**

12      Toberoff further objects to this request on the grounds that it is compound,

13  duplicative, overbroad, burdensome and oppressive.  Toberoff objects to this

14  request on the grounds that the phrase "RELATING" is vague and ambiguous, and

15  lacks sufficient precision to allow him to formulate an appropriate response.

16  Toberoff further objects to this request on the grounds that it is indefinite as to time

17  and not reasonably limited in scope.  Toberoff further objects to this request to the

18  extent that it seeks the production of any item, or portion thereof, which is not

19  reasonably calculated to lead to the discovery of relevant and admissible evidence.

20  Toberoff additionally objects to this request to the extent that it seeks

21  communications or items protected by the attorney-client privilege, the joint interest

22  privilege, the attorney work product doctrine and any other privilege or immunity

23  available under law or arising from contractual obligation.  Subject to and without

24  waiving the foregoing general and specific objections, Toberoff will produce non-

25  privileged responsive documents, if any, consistent with his understanding of this

26  request.

27  **Document Request No. 35**

28      All DOCUMENTS RELATING to Ari Emanuel.

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

EXHIBIT B
78

1    **<u>Response to Document Request No. 35</u>**

2         Toberoff objects to this request on the grounds that it is compound,

3    overbroad, burdensome and oppressive.  Toberoff objects to this request on the

4    grounds that the term "<u>RELATING</u>" is vague and ambiguous, and lacks sufficient

5    precision to allow him to formulate an appropriate response.  Toberoff further

6    objects to this request on the grounds that it is indefinite as to time and not

7    reasonably limited in scope.  Toberoff further objects to this request to the extent

8    that it seeks the production of any item, or portion thereof, which is not reasonably

9    calculated to lead to the discovery of relevant and admissible evidence.  Toberoff

10   additionally objects to this request to the extent that it seeks communications or

11   items protected by the attorney-client privilege, the joint interest privilege, the

12   attorney work product doctrine and any other privilege or immunity available under

13   law or arising from contractual obligation.  Subject to and without waiving the

14   foregoing general and specific objections, Toberoff is willing to meet and confer

15   with Plaintiff regarding the tailoring of this request.

16   **<u>Document Request No. 36</u>**

17        All DOCUMENTS RELATING to any COMMUNICATIONS with Ari

18   Emanuel.

19   **<u>Response to Document Request No. 36</u>**

20        Toberoff objects to this request on the grounds that it is compound,

21   overbroad, burdensome and oppressive.  Toberoff objects to this request on the

22   grounds that the term "<u>RELATING</u>" is vague and ambiguous, and lacks sufficient

23   precision to allow him to formulate an appropriate response.  Toberoff further

24   objects to this request on the grounds that it is indefinite as to time and not

25   reasonably limited in scope.  Toberoff further objects to this request to the extent

26   that it seeks the production of any item, or portion thereof, which is not reasonably

27   calculated to lead to the discovery of relevant and admissible evidence.  Toberoff

28   additionally objects to this request to the extent that it seeks communications or

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

EXHIBIT B
79

1  items protected by the attorney-client privilege, the joint interest privilege, the

2  attorney work product doctrine and any other privilege or immunity available under

3  law or arising from contractual obligation.  Subject to and without waiving the

4  foregoing general and specific objections, Toberoff is willing to meet and confer

5  with Plaintiff regarding the tailoring of this request.

6  **Document Request No. 37**

7      All DOCUMENTS RELATING to the Memorandum of Agreement dated

8  February 2, 2002 that YOU signed with Ari Emanuel.

9  **Response to Document Request No. 37**

10      Toberoff objects to this request on the grounds that it is compound,

11  duplicative, overbroad, burdensome and oppressive.  Toberoff objects to this

12  request on the grounds that it is compound, overbroad, burdensome and oppressive.

13  Toberoff further objects to this request on the grounds that the term "RELATING"

14  is vague and ambiguous, and lacks sufficient precision to allow him to formulate an

15  appropriate response.  Toberoff objects to this request to the extent that it seeks the

16  production of any item, or portion thereof, which is not reasonably calculated to

17  lead to the discovery of relevant and admissible evidence.  Toberoff additionally

18  objects to this request to the extent that it seeks communications or items protected

19  by the attorney-client privilege, the joint interest privilege, the attorney work

20  product doctrine and any other privilege or immunity available under law or arising

21  from contractual obligation.  Subject to and without waiving the foregoing general

22  and specific objections, Toberoff is willing to meet and confer with Plaintiff

23  regarding the tailoring of this request.

24  **Document Request No. 38**

25      All DOCUMENTS RELATING to any contributions by YOU to the IP

26  Worldwide joint venture dated February 2, 2002 between DEFENDANT Pacific

27  Pictures Corporation and Ari Emanuel.

28

- 63 -

1  **Response to Document Request No. 38**

2      Toberoff objects to this request on the grounds that it is compound,

3  duplicative, overbroad, burdensome and oppressive.  Toberoff further objects to this

4  request on the grounds that the phrase "<u>RELATING to any contributions</u>" is vague

5  and ambiguous, and lacks sufficient precision to allow him to formulate an

6  appropriate response.  Toberoff objects to this request to the extent that it seeks the

7  production of any item, or portion thereof, which is not reasonably calculated to

8  lead to the discovery of relevant and admissible evidence.  Toberoff additionally

9  objects to this request to the extent that it seeks communications or items protected

10  by the attorney-client privilege, the joint interest privilege, the attorney work

11  product doctrine and any other privilege or immunity available under law or arising

12  from contractual obligation.  Subject to and without waiving the foregoing general

13  and specific objections, Toberoff is willing to meet and confer with Plaintiff

14  regarding the tailoring of this request.

15  **Document Request No. 39**

16      All DOCUMENTS RELATING to YOUR identification of "JS Claims" in

17  Appendix 1 to the February 2, 2002 Memorandum of Agreement.

18  **Response to Document Request No. 39**

19      Toberoff objects to this request on the grounds that it is compound,

20  overbroad, burdensome and oppressive.  Toberoff further objects to this request on

21  the grounds that the terms "<u>RELATING</u>" and "<u>YOUR identification of JS Claims</u>"

22  is vague and ambiguous, and lacks sufficient precision to allow him to formulate an

23  appropriate response.  Toberoff objects to this request to the extent that it seeks the

24  production of any item, or portion thereof, which is not reasonably calculated to

25  lead to the discovery of relevant and admissible evidence.  Toberoff further objects

26  to this request to the extent that it seeks the production of any item, or portion

27  thereof, which is not reasonably calculated to lead to the discovery of relevant and

28  admissible evidence.  Toberoff additionally objects to this request to the extent that

- 64 -

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1 it seeks communications or items protected by the attorney-client privilege, the

2 joint interest privilege, the attorney work product doctrine and any other privilege

3 or immunity available under law or arising from contractual obligation. Subject to

4 and without waiving the foregoing general and specific objections, Toberoff will

5 produce non-privileged responsive documents, if any, consistent with his

6 understanding of this request.

7 **Document Request No. 40**

8        All DOCUMENTS RELATING to the letter agreement dated October 27,

9 2003 that YOU signed with the SHUSTER HEIRS.

10 **Response to Document Request No. 40**

11        Toberoff objects to this request on the grounds that it is compound,

12 duplicative, overbroad, burdensome and oppressive, as it could be reasonably

13 construed to request all documents related to Superman.  Toberoff objects to this

14 request on the grounds that the phrase "RELATING" is vague and ambiguous, and

15 lacks sufficient precision to allow him to formulate an appropriate response.

16 Toberoff further objects to this request on the grounds that it is indefinite as to time

17 and not reasonably limited in scope.  Toberoff further objects to this request to the

18 extent that it seeks the production of any item, or portion thereof, which is not

19 reasonably calculated to lead to the discovery of relevant and admissible evidence.

20 Toberoff additionally objects to this request to the extent that it seeks

21 communications or items protected by the attorney-client privilege, the joint interest

22 privilege, the attorney work product doctrine and any other privilege or immunity

23 available under law or arising from contractual obligation. Subject to and without

24 waiving the foregoing general and specific objections, Toberoff is willing to meet

25 and confer with Plaintiff regarding the tailoring of this request.

26 **Document Request No. 41**

27        ALL DOCUMENTS RELATING to the letter dated September 10, 2004 that

28 YOU signed with the SHUSTER HEIRS.

- 65 -

1     **Response to Document Request No. 41**

2          Toberoff objects to this request on the grounds that it is compound,

3     duplicative, overbroad, burdensome and oppressive, as it could be reasonably

4     construed to request all documents related to Superman.  Toberoff objects to this

5     request on the grounds that the phrase "<u>RELATING</u>" is vague and ambiguous, and

6     lacks sufficient precision to allow him to formulate an appropriate response.

7     Toberoff further objects to this request on the grounds that it is indefinite as to time

8     and not reasonably limited in scope.  Toberoff further objects to this request to the

9     extent that it seeks the production of any item, or portion thereof, which is not

10    reasonably calculated to lead to the discovery of relevant and admissible evidence.

11    Toberoff additionally objects to this request to the extent that it seeks

12    communications or items protected by the attorney-client privilege, the joint interest

13    privilege, the attorney work product doctrine and any other privilege or immunity

14    available under law or arising from contractual obligation.  Subject to and without

15    waiving the foregoing general and specific objections, Toberoff is willing to meet

16    and confer with Plaintiff regarding the tailoring of this request.

17    **Document Request No. 42**

18          All DOCUMENTS RELATING to any COMMUNICATION between YOU

19    and Kevin Marks.

20    **Response to Document Request No. 42**

21          Toberoff objects to this request on the grounds that it is compound,

22    duplicative, overbroad, burdensome and oppressive.  Toberoff objects to this

23    request on the grounds that the term "<u>RELATING</u>" is vague and ambiguous, and

24    lacks sufficient precision to allow him to formulate an appropriate response.

25    Toberoff further objects to this request on the grounds that it is indefinite as to time

26    and not reasonably limited in scope.  Toberoff further objects to this request to the

27    extent that it seeks the production of any item, or portion thereof, which is not

28    reasonably calculated to lead to the discovery of relevant and admissible evidence.

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

EXHIBIT B
83

1    Toberoff additionally objects to this request to the extent that it seeks

2    communications or items protected by the attorney-client privilege, the joint interest

3    privilege, the attorney work product doctrine and any other privilege or immunity

4    available under law or arising from contractual obligation.  Subject to and without

5    waiving the foregoing general and specific objections, Toberoff is willing to meet

6    and confer with Plaintiff regarding the tailoring of this request.

7    **Document Request No. 43**

8       All DOCUMENTS RELATING to any COMMUNICATION RELATING to

9    the "Declaration of Kevin S. Marks in Support of Toberoff defendants' Reply

10   Memorandum in Support of Motion to Strike Plaintiff's State Law Causes of

11   Action Pursuant to California's Anti-SLAPP Law (Cal. Code Civ. Proc. § 425.16)"

12   filed in the above-entitled action on October 4, 2010 (Docket No. 98-3), including

13   any and all drafts of that declaration and any and all DOCUMENTS reflecting the

14   contents of that declaration.

15   **Response to Document Request No. 43**

16      Toberoff objects to this request on the grounds that it is compound,

17   overbroad, burdensome and oppressive.  Toberoff objects to this request on the

18   grounds that the term "RELATING" is vague and ambiguous, and lacks sufficient

19   precision to allow him to formulate an appropriate response.  Toberoff further

20   objects to this request on the grounds that it is indefinite as to time and not

21   reasonably limited in scope.  Toberoff further objects to this request to the extent

22   that it seeks the production of any item, or portion thereof, which is not reasonably

23   calculated to lead to the discovery of relevant and admissible evidence.  Toberoff

24   additionally objects to this request to the extent that it seeks communications or

25   items protected by the attorney-client privilege, the joint interest privilege, the

26   attorney work product doctrine and any other privilege or immunity available under

27   law or arising from contractual obligation.  Subject to and without waiving the

28

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

EXHIBIT B

1  foregoing general and specific objections, Toberoff is willing to meet and confer

2  with Plaintiff regarding the tailoring of this request.

3  **Document Request No. 44**

4      All DOCUMENTS RELATING to the letter dated August 9, 2002 from

5  Kevin Marks to Joanne and/or Laura Siegel.

6  **Response to Document Request No. 44**

7      Toberoff objects to this request on the grounds that it is compound,

8  overbroad, burdensome and oppressive.  Toberoff objects to this request on the

9  grounds that the term "RELATING" is vague and ambiguous, and lacks sufficient

10  precision to allow him to formulate an appropriate response.  Toberoff further

11  objects to this request on the grounds that it is indefinite as to time and not

12  reasonably limited in scope.  Toberoff further objects to this request to the extent

13  that it seeks the production of any item, or portion thereof, which is not reasonably

14  calculated to lead to the discovery of relevant and admissible evidence.  Toberoff

15  additionally objects to this request to the extent that it seeks communications or

16  items protected by the attorney-client privilege, the joint interest privilege, the

17  attorney work product doctrine and any other privilege or immunity available under

18  law or arising from contractual obligation.  Subject to and without waiving the

19  foregoing general and specific objections, Toberoff is willing to meet and confer

20  with Plaintiff regarding the tailoring of this request.

21  **Document Request No. 45**

22      All DOCUMENTS RELATING to any COMMUNICATION between YOU

23  and Don Bulson RELATING to the rights in SUPERMAN and/or SUPERBOY.

24  **Response to Document Request No. 45**

25      Toberoff objects to this request on the grounds that it is compound,

26  duplicative, overbroad, burdensome and oppressive, as it could be reasonably

27  construed to request all documents relating to Superman and/or Superboy.

28  Toberoff objects to this request on the grounds that the terms "RELATING to any

- 68 -

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

EXHIBIT B
85

1  COMMUNICATIONS" and "RELATING to the rights" are vague and ambiguous,

2  and lack sufficient precision to allow him to formulate an appropriate response.

3  Toberoff further objects to this request on the grounds that it is indefinite as to time

4  and not reasonably limited in scope.  Toberoff further objects to this request to the

5  extent that it seeks the production of any item, or portion thereof, which is not

6  reasonably calculated to lead to the discovery of relevant and admissible evidence.

7  Toberoff additionally objects to this request to the extent that it seeks

8  communications or items protected by the attorney-client privilege, the joint interest

9  privilege, the attorney work product doctrine and any other privilege or immunity

10  available under law or arising from contractual obligation.

11  **Document Request No. 46**

12      All DOCUMENTS RELATING to any COMMUNICATION between YOU

13  and Michael Siegel RELATING to the rights in SUPERMAN and/or SUPERBOY.

14  **Response to Document Request No. 46**

15      Toberoff objects to this request on the grounds that it is compound,

16  duplicative, overbroad, burdensome and oppressive, as it could be reasonably

17  construed to request all documents relating to Superman and/or Superboy.

18  Toberoff objects to this request on the grounds that the term "RELATING" is vague

19  and ambiguous, and lacks sufficient precision to allow him to formulate an

20  appropriate response.  Toberoff further objects to this request on the grounds that it

21  is indefinite as to time and not reasonably limited in scope.  Toberoff further objects

22  to this request to the extent that it seeks the production of any item, or portion

23  thereof, which is not reasonably calculated to lead to the discovery of relevant and

24  admissible evidence.  Toberoff additionally objects to this request to the extent that

25  it seeks communications or items protected by the attorney-client privilege, the

26  joint interest privilege, the attorney work product doctrine and any other privilege

27  or immunity available under law or arising from contractual obligation.  Subject to

28

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1   and without waiving the foregoing general and specific objections, Toberoff is

2   willing to meet and confer with Plaintiff regarding the tailoring of this request.

3   **Document Request No. 48**

4       All DOCUMENTS RELATING to any COMMUNICATION between or

5   among Laura Siegel Larson and Michael Siegel.

6   **Response to Document Request No. 48**

7       Toberoff objects to this request on the grounds that it is compound,

8   duplicative, overbroad, burdensome and oppressive, as it could be reasonably

9   construed to request all documents relating to Superman and/or Superboy.

10  Toberoff objects to this request on the grounds that it is compound, overbroad,

11  burdensome and oppressive.  Toberoff objects to this request on the grounds that

12  the term "RELATING" is vague and ambiguous, and lacks sufficient precision to

13  allow him to formulate an appropriate response.  Toberoff further objects to this

14  request on the grounds that it is indefinite as to time, not reasonably limited in

15  scope, and to the extent that it seeks the production of any item, or portion thereof,

16  which is not reasonably calculated to lead to the discovery of relevant and

17  admissible evidence.  Toberoff further objects to this request to the extent that it

18  seeks communications or items protected by the attorney-client privilege, the joint

19  interest privilege, the attorney work product doctrine and any other privilege or

20  immunity available under law or arising from contractual obligation.  Subject to and

21  without waiving the foregoing general and specific objections, Toberoff is willing

22  to meet and confer with Plaintiff regarding the tailoring of this request.

23  **Document Request No. 52**

24      All DOCUMENTS RELATING to the letter agreement dated October 3,

25  2002 that YOU signed on behalf of DEFENDANT IP Worldwide, LLC, and any

26  revisions, modifications, or adjustments thereto.

27

28

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

**EXHIBIT B**

1    **Response to Document Request No. 52**

2            Toberoff objects to this request on the grounds that it is compound,

3    duplicative, overbroad, burdensome and oppressive.  Toberoff objects to this

4    request on the grounds that the term "<u>RELATING</u>" is vague and ambiguous, and

5    lacks sufficient precision to allow him to formulate an appropriate response.

6    Toberoff further objects to this request on the grounds that it is indefinite as to time,

7    not reasonably limited in scope, and to the extent that it seeks the production of any

8    item, or portion thereof, which is not reasonably calculated to lead to the discovery

9    of relevant and admissible evidence.  Toberoff further objects to this request to the

10   extent that it seeks communications or items protected by the attorney-client

11   privilege, the joint interest privilege, the attorney work product doctrine and any

12   other privilege or immunity available under law or arising from contractual

13   obligation.  Subject to and without waiving the foregoing general and specific

14   objections, Toberoff is willing to meet and confer with Plaintiff regarding the

15   tailoring of this request.

16   **Document Request No. 53**

17           All DOCUMENTS RELATING to the Notice of Termination of Transfer

18   Covering Extended Renewal Term:  Superboy served on behalf of the SIEGEL

19   HEIRS on or around November 8, 2002.

20   **Response to Document Request No. 53**

21           Toberoff further objects to this request on the grounds that it is compound,

22   duplicative, overbroad, burdensome and oppressive, as it could be reasonably

23   construed to request all documents related to this litigation, the *Siegel v. Warner*

24   *Bros. Ent. Inc.* and *Siegel v. Time Warner Inc.* litigations, documents created and/or

25   produced by Plaintiff and all documents relating to the exploitation of Superman

26   and/or Superboy over the past 80 years.  Toberoff further objects to this request on

27   the grounds that the phrase "<u>RELATING</u>," used in the context of this request, is

28   vague and ambiguous, and lacks sufficient precision to allow him to formulate an

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

EXHIBIT B
88

1    appropriate response.  Toberoff further objects to this request on the grounds that it

2    is indefinite as to time, not reasonably limited in scope, and to the extent that it

3    seeks the production of any item, or portion thereof, which is not reasonably

4    calculated to lead to the discovery of relevant and admissible evidence.  Toberoff

5    additionally objects to this request to the extent that it seeks communications or

6    items protected by the attorney-client privilege, the joint interest privilege, the

7    attorney work product doctrine and any other privilege or immunity available under

8    law or arising from contractual obligation. Subject to and without waiving the

9    foregoing general and specific objections, Toberoff is willing to meet and confer

10    with Plaintiff regarding the tailoring of this request.

11    **Document Request No. 54**

12        All DOCUMENTS RELATING to the Notice of Termination of Transfer

13    Covering Extended Copyright Renewal Term of "Superman" served on behalf of

14    the Estate of Joseph Shuster on November 10, 2003.

15    **Response to Document Request No. 54**

16        Toberoff further objects to this request on the grounds that it is compound,

17    duplicative, overbroad, burdensome and oppressive, as it could be reasonably

18    construed to request all documents related to this litigation, the *Siegel v. Warner*

19    *Bros. Ent. Inc.* and *Siegel v. Time Warner Inc.* litigations, documents created and/or

20    produced by Plaintiff and all documents relating to the exploitation of Superman

21    and/or Superboy over the past 80 years.  Toberoff further objects to this request on

22    the grounds that the phrase "RELATING," used in the context of this request, is

23    vague and ambiguous, and lacks sufficient precision to allow him to formulate an

24    appropriate response.  Toberoff further objects to this request on the grounds that it

25    is indefinite as to time, not reasonably limited in scope, and to the extent that it

26    seeks the production of any item, or portion thereof, which is not reasonably

27    calculated to lead to the discovery of relevant and admissible evidence.  Toberoff

28    additionally objects to this request to the extent that it seeks communications or

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

EXHIBIT B
89

1    items protected by the attorney-client privilege, the joint interest privilege, the

2    attorney work product doctrine and any other privilege or immunity available under

3    law or arising from contractual obligation.  Subject to and without waiving the

4    foregoing general and specific objections, Toberoff is willing to meet and confer

5    with Plaintiff regarding the tailoring of this request.

6    **Document Request No. 55**

7        All DOCUMENTS RELATING to any COMMUNICATIONS you have

8    initiated with holders of putative copyright termination rights in connection with

9    your encouraging them to exercise such copyright termination right, whether or not

10   such right was ever exercised.

11   **Response to Document Request No. 55**

12       Toberoff objects to this request on the grounds that it is compound,

13   overbroad, burdensome and oppressive.  Toberoff objects to this request on the

14   grounds that the phrase "<u>RELATING to any COMMUNICATIONS you have</u>

15   <u>initiated with holders of putative copyright termination rights in connection with</u>

16   <u>your encouraging them to exercise such copyright termination right</u>" is vague and

17   ambiguous, and lacks sufficient precision to allow him to formulate an appropriate

18   response.  Toberoff further objects to this request on the grounds that it is indefinite

19   as to time and not reasonably limited in scope, and to the extent that it seeks the

20   production of any item, or portion thereof.  Toberoff further objects to this request

21   on the grounds that it is not reasonably calculated to lead to the discovery of

22   relevant and admissible evidence.  Toberoff further objects to this request in that it

23   seeks communications or items protected by the attorney-client privilege, and the

24   attorney work product doctrine.

25   **Document Request No. 56**

26       All DOCUMENTS RELATING to your role and ownership interest in

27   Pacific Pictures Corporation, including, articles of organization, operating

28

- 73 -

1   agreements, minutes, capital tables or other DOCUMENTS evidencing capital

2   accounts or capital structure, filings, income statements, business plans, etc.

3   **Response to Document Request No. 56**

4        Toberoff objects to this request on the grounds that it is compound,

5   overbroad, burdensome and oppressive.  Toberoff objects to this request on the

6   grounds that the phrase "RELATING to your role and ownership interest" is vague

7   and ambiguous, and lacks sufficient precision to allow him to formulate an

8   appropriate response.  Toberoff further objects to this request on the grounds that it

9   is indefinite as to time and not reasonably limited in scope.  Toberoff further objects

10   to this request in that it seeks the production of items not reasonably calculated to

11   lead to the discovery of relevant and admissible evidence.  Toberoff objects to this

12   request to the extent that it seeks communications or items protected by the

13   attorney-client privilege, the joint interest privilege, the attorney work product

14   doctrine and any other privilege or immunity available under law or arising from

15   contractual obligation.  Subject to and without waiving the foregoing general and

16   specific objections, Toberoff is willing to meet and confer with Plaintiff regarding

17   the tailoring of this request.

