# EXHIBIT 4

**From:** Kline, Matthew
**To:** 'lbrill@kbkfirm.com' <lbrill@kbkfirm.com>
**Cc:** Petrocelli, Daniel; 'rkendall@kbkfirm.com' <rkendall@kbkfirm.com>
**Sent:** Sun Jul 25 08:28:02 2010
**Subject:** Re: DC Comics v. PPC Meet and Confer Letter

Laura,

Dan is available at 4:30 pm Tuesday by phone. He and Dick should set up a means to speak and can work together then to arrange scheduling the parties' respective motions. He'll also need to address on the call the factual details you continue to decline to address or provide. We have no intention of continuing this email exchange further. Your comments are erroneous and the improper lecturing is to no end.

Matt

---

**From:** Laura Brill <lbrill@kbkfirm.com>
**To:** Kline, Matthew
**Cc:** Petrocelli, Daniel; Richard Kendall <rkendall@kbkfirm.com>
**Sent:** Sat Jul 24 12:08:10 2010
**Subject:** FW: DC Comics v. PPC Meet and Confer Letter

Dear Matt,

There is a lot in your email that we disagree with, and the tone of your correspondence is inappropriate. Putting that aside, you are an experienced partner at O'Melveny & Myers, and we fail to understand why you cannot conduct the meet and confer. This raises a concern that the sole reason for forcing us to await Dan's return is to delay the motion. Although we have no desire to disrupt Dan's vacation, your insistence on making us wait for Dan's return means that the meet and confer will fall outside the 10-day window. We do not think that is necessary given that we have already discussed the motion with you and Dan in detail, including in person.

All that said, in an effort to bend over backwards to see if Dan has something to contribute to the discussion that you are not able to contribute, Dick will conduct this meet and confer with you and Dan during his vacation on July 27 at 4:30 p.m. in order to accommodate Dan. If for some reason that is not available, please let us know what additional times are available on July 27th.

Since we are granting this accommodation to Dan, we request that you join us in requesting that the Court shorten time between the filing of the motion and the hearing so that the motion can be heard promptly.

Regards,
Laura


**K** **Kendall Brill Klieger**

Laura W. Brill
Kendall Brill & Klieger LLP

PLEASE NOTE: This message, including any attachments, may include privileged, confidential and/or inside information. Any distribution or use of this

1

**EXHIBIT 4**
**36**

communication by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful. If you are not the intended recipient, please notify the sender by replying to this message and then delete it from your system. Thank you.

**From:** Kline, Matthew [mailto:MKline@OMM.com]
**Sent:** Saturday, July 24, 2010 10:53 AM
**To:** Laura Brill
**Cc:** Petrocelli, Daniel; Richard Kendall
**Subject:** RE: DC Comics v. PPC Meet and Confer Letter

Laura,

We don't understand your emails at all. You've given no rational or meaningful explanation why meeting later this coming week (when Dan is back, and when he's said he'd like to participate) or early the next week (when Dick and Dan are back and both are free) causes a material problem. Your client has waited months and months to raise these issues, and you've offered literally no reason--much less a compelling one--why a three- to seven-day delay would matter. Instead, we can only read your emails as attempts to create a misleading, self-serving record--and thus have pointed that out. Indeed, we have more than complied with the rules, and as I said clearly in my last email, if you needed to meet and confer before the dates I offered, I would try and get some dates from Dan within the 10 days. Not only did you ignore this offer, you notably failed to give us the factual details we requested or even mention the request--and instead cite to the same inapposite case that has nothing to do with someone waiting a year and a half to seek a protective order on an issue they were invited to move on over a year ago. As I told Dick when he called about the August 13 hearing date in the PPC case (which we were happy to move, given his family's celebration that day), I've been extremely busy the last two days with briefs in our Skilling case. Meeting with you the last two days on an issue Dan has asked to be a part of was neither convenient, nor something, as I told Dick from the outset, was I prepared to do. If you think our asking for two or three extra days to get back to you and then responding with the true facts to your asserted claims of urgency on your part and delay on ours are personal attacks, I can't help you with that. None of my conversations with Dick--or dealings with him ever--have included any rancor. And had you called me, rather than written repeatedly in what can only be perceived as a record-building exercise, I'm sure this could have been sorted out and mutually acceptable dates could be agreed upon.

At all events, Dan is available to meet and confer at mutually agreeable times on July 27, 28, 29, 30, as well as the ensuing weeks. If you wish to pick a time on those dates, let me know. If a meeting the 25th or 26th has some critical importance that you've not explained--outside the belated and unexplained invocation of the 10-day notion--let us know, and I'll see when he can interrupt his vacation then.

Thanks and have a good and safe vacation,

Matt

**From:** Laura Brill [mailto:lbrill@kbkfirm.com]
**Sent:** Friday, July 23, 2010 5:36 PM
**To:** Kline, Matthew
**Cc:** Petrocelli, Daniel; Richard Kendall
**Subject:** RE: DC Comics v. PPC Meet and Confer Letter

Dear Matt,

Thank you for the explanation of your client's position with respect to the motion for a protective order. While your client's very aggressive action in publicizing this document is certainly unfortunate and may make it impossible to fully restore the confidential treatment that this document should have been afforded, that has little to do with the protective order we are seeking. Your client should not be able to exploit the document in litigation where its disclosure is the subject of ongoing controversy. The unanimous *Mohawk* decision by the United States Supreme Court recognizes the ability of courts to grant protective orders to reduce the negative spillover effects of contested privilege rulings until appeals have been resolved. In the *Siegel* case, as you know, DC Defendants sought to reopen discovery in order to question witnesses concerning the Toberoff Timeline, but the Court denied that request, and since the document is clearly

inadmissible, there was not likely to be significant spillover effect in that case based on the discovery rulings that led to the disclosure of the timeline. The risk of prejudice here is much more substantial. Indeed, given that you based your Complaint on the Timeline and told us that your plan is to question witnesses about this document starting immediately, absent a protective order, the prejudice is inevitable.

As to the various accusations you raise below, they lack merit, and I hope that such personal attacks will not be representative of your firm's approach to this case. I note that in the time it took for you to compose your email, you could have picked up the phone or walked over to my office or I could have come to yours, and we could have accomplished the meet and confer. The purposes of the meet and confer were already accomplished both at the July 13 in-person meeting and the exchange of emails since then. I remain open to meeting and conferring with you any time today or tomorrow. I will be in Europe next week, so if it is more convenient for Dan to do the meet and confer with me in that time zone, we can also do that. You have provided no reason why you could not have done the meet and confer any day this week. If your client demands that Mr. Petrocelli be at this meeting, then the irritation expressed in your email concerning intruding on a vacation is misdirected. I have also told you that Dick or I will make ourselves available to meet despite our vacations within the time provided by the Local Rules.

At the meet and confer on July 13, Mr. Toberoff asked you and Mr. Petrocelli to agree to postpone a scheduling conference in the *Siegel* case that the court set without knowing Mr. Toberoff's schedule. He asked you to accommodate a deposition he had in New York. Mr. Petrocelli refused. We are certainly open to considering mutually acceptable principles for accommodating unavoidable scheduling conflicts, but it does not make sense to demand accommodation where it is not needed or when your firm will not reciprocate. The scheduling conflict here is not genuine since you are available and we have already discussed the issues in person with Dan.

Despite my repeated requests, you have not sent me any times that you are available to meet and confer within the time provided in the Local Rules.

Very truly yours,
Laura Brill

**K Kendall Brill Klieger**
Laura W. Brill
Kendall Brill & Klieger LLP

PLEASE NOTE: This message, including any attachments, may include privileged, confidential and/or inside information. Any distribution or use of this communication by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful. If you are not the intended recipient, please notify the sender by replying to this message and then delete it from your system. Thank you.

**From:** Kline, Matthew [mailto:MKline@OMM.com]
**Sent:** Thursday, July 22, 2010 6:32 PM
**To:** Laura Brill
**Cc:** Petrocelli, Daniel; Richard Kendall
**Subject:** RE: DC Comics v. PPC Meet and Confer Letter

Laura,

The Toberoff Timeline has been a public document and a matter of public record since March 2, 2009, when the parties filed their Joint Stipulation Regarding Defendants' Motion To Reopen Discovery, To Compel Production of Documents, and To Compel the Further Deposition of Kevin Marks in the

3

EXHIBIT 4
38

Siegel case. The document has been part of the public file ever since, with your client's knowledge and complete inaction. When your client was informed by DC Comics that it would file and use the document publicly in the Siegel case roughly a year-and-a-half ago, DC Comics informed your client that if he had any objections to its filing and using the document, he should seek a protective order. He never did so, and he never argued that any use of the document must be delayed pending judgment and appeal in the Siegel case. His position that the document cannot be used now is completely without merit.

Indeed, when DC Comics filed the complaint in the current PPC case in May--and attached a copy of the Timeline as an exhibit--your client, your firm, and all of the defendants in the PPC case did nothing about the issue for two months. Indeed, we had numerous discussions about the case with your client and Dick, and not once did either of them mention addressing this issue, much less any urgency about doing so right away. This is despite the fact that we discussed scheduling issues numerous times, which motions your side would file and when, and how to make accommodations for your respective schedules, so they could be filed. By virtue of your client's inaction, the Timeline is not only a part of the public record but is also easily available on the Internet. E.g., Matthew Belloni, Read the Warner Bros. Lawsuit Against Superman Lawyer, The Hollywood Report (May 14, 2010), http://thresq.hollywoodreporter.com/2010/05/warner-bros-.html; Drew Combs, At Heart of Superman Suit, a Disappearing Lawyer with a Grudge, The AmLaw Daily (May 20, 2010), http://amlawdaily.typepad.com/amlawdaily/2010/05/superman.html. It is plain that the document is not confidential.

On the question of discovery and document issues to be resolved in the case and when, soon after filing the complaint, we sent your side email after email seeking to set up a meet and confer on discovery issues, and those requests were either resisted, ignored, or any meeting was delayed to accommodate your side's competing scheduling demands. At no time in responding to these many requests or as a part of these discussions was this allegedly "urgent" issue raised. Moreover, when we finally set a meet-and-confer date for July 13, your side gave us no advance notice of this Toberoff Timeline issue. Rather, your side merely mentioned it in the final minutes of a multi-hour discussion--and in the context of not giving us any firm assurances that your side would agree to the discovery we had properly teed up for our meet and confer and had been seeking for some time. In addition, in the course of the meeting, your side refused to answer questions about the Timeline, despite the fact that your client has discussed the document repeatedly with members of the press. Notably, your letter seeking the meet-and-confer provides none of the factual details that were requested, nor any promise to provide them.

In short, the urgency your client seeks to invent about this issue--when your client waived his rights repeatedly, starting some 17 months--is obvious and belied by the record. Tellingly, when Dick and I spoke earlier this week he said nothing about your side demanding a conference within the 10-day period that you now invoke. If you want to change

4

EXHIBIT 4
39

```
positions now, and need to ruin weekends and holidays to discuss this
issue and create a sense of urgency where none exists, I will reach out to
Dan in Europe and try to set up something.  I hope we can avoid
interrupting his family vacation after a year-long trial to do that, and
trust instead that we can set a meeting for July 29 or 30 or the first
week of August, as we proposed. The 29th, as you know, would be 13 days
after you sent your letter--a far more expedited response for a meet and
confer than we got from your client on the discovery issues we raised.

Thanks,

Matt
```

**From:** Laura Brill [mailto:lbrill@kbkfirm.com]
**Sent:** Thursday, July 22, 2010 6:32 AM
**To:** Kline, Matthew
**Cc:** Petrocelli, Daniel; Richard Kendall
**Subject:** RE: DC Comics v. PPC Meet and Confer Letter

Dear Matt,

Local Rule 37-1 provides for the meet and confer to take place within 10 days of the date of the letter requesting the meet and confer. Given the very serious issues involved in your client's efforts to make use of the Toberoff Timeline prior to appellate review of the rulings leading to its disclosure, we would like to have the court address the need for a protective order as to the scope of discovery as soon as possible.

We would be happy to arrange for Dan to participate telephonically in the meet and confer this week. I will note that we have already made you aware of the legal basis of the motion during our original in-person meet and confer with you and Dan, which took place on July 13, 2010. You and he informed us at that time that DC Comics wishes to take a variety of depositions immediately and wishes to use these depositions to question the witnesses regarding the details of the Toberoff Timeline, which was produced in response to discovery orders that were and remain disputed. When we made you aware of our objections to the scope of such discovery and the need for appellate review of the underlying orders, and referred you to the unanimous Supreme Court decision in *Mohawk v. Carpenter*, you did not agree with our position, and it became quite clear that a motion for a protective order would be necessary. We thereafter promptly started the meet and confer process on a motion for protective order through the formal Rule 37 letter, which I sent you on July 16.

If you and Dan insist on having the meet and confer next week while Dick and I are both on vacation, then either he will participate in the meet and confer during his vacation or I will do so from mine. I am available to meet and confer any time today and any time tomorrow except 12:30-2 pm. I can also make myself available on Saturday, July 24 if that is the only time that work for you and Dan. I again request that you send me some times that you are available. If you will not meet and confer this week, please send me some times on or before July 26 that work for you and/or Dan.

Thank you,
Laura

**Laura W. Brill**
Kendall Brill & Klieger LLP

PLEASE NOTE: This message, including any attachments, may include privileged, confidential and/or inside information. Any distribution or use of this communication by anyone other than the intended recipient(s) is strictly prohibited and

may be unlawful. If you are not the intended recipient, please notify the sender by replying to this message and then delete it from your system. Thank you.

**From:** Kline, Matthew [mailto:MKline@OMM.com]
**Sent:** Wednesday, July 21, 2010 11:20 PM
**To:** Laura Brill
**Cc:** Petrocelli, Daniel; Richard Kendall
**Subject:** Re: DC Comics v. PPC Meet and Confer Letter

Thanks for the email, Laura. Tomorrow and Friday don't work. As I mentioned to Dick when he called me earlier this week, Dan wants to be a part of this meet and confer, and your team knew when you sent us your letter that Dan would be out of town until next week. You raised the issue set forth in your letter in response to the meet-and-confer discussions we initiated and met on last week, and I only wish we could have teed up your issues before we met and before Dan left the country. Instead, we got your letter making the formal request while he was on the road, and the letter asked for a meeting at a time when Dan said he'd be unavailable. I'm sure that was unintentional, but we are where we are. When Dick and I talked, we tried to discuss some dates to meet next week. He said you'd be out of town for the next two weeks, and he'd be gone for one himself, so next week didn't work. While he said he'd prefer that I handle the meet and confer this week, I said I wasn't sure that was possible, and he said that when he returned he could handle the meet and confer on his own.

The net-net, I think, is perhaps Dick and Dan will have to set a time to address this issue when they are both back in town. As Dan and I mentioned, we will also aim to get you next week responses to your two letters.

Thanks and safe travels,

Matt

**From:** Laura Brill <lbrill@kbkfirm.com>
**To:** Kline, Matthew
**Cc:** Petrocelli, Daniel; Richard Kendall <rkendall@kbkfirm.com>
**Sent:** Wed Jul 21 16:27:14 2010
**Subject:** FW: DC Comics v. PPC Meet and Confer Letter

Matt,

I'm writing to follow up on the email below. As I believe Dick mentioned to you, I will be out on vacation next week. I would like to set up a time tomorrow or Friday to meet and confer about whether a motion for a protective order is necessary or whether there is a possibility for agreement concerning the matters raised in the attached letter. Please let me know when you are available.

Many thanks,
Laura

**Kendall Brill Klieger**
Laura W. Brill
Kendall Brill & Klieger LLP

PLEASE NOTE: This message, including any attachments, may include privileged, confidential and/or inside information. Any distribution or use of this communication by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful. If you are not the intended recipient, please notify the sender by replying to this message and then delete it from your system. Thank you.

**From:** Laura Brill
**Sent:** Friday, July 16, 2010 3:40 PM
**To:** 'dpetrocelli@omm.com'

EXHIBIT 4
41

**Cc:** 'MKline@OMM.com'; Richard Kendall
**Subject:** DC Comics v. PPC Meet and Confer Letter

Dan,

Please see the attached letter.

Regards,
Laura Brill


K< **Kendall Brill Klieger**

**Laura W. Brill**
Kendall Brill & Klieger LLP
10100 Santa Monica Blvd., Suite 1725
Los Angeles, California 90067

Tel: (310) 556-2700
Direct: (310) 272-7922
Fax: (310) 556-2705
E-mail: lbrill@kbkfirm.com
Web: www.kbkfirm.com

PLEASE NOTE: This message, including any attachments, may include privileged, confidential and/or inside information. Any distribution or use of this communication by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful. If you are not the intended recipient, please notify the sender by replying to this message and then delete it from your system. Thank you.

**EXHIBIT 4**
**42**