# EXHIBIT 2



writer's direct:
310.272.7922
lbrill@kbkfirm.com

April 5, 2011

**VIA EMAIL**

Daniel M. Petrocelli
O'Melveny and Myers, LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA  90067
dpetrocelli@omm.com

Re:    *DC Comics v. Pacific Pictures Corp., et al.*, Case No. 10-CV-03633 ODW (RZx)

Dear Dan:

We write in response to the April 1-4, 2011 e-mails from you and Cassandra Seto.

First, as to your contention that DC gave "defendants several weeks' notice of the issues in dispute," the meet-and-confer ended on February 18, 2011, five full weeks before you sent us your portions of the joint stipulations late at night on Friday, March 25.  Due to DC's lengthy delay, we believed that DC had thought better of bringing its ill-advised motions or was awaiting further guidance from the Court concerning the related motion to compel that is currently pending before Magistrate Zarefsky.  Either way we could hardly prepare our opposition before being served with your motion.

Second, our requested one-week extension was reasonable and necessary, given that:  (a) DC's two lengthy motions to compel implicated numerous issues; (b) each of the partners responsible for defendants' opposition was either already away on a long-scheduled vacation with their families or about to depart for such a vacation on the date you emailed your portions of the joint stipulations.  I myself was out of the country for a long scheduled vacation for the entire week of March 27, did not return until late Sunday night, April 3, and was unavailable to begin work on the motion until yesterday, April 4, 2011; (c) DC waited *five* full weeks to serve its motions, demonstrating DC's lack of urgency; and (d) you yourself were (and I believe still are) on such a vacation, and waited two days to respond to our simple extension request.  DC's unwillingness to coordinate on scheduling or to agree to the extension is inconsistent with the Civility and Professionalism Guidelines of the Central District of California.  DC failed to consult with us in good faith to avoid a scheduling conflict, contrary to Guideline B.2.1.  DC failed to accommodate previously scheduled vacations where doing so would cause no prejudice to DC, contrary to Guideline B.2.2.  DC failed to grant a first request for an extension of a litigation deadline where time was not of the essence, contrary to Guideline B.2.4.  DC's unwillingness to follow these simple guidelines is regrettable.

Third, the statement in your April 3, 2011 e-mail to Mr. Toberoff that "you and the Kendall Brill

EXHIBIT 2
32

Kendall Brill & Klieger LLP

April 5, 2011
Page 2

firm have made five filings in the *Pacific Pictures* case this week alone," is quite misleading. Those filings, as you well know, were for the most part simply repeat filings requested by Judge Wright of motions and documents already filed in October 2010. The only exception addressed the collateral estoppel effect of the Rule 54(b) judgment, as requested by Magistrate Judge Zarefsky.

Lastly, we note that you unilaterally filed your motion under Local Rules 6-1 and 37-2.4, while improperly noticing the hearing for April 25, 2011. As these rules make clear, any such motion is to be heard on a 28-day calendar, which places the hearing of your motion on May 2, 2011.

Sincerely,

Laura W. Brill

cc:    Richard Kendall
       Marc Toberoff

80129.1

EXHIBIT 2
33