# EXHIBIT 5

Appeal No. 10-56594

# United States Court of Appeals

### FOR THE

# Ninth Circuit

Pacific Pictures Corporation, IP Worldwide, LLC, IPW, LLC, and Marc Toberoff,
*Defendants-Appellants,*

*v.*

DC Comics, *Plaintiff-Appellee.*

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA
THE HONORABLE OTIS D. WRIGHT II, JUDGE
CASE NO. CV-10-3633 ODW (RZX)

## APPELLEE DC COMICS' OPPOSITION TO APPELLANTS' RESPONSE TO ORDER TO SHOW CAUSE WHY APPEAL SHOULD NOT BE DISMISSED FOR LACK OF JURISDICTION

O'MELVENY & MYERS LLP
DANIEL M. PETROCELLI (CA S.B. # 97802)
MATTHEW T. KLINE (CA S.B. # 211640)
CASSANDRA L. SETO (CA S.B. # 246608)
1999 AVENUE OF THE STARS, 7TH FLOOR
LOS ANGELES, CA 90067-6035
TELEPHONE: (310) 553-6700
FACSIMILE: (310) 246-6779

PERKINS LAW OFFICE, P.C.
PATRICK T. PERKINS (NY S.B. # 2603371)
1711 ROUTE 9D
COLD SPRING, NY 10516
TELEPHONE: (845) 265-2820
FACSIMILE: (845) 265-2819

*Attorneys for Plaintiff-Appellee DC Comics*

EXHIBIT 5
43

## **TABLE OF CONTENTS**

INTRODUCTION ........................................................................................... 1

BACKGROUND FACTS ............................................................................... 3

SUMMARY OF ARGUMENT ....................................................................... 7

ARGUMENT .................................................................................................. 7

      A.    No Jurisdiction Exists To Hear This Appeal, And Appellants Waived The Right To Argue For The Relief They Now Seek ........... 7

      B.    Appellants Are Not Entitled to Attorneys' Fees Or An Advisory Opinion ................................................................................... 13

CONCLUSION ............................................................................................. 17

- i -

EXHIBIT 5

44

## TABLE OF AUTHORITIES

### CASES

*Baharian-Mehr v. Smith,*
  189 Cal. App. 4th 265 (2010) ........................................................ 2, 9, 11, 12

*Batzel v. Smith,*
  333 F.3d 1018 (9th Cir. 2003) .................................................. *passim*

*Bosley Med. Inst., Inc. v. Kremer,*
  2004 WL 964163 (S.D. Cal. Apr. 30, 2004) .......................................5

*Briarwood Capital, LLC v. KBR Group, LLC,*
  2010 WL 1525453 (S.D. Cal. Apr. 14, 2010) ...................................14

*Brown v. Elec. Arts, Inc.,*
  2010 WL 2757774 (C.D. Cal. July 13, 2010) ............................. 14, 15

*Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.,*
  532 U.S. 598 (2001) ..........................................................................8

*Coltrain v. Shewalter,*
  66 Cal. App. 4th 94 (1998) ........................................................ 9, 15

*Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills,*
  321 F.3d 878 (9th Cir. 2003) .........................................................10

*Doe v. Luster,*
  145 Cal. App. 4th 139 (2006) .................................................. 9, 11, 12

*Doi v. Halekulani Corp.,*
  276 F.3d 1131 (9th Cir. 2002) .......................................................10

*EchoStar Satellite, LLC v. Viewtech, Inc.,*
  2009 WL 1668712 (S.D. Cal. May 27, 2009) ...................................14

*Englert v. MacDonnel,*
  551 F.3d 1099 (9th Cir. 2009) .................................................. 11, 12

*Finnegan v. Dir. Office of Workers' Comp. Programs,*
  69 F.3d 1039 (9th Cir. 1995) ..........................................................10

*Greenberg v. Murray,*
  2010 U.S. Dist. LEXIS 69725 (C.D. Cal. June 14, 2010) ...................14

*Hilton v. Hallmark Cards,*
  580 F.3d 874 (9th Cir. 2009) ..........................................................6

EXHIBIT 5
45

*In re Burrell,*
   415 F.3d 994 (9th Cir. 2005)................................................................1, 8

*Johnston v. Corrigan,*
   127 Cal. App. 4th 553 (2005) ..............................................................9, 15

*K.V. Mar v. United Food & Comm'l Workers Int'l Union,*
   173 F.3d 1221 (9th Cir. 1999) ...................................................................10

*Lauter v. Anoufrieva,*
   642 F. Supp. 2d 1060 (C.D. Cal. 2008) .........................................................5

*Liu v. Moore,*
   69 Cal. App. 4th 745 (1999) ...............................................................9, 15

*Metabolife Int'l, Inc. v. Wornick,*
   264 F.3d 832 (9th Cir. 2001).......................................................................6

*Nejo v. Wilshire Credit Corp.,*
   2010 WL 2888905 (S.D. Cal. July 21, 2010) ..........................................5, 14

*Optinrealbig.com, LLC v. Ironport Sys., Inc.,*
   2004 WL 1737275 (N.D. Cal. July 28, 2004)...................................................5

*Pandora Jewelry, LLC v. Bello Paradiso, LLC,*
   2009 WL 1953468 (E.D. Cal. July 1, 2009) ...................................................15

*Pfeiffer Venice Props. v. Bernard,*
   101 Cal. App. 4th 211 (2002) ..............................................................9, 15

*Riverhead Sav. Bank v. Nat'l Mortgage Equity,*
   893 F.2d 1109 (9th Cir. 1990) ...................................................................10

*Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.,*
   130 S. Ct. 1431 (2010) ....................................................................13, 14

*Shropshire v. Fred Rappaport Co.,*
   294 F. Supp. 2d 1085 (N.D. Cal. 2003) .........................................................6

*Sierra Club v. Meiburg,*
   296 F.3d 1021 (11th Cir. 2002) ...................................................................8

*Simmons v. Allstate Ins. Co.,*
   92 Cal. App. 4th 1068 (2001) .................................................................15

*Slaven v. Am. Trading Transp. Co.,*
   146 F.3d 1066 (9th Cir. 1998) ...................................................................10

*Sylmar Air Conditioning v. Pueblo Contracting Servs., Inc.,*
   122 Cal. App. 4th 1049 (2004) .................................................................14

- iii -

EXHIBIT 5
46

*Verizon Del., Inc. v. Covad Comm'ns Co.,*
  377 F.3d 1081 (9th Cir. 2004) ................................................................ 5, 13, 14
*Will v. Hallock,*
  546 U.S. 345 (2006) ...................................................................................... *passim*


**STATUTES**

28 U.S.C. § 1291 ...........................................................................................7
Cal. Civ. Proc. Code § 425.16 ......................................................................14


**OTHER AUTHORITIES**

13 Charles A. Wright Et Al., Fed. Prac. & Proc. Juris. § 3529.1 n.12
  (3d ed. 2010) ............................................................................................16

- iv -

EXHIBIT 5
47

## INTRODUCTION

This appeal should be summarily dismissed because it constitutes an improper intrusion upon this Court's limited jurisdiction and resources. Appellants do *not* appeal from a final judgment or an appealable collateral order, but an interim order mooting an "anti-SLAPP" motion that they subsequently refiled with the district court, and that has yet to be decided. No appeal can be taken from such an order.

Appellants say their appeal is nonetheless proper because the district court mooted their first SLAPP motion in light of DC Comics' amended complaint, which appellants argue prevented them from seeking attorneys' fees. Appellants assert jurisdiction under *Batzel v. Smith*, 333 F.3d 1018 (9th Cir. 2003). Appellants are incorrect. As the Court recognized in its October 21 order to show cause, the district court here, unlike the court in *Batzel*, "did not deny *on the merits* a motion filed under California's Anti-SLAPP Law, but instead *simply vacated and deemed moot the motion* because an amended complaint had been filed...." Docket No. 4 at 1 (emphasis added). Such an order is not a conclusive ruling on the merits of appellant's SLAPP defense. *See Will v. Hallock*, 546 U.S. 345, 349 (2006); *In re Burrell*, 415 F.3d 994, 998 (9th Cir. 2005). Nothing in *Batzel* or *Will* suggests an appeal can be taken from piecemeal orders leading up to a final ruling on the merits of a SLAPP motion. Appellants' reliance on California law is also

- 1 -

EXHIBIT 5
48

misplaced:  California courts *refuse* to hear interlocutory appeals from orders

concerning SLAPP attorneys' fees issues absent a ruling on the merits of the

SLAPP motion or dismissal of the claims.  *See Baharian-Mehr v. Smith*, 189 Cal.

App. 4th 265, 274-75 (2010).

In addition, appellants raise issues that were *not* presented to the district

court.  Appellants never argued below that the district court's mootness order was

improper or interfered with their ability to seek attorneys' fees.  Just the opposite:

after the district court issued its *sua sponte* order, appellants simply refiled their

SLAPP motion.  In that new motion, they never argued that DC was foreclosed

from amending its complaint or that appellants should be awarded fees.  Appellants

never made a fee application to the district court.  Appellants may not raise such

arguments for the first time on appeal.

Finally, it appears appellants' objective, despite their asserted reasons for

filing this appeal, is to obtain an advisory opinion on the merits of their yet-

unresolved SLAPP motion.  In unsuccessfully urging the district court to stay

discovery pending this appeal, appellants argued that the Ninth Circuit likely will

express its own "views on the original Anti-SLAPP motion" and "assess whether

[DC's] claims, as pled, fall within the scope of the Anti-SLAPP statute."  Decl. of

Matthew T. Kline ("Kline Decl.") Ex. R at 697:5-15.  This Court has no

- 2 -

EXHIBIT 5
49

jurisdiction—nor the time or resources—to "assess" motions the district court has

yet to hear.

## BACKGROUND FACTS

For the past 70 years, DC Comics and its teams of artists, writers, and editors

have turned Superman—initially a vigilante in a short 1930s comic strip—into an

American icon. Kline Decl. Ex. C ¶¶ 28-39. In the 1930s, certain elements of the

Superman character were created by Jerry Siegel (author) and Joe Shuster

(illustrator). *Id.* Over the years, DC expanded and evolved the Superman

character and extended it to all forms of media. *Id.* DC paid Shuster and Siegel

millions of dollars for their work and established generous health-care and pension

packages for each man and his family. *Id.* ¶¶ 40, 47-48. During their lifetimes,

neither Shuster nor Siegel sought to exercise any purported right to terminate

copyright grants they made to DC. *Id.* ¶ 50. After they died, however, their heirs

asserted claims. DC resolved such claims with the Shusters in 1992 and the

Siegels in 2001. *Id.* ¶¶ 54-56, 67-69.

In 2001 and 2002, appellant Marc Toberoff, a film "producer" and

"entrepreneur" in the entertainment industry, interfered with DC's rights. Kline

Decl. Ex. K at 372-73. Toberoff is also a practicing lawyer, but as he told the *Wall*

*Street Journal* and represented on his website, he "keeps a defined firewall

between producing and legal matters." *Id.* at 372, 390. Toberoff and his

- 3 -

EXHIBIT 5
50

companies (all named as defendants in this case) unlawfully induced the Siegel and Shuster heirs to sever their agreements and business relationships with DC. The Toberoff defendants did so by having the heirs sign a series of contracts with Toberoff's companies—some of which Toberoff now concedes violated the Copyright Act. *Id.* at 374-79.

These activities have led to three cases pending in the district court. In the first two cases, the Siegel heirs sued DC regarding alleged rights to Superman and Superboy. After years of extensive litigation—resolved largely in favor of DC, Kline Decl. Ex. J at 353-54—what essentially remains is an accounting trial on certain limited rights the district court ruled the Siegels recaptured. *Id.* Ex. S at 719-24.

In this third case, filed on May 14, 2010, DC asserts two sets of claims. DC's first three claims for relief arise under federal copyright law and challenge the copyright termination notice the Shuster heirs served and seek redress for violations of the Copyright Act. Kline Decl. Ex. C ¶¶ 105-73. The latter three claims are based on California state law and arise largely from the misconduct of the Toberoff defendants. *Id.* ¶¶ 174-89.

On August 13, appellants filed under California's "anti-SLAPP" statute a special motion to strike DC's three state-law claims. Docket No. 5-2, Daum Decl. Ex. 1. As was its right under Ninth Circuit law, DC filed an amended complaint on

- 4 -

EXHIBIT 5
51

September 3, adding a defendant and making minor changes to the pleading.  Kline

Decl. Exs. A, C; *Verizon Del., Inc. v. Covad Commc'ns Co.*, 377 F.3d 1081, 1091

(9th Cir. 2004) (recognizing right to amend pursuant to FRCP 15 despite pendency

of SLAPP motion); *Lauter v. Anoufrieva*, 642 F. Supp. 2d 1060, 1109 (C.D. Cal.

2009) (same); *Optinrealbig.com, LLC v. Ironport Sys., Inc.*, 2004 WL 1737275, at

*2-4 (N.D. Cal. July 28, 2004) (same).

On September 7, the district court issued a *sua sponte* order vacating

appellants' SLAPP motion as moot "in light of the amended complaint."  Kline

Decl. Ex. D.  Ninth Circuit law fully supported this mootness order.  *See Verizon*,

377 F.3d at 1091 (SLAPP motion mooted by amended complaint); *accord Nejo v.

Wilshire Credit Corp.*, 2010 WL 2888905, at *2 (S.D. Cal. July 21, 2010); *Bosley

Med. Inst., Inc. v. Kremer*, 2004 WL 964163, at *2 (S.D. Cal. Apr. 30, 2004);

*Optinrealbig.com*, 2004 WL 1737275, at *2-4.  Appellants did not challenge the

order, ask the district court to modify it, or otherwise object to it.

Nor did appellants file a motion seeking attorneys' fees, even though their

initial SLAPP motion mentioned they would seek such fees—"subject to proof of

such fees."  Docket No. 5-2, Daum Decl. Ex. 1 at 7.  Rather, they refiled their

SLAPP motion and included all the arguments from their initial motion.  Kline

Decl. Ex. I.  Appellants' new motion made no argument that DC was barred from

amending its complaint or that they were entitled to fees based on the amendment.

- 5 -

EXHIBIT 5
52

DC opposed appellants' renewed SLAPP motion on the grounds, among others, that the SLAPP statute does not apply to Toberoff's commercial activities; appellants' defenses lack merit; and the motion rests on heavily contested fact issues requiring discovery before it can be decided. Kline Decl. Ex. K at 379-96 (citing, *e.g.*, *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001) (such discovery required); *Shropshire v. Fred Rappaport Co.*, 294 F. Supp. 2d 1085, 1100 (N.D. Cal. 2003) (same)).

Defendants sought to stay all discovery for a variety of reasons, including the filing of appellants' SLAPP motion. Kline Decl. Exs. B, E. DC demonstrated that SLAPP had no application to its three federal claims and could not bar discovery, *id.* Ex. E at 187-99, 202-08 (citing, *e.g.*, *Hilton v. Hallmark Cards*, 580 F.3d 874, 881 (9th Cir. 2009)), and that defendants' other objections to discovery were equally unfounded, *id.* Ex. B at 15-18, 51-72, Ex. E at 158-60, 185-208. The magistrate judge agreed and ruled that discovery should proceed. *Id.* Exs. G at 302-07, H.

After objecting to the magistrate's ruling, refusing to produce any discovery, and filing their reply in support of their renewed SLAPP motion, appellants noticed this appeal. Kline Decl. Exs. L-O, V. The district court stayed the case *sua sponte* pending this appeal, but modified that order last week—over defendants'

- 6 -

EXHIBIT 5
53

objections—to allow DC to proceed with discovery. *Id.* Exs. P-R, T-U. Defendants' *ex parte* application to stay discovery was also denied. *Id.* Exs. W-X.

Briefing on the pending jurisdictional issue followed this Court's October 21, 2010, order to show cause.

## SUMMARY OF ARGUMENT

A.  This appeal should be dismissed because it does not arise out of an appealable final judgment or collateral order and is based on grounds appellants never presented below.

B.  Appellants are not entitled to attorneys' fees or an advisory opinion on their undecided SLAPP motion.

## ARGUMENT

**A.      No Jurisdiction Exists To Hear This Appeal, And Appellants Waived The Right To Argue For The Relief They Now Seek.**

This Court has jurisdiction only over "final decisions of the district courts of the United States." 28 U.S.C. § 1291. The "collateral order doctrine" is a "narrow" extension of this rule, *Will v. Hallock*, 546 U.S. 345, 350 (2006), and applies only to a "'small class' of rulings, not concluding the litigation, but *conclusively resolving 'claims of right separable from*, and collateral to, rights asserted in the action,'" *id.* at 349 (emphasis added). The requirements of the doctrine are "stringent" and intended to be limited to a "small class" of "selective" cases. *Id.* at 349-50. To qualify, the order must: "(1) conclusively determine the

- 7 -

EXHIBIT 5
54

disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from a final judgment." *Id.* at 349-50.

1. Appellants' appeal plainly fails the first and third prongs of the *Will* test. As to the first prong, the district court's mootness order is not a "conclusive determination" of appellants' asserted rights under the SLAPP statute. A ruling based on mootness grounds is, by definition, neither a final nor dispositive ruling on the merits of any issue. *See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 600-01 (2001) (no judgment "on the merits" for purposes of awarding attorneys' fees where action dismissed as moot); *In re Burrell*, 415 F.3d 994, 998 (9th Cir. 2005) ("If the controversy is moot, both the trial and appellate courts lack subject matter jurisdiction …, and the concomitant 'power to declare the law' by deciding the claims on the merits.") (citations omitted); *Sierra Club v. Meiburg*, 296 F.3d 1021, 1028-29 (11th Cir. 2002) (district court's order denying motion to dismiss as moot not final).

Indeed, appellants' notice of appeal only served to derail adjudication of the merits of their SLAPP motion. When they noticed this appeal on October 7, appellants' renewed SLAPP motion had been fully briefed and was set to be heard in 11 days—on October 18. That hearing was taken off calendar when appellants filed this appeal.

- 8 -

EXHIBIT 5

55

As to the third *Will* prong, appellants' claim to attorneys' fees is not rendered effectively unreviewable later in these proceedings. California law does not permit interlocutory review of attorneys' fees decisions absent a ruling on the merits of the SLAPP motion or plaintiff's decision to *dismiss its claims* to avoid the SLAPP motion—neither of which occurred here. *See Baharian-Mehr v. Smith*, 189 Cal. App. 4th 265, 274-75 (2010); *cf. Doe v. Luster*, 145 Cal. App. 4th 139, 142-43, 145-50 (2006) (court's decision to grant or deny SLAPP motion is immediately appealable; a ruling on attorneys' fees is not). Appellants fail to address or even mention these authorities, and instead discuss inapposite cases where, unlike here, the defendant filed a motion for attorneys' fees and the trial court ruled on that motion. *See Liu v. Moore*, 69 Cal. App. 4th 745, 751-52 (1999) ("[T]he trial court's adjudication of the merits of a defendant's [SLAPP motion] is an essential predicate to ruling on the defendant's request for an award of fees and costs."); *Pfeiffer Venice Props. v. Bernard*, 101 Cal. App. 4th 211, 215 (2002) ("The fee motion is wholly dependent upon a determination of the merits of the SLAPP motion."); *Coltrain v. Shewalter*, 66 Cal. App. 4th 94, 106-07 (1998); *Johnston v. Corrigan*, 127 Cal. App. 4th 553, 555-56 (2005).

Similarly, although appellants assert that their fees appeal is *also* proper under federal law, none of their cited cases supports that contention:

- 9 -

EXHIBIT 5
56

- In *Finnegan v. Dir. Office of Workers' Comp. Programs*, 69 F.3d 1039, 1040 (9th Cir. 1995), the district court had resolved *both* the merits of the "underlying claim" at issue and "conclusively resolved the issue of attorneys' fees." Here, the district court has ruled neither on the merits of defendants' SLAPP motion nor any attorneys' fees request. Appellants never even asked the district court to award fees after it mooted their SLAPP motion. Where an issue is not raised in the district court, it is deemed waived on appeal. *See Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 321 F.3d 878, 882 (9th Cir. 2003); *Doi v. Halekulani Corp.*, 276 F.3d 1131, 1140 (9th Cir. 2002); *Slaven v. Am. Trading Transp. Co.*, 146 F.3d 1066, 1069 (9th Cir. 1998).

- In *Riverhead Sav. Bank v. Nat'l Mortgage Equity*, 893 F.2d 1109, 1114 (9th Cir. 1990), the trial court issued a "substantial" sanctions award and there was a "[a] strong likelihood of insolvency" of the sanctioned party, necessitating immediate appellate review. Here, no claim or issue has been adjudicated against DC, and DC is not remotely a credit risk.

- And in *K.V. Mar v. United Food & Comm'l Workers Int'l Union*, 173 F.3d 1221, 1223 (9th Cir. 1999), this Court said it was proper to review an award of attorneys' fees in connection with a removal and remand ruling, because after remand to state court "the state appellate court

- 10 -

EXHIBIT 5
57

would have no jurisdiction to review the federal district court order." No such issue is presented here.

2. Appellants' reliance on *Batzel* is unavailing. As this Court recognized in its October 21 order, *Batzel* is distinguishable. And, as this Court recently noted, *Batzel* must be read narrowly in light of *Will*, not expanded. *See Englert v. MacDonnel*, 551 F.3d 1099, 1105-07 (9th Cir. 2009).

In *Batzel*, 333 F.3d at 1024, the Ninth Circuit considered whether it had jurisdiction to review a district court order denying a SLAPP motion *on the merits*. The Court held that such an order met the then-existing collateral-order test, because a successful SLAPP motion immunizes a defendant from having to meet the "burdens of trial," and the California legislature made clear that being able to appeal the denial of a SLAPP motion could protect a defendant from this burden. *Id.* at 1025. Here, appellants' renewed SLAPP motion, which presents the same arguments contained in their initial SLAPP motion, has yet to be considered by the district court. In these circumstances, as the California courts of appeal have confirmed, the California legislature provided no right to an interlocutory appeal of attorneys' fees issues. *See Baharian-Mehr*, 189 Cal. App. 4th at 274-75 ("[W]e agree with the holding in *Doe* that a separate attorney fee order should not be heard on interlocutory appeal...."); *Doe*, 145 Cal. App. 4th at 145-50 (lengthy analysis

- 11 -

EXHIBIT 5
58

supporting holding that: "An Interlocutory Order Awarding or Denying Attorney Fees Under [the SLAPP statute] Is Not Immediately Appealable").

In *Englert*, this Court had to determine whether denials of SLAPP motions under Oregon's SLAPP laws also qualified as appealable collateral orders. The Court noted that *Will* had "significantly clarified the standard for determining whether the third prong of the collateral order test had been satisfied," and that *Will* "made clear that 'the mere avoidance of a trial' was insufficient to invoke the collateral order doctrine." 551 F.3d at 1105 (quoting *Will*, 546 U.S. at 353). The *Englert* court rejected the argument that a denial of a SLAPP motion under Oregon's statute was an appealable collateral order because there was no indication the Oregon legislature had created, as a matter of right, the ability to appeal such a ruling on an interlocutory basis so as to avoid trial. *See id.* at 1106-07. Likewise, there is no indication the California legislature intended to permit interlocutory appeals of attorney fees' rulings—just the opposite, *see Baharian-Mehr*, 189 Cal. App. 4th at 274-75; *Doe*, 145 Cal. App. 4th at 145-50.

This appeal—predicated on appellants' unprincipled extension of *Batzel* to all intermediate, "adverse decisions" implicating SLAPP, Docket No. 5-1 at 2—is exactly what *Will* foreclosed. In *Will*, 546 U.S. at 349-50, the Supreme Court admonished that the collateral order doctrine must be kept "stringent" and "narrow." Otherwise, expansions, such as those advocated here by appellants:

- 12 -

EXHIBIT 5
59

will overpower the substantial finality interests § 1291 is meant to
further: judicial efficiency, for example, and the sensible policy of
avoid[ing] the *obstruction to just claims that would come from
permitting the harassment and cost of a succession of separate
appeals from the various rulings to which a litigation may give rise.*

*Id.* at 350 (emphasis added).

**B.    Appellants Are Not Entitled to Attorneys' Fees Or An Advisory
Opinion.**

Addressing the merits of this appeal would be a waste of resources, as none

of appellants' substantive arguments has any merit.

1.  Appellants contend the SLAPP statute's provision for attorneys' fees is a

substantive right that supersedes DC's right to amend its complaint under Rule 15

of the Federal Rules of Civil Procedure.  This Court rejected this argument in

*Verizon Delaware, Inc. v. Covad Commc'ns Co.*, 377 F.3d 1081 (9th Cir. 2004).

*Verizon* held that granting an "anti-SLAPP motion to strike a plaintiff's initial

complaint without granting the plaintiff leave to amend would directly collide with

Fed. R. Civ. P. 15(a)'s policy favoring liberal amendment."  *Id.* at 1091.

Contrary to appellants' argument that this holding somehow conflicts with

*Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 130 S. Ct. 1431 (2010),

the *Verizon* court was expressly attuned to *Erie* concerns and explained why

enforcing Rule 15 did not undermine California's purpose in enacting the SLAPP

statute: "[T]he early dismissal of meritless claims … would still be served if

plaintiffs eliminated the offending claims from their original complaint.  If the

- 13 -

EXHIBIT 5

60

offending claims remain in the first amended complaint, the anti-SLAPP remedies remain available...." 377 F.3d at 1091. Unsurprisingly, courts continue to follow *Verizon*, and none has recognized appellants' misreading of *Shady Grove*. *E.g.*, *Brown v. Elec. Arts, Inc.*, 2010 WL 2757774, at *6 (C.D. Cal. July 13, 2010); *Greenberg v. Murray*, 2010 U.S. Dist. LEXIS 69725, at *9 (C.D. Cal. June 14, 2010); *see also Nejo*, 2010 WL 2888905, at *2 (granting leave to amend despite pendency of SLAPP motion); *Briarwood Capital, LLC v. KBR Group, LLC*, 2010 WL 1525453, at *2 (S.D. Cal. Apr. 14, 2010) (same).

2. Appellants' attorneys' fees arguments are equally baseless. Only a "prevailing party" is entitled to recover fees under the SLAPP statute. CAL. CIV. PROC. CODE § 425.16(c). Appellants have not "prevailed" under any definition of the word—their SLAPP motion has not been granted. While some cases suggest a defendant may be considered a prevailing party where the plaintiff drops *whole claims* in response to a SLAPP motion, *e.g.*, *EchoStar Satellite, LLC v. Viewtech, Inc.*, 2009 WL 1668712, at *7 (S.D. Cal. May 27, 2009), DC dropped no claims in its amended complaint, and appellants concede DC's amended complaint made only "minor changes." Docket No. 5-1 at 13.

Plainly distinguishable are the California cases cited by appellants awarding fees or denying leave to amend *after* the plaintiff lost a SLAPP motion. *See Sylmar Air Conditioning v. Pueblo Contracting Servs., Inc.*, 122 Cal. App. 4th

- 14 -

EXHIBIT 5
61

1049, 1056 (2004); *Simmons v. Allstate Ins. Co.*, 92 Cal. App. 4th 1068, 1073 (2001). Here, the district court has not ruled on appellants' SLAPP motion, and "the claims lodged against [appellants] remained intact and largely unchanged after [their] first motion to strike." *Brown*, 2010 WL 2757774, at *6. "[A] party is not considered to have 'prevailed' where 'the *results* of the motion were so insignificant that the party did not achieve any practical benefit....'" *Id.* at *5.

Appellants' reliance on cases in which parties or claims were dismissed in response to a SLAPP motion is equally misguided. *See Liu*, 69 Cal. App. 4th at 751; *Coltrain*, 66 Cal. App. 4th at 106-07; *Johnston*, 127 Cal. App. 4th at 555-56; *Pfeiffer Venice Props.*, 101 Cal. App. 4th at 215; *Pandora Jewelry, LLC v. Bello Paradiso, LLC*, 2009 WL 1953468, at *3-*4 (E.D. Cal. July 1, 2009). DC's amended complaint dropped no claims—and only *added* a party and *more details* regarding the defendants' misconduct. Indeed, in their renewed SLAPP motion, appellants conceded little had changed in DC's amended pleading. Kline Decl. Ex. F at 223 ("The First Amended Complaint contains relatively few changes from the initial complaint. Brill Decl. Ex. D (redline comparison)."). Even if DC had dismissed claims or parties, it would have been incumbent on appellants to ask the district court for an award of fees in light of this dismissal, *see, e.g., Liu*, 69 Cal. App. 4th at 751-52—*not* request this relief for the first time in this Court, *cf. supra* at 10 (showing how failure to raise such issues below constitutes waiver).

- 15 -

EXHIBIT 5
62

3.   Appellants disclosed the real purpose for this interlocutory appeal in recent briefing before the district court:

> *The Ninth Circuit is likely to address a variety of issues in the appeal that will provide guidance for this Court's resolution of this action.* For instance, the Ninth Circuit will likely address the applicable legal standards for determining which aspects of California's Anti-SLAPP law, Cal. Civ. Proc. Code § 425.16, apply when state law claims are brought in federal, rather than state, court.  The answer to this question is relevant to both the issues of attorneys' fees with respect to Defendants' original Anti-SLAPP motion, *as well as whether a discovery stay is in effect absent a specific showing by DC of "good cause."*…
>
> The interests of judicial economy support a stay in this case pending appeal.  In order to rule on whether Defendants are entitled to attorneys' fees with respect to the unsupported retaliatory claims in DC's original complaint, *the Ninth Circuit will likely assess whether the claims, as pled, fall within the scope of the Anti-SLAPP statute.*  DC itself states that its amended complaint includes only "minor" changes to the original pleading.  Motion at 1:18.  *DC therefore cannot deny that the Ninth Circuit's views on the original Anti-SLAPP motion are relevant to its amended complaint.*  Since discovery should be stayed pending this Court's decision on Defendants' Anti-SLAPP motion, *and this Court's decision on that motion should await guidance from the Ninth Circuit*, it is most reasonable for this Court to have stayed this case pending the outcome of such appeal.

Kline Decl. Ex. R at 696-97 (emphasis added).

The district court neither has requested nor requires guidance.  Appellants present no basis—and none exists—to seek advisory opinions from this Court on matters under the jurisdiction and supervision of the district court.  Appellate courts rightly refrain from issuing such advisory opinions.  *See* 13 CHARLES A. WRIGHT ET AL., FED. PRAC. & PROC. JURIS. § 3529.1 n.12 (3d ed. 2010).

- 16 -

EXHIBIT 5
63

## CONCLUSION

Appellants' appeal should be immediately dismissed.

Dated:  November 24, 2010

DANIEL M. PETROCELLI
MATTHEW T. KLINE
CASSANDRA L. SETO
O'MELVENY & MYERS LLP


By:   /s/ Daniel M. Petrocelli
        Daniel M. Petrocelli
Attorneys for Plaintiff-Appellee
DC Comics

CC1:840181

- 17 -

EXHIBIT 5
64