DANIEL M. PETROCELLI (S.B. #097802)
  dpetrocelli@omm.com
MATTHEW T. KLINE (S.B. #211640)
  mkline@omm.com
CASSANDRA L. SETO (S.B. #246608)
  cseto@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA  90067-6035
Telephone:  (310) 553-6700
Facsimile:  (310) 246-6779

PATRICK T. PERKINS (admitted *pro hac vice*)
  pperkins@ptplaw.com
PERKINS LAW OFFICE, P.C.
1711 Route 9D
Cold Spring, NY 10516
Telephone:  (845) 265-2820
Facsimile:  (845) 265-2819

Attorneys for Plaintiff DC Comics

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DC COMICS,<br><br>              Plaintiff,<br><br>     v.<br><br>PACIFIC PICTURES CORPORATION, IP WORLDWIDE, LLC, IPW, LLC, MARC TOBEROFF, an individual, MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER, JEAN ADELE PEAVY, an individual, JOANNE SIEGEL, an individual, LAURA SIEGEL LARSON, an individual, and DOES 1-10, inclusive,<br><br>              Defendants. | Case No. CV 10-3633 ODW (RZx)<br><br>**DISCOVERY MATTER**<br><br>**DC COMICS' COURT-ORDERED SUPPLEMENTAL BRIEF RE: JOINT-INTEREST PRIVILEGE IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND AMENDED PRIVILEGE LOGS**<br><br>**Judge**:      Hon. Otis D. Wright II<br>**Magistrate**: Hon. Ralph Zarefsky |

The Court's April 11 order directed defendants to produce six Michael Siegel documents for *in camera* review and invited the parties to address the applicability of the joint-interest privilege to these documents. DC responds briefly below:

1. The order asks whether Laura Siegel Larson may assert the privilege on behalf of Michael Siegel, her deceased half-brother. *See* Docket No. 209 at 11:21-28. It appears the answer might be "yes," but DC cannot say so definitively. Courts have held that an heir or personal representative may assert or waive claims of privilege,[1] but DC cannot say for certain whether Ms. Larson is Mr. Siegel's sole heir. Defendants claim she is, *see* Docket No. 160 at 69:15-16, but DC understands that that litigation concerning Mr. Siegel's estate is pending and that Ms. Larson will testify in the case in the coming weeks. *See* Decl. of Aaron Hayden Ex. A (Ohio case docket); Ex. B (letter from Ms. Larson's counsel).

2. DC appreciates the Court's time in reviewing the six documents at issue—though cannot comment specifically on the contents of any, as defendants have not described them in detail. Docket No. 160 at 69:12-70:1. Worth noting, however, is that, in parallel litigation, an Ohio federal district court inspected *in camera* 15 other communications, primarily between Marc Toberoff (counsel for Ms. Larson) and Don Bulson (counsel for Mr. Siegel). Despite adamant assurances from Toberoff that the communications were covered by a joint-interest privilege between Ms. Larson and Mr. Siegel and also protected by attorney-client privilege, *e.g.*, Hayden Decl. Ex. F, the court, following its *in camera* review, held that "*none of the 15* communications are subject to the attorney/client privilege based on the joint interest exception" and "*none* … are for the purpose of giving legal advice." Docket No. 161-5 at 30 (emphasis added). This ruling was never appealed.

---

[1] *E.g.*, *Ohio v. Doe*, 433 F.3d 502, 504 (6th Cir. 2006) (surviving spouse may waive privilege); *Burkert v. Equitable Life Assurance Soc'y of Am.*, 2000 WL 419988, at *5 (E.D. Pa. Apr. 18, 2000) (executor may raise or waive privilege); *Jensen v. Pliler*, 439 F.3d 1086, 1088 n.1 (9th Cir. 2006) (next of kin; same).

1    3.  Invocation of the joint-interest privilege requires "the interest of the parties sharing the information must be identical, not simply similar." 6 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE § 26.49[5][b] (2011); *Carl Zeiss Vision Int'l Gmbh v. Signet Armorlite Inc.*, 2009 WL 4642388, at *7 (S.D. Cal. Dec. 1, 2009). Even then, the "joint-defense exception … protects *only* those communications that are part of an on-going and joint effort to set up a common defense strategy." *Holmes v. Collection Bureau of Am., Ltd.*, 2010 WL 143484, at *2 (N.D. Cal. Jan. 8, 2010). To meet their burden of establishing the six documents at issue—and all of their contents—are privileged, *Clarke v. Am. Commerce Nat'l Bank*, 974 F.2d 127, 129 (9th Cir. 1992), defendants have to meet this test with specificity, and general assertions of joint-interest should be rejected, *cf.* Docket No. 161-5 at 30.

The six documents at issue were created months after Mr. Siegel's attorney, Don Bulson, ceased rendering services for him in April 2006. *See* Hayden Decl. Ex. C. It is not readily apparent—much less proven—that defendants and Mr. Bulson or Mr. Siegel were ever engaged in a "joint effort to set up a common defense strategy." *Holmes*, 2010 WL 143484, at *2. Indeed, the interests of Mr. Bulson and Ms. Larson may well have been divergent. While Mr. Bulson would have an interest in maintaining privilege in communications he had with Mr. Siegel, that representation ended in April 2006. As for cooperating with Ms. Larson and Mr. Toberoff, the Ohio district court ruled that Mr. Bulson's communications with Mr. Toberoff (and vice versa) concerning Mr. Siegel demonstrated interests that were "separate." Docket No. 161-5 at 31. Moreover, as can be seen from the 15 items of correspondence the court ordered produced, Mr. Toberoff had played hardball with Mr. Bulson in trying to purchase Mr. Siegel's putative Superman rights. *See* Hayden Decl. Ex. D (15 documents).

4.  This ruling that Ms. Larson and her brother's interests were "separate" occurred *after* Mr. Siegel's death—and in the face of Mr. Toberoff's claims before the Ohio district court that he was stepping in for Bulson and would assert privilege

claims on behalf of the late Mr. Siegel and on behalf of Ms. Larson, as Mr. Siegel's heir. *See id.* Exs. E, F. The Ohio district court did not address the six Bulson-Toberoff communications at issue here directly. However, if any, all, or any part of the six particular documents do not meet the dictates of the joint-interest privilege, as was previously the case when Mr. Toberoff made identical assertions, then those documents (or redacted copies of them) should be disclosed to DC.[2]

Dated: April 18, 2011

Respectfully Submitted,
O'MELVENY & MYERS LLP

By: /s/ Daniel M. Petrocelli
　　Daniel M. Petrocelli
　　Attorneys for Plaintiff DC Comics

CC1:848262

---

[2] Although not germane to the Court's request or this filing, what remains an open question are the many other Michael Siegel documents that predate his death, that his counsel maintained, and during which time there was plainly adversity between him and defendants. *See* Docket Nos. 160 at 35-36 & n.9; 171 at 3-4. These issues will be addressed in other motions.