# EXHIBIT B

# TOBEROFF & ASSOCIATES, P.C.

A PROFESSIONAL CORPORATION

2049 CENTURY PARK EAST, SUITE 3630

LOS ANGELES, CALIFORNIA 90067

MARC TOBEROFF*
NICHOLAS C. WILLIAMSON
KEITH G. ADAMS
JEFFREY R. RHOADS

\* Also admitted in New York

TELEPHONE
(310) 246-3333

FACSIMILE
(310) 246-3101

mtoberoff@ipwla.com

April 11, 2011

<u>By E-Mail</u>

Daniel Petrocelli, Esq.
O'Melveny & Myers LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067

Re:    <u>*DC Comics v. Pacific Pictures Corp., et al.*</u>, Case No. 10-CV-03633 ODW (RZx)

Dear Dan:

I write regarding your letter of Friday, April 8, 2011, as to the scheduling of the depositions of Mark Warren Peary and Laura Siegel Larson, previously scheduled for April 13 and April 21, 2011, respectively.

We could agree to your proposal with some necessary modifications.

The depositions of Ms. Siegel and Mr. Peary should be scheduled within ten business days of Magistrate Zarefsky's rulings on DC's pending motions (Docket Nos. 205 and 206).  Between your busy calendar, my busy calendar, my client's calendars and the desire for Mr. Peary to travel to Los Angeles from New Mexico, a blind agreement that depositions occur within "one week" of Magistrate Zarefsky's rulings could just lead to further conflicts.

While recognizing the validity of postponing the depositions until there is a ruling on your first motion to compel (Docket No. 159), which has now been decided, your proposal does not provide for DC's other two pending motions to compel, which claim a blanket waiver of privilege regarding the numerous privileged documents stolen from my law firm in 2005 (Docket No. 205), and further interrogatory responses (Docket No. 206).  This makes little sense as the rationale for postponing the depositions until a ruling on the first motion applies with equal or greater force to the other two motions.

As stated, we cannot expose our clients to having their depositions taken twice in this action, which is already duplicative of the prior action in which they were fully deposed.

EXHIBIT B
8

**TOBEROFF & ASSOCIATES, P.C.**

April 11, 2011
Re:     *DC Comics v. Pacific Pictures Corp.*
Page:   2 of 2

Additionally, Ms. Siegel may or may not be available the week of May 16-20, 2011, the week
you propose moving both depositions to.  She is participating in a trial in Cleveland, Ohio, which
commences on May 12, and could easily spill over into the target week of May 16.

As a compromise, however, we would agree to the following:

- Mr. Peary and Ms. Siegel's depositions would be scheduled for the week of May 16-
  20, or May 23-27, 2011, with the first week preferred;
- Provided DC gives us one week prior written notice, DC could elect to postpone such
  depositions until after Magistrate Zarefsky has ruled on DC's two pending motions to
  compel (Docket Nos. 205 and 206);
- If DC proceeds with the deposition of either Mr. Peary or Ms. Siegel despite the fact
  that Magistrate Zarefsky has not ruled on DC's pending motions, then DC would
  waive its right to seek a second deposition based upon the decision on any such
  motion.

Lastly, while we can readily resolve this matter as outlined above, we, of course, cannot condone
a blanket agreement to never seek any protective order regarding the depositions of Mr. Peary
and Ms. Siegel.  Among many potential scenarios, Judge Wright could resolve defendants'
pending motions to dismiss and anti-SLAPP motion, such that the case is resolved and/or stayed
in large part pending appeal of the defendants' anti-SLAPP motion. However, defendants would
be willing to agree that they will not seek a protective order based on "any objections, appeals, or
other challenges" to Magistrate Zarefsky's rulings on the motions (Docket Nos. 159 and 205-06).

Nothing in this letter should be construed as a waiver or limitation of any of defendants' rights or
remedies, all of which are reserved.

Very truly yours,

Marc Toberoff

EXHIBIT B
9