DANIEL M. PETROCELLI (S.B. #097802)
dpetrocelli@omm.com
MATTHEW T. KLINE (S.B. #211640)
mkline@omm.com
CASSANDRA L. SETO (S.B. #246608)
cseto@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067-6035
Telephone: (310) 553-6700
Facsimile: (310) 246-6779

PATRICK T. PERKINS (admitted *pro hac vice*)
pperkins@ptplaw.com
PERKINS LAW OFFICE, P.C.
1711 Route 9D
Cold Spring, NY 10516
Telephone: (845) 265-2820
Facsimile: (845) 265-2819

Attorneys for Plaintiff DC Comics

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DC COMICS,<br><br>    Plaintiff,<br><br>    v.<br><br>PACIFIC PICTURES CORPORATION, IP WORLDWIDE, LLC, IPW, LLC, MARC TOBEROFF, an individual, MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER, JEAN ADELE PEAVY, an individual, JOANNE SIEGEL, an individual, LAURA SIEGEL LARSON, an individual, and DOES 1-10, inclusive,<br><br>    Defendants. | Case No. CV 10-3633 ODW (RZx)<br><br>**DISCOVERY MATTER**<br><br>**DC COMICS' OPPOSITION TO DEFENDANTS MARK WARREN PEARY, JEAN ADELE PEAVY AND LAURA SIEGEL LARSON'S *EX PARTE* APPLICATION TO CONTINUE THE HEARING DATE ON DC COMICS' MOTIONS TO COMPEL [DOCKET NOS. 205, 206]**<br><br>DECLARATION OF DANIEL M. PETROCELLI FILED CONCURRENTLY HEREWITH<br><br>**Judge**:      Hon. Otis D. Wright II<br>**Magistrate**: Hon. Ralph Zarefsky |

1  The record should be clear what happened here: Marc Toberoff scheduled a vacation that he knew conflicted with a noticed hearing date on a motion DC filed close to a month ago. Then, at the last possible moment, he filed an *ex parte* application seeking to have weekend vacation plans (and a desire to travel home on Monday "evening") override DC's right to have its motions heard, even though his counsel of record, who signed and filed the opposition papers, are available for the hearing. This is unwarranted. *Cf. Charley v. Chevron USA*, 2010 WL 2792486, at *1 (C.D. Cal. July 13, 2010) (*ex parte* application denied because applicant "created the purported 'emergency'"); *Mission Power Eng'g Co. v. Cont'l Cas.* Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995) ("Ex parte applications are not intended to save the day for parties who failed to present requests when they should have.").

DC's two discovery motions are directed at the *Toberoff defendants*—not the Siegel or Shuster heirs. In seeking this *ex parte* relief on behalf of the heirs, Toberoff has made *no showing* that his counsel at the Kendall Brill firm cannot attend. Toberoff admits in his declaration that he scheduled his vacation only *after* DC filed its motions and noticed them for hearing on Monday. Docket No. 220-1 ¶ 4. While Toberoff erroneously accuses DC of improperly setting the April 25 hearing date, *cf.* Docket No. 208 ¶¶ 3-8 (DC, on April 4, explaining why it noticed the hearing for April 25), if Toberoff or the other defendants had such an objection, they should have filed their *ex parte* application *weeks ago*—not in the early morning hours, two business days before the hearing. *See Mission Power*, 883 F. Supp. at 492.

Defendants try to cloud the matter by claiming this is the second time DC "mis-noticed" a motion, and that the Court "re-scheduled" the last hearing. That is incorrect. DC filed its motion to compel on November 29, 2010, and noticed it for hearing on December 20, for the same reason DC filed and noticed the hearing on its present motions—defendants refused to comply with Rule 37 and improperly sought to engineer delay. *See* Docket Nos. 128, 208. The Court's December 1

1  DC'S OPP'N TO DEFS.' *EX PARTE* APP.

1 notice of deficiency had nothing to do with any lack of compliance by DC, but
2 because the motion was inadvertently calendared before Judge Wright.  Docket No.
3 130.  When DC re-noticed the motion, it moved the hearing date *on its own*, and
4 defendants then *stipulated* to the substantive relief DC sought—but only after
5 putting DC to the cost and expense of these filings.  *Cf.* Docket Nos. 132, 133.

6     DC respectfully requests that defendants' *ex parte* application be denied and
7 its two motions be heard as scheduled, on April 25, so these issues may be resolved
8 and DC may proceed with depositions without further delay.  DC is amenable to
9 having the motion heard later in the afternoon on April 25, and will, of course,
10 attend a later hearing if the Court deems one fit.  *See* Docket No. 215 at 12 n.6.
11 However, as explained in the accompanying declaration, DC's counsel will be
12 travelling from New York to Los Angeles on the morning of April 28, and will be
13 in Washington D.C. on May 2.  *See* Petrocelli Decl. ¶¶ 2-3; Toberoff Decl. Ex 2.

15 Dated: April 21, 2011

Respectfully Submitted,
O'MELVENY & MYERS LLP

By:   /s/ Daniel M. Petrocelli
    Daniel M. Petrocelli
Attorneys for Plaintiff DC Comics

CC1:848559