DANIEL M. PETROCELLI (S.B. #097802)
 dpetrocelli@omm.com
MATTHEW T. KLINE (S.B. #211640)
 mkline@omm.com
CASSANDRA L. SETO (S.B. #246608)
 cseto@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067-6035
Telephone: (310) 553-6700
Facsimile: (310) 246-6779

PATRICK T. PERKINS (admitted *pro hac vice*)
 pperkins@ptplaw.com
PERKINS LAW OFFICE, P.C.
1711 Route 9D
Cold Spring, NY 10516
Telephone: (845) 265-2820
Facsimile: (845) 265-2819

Attorneys for Plaintiff DC Comics

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DC COMICS,<br><br>Plaintiff,<br><br>v.<br><br>PACIFIC PICTURES CORPORATION, IP WORLDWIDE, LLC, IPW, LLC, MARC TOBEROFF, an individual, MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER, JEAN ADELE PEAVY, an individual, JOANNE SIEGEL, an individual, LAURA SIEGEL LARSON, an individual, and DOES 1-10, inclusive,<br><br>Defendants. | Case No. CV 10-03633 ODW (RZx)<br><br>**DC COMICS' UNOPPOSED APPLICATION TO TEMPORARILY FILE UNDER SEAL MOTION FOR REVIEW OF MAGISTRATE'S ORDER ON PLAINTIFF'S MOTION TO COMPEL PURSUANT TO FED. R. CIV. P. 72(A) AND L.R. 72-2.1**<br><br>DECLARATION OF CASSANDRA SETO AND [PROPOSED] ORDER FILED CONCURRENTLY HEREWITH<br><br>Hon. Otis D. Wright II |

Pursuant to Central District Local Rule 79-5.1 and consistent with Magistrate Zarefsky's February 14, 2011, and April 11, 2011, orders, DC Comics moves to temporarily seal its Motion For Review Of Magistrate's Order On Plaintiff's Motion To Compel Pursuant To Fed. R. Civ. P. 72(a) And L.R. 72-2.1 ("Motion"). DC submits that the Motion should not be sealed permanently, but in accordance with Magistrate Zarefsky's orders deeming filed under seal certain portions of DC's motion to compel briefing, DC believes it is prudent to seal the Motion until this Court has ruled on the Motion.

DC's Motion contains references to a May 2, 2008, letter from defendants discussing an unlawful consent agreement, which defendants wrongly assert is shielded from disclosure because it was sent to DC in advance of mediation. *See* Docket Nos. 168 at 1-4; 160 at 1, 11-27. For all of the reasons discussed in DC's prior applications to seal, there is no basis to exclude this letter from this case or public disclosure. *See* Docket Nos. 166; 168; 199. Among other reasons, defendants affirmatively put the letter at issue by repeatedly and openly disclosing its existence and contents in public filings—most recently, in unsealed portions of defendants' opposition to DC's motion to compel. *See* Docket No. 160 at 53-56, 22-24 & n.7. Moreover, federal and state law clearly permit DC's reference to the letter, and the parties' JAMS agreement does not trump this law. *See* Docket Nos. 168 at 4; 160 at 11-21. Finally, Judge Larson's interlocutory discovery ruling on the consent agreement in the related *Siegel* case is not binding on this Court. *See* Docket Nos. 160 at 25-26; 197 at 4-11.

Solely to accommodate an objection from defendants, DC filed an application to temporarily seal certain portions of its motion to compel and related exhibits. Docket Nos. 166 at 1; 168 at 2-3. On February 14, 2011, Magistrate Zarefsky granted DC's application, ruling "it is prudent to place the matters under seal until the decision on the motion [to compel], and the application to temporarily place them under seal is granted." Docket No. 172. On March 28, DC notified

1  defendants that it would be filing an application to temporarily seal portions of a
2  court-ordered supplemental brief in support of its motion to compel, and defendants
3  agreed the brief could be filed under seal, "in light of Magistrate Zarefsky's
4  February 14, 2011 order." Docket No. 200 at 1, Ex. A. DC filed an unopposed
5  application to temporarily seal on March 29. Docket No. 199. Magistrate
6  Zarefsky's April 11, 2011, order provided that "[t]he matters placed under seal will
7  remain under seal." Docket No. 209 at 14.
8      For these reasons, DC submits that it is prudent to temporarily seal its Motion
9  pending this Court's ruling. Once this Court has ruled, DC contends its Motion
10 should be unsealed. Defendants agree that the Motion should be sealed, although
11 they object to DC's use of the May 2, 2008, letter in this litigation. Decl. of
12 Cassandra Seto ¶ 2, Ex. A.

14 Dated:      April 25, 2011              Respectfully Submitted,

15                                         O'MELVENY & MYERS LLP

17                                         By: _____
                                            Daniel M. Petrocelli
18                                          Attorneys for Plaintiff DC Comics

CC1:848644