DANIEL M. PETROCELLI (S.B. #097802)
 dpetrocelli@omm.com
MATTHEW T. KLINE (S.B. #211640)
 mkline@omm.com
CASSANDRA L. SETO (S.B. #246608)
 cseto@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA  90067-6035
Telephone:  (310) 553-6700
Facsimile:   (310) 246-6779

PATRICK T. PERKINS (admitted *pro hac vice*)
 pperkins@ptplaw.com
PERKINS LAW OFFICE, P.C.
1711 Route 9D
Cold Spring, NY 10516
Telephone:  (845) 265-2820
Facsimile:   (845) 265-2819

Attorneys for Plaintiff DC Comics

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DC COMICS,<br><br>           Plaintiff,<br><br>     v.<br><br>PACIFIC PICTURES CORPORATION, IP WORLDWIDE, LLC, IPW, LLC, MARC TOBEROFF, an individual, MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER, JEAN ADELE PEAVY, an individual, JOANNE SIEGEL, an individual, LAURA SIEGEL LARSON, an individual, and DOES 1-10, inclusive,<br><br>           Defendants. | Case No. CV 10-03633 ODW (RZx)<br><br>**DC COMICS' OBJECTION TO DEFENDANTS' IMPROPER "SUPPLEMENTAL BRIEF" IN SUPPORT OF MOTION TO DISMISS**<br><br>**DECLARATION OF CASSANDRA SETO AND [PROPOSED] ORDER FILED CONCURRENTLY HEREWITH**<br><br>The Hon. Otis D. Wright II<br><br>Complaint Filed:  May 14, 2010<br>Trial Date:         None Set |

DC objects to defendants' Supplemental Brief Re: Issue Preclusion As To Defendants' Renewed Motion To Dismiss DC's First And Second Claims ("Supplemental Brief"), Docket No. 194. The brief should be stricken because it exceeds the Court's March 9, 2011, order, which directed the parties to "file anew" the same opposition and reply papers filed last fall in connection with defendants' Rule 12 and SLAPP motions. Docket No. 179. A party cannot "supplement" its prior briefing without leave of the Court, and defendants did not seek such leave. WILLIAM W. SCHWARZER ET AL., CAL. PRAC. GUIDE: FED. CIV. PRO. BEFORE TRIAL §§ 12:110, 12:110.1 (2010) (citing L.R. 7-10). Defendants' brief also improperly relies on Federal Rule of Civil Procedure 12(b)(6) to challenge individual paragraphs of DC's claims. Only a motion to strike can be used to challenge such allegations, *see id.* § 9:188.1, and defendants come nowhere close to satisfying the strict standard for such a motion, *see RDF Media Ltd. v. Fox Broad. Co.*, 372 F. Supp. 2d 556, 566 (C.D. Cal. 2005). Defendants' brief also violates the procedural requirements for filing a motion to strike—defendants failed to meet and confer on their brief as required by the Court's local rules and standing orders.

Even if the Court were to consider their unauthorized filing, defendants' arguments fail on the merits. The rulings in *Siegel* are not binding here because this case involves different facts, issues, claims, and parties. The *Siegel* court recognized as much; in ruling on the validity of the Siegels' copyright termination notice, Judge Larson observed: "It is by no means a foregone conclusion that the Shuster estate will be successful in terminating" the same copyright grants here. Case No. CV 04-8400, Docket No. 554 at 23.

**A.     Defendants' "Supplemental Brief" Was Not Authorized.**

The Court's March 9, 2011, order directed the parties to re-file the same papers they submitted last fall—the Court did *not* give the parties leave to file new or supplemental material. Docket No. 179. Defendants' Supplemental Brief

- 1 -

DC COMICS' OBJECTION TO DEFS.'
IMPROPER "SUPP. BRIEF"

addresses new legal arguments that were not contained in their moving or reply papers. Docket No. 194.

There is no rule allowing a party unilaterally to "supplement" its motion papers. If defendants believed that this Court's entry of a Rule 54(b) judgment in the *Siegel* case constituted new circumstances that warranted additional briefing in this case, the proper approach would have been "asking the judge for permission to file a letter brief on the subject"—"there is no right to file further briefs" based on changed circumstances. SCHWARZER, *supra*, §§ 12:110, 12:110.1 (citing L.R. 7-10). Defendants are well aware of this, as they cited this exact treatise section and Local Rule 7-10 in a recent brief they filed. Docket No. 203 at 1. Courts "will not consider issues or evidence" where, as here, they are raised after opposition papers have been submitted. *Am. Traffic Solutions, Inc. v. Redflex Traffic Sys., Inc.*, 2009 WL 775104, at *1 (D. Ariz. Mar. 20, 2009); *see also Gadda v. State Bar of Cal.*, 511 F.3d 933, 937 n.2 (9th Cir. 2007).

Absent leave of Court, defendants were required to address any new arguments in a duly-noticed motion. And, they were required to comply with the Court's standing order and Local Rule 7-3 and to meet and confer with DC regarding their supplemental filing and new arguments. *See* L.R. 7-3; Docket No. 18 at 4. Instead, defendants failed to meet and confer or otherwise give DC any notice of their unilateral filing—even after DC asked whether defendants intended to file a motion in this case addressing the Rule 54(b) judgment in *Siegel*. Decl. of Cassandra Seto Ex. A (Mar. 22, 2011, e-mails).

**B. Rule 12(b)(6) Cannot Be Used To Dismiss Parts of Claims.**

Rule 12(b)(6) "cannot be used to challenge just certain allegations within a claim while the underlying claim is not itself challenged." SCHWARZER, *supra*, § 9:188.1 (citing *Thompson*, 657 F. Supp. 2d 1113, 1129 (D. Ariz. 2009)). Yet defendants' Supplemental Brief—which purports to be based on Rule 12(b)(6)— does exactly that, challenging individual sub-parts of DC's First and Second

Claims. Docket No. 194 at 1. There are four separate and independent bases for DC's First Claim (apart from what defendants now challenge) and three independent bases for DC's Second Claim. *See* Am. Compl. ¶¶ 51-65, 86-101, 105-64; Docket No. 186 at 4-24. Defendants have conceded—as they must—that neither claim can be completely dismissed. *E.g.*, Docket No. 148-1 at 25 n.20 ("The sole remaining issue in the Second Claim that has not already been fully adjudicated in *Siegel* is in sub-part 'e' (FAC, ¶¶ 163-64)."); Docket No. 194 at 3-4.

To the extent defendants seek to challenge parts of DC's claims, they must file a motion to strike. *E.g.*, SCHWARZER, *supra*, § 9:188.1 (attacking "certain allegations within a claim … must be made by motion to strike under Rule 12(f)"). Defendants cannot satisfy the strict standards governing motions to strike, which require the Court to read all facts in DC's favor and "be convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the claim or defense succeed." *RDF Media*, 372 F. Supp. 2d at 566 ("[m]otions to strike are generally disfavored because of the limited importance of pleadings in federal practice and because it is usually used as a delaying tactic"). As noted below, defendants' arguments about the validity and scope of the Shusters' termination notice turn on "disputed and substantial factual or legal" issues that cannot be resolved on a motion to strike. *Whittlestone, Inc. v. Handi-Craft Co.*, 2010 WL 3222417, at *2 (9th Cir. Aug. 17, 2010).

**C.     Defendants' Arguments Fail On The Merits.**

Should the Court decide to allow defendants' supplemental brief, DC asks the Court to consider its arguments below why defendants' arguments lack merit.

1. Defendants have previously asserted there is no equivalence between the Siegels' and Shusters' termination efforts. In *Siegel*, they asserted that:

- "The Shuster Termination … is wholly separate and apart from the Siegel Terminations at issue in the Siegel Litigations";

- "[T]he Siegel Litigations do <u>not</u> concern Shuster's copyright interests in *Superman* and/or *Superboy* (if any); the litigations concern *only* Jerry Siegel's copyright interests in *Superman* and/or *Superboy*";
- "The Shuster Termination has no legal bearing or effect upon the Siegel Terminations or upon Plaintiffs' claims in the Siegel Litigations";
- DC's "ownership of Joseph Shuster's joint copyright interest in *Superman* is not at issue in the Siegel Litigations";
- The Shusters are not "part[ies] to the Siegel Litigations, nor are they witnesses to anything at issue in the Siegel Litigations";
- "The Siegel Litigations concern the Siegels' recapture of Jerry Siegel's co-authorship (50%) share of the *Superman* copyright and the Siegels' recapture of 100% of the *Superboy* copyright …, <u>not</u> Joseph Shuster's co-authorship (50%) share in *Superman*"; and
- Third-party discovery DC sought from the Shusters is "hardly relevant to this case which concerns only the Siegel Terminations…."

Docket No. 183-3 at 4, 9, 13 (all emphases in original).

In light of their statements in *Siegel*, defendants' assertion that the issues concerning the Siegel and Shuster terminations are "identical" and "any issues finally decided with respect to the Siegel Termination have been effectively decided with respect to the Shuster Termination," Docket No. 194 at 3, defies credulity. Well-settled principles of estoppel prevent defendants from playing "fast and loose" with the Court by flip-flopping on positions to suit their interests. *See, e.g.*, *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001) (judicial estoppel "forbids use of intentional self-contradiction as a means of obtaining unfair advantage"); *Erie Telecomms., Inc. v. City of Erie*, 659 F. Supp. 580, 585 (W.D. Pa. 1987) ("one cannot blow both hot and cold").

2. Issue preclusion is inapplicable because this case involves different facts, issues, claims, and parties than *Siegel*. Issue preclusion "applies only when the

1  issues presented in each matter are identical. The doctrine is inapplicable if the
2  issues are merely similar." *Fund for Animals, Inc. v. Lujan*, 962 F.2d 1391, 1399
3  (9th Cir. 1992). The identity of issues turns on the underlying facts; differences "in
4  facts essential to a judgment will render [issue preclusion] inapplicable in a
5  subsequent action raising the same issues." *Montana v. U.S.*, 440 U.S. 147, 159
6  (1979). DC's First and Second Claims turn on contested factual questions
7  regarding the nature of Joe Shuster's relationships with DC and Jerry Siegel that
8  foreclose application of collateral estoppel.

9        For example, DC's Second Claim alleges, *inter alia*, that the Shusters stand
10 to recapture only a limited sliver of rights—if any—because the works listed on
11 their termination notice are non-terminable unpublished works and works made for
12 hire on behalf of DC. Am. Compl. ¶¶ 135-64. Defendants contend that Siegel and
13 Shuster had the same relationship with DC at the time the works in the termination
14 notice were created, and that this Court is therefore bound by the *Siegel* court's
15 rulings as to whether these works were made for hire. *See* Docket No. 194 at 6.
16 This is a false construct. Shuster's relationship with DC and the nature of Shuster's
17 contributions as an artist were different than Siegel's in several critical respects. It
18 is far from clear that the works deemed terminable as to Siegel could also be
19 terminated by Shuster. To take just a few examples:

20 • Siegel and Shuster had different employment arrangements with DC. There
21    were times that Shuster worked for DC independently of Siegel, *see* Am.
22    Compl. ¶ 146, and a 1939 letter confirms that Siegel and Shuster had been
23    working on different projects and DC was "free to make other arrangements"
24    with them individually. Case No. CV-04-8400, Docket No. 340-2 at 2.
25 • The nature of DC's supervision and control over Shuster was necessarily
26    different than Siegel as a result of their different roles. Siegel supplied
27    storylines for Superman, while Shuster worked with other artists, including
28    DC's staff artists, to draw and colorize the artwork. Case No. CV-04-8400,

        Docket No. 181 at 7, 28. Discovery in *Siegel* focused less on the substance of Shuster's contributions and the extent of DC's control vis-à-vis Shuster.

- Siegel and Shuster were also paid differently for their work. *E.g.*, Case No. CV-04-8400, Docket No. 163 at 31.

These fact-bound questions were not resolved as to Shuster in the *Siegel* case, and DC expects that more distinctions between Siegel and Shuster will be revealed in discovery. The *Restatement*, which the Ninth Circuit has adopted, confirms that issue preclusion is improper where discovery in the prior action did not embrace "the matter sought to be presented in the second." RESTATEMENT (SECOND) OF JUDGMENTS § 27 cmt. c (1982); *see Resolution Trust Corp. v. Keating*, 186 F.3d 1110, 1116 (9th Cir. 1999) (adopting *Restatement*); *Ansel Commc'ns, Inc. v. Novell, Inc.*, 1999 WL 33298162, at *3-4 (N.D. Cal. Mar. 24, 1999) (no preclusion where prior action involved "different factual inquiry"). It is not enough that "some of the actors and evidence" are the same and "some of the allegations are similar"—the issues must be "identical" and rest on the same facts. *Optional Capital, Inc. v. Kim*, 2008 WL 2986660, at *6 (C.D. Cal. Aug. 1, 2008); *Montana*, 440 U.S. at 159. Again, as Judge Larson observed, "It is by no means a foregone conclusion that the Shuster estate will be successful in terminating" the same copyright grants here. Case No. CV 04-8400, Docket No. 554 at 23.

        3. As a matter of judicial economy, it also does not make sense for the Court to address the applicability of issue preclusion before the validity of the Rule 54 judgment on which the Shusters rely is tested on appeal. DC will move to dismiss any appeal filed by the Siegels on the ground that the Rule 54(b) judgment is invalid because the orders it certifies as final do not fully dispose of the claims embraced in the ruling. *See* Case No. CV-04-8400, Docket No. 655; 10 CHARLES A. WRIGHT ET AL., FED. PRAC. & PROC. § 2655 (1998) (where an order "does not actually adjudicate one or more but less than all of the claims, … an appeal from it will be dismissed, even though the trial court decided to treat the order as final").

- 6 -

The Ninth Circuit has rejected defendants' previous efforts to take interlocutory appeals—in both instances, the Ninth Circuit waited *just two weeks* before issuing an order to show cause why the appeal should not be dismissed for lack of jurisdiction, and dismissed the appeals shortly thereafter. Docket Nos. 139, 143, 144, 152, 157. DC will seek similar relief here, and submits that the Court should not consider the issues in the Supplemental Brief until that motion to dismiss any such appeal has been decided by the Ninth Circuit.

Dated: April 26, 2011

Respectfully Submitted,

O'MELVENY & MYERS LLP

By: /s/ Daniel M. Petrocelli
    Daniel M. Petrocelli
    Attorneys for Plaintiff DC Comics

CC1:847986