# EXHIBIT F

# TOBEROFF & ASSOCIATES, P.C.

A PROFESSIONAL CORPORATION

2049 CENTURY PARK EAST, SUITE 3630

LOS ANGELES, CALIFORNIA 90067

MARC TOBEROFF*
NICHOLAS C. WILLIAMSON
KEITH G. ADAMS
JEFFREY R. RHOADS

TELEPHONE
(310) 246-3333

FACSIMILE
(310) 246-3101

* Also admitted in New York

mtoberoff@ipwla.com

April 7, 2011

By E-Mail

Daniel Petrocelli, Esq.
O'Melveny & Myers LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067

Re:   *DC Comics v. Pacific Pictures Corp., et al.*, Case No. 10-CV-03633 ODW (RZx)

Dear Dan:

I write regarding the depositions of Mark Warren Peary and Laura Siegel Larson, currently scheduled for April 13 and April 21, 2011, respectively.

These depositions should reasonably be continued until DC's three pending motions to compel the production of related documents (Docket Nos. 159, 205-06) are resolved by Magistrate Zarefsky.

The first motion to compel (Docket No. 159) involves seven distinct issues and numerous categories of privileged documents (*e.g.,* the "Consent Agreement") as to which DC will obviously seek to depose Mr. Peary and Ms. Siegel.

The second and third motions to compel recently filed on April 4, 2011 (Docket Nos. 205-06) involve numerous privileged Stolen Documents as well as privileged communications between Laura Siegel and attorney David Michaels, as to which DC will similarly attempt to question Ms. Siegel and Mr. Peary.

I will duly instruct my clients not to answer any questions regarding privileged documents or privileged information. Accordingly, these outstanding disputes and the pending motions to compel pose an unnecessary risk of potentially exposing my clients to multiple depositions, as DC will undoubtedly seek to re-depose Ms. Siegel and Mr. Peary if it secures *any* additional document(s) through its pending motions. Thankfully, this dilemma can easily be remedied by briefly postponing the depositions until after the motions have been resolved.

I hope you can appreciate that I cannot expose Ms. Siegel to four depositions (two already taken in the related *Siegel* case and potentially two in this case) or expose Mr. Peary to three

**TOBEROFF & ASSOCIATES, P.C.**

April 7, 2011
Re:    *DC Comics v. Pacific Pictures Corp.*
Page:  2 of 2

depositions (one already taken in the *Siegel* case and potentially two in this case) for merely asserting their statutory termination rights under the Copyright Act. The far more efficient and reasonable choice is for DC to simply take their depositions after the outstanding discovery motions have been resolved, thereby avoiding "piecemeal" depositions. *See* F.R.C.P. 30(d) ("a deposition is limited to 1 day of 7 hours").

Notably, DC agreed to this exact arrangement with respect to its deposition of the Siegels' former counsel, Kevin Marks, which was originally set for April 14, but is postponed until after the pending motions to compel are decided.

I write this letter due to the sincere concerns expressed above. This is not a delay tactic. Moreover, in weighing our request, DC should bear in mind that it alone chose to wait five (5) weeks after the meet and confer process had concluded to bring its recently filed motions (and noticed a hearing date after the scheduled depositions), which largely contribute to this dilemma.

Thank you for your consideration of the above.

Nothing in this letter should be construed as a waiver or limitation of any of defendants' rights or remedies, all of which are reserved.

Very truly yours,

Marc Toberoff