# EXHIBIT M

# TOBEROFF & ASSOCIATES, P.C.

A PROFESSIONAL CORPORATION

2049 CENTURY PARK EAST, SUITE 3630
LOS ANGELES, CALIFORNIA 90067

MARC TOBEROFF*
NICHOLAS C. WILLIAMSON
KEITH G. ADAMS
JEFFREY R. RHOADS

TELEPHONE
(310) 246-3333

FACSIMILE
(310) 246-3101

* Also admitted in New York

mtoberoff@ipwla.com

April 21, 2011

Via E-Mail

Matthew Kline
O'Melveny and Myers LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067

Re:   *DC Comics v. Pacific Pictures Corp., et al.*, Case No. 10-CV-03633 ODW (RZx)

Dear Matt:

I write in response to your letter of April 20, 2011, regarding DC's planned motion for reconsideration of Magistrate Zarefsky's April 11, 2011 order ("April 11 Order"), which mischaracterizes the record and our discussion yesterday.

*First*, your claim that defendants did "not object to meeting and conferring on DC's motion for reconsideration at the same time as DC's motion to Judge Wright," or "object to DC filing its motion for reconsideration 'this week'" is false and misleading.

In an e-mail sent by Dan Petrocelli on April 19, 2011 regarding a meet-and-confer for the next morning, April 20, on your motion for review of the April 11 Order, DC casually mentioned for the first time its intent to also move for reconsideration of the same April 11 Order.  When you attempted to meet-and-confer regarding your second motion at the scheduled meet-and-confer regarding your motion to review, I clearly objected, stating that I was not prepared to discuss the second motion and wished to first conduct research as to whether it is procedurally proper to simultaneously bring both such motions.  Defendants were under no obligation to immediately "object" in writing to Dan's casual e-mail, just hours before.

*Second*, as you are doubtless aware, the May 23, 2011 hearing date on your Local Rule 7-18 motion for reconsideration is incorrect.  *Even if* you insist on the fiction that the meet-and-confer on your reconsideration motion occurred yesterday, April 20, Local Rule 7-3 clearly states that "the [meet-and-confer] conference shall take place at least ten (10) days prior to the filing of the motion."  Thus, even if the meet-and-confer occurred on April 20, which it did not, the motion could be filed no earlier than April 30, 2011, and set for hearing no earlier than May 30, 2011.  By filing the motion for reconsideration today, you intentionally flout Local Rule 7-3.

**TOBEROFF & ASSOCIATES, P.C.**

April 21, 2011
Re:   *DC Comics v. Pacific Pictures Corp.*
Page:   2 of 3

***Third***, defendants' inquiry about the basis for your motion for reconsideration was obviously not a question about the general basis for motions for reconsideration as you suggest, but about DC's procedural basis for filing simultaneous motions for review (to Judge Wright) and for reconsideration (to Judge Zarefsky) of Judge Zarefsky's April 11 Order.

Under F.R.C.P. 72(a) and Local Rule 72-2.1, a party objects to a magistrate's rulings by motion for review to the trial court.  By *voluntarily* bringing a Local Rule 72-2.1 motion for review at the same time as a Local Rule 7-18 motion for reconsideration, DC will ask two courts to adjudicate the same subject matter and to review the exact same order.  Although, as stated, we would still like to specifically research the law on this, it seems that this presents a significant risk of conflicting adjudications, and that the proper course is for DC to make ***all*** of its arguments in its Local Rule 72-2.1 motion.

Nor is this "a problem of defendants' own creation," as you state.  It is a consequence of the timing requirements of the Local Rules, which do not contemplate simultaneous motions for review and reconsideration.  None of the authorities cited by DC remotely stands for the proposition that such simultaneous motions are proper.

***Fourth***, your claim that "defendants have threatened to delay the depositions of Mark Peary and Laura Siegel Larson scheduled for next month" misstates the record.  DC, in its assorted filed and contemplated motions to compel/for reconsideration/for review, seeks the "Consent Agreement," broad privilege waivers and the production of numerous documents.  Depositions taken while such motions are under submission present the obvious risk of repeat depositions, which conflicts with the strong federal policies against multiple depositions.  *See* F.R.C.P. 30(a)(2)(A)(ii), (d)(1).

All of this was addressed in my April 11, 2011 letter to Dan Petrocelli, wherein I offered even earlier dates for the depositions of both Ms. Siegel and Mr. Peary, provided that DC agree that if it proceeded with such depositions while its motions were pending, DC would waive its right to seek second depositions based upon the decision on such motions.  Mr. Petrocelli declined that offer, and stated that the parties should instead reserve their rights, as they have done.  Notably, it was you and Mr. Petrocelli who sought to postpone the deposition of Mr. Peary scheduled for April 13, 2011 for undisclosed reasons. DC can hardly complain now if defendants reserve their rights to challenge DC's noticed dates.

Finally, your false allegations that I made unspecified "personal attacks on members of [your] firm," are beyond the pale, when, in fact, I objected to your interrupting me whenever I attempted to speak and correct your repeated misstatements of the record.

**TOBEROFF & ASSOCIATES, P.C.**

April 21, 2011
Re:   *DC Comics v. Pacific Pictures Corp.*
Page:  3 of 3

Nothing in this letter should be construed as a waiver or limitation of any of defendants' rights or remedies, all of which are expressly reserved.

Very truly yours,

Marc Toberoff