# EXHIBIT A

# O'MELVENY & MYERS LLP

| | | |
|---|---|---|
| BEIJING | 1999 Avenue of the Stars, 7th Floor | SAN FRANCISCO |
| BRUSSELS | Los Angeles, California 90067-6035 | SHANGHAI |
| HONG KONG | | SILICON VALLEY |
| LONDON | TELEPHONE (310) 553-6700 | SINGAPORE |
| LOS ANGELES | FACSIMILE (310) 246-6779 | TOKYO |
| NEWPORT BEACH | www.omm.com | WASHINGTON, D.C. |
| NEW YORK | | |

April 20, 2011

OUR FILE NUMBER
905900-321

**VIA E-MAIL**

WRITER'S DIRECT DIAL
(310) 246-6840

Marc Toberoff
Toberoff & Associates, P.C.
2049 Century Park East, Suite 3630
Los Angeles, California 90067

WRITER'S E-MAIL ADDRESS
mkline@omm.com

Re:   *DC Comics v. Pacific Pictures Corp. et al.*, **CV-10-3633 (ODW) (RZx)**

Dear Marc:

    We disagree with the assertions in your letter of today.  First, our April 19, 2011, e-mail made clear our intention to meet and confer on DC's motion for reconsideration of Magistrate Zarefsky's April 11, 2011, order during today's call:

> We're writing to confirm a meet-and-confer discussion today (any time between 10am and 11:30am, or 1pm and 4pm), or tomorrow at 11:00am concerning Magistrate Zarefsky's April 11, 2011, ruling and DC's objections thereto.  Please use the dial-in number below.  In addition to the motion we intend to make before Judge Wright, *DC also intends to ask Magistrate Zarefsky to reconsider certain of his rulings in light of the documents that defendants produced last night.  We plan to file the motion for reconsideration this week*.

(Emphasis added.)  You did not object to meeting and conferring on DC's motion for reconsideration at the same time as DC's motion to Judge Wright for review of the April 11 order.  Nor did you object to DC filing its motion for reconsideration "this week."

    Second, as stated in our April 19 e-mail and reiterated during our conversation today, the ground for DC's motion for reconsideration is the newly-discovered evidence defendants produced to DC late Monday night, including the May 13, 2003, letter from Michael Siegel to Laura Siegel Larson.  So there is no room for ambiguity, DC has enclosed a copy of the motion for reconsideration it intends to file tomorrow evening.  Please let us know your position by 5:00 p.m. PDT tomorrow, April 21.

    Third, Central District Local Rule 7-18 allows a court to reconsider its prior rulings based on newly-discovered evidence such as the May 13, 2003, letter.  L.R. 7-18; *see also Intamin, Ltd.*

03

O'MELVENY & MYERS LLP
April 20, 2011 - Page 2

*v. Magnetar Techs. Corp.*, 623 F. Supp. 2d 1055, 1068 (C.D. Cal. 2009); *Milton H. Greene Archives, Inc. v. CMG Worldwide, Inc.*, 568 F. Supp. 2d 1152, 1162-63 (C.D. Cal. 2008) (granting motion for reconsideration based on newly discovered evidence); *White v. Shen*, 2011 WL 249459, at *1 (N.D. Cal. Jan. 25, 2011) (magistrate reconsidering order); *Grabkowski v. Skechers U.S.A., Inc.*, 2011 WL 671808, at *1 (S.D. Cal. Feb. 17, 2011) (magistrate granting *ex parte* motion for reconsideration of its own order). That DC is forced to file a motion for reconsideration at the same time as its motion for review—which, under Judge Wright's Standing Order and the Federal Rules, is due on April 25—is a problem of defendants' own creation. Defendants did not produce the May 13, 2003, letter to DC until late Monday night. DC has a right to ask Magistrate Zarefsky to reconsider his rulings in light of this key evidence, and the need for relief is urgent given that defendants have threatened to delay the depositions of Mark Peary and Laura Siegel Larson scheduled for next month.

Fourth, your suggestion that I "accused [you] of being unprofessional without justification" is not well taken. You were hostile throughout our conversation, interrupted me repeatedly, refused to answer our basic questions or review your calendar to commit to an alternative meet and confer date, and yet again made personal attacks on members of our firm. As I said during our conversation, we urge you to accept DC's repeated request to have a court reporter transcribe the parties' meet-and-confer discussions so there is no room for misinterpretation.

Finally, as for DC's motion for review of the April 11 order to Judge Wright, DC will seek review of all rulings adverse to DC—*i.e.*, the rulings regarding the consent agreements, Michael Siegel documents (including the July 5, 2003 letter from Laura Siegel Larson to Michael Siegel), and format of defendants' privilege logs. DC intends to file that motion on Monday, April 25.

Very truly yours,

Matthew Kline

Enclosure

CC1:848487