1  Marc Toberoff (State Bar No. 188547)
     mtoberoff@ipwla.com
2  Nicholas C. Williamson (State Bar No. 231124)
     nwilliamson@ipwla.com
3  Keith G. Adams (State Bar No. 240497)
     kgadams@ipwla.com
4  TOBEROFF & ASSOCIATES, P.C.
   2049 Century Park East, Suite 3630
5  Los Angeles, California, 90067
   Telephone:   (310) 246-3333
6  Fax:          (310) 246-3101

7  Attorneys for Defendants Mark Warren
   Peary, as personal representative of the
8  Estate of Joseph Shuster, Jean Adele
   Peavyand Laura Siegel Larson

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| DC COMICS,<br><br>            Plaintiff,<br><br>    vs.<br><br>PACIFIC PICTURES CORPORATION; IP WORLDWIDE, LLC; IPW, LLC; MARC TOBEROFF, an individual; MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER; JEAN ADELE PEAVY, an individual; JOANNE SIEGEL, an individual; LAURA SIEGEL LARSON, an individual, and DOES 1-10, inclusive,<br><br>            Defendants. | Case No: CV 10-03633 ODW (RZx)<br><br>Hon. Otis D. Wright II, U.S.D.J.<br>Hon. Ralph Zarefsky, U.S.M.J.<br><br>**DISCOVERY MATTER**<br><br>**DEFENDANTS MARK WARREN PEARY, JEAN ADELE PEAVY, AND LAURA SIEGEL LARSON'S *EX PARTE* APPLICATION TO VACATE DC COMICS' NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF APRIL 11, 2011 ORDER**<br><br>Complaint filed: May 14, 2010<br>Trial Date:      None Set |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that defendants Mark Warren Peary, Jean Adele Peavy and Laura Siegel Larson ("Defendants") hereby respectfully apply to this Court *ex parte* to vacate the June 6, 2011 hearing on Plaintiff DC Comics' ("DC") Notice of Motion and Motion for Reconsideration of this Court's April 11, 2011 Order (Docket No. 230).  Good cause exists to grant this application, given that DC has a pending motion for review of the same order (Docket No. 225), to be heard by Judge Wright on May 23, 2011, and that this duplicative motion for reconsideration creates a situation in which two different courts are simultaneously being asked to review the same order, posing the risk of inconsistent and circular adjudications.  *Ex parte* relief is justified because, if DC's motion is not vacated, Defendants will have to waste considerable resources opposing DC's improper motion before Judge Wright has ruled on the motion for review.

This application is based on this Notice, the attached memorandum of points and authorities, the Declaration of Marc Toberoff, all of the pleadings, files and records in this proceeding, all matters of which this Court may take judicial notice, and any argument or evidence that may be presented to or considered by the Court.

In accordance with Local Rule 7-19.1, on May 2, 2011, Defendants' counsel advised DC's counsel Matthew Kline, of the firm O'Melveny & Myers, LLP, 1999 Avenue of the Stars, 7th Floor, Los Angeles, California 90017; Tel: (310) 553-6700; E-mail: mkline@omm.com, of the circumstances justifying this *ex parte* application. Toberoff Decl., ¶ 6, Ex. E.  Mr. Kline indicated that DC would oppose this application.

In light of the above, Defendants respectfully request that the Court issue an order vacating DC's Notice of Motion and Motion for Reconsideration of this Court's April 11, 2011 Order.

///

///

| | | |
|---|---|---|
| 1 | Dated: May 3, 2011 | RESPECTFULLY SUBMITTED, |
| 2 | | *[signature]* |
| 3 | | Marc Toberoff |
| | | TOBEROFF & ASSOCIATES, P.C. |
| 4 | | |
| | | Attorneys for Defendants |
| 5 | | MARK WARREN PEARY, JEAN |
| | | ADELE PEAVY, LAURA SIEGEL |
| 6 | | LARSON |

# MEMORANDUM

Defendants Laura Siegel Larson, Mark Warren Peary, and Jean Adele Peavy ("Defendants") respectfully apply to the Court to vacate plaintiff DC Comics' ("DC") Notice of Motion and Motion for Reconsideration of the April 11, 2011 Order (Docket No. 230, "April 11 Order"), set for hearing at 10:00 a.m. on June 6, 2011 ("Reconsideration Motion"), on the grounds that DC has a pending motion for review of that same order currently pending before Judge Wright. This application is only directed at the procedural problems with DC's duplicative motion, and should not be considered a substantive opposition to DC's motion, which will be filed on the appropriate date pursuant to Local Rule 7-9, if the Court does not vacate DC's improper motion for reconsideration on the procedural grounds set forth herein.

### A. DC Will Simultaneously Bring Separate Motions for Review/Reconsideration of the Same April 11, 2011 Order in Different Courts

DC has a pending motion for review of this Court's April 11 Order before Judge Wright pursuant to F.R.C.P. 72(a) and Local Rule 72-2.1 (Docket No. 225; "Review Motion"). DC's Review Motion is set for hearing on May 23, 2011, *while* its Reconsideration Motion is pending before this Court. Under F.R.C.P. 72(a) and Local Rule 72-2.1, a party objects to a magistrate's rulings by motion for review to the trial court. DC, by voluntarily bringing its Local Rule 72-2.1 Review Motion at the same time as its Local Rule 7-18 Reconsideration Motion, asks two courts to adjudicate the same subject matter and to review the exact same April 11 Order, based on the same arguments. *Compare* Docket No. 225 at 13:1-17:13 *with* Docket No. 230 at 5:13-9:2. DC's problematic procedure presents an obvious and significant risk of conflicting adjudications, circularity and confusion. The two Courts could conceivably end up reaching contradictory results as to identical issues.

Defendants' counsel specifically alerted DC's counsel of these procedural issues, but DC's counsel proceeded to file the Reconsideration Motion despite this serious problem. Toberoff Decl., Exs. A-D. When Defendants asked DC for the

procedural basis for its improper filing of these simultaneous motions, DC provided none. Nor does DC offer any authority for its simultaneous motions in either of its pending motions. Instead it merely cited four cases in the meet-and-confer process (Tob. Decl., Ex. B at 1–2), none of which even remotely stand for the proposition that simultaneous motions for review and reconsideration are proper. *See Intamin, Ltd. v. Magnetar Techs. Corp.*, 623 F. Supp. 2d 1055, 1068 (C.D. Cal. 2009) (trial court reconsidering prior summary judgment decision by prior trial court after appellate review); *Milton H. Greene Archives, Inc. v. CMG Worldwide, Inc.*, 568 F. Supp. 2d 1152, 1162-63 (C.D. Cal. 2008) (trial court reconsidering its summary judgment orders); *White v. Shen*, Case No. C09-0989 BZ, 2011 WL 249459 (N.D. Cal. Jan. 25, 2011) (magistrate reconsidering its own order when the case was assigned to the magistrate for all purposes).

Notably, in *Grabkowski v. Skechers U.S.A., Inc.*, Case No. 10-CV-01300-JM-WVG, 2011 WL 6718080 (S.D. Cal. Feb. 17, 2011) cited by DC for a "magistrate granting *ex parte* motion for reconsideration of its own order" (Tob. Decl., Ex. B at 2), the court chastised the plaintiffs for "further burden[ing] th[e] Court and the Honorable District Judge with simultaneous [related] motions to amend their Complaint and for reconsideration of the Court's January 11, 2011, Order." As Mr. Petrocelli was among defendants' lead counsel in *Grabkowski*, DC was doubtless aware of the decision in that case.

Given DC's complete lack of support for its position that simultaneous motions for reconsideration and review are proper (*see* Toberoff Decl., Exs. B, D), its circular motions are nothing more than an improper attempt to take multiple bites at the apple. For instance, if this Court denies DC's Reconsideration Motion, DC could then bring a second motion for review by Judge Wright of such denial.

DC should be directed to make all of its arguments in its Review Motion, and its simultaneous Reconsideration Motion should be vacated. Courts have inherent power to vacate motions for purposes of efficiency. *See Klein v. Avis Rent a Car*

*Sys.*, 2009 U.S. Dist. LEXIS 34522, at *4 (C.D. Cal. Mar. 23, 2009) (vacating motions "[p]ursuant to the Court's inherent power to adjudicate civil actions efficiently"). This outcome is a natural consequence of the requirements of the Local Rules, which clearly do not contemplate simultaneous motions for review and reconsideration.  Nor is there any justification for proceeding with DC's Reconsideration Motion while DC's Review Motion is pending.

### B. There is No Urgency to the Discovery DC Seeks

In opposition, DC will undoubtedly claim that it cannot wait until its Review Motion is decided due to its "pressing need to take depositions in this case" or the purportedly "urgent" nature of its discovery.  Docket No. 222 at 1.  DC's pleas of urgency ring hollow. There has been no Rule 26 Status Conference in this case, and no discovery cut-off date has been set.  At present DC has more than ample time to take depositions.  DC's obvious "urgency" is to prop up its dubious claims before Judge Wright decides Defendants' dispositive motions, pending since January, 2011.

### CONCLUSION

DC's consistent disregard for the Local Rules threatens to turn this case into a procedural morass, and warrants a response from this Court.  DC's Reconsideration Motion should be vacated pending Judge Wright's decision on DC's Review Motion.

Dated:  May 3, 2011

RESPECTFULLY SUBMITTED,

Marc Toberoff
TOBEROFF & ASSOCIATES, P.C.

Attorneys for Defendants
Mark Warren Peary, as personal representative of the Estate of Joseph Shuster, and Laura Siegel Larson