# EXHIBIT A

# TOBEROFF & ASSOCIATES, P.C.

A PROFESSIONAL CORPORATION

2049 CENTURY PARK EAST, SUITE 3630
LOS ANGELES, CALIFORNIA 90067

MARC TOBEROFF*
NICHOLAS C. WILLIAMSON
KEITH G. ADAMS
JEFFREY R. RHOADS

TELEPHONE
(310) 246-3333

FACSIMILE
(310) 246-3101

\* Also admitted in New York

mtoberoff@ipwla.com

April 20, 2011

<u>Via E-Mail</u>

Matthew Kline
O'Melveny and Myers LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067

Re:     *DC Comics v. Pacific Pictures Corp., et al.*, Case No. 10-CV-03633 ODW (RZx)

Dear Matt:

I write with regard to the telephonic meet-and-confer earlier today regarding DC's motion for review of Magistrate Zarefsky's April 11, 2011 order. As I stated in the call, defendants will oppose your motion. I note that Dan Petrocelli's April 14, 2011 letter stated that "DC will seek review on Issues No. 1 (Consent Agreements), 3 (Non Privileged Documents Conveyed to Counsel), and 7 (Privilege Logs)," which is inconsistent with your statement during the meet-and-confer that you seek to review "all aspects" of the April 11, 2011 order.

With regard to DC's contemplated motion for reconsideration of the April 11, 2011 order to Magistrate Zarefsky regarding the July 11 Letter, vaguely alluded to in Dan Petrocelli's April 19, 2011 e-mail, I am more than happy to meet-and-confer on such a motion; however, as mentioned, I first want to research whether DC can bring a simultaneous motion for review and motion for reconsideration of the same April 11, 2011 order. I therefore requested during the call that you send me a letter stating DC's alleged grounds for its motion for reconsideration, including its procedural basis under the Federal and Local Rules. I will then respond in writing; and properly set a date within the Rules to meet and confer on such motion.

Despite my clearly informing you that I was not prepared to meet-and-confer on your contemplated motion for reconsideration, which was never scheduled for today, you nonetheless attempted to shoehorn it into our discussion of your motion for review, peppered me with repeated questions, and accused me of being unprofessional without justification. Such tactics are counter-productive to a constructive discussion between the parties.

Very truly yours,

*[signature]*
Marc Toberoff

**04**

# EXHIBIT B

# O'MELVENY & MYERS LLP

| | | |
|---|---|---|
| BEIJING | 1999 Avenue of the Stars, 7th Floor | SAN FRANCISCO |
| BRUSSELS | Los Angeles, California 90067-6035 | SHANGHAI |
| HONG KONG | | SILICON VALLEY |
| LONDON | TELEPHONE (310) 553-6700 | SINGAPORE |
| LOS ANGELES | FACSIMILE (310) 246-6779 | TOKYO |
| NEWPORT BEACH | www.omm.com | WASHINGTON, D.C. |
| NEW YORK | | |

April 20, 2011

OUR FILE NUMBER
905900-321

**VIA E-MAIL**

WRITER'S DIRECT DIAL
(310) 246-6840

Marc Toberoff
Toberoff & Associates, P.C.
2049 Century Park East, Suite 3630
Los Angeles, California 90067

WRITER'S E-MAIL ADDRESS
mkline@omm.com

Re:   *DC Comics v. Pacific Pictures Corp. et al.*, CV-10-3633 (ODW) (RZx)

Dear Marc:

    We disagree with the assertions in your letter of today.  First, our April 19, 2011, e-mail made clear our intention to meet and confer on DC's motion for reconsideration of Magistrate Zarefsky's April 11, 2011, order during today's call:

> We're writing to confirm a meet-and-confer discussion today (any time between 10am and 11:30am, or 1pm and 4pm), or tomorrow at 11:00am concerning Magistrate Zarefsky's April 11, 2011, ruling and DC's objections thereto.  Please use the dial-in number below.  In addition to the motion we intend to make before Judge Wright, *DC also intends to ask Magistrate Zarefsky to reconsider certain of his rulings in light of the documents that defendants produced last night.  We plan to file the motion for reconsideration this week.*

(Emphasis added.)  You did not object to meeting and conferring on DC's motion for reconsideration at the same time as DC's motion to Judge Wright for review of the April 11 order.  Nor did you object to DC filing its motion for reconsideration "this week."

    Second, as stated in our April 19 e-mail and reiterated during our conversation today, the ground for DC's motion for reconsideration is the newly-discovered evidence defendants produced to DC late Monday night, including the May 13, 2003, letter from Michael Siegel to Laura Siegel Larson.  So there is no room for ambiguity, DC has enclosed a copy of the motion for reconsideration it intends to file tomorrow evening.  Please let us know your position by 5:00 p.m. PDT tomorrow, April 21.

    Third, Central District Local Rule 7-18 allows a court to reconsider its prior rulings based on newly-discovered evidence such as the May 13, 2003, letter.  L.R. 7-18; *see also Intamin, Ltd.*

O'MELVENY & MYERS LLP

April 20, 2011 - Page 2

*v. Magnetar Techs. Corp.*, 623 F. Supp. 2d 1055, 1068 (C.D. Cal. 2009); *Milton H. Greene Archives, Inc. v. CMG Worldwide, Inc.*, 568 F. Supp. 2d 1152, 1162-63 (C.D. Cal. 2008) (granting motion for reconsideration based on newly discovered evidence); *White v. Shen*, 2011 WL 249459, at *1 (N.D. Cal. Jan. 25, 2011) (magistrate reconsidering order); *Grabkowski v. Skechers U.S.A., Inc.*, 2011 WL 671808, at *1 (S.D. Cal. Feb. 17, 2011) (magistrate granting *ex parte* motion for reconsideration of its own order). That DC is forced to file a motion for reconsideration at the same time as its motion for review—which, under Judge Wright's Standing Order and the Federal Rules, is due on April 25—is a problem of defendants' own creation. Defendants did not produce the May 13, 2003, letter to DC until late Monday night. DC has a right to ask Magistrate Zarefsky to reconsider his rulings in light of this key evidence, and the need for relief is urgent given that defendants have threatened to delay the depositions of Mark Peary and Laura Siegel Larson scheduled for next month.

Fourth, your suggestion that I "accused [you] of being unprofessional without justification" is not well taken. You were hostile throughout our conversation, interrupted me repeatedly, refused to answer our basic questions or review your calendar to commit to an alternative meet and confer date, and yet again made personal attacks on members of our firm. As I said during our conversation, we urge you to accept DC's repeated request to have a court reporter transcribe the parties' meet-and-confer discussions so there is no room for misinterpretation.

Finally, as for DC's motion for review of the April 11 order to Judge Wright, DC will seek review of all rulings adverse to DC—*i.e.*, the rulings regarding the consent agreements, Michael Siegel documents (including the July 5, 2003 letter from Laura Siegel Larson to Michael Siegel), and format of defendants' privilege logs. DC intends to file that motion on Monday, April 25.

Very truly yours,

Matthew Kline

Enclosure

CC1:848487

07

# EXHIBIT C

# TOBEROFF & ASSOCIATES, P.C.

A PROFESSIONAL CORPORATION

2049 CENTURY PARK EAST, SUITE 3630
LOS ANGELES, CALIFORNIA 90067

MARC TOBEROFF*
NICHOLAS C. WILLIAMSON
KEITH G. ADAMS
JEFFREY R. RHOADS

TELEPHONE
(310) 246-3333

FACSIMILE
(310) 246-3101

* Also admitted in New York

mtoberoff@ipwla.com

April 21, 2011

Via E-Mail

Matthew Kline
O'Melveny and Myers LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067

Re:   *DC Comics v. Pacific Pictures Corp., et al.*, Case No. 10-CV-03633 ODW (RZx)

Dear Matt:

I write in response to your letter of April 20, 2011, regarding DC's planned motion for reconsideration of Magistrate Zarefsky's April 11, 2011 order ("April 11 Order"), which mischaracterizes the record and our discussion yesterday.

*First*, your claim that defendants did "not object to meeting and conferring on DC's motion for reconsideration at the same time as DC's motion to Judge Wright," or "object to DC filing its motion for reconsideration 'this week'" is false and misleading.

In an e-mail sent by Dan Petrocelli on April 19, 2011 regarding a meet-and-confer for the next morning, April 20, on your motion for review of the April 11 Order, DC casually mentioned for the first time its intent to also move for reconsideration of the same April 11 Order.  When you attempted to meet-and-confer regarding your second motion at the scheduled meet-and-confer regarding your motion to review, I clearly objected, stating that I was not prepared to discuss the second motion and wished to first conduct research as to whether it is procedurally proper to simultaneously bring both such motions.  Defendants were under no obligation to immediately "object" in writing to Dan's casual e-mail, just hours before.

*Second*, as you are doubtless aware, the May 23, 2011 hearing date on your Local Rule 7-18 motion for reconsideration is incorrect.  *Even if* you insist on the fiction that the meet-and-confer on your reconsideration motion occurred yesterday, April 20, Local Rule 7-3 clearly states that "the [meet-and-confer] conference shall take place at least ten (10) days prior to the filing of the motion."  Thus, even if the meet-and-confer occurred on April 20, which it did not, the motion could be filed no earlier than April 30, 2011, and set for hearing no earlier than May 30, 2011. By filing the motion for reconsideration today, you intentionally flout Local Rule 7-3.

**09**

**TOBEROFF & ASSOCIATES, P.C.**

April 21, 2011
Re:   *DC Comics v. Pacific Pictures Corp.*
Page:   2 of 3

***Third***, defendants' inquiry about the basis for your motion for reconsideration was obviously not a question about the general basis for motions for reconsideration as you suggest, but about DC's procedural basis for filing simultaneous motions for review (to Judge Wright) and for reconsideration (to Judge Zarefsky) of Judge Zarefsky's April 11 Order.

Under F.R.C.P. 72(a) and Local Rule 72-2.1, a party objects to a magistrate's rulings by motion for review to the trial court.  By *voluntarily* bringing a Local Rule 72-2.1 motion for review at the same time as a Local Rule 7-18 motion for reconsideration, DC will ask two courts to adjudicate the same subject matter and to review the exact same order.  Although, as stated, we would still like to specifically research the law on this, it seems that this presents a significant risk of conflicting adjudications, and that the proper course is for DC to make ***all*** of its arguments in its Local Rule 72-2.1 motion.

Nor is this "a problem of defendants' own creation," as you state.  It is a consequence of the timing requirements of the Local Rules, which do not contemplate simultaneous motions for review and reconsideration.  None of the authorities cited by DC remotely stands for the proposition that such simultaneous motions are proper.

***Fourth***, your claim that "defendants have threatened to delay the depositions of Mark Peary and Laura Siegel Larson scheduled for next month" misstates the record.  DC, in its assorted filed and contemplated motions to compel/for reconsideration/for review, seeks the "Consent Agreement," broad privilege waivers and the production of numerous documents.  Depositions taken while such motions are under submission present the obvious risk of repeat depositions, which conflicts with the strong federal policies against multiple depositions.  *See* F.R.C.P. 30(a)(2)(A)(ii), (d)(1).

All of this was addressed in my April 11, 2011 letter to Dan Petrocelli, wherein I offered even earlier dates for the depositions of both Ms. Siegel and Mr. Peary, provided that DC agree that if it proceeded with such depositions while its motions were pending, DC would waive its right to seek second depositions based upon the decision on such motions.  Mr. Petrocelli declined that offer, and stated that the parties should instead reserve their rights, as they have done.  Notably, it was you and Mr. Petrocelli who sought to postpone the deposition of Mr. Peary scheduled for April 13, 2011 for undisclosed reasons. DC can hardly complain now if defendants reserve their rights to challenge DC's noticed dates.

Finally, your false allegations that I made unspecified "personal attacks on members of [your] firm," are beyond the pale, when, in fact, I objected to your interrupting me whenever I attempted to speak and correct your repeated misstatements of the record.

**TOBEROFF & ASSOCIATES, P.C.**

April 21, 2011
Re:    *DC Comics v. Pacific Pictures Corp.*
Page:  3 of 3

Nothing in this letter should be construed as a waiver or limitation of any of defendants' rights or remedies, all of which are expressly reserved.

Very truly yours,

Marc Toberoff

# EXHIBIT D



**RE: DC Comics v. Pacific Pictures Corp.**                          Thursday, April 21, 2011 6:52 PM

From: "Seto, Cassandra" <cseto@OMM.com>
To: "Marc Toberoff" <mtoberoff@ipwla.com>
Cc: "Keith Adams" <kgadams@ipwla.com>, "Nicholas Williamson" <nwilliamson@ipwla.com>,
"Petrocelli, Daniel" <DPetrocelli@OMM.com>, "Kline, Matthew" <MKline@OMM.com>

Counsel,

Please see the email below sent on behalf of Matt Kline.

\*          \*          \*

Marc,

We disagree with the assertions in your letter. We will file our motion and inform the Court that you object to our motion.

---

**From:** Keith Adams [mailto:kgadams@ipwla.com]
**Sent:** Thursday, April 21, 2011 5:45 PM
**To:** Kline, Matthew; Petrocelli, Daniel; Seto, Cassandra
**Cc:** Marc Toberoff; Nicholas Williamson
**Subject:** DC Comics v. Pacific Pictures Corp.

Counsel:

Please see the attached correspondence from Marc Toberoff.

Keith G. Adams
Toberoff & Associates, P.C.
2049 Century Park East, Suite 2720
Los Angeles, CA 90067
Telephone: (310) 246-3333
Facsimile: (310) 246-3101
Email: kgadams@ipwla.com
http://www.ipwla.com

This message and any attached documents may contain information from
Toberoff & Associates, P.C. that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

**13**

# EXHIBIT E

Case 2:10-cv-03633-ODW -RZ   Document 234-2   Filed 05/03/11   Page 13 of 14   Page ID #:16218

**YAHOO! SMALL BUSINESS**

| | | |
|---|---|---|
| **Re: DC Comics v. Pacific Pictures et al.** | | Monday, May 2, 2011 3:26 PM |
| From: | "Marc Toberoff" <mtoberoff@ipwla.com> | |
| To: | "Kline, Matthew" <MKline@omm.com> | |
| Cc: | "Keith Adams" <kgadams@ipwla.com>, "Petrocelli, Daniel" <DPetrocelli@omm.com>, "Seto, Cassandra" <cseto@omm.com> | |

Matt:

You, who plan to bring the motion, have not cited any authority that it is appropriate to have two motions for reconsideration of the same order pending before two separate Courts, which pose an obvious risk of conflicting adjudications. Our application to strike will be based on that ground.

Nor was there any undue "delay" on our part -- Dan mentioned the topic in an e-mail on April 19, you sent your letter on April 20, and we responded by letter on April 21. The fact that Defendants ask that DC abide by Local Rule 7-18 regarding the timing of motions is hardly an "engineered" delay.

Marc

On Mon, May 2, 2011 at 1:38 PM, Kline, Matthew <MKline@omm.com> wrote:
> Marc,
>
> We do intend to file the motion for reconsideration today, and despite our sending you a draft copy of our motion two weeks ago, you've still yet to provide us any legal authority to support your position or threatened motion to strike. Nor would *ex parte* relief be justified or appropriate in any event, particularly given the delay defendants engineered in the filing of the motion and the raising of the issues addressed therein.
>
> Thanks,
>
> Matt
>
> ---
>
> **From:** marc.toberoff@gmail.com [mailto:marc.toberoff@gmail.com] **On Behalf Of** Marc Toberoff
> **Sent:** Monday, May 02, 2011 11:24 AM
> **To:** Kline, Matthew
> **Cc:** Petrocelli, Daniel; Seto, Cassandra
>
> **Subject:** DC Comics v. Pacific Pictures et al.
>
>
> Matt:
>
>
> Please be advised that if DC files the motion for reconsideration (before Judge Zarefsky) that it stated it would file in your April 20, 2011 letter, while DC's motion for review is pending before Judge Wright, defendants will apply to the Court ex parte to strike the improper reconsideration motion.
>
> Defendants reserve all rights and remedies.
>
> Marc Toberoff
> Toberoff & Associates, PC

**15**

2049 Century Park East, Suite 2720
Los Angeles, CA 90067
Tel: (310) 246-3333
Fax: (310) 246-3101
MToberoff@ipwla.com

--
Marc Toberoff
Toberoff & Associates, PC
2049 Century Park East, Suite 2720
Los Angeles, CA 90067
Tel: (310) 246-3333
Fax: (310) 246-3101
MToberoff@ipwla.com