DANIEL M. PETROCELLI (S.B. #097802)
 dpetrocelli@omm.com
MATTHEW T. KLINE (S.B. #211640)
 mkline@omm.com
CASSANDRA L. SETO (S.B. #246608)
 cseto@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA  90067-6035
Telephone:  (310) 553-6700
Facsimile:   (310) 246-6779

PATRICK T. PERKINS (admitted *pro hac vice*)
 pperkins@ptplaw.com
PERKINS LAW OFFICE, P.C.
1711 Route 9D
Cold Spring, NY 10516
Telephone:  (845) 265-2820
Facsimile:   (845) 265-2819

Attorneys for Plaintiff DC Comics

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DC COMICS,<br><br>  Plaintiff,<br><br>  v.<br><br>PACIFIC PICTURES CORPORATION, IP WORLDWIDE, LLC, IPW, LLC, MARC TOBEROFF, an individual, MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER, JEAN ADELE PEAVY, an individual, JOANNE SIEGEL, an individual, LAURA SIEGEL LARSON, an individual, and DOES 1-10, inclusive,<br><br>  Defendants. | Case No. CV 10-3633 ODW (RZx)<br><br>**DISCOVERY MATTER**<br><br>**DC COMICS' OPPOSITION TO DEFENDANTS MARK WARREN PEARY, JEAN ADELE PEAVY, AND LAURA SIEGEL LARSON'S *EX PARTE* APPLICATION TO VACATE DC COMICS' NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF APRIL 11, 2011 ORDER**<br><br>DECLARATION OF MATTHEW T. KLINE AND [PROPOSED] ORDER FILED CONCURRENTLY HEREWITH<br><br>**Judge**:       Hon. Otis D. Wright II<br>**Magistrate**: Hon. Ralph Zarefsky |

In this their third *ex parte* application filed in six months, *cf.* Docket Nos. 121, 124, 221, 222, defendants cite no case, rule, or legal authority—*none*—to entitle them to the relief they seek, and no rule or case exists that bars or would justify vacating the motion for reconsideration DC properly and timely filed on Monday.  To the contrary, the Local Rules and controlling case law *expressly* allow for the filing of motions for reconsideration in light of newly discovered evidence,[1] which the May 13, 2003, letter that defendants first produced on April 18, 2011, indisputably is.  The Local Rules also required DC to move the District Court to review this Court's April 11 ruling when DC did so, *see* C.D. LOCAL RULE 72-2.1, and it was *defendants* who created the need to file these two motions—and the supposed "emergency" that is the basis for the improper *ex parte* application.  *Cf. Charley v. Chevron USA*, 2010 WL 2792486, at *1 (C.D. Cal. July 13, 2010) (*ex parte* application denied because applicant "created the purported 'emergency'").

Defendants created their "purported 'emergency'" in two ways.  *Id.*  First, they actively suppressed the May 13, 2003, letter for *some six years* by:

- not producing or logging it when it was called for in discovery in 2005 in the *Siegel* case;[2]
- not producing or logging the letter when this Court required Toberoff to submit a sworn declaration logging the Toberoff Timeline documents in

---

[1] *E.g.*, C.D. LOCAL RULE 7-18 ("motion for reconsideration … may be made … on the grounds of [a] material difference in fact … that in the exercise of reasonable diligence could not have been known to the party moving"); *Milton H. Greene Archives, Inc. v. CMG Worldwide, Inc.*, 568 F. Supp. 2d 1152, 1162-63 (C.D. Cal. 2008) (granting motion for reconsideration based on newly-discovered evidence); WILLIAM W. SCHWARZER ET AL., RUTTER GROUP PRACTICE GUIDE: FEDERAL CIVIL PROCEDURE BEFORE TRIAL § 12:160 (2011) ("reconsideration is appropriate" where "court is presented with newly-discovered evidence"); Docket No. 230 at 5 n.3 (collecting cases).

[2] *E.g.*, Decl. of Matthew T. Kline ("Kline Decl.") Ex. A at 16-17 (Request No. 61: "All Writings concerning any communication or agreement between Michael Siegel and Plaintiffs related to Superman."; No. 59: "All Writings concerning any disposition of any rights relating to Superman, including but not limited to any solicitation, offer, option, agreement or license.") (served on June 21, 2005).

April 2007, *compare* Case No. CV 04-8400, Docket No. 158, *with*, Kline Decl. Ex. G;

- refusing to produce or log the May 13 letter when defendants' document responses were due in this case on December 7, 2010;[3]
- refusing to produce or log the letter in December 2010 or January 2011, when DC expressly raised its omission in meet-and-confer letters and conferences, *see* Docket Nos. 162-8, 162-9, 162-11; and
- refusing to produce or disclose the May 13 letter when DC served its motion to compel on January 28, 2011, which directly sought this document, *compare* Docket No. 160 at 37-38, *with*, *id.* at 71-72.

Had defendants met their discovery obligations years, or even months ago, DC would not have been forced to file its motion for reconsideration—about which defendants now wrongly complain. *Cf. Charley*, 2010 WL 2792486, at *1; *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). And had Judge Larson or this Court had the May 13, 2003, letter in hand when they made their prior rulings, either or both of them could have questioned defendants' claim—challenged in DC's motion for reconsideration—that no July 2003 response from Laura Siegel to Michael Siegel's May 2003 letter exists. *See* Docket No. 230 at 5-7, 8-9. Nor did Judge Larson have before him the Toberoff Timeline that expressly identifies and encloses a July 2003 letter from Ms. Siegel to her half-brother, responding to his May 2003 letter. *See id.*; Docket No. 49 Ex. A at 64-66.

---

[3] *E.g.*, Docket No. 161-15 at 163-65 (Request No. 8: "All DOCUMENTS relating to or affecting the disposition, division, or ownership of any rights in SUPERMAN and/or SUPERBOY."; No. 11: "All DOCUMENTS relating to the potential sale, assignment, license, or other disposition of any rights relating to SUPERMAN and/or SUPERBOY, including but not limited to any solicitation, offer, option, or proposed agreement."; No. 23: "All DOCUMENTS relating to any solicitation, offer, or option from any DEFENDANT regarding the purported rights of YOU or the SIEGEL HEIRS in SUPERMAN…."). The definition of "SIEGEL HEIRS" included "Michael Siegel." Docket No. 161-15 at 160 ¶ 7.

1    The second way defendants caused their own purported emergency is that
2  when DC sought to file and calendar its motion for reconsideration with this Court,
3  before it filed and calendared its motion to review with the District Court,
4  defendants refused.  *See* Kline Decl. Exs. B-E.  Defendants refused even though DC
5  provided them with a complete draft of its motion for reconsideration days before
6  its motion to review was even due.  *See id.*  Again, because defendants intentionally
7  created this predicament, they cannot obtain emergency *ex parte* relief to abate it.
8  *Cf. Charley*, 2010 WL 2792486, at *1.

9    In any event, DC's motion for reconsideration is timely and proper.  It
10  follows this Court's Local Rules to the letter, and there is no case or rule that
11  prevents a party from filing a motion to review and motion for reconsideration
12  simultaneously—especially when, as DC did here, it told both courts *exactly what it*
13  *was doing and why*.  *See* Docket Nos. 225 at 1 n.1; 230 at 1 n.1.  Plaintiffs discuss
14  one case—*Grabowski v. Skechers U.S.A., Inc.*, 2011 WL 671808, at *1 (S.D. Cal.
15  Feb. 17, 2011)—in suggesting the motions DC filed should be vacated or denied.
16  In *Grabowski*, the plaintiff—not Mr. Petrocelli's client, Skechers U.S.A, Inc.—
17  simultaneously filed motions with the district court to amend their complaint and
18  with the Magistrate for reconsideration of an order denying the parties' stipulation
19  to extend time to file an amended complaint.  Contrary to defendants' intimation,
20  the Magistrate *granted* plaintiff's motion for reconsideration, *see id.*—as should
21  this Court.  Defendants' *ex parte* application fails to mention this holding.

22    Defendants also claim there is no urgency to the discovery DC seeks, even
23  though it is relevant to their pending SLAPP motion.  *See* App. at 5.  Defendants'
24  long history of intransigence—and their suppression of this and other evidence in
25  this case and the related *Siegel* cases—prevented DC from deposing Michael Siegel
26  (now deceased) about his May 13, 2003, letter, and impeded its ability to depose
27  Joanne Siegel (now deceased) concerning a variety of matters.  DC intends to
28  depose the remaining Shuster and Siegel heirs shortly—two of whom defendants

assert are ill. *E.g.,* Docket No. 61 at 25-26. DC is entitled to this discovery now to oppose defendants' pending motions, and the Magistrate, Judge Wright, and the Ninth Circuit have all ruled that this discovery may occur. *See* Docket Nos. 95 at 56:23-57:9 ("there's nothing that prevents [DC] from commencing discovery") (Zarefsky, J.); 117 at 1 (DC allowed to "take full discovery related to its federal claims [and] state-law claims") (Wright, J.); 163-1 & 163-2 (Ninth Circuit rulings).

In reality, defendants filed their *ex parte* application to prevent this Court from ever considering the May 13, 2003, letter. Defendants objected to DC providing the letter to the Court at the April 25, 2011, hearing, Kline Decl. Ex. F at 44:8-45:1, or filing its motion for reconsideration before that hearing or before its motion for review was filed, Docket No. 230-14 at 51-52. Now that DC timely has filed its motion for reconsideration, defendants do not want this Court to read, hear argument, or rule on the motion on the merits—but rather to vacate it sight unseen. All of this is because the May 13 letter confirms defendants' unacceptable approach to discovery; calls into question representations they have made to the courts; and reveals that the positions defendants took concerning the Siegel-related July 2003 correspondence that DC seeks is not only "cryptic," Docket No. 209 at 11 (Court's April 11 ruling), *but not to be believed*, *e.g.*, Docket No. 230 at 5-7, 8-9.

Defendants' *ex parte* application should be denied, and DC's motion for reconsideration should be granted.

Dated:   May 5, 2011              Respectfully Submitted,
                                  O'MELVENY & MYERS LLP

                                  By: /s/ Daniel M. Petrocelli
                                      Daniel M. Petrocelli
                                      Attorneys for Plaintiff DC Comics

CC1:849257