DANIEL M. PETROCELLI (S.B. #097802)
  dpetrocelli@omm.com
MATTHEW T. KLINE (S.B. #211640)
  mkline@omm.com
CASSANDRA L. SETO (S.B. #246608)
  cseto@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA  90067-6035
Telephone:  (310) 553-6700
Facsimile:   (310) 246-6779

PATRICK T. PERKINS (admitted *pro hac vice*)
  pperkins@ptplaw.com
PERKINS LAW OFFICE, P.C.
1711 Route 9D
Cold Spring, NY 10516
Telephone:  (845) 265-2820
Facsimile:   (845) 265-2819

Attorneys for Plaintiff DC Comics

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DC COMICS,<br><br>            Plaintiff,<br><br>     v.<br><br>PACIFIC PICTURES CORPORATION, IP WORLDWIDE, LLC, IPW, LLC, MARC TOBEROFF, an individual, MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER, JEAN ADELE PEAVY, an individual, JOANNE SIEGEL, an individual, LAURA SIEGEL LARSON, an individual, and DOES 1-10, inclusive,<br><br>            Defendants. | Case No. CV 10-03633 ODW (RZx)<br><br>**DISCOVERY MATTER**<br><br>**DC COMICS' OBJECTION TO DEFENDANTS' IMPROPER "SUPPLEMENTAL DECLARATION"**<br><br>**Judge**:         Hon. Otis D. Wright<br>**Magistrate:**  Hon. Ralph Zarefsky |

DC objects to the improper Supplemental Declaration Of Richard Kendall In Opposition To DC Comics' Motion To Compel The Production Of Documents And Further Responses To Interrogatories (Docket No. 238).

1. Briefing on DC's two motions closed on April 18, and the Court heard oral argument on the motions on April 25. Docket Nos. 215, 216, 236-7. At the end of the April 25 argument, the Court stated: "I'm going to take this matter under submission," Docket No. 236-7 at 89:13-14, and four days later, on April 29, the Court issued a minute order reiterating: "Motions are submitted," Docket No. 229.

There is no justification for defendants—one week later—to file a supplemental declaration in opposition to DC's motion, and defendants neither sought nor obtained permission to do so. A party cannot make such a filing without leave of court, and courts "will not consider [such] evidence." W. SCHWARZER ET AL., CAL. PRAC. GUIDE: FED. CIV. PRO. BEFORE TRIAL §§ 12:110, 12:110.1 (Rutter 2010) (citing C.D. L.R. 7-10); *see Am. Traffic Solutions, Inc. v. Redflex Traffic Sys., Inc.*, 2009 WL 775104, at *1 (D. Ariz. Mar. 20, 2009); *Gadda v. State Bar of Cal.*, 511 F.3d 933, 937 n.2 (9th Cir. 2007).

2. The Court should strike Kendall's declaration and disregard its contents, but, if it does not, DC seeks leave to file a full response to it. Among other defects:

- *All the statements Kendall attributes to the government are inadmissible hearsay.* If defendants wanted the Court to consider these alleged statements, they should have submitted a declaration from the government weeks ago—and they had a month to obtain one between the time DC served its motions and the April 25 hearing.
- *Kendall's declaration does <u>not</u> support defendants' claim in their sworn discovery responses and briefs that they had an "express" common-interest agreement with the government.*[1] Rather, as defense counsel did

---

[1] *Cf.* Docket Nos. 210 at 1 (defendants asserting they had "express agreement with the government" establishing a "joint prosecution privilege"); 206 at 4

- 1 - PL.'S OBJECTION TO DEFS.' IMPROPER "SUPP'L DECL."

1  at the April 25 hearing, Docket No. 236-7 at 54-55, 76-78, 85-88, Kendall
2  now backtracks and says the government did not dispute his September 17
3  letter asserting a common interest, and that he discussed common interests
4  with the government at some undisclosed point, Docket No. 238 ¶ 7, but
5  he *never says* the government expressly agreed to form a common-interest
6  agreement. This comes as no surprise, as the government rarely, if ever,
7  makes such agreements, given its need to remain independent. Yet such
8  an express offer and acceptance—which defendants now concede *never*
9  occurred—is required to assert the joint privilege that defendants have
10 improperly relied on to withhold responsive documents. *E.g.*, *U.S. v.*
11 *Weissman*, 195 F.3d 96, 99-100 (2d Cir. 1999) (express agreement
12 "necessary to establish a JDA, rather than merely the impression of one
13 side"); *Griffith v. Davis*, 161 F.R.D. 687, 692 (C.D. Cal. 1995) (same).

- *Nor does Kendall's hearsay account reconcile with the written record.*
  While he now asserts the government told him it "would need to review
  the privileged stolen documents," Docket No. 238 ¶ 4, that is not what the
  government's September 10 letter or Kendall's September 17 letter say.
  The September 10 letter makes clear it was the "understanding of [the
  Government] that your client Marc Toberoff wishes to provide the
  Government with copies of the [MT documents]." Docket No. 212 at 10.
  Kendall's September 17 letter does not correct this and never mentions
  the government's supposed "need" to review these materials. Docket No.
  212 at 12-13. To the contrary, his September 17 letter acknowledges the
  government could be "required by law or court order" to reveal the
  documents Toberoff chose "selective[ly]" to "disclos[e]." *Id.* at 12.

---

27 (documents provided "subject to an express agreement by the U.S. Attorney's
   Office … that such provision was made in furtherance of a common interest
28 privilege"); 216 at 4; 207-11 at 483; 211 at 4.

- *Nor does the new declaration in any way overcome the strong trend in the law over the past two decades that "selective waiver" of privileged materials is not permitted even under express confidentiality agreements.*[2] This includes the Advisory Committee's express rejection of a "selective waiver" rule. Docket No. 215 at 6-7; FED. R. EVID. 502 drafting choices note (4); *Selective Waiver Absent From New FRE 502*, FED. EVID. REV. (Sept. 23, 2008), *available at* http://federalevidence.com/node/177.

- *Finally, what does one make of Kendall's claim that the government has "now returned the stolen documents" to him?* Docket No. 238 ¶ 7. To begin, it seems a ringing admission the government was not interested in this investigation, and defendants foisted the privileged documents on it in the hopes of generating some interest. This tactical decision requires that waiver be found. *Supra* n.2. Of equal import, given that these documents are the subject of a pending motion, DC trusts defendants will maintain the exact set of materials they furnished to the government, so an exact copy set can be reviewed by this or other courts and/or provided to DC. Any order on DC's pending motions should make that clear.

Dated:   May 6, 2011

Respectfully Submitted,
O'MELVENY & MYERS LLP

By:  /s/ Daniel M. Petrocelli
Daniel M. Petrocelli
Attorneys for Plaintiff DC Comics

CC1:849397

---

[2] *E.g.*, *In re Columbia/HCA Healthcare Corp. Billing Practices Litig.*, 293 F.3d 289, 302 (6th Cir. 2002); *In re Qwest Commc'ns Int'l*, 450 F.3d 1179, 1201 (10th Cir. 2006); *U.S. v. Mass. Inst. of Tech.*, 129 F.3d 681, 686 (1st Cir. 1997); *Westinghouse Elec. Corp. v. Republic of the Phil.*, 951 F.2d 1414, 1422 (3d Cir. 1991); *In re Martin Marietta Corp.*, 856 F.2d 619, 623-24 (4th Cir. 1988); *Permian Corp. v. U.S.*, 665 F.2d 1214, 1216-17 (D.C. Cir. 1981); D. Webb & J.D. Reich, *Avoiding Privilege and Work-Product Waiver*, THE NAT'L L. J. (Sept. 6, 2010).

- 3 -

PL.'S OBJECTION TO DEFS.'
IMPROPER "SUPP'L DECL."