KENDALL BRILL & KLIEGER LLP
Richard B. Kendall (90072)
  rkendall@kbkfirm.com
Laura W. Brill (195889)
  lbrill@kbkfirm.com
Nicholas F. Daum (236155)
  ndaum@kbkfirm.com
10100 Santa Monica Blvd., Suite 1725
Los Angeles, California 90067
Telephone: 310.556.2700
Facsimile: 310.556.2705

Attorneys for Defendants Marc Toberoff, Pacific Pictures Corporation, IP Worldwide, LLC, and IPW, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DC Comics,<br><br>    Plaintiff,<br><br>    v.<br><br>PACIFIC PICTURES CORPORATION, IP WORLDWIDE, LLC, IPW, LLC, MARC TOBEROFF, an individual, MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER, JEAN ADELE PEAVY, an individual, JOANNE SIEGEL, an individual, LAURA SIEGEL LARSON, an individual, and DOES 1-10, inclusive,<br><br>    Defendants. | Case No. CV 10-3633 ODW(RZx)<br><br>**RESPONSE TO PLAINTIFF'S OBJECTION TO DEFENDANTS' SUPPLEMENTAL DECLARATION OF RICHARD KENDALL**<br><br>Hon. Otis D. Wright II, U.S.D.J.<br>Hon. Ralph Zarefsky, U.S.M.J.<br><br>Complaint filed: May 14, 2010<br>Trial Date: None Set<br><br>Date: April 25, 2011<br>Time: 2:00 p.m. |

82591.1

Defendants Marc Toberoff, Pacific Pictures Corporation, IP Worldwide, LLC, and IPW, LLC submit this response to the opposition of plaintiff DC Comics (DC) to the supplemental declaration submitted by Richard Kendall.

1. Mr. Kendall's supplemental declaration was submitted in direct response to DC's false factual assertion—made for the first time in DC's reply brief, and emphasized by DC's counsel at the April 25, 2011 hearing on DC's motions—that the Government had not asked Defendants to provide the documents stolen from Mr. Toberoff's law firm (the "Stolen Documents") as a prerequisite of pursuing a law enforcement investigation. *See, e.g.*, Transcript of 4/25/11 Hearing at 48:21 -48:24 (statements of Mr. Kline) ("The Government was never interested in the contents of these documents. It was asked to initiate this investigation. And it said, you're telling us you want to give us these documents. Okay."). In reality, DC's assertion of fact, made without knowledge, is unequivocally false. In fact, as Mr. Kendall's declaration makes clear, "Assistant United States Attorneys Beong-soo Kim and Brian Klein advised me, that they would need to review the privileged stolen documents as part of any investigation and/or prosecution regarding the theft from Mr. Toberoff's office." Kendall Decl. at ¶ 4.

DC did not make the false assertion that the Government was uninterested in the Stolen Documents in its moving papers. Rather, this entirely incorrect assertion of fact was made, for the first time, in DC's reply brief. DC then compounded its error by strongly emphasizing this false factual argument at the April 25, 2011 hearing (which, due to a previously-scheduled mediation, Mr. Kendall could not attend). Accordingly, defendants were required to submit a declaration to rebut the erroneous, incorrect factual assertions made by DC. There is nothing improper about such a submission. Indeed, it is entirely appropriate. *See Desrosiers v. Hartford Life & Acc. Co.,* 515 F.3d 87, 91 (1st Cir. 2008) (encouraging an "aggrieved litigant" to preserve an argument against a factual assertion made for the first time in a reply brief). Defendants requested an expedited copy of the hearing

transcript in order to be able to promptly make a submission to the Court and submitted the Kendall Declaration on May 12, 2011, just two days after receiving the transcript on May 10, 2011.

2. DC's counsel also asserted, again for the first time in its reply brief, and again without any factual basis, that Mr. Kendall and the Government had not discussed providing the documents subject to a common-interest privilege. Indeed, at the hearing held on April 25, 2011, DC *expressly invited* a supplemental declaration from Mr. Kendall on this point. Transcript of 4/25/11 Hearing at 46:13-46:16 (statements of Mr. Kline) ("And if Mr. Kendall felt the way he felt, he should have submitted a detailed, thorough declaration that talked about how the Government responded to his unilateral assertion that there was a common interest privilege here."). Mr. Kendall, in his declaration, provided precisely the "detailed, thorough declaration" that DC had asked for:

> I discussed with the AUSAs the bases on which the Toberoff defendants would disclose the documents: under subpoena rather than voluntarily; under promise of confidentiality; and pursuant to the common-interest privilege. I advised that I would be sending a letter enclosing the subpoenaed documents under those conditions. I understood based on my oral discussions with AUSAs Kim and Klein and my correspondence with them that the United States Attorney's office was willing to be governed by those conditions in accepting the documents. The AUSAs never objected to the terms confirmed in my September 17, 2011 letter, either before or after the documents were produced. They never stated that any aspect of my confirming letter of September 17, 2011 was inaccurate or did not reflect their understanding of our agreement, and they never informed me that they believed the documents were not confidential or that privilege would be waived by providing them to the government. In addition, we discussed the fact that the government and Mr. Toberoff had a common interest in investigating the theft from his office, and the AUSAs never indicated to me that they thought that their interests in the investigation were in any way adverse to or not aligned with those of Mr. Toberoff as the victim of the theft.

Kendall Decl. at ¶ 7. The Kendall Declaration demonstrates that Defendants provided the Stolen Documents to the Government pursuant to a common interest privilege. The formation of a common-interest privilege requires that "(1) the communications were made in the course of a joint [] effort, (2) the statements were

82591.1

2

RESPONSE TO PLAINTIFF'S OBJECTION TO DEFENDANTS' SUPPLEMENTAL DECLARATION OF RICHARD KENDALL

designed to further that effort, and (3) the privilege has not been waived." *See Lectrolarm Custom Sys., Inc. v. Pelco Sales, Inc.*, 212 F.R.D. 567, 572 (E.D. Cal. 2002). As Mr. Kendall's declaration clearly describes, each of these elements is met: The defendants and the Government discussed their joint and common interest in investigating the theft, provided the privileged Stolen Documents as part of that joint effort, and agreed to maintain the Stolen Documents in confidence so as to avoid waiving the privilege. It was subject to this understanding—and only subject to this understanding—that the Stolen Documents were provided to the Government.

      3.    Mr. Kendall's declaration is not inadmissible hearsay. To the extent that Mr. Kendall describes communications made by the Government, they are offered to demonstrate the effect of the Government's communications <u>*upon Mr. Kendall*</u> and defendants. That is, Mr. Kendall states that he knew, acting as counsel for defendants, that the Government required defendants to turn over the Stolen Documents before commencing a criminal investigation, and that he acted upon that belief. That is not hearsay. *See* Kenneth S. Broun, 2 MCCORMICK ON EVID. § 249 (6th ed. 2009) ("A statement that D made a statement to X is not subject to attack as hearsay when its purpose is to establish the state of mind thereby induced in X, such as receiving notice or having knowledge or motive, or to show the information which X had as bearing on the reasonableness, good faith, or voluntariness of subsequent conduct."); *Hydrite Chemical Co v. Calumet Lubricants Co.*, 47 F.3d 887, 892 (7th Cir. 1995) (statements by third party not hearsay when introduced to show reasonableness of conduct by declarant). Nor does Mr. Kendall's assertion that the Government's conduct indicated assent to providing the Stolen Documents under the common interest privilege conceivably constitute hearsay. Words indicating assent to an agreement are not hearsay. *See, e.g.*, *N.L.R.B. v. H. Koch & Sons*, 578 F.2d 1287, 1291 (9th Cir. 1978). To the extent there are statements in the record that lack evidentiary weight, it is those of DC's counsel, purporting to

describe to the Court the government's position with respect to the Stolen Documents, as to which DC has no first-hand knowledge at all.

4. DC again uses its opposition to Mr. Kendall's declaration to assert incorrectly that the line of caselaw that deals with privilege waivers by the <u>targets of governmental investigation</u> is relevant here. As Mr. Kendall's declaration makes abundantly clear, this is not a situation in which defendants offered to reveal selective documents to Government investigators, only to later seek to shield the same documents from private litigants. Rather, the Government <u>required</u> an examination of the Stolen Documents to enable it to commence a criminal investigation. The rule that DC seeks would find a purportedly "selective waiver" whenever the victim of a theft of privileged material turns that material over to the Government. As Defendants have argued, the result DC seeks would be a shockingly pro-criminal rule that could permit privilege waivers whenever law enforcement assistance is sought for the theft of privileged or protected material, including trade secret or privacy-protected material. No case supports DC's result, and DC's insistent reliance on a clearly false factual assertion about the Government's request for the Stolen Documents indicates the weakness of its position.

The Court should consider Mr. Kendall's declaration, and deny DC's motion to compel production of the Stolen Documents.

Dated: May 9, 2011          KENDALL BRILL & KLIEGER LLP


By: /s/
    Laura W. Brill
    Attorneys for Defendants Marc Toberoff,
    Pacific Pictures Corporation, IP
    Worldwide, LLC, and IPW, LLC