# EXHIBIT E

# TOBEROFF & ASSOCIATES, P.C.

A PROFESSIONAL CORPORATION

2049 CENTURY PARK EAST, SUITE 2720
LOS ANGELES, CALIFORNIA 90067

MARC TOBEROFF*
NICHOLAS C. WILLIAMSON
KEITH G. ADAMS
JEFFREY R. RHOADS

TELEPHONE
(310) 246-3333

FACSIMILE
(310) 246-3101

* Also admitted in New York

mtoberoff@ipwla.com

January 8, 2011

<u>Via E-Mail</u>

Matthew Kline
O'Melveny and Myers LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067

Re:   <u>*DC Comics v. Pacific Pictures Corp., et al.*, Case No. 10-CV-03633 ODW (RZx)</u>

Dear Matt:

This letter is in response to your January 5, 2011 letter with respect to defendants' document production and privilege logs. Any compromises offered in this letter as in our prior letter are conditioned on DC not bringing a motion to compel on the subject at issue and acceptance of the compromise in a timely fashion. All of defendants' rights on these subjects are expressly reserved.

As to the specific outstanding and new issues raised in your letter:

1. *Dennis Larson/Laura Siegel Documents*:  We will oppose your motion, which we understand to be a motion to compel communications between Laura Siegel and Dennis Larson regarding her divorce proceedings. As a compromise, Defendants' counsel can review such communications and produce any that are responsive to DC's requests by January 24, 2011. Defendants reserve their right to seek a protective order with respect to any personal information that is not pertinent to this litigation.

2. *To/cc/bcc*:  We will oppose your motion.

3. *Chains of Communications*:  We will oppose your motion. Defendants' logs are no more "jumbled" than those already approved by the Court and, as we set forth in our January 4, 2011 letter, all "new" log entries clearly complied with your request.

4. *List of Counsel:*  We identify the following individuals as "Defendants' counsel" for the purposes of your question during their employment at Toberoff & Associates, P.C., or any predecessor firm:  Marc Toberoff; Nicholas Williamson; Keith Adams; Jeffrey Rhoads; Jeffrey Linden; Alex Merino; Rafael Gomez-Cabrera; David Michaels; Rex Glensy and Larry

**TOBEROFF & ASSOCIATES, P.C.**

January 8, 2011
Re:     *DC Comics v. Pacific Pictures Corp.*
Page:   2 of 4

Greenfield.

5. *Subject Matter of Communications*:  We accepted your proposal that both parties *mutually* list the subject matter of communications, *e.g.*, as "litigation update" or "LU" as to the majority of such communications, while specifically listing logged documents relating to relevant subjects, and we accepted your initial list of such subjects.  However, when we listed the subjects to be reciprocally delineated by DC in its logs, you reneged on your proposal.  As a compromise, we remain willing to produce logs listing the subject matter of all entries, and to separately list communications that reflect or refer to so-called "Consent Agreements" and the "Toberoff Timeline," by no later than January 24, 2011, *provided that* DC mutually agrees to list the subject matter of documents in its logs, and to specifically list communications that reflect or refer to the "Toberoff Timeline," the "Stolen Documents," and the "JAMS Confidentiality Agreement."  You proposed this in our December 21, 2010 meet and confer and again in your December 29 letter; there is no basis for your rejection of this proposal, other than its illumination of your clients' mis-dealings regarding the Timeline and Stolen Documents.

6.  *Michael Siegel Communications*:  We will oppose your motion.

7.  *Privilege Log Entries 715/716*:  We will oppose your motion.

8.  *Consent Agreement*:  We will oppose your motion.

9.  *Retainer Agreements:*  We will oppose your motion. As the case is stayed except as to DC's ability to take discovery, Defendants are not in a position to file counterclaims.  Your position is especially disingenuous in light of DC's unwillingness to stipulate to Defendants' ability to file counterclaims and take discovery.  As a compromise, we remain willing to produce redacted copies of our retainer agreements, if DC will agree to produce their retainer agreements as such are relevant to Defendants' contemplated counterclaims in this action.

10.  *Timeline Documents*:

The "Additional Issue":  This new issue, which you raised for the first time in your January 5 letter, appears to be a complaint that Defendants did not designate or produce the "Toberoff Timeline."  This issue was obvious at the time of Defendants' production on December 7, 2010, and when we held our meet and confer on December 21.  I do not understand why you are only raising it now.  It is inappropriate under Local Rule 37-1 for DC to include this issue in its threatened motion to compel as DC never properly met-and-conferred on the issue.

As to why the documents were not listed, the December 6, 2010 stipulation expressly states that "the Parties will not be required to designate or produce by Bates numbers documents they obtained solely as a result of a document production by the other side in the *Siegel* Cases."  The documents in question were released by DC and then by a purported "escrow" attorney retained by DC and acting on its behalf.  As such, the "Toberoff Timeline" need not be listed by

**TOBEROFF & ASSOCIATES, P.C.**

January 8, 2011
Re:   *DC Comics v. Pacific Pictures Corp.*
Page:   3 of 4

Defendants pursuant to the parties' stipulation.

Nonetheless, your letter does raise an issue as to the post-litigation attorney-client communications that were included in the stolen documents produced by DC's "escrow" attorney pursuant to the Court's December 4, 2008 order in the *Siegel* litigation, specifically Bates Nos. Q0010, Q0278, Q0285-89, Q0361, Q0550, Q0557-61, Q0618, Q0827, and Q0836-38, which are in the possession of Defendants' counsel.  If DC feels that it is necessary, Defendants' counsel would be more than willing to produce such documents.

As to your claims that we have not produced certain documents alluded to in the ranting, anonymous Timeline, we have repeatedly stated that the inadmissible Timeline is extremely untrustworthy.  To the extent that relevant documents exist, they have either been produced or designated as privileged.

Nonetheless, in the interest of clarity:

- DC is already in possession of the 2003 PPC Agreement and related documents, which were produced to it four years ago and which were re-designated by Defendants in this action.  As we have repeatedly explained (*e.g.,* Docket No. 78 at 8:1-10), that agreement has no legal effect on termination rights as a matter of law.

- There are no documents that result in Marc Toberoff possessing, personally or otherwise, "47.5% of the entire Superman interest" (or 47.5% of the "recaptured termination interest"), nor have there ever been such documents.

- There are no documents related to an offer by a "billionaire investor" to purchase the Siegels' Superman rights, because no such offer was ever conveyed, and the sworn testimony of the relevant witnesses is consistent on this point.  The Timeline itself, states that this supposed offer was made at the August 2002 meeting between Kevin Marks, Ari Emanuel, and myself.  Docket No. 98 at 4:21-6:3.  As Kevin Marks testified, "[a]t no time during that conversation did either Mr. Toberoff or Mr. Emanuel say anything about a 'billionaire investor.'  The word 'billionaire' was never used in the conversation by any of its participants."  Docket No. 98-3 at 1:16-2:7.

- Documents related to the potential purchase of the Michael Siegel interest were sought by DC, produced in the Ohio action, and designated by Defendants in their December 7 letter.  Defendants have duly asserted privilege as to the remaining documents.

DC's overzealous quest to find non-existent documents based on frivolous allegations in an anonymous incoherent "hit piece" is unworthy of DC and its counsel.

**TOBEROFF & ASSOCIATES, P.C.**

January 8, 2011
Re:   *DC Comics v. Pacific Pictures Corp.*
Page:   4 of 4


Very truly yours,

Marc Toberoff

EXHIBIT E
22