DANIEL M. PETROCELLI (S.B. #097802)
 dpetrocelli@omm.com
MATTHEW T. KLINE (S.B. #211640)
 mkline@omm.com
CASSANDRA L. SETO (S.B. #246608)
 cseto@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA  90067-6035
Telephone:  (310) 553-6700
Facsimile:   (310) 246-6779

PATRICK T. PERKINS (admitted *pro hac vice*)
 pperkins@ptplaw.com
PERKINS LAW OFFICE, P.C.
1711 Route 9D
Cold Spring, NY 10516
Telephone:  (845) 265-2820
Facsimile:   (845) 265-2819

Attorneys for Plaintiff DC Comics

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DC COMICS,<br><br>        Plaintiff,<br><br>     v.<br><br>PACIFIC PICTURES CORPORATION, IP WORLDWIDE, LLC, IPW, LLC, MARC TOBEROFF, an individual, MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER, JEAN ADELE PEAVY, an individual, JOANNE SIEGEL, an individual, LAURA SIEGEL LARSON, an individual, and DOES 1-10, inclusive,<br><br>        Defendants. | Case No. CV 10-3633 ODW (RZx)<br><br>**<u>DISCOVERY MATTER</u>**<br><br>**DC COMICS' *EX PARTE* APPLICATION TO COMPEL DEPOSITIONS OF DEFENDANTS MARK WARREN PEARY AND LAURA SIEGEL LARSON OR, IN THE ALTERNATIVE, SETTING DC COMICS' MOTION TO COMPEL FOR HEARING ON JUNE 20, 2011**<br><br>DECLARATION OF DANIEL M. PETROCELLI AND [PROPOSED] ORDER FILED CONCURRENTLY HEREWITH<br><br>**Judge**:     Hon. Otis D. Wright II<br>**Magistrate**:  Hon. Ralph Zarefsky<br><br>**Complaint Filed**: May 14, 2010 |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that plaintiff DC Comics applies to the Court *ex parte* for an order compelling defendants Mark Warren Peary and Laura Siegel Larson to appear for deposition within seven days of the Court's order. In the alternative, DC respectfully requests that this *ex parte* application be treated as a motion to compel pursuant to Local Rule 37, that the Court set the motion for hearing on June 20, 2011 (when other discovery motions in this case are set to be heard), and that the Court issue an order compelling Mr. Peary and Ms. Larson to appear for deposition within seven days of the June 20 hearing.

This *ex parte* application is made on the ground that defendants have failed to appear for their duly-noticed depositions on May 18 and May 20, 2011, in violation of DC's right—as confirmed by orders of this Court and the District Court—to take full discovery related to its state and federal law claims, including the depositions of Mr. Peary and Ms. Larson. Docket Nos. 74, 117. *Ex parte* relief is warranted because defendants have no justification for failing to appear for deposition. Defendants' withholding of their depositions is particularly prejudicial to DC because it has deprived DC of its right to secure additional evidence to submit to the District Court in opposition to the anti-SLAPP motion filed by certain defendants. This motion remains pending with the District Court and could be decided at any time. Absent *ex parte* relief, defendants will not provide dates certain for their depositions until late July.

DC gave notice of this *ex parte* application to counsel for defendants, who advised that defendants oppose the relief that DC seeks. *See* Declaration of Daniel M. Petrocelli ("Petrocelli Decl.") Exs. I, J.

This *ex parte* application is made pursuant to Local Rule 7-19 and is based on this application, the attached memorandum of points and authorities, the concurrently filed declaration of Daniel M. Petrocelli, such further showing or

1    evidence that DC may present at any hearing on this *ex parte* application, and any

2    other matters properly before this Court.

3    Dated:       May 23, 2011                    Respectfully Submitted,

4                                                 O'MELVENY & MYERS LLP

5

6                                                 By: /s/ Daniel M. Petrocelli
                                                     Daniel M. Petrocelli
7                                                    Attorneys for Plaintiff DC Comics

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DC COMICS' EX PARTE APPLICATION TO
                                                COMPEL DEPOSITIONS

## MEMORANDUM OF POINTS & AUTHORITIES

From the outset of this case, all defendants have steadfastly fought to force rulings on their dispositive motions without affording DC an opportunity to obtain discovery. That position has been categorically rejected by the District Court and this Court, and both Courts have issued orders directing discovery to proceed, including this Court's order refusing defendants' motion for an indefinite stay. Docket Nos. 74, 117. Despite these extensive proceedings and the resulting lengthy delay, defendants continue to obstruct DC's ability to take their depositions.

Although they agreed to the dates and were served with timely deposition notices, defendants thereafter informed DC they would not appear for their depositions on May 18 and May 20. In doing so, they neither sought nor obtained a protective order excusing their appearances. Through their counsel, they simply announced they would not appear. Instead, they demanded that DC defer the depositions until DC's other pending discovery motions have been fully adjudicated, or, alternatively, that DC agree to relinquish any right to seek additional deposition testimony from defendants in the future. Although DC never said it intended to seek additional deposition sessions, DC told defendants it would not give up any right to do so should the need arise and that it was inappropriate for defendants to unilaterally impose such a condition on their obligation to appear for deposition. DC made clear to defendants that all parties retain their rights under the law to seek or oppose additional deposition time if the issue were ever to materialize. Nonetheless, defendants refused to withdraw their demand and did not appear for their depositions.

DC has sought defendants' depositions since August of last year, it has successfully litigated its right to obtain this important discovery, and it cannot be subjected to further uncertainty and delay by defendants' resort to self help. Defendants' ongoing resistance has already deprived DC of the testimony of Joanne Siegel, who passed away earlier this year. If defendants had bona fide, well-

founded objections to appearing for their depositions, they were required to obtain judicial relief. They cannot take matters into their own hands. DC requests that the Court grant this application and order defendants to appear for their depositions within seven days.

## I.    DC'S STATEMENT OF ISSUES IN DISPUTE

### A.    <u>Relevant Factual Background.</u>

DC initially served deposition notices for Mr. Peary and Ms. Larson, as well as other witnesses, on August 17, 2010. Docket No. 62-2. Defendants filed a motion for a protective order arguing that no discovery should commence until the District Court has resolved their dispositive motions. Docket No. 61 at 18-23. This Court rejected defendants' request for an indefinite stay and ordered that DC could proceed with the depositions after November 15, 2010. Docket No. 74. On November 16, the District Court similarly ordered that DC was allowed to take full discovery on its state and federal claims. Docket No. 117. Defendants responded by moving *ex parte* for reinstatement of their dispositive motions and a stay of discovery pending resolution of their dispositive motions—the same discovery stay rejected by this Court. Docket No. 119. On November 24, the District Court denied defendants' application. Docket No. 124.

On February 7, 2011, DC served amended notices to take the depositions of Mr. Peary and Ms. Larson on March 21 and March 15, respectively. Petrocelli Decl. Ex. A at 8-12. Thereafter, at defendants' request, and due to the recent passing of defendant Joanne Siegel, DC agreed to continue the depositions to April 13 and April 21, respectively, "conditioned on confirmation that both Ms. Larson and Mr. Peary will appear for their scheduled depositions without any further postponement absent an emergency." *Id.* Ex. B at 13-15.

In early April, defendants again sought to continue the depositions, arguing that Mr. Peary and Ms. Larson should not be deposed until DC's then-pending motions to compel were decided by this Court. *Id.* Ex. C at 17-18. DC did not

DC COMICS' *EX PARTE* APPLICATION TO
COMPEL DEPOSITIONS

agree with defendants' position, but to accommodate their request, agreed to defer the depositions to "either (a) the week of May 16-20, 2011; or (b) within one week after Magistrate Zarefsky issues a ruling on DC Comics' Motion To Compel The Production Of Documents And Amended Privilege Logs filed on February 7, 2011, and heard on February 28, 2011; whichever is earlier." *Id.* at 19 (emphasis in original). Defendants rejected DC's proposal and sought to condition DC's taking of the depositions on its agreement that if this Court had not decided the pending discovery motions by then, "DC would waive its right to seek a second deposition based upon the decision on any such motion." *Id.* at 22. DC refused to waive its rights under the federal rules to seek additional deposition testimony from either Mr. Peary or Ms. Larson should the need arise.

After additional discussions among counsel, DC agreed to wait a limited period of time to allow this Court to rule on the one motion then under submission and to reschedule the depositions of Mr. Peary and Ms. Larson for May 10 and May 12, respectively. *Id.* at 24. Defendants responded by agreeing that Mr. Peary's deposition could proceed on May 17 or May 18 and Ms. Larson's on May 20, and stating that their agreement was "without waiver or limitation of any of our clients' rights all of which are reserved, including the right to seek a protective order due to DC's pending motions to compel and motion to review that potentially subject them to the risk of repeat depositions in the same action." *Id.* at 23. Given that defendants would have to seek and obtain a protective order to avoid their appearances, DC agreed to re-notice the depositions of Mr. Peary and Ms. Larson for May 18 and May 20, respectively. *Id.* Ex. D at 27-31.

One week before Mr. Peary's deposition, defendants wrote to DC that "[p]ursuant to the reservation of rights in our April 11, 2011 letter to you, these depositions need to be postponed." *Id.* Ex. E at 32. Defendants insisted the depositions not proceed until resolution of DC's pending discovery motions. *Id.* at 32-33. Alternatively, defendants stated that DC could proceed with the depositions

DC COMICS' *EX PARTE* APPLICATION TO
COMPEL DEPOSITIONS

as noticed if it "stipulates that it will not seek a second deposition of Mr. Peary or Ms. Siegel based upon any outcome of its [discovery] motions, including any motions for review and/or reconsideration of DC's motions (1), (2), (5) and (6)." *Id.* at 33. DC immediately objected to defendants' unilateral decision to cancel or condition the scheduled depositions and made clear that defendants were not excused from their obligations to appear for deposition. *Id.* Ex. F at 34.

DC took the non-appearances of both Mr. Peary and Ms. Larson on May 18 and May 20, respectively, and advised defendants that it would be seeking *ex parte* relief compelling their attendance at deposition within seven days of this Court's order. *Id.* ¶¶ 17, 21; Ex. I at 40. In an effort to avoid burdening the Court, DC said it was willing to re-notice Mr. Peary's deposition to June 22 and Ms. Siegel's deposition to June 24 *if* defendants would "stipulate to a court order that they will appear on those dates regardless of the status of any other discovery disputes, discovery motions, or other pending matters." *Id.* Ex. J at 41. As before, DC reiterated that "after these depositions occur, should the issue arise, both sides retain their rights under the law to argue for or against additional deposition sessions, as is the case with any deposition." *Id.* On Friday, May 20, DC sent defendants a proposed stipulation and court order and asked defendants to promptly indicate their agreement to the stipulation. *Id.* Exs. K at 44-48; L at 49. Defendants declined and would not provide dates certain for the depositions prior to July 22. *Id.* Exs. M at 50-58; N at 59.

**B.   Defendants Mark Warren Peary and Laura Siegel Larson Should Be Compelled To Testify.**

A motion to compel appearance at a deposition is warranted where, as here, "a party … fails, after being served with proper notice, to appear.…" FED. R. CIV. PROC. 37(d)(1)(A)(i); *see, e.g., Beard v. Shuttermart of Cal., Inc.*, 2007 WL 4224640, at *2-3 (S.D. Ca. Nov. 27, 2007) (*ex parte* application granted where deponent did not seek protective order but refused to appear for deposition). DC

1    properly served its amended notices on Mr. Peary and Ms. Larson on April 20,

2    2011.  Petrocelli Decl. Ex. D.  "Once a deposition is properly noticed, a party who

3    opposes the deposition and cannot amicably resolve the dispute must either attend

4    the deposition or file for a protective order from the court."  *Robert Billet*

5    *Promotions, Inc. v. IMI Cornelius, Inc.*, 1995 WL 672385, at *2 (E.D. Pa. 1995)

6    (collecting cases); *see also Henry v. Gill Indus., Inc.*, 983 F.2d 943, 948 (9th Cir.

7    1993) (parties' attempt to reschedule deposition does not excuse failure to attend);

8    FED. R. CIV. P. 37(d)(1)(A)(i) ("The court where the action is pending may, on

9    motion, order sanctions if:  a party … fails, after being served with proper notice, to

10    appear for that person's deposition."); JAMES WM. MOORE ET AL., MOORE'S

11    FEDERAL PRACTICE § 37.91 (2011) ("[N]otifying the attorney who noticed the

12    deposition that they will not appear … does not excuse a party's failure to appear,

13    and will not serve as a substitute for a motion for protective order.").

14           **1.**      **Absent An Order of This Court, Mr. Peary and Ms. Larson**

15                       **Are Required To Appear for Their Duly-Noticed**

16                       **Depositions.**

17          This Court ordered that DC was entitled to proceed with depositions after

18    November 15, 2010.  Docket No. 74.  Defendants have failed to provide any

19    legitimate justification for failing to comply with the federal discovery rules and

20    this Court's order.  Defendants do not claim, for example, that the deponents were

21    ill or otherwise unable to attend.  Defendants only contend that they are not

22    required to produce the witnesses unless and until DC agrees to relinquish all rights

23    to seek further deposition testimony from Mr. Peary and Ms. Larson in the future.

24    *Id.* Exs. E at 32-33; G at 36-37; N at 59.  This position is wholly unfounded.

25          First, defendants cannot unilaterally impose conditions on their obligation to

26    comply with the federal rules and orders of this Court.  "[T]here is no basis under

27    the Federal Rules for [deponent] to refuse to attend a deposition unless Plaintiff's

28    counsel agrees to abide by his terms."  *U.S. v. Hanson*, 233 F.R.D. 665, 667-68

DC COMICS' *EX PARTE* APPLICATION TO
COMPEL DEPOSITIONS

(S.D. Cal. 2005); *see also Keller v. Edwards*, 206 F.R.D. 412, 416 (D. Md. 2002) ("[A]ttorney representing a party or witness … may not unilaterally refuse to produce his client until certain conditions are fulfilled."); *Hill v. Forward Air Solutions, Inc.*, 2011 WL 1130868 (W.D.N.C. Mar. 24, 2011) (same). As DC advised defendants, all parties retain their rights under the federal rules to seek or oppose additional deposition testimony should the need arise. Petrocelli Decl. Ex. J at 41; FED. R. CIV. P. 30(a)(2)(A)(II) (party may take additional deposition of person already deposed with leave of court); *Brockmeier v. Solano Cnty. Sheriff's Dep't*, 2010 WL 148179, at *4 (E.D. Cal. Jan. 12, 2010); *Estell v. Williams Scotsman, Inc.*, 228 F.R.D. 668, 670-71 (N.D. Okla. 2005).

Second, the parties cannot anticipate when DC's pending discovery motions will be fully and finally adjudicated, and it is virtually certain that the issues addressed in the pending motions will not resolve all discovery disputes between the parties for the remainder of this case. There is no rule—and defendants have identified none—that requires other discovery to be completed before depositions occur.

Third, defendants' unilateral refusal to produce the deponents defies the federal rules. If defendants believed they had good reason not to produce Mr. Peary and Ms. Larson for their depositions, they were obligated to seek a protective order, not resort to self-help. "[I]t is for the court, not the deponent or his counsel, to relieve him of the duty to appear." *Pioche Mines Consol., Inc. v. Dolman*, 333 F.2d 257, 269 (9th Cir. 1964); *see also* FED. R. CIV. P. 37(d)(2) (failure to appear for deposition "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)"); *Kintsley v. City & Cnty. of San Francisco*, 2009 WL 412458, at *2 (N.D. Cal. Feb. 17, 2009) (parties must "seek a protective order and [can]not … unilaterally fail to appear for their depositions"); *Paige v. Consumer Programs, Inc.,* 248 F.R.D. 272, 275 (C.D. Cal. 2008) ("if plaintiff believed he had

DC COMICS' *EX PARTE* APPLICATION TO COMPEL DEPOSITIONS

1  good cause not to appear for his deposition …, his recourse was to file a motion for

2  a protective order under Rule 26(c)").  Defendants willfully chose not to seek a

3  protective order.

4        Defendants claim that they acted within their reservation of rights in refusing

5  to produce Mr. Peary and Ms. Larson.  Petrocelli Decl. Exs. E at 32-33; G at 36-37.

6  This is groundless.  Defendants' own reservation acknowledged their "right to seek

7  a protective order due to DC's pending motions to compel and motion to review."

8  *Id.* Ex. C at 23.  Defendants never said—and DC never agreed—that defendants

9  could voluntarily and unilaterally refuse to appear for their depositions.  No such

10  right exists under the federal rules, and no such "right" could possibly have been

11  reserved by defendants.

12        **2.     Defendants' Delay Prejudices DC.**

13        Defendants contend that they are entitled to unilaterally postpone the

14  depositions unless and until DC can establish prejudice.  Petrocelli Decl. Exs. F at

15  34; G at 37; H at 38.  There is no rule—and again, defendants have cited none—

16  requiring DC to establish prejudice before it can obtain the discovery to which it is

17  entitled under the federal rules and this Court's order.  On the contrary, it is

18  *defendants'* obligation to obtain a protective order if they want to prevent or

19  postpone the depositions.  FED. R. CIV. P. 30(a)(1) ("A party may, by oral questions,

20  depose any person, including a party, without leave of court…."); *Rivers v. Roszko*,

21  2007 WL 1302489, at *1 (E.D. Cal. May 3, 2007) ("A party may take another

22  party's duly noticed deposition in person as a matter of right."); *Kelley v. Williams*,

23  2007 WL 1302422, at *1 (E.D. Cal. May 3, 2007) (same).

24        To be clear, though, DC has been gravely prejudiced by defendants' actions.

25  DC has sought to take the depositions of Mr. Peary, Ms. Larson, and other key

26  witnesses since *August 2010*—but defendants have resisted at every turn and not a

27  single deposition has been taken.  Docket No. 62-2; Petrocelli Decl. ¶ 4.  DC

28  already has lost valuable time as well as crucial evidence with the recent passing of

1    Joanne Siegel.  *Id.*  Absent *ex parte* relief, DC would not be able to depose Mr.

2    Peary and Ms. Larson until late July at the earliest—almost a year after DC first

3    requested these depositions.

4         These depositions are essential to DC's ability to fully oppose defendants'

5    SLAPP motion.  As the Ninth Circuit has established, Federal Rule of Civil

6    Procedure 56(f) entitles a plaintiff "to discover information that is essential to its

7    opposition" to a SLAPP motion.  *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832,

8    846 (9th Cir. 2001); *see also Shropshire v. Fred Rappoport Co.*, 294 F. Supp. 2d

9    1085, 1099-1100 (N.D. Cal. 2003); *Moser v. Triarc Cos.*, 2007 WL 3026425, at *3

10   (S.D. Cal. Oct. 16, 2007).  California state law is fully consistent with this rule,

11   recognizing that, in cases like this one, discovery may be taken before a SLAPP

12   motion is heard.  Docket No. 162-17 at 659 (citing *Lafayette Morehouse, Inc. v.*

13   *Chronicle Publ'g Co.*, 37 Cal. App. 4th 855, 868 (1995); *Raining Data Corp. v.*

14   *Barrenechea*, 175 Cal. App. 4th 1363, 1367 (2009); CAL. CIV. PROC. CODE §

15   425.16(g)).  DC submitted a lengthy declaration in opposition to defendants'

16   SLAPP motion identifying the discovery relevant to the factual issues raised in the

17   motion.  Docket Nos. 182 at 17-21.  The risk that Judge Wright could rule on

18   defendants' SLAPP motion at any time, without the benefit of this key discovery,

19   severely prejudices DC.

20        To mitigate the prejudice that would result if Judge Wright decided

21   defendants' dispositive motions before DC has had an opportunity to conduct

22   depositions and supplement its opposition, DC requested that defendants agree to

23   file a joint report updating Judge Wright on the status of discovery.  The report

24   would advise Judge Wright that while discovery is going forward, no depositions

25   have yet occurred, and DC intends to supplement its initial SLAPP opposition with

26   evidence it has already obtained and expects to obtain in the depositions in a

27   consolidated submission at an appropriate time during the discovery phase.  *Id.*

28   Defendants responded that they will object to any such filing.  *Id.*

DC COMICS' *EX PARTE* APPLICATION TO COMPEL DEPOSITIONS

### 3.      The Order DC Seeks.

In light of defendants' repeated refusal to appear for their depositions or provide dates certain for their depositions prior to the end of June, DC submits that immediate Court intervention is necessary.  The Court should grant this *ex parte* application and issue an order compelling Mr. Peary and Ms. Larson to appear for deposition within seven days of the Court's order.

In the alternative, DC respectfully requests that this *ex parte* application be treated as a motion to compel pursuant to Local Rule 37 and set for hearing on June 20, 2011 (when other discovery motions in this case are set to be heard), with defendants' opposition due on May 31 and DC's reply due on June 6.  DC could not pursue this motion through the Rule 37 joint stipulation process, since the Memorial Day holiday would force DC to file the joint stipulation on May 31—one day after the deadline for a June 20 hearing date.  The two potential hearing dates following June 20—Monday, June 27 and Monday, July 4—are closed hearing dates for this Court.  The depositions must occur before July 6, as DC's lead counsel will be out of the country on a family vacation, and after returning from vacation, will be occupied preparing for a trial that commences on August 22 before Judge Fairbank.  Therefore, DC requests that, should this application be treated as a motion to compel, the Court issue an order compelling Mr. Peary and Ms. Larson to appear for deposition within seven days of the June 20 hearing.

Dated:      May 23, 2011                      Respectfully Submitted,

O'MELVENY & MYERS LLP


By:  /s/ Daniel M. Petrocelli
        Daniel M. Petrocelli
        Attorneys for Plaintiff DC Comics

CC1:850186

DC COMICS' *EX PARTE* APPLICATION TO
                                                  COMPEL DEPOSITIONS