DANIEL M. PETROCELLI (S.B. #097802)
 dpetrocelli@omm.com
MATTHEW T. KLINE (S.B. #211640)
 mkline@omm.com
CASSANDRA L. SETO (S.B. #246608)
 cseto@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA  90067-6035
Telephone:  (310) 553-6700
Facsimile:   (310) 246-6779

PATRICK T. PERKINS (admitted *pro hac vice*)
 pperkins@ptplaw.com
PERKINS LAW OFFICE, P.C.
1711 Route 9D
Cold Spring, NY 10516
Telephone:  (845) 265-2820
Facsimile:   (845) 265-2819

Attorneys for Plaintiff DC Comics

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DC COMICS,<br><br>             Plaintiff,<br><br>       v.<br><br>PACIFIC PICTURES CORPORATION, IP WORLDWIDE, LLC, IPW, LLC, MARC TOBEROFF, an individual, MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER, JEAN ADELE PEAVY, an individual, JOANNE SIEGEL, an individual, LAURA SIEGEL LARSON, an individual, and DOES 1-10, inclusive,<br><br>             Defendants. | Case No. CV 10-3633 ODW (RZx)<br><br>**DISCOVERY MATTER**<br><br>**DECLARATION OF DANIEL M. PETROCELLI IN SUPPORT OF DC COMICS'** *EX PARTE* **APPLICATION TO COMPEL DEPOSITIONS OF DEFENDANTS MARK WARREN PEARY AND LAURA SIEGEL LARSON OR, IN THE ALTERNATIVE, SETTING DC COMICS' MOTION TO COMPEL FOR HEARING ON JUNE 20, 2011**<br><br>**Judge**:         Hon. Otis D. Wright II<br>**Magistrate**:  Hon. Ralph Zarefsky |

# DECLARATION OF DANIEL M. PETROCELLI

I, Daniel M. Petrocelli, declare and state as follows:

1. I am an attorney licensed to practice in the State of California and admitted to the Central District of California. I am a partner at O'Melveny & Myers LLP, counsel of record for plaintiff DC Comics ("DC") in the above-entitled action. I make this declaration in support of DC's *Ex Parte* Application to Compel Depositions of Defendants Mark Warren Peary and Laura Siegel Larson Or, in the Alternative, Setting DC Comics' Motion for Hearing on June 20, 2011. I have personal knowledge of the matters set forth in this declaration, and if called to testify to the facts stated herein, I could and would do so competently.

2. Since filing its complaint in this matter on May 14, 2010, DC has sought to conduct discovery, including defendants' depositions, but has been confronted with substantial and persistent efforts by defendants to prevent or limit discovery during the pendency of their dispositive motions. Defendants filed their initial motions to dismiss and motion to strike DC's complaint pursuant to California's anti-SLAPP statute on August 13, 2010. Docket Nos. 30, 31, 33, 34. Defendants have subsequently re-filed and renewed their dispositive motions on two occasions: once in September 2010, Docket Nos. 75, 77, 78, 80, and again in January 2011, Docket Nos. 145-48. Defendants' most recent renewed dispositive motions remain pending before the District Court. To date, no status conferences have been held by Judge Wright in this case.

3. On September 20, 2010, this Court ordered that DC is entitled to proceed with depositions after November 15. Docket No. 74; *see also* Docket No. 95 at 56:23-57:9 ("[T]here's nothing that prevents [DC] from commencing discovery. … In the Court's view, the California anti-SLAP [sic] statute does not govern these federal proceedings and impose an automatic stay."). On November 16, Judge Wright granted DC's motion to modify the District Court's administrative stay order and ordered that DC be allowed "to take full discovery

1  related to its federal [and] state-law claims." Docket No. 117 at 1. Then on
2  November 24, Judge Wright denied defendants' *ex parte* request to reinstate their
3  dispositive motions and stay discovery pending the District Court's adjudication of
4  those motions. Docket No. 124.

5      4.    DC initially served Notices of Deposition and Requests for Production
6  of Documents on defendants Joanne Siegel, Jean Peavy, Laura Siegel Larson, and
7  Mark Warren Peary on August 17, 2010. Docket No. 62-2. Because of the ensuing
8  litigation and maneuvering regarding DC's discovery, DC is yet to take a single
9  deposition in this case. In the process, defendant Joanne Siegel died on February
10  12, 2011, without DC having had an opportunity to secure her testimony.

11      5.    At the time of Ms. Siegel's death, DC had served amended notices to
12  take the depositions of defendants Ms. Larson and Mr. Peary on March 15 and
13  March 21, respectively. Attached hereto as Exhibit A is a true and correct copy of
14  letter from me to Mr. Toberoff dated February 7, 2011, enclosing the amended
15  notices of deposition.  At the request of Mr. Toberoff, and to accommodate the
16  recent passing of Ms. Siegel, DC agreed to continue Mr. Peary's deposition to April
17  13 and Ms. Larson's to April 21. Attached hereto as Exhibit B are true and correct
18  copies of the parties' March 2011 correspondence regarding the depositions of Mr.
19  Peary and Ms. Larson.

20      6.    On April 7, less than one week before Mr. Peary's scheduled
21  deposition, Mr. Toberoff wrote me stating that the depositions of Mr. Peary and
22  Ms. Larson "should be continued until DC's three pending motions to compel the
23  production of related document are resolved by Magistrate Zarefsky." I responded
24  to Mr. Toberoff the following day, stating though we disagreed with defendants'
25  positions, DC would be willing to enter into a stipulation, to be signed by the Court,
26  requiring defendants to produce Ms. Larson and Mr. Peary for depositions either
27  "(1) the week of May 16-20, 2011; or (b) within one week after Magistrate
28  Zarefsky issues a ruling on DC Comics' Motion to Compel The Production Of

1   Documents And Amended Privileged Logs filed on February 7, 2011, and heard on
2   February 28, 2011; <u>whichever is earlier</u>." I wrote that DC could not agree to
3   postpone the depositions indefinitely until this Court resolved all of DC's discovery
4   motions. Attached hereto as Exhibit C are true and correct copies of the parties'
5   April 2011 correspondence regarding the depositions of Mr. Peary and Ms. Larson.

6       7.   Mr. Toberoff wrote back on April 11, rejecting DC's proposal.
7   Instead, Mr. Toberoff proposed scheduling the depositions "for the week of May
8   16-20, or May 23-27, 2011," on the condition that DC "waive its right to seek a
9   second deposition" of Mr. Peary or Ms. Larson based upon this Court's decisions
10  on DC's pending discovery motions. *Id.*

11      8.   On April 13, I wrote to Mr. Toberoff proposing to reschedule Mr.
12  Peary and Ms. Larson's depositions to May 10 and May 12, respectively. Mr.
13  Toberoff responded that Mr. Peary was available on May 17 or 18 and Ms. Siegel
14  was available on May 20. He added that defendants' agreement to these dates was
15  "without waiver or limitation of any of our client's rights all of which are reserved,
16  including the right to seek a protective order due to DC's pending motions to
17  compel and motion to review … ." *Id.*

18      9.   DC then promptly served amended notices of deposition for
19  defendants Mr. Peary and Ms. Larson on April 20. DC set Mr. Peary's deposition
20  for May 18, and Ms. Larson's deposition for May 20. Attached hereto as Exhibit D
21  is a true and correct copy of a letter from me to Mr. Toberoff dated April 20, 2011,
22  enclosing the Amended Notices of Deposition of Defendants Laura Siegel Larson
23  and Mark Warren Peary.

24      10.  One week before Mr. Peary's scheduled deposition date, Mr. Toberoff
25  sent me a letter advising the depositions of both Mr. Peary and Ms. Larson "need to
26  be postponed" due to DC's "four pending and two contemplated motions to
27  compel, all of which bear directly on these depositions." He proposed that DC
28  "postpone the depositions until the week of June 20, 2011 or later, to allow

- 3 -   PETROCELLI DECL. ISO DC COMICS' *EX PARTE* APPL. TO COMPEL DEPOSITIONS

1  Magistrate Zarefsky and Judge Wright sufficient time to address DC's outstanding
2  discovery motions." Alternatively, DC could proceed with the depositions,
3  "provided that DC stipulates that it will not seek a second deposition of Mr. Peary
4  or Ms. Siegel based upon any outcome of its [pending discovery] motions." Mr.
5  Toberoff did not claim that either Mr. Peary or Ms. Larson was unavailable due to
6  illness or other extenuating circumstances. Attached hereto as Exhibit E is a true
7  and correct copy of that letter.

8       11.   I wrote back to Mr. Toberoff on May 12 that DC disagreed with
9  defendants' position and that "[g]iven the uncertainty when the pending discovery
10 issues, let alone others certain to arise, will be definitely resolved, it makes not
11 sense to continue to defer these and other depositions." I advised Mr. Toberoff that
12 we expected to proceed with the depositions as scheduled and offered to discuss the
13 matter further if he so chose. Attached hereto as Exhibit F is a true and correct
14 copy of an email exchange between me and Mr. Toberoff dated May 12 through
15 May 14, 2011.

16      12.   Mr. Toberoff responded on May 13, still refusing to produce Mr. Peary
17 or Ms. Larson for their noticed depositions on the grounds of DC's pending and
18 contemplated discovery motions. Mr. Toberoff wrote, "Under these circumstances,
19 my clients must postpone the depositions." *Id.*

20      13.   I wrote back to Mr. Toberoff the following day:

> Marc, we disagree and see no utility in debating this further. More fundamentally, you have no self-help right to unilaterally postpone the depositions. We do not excuse the deponents from their court-ordered obligations to appear for their depositions. Absent an order of the court directing otherwise, the depositions will proceed as noticed. If your clients do not appear, we will seek relief from the court, including both preclusion and monetary sanctions against the defendants, including you. Please let me know today whether the deponents will appear.

*Id.*

14.     On May 16, Mr. Toberoff wrote back saying "Mr. Peary and Ms. Larson postponed their depositions temporarily," and the "obvious solution is to hold the depositions of Mr. Peary and Ms. Larson shortly after Magistrate Zarefsky rules on DC's 'consolidated' motion." Attached hereto as Exhibit G is a true and correct copy of a letter from Mr. Toberoff to me dated May 16, 2011.

15.     I responded to Mr. Toberoff that DC did not excuse his clients obligation to appear for deposition and that DC would be "seeking all appropriate relief from the court." Attached hereto as Exhibit H is a true and correct copy of an email exchange between me and Mr. Toberoff dated May 16 through May 17, 2011.

16.     Having not received a response from Mr. Toberoff, I sent a follow-up email on May 17 advising him that that DC would record Mr. Peary's non-appearance on May 18 and would do the same for Ms. Siegel on May 20. *Id.*

17.     On May 18, I took the non-appearance of defendant Mr. Peary. That same day I sent a letter to Mr. Toberoff advising him of DC's intention to seek *ex parte* relief from this Court compelling Mr. Peary and Ms. Larson to appear for deposition. Attached hereto as Exhibit I is a true and correct copy of that letter.

18.     Mr. Toberoff responded at 8:30 p.m. on May 18, still refusing to produce either defendant for deposition unless DC "agree[d] not to seek to retake the depositions based on the results of [DC's] pending/contemplated motions; or, in the alternative, the parties agree to take the depositions within a reasonable period after such motions are shortly resolved." Attached hereto as Exhibit J is a true and correct copy of an email chain between myself and Mr. Toberoff to me dated May 18 through May 19, 2011.

19.     I wrote back to Mr. Toberoff the following day, again advising him that he had no right to unilaterally refuse to produce Mr. Peary or Ms. Larson for their duly-noticed depositions, "especially since the court has already ordered that these depositions can proceed." I further wrote that Mr. Toberoff had no "right to

- 5 -  PETROCELLI DECL. ISO DC COMICS' *EX PARTE* APPL. TO COMPEL DEPOSITIONS

1 condition the depositions on DC's waiver of any of its rights," and that defendants
2 were required to seek a protective order if they believed they had genuine, well-
3 founded objections to the depositions. In an effort to resolve this issue, and avoid
4 burdening this Court, I proposed deferring the depositions of Mr. Peary and Ms.
5 Larson to June 22 and June 24, respectively, if defendants agreed to stipulate to a
6 court order that the deponents appear on those dates "regardless of the status of any
7 other discovery disputes, discovery motions, or other pending matters." I advised
8 Mr. Toberoff that "after these depositions occur, should the issue arise, both sides
9 retained their rights under the law to argue for or against additional deposition
10 sessions, as is the case with any deposition." *Id.*

11     20. Later that afternoon, Mr. Toberoff emailed me requesting that I contact
12 him to discuss the matter. I called Mr. Toberoff and we conferred at length about
13 the matter but could not reach agreement. Mr. Toberoff continued to assert that the
14 depositions should not go forward until this Court had ruled on the various pending
15 discovery disputes. I continued to assert that DC was entitled to take the
16 depositions without further delay and that in no event later than the last week of
17 June. I told Mr. Toberoff that I would send him a proposed stipulation to this effect
18 and asked that he consider it. In addition, I informed Mr. Toberoff that DC
19 intended to file a status report with Judge Wright briefly describing the status of
20 discovery, including the anticipated timing of depositions, and indicating that DC
21 will seek leave to supplement its opposition to the pending SLAPP motion at an
22 appropriate time during the discovery phase. Mr. Toberoff responded that
23 defendants will object to any such filing.

24     21. On May 20, my colleague, Jason H. Tokoro, took the non-appearance
25 of defendant Ms. Larson. Later that day, I sent Mr. Toberoff a proposed stipulation
26 and order setting Mr. Peary and Ms. Larson's depositions for June 28 and July 1,
27 respectively. Attached hereto as Exhibit K is a true and correct copy of an email
28 from me to Mr. Toberoff dated May 20, 2011, attaching a proposed Stipulation and

1  Court Order re: Depositions of Defendants Mark Warren Peary and Laura Siegel
2  Larson. Having not heard back from Mr. Toberoff, I sent a follow-up email the
3  next day. Attached hereto as Exhibit L is a true and correct copy of that email.
4      22. Mr. Toberoff responded to me on Monday afternoon, May 23,
5  modifying DC's proposed stipulation. Instead of June 28 and July 1, Mr. Toberoff
6  proposed outside dates of July 22 and July 25 for the depositions of Mr. Peary and
7  Ms. Larson, respectively. Attached hereto as Exhibit M is a true and correct copy
8  of an email from Mr. Toberoff to me dated May 23, 2011, attaching defendants'
9  proposed stipulation and redline.
10      23. I promptly wrote back to Mr. Toberoff that defendants' proposal was
11  not acceptable and that the proposed July dates "unreasonably add to the risk that
12  Judge Wright will decide the pending motions without the benefit of the additional
13  evidence we wish to submit." Attached hereto as Exhibit N is a true and correct
14  copy of an email exchange between myself and Mr. Toberoff dated May 23, 2011.
15  Shortly thereafter, Mr. Toberoff and I conferred again by telephone during which I
16  explained to Mr. Toberoff that the July dates were too late and did not work for me
17  in any event because I would be preparing for a federal trial commencing in
18  August. That trial is before Judge Fairbank and will begin on August 22.
19      I declare under penalty of perjury under the laws of the United States that the
20  foregoing is true and correct and that this declaration is executed this 23rd day of
21  May 2011 at Los Angeles, California.

_____
Daniel M. Petrocelli

CC1:850189