# EXHIBIT E

# TOBEROFF & ASSOCIATES, P.C.

A PROFESSIONAL CORPORATION

2049 CENTURY PARK EAST, SUITE 3630
LOS ANGELES, CALIFORNIA 90067

MARC TOBEROFF*
NICHOLAS C. WILLIAMSON
KEITH G. ADAMS
JEFFREY R. RHOADS

* Also admitted in New York

TELEPHONE
(310) 246-3333

FACSIMILE
(310) 246-3101

mtoberoff@ipwla.com

May 11, 2011

Via E-Mail

Dan Petrocelli
O'Melveny and Myers LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067

Re:   *DC Comics v. Pacific Pictures Corp., et al.*, Case No. 10-CV-03633 ODW (RZx)

Dear Dan:

I write regarding the scheduling of the depositions of Mark Warren Peary and Laura Siegel Larson, noticed by DC for May 18 and May 20, 2011, respectively.

Pursuant to the reservation of rights in our April 11, 2011 letter to you, these depositions need to be postponed. You will recall that the depositions were originally postponed at *your* request.

DC has four pending and two contemplated motions to compel, all of which bear directly on these depositions:

- (1) and (2): DC's motions to compel, heard on April 25, 2011 and currently under submission: These motions involve numerous privileged documents stolen from my law firm in 2005, on which DC will obviously seek to depose Mr. Peary and Ms. Siegel.

- (3): DC's motion for review before Judge Wright, now scheduled to be heard on June 20, 2011: This motion involves the so-called Consent Agreement as well as other documents (*e.g.,* the purported "July 11 Letter"), on which DC will obviously seek to depose Mr. Peary and Ms. Siegel.

- (4): DC's motion for reconsideration before Magistrate Zarefsky, scheduled to be heard on June 6, 2011: This motion involves, *inter alia,* purported Laura Siegel/Michael Siegel communications on which DC will obviously seek to depose Ms. Siegel.

EXHIBIT E
32

**TOBEROFF & ASSOCIATES, P.C.**

May 11, 2011
Re:    *DC Comics v. Pacific Pictures Corp.*
Page: 2 of 2

- (5): DC's contemplated motion to compel regarding (1) appropriate redactions on the May 13, 2003 letter, (2) the purported November 2, 2002 letter; (3) appropriate redactions on the Siegel and Shuster retainer agreements; and (4) additional documents from the Dennis Larson/Laura Siegel divorce proceedings, on which DC will obviously seek to depose Mr. Peary and Ms. Siegel.

- (6): DC's contemplated motion in which it will seek "to compel production of many 'other' Michael Siegel documents" (Docket No. 230 at 7): While such "other" documents remain unspecified, DC will likely seek to depose Ms. Siegel as to such documents.

DC's six outstanding motions, which will determine the documents on which DC may depose Ms. Siegel and Mr. Peary, will not be resolved until early-mid June, 2011. The earliest that all of motions (1) through (5) will even be heard is June 20, 2011; we do not know when such motions will be decided. Nor is there any indication of when DC intends to bring motion (6).

As previously stated, we cannot expose our clients to having their depositions taken twice in this action, which is already duplicative of the closely related *Siegel* action in which they were fully deposed. For instance, DC already took Laura Siegel Larson's deposition *twice* in *Siegel*.

We would need to confirm specific dates with our clients, but our suggestion is that we postpone the depositions until the week of June 20, 2011 or later, to allow Magistrate Zarefsky and Judge Wright sufficient time to address DC's outstanding discovery motions.

DC will not be prejudiced by this, as neither a discovery cut-off nor any other deadlines have yet been set in this case. Moreover, DC freely chose to bring the numerous motions at issue, including a simultaneous motion for review to Judge Wright and motion for reconsideration to Magistrate Judge Zarefsky, respectively, of the same April 11, 2011 order.

Alternatively, we could proceed with the depositions of Mr. Peary and Ms. Siegel provided that DC stipulates that it will not seek a second deposition of Mr. Peary or Ms. Siegel based upon any outcome of its above motions, including any motions for review and/or reconsideration of DC's motions (1), (2), (5) and (6).

Nothing in this letter should be construed as a waiver or limitation of any of defendants' rights or remedies, all of which are reserved.

Very truly yours,

Marc Toberoff