# EXHIBIT G

# TOBEROFF & ASSOCIATES, P.C.

A PROFESSIONAL CORPORATION

2049 CENTURY PARK EAST, SUITE 3630
LOS ANGELES, CALIFORNIA 90067

MARC TOBEROFF*
NICHOLAS C. WILLIAMSON
KEITH G. ADAMS
JEFFREY R. RHOADS

* Also admitted in New York

TELEPHONE
(310) 246-3333

FACSIMILE
(310) 246-3101

mtoberoff@ipwla.com

May 16, 2011

<u>Via E-Mail</u>

Dan Petrocelli, Esq.
O'Melveny and Myers LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067

Re:   <u>DC Comics v. Pacific Pictures Corp., et al.</u>, Case No. 10-CV-03633 ODW (RZx)

Dear Dan:

I write in response to your May 14, 2011 e-mail and May 15, 2011 letter.

DC's withdrawal of its motion for reconsideration "without prejudice," as set forth in your May 15, 2011 letter, does not eliminate the problem of conflicting adjudications raised in my May 14, 2011 letter, as you stated that you plan to make the same problematic motion in a "consolidated" motion to be served later this week. Second, your advising us on Sunday evening, the day before our opposition was due, of DC's intent to withdraw its motion did not remedy the time and expense of opposing your motion, including our working on it over the weekend, since, as you could imagine, the opposition was largely finalized by the time you chose to send your letter.

While consolidation may be advisable, it is clear that DC, while constantly complaining about "delay," is furthering it. For instance, DC's motion for reconsideration and motion to compel served on May 13, 2011 were scheduled to be heard on June 6 and 13, 2011, respectively; the motion scheduled for June 13 would have been fully briefed prior to the June 6 hearing, and may well have been addressed at that hearing. Now, DC's "consolidated" motion will not be heard until June 20, 2011 at the earliest.

As to the depositions of Mark Warren Peary and Laura Siegel Larson, your May 14 e-mail mischaracterizes and exaggerates our clients' position. At no time did Mr. Peary or Ms. Larson refuse to be deposed. Both parties agreed to appear this week for depositions provided that DC agrees not to seek multiple depositions of each party based upon the potential outcomes of DC's numerous pending discovery motions. After you flatly refused any such agreement, Mr. Peary and Ms. Larson postponed their depositions temporarily just as you, yourself, did with respect to their originally scheduled depositions.

**TOBEROFF & ASSOCIATES, P.C.**

May 16, 2011
Re:  *DC Comics v. Pacific Pictures Corp.*
Page:  2 of 2

DC can point to no urgency or prejudice from such a brief postponement, and its own conduct in originally postponing these depositions, and in withdrawing, only to later re-file, discovery motions at issue underscores this point. The obvious solution is to hold the depositions of Mr. Peary and Ms. Larson shortly after Magistrate Zarefsky rules on DC's "consolidated" motion. Such deposition scheduling can and should be resolved by counsel without burdening the Court with needless motion practice.

Please feel free to call me to discuss and resolve this matter.

Nothing in this letter should be construed as a waiver or limitation of any of defendants' rights or remedies, all of which are reserved.

Very truly yours,

Marc Toberoff