**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DC COMICS,<br><br>　　　　　　Plaintiff,<br><br>　　　vs.<br><br>PACIFIC PICTURES CORPORATION, ET AL.<br><br>　　　　　　Defendants. | CASE NO. CV 10-03633 ODW (RZx)<br><br>Order on Plaintiff's Motion to Compel Production of Documents and Plaintiff's Motion to Compel Further Answers to Interrogatories (Docket Nos. 205, 206) |

　　　　This matter came before the Court on April 25, 2011 on the motion of Plaintiff D.C. Comics to compel further discovery. Plaintiff appeared through its counsel Daniel Petrocelli, Mathew T. Kline and Jason DeCoro. Defendants Marc Toberoff, Pacific Pictures Corporation, IP Worldwide, LLP, and IPW, LLC ("Defendants") appeared through their counsel Laura W. Brill and Keith Adams. The Court heard argument of counsel and took the matter under submission. The Court now rules as follows, identifying the issues as the parties have in their papers.

<u>The Motion to Compel Production of Documents</u>

<u>Issues 1-7</u>.  These issues were presented as to other defendants in a motion decided by this Court by written order dated April 11, 2011.  That ruling applies to these issues as well, insofar as these issues now are directed to different defendants.  However, to the extent that rulings on the issues discussed below would contradict the earlier rulings of the Court as to issues 1-7 if those rulings were applied to these defendants, the rulings on the following issues take precedence over the rulings on issues 1-7, insofar as the present defendants are concerned.

<u>Issue 8, The "stolen documents."</u>  The question here is whether Mr. Toberoff, as the agent for his clients, waived the attorney-client privilege or, on his own behalf, waived the work-product protection, when he disclosed protected material in response to a grand jury subpoena.  The Ninth Circuit has analyzed waiver by classifying it as either express or implied waiver.  Essentially, express waiver results from voluntary actions by the attorney or client, and implied waiver results from involuntary disclosure resulting from court order or court doctrine.  *Bittaker v. Woodford*, 331 F.3d 715 (9th Cir. 2003).  In *Bittaker*, the Court of Appeals approved the concept of a limited waiver where the bringing of a habeas claim asserting ineffective assistance of counsel necessarily, but by implication, waived the attorney-client privilege.  The Court of Appeal approved the entry of a protective order, prohibiting the prosecution from using the disclosed privileged information in a later state court re-trial.

The closest that Defendants come to fitting within this fact pattern is that they responded to a grand jury subpoena.  While a grand jury subpoena is in fact an order, nevertheless it did not and could not compel the production of properly privileged material.  Defendants could have responded to the subpoena by standing on the privilege.  The Government then would have had the choice of whether to move to compel and, if it had successfully moved to compel, the Defendants would have a stronger argument that they

had not expressly waived the privilege. The fact that they did not assert the privilege in response to the grand jury subpoena prevents this from being a case of implied waiver.

*Bittaker* declined to rest its decision on express waiver, 331 F.3d at 720 n. 5, and the Ninth Circuit since has recognized that it has not decided whether a party expressly — that is, by its own actions, not by implication from court doctrine or court order — may waive the privilege on a limited basis. *United States v. Bergonzi*, 403 F.3d 1048, 1050 (9th Cir. 2005). *Bittaker* noted that the issue was not settled in the law, citing *Diversified Industries, Inc. V. Meredith*, 572 F.2d 596, 604 n. 1, 611 (8th Cir. 1977) and *In re von Bulow*, 828 F.2d 94, 103 (2d Cir. 1987), circuit decisions that ruled that a party could waive on a limited basis, contradicting cases from other circuits. *See Bittaker*, 331 F.3d at 719-20.

In the absence of controlling authority from the Ninth Circuit, this Court follows the majority perspective. *See, e.g., United States v. Massachusetts Institute of Technology*, 129 F.3d 681 (1st Cir. 1997). While a policy of voluntary limited waiver has much to recommend it, including the encouragement of certain conduct that is salutary, such as cooperation with government probes, it is not susceptible to easily-defined contours. Also, as the cases point out, it is inconsistent with preserving the essence of the attorney-client privilege, which is the guarantee of confidentiality so that a client will confide fully in his attorney. It is true, as Defendants state, that the cases do not deal with victims of crime, but the Court can see no important distinction that applies to victims. The salutary policy of promoting the enforcement of the criminal law applies equally to situations where the waiving party is the target of the investigation as it does when the waiving party is the victim of a crime. Sometimes hard choices need to be made, and whether secrets are disclosed or a perpetrator goes free can be one of those hard choices.

The Court finds no merit to Defendants' argument that they enjoyed a joint prosecution privilege with the United States. As Defendants state, they were, if anything, victims. They were not surrogate prosecutors, even if they had an interest in seeing the theft prosecuted.

Accordingly, the Court finds that Defendants waived the privileges by producing the documents to a third party, the United States, in response to a grand jury subpoena, without further order from the Court that they do so despite any claim of privilege. The motion therefore is granted as to these documents. However, the Court stays its ruling to allow Defendants to seek review before the District Judge. If the Defendants seek such review, the stay shall continue in effect until all review is exhausted or the District Judge rules to the contrary on the matter.

Issue 9, Communications between David Michaels and the Siegels. The Court does not see that a waiver occurred in connection with these communications. There is no evidence that the Siegels themselves made such a waiver, and the descriptions provided by Mr. Toberoff are not sufficiently revealing to constitute a waiver.

Issue 10, Documents Pertaining to the Marks Declaration. Kevin Marks previously represented the Siegels, and testified at a deposition in which, among other things, he recounted a meeting between himself, Mr. Toberoff and Ari Emanuel. Accompanying the anti-SLAPP motion filed by the Toberoff Defendants in this case is a five-paragraph declaration from Mr. Marks, saying essentially that he gave his fullest information about that meeting in the deposition. Plaintiff seeks, from Mr. Toberoff, a draft of that declaration and five e-mails between Mr. Toberoff and Mr. Marks' counsel.

Plaintiff argues that Defendants have waived any applicable privileges by their tardy presentation of a privilege log. The Ninth Circuit has declined to apply a hard and fast rule about deadlines for preparation of privilege logs, *Burlington Northern & Santa Fe Railway v. United States*, 408 F.3d 1142 (9th Cir. 2005), and the delay here was not lengthy. No waiver arises from the timing of the presentation of the logs.

In the Court's view, these documents are protected by the attorney work-product doctrine. Mr. Toberoff represents the Siegels in the current litigation and, as counsel, presented a motion to the Court. As part of that motion, he secured declarations,

as is common, and may well have had communications about the anticipated testimony. Plaintiff, of course, had the opportunity to depose the witness as to the underlying matter; indeed, the declaration quotes from a deposition taken by Plaintiff. The Court sees no basis for compelling the production of these matters.

<u>Issue 11, Objections in Remaining Requests</u>

This issue suffers greatly from the fact that the parties have not prepared a Joint Stipulation. Plaintiff asserts that a large number of document requests were responded to with boilerplate objections, and asks the Court simply to override the objections. The Court is loath to issue a blanket order, without understanding the particular requests and the particular objections.

Insofar as groups of those have been briefed in an understandable form, the Court rules as follows:

a. Requests 35-38 address Mr. Toberoff's relationship with agent Ari Emanuel. The Court agrees that the requests are overbroad, in that they call for everything, not just documents that relate to the issues in this lawsuit. The Local Rules provide that where there is a dispute, the parties shall describe their proposals to resolve the dispute short of court action. L.R. 37-2.1. Defendants' proposal was the more reasonable. Accordingly, Defendants shall produce documents in these categories that pertain to Superman, Superboy, the Siegels or the Shusters. Otherwise, the motion is denied as to these categories.

b. Requests 56-58 and 27-31. These document requests are hopelessly overbroad, calling for everything there is about companies with which Mr. Toberoff has been associated. The motion is denied as to these requests.

Because the Court cannot undertake to assess the other objections in the format in which the motion has been brought, the motion is denied as to any remaining categories.

Thus, the motion to compel production of documents is granted in part and denied in part, as set forth above.

### The Motion to Compel Further Answers to Interrogatories

<u>Interrogatories 9 and 25</u>. The Court does not agree that Plaintiff's letter initiating the meet-and-confer process complied with Local Rule 37-1; these interrogatories cannot be bootstrapped on the basis that other interrogatories were referred to as examples of a problem that also allegedly infects these interrogatories. In addition, however, the Court agrees that Defendant answered these interrogatories satisfactorily. He perhaps did not provide the level of detail that Plaintiff desires and that can be learned in a deposition with use of follow-up questions; but he certainly provided a fair response to the interrogatories.

<u>Interrogatories 13, 14, 17 and 18</u>. These interrogatories also were not the subject of the prior-to-filing letter. In addition, the answers are fully responsive.

The motion to compel further answers to the interrogatories is denied.

Dated: May 25, 2011 _____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE