DANIEL M. PETROCELLI (S.B. #097802)
  dpetrocelli@omm.com
MATTHEW T. KLINE (S.B. #211640)
  mkline@omm.com
CASSANDRA L. SETO (S.B. #246608)
  cseto@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067-6035
Telephone: (310) 553-6700
Facsimile: (310) 246-6779

PATRICK T. PERKINS (admitted *pro hac vice*)
  pperkins@ptplaw.com
PERKINS LAW OFFICE, P.C.
1711 Route 9D
Cold Spring, NY 10516
Telephone: (845) 265-2820
Facsimile: (845) 265-2819

Attorneys for Plaintiff DC Comics

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DC COMICS,<br><br>       Plaintiff,<br><br>       v.<br><br>PACIFIC PICTURES CORPORATION, IP WORLDWIDE, LLC, IPW, LLC, MARC TOBEROFF, an individual, MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER, JEAN ADELE PEAVY, an individual, JOANNE SIEGEL, an individual, LAURA SIEGEL LARSON, an individual, and DOES 1-10, inclusive,<br><br>       Defendants. | Case No. CV 10-3633 ODW (RZx)<br><br>**DISCOVERY MATTER**<br><br>**DECLARATION OF JASON H. TOKORO IN SUPPORT OF DC COMICS' MOTION TO COMPEL THE FURTHER PRODUCTION OF DOCUMENTS (ISSUES 12-14)**<br><br>**Judge**: Hon. Otis D. Wright II<br>**Magistrate**: Hon. Ralph Zarefsky<br><br>**Hearing Date**: June 20, 2011<br>**Hearing Time**: 10:00 a.m.<br>**Courtroom**: 540<br>**Discovery Cutoff**: None Set<br>**Pretrial Conference**: None Set<br>**Trial**: None Set |

TOKORO DECL. ISO DC COMICS'
MOT. TO COMPEL (ISSUES 12-14)

# DECLARATION OF JASON H. TOKORO

I, Jason H. Tokoro, declare and state as follows:

1. I am an attorney licensed to practice in the State of California and admitted to the Central District of California. I am an associate at O'Melveny & Myers LLP, counsel of record for plaintiff DC Comics in the above-entitled action. I make this declaration in support of DC Comics' Motion To Compel The Further Production Of Documents (Issues 12-14). I have personal knowledge of the matters set forth in this declaration, and if called to testify to the facts stated herein, I could do so.

## I. DC'S MEET-AND-CONFER EFFORTS

2. Soon after DC received a copy of the May 13, 2003, letter on April 18, 2011, my colleague Matthew Kline sent a letter to defendants requesting production of a November 2, 2002, letter disclosed by the May 13 letter and a meet-and-confer to discuss the concurrently-filed motion. Attached hereto as Exhibit A is a true and correct copy of that letter dated April 22, 2011. In emails between counsel, defendants insisted on waiting until May 2, the maximum number of days allowed, to conduct the conference. Attached hereto as Exhibit B is a true and correct copy of that email chain between Mr. Kline and Marc Toberoff.

3. On May 2, my colleagues Mr. Kline, Cassandra Seto, and I conducted a meet-and-confer related to the instant motion with defendants' counsel Mr. Toberoff and Keith Adams. (Laura Brill was on the phone for another part of the call, but dropped off before the items below were discussed.) During the May 2 call, Mr. Toberoff stated they located a May 13, 2003, letter from Michael Siegel to Laura Siegel Larson while the parties were "in the motion cycle" of DC's prior motion to compel, but that defendants waited to produce it until Magistrate Zarefsky ordered its production.

1  4.   Mr. Toberoff stated that defendants "do not have" the November 2, 2002, letter referenced in the first line of the May 13, 2003, letter. He gave no further explanation as to why the letter cannot be found.

5.   Mr. Toberoff stated that there is a November 1, 2002, letter from Ms. Larson to Mr. Siegel and Don Bulson and that he believed that letter had already been produced to DC. Mr. Kline asked for the Bates Number of that document, and Mr. Toberoff stated he did not have it at hand, but would respond with that information the next day, May 3. I performed a thorough review of defendants' productions and logs in the *Siegel* cases and this case and could not locate the November 1 or 2 letters. That afternoon, Mr. Kline sent an email to Mr. Toberoff informing him that DC had been unable to locate the November 1 letter and asking him to identify it by Bates Number. Mr. Toberoff replied that he and his colleagues were busy that day filing another brief in this case, and that they would attend to the matter of the November 1 letter thereafter. Attached hereto as Exhibit C is a true and correct copy of that email chain between Mr. Kline and Mr. Toberoff. I sent follow-up emails on May 3 and May 4 to Mr. Toberoff, but he did not respond to those. Attached hereto as Exhibit D is a true and correct copy of that series of emails. On Friday, May 6, at 6:34 p.m., DC received a letter from Mr. Toberoff responding to issues raised in Mr. Kline's April 22 letter and during the parties' conference. Attached hereto as Exhibit E is a true and correct copy of Mr. Toberoff's letter.

6.   Defendants have previously stated that handwritten underlining and marginalia were redacted from the produced copy of the May 13 letter. Docket No. 230-1 ¶ 18. During the May 2 call, Mr. Kline asked who made the notations, when, and why. Mr. Toberoff stated that defendants did not know who created the notes, or when, but that they were not in his handwriting. He stated his belief that the notes were created by an unnamed attorney, and that the redacted material was

- 2 -

TOKORO DECL. ISO DC COMICS'
MOT. TO COMPEL (ISSUES 12-14)

1 irrelevant in any event, in his view.  Mr. Toberoff refused to produce an unredacted
2 copy of the May 13 letter or discuss its contents further.

3       7. We also discussed with Mr. Toberoff and Mr. Adams the production of
4 documents submitted in connection with the probate of Joanne Siegel's estate.
5 Defendants previously gave no notice to DC of the probate action or of filings made
6 in that action.  Mr. Kline asked that all documents submitted in that action be
7 produced to DC by May 6.  Mr. Toberoff did not dispute that these documents were
8 responsive.  Instead, he stated that he wanted to produce them all at once and would
9 check with the attorney representing Ms. Larson in the probate action and respond
10 to DC's request.  Along with Mr. Toberoff's May 6 letter, defendants produced
11 requested probate documents.  However, in reviewing the documents, DC learned
12 that a retainer agreement and amendment were lodged confidentially with the
13 probate court.  *See*, *infra*, Ex. F at 68.  A review of the docket reflects no motion or
14 order to seal those documents.

15       8. We also discussed redacted copies of retainer agreements produced by
16 defendants on April 18.  Mr. Kline asked whether those agreements followed a
17 form found in the *Rutter Guide*, but Mr. Toberoff refused to answer.  Mr. Kline also
18 asked Mr. Toberoff to identify the subject matter of the redacted portions of the
19 retainer agreements.  Mr. Toberoff declined and stated that, if DC believed the
20 retainer agreements followed the *Rutter Guide* form, DC should know the subject
21 matter of the redacted paragraphs.

22 **II.  MICHAEL SIEGEL COMMUNICATIONS**

23       9. The following chart summarizes and illustrates some of the key
24 communications between or among Michael Siegel, Don Bulson, Laura Siegel
25 Larson, Joanne Siegel, and Marc Toberoff.  By this motion and the accompanying
26 motion for reconsideration, DC seeks production of the November 2 letter, the July
27 5 letter, and the July 11 letter.  True and correct copies of all the documents below
28 that DC does have access to are included in Exhibits F-J:

Case 2:10-cv-03633-ODW-RZ Document 267-2 Filed 05/27/11 Page 5 of 7 Page ID #:16732

| Date | Document Description | Bates No. | Status |
|---|---|---|---|
| 11/1/02 | Letter from J. Siegel and L. Larson to D. Bulson and copying M. Siegel re cancellation of Tolling Agreement with Warner Bros. and DC | LSL 00451 | Produced after request in DC's current motion |
| 11/2/02 | Letter from L. Larson to M. Siegel (mentioned in May 13, 2003, letter, LSL 00211 - LSL 00212) | Not Produced or Logged | Sought in DC's current motion |
| 12/16/02 | Letter Agreement from M. Toberoff to J. Siegel, L. Larson, and A. Emanuel re IPW/A. Emanuel Negotiations with M. Siegel to Purchase M. Siegel's Rights | SGL 01883 - SGL 01884 | Produced |
| 1/21/02 | Letter Agreement from M. Toberoff to J. Siegel and L. Larson re A. Emanuel Attempt to Purchase M. Siegel's Rights | SGL 01885 - SGL 01887 | Produced |
| 4/13/03 | Letter from J. Siegel and L. Larson to D. Bulson re Siegel Copyright Termination - Itemization of Expenses Incurred in Pursuing Termination | DB007 - DB018 | Ordered produced by Ohio District Court, *see* Dkt. No. 161-5. |
| 4/30/03 | Letter from M. Toberoff to D. Bulson re Siegel Copyright Termination - Itemization of Expenses Incurred in Pursuing Termination | DB019 | Ordered produced by Ohio District Court, *see id.* |
| 5/13/03 | Letter from M. Siegel to L. Larson re M. Toberoff Efforts to Acquire Superman Interests from Siegel and Shuster Heirs | LSL 00211 - LSL 00212 | Ordered produced by this Court, *see* Dkt. No. 209 at 12 |
| 6/18/03 | Letter from D. Bulson to M. Toberoff re Michael Siegel | DB 020 | Ordered produced by Ohio District Court, *see* Dkt. No. 161-5. |
| 7/5/03 | Letter from L. Larson to M. Siegel (identified in Toberoff Timeline document, *see* Dkt No. 160 at 37-38) | Not Produced or Logged | Sought in DC's accompanying motion for reconsideration, *see* Dkt. No. __ at __. |

- 4 -

TOKORO DECL. ISO DC COMICS' MOT. TO COMPEL (ISSUES 12-14)

| Date | Document Description | Bates No. | Status |
|---|---|---|---|
| 7/11/03 (approximate date) | Letter from L. Larson to M. Siegel (identified as part of initial review of Toberoff Timeline documents, *see* Dkt Nos. 160 at 30-33; 171 at 3; Case No. CV 04-8400, Docket No. 295-2 at 2-3) | Not Produced or Logged | Sought in DC's accompanying motion for reconsideration, *see* Dkt. No. ___ at ___. |
| 7/16/03 | Letter from M. Toberoff to D. Bulson re Siegel Copyright Termination - Itemization of Expenses Incurred in Pursuing Termination | DB021 - DB022 | Ordered Produced by Ohio District Court, *see* Dkt. No. 161-5. |
| 8/6/03 | Letter from M. Toberoff to D. Bulson re Superman - M. Toberoff Getting Quotes for Annuity Proposal to Acquire M. Siegel Interest as Set Out in June 18, 2003 Counter-Offer | DB024 - DB025 | Ordered Produced by Ohio District Court, *see id.* |
| 8/9/04 | Email from D. Bulson to M. Toberoff re Siegel - D. Bulson To Run Prevent Value Computations Requested by M. Toberoff | LSL 00211 | Produced |
| 11/12/04 | Email from D. Bulson to M. Toberoff re Superman - M. Siegel Review of M. Toberoff's "investor's" Latest Proposal to Acquire M. Siegel Interest | DB029 - DB030 | Ordered Produced by Ohio District Court, *see* Dkt. No. 161-5. |
| 11/17/04 | Email from M. Toberoff to D. Bulson re Superman - Responding to November 11, 2004, D. Bulson Email and M. Siegel Counter-Offer | DB033 - DB034; | Ordered Produced by Ohio District Court, *see id.* |
| 11/18/04 | Email from D. Bulson to M. Toberoff re Superman - D. Bulson To Discuss November 17, 2004 Email with M. Siegel | DB037 - DB039 | Ordered Produced by Ohio District Court, *see id.* |
| 11/24/04 | Email from D. Bulson to M. Toberoff re Superman - M. Siegel Considered M. Toberoff's "investor's" Latest Proposal and Believes His November 12, 2004, Counter-Offer Is Fair | DB040 - DB041 | Ordered Produced by Ohio District Court, *see id.* |
| 11/29/04 | Email from M. Toberoff to D. Bulson re Superman - M. Toberoff "Investor" Will Not Agree to M. Siegel Offer | DB042 - DB044 | Ordered produced by Ohio District Court, *see id.* |

TOKORO DECL. ISO DC COMICS' MOT. TO COMPEL (ISSUES 12-14)

| Date | Document Description | Bates No. | Status |
|---|---|---|---|
| 10/10/05 | Email exchange between L. Larson and M. Toberoff re "Inquiry" - L. Larson Requesting M. Toberoff Market Siegel Interest; M. Toberoff Responding It Is Not Feasible To Market Rights | Q 0010 | Ordered produced by *Siegel* Court, Case No. CV 04-8400, Dkt. No. 386. |

### III.   FURTHER EXHIBITS

10.   Attached hereto as Exhibit K is a true and correct copy of a redacted document with Bates Number MWP 00054-57, which appears to be an agreement between Jean Adele Peavy, Mark Warren Peary, and Mr. Toberoff dated "[a]s of November 23, 2001."

11.   Attached hereto as Exhibit L is a true and correct copy of the Siegel Supplemental Privilege Log served on May 6, 2011.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration is executed this 19th day of May 2011 at Los Angeles, California.

                                                                   Jason H. Tokoro

CC1:849362