# EXHIBIT F
# Part 1 of 2

DE-150

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):* | TELEPHONE AND FAX NOS.: | FOR COURT USE ONLY |
|---|---|---|

GARY M. RUTTENBERG    SB#48590
BLOOM & RUTTENBERG
11111 Santa Monica Blvd. #1840
Los Angeles, CA 90025

TELEPHONE AND FAX NOS.:
310-444-1979
310-444-1917

ATTORNEY FOR *(Name):* Petitioner

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: -- same --
CITY AND ZIP CODE: Los Angeles        CA    90012
BRANCH NAME: CENTRAL

ESTATE OF *(Name):* JOANNE SIEGEL

DECEDENT

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

APR 22 2011

John A. Clarke, Executive Officer/Clerk
BY *Steven F. Chen*, Deputy
    Steven F. Chen

(Extended)
**LETTERS**

☐ TESTAMENTARY
☐ OF ADMINISTRATION WITH WILL ANNEXED

☐ OF ADMINISTRATION
☒ SPECIAL ADMINISTRATION

CASE NUMBER:
BP127358

**LETTERS**

1. ☐ The last will of the decedent named above having been proved, the court appoints *(name):*

    a. ☐ executor.
    b. ☐ administrator with will annexed.

2. ☒ The court appoints *(name):*
    LAURA SIEGEL LARSON
    a. ☐ administrator of the decedent's estate.
    b. ☒ special administrator of decedent's estate
       (1) ☒ with the special powers specified in the *Order for Probate*.
       (2) ☐ with the powers of a general administrator.
       (3) ☒ letters will expire on *(date):* ~~May 6, 2011~~ 5/04/11

3. ☐ The personal representative is authorized to administer the estate under the Independent Administration of Estates Act   ☐ **with full authority**
☐ **with limited authority** (no authority, without court supervision, to (1) sell or exchange real property or (2) grant an option to purchase real property or (3) borrow money with the loan secured by an encumbrance upon real property).

4. ☐ The personal representative is not authorized to take possession of money or any other property without a specific court order.

WITNESS, clerk of the court, with seal of the court affixed.

(SEAL)

Date:  APR 22 2011

Clerk, by **JOHN A. CLARKE**

_____ (DEPUTY)

**AFFIRMATION**

1. ☐ PUBLIC ADMINISTRATOR: No affirmation required (Prob. Code, § 7621(c)).

2. ☒ INDIVIDUAL: **I solemnly affirm** that I will perform the duties of personal representative according to law.

3. ☐ INSTITUTIONAL FIDUCIARY *(name):*

    **I solemnly affirm** that the institution will perform the duties of personal representative according to law. I make this affirmation for myself as an individual and on behalf of the institution as an officer.
    *(Name and title):*

4. Executed on *(date):* 4/6/11
at *(place):* Los Angeles     , California.

*Laura Siegel Larson*
(SIGNATURE)

**CERTIFICATION**

I certify that this document is a correct copy of the original on file in my office and the letters issued the personal representative appointed above have not been revoked, annulled, or set aside, and are still in full force and effect.

(SEAL)

Date:

Clerk, by

_____ (DEPUTY)

Form Approved by the
Judicial Council of California
DE-150 [Rev. January 1, 1998]
Mandatory Form [1/1/2000]

**LETTERS**
(Probate)

CEB
COPY

Probate Code, §§ 1001, 8403,
8405, 8544, 8545;
Code of Civil Procedure, § 2015.6

LSL 00285

Estate of Joanne Siegel, Deceased                                    Case No. BP127358

Attachment 3f(2)

The Special Administrator, Laura Siegel Larson, is granted the power to do all of the following without further order of this Court:

1.  Substitute in and represent the interests of Joanne Siegel to maintain, defend and/or settle the litigation in the three following actions:

    a.  **Joanne Siegel, et al v. Warner Bros. Entertainment Inc., et al.**, United States District Court for the Central District of California, Case No. 04-CV-8400 ODW (RZx).

    b.  **Joanne Siegel, et al. v. Time Warner Inc., et al.**, United States District Court for the Central District of California, Case No. 04-CV-8776 ODS (RZx)

    c.  **DC Comics v. Pacific Pictures Corp., et al.**, Central District of California Case No. 10-CV-03633.

2.  Continue to retain the Law Offices of Marc Toberoff as counsel in the above three actions pursuant to the original retention agreement letter and first amendment thereto between Marc Toberoff, Joanne Siegel and Laura Siegel Larson, a copy of which was lodged with the court on a "confidential basis."

LSL 00286

1 | GARY M. RUTTENBERG ESQ. SBN 48590
2 | STEFANIE S. CUTLER, ESQ., SBN 254364
  | BLOOM & RUTTENBERG
3 | 11111 Santa Monica Blvd., Ste. 1840
  | Los Angeles, CA 90025-3344
4 | Telephone: (310) 444-1979
  | Facsimile: (310) 444-1917

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

APR 21 2011

John A. Clark, Executive Officer/ Clerk
By_____, Deputy

5

6 | Attorneys for LAURA SIEGEL LARSON

7

8 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9 | **FOR THE COUNTY OF LOS ANGELES**

10

11 | In the matter of the Estate of ) CASE NO.: BP127358
   |                               )
12 |                               ) ORDER EXTENDING LETTERS OF
   | JOANNE SIEGEL                 ) SPECIAL ADMINISTRATION
13 |                               )
   |                   Deceased    )
14 |                               ) DATE:     MAY 4, 2011
   |                               ) TIME:     8:30 a.m.
15 | _____) DEPT. NO.: 9

16

17 |        On April 6, 2011, at 8:30 a.m. in Department 5 of the above-captioned Court the

18 | Honorable Reva G. Goetz, Judge presiding continued the hearing on the Petition for Probate until

19 | May 4, 2011.

20 |        Letters of Special Administrator which were previously issued on March 3, 2011 to Laura

21 | Segal Larson were ordered extended until the hearing on May 4, 2011.

22

23 | Dated: APR 21 2011 _____, 2011.        REVA G. GOETZ, Judge

24 |                                           REVA G GOETZ,
   |                                           JUDGE OF THE SUPERIOR COURT

25

26

27

28

1

ORDER EXTENDING LETTERS OF SPECIAL ADMINISTRATION

**EXHIBIT F**

23

COPY

LSL 00287

## DECLARATION OF PUBLICATION

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

APR 15 2011

John A. Clarke, Executive Officer/Clerk

BY _____

STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

GARY M RUTTENBERG ESQ
SBN 48590
BLOOM & RUTTENBERG
11111 SANTA MONICA BLVD
STE 1840
LOS ANGELES CA 90025-3352

PROCESS & PUB--NOTICE OF DEATH
JOANNE SIEGEL
BP127358
HEARING/CLOSE/SALE DATE: 05/04/11

The decedent resided at the time of
death in an unincorporated area of
the County of Los Angeles.

The undersigned says:

I am over the age of 18 years and a citizen of the
United States. I am not a party to and have no interest in
this matter. I am a principal clerk of the METROPOLI-
TAN NEWS-ENTERPRISE*, a newspaper of general
circulation in the City of Los Angeles, the Judicial Dis-
trict of Los Angeles, the County of Los Angeles, and the
State of California, as adjudicated in Los Angeles Supe-
rior Court Case No. 601165. The notice, a printed copy of
which appears hereon, was published on the following
date(s): Apr 8,11,15, 2011

I declare under penalty of perjury that the foregoing is
true and correct. Executed at Los Angeles, California on
04/15/11.

_____
*signature*

### Metropolitan News-Enterprise

P.O. Box 60859
Los Angeles, Ca 90060

*Phone: (213) 346-0033*
*Fax: (213) 687-3886*

Cust. Num.: 003005
Cust. Ref. Num.: SIEGEL

Control Num.: 852493

of estate assets or of any petition or
account as provided in Probate
Code section 1250. A Request for
Special Notice form is available from
the court clerk.

Attorney for petitioner:
GARY M RUTTENBERG ESQ
SBN 48590
BLOOM & RUTTENBERG
11111 SANTA MONICA BLVD
STE 1840
LOS ANGELES CA 90025-3352
CN852493 SIEGEL Apr 8,11,15, 2011

**NOTICE OF PETITION TO
ADMINISTER ESTATE OF
JOANNE SIEGEL**
Case No. BP127358
To all heirs, beneficiaries, credi-
tors, contingent creditors, and per-
sons who may otherwise be inter-
ested in the will or estate, or both, of
JOANNE SIEGEL
A PETITION FOR PROBATE
has been filed by Laura Siegel
Larson in the Superior Court of
California, County of LOS ANGE-
LES.
THE PETITION FOR PRO-
BATE requests that Laura Siegel
Larson be appointed as personal
representative to administer the
estate of the decedent.
THE PETITION requests the
decedent's will and codicils, if any,
be admitted to probate. The will and
any codicils are available for exami-
nation in the file kept by the court.
THE PETITION requests au-
thority to administer the estate under
the Independent Administration of
Estates Act. (This authority will allow
the personal representative to take
many actions without obtaining court
approval. Before taking certain very
important actions, however, the
personal representative will be
required to give notice to interested
persons unless they have waived
notice or consented to the proposed
action.) The independent admini-
stration authority will be granted
unless an interested person files an
objection to the petition and shows
good cause why the court should
not grant the authority.
A HEARING on the petition will
be held on May 4, 2011 at 8:30 AM
in Dept. No. 9 located at 111 N. Hill
St., Los Angeles, CA 90012.
IF YOU OBJECT to the granting
of the petition, you should appear at
the hearing and state your objec-
tions or file written objections with
the court before the hearing. Your
appearance may be in person or by
your attorney.
IF YOU ARE A CREDITOR or a
contingent creditor of the deceased,
you must file your claim with the
court and mail a copy to the per-
sonal representative appointed by
the court within four months from the
date of first issuance of letters as
provided in Probate Code section
9100. The time for filing claims will
not expire before four months from
the hearing date noticed above.
YOU MAY EXAMINE the file
kept by the court. If you are a per-
son interested in the estate, you
may file with the court a Request for
Special Notice (form DE-154) of the
filing of an inventory and appraisal

LSL 00288

4/08/11   00852493-I

**DE-121**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>GARY M RUTTENBERG ESQ / SBN 48590<br>BLOOM & RUTTENBERG<br>11111 SANTA MONICA BLVD<br>STE 1840<br>LOS ANGELES CA 90025-3352<br>TELEPHONE NO.: (310) 444-1979    FAX NO. *(Optional)*: (310) 444-1917<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: Laura Siegel Larson | FOR COURT USE ONLY<br><br>CONFORMED COPY<br>OF ORIGINAL FILED<br>Los Angeles Superior Court<br><br>APR 11 2011<br><br>John A. Clarke, Executive Officer/Clerk<br>By _____, Deputy<br>R. Gamboa |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF    LOS ANGELES
STREET ADDRESS:    111 N. Hill St.
MAILING ADDRESS:    111 N. Hill St.
CITY AND ZIP CODE:    Los Angeles, CA 90012
BRANCH NAME:    CENTRAL

ESTATE OF *(Name)*: JOANNE SIEGEL

DECEDENT

| NOTICE OF PETITION TO ADMINISTER ESTATE OF *(Name)*: JOANNE SIEGEL | CASE NUMBER:<br>BP127358 |
|---|---|

1. To all heirs, beneficiaries, creditors, contingent creditors, and persons who may otherwise be interested in the will or estate, or both, of *(specify all names by which the decedent was known)*:
   JOANNE SIEGEL

2. A **Petition for Probate** has been filed by *(petitioner)*: Laura Siegel Larson
   in the Superior Court of California, County of *(specify)*: LOS ANGELES

3. The Petition for Probate requests that *(name)*: Laura Siegel Larson
   be appointed as personal representative to administer the estate of the decedent.

4. [X] The petition requests the decedent's will and codicils, if any, be admitted to probate. The will and any codicils are available for examination in the file kept by the court.

5. [X] The petition requests authority to administer the estate under the Independent Administration of Estates Act. (This authority will allow the personal representative to take many actions without obtaining court approval. Before taking certain very important actions, however, the personal representative will be required to give notice to interested persons unless they have waived notice or consented to the proposed action.) The independent administration authority will be granted unless an interested person files an objection to the petition and shows good cause why the court should not grant the authority.

6. **A hearing on the petition will be held in this court as follows:**

   a. Date: May 4, 2011    Time: 8:30 AM    Dept.: 9    Room:

   b. Address of court: [X] same as noted above    [ ] other *(specify)*:

7. **If you object** to the granting of the petition, you should appear at the hearing and state your objections or file written objections with the court before the hearing. Your appearance may be in person or by your attorney.

8. **If you are a creditor or a contingent creditor of the decedent,** you must file your claim with the court and mail a copy to the personal representative appointed by the court within four months from the date of first issuance of letters as provided in Probate Code section 9100. The time for filing claims will not expire before four months from the hearing date noticed above.

9. **You may examine the file kept by the court.** If you are a person interested in the estate, you may file with the court a *Request for Special Notice* (form DE-154) of the filing of an inventory and appraisal of estate assets or of any petition or account as provided in Probate Code section 1250. A *Request for Special Notice* form is available from the court clerk.

10. [ ] Petitioner    [X] Attorney for petitioner *(name)*: GARY M RUTTENBERG ESQ
    BLOOM & RUTTENBERG
    *(Address)*:    11111 SANTA MONICA BLVD
    STE 1840
    LOS ANGELES CA 90025-3352

    *(Telephone)*: (310) 444-1979

Page 1 of 2

**NOTE:** If this notice is published, print the caption, beginning with the words NOTICE OF PETITION TO ADMINISTER ESTATE, and do not print the information from the form above the caption. The caption and the decedent's name must be printed in at least 8-point type and the text in at least 7-point type. Print the case number as part of the caption. Print items preceded by a box only if the box is checked. Do not print the italicized instructions in parentheses, the paragraph numbers, the mailing information, or the material on page 2.

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>DE-121 [Rev. January 1, 2006] | **NOTICE OF PETITION TO ADMINISTER ESTATE**<br>(Probate-Decedents' Estates) | Probate Code, § 8100<br>www.courtinfo.ca.gov |

**LSL 00289**

EXHIBIT F

25

00852493-I   **DE-121**

| ESTATE OF (Name):   JOANNE SIEGEL | CASE NUMBER: |
|---|---|
| DECEDENT | BP127358 |

## PROOF OF SERVICE BY MAIL

1. I am over the age of 18 and not a party to this cause. I am a resident of or employed in the county where the mailing occurred.

2. My residence or business address is (specify):

   BUSINESS ADDRESS: 210 S. SPRING STREET, LOS ANGELES, CALIFORNIA, 90012

3. I served the foregoing Notice of Petition to Administer Estate on each person named below by enclosing a copy in an envelope addressed as shown below AND

   a. ☐ **depositing** the sealed envelope with the United States Postal Service on the date and at the place shown in item 4, with the postage fully prepaid.

   b. ☒ **placing** the envelope for collection and mailing on the date and at the place shown in item 4 following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

4. a. Date mailed: **APR 0 8 2011**   b. Place mailed (city, state):   LOS ANGELES, CALIFORNIA

5. ☐ I served, with the Notice of Petition to Administer Estate, a copy of the petition or other document referred to in the notice.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: **APR 0 8 2011**

GAYLON GRIFFEN

▶

(TYPE OR PRINT NAME OF PERSON COMPLETING THIS FORM)          (SIGNATURE OF PERSON COMPLETING THIS FORM)

## NAME AND ADDRESS OF EACH PERSON TO WHOM NOTICE WAS MAILED

| Name of person served | Address (number, street, city, state, and zip code) |
|---|---|
| 1. LAURA SIEGEL LARSON | 6400 PACIFIC AVE #106<br>PLAYA DEL REY CA 90293 |
| 2. SOPHIE HALKO | 3609 DAWNING AVE<br>CLEVELAND OH 44109-4843 |
| 3. MICHAEL KENT LARSON | 6400 PACIFIC AVE #106<br>PLAYA DEL REY CA 90293 |
| 4. JAMES ROBERT LARSON | 6400 PACIFIC AVE #106<br>PLAYA DEL REY CA 90293 |
| 5. GEORGE ZADOROZNY ESQ | 6529 NAUTICAL ISLE<br>HUDSON FL 34677 |
| 6. CITY NATIONAL BANK | 8641 WILSHIRE BLVD #101<br>BEVERLY HILLS CA 90211 |

☐ Continued on an attachment. (You may use form DE-121(MA) to show additional persons served.)

Assistive listening systems, computer-assisted real-time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided. Contact the clerk's office for Request for Accommodations by Persons With Disabilities and Order (form MC-410). (Civil Code section 54.8.)



DE-121 [Rev. January 1, 2006]

**NOTICE OF PETITION TO ADMINISTER ESTATE**
(Probate-Decedents' Estates)

Page 2 of 2

## EXHIBIT F

LSL 00290

DE-131

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)*: | TELEPHONE AND FAX NOS.: | FOR COURT USE ONLY |
|---|---|---|

GARY M. RUTTENBERG   SB#4859C
BLOOM & RUTTENBERG
11111 Santa Monica Blvd. #1840
Los Angeles, CA 90025

TELEPHONE AND FAX NOS.:
310-444-1979
310-444-1917

ATTORNEY FOR *(Name)*: Petitioner

**FOR COURT USE ONLY**

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

MAR 29 2011

Jean A. Clarke, Executive Officer/ Clerk
By: Betzaida F. Mendez, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: -- same --
CITY AND ZIP CODE: Los Angeles          CA     90012
BRANCH NAME: CENTRAL

ESTATE OF *(Name)*: JOANNE SIEGEL

DECEDENT

| PROOF OF SUBSCRIBING WITNESS | CASE NUMBER: BP127358 |
|---|---|

1. I am one of the attesting witnesses to the instrument of which Attachment 1 is a photographic copy. I have examined Attachment 1 and my signature is on it.

   a. [X]  The name of the decedent was signed in the presence of the attesting witnesses present at the same time by
      (1) [X]  the decedent personally.
      (2) [ ]  another person in the decedent's presence and by the decedent's direction.

   b. [ ]  The decedent acknowledged in the presence of the attesting witnesses present at the same time that the decedent's name was signed by
      (1) [ ]  the decedent personally.
      (2) [ ]  another person in the decedent's presence and by the decedent's direction.

   c. [X]  The decedent acknowledged in the presence of the attesting witnesses present at the same time that the instrument signed was decedent's
      (1) [X]  will.
      (2) [ ]  codicil.

2. When I signed the instrument, I understood that it was decedent's    [X] will    [ ] codicil.

3. I have no knowledge of any facts indicating that the instrument, or any part of it, was procured by duress, menace, fraud, or undue influence.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: *March 22, 2011*

MARY CARRIER
(TYPE OR PRINT NAME)

11111 Santa Monica Blvd., #1840
Los Angeles, CA 90025
(ADDRESS)

▶ *Mary Carrier*
(SIGNATURE OF WITNESS)

---

## ATTORNEY'S CERTIFICATION
*(Check local court rules for requirements for certifying copies of wills and codicils)*

I am an active member of The State Bar of California. I declare under penalty of perjury under the laws of the State of California that Attachment 1 is a photographic copy of every page of the   [X] will   [ ] codicil   presented for probate.

Date: 3/22/2011

Gary M. Ruttenberg
(TYPE OR PRINT NAME)

▶ *[signature]*
(SIGNATURE OF ATTORNEY)

Form Approved by the
Judicial Council of California
DE-131 [Rev. January 1, 1998]
Mandatory Form [1/1/2000]

**PROOF OF SUBSCRIBING WITNESS**
(Probate)

Probate Code, § 8220



EXHIBIT F
27

LSL 00291

LAST WILL OF

JOANNE SIEGEL

I, JOANNE SIEGEL, a resident of Los Angeles County, California, declare that this is my will. I hereby revoke all my previous wills and codicils.

ARTICLE ONE

INTRODUCTORY PROVISIONS

1.1. <u>Marital Status</u>. I am not currently married. I was previously married to JEROME, who died on January 28, 1996.

1.2. <u>Identification of Living Child</u>. I have one living child, LAURA SIEGEL LARSON, born March 21, 1951.

1.3. <u>No Deceased Children</u>. I have no deceased children.

1.4. <u>Definitions of Child, Children, and Issue</u>. As used in this will, the terms "child" and "children" refer to all persons referred to in California Probate Code Section 26, as in effect at the time of execution of this will, and the term "issue" refers to all persons referred to in California Probate Code Section 50, as in effect at the time of execution of this will.

ARTICLE TWO

PARTICULAR GIFTS

2.1. <u>Tangible Personal Property</u>. I give all of my tangible personal property, including my interest in any insurance on that property, to LAURA SIEGEL LARSON, my daughter, if she survives me, and if she does not survive me, this gift shall lapse.

**CONFIDENTIAL**

EXHIBIT F

28

**LSL 00292**

2.2.  <u>Specific Gift of Termination Rights and/or Intellectual Property Rights to LAURA
SIEGEL LARSON</u>.  I give all Termination Rights and/or Intellectual Property Rights relating
"Superman" to LAURA SIEGEL LARSON, my daughter, if she survives me, and if she does not
survive me, these rights shall go to my issue who survive me in the manner set forth in section
3.1(b) of this will.  This is a specific gift, and if at the time of my death, there are no such Rights
in my estate, the gift shall fail and the executor shall not resort to other property in my estate to
satisfy the gift.  If, between the date of this will and the date of my death, any change or
adjustment is made in the Rights this gift shall be adjusted as appropriate to reflect that change or
adjustment.

2.3.  <u>General Pecuniary Gifts</u>.  I make the following general pecuniary gifts:

(a)  I give a pecuniary gift of twenty-five thousand dollars ($25,000) to MICHAEL
KENT LARSON, my grandson, if he survives me, and if he does not survive me,
this gift shall lapse.

(b)  I give a pecuniary gift of twenty-five thousand dollars ($25,000) to JAMES
ROBERT LARSON, my grandson, if he survives me, and if he does not survive
me, this gift shall lapse.

(c)  I give a pecuniary gift of ten thousand dollars ($10,000) to SOPHIE HALKO,
my sister, if she survives me, and if she does not survive me, this gift shall be
distributed to her then-living issue in the manner provided in California Probate
Code section 240, or if there are none, this gift shall lapse.

(d)  I give a pecuniary gift of ten thousand dollars ($10,000) to GEORGE
ZADOROZNY, ESQ., of 651 Timber Bay Circle West, Oldsman, Florida 34677, if
he survives me, and if he does not survive me, this gift shall go to his wife
SILVIA, if she is then-surviving, or if she is not, this gift shall lapse.

With respect to the foregoing, if any beneficiary is under the age of twenty-five (25) years, the gift

to that beneficiary shall be distributed instead to my executor named herein as Custodian under

2

the California Uniform Transfers To Minors Act until the beneficiary attains the age of twenty-five (25) years.

    2.4. <u>No Interest on General Pecuniary Gifts</u>.  No interest shall be paid on any general pecuniary gift made in this will.

ARTICLE THREE

RESIDUARY PROVISIONS

    3.1. <u>Disposition of Residue</u>.  I give the residue of my estate as follows:

        (a)  If my daughter, LAURA SIEGEL LARSON ("LAURA"), survives me, I give the residue of my estate outright to her.

        (b)  If LAURA does not survive me but issue of LAURA survive me, I give the residue of my estate outright to those issue in the manner provided in California Probate Code Section 240.  However, if an individual issue has not reached the age of 40 years at my death, that issue's share shall be held, administered, and distributed by the trustee in a separate trust for that issue according to the terms set forth in Article Four applicable to the Separate Share Trust for Issue.

        (c)  If LAURA does not survive me and leaves no issue who survive me, I give the residue of my estate to the then-living issue of LAURA.

        (d)  If the residue of my estate is not completely disposed of by the preceding provisions, I give the undisposed-of portion of the residue to my heirs.

ARTICLE FOUR

TRUST DISTRIBUTIONS

    4.1. <u>Separate Share Trust for Issue</u>.  Each portion of my estate and each portion of the trust property of a trust created by my will that are allocated to a Separate Share Trust for Issue for the benefit of the beneficiary, as defined in subsection (a), below, when that beneficiary is

3

under the age of forty (40) years shall be held, administered, and distributed by the trustee as a separate trust, as follows:

(a) Beneficiary. The beneficiary of this trust is the individual issue of a deceased child of mine or the individual issue of mine, as the case may be, for whom this trust is created pursuant to the other provisions of this will.

(b) Discretionary Payments of Income Until Age 25. The trustee shall pay to or apply for the benefit of the beneficiary, until the beneficiary reaches the age of twenty-five (25) years, as much of the net income of the trust as the trustee deems proper for that beneficiary's health, education, support, and maintenance. In exercising discretion, the trustee shall give the consideration that the trustee deems proper to all other income and resources that are known to the trustee and that are readily available to the beneficiary for use for these purposes. All decisions of the trustee regarding payments under this subsection, if any, are within the trustee's discretion and shall be final and incontestable by anyone. The trustee shall accumulate and add to principal any net income not distributed.

(c) Mandatory Payments of Income After Age 25. After the beneficiary reaches the age of 25 years, the trustee shall pay to or apply for the benefit of the beneficiary all of the net income of the trust, in monthly or other convenient installments, but not less often than annually, for the term of the trust.

(d) Discretionary Payments of Principal. At any time or times during the trust term, the trustee shall pay to or apply for the benefit of the beneficiary as much of the principal of the trust as the trustee deems proper for that beneficiary's health, education, support, and maintenance. In exercising discretion, the trustee shall give the consideration that the trustee deems proper to all other income and resources that are known to the trustee and that are readily available to the beneficiary for use for these purposes. All decisions of the trustee regarding payments under this subsection, if any, are within the trustee's discretion and shall be final and incontestable by anyone.

(e) Distribution of Individual Trusts in Three Stages for Beneficiary. When a beneficiary reaches the age of 30 years, the trustee shall distribute to the child one third (1/3) of the principal of the beneficiary's individual trust. When a beneficiary reaches the age of 35 years, the trustee shall distribute to the child one half (½) of the principal of the beneficiary's individual trust. When a beneficiary reaches the age of 40 years, the trustee shall distribute the remaining trust property (including all income then accrued but uncollected and all net income then remaining in the hands of the trustee) to the beneficiary outright. If a beneficiary has already reached the age of 30 or 35 years when the Trust for Issue is established, then on

4

the establishment of the trust, the trustee shall distribute to the beneficiary one third (1/3) or one half (½) of the beneficiary's share of the principal of the trust, and the balance shall be retained in an individual trust for the beneficiary pursuant to the applicable provisions of this section. If a living beneficiary has already reached the age of 40 years when the Trust for Issue is established, then on the establishment of the trust, the trustee shall distribute outright to the beneficiary all of the beneficiary's share.

(f) <u>Final Disposition</u>. If the trust property is not completely disposed of by the preceding provisions, the undisposed-of portion shall be distributed outright to my then-living issue in the manner provided in California Probate Code Section 240. If any trust property then remains undisposed, that undisposed trust property shall be distributed outright to my heirs.

4.2. <u>Delayed Income Rule Inapplicable to Disposition of Underproductive Property</u>. Notwithstanding the provisions of the California Revised Uniform Principal and Income Act, the trustee shall not be required to allocate to income, as delayed income, any part of the proceeds received from the sale, exchange, or other disposition of an underproductive asset.

4.3. <u>Spendthrift Clause</u>. The interests of each trust beneficiary under this will are not transferable by voluntary or involuntary assignment or by operation of law, and shall be free from the claims of creditors and from attachment, execution, bankruptcy, and other legal process, to the maximum extent permitted by law. If any such transfer is made or attempted by or against a trust beneficiary, all further trust payments of income or principal or both to that beneficiary (and any right of that beneficiary to such payments) shall be suspended for a period of time or indefinitely (but not for longer than the term of the trust) as the trustee determines. In lieu of payments to the beneficiary, the trustee may apply so much of the trust income or principal or both to which the beneficiary would otherwise be entitled as the trustee deems necessary for the beneficiary's education and support. All trust income (to which the beneficiary would otherwise

5

EXHIBIT F
32

be entitled) not so applied shall in the discretion of the trustee be accumulated and added to trust principal at such time or times as the trustee deems proper.

## ARTICLE FIVE

### EXECUTOR

5.1.  Nomination of Executor.  I nominate LAURA SIEGEL LARSON, my daughter, as executor of this will.

5.2.  Successor Executors.  If LAURA SIEGEL LARSON is unable (by reason of death, incapacity, or any other reason) or unwilling to serve as executor, or if at any time the office of executor becomes vacant, by reason of death, incapacity, or any other reason, and no successor executor or coexecutors have been designated under any other provision of this will, then I nominate CITY NATIONAL BANK, Beverly Hills Main Office, as successor executor.  If CITY NATIONAL BANK is unwilling or unable to serve as successor executor, a new executor or coexecutors shall be appointed by the court.

5.3.  Definition of Executor.  The term "executor," as used in this will, refers to each personal representative of my estate who is serving at the pertinent time.

5.4.  Waiver of Bond.  No bond or undertaking shall be required of any executor nominated in this will.

5.5.  General Powers of Executor.  The executor shall have full authority to administer my estate under the California Independent Administration of Estates Act.  The executor shall have all powers now or hereafter conferred on executors by law, except as otherwise specifically provided in this will, including any powers enumerated in this will.

6

CONFIDENTIAL

LSL 00297

5.6.  <u>Power to Invest</u>.  The executor shall have the power to invest and reinvest any money of my estate not reasonably required for the immediate administration of my estate in any kind of property, real, personal, or mixed, and in any kind of investment, including but not limited to improved and unimproved real property, interest-bearing accounts, certificates of deposit, corporate and governmental obligations of any kind, preferred or common stocks, mutual funds, investment trusts, money-market funds, taxable and tax-exempt commercial paper, repurchase and reverse repurchase agreements, and stocks, obligations, and shares or units of common trust funds of any corporate fiduciary.

5.7.  <u>Division or Distribution in Cash or in Kind</u>.  In order to satisfy a pecuniary gift or to distribute or divide estate assets into shares or partial shares, the executor may distribute or divide those assets in kind, or divide undivided interests in those assets, or sell all or any part of those assets and distribute or divide the property in cash, in kind, or partly in cash and partly in kind. Property distributed to satisfy a pecuniary gift under this will shall be valued at its fair market value at the time of distribution.

5.8.  <u>Power to Make Tax Elections</u>.  To the extent permitted by law, and without regard to the resulting effect on any other provision of this will, on any person interested in my estate, or on the amount of taxes that may be payable, the executor shall have the power to choose a valuation date for tax purposes; choose the methods to pay any death taxes; elect to treat or use any item for state or federal estate or income tax purposes as an income tax deduction or an estate tax deduction; disclaim all or any portion of any interest in property passing to my estate at or after my death; and determine when an item is to be treated as taken into income or used as a tax deduction.

7

5.9.  Power to Sell, Lease, and Grant Options to Purchase Property.  The executor shall have the power to sell, at either public or private sale and with or without notice, lease, and grant options to purchase any real or personal property belonging to my estate, on such terms and conditions as the executor determines to be in the best interest of my estate.

5.10.  Payments to Legally Incapacitated Persons.  If at any time any beneficiary under this will is a minor or it appears to the executor that any beneficiary is incapacitated, incompetent, or for any other reason not able to receive payments or make intelligent or responsible use of the payments, then the executor, in lieu of making direct payments to the beneficiary, may make payments to the beneficiary's conservator or guardian; to the beneficiary's custodian under the Uniform Gifts to Minors Act or Uniform Transfers to Minors Act of any state; to one or more suitable persons, as the executor deems proper, such as a relative or a person residing with the beneficiary, to be used for the benefit of the beneficiary; to any other person, firm, or agency for services rendered or to be rendered for the beneficiary's assistance or benefit; or to accounts in the beneficiary's name with financial institutions.  The receipt of payments by any of the foregoing shall constitute a sufficient acquittance of the executor for all purposes.


ARTICLE SIX

TRUSTEE

6.1.  Nomination of Trustee.  I nominate LAURA SIEGEL LARSON, my daughter, as trustee of any trust created under this will.

6.2.  Successor Trustees.  If LAURA SIEGEL LARSON is unable (by reason of death, incapacity, or any other reason) or unwilling to serve as trustee, or if at any time the office of

8

CONFIDENTIAL

LSL 00299

trustee becomes vacant, by reason of death, incapacity, or any other reason, and no successor trustee or cotrustees have been designated under any other provision of this will, then I nominate CITY NATIONAL BANK, Beverly Hills Main Office, as successor trustee. If CITY NATIONAL BANK is unwilling or unable to serve as successor trustee, a new trustee or cotrustees shall be appointed by the court.

6.3.  Definition of Trustee.  Reference in this will to the "trustee" shall be deemed a reference to whoever is serving as trustee or cotrustees, and shall include alternate or successor trustees or cotrustees, unless the context requires otherwise.

6.4.  Waiver of Bond.  No bond or undertaking shall be required of any trustee nominated in this will.

6.5.  Compensation of Trustee.  The trustee shall be entitled to reasonable compensation for services rendered, payable without court order.

6.6.  Procedure for Resignation.  Any trustee may resign at any time, without giving a reason for the resignation, by giving written notice, at least sixty (60) days before the time the resignation is to take effect, to any other trustee then acting, to any persons authorized to designate a successor trustee, to all living trust beneficiaries known to the trustee (or, in the case of a minor beneficiary, to the parent or guardian of that beneficiary), and to the successor trustee. A resignation shall be effective on written acceptance of the trust by the successor trustee.

6.7.  General Powers of Trustee.  To carry out the purposes of any trust created under this will, the trustee shall have all of the powers enumerated in this will and all powers now or hereafter conferred on trustees under California law, subject to any limitations stated elsewhere in this will.

9

6.8.  Power to Retain Trust Property.  The trustee shall have the power to retain property received into the trust at its inception or later added to the trust, as long as the trustee considers that retention in the best interests of the trust or in furtherance of my goals in creating the trust, as determined from this will, but subject to the standards of the prudent investor rule as set forth in the California Uniform Prudent Investor Act, as amended from time to time.

6.9.  Power to Invest.  Subject to the standards of the prudent investor rule as stated in the California Uniform Prudent Investor Act, as amended from time to time, the trustee shall have the power to invest and manage the trust assets as a prudent investor would, by considering the purposes, terms, distribution requirements, and other circumstances of the trust.

6.10.  Power Over Unproductive Property.  The trustee shall have the power to retain or acquire unproductive or underproductive property.

6.11.  Combining Multi-Trust Property.  Each trust created under this will shall constitute a separate trust and be administered accordingly; however, the assets of all of the trusts may be combined for bookkeeping purposes and held for the trust beneficiaries without physical division into separate trusts until time of distribution.

6.12.  Early Termination of Trusts.  The trustee shall have the power, in the trustee's discretion, to petition the court to terminate any trust created under this will whenever the fair market value of the trust falls below twenty-five thousand dollars ($25,000), or becomes so small in relation to the costs of administration as to make continuing administration uneconomical, or contrary to the primary purposes of the trust.  On termination, the trustee shall distribute the principal and any accrued or undistributed net income to the income beneficiaries in proportion to their shares of the income.  If no fixed amount of income is payable to specific beneficiaries, the

10

EXHIBIT F
37
LSL 00301

trustee shall distribute the principal and any accrued or undistributed net income in equal shares to those beneficiaries who would then be entitled to income payments from the trust.

6.13. <u>Division or Distribution in Cash or in Kind</u>.  In order to satisfy a pecuniary gift or to distribute or divide trust assets into shares or partial shares, the trustee may distribute or divide those assets in kind, or divide undivided interests in those assets, or sell all or any part of those assets and distribute or divide the property in cash, in kind, or partly in cash and partly in kind. Property distributed to satisfy a pecuniary gift under this will shall be valued at its fair market value at the time of distribution.

6.14. <u>Payments to Legally Incapacitated Persons</u>.  If at any time any trust beneficiary under this will is a minor or it appears to the trustee that any trust beneficiary is incapacitated, incompetent, or for any other reason not able to receive payments or make intelligent or responsible use of the payments, then the trustee, in lieu of making direct payments to the trust beneficiary, may make payments to the beneficiary's conservator or guardian; to the beneficiary's custodian under the Uniform Gifts to Minors Act or Uniform Transfers to Minors Act of any state; to one or more suitable persons, as the trustee deems proper, such as a relative or a person residing with the beneficiary, to be used for the benefit of the beneficiary; to any other person, firm, or agency for services rendered or to be rendered for the beneficiary's assistance or benefit; or to accounts in the beneficiary's name with financial institutions.  The receipt of payments by any of the foregoing shall constitute a sufficient acquittance of the trustee for all purposes.

6.15. <u>Trustee's Liability</u>.  No trustee shall be liable to any interested party for acts or omissions of that trustee, except those resulting from that trustee's willful misconduct or gross

11

negligence.  This standard shall also apply regarding a trustee's liability for the acts or omissions of any cotrustee, predecessor trustee, or agent employed by the trustee.

6.16.  <u>Written Notice to Trustee</u>.  Until the trustee receives written notice of any death or other event on which the right to payments from any trust may depend, the trustee shall incur no liability for disbursements made in good faith to persons whose interests may have been affected by that event.

6.17.  <u>Duty to Account</u>.  The trustee shall render accounts at least annually, at the termination of a trust, and on a change of trustees, to the persons and in the manner required by law.

ARTICLE SEVEN

CONCLUDING PROVISIONS

7.1.  <u>Definition of Death Taxes</u>.  The term "death taxes," as used in this will, shall mean all inheritance, estate, succession, and other similar taxes that are payable by any person on account of that person's interest in my estate or by reason of my death, including penalties and interest, but excluding the following:

(a)  Any additional tax that may be assessed under Internal Revenue Code Section 2032A.

(b)  Any federal or state tax imposed on a "generation-skipping transfer," as that term is defined in the federal tax laws, unless the applicable tax statutes provide that the generation-skipping transfer tax on that transfer is payable directly out of the assets of my gross estate.

7.2.  <u>Payment of Death Taxes</u>.  The executor shall pay all death taxes, whether or not attributable to property inventoried in my probate estate, out of the residue of my estate, and no death taxes shall be prorated or apportioned among the persons interested in that property.

12

CONFIDENTIAL                    EXHIBIT F                    LSL 00303

7.3. <u>Period of Survivorship</u>. For the purposes of this will, a beneficiary shall not be deemed to have survived me if that beneficiary dies within thirty (30) days after my death.

7.4. <u>Perpetuities Savings Clause</u>. Notwithstanding any other provision of this will, every trust created by this will shall terminate no later than twenty-one (21) years after the death of the last survivor of my issue who are alive at the time of my death. If a trust is terminated under this section of the will, the trustee shall distribute all of the principal and undistributed income of the trust to the income beneficiaries of the trust in the proportion in which they are entitled (or eligible, in the case of discretionary payments) to receive income immediately before the termination. If that proportion is not fixed by the terms of this will, the trustee shall distribute all of the trust property to the persons then entitled or eligible to receive income from the trust outright in a manner that, in the trustee's opinion, will give effect to my intent in creating the trust. The trustee's decision is to be final and incontestable by anyone.

7.5. <u>Definition of Incapacity</u>. As used in this will, "incapacity" or "incapacitated" means a person operating under a legal disability such as a duly established conservatorship, or a person who is unable to do either of the following:

(a) Provide properly for that person's own needs for physical health, food, clothing, or shelter; or

(b) Manage substantially that person's own financial resources, or resist fraud or undue influence.

7.6. <u>Captions</u>. The captions appearing in this will are for convenience of reference only, and shall be disregarded in determining the meaning and effect of the provisions of this will.

13

7.7. <u>Severability Clause</u>. If any provision of this will is invalid, that provision shall be disregarded, and the remainder of this will shall be construed as if the invalid provision had not been included.

7.8. <u>California Law to Apply</u>. All questions concerning the validity and interpretation of this will, including any trusts created by this will, shall be governed by the laws of the State of California in effect at the time this will is executed.

7.9. <u>Gifts to "Heirs"</u>. For any gift to my heirs that is made outright in this will, those heirs shall be determined as if I had died intestate at the time for distribution prescribed in this will, and the identity and shares of those heirs shall be determined according to the California laws of succession that concern separate property not acquired from a previously deceased spouse and that are in effect at the time I am deemed to have died. For any assets of any trust estate created by this will to be distributed to my heirs, those heirs shall be determined as if I had died intestate immediately following the termination of the trust of each share, and the identity and shares of those heirs shall be determined according to the California laws of succession that concern separate property not acquired from a previously deceased spouse and that are in effect at the time I am deemed to have died.

Executed on _November 14 ER/2002_, at _Los Angeles_

California.

_Joanne Siegel_

JOANNE SIEGEL

On the date written above, we, the undersigned, each being present at the same time, witnessed the signing of this instrument by JOANNE SIEGEL. At that time, JOANNE SIEGEL appeared

14

to us to be of sound mind and memory and, to the best of our knowledge, was not acting under fraud, duress, menace, or undue influence.  Understanding this instrument, which consists of 15 ages, including the pages on which the signature of JOANNE SIEGEL and our signatures appear, to be the will of JOANNE SIEGEL, we subscribe our names as witnesses thereto.

We declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 14 , 2000, at Los Angeles , California.

_____        residing at  11111 Santa Monica Blvd 1840
Witness                                              Street Address

                                                Los Angeles , California
                                                City

Mary Carrico                        residing at  11111 Santa Monica Blvd #18,
Witness                                              Street Address

                                                Los Angeles California 90025
                                                City

15

CONFIDENTIAL                    EXHIBIT F
                    42                                    LSL 00306

DE-131

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)*: | TELEPHONE AND FAX NOS.: | FOR COURT USE ONLY |
|---|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)*:
GARY M. RUTTENBERG    SB#48590
BLOOM & RUTTENBERG
11111 Santa Monica Blvd. #1840
Los Angeles, CA 90025

TELEPHONE AND FAX NOS.:
310-444-1979
310-444-1917

ATTORNEY FOR *(Name)*: Petitioner

FOR COURT USE ONLY

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

MAR 25 2011

John A. Clarke, Executive Officer/Clerk

By: Belzaida F. Mendez, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: -- same --
CITY AND ZIP CODE: Los Angeles          CA     90012
BRANCH NAME: CENTRAL

ESTATE OF *(Name)*: JOANNE SIEGEL

DECEDENT

| PROOF OF SUBSCRIBING WITNESS | CASE NUMBER: BP127358 |
|---|---|

1.  I am one of the attesting witnesses to the instrument of which Attachment 1 is a photographic copy.  I have examined Attachment 1 and my signature is on it.
    a. [X]  The name of the decedent was signed in the presence of the attesting witnesses present at the same time by
        (1) [X]  the decedent personally.
        (2) [ ]  another person in the decedent's presence and by the decedent's direction.
    b. [ ]  The decedent acknowledged in the presence of the attesting witnesses present at the same time that the decedent's name was signed by
        (1) [ ]  the decedent personally.
        (2) [ ]  another person in the decedent's presence and by the decedent's direction.
    c. [X]  The decedent acknowledged in the presence of the attesting witnesses present at the same time that the instrument signed was decedent's
        (1) [X]  will.
        (2) [ ]  codicil.

2.  When I signed the instrument, I understood that it was decedent's    [X] will    [ ] codicil.

3.  I have no knowledge of any facts indicating that the instrument, or any part of it, was procured by duress, menace, fraud, or undue influence.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 3/25/2011

GARY M. RUTTENBERG, ESQ.
(TYPE OR PRINT NAME)

11111 Santa Monica Blvd., #1840
Los Angeles, CA 90025
(ADDRESS)

▶ _____
(SIGNATURE OF WITNESS)

---

## ATTORNEY'S CERTIFICATION
*(Check local court rules for requirements for certifying copies of wills and codicils)*

I am an active member of The State Bar of California.  I declare under penalty of perjury under the laws of the State of California that Attachment 1 is a photographic copy of every page of the   [X] will   [ ] codicil   presented for probate.

Date: 3/25/2011

GARY M. RUTTENBERG, ESQ.
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF ATTORNEY)

Form Approved by the
Judicial Council of California
DE-131 [Rev. January 1, 1998]
Mandatory Form [1/1/2000]

**PROOF OF SUBSCRIBING WITNESS**
(Probate)

Probate Code, § 8220



EXHIBIT F
43

LSL 00307

LAST WILL OF

JOANNE SIEGEL

I, JOANNE SIEGEL, a resident of Los Angeles County, California, declare that this is my will. I hereby revoke all my previous wills and codicils.

## ARTICLE ONE

### INTRODUCTORY PROVISIONS

1.1. <u>Marital Status</u>. I am not currently married. I was previously married to JEROME, who died on January 28, 1996.

1.2. <u>Identification of Living Child</u>. I have one living child, LAURA SIEGEL LARSON, born March 21, 1951.

1.3. <u>No Deceased Children</u>. I have no deceased children.

1.4. <u>Definitions of Child, Children, and Issue</u>. As used in this will, the terms "child" and "children" refer to all persons referred to in California Probate Code Section 26, as in effect at the time of execution of this will, and the term "issue" refers to all persons referred to in California Probate Code Section 50, as in effect at the time of execution of this will.

## ARTICLE TWO

### PARTICULAR GIFTS

2.1. <u>Tangible Personal Property</u>. I give all of my tangible personal property, including my interest in any insurance on that property, to LAURA SIEGEL LARSON, my daughter, if she survives me, and if she does not survive me, this gift shall lapse.

2.2.  Specific Gift of Termination Rights and/or Intellectual Property Rights to LAURA SIEGEL LARSON.  I give all Termination Rights and/or Intellectual Property Rights relating "Superman" to LAURA SIEGEL LARSON, my daughter, if she survives me, and if she does not survive me, these rights shall go to my issue who survive me in the manner set forth in section 3.1(b) of this will.  This is a specific gift, and if at the time of my death, there are no such Rights in my estate, the gift shall fail and the executor shall not resort to other property in my estate to satisfy the gift.  If, between the date of this will and the date of my death, any change or adjustment is made in the Rights this gift shall be adjusted as appropriate to reflect that change or adjustment.

2.3.  General Pecuniary Gifts.  I make the following general pecuniary gifts:

(a)  I give a pecuniary gift of twenty-five thousand dollars ($25,000) to MICHAEL KENT LARSON, my grandson, if he survives me, and if he does not survive me, this gift shall lapse.

(b)  I give a pecuniary gift of twenty-five thousand dollars ($25,000) to JAMES ROBERT LARSON, my grandson, if he survives me, and if he does not survive me, this gift shall lapse.

(c)  I give a pecuniary gift of ten thousand dollars ($10,000) to SOPHIE HALKO, my sister, if she survives me, and if she does not survive me, this gift shall be distributed to her then-living issue in the manner provided in California Probate Code section 240, or if there are none, this gift shall lapse.

(d)  I give a pecuniary gift of ten thousand dollars ($10,000) to GEORGE ZADOROZNY, ESQ., of 651 Timber Bay Circle West, Oldsman, Florida 34677, if he survives me, and if he does not survive me, this gift shall go to his wife SILVIA, if she is then-surviving, or if she is not, this gift shall lapse.

With respect to the foregoing, if any beneficiary is under the age of twenty-five (25) years, the gift to that beneficiary shall be distributed instead to my executor named herein as Custodian under

2

the California Uniform Transfers To Minors Act until the beneficiary attains the age of twenty-five (25) years.

2.4. <u>No Interest on General Pecuniary Gifts</u>. No interest shall be paid on any general pecuniary gift made in this will.

ARTICLE THREE

RESIDUARY PROVISIONS

3.1. <u>Disposition of Residue</u>. I give the residue of my estate as follows:

(a) If my daughter, LAURA SIEGEL LARSON ("LAURA"), survives me, I give the residue of my estate outright to her.

(b) If LAURA does not survive me but issue of LAURA survive me, I give the residue of my estate outright to those issue in the manner provided in California Probate Code Section 240. However, if an individual issue has not reached the age of 40 years at my death, that issue's share shall be held, administered, and distributed by the trustee in a separate trust for that issue according to the terms set forth in Article Four applicable to the Separate Share Trust for Issue.

(c) If LAURA does not survive me and leaves no issue who survive me, I give the residue of my estate to the then-living issue of LAURA.

(d) If the residue of my estate is not completely disposed of by the preceding provisions, I give the undisposed-of portion of the residue to my heirs.

ARTICLE FOUR

TRUST DISTRIBUTIONS

4.1. <u>Separate Share Trust for Issue</u>. Each portion of my estate and each portion of the trust property of a trust created by my will that are allocated to a Separate Share Trust for Issue for the benefit of the beneficiary, as defined in subsection (a), below, when that beneficiary is

3

under the age of forty (40) years shall be held, administered, and distributed by the trustee as a separate trust, as follows:

    (a)  <u>Beneficiary</u>.  The beneficiary of this trust is the individual issue of a deceased child of mine or the individual issue of mine, as the case may be, for whom this trust is created pursuant to the other provisions of this will.

    (b)  <u>Discretionary Payments of Income Until Age 25</u>.  The trustee shall pay to or apply for the benefit of the beneficiary, until the beneficiary reaches the age of twenty-five (25) years, as much of the net income of the trust as the trustee deems proper for that beneficiary's health, education, support, and maintenance.  In exercising discretion, the trustee shall give the consideration that the trustee deems proper to all other income and resources that are known to the trustee and that are readily available to the beneficiary for use for these purposes.  All decisions of the trustee regarding payments under this subsection, if any, are within the trustee's discretion and shall be final and incontestable by anyone.  The trustee shall accumulate and add to principal any net income not distributed.

    (c)  <u>Mandatory Payments of Income After Age 25</u>.  After the beneficiary reaches the age of 25 years, the trustee shall pay to or apply for the benefit of the beneficiary all of the net income of the trust, in monthly or other convenient installments, but not less often than annually, for the term of the trust.

    (d)  <u>Discretionary Payments of Principal</u>.  At any time or times during the trust term, the trustee shall pay to or apply for the benefit of the beneficiary as much of the principal of the trust as the trustee deems proper for that beneficiary's health, education, support, and maintenance.  In exercising discretion, the trustee shall give the consideration that the trustee deems proper to all other income and resources that are known to the trustee and that are readily available to the beneficiary for use for these purposes.  All decisions of the trustee regarding payments under this subsection, if any, are within the trustee's discretion and shall be final and incontestable by anyone.

    (e)  <u>Distribution of Individual Trusts in Three Stages for Beneficiary</u>.  When a beneficiary reaches the age of 30 years, the trustee shall distribute to the child one third (1/3) of the principal of the beneficiary's individual trust.  When a beneficiary reaches the age of 35 years, the trustee shall distribute to the child one half (½) of the principal of the beneficiary's individual trust. When a beneficiary reaches the age of 40 years, the trustee shall distribute the remaining trust property (including all income then accrued but uncollected and all net income then remaining in the hands of the trustee) to the beneficiary outright.  If a beneficiary has already reached the age of 30 or 35 years when the Trust for Issue is established, then on

4

the establishment of the trust, the trustee shall distribute to the beneficiary one third (1/3) or one half (½) of the beneficiary's share of the principal of the trust, and the balance shall be retained in an individual trust for the beneficiary pursuant to the applicable provisions of this section. If a living beneficiary has already reached the age of 40 years when the Trust for Issue is established, then on the establishment of the trust, the trustee shall distribute outright to the beneficiary all of the beneficiary's share.

(f) <u>Final Disposition</u>. If the trust property is not completely disposed of by the preceding provisions, the undisposed-of portion shall be distributed outright to my then-living issue in the manner provided in California Probate Code Section 240. If any trust property then remains undisposed, that undisposed trust property shall be distributed outright to my heirs.

4.2.  <u>Delayed Income Rule Inapplicable to Disposition of Underproductive Property</u>. Notwithstanding the provisions of the California Revised Uniform Principal and Income Act, the trustee shall not be required to allocate to income, as delayed income, any part of the proceeds received from the sale, exchange, or other disposition of an underproductive asset.

4.3.  <u>Spendthrift Clause</u>. The interests of each trust beneficiary under this will are not transferable by voluntary or involuntary assignment or by operation of law, and shall be free from the claims of creditors and from attachment, execution, bankruptcy, and other legal process, to the maximum extent permitted by law. If any such transfer is made or attempted by or against a trust beneficiary, all further trust payments of income or principal or both to that beneficiary (and any right of that beneficiary to such payments) shall be suspended for a period of time or indefinitely (but not for longer than the term of the trust) as the trustee determines. In lieu of payments to the beneficiary, the trustee may apply so much of the trust income or principal or both to which the beneficiary would otherwise be entitled as the trustee deems necessary for the beneficiary's education and support. All trust income (to which the beneficiary would otherwise

5

be entitled) not so applied shall in the discretion of the trustee be accumulated and added to trust principal at such time or times as the trustee deems proper.

ARTICLE FIVE

EXECUTOR

5.1.  Nomination of Executor.  I nominate LAURA SIEGEL LARSON, my daughter, as executor of this will.

5.2.  Successor Executors.  If LAURA SIEGEL LARSON is unable (by reason of death, incapacity, or any other reason) or unwilling to serve as executor, or if at any time the office of executor becomes vacant, by reason of death, incapacity, or any other reason, and no successor executor or coexecutors have been designated under any other provision of this will, then I nominate CITY NATIONAL BANK, Beverly Hills Main Office, as successor executor.  If CITY NATIONAL BANK is unwilling or unable to serve as successor executor, a new executor or coexecutors shall be appointed by the court.

5.3.  Definition of Executor.  The term "executor," as used in this will, refers to each personal representative of my estate who is serving at the pertinent time.

5.4.  Waiver of Bond.  No bond or undertaking shall be required of any executor nominated in this will.

5.5.  General Powers of Executor.  The executor shall have full authority to administer my estate under the California Independent Administration of Estates Act.  The executor shall have all powers now or hereafter conferred on executors by law, except as otherwise specifically provided in this will, including any powers enumerated in this will.

6

5.6.  <u>Power to Invest</u>.  The executor shall have the power to invest and reinvest any money of my estate not reasonably required for the immediate administration of my estate in any kind of property, real, personal, or mixed, and in any kind of investment, including but not limited to improved and unimproved real property, interest-bearing accounts, certificates of deposit, corporate and governmental obligations of any kind, preferred or common stocks, mutual funds, investment trusts, money-market funds, taxable and tax-exempt commercial paper, repurchase and reverse repurchase agreements, and stocks, obligations, and shares or units of common trust funds of any corporate fiduciary.

5.7.  <u>Division or Distribution in Cash or in Kind</u>.  In order to satisfy a pecuniary gift or to distribute or divide estate assets into shares or partial shares, the executor may distribute or divide those assets in kind, or divide undivided interests in those assets, or sell all or any part of those assets and distribute or divide the property in cash, in kind, or partly in cash and partly in kind. Property distributed to satisfy a pecuniary gift under this will shall be valued at its fair market value at the time of distribution.

5.8.  <u>Power to Make Tax Elections</u>.  To the extent permitted by law, and without regard to the resulting effect on any other provision of this will, on any person interested in my estate, or on the amount of taxes that may be payable, the executor shall have the power to choose a valuation date for tax purposes; choose the methods to pay any death taxes; elect to treat or use any item for state or federal estate or income tax purposes as an income tax deduction or an estate tax deduction; disclaim all or any portion of any interest in property passing to my estate at or after my death; and determine when an item is to be treated as taken into income or used as a tax deduction.

7

CONFIDENTIAL

EXHIBIT F
50

LSL 00314

5.9.  Power to Sell, Lease, and Grant Options to Purchase Property.  The executor shall have the power to sell, at either public or private sale and with or without notice, lease, and grant options to purchase any real or personal property belonging to my estate, on such terms and conditions as the executor determines to be in the best interest of my estate.

5.10.  Payments to Legally Incapacitated Persons.  If at any time any beneficiary under this will is a minor or it appears to the executor that any beneficiary is incapacitated, incompetent, or for any other reason not able to receive payments or make intelligent or responsible use of the payments, then the executor, in lieu of making direct payments to the beneficiary, may make payments to the beneficiary's conservator or guardian; to the beneficiary's custodian under the Uniform Gifts to Minors Act or Uniform Transfers to Minors Act of any state; to one or more suitable persons, as the executor deems proper, such as a relative or a person residing with the beneficiary, to be used for the benefit of the beneficiary; to any other person, firm, or agency for services rendered or to be rendered for the beneficiary's assistance or benefit; or to accounts in the beneficiary's name with financial institutions.  The receipt of payments by any of the foregoing shall constitute a sufficient acquittance of the executor for all purposes.


ARTICLE SIX

TRUSTEE

6.1.  Nomination of Trustee.  I nominate LAURA SIEGEL LARSON, my daughter, as trustee of any trust created under this will.

6.2.  Successor Trustees.  If LAURA SIEGEL LARSON is unable (by reason of death, incapacity, or any other reason) or unwilling to serve as trustee, or if at any time the office of

8

trustee becomes vacant, by reason of death, incapacity, or any other reason, and no successor trustee or cotrustees have been designated under any other provision of this will, then I nominate CITY NATIONAL BANK, Beverly Hills Main Office, as successor trustee. If CITY NATIONAL BANK is unwilling or unable to serve as successor trustee, a new trustee or cotrustees shall be appointed by the court.

6.3.  <u>Definition of Trustee</u>.  Reference in this will to the "trustee" shall be deemed a reference to whoever is serving as trustee or cotrustees, and shall include alternate or successor trustees or cotrustees, unless the context requires otherwise.

6.4.  <u>Waiver of Bond</u>.  No bond or undertaking shall be required of any trustee nominated in this will.

6.5.  <u>Compensation of Trustee</u>.  The trustee shall be entitled to reasonable compensation for services rendered, payable without court order.

6.6.  <u>Procedure for Resignation</u>.  Any trustee may resign at any time, without giving a reason for the resignation, by giving written notice, at least sixty (60) days before the time the resignation is to take effect, to any other trustee then acting, to any persons authorized to designate a successor trustee, to all living trust beneficiaries known to the trustee (or, in the case of a minor beneficiary, to the parent or guardian of that beneficiary), and to the successor trustee. A resignation shall be effective on written acceptance of the trust by the successor trustee.

6.7.  <u>General Powers of Trustee</u>.  To carry out the purposes of any trust created under this will, the trustee shall have all of the powers enumerated in this will and all powers now or hereafter conferred on trustees under California law, subject to any limitations stated elsewhere in this will.

9

CONFIDENTIAL

LSL 00316

6.8.  Power to Retain Trust Property.  The trustee shall have the power to retain property received into the trust at its inception or later added to the trust, as long as the trustee considers that retention in the best interests of the trust or in furtherance of my goals in creating the trust, as determined from this will, but subject to the standards of the prudent investor rule as set forth in the California Uniform Prudent Investor Act, as amended from time to time.

6.9.  Power to Invest.  Subject to the standards of the prudent investor rule as stated in the California Uniform Prudent Investor Act, as amended from time to time, the trustee shall have the power to invest and manage the trust assets as a prudent investor would, by considering the purposes, terms, distribution requirements, and other circumstances of the trust.

6.10.  Power Over Unproductive Property.  The trustee shall have the power to retain or acquire unproductive or underproductive property.

6.11.  Combining Multi-Trust Property.  Each trust created under this will shall constitute a separate trust and be administered accordingly; however, the assets of all of the trusts may be combined for bookkeeping purposes and held for the trust beneficiaries without physical division into separate trusts until time of distribution.

6.12.  Early Termination of Trusts.  The trustee shall have the power, in the trustee's discretion, to petition the court to terminate any trust created under this will whenever the fair market value of the trust falls below twenty-five thousand dollars ($25,000), or becomes so small in relation to the costs of administration as to make continuing administration uneconomical, or contrary to the primary purposes of the trust.  On termination, the trustee shall distribute the principal and any accrued or undistributed net income to the income beneficiaries in proportion to their shares of the income.  If no fixed amount of income is payable to specific beneficiaries, the

10

trustee shall distribute the principal and any accrued or undistributed net income in equal shares to

those beneficiaries who would then be entitled to income payments from the trust.

6.13. <u>Division or Distribution in Cash or in Kind</u>.  In order to satisfy a pecuniary gift or to

distribute or divide trust assets into shares or partial shares, the trustee may distribute or divide

those assets in kind, or divide undivided interests in those assets, or sell all or any part of those

assets and distribute or divide the property in cash, in kind, or partly in cash and partly in kind.

Property distributed to satisfy a pecuniary gift under this will shall be valued at its fair market

value at the time of distribution.

6.14. <u>Payments to Legally Incapacitated Persons</u>.  If at any time any trust beneficiary

under this will is a minor or it appears to the trustee that any trust beneficiary is incapacitated,

incompetent, or for any other reason not able to receive payments or make intelligent or

responsible use of the payments, then the trustee, in lieu of making direct payments to the trust

beneficiary, may make payments to the beneficiary's conservator or guardian; to the beneficiary's

custodian under the Uniform Gifts to Minors Act or Uniform Transfers to Minors Act of any

state; to one or more suitable persons, as the trustee deems proper, such as a relative or a person

residing with the beneficiary, to be used for the benefit of the beneficiary; to any other person,

firm, or agency for services rendered or to be rendered for the beneficiary's assistance or benefit;

or to accounts in the beneficiary's name with financial institutions.  The receipt of payments by any

of the foregoing shall constitute a sufficient acquittance of the trustee for all purposes.

6.15. <u>Trustee's Liability</u>.  No trustee shall be liable to any interested party for acts or

omissions of that trustee, except those resulting from that trustee's willful misconduct or gross

11

EXHIBIT F
54
LSL 00318

negligence. This standard shall also apply regarding a trustee's liability for the acts or omissions of any cotrustee, predecessor trustee, or agent employed by the trustee.

6.16.  <u>Written Notice to Trustee</u>.  Until the trustee receives written notice of any death or other event on which the right to payments from any trust may depend, the trustee shall incur no liability for disbursements made in good faith to persons whose interests may have been affected by that event.

6.17.  <u>Duty to Account</u>.  The trustee shall render accounts at least annually, at the termination of a trust, and on a change of trustees, to the persons and in the manner required by law.

ARTICLE SEVEN

CONCLUDING PROVISIONS

7.1.  <u>Definition of Death Taxes</u>.  The term "death taxes," as used in this will, shall mean all inheritance, estate, succession, and other similar taxes that are payable by any person on account of that person's interest in my estate or by reason of my death, including penalties and interest, but excluding the following:

(a)  Any additional tax that may be assessed under Internal Revenue Code Section 2032A.

(b)  Any federal or state tax imposed on a "generation-skipping transfer," as that term is defined in the federal tax laws, unless the applicable tax statutes provide that the generation-skipping transfer tax on that transfer is payable directly out of the assets of my gross estate.

7.2.  <u>Payment of Death Taxes</u>.  The executor shall pay all death taxes, whether or not attributable to property inventoried in my probate estate, out of the residue of my estate, and no death taxes shall be prorated or apportioned among the persons interested in that property.

12

CONFIDENTIAL

EXHIBIT F

55

LSL 00319

7.3.  Period of Survivorship.  For the purposes of this will, a beneficiary shall not be deemed to have survived me if that beneficiary dies within thirty (30) days after my death.

7.4.  Perpetuities Savings Clause.  Notwithstanding any other provision of this will, every trust created by this will shall terminate no later than twenty-one (21) years after the death of the last survivor of my issue who are alive at the time of my death.  If a trust is terminated under this section of the will, the trustee shall distribute all of the principal and undistributed income of the trust to the income beneficiaries of the trust in the proportion in which they are entitled (or eligible, in the case of discretionary payments) to receive income immediately before the termination.  If that proportion is not fixed by the terms of this will, the trustee shall distribute all of the trust property to the persons then entitled or eligible to receive income from the trust outright in a manner that, in the trustee's opinion, will give effect to my intent in creating the trust. The trustee's decision is to be final and incontestable by anyone.

7.5.  Definition of Incapacity.  As used in this will, "incapacity" or "incapacitated" means a person operating under a legal disability such as a duly established conservatorship, or a person who is unable to do either of the following:

> (a) Provide properly for that person's own needs for physical health, food, clothing, or shelter; or
>
> (b) Manage substantially that person's own financial resources, or resist fraud or undue influence.

7.6.  Captions.  The captions appearing in this will are for convenience of reference only, and shall be disregarded in determining the meaning and effect of the provisions of this will.

13

7.7.  <u>Severability Clause</u>.  If any provision of this will is invalid, that provision shall be disregarded, and the remainder of this will shall be construed as if the invalid provision had not been included.

7.8.  <u>California Law to Apply</u>.  All questions concerning the validity and interpretation of this will, including any trusts created by this will, shall be governed by the laws of the State of California in effect at the time this will is executed.

7.9.  <u>Gifts to "Heirs"</u>.  For any gift to my heirs that is made outright in this will, those heirs shall be determined as if I had died intestate at the time for distribution prescribed in this will, and the identity and shares of those heirs shall be determined according to the California laws of succession that concern separate property not acquired from a previously deceased spouse and that are in effect at the time I am deemed to have died.  For any assets of any trust estate created by this will to be distributed to my heirs, those heirs shall be determined as if I had died intestate immediately following the termination of the trust of each share, and the identity and shares of those heirs shall be determined according to the California laws of succession that concern separate property not acquired from a previously deceased spouse and that are in effect at the time I am deemed to have died.

Executed on _November 14 th, 2003_ at _Los Angeles_, California.


_Joanne Siegel_
JOANNE SIEGEL

On the date written above, we, the undersigned, each being present at the same time, witnessed the signing of this instrument by JOANNE SIEGEL.  At that time, JOANNE SIEGEL appeared

14

to us to be of sound mind and memory and, to the best of our knowledge, was not acting under

fraud, duress, menace, or undue influence. Understanding this instrument, which consists of 15

ages, including the pages on which the signature of JOANNE SIEGEL and our signatures appear,

to be the will of JOANNE SIEGEL, we subscribe our names as witnesses thereto.

　　　We declare under penalty of perjury under the laws of the State of California that the

foregoing is true and correct.

Executed on _November 14_, 2000, at _Los Angeles_, California.

_____    residing at _11111 Santa Monica Blvd 1840_
Witness                                           Street Address

                                         _Los Angeles_, California
                                           City

_Mary Carrier_                residing at _11111 Santa Monica Blvd #18_
Witness                                           Street Address

                                         _Los Angeles_, California  _90025_
                                           City

15

**CONFIDENTIAL**                         EXHIBIT F                         **LSL 00322**
58

DE-147

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address): | FOR COURT USE ONLY |
|---|---|

GARY M. RUTTENBERG   SB#48590
BLOOM & RUTTENBERG
11111 Santa Monica Blvd. #1840
Los Angeles, CA 90025
TELEPHONE NO.: 310-444-1979   FAX NO. (Optional): 310-444-1917
E-MAIL ADDRESS (Optional): ruttenberg@aol.com
ATTORNEY FOR (Name): Petitioner

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

MAR 15 2011

John A. Clark, Executive Officer/ Clerk

By _____Steve FC_____, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Strett
MAILING ADDRESS: -- same --
CITY AND ZIP CODE: Los Angeles, CA 9001
BRANCH NAME: cENTRAL

ESTATE OF (Name): JOANNE SIEGEL

DECEDENT

| DUTIES AND LIABILITIES OF PERSONAL REPRESENTATIVE and Acknowledgment of Receipt | CASE NUMBER: BP127358 |
|---|---|

# DUTIES AND LIABILITIES OF PERSONAL REPRESENTATIVE

When the court appoints you as personal representative of an estate, you become an officer of the court and assume certain duties and obligations. An attorney is best qualified to advise you about these matters. You should understand the following:

## 1. MANAGING THE ESTATE'S ASSETS

**a. Prudent investments**
You must manage the estate assets with the care of a prudent person dealing with someone else's property. This means that you must be cautious and may not make any speculative investments.

**b. Keep estate assets separate**
You must keep the money and property in this estate separate from anyone else's, including your own. When you open a bank account for the estate, the account name must indicate that it is an estate account and not your personal account. Never deposit estate funds in your personal account or otherwise mix them with your or anyone else's property. Securities in the estate must also be held in a name that shows they are estate property and not your personal property.

**c. Interest-bearing accounts and other investments**
Except for checking accounts intended for ordinary administration expenses, estate accounts must earn interest. You may deposit estate funds in insured accounts in financial institutions, but you should consult with an attorney before making other kinds of investments.

**d. Other restrictions**
There are many other restrictions on your authority to deal with estate property. You should not spend any of the estate's money unless you have received permission from the court or have been advised to do so by an attorney. You may reimburse yourself for official court costs paid by you to the county clerk and for the premium on your bond. Without prior order of the court, you may not pay fees to yourself or to your attorney, if you have one. If you do not obtain the court's permission when it is required, you may be removed as personal representative or you may be required to reimburse the estate from your own personal funds, or both. You should consult with an attorney concerning the legal requirements affecting sales, leases, mortgages, and investments of estate property.

## 2. INVENTORY OF ESTATE PROPERTY

**a. Locate the estate's property**
You must attempt to locate and take possession of all the decedent's property to be administered in the estate.

**b. Determine the value of the property**
You must arrange to have a court-appointed referee determine the value of the property unless the appointment is waived by the court. You, rather than the referee, must determine the value of certain "cash items." An attorney can advise you about how to do this.

**. File an inventory and appraisal**
Within four months after Letters are first issued to you as personal representative, you must file with the court an inventory and appraisal of all the assets in the estate.

---

Form Adopted for Mandatory Use
Judicial Council of California
DE-147 [Rev. January 1, 2002]

**DUTIES AND LIABILITIES OF PERSONAL REPRESENTATIVE**

Page 1 of 2

Probate Code, §8404

COPY

LSL 00323

EXHIBIT F
59

| ESTATE OF *(Name):* JOANNE SIEGEL | CASE NUMBER: |
|---|---|
| DECEDENT | |

**d. File a change of ownership**
At the time you file the inventory and appraisal, you must also file a change of ownership statement with the county recorder or assessor in each county where the decedent owned real property at the time of death, as provided in section 480 of the *California Revenue and Taxation Code.*

## 3. NOTICE TO CREDITORS
You must mail a notice of administration to each known creditor of the decedent within four months after your appointment as personal representative. If the decedent received Medi-Cal assistance, you must notify the State Director of Health Services within 90 days after appointment.

## 4. INSURANCE
You should determine that there is appropriate and adequate insurance covering the assets and risks of the estate. Maintain the insurance in force during the entire period of the administration.

## 5. RECORD KEEPING
**a. Keep accounts**
You must keep complete and accurate records of each financial transaction affecting the estate. You will have to prepare an account of all money and property you have received, what you have spent, and the date of each transaction. You must describe in detail what you have left after the payment of expenses.
**b. Court review**
Your account will be reviewed by the court. Save your receipts because the court may ask to review them. If you do not file your accounts as required, the court will order you to do so. You may be removed as personal representative if you fail to comply.

## 6. CONSULTING AN ATTORNEY
If you have an attorney, you should cooperate with the attorney at all times. You and your attorney are responsible for completing the estate administration as promptly as possible. **When in doubt, contact your attorney.**

---

**NOTICE:**  **1. This statement of duties and liabilities is a summary and is not a complete statement of the law. Your conduct as a personal representative is governed by the law itself and not by this summary.**
 **2. If you fail to perform your duties or to meet the deadlines, the court may reduce your compensation, remove you from office, and impose other sanctions.**

---

# ACKNOWLEDGMENT OF RECEIPT

1. I have petitioned the court to be appointed as a personal representative.

2. My address and telephone number are *(specify):*

3. I acknowledge that I have received a copy of this statement of the duties and liabilities of the office of personal representative.

Date: March 4, 2011

| LAURA SIEGEL LARSON | *Laura Siegel Larson* |
|---|---|
| (TYPE OR PRINT NAME) | (SIGNATURE OF PETITIONER) |

Date:

| | |
|---|---|
| (TYPE OR PRINT NAME) | (SIGNATURE OF PETITIONER) |

---

**CONFIDENTIAL INFORMATION:  If required to do so by local court rule, you must provide your date of birth and driver's license number on supplemental Form DE-147S.** (Prob. Code, § 8404(b).)

DE-147 [Rev. January 1, 2002]    **DUTIES AND LIABILITIES OF PERSONAL REPRESENTATIVE**    ©EB    LSL 00324
Exhibit F

DE-150

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name state bar number and address)

GARY M. RUTTENBERG    SB#48590
BLOOM & RUTTENBERG
11111 Santa Monica Blvd  #1840
Los Angeles, CA 90025

TELEPHONE AND FAX NOS
310-444-1979
310-444-1917

ATTORNEY FOR (Name) Petitioner

FOR COURT USE ONLY

**FILED**
LOS ANGELES SUPERIOR COURT
MAR 15 2011
JOHN A CLARKE CLERK
BY _____
STEVEN F CHEN, DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS 111 North Hill Strett
MAILING ADDRESS -- same --
CITY AND ZIP CODE Los Angeles, CA 90012
BRANCH NAME CENTRAL

ESTATE OF (Name) JOANNE SIEGEL

DECEDENT

| LETTERS | |
|---|---|
| ☐ TESTAMENTARY | ☐ OF ADMINISTRATION |
| ☐ OF ADMINISTRATION WITH WILL ANNEXED | ☒ SPECIAL ADMINISTRATION |

CASE NUMBER
BP127358

**LETTERS**

1 ☐ The last will of the decedent named above having been proved, the court appoints (name)

  a ☐ executor

  b ☐ administrator with will annexed

2 ☒ The court appoints (name) LAURA SIEGEL LARSON

  a ☐ administrator of the decedent's estate

  b ☒ special administrator of decedent's estate

    (1) ☒ with the special powers specified in the Order for Probate

    (2) ☐ with the powers of a general administrator

    (3) ☒ letters will expire on (date) 4/6/11

☐ The personal representative is authorized to administer the estate under the Independent Administration of Estates Act ☐ with full authority

☐ with limited authority (no authority, without court supervision, to (1) sell or exchange real property or (2) grant an option to purchase real property or (3) borrow money with the loan secured by an encumbrance upon real property)

4 ☐ The personal representative is not authorized to take possession of money or any other property without a specific court order

**AFFIRMATION**

1 ☐ PUBLIC ADMINISTRATOR No affirmation required (Prob Code, § 7621(c))

2 ☒ INDIVIDUAL I solemnly affirm that I will perform the duties of personal representative according to law

3 ☐ INSTITUTIONAL FIDUCIARY (name)

  I solemnly affirm that the institution will perform the duties of personal representative according to law I make this affirmation for myself as an individual and on behalf of the institution as an officer (Name and title)

4 Executed on (date) 3/8/11
at (place) Los Angeles , California

▶ *Laura Siegel Larson*
(SIGNATURE)

**CERTIFICATION**

I certify that this document is a correct copy of the original on file in my office and the letters issued the personal representative appointed above have not been revoked, annulled, or set aside, and are still in full force and effect

ORIGINAL

WITNESS, clerk of the court, with seal of the court affixed

(SEAL)

Date MAR 15 2011
JOHN A. CLARKE
_____ (DEPUTY)

Date MAR 17 2011
Clerk, by John A. Clarke
_____ (DEPUTY)

Form Approved by the
Judicial Council of California
DE-150 [Rev January 1 1998]
Mandatory Form (1/1/2000)

**LETTERS**
(Probate)

®EB ORIGINAL

Probate Code §§ 1001 8403 8405 8544 8645
Code of Civil Procedure § 2015 6

LSL 00325

Estate of Joanne Siegel, Deceased                    Case No. BP127358

Attachment 3f(2)

The Special Administrator, Laura Siegel Larson, is granted the power to do all of the following without further order of this Court

1       Substitute in and represent the interests of Joanne Siegel to maintain, defend and/or settle the litigation in the three following actions

   a    <u>Joanne Siegel, et al v. Warner Bros. Entertainment Inc., et al.,</u> United States District Court for the Central District of California, Case No 04-CV-8400 ODW (RZx)

   b    <u>Joanne Siegel, et al. v. Time Warner Inc., et al.,</u> United States District Court for the Central District of California, Case No 04-CV-8776 ODS (RZx)

   c    <u>DC Comics v. Pacific Pictures Corp., et al.,</u> Central District of California Case No. 10-CV 03633

2       Continue to retain the Law Offices of Marc Toberoff as counsel in the above three actions pursuant to the original retention agreement letter and first amendment thereto between Marc Toberoff, Joanne Siegel and Laura Siegel Larson, a copy of which was lodged with the court on a "confidential basis"

LSL 00326

1 | GARY M. RUTTENBERG ESQ.  SBN 48590
STEFANIE S. CUTLER, ESQ., SBN 254364
2 | BLOOM & RUTTENBERG
11111 Santa Monica Blvd., Ste. 1840
3 | Los Angeles, CA  90025-3344
Telephone: (310) 444-1979
4 | Facsimile:  (310) 444-1917

**ORIGINAL FILED**

MAR 0 8 2011

LOS ANGELES
SUPERIOR COURT

6 | Attorneys for LAURA SIEGEL LARSON

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

In the matter of the Estate of

JOANNE SIEGEL

Deceased

)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO.:  BP127358

DECLARATION OF URGENCY
REQUEST FOR EX PARTE PETITION
FOR LETTERS OF SPECIAL
ADMINISTRATION AND EX PARTE
ORDER THEREON

DATE:
TIME:        8:30 am
DEPT. NO.:   11

I, GARY M. RUTTENBERG, do hereby declare as follows:

1.     I am an attorney at law, duly licensed to practice in all of the courts of the State of California.

2.     I am attorney at BLOOM & RUTTENBERG, attorneys of record for LAURA SIEGEL LARSON, interested person and petitioner in this proceeding.  All of the facts set forth in this Declaration are personally known to me and, if I am called upon to testify in this matter, I could and would competently testify thereto under oath.

3.     The following is true of my own knowledge:

    a.     The decedent, JOANNE SIEGEL, died February 12, 2011.

    b.     Circumstances require the immediate appointment of a Special Administrator, as follows:

1

DECLARATION OF URGENCY

EXHIBIT F
63

LSL 00327

At the time of Decedent's death she was a party to three actions

1.    **Joanne Siegel, et al v. Warner Bros. Entertainment Inc., et al.**, United States District Court for the Central District of California, Case No. 04-CV-8400 ODW (RZx).

2.    **Joanne Siegel, et al. v. Time Warner Inc., et al.**, United States District Court for the Central District of California, Case No. 04-CV-8776 ODS (RZx)

3.    **DC Comics v. Pacific Pictures Corp., et al.**, Central District of California Case No. 10-CV-03633.

Each of these actions is more particularly set forth in the description and current status of each provided by Marc Toberoff, Esq., counsel for Joanne Siegel and Laura Siegel Larson and which is attached hereto as **EXHIBIT A** and incorporated by reference.  As indicated therein and with regard to the actions filed against Warner Bros. Entertainment Inc., et al., and Time Warner Inc., et al (items 1 and 2 above), discovery is closed and trial dates are pending and discovery is on-going in the action filed by DC Comics.

The Decedent and Laura Siegel Larson have been represented by the Law Offices of Marc Toberoff in the above three actions pursuant to a retention agreement.

c.    Special Administration and the requested powers are needed to allow the Special Administrator to substitute in and to proceed in the pending litigations.

I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct.

DATED: March 7, 2011

GARY M. RUTTENBERG
Attorney for LAURA SIEGEL LARSON

2



EXHIBIT F

65

LSL 00329

***Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.***, United States District Court for the Central District of California, Case No. 04-CV-8400 ODW (RZx): Plaintiffs Joanne Siegel and Laura Siegel Larson filed this action on October 4, 2004, against, *inter alia,* defendants Warner Bros. Entertainment, Inc. and DC Comics ("DC"). Joanne and Laura Siegel are the widow and daughter, respectively, of Jerome Siegel ("Siegel") who, with Joseph Shuster ("Shuster"), co-created Superman, and later granted the copyrights in their creation to defendants' predecessors. The 1976 Copyright Act provides authors and their families with new rights to recapture the author's original copyright(s) for the extended renewal term by terminating prior grants of copyright. *See* 17 U.S.C. § 304(c). This "Superman" action arises out of Joanne and Laura Siegel's April 3, 1997 notices of termination under 17 U.S.C. § 304(c) ("Termination"), which terminate grants by Siegel and Shuster to defendants and/or their predecessors of the copyrights in and to the "Superman" characters and comic books / newspaper strips authored by Siegel and Shuster. This action seeks declaratory relief as to the validity of the Siegels' Termination, declaratory relief as to an accounting, and an accounting from defendants as co-owners of the copyrights recaptured pursuant to the Termination.

***Current Status***: Discovery is closed. In 2008 the Court granted the Siegels' motion for summary judgment, in part, ruling that the Termination was effective as of April 16, 1999 and that the Siegels had thereby recaptured Jerome Siegel's co-authorship share of the original Superman story published in Action Comics No.1. Thereafter in 2009, the Court ruled that the Siegels had also recaptured as of April 16, 1999 Jerome Siegel's co-authorship share of the first two weeks of the Superman newspapers strips, Action Comics No. 4 and Superman No. 1. As the Siegels co-own the copyright to these works with DC, DC has a duty to account to the Siegels for an allocated share of the profits DC derives from the exploitation of such copyrights. Phase I of an accounting trial was completed in 2009, in which the Court determined that only DC, but not its effective parent, Warner Bros. Entertainment Inc., must account to the Siegels. What remains to be decided are a

LSL 00330

number of legal issues as to the principles to be applied to such an accounting and the Phase II of trial regarding DC's accounting to the Siegels. No date has yet been set for that Phase II trial.

*Joanne Siegel, et al. v. Time Warner Inc., et al.*, United States District Court for the Central District of California, Case No. 04-CV-8776 ODW (RZx): On November 2, 2002, Joanne Siegel and Laura Siegel Larson served a separate notice of termination under 17 U.S.C. § 304(c), effective as of November 17, 2004, regarding Jerome Siegel's copyright grants of the "Superboy" character to DC's predecessors. Plaintiffs Joanne Siegel and Laura Siegel Larson filed their initial Complaint in this separate "Superboy" action on October 22, 2004 against, *inter alia*, defendants Warner Bros. Entertainment Inc. and DC Comics. Plaintiffs seek declaratory relief regarding the separate "Superboy" termination, and allege copyright infringement, Lanham Act violations, and violations of California's Unfair Competition Law, California Business and Professions Code §§ 17200 *et seq.*

*Current Status*: Discovery is closed. The parties filed cross-motions for summary judgment. The Court asked for and received supplemental briefing regarding such motions, which are currently under submission, but has not yet rendered a final decision as to the cross-motions. No trial date has been set.

*DC Comics v. Pacific Pictures Corp., et al.*, Central District of California Case No. 10-CV-03633: DC Comics, defendant in the related cases described above, filed this lawsuit to attack the validity of the notices of termination served by Joe Shuster's heirs. Joanne Siegel and Laura Siegel Larson are named defendants along with the Shuster heirs only to the Third and Sixth Claims for relief, which seek declaratory relief under federal law and California's Unfair Competition Law.

*Current Status*: A motion to strike under California's Anti-SLAPP statute and three dispositive motions to dismiss have been fully-briefed and have been taken under submission by the Court. Discovery is ongoing. No trial date has been set.

LSL 00331

1    GARY M. RUTTENBERG, ESQ.  SBN: 48590
     STEFANIE S. CUTLER, ESQ.   SBN: 254364
2    BLOOM & RUTTENBERG
     11111 Santa Monica Blvd., Ste. 1840
3    Los Angeles, CA  90025-3344
     Telephone: (310)  444-1979
4    Facsimile:  (310) 444-1917

5

6    Attorneys for Laura Siegel, Petitioner

7

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                    FOR THE COUNTY OF LOS ANGELES

11

12   In the matter of the Estate of          )   CASE NO.:  BP127358
                                             )
13                                           )   **CONFIDENTIAL** LODGING IN THE
        JOANNE SIEGEL                        )   **MATTER OF THE EX PARTE**
14                                           )   **PETITION FOR PROBATE FOR**
                                             )   **SPECIAL ADMINISTRATION OF**
15                          Deceased         )   **MARC TOBEROFF'S ENGAGEMENT**
                                             )   **LETTER FOR PROFESSIONAL**
16                                           )   **SERVICES AND AMENDMENT**
                                             )   **THERETO**
17   _____        )
                                                 DATE:
18                                               TIME:          8:30 AM
                                                 DEPT. NO.:
19                                               JUDGE:

20

21

22

23

24

25

26

27

28

                                    1

**CONFIDENTIAL** LODGING IN THE MATTER OF THE EX PARTE PETITION FOR
PROBATE FOR SPECIAL ADMINISTRATION OF MARC TOBEROFF'S ENGAGEMENT
LETTER FOR PROFESSIONAL SERVICES AND AMENDMENT THERETO
EXHIBIT D

ORIGINAL FILED
MAR 0 8 2011
LOS ANGELES
SUPERIOR COURT

RECEIVED
MAR 0 8 2011
PROBATE DEPT.
SUPERIOR COURT

COPY

LSL 00332

GARY M. RUTTENBERG, ESQ.  SBN: 48590
STEFANIE S. CUTLER, ESQ.   SBN: 254364
BLOOM & RUTTENBERG
11111 Santa Monica Blvd., Ste. 1840
Los Angeles, CA  90025-3344
Telephone: (310) 444-1979
Facsimile:  (310) 444-1917

**ORIGINAL FILED**

MAR 0 8 2011

**LOS ANGELES
SUPERIOR COURT**

Attorneys for Laura Siegel, Petitioner

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| In the matter of the Estate of | CASE NO.:  BP127358 |
| JOANNE SIEGEL | **DECLARATION OF MARY CARRIER RE NOTICE OF EX PARTE APPLICATION AND EX PARTE FOR PETITION FOR LETTERS OF SPECIAL ADMINISTRATION** |
| Deceased | |
| | DATE:<br>TIME:       8:30 AM<br>DEPT. NO.:<br>JUDGE: |

I, Mary Carrier, declare:

     1.     I am a legal assistant for Gary M. Ruttenberg, Esq., with the office located at 11111 Santa Monica Blvd., Suite 1840, Los Angeles, CA 90025.

     2.     All the facts set forth herein are of my own personal knowledge, and if called upon to testify thereto, I could and would competently do so.

     3.     On March 4, 2011, at approximately 4:14 p.m. I spoke with Michael Ken Larson and to James Robert Larson.

     4.     On March 4, 2011, at approximately 4:17 I left a message on the home phone for Sophie Halko, Sister to Petitioner,  I also left message for her son, Gregory on his cell phone 4:18 on March 4, 2011.

1

DECLARATION OF MARY CARRIER  RE NOTICE OF EX PARTE APPLICATION AND
EX PARTE FOR PETITION FOR LETTERS OF SPECIAL ADMINISTRATION  LSL 00333

1       5.     On March 4, 2011, at approximately 4:55 p.m., I spoke with George Zadoronzny, a

2  friend of the decedent.

3       6.     On March 7, 2011, at approximately 1:20 p.m., I called City National Bank and left

4  a message for the legal department to returned my call.  I received a return call from Veronica at

5  2:56 p.m., I faxed a copy of the Petition to her and gave her notice of the hearing.  A copy of the

6  proof of fax is attached.

7       7.     I informed them that Gary M. Ruttenberg would be going into Court Ex Parte on

8  March 8, 2011 at 8:00 a.m. in Room 258 with regard to the Ex Parte Petition for Probate and

9  Letters of Special Administration.

10       I declare under penalty of perjury under the laws of the State of California that the

11  foregoing is true and correct.

12

13  DATED: March 7, 2011

14                                           MARY CARRIER

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

EXHIBIT F

70

LSL 00334

# BLOOM & RUTTENBERG

A PARTNERSHIP INCLUDING A PROFESSIONAL CORPORATION

GARY M. RUTTENBERG *
ALLAN BLOOM †

STEFANIE S. CUTLER

\* CERTIFIED SPECIALIST IN PROBATE,
ESTATE PLANNING & TRUST LAW
BY THE STATE BAR OF CALIFORNIA
BOARD OF LEGAL SPECIALIZATION

* FELLOW, AMERICAN COLLEGE OF
TRUST AND ESTATE COUNSEL

* A PROFESSIONAL CORPORATION

† ALSO ADMITTED TO PRACTICE IN
MICHIGAN

11111 SANTA MONICA BOULEVARD
SUITE 1840
LOS ANGELES, CALIFORNIA 90025-3352
WWW.BLOOM-RUTTENBERG.COM

TELEPHONE
(310) 444-1979

FACSIMILE
(310) 444-1917

E-MAIL
allbloom@aol.com

E-MAIL
ruttenberg@aol.com

## FACSIMILE TRANSMISSION

DATE/TIME:    March 7, 2011 (2:56pm)

TO:    Veronica    FAX: 213-673-9620

COMPANY:    City National Bank

SUBJECT:    Estate of Joanne Siegel, deceased

FROM:    MARY CARRIER, LEGAL ASSISTANT TO GARY M. RUTTENBERG, ESQ.

NUMBER OF PAGES (INCLUDING THIS COVER SHEET): 26

DOCUMENT(S) TO FOLLOW: Petition for Letters of Special Administration

PLEASE NOTIFY PERSON TO WHOM FAX IS DIRECTED UPON RECEIPT.

PLEASE CALL IF PROBLEMS RECEIVING OR IF PAGES ARE MISSING.

[  ] FOR YOUR INFORMATION          [  ] PLEASE COMMENT/HANDLE
[ x ] PER YOUR REQUEST             [  ] PLEASE TELEPHONE SENDER
[  ] OTHER:

**SPECIAL INSTRUCTIONS:**  Dear Veronica: Attached it the Petition as noted above.  Notice if hereby given that we will be going in Ex Parte tomorrow morning at 8:00 a.m., in Room 258 of the Los Angeles Superior Court located at 111 N. Hill Street, Los Angeles, California 90025.  City National Bank was named as Alternative Executor if the daughter, Laura Siegel Larson could not or did not wish to act as Executor.

If you have any questions, please call Mr. Ruttenberg at 310-444-1979

*IRS Circular 230 Notice:* Any U.S. Federal tax advice contained in the foregoing communication (including any attachments) was not intended to be used, and cannot be used, by any person for the purpose of avoiding tax penalties that may be imposed with respect to the matters addressed. No one, without our express prior written permission, may use any part of this communication (including any attachments) in promoting, marketing or recommending an arrangement relating to any federal tax matter to one or more taxpayers. THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS ATTORNEY PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE.  IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED.  IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US BY TELEPHONE IMMEDIATELY, AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS.

EXHIBIT F
71

LSL 00335

BLOOM & RUTTENBERG    Fax:310-444-1817    #916806

## ** Transmit Confirmation Report **

P. 1                                                                    Mar  7 2011 03:02pm

| Name/Fax No. | Mode | Start | Time | Page | Result | Note |
|---|---|---|---|---|---|---|
| 812136739620 | Normal | 07,02:57pm | 4'52" | 26 | # O K | |

LAW OFFICES

# BLOOM & RUTTENBERG
A PARTNERSHIP INCLUDING A PROFESSIONAL CORPORATION

11111 SANTA MONICA BOULEVARD
SUITE 1840
LOS ANGELES, CALIFORNIA 90025-3352
WWW.BLOOM-RUTTENBERG.COM

GARY M. RUTTENBERG *
ALLAN BLOOM †

STEFANIE S. CUTLER

* CERTIFIED SPECIALIST IN PROBATE,
ESTATE PLANNING & TRUST LAW
BY THE STATE BAR OF CALIFORNIA
BOARD OF LEGAL SPECIALIZATION

† FELLOW, AMERICAN COLLEGE OF
TRUST AND ESTATE COUNSEL
† A PROFESSIONAL CORPORATION
† ALSO ADMITTED TO PRACTICE IN
MICHIGAN

TELEPHONE
(310) 444-1979

FACSIMILE
(310) 444-1817

E-MAIL
alfbloom@aol.com

E-MAIL
ruttenberg@aol.com

## FACSIMILE TRANSMISSION

DATE/TIME:     March 7, 2011 (2:56pm)

TO:            Veronica        FAX: 213-673-9620

COMPANY:       City National Bank

SUBJECT:       Estate of Joanne Siegel, deceased

FROM:          MARY CARRIER, LEGAL ASSISTANT TO GARY M. RUTTENBERG, ESQ.

NUMBER OF PAGES (INCLUDING THIS COVER SHEET): 26

DOCUMENT(S) TO FOLLOW: Petition for Letters of Special Administration

PLEASE NOTIFY PERSON TO WHOM FAX IS DIRECTED UPON RECEIPT.

PLEASE CALL IF PROBLEMS RECEIVING OR IF PAGES ARE MISSING.

[  ] FOR YOUR INFORMATION          [  ] PLEASE COMMENT/HANDLE
[ x ] PER YOUR REQUEST             [  ] PLEASE TELEPHONE SENDER
[  ] OTHER:

**SPECIAL INSTRUCTIONS:**  Dear Veronica: Attached it the Petition as noted above.  Notice if hereby given that we will be going in Ex Parte tomorrow morning at 8:00 a.m., in Room 258 of the Los Angeles Superior Court located at 111 N. Hill Street, Los Angeles, California 90025.  City National Bank was named as Alternative Executor if the daughter, Laura Siegel Larson could not or did not wish to act as Executor.

If you have any questions, please call Mr. Ruttenberg at 310-444-1979

IRS Circular 230 Notice: Any U.S. Federal tax advice contained in the foregoing communication (including any attachments) was not intended to be used, and cannot be used, by any person for the purpose of avoiding tax penalties that may be imposed with respect to the matters addressed. No one, without our express prior written permission, may use any part of this communication (including any attachments) in promoting, marketing or recommending an arrangement relating to any federal tax matter to one or more taxpayers. THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS ATTORNEY PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US BY TELEPHONE IMMEDIATELY, AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS.

EXHIBIT F

LSL 00336

DE-140

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):* | TELEPHONE AND FAX NOS.: | FOR COURT USE ONLY |
|---|---|---|
| GARY M. RUTTENBERG   SB#4859C<br>BLOOM & RUTTENBERG<br>11111 Santa Monica Blvd. #1840<br>Los Angeles, CA 90025 | 310-444-1979<br>310-444-1917 | **FILED**<br>LOS ANGELES SUPERIOR COURT<br>MAR 08 2011<br>John A. Clarke, Executive Officer/ Clerk<br>By_____ Deputy |

ATTORNEY FOR *(Name):* Petitioner

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Strett
MAILING ADDRESS: -- same --
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: CENTRAL

ESTATE OF *(Name):* JOANNE SIEGEL

DECEDENT

| ORDER<br>APPOINTING | ORDER FOR PROBATE | CASE NUMBER: |
|---|---|---|
| | ☐ Executor<br>☐ Administrator with Will Annexed<br>☐ Administrator   ☒ Special Administrator<br>☐ Order Authorizing Independent Administration of Estate<br>☐ with full authority ☐ with limited authority | BP127358 |

**WARNING: THIS APPOINTMENT IS NOT EFFECTIVE UNTIL LETTERS HAVE ISSUED.**

1. Date of hearing: MAR 08 2011    Time:_____    Dept./Room:_____    Judge:_____

**THE COURT FINDS**

2. a. All notices required by law have been given.
   b. Decedent died on *(date):* Feb. 12, 2011
      (1) ☒ a resident of the California county named above.
      (2) ☐ a nonresident of California and left an estate in the county named above.
   c. Decedent died
      (1) ☐ intestate
      (2) ☐ testate
      and decedent's will dated:_____    and each codicil dated:_____
      was admitted to probate by Minute Order on *(date):*

**THE COURT ORDERS**

3. *(Name):* LAURA SIEGEL LARSON
   is appointed **personal representative:**
   a. ☐ executor of the decedent's will
   b. ☐ administrator with will annexed
   c. ☐ administrator
   
   d. ☒ special administrator
      (1) ☐ with general powers
      (2) ☒ with special powers as specified in Attachment 3d(2)
      (3) ☐ without notice of hearing
      (4) ☒ letters will expire on *(date):* 4-6-11

   and letters shall issue on qualification.

4. a. ☐ **Full authority** is granted to administer the estate under the Independent Administration of Estates Act.
   b. ☐ **Limited authority** is granted to administer the estate under the Independent Administration of Estates Act (there is no authority, without court supervision, to (1) sell or exchange real property or (2) grant an option to purchase real property or (3) borrow money with the loan secured by an encumbrance upon real property).

5. a. ☒ Bond is not required.
   b. ☐ Bond is fixed at: $_____ to be furnished by an authorized surety company or as otherwise provided by law.
   c. ☐ Deposits of: $_____ are ordered to be placed in a blocked account at *(specify institution and location):*_____
      and receipts shall be filed. No withdrawals shall be made without a court order. ☐ Additional orders in Attachment 5c.
   d. ☒ The personal representative is not authorized to take possession of money or any other property without a specific court order.

6. ☐ *(Name):*_____ is appointed probate referee.

Date:_____

7. Number of pages attached:_____

|  | JUDGE OF THE SUPERIOR COURT |
|---|---|
| | ☒ SIGNATURE FOLLOWS LAST ATTACHMENT |

Form Approved by the<br>Judicial Council of California<br>DE-140 [Rev. January 1, 1998]<br>Mandatory Form [1/1/2000]

**ORDER FOR PROBATE**

©EB

Probate Code, §§ 8006, 8400

**ORIGINAL**

LSL 00337

EXHIBIT F
73

Estate of Joanne Siegel, Deceased                              Case No. _____

### Attachment 3f(2)
### Order Appointing Special Administrator

The Special Administrator, Laura Siegel Larson, is granted the power to do all of the following without further order of this Court:

1.  Substitute in and represent the interests of Joanne Siegel to maintain, defend and/or settle the litigation in the three following actions:

    a.  **Joanne Siegel, et al v. Warner Bros. Entertainment Inc., et al.**, United States District Court for the Central District of California, Case No. 04-CV-8400 ODW (RZx).

    b.  **Joanne Siegel, et al. v. Time Warner Inc., et al.**, United States District Court for the Central District of California, Case No. 04-CV-8776 ODS (RZx)

    c.  **DC Comics v. Pacific Pictures Corp., et al.**, Central District of California Case No. 10-CV-03633.

2.  Continue to retain the Law Offices of Marc Toberoff as counsel in the above three actions pursuant to the original retention agreement letter and first amendment thereto between Marc Toberoff, Joanne Siegel and Laura Siegel Larson, a copy of which was lodged with the court on a "confidential basis."

Dated: _____MAR 0 8 2011_____        _Reva G. Goetz_____

                                        JUDGE OF THE SUPERIOR COURT

                                        REVA G. GOETZ, Judge

I certify that this is a true and correct copy of the original _Order_ on file in this office consisting of _2_ pages. JOHN A. CLARKE, Executive Officer/Clerk of the Superior Court of California, County of Los Angeles

Date: MAR 1 8 2011    By: _____ Deputy

RICARDO PEREZ

LSL 00338

DE-111

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
GARY M. RUTTENBERG    SB#48590
BLOOM & RUTTENBERG
11111 Santa Monica Blvd. #1840
Los Angeles, CA 90025
TELEPHONE NO: 310-444-1979    FAX NO. (Optional): 310-444-1917
E-MAIL ADDRESS (Optional): ruttenberg@aol.com
ATTORNEY FOR (Name): Petitioner

FOR COURT USE ONLY

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

MAR 8 – 2011

John A. Clarke, Executive Officer/Clerk

BY _____
E. Alvarez

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: -- same --
CITY AND ZIP CODE: Los Angeles    CA    90012
BRANCH NAME: CENTRAL

ESTATE OF (Name): JOANNE SIEGEL

DECEDENT

| | |
|---|---|
| PETITION FOR [X] Probate of Will and for Letters Testamentary<br>[ ] Probate of Will and for Letters of Administration with Will Annexed<br>[ ] Letters of Administration<br>[ ] Letters of Special Administration [ ] with general powers<br>[X] Authorization to Administer Under the Independent Administration of Estates Act [ ] with limited authority | CASE NUMBER: BP127358<br><br>HEARING DATE: 4/6/11<br><br>DEPT.: 9    TIME: 8:30 |

1. Publication will be in (specify name of newspaper): Metro News or its designee
   a. [X] Publication requested.
   b. [ ] Publication to be arranged.

2. Petitioner (name each): LAURA SIEGEL LARSON                    requests that
   a. [X] decedent's will and codicils, if any, be admitted to probate.
   b. [X] (name): LAURA SIEGEL LARSON
         be appointed
         (1) [X] executor
         (2) [ ] administrator with will annexed
         (3) [ ] administrator
         (4) [ ] special administrator [ ] with general powers
         and Letters issue upon qualification.
   c. [X] full [ ] limited authority be granted to administer under the Independent Administration of Estates Act.
   d. (1) [X] bond not be required for the reasons stated in item 3d.
      (2) [ ] $_____ bond be fixed. The bond will be furnished by an admitted surety insurer or as otherwise provided by law. (Specify reasons in Attachment 2 if the amount is different from the maximum required by Prob. Code, § 8482.)
      (3) [ ] $_____ in deposits in a blocked account be allowed. Receipts will be filed. (Specify institution and location):

3. a. Decedent died on (date): Feb. 12, 2011 at (place): Los Angeles, CA
      (1) [X] a resident of the county named above.
      (2) [ ] a nonresident of California and left an estate in the county named above located at (specify location permitting publication in the newspaper named in item 1):

   b. Street address, city, and county of decedent's residence at time of death (specify):
      13919 Marquesas Way - Apartment 201A, City of Los Angeles [Marina del Rey], County of Los Angeles, California 90292

Page 1 of 4

PETITION FOR PROBATE
(Probate—Decedents Estates)

Probate Code, §§ 8002, 10450;
www.courtinfo.ca.gov

COPY

LSL 00339

EXHIBIT F
75

DE-111

| ESTATE OF *(Name):* JOANNE SIEGEL | CASE NUMBER: |
|---|---|
| DECEDENT | |

3. c.  **Character and estimated value of the property of the estate** *(complete in all cases):*

    (1)  Personal property:                                                     $

    (2)  Annual gross income from        *WILL WAIVES BOND*

        (a)  real property:                       $

                                *PROPERTY VALUES UNDETERMINED*

        (b)  personal property:                 $

    (3)  **Subtotal** *(add (1) and (2)):*                      $                  0.00

    (4)  Gross fair market value of real property:   $

    (5)  (Less) Encumbrances:                  $(                 )

    (6)  Net value of real property:                    $                  0.00

    (7)  **Total** *(add (3) and (6)):*                        $                  0.00

  d.  (1)  [X]  Will waives bond.  [ ]  Special administrator is the named executor, and the will waives bond.

      (2)  [ ]  All beneficiaries are adults and have waived bond, and the will does not require a bond.
           *(Affix waiver as Attachment 3d(2).)*

      (3)  [ ]  All heirs at law are adults and have waived bond. *(Affix waiver as Attachment 3d(3).)*

      (4)  [ ]  Sole personal representative is a corporate fiduciary or an exempt government agency.

  e.  (1)  [ ]  Decedent died intestate.

      (2)  [X]  Copy of decedent's will dated: Nov. 14, 2000  [ ]  codicil dated *(specify for each):*

                                           are affixed as Attachment 3e(2).

        *(Include typed copies of handwritten documents and English translations of foreign-language documents.)*

        [X]  The will and all codicils are self-proving (Prob. Code, § 8220).

  f.  **Appointment of personal representative** *(check all applicable boxes):*

    (1)  Appointment of executor or administrator with will annexed:

        (a)  [X]  Proposed executor is named as executor in the will and consents to act.

        (b)  [ ]  No executor is named in the will.

        (c)  [ ]  Proposed personal representative is a nominee of a person entitled to Letters.
             *(Affix nomination as Attachment 3f(1)(c).)*

        (d)  [ ]  Other named executors will not act because of  [ ]  death  [ ]  declination
             [ ]  other reasons *(specify):*

             [ ]  Continued in Attachment 3f(1)(d).

    (2)  Appointment of administrator:

        (a)  [ ]  Petitioner is a person entitled to Letters. *(If necessary, explain priority in Attachment 3f(2)(a).)*

        (b)  [ ]  Petitioner is a nominee of a person entitled to Letters. *(Affix nomination as Attachment 3f(2)(b).)*

        (c)  [ ]  Petitioner is related to the decedent as *(specify):*

    (3)  [ ]  Appointment of special administrator requested. *(Specify grounds and requested powers in Attachment 3f(3).)*

  g.  Proposed personal representative is a

    (1)  [X]  resident of California.

    (2)  [ ]  nonresident of California *(specify permanent address):*

    (3)  [X]  resident of the United States.

    (4)  [ ]  nonresident of the United States.

DE-111 [Rev. March 1, 2008]                 **PETITION FOR PROBATE**               Page 2 of 4
                                (Probate—Decedents Estates)                CEB

LSL 00340

DE-111

| ESTATE OF (Name): JOANNE SIEGEL | CASE NUMBER: |
|---|---|
| | DECEDENT |

4. [X] Decedent's will does not preclude administration of this estate under the Independent Administration of Estates Act.

5. a. Decedent was survived by *(check items (1) or (2), and (3) or (4), and (5) or (6), and (7) or (8))*
   - (1) [ ] spouse.
   - (2) [X] no spouse as follows:
     - (a) [ ] divorced or never married.
     - (b) [X] spouse deceased.
   - (3) [ ] registered domestic partner.
   - (4) [X] no registered domestic partner.
     *(See Fam. Code, § 297.5(c); Prob. Code, §§ 37(b), 6401(c), and 6402.)*
   - (5) [X] child as follows:
     - (a) [X] natural or adopted.
     - (b) [ ] natural adopted by a third party.
   - (6) [ ] no child.
   - (7) [ ] issue of a predeceased child.
   - (8) [X] no issue of a predeceased child.

   b. Decedent [ ] was [X] was not survived by a stepchild or foster child or children who would have been adopted by decedent but for a legal barrier. *(See Prob. Code, § 6454.)*

6. *(Complete if decedent was survived by (1) a spouse or registered domestic partner but no issue (only **a** or **b** apply), or (2) no spouse, registered domestic partner, or issue. (Check the **first** box that applies):*
   - a. [ ] Decedent was survived by a parent or parents who are listed in item 8.
   - b. [ ] Decedent was survived by issue of deceased parents, all of whom are listed in item 8.
   - c. [ ] Decedent was survived by a grandparent or grandparents who are listed in item 8.
   - d. [ ] Decedent was survived by issue of grandparents, all of whom are listed in item 8.
   - e. [ ] Decedent was survived by issue of a predeceased spouse, all of whom are listed in item 8.
   - f. [ ] Decedent was survived by next of kin, all of whom are listed in item 8.
   - g. [ ] Decedent was survived by parents of a predeceased spouse or issue of those parents, if both are predeceased, all of whom are listed in item 8.
   - h. [ ] Decedent was survived by no known next of kin.

7. *(Complete only if no spouse or issue survived decedent.)*
   - a. [ ] Decedent had no predeceased spouse.
   - b. [ ] Decedent had a predeceased spouse who
     - (1) [ ] died not more than 15 years before decedent and who owned an interest in **real property** that passed to decedent,
     - (2) [ ] died not more than five years before decedent and who owned **personal property** valued at $10,000 or more that passed to decedent,
       *(If you checked (1) or (2), check only the **first** box that applies):*
       - (a) [ ] Decedent was survived by issue of a predeceased spouse, all of whom are listed in item 8.
       - (b) [ ] Decedent was survived by a parent or parents of the predeceased spouse who are listed in item 8.
       - (c) [ ] Decedent was survived by issue of a parent of the predeceased spouse, all of whom are listed in item 8.
       - (d) [ ] Decedent was survived by next of kin of the decedent, all of whom are listed in item 8.
       - (e) [ ] Decedent was survived by next of kin of the predeceased spouse, all of whom are listed in item 8.
     - (3) [ ] neither (1) nor (2) apply.

8. Listed on the next page are the names, relationships to decedent, ages, and addresses, so far as known to or reasonably ascertainable by petitioner, of (1) all persons mentioned in decedent's will or any codicil, whether living or deceased; (2) all persons named or checked in items 2, 5, 6, and 7; and (3) all beneficiaries of a trust named in decedent's will or any codicil in which the trustee and personal representative are the same person.

---

DE-111 [Rev. March 1, 2008]

**PETITION FOR PROBATE**
(Probate—Decedents Estates)

Page 3 of 4



EXHIBIT F
77

LSL 00341

DE-111

| ESTATE OF *(Name):* JOANNE SIEGEL | CASE NUMBER: |
|---|---|
| | DECEDENT |

8.   Name and relationship to decedent

| | Age | Address |
|---|---|---|
| LAURA SIEGEL LARSON<br>Daughter/Petitioner | Adult | 6400 Pacific Avenue #106 **<br>Playa del Rey, CA 90293 |
| SOPHIE HALKO<br>Sister | Adult | 3609 Dawning Avenue<br>Cleveland, Ohio 44109-4843 |
| MICHAEL KENT LARSON<br>Grandson | Adult | 6400 Pacific Avenue #106 **<br>Playa del Rey, CA 90293 |
| JAMES ROBERT LARSON<br>Grandson | Adult | 6400 Pacific Avenue #106 **<br>Playa del Rey, CA 90293 |
| GEORGE ZADOROZNY, ESQ.<br>Stranger in blood | Adult | 6529 Nautical Isle<br>Hudson, FL 34677 |
| JEROME SIEGEL<br>Predeceased spouse [D/D 1/28/96] | --- | |
| CITY NATIONAL BANK<br>Nominated alternate Executor | --- | 8641 Wilshire Blvd. #101<br>Beverly Hills, CA 90211 |

**   MULTIPLE PERSON LIVING
       AT SAME RESIDENCE

[ ]  Continued on Attachment 8.

9.  Number of pages attached: 20

Date: March 3, 2011

GARY M. RUTTENBERG
(TYPE OR PRINT NAME OF ATTORNEY )

▶ _____
(SIGNATURE OF ATTORNEY)*

* (Signatures of all petitioners are also required.  All petitioners must sign, but the petition may be verified by any one of them (Prob. Code, §§ 1020, 1021; Cal. Rules of Court, rule 7.103).)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

March 3, 2011
(TYPE OR PRINT NAME OF PETITIONER)

▶ _____
(SIGNATURE OF PETITIONER)

LAURA SIEGEL LARSON
(TYPE OR PRINT NAME OF PETITIONER)

*Laura Siegel Larson*
(SIGNATURE OF PETITIONER)

[ ]  Signatures of additional petitioners follow last attachment.

DE-111 [Rev. March 1, 2008]

**PETITION FOR PROBATE**
(Probate—Decedents Estates)

Page 4 of 4

CEB

LSL 00342

In the matter of the Estate of
JOANNE SIEGEL

Attachment 3e(2)

**ATTACHMENT 3e(2)**

LSL 00343

LAST WILL OF

JOANNE SIEGEL

I, JOANNE SIEGEL, a resident of Los Angeles County, California, declare that this is my will. I hereby revoke all my previous wills and codicils.

## ARTICLE ONE

### INTRODUCTORY PROVISIONS

1.1. <u>Marital Status</u>. I am not currently married. I was previously married to JEROME, who died on January 28, 1996.

1.2. <u>Identification of Living Child</u>. I have one living child, LAURA SIEGEL LARSON, born March 21, 1951.

1.3. <u>No Deceased Children</u>. I have no deceased children.

1.4. <u>Definitions of Child, Children, and Issue</u>. As used in this will, the terms "child" and "children" refer to all persons referred to in California Probate Code Section 26, as in effect at the time of execution of this will, and the term "issue" refers to all persons referred to in California Probate Code Section 50, as in effect at the time of execution of this will.

## ARTICLE TWO

### PARTICULAR GIFTS

2.1. <u>Tangible Personal Property</u>. I give all of my tangible personal property, including my interest in any insurance on that property, to LAURA SIEGEL LARSON, my daughter, if she survives me, and if she does not survive me, this gift shall lapse.

**CONFIDENTIAL**

EXHIBIT F

**LSL 00344**

2.2.  <u>Specific Gift of Termination Rights and/or Intellectual Property Rights to LAURA SIEGEL LARSON</u>.  I give all Termination Rights and/or Intellectual Property Rights relating "Superman" to LAURA SIEGEL LARSON, my daughter, if she survives me, and if she does not survive me, these rights shall go to my issue who survive me in the manner set forth in section 3.1(b) of this will.  This is a specific gift, and if at the time of my death, there are no such Rights in my estate, the gift shall fail and the executor shall not resort to other property in my estate to satisfy the gift.  If, between the date of this will and the date of my death, any change or adjustment is made in the Rights this gift shall be adjusted as appropriate to reflect that change or adjustment.

2.3.  <u>General Pecuniary Gifts</u>.  I make the following general pecuniary gifts:

   (a)  I give a pecuniary gift of twenty-five thousand dollars ($25,000) to MICHAEL KENT LARSON, my grandson, if he survives me, and if he does not survive me, this gift shall lapse.

   (b)  I give a pecuniary gift of twenty-five thousand dollars ($25,000) to JAMES ROBERT LARSON, my grandson, if he survives me, and if he does not survive me, this gift shall lapse.

   (c)  I give a pecuniary gift of ten thousand dollars ($10,000) to SOPHIE HALKO, my sister, if she survives me, and if she does not survive me, this gift shall be distributed to her then-living issue in the manner provided in California Probate Code section 240, or if there are none, this gift shall lapse.

   (d)  I give a pecuniary gift of ten thousand dollars ($10,000) to GEORGE ZADOROZNY, ESQ., of 651 Timber Bay Circle West, Oldsman, Florida 34677, if he survives me, and if he does not survive me, this gift shall go to his wife SILVIA, if she is then-surviving, or if she is not, this gift shall lapse.

With respect to the foregoing, if any beneficiary is under the age of twenty-five (25) years, the gift to that beneficiary shall be distributed instead to my executor named herein as Custodian under

2

the California Uniform Transfers To Minors Act until the beneficiary attains the age of twenty-five (25) years.

2.4. <u>No Interest on General Pecuniary Gifts</u>.  No interest shall be paid on any general pecuniary gift made in this will.

ARTICLE THREE

RESIDUARY PROVISIONS

3.1. <u>Disposition of Residue</u>.  I give the residue of my estate as follows:

(a)  If my daughter, LAURA SIEGEL LARSON ("LAURA"), survives me, I give the residue of my estate outright to her.

(b)  If LAURA does not survive me but issue of LAURA survive me, I give the residue of my estate outright to those issue in the manner provided in California Probate Code Section 240.  However, if an individual issue has not reached the age of 40 years at my death, that issue's share shall be held, administered, and distributed by the trustee in a separate trust for that issue according to the terms set forth in Article Four applicable to the Separate Share Trust for Issue.

(c)  If LAURA does not survive me and leaves no issue who survive me, I give the residue of my estate to the then-living issue of LAURA.

(d)  If the residue of my estate is not completely disposed of by the preceding provisions, I give the undisposed-of portion of the residue to my heirs.

ARTICLE FOUR

TRUST DISTRIBUTIONS

4.1. <u>Separate Share Trust for Issue</u>.  Each portion of my estate and each portion of the trust property of a trust created by my will that are allocated to a Separate Share Trust for Issue for the benefit of the beneficiary, as defined in subsection (a), below, when that beneficiary is

3

under the age of forty (40) years shall be held, administered, and distributed by the trustee as a separate trust, as follows:

(a) <u>Beneficiary</u>. The beneficiary of this trust is the individual issue of a deceased child of mine or the individual issue of mine, as the case may be, for whom this trust is created pursuant to the other provisions of this will.

(b) <u>Discretionary Payments of Income Until Age 25</u>. The trustee shall pay to or apply for the benefit of the beneficiary, until the beneficiary reaches the age of twenty-five (25) years, as much of the net income of the trust as the trustee deems proper for that beneficiary's health, education, support, and maintenance. In exercising discretion, the trustee shall give the consideration that the trustee deems proper to all other income and resources that are known to the trustee and that are readily available to the beneficiary for use for these purposes. All decisions of the trustee regarding payments under this subsection, if any, are within the trustee's discretion and shall be final and incontestable by anyone. The trustee shall accumulate and add to principal any net income not distributed.

(c) <u>Mandatory Payments of Income After Age 25</u>. After the beneficiary reaches the age of 25 years, the trustee shall pay to or apply for the benefit of the beneficiary all of the net income of the trust, in monthly or other convenient installments, but not less often than annually, for the term of the trust.

(d) <u>Discretionary Payments of Principal</u>. At any time or times during the trust term, the trustee shall pay to or apply for the benefit of the beneficiary as much of the principal of the trust as the trustee deems proper for that beneficiary's health, education, support, and maintenance. In exercising discretion, the trustee shall give the consideration that the trustee deems proper to all other income and resources that are known to the trustee and that are readily available to the beneficiary for use for these purposes. All decisions of the trustee regarding payments under this subsection, if any, are within the trustee's discretion and shall be final and incontestable by anyone.

(e) <u>Distribution of Individual Trusts in Three Stages for Beneficiary</u>. When a beneficiary reaches the age of 30 years, the trustee shall distribute to the child one third (1/3) of the principal of the beneficiary's individual trust. When a beneficiary reaches the age of 35 years, the trustee shall distribute to the child one half (½) of the principal of the beneficiary's individual trust. When a beneficiary reaches the age of 40 years, the trustee shall distribute the remaining trust property (including all income then accrued but uncollected and all net income then remaining in the hands of the trustee) to the beneficiary outright. If a beneficiary has already reached the age of 30 or 35 years when the Trust for Issue is established, then on

4

the establishment of the trust, the trustee shall distribute to the beneficiary one third (1/3) or one half (½) of the beneficiary's share of the principal of the trust, and the balance shall be retained in an individual trust for the beneficiary pursuant to the applicable provisions of this section. If a living beneficiary has already reached the age of 40 years when the Trust for Issue is established, then on the establishment of the trust, the trustee shall distribute outright to the beneficiary all of the beneficiary's share.

(f) <u>Final Disposition</u>. If the trust property is not completely disposed of by the preceding provisions, the undisposed-of portion shall be distributed outright to my then-living issue in the manner provided in California Probate Code Section 240. If any trust property then remains undisposed, that undisposed trust property shall be distributed outright to my heirs.

4.2.  <u>Delayed Income Rule Inapplicable to Disposition of Underproductive Property</u>. Notwithstanding the provisions of the California Revised Uniform Principal and Income Act, the trustee shall not be required to allocate to income, as delayed income, any part of the proceeds received from the sale, exchange, or other disposition of an underproductive asset.

4.3.  <u>Spendthrift Clause</u>. The interests of each trust beneficiary under this will are not transferable by voluntary or involuntary assignment or by operation of law, and shall be free from the claims of creditors and from attachment, execution, bankruptcy, and other legal process, to the maximum extent permitted by law. If any such transfer is made or attempted by or against a trust beneficiary, all further trust payments of income or principal or both to that beneficiary (and any right of that beneficiary to such payments) shall be suspended for a period of time or indefinitely (but not for longer than the term of the trust) as the trustee determines. In lieu of payments to the beneficiary, the trustee may apply so much of the trust income or principal or both to which the beneficiary would otherwise be entitled as the trustee deems necessary for the beneficiary's education and support. All trust income (to which the beneficiary would otherwise

5

be entitled) not so applied shall in the discretion of the trustee be accumulated and added to trust

principal at such time or times as the trustee deems proper.

ARTICLE FIVE

EXECUTOR

5.1.  <u>Nomination of Executor</u>.  I nominate LAURA SIEGEL LARSON, my daughter, as

executor of this will.

5.2.  <u>Successor Executors</u>.  If LAURA SIEGEL LARSON is unable (by reason of death,

incapacity, or any other reason) or unwilling to serve as executor, or if at any time the office of

executor becomes vacant, by reason of death, incapacity, or any other reason, and no successor

executor or coexecutors have been designated under any other provision of this will, then I

nominate CITY NATIONAL BANK, Beverly Hills Main Office, as successor executor.  If CITY

NATIONAL BANK is unwilling or unable to serve as successor executor, a new executor or

coexecutors shall be appointed by the court.

5.3.  <u>Definition of Executor</u>.  The term "executor," as used in this will, refers to each

personal representative of my estate who is serving at the pertinent time.

5.4.  <u>Waiver of Bond</u>.  No bond or undertaking shall be required of any executor

nominated in this will.

5.5.  <u>General Powers of Executor</u>.  The executor shall have full authority to administer my

estate under the California Independent Administration of Estates Act.  The executor shall have

all powers now or hereafter conferred on executors by law, except as otherwise specifically

provided in this will, including any powers enumerated in this will.

6

CONFIDENTIAL

EXHIBIT F
85

LSL 00349

5.6.  <u>Power to Invest</u>.  The executor shall have the power to invest and reinvest any money of my estate not reasonably required for the immediate administration of my estate in any kind of property, real, personal, or mixed, and in any kind of investment, including but not limited to improved and unimproved real property, interest-bearing accounts, certificates of deposit, corporate and governmental obligations of any kind, preferred or common stocks, mutual funds, investment trusts, money-market funds, taxable and tax-exempt commercial paper, repurchase and reverse repurchase agreements, and stocks, obligations, and shares or units of common trust funds of any corporate fiduciary.

5.7.  <u>Division or Distribution in Cash or in Kind</u>.  In order to satisfy a pecuniary gift or to distribute or divide estate assets into shares or partial shares, the executor may distribute or divide those assets in kind, or divide undivided interests in those assets, or sell all or any part of those assets and distribute or divide the property in cash, in kind, or partly in cash and partly in kind. Property distributed to satisfy a pecuniary gift under this will shall be valued at its fair market value at the time of distribution.

5.8.  <u>Power to Make Tax Elections</u>.  To the extent permitted by law, and without regard to the resulting effect on any other provision of this will, on any person interested in my estate, or on the amount of taxes that may be payable, the executor shall have the power to choose a valuation date for tax purposes; choose the methods to pay any death taxes; elect to treat or use any item for state or federal estate or income tax purposes as an income tax deduction or an estate tax deduction; disclaim all or any portion of any interest in property passing to my estate at or after my death; and determine when an item is to be treated as taken into income or used as a tax deduction.

7

CONFIDENTIAL

LSL 00350

5.9.  <u>Power to Sell, Lease, and Grant Options to Purchase Property</u>.  The executor shall have the power to sell, at either public or private sale and with or without notice, lease, and grant options to purchase any real or personal property belonging to my estate, on such terms and conditions as the executor determines to be in the best interest of my estate.

5.10.  <u>Payments to Legally Incapacitated Persons</u>.  If at any time any beneficiary under this will is a minor or it appears to the executor that any beneficiary is incapacitated, incompetent, or for any other reason not able to receive payments or make intelligent or responsible use of the payments, then the executor, in lieu of making direct payments to the beneficiary, may make payments to the beneficiary's conservator or guardian; to the beneficiary's custodian under the Uniform Gifts to Minors Act or Uniform Transfers to Minors Act of any state; to one or more suitable persons, as the executor deems proper, such as a relative or a person residing with the beneficiary, to be used for the benefit of the beneficiary; to any other person, firm, or agency for services rendered or to be rendered for the beneficiary's assistance or benefit; or to accounts in the beneficiary's name with financial institutions.  The receipt of payments by any of the foregoing shall constitute a sufficient acquittance of the executor for all purposes.


ARTICLE SIX

TRUSTEE

6.1.  <u>Nomination of Trustee</u>.  I nominate LAURA SIEGEL LARSON, my daughter, as trustee of any trust created under this will.

6.2.  <u>Successor Trustees</u>.  If LAURA SIEGEL LARSON is unable (by reason of death, incapacity, or any other reason) or unwilling to serve as trustee, or if at any time the office of

8

trustee becomes vacant, by reason of death, incapacity, or any other reason, and no successor trustee or cotrustees have been designated under any other provision of this will, then I nominate CITY NATIONAL BANK, Beverly Hills Main Office, as successor trustee.  If CITY NATIONAL BANK is unwilling or unable to serve as successor trustee, a new trustee or cotrustees shall be appointed by the court.

6.3.  <u>Definition of Trustee</u>.  Reference in this will to the "trustee" shall be deemed a reference to whoever is serving as trustee or cotrustees, and shall include alternate or successor trustees or cotrustees, unless the context requires otherwise.

6.4.  <u>Waiver of Bond</u>.  No bond or undertaking shall be required of any trustee nominated in this will.

6.5.  <u>Compensation of Trustee</u>.  The trustee shall be entitled to reasonable compensation for services rendered, payable without court order.

6.6.  <u>Procedure for Resignation</u>.  Any trustee may resign at any time, without giving a reason for the resignation, by giving written notice, at least sixty (60) days before the time the resignation is to take effect, to any other trustee then acting, to any persons authorized to designate a successor trustee, to all living trust beneficiaries known to the trustee (or, in the case of a minor beneficiary, to the parent or guardian of that beneficiary), and to the successor trustee. A resignation shall be effective on written acceptance of the trust by the successor trustee.

6.7.  <u>General Powers of Trustee</u>.  To carry out the purposes of any trust created under this will, the trustee shall have all of the powers enumerated in this will and all powers now or hereafter conferred on trustees under California law, subject to any limitations stated elsewhere in this will.

CONFIDENTIAL

LSL 00352

6.8.  <u>Power to Retain Trust Property</u>.  The trustee shall have the power to retain property received into the trust at its inception or later added to the trust, as long as the trustee considers that retention in the best interests of the trust or in furtherance of my goals in creating the trust, as determined from this will, but subject to the standards of the prudent investor rule as set forth in the California Uniform Prudent Investor Act, as amended from time to time.

6.9.  <u>Power to Invest</u>.  Subject to the standards of the prudent investor rule as stated in the California Uniform Prudent Investor Act, as amended from time to time, the trustee shall have the power to invest and manage the trust assets as a prudent investor would, by considering the purposes, terms, distribution requirements, and other circumstances of the trust.

6.10.  <u>Power Over Unproductive Property</u>.  The trustee shall have the power to retain or acquire unproductive or underproductive property.

6.11.  <u>Combining Multi-Trust Property</u>.  Each trust created under this will shall constitute a separate trust and be administered accordingly; however, the assets of all of the trusts may be combined for bookkeeping purposes and held for the trust beneficiaries without physical division into separate trusts until time of distribution.

6.12.  <u>Early Termination of Trusts</u>.  The trustee shall have the power, in the trustee's discretion, to petition the court to terminate any trust created under this will whenever the fair market value of the trust falls below twenty-five thousand dollars ($25,000), or becomes so small in relation to the costs of administration as to make continuing administration uneconomical, or contrary to the primary purposes of the trust.  On termination, the trustee shall distribute the principal and any accrued or undistributed net income to the income beneficiaries in proportion to their shares of the income.  If no fixed amount of income is payable to specific beneficiaries, the

10

trustee shall distribute the principal and any accrued or undistributed net income in equal shares to those beneficiaries who would then be entitled to income payments from the trust.

6.13.  <u>Division or Distribution in Cash or in Kind</u>.  In order to satisfy a pecuniary gift or to distribute or divide trust assets into shares or partial shares, the trustee may distribute or divide those assets in kind, or divide undivided interests in those assets, or sell all or any part of those assets and distribute or divide the property in cash, in kind, or partly in cash and partly in kind. Property distributed to satisfy a pecuniary gift under this will shall be valued at its fair market value at the time of distribution.

6.14.  <u>Payments to Legally Incapacitated Persons</u>.  If at any time any trust beneficiary under this will is a minor or it appears to the trustee that any trust beneficiary is incapacitated, incompetent, or for any other reason not able to receive payments or make intelligent or responsible use of the payments, then the trustee, in lieu of making direct payments to the trust beneficiary, may make payments to the beneficiary's conservator or guardian; to the beneficiary's custodian under the Uniform Gifts to Minors Act or Uniform Transfers to Minors Act of any state; to one or more suitable persons, as the trustee deems proper, such as a relative or a person residing with the beneficiary, to be used for the benefit of the beneficiary; to any other person, firm, or agency for services rendered or to be rendered for the beneficiary's assistance or benefit; or to accounts in the beneficiary's name with financial institutions.  The receipt of payments by any of the foregoing shall constitute a sufficient acquittance of the trustee for all purposes.

6.15.  <u>Trustee's Liability</u>.  No trustee shall be liable to any interested party for acts or omissions of that trustee, except those resulting from that trustee's willful misconduct or gross

11

CONFIDENTIAL

LSL 00354

negligence. This standard shall also apply regarding a trustee's liability for the acts or omissions of any cotrustee, predecessor trustee, or agent employed by the trustee.

6.16. <u>Written Notice to Trustee</u>. Until the trustee receives written notice of any death or other event on which the right to payments from any trust may depend, the trustee shall incur no liability for disbursements made in good faith to persons whose interests may have been affected by that event.

6.17. <u>Duty to Account</u>. The trustee shall render accounts at least annually, at the termination of a trust, and on a change of trustees, to the persons and in the manner required by law.

ARTICLE SEVEN

CONCLUDING PROVISIONS

7.1. <u>Definition of Death Taxes</u>. The term "death taxes," as used in this will, shall mean all inheritance, estate, succession, and other similar taxes that are payable by any person on account of that person's interest in my estate or by reason of my death, including penalties and interest, but excluding the following:

(a)  Any additional tax that may be assessed under Internal Revenue Code Section 2032A.

(b)  Any federal or state tax imposed on a "generation-skipping transfer," as that term is defined in the federal tax laws, unless the applicable tax statutes provide that the generation-skipping transfer tax on that transfer is payable directly out of the assets of my gross estate.

7.2. <u>Payment of Death Taxes</u>. The executor shall pay all death taxes, whether or not attributable to property inventoried in my probate estate, out of the residue of my estate, and no death taxes shall be prorated or apportioned among the persons interested in that property.

12

CONFIDENTIAL

EXHIBIT F
91

LSL 00355

7.3.  <u>Period of Survivorship</u>.  For the purposes of this will, a beneficiary shall not be deemed to have survived me if that beneficiary dies within thirty (30) days after my death.

7.4.  <u>Perpetuities Savings Clause</u>.  Notwithstanding any other provision of this will, every trust created by this will shall terminate no later than twenty-one (21) years after the death of the last survivor of my issue who are alive at the time of my death.  If a trust is terminated under this section of the will, the trustee shall distribute all of the principal and undistributed income of the trust to the income beneficiaries of the trust in the proportion in which they are entitled (or eligible, in the case of discretionary payments) to receive income immediately before the termination.  If that proportion is not fixed by the terms of this will, the trustee shall distribute all of the trust property to the persons then entitled or eligible to receive income from the trust outright in a manner that, in the trustee's opinion, will give effect to my intent in creating the trust. The trustee's decision is to be final and incontestable by anyone.

7.5.  <u>Definition of Incapacity</u>.  As used in this will, "incapacity" or "incapacitated" means a person operating under a legal disability such as a duly established conservatorship, or a person who is unable to do either of the following:

> (a) Provide properly for that person's own needs for physical health, food, clothing, or shelter; or
>
> (b) Manage substantially that person's own financial resources, or resist fraud or undue influence.

7.6.  <u>Captions</u>.  The captions appearing in this will are for convenience of reference only, and shall be disregarded in determining the meaning and effect of the provisions of this will.

13

CONFIDENTIAL

EXHIBIT F
92

LSL 00356

7.7.  Severability Clause.  If any provision of this will is invalid, that provision shall be disregarded, and the remainder of this will shall be construed as if the invalid provision had not been included.

7.8.  California Law to Apply.  All questions concerning the validity and interpretation of this will, including any trusts created by this will, shall be governed by the laws of the State of California in effect at the time this will is executed.

7.9.  Gifts to "Heirs".  For any gift to my heirs that is made outright in this will, those heirs shall be determined as if I had died intestate at the time for distribution prescribed in this will, and the identity and shares of those heirs shall be determined according to the California laws of succession that concern separate property not acquired from a previously deceased spouse and that are in effect at the time I am deemed to have died.  For any assets of any trust estate created by this will to be distributed to my heirs, those heirs shall be determined as if I had died intestate immediately following the termination of the trust of each share, and the identity and shares of those heirs shall be determined according to the California laws of succession that concern separate property not acquired from a previously deceased spouse and that are in effect at the time I am deemed to have died.

Executed on _November 14th /2008_ at _Los Angeles_, California.

_Joanne Siegel_
JOANNE SIEGEL

On the date written above, we, the undersigned, each being present at the same time, witnessed the signing of this instrument by JOANNE SIEGEL.  At that time, JOANNE SIEGEL appeared

14

CONFIDENTIAL   EXHIBIT F   LSL 00357
93

to us to be of sound mind and memory and, to the best of our knowledge, was not acting under fraud, duress, menace, or undue influence. Understanding this instrument, which consists of 15 ages, including the pages on which the signature of JOANNE SIEGEL and our signatures appear, to be the will of JOANNE SIEGEL, we subscribe our names as witnesses thereto.

We declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 14, 2000, at Los Angeles, California.

_____    residing at 11111 Santa Monica Blvd 1840
Witness                                 Street Address

                                              Los Angeles, California
                                              City

Mary Carrier                 residing at 11111 Santa Monica Blvd #18,
Witness                                 Street Address

                                              Los Angeles California 90025
                                              City

15

**CONFIDENTIAL**                 EXHIBIT F                 **LSL 00358**
                                         94

DE-111

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
GARY M. RUTTENBERG    SB#48590
BLOOM & RUTTENBERG
11111 Santa Monica Blvd. #1840
Los Angeles, CA 90025

TELEPHONE NO.: 310-444-1979    FAX NO. *(Optional):* 310-444-1917
E-MAIL ADDRESS *(Optional):* ruttenberg@aol.com
ATTORNEY FOR *(Name):* Petitioner

**FOR COURT USE ONLY**

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

MAR 8 - 2011

John A. Clarke, Executive Officer/Clerk
BY _____
E. Alvarez

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: -- same --
CITY AND ZIP CODE: Los Angeles    CA    90012
BRANCH NAME: CENTRAL

**ESTATE OF** *(Name):* JOANNE SIEGEL

DECEDENT

**PETITION FOR** [X]    Probate of Will and for Letters Testamentary
[ ]    Probate of Will and for Letters of Administration with Will Annexed
[ ]    Letters of Administration
[ ]    Letters of Special Administration [ ] with general powers
[X]    Authorization to Administer Under the Independent Administration of Estates Act [ ] with limited authority

CASE NUMBER: BP127358

HEARING DATE: 4/6/11

DEPT.: 9    TIME: 8/30

1. Publication will be in *(specify name of newspaper):* Metro News or its designee
   a. [X] Publication requested.
   b. [ ] Publication to be arranged.

2. **Petitioner** *(name each):* LAURA SIEGEL LARSON                                       **requests that**
   a. [X] decedent's will and codicils, if any, be admitted to probate.
   b. [X] *(name):* LAURA SIEGEL LARSON
      be appointed
      (1) [X] executor
      (2) [ ] administrator with will annexed
      (3) [ ] administrator
      (4) [ ] special administrator [ ] with general powers
      and Letters issue upon qualification.
   c. [X] full [ ] limited authority be granted to administer under the Independent Administration of Estates Act.
   d. (1) [X] bond not be required for the reasons stated in item 3d.
      (2) [ ] $ _____ bond be fixed. The bond will be furnished by an admitted surety insurer or as otherwise provided by law. *(Specify reasons in Attachment 2 if the amount is different from the maximum required by Prob. Code, § 8482.)*
      (3) [ ] $ _____ in deposits in a blocked account be allowed. Receipts will be filed. *(Specify institution and location):*

3. a. Decedent died on *(date):* Feb. 12, 2011    at *(place):* Los Angeles, CA
      (1) [X] a resident of the county named above.
      (2) [ ] a nonresident of California and left an estate in the county named above located at *(specify location permitting publication in the newspaper named in item 1):*

   b. Street address, city, and county of decedent's residence at time of death *(specify):*
      13919 Marquesas Way - Apartment 201A, City of Los Angeles [Marina del Rey], County of Los Angeles, California 90292

Form Adopted for Mandatory Use
Judicial Council of California
DE-111 [Rev. March 1, 2008]

**PETITION FOR PROBATE**
(Probate—Decedents Estates)

Page 1 of 4

Probate Code, §§ 8002, 10450;
www.courtinfo.ca.gov

EXHIBIT F
95

COPY    ©EB
LSL 00359

DE-111

| ESTATE OF *(Name):* JOANNE SIEGEL | CASE NUMBER: |
|---|---|
| DECEDENT | |

3.  c.  **Character and estimated value of the property of the estate** *(complete in all cases):*

    (1)  Personal property:                                       $

    (2)  Annual gross income from         WILL WAIVES

                                           BOND

        (a)  real property:      PROPERTY VALUES     $

        (b)  personal property:    UNDETERMINED   $

    (3)  **Subtotal** *(add (1) and (2)):*                            $            0.00

    (4)  Gross fair market value of real property:   $

    (5)  (Less) Encumbrances:             $(               )

    (6)  Net value of real property:                       $            0.00

    (7)  **Total** *(add (3) and (6)):*                             $            0.00

d.  (1)  [X]  Will waives bond.  [ ]  Special administrator is the named executor, and the will waives bond.

    (2)  [ ]  All beneficiaries are adults and have waived bond, and the will does not require a bond.
            *(Affix waiver as Attachment 3d(2).)*

    (3)  [ ]  All heirs at law are adults and have waived bond. *(Affix waiver as Attachment 3d(3).)*

    (4)  [ ]  Sole personal representative is a corporate fiduciary or an exempt government agency.

e.  (1)  [ ]  Decedent died intestate.

    (2)  [X]  Copy of decedent's will dated: Nov. 14, 2000  [ ]  codicil dated *(specify for each):*

                                                              are affixed as Attachment 3e(2).

        *(Include typed copies of handwritten documents and English translations of foreign-language documents.)*

        [X]  The will and all codicils are self-proving (Prob. Code, § 8220).

f.  **Appointment of personal representative** *(check all applicable boxes):*

    (1)  Appointment of executor or administrator with will annexed:

        (a)  [X]  Proposed executor is named as executor in the will and consents to act.

        (b)  [ ]  No executor is named in the will.

        (c)  [ ]  Proposed personal representative is a nominee of a person entitled to Letters.
                *(Affix nomination as Attachment 3f(1)(c).)*

        (d)  [ ]  Other named executors will not act because of  [ ]  death  [ ]  declination
                [ ]  other reasons *(specify):*

                [ ]  Continued in Attachment 3f(1)(d).

    (2)  Appointment of administrator:

        (a)  [ ]  Petitioner is a person entitled to Letters. *(If necessary, explain priority in Attachment 3f(2)(a).)*

        (b)  [ ]  Petitioner is a nominee of a person entitled to Letters. *(Affix nomination as Attachment 3f(2)(b).)*

        (c)  [ ]  Petitioner is related to the decedent as *(specify):*

    (3)  [ ]  Appointment of special administrator requested. *(Specify grounds and requested powers in Attachment 3f(3).)*

g.  Proposed personal representative is a

    (1)  [X]  resident of California.

    (2)  [ ]  nonresident of California *(specify permanent address):*

    (3)  [X]  resident of the United States.

    (4)  [ ]  nonresident of the United States.

---

DE-111 [Rev. March 1, 2008]

**PETITION FOR PROBATE**
**(Probate—Decedents Estates)**

Page 2 of 4

CEB

LSL 00360

DE-111

| ESTATE OF *(Name):* JOANNE SIEGEL | CASE NUMBER: |
|---|---|
| | |
| DECEDENT | |

4. [X] Decedent's will does not preclude administration of this estate under the Independent Administration of Estates Act.
5. a. Decedent was survived by *(check items (1) or (2), and (3) or (4), and (5) or (6), and (7) or (8))*
   (1) [ ] spouse.
   (2) [X] no spouse as follows:
      (a) [ ] divorced or never married.
      (b) [X] spouse deceased.
   (3) [ ] registered domestic partner.
   (4) [X] no registered domestic partner.
      *(See Fam. Code, § 297.5(c); Prob. Code, §§ 37(b), 6401(c), and 6402.)*
   (5) [X] child as follows:
      (a) [X] natural or adopted.
      (b) [ ] natural adopted by a third party.
   (6) [ ] no child.
   (7) [ ] issue of a predeceased child.
   (8) [X] no issue of a predeceased child.

  b. Decedent [ ] was [X] was not survived by a stepchild or foster child or children who would have been adopted by decedent but for a legal barrier. *(See Prob. Code, § 6454.)*

6. *(Complete if decedent was survived by (1) a spouse or registered domestic partner but no issue (only **a** or **b** apply), or (2) no spouse, registered domestic partner, or issue. (Check the **first** box that applies.)*
  a. [ ] Decedent was survived by a parent or parents who are listed in item 8.
  b. [ ] Decedent was survived by issue of deceased parents, all of whom are listed in item 8.
  c. [ ] Decedent was survived by a grandparent or grandparents who are listed in item 8.
  d. [ ] Decedent was survived by issue of grandparents, all of whom are listed in item 8.
  e. [ ] Decedent was survived by issue of a predeceased spouse, all of whom are listed in item 8.
  f. [ ] Decedent was survived by next of kin, all of whom are listed in item 8.
  g. [ ] Decedent was survived by parents of a predeceased spouse or issue of those parents, if both are predeceased, all of whom are listed in item 8.
  h. [ ] Decedent was survived by no known next of kin.

7. *(Complete only if no spouse or issue survived decedent.)*
  a. [ ] Decedent had no predeceased spouse.
  b. [ ] Decedent had a predeceased spouse who
    (1) [ ] died not more than 15 years before decedent and who owned an interest in **real property** that passed to decedent,
    (2) [ ] died not more than five years before decedent and who owned **personal property** valued at $10,000 or more that passed to decedent,
      *(If you checked (1) or (2), check only the **first** box that applies.)*
      (a) [ ] Decedent was survived by issue of a predeceased spouse, all of whom are listed in item 8.
      (b) [ ] Decedent was survived by a parent or parents of the predeceased spouse who are listed in item 8.
      (c) [ ] Decedent was survived by issue of a parent of the predeceased spouse, all of whom are listed in item 8.
      (d) [ ] Decedent was survived by next of kin of the decedent, all of whom are listed in item 8.
      (e) [ ] Decedent was survived by next of kin of the predeceased spouse, all of whom are listed in item 8.
    (3) [ ] neither (1) nor (2) apply.

8. Listed on the next page are the names, relationships to decedent, ages, and addresses, so far as known to or reasonably ascertainable by petitioner, of (1) all persons mentioned in decedent's will or any codicil, whether living or deceased; (2) all persons named or checked in items 5, 6, and 7; and (3) all beneficiaries of a trust named in decedent's will or any codicil in which the trustee and personal representative are the same person.

DE-111 [Rev. March 1, 2008]

**PETITION FOR PROBATE**
**(Probate—Decedents Estates)**



LSL 00361

DE-111

| ESTATE OF *(Name):* JOANNE SIEGEL | CASE NUMBER: |
|---|---|
| DECEDENT | |

8.    Name and relationship to decedent · · · · · · Age · · · · · · · · · · · · Address

**LAURA SIEGEL LARSON**          Adult      6400 Pacific Avenue #106 **
Daughter/Petitioner                         Playa del Rey, CA 90293

**SOPHIE HALKO**                 Adult      3609 Dawning Avenue
Sister                                      Cleveland, Ohio 44109-4843

**MICHAEL KENT LARSON**          *Adult*     6400 Pacific Avenue #106 **
Grandson                                    Playa del Rey, CA 90293

**JAMES ROBERT LARSON**          *Adult*     6400 Pacific Avenue #106 **
Grandson                                    Playa del Rey, CA 90293

**GEORGE ZADOROZNY, ESQ.**       Adult      6529 Nautical Isle
Stranger in blood                           Hudson, FL 34677

**JEROME SIEGEL**                 ---
Predeceased spouse [D/D 1/28/96]

**CITY NATIONAL BANK**            ---        8641 Wilshire Blvd. #101
Nominated alternate Executor                Beverly Hills, CA 90211


                    **    MULTIPLE PERSON LIVING
                          AT SAME RESIDENCE


☐ Continued on Attachment 8.

9.   Number of pages attached: **20**

Date: *March 3, 2011*

_____           ▶ _____
      GARY M. RUTTENBERG                          (SIGNATURE OF ATTORNEY)*
      (TYPE OR PRINT NAME OF ATTORNEY )

* (Signatures of all petitioners are also required.  All petitioners must sign, but the petition may be verified by any one of them (Prob. Code, §§ 1020, 1021; Cal. Rules of Court, rule 7.103).)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:
*March 3, 2011*
_____           ▶ _____
      (TYPE OR PRINT NAME OF PETITIONER)           (SIGNATURE OF PETITIONER)

      LAURA SIEGEL LARSON                          *Laura Siegel Larson*
                                                   (SIGNATURE OF PETITIONER)
☐ Signatures of additional petitioners follow last attachment.

DE-111 [Rev. March 1,  2008]              **PETITION FOR PROBATE**                Page 4 of 4
                                          (Probate—Decedents Estates)            CEB

LSL 00362