# EXHIBIT F
# Part 2 of 2

In the matter of the Estate of
JOANNE SIEGEL

Attachment 3e(2)

**ATTACHMENT 3e(2)**

LSL 00363

LAST WILL OF

JOANNE SIEGEL

I, JOANNE SIEGEL, a resident of Los Angeles County, California, declare that this is my will. I hereby revoke all my previous wills and codicils.

ARTICLE ONE

INTRODUCTORY PROVISIONS

1.1. <u>Marital Status</u>. I am not currently married. I was previously married to JEROME, who died on January 28, 1996.

1.2. <u>Identification of Living Child</u>. I have one living child, LAURA SIEGEL LARSON, born March 21, 1951.

1.3. <u>No Deceased Children</u>. I have no deceased children.

1.4. <u>Definitions of Child, Children, and Issue</u>. As used in this will, the terms "child" and "children" refer to all persons referred to in California Probate Code Section 26, as in effect at the time of execution of this will, and the term "issue" refers to all persons referred to in California Probate Code Section 50, as in effect at the time of execution of this will.

ARTICLE TWO

PARTICULAR GIFTS

2.1. <u>Tangible Personal Property</u>. I give all of my tangible personal property, including my interest in any insurance on that property, to LAURA SIEGEL LARSON, my daughter, if she survives me, and if she does not survive me, this gift shall lapse.

CONFIDENTIAL

LSL 00364

2.2. <u>Specific Gift of Termination Rights and/or Intellectual Property Rights to LAURA SIEGEL LARSON</u>. I give all Termination Rights and/or Intellectual Property Rights relating "Superman" to LAURA SIEGEL LARSON, my daughter, if she survives me, and if she does not survive me, these rights shall go to my issue who survive me in the manner set forth in section 3.1(b) of this will. This is a specific gift, and if at the time of my death, there are no such Rights in my estate, the gift shall fail and the executor shall not resort to other property in my estate to satisfy the gift. If, between the date of this will and the date of my death, any change or adjustment is made in the Rights this gift shall be adjusted as appropriate to reflect that change or adjustment.

2.3. <u>General Pecuniary Gifts</u>. I make the following general pecuniary gifts:

(a) I give a pecuniary gift of twenty-five thousand dollars ($25,000) to MICHAEL KENT LARSON, my grandson, if he survives me, and if he does not survive me, this gift shall lapse.

(b) I give a pecuniary gift of twenty-five thousand dollars ($25,000) to JAMES ROBERT LARSON, my grandson, if he survives me, and if he does not survive me, this gift shall lapse.

(c) I give a pecuniary gift of ten thousand dollars ($10,000) to SOPHIE HALKO, my sister, if she survives me, and if she does not survive me, this gift shall be distributed to her then-living issue in the manner provided in California Probate Code section 240, or if there are none, this gift shall lapse.

(d) I give a pecuniary gift of ten thousand dollars ($10,000) to GEORGE ZADOROZNY, ESQ., of 651 Timber Bay Circle West, Oldsman, Florida 34677, if he survives me, and if he does not survive me, this gift shall go to his wife SILVIA, if she is then-surviving, or if she is not, this gift shall lapse.

With respect to the foregoing, if any beneficiary is under the age of twenty-five (25) years, the gift to that beneficiary shall be distributed instead to my executor named herein as Custodian under

2

CONFIDENTIAL

LSL 00365

the California Uniform Transfers To Minors Act until the beneficiary attains the age of twenty-five (25) years.

    2.4.  <u>No Interest on General Pecuniary Gifts</u>.  No interest shall be paid on any general pecuniary gift made in this will.

ARTICLE THREE

RESIDUARY PROVISIONS

    3.1.  <u>Disposition of Residue</u>.  I give the residue of my estate as follows:

    (a)  If my daughter, LAURA SIEGEL LARSON ("LAURA"), survives me, I give the residue of my estate outright to her.

    (b)  If LAURA does not survive me but issue of LAURA survive me, I give the residue of my estate outright to those issue in the manner provided in California Probate Code Section 240.  However, if an individual issue has not reached the age of 40 years at my death, that issue's share shall be held, administered, and distributed by the trustee in a separate trust for that issue according to the terms set forth in Article Four applicable to the Separate Share Trust for Issue.

    (c)  If LAURA does not survive me and leaves no issue who survive me, I give the residue of my estate to the then-living issue of LAURA.

    (d)  If the residue of my estate is not completely disposed of by the preceding provisions, I give the undisposed-of portion of the residue to my heirs.

ARTICLE FOUR

TRUST DISTRIBUTIONS

    4.1.  <u>Separate Share Trust for Issue</u>.  Each portion of my estate and each portion of the trust property of a trust created by my will that are allocated to a Separate Share Trust for Issue for the benefit of the beneficiary, as defined in subsection (a), below, when that beneficiary is

3

under the age of forty (40) years shall be held, administered, and distributed by the trustee as a separate trust, as follows:

(a) <u>Beneficiary</u>. The beneficiary of this trust is the individual issue of a deceased child of mine or the individual issue of mine, as the case may be, for whom this trust is created pursuant to the other provisions of this will.

(b) <u>Discretionary Payments of Income Until Age 25</u>. The trustee shall pay to or apply for the benefit of the beneficiary, until the beneficiary reaches the age of twenty-five (25) years, as much of the net income of the trust as the trustee deems proper for that beneficiary's health, education, support, and maintenance. In exercising discretion, the trustee shall give the consideration that the trustee deems proper to all other income and resources that are known to the trustee and that are readily available to the beneficiary for use for these purposes. All decisions of the trustee regarding payments under this subsection, if any, are within the trustee's discretion and shall be final and incontestable by anyone. The trustee shall accumulate and add to principal any net income not distributed.

(c) <u>Mandatory Payments of Income After Age 25</u>. After the beneficiary reaches the age of 25 years, the trustee shall pay to or apply for the benefit of the beneficiary all of the net income of the trust, in monthly or other convenient installments, but not less often than annually, for the term of the trust.

(d) <u>Discretionary Payments of Principal</u>. At any time or times during the trust term, the trustee shall pay to or apply for the benefit of the beneficiary as much of the principal of the trust as the trustee deems proper for that beneficiary's health, education, support, and maintenance. In exercising discretion, the trustee shall give the consideration that the trustee deems proper to all other income and resources that are known to the trustee and that are readily available to the beneficiary for use for these purposes. All decisions of the trustee regarding payments under this subsection, if any, are within the trustee's discretion and shall be final and incontestable by anyone.

(e) <u>Distribution of Individual Trusts in Three Stages for Beneficiary</u>. When a beneficiary reaches the age of 30 years, the trustee shall distribute to the child one third (1/3) of the principal of the beneficiary's individual trust. When a beneficiary reaches the age of 35 years, the trustee shall distribute to the child one half (½) of the principal of the beneficiary's individual trust. When a beneficiary reaches the age of 40 years, the trustee shall distribute the remaining trust property (including all income then accrued but *uncollected and all net income then remaining in the* hands of the trustee) to the beneficiary outright. If a beneficiary has already reached the age of 30 or 35 years when the Trust for Issue is established, then on

4

CONFIDENTIAL
LSL 00367

the establishment of the trust, the trustee shall distribute to the beneficiary one third (1/3) or one half (½) of the beneficiary's share of the principal of the trust, and the balance shall be retained in an individual trust for the beneficiary pursuant to the applicable provisions of this section. If a living beneficiary has already reached the age of 40 years when the Trust for Issue is established, then on the establishment of the trust, the trustee shall distribute outright to the beneficiary all of the beneficiary's share.

(f) <u>Final Disposition</u>. If the trust property is not completely disposed of by the preceding provisions, the undisposed-of portion shall be distributed outright to my then-living issue in the manner provided in California Probate Code Section 240. If any trust property then remains undisposed, that undisposed trust property shall be distributed outright to my heirs.

4.2. <u>Delayed Income Rule Inapplicable to Disposition of Underproductive Property</u>.

Notwithstanding the provisions of the California Revised Uniform Principal and Income Act, the

trustee shall not be required to allocate to income, as delayed income, any part of the proceeds

received from the sale, exchange, or other disposition of an underproductive asset.

4.3. <u>Spendthrift Clause</u>. The interests of each trust beneficiary under this will are not

transferable by voluntary or involuntary assignment or by operation of law, and shall be free from

the claims of creditors and from attachment, execution, bankruptcy, and other legal process, to

the maximum extent permitted by law. If any such transfer is made or attempted by or against a

trust beneficiary, all further trust payments of income or principal or both to that beneficiary (and

any right of that beneficiary to such payments) shall be suspended for a period of time or

indefinitely (but not for longer than the term of the trust) as the trustee determines. In lieu of

payments to the beneficiary, the trustee may apply so much of the trust income or principal or

both to which the beneficiary would otherwise be entitled as the trustee deems necessary for the

beneficiary's education and support. All trust income (to which the beneficiary would otherwise

5

be entitled) not so applied shall in the discretion of the trustee be accumulated and added to trust principal at such time or times as the trustee deems proper.

## ARTICLE FIVE

## EXECUTOR

5.1. <u>Nomination of Executor</u>. I nominate LAURA SIEGEL LARSON, my daughter, as executor of this will.

5.2. <u>Successor Executors</u>. If LAURA SIEGEL LARSON is unable (by reason of death, incapacity, or any other reason) or unwilling to serve as executor, or if at any time the office of executor becomes vacant, by reason of death, incapacity, or any other reason, and no successor executor or coexecutors have been designated under any other provision of this will, then I nominate CITY NATIONAL BANK, Beverly Hills Main Office, as successor executor. If CITY NATIONAL BANK is unwilling or unable to serve as successor executor, a new executor or coexecutors shall be appointed by the court.

5.3. <u>Definition of Executor</u>. The term "executor," as used in this will, refers to each personal representative of my estate who is serving at the pertinent time.

5.4. <u>Waiver of Bond</u>. No bond or undertaking shall be required of any executor nominated in this will.

5.5. <u>General Powers of Executor</u>. The executor shall have full authority to administer my estate under the California Independent Administration of Estates Act. The executor shall have all powers now or hereafter conferred on executors by law, except as otherwise specifically provided in this will, including any powers enumerated in this will.

6

CONFIDENTIAL

EXHIBIT F
105

LSL 00369

5.6. <u>Power to Invest</u>.  The executor shall have the power to invest and reinvest any money of my estate not reasonably required for the immediate administration of my estate in any kind of property, real, personal, or mixed, and in any kind of investment, including but not limited to improved and unimproved real property, interest-bearing accounts, certificates of deposit, corporate and governmental obligations of any kind, preferred or common stocks, mutual funds, investment trusts, money-market funds, taxable and tax-exempt commercial paper, repurchase and reverse repurchase agreements, and stocks, obligations, and shares or units of common trust funds of any corporate fiduciary.

5.7. <u>Division or Distribution in Cash or in Kind</u>.  In order to satisfy a pecuniary gift or to distribute or divide estate assets into shares or partial shares, the executor may distribute or divide those assets in kind, or divide undivided interests in those assets, or sell all or any part of those assets and distribute or divide the property in cash, in kind, or partly in cash and partly in kind. Property distributed to satisfy a pecuniary gift under this will shall be valued at its fair market value at the time of distribution.

5.8. <u>Power to Make Tax Elections</u>.  To the extent permitted by law, and without regard to the resulting effect on any other provision of this will, on any person interested in my estate, or on the amount of taxes that may be payable, the executor shall have the power to choose a valuation date for tax purposes; choose the methods to pay any death taxes; elect to treat or use any item for state or federal estate or income tax purposes as an income tax deduction or an estate tax deduction; disclaim all or any portion of any interest in property passing to my estate at or after my death; and determine when an item is to be treated as taken into income or used as a tax deduction.

7

5.9. <u>Power to Sell, Lease, and Grant Options to Purchase Property</u>. The executor shall have the power to sell, at either public or private sale and with or without notice, lease, and grant options to purchase any real or personal property belonging to my estate, on such terms and conditions as the executor determines to be in the best interest of my estate.

5.10. <u>Payments to Legally Incapacitated Persons</u>. If at any time any beneficiary under this will is a minor or it appears to the executor that any beneficiary is incapacitated, incompetent, or for any other reason not able to receive payments or make intelligent or responsible use of the payments, then the executor, in lieu of making direct payments to the beneficiary, may make payments to the beneficiary's conservator or guardian; to the beneficiary's custodian under the Uniform Gifts to Minors Act or Uniform Transfers to Minors Act of any state; to one or more suitable persons, as the executor deems proper, such as a relative or a person residing with the beneficiary, to be used for the benefit of the beneficiary; to any other person, firm, or agency for services rendered or to be rendered for the beneficiary's assistance or benefit; or to accounts in the beneficiary's name with financial institutions. The receipt of payments by any of the foregoing shall constitute a sufficient acquittance of the executor for all purposes.

## ARTICLE SIX

## TRUSTEE

6.1. <u>Nomination of Trustee</u>. I nominate LAURA SIEGEL LARSON, my daughter, as trustee of any trust created under this will.

6.2. <u>Successor Trustees</u>. If LAURA SIEGEL LARSON is unable (by reason of death, incapacity, or any other reason) or unwilling to serve as trustee, or if at any time the office of

8

trustee becomes vacant, by reason of death, incapacity, or any other reason, and no successor trustee or cotrustees have been designated under any other provision of this will, then I nominate CITY NATIONAL BANK, Beverly Hills Main Office, as successor trustee. If CITY NATIONAL BANK is unwilling or unable to serve as successor trustee, a new trustee or cotrustees shall be appointed by the court.

6.3. <u>Definition of Trustee</u>. Reference in this will to the "trustee" shall be deemed a reference to whoever is serving as trustee or cotrustees, and shall include alternate or successor trustees or cotrustees, unless the context requires otherwise.

6.4. <u>Waiver of Bond</u>. No bond or undertaking shall be required of any trustee nominated in this will.

6.5. <u>Compensation of Trustee</u>. The trustee shall be entitled to reasonable compensation for services rendered, payable without court order.

6.6. <u>Procedure for Resignation</u>. Any trustee may resign at any time, without giving a reason for the resignation, by giving written notice, at least sixty (60) days before the time the resignation is to take effect, to any other trustee then acting, to any persons authorized to designate a successor trustee, to all living trust beneficiaries known to the trustee (or, in the case of a minor beneficiary, to the parent or guardian of that beneficiary), and to the successor trustee. A resignation shall be effective on written acceptance of the trust by the successor trustee.

6.7. <u>General Powers of Trustee</u>. To carry out the purposes of any trust created under this will, the trustee shall have all of the powers enumerated in this will and all powers now or hereafter conferred on trustees under California law, subject to any limitations stated elsewhere in this will.

9

CONFIDENTIAL

EXHIBIT F
108

LSL 00372

6.8.  <u>Power to Retain Trust Property</u>.  The trustee shall have the power to retain property received into the trust at its inception or later added to the trust, as long as the trustee considers that retention in the best interests of the trust or in furtherance of my goals in creating the trust, as determined from this will, but subject to the standards of the prudent investor rule as set forth in the California Uniform Prudent Investor Act, as amended from time to time.

6.9.  <u>Power to Invest</u>.  Subject to the standards of the prudent investor rule as stated in the California Uniform Prudent Investor Act, as amended from time to time, the trustee shall have the power to invest and manage the trust assets as a prudent investor would, by considering the purposes, terms, distribution requirements, and other circumstances of the trust.

6.10.  <u>Power Over Unproductive Property</u>.  The trustee shall have the power to retain or acquire unproductive or underproductive property.

6.11.  <u>Combining Multi-Trust Property</u>.  Each trust created under this will shall constitute a separate trust and be administered accordingly; however, the assets of all of the trusts may be combined for bookkeeping purposes and held for the trust beneficiaries without physical division into separate trusts until time of distribution.

6.12.  <u>Early Termination of Trusts</u>.  The trustee shall have the power, in the trustee's discretion, to petition the court to terminate any trust created under this will whenever the fair market value of the trust falls below twenty-five thousand dollars ($25,000), or becomes so small in relation to the costs of administration as to make continuing administration uneconomical, or contrary to the primary purposes of the trust.  On termination, the trustee shall distribute the principal and any accrued or undistributed net income to the income beneficiaries in proportion to their shares of the income.  If no fixed amount of income is payable to specific beneficiaries, the

10

trustee shall distribute the principal and any accrued or undistributed net income in equal shares to those beneficiaries who would then be entitled to income payments from the trust.

6.13.  Division or Distribution in Cash or in Kind.  In order to satisfy a pecuniary gift or to distribute or divide trust assets into shares or partial shares, the trustee may distribute or divide those assets in kind, or divide undivided interests in those assets, or sell all or any part of those assets and distribute or divide the property in cash, in kind, or partly in cash and partly in kind. Property distributed to satisfy a pecuniary gift under this will shall be valued at its fair market value at the time of distribution.

6.14.  Payments to Legally Incapacitated Persons.  If at any time any trust beneficiary under this will is a minor or it appears to the trustee that any trust beneficiary is incapacitated, incompetent, or for any other reason not able to receive payments or make intelligent or responsible use of the payments, then the trustee, in lieu of making direct payments to the trust beneficiary, may make payments to the beneficiary's conservator or guardian; to the beneficiary's custodian under the Uniform Gifts to Minors Act or Uniform Transfers to Minors Act of any state; to one or more suitable persons, as the trustee deems proper, such as a relative or a person residing with the beneficiary, to be used for the benefit of the beneficiary; to any other person, firm, or agency for services rendered or to be rendered for the beneficiary's assistance or benefit; or to accounts in the beneficiary's name with financial institutions.  The receipt of payments by any of the foregoing shall constitute a sufficient acquittance of the trustee for all purposes.

6.15.  Trustee's Liability.  No trustee shall be liable to any interested party for acts or omissions of that trustee, except those resulting from that trustee's willful misconduct or gross

11

CONFIDENTIAL                    EXHIBIT F                    LSL 00374

negligence. This standard shall also apply regarding a trustee's liability for the acts or omissions of any cotrustee, predecessor trustee, or agent employed by the trustee.

6.16. <u>Written Notice to Trustee</u>. Until the trustee receives written notice of any death or other event on which the right to payments from any trust may depend, the trustee shall incur no liability for disbursements made in good faith to persons whose interests may have been affected by that event.

6.17. <u>Duty to Account</u>. The trustee shall render accounts at least annually, at the termination of a trust, and on a change of trustees, to the persons and in the manner required by law.

ARTICLE SEVEN

CONCLUDING PROVISIONS

7.1. <u>Definition of Death Taxes</u>. The term "death taxes," as used in this will, shall mean all inheritance, estate, succession, and other similar taxes that are payable by any person on account of that person's interest in my estate or by reason of my death, including penalties and interest, but excluding the following:

      (a) Any additional tax that may be assessed under Internal Revenue Code Section 2032A.

      (b) Any federal or state tax imposed on a "generation-skipping transfer," as that term is defined in the federal tax laws, unless the applicable tax statutes provide that the generation-skipping transfer tax on that transfer is payable directly out of the assets of my gross estate.

7.2. <u>Payment of Death Taxes</u>. The executor shall pay all death taxes, whether or not attributable to property inventoried in my probate estate, out of the residue of my estate, and no death taxes shall be prorated or apportioned among the persons interested in that property.

12

CONFIDENTIAL

LSL 00375

7.3.  <u>Period of Survivorship</u>.  For the purposes of this will, a beneficiary shall not be deemed to have survived me if that beneficiary dies within thirty (30) days after my death.

7.4.  <u>Perpetuities Savings Clause</u>.  Notwithstanding any other provision of this will, every trust created by this will shall terminate no later than twenty-one (21) years after the death of the last survivor of my issue who are alive at the time of my death.  If a trust is terminated under this section of the will, the trustee shall distribute all of the principal and undistributed income of the trust to the income beneficiaries of the trust in the proportion in which they are entitled (or eligible, in the case of discretionary payments) to receive income immediately before the termination.  If that proportion is not fixed by the terms of this will, the trustee shall distribute all of the trust property to the persons then entitled or eligible to receive income from the trust outright in a manner that, in the trustee's opinion, will give effect to my intent in creating the trust. The trustee's decision is to be final and incontestable by anyone.

7.5.  <u>Definition of Incapacity</u>.  As used in this will, "incapacity" or "incapacitated" means a person operating under a legal disability such as a duly established conservatorship, or a person who is unable to do either of the following:

> (a) Provide properly for that person's own needs for physical health, food, clothing, or shelter; or
>
> (b) Manage substantially that person's own financial resources, or resist fraud or undue influence.

7.6.  <u>Captions</u>.  The captions appearing in this will are for convenience of reference only, and shall be disregarded in determining the meaning and effect of the provisions of this will.

13

CONFIDENTIAL

EXHIBIT F
112

LSL 00376

7.7.  <u>Severability Clause</u>.  If any provision of this will is invalid, that provision shall be disregarded, and the remainder of this will shall be construed as if the invalid provision had not been included.

7.8.  <u>California Law to Apply</u>.  All questions concerning the validity and interpretation of this will, including any trusts created by this will, shall be governed by the laws of the State of California in effect at the time this will is executed.

7.9.  <u>Gifts to "Heirs"</u>.  For any gift to my heirs that is made outright in this will, those heirs shall be determined as if I had died intestate at the time for distribution prescribed in this will, and the identity and shares of those heirs shall be determined according to the California laws of succession that concern separate property not acquired from a previously deceased spouse and that are in effect at the time I am deemed to have died.  For any assets of any trust estate created by this will to be distributed to my heirs, those heirs shall be determined as if I had died intestate immediately following the termination of the trust of each share, and the identity and shares of those heirs shall be determined according to the California laws of succession that concern separate property not acquired from a previously deceased spouse and that are in effect at the time I am deemed to have died.

Executed on _November 14th/2008_ at _Los Angeles_ California.

_Joanne Siegel_
JOANNE SIEGEL

On the date written above, we, the undersigned, each being present at the same time, witnessed the signing of this instrument by JOANNE SIEGEL.  At that time, JOANNE SIEGEL appeared

14

CONFIDENTIAL

EXHIBIT F
113

LSL 00377

to us to be of sound mind and memory and, to the best of our knowledge, was not acting under fraud, duress, menace, or undue influence. Understanding this instrument, which consists of 15 ages, including the pages on which the signature of JOANNE SIEGEL and our signatures appear, to be the will of JOANNE SIEGEL, we subscribe our names as witnesses thereto.

We declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on _November 14_, 2000, at _Los Angeles_, California.

_____     residing at _11111 Santa Monica Blvd 1840_
Witness                                          Street Address

                                         _Los Angeles_, California
                                          City

_Mary Carrier_               residing at _11111 Santa Monica Blvd #18_
Witness                                          Street Address

                                         _Los Angeles_ California _90025_
                                          City

15

CONFIDENTIAL                    EXHIBIT F                    LSL 00378
                                         114

DE-111

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
GARY M. RUTTENBERG    SB#48590
BLOOM & RUTTENBERG
11111 Santa Monica Blvd. #1840
Los Angeles, CA 90025
TELEPHONE NO.: 310-444-1979    FAX NO. *(Optional):* 310-444-1917
E-MAIL ADDRESS *(Optional):* ruttenberg@aol.com
ATTORNEY FOR *(Name):* Petitioner

FOR COURT USE ONLY

**ORIGINAL FILED**

MAR 0 8 2011

**LOS ANGELES SUPERIOR COURT**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:  -- same --
CITY AND ZIP CODE: Los Angeles    CA    90012
BRANCH NAME: CENTRAL

ESTATE OF *(Name):* JOANNE SIEGEL

DECEDENT

| PETITION FOR | | |
|---|---|---|
| ☐ | Probate of Will and for Letters Testamentary | |
| ☐ | Probate of Will and for Letters of Administration with Will Annexed | |
| ☐ | Letters of Administration | |
| ☒ | Letters of Special Administration | ☐ with general powers |
| ☐ | Authorization to Administer Under the Independent Administration of Estates Act | ☐ with limited authority |

CASE NUMBER: BP127358

HEARING DATE: MAR 0 8 2011

DEPT.:    TIME:

1. Publication will be in *(specify name of newspaper):* NOT REQUIRED
   a. ☐ Publication requested.
   b. ☐ Publication to be arranged.
2. **Petitioner** *(name each):* LAURA SIEGEL LARSON                    **requests that**
   a. ☐ decedent's will and codicils, if any, be admitted to probate.
   b. ☒ *(name):* LAURA SIEGEL LARSON
      be appointed
      (1) ☐ executor
      (2) ☐ administrator with will annexed
      (3) ☐ administrator
      (4) ☒ special administrator    ☐ with general powers
      and Letters issue upon qualification.
   c. ☐ full    ☐ limited authority    be granted to administer under the Independent Administration of Estates Act.
   d. (1) ☒ bond not be required for the reasons stated in item 3d.
      (2) ☐ $ _____ bond be fixed. The bond will be furnished by an admitted surety insurer or as otherwise provided by law. *(Specify reasons in Attachment 2 if the amount is different from the maximum required by Prob. Code, § 8482.)*
      (3) ☐ $ _____ in deposits in a blocked account be allowed. Receipts will be filed. *(Specify institution and location):*

3. a. Decedent died on *(date):* Feb. 12, 2011    at *(place):* Los Angeles, CA
      (1) ☒ a resident of the county named above.
      (2) ☐ a nonresident of California and left an estate in the county named above located at *(specify location permitting publication in the newspaper named in item 1):*

   b. Street address, city, and county of decedent's residence at time of death *(specify):*
      13929 Marquesas Way - Apartment 201A, City of Los Angeles [Marina del Rey], County of Los Angeles, California 90292

Form Adopted for Mandatory Use
Judicial Council of California
DE-111 [Rev. March 1, 2008]

**PETITION FOR PROBATE**
**(Probate—Decedents Estates)**

Probate Code, §§ 8002, 10450;
www.courtinfo.ca.gov

COPY

LSL 00379

EXHIBIT F
115

DE-111

| ESTATE OF (Name): JOANNE SIEGEL | CASE NUMBER: |
|---|---|
| DECEDENT | |

3. c. **Character and estimated value of the property of the estate** *(complete in all cases):*

   (1)   Personal property:                                    $

   (2)   Annual gross income from     *WILL WAIVES BOND*

        (a)   real property:           *ASSETS NOT*      $

        (b)   personal property:     *DETERMINED*      $

   (3)   **Subtotal** *(add (1) and (2)):*    *VALUES NOT*      $                 0.00

   (4)   Gross fair market value of real property: *ASCERTAINED* $

   (5)   (Less): Encumbrances:                     $( _____ )

   (6)   Net value of real property:               $                 0.00

   (7)   **Total** *(add (3) and (6)):*                $                 0.00

d. (1) ☐ Will waives bond. ☒ Special administrator is the named executor, and the will waives bond.
   (2) ☐ All beneficiaries are adults and have waived bond, and the will does not require a bond.
       *(Affix waiver as Attachment 3d(2).)*
   (3) ☐ All heirs at law are adults and have waived bond. *(Affix waiver as Attachment 3d(3).)*
   (4) ☐ Sole personal representative is a corporate fiduciary or an exempt government agency.

e. (1) ☐ Decedent died intestate.
   (2) ☒ Copy of decedent's will dated: 11/14/2000    ☐ codicil dated *(specify for each):*
                                                           are affixed as Attachment 3e(2).
       *(Include typed copies of handwritten documents and English translations of foreign-language documents.)*
       ☒ The will and all codicils are self-proving (Prob. Code, § 8220).

f. **Appointment of personal representative** *(check all applicable boxes):*
   (1) Appointment of executor or administrator with will annexed:
       (a) ☐ Proposed executor is named as executor in the will and consents to act.
       (b) ☐ No executor is named in the will.
       (c) ☐ Proposed personal representative is a nominee of a person entitled to Letters.
           *(Affix nomination as Attachment 3f(1)(c).)*
       (d) ☐ Other named executors will not act because of ☐ death ☐ declination
           ☐ other reasons *(specify):*

           ☐ Continued in Attachment 3f(1)(d).
   (2) Appointment of administrator:
       (a) ☐ Petitioner is a person entitled to Letters. *(If necessary, explain priority in Attachment 3f(2)(a).)*
       (b) ☐ Petitioner is a nominee of a person entitled to Letters. *(Affix nomination as Attachment 3f(2)(b).)*
       (c) ☐ Petitioner is related to the decedent as *(specify):*
   (3) ☒ Appointment of special administrator requested. *(Specify grounds and requested powers in Attachment 3f(3).)*

g. Proposed personal representative is a
   (1) ☒ resident of California.
   (2) ☐ nonresident of California *(specify permanent address):*

   (3) ☒ resident of the United States.
   (4) ☐ nonresident of the United States.

DE-111 [Rev. March 1, 2008]

**PETITION FOR PROBATE**
**(Probate—Decedents Estates)**

Page 2 of 4

CEB

LSL 00380

DE-111

| ESTATE OF *(Name):* JOANNE SIEGEL | CASE NUMBER: |
|---|---|
| | |
| DECEDENT | |

4. ☒  Decedent's will does not preclude administration of this estate under the Independent Administration of Estates Act.

5. a.  Decedent was survived by *(check items (1) or (2), and (3) or (4), and (5) or (6), and  (7) or (8))*

    (1)  ☐  spouse.

    (2)  ☒  no spouse as follows:

        (a)  ☐  divorced or never married.

        (b)  ☒  spouse deceased.

    (3)  ☐  registered domestic partner.

    (4)  ☒  no registered domestic partner.

        *(See Fam. Code, § 297.5(c); Prob. Code, §§ 37(b), 6401(c), and 6402.)*

    (5)  ☒  child as follows:

        (a)  ☒  natural or adopted.

        (b)  ☐  natural adopted by a third party.

    (6)  ☐  no child.

    (7)  ☐  issue of a predeceased child.

    (8)  ☒  no issue of a predeceased child.

  b.  Decedent  ☐ was  ☒ was not  survived by a stepchild or foster child or children who would have been adopted by decedent but for a legal barrier.  *(See Prob. Code, § 6454.)*

6.  *(Complete if decedent was survived by (1) a spouse or registered domestic partner but no issue (only a or b apply), or (2) no spouse, registered domestic partner, or issue.  (Check the **first** box that applies):*

  a.  ☐  Decedent was survived by a parent or parents who are listed in item 8.

  b.  ☐  Decedent was survived by issue of deceased parents, all of whom are listed in item 8.

  c.  ☐  Decedent was survived by a grandparent or grandparents who are listed in item 8.

  d.  ☐  Decedent was survived by issue of grandparents, all of whom are listed in item 8.

  e.  ☐  Decedent was survived by issue of a predeceased spouse, all of whom are listed in item 8.

  f.  ☐  Decedent was survived by next of kin, all of whom are listed in item 8.

  g.  ☐  Decedent was survived by parents of a predeceased spouse or issue of those parents, if both are predeceased, all of whom are listed in item 8.

  h.  ☐  Decedent was survived by no known next of kin.

7.  *(Complete only if no spouse or issue survived decedent.)*

  a.  ☐  Decedent had no predeceased spouse.

  b.  ☐  Decedent had a predeceased spouse who

    (1)  ☐  died not more than 15 years before decedent and who owned an interest in **real property** that passed to decedent,

    (2)  ☐  died not more than five years before decedent and who owned **personal property** valued at $10,000 or more that passed to decedent,

    *(If you checked (1) or (2), check only the **first** box that applies):*

    (a)  ☐  Decedent was survived by issue of a predeceased spouse, all of whom are listed in item 8.

    (b)  ☐  Decedent was survived by a parent or parents of the predeceased spouse who are listed in item 8.

    (c)  ☐  Decedent was survived by issue of a parent of the predeceased spouse, all of whom are listed in item 8.

    (d)  ☐  Decedent was survived by next of kin of the decedent, all of whom are listed in item 8.

    (e)  ☐  Decedent was survived by next of kin of the predeceased spouse, all of whom are listed in item 8.

    (3)  ☐  neither (1) nor (2) apply.

8.  Listed on the next page are the names, relationships to decedent, ages, and addresses, so far as known to or reasonably ascertainable by petitioner, of (1) all persons mentioned in decedent's will or any codicil, whether living or deceased; (2) all persons named or checked in items 2, 5, 6, and 7; and (3) all beneficiaries of a trust named in decedent's will or any codicil in which the trustee and personal representative are the same person.

---

**PETITION FOR PROBATE**
**(Probate—Decedents Estates)**



EXHIBIT F
117

LSL 00381

DE-111

| ESTATE OF *(Name):* JOANNE SIEGEL | CASE NUMBER: |
|---|---|
| DECEDENT | |

8.    Name and relationship to decedent          Age          Address

Laura Siegel Larson - Daughter          Adult          6400 Pacific Avenue #106**
Petitioner/Nominated Executor                       Playa del Rey, CA 90293

Sophie Halko                            Adult          3609 ~~Earling~~ Downing Avenue
Sister                                               Cleveland, Ohio 44109-4843

Michael Ken Larson                      Adult          6400 Pacific Avenue #106**
Grandson                                             Playa del Rey, CA 90293

James Robert Larson                     Adult          6400 Pacific Avenue #106**
Grandson                                             Playa del Rey, CA 90293

George Zadorozny, Esq.                  Adult          6529 Nautical Isle
Stranger in blood                                    Hudson, FL 34677

Jerome Siegel
predeceased spouse (d/d 1/28/96)

City National Bank                                    8641 Wilshire Blvd., #101
Nominated alternate Executor                         Beverly Hills, CA 90211

                                                     **Multiple persons living at same
                                                       address.

☐ Continued on Attachment 8.

9.   Number of pages attached: **21**

Date:March **3**, 2011

_____
    Gary M. Ruttenberg
    (TYPE OR PRINT NAME OF ATTORNEY )                              ▶ _____
                                                                         (SIGNATURE OF ATTORNEY)*

* (Signatures of all petitioners are also required.  All petitioners must sign, but the petition may be verified by any one of them (Prob. Code, §§ 1020, 1021; Cal. Rules of Court, rule 7.103).)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:March **3**, 2011

_____
    Laura Siegel Larson
    (TYPE OR PRINT NAME OF PETITIONER)                            ▶ _____
                                                                         (SIGNATURE OF PETITIONER)

_____
    (TYPE OR PRINT NAME OF PETITIONER)                            ▶ _____
                                                                         (SIGNATURE OF PETITIONER)

☐ Signatures of additional petitioners follow last attachment.

DE-111 [Rev. March 1, 2008]                                                                    Page 4 of 4

                         PETITION FOR PROBATE
                     (Probate—Decedents Estates)                                              CEB

LSL 00382

In the matter of the Estate of
JOANNE SIEGEL

Attachment 3e(2)

**ATTACHMENT 3e(2)**

LSL 00383

LAST WILL OF

JOANNE SIEGEL

I, JOANNE SIEGEL, a resident of Los Angeles County, California, declare that this is my will. I hereby revoke all my previous wills and codicils.

ARTICLE ONE

INTRODUCTORY PROVISIONS

1.1.  Marital Status.  I am not currently married.  I was previously married to JEROME, who died on January 28, 1996.

1.2.  Identification of Living Child.  I have one living child, LAURA SIEGEL LARSON, born March 21, 1951.

1.3.  No Deceased Children.  I have no deceased children.

1.4.  Definitions of Child, Children, and Issue.  As used in this will, the terms "child" and "children" refer to all persons referred to in California Probate Code Section 26, as in effect at the time of execution of this will, and the term "issue" refers to all persons referred to in California Probate Code Section 50, as in effect at the time of execution of this will.

ARTICLE TWO

PARTICULAR GIFTS

2.1.  Tangible Personal Property.  I give all of my tangible personal property, including my interest in any insurance on that property, to LAURA SIEGEL LARSON, my daughter, if she survives me, and if she does not survive me, this gift shall lapse.

2.2.  <u>Specific Gift of Termination Rights and/or Intellectual Property Rights to LAURA SIEGEL LARSON</u>.  I give all Termination Rights and/or Intellectual Property Rights relating "Superman" to LAURA SIEGEL LARSON, my daughter, if she survives me, and if she does not survive me, these rights shall go to my issue who survive me in the manner set forth in section 3.1(b) of this will.  This is a specific gift, and if at the time of my death, there are no such Rights in my estate, the gift shall fail and the executor shall not resort to other property in my estate to satisfy the gift.  If, between the date of this will and the date of my death, any change or adjustment is made in the Rights this gift shall be adjusted as appropriate to reflect that change or adjustment.

2.3.  <u>General Pecuniary Gifts</u>.  I make the following general pecuniary gifts:

(a)  I give a pecuniary gift of twenty-five thousand dollars ($25,000) to MICHAEL KENT LARSON, my grandson, if he survives me, and if he does not survive me, this gift shall lapse.

(b)  I give a pecuniary gift of twenty-five thousand dollars ($25,000) to JAMES ROBERT LARSON, my grandson, if he survives me, and if he does not survive me, this gift shall lapse.

(c)  I give a pecuniary gift of ten thousand dollars ($10,000) to SOPHIE HALKO, my sister, if she survives me, and if she does not survive me, this gift shall be distributed to her then-living issue in the manner provided in California Probate Code section 240, or if there are none, this gift shall lapse.

(d)  I give a pecuniary gift of ten thousand dollars ($10,000) to GEORGE ZADOROZNY, ESQ., of 651 Timber Bay Circle West, Oldsman, Florida 34677, if he survives me, and if he does not survive me, this gift shall go to his wife SILVIA, if she is then-surviving, or if she is not, this gift shall lapse.

With respect to the foregoing, if any beneficiary is under the age of twenty-five (25) years, the gift to that beneficiary shall be distributed instead to my executor named herein as Custodian under

2

CONFIDENTIAL    EXHIBIT F
121    LSL 00385

the California Uniform Transfers To Minors Act until the beneficiary attains the age of twenty-five (25) years.

2.4. <u>No Interest on General Pecuniary Gifts</u>.  No interest shall be paid on any general pecuniary gift made in this will.

ARTICLE THREE

RESIDUARY PROVISIONS

3.1. <u>Disposition of Residue</u>.  I give the residue of my estate as follows:

(a)  If my daughter, LAURA SIEGEL LARSON ("LAURA"), *survives me*, I give the residue of my estate outright to her.

(b)  If LAURA does not survive me but issue of LAURA survive me, I give the residue of my estate outright to those issue in the manner provided in California Probate Code Section 240.  However, if an individual issue has not reached the age of 40 years at my death, that issue's share shall be held, administered, and distributed by the trustee in a separate trust for that issue according to the terms set forth in Article Four applicable to the Separate Share Trust for Issue.

(c)  If LAURA does not survive me and leaves no issue who survive me, I give the residue of my estate to the then-living issue of LAURA.

(d)  If the residue of my estate is not completely disposed of by the preceding provisions, I give the undisposed-of portion of the residue to my heirs.

ARTICLE FOUR

TRUST DISTRIBUTIONS

4.1. <u>Separate Share Trust for Issue</u>.  Each portion of my estate and each portion of the trust property of a trust created by my will that are allocated to a Separate Share Trust for Issue for the benefit of the beneficiary, as defined in subsection (a), below, when that beneficiary is

3

**CONFIDENTIAL**

**LSL 00386**

under the age of forty (40) years shall be held, administered, and distributed by the trustee as a separate trust, as follows:

(a) <u>Beneficiary</u>. The beneficiary of this trust is the individual issue of a deceased child of mine or the individual issue of mine, as the case may be, for whom this trust is created pursuant to the other provisions of this will.

(b) <u>Discretionary Payments of Income Until Age 25</u>. The trustee shall pay to or apply for the benefit of the beneficiary, until the beneficiary reaches the age of twenty-five (25) years, as much of the net income of the trust as the trustee deems proper for that beneficiary's health, education, support, and maintenance. In exercising discretion, the trustee shall give the consideration that the trustee deems proper to all other income and resources that are known to the trustee and that are readily available to the beneficiary for use for these purposes. All decisions of the trustee regarding payments under this subsection, if any, are within the trustee's discretion and shall be final and incontestable by anyone. The trustee shall accumulate and add to principal any net income not distributed.

(c) <u>Mandatory Payments of Income After Age 25</u>. After the beneficiary reaches the age of 25 years, the trustee shall pay to or apply for the benefit of the beneficiary all of the net income of the trust, in monthly or other convenient installments, but not less often than annually, for the term of the trust.

(d) <u>Discretionary Payments of Principal</u>. At any time or times during the trust term, the trustee shall pay to or apply for the benefit of the beneficiary as much of the principal of the trust as the trustee deems proper for that beneficiary's health, education, support, and maintenance. In exercising discretion, the trustee shall give the consideration that the trustee deems proper to all other income and resources that are known to the trustee and that are readily available to the beneficiary for use for these purposes. All decisions of the trustee regarding payments under this subsection, if any, are within the trustee's discretion and shall be final and incontestable by anyone.

(e) <u>Distribution of Individual Trusts in Three Stages for Beneficiary</u>. When a beneficiary reaches the age of 30 years, the trustee shall distribute to the child one third (1/3) of the principal of the beneficiary's individual trust. When a beneficiary reaches the age of 35 years, the trustee shall distribute to the child one half (½) of the principal of the beneficiary's individual trust. When a beneficiary reaches the age of 40 years, the trustee shall distribute the remaining trust property (including all income then accrued but uncollected and all net income then remaining in the hands of the trustee) to the beneficiary outright. If a beneficiary has already reached the age of 30 or 35 years when the Trust for Issue is established, then on

4

the establishment of the trust, the trustee shall distribute to the beneficiary one third (1/3) or one half (½) of the beneficiary's share of the principal of the trust, and the balance shall be retained in an individual trust for the beneficiary pursuant to the applicable provisions of this section. If a living beneficiary has already reached the age of 40 years when the Trust for Issue is established, then on the establishment of the trust, the trustee shall distribute outright to the beneficiary all of the beneficiary's share.

(f) <u>Final Disposition</u>. If the trust property is not completely disposed of by the preceding provisions, the undisposed-of portion shall be distributed outright to my then-living issue in the manner provided in California Probate Code Section 240. If any trust property then remains undisposed, that undisposed trust property shall be distributed outright to my heirs.

4.2. <u>Delayed Income Rule Inapplicable to Disposition of Underproductive Property</u>. Notwithstanding the provisions of the California Revised Uniform Principal and Income Act, the trustee shall not be required to allocate to income, as delayed income, any part of the proceeds received from the sale, exchange, or other disposition of an underproductive asset.

4.3. <u>Spendthrift Clause</u>. The interests of each trust beneficiary under this will are not transferable by voluntary or involuntary assignment or by operation of law, and shall be free from the claims of creditors and from attachment, execution, bankruptcy, and other legal process, to the maximum extent permitted by law. If any such transfer is made or attempted by or against a trust beneficiary, all further trust payments of income or principal or both to that beneficiary (and any right of that beneficiary to such payments) shall be suspended for a period of time or indefinitely (but not for longer than the term of the trust) as the trustee determines. In lieu of payments to the beneficiary, the trustee may apply so much of the trust income or principal or both to which the beneficiary would otherwise be entitled as the trustee deems necessary for the beneficiary's education and support. All trust income (to which the beneficiary would otherwise

5

CONFIDENTIAL

EXHIBIT F
124

LSL 00388

be entitled) not so applied shall in the discretion of the trustee be accumulated and added to trust principal at such time or times as the trustee deems proper.

ARTICLE FIVE

EXECUTOR

5.1. <u>Nomination of Executor</u>. I nominate LAURA SIEGEL LARSON, my daughter, as executor of this will.

5.2. <u>Successor Executors</u>. If LAURA SIEGEL LARSON is unable (by reason of death, incapacity, or any other reason) or unwilling to serve as executor, or if at any time the office of executor becomes vacant, by reason of death, incapacity, or any other reason, and no successor executor or coexecutors have been designated under any other provision of this will, then I nominate CITY NATIONAL BANK, Beverly Hills Main Office, as successor executor. If CITY NATIONAL BANK is unwilling or unable to serve as successor executor, a new executor or coexecutors shall be appointed by the court.

5.3. <u>Definition of Executor</u>. The term "executor," as used in this will, refers to each personal representative of my estate who is serving at the pertinent time.

5.4. <u>Waiver of Bond</u>. No bond or undertaking shall be required of any executor nominated in this will.

5.5. <u>General Powers of Executor</u>. The executor shall have full authority to administer my estate under the California Independent Administration of Estates Act. The executor shall have all powers now or hereafter conferred on executors by law, except as otherwise specifically provided in this will, including any powers enumerated in this will.

6

CONFIDENTIAL

LSL 00389

5.6. <u>Power to Invest</u>.  The executor shall have the power to invest and reinvest any money of my estate not reasonably required for the immediate administration of my estate in any kind of property, real, personal, or mixed, and in any kind of investment, including but not limited to improved and unimproved real property, interest-bearing accounts, certificates of deposit, corporate and governmental obligations of any kind, preferred or common stocks, mutual funds, investment trusts, money-market funds, taxable and tax-exempt commercial paper, repurchase and reverse repurchase agreements, and stocks, obligations, and shares or units of common trust funds of any corporate fiduciary.

5.7. <u>Division or Distribution in Cash or in Kind</u>.  In order to satisfy a pecuniary gift or to distribute or divide estate assets into shares or partial shares, the executor may distribute or divide those assets in kind, or divide undivided interests in those assets, or sell all or any part of those assets and distribute or divide the property in cash, in kind, or partly in cash and partly in kind. Property distributed to satisfy a pecuniary gift under this will shall be valued at its fair market value at the time of distribution.

5.8. <u>Power to Make Tax Elections</u>.  To the extent permitted by law, and without regard to the resulting effect on any other provision of this will, on any person interested in my estate, or on the amount of taxes that may be payable, the executor shall have the power to choose a valuation date for tax purposes; choose the methods to pay any death taxes; elect to treat or use any item for state or federal estate or income tax purposes as an income tax deduction or an estate tax deduction; disclaim all or any portion of any interest in property passing to my estate at or after my death; and determine when an item is to be treated as taken into income or used as a tax deduction.

7

5.9.  <u>Power to Sell, Lease, and Grant Options to Purchase Property</u>.  The executor shall have the power to sell, at either public or private sale and with or without notice, lease, and grant options to purchase any real or personal property belonging to my estate, on such terms and conditions as the executor determines to be in the best interest of my estate.

5.10.  <u>Payments to Legally Incapacitated Persons</u>.  If at any time any beneficiary under this will is a minor or it appears to the executor that any beneficiary is incapacitated, incompetent, or for any other reason not able to receive payments or make intelligent or responsible use of the payments, then the executor, in lieu of making direct payments to the beneficiary, may make payments to the beneficiary's conservator or guardian; to the beneficiary's custodian under the Uniform Gifts to Minors Act or Uniform Transfers to Minors Act of any state; to one or more suitable persons, as the executor deems proper, such as a relative or a person residing with the beneficiary, to be used for the benefit of the beneficiary; to any other person, firm, or agency for services rendered or to be rendered for the beneficiary's assistance or benefit; or to accounts in the beneficiary's name with financial institutions.  The receipt of payments by any of the foregoing shall constitute a sufficient acquittance of the executor for all purposes.

ARTICLE SIX

TRUSTEE

6.1.  <u>Nomination of Trustee</u>.  I nominate LAURA SIEGEL LARSON, my daughter, as trustee of any trust created under this will.

6.2.  <u>Successor Trustees</u>.  If LAURA SIEGEL LARSON is unable (by reason of death, incapacity, or any other reason) or unwilling to serve as trustee, or if at any time the office of

8

CONFIDENTIAL                EXHIBIT F                LSL 00391
127

trustee becomes vacant, by reason of death, incapacity, or any other reason, and no successor trustee or cotrustees have been designated under any other provision of this will, then I nominate CITY NATIONAL BANK, Beverly Hills Main Office, as successor trustee. If CITY NATIONAL BANK is unwilling or unable to serve as successor trustee, a new trustee or cotrustees shall be appointed by the court.

6.3. <u>Definition of Trustee</u>. Reference in this will to the "trustee" shall be deemed a reference to whoever is serving as trustee or cotrustees, and shall include alternate or successor trustees or cotrustees, unless the context requires otherwise.

6.4. <u>Waiver of Bond</u>. No bond or undertaking shall be required of any trustee nominated in this will.

6.5. <u>Compensation of Trustee</u>. The trustee shall be entitled to reasonable compensation for services rendered, payable without court order.

6.6. <u>Procedure for Resignation</u>. Any trustee may resign at any time, without giving a reason for the resignation, by giving written notice, at least sixty (60) days before the time the resignation is to take effect, to any other trustee then acting, to any persons authorized to designate a successor trustee, to all living trust beneficiaries known to the trustee (or, in the case of a minor beneficiary, to the parent or guardian of that beneficiary), and to the successor trustee. A resignation shall be effective on written acceptance of the trust by the successor trustee.

6.7. <u>General Powers of Trustee</u>. To carry out the purposes of any trust created under this will, the trustee shall have all of the powers enumerated in this will and all powers now or hereafter conferred on trustees under California law, subject to any limitations stated elsewhere in this will.

9

6.8.  <u>Power to Retain Trust Property</u>.  The trustee shall have the power to retain property received into the trust at its inception or later added to the trust, as long as the trustee considers that retention in the best interests of the trust or in furtherance of my goals in creating the trust, as determined from this will, but subject to the standards of the prudent investor rule as set forth in the California Uniform Prudent Investor Act, as amended from time to time.

6.9.  <u>Power to Invest</u>.  Subject to the standards of the prudent investor rule as stated in the California Uniform Prudent Investor Act, as amended from time to time, the trustee shall have the power to invest and manage the trust assets as a prudent investor would, by considering the purposes, terms, distribution requirements, and other circumstances of the trust.

6.10.  <u>Power Over Unproductive Property</u>.  The trustee shall have the power to retain or acquire unproductive or underproductive property.

6.11.  <u>Combining Multi-Trust Property</u>.  Each trust created under this will shall constitute a separate trust and be administered accordingly; however, the assets of all of the trusts may be combined for bookkeeping purposes and held for the trust beneficiaries without physical division into separate trusts until time of distribution.

6.12.  <u>Early Termination of Trusts</u>.  The trustee shall have the power, in the trustee's discretion, to petition the court to terminate any trust created under this will whenever the fair market value of the trust falls below twenty-five thousand dollars ($25,000), or becomes so small in relation to the costs of administration as to make continuing administration uneconomical, or contrary to the primary purposes of the trust.  On termination, the trustee shall distribute the principal and any accrued or undistributed net income to the income beneficiaries in proportion to their shares of the income.  If no fixed amount of income is payable to specific beneficiaries, the

10

CONFIDENTIAL

LSL 00393

trustee shall distribute the principal and any accrued or undistributed net income in equal shares to those beneficiaries who would then be entitled to income payments from the trust.

6.13.  Division or Distribution in Cash or in Kind.  In order to satisfy a pecuniary gift or to distribute or divide trust assets into shares or partial shares, the trustee may distribute or divide those assets in kind, or divide undivided interests in those assets, or sell all or any part of those assets and distribute or divide the property in cash, in kind, or partly in cash and partly in kind. Property distributed to satisfy a pecuniary gift under this will shall be valued at its fair market value at the time of distribution.

6.14.  Payments to Legally Incapacitated Persons.  If at any time any trust beneficiary under this will is a minor or it appears to the trustee that any trust beneficiary is incapacitated, incompetent, or for any other reason not able to receive payments or make intelligent or responsible use of the payments, then the trustee, in lieu of making direct payments to the trust beneficiary, may make payments to the beneficiary's conservator or guardian; to the beneficiary's custodian under the Uniform Gifts to Minors Act or Uniform Transfers to Minors Act of any state; to one or more suitable persons, as the trustee deems proper, such as a relative or a person residing with the beneficiary, to be used for the benefit of the beneficiary; to any other person, firm, or agency for services rendered or to be rendered for the beneficiary's assistance or benefit; or to accounts in the beneficiary's name with financial institutions.  The receipt of payments by any of the foregoing shall constitute a sufficient acquittance of the trustee for all purposes.

6.15.  Trustee's Liability.  No trustee shall be liable to any interested party for acts or omissions of that trustee, except those resulting from that trustee's willful misconduct or gross

11

CONFIDENTIAL

LSL 00394

negligence. This standard shall also apply regarding a trustee's liability for the acts or omissions of any cotrustee, predecessor trustee, or agent employed by the trustee.

6.16.  <u>Written Notice to Trustee</u>.  Until the trustee receives written notice of any death or other event on which the right to payments from any trust may depend, the trustee shall incur no liability for disbursements made in good faith to persons whose interests may have been affected by that event.

6.17.  <u>Duty to Account</u>.  The trustee shall render accounts at least annually, at the termination of a trust, and on a change of trustees, to the persons and in the manner required by law.

ARTICLE SEVEN

CONCLUDING PROVISIONS

7.1.  <u>Definition of Death Taxes</u>.  The term "death taxes," as used in this will, shall mean all inheritance, estate, succession, and other similar taxes that are payable by any person on account of that person's interest in my estate or by reason of my death, including penalties and interest, but excluding the following:

> (a)  Any additional tax that may be assessed under Internal Revenue Code Section 2032A.

> (b)  Any federal or state tax imposed on a "generation-skipping transfer," as that term is defined in the federal tax laws, unless the applicable tax statutes provide that the generation-skipping transfer tax on that transfer is payable directly out of the assets of my gross estate.

7.2.  <u>Payment of Death Taxes</u>.  The executor shall pay all death taxes, whether or not attributable to property inventoried in my probate estate, out of the residue of my estate, and no death taxes shall be prorated or apportioned among the persons interested in that property.

12

CONFIDENTIAL

LSL 00395

7.3. <u>Period of Survivorship</u>. For the purposes of this will, a beneficiary shall not be deemed to have survived me if that beneficiary dies within thirty (30) days after my death.

7.4. <u>Perpetuities Savings Clause</u>. Notwithstanding any other provision of this will, every trust created by this will shall terminate no later than twenty-one (21) years after the death of the last survivor of my issue who are alive at the time of my death. If a trust is terminated under this section of the will, the trustee shall distribute all of the principal and undistributed income of the trust to the income beneficiaries of the trust in the proportion in which they are entitled (or eligible, in the case of discretionary payments) to receive income immediately before the termination. If that proportion is not fixed by the terms of this will, the trustee shall distribute all of the trust property to the persons then entitled or eligible to receive income from the trust outright in a manner that, in the trustee's opinion, will give effect to my intent in creating the trust. The trustee's decision is to be final and incontestable by anyone.

7.5. <u>Definition of Incapacity</u>. As used in this will, "incapacity" or "incapacitated" means a person operating under a legal disability such as a duly established conservatorship, or a person who is unable to do either of the following:

(a) Provide properly for that person's own needs for physical health, food, clothing, or shelter; or

(b) Manage substantially that person's own financial resources, or resist fraud or undue influence.

7.6. <u>Captions</u>. The captions appearing in this will are for convenience of reference only, and shall be disregarded in determining the meaning and effect of the provisions of this will.

13

CONFIDENTIAL

EXHIBIT F
132

LSL 00396

7.7.  Severability Clause.  If any provision of this will is invalid, that provision shall be disregarded, and the remainder of this will shall be construed as if the invalid provision had not been included.

7.8.  California Law to Apply.  All questions concerning the validity and interpretation of this will, including any trusts created by this will, shall be governed by the laws of the State of California in effect at the time this will is executed.

7.9.  Gifts to "Heirs".  For any gift to my heirs that is made outright in this will, those heirs shall be determined as if I had died intestate at the time for distribution prescribed in this will, and the identity and shares of those heirs shall be determined according to the California laws of succession that concern separate property not acquired from a previously deceased spouse and that are in effect at the time I am deemed to have died.  For any assets of any trust estate created by this will to be distributed to my heirs, those heirs shall be determined as if I had died intestate immediately following the termination of the trust of each share, and the identity and shares of those heirs shall be determined according to the California laws of succession that concern separate property not acquired from a previously deceased spouse and that are in effect at the time I am deemed to have died.

Executed on *November 14th/2008* at *Los Angeles* California.

_____
JOANNE SIEGEL

On the date written above, we, the undersigned, each being present at the same time, witnessed the signing of this instrument by JOANNE SIEGEL.  At that time, JOANNE SIEGEL appeared

14

CONFIDENTIAL

EXHIBIT F
133

LSL 00397

to us to be of sound mind and memory and, to the best of our knowledge, was not acting under

fraud, duress, menace, or undue influence.  Understanding this instrument, which consists of 15

ages, including the pages on which the signature of JOANNE SIEGEL and our signatures appear,

to be the will of JOANNE SIEGEL, we subscribe our names as witnesses thereto.

We declare under penalty of perjury under the laws of the State of California that the

foregoing is true and correct.

Executed on _November 14_____, 2000, at _Los Angeles_____, California.

_____    residing at _11111 Santa Monica Blvd 1840_
Witness                                        Street Address

                                               _Los Angeles_____, California
                                               City

_Mary Carrier_____    residing at _11111 Santa Monica Blvd #18;_
Witness                                        Street Address

                                               _Los Angeles_ California 90025
                                               City

15

CONFIDENTIAL                    EXHIBIT F                    LSL 00398
                                               134

In the matter of the Estate of
JOANNE SIEGEL

Attachment 3f(3)

**ATTACHMENT 3f(3)**

LSL 00399

Estate of Joanne Siegel, Deceased                         Case No. _____

## Attachment 3f(3)
## Petition for Letters of Special Administration

**Grounds and Requested Powers:**

Circumstances require the immediate appointment of a Special Administrator.

At the time of Decedent's death she was a party to three actions

1. **Joanne Siegel, et al v. Warner Bros. Entertainment Inc., et al.**, United States District Court for the Central District of California, Case No. 04-CV-8400 ODW (RZx).

2. **Joanne Siegel, et al. v. Time Warner Inc., et al.**, United States District Court for the Central District of California, Case No. 04-CV-8776 ODS (RZx)

3. **DC Comics v. Pacific Pictures Corp., et al.**, Central District of California Case No. 10-CV-03633.

Each of these actions is more particularly set forth in the description and current status of each provided by Marc Toberoff, Esq., counsel for Joanne Siegel and Laura Siegel Larson and which is attached hereto as **EXHIBIT A** and incorporated by reference. As indicated therein and with regard to the actions filed against Warner Bros. Entertainment Inc., et al., and Time Warner Inc., et al (items 1 and 2 above), discovery is closed and trial dates are pending and discovery is on-going in the action filed by DC Comics.

The Decedent and Laura Siegel Larson have been represented by the Law Offices of Marc Toberoff in the above three actions pursuant to a retention agreement.

Accordingly, the Special Administrator, Laura Siegel Larson, should be granted the power to do all of the following without further order of this Court:

1. Substitute in and represent the interests of Joanne Siegel to maintain, defend and/or settle the litigation in the above three actions ~~lodged~~ pending her appointment as Executor.

2. Continue to retain the Law Offices of Marc Toberoff as counsel in the above three actions pursuant to the original retention agreement letter between Marc Toberoff, Joanne Siegel and Laura Siegel Larson, a copy of which will be lodged with the court on a "confidential basis."

LSL 00400

In the matter of the Estate of
JOANNE SIEGEL

EXHIBIT "A"
Attachment 3f(3)

**EXHIBIT "A"**
**ATTACHMENT 3F(3)**

EXHIBIT F
137

LSL 00401

*Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, United States
District Court for the Central District of California, Case No. 04-CV-8400 ODW (RZx):
Plaintiffs Joanne Siegel and Laura Siegel Larson filed this action on October 4, 2004,
against, *inter alia,* defendants Warner Bros. Entertainment, Inc. and DC Comics ("DC").
Joanne and Laura Siegel are the widow and daughter, respectively, of Jerome Siegel
("Siegel") who, with Joseph Shuster ("Shuster"), co-created Superman, and later granted
the copyrights in their creation to defendants' predecessors. The 1976 Copyright Act
provides authors and their families with new rights to recapture the author's original
copyright(s) for the extended renewal term by terminating prior grants of copyright. *See*
17 U.S.C. § 304(c). This "Superman" action arises out of Joanne and Laura Siegel's April
3, 1997 notices of termination under 17 U.S.C. § 304(c) ("Termination"), which terminate
grants by Siegel and Shuster to defendants and/or their predecessors of the copyrights in
and to the "Superman" characters and comic books / newspaper strips authored by Siegel
and Shuster. This action seeks declaratory relief as to the validity of the Siegels'
Termination, declaratory relief as to an accounting, and an accounting from defendants as
co-owners of the copyrights recaptured pursuant to the Termination.

   *Current Status*: Discovery is closed. In 2008 the Court granted the Siegels' motion
for summary judgment, in part, ruling that the Termination was effective as of April 16,
1999 and that the Siegels had thereby recaptured Jerome Siegel's co-authorship share of
the original Superman story published in Action Comics No.1. Thereafter in 2009, the
Court ruled that the Siegels had also recaptured as of April 16, 1999 Jerome Siegel's co-
authorship share of the first two weeks of the Superman newspapers strips, Action Comics
No. 4 and Superman No. 1. As the Siegels co-own the copyright to these works with DC,
DC has a duty to account to the Siegels for an allocated share of the profits DC derives
from the exploitation of such copyrights. Phase I of an accounting trial was completed in
2009, in which the Court determined that only DC, but not its effective parent, Warner
Bros. Entertainment Inc., must account to the Siegels. What remains to be decided are a

LSL 00402

number of legal issues as to the principles to be applied to such an accounting and the Phase II of trial regarding DC's accounting to the Siegels. No date has yet been set for that Phase II trial.

*Joanne Siegel, et al. v. Time Warner Inc., et al.,* United States District Court for the Central District of California, Case No. 04-CV-8776 ODW (RZx): On November 2, 2002, Joanne Siegel and Laura Siegel Larson served a separate notice of termination under 17 U.S.C. § 304(c), effective as of November 17, 2004, regarding Jerome Siegel's copyright grants of the "Superboy" character to DC's predecessors. Plaintiffs Joanne Siegel and Laura Siegel Larson filed their initial Complaint in this separate "Superboy" action on October 22, 2004 against, *inter alia*, defendants Warner Bros. Entertainment Inc. and DC Comics. Plaintiffs seek declaratory relief regarding the separate "Superboy" termination, and allege copyright infringement, Lanham Act violations, and violations of California's Unfair Competition Law, California Business and Professions Code §§ 17200 *et seq.*

*Current Status*: Discovery is closed. The parties filed cross-motions for summary judgment. The Court asked for and received supplemental briefing regarding such motions, which are currently under submission, but has not yet rendered a final decision as to the cross-motions. No trial date has been set.

*DC Comics v. Pacific Pictures Corp., et al.,* Central District of California Case No. 10-CV-03633: DC Comics, defendant in the related cases described above, filed this lawsuit to attack the validity of the notices of termination served by Joe Shuster's heirs. Joanne Siegel and Laura Siegel Larson are named defendants along with the Shuster heirs only to the Third and Sixth Claims for relief, which seek declaratory relief under federal law and California's Unfair Competition Law.

*Current Status*: A motion to strike under California's Anti-SLAPP statute and three dispositive motions to dismiss have been fully-briefed and have been taken under submission by the Court. Discovery is ongoing. No trial date has been set.

LSL 00403

| NAME, ADDRESS AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | *Reserved for Clerk's File Stamp* |
|---|---|---|
| GARY M. RUTTENBERG<br>BLOOM & RUTTENBERG<br>11111 Santa Monica Blvd., #1840<br>Los Angeles, CA 90025 | 48590 | |

ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:
111 N. HILL STREET, LOS ANGELES, CA 90025

Matter of:

JOANNE SIEGEL,

☑ DECEDENT    ☐ CONSERVATEE    ☐ MINOR    ☐ TRUST/OTHER

**PROBATE CASE COVER SHEET -**
**CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO DISTRICT**

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

MAR 8 - 2011

John A. Clarke, Executive Officer/Clerk

BY _____
E. Alvarez

CASE NUMBER: BP127358

---

This form is required for all new Probate cases filed in the Los Angeles Superior Court.

I. Select the correct district (3 steps):

**1)** Under Column **1** below, check the one type of action which best describes the nature of this case.

**2)** In Column **2** below, circle the reason for your choice of district that applies to the type of action you have checked.

─────────── **Applicable Reason for Choosing District (See Column 2 below)** ───────────

1. District where one or more of the parties reside.
2. District where minor/proposed conservatee reside.
3. District where petitioner resides.
4. District where decedent was domiciled.
5. Decedent/Ward/Conservatee was/is not domiciled in California, but held property at date of death/holds property in district.
6. Other: Statutory Authority _____
7. May be filed in the appropriate district (Local Rule 2.0(c) states specific circumstances in which this may occur).

**3)** Fill in the information requested on Section II; complete section III; sign the certificate.

| **1** TYPE OF ACTION *(Check only one)* | | **2** APPLICABLE REASONS *(See above)* |
|---|---|---|
| **Decedent Estates** | | |
| ☑ A6210 | Petition for Probate of Will - Letters Testamentary | 4., 5., 7. |
| ☐ A6211 | Petition for Probate of Will - Letters of Administration with will annexed | 4., 5., 7. |
| ☐ A6212 | Petition for Letters of Administration | 4., 5., 7. |
| ☑ A6213 | Petition for Letters of Special Administration | 4., 5., 7. |
| ☐ A6214 | Petition to Set Aside Small Estate (6602 Prob. Code) | 4., 5., 7. |
| ☐ A6215 | Spousal Property Petition | 4., 5., 7. |
| ☐ A6216 | Petition for Succession to Property | 4., 5., 7. |
| ☐ A6217 | Summary Probate (7660 Prob. Code) | 4., 5., 7. |
| ☐ A6218 | Petition re Real Property of Small Value (13200 Prob. Code) | 4., 5., 7. |
| **Conservatorship / Guardianship** | | |
| ☐ A6230 | Petition for Conservatorship of Person and Estate | 2., 6., 7. |
| ☐ A6231 | Petition for Conservatorship of Person only | 2., 6., 7. |
| ☐ A6232 | Petition for Conservatorship of Estate only | 2., 5., 6., 7 |

PROBATE CASE COVER SHEET - CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO DISTRICT

PRO 010 05-03

Page 1 of 2



EXHIBIT F
140

LSL 00404

| Short Title | CASE NUMBER: |
|---|---|
| JOANNE SIEGEL | |

**1** TYPE OF ACTION *(Check only one)*    **2** APPLICABLE REASONS *(See above)*

**Conservatorship / Guardianship**

| | A6240 | Petition for Guardianship of Person and Estate | 2., 6., 7. |
|---|---|---|---|
| | A6241 | Petition for Guardianship of Person only | 2., 6., 7. |
| | A6242 | Petition for Guardianship of Estate only | 2., 5., 6., 7. |

**Trust / Other Probate Court Matters**

| | A6254 | Trust Proceedings | 3., 6., 7. |
|---|---|---|---|
| | A6260 | Petition for Compromise of Minor's Claim - no civil case filed (3500 Prob. Code) | 1., 2., 6., 7. |
| | A6180 | Petition to Establish Fact of Birth, Death or Marriage | 1., 4., 7. |
| | A6200 | Other Probate Matter (Specify): _____ | 6., 7. |
| | A6243 | Proceeding for particular transaction where spouse lacks legal Capacity | 2., 6., 7. |
| | A6233 | Capacity determination and health care decision for adult without conservator | 2., 6., 7. |

II. Select the appropriate district: Enter the address of the party, decedent's residence, property, or other circumstance you have circled in column 2 as the proper reason for filing in the district you selected.

REASON: CHECK THE NUMBER YOU CIRCLED IN «2» WHICH APPLIES IN THIS CASE

☑ 1    ☐ 2    ☐ 3    ☑ 4    ☐ 5    ☐ 6    ☑ 7

ADDRESS OF SUBJECT PERSON / FIDUCIARY
13929 Marquesas Way, Apt. 201A
Los Angeles, CA 90292

CITY:
LOS ANGELES, CA          STATE          ZIP CODE

III. ☐ Another case (including Juvenile, Family Law, Adoptions, etc.) has been filed with Los Angeles Superior Court involving the same minor(s).
Case number: _____

IV. Certificate of Assignment: The undersigned hereby certifies that the above entitled matter is properly filed for assignment to the **Central** ➕ District of the Los Angeles Superior Court pursuant to the California Probate Code and Rule 2.0 of this court for the reason checked above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and this declaration was executed on

**March 7, 2011** ➕

BLOOM & RUTTENBERG

_(signature)_

(SIGNATURE OF ATTORNEY/PARTY WITHOUT ATTORNEY)
GARY M. RUTTENBERG

**New Probate Case Filing Instructions**

This form is required so that the court can assign your case to the correct courthouse in the proper district for filing. It satisfies the requirement for a certificate as to reasons for authorizing filing in the courthouse location, as set forth in Los Angeles Superior Court Local Rule 2.0. It must be completed and submitted to the court along with the original Petition in ALL Probate cases filed in any district (including the Central District) of the Los Angeles County Superior Court.

**THE FOLLOWING DOCUMENTS MUST BE COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Probate Case Cover Sheet (this form)

2. Original Petition

3. Other documents as required by statute, California Rules of Court, or Rules of this Court.

4. Payment in full of the filing fees or an Order of the Court waiving payment of the filing fees (fee waiver application forms available at the Forms Window).

*Copies of original documents presented personally to the filing clerk will be conformed and returned to you.*
*If filed by mail, include a self-addressed-stamped-envelope for return of your conformed copies.*

**PROBATE CASE COVER SHEET - CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO DISTRICT**

PRO 010 05-03                                                              Page 2 of 2

LSL 00405

DE-140

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address): | TELEPHONE AND FAX NOS.: | FOR COURT USE ONLY |
|---|---|---|

GARY M. RUTTENBERG  SB#4859C
BLOOM & RUTTENBERG
11111 Santa Monica Blvd. #1840
Los Angeles, CA 90025

TELEPHONE AND FAX NOS.:
310-444-1979
310-444-1917

**FILED**
LOS ANGELES SUPERIOR COURT

MAR 08 2011

John A. Clarke, Executive Officer/ Clerk

By _____ Deputy

ATTORNEY FOR (Name): Petitioner

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Strett
MAILING ADDRESS: -- same --
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: CENTRAL

ESTATE OF (Name): JOANNE SIEGEL

DECEDENT

| ORDER FOR PROBATE | CASE NUMBER: |
|---|---|

**ORDER FOR PROBATE**

ORDER
APPOINTING
- [ ] Executor
- [ ] Administrator with Will Annexed
- [ ] Administrator    [X] Special Administrator
- [ ] Order Authorizing Independent Administration of Estate
  - [ ] with full authority    [ ] with limited authority

CASE NUMBER:
BP127358

**WARNING: THIS APPOINTMENT IS NOT EFFECTIVE UNTIL LETTERS HAVE ISSUED.**

1. Date of hearing: MAR 08 2011    Time: _____    Dept./Room: _____    Judge: _____

**THE COURT FINDS**

2. a. All notices required by law have been given.
   b. Decedent died on (date): Feb. 12, 2011
      (1) [X] a resident of the California county named above.
      (2) [ ] a nonresident of California and left an estate in the county named above.
   c. Decedent died
      (1) [ ] intestate
      (2) [ ] testate
      and decedent's will dated: _____    and each codicil dated: _____
      was admitted to probate by Minute Order on (date): _____

**THE COURT ORDERS**

3. (Name): LAURA SIEGEL LARSON
   is appointed **personal representative:**
   a. [ ] executor of the decedent's will
   b. [ ] administrator with will annexed
   c. [ ] administrator
   d. [X] special administrator
      (1) [ ] with general powers
      (2) [X] with special powers as specified in Attachment 3d(2)
      (3) [ ] without notice of hearing
      (4) [X] letters will expire on (date): 4-6-11
   and letters shall issue on qualification.

4. a. [ ] **Full authority** is granted to administer the estate under the Independent Administration of Estates Act.
   b. [ ] **Limited authority** is granted to administer the estate under the Independent Administration of Estates Act (there is no authority, without court supervision, to (1) sell or exchange real property or (2) grant an option to purchase real property or (3) borrow money with the loan secured by an encumbrance upon real property).

5. a. [X] Bond is not required.
   b. [ ] Bond is fixed at: $ _____    to be furnished by an authorized surety company or as otherwise provided by law.
   c. [ ] Deposits of: $ _____    are ordered to be placed in a blocked account at (specify institution and location): _____
      and receipts shall be filed. No withdrawals shall be made without a court order. [ ] Additional orders in Attachment 5c.
   d. [X] The personal representative is not authorized to take possession of money or any other property without a specific court order.

6. [ ] (Name): _____    is appointed probate referee.

Date: _____

7. Number of pages attached: _____

JUDGE OF THE SUPERIOR COURT
[X] SIGNATURE FOLLOWS LAST ATTACHMENT

Form Approved by the
Judicial Council of California
DE-140 [Rev. January 1, 1998]
Mandatory Form [1/1/2000]

**ORDER FOR PROBATE**

Probate Code, §§ 8006, 8400

**ORIGINAL**

EXHIBIT F
142

LSL 00406

Estate of Joanne Siegel, Deceased                    Case No. _____

### Attachment 3f(2)
### Order Appointing Special Administrator

The Special Administrator, Laura Siegel Larson, is granted the power to do all of the following without further order of this Court:

1.    Substitute in and represent the interests of Joanne Siegel to maintain, defend and/or settle the litigation in the three following actions:

    a.    **Joanne Siegel, et al v. Warner Bros. Entertainment Inc., et al.,** United States District Court for the Central District of California, Case No. 04-CV-8400 ODW (RZx).

    b.    **Joanne Siegel, et al. v. Time Warner Inc., et al.,** United States District Court for the Central District of California, Case No. 04-CV-8776 ODS (RZx)

    c.    **DC Comics v. Pacific Pictures Corp., et al.,** Central District of California Case No. 10-CV-03633.

2.    Continue to retain the Law Offices of Marc Toberoff as counsel in the above three actions pursuant to the original retention agreement letter and first amendment thereto between Marc Toberoff, Joanne Siegel and Laura Siegel Larson, a copy of which was lodged with the court on a "confidential basis."

Dated: _MAR 0 8 2011_                    _____
                                        JUDGE OF THE SUPERIOR COURT

                                        REVA G. GOETZ, Judge

I certify that this is a true and correct copy of the original _Order_ on file in this office consisting of _2_ pages. JOHN A. CLARKE, Executive Officer/Clerk of the Superior Court of California, County of Los Angeles

Date: MAR 1 8 2011    By: _____, Deputy

RICARDO PEREZ

LSL 00407

DE-150

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name state bar number and address)*
GARY M· RUTTENBERG   SB#48590
BLOOM & RUTTENBERG
11111 Santa Monica Blvd   #1840
Los Angeles, CA 90025

TELEPHONE AND FAX NOS
310-444-1979
310-444-1917

ATTORNEY FOR *(Name)* Petitioner

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS 111 North Hill Strett
MAILING ADDRESS -- same --
CITY AND ZIP CODE Los Angeles, CA 90012
BRANCH NAME CENTRAL

ESTATE OF *(Name)* JOANNE SIEGEL

DECEDENT

FOR COURT USE ONLY

# FILED

LOS ANGELES SUPERIOR COURT

MAR 15 2011

JOHN A CLARKE CLERK

BY *Steven F Chen*
STEVEN F CHEN, DEPUTY

| LETTERS | |
|---|---|
| ☐ TESTAMENTARY | ☐ OF ADMINISTRATION |
| ☐ OF ADMINISTRATION WITH WILL ANNEXED | ☒ SPECIAL ADMINISTRATION |

CASE NUMBER
BP127358

| LETTERS | AFFIRMATION |
|---|---|

1   ☐ The last will of the decedent named above having been proved, the court appoints *(name)*

   a ☐   executor
   b ☐   administrator with will annexed

2 ☒ The court appoints *(name)* LAURA SIEGEL LARSON

   a ☐   administrator of the decedent's estate
   b ☒   special administrator of decedent's estate
      (1) ☒ with the special powers specified in the *Order for Probate*
      (2) ☐ with the powers of a general administrator
      (3) ☒ letters will expire on *(date)* 4/6/11

☐ The personal representative is authorized to administer the estate under the Independent Administration of Estates Act ☐ with full authority
   ☐ with limited authority (no authority, without court supervision, to (1) sell or exchange real property or (2) grant an option to purchase real property or (3) borrow money with the loan secured by an encumbrance upon real property)

4 ☐ The personal representative is not authorized to take possession of money or any other property without a specific court order

1 ☐ PUBLIC ADMINISTRATOR No affirmation required (Prob Code, § 7621(c))

2 ☒ INDIVIDUAL **I solemnly affirm** that I will perform the duties of personal representative according to law

3 ☐ INSTITUTIONAL FIDUCIARY *(name)*

   **I solemnly affirm** that the institution will perform the duties of personal representative according to law I make this affirmation for myself as an individual and on behalf of the institution as an officer *(Name and title)*

4 Executed on *(date)* 3/8/11
   at *(place)* Los Angeles , California

*Laura Siegel Larson*
(SIGNATURE)

**CERTIFICATION**

I certify that this document is a correct copy of the original on file in my office and the letters issued the personal representative appointed above have not been revoked, annulled, or set aside, and are still in full force and effect

WITNESS, clerk of the court, with seal of the court affixed

MAR 15 2011

(SEAL)

Date MAR 15 2011

JOHN A. CLARKE

*Steven F Chen*
(DEPUTY)

Date MAR 17 2011

John A Clarke

Clerk, by *(signature)*
(DEPUTY)

Form Approved by the
Judicial Council of California
DE-150 [Rev January 1 1998]
Mandatory Form [1/1/2000]

**LETTERS**
(Probate)



Probate Code §§ 1001 8403 8405 8544 8545
Code of Civil Procedure § 2015 6

ORIGINAL

LSL 00408

Estate of Joanne Siegel, Deceased                     Case No. BP127358

**Attachment 3f(2)**

The Special Administrator, Laura Siegel Larson, is granted the power to do all of the following without further order of this Court

1    Substitute in and represent the interests of Joanne Siegel to maintain, defend and/or settle the litigation in the three following actions

    a    **Joanne Siegel, et al v. Warner Bros. Entertainment Inc., et al.,** United States District Court for the Central District of California, Case No 04-CV-8400 ODW (RZx)

    b    **Joanne Siegel, et al. v. Time Warner Inc., et al.,** United States District Court for the Central District of California, Case No 04-CV-8776 ODS (RZx)

    c    **DC Comics v. Pacific Pictures Corp. et al.,** Central District of California Case No 10-CV 03633

2    Continue to retain the Law Offices of Marc Toberoff as counsel in the above three actions pursuant to the original retention agreement letter and first amendment thereto between Marc Toberoff, Joanne Siegel and Laura Siegel Larson, a copy of which was lodged with the court on a "confidential basis."

LSL 00409

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number and address):
GARY M. RUTTENBERG   SB#4859C
BLOOM & RUTTENBERG
11111 Santa Monica Blvd   #1840
Los Angeles, CA 90025

TELEPHONE AND FAX NOS.
310-444-1979
310-444-1917

FOR COURT USE ONLY

DE-150

ATTORNEY FOR Petitioner

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS 111 North Hill Strett
MAILING ADDRESS -- same --
CITY AND ZIP CODE Los Angeles, CA 90012
BRANCH NAME CENTRAL

ESTATE OF (Name) JOANNE SIEGEL

DECEDENT

**FILED**
LOS ANGELES SUPERIOR COURT

MAR 15 2011

JOHN A CLARKE CLERK
BY _____ Steven F Chen
STEVEN F CHEN, DEPUTY

### LETTERS

☐ TESTAMENTARY          ☐ OF ADMINISTRATION
☐ OF ADMINISTRATION WITH WILL ANNEXED   ☒ SPECIAL ADMINISTRATION

CASE NUMBER
BP127358

| LETTERS | AFFIRMATION |
|---|---|

1. ☐ The last will of the decedent named above having been proved, the court appoints (name)

  a ☐ executor
  b ☐ administrator with will annexed

2. ☒ The court appoints (name) LAURA SIEGEL LARSON

  a ☐ administrator of the decedent's estate
  b ☒ special administrator of decedent's estate
    (1) ☒ with the special powers specified in the *Order for Probate*
    (2) ☐ with the powers of a general administrator
    (3) ☒ letters will expire on (date) 4/6/11

☐ The personal representative is authorized to administer the estate under the Independent Administration of Estates Act ☐ with full authority
☐ with limited authority (no authority, without court supervision, to (1) sell or exchange real property or (2) grant an option to purchase real property or (3) borrow money with the loan secured by an encumbrance upon real property)

4. ☐ The personal representative is not authorized to take possession of money or any other property without a specific court order

WITNESS, clerk of the court, with seal of the court affixed

(SEAL)          Date MAR 15 2011
JOHN A. CLARKE
_____ Steven F Chen (DEPUTY)

1. ☐ PUBLIC ADMINISTRATOR No affirmation required (Prob Code, § 7621(c))

2. ☒ INDIVIDUAL I solemnly affirm that I will perform the duties of personal representative according to law

3. ☐ INSTITUTIONAL FIDUCIARY (name)

  I solemnly affirm that the institution will perform the duties of personal representative according to law I make this affirmation for myself as an individual and on behalf of the institution as an officer (Name and title)

4. Executed on (date) 3/8/11
at (place) Los Angeles , California

▶ *Laura Siegel Larson*
(SIGNATURE)

### CERTIFICATION

I certify that this document is a correct copy of the original on file in my office and the letters issued the personal representative appointed above have not been revoked, annulled, or set aside, and are still in full force and effect

Date MAR 17 2011          John A. Clarke

Clerk, by _____ (DEPUTY)

Form Approved by the
Judicial Council of California
DE-150 [Rev. January 1 1998]
Mandatory Form [1/1/2000]

**LETTERS**
(Probate)

©EB
ORIGINAL

Probate Code §§ 1001 8403
8405 8544 8545
Code of Civil Procedure § 2015 6

LSL 00410

Estate of Joanne Siegel, Deceased                    Case No. BP127358

## Attachment 3f(2)

The Special Administrator, Laura Siegel Larson, is granted the power to do all of the following without further order of this Court

1    Substitute in and represent the interests of Joanne Siegel to maintain, defend and/or settle the litigation in the three following actions

    a    **Joanne Siegel, et al v. Warner Bros. Entertainment Inc., et al.,** United States District Court for the Central District of California, Case No 04-CV-8400 ODW (RZx)

    b    **Joanne Siegel, et al. v. Time Warner Inc., et al.,** United States District Court for the Central District of California, Case No 04-CV-8776 ODS (RZx)

    c    **DC Comics v. Pacific Pictures Corp., et al.,** Central District of California Case No 10-CV 03633

2    Continue to retain the Law Offices of Marc Toberoff as counsel in the above three actions pursuant to the original retention agreement letter and first amendment thereto between Marc Toberoff, Joanne Siegel and Laura Siegel Larson, a copy of which was lodged with the court on a "confidential basis"

LSL 00411

DE-150

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address): | TELEPHONE AND FAX NOS: | FOR COURT USE ONLY |
|---|---|---|

GARY M RUTTENBERG  SB#48590
BLOOM & RUTTENBERG
11111 Santa Monica Blvd. #1840
Los Angeles, CA 90025

TELEPHONE AND FAX NOS:
310-444-1979
310-444-1917

ATTORNEY FOR (Name): Petitioner

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: -- same --
CITY AND ZIP CODE: Los Angeles          CA      90012
BRANCH NAME: CENTRAL

ESTATE OF (Name): JOANNE SIEGEL

DECEDENT

**FILED**
LOS ANGELES SUPERIOR COURT

APR 22 2011

JOHN A CLARKE, EXECUTIVE OFFICER/CLERK
BY _____ Deputy
Steven F Chen

(Extended)          **LETTERS**
☐ TESTAMENTARY                    ☐ OF ADMINISTRATION
☐ OF ADMINISTRATION WITH WILL ANNEXED  ☒ SPECIAL ADMINISTRATION

CASE NUMBER:
BP127358

## LETTERS

1. ☐ The last will of the decedent named above having been proved, the court appoints (name)

   a. ☐ executor
   b. ☐ administrator with will annexed

2. ☒ The court appoints (name)
   LAURA SIEGEL LARSON
   a. ☐ administrator of the decedent's estate
   b. ☒ special administrator of decedent's estate
      (1) ☒ with the special powers specified in the Order for Probate
      (2) ☐ with the powers of a general administrator
      (3) ☒ letters will expire on (date)
          ~~May 6, 2011~~  5/04/11

3. ☐ The personal representative is authorized to administer the estate under the Independent Administration of Estates Act ☐ with full authority
   ☐ with limited authority (no authority, without court supervision, to (1) sell or exchange real property or (2) grant an option to purchase real property or (3) borrow money with the loan secured by an encumbrance upon real property)

4. ☐ The personal representative is not authorized to take possession of money or any other property without a specific court order

## AFFIRMATION

1 ☐ PUBLIC ADMINISTRATOR  No affirmation required (Prob Code, § 7621(c))

2 ☒ INDIVIDUAL  I solemnly affirm that I will perform the duties of personal representative according to law

3 ☐ INSTITUTIONAL FIDUCIARY (name)

   I solemnly affirm that the institution will perform the duties of personal representative according to law I make this affirmation for myself as an individual and on behalf of the institution as an officer (Name and title)

4  Executed on (date) 4/6/11
   at (place)  Los Angeles                    , California

_Laura Siegel Larson_
(SIGNATURE)

## CERTIFICATION

I certify that this document is a correct copy of the original on file in my office and the letters issued the personal representative appointed above have not been revoked, annulled, or set aside, and are still in full force and effect

WITNESS, clerk of the court, with seal of the court affixed

(SEAL)          Date  APR 22 2011

Clerk, JOHN A. CLARKE
by _____ (DEPUTY)

(SEAL)          Date

Clerk, by _____

_____ (DEPUTY)

Form Approved by the
Judicial Council of California
DE 150 [Rev January 1, 1998]
Mandatory Form [1/1/2000]

**LETTERS**
(Probate)

Probate Code §§ 1001, 8403
8405, 8544 8545
Code of Civil Procedure § 2015 6

ORIGINAL

LSL 00412

**Estate of Joanne Siegel, Deceased**                          **Case No. BP127358**

### Attachment 3f(2)

The Special Administrator, Laura Siegel Larson, is granted the power to do all of the
following without further order of this Court.

1.   Substitute in and represent the interests of Joanne Siegel to maintain, defend
     and/or settle the litigation in the three following actions.

     a.   <u>__Joanne Siegel, et al v. Warner Bros. Entertainment Inc., et al.,__</u> United
          States District Court for the Central District of California, Case No 04-
          CV-8400 ODW (RZx).

     b.   <u>__Joanne Siegel, et al. v. Time Warner Inc., et al.,__</u> United States District
          Court for the Central District of California, Case No 04-CV-8776 ODS
          (RZx)

     c.   <u>__DC Comics v. Pacific Pictures Corp., et al.,__</u> Central District of
          California Case No 10-CV-03633

2.   Continue to retain the Law Offices of Marc Toberoff as counsel in the above three
     actions pursuant to the original retention agreement letter and first amendment
     thereto between Marc Toberoff, Joanne Siegel and Laura Siegel Larson, a copy of
     which was lodged with the court on a "confidential basis."

LSL 00413

LAST WILL OF

JOANNE SIEGEL

I, JOANNE SIEGEL, a resident of Los Angeles County, California, declare that this is my will. I hereby revoke all my previous wills and codicils.

ARTICLE ONE

INTRODUCTORY PROVISIONS

1.1. <u>Marital Status</u>. I am not currently married. I was previously married to JEROME, who died on January 28, 1996.

1.2. <u>Identification of Living Child</u>. I have one living child, LAURA SIEGEL LARSON, born March 21, 1951.

1.3. <u>No Deceased Children</u>. I have no deceased children.

1.4. <u>Definitions of Child, Children, and Issue</u>. As used in this will, the terms "child" and "children" refer to all persons referred to in California Probate Code Section 26, as in effect at the time of execution of this will, and the term "issue" refers to all persons referred to in California Probate Code Section 50, as in effect at the time of execution of this will.

ARTICLE TWO

PARTICULAR GIFTS

2.1. <u>Tangible Personal Property</u>. I give all of my tangible personal property, including my interest in any insurance on that property, to LAURA SIEGEL LARSON, my daughter, if she survives me, and if she does not survive me, this gift shall lapse.

2.2.  <u>Specific Gift of Termination Rights and/or Intellectual Property Rights to LAURA SIEGEL LARSON</u>.  I give all Termination Rights and/or Intellectual Property Rights relating "Superman" to LAURA SIEGEL LARSON, my daughter, if she survives me, and if she does not survive me, these rights shall go to my issue who survive me in the manner set forth in section 3.1(b) of this will.  This is a specific gift, and if at the time of my death, there are no such Rights in my estate, the gift shall fail and the executor shall not resort to other property in my estate to satisfy the gift.  If, between the date of this will and the date of my death, any change or adjustment is made in the Rights this gift shall be adjusted as appropriate to reflect that change or adjustment.

2.3.  <u>General Pecuniary Gifts</u>.  I make the following general pecuniary gifts:

(a)  I give a pecuniary gift of twenty-five thousand dollars ($25,000) to MICHAEL KENT LARSON, my grandson, if he survives me, and if he does not survive me, this gift shall lapse.

(b)  I give a pecuniary gift of twenty-five thousand dollars ($25,000) to JAMES ROBERT LARSON, my grandson, if he survives me, and if he does not survive me, this gift shall lapse.

(c)  I give a pecuniary gift of ten thousand dollars ($10,000) to SOPHIE HALKO, my sister, if she survives me, and if she does not survive me, this gift shall be distributed to her then-living issue in the manner provided in California Probate Code section 240, or if there are none, this gift shall lapse.

(d)  I give a pecuniary gift of ten thousand dollars ($10,000) to GEORGE ZADOROZNY, ESQ., of 651 Timber Bay Circle West, Oldsman, Florida 34677, if he survives me, and if he does not survive me, this gift shall go to his wife SILVIA, if she is then-surviving, or if she is not, this gift shall lapse.

With respect to the foregoing, if any beneficiary is under the age of twenty-five (25) years, the gift to that beneficiary shall be distributed instead to my executor named herein as Custodian under

2

CONFIDENTIAL

LSL 00415

the California Uniform Transfers To Minors Act until the beneficiary attains the age of twenty-five (25) years.

2.4. <u>No Interest on General Pecuniary Gifts</u>.  No interest shall be paid on any general pecuniary gift made in this will.

## ARTICLE THREE

## RESIDUARY PROVISIONS

3.1. <u>Disposition of Residue</u>.  I give the residue of my estate as follows:

(a)  If my daughter, LAURA SIEGEL LARSON ("LAURA"), survives me, I give the residue of my estate outright to her.

(b)  If LAURA does not survive me but issue of LAURA survive me, I give the residue of my estate outright to those issue in the manner provided in California Probate Code Section 240.  However, if an individual issue has not reached the age of 40 years at my death, that issue's share shall be held, administered, and distributed by the trustee in a separate trust for that issue according to the terms set forth in Article Four applicable to the Separate Share Trust for Issue.

(c)  If LAURA does not survive me and leaves no issue who survive me, I give the residue of my estate to the then-living issue of LAURA.

(d)  If the residue of my estate is not completely disposed of by the preceding provisions, I give the undisposed-of portion of the residue to my heirs.

## ARTICLE FOUR

## TRUST DISTRIBUTIONS

4.1. <u>Separate Share Trust for Issue</u>.  Each portion of my estate and each portion of the trust property of a trust created by my will that are allocated to a Separate Share Trust for Issue for the benefit of the beneficiary, as defined in subsection (a), below, when that beneficiary is

3

under the age of forty (40) years shall be held, administered, and distributed by the trustee as a separate trust, as follows:

(a) Beneficiary. The beneficiary of this trust is the individual issue of a deceased child of mine or the individual issue of mine, as the case may be, for whom this trust is created pursuant to the other provisions of this will.

(b) Discretionary Payments of Income Until Age 25. The trustee shall pay to or apply for the benefit of the beneficiary, until the beneficiary reaches the age of twenty-five (25) years, as much of the net income of the trust as the trustee deems proper for that beneficiary's health, education, support, and maintenance. In exercising discretion, the trustee shall give the consideration that the trustee deems proper to all other income and resources that are known to the trustee and that are readily available to the beneficiary for use for these purposes. All decisions of the trustee regarding payments under this subsection, if any, are within the trustee's discretion and shall be final and incontestable by anyone. The trustee shall accumulate and add to principal any net income not distributed.

(c) Mandatory Payments of Income After Age 25. After the beneficiary reaches the age of 25 years, the trustee shall pay to or apply for the benefit of the beneficiary all of the net income of the trust, in monthly or other convenient installments, but not less often than annually, for the term of the trust.

(d) Discretionary Payments of Principal. At any time or times during the trust term, the trustee shall pay to or apply for the benefit of the beneficiary as much of the principal of the trust as the trustee deems proper for that beneficiary's health, education, support, and maintenance. In exercising discretion, the trustee shall give the consideration that the trustee deems proper to all other income and resources that are known to the trustee and that are readily available to the beneficiary for use for these purposes. All decisions of the trustee regarding payments under this subsection, if any, are within the trustee's discretion and shall be final and incontestable by anyone.

(e) Distribution of Individual Trusts in Three Stages for Beneficiary. When a beneficiary reaches the age of 30 years, the trustee shall distribute to the child one third (1/3) of the principal of the beneficiary's individual trust. When a beneficiary reaches the age of 35 years, the trustee shall distribute to the child one half (½) of the principal of the beneficiary's individual trust. When a beneficiary reaches the age of 40 years, the trustee shall distribute the remaining trust property (including all income then accrued but uncollected and all net income then remaining in the hands of the trustee) to the beneficiary outright. If a beneficiary has already reached the age of 30 or 35 years when the Trust for Issue is established, then on

4

the establishment of the trust, the trustee shall distribute to the beneficiary one third (1/3) or one half (½) of the beneficiary's share of the principal of the trust, and the balance shall be retained in an individual trust for the beneficiary pursuant to the applicable provisions of this section. If a living beneficiary has already reached the age of 40 years when the Trust for Issue is established, then on the establishment of the trust, the trustee shall distribute outright to the beneficiary all of the beneficiary's share.

(f) Final Disposition. If the trust property is not completely disposed of by the preceding provisions, the undisposed-of portion shall be distributed outright to my then-living issue in the manner provided in California Probate Code Section 240. If any trust property then remains undisposed, that undisposed trust property shall be distributed outright to my heirs.

4.2. Delayed Income Rule Inapplicable to Disposition of Underproductive Property.

Notwithstanding the provisions of the California Revised Uniform Principal and Income Act, the

trustee shall not be required to allocate to income, as delayed income, any part of the proceeds

received from the sale, exchange, or other disposition of an underproductive asset.

4.3. Spendthrift Clause. The interests of each trust beneficiary under this will are not

transferable by voluntary or involuntary assignment or by operation of law, and shall be free from

the claims of creditors and from attachment, execution, bankruptcy, and other legal process, to

the maximum extent permitted by law. If any such transfer is made or attempted by or against a

trust beneficiary, all further trust payments of income or principal or both to that beneficiary (and

any right of that beneficiary to such payments) shall be suspended for a period of time or

indefinitely (but not for longer than the term of the trust) as the trustee determines. In lieu of

payments to the beneficiary, the trustee may apply so much of the trust income or principal or

both to which the beneficiary would otherwise be entitled as the trustee deems necessary for the

beneficiary's education and support. All trust income (to which the beneficiary would otherwise

5

be entitled) not so applied shall in the discretion of the trustee be accumulated and added to trust principal at such time or times as the trustee deems proper.

ARTICLE FIVE

EXECUTOR

5.1.  Nomination of Executor.  I nominate LAURA SIEGEL LARSON, my daughter, as executor of this will.

5.2.  Successor Executors.  If LAURA SIEGEL LARSON is unable (by reason of death, incapacity, or any other reason) or unwilling to serve as executor, or if at any time the office of executor becomes vacant, by reason of death, incapacity, or any other reason, and no successor executor or coexecutors have been designated under any other provision of this will, then I nominate CITY NATIONAL BANK, Beverly Hills Main Office, as successor executor.  If CITY NATIONAL BANK is unwilling or unable to serve as successor executor, a new executor or coexecutors shall be appointed by the court.

5.3.  Definition of Executor.  The term "executor," as used in this will, refers to each personal representative of my estate who is serving at the pertinent time.

5.4.  Waiver of Bond.  No bond or undertaking shall be required of any executor nominated in this will.

5.5.  General Powers of Executor.  The executor shall have full authority to administer my estate under the California Independent Administration of Estates Act.  The executor shall have all powers now or hereafter conferred on executors by law, except as otherwise specifically provided in this will, including any powers enumerated in this will.

6

5.6.  <u>Power to Invest</u>.  The executor shall have the power to invest and reinvest any money of my estate not reasonably required for the immediate administration of my estate in any kind of property, real, personal, or mixed, and in any kind of investment, including but not limited to improved and unimproved real property, interest-bearing accounts, certificates of deposit, corporate and governmental obligations of any kind, preferred or common stocks, mutual funds, investment trusts, money-market funds, taxable and tax-exempt commercial paper, repurchase and reverse repurchase agreements, and stocks, obligations, and shares or units of common trust funds of any corporate fiduciary.

5.7.  <u>Division or Distribution in Cash or in Kind</u>.  In order to satisfy a pecuniary gift or to distribute or divide estate assets into shares or partial shares, the executor may distribute or divide those assets in kind, or divide undivided interests in those assets, or sell all or any part of those assets and distribute or divide the property in cash, in kind, or partly in cash and partly in kind. Property distributed to satisfy a pecuniary gift under this will shall be valued at its fair market value at the time of distribution.

5.8.  <u>Power to Make Tax Elections</u>.  To the extent permitted by law, and without regard to the resulting effect on any other provision of this will, on any person interested in my estate, or on the amount of taxes that may be payable, the executor shall have the power to choose a valuation date for tax purposes; choose the methods to pay any death taxes; elect to treat or use any item for state or federal estate or income tax purposes as an income tax deduction or an estate tax deduction; disclaim all or any portion of any interest in property passing to my estate at or after my death; and determine when an item is to be treated as taken into income or used as a tax deduction.

7

**CONFIDENTIAL**

EXHIBIT F
156

**LSL 00420**

5.9.  Power to Sell, Lease, and Grant Options to Purchase Property.  The executor shall have the power to sell, at either public or private sale and with or without notice, lease, and grant options to purchase any real or personal property belonging to my estate, on such terms and conditions as the executor determines to be in the best interest of my estate.

5.10.  Payments to Legally Incapacitated Persons.  If at any time any beneficiary under this will is a minor or it appears to the executor that any beneficiary is incapacitated, incompetent, or for any other reason not able to receive payments or make intelligent or responsible use of the payments, then the executor, in lieu of making direct payments to the beneficiary, may make payments to the beneficiary's conservator or guardian; to the beneficiary's custodian under the Uniform Gifts to Minors Act or Uniform Transfers to Minors Act of any state; to one or more suitable persons, as the executor deems proper, such as a relative or a person residing with the beneficiary, to be used for the benefit of the beneficiary; to any other person, firm, or agency for services rendered or to be rendered for the beneficiary's assistance or benefit; or to accounts in the beneficiary's name with financial institutions.  The receipt of payments by any of the foregoing shall constitute a sufficient acquittance of the executor for all purposes.

ARTICLE SIX

TRUSTEE

6.1.  Nomination of Trustee.  I nominate LAURA SIEGEL LARSON, my daughter, as trustee of any trust created under this will.

6.2.  Successor Trustees.  If LAURA SIEGEL LARSON is unable (by reason of death, incapacity, or any other reason) or unwilling to serve as trustee, or if at any time the office of

8

CONFIDENTIAL

LSL 00421

trustee becomes vacant, by reason of death, incapacity, or any other reason, and no successor
trustee or cotrustees have been designated under any other provision of this will, then I nominate
CITY NATIONAL BANK, Beverly Hills Main Office, as successor trustee. If CITY
NATIONAL BANK is unwilling or unable to serve as successor trustee, a new trustee or
cotrustees shall be appointed by the court.

    6.3.  <u>Definition of Trustee</u>.  Reference in this will to the "trustee" shall be deemed a
reference to whoever is serving as trustee or cotrustees, and shall include alternate or successor
trustees or cotrustees, unless the context requires otherwise.

    6.4.  <u>Waiver of Bond</u>.  No bond or undertaking shall be required of any trustee nominated
in this will.

    6.5.  <u>Compensation of Trustee</u>.  The trustee shall be entitled to reasonable compensation
for services rendered, payable without court order.

    6.6.  <u>Procedure for Resignation</u>.  Any trustee may resign at any time, without giving a
reason for the resignation, by giving written notice, at least sixty (60) days before the time the
resignation is to take effect, to any other trustee then acting, to any persons authorized to
designate a successor trustee, to all living trust beneficiaries known to the trustee (or, in the case
of a minor beneficiary, to the parent or guardian of that beneficiary), and to the successor trustee.
A resignation shall be effective on written acceptance of the trust by the successor trustee.

    6.7.  <u>General Powers of Trustee</u>.  To carry out the purposes of any trust created under this
will, the trustee shall have all of the powers enumerated in this will and all powers now or
hereafter conferred on trustees under California law, subject to any limitations stated elsewhere in
this will.

9

6.8.  <u>Power to Retain Trust Property</u>.  The trustee shall have the power to retain property received into the trust at its inception or later added to the trust, as long as the trustee considers that retention in the best interests of the trust or in furtherance of my goals in creating the trust, as determined from this will, but subject to the standards of the prudent investor rule as set forth in the California Uniform Prudent Investor Act, as amended from time to time.

6.9.  <u>Power to Invest</u>.  Subject to the standards of the prudent investor rule as stated in the California Uniform Prudent Investor Act, as amended from time to time, the trustee shall have the power to invest and manage the trust assets as a prudent investor would, by considering the purposes, terms, distribution requirements, and other circumstances of the trust.

6.10.  <u>Power Over Unproductive Property</u>.  The trustee shall have the power to retain or acquire unproductive or underproductive property.

6.11.  <u>Combining Multi-Trust Property</u>.  Each trust created under this will shall constitute a separate trust and be administered accordingly; however, the assets of all of the trusts may be combined for bookkeeping purposes and held for the trust beneficiaries without physical division into separate trusts until time of distribution.

6.12.  <u>Early Termination of Trusts</u>.  The trustee shall have the power, in the trustee's discretion, to petition the court to terminate any trust created under this will whenever the fair market value of the trust falls below twenty-five thousand dollars ($25,000), or becomes so small in relation to the costs of administration as to make continuing administration uneconomical, or contrary to the primary purposes of the trust.  On termination, the trustee shall distribute the principal and any accrued or undistributed net income to the income beneficiaries in proportion to their shares of the income.  If no fixed amount of income is payable to specific beneficiaries, the

10

CONFIDENTIAL           EXHIBIT F           LSL 00423

trustee shall distribute the principal and any accrued or undistributed net income in equal shares to those beneficiaries who would then be entitled to income payments from the trust.

6.13.  Division or Distribution in Cash or in Kind.  In order to satisfy a pecuniary gift or to distribute or divide trust assets into shares or partial shares, the trustee may distribute or divide those assets in kind, or divide undivided interests in those assets, or sell all or any part of those assets and distribute or divide the property in cash, in kind, or partly in cash and partly in kind. Property distributed to satisfy a pecuniary gift under this will shall be valued at its fair market value at the time of distribution.

6.14.  Payments to Legally Incapacitated Persons.  If at any time any trust beneficiary under this will is a minor or it appears to the trustee that any trust beneficiary is incapacitated, incompetent, or for any other reason not able to receive payments or make intelligent or responsible use of the payments, then the trustee, in lieu of making direct payments to the trust beneficiary, may make payments to the beneficiary's conservator or guardian; to the beneficiary's custodian under the Uniform Gifts to Minors Act or Uniform Transfers to Minors Act of any state; to one or more suitable persons, as the trustee deems proper, such as a relative or a person residing with the beneficiary, to be used for the benefit of the beneficiary; to any other person, firm, or agency for services rendered or to be rendered for the beneficiary's assistance or benefit; or to accounts in the beneficiary's name with financial institutions.  The receipt of payments by any of the foregoing shall constitute a sufficient acquittance of the trustee for all purposes.

6.15.  Trustee's Liability.  No trustee shall be liable to any interested party for acts or omissions of that trustee, except those resulting from that trustee's willful misconduct or gross

11

negligence. This standard shall also apply regarding a trustee's liability for the acts or omissions of any cotrustee, predecessor trustee, or agent employed by the trustee.

6.16. <u>Written Notice to Trustee</u>. Until the trustee receives written notice of any death or other event on which the right to payments from any trust may depend, the trustee shall incur no liability for disbursements made in good faith to persons whose interests may have been affected by that event.

6.17. <u>Duty to Account</u>. The trustee shall render accounts at least annually, at the termination of a trust, and on a change of trustees, to the persons and in the manner required by law.

ARTICLE SEVEN

CONCLUDING PROVISIONS

7.1. <u>Definition of Death Taxes</u>. The term "death taxes," as used in this will, shall mean all inheritance, estate, succession, and other similar taxes that are payable by any person on account of that person's interest in my estate or by reason of my death, including penalties and interest, but excluding the following:

(a) Any additional tax that may be assessed under Internal Revenue Code Section 2032A.

(b) Any federal or state tax imposed on a "generation-skipping transfer," as that term is defined in the federal tax laws, unless the applicable tax statutes provide that the generation-skipping transfer tax on that transfer is payable directly out of the assets of my gross estate.

7.2. <u>Payment of Death Taxes</u>. The executor shall pay all death taxes, whether or not attributable to property inventoried in my probate estate, out of the residue of my estate, and no death taxes shall be prorated or apportioned among the persons interested in that property.

12

CONFIDENTIAL

LSL 00425

7.3.  <u>Period of Survivorship</u>.  For the purposes of this will, a beneficiary shall not be deemed to have survived me if that beneficiary dies within thirty (30) days after my death.

7.4.  <u>Perpetuities Savings Clause</u>.  Notwithstanding any other provision of this will, every trust created by this will shall terminate no later than twenty-one (21) years after the death of the last survivor of my issue who are alive at the time of my death.  If a trust is terminated under this section of the will, the trustee shall distribute all of the principal and undistributed income of the trust to the income beneficiaries of the trust in the proportion in which they are entitled (or eligible, in the case of discretionary payments) to receive income immediately before the termination.  If that proportion is not fixed by the terms of this will, the trustee shall distribute all of the trust property to the persons then entitled or eligible to receive income from the trust outright in a manner that, in the trustee's opinion, will give effect to my intent in creating the trust. The trustee's decision is to be final and incontestable by anyone.

7.5.  <u>Definition of Incapacity</u>.  As used in this will, "incapacity" or "incapacitated" means a person operating under a legal disability such as a duly established conservatorship, or a person who is unable to do either of the following:

>    (a) Provide properly for that person's own needs for physical health, food, clothing, or shelter; or
>
>    (b) Manage substantially that person's own financial resources, or resist fraud or undue influence.

7.6.  <u>Captions</u>.  The captions appearing in this will are for convenience of reference only, and shall be disregarded in determining the meaning and effect of the provisions of this will.

CONFIDENTIAL            EXHIBIT F
162            LSL 00426

7.7.  Severability Clause.  If any provision of this will is invalid, that provision shall be disregarded, and the remainder of this will shall be construed as if the invalid provision had not been included.

7.8.  California Law to Apply.  All questions concerning the validity and interpretation of this will, including any trusts created by this will, shall be governed by the laws of the State of California in effect at the time this will is executed.

7.9.  Gifts to "Heirs".  For any gift to my heirs that is made outright in this will, those heirs shall be determined as if I had died intestate at the time for distribution prescribed in this will, and the identity and shares of those heirs shall be determined according to the California laws of succession that concern separate property not acquired from a previously deceased spouse and that are in effect at the time I am deemed to have died.  For any assets of any trust estate created by this will to be distributed to my heirs, those heirs shall be determined as if I had died intestate immediately following the termination of the trust of each share, and the identity and shares of those heirs shall be determined according to the California laws of succession that concern separate property not acquired from a previously deceased spouse and that are in effect at the time I am deemed to have died.

Executed on _Nevember 14 Eh/2002_ at _Los Angeles_ California.

_Joanne Siegel_
JOANNE SIEGEL

On the date written above, we, the undersigned, each being present at the same time, witnessed the signing of this instrument by JOANNE SIEGEL.  At that time, JOANNE SIEGEL appeared

14

to us to be of sound mind and memory and, to the best of our knowledge, was not acting under

fraud, duress, menace, or undue influence.  Understanding this instrument, which consists of 15

ages, including the pages on which the signature of JOANNE SIEGEL and our signatures appear,

to be the will of JOANNE SIEGEL, we subscribe our names as witnesses thereto.

We declare under penalty of perjury under the laws of the State of California that the

foregoing is true and correct.

Executed on _November 14_ , 2000, at _Los Angeles_ , California.

_____     residing at _11111 Santa Monica Blvd 1840_
Witness                                               Street Address

_Los Angeles_ , California
City

_Mary Carrier_     residing at _11111 Santa Monica Blvd #18_
Witness                                               Street Address

_Los Angeles_ California _90025_
City

15

CONFIDENTIAL                EXHIBIT F                LSL 00428
164

Case 2:10-cv-03633-ODW-RZ    Document 267-9    Filed 05/27/11    Page 68 of 90    Page
ID #:16900
Apr 07, 11:38  PDT  by: gaylon                    (11:40) Page 1 of 1

ORDER  CONFIRMATION


Metropolitan News Company
P.O. Box 60859
Los Angeles, CA 90060
Phone: (213)346-0033
Fax:   (213)687-3886

11:38 AM, April 7, 2011


GARY M RUTTENBERG ESQ
SBN 48590
BLOOM & RUTTENBERG
11111 SANTA MONICA BLVD
STE 1840
LOS ANGELES CA 90025-3352

FAX: 13104441917


Dear Ladies and Gentlemen:

    Thank you for your probate publication. Below is information
concerning your order. If you have any questions, please contact
our probate department at (213)346-0033.
    On death notices, if publication ends less than 15 days prior
to your hearing date, your initial calendar notes--which are made
in advance of the hearing--will probably not reflect the filing
of the declaration of publication.
    Our staff is responsible for the clearing of the Notice of the
Petition of Administration mailing and the publication. We will
contact your office to discuss any problems in the notices.
    Please note, we are extending credit to you--not to your
client. You are liable for timely payment of all charges.

Case No.            BP127358                Our Control No.      0

Sale/Hearing Date   05/04/11

Run Dates           04/08/11 04/11/11 04/15/11

Estate Name         JOANNE SIEGEL

Publishing Paper    METROPOLITAN NEWS-ENTERPRISE


Thank you for your business.

LSL 00429

## DURABLE POWER OF ATTORNEY

## FOR MANAGEMENT OF PROPERTY AND PERSONAL AFFAIRS

I, JOANNE SIEGEL, a resident of Los Angeles County, California, appoint LAURA SIEGEL LARSON of 6400 Pacific Avenue #106, Playa del Rey, California 90293, whose telephone number is (310) 827-8136, as my attorney in fact, referred to in this power of attorney as "my attorney in fact."

I intend to create a Durable Power of Attorney (herein referred to as "this Power") pursuant to California Probate Code Section 4000 and following, specifically including the Uniform Durable Power of Attorney Act but specifically not including Section 4600 and following relating to health care. This Power shall become effective upon my incapacity as determined in accordance with Paragraph 2.1 of this Power. If, after being determined incapacitated, I should regain my capacity as determined in accordance with Paragraph 2.2 of this Power, the powers granted to my attorney in fact in Article One and elsewhere in this Power shall cease.

I give my attorney in fact the powers in Article One and elsewhere in this Power with the understanding that they will be used for my benefit and on my behalf and will be exercised only in a fiduciary capacity.

## ARTICLE ONE

## POWERS

1.1. Real Property Transactions. I give my attorney in fact all of the powers listed below in this paragraph. All of the powers described in this paragraph are exercisable equally with respect to any interest in real property that I own when this Power is executed or that is acquired thereafter, whether the real property is located in this state or elsewhere.

(a) Acquisition. Accept as a gift or as security for a loan, reject, demand, buy, lease, receive, or otherwise acquire an interest in real property or a right incident to real property.

(b) Transfer. Sell, exchange, convey with or without covenants, quitclaim, release, surrender, mortgage, encumber, partition or consent to the partitioning of, subdivide, apply for zoning, rezoning, or other governmental permits, plat or consent to platting, develop, grant options concerning, lease, sublease, or otherwise dispose of an interest in real property or a right incident to real property.

(c) Mortgages. Release, assign, satisfy, and enforce by litigation or otherwise, a mortgage, deed of trust, encumbrance, lien, or other claim to real property that exists or is asserted.

(d) Management. Do an act of management or conservation with respect to an interest in real property, or a right incident to real property, owned or claimed to be owned by me, including all of the following:

(1) Insuring against a casualty, liability, or loss.

(2) Obtaining or regaining possession, or protecting the interest or right, by litigation or otherwise.

(3) Paying, compromising, or contesting taxes or assessments, or applying for and receiving refunds in connection with taxes or assessments.

(4) Purchasing supplies, hiring assistance or labor, and making repairs or alterations in the real property.

(e) Improvements. Use, develop, alter, replace, remove, erect, or install structures or other improvements upon real property in or incident to which I have, or claim to have, an interest or right.

(f) Reorganizations. Participate in a reorganization with respect to real property or a legal entity that owns an interest in or right incident to real property and receive and hold shares of stock or obligations received in a plan of reorganization, and act with respect to them, including all of the following:

(1) Selling or otherwise disposing of them.

(2) Exercising or selling an option, conversion, or similar right with respect to them.

2

CONFIDENTIAL

EXHIBIT F
167

LSL 00431

(3) Voting them in person or by proxy.

(g) <u>Change in Form of Title</u>.  Change the form of title of an interest in or right incident to real property.

(h) <u>Public Use</u>.  Dedicate to public use, with or without consideration, easements or other real property in which I have, or claim to have, an interest or right.

1.2.  <u>Tangible Personal Property Transactions</u>.  I give my attorney in fact all of the powers listed below in this paragraph.  All of the powers described in this paragraph are exercisable equally with respect to any tangible personal property that I own when this Power is executed or that is acquired thereafter, whether the personal property is located in this state or elsewhere.

(a) <u>Acquisition</u>.  Accept as a gift or as security for a loan, reject, demand, buy, receive, or otherwise acquire ownership or possession of tangible personal property or an interest in tangible personal property.

(b) <u>Transfer</u>.  Sell, exchange, convey with or without covenants, release, surrender, mortgage, encumber, pledge, hypothecate, create a security interest in, pawn, grant options concerning, lease, sublease to others, or otherwise dispose of tangible personal property or an interest in tangible personal property.

(c) <u>Security Interests</u>.  Release, assign, satisfy, or enforce by litigation or otherwise, a mortgage, security interest, encumbrance, lien, or other claim on my behalf, with respect to tangible personal property or an interest in tangible personal property.

(d) <u>Management</u>.  Do an act of management or conservation with respect to tangible personal property or an interest in tangible personal property on my behalf, including all of the following:

(1) Insuring against casualty, liability, or loss.

(2) Obtaining or regaining possession, or protecting the property or interest, by litigation or otherwise.

(3) Paying, compromising, or contesting taxes or assessments, or applying for and receiving refunds in connection with taxes or assessments.

3

CONFIDENTIAL

EXHIBIT F
168

LSL 00432

(4) Moving from place to place.

(5) Storing for hire or on a gratuitous bailment.

(6) Using, altering, and making repairs or alterations.

1.3. <u>Stock and Bond Transactions and Intellectual Property</u>.  I give my attorney in fact all of the powers listed below in this paragraph.  All of the powers described in this paragraph are exercisable equally with respect to any interest in any stock, bond, mutual fund, or other type of security and any intellectual property interests and /or termination rights including specifically, those relating to "Superman" and any other creations of JERRY SIEGEL, to which this paragraph refers, that I own when this Power is executed or that is acquired thereafter, whether located in this state or elsewhere.

(a) <u>Acquisition and Transfer</u>.  Buy, sell, and exchange stocks, bonds, mutual funds, and all other types of securities and financial instruments except commodity futures contracts and call and put options on stocks and stock indexes.

(b) <u>Evidence of Ownership</u>.  Receive certificates and other evidence of ownership with respect to securities.

(c) <u>Voting</u>.  Exercise voting rights with respect to securities and/or interest in person or by proxy, enter into voting trusts, and consent to limitations on the right to vote.

1.4. <u>Banking and Other Financial Institution Transactions</u>.  I give my attorney in fact all of the powers listed below in this paragraph.  All powers described in this paragraph are exercisable equally with respect to any financial transaction to which this paragraph refers, engaged in by me when this Power is executed or that is engaged in thereafter, whether conducted in this state or elsewhere.

(a) <u>Existing Accounts</u>.  Continue, modify, and terminate an account or other banking arrangement made by me or on my behalf.

4

(b) <u>Opening of Accounts</u>.  Establish, modify, and terminate an account or other banking arrangement with a bank, trust company, savings and loan association, credit union, thrift company, industrial loan company, brokerage firm, or other financial institution selected by my attorney in fact.

(c) <u>Establishing and Closing Safe Deposit Boxes</u>.  Hire or close a safe deposit box or space in a vault.

(d) <u>Contracting Services</u>.  Contract to procure other services available from a financial institution as my attorney in fact considers desirable.

(e) <u>Making Withdrawals</u>.  Withdraw by check, order, or otherwise my money or property deposited with or left in the custody of a financial institution.

(f) <u>Receiving Financial Statements</u>.  Receive bank statements, vouchers, notices, and similar documents from a financial institution, and act with respect to them.

(g) <u>Entering Safe Deposit Boxes</u>.  Enter a safe deposit box or vault and withdraw or add to the contents.

(h) <u>Borrowing Money</u>.  Borrow money at an interest rate agreeable to my attorney in fact and pledge as security my personal property as necessary in order to borrow, pay, renew, or extend the time of payment of any of my debts.

(i) <u>Checks, Drafts, and Negotiable or Nonnegotiable Paper</u>.  Make, assign, draw, endorse, discount, guarantee, and negotiate promissory notes, checks, drafts, and other negotiable or nonnegotiable paper of mine, or payable to me or to my order, receive the cash or other proceeds of those transactions, and accept a draft drawn by a person upon me and pay it when due.

(j) <u>Receiving Negotiable or Nonnegotiable Instruments</u>.  Receive for me and act upon a sight draft, warehouse receipt, or other negotiable or nonnegotiable instrument.

(k) <u>Letters of Credit, Credit Cards, and Travelers Checks</u>.  Apply for and receive letters of credit, credit cards, and traveler's checks from a financial institution, and give an indemnity or other agreement in connection with letters of credit.

(l) <u>Extensions to Pay</u>.  Consent to an extension of the time of payment with respect to commercial paper or a financial transaction with a financial institution.

5

CONFIDENTIAL        EXHIBIT F
                                           170        LSL 00434

1.5.  <u>Insurance and Annuity Transactions</u>.  I give my attorney in fact all of the powers listed below in this paragraph.  All powers described in this paragraph are exercisable with respect to any contract of insurance or annuity in which I am in any way interested, whether made in this state or elsewhere.

(a)  <u>Existing Personal Coverage</u>.  Continue, pay the premium or assessment on, modify, rescind, release, or terminate any contract procured by me or on my behalf that insures or provides an annuity to either me or another person, whether or not I am a beneficiary under the contract.

(b)  <u>Procuring New Coverage</u>.  Procure new, different, and additional contracts of insurance and annuities for me and my dependents, and select the amount, type of insurance or annuity, and mode of payment.

(c)  <u>Paying Premiums for New Coverage</u>.  Pay the premium or assessment on, modify, rescind, release, or terminate a contract of insurance or annuity procured by my attorney in fact.

(d)  <u>Beneficiary Designation</u>.  Designate the beneficiary of the contract, including the power to designate herself as the beneficiary of the contract, or an extension, renewal, or substitute for the contract, regardless of whether the contract was procured by me or by my attorney in fact.

(e)  <u>Borrowing</u>.  Apply for and receive a loan on the security of the contract of insurance or annuity.

(f)  <u>Surrendering</u>.  Surrender and receive the cash surrender value.

(g)  <u>Elections</u>.  Exercise an election.

(h)  <u>Manner of Paying Premiums</u>.  Change the manner of paying premiums.

(i)  <u>Conversion</u>.  Change or convert the type of insurance contract or annuity as to any insurance contract or annuity to which I have or claim to have a power described in this paragraph.

(j)  <u>Beneficiary Change</u>.  Change the beneficiary of a contract of insurance or annuity, including the power to designate herself as the beneficiary, regardless of whether the contract of insurance or annuity was procured by me or by my attorney in fact.

6

(k) <u>Governmental Aid</u>.  Apply for and procure government aid to guarantee or pay premiums of a contract of insurance on my life.

(l) <u>Transfer</u>.  Collect, sell, assign, hypothecate, borrow upon, or pledge my interest in a contract of insurance or annuity.

(m) <u>Taxes</u>.  Pay from proceeds or otherwise, compromise or contest, and apply for refunds in connection with, a tax or assessment levied by a taxing authority with respect to a contract of insurance or annuity or its proceeds or liability accruing by reason of the tax or assessment.

1.6.  <u>Retirement Plan Transactions</u>.  I give my attorney in fact all of the powers listed below in this paragraph.  All powers described in this paragraph are exercisable with respect to any retirement plan in which I am in any way interested, whether the plan is in this state or elsewhere.

(a) <u>Select Payment Options</u>.  Select payment options under any retirement plan in which I participate, including plans for self-employed individuals, including the power to designate herself as the beneficiary.

(b) <u>Beneficiary Designations</u>.  Designate beneficiaries under retirement plans and change existing designations, including the power to designate herself as the beneficiary.

(c) <u>Voluntary Contributions</u>.  Make voluntary contributions to retirement plans.

(d) <u>Investment Powers</u>.  Exercise the investment powers available under any self-directed retirement plan.

(e) <u>Rollovers</u>.  Make rollovers of plan benefits into other retirement plans.

(f) <u>Borrow, Buy, and Sell</u>.  If authorized by the plan, borrow from, sell assets to, and purchase assets from the plan.

(g) <u>Waiver of Spousal Rights</u>.  Waive my right to be a beneficiary of a joint or survivor annuity if I am a spouse who is not employed.

1.7.  <u>Estate, Trust, or Other Beneficiary Transactions</u>.  I give my attorney in fact all of the powers listed below in this paragraph so that my attorney in fact may act for me in all matters that

7

affect a trust, probate estate, guardianship, conservatorship, escrow, custodianship, or other fund from which I am, may become, or claim to be entitled, as a beneficiary, to a share or payment, whether such matters deal with property located in this state or elsewhere.  The powers described in this paragraph do not include the power to create, modify, or revoke trusts.

    (a) Payments.  Accept, reject, disclaim, receive, receipt for, sell, assign, release, pledge, exchange, or consent to a reduction in or modification of a share in or payment from the fund.

    (b) Claims.  Demand or obtain by litigation or otherwise money or other thing of value to which I am, may become, or claim to be entitled by reason of the fund.

    (c) Participation in Proceedings.  Initiate, participate in, and oppose litigation to ascertain the meaning, validity, or effect of a deed, will, declaration of trust, or other instrument or transaction affecting my interest.

    (d) Removal of Fiduciary.  Initiate, participate in, and oppose litigation to remove, substitute, or surcharge a fiduciary.

    (e) Investments and Disbursements.  Conserve, invest, disburse, and use anything received for an authorized purpose.

    (f) Transfer to Revocable Trust.  Transfer an interest of mine in real property, stocks, bonds, accounts with financial institutions, insurance, and other property to the trustee of a revocable trust created by me as settlor.

    (g) Contingent Interests.  Convey or release any contingent or expectant interests in property, including marital property rights, and any rights of survivorship incident to joint tenancy or tenancy by the entirety.

    (h) Probate Code Section 13502 or 13503 Election.  Make any election or election and agreement referred to in California Probate Code Section 13502 or 13503.

1.8. Resignation From Fiduciary Positions.  I give my attorney in fact the power to resign from any fiduciary position to which I have been or may be in the future named, appointed, nominated, or elected, including by way of illustration, but not of restriction, the positions of

8

executor, administrator, personal representative, trustee, attorney in fact, guardian, director or officer of a corporation, or governmental position or office; and to take whatever steps are necessary to accomplish such resignation, for example, by rendering an accounting or appearing in court to receive approval for such action, as appropriate.

1.9.  <u>Claims and Litigation</u>.  I give my attorney in fact all of the powers listed below in this paragraph.  All powers described in this paragraph are exercisable equally with respect to any claim or litigation existing when this Power is executed or arising thereafter, whether existing or arising in this state or elsewhere.

(a)  <u>Actions</u>.  Assert and prosecute before a court or administrative agency a claim, claim for relief, cause of action, counterclaim, cross-complaint, or offset, and defend against an individual, a legal entity, or government, including suits to recover property or other thing of value, to recover damages sustained by me, to eliminate or modify tax liability, or to seek an injunction, specific performance, or other relief.

(b)  <u>Intervention and Interpleader</u>.  Bring an action to determine adverse claims, intervene in litigation, and act as amicus curiae.

(c)  <u>Provisional Remedies, Enforcement of Judgments, and Participation in Proceedings</u>.  In connection with litigation:

(1)  Procure an attachment, garnishment, libel, order of arrest, or other preliminary, provisional, or intermediate relief, and use any available procedure to effect, enforce, or satisfy a judgment, order, or decree.

(2)  Perform any lawful act, including acceptance of tender, offer of judgment, admission of facts, submission of a controversy on an agreed statement of facts, consent to examination before trial, and binding me in litigation.

(d)  <u>Settlement</u>.  Submit to arbitration, settle, and propose or accept a compromise with respect to a claim or litigation.

(e)  <u>Procedure</u>.  Waive the issuance and service of process upon me; accept service of process; appear for me; designate persons upon whom process directed to me

9

CONFIDENTIAL

EXHIBIT F
174

LSL 00438

may be served; execute and file or deliver stipulations on my behalf; verify pleadings; seek appellate review; procure and give surety and indemnity bonds; contract and pay for the preparation and printing of records and briefs; receive and execute and file or deliver a consent, waiver, release, confession of judgment, satisfaction of judgment, notice, agreement, or other instrument in connection with the prosecution, settlement, or defense of a claim or litigation.

(f) <u>Bankruptcy</u>.  Act for me with respect to bankruptcy or insolvency proceedings, whether voluntary or involuntary, concerning me or some other person, or with respect to a reorganization proceeding, or with respect to an assignment for the benefit of creditors, receivership, or application for the appointment of a receiver or trustee, that affects an interest of mine in property or other thing of value.

(g) <u>Payments</u>.  Pay a judgment against me or a settlement made in connection with litigation, and receive and conserve money or other thing of value paid in settlement of or as proceeds of a claim or litigation.

1.10.  <u>Tax Matters</u>.  I give my attorney in fact all of the powers listed below in this

paragraph.  My Social Security number is 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.

(a) <u>Preparation and Filing of Documents</u>.  Prepare, sign, and file federal, state, local, and foreign income, gift, payroll, FICA returns, and other tax returns, claims for refunds, requests for extension of time, petitions regarding tax matters, and any other tax-related documents, including receipts, offers, waivers, consents (including consents and agreements under Internal Revenue Code Section 2032A or any successor section), closing agreements, and any power of attorney required by the Internal Revenue Service or other taxing authority with respect to any tax year for which the statute of limitations has not run and to the tax year in which this durable power of attorney was executed and any subsequent tax year.

(b) <u>Paying and Contesting Amounts</u>.  Pay taxes due, collect refunds, post bonds, receive confidential information, and contest deficiencies determined by the Internal Revenue Service or other taxing authority.

(c) <u>Exercising Elections</u>.  Exercise any election I may have under federal, state, local, or foreign tax law.

(d) <u>Acting in Tax Matters</u>.  Act for me in all tax matters before the Internal Revenue Service and any other taxing authority.

10

CONFIDENTIAL

EXHIBIT F

175

LSL 00439

1.11.  <u>Personal and Family Maintenance</u>.  I give my attorney in fact all of the powers listed below in this paragraph.  All powers described in this paragraph are exercisable equally whether the acts required for their execution relate to property that I own when this Power is executed or that is acquired thereafter, and whether the acts are performed or property is located in this state or elsewhere.

(a)  <u>Support</u>.  Do the acts necessary to maintain my customary standard of living and the customary standard of living of my children and other individuals customarily or legally entitled to my support, including providing living quarters by purchase, lease, or other contract, or paying the operating costs, including interest, amortization payments, repairs, and taxes, on premises owned by me and occupied by my children or other dependents.

(b)  <u>Domestic Help, Travel, and Necessities</u>.  Provide for the individuals described in subparagraph (a) all of the following:

(1)  Normal domestic help.

(2)  Usual vacations and travel expenses.

(3)  Funds for shelter, clothing, food, appropriate education, and other current living costs.

(c)  <u>Medical Care</u>.  Pay for the individuals described in subparagraph (a) necessary medical, dental, and surgical care, hospitalization, and custodial care.

(d)  <u>Transportation</u>.  Continue any provision made by me, for the individuals described in subdivision (a), for automobiles or other means of transportation, including registering, licensing, insuring, and replacing them.

(e)  <u>Charge Accounts</u>.  Maintain or open charge accounts for the convenience of the individuals described in subparagraph (a) and open new accounts my attorney in fact considers desirable to accomplish a lawful purpose.

(f)  <u>Religious and Organization Affiliations</u>.  Continue payments incidental to my membership in or affiliation with a religious organization, club, society, order, or other organization and continue contributions to those organizations.

11

(g) <u>Religious or Spiritual Needs</u>. Provide, in connection with my care, and in accordance with my established beliefs and customary activities, for the presence and involvement of religious persons or other persons to attend to my spiritual needs and permit them access to me, maintain or arrange for my membership in religious organizations, and permit my access to their activities and publications, including books, tapes, and similar materials.

(h) <u>Pets</u>. House, or arrange for the housing, support, and maintenance of, any animals that I own or have custody of and pay reasonable boarding, kenneling, and veterinary fees for such animals, or if the support and maintenance of any such animal becomes unreasonably expensive, to dispose of such animal in a humane fashion, preferably by finding another home for the animal.

(i) <u>Funeral and Burial</u>. Arrange for my funeral or other memorial service and for burial or cremation of my remains, including the purchase of a burial plot or other place for interment of my remains or ashes.

1.12. <u>Government Benefits</u>. I give my attorney in fact all of the powers listed below in this paragraph. All powers described in this paragraph are exercisable equally with respect to benefits from social security, medicare, medicaid, or other governmental programs, or civil or military service, existing when this Power is executed or accruing thereafter, whether existing or accruing in this state or elsewhere.

(a) <u>Execution of Vouchers</u>. Execute vouchers in my name for allowances and reimbursements payable to me by the United States or a foreign government or by a state or subdivision of a state, including allowances and reimbursements for my transportation and transportation of my children and other individuals customarily or legally entitled to my support, and for shipment of our household effects.

(b) <u>Possession of Property</u>. Take possession and order the removal and shipment of my property from a post, warehouse, depot, dock, or other place of storage or safekeeping, either governmental or private; and execute and deliver a release, voucher, receipt, bill of lading, shipping ticket, certificate, or other instrument for that purpose.

(c) <u>Benefits</u>. Prepare, file, and prosecute my claim to a benefit or assistance, financial or otherwise, to which I claim to be entitled under a statute or governmental regulation.

CONFIDENTIAL

EXHIBIT F
177

LSL 00441

(d) <u>Actions</u>.  Prosecute, defend, submit to arbitration, settle, and propose or accept a compromise with respect to any benefits I may be entitled to receive.

(e) <u>Receipt of Proceeds</u>.  Receive the financial proceeds of a claim of the type described in this paragraph; conserve, invest, disburse, or use anything received for a lawful purpose.

1.13.  <u>Power to Nominate Conservator</u>.  If at any time proceedings are initiated for the appointment of a conservator of my person or my estate or both, I authorize my attorney in fact to nominate whomever in her discretion she believes appropriate as conservator of my estate, including herself, and whomever in her discretion she believes appropriate as conservator of my person, including herself.  I authorize my attorney in fact to waive the requirement of a bond for any person appointed, if in her discretion she believes such a waiver is appropriate.

1.14.  <u>Incidental Powers</u>.  In connection with the exercise of any of the powers described in the preceding paragraphs, I give my attorney in fact all of the powers listed below in this paragraph.  All powers described in this paragraph are exercisable equally with respect to any of my interests, rights, and obligations existing when this Power is executed or arising thereafter, whether in this state or elsewhere.

(a) <u>Claims</u>.  Demand, receive, and obtain by litigation or otherwise, money or other thing of value to which I am, may become, or claim to be entitled; and conserve, invest, disburse, or use anything so received for the purposes intended.

(b) <u>Contracts</u>.  Contract in any manner with any person, on terms agreeable to my attorney in fact, to accomplish a purpose of a transaction, and perform, rescind, reform, release, or modify the contract or another contract made by me or on my behalf.

(c) <u>Execution, Acknowledgment, and Delivery</u>.  Execute, acknowledge, seal, and deliver a deed, revocation, mortgage, lease, notice, check, release, or other instrument my attorney in fact considers desirable to accomplish a purpose of a transaction.

13

(d) <u>Actions</u>. Prosecute, defend, submit to arbitration, settle, and propose or accept a compromise with respect to a claim existing in my favor or against me or intervene in litigation relating to the claim.

(e) <u>Court Assistance</u>. Seek on my behalf the assistance of a court to carry out an act authorized by this Power.

(f) <u>Employment</u>. Engage, compensate, and discharge an attorney, accountant, expert witness, or other assistant.

(g) <u>Recordkeeping</u>. Keep appropriate records of each transaction, including an accounting of receipts and disbursements.

(h) <u>Preparation and Filing of Documents</u>. Prepare, execute, and file a record, report, or other document my attorney in fact considers desirable to safeguard or promote my interest under a statute or governmental regulation.

(i) <u>Other Lawful Acts</u>. In general, do any other lawful acts with respect to the power being exercised, it being my intention that, in connection with the exercise of that power, my attorney in fact shall have full authority, to the extent that a principal can act through an agent, to take all actions that she believes necessary, proper, or convenient, to the extent that I could take such actions myself.

1.15. <u>Restrictions on Property Management Powers</u>. Notwithstanding any other provision in this Power, my attorney in fact shall not have any of the following powers related to property management:

(a) <u>Trusts</u>. To exercise any of the powers of the trustee under an irrevocable trust of which my attorney in fact is a settlor and of which I am a trustee.

(b) <u>Obligations of Attorney in Fact</u>. To use my property to discharge the legal obligations of my attorney in fact, including but not limited to the support of the dependents of my attorney in fact, except for those dependents to whom I also, along with my attorney in fact, owe a duty of support.

(c) <u>Insurance on Life of Attorney in Fact</u>. To exercise any incident of ownership over any insurance policy that I own and that insures the life of my attorney in fact.

14

ARTICLE TWO

AMPLIFYING PROVISIONS

2.1.  Determination of Incapacity.  For all purposes under this Power, I shall be deemed "incapacitated" if and so long as a court of competent jurisdiction has made a finding to that effect or a guardian or conservator of my person or estate duly appointed by a court of competent jurisdiction is serving, or upon certification by two physicians (licensed to practice under the laws of the state where I am domiciled at the time of the certification) that I am unable to properly care for myself or for my person or property, which certification shall be made by each physician in a written declaration under penalty of perjury.  A certified copy of the decree declaring incapacity or appointing a guardian or conservator, or the physicians' certificate shall be attached to the original of this document and recorded in the same county or counties as the original if the original is recorded.

2.2.  Capacity Regained.  After a determination of incapacity, I shall be deemed to have regained capacity by a finding of a court of competent jurisdiction to that effect, or when the guardianship or conservatorship for me has been judicially terminated, or upon certification by two physicians (licensed to practice under the laws of the state where I am domiciled at the time of the certification) that I am capable of properly caring for myself or am able to manage my person or property, which certification shall be made by each physician in a written declaration under penalty of perjury.  A certified copy of the decree declaring my regained capacity or terminating the guardianship or conservatorship, or the physicians' certificate, shall be attached to the original of this document and recorded in the same county or counties as the original if the original is recorded.

15

CONFIDENTIAL

LSL 00444

2.3.  <u>Reimbursement for Costs and Expenses</u>.  My attorney in fact shall be entitled to reimbursement from my property for expenditures properly made in the execution of any of the powers conferred by me in this Power.  My attorney in fact shall keep records of any such expenditures and reimbursement.

2.4.  <u>No Compensation</u>.  My attorney in fact shall not be entitled to compensation for the services rendered in the execution of any of the powers conferred by me in this Power.

2.5.  <u>Reliance by Third Parties</u>.  To induce third parties to act in accordance with the powers granted to my attorney in fact in this document, I represent and warrant that:

(a)  If this document is revoked or amended for any reason, I, my estate, my heirs, successors, and assigns will hold any third party harmless from any loss suffered, or liability incurred, by the third party in acting in accordance with this document before the third party's receipt of written notice of termination or amendment.

(b)  The powers conferred on my attorney in fact may be exercised alone and my attorney in fact's signature or act under the authority granted in this document may be accepted by third parties as fully authorized by me and with the same force and effect as if I were personally present, competent, and acting on my own behalf.

(c)  No person who acts in reliance upon any representation of my attorney in fact as to the scope of my attorney in fact's authority granted under this document shall incur any liability to me, my estate, my heirs, successors, or assigns for permitting my attorney in fact to exercise any such power, nor shall any person who deals with my attorney in fact be responsible to determine or ensure the proper application of funds or property.

(d)  All third parties from whom my attorney in fact may request information regarding my personal affairs or my physical or mental health, including medical, dental, and hospital records, are hereby authorized to provide such information to my attorney in fact without limitation and are released from any legal liability whatsoever to me, my estate, my heirs, successors, or assigns for complying with those requests.  I authorize in advance all physicians, dentists, psychiatrists, and psychologists who have treated me, and all other providers of health care, including hospitals, to release to my attorney in fact all information or photocopies of any records that my attorney in fact may request.  If I am able to confirm this authorization at the time of the request, third parties may seek such confirmation

16

from me, but this authorization shall not be conditional on that confirmation. Physicians, hospitals, and other providers of health care shall treat the request of my attorney in fact as that of a legal representative of an incompetent patient (as contemplated by California Civil Code Section 56.11(c)(2), or any successor section thereto) and shall honor that request on that basis. I waive any privilege applicable to such information and records, and to any communication pertaining to me and made in the course of a physician-patient or psychiatrist-patient relationship.

2.6. <u>Ratification</u>. I ratify and confirm all that my attorney in fact does or causes to be done under the authority granted in this Power. All contracts, promissory notes, checks, or other bills of exchange, drafts, other obligations, stock powers, instruments, and other documents signed, endorsed, drawn, accepted, made, executed, or delivered by my attorney in fact shall bind me, my estate, my heirs, successors, and assigns.

2.7. <u>Exculpation of My Attorney in Fact</u>. My attorney in fact shall not be liable to me or any of my successors in interest for any action taken or not taken in good faith, but shall be liable for any willful misconduct or gross negligence.

2.8. <u>Revocation and Amendment</u>. I revoke all prior General Powers of Attorney that I may have executed and I retain the right to revoke or amend this document and to substitute other attorneys in fact in place of my attorney in fact. Amendments to this document shall be made in writing by me personally (not by my attorney in fact) and they shall be attached to the original of this document and recorded in the same county or counties as the original if the original is recorded.

17

CONFIDENTIAL

EXHIBIT F
182

LSL 00446

ARTICLE THREE

GENERAL PROVISIONS

3.1.  <u>Signature of Attorney in Fact</u>.  My attorney in fact shall use the following form when signing on my behalf pursuant to this Power:  "JOANNE SIEGEL by LAURA SIEGEL LARSON, her attorney in fact."

3.2.  <u>Photostatic Copies</u>.  Persons dealing with my attorney in fact may rely fully on a photostatic copy of this Power.

3.3.  <u>Severability</u>.  If any of the provisions of this Power are found to be invalid for any reason, such invalidity shall not affect any of the other provisions of this Power, and all invalid provisions shall be wholly disregarded.

3.4.  <u>Governing Law</u>.  All questions pertaining to validity, interpretation, and administration of this Power shall be determined in accordance with the laws of California.

3.5.  <u>Explanation of Durable Power for Property Management</u>.  I understand that this Power is an important legal document.  Before executing this document, my lawyer explained to me the following:

> (a)  This document provides my attorney in fact with broad powers to dispose of, sell, convey, and encumber my real and personal property.

> (b)  The powers granted in this Power will exist for an indefinite period of time unless I limit their duration by the terms of this Power or revoke this Power. These powers will continue to exist notwithstanding my subsequent disability or incapacity.

18

CONFIDENTIAL

EXHIBIT F
183

LSL 00447

(c) I have the right to revoke or terminate this Power at any time.

This Durable Power of Attorney is executed by me on ___*November*___, *14th* at
___*Las Angeles*___, California.

_____
*Joanne Siegel*
JOANNE SIEGEL

Acceptance by Attorney in Fact

*Laura Siegel Larson*
LAURA SIEGEL LARSON    Dated: ___*November 14*___, 2000

19

ACKNOWLEDGMENT

State of California                                      )
                                                        )   ss
County of _Los Angeles_                                 )

On _Nov. 14,_ _____, 2000 before me, _Mary Carrier_,

a notary public in and for the State of California, personally appeared JOANNE SIEGEL,

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person

whose name is subscribed to the within instrument and acknowledged to me that she executed the

same in her authorized capacity, and that by her signature on the instrument, the person, or the

entity upon behalf of which the person acted, executed the instrument.


WITNESS my hand and official seal.

Signature _Mary Carrier_                            (SEAL)



MARY CARRIER
Commission # 1115567
Notary Public — California
Los Angeles County
My Comm. Expires Feb 24, 2001

20

## LAWYER'S CERTIFICATE

I am a lawyer authorized to practice law in the state where this power of attorney was executed, and the principal was my client at the time this power of attorney was executed. I have advised my client concerning her rights in connection with this power of attorney and the applicable law and the consequences of signing or not signing this power of attorney, and my client, after being so advised, has executed this power of attorney.

Dated: _November 14_, 2000

_____
GARY M. RUTTENBERG

Law Firm:    BLOOM & RUTTENBERG

Address:    11111 Santa Monica Blvd. - Suite 1840, Los Angeles, California 90025-3352

Telephone Number:  (310) 444-1979

21

CONFIDENTIAL    EXHIBIT F    LSL 00450
186

| | |
|---|---|
| **Joanne Siegel**<br>**13929 Marquesas Way #201A**<br>**Marina Del Rey, CA 90292** | **Laura Siegel Larson**<br>**6400 Pacific Avenue #106**<br>**Playa Del Rey, CA 90293** |

November 1, 2002

## HIGHLY CONFIDENTIAL

Don W. Bulson, Esq.
Renner, Otto, Boisselle & Sklar, LLP
1621 Euclid Avenue, Ninteenth Floor
Cleveland, Ohio 44115-2191

Dear Don,

Enclosed please find a letter to Lillian Laserson, General Counsel of D C Comics and Carol Simkin/Roger Zissu of Fross Zelnick Lerhman & Zissu, P.C. notifying them that under the terms of the April 6, 2000 Tolling Agreement, and due to our written notification to D C Comics on September 21, 2002 which totally stopped and ended negotiations with that company, its parent company and all its representatives, the Tolling Period has been cancelled.  I have previously sent a copy of the September 21, 2002 letter to you for your files.

| | |
|---|---|
| Sincerely, | Sincerely, |
| *Joanne Siegel* | *Laura Siegel Larson* |
| Joanne Siegel | Laura Siegel Larson |

cc: Michael Siegel

LSL 00451