Marc Toberoff (State Bar No. 188547)
 *mtoberoff@ipwla.com*
Keith G. Adams (State Bar No. 240497)
 *kgadams@ipwla.com*
TOBEROFF & ASSOCIATES, P.C.
2049 Century Park East, Suite 3630
Los Angeles, California, 90067
Telephone: (310) 246-3333
Fax: (310) 246-3101

Attorneys for Defendants Mark Warren Peary, as personal representative of the Estate of Joseph Shuster, Jean Adele Peavy, and Laura Siegel Larson, individually and as personal representative of the Estate of Joanne Siegel

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| DC COMICS,<br><br>        Plaintiff,<br><br>   vs.<br><br>PACIFIC PICTURES CORPORATION; IP WORLDWIDE, LLC; IPW, LLC; MARC TOBEROFF, an individual; MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER; JEAN ADELE PEAVY, an individual; LAURA SIEGEL LARSON, individually and as personal representative of the ESTATE OF JOANNE SIEGEL, and DOES 1-10, inclusive,<br><br>        Defendants. | Case No: CV 10-03633 ODW (RZx)<br><br>Hon. Otis D. Wright II, U.S.D.J.<br><br>**DEFENDANTS' OBJECTION AND RESPONSE TO PLAINTIFF DC COMICS'** ***EX PARTE*** **REPORT RE: STATUS OF DISCOVERY**<br><br>Complaint filed: May 14, 2010<br>Trial Date: None Set |

1  KENDALL BRILL & KLIEGER LLP
   Richard B. Kendall (90072)
2    rkendall@kbkfirm.com
   Laura W. Brill (195889)
3    lbrill@kbkfirm.com
   Nicholas F. Daum (236155)
4    ndaum@kbkfirm.com
   10100 Santa Monica Blvd., Suite 1725
5  Los Angeles, California  90067
   Telephone:  310.556.2700
6  Facsimile:   310.556.2705

7  Attorneys for Defendants Marc Toberoff,
   Pacific Pictures Corporation, IP
8  Worldwide, LLC, and IPW, LLC

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' OBJECTION AND RESPONSE TO PLAINTIFF'S *EX PARTE* STATUS REPORT

Defendants hereby object and respond to Plaintiff DC Comics' ("DC") *ex parte* "Report re: Status of Discovery," filed on May 26, 2011.

DC has unilaterally filed, over Defendants' objections, an *ex parte* "status report" to supplement its opposition to Defendants' anti-SLAPP motion. DC impermissibly did not seek leave of Court to supplement its arguments regarding briefing that has long ago "closed." *See* L.R. 7-10 ("Absent prior written order of the Court, the opposing party shall not file a response to the reply."). DC, itself, has argued herein that a party cannot supplement its briefing on a motion without leave of the Court. *See* Docket No. 228 at 1; *William W. Schwarzer et al.*, CAL. PRAC. GUIDE: FED. CIV. PRO. BEFORE TRIAL §§ 12:110, 12:110.1 (2010) (citing L.R. 7-10).

Under the guise of "apprising" the Court of the status of discovery, DC further opposes and attempts to delay a ruling on Defendants' anti-SLAPP motion. Fearing such a ruling, DC expressed its worry last week in a motion for reconsideration that the anti-SLAPP motion "could be decided any day." Docket No. 253 at 5. The anti-SLAPP motion was originally filed on September 20, 2010; a renewed anti-SLAPP motion was filed on January 20, 2011 and, along with Defendants' motions to dismiss, was taken under submission on February 11, 2011. *See* Docket Nos. 75, 77-78, 80 (original motions), Nos. 145-148 (renewed motions), No. 169 (order taking motions under submission), No. 179 (order directing the parties to re-submit certain briefing). DC claims that it will file a motion for "leave to supplement" its opposition to the anti-SLAPP motion in approximately two months. That motion will require at least another month to be heard and decided, and, if granted, would thereafter require even more time for additional briefing. DC's obvious tactic is to delay, by four months or more, this Court's ruling on the anti-SLAPP motion.

As set forth therein, Defendants' anti-SLAPP motion can be decided *as a matter of law* without further discovery, and DC is *not* entitled to further discovery to oppose that motion. *See* Docket No. 145-1 at 12-22 (setting forth basis to strike DC's claims as a matter of law pursuant to the SLAPP statute); No. 196 at 11:18-12:16

("Here, there is no need for discovery before ruling on this Anti-SLAPP motion because (1) the bulk of the motion is directed at the [Complaint's] legal deficiencies; (2) DC has already taken discovery during the six-year [*Siegel v. Warner Bros. Entertainment Inc.*, Case No. 04-08400 ODW (RZx)] litigation on the extremely narrow factual issues; and (3) all of the relevant witnesses have already been deposed."). DC itself argued that the anti-SLAPP motion could be decided as a matter of law without further discovery. *See* Docket No. 181 at 11-25.

Moreover, California's anti-SLAPP statute stays discovery pending decision on the motion and may only be lifted in narrow circumstances, which DC has not met. Cal. Code Civ. Proc. § 425.16(g). DC previously argued that California's anti-SLAPP stay is ineffective in federal court under *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001). Defendants moved for a stay before Magistrate Zarefsky, arguing that *Metabolife* is inconsistent with and effectively overruled by the Supreme Court's decision in *Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co.*, 130 S. Ct. 1431, 1452 (2010), which provides that the substantive protections and immunities of state law, even if embodied in a procedural rule, apply to state-law claims in federal court. Magistrate Zarefsky denied the motion, and a motion for review of that decision remains pending. *See* Docket Nos. 74, 101. Subsequently, the First Circuit held in *Godin v. Schencks*, 629 F.3d 79, 90-91 (1st Cir. 2010) that an automatic discovery stay in a virtually identical state anti-SLAPP statute applies in federal court, based on *Shady Grove*, just as Defendants had argued. *See also Batzel v. Smith*, 333 F.3d 1018, 1025 (9th Cir. 2003) ("[P]rotection of the anti-SLAPP statute [is] a substantive immunity from suit").

Lastly, Defendants' Rule 12(b)(6) motions (Docket Nos. 146-148), which have been pending, along with the anti-SLAPP motion, since September 2010, demonstrate that most of DC's claims are barred as a matter of law by, among other things, the **statute of limitations** and the **litigation immunity**. *See, e.g.,* Docket No. 146-1 at 18-25, No. 147-1 at 10-11, 16-18. Federal Rule of Civil Procedure 12(b)(6)

2
DEFENDANTS' OBJECTION AND RESPONSE TO PLAINTIFF'S *EX PARTE* STATUS REPORT

provides defendants a means to test the "legal sufficiency of complaints without subjecting themselves to discovery." *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987). For this reason, the Ninth Circuit has repeatedly approved discovery stays pending the resolution of motions to dismiss. *See id.*; *Wagh v. Metris Direct, Inc.*, 363 F.3d 821, 829 (9th Cir. 2003); *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987); *Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984).

    Nonetheless, DC has engaged in discovery for almost a year now on baseless retaliatory claims subject to dismissal as a matter of law, and has filed nine, largely unsuccessful, motions since Defendants' dispositive motions were first filed. *See* Docket Nos. 110, 125, 159, 205-206, 225, 230, 253, 267. DC should not be permitted to put off the resolution of Defendants' dispositive motions any further.

Dated: May 31, 2011    RESPECTFULLY SUBMITTED,

/s/ Marc Toberoff
Marc Toberoff

TOBEROFF & ASSOCIATES, P.C.
Attorneys for Defendants Mark Warren Peary, as personal representative of the Estate of Joseph Shuster, Jean Adele Peavy, and Laura Siegel Larson, individually and as personal representative of the Estate of Joanne Siegel

/s/ Richard Kendall
Richard Kendall

KENDALL BRILL & KLIEGER LLP
Attorneys for Defendants Marc Toberoff, Pacific Pictures Corporation, IP Worldwide, LLC, and IPW, LLC