# EXHIBIT A

From: P          Page: 7/13   Date: 9/13/2010 4:42:49 PM

AO 110 (Rev. 04/07) Subpoena to Testify Before Grand Jury

# United States District Court

## Central District of California

TO:

Marc Toberoff

**SUBPOENA TO TESTIFY
BEFORE GRAND JURY**

SUBPOENA FOR:
☐ Person    ☒ Document(s) or Object(s)

☐ YOU ARE HEREBY COMMANDED to appear and testify before the Grand Jury of the United States District Court at the place, date, and time specified below.

| PLACE | COURTROOM |
|---|---|
| UNITED STATES COURTHOUSE 312 NORTH SPRING STREET LOS ANGELES, CALIFORNIA 90012 | Room 1346 13th Floor |
| | DATE AND TIME September 28, 2010 at 9:30 a.m. |

☒ YOU ARE ALSO COMMANDED to bring with you the following document(s) or object(s):

### SEE ATTACHMENT

*Please see additional information on reverse*
This subpoena shall remain in effect until you are granted leave to depart by the court or by an officer acting on behalf of the court.

| CLERK | DATE |
|---|---|
| *Terry Nafisi* | September 13, 2010 |
| (By) Deputy Clerk Terry Nafisi, Clerk of the Court | |

This subpoena is issued on application of the United States of America

ANDRÉ BIROTTE JR.
United States Attorney

Brian E. Klein
Assistant United States Attorney
United States Courthouse
312 North Spring Street, 11th Floor
Los Angeles, California 90012
Telephone: (213) 894-6920

"If not applicable, enter "none"

Agent: Annie L. Nelson
Telephone: (213) 894-0762

Note: An Agent of the U.S. Department of Justice will deliver the above-mentioned document(s) to the Grand Jury should you desire to volunteer them to the Grand Jury in advance of the Grand Jury date indicated above.

Exhibit A
Page 4

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

MT 00002

From: P          Page: 8/19          Date: 9/13/2010 4:42:49 PM

## ATTACHMENT TO SUBPOENA

### Marc Toberoff

Produce the following:

The "SUPERMAN - MARC TOBEROFF TIMELINE" and its enclosures, which were provided anonymously to Warner Brothers in or about 2005-2006 and became the subject of litigation in Siegel, et al. v. Warner Bros. Entertainment Inc., et al., 04-CV-8400, and related litigation.

Definitions and Instructions:

(1) The term "documents" means any and all writings and includes but is not limited to agreements, emails, letters, contracts, notes, memoranda, and images.

(2) If anyone has redacted any portion of any document called for by this subpoena, stamp the word "redacted" on each portion of the document that was redacted.

(3) If any otherwise responsive document was, but is no longer, in existence or in your possession, custody, or control, identify such document as completely as possible and provide the following information (if applicable):
    (a) The manner of disposal, including destruction, loss, discarding, or any other means of disposal;
    (b) The date of disposal;
    (c) The reason for disposal;
    (d) The person authorizing the disposal and person disposing of the document; and
    (e) The present custodian and location of the document.

(4) In the event that any document called for by this subpoena is to be withheld on the basis of any claim of privilege, as to each such document:
    (a) Identify the nature of the privilege which is being claimed and all facts upon which any such privilege is based; and
    (b) Provide the following information (if applicable):
        (i) The date of the creation of the document and the date the document bears;
        (ii) The name, the present or last known home and business address, the telephone numbers, the title (or position) and the occupation of those individuals who prepared, produced, reproduced, or who were recipients of, said document;
        (iii) A description of the document sufficient to identify it without revealing the information for which the privilege is claimed, including a description of the type of document and the subject matter of the document;
        (iv) The number of pages of the document;
        (v) Each and every fact or basis upon which such privilege is claimed;
        (vi) The location of the document; and
        (vii) The custodian of the document.

Exhibit A
Page 5

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

MT 00003

05

From: P          Page: 9/19...          Date: 9/13/2010 4:42:49 PM



**U. S. Department of Justice**
*United States Attorney*
*Central District of California*

*Brian E. Klein*
*Assistant United States Attorney*
*(213) 894-6920*

*United States Courthouse*
*312 North Spring Street*
*Los Angeles, California*

September 13, 2010

Marc Toberoff

    Re:  <u>Federal Grand Jury Subpoena</u>

Dear Sir or Madam:

    The enclosed subpoena has been issued in connection with an official criminal investigation being conducted by the **United States Department of Justice**. The subpoena requires that a custodian of records from your business appear before the grand jury and produce the records described in the subpoena on the date and at the time specified on the subpoena.

    As a convenience to you, you can produce the demanded documents by mail or in person to **Criminal Investigator Annie Nelson** of the **United States Department of Justice** who will deliver the requested documents to the grand jury. If you would like to do so in order to avoid a personal appearance, you must (a) deliver or mail the documents so that they are received in advance of the date specified on the subpoena; and (b) have an appropriate custodian of records from your business fill in the declaration enclosed with this letter. Unless you comply with both of those requirements, a custodian of records must appear in person to produce the documents.

    If you choose to mail the records, please send them to the following address:

        United States Department of Justice
        U.S. Attorney's Office
        Attn: Investigator Nelson
        312 N. Spring Street, 11th Floor
        Los Angeles, CA 90012

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

**MT 00004**

**06**

From: P        Page: 10/19        Date: 9/13/2010 4:42:49 PM

Because this subpoena relates to an ongoing criminal investigation, this Office requests that you not disclose the existence of or compliance with the subpoena for an indefinite period of time or until the Office notifies you that the investigation has been completed or until a court orders disclosure. Premature disclosure could impede the investigation and interfere with the enforcement of the law. In addition, you do not have an obligation under Right to Financial Privacy Act, 12 U.S.C. § 3401, et seq. to disclose to a customer your receipt of or compliance with a federal grand jury subpoena for that customer's records. We request that you give this Office advance notice if you plan to disclose the existence of or compliance with the subpoena.

If you have any questions regarding compliance with this subpoena, please call me at (213) 894-6920 or **Investigator Annie Nelson** at **(213) 894-0762**.

Very truly yours,

ANDRÉ BIROTTE JR.
United States Attorney

BRIAN E. KLEIN
Assistant United States Attorney

Enclosures

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

MT 00005

From: P        Page: 11/149        Date: 9/13/2010 4:42:49 PM

## DECLARATION OF CUSTODIAN CERTIFYING BUSINESS RECORD
(Please typo or print legibly except for signature.)

I, _____, hereby declare as follows:
   (name)

(1) I am a custodian of records for _____ *
                                        (name of business or entity)

and in that capacity am knowledgeable about the matters set forth

herein.

   (a) My job title/position is:

   (b) I have been employed in this capacity for _____
                                    (duration)

and by the aforementioned business/entity for _____ .
      (duration)

   (c) My job duties are:

   (d) I am knowledgeable about the matters set forth herein and the relevant record-keeping practices of the aforementioned business/entity based upon (check all that apply):

      [ ] Training.

      [ ] Familiarity with relevant policy/policies.

      [ ] Hands-on experience.

      [ ] Supervision of one or more others with hands-on experience.

      [ ] Other, Describe:

(2) Attached hereto or enclosed herewith are *originals/true and correct duplicates* of a record or records of a regularly

conducted activity of the business or entity named above.

(Circle either "originals" or "true and correct duplicates" and

Exhibit A
Page 8

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

MT 00006

08

strike out the other term.)

(3)  I certify that the attached record(s):

    (a) was/were made at or near the time of the occurrence of the matters set forth therein,

    (b) was/were made by, or from information transmitted by, a person with knowledge of those matters;

    (c) was/were kept in the course of the regularly conducted activity;

    (d) was/were made by and in the course of the regularly conducted activity as a regular practice;

    (e) if not original records, are exact duplicates of original records.

    I declare under penalty of perjury that the foregoing is

true and correct.  Dated _____ and
                                   (date document was signed)

executed at _____.
          (place document was signed)

                        _____
                        (signature)

                        _____
                        (typed or printed name)

Exhibit A

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

MT 00007

09

# EXHIBIT B



**U. S. Department of Justice**

*United States Attorney*
*Central District of California*

Beong-Soo Kim
Brian E. Klein
Assistant United States Attorneys
(213) 894-3868/6920

312 North Spring Street
Los Angeles, California 90012

September 10, 2010

<u>Via E-mail</u>

Richard B. Kendall
Kendall Brill & Kleiger LLP
10100 Santa Monica Boulevard, Suite 1725
Los Angeles, California 90067

Re:    <u>Documents Delivered to Warner Brothers With</u>
       <u>"SUPERMAN - MARC TOBEROFF TIMELINE"</u>

Dear Mr. Kendall:

In connection with an ongoing criminal investigation, it is the understanding of the United States Attorney's Office for the Central District of California ("the Government") that your client Marc Toberoff wishes to provide the Government with copies of the documents ("MT documents") enclosed with the "SUPERMAN - MARC TOBEROFF TIMELINE" that we understand were provided anonymously to Warner Brothers in or about 2005-2006 and became the subject of litigation in <u>Siegel, et al. v. Warner Bros. Entertainment Inc., et al.</u>, 04-CV-8400, and related litigation.

In the event that you provide these documents to the Government voluntarily, this letter will serve to memorialize the following:

First, Mr. Toberoff has obtained all relevant permissions and consents needed (if any) to provide the MT documents and related information to the Government.

Second, the Government will maintain the confidentiality of the MT documents and related information and will not provide the MT documents and related information to non-governmental third parties except as may be required by law or court order.  In addition, the Government will return the MT documents to you and your client as soon as we determine that we no longer need them.

Third, to the extent attorney work product or communications protected by the attorney-client privilege are shared with the Government pursuant to this letter agreement, Mr. Toberoff is sharing them as a selective and limited disclosure in reliance on the Government's agreement that, in recognition of his objective to preserve any and all applicable privileges, the Government

1

Letter to Richard B. Kendall
September 10, 2010

will keep them confidential and not disclose them to any non-governmental third parties (except
as may be required by law or court order).

Lastly, nothing in this letter agreement or in Mr. Toberoff's disclosure of the MT documents and
related information is intended to waive any applicable privilege or protection available under
law.

Please let us know as soon as possible if anything in this agreement is inaccurate.  We will
assume acceptance of its terms upon receipt of the MT documents.

Very truly yours,

ANDRÉ BIROTTE JR.
United States Attorney


_____
BEONG-SOO KIM
BRIAN E. KLEIN
Assistant United States Attorneys

Exhibit B
Page 11

# EXHIBIT C

**K** Kendall Brill Klieger

writer's direct:
310.272.7900 telephone
310.272.7936 facsimile
rkendall@kbkfirm.com

September 17, 2010

## CONFIDENTIAL COMMUNICATION

**VIA MESSENGER**

Beong-Soo Kim, Brian E. Klein
Assistant United States Attorneys
United States Attorney
Central District of California
312 N. Spring Street
Los Angeles, CA 90012
*brian.klein@usdoj.gov*

Re:     Documents Delivered to Warner Brothers with "SUPERMAN - MARC TOBEROFF TIMELINE"

Dear Mr. Klein:

We are in receipt of the Grand Jury subpoena issued by your office on September 13, 2010. As demanded by the subpoena, and in an effort to assist the Government in its ongoing criminal investigation, Mr. Toberoff provides hereunder the "SUPERMAN – MARC TOBEROFF TIMELINE" (the "Timeline") and its enclosures, which were provided anonymously in three different packages (Bates Nos. Q001-0289; Q0290-0561; Q0562-0839) to Warner Brothers executives in or about 2005-2006 and became the subject of litigation in *Siegel et al. c. Warner Bros. Entertainment Inc., et al.*, 04-CV-8400 (C.D. Cal.) and related litigation.

This response to the Grand Jury's subpoena is made subject to and without waiver of the attorney-client privilege, work product immunity, or any other privilege applicable to these documents. The Timeline itself and many of the enclosed documents are clearly subject to the attorney-client privilege and/or work-product immunity, and we are providing them subject to our mutual understanding that providing such documents in response to your subpoena shall not constitute a waiver of any applicable privilege or immunity.

Moreover, the provision of these documents is expressly made in reliance upon the Government's representations, in its letter of September 10, 2010, that (i) "the Government will maintain the confidentiality of the MT documents and related information and will not provide the MT documents and related information to non-governmental third parties except as may be required by law or court order"; (ii) "the Government will return the MT documents to you and your client as soon as we determine that we no longer need them"; (iii) "to the extent attorney work product or communications protected by the attorney client privilege are shared with the Government . . . Mr. Toberoff is sharing them as a selective and limited disclosure in reliance on the Government's agreement that, in recognition of his objective to preserve any and all

Kendall Brill & Klieger LLP

10100 Santa Monica Blvd.   Suite 1725   Los Angeles, CA 90067   telephone 310.556.2700   facsimile 310.556.2705   www.kbkfirm.com

Exhibit C
Page 12

14

September 17, 2010                                CONFIDENTIAL COMMUNICATION
Page 2

applicable privileges, the Government will keep them confidential and not disclose them to any
non-governmental third parties (except as may be required by law or court order)"; and (iv)
"nothing in Mr. Toberoff's disclosure of the MT documents and related information is intended
to waive any applicable privilege or protection available under law."

Any privileged documents being produced to the Government pursuant to the subpoena are also
subject to a common interest/joint prosecutorial privilege. *See Sedlacek v. Morgan Whitney
Trading Group*, 795 F. Supp. 329, 330 (C.D. Cal. 1992) (communications between civil litigants
and government investigating similar wrongdoing subject to joint prosecution/common interest
privilege); *United States ex rel. Burroughs v. DeNardi Corp.*, 167 F.R.D. 680, 686 (S.D. Cal.
1996) (same). The privilege is particularly applicable here given Mr. Toberoff and the
Government's common interest in investigating the wrong committed against Mr. Toberoff and
his law firm through the theft of these documents and creation of the Timeline.

Please let us know if we may be of further assistance.

Very truly yours,

Richard B. Kendall

Enclosures

cc:    Marc Toberoff, Esq.

Exhibit C
Page 13

# EXHIBIT D

1  KENDALL BRILL & KLIEGER LLP
   Richard B. Kendall (90072)
2    rkendall@kbkfirm.com
   Laura W. Brill (195889)
3    lbrill@kbkfirm.com
   Nicholas F. Daum (236155)
4    ndaum@kbkfirm.com
   Nathalie E. Cohen (258222)
5    ncohen@kbkfirm.com
   10100 Santa Monica Blvd., Suite 1725
6  Los Angeles, California, 90067
   Telephone:   310.556.2700
7  Facsimile:   310.556.2705

8  Attorneys for Defendants Marc Toberoff,
   Pacific Pictures Corporation, IP
9  Worldwide, LL, and IPW, LLC

10              **UNITED STATES DISTRICT COURT**

11        **CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION**

12  DC COMICS,                          | Case No: CV 10-03633 ODW (RZx)
                   Plaintiff,
13          vs.                         | Hon. Otis D. Wright II, U.S.D.J.

14                                      | **DEFENDANT MARC
                                          TOBEROFF'S RESPONSE TO
15  PACIFIC PICTURES CORPORATION;         PLAINTIFF DC COMICS'
    IP WORLDWIDE, LLC; IPW, LLC;          FIRST SET OF
16  MARC TOBEROFF, an individual;         INTERROGATORIES**
    MARK WARREN Peary, as personal
17  representative of the ESTATE OF      | Complaint Filed:  May 14, 2010
    JOSEPH SHUSTER; JEAN ADELE            Trial Date:  None Set
18  Peavy, an individual; JOANNE SIEGEL,
19  an individual;  LAURA SIEGEL
    LARSON, an individual,
20  and DOES 1-10, inclusive,

21
22                 Defendants.

23
24
25
26
27
28

**17**

Defendant Marc Toberoff ("Toberoff"), by and through his attorneys, responds as follows to the First Set of Interrogatories dated December 10, 2010 (the "Interrogatories") propounded by plaintiff DC Comics ("Plaintiff" or "DC").

## I.

## <u>GENERAL OBJECTIONS</u>

Toberoff objects to the entire set of Interrogatories on each of the following grounds, and incorporates by reference each of the following objections into his response to each individual interrogatory within it:

1.      Toberoff objects to the Interrogatories generally and to each interrogatory therein to the extent they relate to the Fourth through Sixth state law claims for relief in DC's First Amended Complaint ("FAC").  Defendants contend that their pending anti-SLAPP motion stays discovery regarding these state law claims, as well as the related Third Claim for Relief.  *See* Cal. Code Civ. Proc. § 425.16(g); *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 130 S. Ct. 1431, 1452 (2010) (Stevens, J., concurring); *Batzel v. Smith*, 333 F.3d 1018, 1024 (9th Cir. 2003); *Godin v. Schencks*, 2010 U.S. App. LEXIS 25980 (1st Cir. Dec. 22, 2010).

2.      Toberoff objects to the Interrogatories generally and to each interrogatory therein to the extent they exceed the scope of Rules 26 and 33 of the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the Central District of California.

3.      Toberoff objects to the Interrogatories generally and to each interrogatory therein to the extent that they purport to demand information protected from disclosure by the attorney-client privilege, joint interest privilege, attorney work product doctrine or any other privileges or immunities provided by the rules of this Court, statute or agreement.  Inadvertent disclosure of any information subject to any applicable privilege or doctrine is not intended to be and shall not operate as a waiver of any such privilege or doctrine, in whole or in part; nor is any such inadvertent

disclosure intended to be, nor shall it constitute, a waiver of the right to object to any use of such information.

4.    Toberoff objects to the Interrogatories generally and to each interrogatory therein to the extent that they seek information comprising or reflecting any trade secret or other confidential or proprietary information of Toberoff or any other person or entity.

5.    Toberoff objects to the Interrogatories generally and to each interrogatory therein to the extent that they seek information which is protected from disclosure by court order, or any privacy or similar rights of any person or entity.

6.    Toberoff objects to the Interrogatories generally and to each interrogatory therein to the extent that they seek information and/or documents already in the possession of the propounding party on the grounds such interrogatories are unnecessary and unduly oppressive and burdensome.

7.    Toberoff objects generally to the definitions of the terms "YOU" and "YOUR" as vague and ambiguous, overbroad and unduly burdensome.  Toberoff will construe these terms to refer to Toberoff.

8.    Toberoff objects generally to the definitions of the terms "DEFENDANT" and "DEFENDANTS" as vague and ambiguous, overbroad and unduly burdensome.  Toberoff will construe these terms to refer only to the specific defendants in this action.

9.    Toberoff objects generally to the definitions of the term "DESCRIBE" as vague and ambiguous, overbroad and unduly burdensome.  Toberoff will construe this term only to refer to "factual information and data that are responsive to the particular request seeking such statement or description."

10.    Toberoff objects to the Interrogatories generally and to each interrogatory therein to the extent that they are vague or indefinite with respect to the information sought, or are overbroad and unduly burdensome.

11.    Toberoff objects to the Interrogatories generally and to each

1  interrogatory therein to the extent that they seek information which is neither relevant
2  to the subject matter of the pending litigation nor reasonably calculated to lead to the
3  discovery of admissible evidence.

4       12.    No incidental or implied admissions are intended by Toberoff's
5  responses to the Interrogatories.  The supplying of any fact does not constitute an
6  admission by Toberoff that such fact is relevant or admissible.  The fact that Toberoff
7  has responded to any interrogatory is not intended to be and shall not be construed as
8  a waiver by Toberoff of all or any part of any objection to any interrogatory.
9  Toberoff reserves until the time of trial all objections as the relevance or admissibility
10  of any facts provided in his answers to the Interrogatories.

11       13.    The general and specific objections set forth herein are based on
12  information now available to Toberoff and Toberoff reserves the right to revise,
13  correct, add, clarify or supplement the general and specific objections and responses
14  set forth herein.

15  **II.**

16  **RESPONSES TO INTERROGATORIES**

17       Subject to, and without waiving the General Objections and qualifications
18  above, Toberoff responds to each individual Interrogatory as follows:

19  **Interrogatory No. 1**

20       IDENTIFY the TOBEROFF TIMELINE AUTHOR.

21  **Response to Interrogatory No. 1**

22       Toberoff objects to this interrogatory to the extent that it seeks information
23  which is not reasonably calculated to lead to the discovery of relevant and admissible
24  evidence.  Toberoff additionally objects to this interrogatory to the extent that it seeks
25  communications or items protected by the attorney-client privilege, the attorney work
26  product doctrine and any other privilege or immunity available under law or arising
27  from contractual obligation.  Subject to and without waiving the foregoing general
28  and specific objections, Toberoff responds, without limitation, as follows:

1   David Michaels. Toberoff does not have sufficient information at this time to
2   know whether or not other individuals or entities participated in the production and
3   dissemination of the "Timeline."

4   **Interrogatory No. 2**

5   DESCRIBE in detail who participated in the ALLEGED INTERNAL
6   INVESTIGATION, including participants within your law firm and outside of your
7   law firm.

8   **Response to Interrogatory No. 2**

9   Toberoff objects to this interrogatory to the extent that it is not reasonably
10   calculated to lead to the discovery of relevant and admissible evidence, as any
11   "investigation" by Toberoff or anyone else as to the author of the TOBEROFF
12   TIMELINE is not relevant to any of the claims for relief in this action.  Toberoff
13   additionally objects to this interrogatory to the extent that it seeks communications or
14   items protected by the attorney-client privilege, the attorney work product doctrine
15   and any other privilege or immunity available under law or arising from contractual
16   obligation.  Subject to and without waiving the foregoing general and specific
17   objections, Toberoff responds, without limitation, as follows:

18   Marc Toberoff, McNally Security Group.

19   **Interrogatory No. 3**

20   DESCRIBE in detail the ALLEGED INTERNAL INVESTIGATION,
21   including all steps taken by YOU and any other participants to IDENTIFY the
22   TOBEROFF TIMELINE AUTHOR and OBTAIN information regarding the
23   TOBEROFF TIMELINE AUTHOR and/or the TOBEROFF TIMELINE.

24   **Response to Interrogatory No. 3**

25   Toberoff objects to this interrogatory to the extent that it seeks information
26   which is not reasonably calculated to lead to the discovery of relevant and admissible
27   evidence, as any "investigation" by Toberoff or anyone else as to the author of the
28   TOBEROFF TIMELINE is not relevant to any of the claims for relief in this action.

4
DEFENDANT MARC TOBEROFF'S RESPONSE
TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Exhibit I   Page 121

Toberoff further objects to this interrogatory on the grounds that it is overbroad, burdensome and oppressive.  Toberoff further objects to this interrogatory on the grounds that it is not reasonably limited in scope.  Toberoff additionally objects to this interrogatory in that it seeks communications or items protected by the attorney-client privilege, and the attorney work product doctrine.

**Interrogatory No. 4**

DESCRIBE in detail any and all information revealed by the ALLEGED INTERNAL INVESTIGATION, including all information regarding the TOBEROFF TIMELINE AUTHOR and/or the TOBEROFF TIMELINE.

**Response to Interrogatory No. 4**

Toberoff objects to this interrogatory on the grounds that it is overbroad, burdensome and oppressive.  Toberoff further objects to this interrogatory on the grounds that it is not reasonably limited in scope.  Toberoff objects to this interrogatory to the extent that it seeks information which is not reasonably calculated to lead to the discovery of relevant and admissible evidence.  Toberoff additionally objects to this interrogatory to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing general and specific objections, Toberoff responds, without limitation, as follows, including, for the sake of context, information that was known prior to the investigation:

- **July 18, 2005**:  The Firm hires attorney David Michaels ("Michaels") as its lowest paid junior attorney.  It appears from Michaels' interview that he took the low-paying job because he was in need of money.

- **Mid-October 2005**:  After just three months as an employee, and without warning or explanation, or any prior incident at work, Michaels abruptly leaves work during the middle of the day and never returns.  Numerous concerned calls to Michaels are never returned.

1      • **November-December 2005**:  Michaels contacts the Siegels and attempts to

2  "steal" these clients from Mr. Toberoff's firm by baselessly accusing Mr.

3  Toberoff of purported unethical conduct, like allegedly charging the Siegels

4  "unconscionable fees."  Under the guise of protecting the Siegels, Michaels

5  visits them, falsely disparages Mr. Toberoff, and attempts to shepherd the

6  Siegels to "a larger firm" (name unknown).  In follow-up e-mails, Michaels

7  advises the Siegels to cease all communication with Mr. Toberoff, and he

8  provides them with a termination letter to give to Toberoff & Associates, as

9  well as a new retainer agreement for the Siegels to hire Michaels at a

10  reduced contingency fee.  In December, 2005, the Siegels reject Michaels'

11  attempt to take their case away from Toberoff & Associates.  During this

12  period, Michaels also approaches another client of Toberoff & Associates,

13  Allison Giannini.  He attempts to take that client's business as well by

14  falsely disparaging Mr. Toberoff, but is rebuffed.

15      • Unbeknownst to the firm, the Siegels and/or the Shuster Estate, Michaels

16  had secretly made copies of numerous documents, many privileged, stolen

17  from Toberoff & Associates' legal files ("Stolen Documents"), and after

18  Michaels' advances are rejected by the Siegels, he delivers at least three

19  duplicate packages of the Stolen Documents to high-level Warner Bros.

20  executives, each allegedly with the same anonymous defamatory cover

21  letter ("Cover Letter") which he entitles "Superman -Marc Toberoff

22  Timeline."  The Cover Letter opens with the line:  "Consider it an early

23  Holiday gift."

24      • The Stolen Documents were allegedly received by mail by high-level

25  Warner Bros. executives Alan Horn (President & COO), John Schulman

26  (General Counsel), and Patti Connolly (Executive Vice President of

27  Business Affairs).

28      • **July 5, 2006**:  Toberoff receives a vague letter from Arnold & Porter LLP,

1   which is retained by Warner Bros.  The firm states that it is holding three

2   sets of documents sent to it by Warner Bros.' General Counsel, John

3   Schulman.  These are eventually disclosed to be the three sets of Stolen

4   Documents each with the "anonymous" defamatory Cover Letter.

5   • Knowing that it is under a duty to immediately notify Toberoff &

6   Associates of its receipt of the firm's privileged documents, Warner Bros.

7   dubiously claims to have received the Stolen Documents on June 28, 2006,

8   even though Michaels' Cover Letter states "*consider it an early Holiday*

9   *gift*," and even though this coincides with Michael's rejection by the Siegels

10   *in December, 2005*.

11   **Interrogatory No. 5**

12   DESCRIBE in detail any internal or external investigation other than the

13   ALLEGED INTERNAL INVESTIGATION YOU participated in regarding the

14   TOBEROFF TIMELINE AUTHOR and/or the TOBEROFF TIMELINE.

15   **Response to Interrogatory No. 5**

16   Toberoff objects to this interrogatory to the extent that it seeks information

17   which is not reasonably calculated to lead to the discovery of relevant and admissible

18   evidence , as any "investigation" by Toberoff or anyone else as to the author of the

19   TOBEROFF TIMELINE is not relevant to any of the claims for relief in this action.

20   Toberoff objects to this interrogatory on the grounds that it is overbroad, burdensome

21   and oppressive.  Toberoff further objects to this interrogatory on the grounds that it is

22   not reasonably limited in scope.  Toberoff objects to this interrogatory to the extent

23   that it seeks information which is not reasonably calculated to lead to the discovery

24   of relevant and admissible evidence.  Toberoff additionally objects to this

25   interrogatory in that it seeks communications or items protected by the attorney-client

26   privilege, and the attorney work product doctrine.

27   Subject to and without waiving the foregoing general and specific objections,

28   Toberoff responds, without limitation, as follows:

24

- In or about November 2007:  Toberoff met with Stanley Ornellas, of the Los Angeles FBI Field Office, regarding the Stolen Documents, and reported the theft.
- Summer-Fall 2010:  Toberoff conferred telephonically with Beong-Soo Kim, Deputy Chief of the Major Frauds section of the U.S. Attorney's Office, and Brian Klein, Assistant U.S. Attorney, U.S. Attorney's Office, followed by an in-person meeting regarding the Stolen Documents.
- Fall, 2010:  The U.S. Attorney's Office initiates a Grand Jury Investigation.

**Interrogatory No. 6**

DESCRIBE in detail any and all information revealed by any investigation REFERRED to in response to INTERROGATORY NO. 5.

**Response to Interrogatory No. 6**

Toberoff objects to this interrogatory on the grounds that it is overbroad, burdensome and oppressive.  Toberoff further objects to this interrogatory on the grounds that it is not reasonably limited in scope.  Toberoff objects to this interrogatory to the extent that it seeks information which is not reasonably calculated to lead to the discovery of relevant and admissible evidence.  Toberoff additionally objects to this interrogatory to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing general and specific objections, Toberoff responds, without limitation, as follows:

The investigation is ongoing.

**Interrogatory No. 7**

DESCRIBE in detail the current status of any investigation REFERRED to in response to INTERROGATORY NO. 5, including whether and when it concluded.

**Response to Interrogatory No. 7**

Toberoff objects to this interrogatory to the extent that it seeks information

1    which is not reasonably calculated to lead to the discovery of relevant and admissible

2    evidence, as any "investigation" by Toberoff or anyone else as to the author of the

3    TOBEROFF TIMELINE is not relevant to any of the claims for relief in this action.

4    Toberoff objects to this interrogatory on the grounds that it is overbroad, burdensome

5    and oppressive.  Toberoff further objects to this interrogatory on the grounds that it is

6    not reasonably limited in scope.  Toberoff objects to this interrogatory to the extent

7    that it seeks information which is not reasonably calculated to lead to the discovery

8    of relevant and admissible evidence.  Toberoff additionally objects to this

9    interrogatory to the extent that it seeks communications or items protected by the

10    attorney-client privilege, the attorney work product doctrine and any other privilege

11    or immunity available under law or arising from contractual obligation.  Subject to

12    and without waiving the foregoing general and specific objections, Toberoff

13    responds, without limitation, as follows:

14         See Response to Interrogatory No. 6.  Toberoff awaits the results of the

15    ongoing investigation by the U.S. Attorney's Office and the Grand Jury

16    Investigation.

17    **Interrogatory No. 8**

18         In the MARCH 2009 DECLARATION, YOU state that the TOBEROFF

19    TIMELINE AUTHOR: "contacted Plaintiffs and another client of my firm and tried

20    to convince them to terminate the firm, and to retain him instead, by disparaging me

21    and by offering to work for a reduced fee.  I am advised by Plaintiffs and my other

22    client that they both rejected this attorney's overtures in early December, 2005."

23    IDENTIFY the "other client," including any and all bases for YOUR knowledge.

24    **Response to Interrogatory No. 8**

25         Toberoff objects to this interrogatory to the extent that it seeks information

26    which is not reasonably calculated to lead to the discovery of relevant and admissible

27    evidence.  Toberoff additionally objects to this interrogatory to the extent that it seeks

28    communications or items protected by the attorney-client privilege, the attorney work

product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing general and specific objections, Toberoff responds, without limitation, as follows:  Allison Giannini, c/o Toberoff & Associates, P.C., 2049 Century Park East, Suite 2720, Los Angeles, CA 90064.

**Interrogatory No. 9**

DESCRIBE in detail any and all COMMUNICATIONS between YOU and any law enforcement official, including anyone employed by the United States Attorney's Office for the Central District of California and/or the Federal Bureau of Investigation, regarding the TOBEROFF TIMELINE AUTHOR and/or the TOBEROFF TIMELINE.

**Response to Interrogatory No. 9**

Toberoff objects to this interrogatory to the extent that it seeks information which is not reasonably calculated to lead to the discovery of relevant and admissible evidence, as any "investigation" by Toberoff or anyone else as to the author of the TOBEROFF TIMELINE is not relevant to any of the claims for relief in this action. Toberoff additionally objects to this interrogatory to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing general and specific objections, Toberoff responds, without limitation, as follows:

- In or about November 2007:  Toberoff met with Stanley Ornellas, of the Los Angeles FBI Field Office, regarding the Stolen Documents.
- Summer-Fall 2010:  Toberoff held a telephone conference with Beong-Soo Kim, Deputy Chief of the Major Frauds section of the U.S. Attorney's Office, and Brian Klein, Assistant U.S. Attorney, U.S. Attorney's Office regarding the Stolen Documents, followed by an in-person meeting with Mr.  Kim and others of the U.S. Attorneys' Office.  David Michaels was

1  disclosed as suspected of having stolen the Stolen Documents and thereafter

2  furnishing attorney-client privileged information to Warner Bros.

3  • September 9, 2010:  Grand Jury Subpoena served on Toberoff requesting

4  copies of the Timeline and Stolen Documents.

5  • September 27, 2010:  Timeline and Stolen Documents provided to U.S.

6  Attorneys Office by Kendall, Brill & Klieger pursuant to Grand Jury

7  Subpoena, subject to an express agreement by the U.S. Attorney's Office

8  that the U.S. Attorney's Office would hold such material as confidential and

9  privileged, that such provision was made in furtherance of a common

10  interest privilege, and that such provision was without waiver of the

11  attorney-client privilege or attorney work product doctrine.

12  **Interrogatory No. 10**

13  IDENTIFY, to the best of your knowledge, any other PERSON who

14  COMMUNICATED with any law enforcement official, including anyone employed

15  by the United States Attorney's Office for the Central District of California and/or the

16  Federal Bureau of Investigation, regarding the TOBEROFF TIMELINE AUTHOR

17  and/or the TOBEROFF TIMELINE.

18  **Response to Interrogatory No. 10**

19  Toberoff objects to this interrogatory to the extent that it seeks information

20  which is not reasonably calculated to lead to the discovery of relevant and admissible

21  evidence, as any "investigation" by Toberoff or anyone else as to the author of the

22  TOBEROFF TIMELINE is not relevant to any of the claims for relief in this action.

23  Toberoff additionally objects to this interrogatory to the extent that it seeks

24  communications or items protected by the attorney-client privilege, the attorney work

25  product doctrine and any other privilege or immunity available under law or arising

26  from contractual obligation.  Subject to and without waiving the foregoing general

27  and specific objections, Toberoff responds, without limitation, as follows:  Richard

28  Kendall

**Interrogatory No. 11**

DESCRIBE in detail, to the best of YOUR knowledge, the substance of any COMMUNICATIONS REFERRED to in response to INTERROGATORY NO. 11.

**Response to Interrogatory No. 11**

Toberoff objects to this interrogatory to the extent that it seeks information which is not reasonably calculated to lead to the discovery of relevant and admissible evidence, as any "investigation" by Toberoff or anyone else as to the author of the TOBEROFF TIMELINE is not relevant to any of the claims for relief in this action. Toberoff additionally objects to this interrogatory insofar as it seeks communications or items protected by the attorney-client privilege and the attorney work product doctrine. Subject to and without waiving the foregoing general and specific objections, Toberoff responds, without limitation: the substance of the information provided was that described in response to Interrogatory No. 4.

**Interrogatory No. 12**

In the OCTOBER 2010 DECLARATION, YOU state that:

The theft of privileged documents from my law offices and their transmittal with an anonymous cover letter, entitled the "Toberoff Timeline," to DC's in-house legal team, as well as to other executives of DC's parent company, Warner Bros., by a former junior attorney at my firm is the subject of an ongoing grand jury investigation initiated by the United States Attorney for the Central District of California.

DESCRIBE in detail how, to the best of YOUR knowledge, "the United States Attorney for the Central District of California" or any other member of law enforcement or the federal government became aware of the TOBEROFF TIMELINE AUTHOR and/or the TOBEROFF TIMELINE, including whether YOU initiated contact with them.

**Response to Interrogatory No. 12**

Toberoff objects to this interrogatory to the extent that it seeks information which is not reasonably calculated to lead to the discovery of relevant and admissible evidence, as any "investigation" by Toberoff or anyone else as to the author of the

TOBEROFF TIMELINE is not relevant to any of the claims for relief in this action. Toberoff additionally objects to this interrogatory to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing general and specific objections, Toberoff responds, without limitation, as follows:

To the best of Toberoff's knowledge, the United States Attorney for the Central District of California became aware of the Stolen Documents, the "TIMELINE," and its author as a result of Toberoff reporting the theft of the Stolen Documents to them.

**Interrogatory No. 13**

DESCRIBE in detail who, to the best of YOUR knowledge, has participated in the ALLEGED GRAND JURY INVESTIGATION, including any PERSON who has testified or been interviewed in connection with the ALLEGED GRAND JURY INVESTIGATION.

**Response to Interrogatory No. 13**

Toberoff objects to this interrogatory to the extent that it seeks information which is not reasonably calculated to lead to the discovery of relevant and admissible evidence, as any "investigation" by Toberoff or anyone else as to the author of the TOBEROFF TIMELINE is not relevant to any of the claims for relief in this action. Toberoff additionally objects to this interrogatory to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing general and specific objections, Toberoff responds, without limitation, as follows:

Other than statements made by Toberoff to Beong-Soo Kim, Deputy Chief of the Major Frauds section of the U.S. Attorneys' Office and Brian Klein, Assistant U.S. Attorney, U.S. Attorney's Office, Toberoff is not aware of any other testimony

1  or formal statements by any individuals or entities made as part of the ongoing grand

2  jury investigation.

3  **Interrogatory No. 14**

4      DESCRIBE in detail, to the best of YOUR knowledge, the substance of any

5  testimony or statements made in connection with the ALLEGED GRAND JURY

6  INVESTIGATION.

7  **Response to Interrogatory No. 14**

8      Toberoff objects to this interrogatory to the extent that it seeks information

9  which is not reasonably calculated to lead to the discovery of relevant and admissible

10  evidence, as any "investigation" by Toberoff or anyone else as to the author of the

11  TOBEROFF TIMELINE is not relevant to any of the claims for relief in this action.

12  Toberoff additionally objects to this interrogatory to the extent that it seeks

13  communications or items protected by the attorney-client privilege, the attorney work

14  product doctrine and any other privilege or immunity available under law or arising

15  from contractual obligation.  Subject to and without waiving the foregoing general

16  and specific objections, Toberoff responds, without limitation, as follows:  see

17  Response to Interrogatory No. 13.

18  **I Interrogatory No. 15**

19      DESCRIBE in detail, to the best of YOUR knowledge, the current status of the

20  ALLEGED GRAND JURY INVESTIGATION.

21  **Response to Interrogatory No. 15**

22      Toberoff objects to this interrogatory to the extent that it seeks information

23  which is not reasonably calculated to lead to the discovery of relevant and admissible

24  evidence, as any "investigation" by Toberoff or anyone else as to the author of the

25  TOBEROFF TIMELINE is not relevant to any of the claims for relief in this action.

26  Toberoff additionally objects to this interrogatory to the extent that it seeks

27  communications or items protected by the attorney-client privilege, the attorney work

28  product doctrine and any other privilege or immunity available under law or arising

1    from contractual obligation.  Subject to and without waiving the foregoing general

2    and specific objections, Toberoff responds, without limitation, as follows:

3        The Grand Jury Investigation is ongoing.

4    **Interrogatory No. 16**

5        DESCRIBE in detail, to the best of YOUR knowledge, whether any PERSON

6    has been designated by the United States Attorney's Office for the Central District of

7    California as a witness, subject, or target of the ALLEGED GRAND JURY

8    INVESTIGATION.

9    **Response to Interrogatory No. 16**

10       Toberoff objects to this interrogatory to the extent that it seeks information

11   which is not reasonably calculated to lead to the discovery of relevant and admissible

12   evidence, as any "investigation" by Toberoff or anyone else as to the author of the

13   TOBEROFF TIMELINE is not relevant to any of the claims for relief in this action.

14   Toberoff additionally objects to this interrogatory to the extent that it seeks

15   communications or items protected by the attorney-client privilege, the attorney work

16   product doctrine and any other privilege or immunity available under law or arising

17   from contractual obligation.  Subject to and without waiving the foregoing general

18   and specific objections, Toberoff responds, without limitation, as follows:  David

19   Michaels.

20   **Interrogatory No. 17**

21       IDENTIFY any DOCUMENTS provided by YOU in connection with the

22   ALLEGED GRAND JURY INVESTIGATION.

23   **Response to Interrogatory No. 17**

24       Toberoff objects to this interrogatory to the extent that it seeks information

25   which is not reasonably calculated to lead to the discovery of relevant and admissible

26   evidence, as any "investigation" by Toberoff or anyone else as to the author of the

27   TOBEROFF TIMELINE is not relevant to any of the claims for relief in this action.

28   Toberoff additionally objects to this interrogatory to the extent that it seeks

1  communications or items protected by the attorney-client privilege, the attorney work

2  product doctrine and any other privilege or immunity available under law or arising

3  from contractual obligation.  Subject to and without waiving the foregoing general

4  and specific objections, Toberoff responds, without limitation, as follows:  None.

5  **Interrogatory No. 18**

6      IDENTIFY any DOCUMENTS, to the best of YOUR knowledge, provided by

7  any other PERSON in connection with the ALLEGED GRAND JURY

8  INVESTIGATION.

9  **Response to Interrogatory No. 18**

10      Toberoff objects to this interrogatory to the extent that it seeks information

11  which is not reasonably calculated to lead to the discovery of relevant and admissible

12  evidence, as any "investigation" by Toberoff or anyone else as to the author of the

13  TOBEROFF TIMELINE is not relevant to any of the claims for relief in this action.

14  Toberoff additionally objects to this interrogatory to the extent that it seeks

15  communications or items protected by the attorney-client privilege, the attorney work

16  product doctrine and any other privilege or immunity available under law or arising

17  from contractual obligation.  Subject to and without waiving the foregoing general

18  and specific objections, Toberoff responds, without limitation, as follows:

19      The Kendall, Brill & Klieger firm provided copies of the Toberoff  Timeline

20  and the Stolen Documents to the U.S. Attorney's Office on September 27, 2010

21  pursuant to a Grand Jury Subpoena dated September 13, 2010,  subject to an express

22  agreement by the U.S. Attorney's Office that the U.S. Attorney's Office would hold

23  such material as confidential and privileged, that such provision was made in

24  furtherance of a common interest privilege, and that such provision was without

25  waiver of the attorney-client privilege or attorney work product doctrine.

26  **Interrogatory No. 19**

27      DESCRIBE in detail any grand jury subpoenas that have been issued, to the

28  best of your knowledge, in connection with the ALLEGED GRAND JURY

1    INVESTIGATION.

2    **Response to Interrogatory No. 19**

3        Toberoff objects to this interrogatory to the extent that it seeks information

4    which is not reasonably calculated to lead to the discovery of relevant and admissible

5    evidence, as any "investigation" by Toberoff or anyone else as to the author of the

6    TOBEROFF TIMELINE is not relevant to any of the claims for relief in this action.

7    Toberoff additionally objects to this interrogatory to the extent that it seeks

8    communications or items protected by the attorney-client privilege, the attorney work

9    product doctrine and any other privilege or immunity available under law or arising

10   from contractual obligation.  Subject to and without waiving the foregoing general

11   and specific objections, Toberoff responds, without limitation, as follows:

12       Toberoff's attorneys, at Kendall, Brill & Klieger, were served with a grand

13   jury subpoena on September 13, 2010, which requested copies of the Timeline and

14   Stolen Documents.

15   **Interrogatory No. 20**

16       DESCRIBE in detail how the ALLEGED DISCIPLINARY ACTION began,

17   including any and all COMMUNICATIONS YOU had with the California bar or any

18   legal, administrative, or disciplinary entity regarding the TOBEROFF TIMELINE

19   AUTHOR and/or TOBEROFF TIMELINE.

20   **Response to Interrogatory No. 20**

21       Toberoff objects to this interrogatory to the extent that it seeks information

22   which is not reasonably calculated to lead to the discovery of relevant and admissible

23   evidence, as any "investigation" by Toberoff or anyone else as to the author of the

24   TOBEROFF TIMELINE is not relevant to any of the claims for relief in this action.

25   Toberoff objects to this interrogatory on the grounds that it is overbroad, burdensome

26   and oppressive.  Toberoff further objects to this interrogatory on the grounds that it is

27   not reasonably limited in scope.  Toberoff objects to this interrogatory to the extent

28   that it seeks information which is not reasonably limited to lead to the discovery

17

DEFENDANT MARC TOBEROFF'S RESPONSE
TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Exhibit I
Page 134

of relevant and admissible evidence.  Toberoff additionally objects to this interrogatory to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing general and specific objections, Toberoff responds, without limitation, as follows:

Toberoff has no knowledge of any ALLEGED DISCIPLINARY ACTION.

**Interrogatory No. 21**

DESCRIBE in detail who, to the best of YOUR knowledge, participated in the ALLEGED DISCIPLINARY ACTION.

**Response to Interrogatory No. 21**

Toberoff objects to this interrogatory to the extent that it seeks information which is not reasonably calculated to lead to the discovery of relevant and admissible evidence, as any "investigation" by Toberoff or anyone else as to the author of the TOBEROFF TIMELINE is not relevant to any of the claims for relief in this action.  Toberoff additionally objects to this interrogatory to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing general and specific objections, Toberoff responds, without limitation, as follows:

*See* Response to Interrogatory No. 20.

**Interrogatory No. 22**

DESCRIBE in detail all information revealed by the ALLEGED DISCIPLINARY ACTION, including all information regarding the TOBEROFF TIMELINE AUTHOR and/or the TOBEROFF TIMELINE.

**Response to Interrogatory No. 22**

Toberoff objects to this interrogatory to the extent that it seeks information which is not reasonably calculated to lead to the discovery of relevant and admissible

1 evidence, as any "investigation" by Toberoff or anyone else as to the author of the

2 TOBEROFF TIMELINE is not relevant to any of the claims for relief in this action.

3 Toberoff additionally objects to this interrogatory to the extent that it seeks

4 communications or items protected by the attorney-client privilege, the attorney work

5 product doctrine and any other privilege or immunity available under law or arising

6 from contractual obligation.  Subject to and without waiving the foregoing general

7 and specific objections, Toberoff responds, without limitation, as follows:

8       *See* Response to Interrogatory No. 20.

9 **Interrogatory No. 23**

10       DESCRIBE in detail, to the best of YOUR knowledge, the current status of the

11 ALLEGED DISCIPLINARY ACTION, including whether and when it concluded.

12 **Response to Interrogatory No. 23**

13       Toberoff objects to this interrogatory to the extent that it seeks information

14 which is not reasonably calculated to lead to the discovery of relevant and admissible

15 evidence, as any "investigation" by Toberoff or anyone else as to the author of the

16 TOBEROFF TIMELINE is not relevant to any of the claims for relief in this action.

17 Toberoff additionally objects to this interrogatory to the extent that it seeks

18 communications or items protected by the attorney-client privilege, the attorney work

19 product doctrine and any other privilege or immunity available under law or arising

20 from contractual obligation.  Subject to and without waiving the foregoing general

21 and specific objections, Toberoff responds, without limitation, as follows:

22       *See* Response to Interrogatory No. 20.

23 **Interrogatory No. 24**

24       DESCRIBE in detail any and all COMMUNICATIONS YOU have had with

25 the TOBEROFF TIMELINE AUTHOR since July 2006, including all efforts YOU

26 made to contact the TOBEROFF TIMELINE AUTHOR.

27 **Response to Interrogatory No. 24**

28       Toberoff objects to this interrogatory to the extent that it seeks information

DEFENDANT MARC TOBEROFF'S RESPONSE
TO PLAINTIFF'S FIRST SET OF INTERROGATORIES
Exhibit I                Page 136

1  which is not reasonably calculated to lead to the discovery of relevant and admissible

2  evidence, as any "investigation" by Toberoff or anyone else as to the author of the

3  TOBEROFF TIMELINE is not relevant to any of the claims for relief in this action.

4  Toberoff additionally objects to this interrogatory to the extent that it seeks

5  communications or items protected by the attorney-client privilege, the attorney work

6  product doctrine and any other privilege or immunity available under law or arising

7  from contractual obligation.  Subject to and without waiving the foregoing general

8  and specific objections, Toberoff responds, without limitation, as follows:

9      Toberoff has not had direct contact with David Michaels since July 2006.

10  **Interrogatory No. 25**

11      DESCRIBE in detail any and all COMMUNICATIONS YOU have had with

12  any PERSON other than a party to the above-entitled action RELATED to the

13  TOBEROFF TIMELINE AUTHOR and/or the TOBEROFF TIMELINE.

14  **Response to Interrogatory No. 25**

15      Toberoff objects to this interrogatory to the extent that it seeks information

16  which is not reasonably calculated to lead to the discovery of relevant and admissible

17  evidence, as any "investigation" by Toberoff or anyone else as to the author of the

18  TOBEROFF TIMELINE is not relevant to any of the claims for relief in this action.

19  Toberoff additionally objects to this interrogatory to the extent that it seeks

20  communications or items protected by the attorney-client privilege, the attorney work

21  product doctrine and any other privilege or immunity available under law or arising

22  from contractual obligation.  Subject to and without waiving the foregoing general

23  and specific objections, Toberoff responds, without limitation, as follows:

24      Toberoff has had communications with his attorneys in this action at Kendall,

25  Brill & Klieger and with the attorneys at Toberoff & Associates P.C. as well as

26  communications with Stanley Ornellas at the FBI, Beong-soo Kim, Deputy Chief of

27  the Major Frauds section at the U.S. Attorney's Office, and Brian Klein, Assistant

28  U.S. Attorney, U.S. Attorney's Office as set forth in Responses Nos. 5, 9 and 13.

1  | Dated:  January 24, 2011

2

3

4

KENDALL BRILL & KLIEGER LLP

_____
Nicholas F. Daum
Attorneys for Defendants Marc Toberoff,
Pacific Pictures Corporation, IP Worldwide,
LLC, and IPW, LLC

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

21
DEFENDANT MARC TOBEROFF'S RESPONSE
TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Exhibit I                Page 138

38

## <u>VERIFICATION</u>

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I have read the foregoing **DEFENDANT MARC TOBEROFF'S RESPONSE TO PLAINTIFF DC COMICS' FIRST SET OF INTERROGATORIES** and know its contents.

I am a party to this action.  The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

Executed on January 24, 2011, at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.


Marc M. Toberoff
Print Name of Signatory                              Signature

22
DEFENDANT MARC TOBEROFF'S RESPONSE
TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Exhibit I                    Page 139

39

# EXHIBIT E

1  KENDALL BRILL & KLIEGER LLP
   Richard B. Kendall (90072)
2    *rkendall@kbkfirm.com*
   Laura W. Brill (195889)
3    *lbrill@kbkfirm.com*
   Nicholas F Daum (236155)
4    *ndaum@kbkfirm.com*
   10100 Santa Monica Blvd., Suite 1725
5  Los Angeles, California  90067
   Telephone:  310.556.2700
6  Facsimile:   310.556.2705

7  Attorneys for Defendants Marc Toberoff,
   Pacific Pictures Corporation, IP
8  Worldwide, LLC, and IPW, LLC

9              UNITED STATES DISTRICT COURT

10      CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

11 | DC COMICS, | Case No: CV 10-03633 ODW (RZx) |
12 |                     Plaintiff, | **DECLARATION OF RICHARD** |
   |         vs. | **KENDALL IN OPPOSITION TO** |
13 |  | **DC COMICS' MOTION TO** |
   |  | **COMPEL THE PRODUCTION** |
14 | PACIFIC PICTURES CORPORATION; | **OF DOCUMENTS AND** |
   | IP WORLDWIDE, LLC; IPW, LLC; | **FURTHER RESPONSES TO** |
15 | MARC TOBEROFF, an individual; | **INTERROGATORIES** |
16 | MARK WARREN PEARY, as personal | Hon. Otis D. Wright II, U.S.D.J. |
   | representative of the ESTATE OF | Hon. Ralph Zarefsky, U.S.M.J. |
17 | JOSEPH SHUSTER; JEAN ADELE | Complaint filed:  May 14, 2010 |
18 | PEAVY, an individual; JOANNE | Trial Date:  None Set |
   | SIEGEL, an individual; LAURA | Date:     April 25, 2011 |
19 | SIEGEL LARSON, an individual, | Time:    10:00 a.m. |
20 | and DOES 1-10, inclusive, |  |
21 |                     Defendants. |  |

22

23

24

25

26

27

28

## DECLARATION OF RICHARD KENDALL

I, Richard Kendall, declare as follows:

1.    I am a partner at the law firm of Kendall Brill & Klieger LLP, counsel of record for defendants Marc Toberoff, Pacific Pictures Corporation, IP Worldwide, LLC, and IPW, LLC in the above-captioned action.  I am a member in good standing of the State Bar of California and am admitted to practice before this Court.  Except where otherwise stated, I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.

2.    DC Comics claims in its motion to compel the production of documents that "the U.S. Attorney's office has thus far interposed *no objection* to this motion – nor to DC's request for the documents at issue."  Docket No. 205 at 11.

3.    On or about March 22, 2011, I spoke with Assistant United States Attorney Beong-soo Kim.  Mr. Kim informed me that O'Melveny & Myers LLP, on behalf of plaintiff DC Comics, had disclosed to him that they intended to argue that defendants waived privilege as to any documents provided to the U.S. Attorney's Office, and that DC wished to assert that the U.S. Attorney's Office would not object to the production of the documents.

4.    I discussed defendants' position with Mr. Kim that privilege had not been waived.  Mr. Kim said that he intended to advise DC Comics that it should not assert that the U.S. Attorney's Office does not object to the disclosure, and that if DC said that the government had no objection to disclosure, it would be misrepresenting the government's position.

80515.1

1
DECLARATION OF RICHARD KENDALL

1        I declare under penalty of perjury of the laws of the United States of America

2 that the foregoing is true and correct.

3        Executed on April 11, 2011, in Los Angeles, California

4

              By:  /s/Richard B. Kendall

5                  Richard B. Kendall

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

80515.1

2
DECLARATION OF RICHARD KENDALL

EXHIBIT F

1  KENDALL BRILL & KLIEGER LLP
   Richard B. Kendall (90072)
2    *rkendall@kbkfirm.com*
   Laura W. Brill (195889)
3    *lbrill@kbkfirm.com*
   Nicholas F Daum (236155)
4    *ndaum@kbkfirm.com*
   10100 Santa Monica Blvd., Suite 1725
5  Los Angeles, California  90067
   Telephone:  310.556.2700
6  Facsimile:   310.556.2705

7  Attorneys for Defendants Marc Toberoff,
   Pacific Pictures Corporation, IP
8  Worldwide, LLC, and IPW, LLC

9           UNITED STATES DISTRICT COURT

10    CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

11  DC COMICS,                          Case No: CV 10-03633 ODW (RZx)

12              Plaintiff,              SUPPLEMENTAL
                                        DECLARATION OF RICHARD
13        vs.                           KENDALL IN OPPOSITION TO
                                        DC COMICS' MOTION TO
14  PACIFIC PICTURES CORPORATION;       COMPEL THE PRODUCTION
    IP WORLDWIDE, LLC; IPW, LLC;        OF DOCUMENTS AND
15  MARC TOBEROFF, an individual;       FURTHER RESPONSES TO
                                        INTERROGATORIES
16  MARK WARREN PEARY, as personal
    representative of the ESTATE OF     Hon. Otis D. Wright II, U.S.D.J.
17  JOSEPH SHUSTER; JEAN ADELE          Hon. Ralph Zarefsky, U.S.M.J.
    PEAVY, an individual; JOANNE
18  SIEGEL, an individual; LAURA        Complaint filed:  May 14, 2010
                                        Trial Date:  None Set
19  SIEGEL LARSON, an individual,
    and DOES 1-10, inclusive,           Date:     April 25, 2011
20                                      Time:    2:00 p.m.

21              Defendants.

22

23

24

25

26

27

28

82406.1

           SUPPLEMENTAL DECLARATION OF RICHARD KENDALL

## DECLARATION OF RICHARD KENDALL

I, Richard Kendall, declare as follows:

1.     I am a partner at the law firm of Kendall Brill & Klieger LLP, counsel of record for defendants Marc Toberoff, Pacific Pictures Corporation, IP Worldwide, LLC, and IPW, LLC in the above-captioned action.  I am a member in good standing of the State Bar of California and am admitted to practice before this Court.  Except where otherwise stated, I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.

2.     I was unable to attend the court hearing on DC Comics' Motion to Compel Production of Documents and Interrogatory Responses on April 25, 2011 due to a previously scheduled mediation at that time.  DC Comics set the hearing date earlier than provided under the local rules and without consulting with me or my firm as to scheduling the date of the hearing.

3.     It is my understanding that at the hearing, Matthew Kline, counsel for DC Comics, made numerous representations to the Court regarding matters as to which he has no personal knowledge and as to which I do have personal knowledge concerning my communications with the United States Attorney's Office for the Central District of California regarding the conditions under which the Toberoff defendants would disclose confidential attorney-client privileged materials to that office.  At the hearing, my partner Laura Brill, counsel for Mr. Toberoff, explained that I would be willing to provide a further declaration concerning these matters, and Mr. Kline indicated a declaration from me would be relevant to the privilege issues before the Court.  Transcript of April 25, 2011 hearing at 45:25-46:16.

4.     I understand that Mr. Kline repeatedly represented to this Court at the hearing on April 25, 2011 that the government did not communicate to defendants that it needed to see the privileged stolen documents in order to conduct its investigation and that the disclosure was voluntary.  *See, e.g.,* Transcript of April 25

1   hearing at 11:2-4, 16:14-17, 20:25-21:2, 48:14-22.  That is absolutely incorrect.

2   Assistant United States Attorneys Beong-Soo Kim and Brian Klein advised me, that

3   they would need to review the privileged stolen documents as part of any

4   investigation and/or prosecution regarding the theft from Mr. Toberoff's office.

5        5.    In response to the AUSA's insistence that they needed to review the

6   privileged stolen documents, I advised AUSA Klein that we would not disclose the

7   documents to the government unless the privilege could be protected.  I advised

8   AUSA Klein that the documents would not be turned over to the government

9   voluntarily, but that we would, of course, honor a grand jury subpoena.  In addition, I

10  requested that the government agree to the confidentiality terms confirmed in my

11  letter to Mr. Klein dated September 17, 2011.

12       6.    Mr. Kline also stated to the court that there was no common

13  understanding between defendants and the government that the documents were

14  being provided pursuant to the common interest privilege.  *See* Transcript of April

15  25, 2011 hearing at 17:22-18:6.  As evidence, Mr. Kline pointed to my letter to the

16  government dated September 17, 2011, in which I confirmed that the Toberoff

17  defendants *were* providing the documents pursuant to the common interest privilege.

18       7.    My September 17, 2011 letter to the government (Docket No. 212, Ex.

19  C) confirmed my understanding and prior discussions with the government

20  concerning common interest privilege.  Specifically, I discussed with the AUSAs the

21  bases on which the Toberoff defendants would disclose the documents:  under

22  subpoena rather than voluntarily; under promise of confidentiality; and pursuant to

23  the common-interest privilege.  I advised that I would be sending a letter enclosing

24  the subpoenaed documents under those conditions.  I understood based on my oral

25  discussions with AUSAs Kim and Klein and my correspondence with them that the

26  United States Attorney's office was willing to be governed by those conditions in

27  accepting the documents.  The AUSAs never objected to the terms confirmed in my

28  September 17, 2011 letter, either before or after the documents were produced.  They

82406.1

2

SUPPLEMENTAL DECLARATION OF RICHARD KENDALL

1   never stated that any aspect of my confirming letter of September 17, 2011 was

2   inaccurate or did not reflect their understanding of our agreement, and they never

3   informed me that they believed the documents were not confidential or that privilege

4   would be waived by providing them to the government.  In addition, we discussed the

5   fact that the government and Mr. Toberoff had a common interest in investigating the

6   theft from his office, and the AUSAs never indicated to me that they thought that

7   their interests in the investigation were in any way adverse to or not aligned with

8   those of Mr. Toberoff as the victim of the theft.  The government has now returned

9   the stolen documents to our office.

10

11      I declare under penalty of perjury of the laws of the United States of America

12   that the foregoing is true and correct.

13          Executed on May 5, 2011, in Los Angeles, California

14                                              /s/ Richard Kendall

15

16

17

18

19

20

21

22

23

24

25

26

27

28

82406.1

3
SUPPLEMENTAL DECLARATION OF RICHARD KENDALL

# EXHIBIT G

O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DC COMICS, | ) | CASE NO. CV 10-03633 ODW (RZx) |
| Plaintiff, | ) ) | |
| vs. | ) ) | Order on Plaintiff's Motion to Compel Production of Documents and Plaintiff's Motion to Compel Further Answers to |
| PACIFIC PICTURES CORPORATION, ET AL. | ) ) ) | Interrogatories (Docket Nos. 205, 206) |
| Defendants. | ) ) ) | |

This matter came before the Court on April 25, 2011 on the motion of Plaintiff D.C. Comics to compel further discovery.  Plaintiff appeared through its counsel Daniel Petrocelli, Mathew T. Kline and Jason DeCoro.   Defendants Marc Toberoff, Pacific Pictures Corporation, IP Worldwide, LLP, and IPW, LLC ("Defendants")  appeared through their counsel Laura W. Brill and Keith Adams.   The Court heard argument of counsel and took the matter under submission. The Court now rules as follows, identifying the issues as the parties have in their papers.

## The Motion to Compel Production of Documents

Issues 1-7.  These issues were presented as to other defendants in a motion decided by this Court by written order dated April 11, 2011.  That ruling applies to these issues as well, insofar as these issues now are directed to different defendants.  However, to the extent that rulings on the issues discussed below would contradict the earlier rulings of the Court as to issues 1-7 if those rulings were applied to these defendants, the rulings on the following issues take precedence over the rulings on issues 1-7, insofar as the present defendants are concerned.

Issue 8, The "stolen documents."  The question here is whether Mr. Toberoff, as the agent for his clients, waived the attorney-client privilege or, on his own behalf, waived the work-product protection, when he disclosed protected material in response to a grand jury subpoena.  The Ninth Circuit has analyzed waiver by classifying it as either express or implied waiver.  Essentially, express waiver results from voluntary actions by the attorney or client, and implied waiver results from involuntary disclosure resulting from court order or court doctrine.  *Bittaker v. Woodford*, 331 F.3d 715 (9th Cir. 2003).  In *Bittaker*, the Court of Appeals approved the concept of a limited waiver where the bringing of a habeas claim asserting ineffective assistance of counsel necessarily, but by implication, waived the attorney-client privilege.  The Court of Appeal approved the entry of a protective order, prohibiting the prosecution from using the disclosed privileged information in a later state court re-trial.

The closest that Defendants come to fitting within this fact pattern is that they responded to a grand jury subpoena.  While a grand jury subpoena is in fact an order, nevertheless it did not and could not compel the production of properly privileged material.  Defendants could have responded to the subpoena by standing on the privilege.  The Government then would have had the choice of whether to move to compel and, if it had successfully moved to compel, the Defendants would have a stronger argument that they

- 2 -

1  had not expressly waived the privilege.  The fact that they did not assert the privilege in

2  response to the grand jury subpoena prevents this from being a case of implied waiver.

3        *Bittaker* declined to rest its decision on express waiver, 331 F.3d at 720 n. 5,

4  and the Ninth Circuit since has recognized that it has not decided whether a party expressly

5  — that is, by its own actions, not by implication from court doctrine or court order — may

6  waive the privilege on a limited basis.  *United States v. Bergonzi*, 403 F.3d 1048, 1050

7  (9th Cir. 2005).  *Bittaker* noted that the issue  was not settled in the law, citing *Diversified*

8  *Industries, Inc. V. Meredith*, 572 F.2d 596, 604 n. 1, 611 (8th Cir. 1977) and *In re von*

9  *Bulow*, 828 F.2d 94, 103 (2d Cir. 1987), circuit decisions that ruled that a party could

10  waive on a limited basis, contradicting cases from other circuits.  *See Bittaker*, 331 F.3d

11  at 719-20.

12        In  the  absence  of  controlling  authority  from  the  Ninth  Circuit,  this  Court

13  follows the majority perspective.  *See, e.g., United States v. Massachusetts Institute of*

14  *Technology*, 129 F.3d 681 (1st Cir. 1997).  While a policy of voluntary limited waiver has

15  much to recommend it, including the encouragement of certain conduct that is salutary,

16  such  as  cooperation  with  government  probes,  it  is  not  susceptible  to  easily-defined

17  contours.  Also, as the cases point out, it is inconsistent with preserving the essence of the

18  attorney-client  privilege,  which  is  the  guarantee  of  confidentiality  so  that  a  client  will

19  confide fully in his attorney. It is true, as Defendants state, that the cases do not deal with

20  victims of crime, but the Court can see no important distinction that applies to victims.  The

21  salutary  policy  of  promoting  the  enforcement  of  the  criminal  law  applies  equally  to

22  situations where the waiving party is the target of the investigation as it does when the

23  waiving  party  is  the  victim  of  a  crime.   Sometimes hard choices need to be made, and

24  whether secrets are disclosed or a perpetrator goes free can be one of those hard choices.

25        The Court finds no merit to Defendants' argument that they enjoyed a joint

26  prosecution privilege with the United States.  As Defendants state, they were, if anything,

27  victims.  They were not surrogate prosecutors, even if they had an interest in seeing the

28  theft prosecuted.

- 3 -

1        Accordingly, the Court finds that Defendants waived the privileges by
2   producing the documents to a third party, the United States, in response to a grand jury
3   subpoena, without further order from the Court that they do so despite any claim of
4   privilege.  The motion therefore is granted as to these documents.  However, the Court
5   stays its ruling to allow Defendants to seek review before the District Judge.  If the
6   Defendants seek such review, the stay shall continue in effect until all review is exhausted
7   or the District Judge rules to the contrary on the matter.

8

9        <u>Issue 9, Communications between David Michaels and the Siegels</u>.    The
10  Court does not see that a waiver occurred in connection with these communications.  There
11  is no evidence that the Siegels themselves made such a waiver, and the descriptions
12  provided by Mr. Toberoff are not sufficiently revealing to constitute a waiver.

13

14       <u>Issue 10, Documents Pertaining to the Marks Declaration</u>.  Kevin Marks
15  previously represented the Siegels, and testified at a deposition in which, among other
16  things, he recounted a meeting between himself, Mr. Toberoff and Ari Emanuel.
17  Accompanying the anti-SLAPP motion filed by the Toberoff Defendants in this case is a
18  five-paragraph declaration from Mr. Marks, saying essentially that he gave his fullest
19  information about that meeting in the deposition.  Plaintiff seeks, from Mr. Toberoff, a
20  draft of that declaration and five e-mails between Mr. Toberoff and Mr. Marks' counsel.
21       Plaintiff argues that Defendants have waived any applicable privileges by their
22  tardy presentation of a privilege log.  The Ninth Circuit has declined to apply a hard and
23  fast rule about deadlines for preparation of privilege logs, *Burlington Northern & Santa Fe*
24  *Railway v. United States*, 408 F.3d 1142 (9th Cir. 2005), and the delay here was not
25  lengthy.  No waiver arises from the timing of the presentation of the logs.
26       In the Court's view, these documents are protected by the attorney work-
27  product doctrine.  Mr. Toberoff represents the Siegels in the current litigation and, as
28  counsel, presented a motion to the Court.  As part of that motion, he secured declarations,

- 4 -

1   as is common, and may well have had communications about the anticipated testimony.

2   Plaintiff, of course, had the opportunity to depose the witness as to the underlying matter;

3   indeed, the declaration quotes from a deposition taken by Plaintiff.  The Court sees no basis

4   for compelling the production of these matters.

5

6                    Issue 11, Objections in Remaining Requests

7          This issue suffers greatly from the fact that the parties have not prepared a

8   Joint Stipulation.   Plaintiff asserts that a large number of document requests were

9   responded to with boilerplate objections, and asks the Court simply to override the

10  objections.  The Court is loath to issue a blanket order, without understanding the particular

11  requests and the particular objections.

12         Insofar as groups of those have been briefed in an understandable form, the

13  Court rules as follows:

14         a.    Requests 35-38 address Mr. Toberoff's relationship with agent Ari

15  Emanuel.  The Court agrees that the requests are overbroad, in that they call for everything,

16  not just documents that relate to the issues in this lawsuit.  The Local Rules provide that

17  where there is a dispute, the parties shall describe their proposals to resolve the dispute

18  short of court action.  L.R. 37-2.1.  Defendants' proposal was the more reasonable.

19  Accordingly, Defendants shall produce documents in these categories that pertain to

20  Superman, Superboy, the Siegels or the Shusters.  Otherwise, the motion is denied as to

21  these categories.

22         b.  Requests 56-58 and 27-31.  These document requests are hopelessly

23  overbroad, calling for everything there is about companies with which Mr. Toberoff has

24  been associated.  The motion is denied as to these requests.

25         Because the Court cannot undertake to assess the other objections in the

26  format in which the motion has been brought, the motion is denied as to any remaining

27  categories.

28

Thus, the motion to compel production of documents is granted in part and denied in part, as set forth above.

#### The Motion to Compel Further Answers to Interrogatories

Interrogatories 9 and 25.  The Court does not agree that Plaintiff's letter initiating the meet-and-confer process complied with Local Rule 37-1; these interrogatories cannot be bootstrapped on the basis that other interrogatories were referred to as examples of a problem that also allegedly infects these interrogatories.  In addition, however, the Court agrees that Defendant answered these interrogatories satisfactorily.  He perhaps did not provide the level of detail that Plaintiff desires and that can be learned in a deposition with use of follow-up questions; but he certainly provided a fair response to the interrogatories.

Interrogatories 13,14, 17 and 18.  These interrogatories also were not the subject of the prior-to-filing letter.  In addition, the answers are fully responsive.

The motion to compel further answers to the interrogatories is denied.


Dated: May 25, 2011                         _____
                                            RALPH ZAREFSKY
                                            UNITED STATES MAGISTRATE JUDGE

- 6 -

55