Marc Toberoff (State Bar No. 188547)
 *mtoberoff@ipwla.com*
Keith G. Adams (State Bar No. 240497)
 *kgadams@ipwla.com*
TOBEROFF & ASSOCIATES, P.C.
2049 Century Park East, Suite 3630
Los Angeles, California, 90067
Telephone: (310) 246-3333
Fax:  (310) 246-3101

Attorneys for Defendants Mark Warren Peary, as personal representative of the Estate of Joseph Shuster, Jean Adele Peavy and Laura Siegel Larson, individually and as personal representative of the Estate of Joanne Siegel

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| DC COMICS, | Case No: CV 10-03633 ODW (RZx) |
|---|---|
| Plaintiff, | **DISCOVERY MATTER** |
| vs. | Hon. Otis D. Wright II, U.S.D.J.<br>Hon. Ralph Zarefsky, U.S.M.J. |
| PACIFIC PICTURES CORPORATION; IP WORLDWIDE, LLC; IPW, LLC; MARC TOBEROFF, an individual; MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER; JEAN ADELE PEAVY, an individual; LAURA SIEGEL LARSON, individually and as personal representative of the ESTATE OF JOANNE SIEGEL, and DOES 1-10, inclusive, | **JOINT STIPULATION RE: DEFENDANTS' MOTION FOR A PROTECTIVE ORDER STAYING CERTAIN DEPOSITIONS PENDING REVIEW OF MAY 25, 2011 ORDER**<br><br>Complaint filed: May 14, 2010<br>Trial Date: None Set<br><br>Date: June 20, 2011<br>Time: 10:00 a.m.<br>Place: Courtroom 540 |
| Defendants. | |

JOINT STIPULATION RE: DEFENDANTS' MOTION FOR A PROTECTIVE ORDER STAYING CERTAIN DEPOSITIONS PENDING REVIEW OF MAY 25, 2011 ORDER

Daniel M. Petrocelli (S.B. #097802)
 dpetrocelli@omm.com
Matthew T. Kline (S.B. #211640)
 mkline@omm.com
Cassandra L. Seto (S.B. #246608)
 cseto@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA  90067-6035
Telephone:   (310) 553-6700
Facsimile:   (310) 246-6779

Patrick T. Perkins (admitted *pro hac vice*)
 pperkins@ptplaw.com
PERKINS LAW OFFICE, P.C.
1711 Route 9D
Cold Spring, NY 10516
Telephone:   (845) 265-2820
Facsimile:   (845) 265-2819

Attorneys for Plaintiff DC Comics

JOINT STIPULATION RE: DEFENDANTS' MOTION FOR A PROTECTIVE ORDER STAYING CERTAIN DEPOSITIONS PENDING REVIEW OF MAY 25, 2011 ORDER

# TABLE OF CONTENTS

LOCAL RULE 37 STATEMENT ................................................................... 1

I. PLAINTIFF'S INTRODUCTORY STATEMENT ............................. 2

II. DC COMICS' INTRODUCTORY STATEMENT ............................. 2

III. PLAINTIFF'S CONTENTIONS ......................................................... 4

    A. Procedural Background ............................................................. 4

    B. The Court Should Exercise Its Power to Postpone the Depositions to Avoid Unnecessary Motion Practice and Subjecting Mr. Peary and Ms. Larson to Multiple Depositions in This Case ........................................ 6

    C. Defendants' Conclusion ............................................................ 9

IV. DC'S CONTENTIONS ....................................................................... 9

    A. DC's Counter-Statement of Facts ............................................. 9

    B. Defendants Fail to Carry Their Burden to Justify Further, Indefinite Delay of the Depositions of Mr. Peary and Ms. Larson. .............................................................. 13

    C. Delaying the Depositions Would Prejudice DC and Impede Its Compliance with the District Court's June 1 Order. ................................................................................ 15

    D. Conclusion ............................................................................... 16

# LOCAL RULE 37 STATEMENT

Pursuant to Rules 26, 34, and 37 of the Federal Rules of Civil Procedure and Rule 37-2 of the Local Rules of this Court, the parties respectfully submit the following Joint Stipulation Regarding Defendants' Motion for a Protective Order. Pursuant to Local Rule 37-1, the parties have attempted unsuccessfully to resolve their disputes and therefore respectfully seek the assistance of the Court.

Dated: June 13, 2011

RESPECTFULLY SUBMITTED,

/s/ Marc Toberoff
Marc Toberoff
TOBEROFF & ASSOCIATES, P.C.

Attorneys for Defendants, Mark Warren Peary, as personal representative of the Estate of Joseph Shuster, Jean Adele Peavy, and Laura Siegel Larson, individually and as personal representative of the Estate of Joanne Siegel

/s/ Daniel M. Petrocelli
Daniel M. Petrocelli
O'MELVENY & MYERS LLP

Attorneys for Plaintiff DC Comics

## I. DEFENDANTS' INTRODUCTORY STATEMENT

On May 25, 2011, this Court granted plaintiff DC Comics' ("DC") motion to compel the production of stolen privileged documents, and held that "Defendants waived the privileges by producing the documents to a third party, the United States, in response to a grand jury subpoena." Docket No. 262 (the "May 25 Order") at 3. However, in recognizing the importance of this issue of first impression in the Ninth Circuit, this Court judiciously invited review of its order and stated that "the stay shall continue in effect until all review is exhausted or the District Judge rules to the contrary on the matter." *Id.* at 4. Defendants Mark Warren Peary and Laura Siegel Larson respectfully move for a parallel stay of their depositions, previously scheduled for June 29 and July 1, 2011, respectively, until review of this Court's May 25 Order is completed. The earliest that a motion for review to Judge Wright would be heard is July 11, 2011. If the May 25 Order is upheld, proceeding with the depositions shortly beforehand will only invite further motions to compel second depositions, and unnecessarily expose Mr. Peary and Ms. Larson to multiple depositions in this case, in addition to their depositions in the closely related case of *Siegel v. Warner Bros. Entertainment Inc.*, Case No. 04-CV-08400 ODW (RZx). This Court has the power under F.R.C.P. 26(c) to issue a protective order if discovery would lead to "undue burden or expense" and, under F.R.C.P. 26(d)(2), to control the timing and sequence of discovery. The Court can and should exercise such powers in the interests of judicial efficiency and orderly case management, and order that these depositions be postponed in tandem with the stay under the May 25 Order; *i.e.*, until seven (7) days "after review of this Court's May 25 Order is exhausted or the District Judge rules to the contrary on the matter."

## II. DC COMICS' INTRODUCTORY STATEMENT

Defendants' motion—seeking to undo this Court's June 2 order to which *they themselves* stipulated (the "June 2 Deposition Order") and to stay indefinitely the

1  long-delayed depositions of defendants Ms. Larson and Mr. Peary—should be denied
2  for three reasons.
3      <u>First, the motion is not ripe.</u>  This Court ruled last fall that DC has the right to
4  proceed with the depositions of Ms. Larson and Mr. Peary in this case, Docket No.
5  110-3 at 59-61, and no one disputes that their depositions, set for June 29 and July 1,
6  were duly noticed and scheduled pursuant to a stipulation and order of this Court.
7  Defendants now raise concerns that DC *might* ask for more than one day or seven
8  hours of testimony from each witness.  Yet DC has "not scheduled a second
9  deposition, much less taken an initial deposition," *ICE Corp. v. Hamilton Sundstrand*
10 *Corp.*, 2007 WL 1652056, at *3 (D. Kan. June 6, 2007); thus, the Court need not
11 address defendants' speculative arguments about what additional testimony DC
12 might seek.  If and when DC seeks such testimony, the issue can and should be
13 decided in light of the then-existing circumstances and record.
14     <u>Second, there is no basis for the relief defendants seek.</u>  When defendants
15 stipulated to the setting of these depositions, Docket No. 271, they *knew* this Court
16 could grant DC's motion to compel production of the U.S. Attorney documents.  At
17 the time of the stipulation, DC's motion had been briefed and argued, and the Court
18 stated no intention to deny it.  Docket No. 230-22.  Defendants also knew, if DC
19 prevailed, the process for seeking review before the district court could take weeks or
20 more to complete.  Nothing new or unforeseeable has happened.  Moreover, the
21 potential that witnesses—here, the defendants—might be asked to appear for a
22 second deposition session presents itself in nearly every case.  The Federal Rules and
23 decisional law are fully equipped to resolve such issues, if and when they arise.
24 Defendants are not entitled to special treatment and have established no basis to
25 further delay their depositions.
26     <u>Third, the order defendants seek would prejudice DC.</u>  Although this case was
27 filed over a year ago, DC has yet to take a *single* deposition of defendants—all as a
28 result of defendants' delay.  On June 1, 2011, in response to a brief status report filed

by DC, Judge Wright ordered the parties, starting August 8, to file new opposition and reply briefs on defendants' pending Rule 12 and SLAPP motions, thereby permitting DC to supplement its prior briefing with new discovery relevant to defendants' motions. Docket Nos. 263, 270. It is thus imperative that DC take defendants' depositions without further delay. Although DC offered to briefly postpone these depositions in an effort to avoid this motion, it is now apparent that defendants will not produce the court-ordered U.S. Attorney documents until not only Judge Wright has ruled on their motion for review, but also the Ninth Circuit or even the Supreme Court have ruled on possible writs. Defendants never discuss their appellate intentions in their motion, but as the wording of their proposed order and prior actions reflect, defendants seek to stay the production of documents and taking of depositions well beyond July 11, when their motion to review is set to be heard: "[D]epositions … should be postponed, and are ordered to occur (7) days after *all review of this Court's May 25, 2011 order is exhausted....*" Defs.' Proposed Order (emphasis added). DC cannot wait months more to take these depositions, especially in light of Judge Wright's recent scheduling order.

## III.   DEFENDANTS' CONTENTIONS

### A.   Procedural Background

On September 20, 2010, this Court granted in part Defendants' motion to stay depositions pending the resolution of Defendants' four dispositive motions filed that day, and stayed depositions until November 15, 2010. *See* Docket No. 74. On October 14, 2010, Judge Wright *sua sponte* stayed the entire action (*see* Docket No. 109), a stay that continued until November 16, 2010. Docket No. 117.

After the stays had ended, plaintiff DC Comics ("DC") filed numerous motions to compel in this Court, which were largely denied or withdrawn. *See* Docket Nos. 125, 159, 205-206, 225, 230, 253, 267. On March 7, 2011, Defendants and DC agreed that the depositions of Mark Warren Peary and Laura Siegel Larson would be scheduled for April 13 and April 20, 2011, respectively. Toberoff Decl., Ex. A.

1    Thereafter, on April 4, 2011, DC filed a motion, to be heard on April 25, 2011
2 (Docket No. 205, the "SD Motion"), that sought to compel the production of
3 privileged documents that had been stolen from Mr. Peary's and Ms. Larson's
4 counsel, Toberoff & Associates, delivered to Warner Bros. and thereafter provided by
5 Mr. Toberoff to the United States Attorney's Office ("USAO") in connection with its
6 investigation of the theft, and pursuant to a grand jury subpoena and an agreement by
7 the USAO to hold such documents in strict confidence.  Such stolen documents
8 included numerous privileged communications between Mr. Peary and his counsel
9 and Ms. Larson and her counsel.

10    On April 12, 2011, while the parties were further discussing deposition
11 scheduling, DC's counsel, Matthew Kline, called Defendants' counsel and "informed
12 [them] that [Daniel Petrocelli] wants to move the depositions of Warren Peary by two
13 or three weeks," and that DC's counsel would call to schedule new dates. *Id.*, Ex. B.
14 On April 15, 2011, *at DC's request*, the parties tentatively moved the depositions to
15 May 18 and 20, 2011, anticipating that the SD Motion would be resolved by that
16 time. *Id.*, Ex. C; Toberoff Decl., ¶ 4.  On April 25, 2011, the SD Motion was taken
17 under submission by this Court.  Docket No. 229.

18    On May 11, 2011, as the SD Motion had not yet been resolved, Defendants
19 offered to move forward with the depositions, provided that DC agree "that it will not
20 seek a second deposition of Mr. Peary or Ms. Larson based upon any outcome of
21 [pending] motions."  Toberoff Decl., Ex. D at 2.  On May 24, 2011, the parties
22 instead stipulated to holding Mr. Peary's and Ms. Larson's depositions on June 29
23 and July 1, 2011, respectively, expecting that the SD Motion would be fully resolved
24 by such dates. *See* Docket No. 260; Toberoff Decl., ¶ 6.

25    On May 25, 2011, this Court granted DC's motion in part and held that
26 "Defendants waived the privileges by producing the documents to a third party, the
27 United States, in response to a grand jury subpoena."  Docket No. 262 at 3.
28 However, this Court also expressly noted "the absence of controlling authority from

the Ninth Circuit," and that "the cases [on which DC relied] do not deal with victims of crime." *Id.* at 2. Recognizing the importance of this issue of first impression, this Court judiciously stayed its ruling and invited a motion for review:

> However, the Court stays its ruling to allow Defendants to seek review before the District Judge. If the Defendants seek such review, the stay shall continue in effect until all review is exhausted or the District Judge rules to the contrary on the matter.

*Id.* at 3. Defendants will shortly bring such motion for review. Pursuant to Local Rule 6-1 and given the Monday, July 4, 2011 holiday, the earliest that such a motion for review will be heard is July 11, 2011.

### B. The Court Should Exercise Its Power to Postpone the Depositions to Avoid Unnecessary Motion Practice and Subjecting Mr. Peary and Ms. Larson to Multiple Depositions in This Case

The stolen privileged documents affected by the May 25 Order include numerous privileged communications by Mr. Peary and Ms. Larson, respectively, with their counsel. It is crystal-clear from DC's aggressive posture in this case that, if the May 25 Order is upheld on review, and DC secures these privileged documents *after* it has taken the depositions of Mr. Peary and Ms. Larson on July 29 and July 1, 2011, as currently scheduled (Docket No. 260), it will move to compel a second deposition of the same witnesses based on such documents. Given this Court's production stay "until all review is exhausted" (Docket No. 262 at 4) and the anticipated July 11, 2011 hearing on Defendants' motion for review, the privileged documents will not be produced before the currently-scheduled depositions. To proceed with Ms. Larson's and Mr. Peary's depositions while review is pending unnecessarily risks burdening this Court with further motion practice and subjecting these witnesses to multiple depositions in the same case.

F.R.C.P. 26(c)(2) provides that this court may issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" in discovery. F.R.C.P. 26(d)(2) further provides that the Court may, on motion, order how the sequence of discovery is to be conducted. Thus,

courts have broad discretion over the timing and sequence of discovery. *See, e.g., Crawford-El v. Britton*, 523 U.S. 574, 599 (1998) ("[T]he court may also set the timing and sequence of discovery.") (citing F.R.C.P. 26(d)); *Computer Econs., Inc. v. Gartner Group, Inc.*, 50 F. Supp. 2d 980, 990 (S.D. Cal. 1999) ("Rule 26(d) … empowers the court to control the sequence and timing of discovery."); *In re San Juan Dupont Plaza Hotel Fire Litig.*, 859 F.2d 1007, 1011-12 (1st Cir. 1988) (courts have "broad [] powers designed affirmatively and specifically to allow the judge to control the pretrial phases of complex litigation" and to "meet the idiosyncratic needs of any pending piece of litigation"). Thus, upon a proper showing, courts can enter whatever orders regarding the sequence and timing of discovery that the case requires. *See* Wright & Miller, FEDERAL PRACTICE AND PROCEDURE § 2047 at 594-595 (citing *Kahn v. Eaststates Gas Producing, Co.*, 59 F.R. D. 132 (N.D. Ohio 1973) (requiring interrogatories to be answered prior to commencement of depositions).

The Ninth Circuit has also expressly recognized that "[t]he district court has wide discretion in controlling discovery," and should do so to "further[] the goal of efficiency for the court and litigants." *Little v. Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). As Judge Posner has also noted, the power granted under F.R.C.P. 26(d) to control the sequence and timing of discovery is one of the court's too little used tools for preventing the predatory abuse of discovery, and "judges should not hesitate to exercise appropriate control over the discovery process." *Marrese v. American Academy, Orthopaedic Surgeons*, 706 F.2d 1488, 1495 (7th Cir. 1983) (citing *Herbert v. Lando*, 441 U.S. 153, 177 (1979), *on rehearing*, 726 F.2d 1150 (1984), *rev'd on other grounds*, 470 U.S. 373 (1985).

It is obvious that permitting the depositions to go forward while Defendants' motion for review is pending will lead to further motion practice, in a case in which DC has already filed nine, largely unsuccessful, motions since Defendants' dispositive Rule 12(b)(6) motions and anti-SLAPP motion were first filed in September 2010. *See* Docket Nos. 110, 125, 159, 205-206, 225, 230, 253, 267. In

the interest of "efficiency for the court and litigants" and orderly case management, this Court should order that such depositions be postponed in tandem with the stay under the May 25 Order, until seven (7) days after review of its May 25 Order is completed. *Little*, 863 F.2d at 685.

Both Ms. Larson and Mr. Peary were already deposed (twice, in the case of Ms. Larson) in the closely-related case of *Siegel v. Warner Bros. Entertainment Inc.*, Case No. 04-CV-08400 ODW (RZx). This Court has noted that "[f]rom a realistic standpoint, the present case is so closely related as to be considered properly part of the same case as *Siegel*." Docket No. 209 at 4. Defendants should not be exposed to ***four*** or more depositions (in the case of Ms. Larson) merely because DC insists on taking such depositions before review of the May 25 Order is complete.

The Ninth Circuit has held that "eliminating duplicative discovery" is an important consideration in discovery practice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470 (9th Cir. 1992). Federal Rule of Civil Procedure 30(d)(2) clearly states that "a deposition is limited to one day of seven hours." There is no reason to subject anyone to multiple, redundant depositions, especially with pending dispositive motions and motions to compel, as "repeat depositions are disfavored." *Graebner v. James River Corp.*, 130 F.R.D. 440 (N.D. Cal. 1989). *See also Independence Park Apartments v. U.S.*, 59 Fed.Cl. 765, 769 (Fed. Cl. 2004) (The approach taken by the courts has been "to limit a deposition to seven hours absent a showing of good cause for additional time."); *Melhorn v. New Jersey Transit Rail Operations, Inc.*, 203 F.R.D. 176, 180 (E.D. Pa. 2001) ("Absent some showing of need or good reason for doing so, a deponent should not be required to appear for a second deposition."); *Sentry Ins. v. Shivers*, 164 F.R.D. 255, 256 (D. Kan. 1996) ("Scheduling a second deposition of the same person without a showing of good reason will generally support a finding of annoyance and undue burden or expense.") (citations omitted).

Nor will a postponement of the depositions, "until review [of the May 25 Order] is exhausted or the District Judge rules to the contrary on the matter,"

JOINT STIPULATION RE: DEFENDANTS' MOTION FOR A PROTECTIVE ORDER STAYING CERTAIN DEPOSITIONS PENDING REVIEW OF MAY 25, 2011 ORDER

prejudice DC, as there is no discovery cut-off, nor have any other deadlines yet been set in this case.  Docket No. 262 at 4.

### C. **Defendants' Conclusion**

For the reasons stated above, the depositions of Mark Warren Peary and Laura Siegel Larson should be postponed in tandem with the stay under the May 25 Order, and rescheduled within seven (7) days after review of the May 25 Order is completed.

## IV. DC'S CONTENTIONS

### A. **DC's Counter-Statement of Facts**

Defendants' brief omits critical parts of the history leading to the scheduling of Mr. Peary's and Ms. Larson's depositions on June 29 and July 1.  Though styled as a motion for a protective order, what defendants' motion really seeks is reconsideration of the courts' prior rulings ordering these depositions to proceed:[1]

<u>1. Defendants' September 13, 2010, Motion for a Protective Order.</u>  After refusing to hold a Rule 26 conference for months or otherwise engage in discovery, late last summer defendants filed a motion for a protective order seeking to postpone indefinitely all depositions until after Judge Wright decided defendants' Rule 12 and SLAPP motions.  Docket No. 61.  Citing the risk of "duplicative depositions," the health of witnesses, prior depositions in the *Siegel* action, and the same case law cited now, defendants argued "repeat depositions are disfavored" and they should not be subject to "redundant depositions."  *Id.* at 25:22-26:3.

---

[1] Defendants' claim that DC's discovery motions have been "largely denied or withdrawn," *supra* at 4, is unhelpful to the issue at hand, and their scorecard is wrong in any event.  Two of the cited motions are still pending, Docket Nos. 253, 267; two were granted in part, Docket Nos. 159, 205; one was withdrawn after defendants stipulated to the relief sought, Docket No. 125 (as was Docket No. 254); and one was withdrawn so it could be filed with a related motion, Docket No. 230.  In contrast, all of defendants' motions have been denied in whole, Docket Nos. 42, 220, 234, or in large part, Docket No. 61.

On September 20, 2010, the Court denied defendants' request for an indefinite stay of their depositions. While briefly postponing the depositions by one month, the Court recognized the need "not [to] put off the depositions for too long a time" given "some urgency here." The Court also clarified "there's nothing that prevents [DC] from commencing discovery," Docket No. 110-3 at 59:23-25, 62:25-63:6, and no "limit to the subject matter covered in the depositions." Docket No. 74 at 2. Defendants did *not* seek review of these rulings, and the time for doing so expired some eight months ago. Local Rule 72-2.1; Docket No. 18 at 3.

Defendants' current motion rehashes the same arguments, presents no new law or facts justifying a different ruling, and should be denied again. If anything, recent events have underscored the correctness of the Court's September 20 rulings. Despite their insistence that there was no new discovery to be found in this case, defendants have been forced to produce evidence never before disclosed in *Siegel*, including a May 2003 letter from Michael Siegel to Ms. Larson describing Mr. Toberoff's misrepresentations to the Siegels. Docket Nos. 253 at 1-9; 267-1 at 6-11; 275 at 1-3; 274 at 7-8; *see also* Docket Nos. 181 at 1-2, 9-11; 182 at 17-21 (examples of other factual issues raised in DC's complaint that were not explored in *Siegel*). And as defendants' own cases confirm, the "passage of time" justifies deposing Ms. Larson and Mr. Peary now. *E.g.*, *Graebner v. James River Corp.*, 130 F.R.D. 440, 441 (N.D. Cal. 1989).

2. <u>Defendants' Response to the Court's September 20 Order</u>. This is not the first time defendants have waited until the eve of a deposition to refuse to produce a witness. Despite the Court's September 20 order and DC's efforts to depose the Siegel and Shuster heirs without delay, defendants urged Judge Wright to maintain a blanket stay of discovery when defendants filed their first interlocutory appeal. Docket Nos. 110, 112, 115. On November 16, Judge Wright ordered that, despite defendants' appeal of his order mooting their first SLAPP motion, DC was allowed to take "full discovery" on *both* its state and federal claims—which included "full

and complete discovery of Joanne Siegel, Laura Siegel Larson, Jean Peavy, and Mark Peary." Docket No. 117. Defendants filed an *ex parte* motion challenging this ruling and seeking a stay of discovery and defendants' depositions. Docket No. 119. On November 24, Judge Wright denied this application. Docket No. 124.

Only then did defendants announce on December 2 that Joanne Siegel would not appear for her duly noticed deposition on December 13. This forced DC to move to compel her attendance; in response, defendants agreed to set her deposition in January. Docket Nos. 160 at 9; 162-3. Only after entering this agreement did defendants then reveal they sought to bar her deposition—and all other discovery—by filing a second interlocutory appeal and an emergency writ and stay motion with the Ninth Circuit. Ninth Circuit Case No. 10-73851, Docket No. 6-1; Case No. 10-56980, Docket No. 4-1. The Ninth Circuit denied defendants' writ and stay application and dismissed their two improper appeals. Docket Nos. 139, 144, 155.

DC was set to take Joanne Siegel's deposition in January, but its counsel was summoned for jury duty, and DC asked for a two-week extension. When the new date arrived, defendants said Ms. Siegel was too ill to sit for a deposition, and DC agreed to defer rescheduling her deposition. Decl. of Aaron Hayden Exs. 2-4.

3. <u>Defendants Failed to Appear for Further Depositions</u>. On February 7, DC served amended notices to take the depositions of Ms. Larson and Mr. Peary on March 15 and 21, respectively. Docket No. 254-2 at 8-12. When DC then received word that Joanne Siegel passed away, DC agreed to defendants' request to continue the depositions of Mr. Peary and Ms. Larson to April 13 and April 21, "conditioned on confirmation that both … will appear for their scheduled depositions without any further postponement absent an emergency." Docket No. 254-3 at 13-15.

In early April, defendants again sought to continue the depositions, arguing Mr. Peary and Ms. Larson should not be deposed until DC's then-pending motions to compel documents were decided by this Court. Docket No. 254-4 at 17-18. DC disagreed, but to avoid burdening the Court with another motion, agreed to defer the

depositions to "<u>either</u> (a) the week of May 16-20, 2011; or (b) within one week after Magistrate Zarefsky issues a ruling on DC Comics' Motion To Compel The Production Of Documents And Amended Privilege Logs filed on February 7, 2011…; <u>whichever is earlier</u>." *Id.* at 19.  Defendants rejected DC's proposal and asked to condition the witnesses' appearance on DC's agreement to "waive its right to seek a second deposition" if this Court had not decided the pending motions by then.  *Id.* at 22.  DC refused to make any such waiver, which the Federal Rules do not require.  Instead, DC agreed to postpone the depositions to May 10 and May 12 in order to give this Court additional time to rule.  *Id.* at 24.  Defendants agreed that Mr. Peary's deposition could proceed on May 17 or 18 and Ms. Larson's on May 20.  Docket No. 254-5 at 27-31.

One week before Mr. Peary's May 18 deposition, defendants reneged again.  They asserted that "these depositions need to be postponed" until this Court ruled on DC's *separate* motion seeking the U.S. Attorney documents—unless DC would waive its right to seek additional deposition testimony based on the emergence of those materials.  Docket No. 254-6 at 32-33.  Once again, to avoid an unnecessary motion, DC agreed to consider a brief postponement to give the Court more time to rule, though vigorously protested that defendants had no right to grant themselves unilateral discovery stays by refusing to produce witnesses until DC's motions were decided.  Docket Nos. 254-7 at 34; 254-9 at 38; 254-10 at 40.  Because defendants demanded that DC waive its right to seek any further testimony in the future, no agreement was reached to change the deposition dates.

Nonetheless, and without seeking judicial relief, defendants refused to appear for their depositions on May 18 and 20, and DC took their non-appearances.  On May 23, DC moved *ex parte* for an order compelling their appearance without delay.  Docket Nos. 254, 260.  In response to DC's *ex parte* application, defendants stipulated to the relief DC sought, setting Mr. Peary and Ms. Larson's depositions for June 29 and July 1.  The parties' May 24 stipulation explicitly preserved DC's right

to seek—and defendants' right to contest—additional deposition testimony beyond these first two scheduled days: "[N]o party waives any rights to *seek or oppose additional deposition days* from Mr. Peary or Ms. Larson as provided by the federal rules." Docket No. 260 ¶ 3 (emphases added).  At the time, defendants did not say they intended to file this protective-order motion to stop the depositions required by the stipulation.  Indeed, they served this motion only *after* the Court ordered them to produce the documents they gave to the government, and only *after* Judge Wright's order allowing DC to refile its opposition papers to defendants' SLAPP and Rule 12 motions to address new discovery.  Docket Nos. 263, 270.

    4.  <u>Defendants Challenge the Court's June 2 Deposition Order.</u>  Defendants now say they "expect[ed] that [DC's motion] would be fully resolved" before the first June 29 deposition, *supra* at 5, but that position makes no sense.  At the time of the stipulation, defendants were fully aware that the Court might order production of the documents they gave to the government.  Even had the Court issued its May 25 ruling the same day the parties signed their stipulation—*i.e.*, on May 24—both the rules governing timing for motions for review and the Court's available hearing dates made it clear any motion for review might not be resolved until after Ms. Larson and Mr. Peary were deposed.  *See* C.D. Local Rule 6-1 (motion must be filed at least 28 days before hearing); Docket No. 18 at 3 (motion for review must be filed within 10 days of order).

    **B.**    **Defendants Fail to Carry Their Burden to Justify Further, Indefinite Delay of the Depositions of Mr. Peary and Ms. Larson.**

After DC was forced again to incur the substantial cost of seeking court relief, *defendants stipulated to a court order compelling the very depositions they now seek to stop*.  Docket Nos. 254, 260.  Defendants' motion effectively asks for reconsideration and reversal of the courts' past rulings—including the Court's June 2 Deposition Order—and should be denied out of hand.  As defendants have argued in other circumstances, "[m]otions for reconsideration 'are disfavored and are rarely

granted.'" Docket No. 269 at 2:10-11. As their own citations confirm, such motions are improper when based on arguments defendants *could have and should have* presented before. Docket No. 274 at 3 & n.1 (citing, *e.g.*, *Resolution Trust Corp. v. Aetna Cas. & Sur. Co.*, 873 F. Supp. 1386, 1393 (D. Ariz. 1994)).

Even if this motion is treated as a *new* motion—and not merely a disguised motion for reconsideration—defendants cannot establish "good cause" for a protective order, or "make a clear showing of a *particular and specific need*" for relief. W. SCHWARZER ET AL., FEDERAL CIVIL PROCEDURE BEFORE TRIAL § 11:1071 (Rutter 2011). Defendants contend that Mr. Peary and Ms. Larson's depositions should be postponed based on the *possibility* that DC will seek leave of Court to depose Mr. Peary and Ms. Larson a second time if DC obtains new evidence, including the U.S. Attorney documents that defendants persist in withholding. But defendants' arguments about good cause are not ripe until DC seeks to take these "second" depositions. *ICE Corp.*, 2007 WL 1652056, at *3.

In any event, depositions in federal cases often span more than one day and exceed seven hours. *E.g.*, *S.E.C. v. Schroeder*, 2009 WL 3320417, at *2 (N.D. Cal. Oct. 13, 2009). As the Federal Rules make clear: "*The court <u>must</u> allow additional time… if needed to fairly examine the deponent* or if the deponent, another person, or any other circumstance impedes or delays the examination." FED. R. CIV. P. 30(d)(1) (emphases added).[2] If an "examination reveals that documents have been requested but not produced, that may justify further examination once production has occurred." FED. R. CIV. P. 30 advisory committee note.[3] Moreover, the one-day

---

[2] *Accord* 7 J. MOORE, MOORE'S FEDERAL PRACTICE § 30.45 (2011); 8A C.A. WRIGHT, FEDERAL PRACTICE & PROCEDURE § 2104.1 at 500, § 2037 at 172 (3d ed. 2010) (Rule 30's "good cause" test "obviate[s] many protective-order motions regarding depositions").

[3] *Accord* SCHWARZER, *supra*, § 11:1374 (Rutter 2011); *Brockmeier v. Solano Cnty. Sheriff's Dep't*, 2010 WL 148179, at *3-4 (E.D. Cal. Jan. 12, 2010); *Harris v. New Jersey*, 259 F.R.D. 89, 94-95 (D.N.J. 2007); *Martinez v. Cornell Corr. of Texas, Inc.*, 229 F.R.D. 194, 196-97 (D.N.M. 2005); *Miller v. Fed. Express Corp.*, 186 F.R.D. 376, 389 (W.D. Tenn. 1999).

limitation in Rule 30 is based "on the assumption that ordinarily a single day would be preferable," but "[p]reoccupation with timing is to be avoided." FED. R. CIV. P. 30, advisory committee note.[4]

Neither the Court nor the parties can know now—or until the record further develops—whether and why DC will seek additional time. Defendants themselves have asserted that sitting for a full day of testimony could exacerbate Ms. Larson's health issues, Docket Nos. 86, 87, and this Court instructed that her deposition should take place in 90-minute intervals with unlimited breaks, Docket No. 74 at 1. Thus, Ms. Larson's deposition may well span two days—the same schedule to which the parties agreed to accommodate Ms. Siegel, Hayden Decl. Ex 2 at 3.

### C. Delaying the Depositions Would Prejudice DC and Impede Its Compliance with the District Court's June 1 Order.

Defendants are deliberately vague about the length of the stay they seek—saying nothing about any appellate plans, yet requesting the depositions of Mr. Peary and Ms. Larson be postponed until seven days "after all review of this Court's May 25, 2011 Order is exhausted...." Defs.' Proposed Order. This Court's May 25 order provided: "the Court stays its ruling to allow Defendants to *seek review before the District Judge*." Docket No. 262 at 4:4-7 (emphasis added). However, if their motion for review is unsuccessful, it appears defendants intend to seek a longer stay—so that they may file a writ in the Ninth Circuit, as they did unsuccessfully before.

Even the current temporary stay of the production of documents, let alone a longer one, jeopardizes DC's ability to comply with the District Court's recent scheduling order. On May 26, DC filed a status report with Judge Wright stating: "Depositions are about to commence; DC is taking the depositions of defendants

---

[4] *Accord* WRIGHT, *supra*, § 2104.1, at 499; *Gardias v. Cal. State Univ.*, 2008 U.S. Dist. LEXIS 79336, at *6 (N.D. Cal. Sept. 22, 2008) (deposition "spread over two days"); *Keane v. McMullen*, 2008 U.S. Dist. LEXIS 95121, at *5 (N.D. Cal. Nov. 14, 2008) (same).

1  Mark Warren Peary and Laura Siegel Larson on June 29 and July 1, respectively, and
2  is in the process of setting several other depositions for June and July." Docket No.
3  263 at 1. DC apprised the Court it wished to supplement the factual record on
4  defendants' SLAPP motion, *id.*, consistent with its position in prior filings that
5  defendants' Rule 12 and SLAPP papers turned on contested issues of fact that
6  warrant discovery. *E.g.*, Docket Nos. 181 at 1-3, 7-11, 16-17, 19-24; 182 at 17-21;
7  184 at 12-14; 185 at 6, 12, 14, 16-25; 186 at 5, 9, 13, 19, 23. On June 1, Judge
8  Wright struck the parties' opposition and reply papers on defendants' Rule 12 and
9  SLAPP motions and ordered them to submit new briefs starting on August 8,
10 addressing any new discovery. Docket No. 270.

11       DC must depose Mr. Peary and Ms. Larson in the coming weeks to meet the
12 August 8 deadline. DC offered to defer their depositions by a week or two to allow
13 Judge Wright to hear defendants' motion for review, but again, defendants have
14 demanded more, seeking delay even beyond such time.

15       DC already has been irremediably prejudiced by defendants' delay and failure
16 to produce documents timely. DC lost the chance to depose Joanne Siegel, who was
17 finally set to be deposed in December, *supra* at 11, despite DC's request for her
18 deposition as early as last June. Hayden Decl. Ex 1. Michael Siegel passed away in
19 January 2006, and key documents regarding his communications with family
20 members are now just emerging. *E.g.*, Docket No. 253. It is thus especially critical
21 that DC encounter no further delay in obtaining the testimony of the *only* surviving
22 Siegel heir, Ms. Larson, who herself has indicated health concerns, Docket No. 61 at
23 2. Mr. Peary's testimony is essential, too—both to meet the District Court's
24 schedule, and because it is a predicate for deposing, by written question, his aged and
25 infirm mother. Docket No. 110-3 at 61:17-62:1.

26   **D.**    **Conclusion**
27       Defendants' motion should be denied.
28

| | |
|---|---|
| Dated:  June 13, 2011 | RESPECTFULLY SUBMITTED, |
| | /s/ Marc Toberoff |
| | Marc Toberoff |
| | TOBEROFF & ASSOCIATES, P.C. |
| | Attorneys for Defendants, Mark Warren Peary, as personal representative of the Estate of Joseph Shuster, Jean Adele Peavy, and Laura Siegel Larson, individually and as personal representative of the Estate of Joanne Siegel |
| | /s/ Daniel Petrocelli |
| | Daniel M. Petrocelli |
| | O'MELVENY & MYERS LLP |
| | Attorneys for Plaintiff DC Comics |