**DENIED**
6-13-11

**OTIS D. WRIGHT II**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| DC COMICS,<br>          Plaintiff,<br>vs.<br><br>PACIFIC PICTURES CORPORATION; IP WORLDWIDE, LLC; IPW, LLC; MARC TOBEROFF, an individual; MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER; JEAN ADELE PEAVY, an individual; LAURA SIEGEL LARSON, individually and as personal representative of the ESTATE OF JOANNE SIEGEL,<br>and DOES 1-10, inclusive,<br><br>          Defendants. | Case No: CV 10-03633 ODW (RZx)<br><br>Hon. Otis D. Wright II, U.S.D.J.<br>Hon. Ralph Zarefsky, U.S.M.J.<br><br>[~~PROPOSED~~] ORDER DENYING ~~GRANTING~~ DEFENDANTS' MOTION FOR REVIEW OF MAY 25, 2011 ORDER WAIVING PRIVILEGE ON STOLEN DOCUMENTS PRODUCED TO THE UNITED STATES ATTORNEY'S OFFICE PURSUANT TO A GRAND JURY SUBPOENA AS PART OF A CRIMINAL INVESTIGATION<br><br>Complaint filed: May 14, 2010<br>Trial Date: None Set<br><br>Date: July 11, 2011<br>Time: 1:30 p.m.<br>Place: Courtroom 11 |

[~~PROPOSED~~] ORDER GRANTING MOTION FOR REVIEW

# [~~PROPOSED~~] ORDER

Pursuant to Federal Rule of Civil Procedure 72, this Court reverses Magistrate Judge Zarefsky's May 25, 2011 order insofar as it held that defendants waived privilege on numerous attorney-client communications stolen from their counsel's law firm by producing such documents to the United States Attorney's Office ("USAO") investigating the theft pursuant to a Grand Jury subpoena and a confidentiality agreement. Docket No. 262 at 2-4. The order erred as follows:

[__] The May 25 Order erred because it relied on inapplicable out-of-circuit decisions where the *targets* of criminal investigation were found to have waived privilege when they attempted to use privileged documents as both a sword and a shield, not where, as here, the *victims* of a crime cooperated with the USAO as a mandatory prerequisite for a criminal investigation and the criminal investigation sought to vindicate and protect their privilege. Such cooperation does not waive privilege given the clear distinction between the public interest in prosecuting crime and an alleged criminal's private interest in avoiding prosecution. *See Jobin v. Bank of Boulder (In re M & L Bus. Mach. Co.)*, 161 B.R. 689, 691-92 (D. Colo. 1993); *Schnell v. Schnall*, 550 F. Supp. 650 (S.D.N.Y. 1982).

[__] The May 25 Order erred as the Ninth Circuit has repeatedly refused to adopt a broad waiver doctrine even when those seeking to protect the privilege were parties accused of crimes. *See United States v. Bergonzi*, 403 F.3d 1048, 1050 (9th Cir. 2005); *Bittaker v. Woodford*, 331 F.3d 715, 720 n.5 (9th Cir. 2003). The caselaw on involuntary waiver from other circuits looks at the context of the disclosure to the government and the efforts taken to maintain the material as privileged on a case-by-case basis. *See In re Steinhardt Partners L.P.*, 9 F.3d 230, 236 (2d Cir. 1993). Here, Defendants took reasonable steps to preserve and maintain their privilege, including an express confidentiality/joint interest agreement, and privilege should not be waived.

[__]   The May 25 Order erred because it found that "[w]hile a grand jury subpoena is in fact an order," to preserve privilege Defendants would have had to force the USAO to move to compel the documents. Docket No. 262 at 2-3. Defendants cannot be faulted or found to have waived privilege for not insisting that the USAO, in investigating a crime against Defendants, litigate a motion to compel that would have either prevented disclosure and analysis/investigation of the crime, or mooted it by holding that the documents are subject to disclosure.

[__]   The May 25 Order erred because it held that the production of documents pursuant to a criminal Grand Jury subpoena was a "voluntary action" constituting an "express waiver" of privilege. Docket No. 262 at 2-3. The production of documents pursuant to a Grand Jury subpoena is not voluntary. *See KL Group v. Case, Kay & Lynch*, 829 F.2d 909, 918-919 (9th Cir. 1987). At most, any waiver was limited to the confidential Grand Jury investigation. *Bittaker v. Woodford*, 31 F.3d 715 (9th Cir. 2003)

[__]   The May 25 Order erred because it ignored the fact that the USAO recognized a common interest with Defendants in prosecuting the theft (*see* Adams Decl., Ex. F, ¶ 7), that circuit courts have squarely held that "the disclosing party and the government may share a common interest in developing legal theories and analyzing information" (*In re Steinhardt Partners L.P.*, 9 F.3d 230, 236 (2d Cir. 1993)), and that district courts have often found a joint interest between the government and private parties investigating the same conduct. *Sedlacek v. Morgan Whitney Trading Group, Inc.*, 795 F. Supp. 329, 331 (C.D. Cal. 1992).

Accordingly, for the reasons set forth herein and in Defendants' motion papers, IT IS HEREBY ORDERED that:

1. Defendants' Motion For Review of May 25, 2011 Order Waiving Privilege on Stolen Documents Produced to the United States Attorney's

1  Office Pursuant to a Grand Jury Subpoena as Part of a Criminal
2  Investigation is hereby GRANTED.
3      2.    The May 25, 2011 Order is hereby REVERSED as to Issue No. 8.
4  Docket No. 262 at 2-4. Defendants' production of documents to the
5  United States Attorney's Office pursuant to a grand jury subpoena and a
6  confidentiality/joint interest agreement did not waive privilege.
7
8  IT IS SO ORDERED.       **DENIED**
9
10 Dated: 6-13-11
11                                         Hon. Otis D. Wright II