Marc Toberoff (State Bar No. 188547)
 *mtoberoff@ipwla.com*
Keith G. Adams (State Bar No. 240497)
 *kgadams@ipwla.com*
TOBEROFF & ASSOCIATES, P.C.
2049 Century Park East, Suite 3630
Los Angeles, California, 90067
Telephone: (310) 246-3333
Fax:          (310) 246-3101

Attorneys for Defendants Mark Warren Peary, as personal representative of the Estate of Joseph Shuster, Jean Adele Peavy, and Laura Siegel Larson, individually and as personal representative of the Estate of Joanne Siegel

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| DC COMICS,<br><br>           Plaintiff,<br><br>     vs.<br><br>PACIFIC PICTURES CORPORATION; IP WORLDWIDE, LLC; IPW, LLC; MARC TOBEROFF, an individual; MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER; JEAN ADELE PEAVY, an individual; LAURA SIEGEL LARSON, individually and as personal representative of the ESTATE OF JOANNE SIEGEL, and DOES 1-10, inclusive,<br><br>           Defendants. | Case No: CV 10-03633 ODW (RZx)<br><br>Hon. Otis D. Wright II, U.S.D.J.<br>Hon. Ralph Zarefsky, U.S.M.J.<br><br>**DISCOVERY MATTER**<br><br>**LOCAL RULE 37-2.3 SUPPLEMENTAL BRIEF RE: DEFENDANTS' MOTION FOR A PROTECTIVE ORDER STAYING CERTAIN DEPOSITIONS PENDING REVIEW OF MAY 25, 2011 ORDER**<br><br>Complaint filed: May 14, 2010<br>Trial Date: None Set<br><br>Date:  June 20, 2011<br>Time:  10:00 a.m.<br>Place: Courtroom 540 |

# INTRODUCTION

This Court's May 25, 2011 order and stay regarding the stolen documents ("May 25 Order") expressly contemplated review, and Defendants will shortly file a petition for a writ of mandamus with the Ninth Circuit. A postponement of the depositions pursuant to this Court's inherent power under F.R.C.P. 26(c) and F.R.C.P. 26(d)(2), at least until the Ninth Circuit decides Defendants' *petition* for a writ, will permit the Ninth Circuit to weigh in on this extremely important issue, while Defendants' fundamental rights are preserved, and will not prejudice DC.

### A.  The Relief Defendants Seek Will Not Significantly Prejudice DC

This Court's May 25 Order found a broad waiver as to all privileged documents stolen from Mr. Toberoff's firm that were shown to the U.S. Attorney's Office in connection with its assessment of the theft, pursuant to a grand jury subpoena and a confidentiality agreement. However, in recognition of the grave importance of this issue, "the absence of controlling authority from the Ninth Circuit," and that "the cases [on which DC relied] do not deal [as here] with victims of crime" (Docket No. 262 at 2), the Court expressly contemplated review of its May 25 Order and stayed the order pending all such review:

> However, the Court stays its ruling to allow Defendants to seek review before the District Judge. If the Defendants seek such review, the stay shall continue in effect until all review is exhausted or the District Judge rules to the contrary on the matter.

*Id.* at 3. While the May 25 Order mentioned review before Judge Wright, the stay was expressly not limited to such review. Rather, the order clearly stated that the stay would continue "until all review is exhausted." DC failed to object to or appeal such stay pursuant to Local Rule 72, even though Defendants informed DC that they would seek review of this important matter by a writ of mandamus if necessary. Supplemental Declaration of Marc Toberoff ("Supp. Tob. Decl."), ¶ 4.

Defendants will thus shortly file a petition for a writ of mandamus regarding the May 25 and June 13 Orders, and this critical privilege waiver issue facing *victims*

of crime.  Defendants will ask that the Ninth Circuit accept such a writ on an expedited basis pursuant to Circuit Rule 27-3(B) by mid-to-late July 2011.  There is ample basis for such writ review, as the Ninth Circuit has twice conspicuously declined to rule that disclosure to law enforcement even by the target of investigation constitutes a waiver (*see United States v. Bergonzi*, 403 F.3d 1048, 1050 (9th Cir. 2005); *Bittaker v. Woodford*, 331 F.3d 715, 720 n.5 (9th Cir. 2003)), there is a Circuit split as to whether disclosure to law enforcement even by the target of an investigation waives privilege (compare, *e.g.*, *Diversified Industries, Inc. v. Meredith*, 572 F.2d 596, 611 (8th Cir. 1978) and *In re Steinhardt Partners L.P.*, 9 F.3d 230, 236 (2d Cir. 1993) to *Westinghouse Electric Corporation v. The Republic of the Philippines*, 951 F.2d 1414, 1423-27 (3d Cir. 1991)), and this area of law is in "hopeless confusion."  *Jobin v. Bank of Boulder (In re M & L Bus. Mach. Co.)*, 161 B.R. 689, 696 (D. Colo. 1993).

  Recently, the Ninth Circuit has also emphasized that writ review is appropriate where, as here, the district court found a "blanket waiver of the attorney-client and work product privileges" (*Hernandez v. Tanninen*, 604 F.3d 1095, 1101 (9th Cir. 2010)) or where "discovery orders rais[e] particularly important questions of first impression, especially when called upon to define the scope of an important privilege."  *Perry v. Schwarzenegger*, 591 F.3d 1147, 1157 (9th Cir. 2010).

  Given the importance of this serious issue, this Court's stay of its May 25 Order pending writ review is the only reasonable way to preserve the attorney-client privilege.  Absent such stay, the issue could easily become moot as the stolen documents would be handed to DC, tainting this entire litigation and the closely related *Siegel* actions if the waiver ruling is overturned by the Ninth Circuit.

  As to the related depositions of Ms. Larson and Mr. Peary, Defendants respectfully suggest that the best course is to temporarily stay the depositions pending the Ninth Circuit's decision on whether to accept the petition for a writ, or, in this Court's discretion, if the writ is accepted, for its duration.  If the petition is

denied, all review will be effectively exhausted, Defendants will produce the stolen documents, and the depositions of Mr. Peary and Ms. Larson can proceed on a full record in late July, well before DC's supposed August 8th deadline for its new oppositions.  If the petition is granted, the depositions could go forward without the stolen documents, if DC and this Court deems that advisable.

DC's mischaracterizes the District Court's June 1, 2011 order in trumpeting its August 8th "deadline."  The order was merely triggered by DC's request to submit a supplemental brief in opposition to Defendants' anti-SLAPP motion, and was expressly based on the Court's interest "in maintaining an orderly and fluid calendar," and that "the Court will not entertain supplemental briefs."  *See* Docket No. 270.  Instead, the Court simply allowed the parties to submit new opposition and reply briefs, respectively.  *Id.*

The important rights and issues at stake here regarding the privileged stolen documents and the victims of this crime should trump DC's discovery preferences. A postponement of the depositions until the Ninth Circuit decides Defendants' petition for a writ, or until all review is exhausted, will not prejudice DC as no discovery cut-off has been set in this case.  Moreover, Ms. Larson and Mr. Peary were already thoroughly deposed (twice, in the case of Ms. Larson). They should not be exposed to *four* depositions (in the case of Ms. Larson) because DC insists on "having its cake and eating it too," by taking such depositions prior to the Ninth Circuit having the opportunity to weigh-in on the critical stole documents issue.

**B.    Defendants' Motion for a Protective Order is Consistent With the Parties' May 24 Stipulation**

DC complains that, at the time the parties entered into the May 24 stipulation, defendants "did not say they intended to file this protective-order motion."  Docket No. 278-1 at 13.  This makes no sense.  The instant motion is based solely on the May 25 Order.  Defendants obviously could not have "intended" on May 24 to seek a

protective order based on a May 25 Order.[1]

### C. DC's Opposition Significantly Distorts the Record

DC also completely distorts the record regarding depositions, including that of Joanne Siegel. Docket No. 278-1 at 11-13. On December 15, 2010, the parties agreed to hold Joanne's deposition on January 12, 2011. *See* Supp. Tob. Decl., Ex. A. While DC complains that Defendants filed appeals (Docket No. 278-1 at 11), DC neglects to mention that, despite such appeals, Joanne's deposition was set to proceed as scheduled. On January 6, *DC* asked to move the deposition due to an alleged conflict of Mr. Petrocelli; and the deposition was re-scheduled for February 1, 2011. Docket No. 278-6, Ex. 2. Unfortunately, Joanne Siegel's medical condition sharply deteriorated in the interim, such that she was medically unable to proceed. Docket No. 278-6, Ex. 3. Sadly, she passed away shortly thereafter on February 12, 2011. Still, DC in bad faith complains that "[w]hen the new date arrived, defendants said Ms. Siegel was too ill to sit for a deposition." Docket No. 278-1 at 11.

Once the Court issued its May 25 Order and stay, Defendants immediately advised DC that they would seek to stay the depositions until review was exhausted. Supp. Tob. Decl., Ex. B. To feign reasonableness, DC erroneously claims that "DC offered to defer [Mr. Peary and Ms. Larson's] depositions by a week or two to allow Judge Wright to hear defendants' motion for review" and that Defendants rejected this offer. Docket No. 278-1 at 16. In truth, at approximately 11:00 a.m. on June 1, 2011, DC's counsel inquired "off-the-record," and subject to DC's approval, whether it would make sense to delay Ms. Larson's deposition (but not Mr. Peary's) until after Judge Wright ruled on defendants' motion for review, which did not remedy the problem. Supp. Tob. Decl., ¶ 4. Judge Wright's June 1, 2011 order, that DC makes

---

[1] Moreover, as this motion is based on grounds separate and distinct from defendants' prior motion for a protective order, it cannot possibly be considered a "motion for reconsideration," as DC erroneously argues. Docket No. 278-1 at 9-10. DC further complains that this motion was served only after Judge Wright's June 1 Order (Docket No. 278-1 at 13) despite the fact that Defendants clearly stated their intent to bring this motion on May 30, 2011, *before* Judge Wright's June 1, 2011 order. Supp. Tob. Decl., Ex. B.

1  so much of in its opposition, was not issued until approximately 1:52 p.m., well *after*
2  DC's "off-the-record" proposal, whereupon DC never so much as mentioned it again.
3  *Id.*

Dated: June 15, 2011

RESPECTFULLY SUBMITTED,

/s/ Marc Toberoff

Marc Toberoff
TOBEROFF & ASSOCIATES, P.C.

Attorneys for Defendants
Mark Warren Peary, as personal representative of the Estate of Joseph Shuster, Jean Adele Peavy, and Laura Siegel Larson, individually and as personal representative of the Estate of Joanne Siegel