Marc Toberoff (State Bar No. 188547)
 *mtoberoff@ipwla.com*
Keith G. Adams (State Bar No. 240497)
 *kgadams@ipwla.com*
TOBEROFF & ASSOCIATES, P.C.
2049 Century Park East, Suite 3630
Los Angeles, California, 90067
Telephone: (310) 246-3333
Fax:       (310) 246-3101

Attorneys for Defendants Mark Warren Peary, as personal representative of the Estate of Joseph Shuster, Jean Adele Peavy, and Laura Siegel Larson, individually and as personal representative of the Estate of Joanne Siegel

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| DC COMICS,<br><br>            Plaintiff,<br><br>    vs.<br><br>PACIFIC PICTURES CORPORATION; IP WORLDWIDE, LLC; IPW, LLC; MARC TOBEROFF, an individual; MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER; JEAN ADELE PEAVY, an individual; LAURA SIEGEL LARSON, individually and as personal representative of the ESTATE OF JOANNE SIEGEL, and DOES 1-10, inclusive,<br><br>            Defendants. | Case No: CV 10-03633 ODW (RZx)<br><br>Hon. Otis D. Wright II, U.S.D.J.<br>Hon. Ralph Zarefsky, U.S.M.J.<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF JUNE 1, 2011 ORDER ONLY INSOFAR AS IT STRIKES THE OPPOSITIONS AND REPLIES RE: DEFENDANTS' MOTIONS TO DISMISS**<br><br>Complaint filed: May 14, 2010<br>Trial Date: None Set<br><br>Date:  July 18, 2011<br>Time:  1:30 p.m.<br>Place: Courtroom 11 |

NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF JUNE 1, 2011 ORDER ONLY INSOFAR AS IT STRIKES OPPOSITIONS AND REPLIES RE: DEFENDANTS' MOTIONS TO DISMISS

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on July 18, 2011 at 1:30 p.m., or as soon thereafter as counsel may be heard, in Courtroom 11 of the above-captioned Court, located at 312 N. Spring Street, Los Angeles, California, 90012, defendants Mark Warren Peary, Jean Adele Peavy and Laura Siegel Larson will and hereby do move this Court to reconsider only that portion of its June 1, 2011 order (Docket No. 270; "June 1 Order") that struck the Oppositions and Replies to defendants' long-pending motions to dismiss (Docket Nos. 146-148) duly filed pursuant to F.R.C.P. 12(b)(6). (Defendants do not move for reconsideration of that part of the order striking the Opposition and Replies to the anti-SLAPP motion).

The June 1 Order should be reconsidered insofar as it struck the record Opposition and Replies to defendants' motions to dismiss on the perceived basis that in its "Report Re: Status of Discovery…DC Comics express[ed] its intent to file supplemental Oppositions to several pending motions" including defendants' motions to dismiss. Docket No. 270. However, DC Comics' ("DC") Report solely sought to supplement its Opposition to a single motion – defendants' "pending anti-SLAPP motion" – not the motions to dismiss. Docket No. 263 at 1. The motions to dismiss have been fully briefed since October 2010, and demonstrate that most of DC's claims are barred as a matter of law by, *inter alia*, the statute of limitations and the litigation immunity. *See, e.g.,* Docket No. 146-1 at 18-25, No. 147-1 at 10-11, 16-18.

Per F.R.C.P. 12(b)(6) defendants' motions to dismiss are limited by law to the factual allegations in DC's complaint (accepted as true for purposes of the motion) and matters subject to judicial notice. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Accordingly, any "additional discovery" DC secures is moot and irrelevant to such motions. DC's filing of brand new oppositions to defendants' motions to dismiss which long ago closed is prejudicial to defendants as such filings are tantamount to an unwarranted "second bite at the apple" or "sur-replies" in violation of Local Rule 7-10.

As defendants' motions to dismiss are completely briefed, there is no benefit to the Court from re-briefing of the same issues regarding the same DC complaint, as the applicable law has not changed. Rather than assist the Court, such re-briefing will create more work for the Court and potential confusion because both sides will necessarily refer to the other's arguments in the prior record briefing.

Since DC never intended to file, and there is no basis to file, "supplemental briefs" or new oppositions to Rule 12(b)(6) motions, based on additional discovery, defendants respectfully request that the Court reconsider only that portion of its June 1, 2011 order that struck the record Oppositions and Replies to defendants' motions to dismiss and reinstate such briefs.

This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on June 7, 2011. This motion is based on the attached memorandum of points and authorities, the pleadings and records on file in this action, such additional authority and argument as may be presented in any reply and at the hearing on this motion, and such other matters of which this Court may take judicial notice.

Dated: June 17, 2011          RESPECTFULLY SUBMITTED,

                                             /s/ Marc Toberoff
                                             Marc Toberoff

                                             TOBEROFF & ASSOCIATES, P.C.
Attorneys for Defendants Mark Warren Peary, as personal representative of the Estate of Joseph Shuster, Jean Adele Peavy, and Laura Siegel Larson, individually and as personal representative of the Estate of Joanne Siegel

# INTRODUCTION

The Court's June 1, 2011 Order (Docket No. 270; "June 1 Order") struck all oppositions and replies to defendants' F.R.C.P. 12(b)(6) motions to dismiss (Docket Nos. 146-148) and anti-SLAPP motion (Docket No. 145) on the perceived basis that "DC Comics expresse[d] its intent to file supplemental Oppositions to several pending motions" in a status report filed on May 26, 2011. Docket No. 270. However, DC Comics' ("DC") status report referred solely to supplementing with discovery its opposition to just the anti-SLAPP motion, *not* its oppositions to defendants' longstanding motions to dismiss. Docket No. 263 at 1:11-25. Under Rule 12(b)(6), discovery is irrelevant to a motions to dismiss which is limited to a complaint's factual allegations (accepted as true for purposes of such motion) and matters subject to judicial notice. Permitting DC to submit further briefing on defendants' long closed and fully-briefed motions to dismiss unfairly prejudices defendants by enabling DC to effectively file improper "sur-replies" to defendants' record reply briefs – creating more work for the Court without good reason.

# BACKGROUND

On August 13, 2010, defendants filed three dispositive Rule 12(b)(6) motions to dismiss, as well as an anti-SLAPP motion. Docket Nos. 30-31, 33-34. On September 3, 2010, plaintiff DC filed its First Amended Complaint (Docket No 49), and, in light of the amendment, the Court thereafter vacated defendants' motions. Docket No. 52. On September 20, 2010, defendants filed three Rule 12(b)(6) motions to dismiss, as well as an anti-SLAPP motion, directed at DC's amended complaint, for hearing on October 18, 2010. Docket Nos. 75, 77-78, 80. On October 14, 2011, after those motions were fully briefed, the Court *sua sponte* vacated the motions and stayed the case pending an appeal. Docket No. 109.[1] On January 14, 2011, after the stay was lifted, defendants renewed their three motions to dismiss and anti-SLAPP motion, for hearing on February 14, 2011 (Docket Nos. 145-148), and

---

[1] DC filed a successful motion for reconsideration of that stay. *See* Docket Nos. 110, 117.

1  the parties resubmitted their prior briefing.  Docket Nos. 154, 156.  On February 11,
2  2011, the Court vacated the hearing and took the motions under submission.  Docket
3  No. 169.  On March 9, 2011, the Court directed that the parties re-submit their
4  opposition and reply briefs (Docket No. 179), and in March 2011, the parties
5  resubmitted their briefs.  Docket Nos. 181-186, 191-196, 201-203.

6      In none of the briefing submitted to the Court did DC argue or ask that it be
7  permitted to file "supplemental" briefs in response to defendants' Rule 12(b)(6)
8  motions to dismiss.  DC merely stated that it intended to file a supplemental brief
9  concerning the anti-SLAPP motion.  Docket No. 181 at 2:8-9, 11:10-11.

10     On May 23, 2011, DC expressed its concern that the anti-SLAPP motion
11 "could be decided any day."  Docket No. 253 at 5.  On May 26, 2011, in an obvious
12 attempt to delay that decision, DC unilaterally filed, without leave of Court, a Report
13 Re: Status of Discovery ("Status Report"), to "apprise the Court of the status of
14 discovery relevant to the pending anti-SLAPP motion filed by certain defendants."
15 The Status Report claimed that "DC filed its opposition to defendants' SLAPP
16 motion without the benefit of any discovery" (even though DC has long been in
17 possession of all discovery from the closely related *Siegel v. Warner Bros.*
18 *Entertainment Inc.* actions) and stated DC would seek leave "to supplement its
19 opposition with evidence recently obtained in discovery." Docket No. 263 at 1. DC
20 filed no proposed order, did not ask for any particular relief, and justified its *ex parte*
21 filing on the grounds that it was "appropriate to apprise the Court of matters relevant
22 to the pending anti-SLAPP motion."  *Id.* at 2.  DC made no mention of defendants'
23 pending Rule 12(b)(6) motions to dismiss, nor did it request or express any intent to
24 file any supplemental briefs other than in opposition to the anti-SLAPP motion.

25     On May 31, 2011, defendants objected to DC's *ex parte* "report" as an obvious
26 "attempt[] to delay a ruling on Defendants' anti-SLAPP motion."  Docket No. 268.

27     On June 1, 2001 the Court entered its order, striking "all Oppositions and
28 Replies on record" for both the anti-SLAPP motion and defendants' Rule 12(b)(6)

motions to dismiss, expressly based on its impression that "DC Comics' Report Re: Status of Discovery … expresses its intent to file supplemental Oppositions to *several* pending motions 'with evidence obtained in discovery in approximately 60 days,'" and to avoid such "supplemental briefs." Docket No. 270 (emphasis added),

On June 2, 2011, defendants informed DC that they intended to seek reconsideration on the grounds that DC solely expressed an intent to file a "supplemental opposition" to the anti-SLAPP motion based on discovery, and that, in any event, discovery is irrelevant to the motions to dismiss under F.R.C.P. 12(b)(6). Declaration of Keith Adams, Ex. A. In the meet-and-confer process, DC did not even attempt to argue that its Status Report asked to file supplemental oppositions to the motions to dismiss. *Id.*, Exs. A-E. DC nonetheless refused to remedy this problem, instead seeking to leverage what appeared to be a simple inadvertent mistake.

## ARGUMENT

### I. THE COURT SHOULD RECONSIDER THE JUNE 1 ORDER AS TO DEFENDANTS' MOTIONS TO DISMISS

"A district court has the inherent power to reconsider and modify its interlocutory orders prior to the entry of judgment." *Smith v. Massachusetts*, 543 U.S. 462, 475 (2005). As DC successfully argued in a motion for reconsideration, "Courts may modify their rulings where, as here, the Court ruled on an issue *sua sponte* and the parties did not have an opportunity to present argument on the issue or to address a ruling's collateral impact." Docket No. 110 at 4 (citing *U.S. Philips Corp. v. Int'l Norcent Tech., Inc.*, 2007 WL 4984151, at *1 (C.D. Cal. Oct. 23, 2007); Local Rule 7-18. As DC also argued, "[t]he Court may modify its *sua sponte* order without a showing that its discretion was abused." Docket No. 115 at 2 (citing *Smith*, 543 U.S. at 475; *Sanborn v. Asbestos Corp., Ltd.*, 2009 WL 282020, at *1-2 (N.D. Cal. Feb. 5, 2009). A motion for reconsideration is particularly appropriate to correct "a clerical mistake or a mistake arising from oversight or omission." F.R.C.P. 60(a) (a court may correct such a mistake "whenever one is found in a judgment, order, or

other part of the record," and "may do so on motion or on its own, with or without notice"); *Servants of the Paraclete v. Doe*, 204 F.3d 1005, 1012 (10th Cir. 2000) ("Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts [or] a party's position….").

Good cause exists for this Court to reconsider the portion of its June 1 Order that struck the oppositions and replies to defendants' motions to dismiss.

### A. There Appears to Have Been a Simple Mistake

To avoid "supplemental briefs," the June 1 Order expressly struck the parties' briefing on defendants' motions to dismiss and anti-SLAPP motion based on the misimpression that "DC Comics' Report Re: Status of Discovery… express[ed] its intent to file supplemental Oppositions to several pending motions," including defendants' Rule 12(b)(6) motions to dismiss. Docket No. 270. However, DC solely sought in its Status Report to supplement its opposition to defendants' "pending anti-SLAPP motion" only. Docket No. 263 at 1. This appears to be a matter of a simple inadvertent mistake that should be corrected.

### B. DC's Discovery Is Not Relevant to Defendants' Rule 12(b)(6) Motions Which Are Confined to the Face of DC's Complaint

Pursuant to F.R.C.P. 12(b)(6), defendants' motions to dismiss by definition address only the factual allegations in DC's complaint (which for purposes of such motions are accepted as true) or facts that are "properly subject to judicial notice," and matters to be decided *as a matter of law*. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Thus, any additional "discovery" DC secures "in approximately 60 days" or otherwise is moot and irrelevant to such motions as a matter of law. The Court should reconsider the striking of the briefs on defendants' Rule 12(b)(6) motions, as there is no good reason for the parties to submit new briefing. As defendants' motions to dismiss are completely briefed, there is no benefit to the Court from re-briefing of the same issues regarding the same complaint, as the applicable law has not changed. It also unnecessarily delays resolution of

these dispositive motions duly filed nine months ago.

### C.     Permitting DC to File New Oppositions Prejudices Defendants

Permitting DC to file brand new oppositions to defendants' motions to dismiss for which briefing long ago closed prejudices defendants because such filings by DC are tantamount to an unwarranted "second bite at the apple" or "sur-reply" to defendants' record replies (Docket Nos. 191-192, 195) in violation of Local Rule 7-10's prohibition of "fil[ing] a response to the reply."  Such re-briefing also requires defendants to incur significant attorney time and expense, in addition to that spent on their original briefing, without tangible benefit to the Court.

Since DC never intended to file, and there is no basis to file, "supplemental briefs" or new oppositions to Rule 12(b)(6) motions, based on discovery, defendants respectfully request that the Court reconsider that portion of its June 1, 2011 order that struck the oppositions and replies to defendants' motions to dismiss on this basis. Re-briefing of the motions to dismiss will not assist the Court, and will, in fact, create more work for the Court and potential confusion because both sides will necessarily refer to the other's arguments in their prior record briefing.

### **CONCLUSION**

For the foregoing reasons, the June 1, 2011 Order, insofar as it struck and directed the parties to file new Oppositions and Replies to defendants' motions to dismiss (Docket No. 146-148) should be reconsidered, and the record Opposition and Replies (Docket Nos. 183-186, 191-192, 194-195) should be reinstated.

Dated: June 17, 2011         RESPECTFULLY SUBMITTED,

/s/ Marc Toberoff
---
Marc Toberoff

TOBEROFF & ASSOCIATES, P.C.
Attorneys for Defendants Mark Warren Peary, as personal representative of the Estate of Joseph Shuster, Jean Adele Peavy, and Laura Siegel Larson, individually and as personal representative of the Estate of Joanne Siegel

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MOTION FOR RECONSIDERATION OF JUNE 1, 2011 ORDER ONLY INSOFAR AS IT STRIKES
OPPOSITIONS AND REPLIES RE: DEFENDANTS' MOTIONS TO DISMISS