Marc Toberoff (State Bar No. 188547)
 *mtoberoff@ipwla.com*
Keith G. Adams (State Bar No. 240497)
 *kgadams@ipwla.com*
TOBEROFF & ASSOCIATES, P.C.
2049 Century Park East, Suite 3630
Los Angeles, California, 90067
Telephone:  (310) 246-3333
Fax:          (310) 246-3101

Attorneys for Defendants Mark Warren Peary, as personal representative of the Estate of Joseph Shuster, Jean Adele Peavy, and Laura Siegel Larson, individually and as personal representative of the Estate of Joanne Siegel

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| DC COMICS,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>PACIFIC PICTURES CORPORATION; IP WORLDWIDE, LLC; IPW, LLC; MARC TOBEROFF, an individual; MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER; JEAN ADELE PEAVY, an individual; LAURA SIEGEL LARSON, individually and as personal representative of the ESTATE OF JOANNE SIEGEL, and DOES 1-10, inclusive,<br>　　　　Defendants. | Case No: CV 10-03633 ODW (RZx)<br><br>Hon. Otis D. Wright II, U.S.D.J.<br>Hon. Ralph Zarefsky, U.S.M.J.<br><br>**DECLARATION OF KEITH G. ADAMS IN SUPPORT OF DEFENDANTS' MOTION FOR RECONSIDERATION OF JUNE 1, 2011 ORDER STRIKING OPPOSITIONS AND REPLIES TO MOTIONS TO DISMISS**<br><br>Complaint filed: May 14, 2010<br>Trial Date: None Set<br><br>Date:　July 18, 2011<br>Time:　10:00 a.m.<br>Place:　Courtroom 540 |

# DECLARATION OF KEITH ADAMS

I, Keith Adams, declare as follows:

1. I am an attorney at Toberoff & Associates, P.C., and counsel of record for defendants Mark Warren Peary, as personal representative of the Estate of Joseph Shuster, Jean Adele Peavy, and Laura Siegel Larson, individually and as personal representative of the Estate of Joanne Siegel. I am a member in good standing of the State Bar of California and submit this declaration in support of Defendants' Motion For Reconsideration of June 1, 2011 Order Only Insofar As It Strikes the Oppositions and Replies Re: Defendants' Motions to Dismiss. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would testify competently to such facts under oath.

2. Attached hereto as "Exhibit A" is a true and correct copy of a June 2, 2011 letter from defendants' counsel Marc Toberoff to DC Comics' counsel Mr. Petrocelli.

3. Attached hereto as "Exhibit B" is a true and correct copy of a June 7, 2011 e-mail from DC Comics' counsel Matthew Kline to Mr. Toberoff.

4. Attached hereto as "Exhibit C" is a true and correct copy of a June 9, 2011 letter from Mr. Toberoff to Mr. Kline.

5. Attached hereto as "Exhibit D" is a true and correct copy of a June 10, 2011 letter from Mr. Kline to Mr. Toberoff.

6. Attached hereto as "Exhibit E" is a true and correct copy of a June 10, 2011 letter from Mr. Toberoff to Mr. Kline.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed on June 17, 2011, in Los Angeles, California.

_____
Keith G. Adams

# EXHIBIT A

# TOBEROFF & ASSOCIATES, P.C.

A PROFESSIONAL CORPORATION

2049 CENTURY PARK EAST, SUITE 3630
LOS ANGELES, CALIFORNIA 90067

MARC TOBEROFF*
NICHOLAS C. WILLIAMSON
KEITH G. ADAMS
JEFFREY R. RHOADS

TELEPHONE
(310) 246-3333

FACSIMILE
(310) 246-3101

* Also admitted in New York

mtoberoff@ipwla.com

June 2, 2011

Via E-Mail

Dan Petrocelli, Esq.
O'Melveny and Myers LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067

Re:   *DC Comics v. Pacific Pictures Corp., et al.*, Case No. 10-CV-03633 ODW (RZx)

Dear Dan:

We write to request a Local Rule 7-3 meet and confer with you on June 2, 3, 6, 7 or 8, 2011. We intend to move the Court to reconsider its June 1, 2011 order striking all opposition and reply briefs filed with respect to defendants' motions to dismiss (Docket Nos. 146-148) based on the request in DC's May 26, 2011 "Status Report" to file a supplemental brief. The motion will be based on the fact that DC's Status Report did not "express an intent to file supplemental Oppositions to several pending motions 'with evidence obtained in discovery,'" but that it solely intended to file a supplemental brief as to defendants' anti-SLAPP motion (Docket No. 145), and that, in any event, defendants' Rule 12(b)(6) motions, by definition, solely address the pleadings, not factual issues or the evidence.

As part of this motion, and pursuant to 28 U.S.C. § 636(b)(1)(B), F.R.C.P. 72(b) and Local Rule 72-3, we further intend to request that defendants' dispositive motions (Docket Nos. 145-148) be referred to Magistrate Judge Zarefsky, for a report and recommendation, as Magistrate Judge Zarefsky has been closely involved in this matter since the filing of the related *Siegel* actions in 2004 and is immersed in the discovery matters that DC argues are related to defendants' anti-SLAPP motion. *See United States v. Raddatz*, 447 U.S. 667, 673-674 (1980).

Nothing in this letter should be construed as a waiver or limitation of any of defendants' rights or remedies, all of which are reserved.

Very truly yours,

*[signature]*

Marc Toberoff

cc:   Richard Kendall

**03**

# EXHIBIT B



| **Meet and Confer of June 7, 2011** | Tuesday, June 7, 2011 6:07 PM |
|---|---|
| **From:** "Kline, Matthew" <MKline@OMM.com> | |
| **To:** "Marc Toberoff" <mtoberoff@ipwla.com>, "Keith Adams" <kgadams@ipwla.com> | |
| **Cc:** "Petrocelli, Daniel" <DPetrocelli@OMM.com>, "Seto, Cassandra" <cseto@OMM.com>, "Richard Kendall" <rkendall@kbkfirm.com> | |

Marc,

I write to follow up on our meet-and-confer discussion this afternoon regarding your motion for reconsideration of Judge Wright's June 1, 2011, order.

As we understand it, your motion for reconsideration will: (1) challenge Judge Wright's ruling directing the parties, starting August 8, to file new opposition and reply briefs on defendants' motions to dismiss and anti-SLAPP motion; and (2) ask Judge Wright, instead, to refer defendants' Rule 12 and SLAPP motions, as currently briefed, to Magistrate Zarefsky for a report and recommendation. Your proposal is, as we understand it, for the parties to reserve "all rights" to object to Judge Wright regarding Magistrate Zarefsky's report and recommendation--if for example, he rules against defendants on their motions.

We've conferred with our client, and DC is opposed to your motion to reconsideration for a number of reasons. Among them: it is within the province of Judge Wright to decide defendants' dispositive motions, and if the Court thought otherwise, it would have sought the parties' views on a reference. Moreover, the procedure you've proposed will create double the work--with two very busy judges having to address these issues seriatim.

In addition, given defendants' approach to discovery, we are nowhere near to where we need to be in the case for any court ever to grant defendants' SLAPP motions or Rule 12 motions, especially as defendants have presented and argued them. You asked on our call whether DC sought discovery in aid of its opposition papers on defendants' Rule 12 motions, in addition to the SLAPP briefing. DC has clearly made such requests, despite your suggestion to the contrary. *See, e.g.*, Docket Nos. 184 at 14 ("This conclusory assertion does not suffice to trigger the privilege; and as the California courts have made clear, such assertions present an 'issue of fact' that may not be resolved without discovery on the pleadings."); 185 at 17 ("Setting this aside, the status and current effect of the Pacific Pictures agreements, the IP Worldwide agreement, and defendants' other consent agreements are all factual questions that cannot be resolved without discovery on a Rule 12 motion."); 186 at 5 ("This argument is not remotely amenable to a Rule 12 motion—it turns on contested fact issues, including contractual intent that cannot be resolved without discovery and the presentation of evidence."); 44-1 at 3 ("the Federal Rules authorize discovery to proceed during the pendency of Rule 12 motions; and the discovery-stay provision in California's SLAPP statute have *no* application to DC Comics' federal claims and, in fact, *entitle* DC Comics to expedited discovery regarding its state claims since the defendants' SLAPP motion challenged their *factual* sufficiency"); 61 at 43 ("resolution of DC Comics' third [federal] claim for relief will require factual development and consideration of fact-bound issues"); 61 at 36 ("These claims may not

**05**

be decided at the pleading stage, they require discovery to commence immediately, and defendants' Rule 12 motions are no justification for an order precluding discovery."); *id.* at 38 ("When Rule 12 motions implicate factual questions, staying discovery pending resolution of such motions is particularly unwarranted."); *id.* ("For this reason alone, defendants cannot carry their 'heavy burden of making a "strong showing" why discovery should be denied,' or why this is the extraordinary case in which all of the Federal Rules governing discovery should be suspended while defendants litigate their Rule 12 motions."). And DC has also made it clear that defendants' Rule 12 and SLAPP motions implicate overlapping factual questions about which discovery can and is still being taken. *E.g.*, *id.* Absent a summary denial of defendants' motions--which DC has advocated--the schedule and procedure that Judge Wright has established makes sense--that is, assuming defendants comply with their discovery obligations and do not cause even further delay.

In short, we hope you will not expend more of the parties' and courts' time and effort on this motion for reconsideration. If you do file such a motion, please include this correspondence.

You also asked whether DC would waive the requirement under Local Rule 7-3 that defendants wait 10 days after our meet-and-confer today to file your motion, so that you could file it Monday, June 13, 2011 and set it for hearing on July 11, 2011. DC declines this request, and as you know, you have not waived this requirement in the past either.

Finally, please confirm what time you are available to meet and confer on DC's requests for production on Monday, June 13. We propose 11am PDT.

Thanks,

Matt
*****************************************

**Matthew T. Kline**
O'Melveny & Myers LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067
Phone: (310) 246-6840
Fax: (310) 246-6779
mkline@omm.com
www.omm.com

*This message and any attached documents contain information from the law firm of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*
Please consider the environment before printing this email

**06**

# EXHIBIT C

# TOBEROFF & ASSOCIATES, P.C.

A PROFESSIONAL CORPORATION

2049 CENTURY PARK EAST, SUITE 3630
LOS ANGELES, CALIFORNIA 90067

MARC TOBEROFF*
NICHOLAS C. WILLIAMSON
KEITH G. ADAMS
JEFFREY R. RHOADS

TELEPHONE
(310) 246-3333

FACSIMILE
(310) 246-3101

* Also admitted in New York

mtoberoff@ipwla.com

June 9, 2011

<u>Via E-Mail</u>

Matthew Kline
O'Melveny and Myers LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067

Re:   <u>DC Comics v. Pacific Pictures Corp., et al., Case No. 10-CV-03633 ODW (RZx)</u>

Matt:

I write in response to your June 7, 2011 e-mail and to follow-up on the parties' June 7, 2011 meet-and-confer on defendants' contemplated motions for reconsideration and a reference to Magistrate Judge Zarefsky for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), F.R.C.P. 72(b) and Local Rule 72-3.

As in most of your communications in this case, you mischaracterize defendants' positions and the record.

The Court's June 1, 2011 Order is clearly based on its impression that "DC Comics' Report Re: Status of Discovery … expresses its intent to file supplemental Oppositions to several pending motions…." (emphasis added).  As you are well aware, and admitted in our June 7 meet and confer, DC Comics' "Report" solely asked to file supplemental briefing as to "defendants' SLAPP motion," and made no mention whatsoever of defendants' motions to dismiss or other motions.  Docket No. 263 at 1-2.  This was for good reason, as a motion to dismiss, by definition, addresses only the face of the complaint, and matters that can be decided as a matter of law.

Your extensive quotations do not alter DC Comics "Report," which speaks for itself, and support, rather than contradict, that DC has *never* asked for leave to file supplemental briefing regarding defendants' motions to dismiss.  The arguments you quote merely advocate denial of the motions to dismiss, not further discovery.

It is for the Court to decide the motions to dismiss as a matter of law.  Briefing on such motions long ago closed. Re-briefing by DC amounts to sur-replies and sur-sur-replies on the straightforward motions to dismiss to which neither party is entitled.

**08**

**TOBEROFF & ASSOCIATES, P.C.**

June 9, 2011
Re:   *DC Comics v. Pacific Pictures Corp.*
Page:   2 of 2

Accordingly, defendants are merely asking the Court to reconsider its striking of the oppositions and replies to the motions to dismiss, relief that DC never asked for and is certainly not entitled to. DC itself filed a successful motion for reconsideration in similar circumstances. Docket No. 110, 117.

Separate and apart from that relief, we will ask the Court to refer defendants' dispositive motions (Docket Nos. 145-148) to Magistrate Judge Zarefsky for a report and recommendation.

Your e-mail makes it clear why such a reference is advisable. You state that Judge Wright's new schedule only "makes sense" if, in DC's view, "defendants comply with their discovery obligations and do not cause even further delay." Given DC's overzealous discovery motions in this case, the bulk of which have been *denied*, it is obvious that even after DC submits new oppositions to defendants' motions on August 9, 2011, DC will still argue that it requires even more discovery.

As Magistrate Judge Zarefsky has been closely involved in the Superman cases since the filing of the closely related *Siegel* action in 2004 and is immersed in the discovery matters that DC argues are related to defendants' anti-SLAPP motion (and now, dubiously, to defendants' motions to dismiss), Magistrate Zarefsky is in the best position to evaluate any such arguments.

Judge Wright, of course, will appropriately maintain final say on all such dispositive motions while benefitting from Magistrate Zarefsky's report and recommendation. Such a reference makes perfect sense, will help alleviate Judge Wright's busy calendar and certainly will not create "double the work" as stated by you to derail such reference. Briefing on objections to a 28 U.S.C. § 636 report and recommendation is limited by nature.

Moreover, you misstate and exaggerate our statement that the parties would "reserve all rights," which simply contemplates that the parties could object to any report and recommendation to the extent necessary to *preserve* issues for appellate review. *See Jones v. Wood*, 207 F.3d 557, 562 (9th Cir. 2000); *Marin-Torres v. Washington*, 196 Fed. Appx. 564, 565 (9th Cir. 2006).

Nothing in this letter should be construed as a waiver or limitation of any of defendants' rights or remedies, all of which are reserved.

Very truly yours,

Marc Toberoff

# EXHIBIT D

# O'MELVENY & MYERS LLP

| | | |
|---|---|---|
| BEIJING | 1999 Avenue of the Stars, 7th Floor | SAN FRANCISCO |
| BRUSSELS | Los Angeles, California  90067-6035 | SHANGHAI |
| HONG KONG | | SILICON VALLEY |
| LONDON | TELEPHONE  (310) 553-6700 | SINGAPORE |
| LOS ANGELES | FACSIMILE  (310) 246-6779 | TOKYO |
| NEWPORT BEACH | www.omm.com | WASHINGTON, D.C. |
| NEW YORK | | |

June 10, 2011

OUR FILE NUMBER
905900-321

**VIA E-MAIL**

WRITER'S DIRECT DIAL
(310) 246-6840

Marc Toberoff
Toberoff & Associates, P.C.
2049 Century Park East, Suite 3630
Los Angeles, California 90067

WRITER'S E-MAIL ADDRESS
mkline@omm.com

Re:    *DC Comics v. Pacific Pictures Corp.* **(Case No. CV-10-3633 (ODW) (RZx)**

Dear Marc,

     I write in response to your letter of last night.  You are incorrect in stating that I "admitted in our June 7 meet and confer" that DC Comics "solely asked to file supplemental briefing as to 'defendants' SLAPP motion.'"  There were two other attorneys from my office on that meet-and-confer call and both can attest that I said no such thing.  I see no point in belaboring this further other than to say, once again, that your conduct on our calls and in trying to create a misleading and inaccurate record through self-serving letters is wholly unnecessary and inappropriate.

     To reiterate, we disagree with your motion for reconsideration and for a reference and will oppose it.

                                                Very truly yours,

                                               Matthew T. Kline
                                               of O'MELVENY & MYERS LLP

cc:    Daniel M. Petrocelli, Esq.

# EXHIBIT E

# TOBEROFF & ASSOCIATES, P.C.

A PROFESSIONAL CORPORATION

2049 CENTURY PARK EAST, SUITE 3630
LOS ANGELES, CALIFORNIA 90067

MARC TOBEROFF*
NICHOLAS C. WILLIAMSON
KEITH G. ADAMS
JEFFREY R. RHOADS

TELEPHONE
(310) 246-3333

FACSIMILE
(310) 246-3101

mtoberoff@ipwla.com

* Also admitted in New York

June 10, 2011

Via E-Mail

Matthew Kline
O'Melveny and Myers LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067

Re:   *DC Comics v. Pacific Pictures Corp., et al.*, Case No. 10-CV-03633 ODW (RZx)

Dear Matt:

I write in response to your letter of today's date.

Fortunately, we need not rely on your verbal admissions or "witnesses" as DC Comics' Report Re: Status of Discovery, presumably drafted by your firm, speaks for itself. Therein DC *solely* asked to file supplemental briefing as to defendants' anti-SLAPP motion, *not* defendants' three dispositive motions to dismiss.

Rather than correct this simple misunderstanding with the Court, you and DC are obviously now trying to leverage it by back-peddling, causing further motion practice.

Your other statements which seek to muddy this simple issue do not merit further discussion.

Very truly yours,

Marc Toberoff

13