DANIEL M. PETROCELLI (S.B. #097802)
  dpetrocelli@omm.com
MATTHEW T. KLINE (S.B. #211640)
  mkline@omm.com
CASSANDRA L. SETO (S.B. #246608)
  cseto@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA  90067-6035
Telephone:  (310) 553-6700
Facsimile:  (310) 246-6779

PATRICK T. PERKINS (admitted *pro hac vice*)
  pperkins@ptplaw.com
PERKINS LAW OFFICE, P.C.
1711 Route 9D
Cold Spring, NY 10516
Telephone:  (845) 265-2820
Facsimile:  (845) 265-2819

Attorneys for Plaintiff DC Comics

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DC COMICS,<br><br>  Plaintiff,<br><br>  v.<br><br>PACIFIC PICTURES CORPORATION, IP WORLDWIDE, LLC, IPW, LLC, MARC TOBEROFF, an individual, MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER, JEAN ADELE PEAVY, an individual, JOANNE SIEGEL, an individual, LAURA SIEGEL LARSON, an individual, and DOES 1-10, inclusive,<br><br>  Defendants. | Case No. CV 10-3633 ODW (RZx)<br><br>**DISCOVERY MATTER**<br><br>**DC COMICS' *EX PARTE* APPLICATION TO CLARIFY COURT'S MAY 25, 2011, ORDER**<br><br>DECLARATION OF CASSANDRA SETO AND [PROPOSED] ORDER FILED CONCURRENTLY HEREWITH<br><br>**Judge**:        Hon. Otis D. Wright II<br>**Magistrate**: Hon. Ralph Zarefsky<br><br>**Complaint Filed**: May 14, 2010 |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that plaintiff DC Comics applies *ex parte* for an order clarifying that the temporary stay imposed by this Court's May 25, 2011, order directing defendants to produce the U.S. Attorney documents (Docket No. 262) expired on June 13, 2011, when the District Court summarily denied defendants' motion for review of the May 25 order (Docket No. 279).

This *ex parte* application is made pursuant to Local Rule 7-19 and this Court's instruction to counsel during the June 20, 2011, hearing on defendants' protective-order motion that it would not clarify the duration of the temporary stay informally. *Ex parte* relief is warranted because the requested relief will be effectively moot if DC is required to follow the motion procedure set forth in Local Rule 7. The earliest date a noticed motion for clarification could be heard is August 8. However, that is the same day DC must file new oppositions to defendants' Rule 12 and SLAPP motions to incorporate the discovery DC has obtained in this case, and that date comes too late to allow for DC's use of the U.S. Attorney documents in its opposition filings as well as in depositions set to commence next week.

DC informed defendants of the date and substance of this *ex parte* application on June 21, 2011, and sent defendants a copy of the application on June 22, 2011. Declaration of Cassandra Seto ("Seto Decl.") ¶ 2, Exs. A-B, D, F. Defendants responded that they would oppose this application. *Id.* Exs. C, E.

This *ex parte* application is made pursuant to Local Rule 7-19 and is based on this application, the attached memorandum of points and authorities, the concurrently filed declaration of Cassandra Seto, such further showing or evidence that DC may present at any hearing on this *ex parte* application, and any other matters properly before this Court.

1

Dated: June 22, 2011        Respectfully Submitted,

O'MELVENY & MYERS LLP

By: /s/ Daniel M. Petrocelli
    Daniel M. Petrocelli
    Attorneys for Plaintiff DC Comics

- 2 -

DC'S *EX PARTE* APP. FOR
CLARIFICATION OF MAY 25 ORDER

## MEMORANDUM OF POINTS & AUTHORITIES

DC Comics submits this *ex parte* application to clarify the duration of the temporary stay imposed by this Court's May 25, 2011, order directing defendants to produce the U.S. Attorney documents. Docket No. 262. Although both counsel for defendants and DC requested such clarification during the June 20, 2011, hearing on defendants' protective-order motion, the Court indicated that it would not address the matter informally. Therefore, DC hereby makes formal application for an order clarifying that the stay imposed by this Court's May 25 order expired by its own terms on June 13, 2011, when the District Court summarily denied defendants' motion for review of the May 25 order. DC seeks such an order *ex parte* because it is being severely prejudiced by defendants' unjustified refusal to produce key documents they were compelled to produce by this Court's May 25 order and because the requested relief will be effectively moot if DC is required to follow the motion procedure set forth in Local Rule 7. The earliest date a noticed motion for clarification could be heard is August 8. However, that is the very same day DC must file new oppositions to defendants' Rule 12 and SLAPP motions to incorporate the discovery DC has obtained in this case, including information in the U.S. Attorney documents that DC believes will be relevant to its claims. Thus, the next available hearing date comes too late to allow for DC's use of the U.S. Attorney documents were this Court to clarify that the stay is no longer in effect.

In its May 25 order compelling defendants to produce the U.S. Attorney documents, "the Court stay[ed] its ruling to allow Defendants to *seek review before the District Judge*. If the defendants seek *such review*, the *stay shall continue in effect until all review is exhausted* or the District Judge rules to the contrary on the matter." Docket No. 262 at 4:4-7 (emphasis added). On June 7, defendants filed a motion for review before the District Judge. Docket No. 276. Their motion did not include a request for a stay in the event their motion was denied. On June 13, the District Judge denied defendants' motion. Docket No. 279. No application for

reconsideration or for a further stay was made by defendants.  Review by the District Court having been exhausted, this Court's May 25 stay order expired by its own terms.

Nonetheless, defendants refused to produce the U.S. Attorney documents pursuant to the order.  Instead, defendants asserted that the stay imposed by the order allows them to withhold the documents until they exhaust any and all appellate review they might seek, including by writ or direct appeal, whether in the Ninth Circuit, United States Supreme Court, or on remand back to the Ninth Circuit or the District Court, no matter how long the process entails.  They take this position by parsing out and misreading the words "until all review is exhausted" in the second sentence of the Court's stay ruling to mean review not just by the District Court, but by appellate courts as well.  This interpretation of the Court's order is untenable.  If taken to its logical conclusion, it would extend the stay indefinitely, as the matter could remain subject to "review" until the conclusion of the case.  Moreover, it disregards and reads out of existence the rest of the language in the Court's stay ruling, including (1) the explicit words "review before the District Judge" contained in the first sentence of the ruling and (2) a second reference to "such review" at the start of the second sentence, the antecedent of which is plainly review by the District Court.  In short, the stay language of the May 25 order unmistakably is confined to review by the District Court, and there is nothing in the order, or in the transcript of the April 25 hearing that led to the order, to suggest the Court contemplated any other stay, let alone one of indefinite duration, especially given that the stay was imposed *sua sponte* without notice to DC.

Furthermore, defendants' reading of the Court's stay order would operate to severely prejudice DC.  In its June 1 order, the District Court set August 8 as the deadline for the submission of new opposition and reply briefs regarding defendants' pending Rule 12 and SLAPP motions.  Docket No. 270.  As permitted

1  by the District Court's order, DC intends to supplement its prior opposition filings
2  with the results of discovery taken in the case relevant to defeating defendants'
3  motions, including the U.S. Attorney documents.  DC requires the documents to
4  conduct a full examination of defendants Mark Peary and Laura Siegel Larson,
5  whose depositions are scheduled for next week.  The documents also are relevant to
6  other key depositions scheduled in July.  Under defendants' view of the Court's
7  stay order, they can withhold these documents indefinitely and deprive DC of any
8  ability to use the documents in their new opposition filings due August 8, in the
9  upcoming depositions, and otherwise for much—if not all—of this case.  Although
10 defendants have stated their intention to file a petition for a writ of mandamus in the
11 Ninth Circuit, as of now, they have neither filed such a petition nor applied to the
12 Ninth Circuit for an emergency stay.  In contrast, when last year the district court
13 ordered that discovery may proceed in the case, defendants applied for a stay in the
14 Ninth Circuit in conjunction with their emergency writ application to overturn the
15 order permitting discovery, both of which were denied.  Seto Decl. Exs. G-I.
16     Finally, defendants' position that this Court imposed a stay pending
17 exhaustion of all appellate review is not consistent with the law.  As the Supreme
18 Court made clear in *Mohawk Indus., Inc. v. Carpenter*, 130 S. Ct. 599, 606-07
19 (2009), "[a]ppellate courts can remedy [alleged] improper disclosure of privileged
20 material in the same way they remedy a host of other erroneous evidentiary
21 rulings:  by vacating an adverse judgment and remanding for a new trial in which
22 the protected material and its fruits are excluded from evidence."  Interlocutory
23 appeals of such rulings are barred, *see id.*, and writ petitions in such circumstances
24 are proper only "when a disclosure order 'amount[s] to a judicial usurpation of
25 power or a clear abuse of discretion,' or otherwise works a manifest injustice," *id*.
26 at 607-09.  This Court's May 25 ruling—by definition—cannot be characterized as
27 a "clear abuse of discretion," given that it followed the clear majority of circuit
28 courts, federal district courts and state courts in California, and Congress and the

Federal Rules Advisory Committee. *E.g.*, *Republic of Philippines v. Westinghouse Elec. Corp.*, 132 F.R.D. 384, 391 (D.N.J. 1990) (refusing to find clear abuse in such circumstances); *In re Combustion, Inc.*, 161 F.R.D. 54, 55-56 (W.D. La. 1995) (same).

In sum, this Court should enter an immediate order clarifying that the temporary stay it imposed has expired and that defendants must produce forthwith the U.S. Attorney documents to DC and by no later than 5:00 pm on Monday, June 27, 2011.

Dated: June 22, 2011

Respectfully Submitted,

O'MELVENY & MYERS LLP

By: /s/ Daniel M. Petrocelli
Daniel M. Petrocelli
Attorneys for Plaintiff DC Comics