# EXHIBIT D

**Attachments:**        6.22 Ex Parte Order.pdf; 6.22 Ex Parte App.pdf

**From:** Seto, Cassandra
**Sent:** Wednesday, June 22, 2011 12:21 PM
**To:** 'Keith Adams'; 'Marc Toberoff'
**Cc:** Kline, Matthew; Petrocelli, Daniel
**Subject:** RE: DC Comics v. PPC

Keith:

Motions for clarification are governed by Local Rule 7 and its timing requirements; the Rule 37 joint-stipulation process does not apply. *See Murrell v. Dennis*, 2011 WL 1296684, at *1 (C.D. Cal. Mar. 30, 2011).

As you note, depositions are scheduled to commence next week -- more than one month before August 8, the first date DC's motion for clarification could be heard based on the timing requirements of Local Rule 7 and Magistrate Zarefsky's calendar.  Absent *ex parte* relief, DC will improperly be deprived of an opportunity to conduct a full examination of Mr. Peary, Ms. Larson, Mr. Bulson, and Mr. Marks with the benefit of the U.S. Attorney documents to which we are entitled.

We disagree with all other assertions in your letter.  However, to accommodate your request, we have attached a copy of the *ex parte* application and proposed order DC intends to file today.  Please let us know defendants' position by no later than 2:00 p.m.

Cassie

EXHIBIT D
7

1 | DANIEL M. PETROCELLI (S.B. #097802)
   dpetrocelli@omm.com
2 | MATTHEW T. KLINE (S.B. #211640)
   mkline@omm.com
3 | CASSANDRA L. SETO (S.B. #246608)
   cseto@omm.com
4 | O'MELVENY & MYERS LLP
   1999 Avenue of the Stars, 7th Floor
5 | Los Angeles, CA  90067-6035
   Telephone:  (310) 553-6700
6 | Facsimile:   (310) 246-6779

7 | PATRICK T. PERKINS (admitted *pro hac vice*)
   pperkins@ptplaw.com
8 | PERKINS LAW OFFICE, P.C.
   1711 Route 9D
9 | Cold Spring, NY 10516
   Telephone:  (845) 265-2820
10 | Facsimile:   (845) 265-2819

11 | Attorneys for Plaintiff DC Comics

12

13 | UNITED STATES DISTRICT COURT

   CENTRAL DISTRICT OF CALIFORNIA
14

15 | DC COMICS,

16 |             Plaintiff,

17 |        v.

18 | PACIFIC PICTURES
   CORPORATION, IP WORLDWIDE,
19 | LLC, IPW, LLC, MARC TOBEROFF,
   an individual, MARK WARREN
20 | PEARY, as personal representative of
   the ESTATE OF JOSEPH SHUSTER,
21 | JEAN ADELE PEAVY, an individual,
   JOANNE SIEGEL, an individual,
22 | LAURA SIEGEL LARSON, an
   individual, and DOES 1-10, inclusive,
23
   |             Defendants.
24

25

26

27

28

Case No. CV 10-3633 ODW (RZx)

**DISCOVERY MATTER**

**DC COMICS'** *EX PARTE*
**APPLICATION TO CLARIFY**
**COURT'S MAY 25, 2011, ORDER**

DECLARATION OF CASSANDRA
SETO AND [PROPOSED] ORDER
FILED CONCURRENTLY
HEREWITH

**Judge:**        Hon. Otis D. Wright II
**Magistrate:**   Hon. Ralph Zarefsky

**Complaint Filed**: May 14, 2010

EXHIBIT D
8

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that plaintiff DC Comics applies *ex parte* for an order clarifying that the temporary stay imposed by this Court's May 25, 2011, order directing defendants to produce the U.S. Attorney documents (Docket No. 262) expired on June 13, 2011, when the District Court summarily denied defendants' motion for review of the May 25 order (Docket No. 279).

This *ex parte* application is made pursuant to Local Rule 7-19 and this Court's instruction to counsel during the June 20, 2011, hearing on defendants' protective-order motion that it would not clarify the duration of the temporary stay informally. *Ex parte* relief is warranted because the requested relief will be effectively moot if DC is required to follow the motion procedure set forth in Local Rule 7. The earliest date a noticed motion for clarification could be heard is August 8. However, that is the same day DC must file new oppositions to defendants' Rule 12 and SLAPP motions to incorporate the discovery DC has obtained in this case, and that date comes too late to allow for DC's use of the U.S. Attorney documents were this Court to clarify that the stay is no longer in effect.

DC gave notice of this *ex parte* application to counsel for defendants on June 21, 2011. Declaration of Cassandra Seto ("Seto Decl.") ¶ 2, Exs. A-B, D.

This *ex parte* application is made pursuant to Local Rule 7-19 and is based on this application, the attached memorandum of points and authorities, the concurrently filed declaration of Cassandra Seto, such further showing or evidence that DC may present at any hearing on this *ex parte* application, and any other matters properly before this Court.

Dated:        June 22, 2011              Respectfully Submitted,

                                         O'MELVENY & MYERS LLP


                                         By:_____
                                            Daniel M. Petrocelli
                                            Attorneys for Plaintiff DC Comics

- 1 -                          DC'S *EX PARTE* APP. FOR
                               CLARIFICATION OF MAY 25 ORDER

EXHIBIT D
9

## MEMORANDUM OF POINTS & AUTHORITIES

1        DC Comics submits this *ex parte* application to clarify the duration of the

2  temporary stay imposed by this Court's May 25, 2011, order directing defendants to

3  produce the U.S. Attorney documents. Docket No. 262. Although both counsel for

4  defendants and DC requested such clarification during the June 20, 2011, hearing

5  on defendants' protective-order motion, the Court indicated that it would not

6  address the matter informally. Therefore, DC hereby makes formal application for

7  an order clarifying that the stay imposed by this Court's May 25 order expired by

8  its own terms on June 13, 2011, when the District Court summarily denied

9  defendants' motion for review of the May 25 order. DC seeks such an order *ex*

10  *parte* because it is being severely prejudiced by defendants' unjustified refusal to

11  produce key documents they were compelled to produce by this Court's May 25

12  order and because the requested relief will be effectively moot if DC is required to

13  follow the motion procedure set forth in Local Rule 7. The earliest date a noticed

14  motion for clarification could be heard is August 8. However, that is the very same

15  day DC must file new oppositions to defendants' Rule 12 and SLAPP motions to

16  incorporate the discovery DC has obtained in this case, including information in the

17  U.S. Attorney documents that DC believes will be relevant to its claims. Thus, the

18  next available hearing date comes too late to allow for DC's use of the U.S.

19  Attorney documents were this Court to clarify that the stay is no longer in effect.

20        In its May 25 order compelling defendants to produce the U.S. Attorney

21  documents, "the Court stay[ed] its ruling to allow Defendants to *seek review before*

22  *the District Judge*. If the defendants seek *such review*, the *stay shall continue in*

23  *effect until all review is exhausted* or the District Judge rules to the contrary on the

24  matter." Docket No. 262 at 4:4-7 (emphasis added). On June 7, defendants filed a

25  motion for review before the District Judge. Docket No. 276. Their motion did not

26  include a request for a stay in the event their motion was denied. On June 13, the

27  District Judge denied defendants' motion. Docket No. 279. No application for

                      - 1 -           DC'S *EX PARTE* APP. FOR
                                     CLARIFICATION OF MAY 25 ORDER

1    reconsideration or for a further stay was made by defendants. Review by the

2    District Court having been exhausted, this Court's May 25 stay order expired by its

3    own terms.

4        Nonetheless, defendants refused to produce the U.S. Attorney documents

5    pursuant to the order. Instead, defendants asserted that the stay imposed by the

6    order allows them to withhold the documents until they exhaust any and all

7    appellate review they might seek, including by writ or direct appeal, whether in the

8    Ninth Circuit, United States Supreme Court, or on remand back to the Ninth Circuit

9    or the District Court, no matter how long the process entails. They take this

10   position by parsing out and misreading the words "until all review is exhausted" in

11   the second sentence of the Court's stay ruling to mean review not just by the

12   District Court, but by appellate courts as well. This interpretation of the Court's

13   order is untenable. If taken to its logical conclusion, it would extend the stay

14   indefinitely, as the matter could remain subject to "review" until the conclusion of

15   the case. Moreover, it disregards and reads out of existence the rest of the language

16   in the Court's stay ruling, including (1) the explicit words "review before the

17   District Judge" contained in the first sentence of the ruling and (2) a second

18   reference to "such review" at the start of the second sentence, the antecedent of

19   which is plainly review by the District Court. In short, the stay language of the

20   May 25 order unmistakably is confined to review by the District Court, and there is

21   nothing in the order, or in the transcript of the April 25 hearing that led to the order,

22   to suggest the Court contemplated any other stay, let alone one of indefinite

23   duration, especially given that the stay was imposed *sua sponte* without notice to

24   DC.

25       Furthermore, defendants' reading of the Court's stay order would operate to

26   severely prejudice DC. In its June 1 order, the District Court set August 8 as the

27   deadline for the submission of new opposition and reply briefs regarding

28   defendants' pending Rule 12 and SLAPP motions. Docket No. 270. As permitted

- 2 -                    DC'S *EX PARTE* APP. FOR
                        CLARIFICATION OF MAY 25 ORDER

1    by the District Court's order, DC intends to supplement its prior opposition filings

2    with the results of discovery taken in the case relevant to defeating defendants'

3    motions, including the U.S. Attorney documents. DC requires the documents to

4    conduct a full examination of defendants Mark Peary and Laura Siegel Larson,

5    whose depositions are scheduled for next week. The documents also are relevant to

6    other key depositions scheduled in July. Under defendants' view of the Court's

7    stay order, they can withhold these documents indefinitely and deprive DC of any

8    ability to use the documents in their new opposition filings due August 8, in the

9    upcoming depositions, and otherwise for much—if not all—of this case. Although

10   defendants have stated their intention to file a petition for a writ of mandamus in the

11   Ninth Circuit, as of now, they have neither filed such a petition nor applied to the

12   Ninth Circuit for an emergency stay. In contrast, when last year the district court

13   ordered that discovery may proceed in the case, defendants applied for a stay in the

14   Ninth Circuit in conjunction with their emergency writ application to overturn the

15   order permitting discovery, both of which were denied. Seto Decl. Exs. E-G.

16       Finally, defendants' position that this Court imposed a stay pending

17   exhaustion of all appellate review is not consistent with the law. As the Supreme

18   Court made clear in *Mohawk Indus., Inc. v. Carpenter*, 130 S. Ct. 599, 606-07

19   (2009), "[a]ppellate courts can remedy [alleged] improper disclosure of privileged

20   material in the same way they remedy a host of other erroneous evidentiary

21   rulings: by vacating an adverse judgment and remanding for a new trial in which

22   the protected material and its fruits are excluded from evidence." Interlocutory

23   appeals of such rulings are barred, *see id.*, and writ petitions in such circumstances

24   are proper only "when a disclosure order 'amount[s] to a judicial usurpation of

25   power or a clear abuse of discretion,' or otherwise works a manifest injustice," *id.*

26   at 607-09. This Court's May 25 ruling—by definition—cannot be characterized as

27   a "clear abuse of discretion," given that it followed the clear majority of circuit

28   courts, federal district courts and state courts in California, and Congress and the

- 3 -

DC'S *EX PARTE* APP. FOR
CLARIFICATION OF MAY 25 ORDER

EXHIBIT D
12

1    Federal Rules Advisory Committee. *E.g.*, *Republic of Philippines v. Westinghouse*

2    *Elec. Corp.*, 132 F.R.D. 384, 391 (D.N.J. 1990) (refusing to find clear abuse in such

3    circumstances); *In re Combustion, Inc.*, 161 F.R.D. 54, 55-56 (W.D. La. 1995)

4    (same).

5         In sum, this Court should enter an immediate order clarifying that the

6    temporary stay it imposed has expired and that defendants must produce forthwith

7    the U.S. Attorney documents to DC and by no later than 5:00 pm on Monday, June

8    27, 2011.

9

10   Dated:        June 22, 2011              Respectfully Submitted,

11                                            O'MELVENY & MYERS LLP

12

13                                            By:_____
                                                 Daniel M. Petrocelli
14                                               Attorneys for Plaintiff DC Comics

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 4 -                      DC'S *EX PARTE* APP. FOR
                           CLARIFICATION OF MAY 25 ORDER

1  DANIEL M. PETROCELLI (S.B. #097802)
      dpetrocelli@omm.com
2  MATTHEW T. KLINE (S.B. #211640)
      mkline@omm.com
3  CASSANDRA L. SETO (S.B. #246608)
      cseto@omm.com
4  O'MELVENY & MYERS LLP
   1999 Avenue of the Stars, 7th Floor
5  Los Angeles, CA  90067-6035
   Telephone:  (310) 553-6700
6  Facsimile:   (310) 246-6779

7  PATRICK T. PERKINS (admitted *pro hac vice*)
      pperkins@ptplaw.com
8  PERKINS LAW OFFICE, P.C.
   1711 Route 9D
9  Cold Spring, NY 10516
   Telephone:  (845) 265-2820
10 Facsimile:   (845) 265-2819

11 Attorneys for Plaintiff DC Comics

12

                    **UNITED STATES DISTRICT COURT**
13
                    **CENTRAL DISTRICT OF CALIFORNIA**
14

15 DC COMICS,                          Case No. CV 10-3633 ODW (RZx)

16           Plaintiff,                **DISCOVERY MATTER**

17      v.                             **[PROPOSED] ORDER GRANTING
                                       DC COMICS'** *EX PARTE*
18 PACIFIC PICTURES                    **APPLICATION TO CLARIFY
   CORPORATION, IP WORLDWIDE,          COURT'S MAY 25, 2011, ORDER**
19 LLC, IPW, LLC, MARC TOBEROFF,
   an individual, MARK WARREN          **Judge**:        Hon. Otis D. Wright II
20 PEARY, as personal representative of **Magistrate**:  Hon. Ralph Zarefsky
   the ESTATE OF JOSEPH SHUSTER,
21 JEAN ADELE PEAVY, an individual,    **Complaint Filed**: May 14, 2010
   JOANNE SIEGEL, an individual,
22 LAURA SIEGEL LARSON, an
   individual, and DOES 1-10, inclusive,
23
           Defendants.
24

25

26

27

28
                                       [PROPOSED] ORDER GRANTING DC'S
                                       *EX PARTE* APP. FOR CLARIFICATION
                                       OF COURT'S MAY 25 ORDER

EXHIBIT D
14

1    Good cause appearing, DC Comics' *Ex Parte* Application To Clarify Court's

2  May 25, 2011 Order is hereby GRANTED.

3    This Court hereby clarifies its May 25, 2011 order (Docket No. 262) to

4  confirm that the temporary stay imposed by that order expired on June 13, 2011,

5  when the District Court denied defendants' motion for review of the May 25, 2011

6  order.  Defendants must produce forthwith the U.S. Attorney documents to DC

7  Comics and by no later than 5:00 p.m. PDT on June 27, 2011.

8

9    IT IS SO ORDERED.

10

11  Dated: _____         _____

12                                          Hon. Ralph Zarefsky
                                            Magistrate Judge
13                                          United States District Court

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 1 -

EXHIBIT D

15