# EXHIBIT H

CASE NO. 10-73851

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

————————

IN RE PACIFIC PICTURES CORPORATION, IP WORLDWIDE, LLC, IPW, LLC, MARC TOBEROFF, MARK WARREN PEARY, JEAN ADELE PEAVY, JOANNE SIEGEL AND LAURA SIEGEL LARSON

*Defendants-Petitioners,*

(*caption continued on next page*)

————————

DEFENDANTS-PETITIONERS PACIFIC PICTURES CORPORATION, IP WORLDWIDE, LLC, IPW, LLC, MARC TOBEROFF, MARK WARREN PEARY, JEAN ADELE PEAVY, JOANNE SIEGEL AND LAURA SIEGEL LARSON'S MOTION FOR STAY PENDING DECISION ON PETITION FOR A WRIT OF MANDAMUS

REQUEST FOR URGENT RESOLUTION UNDER CIRCUIT RULE 27-3(B) NO LATER THAN JANUARY 10, 2011

From The United States District Court for the Central District of California, Case No. CV-10-3633

————————

TOBEROFF & ASSOCIATES, P.C.
Marc Toberoff (188547)
Nicholas C. Williamson (231124)
2049 Century Park East, Suite 2720
Los Angeles, California, 90067
Telephone: (310) 246-3333

*Attorneys for Defendants-Petitioners Mark Warren Peary, as personal representative of the Estate of Joseph Shuster, Jean Adele Peavy, Joanne Siegel and Laura Siegel Larson*

KENDALL BRILL & KLIEGER LLP
Richard B. Kendall (90072)
Laura W. Brill (195889)
10100 Santa Monica Blvd., Suite 1725
Los Angeles, California 90067
Telephone: (310) 556-2700

*Attorneys for Defendants-Petitioners Pacific Pictures Corporation, IP Worldwide, LLC, IPW, LLC, and Marc Toberoff*

v.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

*Respondent,*

DC COMICS,

*Plaintiff-Real Party in Interest.*

EXHIBIT H
63

# TABLE OF CONTENTS

I.     INTRODUCTION ...................................................................1

II.    FACTUAL AND PROCEDURAL BACKGROUND ..................................3

III.   ARGUMENT .....................................................................9

     A.    Standard For A Stay Pending Appellate Review..................................9

     B.    Defendants Have A Strong Likelihood Of Success On The Merits .................................................................10

          1.    The Anti-SLAPP Immunity ...................................................11

          2.    The Orders Violate Defendants' Due Process Rights Under The Federal Rules Of Civil Procedure ........................................................15

     C.    Defendants Will Be Irreparably Harmed Absent A Stay, And No Other Party Will Be Prejudiced By A Stay..........................17

     D.    The Public Interest Favors A Stay ...................................................19

IV.   CONCLUSION..................................................................20

CERTIFICATE OF SERVICE ........................................................21

EXHIBIT H
64

# TABLE OF AUTHORITIES

## Cases

*1-800 Contacts, Inc. v. Steinberg*,
107 Cal. App. 4th 568 (2003) ................................................................. 12

*Barton v. United States Dist. Ct. for Central Dist. of Calif.*,
410 F.3d 1104 (9th Cir. 2005) ...................................................... 10, 18

*Bauman v. United States District Court*,
557 F.2d 650 (9th Cir. 1977) ........................................................... 10

*Batzel v. Smith*,
333 F.3d 1018 (9th Cir. 2003) ................................................. *passim*

*Bearden v. Honeywell International Inc.*,
2010 WL 3239285, Case No. 3:09-1035 (M.D. Tenn. Aug. 16, 2010)............. 14

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) .................................................................. 15-16

*Bosley Med. Inst., Inc. v. Kremer*,
403 F.3d 672 (9th Cir. 2005) .......................................................... 12

*Bourne Co. v. MPL Commc'ns, Inc.*,
675 F. Supp. 859 (S.D.N.Y. 1987).................................................... 15

*California Dep't of Water Resources v. Powerex Corp.*,
533 F.3d 1087 (9th Cir. 2008) ......................................................... 14

*Englert v. MacDonnel*,
551 F.3d 1099 (9th Cir. 2009) ......................................................... 14

*Fair Political Practices Comm'n v. Am. Civil Rights Coalition, Inc.*,
121 Cal. App. 4th 1171 (2004) ........................................................ 12

*Ferguson v. Countrywide Credit Indus.*,
298 F.3d 778 (9th Cir. 2002) ........................................................... 16

EXHIBIT H
65

*Golden Gate Rest. Ass'n v. City of San Francisco*,
512 F.3d 1112 (9th Cir. 2008) ............................................................... 9

*Goshtasby v. Bd. of Trustees of the Univ. of Illinois*,
123 F.3d 427 (7th Cir. 1997) .............................................................. 18

*Haggard v. Curry*,
--- F.3d ---, 2010 WL 4978842 (9th Cir. Dec. 10, 2010)..................................... 9

*Hilton v. Braunskill*,
481 U.S. 770 (1987) ...................................................................... 1, 9

*In re Cement Antitrust Litig.*,
688 F.2d 1297 (9th Cir. 1982) ............................................................ 10

*In re Union Carbide Gas Plant Disaster*,
809 F.2d 195 (2d Cir. 1987)............................................................... 16

*In re Whirlpool Corp. Front-Loading Washer Prod. Liability Litigation*,
2010 WL 2756947, Case No. 1:08-WP-65000 (N.D. Ohio July 12, 2010) ...... 14

*John Doe Agency v. John Doe Corp.*,
488 U.S. 1306 (1989)...................................................................... 18

*Klein v. City of San Clemente*,
584 F.3d 1196 (9th Cir. 2009) ............................................................ 20

*Lopez v. Heckler*,
713 F.2d 1432 (9th Cir. 1983) ............................................................ 10

*McKinney v. Bayer Corp.*,
--- F. Supp. 2d ---, 2010 WL 3834327 (N.D. Ohio Sep. 30, 2010) ................... 13

*Medhekar v. United States District Court*,
99 F.3d 325 (9th Cir. 1996) .............................................................. 17

*Mesa v. California*,
489 U.S. 121, 109 S. Ct. 959 (1989).................................................... 20

iii

*Metabolife Int'l, Inc. v. Wornick*,
264 F.3d 832 (9th Cir. 2001) ................................................................. 14

*Miller v. Gammie*,
335 F.3d 889 (9th Cir. 2003) ................................................................. 14

*Mindys Cosmetics, Inc. v. Dakar*,
611 F.3d 590 (9th Cir. 2010) ................................................... 5, 12, 20

*Mitchell v. Forsyth*,
472 U.S. 511 (1985) .................................................................... 12, 17

*Natural Res. Def. Council, Inc. v. Winter*,
502 F.3d 859 (9th Cir. 2007) .................................................... 9-10

*Nelson v. Adams USA, Inc.*,
529 U.S. 460 (2000) .......................................................................... 15

*Pacific Pictures Corporation v. DC Comics*,
9th Cir. Case No. 10-56594 ............................................................ 6-7

*Paterno v. Superior Court*,
163 Cal. App. 4th 1342 (2008) ..................................................... 12

*People of State of Cal. v. Mesa*,
813 F.2d 960 (9th Cir. 1987) ........................................................ 20

*Perry v. Schwarzenegger*,
591 F.3d 1147 (9th Cir. 2010) ...................................................... 10

*Price v. Stossel*,
620 F.3d 992 (9th Cir. 2010) ........................................................ 14

*Rae v. Union Bank*,
725 F.2d 478 (9th Cir. 1984) ........................................................ 17

*Rutman Wine Co. v. E. & J. Gallo Winery*,
829 F.2d 729 (9th Cir. 1987) .................................................. 16-17

EXHIBIT H

*Semegen v. Weidner,*
780 F.2d 727 (9th Cir. 1985) ............................................................ 16

*S.G. Cowen Sec. Corp. v. United States Dist. Ct.,*
189 F.3d 909 (9th Cir. 1999) ............................................................ 18

*Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co.,*
130 S. Ct. 1431 (2010) .............................................................. *passim*

*Siegel v. Warner Bros. Ent. Inc.,*
542 F. Supp. 2d 1098 (C.D. Cal. 2008) ...................................... *passim*

*Wagh v. Metris Direct, Inc.,*
363 F.3d 821 (9th Cir. 2003) ............................................................ 17

*Weatherford v. Bursey,*
429 U.S. 545 (1977) ......................................................................... 16

*Wood v. McEwen,*
644 F.2d 797 (9th Cir. 1981) ............................................................ 17

## **Other Authorities**

17 U.S.C. § 304(c) ............................................................................. 3

17 U.S.C. § 304(c)(2)(D) .................................................................. 3

28 U.S.C. § 2072(b) ........................................................................15

Cal. Civ. Code § 47(b) ......................................................................4

Cal. Code Civ. Proc. § 425.16(a) ................................................11, 20

Cal. Code Civ. Proc. § 425.16(f) .............................................. *passim*

Cal. Code Civ. Proc. § 425.16(g) ............................................. *passim*

Cal. Code Civ. Proc. § 425.16(i) ...............................................12, 18

Circuit Rule 27-3 ......................................................................... 1-2

F.R.A.P. 8(a)(2) ................................................................................................1

F.R.C.P. 9(b) ...................................................................................................16

F.R.C.P. 11 ......................................................................................................16

F.R.C.P. 12(b)(6) ........................................................................................ *passim*

F.R.C.P. 13 ......................................................................................................16

F.R.C.P. 14 ......................................................................................................16

F.R.C.P. 23 ......................................................................................................13

F.R.C.P. 26(b)(1) ............................................................................................16

F.R.C.P. 26(d)(1)-(2) ......................................................................................16

F.R.C.P. 72 ........................................................................................................7

Pub. Law 105-298 (1998) ................................................................................3

EXHIBIT H
69

Case 3:10-cv-7388-W-RZ/20/2010 Page 9 of 29 Filed 9/08/231 DR entry 9 of 1

# I.   __INTRODUCTION__

Pursuant to Federal Rule of Appellate Procedure 8(a)(2) and Ninth Circuit Rule 27, Petitioners-Defendants request an order staying the district court's order dated November 16, 2010 and/or staying discovery in the proceeding below pending a ruling on Defendants' Petition For a Writ of Mandamus Compelling Hearing and Decisions on Motions and Prohibiting District Court From Allowing One-Sided Discovery (the "Petition").  A stay is justified because Defendants have a substantial likelihood of success on the merits and will be irreparably harmed absent a stay.  *Hilton v. Braunskill*, 481 U.S. 770, 778 (1987).

Specifically, the Petition makes a substantial case that the substantive protections of California's anti-SLAPP statute apply to such strategic lawsuits against public participation ("SLAPP" suits) brought in federal court.  *See* Petition at 20-25; *infra* at Section III.B.1.  Among those protections is the requirement that an anti-SLAPP motion be determined in a timely manner, and that discovery be stayed while such an anti-SLAPP motion is pending.  Cal. Code. Civ. Proc. §§ 425.16(f)-(g).  The Petition arises from orders that (i) allowed "full" discovery by the Plaintiff DC Comics ("DC"), while (ii) vacating without consideration a duly noticed hearing on the Defendants' anti-SLAPP motion and other fully briefed dispositive motions, as well as a motion addressing the need for a discovery stay, and (iii) staying entirely the Defendants' side of the case.

The resulting one-sided stay against Defendants is demonstrably unfair, in need of immediate review and correction, and justifies a stay of the district court proceedings pending such review. Its effect is that Defendants, who are entitled to immunity, lose the substantive protections of the anti-SLAPP law, while Plaintiff DC has obtained effective immunity from process and is unconstrained in the burdens it can impose on Defendants. Such a one-sided stay is contrary to both California's anti-SLAPP law and the basic norms of due process as reflected in the Federal Rules of Civil Procedure. Accordingly, Defendants have a substantial likelihood of success in prevailing on their Petition.

Moreover, a stay is necessary to avoid irreparable harm. Plaintiff has already taken advantage of the one-sided order by serving voluminous written discovery on Defendants due on January 10, 2011, and scheduling the duplicative deposition of the 93-year-old Joanne Siegel for January 12 and 14, 2011. Once Defendants are required to suffer such improper discovery on Plaintiff's facially barred claims, an ultimate discovery stay will be largely moot. Pursuant to Circuit Rule 27-3, Defendants respectfully request that relief be granted **no later than January 10, 2011**, to avoid such irreparable harm.[1]

---

[1] Defendants certify that they provided notice to counsel for DC concerning this urgent motion and that DC opposes the relief requested. DC declined Defendants' offer of a brief postponement of current discovery dates in order to allow this motion to be heard other than on an urgent basis without prejudicing Defendants with respect to the relief requested. Declaration of Nicholas Williamson Ex. 52.

EXHIBIT H

## II.    <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

In the mid-1930s, Jerome Siegel (an author) and Joseph Shuster (an illustrator) co-created Superman and with it, the superhero genre, only to later grant their entire Superman copyright to DC for a pittance. *See Siegel v. Warner Bros. Ent. Inc.*, 542 F. Supp. 2d 1098, 1102-11 (C.D. Cal. 2008) ("*Siegel I*"). In 1976, Congress amended the Copyright Act to extend the copyright term, and gave authors and their heirs the inalienable right to terminate prior grants of copyright and recapture their copyrights for the extended term. 17 U.S.C. § 304(c); *see also* Pub. Law 105-298 (1998); 17 U.S.C. § 304(c)(2)(D). Jerome Siegel was survived by his widow, Defendant Joanne Siegel, and their daughter, Defendant Laura Siegel Larson (the "Siegels"), who served statutory notices of termination on DC in 1997, effective as of April 16, 1999. *Siegel I*, 542 F. Supp. 2d at 1113-14. Shuster was survived by, *inter alia*, his sister, Defendant Jean Peavy ("Peavy"), and by his nephew, Defendant Mark Warren Peary ("Peary"), who is the personal representative of his estate. Declaration of Nicholas Williamson, filed December 20, 2010 ("Will. Decl.") Ex. 1, ¶ 97.

In mid-2001, Marc Toberoff ("Toberoff"), a noted copyright attorney, began providing legal advice to Peavy and Peary (the "Shusters") (together with the Siegels, the "Heirs") in connection with the probate of Shuster's estate and Peary's statutory termination regarding Superman, which Toberoff served and filed in

2003.  *Siegel I*, 542 F. Supp. 2d at 1114, n.3; Will Decl. Ex. 12, Ex. B at 52:9-25; Ex. G at 20:5-20:22.  In Fall 2002, the Siegels contacted and retained Toberoff as to their termination, after a breakdown in settlement negotiations with DC.  *Id.*, Ex. 12, Ex. L; Ex. B at 106:1-107:24, 135:1-6; Ex. K at 41:1-3; Ex. M at 17:6-13.

In October 2004, the Siegels, represented by Toberoff, filed two federal actions (C.D. Cal. Case Nos. 04-CV-08400, 04-CV-08776 ODW (RZx)) (the "*Siegel*" actions), which, among other remedies, sought declarations that the Siegels' statutory terminations were valid.  These cases are in their seventh year.  In March 2008, DC suffered an enormous setback.  The court granted partial summary judgment largely in favor of the Siegels, holding that they had recaptured Siegel's original Superman copyrights, and resulting in DC's loss of exclusive control over Superman.  *Siegel I,* 542 F. Supp. 2d at 1116, 1145.

The *Siegel* actions were thereafter transferred to the current district court judge, whereupon DC concocted a retaliatory strategy to sue opposing counsel Toberoff personally and to re-litigate the same issues DC had lost in *Siegel*.  DC's tactic is reflected in the complaint it filed on May 14, 2010 in this new action (the "*DC Action*").  Will. Decl., Ex. 1.  DC alleged six claims for relief – three under state law and three under federal law – all of which were barred as a matter of law.[2]

---

[2] For example, DC's Third, Fourth, Fifth and Sixth Claims are all barred by the statute of limitations; the Fourth, Fifth and Sixth Claims are all barred by the litigation privilege (Cal. Civil Code § 47(b)); the Third and Sixth Claims are barred

DC's Complaint was a paradigmatic "SLAPP" suit designed to chill core values of freedom of expression and petition.  Central to the Complaint were allegations that the Shusters' and Siegels' attorney, Toberoff, should be held personally liable for (1) assisting the Shuster estate with its termination under the Copyright Act; (2) purportedly inducing the Siegels to end unfruitful settlement negotiations; and (3) enforcing the Siegels' termination through litigation.  *Id.*, Ex. 1, ¶¶ 54, 62-72, 168-73.  DC also frivolously sued the Heirs for allegedly agreeing to collectively bargain in settlement negotiations with DC.  *Id.*, Ex. 1, ¶¶ 11, 88, 165, 175-76.  This Court has unequivocally held that California's anti-SLAPP law applies to claims like these.  *Mindys Cosmetics, Inc. v. Dakar*, 611 F.3d 590, 597 (9th Cir. 2010) ("[A]n attempt to establish a property right under a comprehensive federal statutory scheme" is protected by the anti-SLAPP law).

On August 13, 2010, Defendants filed an anti-SLAPP motion to strike DC's state law claims and moved to dismiss all of the claims under F.R.C.P. 12(b)(6).  *See* Will. Decl. Ex. 44 at Entry 30.  Instead of opposing the motions, DC amended its complaint.  *Id.*, Ex. 6.[3]  Defendants renewed their motions, which were fully

---

because they are both based on an alleged "right" of DC to negotiate for the repurchase of the Heirs' recaptured copyrights that has no basis in the statutory text or caselaw; and the First and Second Claims are barred by the law of the case doctrine in that they seek to re-litigate issues already decided in *Siegel I*, 542 F. Supp. 2d 1098.  *See* Will. Decl. Ex. 9 at 57-61 (summarizing dispositive motions).

[3] On September 7, 2010, the district court *sua sponte* entered an order deeming

briefed and set to be heard on October 18, 2010.  *See id.*, Ex. 44 at Entries 75-81, 89-94, 98-100, 102-103.

DC nonetheless insisted that it had a right to take immediate and unconstrained discovery.  Will. Decl. Ex. 9 at 34-55.  DC pressed for depositions even though:  (1) neither Defendants' anti-SLAPP motion nor Rule 12(b)(6) motions had been resolved; (2) DC did not identify any specific factual issues or discovery needed to resolve the anti-SLAPP motion, which, like the motions to dismiss, showed that DC's claims failed *as a matter of law*; (3) each of the witnesses DC sought to depose had already been deposed at length in the closely related *Siegel* actions (*id.*, Ex. 35 at 18-23); (4) three of the four witnesses were at significant risk of medical problems from repeat depositions due to their age and/or medical conditions (*id.*, Ex. 9 at 24-25); and (5) a ruling on Defendants' dispositive motions would have eliminated or greatly narrowed discovery.

Defendants moved to stay these depositions, and on September 20, 2010, the magistrate judge granted that motion in part, staying all depositions until November 15, 2010, to enable the district court to first rule on the dispositive motions.  Will. Decl. Exs. 8-10.  However, the ruling failed to also stay discovery

---

moot and vacating Defendants' original motions.  Will. Decl. Ex. 7.  Defendants timely filed a notice of appeal (*Pacific Pictures Corporation v. DC Comics*, Appeal No. 10-56594) of this order to preserve their statutory right to recover attorneys' fees on their original anti-SLAPP motion.  *Id.*, Ex. 30.  On October 21, 2010, this Court issued an Order to Show Cause ("Order") as to its jurisdiction over that appeal.  The parties have responded to the Order, but this Court has not yet ruled on the Order or set a briefing schedule on the merits.

EXHIBIT H

pending a ruling on Defendants' anti-SLAPP motion, as Defendants had requested under Cal. Code Civ. Proc. § 425.16(g), citing the controlling concurrence of Justice Stevens in *Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co.,* 130 S. Ct. 1431, 1452 (2010), and *Batzel v. Smith*, 333 F.3d 1018, 1025 (9th Cir. 2003). Instead, the magistrate judge erroneously concluded that the discovery stay does not apply in federal court. Will. Decl. Ex. 10; Ex. 40, Ex. C at 57:3-9. On October 4, Defendants moved under F.R.C.P. 72 for review of the September 20 order as to the anti-SLAPP discovery stay. *Id.*, Ex. 27. This motion was to be heard on November 8, 2010, prior to the end of the magistrate's interim stay.

On October 15, 2010, with the interim discovery stay still in place, the district court *sua sponte* stayed the entire *DC Action*, pending the outcome of Defendants' Appeal No. 10-56594. *See* Will. Decl. Ex. 31. This stay order also vacated Defendants' fully briefed dispositive motions, plus their motion for review. While Defendants had not requested such a stay, the stay order appeared to grant them temporary immunity, consistent with the anti-SLAPP law.

On November 1, 2010, DC moved to modify the court's October 15 order. Will. Decl. Ex. 32. Notwithstanding the protections of the anti-SLAPP law and Defendants' dispositive motions, which demonstrated that DC's claims fail as a matter of law, DC argued that Defendants' pending appeal was "frivolous," and that DC should be allowed to take "full" discovery, without citing critical cases on

this issue, and, in its reply, urged the District Court to ignore *Shady Grove*. *Id.*, Ex. 32 at 4-8, Ex. 34 at 8-10, 14, Ex. 36 at 4-6. On November 16, 2010, the district court adopted a prejudicial order proposed by DC and allowed DC alone "to take full discovery" as to its federal and state-law claims, and "to proceed with full and complete discovery of Joanne Siegel, Laura Siegel Larson, Jean Peavy, and Mark Peary." Will. Decl. Ex. 37. The November 16 order offered no explanation for lifting the stay as to DC alone, and did not reinstate any of Defendants' pending motions. Seeking clarification and correction, Defendants immediately applied to the district court: (i) to reinstate and decide their vacated motions; (ii) to permit Defendants to make use of normal judicial processes in defense of the action; (iii) to maintain a discovery stay in the interim; or (iv) to stay discovery in this matter pending Defendants' filing a petition for a writ of mandamus in the Court of Appeals. Will. Decl. Ex. 39-40, 42. On November 24, 2010, Defendants' application was summarily denied, with no explanation. *Id.*, Ex. 43.

DC took full advantage of these orders. On December 10, 2010, it served voluminous written discovery on each of the Defendants, due January 10, 2011. *Id.*, Exs. 45-51. DC also continued to press for duplicative depositions of the Heirs, commencing on January 12, 2011, despite the fact that most of the Heirs are elderly and/or infirm, and DC had already taken their full depositions in the related *Siegel* actions. On December 17, 2010, Defendants filed an urgent petition asking

that this Court direct the district court to: (1) vacate its November 16 and 24, 2010

orders; (2) reinstate, promptly set for hearing and decide Defendants' dispositive

motions; and (3) stay discovery until Defendants' anti-SLAPP motion is decided.

## III.   ARGUMENT

### A.   Standard For A Stay Pending Appellate Review

This Court has the authority to stay a district court order granting discovery

that would violate a party's immunity pending an appeal or resolution of a petition

for writ of mandamus so long as, as is the case here, the party seeking the stay has

applied for and been denied such relief at the district court level.  Will. Decl., Ex.

39 at 6, Ex. 43.  The relevant factors for deciding whether a stay is appropriate are:

> "(1) [W]hether the stay applicant has made a strong showing that he is likely
> to succeed on the merits; (2) whether the applicant will be irreparably
> injured absent a stay; (3) whether issuance of the stay will substantially
> injure the other parties …; and (4) where the public interest lies."

*Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).  "The most important factor is the

first."  *Haggard v. Curry*, --- F.3d ---, 2010 WL 4978842 (9th Cir. Dec. 10, 2010).

In general, the Ninth Circuit uses these factors as a "sliding scale in which the

required degree of irreparable harm increases as the probability of success

decreases."  *Golden Gate Rest. Ass'n v. City of San Francisco*, 512 F.3d 1112,

1116 (9th Cir. 2008) (quoting *Natural Res. Def. Council, Inc. v. Winter*, 502 F.3d

859, 862 (9th Cir. 2007)).  A litigant may show "both a probability of success on

the merits and the possibility of irreparable injury," or "that serious legal questions

are raised and that the balance of hardships tips sharply in its favor." *Lopez v. Heckler*, 713 F.2d 1432, 1435-36 (9th Cir. 1983). This Court also considers "where the public interest lies." *Winter*, 502 F.3d at 863.

Staying a district court order pending writ review is particularly appropriate where the purpose of the writ petition is to preserve an immunity from discovery. *See Perry v. Schwarzenegger*, 591 F.3d 1147, 1152 (9th Cir. 2010) (noting that stay of district court order was granted pending writ review in order to protect discovery immunity). Since "disclosure cannot be undone," a stay is appropriate to preserve the immunity that is at issue in the underlying writ petition. *See Barton v. U.S. Dist. Court for Cent. Dist. of Cal.*, 410 F.3d 1104, 1109 (9th Cir. 2005).

### B. <u>Defendants Have A Strong Likelihood Of Success On The Merits</u>

As set forth in detail in the Petition, this Court has the power to issue writs pursuant to its supervisory authority to "insure the proper and orderly administration of the federal judicial system" (*In re Cement Antitrust Litig.*, 688 F.2d 1297, 1299 (9th Cir. 1982)), and a writ is warranted here under the factors in *Bauman v. United States District Court,* 557 F.2d 650, 654-55 (9th Cir. 1977).

Defendants have a substantial likelihood of success. In allowing DC to indulge in "full" discovery, while staying Defendants' ability to defend against DC's claims, the orders below entail multiple clear errors of law. As a result, DC may take unbridled discovery on its facially barred claims, while (1) Defendants

EXHIBIT H

cannot obtain a hearing or decision on their anti-SLAPP motion and other

dispositive motions, and have been stripped of their right to have these motions

heard at a meaningful time; (2) Defendants cannot obtain a hearing or decision on

their motion to stay discovery under the anti-SLAPP statute as to DC's state-law

claims; and (3) Defendants cannot otherwise defend themselves in this action

through motions, counterclaims, third-party claims, or other means provided in the

Federal Rules of Civil Procedure.[4]  The orders violate California's anti-SLAPP

law, basic norms of due process, and the Federal Rules of Civil Procedure.

## 1.    The Anti-SLAPP Immunity

DC invited and obtained clear error by arguing that Defendants were not

entitled to the protections of the anti-SLAPP statute merely because DC had filed

suit in federal court.  The anti-SLAPP law is a substantive provision of California

law designed to remedy "a disturbing increase in lawsuits brought primarily to

chill the valid exercise of the constitutional rights of freedom of speech and

petition for the redress of grievances," as such "participation …. should not be

chilled through abuse of the judicial process."  Cal. Code. Civ. Proc. § 425.16(a).

As this Court has recognized, "[t]he protection of the anti-SLAPP statute [is]

---

[4] On December 17, 2010, DC for the first time informed Defendants that DC does
not object to Defendants commencing discovery, notwithstanding the one-sided
order DC drafted to allow only DC to conduct discovery.  This new position does
not change the need for immediate relief because it does not address the requisite
need for a stay of discovery.  Nor does it provide Defendants a hearing before the
district court regarding their anti-SLAPP motion and other motions.

EXHIBIT H
80

a substantive immunity from suit." *Batzel*, 333 F.3d at 1025. "The statute was
designed to allow courts 'to promptly expose and dismiss meritless and harassing
claims seeking to chill protected expression,'" and prevents a plaintiff from
coercing a defendant to respond to abusive, costly and time-consuming discovery
before the court has ruled on the anti-SLAPP motion. *Mindys,* 611 F.3d at 595
(citing *Bosley Med. Inst., Inc. v. Kremer*, 403 F.3d 672, 682 (9th Cir. 2005)).

     The statute mandates that an anti-SLAPP motion be heard and decided in a
timely manner so as to shield the defendant's immunity from the burdens of
litigation. *See* Cal. Code Civ. Proc. § 425.16(f) (motions must be served within 60
days of service of the complaint and set for hearing within 30 days after service of
the motion); *Fair Political Practices Comm'n v. Am. Civil Rights Coalition, Inc.*,
121 Cal. App. 4th 1171, 1175 (2004) (noting importance of prompt resolution to
protect defendants). Discovery remains stayed pending decision on the motion and
may only be lifted in narrow particularized circumstances, which DC made no
effort to meet. Cal. Code Civ. Proc. § 425.16(g); *see*, *e.g.*, *Paterno v. Superior Ct.*,
163 Cal. App. 4th 1342, 1351 (2008) (reversing grant of discovery); *1-800
Contacts, Inc. v. Steinberg*, 107 Cal. App. 4th 568, 593 (2003) (affirming denial of
discovery). As with federal immunities from suit, adverse rulings on anti-SLAPP
motions are subject to immediate appellate review. Cal. Code Civ. Proc. § 425.16
(i); *Batzel*, 333 F.3d at 1025; *Mitchell v. Forsyth,* 472 U.S. 511, 524-30 (1985).

Such immunity from the burdens of litigation pending prompt determination of an anti-SLAPP motion is an essential protection of the anti-SLAPP statute. Cal. Code. Civ. Proc. §§ 425.16(f),(g). However, under the district court's orders Defendants cannot obtain a ruling on their anti-SLAPP motion, and are subject to onerous discovery burdens, including duplicative depositions of elderly and ill witnesses, while being deprived by the one-sided stay of their right to defend against DC's baseless retaliatory claims. The anti-SLAPP statute has been turned on its head.

The reasoning of the recent Supreme Court decision in *Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co.,* 130 S. Ct. 1431 (2010), mandates that the substantive protections of California's anti-SLAPP statute apply to state claims brought in federal court. In *Shady Grove,* the Supreme Court addressed the interaction between a New York law relating to class action lawsuits and F.R.C.P. 23. In a controlling concurrence, Justice Stevens made clear that a federal rule does not govern when it "would displace a state law that is procedural in the ordinary use of the term but is so intertwined with a state right or remedy that it functions to define the scope of the state-created right." 130 S. Ct. at 1452 (Stevens, J., concurring).[5] As Justice Ginsburg noted in her dissent, a majority of

---

[5] The following cases all recognize that Justice Stevens' decision in *Shady Grove* is controlling as to the application of state law in federal court: *McKinney v. Bayer Corp.,* --- F. Supp. 2d ---, 2010 WL 3834327 at *9-*12, (N.D. Ohio Sep. 30, 2010);

the Court "agrees that Federal Rules should be read with moderation" in suits as to which state law provides the rule of decision "to accommodate important state concerns." *Shady Grove,* 130 S. Ct. at 1463 n.2 (Ginsburg, J., dissenting).

DC erroneously argued that the substantive protections of the anti-SLAPP statute have no application here, citing *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832 (9th Cir. 2001). Will. Decl. Ex. 9 at 18-23, 52-55; Ex. 38 at 3-5. DC's position is inconsistent with and effectively overruled by *Shady Grove. See Miller v. Gammie,* 335 F.3d 889, 893 (9th Cir. 2003) (*en banc*) ("[W]here the reasoning or theory of our prior circuit authority is clearly irreconcilable with the reasoning or theory of intervening higher authority, … [the circuit] should reject the prior circuit opinion as having been effectively overruled."); *California Dep't of Water Resources v. Powerex Corp.*, 533 F.3d 1087, 1093-95 (9th Cir. 2008) (3-judge panel applying *Miller*). *Metabolife* is also in tension with decisions of this Court.[6]

Under *Shady Grove* and *Batzel*, the anti-SLAPP statute provides Defendants with substantive protections, including a stay of discovery, against DC's state law

---

*In re Whirlpool Corp. Front-Loading Washer Prod. Lia. Lit.,* 2010 WL 2756947, at *2 (N.D. Ohio July 12, 2010); *Bearden v. Honeywell Int'l Inc.*, 2010 WL 3239285, at *10 (M.D. Tenn. Aug. 16, 2010).

[6] *Batzel*, 333 F.3d at 1025 (recognizing California anti-SLAPP law as immunity from suit), *Englert v. MacDonnel*, 551 F.3d 1099, 1105-06 (9th Cir. 2009) (same), and *Price v. Stossel*, 620 F.3d 992, 999 (9th Cir. 2010) (describing "automatic[]" discovery stay of California anti-SLAPP law).

claims pending a prompt ruling on their anti-SLAPP motion.[7]  A stay is justified,

as it was clear error to deny Defendants the protections of the anti-SLAPP statute.

### 2. The Orders Violate Defendants' Due Process Rights Under The Federal Rules Of Civil Procedure

The November 16 order allowing DC to conduct "full discovery" while

Defendants cannot defend themselves should also be stayed pending a ruling on

the writ because it violates due process and the Federal Rules of Civil Procedure.

"The Federal Rules of Civil Procedure are designed to vindicate the due

process of law," and to level the playing field, not to give either side a substantive

advantage.  *Nelson v. Adams USA, Inc.*, 529 U.S. 460, 465 (2000); 28 U.S.C. §

2072(b) (rules of procedure "shall not abridge, enlarge or modify any substantive

right").  The plaintiff must show a "plausible" basis for any claim.  *Bell Atl. Corp.*

*v. Twombly*, 550 U.S. 544, 556-57 (2007).  "[T]he costs of modern federal []

litigation and the increasing caseload of the federal courts counsel against …

discovery when there is no reasonable likelihood that the plaintiffs can construct a

---

[7] DC also contended in the alternative that the anti-SLAPP statute did not apply to
its federal claims, such as its Third Claim. Ex. 32 at 4-6; Ex. 40, Ex. C at 44:20-
45:7.  However, DC's baseless Third Claim asserts an exclusive "right" under the
Copyright Act to negotiate the repurchase of the Heirs' recaptured copyrights that
is contrary to the text of the Act and caselaw directly on point.  *See* Will. Decl. Ex.
15 at 4-7, 11-13; *Bourne Co. v. MPL Commc'ns, Inc.*, 675 F. Supp. 859, 865
(S.D.N.Y. 1987).  DC's Third Claim is little more than an effort to erroneously re-
plead its state law claims (*see* Sixth Claim, Will. Decl. Ex. 6 at ¶¶ 187-89) as a
purported federal claim.  A facially barred federal claim cannot be used to
circumvent the protections of the anti-SLAPP law's discovery stay.

EXHIBIT H

claim." *Id.* at 558-60. Fraud-based allegations must be pled with particularity to prevent "the filing of a complaint as a pretext for the discovery of unknown wrongs." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985) (citing F.R.C.P. 9(b)). *See* Will. Decl. Ex. 6, ¶¶ 78, 175-179, 185; Ex. 22 at 15-16.

Federal Rule of Civil Procedure 12(b)(6) provides defendants a means to test the "legal sufficiency of complaints without subjecting themselves to discovery." *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987). "'[I]f the allegations of the complaint fail to establish the requisite elements of the cause of action, our requiring costly and time consuming discovery … would represent an abdication of our judicial responsibility.'" *Id.* Our system of justice does not contemplate prohibiting a defendant from testing the legal sufficiency of a complaint. *See Twombly,* 550 U.S. at 559. Rather, there must be a factual and legal basis for a complaint before filing. F.R.C.P. 11. Once subject to process, a defendant may bring counterclaims and third-party claims. F.R.C.P. 13, 14. Discovery under the Federal Rules' due process principles is a "two-way street."[8]

The November 16 order subjects Defendants to "full" discovery on meritless claims, while their side of the case is stayed and they can make no use of the

---

[8] *Weatherford v. Bursey*, 429 U.S. 545, 562 (1977); *In re Union Carbide Gas Plant Disaster*, 809 F.2d 195, 205 (2d Cir. 1987) (due process requires that "both sides be treated equally"); F.R.C.P. 26(b)(1); F.R.C.P. 26(d)(1)-(2). Indeed, one-sided discovery is "substantively unconscionable." *Ferguson v. Countrywide Credit Indus.*, 298 F.3d 778, 786–87 (9th Cir. 2002).

normal court processes, such as a Rule 12(b)(6) motion, to advance their case. DC has cited no case allowing such a process. The general practice, even in the absence of an anti-SLAPP motion, is plainly to the contrary.[9] The November 16 order should therefore itself be stayed so as not to eviscerate the protections of due process and the requirements of the Federal Rules while the petition is pending.

### C. Defendants Will Be Irreparably Harmed Absent A Stay, And No Other Party Will Be Prejudiced By A Stay

Absent a stay pending appeal, Defendants will suffer irreparable injury, as they will be deprived of the substantive protections of the anti-SLAPP statute, designed to relieve a defendant of the burdens of the discovery *before* an anti-SLAPP motion is timely decided. In *Medhekar v. United States District Court*, 99 F.3d 325, 327 (9th Cir. 1996), for example, this Court held, regarding a statutory immunity from discovery, that "[t]o the extent that potential harm exists in this case, it is irreparable and probably cannot even be addressed in a subsequent appeal … because it will be moot. It is the precise harm intended to be avoided by the stay provision." *See Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985) (claim of immunity entitles defendant to "dismissal before the commencement of

---

[9] *See Rutman,* 829 F.2d at 738; *Wagh v. Metris Direct, Inc.*, 363 F.3d 821, 829 (9th Cir. 2003) ("[D]iscovery at the pleadings stage is only appropriate where factual issues are raised by a Rule 12(b) motion."); *Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984) (approving discovery stay where "no factual issues" were raised by motion to dismiss); *Wood v. McEwen*, 644 F.2d 797, 802 (9th Cir. 1981) (approving discovery stay as "plaintiff will be unable to state a claim for relief").

17

discovery"); *S.G. Cowen Sec. Corp. v. U.S. Dist. Ct.*, 189 F.3d 909, 914 (9th Cir. 1999) (holding that petitioner seeking writ vacating discovery order would be damaged or prejudiced in a way not correctable on appeal); *Goshtasby v. Bd. of Trustees of the Univ. of Illinois*, 123 F.3d 427, 428 (7th Cir. 1997) ("[I]f the defendant … has immunity, its right to be free of litigation is compromised … if the district court proceeds while the appeal is pending."); *John Doe Agency v. John Doe Corp.*, 488 U.S. 1306, 1309 (1989) (staying disclosure order pending disposition of petition for writ of certiorari where compliance "would also create an irreparable injury"). Indeed, this Court has long recognized that in similar cases, where a privilege or immunity is involved, irreparable harm may be easily found since "disclosure cannot be undone." *Barton,* 410 F.3d at 1109.

As explained above, California's anti-SLAPP statute provides a substantive immunity from suit through (1) an automatic discovery stay, (2) prompt disposition of an anti-SLAPP motion before discovery, and (3) immediate appellate review, and is designed to protect freedom of speech and petition by discouraging retaliatory lawsuits like this one. *See* Cal. Code Civ. Proc. §§ 425.16(f),(g),(i). Such protections are lost once Defendants suffer substantial litigation of baseless claims, while their duly filed anti-SLAPP motion is vacated indefinitely.

Here, the irreparable harm is palpable. DC is pressing for an extensive deposition on January 12 and 14, 2011 of Joanne Siegel, Jerry Siegel's 93-year-old

widow, even though DC already took her full-day deposition in the closely related
*Siegel* action and her physician testified that this lengthy second deposition poses a
significant health risk.  Will. Decl. Ex. 9 at 24.[10]  DC has also recently promulgated
burdensome written discovery pertaining to its baseless claims, with responses due
on January 10, 2011.  Will Decl., Exs. 45-51.

DC, which itself engaged in substantial delay in bringing this action, will not
be prejudiced by a brief stay pending decision on Defendants' writ petition.  The
Shuster termination notice that gave rise to DC's complaint was served on DC in
November 2003.  Will. Decl. Ex. 6, ¶ 92.  In 2006, DC learned of the purported
"interference" by Toberoff that it alleges.  *Id.*, Ex. 14 at 18-20, 21-22.  Yet DC
waited until May 2010 to file suit.  Furthermore, the witnesses DC seeks to depose
were already fully deposed in the closely related *Siegel* actions, wherein DC also
received the relevant documents.  *Id.*, Ex. 35 at 18-23.  Moreover, DC has not
identified any discovery needed to oppose the anti-SLAPP motion.  Lastly, any
purported harm could be mitigated by expediting briefing and ruling on the writ.

### D.    The Public Interest Favors A Stay

The anti-SLAPP statute promotes California's strong "public interest [in]

---

[10] DC will also shortly re-take the deposition of Joanne's daughter, Laura Siegel
Larson, who suffers from multiple sclerosis, painful spine disorders and
fibromyalgia, even though Laura was already deposed twice in *Siegel*.  *Id.,* Ex. 5 at
26-29.  DC will similarly re-take the deposition of Jean Peavy, Joe Shuster's 89-
year-old sister, who suffers from aphasia due to a severe stroke last year, and was
also already deposed in *Siegel*.  *Id.*, Ex. 39 at 7, n.6.

EXHIBIT H

encourag[ing] continued participation in matters of public significance, and that this participation should not be chilled through abuse of the judicial process." Cal. Code. Civ. Proc. § 425.16(a). The law is designed to remedy "'meritless and harassing claims seeking to chill protected expression.'" *Mindys*, 611 F.3d at 595. The Ninth Circuit has also "consistently recognized the 'significant public interest' in upholding free speech principles." *Klein v. City of San Clemente*, 584 F.3d 1196, 1208 (9th Cir. 2009) (citation omitted). *See also People of State of Cal. v. Mesa*, 813 F.2d 960, 963 (9th Cir. 1987) ("[F]ederalism concerns justify review by mandamus") *aff'd sub nom.* 489 U.S. 121 (1989). The strong public interest in upholding these protections supports a stay.

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, this Court should stay discovery and/or the November 16, 2010 order pending a ruling on Defendants' Petition.

Dated:  December 20, 2010                    RESPECTFULLY SUBMITTED,


_____                _____
Laura W. Brill                           Marc Toberoff
KENDALL BRILL & KLIEGER LLP              TOBEROFF & ASSOCIATES, P.C.
Attorneys for Defendants-Petitioners,    Attorneys for Defendants-Petitioners,
*Pacific Pictures Corporation, IP*       *Mark Warren Peary, as personal*
*Worldwide, LLC, IPW, LLC, and*          *representative of the Estate of Joseph*
*Marc Toberoff*                          *Shuster, Jean Adele Peavy, Joanne*
                                         *Siegel and Laura Siegel Larson*

# CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2010, I caused to be served a true and correct copy of the documents entitled Defendants-Petitioners Pacific Pictures Corporation, IP Worldwide, LLC, IPW, LLC, Marc Toberoff, Mark Warren Peary, Jean Adele Peavy, Joanne Siegel and Laura Siegel Larson's Motion For Stay Pending Decision on Petition For a Writ of Mandamus, and the Declaration of Nicholas C. Williamson in support thereof by electronic service and U.S. mail on the following interested parties in this action:

Daniel Petrocelli, Esq.
O'MELVENY & MYERS LLP
1900 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067
*via Electronic Service*

Honorable Otis D. Wright II
United States District Court
Courtroom 11
312 N. Spring Street
Los Angeles, CA 90012
*via U.S. Mail*


Dated: December 20, 2010                    _____

                                                    Keith G. Adams

EXHIBIT H
90