Marc Toberoff (State Bar No. 188547)
  *mtoberoff@ipwla.com*
Keith G. Adams (State Bar No. 240497)
  *kgadams@ipwla.com*
TOBEROFF & ASSOCIATES, P.C.
2049 Century Park East, Suite 3630
Los Angeles, California, 90067
Telephone:  (310) 246-3333
Fax:        (310) 246-3101

Attorneys for Defendants Mark Warren Peary, as personal representative of the Estate of Joseph Shuster, Jean Adele Peavy, and Laura Siegel Larson, individually and as personal representative of the Estate of Joanne Siegel

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| DC COMICS,<br><br>         Plaintiff,<br><br>    vs.<br><br>PACIFIC PICTURES CORPORATION; IP WORLDWIDE, LLC; IPW, LLC; MARC TOBEROFF, an individual; MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER; JEAN ADELE PEAVY, an individual; LAURA SIEGEL LARSON, individually and as personal representative of the ESTATE OF JOANNE SIEGEL, and DOES 1-10, inclusive,<br><br>         Defendants. | Case No: CV 10-03633 ODW (RZx)<br><br>Hon. Otis D. Wright II, U.S.D.J.<br>Hon. Ralph Zarefsky, U.S.M.J.<br><br>**DISCOVERY MATTER**<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF DC COMICS'** ***EX PARTE*** **MOTION TO CLARIFY THE COURT'S MAY 25, 2011 ORDER**<br><br>Complaint filed:  May 14, 2010<br>Trial Date:  None Set |

DEFENDANTS' OPPOSITION TO PLAINTIFF DC COMICS' *EX PARTE* APPLICATION

# INTRODUCTION

This Court's May 25, 2011 order, which found a broad waiver of privilege as to the stolen documents (the "May 25 Order" or "Order"), expressly noted the absence of "controlling authority" from the Ninth Circuit, judiciously invited review, and expressly stayed production "until *all* review is exhausted *or* the District Judge rules *to the contrary* on the matter." Docket No. 262 at 2-3 (emphasis added). Defendants will file next week a petition for a writ of mandamus with the Ninth Circuit as to the May 25 Order, and the District Court's June 13, 2011 order summarily denying review (Docket No. 279). The plain language chosen by the Court in its May 25 Order clearly encompasses a stay pending such review, as requested by Defendants in their opposition to DC's motion. Docket No. 210 at 10. The stay is amply justified to allow the Ninth Circuit the opportunity to address this important issue of first impression before Defendants are irreparably harmed. Under the fiction of seeking "clarification" of the Court's unambiguous stay, DC improperly seeks reconsideration to disrupt any meaningful review by the Ninth Circuit through the premature production of the numerous privileged documents at issue.

### A. The Order Plainly Stays Production Until Review is Exhausted

The May 25 Order found a broad waiver of privilege as to all privileged documents stolen from Mr. Toberoff's firm that were temporarily shared with the U.S. Attorney's Office, pursuant to a grand jury subpoena and a confidentiality agreement, to enable it to assess/investigate this crime. However, in recognition of the grave importance of this matter, the "contradict[ory] cases from other circuits," "the absence of controlling authority from the Ninth Circuit," and that "[DC's] cases do not deal with victims of crime" (Docket No. 262 at 2), this Court contemplated review of its May 25 Order and expressly stayed production of the stolen documents:

> However, the Court stays its ruling to allow Defendants to seek review before the District Judge. If the Defendants seek such review, *the stay shall continue in effect until all review is exhausted or the District Judge rules to the contrary on the matter*. [*Id.* at 3 (emphasis added)].

1
DEFENDANTS' OPPOSITION TO PLAINTIFF DC COMICS' *EX PARTE* APPLICATION

Defendants expressly requested, in opposition to DC's underlying motion, that "any order from this Court requiring the production of privileged material should be stayed pending writ review." Docket No. 210 at 10. The Court granted Defendants' request, and the stay as worded could not be clearer.[1] The Order contemplates review before Judge Wright, as a necessary prerequisite for appellate review under F.R.C.P. 72. Hence, its operative sentence begins "If the Defendants seek such review…." However, the Order expressly does not limit the stay to review before the District Judge. Rather, the Order makes a point of thereafter stating that "the stay shall continue in effect until *all* review is exhausted" (emphasis added) – not, as DC pretends, "until *such* review is exhausted" or "until review before *the District Judge* is exhausted. This readily could have been so stated had it been the Court's intent.

To be even clearer, the Order *alternatively* lifts the stay only "if the District Judge rules to the contrary on the matter" – *i.e.,* if the District Judge reverses the May 25 Order. By clear implication if, as here, the District Judge did not "rule[] to the contrary," but instead affirmed the Order, the stay continues until "all review is exhausted" – which obviously entails writ review to the Ninth Circuit. DC's self-serving interpretation that the stay lifts immediately after the District Judge's review renders meaningless the Order's explicit alternative wording.

This Court was well within its right to so stay its Order. *See, e.g., Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979) (Courts may properly "enter a stay…pending resolution of independent proceeding"); *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007). DC's straw man that the stay is "indefinite[]" and 'untenable" (Docket No. 283 at 2) lacks merit. Stays are routinely entered pending resolution of future proceedings. *See Leyva*, 593 F.3d at 863. By its terms, the Order clearly contemplates a stay

---

[1] Defendants thus had no need to "request [] a stay" from Judge Wright. Docket No. 283 at 1. DC's complaint that Defendants have "not filed such a [writ] petition" (*id.* at 3) is also a red herring, as Defendants will file by next week. It takes time to prepare a petition, and Judge Wright made an unexpectedly early ruling on the motion for review.

2
DEFENDANTS' OPPOSITION TO PLAINTIFF DC COMICS' *EX PARTE* APPLICATION

pending a motion for review and potential writ review by the Ninth Circuit.

### B. A Stay Pending Decision on a Writ is Amply Justified

There is ample basis for writ review of this critical issue of privilege waiver facing *victims* of crime. As acknowledged by this Court, there is an "absence of controlling authority from the Ninth Circuit" on this issue, and no federal case that found such a broad privilege waiver by *the victim* of a crime. Docket No. 262 at 2. This Court further recognized a Circuit split (Docket No. 262 at 3) even as to whether disclosure to law enforcement by *the target* of an investigation waives privilege. *Compare*, *e.g.*, *In re Steinhardt Partners L.P.*, 9 F.3d 230, 236 (2d Cir. 1993) to *U.S. v. Massachusetts Institute of Technology*, 129 F.3d 681 (1st Cir. 1997). In fact, the Ninth Circuit, in noting this split, twice conspicuously declined to rule that disclosure to law enforcement by the target of investigation causes a waiver. *See U.S. v. Bergonzi*, 403 F.3d 1048, 1050 (9th Cir. 2005); *Bittaker v. Woodford*, 331 F.3d 715, 720 n.5 (9th Cir. 2003). *See Jobin v. Bank of Boulder (In re M & L Bus. Mach. Co.)*, 161 B.R. 689, 696 (D. Colo. 1993) (this area is in a state of "hopeless confusion.").

The May 25 Order has wide-ranging implications that stand to chill investigation and prosecution by the government. Under the Order, the victims of any crimes involving the theft of privileged or confidential material (*e.g.,* the recent theft of Citibank's records), and third parties wishing to assist a criminal investigation, will be penalized for cooperating with the government. As the Order recognized, either the privilege is maintained and the "perpetrator goes free" (Docket No. 262 at 3) or the privilege is waived and the object of the crime accomplished. Such policy concerns as to this key issue of first impression amply justify a stay, so as to afford the Ninth Circuit the opportunity to review the Order before it is too late.

Contrary to DC's suggestion, the Supreme Court in *Mohawk Indus. v. Carpenter*, 130 S. Ct. 599, 607-608 (2009), expressly approved of "discretionary review mechanisms," including mandamus, especially for "injurious or novel privilege ruling[s]." After *Mohawk,* the Ninth Circuit has consistently emphasized

that writ review is appropriate where, as here, a court finds a "blanket waiver of the attorney-client and work product privileges" (*Hernandez v. Tanninen*, 604 F.3d 1095, 1101 (9th Cir. 2010)) or where "discovery orders rais[e] particularly important questions of first impression, especially … [as to] the scope of an important privilege." *Perry v. Schwarzenegger*, 591 F.3d 1147, 1157 (9th Cir. 2010).

As this Court indicated at the June 20, 2011 hearing, it will not handicap what the Ninth Circuit will do in response to the writ. Given the obvious importance of this issue, the Court's stay pending such review is the only reasonable course. Absent such stay, the issue would be mooted by the forced production to DC of numerous privileged documents, tainting this litigation and the closely related *Siegel* actions if the Order is reversed. If a stay is not maintained, subsequent reversal would have wide ranging effects, including potential disqualification of DC's counsel and a "do-over" of this entire case. DC's claim that the bell can be un-rung by exclusion of "'the protected material and its fruits'" (Docket No. 283 at 3) is implausible given the broad scope and number of the stolen privileged documents.

It is far more prudent to stay production of the privileged documents, as the Order has done, until the Ninth Circuit has the opportunity to weigh in on this critical issue. Despite DC's excessive discovery motions, this case is still in its infancy (*e.g.*, the pleadings have not even closed). The important rights and legal issues at stake here trump DC's scheduling preferences, particularly as there is no discovery cut-off. DC's claimed "prejudice" begs the question, as it presupposes an entitlement to the stolen privileged documents – the very issue of first impression subject to review.

### C. There is No Basis for Reconsideration or *Ex Parte* Relief

As the language of the May 25 Order is quite clear, DC's application is for reconsideration of that order, not "clarification." Yet DC blatantly fails to comply with Local Rule 7-18, which requires "a material difference in fact or law," "the emergence of new material facts or a change of law," or "a manifest showing of a failure to consider material facts" to justify reconsideration. Moreover, DC failed to

reply (Docket No. 215) to Defendants' clear request for a stay in their opposition to DC's motion. Docket No. 210 at 10. As DC itself has conceded, "motions [for reconsideration] are improper when based on arguments [a party] could have and should have presented before." Docket No. 278-1 at 14.

Nor is there any basis for "emergency" *ex parte* relief. DC could have easily brought a noticed motion earlier.[2] DC similarly failed to appeal the Order's stay pursuant to L.R. 72, which is therefore "final" under F.R.C.P. 72(a) and L. R. 72-2.1. DC's failure to bring an earlier motion for clarification or a motion for review substantially undercuts DC's alleged need for emergency *ex parte* relief.

Lastly, DC mischaracterizes Judge Wright's June 1, 2011 order as creating an August 8th "deadline," and as advocating DC's discovery. Docket No. 283 at 2. The order was simply triggered by DC's request to supplement its opposition to the anti-SLAPP motion and the Court's aversion to "supplemental briefs." *See* Docket No. 270. Judge Wright struck DC's opposition(s) and set August 8 for filing a new opposition. *Id*. The order gave no indication that discovery was to be largely completed by August 8, as DC argues; nor would that make sense, given the lack of a F.R.C.P. 16(b)(1) scheduling order or a discovery cut-off in the case. Accordingly, DC retains numerous options and is not prejudiced by the stay in the May 25 Order.

Dated: June 24, 2011   RESPECTFULLY SUBMITTED,

_____
Marc Toberoff
TOBEROFF & ASSOCIATES, P.C.

Attorneys for Defendants
Mark Warren Peary, as personal representative of the Estate of Joseph Shuster, Jean Adele Peavy, and Laura Siegel Larson, individually and as personal representative of the Estate of Joanne Siegel

---

[2] On June 1, 2011, Defendants informed DC that they would filing a petition for a writ of mandamus if their motion for review of the May 25 Order was denied. Docket No. 278-1, ¶ 4. On June 13, DC itself raised Defendants' "appellate intentions" and stated that "defendants will not produce the [stolen] documents until … the Ninth Circuit … ha[s] ruled on [a] possible writ" in its opposition to another motion. Docket No. 278-1 at 3-4.

5
DEFENDANTS' OPPOSITION TO PLAINTIFF DC COMICS' *EX PARTE* APPLICATION