**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DC COMICS,<br><br>                Plaintiff,<br><br>    vs.<br><br>PACIFIC PICTURES CORPORATION, ET AL.<br><br>                Defendants. | CASE NO. CV 10-03633 ODW (RZx)<br><br>Order Denying Plaintiff's Ex Parte Application for Clarification of Court's Stay Order |

On June 22, 2011, Plaintiff D.C. Comics filed an ex parte application, seeking what it called clarification of a previous order issued by this Court. The underlying order was issued on May 25, 2011, in connection with a discovery dispute between the parties. This Court ordered production of certain documents, ruling that the claimed privileges had been waived by disclosure of the documents in response to a grand jury subpoena. This Court stayed its ruling, however, stating that

> The motion therefore is granted as to these documents. However, the Court stays its ruling to allow Defendants to seek review before the District Judge. If the Defendants seek such review, the stay shall continue in effect until all review is

exhausted or the District Judge rules to the contrary on the matter.

It is this stay ruling as to which Plaintiff seeks "clarification."

The federal rules do not identify a motion for clarification, and there is nothing which puts the Court's ruling directly at issue; no motion to enforce or to reconsider or modify the Court's ruling has been made, and Plaintiff did not seek review of the Court's ruling before the District Judge. As a procedural matter, therefore, the motion is wanting, and it also is not clear that it qualifies for ex parte relief in any event under *Mission Power Engineering Co. v. Continental Cas. Co.*, 883 F. Supp. 488 (C.D. Cal. 1995). Nevertheless, because of the importance of the issue, the Court proceeds to explicate its reasoning further.

Although the advocates on each side of this question want to paint this dispute in black and white tones, the Court sees it as predominantly gray, and the cases finding waiver elucidate the competing considerations. The Ninth Circuit, however, has not weighed these considerations in a context like that presented here. While the Court is satisfied with its analysis, the matter is not clear cut, and the consequences of a wrong decision are significant. It may be true that an erroneous releasing of privileged documents can be repaired through an appellate reversal, as Plaintiff argues, but the privilege nevertheless in that case will not have been preserved, and the confidence which clients reposed in their attorneys will have been undermined. This is not a situation the Court takes lightly.

It is for that reason that the Court stayed its ruling. The necessary predicate of the stay was that Defendant would seek review of the ruling, and so the order stated that the stay would take effect if Defendants sought review before the District Judge, the first place in which review was required to be explored. The stay would expire if the District Judge ruled in a manner contrary to this Court. It would not expire otherwise until review was exhausted. There thus is nothing to clarify.

The Court does deem it prudent to modify the order slightly, however. Since Defendants have stated that they intend to seek review by writ from the Ninth Circuit, and since the rules impose no deadline for filing a writ application, the possibility exists in theory — although the Court doubts that it exists in practice — that Defendants will tarry with such review for the purpose of delaying the time within which to produce, if they have to produce. To foreclose this possibility, the Court modifies its stay; the stay will expire if Defendants have not filed an application for review with the Ninth Circuit by the close of business on June 30, 2011; if they file such an application by that time, the stay will continue until further order of the Court.

In accordance with the foregoing, the motion for clarification is denied.

Dated: June 27, 2011

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE