DANIEL M. PETROCELLI (S.B. #097802)
dpetrocelli@omm.com
MATTHEW T. KLINE (S.B. #211640)
mkline@omm.com
CASSANDRA L. SETO (S.B. #246608)
cseto@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067-6035
Telephone: (310) 553-6700
Facsimile: (310) 246-6779

PATRICK T. PERKINS (admitted *pro hac vice*)
pperkins@ptplaw.com
PERKINS LAW OFFICE, P.C.
1711 Route 9D
Cold Spring, NY 10516
Telephone: (845) 265-2820
Facsimile: (845) 265-2819

Attorneys for Plaintiff DC Comics

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DC COMICS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PACIFIC PICTURES CORPORATION, IP WORLDWIDE, LLC, IPW, LLC, MARC TOBEROFF, an individual, MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER, JEAN ADELE PEAVY, an individual, JOANNE SIEGEL, an individual, LAURA SIEGEL LARSON, an individual, and DOES 1-10, inclusive,<br><br>　　　　Defendants. | Case No. CV 10-3633 ODW (RZx)<br><br>**DC COMICS' OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION OF JUNE 1, 2011 ORDER**<br><br>**Judge**:　　Hon. Otis D. Wright II<br>**Magistrate**:　Hon. Ralph Zarefsky<br><br>**Date**:　　　July 18, 2011<br>**Time**:　　　1:30 p.m.<br>**Courtroom**:　11 |

The Court's June 1 scheduling order was not a "mistake," Defs.' Mot. for Reconsid. at 3:12, 4:7, 4:14-15, and there is no reason to reconsider it. The Court has the authority to manage its docket and set an appropriate briefing schedule on defendants' Rule 12 and SLAPP motions.

1. <u>SLAPP Motion.</u> Defendants do *not* dispute the Court rightly altered the briefing schedule on their SLAPP motion or that the Court may consider discovery DC is taking in ruling on that motion. Ninth Circuit and California law entitle DC "to discover information that is essential to its opposition," *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001); *Shropshire v. Fred Rappaport Co.*, 294 F. Supp. 2d 1085, 1100 (N.D. Cal. 2003); Docket No. 162-17 at 659 (citing *Lafayette Morehouse, Inc. v. Chronicle Publ'g Co.*, 37 Cal. App. 4th 855, 868 (1995); CAL. CIV. PROC. CODE § 425.16(g)), and courts rightly defer hearing SLAPP motions until discovery is complete, *Shropshire*, 294 F. Supp. 2d at 1100.

2. <u>Rule 12 Motions.</u> Defendants assert there is no basis for new briefing on defendants' pending Rule 12 motions. We disagree. Initially, as explained in the opposition papers on file, DC submits these motions are not well taken, misstate the law, and turn on contested factual assertions by defendants that cannot possibly be resolved at the pleadings stage.

In any event, defendants cite *no* case or rule holding that, in responding to the Rule 12 motions, DC may not brief—or that this Court may not consider—new developments in the case or the law, including in discovery. For example, defendants ask that DC's claims be dismissed with prejudice; facts developed in discovery may be relevant to establishing the need to amend. W. SCHWARZER ET AL., FEDERAL CIVIL PROCEDURE BEFORE TRIAL § 9:226.4 (Rutter 2011) ("Even if not considered in determining the sufficiency of the pleading, 'new' facts in plaintiff's opposition papers should be considered in deciding whether to grant leave to amend or to dismiss *with or without* prejudice."); *see also Orion Tire Corp. v. Goodyear Tire & Rubber Co.*, 268 F.3d 1133, 1137 (9th Cir. 2001).

1    Furthermore, courts have the power to take judicial notice of certain facts that may
2    develop. *E.g.*, *Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994), *overruled*
3    *on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir.
4    2002). In their own Rule 12 briefs, defendants asked the Court to take notice of
5    documents DC cited in its complaint. Docket No. 146-1 at 5 n.4. In short, the
6    Court's June 1 ruling asking for new Rule 12 briefing makes a great deal of sense.
7         Finally, defendants' contentions that new Rule 12 opposition briefs would
8    amount to "an unwarranted … 'sur-reply'" or "prejudice" defendants is plainly
9    wrong. The rule that sur-replies are improper absent leave of the court is premised
10   on the assumption that they deny the moving party an opportunity to respond. *See*
11   *Sims v. Paramount Gold & Silver Corp.*, 2010 WL 5364783, at *8 (D. Ariz. Dec.
12   21, 2010). The Court's June 1 order expressly *allows* defendants to submit *new*
13   reply briefs, Docket No. 270, meaning they will have an opportunity to respond to
14   DC's arguments.
15        3. <u>Timing.</u> On May 25, 2011, Magistrate Zarefsky issued an order directing
16   defendants to produce documents demanded by DC. Docket No. 262 at 2-4. These
17   documents, summarized in the "Timeline" exhibit attached to DC's complaint,
18   Docket No. 49 at 62-68, are highly probative to establishing DC's claims. On June
19   13, 2011, this Court denied defendants' motion to overturn the Magistrate's order to
20   produce. Docket No. 279. In papers filed with the Magistrate, defendants have
21   announced their intent to file this week a petition for writ of mandamus in the Ninth
22   Circuit. Docket No. 281 at 1. In the meantime, because the Magistrate imposed a
23   stay of defendants' production pending their writ application to the Ninth Circuit,
24   DC has yet to receive the documents. Docket No. 287. Given the expected time it
25   will take the Ninth Circuit to rule on this writ, DC anticipates the earliest it may
26   receive the documents is late July or August. In order to have the benefit of the
27   documents and related deposition testimony for our opposition filings to
28   defendants' pending motions, DC will seek the Court's permission to adjust the

August 8 deadline for submission of new briefing.  DC will meet and confer with defendants and apply to the Court to request such an extension.

Dated:       June 27, 2011                                    Respectfully Submitted,

O'MELVENY & MYERS LLP

By: /s/ Daniel M. Petrocelli
    Daniel M. Petrocelli
    Attorneys for Plaintiff DC Comics