Marc Toberoff (State Bar No. 188547)
 *mtoberoff@ipwla.com*
Keith G. Adams (State Bar No. 240497)
 *kgadams@ipwla.com*
TOBEROFF & ASSOCIATES, P.C.
2049 Century Park East, Suite 3630
Los Angeles, California, 90067
Telephone: (310) 246-3333
Fax: (310) 246-3101

Attorneys for Defendants Mark Warren Peary, as personal representative of the Estate of Joseph Shuster, Jean Adele Peavy, and Laura Siegel Larson, individually and as personal representative of the Estate of Joanne Siegel

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| DC COMICS,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>PACIFIC PICTURES CORPORATION; IP WORLDWIDE, LLC; IPW, LLC; MARC TOBEROFF, an individual; MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER; JEAN ADELE PEAVY, an individual; LAURA SIEGEL LARSON, individually and as personal representative of the ESTATE OF JOANNE SIEGEL, and DOES 1-10, inclusive,<br><br>　　　　Defendants. | Case No: CV 10-03633 ODW (RZx)<br><br>Hon. Otis D. Wright II, U.S.D.J.<br>Hon. Ralph Zarefsky, U.S.M.J.<br><br>**REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR RECONSIDERATION OF JUNE 1, 2011 ORDER STRIKING OPPOSITIONS AND REPLIES TO MOTIONS TO DISMISS**<br><br>Complaint filed: May 14, 2010<br>Trial Date: None Set<br><br>Date: July 18, 2011<br>Time: 10:00 a.m.<br>Place: Courtroom 540 |

### REPLY MEMORANDUM

DC's opposition (Docket No. 290) to Defendants' motion for reconsideration of the Court's June 1, 2011 order (Docket No. 282) fails to address the basis for Defendants' motion and, in fact, demonstrates why the motion should be granted. The Court's June 1, 2011 Order (Docket No. 270; "June 1 Order") struck all oppositions and replies to defendants' motions to dismiss (Docket Nos. 146-148) on the perceived basis that "DC Comics expresse[d] its intent to file supplemental Oppositions to several pending motions" to such motions in a "Status Report" filed by DC on May 26, 2011. Docket No. 270.

As shown by the Status Report, and as DC concedes in its opposition, DC *never* asked to file supplemental oppositions to such motions to dismiss. The June 1 Order's striking of the oppositions and replies to the motions to dismiss thus appears to have been a simple, inadvertent mistake, which this Court is well within its rights to correct. *See* F.R.C.P. 60(a) (a court may correct such a mistake "whenever one is found in a judgment, order, or other part of the record," and "may do so on motion or on its own, with or without notice"); *Servants of the Paraclete v. Doe*, 204 F.3d 1005, 1012 (10th Cir. 2000) ("Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts [or] a party's position….").

The Court previously ordered that all the briefing on Defendants' motions to dismiss be resubmitted. Docket No. 179. DC has not and cannot provide any reason why the opposition and replies should be redone and re-submitted, as the motions to dismiss under F.R.C.P. 12(b)(6) are limited to *DC's* own complaint and matters subject to judicial notice. A new set of opposition and reply briefs on the motions to dismiss will only serve to burden the Court.

Defendants will briefly address DC's remaining contentions:

1.  <u>SLAPP Motion:</u>  Defendants do not seek reconsideration of that portion of the June 1 Order striking the opposition/reply briefs to the anti-SLAPP motion based on DC's stated intent in its Status Report to file a "supplemental brief" solely

as to the anti-SLAPP motion.

However, contrary to DC's suggestion, discovery is *not* required to adjudicate the anti-SLAPP motion. Defendants' anti-SLAPP motion can be decided as a matter of law and DC is not entitled to further discovery to oppose that motion. *See* Cal. Code Civ. Proc. § 425.16(g) (staying discovery pending the decision on an anti-SLAPP motion, absent narrow particularized circumstances); *Paterno v. Superior Ct.*, 163 Cal. App. 4th 1342, 1351 (2008) (reversing grant of discovery in connection with anti-SLAPP motion); *1-800 Contacts, Inc. v. Steinberg*, 107 Cal. App. 4th 568, 593 (2003) (affirming denial of discovery in connection with anti-SLAPP motion); Docket No. 145-1 at 12-22 (setting forth basis to strike DC's claims as a matter of law pursuant to California's SLAPP statute); No. 196 at 11:18-12:16 (setting forth the bases to adjudicate the anti-SLAPP motion without further discovery). In fact, DC itself argued previously that the anti-SLAPP motion could be decided as a matter of law without further discovery. *See* Docket No. 181 at 11-25.

2.  <u>Motions to Dismiss:</u>  DC vaguely claims that it may discover "new facts" to oppose Defendants' motions to dismiss. This makes no sense, however, because Defendants' motions to dismiss are confined per F.R.C.P 12(b)(6) to *DC's* allegations in its complaint and facts "properly subject to judicial notice." *See, e.g., Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Motions to dismiss are not dependent on discovery, and are decided as a matter of law.

Thus DC does not even attempt to argue that additional briefing is required or will assist the Court. While DC argues that new oppositions and replies will not technically be "sur-replies," such are effective sur-replies or supplemental briefs, as both sides will necessarily attempt to rebut the other's arguments in their prior record briefing, leading to potential confusion and burdening the Court.

3.  <u>Timing of the Motions:</u>  DC's opposition makes plain its strategy to delay the inevitable dismissal of its barred and baseless claims, by seeking reconsideration of the June 1 Order and asking yet a third time for "additional time"

to file new oppositions to Defendants' anti-SLAPP motion, well past this Court's August 8, 2011 deadline.  Docket No. 290 at 2-3.  DC's consistent practice in this case has been to delay any decision on the anti-SLAPP motion by arguing that it supposedly requires more discovery, because the grant *or* denial of an anti-SLAPP motion is an immediately appealable interlocutory order (*see Batzel v. Smith*, 333 F.3d 1018 (9th Cir. 2003)) and DC seeks to evade Ninth Circuit review at all cost.

DC is incorrect, and the anti-SLAPP motion can be resolved as a matter of law. However, given DC's complaints and discovery excuses, the Court may well benefit by referring such matters to Magistrate Judge Zarefsky, who is intimately familiar with DC's voluminous discovery, having adjudicated ***ten*** discovery motions in this case alone (*see* Docket Nos. 41, 44, 58, 125, 159, 205-206, 230, 253, 267), in addition to ***twelve*** such motions in the closely related action, *Siegel v. Warner Bros. Entertainment Inc.*, Case No. 04-CV-08400 ODW (RZx).  *See Siegel*, Docket Nos. 53, 60, 69, 77, 102, 104, 107, 110, 127, 130, 133, 137.  Accordingly, Defendants will shortly move the Court to refer Defendants' anti-SLAPP motion and motions to dismiss (Docket Nos. 145-148) to Magistrate Judge Zarefsky for a "report and recommendation" to this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and F.R.C.P. 72(b), so that this related case can proceed towards an orderly resolution.

Dated:  July 1, 2011        RESPECTFULLY SUBMITTED,

/s/ Marc Toberoff
Marc Toberoff

TOBEROFF & ASSOCIATES, P.C.
Attorneys for Defendants Mark Warren Peary, as personal representative of the Estate of Joseph Shuster, Jean Adele Peavy, and Laura Siegel Larson, individually and as personal representative of the Estate of Joanne Siegel