Marc Toberoff (State Bar No. 188547)
 mtoberoff@ipwla.com
Keith G. Adams (State Bar No. 240497)
 kgadams@ipwla.com
TOBEROFF & ASSOCIATES, P.C.
2049 Century Park East, Suite 3630
Los Angeles, California, 90067
Telephone: (310) 246-3333
Fax:          (310) 246-3101

Attorneys for Defendants Mark Warren Peary, as personal representative of the Estate of Joseph Shuster, Jean Adele Peavy, and Laura Siegel Larson, individually and as personal representative of the Estate of Joanne Siegel

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| DC COMICS,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>PACIFIC PICTURES CORPORATION; IP WORLDWIDE, LLC; IPW, LLC; MARC TOBEROFF, an individual; MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER; JEAN ADELE PEAVY, an individual; LAURA SIEGEL LARSON, individually and as personal representative of the ESTATE OF JOANNE SIEGEL, and DOES 1-10, inclusive,<br><br>　　　　Defendants. | Case No: CV 10-03633 ODW (RZx)<br><br>Hon. Otis D. Wright II, U.S.D.J.<br>Hon. Ralph Zarefsky, U.S.M.J.<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR REFERENCE FOR A REPORT AND RECOMMENDATION PURSUANT TO 28 U.S.C. § 636(b)(1)(B) AND F.R.C.P. 72(b) RE: DEFENDANTS' DISPOSITIVE MOTIONS**<br><br>Complaint filed: May 14, 2010<br>Trial Date: None Set<br><br>Date:  August 8, 2011<br>Time:  1:30 p.m.<br>Place:  Courtroom 11 |

NOTICE OF MOTION AND MOTION FOR REFERENCE FOR REPORT AND RECOMMENDATION PURSUANT TO 28 U.S.C. § 636(b)(1)(B) RE: DEFENDANTS' DISPOSITIVE MOTIONS

1  TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

2  PLEASE TAKE NOTICE that on August 8, 2011 at 1:30 p.m., or as soon
3  thereafter as counsel may be heard, in Courtroom 11 of the above-captioned Court,
4  located at 312 N. Spring Street, Los Angeles, California, 90012, defendants Laura
5  Siegel Larson, Mark Warren Peary and Jean Adele Peavy, will and hereby do move
6  this Court to refer defendants' outstanding dispositive motions – an anti-SLAPP
7  motion (Docket No. 145) and three F.R.C.P. 12(b)(6) motions to dismiss  (Docket
8  Nos. 146-148), first filed in September 2010 – to Magistrate Judge Zarefsky for a
9  report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

10  There are already nearly three hundred docket entries in this case in a little
11  over a year, with no end in sight.  Plaintiff DC Comics ("DC") has taken extensive
12  discovery, yet keeps claiming that it requires "additional discovery" to oppose
13  defendants' anti-SLAPP motion and motions to dismiss, in a tactic clearly designed
14  to delay the resolution of these dispositive motions. *See, e.g.,* Docket No. 181, 290 at
15  1-2.  Notably, the final decision on the anti-SLAPP motion – whether a grant or a
16  denial – will be an immediately appealable collateral order under clear Ninth Circuit
17  authority. *See Batzel v. Smith*, 333 F.3d 1018 (9th Cir. 2003).  Hence, DC seeks at all
18  cost to delay any decision on the motion while it engages in a fishing expedition to
19  salvage its frivolous time-barred claims.  The Court recently permitted DC, at its
20  request, to file new oppositions to the anti-SLAPP motion by August 8, 2011.
21  Docket Nos. 270, 292.  Yet DC has already indicated that, on or before August 8, it
22  will attempt to further delay the resolution of these dispositive motions by claiming it
23  supposedly needs even more discovery.  *See* Docket No. 290 at 1-3.

24  Magistrate Judge Zarefsky has been intimately involved in the Superman cases
25  since the 2004 filing of the closely related case of *Siegel v. Warner Bros.*
26  *Entertainment Inc.*, Case No. 04-CV-08400 ODW (RZx).  Between this case and
27  *Siegel*, he has heard and resolved eighteen separate discovery motions.  On July 8,
28  2011, DC served three more discovery motions on Defendants, all strategically timed

by DC to be heard by Magistrate Zarefsky on August 8, 2011 (the new deadline for DC's opposition to the anti-SLAPP motion), so that DC can argue that such motions purportedly require even further delay and extensions.  Declaration of Keith Adams ("Adams Decl."), ¶ 3.  As Magistrate Zarefsky is immersed in the very discovery matters that DC keeps claiming are purportedly necessary to these dispositive motions, this Court may well benefit by referring these motions to Magistrate Judge Zarefsky for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and F.R.C.P. 72(b), while this Court maintains final decision-making authority. Such reference will also help alleviate the burdens this case places on the Court's congested calendar.

      This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on June 7, 2011.  Adams Decl., ¶ 2.  This motion is based on the attached memorandum of points and authorities, the pleadings and records on file in this action, such additional authority and argument as may be presented in any reply and at the hearing, and such other matters of which this Court may take judicial notice.

Dated:  July 11, 2011      RESPECTFULLY SUBMITTED,

/s/ Marc Toberoff
Marc Toberoff

TOBEROFF & ASSOCIATES, P.C.
Attorneys for Defendants Mark Warren Peary, as personal representative of the Estate of Joseph Shuster, Jean Adele Peavy, and Laura Siegel Larson, individually and as personal representative of the Estate of Joanne Siegel

# INTRODUCTION

This Court can and should refer the outstanding dispositive motions filed by defendants Laura Siegel Larson *et al.* ("Defendants"), consisting of an anti-SLAPP motion (Docket No. 145) and three F.R.C.P. 12(b)(6) motions to dismiss (Docket Nos. 146-148), to Magistrate Judge Zarefsky for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and F.R.C.P. 72(b). This case has been pending for fourteen months and, as this Court noted, the parties have compiled "nearly [300] docket entries." *See* Docket No. 270. Defendants' pending motions, originally filed in September 2010, should dispose of most or all of this case as a matter of law.

The final decision on Defendants' anti-SLAPP motion – be it a grant or a denial – will be an immediately appealable collateral order under clear Ninth Circuit authority. *Batzel v. Smith*, 333 F.3d 1018 (9th Cir. 2003). Thus, Plaintiff DC Comics ("DC") has consistently sought at all costs to delay the resolution of the anti-SLAPP motion by continually arguing that it needs "additional discovery." This is but a ploy for DC to engage in a fishing expedition to prop up its baseless time-barred claims.

Given that DC has conditioned the resolution of Defendants' dispositive motions on DC's purported discovery needs, the Court may well benefit by referring these motions to Magistrate Zarefsky for a report and recommendation. Magistrate Zarefsky is intimately familiar with DC's voluminous discovery in both this case and the closely related case of *Siegel v. Warner Bros. Entertainment Inc.*, Case No. 04-CV-08400 ODW (RZx)("*Siegel*") filed in 2004. Since then he has resolved *eighteen* motions between the two cases (*nine* in this case alone), and can readily evaluate DC's alleged discovery excuses. A reference to Magistrate Zarefsky will also help alleviate this Court's congested calendar and significantly advance this case, while this Court maintains final decision-making authority pursuant to F.R.C.P. 72(b).

# PROCEDURAL BACKGROUND

DC filed its Complaint in this case on May 14, 2010. On August 13, 2010, Defendants filed three dispositive Rule 12(b)(6) motions to dismiss, as well as an

anti-SLAPP motion.  Docket Nos. 30-31, 33-34.  On September 3, 2010, DC filed its First Amended Complaint (Docket No 49), and the Court thus vacated Defendants' motions.  Docket No. 52.  On September 20, 2010, Defendants filed their three motions to dismiss and an anti-SLAPP motion as to DC's amended complaint.  Docket Nos. 75, 77-78, 80.  On October 14, 2010, the Court vacated the motions and stayed the case pending an appeal.  Docket No. 109.  In January 2011, after the stay was lifted, Defendants renewed their motions to dismiss and anti-SLAPP motion, and the parties resubmitted their prior briefing.  Docket Nos. 145-148, 154, 156.  On February 11, 2011, the Court took the motions under submission.  Docket No. 169.  On March 9, 2011, the Court directed the parties to re-submit their opposition and reply briefs, which they did.  Docket Nos. 179, 181-186, 191-196, 201-203.

Since Defendants' dispositive motions were first filed, Magistrate Judge Zarefsky has heard and resolved nine separate discovery motions in this case.  *See* Docket Nos. 74, 209, 262, 285.  As he noted, "[f]rom a realistic perspective, the present case is so closely related as to be considered properly part of the same case as *Siegel*."  Docket No. 209 at 4.  In *Siegel,* filed in 2004, Magistrate Zarefsky also resolved nine discovery motions.  *Siegel*, Docket Nos. 58, 67, 87, 91, 158, 159, 178.

On May 23, 2011, in connection with one of its many motions, DC expressed concern that the anti-SLAPP motion "could be decided any day."  Docket No. 253 at 5.  To delay this, DC filed on May 26, 2011, without leave of Court, a so-called "status report," misrepresenting that "DC filed its opposition to defendants' SLAPP motion without the benefit of any discovery," when, in truth, DC was in possession of voluminous relevant discovery from six years of litigating the closely related *Siegel* case.  On that false premise, DC stated that it would "seek leave to supplement its opposition with evidence recently obtained in discovery."  Docket No. 263 at 1.

To avoid "supplemental briefs" by DC, the Court, on June 1, 2011, struck "all Oppositions and Replies" as to both the anti-SLAPP motion and motions to dismiss, and gave DC until August 8 to file new oppositions.  Docket No. 270.  Defendants

promptly moved for reconsideration of that order as to the three motions to dismiss, which the Court granted. Docket No. 292.

On June 2, 2011, Defendants informed DC that they would ask this Court to refer the dispositive motions to Magistrate Zarefsky for a report and recommendation pursuant to F.R.C.P. 72(b) because he was immersed "in the discovery matters that DC argues are related to defendants' anti-SLAPP motion." Docket No. 282-1, Ex. A. On July 8, 2011, DC served three more discovery motions, and strategically set them for hearing by Magistrate Zarefsky on the August 8, 2011 opposition deadline set by this Court so that DC could argue for further delay and extensions. Adams Decl., ¶ 3.

## ARGUMENT

### A. The Court Can Refer the Anti-SLAPP Motion and Motions to Dismiss to a Magistrate for a Report and Recommendation

It is well established that district courts are authorized by statute to refer dispositive motions in civil cases to magistrate judges, who must issue a report and recommendation for the ultimate determination of such motions by the district court. 28 U.S.C. § 636(b)(1). *See Thomas v. Arn*, 474 U.S. 140, 153 (1985) ("[A] district court may refer dispositive motions to a magistrate for a recommendation."); *Bernardi v. Yeutter*, 951 F.2d 971, 973 (9th Cir. 1991) (same). District courts commonly refer such motions to magistrates for a report and recommendation.[1] The district court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### B. A Reference to Magistrate Zarefsky Will Resolve DC's Continuous Attempts to Avoid Resolution of the Dispositive Motions

For over nine months, DC has conducted extensive discovery in this case on

---

[1] *See, e.g., Youssef v. Astrue*, 2011 U.S. Dist. LEXIS 11271, at *1 (C.D. Cal. Feb. 3, 2011); *Franklin v. McEwen*, 2011 U.S. Dist. LEXIS 4029 (C.D. Cal. Jan. 7, 2011); *Clark v. United States*, 2006 U.S. Dist. LEXIS 96372 (C.D. Cal. Nov. 8, 2006); *Nuechter v. United States*, 2001 U.S. Dist. LEXIS 16204, at *11 (C.D. Cal. Jul 13, 2001); *Nolan v. Heald College*, 745 F. Supp. 2d 916, 921 (N.D. Cal. Aug. 27, 2010); *Phillips v. AWH Corp.*, 2007 U.S. Dist. LEXIS 86601, at *4 (D. Colo. Nov. 15, 2007) (noting the "common practice in this District" for magistrates "to issue recommendations on specifically-referred dispositive motions").

baseless retaliatory claims that are barred as a matter of law, as set forth in Defendants' pending motions to dismiss and anti-SLAPP motion (Docket Nos. 145-148). This is in addition to DC's voluminous discovery in six years of litigating the closely related *Siegel* case. Moreover, the Court's June 1, 2011 order generously permitted DC to file on August 8, 2011 a new opposition to the anti-SLAPP motion. Docket Nos. 270, 292. Nonetheless, "[DC] will seek the Court's permission to adjust the August 8 deadline" by claiming it requires even more discovery (Docket No. 290 at 2-3). To that end, DC served three new discovery motions for hearing on August 8, so as to argue for further delay and extensions of the Court's August 8 deadline. Adams Decl., ¶ 3.

To be clear, DC's stance that it requires additional discovery to oppose the anti-SLAPP motion is manifestly incorrect. Defendants' anti-SLAPP motion can and should be decided *as a matter of law* without further discovery "because (1) the bulk of the motion is directed at the [Complaint's] legal deficiencies; (2) DC has already taken discovery during the six-year [*Siegel*] litigation on the extremely narrow factual issues; and (3) all of the relevant witnesses have already been deposed." Docket No. 196 at 11:18-12:16. DC itself argued that the anti-SLAPP motion could be decided as a matter of law without further discovery. *See* Docket No. 181 at 11-25.

The anti-SLAPP statute also stays discovery pending decision on an anti-SLAPP motion to deter "non-meritorious cases aimed at chilling [the right of petition] through costly, time-consuming litigation." *New.Net, Inc. v. Lavasoft*, 356 F. Supp. 2d 1090, 1098 (C.D. Cal. 2004); Cal. Code Civ. Proc. § 425.16(g). Discovery may proceed in only very narrow particularized circumstances. *See id.; Paterno v. Superior Ct.*, 163 Cal. App. 4th 1342, 1351 (2008).[2]

---

[2] DC previously argued that the anti-SLAPP stay is inapplicable in federal court under *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001). Defendants moved for a stay, arguing that *Metabolife* is effectively overruled by the Supreme Court's recent decision in *Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co.*, 130 S. Ct. 1431, 1452 (2010), which provides that the substantive protections and immunities of state law, even if embodied in a procedural rule, apply to state-law claims in federal court. *See Batzel*

1     Notably, the grant or denial of an anti-SLAPP motion is an immediately appealable collateral order. *See* Cal. Code Civ. Proc. § 425.16(g); *Batzel v. Smith,* 3 F.3d 1018 (9th Cir. 2003). Thus, DC's strategy has been to delay a ruling on Defendants' anti-SLAPP motion by falsely arguing that it requires "additional discovery" to oppose the motion. Yet, in the 14 months since DC filed its retaliatory complaint, it has not even bothered to take the depositions of Defendants Jean Peavy, Marc Toberoff, Pacific Pictures Corp., IP Worldwide, LLC or IPW LLC.

    DC styled its opposition to the anti-SLAPP motion as an "initial opposition" and argued that this Court "may not rule … until DC Comics has a chance to conduct discovery," that "[t]here are legions of unexplored factual areas" (Docket No. 181 at 1-2, 9-11), even though it had six years of voluminous discovery from *Siegel*.

    Since its "initial opposition," DC has taken extensive duplicative discovery, while continually arguing that it requires even more discovery to oppose Defendants' motions (*see, e.g.,* Docket No. 263 at 1, No. 290 at 2-3); and has stated that the Court's June 1, 2011 order (granting it an extension) only "makes sense" if, in DC's view, "defendants comply with their discovery obligations." Docket No. 282-1, Ex. B. However, DC's "view" is grossly overzealous, as demonstrated by the ***denial*** of most aspects of DC's repeated discovery motions. *See* Docket Nos. 209, 262, 285. DC will inevitably use this dense record to generate further confusion and delay.

    Given DC's extensive discovery motion practice, and its stated intent to condition the resolution of the anti-SLAPP motion on DC's purported discovery needs, it would make a great deal of sense for this Court to refer such motions to Magistrate Judge Zarefsky for a report and recommendation. Magistrate Zarefsky has been closely involved in the Superman cases since the filing of the related *Siegel*

---

*v. Smith*, 333 F.3d 1018, 1025 (9th Cir. 2003) ("[P]rotection of the anti-SLAPP statute [is] a substantive immunity from suit"). A motion for review of Magistrate Zarefsky's denial of Defendants' motion remains pending. *See* Docket Nos. 74, 101. Subsequently, in *Godin v. Schencks*, 629 F.3d 79, 90-91 (1st Cir. 2010) the First Circuit held that an automatic discovery stay (in an anti-SLAPP statute virtually identical to California's statute) applies in federal court, based on *Shady Grove*, just as Defendants had argued.

action in 2004, is immersed in the discovery that DC argues is essential to ruling on the dispositive motions, and is in a good position to evaluate DC's arguments.

As DC now contends that the same discovery "may be relevant" to Defendants' related motions to dismiss (Docket No. 290 at 1) to delay such motions as well, these should also be referred to Magistrate Zarefsky. Moreover, the Third and Sixth Claims, the subject of Ms. Larson's motion to dismiss, hinge on a "consent agreement." Docket No. 147. Magistrate Zarefsky has already well considered this agreement (Docket No. 209 at 5-8), which will serve to streamline this motion.

Given all of the above, a reference to Magistrate Zarefsky will swiftly resolve DC's endless excuses that it needs "additional discovery" to oppose the dispositive motions and avoid indefinitely delaying this case. While this Court retains the "final say" on any report and recommendation, any objections thereto are limited, further reducing the burden on this Court.[3] *See* 28 U.S.C. § 636(b)(1)(B); F.R.C.P. 72(b).

## CONCLUSION

For the foregoing reasons, the Court should refer defendants' dispositive motions (Docket Nos. 145-148) to Magistrate Judge Zarefsky for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and F.R.C.P. 72(b).

| Dated: July 11, 2011 | RESPECTFULLY SUBMITTED, |
|---|---|
| | /s/ Marc Toberoff |
| | Marc Toberoff |
| | TOBEROFF & ASSOCIATES, P.C. |
| | Attorneys for Defendants Mark Warren Peary, as personal representative of the Estate of Joseph Shuster, Jean Adele Peavy, and Laura Siegel Larson, individually and as personal representative of the Estate of Joanne Siegel |

---

[3] Parties must object to any factual findings made in a Magistrate's report and recommendation in order to preserve their rights on appeal. *See Jones v. Wood*, 207 F.3d 557, 562 (9th Cir. 2000). However, parties need not object to "legal conclusions" or "findings on mixed questions of law and fact" to preserve their right to appeal. *Id.*