1  DANIEL M. PETROCELLI (S.B. #097802)
    dpetrocelli@omm.com
2  MATTHEW T. KLINE (S.B. #211640)
    mkline@omm.com
3  CASSANDRA L. SETO (S.B. #246608)
    cseto@omm.com
4  O'MELVENY & MYERS LLP
   1999 Avenue of the Stars, 7th Floor
5  Los Angeles, CA  90067-6035
   Telephone:  (310) 553-6700
6  Facsimile:   (310) 246-6779

7  PATRICK T. PERKINS (admitted *pro hac vice*)
    pperkins@ptplaw.com
8  PERKINS LAW OFFICE, P.C.
   1711 Route 9D
9  Cold Spring, NY 10516
   Telephone:  (845) 265-2820
10 Facsimile:   (845) 265-2819

11 Attorneys for Plaintiff DC Comics

12                 **UNITED STATES DISTRICT COURT**

13                 **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 14  DC COMICS, | Case No. CV 10-3633 ODW (RZx) |
| 15           Plaintiff, | **DISCOVERY MATTER** |
| 16       v. | **JOINT STIPULATION REGARDING DC COMICS' MOTION TO COMPEL THE PRODUCTION OF ALL COPIES OF THE MAY 13, 2003, LETTER** |
| 17  PACIFIC PICTURES CORPORATION, IP WORLDWIDE, LLC, IPW, LLC, MARC TOBEROFF, an individual, MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER, JEAN ADELE PEAVY, an individual, LAURA SIEGEL LARSON, an individual and as personal representative of the ESTATE OF JOANNE SIEGEL, and DOES 1-10, inclusive, | |
| | NOTICE OF MOTION AND MOTION, DECLARATION OF JASON H. TOKORO, AND [PROPOSED] ORDER FILED CONCURRENTLY HEREWITH |
| 23           Defendants. | **Judge**:      Hon. Otis D. Wright II<br>**Magistrate**: Hon. Ralph Zarefsky |
| | **Hearing Date**:   Aug. 8, 2011<br>**Hearing Time**:   10:00 a.m.<br>**Courtroom**:      540<br>**Discovery Cutoff**: None Set<br>**Pretrial Conference**: None Set<br>**Trial**:           None Set |

JOINT STIPULATION RE: DC'S MOT. TO
COMPEL MAY 13, 2003 LETTER

(continued from previous page)

MARC TOBEROFF (S.B. #188547)
 mtoberoff@ipwla.com
NICHOLAS C. WILLIAMSON (S.B. #231124)
 nwilliamson@ipwla.com
KEITH G. ADAMS (S.B. #240497)
 kgadams@ipwla.com
TOBEROFF & ASSOCIATES, P.C.
2049 Century Park East, Suite 3630
Los Angeles, California 90067
Telephone:   (310) 246-3333
Facsimile:    (310) 246-3101

Attorneys for Defendants Mark Warren Peary, Jean Peavy, and Laura Siegel Larson

1  Pursuant to Federal Rules of Civil Procedure 26, 34, and 37 and Central
2  District Local Rule 37-2, the parties respectfully submit the following Joint
3  Stipulation Regarding DC Comics' Motion to Compel The Production Of All
4  Copies Of The May 13, 2003, Letter.  Pursuant to Central District Local Rule 37-1,
5  the parties have attempted unsuccessfully to resolve their disputes and therefore
6  respectfully seek the assistance of the Court.

7  Dated: July 18, 2011           Respectfully Submitted,
8                                  O'MELVENY & MYERS LLP
9
10                                 By: /s/ Daniel M. Petrocelli
11                                     Daniel M. Petrocelli
                                       Attorneys for Plaintiff DC Comics
12
   Dated: July 18, 2011           Respectfully Submitted,
13
                                  TOBEROFF & ASSOCIATES, P.C.
14
15                                 By: /s/ Marc Toberoff
16                                     Marc Toberoff
                                       Attorneys for Defendants Laura
17                                     Siegel Larson, Mark Warren Peary,
                                       and Jean Adele Peavy
18

## I. DC'S INTRODUCTION & STATEMENT OF ISSUES IN DISPUTE

Defendants should be ordered to produce all copies of the May 13, 2003, letter that Michael Siegel sent to defendant Laura Siegel Larson, including copies bearing "Q" Bates stamps—so labeled by escrow agent John Quinn. Defendants refuse to produce these various instances of the May 13 letter even though each is responsive to DC's document requests and must be produced pursuant to two court orders in this case: a December 7, 2010, order compelling defendants to produce all responsive non-privileged documents, Docket No. 133; and an April 11, 2011, order compelling defendants to produce the May 13 letter, Docket No. 209.

Indeed, at the June 20, 2011, hearing in this case, defendants admitted that at least one additional copy of the May 13 letter exists (with Q-Bates numbers), and they failed to produce it. Decl. of J. Tokoro Ex. 5 at 45:25-47:15. Despite this admission—and despite having *waived all objections* to DC's document requests other than *privilege*, Docket No. 133 at 1—defendants refuse to produce all instances of the May 13 letter, on the sole ground that, on June 20, the Court "denied" DC's request for these documents. Tokoro Decl. ¶ 9; Ex. 7. Defendants' position is not well taken. DC did ask the Court for all different Bates-stamped versions of the May 2003 letter at the June 20 hearing, but the Court instructed DC that its request was not before the Court that day. *Id.* Ex. 5 at 73:23-74:5. With the filing of this motion, that issue is now ripe, and DC's motion should be granted.

A. Background. DC served document requests in this case and the *Siegel* case that call for the production of all iterations of the May 13 letter.[1]  Defendants

---

[1] *E.g.*, Tokoro Decl. Ex. 1 at 16, 18 (*Siegel* No. 50: "All Writings concerning … any attempts by Plaintiffs, Siegel, and/or Shuster to sell, license, assign, transfer, market, or otherwise exploit any rights in Superman"; No. 61: "any communication or agreement between Michael Siegel and Plaintiffs related to Superman"); Docket No. 161-15 at 163-65 (*Pacific Pictures* No. 8: "All DOCUMENTS relating to … the disposition, division, or ownership of any rights in SUPERMAN; No. 23: "any solicitation, offer, or option from any DEFENDANT regarding the purported rights of YOU or the SIEGEL HEIRS [including Michael Siegel] in SUPERMAN").

do not dispute the May 13 letter is responsive to DC's requests, nor do they dispute the letter should have been produced in *Siegel*. Docket No. 275 at 1 n.1.

In May 2007, defendants were ordered to go through the Timeline and its enclosures and submit a sworn declaration itemizing which of the "Q" documents had been produced or withheld. Docket No. 42 at 49-51. Likely three copies of the May 13 letter exist among the Q documents (three copies of the Timeline and its enclosures were sent to Warner Bros., Case No. CV 04-8400, Docket No. 108 at 1-5), and yet Mr. Toberoff's May 2007 declaration neither identifies any copy of the May 13 letter, nor did defendants ever produce a copy of the letter until April *2011*.

The Timeline specifically identifies the May 13 letter and says it is among its enclosures. Am. Compl. Ex. A at 64-65. Thus, when DC met and conferred with defendants about its document requests in December 2010 and January 2011, it specifically and repeatedly asked defendants to search for the May 13 letter among the Timeline documents and produce it.[2] Defendants responded the May 13 letter was "nonexistent." Docket No. 162-12 at 589. When the Court ordered defendants to produce the May 13 letter or verify it did not exist, Docket No. 209 at 12, they produced *one* redacted copy of the document—a copy *not* bearing a Q Bates stamp.

Defendants initially represented that this redacted copy of the letter was their "only" copy. Tokoro Decl. Ex. 4 at 29. When DC pressed the issue, defendants admitted the May 13 letter was also among the documents "enclosed" with the Timeline, Docket No. 269 at 11 n.6, and admitted they had not produced this Q-stamped version of the letter, *id.* Ex. 5 at 69:8-20. Defendants told the Court that their failure to produce the letter was a mistake, as the letter had been "part of a

---

[2] Kline Decl. Ex. 2 at 23 (Dec. 29, 2010: "[T]here are certain communications listed on the [Timeline] that neither appear on defendants' logs nor have been produced. … [For] example, a May 13, 2003 letter from Michael Siegel to Laura Siegel Larson [is] discussed in the last paragraph of page 3 on the Timeline."); Ex. 3 at 26 (Jan. 5, 2011: "There were two other communications mentioned in the Toberoff Timeline that you did not address in your letter. They are (1) a May 13, 2003, letter from Michael Siegel to Laura Siegel Larson….").

larger communication from the client wanting to discuss these communications with her brother." *Id.* Ex. 5 at 45:25-47:15.

B. Argument. These excuses both make no sense (DC *repeatedly* asked defendants to search the Timeline enclosures for this very letter), and they lay bare the problem with defendants' approach to privilege (non-privileged documents do not become privileged when sent to an attorney[3]). *But what is essential now* is that defendants have no basis for refusing to produce all iterations of the May 13 letter:

- All different copies of the letter with different Bates-stamp numbers are responsive, and they yet have not been produced;
- Defendants waived all relevance and other objections to DC's requests other than privilege, Docket No. 133 at 1;
- Defendants admit they are withholding at least one Q-stamp version of the letter, Tokoro Decl. Ex. 5 at 69:8-20 ("[W]hat we could have done is produced our two copies, one with the [Q] bates number, one without the bates number. We didn't...."); and
- DC needs to see all Q-stamp versions of the letter to understand defendants' privilege logs and Mr. Toberoff's May 2007 declaration.

Defendants' sole reason for refusing to produce these documents is a claim that the Court already ruled on the issue by denying DC's motion to compel on June 20. Tokoro Decl. ¶ 9; Ex. 7. This is untrue. At the end of the June 20 hearing—and *after* Mr. Toberoff admitted he withheld "Q" Bates stamp versions of the May 13 letter—DC's counsel requested that defendants be ordered to produce those Q-stamped versions. The Court declined to address the issues, stating it had "*dealt with everything that has been presented as a motion*," and was "not going to start taking oral motions." *Id.* Ex. 5 at 74:3-5 (emphasis added).

DC now presents this issue in writing, and this motion should be granted.

---

[3] *U.S. v. Ruehle*, 583 F.3d 600, 608-09 (9th Cir. 2009); *U.S. v. Osborn*, 561 F.2d 1334, 1338 (9th Cir. 1977); *Suezaki v. Super. Ct.*, 58 Cal. 2d 166, 176 (1962) (transmittal of non-privileged communication to counsel "cannot create the privilege"); *Sneider v. Kimberly-Clark Corp.*, 91 F.R.D. 1, 4 (N.D. Ill. 1980) ("Attachments … cannot become privileged by merely attaching them to a communication with an attorney.").

## II. DEFENDANTS' INTRODUCTORY STATEMENT

Defendants produced the May 13, 2003 letter from Michael Siegel to Laura Siegel Larson (the "May 13 Letter"). It is self-evident from the produced May 13 Letter that the redactions did not affect the letter itself, which was produced intact. DC nonetheless moved to compel the production of an "unredacted" copy of the May 13 Letter, which was denied. *See* Docket Nos. 267, 285. As part of DC's ongoing efforts to profit from the outrageous theft from Mr. Toberoff's law firm, this motion once again seeks a "copy of a copy" of the May 13 Letter made by the thief and included in the stolen documents delivered to and then Bates-stamped by DC. Despite DC's mischaracterization of the record, DC's prior motion to compel expressly sought the exact same thing. DC's motion is thus for reconsideration of the denial of that motion without even attempting to satisfy Local Rule 7-18.

## III. DEFENDANTS' POSITION

### A. <u>DC Improperly Seeks Reconsideration of Its Prior Motion to Compel</u>

DC's motion ignores the fact that this matter was placed before this Court and rejected. DC filed a motion to compel the production of the May 13 Letter without redactions, and the primary basis for DC's motion was that it needed an unredacted copy of the May 13 Letter included with the stolen documents illicitly delivered to DC, so that DC could see its "Q" stamp. DC's central arguments were that the May 13 Letter "was one of the documents included with the 'Whistleblower' submission" (Docket No. 267 at 2) and that "the version of the May 2003 document that defendants produced does not bear the 'Q' Bates Stamps of the escrow agent who maintained the Timeline documents." Docket No. 275 at 4. DC's motion was denied (Docket No. 285) and DC does not argue any basis for reconsideration of that order under Local Rule 7-18. Instead, DC misrepresents to the Court that it only "now presents this issue in writing." *Supra* at 3.

Because DC's motion does no more than recycle its prior arguments and fails

1  to satisfy L.R. 7-18, it should be denied on that ground alone. *See McCoy v. Roe*,
2  234 Fed. Appx. 559, 560 (9th Cir. 2007) (approving denial of motion for
3  reconsideration that "restated the arguments and allegations made in support of
4  [the] original motion"); *Aventis Pharms SA v. Amphastar Pharm., Inc.*, 2005 WL
5  5957795, at *2 (C.D. Cal. Mar. 25, 2005) (motion to reconsider failed because it
6  was "repeating an argument"); *Hepler v. Wash. Mut. Bank, F.A.*, 2008 WL
7  4866285, at *1 (C.D. Cal. Oct. 28, 2008) (same).

   In addition to pretending that its prior denied motion did not expressly address this matter, DC misstates the record in other key respects. Without limitation:

- Defendants never stated that the May 13 Letter "should have been produced in *Siegel*," and DC's sole citation on the subject is to DC's unsupported assertion in one of own prior briefs. *Supra* at 2, *citing* Docket No. 272 at 1 n.1.
- Defendants never stated that the May 13 Letter does not exist, as DC again erroneously contends. *Supra* at 2. This Court's April 11, 2011 order noted that Defendants never denied the existence of the May 13 letter. Docket No. 209 at 12.
- Defendants clearly stated that the copy of the May 13 Letter in their possession had attorney notations on it, and produced that copy. As Defendants explained, the copies in the "Stolen Documents" were "cop[ies] of that copy." Tokoro Decl., Ex. 5 at 40:10-14. When DC inquired about the redactions of the attorney notations, Defendants stated that their "only copy" of the May 13 Letter had such notations. Tokoro Decl., Ex. 4. DC takes that statement out of context, to pretend that Defendants represented they only had one copy.

   As the only copy of the May 13 Letter in Mr. Toberoff's legal files contained attorney marginalia and underlining, the copy of that copy made by the thief and

- 5 -   JOINT STIPULATION RE: DC'S MOT. TO COMPEL MAY 13, 2003 LETTER

1  placed with the stolen documents included the same notations. Tokoro Decl., Ex. 5
2  at 40:10-14.  DC offers no real justification that it is entitled to or needs such
3  "copies of copies" of the May 13 Letter.
4        The real reason DC filed its motion is to take another bite of the apple to set
5  up further motion practice.  DC claims that it needs these copies of copies "to
6  understand [*i.e.*, challenge] defendants' privilege logs."  *Supra* at 3.  However, this
7  Court's April 11, 2011 order (Docket No. 209) already upheld Defendants'
8  privilege logs, which were previously upheld in the closely related case of *Siegel v.*
9  *Warner Bros. Entertainment Inc.*, Case No. 04-08400 ODW (RZx), Docket No. 58.
10 DC unsuccessfully sought reconsideration of that April 11 order on the grounds that
11 the May 13 Letter was a supposed "revelation" that throws into doubt all of
12 Defendants' logs.  Docket No. 253 at 6, 9-10; *see* Docket No. 285 (order denying
13 DC's motion for reconsideration).[4]  DC thus seeks additional, unredacted copies of
14 the May 13 Letter solely to drum up yet another motion for reconsideration on the
15 same subject.

---

[4] Defendants clearly addressed this issue at the June 20 hearing, and stated that they had initially believed that the May 13 Letter was part of a larger privileged communication that had been logged, but that further inquiry revealed that the May 13 Letter was not part of that communication and had inadvertently not been properly logged. Tokoro Decl., Ex. E at 17:8-18:3.  Defendants therefore did not assert privilege in opposition to DC's first motion to compel (Dockets No. 160), and accordingly, on April 11, 2011, the Court ordered that the May 13 Letter be produced.  Docket No. 209.

| | | | |
|---|---|---|---|
| Dated: | July 18, 2011 | | Respectfully Submitted, |
| | | | O'MELVENY & MYERS LLP |
| | | | By: /s/ Daniel M. Petrocelli |
| | | |     Daniel M. Petrocelli |
| | | |     Attorneys for Plaintiff DC Comics |
| Dated: | July 18, 2011 | | Respectfully Submitted, |
| | | | TOBEROFF & ASSOCIATES, P.C. |
| | | | By: /s/ Marc Toberoff |
| | | |     Marc Toberoff |
| | | |     Attorneys for Defendants Laura Siegel Larson, Mark Warren Peary, and Jean Adele Peavy |