# EXHIBIT 1

# EXHIBIT 1

```
 1  FROSS ZELNICK LEHRMAN & ZISSU, P.C.
    Roger L. Zissu (Admitted pro hac vice)
 2  Patrick T. Perkins (Admitted pro hac vice)
    James D. Weinberger (Admitted pro hac vice)
 3  866 United Nations Plaza
    New York, New York 10017
 4  Telephone: (212) 813-5900
    Fax: (212) 813-5901
 5
    WEISSMANN WOLFF BERGMAN
 6    COLEMAN GRODIN & EVALL LLP
    Michael Bergman (SBN 37797)
 7  David L. Burg (SBN 130403)
    Adam Hagen (SBN 218021)
 8  9665 Wilshire Boulevard, Ninth Floor
    Beverly Hills, California 90212
 9  Telephone: (310) 858-7888
    Fax: (310) 550-7191
10
    Attorneys for Defendants/Counterclaimant
11
```

| | |
|---|---|
| JOANNE SIEGEL and LAURA SIEGEL LARSON,<br><br>Plaintiffs,<br><br>vs.<br><br>WARNER BROS. ENTERTAINMENT INC.; TIME WARNER INC.; DC COMICS; and DOES 1-10.<br><br>Defendants. | Case No. 04-8400 (DDP) (RZx)<br><br>-and- |
| JOANNE SIEGEL and LAURA SIEGEL LARSON,<br><br>Plaintiffs,<br><br>vs.<br><br>TIME WARNER INC.; WARNER COMMUNICATIONS INC.; WARNER BROS. ENTERTAINMENT INC.; WARNER BROS. TELEVISION PRODUCTION INC.; DC COMICS; and DOES 1-10.<br><br>Defendants. | Case No. 04-8776 (DDP) (RZx)<br><br>**DEFENDANTS'/ COUNTERCLAIMANT'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS** |
| AND RELATED COUNTERCLAIMS | |

Pursuant to Fed. R. Civ. P. 34, Defendants Warner Bros. Entertainment Inc., Time Warner Inc., Warner Communications Inc., and Warner Bros. Television Production Inc., and Defendant and Counterclaimant DC Comics, request that

EXHIBIT 1
3

Plaintiffs Joanne Siegel and Laura Siegel Larson respond hereto in writing and produce and permit inspection and copying of each of the following documents and tangible things in their possession, custody or control. The documents and things identified herein shall be produced no later than 30 days from the date of this request at the offices of Fross Zelnick Lehrman & Zissu, P.C., 866 United Nations Plaza, New York, New York 10017, or as otherwise agreed.

### INSTRUCTIONS AND DEFINITIONS

A. "Plaintiffs" means, collectively and severally, Plaintiffs Joanne Siegel and Laura Siegel Larson and each of their past and present agents and representatives.

B. "Siegel" means Jerome (a.k.a. "Jerry") Siegel and each of his agents and representatives.

C. "Shuster" means Joseph (a.k.a. "Joe") Shuster and each of his agents and representatives.

D. The "Shuster Representatives" means, collectively and severally, Jean Adele Peavy, Mark Warren Peary, all executors, administrators, heirs, and representatives of the estate of Joseph Shuster, and all of their respective agents and representatives.

E. "Defendants" means, collectively and severally, Defendants Warner Bros. Entertainment Inc., Time Warner Inc., Warner Communications Inc., and Warner Bros. Television Production Inc., and Defendant and Counterclaimant DC Comics, each of their predecessors in interest, and all of their agents, employees, and representatives.

F. "First Complaint" means the complaint and any amendments, supplements, or corrections thereto in action Case No. 04-8400 (DDP) (RZx).

G. "Second Complaint" means the complaint and any amendments, supplements, or corrections thereto in action Case No. 04-08776 (DDP) (RZx).

1  H.  "Concerning" means relating to, describing, evidencing, proving, tending to prove, referring to, comprising, constituting, disproving or tending to disprove.

I.  Whenever the terms "and" or "or" are used they are to be construed both disjunctively and conjunctively as necessary to bring within the scope of these discovery requests responses that might otherwise be construed to be outside the scope.

J.  The use of the singular form of any word includes the plural and vice versa.

K.  In the event any document is withheld on a claim of attorney/client privilege or work product immunity, please provide a statement signed by an attorney representing Plaintiffs setting forth as to each such document:

 (1)  The name of the sender(s) of the document;

 (2)  The name of the author(s) of the document;

 (3)  The name(s) of all person(s) to whom copies were sent and/or to whom the information contained therein was disclosed;

 (4)  Job title of every person named in (1), (2), and (3) above;

 (5)  Date of the document;

 (6)  The date on which the document was received;

 (7)  A brief description of the nature and subject matter of the document; and

 (8)  The statute, rule, or decision which is claimed to give rise to the privilege.

M.  "Writing" means any tangible expression or communication -- printed or electronic -- however created, recorded, embodied, maintained, filed, or stored in any medium, mode, form, or technology, including, without limitation, as defined by Rule 1001 of the Federal Rules of Evidence, and includes every "original" and every "duplicate" of each such Writing as defined, respectively, by Rules 1001(3)

3

EXHIBIT 1

5

and (4) of the Federal Rules of Evidence.

N. The "1947 Action" means the lawsuit filed by Jerome Siegel and Joseph Shuster in or about 1947 in the Supreme Court of the State of New York, County of Westchester, against National Comics Publications, Inc.

**REQUESTS**

**Request No. 1**

All Writings upon which Plaintiffs intend to rely in this action.

**Request No. 2**

All Writings concerning any communication or agreements among or between Siegel and Shuster.

**Request No. 3**

All Writings concerning any communication or agreement between Siegel and/or Shuster, on the one hand, and Defendants, on the other hand.

**Request No. 4**

All Writings concerning or which Plaintiffs contend support any of the allegations in paragraph 16 of the First Complaint.

**Request No. 5**

All Writings concerning: (a) the twenty-four days of "Superman" comic strips intended for newspaper publication; (b) the synopsis of comic strips for weeks two, three and four; (c) the paragraph previewing future "Superman" exploits; and (d) the nine page synopsis that Plaintiffs allege Siegel created "in or about 1934," in paragraph 17 of the First Complaint, including but not limited to correspondence relating thereto, as well as any drafts, sketches, drawings, or story boards.

**Request No. 6**

All Writings concerning: (a) the fifteen daily "Superman" comic strips and (b) the three additional six day weeks of "Superman" comics that Plaintiffs allege Siegel and Shuster created "in or about 1934," in paragraph 18 of the First Complaint, including but not limited to correspondence relating thereto, as well as

4

EXHIBIT 1
6

1  any drafts, sketches, drawings, or story boards.

**Request No. 7**

All Writings concerning the October 4, 1935 letter from Malcolm Wheeler-Nicholson referred to in paragraph 19 of the First Complaint.

**Request No. 8**

All Writings concerning the December 4, 1937 agreement between Siegel and Shuster and Detective Comics referred to in paragraph 20 of the First Complaint.

**Request No. 9**

All Writings concerning the request to Siegel and Shuster from McClure Newspaper Syndicate to forward the "1934 Superman Comic Strip material" to Detective Comics that Plaintiffs allege in paragraph 21 of the First Complaint took place in 1938.

**Request No. 10**

All Writings concerning or which Plaintiffs contend support the allegation in paragraph 21 of the First Complaint that, by early 1938, "'Superman' and his miraculous powers had already been completely developed by Siegel and Shuster."

**Request No. 11**

All Writings concerning or which Plaintiffs contend support the allegations in paragraph 22 of the First Complaint that in or about January or February 1938, in response to interest by Detective Comics, "Siegel and Shuster cut and pasted" material they had previously created into "more than ninety separate panels."

**Request No. 12**

All Writings concerning the March 1, 1938 grant from Siegel and Shuster to Detective Comics referred to in paragraph 24 of the First Complaint.

**Request No. 13**

All Writings concerning any advertisement of Superman and "Action Comics No. 1," including but not limited to those which appeared in "More Fun Comics No. 31," "Detective Comics No. 15," and "New Adventure Comics No. 26."

5

EXHIBIT 1

7

**Request No. 14**

All Writings concerning Action Comics No. 1, including but not limited to, any correspondence related thereto, and all drafts, sketches, drawings, or story boards.

**Request No. 15**

All Writings concerning the September 22, 1938 agreement among Siegel and Shuster, Detective Comics and The McClure Newspaper Syndicate referred to in paragraph 29 of the First Complaint.

**Request No. 16**

All Writings concerning the September 22, 1938 grant from Siegel and Shuster to Detective Comics referred to in paragraph 30 of the First Complaint.

**Request No. 17**

All Writings concerning Action Comics Nos. 1-6, including but not limited to any correspondence related thereto, and all drafts, sketches, drawings, or story boards.

**Request No. 18**

All Writings concerning or which Plaintiffs contend support the allegation in paragraph 32 of the First Complaint that Action Comics Nos. 2-6 were not "works made for hire."

**Request No. 19**

All Writings concerning the December 19, 1939 agreement between Siegel and Shuster and Detective Comics referred to in paragraph 33 of the First Complaint.

**Request No. 20**

All Writings concerning or which Plaintiffs contend support the allegations in paragraph 34 of the First Complaint that the Superman works created by Siegel and Shuster after September 28, 1938 were not "works made for hire."

**Request No. 21**

All Writings concerning the "character, conception and plan" for "Superboy," and its submission to any other person or entity, including but not limited to Detective Comics, referred to in paragraph 18 of the Second Complaint.

**Request No. 22**

All Writings concerning the letter dated December 2, 1938 referred to in paragraph 19 of the Second Complaint.

**Request No. 23**

All Writings concerning the "Siegel Superboy Material" referred to in paragraph 22 of the Second Complaint, including but not limited, any correspondence related thereto, and all drafts, sketches, drawings, or story boards.

**Request No. 24**

All Writings concerning any submission (or response thereto) of the "Siegel Superboy Material" referred to paragraphs 27-28 of the Second Complaint.

**Request No. 25**

All Writings concerning or which Plaintiffs contend support any of the allegations in paragraph 31 of the Second Complaint.

**Request No. 26**

All Writings concerning the "Superboy Comic Books" referred to in paragraph 37 of the Second Complaint.

**Request No. 27**

All Writings concerning the 1947 Action.

**Request No. 28**

All Writings concerning the trial of the 1947 Action before the Official Referee.

**Request No. 29**

All Writings concerning the May 19, 1948 stipulation of settlement between Siegel and National Comics Publications, Inc. referred to in paragraph 35 of the

7

EXHIBIT 1
9

First Complaint.

**Request No. 30**

All Writings concerning the Consent Judgment entered into by the parties to the 1947 Action.

**Request No. 31**

All Writings concerning the action brought in the United States District Court for the Southern District of New York entitled *Siegel v. National Periodical Publs., Inc.*, Case No. 69 Civ. 1429.

**Request No. 32**

All Writings concerning the appeal to the United States Court of Appeals for the Second Circuit entitled *Siegel v. National Periodical Publs., Inc.*, Docket No. 73-2844.

**Request No. 33**

All Writings concerning the December 23, 1975 agreement referred to in paragraph 38 of the First Complaint.

**Request No. 34**

All Writings concerning any benefits ever received by Siegel, Shuster, or Plaintiffs from Defendants, including without limitation pursuant to the December 23, 1975 Agreement referred to in paragraph 38 of the First Complaint and paragraph 57 of the Second Complaint.

**Request No. 35**

All Writings concerning the conception or creation of any element of the Superman character or story.

**Request No. 36**

All Writings concerning any communication or agreement (a) between or among Plaintiffs concerning any of the matters alleged in the First Complaint or the Second Complaint, (b) between Plaintiffs, and on the one hand, and any other person or entity, on the other hand, concerning any of the matters alleged in the First

8

EXHIBIT 1

10

Complaint or the Second Complaint, or (c) between Plaintiffs and Defendants.

**Request No. 37**

All Writings concerning any of the following:

i. Letter from Jerry Siegel to Stanley H. Livingston, President, Consolidated Book Publishers, dated June 1, 1933.

ii. Letter from Stanley H. Livingston, President, Consolidated Book Publishers, to Jerry Siegel dated June 8, 1933.

iii. Post card from Jerry Siegel to Stanley H. Livingston, President, Consolidated Book Publishers, dated August 8, 1933.

iv. Letter from Stanley H. Livingston, President, Consolidated Book Publishers, to Jerry Siegel dated August 22, 1933.

v. Letter from Lee O'Mealia to Jerry Siegel dated July 17, 1933.

vi. Letter from Lee O'Mealia to Jerry Siegel dated September 11, 1933.

vii. Letter from Lee O'Mealia to Jerry Siegel dated November 2, 1933.

viii. Letter from Lee O'Mealia to Jerry Siegel dated August 31, 1934.

ix. Letter from Russell Keaton to Jerry Siegel dated June 9, 1934.

x. Script for Superman submitted by Jerry Siegel to Russell Keaton on or about June 11, 1934.

xi. Letter from Russell Keaton to Jerry Siegel dated June 14, 1934.

xii. Letter from Russell Keaton to Jerry Siegel dated June 22, 1934.

xiii. Letter from Russell Keaton to Jerry Siegel dated July 6, 1934.

xiv. Letter from Russell Keaton to Jerry Siegel dated July 11, 1934.

xv. Letter from Russell Keaton to Jerry Siegel dated August 7, 1934.

xvi. Letter from Russell Keaton to Jerry Siegel dated October 17, 1934.

xvii. Letter from Russell Keaton to Jerry Siegel dated November 3, 1934.

xviii. Rejection letters re Superman from the Bell Syndicate, Publishers Syndicate of Chicago, Super Magazines, Dell Publishing Company, Swan-

9

EXHIBIT 1

11

1  McDonald Features, Esquire Features, McClure Newspaper Syndicate, United
2  Features Syndicate or The Ledger Syndicate.
3      xix.    Letter dated November 16, 1974 from the editor of Super Magazines.
4      xx.    Letter dated October 29, 1937 from the editor of Super Magazines.
5      xxi.    Letter from Joseph B. Agnelli of The Bell Syndicate to Jerry Siegel
6  dated February 21, 1935.
7      xxii.    Letter from Horace Epps of The Bell Syndicate to Jerry Siegel, dated
8  May 27, 1935.
9      xxiii.    Letter from Malcolm Wheeler-Nicholson to Jerry Siegel dated June
10 6, 1935.
11     xxiv.    Letter from Malcolm Wheeler-Nicholson to Jerry Siegel dated July 3,
12 1935.
13     xxv.    Letter from Malcolm Wheeler-Nicholson to Jerry Siegel dated
14 October 4, 1935.
15     xxvi.    Letter from Malcolm Wheeler-Nicholson to Jerry Siegel dated March
16 13, 1936.
17     xxvii.    Letter from Malcolm Wheeler-Nicholson to Jerry Siegel dated March
18 20, 1936.
19     xxviii.    Letter from Malcolm Wheeler-Nicholson to Jerry Siegel dated March
20 16, 1937.
21     xxix.    Letter from Malcolm Wheeler-Nicholson to Jerry Siegel dated
22 August 3, 1937.
23     xxx.    Letter from Malcolm Wheeler-Nicholson to Jerry Siegel dated
24 December 1, 1937.
25     xxxi.    Letter from M.C. Gaines of The McClure Newspaper Syndicate to
26 Jerry Siegel dated November 30, 1937.
27     xxxii.    Letter from M.C. Gaines of The McClure Newspaper Syndicate to
28 Jerry Siegel dated February 9, 1938.

1     xxxiii. Letter from The McClure Newspaper Syndicate to Jerry Siegel dated April 8, 1938.

3     xxxiv. Letter from The McClure Newspaper Syndicate to Jerry Siegel dated April 13, 1938.

5     xxxv. Letter from The McClure Newspaper Syndicate to Jerry Siegel dated April 21, 1938.

7     xxxvi. Letter from Jerry Siegel to M.C. Gaines of The McClure Newspaper Syndicate dated December 1, 1937.

9     xxxvii. Letter from M.C. Gaines of The McClure Newspaper Syndicate to Jerry Siegel dated June 13, 1938.

11     xxxviii. Letter from Jack Liebowitz of Detective Comics, Inc. to Jerry Siegel dated December 1, 1937.

13     xxxix. Letter from Jerry Siegel to Jack Liebowitz of Detective Comics, Inc. dated December 6, 1937.

15     xl. Letter from Jack Liebowitz of Detective Comics, Inc. to Jerry Siegel dated December 9, 1937.

17     xli. Letter from Jack Liebowitz of Detective Comics, Inc. to Jerry Siegel dated January 5, 1938.

19     xlii. Letter from Jack Liebowitz of Detective Comics, Inc. to Jerry Siegel dated March 1, 1938.

21     xliii. Letter from Jack Liebowitz of Detective Comics, Inc. to Jerry Siegel dated June 9, 1938.

23     xliv. Letter from Vin Sullivan of Detective Comics, Inc. to Jerry Siegel dated January 10, 1938.

25     xlv. Letter from Vin Sullivan of Detective Comics, Inc. to Jerry Siegel dated January 12, 1938.

27     xlvi. Letter from Vin Sullivan of Detective Comics, Inc. to Jerry Siegel dated January 31, 1938.

xlvii.   Letter from Vin Sullivan of Detective Comics, Inc. to Jerry Siegel dated February 1, 1938.

xlviii.  Letter from Vin Sullivan of Detective Comics, Inc. to Jerry Siegel dated February 4, 1938.

xlix.    Letter from Vin Sullivan of Detective Comics, Inc. to Jerry Siegel dated February 9, 1938.

l.       Letter from Vin Sullivan of Detective Comics, Inc. to Jerry Siegel dated February 16, 1938.

li.      Letter from Vin Sullivan of Detective Comics, Inc. to Jerry Siegel dated February 22, 1938.

lii.     Letter from Vin Sullivan of Detective Comics, Inc. to Jerry Siegel dated March 14, 1938.

liii.    Letter from Howard Denby of Esquire Features, Inc. to Jerry Siegel dated September 9, 1936.

liv.     Letter from New Fun's Managing Editor to Jerry Siegel dated October 23, 1935.

lv.      Letter from Swan-McDonald Features, Inc. to Jerry Siegel dated February 27, 1936.

lvi.     Letter from William Laas of United Features Syndicate to Jerry Siegel dated February 13, 1937.

lvii.    Letter from The Ledger Syndicate to Jerry Siegel dated March 2, 1937.

lviii.   Letter from Chas. F. Lounsbury of The Register and Tribune Syndicate dated August 26, 1938.

lix.     Letter from Chas. F. Lounsbury of The Register and Tribune Syndicate dated September 7, 1938.

**Request No. 38**

All Writings concerning the notices of termination under 17 U.S.C. § 304, which Plaintiffs claim they served on or about April 3, 1997.

**Request No. 39**

All Writings concerning or which Plaintiffs contend support their allegation that the notices of termination served by Plaintiffs on or about April 3, 1997 were drafted, served and filed in full compliance with 17 U.S.C. § 304(c) and 37 C.F.R. § 201.10 (2003).

**Request No. 40**

All Writings concerning the notice of termination under 17 U.S.C. § 304, which Plaintiffs claim they served on or about November 8, 2002.

**Request No. 41**

All Writings concerning or which Plaintiffs contend support their allegation that the notice of termination served by Plaintiffs on or about November 8, 2002 was drafted, served and filed in full compliance with 17 U.S.C. § 304(c) and 37 C.F.R. § 201.10 (2003).

**Request No. 42**

All Writings concerning ownership or any claim of ownership by Plaintiffs of any trademarks, trade dress, or related marks or rights in the Superman Crest, as that term is defined in the First and Second Complaints.

**Request No. 43**

All Writings concerning or which Plaintiffs contend support any damage or injury which they claim has resulted from the waste alleged in Count Five of the First Complaint.

**Request No. 44**

All Writings concerning or which Plaintiffs contend support the allegation of "Defendants' under-utilization of the Recaptured copyrights" in paragraph 79 of the First Complaint.

13

EXHIBIT 1
15

**Request No. 45**

All Writings concerning or which Plaintiffs contend support the allegation of "Defendants' non 'arms length' contracts between wholly owned subsidiaries and divisions" in paragraph 79 of the First Complaint.

**Request No. 46**

All Writings concerning or which Plaintiffs contend support the allegation of "Defendants' self-serving accounting practices" in paragraph 79 of the First Complaint.

**Request No. 47**

All Writings concerning or which Plaintiffs contend support the allegation of "Defendants' improper allocation of revenues, costs and profits" in paragraph 79 of the First Complaint.

**Request No. 48**

All Writings concerning or which Plaintiffs contend support the allegation of "Defendants' relatively marginal exploitation" of the Superman franchise in paragraph 79 of the First Complaint.

**Request No. 49**

All Writings concerning or which Plaintiffs contend support the allegation that "market opportunities for such a superhero franchise has been and continues to be at an all time high" in paragraph 79 of the First Complaint.

**Request No. 50**

All Writings concerning any attempts by Plaintiffs, Siegel, and/or Shuster to sell, license, assign, transfer, market, or otherwise exploit any rights in Superman.

**Request No. 51**

All Writings concerning any payments or other consideration received by Plaintiffs from any Defendants in connection with Superman.

14

EXHIBIT 1
16

**Request No. 52**

All Writings concerning the settlement discussions between Plaintiffs and Defendants that took place from approximately April 17, 1997 through September 30, 2002.

**Request No. 53**

All Writings concerning the October 19, 2001 letter from Plaintiffs' then counsel to John Schulman.

**Request No. 54**

All Writings concerning the October 26, 2001 letter from John Schulman to Plaintiffs' then counsel.

**Request No. 55**

All Writings concerning the draft agreement transmitted to Plaintiffs on or about February 1, 2002.

**Request No. 56**

All Writings concerning the May 9, 2002 letter from Joanne Siegel to Richard Parsons.

**Request No. 57**

All Writings concerning the September 21, 2002 letter from Plaintiffs to Paul Levitz.

**Request No. 58**

All Writings concerning any communications between Plaintiffs and any attorney, partner, employee, agent, or representative of the law firm Gang Tyre Ramer & Brown after September 21, 2002.

**Request No. 59**

All Writings concerning any disposition of any rights relating to Superman, including but not limited to any solicitation, offer, option, agreement or license.

**Request No. 60**

All Writings concerning the division of any revenues relating to Superman among Plaintiffs and between Plaintiffs and any other person or entity.

**Request No. 61**

All Writings concerning any communication or agreement between Michael Siegel and Plaintiffs related to Superman.

**Request No. 62**

All Writings concerning any communication or agreement between Dennis Larson and Plaintiffs related to Superman.

**Request No. 63**

All Writings concerning the Shuster Representatives, including but not limited to any communication or agreements between Plaintiffs and any of the Shuster Representatives.

**Request No. 64**

All Writings concerning Marc Toberoff or his law firm which were created or which refer to the period prior to his being retained as counsel for Plaintiffs in these related actions.

DATED:   June 21, 2005

FROSS ZELNICK LEHRMAN & ZISSU, P.C.
Roger L. Zissu
Patrick T. Perkins
James D. Weinberger

-and-

WEISSMANN WOLFF BERGMAN
  COLEMAN GRODIN & EVALL LLP
Michael Bergman
David L. Burg
Adam Hagen

By: /s/ Patrick T. Perkins

Attorneys for Defendants/Counterclaimant

16

EXHIBIT 1
18

|     |     |
| --- | --- |
| 1   |                              PROOF OF SERVICE |
| 2   |                         1013A(3) C.C.P. Revised 5/1/88 |

STATE OF CALIFORNIA    )
                       ) ss.
COUNTY OF LOS ANGELES  )

I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 1513 Livonia Avenue, Los Angeles, CA 90035. On the date shown below, I served the foregoing document described as **DEFENDANTS'/COUNTERCLAIMANT'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENT AND THINGS** on the interested parties in said action, by placing a true copy thereof enclosed in a sealed envelope, addressed as follows:

Marc Toberoff
Rafael Gomez-Cabrera
Nicholas C. Williamson
Law Offices of Marc Toberoff, PLC
1999 Avenue of the Stars, Suite 1540
Los Angeles, CA 90067

___    **(BY MAIL)** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Beverly Hills, California. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

<u>XX</u>    **(PERSONAL SERVICE)** I delivered such document to the offices of the addressee above.

___    **(FACSIMILE SERVICE)** I caused such document to be transmitted via facsimile to the offices of the addressees at the numbers listed above.

___    **(BY FEDERAL EXPRESS)** I caused a copy of such document(s) to be delivered to the offices of the addressee(s) via Federal Express, next business day delivery service.

Executed on **June 21, 2005**, at Beverly Hills, California.

___    **STATE**    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

<u>XX</u>    **FEDERAL**    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
MEL STEINER

EXHIBIT 1
-19