1  DANIEL M. PETROCELLI (S.B. #097802)
     dpetrocelli@omm.com
2  MATTHEW T. KLINE (S.B. #211640)
     mkline@omm.com
3  CASSANDRA L. SETO (S.B. #246608)
     cseto@omm.com
4  O'MELVENY & MYERS LLP
   1999 Avenue of the Stars, 7th Floor
5  Los Angeles, CA  90067-6035
   Telephone:  (310) 553-6700
6  Facsimile:   (310) 246-6779

7  PATRICK T. PERKINS (admitted *pro hac vice*)
     pperkins@ptplaw.com
8  PERKINS LAW OFFICE, P.C.
   1711 Route 9D
9  Cold Spring, NY 10516
   Telephone:  (845) 265-2820
10 Facsimile:   (845) 265-2819

11 Attorneys for Plaintiff DC Comics

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DC COMICS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PACIFIC PICTURES CORPORATION, IP WORLDWIDE, LLC, IPW, LLC, MARC TOBEROFF, an individual, MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER, JEAN ADELE PEAVY, an individual, LAURA SIEGEL LARSON, an individual and as personal representative of the ESTATE OF JOANNE SIEGEL, and DOES 1-10, inclusive,<br><br>　　　　　Defendants. | Case No. CV 10-3633 ODW (RZx)<br><br>**DISCOVERY MATTER**<br><br>**JOINT STIPULATION REGARDING DC COMICS' MOTION TO COMPEL THE PRODUCTION OF DENNIS LARSON DOCUMENTS**<br><br>NOTICE OF MOTION AND MOTION, DECLARATION OF AARON HAYDEN, AND [PROPOSED] ORDER FILED CONCURRENTLY HEREWITH<br><br>**Judge**:　　Hon. Otis D. Wright II<br>**Magistrate**:　Hon. Ralph Zarefsky<br><br>**Hearing Date**:　　Aug. 8, 2011<br>**Hearing Time**:　　10:00 a.m.<br>**Courtroom**:　　540<br>**Discovery Cutoff**:　None Set<br>**Pretrial Conference**:　None Set<br>**Trial**:　　None Set |

1  (continued from previous page)

2

3  MARC TOBEROFF (S.B. #188547)
    mtoberoff@ipwla.com
4  NICHOLAS C. WILLIAMSON (S.B. #231124)
    nwilliamson@ipwla.com
5  KEITH G. ADAMS (S.B. #240497)
    kgadams@ipwla.com
6  TOBEROFF & ASSOCIATES, P.C.
7  2049 Century Park East, Suite 3630
   Los Angeles, California 90067
8  Telephone:  (310) 246-3333
   Facsimile:    (310) 246-3101
9

10 Attorneys for Defendants Mark Warren
   Peary, Jean Peavy, and Laura Siegel Larson

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Pursuant to Federal Rules of Civil Procedure 26, 34, and 37 and Central District Local Rule 37-2, the parties respectfully submit the following Joint Stipulation Regarding DC Comics' Motion to Compel The Production Of Dennis Larson Documents. Pursuant to Central District Local Rule 37-1, the parties have attempted unsuccessfully to resolve their disputes and therefore respectfully seek the assistance of the Court.

Dated: July 18, 2011        Respectfully Submitted,

O'MELVENY & MYERS LLP

By: /s/ Daniel M. Petrocelli
    Daniel M. Petrocelli
    Attorneys for Plaintiff DC Comics

Dated: July 18, 2011        Respectfully Submitted,

TOBEROFF & ASSOCIATES, P.C.

By: /s/ Marc Toberoff
    Marc Toberoff
    Attorneys for Defendants Laura
    Siegel Larson, Mark Warren Peary,
    and Jean Adele Peavy

# I. DC'S INTRODUCTION & STATEMENT OF ISSUES IN DISPUTE

The Court has twice ordered defendants to produce responsive documents relating to defendant Laura Siegel Larson's divorce from Dennis Larson, who had claimed an interest in her putative Superman rights. Defendants are violating both orders and should be compelled to produce the Dennis Larson materials.

1. On December 7, 2010, the Court approved a stipulation in which defendants *waived all objections* to DC's document requests (save for privilege), and defendants were ordered to produce "all documents and other materials responsive to each and every one of DC's Requests." Docket No. 133. When defendants failed to produce responsive documents relating to the Larson divorce, DC asked defendants to produce them, and when defendants refused, DC moved to compel their production. Docket No. 160 at 39. The Court granted DC's motion on April 11, 2011: "The documents shall be produced." Docket No. 209 at 13.

2. Despite this order, defendants refuse to produce all of the Larson divorce documents. To begin, defendants have failed to search the files of Ms. Larson's divorce counsel, even though: (a) they include responsive, non-privileged documents (*e.g.*, correspondence related to the divorce, discovery responses from the Larsons addressing alleged Superman rights), Decl. of A. Hayden ¶¶ 2, 4; Ex. C at 73; (b) her counsel is identified as part of the definition of "YOU" in DC's document requests; *id.* Ex. F at 85 ¶ 5; and (c) defendants *waived* any right to object to DC's requests or definitions, Docket No. 133 ¶ 1.

In addition, DC sought the Larson documents starting in January 2000 (when the couple separated), Docket No. 160 at 39, and the Court granted DC's request, Docket No. 209 at 12:18-13:7. But the earliest-dated document that defendants produced is December 27, 2001—some *two years after* the January 2000 start-date. Hayden Decl. ¶ 2; Ex. A at 4. We know documents from 2000-2002 exist; as an example, the December 27, 2001, letter that *was* produced refers to a "trial setting conference" that was already set to occur. *Id.* Ex. A at 4.

Worse still, defendants *admit* they affirmatively stripped out enclosures and attachments to the limited, responsive correspondence they produced. *Id.* ¶ 4. These omissions were material and appear to include discovery responses in which Mr. Larson discusses his alleged entitlement and putative Superman rights. *Id.* ¶ 2; Ex. A at 16. Mr. Larson's communications—including discovery responses in which he stated such claims—are responsive to DC's document requests.[1]

When DC pointed out these several gaps in defendants' document production, defendants refused to fill them, unless DC would limit its requests only to "correspondence"—*not* all "documents"—from the divorce proceedings. *Id.* Exs. B at 69-70, C at 73. Given the express waiver of all objections defendants made to DC's document requests, *compare* Docket No. 125 (DC's motion addressing defendants' original objections), *with* No. 133 ¶ 1 (defendants waiving these objections), and the fact that DC's requests focused on "DOCUMENTS," not merely "correspondence," defendants have no right to withhold these non-privileged, responsive materials.

3. Defendants have tried to backtrack from the parties' December 6 stipulation and avoid the thrust of the Court's orders, but their new objections to producing these documents have no merit. Defendants assert that the Larson divorce documents are irrelevant and that collecting and producing them would be overly burdensome. Hayden Decl. Ex. C at 73, ¶ 4. But defendants expressly *waived* those objections seven months ago. Docket No. 132 ¶ 1. Moreover, DC offered to help alleviate any alleged burden by not requiring defendants to produce court filings in the Larson divorce case that are available in the public record. Hayden Decl. Ex. D at 78-79. Defendants rejected that compromise. *Id.* Ex. E.

---

[1] *E.g.*, Hayden Decl. Ex. F at 89 (RFP No. 6: "All DOCUMENTS relating to or affecting the ability of YOU or the SIEGEL HEIRS to negotiate or enter into agreements regarding SUPERMAN and/or SUPERBOY"; RFP No. 8: "All DOCUMENTS relating to or affecting the disposition, division, or ownership of any rights in SUPERMAN and/or SUPERBOY.").

1   Defendants also assert that DC only ever sought "communications" (limited
2   to letters and emails) to and from Ms. Larson—and *not* discovery responses or
3   pleadings in the divorce case. *Id.* Exs. C at 73; E at 81.  This limitation is both
4   beside the point and incorrect.  First, defendants have failed to search through
5   Ms. Larson's files or her divorce counsel's files for all responsive documents—be
6   they letters, e-mails, discovery responses, or otherwise. *Id.* Ex. C at 73.

7   Second, of the files they did search, defendants deliberately altered those
8   records to exclude attachments and enclosures. *Id.* ¶ 4.  Documents *must be*
9   *produced in the manner they are found*; evidence cannot be altered.  FED. R. CIV. P.
10  34(b)(2)(E)(i) ("party must produce documents as they are kept in the usual course
11  of business"); *Bryant v. Mattel*, 2007 WL 5416681, at *10 (C.D. Cal. Jan 26, 2007)
12  (ordering party to complete production by producing missing attachments); *Miller*
13  *v. Int'l Bus. Machs.*, 2006 WL 995160, at *7 (N.D. Cal. Apr. 14, 2006) (same).

14  Third, DC's document requests called for "All DOCUMENTS"—*not* just the
15  letters and e-mails defendants try and limit them to.  DC's motion sought the
16  "Dennis Larson Documents," Docket No. 160 at 39:1, 2, and cited its document
17  requests seeking such "DOCUMENTS," *id.* at 39:17.  While DC cited examples of
18  "communications" that defendants had withheld in its motion, it did not limit its
19  requests or motion to any subset of communications—much less to exclude
20  attachments from letters, as defendants have misread the requests. *Id.* at 39.

21  Finally, the Court's order is similarly clear; it refers to the Dennis Larson
22  "documents" four times, including in the title of that section of the opinion, and it
23  *never* mentions or limits its holding to "communications" as defendants now define
24  them.  Docket No. 209 at 12:18-13:7.

25  4. DC requests that the Court order defendants to comply with their discovery
26  obligations and produce all non-privileged documents responsive to each of DC's
27  requests, including Request Nos. 6, 8, 10, and 12, *see* Hayden Decl. Ex. F—as
28  those requests are stated, and not as defendants reinterpret them.

- 3 -

JOINT STIP. RE: DC'S MOT. TO COMPEL
DENNIS LARSON DOCUMENTS

## II. DEFENDANTS' INTRODUCTORY STATEMENT

DC's motion to compel the production of documents regarding the divorce proceedings between defendant Ms. Laura Siegel Larson and her ex-husband, Mr. Dennis Larson, is no more than another harassing and abusive discovery motion filed by DC in this retaliatory suit, as part of DC's strategy to delay any ruling on defendants' anti-SLAPP motion through claims that it needs additional discovery.[2] DC's unwarranted motion ignores both the parties' prior discussions and briefing and the Court's April 11, 2011 order on this subject, which all focused on "communications" between Ms. Larson and Mr. Larson, not every document from their divorce proceedings as DC now seeks. Moreover, for all of DC's noise, the only relevance claimed by DC, and applicable to only a small minority of the divorce documents, is "Mr. Larson's alleged entitlement and putative Superman rights" (*infra* at 6), an "entitlement" ***rejected*** by the California Court of Appeal.

## III. DEFENDANTS' POSITION

### A. The Court Should Deny DC's Frivolous Motion

During the parties' initial meet-and-confer on this subject in December 2010-January 2011, they discussed narrowing DC's requests to post-separation "communications" between Mr. Larson and Ms. Larson. DC asked for "all responsive communications she or her counsel had with her ex-husband or his counsel." Docket No. 162, Ex. Y at 1. Defendants offered to "review such communications and produce any that are responsive"; however, DC then rejected this out of hand. Docket No. 162, Ex. Z at 1, Ex. BB. DC thereafter moved to

---

[2] On May 26, 2011, DC stated that it would "seek leave to supplement its opposition [to defendants' anti-SLAPP motion] with evidence recently obtained in discovery." Docket No. 263 at 1. On June 1, 2011, Judge Wright ordered that DC file such a supplemental opposition by August 8, 2011. Docket No. 270. The parties' last discussion on this motion was on June 2, 2011 (*see* Hayden Decl., Ex. E), and DC could easily have had this motion heard and resolved in early July. Instead, DC served this motion on July 8, 2011, along with two other discovery motions, and strategically set them for hearing on the August 8, 2011 opposition deadline, so that DC could argue for further delay and extensions.

1   compel "all responsive ***communications*** involving Mr. Larson after January 2000."
2   Docket No. 160 at 39 (emphasis added).  In response, Defendants expressly noted
3   that they had "offered to produce the relevant communications between Laura
4   Siegel and her ex-husband, attorney Dennis Larson [], after their separation in
5   2000," provided that Defendants could "seek a protective order with respect to any
6   personal information." *Id.* at 74.  Accordingly, the Court held in its April 11, 2011
7   order that "[t]here is no real dispute as to these documents; Defendants do not
8   object to turning them over but, since they involve matters concerning one of the
9   defendants' divorce, they want them protected."  Docket No. 209 at 12-13.

10   Based on the parties' clear correspondence, all of which was before the
11   Court, and DC's briefing, it is clear that Defendants understood "'communications'
12   between Laura Siegel Larson and Dennis Larson to mean just that, and not to
13   broadly encompass all discovery requests, motions and other pleadings in their
14   prolonged divorce proceedings," as DC now asserts.  Hayden Decl., Ex. C at 2.[3]
15   Defendants thus "produced on behalf of Ms. Siegel the responsive correspondence
16   that Ms. Siegel located in her files." *Id.*, Ex. A, Ex. C at 2.

17   However, DC then changed its position and argued "anything
18   'communicated' between the parties during the divorce proceedings, including all
19   discovery requests and responses, all motion papers and pleadings, is a
20   'communication' which must be produced."  Hayden Decl., Ex. C at 2.  In its
21   motion, DC hedges, arguing that while it "cited examples of 'communications,'" it
22   "did not limit its requests or motion" to such communications between Mr. and
23   Mrs. Larson, despite the clear record to the contrary, and the Court's order
24   responding to such record.  Docket No. 209 at 12-13 ("[T]here is no real dispute as
25   to these documents.").

---

[3] DC baselessly claims that Defendants "stripped out" or "deliberately altered" such communications. *Supra* at 2.  Defendants produced the documents from the correspondence files in their possession as they were organized in such files.

- 5 -  JOINT STIP. RE: DC'S MOT. TO COMPEL DENNIS LARSON DOCUMENTS

1     DC also claims it "offered to help alleviate any alleged burden" (*supra* at 2), when, in fact, DC demanded that Ms. Larson produce "all non-privileged documents relating to the divorce proceedings." Hayden Decl., Ex. D at 79. After Defendants pointed out DC's aggressive change of position, from responsive "communications" between Mr. and Mrs. Larson to every "document related to the divorce," DC flatly rejected Defendants' proposed compromise and brought the instant motion after a month of silence. *Id.*, Ex. E.

    Defendants produced responsive communications. DC ignored this Court's orders, refused Defendants' repeated compromise offers, and simply filed a motion to compel that effectively seeks every "document" from the case without attempting to arrive at a more reasonable solution. DC's abusive discovery practices should not be countenanced, and its overreaching motion should be denied.

### B. The Documents DC Seeks Are Barely, If At All, Relevant

    The vast majority of the divorce papers sought by DC have no relevance to DC's claims in this action. The only purported "relevance," applicable to a minority of the divorce papers, is based entirely on a claim by Mr. Larson that has been firmly rejected by the California Court of Appeal. During the divorce, Mr. Larson claimed that he was entitled to a "share" of Ms. Larson's copyright termination interest, as alleged community property. The California Court of Appeal upheld the trial court's ruling that "all interests in copyrights or copyright termination rights held by Laura Siegel Larson (wife) are her separate property, and that the community acquired no interest in that property." *In re Larson*, Case No. B192070, 2008 Cal. App. Unpub. LEXIS 735, at *1 (Cal. Ct. App. 2d Dist. January 29, 2008).

| | | | |
|---|---|---|---|
| 1 | | | |
| 2 | Dated: | July 18, 2011 | Respectfully Submitted, |
| 3 | | | O'MELVENY & MYERS LLP |
| 4 | | | |
| 5 | | | By: /s/ Daniel M. Petrocelli |
| | | | Daniel M. Petrocelli |
| 6 | | | Attorneys for Plaintiff DC Comics |
| 7 | Dated: | July 18, 2011 | Respectfully Submitted, |
| 8 | | | TOBEROFF & ASSOCIATES, P.C. |

By: /s/ Marc Toberoff
Marc Toberoff
Attorneys for Defendants Laura Siegel Larson, Mark Warren Peary, and Jean Adele Peavy