DANIEL M. PETROCELLI (S.B. #097802)
  dpetrocelli@omm.com
MATTHEW T. KLINE (S.B. #211640)
  mkline@omm.com
CASSANDRA L. SETO (S.B. #246608)
  cseto@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067-6035
Telephone: (310) 553-6700
Facsimile: (310) 246-6779

PATRICK T. PERKINS (admitted *pro hac vice*)
  pperkins@ptplaw.com
PERKINS LAW OFFICE, P.C.
1711 Route 9D
Cold Spring, NY 10516
Telephone: (845) 265-2820
Facsimile: (845) 265-2819

Attorneys for Plaintiff DC Comics

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DC COMICS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PACIFIC PICTURES CORPORATION, IP WORLDWIDE, LLC, IPW, LLC, MARC TOBEROFF, an individual, MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER, JEAN ADELE PEAVY, an individual, LAURA SIEGEL LARSON, an individual and as personal representative of the ESTATE OF JOANNE SIEGEL, and DOES 1-10, inclusive,<br><br>　　　　Defendants. | Case No. CV 10-3633 ODW (RZx)<br><br>**DISCOVERY MATTER**<br><br>**DECLARATION OF AARON HAYDEN IN SUPPORT OF DC COMICS' MOTION TO COMPEL THE PRODUCTION OF DENNIS LARSON DOCUMENTS**<br><br>**Judge**:　　Hon. Otis D. Wright II<br>**Magistrate**:　Hon. Ralph Zarefsky<br><br>**Hearing Date**:　　Aug. 8, 2011<br>**Hearing Time**:　　10:00 a.m.<br>**Courtroom**:　　　540<br>**Discovery Cutoff**:　None Set<br>**Pretrial Conference**:　None Set<br>**Trial**:　　　　　None Set |

HAYDEN DECL. ISO DC'S MOT. TO COMPEL DENNIS LARSON DOCS.

**DECLARATION OF AARON HAYDEN**

I, Aaron Hayden, declare and state as follows:

1. I am an attorney licensed to practice in the State of California and admitted to the Central District of California. I am an associate at O'Melveny & Myers LLP, counsel of record for plaintiff DC Comics in the above-entitled action. I make this declaration in Support of DC Comics' Motion to Compel The Production Of Dennis Larson Documents. I have personal knowledge of the matters set forth in this declaration.

2. Pursuant to Court order, Docket No. 209 at 12:18-13:7, on April 18, 2011, defendants produced certain documents related to Dennis Larson's and Laura Siegel Larson's separation and divorce. Attached hereto as Exhibit A is a true and correct copy of those 64 pages of documents, Bates-stamped LSL 00221-84. I reviewed those documents and noticed some were incomplete, some were missing attachments or enclosures, some referred to other communications that were not produced, and the earliest document produced was dated December 27, 2001. Documents referenced, but not produced, include those addressing apparent discovery disputes related to Mr. Larson's efforts to obtain "documents related to the copyright termination proceeding," as well as Mr. Larson's responses to "interrogatories, numbers 36 through 47," which dealt with his "claim to an entitlement to Jerry Siegel's intellectual property." *Id.* at 14 (LSL 00231), 16 (LSL 00233). Presumably the documents were communicated to Ms. Larson or her attorney—either as correspondence themselves, service copies, or attachments to letters or emails. Yet *none* was produced to DC in this case.

3. My colleague Matthew T. Kline wrote to Marc Toberoff, counsel for defendants, on April 22, 2011, to discuss the April 18 production of documents and to seek a conference with Mr. Toberoff pursuant to Local Rule 37. Attached hereto as Exhibit B is a true and correct copy of that letter.

1  4. On May 2, my colleagues Mr. Kline, Cassandra Seto, and I conferred with Mr. Toberoff and Keith Adams regarding, *inter alia*, their April 18 production of Dennis Larson documents. We raised the issues above, and in response during that call, Mr. Toberoff stated that defendants did not contact Ms. Larson's divorce counsel to search for documents in her files. He stated that defendants had removed attachments and enclosures from the underlying correspondence that defendants produced—hence, no discovery responses, such as interrogatories were produced. He further asserted that, in defendants' view, DC had narrowed its requests related to the divorce documents to seek only "communications"—and not discovery documents or court filings. He also asserted that producing more documents than defendants had produced in their April 18 production would be overly burdensome and force defendants to produce irrelevant materials. We disputed each of these assertions and positions, and pointed out that defendants were required to search their counsels' files for responsive documents, that defendants had no right to strip attachments and enclosures from their production, that DC had not so limited its requests, and that defendants had waived all relevance, burdensomeness, and like objections.

5. On May 6, Mr. Toberoff sent a letter responding to Mr. Kline's April 22 letter and following up on the May 2 conference. In it, he proposed ways to narrow DC's document requests and resolve DC's concerns. Attached hereto as Exhibit C is a true and correct copy of that letter.

6. On June 1, we sent an email to Mr. Toberoff on Mr. Kline's behalf that responded to Mr. Toberoff's proposal. We attached a proposed stipulation regarding the production of the Larson divorce documents that we hoped would obviate this motion. That stipulation proposed a compromise whereby defendants would produce all non-privileged, responsive documents—including attachments, enclosures, and discovery requests/responses—in the possession, custody, or control of Ms. Larson or her attorneys. It allowed defendants to exclude from

1 | production any documents publicly filed with the Superior Court, except to the
2 | extent they were attached to responsive correspondence. Attached hereto as <u>Exhibit</u>
3 | <u>D</u> is a true and correct copy of that email and attached stipulation.
4 |     7.    On June 2, Mr. Kline and Mr. Toberoff engaged in an email chain
5 | discussing DC's proposal and defendants' rejection of it. Attached hereto as
6 | <u>Exhibit E</u> is a true and correct copy of that email chain.
7 |     8.    Attached hereto as <u>Exhibit F</u> is a true and correct copy of Plaintiff DC
8 | Comics' Notice Of Deposition Of Defendant Laura Siegel Larson And Request For
9 | Production Of Documents dated August 17, 2010.
10 |     I declare under penalty of perjury under the laws of the United States that the
11 | foregoing is true and correct and that this declaration is executed this 8th day of
12 | July 2011 at Los Angeles, California.

*(signature)*
Aaron Hayden

- 3 -

HAYDEN DECL. ISO DC'S MOT. TO COMPEL DENNIS LARSON DOCS.