# EXHIBIT B

# O'MELVENY & MYERS LLP

| | | |
|---|---|---|
| BEIJING | 1999 Avenue of the Stars, 7th Floor | SAN FRANCISCO |
| BRUSSELS | Los Angeles, California 90067-6035 | SHANGHAI |
| HONG KONG | | SILICON VALLEY |
| LONDON | TELEPHONE (310) 553-6700 | SINGAPORE |
| LOS ANGELES | FACSIMILE (310) 246-6779 | TOKYO |
| NEWPORT BEACH | www.omm.com | WASHINGTON, D.C. |
| NEW YORK | | |

April 22, 2011

OUR FILE NUMBER
905,900-321

**VIA E-MAIL**

WRITER'S DIRECT DIAL
(310) 246-6840

Keith Adams
Marc Toberoff
Toberoff & Associates, P.C.
2049 Century Park East, Suite 3630
Los Angeles, California 90067

WRITER'S E-MAIL ADDRESS
mkline@omm.com

Re:   <u>DC Comics v. Pacific Pictures Corp. et al.</u>, CV-10-3633 (ODW) (RZx)

Dear Keith and Marc:

     We are in receipt of your April 18, 2011, e-mail attaching the further document production of defendants Laura Siegel Larson, Mark Warren Peary, and Jean Peavy, made pursuant to the Court's April 11, 2011, order. Pursuant to Local Rule 37-1, we request a conference next week to discuss defendants' failure to comply with the Court order and other deficiencies apparent in the production. They include the following:

     1.  <u>May 13, 2003, Letter</u>.  DC sent a letter on April 19 seeking clarification as to the redacted portions of the May 13, 2003, letter from Michael Siegel to Laura Siegel Larson, Bates No. LSL00211-00212.  Defendants, however, refused to provide any specific information as to the redactions during the parties' meet-and-confer held on April 20.  During that conference, Marc Toberoff said the redactions pertained to "marginality" and "underlining," but refused to identify who made the notations or when they were made.  Later that day, Mr. Toberoff sent an e-mail stating that "defendants' only copy of the May 13 Letter contained attorney notations and underlining," but still failed to provide any specific information as to the notes' creation—*i.e.*, who made the notations and when.  Such withholding is improper, as defendants never listed the May 13 letter or any notations on a privilege log.  *See Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Ct.*, 408 F.3d 1142, 1149-50 (9th Cir. 2005) (denying petition to overturn finding of waiver where privilege log filed months late); *Vieste, LLC v. Hill Redwood Dev.*, 2010 WL 4807058, at *9 (N.D. Cal. Nov. 18, 2010).  Defendants' supplemental production also runs afoul of the Court's April 11 order.  The ruling ordered defendants to "produce [the letter] to Plaintiff"; there is no option to make redactions.  Docket No. 209 at 12:14.

     Defendants' position regarding their redactions to the May 13 letter raises a host of other questions.  Is it defendants' position that communications may be withheld solely because an

O'MELVENY & MYERS LLP
April 22, 2011 - Page 2

attorney made notes on one copy?  Defendants have produced no redacted documents other than those in the court-ordered April 18 production.  Are defendants representing that the May 13 letter is the only such document?  In addition to the many deficiencies in defendants' privilege logs pointed out previously, as currently constituted, there is no way for DC to determine which, if any, documents have been similarly redacted or withheld.

   2. <u>November 2, 2002 Letter</u>.  The first paragraph of the May 13, 2003 letter references a "letter of November 2 of [2002]" from Ms. Larson to Mr. Siegel.  The referenced letter never has been logged nor produced, and there is no basis for withholding it.  Any privilege that may have otherwise applied—which DC does not believe ever existed—was waived by defendants' failure to timely log this document.  *See Burlington*, 408 F.3d at 1149-50.  DC demands that the referenced November 2, 2002 letter be produced no later than April 29, 2011.

   3. <u>Siegel Retainer Agreement and Amendment</u>.  Based upon the limited information available, it appears that defendants' redactions to the Siegel Retainer Agreement, Bates Nos. LSL00213-00218 are overbroad and unwarranted.  Defendants redact the entirety of Paragraphs 4, 9, and 10, without leaving even the generic section headings that would allow DC to assess the propriety of defendants' redactions.  Based upon one form retainer agreement, it appears that defendants redacted paragraphs related to services not covered by the agreement and about settlement.  *See* PAUL W. VAPNEK ET AL., CALIFORNIA PRACTICE GUIDE:  PROFESSIONAL RESPONSIBILITY Form 5:C (2010).  Even assuming the propriety of redacting portions of the agreement defining its scope, such as those in Paragraph 1 and a presumed paragraph related to services not covered, redacting a generic paragraph noting that a client retains his/her right to settle is improper, as it contains no strategy or any other provision of legal advice.  *See U.S. v. Martin*, 278 F.3d 988, 999 (9th Cir. 2002).

   The "Amendment" to the Siegel retainer agreement, Bates Nos. LSL00219-00220, suffers from similar deficiencies, albeit to a greater extent.  Whereas defendants redacted only a portion of the retainer agreement, in its current form, defendants' Amendment is the equivalent of a blank sheet of paper.  DC finds it extremely unlikely that an entire agreement for the provision of a service could legitimately be subject to privilege.  DC demands that defendants produce properly redacted versions of the Siegel Retainer Agreement and Amendment no later than April 29, 2011.

   4. <u>Dennis Larson Documents</u>.  Significant discrepancies and gaps exist in defendants' production of the Dennis Larson documents, Bates Nos. LSL00221-00284.

   - First, Magistrate Zarefsky ordered that all requested Dennis Larson documents "shall be produced."  Docket No. 209 at 13:3.  DC sought documents starting in January 2000 when Mr. Larson and Ms. Larson separated.  Docket No. 160 at 39.  The first document produced by defendants is a letter from Jennifer Harding, an attorney representing Ms. Larson during her divorce proceedings, to Dennis Larson dated December 27, 2001, *almost two years after* the date from which documents were requested and ordered by the court to be produced.  *See* Bates No. LSL00221.

2

Exhibit B

69

O'MELVENY & MYERS LLP

April 22, 2011 - Page 3

> Moreover, the December 27 letter indicates that divorce proceedings were already far along by that time ("we agreed to continue the trial setting conference") and that, therefore, responsive documents from before the end of 2001 are available. *Id.* DC demands that defendants produce all requested Dennis Larson documents beginning in January 2000 by no later than April 29, 2011.

- Second, entire categories of documents appear to be missing from this production:

  o No correspondence between Ms. Larson and Mr. Larson was produced or logged;

  o Expressly referenced documents and enclosures were not produced, including but not limited to discovery responses and enclosures/attachments, *see* Bates Nos. LSL00223 (interrogatories and responses), LSL00224 (interrogatories), LSL00225-00226 (interrogatories and responses), LSL00231-00232 (request for production), LSL00233-00234 (interrogatories and responses), LSL00237 (interrogatories and responses), LSL00246 (check), LSL00247 (check), LSL00248 (check), LSL00249 (check), LSL00250 (check), LSL00251 (check), LSL00252 (check), LSL00253 (interrogatories and responses), LSL00255 (incomplete fax), LSL00257 (incomplete fax), LSL00265 (incomplete fax), LSL00270 (incomplete fax), LSL00271 (request for production and responses), LSL00280 (request for production and responses), and LSL00284 (request for production and responses);

  o Communications expressly referenced in the produced documents have neither been produced or logged, *see* Bates Nos. LSL00227 (references May 22, 2002 fax), LSL00237 (references July 29, 2002 letter);

  o No correspondence between Ms. Larson and Ms. Harding was produced, and none (with the exception of Entry No. 565, a letter from Ms. Larson to Ms. Harding and Kevin Marks) is listed on the Siegels' privilege log.

DC demands that defendants produce all the above-identified categories and specific documents no later than April 29, 2011. DC further demands that defendants produce updated privilege logs listing all communications between Ms. Larson and Ms. Harding beginning in January 2000.

5. <u>Shuster Retainer Agreement</u>. As with the Siegel Retainer Agreement, defendants' redactions to the Shuster Retainer Agreement, Bates Nos. MWP00054-00057, include generic paragraph titles, offering DC no way to assess the propriety of defendants' redactions. DC demands that defendants produce properly redacted versions of the Shuster Retainer Agreement no later than April 29, 2011.

Additionally, the Shuster Retainer Agreement, unlike any other of defendants' agreements, is dated "as of November 23, 2001," instead of providing the date of its creation or

O'MELVENY & MYERS LLP
April 22, 2011 - Page 4

the date of signing.  Also, the final page, Bates No. MWP00057, is marked "REDACTED," but no redactions are apparent.  Curiously, the signature block contains no date, again, unlike other agreements created by defendants and provided in this action or the *Siegel* actions.  DC demands that defendants describe the information redacted from its final page, no later than April 29, 2011.

   Please let us know when we may discuss these matters next week.  We would ask that the parties' teleconference be transcribed by a court reporter, and DC will pay for that service.  All of our clients' rights and remedies are hereby reserved.

                Very truly yours,

                Matthew T. Kline
                of O'MELVENY & MYERS LLP

cc: Daniel M. Petrocelli, Esq.

CC1:848531