1  DANIEL M. PETROCELLI (S.B. #097802)
     dpetrocelli@omm.com
2  MATTHEW T. KLINE (S.B. #211640)
     mkline@omm.com
3  CASSANDRA L. SETO (S.B. #246608)
     cseto@omm.com
4  O'MELVENY & MYERS LLP
   1999 Avenue of the Stars, 7th Floor
5  Los Angeles, CA  90067-6035
   Telephone:   (310) 553-6700
6  Facsimile:   (310) 246-6779

7  PATRICK T. PERKINS (admitted *pro hac vice*)
     pperkins@ptplaw.com
8  PERKINS LAW OFFICE, P.C.
   1711 Route 9D
9  Cold Spring, NY 10516
   Telephone:   (845) 265-2820
10 Facsimile:   (845) 265-2819

11 Attorneys for Plaintiff DC Comics

12          **UNITED STATES DISTRICT COURT**

13          **CENTRAL DISTRICT OF CALIFORNIA**

14 DC COMICS,                           Case No. CV 10-3633 ODW (RZx)

15          Plaintiff,                  **DISCOVERY MATTER**

16      v.                              **JOINT STIPULATION REGARDING
                                        DC COMICS' MOTION TO
17 PACIFIC PICTURES                     COMPEL THE PRODUCTION OF
   CORPORATION, IP                      ALL COMMUNICATIONS WITH
18 WORLDWIDE, LLC, IPW, LLC,            THE GOVERNMENT RE:
   MARC TOBEROFF, an individual,        TOBEROFF TIMELINE
19 MARK WARREN PEARY, as
   personal representative of the       NOTICE OF MOTION AND MOTION,
20 ESTATE OF JOSEPH SHUSTER,            DECLARATION OF AARON
   JEAN ADELE PEAVY, an                 HAYDEN, AND [PROPOSED] ORDER
21 individual,  LAURA SIEGEL            FILED CONCURRENTLY HEREWITH
   LARSON, an individual and as
22 personal representative of the
   ESTATE OF JOANNE SIEGEL,
23 and DOES 1-10, inclusive,            **Judge**:       Hon. Otis D. Wright II
                                        **Magistrate**:  Hon. Ralph Zarefsky
24          Defendants.

25                                      **Hearing Date**:       Aug. 8, 2011
                                        **Hearing Time**:       10:00 a.m.
26                                      **Courtroom**:          540
                                        **Discovery Cutoff**:   None Set
27                                      **Pretrial Conference**: None Set
                                        **Trial**:              None Set
28

                                        JOINT STIP. RE: DC'S MOTION TO
                                        COMPEL GOV'T COMMC'NS

1 | (continued from previous page)

2

3 | MARC TOBEROFF (S.B. #188547)
    mtoberoff@ipwla.com

4 | NICHOLAS C. WILLIAMSON (S.B. #231124)
    nwilliamson@ipwla.com

5 | KEITH G. ADAMS (S.B. #240497)
    kgadams@ipwla.com

6 | TOBEROFF & ASSOCIATES, P.C.

7 | 2049 Century Park East, Suite 3630
    Los Angeles, California 90067

8 | Telephone:   (310) 246-3333
    Facsimile:    (310) 246-3101

9

10 | Attorneys for Defendants Mark Warren
     Peary, Jean Peavy, and Laura Siegel Larson

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT STIP. RE: DC'S MOTION TO
COMPEL GOV'T COMMC'NS

1    Pursuant to Federal Rules of Civil Procedure 26, 34, and 37 and Central

2  District Local Rule 37-2, the parties respectfully submit the following Joint

3  Stipulation Regarding DC Comics' Motion to Compel The Production Of All

4  Communications With The Government Re: Toberoff Timeline.  Pursuant to

5  Central District Local Rule 37-1, the parties have attempted unsuccessfully to

6  resolve their disputes and therefore respectfully seek the assistance of the Court.

7    Dated:        July 18, 2011              Respectfully Submitted,

8                                            O'MELVENY & MYERS LLP

9

10                                           By: /s/ Daniel M. Petrocelli
                                                 Daniel M. Petrocelli
11                                               Attorneys for Plaintiff DC Comics

12   Dated:        July 18, 2011              Respectfully Submitted,

13                                            TOBEROFF & ASSOCIATES, P.C.

14

15                                           By: /s/ Marc Toberoff
                                                 Marc Toberoff
16                                               Attorneys for Defendants Laura
                                                 Siegel Larson, Mark Warren Peary,
17                                               and Jean Adele Peavy

18

19

20

21

22

23

24

25

26

27

28

1    **I.    DC'S INTRODUCTION & STATEMENT OF ISSUES IN DISPUTE**

2        DC seeks an order compelling defendants and their counsel to produce copies

3    of all their communications with the U.S. Attorney's Office regarding the Toberoff

4    Timeline or David Michaels, including the 13 documents identified at entries 3130,

5    3147-51, 3158-61, 3217, 3228 and 3284 of the Toberoff Privilege Log.  *See* Docket

6    No. 207-9 at 408-10, 413-14, 417 (privilege log entries).

7        These documents are relevant to the claims of joint-interest and attorney-

8    client privilege that defendants unsuccessfully have asserted in this case.  Indeed, it

9    was defendants' correspondence with the government—which they only selectively

10   produced—that showed defendants and the government did *not* have a joint-interest

11   agreement and that defendants waived privilege in openly disclosing documents.

12   Docket Nos. 205 at 4-12; 215 at 1-7; 262 at 3-4; *see also* FED. R. CIV. P. 26 (b)(1)

13   ("information need not be admissible at trial to be discoverable if it appears

14   reasonably calculated to lead to the discovery of admissible evidence").  From the

15   correspondence defendants *did* produce, it is clear the government neither required

16   nor compelled defendants to provide it with privileged documents—just the

17   opposite.  DC is entitled to discover defendants' *complete* set of correspondence

18   with the government to address defendants' new and ongoing assertions to the

19   contrary.  *Infra* at 2-3.  This correspondence is also relevant and discoverable to

20   show how defendants sought to silence and discredit a key witness by initiating a

21   fruitless investigation against the alleged Timeline author—years after the fact, only

22   in response to this case, and when no federal crime occurred.  Docket No. 205 at 8.

23       Defendants' *sole* asserted basis for withholding their correspondence with the

24   government—both in their opposition to DC's motion to compel and at oral

25   argument—was their alleged "joint prosecution privilege" with the government.

26   Docket No. 210 at 1-11; Decl. of Aaron Hayden Ex. A at 35:11-45:12.  The Court

27   rejected that privilege assertion, finding it had "no merit," Docket No. 262 at 3, but

28   defendants nonetheless refuse to produce all of their correspondence with the

- 1 -    JOINT STIP. RE: DC'S MOTION TO COMPEL GOV'T COMMC'NS

1  government, Decl. of Aaron Hayden ¶ 5; Ex. C at 79.  They contend the Court

2  *denied* DC's motion to obtain these documents even though the Court's order never

3  says this.  Defendants focus on the following parts of the Court's May 25 order:

4  *Issue 8, The "stolen documents."*  The question here is whether

5  Mr. Toberoff, as the agent for his clients, waived the attorney-client privilege or, on his own behalf, waived the work-product protection,

6  when *he disclosed protected material in response to a grand jury subpoena…*.

7  Accordingly, *the Court finds that Defendants waived the privileges by producing the documents to a third party, the United*

8  *States, in response to a grand jury subpoena*, without further order from the Court that they do so despite any claim of privilege.  *The*

9  *motion therefore is granted as to these documents.*  Docket No. 262 at

10  2:11-14, 4:1-4 (italics added).

11  While these italicized portions of the opinion focus on documents defendants

12  produced pursuant to the grand-jury subpoena, nowhere in the opinion did the

13  Court *deny* DC's motion to discover defendants' other communications with the

14  government (including log entries 3130, 3147-51, 3158-61, 3217, 3228 and 3284).

15  To the contrary, the Court expressly rejected defendants' *only* stated reason for

16  refusing to produce these materials, *id*. at 3:25-26 ("The Court finds no merit to

17  Defendants' argument that they enjoyed a joint prosecution privilege with the

18  United States."), and concluded "the motion to compel production of documents is

19  granted in part and denied in part, as set forth above," *id*. at 6:1-2.  Defendants

20  offered the Court no other reason to deny DC's motion on this point, nor did the

21  Court address any such reason.  To intuit such a denial now—when defendants'

22  sole basis for withholding these documents was *rejected*—makes no sense.

23  Denying DC such discovery would also prejudice it.  Defendants'

24  correspondence with the government contains some of the most powerful proof to

25  refute their factual assertions—in their interrogatory responses, discovery briefing,

26  declarations, *and now their writ papers*—about their alleged privilege claims:

27  • *Compare* Docket No. 207-9 at 441 (discovery response: Timeline

28  documents provided "subject to an express agreement by the [USAO] that

- 2 -

JOINT STIP. RE: DC'S MOTION TO COMPEL GOV'T COMMC'NS

1   such provision was made in furtherance of a common interest privilege"),

2   Docket No. 210 at 1, 5 (brief: same), Hayden Dec. Ex. D at 92 (writ:

3   government "acknowledged that the USAO shared a common interest
    with Defendants"), *with* Docket No. 215 at 3-5 (*no evidence* USAO

4   agreed to defendants' unilateral assertion of a joint-prosecution privilege);

5   • *Compare* Docket No. 238 at 2 (declaration: USAO "advised [defense

6   counsel] they would need to review the [Timeline] documents as part of
    any investigation and/or prosecution"), Hayden Decl. Ex. D at 97 (writ:

7   same), *with* Docket No. 212 at 10 (USAO letter: we "understand[] … *your

8   client Marc Toberoff wishes to provide* [us] with copies of the [Timeline]
    documents") (emphasis added);

9

10  • *Compare* Hayden Decl. Ex. D at 92 (writ: "USAO agreed that the material
    would be maintained as strictly confidential"); Docket No. 210 at 5 (brief:

11  same), *with* Docket No. 212 at 10 (USAO letter: we "may be required by

12  law or court order" to disclose Timeline documents);

13  • *Compare* Hayden Decl. Ex. D at 92 (writ: USAO "issued a Grand Jury
    subpoena such that production of document to the USAO was pursuant to

14  process, *rather than voluntary*"), *with* Docket No. 212 at 10 (USAO letter:

15  "In the event that you provide these document to the Government

16  *voluntarily…*") (emphasis added); *id.* at 5 (USAO subpoena: inviting
    defendants to *withhold* and *log* purportedly privileged documents).

17

18  DC is fully entitled to the *complete* correspondence history between defendants,

19  their counsel, and the government—from the start of this case to the present—to

20  address defendants' misleading claims about what actions the government initiated

21  or compelled, or agreements into which the government allegedly entered.

22      DC is entitled to take this discovery while defendants' writ is pending. A

23  writ does not divest this Court of jurisdiction to hear such matters, C. GOELZ ET AL.,

24  FEDERAL NINTH CIRCUIT CIVIL APPELLATE PRACTICE § 1:100-102 (2011); *Hubbard

25  v. Midland Credit Mgmt., Inc.*, 2009 WL 2148131, at *1 (S.D. Ind. July 16, 2009),

26  and such discovery is relevant to current discovery disputes and the merits of this

27  case, and could be directly relevant, as well, to defendants' writ application, if the

28  Ninth Circuit were to instruct DC to file any sort of response to it, *see supra*.

- 3 -                                    JOINT STIP. RE: DC'S MOTION TO
                                          COMPEL GOV'T COMMC'NS

**II.   DEFENDANTS' INTRODUCTORY STATEMENT**

DC for a second time moves to compel the production of all communications between Defendants and their counsel and the United States Attorney's Office (the "USAO Communications"). DC's motion filed on April 4, 2011 already clearly sought to compel the USAO Communications.  Docket No. 205 at 11-12; No. 205-1 at 1.  The Court's May 25, 2011 order did not grant and thus denied DC's motion as to the USAO Communications which, as pointed out by Defendants, relate to Mr. Toberoff's investigation of a theft from his law firm and are irrelevant to any of DC's claims.  DC's tactic of bringing successive motions to compel on the exact same topic should not be countenanced.  DC failed to seek review of the May 25, 2011 order pursuant to F.R.C.P. 72, and it does not even attempt to argue that it satisfies Local Rule 7-18, which governs DC's *de facto* motion for reconsideration. For this reason alone the motion should be denied.  Furthermore, DC's improper repeat motion solely relies on language in the Court's May 25, 2011 order pertaining to other privileged documents stolen from Mr. Toberoff's law firm, and that order was expressly stayed pending writ review.  Docket No. 262 at 3-4; No. 287.

**III.   DEFENDANTS' POSITION**

**A.   <u>The May 25 Order Correctly Refused to Order the Production of the USAO Communications</u>**

Like DC's concurrently filed motion with respect to the May 13 Letter, DC's instant motion is no more than an improper motion for reconsideration.  DC's prior motion clearly sought not only "[a]ll documents defendants or their counsel provided to the U.S. Attorney's office," including "copies of the Toberoff Timeline and the Stolen Documents," but also "emails among themselves and their counsel with the U.S. Attorney's office."  Docket No. 205 at 10-11.  The Court's May 25, 2011 order only mentioned the "Stolen Documents," not the USAO Communications:

JOINT STIP. RE: DC'S MOTION TO COMPEL GOV'T COMMC'NS

1
2
3

> Accordingly, the Court finds that Defendants waived the privileges by producing the documents to a third party, the United States, *in response to a grand jury subpoena*, without further order from the Court that they do despite any claim of privilege. The motion is therefore granted as to *these documents.*

4    Docket No. 262 at 4 (emphasis added).  The only plausible reading of the order is

5    that "these documents" refers to the "documents" produced "in response to a grand

6    jury subpoena," and the order nowhere refers to the USAO Communications.  The

7    order then stated that it was "granted in part and denied in part, as set forth above."

8    *Id.* at 6.

9        DC squarely identified the issues as the production of the "Stolen

10   Documents" as well as the USAO Communications, and the Court granted DC's

11   motion only as to the "Stolen Documents."  Because DC did not move for review of

12   the May 25, 2011 order, it is the "law of the case," and as DC has not even

13   attempted to comply with Local Rule 7-18, governing its improper motion for

14   reconsideration, there is no basis to revisit that ruling.

15       Moreover, there was good reason for this Court not to have granted DC's

16   motion with respect to the USAO Communications.  As Defendants stated, the

17   collateral steps taken by Mr. Toberoff to investigate the theft from his law firm by

18   an employee, including his USAO Communications, are irrelevant to DC's claims

19   in this case.  *See* Docket No. 211 at 12 ("[C]ommunications with the U.S.

20   Attorney's Office ha[ve] minimal, if any, relevance to this action."); *see also*

21   Docket No. 207, Ex. I at 99 ("any 'investigation' by Toberoff as to the author of the

22   TOBEROFF TIMELINE is not relevant to any of the claims for relief in this

23   action.").

24       DC strains to assert that the USAO Communications are relevant by

25   baselessly contending that Mr. Toberoff reported the theft from his law firm to law

26   enforcement officials to "silence" the suspected thief, Mr. Michaels.  *Supra* at 1.

27   Such offensive accusations are difficult to understand, except as part of DC's

28   ongoing campaign to smear Mr. Toberoff through false allegations.  Contrary to

- 5 -

JOINT STIP. RE: DC'S MOTION TO
COMPEL GOV'T COMMC'NS

1    DC's suggestion that Mr. Toberoff took action "only in response to this case," as

2    DC well knows Mr. Toberoff reported the crime to federal authorities in **2007,**

3    years before this case was filed in 2010.  Docket No. 210 at 4.

4           Moreover, this Court clearly held that Mr. Michaels' communications with

5    Laura Siegel Larson are protected by the attorney-client privilege, a ruling which is

6    final as DC never sought review.  Docket No. 262 at 4.  Mr. Michaels' knowledge

7    of this case derives solely from his representation of Ms. Larson and other

8    defendants while working at Mr. Toberoff's law firm.  The only testimony he could

9    plausibly give would be subject to the attorney-client privilege and work product

10   protection.

11           **B.       The USAO Communications Contain Protected Work Product**

12           To the extent Mr. Toberoff's investigation is considered relevant (it is not),

13   his USAO Communications contain information protected by the attorney work

14   product doctrine.  *See, e.g., Upjohn Co. v. United States*, 449 U.S. 383, 400 (1981)

15   (holding that the absolute work product protection applies to documents that show

16   the "'mental impressions, conclusions, opinions or legal theories of an attorney'"

17   developed during an investigation); *In re Grand Jury Subpoena*, 357 F.3d 900, 907

18   (9th Cir. 2004) (documents prepared in the course of an attorney's "investigations"

19   were protected by the work product doctrine); *Mitchell Eng'g v. City & County of*

20   *San Francisco*, 2010 U.S. Dist. LEXIS 53958, at *5 (N.D. Cal. May 6, 2010)

21   ("[A]n investigator's notes of witness interviews and other facets of a litigation-

22   related investigation are likely to be permeated with the investigator's own

23   impressions and possibly even attorney theories or strategy, and are therefore

24   protected from discovery.").  Such work product protection was not waived by

25   communicating with the USAO.  *In re McKesson HBOC, Inc. Secs. Litig.*, 2005

26   U.S. Dist. LEXIS 7098, at *46–47 (N.D. Cal. Mar. 31, 2005) (ruling that work

27   product protection was not waived through disclosure to investigating government

28   agency, because "disclosure simply to another person who has an interest in the

- 6 -

JOINT STIP. RE: DC'S MOTION TO
COMPEL GOV'T COMMC'NS

1   information but who is not reasonably viewed as a conduit to a potential adversary

2   will not be deemed a waiver" of work product protection).

3   **C.    Defendants Share a Common Interest With the Government**

4   Despite DC's claims that no protectable common interest exists between

5   Defendants, the victims of a crime, and the USAO, it is well-recognized that private

6   entities and the government can "share a common interest in developing legal

7   theories and analyzing information" in enforcement actions or where the private

8   party is the victim of the conduct under investigation by the government. *In re*

9   *Steinhardt Partners L.P.*, 9 F.3d 230, 236 (2d Cir. 1993). Despite DC's misleading

10  claims to the contrary, the USAO accepted such "a common interest/joint

11  prosecutorial privilege" asserted in a September 17 letter based on "Mr. Toberoff

12  and the government's common interest in investigating the wrong," and affirmed

13  that it "was willing to be governed by those conditions [in the September 17 letter]

14  in accepting the documents." Docket No. 212, Ex. C; Docket No. 238, ¶ 7.[1]

15  Numerous cases have found that a common interest exists under such

16  circumstances. Thus, in *Sedlacek v. Morgan Whitney Trading Group, Inc.*, 795 F.

17  Supp. 329, 331 (C.D. Cal. 1992), the court upheld a common interest privilege

18  between the plaintiff and the Federal Trade Commission because both were

19  investigating the same alleged fraud. The *Sedlacek* Court expressly held that such

20  privilege is applicable "'whether the litigation or potential litigation is civil or

21  criminal,'" or "'ongoing,'" and "that the privilege is not limited to co-parties." *Id.*

22  at 331. Numerous cases have similarly found that where a private party and the

23  government are involved in closely related litigation, communications between

24  

---

25  [1] To evade the clear record set forth in the declaration of Richard Kendall (Docket No. 238), DC juxtaposes out of context quotes from various documents and then trumpets

26  such mischaracterizations as "proof" of its arguments that no common interest privilege applies. *Supra* at 2. Moreover, while DC falsely claims that Defendants somehow

27  misrepresented such documents, the documents speak for themselves and were squarely placed in the record before this Court, Judge Wright and the Ninth Circuit by Defendants

28  themselves.

JOINT STIP. RE: DC'S MOTION TO
COMPEL GOV'T COMMC'NS

1  them are subject to a common interest or joint interest privilege.[2]

2      A joint interest privilege exists where "(1) the communications were made in

3  the course of a joint effort, (2) the statements were designed to further the joint

4  effort, and (3) the privilege has not been waived." *Burroughs*, 167 F.R.D. at 686

5  (citing *United States v. Bay State Ambulance & Hosp. Rental Serv.*, 874 F.2d 20, 28

6  (1st Cir. 1989)).  Here, all three elements are easily met.  The communications with

7  the USAO were made in the course of the government's ongoing criminal

8  investigation of the theft of privileged legal files for prosecution and Mr. Toberoff's

9  contemplated legal action against the perpetrator, and were designed to further that

10  common interest.  Nor is there any basis for DC to argue "waiver." The privileged

11  "Stolen Documents" were privileged attorney-client communications between

12  defendants Laura Siegel Larson *et al.* and their counsel, Marc Toberoff.  The Court

13  found a waiver because they were provided to a third party – the USAO.  Here,

14  there would be no basis for an analogous waiver, since the confidential

15  communications were between Defendants' counsel and the USAO in the first

16  place.

17      **D.    DC's Motion is Improperly Based on a Stayed Order**

18      Even though the Court's May 25, 2011 order denied DC's express motion to

19  compel the USAO Communications, DC premises this redundant motion on

20  comments made by the Court in that order regarding waiver of privilege as to the

21  stolen documents.  *Supra* at 1; Docket No. 262 at 3.  The Court, however expressly

22  ───────────────────

23  [2] *See Burroughs v. DeNardi Corp.,* 167 F.R.D. 680, 685 (S.D. Cal. 1996) (sharing of
work product between government and *qui tam* relator protected by joint prosecution
privilege); *United States v. Gumbaytay*, 2011 U.S. Dist. LEXIS 47142, at *12 (M.D. Ala.
24  Jan. 19, 2011) (recognizing "that the common interest rule protects communications
between a governmental agency and persons on whose behalf the [] agency brings suit");
25  *United States v. Cisco Sys.*, 2011 U.S. Dist. LEXIS 30902, at *4 (E.D. Ark. Mar. 15,
2011) (recognizing a "Common Interest privilege" between government and *qui tam*
26  relator); *E.E.O.C. v. Chemtech Intern. Corp.*, 1995 U.S. Dist. LEXIS 21877, at *1 (S.D.
Tex. 1995) ("[B]ecause the EEOC and the private citizen have many identical interests,
27  the attorney-client privilege is essentially a joint prosecution privilege that extends to
28  communications between" them).

JOINT STIP. RE: DC'S MOTION TO
                                                      COMPEL GOV'T COMMC'NS

1    stayed that "ruling to allow Defendants to seek review" and that stay "continue[s] in

2    effect until all review is exhausted." *Id.* at 4. *See* Docket No. 287.  Defendants also

3    expressly raised the issue of a "joint interest privilege" in their writ. *See* Hayden

4    Decl., Ex. D at 26-29.  As the May 25, 2011 order is the sole purported basis for

5    DC's motion and that order is stayed by its own terms, there are no grounds for

6    DC's motion, as DC is not entitled to take discovery on the basis of a stayed order.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT STIP. RE: DC'S MOTION TO
COMPEL GOV'T COMMC'NS

1

2      Dated:        July 18, 2011                    Respectfully Submitted,

3                                                     O'MELVENY & MYERS LLP

4
                                                      By: /s/ Daniel M. Petrocelli
5                                                         Daniel M. Petrocelli
                                                          Attorneys for Plaintiff DC Comics
6
       Dated:        July 18, 2011                    Respectfully Submitted,
7
                                                      TOBEROFF & ASSOCIATES, P.C.
8

9
                                                      By: /s/ Marc Toberoff
10                                                        Marc Toberoff
                                                          Attorneys for Defendants Laura
11                                                        Siegel Larson, Mark Warren Peary,
                                                          and Jean Adele Peavy
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT STIP. RE: DC'S MOTION TO
                                                                COMPEL GOV'T COMMC'NS