# EXHIBIT C

# TOBEROFF & ASSOCIATES, P.C.

A PROFESSIONAL CORPORATION

2049 CENTURY PARK EAST, SUITE 3630
LOS ANGELES, CALIFORNIA 90067

MARC TOBEROFF*
NICHOLAS C. WILLIAMSON
KEITH G. ADAMS
JEFFREY R. RHOADS

TELEPHONE
(310) 246-3333

FACSIMILE
(310) 246-3101

* Also admitted in New York

mtoberoff@ipwla.com

June 13, 2011

Via E-Mail

Matthew Kline
O'Melveny and Myers LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067

Re:   *DC Comics v. Pacific Pictures Corp., et al.*, Case No. 10-CV-03633 ODW (RZx)

Matt:

I write in response to your 20-page (single spaced) letter dated June 1, 2011 containing numerous requests for production and to follow-up on my June 3, 2011 letter, in advance of our June 13, 2011 meet-and-confer, in order to make defendants' position clear.

As a preliminary matter, we reject the contention that your June 1 letter was "not meant to be a comprehensive recitation of all the deficiencies at issue." If DC has additional issues to raise, it should do so in writing pursuant to Local Rule 37.

## I.   DC'S NEW REQUESTS

As stated in our June 3, 2011 letter, DC for the most part has set forth new requests in the form of its lengthy June 1, 2011 letter. However, it is required to serve such requests pursuant to F.R.C.P. 34 and to afford defendants thirty days to formally respond and object pursuant to F.R.C.P. 34. *Thereafter*, to the extent there are any disputes, DC can initiate a meet-and-confer process pursuant to Local Rule 37, which, along with such requests and responses, would serve to crystallize any disputes which cannot be resolved. Your June 10, 2011 e-mail, while seeking to circumvent F.R.C.P. 34, effectively concedes this point by demanding that defendants serve you with "one-by-one responses" to DC's "RFPs," but refuses to afford defendants the reasonable time to respond provided by F.R.C.P. 34.

DC brought a motion to compel on its prior requests for production to which defendants duly responded and objected, and that motion was for the most part *denied*. DC has not sought review of that ruling, which is now "law of the case," and DC's requests therein are moot. DC has no right to simply "pick up where it left off" in circumvention of F.R.C.P. 34, or to bring another motion to compel on the same rejected requests. To permit a party to do so would discourage adherence to the meet and confer process mandated by Local Rule 37. Like DC has done, a party

EXHIBIT C
76

**TOBEROFF & ASSOCIATES, P.C.**

June 13, 2011
Re:     *DC Comics v. Pacific Pictures Corp.*
Page:   2 of 4

could bring a premature motion to compel "to see if it sticks" and if it fails, purport to meet and confer and then bring a second motion to compel on the same requests. That is not the way F.R.C.P. 34 and Local Rule 37 work, or are intended to function. DC's motion to compel on its prior requests was largely denied due to DC's failure to follow Local Rule 37 so as to properly and specifically frame any real issues for adjudication by the Court. DC is doing the same again by its roughshod practice of serving new requests under the guise of meeting and conferring on its prior rejected requests.

Accordingly, DC should serve its new discovery requests in the proper form, and defendants will fully respond to them in due course pursuant to the Federal and Local Rules. Alternatively, defendants are willing to disregard the informal service of DC's requests in the form of your June 1, 2011 letter and to provide their responses/objections thereto pursuant to F.R.C.P. 34. In the meantime, we are happy to further discuss this matter with you at 3:00 p.m. today as scheduled.

Notwithstanding and without waiver or limitation of defendants' right to respond to DC's requests under F.R.C.P. 34, or of defendants' general or specific objections to DC's original requests, we briefly address below some salient points regarding DC's new requests.

**A.     Toberoff Request Nos. 56-58, PPC Request Nos. 31, 33; IPWW Request Nos. 32-34; IPW Request Nos. 27, 29:** Magistrate Zarefsky *specifically rejected* Toberoff Request Nos. 56-58 and IPW Request Nos. 27-31 (and by implication the equivalent requests directed at PPC and IPWW) as "hopelessly overbroad" and as improperly "calling for everything there is about companies with which Mr. Toberoff has been associated." Docket No. 262 at 5. DC failed to seek review of such ruling, which is now binding pursuant to F.R.C.P. 72 and Local Rule 72-2.1. DC's new versions of these requests do no more than split such requests into overbroad sub-parts. If DC moves to compel on any of these requests, defendants will seek sanctions.

**B.     Toberoff Request Nos. 27-28, 40-41, 44, 52, 53; PPC Requests Nos. 24, 27-28; IPWW Request Nos. 24, 27:** DC previously moved to compel on these requests, which motion was denied. DC failed to seek review of such ruling, which is binding pursuant to F.R.C.P. 72 and Local Rule 72-2.1. DC has failed to even attempt to revise these requests, and defendants stand on their objections. Nonetheless, provided that "RELATING" is reasonably read to mean "refer to or directly bear on," defendants note that they have already produced, directly or by designation, the non-privileged responsive documents sought by these requests.

**C.     Toberoff Request Nos. 5, 12-15, 18, 29-32, 46, 48, 53-54; PPC Request Nos. 5, 15, 23, 25, 29-30; IPWW Request Nos. 5, 15, 18, 25, 28-30; IPW Request Nos. 24-26):**
It is clear that DC is propounding what amounts to new discovery. For example, while you purport to derive Toberoff, IPWW and PPC Requests No. 5 from your prior Requests No. 5 ("All DOCUMENTS RELATING to SUPERMAN and/or SUPERBOY"), you have made two separate and entirely new requests for "All DOCUMENTS RELATING to any interest the SIEGEL HEIRS' claim in SUPERMAN and/or SUPERBOY" and "All DOCUMENTS RELATING to any interest the SHUSTER HEIRS' claim in SUPERMAN and/or SUPERBOY."

EXHIBIT C
77

**TOBEROFF & ASSOCIATES, P.C.**

June 13, 2011
Re:   *DC Comics v. Pacific Pictures Corp.*
Page:   3 of 4


As referenced above, a fundamental problem with DC's prior requests was their use of the very broadly defined term "RELATING," which potentially implicated virtually every document in the case and rendered such requests overbroad. As most of DC's new requests do not address the "RELATING" issue, such do not resolve this problem.

As we repeatedly advised you during our February 2011 meet-and-confer, with respect to the relevant documents sought by DC's prior requests (*i.e.*, if "RELATING" is interpreted reasonably to mean "refer to or directly bear on"), the vast majority have already been produced. *See, e.g.,* February 14, 2011 letter from Laura Brill at 1 ("[M]ost of the relevant documents were already furnished in *Siegel* in response to DC's broad requests therein."); February 18, 2011 letter from Laura Brill at 1 ("[M]ost of the documents DC now seeks were already produced in connection therewith or logged a long time ago [in *Siegel*].").

Notwithstanding the above and based on a reasonable interpretation of "RELATING" to mean "refer to or directly bear on," defendants will re-review their files in connection with DC's new requests to ensure that there are no other responsive, non-privileged documents to be produced. However, this should not be taken to mean that there are additional responsive non-privileged documents.

With respect to DC's purported confusion as to the scope of the "Ari Emanuel" documents that defendants will produce on June 17, 2011, I must again emphasize that DC already has all, or nearly all, of the non-privileged documents that it seeks with its requests.

DC has done little to resolve the problem that many of its requests are exceedingly overbroad, burdensome and seek documents that bear no relation to this case. For instance, PPC Request No. 23 and IPW Request No. 26, which seek "All DOCUMENTS identifying YOUR past and current ownership and management structure, including operating agreements, by-laws, capitalization schedules, capital accounts, shares, filings, and other financial forms," are nearly the same as its prior overbroad requests for such documents of no apparent relevance. The details of every bank account, share and filing of PPC (over multiple decades) and IPW (over a decade) are not even remotely germane to this action. Even somewhat narrower requests for corporate documents (*e.g.,* PPC Request Nos. 25, 29-30; IPWW Request Nos. 29-30; IPW Request Nos. 24-25) suffer from similar infirmities. DC has never made or attempted to make any showing that every document that somehow relates to the business of PPC, IPW or IPWW are relevant to this action.

II.   **OTHER ISSUES**

A.   **Agreements Between or Among Defendants:**  As I stated in my June 3, 2011 letter, you complain that "no new agreements have been produced," and that there is "at least one consent agreement between defendants." There is only one "consent agreement" (aside from the long ago produced IP Worldwide and PPC Agreements that DC characterizes as "consent agreements") – the 2008 "collective bargaining" agreement that has been held to be privileged by

EXHIBIT C
78

**TOBEROFF & ASSOCIATES, P.C.**

June 13, 2011
Re:   *DC Comics v. Pacific Pictures Corp.*
Page:   4 of 4

Judge Larson, Magistrate Judge Zarefsky, and now Judge Wright. Your statement that "at least one agreement related to the payment of a portion of any Superboy recovery by the Siegels to the Shusters" is in "existence" is without basis or merit.

**B.     Toberoff [Defendants'] Ownership Interest:**  As I stated in my June 3, 2011 letter, your arguments regarding the Shuster estate's copyright interests in relation to the PPC and IP Worldwide Agreements are incomprehensible. As a matter of law, and as defendants pointed out in no fewer than three motions, and as DC itself alleged in its First Amended Complaint, such termination interest could not have been transferred pursuant to 17 U.S.C. § 304(c)(6)(D), and Mr. Peary, as personal representative of the Estate of Joseph Shuster, owns the entirety of such interest, as he has since its notice of termination was served.

**C.     Marketing of Superman Rights:**  As I stated in my June 3, 2011 letter, your sheer speculation regarding the marketing of Superman rights is without merit.

**D.     Communications with the U.S. Attorney's Office:**  DC specifically sought all such documents, which defendants had logged, in its prior motion to compel. Magistrate Zarefsky did not grant DC's motion as to such documents. DC failed to seek review of such ruling, which is now binding pursuant to F.R.C.P. 72 and Local Rule 72-2.1.

**E.     Toberoff-Related Business Entities:**  As stated above, DC's requests for "All DOCUMENTS RELATING to any past, current, or planned business activity" were specifically rejected as "hopelessly overbroad" by Magistrate Zarefsky's May 25, 2011 order, and DC again has failed to seek any review of that ruling, which is now law of the case pursuant to F.R.C.P. 72 and Local Rule 72-2.1. Defendants are and were under no duty to respond to such requests, despite DC's *post hoc* claims that defendants should have divined what DC now seeks by such hopelessly overbroad requests. Defendants will seek sanctions if DC brings a further motion to compel based on such overbroad requests.

Very truly yours,

Marc Toberoff

cc:   Laura Brill

EXHIBIT C
79