DANIEL M. PETROCELLI (S.B. # 097802)
  dpetrocelli@omm.com
MATTHEW T. KLINE (S.B. # 211640)
  mkline@omm.com
CASSANDRA L. SETO (S.B. # 246608)
  cseto@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA  90067-6035
Telephone:   (310) 553-6700
Facsimile:    (310) 246-6779

PATRICK T. PERKINS (admitted pro hac vice)
  pperkins@ptplaw.com
PERKINS LAW OFFICE, P.C.
1711 Route 9D
Cold Spring, NY 10516
Telephone:  (845) 265-2820
Facsimile:   (845) 265-2819

Attorneys for Plaintiff DC Comics

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DC COMICS,<br><br>                Plaintiff,<br><br>        v.<br><br>PACIFIC PICTURES CORPORATION, IP WORLDWIDE, LLC, IPW, LLC, MARC TOBEROFF, an individual, MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER, JEAN ADELE PEAVY, an individual, LAURA SIEGEL LARSON, an individual and as personal representative of the ESTATE OF JOANNE SIEGEL, and DOES 1-10, inclusive,<br><br>                Defendant. | Case No.  CV 10-3633 ODW (RZx)<br><br>**DISCOVERY MATTER**<br><br>**DC COMICS' COMBINED SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTIONS TO COMPEL (1) THE PRODUCTION OF ALL COMMUNICATIONS WITH THE GOVERNMENT RE: TOBEROFF TIMELINE; (2) ALL COPIES OF THE MAY 13, 2003, LETTER; AND (3) DENNIS LARSON DOCUMENTS**<br><br>SUPPLEMENTAL DECLARATION OF JASON H. TOKORO FILED CONCURRENTLY HEREWITH<br><br>**Judge**:          Hon. Otis D. Wright II<br>**Magistrate**:   Hon. Ralph Zarefsky<br><br>**Hearing Date**:     August 8, 2011<br>**Hearing Time**:     10:00 a.m.<br>**Courtroom:**         540<br>**Discovery Cutoff:**  None Set<br>**Pretrial Conference:**  None Set<br>**Trial:**                   None Set |

**I.     ALL COMMUNICATIONS WITH THE GOVERNMENT RE:
TOBEROFF TIMELINE**

DC's motion to compel defendants and their counsel to produce all of their communications with the U.S. Attorney's Office is *not* a "*de facto* motion for reconsideration" since nowhere in the Court's May 25 order did it deny DC's request to discover these materials.  To the contrary, the Court rejected defendants' *only* argument for refusing to produce these documents: an asserted joint-prosecution privilege.  Docket No. 262 at 3.  The Court is not barred by "law of case" or otherwise from ordering defendants to produce this evidence.

Defendants assert the Court had "good reason" to deny DC's request since defendants' communications with the U.S. Attorney's Office are "irrelevant."  But defendants never made this argument in opposing DC's original motion, and they do not and cannot explain how the Court could credit an argument they never made.  The reason defendants did not argue relevance is that they *selectively disclosed* several of their communications with the government in their opposition to DC's original motion—claiming these communications supported their now-rejected privilege claims.  Docket No. 215 at 1-7.  All DC seeks in the present motion is the complete history of defendants' correspondence with the government, not just the snippets defendants selectively chose.  Defendants' opposition does not dispute that this full communication history is relevant to the privilege claims defendants continue to assert.  Docket No. 298-1 at 1-2.  Nor do they deny that the relevancy standard for discovery set forth in Rule 26 permits discovery pertaining to a pending discovery dispute.  *Id.*

What defendants do dispute is whether their communications are *also* relevant to show that they sought to silence or discredit a witness (the Timeline author) by seeking (unsuccessfully) to initiate an investigation against him.  But evidence regarding defendants' bias, animus, and actions toward an adverse witness is plainly discoverable.  *See U.S. v. Hankey*, 203 F.3d 1160, 1171 (9th Cir. 2000);

COMBINED SUPPL. MEMO ISO DC'S
THREE MOTIONS TO COMPEL

1 | *Crowe v. Bolduc*, 334 F.3d 124, 132 (1st Cir. 2003); *U.S. v. Green*, 617 F.3d 233,

2 | 251 (3d Cir. 2010).

3 |     Defendants' belated assertion that their communications with the government

4 | are "work product" is also without merit. Defendants never asserted this privilege

5 | during Rule 37 discussions or in opposing DC's prior motion and thereby waived

6 | the argument. Moreover, defendants' correspondence with the government can

7 | hardly be treated as work product, especially since the government put defendants

8 | on express notice that their disclosures could be a "conduit to [discovery of these

9 | materials by] a potential adversary." *In re McKesson HBOC, Inc. Secs. Litig.*, 2005

10 | U.S. Dist. LEXIS 7098, at *31, 46-47 (N.D. Cal. Mar. 31, 2005); Docket No. 212 at

11 | 10-11.

12 |     Finally, neither defendants' writ petition nor the Court's May 25 stay order

13 | divests this Court of jurisdiction to resolve this motion. Docket No. 298-1 at 3

14 | (citing C. GOELZ ET AL., FEDERAL NINTH CIRCUIT CIVIL APPELLATE PRACTICE

15 | § 1:100-102 (2011); *Hubbard v. Midland Credit Mgmt., Inc.,* 2009 WL 2148131, at

16 | *1 (S.D. Ind. July 16, 2009)). Defendants do not dispute these authorities. The

17 | documents DC seeks are directly relevant to the pending writ petition and should be

18 | made available for the answer DC may be asked to file.[1]

19 | **II.    ALL COPIES OF THE MAY 13, 2003, LETTER**

20 |     There is no dispute that all versions of the May 13, 2003, letter that Michael

21 | Siegel sent to Laura Siegel Larson—including copies bearing a "Q" Bates stamp—

22 | are responsive to DC's document requests in this case. There is no dispute the

23 | documents are not privileged. And there is no dispute that this Court issued an

24 | order on December 7, 2010, requiring defendants to produce all responsive, non-

---

26 |     [1] Defendants' opposition re-argues many other points they lost on DC's original

27 | Timeline motion—devoting pages to *identical arguments* this Court and the District Court rejected. *Compare* Docket Nos. 298-1 at 7-8, *with* 210 at 3-11, *and* 276 at

28 | 16-18. These rulings are final, and DC will not further respond to defendants' arguments.

COMBINED SUPPL. MEMO ISO DC'S
THREE MOTIONS TO COMPEL

1    privileged documents.  Defendants should have never forced DC to file a motion to

2    obtain the Q-Bates-stamped versions of the documents; indeed, defendants

3    conceded at oral argument that they should have produced them.

4         Yet defendants now assert that the Court *sub silentio* amended its December

5    7 order to exempt these documents or denied DC's motion to obtain them when it

6    refused DC's motion seeking an *unredacted* version of the May 13 letter that

7    defendants produced on April 18, 2011.  Docket Nos. 267-1 at 12-13; 275 at 3-4.

8    But that motion seeking to eliminate redactions did not seek the production of the

9    Q-Bates-stamped documents.  Indeed, when DC's counsel made an oral request for

10   such documents at the hearing on its motion, the Court said it had "dealt with

11   everything that has been presented as a motion," and was "not going to start taking

12   oral motions."  Docket No. 296-7 at 74:3-5.

13        Put simply, the relief sought in this motion neither has been sought nor

14   adjudicated, and there is no basis to deny it now.  Defendants assert that if the

15   motion is granted, DC might file other motions to compel.  That is no reason to

16   deny this motion.  Defendants' remaining claims about what "only copy" or  "non-

17   existent" should be read to mean only underscore the impropriety of defendants'

18   persistent game-playing and double talk to obstruct discovery.

19   **III.   DENNIS LARSON DOCUMENTS**

20        DC never sought "every document from [the Larsons'] divorce proceedings",

21   Docket No. 297-1 at 4, nor does DC's current motion seek that.  DC seeks an order

22   requiring "defendants to comply with their discovery obligations and produce all

23   non-privileged documents responsive to each of DC's requests."  *Id.* at 3.  This

24   includes the Larson divorce documents *related to this case*—with respect to which

25   DC successfully filed a motion in February.  Docket No. 209 at 12-13.

26        Defendants offer *no explanation* why they should be excused from their

27   obligation to abide by court orders, other than an asserted "underst[anding]" that

28   DC sought only "communications" or "correspondence" from the divorce

- 3 -

1   proceedings.  Docket No. 297-1 at 5.  DC quickly responded to and refuted this

2   position, Docket No. 297-2 ¶ 4, which is belied by the plain language of the Court's

3   April 11 ruling, Docket No. 209 at 12-13, and makes no sense in any event.

4        Defendants have been ordered since *December 2010* to produce documents

5   responsive to each of DC's requests, Docket No. 133, and nothing in the interim

6   has relieved them of that order.  Moreover, no such misunderstanding explains why

7   defendants have *refused* to contact Ms. Larson's divorce attorney to search her files

8   for responsive documents ("correspondence" or otherwise), or why defendants

9   *affirmatively removed attachments and enclosures* from the "communications" they

10   produced.  Docket No. 297-2 ¶ 4.  In fact, as DC just learned last Friday when it

11   took the deposition of defendant Laura Siegel Larson, many documents in Ms.

12   Larson's possession related to Superman have *never* been reviewed by her counsel.

13   Decl. of Jason H. Tokoro Exs. A, B.

14        Finally, defendants' argument that the documents DC seeks are irrelevant is

15   specious.  After forcing DC to go to the expense of serving motions to compel on

16   defendants to require the production of these documents over defendants'

17   boilerplate objection, Docket No. 125, defendants stipulated to the December 2010

18   order waiving all such objections, *including relevance*, Docket No. 133 ¶ 1.

19        Even had defendants reserved their relevance objections—they did not—they

20   would be without basis.  For example, as DC pointed out and defendants

21   acknowledge, Mr. Larson claimed an entitlement to an interest in Ms. Larson's

22   putative Superman rights and served non-public discovery responses in his divorce

23   case articulating why he owned such rights.  Docket No. 297-1 at 1, 6.  DC is

24   entitled to those documents, it sought them in its prior motion, and the Court

25   ordered them produced, noting "Defendants [did] not object to turning [] over" such

26   materials from the Larsons' divorce proceedings.  Docket No. 209 at 12:19.

27

28

COMBINED SUPPL. MEMO ISO DC'S
THREE MOTIONS TO COMPEL

1

## IV.   CONCLUSION

2          DC's motions should be granted.

3    Dated:        July 25, 2011                    Respectfully Submitted,
                                                    O'MELVENY & MYERS LLP
4
                                                    By:  /s/ Daniel M. Petrocelli
5                                                        Daniel M. Petrocelli
6                                                        Attorneys for Plaintiff DC Comics

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMBINED SUPPL. MEMO ISO DC'S
                                                    THREE MOTIONS TO COMPEL