# EXHIBIT 20

# CONFIDENTIAL

# Ip worldwide

9595 Wilshire Blvd., Suite 811
Beverly Hills, CA 90212
Tel: (310)246-3100; Fax: (310) 246-3101

*full nopunch*

*To Joel Mandel*

---

## FACSIMILE COVER PAGE

| TO: Ariel Z. Emanuel | FAX: 310-248-2033 |
|---|---|
| FROM: Marc Toberoff | PAGES (including cover): 7 |
| DATE: 6/3/02 | RE: AE/PPC IPW Agreement |

**COMMENTS:**

<u>Confidential</u>

Attached as requested is an executed copy of the agreement dated February 2, 2002 between Ariel Emanuel and Pacific Pictures Corp. regarding IP Worldwide, LLC.



EXHIBIT 60



RECEIVED JUN 3 2003 Tom McGuire

THE INFORMATION CONTAINED IN THIS TRANSMISSION IS INTENDED ONLY FOR USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF THE READER OF THIS TRANSMISSION IS NOT THE INTENDED RECIPIENT, ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL TRANSMISSION TO US AT THE ABOVE ADDRESS VIA THE US POSTAL SERVICE. THANK YOU.

EN00001

EXHIBIT 20
667

**CONFIDENTIAL**

## MEMORANDUM OF AGREEMENT

The following sets forth the deal terms of the agreement between Pacific Pictures Corporation f/s/o Marc Toberoff ("PPC") and Ariel Emanuel ("AE") to form a joint venture ("Newco") to acquire and exploit intellectual property rights ("IP"):

A.  Basic Structure

Newco will be a separate entity (probably a limited liability company ("LLC") whose equity will be owned 50% by PPC; 40% by AE, 10 % by Endeavor.

B.  Contributions to Newco.

    1. From PPC:

        (a) PPC's current IP business
(subject to pre-existing commitments and exclusions per Appendix "I" and ¶ D below)

        (b) Marc Toberoff's ("MT") exclusive IP services;
- IP legal skills;
- IP contacts, precedent and goodwill;
- Access to extensive IP research (6 years) and IP hit list;

    2. From AE:

        (a) Annual Overhead of $_____ + ppi) plus

1

EN00002

EXHIBIT 20
668

**CONFIDENTIAL**

C. Annual Allocation of Gross Receipts:

1. PPC will be entitled to the first $_____ as deferred salary for year 1. AE will next recoup his overhead expenditure for year 1 ($_____). Any remaining gross receipts in year 1 will be divided as set forth below. In year 2, PPC will then be entitled to the next $_____ as deferred salary for year 2. AE will next recoup his overhead expenditure for year 2 ($_____). To the extent PPC and AE were not paid their respective $1 million and $_____ in years 1 and 2 respectively, those sums will carry over to subsequent years in the same recoupment priority. Following said recoupment, Newco gross receipts will be distributed 50% to PPC, 40% to AE, and 10% to Endeavor. All revenues derived from Newco IP go through Newco, excluding commissions on third party Endeavor clients. It is the intention of the parties to share fairly in the values generated by transactions hereunder.

If Newco is entitled to less than 100% of payments for certain IP, yet it is arranged for Endeavor to receive 10% of 100% of said IP payments, then, in such case, Endeavor will not also commission Newco's less than 100% IP payment, and the above distribution of Newco gross receipts will be adjusted so that the net effect is that PPC receives 50% of the aggregate gross receipts, AE receives 40% and Endeavor 10%.

2. Without obligation to spend money, if AE opts to invest additional money in Newco to acquire certain IP for a profit, AE will be entitled to recoup its investment from gross receipts, plus a 20% return, with the balance of gross receipts distributed per ¶ C 1 above. If AE/Newco doesn't invest in certain IP after 30 days of its introduction to AE/Newco, MT will be free to set up said IP outside of Newco after notice to AE.

D. PPC's Current IP/Allocation of Gross Receipts

1. On PPC's pre-existing IP assets (as set forth in Appendix I ¶ A) that are not set-up; Newco has the right to participate in the revenue stream if AE or Endeavor attaches a key element and/or actually sets up the project during the Term as follows: Newco receives 50% of 100% of PPC revenues from the IP (excluding Producer fees); Endeavor in addition receives 10% of MT Producer fees and 100% of its third party client commissions.

2. On PPC's projects that are already set up (as set forth in Appendix I B) ¶ D1 above applies if the Rights revert or return to PPC by some other means (turnaround, expiration of option) during the Term. Otherwise, if AE or Endeavor contributes something material to greenlight a project already set up by MT/PPC,

2

EN00003

EXHIBIT 20
669

**CONFIDENTIAL**

Newco receives 25% of 100% of PPC revenues from the IP (excluding Producer fees); Endeavor in addition receives 10% of MT Producer fees and 100% of its third party client commissions.

       3.     With respect to the legal disputes identified in Appendix I C, if there is an opportunity for AE to contribute services to settle such disputes, MT will negotiate with AE a reasonable fee to AE, subject to AE's settlement of such disputes.

E.    MT's Producer fees

Newco will not be actively engaged in film production. MT, personally, will be attached as a Producer to Newco IP and personally receive screen credit and a fee (fixed and contingent) for such services outside of Newco to be negotiated by MT in good faith with the financier/distributor of such IP derived projects. Endeavor will receive an agent's commission of 10% of such MT Producer fees.

F.    Additional AE Right

       1.     AE has the absolute right to decline to participate in certain IP in which case any such IP deals are outside Newco and PPC directly receives 100% of the IP and producer proceeds, if any.

G.    Term

The Term shall be two years, commencing on or about March 1, 2002 once this agreement is executed and Newco's offices and principal staff are in place.

H.    Dissolution of the Venture

Upon dissolution, Newco assets acquired during the Term will be owned by the parties in the same proportion as their equity in Newco as tenants in common, and gross receipts from assets acquired or assets set up during the Term will continue to be divided and payable per the terms of this Agreement. Pre-existing PPC assets set forth in Appendix 1 remain owned by PPC unencumbered.

I.    Dispute Resolution

In the event of any disputes between the parties concerning this agreement, any such dispute will be resolved first by meaningful informed discussions, chaired by a mutually approved mediator. If those discussions do not result in a resolution the parties will submit any such dispute to binding

**CONFIDENTIAL**

expedited arbitration before a single arbitrator familiar with the entertainment business.

J.  General

The parties will in good faith execute such further documents as are necessary or desirable to carry out the purposes and intent of this agreement. The parties contemplate that they will enter into a longer form agreement(s) incorporating the terms hereof, but until such time or in the event no such longer agreement is executed, this agreement is and will remain binding.

This agreement contains the full understanding of the parties and supersedes all prior or contemporaneous understandings whether written or oral with respect to the subject matter hereof and may not be modified except in writing signed by the party to be bound. The parties acknowledge that they have not signed this agreement in reliance on any promise or representation not expressly set forth herein. This agreement may not be assigned by either party. This Agreement shall bind and inure to the benefit of the parties and their respective heirs and executors. Executed facsimile copies of this agreement shall be valid and acceptable with the same force and effect as executed originals.

This agreement shall be construed and applied pursuant to the laws of the State of California applicable to agreements made and to be performed therein.

AGREED, UNDERSTOOD AND ACCEPTED:

_____        Date: 2/12/02
Ariel Emanuel

Pacific Pictures Corporation

_____        Date: 2/12/02
By: Marc Toberoff, President

4

EN00005

EXHIBIT 20
671

Jun-04-03   02:45pm   From-

T-582   P.006/007   F-860

CONFIDENTIAL

Ariel Emanuel - w – Pacific Pictures Corporation

APPENDIX 1

REDACTED

5

EN00006

EXHIBIT 20
672

**CONFIDENTIAL**

Ariel Emanuel - w – Pacific Pictures Corporation

APPENDIX 1 (Continued)

C. Legal Claims/Litigation (initialed due to confidentiality)

JS Claims

REDACTED