# EXHIBIT 21

1  Marc Toberoff (CA State Bar No. 188547)
   Nicholas C. Williamson (CA State Bar No. 231124)
2  LAW OFFICES OF MARC TOBEROFF, PLC
   1999 Avenue of the Stars, Suite 1540
3  Los Angeles, CA 90067
   Telephone: (310) 246-3333
4  Facsimile: (310) 246-3101

5  Attorneys for Plaintiffs and Counterclaim Defendants
   Joanne Siegel and Laura Siegel Larson
6
                    **UNITED STATES DISTRICT COURT**
7
                    **CENTRAL DISTRICT OF CALIFORNIA**
8

9  JOANNE SIEGEL, an individual; and      Civil Case Nos. **04-8400, 04-8776**
   LAURA SIEGEL LARSON, an               **RSWL (RZx)**
10 individual,
                                          **PLAINTIFFS JOANNE SIEGEL**
11                                        **AND LAURA SIEGEL LARSON'S**
                Plaintiffs,               **RESPONSES TO DEFENDANTS'/**
12      vs.                               **COUNTERCLAIMANT'S SECOND**
                                          **SET OF REQUESTS FOR**
13                                        **ADMISSION**
   WARNER BROS.
14 ENTERTAINMENT INC., a
   corporation; TIME WARNER INC., a
15 corporation; DC COMICS, a general
   partnership; and DOES 1-10,
16
17              Defendants
18
   ─────────────────────────────
19
   DC COMICS,
20
                Plaintiffs
21
22      vs.
23
   JOANNE SIEGEL, an individual; and
24 LAURA SIEGEL LARSON, an
   individual,
25
26              Counterclaim Defendants
27
28

                              1

─────────────────────────────────────────────────
PLAINTIFFS' RESPONSES TO DEFENDANT'S REQUESTS FOR ADMISSION

EXHIBIT 21
674

1

2 PROPOUNDING PARTY: Defendants WARNER BROS. ENTERTAINMENT

3 INC., TIME WARNER INC., and Defendant and Counterclaimant DC

4 COMICS

5 RESPONDING PARTY:  Plaintiffs JOANNE SIEGEL and LAURA SIEGEL

6 LARSON

7 SET NUMBER: Two (Nos. 37-126)

8         Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiffs

9 Joanne Siegel and Laura Siegel Larson ("Plaintiffs") hereby respond to

10 Defendant DC Comics' Second Set of Requests for Admission as follows:

11 Discovery is ongoing, and Plaintiffs reserve the right to amend, modify,

12 supplement, or alter this response as warranted by subsequently discovered

13 information, and also to rely upon subsequently discovered information or

14 information omitted from this response due to mistake, error, or

15 inadvertence.  Subject to the following general objections, therefore,

16 Plaintiffs' responses to these Requests for Admission are made without

17 prejudice to their right to provide supplemental responses and objections.

18                                   I.

19 **OBJECTIONS TO THE ENTIRE REQUESTS FOR ADMISSION**

20         Plaintiffs object to the entire Requests for Admission on each of the

21 following grounds, and incorporate by reference each of the following

22 objections into their response to each individual request within it:

23         1.      Plaintiffs object to the entire Requests for Admission to the

24 extent that it seeks information transmitted and maintained in confidence

25 between Plaintiffs or any person or entity and its counsel for the purpose of

26 obtaining legal advice or representation, on the ground that such information is

27 protected from disclosure by the attorney-client privilege.

28         2.      Plaintiffs object to the entire Requests for Admission to the

2

EXHIBIT 21
675

1    extent that it seeks information with any confidential impression, conclusion,

2    opinion, legal research, or legal theory of counsel for Plaintiffs or any other

3    person or entity, on the ground that such information is protected from

4    disclosure by the attorney work product privilege.

5         3.    Plaintiffs object to the entire Requests for Admission to the

6    extent that it seeks information which is not reasonably calculated to lead to the

7    discovery of admissible evidence, on the ground that it exceeds the permissible

8    scope of discovery delimited by Rule 26(b)(1) of the Federal Rules of Civil

9    Procedure.

10        4.    Plaintiffs object to the entire Requests for Admission to the

11   extent that it seeks the production or identification of any item, or portion

12   thereof, which is protected from disclosure by any privacy or similar rights of

13   Plaintiffs or any other person or entity.

14        5.    Plaintiffs object to the entire Requests for Admission to the

15   extent that it purports to impose any obligation beyond those set forth in Rule

16   36 of the Federal Rules of Civil Procedure and Local Rules 36.1-36.3 of the

17   United States District Court for the Central District of California including,

18   without limitation, the assertion that the Requests for Admission are

19   "continuing" and all purported instructions included in it pertaining to the

20   content of Plaintiffs' written response.

21                              **II.**

22              **RESPONSES TO INDIVIDUAL REQUESTS**

23        Subject to and without waiving the foregoing objections, Plaintiffs

24   respond to each individual request within the Requests for Admission as

25   follows:

26   **Request No. 37**

27        Admit that the Superman Notices set forth an effective date of

28   termination of April 16, 1999.

3

EXHIBIT 21
676

**Response to No. 37**

Plaintiffs further object on the basis that the Request for Admission is vague and ambiguous. Subject to and without waiving the foregoing general and specific objections, Plaintiffs respond as follows: ADMIT.

**Request No. 38**

Admit that the Superman Notices were mailed no earlier than April 3, 1997.

**Response to No. 38**

Plaintiffs further object on the basis that the Request for Admission is overbroad, burdensome, vague and ambiguous. Subject to and without waiving the foregoing general and specific objections, Plaintiffs respond as follows: ADMIT.

**Request No. 39**

Admit that the Superman Notices do not apply to any work in which copyright was first secured prior to April 16, 1938.

**Response to No. 39**

Plaintiffs further object on the basis that the Request for Admission is overbroad, burdensome, vague and ambiguous, including, without limitation, as to the meaning of the phrase "do not apply to any work." Subject to and without waiving the foregoing general and specific objections, Plaintiffs respond as follows: DENY.

**Request No. 40**

Admit that *More Fun Comics #14* (a copy of the cover of which is attached as Exhibit A hereto) has a cover date of October 1936 and thus was published at least that early.

**Response to No. 40**

Plaintiffs further object on the basis that the Request for Admission is overbroad, burdensome, vague and ambiguous. Plaintiffs further object on the

4

EXHIBIT 21
677

1    basis that Defendants attached only a copy of the cover page of *More Fun*

2    *Comics #14*, not the full comic book. Subject to and without waiving the

3    foregoing general and specific objections, Plaintiffs respond as follows: DENY.

4    **Request No. 41**

5       Admit that *More Fun Comics #14* is not identified in the Superman

6    Notices.

7    **Response to No. 41**

8       Plaintiffs further object on the basis that the Request for Admission is

9    overbroad, burdensome, vague and ambiguous. Plaintiffs further object on the

10    basis that Defendants attached only a copy of the cover page of *More Fun*

11    *Comics #14*, not the full comic book. Subject to and without waiving the

12    foregoing general and specific objections, Plaintiffs respond as follows: DENY.

13    **Request No. 42**

14       Admit that Superman Notices do not apply to *More Fun Comics #14*.

15    **Response to No. 42**

16       Plaintiffs further object on the basis that the Request for Admission is

17    overbroad, burdensome, vague and ambiguous, including without limitation, the

18    phrase "apply." Plaintiffs further object on the basis that Defendants attached

19    only a copy of the cover page of *More Fun Comics #14*, not the full comic book.

20    Subject to and without waiving the foregoing general and specific objections,

21    Plaintiffs respond as follows: DENY.

22    **Request No. 43**

23       Admit that the time to serve a notice pursuant to 17 U.S.C. § 304 (c)

24    purporting to terminate a grant of copyright in *More Fun Comics #14*, had

25    passed as of the date the Superman Notices were allegedly served.

26    **Response to No. 43**

27       Plaintiffs further object on the basis that the Request for Admission is

28    overbroad, burdensome, vague and ambiguous, including, without limitation, as

5

EXHIBIT 21
678

1  to the meaning of the phrase "a grant of copyright in *More Fun Comics #14*."

2  Plaintiffs further object on the basis that Defendants attached only a copy of the

3  cover page of *More Fun Comics #14*, not the full comic book.  Subject to and

4  without waiving the foregoing general and specific objections, Plaintiffs

5  respond as follows:  DENY.

6  **Request No. 44**

7      Admit that Plaintiffs do not claim any copyright ownership or recapture

8  of ownership of copyright in *More Fun Comics #14*.

9  **Response to No. 44**

10      Plaintiffs further object on the basis that the Request for Admission is

11  overbroad, burdensome, vague and ambiguous, including, without limitation, as

12  to the meaning of the phrases "copyright ownership...in *More Fun Comics #14*"

13  and "recapture of ownership of copyright in *More Fun Comics #14*."  Plaintiffs

14  further object on the basis that Defendants attached only a copy of the cover

15  page of *More Fun Comics #14*, not the full comic book.  Subject to and without

16  waiving the foregoing general and specific objections, Plaintiffs respond as

17  follows:  DENY.

18  **Request No. 45**

19      Admit that *More Fun Comics #15* (a copy of the cover of which is

20  attached as <u>Exhibit B</u> hereto) has a cover date of November 1936 and thus was

21  published at least that early.

22  **Response to No. 45**

23      Plaintiffs further object on the basis that the Request for Admission is

24  overbroad, burdensome, vague and ambiguous.  Plaintiffs further object on the

25  basis that Defendants attached only a copy of the cover page of *More Fun*

26  *Comics #15*, not the full comic book.  Subject to and without waiving the

27  foregoing general and specific objections, Plaintiffs respond as follows:  DENY.

28  //

EXHIBIT 21
679

**Request No. 46**

Admit that *More Fun Comics #15* is not identified in the Superman Notices.

**Response to No. 46**

Plaintiffs further object on the basis that the Request for Admission is overbroad, burdensome, vague and ambiguous. Plaintiffs further object on the basis that Defendants attached only a copy of the cover page of *More Fun Comics #15*, not the full comic book. Subject to and without waiving the foregoing general and specific objections, Plaintiffs respond as follows: DENY.

**Request No. 47**

Admit that Superman Notices do not apply to *More Fun Comics #15*.

**Response to No. 47**

Plaintiffs further object on the basis that the Request for Admission is overbroad, burdensome, vague and ambiguous, including without limitation, the phrase "apply." Plaintiffs further object on the basis that Defendants attached only a copy of the cover page of *More Fun Comics #15*, not the full comic book. Subject to and without waiving the foregoing general and specific objections, Plaintiffs respond as follows: DENY.

**Request No. 48**

Admit that the time to serve a notice pursuant to 17 U.S.C. § 304 (c) purporting to terminate a grant of copyright in *More Fun Comics #15*, had passed as of the date the Superman Notices were allegedly served.

**Response to No. 48**

Plaintiffs further object on the basis that the Request for Admission is overbroad, burdensome, vague and ambiguous, including, without limitation, as to the meaning of the phrase "a grant of copyright in *More Fun Comics #15*." Plaintiffs further object on the basis that Defendants attached only a copy of the cover page of *More Fun Comics #15*, not the full comic book. Subject to and

7

1  without waiving the foregoing general and specific objections, Plaintiffs

2  respond as follows:  DENY.

3  **Request No. 49**

4      Admit that Plaintiffs do not claim any copyright ownership or recapture

5  of ownership of copyright in *More Fun Comics #15*.

6  **Response to No. 49**

7      Plaintiffs further object on the basis that the Request for Admission is

8  overbroad, burdensome, vague and ambiguous, including, without limitation, as

9  to the meaning of the phrases "copyright ownership…in *More Fun Comics #15*

10 " and "recapture of ownership of copyright in *More Fun Comics #15*."

11 Plaintiffs further object on the basis that Defendants attached only a copy of the

12 cover page of *More Fun Comics #15,* not the full comic book.  Subject to and

13 without waiving the foregoing general and specific objections, Plaintiffs

14 respond as follows:  DENY.

15 **Request No. 50**

16     Admit that *More Fun Comics #16* (a copy of the cover of which is

17 attached as Exhibit C hereto) has a cover date of December 1936 and thus was

18 published at least that early.

19 **Response to No. 50**

20     Plaintiffs further object on the basis that the Request for Admission is

21 overbroad, burdensome, vague and ambiguous.  Plaintiffs further object on the

22 basis that Defendants attached only a copy of the cover page of *More Fun*

23 *Comics #16,* not the full comic book.  Subject to and without waiving the

24 foregoing general and specific objections, Plaintiffs respond as follows:  DENY.

25 **Request No. 51**

26     Admit that *More Fun Comics #16* is not identified in the Superman

27 Notices.

28 //

8

EXHIBIT 21
681

**Response to No. 51**

Plaintiffs further object on the basis that the Request for Admission is overbroad, burdensome, vague and ambiguous.  Plaintiffs further object on the basis that Defendants attached only a copy of the cover page of *More Fun Comics #16,* not the full comic book.  Subject to and without waiving the foregoing general and specific objections, Plaintiffs respond as follows:  DENY.

**Request No. 52**

Admit that Superman Notices do not apply to *More Fun Comics #16.*

**Response to No. 52**

Plaintiffs further object on the basis that the Request for Admission is overbroad, burdensome, vague and ambiguous, including without limitation, the phrase "apply."  Plaintiffs further object on the basis that Defendants attached only a copy of the cover page of *More Fun Comics #16,* not the full comic book.  Subject to and without waiving the foregoing general and specific objections, Plaintiffs respond as follows:  DENY.

**Request No. 53**

Admit that the time to serve a notice pursuant to 17 U.S.C. § 304 (c) purporting to terminate a grant of copyright in *More Fun Comics #16,* had passed as of the date the Superman Notices were allegedly served.

**Response to No. 53**

Plaintiffs further object on the basis that the Request for Admission is overbroad, burdensome, vague and ambiguous, including, without limitation, as to the meaning of the phrase "a grant of copyright in *More Fun Comics #16.*"  Plaintiffs further object on the basis that Defendants attached only a copy of the cover page of *More Fun Comics #16,* not the full comic book.  Subject to and without waiving the foregoing general and specific objections, Plaintiffs respond as follows:  DENY.

/ /

9

EXHIBIT 21
682

**Request No. 54**

Admit that Plaintiffs do not claim any copyright ownership or recapture of ownership of copyright in *More Fun Comics #16*.

**Response to No. 54**

Plaintiffs further object on the basis that the Request for Admission is overbroad, burdensome, vague and ambiguous, including, without limitation, as to the meaning of the phrases "copyright ownership...in *More Fun Comics #16*" and "recapture of ownership of copyright in *More Fun Comics #16*." Plaintiffs further object on the basis that Defendants attached only a copy of the cover page of *More Fun Comics #16,* not the full comic book. Subject to and without waiving the foregoing general and specific objections, Plaintiffs respond as follows: DENY.

**Request No. 55**

Admit that *More Fun Comics #17* (a copy of the cover of which is attached as Exhibit D hereto) has a cover date of January 1937 and thus was published at least that early.

**Response to No. 55**

Plaintiffs further object on the basis that the Request for Admission is overbroad, burdensome, vague and ambiguous. Plaintiffs further object on the basis that Defendants attached only a copy of the cover page of *More Fun Comics #17,* not the full comic book. Subject to and without waiving the foregoing general and specific objections, Plaintiffs respond as follows: DENY.

**Request No. 56**

Admit that *More Fun Comics #17* is not identified in the Superman Notices.

**Response to No. 56**

Plaintiffs further object on the basis that the Request for Admission is overbroad, burdensome, vague and ambiguous. Plaintiffs further object on the

10

EXHIBIT 21
683

1   basis that Defendants attached only a copy of the cover page of *More Fun*

2   *Comics #17,* not the full comic book.  Subject to and without waiving the

3   foregoing general and specific objections, Plaintiffs respond as follows:  DENY.

4   **Request No. 57**

5       Admit that Superman Notices do not apply to *More Fun Comics #17.*

6   **Response to No. 57**

7       Plaintiffs further object on the basis that the Request for Admission is

8   overbroad, burdensome, vague and ambiguous, including without limitation, the

9   phrase "apply."  Plaintiffs further object on the basis that Defendants attached

10  only a copy of the cover page of *More Fun Comics #17,* not the full comic book.

11  Subject to and without waiving the foregoing general and specific objections,

12  Plaintiffs respond as follows:  DENY.

13  **Request No. 58**

14      Admit that the time to serve a notice pursuant to 17 U.S.C. § 304 (c)

15  purporting to terminate a grant of copyright in *More Fun Comics #17,* had

16  passed as of the date the Superman Notices were allegedly served.

17  **Response to No. 58**

18      Plaintiffs further object on the basis that the Request for Admission is

19  overbroad, burdensome, vague and ambiguous, including, without limitation, as

20  to the meaning of the phrase "a grant of copyright in *More Fun Comics #17.*"

21  Plaintiffs further object on the basis that Defendants attached only a copy of the

22  cover page of *More Fun Comics #17,* not the full comic book.  Subject to and

23  without waiving the foregoing general and specific objections, Plaintiffs

24  respond as follows:  DENY.

25  **Request No. 59**

26      Admit that Plaintiffs do not claim any copyright ownership or recapture

27  of ownership of copyright in *More Fun Comics #17.*

28  / /

11

EXHIBIT 21
684

**Response to No. 59**

Plaintiffs further object on the basis that the Request for Admission is overbroad, burdensome, vague and ambiguous, including, without limitation, as to the meaning of the phrases "copyright ownership...in *More Fun Comics #17*" and "recapture of ownership of copyright in *More Fun Comics #17*." Plaintiffs further object on the basis that Defendants attached only a copy of the cover page of *More Fun Comics #17*, not the full comic book. Subject to and without waiving the foregoing general and specific objections, Plaintiffs respond as follows: DENY.

**Request No. 60**

Admit that *More Fun Comics #31* (a copy of Copyright Reg. No. B 258595 is attached as Exhibit E hereto) was published as early as April 5, 1938.

**Response to No. 60**

Plaintiffs further object on the basis that the Request for Admission is overbroad, burdensome, vague and ambiguous. Plaintiffs further object on the basis that Defendants attached only a copy of the cover page of *More Fun Comics #31*, not the full comic book. Subject to and without waiving the foregoing general and specific objections, Plaintiffs respond as follows: DENY.

**Request No. 61**

Admit that *More Fun Comics #31* is not identified in the Superman Notices.

**Response to No. 61**

Plaintiffs further object on the basis that the Request for Admission is overbroad, burdensome, vague and ambiguous. Plaintiffs further object on the basis that Defendants attached only a copy of the cover page of *More Fun Comics #31*, not the full comic book. Subject to and without waiving the foregoing general and specific objections, Plaintiffs respond as follows: DENY.

//

12

EXHIBIT 21
685

**Request No. 62**

Admit that Superman Notices do not apply to *More Fun Comics #31*.

**Response to No. 62**

Plaintiffs further object on the basis that the Request for Admission is overbroad, burdensome, vague and ambiguous, including without limitation, the phrase "apply." Plaintiffs further object on the basis that Defendants attached only a copy of the cover page of *More Fun Comics #31,* not the full comic book. Subject to and without waiving the foregoing general and specific objections, Plaintiffs respond as follows: DENY.

**Request No. 63**

Admit that the time to serve a notice pursuant to 17 U.S.C. § 304 (c) purporting to terminate a grant of copyright in *More Fun Comics #31*, had passed as of the date the Superman Notices were allegedly served.

**Response to No. 63**

Plaintiffs further object on the basis that the Request for Admission is overbroad, burdensome, vague and ambiguous, including, without limitation, as to the meaning of the phrase "a grant of copyright in *More Fun Comics #31.*" Plaintiffs further object on the basis that Defendants attached only a copy of the cover page of *More Fun Comics #31,* not the full comic book. Subject to and without waiving the foregoing general and specific objections, Plaintiffs respond as follows: DENY.

**Request No. 64**

Admit that Plaintiffs do not claim any copyright ownership or recapture of ownership of copyright in *More Fun Comics #31.*

**Response to No. 64**

Plaintiffs further object on the basis that the Request for Admission is overbroad, burdensome, vague and ambiguous, including, without limitation, as to the meaning of the phrases "copyright ownership...in *More Fun Comics #31*"

13

EXHIBIT 21
686

1   and "recapture of ownership of copyright in *More Fun Comics #31*."   Plaintiffs

2   further object on the basis that Defendants attached only a copy of the cover

3   page of *More Fun Comics #31,* not the full comic book.  Subject to and without

4   waiving the foregoing general and specific objections, Plaintiffs respond as

5   follows:  DENY.

6   **Request No. 65**

7       Admit that before serving the Superman Notices and Superboy Notice

8   Plaintiffs undertook no investigation to determine when DC actually first

9   offered to distribute copies of *Action Comics #1* to any group of persons for the

10   purposes of further distribution.

11   **Response to No. 65**

12       Plaintiffs further object on the basis that the Request for Admission is

13   overbroad, burdensome, vague and ambiguous, including, without limitation, as

14   to the meaning of the phrases "when DC actually first offered to distribute

15   copies of *Action Comics #1* to any group of persons for the purposes of further

16   distribution."  Subject to and without waiving the foregoing general and specific

17   objections, Plaintiffs respond as follows:  DENY.

18   **Request No. 66**

19       Admit that attached as <u>Exhibit F</u> hereto is a true and correct copy of a

20   letter dated October 19, 2001 (the "October 19 Letter) from Kevin Marks to

21   John Schulman.

22   **Response to No. 66**

23       Plaintiffs further object on the basis that the Request for Admission is

24   overbroad, burdensome, vague and ambiguous. Subject to and without waiving

25   the foregoing general and specific objections, Plaintiffs respond as follows:

26   ADMIT.

27   / /

28   / /

14

EXHIBIT 21
687

**Request No. 67**

Admit that Kevin Marks sent the October 19 Letter to John Schulman on or around October 19, 2001.

**Response to No. 67**

Plaintiffs further object on the basis that the Request for Admission is overbroad, burdensome, vague and ambiguous. Subject to and without waiving the foregoing general and specific objections, Plaintiffs respond as follows: Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of Request No. 67 and, on that basis, DENY.

**Request No. 68**

Admit that when he sent the October 19 Letter, Kevin Marks was the attorney for Plaintiffs.

**Response to No. 68**

Plaintiffs further object on the basis that the Request for Admission is overbroad, burdensome, vague and ambiguous. Subject to and without waiving the foregoing general and specific objections, Plaintiffs respond as follows: Plaintiffs admit only that Kevin Marks was their attorney on October 19, 2001 and Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the remainder of Request No. 68 and, on that basis, deny the remainder of Request No. 68.

**Request No. 69**

Admit that Kevin Marks was authorized by Plaintiffs to send the October 19 Letter on Plaintiffs' behalf.

**Response to No. 69**

Plaintiffs further object on the basis that the Request for Admission is overbroad, burdensome, vague and ambiguous. Subject to and without waiving the foregoing general and specific objections, Plaintiffs respond as follows: DENY.

15

EXHIBIT 21
688

**Request No. 70**

Admit that Plaintiffs were aware of specifics or substance of the contents of the October 19 Letter when it was sent.

**Response to No. 70**

Plaintiffs further object on the basis that the Request for Admission is overbroad, burdensome, vague and ambiguous including without limitation the phrase "specifics or substance of the contents." Subject to and without waiving the foregoing general and specific objections, Plaintiffs respond as follows: Plaintiffs admit only that they were aware of some but not all of the material contents of (and omissions in) the October 19 Letter and otherwise deny this Request No. 70.

**Request No. 71**

Admit that the October 19 Letter accurately sets forth the terms accepted by the Plaintiffs to settle all disputes with the Defendants relating to the "Superman Property," and "The Spectre" as defined in the October 19 Letter.

**Response to No. 71**

Plaintiffs further object on the basis that the Request for Admission is vague and ambiguous. Subject to and without waiving the foregoing general and specific objections, Plaintiffs respond as follows: DENY.

**Request No. 72**

Admit that attached as Exhibit G is a true and correct copy of a letter dated October 26, 2001 (the "October 26 Letter") from John Schulman, addressed to Kevin Marks.

**Response to No. 72**

Plaintiffs further object on the basis that the Request for Admission is overbroad, burdensome, vague and ambiguous. Subject to and without waiving the foregoing general and specific objections, Plaintiffs respond as follows:

16

EXHIBIT 21
689

1  Plaintiffs lack knowledge or information sufficient to form a belief as to the

2  truth of Request No. 72 and, on that basis, DENY.

3  **Request No. 73**

4      Admit that Plaintiffs intended to settle all claims concerning their

5  Superman Notices in accordance with the terms set forth in the October 19

6  Letter.

7  **Response to No. 73**

8      Plaintiffs further object on the basis that the Request for Admission is

9  overbroad, burdensome, vague and ambiguous. Subject to and without waiving

10  the foregoing general and specific objections, Plaintiffs respond as follows:

11  DENY.

12  **Request No. 74**

13      Admit that Plaintiffs intended to settle all claims concerning their

14  Superboy Notice in accordance with the terms set forth in the October 19 Letter.

15  **Response to No. 74**

16      Plaintiffs further object on the basis that the Request for Admission is

17  overbroad, burdensome, vague and ambiguous. Plaintiffs further object on the

18  basis that the Superboy Notice had not been served on or before October 19,

19  2001.  Subject to and without waiving the foregoing general and specific

20  objections, Plaintiffs respond as follows: DENY.

21  **Request No. 75**

22      Admit that Plaintiffs knew that Defendants intended to settle all claims

23  relating to the Superman Notices in accordance with the terms set forth in the

24  October 19 Letter.

25  **Response to No. 75**

26      Plaintiffs further object on the basis that the Request for Admission is

27  overbroad, burdensome, vague and ambiguous. Subject to and without waiving

28

PLAINTIFFS' RESPONSES TO DEFENDANT'S REQUESTS FOR ADMISSION

EXHIBIT 21
690

1  the foregoing general and specific objections, Plaintiffs respond as follows:

2  DENY.

3  **Request No. 76**

4        Admit that Plaintiffs knew that Defendants intended to settle all claims

5  relating to the Superboy Notice in accordance with the terms set forth in the

6  October 19 Letter.

7  **Response to No. 76**

8        Plaintiffs further object on the basis that the Request for Admission is

9  overbroad, burdensome, vague and ambiguous. Plaintiffs further object on the

10  basis that the Superboy Notice had not been served on or before October 19,

11  2001. Subject to and without waiving the foregoing general and specific

12  objections, Plaintiffs respond as follows: DENY.

13  **Request No. 77**

14        Admit that Kevin Marks received the October 26 2001 Letter on, about,

15  or shortly after October 26, 2001.

16  **Response to No. 77**

17        Plaintiffs further object on the basis that the Request for Admission is

18  overbroad, burdensome, vague and ambiguous. Subject to and without waiving

19  the foregoing general and specific objections, Plaintiffs respond as follows:

20  Plaintiffs lack knowledge or information sufficient to form a belief as to the

21  truth of Request No. 77 and, on that basis, DENY.

22  **Request No. 78**

23        Admit that when Kevin Marks received the October 26 Letter, he was the

24  attorney for Plaintiffs.

25  **Response to No. 78**

26        Plaintiffs further object on the basis that the Request for Admission is

27  overbroad, burdensome, vague and ambiguous. Subject to and without waiving

28  the foregoing general and specific objections, Plaintiffs respond as follows:

18

EXHIBIT 21
691

1  Plaintiffs admit only that Kevin Marks was their attorney on October 26, 2001
2  and Plaintiffs lack knowledge or information sufficient to form a belief as to the
3  truth of the remainder of Request No. 78 and, on that basis, deny the remainder
4  of Request No. 78.

5  **Request No. 79**

6      Admit that Plaintiffs saw or received a copy of the October 26 letter on,
7  about, or shortly after October 26, 2001.

8  **Response to No. 79**

9      Plaintiffs further object on the basis that the Request for Admission is
10  overbroad, burdensome, vague and ambiguous. Subject to and without waiving
11  the foregoing general and specific objections, Plaintiffs respond as follows:
12  DENY.

13  **Request No. 80**

14      Admit that Plaintiffs became aware of the specifics or substance of the
15  October 26, 2001 Letter on, about, or shortly after October 26, 2001.

16  **Response to No. 80**

17      Plaintiffs further object on the basis that the Request for Admission is
18  overbroad, burdensome, vague and ambiguous. Subject to and without waiving
19  the foregoing general and specific objections, Plaintiffs respond as follows:
20  DENY.

21  **Request No. 81**

22      Admit that nothing in the October 26 Letter is contrary to the terms of
23  settlement previously accepted by Plaintiffs in the October 19 Letter.

24  **Response to No. 81**

25      Plaintiffs further object on the basis that the Request for Admission is
26  overbroad, burdensome, vague and ambiguous. Subject to and without waiving
27  the foregoing general and specific objections, Plaintiffs respond as follows:
28  DENY.

19

EXHIBIT 21
692

**Request No. 82**

Admit that neither Plaintiffs nor their attorney ever expressed to Defendants, either in writing or orally, that any of the terms set forth in the October 26 Letter were inconsistent with or contrary to the terms set forth in the October 19 Letter.

**Response to No. 82**

Plaintiffs further object on the basis that the Request for Admission is overbroad, burdensome, vague and ambiguous. Subject to and without waiving the foregoing general and specific objections, Plaintiffs respond as follows: DENY.

**Request No. 83**

Admit that attached as <u>Exhibit H</u> is a true and exact copy of the draft formal written agreement forwarded to Kevin Marks on February 1, 2002.

**Response to No. 83**

Plaintiffs further object on the basis that the Request for Admission is overbroad, burdensome, vague and ambiguous, including without limitation the phrase "the draft formal written agreement." Subject to and without waiving the foregoing general and specific objections, Plaintiffs respond as follows: Plaintiffs admit only that Exhibit H is a true and correct copy of a draft of a counter-proposal in the form of a proposed agreement dated February 1, 2002 sent to Kevin Marks, but Plaintiffs deny the remainder of Request No. 83.

**Request No. 84**

Admit that attached as <u>Exhibit I</u> is a true and exact copy of a letter dated May 9, 2002 (the "May 9 Letter") written by Joanne Siegel.

**Response to No. 84**

Plaintiffs further object on the basis that the Request for Admission is overbroad, burdensome, vague and ambiguous. Subject to and without waiving

20

EXHIBIT 21
693

1 | the foregoing general and specific objections, Plaintiffs respond as follows:

2 | ADMIT.

3 | **Request No. 85**

4 | By the May 9 Letter, Plaintiffs terminated negotiations with Defendants

5 | concerning the Superman Notices.

6 | **Response to No. 85**

7 | Plaintiffs further object on the basis that the Request for Admission is

8 | overbroad, burdensome, vague and ambiguous, including without limitation the

9 | phrase "negotiations with Defendants concerning the Superman Notices."

10 | Subject to and without waiving the foregoing general and specific objections,

11 | Plaintiffs respond as follows:  Plaintiffs admit only that by the May 9 Letter

12 | Plaintiffs rejected Defendants' counter-offers and counter-proposals, including

13 | Defendants' February 1, 2002 proposed draft of agreement, but Plaintiffs deny

14 | the remainder of Request No. 85.

15 | **Request No. 86**

16 | Admit that one of the Superman Notices purports to terminate a grant of

17 | copyright in Superman dated December 23, 1975 (the "December 23, 1975

18 | Agreement").

19 | **Response to No. 86**

20 | Plaintiffs further object on the basis that the Request for Admission is

21 | overbroad, burdensome, vague and ambiguous, including without limitation the

22 | phrase "terminate a grant of copyright in Superman dated December 23, 1975."

23 | Subject to and without waiving the foregoing general and specific objections,

24 | Plaintiffs respond as follows: Plaintiffs admit only that the Superman Notices

25 | terminate any grants of copyright in Superman, to the extent, if any, that such

26 | are or may be interpreted to be in an agreement dated December 23, 1975

27 | between Warner Communications, Inc. on the one hand and Jerome Siegel and

28 |

PLAINTIFFS' RESPONSES TO DEFENDANT'S REQUESTS FOR ADMISSION

EXHIBIT 21
694

1  Joseph Shuster, on the other, but Plaintiffs deny the remainder of Request No.

2  86.

3  **Request No. 87**

4      Admit that Defendants, since April 16, 1999, have continued to abide by

5  the terms of the December 23, 1975, as modified by the parties.

6  **Response to No. 87**

7      Plaintiffs further object on the basis that the Request for Admission is

8  overbroad, burdensome, vague and ambiguous, including without limitation the

9  phrase "the terms of the December 23, 1975, as modified by the parties."

10  Subject to and without waiving the foregoing general and specific objections,

11  Plaintiffs respond as follows: DENY that Defendants have fully abided by the

12  December 23, 1975 Agreement.

13  **Request No. 88**

14      Admit that Plaintiffs have continued to accept the benefits of the

15  December 23, 1975 Agreement after April 16, 1999.

16  **Response to No. 88**

17      Plaintiffs further object on the basis that the Request for Admission is

18  overbroad, burdensome, vague and ambiguous, including without limitation the

19  phrase "continued to accept the benefits of the December 23, 1975 Agreement

20  after April 16, 1999." Subject to and without waiving the foregoing general and

21  specific objections, Plaintiffs respond as follows: DENY.

22  **Request No. 89**

23      Admit that Plaintiffs have made no attempt to return any sums paid to

24  them pursuant to the December 23, 1975 Agreement.

25  **Response to No. 89**

26      Plaintiffs further object on the basis that the Request for Admission is

27  overbroad, burdensome, vague and ambiguous, including without limitation the

28  phrase "any sums paid to them pursuant to the December 23, 1975 Agreement."

22

---

1  Subject to and without waiving the foregoing general and specific objections,
2  Plaintiffs respond as follows:  DENY.  Plaintiffs deny that sums were paid to
3  them pursuant to December 23, 1975 Agreement.

4  **Request No. 90**

5      Admit that Plaintiffs have made no attempt to return any sums paid to
6  them by any of the defendants since April 16, 1999.

7  **Response to No. 90**

8      Plaintiffs further object on the basis that the Request for Admission is
9  overbroad, burdensome, vague and ambiguous, including without limitation the
10  phrase "any sums paid to them by any of the defendants since April 16, 1999."
11  Subject to and without waiving the foregoing general and specific objections,
12  Plaintiffs respond as follows: Plaintiffs deny Request No. 90 to the extent that it
13  implies that Defendants paid them sums after April 16, 1999 pursuant to the
14  December 23, 1975 Agreement or pursuant to any other agreement containing a
15  copyright grant terminated by the "Superman" Notices of Termination or
16  "Superboy" Notices of Termination; Plaintiffs otherwise admit Request No. 90.

17  **Request No. 91**

18      Admit that, regardless of whether the Superman Notices are legally
19  effective, DC Comics retains the right after April 16, 1999 to make use of
20  derivative works based upon *Action Comics #1* that were prepared by or for it
21  prior to April 16, 1999 without any duty to account to Plaintiffs or share with
22  them with respect to any portion of the revenue derived therefrom.

23  **Response to No. 91**

24      Plaintiffs further object on the basis that the Request for Admission is
25  overbroad, burdensome, vague and ambiguous, including without limitation the
26  phrase "or share with them with respect to any portion of the revenue derived
27  therefrom." Subject to and without waiving the foregoing general and specific
28  objections, Plaintiffs respond as follows: Plaintiffs admit only that DC Comics

23

1  is not required to account to Plaintiffs with respect to the exploitation of prior

2  derivative works completed before April 16, 1999 that are derived from Action

3  Comics #1, but Defendants must account to Plaintiffs with respect to any

4  derivative works completed on or after April 16, 1999; and Plaintiffs deny the

5  remainder of Request No. 91.

6  **Request No. 92**

7      Admit that all works depicting and employing the Superman character

8  created by Siegel and/or Shuster after *Action Comics #1* were created at instance

9  and expense of DC Comics.

10  **Response to No. 92**

11      Plaintiffs further object on the basis that the Request for Admission is

12  overbroad, burdensome, vague and ambiguous, including without limitation the

13  phrase "were created at instance and expense of." Subject to and without

14  waiving the foregoing general and specific objections, Plaintiffs respond as

15  follows: DENY.

16  **Request No. 93**

17      Admit that, even if the Superman Notices are legally effective, Plaintiffs

18  cannot recapture any right under copyright in any material relating to the

19  Superman character and his exploits created after the publication of *Action*

20  *Comics #1*, including new characters, villains, character traits, super powers,

21  plots, storylines and settings, newly added in any Superman work that post-

22  dates *Action Comics #1*.

23  **Response to No. 93**

24      Plaintiffs further object on the basis that the Request for Admission is

25  overbroad, burdensome, vague and ambiguous, including without limitation the

26  phrase "cannot recapture any right under copyright in any material relating to

27  the Superman character and his exploits." Subject to and without waiving the

28  foregoing general and specific objections, Plaintiffs respond as follows: DENY.

PLAINTIFFS' RESPONSES TO DEFENDANT'S REQUESTS FOR ADMISSION

EXHIBIT 21
697

**Request No. 94**

Admit that, even if the Superman Notices are legally effective, Plaintiffs are not entitled from any of the Defendants to an accounting of profits attributable to any material relating to the Superman character and his exploits not present in *Action Comics #1*, including new characters, villains, character traits, super powers, plots, storylines and settings.

**Response to No. 94**

Plaintiffs further object on the basis that the Request for Admission is overbroad, burdensome, vague and ambiguous, including without limitation the phrase "profits attributable to any material relating to the Superman character and his exploits." Subject to and without waiving the foregoing general and specific objections, Plaintiffs respond as follows: DENY.

**Request No. 95**

Admit that, even if the Superman Notices are legally effective, Plaintiffs are not entitled from any of the Defendants to an accounting of profits attributable to any material relating to the Superman character and his exploits not created by Siegel, including new characters, villains, character traits, super powers, plots, storylines and settings.

**Response to No. 95**

Plaintiffs further object on the basis that the Request for Admission is overbroad, burdensome, vague and ambiguous, including without limitation the phrase "profits attributable to any material relating to the Superman character and his exploits." Subject to and without waiving the foregoing general and specific objections, Plaintiffs respond as follows: DENY

**Request No. 96**

Admit that, even if the Superman Notices are legally effective, Plaintiffs would never be permitted without the authorization of DC to use or license any material relating to the Superman character and his exploits not present in

25

1  *Action Comics #1*, including new characters, villains, character traits, super
2  powers, plots, storylines and settings.
3  **Response to No. 96**
4      Plaintiffs further object on the basis that the Request for Admission is
5  overbroad, burdensome, vague and ambiguous, including without limitation the
6  phrase "any material relating to the Superman character and his exploits not
7  present in *Action Comics #1*." Subject to and without waiving the foregoing
8  general and specific objections, Plaintiffs respond as follows: DENY
9  **Request No. 97**
10     Admit that, even if the Superman Notices are legally effective, such
11 notices do not affect any trademark rights owned by DC.
12 **Response to No. 97**
13     Plaintiffs further object on the basis that the Request for Admission is
14 overbroad, burdensome, vague and ambiguous, including without limitation the
15 phrase "affect." Subject to and without waiving the foregoing general and
16 specific objections, Plaintiffs respond as follows: DENY
17 **Request No. 98**
18     Admit that, even if the Superman Notices are legally effective, Plaintiffs
19 would never be permitted without the authorization of DC to make use of any
20 trademark of DC.
21 **Response to No. 98**
22     Plaintiffs further object on the basis that the Request for Admission is
23 overbroad, burdensome, vague and ambiguous. Subject to and without waiving
24 the foregoing general and specific objections, Plaintiffs respond as follows:
25 DENY.
26 //
27 //
28 //

26

1  **Request No. 99**

2      Admit that, even if the Superman Notices are legally effective, such

3  notices do not entitle Plaintiffs to any accounting of profits attributable to DC

4  Comics' use of trademarks.

5  **Response to No. 99**

6      Plaintiffs further object on the basis that the Request for Admission is

7  overbroad, burdensome, vague and ambiguous, including without limitation the

8  phrase "profits attributable to DC Comics' use of trademarks." Subject to and

9  without waiving the foregoing general and specific objections, Plaintiffs

10  respond as follows: DENY.

11  **Request No. 100**

12      Admit that, even if the Superman Notices are legally effective, such

13  notices do not affect DC's copyright rights in *Action Comics #1* outside of the

14  United States.

15  **Response to No. 100**

16      Plaintiffs further object on the basis that the Request for Admission is

17  overbroad, burdensome, vague and ambiguous, including without limitation the

18  phrase "DC's copyright rights in *Action Comics #1* outside of the United

19  States." Subject to and without waiving the foregoing general and specific

20  objections, Plaintiffs respond as follows: DENY.

21  **Request No. 101**

22      Admit that, even if the Superman Notices are legally effective, Plaintiffs

23  would never be permitted without the authorization of DC to use or license the

24  use of *Action Comics #1* outside the United States.

25  **Response to No. 101**

26      Plaintiffs further object on the basis that the Request for Admission is

27  overbroad, burdensome, vague and ambiguous, including without limitation the

28  phrases "never" and "to use or license the use of *Action Comics #1*." Subject to

27

EXHIBIT 21
700

1   and without waiving the foregoing general and specific objections, Plaintiffs

2   respond as follows: Admit under the current Copyright Act, but deny to the

3   extent the Copyright Act or the case law interpreting it may change.

4   **Request No. 102**

5        Admit that, even if the Superman Notices are legally effective, Plaintiffs

6   are not entitled from any of the Defendants to an accounting of profits from

7   exploitation of any rights relating to *Action Comics #1* outside of the United

8   States.

9   **Response to No. 102**

10   Plaintiffs further object on the basis that the Request for Admission is

11   overbroad, burdensome, vague and ambiguous, including without limitation the

12   phrase "exploitation of any rights relating to *Action Comics #1*." Subject to and

13   without waiving the foregoing general and specific objections, Plaintiffs

14   respond as follows: DENY.

15   **Request No. 103**

16   Admit that all material relating to the Superman character and his

17   exploits, including but not limited to his character, origins, family life, and

18   appearance as a youth that is formed in the 1938 Pitch Letter existed before

19   Siegel wrote the 1938 Pitch Letter.

20   **Response to No. 103**

21   Plaintiffs further object on the basis that the Request for Admission is

22   overbroad, burdensome, vague and ambiguous, including without limitation the

23   phrases "all material relating to the Superman character and his exploits" and

24   "appearance as a youth." Subject to and without waiving the foregoing general

25   and specific objections, Plaintiffs respond as follows: DENY.

26   **Request No. 104**

27   Admit that all material relating to the Superman character and his

28   exploits, including but not limited to his character, origins, family life, and

EXHIBIT 21

701

1   appearance as a youth that is formed in the 1938 Pitch Letter existed before

2   Siegel wrote the 1940 Script.

3   **Response to No. 104**

4       Plaintiffs further object on the basis that the Request for Admission is

5   overbroad, burdensome, vague and ambiguous, including without limitation the

6   phrases "all material relating to the Superman character and his exploits"  and

7   "appearance as a youth."  Subject to and without waiving the foregoing general

8   and specific objections, Plaintiffs respond as follows: DENY.

9   **Request No. 105**

10       Admit that no components protected by copyright, *i.e.*, excluding, *inter*

11   *alia*, the name or title "Superboy" and the idea of depicting in comic book

12   format the Superman character and his exploits as a youth, from the 1938 Pitch

13   Letter are incorporated in *More Fun Comics #101.*

14   **Response to No. 105**

15       Plaintiffs further object on the basis that the Request for Admission is

16   overbroad, burdensome, vague and ambiguous, including without limitation the

17   phrases "no components protected by copyright, *i.e.*, excluding, *inter alia*, the

18   name or title "Superboy" and the idea of depicting in comic book format the

19   Superman character and his exploits as a youth."  Subject to and without

20   waiving the foregoing general and specific objections, Plaintiffs respond as

21   follows: DENY.

22   **Request No. 106**

23       Admit that no components protected by copyright, *i.e.*, excluding, *inter*

24   *alia*, the name or title "Superboy" and the idea of depicting in comic book

25   format the Superman character and his exploits as a youth, from the 1940 Script

26   are incorporated in *More Fun Comics #101.*

27   //

28   //

29

**Response to No. 106**

Plaintiffs further object on the basis that the Request for Admission is overbroad, burdensome, vague and ambiguous, including without limitation the phrases "no components protected by copyright, *i.e.*, excluding, *inter alia*, the name or title 'Superboy' and the idea of depicting in comic book format the Superman character and his exploits as a youth." Subject to and without waiving the foregoing general and specific objections, Plaintiffs respond as follows: DENY.

**Request No. 107**

Admit that no components protected by copyright from the 1938 Pitch Letter appear in any episode of the television series *Smallville* prepared after the purported effective date of the Superboy Notice in November 2004.

**Response to No. 107**

Plaintiffs further object on the basis that the Request for Admission is overbroad, burdensome, vague and ambiguous, including without limitation the phrases "no components protected by copyright." Subject to and without waiving the foregoing general and specific objections, Plaintiffs respond as follows: DENY.

**Request No. 108**

Admit that no components protected by copyright from the 1940 Script appear in any episode of the television series *Smallville* prepared after the purported effective date of the Superboy Notice in November 2004.

**Response to No. 108**

Plaintiffs further object on the basis that the Request for Admission is overbroad, burdensome, vague and ambiguous, including without limitation the phrases "no components protected by copyright." Subject to and without waiving the foregoing general and specific objections, Plaintiffs respond as follows: DENY.

EXHIBIT 21
703

**Request No. 109**

Admit that under the September 22, 1938 letter agreement between Detective Comics, Inc. and Siegel and Shuster, the latter were required to exclusively supply DC with copy and art for the feature "Superman" or for any character "in any wise similar thereto."

**Response to No. 109**

Plaintiffs further object on the basis that the Request for Admission is overbroad, burdensome, vague and ambiguous, including without limitation the phrase "were required to exclusively supply DC." Subject to and without waiving the foregoing general and specific objections, Plaintiffs respond as follows: DENY. Plaintiffs respectfully refer the Court to the September 22, 1938 letter agreement between Detective Comics, Inc. and Siegel and Shuster, for the contents thereof.

**Request No. 110**

Admit that under the September 22, 1938 letter agreement between Detective Comics, Inc. and Siegel and Shuster, the only material with respect to which there is any provision for first refusal is the paragraph relating to "any other art work or continuity."

**Response to No. 110**

Plaintiffs further object on the basis that the Request for Admission is overbroad, burdensome, vague and ambiguous, including without limitation the phrases "the only material with respect to which there is any provision for first refusal is the paragraph relating to 'any other art work or continuity.'" Subject to and without waiving the foregoing general and specific objections, Plaintiffs respond as follows: DENY. Plaintiffs respectfully refer the Court to the September 22, 1938 letter agreement between Detective Comics, Inc. and Siegel and Shuster, for the contents thereof.

//

31

EXHIBIT 21
704

**Request No. 111**

Admit that under the September 22, 1938 letter agreement between Detective Comics, Inc. and Siegel and Shuster, the latter were not to "furnish" to any other person except Detective any art or copy for any comics containing the Superman character or continuity thereof "or in any wise similar thereto."

**Response to No. 111**

Plaintiffs further object on the basis that the Request for Admission is overbroad, burdensome, vague and ambiguous, including without limitation the phrases "any comics containing the Superman character or continuity thereof 'or in any wise similar thereto.'" Subject to and without waiving the foregoing general and specific objections, Plaintiffs respond as follows: DENY. Plaintiffs respectfully refer the Court to the September 22, 1938 letter agreement between Detective Comics, Inc. and Siegel and Shuster, for the contents thereof.

**Request No. 112**

Admit that the "idea" and "conception" for a Superboy comic book referred to in the Findings of Fact and Conclusions of Law dated April 12, 1948 in *Siegel v. National Comics Publications, Inc.*, No. 1099-1947 (N.Y. Sup. Ct. Westchester Co.) (the "Findings of Fact") is not something for which copyright protection exists under the U.S. Copyright Law.

**Response to No. 112**

Plaintiffs further object on the basis that the Request for Admission is overbroad, burdensome, vague and ambiguous, including without limitation the phrases "the 'idea' and 'conception' for a Superboy comic book referred to in the Findings of Fact and Conclusions of Law dated April 12, 1948 in *Siegel v. National Comics Publications, Inc.*" Subject to and without waiving the foregoing general and specific objections, Plaintiffs respond as follows: DENY. Plaintiffs respectfully refer the Court to the Findings of Fact for the contents thereof.

32

EXHIBIT 21
705

**Request No. 113**

Admit that the "plan" for a Superboy comic book referred to in the Findings of Fact is not something for which copyright protection exists under the U.S. Copyright Law.

**Response to No. 113**

Plaintiffs further object on the basis that the Request for Admission is overbroad, burdensome, vague and ambiguous, including without limitation the phrases "the 'plan' for a Superboy comic book referred to in the Findings of Fact. " Subject to and without waiving the foregoing general and specific objections, Plaintiffs respond as follows: DENY. Plaintiffs respectfully refer the Court to the Findings of Fact for the contents thereof.

**Request No. 114**

Admit that the idea of depicting the character Superman and his exploits before he became a man as a youth in a comic book was not new when Siegel sent the 1938 Pitch Letter to DC.

**Response to No. 114**

Plaintiffs further object on the basis that the Request for Admission is overbroad, burdensome, vague and ambiguous. Subject to and without waiving the foregoing general and specific objections, Plaintiffs respond as follows: DENY.

**Request No. 115**

Admit that the idea of depicting the character Superman and his exploits before he became a man as a youth in a comic book was not new when Siegel sent the 1940 Script to DC.

**Response to No. 115**

Plaintiffs further object on the basis that the Request for Admission is overbroad, burdensome, vague and ambiguous. Subject to and without waiving

33

EXHIBIT 21
706

1  the foregoing general and specific objections, Plaintiffs respond as follows:

2  DENY.

3  **Request No. 116**

4      Admit that the depiction of the Superman character in the 1940 Script,

5  including his character traits and superpower abilities, is based, at least in part,

6  upon delineations of the Superman character and his exploits that previously

7  appeared in works published by DC, including *Action Comics #1, Superman #1*

8  and in syndicated newspaper strips.

9  **Response to No. 116**

10      Plaintiffs further object on the basis that the Request for Admission is

11  overbroad, burdensome, vague and ambiguous including without limitation the

12  phrase "depiction of the Superman character in the 1940 Script." Subject to and

13  without waiving the foregoing general and specific objections, Plaintiffs

14  respond as follows: DENY.

15  **Request No. 117**

16      Admit that, putting aside any contentions that the 1938 Pitch Letter and

17  the 1940 Script were published in any *More Fun Comics* comic books, neither

18  the 1938 Pitch Letter nor the 1940 Script was ever itself published before or

19  after January 1, 1978.

20  **Response to No. 117**

21      Plaintiffs further object on the basis that the Request for Admission is

22  overbroad, burdensome, vague and ambiguous including without limitation the

23  phrase "was ever itself published." Subject to and without waiving the

24  foregoing general and specific objections, Plaintiffs respond as follows:

25  Plaintiffs have insufficient information or knowledge to admit Request No. 117

26  and on that basis deny the Request.

27  //

28  //

PLAINTIFFS' RESPONSES TO DEFENDANT'S REQUESTS FOR ADMISSION

EXHIBIT 21

707

**Request No. 118**

Admit that Siegel never applied to register for copyright protection the 1938 Pitch Letter or the 1940 Script.

**Response to No. 118**

Plaintiffs further object on the basis that the Request for Admission is overbroad, burdensome, vague and ambiguous including without limitation the phrase "never applied to register for copyright protection." Plaintiffs respond as follows: Plaintiffs have insufficient information or knowledge to admit Request No. 118 and on that basis deny the Request.

**Request No. 119**

Admit that Siegel never applied to register for copyright protection any work featuring the character "Superboy."

**Response to No. 119**

Plaintiffs further object on the basis that the Request for Admission is overbroad, burdensome, vague and ambiguous including without limitation the phrase "never applied to register for copyright protection." Subject to and without waiving the foregoing general and specific objections, Plaintiffs respond as follows: Plaintiffs have insufficient information or knowledge to admit Request No. 119 and on that basis deny the Request.

**Request No. 120**

Admit that Siegel never offered to any other party except DC any rights to use or exploit any of the contents of the 1938 Pitch Letter or 1940 Script and never submitted these materials to any other party for consideration in connection with possible exploitation.

**Response to No. 120**

Plaintiffs further object on the basis that the Request for Admission is overbroad, burdensome, vague and ambiguous including without limitation the phrase "never offered to any other party except DC any rights to use or exploit

35

EXHIBIT 21
708

1  any of the contents of the 1938 Pitch Letter or 1940 Script." Subject to and

2  without waiving the foregoing general and specific objections, Plaintiffs

3  respond as follows: Plaintiffs have insufficient information or knowledge to

4  admit Request No. 120 and on that basis deny the Request.

5  **Request No. 121**

6      Admit that Siegel never expressed to any third person that he considered

7  himself to be the copyright owner of the 1938 Pitch Letter, the 1940 Script or

8  any Superboy comic or other work featuring the Superboy character.

9  **Response to No. 121**

10      Plaintiffs further object on the basis that the Request for Admission is

11  overbroad, burdensome, vague and ambiguous. Subject to and without waiving

12  the foregoing general and specific objections, Plaintiffs respond as follows:

13  Plaintiffs have insufficient information or knowledge to admit Request No. 121

14  and on that basis deny the Request.

15  **Request No. 122**

16      Admit that Siegel knew at all times that it was the intent of DC to be the

17  copyright owner of all material protectible by copyright relating to the contents

18  of the 1938 Pitch Letter.

19  **Response to No. 122**

20      Plaintiffs further object on the basis that the Request for Admission is

21  overbroad, burdensome, vague and ambiguous including without limitation the

22  phrase "all material protectible by copyright relating to the contents of the 1938

23  Pitch Letter." Subject to and without waiving the foregoing general and

24  specific objections, Plaintiffs respond as follows: DENY.

25  **Request No. 123**

26      Admit that Siegel knew at all times that it was the intent of DC not to

27  allow any use of the 1938 Pitch Letter by anyone else without its approval.

28  //

PLAINTIFFS' RESPONSES TO DEFENDANT'S REQUESTS FOR ADMISSION

EXHIBIT 21
709

1    **Response to No. 123**

2    Plaintiffs further object on the basis that the Request for Admission is

3    overbroad, burdensome, vague and ambiguous including without limitation the

4    phrase "use of the 1938 Pitch Letter." Subject to and without waiving the

5    foregoing general and specific objections, Plaintiffs respond as follows: DENY.

6    **Request No. 124**

7    Admit that Siegel knew at all times that it was the intent of DC to be the

8    copyright owner of all material protectible by copyright in and relating to the

9    contents of the 1940 Script.

10   **Response to No. 124**

11   Plaintiffs further object on the basis that the Request for Admission is

12   overbroad, burdensome, vague and ambiguous including without limitation the

13   phrase "all material protectible by copyright in and relating to the contents of

14   the 1940 Script." Subject to and without waiving the foregoing general and

15   specific objections,  Plaintiffs respond as follows: DENY.

16   **Request No. 125**

17   Admit that Siegel knew at all times that it was the intent of DC not to

18   allow any use of the 1940 Script by anyone else without its approval.

19   **Response to No. 125**

20   Plaintiffs further object on the basis that the Request for Admission is

21   overbroad, burdensome, vague and ambiguous including without limitation the

22   phrase "any use of the 1940 Script." Subject to and without waiving the

23   foregoing general and specific objections, Plaintiffs respond as follows: DENY.

24   **Request No. 126**

25   Admit that all copyrightable material included in the 1940 Script was

26   jointly authored by Shuster.

27   //

28   //

37

PLAINTIFFS' RESPONSES TO DEFENDANT'S REQUESTS FOR ADMISSION

EXHIBIT 21

710

1  <u>Response to No. 126</u>

2       Plaintiffs further object on the basis that the Request for Admission is

3  overbroad, burdensome, vague and ambiguous.  Subject to and without waiving

4  the foregoing general and specific objections, Plaintiffs respond as follows:

5  DENY.

6

7  Dated:  June 7, 2006            LAW OFFICES OF MARC TOBEROFF, PLC

8

9

10                               Marc Toberoff

11             Attorneys for Plaintiffs JOANNE SIEGEL

12             and LAURA SIEGEL LARSON

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

38

EXHIBIT 21

711

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

    I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is: 1999 Avenue of the Stars, Suite 1540, Los Angeles, California 90067.

    On June 7, 2006, I served the attached documents described as:

1. PLAINTIFFS' JOANNE SIEGEL AND LAURA SIEGEL LARSON'S RESPONSE TO DEFENDANT AND COUNTERCLAIMANT DC COMICS' FIRST SET OF INTERROGATORIES NOS. 1-19

2. PLAINTIFFS' JOANNE SIEGEL AND LAURA SIEGEL LARSON'S RESPONSE TO DEFENDANT WARNER BROS. ENTERTAINMENT INC.'S FIRST SET OF INTERROGATORIES NO. 1-10

3. PLAINTIFFS' JOANNE SIEGEL AND LAURA SIEGEL LARSON'S RESPONSE TO DEFENDANTS/COUNTERCLAIMANT'S SECOND SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS

4. PLAINTIFFS' JOANNE SIEGEL AND LAURA SIEGEL LARSON'S RESPONSE TO DEFENDANTS/COUNTERCLAIMANT'S SECOND SET OF REQUESTS FOR ADMISSION

5. PLAINTIFFS' JOANNE SIEGEL AND LAURA SIEGEL LARSON'S RESPONSE TO DEFENDANT WARNER BROS. ENTERTAINMENT INC.'S FIRST SET OF INTERROGATORIES NO. 1-9

as follows:

    [X]  :BY MAIL:

    As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit. I placed _____ the original _X_ a true copy thereof enclosed in sealed envelope(s) addressed as follows:

James D. Weinberger
FROSS ZELNICK LEHRMAN & ZISSU, P.C.
866 United Nations Plaza
New York, NY 10017

Patrick T. Perkins
PERKINS LAW OFFICE, P.C.
1711 Route 9D
Cold Spring, NY 10516

Michael Bergman
WEISSMAN WOLFF BERGMAN COLEMAN GRODIN & EVALL LLP
9665 Wilshire Boulevard, Ninth Floor

EXHIBIT 21
712

Beverly Hills, CA 90212

1

:(STATE) - I declare under penalty of perjury under the laws of the State of California that the

2    above is true and correct.

3    [X] :(FEDERAL) – I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

4

I declare under penalty of perjury that the foregoing is true and correct.

5

EXECUTED on June 7, 2006, in Los Angeles, California.

6

7

8                                                    Alexander M. Merino

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT 21
713