# EXHIBIT 39

Marc Toberoff (State Bar No. 188547)
 mtoberoff@ipwla.com
Keith G. Adams (State Bar No. 240497)
 kgadams@ipwla.com
TOBEROFF & ASSOCIATES, P.C.
2049 Century Park East, Suite 3630
Los Angeles, California, 90067
Telephone: (310) 246-3333
Fax:         (310) 246-3101

Attorneys for Defendants Mark Warren Peary, as personal representative of the Estate of Joseph Shuster, Jean Adele Peavy, Laura Siegel Larson, individually and as personal representative of the Estate of Joanne Siegel

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION**

| | |
|---|---|
| DC COMICS,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>PACIFIC PICTURES CORPORATION; IP WORLDWIDE, LLC; IPW, LLC; MARC TOBEROFF, an individual; MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER; JEAN ADELE Peavy, an individual; LAURA SIEGEL LARSON, individually and as personal representative of the ESTATE OF JOANNE SIEGEL, and DOES 1-10, inclusive,<br><br>　　　　Defendants. | Case No: CV 10-03633 ODW (RZx)<br><br>Hon. Otis D. Wright II, U.S.D.J.<br><br>**DEFENDANT MARK WARREN PEARY'S RESPONSE TO PLAINTIFF DC COMICS' SECOND SET OF INTERROGATORIES**<br><br>Complaint Filed: May 14, 2010<br>Trial Date: None Set |

DEFENDANT MARK WARREN PEARY'S RESPONSE
TO PLAINTIFF'S SECOND SET OF INTERROGATORIES

EXHIBIT 39
1479

Defendant Mark Warren Peary ("Peary"), by and through his attorneys, responds as follows to the Second Set of Interrogatories dated May 3, 2011 (the "Interrogatories") propounded by plaintiff DC Comics ("Plaintiff" or "DC").

## I.

## GENERAL OBJECTIONS

Peary objects to the entire set of Interrogatories on each of the following grounds, and incorporates by reference each of the following objections into his response to each individual interrogatory within it:

1. Peary objects to the Interrogatories generally and to each interrogatory therein to the extent they relate to the Fourth through Sixth state law claims for relief in DC's First Amended Complaint ("FAC"). Defendants contend that their pending anti-SLAPP motion stays discovery regarding these state law claims, as well as the related Third Claim for Relief. *See* Cal. Code Civ. Proc. § 425.16(g); *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 130 S. Ct. 1431, 1452 (2010) (Stevens, J., concurring); *Batzel v. Smith*, 333 F.3d 1018, 1024 (9th Cir. 2003); *Godin v. Schencks*, 2010 U.S. App. LEXIS 25980 (1st Cir. Dec. 22, 2010). Peary is not refusing to answer any interrogatory or provide any additional information on the basis of this response.

2. Peary objects to the Interrogatories generally and to each interrogatory therein to the extent they exceed the scope of Rules 26 and 33 of the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the Central District of California.

3. Peary objects to the Interrogatories generally and to each interrogatory therein to the extent that they purport to demand information protected from disclosure by the attorney-client privilege, joint interest privilege, attorney work product doctrine or any other privileges or immunities provided by the rules of this Court, statute or agreement. Inadvertent disclosure of any information subject to any applicable privilege or doctrine is not intended to be and shall not operate as a waiver

of any such privilege or doctrine, in whole or in part; nor is any such inadvertent disclosure intended to be, nor shall it constitute, a waiver of the right to object to any use of such information.

4. Peary objects to the Interrogatories generally and to each interrogatory therein to the extent that they seek information comprising or reflecting any trade secret or other confidential or proprietary information of Peary or any other person or entity.

5. Peary objects to the Interrogatories generally and to each interrogatory therein to the extent that they seek information which is protected from disclosure by court order, or any privacy or similar rights of any person or entity.

6. Peary objects to the Interrogatories generally and to each interrogatory therein to the extent that they seek information and/or documents already in the possession of the propounding party on the grounds such interrogatories are unnecessary and unduly oppressive and burdensome.

7. Peary objects generally to the definitions of the terms "YOU" and "YOUR" as vague and ambiguous, overbroad and unduly burdensome. Peary will construe these terms to refer to Peary.

8. Peary objects generally to the definitions of the terms "DEFENDANT" and "DEFENDANTS" as vague and ambiguous, overbroad and unduly burdensome. Peary will construe these terms to refer only to the specific defendants in this action.

9. Peary objects generally to the definitions of the term "DESCRIBE" as vague and ambiguous, overbroad and unduly burdensome. Peary will construe this term only to refer to "factual information and data that are responsive to the particular request seeking such statement or description."

10. Peary objects to the term "IDENTIFY," when used in reference to a "DOCUMENT," insofar as it requires the designation of documents by subject matter or bates number. The Court's April 25, 2011 order approved defendants' privilege logs, which identified documents but did not include subject matter descriptions. The

parties' December 6, 2010 stipulation permitted the production of documents by bates number, but did not require parties to index or reference such documents by bates number in response to discovery requests.

11. Peary objects to the Interrogatories generally and to each interrogatory therein to the extent that they are vague or indefinite with respect to the information sought, or are overbroad and unduly burdensome.

12. Peary objects to the Interrogatories generally and to each interrogatory therein to the extent that they seek information which is neither relevant to the subject matter of the pending litigation nor reasonably calculated to lead to the discovery of admissible evidence.

13. No incidental or implied admissions are intended by Peary's responses to the Interrogatories. The supplying of any fact does not constitute an admission by Peary that such fact is relevant or admissible. The fact that Peary has responded to any interrogatory is not intended to be and shall not be construed as a waiver by Peary of all or any part of any objection to any interrogatory. Peary reserves until the time of trial all objections as to the relevance or admissibility of any facts provided in his answers to the Interrogatories.

14. The general and specific objections set forth herein are based on information now available to Peary and Peary reserves the right to revise, correct, add, clarify or supplement the general and specific objections and responses set forth herein.

## II.
## RESPONSES TO INTERROGATORIES

Subject to, and without waiving the General Objections and qualifications above, Peary responds to each individual Interrogatory as follows:

**Interrogatory No. 6**

IDENTIFY the date on which YOU signed the SHUSTER RETAINER AGREEMENT.

**Response to Interrogatory No. 6**

Peary objects to this request to the extent that it seeks information which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Peary additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing general and specific objections, Peary responds, without limitation, as follows:

On or about September 10, 2004. However, Mr. Toberoff began acting as my attorney on or about November, 2001.

**Interrogatory No. 7**

IDENTIFY the date on which Jean Adele Peavy signed the SHUSTER RETAINER AGREEMENT.

**Response to Interrogatory No. 7**

Peary objects to this request to the extent that it seeks information which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Peary additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing general and specific objections, Peary responds, without limitation, as follows:

On or about September 10, 2004. However, Mr. Toberoff began acting as my attorney on or about November, 2001.

**Interrogatory No. 8**

IDENTIFY the date on which Marc Toberoff signed the SHUSTER RETAINER AGREEMENT.

**Response to Interrogatory No. 8**

Peary objects to this request to the extent that it seeks information which is not

reasonably calculated to lead to the discovery of relevant and admissible evidence. Peary additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing general and specific objections, Peary responds, without limitation, as follows:

On or about September 10, 2004. However, Mr. Toberoff began acting as my attorney on or about November, 2001.

**Interrogatory No. 9**

DESCRIBE the subject matter of the material redacted from the SHUSTER RETAINER AGREEMENT.

**Response to Interrogatory No. 9**

Peary objects to this request to the extent that it seeks information which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Peary additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing general and specific objections, Peary responds, without limitation, as follows:

This interrogatory seeks information protected by the attorney-client privilege and/or the attorney work product doctrine that was redacted from the SHUSTER RETAINER AGREEMENT pursuant to Magistrate Judge Zarefsky's order dated April 25, 2011. These redactions are also the subject of a pending motion to compel filed by DC and set to be heard on June 20, 2011. If appropriate, Peary will supplement his answer based on the outcome of that motion.

**Interrogatory No. 10**

IDENTIFY any other DOCUMENTS, INCLUDING drafts, pre-dating or post-dating the SHUSTER RETAINER AGREEMENT, in which Marc Toberoff

1  addressed providing legal services to YOU

2  **Response to Interrogatory No. 10**

3      Peary objects to this request to the extent that it seeks information which is not
4  reasonably calculated to lead to the discovery of relevant and admissible evidence.
5  Peary additionally objects to this request to the extent that it seeks communications or
6  items protected by the attorney-client privilege, the attorney work product doctrine
7  and any other privilege or immunity available under law or arising from contractual
8  obligation.  Subject to and without waiving the foregoing general and specific
9  objections, Peary responds, without limitation, as follows:

10      Such documents/communications are as set forth in the "Peary/Peavy Privilege
11  Log" dated December 15, 2010, as well as in the additional and/or supplemental
12  privilege logs served in this case.

13  **Interrogatory No. 11**

14      IDENTIFY any other DOCUMENTS, INCLUDING drafts, pre-dating or post-
15  dating the SHUSTER RETAINER AGREEMENT, in which Marc Toberoff
16  addressed providing legal services to Jean Adele Peavy.

17  **Response to Interrogatory No. 11**

18      Peary objects to this request to the extent that it seeks information which is not
19  reasonably calculated to lead to the discovery of relevant and admissible evidence.
20  Peary additionally objects to this request to the extent that it seeks communications or
21  items protected by the attorney-client privilege, the attorney work product doctrine
22  and any other privilege or immunity available under law or arising from contractual
23  obligation.  Subject to and without waiving the foregoing general and specific
24  objections, Peary responds, without limitation, as follows:

25      Such documents/communications are as set forth in the "Peary/Peavy Privilege
26  Log" dated December 15, 2010, as well as the additional and/or supplemental
27  privilege logs served in this case.

28

1  Dated: June 2, 2011        RESPECTFULLY SUBMITTED,

2

3           /s/ Marc Toberoff
            Marc Toberoff

4

5  TOBEROFF & ASSOCIATES, P.C.
   Attorneys for Defendants Mark Warren Peary, as
6  personal representative of the Estate of Joseph
   Shuster, Jean Adele Peavy, and Laura Siegel Larson,
7  individually and as personal representative of the
   Estate of Joanne Siegel

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7
DEFENDANT MARK WARREN PEARY'S RESPONSE
TO PLAINTIFF'S SECOND SET OF INTERROGATORIES

EXHIBIT 39
1486

Jun 02 11 05:14p   M. Warren Peary                          505-466-4551              p.1

# VERIFICATION

I declare under penalty of perjury that on information and belief the facts set forth in the foregoing answers to the Interrogatories are true to the best of my present knowledge and belief.

DATED: June 2, 2011

Mark Warren Peary
Print Name of Signatory

*[Signature]*
Signature

8