# EXHIBIT 40

LAW OFFICES OF
# MARC TOBEROFF

As of November 23, 2001

Mark Warren Peary (f/k/a Mark Warren Peavy)
Executor
Estate of Joseph Shuster
Jean A. Peavy
51 Camino Cabo,
Sante Fe, New Mexico 87508

Re: Engagement for Professional Services

Dear Warren and Jean:

I am pleased to welcome you as my clients (the "Client"). This letter will confirm our understanding and agreement regarding the terms and conditions of my engagement.

      1.    Scope of Engagement: You have engaged me to provide legal services with respect to

 

("Rights"). My
representation without limitation encompasses

and the prosecution
and defense of all rights, causes of actions and claims arising from the Rights (the "Claims"). In the event of litigation, the scope of services provided for under this Agreement includes the prosecution and defense of the Rights/Claims up through trial and legal services on appeal as reasonably required.

      2.    General Responsibilities of Attorney and Client: It will be my responsibility to perform the legal services reasonably required in connection with the full enforcement, prosecution and defense of the Rights/Claims, to take reasonable steps to keep you informed of progress and developments and to respond promptly to your enquiries and communications.

     It will be the Client's responsibility to cooperate fully with me by, among other things, providing me with relevant information and documents within Client's control, keeping me up to date with respect to any relevant developments and by making yourselves reasonably available for consultation. The Client's responsibilities also include approving risk taking decisions and negotiation strategy; determining acceptable settlement terms and advising us whether any document we have prepared or received and sent to you for your approval or review is consistent with your expectations.

Initials: _MWP_ _JP_ _HT_

1999 Avenue of the Stars, Suite 1540, Los Angeles, CA 90067 Tel: (310) 246-3333; Fax: (310) 246-3101
E-mail: MToberoff@ipwla.com

EXHIBIT 40
1488

Page 2
Mark Warren Peary
Estate of Joseph Shuster
Jean A. Peavy
As of November 23, 2001

4.    Legal Fees: It is understood that the attorney's fees hereunder are not set by law but are negotiable between attorney and Client and have been negotiated by us.

In consideration of the services rendered and to be rendered by me hereunder you hereby agree to pay to and irrevocably assign to me: fifty (50%) ("Percentage Fee") of one hundred percent (100%) of any and all gross sums of money or other consideration recovered, confirmed or awarded by reason of or in connection with the above Rights and Claims ("Proceeds"). Proceeds include, without limitation, all fixed or contingent proceeds, whether payable or received during or after my engagement, in perpetuity, and any form of consideration, whether upfront or future fees, advances, guarantees, bonuses, deferments, royalties or profit participations of any kind. In computing the fee, the total sums payable, including without limitation, attorney's fees and interest upon a judgment, shall be deemed part of the amount recovered. My fees shall be payable as and when such monies or other consideration is payable to Client. I will be compensated for my legal services only if Proceeds are recovered, confirmed or awarded.

5.    Costs and Disbursements: I will advance all costs and disbursements ("Costs") expended or incurred in connection with my enforcement, prosecution and defense of the Rights/Claims. Such Costs shall include, without limitation,

U.S. copyright office costs and fees, research costs, filing fees, investigation expenses, expert witness fees, consultant fees, accountant fees, investigator fees, subpoena and service of process fees, jury fees, transcript costs, photocopying, postage, long distance telephone and fax charges, computerized legal research, reporter's fees, costs for preparation of exhibits and demonstrative evidence, parking, travel costs, and messenger fees. My attorney's fees shall not be construed as Costs under this Agreement. Client authorizes me to incur all Costs reasonably necessary in my judgment, subject to the Client's prior approval of any extraordinary costs. All Costs advanced by me hereunder shall be reimbursed to me from Proceeds, subject to the presentation to Client of a reasonable accounting and/or receipts for said expenses prior to such reimbursement.

Initials: _WWP_, _JAP_ _WS_

EXHIBIT 40
1489

Page 3
Mark Warren Peary
Estate of Joseph Shuster
Jean A. Peavy
As of November 23, 2001


6.     Payment and Notices: Client hereby authorizes and appoints me as their attorney-in-fact to collect and receive all Proceeds due relating to the Rights/Claims to endorse and deposit into a client trust account all checks and other moneys payable, to deduct my fees and Costs as set forth above, and to pay the remainder to Client within seven (7) days of my receipt of such Proceeds. All notices and payments hereunder shall be made to the parties at their respective address set forth on page 1 hereof unless and until either party gives the other party prior written notice of an address change.


9.     Miscellaneous: This Agreement contains the full understanding of the parties and supersedes all prior or contemporaneous understandings whether written or oral with respect to the subject matter hereof and may not be modified except in writing signed by the party to be bound. By countersigning this Agreement the parties each acknowledge that they clearly understand the terms and conditions of this Agreement; and have agreed to these terms and conditions after detailed and mature deliberation. The parties further acknowledge that they have not signed this Agreement in reliance on any promise or representation not expressly set forth in this Agreement. This Agreement shall be deemed to have been mutually drafted by the parties and no drafting presumption shall apply for or against either party. If any provision of this Agreement is found to be unenforceable, the remainder shall be enforced as fully as possible and the unenforceable provisions shall be deemed modified to the limited extent required to permit its enforcement in a manner most closely representing the intention of the parties expressed

Initials: _____, _____ _____

EXHIBIT 40
1490

Page 4
Mark Warren Peary
Estate of Joseph Shuster
Jean A. Peavy
As of November 23, 2001

herein. Executed facsimile copies of this Agreement shall be valid acceptable substitutes for executed originals.

This Agreement shall be governed by the Laws of the State of California applicable to agreement made in and to be performed therein.

We are very pleased to represent you in connection with this matter. If the foregoing terms meet with your approval, kindly so indicate by signing three originals of this engagement letter and returning them to us for counter-signature, and we will return two fully executed originals to you.

Very truly yours,

Marc Toberoff

Agreed, understood and accepted:

Mark Warren Peary

Estate of Joseph Shuster

By: Mark Warren Peary, Executor

Jean A. Peavy

EXHIBIT 40
1491