# EXHIBIT 45

| Attachments: | DC v. PPC.Discovery.DC-Amend-RPDs.Toberoff.7.15.2011.final.pdf; DC v. PPC.Discovery.DC-Amend-RPDs.PPC.7.15.2011.final.pdf; DC v. PPC.Discovery.DC-Amend-RPDs.IPWW-LLC.7.15.2011.final.pdf; DC v. PPC.Discovery.DC-Amend-RPDs.IPW-LLC.7.15.2011.final.pdf; DC v. PPC.Discovery.DC-Amend-RPDs.POS.7.15.2011.final.pdf |
| --- | --- |

**From:** Keith Adams [mailto:kgadams@ipwla.com]
**Sent:** Friday, July 15, 2011 11:11 PM
**To:** Seto, Cassandra; Petrocelli, Daniel; Kline, Matthew
**Cc:** Marc Toberoff <mtoberoff@ipwla.com>; Nicholas Daum <ndaum@kbkfirm.com>
**Subject:** DC Comics v. Pacific Pictures Corp. - Discovery Responses

Counsel:

Attached please find the responses of defendants Marc Toberoff, Pacific Pictures Corporation, IP Worldwide, LLC, and IPW, LLC, to plaintiff DC Comics' Amended Requests for Production.

Keith G. Adams
Toberoff & Associates, P.C.
2049 Century Park East, Suite 3630
Los Angeles, CA 90067
Telephone: (310) 246-3333
Facsimile: (310) 246-3101
Email: kgadams@ipwla.com
http://www.ipwla.com

This message and any attached documents may contain information from Toberoff & Associates, P.C. that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

EXHIBIT 45
1541

KENDALL BRILL & KLIEGER LLP
Richard B. Kendall (90072)
  rkendall@kbkfirm.com
Laura W. Brill (195889)
  lbrill@kbkfirm.com
Nicholas F Daum (236155)
  ndaum@kbkfirm.com
10100 Santa Monica Blvd., Suite 1725
Los Angeles, California, 90067
Telephone:   310.556.2700
Facsimile:   310.556.2705

Attorneys for Defendants Marc Toberoff,
Pacific Pictures Corporation, IP
Worldwide, LLC, and IPW, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| DC COMICS,<br><br>              Plaintiff,<br><br>        vs.<br><br>PACIFIC PICTURES CORPORATION;<br>IP WORLDWIDE, LLC; IPW, LLC;<br>MARC TOBEROFF, an individual;<br>MARK WARREN PEARY, as personal<br>representative of the ESTATE OF<br>JOSEPH SHUSTER; JEAN ADELE<br>PEAVY, an individual; LAURA<br>SIEGEL LARSON, individually and as<br>personal representative of the ESTATE<br>OF JOANNE SIEGEL, and DOES 1-10,<br>inclusive,<br><br>              Defendants. | Case No: CV 10-03633 ODW (RZx)<br><br>Hon. Otis D. Wright II, U.S.D.J.<br><br>**DEFENDANT PACIFIC PICTURES CORPORATION'S RESPONSE AND OBJECTIONS TO PLAINTIFF DC COMICS' AMENDED REQUEST FOR PRODUCTION OF DOCUMENTS**<br><br>Complaint Filed:  May 14, 2010<br>Trial Date:  None Set |

DEFENDANT PACIFIC PICTURES CORPORATION'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S AMENDED REQUEST FOR PRODUCTION

EXHIBIT 45
1542

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

Defendant Pacific Pictures Corporation ("Pacific"), pursuant to the provisions of Rule 34(b)(2) of the Federal Rules of Civil Procedure, makes the following objections to Plaintiff DC Comics' Amended Request for Production of Documents ("Request") that were included in a letter served on June 1, 2011 by plaintiff DC Comics ("Plaintiff"):

# I.

## OBJECTIONS TO THE ENTIRE REQUEST

Pacific objects to the entire Request on each of the following grounds and incorporates by reference each of the following objections into its response to each individual category of documents within it:

1. Pacific objects to each individual request within the Request to the extent it is relevant only to the Fourth through Sixth state law claims for relief in DC's First Amended Complaint ("FAC"). Defendants contend that their pending anti-SLAPP motion stays discovery regarding these state law claims, as well as the related Third Claim for Relief. *See* Cal. Code Civ. Proc. § 425.16(g); *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 130 S. Ct. 1431, 1452 (2010) (Stevens, J., concurring); *Batzel v. Smith*, 333 F.3d 1018, 1024 (9th Cir. 2003); *Godin v. Schencks*, 2010 U.S. App. LEXIS 25980 (1st Cir. Dec. 22, 2010).

2. To the extent the Request and each document request therein seeks documents concerning any agreement between the Shusters and Siegels to act collectively in negotiations with DC regarding the settlement of their termination claims ("Collective Bargaining"), Pacific objects on the following grounds: the privilege on such agreements was upheld by the Court's April 11, 2011 order. Furthermore, any documents that exist relating to Collective Bargaining contain and memorialize attorney-client privileged communications and attorney work product and reveal sensitive settlement strategy that would give DC an unfair advantage. Moreover, any Collective Bargaining documents were prepared in connection with

1
DEFENDANT PACIFIC PICTURES CORPORATION'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT 45
1543

1  settlement mediation in the closely related cases *Joanne Siegel, et al. v. Warner Bros.*
2  *Entertainment Inc., et al.*, Case No. 04-CV-8400 ODW (RZx) and *Joanne Siegel, et*
3  *al. v. Time Warner Inc., et al.,* Case No. 04-CV-8766 ODW (RZx) (collectively
4  "*Siegel* Litigation") and the use of such information plainly violates the parties' May
5  1, 2008 JAMS Confidentiality Agreement.

6      3.     Where applicable, Pacific, in responding to each Request, interprets each
7  Request in light of the statements made in DC's July 7, 2011 letter, and DC's
8  revision of the term "RELATING" to mean "refer to or bear on."

9      4.     Pacific objects to the Request and each document request therein to the
10 extent that it seeks the production of any item, or portion thereof, that has already
11 been the subject of motion practice in this case or the *Siegel* Litigation, and
12 specifically to the extent that the Request seeks discovery barred by the Court's April
13 11, 2011, May 25, 2011 and/or June 20, 2011 orders.

14     5.     Pacific objects to the Request and each document request
15 therein to the extent that it seeks the production of any item, or portion thereof,
16 comprising or reflecting information transmitted and maintained in confidence
17 between Pacific or any person or entity acting on its behalf and for the purpose of
18 obtaining legal advice or representation, on the grounds that such information is
19 protected from disclosure by the attorney-client privilege and the joint-interest
20 privilege.  Such documents will not be produced in response to the request, and any
21 inadvertent production thereof shall not be deemed a waiver of any privilege or
22 doctrine with respect to such documents.  With respect to such documents, Pacific
23 hereby incorporates by reference the privilege logs served by the Defendants in this
24 action on December 15, 2010, and any logs served by Defendants thereafter.

25     6.     Pacific objects to the Request and each document request
26 therein to the extent that it seeks the production of any item, or portion thereof,
27 comprising or reflecting information with any confidential impression, conclusion,
28 opinion, legal research, or legal theory of counsel for Pacific or any other person or

entity, on the grounds that such information is protected from disclosure by the attorney work product doctrine.  Such documents will not be produced in response to the request, and any inadvertent production thereof shall not be deemed a waiver of any privilege or doctrine with respect to such documents.  With respect to such documents, Pacific hereby incorporates by reference the privilege logs served by the Defendants in this action on December 15, 2010.

7.    Pacific objects to the Request and each document request therein to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence, on the grounds that it exceeds the permissible scope of discovery delimited by Rule 26(b)(1) of the Federal Rules of Civil Procedure.

8.    Pacific objects to the Request and each document request therein to the extent that it seeks the production of any item, or portion thereof, comprising or reflecting any trade secret or other confidential or proprietary information of Pacific or any other entity or person.

9.    Pacific objects to the Request and each document request therein to the extent that it seeks the production of any item, or portion thereof, which is protected from disclosure by court order, or any privacy or similar rights of any person or entity.

10.    Pacific objects to the Request and each document request therein to the extent that it is unduly burdensome, overly broad, imposes extreme hardship, is oppressive and harassing, or would result in the expenditure of unnecessary time and resources.

11.    Pacific objects to the Request and each document request therein to the extent that the expense of producing documents outweighs the likely benefit of discovery provided to Plaintiff.

12.    Pacific objects to the Request and each document request therein to the extent that it seeks the production of duplicative identical items, or

DEFENDANT PACIFIC PICTURES CORPORATION'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT 45
1545

1    documents or information already in Plaintiff's possession, or by reason of public

2    filing, publication or otherwise are readily accessible to Plaintiff through other

3    means.

4         13.    Pacific objects to the Request and each document request

5    therein to the extent that it seeks the production of any item which has been served,

6    filed, or transmitted in the course of this action, on the grounds that such production

7    would be burdensome, oppressive, and unnecessary.

8         14.    Pacific objects to the Request and each document request

9    therein to the extent that it seeks the production of any item which has already been

10   produced, served, or filed in the course of the related actions *Joanne Siegel, et al. v.*

11   *Warner Bros. Entertainment Inc., et al.*, Case No. 04-CV-8400 ODW (RZx) and

12   *Joanne Siegel, et al. v. Time Warner Inc., et al.,* Case No. 04-CV-8766 ODW (RZx)

13   (collectively "*Siegel* Litigation"), on the grounds that such production would be

14   duplicative, burdensome, oppressive, and unnecessary.

15        15.    In making any document production, Pacific will reference by

16   their Bates numbers documents already produced to DC in the *Siegel* Litigation,

17   rather than re-copy and reproduce such documents. Pacific will not produce or

18   designate by Bates numbers documents Pacific obtained solely as a result of a

19   document production by the other side in the *Siegel* Litigation.

20        16.    Consistent with the agreement governing privilege logs negotiated by

21   the parties concerning plaintiff and other defendants, Pacific will not log privileged

22   communications or attorney work-product documents in either this case or the *Siegel*

23   Litigations, that (a) are internal communications by defendants' counsel at the law

24   firms of Toberoff & Associates, P.C. and Kendall Brill & Klieger, L.L.P., or (b)

25   between  Toberoff & Associates P.C and defendants' counsel at the law firm of

26   Kendall, Brill & Klieger LLP.   Logging such documents would constitute an

27   extraordinary interference by DC in the affairs of its opposing counsel in both this

28   action and the ongoing *Siegel* litigation.

4

DEFENDANT PACIFIC PICTURES CORPORATION'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT 45
1546

17.     Pacific objects to the Request and each document request therein to the extent that it seeks the production of any item or document that is not the property of Pacific. Pacific will not produce any items or documents that are the property of any other person or entity.

18.     Pacific objects to the Request and each document request therein and to the definitions and instructions therein to the extent that they purport to alter or extend Pacific's obligations beyond those established by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Central District of California, or any order or ruling by the Court in this action.

17.     Pacific objects generally to the definitions of the terms "YOU," "YOUR" and "PACIFIC PICTURES" as vague and ambiguous, overbroad and unduly burdensome, especially with respect to the definition's reference to "attorneys". Pacific will construe these terms to refer to Pacific.

18.     Pacific objects generally to the definitions of the terms "DEFENDANT" and "DEFENDANTS" as vague and ambiguous, overbroad and unduly burdensome, especially with respect to the definition's reference to "attorneys". Pacific Pictures will construe these terms to refer only to the specific defendants in this action.

19.     Pacific objects generally to the definition of the term "SHUSTER HEIRS" as vague and ambiguous, overbroad and unduly burdensome, especially with respect to the definition's reference to "attorneys". Solely for the purposes of these responses, and for no other purpose, Pacific will construe this term to refer only to the Estate of Joseph Shuster, Jean Peavy, Mark Warren Peary, Dawn Peavy and Frank Shuster.

20.     Pacific objects generally to the definition of the term "SIEGEL HEIRS" as vague and ambiguous, overbroad and unduly burdensome, especially with respect to the definition's reference to "attorneys". Solely for the purposes of these responses, and for no other purpose, Pacific will construe this term to refer only to Joanne Siegel, Laura Siegel Larson, and Michael Siegel.

DEFENDANT PACIFIC PICTURES CORPORATION'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT 45
1547

21.     Pacific reserves the right to revise, amend, supplement or clarify any of the objections set forth herein.

## II.

## DOCUMENTS TO BE PRODUCED

## SPECIFIC RESPONSES TO INDIVIDUAL REQUESTS

**Document Request No. 5(a)**

All DOCUMENTS RELATING to any interest the SIEGEL HEIRS' claim in SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 5(a)**

Pacific objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive.  Pacific further objects to this request on the grounds that the phrase "RELATING," is vague and ambiguous, and lacks sufficient precision to allow it to formulate an appropriate response.  Pacific further objects to this request on the grounds that it is indefinite as to time, not reasonably limited in scope, and to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence.  Pacific additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint-interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing general and specific objections, Pacific will produce the responsive, non-privileged documents, if any, consistent with its understanding of this request.

**Document Request No. 5(b)**

All DOCUMENTS RELATING to any interest the SIEGEL HEIRS' claim in SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 5(b)**

Pacific objects to this request on the grounds that it is compound, overbroad,

6

DEFENDANT PACIFIC PICTURES CORPORATION'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT 45
1548

burdensome and oppressive. Pacific further objects to this request on the grounds that the phrase "RELATING," is vague and ambiguous, and lacks sufficient precision to allow it to formulate an appropriate response. Pacific further objects to this request on the grounds that it is indefinite as to time, not reasonably limited in scope, and to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Pacific additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint-interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing general and specific objections, Pacific will produce the responsive, non-privileged documents, if any, consistent with its understanding of this request.

**Document Request No. 15**

All DOCUMENTS created since 1995 RELATING to the valuation of any past, current, or potential ownership interest in SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 15**

Pacific objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive. Pacific further objects to this request on the grounds that the term "RELATING to the valuation of any past, current, or potential ownership interest" is vague and ambiguous, and lacks sufficient precision to allow it to formulate an appropriate response. Pacific further objects to this request on the grounds that it is not reasonably limited in scope. Pacific further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Pacific additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint-interest privilege, the attorney work product doctrine and any other privilege or immunity

DEFENDANT PACIFIC PICTURES CORPORATION'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT 45
1549

available under law or arising from contractual obligation.  Subject to and without waiving the foregoing general and specific objections, Pacific will produce the responsive, non-privileged documents, if any, consistent with its understanding of this request.

**Document Request No. 19**

All DOCUMENTS RELATING to YOUR introduction to the SHUSTER HEIRS.

**Response to Document Request No. 19**

Pacific objects to this request on the grounds that it is compound, duplicative, overbroad, burdensome and oppressive.  Pacific objects to this request on the grounds that the term "RELATING" is vague and ambiguous, and lacks sufficient precision to allow it to formulate an appropriate response.  Pacific further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Pacific additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint-interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing general and specific objections, Pacific will produce the responsive, non-privileged documents, if any, consistent with its understanding of this request.

**Document Request No. 23**

All DOCUMENTS identifying YOUR past and current ownership and management structure, including operating agreements, by-laws, capitalization schedules, capital accounts, shares, filings, and other financial forms.

**Response to Document Request No. 23**

Pacific objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive.  Pacific objects to this request on the grounds that the phrase "identifying YOUR past and current ownership and management structure" is vague and ambiguous, and lacks sufficient precision to allow it to formulate an

8

DEFENDANT PACIFIC PICTURES CORPORATION'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT 45
1550

1  appropriate response.  Pacific objects to this request on the grounds that it is vague
2  and ambiguous, and lacks sufficient precision to allow it to formulate an appropriate
3  response.  Pacific further objects to this request on the grounds that it is indefinite as
4  to time and not reasonably limited in scope.  Pacific further objects to this request in
5  that it seeks the production of items not reasonably calculated to lead to the discovery
6  of relevant and admissible evidence.  Pacific objects to this request to the extent that
7  it seeks communications or items protected by the attorney-client privilege, the joint
8  interest privilege, the attorney work product doctrine and any other privilege or
9  immunity available under law or arising from contractual obligation.  Subject to and
10 without waiving the foregoing general and specific objections, Pacific is willing to
11 meet and confer with Plaintiff regarding the tailoring of this request.  Plaintiff's
12 modification of this request and explanation of what it seeks by this request in its July
13 7, 2011 letter do not sufficiently narrow the documents sought by this grossly
14 overbroad request.

15 **Document Request No. 24**

16     All DOCUMENTS RELATING to the Memorandum of Agreement dated
17 February 2, 2002 that YOU entered into with Ari Emanuel.

18 **Response to Document Request No. 24**

19     Pacific objects to this request on the grounds that it is compound, duplicative,
20 overbroad, burdensome and oppressive.  Pacific further objects to this request on the
21 grounds that it is compound, overbroad, burdensome and oppressive.  Pacific further
22 objects to this request on the grounds that the term "RELATING" is vague and
23 ambiguous, and lacks sufficient precision to allow it to formulate an appropriate
24 response. Pacific objects to this request to the extent that it seeks the production of
25 any item, or portion thereof, which is not reasonably calculated to lead to the
26 discovery of relevant and admissible evidence.  Pacific additionally objects to this
27 request to the extent that it seeks communications or items protected by the attorney-
28 client privilege, the joint interest privilege, the attorney work product doctrine and

DEFENDANT PACIFIC PICTURES CORPORATION'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT 45

1  any other privilege or immunity available under law or arising from contractual

2  obligation.  Subject to and without waiving the foregoing general and specific

3  objections, Pacific will produce the responsive, non-privileged documents, if any,

4  consistent with its understanding of this request.

5  **Document Request No. 25**

6        All DOCUMENTS identifying any contributions by YOU to the IP Worldwide

7  joint venture.

8  **Response to Document Request No. 25**

9        Pacific objects to this request on the grounds that it is compound, duplicative,

10  overbroad, burdensome and oppressive.  Pacific further objects to this request on the

11  grounds that it is vague and ambiguous, and lacks sufficient precision to allow it to

12  formulate an appropriate response.  PPC further objects to this request on the grounds

13  that the term "contributions" is vague and ambiguous, and lacks sufficient precision

14  to allow it to formulate an appropriate response.  Pacific objects to this request to the

15  extent that it seeks the production of any item, or portion thereof, which is not

16  reasonably calculated to lead to the discovery of relevant and admissible evidence.

17  Pacific additionally objects to this request to the extent that it seeks communications

18  or items protected by the attorney-client privilege, the joint interest privilege, the

19  attorney work product doctrine and any other privilege or immunity available under

20  law or arising from contractual obligation.

21  **Document Request No. 27**

22        All DOCUMENTS RELATING to the letter agreement dated October 27,

23  2003 that YOU entered into with the SHUSTER HEIRS.

24  **Response to Document Request No. 27**

25        Pacific objects to this request on the grounds that it is compound, duplicative,

26  overbroad, burdensome and oppressive, as it could be reasonably construed to request

27  all documents related to Superman.  Pacific objects to this request on the grounds that

28  the phrase "RELATING" is vague and ambiguous, and lacks sufficient precision to

1  allow it to formulate an appropriate response.  Pacific further objects to this request

2  on the grounds that it is indefinite as to time and not reasonably limited in scope.

3  Pacific further objects to this request to the extent that it seeks the production of any

4  item, or portion thereof, which is not reasonably calculated to lead to the discovery of

5  relevant and admissible evidence. Pacific additionally objects to this request to the

6  extent that it seeks communications or items protected by the attorney-client

7  privilege, the joint interest privilege, the attorney work product doctrine and any

8  other privilege or immunity available under law or arising from contractual

9  obligation.  Subject to and without waiving the foregoing general and specific

10  objections, Pacific will produce the responsive, non-privileged documents, if any,

11  consistent with its understanding of this request.

12  **Document Request No. 28**

13       ALL DOCUMENTS RELATING to the letter dated September 10, 2004 that

14  YOU signed with the SHUSTER HEIRS.

15  **Response to Document Request No. 28**

16       Pacific objects to this request on the grounds that it is compound, duplicative,

17  overbroad, burdensome and oppressive, as it could be reasonably construed to request

18  all documents related to Superman.  Pacific objects to this request on the grounds that

19  the phrase "RELATING" is vague and ambiguous, and lacks sufficient precision to

20  allow it to formulate an appropriate response.  Pacific further objects to this request

21  on the grounds that it is indefinite as to time and not reasonably limited in scope.

22  Pacific further objects to this request to the extent that it seeks the production of any

23  item, or portion thereof, which is not reasonably calculated to lead to the discovery of

24  relevant and admissible evidence. Pacific additionally objects to this request to the

25  extent that it seeks communications or items protected by the attorney-client

26  privilege, the joint interest privilege, the attorney work product doctrine and any

27  other privilege or immunity available under law or arising from contractual

28  obligation.  Subject to and without waiving the foregoing general and specific

1   objections, Pacific will produce the responsive, non-privileged documents, if any,

2   consistent with its understanding of this request.

3   **Document Request No. 29**

4        All DOCUMENTS involved in the formation of PACIFIC PICTURES,

5   including, articles of organization, operating agreements, minutes, filings, business

6   plans.

7   **Response to Document Request No. 29**

8        Pacific objects to this request on the grounds that the phrase "involved in the

9   formation" is vague and ambiguous, and lacks sufficient precision to allow it to

10  formulate an appropriate response.  Pacific objects to this request on the grounds that

11  it is compound, overbroad, burdensome and oppressive.  Pacific objects to this

12  request on the grounds that it is vague and ambiguous, and lacks sufficient precision

13  to allow it to formulate an appropriate response.  Pacific further objects to this

14  request on the grounds that it is indefinite as to time and not reasonably limited in

15  scope.  Pacific further objects to this request in that it seeks the production of items

16  not reasonably calculated to lead to the discovery of relevant and admissible

17  evidence.  Pacific objects to this request to the extent that it seeks communications or

18  items protected by the attorney-client privilege, the joint interest privilege, the

19  attorney work product doctrine and any other privilege or immunity available under

20  law or arising from contractual obligation.  Subject to and without waiving the

21  foregoing general and specific objections, Pacific is willing to meet and confer with

22  Plaintiff regarding the tailoring of this request.  Plaintiff's modification of this

23  request and explanation of what it seeks by this request in its July 7, 2011 letter do

24  not sufficiently narrow the documents sought by this overbroad request.

25  **Document Request No. 30**

26       All DOCUMENTS identifying the current corporate status of PACIFIC

27  PICTURES.

28  **Response to Document Request No. 30**

Pacific objects to this request on the grounds that the phrase "identifying the current corporate status" is vague and ambiguous, and lacks sufficient precision to allow it to formulate an appropriate response.  Pacific objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive.  Pacific objects to this request on the grounds that it is vague and ambiguous, and lacks sufficient precision to allow it to formulate an appropriate response.  Pacific further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope.  Pacific further objects to this request in that it seeks the production of items not reasonably calculated to lead to the discovery of relevant and admissible evidence.  Pacific objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing general and specific objections, Pacific will produce the responsive, non-privileged documents, if any, consistent with its understanding of this request.

**Document Request No. 31**

All DOCUMENTS identifying any business plans of PACIFIC PICTURES, including but not limited to marketing of rights held, solicitation of new business, or plans to sell, lease, license, or otherwise transfer rights.

**Response to Document Request No. 31**

Pacific objects to this request on the grounds that Magistrate Zarefsky specifically denied this request when it was part of DC's original requests (Toberoff Requests Nos. 56-58, IPW Request Nos. 27-31) as "hopelessly overbroad" and as improperly "calling for everything there is about companies with which Mr. Toberoff has been associated."  Docket No. 262 at 5.  DC's new request is nothing more than an attempt to re-serve its denied requests by dividing it into sub-parts that are still grossly overbroad and encompass wholly irrelevant material.

Pacific additionally objects to this request on the grounds that it is compound,

1  overbroad, burdensome and oppressive.  Pacific further objects to this request on the

2  grounds that it is vague and ambiguous, and lacks sufficient precision to allow it to

3  formulate an appropriate response.  Pacific further objects to this request on the

4  grounds that it is indefinite as to time and not reasonably limited in scope.  Pacific

5  further objects to this request to the extent that it seeks the production of any item, or

6  portion thereof, which is not reasonably calculated to lead to the discovery of relevant

7  and admissible evidence.  Pacific additionally objects to this request to the extent that

8  it seeks communications or items protected by the attorney-client privilege, the joint

9  interest privilege, the attorney work product doctrine and any other privilege or

10  immunity available under law or arising from contractual obligation.

11  **Document Request No. 33**

12      All DOCUMENTS identifying any individual or entity that currently holds

13  property or interests formerly held by PACIFIC PICTURES.

14  **Response to Document Request No. 33**

15      Pacific objects to this request on the grounds that Magistrate Zarefsky

16  specifically denied this request when it was part of DC's original requests (Toberoff

17  Requests Nos. 56-58, IPW Request Nos. 27-31) as "hopelessly overbroad" and as

18  improperly "calling for everything there is about companies with which Mr. Toberoff

19  has been associated."  Docket No. 262 at 5.  DC's new request is nothing more than

20  an attempt to re-serve its denied requests by dividing it into sub-parts that are still

21  grossly overbroad and encompass wholly irrelevant material.

22      Pacific additionally objects to this request on the grounds that it is compound,

23  overbroad, burdensome and oppressive.  Pacific further objects to this request on the

24  grounds that it is vague and ambiguous, and lacks sufficient precision to allow it to

25  formulate an appropriate response.  Pacific further objects to this request on the

26  grounds that it is indefinite as to time and not reasonably limited in scope.  Pacific

27  further objects to this request to the extent that it seeks the production of any item, or

28  portion thereof, which is not reasonably calculated to lead to the discovery of relevant

1   and admissible evidence.  Pacific additionally objects to this request to the extent that

2   it seeks communications or items protected by the attorney-client privilege, the joint-

3   interest privilege, the attorney work product doctrine and any other privilege or

4   immunity available under law or arising from contractual obligation.

5   Dated:  July 15, 2011                    KENDALL BRILL & KLIEGER LLP

6

7                                            /s/ Nicholas F. Daum
                                             Nicholas F. Daum
8

9                                            Attorneys for Defendants Marc Toberoff,
                                             Pacific Pictures Corporation, IP Worldwide,
10                                           LLC, and IPW, LLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT PACIFIC PICTURES CORPORATION'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT 45
1557

KENDALL BRILL & KLIEGER LLP
Richard B. Kendall (90072)
  rkendall@kbkfirm.com
Laura W. Brill (195889)
  lbrill@kbkfirm.com
Nicholas F Daum (236155)
  ndaum@kbkfirm.com
10100 Santa Monica Blvd., Suite 1725
Los Angeles, California, 90067
Telephone:   310.556.2700
Facsimile:    310.556.2705

Attorneys for Defendants Marc Toberoff,
Pacific Pictures Corporation, IP
Worldwide, LL, and IPWW, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

DC COMICS,

                    Plaintiff,

          vs.

PACIFIC PICTURES CORPORATION;
IP WORLDWIDE, LLC; IPWW, LLC;
MARC TOBEROFF, an individual;
MARK WARREN Peary, as personal
representative of the ESTATE OF
JOSEPH SHUSTER; JEAN ADELE
Peavy, an individual; LAURA SIEGEL
LARSON, individually and as personal
representative of the ESTATE OF
JOANNE SIEGEL, and DOES 1-10,
inclusive,

                    Defendants.

Case No: CV 10-03633 ODW (RZx)

Hon. Otis D. Wright II, U.S.D.J.

**DEFENDANT IP WORLDWIDE,
LLC'S RESPONSE AND
OBJECTIONS TO PLAINTIFF
DC COMICS' AMENDED
REQUEST FOR PRODUCTION
OF DOCUMENTS**

Complaint Filed: May 14, 2010
Trial Date: None Set

DEFENDANT IP WORLDWIDE, LLC'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S AMENDED REQUEST FOR PRODUCTION

EXHIBIT 45
1558

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

Defendant IP Worldwide, LLC ("IPWW" or "IP Worldwide"), pursuant to the provisions of Rule 34(b)(2) of the Federal Rules of Civil Procedure, makes the following objections to Plaintiff DC Comics' Amended Request for Production of Documents ("Request") that were included in a letter served on June 1, 2011 by plaintiff DC Comics ("Plaintiff"):

## I.

## OBJECTIONS TO THE ENTIRE REQUEST

IPWW objects to the entire Request on each of the following grounds and incorporates by reference each of the following objections into its response to each individual category of documents within it:

1.    IPWW objects to each individual request within the Request to the extent it is relevant only to the Fourth through Sixth state law claims for relief in DC's First Amended Complaint ("FAC").  Defendants contend that their pending anti-SLAPP motion stays discovery regarding these state law claims, as well as the related Third Claim for Relief.  *See* Cal. Code Civ. Proc. § 425.16(g); *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 130 S. Ct. 1431, 1452 (2010) (Stevens, J., concurring); *Batzel v. Smith*, 333 F.3d 1018, 1024 (9th Cir. 2003); *Godin v. Schencks*, 2010 U.S. App. LEXIS 25980 (1st Cir. Dec. 22, 2010).

2.    To the extent the Request and each document request therein seeks documents concerning any agreement between the Shusters and Siegels to act collectively in negotiations with DC regarding the settlement of their termination claims ("Collective Bargaining"), IPWW objects on the following grounds:  the privilege on such agreements was upheld by the Court's April 11, 2011 order. Furthermore, any documents that exist relating to Collective Bargaining contain and memorialize attorney-client privileged communications and attorney work product and reveal sensitive settlement strategy that would give DC an unfair advantage. Moreover, any Collective Bargaining documents were prepared in connection with

1  settlement mediation in the closely related cases *Joanne Siegel, et al. v. Warner Bros.*

2  *Entertainment Inc., et al.*, Case No. 04-CV-8400 ODW (RZx) and *Joanne Siegel, et*

3  *al. v. Time Warner Inc., et al.,* Case No. 04-CV-8766 ODW (RZx) (collectively

4  "*Siegel* Litigation") and the use of such information plainly violates the parties' May

5  1, 2008 JAMS Confidentiality Agreement.

6      3.    Where applicable, IPWW, in responding to each Request, interprets each

7  Request in light of the statements made in DC's July 7, 2011 letter, and DC's

8  revision of the term "RELATING" to mean "refer to or bear on."

9      4.    IPWW objects to the Request and each document request therein to the

10  extent that it seeks the production of any item, or portion thereof, that has already

11  been the subject of motion practice in this case or the Siegel Litigation, and

12  specifically to the extent that the Request seeks discovery barred by the Court's April

13  11, 2011, May 25, 2011 and/or June 20, 2011 orders.

14      5.    IPWW objects to the Request and each document request therein to the

15  extent that it seeks the production of any item, or portion thereof, comprising or

16  reflecting information transmitted and maintained in confidence between IPWW or

17  any person or entity acting on its behalf and for the purpose of obtaining legal advice

18  or representation, on the grounds that such information is protected from disclosure

19  by the attorney-client privilege and the joint-interest privilege.  Such documents will

20  not be produced in response to the request, and any inadvertent production thereof

21  shall not be deemed a waiver of any privilege or doctrine with respect to such

22  documents.  With respect to such documents, IPWW hereby incorporates by

23  reference the privilege logs served by the Defendants in this action on December 15,

24  2010, and any logs served by Defendants thereafter.

25      6.    IPWW objects to the Request and each document request therein to the

26  extent that it seeks the production of any item, or portion thereof, comprising or

27  reflecting information with any confidential impression, conclusion, opinion, legal

28  research, or legal theory of counsel for IPWW or any other person or entity, on the

1  grounds that such information is protected from disclosure by the attorney work

2  product doctrine.  Such documents will not be produced in response to the request,

3  and any inadvertent production thereof shall not be deemed a waiver of any privilege

4  or doctrine with respect to such documents.  With respect to such documents, IPWW

5  hereby incorporates by reference the privilege logs served by the Defendants in this

6  action on December 15, 2010.

7         7.    IPWW objects to the Request and each document request therein to the

8  extent that it seeks the production of any item, or portion thereof, which is not

9  reasonably calculated to lead to the discovery of relevant and admissible evidence, on

10  the grounds that it exceeds the permissible scope of discovery delimited by Rule

11  26(b)(1) of the Federal Rules of Civil Procedure.

12        8.    IPWW objects to the Request and each document request therein to the

13  extent that it seeks the production of any item, or portion thereof, comprising or

14  reflecting any trade secret or other confidential or proprietary information of IPWW

15  or any other entity or person.

16        9.    IPWW objects to the Request and each document request therein to the

17  extent that it seeks the production of any item, or portion thereof, which is protected

18  from disclosure by court order, or any privacy or similar rights of any person or

19  entity.

20        10.   IPWW objects to the Request and each document request therein to

21  the extent that it is unduly burdensome, overly broad, imposes extreme hardship, is

22  oppressive and harassing, or would result in the expenditure of unnecessary time and

23  resources.

24        11.   IPWW objects to the Request and each document request therein to the

25  extent that the expense of producing documents outweighs the likely benefit of

26  discovery provided to Plaintiff.

27        12.   IPWW objects to the Request and each document request therein to the

28  extent that it seeks the production of duplicative identical items, or documents or

DEFENDANT IP WORLDWIDE, LLC'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S AMENDED REQUEST FOR PRODUCTION

EXHIBIT 45
1561

1  information already in Plaintiff's possession, or by reason of public filing,

2  publication or otherwise are readily accessible to Plaintiff through other means.

3      13.    IPWW objects to the Request and each document request therein to the

4  extent that it seeks the production of any item which has been served, filed, or

5  transmitted in the course of this action, on the grounds that such production would be

6  burdensome, oppressive, and unnecessary.

7      14.    IPWW objects to the Request and each document request therein to the

8  extent that it seeks the production of any item which has already been produced,

9  served, or filed in the course of the related actions *Joanne Siegel, et al. v. Warner*

10  *Bros. Entertainment Inc., et al.*, Case No. 04-CV-8400 ODW (RZx) and *Joanne*

11  *Siegel, et al. v. Time Warner Inc., et al.,* Case No. 04-CV-8766 ODW (RZx)

12  (collectively "*Siegel* Litigation"), on the grounds that such production would be

13  duplicative, burdensome, oppressive, and unnecessary.

14      15.    In making any document production, IPWW will reference by

15  their Bates numbers documents already produced to DC in the *Siegel* Litigation,

16  rather than re-copy and reproduce such documents. IPWW will not produce or

17  designate by Bates numbers documents IPWW obtained solely as a result of a

18  document production by the other side in the *Siegel* Litigation.

19      16.    Consistent with the agreement governing privilege logs negotiated by

20  the parties concerning plaintiff and other defendants, IPWW will not log privileged

21  communications or attorney work-product documents in either this case or the *Siegel*

22  Litigation, that (a) are internal communications by defendants' counsel at the law

23  firms of Toberoff & Associates, P.C. and Kendall Brill & Klieger, L.L.P., or (b)

24  between  Toberoff & Associates P.C and defendants' counsel at the law firm of

25  Kendall, Brill & Klieger LLP.   Logging such documents would constitute an

26  extraordinary interference by DC in the affairs of its opposing counsel in both this

27  action and the ongoing *Siegel* Litigation.

28      17.    IPWW objects to the Request and each document request therein to the

DEFENDANT IP WORLDWIDE, LLC'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S AMENDED REQUEST FOR PRODUCTION

EXHIBIT 45
1562

1  extent that it seeks the production of any item or document that is not the property of

2  IPWW. IPWW will not produce any items or documents that are the property of any

3  other person or entity.

4       18.    IPWW objects to the Request and each document request therein and to

5  the definitions and instructions therein to the extent that they purport to alter or

6  extend IPWW's obligations beyond those established by the Federal Rules of Civil

7  Procedure, the Local Rules of the United States District Court for the Central District

8  of California, or any order or ruling by the Court in this action.

9       19.    IPWW objects generally to the definitions of the terms "YOU,"

10  "YOUR" and "IP WORLDWIDE" as vague and ambiguous, overbroad and unduly

11  burdensome, especially with the respect to the definition's reference to "attorneys".

12  IP Worldwide will construe these terms to refer to IP Worldwide.

13      20.    IPWW objects generally to the definitions of the terms "DEFENDANT"

14  and "DEFENDANTS" as vague and ambiguous, overbroad and unduly burdensome,

15  especially with the respect to the definition's reference to "attorneys".  IP Worldwide

16  will construe these terms to refer only to the specific defendants in this action.

17      21.    IPWW objects generally to the definition of the term "SHUSTER

18  HEIRS" as vague and ambiguous, overbroad and unduly burdensome, especially with

19  the respect to the definition's reference to "attorneys".  Solely for the purposes of

20  these responses, and for no other purpose, IP Worldwide will construe this term to

21  refer only to the Estate of Joseph Shuster, Jean Peavy, Mark Warren Peary, Dawn

22  Peavy and Frank Shuster.

23      22.    IPWW objects generally to the definition of the term "SIEGEL HEIRS"

24  as vague and ambiguous, overbroad and unduly burdensome, especially with the

25  respect to the definition's reference to "attorneys".  Solely for the purposes of these

26  responses, and for no other purpose, IP Worldwide will construe this term to refer

27  only to Joanne Siegel, Laura Siegel Larson, and Michael Siegel.

28      23.    IPWW reserves the right to revise, amend, supplement or clarify any of

1  the objections set forth herein.

2  **II.**

3  **<u>DOCUMENTS TO BE PRODUCED</u>**

4  **<u>SPECIFIC RESPONSES TO INDIVIDUAL REQUESTS</u>**

5  **<u>Document Request No. 5(a)</u>**

6       All DOCUMENTS RELATING to the SIEGEL HEIRS' purported interest in

7  SUPERMAN and/or SUPERBOY.

8  **<u>Response to Document Request No. 5(a)</u>**

9       IPWW objects to this request on the grounds that it is compound, overbroad,

10  burdensome and oppressive.  IPWW further objects to this request on the grounds

11  that the words "RELATING" and "purported interest" are vague and ambiguous, and

12  lack sufficient precision to allow it to formulate an appropriate response.  IPWW

13  further objects to this request on the grounds that it is indefinite as to time, not

14  reasonably limited in scope, and to the extent that it seeks the production of any item,

15  or portion thereof, which is not reasonably calculated to lead to the discovery of

16  relevant and admissible evidence.  IPWW additionally objects to this request to the

17  extent that it seeks communications or items protected by the attorney-client

18  privilege, the joint-interest privilege, the attorney work product doctrine and any

19  other privilege or immunity available under law or arising from contractual

20  obligation.  Subject to and without waiving the foregoing general and specific

21  objections, IPWW will produce the responsive, non-privileged documents, if any,

22  consistent with its understanding of this request.

23  **<u>Document Request No. 5(b)</u>**

24       All DOCUMENTS RELATING to the SHUSTER HEIRS' purported interest

25  in SUPERMAN and/or SUPERBOY.

26  **<u>Response to Document Request No. 5(b)</u>**

27       IPWW objects to this request on the grounds that it is compound, overbroad,

28  burdensome and oppressive.  IPWW further objects to this request on the grounds

DEFENDANT IP WORLDWIDE, LLC'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S AMENDED REQUEST FOR PRODUCTION

EXHIBIT 45
1564

1  that the words "RELATING" and "purported interest" are vague and ambiguous, and

2  lack sufficient precision to allow it to formulate an appropriate response.  IPWW

3  further objects to this request on the grounds that it is indefinite as to time, not

4  reasonably limited in scope, and to the extent that it seeks the production of any item,

5  or portion thereof, which is not reasonably calculated to lead to the discovery of

6  relevant and admissible evidence.  IPWW additionally objects to this request to the

7  extent that it seeks communications or items protected by the attorney-client

8  privilege, the joint-interest privilege, the attorney work product doctrine and any

9  other privilege or immunity available under law or arising from contractual

10  obligation.  Subject to and without waiving the foregoing general and specific

11  objections, IPWW will produce the responsive, non-privileged documents, if any,

12  consistent with its understanding of this request.

13  **Document Request No. 15**

14        All DOCUMENTS created since 1995 RELATING to the valuation of any

15  past, current, or potential ownership interest in SUPERMAN and/or SUPERBOY.

16  **Response to Document Request No. 15**

17        IPWW objects to this request on the grounds that it is compound, overbroad,

18  burdensome and oppressive.  IPWW further objects to this request on the grounds

19  that the term "RELATING to the valuation of any past, current, or potential

20  ownership interest" is vague and ambiguous, and lacks sufficient precision to allow it

21  to formulate an appropriate response.  IPWW further objects to this request on the

22  grounds that it is not reasonably limited in scope.  IPWW further objects to this

23  request to the extent that it seeks the production of any item, or portion thereof,

24  which is not reasonably calculated to lead to the discovery of relevant and admissible

25  evidence.  IPWW additionally objects to this request to the extent that it seeks

26  communications or items protected by the attorney-client privilege, the joint-interest

27  privilege, the attorney work product doctrine and any other privilege or immunity

28  available under law or arising from contractual obligation.  Subject to and without

1  waiving the foregoing general and specific objections, IPWW will produce the
2  responsive, non-privileged documents, if any, consistent with its understanding of
3  this request.

4  **Document Request No. 18**

5       All DOCUMENTS RELATING to YOUR introduction to the SIEGEL
6  HEIRS.

7  **Response to Document Request No. 18**

8       IPWW further objects to this request on the grounds that it is compound,
9  duplicative, overbroad, burdensome and oppressive.  IPWW further objects to this
10  request on the grounds that the term "RELATING" is vague and ambiguous, and
11  lacks sufficient precision to allow it to formulate an appropriate response.  IPWW
12  further objects to this request on the grounds that it is indefinite as to time and not
13  reasonably limited in scope.  IPWW additionally objects to this request to the extent
14  that it seeks communications or items protected by the attorney-client privilege, the
15  joint-interest privilege, the attorney work product doctrine and any other privilege or
16  immunity available under law or arising from contractual obligation.  Subject to and
17  without waiving the foregoing general and specific objections, IPWW will produce
18  the responsive, non-privileged documents, if any, consistent with its understanding of
19  this request.

20  **Document Request No. 24**

21       All DOCUMENTS RELATING to the Memorandum of Agreement dated
22  February 2, 2002 that YOU entered into with Ari Emanuel.

23  **Response to Document Request No. 24**

24       IPWW objects to this request on the grounds that it is compound, duplicative,
25  overbroad, burdensome and oppressive.  IPWW objects to this request on the grounds
26  that it is compound, overbroad, burdensome and oppressive.  IPWW further objects
27  to this request on the grounds that the term "RELATING" is vague and ambiguous,
28  and lacks sufficient precision to allow it to formulate an appropriate response. IPWW

1  objects to this request to the extent that it seeks the production of any item, or portion

2  thereof, which is not reasonably calculated to lead to the discovery of relevant and

3  admissible evidence.  IPWW additionally objects to this request to the extent that it

4  seeks communications or items protected by the attorney-client privilege, the joint

5  interest privilege, the attorney work product doctrine and any other privilege or

6  immunity available under law or arising from contractual obligation.  Subject to and

7  without waiving the foregoing general and specific objections, IPWW will produce

8  the responsive, non-privileged documents, if any, consistent with its understanding of

9  this request.

10  **Document Request No. 25**

11      All DOCUMENTS identifying contributions of DEFENDANTS Marc

12  Toberoff and Pacific Pictures Corporation to IP WORLDWIDE.

13  **Response to Document Request No. 25**

14      IPWW objects to this request on the grounds that it is compound, duplicative,

15  overbroad, burdensome and oppressive.  IPWW further objects to this request on the

16  grounds that it is vague and ambiguous, and lacks sufficient precision to allow it to

17  formulate an appropriate response.  IPWW further objects to this request on the

18  grounds that the term "contributions" is vague and ambiguous, and lacks sufficient

19  precision to allow it to formulate an appropriate response.  IPWW objects to this

20  request to the extent that it seeks the production of any item, or portion thereof,

21  which is not reasonably calculated to lead to the discovery of relevant and admissible

22  evidence.  IPWW additionally objects to this request to the extent that it seeks

23  communications or items protected by the attorney-client privilege, the joint interest

24  privilege, the attorney work product doctrine and any other privilege or immunity

25  available under law or arising from contractual obligation.

26  **Document Request No. 27**

27      All DOCUMENTS RELATING to the letter agreement dated October 3, 2002

28  – and any revisions, modifications, or adjustments thereto – that IP WORLDWIDE

1  signed with the SIEGEL HEIRS.

2  **Response to Document Request No. 27**

3        IPWW objects to this request on the grounds that it is compound, duplicative,

4  overbroad, burdensome and oppressive.   IPWW further objects to this request on the

5  grounds that the term "RELATING" is vague and ambiguous, and lacks sufficient

6  precision to allow it to formulate an appropriate response.  IPWW further objects to

7  this request on the grounds that it is indefinite as to time, not reasonably limited in

8  scope, and to the extent that it seeks the production of any item, or portion thereof,

9  which is not reasonably calculated to lead to the discovery of relevant and admissible

10  evidence. IPWW further objects to this request to the extent that it seeks

11  communications or items protected by the attorney-client privilege, the joint interest

12  privilege, the attorney work product doctrine and any other privilege or immunity

13  available under law or arising from contractual obligation.  Subject to and without

14  waiving the foregoing general and specific objections, IPWW will produce the

15  responsive, non-privileged documents, if any, consistent with its understanding of

16  this request.

17  **Document Request No. 28**

18        All DOCUMENTS created from 2001 to the present RELATING to the

19  identification of IP WORLDWIDE on the Document Cover Sheet for Recordation of

20  Documents filed with the Transfer Covering Extended Copyright Renewal Term of

21  "Superman" served on behalf of the Estate of Joseph Shuster on November 10, 2003.

22  **Response to Document Request No. 28**

23        IPWW further objects to this request on the grounds that it is compound,

24  duplicative, overbroad, burdensome and oppressive.  IPWW further objects to this

25  request on the grounds that the phrase "RELATING to the identification of IP

26  WORLDWIDE" as used in the context of this request, is vague and ambiguous, and

27  lacks sufficient precision to allow it to formulate an appropriate response.  IPWW

28  further objects to this request on the grounds that it is not reasonably limited in scope,

DEFENDANT IP WORLDWIDE, LLC'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S AMENDED REQUEST FOR PRODUCTION

EXHIBIT 45
1568

1 and to the extent that it seeks the production of any item, or portion thereof, which is
2 not reasonably calculated to lead to the discovery of relevant and admissible
3 evidence.  IPWW additionally objects to this request to the extent that it seeks
4 communications or items protected by the attorney-client privilege, the joint interest
5 privilege, the attorney work product doctrine and any other privilege or immunity
6 available under law or arising from contractual obligation.

7 **Document Request No. 29**

8      All DOCUMENTS involved in the formation of IP WORLDWIDE, including,
9 articles of organization, operating agreements, minutes, filings, business plans.

10 **Response to Document Request No. 29**

11      IPWW objects to this request on the grounds that the phrase "involved in the
12 formation" is vague and ambiguous, and lack sufficient precision to allow it to
13 formulate an appropriate response.  IPWW objects to this request on the grounds that
14 it is compound, overbroad, burdensome and oppressive.  IPWW objects to this
15 request on the grounds that it is vague and ambiguous, and lack sufficient precision to
16 allow it to formulate an appropriate response.  IPWW further objects to this request
17 on the grounds that it is indefinite as to time and not reasonably limited in scope.
18 IPWW further objects to this request in that it seeks the production of items not
19 reasonably calculated to lead to the discovery of relevant and admissible evidence.
20 IPWW objects to this request to the extent that it seeks communications or items
21 protected by the attorney-client privilege, the joint interest privilege, the attorney
22 work product doctrine and any other privilege or immunity available under law or
23 arising from contractual obligation.  Subject to and without waiving the foregoing
24 general and specific objections, IPWW is willing to meet and confer with Plaintiff
25 regarding the tailoring of this request.  Plaintiff's modification of this request and
26 explanation of what it seeks by this request in its July 7, 2011 letter do not
27 sufficiently narrow the documents sought by this overbroad request.

28

1   **Document Request No. 30**

2       All DOCUMENTS identifying the current corporate status of IP

3   WORLDWIDE.

4   **Response to Document Request No. 30**

5       IPWW objects to this request on the grounds that it is compound, overbroad,

6   burdensome and oppressive.  IPWW objects to this request on the grounds that the

7   phrase "identifying the current corporate status" is vague and ambiguous, and lack

8   sufficient precision to allow it to formulate an appropriate response.  IPWW objects

9   to this request on the grounds that it is vague and ambiguous, and lack sufficient

10  precision to allow it to formulate an appropriate response.  IPWW further objects to

11  this request on the grounds that it is indefinite as to time and not reasonably limited

12  in scope.  IPWW further objects to this request in that it seeks the production of items

13  not reasonably calculated to lead to the discovery of relevant and admissible

14  evidence.  IPWW objects to this request to the extent that it seeks communications or

15  items protected by the attorney-client privilege, the joint interest privilege, the

16  attorney work product doctrine and any other privilege or immunity available under

17  law or arising from contractual obligation.  Subject to and without waiving the

18  foregoing general and specific objections, IPWW will produce the responsive, non-

19  privileged documents, if any, consistent with its understanding of this request.

20  **Document Request No. 32**

21      All DOCUMENTS identifying any business plans of IP WORLDWIDE,

22  including but not limited to marketing of rights held, solicitation of new business, or

23  plans to sell, lease, license or otherwise transfer rights.

24  **Response to Document Request No. 32**

25      IPWW objects to this request on the grounds that Magistrate Zarefsky

26  specifically denied this request when it was part of DC's original requests (Toberoff

27  Requests Nos. 56-58, IPW Request Nos. 27-31) as "hopelessly overbroad" and as

28  improperly "calling for everything there is about companies with which Mr. Toberoff

DEFENDANT IP WORLDWIDE, LLC'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S AMENDED REQUEST FOR PRODUCTION

EXHIBIT 45
1570

1   has been associated."  Docket No. 262 at 5.  DC's new request is nothing more than

2   an attempt to re-serve its denied requests by dividing it into sub-parts that are still

3   grossly overbroad and encompass wholly irrelevant material.

4          IPWW additionally objects to this request on the grounds that it is compound,

5   overbroad, burdensome and oppressive, as it requests documents relating to any

6   activity IPWW has ever undertaken.  IPWW further objects to this request on the

7   grounds that it is vague and ambiguous, and lacks sufficient precision to allow it to

8   formulate an appropriate response.  IPWW further objects to this request on the

9   grounds that it is indefinite as to time and not reasonably limited in scope.  IPWW

10  further objects to this request to the extent that it seeks the production of any item, or

11  portion thereof, which is not reasonably calculated to lead to the discovery of relevant

12  and admissible evidence.  IPWW s additionally objects to this request to the extent

13  that it seeks communications or items protected by the attorney-client privilege, the

14  joint interest privilege, the attorney work product doctrine and any other privilege or

15  immunity available under law or arising from contractual obligation.

16  **Document Request No. 33**

17         All DOCUMENTS identifying any past, current, or planned property in which

18  IP WORLDWIDE held, holds, or will hold an interest.

19  **Response to Document Request No. 33**

20         IPWW objects to this request on the grounds that Magistrate Zarefsky

21  specifically denied this request when it was part of DC's original requests (Toberoff

22  Requests Nos. 56-58, IPW Request Nos. 27-31) as "hopelessly overbroad" and as

23  improperly "calling for everything there is about companies with which Mr. Toberoff

24  has been associated."  Docket No. 262 at 5.  DC's new request is nothing more than

25  an attempt to re-serve its denied requests by dividing it into sub-parts that are still

26  grossly overbroad and encompass wholly irrelevant material.

27         IPWW additionally objects to this request on the grounds that it is compound,

28  overbroad, burdensome and oppressive, since it requests documents relating to any

property IPWW has ever owned or may own in the future.  IPWW further objects to this request on the grounds that it is vague and ambiguous, and lacks sufficient precision to allow it to formulate an appropriate response.  IPWW further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope.  IPWW further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence.  IPWW s additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.

**Document Request No. 34**

All DOCUMENTS identifying any individual or entity that currently holds property or interests formerly held by IP WORLDWIDE.

**Response to Document Request No. 34**

IPWW objects to this request on the grounds that Magistrate Zarefsky specifically denied this request when it was part of DC's original requests (Toberoff Requests Nos. 56-58, IPW Request Nos. 27-31) as "hopelessly overbroad" and as improperly "calling for everything there is about companies with which Mr. Toberoff has been associated."  Docket No. 262 at 5.  DC's new request is nothing more than an attempt to re-serve its denied requests by dividing it into sub-parts that are still grossly overbroad and encompass wholly irrelevant material.

IPWW additionally objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive.  IPWW further objects to this request on the grounds that it is vague and ambiguous, and lacks sufficient precision to allow it to formulate an appropriate response.  IPWW further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope.  IPWW further objects to this request to the extent that it seeks the production of any item, or

DEFENDANT IP WORLDWIDE, LLC'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S AMENDED REQUEST FOR PRODUCTION

EXHIBIT 45
1572

portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence.  IPWW additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint-interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.

Dated:  July 15, 2011                   KENDALL BRILL & KLIEGER LLP


                                        /s/ Nicholas F. Daum
                                        Nicholas F. Daum

                                        Attorneys for Defendants Marc Toberoff,
                                        Pacific Pictures Corporation, IP
                                        Worldwide, LLC, and IPW, LLC

1  KENDALL BRILL & KLIEGER LLP
   Richard B. Kendall (90072)
2    rkendall@kbkfirm.com
   Laura W. Brill (195889)
3    lbrill@kbkfirm.com
   Nicholas F Daum (236155)
4    ndaum@kbkfirm.com
   10100 Santa Monica Blvd., Suite 1725
5  Los Angeles, California, 90067
   Telephone:   310.556.2700
6  Facsimile:   310.556.2705

7  Attorneys for Defendants Marc Toberoff,
   Pacific Pictures Corporation, IP
8  Worldwide, LL, and IPW, LLC

9           UNITED STATES DISTRICT COURT

10    CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

11  DC COMICS,                        Case No: CV 10-03633 ODW (RZx)

12            Plaintiff,              Hon. Otis D. Wright II, U.S.D.J.
        vs.
13                                    **DEFENDANT IPW, LLC'S
                                      RESPONSE AND OBJECTIONS
14  PACIFIC PICTURES CORPORATION;     TO PLAINTIFF DC COMICS'
    IP WORLDWIDE, LLC; IPW, LLC;      AMENDED REQUEST FOR
15  MARC TOBEROFF, an individual;     PRODUCTION OF
                                      DOCUMENTS**
16  MARK WARREN Peary, as personal
    representative of the ESTATE OF    Complaint Filed:  May 14, 2010
17  JOSEPH SHUSTER; JEAN ADELE        Trial Date:  None Set
    Peavy, an individual; LAURA SIEGEL
18  LARSON, individually and as personal
    representative of the ESTATE OF
19  JOANNE SIEGEL, and DOES 1-10,
    inclusive,
20
21
            Defendants.
22

23

24

25

26

27

28

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

Defendant IPW, LLC ("IPW"), pursuant to the provisions of Rule 34(b)(2) of the Federal Rules of Civil Procedure, makes the following objections to Plaintiff DC Comics' Amended Request for Production of Documents ("Request") that were included in a letter served on June 1, 2011 by plaintiff DC Comics ("Plaintiff"):

## I.

## OBJECTIONS TO THE ENTIRE REQUEST

IPW objects to the entire Request on each of the following grounds and incorporates by reference each of the following objections into its response to each individual category of documents within it:

1.    IPW objects to each individual request within the Request to the extent it is relevant only to the Fourth through Sixth state law claims for relief in DC's First Amended Complaint ("FAC").  Defendants contend that their pending anti-SLAPP motion stays discovery regarding these state law claims, as well as the related Third Claim for Relief.  *See* Cal. Code Civ. Proc. § 425.16(g); *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 130 S. Ct. 1431, 1452 (2010) (Stevens, J., concurring); *Batzel v. Smith*, 333 F.3d 1018, 1024 (9th Cir. 2003); *Godin v. Schencks*, 2010 U.S. App. LEXIS 25980 (1st Cir. Dec. 22, 2010).

2.    To the extent the Request and each document request therein seeks documents concerning any agreement between the Shusters and Siegels to act collectively in negotiations with DC regarding the settlement of their termination claims ("Collective Bargaining"), IPW objects on the following grounds:  the privilege on such agreements was upheld by the Court's April 11, 2011 order. Furthermore, any documents that exist relating to Collective Bargaining contain and memorialize attorney-client privileged communications and attorney work product and reveal sensitive settlement strategy that would give DC an unfair advantage. Moreover, any Collective Bargaining documents were prepared in connection with settlement mediation in the closely related cases *Joanne Siegel, et al. v. Warner Bros.*

*Entertainment Inc., et al.*, Case No. 04-CV-8400 ODW (RZx) and *Joanne Siegel, et al. v. Time Warner Inc., et al.,* Case No. 04-CV-8766 ODW (RZx) (collectively "*Siegel* Litigation") and the use of such information plainly violates the parties' May 1, 2008 JAMS Confidentiality Agreement.

3.      Where applicable, IPW, in responding to each Request, interprets each Request in light of the statements made in DC's July 7, 2011 letter, and DC's revision of the term "RELATING" to mean "refer to or bear on."

4.      IPW objects to the Request and each document request therein to the extent that it seeks the production of any item, or portion thereof, that has already been the subject of motion practice in this case or the Siegel Litigation, and specifically to the extent that the Request seeks discovery barred by the Court's April 11, 2011, May 25, 2011 and/or June 20, 2011 orders.

5.      IPW objects to the Request and each document request therein to the extent that it seeks the production of any item, or portion thereof, comprising or reflecting information transmitted and maintained in confidence between IPW or any person or entity acting on its behalf and for the purpose of obtaining legal advice or representation, on the grounds that such information is protected from disclosure by the attorney-client privilege and the joint-interest privilege.  Such documents will not be produced in response to the request, and any inadvertent production thereof shall not be deemed a waiver of any privilege or doctrine with respect to such documents. With respect to such documents, IPW hereby incorporates by reference the privilege logs served by the Defendants in this action on December 15, 2010, and any logs served by Defendants thereafter.

6.      IPW objects to the Request and each document request therein to the extent that it seeks the production of any item, or portion thereof, comprising or reflecting information with any confidential impression, conclusion, opinion, legal research, or legal theory of counsel for IPW or any other person or entity, on the grounds that such information is protected from disclosure by the attorney work

product doctrine. Such documents will not be produced in response to the request, and any inadvertent production thereof shall not be deemed a waiver of any privilege or doctrine with respect to such documents. With respect to such documents, IPW hereby incorporates by reference the privilege logs served by the Defendants in this action on December 15, 2010.

7.     IPW objects to the Request and each document request therein to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence, on the grounds that it exceeds the permissible scope of discovery delimited by Rule 26(b)(1) of the Federal Rules of Civil Procedure.

8.     IPW objects to the Request and each document request therein to the extent that it seeks the production of any item, or portion thereof, comprising or reflecting any trade secret or other confidential or proprietary information of IPW or any other entity or person.

9.     IPW objects to the Request and each document request therein to the extent that it seeks the production of any item, or portion thereof, which is protected from disclosure by court order, or any privacy or similar rights of any person or entity.

10.     IPW objects to the Request and each document request therein to the extent that it is unduly burdensome, overly broad, imposes extreme hardship, is oppressive and harassing, or would result in the expenditure of unnecessary time and resources.

11.     IPW objects to the Request and each document request therein to the extent that the expense of producing documents outweighs the likely benefit of discovery provided to Plaintiff.

12.     IPW objects to the Request and each document request therein to the extent that it seeks the production of duplicative identical items, or documents or information already in Plaintiff's possession, or by reason of public filing,

1   publication or otherwise are readily accessible to Plaintiff through other means.

2       13.    IPW objects to the Request and each document request therein to the

3   extent that it seeks the production of any item which has been served, filed, or

4   transmitted in the course of this action, on the grounds that such production would be

5   burdensome, oppressive, and unnecessary.

6       14.    IPW objects to the Request and each document request therein to the

7   extent that it seeks the production of any item which has already been produced,

8   served, or filed in the course of the related actions *Joanne Siegel, et al. v. Warner*

9   *Bros. Entertainment Inc., et al.*, Case No. 04-CV-8400 ODW (RZx) and *Joanne*

10  *Siegel, et al. v. Time Warner Inc., et al.,* Case No. 04-CV-8766 ODW (RZx)

11  (collectively "*Siegel* Litigation"), on the grounds that such production would be

12  duplicative, burdensome, oppressive, and unnecessary.

13      15.    In making any document production, IPW will reference by their Bates

14  numbers documents already produced to DC in the *Siegel* Litigation, rather than re-

15  copy and reproduce such documents. IPW will not produce or designate by Bates

16  numbers documents IPW obtained solely as a result of a document production by the

17  other side in the *Siegel* Litigation.

18      16.    Consistent with the agreement governing privilege logs negotiated by

19  the parties concerning plaintiff and other defendants, IPW will not log privileged

20  communications or attorney work-product documents in either this case or the *Siegel*

21  Litigation, that (a) are internal communications by defendants' counsel at the law

22  firms of Toberoff & Associates, P.C. and Kendall Brill & Klieger, L.L.P., or (b)

23  between  Toberoff & Associates P.C and defendants' counsel at the law firm of

24  Kendall, Brill & Klieger LLP.   Logging such documents would constitute an

25  extraordinary interference by DC in the affairs of its opposing counsel in both this

26  action and the ongoing *Siegel* Litigation.

27      17.    IPW objects to the Request and each document request therein to the

28  extent that it seeks the production of any item or document that is not the property of

IPW. IPW will not produce any items or documents that are the property of any other person or entity.

18.    IPW objects to the Request and each document request therein and to the definitions and instructions therein to the extent that they purport to alter or extend IPW's obligations beyond those established by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Central District of California, or any order or ruling by the Court in this action.

19.    IPW objects generally to the definitions of the terms "YOU," "YOUR" and "IPW" as vague and ambiguous, overbroad and unduly burdensome, especially with the respect to the definition's reference to "attorneys". IPW will construe these terms to refer to IPW.

20.    IPW objects generally to the definitions of the terms "DEFENDANT" and "DEFENDANTS" as vague and ambiguous, overbroad and unduly burdensome, especially with the respect to the definition's reference to "attorneys". IPW will construe these terms to refer only to the specific defendants in this action.

21.    IPW objects generally to the definition of the term "SHUSTER HEIRS" as vague and ambiguous, overbroad and unduly burdensome, especially with the respect to the definition's reference to "attorneys". Solely for the purposes of these responses, and for no other purpose, IPW will construe this term to refer only to the Estate of Joseph Shuster, Jean Peavy, Mark Warren Peary, Dawn Peavy and Frank Shuster.

22.    IPW objects generally to the definition of the term "SIEGEL HEIRS" as vague and ambiguous, overbroad and unduly burdensome, especially with the respect to the definition's reference to "attorneys". Solely for the purposes of these responses, and for no other purpose, IPW will construe this term to refer only to Joanne Siegel, Laura Siegel Larson, and Michael Siegel.

23.    IPW reserves the right to revise, amend, supplement or clarify any of the objections set forth herein.

## II.

## DOCUMENTS TO BE PRODUCED

## SPECIFIC RESPONSES TO INDIVIDUAL REQUESTS

**Document Request No. 24**

All DOCUMENTS involved in the formation of IPW, including, articles of organization, operating agreements, minutes, filings, business plans.

**Response to Document Request No. 24**

IPW objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive. IPW objects to this request on the grounds that the phrase "involved in the formation" is vague and ambiguous, and lacks sufficient precision to allow it to formulate an appropriate response. IPW further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. IPW further objects to this request in that it seeks the production of items not reasonably calculated to lead to the discovery of relevant and admissible evidence. IPW objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing general and specific objections, IPW is willing to meet and confer with Plaintiff regarding the tailoring of this request. Plaintiff's modification of this request and explanation of what it seeks by this request in its July 7, 2011 letter do not sufficiently narrow the documents sought by this overbroad request.

**Document Request No. 25**

All DOCUMENTS identifying the current corporate status of IPW.

**Response to Document Request No. 25**

IPW objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive. IPW objects to this request on the grounds that the phrase "identifying the current corporate status" is vague and ambiguous, and lacks

DEFENDANT IPW, LLC'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S AMENDED REQUEST FOR PRODUCTION

EXHIBIT 45
1580

sufficient precision to allow it to formulate an appropriate response. IPW further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. IPW further objects to this request in that it seeks the production of items not reasonably calculated to lead to the discovery of relevant and admissible evidence. IPW objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing general and specific objections, IPW will produce the responsive, non-privileged documents, if any, consistent with its understanding of this request.

**Document Request No. 26**

All DOCUMENTS identifying the past and current ownership and management structure of IPW, including operating agreements, capitalization schedules, capital accounts, shares, filings, and other financial forms.

**Response to Document Request No. 26**

IPW objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive. IPW objects to this request on the grounds that the phrase "identifying the past and current ownership and management structure" is vague and ambiguous, and lacks sufficient precision to allow it to formulate an appropriate response. IPW further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. IPW further objects to this request in that it seeks the production of items not reasonably calculated to lead to the discovery of relevant and admissible evidence. IPW objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing general and specific

1 objections, IPW is willing to meet and confer with Plaintiff regarding the tailoring of
2 this request.  Plaintiff's modification of this request and explanation of what it seeks
3 by this request in its July 7, 2011 letter do not sufficiently narrow the documents
4 sought by this grossly overbroad request.

5 **Document Request No. 27**

6      All DOCUMENTS identifying any business plans of IPW, including but not
7 limited to marketing of rights held, solicitation of new business, or plans to sell,
8 lease, license, or otherwise transfer rights.

9 **Response to Document Request No. 27**

10      IPW objects to this request on the grounds that Magistrate Zarefsky
11 specifically denied this request when it was part of DC's original requests (Toberoff
12 Requests Nos. 56-58, IPW Request Nos. 27-31) as "hopelessly overbroad" and as
13 improperly "calling for everything there is about companies with which Mr. Toberoff
14 has been associated."  Docket No. 262 at 5.  DC's new request is nothing more than
15 an attempt to re-serve its denied requests by dividing it into sub-parts that are still
16 grossly overbroad and encompass wholly irrelevant material.

17      IPW additionally objects to this request on the grounds that it is compound,
18 overbroad, burdensome and oppressive.  IPW further objects to this request on the
19 grounds that it is vague and ambiguous, and lacks sufficient precision to allow it to
20 formulate an appropriate response.  IPW further objects to this request on the grounds
21 that it is indefinite as to time and not reasonably limited in scope.  IPW further
22 objects to this request to the extent that it seeks the production of any item, or portion
23 thereof, which is not reasonably calculated to lead to the discovery of relevant and
24 admissible evidence.  IPW additionally objects to this request to the extent that it
25 seeks communications or items protected by the attorney-client privilege, the joint
26 interest privilege, the attorney work product doctrine and any other privilege or
27 immunity available under law or arising from contractual obligation.
28

DEFENDANT IPW, LLC'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S AMENDED REQUEST FOR PRODUCTION

EXHIBIT 45
1582

**Document Request No. 29**

All DOCUMENTS identifying any individual or entity that currently holds property or interests formerly held by IPW.

**Response to Document Request No. 29**

IPW objects to this request on the grounds that Magistrate Zarefsky specifically denied this request when it was part of DC's original requests (Toberoff Requests Nos. 56-58, IPW Request Nos. 27-31) as "hopelessly overbroad" and as improperly "calling for everything there is about companies with which Mr. Toberoff has been associated." Docket No. 262 at 5. DC's new request is nothing more than an attempt to re-serve its denied requests by dividing it into sub-parts that are still grossly overbroad and encompass wholly irrelevant material.

IPW additionally objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive. IPW further objects to this request on the grounds that it is vague and ambiguous, and lack sufficient precision to allow it to formulate an appropriate response. IPW further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. IPW further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. IPW additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint-interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.

Dated: July 15, 2011                    KENDALL BRILL & KLIEGER LLP


                                        /s/ Nicholas F. Daum
                                        Nicholas F. Daum

                                        Attorneys for Defendants Marc Toberoff,
                                        Pacific Pictures Corporation, IP
                                        Worldwide, LLC, and IPW, LLC

Marc Toberoff (State Bar No. 188547)
  mtoberoff@ipwla.com
Keith G. Adams (State Bar No. 240497)
  kgadams@ipwla.com
TOBEROFF & ASSOCIATES, P.C.
2049 Century Park East, Suite 3630
Los Angeles, California, 90067
Telephone:  (310) 246-3333
Fax:         (310) 246-3101

Attorneys for Defendants Mark Warren
Peary, as personal representative of the
Estate of Joseph Shuster, Jean Adele Peavy,
and Laura Siegel Larson, individually and
as personal representative of the Estate of
Joanne Siegel

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION**

| | |
|---|---|
| DC COMICS,<br><br>              Plaintiff,<br><br>        vs.<br><br>PACIFIC PICTURES CORPORATION; IP WORLDWIDE, LLC; IPW, LLC; MARC TOBEROFF, an individual; MARK WARREN Peary, as personal representative of the ESTATE OF JOSEPH SHUSTER; JEAN ADELE Peavy, an individual; LAURA SIEGEL LARSON, individually and as personal representative of the ESTATE OF JOANNE SIEGEL, and DOES 1-10, inclusive,<br><br>              Defendants. | Case No: CV 10-03633 ODW (RZx)<br><br>Hon. Otis D. Wright II, U.S.D.J.<br>**PROOF OF SERVICE**<br>Complaint Filed:  May 14, 2010<br>Trial Date:  None Set |

PROOF OF SERVICE

EXHIBIT 45
1584

1    **PROOF OF SERVICE**

2    STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3    I am over the age of eighteen years and not a party to the within action; my business address

4    is:  2049 Century Park East, Suite 3630, Los Angeles, California 90067.

5    On July 15, 2011, I served the foregoing documents, described as **(1) Defendant Marc**

6    **Toberoff's Response and Objections to Plaintiff DC Comics' Amended Request For**

7    **Production of Documents, (2) Defendant Pacific Pictures Corporation's Response and**

8    **Objections to Plaintiff DC Comics' Amended Request For Production of Documents  (3)**

9    **Defendant IP Worldwide, LLC's Response and Objections to Plaintiff DC Comics' Amended**

10   **Request For Production of Documents  (4) Defendant IPW, LLC's Response and Objections**

11   **to Plaintiff DC Comics' Amended Request For Production of Documents**, on the interested

12   parties in this action as follows:

13   DANIEL M. PETROCELLI (S.B. #097802)
       dpetrocelli@omm.com

14   MATTHEW T. KLINE (S.B. #211640)
       mkline@omm.com

15   CASSANDRA L. SETO (S.B. #246608)
       cseto@omm.com

16   O'MELVENY & MYERS LLP
     1999 Avenue of the Stars, 7th Floor

17   Los Angeles, CA  90067-6035
     Telephone:  (310) 553-6700

18   Facsimile:     (310) 246-6779

19   **BY E-MAIL:** I certify that the foregoing documents were served via e-mail.

20   I declare under penalty of perjury under the laws of the United States of America that the

21   foregoing is true and correct and that I am employed in the office of a member of the bar of this

22   court at whose direction the service was made.

23   Executed on July 15, 2011, at Los Angeles, California.

24

25   _____

26   Keith G. Adams

27

28