# EXHIBIT 49

1  KENDALL BRILL & KLIEGER LLP
   Richard B. Kendall (90072)
2    *rkendall@kbkfirm.com*
   Laura W. Brill (195889)
3    *lbrill@kbkfirm.com*
   Nicholas F Daum (236155)
4    *ndaum@kbkfirm.com*
   10100 Santa Monica Blvd., Suite 1725
5  Los Angeles, California, 90067
   Telephone:   310.556.2700
6  Facsimile:    310.556.2705

7

8  Attorneys for Defendants Marc Toberoff,
   Pacific Pictures Corporation, IP
   Worldwide, LLC, and IPW, LLC

9

   **UNITED STATES DISTRICT COURT**

10

   **CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION**

11

| | |
|---|---|
| DC COMICS, | Case No: CV 10-03633 ODW (RZx) |
| Plaintiff, | |
| vs. | Hon. Otis D. Wright II, U.S.D.J. |
| | **DEFENDANT PACIFIC PICTURES CORPORATION'S RESPONSE TO PLAINTIFF DC COMICS' FIRST SET OF INTERROGATORIES** |
| PACIFIC PICTURES CORPORATION; IP WORLDWIDE, LLC; IPW, LLC; MARC TOBEROFF, an individual; MARK WARREN Peary, as personal representative of the ESTATE OF JOSEPH SHUSTER; JEAN ADELE PEAVY, an individual; LAURA SIEGEL LARSON, individually and as personal representative of the ESTATE OF JOANNE SIEGEL, and DOES 1-10, inclusive, | Complaint Filed:  May 14, 2010<br>Trial Date:  None Set |
| Defendants. | |

Defendant Pacific Pictures Corporation ("PPC"), by and through its attorneys, responds as follows to the First Set of Interrogatories dated July 1, 2011 (the "Interrogatories") propounded by plaintiff DC Comics ("Plaintiff" or "DC").

**I.**

**<u>GENERAL OBJECTIONS</u>**

PPC objects to the entire set of Interrogatories on each of the following grounds, and incorporates by reference each of the following objections into its response to each individual interrogatory within it:

1.       PPC objects to each Interrogatory to the extent it is relevant to the Fourth through Sixth state law claims for relief in DC's First Amended Complaint ("FAC").  PPC contends that its pending anti-SLAPP motion stays discovery regarding these state law claims. *See* Cal. Code Civ. Proc. § 425.16(g); *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 130 S. Ct. 1431, 1452 (2010) (Stevens, J., concurring); *Batzel v. Smith*, 333 F.3d 1018, 1024 (9th Cir. 2003); *Godin v. Schencks*, 2010 U.S. App. LEXIS 25980 (1st Cir. Dec. 22, 2010).

2.       PPC objects to the Interrogatories generally to the extent they exceed the scope of Rules 26 and 33 of the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the Central District of California.

3.       PPC objects to the Interrogatories to the extent that they purport to demand information protected from disclosure by the attorney-client privilege, joint interest privilege, attorney work product doctrine or any other privileges or immunities provided by the rules of this Court, statute or agreement.  Inadvertent disclosure of any information subject to any applicable privilege or doctrine is not intended to be and shall not operate as a waiver of any such privilege or doctrine, in whole or in part; nor is any such inadvertent disclosure intended to be, nor shall it constitute, a waiver of the right to object to any use of such information.

4.       PPC objects to the Interrogatories to the extent that they seek information comprising or reflecting any trade secret or other confidential or

proprietary information of PPC or any other entity or person.

5.     PPC objects to the Interrogatories to the extent that they seek information which is protected from disclosure by court order, or any privacy or similar rights of any person or entity.

6.     PPC objects to the Interrogatories to the extent that they seek information and/or documents already in the possession of the propounding party on the grounds such interrogatories are unnecessary and unduly oppressive and burdensome.

7.     PPC objects generally to the definitions of the terms "YOU" and "YOUR" as vague and ambiguous, overbroad and unduly burdensome.  PPC will construe these terms to refer to PPC.

8.     PPC objects to the Interrogatories to the extent that they are vague or indefinite with respect to the information sought, or are overbroad and unduly burdensome.

9.     PPC objects to the Interrogatories to the extent that they seek information which is neither relevant to the subject matter of the pending litigation nor reasonably calculated to lead to the discovery of admissible evidence.

10.     No incidental or implied admissions are intended by PPC's responses to the Interrogatories.  The supplying of any fact does not constitute an admission by PPC that such fact is relevant or admissible.  The fact that PPC has responded to any interrogatory is not intended to be and shall not be construed as a waiver by PPC of all or any part of any objection to any interrogatory.  PPC reserves until the time of trial all objections as to the relevance or admissibility of any facts provided in its answers to the Interrogatories.

11.     The general and specific objections set forth herein are based on information now available to PPC and PPC reserves the right to revise, correct, add, clarify or supplement the general and specific objections and responses set forth herein.

## II.

## RESPONSES TO INTERROGATORIES

Subject to, and without waiving the General Objections and qualifications above, PPC responds to each individual Interrogatory as follows:

**Interrogatory No. 1**

DESCRIBE in detail all efforts YOU have made to MARKET any rights involving SUPERMAN and/or SUPERBOY.

**Response to Interrogatory No. 1**

PPC objects to this interrogatory on the grounds that it is overbroad, burdensome and oppressive. PPC further objects to this request on the grounds that it is not reasonably limited in scope. PPC objects to this request to the extent that it seeks information which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. PPC additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing general and specific objections, PPC responds, without limitation, as follows:

None.

**Interrogatory No. 2**

IDENTIFY any PERSONS with whom YOU have COMMUNICATED in connection with efforts to MARKET any rights involving SUPERMAN and/or SUPERBOY.

**Response to Interrogatory No. 2**

PPC objects to this interrogatory on the grounds that it is overbroad, burdensome and oppressive. PPC further objects to this request on the grounds that it is not reasonably limited in scope. PPC objects to this request to the extent that it seeks information which is not reasonably calculated to lead to the discovery of

DEFENDANT PACIFIC PICTURES CORPORATION'S RESPONSE
TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

EXHIBIT 49
1653

relevant and admissible evidence.  PPC additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing general and specific objections, PPC responds, without limitation, as follows:

None.

**Interrogatory No. 3**

DESCRIBE in detail when any efforts YOU have made to MARKET any rights involving SUPERMAN and/or SUPERBOY took place.

**Response to Interrogatory No. 3**

PPC objects to this interrogatory on the grounds that it is overbroad, burdensome and oppressive.  PPC further objects to this request on the grounds that it is not reasonably limited in scope.  PPC objects to this request to the extent that it seeks information which is not reasonably calculated to lead to the discovery of relevant and admissible evidence.  PPC additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing general and specific objections, PPC responds, without limitation, as follows:

None.

**Interrogatory No. 4**

DESCRIBE in detail all COMMUNICATIONS YOU have had with actual or potential INVESTORS concerning rights involving SUPERMAN and/or SUPERBOY.

**Response to Interrogatory No. 4**

PPC objects to this interrogatory on the grounds that it is overbroad,

burdensome and oppressive.  PPC further objects to this request on the grounds that it is not reasonably limited in scope.  PPC objects to this request to the extent that it seeks information which is not reasonably calculated to lead to the discovery of relevant and admissible evidence.  PPC additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing general and specific objections, PPC responds, without limitation, as follows:

None.

**Interrogatory No. 5**

IDENTIFY any PERSON with whom YOU have COMMUNICATED concerning actual and/or potential INVESTORS in rights involving SUPERMAN and/or SUPERBOY.

**Response to Interrogatory No. 5**

PPC objects to this interrogatory on the grounds that it is overbroad, burdensome and oppressive.  PPC further objects to this request on the grounds that it is not reasonably limited in scope.  PPC objects to this request to the extent that it seeks information which is not reasonably calculated to lead to the discovery of relevant and admissible evidence.  PPC additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing general and specific objections, PPC responds, without limitation, as follows:

None.

**Interrogatory No. 6**

DESCRIBE in detail when YOU have COMMUNICATED with actual or

5

DEFENDANT PACIFIC PICTURES CORPORATION'S RESPONSE
TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

EXHIBIT 49
1655

1   potential INVESTORS concerning rights involving SUPERMAN and/or

2   SUPERBOY.

3   **Response to Interrogatory No. 6**

4          PPC objects to this interrogatory on the grounds that it is overbroad,

5   burdensome and oppressive.  PPC further objects to this request on the grounds that it

6   is not reasonably limited in scope.  PPC objects to this request to the extent that it

7   seeks information which is not reasonably calculated to lead to the discovery of

8   relevant and admissible evidence.  PPC additionally objects to this request to the

9   extent that it seeks communications or items protected by the attorney-client

10  privilege, the attorney work product doctrine and any other privilege or immunity

11  available under law or arising from contractual obligation.  Subject to and without

12  waiving the foregoing general and specific objections, PPC responds, without

13  limitation, as follows:

14         None.

15  Dated:  August 1, 2011                     KENDALL BRILL & KLIEGER LLP

16

17                                             /s/ Nicholas F. Daum
                                               Nicholas F. Daum

18

19                                             Attorneys for Defendants Marc Toberoff,
                                               Pacific Pictures Corporation, IP
20                                             Worldwide, LLC, and IPW, LLC

21

22

23

24

25

26

27

28

DEFENDANT PACIFIC PICTURES CORPORATION'S RESPONSE
TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

EXHIBIT 49
1656

1

## **VERIFICATION**

2      I declare under penalty of perjury that on information and belief the facts set

3 forth in the foregoing answers to the Interrogatories are true to the best of my present

4 knowledge and belief.

5 DATED:  August 1, 2011

6

7  Marc Toberoff                                      _____
   Print Name of Signatory                    Signature

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT PACIFIC PICTURES CORPORATION'S RESPONSE
TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

EXHIBIT 49
1657

1  KENDALL BRILL & KLIEGER LLP
   Richard B. Kendall (90072)
2    *rkendall@kbkfirm.com*
   Laura W. Brill (195889)
3    *lbrill@kbkfirm.com*
   Nicholas F Daum (236155)
4    *ndaum@kbkfirm.com*
   10100 Santa Monica Blvd., Suite 1725
5  Los Angeles, California, 90067
   Telephone:   310.556.2700
6  Facsimile:   310.556.2705

7
   Attorneys for Defendants Marc Toberoff,
8  Pacific Pictures Corporation, IP
   Worldwide, LLC, and IPW, LLC
9

10                **UNITED STATES DISTRICT COURT**

11        **CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION**

| | |
|---|---|
| 11  DC COMICS, | Case No: CV 10-03633 ODW (RZx) |
| 12              Plaintiff, | Hon. Otis D. Wright II, U.S.D.J. |
| 13        vs. | **DEFENDANT IPW, LLC'S RESPONSE TO PLAINTIFF DC COMICS' FIRST SET OF INTERROGATORIES** |
| 14  PACIFIC PICTURES CORPORATION; | |
| 15  IP WORLDWIDE, LLC; IPW, LLC; | Complaint Filed:  May 14, 2010 |
| 16  MARK WARREN Peary, as personal | Trial Date:  None Set |
| 17  representative of the ESTATE OF | |
| 18  JOSEPH SHUSTER; JEAN ADELE | |
| 19  PEAVY, an individual; LAURA | |
| 20  SIEGEL LARSON, individually and as | |
| 21  personal representative of the ESTATE | |
|     OF JOANNE SIEGEL, | |
|     and DOES 1-10, inclusive, | |
| 22              Defendants. | |

23

24

25

26

27

28

EXHIBIT 49
1658

1    Defendant IPW, LLC ("IPW"), by and through its attorneys, responds as

2    follows to the First Set of Interrogatories dated July 1, 2011 (the "Interrogatories")

3    propounded by plaintiff DC Comics ("Plaintiff" or "DC").

**I.**

**<u>GENERAL OBJECTIONS</u>**

6    IPW objects to the entire set of Interrogatories on each of the following

7    grounds, and incorporates by reference each of the following objections into its

8    response to each individual interrogatory within it:

9    1.    IPW objects to each Interrogatory to the extent it is relevant to the

10    Fourth through Sixth state law claims for relief in DC's First Amended Complaint

11    ("FAC").  IPW contends that its pending anti-SLAPP motion stays discovery

12    regarding these state law claims. *See* Cal. Code Civ. Proc. § 425.16(g); *Shady Grove*

13    *Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 130 S. Ct. 1431, 1452 (2010) (Stevens,

14    J., concurring); *Batzel v. Smith*, 333 F.3d 1018, 1024 (9th Cir. 2003); *Godin v.*

15    *Schencks*, 2010 U.S. App. LEXIS 25980 (1st Cir. Dec. 22, 2010).

16    2.    IPW objects to the Interrogatories generally to the extent they exceed the

17    scope of Rules 26 and 33 of the Federal Rules of Civil Procedure or the Local Rules

18    of the United States District Court for the Central District of California.

19    3.    IPW objects to the Interrogatories to the extent that they purport to

20    demand information protected from disclosure by the attorney-client privilege, joint

21    interest privilege, attorney work product doctrine or any other privileges or

22    immunities provided by the rules of this Court, statute or agreement.  Inadvertent

23    disclosure of any information subject to any applicable privilege or doctrine is not

24    intended to be and shall not operate as a waiver of any such privilege or doctrine, in

25    whole or in part; nor is any such inadvertent disclosure intended to be, nor shall it

26    constitute, a waiver of the right to object to any use of such information.

27    4.    IPW objects to the Interrogatories to the extent that they seek

28    information comprising or reflecting any trade secret or other confidential or

proprietary information of IPW or any other entity or person.

5.     IPW objects to the Interrogatories to the extent that they seek information which is protected from disclosure by court order, or any privacy or similar rights of any person or entity.

6.     IPW objects to the Interrogatories to the extent that they seek information and/or documents already in the possession of the propounding party on the grounds such interrogatories are unnecessary and unduly oppressive and burdensome.

7.     IPW objects generally to the definitions of the terms "YOU" and "YOUR" as vague and ambiguous, overbroad and unduly burdensome.  IPW will construe these terms to refer to IPW.

8.     IPW objects to the Interrogatories to the extent that they are vague or indefinite with respect to the information sought, or are overbroad and unduly burdensome.

9.     IPW objects to the Interrogatories to the extent that they seek information which is neither relevant to the subject matter of the pending litigation nor reasonably calculated to lead to the discovery of admissible evidence.

10.     No incidental or implied admissions are intended by IPW's responses to the Interrogatories.  The supplying of any fact does not constitute an admission by IPW that such fact is relevant or admissible.  The fact that IPW has responded to any interrogatory is not intended to be and shall not be construed as a waiver by IPW of all or any part of any objection to any interrogatory.  IPW reserves until the time of trial all objections as to the relevance or admissibility of any facts provided in its answers to the Interrogatories.

11.     The general and specific objections set forth herein are based on information now available to IPW and IPW reserves the right to revise, correct, add, clarify or supplement the general and specific objections and responses set forth herein.

## II.

## RESPONSES TO INTERROGATORIES

Subject to, and without waiving the General Objections and qualifications above, IPW responds to each individual Interrogatory as follows:

**Interrogatory No. 1**

DESCRIBE in detail all efforts YOU have made to MARKET any rights involving SUPERMAN and/or SUPERBOY.

**Response to Interrogatory No. 1**

IPW objects to this interrogatory on the grounds that it is overbroad, burdensome and oppressive. IPW further objects to this request on the grounds that it is not reasonably limited in scope. IPW objects to this request to the extent that it seeks information which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. IPW additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing general and specific objections, IPW responds, without limitation, as follows:

None.

**Interrogatory No. 2**

IDENTIFY any PERSONS with whom YOU have COMMUNICATED in connection with efforts to MARKET any rights involving SUPERMAN and/or SUPERBOY.

**Response to Interrogatory No. 2**

IPW objects to this interrogatory on the grounds that it is overbroad, burdensome and oppressive. IPW further objects to this request on the grounds that it is not reasonably limited in scope. IPW objects to this request to the extent that it seeks information which is not reasonably calculated to lead to the discovery of

relevant and admissible evidence. IPW additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing general and specific objections, IPW responds, without limitation, as follows:

None.

**Interrogatory No. 3**

DESCRIBE in detail when any efforts YOU have made to MARKET any rights involving SUPERMAN and/or SUPERBOY took place.

**Response to Interrogatory No. 3**

IPW objects to this interrogatory on the grounds that it is overbroad, burdensome and oppressive. IPW further objects to this request on the grounds that it is not reasonably limited in scope. IPW objects to this request to the extent that it seeks information which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. IPW additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing general and specific objections, IPW responds, without limitation, as follows:

None.

**Interrogatory No. 4**

DESCRIBE in detail all COMMUNICATIONS YOU have had with actual or potential INVESTORS concerning rights involving SUPERMAN and/or SUPERBOY.

**Response to Interrogatory No. 4**

IPW objects to this interrogatory on the grounds that it is overbroad,

1  burdensome and oppressive.  IPW further objects to this request on the grounds that it

2  is not reasonably limited in scope.  IPW objects to this request to the extent that it

3  seeks information which is not reasonably calculated to lead to the discovery of

4  relevant and admissible evidence.  IPW additionally objects to this request to the

5  extent that it seeks communications or items protected by the attorney-client

6  privilege, the attorney work product doctrine and any other privilege or immunity

7  available under law or arising from contractual obligation.  Subject to and without

8  waiving the foregoing general and specific objections, IPW responds, without

9  limitation, as follows:

10       None.

11  **Interrogatory No. 5**

12       IDENTIFY any PERSON with whom YOU have COMMUNICATED

13  concerning actual and/or potential INVESTORS in rights involving SUPERMAN

14  and/or SUPERBOY.

15  **Response to Interrogatory No. 5**

16       IPW objects to this interrogatory on the grounds that it is overbroad,

17  burdensome and oppressive.  IPW further objects to this request on the grounds that it

18  is not reasonably limited in scope.  IPW objects to this request to the extent that it

19  seeks information which is not reasonably calculated to lead to the discovery of

20  relevant and admissible evidence.  IPW additionally objects to this request to the

21  extent that it seeks communications or items protected by the attorney-client

22  privilege, the attorney work product doctrine and any other privilege or immunity

23  available under law or arising from contractual obligation.  Subject to and without

24  waiving the foregoing general and specific objections, IPW responds, without

25  limitation, as follows:

26       None.

27  **Interrogatory No. 6**

28       DESCRIBE in detail when YOU have COMMUNICATED with actual or

1   potential INVESTORS concerning rights involving SUPERMAN and/or

2   SUPERBOY.

3   **Response to Interrogatory No. 6**

4          IPW objects to this interrogatory on the grounds that it is overbroad,

5   burdensome and oppressive.  IPW further objects to this request on the grounds that it

6   is not reasonably limited in scope.  IPW objects to this request to the extent that it

7   seeks information which is not reasonably calculated to lead to the discovery of

8   relevant and admissible evidence.  IPW additionally objects to this request to the

9   extent that it seeks communications or items protected by the attorney-client

10  privilege, the attorney work product doctrine and any other privilege or immunity

11  available under law or arising from contractual obligation.  Subject to and without

12  waiving the foregoing general and specific objections, IPW responds, without

13  limitation, as follows:

14         None.

15   Dated:  August 1, 2011              KENDALL BRILL & KLIEGER LLP

16

17                                      /s/ Nicholas F. Daum
                                        Nicholas F. Daum

18

19                                      Attorneys for Defendants Marc Toberoff,
                                        Pacific Pictures Corporation, IP
20                                      Worldwide, LLC, and IPW, LLC

21

22

23

24

25

26

27

28

DEFENDANT IPW, LLC'S RESPONSE
TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

EXHIBIT 49
1664

1

## **<u>VERIFICATION</u>**

2      I declare under penalty of perjury that on information and belief the facts set

3 forth in the foregoing answers to the Interrogatories are true to the best of my present

4 knowledge and belief.

5
DATED:  August 1, 2011
6

7  Marc Toberoff
Print Name of Signatory                              Signature
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  KENDALL BRILL & KLIEGER LLP
   Richard B. Kendall (90072)
2    rkendall@kbkfirm.com
   Laura W. Brill (195889)
3    lbrill@kbkfirm.com
   Nicholas F Daum (236155)
4    ndaum@kbkfirm.com
   10100 Santa Monica Blvd., Suite 1725
5  Los Angeles, California, 90067
   Telephone:   310.556.2700
6  Facsimile:   310.556.2705

7
   Attorneys for Defendants Marc Toberoff,
8  Pacific Pictures Corporation, IP
   Worldwide, LLC, and IPW, LLC

9
                **UNITED STATES DISTRICT COURT**
10
            **CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION**
11

12 | DC COMICS, | Case No: CV 10-03633 ODW (RZx) |
   |            |                                |

13 |            Plaintiff, | Hon. Otis D. Wright II, U.S.D.J. |

14 |        vs. | **DEFENDANT IP WORLDWIDE, LLC'S RESPONSE TO PLAINTIFF DC COMICS' FIRST SET OF INTERROGATORIES** |

15 | PACIFIC PICTURES CORPORATION; |
   | IP WORLDWIDE, LLC; IPW, LLC; |

16 | MARC TOBEROFF, an individual; | Complaint Filed:  May 14, 2010 |
   | MARK WARREN Peary, as personal | Trial Date:  None Set |

17 | representative of the ESTATE OF |

18 | JOSEPH SHUSTER; JEAN ADELE |
   | PEAVY, an individual; LAURA |

19 | SIEGEL LARSON, individually and as |

20 | personal representative of the ESTATE |
   | OF JOANNE SIEGEL, |

21 | and DOES 1-10, inclusive, |

22 |            Defendants. |

23

24

25

26

27

28

EXHIBIT 49
1666

Defendant IP Worldwide, LLC ("IPWW"), by and through its attorneys, responds as follows to the First Set of Interrogatories dated July 1, 2011 (the "Interrogatories") propounded by plaintiff DC Comics ("Plaintiff" or "DC").

**I.**

**GENERAL OBJECTIONS**

IPWW objects to the entire set of Interrogatories on each of the following grounds, and incorporates by reference each of the following objections into its response to each individual interrogatory within it:

1.      IPWW objects to each Interrogatory to the extent it is relevant to the Fourth through Sixth state law claims for relief in DC's First Amended Complaint ("FAC").  IPWW contends that its pending anti-SLAPP motion stays discovery regarding these state law claims. *See* Cal. Code Civ. Proc. § 425.16(g); *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 130 S. Ct. 1431, 1452 (2010) (Stevens, J., concurring); *Batzel v. Smith*, 333 F.3d 1018, 1024 (9th Cir. 2003); *Godin v. Schencks*, 2010 U.S. App. LEXIS 25980 (1st Cir. Dec. 22, 2010).

2.      IPWW objects to the Interrogatories generally to the extent they exceed the scope of Rules 26 and 33 of the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the Central District of California.

3.      IPWW objects to the Interrogatories to the extent that they purport to demand information protected from disclosure by the attorney-client privilege, joint interest privilege, attorney work product doctrine or any other privileges or immunities provided by the rules of this Court, statute or agreement.  Inadvertent disclosure of any information subject to any applicable privilege or doctrine is not intended to be and shall not operate as a waiver of any such privilege or doctrine, in whole or in part; nor is any such inadvertent disclosure intended to be, nor shall it constitute, a waiver of the right to object to any use of such information.

4.      IPWW objects to the Interrogatories to the extent that they seek information comprising or reflecting any trade secret or other confidential or

proprietary information of IPWW or any other entity or person.

5.      IPWW objects to the Interrogatories to the extent that they seek information which is protected from disclosure by court order, or any privacy or similar rights of any person or entity.

6.      IPWW objects to the Interrogatories to the extent that they seek information and/or documents already in the possession of the propounding party on the grounds such interrogatories are unnecessary and unduly oppressive and burdensome.

7.      IPWW objects generally to the definitions of the terms "YOU" and "YOUR" as vague and ambiguous, overbroad and unduly burdensome.  IPWW will construe these terms to refer to IPWW.

8.      IPWW objects to the Interrogatories to the extent that they are vague or indefinite with respect to the information sought, or are overbroad and unduly burdensome.

9.      IPWW objects to the Interrogatories to the extent that they seek information which is neither relevant to the subject matter of the pending litigation nor reasonably calculated to lead to the discovery of admissible evidence.

10.      No incidental or implied admissions are intended by IPWW's responses to the Interrogatories.  The supplying of any fact does not constitute an admission by IPWW that such fact is relevant or admissible.  The fact that IPWW has responded to any interrogatory is not intended to be and shall not be construed as a waiver by IPWW of all or any part of any objection to any interrogatory.  IPWW reserves until the time of trial all objections as to the relevance or admissibility of any facts provided in its answers to the Interrogatories.

11.      The general and specific objections set forth herein are based on information now available to IPWW and IPWW reserves the right to revise, correct, add, clarify or supplement the general and specific objections and responses set forth herein.

## II.

## RESPONSES TO INTERROGATORIES

Subject to, and without waiving the General Objections and qualifications above, IPWW responds to each individual Interrogatory as follows:

**Interrogatory No. 1**

DESCRIBE in detail all efforts YOU have made to MARKET any rights involving SUPERMAN and/or SUPERBOY.

**Response to Interrogatory No. 1**

IPWW objects to this interrogatory on the grounds that it is overbroad, burdensome and oppressive.  IPWW further objects to this request on the grounds that it is not reasonably limited in scope.  IPWW objects to this request to the extent that it seeks information which is not reasonably calculated to lead to the discovery of relevant and admissible evidence.  IPWW additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing general and specific objections, IPWW responds, without limitation, as follows:

Ari Emanuel and Marc Toberoff engaged in negotiations with Warner Bros. Entertainment Inc. regarding the sale and/or license of Joanne Siegel and Laura Siegel Larson's (the "Siegels") rights in Superman and Superboy to Warner.  Warner proposed terms that were virtually identical to its settlement proposal to the Siegels in 2001-2002.  The Siegels once again rejected such proposals.

**Interrogatory No. 2**

IDENTIFY any PERSONS with whom YOU have COMMUNICATED in connection with efforts to MARKET any rights involving SUPERMAN and/or SUPERBOY.

**Response to Interrogatory No. 2**

IPWW objects to this interrogatory on the grounds that it is overbroad, burdensome and oppressive.  IPWW further objects to this request on the grounds that it is not reasonably limited in scope.  IPWW objects to this request to the extent that it seeks information which is not reasonably calculated to lead to the discovery of relevant and admissible evidence.  IPWW additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing general and specific objections, IPWW responds, without limitation, as follows:

Warner Bros. Entertainment Inc. and its then General Counsel, John Schulman, 4000 Warner Boulevard, Burbank, California, 91522.

Laura Siegel Larson, 6400 Pacific Avenue, Suite 106, Playa del Rey, CA 90293.

Joanne Siegel, deceased.

**Interrogatory No. 3**

DESCRIBE in detail when any efforts YOU have made to MARKET any rights involving SUPERMAN and/or SUPERBOY took place.

**Response to Interrogatory No. 3**

IPWW objects to this interrogatory on the grounds that it is overbroad, burdensome and oppressive.  IPWW further objects to this request on the grounds that it is not reasonably limited in scope.  IPWW objects to this request to the extent that it seeks information which is not reasonably calculated to lead to the discovery of relevant and admissible evidence.  IPWW additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing general and specific objections, IPWW responds, without

DEFENDANT IP WORLDWIDE, LLC'S RESPONSE
TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

EXHIBIT 49
1670

1  limitation, as follows:

2       From 2003 through September 2004, mostly in July-early September 2004.

3  **Interrogatory No. 4**

4       DESCRIBE in detail all COMMUNICATIONS YOU have had with actual or

5  potential INVESTORS concerning rights involving SUPERMAN and/or

6  SUPERBOY.

7  **Response to Interrogatory No. 4**

8       IPWW objects to this interrogatory on the grounds that it is overbroad,

9  burdensome and oppressive.  IPWW further objects to this request on the grounds

10  that it is not reasonably limited in scope.  IPWW objects to this request to the extent

11  that it seeks information which is not reasonably calculated to lead to the discovery

12  of relevant and admissible evidence.  IPWW additionally objects to this request to the

13  extent that it seeks communications or items protected by the attorney-client

14  privilege, the attorney work product doctrine and any other privilege or immunity

15  available under law or arising from contractual obligation.  Subject to and without

16  waiving the foregoing general and specific objections, IPWW responds, without

17  limitation, as follows:

18       None.

19  **Interrogatory No. 5**

20       IDENTIFY any PERSON with whom YOU have COMMUNICATED

21  concerning actual or potential INVESTORS in rights involving SUPERMAN and/or

22  SUPERBOY.

23  **Response to Interrogatory No. 5**

24       IPWW objects to this interrogatory on the grounds that it is overbroad,

25  burdensome and oppressive.  IPWW further objects to this request on the grounds

26  that it is not reasonably limited in scope.  IPWW objects to this request to the extent

27  that it seeks information which is not reasonably calculated to lead to the discovery

28  of relevant and admissible evidence.  IPWW additionally objects to this request to the

5

DEFENDANT IP WORLDWIDE, LLC'S RESPONSE
TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

EXHIBIT 49
1671

1  extent that it seeks communications or items protected by the attorney-client

2  privilege, the attorney work product doctrine and any other privilege or immunity

3  available under law or arising from contractual obligation. Subject to and without

4  waiving the foregoing general and specific objections, IPWW responds, without

5  limitation, as follows:

6      None.

7  **Interrogatory No. 6**

8      DESCRIBE in detail when YOU have COMMUNICATED with actual or

9  potential INVESTORS concerning rights involving SUPERMAN and/or

10  SUPERBOY.

11  **Response to Interrogatory No. 6**

12      IPWW objects to this interrogatory on the grounds that it is overbroad,

13  burdensome and oppressive. IPWW further objects to this request on the grounds

14  that it is not reasonably limited in scope. IPWW objects to this request to the extent

15  that it seeks information which is not reasonably calculated to lead to the discovery

16  of relevant and admissible evidence. IPWW additionally objects to this request to the

17  extent that it seeks communications or items protected by the attorney-client

18  privilege, the attorney work product doctrine and any other privilege or immunity

19  available under law or arising from contractual obligation. Subject to and without

20  waiving the foregoing general and specific objections, IPWW responds, without

21  limitation, as follows:

22      None.

23  Dated: August 1, 2011                KENDALL BRILL & KLIEGER LLP

24

25                                        /s/ Nicholas F. Daum
                                          Nicholas F. Daum

26

27                                        Attorneys for Defendants Marc Toberoff,
                                          Pacific Pictures Corporation, IP
28                                        Worldwide, LLC, and IPW, LLC

EXHIBIT 49
1672

1

## **VERIFICATION**

2      I declare under penalty of perjury that on information and belief the facts set

3   forth in the foregoing answers to the Interrogatories are true to the best of my present

4   knowledge and belief.

5   DATED:  August 1, 2011

6

7    Marc Toberoff

Print Name of Signatory                                    Signature

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT IP WORLDWIDE, LLC'S RESPONSE
TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

EXHIBIT 49
1673