# EXHIBIT 58

| Source | Finding |
|---|---|
| Case No. 04-8776, Docket No. 125 Ex. S at 308. | "All the art work for the SUPERBOY releases was prepared by plaintiff SHUSTER under the direction of DETECTIVE COMICS, INC." |
| Case No. 04-8776, Docket No. 151 at 4. | "The illustrations for the first Superboy comic strip were done by Shuster at the direction of Detective Comics." |
| Case No. 04-8776, Docket No. 151 at 56. | "[T]here are indications that, when Siegel created the Superboy submissions, he envisioned those submissions as part of a unitary comic strip incorporating Shuster's artwork. The proposed script Siegel submitted for the Superboy comic itself, in the same way as all the other Siegel and Shuster comics were presented, contained the by-line crediting its authorship to 'Jerry Siegel and Joe Shuster.' Such shared billing in Siegel's submission is strong evidence of the intent to create a joint work." |
| Case No. 04-8776, Docket No. 151 at 56-57. | "Superboy's appeal to the public was not only in reading the harrowing tales of the superhero's exploits but also in the colorful imagery Shuster provided to grip the reader's imagination. … This evidence also supports a conclusion that Superboy is a joint work." |
| Case No. 04-8776, Docket No. 151 at 57. | "[Plaintiffs] seek to side-step the issue by arguing that the referee's finding that Siegel was 'the originator and sole owner' of Superboy forecloses further discussion of whether the copyright to the creation of the same was a joint work. Plaintiffs' reliance on the referee's finding is misplaced. The referee was simply signifying that, as between Siegel and Detective Comics, Siegel was the sole owner and originator to the same. The question (and the ramifications flowing from the same) as to Shuster's authorship of the Superboy material was not presented to the referee to decide." |
| Case No. 04-8776, Docket No. 151 at 62. | "[W]ere the Court to hold that Siegel alone is entitled to the copyright to and all the profits realized from Superboy because of Detective Comic's 'theft' from Shuster, the Court would be placing Siegel—the party whose copyright rights were unaffected by the publisher's contract—in a superior position than that which even he envisioned to possess, all to the denigration of the contribution (and the rights thereto) Shuster supplied to the joint work." |
| Case No. 04-8776, Docket No. 151 at 62. | "The one factor preventing the Court from finding that Siegel's Superboy submissions were contributions to a joint work with Shuster's illustrations in the Superboy comic is the unresolved issue (see infra III.D.) of whether there was in fact any original copyrightable material in Siegel's Superboy submissions. … At a minimum, there must be some copyrightable material in Siegel's Superboy submissions, otherwise that material could not have formed a predicate contribution to render Superboy a joint work." |



EXHIBIT 13

EXHIBIT 58
2079