Marc Toberoff (State Bar No. 188547)
  mtoberoff@ipwla.com
Keith G. Adams (State Bar No. 240497)
  kgadams@ipwla.com
TOBEROFF & ASSOCIATES, P.C.
2049 Century Park East, Suite 3630
Los Angeles, California, 90067
Telephone:   (310) 246-3333
Fax:         (310) 246-3101

Attorneys for Defendants Mark Warren
Peary, as personal representative of the Estate
of Joseph Shuster, Jean Adele Peavy and
Laura Siegel Larson

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| DC COMICS,<br><br>              Plaintiff,<br><br>      v.<br><br>PACIFIC PICTURES CORPORATION, IP WORLDWIDE, LLC, IPW, LLC, MARC TOBEROFF, an individual, MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER, JEAN ADELE PEAVY, an individual, LAURA SIEGEL LARSON, individually and as personal representative of the ESTATE OF JOANNE SIEGEL, and DOES 1-10, inclusive,<br><br>              Defendants. | Case No: CV 10-03633 ODW (RZx)<br><br>Hon. Otis D. Wright II, U.S.D.J.<br><br>**DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI IN SUPPORT OF DC COMICS' UPDATED, INITIAL OPPOSITION TO DEFENDANTS' RENEWED MOTION TO STRIKE UNDER CALIFORNIA'S ANTI-SLAPP STATUTE**<br><br>*Re: Anti-SLAPP Motion to Strike (Docket No. 145) Pursuant to the Court's June 1, 2011 Order (Docket No. 270)*<br><br>*Reply Brief and Declarations of Marc Toberoff and Kevin Marks filed concurrently*<br><br>Complaint Filed:   May 14, 2010<br>Discovery Cut-Off:  None Set<br>Trial Date:        None Set |

Defendants respectfully submit the following Evidentiary Objections to the Declaration of Daniel M. Petrocelli ("Petrocelli") in Support of DC Comics' Initial Opposition to Defendants' Motions to Dismiss and to Strike Under California's Anti-SLAPP Statute ("Declaration" or "Petrocelli Decl."). Defendants respectfully object and move to strike the designated portions of the Declaration and other evidence set forth below for the reason that said portions violate the Federal Rules of Evidence and/or constitute improper testimony.

### General Objections

1.    It is rare for an attorney's declaration to so flagrantly violate the basic rules of evidence, privilege, and common decency. This Declaration litters the record with inadmissible and unreliable hearsay derived from the so-called "Toberoff Timeline" ("Timeline") on which DC purported to base its complaint: a mudslinging screed penned by a junior lawyer who worked for Mr. Toberoff for just three months, long after the events in question, and then (i) *stole* privileged documents, (ii) authored a series of false accusations to persuade the Siegels to fire Toberoff and hire him, (iii) met with the Siegels but failed in this endeavor, and then, (iv) contrary to the interests of his former clients, sent their privileged documents and his grossly unethical rant to the adverse party's legal team. *See* Petrocelli Decl., ¶¶ 30-31, 120; pgs. 61, 63-64. This worthless garbage, on which no attorney of sound judgment should rely, is contradicted by the sworn testimony of every percipient witness to the events in question, and is wholly unsupported by the record. That sworn testimony proves that numerous statements in Petrocelli's Declaration are completely false, yet Petrocelli, who lacks any personal knowledge, repeats these falsehoods while ignoring the evidence that has governed this litigation since 2006.

2.    Remarkably, the Declaration includes not a single piece of admissible evidence to support the key factual allegations of DC's complaint against the Siegels' and Shusters' long-time counsel, Marc Toberoff, *i.e.*, that he misrepresented a financial offer or that he offered to produce a competing Superman movie based on the Siegels'

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

1    recaptured copyrights.  As Petrocelli well knows, the sworn testimony of percipient

2    witnesses in the seven-year-old *Siegel* litigation is to the contrary.  *See, e.g.,* Docket

3    No. 196 at 5-6; No. 196-3.  Yet Petrocelli, an officer of the Court, repeatedly accuses

4    Mr. Toberoff of fraud without any evidence and lards his Declaration and DC's

5    oppositions with unseemly *ad hominem* attacks on Mr. Toberoff based on irrelevant

6    hearsay (*e.g*., gossip in a magazine article).  This shameful character assassination of

7    Mr. Toberoff repeated throughout the Declaration and opposition papers deserves no

8    credence whatsoever, and should be stricken.  It is highly improper to bring a lawsuit

9    for the purpose of destroying the reputation of opposing counsel due to his effective

10   advocacy.  That virtually everything in the Declaration is objectionable and

11   inadmissible and/or irrelevant is noteworthy for one thing only:  it shows that this

12   tactical smear campaign in the guise of a lawsuit is covered by California's Anti-

13   SLAPP statute, as its purpose is to attack Mr. Toberoff in connection with his

14   successful representation of the Siegels and Shusters.

15            3.      The obvious objective of Petrocelli's Declaration is to prejudice the Court

16   against Mr. Toberoff so as to achieve an advantage over his clients.  For instance, the

17   Declaration announces that Mr. Toberoff has been sued twice before, citing two cases.

18   *See* Petrocelli Decl., ¶ 9.  Such tactics are unworthy of O'Melveny & Myers and

19   Petrocelli, and cannot be the basis for any adverse inference as a matter of law. F.R.E.

20   404.  Petrocelli fails to mention that the first case was settled in favor of Mr. Toberoff,

21   and the other was swiftly dismissed.  *See* Reply Declaration of Marc Toberoff ("Tob.

22   Decl"), ¶ 18; Ex. Q.  Such unrelated lawsuits are no more relevant to the instant case

23   than the fact that Petrocelli himself has been sued for misconduct, *see*, *e.g*., *Benasra v.*

24   *Mitchell Silberberg & Knupp LLP***,** 123 Cal. App. 4th 1179 (2004), or that O'Melveny

25   has been sued numerous times.  *See, e.g.*, *Davis v. O'Melveny & Myers*, 485 F.3d 1066

26   (9th Cir. 2007); *FDIC v. O'Melveny & Myers*, 61 F.3d 17 (9th Cir. 1995).[1]  We note

27   _____
[1]  Warner Bros. has also been the subject of numerous adverse lawsuits. *See generally*, *Ladd*
28   *v. Warner Bros. Entm't, Inc.*, 184 Cal. App. 4th 1298 (2010), *review denied*, 2010 Cal. LEXIS

1  this solely to illustrate how meaningless and outrageous Petrocelli's smear tactics

2  really are.  As DC's complaint in the instant case reveals, lawsuits are easy to file, but

3  hard to prove.  Unproven allegations in unrelated lawsuits have no place in these

4  motions or in an attorney's declaration, as Petrocelli well knows.

5      4.    At every turn, the Declaration runs afoul of Local Rule 7-7's admonition

6  that "[d]eclarations shall only contain factual, evidentiary matter and shall conform as

7  far as possible to the requirements of F.R.C.P. 56(e)."  *Id*.  F.R.C.P. 56(e) provides that

8  a "supporting or opposing affidavit must be made on personal knowledge, set out facts

9  that would be admissible in evidence, and show that the affiant is competent to testify

10  on the matters stated."  *Id*.  This Court's express procedures also limit attorney

11  testimony to matters within the attorney's personal knowledge:  "[t]he Court will

12  accept counsel's authentication of deposition transcripts, written discovery responses,

13  and the receipt of documents in discovery if the fact that the document was in the

14  opponent's possession is of independent significance."  Scheduling and Case

15  Management Order for Cases Assigned to Judge Otis D. Wright II, § 6(d)(ii).

16      Here, the Declaration is rife with testimony for which Petrocelli lacks any

17  personal knowledge, and depends largely on improper argument and hearsay (F.R.E.

18  802).  Declarations must "state *facts* that would be admissible evidence (rather than

19  hearsay statements by others, or the declarant's opinions or conclusions)."  Schwarzer,

20  Tashima & Wagstaffe, *Federal Civil Procedure Before Trial* § 12:57 (Rutter Group

21  2009) (emphasis in original).  *See Tri-Valley Cares v. Department of Energy*, 203 Fed.

22  Appx. 105, 108 (9th Cir. 2006) (affirming the exclusion of declarations that "contained

23  impermissible legal conclusions, opinions from lay witness, or political statements");

24  *Sears Sav. Bank v. Insurance Co. of N. Am.*, 1994 U.S. App. LEXIS 37256, at *3 (9th

25

26  7780 (Cal. Aug. 11, 2010); *Tolkien v. New Line Cinema Corp.*, No. BC385294 (Cal. Sup. Ct. filed February 11, 2008); *Twentieth Century Fox Film Corp. v. Warner Bros. Entm't, Inc.*,

27  630 F. Supp. 2d 1140 (C.D. Cal. 2008); *Moonrunners Limited Partnership v. Time Warner, Inc.*, 2005 U.S. Dist. LEXIS 41244 (C.D. Cal. Jun. 17, 2005).

28

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

Cir. 1994) (affirming the exclusion of declaration because it "offer[ed] conclusory legal opinion rather than personal knowledge").

5.       Defendants object generally to the Declaration as a clear violation of this Court's Standing Order limiting opposition papers to 25 pages as it is a *de facto* brief, both repeating and supplementing arguments made in plaintiff's opposition papers. *See* Standing Order at ¶ 5(c).  Plaintiff's attempt to circumvent this Court's page limitations by smuggling argument into a declaration should not be countenanced. Notably, **25** of the **59** exhibits attached to the Declaration (42%) are ***nowhere*** cited in DC's opposition and are only discussed in the Declaration.  *See* Petrocelli Decl., Exs. 3, 7-13, 17-19, 22, 26-27, 38-39, 41-42, 44-45, 47-50, 53.

6.       The Declaration is styled as being in support of DC's "Updated, Initial Opposition To Defendants' Motions to Strike Under California's Anti-SLAPP Statute." Petrocelli Decl., ¶ 2.  However, DC refers to Defendants' legal motions to dismiss and uses the Declaration to attempt to delay a ruling on the purely *legal* arguments made in defendants' F.R.C.P. 12(b)(6) motions to dismiss.  *See, e.g.,* Petrocelli Decl., ¶ 60; pg. 42, ¶ 1 (whether agreements violate the copyright act as a matter of law).  The submission of such a purported *evidentiary* declaration is improper in opposition to a FRCP 12(b)(6) motion to dismiss and the Court should not consider it for that purpose.

7.       Defendants object generally to the Declaration on the grounds that Petrocelli *selectively* quotes from documents and deposition transcripts in a way that edits out the relevant context and misleadingly characterizes the underlying evidence. *See e.g.* Petrocelli Decl., ¶¶ 5, 7-8, 11-13, 15-17, 19, 22-23, 25-29, 32-41, 43-45, 47, 49, 51, 54-55, 57.  This also constitutes inadmissible hearsay, as Petrocelli's edits substitute Petrocelli's views for the witnesses' testimony, such that, rather than simply attaching the documents, Petrocelli is testifying as to the purported contents of deposition transcripts, orders and documents that speak for themselves.  FRE 802, 1002.  In further violation of this Court's rules, which state that "entire transcripts of depositions … should generally not be submitted" (Scheduling and Case Management

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

1  Order for Cases Assigned to Judge Otis D. Wright II, § 6(d)(ii)), Petrocelli attaches the

2  entire transcripts (Petrocelli Decl., Exs. 14, 17, 24, 37, 51-53, 59), purportedly "[t]o

3  avoid claims that it is selectively excerpting deposition testimony." *Id.*, ¶ 123.

4  Attaching entire deposition transcripts does not address the problem of Petrocelli's

5  selective quotations of such transcripts in his declaration.  Defendants further object

6  generally to the Declaration to the extent that the Declaration quotes from deposition

7  transcripts as to questioning that was objected to.

8      8.    Defendants further object to the Declaration on the grounds that after a

9  year of unbridled discovery in this case, and years of discovery in the closely related

10  *Siegel* litigations, Petrocelli purports to recite a "laundry list" of discovery that DC

11  allegedly needs to combat Defendants' Anti-SLAPP Motion.  However, this is merely

12  a summary of the complaint's allegations, without making the necessary showing as to

13  what discovery is *specifically* needed to oppose the Anti-SLAPP motion.  *See* Cal.

14  Code Civ. Proc. § 425.16(g); Petrocelli Decl., ¶¶ 120-121.  This Petrocelli cannot do,

15  because the Anti-SLAPP motion is largely based on dispositive *legal* issues for which

16  no amount of discovery can save DC's claims.

17      It is further apparent, given DC's history in this case of trigger-happy, futile and

18  largely unsuccessful discovery motions, that delaying a ruling on the Anti-SLAPP

19  motion as urged by DC will only serve to unnecessarily burden the Court.  In addition

20  to numerous unsuccessful motions in the *Siegel* litigations, DC has in this case alone

21  brought overzealous and repetitive discovery motions covering ***twenty-nine*** issues, and

22  has lost as to ***twenty-three*** of them:

| Docket | Motion/Issue | Outcome |
|---|---|---|
| 44 | August 30, 2010 Motion to Initiate Discovery (*Issue 1*) | ***Denied*** (Docket No. 74) |
| 125 | November 30, 2010 Motion to Compel Production of Documents | Withdrawn pursuant to stipulation (Docket Nos. 132-33) |
| 159 | February 8, 2011 Motion to Compel Production of Documents (*Issues 2-9*): | |

5

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

| Docket | Motion/Issue | Outcome |
|--------|--------------|---------|
| *159* | *Issue 2 – Consent Agreement* | ***Denied*** (Docket No. 209 at 1-10) |
| *159* | *Issue 3 – Retainer Agreements* | Granted in part (Docket No. 209 at 11) |
| *159* | *Issue 4 – July 2003 Letter* | ***Denied*** (Docket No. 209 at 11) |
| *159* | *Issue 5 – Other Michael Siegel Documents* | ***Denied*** after *in camera* review (Docket No. 239) |
| *159* | *Issue 6 – Michael Siegel Privilege Log* | ***Denied*** (Docket No. 209 at 12) |
| *159* | *Issue 7 – "Timeline" Documents* | Granted as to one 1 of 4 documents (Docket No. 209 at 12) |
| *159* | *Issue 8 – Dennis Larson Documents* | Granted in part (Docket No. 209 at 12-13) |
| *159* | *Issue 9 –Privilege Log Format* | ***Denied*** (Docket No. 209 at 13) |
| 205 | April 4, 2011 Motion to Compel the Production of Documents *(Issues 10-15)* | Resolved (Docket No. 209) as set forth below |
| *205* | *Issue 10 – Documents Turned Over to USAO* | Granted but stayed (Docket No. 262 at 2-4) |
| *205* | *Issue 11 – David Michaels Communications* | ***Denied*** (Docket No. 262 at 4) |
| *205* | *Issue 12 – Kevin Marks Declaration Documents* | ***Denied*** (Docket No. 262 at 4-5) |
| *205* | *Issue 13 – Other Objections ("Ari Emanuel" Documents)* | Granted as to ***defendants'*** proposal (Docket No. 262 at 5) |
| *205* | *Issue 14 – Other Objections (Requests 56-58 and 27-31)* | ***Denied*** (Docket No. 262 at 5) |
| *205* | *Issue 15 – Other Objections (All other categories)* | ***Denied*** (Docket No. 262 at 5) |
| 206 | April 4, 2011 Motion to Compel Interrogatory Responses *(Issue 16)* | ***Denied*** (Docket No. 262 at 6) |
| 225 | April 25, 2011 Motion for Review of April 11, 2011 Order *(Issues 17-19)* | |
| *225* | *Issue 17 – Review re: Consent Agreement* | ***Denied*** (Docket No. 248) |
| *225* | *Issue 18 – Review re: Michael Siegel correspondence* | ***Denied*** (Docket No. 248) |
| *225* | *Issue 19 – Review re: Privilege Log Format* | ***Denied*** (Docket No. 248) |
| 230 | May 2, 2011 Motion for Reconsideration of April 11, 2011 Order | Withdrawn (Docket No. 249) |
| 253 | May 23, 2011 Motion for Reconsideration of April 11, 2011 Order *(Issues 20-22)* | Resolved (Docket No. 285) as set forth below |
| *253* | *Issue 20 – July 11, 2003 letter* | ***Denied*** (Docket No. 285) |
| *253* | *Issue 21 – July 5, 2003 letter* | ***Denied*** (Docket No. 285) |
| *253* | *Issue 22 – Privilege Logs re: Michael Siegel Communications* | ***Denied*** (Docket No. 285) |
| 254 | May 23, 2011 *Ex Parte* Application to Compel Deposition | Withdrawn pursuant to stipulation (Docket No. 260) |

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

| Docket | Motion/Issue | Outcome |
|--------|--------------|---------|
| 267 | May 27, 2011 Motion to Compel | Resolved (Docket No. 285) as set forth below |
| 267 | *Issue 23 – "Missing Siegel Correspondence"* | ***Denied*** (Docket No. 285) |
| 267 | *Issue 24 – Redactions to May 13 letter* | ***Denied*** (Docket No. 285) |
| 267 | *Issue 25 – Redactions to Retainer Agreements* | ***Denied*** (Docket No. 285) |
| 283 | June 22, 2011 *Ex Parte* Application for Clarification re: May 25 Stay Order (*Issue 26*) | ***Denied*** (Docket No. 287) |
| 296 | July 18, 2011 Motion to Compel re: May 13 Letter (*Issue 27*) | ***Denied*** (Docket No. 309) |
| 297 | July 18, 2011 Motion to Compel re: Dennis Larson Documents (*Issue 28*) | ***Denied*** (Docket No. 309) |
| 298 | July 18, 2011 Motion to Compel re: USAO Documents (*Issue 29*) | Granted but stayed (Docket No. 309) |

9.      Defendants further object to the Declaration's recitation of the purported history of discovery proceedings that have no relevance to Defendants' pending motions.  Petrocelli Decl., ¶¶ 60-113.  Defendants further object to Petrocelli's numerous misstatements and omissions as to discovery proceedings in the case.  For instance,

- Petrocelli falsely claims that "[i]n response to DC's motion to initiate discovery, defendants agreed to participate in the initial conference" (Petrocelli Decl. ¶ 62). Defendants agreed to participate in that conference **before** DC served its motion (Docket No. 45 at 12), and that unnecessary motion was thus denied as moot. Docket No. 74.

- Petrocelli states that Magistrate Zarefsky "granted in part and denied in part defendants' motion for a protective order to stay depositions pending rulings on dispositive motions" (Petrocelli Decl., ¶ 64), but omits that the Magistrate stayed depositions for one month expressly to allow time for this Court to resolve the motions (Docket No. 74), while expressly acknowledging that this Court could further extend such stay as needed.  *See* Docket No. 95 at 19-22.

- Petrocelli states that "[a]fter unsuccessful negotiations on a stipulation regarding defendants' production of documents, DC files its motion to compel on

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

1   November 22," and it was "[o]n the day their opposition was due, [that]

2   defendants agreed to a stipulation to a court order."  Petrocelli Decl., ¶ 74.

3   Petrocelli omits that DC's motion was entirely unnecessary, as Defendants had

4   made numerous written offers to produce documents and privilege logs (*see,*

5   *e.g.,* Docket No. 128-3, Ex. C; 128-5, Ex. E; No. 128-7, Ex. G); the only reason

6   Defendants agreed to "stipulat[e] to a court order" was because it was not

7   resisting discovery and DC would not otherwise withdraw its gratuitous motion.

8   • Petrocelli asserts that Magistrate Zarefsky "[g]ranted DC's request that

9   defendants produce for *in camera* review 11 identified documents between

10  counsel for Mr. Siegel and Mr. Toberoff" (Petrocelli Decl., ¶ 85(d)); but

11  Petrocelli deliberately omits that those documents were held by the Magistrate to

12  be privileged.  Docket No. 239.

13  • Petrocelli states that Magistrate Zarefsky "[g]ranted DC's request for production

14  of documents related to communications between Ms. Larson and Dennis Larson

15  starting in January 2000" (Petrocelli Decl., ¶ 85(f)); but he omits that in so doing

16  the Magistrate accepted the compromise offered by Defendants and found that

17  DC's motion was unnecessary.  Petrocelli also omits that the Magistrate

18  summarily denied DC's motion for more such documents relating to the

19  Larson's divorce proceedings.  Docket No. 309.

20  • Petrocelli states that "in response to DC's application, the Magistrate clarified

21  that this stay [on the production of stolen documents turned over to the U.S.

22  Attorney's Office pursuant to a grand jury subpoena] extends to defendants'

23  pending writ proceedings" (Petrocelli Decl., ¶ 99); but Petrocelli omits that, in

24  response to DC's motion for reconsideration in the guise of an *ex parte*

25  application for "clarification," Magistrate Zarefsky held "there [] is nothing to

26  clarify," and reaffirmed the stay.  Docket No. 287 at 2.

27  • Petrocelli states that, given the importance of Defendants' writ regarding

28  privileged documents stolen from Mr. Toberoff's law firm, "DC has temporarily

8

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

deferred the depositions of key witnesses, including Toberoff, Kevin Marks, and David Michaels." Petrocelli Decl., ¶ 102. Petrocelli omits that: (a) DC did not ask for expedited review of the writ; (b) during a year of discovery it never once even noticed the deposition of David Michaels, the suspected thief, at any point; and (c) despite the supposed "importance" of the issue, DC nonetheless proceeded with Laura Siegel Larson's deposition without the documents.

- Petrocelli complains that the June 29, 2011 deposition of Mark Warren Peary was "the first deposition to be taken in this case" (Petrocelli Decl., ¶ 106). Petrocelli omits that DC's discovery in this case has been marked by delay and overall lack of diligence. For instance, Petrocelli omits that it was *he* who chose to reschedule the deposition of Joanne Siegel (*id.*, ¶ 77); that in over a year DC has failed to even notice numerous depositions (*e.g.,* Ari Emanuel, David Michaels); that DC did not notice the deposition of defendants Mr. Toberoff, Pacific Pictures Corporation, IP Worldwide, LLC, and IPW, LLC until July 2011 (Tob. Decl., Ex. J); that Petrocelli chose to reschedule the deposition of Kevin Marks to July 2011 (*id.*, Ex. H) before it was once again rescheduled for October, 2011; and that it was he who chose to reschedule and refused to take the depositions of Mark Warren Peary and Laura Siegel Larson in April-May 2011. *Id.*, Exs. F-G.

- Petrocelli omits that he deliberately noticed the depositions of third parties, Kevin Marks and Dawn Peavy (defendant Peavy's daughter who has *no* involvement) for August 3 and 5, knowing that his opposing counsel, Mr. Toberoff, had scheduled a long-planned summer vacation with his family that week. Tob. Decl., Exs. I, K-M. DC's counsel then refused numerous offers to have the depositions held earlier, despite the availability of both Mr. Marks and Ms. Peavy over a period of several weeks that would not have interfered with Mr. Toberoff's vacation. *Id.*, Ex. L. DC's counsel insisted that the depositions would proceed on August 3 and 5 without Mr. Toberoff unless Defendants

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

stipulated to further extend the already extended date set by this Court for DC to file an updated opposition to their anti-SLAPP motion, pitting counsel's vacation against his clients' best interests. *Id.,* Ex. M. Counsel agreed to a reasonable extension, provided DC seeks no further delay, but DC refused. *Id.* **After** Mr. Toberoff then cancelled his vacation, DC's counsel took the deposition of Mr. Marks off-calendar based purportedly on the pending writ even though they were well aware of the writ when they noticed the Marks deposition and insisted it take place in the midst of their opposing counsel's vacation. *Id.*, Exs. M, N, P. Such tactics are deplorable.

- Petrocelli complains that there were "numerous privilege objections and instructions" at the depositions of Mr. Peary and Ms. Larson. Petrocelli Decl., ¶¶ 106-107. Petrocelli omits that the reason for those objections was that his questions (like DC's entire SLAPP suit) is an assault on and attempt to interfere with the successful attorney-client relationships between Mr. Peary/Ms. Larson and Mr. Toberoff.

10. Defendants further object to the Declaration on the grounds that it repeatedly refers to as "pending," and attempts to re-argue, discovery issues that have already been decided *against DC*, and which are the "law of the case." *See* Docket No. 209 at 10, 13.

- DC claims that it "is currently pursuing discovery to determine the substance of the consent agreement." Petrocelli Decl., ¶ 87. However, Magistrate Zarefsky expressly held, as did the Court in *Siegel*, that the consent agreement was privileged. Docket No. 209. Moreover, this Court upheld that ruling upon review. Docket No. 248.

- DC claims that it "intends to initiate additional efforts to obtain Ms. Larson's [alleged July 2003] response to Michael [Siegel's] letter." Petrocelli Decl., ¶ 91. Magistrate Zarefsky refused to order that letter produced (Docket No. 209), this Court denied a motion for review of that order (Docket No. 248), and Magistrate

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

1    Zarefsky recently denied yet another a motion for reconsideration of that order

2    (Docket No. 285).

3        11.    Defendants further object to the Declaration on the grounds that it

4    repeatedly refers to discovery DC has yet to take and selectively presents testimony

5    and exhibits that do not give a true picture of the state of discovery.  DC has ***failed*** to

6    take much of the discovery that it claims is "necessary" despite ample opportunity to

7    do so:

8    •   Petrocelli tactlessly complains that "Ms. [Joanne] Siegel passed away, before

9        DC could depose her."  Petrocelli Decl., ¶ 77.

10       ○   Petrocelli rescheduled Joanne Siegel's deposition from its noticed date of

11           January 12, 2011.  *Id.*

12   •   Petrocelli states that DC "plans to depose Mr. Toberoff, the Rule 30(b)(6)

13       designees for the defendant entities, the author of the Toberoff Timeline [thought

14       to be David Michaels], and Ari Emanuel, among others."  Petrocelli Decl., ¶ 115.

15       Among those "other" witnesses is Kevin Marks.  *Id.*, ¶ 102.

16       ○   DC refused the opportunity to take Mr. Toberoff's deposition prior to the

17           August 8, 2011 deadline, and also knows that Mr. Toberoff is the Rule

18           30(b)(6) designee for the defendant entities.  Tob. Decl., Exs. N-O.

19       ○   DC refused to take the deposition of Kevin Marks before the August 8

20           deadline:  it originally scheduled the deposition for April 14, 2011 (Tob.

21           Decl., Ex. E); it then rescheduled the deposition for July 21, 2011 (Tob.

22           Decl., Ex. H); it then unilaterally rescheduled the deposition for August 5,

23           2011 (Tob. Decl., Ex. K); it then, after Mr. Toberoff cancelled his

24           vacation plans so that the deposition could proceed on August 5,

25           unilaterally took the deposition off-calendar.  Tob. Decl., Ex. P.

26       ○   As of the filing of its Declaration, DC had never noticed the depositions of

27           either David Michaels or Ari Emanuel.

28   •   DC states that it "plans to serve requests for production" on "David Michaels,"

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

1    "representatives of Michael Siegel's Estate," "Arthur Levine, prior counsel to

2    the Siegel heirs," and "George Zadorozny," also counsel to the Siegels.

3    Petrocelli Decl., ¶ 116.

4        o    As of the filing of its Declaration, DC served *no* such requests for

5                production on David Michaels, Michael Siegel's Estate, Arthur Levine, or

6                George Zadorozny, despite ample opportunity to do so.

7    •    DC states that "[r]esolution of DC's pending and intended motions may

8        necessitate further deposition testimony from Ms. Larson, Mr. Peary, and Ms.

9        Peavy."  Petrocelli Decl., ¶ 118.

10       o    DC states its intent to go far beyond the one-day, seven-hour limitation on

11               depositions set forth in F.R.C.P. 30(d)(1).

12       o    As of the filing of its Declaration, DC had *no* pending discovery motions.

13       12.    Defendants further object to the Declaration in that it seeks additional

14   discovery, while effectively conceding that DC has been in possession of the relevant

15   information for years, since no later than 2006.  None of DC's evidence alters the

16   conclusion that its claims are time-barred, as demonstrated by its reliance on

17   documents and testimony that it has had since 2006:

18       •    The Declaration mainly attaches, discusses, and relies on documentary

19           evidence that was in DC's possession by 2006 or earlier, including key

20           agreements such as the 2001 and 2003 Pacific Pictures Agreements and

21           the 2002 IP Worldwide Agreement.  *See* Petrocelli Decl., ¶¶ 5, 7-14, 17-

22           18, 20-21, 23, 25-26, 32-33, 38, 40, 42-54, 57; Exs. 1, 7-13, 15-16, 18-23,

23           25, 28-36, 38, 54-56.

24       •    DC relies on deposition testimony from the October 7, 2006 deposition of

25           Kevin Marks.  Petrocelli Decl., ¶¶ 15-16, 19, 22, 27-29, 31; Ex. 14.

26       •    DC relies on deposition testimony from the November 17, 2006

27           deposition of Marc Toberoff.  Petrocelli Decl., ¶¶ 19, 24; Ex. 17.

28       •    While DC purports to rely on the June 29, 2011 deposition of Mark

1    Warren Peary for testimony concerning the cancellation of the Pacific

2    Pictures Agreement (Petrocelli Decl., ¶ 49, citing Ex. 37), Mr. Peary

3    testified on that topic in his 2006 deposition.  Petrocelli Decl., Ex. 51 at

4    59:18-60:10.

5    • While DC purports to rely on the July 22, 2011 deposition of Laura Siegel

6    Larson (Petrocelli Decl., ¶¶ 33-39; Ex. 24), Ms. Larson actually testified

7    on such topics at her 2006 deposition:

8    ○ Joanne Siegel's May 9, 2002 letter, Ms. Larson's September 21,

9    2002 letter to Paul Levitz and the end of negotiations with DC.

10   *Compare* Petrocelli Decl., ¶ 33, 36 *with* [2006 Deposition] at 56:17-

11   24, 133:19-139:10, 140:14-141:6, 146:2-147:3, 210:18-216:3,

12   217:25-221:13, and 261:15-262:7.

13   ○ Ms. Larson's initial meetings and contact with Marc Toberoff and

14   Ari Emanuel leading up to and including the IP Worldwide

15   Agreement.  *Compare* Petrocelli Decl., ¶¶ 34-38 *with* [2006

16   Deposition] at 17:6-17:19, 24:10-17, 25:22-26:5, 26:21-27:14, 34:5-

17   38:16; 52:16-21, 60:1-60:8, and 61:12-21.

18   ○ Ms. Larson's formal retainer agreement with Marc Toberoff.

19   *Compare* Petrocelli Decl., ¶ 39 *with* [2006 Deposition] at 72:8-73:8.

20   13.    Defendants further object to the Declaration in that it seeks additional

21   discovery, when the lack of "new," relevant documentary evidence only shows the

22   infirmity of DC's claims:

23   • The "new" evidence cited by DC consists of depositions from this case

24   (Petrocelli Decl., Exs. 24, 37, 52-53), discovery responses from this case (*id.*,

25   Exs. 39, 49), random web sites and newspaper articles (*id.*, ¶¶ 6-8; Exs. 2-4),

26   retainer agreements (*id.*, Petrocelli Decl., ¶¶ 41, 55; Exs. 26-27, 40), the

27   inadmissible "Timeline" attached to its Complaint that DC reviewed in 2006 (*id.*,

28   ¶ 30; Docket No. 49, Ex. A), and a May 13, 2003 letter (Petrocelli Decl., ¶ 88-

13

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

1  89; Docket No. 225-4) that is not attached to the Declaration.  As set forth in

2  Defendants' reply, none of this "evidence" in any way affects Defendants' legal

3  arguments, nor does it rebut Defendants' factual contentions.

4  •    DC claims that the "corporate formation documents for defendants Pacific

5  Pictures Corporation, IP Worldwide LLC, and IPW, LLC" show that those

6  entities' "stated business purpose is 'entertainment and media,' not the provision

7  of legal services" (Petrocelli Decl., ¶ 110), when Defendants have never argued

8  otherwise.

9  •    DC claims that a March 29, 2004 letter that extended the IP Worldwide

10  Agreement is new evidence (Petrocelli Decl., ¶ 110), but DC *knew* about the

11  extension agreement in *2006* from a document produced in the *Siegel* litigation

12  that was also addressed in and attached to Defendants' anti-SLAPP motion.  *See*

13  Docket No. 145-6, Ex. CC at 368.

14       14.    Defendants further object to the twenty-three page "Appendix A" to the

15  Declaration (pgs. 42-65), which purports to list "contested factual assertions."  The

16  appendix is yet another supplemental brief by DC far exceeding the page limitations of

17  its opposition.  Moreover, *each* of the purported "factual" issues listed by DC is either

18  a matter of law, irrelevant, a result of misleading partial quotations and/or a gross

19  mischaracterization by DC:

| No. | Purportedly "Factual" Issue | Response |
|---|---|---|
| 1. | "DC's contentions [in its Fourth and Sixth Claims] that [the Pacific Pictures agreements] 'violate' the Copyright Act are wrong."  Docket No. 196 at 4 n.3 | This is a statement from Defendants' prior anti-SLAPP reply.  Docket No. 270.<br><br>The actual statement is: "DC's contentions … are wrong *as a matter of law*" and that "[such] alleged copyright transfers may be void … but they are not illegal." Docket No. 196 at 4 n.3.<br><br>The issue of whether the PPC Agreements are void pursuant to 17 U.S.C. § 304(c) is a matter of law, not fact.  *See* Docket No. 147-1 at 8, No. 148-1 at 13-14. |
| 2. | "DC's Fourth Claim fails in part because defendants did not have | None of the "evidence" cited by DC addresses defendants' *legal* argument that the Siegels have a separate claim to Superboy arising out of a |

| No. | Purportedly "Factual" Issue | Response |
|---|---|---|
| | a scheme to park Superboy rights with the Siegels." | script solely authored by Jerome Siegel; that the Shuster Estate could not have made, and, in any event, could never have terminated Superboy under 17 U.S.C. § 304(d).  *See* Docket No. 148-1 at 17-19.<br><br>Nor does DC cite any evidence or potential evidence that this legal disclaimer of interest in Superboy was part of a "fraudulent scheme."<br><br>DC also ignores the fact that Mr. Peary and Ms. Larson clearly testified that the Shusters have ***no*** claim or interest in the Siegels' Superboy claims. Petrocelli Decl., Ex. 24 at 41:21-42:18 (testimony of Ms. Larson), Ex. 37 at 88:9-89:19 (testimony of Mr. Peary). |
| 3. | "DC's Fifth Claim fails because the Siegels ended settlement negotiations with DC in *May 2002* – before Toberoff intervened." | This mischaracterizes Defendants' actual argument that DC had no "reasonable probability" of "prospective economic advantage" from settlement negotiations in August 2002 when Mr. Emanuel/ Mr. Toberoff approached Mr. Marks, the Siegels' then attorney, based on a May 9, 2002 letter from Joanne Siegel that stated "[a]fter four years we have no deal and this contract makes an agreement impossible." *See, e.g.,* Docket No. 145-1 at 22-23.<br><br>Judge Larson held that this May 9, 2002 letter from Joanne Siegel confirmed the Siegel Heirs had "clearly and unequivocally" rejected DC's proposals.  *Siegel*, 542 F. Supp. 2d at 1139 |
| 4. | "DC's Sixth Claim fails because the consent agreement between the Siegels and Shusters amounts to protected activity." | DC's argument that an agreement entered into by the Siegels and Shusters during litigation regarding the settlement of their claims is not "protected activity" covered by the anti-SLAPP statute is clearly frivolous. *See, e.g.,* Docket No. 145-1 at 20 n.8.<br><br>Judge Zarefsky has held, and this Court confirmed upon review, that the 2008 "consent agreement" is also privileged.  *See* Docket No. 209, No. 248.<br><br>The only "discovery" DC can point to regarding the consent agreement are contemplated motions to compel deposition responses divulging the contents of this ***privileged*** document. |
| 5. | "DC's Sixth Claim is moot because Toberoff's companies | Mr. Toberoff has only a contingent legal fee based on any proceeds of these litigations.  DC points to ***no*** evidence that "Toberoff's companies" have any |

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

| No. | Purportedly "Factual" Issue | Response |
|---|---|---|
| | no longer have interest in the heirs' putative rights." | ownership whatsoever in the heirs' copyright interests.<br><br>DC's "example" of "what discovery has revealed" relates to the purported interest in the Shuster termination rights of Pacific Pictures, a company which was no long ago dissolved.  Moreover, DC itself alleges in its complaint that Pacific Pictures could have no such interest as a matter of law.  Finally, Mr. Toberoff, Pacific Pictures and Mr. Peary, the Executor of the Shuster estate, have all ***repeatedly*** confirmed that Pacific Pictures obtained no continuing interest in the Shuster estate's termination pursuant to the cancelled and superceded PPC Agreements, or otherwise. *See* Docket No. 146-2, ¶ 7; No. 147-1 at 8; No. 148-1 at 13-14; FAC, ¶167; Tob. Decl., Ex. D.<br><br>DC's remaining discovery on this point ***does not*** address whether the companies "have [an] interest" in the rights – it relates to "efforts to market the rights," and Toberoff's companies have already fully responded to DC's discovery on that subject.  Petrocelli Decl., Ex. 49. |
| 6. | "Toberoff represented the Shusters as an attorney – and that is what DC's complaint targets." | *First,* this is a red herring, as Mr. Toberoff need not have acted as an attorney to fall within the anti-SLAPP statute.  Docket No. 145-1 at 15.<br><br>*Second,* DC does not contest ***any*** of the evidence that Toberoff acted as an attorney even without a formal retainer agreement.  Docket No. 145-1 at 15-16.  Notably, the PPC Agreement clearly states that "[Toberoff would] furnish directly to the [Shusters] all legal services required by the [Shusters] in connection with the rights."  Docket No. 145-4, Ex. H at 86.<br><br>DC's only argument on this non-issue is that "Peary did not sign a legal retainer agreement … until 2004."  As set forth in Defendants' reply papers, a formal "retainer" agreement is not required for an attorney-client relationship.  *See People ex rel. Dept. of Corporations v. SpeeDee Oil Change Systems, Inc.*, 20 Cal. 4th 1135, 1147 (1999). |
| 7. | "The Siegels approached Toberoff as an attorney and he has acted as their counsel 'ever since.'" | Again, this is a red herring, as Mr. Toberoff need not have acted as an attorney to fall within the anti-SLAPP statute. Docket No.145-1 at 15.<br><br>Moreover, the Siegels repeatedly testified that they entered into an attorney-client relationship with |

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

| No. | Purportedly "Factual" Issue | Response |
|---|---|---|
|  |  | Toberoff from the outset (Docket No. 145-2, Ex. B at 41:1-3 (testimony of Joanne Siegel), No. 145-4, Ex. K at 17:6-13 (testimony of Laura Siegel Larson). The IP Worldwide Agreement itself states that Toberoff would serve as legal counsel to the Siegels (Docket No. 145-3, Ex. F ¶ 2), which DC ignores. |
| 8. | "The Siegels contemplated litigation at the time they met Toberoff." | DC does not tie any of the discovery it seeks to whether the Siegels contemplated litigation.<br><br>Moreover, it is already clear that both the Siegels and DC contemplated litigation, The Siegels started looking for litigation counsel in **March 2002**, well before they met Mr. Toberoff.  Tob. Decl., Ex. B; Petrocelli Decl., Ex. 24 at 142:4-17.<br><br>During settlement negotiations with DC, the Siegels and DC entered into a "tolling agreement" that gave the Siegels until at least October 2004 to file their claims in Court.  *See Siegel v. Warner Bros. Entertainment Inc.*, 542 F. Supp. 2d 1098, 1134-36 (C.D. Cal. 2008).  Such an agreement is only necessary if litigation *is* contemplated. |
| 9. | "The Shusters contemplated litigation at the time they met Toberoff." | This is a red herring as set forth above.  The anti-SLAPP statute applies to DC's Fourth Claim because its allegations are based on Mr. Toberoff's commencement of legal proceedings to probate the estate (FAC ¶ 65) and subsequent filing of statutory termination notices with the Copyright Office.  *See Mindys Cosmetics, Inc. v. Dakar*, 611 F.3d 590, 596-97 (9th Cir. 2010) (registrations with Trademark Office covered by anti-SLAPP law); Motion at 14-16.<br><br>Such protected actions obviously also set the stage for contemplated litigation with DC over the Shusters' termination rights. |
| 10. | "DC's allegations that Toberoff induced the Siegels to sever their relationship with DC based on fraudulent promises of a 'billionaire investor' and competing Superman movie is 'utterly false' and a 'mockery.'" | DC's false allegation relates solely to the Fifth Claim, which is already barred as a matter of law by (a) the two-year statute of limitations (Docket No. 146-1 at 21-22) and (b) the litigation privilege (Docket No. 22-25).<br><br>Even were the claim not barred as a matter of law, the **sole** evidence that DC relies on is a May 13, 2003 letter from Michael Siegel that is (a) inadmissible, (b) concerned an offer to buy Michael Siegel's interest, not "the Siegels'" (i.e. Joanne and Laura Siegel) interest, and is not at issue in the complaint, and (c) |

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

| No. | Purportedly "Factual" Issue | Response |
|-----|------------------------------|----------|
| | | does not refer to any offer or misrepresentations to Joanne and Laura Siegel, in August 2002.<br><br>All of the testimony on the subject by every percipient witness indicates that no mention was made of a "billionaire investor" or a "competing Superman movie" at the August 2002 meeting.  Docket No. 145-1 at 22-24.<br><br>DC's efforts to seek discovery about the purchase of the Michael Siegel interest are utterly irrelevant to its allegations, as its complaint does not even once mention Michael Siegel. |
| 11. | "The assertions in the Toberoff Timeline are completely inaccurate." | This straw man misstates defendants' position.  As the Timeline mentions documents its author enclosed and sent to Warner Bros., certain underlying information contained therein is correct. However, it is also riddled with lies and inaccuracies, and clearly written as a "hit piece" to assassinate Mr. Toberoff's character.<br><br>DC makes *no* showing that the anonymous Timeline is admissible evidence (it clearly is not) or how it is relevant to DC's claims. |

15.    Defendants further object to the Declaration on the grounds that Petrocelli egregiously purports to disclose protected statements relating to a 2008 "consent agreement" made during and/or in connection with the parties' settlement mediation in *Siegel v. Warner Bros. Ent., Inc.*, 04-CV-08400 ODW (RZx).  *See, e.g.*, Petrocelli Decl., ¶¶ 58-59.  Such disclosures willfully breach the parties' May 1, 2008 JAMS Confidentiality Agreement and must be stricken.  *See* Docket No. 78 at 18:12-24:13.  Moreover, Magistrate Zarefsky found the consent agreement to be privileged (Docket No. 209), as did Judge Larson (*Siegel*, Docket No. 442), as did this Court on review of Magistrate Zarefsky's order (Docket No. 248).  Defendants further object to the Declaration on the grounds that it attaches and purports to quote deposition testimony on the "consent agreements."  Furthermore, DC's comment in its brief that the agreement "perhaps [requires] Toberoff's consent" (Opp. at 21) is nonsense that has been repeatedly refuted and is not supported by anything in Petrocelli's

Declaration.  *See* Docket No. 160 at 63.

16.    Petrocelli's reliance and recitation of the anonymous "Timeline," written
by a thief, only adds to the document's lack of credibility.  Petrocelli Decl., ¶¶ 30-31.
Petrocelli deliberately fails to mention in his Declaration that this "Cover Letter,"
which the attorney sent to Warner Bros.' General Counsel prior to June 28, 2006, in the
midst of the *Siegel* litigation, enclosed reams of privileged attorney-client documents
*stolen* by a junior attorney who had been employed for three months at Mr. Toberoff's
law firm.  Tob. Decl., ¶¶ 30-31.   *See* Docket No. 42 at 8:13-28.  He fails to mention
that the thief first tried to use his baseless accusations against Mr. Toberoff to persuade
the Siegels to fire Toberoff and hire him instead, and that when this scheme failed the
thief, in clear breach of his ethical duties to the Siegels and Shusters, sent his
mudslinging "Timeline" and the Siegels' and Shusters' privileged documents to the
opposing party's in-house legal team.  *Id*. at 8:7-12.  Petrocelli also fails to
acknowledge that the Timeline was written by someone with no percipient knowledge
of any relevant events, and is obviously inadmissible for any purpose whatsoever.  In
fact, Petrocelli breaches his Rule 11 obligations by quoting from the untrustworthy
Timeline, and by attaching this defamatory screed to DC's complaint.  *Anderson v.
County of Montgomery*, 111 F.3d 494, 501 (7th Cir. 1997) (unreasonable to rely on
untrustworthy source), overruled on other grounds, *DeWalt v. Carter*, 224 F.3d 607,
613-18 (7th Cir. 2000).

17.    In determining what weight to give Petrocelli's reliance on the Timeline,
the Court should also consider that Mr. Toberoff is a member in good standing of the
California State Bar (just like Petrocelli) and the New York State Bar, and has received
widespread recognition for his work as a leading plaintiff's-side attorney in the area of
copyright and entertainment litigation.  Marc Toberoff has been called the "legal Man
of Steel" and a "superhero to rights holders" by *Variety* and a "brilliant crusader for the
little guy" by *The New York Times*.  Tob. Decl., ¶¶ 19-29; Exs. S-T.  In 2008, 2009,
2010 and 2011, Mr. Toberoff was consistently selected by *The Hollywood Reporter* as

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

one of the most influential entertainment litigators in the country. *Id.*, ¶ 23, Exs., U-V. In 2009, Mr. Toberoff was also honored by *Variety* as a top entertainment Dealmaker. *Id.*, Ex. R.  Mr. Toberoff was a speaker at the USC Gould School of Law - Beverly Hills Bar Association 2009 Institute on Entertainment Law and Business and was a panelist at the 2010 American Bar Association Forum on the Entertainment & Sports Industries.  *Id.*, ¶ 24.  In November 2009 Mr. Toberoff also served as a judge of the semi-finals at the prestigious National Entertainment Law Moot Court Competition. *Id.* Petrocelli's reliance on and selectively quotation from irrelevancies such as IMDB pages, a 2006 "Intellectual Property Worldwide, LLC" website, a comment in a newspaper article and random third party gossip in a magazine article (Exs. 2-4) is a transparent effort to illicit bias.

## Specific Objections

Defendants submit the following specific objections to the Petrocelli Declaration ("DP Decl.")

| EVIDENCE | OBJECTION |
|---|---|
| 1. DP Decl., ¶ 2. | 1. Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court. |
| 2. DP Decl., ¶ 3. | 2. Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court. |

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

| | |
|---|---|
| 3. DP Decl., ¶ 4. | 3. Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court. |
| 4.  DP  Decl., ¶ 5.<br>     Exhibit 1. | 4. Lack of foundation. Lack of personal knowledge.  FRE 602.<br><br>Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported contents of a document, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced document as misconstruing the content of the document as a whole.<br><br>Irrelevant, self serving and prejudicial.  FRE 401, 403.<br><br>**Exhibit 1**: Lack of foundation, FRE 602.  Hearsay, FRE 801, 802.  Irrelevant, self serving and prejudicial.  FRE 401, 403. |

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

| | |
|---|---|
| 5.  DP Decl., ¶ 6<br>    Exhibit 2. | 5. Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported contents of a document, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced document as misconstruing the content of the document as a whole.<br><br>Irrelevant, self serving and prejudicial.  FRE 401, 403.<br><br>**Exhibit 2**: Lack of foundation, FRE 602.  Hearsay, FRE 801, 802.  Irrelevant, self serving and prejudicial.  FRE 401, 403. |
| 6.  DP Decl., ¶ 7<br>    Exhibit 3. | 6. Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the |

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

| | | |
|---|---|---|
| | | statements do not constitute competent evidence that may be considered by the Court. |
| | | Hearsay, as Petrocelli is testifying as to the purported contents of a document, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced document as misconstruing the content of the document as a whole. |
| | | Double hearsay, as Petrocelli is testifying as to the purported statements made by an individual to another individual within the document within the document. FRE 802, 1002. |
| | | Impermissible character evidence.  FRE 404. |
| | | Irrelevant, self serving and prejudicial.  FRE 401, 403. |
| | | **Exhibit 3**: Lack of foundation, FRE 602.  Hearsay, FRE 801, 802.  Irrelevant, self serving and prejudicial.  FRE 401, 403. |
| 7. | DP Decl., ¶ 8 Exhibit 4. | 7. Lack of foundation. Lack of personal knowledge. FRE 602. |
| | | Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court. |

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

| | |
|---|---|
| | Hearsay, as Petrocelli is testifying as to the purported contents of a document, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced document as misconstruing the content of the document as a whole.<br><br>Double hearsay, as Petrocelli is testifying as to the purported statements made by an individual to another individual within the document within the document. FRE 802, 1002.<br><br>Impermissible character evidence.  FRE 404.<br><br>Irrelevant, self serving and prejudicial.  FRE 401, 403.<br><br>**Exhibit 4**: Lack of foundation, FRE 602.  Hearsay, FRE 801, 802. Impermissible character evidence.  FRE 404.<br>Irrelevant, self serving and prejudicial.  FRE 401, 403. |
| 8.  DP Decl., ¶ 9<br>      Exhibits 5, 6. | 8.   Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court. |

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

| | |
|---|---|
| | Hearsay, as Petrocelli is testifying as to the purported contents of documents, which speak for themselves. FRE 802, 1002. |
| | Impermissible character evidence.  FRE 404. |
| | Irrelevant, self serving and prejudicial.  FRE 401, 403. |
| | **Exhibit 5**: Lack of foundation, FRE 602.  Hearsay, FRE 801, 802. Irrelevant, self serving and prejudicial.  FRE 401, 403, 404. |
| | **Exhibit 6**: Lack of foundation, FRE 602.  Hearsay, FRE 801, 802. Irrelevant, self serving and prejudicial.  FRE 401, 403, 404. |
| 9.  DP Decl., ¶ 10<br><br>    Exhibit 7 | 9. Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported content of a document, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the |

25

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

| | |
|---|---|
| | referenced document as misconstruing the content of the document as a whole. |
| | Irrelevant, self serving and prejudicial.  FRE 401, 403. |
| | **Exhibit 7**: Lack of foundation, FRE 602.  Hearsay, FRE 801, 802.  Irrelevant, self serving and prejudicial.  FRE 401, 403. |
| 10.  DP Decl., ¶ 11<br>    Exhibit 8. | 10. Lack of foundation. Lack of personal knowledge. FRE 602. |
| | Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court. |
| | Hearsay, as Petrocelli is testifying as to the purported content of a document, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced document as misconstruing the content of the document as a whole. |
| | Irrelevant, self serving and prejudicial.  FRE 401, 403. |
| | **Exhibit 8**: Lack of foundation, FRE 602.  Hearsay, FRE 801, 802.  Irrelevant, self serving and prejudicial.  FRE 401, 403. |

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

| | |
|---|---|
| 11. DP Decl., ¶ 12<br><br>Exhibit 9 | 11. Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported content of a document, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced document as misconstruing the content of the document as a whole.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403.<br><br>**Exhibit 9**: Lack of foundation, FRE 602. Hearsay, FRE 801, 802. Irrelevant, self serving and prejudicial. FRE 401, 403. |
| 12. DP Decl., ¶ 13<br><br>Exhibits 10-13. | 12. Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court. |

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

|  |  |
|---|---|
|  | Hearsay, as Petrocelli is testifying as to the purported content of documents, which speak for themselves. FRE 802, 1002. Defendants further object to the abbreviated summaries of the referenced documents as misconstruing the contents of the documents as a whole.

Irrelevant, self serving and prejudicial.  FRE 401, 403.

**Exhibit 10**: Lack of foundation, FRE 602.  Hearsay, FRE 801, 802.  Irrelevant, self serving and prejudicial.  FRE 401, 403.

**Exhibit 11**: Lack of foundation, FRE 602.  Hearsay, FRE 801, 802.  Irrelevant, self serving and prejudicial.  FRE 401, 403.

**Exhibit 12**: Lack of foundation, FRE 602.  Hearsay, FRE 801, 802.  Irrelevant, self serving and prejudicial.  FRE 401, 403.

**Exhibit 13**: Lack of foundation, FRE 602.  Hearsay, FRE 801, 802.  Irrelevant, self serving and prejudicial.  FRE 401, 403. |
| 13. DP Decl., ¶ 14. | 13. Lack of foundation. Lack of personal knowledge. FRE 602. |

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

| | |
|---|---|
| | Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.

Hearsay, as Petrocelli is testifying as to the purported content of a document, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced document as misconstruing the content of the document as a whole.

Irrelevant, self serving and prejudicial.  FRE 401, 403. |
| 14. DP Decl., ¶ 15. | 14.   Lack of foundation. Lack of personal knowledge. FRE 602.

Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.

Hearsay, as Petrocelli is testifying as to the purported content of a deposition transcript, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced deposition transcript as misconstruing the content of the deposition transcript as a whole. |

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

| | |
|---|---|
| | Irrelevant, self serving and prejudicial.  FRE 401, 403. |
| 15. DP Decl., ¶ 16. | 15. Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported content of a deposition transcript, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced deposition transcript as misconstruing the content of the deposition transcript as a whole.<br><br>Irrelevant, self serving and prejudicial.  FRE 401, 403. |
| 16. DP Decl., ¶ 17.<br>  Exhibit 15. | 16. Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702.  As such, the statements do not constitute competent evidence that may be considered by the Court. |

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

| | | |
|---|---|---|
| | | Hearsay, as Petrocelli is testifying as to the purported content of a document, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced document as misconstruing the content of the document as a whole.<br><br>Irrelevant, self serving and prejudicial.  FRE 401, 403.<br><br>**Exhibit 15**: Lack of foundation, FRE 602.  Hearsay, FRE 801, 802.  Irrelevant, self serving and prejudicial.  FRE 401, 403. |
| | 17. DP Decl., ¶ 18. Exhibit 16. | 17. Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported content of a document, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced document as misconstruing the content of the document as a whole. |

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

| | | |
|---|---|---|
| | | Irrelevant, self serving and prejudicial. FRE 401, 403. **Exhibit 16**: Lack of foundation, FRE 602. Hearsay, FRE 801, 802. Irrelevant, self serving and prejudicial. FRE 401, 403. |
| 18. DP Decl., ¶ 19. | | 18. Lack of foundation. Lack of personal knowledge. FRE 602. Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court. Hearsay, as Petrocelli is testifying as to the purported content of a deposition transcript, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced deposition transcript as misconstruing the content of the deposition transcript as a whole. Irrelevant, self serving and prejudicial. FRE 401, 403. |
| 19. DP Decl., ¶ 20. | | 19. Lack of foundation. Lack of personal knowledge. FRE 602. Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the |

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

| | |
|---|---|
| | statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported content of a document, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced document as misconstruing the content of the document as a whole.<br><br>Irrelevant, self serving and prejudicial.  FRE 401, 403. |
| 20. DP Decl., ¶ 21. | 20. Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported content of a document, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced document as misconstruing the content of the document as a whole.<br><br>Irrelevant, self serving and prejudicial.  FRE 401, 403. |

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

| | |
|---|---|
| 21. DP Decl., ¶ 22. | 21. Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported content of a deposition transcript, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced deposition transcript as misconstruing the content of the deposition transcript as a whole.<br><br>Irrelevant, self serving and prejudicial.  FRE 401, 403. |
| 22. DP Decl., ¶ 23. | 22. Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported content of a document, which speaks for itself. FRE 802, 1002. |

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

| | |
|---|---|
| | Defendants further object to this abbreviated summary of the referenced document as misconstruing the content of the document as a whole.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403.<br><br>Defendants further object on the basis the document in question was marked "confidential" pursuant to a protective order in the closely related action *Joanne Siegel, et al. v. Warner Bros., et al.*, 04-CV-8400 ODW (RZx). |
| 23. DP Decl., ¶ 24. | 23. Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported content of a deposition transcript, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced deposition transcript as misconstruing the content of the deposition transcript as a whole.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. |

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

| | |
|---|---|
| 24. DP Decl., ¶ 25. | 24. Lack of foundation. Lack of personal knowledge. FRE 602.

Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.

Hearsay, as Petrocelli is testifying as to the purported contents of documents, which speak for themselves. FRE 802, 1002. Defendants further object to these abbreviated summaries of the referenced documents as misconstruing the contents of the documents as a whole.

Irrelevant, self serving and prejudicial.  FRE 401, 403. |
| 25. DP Decl., ¶ 26. | 25. Lack of foundation. Lack of personal knowledge. FRE 602.

Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.

Hearsay, as Petrocelli is testifying as to the purported content |

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

| | | |
|---|---|---|
| | | of a declaration, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced declaration as misconstruing the content of the declaration as a whole. |
| | | Double hearsay, as Petrocelli is testifying as to the purported statements made by an individual to the Petrocelli within the declaration. FRE 802, 1002. |
| | | Irrelevant, self serving and prejudicial.  FRE 401, 403. |
| 26. DP Decl., ¶ 27. | | 26. Lack of foundation. Lack of personal knowledge. FRE 602.

Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.

Hearsay, as Petrocelli is testifying as to the purported content of a deposition transcript, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced deposition transcript as misconstruing the content of the deposition transcript as a whole.

Irrelevant, self serving and prejudicial.  FRE 401, 403. |

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

| | |
|---|---|
| 27. DP Decl., ¶ 28. | 27. Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported content of a deposition transcript, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced deposition transcript as misconstruing the content of the deposition transcript as a whole.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. |
| 28. DP Decl., ¶ 29. | 28. Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported content of a deposition transcript, which speaks for itself. FRE 802, |

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

| | | |
|---|---|---|
| | | 1002. Defendants further object to this abbreviated summary of the referenced deposition transcript as misconstruing the content of the deposition transcript as a whole.<br><br>Irrelevant, self serving and prejudicial.  FRE 401, 403. |
| 29. DP Decl., ¶ 30 | | 29. Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Impermissible character evidence.  FRE 404.<br><br>Irrelevant, self serving and prejudicial.  FRE 401, 403.<br><br>The document itself improperly discloses privileged and confidential information, and its improper use by DC Comics in the related action of *Joanne Siegel, et al., v. Warner Bros., et al.*, 04-CV-8400 ODW (RZx) is subject to an appeal.  *See* ¶¶ 11-12, *supra*.<br><br>The document itself also suffers from lack of foundation, authentication. FRE 602, 901.  It contains hearsay, FRE 801, 802. It contains impermissible character evidence.  FRE 404. It is irrelevant, self serving and prejudicial.  FRE 401, 403. |
| 30. DP Decl., ¶ 31. | | 30. Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Petrocelli's statements are not factual evidence, but |

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.

Hearsay, as Petrocelli is testifying as to the purported content of a deposition transcript, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced deposition transcript as misconstruing the content of the deposition transcript as a whole.

Irrelevant, self serving and prejudicial. FRE 401, 403.

The document originally attached to the First Amended Complaint as Exhibit A improperly discloses privileged and confidential information, and its improper use by DC Comics in the related action of *Joanne Siegel, et al., v. Warner Bros., et al.*, 04-CV-8400 ODW (RZx) is subject to an appeal. *See* ¶¶ 11-12, *supra*.

It also suffers from lack of foundation, authentication. FRE 602, 901. It contains hearsay, FRE 801, 802. It contains impermissible character evidence. FRE 404. It is irrelevant, self serving and prejudicial. FRE 401, 403.

| | |
|---|---|
| 31. DP Decl., ¶ 32. | 31. Lack of foundation. Lack of personal knowledge. FRE 602. |

| | |
|---|---|
| | Hearsay, as Petrocelli is testifying as to the purported content of a document, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced document as misconstruing the content of the document as a whole.<br><br>Irrelevant, self serving and prejudicial.  FRE 401, 403. |
| 32. DP Decl., ¶ 33. | 32. Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Hearsay, as Petrocelli is testifying as to the purported contents of a document, which speaks for itself. FRE 802, 1002. Defendants further object to the abbreviated summaries of the referenced document as misconstruing the contents of the document as a whole.<br><br>Hearsay, as Petrocelli is testifying as to the purported content of a deposition transcript, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced deposition transcript as misconstruing the content of the deposition transcript as a whole.<br><br>Irrelevant, self serving and prejudicial.  FRE 401, 403. |
| 33. DP Decl., ¶ 34. | 33. Lack of foundation. Lack of personal knowledge. FRE 602. |

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

| | | |
|---|---|---|
| | | Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.

Hearsay, as Petrocelli is testifying as to the purported content of a deposition transcript, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced deposition transcript as misconstruing the content of the deposition transcript as a whole.

Irrelevant, self serving and prejudicial.  FRE 401, 403. |
| 34. DP Decl., ¶ 35. | | 34. Lack of foundation. Lack of personal knowledge. FRE 602.

Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.

Hearsay, as Petrocelli is testifying as to the purported content of a deposition transcript, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced deposition transcript as misconstruing the content of the deposition transcript as a whole. |

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

| | |
|---|---|
| | Irrelevant, self serving and prejudicial.  FRE 401, 403. |
| 35. DP Decl., ¶ 36. | 35. Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported content of a deposition transcript, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced deposition transcript as misconstruing the content of the deposition transcript as a whole.<br><br>Irrelevant, self serving and prejudicial.  FRE 401, 403. |
| 36. DP Decl., ¶ 37. | 36. Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court. |

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

| | |
|---|---|
| | Hearsay, as Petrocelli is testifying as to the purported content of a deposition transcript, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced deposition transcript as misconstruing the content of the deposition transcript as a whole.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. |
| 37. DP Decl., ¶ 38. | 37. Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Hearsay, as Petrocelli is testifying as to the purported contents of a document, which speaks for itself. FRE 802, 1002. Defendants further object to the abbreviated summaries of the referenced document as misconstruing the contents of the document as a whole.<br><br>Hearsay, as Petrocelli is testifying as to the purported content of a deposition transcript, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced deposition transcript as misconstruing the content of the deposition transcript as a whole.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. |
| 38. DP Decl., ¶ 39. | 38. Lack of foundation. Lack of personal knowledge. FRE 602. |

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

| | |
|---|---|
| | Hearsay, as Petrocelli is testifying as to the purported content of a deposition transcript, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced deposition transcript as misconstruing the content of the deposition transcript as a whole.<br><br>Irrelevant, self serving and prejudicial.  FRE 401, 403. |
| 39. DP Decl., ¶ 40<br>Exhibit 25. | 39. Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Hearsay, as Petrocelli is testifying as to the purported contents of documents, which speak for themselves. FRE 802, 1002. Defendants further object to the abbreviated summaries of the referenced documents as misconstruing the contents of the documents as a whole.<br><br>Irrelevant, self serving and prejudicial.  FRE 401, 403.<br><br>**Exhibit 25**: Lack of foundation, FRE 602.  Hearsay, FRE 801, 802.  Irrelevant, self serving and prejudicial.  FRE 401, 403. |
| 40. DP Decl., ¶ 41. | 40. Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Hearsay, as Petrocelli is testifying as to the purported |

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

| | |
|---|---|
| | contents of documents, which speak for themselves. FRE 802, 1002. Defendants further object to the abbreviated summaries of the referenced documents as misconstruing the contents of the documents as a whole.<br><br>Irrelevant, self serving and prejudicial.  FRE 401, 403. |
| 41. DP Decl., ¶ 42. | 41. Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Irrelevant, self serving and prejudicial.  FRE 401, 403. |
| 42. DP Decl., ¶ 43.<br>    Exhibit 28. | 42. Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported content |

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

| | |
|---|---|
| | of a document, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced document as misconstruing the content of the document as a whole.<br><br>Irrelevant, self serving and prejudicial.  FRE 401, 403.<br><br>**Exhibit 28**: Lack of foundation, FRE 602.  Hearsay, FRE 801, 802.  Irrelevant, self serving and prejudicial.  FRE 401, 403. |
| 43. DP Decl., ¶ 44. | 43. Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Hearsay, as Petrocelli is testifying as to the purported contents of documents, which speak for themselves. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced document as misconstruing the content of the document as a whole.<br><br>Irrelevant, self serving and prejudicial.  FRE 401, 403. |
| 44. DP Decl., ¶ 45. | 44.   Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Hearsay, as Petrocelli is testifying as to the purported content of a document, which speaks for itself.  FRE 802, 1002. Defendants further object to this abbreviated summary of the |

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

| | |
|---|---|
| | referenced document as misconstruing the content of the document as a whole. |
| | Irrelevant, self serving and prejudicial.  FRE 401, 403. |
| 45. DP Decl., ¶ 46.<br>    Exhibits 30, 31, 32, 33, 34, 35, 36 | 45. Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported content of a document, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced document as misconstruing the content of the document as a whole.<br><br>Irrelevant, self serving and prejudicial.  FRE 401, 403.<br><br>**Exhibit 30**: Lack of foundation, FRE 602.  Hearsay, FRE 801, 802.  Irrelevant, self serving and prejudicial.  FRE 401, 403.<br><br>**Exhibit 31**: Lack of foundation, FRE 602.  Hearsay, FRE 801, 802.  Irrelevant, self serving and prejudicial.  FRE 401, |

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

| | |
|---|---|
| | 403. |
| | **Exhibit 32**: Lack of foundation, FRE 602.  Hearsay, FRE 801, 802.  Irrelevant, self serving and prejudicial.  FRE 401, 403. |
| | **Exhibit 33**: Lack of foundation, FRE 602.  Hearsay, FRE 801, 802.  Irrelevant, self serving and prejudicial.  FRE 401, 403. |
| | **Exhibit 34**: Lack of foundation, FRE 602.  Hearsay, FRE 801, 802.  Irrelevant, self serving and prejudicial.  FRE 401, 403. |
| | **Exhibit 35**: Lack of foundation, FRE 602.  Hearsay, FRE 801, 802.  Irrelevant, self serving and prejudicial.  FRE 401, 403. |
| | **Exhibit 36**: Lack of foundation, FRE 602.  Hearsay, FRE 801, 802.  Irrelevant, self serving and prejudicial.  FRE 401, 403. |
| 46. DP Decl., ¶ 47. | 46. Lack of foundation. Lack of personal  knowledge. FRE 602.  Hearsay, as Petrocelli is testifying as to the purported content of a document, which speaks for itself. FRE 802, 1002.  Defendants further object to this abbreviated summary of the |

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

| | |
|---|---|
| | referenced document as misconstruing the content of the document as a whole.<br><br>Irrelevant, self serving and prejudicial.  FRE 401, 403. |
| 47. DP Decl., ¶ 48. | 47. Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported content of a document, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced document as misconstruing the content of the document as a whole.<br><br>Irrelevant, self serving and prejudicial.  FRE 401, 403. |
| 48. DP Decl., ¶ 49. | 48. Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702.  As such, the |

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

| | |
|---|---|
| | statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported content of a document, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced document as misconstruing the content of the document as a whole.<br><br>Hearsay, as Petrocelli is testifying as to the purported content of a deposition transcript, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced deposition transcript as misconstruing the content of the deposition transcript as a whole.<br><br>Irrelevant, self serving and prejudicial.  FRE 401, 403. |
| 49. DP Decl., ¶ 50. | 49. Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported contents of a document, which speaks for itself. FRE 802, |

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

| | | |
|---|---|---|
| | | 1002. Defendants further object to this abbreviated summary of the referenced document as misconstruing the content of the document as a whole.<br><br>Irrelevant, self serving and prejudicial.  FRE 401, 403. |
| 50. DP Decl., ¶ 51. | | 50. Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported content of documents, which speak for themselves. FRE 802, 1002. Defendants further object to the abbreviated summaries of the referenced documents as misconstruing the contents of the documents as a whole.<br><br>Irrelevant, self serving and prejudicial.  FRE 401, 403. |
| 51. DP Decl., ¶ 52. | | 51. Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, |

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

| | |
|---|---|
| | speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported content of a document, which speaks for itself. FRE 802, 1002.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. |
| 52. DP Decl., ¶ 53. | 52. Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court. |
| 53. DP Decl., ¶ 54. | 53. Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported content |

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

| | | |
|---|---|---|
| | | of documents, which speak for themselves. FRE 802, 1002. Defendants further object to the abbreviated summaries of the referenced documents as misconstruing the contents of the documents as a whole.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. |
| 54. DP Decl., ¶ 55. | | 54. Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported content of documents, which speak for themselves. FRE 802, 1002. Defendants further object to the abbreviated summaries of the referenced documents as misconstruing the contents of the documents as a whole.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. |
| 55. DP Decl., ¶ 56. | | 55. Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Petrocelli's statements are not factual evidence, but |

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

| | |
|---|---|
| | conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.

Hearsay, as Petrocelli is testifying as to the purported content of documents, which speak for themselves. FRE 802, 1002. Defendants further object to the abbreviated summaries of the referenced documents as misconstruing the contents of the documents as a whole.

Irrelevant, self serving and prejudicial.  FRE 401, 403. |
| 56. DP Decl., ¶ 57. | 56. Lack of foundation. Lack of personal knowledge. FRE 602.

Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.

Hearsay, as Petrocelli is testifying as to the purported content of a document, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced document as misconstruing the content of the document as a whole. |

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

| | |
|---|---|
| | Irrelevant, self serving and prejudicial and improperly discloses confidential settlement discussions  FRE 401, 403, 408. |
| 57. DP Decl., ¶ 58. | 57. Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Defendants further object on the grounds that this testimony deliberately violates the parties May 1, 2008 JAMS Confidentiality Agreement as well as FRE 408. *See* Docket No. 78 at 18:12-24:13.<br><br>Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported contents of documents, which speak for themselves. FRE 802, 1002. Defendants further object to the abbreviated summaries of the referenced documents as misconstruing the contents of the documents as a whole.<br><br>Irrelevant, self serving and prejudicial.  FRE 401, 403. |
| 58. DP Decl., ¶ 59. | 58. Lack of foundation. Lack of personal knowledge. FRE 602. |

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

| | |
|---|---|
| | Defendants further object on the grounds that this testimony deliberately violates the parties May 1, 2008 JAMS Confidentiality Agreement as well as FRE 408. *See* Docket No. 78 at 18:12-24:13. |
| | Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court. |
| | Hearsay, as Petrocelli is testifying as to the purported content of a deposition transcript, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced deposition transcript as misconstruing the content of the deposition transcript as a whole. |
| | Irrelevant, self serving and prejudicial.  FRE 401, 403. |
| 59. DP Decl., ¶ 60. | 59. Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court. |
| | Hearsay, as Petrocelli is testifying as to the purported contents of documents and orders in the record, which speak |

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

| | |
|---|---|
| | for themselves. FRE 802, 1002.<br><br>Irrelevant, self serving and prejudicial.  FRE 401, 403. |
| 60. DP Decl., ¶ 61. | 60. Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported contents of documents and orders in the record, which speak for themselves. FRE 802, 1002.<br><br>Irrelevant, self serving and prejudicial.  FRE 401, 403. |
| 61. DP Decl., ¶ 62. | 61. Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported contents of documents and orders in the record, which speak for themselves. FRE 802, 1002.<br><br>Irrelevant, self serving and prejudicial.  FRE 401, 403. |

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

| 62. DP Decl., ¶ 63. | 62. Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported contents of documents and orders in the record, which speak for themselves. FRE 802, 1002.<br><br>Irrelevant, self serving and prejudicial.  FRE 401, 403. |
| 63. DP Decl., ¶ 64. | 63. Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported contents of documents and orders in the record, which speak for themselves. FRE 802, 1002.<br><br>Irrelevant, self serving and prejudicial.  FRE 401, 403. |
| 64. DP Decl., ¶ 65. | 64. Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be |

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

| | |
|---|---|
| | considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported contents of documents, which speak for themselves. FRE 802, 1002. Defendants further object to these abbreviated summaries of the referenced documents as misconstruing the content of the document as a whole.<br><br>Irrelevant, self serving and prejudicial.  FRE 401, 403. |
| 65. DP Decl., ¶ 66. | 65. Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported contents of documents, which speak for themselves. FRE 802, 1002. Defendants further object to these abbreviated summaries of the referenced documents as misconstruing the content of the document as a whole.<br><br>Irrelevant, self serving and prejudicial.  FRE 401, 403. |
| 66. DP Decl., ¶ 67. | 66. Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be |

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

| | | considered by the Court. |
| | | |
| | | Hearsay, as Petrocelli is testifying as to the purported contents of documents, which speak for themselves. FRE 802, 1002. Defendants further object to these abbreviated summaries of the referenced documents as misconstruing the content of the document as a whole. |
| | | |
| | | Irrelevant, self serving and prejudicial.  FRE 401, 403. |
| 67. DP Decl., ¶ 68. | | 67. Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court. |
| | | |
| | | Hearsay, as Petrocelli is testifying as to the purported contents of documents, which speak for themselves. FRE 802, 1002. Defendants further object to these abbreviated summaries of the referenced documents as misconstruing the content of the document as a whole. |
| | | |
| | | Irrelevant, self serving and prejudicial.  FRE 401, 403. |
| 68. DP Decl., ¶ 69. | | 68. Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be |

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

| | | |
|---|---|---|
| | | considered by the Court. |
| | | Hearsay, as Petrocelli is testifying as to the purported contents of documents, which speak for themselves. FRE 802, 1002. Defendants further object to these abbreviated summaries of the referenced documents as misconstruing the content of the document as a whole. |
| | | Irrelevant, self serving and prejudicial.  FRE 401, 403. |
| 69. DP Decl., ¶ 70. | | 69. Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court. |
| | | Hearsay, as Petrocelli is testifying as to the purported contents of documents, which speak for themselves. FRE 802, 1002. Defendants further object to these abbreviated summaries of the referenced documents as misconstruing the content of the document as a whole. |
| | | Irrelevant, self serving and prejudicial.  FRE 401, 403. |
| 70. DP Decl., ¶ 71. | | 70. Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be |

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

| | |
|---|---|
| | considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported contents of documents, which speak for themselves. FRE 802, 1002. Defendants further object to these abbreviated summaries of the referenced documents as misconstruing the content of the document as a whole.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. |
| 71. DP Decl., ¶ 72. | 71. Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported contents of documents, which speak for themselves. FRE 802, 1002. Defendants further object to these abbreviated summaries of the referenced documents as misconstruing the content of the document as a whole.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. |
| 72. DP Decl., ¶ 73. | 72. Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be |

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

| | considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported contents of documents, which speak for themselves. FRE 802, 1002. Defendants further object to these abbreviated summaries of the referenced documents as misconstruing the content of the document as a whole.<br><br>Irrelevant, self serving and prejudicial.  FRE 401, 403. |
| --- | --- |
| 73. DP Decl., ¶ 74. | 73. Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported contents of documents, which speak for themselves. FRE 802, 1002. Defendants further object to these abbreviated summaries of the referenced documents as misconstruing the content of the document as a whole.<br><br>Irrelevant, self serving and prejudicial.  FRE 401, 403. |
| 74. DP Decl., ¶ 75. | 74. Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be |

| | |
|---|---|
| | considered by the Court. |
| | |
| | Hearsay, as Petrocelli is testifying as to the purported contents of documents, which speak for themselves. FRE 802, 1002. Defendants further object to these abbreviated summaries of the referenced documents as misconstruing the content of the document as a whole. |
| | |
| | Irrelevant, self serving and prejudicial.  FRE 401, 403. |
| 75. DP Decl., ¶ 76. | 75. Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court. |
| | |
| | Hearsay, as Petrocelli is testifying as to the purported contents of documents, which speak for themselves. FRE 802, 1002. Defendants further object to these abbreviated summaries of the referenced documents as misconstruing the content of the document as a whole. |
| | |
| | Irrelevant, self serving and prejudicial.  FRE 401, 403. |
| 76. DP Decl., ¶ 77. | 76. Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be |

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

| | |
|---|---|
| | considered by the Court. |
| | Hearsay, as Petrocelli is testifying as to the purported contents of documents, which speak for themselves. FRE 802, 1002. Defendants further object to these abbreviated summaries of the referenced documents as misconstruing the content of the document as a whole. |
| | Irrelevant, self serving and prejudicial. FRE 401, 403. |
| 77. DP Decl., ¶ 78. | 77. Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court. |
| | Hearsay, as Petrocelli is testifying as to the purported contents of documents, which speak for themselves. FRE 802, 1002. Defendants further object to these abbreviated summaries of the referenced documents as misconstruing the content of the document as a whole. |
| | Irrelevant, self serving and prejudicial. FRE 401, 403. |
| 78. DP Decl., ¶ 79. | 78. Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be |

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

| | considered by the Court. |
|---|---|
| | Hearsay, as Petrocelli is testifying as to the purported contents of documents, which speak for themselves. FRE 802, 1002. Defendants further object to these abbreviated summaries of the referenced documents as misconstruing the content of the document as a whole. |
| | Irrelevant, self serving and prejudicial.  FRE 401, 403. |
| 79. DP Decl., ¶ 80. | 79. Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court. |
| | Hearsay, as Petrocelli is testifying as to the purported contents of documents, which speak for themselves. FRE 802, 1002. Defendants further object to these abbreviated summaries of the referenced documents as misconstruing the content of the document as a whole. |
| | Irrelevant, self serving and prejudicial.  FRE 401, 403. |
| 80. DP Decl., ¶ 81. | 80. Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be |

| | considered by the Court. |
|---|---|
| | Hearsay, as Petrocelli is testifying as to the purported contents of documents, which speak for themselves. FRE 802, 1002. Defendants further object to these abbreviated summaries of the referenced documents as misconstruing the content of the document as a whole. |
| | Irrelevant, self serving and prejudicial.  FRE 401, 403. |
| 81. DP Decl., ¶ 82. | 81. Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court. |
| | Hearsay, as Petrocelli is testifying as to the purported contents of documents, which speak for themselves. FRE 802, 1002. Defendants further object to these abbreviated summaries of the referenced documents as misconstruing the content of the document as a whole. |
| | Irrelevant, self serving and prejudicial.  FRE 401, 403. |
| 82. DP Decl., ¶ 83. | 82. Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be |

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

| | |
|---|---|
| | considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported contents of documents, which speak for themselves. FRE 802, 1002. Defendants further object to these abbreviated summaries of the referenced documents as misconstruing the content of the document as a whole.<br><br>Irrelevant, self serving and prejudicial.  FRE 401, 403. |
| 83. DP Decl., ¶ 84. | 83. Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported contents of documents, which speak for themselves. FRE 802, 1002. Defendants further object to these abbreviated summaries of the referenced documents as misconstruing the content of the document as a whole.<br><br>Irrelevant, self serving and prejudicial.  FRE 401, 403. |
| 84. DP Decl., ¶ 85. | 84. Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be |

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

| | |
|---|---|
| | considered by the Court. |
| | |
| | Hearsay, as Petrocelli is testifying as to the purported contents of documents, which speak for themselves. FRE 802, 1002. Defendants further object to these abbreviated summaries of the referenced documents as misconstruing the content of the document as a whole. |
| | |
| | Irrelevant, self serving and prejudicial.  FRE 401, 403. |
| 85. DP Decl., ¶ 86. | 85. Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court. |
| | |
| | Hearsay, as Petrocelli is testifying as to the purported contents of documents, which speak for themselves. FRE 802, 1002. Defendants further object to these abbreviated summaries of the referenced documents as misconstruing the content of the document as a whole. |
| | |
| | Irrelevant, self serving and prejudicial.  FRE 401, 403. |
| 86. DP Decl., ¶ 87. | 86. Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be |

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

| | | considered by the Court.

Hearsay, as Petrocelli is testifying as to the purported contents of documents, which speak for themselves. FRE 802, 1002. Defendants further object to these abbreviated summaries of the referenced documents as misconstruing the content of the document as a whole.

Irrelevant, self serving and prejudicial.  FRE 401, 403. |
| --- | --- | --- |
| 87. DP Decl., ¶ 88. | | 87. Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.

Hearsay, as Petrocelli is testifying as to the purported contents of documents, which speak for themselves. FRE 802, 1002. Defendants further object to these abbreviated summaries of the referenced documents as misconstruing the content of the document as a whole.

Irrelevant, self serving and prejudicial.  FRE 401, 403. |
| 88. DP Decl., ¶ 89. | | 88. Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be |

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

| | |
|---|---|
| | considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported contents of documents, which speak for themselves. FRE 802, 1002. Defendants further object to these abbreviated summaries of the referenced documents as misconstruing the content of the document as a whole.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. |
| 89. DP Decl., ¶ 90. | 89. Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported contents of documents, which speak for themselves. FRE 802, 1002. Defendants further object to these abbreviated summaries of the referenced documents as misconstruing the content of the document as a whole.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. |
| 90. DP Decl., ¶ 91. | 90. Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be |

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

| | |
|---|---|
| | considered by the Court. |
| | Hearsay, as Petrocelli is testifying as to the purported contents of documents, which speak for themselves. FRE 802, 1002. Defendants further object to these abbreviated summaries of the referenced documents as misconstruing the content of the document as a whole. |
| | Irrelevant, self serving and prejudicial.  FRE 401, 403. |
| 91. DP Decl., ¶ 92. | 91. Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court. |
| | Hearsay, as Petrocelli is testifying as to the purported contents of documents, which speak for themselves. FRE 802, 1002. Defendants further object to these abbreviated summaries of the referenced documents as misconstruing the content of the document as a whole. |
| | Irrelevant, self serving and prejudicial.  FRE 401, 403. |
| 92. DP Decl., ¶ 93. | 92. Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be |

| | |
|---|---|
| | considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported contents of documents, which speak for themselves. FRE 802, 1002. Defendants further object to these abbreviated summaries of the referenced documents as misconstruing the content of the document as a whole.<br><br>Irrelevant, self serving and prejudicial.  FRE 401, 403. |
| 93. DP Decl., ¶ 94. | 93. Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported contents of documents, which speak for themselves. FRE 802, 1002. Defendants further object to these abbreviated summaries of the referenced documents as misconstruing the content of the document as a whole.<br><br>Irrelevant, self serving and prejudicial.  FRE 401, 403. |
| 94. DP Decl., ¶ 95. | 94. Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be |

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

| | |
|---|---|
| | considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported contents of documents, which speak for themselves. FRE 802, 1002. Defendants further object to these abbreviated summaries of the referenced documents as misconstruing the content of the document as a whole.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. |
| 95. DP Decl., ¶ 96. | 95. Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported contents of documents, which speak for themselves. FRE 802, 1002. Defendants further object to these abbreviated summaries of the referenced documents as misconstruing the content of the document as a whole.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. |
| 96. DP Decl., ¶ 97. | 96. Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be |

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

| | |
|---|---|
| | considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported contents of documents, which speak for themselves. FRE 802, 1002. Defendants further object to these abbreviated summaries of the referenced documents as misconstruing the content of the document as a whole.<br><br>Irrelevant, self serving and prejudicial.  FRE 401, 403. |
| 97. DP Decl., ¶ 98. | 97. Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported contents of documents, which speak for themselves. FRE 802, 1002. Defendants further object to these abbreviated summaries of the referenced documents as misconstruing the content of the document as a whole.<br><br>Irrelevant, self serving and prejudicial.  FRE 401, 403. |
| 98. DP Decl., ¶ 99. | 98. Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be |

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

| | considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported contents of documents, which speak for themselves. FRE 802, 1002. Defendants further object to these abbreviated summaries of the referenced documents as misconstruing the content of the document as a whole.<br><br>Irrelevant, self serving and prejudicial.  FRE 401, 403. |
|---|---|
| 99. DP Decl., ¶ 100. | 99. Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported contents of documents, which speak for themselves. FRE 802, 1002. Defendants further object to these abbreviated summaries of the referenced documents as misconstruing the content of the document as a whole.<br><br>Irrelevant, self serving and prejudicial.  FRE 401, 403. |
| 100. DP Decl., ¶ 101. | 100. Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be |

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

| | considered by the Court. |
| | |
| | Hearsay, as Petrocelli is testifying as to the purported contents of documents, which speak for themselves. FRE 802, 1002. Defendants further object to these abbreviated summaries of the referenced documents as misconstruing the content of the document as a whole. |
| | |
| | Irrelevant, self serving and prejudicial.  FRE 401, 403. |
| 101. DP Decl., ¶ 102. | 101. Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court. |
| | |
| | Hearsay, as Petrocelli is testifying as to the purported contents of documents, which speak for themselves. FRE 802, 1002. Defendants further object to these abbreviated summaries of the referenced documents as misconstruing the content of the document as a whole. |
| | |
| | Irrelevant, self serving and prejudicial.  FRE 401, 403. |
| 102. DP Decl., ¶ 103. | 102. Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be |

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

| | | considered by the Court. |
|---|---|---|
| | | Hearsay, as Petrocelli is testifying as to the purported contents of documents, which speak for themselves. FRE 802, 1002. Defendants further object to these abbreviated summaries of the referenced documents as misconstruing the content of the document as a whole. |
| | | Irrelevant, self serving and prejudicial.  FRE 401, 403. |
| 103. DP Decl., ¶ 104. | | 103. Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court. |
| | | Hearsay, as Petrocelli is testifying as to the purported contents of documents, which speak for themselves. FRE 802, 1002. Defendants further object to these abbreviated summaries of the referenced documents as misconstruing the content of the document as a whole. |
| | | Irrelevant, self serving and prejudicial.  FRE 401, 403. |
| 104. DP Decl., ¶ 105. | | 104. Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be |

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

| | | considered by the Court. |
|---|---|---|
| | | Hearsay, as Petrocelli is testifying as to the purported contents of documents, which speak for themselves. FRE 802, 1002. Defendants further object to these abbreviated summaries of the referenced documents as misconstruing the content of the document as a whole. |
| | | Irrelevant, self serving and prejudicial. FRE 401, 403. |
| 105. DP Decl., ¶ 106. | 105. Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court. | |
| | Hearsay, as Petrocelli is testifying as to the purported contents of documents, which speak for themselves. FRE 802, 1002. Defendants further object to these abbreviated summaries of the referenced documents as misconstruing the content of the document as a whole. | |
| | Irrelevant, self serving and prejudicial. FRE 401, 403. | |
| 106. DP Decl., ¶ 107. | 106. Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be | |

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

| | | considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported contents of documents, which speak for themselves. FRE 802, 1002. Defendants further object to these abbreviated summaries of the referenced documents as misconstruing the content of the document as a whole.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. |
|---|---|---|
| 107. DP Decl., ¶ 108. | | 107. Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported contents of documents, which speak for themselves. FRE 802, 1002. Defendants further object to these abbreviated summaries of the referenced documents as misconstruing the content of the document as a whole.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. |
| 108. DP Decl., ¶ 109. | | 108. Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be |

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

| | | |
|---|---|---|
| | | considered by the Court. |
| | | Hearsay, as Petrocelli is testifying as to the purported contents of documents, which speak for themselves. FRE 802, 1002. Defendants further object to these abbreviated summaries of the referenced documents as misconstruing the content of the document as a whole. |
| | | Irrelevant, self serving and prejudicial.  FRE 401, 403. |
| 109. DP Decl., ¶ 110. | | 109. Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court. |
| | | Hearsay, as Petrocelli is testifying as to the purported contents of documents, which speak for themselves. FRE 802, 1002. Defendants further object to these abbreviated summaries of the referenced documents as misconstruing the content of the document as a whole. |
| | | Irrelevant, self serving and prejudicial.  FRE 401, 403. |
| 110. DP Decl., ¶ 111. | | 110. Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be |

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

| | | considered by the Court. |
| --- | --- | --- |
| | | Hearsay, as Petrocelli is testifying as to the purported contents of documents, which speak for themselves. FRE 802, 1002. Defendants further object to these abbreviated summaries of the referenced documents as misconstruing the content of the document as a whole. |
| | | Irrelevant, self serving and prejudicial.  FRE 401, 403. |
| 111. DP Decl., ¶ 112. | | 111. Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court. |
| | | Hearsay, as Petrocelli is testifying as to the purported contents of documents, which speak for themselves. FRE 802, 1002. Defendants further object to these abbreviated summaries of the referenced documents as misconstruing the content of the document as a whole. |
| | | Irrelevant, self serving and prejudicial.  FRE 401, 403. |
| 112. DP Decl., ¶ 113. | | 112. Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be |

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

| | considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported contents of documents, which speak for themselves. FRE 802, 1002. Defendants further object to these abbreviated summaries of the referenced documents as misconstruing the content of the document as a whole.<br><br>Irrelevant, self serving and prejudicial.  FRE 401, 403. |
|---|---|
| 113. DP Decl., ¶ 114. | 113. Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Irrelevant, self serving and prejudicial.  FRE 401, 403. |
| 114. DP Decl., ¶ 115. | 114. Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Irrelevant, self serving and prejudicial.  FRE 401, 403. |
| 115. DP Decl., ¶ 116. | 115. Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, |

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

| | | |
|---|---|---|
| | | speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Irrelevant, self serving and prejudicial.  FRE 401, 403. |
| 116. DP Decl., ¶ 117. | | 116. Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Irrelevant, self serving and prejudicial.  FRE 401, 403. |
| 117. DP Decl., ¶ 118. | | 117. Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Irrelevant, self serving and prejudicial.  FRE 401, 403. |
| 118. DP Decl., ¶ 119. | | 118. Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court. |

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

| | |
|---|---|
| | Hearsay, as Petrocelli is testifying as to the purported contents of documents, which speak for themselves. FRE 802, 1002. Defendants further object to these abbreviated summaries of the referenced documents as misconstruing the content of the document as a whole.<br><br>Irrelevant, self serving and prejudicial.  FRE 401, 403. |
| 119. DP Decl., ¶ 120. | 119. Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>This paragraph impermissibly contains additional arguments outside of Plaintiff's opposition to Defendants' Anti-SLAPP motion in violation of paragraph 5(c) of this Court's Standing Order.<br><br>Moreover, Petrocelli purports to recite the "laundry list" of discovery that is allegedly needed, without making any showing what discovery has already occurred on these topics or how it is relevant to any of the specific factual issues addressed in the Anti-SLAPP motion. *See* ¶ 8, *supra*. |
| 120. DP Decl., ¶ 121. | 120. Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the |

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

| | |
|---|---|
| | statements do not constitute competent evidence that may be considered by the Court.<br><br>Irrelevant, self serving and prejudicial.  FRE 401, 403. |
| 121. DP Decl., ¶ 122. | 121. Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Irrelevant, self serving and prejudicial.  FRE 401, 403. |
| 122. DP Decl., ¶ 123. | 122. Petrocelli's use of entire deposition transcripts violates this Court's Scheduling and Case Management Order 6(d)(ii). |
| 123. DP Decl., ¶ 124. | 123. Petrocelli's use of entire deposition transcripts violates this Court's Scheduling and Case Management Order 6(d)(ii) and Local Rule 7-7. |
| 124. DP Decl., ¶ 125. | 124. Petrocelli's use of entire deposition transcripts violates this Court's Scheduling and Case Management Order 6(d)(ii). |
| 125. DP Decl., ¶ 126. | 125. Petrocelli's use of entire deposition transcripts violates this Court's Scheduling and Case Management Order 6(d)(ii). |

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

| | |
|---|---|
| 126. DP Decl., ¶ 127. | 126. Petrocelli's use of entire deposition transcripts violates this Court's Scheduling and Case Management Order 6(d)(ii). |
| 127. DP Decl., ¶ 128. | 127. Petrocelli's use of entire deposition transcripts violates this Court's Scheduling and Case Management Order 6(d)(ii). |
| 128. DP Decl., ¶ 129. | 128. Petrocelli's use of entire deposition transcripts violates this Court's Scheduling and Case Management Order 6(d)(ii). |
| 129. DP Decl., ¶ 130. | 129. Petrocelli's use of entire deposition transcripts violates this Court's Scheduling and Case Management Order 6(d)(ii). |
| 130. DP Decl., ¶ 131. | 130. Petrocelli's use of entire deposition transcripts violates this Court's Scheduling and Case Management Order 6(d)(ii). |
| 131. DP Decl., ¶ 132. | 131. Petrocelli's use of entire deposition transcripts violates this Court's Scheduling and Case Management Order 6(d)(ii). |
| 132. DP Decl., ¶ 133. | 132. Petrocelli's use of entire deposition transcripts violates this Court's Scheduling and Case Management Order 6(d)(ii). |

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI

| | |
|---|---|
| 133. DP Decl., ¶ 134. | 133. Petrocelli's use of entire deposition transcripts violates this Court's Scheduling and Case Management Order 6(d)(ii). |
| 134. DP Decl., ¶ 135. | 134. Petrocelli's use of entire deposition transcripts violates this Court's Scheduling and Case Management Order 6(d)(ii). |

DATED: August 29, 2010          TOBEROFF & ASSOCIATES, P.C.


                                   By   /s/ Marc Toberoff
                                        Marc Toberoff

                                   Attorneys for Defendants Mark Warren
                                   Peary, as personal representative of the Estate
                                   of Joseph Shuster, Jean Adele Peavy and
                                   Laura Siegel Larson

DEFENDANTS' OBJECTIONS TO THE DECLARATION OF DANIEL M. PETROCELLI