# EXHIBIT G

# TOBEROFF & ASSOCIATES, P.C.

A PROFESSIONAL CORPORATION

2049 CENTURY PARK EAST, SUITE 3630

LOS ANGELES, CALIFORNIA 90067

MARC TOBEROFF*
NICHOLAS C. WILLIAMSON
KEITH G. ADAMS
JEFFREY R. RHOADS

TELEPHONE
(310) 246-3333

FACSIMILE
(310) 246-3101

* Also admitted in New York

mtoberoff@ipwla.com

August 1, 2011

<u>Via E-Mail</u>

Matthew Kline
O'Melveny and Myers LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067

Re:   <u>*DC Comics v. Pacific Pictures Corp., et al.*</u>, Case No. 10-CV-03633 ODW (RZx)

Matt:

I write in response to your July 25, 2011 letter, which seeks to compel documents based entirely on your mischaracterization of comments by Laura Siegel Larson at her deposition, and to your July 29, 2011 follow-up letter. We have not yet received the transcript for Ms. Larson's deposition. This letter should thus not be taken as a full response to the numerous misstatements and distortions of the record made in your letter.

<u>Document Production</u>:  As defendants have stated, Ms. Larson has searched her own files for the documents DC has requested, as well as most of the files of her late mother, Joanne Siegel. Ms. Larson is currently on vacation and upon her return will complete the search of her mother's files. While we do not expect Ms. Larson's search of her mother's remaining files to result in the discovery of any new responsive documents, if any new non-privileged responsive documents are found such documents will be produced.

<u>November 2, 2002 Letter</u>:  As Ms. Larson stated, she turned her correspondence with Michael Siegel over to our law offices. We did not locate a November 2, 2002 letter from Laura Siegel Larson to Michael Siegel among that correspondence. Defendants clearly addressed this issue in response to DC's motion to compel the production of the November 2, 2002 letter, which Magistrate Zarefsky ***denied***. Docket No. 267-1 at 23:27-24:15.

<u>Other Michael Siegel Communications</u>:  We are not aware of any responsive correspondence between Michael Siegel and Laura Siegel Larson that has not been produced.

<u>July 2003 Letter</u>:  DC has made numerous motions to compel on this subject which have been ***denied***.

EXHIBIT G
365

**TOBEROFF & ASSOCIATES, P.C.**

August 1, 2011
Re:   *DC Comics v. Pacific Pictures Corp.*
Page:   2 of 2

"Boxes" of Documents:  Subject to Ms. Larson completing her search of documents retrieved from her late mother's apartment (see above), the responsive documents in Ms. Larson's possession have been either been produced or logged.  DC's theatrical references to Ms. Larson's "boxes" of documents that she keeps related to the *Siegel* case and this case are a red herring.  DC did not substantially ask Ms. Larson what was in those boxes.  Ms. Larson keeps copies of various documents from both the *Siegel* litigation and this case, which need not be produced pursuant to the parties' December 6, 2010 stipulation; she also kept copies of some documents that she has already produced or logged, and, as you can imagine, she also has documents in boxes that are simply not responsive to DC's requests.

Other Issues:  The extension of the IP Worldwide agreement has been produced.  Correspondence between Ms. Larson and **her attorney**, George Zadorozny, has been logged.  *See, e.g.,* Siegel Privilege Log Entries 844-847, 2081, 2083-84.  Ms. Larson's privilege logs will be updated to reflect further correspondence between Ms. Larson and Mr. Zadorozny, if any.

We are available to meet-and-confer on these issues at a break during Dawn Peavy's deposition on August 3 or anytime on August 4.

Nothing in this letter should be construed as a waiver or limitation of any of defendants' rights or remedies, all of which are reserved.

Very truly yours,

Marc Toberoff

EXHIBIT G
366