DANIEL M. PETROCELLI (S.B. # 097802)
  dpetrocelli@omm.com
MATTHEW T. KLINE (S.B. # 211640)
  mkline@omm.com
CASSANDRA L. SETO (S.B. # 246608)
  cseto@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA  90067-6035
Telephone:  (310) 553-6700
Facsimile:   (310) 246-6779

PATRICK T. PERKINS (admitted pro hac vice)
  pperkins@ptplaw.com
PERKINS LAW OFFICE, P.C.
1711 Route 9D
Cold Spring, NY 10516
Telephone:  (845) 265-2820
Facsimile:   (845) 265-2819

Attorneys for Plaintiff DC Comics

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DC COMICS, | Case No.  CV 10-3633 ODW (RZx) |
| Plaintiff, | **DISCOVERY MATTER** |
| v. | **DC COMICS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS OR, IN THE ALTERNATIVE, FOR RECONSIDERATION OF THE COURT'S JUNE 20 AND APRIL 11, 2011 ORDERS** |
| PACIFIC PICTURES CORPORATION, IP WORLDWIDE, LLC, IPW, LLC, MARC TOBEROFF, an individual, MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER, JEAN ADELE PEAVY, an individual, LAURA SIEGEL LARSON, an individual and as personal representative of the ESTATE OF JOANNE SIEGEL, and DOES 1-10, inclusive, | SUPPLEMENTAL DECLARATION OF MATTHEW T. KLINE FILED CONCURRENTLY HEREWITH |
| Defendant. | **Judge**:          Hon. Otis D. Wright II<br>**Magistrate**:   Hon. Ralph Zarefsky |
| | **Hearing Date**:     Sept. 26, 2011<br>**Hearing Time**:     10:00 a.m.<br>**Courtroom:**          540<br>**Discovery Cutoff:**  None Set<br>**Pretrial Conference:** None Set<br>**Trial:**                    None Set |

1    No court—not this Court, not Judge Wright, not Judge Larson in *Siegel*—has

2    ever had the opportunity to answer the following question:  Whether a July 2003

3    letter from Laura Siegel to her brother Michael concerning the sale of the Siegels'

4    purported Superman rights to an unnamed "billionaire investor" is shielded by the

5    common-interest privilege.  Defendants assert this issue was resolved in their favor

6    eight times.  That is untrue.  While there are five court rulings relating to this issue,

7    *none* addressed—or much less answered—this question.  There is a very simple

8    reason why this is so:  Before filing their current opposition, defendants *never*

9    confirmed the existence of the July 2003 letter, *never* listed it among their 7,565

10    privilege-log entries, and *never* asserted a "common interest" privilege over it.

11    Appendix A to this brief contains all Siegel privilege log entries for July

12    2003.  No letter from Laura to Michael is listed.  Nor is any common-interest claim

13    made, other than for a July 21, 2003, note by Don Bulson, and for a fax (Entry 325)

14    Toberoff sent to Bulson on July 16, 2003.  An Ohio district court ordered the July

15    16 fax be produced because the common-interest privilege asserted was without

16    basis.  The July 16 fax, like other communications improperly withheld, was not

17    privileged because it "relate[d] to the offers [made by] … Toberoff, on behalf of an

18    investor who wishes to purchase Michael Siegel's interest…."  Docket No. 161-5 at

19    31.  As defendants admit, Laura's July 2003 letter concerns the same subject:  "The

20    July 2003 letter was a response to a May 11, 2003 letter from Michael Siegel *that*

21    *concerned an offer to purchase Mr. Siegel's limited Superman interest*."  Opp. at

22    4:24-25.  Laura's response letter is equally not privileged and must be produced.

23    **I.    No Court Has Ever Ruled That Larson's July 2003 Letter Is Privileged.**

24    Defendants assert the July 2003 Letter is a "logged document" that has been

25    held to be privileged, Opp. at 4:4, but they refused to disclose during our Rule 37

26    conferences where among the privilege logs the letter appeared.  It was only in their

27    opposition to this motion that they finally conceded that the letter can be found at

28    Entry 82 of Laura Siegel's privilege log in *Siegel*.  *Id.* at 22:6.  However, Entry 82

SUPPL. MEMO ISO DC'S MTC PROD. OF
DOCS OR MOT. FOR RECON.

1    is listed as a facsimile from Laura to Marc Toberoff, *see* Appendix A at 2—it says

2    nothing about a letter from Laura to Michael.  This is definitive proof of what DC

3    has urged all along:  Defendants' privilege logs have deliberately misidentified

4    documents in an effort to shield them from disclosure.

5            Because defendants, until now, have succeeded in withholding the existence

6    and identification of Laura's letter to Michael, DC has never been able to address

7    defendants' assertion that the letter is shielded by the common-interest privilege.

8    As shown below, no court ruling decided this claim, and the claim is unfounded.

9            <u>Ruling No. 1.</u>  In March 2007, DC moved in the *Siegel* case to compel the

10   production of all non-privileged enclosures to the Toberoff Timeline, including

11   "correspondence concerning the interest in Superman that might be owned by …

12   Michael Siegel."  Docket Nos. 163-12, Ex. TT ¶ 9; 164-1, Ex. B ¶ 3.  In response,

13   defendants did not disclose Laura's July 2003 letter, did not list it on a log, and did

14   not say it was subject to a common-interest privilege.  Defendants, instead, argued

15   they had "produced non-privileged responsive documents in their possession and

16   listed the privileged documents in a privilege log."  Docket No. 42-13 at 129-32.

17           On April 30, the Court ordered Toberoff to submit a declaration identifying

18   the Bates-stamp or log-entry number for each Timeline enclosure.  Kline Decl. Ex.

19   3.  Defendants now assert, for the first time, that "the July 2003 letter was matched

20   up to the Siegels' 'supplemental privilege log #82,'" Opp. at 22:5-6, even though

21   Entry 82 makes *no* mention of a July 2003 letter from Laura to Michael or common

22   interest privilege.  Far from it, Entry 82 lists a July 11, 2003, "Facsimile" from

23   Laura to Toberoff allegedly covered by "Atty/Client" privilege.  Appendix A at 2.

24           <u>Ruling No. 2.</u>  In September 2007, DC challenged Toberoff's reading of the

25   Court's April 30 order as justification for withholding numerous documents.

26   Docket No. 164-1, Ex. C.  DC pointed to missing correspondence between Laura

27   and Michael as examples of documents yet to be produced.  *Id.* at 49; Docket No.

28   164-2 at 92-93.  In their opposition, defendants did not disclose that Laura's July

SUPPL. MEMO ISO DC'S MTC PROD. OF
DOCS OR MOT. FOR RECON.

2003 letter existed or claim any privilege over it; rather, they argued the Court had "approved the format of [their] logs." Docket No. 164-1, Ex. C at 70.

Before Judge Larson addressed DC's motion, an Ohio court ordered Toberoff to produce 15 communications between Toberoff and Bulson post-dating January 2003 regarding efforts by the "investor" to buy Michael's rights. The ruling did not address Laura's July 2003 letter—that document was not disclosed on any log—but did reject Toberoff's claim that such communications about Michael's rights were subject to a common-interest privilege. Docket No. 161-5 at 30-31. DC informed Judge Larson of this ruling and noted that "a letter dated on or about July 11, 2003" from Laura to Michael likely also existed. Docket No. 164-2 at 108-09. Judge Larson did not "*reject*[] DC's repeated challenge to the Siegels' privilege logs," as defendants wrongly assert. Opp. at 22. To the contrary, in late 2008, he ordered the escrow holder to "produce to [DC] any escrow document not previously listed in a privilege log" or not previously produced. Docket No. 164-2 Ex. H at 116.

Ruling No. 3. The escrow holder sought clarification of the order, and DC urged the Court to allow him to compare the Timeline documents with Toberoff's declaration to ensure all non-privileged documents were produced. Docket No. 164-2 at 118. Judge Larson declined to permit the escrow holder to assess Toberoff's privilege claims. *Id.* at 121. Judge Larson made no ruling regarding Laura's July 2003 letter. Nor could he have. The July letter is mentioned *nowhere* in Toberoff's declaration, and *no* claim of common-interest privilege was asserted over the letter or ever litigated. We only now have confirmed—as of two weeks ago—that the letter was buried without identification under privilege log Entry 82.

Ruling No. 4. DC finally obtained a copy of the Timeline and moved earlier this year to obtain correspondence between Laura and Michael from May and July 2003 that the Timeline describes. Docket No. 160 at 30-38. Defendants refused to confirm whether the May and July correspondence existed—except to deny that a "July 5 letter" existed. Docket No. 160 at 71-72n.26. Defendants *never asserted*

the May or July 2003 correspondence between brother and sister was covered by a common-interest privilege.  Instead, they argued the Court rejected challenges to "the Siegels' privilege logs" and there was no basis to revisit those rulings.  *Id.* at 67.  They also argued the Timeline was "a grossly inaccurate hit piece," referred "to numerous documents that do not exist," and to "the extent that relevant documents exist, they have either been produced or designated as privileged."  *Id.* at 71.

On April 11, the Court ordered defendants to produce the May 2003 letter from Michael to Laura, but declined to order the production of Laura's July 2003 response, reasoning "[a]lthough defendants are somewhat cryptic about [the July 11, 2003] letter, … they asserted privilege as to the letter during the prior litigation, a designation that was upheld by this Court. …"  Docket No. 209 at 11.  But defendants have now conceded the truth:  The letter to which "they asserted privilege" is at Entry 82, and is a facsimile from Laura to Toberoff—*not* the July 2003 letter from Laura to Michael.  *Compare* Opp. at 22:6, *with* Appendix A at 2.

Ruling No. 5.  Citing the May 13 letter, DC moved to compel Laura's likely July 2003 response to it.  Docket No. 253.  Defendants again did not admit such a letter existed or claim it was covered by a common-interest privilege.  They contended the Court's rulings barred DC's motion.  Docket No. 269 at 12.  The Court denied DC's motion, saying it did not want to compel defendants to conduct a "vague" search for a document that might not exist.  Docket No. 288 at 19:11-23.

Laura's deposition and defendants' opposition now change this.  Both prove the July letter exists, and defendants *know exactly where it is*:  It is hidden behind log entry 82.  No court has ever addressed whether Laura's letter to her brother is privileged, and defendants cannot rely on any ruling concerning Entry 82, given that it blatantly misdescribes the document over which privilege is now claimed.

**II.    The July 2003 Letter Is Not Shielded By A Common-Interest Privilege.**

Having never done so before, defendants now assert Laura's July 2003 letter is privileged because she shared a "common interest in the Siegel terminations"

SUPPL. MEMO ISO DC'S MTC PROD. OF DOCS OR MOT. FOR RECON.

1   with Michael.  Opp. at 24.  The Ohio court rejected this very argument.  Analyzing

2   15 communications from the same time period (post-January 2003) concerning the

3   same subject matter (efforts by Toberoff's "investor" to purchase Michael's rights):

> [T]he court f[ound] that the interest of Michael Siegel … is separate and apart from those of Joanne and Laura Siegel.  These documents relate to offers back and forth between [Marc] Toberoff, on behalf of an investor who wishes to purchase Michael Siegel's interest and Bulson on behalf of Michael Siegel.  Docket No. 161-5 at 30-31.

7   If anyone is seeking reconsideration of past rulings, it is defendants in asserting a

8   common-interest claim over the July 2003 letter.  The privilege claim also makes

9   no sense.  Defendants produced Michael's May letter and never asserted privilege.

10  Laura's response is equally non-privileged.  As her deposition shows, her letter

11  concerns "criticisms of Mr. Toberoff," Docket No. 316-5 at 325-27, and false

12  promises he made to the Siegels about "investors," which are central to DC's case.

13  **III.   Drafts Of The July 2003 Letter Should Also Be Produced.**

14           Defendants attack a straw man in arguing that a purported theft at Toberoff's

15  offices does not trigger waiver of privilege over drafts of the July 2003 letter.  Opp.

16  at 26-28.  But DC never relied on the delivery of the Timeline to Warner Bros. as

17  the act of waiver.  The waiver was defendants' decision not to list the Timeline on

18  any privilege log or in Toberoff's 2007 court-ordered declaration.  Judge Larson

19  held these were the acts of waiver (not any alleged theft) that entitled DC to the

20  Timeline.  Docket No. 42-14 at 213-17.  The Timeline, in turn, openly discloses

21  how Toberoff and Laura edited the July 2003 letter, and when Laura was deposed

22  about these drafts and changes to the letter, *no privilege objections were made*.

23  Mot. at 9-10.  These were further acts of waiver, if any privilege still obtained.

24  **IV.   Conclusion**

25           DC's motion should be granted and only reconfirms the prejudice caused by

26  defendants' privilege logs.  DC does not have the space to respond to defendants'

27  other arguments, but defendants' concessions that their business arrangements were

28  "unlawful," Docket No. 307 at 8-9, confirms that DC's claims here are well-taken.

SUPPL. MEMO ISO DC'S MTC PROD. OF
DOCS OR MOT. FOR RECON.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated:          September 12, 2011          Respectfully Submitted,
                                            O'MELVENY & MYERS LLP

                                            By: /s/ Daniel M. Petrocelli
                                                 Daniel M. Petrocelli
                                                 Attorneys for Plaintiff DC Comics

SUPPL. MEMO ISO DC'S MTC PROD. OF
                                            DOCS OR MOT. FOR RECON.

# APPENDIX A—July 2003 Log Entries From:

## A.  Laura Siegel Larson Privilege Log in this Case (Docket No. 162-6 at 427):[1]

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|---|---|---|---|---|---|---|
| 712 | 7/5/2003 | Laura Siegel | Atty Marc Toberoff | Facsimile | Atty/Client | Defendants' Counsel |
| 713 | 7/8/2003 | Laura Siegel | Atty Marc Toberoff | Facsimile | Atty/Client | Defendants' Counsel |
| 714 | 7/8/2003 | Laura Siegel | Atty Marc Toberoff | Facsimile | Atty/Client | Defendants' Counsel |
| 715 | 7/11/2003 | Laura Siegel | Atty Marc Toberoff | Facsimile | Atty/Client | Defendants' Counsel |
| 716 | 7/11/2003 | Laura Siegel | Atty Marc Toberoff | Facsimile | Atty/Client | Defendants' Counsel |
| 717 | 7/14/2003 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |
| 718 | 7/14/2003 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |
| 719 | 7/14/2003 | Atty Don Bulson | Michael Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 720 | 7/21/2003 | Atty Don Bulson | | Notes | Atty/Client-Joint Interest | Defendants' Counsel |

## B.  Michael Siegel Privilege Log in the *Siegel* Case (Kline Dec. Ex. 2 at 46):

| Log # | Date of Document | Identity of Recipient(s) | Identity of Author(s) | Document Description | Privilege Claim | Present Location |
|---|---|---|---|---|---|---|
| 322 | 7/14/2003 | Atty Don Bulson | Michael Siegel | Email | Atty/Client | Plaintiffs' Counsel |
| 323 | 7/14/2003 | Atty Don Bulson | Michael Siegel | Email | Atty/Client | Plaintiffs' Counsel |
| 324 | 7/14/2003 | Michael Siegel | Atty Don Bulson | Email | Atty/Client | Plaintiffs' Counsel |
| 325 | 7/16/2003 | Atty Don Bulson | Atty Marc Toberoff | Facsimile | Atty/Client-Joint Interest | Plaintiffs' Counsel |
| 326 | 7/21/2003 | | Atty Don Bulson | Notes | Atty/Client-Joint Interest | Plaintiffs' Counsel |

---

[1] The Siegels' privilege log produced in this *Pacific Pictures* case includes all of the log entries from the *Siegel* case plus additional entries not previously identified by in the *Siegel* case.  As a result, the logs do not track one another one-for-one.  For example, log-entry numbers 82 and 83 in the *Siegel* case are now entry numbers 715 and 716 in this case, as confirmed by defendants.  *See* Docket No. 162-9 at 576.

SUPPL. MEMO ISO DC'S MTC PROD. OF DOCS OR MOT. FOR RECON.

## C.  Marc Toberoff Privilege Log in this Case (Docket No. 207-9 at 264):

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|---|---|---|---|---|---|---|
| 715 | 7/5/2003 | Laura Siegel | Atty Marc Toberoff | Facsimile | Atty/Client | Defendants' Counsel |
| 716 | 7/8/2003 | Atty John Pettker | Atty Marc Toberoff | Letter | Atty/Client | Defendants' Counsel |
| 717 | 7/8/2003 | Laura Siegel | Atty Marc Toberoff | Facsimile | Atty/Client | Defendants' Counsel |
| 718 | 7/8/2003 | Laura Siegel | Atty Marc Toberoff | Facsimile | Atty/Client | Defendants' Counsel |
| 719 | 7/10/2003 | Atty Marc Toberoff | Jean Peavy, Mark Warren Peary | Letter | Atty/Client | Defendants' Counsel |
| 720 | 7/11/2003 | Laura Siegel | Atty Marc Toberoff | Facsimile | Atty/Client | Defendants' Counsel |
| 721 | 7/11/2003 | Laura Siegel | Atty Marc Toberoff | Facsimile | Atty/Client | Defendants' Counsel |
| 722 | 7/14/2003 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |
| 723 | 7/14/2003 | Michael Siegel | Atty Don Bulson | E-mail | Atty/Client | Defendants' Counsel |
| 724 | 7/14/2003 | Atty Don Bulson | Michael Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 725 | 7/15/2003 | Atty Marc Toberoff | Atty John Pettker | Letter | Atty/Client | Defendants' Counsel |
| 726 | 7/15/2003 | Atty Marc Toberoff | Mark Warren Peary | Letter | Atty/Client | Defendants' Counsel |
| 727 | 7/21/2003 | Atty Marc Toberoff | Atty John Pettker | Letter | Atty/Client | Defendants' Counsel |
| 728 | 7/21/2003 | Atty Don Bulson | | Notes | Atty/Client-Joint Interest | Defendants' Counsel |

## D.  The Siegel's Original Privilege Log in the *Siegel* Case—Entries 82 and 83 (Kline Decl. Ex. 1 at 8; *see also* Docket No. 163, Ex. VV ¶ 6):

| Log # | Date of Document | Identity of Recipient(s) | Identity of Author(s)r | Document Type | Privilege Claim | Present Location |
|---|---|---|---|---|---|---|
| 82 | 7/11/2003 | Atty Marc Toberoff | Laura Siegel | Facsimile | Atty/Client | Plaintiffs' Counsel |
| 83 | 7/11/2003 | Atty Marc Toberoff | Laura Siegel | Facsimile | Atty/Client | Plaintiffs' Counsel |

SUPPL. MEMO ISO DC'S MTC PROD. OF DOCS OR MOT. FOR RECON.