DANIEL M. PETROCELLI (S.B. #097802)
  dpetrocelli@omm.com
MATTHEW T. KLINE (S.B. #211640)
  mkline@omm.com
CASSANDRA L. SETO (S.B. #246608)
  cseto@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067-6035
Telephone: (310) 553-6700
Facsimile: (310) 246-6779

PATRICK T. PERKINS (admitted *pro hac vice*)
  pperkins@ptplaw.com
PERKINS LAW OFFICE, P.C.
1711 Route 9D
Cold Spring, NY 10516
Telephone: (845) 265-2820
Facsimile: (845) 265-2819

Attorneys for Plaintiff DC Comics

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DC COMICS,<br><br>    Plaintiff,<br><br>    v.<br><br>PACIFIC PICTURES CORPORATION, IP WORLDWIDE, LLC, IPW, LLC, MARC TOBEROFF, an individual, MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER, JEAN ADELE PEAVY, an individual, LAURA SIEGEL LARSON, an individual and as personal representative of the ESTATE OF JOANNE SIEGEL, and DOES 1-10, inclusive,<br><br>    Defendants. | Case No. CV 10-3633 ODW (RZx)<br><br>Hon. Otis D. Wright II<br><br>**DC COMICS' EVIDENTIARY OBJECTIONS TO AND MOTION TO STRIKE NEW EVIDENCE SUBMITTED WITH TOBEROFF DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO STRIKE PLAINTIFF'S STATE LAW CAUSES OF ACTION PURSUANT TO CALIFORNIA'S ANTI-SLAPP LAW (CAL. CODE CIV. PROC. § 425.16)**<br><br>**Complaint Filed**: May 14, 2010 |

1  DC hereby objects to and moves to strike three parts of defendants' SLAPP
2  reply papers.

## I. EXHIBIT D TO THE TOBEROFF REPLY DECLARATION (DOCKET NO. 314-2 at 118-19)

Exhibit D to Mr. Toberoff's reply declaration is a purported letter agreement dated August 2, 2011, between defendants Marc Warren Peary, Jean Adele Peavy, and Toberoff, "as successor to [defendant] Pacific Pictures Corporation." Docket No. 314-2 at 118-19. This agreement was manufactured in an attempt to undermine defendants' acknowledgement, confirmed by recent deposition testimony of defendant Peary, that Pacific Pictures agreements challenged by DC in this case ran afoul of copyright and other laws.

This purported August 2 agreement should be stricken for several reasons:

<u>First</u>, defendants only first disclosed Exhibit D to DC in the SLAPP Reply they filed on August 29. Even though the letter agreement was allegedly signed on August 2, defendants chose not to produce it to DC before DC filed its SLAPP opposition on August 8. Waiting 27 days to produce such evidence, and first surfacing it in a reply brief, is improper: "It is well established that issues cannot be raised for the first time in a reply brief." *Gadda v. State Bar of Cal.*, 511 F.3d 933, 937 n.2 (9th Cir. 2007). "The remedy for dealing with new evidence first appearing in a reply is that [the court] will not consider issues or evidence…." *Am. Traffic Solutions, Inc. v. Redflex Traffic Sys., Inc.*, 2009 WL 775104, at *1 (D. Ariz. Mar. 20, 2009); *Iconix, Inc. v. Tokuda*, 457 F. Supp. 2d 969, 975-76 (N.D. Cal. 2006).

<u>Second</u>, this new evidence is improperly before the Court. As set forth in DC's complaint and its SLAPP opposition, Toberoff induced the Shuster heirs to violate the Copyright Act and assign to his entertainment company—defendant Pacific Pictures—50% of their purported Superman rights. Docket Nos. 49 ¶¶ 58-65, 165-73 (DC's complaint); 307 at 6-9, 13-15 (DC's SLAPP Opp.). Only after Peary admitted at his deposition that these contracts he signed with Toberoff's

company were "unlawful"—and that Toberoff had admitted to him that they were unlawful, Docket No. 308 Ex. 37 at 1310:1-1314:3, 1325:9-1337:1—did Toberoff have Peary and his mother sign the August 2 agreement. DC has yet to depose Peary or Toberoff concerning this new agreement, but intends to do so shortly. Ninth Circuit and California law entitle DC to take that discovery before the Court rules on defendants' SLAPP motion. Docket No. 307 at 4-5 (citing, *inter alia*, *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001); *Shropshire v. Fred Rappaport Co.*, 294 F. Supp. 2d 1085, 1099-1100 (N.D. Cal. 2003); *Lafayette Morehouse, Inc. v. Chronicle Publ'g Co.*, 37 Cal. App. 4th 855, 868 (1995)).

Third, defendants' suggestion that Jean Peavy was competent to enter into or comprehend the purported August 2, 2011, agreement is suspect. Her children, as well as her doctor, have attested to her infirm medical condition (including a stroke she suffered in 2008), and her daughter testified on August 3, 2011, that Ms. Peavy has a hard time understanding things and speaking. Docket Nos. 64 at 3-4; 64-4 ¶¶ 5-7; 305-53 at 1961:13-22, 1975:2-23, 2005:4-19.

## II. THE MARKS DECLARATION (DOCKET NO. 312-2)

On March 30, 2011, DC moved to strike the declaration of Kevin Marks submitted with defendants' SLAPP reply papers. *See* Docket No. 201 at 3:24-7:12 (attached as Exhibit A hereto ("Prior Objections")). DC renews these objections, *see id.*, and further objects to the Marks declaration on three additional grounds:

- First, DC challenged the defects in the Marks' declaration when it was initially filed. Docket Nos. 106 at 3:24-7:12; 201 at 3:24-7:12. Despite having months to do, defendants did nothing to cure these deficiencies and chose to simply re-submit the identical, flawed declaration.
- Second, on April 11, 2011, the Magistrate ordered defendants to produce a May 13, 2003 letter from Michael Siegel to his half-sister—defendant Laura Siegel Larson. Docket No. 209 at 12:13-16. The May 13 letter confirms DC's claim that Toberoff used false promises of a "billionaire

2   DC'S OBJ. TO & MOT. TO STRIKE NEW
EVID. SUBMITTED WITH DEF'S' REPLY

investor" to induce the Siegel heirs to sever their long-existing business relationship with DC and give Toberoff and his entertainment companies a controlling interest in the Siegels' putative Superman rights. Docket No. 253 at 1-5. Mr. Siegel's May 13 letter—and Ms. Siegel's July response, which DC is still seeking in discovery—contravene defendants' SLAPP arguments (and Marks' declaration) that Toberoff did not make false promises of a "billionaire investor" to induce the Siegels to cut their ties with DC. *Id.* at 3-4; Docket Nos. 316 at 6-20; 317; 201 at 3:24-7:12.

- <u>Third</u>, the Magistrate ordered defendants to produce all enclosures to the Toberoff Timeline document, Docket No. 262 at 2-4, and these enclosures include important correspondence between Marks and the Siegels concerning Toberoff's business proposals, Docket Nos. 316 at 1-3, 6-18; 316-5 at 314:12-15, 316:11-12, 323:11-14, 325:22-327:22, 328:3-330:3. Defendants are challenging the Magistrate's ruling in a pending writ of mandamus before the Ninth Circuit, which recently requested a response from DC. If this writ is denied, DC will obtain these key documents and depose Messrs. Marks and Toberoff about them. Briefing on defendants' writ will be complete no later than October 3.

### III. DC RE-ASSERTS ITS OTHER PREVIOUS OBJECTIONS

DC's Prior Objections filed on March 30, 2011, contained other objections to defendants' SLAPP reply. *See generally* Docket No. 201. DC reasserts those objections, and submits on its prior papers on these points.

Dated: September 15, 2011

Respectfully Submitted,
O'MELVENY & MYERS LLP

By: /s/ Daniel M. Petrocelli
   Daniel M. Petrocelli
   Attorneys for Plaintiff DC Comics