18   **Document Request No. 57**

19        All DOCUMENTS RELATING to your role and ownership interest in IP

20   Worldwide LLC, including, articles of organization, operating agreements, minutes,

21   capital tables or other DOCUMENTS evidencing capital accounts or capital

22   structure, filings, income statements, business plans, etc.

23   **Response to Document Request No. 57**

24        Toberoff objects to this request on the grounds that it is compound,

25   overbroad, burdensome and oppressive.  Toberoff objects to this request on the

26   grounds that the phrase "RELATING to your role and ownership interest" is vague

27   and ambiguous, and lacks sufficient precision to allow him to formulate an

28   appropriate response.  Toberoff further objects to this request on the grounds that it

- 74 -

1   is indefinite as to time and not reasonably limited in scope.  Toberoff further objects

2   to this request in that it seeks the production of items not reasonably calculated to

3   lead to the discovery of relevant and admissible evidence.  Toberoff objects to this

4   request to the extent that it seeks communications or items protected by the

5   attorney-client privilege, the joint interest privilege, the attorney work product

6   doctrine and any other privilege or immunity available under law or arising from

7   contractual obligation.  Subject to and without waiving the foregoing general and

8   specific objections, Toberoff is willing to meet and confer with Plaintiff regarding

9   the tailoring of this request.

10  **Document Request No. 58**

11      All DOCUMENTS RELATING to your role and ownership interest in IPW,

12  LLC, including, articles of organization, operating agreements, minutes, capital

13  tables or other DOCUMENTS evidencing capital accounts or capital structure,

14  filings, income statements, business plans, etc.

15  **Response to Document Request No. 58**

16      Toberoff objects to this request on the grounds that it is compound,

17  overbroad, burdensome and oppressive.  Toberoff objects to this request on the

18  grounds that the phrase "RELATING to your role and ownership interest" is vague

19  and ambiguous, and lacks sufficient precision to allow him to formulate an

20  appropriate response.  Toberoff further objects to this request on the grounds that it

21  is indefinite as to time and not reasonably limited in scope.  Toberoff further objects

22  to this request in that it seeks the production of items not reasonably calculated to

23  lead to the discovery of relevant and admissible evidence.  Toberoff objects to this

24  request to the extent that it seeks communications or items protected by the

25  attorney-client privilege, the joint interest privilege, the attorney work product

26  doctrine and any other privilege or immunity available under law or arising from

27  contractual obligation.  Subject to and without waiving the foregoing general and

28

- 75 -

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1    specific objections, Toberoff is willing to meet and confer with Plaintiff regarding

2    the tailoring of this request.

3    **Document Request No. 59**

4        All DOCUMENTS RELATING to any claim of insurance you have asserted

5    regarding this action.

6    **Response to Document Request No. 59**

7        Toberoff objects to this request on the grounds that it is compound,

8    overbroad, burdensome and oppressive.  Toberoff objects to this request on the

9    grounds that the term "<u>RELATING</u>" is vague and ambiguous, and lacks sufficient

10    precision to allow him to formulate an appropriate response.  Toberoff further

11    objects to this request on the grounds that it is indefinite as to time and not

12    reasonably limited in scope.  Toberoff further objects to this request to the extent

13    that it seeks the production of any item, or portion thereof, which is not reasonably

14    calculated to lead to the discovery of relevant and admissible evidence.  Toberoff

15    objects to this request to the extent that it seeks communications or items protected

16    by the attorney-client privilege, the joint interest privilege, the attorney work

17    product doctrine and any other privilege or immunity available under law or arising

18    from contractual obligation.  Subject to and without waiving the foregoing general

19    and specific objections, Toberoff will produce non-privileged responsive

20    documents, if any, consistent with his understanding of this request.

21    **Document Request No. 60**

22        All DOCUMENTS RELATING to YOUR DOCUMENT maintenance and

23    retention policies.

24    **Response to Document Request No. 60**

25        Toberoff objects to this request on the grounds that it is compound,

26    overbroad, burdensome and oppressive.  Toberoff objects to this request on the

27    grounds that the term "<u>RELATING</u>" is vague and ambiguous, and lacks sufficient

28    precision to allow him to formulate an appropriate response.  Toberoff further

- 76 -

1  objects to this request on the grounds that it is indefinite as to time and not

2  reasonably limited in scope.  Toberoff further objects to this request to the extent

3  that it seeks the production of any item, or portion thereof, which is not reasonably

4  calculated to lead to the discovery of relevant and admissible evidence.  Toberoff

5  objects to this request to the extent that it seeks communications or items protected

6  by the attorney-client privilege, the joint interest privilege, the attorney work

7  product doctrine and any other privilege or immunity available under law or arising

8  from contractual obligation.  Subject to and without waiving the foregoing general

9  and specific objections, Toberoff will produce non-privileged responsive

10  documents, if any, consistent with his understanding of this request.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 77 -

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

EXHIBIT B
94

**B.**    **Pacific Pictures Corporation – Document Request Nos. 1-36 and General and Specific Objections**

**OBJECTIONS TO THE ENTIRE REQUEST**

Pacific objects to the entire Request on each of the following grounds and incorporates by reference each of the following objections into its response to each individual category of documents within it:

1.    Pacific objects to each individual request within the Request to the extent it is relevant only to the Fourth through Sixth state law claims for relief in DC's First Amended Complaint ("FAC").  Defendants contend that their pending anti-SLAPP motion stays discovery regarding these state law claims, as well as the related Third Claim for Relief.  *See* Cal. Code Civ. Proc. § 425.16(g)*; Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 130 S. Ct. 1431, 1452 (2010) (Stevens, J., concurring); *Batzel v. Smith*, 333 F.3d 1018, 1024 (9th Cir. 2003); *Godin v. Schencks*, 2010 U.S. App. LEXIS 25980 (1st Cir. Dec. 22, 2010).

2.    To the extent the Request and each document request therein seeks documents concerning any agreement between the Shusters and Siegels to act collectively in negotiations with DC regarding the settlement of their termination claims ("Collective Bargaining"), Pacific objects on the following grounds:  Any documents that exist relating to Collective Bargaining contain and memorialize attorney-client privileged communications and attorney work product and reveal sensitive settlement strategy that would give DC an unfair advantage.  Moreover, any Collective Bargaining documents were prepared in connection with settlement mediation in the closely related cases *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-CV-8400 ODW (RZx) and *Joanne Siegel, et al. v. Time Warner Inc., et al.*, Case No. 04-CV-8766 ODW (RZx) (collectively "*Siegel* Litigation") and the use of such information plainly violates the parties' May 1, 2008 JAMS Confidentiality Agreement.  Moreover this disclosure is

- 78 -

1    inconsistent with the policies of FRE 408 and California Evidence Code §§ 1119

2    *et seq.*, 1152.

3        3.    Pacific objects to the Request and each document request

4    therein to the extent that it seeks the production of any item, or portion thereof,

5    comprising or reflecting information transmitted and maintained in confidence

6    between Pacific or any person or entity acting on its behalf and for the purpose of

7    obtaining legal advice or representation, on the grounds that such information is

8    protected from disclosure by the attorney-client privilege and the joint-interest

9    privilege.  Such documents will not be produced in response to the request, and any

10   inadvertent production thereof shall not be deemed a waiver of any privilege or

11   doctrine with respect to such documents.  With respect to such documents, Pacific

12   hereby incorporates by reference the privilege logs served by the Defendants in this

13   action on December 15, 2010.

14       4.    Pacific objects to the Request and each document request

15   therein to the extent that it seeks the production of any item, or portion thereof,

16   comprising or reflecting information with any confidential impression, conclusion,

17   opinion, legal research, or legal theory of counsel for Pacific or any other person or

18   entity, on the grounds that such information is protected from disclosure by the

19   attorney work product doctrine.  Such documents will not be produced in response

20   to the request, and any inadvertent production thereof shall not be deemed a waiver

21   of any privilege or doctrine with respect to such documents.  With respect to such

22   documents, Pacific hereby incorporates by reference the privilege logs served by

23   the Defendants in this action on December 15, 2010.

24       5.    Pacific objects to the Request and each document request

25   therein to the extent that it seeks the production of any item, or portion thereof,

26   which is not reasonably calculated to lead to the discovery of relevant and

27   admissible evidence, on the grounds that it exceeds the permissible scope of

28   discovery delimited by Rule 26(b)(1) of the Federal Rules of Civil Procedure.

- 79 -

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

EXHIBIT B

1    6.    Pacific objects to the Request and each document request

2  therein to the extent that it seeks the production of any item, or portion thereof,

3  comprising or reflecting any trade secret or other confidential or proprietary

4  information of Pacific or any other entity or person.

5    7.    Pacific objects to the Request and each document request therein to the

6  extent that it seeks the production of any item, or portion thereof, which is protected

7  from disclosure by court order, or any privacy or similar rights of any person or

8  entity.

9    8.    Pacific objects to the Request and each document request

10  therein to the extent that it is unduly burdensome, overly broad, impose extreme

11  hardship, is oppressive and harassing, or would result in the expenditure of

12  unnecessary time and resources.

13    9.    Pacific objects to the Request and each document request

14  therein to the extent that the expense of producing documents outweighs the likely

15  benefit of discovery provided to Plaintiff.

16    10.    Pacific objects to the Request and each document request

17  therein to the extent that it seeks the production of duplicative identical items, or

18  documents or information already in Plaintiff's possession, or by reason of public

19  filing, publication or otherwise are readily accessible to Plaintiff through other

20  means.

21    11.    Pacific objects to the Request and each document request

22  therein to the extent that it seeks the production of any item which has been served,

23  filed, or transmitted in the course of this action, on the grounds that such production

24  would be burdensome, oppressive, and unnecessary.

25    12.    Pacific objects to the Request and each document request

26  therein to the extent that it seeks the production of any item which has already been

27  produced, served, or filed in the course of the related actions *Joanne Siegel, et al. v.*

28  *Warner Bros. Entertainment Inc., et al.*, Case No. 04-CV-8400 ODW (RZx) and

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1   *Joanne Siegel, et al. v. Time Warner Inc., et al.*, Case No. 04-CV-8766 ODW (RZx)

2   (collectively "*Siegel* Litigation"), on the grounds that such production would be

3   duplicative, burdensome, oppressive, and unnecessary.

4       13.   In making any document production, Pacific will reference by

5   their Bates numbers documents already produced to DC in the *Siegel* Litigation,

6   rather than re-copy and reproduce such documents.  Pacific will not produce or

7   designate by Bates numbers documents Pacific obtained solely as a result of a

8   document production by the other side in the *Siegel* Litigation.

9       14.   Consistent with the agreement governing privilege logs negotiated by

10  the parties concerning plaintiff and other defendants, Pacific will not log privileged

11  communications or attorney work-product documents in either this case or the

12  *Siegel* Litigations, that (a) are internal communications by defendants' counsel at

13  the law firms of Toberoff & Associates, P.C. and Kendall Brill & Klieger, L.L.P.,

14  or (b) between Toberoff & Associates P.C and defendants' counsel at the law firm

15  of Kendall, Brill & Klieger LLP.  Logging such documents would constitute an

16  extraordinary interference by DC in the affairs of its opposing counsel in both this

17  action and the ongoing *Siegel* litigation.

18      15.   Pacific objects to the Request and each document request

19  therein to the extent that it seeks the production of any item or document that is not

20  the property of Pacific. Pacific will not produce any items or documents that are the

21  property of any other person or entity.

22      16.   Pacific objects to the Request and each document request

23  therein and to the definitions and instructions therein to the extent that they purport

24  to alter or extend Pacific's obligations beyond those established by the Federal

25  Rules of Civil Procedure, the Local Rules of the United States District Court for the

26  Central District of California, or any order or ruling by the Court in this action.

27      16.   Pacific objects generally to the definitions of the terms "<u>YOU</u>,"

28  "<u>YOUR</u>" and "<u>PACIFIC PICTURES</u>" as vague and ambiguous, overbroad and

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1    unduly burdensome, especially with respect to the definition's reference to

2    "attorneys".  Pacific will construe these terms to refer to Pacific.

3        17.    Pacific objects generally to the definitions of the terms "<u>DEFENDANT</u>"

4    and "<u>DEFENDANTS</u>" as vague and ambiguous, overbroad and unduly

5    burdensome, especially with respect to the definition's reference to "attorneys".

6    Pacific Pictures will construe these terms to refer only to the specific defendants in

7    this action.

8        18.    Pacific objects generally to the definition of the term "<u>SHUSTER</u>

9    <u>HEIRS</u>" as vague and ambiguous, overbroad and unduly burdensome, especially

10    with respect to the definition's reference to "attorneys".  Solely for the purposes of

11    these responses, and for no other purpose, Pacific will construe this term to refer

12    only to the Estate of Joseph Shuster, Jean Peavy, Mark Warren Peary, Dawn Peavy

13    and Frank Shuster.

14        19.    Pacific objects generally to the definition of the term "<u>SIEGEL</u>

15    <u>HEIRS</u>" as vague and ambiguous, overbroad and unduly burdensome, especially

16    with respect to the definition's reference to "attorneys".  Solely for the purposes of

17    these responses, and for no other purpose, Pacific will construe this term to refer

18    only to Joanne Siegel, Laura Siegel Larson, and Michael Siegel.

19        20.    Pacific reserves the right to revise, amend, supplement or clarify any

20    of the objections set forth herein.

21        **<u>DOCUMENTS TO BE PRODUCED</u>**

22        **<u>SPECIFIC RESPONSES TO INDIVIDUAL REQUESTS</u>**

23    **<u>Document Request No. 1</u>**

24        All agreements between or among YOU and any DEFENDANT RELATING

25    to the SIEGEL HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

26    **<u>Response to Document Request No. 1</u>**

27        Pacific objects to this request on the grounds that the phrase "the <u>SIEGEL</u>

28    <u>HEIRS' purported rights in SUPERMAN and/or SUPERBOY</u>," is vague and

- 82 -

1    ambiguous, and lacks sufficient precision to allow it to formulate an appropriate

2    response.  Pacific further objects to this request to the extent that it seeks

3    communications or items protected by the attorney-client privilege, the joint-

4    interest privilege, the attorney work product doctrine and any other privilege or

5    immunity available under law or arising from contractual obligation.  Subject to and

6    without waiving the foregoing general and specific objections, Pacific will produce

7    non-privileged responsive documents, if any, consistent with its understanding of

8    this request.

9    **Document Request No. 2**

10         All agreements between or among YOU and any DEFENDANT RELATING

11   to the SHUSTER HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

12   **Response to Document Request No. 2**

13         Pacific objects to this request on the grounds that the phrase "the SHUSTER

14   HEIRS' purported rights in SUPERMAN and/or SUPERBOY," is vague and

15   ambiguous, and lacks sufficient precision to allow it to formulate an appropriate

16   response.  Pacific further objects to this request to the extent that it seeks

17   communications or items protected by the attorney-client privilege, the joint-

18   interest privilege, the attorney work product doctrine and any other privilege or

19   immunity available under law or arising from contractual obligation.  Subject to and

20   without waiving the foregoing general and specific objections, Pacific will produce

21   non-privileged responsive documents, consistent with its understanding of this

22   request.

23   **Document Request No. 3**

24         All agreements between or among YOU and any third party RELATING to

25   the SIEGEL HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

26   **Response to Document Request No. 3**

27         Pacific objects to this request on the grounds that the phrase "RELATING,"

28   is vague and ambiguous, and lacks sufficient precision to allow it to formulate an

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

EXHIBIT B

1  appropriate response.  Pacific additionally objects to this request to the extent that it

2  seeks communications or items protected by the attorney-client privilege, the joint-

3  interest privilege, the attorney work product doctrine and any other privilege or

4  immunity available under law or arising from contractual obligation.  Subject to and

5  without waiving the foregoing general and specific objections, Pacific will produce

6  non-privileged responsive documents, if any, consistent with its understanding of

7  this request.

8  **Document Request No. 4**

9      All agreements between or among YOU and any third party RELATING to

10  the SHUSTER HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

11  **Response to Document Request No. 4**

12      Pacific objects to this request on the grounds that the phrase "<u>RELATING</u>,"

13  is vague and ambiguous, and lacks sufficient precision to allow it to formulate an

14  appropriate response.  Pacific additionally objects to this request to the extent that it

15  seeks communications or items protected by the attorney-client privilege, the joint-

16  interest privilege, the attorney work product doctrine and any other privilege or

17  immunity available under law or arising from contractual obligation.  Subject to and

18  without waiving the foregoing general and specific objections, Pacific will produce

19  non-privileged responsive documents, consistent with its understanding of this

20  request.

21  **Document Request No. 5**

22      All DOCUMENTS RELATING to SUPERMAN and/or SUPERBOY.

23  **Response to Document Request No. 5**

24      Pacific objects to this request on the grounds that it is compound, overbroad,

25  burdensome and oppressive.  Pacific further objects to this request on the grounds

26  that the phrase "<u>RELATING</u>," is vague and ambiguous, and lacks sufficient

27  precision to allow it to formulate an appropriate response.  Pacific further objects to

28  this request on the grounds that it is indefinite as to time, not reasonably limited in

- 84 -

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1   scope, and to the extent that it seeks the production of any item, or portion thereof,

2   which is not reasonably calculated to lead to the discovery of relevant and

3   admissible evidence.  Pacific additionally objects to this request to the extent that it

4   seeks communications or items protected by the attorney-client privilege, the joint-

5   interest privilege, the attorney work product doctrine and any other privilege or

6   immunity available under law or arising from contractual obligation.  Subject to and

7   without waiving the foregoing general and specific objections, Pacific is willing to

8   meet and confer with Plaintiff regarding the tailoring of this request.

9   **Document Request No. 6**

10      All DOCUMENTS RELATING to the SIEGEL HEIRS.

11  **Response to Document Request No. 6**

12      Pacific objects to this request on the grounds that it is compound, overbroad,

13  burdensome and oppressive.  Pacific further objects to this request on the grounds

14  that the phrase "RELATING," is vague and ambiguous, and lacks sufficient

15  precision to allow it to formulate an appropriate response.  Pacific further objects to

16  this request on the grounds that it is indefinite as to time, not reasonably limited in

17  scope, and to the extent that it seeks the production of any item, or portion thereof,

18  which is not reasonably calculated to lead to the discovery of relevant and

19  admissible evidence.  Pacific additionally objects to this request to the extent that it

20  seeks communications or items protected by the attorney-client privilege, the joint-

21  interest privilege, the attorney work product doctrine and any other privilege or

22  immunity available under law or arising from contractual obligation.  Subject to and

23  without waiving the foregoing general and specific objections, Pacific is willing to

24  meet and confer with Plaintiff regarding the tailoring of this request.

25  **Document Request No. 7**

26      All DOCUMENTS RELATING to the SHUSTER HEIRS.

27

28

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1    **Response to Document Request No. 7**

2        Pacific further objects to this request on the grounds that it is compound,

3    overbroad, burdensome and oppressive. Pacific further objects to this request on the

4    grounds that the phrase "RELATING," is vague and ambiguous, and lacks

5    sufficient precision to allow it to formulate an appropriate response.  Pacific further

6    objects to this request on the grounds that it is indefinite as to time, not reasonably

7    limited in scope, and to the extent that it seeks the production of any item, or

8    portion thereof, which is not reasonably calculated to lead to the discovery of

9    relevant and admissible evidence.  Pacific additionally objects to this request to the

10    extent that it seeks communications or items protected by the attorney-client

11    privilege, the joint-interest privilege, the attorney work product doctrine and any

12    other privilege or immunity available under law or arising from contractual

13    obligation.  Subject to and without waiving the foregoing general and specific

14    objections, Pacific is willing to meet and confer with Plaintiff regarding the

15    tailoring of this request.

16    **Document Request No. 8**

17        All DOCUMENTS RELATING to YOUR ability to negotiate or enter into

18    agreements regarding SUPERMAN and/or SUPERBOY.

19    **Response to Document Request No. 8**

20        Pacific objects to this request on the grounds that the term "RELATING to

21    YOUR ability to negotiate or enter into agreements" is vague and ambiguous, and

22    lacks sufficient precision to allow it to formulate an appropriate response.  Pacific

23    further objects to this request in that it assumes that IPWW has the ability to

24    negotiate or enter into agreements regarding SUPERMAN and/or SUPERBOY.

25    Pacific additionally objects to this request to the extent that it seeks

26    communications or items protected by the attorney-client privilege, the joint-

27    interest privilege, the attorney work product doctrine and any other privilege or

28    immunity available under law or arising from contractual obligation.  Subject to and

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

EXHIBIT B

1  without waiving the foregoing general and specific objections, Pacific will produce

2  non-privileged responsive documents, if any, consistent with its understanding of

3  this request.

4  **Document Request No. 9**

5  All DOCUMENTS RELATING to or affecting the disposition, division, or

6  ownership of any rights in SUPERMAN and/or SUPERBOY.

7  **Response to Document Request No. 9**

8  Pacific objects to this request on the grounds that it is compound, overbroad,

9  burdensome and oppressive.  Pacific further objects to this request on the grounds

10  that the phrase "RELATING to or affecting" is vague and ambiguous, and lacks

11  sufficient precision to allow it to formulate an appropriate response.  Pacific further

12  objects to this request on the grounds that it is indefinite as to time and not

13  reasonably limited in scope.  Pacific additionally objects to this request to the extent

14  that it seeks communications or items protected by the attorney-client privilege, the

15  joint-interest privilege, the attorney work product doctrine and any other privilege

16  or immunity available under law or arising from contractual obligation.  Subject to

17  and without waiving the foregoing general and specific objections, Pacific will

18  produce non-privileged responsive documents, if any, consistent with its

19  understanding of this request.

20  **Document Request No. 10**

21  All DOCUMENTS RELATING to or affecting the division of revenue,

22  proceeds, or other profits regarding SUPERMAN and/or SUPERBOY.

23  **Response to Document Request No. 10**

24  Pacific objects to this request on the grounds that it is compound, overbroad,

25  burdensome and oppressive.  Pacific further objects to this request on the grounds

26  that the phrase "RELATING to or affecting" is vague and ambiguous, and lacks

27  sufficient precision to allow it to formulate an appropriate response.  Pacific further

28  objects to this request on the grounds that it is indefinite as to time and not

- 87 -

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1    reasonably limited in scope.  Pacific additionally objects to this request to the extent

2    that it seeks communications or items protected by the attorney-client privilege, the

3    joint-interest privilege, the attorney work product doctrine and any other privilege

4    or immunity available under law or arising from contractual obligation.  Subject to

5    and without waiving the foregoing general and specific objections, Pacific will

6    produce non-privileged responsive documents, if any, consistent with its

7    understanding of this request.

8    **Document Request No. 11**

9         All DOCUMENTS RELATING to or affecting the division of any settlement

10   proceeds regarding SUPERMAN and/or SUPERBOY.

11   **Response to Document Request No. 11**

12        Pacific objects to this request on the grounds that it is compound, duplicative,

13   overbroad, burdensome and oppressive.  Pacific further objects to this request on

14   the grounds that the phrase "<u>RELATING to or affecting</u>" is vague and ambiguous,

15   and lacks sufficient precision to allow it to formulate an appropriate response.

16   Pacific further objects to this request on the grounds that it is indefinite as to time

17   and not reasonably limited in scope.  Pacific additionally objects to this request to

18   the extent that it seeks communications or items protected by the attorney-client

19   privilege, the joint-interest privilege, the attorney work product doctrine and any

20   other privilege or immunity available under law or arising from contractual

21   obligation.  Subject to and without waiving the foregoing general and specific

22   objections, Pacific will produce non-privileged responsive documents, if any,

23   consistent with its understanding of this request.

24   **Document Request No. 12**

25        All DOCUMENTS RELATING to the potential sale, assignment, license, or

26   other disposition of any rights relating to SUPERMAN and/or SUPERBOY,

27   including but not limited to any solicitation, offer, option, or proposed agreement.

28

- 88 -

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1    **<u>Response to Document Request No. 12</u>**

2          Pacific objects to this request on the grounds that it is compound, overbroad,

3    burdensome and oppressive.  Pacific further objects to this request on the grounds

4    that the term "<u>RELATING</u>" is vague and ambiguous, and lacks sufficient precision

5    to allow it to formulate an appropriate response.  Pacific further objects to this

6    request on the grounds that it is indefinite as to time and not reasonably limited in

7    scope.  Pacific further objects to this request to the extent that it seeks the

8    production of any item, or portion thereof, which is not reasonably calculated to

9    lead to the discovery of relevant and admissible evidence.  Pacific additionally

10    objects to this request to the extent that it seeks communications or items protected

11    by the attorney-client privilege, the joint-interest privilege, the attorney work

12    product doctrine and any other privilege or immunity available under law or arising

13    from contractual obligation.  Subject to and without waiving the foregoing general

14    and specific objections, Pacific will produce non-privileged responsive documents,

15    if any, consistent with its understanding of this request.

16    **<u>Document Request No. 13</u>**

17          All DOCUMENTS RELATING to any efforts YOU have made to sell, lease,

18    license, or otherwise exploit any rights in SUPERMAN and/or SUPERBOY.

19    **<u>Response to Document Request No. 13</u>**

20          Pacific objects to this request on the grounds that it is compound, overbroad,

21    burdensome and oppressive. Pacific further objects to this request on the grounds

22    that the term "<u>RELATING to any efforts</u>" is vague and ambiguous, and lacks

23    sufficient precision to allow it to formulate an appropriate response.  Pacific further

24    objects to this request on the grounds that it is indefinite as to time and not

25    reasonably limited in scope.  Pacific further objects to this request to the extent that

26    it seeks the production of any item, or portion thereof, which is not reasonably

27    calculated to lead to the discovery of relevant and admissible evidence.  Pacific

28    additionally objects to this request to the extent that it seeks communications or

- 89 -

1   items protected by the attorney-client privilege, the joint-interest privilege, the

2   attorney work product doctrine and any other privilege or immunity available under

3   law or arising from contractual obligation.  Subject to and without waiving the

4   foregoing general and specific objections, Pacific will produce non-privileged

5   responsive documents, if any, consistent with its understanding of this request.

6   **Document Request No. 14**

7        All DOCUMENTS RELATING to any potential investors or other

8   PERSONS who have expressed interest in purchasing or otherwise investing in any

9   rights in SUPERMAN and/or SUPERBOY.

10  **Response to Document Request No. 14**

11       Pacific objects to this request on the grounds that it is compound, overbroad,

12  burdensome and oppressive.  Pacific further objects to this request on the grounds

13  that the term "RELATING to any potential investors or other PERSONS who have

14  expressed interest in purchasing or otherwise investing in any rights" is vague and

15  ambiguous, and lacks sufficient precision to allow it to formulate an appropriate

16  response.  Pacific further objects to this request on the grounds that it is indefinite

17  as to time and not reasonably limited in scope.  Pacific further objects to this

18  request to the extent that it seeks the production of any item, or portion thereof,

19  which is not reasonably calculated to lead to the discovery of relevant and

20  admissible evidence.  Pacific additionally objects to this request to the extent that it

21  seeks communications or items protected by the attorney-client privilege, the joint-

22  interest privilege, the attorney work product doctrine and any other privilege or

23  immunity available under law or arising from contractual obligation.  Subject to and

24  without waiving the foregoing general and specific objections, Pacific will produce

25  non-privileged responsive documents, if any, consistent with its understanding of

26  this request.

27

28

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

EXHIBIT B
107

1    **<u>Document Request No. 15</u>**

2           All DOCUMENTS RELATING to the valuation of any past, current, or

3    potential ownership interest in SUPERMAN and/or SUPERBOY.

4    **<u>Response to Document Request No. 15</u>**

5           Pacific objects to this request on the grounds that it is compound, overbroad,

6    burdensome and oppressive. Pacific further objects to this request on the grounds

7    that the term "<u>RELATING to the valuation of any past, current, or potential</u>

8    <u>ownership interest</u>" is vague and ambiguous, and lacks sufficient precision to allow

9    it to formulate an appropriate response.  Pacific further objects to this request on the

10   grounds that it is indefinite as to time and not reasonably limited in scope.  Pacific

11   further objects to this request to the extent that it seeks the production of any item,

12   or portion thereof, which is not reasonably calculated to lead to the discovery of

13   relevant and admissible evidence.  Pacific additionally objects to this request to the

14   extent that it seeks communications or items protected by the attorney-client

15   privilege, the joint-interest privilege, the attorney work product doctrine and any

16   other privilege or immunity available under law or arising from contractual

17   obligation.  Subject to and without waiving the foregoing general and specific

18   objections, Pacific is willing to meet and confer with Plaintiff regarding the

19   tailoring of this request.

20   **<u>Document Request No. 16</u>**

21          All DOCUMENTS RELATING to the valuation of any past, current, or

22   potential ownership interest in SUPERMAN and/or SUPERBOY.

23   **<u>Response to Document Request No. 16</u>**

24          Pacific objects to this request on the grounds that it is compound, overbroad,

25   burdensome and oppressive.  Pacific further objects to this request on the grounds

26   that the term "<u>RELATING to the valuation of any past, current, or potential</u>

27   <u>ownership interest</u>" is vague and ambiguous, and lacks sufficient precision to allow

28   it to formulate an appropriate response.  Pacific further objects to this request on the

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1    grounds that it is indefinite as to time and not reasonably limited in scope.  Pacific

2    further objects to this request to the extent that it seeks the production of any item,

3    or portion thereof, which is not reasonably calculated to lead to the discovery of

4    relevant and admissible evidence.  Pacific additionally objects to this request to the

5    extent that it seeks communications or items protected by the attorney-client

6    privilege, the joint-interest privilege, the attorney work product doctrine and any

7    other privilege or immunity available under law or arising from contractual

8    obligation.  Subject to and without waiving the foregoing general and specific

9    objections, Pacific is willing to meet and confer with Plaintiff regarding the

10   tailoring of this request.

11   **Document Request No. 17**

12        All COMMUNICATIONS RELATING to any disclosure of a potential or

13   actual conflict of interest by or to YOU or any DEFENDANT.

14   **Response to Document Request No. 17**

15        Pacific objects to this request in that it seeks the production of items not

16   reasonably calculated to lead to the discovery of relevant and admissible evidence.

17   Pacific further objects to this request on the grounds that it is compound,

18   duplicative, overbroad, burdensome and oppressive.  Pacific further objects to this

19   request on the grounds that the terms "<u>RELATING</u>" and "<u>disclosure of a potential</u>

20   <u>or actual conflict of interest by or to YOU or any DEFENDANT</u>" are vague and

21   ambiguous, and lacks sufficient precision to allow it to formulate an appropriate

22   response.  Pacific further objects to this request on the grounds that it is indefinite

23   as to time and not reasonably limited in scope.  Pacific additionally objects to this

24   request as it seeks communications or items protected by the attorney-client

25   privilege, the joint-interest privilege, the attorney work product doctrine and to the

26   extent it seeks the production of items protected by any other privilege or immunity

27   available under law or arising from contractual obligation.

28

- 92 -

1    **Document Request No. 18**

2        All DOCUMENTS RELATING to YOUR introduction to and involvement

3    with the SIEGEL HEIRS.

4    **Response to Document Request No. 18**

5        Pacific further objects to this request on the grounds that it is compound,

6    duplicative, overbroad, burdensome and oppressive.  Pacific objects to this request

7    on the grounds that the terms "RELATING" and "involvement with" are vague and

8    ambiguous, and lack sufficient precision to allow it to formulate an appropriate

9    response.  Pacific further objects to this request on the grounds that it is indefinite

10   as to time and not reasonably limited in scope.  Pacific additionally objects to this

11   request to the extent that it seeks communications or items protected by the

12   attorney-client privilege, the joint-interest privilege, the attorney work product

13   doctrine and any other privilege or immunity available under law or arising from

14   contractual obligation.  Subject to and without waiving the foregoing general and

15   specific objections, Pacific has no responsive documents to this request.

16   **Document Request No. 19**

17       All DOCUMENTS RELATING to YOUR introduction to and involvement

18   with the SHUSTER HEIRS.

19   **Response to Document Request No. 19**

20       Pacific objects to this request on the grounds that it is compound, duplicative,

21   overbroad, burdensome and oppressive.  Pacific objects to this request on the

22   grounds that the terms "RELATING" and "involvement with" are vague and

23   ambiguous, and lack sufficient precision to allow it to formulate an appropriate

24   response.  Pacific further objects to this request on the grounds that it is indefinite

25   as to time and not reasonably limited in scope.  Pacific additionally objects to this

26   request to the extent that it seeks communications or items protected by the

27   attorney-client privilege, the joint-interest privilege, the attorney work product

28   doctrine and any other privilege or immunity available under law or arising from

- 93 -

1  contractual obligation.  Subject to and without waiving the foregoing general and

2  specific objections, Pacific is willing to meet and confer with Plaintiff regarding the

3  tailoring of this request.

4  **Document Request No. 20**

5      All DOCUMENTS RELATING to the letter agreement dated November 23,

6  2001 that YOU entered into with the SHUSTER HEIRS.

7  **Response to Document Request No. 20**

8      Pacific further objects to this request on the grounds that it is compound,

9  duplicative, overbroad, burdensome and oppressive.  Pacific objects to this request

10  on the grounds that the phrase "RELATING" is vague and ambiguous, and lacks

11  sufficient precision to allow it to formulate an appropriate response.  Pacific further

12  objects to this request on the grounds that it is indefinite as to time and not

13  reasonably limited in scope.  Pacific further objects to this request to the extent that

14  it seeks the production of any item, or portion thereof, which is not reasonably

15  calculated to lead to the discovery of relevant and admissible evidence.  Pacific

16  additionally objects to this request to the extent that it seeks communications or

17  items protected by the attorney-client privilege, the joint interest privilege, the

18  attorney work product doctrine and any other privilege or immunity available under

19  law or arising from contractual obligation.  Subject to and without waiving the

20  foregoing general and specific objections, Pacific will produce non-privileged

21  responsive documents, if any, consistent with his understanding of this request.

22  **Document Request No. 21**

23      All DOCUMENTS RELATING to Ari Emanuel.

24  **Response to Document Request No. 21**

25      Pacific objects to this request on the grounds that it is compound, overbroad,

26  burdensome and oppressive.  Pacific objects to this request on the grounds that the

27  term "RELATING" is vague and ambiguous, and lacks sufficient precision to allow

28  it to formulate an appropriate response.  Pacific further objects to this request on the

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

EXHIBIT B
111

1   grounds that it is indefinite as to time and not reasonably limited in scope.  Pacific

2   further objects to this request to the extent that it seeks the production of any item,

3   or portion thereof, which is not reasonably calculated to lead to the discovery of

4   relevant and admissible evidence.  Pacific additionally objects to this request to the

5   extent that it seeks communications or items protected by the attorney-client

6   privilege, the joint interest privilege, the attorney work product doctrine and any

7   other privilege or immunity available under law or arising from contractual

8   obligation.

9   **Document Request No. 22**

10  All DOCUMENTS RELATING to any COMMUNICATIONS with Ari

11  Emanuel.

12  **Response to Document Request No. 22**

13  Pacific objects to this request on the grounds that it is compound, overbroad,

14  burdensome and oppressive.  Pacific objects to this request on the grounds that the

15  term "<u>RELATING</u>" is vague and ambiguous, and lacks sufficient precision to allow

16  it to formulate an appropriate response.  Pacific further objects to this request on the

17  grounds that it is indefinite as to time and not reasonably limited in scope.  Pacific

18  further objects to this request to the extent that it seeks the production of any item,

19  or portion thereof, which is not reasonably calculated to lead to the discovery of

20  relevant and admissible evidence.  Pacific additionally objects to this request to the

21  extent that it seeks communications or items protected by the attorney-client

22  privilege, the joint interest privilege, the attorney work product doctrine and any

23  other privilege or immunity available under law or arising from contractual

24  obligation.

25  **Document Request No. 23**

26  All DOCUMENTS RELATING to YOUR past and current ownership and

27  management structure, including operating agreements, by-laws, capitalization

28  schedules, capital accounts, shares, filings, and other financial forms.

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

EXHIBIT B
112

1    **Response to Document Request No. 23**

2          Pacific objects to this request on the grounds that it is compound, overbroad,

3    burdensome and oppressive.  Pacific objects to this request on the grounds that the

4    phrases "RELATING" and "RELATING to your past and current ownership" are

5    vague and ambiguous, and lacks sufficient precision to allow it to formulate an

6    appropriate response.  Pacific further objects to this request on the grounds that it is

7    indefinite as to time and not reasonably limited in scope.  Pacific further objects to

8    this request in that it seeks the production of items not reasonably calculated to lead

9    to the discovery of relevant and admissible evidence.  Pacific objects to this request

10   to the extent that it seeks communications or items protected by the attorney-client

11   privilege, the joint interest privilege, the attorney work product doctrine and any

12   other privilege or immunity available under law or arising from contractual

13   obligation.  Subject to and without waiving the foregoing general and specific

14   objections, Pacific is willing to meet and confer with Plaintiff regarding the

15   tailoring of this request.

16   **Document Request No. 24**

17         All DOCUMENTS RELATING to the Memorandum of Agreement dated

18   February 2, 2002 that YOU entered into with Ari Emanuel.

19   **Response to Document Request No. 24**

20         Pacific objects to this request on the grounds that it is compound, duplicative,

21   overbroad, burdensome and oppressive.  Pacific further objects to this request on

22   the grounds that it is compound, overbroad, burdensome and oppressive.  Pacific

23   further objects to this request on the grounds that the term "RELATING" is vague

24   and ambiguous, and lacks sufficient precision to allow it to formulate an

25   appropriate response.  Pacific objects to this request to the extent that it seeks the

26   production of any item, or portion thereof, which is not reasonably calculated to

27   lead to the discovery of relevant and admissible evidence.  Pacific additionally

28   objects to this request to the extent that it seeks communications or items protected

- 96 -

1  by the attorney-client privilege, the joint interest privilege, the attorney work

2  product doctrine and any other privilege or immunity available under law or arising

3  from contractual obligation.  Subject to and without waiving the foregoing general

4  and specific objections, Pacific is willing to meet and confer with Plaintiff

5  regarding the tailoring of this request.

6  **Document Request No. 25**

7  　　　All DOCUMENTS RELATING to any contributions by YOU to the IP

8  Worldwide joint venture.

9  **Response to Document Request No. 25**

10  　　　Pacific objects to this request on the grounds that it is compound, duplicative,

11  overbroad, burdensome and oppressive.  Pacific further objects to this request on

12  the grounds that the phrases "<u>RELATING</u>" and "<u>RELATING to any contributions</u>

13  <u>by YOU to the IP Worldwide joint venture</u>" are vague and ambiguous, and lacks

14  sufficient precision to allow it to formulate an appropriate response.  Pacific objects

15  to this request to the extent that it seeks the production of any item, or portion

16  thereof, which is not reasonably calculated to lead to the discovery of relevant and

17  admissible evidence.  Pacific additionally objects to this request to the extent that it

18  seeks communications or items protected by the attorney-client privilege, the joint

19  interest privilege, the attorney work product doctrine and any other privilege or

20  immunity available under law or arising from contractual obligation.  Subject to and

21  without waiving the foregoing general and specific objections, Pacific is willing to

22  meet and confer with Plaintiff regarding the tailoring of this request.

23  **Document Request No. 26**

24  　　　All DOCUMENTS RELATING to YOUR identification of "JS Claims" in

25  Appendix 1 to the February 2, 2002 Memorandum of Agreement.

26  **Response to Document Request No. 26**

27  　　　Pacific objects to this request on the grounds that it is compound, overbroad,

28  burdensome and oppressive.  Pacific further objects to this request on the grounds

1  that the phrases "<u>RELATING</u>" and "<u>RELATING to YOUR identification of JS</u>

2  <u>Claims</u>" are vague and ambiguous, and lack sufficient precision to allow it to

3  formulate an appropriate response.  Pacific objects to this request to the extent that

4  it seeks the production of any item, or portion thereof, which is not reasonably

5  calculated to lead to the discovery of relevant and admissible evidence.  Pacific

6  further objects to this request to the extent that it seeks the production of any item,

7  or portion thereof, which is not reasonably calculated to lead to the discovery of

8  relevant and admissible evidence.  Pacific additionally objects to this request to the

9  extent that it seeks communications or items protected by the attorney-client

10  privilege, the joint interest privilege, the attorney work product doctrine and any

11  other privilege or immunity available under law or arising from contractual

12  obligation.  Subject to and without waiving the foregoing general and specific

13  objections, Pacific will produce non-privileged responsive documents, if any,

14  consistent with his understanding of this request.

15  **Document Request No. 27**

16      All DOCUMENTS RELATING to the letter agreement dated October 27,

17  2003 that YOU entered into with the SHUSTER HEIRS.

18  **Response to Document Request No. 27**

19      Pacific objects to this request on the grounds that it is compound, duplicative,

20  overbroad, burdensome and oppressive, as it could be reasonably construed to

21  request all documents related to Superman.  Pacific objects to this request on the

22  grounds that the phrase "<u>RELATING</u>" is vague and ambiguous, and lacks sufficient

23  precision to allow it to formulate an appropriate response.  Pacific further objects to

24  this request on the grounds that it is indefinite as to time and not reasonably limited

25  in scope. Pacific further objects to this request to the extent that it seeks the

26  production of any item, or portion thereof, which is not reasonably calculated to

27  lead to the discovery of relevant and admissible evidence.  Pacific additionally

28  objects to this request to the extent that it seeks communications or items protected

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1  by the attorney-client privilege, the joint interest privilege, the attorney work

2  product doctrine and any other privilege or immunity available under law or arising

3  from contractual obligation. Subject to and without waiving the foregoing general

4  and specific objections, Pacific is willing to meet and confer with Plaintiff

5  regarding the tailoring of this request.

6  **Document Request No. 28**

7  ALL DOCUMENTS RELATING to the letter dated September 10, 2004 that

8  YOU signed with the SHUSTER HEIRS.

9  **Response to Document Request No. 28**

10  Pacific objects to this request on the grounds that it is compound, duplicative,

11  overbroad, burdensome and oppressive, as it could be reasonably construed to

12  request all documents related to Superman. Pacific objects to this request on the

13  grounds that the phrase "RELATING" is vague and ambiguous, and lacks sufficient

14  precision to allow it to formulate an appropriate response. Pacific further objects to

15  this request on the grounds that it is indefinite as to time and not reasonably limited

16  in scope. Pacific further objects to this request to the extent that it seeks the

17  production of any item, or portion thereof, which is not reasonably calculated to

18  lead to the discovery of relevant and admissible evidence. Pacific additionally

19  objects to this request to the extent that it seeks communications or items protected

20  by the attorney-client privilege, the joint interest privilege, the attorney work

21  product doctrine and any other privilege or immunity available under law or arising

22  from contractual obligation. Subject to and without waiving the foregoing general

23  and specific objections, Pacific is willing to meet and confer with Plaintiff

24  regarding the tailoring of this request.

25  **Document Request No. 29**

26  All DOCUMENTS RELATING to the formation of PACIFIC PICTURES.

27

28

- 99 -

1    **Response to Document Request No. 29**

2         Pacific objects to this request on the grounds that it is compound, overbroad,

3    burdensome and oppressive.  Pacific objects to this request on the grounds that the

4    phrases "RELATING" and "RELATING to the formation" are vague and

5    ambiguous, and lack sufficient precision to allow it to formulate an appropriate

6    response.  Pacific further objects to this request on the grounds that it is indefinite

7    as to time and not reasonably limited in scope.  Pacific further objects to this

8    request in that it seeks the production of items not reasonably calculated to lead to

9    the discovery of relevant and admissible evidence.  Pacific objects to this request to

10    the extent that it seeks communications or items protected by the attorney-client

11    privilege, the joint interest privilege, the attorney work product doctrine and any

12    other privilege or immunity available under law or arising from contractual

13    obligation.  Subject to and without waiving the foregoing general and specific

14    objections, Pacific is willing to meet and confer with Plaintiff regarding the

15    tailoring of this request.

16    **Document Request No. 30**

17         All DOCUMENTS RELATING to the current corporate status of PACIFIC

18    PICTURES.

19    **Response to Document Request No. 30**

20         Pacific objects to this request on the grounds that it is compound, overbroad,

21    burdensome and oppressive.  Pacific objects to this request on the grounds that the

22    phrases "RELATING" and "RELATING to the current corporate status" are vague

23    and ambiguous, and lacks sufficient precision to allow it to formulate an

24    appropriate response.  Pacific further objects to this request on the grounds that it is

25    indefinite as to time and not reasonably limited in scope.  Pacific further objects to

26    this request in that it seeks the production of items not reasonably calculated to lead

27    to the discovery of relevant and admissible evidence.  Pacific objects to this request

28    to the extent that it seeks communications or items protected by the attorney-client

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1    privilege, the joint interest privilege, the attorney work product doctrine and any

2    other privilege or immunity available under law or arising from contractual

3    obligation.  Subject to and without waiving the foregoing general and specific

4    objections, Pacific is willing to meet and confer with Plaintiff regarding the

5    tailoring of this request.

6    **Document Request No. 31**

7         All DOCUMENTS RELATING to any past, current, or planned business

8    activity of PACIFIC PICTURES.

9    **Response to Document Request No. 31**

10        Pacific objects to this request on the grounds that it is compound, overbroad,

11   burdensome and oppressive, as it requests documents "RELATING" to any activity

12   Pacific has ever undertaken.  Pacific further objects to this request on the grounds

13   that the term "<u>RELATING</u>" is vague and ambiguous, and lacks sufficient precision

14   to allow it to formulate an appropriate response.  Pacific further objects to this

15   request on the grounds that it is indefinite as to time and not reasonably limited in

16   scope.  Pacific further objects to this request to the extent that it seeks the

17   production of any item, or portion thereof, which is not reasonably calculated to

18   lead to the discovery of relevant and admissible evidence.  Pacific additionally

19   objects to this request to the extent that it seeks communications or items protected

20   by the attorney-client privilege, the joint interest privilege, the attorney work

21   product doctrine and any other privilege or immunity available under law or arising

22   from contractual obligation.

23   **Document Request No. 32**

24        All DOCUMENTS RELATING to any past, current, or planned property in

25   which PACIFIC PICTURES held, holds, or will hold an interest.

26   **Response to Document Request No. 32**

27        Pacific objects to this request on the grounds that it is compound, overbroad,

28   burdensome and oppressive, since it requests documents "RELATING" to any

- 101 -

1    property Pacific has ever owned or may own in the future.  Pacific further objects to

2    this request on the grounds that the term "<u>RELATING</u>" is vague and ambiguous,

3    and lacks sufficient precision to allow it to formulate an appropriate response.

4    Pacific further objects to this request on the grounds that it is indefinite as to time

5    and not reasonably limited in scope.  Pacific further objects to this request to the

6    extent that it seeks the production of any item, or portion thereof, which is not

7    reasonably calculated to lead to the discovery of relevant and admissible evidence.

8    Pacific additionally objects to this request to the extent that it seeks

9    communications or items protected by the attorney-client privilege, the joint interest

10   privilege, the attorney work product doctrine and any other privilege or immunity

11   available under law or arising from contractual obligation.

12   **Document Request No. 33**

13         All DOCUMENTS RELATING to any individual or entity that currently

14   holds property or interests formerly held by PACIFIC PICTURES.

15   **Response to Document Request No. 33**

16         Pacific objects to this request on the grounds that it is compound, overbroad,

17   burdensome and oppressive.  Pacific further objects to this request on the grounds

18   that the phrases "<u>RELATING</u>" and "<u>RELATING to any individual or entity that</u>

19   <u>currently holds property or interests formerly held by PACIFIC PICTURES</u>" are

20   vague and ambiguous, and lacks sufficient precision to allow it to formulate an

21   appropriate response.  Pacific further objects to this request on the grounds that it is

22   indefinite as to time and not reasonably limited in scope.  Pacific further objects to

23   this request to the extent that it seeks the production of any item, or portion thereof,

24   which is not reasonably calculated to lead to the discovery of relevant and

25   admissible evidence.  Pacific additionally objects to this request to the extent that it

26   seeks communications or items protected by the attorney-client privilege, the joint-

27   interest privilege, the attorney work product doctrine and any other privilege or

28   immunity available under law or arising from contractual obligation.  Subject to and

- 102 -

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1    without waiving the foregoing general and specific objections, Pacific is willing to

2    meet and confer with Plaintiff regarding the tailoring of this request.

3    **Document Request No. 34**

4    All DOCUMENTS RELATING to any past, current, or planned client of

5    PACIFIC PICTURES.

6    **Response to Document Request No. 34**

7    Pacific objects to this request on the grounds that it is compound, overbroad,

8    burdensome and oppressive, since it requests documents "RELATING" to any

9    client Pacific has ever had.  Pacific objects to this request on the grounds that the

10    term "<u>RELATING</u>" is vague and ambiguous, and lacks sufficient precision to allow

11    it to formulate an appropriate response.  Pacific further objects to this request on the

12    grounds that it is indefinite as to time and not reasonably limited in scope.  Pacific

13    further objects to this request to the extent that it seeks the production of any item,

14    or portion thereof, which is not reasonably calculated to lead to the discovery of

15    relevant and admissible evidence.  Pacific additionally objects to this request to the

16    extent that it seeks communications or items protected by the attorney-client

17    privilege, the attorney work product doctrine and any other privilege or immunity

18    available under law or arising from contractual obligation.

19    **Document Request No. 35**

20    All DOCUMENTS RELATING to any past or current member, employee, or

21    shareholder of PACIFIC PICTURES.

22    **Response to Document Request No. 35**

23    Pacific objects to this request on the grounds that it is compound, overbroad,

24    burdensome and oppressive in that it requests any and all documents RELATING

25    to any past or current member, employee, or shareholder of Pacific.  Pacific further

26    objects to this request on the grounds that the term "<u>RELATING</u>" is vague and

27    ambiguous, and lacks sufficient precision to allow it to formulate an appropriate

28    response.  Pacific further objects to this request on the grounds that it is indefinite

- 103 -

1   as to time and not reasonably limited in scope.  Pacific further objects to this

2   request to the extent that it seeks the production of any item, or portion thereof,

3   which is not reasonably calculated to lead to the discovery of relevant and

4   admissible evidence.  Pacific additionally objects to this request to the extent that it

5   seeks communications or items protected by the attorney-client privilege, the

6   attorney work product doctrine and any other privilege or immunity available under

7   law or arising from contractual obligation.

8   **Document Request No. 36**

9        All DOCUMENTS RELATING to any past, current, or planned partnership

10   or strategic alliance between PACIFIC PICTURES and any individual or entity.

11   **Response to Document Request No. 36**

12        Pacific objects to this request on the grounds that it is compound, overbroad,

13   burdensome and oppressive, as it could be reasonably construed to request all

14   documents RELATING to any business conducted by Pacific.  Pacific further

15   objects to this request on the grounds that the phrases "RELATING" or

16   "RELATING to any past, current, or planned partnership or strategic alliance" are

17   vague and ambiguous, and lacks sufficient precision to allow it to formulate an

18   appropriate response.  Pacific further objects to this request on the grounds that it is

19   indefinite as to time and not reasonably limited in scope.  Pacific additionally

20   objects to this request to the extent that it seeks communications or items protected

21   by the attorney-client privilege, the joint-interest privilege, the attorney work

22   product doctrine and any other privilege or immunity available under law or arising

23   from contractual obligation.

24

25

26

27

28

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1  **C.**    **IP Worldwide, LLC – Document Request Nos. 1-8, 10-18, 20-37 and**

2       **General and Specific Objections**

3                **OBJECTIONS TO THE ENTIRE REQUEST**

4       IPWW objects to the entire Request on each of the following grounds and

5  incorporates by reference each of the following objections into its response to each

6  individual category of documents within it:

7       1.    IPWW objects to each individual request within the Request to the

8  extent it is relevant only to the Fourth through Sixth state law claims for relief in

9  DC's First Amended Complaint ("FAC"). Defendants contend that their pending

10 anti-SLAPP motion stays discovery regarding these state law claims, as well as the

11 related Third Claim for Relief. *See* Cal. Code Civ. Proc. § 425.16(g); *Shady Grove*

12 *Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 130 S. Ct. 1431, 1452 (2010)

13 (Stevens, J., concurring); *Batzel v. Smith*, 333 F.3d 1018, 1024 (9th Cir. 2003);

14 *Godin v. Schencks*, 2010 U.S. App. LEXIS 25980 (1st Cir. Dec. 22, 2010).

15      2.    To the extent the Request and each document request therein seeks

16 documents concerning any agreement between the Shusters and Siegels to act

17 collectively in negotiations with DC regarding the settlement of their termination

18 claims ("Collective Bargaining"), IPWW objects on the following grounds: Any

19 documents that exist relating to Collective Bargaining contain and memorialize

20 attorney-client privileged communications and attorney work product and reveal

21 sensitive settlement strategy that would give DC an unfair advantage. Moreover,

22 any Collective Bargaining documents were prepared in connection with settlement

23 mediation in the closely related cases *Joanne Siegel, et al. v. Warner Bros.*

24 *Entertainment Inc., et al.*, Case No. 04-CV-8400 ODW (RZx) and *Joanne Siegel, et*

25 *al. v. Time Warner Inc., et al.*, Case No. 04-CV-8766 ODW (RZx) (collectively

26 "*Siegel* Litigation") and the use of such information plainly violates the parties'

27 May 1, 2008 JAMS Confidentiality Agreement.  Moreover this disclosure is

28

- 105 -

1    inconsistent with the policies of FRE 408 and California Evidence Code §§ 1119 *et*

2    *seq.*, 1152.

3        3.    IPWW objects to the Request and each document request therein to the

4    extent that it seeks the production of any item, or portion thereof, comprising or

5    reflecting information transmitted and maintained in confidence between IPWW or

6    any person or entity acting on its behalf and for the purpose of obtaining legal

7    advice or representation, on the grounds that such information is protected from

8    disclosure by the attorney-client privilege and the joint-interest privilege.  Such

9    documents will not be produced in response to the request, and any inadvertent

10   production thereof shall not be deemed a waiver of any privilege or doctrine with

11   respect to such documents.  With respect to such documents, IPWW hereby

12   incorporates by reference the privilege logs served by the Defendants in this action

13   on December 15, 2010.

14       4.    IPWW objects to the Request and each document request therein to the

15   extent that it seeks the production of any item, or portion thereof, comprising or

16   reflecting information with any confidential impression, conclusion, opinion, legal

17   research, or legal theory of counsel for IPWW or any other person or entity, on the

18   grounds that such information is protected from disclosure by the attorney work

19   product doctrine.  Such documents will not be produced in response to the request,

20   and any inadvertent production thereof shall not be deemed a waiver of any

21   privilege or doctrine with respect to such documents.  With respect to such

22   documents, IPWW hereby incorporates by reference the privilege logs served by

23   the Defendants in this action on December 15, 2010.

24       5.    IPWW objects to the Request and each document request therein to the

25   extent that it seeks the production of any item, or portion thereof, which is not

26   reasonably calculated to lead to the discovery of relevant and admissible evidence,

27   on the grounds that it exceeds the permissible scope of discovery delimited by Rule

28   26(b)(1) of the Federal Rules of Civil Procedure.

- 106 -

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

EXHIBIT B

1    6.    IPWW objects to the Request and each document request therein to the

2    extent that it seeks the production of any item, or portion thereof, comprising or

3    reflecting any trade secret or other confidential or proprietary information of IPWW

4    or any other entity or person.

5    7.    IPWW objects to the Request and each document request therein to the

6    extent that it seeks the production of any item, or portion thereof, which is protected

7    from disclosure by court order, or any privacy or similar rights of any person or

8    entity.

9    8.    IPWW objects to the Request and each document request therein to

10   the extent that it is unduly burdensome, overly broad, impose extreme hardship, is

11   oppressive and harassing, or would result in the expenditure of unnecessary time

12   and resources.

13   9.    IPWW objects to the Request and each document request therein to the

14   extent that the expense of producing documents outweighs the likely benefit of

15   discovery provided to Plaintiff.

16   10.   IPWW objects to the Request and each document request therein to the

17   extent that it seeks the production of duplicative identical items, or documents or

18   information already in Plaintiff's possession, or by reason of public filing,

19   publication or otherwise are readily accessible to Plaintiff through other means.

20   11.   IPWW objects to the Request and each document request therein to the

21   extent that it seeks the production of any item which has been served, filed, or

22   transmitted in the course of this action, on the grounds that such production would

23   be burdensome, oppressive, and unnecessary.

24   12.   IPWW objects to the Request and each document request therein to the

25   extent that it seeks the production of any item which has already been produced,

26   served, or filed in the course of the related actions *Joanne Siegel, et al. v. Warner

27   Bros. Entertainment Inc., et al.*, Case No. 04-CV-8400 ODW (RZx) and *Joanne

28   Siegel, et al. v. Time Warner Inc., et al.*, Case No. 04-CV-8766 ODW (RZx)

- 107 -

1   (collectively "*Siegel* Litigation"), on the grounds that such production would be

2   duplicative, burdensome, oppressive, and unnecessary.

3       13.  In making any document production, IPWW will reference by their

4   Bates numbers documents already produced to DC in the *Siegel* Litigation, rather

5   than re-copy and reproduce such documents.  IPWW will not produce or designate

6   by Bates numbers documents IPWW obtained solely as a result of a document

7   production by the other side in the *Siegel* Litigation.

8       14.  Consistent with the agreement governing privilege logs negotiated by the

9   parties concerning plaintiff and other defendants, IPWW will not log privileged

10  communications or attorney work-product documents in either this case or the

11  *Siegel* Litigations, that (a) are internal communications by defendants' counsel at

12  the law firms of Toberoff & Associates, P.C. and Kendall Brill & Klieger, L.L.P.,

13  or (b) between Toberoff & Associates P.C and defendants' counsel at the law firm

14  of Kendall, Brill & Klieger LLP.  Logging such documents would constitute an

15  extraordinary interference by DC in the affairs of its opposing counsel in both this

16  action and the ongoing *Siegel* litigation.

17      15.  IPWW objects to the Request and each document request therein to the

18  extent that it seeks the production of any item or document that is not the property

19  of IPWW. IPWW will not produce any items or documents that are the property of

20  any other person or entity.

21      16.  IPWW objects to the Request and each document request therein and to

22  the definitions and instructions therein to the extent that they purport to alter or

23  extend IPWW's obligations beyond those established by the Federal Rules of Civil

24  Procedure, the Local Rules of the United States District Court for the Central

25  District of California, or any order or ruling by the Court in this action.

26      17.  IPWW objects generally to the definitions of the terms "<u>YOU</u>,"

27  "<u>YOUR</u>" and "<u>IP WORLDWIDE</u>" as vague and ambiguous, overbroad and unduly

28

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

EXHIBIT B

1  burdensome, especially with the respect to the definition's reference to "attorneys".

2  IP Worldwide will construe these terms to refer to IP Worldwide.

3      18.  IPWW objects generally to the definitions of the terms "<u>DEFENDANT</u>"

4  and "<u>DEFENDANTS</u>" as vague and ambiguous, overbroad and unduly

5  burdensome, especially with respect to the definition's reference to "attorneys".  IP

6  Worldwide will construe these terms to refer only to the specific defendants in this

7  action.

8      19.  IPWW objects generally to the definition of the term "<u>SHUSTER</u>

9  <u>HEIRS</u>" as vague and ambiguous, overbroad and unduly burdensome, especially

10  with respect to the definition's reference to "attorneys".  Solely for the purposes of

11  these responses, and for no other purpose, IP Worldwide will construe this term to

12  refer only to the Estate of Joseph Shuster, Jean Peavy, Mark Warren Peary, Dawn

13  Peavy and Frank Shuster.

14      20.  IPWW objects generally to the definition of the term "<u>SIEGEL HEIRS</u>"

15  as vague and ambiguous, overbroad and unduly burdensome, especially with

16  respect to the definition's reference to "attorneys".  Solely for the purposes of these

17  responses, and for no other purpose, IP Worldwide will construe this term to refer

18  only to Joanne Siegel, Laura Siegel Larson, and Michael Siegel.

19      21.  IPWW reserves the right to revise, amend, supplement or clarify any of

20  the objections set forth herein.

21            **DOCUMENTS TO BE PRODUCED**

22      **SPECIFIC RESPONSES TO INDIVIDUAL REQUESTS**

23  **<u>Document Request No. 1</u>**

24      All agreements between or among YOU and any DEFENDANT RELATING

25  to the SIEGEL HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

26  **<u>Response to Document Request No. 1</u>**

27      IPWW objects to this request on the grounds that the phrase "<u>the SIEGEL</u>

28  <u>HEIRS' purported rights in SUPERMAN and/or SUPERBOY</u>," is vague and

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1   ambiguous, and lacks sufficient precision to allow it to formulate an appropriate

2   response.  IPWW further objects to this request to the extent that it seeks

3   communications or items protected by the attorney-client privilege, the joint-

4   interest privilege, the attorney work product doctrine and any other privilege or

5   immunity available under law or arising from contractual obligation.  Subject to and

6   without waiving the foregoing general and specific objections, IPWW will produce

7   non-privileged responsive documents, consistent with its understanding of this

8   request.

9   **Document Request No. 2**

10      All agreements between or among YOU and any DEFENDANT RELATING

11  to the SHUSTER HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

12  **Response to Document Request No. 2**

13      IPWW objects to this request on the grounds that the phrase "the SHUSTER

14  HEIRS' purported rights in SUPERMAN and/or SUPERBOY," is vague and

15  ambiguous, and lacks sufficient precision to allow it to formulate an appropriate

16  response.  IPWW further objects to this request to the extent that it seeks

17  communications or items protected by the attorney-client privilege, the joint-

18  interest privilege, the attorney work product doctrine and any other privilege or

19  immunity available under law or arising from contractual obligation.  Subject to and

20  without waiving the foregoing general and specific objections, IPWW will produce

21  non-privileged responsive documents, if any, consistent with its understanding of

22  this request.

23  **Document Request No. 3**

24      All agreements between or among YOU and any third party RELATING to

25  the SIEGEL HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

26  **Response to Document Request No. 3**

27      IPWW objects to this request on the grounds that the phrase "RELATING,"

28  is vague and ambiguous, and lacks sufficient precision to allow it to formulate an

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

EXHIBIT B

1  appropriate response.  IPWW additionally objects to this request to the extent that it

2  seeks communications or items protected by the attorney-client privilege, the joint-

3  interest privilege, the attorney work product doctrine and any other privilege or

4  immunity available under law or arising from contractual obligation.  Subject to and

5  without waiving the foregoing general and specific objections, IPWW will produce

6  non-privileged responsive documents, consistent with its understanding of this

7  request.

8  **Document Request No. 4**

9      All agreements between or among YOU and any third party RELATING to

10  the SHUSTER HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

11  **Response to Document Request No. 4**

12      IPWW objects to this request on the grounds that the phrase "<u>RELATING</u>,"

13  is vague and ambiguous, and lacks sufficient precision to allow it to formulate an

14  appropriate response.  IPWW additionally objects to this request to the extent that it

15  seeks communications or items protected by the attorney-client privilege, the joint-

16  interest privilege, the attorney work product doctrine and any other privilege or

17  immunity available under law or arising from contractual obligation.  Subject to and

18  without waiving the foregoing general and specific objections, IPWW will produce

19  non-privileged responsive documents, consistent with its understanding of this

20  request.

21  **Document Request No. 5**

22      All DOCUMENTS RELATING to SUPERMAN and/or SUPERBOY.

23  **Response to Document Request No. 5**

24      IPWW objects to this request on the grounds that it is compound, overbroad,

25  burdensome and oppressive.  IPWW further objects to this request on the grounds

26  that the phrase "<u>RELATING</u>," is vague and ambiguous, and lacks sufficient

27  precision to allow it to formulate an appropriate response. IPWW further objects to

28  this request on the grounds that it is indefinite as to time, not reasonably limited in

1  scope, and to the extent that it seeks the production of any item, or portion thereof,

2  which is not reasonably calculated to lead to the discovery of relevant and

3  admissible evidence.  IPWW additionally objects to this request to the extent that it

4  seeks communications or items protected by the attorney-client privilege, the joint-

5  interest privilege, the attorney work product doctrine and any other privilege or

6  immunity available under law or arising from contractual obligation.  Subject to and

7  without waiving the foregoing general and specific objections, IPWW is willing to

8  meet and confer with Plaintiff regarding the tailoring of this request.

9  **Document Request No. 6**

10     All DOCUMENTS RELATING to the SIEGEL HEIRS.

11  **Response to Document Request No. 6**

12     IPWW objects to this request on the grounds that it is compound, overbroad,

13  burdensome and oppressive.  IPWW further objects to this request on the grounds

14  that the phrase "<u>RELATING</u>," is vague and ambiguous, and lacks sufficient

15  precision to allow it to formulate an appropriate response.  IPWW further objects to

16  this request on the grounds that it is indefinite as to time, not reasonably limited in

17  scope, and to the extent that it seeks the production of any item, or portion thereof,

18  which is not reasonably calculated to lead to the discovery of relevant and

19  admissible evidence.  IPWW additionally objects to this request to the extent that it

20  seeks communications or items protected by the attorney-client privilege, the joint-

21  interest privilege, the attorney work product doctrine and any other privilege or

22  immunity available under law or arising from contractual obligation.  Subject to and

23  without waiving the foregoing general and specific objections, IPWW is willing to

24  meet and confer with Plaintiff regarding the tailoring of this request.

25  **Document Request No. 7**

26     All DOCUMENTS RELATING to the SHUSTER HEIRS.

27

28

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1    **Response to Document Request No. 7**

2        IPWW objects to this request on the grounds that it is compound, overbroad,

3    burdensome and oppressive.  IPWW further objects to this request on the grounds

4    that the phrase "<u>RELATING</u>," is vague and ambiguous, and lacks sufficient

5    precision to allow it to formulate an appropriate response.  IPWW further objects to

6    this request on the grounds that it is indefinite as to time, not reasonably limited in

7    scope, and to the extent that it seeks the production of any item, or portion thereof,

8    which is not reasonably calculated to lead to the discovery of relevant and

9    admissible evidence.  IPWW additionally objects to this request to the extent that it

10   seeks communications or items protected by the attorney-client privilege, the joint-

11   interest privilege, the attorney work product doctrine and any other privilege or

12   immunity available under law or arising from contractual obligation.  Subject to and

13   without waiving the foregoing general and specific objections, IPWW is willing to

14   meet and confer with Plaintiff regarding the tailoring of this request.

15   **Document Request No. 8**

16       All DOCUMENTS RELATING to YOUR ability to negotiate or enter into

17   agreements regarding SUPERMAN and/or SUPERBOY.

18   **Response to Document Request No. 8**

19       IPWW objects to this request on the grounds that the term "<u>RELATING to</u>

20   <u>YOUR ability to negotiate or enter into agreements</u>" is vague and ambiguous, and

21   lacks sufficient precision to allow it to formulate an appropriate response.  IPWW

22   further objects to this request in that it assumes that IPWW has the ability to

23   negotiate or enter into agreements regarding SUPERMAN and/or SUPERBOY.

24   IPWW additionally objects to this request to the extent that it seeks

25   communications or items protected by the attorney-client privilege, the joint-

26   interest privilege, the attorney work product doctrine and any other privilege or

27   immunity available under law or arising from contractual obligation.  Subject to and

28   without waiving the foregoing general and specific objections, IPWW will produce

- 113 -

1  non-privileged responsive documents, if any, consistent with its understanding of

2  this request.

3  **Document Request No. 10**

4      All DOCUMENTS RELATING to or affecting the division of revenue,

5  proceeds, or other profits regarding SUPERMAN and/or SUPERBOY.

6  **Response to Document Request No. 10**

7      IPWW objects to this request on the grounds that it is compound, overbroad,

8  burdensome and oppressive.  IPWW further objects to this request on the grounds

9  that the phrase "<u>RELATING to or affecting</u>" is vague and ambiguous, and lacks

10  sufficient precision to allow it to formulate an appropriate response.  IPWW further

11  objects to this request on the grounds that it is indefinite as to time and not

12  reasonably limited in scope.  IPWW additionally objects to this request to the extent

13  that it seeks communications or items protected by the attorney-client privilege, the

14  joint-interest privilege, the attorney work product doctrine and any other privilege

15  or immunity available under law or arising from contractual obligation.  Subject to

16  and without waiving the foregoing general and specific objections, IPWW will

17  produce non-privileged responsive documents, if any, consistent with its

18  understanding of this request.

19  **Document Request No. 11**

20      All DOCUMENTS RELATING to or affecting the division of any settlement

21  proceeds regarding SUPERMAN and/or SUPERBOY.

22  **Response to Document Request No. 11**

23      IPWW objects to this request on the grounds that it is compound, duplicative,

24  overbroad, burdensome and oppressive.  IPWW further objects to this request on

25  the grounds that the phrase "<u>RELATING to or affecting</u>" is vague and ambiguous,

26  and lacks sufficient precision to allow it to formulate an appropriate response.

27  IPWW further objects to this request on the grounds that it is indefinite as to time

28  and not reasonably limited in scope.  IPWW additionally objects to this request to

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1    the extent that it seeks communications or items protected by the attorney-client

2    privilege, the joint-interest privilege, the attorney work product doctrine and any

3    other privilege or immunity available under law or arising from contractual

4    obligation. Subject to and without waiving the foregoing general and specific

5    objections, IPWW will produce non-privileged responsive documents, if any,

6    consistent with its understanding of this request.

7    **Document Request No. 12**

8    All DOCUMENTS RELATING to the potential sale, assignment, license, or

9    other disposition of any rights relating to SUPERMAN and/or SUPERBOY,

10    including but not limited to any solicitation, offer, option, or proposed agreement.

11    **Response to Document Request No. 12**

12    IPWW objects to this request on the grounds that it is compound, overbroad,

13    burdensome and oppressive. IPWW objects to this request on the grounds that the

14    term "RELATING" is vague and ambiguous, and lacks sufficient precision to allow

15    it to formulate an appropriate response. IPWW further objects to this request on the

16    grounds that it is indefinite as to time and not reasonably limited in scope. IPWW

17    further objects to this request to the extent that it seeks the production of any item,

18    or portion thereof, which is not reasonably calculated to lead to the discovery of

19    relevant and admissible evidence. IPWW additionally objects to this request to the

20    extent that it seeks communications or items protected by the attorney-client

21    privilege, the joint-interest privilege, the attorney work product doctrine and any

22    other privilege or immunity available under law or arising from contractual

23    obligation. Subject to and without waiving the foregoing general and specific

24    objections, IPWW will produce non-privileged responsive documents, if any,

25    consistent with its understanding of this request.

26    **Document Request No. 13**

27    All DOCUMENTS RELATING to any efforts YOU have made to sell, lease,

28    license, or otherwise exploit any rights in SUPERMAN and/or SUPERBOY.

- 115 -

1    **Response to Document Request No. 13**

2         IPWW objects to this request on the grounds that it is compound, overbroad,

3    burdensome and oppressive.  IPWW further objects to this request on the grounds

4    that the term "<u>RELATING to any efforts</u>" is vague and ambiguous, and lacks

5    sufficient precision to allow it to formulate an appropriate response.  IPWW further

6    objects to this request on the grounds that it is indefinite as to time and not

7    reasonably limited in scope.  IPWW further objects to this request to the extent that

8    it seeks the production of any item, or portion thereof, which is not reasonably

9    calculated to lead to the discovery of relevant and admissible evidence.  IPWW

10   additionally objects to this request to the extent that it seeks communications or

11   items protected by the attorney-client privilege, the joint-interest privilege, the

12   attorney work product doctrine and any other privilege or immunity available under

13   law or arising from contractual obligation.  Subject to and without waiving the

14   foregoing general and specific objections, IPWW will produce non-privileged

15   responsive documents, if any, consistent with its understanding of this request.

16   **Document Request No. 14**

17        All DOCUMENTS RELATING to any potential investors or other

18   PERSONS who have expressed interest in purchasing or otherwise investing in any

19   rights in SUPERMAN and/or SUPERBOY.

20   **Response to Document Request No. 14**

21        IPWW objects to this request on the grounds that it is compound, overbroad,

22   burdensome and oppressive.  IPWW further objects to this request on the grounds

23   that the term "<u>RELATING to any potential investors or other PERSONS who have</u>

24   <u>expressed interest in purchasing or otherwise investing in any rights</u>" is vague and

25   ambiguous, and lacks sufficient precision to allow it to formulate an appropriate

26   response.  IPWW further objects to this request on the grounds that it is indefinite

27   as to time and not reasonably limited in scope.  IPWW additionally objects to this

28   request to the extent that it seeks communications or items protected by the

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1   attorney-client privilege, the joint-interest privilege, the attorney work product

2   doctrine and any other privilege or immunity available under law or arising from

3   contractual obligation.  Subject to and without waiving the foregoing general and

4   specific objections, IPWW will produce non-privileged responsive documents, if

5   any, consistent with its understanding of this request.

6   **Document Request No. 15**

7        All DOCUMENTS RELATING to the valuation of any past, current, or

8   potential ownership interest in SUPERMAN and/or SUPERBOY.

9   **Response to Document Request No. 15**

10       IPWW objects to this request on the grounds that it is compound, overbroad,

11  burdensome and oppressive.  IPWW further objects to this request on the grounds

12  that the term "RELATING to the valuation of any past, current, or potential

13  ownership interest" is vague and ambiguous, and lacks sufficient precision to allow

14  it to formulate an appropriate response.  IPWW further objects to this request on the

15  grounds that it is indefinite as to time and not reasonably limited in scope.  IPWW

16  further objects to this request to the extent that it seeks the production of any item,

17  or portion thereof, which is not reasonably calculated to lead to the discovery of

18  relevant and admissible evidence.  IPWW additionally objects to this request to the

19  extent that it seeks communications or items protected by the attorney-client

20  privilege, the joint-interest privilege, the attorney work product doctrine and any

21  other privilege or immunity available under law or arising from contractual

22  obligation. Subject to and without waiving the foregoing general and specific

23  objections, IPWW is willing to meet and confer with Plaintiff regarding the

24  tailoring of this request.

25  **Document Request No. 16**

26       All COMMUNICATIONS RELATING to any disclosure of a potential or

27  actual conflict of interest by or to YOU or any DEFENDANT.

28

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1    **Response to Document Request No. 16**

2        IPWW objects to this request in that it seeks the production of items not

3    reasonably calculated to lead to the discovery of relevant and admissible evidence.

4    IPWW further objects to this request on the grounds that it is compound,

5    duplicative, overbroad, burdensome and oppressive.  IPWW further objects to this

6    request on the grounds that the terms "RELATING" and "disclosure of a potential

7    or actual conflict of interest by or to YOU or any DEFENDANT" are vague and

8    ambiguous, and lacks sufficient precision to allow it to formulate an appropriate

9    response.  IPWW further objects to this request on the grounds that it is indefinite

10   as to time and not reasonably limited in scope.  IPWW additionally objects to this

11   request as it seeks communications or items protected by the attorney-client

12   privilege, the joint-interest privilege, the attorney work product doctrine and to the

13   extent it seeks the production of items protected by any other privilege or immunity

14   available under law or arising from contractual obligation.

15   **Document Request No. 17**

16       All DOCUMENTS RELATING to any waiver or acknowledgement of a

17   potential or actual conflict of interest by or to YOU or any DEFENDANT.

18   **Response to Document Request No. 17**

19       IPWW objects to this request in that it seeks the production of items not

20   reasonably calculated to lead to the discovery of relevant and admissible evidence.

21   IPWW further objects to this request on the grounds that it is compound,

22   duplicative, overbroad, burdensome and oppressive.  IPWW further objects to this

23   request on the grounds that the terms "RELATING" and "acknowledgment of a

24   potential or actual conflict of interest by or to YOU or any DEFENDANT" are

25   vague and ambiguous, and lacks sufficient precision to allow it to formulate an

26   appropriate response.   IPWW further objects to this request on the grounds that it is

27   indefinite as to time and not reasonably limited in scope.  IPWW additionally

28   objects to this request as it seeks communications or items protected by the

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

EXHIBIT B
135

1   attorney-client privilege, the joint-interest privilege, the attorney work product

2   doctrine and to the extent it seeks the production of items protected by any other

3   privilege or immunity available under law or arising from contractual obligation.

4   **Document Request No. 18**

5       All DOCUMENTS RELATING to YOUR introduction to and involvement

6   with the SIEGEL HEIRS.

7   **Response to Document Request No. 18**

8       IPWW further objects to this request on the grounds that it is compound,

9   duplicative, overbroad, burdensome and oppressive.  IPWW further objects to this

10  request on the grounds that the terms "RELATING" and "involvement with" are

11  vague and ambiguous, and lack sufficient precision to allow it to formulate an

12  appropriate response.  IPWW further objects to this request on the grounds that it is

13  indefinite as to time and not reasonably limited in scope.  IPWW additionally

14  objects to this request to the extent that it seeks communications or items protected

15  by the attorney-client privilege, the joint-interest privilege, the attorney work

16  product doctrine and any other privilege or immunity available under law or arising

17  from contractual obligation.  Subject to and without waiving the foregoing general

18  and specific objections, IPWW is willing to meet and confer with Plaintiff

19  regarding the tailoring of this request.

20  **Document Request No. 20**

21      All DOCUMENTS RELATING to the transfer of any property or interest

22  from IP WORLDWIDE to IPW, LLC.

23  **Response to Document Request No. 20**

24      IPWW objects to this request on the grounds that it is compound, duplicative,

25  overbroad, burdensome and oppressive.  IPWW objects to this request on the

26  grounds that the terms "RELATING" and "involvement" are vague and ambiguous,

27  and lack sufficient precision to allow it to formulate an appropriate response.

28  IPWW further objects to this request on the grounds that it is indefinite as to time

- 119 -

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1    and not reasonably limited in scope.  IPWW additionally objects to this request to

2    the extent that it seeks communications or items protected by the attorney-client

3    privilege, the joint-interest privilege, the attorney work product doctrine and any

4    other privilege or immunity available under law or arising from contractual

5    obligation.  Subject to and without waiving the foregoing general and specific

6    objections, IPWW will produce responsive non-privileged documents regarding the

7    transfer of any property or interest in Superman and/or Superboy from

8    DEFENDANT IP Worldwide, LLC to IPW, consistent with its understanding of

9    this request.

10   **Document Request No. 21**

11       All DOCUMENTS RELATING to YOUR assertion in the Certification of

12   Interested Parties filed on YOUR behalf in the above-entitled case on July 15, 2010

13   that YOU have "no pecuniary interest in the matters that are the subject of

14   Plaintiff's Third and Sixth Causes of action."

15   **Response to Document Request No. 21**

16       IPWW objects to this request on the grounds that it is compound, overbroad,

17   burdensome and oppressive.  IPWW objects to this request on the grounds that the

18   term "RELATING" is vague and ambiguous, and lacks sufficient precision to allow

19   it to formulate an appropriate response.  IPWW further objects to this request on the

20   grounds that it is indefinite as to time and not reasonably limited in scope.  IPWW

21   further objects to this request to the extent that it seeks the production of any item,

22   or portion thereof, which is not reasonably calculated to lead to the discovery of

23   relevant and admissible evidence.  IPWW additionally objects to this request to the

24   extent that it seeks communications or items protected by the attorney-client

25   privilege, the joint-interest privilege, the attorney work product doctrine and any

26   other privilege or immunity available under law or arising from contractual

27   obligation.  Subject to and without waiving the foregoing general and specific

28

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

EXHIBIT B
137

1  objections, IPWW will produce responsive non-privileged documents consistent

2  with its understanding of this request.

3  **Document Request No. 22**

4      All DOCUMENTS RELATING to Ari Emanuel.

5  **Response to Document Request No. 22**

6      IPWW objects to this request on the grounds that it is compound, overbroad,

7  burdensome and oppressive, and that the request improperly encompasses every

8  document of IPWW insofar as Ari Emanuel was a member of IPWW.  IPWW

9  objects to this request on the grounds that the term "RELATING" is vague and

10 ambiguous, and lacks sufficient precision to allow it to formulate an appropriate

11 response.  IPWW further objects to this request on the grounds that it is indefinite

12 as to time and not reasonably limited in scope.  IPWW further objects to this

13 request to the extent that it seeks the production of any item, or portion thereof,

14 which is not reasonably calculated to lead to the discovery of relevant and

15 admissible evidence.  IPWW additionally objects to this request to the extent that it

16 seeks communications or items protected by the attorney-client privilege, the joint

17 interest privilege, the attorney work product doctrine and any other privilege or

18 immunity available under law or arising from contractual obligation.

19 **Document Request No. 23**

20     All DOCUMENTS RELATING to any COMMUNICATIONS with Ari

21 Emanuel.

22 **Response to Document Request No. 23**

23     IPWW objects to this request on the grounds that it is compound, overbroad,

24 burdensome and oppressive, and that the request improperly encompasses most

25 communications of IPWW insofar as Ari Emanuel was a member of IPWW.

26 IPWW objects to this request on the grounds that the term "RELATING" is vague

27 and ambiguous, and lacks sufficient precision to allow it to formulate an

28 appropriate response.  IPWW further objects to this request on the grounds that it is

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1   indefinite as to time and not reasonably limited in scope.  IPWW further objects to

2   this request to the extent that it seeks the production of any item, or portion thereof,

3   which is not reasonably calculated to lead to the discovery of relevant and

4   admissible evidence.  IPWW additionally objects to this request to the extent that it

5   seeks communications or items protected by the attorney-client privilege, the joint

6   interest privilege, the attorney work product doctrine and any other privilege or

7   immunity available under law or arising from contractual obligation.

8   **Document Request No. 24**

9       All DOCUMENTS RELATING to the Memorandum of Agreement

10  purporting to create the IP WORLDWIDE joint venture dated February 2, 2002

11  between DEFENDANT Pacific Pictures Corporation and Ari Emanuel.

12  **Response to Document Request No. 24**

13      IPWW objects to this request on the grounds that it is compound, duplicative,

14  overbroad, burdensome and oppressive.  IPWW objects to this request on the

15  grounds that it is compound, overbroad, burdensome and oppressive.  IPWW

16  further objects to this request on the grounds that the term "RELATING" is vague

17  and ambiguous, and lacks sufficient precision to allow it to formulate an

18  appropriate response.  IPWW objects to this request to the extent that it seeks the

19  production of any item, or portion thereof, which is not reasonably calculated to

20  lead to the discovery of relevant and admissible evidence.  IPWW additionally

21  objects to this request to the extent that it seeks communications or items protected

22  by the attorney-client privilege, the joint interest privilege, the attorney work

23  product doctrine and any other privilege or immunity available under law or arising

24  from contractual obligation.  Subject to and without waiving the foregoing general

25  and specific objections, IPWW is willing to meet and confer with Plaintiff

26  regarding the tailoring of this request.

27

28

- 122 -

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1  **Document Request No. 25**

2       All DOCUMENTS RELATING to the contributions of DEFENDANTS

3  Marc Toberoff and Pacific Pictures Corporation to IP Worldwide.

4  **Response to Document Request No. 25**

5       IPWW objects to this request on the grounds that it is compound, duplicative,

6  overbroad, burdensome and oppressive.  IPWW further objects to this request on

7  the grounds that the phrase "<u>RELATING to the contributions</u>" is vague and

8  ambiguous, and lacks sufficient precision to allow it to formulate an appropriate

9  response.  IPWW objects to this request to the extent that it seeks the production of

10  any item, or portion thereof, which is not reasonably calculated to lead to the

11  discovery of relevant and admissible evidence.  IPWW additionally objects to this

12  request to the extent that it seeks communications or items protected by the

13  attorney-client privilege, the joint interest privilege, the attorney work product

14  doctrine and any other privilege or immunity available under law or arising from

15  contractual obligation.  Subject to and without waiving the foregoing general and

16  specific objections, IPWW is willing to meet and confer with Plaintiff regarding the

17  tailoring of this request.

18  **Document Request No. 26**

19       All DOCUMENTS RELATING to the identification of "JS Claims" in

20  Appendix 1 to the February 2, 2002 Memorandum of Agreement.

21  **Response to Document Request No. 26**

22       IPWW objects to this request on the grounds that it is compound, overbroad,

23  burdensome and oppressive.  IPWW further objects to this request on the grounds

24  that the terms "<u>RELATING</u>" and "<u>identification of 'JS Claims'</u>" is vague and

25  ambiguous, and lacks sufficient precision to allow it to formulate an appropriate

26  response.  IPWW objects to this request to the extent that it seeks the production of

27  any item, or portion thereof, which is not reasonably calculated to lead to the

28  discovery of relevant and admissible evidence.  IPWW further objects to this

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1  request to the extent that it seeks the production of any item, or portion thereof,

2  which is not reasonably calculated to lead to the discovery of relevant and

3  admissible evidence.  IPWW additionally objects to this request to the extent that it

4  seeks communications or items protected by the attorney-client privilege, the joint

5  interest privilege, the attorney work product doctrine and any other privilege or

6  immunity available under law or arising from contractual obligation.  Subject to and

7  without waiving the foregoing general and specific objections, IPWW will produce

8  non-privileged responsive documents, if any, consistent with its understanding of

9  this request.

10  **Document Request No. 27**

11      All DOCUMENTS RELATING to the letter agreement dated October 3,

12  2002 – and any revisions, modifications, or adjustments thereto – that IP

13  WORLDWIDE signed with the SIEGEL HEIRS.

14  **Response to Document Request No. 27**

15      IPWW objects to this request on the grounds that it is compound, duplicative,

16  overbroad, burdensome and oppressive.  IPWW further objects to this request on

17  the grounds that the term "<u>RELATING</u>" is vague and ambiguous, and lacks

18  sufficient precision to allow it to formulate an appropriate response.  IPWW further

19  objects to this request on the grounds that it is indefinite as to time, not reasonably

20  limited in scope, and to the extent that it seeks the production of any item, or

21  portion thereof, which is not reasonably calculated to lead to the discovery of

22  relevant and admissible evidence.  IPWW further objects to this request to the

23  extent that it seeks communications or items protected by the attorney-client

24  privilege, the joint interest privilege, the attorney work product doctrine and any

25  other privilege or immunity available under law or arising from contractual

26  obligation.  Subject to and without waiving the foregoing general and specific

27  objections, IPWW is willing to meet and confer with Plaintiff regarding the

28  tailoring of this request.

- 124 -

**Document Request No. 28**

All DOCUMENTS RELATING to the identification of IP WORLDWIDE on the Document Cover Sheet for Recordation of Documents filed with the Transfer Covering Extended Copyright Renewal Term of "Superman" served on behalf of the Estate of Joseph Shuster on November 10, 2003.

**Response to Document Request No. 28**

IPWW further objects to this request on the grounds that it is compound, duplicative, overbroad, burdensome and oppressive.  IPWW further objects to this request on the grounds that the phrases "RELATING" and "RELATING to the identification of IP WORLDWIDE" as used in the context of this request, are vague and ambiguous, and lack sufficient precision to allow it to formulate an appropriate response.  IPWW further objects to this request on the grounds that it is indefinite as to time, not reasonably limited in scope, and to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence.  IPWW additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing general and specific objections, IPWW is willing to meet and confer with Plaintiff regarding the tailoring of this request.

**Document Request No. 29**

All DOCUMENTS RELATING to the formation of IP WORLDWIDE.

**Response to Document Request No. 29**

IPWW objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive.  IPWW objects to this request on the grounds that the phrases "RELATING" and "RELATING to the formation" are vague and ambiguous, and lack sufficient precision to allow it to formulate an appropriate

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1   response.  IPWW further objects to this request on the grounds that it is indefinite

2   as to time and not reasonably limited in scope.  IPWW further objects to this

3   request in that it seeks the production of items not reasonably calculated to lead to

4   the discovery of relevant and admissible evidence.  IPWW objects to this request to

5   the extent that it seeks communications or items protected by the attorney-client

6   privilege, the joint interest privilege, the attorney work product doctrine and any

7   other privilege or immunity available under law or arising from contractual

8   obligation.  Subject to and without waiving the foregoing general and specific

9   objections, IPWW is willing to meet and confer with Plaintiff regarding the

10  tailoring of this request.

11  **Document Request No. 30**

12      All DOCUMENTS RELATING to the current corporate status of IP

13  WORLDWIDE.

14  **Response to Document Request No. 30**

15      IPWW objects to this request on the grounds that it is compound, overbroad,

16  burdensome and oppressive.  IPWW objects to this request on the grounds that the

17  phrases "<u>RELATING</u>" and "<u>RELATING to the current corporate status</u>" are vague

18  and ambiguous, and lack sufficient precision to allow it to formulate an appropriate

19  response.  IPWW further objects to this request on the grounds that it is indefinite

20  as to time and not reasonably limited in scope.  IPWW further objects to this

21  request in that it seeks the production of items not reasonably calculated to lead to

22  the discovery of relevant and admissible evidence.  IPWW objects to this request to

23  the extent that it seeks communications or items protected by the attorney-client

24  privilege, the joint interest privilege, the attorney work product doctrine and any

25  other privilege or immunity available under law or arising from contractual

26  obligation.  Subject to and without waiving the foregoing general and specific

27  objections, IPWW is willing to meet and confer with Plaintiff regarding the

28  tailoring of this request.

- 126 -

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

**Document Request No. 31**

All DOCUMENTS RELATING to the past and current ownership and management structure of IP WORLDWIDE, including operating agreements, capitalization schedules, capital accounts, filings, K-1S, and other financial forms.

**Response to Document Request No. 31**

IPWW objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive.  IPWW objects to this request on the grounds that the phrases "<u>RELATING</u>" and "<u>RELATING to the past and current ownership</u>" are vague and ambiguous, and lack sufficient precision to allow it to formulate an appropriate response.  IPWW further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope.  IPWW further objects to this request in that it seeks the production of items not reasonably calculated to lead to the discovery of relevant and admissible evidence.  IPWW objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing general and specific objections, IPWW is willing to meet and confer with Plaintiff regarding the tailoring of this request.

**Document Request No. 32**

All DOCUMENTS RELATING to any past, current, or planned business activity of IP WORLDWIDE.

**Response to Document Request No. 32**

IPWW objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive, as it requests documents "RELATING" to any activity IPWW has ever undertaken.  IPWW further objects to this request on the grounds that the term "<u>RELATING</u>" is vague and ambiguous, and lacks sufficient precision to allow it to formulate an appropriate response.  IPWW further objects to this

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1    request on the grounds that it is indefinite as to time and not reasonably limited in

2    scope.  IPWW further objects to this request to the extent that it seeks the

3    production of any item, or portion thereof, which is not reasonably calculated to

4    lead to the discovery of relevant and admissible evidence.  IPWW s additionally

5    objects to this request to the extent that it seeks communications or items protected

6    by the attorney-client privilege, the joint interest privilege, the attorney work

7    product doctrine and any other privilege or immunity available under law or arising

8    from contractual obligation.

9    **Document Request No. 33**

10    All DOCUMENTS RELATING to any past, current, or planned property in

11    which IP WORLDWIDE held, holds, or will hold an interest.

12    **Response to Document Request No. 33**

13    IPWW objects to this request on the grounds that it is compound, overbroad,

14    burdensome and oppressive, since it requests documents "RELATING" to any

15    property IPWW has ever owned or may own in the future.  IPWW further objects to

16    this request on the grounds that the term "<u>RELATING</u>" is vague and ambiguous,

17    and lacks sufficient precision to allow it to formulate an appropriate response.

18    IPWW further objects to this request on the grounds that it is indefinite as to time

19    and not reasonably limited in scope.  IPWW further objects to this request to the

20    extent that it seeks the production of any item, or portion thereof, which is not

21    reasonably calculated to lead to the discovery of relevant and admissible evidence.

22    IPWW s additionally objects to this request to the extent that it seeks

23    communications or items protected by the attorney-client privilege, the joint interest

24    privilege, the attorney work product doctrine and any other privilege or immunity

25    available under law or arising from contractual obligation.

26    **Document Request No. 34**

27    All DOCUMENTS RELATING to any individual or entity that currently

28    holds property or interests formerly held by IP WORLDWIDE.

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

EXHIBIT B
145

**Response to Document Request No. 34**

IPWW objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive.  IPWW further objects to this request on the grounds that the phrases "<u>RELATING</u>" and "<u>RELATING to any individual or entity that currently holds property or interests formerly held by IP WORLDWIDE</u>" are vague and ambiguous, and lack sufficient precision to allow it to formulate an appropriate response.  IPWW further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope.  IPWW further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence.  IPWW additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint-interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing general and specific objections, IPWW is willing to meet and confer with Plaintiff regarding the tailoring of this request.

**Document Request No. 35**

All DOCUMENTS RELATING to any past, current, or planned client of IP WORLDWIDE.

**Response to Document Request No. 35**

IPWW objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive, since it requests documents "RELATING" to any client IPWW has ever had or may have in the future. IPWW further objects to this request on the grounds that the term "<u>RELATING</u>" is vague and ambiguous, and lacks sufficient precision to allow it to formulate an appropriate response.  IPWW further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope.  IPWW further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1  calculated to lead to the discovery of relevant and admissible evidence.  IPWW

2  additionally objects to this request to the extent that it seeks communications or

3  items protected by the attorney-client privilege, the attorney work product doctrine

4  and any other privilege or immunity available under law or arising from contractual

5  obligation.

6  **Document Request No. 36**

7  　　　　All DOCUMENTS RELATING to any past or current member, employee, or

8  shareholder of IP WORLDWIDE.

9  **Response to Document Request No. 36**

10  　　　　IPWW objects to this request on the grounds that it is compound, overbroad,

11  burdensome and oppressive in that it requests any and all documents RELATING

12  to any past or current member, employee, or shareholder of IPWW.  IPWW further

13  objects to this request on the grounds that the term "RELATING" is vague and

14  ambiguous, and lacks sufficient precision to allow it to formulate an appropriate

15  response.  IPWW s further objects to this request on the grounds that it is indefinite

16  as to time and not reasonably limited in scope.  IPWW further objects to this

17  request to the extent that it seeks the production of any item, or portion thereof,

18  which is not reasonably calculated to lead to the discovery of relevant and

19  admissible evidence.  IPWW additionally objects to this request to the extent that it

20  seeks communications or items protected by the attorney-client privilege, the

21  attorney work product doctrine and any other privilege or immunity available under

22  law or arising from contractual obligation.

23  **Document Request No. 37**

24  　　　　All DOCUMENTS RELATING to any past, current, or planned partnership

25  or strategic alliance between IP WORLDWIDE and any individual or entity.

26  **Response to Document Request No. 27**

27  　　　　IPWW objects to this request on the grounds that it is compound, overbroad,

28  burdensome and oppressive, as it could be reasonably construed to request all

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

EXHIBIT B
147

1  documents RELATING to any business conducted by IPWW.  IPWW further

2  objects to this request on the grounds that the phrases "<u>RELATING</u>" and

3  "<u>RELATING to any past, current, or planned partnership or strategic alliance</u>" are

4  vague and ambiguous, and lack sufficient precision to allow it to formulate an

5  appropriate response.  IPWW further objects to this request on the grounds that it is

6  indefinite as to time and not reasonably limited in scope.  IPWW additionally

7  objects to this request to the extent that it seeks communications or items protected

8  by the attorney-client privilege, the joint-interest privilege, the attorney work

9  product doctrine and any other privilege or immunity available under law or arising

10  from contractual obligation.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

EXHIBIT B

1  **D.**    **IPW, LLC – Document Request Nos. 1-34 and General and Specific**

2      **Objections**

3              **OBJECTIONS TO THE ENTIRE REQUEST**

4          IPW objects to the entire Request on each of the following grounds and

5  incorporates by reference each of the following objections into its response to each

6  individual category of documents within it:

7          1.    IPW objects to each individual request within the Request to the extent

8  it is relevant only to the Fourth through Sixth state law claims for relief in DC's

9  First Amended Complaint ("FAC"). Defendants contend that their pending anti-

10 SLAPP motion stays discovery regarding these state law claims, as well as the

11 related Third Claim for Relief. *See* Cal. Code Civ. Proc. § 425.16(g); *Shady Grove*

12 *Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 130 S. Ct. 1431, 1452 (2010)

13 (Stevens, J., concurring); *Batzel v. Smith*, 333 F.3d 1018, 1024 (9th Cir. 2003);

14 *Godin v. Schencks*, 2010 U.S. App. LEXIS 25980 (1st Cir. Dec. 22, 2010).

15         2.    To the extent the Request and each document request therein seeks

16 documents concerning any agreement between the Shusters and Siegels to act

17 collectively in negotiations with DC regarding the settlement of their termination

18 claims ("Collective Bargaining"), IPW objects on the following grounds:  Any

19 documents that exist relating to Collective Bargaining contain and memorialize

20 attorney-client privileged communications and attorney work product and reveal

21 sensitive settlement strategy that would give DC an unfair advantage. Moreover, any

22 Collective Bargaining documents were prepared in connection with settlement

23 mediation in the closely related cases *Joanne Siegel, et al. v. Warner Bros.*

24 *Entertainment Inc., et al.*, Case No. 04-CV-8400 ODW (RZx) and *Joanne Siegel,*

25 *et al. v. Time Warner Inc., et al.,* Case No. 04-CV-8766 ODW (RZx) (collectively

26 "*Siegel* Litigation") and the use of such information plainly violates the parties'

27 May 1, 2008 JAMS Confidentiality Agreement. Moreover this disclosure is

28

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1   inconsistent with the policies of FRE 408 and California Evidence Code §§

2   1119 *et seq*., 1152.

3          3.     IPW objects to the Request and each document request therein to

4   the extent that it seeks the production of any item, or portion thereof, comprising

5   or reflecting information transmitted and maintained in confidence between IPW or

6   any person or entity acting on its behalf and for the purpose of obtaining legal advice

7   or representation, on the grounds that such information is protected from

8   disclosure by the attorney-client privilege and the joint-interest privilege. Such

9   documents will not be produced in response to the request, and any inadvertent

10  production thereof shall not be deemed a waiver of any privilege or doctrine with

11  respect to such documents. With respect to such documents, IPW hereby

12  incorporates by reference the privilege logs served by the Defendants in this

13  action on December 15, 2010.

14         4.     IPW objects to the Request and each document request therein to

15  the extent that it seeks the production of any item, or portion thereof, comprising

16  or reflecting information with any confidential impression, conclusion, opinion,

17  legal research, or legal theory of counsel for IPW or any other person or entity, on

18  the grounds that such information is protected from disclosure by the attorney

19  work product doctrine. Such documents will not be produced in response to the

20  request, and any inadvertent production thereof shall not be deemed a waiver of any

21  privilege or doctrine with respect to such documents. With respect to such

22  documents, IPW hereby incorporates by reference the privilege logs served by the

23  Defendants in this action on December 15, 2010.

24         5.     IPW objects to the Request and each document request therein to

25  the extent that it seeks the production of any item, or portion thereof, which is not

26  reasonably calculated to lead to the discovery of relevant and admissible evidence,

27  on the grounds that it exceeds the permissible scope of discovery delimited by

28  Rule 26(b)(1) of the Federal Rules of Civil Procedure.

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

6.      IPW objects to the Request and each document request therein to the extent that it seeks the production of any item, or portion thereof, comprising or reflecting any trade secret or other confidential or proprietary information of IPW or any other entity or person.

7.      IPW objects to the Request and each document request therein to the extent that it seeks the production of any item, or portion thereof, which is protected from disclosure by court order, or any privacy or similar rights of any person or entity.

8.      IPW objects to the Request and each document request therein to the extent that it is unduly burdensome, overly broad, impose extreme hardship, is oppressive and harassing, or would result in the expenditure of unnecessary time and resources.

9.      IPW objects to the Request and each document request therein to the extent that the expense of producing documents outweighs the likely benefit of discovery provided to Plaintiff.

10.  IPW objects to the Request and each document request therein to the extent that it seeks the production of duplicative identical items, or documents or information already in Plaintiff's possession, or by reason of public filing, publication or otherwise are readily accessible to Plaintiff through other means.

11.  IPW objects to the Request and each document request therein to the extent that it seeks the production of any item which has been served, filed, or transmitted in the course of this action, on the grounds that such production would be burdensome, oppressive, and unnecessary.

12.  IPW objects to the Request and each document request therein to the extent that it seeks the production of any item which has already been produced, served, or filed in the course of the related actions *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-CV-8400 ODW (RZx) and

- 134 -

1  *Joanne Siegel, et al. v. Time Warner Inc., et al.,* Case No. 04-CV-8766 ODW

2  (RZx) (collectively "*Siegel* Litigation"), on the grounds that such production would

3  be duplicative, burdensome, oppressive, and unnecessary.

4      13.   In making any document production, IPW will reference by their Bates

5  numbers documents already produced to DC in the *Siegel* Litigation, rather than

6  re-copy and reproduce such documents. IPW will not produce or designate by

7  Bates numbers documents IPW obtained solely as a result of a document

8  production by the other side in the *Siegel* Litigation.

9      14.   Consistent with the agreement governing privilege logs negotiated

10  by the parties concerning plaintiff and other defendants, IPW will not log

11  privileged communications or attorney work-product documents in either this case or

12  the *Siegel* Litigations, that (a) are internal communications by defendants'

13  counsel at the law firms of Toberoff & Associates, P.C. and Kendall Brill &

14  Klieger, L.L.P., or (b) between Toberoff & Associates P.C and defendants'

15  counsel at the law firm of Kendall, Brill & Klieger LLP. Logging such

16  documents would constitute an extraordinary interference by DC in the affairs of

17  its opposing counsel in both this action and the ongoing *Siegel* litigation.

18      15.   IPW objects to the Request and each document request therein to the

19  extent that it seeks the production of any item or document that is not the

20  property of IPW.  IPW will not produce any items or documents that are the property

21  of any other person or entity.

22      16.   IPW objects to the Request and each document request therein and

23  to the definitions and instructions therein to the extent that they purport to alter

24  or extend IPW's obligations beyond those established by the Federal Rules of

25  Civil Procedure, the Local Rules of the United States District Court for the Central

26  District of California, or any order or ruling by the Court in this action.

27      17.   IPW objects generally to the definitions of the terms "<u>YOU</u>,"

28  "<u>YOUR</u>"  and "<u>IPW</u>" as vague and ambiguous, overbroad and unduly burdensome,

- 135 -

1  especially with respect to the definition's reference to "attorneys". IPW will construe

2  these terms to refer to IPW.

3      18.   IPW objects generally to the definitions of the terms

4  "<u>DEFENDANT</u>" and "<u>DEFENDANTS</u>" as vague and ambiguous, overbroad and

5  unduly burdensome, especially with respect to the definition's reference to

6  "attorneys". IPW will construe these terms to refer only to the specific defendants

7  in this action.

8      19.   IPW objects generally to the definition of the term "<u>SHUSTER HEIRS</u>"

9  as vague and ambiguous, overbroad and unduly burdensome, especially with

10 respect to the definition's reference to "attorneys". Solely for the purposes of

11 these responses, and for no other purpose, IPW will construe this term to refer only

12 to the Estate of Joseph Shuster, Jean Peavy, Mark Warren Peary, Dawn Peavy and

13 Frank Shuster.

14     20.   IPW objects generally to the definition of the term "<u>SIEGEL HEIRS</u>" as

15 vague and ambiguous, overbroad and unduly burdensome, especially with

16 respect to the definition's reference to "attorneys". Solely for the purposes of these

17 responses, and for no other purpose, IPW will construe this term to refer only to

18 Joanne Siegel, Laura Siegel Larson, and Michael Siegel.

19     21.   IPW reserves the right to revise, amend, supplement or clarify any of the

20 objections set forth herein.

21          **<u>DOCUMENTS TO BE PRODUCED</u>**

22      **<u>SPECIFIC RESPONSES TO INDIVIDUAL REQUESTS</u>**

23 **<u>Document Request No. 1</u>**

24     All agreements between or among YOU and any DEFENDANT RELATING

25 to the SIEGEL HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

26 **<u>Response to Document Request No. 1</u>**

27     IPW objects to this request to the extent it seeks any privileged documents

28 concerning any collective bargaining of any settlement by the Shusters and Siegels

- 136 -

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1   and because Plaintiff's use of such information violates the parties' May 1, 2008

2   JAMS Confidentiality Agreement. IPW further objects to this request on the

3   grounds that the phrase "the SIEGEL HEIRS' purported rights in SUPERMAN

4   and/or SUPERBOY," is vague and ambiguous, and lacks sufficient precision to

5   allow it to formulate an appropriate response. IPW further objects to this request to

6   the extent that it seeks communications or items protected by the attorney-client

7   privilege, the joint-interest privilege, the attorney work product doctrine and any

8   other privilege or immunity available under law or arising from contractual

9   obligation. Subject to and without waiving the foregoing general and specific

10  objections, IPW has no responsive documents to this request.

11  **Document Request No. 2**

12      All agreements between or among YOU and any DEFENDANT RELATING

13  to the SHUSTER HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

14  **Response to Document Request No. 2**

15      IPW objects to this request to the extent it seeks any privileged documents

16  concerning any collective bargaining of any settlement by the Shusters and Siegels

17  and because Plaintiff's use of such information violates the parties' May 1, 2008

18  JAMS Confidentiality Agreement. IPW further objects to this request on the grounds

19  that the phrase "the SHUSTER HEIRS' purported rights in SUPERMAN and/or

20  SUPERBOY," is vague and ambiguous, and lacks sufficient precision to allow it to

21  formulate an appropriate response. IPW further objects to this request to the extent

22  that it seeks communications or items protected by the attorney-client privilege, the

23  joint-interest privilege, the attorney work product doctrine and any other privilege or

24  immunity available under law or arising from contractual obligation. Subject to and

25  without waiving the foregoing general and specific objections, IPW has no

26  responsive documents to this request.

27

28

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

EXHIBIT B

1    **Document Request No. 3**

2      All agreements between or among YOU and any third party RELATING to

3    the SIEGEL HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

4    **Response to Document Request No. 3**

5      IPW objects to this request on the grounds that the phrase "<u>RELATING</u>," is

6    vague and ambiguous, and lacks sufficient precision to allow it to formulate an

7    appropriate response. IPW additionally objects to this request to the extent that it

8    seeks communications or items protected by the attorney-client privilege, the joint-

9    interest privilege, the attorney work product doctrine and any other privilege or

10   immunity available under law or arising from contractual obligation. Subject to and

11   without waiving the foregoing general and specific objections, IPW will produce

12   non-privileged documents, if any, that are consistent with its understanding of this

13   request.

14   **Document Request No. 4**

15     All agreements between or among YOU and any third party RELATING to the

16   SHUSTER HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

17   **Response to Document Request No. 4**

18     IPW objects to this request on the grounds that the terms "<u>RELATING</u>," and

19   "<u>third party</u>" are vague and ambiguous, and lack sufficient precision to allow it to

20   formulate an appropriate response. IPW additionally objects to this request to the

21   extent that it seeks communications or items protected by the attorney-client

22   privilege, the joint-interest privilege, the attorney work product doctrine and any

23   other privilege or immunity available under law or arising from contractual

24   obligation. Subject to and without waiving the foregoing general and specific

25   objections, IPW will produce non-privileged documents, if any, that are consistent

26   with its understanding of this request. Subject to and without waiving the foregoing

27   general and specific objections, IPW will produce non-privileged documents, if any,

28   that are consistent with its understanding of this request.

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

EXHIBIT B
155

**Document Request No. 6**

All DOCUMENTS RELATING to the SIEGEL HEIRS.

**Response to Document Request No. 6**

IPW objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive. IPW further objects to this request on the grounds that the phrase "RELATING," is vague and ambiguous, and lacks sufficient precision to allow it to formulate an appropriate response. IPW further objects to this request on the grounds that it is indefinite as to time, not reasonably limited in scope, and to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. IPW additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint-interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing general and specific objections, IPW has no documents regarding SUPERMAN and/or SUPERBOY other than the agreement between IP Worldwide, LLC and the Siegels dated October 3, 2002 and the agreement dated August 17, 2004 assigning the IP Worldwide agreement to IPW for the remainder of its term, both of which have already been produced to Plaintiff in the Siegel Litigation.

**Document Request No. 7**

All DOCUMENTS RELATING to the SHUSTER HEIRS.

**Response to Document Request No. 7**

IPW objects to this request to the extent it seeks any privileged documents concerning any collective bargaining of any settlement by the Shusters and Siegels and because Plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement. IPW further objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive. IPW further

- 139 -

1   objects to this request on the grounds that the phrase "<u>RELATING</u>," is vague and

2   ambiguous, and lacks sufficient precision to allow it to formulate an appropriate

3   response. IPW further objects to this request on the grounds that it is indefinite as

4   to time, not reasonably limited in scope, and to the extent that it seeks the

5   production of any item, or portion thereof, which is not reasonably calculated to

6   lead to the discovery of relevant and admissible evidence. IPW additionally objects

7   to this request to the extent that it seeks communications or items protected by the

8   attorney-client privilege, the joint-interest privilege, the attorney work product

9   doctrine and any other privilege or immunity available under law or arising from

10  contractual obligation. Subject to and without waiving the foregoing general and

11  specific objections, IPW will produce non-privileged documents, if any, that are

12  consistent with its understanding of this request.

13  **Document Request No. 16**

14          All COMMUNICATIONS RELATING to any disclosure of a potential or

15  actual conflict of interest by or to YOU or any DEFENDANT.

16  **Response to Document Request No. 16**

17          IPW objects to this request in that it seeks the production of items not

18  reasonably calculated to lead to the discovery of relevant and admissible evidence.

19  IPW further objects to this request on the grounds that it is compound, duplicative,

20  overbroad, burdensome and oppressive. IPW further objects to this request on the

21  grounds that the terms "<u>RELATING</u>" and "<u>disclosure of a potential or actual</u>

22  <u>conflict of interest by or to YOU or any DEFENDANT</u>" are vague and ambiguous,

23  and lack sufficient precision to allow it to formulate an appropriate response. IPW

24  further objects to this request on the grounds that it is indefinite as to time and

25  not reasonably limited in scope. IPW additionally objects to this request as it seeks

26  communications or items protected by the attorney-client privilege, the joint-interest

27  privilege, the attorney work product doctrine and to the extent it seeks the

28

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

EXHIBIT B
157

1   production of items protected by any other privilege or immunity available under

2   law or arising from contractual obligation.

3   **Document Request No. 17**

4   All DOCUMENTS RELATING to any waiver or acknowledgement of a

5   potential or actual conflict of interest by or to YOU or any DEFENDANT.

6   **Response to Document Request No. 17**

7   IPW objects to this request in that it seeks the production of items not

8   reasonably calculated to lead to the discovery of relevant and admissible

9   evidence. IPW further objects to this request on the grounds that it is compound,

10  duplicative, overbroad, burdensome and oppressive. IPW further objects to this

11  request on the grounds that the terms "<u>RELATING</u>" and "<u>acknowledgment of a</u>

12  <u>potential or actual conflict of interest by or to YOU or any DEFENDANT</u>" are

13  vague and ambiguous, and lack sufficient precision to allow it to formulate an

14  appropriate response. IPW further objects to this request on the grounds that it is

15  indefinite as to time and not reasonably limited in scope. IPW additionally objects

16  to this request as it seeks communications or items protected by the attorney-client

17  privilege, the joint-interest privilege, the attorney work product doctrine and to the

18  extent it seeks the production of items protected by any other privilege or immunity

19  available under law or arising from contractual obligation.

20  **Document Request No. 20**

21  All DOCUMENTS RELATING to the transfer of any property or interest

22  from DEFENDANT IP Worldwide, LLC to IPW.

23  **Response to Document Request No. 20**

24  IPW further objects to this request on the grounds that it is compound,

25  duplicative, overbroad, burdensome and oppressive. IPW objects to this request on

26  the grounds that the terms "<u>RELATING</u>" and "<u>involvement</u>" are vague and

27  ambiguous, and lack sufficient precision to allow it to formulate an appropriate

28  response. IPW further objects to this request on the grounds that it is indefinite as

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

EXHIBIT B

1   to time and not reasonably limited in scope. IPW additionally objects to this request

2   to the extent that it seeks communications or items protected by the attorney-

3   client privilege, the joint-interest privilege, the attorney work product doctrine

4   and any other privilege or immunity available under law or arising from

5   contractual obligation. Subject to and without waiving the foregoing general

6   and specific objections, IPW will produce responsive non-privileged documents

7   regarding the transfer of any property or interest in Superman and/or Superboy

8   from DEFENDANT IP Worldwide, LLC to IPW, consistent with its understanding of

9   this request.

10   **Document Request No. 21**

11       All DOCUMENTS RELATING to YOUR assertion in the Certification of

12   Interested Parties filed on YOUR behalf in the above-entitled case on July 15, 2010

13   that YOU have "no pecuniary interest in the matters that are the subject of Plaintiff's

14   Third and Sixth Causes of action."

15   **Response to Document Request No. 21**

16       IPW objects to this request on the grounds that it is compound, overbroad,

17   burdensome and oppressive. IPW objects to this request on the grounds that the term

18   "RELATING" is vague and ambiguous, and lacks sufficient precision to allow it to

19   formulate an appropriate response. IPW further objects to this request on the

20   grounds that it is indefinite as to time and not reasonably limited in scope. IPW

21   further objects to this request to the extent that it seeks the production of any item, or

22   portion thereof, which is not reasonably calculated to lead to the discovery of

23   relevant and admissible evidence. IPW additionally objects to this request to the

24   extent that it seeks communications or items protected by the attorney-client

25   privilege, the joint-intertest privilege, the attorney work product doctrine and any

26   other privilege or immunity available under law or arising from contractual

27   obligation. Subject to and without waiving the foregoing general and specific

28

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1  objections, IPW will produce responsive non-privileged documents, if any,

2  consistent with its understanding of this request.

3  **Document Request No. 22**

4       All DOCUMENTS RELATING to Ari Emanuel.

5  **Response to Document Request No. 22**

6       IPW objects to this request on the grounds that it is compound, overbroad,

7  burdensome and oppressive. IPW objects to this request on the grounds that the term

8  "RELATING" is vague and ambiguous, and lacks sufficient precision to allow it to

9  formulate an appropriate response. IPW further objects to this request on the

10  grounds that it is indefinite as to time and not reasonably limited in scope. IPW

11  further objects to this request to the extent that it seeks the production of any item, or

12  portion thereof, which is not reasonably calculated to lead to the discovery of

13  relevant and admissible evidence. IPW additionally objects to this request to the

14  extent that it seeks communications or items protected by the attorney-client

15  privilege, the joint interest privilege, the attorney work product doctrine and any

16  other privilege or immunity available under law or arising from contractual

17  obligation.

18  **Document Request No. 23**

19       All DOCUMENTS RELATING to any COMMUNICATIONS with Ari

20  Emanuel.

21  **Response to Document Request No. 23**

22       IPW objects to this request on the grounds that it is compound, overbroad,

23  burdensome and oppressive. IPW objects to this request on the grounds that the term

24  "RELATING" is vague and ambiguous, and lacks sufficient precision to allow it to

25  formulate an appropriate response. IPW further objects to this request on the

26  grounds that it is indefinite as to time and not reasonably limited in scope. IPW

27  further objects to this request to the extent that it seeks the production of any item, or

28  portion thereof, which is not reasonably calculated to lead to the discovery of

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1  relevant and admissible evidence. IPW additionally objects to this request to the

2  extent that it seeks communications or items protected by the attorney-client

3  privilege, the joint interest privilege, the attorney work product doctrine and any

4  other privilege or immunity available under law or arising from contractual

5  obligation.

6  **Document Request No. 24**

7       All DOCUMENTS RELATING to the formation of IPW.

8  **Response to Document Request No. 24**

9       IPW objects to this request on the grounds that it is compound, overbroad,

10  burdensome and oppressive. IPW objects to this request on the grounds that the

11  phrases "<u>RELATING</u>" and "<u>RELATING to the formation</u>" are vague and

12  ambiguous, and lack sufficient precision to allow it to formulate an appropriate

13  response. IPW further objects to this request on the grounds that it is indefinite as

14  to time and not reasonably limited in scope. IPW further objects to this request in

15  that it seeks the production of items not reasonably calculated to lead to the discovery

16  of relevant and admissible evidence. IPW objects to this request to the extent that

17  it seeks communications or items protected by the attorney-client privilege, the joint

18  interest privilege, the attorney work product doctrine and any other privilege or

19  immunity available under law or arising from contractual obligation. Subject to and

20  without waiving the foregoing general and specific objections, IPW is willing to meet

21  and confer with Plaintiff regarding the tailoring of this request.

22  **Document Request No. 25**

23       All DOCUMENTS RELATING to the current corporate status of IPW.

24  **Response to Document Request No. 25**

25       IPW objects to this request on the grounds that it is compound, overbroad,

26  burdensome and oppressive. IPW objects to this request on the grounds that the

27  phrases "<u>RELATING</u>" and "<u>RELATING to the current corporate status</u>" are

28  vague and ambiguous, and lack sufficient precision to allow it to formulate an

- 144 -

1 appropriate response. IPW further objects to this request on the grounds that it is

2 indefinite as to time and not reasonably limited in scope. IPW further objects to this

3 request in that it seeks the production of items not reasonably calculated to lead to

4 the discovery of relevant and admissible evidence. IPW objects to this request to

5 the extent that it seeks communications or items protected by the attorney-client

6 privilege, the joint interest privilege, the attorney work product doctrine and any

7 other privilege or immunity available under law or arising from contractual

8 obligation. Subject to and without waiving the foregoing general and specific

9 objections, IPW is willing to meet and confer with Plaintiff regarding the tailoring

10 of this request.

11 **Document Request No. 26**

12    All DOCUMENTS RELATING to the past and current ownership and

13 management structure of IPW, including operating agreements, capitalization

14 schedules, capital accounts, shares, filings, and other financial forms.

15 **Response to Document Request No. 26**

16    IPW objects to this request on the grounds that it is compound, overbroad,

17 burdensome and oppressive. IPW objects to this request on the grounds that the

18 phrases "RELATING" and "RELATING to your past and current ownership" are

19 vague and ambiguous, and lack sufficient precision to allow it to formulate an

20 appropriate response. IPW further objects to this request on the grounds that it is

21 indefinite as to time and not reasonably limited in scope. IPW further objects to this

22 request in that it seeks the production of items not reasonably calculated to lead to the

23 discovery of relevant and admissible evidence. IPW objects to this request to the

24 extent that it seeks communications or items protected by the attorney-client

25 privilege, the joint interest privilege, the attorney work product doctrine and any

26 other privilege or immunity available under law or arising from contractual

27 obligation. Subject to and without waiving the foregoing general and specific

28

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1    objections, IPW is willing to meet and confer with Plaintiff regarding the tailoring

2    of this request.

3    **Document Request No. 27**

4        All DOCUMENTS RELATING to any past, current, or planned business

5    activity of IPW.

6    **Response to Document Request No. 27**

7        IPW objects to this request on the grounds that it is compound, overbroad,

8    burdensome and oppressive, as it requests documents "RELATING" to any

9    activity IPW has ever undertaken. IPW further objects to this request on the grounds

10   that the term "<u>RELATING</u>" is vague and ambiguous, and lacks sufficient precision

11   to allow it to formulate an appropriate response. IPW further objects to this

12   request on the grounds that it is indefinite as to time and not reasonably limited

13   in scope. IPW further objects to this request to the extent that it seeks the production

14   of any item, or portion thereof, which is not reasonably calculated to lead to the

15   discovery of relevant and admissible evidence. IPW s additionally objects to this

16   request to the extent that it seeks communications or items protected by the

17   attorney-client privilege, the joint interest privilege, the attorney work product

18   doctrine and any other privilege or immunity available under law or arising from

19   contractual obligation.

20   **Document Request No. 28**

21       All DOCUMENTS RELATING to any past, current, or planned property in

22   which IPW held, holds, or will hold an interest.

23   **Response to Document Request No. 28**

24       IPW objects to this request on the grounds that it is compound, overbroad,

25   burdensome and oppressive, since it requests documents "RELATING" to any

26   property IPW has ever owned or may own in the future. IPW further objects to this

27   request on the grounds that the term "<u>RELATING</u>" is vague and ambiguous, and

28   lacks sufficient precision to allow it to formulate an appropriate response. IPW

- 146 -

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1    further objects to this request on the grounds that it is indefinite as to time and not

2    reasonably limited in scope. IPW further objects to this request to the extent that it

3    seeks the production of any item, or portion thereof, which is not reasonably

4    calculated to lead to the discovery of relevant and admissible evidence. IPW

5    additionally objects to this request to the extent that it seeks communications or items

6    protected by the attorney-client privilege, the joint interest privilege, the attorney

7    work product doctrine and any other privilege or immunity available under law or

8    arising from contractual obligation.

9    **Document Request No. 29**

10    All DOCUMENTS RELATING to any individual or entity that currently holds

11    property or interests formerly held by IPW.

12    **Response to Document Request No. 29**

13    IPW objects to this request on the grounds that it is compound, overbroad,

14    burdensome and oppressive. IPW further objects to this request on the grounds

15    that the phrases "<u>RELATING</u>" and "<u>RELATING to any individual or entity that</u>

16    <u>currently holds property or interests formerly held by IPW</u>" are vague and ambiguous,

17    and lack sufficient precision to allow it to formulate an appropriate response. IPW

18    further objects to this request on the grounds that it is indefinite as to time and

19    not reasonably limited in scope. IPW further objects to this request to the extent

20    that it seeks the production of any item, or portion thereof, which is not

21    reasonably calculated to lead to the discovery of relevant and admissible evidence.

22    IPW additionally objects to this request to the extent that it seeks communications or

23    items protected by the attorney-client privilege, the joint-interest privilege, the

24    attorney work product doctrine and any other privilege or immunity available

25    under law or arising from contractual obligation. Subject to and without waiving

26    the foregoing general and specific objections, IPW is willing to meet and confer

27    with Plaintiff regarding the tailoring of this request.

28

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

EXHIBIT B

1  **Document Request No. 30**

2      All DOCUMENTS RELATING to any past, current, or planned client of IPW.

3  **Response to Document Request No. 30**

4      IPW objects to this request on the grounds that it is compound, overbroad,

5  burdensome and oppressive, since it requests documents "RELATING" to any client

6  IPW has ever had or may have in future. IPW further objects to this request on the

7  grounds that the term "<u>RELATING</u>" is vague and ambiguous, and lack sufficient

8  precision to allow it to formulate an appropriate response. IPW further objects to this

9  request on the grounds that it is indefinite as to time and not reasonably limited in

10  scope. IPW further objects to this request to the extent that it seeks the production

11  of any item, or portion thereof, which is not reasonably calculated to lead to the

12  discovery of relevant and admissible evidence. IPW additionally objects to this

13  request to the extent that it seeks communications or items protected by the attorney-

14  client privilege, the attorney work product doctrine and any other privilege or

15  immunity available under law or arising from contractual obligation.

16  **Document Request No. 31**

17      All DOCUMENTS RELATING to any past or current member, employee, or

18  shareholder of IPW.

19  **Response to Document Request No. 31**

20      IPW objects to this request on the grounds that it is compound, overbroad,

21  burdensome and oppressive in that it requests any and all documents RELATING

22  to any past or current member, employee, or shareholder of IPW. IPW further

23  objects to this request on the grounds that the term "<u>RELATING</u>" is vague and

24  ambiguous, and lacks sufficient precision to allow it to formulate an appropriate

25  response. IPW s further objects to this request on the grounds that it is indefinite as

26  to time and not reasonably limited in scope. IPW further objects to this request to

27  the extent that it seeks the production of any item, or portion thereof, which is not

28  reasonably calculated to lead to the discovery of relevant and admissible evidence.

- 148 -

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1    IPW additionally objects to this request to the extent that it seeks communications or

2    items protected by the attorney-client privilege, the attorney work product doctrine

3    and any other privilege or immunity available under law or arising from

4    contractual obligation.

5    **Document Request No. 32**

6        All DOCUMENTS RELATING to any past, current, or planned partnership or

7    strategic alliance between IPW and any individual or entity.

8    **Response to Document Request No. 32**

9        IPW objects to this request on the grounds that it is compound, overbroad,

10   burdensome and oppressive. , as it could be reasonably construed to request all

11   documents RELATING to any business conducted by IPW. IPW further objects to

12   this request on the grounds that the phrases "RELATING" and "RELATING to any

13   past, current, or planned partnership or strategic alliance" are vague and

14   ambiguous, and lack sufficient precision to allow it to formulate an appropriate

15   response. IPW further objects to this request on the grounds that it is indefinite as

16   to time and not reasonably limited in scope. IPW additionally objects to this

17   request to the extent that it seeks communications or items protected by the

18   attorney-client privilege, the joint-interest privilege, the attorney work product

19   doctrine and any other privilege or immunity available under law or arising from

20   contractual obligation.

21   **Document Request No. 33**

22       All DOCUMENTS RELATING to any claim of insurance you have asserted

23   regarding this action.

24   **Response to Document Request No. 33**

25       IPW objects to this request on the grounds that it is compound, overbroad,

26   burdensome and oppressive. IPW further objects to this request on the grounds

27   that the term "RELATING" is vague and ambiguous, and lacks sufficient

28   precision to allow it to formulate an appropriate response. IPW further objects to

- 149 -

1  this request on the grounds that it is indefinite as to time and not reasonably limited

2  in scope. IPW further objects to this request to the extent that it seeks the production

3  of any item, or portion thereof, which is not reasonably calculated to lead to the

4  discovery of relevant and admissible evidence. IPW objects to this request to the

5  extent that it seeks communications or items protected by the attorney-client

6  privilege, the joint interest privilege, the attorney work product doctrine and any

7  other privilege or immunity available under law or arising from contractual

8  obligation. Subject to and without waiving the foregoing general and specific

9  objections, IPW will produce responsive non-privileged documents, if any,

10  consistent with its understanding of this request.

11

12  (underlining added)

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

EXHIBIT B

1  DANIEL M. PETROCELLI (S.B. #097802)
     dpetrocelli@omm.com
2  MATTHEW T. KLINE (S.B. #211640)
     mkline@omm.com
3  CASSANDRA L. SETO (S.B. #246608)
     cseto@omm.com
4  O'MELVENY & MYERS LLP
   1999 Avenue of the Stars, 7th Floor
5  Los Angeles, CA  90067-6035
   Telephone:  (310) 553-6700
6  Facsimile:   (310) 246-6779

7  PATRICK T. PERKINS (admitted *pro hac vice*)
     pperkins@ptplaw.com
8  PERKINS LAW OFFICE, P.C.
   1711 Route 9D
9  Cold Spring, NY 10516
   Telephone:  (845) 265-2820
10 Facsimile:   (845) 265-2819

11 Attorneys for Plaintiff DC Comics

12 (continued on next page)

13              **UNITED STATES DISTRICT COURT**

14              **CENTRAL DISTRICT OF CALIFORNIA**

15 DC COMICS,                         Case No.  CV 10-3633 ODW (RZx)

16              Plaintiff,            **DISCOVERY MATTER**

17       v.                          **JOINT STIPULATION
                                      REGARDING DC COMICS'**
18 PACIFIC PICTURES                  **MOTION TO COMPEL SIX**
   CORPORATION, IP WORLDWIDE,        **INTERROGATORY RESPONSES**
19 LLC, IPW, LLC, MARC TOBEROFF,     **FROM DEFENDANT TOBEROFF**
   an individual, MARK WARREN
20 PEARY, as personal representative of   NOTICE OF MOTION AND
   the ESTATE OF JOSEPH SHUSTER,     MOTION, DECLARATION OF
21 JEAN ADELE PEAVY, an individual,  DANIEL M. PETROCELLI, AND
   JOANNE SIEGEL, an individual,     [PROPOSED] ORDER FILED
22 LAURA SIEGEL LARSON, an           CONCURRENTLY HEREWITH
   individual, and DOES 1-10, inclusive,
23              Defendants.          **Judge**:       Hon. Otis D. Wright II
24                                   **Magistrate**:   Hon. Ralph Zarefsky
25
26                                   **Hearing Date**:    April 25, 2011
                                     **Hearing Time**:    10:00 a.m.
27

28

1    (continued from previous page)

2    MARC TOBEROFF (S.B. #188547)
3      mtoberoff@ipwla.com
     NICHOLAS C. WILLIAMSON (S.B. #231124)
4      nwilliamson@ipwla.com
     KEITH G. ADAMS (S.B. #240497)
5      kgadams@ipwla.com
     TOBEROFF & ASSOCIATES, P.C.
6    2049 Century Park East, Suite 2720
7    Los Angeles, California 90067
     Telephone:   (310) 246-3333
8    Facsimile:    (310) 246-3101

9    Attorneys for Defendants Mark Warren
10   Peary, Jean Peavy, Joanne Siegel, and
     Laura Siegel Larson

11
     RICHARD B. KENDALL (S.B. #90072)
12     rkendall@kbkfirm.com
     LAURA W. BRILL (S.B. #195889)
13     lbrill@kbkfirm.com
     NICHOLAS F. DAUM (S.B. #236155)
14     ndaum@kbkfirm.com
     NATHALIE E. COHEN (S.B. #258222)
15     ncohen@kbkfirm.com
     KENDALL BRILL & KLIEGER LLP
16   10100 Santa Monica Blvd., Suite 1725
17   Los Angeles, California 90067
     Telephone:   (310) 556-2700
18   Facsimile:    (310) 556-2705

19
     Attorneys for Defendants Marc Toberoff,
20   Pacific Pictures Corporation, IP
21   Worldwide, LLC, and IPW, LLC

22

23

24

25

26

27

28

                                        JOINT STIPULATION RE:
                                   DC COMICS' MOTION TO COMPEL

EXHIBIT B
169

1          Pursuant to Federal Rules of Civil Procedure 26, 33, and 37 and Central

2     District Local Rule 37-2, the parties respectfully submit the following Joint

3     Stipulation Regarding DC Comics' Motion to Compel Interrogatory Responses.

4     Pursuant to Central District Local Rule 37-1, the parties have attempted

5     unsuccessfully to resolve their disputes and therefore seek the assistance of the

6     Court.

7

8     Dated:        April 4, 2011                Respectfully Submitted,

9                                               O'MELVENY & MYERS LLP

10

11                                              By:_____

12                                                  Daniel M. Petrocelli
                                                   Attorneys for Plaintiff DC Comics

13    Dated:        April 4, 2011                Respectfully Submitted,

14                                               KENDALL BRILL & KLIEGER LLP

15

16                                              By:_____

17                                                  Richard B. Kendall
                                                   Attorneys for Defendants Marc
18                                                 Toberoff, Pacific Pictures
                                                   Corporation, IP Worldwide, LLC,
19                                                 and IPW, LLC

20

21

22

23

24

25

26

27

28

                                                      JOINT STIPULATION RE:
                                               DC COMICS' MOTION TO COMPEL

EXHIBIT B
170

1  | **I.    DC COMICS' INTRODUCTORY STATEMENT**

2  DC hereby moves to compel complete responses to Interrogatories Number

3  9, 13-15, and 17-18 that it served on defendant Marc Toberoff.  These six

4  interrogatories seek information related to the Toberoff Timeline, its author (David

5  Michaels), and investigations the Toberoff defendants have initiated regarding the

6  Timeline and its author.  The fundamental problem with defendants' responses is

7  that they neither "include sufficient detail to respond fully," nor represent "a

8  conscientious and good faith effort to comprehend the question and to answer it

9  explicitly."  7 CLAUDIA WILKEN, MOORE'S FED. PRAC. § 33.101 (2011).

10  Defendants' objections to DC's interrogatories also must be overruled.  The

11  Court rightly ruled in September that DC may conduct discovery about the

12  Timeline, and defendants chose to place their interactions with the government

13  concerning the Timeline squarely at issue in their pending SLAPP briefing.  While

14  defendants assert their dealings with the government should now be shrouded in

15  privilege, the overwhelming weight of case law rejects their position.

16  None of defendants' objections has merit:

17  • Defendants have not identified any authority to assert a "joint interest"

18  with the government that would shield the communications at issue here.

19  Nor have defendants produced any document reflecting their alleged

20  "agreement" creating this asserted privileged relationship, even though it

21  is their burden to do so.  Defendants' sweeping claims of attorney-client

22  privilege and work-product are also off the mark.  Defendants have

23  provided no explanation or foundation to test the basis for these

24  objections.  *E.g. U.S. v. Martin*, 278 F.3d 988, 1000 (9th Cir. 2002).

25  • Defendants also object to DC's interrogatories to the extent they seek

26  "any trade secret or other confidential or proprietary information" or

27  information "protected from disclosure by court order, or any privacy or

28  similar rights."  Defendants make no effort to identify the information—*if*

- 2 -

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1    *any*—that they assert is protected, let alone any basis to test such claims.

2    Such opaque and conclusory claims of confidentiality are inadequate.

3    *E.g., Nat'l Acad. of Recording Arts & Scis., Inc. v. On Point Events, LP*,

4    256 F.R.D. 678, 683 (C.D. Cal. 2009).

5    •   Defendants have made no specific showing why DC's interrogatories are

6    "overbroad and unduly burdensome."  Such "general or boilerplate

7    objections … are improper" and should be overruled.  *A. Farber &*

8    *Partners, inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006).  So, too,

9    should defendants' blanket "vagueness" and "ambiguity" objections,

10   which provide no explanation why DC's requests are infirm.  *E.g.*,

11   *Marchland v. Mercy Med. Ctr.*, 22 F.3d 933, 938 (9th Cir. 1994).

12   •   Despite objecting to every interrogatory on relevance grounds, defendants

13   do not explain why any specific request is irrelevant.  Such boilerplate

14   objections amount to no objection at all.  *E.g.*, *Walker v. Lakewood*

15   *Condo. Owners Ass'n*, 186 F.R.D. 584, 587 (C.D. Cal. 1999).

16   •   There can be no dispute that evidence about the Timeline and defendants'

17   efforts to silence its author is relevant.  DC's First and Third through

18   Sixth Claims all implicate facts, documents, and circumstances described

19   in the Timeline—as well as the many events and documents the Timeline

20   describes and encloses.  Defendants' efforts to silence the Timeline's

21   author are probative of DC's claims and defendants' intent and credibility,

22   and DC is entitled to know what defendants said to the government about

23   the Timeline, its author, and this case—as well as what documents

24   defendants shared with the government.  This evidence is relevant to DC's

25   claim that defendants' waived any applicable privileges by selectively

26   disclosing this information to a third party.

27

28

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

EXHIBIT B
172

## II.    DEFENDANTS' INTRODUCTORY STATEMENT

[TO BE INSERTED]

## III.   DC'S INTERROGATORIES, DEFENDANTS' RESPONSES, AND BOTH SIDES' POSITIONS REGARDING THE SAME

To avoid repetition, DC divides into three groups the six interrogatories for which seeks to compel further answers.  Consistent with the Court's Local Rules, DC includes defendants' response before turning to the next group.  Defendants repeat the same general objections to DC's interrogatories as they do to DC's requests for production of documents.  Those boilerplate objections fail for the reasons stated above and in DC's contemporaneously filed motion to compel concerning defendants' document production and privilege logs.  To avoid duplication, DC will not repeat those arguments below.

### A.   The First Group:  Interrogatories No. 9 and 25

**Interrogatory No. 9**

DESCRIBE[1] in detail any and all COMMUNICATIONS between YOU and any law enforcement official, including anyone employed by the United States Attorney's Office for the Central District of California and/or the Federal Bureau of Investigation, regarding the TOBEROFF TIMELINE AUTHOR and/or the TOBEROFF TIMELINE.

**Response to Interrogatory No. 9**

Toberoff objects to this interrogatory to the extent that it seeks information which is not reasonably calculated to lead to the discovery of relevant and admissible evidence, as any "investigation" by Toberoff or anyone else as to the author of the TOBEROFF TIMELINE is not relevant to any of the claims for relief in this action.  Toberoff additionally objects to this interrogatory to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing general and specific objections, Toberoff responds, without limitation, as follows:

---

[1] The definitions for all of the capitalized terms appearing in this motion can be found in Appendix A, *infra*.

- 5 -

- •      In or about November 2007: Toberoff met with Stanley Ornellas, of the Los Angeles FBI Field Office, regarding the Stolen Documents.
- •      Summer-Fall 2010:  Toberoff held a telephone conference with Beong-Soo Kim, Deputy Chief of the Major Frauds section of the U.S. Attorney's Office, and Brian Klein, Assistant U.S. Attorney, U.S. Attorney's Office regarding the Stolen Documents, followed by an in-person meeting with Mr. Kim and others of the U.S. Attorneys' Office. David Michaels was disclosed as suspected of having stolen the Stolen Documents and thereafter furnishing attorney-client privileged information to Warner Bros.
- •      September 9, 2010:  Grand Jury Subpoena served on Toberoff requesting copies of the Timeline and Stolen Documents.
- •      September 27, 2010:  Timeline and Stolen Documents provided to U.S. Attorneys Office by Kendall, Brill & Klieger pursuant to Grand Jury Subpoena, subject to an express agreement by the U.S. Attorney's Office that the U.S. Attorney's Office would hold such material as confidential and privileged, that such provision was made in furtherance of a common interest privilege, and that such provision was without waiver of the attorney-client privilege or attorney work product doctrine.

**Interrogatory No. 25**

DESCRIBE in detail any and all COMMUNICATIONS YOU have had with any PERSON other than a party to the above-entitled action RELATED to the TOBEROFF TIMELINE AUTHOR and/or the TOBEROFF TIMELINE.

**Response to Interrogatory No. 25**

Toberoff objects to this interrogatory to the extent that it seeks information which is not reasonably calculated to lead to the discovery of relevant and admissible evidence, as any "investigation" by Toberoff or anyone else as to the author of the TOBEROFF TIMELINE is not relevant to any of the claims for relief in this action.  Toberoff additionally objects to this interrogatory to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and

- 6 -

1    without waiving the foregoing general and specific objections, Toberoff

2    responds, without limitation, as follows:

3    Toberoff has had communications with his attorneys in this action

     at Kendall, Brill & Klieger and with the attorneys at Toberoff &

4    Associates P.C. as well as communications with Stanley Ornellas at the

5    FBI, Beong-soo Kim, Deputy Chief of the Major Frauds section at the

6    U.S. Attorney's Office, and Brian Klein, Assistant U.S. Attorney, U.S.

     Attorney's Office as set forth in Responses Nos. 5, 9 and 13.

7

8    *1. DC's Position On Interrogatories No. 9 and 25*

9    Both the Toberoff Timeline, and the many facts and documents it discloses

10   are relevant to DC's claims for relief in this case (save for the second claim, which

11   focuses on the scope of the Shuster heirs' copyright termination notice).  Compl. at

12   ¶¶ 1-11, 58-91, 102-04, 129-133, 165-189; Docket Nos. 61 at 5-6, 36-37, 40-45;

13   181 at 1, 3-8, 12-18, 22-25; 182 at ¶¶ 41-47; 184 at 1-2, 4-13; 185 at 1-5, 11-14;

14   186 at 3-4, 17-20.  Defendants sought to prevent DC from using the Timeline in

15   this case, but the Magistrate denied that motion, and the District Court has not ruled

16   on defendants' objections to that ruling—meaning the Magistrate's ruling controls.

17   Docket Nos. 74 at 1; 95 at 56:9-10 ("[DC] may conduct discovery about [the

18   Timeline].");  118 at 1-4.

19   In addition to moving to bar DC's use of the Timeline, defendants have tried

20   to cast doubt on the document or silence its author, David Michaels, by

21   encouraging the local U.S. Attorney's office to investigate him.  *See* Joint Stip. Re

22   DC Comics' Mot. To Compel The Production Of Documents & Amended Privilege

23   Logs From The Toberoff Defs. at __-__ (filed herewith) ("DC's Doc. Mot.").

24   DC is entitled to discover information regarding defendants' interactions

25   with the government as they relate to the Timeline, Michaels, and this case.  *See,*

26   *e.g., U.S. v. Thomas*, 86 F.3d 647, 654 (7th Cir.1996) ("[T]hreat evidence can be

27   relevant to explain a witness' inconsistent statements, delays in testifying, or even

28   courtroom demeanor indicating intimidation.").  Indeed, defendants put the

- 7 -

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1   investigation activities of the U.S. Attorney's office directly at issue by way of

2   Toberoff's October 2010 declaration in support of defendants' pending SLAPP

3   motion:

> The theft of privileged documents from my law offices and their transmittal with an anonymous cover letter, entitled the "Toberoff Timeline," to DC's in-house legal team, as well as to other executives of DC's parent company, Warner Bros., by a former junior attorney at my firm, is the subject of an ongoing grand jury investigation initiated by the United States Attorney for the Central District of California.

8   Docket No. 99-1 ¶ 14.  As both federal and state law make clear, DC is entitled to

9   discovery to oppose defendants' SLAPP motion—and this includes discovery

10  relating to the Timeline and defendants' efforts to silence Michaels.  *E.g.,*

11  *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001); Docket No. 92

12  at 8-11; *Shropshire v. Fred Rappaport Co.*, 294 F. Supp. 2d 1085, 1100 (N.D. Cal.

13  2003); *Lafayette Morehouse, Inc. v. Chronicle Publ'g Co.*, 37 Cal. App. 4th 855,

14  868 (1995); CAL. CIV. PROC. CODE § 425.16(g); Docket Nos. 181 at 1-2, 9-11; 182

15  at 1-2.

16      Interrogatories Number 9 and 25 ask defendants to "DESCRIBE in detail"

17  their communications with the government and others regarding the Timeline and

18  its author.  Defendants' barebones answers do not "set forth fully and in detail all

19  factual information and data that are in any way RELATED to the subject matter,"

20  as required.  *Infra* Appendix A at __.

21      Defendants' response to Interrogatory No. 9 generally describes Toberoff's

22  and his counsel's communications with the FBI and U.S. Attorney's office over the

23  course of years, but the cursory description omits exact dates of their contacts, fails

24  to differentiate between separate communications within any given period of time,

25  and only gives the barest indication of the substance of those communications—if

26  any.  *Cf. Nickerman v. Remco Hydraulics, Inc.*, 2007 WL 3407437, at *3 (N.D. Cal.

27  Nov. 13, 2007) (interrogatory responses deficient because they lacked "basic,

28  specific details such as dates and the names of [defendant's] employees").

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1    Defendants' privilege logs reveal that, between July 27 and October 21, 2010,

2    Toberoff and his lawyers exchanged at least 13 communications with U.S.

3    Attorney's office—and these are just the *written* communications the parties had.

4    *Id.* I at 408-417 (Entries 3130, 3147-51, 3158-3161, 3217, 3228 and 3284).

5    Nowhere in Toberoff's interrogatory responses are these communications identified

6    or described.  Nor do defendants describe the contents of the telephone and in-

7    person meetings they had with the government, or the contents of the meeting that

8    Toberoff said he had with the FBI.  *See supra* at ___.

9         Defendants' failure to provide forthright responses is a clear violation of

10   DC's rights.  *E.g.*, FED. R. CIV. P. 33(b)(3) (responding party required to "fully"

11   respond to interrogatories); 7 CLAUDIA WILKEN, MOORE'S FED. PRAC. § 33.101

12   (2011) (same).  *Kob v. Cnty. of Marin*, 2009 WL 3706820, at *5 (N.D. Cal. Nov. 3,

13   2009) ("The Court should treat an evasive or incomplete answer as a failure to

14   comply with a discovery request."); FED. R. CIV. P. 37(a)(4).  To take just a few

15   examples:

16        • DC is entitled to know what documents defendants shared with the

17          government, as defendants' selective disclosure of certain documents may

18          have waived otherwise applicable privileges.  This waiver issue is a key

19          part of DC's concurrent motion to compel, *see* DC's Doc. Mot. at __-__,

20          and DC is entitled to discovery in aid of that motion, FED. R. CIV. P.

21          26(b)(1) ("Relevant information need not be admissible at the trial if the

22          discovery appears reasonably calculated to lead to the discovery of

23          admissible evidence.").  Moreover, no one disputes that many of the

24          documents that defendants shared with the U.S. Attorney's office are

25          relevant to the claims and issues in this case.  Many of these underlying

26          documents are cited as proof in the Timeline of Toberoff's acts of fraud

27          and interference.  Docket Nos. 61 at 5-6, 36-37, 40-45; 181 at 1, 3-8, 12-

28

- 9 -

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1    18, 22-25; 182 at ¶¶ 41-47; 184 at 1-2, 4-13; 185 at 1-5, 11-14; 186 at 3-4,

2    17-20; *see also* DC's Doc. Mot. at __-__.

3    • Defendants have also argued to the District Court that the Timeline

4    document should not be trusted. *E.g.*, Docket Nos. 75 at 11-12; 77 at 8.

5    And they now assert its author is under federal investigation. Docket No.

6    99-1 at ¶¶ 14-15. Given defendants' assertions, DC is entitled to full

7    information about that investigation, including everything defendants said

8    to the government to initiate it and their ensuing communications

9    regarding its status. Such information is discoverable and relevant. *See*

10   DC's Doc. Mot. at __-__.

11   • Defendants also assert that they reached an "express agreement" with the

12   U.S. Attorney's office concerning the confidentiality of their

13   communications. *See* DC's Doc. Mot. at __-__. DC disputes this claim

14   (no agreement has been produced), *see id.* at __, and it is entitled to know

15   the precise contents of any such agreement, as well as any

16   communications to the contrary, so that this claim of privilege can be

17   tested. *Martin*, 278 F.3d at 999 (party asserting privilege bears the burden

18   of proving every element of the test); *In re Columbia/HCA Healthcare*

19   *Corp. Billing Practices Litig.*, 293 F.3d 289, 302 (6th Cir. 2002).

20   Defendants' response to Interrogatory No. 25 is likewise deficient. The

21   request asks Toberoff to describe "in detail" all communications he or his

22   representatives or lawyers had with any non-party to this case regarding the

23   Timeline or Michaels.[2] Toberoff's response is restricted to communications with

24   his counsel, the FBI, and the U.S. Attorney's office—no description is provided as

25   to what Toberoff or his lawyers communicated to the government. Defendants also

26   _____

27   [2] *Supra* at __; *infra* Appendix A at __ (defining "YOU" and YOUR to "mean[]
     Marc Toberoff and, as applicable, any PERSON in which he has a controlling

28   ownership interest or that is acting on his behalf, including but not limited to
     his/her agents, employees, attorneys, and representatives.").

- 10 -

1    have excluded from their answer, communications with *other parties*.  Based on

2    Toberoff's privilege logs, it appears he hired the McNally Security Group this past

3    summer to investigate Michaels.  *E.g.*, Petrocelli Decl. Ex. I at 406-410 (Entries

4    3089-3092, 3096-3101, 3108-3110, 3162-3164.)  Moreover, Toberoff and his

5    counsel have spoken to the media and others, including in the entertainment

6    industry, regarding the Timeline.  *E.g.*, *id*. Exs. B, C.  Defendants should disclose

7    the contents of those communications.

8            There is no basis for Toberoff to shield this information from discovery on

9    grounds of "the attorney-client privilege, the attorney work product doctrine and

10   any other privilege or immunity available under law or arising from contractual

11   obligation."  *Supra* at ___.  Defendants provide no explanation, proof, or other

12   means to ascertain the bases for such sweeping claims.  *Cf. Martin*, 278 F.3d at 999

13   (party asserting the privilege bears the burden of proving every element).  Toberoff

14   has submitted no evidence that his communications with the government, the press,

15   or even a private security team relate to the provision of legal advice, or that the

16   communications were reasonably or appropriately intended to remain confidential.

17   *See id.*  Toberoff can make no such claims as to the press, and as DC has addressed

18   in its concurrently filed motion, defendants cannot shield their communications

19   with the government on these grounds.  *See* DC's Doc. Mot. at __-__; *U.S. v.*

20   *Jacobs*, 117 F.3d 82, 91 (2d Cir. 1991); *U.S. v. Reyes*, 239 F.R.D. 591 (N.D. Cal.

21   2006); *McKesson HBOC, Inc. v. Superior Court*, 115 Cal. App. 4th 1229 (2004);

22   *Weil v. Inv./Indicators Research & Mgmt., Inc.*, 647 F.2d 18, 24 (9th Cir. 1981)

23   ("[I]t has been widely held that voluntary disclosure of the content of a privileged

24   attorney client communication constitutes waiver of the privilege as to all other

25   such communications on the same subject.").

26           *2.  Defendants' Position On Interrogatories No. 9 and 25*

27   [TO BE INSERTED]

28

- 11 -

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1

**B.    The Second Group:  Interrogatories No. 13 and 14**

2

**Interrogatory No. 13**

3

DESCRIBE in detail who, to the best of YOUR knowledge, has

participated in the ALLEGED GRAND JURY INVESTIGATION,

4

including any PERSON who has testified or been interviewed in

5

connection with the ALLEGED GRAND JURY INVESTIGATION.

6

**Response to Interrogatory No. 13**

7

Toberoff objects to this interrogatory to the extent that it seeks

information which is not reasonably calculated to lead to the discovery of

8

relevant and admissible evidence, as any "investigation" by Toberoff or

9

anyone else as to the author of the TOBEROFF TIMELINE is not

10

relevant to any of the claims for relief in this action.  Toberoff

11

additionally objects to this interrogatory to the extent that it seeks

communications or items protected by the attorney-client privilege, the

12

attorney work product doctrine and any other privilege or immunity

13

available under law or arising from contractual obligation.  Subject to and

14

without waiving the foregoing general and specific objections, Toberoff

responds, without limitation, as follows:

15

Other than statements made by Toberoff to Beong-Soo Kim,

16

Deputy Chief of the Major Frauds section of the U.S. Attorneys' Office

17

and Brian Klein, Assistant U.S. Attorney, U.S. Attorney's Office,

18

Toberoff is not aware of any other testimony or formal statements by any

individuals or entities made as part of the ongoing grand jury

19

investigation.

20

**Interrogatory No. 14**

21

DESCRIBE in detail, to the best of YOUR knowledge, the

22

substance of any testimony or statements made in connection with the

ALLEGED GRAND JURY INVESTIGATION.

23

**Response to Interrogatory No. 14**

24

Toberoff objects to this interrogatory to the extent that it seeks

25

information which is not reasonably calculated to lead to the discovery of

relevant and admissible evidence, as any "investigation" by Toberoff or

26

anyone else as to the author of the TOBEROFF TIMELINE is not

27

relevant to any of the claims for relief in this action.  Toberoff

28

additionally objects to this interrogatory to the extent that it seeks

- 12 -

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

EXHIBIT B

181

1    communications or items protected by the attorney-client privilege, the

2    attorney work product doctrine and any other privilege or immunity

3    available under law or arising from contractual obligation.  Subject to and

     without waiving the foregoing general and specific objections, Toberoff

4    responds, without limitation, as follows:  see Response to Interrogatory

5    No. 13.

6    ### 1.  DC's Position On Interrogatories No. 13 and 14

7         Toberoff's response to Interrogatory Number 13 is deficient.  He self-

8    servingly rewrites the interrogatory to respond that other than the statements he

9    made to two lawyers at the U.S. Attorney's office, he "is not aware of any other

10   testimony or *formal statements* by any individuals or entities made as part of the

11   ongoing grand jury investigation." *Supra* at __ (emphasis added).  DC's request

12   was not limited to those who made "formal statements," but seeks the identity of

13   anyone who has been "*interviewed in connection with* the ALLEGED GRAND

14   JURY INVESTIGATION"—to the best of Toberoff's or his representatives'

15   knowledge. *Id.* (emphasis added).

16        The response to Interrogatory Number 14 not only runs afoul of FED. R. CIV.

17   P. 33(b)(3)—by merely pointing DC to Interrogatory 13—it completely avoids

18   providing the requested information.  Interrogatory Number 14 seeks a detailed

19   description of the *substance* of any testimony or statements made in connection

20   with the grand jury investigation. *Supra* at __.  Toberoff stated under oath that he

21   provided testimony or formal statements as part of the ongoing grand jury

22   investigation. *Supra* at __ (Response to Interrogatory No. 13:  "Other than

23   statements made by Toberoff to [the U.S. Attorney's Office], Toberoff is not aware

24   of any other testimony or formal statements by any individuals or entities made as

25   part of the ongoing grand jury investigation.").  DC is entitled to discover the

26   substance of that *testimony* from Toberoff to the extent it was provided to the grand

27   jury.  Fed. R. Crim. P. 6(e)(2)(B); *In re Vescovo Special Grand Jury*, 473 F. Supp.

28   1335 (C.D. Cal. 1979) ("[N]o obligation of secrecy may be imposed on grand jury

- 13 -

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1    witnesses.  Witnesses may be interviewed after their appearance and repeat what

2    they said before the grand jury or relate any knowledge they have on the subject of

3    the inquiry." (citations omitted)).  In addition, as explained at the outset of this

4    motion, *see supra* at __, and in DC's concurrently filed motion, DC's Doc. Mot. at

5    __-__, defendants are entitled to know the contents of the *statements* Toberoff and

6    his representatives made to the government.  Again, there is no "*formal*" statements

7    limitation on this request—as much as defendants would like to read in one.  A

8    response is "evasive"—and therefore equivalent to a failure to respond—FED. R.

9    CIV. P. 37(a)(4), if it "simply fail[s] to address the central aspects of a question," 7

10   WAYNE D. BRAZIL, MOORE'S FED. PRAC. § 37.03 (2011).  Toberoff's response to

11   Interrogatories Number 13 and 14 fails this test.  Finally, as with defendants'

12   objections to DC's other Interrogatories, their relevance and privilege objections to

13   these questions should be overruled, for the reasons stated *supra* at __-__.

14                 *2.  Defendants' Position On Interrogatories No. 13 and 14*

15       [TO BE INSERTED]

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## C.    The Third Group:  Interrogatories No. 17 and 18

**Interrogatory No. 17**

IDENTIFY any DOCUMENTS provided by YOU in connection with the ALLEGED GRAND JURY INVESTIGATION.

**Response to Interrogatory No. 17**

Toberoff objects to this interrogatory to the extent that it seeks information which is not reasonably calculated to lead to the discovery of relevant and admissible evidence, as any "investigation" by Toberoff or anyone else as to the author of the TOBEROFF TIMELINE is not relevant to any of the claims for relief in this action.  Toberoff additionally objects to this interrogatory to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing general and specific objections, Toberoff responds, without limitation, as follows:  None.

**Interrogatory No. 18**

IDENTIFY any DOCUMENTS, to the best of YOUR knowledge, provided by any other PERSON in connection with the ALLEGED GRAND JURY INVESTIGATION.

**Response to Interrogatory No. 18**

Toberoff objects to this interrogatory to the extent that it seeks information which is not reasonably calculated to lead to the discovery of relevant and admissible evidence, as any "investigation" by Toberoff or anyone else as to the author of the TOBEROFF TIMELINE is not relevant to any of the claims for relief in this action.  Toberoff additionally objects to this interrogatory to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing general and specific objections, Toberoff responds, without limitation, as follows:

The Kendall, Brill & Klieger firm provided copies of the Toberoff Timeline and the Stolen Documents to the U.S. Attorney's Office on September 27, 2010 pursuant to a Grand Jury Subpoena dated September

- 15 -

13, 2010, subject to an express agreement by the U.S. Attorney's Office that the U.S. Attorney's Office would hold such material as confidential and privileged, that such provision was made in furtherance of a common interest privilege, and that such provision was without waiver of the attorney-client privilege or attorney work product doctrine.

### 1. DC's Position On Interrogatories No. 17 and 18

DC's concurrently filed motion addresses its right to obtain all the documents defendants have provided to, exchanged with, and received from the government related to the Timeline, its author, and/or the alleged pending grand jury investigation. *See* DC's Doc. Mot. at __-__. DC's arguments for receiving full and complete responses to Interrogatories Number 17 and 18—and overcoming defendants' various objections—are set forth in that motion. *See id.*

Two additional points are worth raising here. *First*, defendants should be compelled to clarify their answer to Interrogatory Number 17. Is it really their position that Toberoff and his representatives (*i.e.*, the "YOU" in the question) have not received *any* documents from the government or otherwise in connection with the alleged grand jury investigation? With all the objections defendants assert to this interrogatory, it is hard to tell the answer to this question—and one can only guess at what the "without limitation" qualifier means.

*Second*, Toberoff responds to Interrogatory Number 18 by stating that "[t]he Kendall, Brill & Klieger firm provided copies of the Toberoff Timeline and the Stolen Documents to the U.S. Attorney's Office on September 27, 2010…." *Supra* at __. DC seeks and is entitled to all of those documents, *see* DC's Doc. Mot. at __-__, but Interrogatory Number 18 is not limited to documents defendants shared with the government in response to that subpoena. Is it really defendants' position that they provided the government with *no other* documents—including as a part of their meetings or in connection with the, at least, 12 emails they exchanged? *Supra* at __. Again, the "without limitation" qualifier begs the question. If defendants

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1    provided additional documents to the government—either by hand, via mail, as

2    email attachments, or by any other means—DC is entitled to know what those

3    documents are, or, at least, must be provided with a privilege log—which

4    defendants have failed to produce.  Such a privilege log is necessary to test claims

5    of privilege, and to make a request for an *in camera* review.  *Martin*, 278 F.3d at

6    1000 (A party asserting privilege "must identify specific communications and the

7    grounds supporting the privilege as to each piece of evidence over which privilege

8    is asserted."); *Clarke v. Am. Commerce Nat'l Bank*, 974 F.2d 127, 129 (9th Cir.

9    1992) (party may be required to provide "a line-by-line justification for assertion of

10   the attorney-client privilege"); *Ramirez v. Cnty. of Los Angeles*, 231 F.R.D. 407,

11   410 (C.D. Cal. 2005) ("The party who withholds discovery materials must provide

12   sufficient information (i.e., a privilege log) to enable the other party to evaluate the

13   applicability of the privilege or protection. Failure to provide sufficient information

14   may constitute a waiver of the privilege.").

15        If, on the other hand, defendants provided the government with *no*

16   documents other than "the Toberoff Timeline and the Stolen Documents," then

17   defendants must be compelled to state that fact without qualification.  Either way,

18   DC is entitled to a clear, complete answer.

19              *2.  Defendants' Position On Interrogatories No. 17 and 18*

20        [TO BE INSERTED]

21

22

23

24

25

26

27

28

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1    IV.    **CONCLUSION**

2          A.    **DC's Position**

3          DC's motion should be granted, and the Court should overrule Toberoff's

4    objections and compel Toberoff to provide to DC, by no later than May 2, 2011,

5    full and complete responses to the six interrogatories addressed above.

6          B.    **Defendants' Position**

7          [TO BE INSERTED]

8    Dated:        April 4, 2011                    Respectfully Submitted,

9                                                    O'MELVENY & MYERS LLP

10

11    By: _____
              Daniel M. Petrocelli
              Attorneys for Plaintiff DC Comics

12

13    Dated:        April 4, 2011                    Respectfully Submitted,

14                                                    KENDALL BRILL & KLIEGER LLP

15

16    By: _____
              Richard B. Kendall

17            Attorneys for Defendants Marc
              Toberoff, Pacific Pictures

18            Corporation, IP Worldwide, LLC,
              and IPW, LLC

19

20

21

22

23

24

25

26

27

28

                                          JOINT STIPULATION RE:
                                    DC COMICS' MOTION TO COMPEL

# APPENDIX 1

**A.  Definitions in Plaintiff DC Comics' First Set Of Interrogatories To Defendant Marc Toberoff:**

"DOCUMENT" shall be interpreted in its broadest sense to include any and all "documents" and "other tangible things" as those terms are understood in Federal Rule of Civil Procedure 34, including, without limitation, any "writing," "recording," or "photograph" as those terms are defined in Federal Rule of Evidence 1001.  This shall include, but is not limited to:  e-mail, audio or video recordings, correspondence, letters, phone messages, notes, memoranda, facsimiles, publications, contracts, agreements, calendars, drafts of proposed contracts or agreements, papers, and photographs.

"COMMUNICATION" means all written, electronic, oral, telephonic, gesture, or other transmission or exchange of information, including without limitation any inquiry, request, dialogue, discussion, conversation, interview, correspondence, letter, note, consultation, negotiation, agreement, understanding, meeting, e-mail, and all DOCUMENTS evidencing any verbal or nonverbal interaction between any individuals or entities.

"REFER" or "RELATE" (or any conjugation thereof) means, without limitation, evidence, reflect, summarize, constitute, contain, study, analyze, explain, mention, show, discuss, describe, or comment upon.

"OBTAIN" (or any conjugation thereof) means, without limitation, acquire, attain, capture, come by, gain, garner, get, procure, or secure.

"PERSON" means any natural person, firm, association, corporation, partnership, or other legal entity or organization separately identifiable, and any department(s) or division(s) therein.

"IDENTIFY" means the following:

      a.     When used in reference to a PERSON, it means to state the person's full name, present or last known address, and present or last known business affiliation and business address;

      b.     When used in reference to an organization, it means to state the organization's full name and, if it is a

- 19 -

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

1    corporation, partnership, or other business entity, the

2    address of its principal place of business;

3        c.    When used in reference to a DOCUMENT, it means to

state, to the extent known, the DOCUMENT'S (i) type

4    (*i.e.* letter, memo, note, e-mail); (ii) subject matter; (iii)

5    current location; (iv) every author, recipient or addressee;

6    and (v) the bates number of the DOCUMENT if

7    simultaneously or previously produced in this or any

related action.

8        d.    When used in reference to a COMMUNICATION, it

9    means to state, to the extent known, the

10    COMMUNICATION'S (i) date; (ii) type (*i.e.* oral,

11    telephonic, e-mail); (iii) subject matter; (iv) every author,

12    recipient or addressee; and (v) the bates number of the

13    DOCUMENT if simultaneously or previously produced in

this or any related action.

14    "DESCRIBE" means to set forth fully and in detail all factual

15    information and data that are in any way RELATED to the subject matter of

16    the particular request seeking such statement or description.

17    "YOU" or "YOUR" means Marc Toberoff and, as applicable, any

18    PERSON acting on his behalf, including but not limited to his agents,

employees, attorneys, and representatives.

19    "TOBEROFF TIMELINE" means the undated DOCUMENT titled

20    "Superman – Marc Toberoff Timeline," attached as Exhibit A to the First

21    Amended Complaint filed by plaintiff DC Comics on September 3, 2010 in

22    the above-entitled action.

"TOBEROFF TIMELINE AUTHOR" means any PERSON or

23    PERSONS who YOU believe was involved in creating, writing, or

24    transmitting the TOBEROFF TIMELINE, and, as applicable, any PERSON

25    acting on their behalf, including but not limited to their agents, employees,

26    attorneys, and representatives.

27    "MARCH 2009 DECLARATION" means the "Declaration of Marc

28    Toberoff in Opposition to Defendants' Motion to Reopen Discovery, to

- 20 -

Compel Production of Documents, and to Compel the Further Deposition of Kevin Marks," which YOU filed in *Siegel v. Warner Bros. Entm't Inc.*, Case No. CV-04-8400 (Docket No. 477), on March 2, 2009.

"ALLEGED INTERNAL INVESTIGATION" means the "investigation" REFERRED to in paragraphs 33 and 34 of the MARCH 2009 DECLARATION, which state:

> My law firm's investigation has revealed that the Stolen Documents were secretly copied and stolen from my law firm's files by a disgruntled attorney employed by the firm who thereafter furnished the documents to Warner Bros.  The attorney worked at my firm for less than three months, without any problem or incident, and then one day disappeared on his lunch break in November without notice.  The attorney did not return any of the firm's subsequent telephone messages or e-mails.

> Our investigation has revealed that in late November and early December, 2005, he contacted Plaintiffs and another client of my firm and tried to convince them to terminate the firm, and to retain him instead, by disparaging me and by offering to work for a reduced fee.  I am advised by Plaintiffs and my other client that they both rejected this attorney's overtures in early December, 2005.

"OCTOBER 2010 DECLARATION" means the "Declaration of Marc Toberoff in Further Support of Defendants' Motion to Strike Under California's Anti-SLAPP Statute," which YOU filed in the above-entitled case (Docket No. 99-1) on October 4, 2010.

"ALLEGED GRAND JURY INVESTIGATION" means the "ongoing grand jury investigation" REFERRED to in paragraph 14 of the OCTOBER 2010 DECLARATION, which states:

> The theft of privileged documents from my law offices and their transmittal with an anonymous cover letter, entitled the "Toberoff Timeline," to DC's in-house legal team, as well as to other executives of DC's parent company, Warner Bros., by a former junior attorney at my firm, is the subject of an ongoing grand jury investigation initiated by the United States Attorney for the Central District of California.

- 21 -

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL