1  DANIEL M. PETROCELLI (S.B. #097802)
     dpetrocelli@omm.com
2  MATTHEW T. KLINE (S.B. #211640)
     mkline@omm.com
3  CASSANDRA L. SETO (S.B. #246608)
     cseto@omm.com
4  O'MELVENY & MYERS LLP
   1999 Avenue of the Stars, 7th Floor
5  Los Angeles, CA  90067-6035
   Telephone:  (310) 553-6700
6  Facsimile:    (310) 246-6779

7  PATRICK T. PERKINS (admitted *pro hac vice*)
     pperkins@ptplaw.com
8  PERKINS LAW OFFICE, P.C.
   1711 Route 9D
9  Cold Spring, NY 10516
   Telephone:  (845) 265-2820
10 Facsimile:    (845) 265-2819

11 Attorneys for Plaintiff DC Comics

12              **UNITED STATES DISTRICT COURT**

13              **CENTRAL DISTRICT OF CALIFORNIA**

14 DC COMICS,                          | Case No.  CV 10-3633 ODW (RZx)

15            Plaintiff,                | Hon. Otis D. Wright II

16       v.                            | **DC COMICS' RESPONSES TO**
                                         **DEFENDANTS' EVIDENTIARY**
17 PACIFIC PICTURES                      **OBJECTIONS TO THE**
   CORPORATION, IP WORLDWIDE,            **DECLARATION OF DANIEL M.**
18 LLC, IPW, LLC, MARC TOBEROFF,         **PETROCELLI IN SUPPORT OF**
   an individual, MARK WARREN            **DC COMICS' UPDATED, INITIAL**
19 PEARY, as personal representative of  **OPPOSITION TO DEFENDANTS'**
   the ESTATE OF JOSEPH SHUSTER,         **RENEWED MOTION TO STRIKE**
20 JEAN ADELE PEAVY, an individual,      **UNDER CALIFORNIA'S ANTI-**
   LAURA SIEGEL LARSON, an               **SLAPP STATUTE**
21 individual and as personal
   representative of the ESTATE OF       **Complaint Filed:** May 14, 2010
22 JOANNE SIEGEL, and DOES 1-10,
   inclusive,
23
            Defendants.
24

25

26

27

28

1    **I.    INTRODUCTION**

2         Defendants' objections to the Declaration of Daniel M. Petrocelli are

3    unfounded and should be overruled.  They consist largely of improper argument,

4    overheated rhetoric, and inappropriate *ad hominem* attack.  The objections also

5    reflect defendants' continuing mischaracterization of DC's complaint and positions,

6    mirroring the same straw-man attacks employed in their motions to dismiss and

7    SLAPP motion.  As specifically pled in DC's complaint and explained in DC's

8    renewed oppositions to defendants' four renewed motions, DC's claims arise *not*

9    from defendant Marc Toberoff's practice of law, but from his business conduct in

10   interfering with DC's rights—conduct that he improperly now attempts to cloak in

11   a lawyer's garb; and conduct that both he and the other defendants have now

12   admitted in this litigation was *unlawful*.  *See* Docket No. 307 at 1-3, 5-22.

13        Defendants' evidentiary objections are so far off the mark that they seek to

14   exclude explicit admissions by Mr. Toberoff on his website and to the national

15   press (including the *Wall Street Journal*) assuring that he keeps his entertainment

16   business *separate and apart from his law practice*—divided by a "defined

17   firewall."  Docket Nos. 307 at 5-6; 308 ¶¶ 5-8.  These admissions refute

18   defendants' assertion that they have carried their burden of showing protected

19   conduct under Prong 1 of the SLAPP test, and also prove that their reliance on

20   California's litigation privilege to satisfy Prong 2 is misplaced and barred as a

21   matter of law.  Docket No. 307 at 13-17, 22-25.  The contracts Mr. Toberoff signed

22   as a businessman on behalf of his entertainment companies likewise indisputably

23   show that Mr. Toberoff acted in a business capacity in courting the Siegel and

24   Shuster heirs and capturing their rights for himself, knowing that they had existing

25   relationship and agreements with DC.  *Id.* at 5-22; Docket No. 308 ¶¶ 5-59.  It is

26   these business agreements Toberoff admits are unlawful.  Docket No. 307 at 5-22.

27        Defendants cannot re-write these facts and this history, and so they have

28   unleashed a litigation strategy to suppress or obscure it by any and all means—

                                         DC'S RESPONSES TO DEFENDANTS'
                                         EVIDENTIARY OBJECTIONS

1   unsupported motions to dismiss and strike the complaint, unwarranted motions to

2   preclude discovery, unfounded objections to the Magistrate's ruling denying their

3   effort to stop discovery, frivolous appeals of this Court's rulings, and unprincipled

4   attacks on opposing counsel.  Defendants' virulence is no substitute for reason, nor

5   does it mask or justify defendants' insistent efforts to misrepresent DC's positions

6   and divert the issues.

7         None of defendants' evidentiary objections has merit.  Defendants' diatribe

8   against DC and its counsel for suing the Toberoff defendants is no objection at all.

9   Nor is defendants' indignant protest to DC's disclosure of other lawsuits against

10   Mr. Toberoff and his business entities.  This evidence is plainly relevant to show

11   that Mr. Toberoff regularly engages in entertainment industry activities that do not

12   constitute the practice of law, contrary to the lengthy and misleading argument in

13   defendants' motions that all of Mr. Toberoff's conduct challenged in this case was

14   undertaken as a lawyer representing his clients.  Given his choice to pursue

15   commercial activities outside the practice of law, there is nothing unique or

16   exceptional in Mr. Toberoff having to face litigation for his tortious conduct.  He

17   enjoys no immunity and is entitled to no special treatment under the law.

18         Equally devoid of merit are defendants' general objections.  "Boilerplate,

19   generalized objections are inadequate and tantamount to not making any objection

20   at all."  *Walker v. Lakewood Condo. Owners Ass'n*, 186 F.R.D. 584, 587 (C.D. Cal.

21   1999); *Bess v. Cate*, 2008 WL 5100203, at *4 (E.D. Cal. Nov. 26, 2008) (same);

22   *Ritacca v. Abbott Labs.*, 203 F.R.D. 332, 335 n.4 (N.D. Ill. 2001) ("As courts have

23   repeatedly pointed out, blanket objections are patently improper …, [and] we treat

24   [the] general objections as if they were never made.").  Indeed, it is all but

25   impossible to respond to many of defendants' "objections," because they identify

26   no specific defect or basis for objection.  For example, defendants claim that

27   "selective" quotes in the declaration misrepresented facts or documents, yet they

28   *never once* describe a specific mischaracterization.  For good reason—there is none.

DC'S RESPONSES TO DEFENDANTS'
EVIDENTIARY OBJECTIONS

1   Furthermore, Mr. Petrocelli attached to his declaration full and complete copies of

2   every deposition transcript and document for the Court's review.

3        Other objections simply make no sense.  For example, defendants object to

4   Mr. Petrocelli's declaration as lacking personal knowledge of the evidence or

5   constituting hearsay.  Mr. Petrocelli's declaration does not purport to prove the

6   underlying facts of this case, but to describe the relevant history of this litigation

7   and identify certain evidence relevant to opposing defendants' motion.

8   Mr. Petrocelli's declaration includes no argument or opinions about the facts or

9   evidence and is plainly permissible and proper.  *E.g.*, *In re Real Estate Assocs. Ltd.*

10  *P'Ship Litig.*, 2002 WL 31027557, at *1 (C.D. Cal. Aug. 29, 2002) ("declarations

11  … based on counsel's analysis of the discovery and pleadings in this case[] are

12  permissible"); *see also Lockheed Martin Corp. v. U.S.*, 70 Fed. Cl. 745, 750 (Fed.

13  Cl. 2006) (denying objection as to personal knowledge based on review of

14  documents); *cf.* CAL. CODE CIV. PROC. § 2009 (exception to hearsay rule for

15  declarations used in motion proceedings).

16       There is likewise no basis for defendants' objection to Mr. Petrocelli's

17  description of essential discovery DC requires to oppose defendants' motions.  As

18  lead counsel to DC in this case, Mr. Petrocelli is fully competent to make such a

19  showing to the Court.  *See id.*  Defendants' motions challenge the sufficiency of

20  DC's evidence, *e.g.* Docket No. 145 at 22-25, and they have obstructed important

21  discovery to date.  Just as in opposing a motion for summary judgment, an attorney

22  declaration is necessary and appropriate to describe the factual areas where

23  essential discovery is required.  *See* FED. R. CIV. P. 56(d).

24       Defendants' attacks on the Toberoff Timeline do not change the facts.  It is a

25  *fact* that the Timeline was prepared by Mr. Toberoff's former colleague by

26  summarizing documents relevant to this case.  It is a *fact* that DC had no ability to

27  use the Timeline until *December 2008*, when it was ordered to be produced by

28  Judge Larson, long after every single percipient witness was deposed and discovery

DC'S RESPONSES TO DEFENDANTS'
EVIDENTIARY OBJECTIONS

closed in the *Siegel* cases.  It is a *fact* that DC has had no opportunity to depose any person about the source documents for the Timeline, including an email exchange between Toberoff and the Siegels corroborating revelations in the Timeline about Toberoff's inducements to the Siegels to cut ties to DC.  And it is a *fact* that the discovery in this case has confirmed several allegations in the Timeline.  *See infra.*

The Magistrate has ordered defendants to produce all documents enclosed with the Timeline.  Docket No. 262 at 2-4.  Defendants have challenged this ruling in a pending writ of mandamus before the Ninth Circuit, which recently requested a response from DC.  If this writ is denied, DC will obtain these key documents and depose the relevant witnesses.  The list of necessary deponents includes Kevin Marks, whose declaration defendants submitted as part of their reply.  Docket No. 322 at 2-3.  This declaration only highlights the need for discovery as it is conspicuous for what it does not say—it carefully discusses only one self-selected phone call with Mr. Toberoff but fails to address other key events disclosed in the Timeline, including Mr. Marks' warning to the Siegels not to accept Mr. Toberoff's offer because of their existing agreement with DC.

*          *          *

DC regrets the necessary length of this response, but defendants' voluminous objections, laced with inappropriate invective and argument, demand it.

## II.    RESPONSES TO EACH OF DEFENDANTS' 134 OBJECTIONS

General Objections

| DEFENDANTS' OBJECTION | DC'S RESPONSE |
|---|---|
| 1.     It is rare for an attorney's declaration to so flagrantly violate the basic rules of evidence, privilege, and common decency.  This Declaration litters the record with inadmissible and unreliable hearsay derived from the so-called "Toberoff Timeline" | This is pure rhetoric and argument and not a ground for objection.  There has been no adjudication establishing that the statements in the Toberoff Timeline are untrue.  To the contrary, despite similar claims that DC and its counsel acted inappropriately in attaching the Toberoff |

DC'S RESPONSES TO DEFENDANTS'
EVIDENTIARY OBJECTIONS

("Timeline") on which DC purported to base its complaint: a mudslinging screed penned by a junior lawyer who worked for Mr. Toberoff for just three months, long after the events in question, and then (i) *stole* privileged documents, (ii) authored a series of false accusations to persuade the Siegels to fire Toberoff and hire him, (iii) met with the Siegels but failed in this endeavor, and then, (iv) contrary to the interests of his former clients, sent their privileged documents and his grossly unethical rant to the adverse party's legal team. *See* Petrocelli Decl., ¶¶ 30-31, 120; pgs. 61, 63-64. This worthless garbage, on which no attorney of sound judgment should rely, is contradicted by the sworn testimony of every percipient witness to the events in question, and is wholly unsupported by the record. That sworn testimony proves that numerous statements in Petrocelli's Declaration are completely false, yet Petrocelli, who lacks any personal knowledge, repeats these falsehoods while ignoring the evidence that has governed this litigation since 2006.

Timeline to the complaint in this case and seeking discovery regarding it, Magistrate Zarefsky denied defendants' motion to bar use of the Timeline and confirmed Judge Larson ordered it produced and DC was free to take discovery regarding the document in this case.

The Timeline is a summary of and supported by underlying documents and evidence. Defendants argued that the Timeline was an inaccurate "hit piece," Docket No. 145-1 at 12:8, but time and again it has reliably disclosed key communications that defendants refused to produce in discovery. Docket Nos. 160 at 37-38; 209 at 12:8-16; 225 at 13-14; 253 at 1-4. All of the necessary witnesses have not been deposed on the Timeline or the evidence underlying it, nor have defendants produced the documents enclosed with it. The Magistrate ordered defendants to produce all enclosures to the Toberoff Timeline document. Docket No. 262 at 2-4. Defendants are challenging the Magistrate's ruling in a pending writ of mandamus before the Ninth Circuit, which recently requested a response from DC. If this writ is denied, DC will obtain these key documents and depose Messrs. Marks and Toberoff about them, among others.

Defendants' attacks on the Timeline do

5

DC'S RESPONSES TO DEFENDANTS'
EVIDENTIARY OBJECTIONS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

not constitute legal objections, but are self-serving arguments aimed at suppressing discovery regarding the Timeline.

Recently disclosed evidence refutes defendants' contentions that the Timeline is a "series of false accusations" and "worthless garbage, on which no attorney of sound judgment should rely." For example, on April 11, 2011, the Magistrate ordered defendants to produce a May 13, 2003, letter from Michael Siegel to defendant Laura Siegel Larson. Docket No. 209 at 12:13-16. DC requested production of the May 13 letter because it was discussed in the Timeline. The May 13 letter corroborates statements contained in the Timeline. *See* Docket No. 230 at 9-10.

At her deposition on July 22, 2011, defendant Laura Siegel Larson confirmed that she sent a letter to her brother Michael Siegel, responding to Michael's May 13, 2003, letter. Docket No. 316-5 at 314:12-15, 316:11-12, 323:11-14, 325:22-327:22, 328:3-330:3. When DC examined Ms. Larson concerning the Timeline's description of her letter and its drafting, she did not dispute the Timeline accurately depicted when she sent her letter or that Mr. Toberoff edited it. *Id.* at 325:22-330:3.

Defendants' arguments also misrepresent

DC'S RESPONSES TO DEFENDANTS'
EVIDENTIARY OBJECTIONS

the facts regarding disclosure of the Timeline, which was ordered produced in the *Siegel* action, Case No. CV 04-8400, based on the Court's finding that defendants waived any potential privilege.  Docket No. 386 (Dec. 4, 2008 Order).  In their motion for a protective order concerning the Timeline in this case, defendants repeated their same arguments from the *Siegel* cases:  the documents sent with the Timeline were stolen; DC improperly handled receipt of the documents; the Timeline was not required to be logged; and Judge Larson misinterpreted an earlier ruling and should not have ordered the Timeline produced.  Docket No. 42 at 1-4, 7-39. Magistrate Zarefsky rejected these arguments and denied defendants' motion.  Docket No. 74 (Sept. 20, 2010 Order).

| DEFENDANTS' OBJECTION | DC'S RESPONSE |
| --- | --- |
| 2.     Remarkably, the Declaration includes not a single piece of admissible evidence to support the key factual allegations of DC's complaint against the Siegels' and Shusters' long-time counsel, Marc Toberoff, *i.e.*, that he misrepresented a financial offer or that he offered to produce a competing Superman movie based on the Siegels' recaptured copyrights.  As Petrocelli well knows, the sworn testimony of percipient witnesses in the seven-year- | This is pure rhetoric and argument and not a ground for objection.<br><br>In addition to the underlying documents, the Toberoff Timeline itself is potentially admissible—it reflects admissions by defendants in this case and is a statement against interest by a potentially unavailable witness.  FRE 801(d)(2), FRE 804(b)(3).  As Magistrate Zarefsky ruled, DC is entitled to discovery related to the document.  Mr. Petrocelli's |

DC'S RESPONSES TO DEFENDANTS' EVIDENTIARY OBJECTIONS

old Siegel litigation is to the contrary. *See*, *e.g.*, Docket No. 196 at 5-6; No. 196-3.  Yet Petrocelli, an officer of the Court, repeatedly accuses Mr. Toberoff of fraud without any evidence and lards his Declaration and DC's oppositions with un*see*mly ad hominem attacks on Mr. Toberoff based on irrelevant hearsay (*e.g.*, gossip in a magazine article).  This shameful character assassination of Mr. Toberoff repeated throughout the Declaration and opposition papers deserves no credence whatsoever, and should be stricken.  It is highly improper to bring a lawsuit for the purpose of destroying the reputation of opposing counsel due to his effective advocacy.  That virtually everything in the Declaration is objectionable and inadmissible and/or irrelevant is noteworthy for one thing only: it shows that this tactical smear campaign in the guise of a lawsuit is covered by California's Anti-SLAPP statute, as its purpose is to attack Mr. Toberoff in connection with his successful representation of the Siegels and Shusters.

declaration explains the need for essential discovery related to the factual issues raised by the Timeline.  *See* Docket No. 308 ¶ 119-20.

The recently-produced May 13, 2003, letter from defendant Laura Siegel Larson to her brother Michael Siegel confirms DC's allegations that Mr. Toberoff used false promises of a "billionaire investor" and a movie production deal to induce the Siegel heirs to sever their long-existing business relationship with DC and give Mr. Toberoff and his alter-ego companies an ownership interest in the Siegels putative Superman rights.  In the letter, Michael writes:

- "[When Toberoff] first contacted me, he wanted to buy my share of the copyright. Marc had a *mysterious billionaire who wanted to invest in the Superman copyright, put 15 million dollars up front plus participation.  When you signed with Marc the billionaire invested elsewhere.  Marc has his own production company, he was going to team with Emmanuel and make a movie. This has not happened*."

*See* Docket No. 225-4 (emphasis added).

Kevin Marks' declaration fails to address many of the key issues.  *See* Docket No. 322.

DC'S RESPONSES TO DEFENDANTS' EVIDENTIARY OBJECTIONS

| | |
|---|---|
| | Defendants' characterization of DC's claims is irrelevant and inaccurate. DC has sued Mr. Toberoff and his companies for his illicit business dealings and not for litigation activity. |

| DEFENDANTS' OBJECTION | DC'S RESPONSE |
|---|---|
| 3.    The obvious objective of Petrocelli's Declaration is to prejudice the Court against Mr. Toberoff so as to achieve an advantage over his clients. For instance, the Declaration announces that Mr. Toberoff has been sued twice before, citing two cases. *See* Petrocelli Decl., ¶ 9. Such tactics are unworthy of O'Melveny & Myers and Petrocelli, and cannot be the basis for any adverse inference as a matter of law. FRE 404. Petrocelli fails to mention that the first case was settled in favor of Mr. Toberoff, and the other was swiftly dismissed. *See* Reply Declaration of Marc Toberoff ("Tob. Decl"), ¶ 18; Ex. Q. Such unrelated lawsuits are no more relevant to the instant case than the fact that Petrocelli himself has been sued for misconduct, *see*, *e.g.*, *Benasra v. Mitchell Silberberg & Knupp LLP*, 123 Cal. App. 4th 1179 (2004), or that O'Melveny has been sued numerous times. *See*, *e.g.*, *Davis v. O'Melveny & Myers*, 485 F.3d 1066 (9th Cir. 2007); *FDIC v.* | This is specious. DC sued Mr. Toberoff because, *inter alia*, by his own admission, he entered into consent agreements with the Shusters that on their face violate copyright law and engaged in other acts of tortious interference. Docket No. 184 at 18; Docket No. 307 at 5-22.

Toberoff and his company Pacific Pictures have been sued in other cases alleging fraud, tortious interference, and falsely claiming rights as their own stemming from their business activities. The existence of these cases is offered not for purposes of "character assassination," but to show both the fact and course of Toberoff's conduct as a film producer, entrepreneur, and businessman in the entertainment business. Such evidence plainly refutes defendants' assertion that Toberoff acted solely as a lawyer representing his clients in connection with the matters alleged in DC's complaint. |

DC'S RESPONSES TO DEFENDANTS'
EVIDENTIARY OBJECTIONS

| | |
|---|---|
| *O'Melveny & Myers*, 61 F.3d 17 (9th Cir. 1995).[1] We note this solely to illustrate how meaningless and outrageous Petrocelli's smear tactics really are.  As DC's complaint in the instant case reveals, lawsuits are easy to file, but hard to prove.  Unproven allegations in unrelated lawsuits have no place in these motions or in an attorney's declaration, as Petrocelli well knows. | The cases cited by defendants where lawsuits have been brought against Mr. Petrocelli, O'Melveny & Myers, and Warner Bros. are irrelevant and go to prove nothing in this case. |

| **DEFENDANTS' OBJECTION** | **DC'S RESPONSE** |
|---|---|
| 4.      At every turn, the Declaration runs afoul of Local Rule 7-7's admonition that "[d]eclarations shall only contain factual, evidentiary matter and shall conform as far as possible to the requirements of F.R.C.P. 56(e)." *Id.* F.R.C.P. 56(e) provides that a "supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." *Id.*  This Court's express procedures also limit attorney testimony to matters within the attorney's personal knowledge: "[t]he Court will | As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. Such attorney declarations are routine and proper.  *E.g.*, *In re Real Estate Assocs. Ltd. P'Ship Litig.*, 2002 WL 31027557, at *1 ("declarations []based on counsel's analysis of the discovery and pleadings in this case [] are permissible"); *see also Lockheed Martin Corp.*, 70 Fed. Cl. at 750 (denying objection as to personal knowledge based on review of documents); *cf.* CAL. CODE CIV. PROC. § 2009 (exception to hearsay |

---

[1] Warner Bros. has also been the subject of numerous adverse lawsuits. *See generally*, *Ladd v. Warner Bros. Entm't, Inc.*, 184 Cal. App. 4th 1298 (2010), *review denied*, 2010 Cal. LEXIS 7780 (Cal. Aug. 11, 2010); *Tolkien v. New Line Cinema Corp.*, No. BC385294 (Cal. Sup. Ct. filed February 11, 2008); *Twentieth Century Fox Film Corp. v. Warner Bros. Entm't, Inc.*, 630 F. Supp. 2d 1140 (C.D. Cal. 2008); *Moonrunners Limited Partnership v. Time Warner, Inc.*, 2005 U.S. Dist. LEXIS 41244 (C.D. Cal. Jun. 17, 2005).

DC'S RESPONSES TO DEFENDANTS'
EVIDENTIARY OBJECTIONS

accept counsel's authentication of deposition transcripts, written discovery responses, and the receipt of documents in discovery if the fact that the document was in the opponent's possession is of independent significance." Scheduling and Case Management Order for Cases Assigned to Judge Otis D. Wright II, § 6(d)(ii).

Here, the Declaration is rife with testimony for which Petrocelli lacks any personal knowledge, and depends largely on improper argument and hearsay (FRE 802). Declarations must "state facts that would be admissible (rather than hearsay statements by others, or the declarant's opinions or conclusions)." Schwarzer, Tashima & Wagstaffe, *Federal Civil Procedure Before Trial* § 12:57 (Rutter Group 2009) (emphasis in original). *See Tri-Valley Cares v. Department of Energy*, 203 Fed. Appx. 105, 108 (9th Cir. 2006) (affirming the exclusion of declarations that "contained impermissible legal conclusions, opinions from lay witness, or political statements"); *Sears Sav. Bank v. Insurance Co. of N. Am.*, 1994 U.S. App. LEXIS 37256, at *3 (9th Cir. 1994) (affirming the exclusion of declaration because it "offer[ed] conclusory legal opinion rather than personal knowledge").

rule for declarations used in motion proceedings). Despite the objection here and elsewhere that DC misrepresented facts or documents, defendants never once describe a specific mischaracterization, and none exists.

As shown below, the declaration is not inadmissible hearsay. It is not offered to prove the underlying facts, but to identify relevant evidence and other information necessary to oppose defendants' motions.

DC'S RESPONSES TO DEFENDANTS' EVIDENTIARY OBJECTIONS

| **DEFENDANTS' OBJECTION** | **DC'S RESPONSE** |
|---|---|
| 5.    Defendants object generally to the Declaration as a clear violation of this Court's Standing Order limiting opposition papers to 25 pages as it is a de facto brief, both repeating and supplementing arguments made in plaintiff's opposition papers. *See* Standing Order at ¶ 5(c).  Plaintiff's attempt to circumvent this Court's page limitations by smuggling argument into a declaration should not be countenanced.  Notably, **25** of the **59** exhibits attached to the Declaration (42%) are **nowhere** cited in DC's opposition and are only discussed in the Declaration. *See* Petrocelli Decl., Exs. 3, 7-13, 17-19, 22, 26-27, 38-39, 41-42, 44-45, 47-50, 53. | DC properly submitted a list of "facts essential to justify its opposition" on which it needs to conduct discovery.  FRCP 56(d).  Contrary to defendants' objections, the declaration includes no argument.  It describes the discovery necessary to oppose defendants' motion, a purpose expressly authorized by FRCP 56(d).  The summary of certain documents and testimony is intended to facilitate the Court's review of voluminous materials put in issue by defendants' motions.<br><br>Judge Wright's Standing Order imposes no page limit on declarations.<br><br>DC submitted complete copies of all exhibits to avoid the objection that is was selectively quoting excerpts or misrepresenting the import of a document. |

| **DEFENDANTS' OBJECTION** | **DC'S RESPONSE** |
|---|---|
| 6.    The Declaration is styled as being in support of DC's "Updated, Initial Opposition To Defendants' Motions to Strike Under California's Anti-SLAPP Statute." Petrocelli Decl., ¶ 2.  However, DC refers to Defendants' *legal* motions to dismiss and uses the Declaration to attempt to delay a ruling on the purely legal arguments made in defendants' | This is pure rhetoric and argument and not a ground for objection.<br><br>DC's oppositions to defendants' motions to dismiss cite only once to just two paragraphs of Mr. Petrocelli's declaration.  Docket No. 185 at 18.  The matters addressed in these two paragraphs are referenced in DC's |

| | |
|---|---|
| F.R.C.P. 12(b)(6) motions to dismiss. *See*, *e.g.*, Petrocelli Decl., ¶ 60; pg. 42, ¶ 1 (whether agreements violate the copyright act as a matter of law).  The submission of such a purported *evidentiary* declaration is improper in opposition to a FRCP 12(b)(6) motion to dismiss and the Court should not consider it for that purpose. | complaint and are thus appropriate for consideration in opposition to a motion to dismiss.  *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). |

| **DEFENDANTS' OBJECTION** | **DC'S RESPONSE** |
|---|---|
| 7.      Defendants object generally to the Declaration on the grounds that Petrocelli *selectively* quotes from documents and deposition transcripts in a way that edits out the relevant context and misleadingly characterizes the underlying evidence.  *See e.g.* Petrocelli Decl., ¶¶ 5, 7-8, 11-13, 15-17, 19, 22-23, 25-29, 32-41, 43-45, 47, 49, 51, 54-55, 57.  This also constitutes inadmissible hearsay, as Petrocelli's edits substitute Petrocelli's views for the witnesses' testimony, such that, rather than simply attaching the documents, Petrocelli is testifying as to the purported contents of deposition transcripts, orders and documents that speak for themselves.  FRE 802, 1002.  In further violation of this Court's rules, which state that "entire transcripts of depositions ... should generally not be submitted" (Scheduling and Case Management  Order for Cases Assigned to Judge Otis D. Wright II, § 6(d)(ii)), | Defendants point to paragraphs of Mr. Petrocelli's declaration, but offer no explanation—either in their general objections or specific objections—as to how any quotations supposedly misrepresent underlying documents.  The quotations are accurate.

DC quoted relevant passages from documents and deposition transcripts to facilitate the Court's review of voluminous materials put in issue by defendants' motions.  DC identified the specific sources for each quotation or summary and attached a complete copy of the referenced source document or deposition.  The passages contained in Mr. Petrocelli's declaration also help explain why DC requires essential discovery to oppose defendants' motions.  *See* FRCP 56(d).

DC submitted entire transcripts to avoid just this type of argument that Mr. |

| | |
|---|---|
| Petrocelli attaches the entire transcripts (Petrocelli Decl., Exs. 14, 17, 24, 37, 51-53, 59), purportedly "[t]o avoid claims that it is selectively excerpting deposition testimony." *Id.*, ¶ 123. Attaching entire deposition transcripts does not address the problem of Petrocelli's selective quotations of such transcripts in his declaration. Defendants further object generally to the Declaration to the extent that the Declaration quotes from deposition transcripts as to questioning that was objected to. | Petrocelli was selectively excerpting deposition testimony.  Docket No. 308 ¶ 123. |

<table>
<tr><td align="center"><strong>DEFENDANTS' OBJECTION</strong></td></tr>
</table>

8.    Defendants further object to the Declaration on the grounds that after a year of unbridled discovery in this case, and years of discovery in the closely related *Siegel* litigations, Petrocelli purports to recite a "laundry list" of discovery that DC allegedly needs to combat Defendants' Anti-SLAPP Motion. However, this is merely a summary of the complaint's allegations, without making the necessary showing as to what discovery is *specifically* needed to oppose the Anti-SLAPP motion. *See* Cal. Code Civ. Proc. § 425.16(g); Petrocelli Decl., ¶¶ 120-121. This Petrocelli cannot do, because the Anti-SLAPP motion is largely based on dispositive *legal* issues for which no amount of discovery can save DC's claims.

It is further apparent, given DC's history in this case of trigger-happy, futile and largely unsuccessful discovery motions, that delaying a ruling on the Anti-SLAPP motion as urged by DC will only serve to unnecessarily burden the Court. In addition to numerous unsuccessful motions in the *Siegel* litigations, DC has in this case alone brought overzealous and repetitive discovery motions covering ***twenty-nine*** issues, and has lost as to ***twenty-three*** of them:

DC'S RESPONSES TO DEFENDANTS' EVIDENTIARY OBJECTIONS

| Docket | Motion/Issue | Outcome |
|---|---|---|
| 44 | August 30, 2010 Motion to Initiate Discovery (*Issue 1*) | ***Denied*** (Docket No. 74) |
| 125 | November 30, 2010 Motion to Compel Production of Documents | Withdrawn pursuant to stipulation (Docket Nos. 132- 33) |
| 159 | February 8, 2011 Motion to Compel Production of Documents (*Issues 2-9*) | |
| 159 | *Issue 2 – Consent Agreement* | ***Denied*** (Docket No. 209 at 1-10) |
| 159 | *Issue 3 – Retainer Agreements* | Granted in part (Docket No. 209 at 11) |
| 159 | *Issue 4 – July 2003 Letter* | ***Denied*** (Docket No. 209 at 10) |
| 159 | *Issue 5 – Other Michael Siegel Documents* | ***Denied*** after in camera review (Docket No. 239) |
| 159 | *Issue 6 – Michael Siegel Privilege Log* | ***Denied*** (Docket No. 209 at 11) |
| 159 | *Issue 7 – "Timeline" Documents* | Granted as to one 1 of 4 documents (Docket No. 209 at 12) |
| 159 | *Issue 8 – Dennis Larson Documents* | Granted in part (Docket No. 209 at 12-13) |
| 159 | *Issue 9 –Privilege Log Format* | ***Denied*** (Docket No. 209 at 12) |
| 205 | April 4, 2011 Motion to Compel the Production of Documents (*Issues 10-15*) | Resolved (Docket No. 209) as set forth below |
| 205 | *Issue 10 – Documents Turned Over to USAO* | Granted but stayed (Docket No. 262 at 2-4) |

| 205 | *Issue 12 – Kevin Marks Declaration Documents* | **Denied** (Docket No. 262 at 4- 5) |
| 205 | *Issue 13 – Other Objections ("Ari Emanuel" Documents)* | Granted as to defendants' proposal (Docket No. 262 |
| 205 | *Issue 14 – Other Objections (Requests 56-58 and 27-31)* | **Denied** (Docket No. 262 at 5) |
| 205 | *Issue 15 – Other Objections (All other categories)* | **Denied** (Docket No. 262 at 5) |
| 206 | April 4, 2011 Motion to Compel Interrogatory Responses (*Issue 16*) | **Denied** (Docket No. 262 at 6) |
| 225 | April 25, 2011 Motion for Review of April 11, 2011 Order (*Issues 17-19*) | |
| 225 | *Issue 17 – Review re: Consent Agreement* | **Denied** (Docket No. 248) |
| 225 | *Issue 18 – Review re: Michael Siegel correspondence* | **Denied** (Docket No. 248) |
| 225 | *Issue 19 – Review re: Privilege Log Format* | **Denied** (Docket No. 248) |
| 230 | May 2, 2011 Motion for Reconsideration of April 11, 2011 Order | Withdrawn (Docket No. 249) |
| 253 | May 23, 2011 Motion for Reconsideration of April 11, 2011 Order (*Issues 20-22*) | Resolved (Docket No. 285) as set forth below |
| 253 | *Issue 20 – July 11, 2003 letter* | **Denied** (Docket No. 285) |
| 253 | *Issue 21 – July 5, 2003 letter* | **Denied** (Docket No. 285) |

DC'S RESPONSES TO DEFENDANTS'
EVIDENTIARY OBJECTIONS

| 254 | May 23, 2011 Ex Parte Application to Compel Deposition | Withdrawn pursuant to stipulation (Docket No. 260) |
|-----|-----|-----|
| 267 | May 27, 2011 Motion to Compel | Resolved (Docket No. 285) as set forth below |
| 267 | *Issue 23 – "Missing Siegel Correspondence"* | ***Denied*** (Docket No. 285) |
| 267 | *Issue 24 – Redactions to May 13 letter* | ***Denied*** (Docket No. 285) |
| 267 | *Issue 25 – Redactions to Retainer Agreements* | ***Denied*** (Docket No. 285) |
| 283 | June 22, 2011 *Ex Part*e Application for Clarification re: May 25 Stay Order (Issue 26) | ***Denied*** (Docket No. 287) |
| 296 | July 18, 2011 Motion to Compel re: May 13 Letter (*Issue 27*) | ***Denied*** (Docket No. 309) |
| 297 | July 18, 2011 Motion to Compel re: Dennis Larson Documents (*Issue 28*) | ***Denied*** (Docket No. 309) |
| 298 | July 18, 2011 Motion to Compel re: USAO Documents (*Issue 29*) | Granted but stayed (Docket No. 309) |

| **DC'S RESPONSE** |
|---|

This is pure rhetoric and argument and not a ground for objection. As discussed in Mr. Petrocelli's declaration and below, defendants have obstructed DC's discovery efforts and forced DC to seek assistance from the Court. Defendants do not cite to motions they have brought that have been denied by the Court, nor do they discuss their three meritless interlocutory appeals that were dismissed by the Ninth Circuit for lack of jurisdiction.

Defendants assert blanket objections without ever identifying any specific defect. "Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all." *Walker,* 186 F.R.D. at 587.

As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to

DC'S RESPONSES TO DEFENDANTS'
EVIDENTIARY OBJECTIONS

1
2
3

describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions.  *See supra* DC's Response to General Objection No. 4.

4

5

| **DEFENDANTS' OBJECTION** |
| --- |

6
7
8
9

9.      Defendants further object to the Declaration's recitation of the purported history of discovery proceedings that have no relevance to Defendants' pending motions. Petrocelli Decl., ¶¶ 60-113. Defendants further object to Petrocelli's numerous misstatements and omissions as to discovery proceedings in the case. For instance,

10
11
12
13

- Petrocelli falsely claims that "[i]n response to DC's motion to initiate discovery, defendants agreed to participate in the initial conference" (Petrocelli Decl. ¶ 62). Defendants agreed to participate in that conference **before** DC served its motion (Docket No. 45 at 12), and that unnecessary motion was thus denied as moot. Docket No. 74.

14
15
16
17
18

- Petrocelli states that Magistrate Zarefsky "granted in part and denied in part defendants' motion for a protective order to stay depositions pending rulings on dispositive motions" (Petrocelli Decl., ¶ 64), but omits that the Magistrate stayed depositions for one month expressly to allow time for this Court to resolve the motions (Docket No. 74), while expressly acknowledging that this Court could further extend such stay as needed. *See* Docket No. 95 at 19-22.

19
20
21
22
23
24
25
26
27
28

- Petrocelli states that "[a]fter unsuccessful negotiations on a stipulation regarding defendants' production of documents, DC files its motion to compel on November 22," and it was "[o]n the day their opposition was due, [that] defendants agreed to a stipulation to a court order." Petrocelli Decl., ¶ 74. Petrocelli omits that DC's motion was entirely unnecessary, as Defendants had made numerous written offers to produce documents and privilege logs (*see*, *e.g.*, Docket No. 128-3, Ex. C; 128-5, Ex. E; No. 128-7, Ex. G); the only reason Defendants agreed to "stipulat[e] to a court order" was because it was not resisting discovery and DC would not otherwise withdraw its gratuitous motion. Petrocelli asserts that Magistrate Zarefsky "[g]ranted DC's request that defendants produce for in camera review 11 identified documents between counsel for Mr. Siegel and Mr. Toberoff" (Petrocelli Decl.,

DC'S RESPONSES TO DEFENDANTS'
EVIDENTIARY OBJECTIONS

¶ 85(d)); but Petrocelli deliberately omits that those documents were held by the Magistrate to be privileged. Docket No. 239.

- Petrocelli states that Magistrate Zarefsky "[g]ranted DC's request for production of documents related to communications between Ms. Larson and Dennis Larson starting in January 2000" (Petrocelli Decl., ¶ 85(f)); but he omits that in so doing the Magistrate accepted the compromise offered by Defendants and found that DC's motion was unnecessary. Petrocelli also omits that the Magistrate summarily denied DC's motion for more such documents relating to the Larson's divorce proceedings. Docket No. 309.

- Petrocelli states that "in response to DC's application, the Magistrate clarified that this stay [on the production of stolen documents turned over to the U.S. Attorney's Office pursuant to a grand jury subpoena] extends to defendants' pending writ proceedings" (Petrocelli Decl., ¶ 99); but Petrocelli omits that, in response to DC's motion for reconsideration in the guise of an *ex parte* application for "clarification," Magistrate Zarefsky held "there [] is nothing to clarify," and reaffirmed the stay. Docket No. 287 at 2.

- Petrocelli states that, given the importance of Defendants' writ regarding privileged documents stolen from Mr. Toberoff's law firm, "DC has temporarily deferred the depositions of key witnesses, including Toberoff, Kevin Marks, and David Michaels." Petrocelli Decl., ¶ 102. Petrocelli omits that: (a) DC did not ask for expedited review of the writ; (b) during a year of discovery it never once even noticed the deposition of David Michaels, the suspected thief, at any point; and (c) despite the supposed "importance" of the issue, DC nonetheless proceeded with Laura Siegel Larson's deposition without the documents.

- Petrocelli complains that the June 29, 2011 deposition of Mark Warren Peary was "the first deposition to be taken in this case" (Petrocelli Decl., ¶ 106). Petrocelli omits that DC's discovery in this case has been marked by delay and overall lack of diligence. For instance, Petrocelli omits that it was he who chose to reschedule the deposition of Joanne Siegel (*Id.*, ¶ 77); that in over a year DC has failed to even notice numerous depositions (*e.g.*, Ari Emanuel, David Michaels); that DC did not notice the deposition of defendants Mr. Toberoff, Pacific

DC'S RESPONSES TO DEFENDANTS'
EVIDENTIARY OBJECTIONS

Pictures Corporation, IP Worldwide, LLC, and IPW, LLC until July 2011 (Tob. Decl., Ex. J); that Petrocelli chose to reschedule the deposition of Kevin Marks to July 2011 (*Id.*, Ex. H) before it was once again rescheduled for October, 2011; and that it was he who chose to reschedule and refused to take the depositions of Mark Warren Peary and Laura Siegel Larson in April-May 2011. *Id.*, Exs. F-G.

- Petrocelli omits that he deliberately noticed the depositions of third parties, Kevin Marks and Dawn Peavy (defendant Peavy's daughter who has no involvement) for August 3 and 5, knowing that his opposing counsel, Mr. Toberoff, had scheduled a long-planned summer vacation with his family that week. Tob. Decl., Exs. I, K-M. DC's counsel then refused numerous offers to have the depositions held earlier, despite the availability of both Mr. Marks and Ms. Peavy over a period of several weeks that would not have interfered with Mr. Toberoff's vacation. *Id.*, Ex. L. DC's counsel insisted that the depositions would proceed on August 3 and 5 without Mr. Toberoff unless Defendants stipulated to further extend the already extended date set by this Court for DC to file an updated opposition to their anti-SLAPP motion, pitting counsel's vacation against his clients' best interests. *Id.*, Ex. M. Counsel agreed to a reasonable extension, provided DC *seek*s no further delay, but DC refused. *Id.* After Mr. Toberoff then cancelled his vacation, DC's counsel took the deposition of Mr. Marks off-calendar based purportedly on the pending writ even though they were well aware of the writ when they noticed the Marks deposition and insisted it take place in the midst of their opposing counsel's vacation. *Id.*, Exs. M, N, P. Such tactics are deplorable.
- Petrocelli complains that there were "numerous privilege objections and instructions" at the depositions of Mr. Peary and Ms. Larson. Petrocelli Decl., ¶¶ 106-107. Petrocelli omits that the reason for those objections was that his questions (like DC's entire SLAPP suit) is an assault on and attempt to interfere with the successful attorney-client relationships between Mr. Peary/Ms. Larson and Mr. Toberoff.

DC'S RESPONSES TO DEFENDANTS'
EVIDENTIARY OBJECTIONS

| **DC'S RESPONSE** |
|---|

This is pure rhetoric and argument—most of it false—and not a ground for objection.

As discussed in Mr. Petrocelli's declaration and below, defendants have obstructed DC's discovery efforts and forced DC to seek assistance from the Court. Defendants do not cite to motions they have brought that have been denied by the Court, nor do they discuss their three meritless interlocutory appeals that were dismissed by the Ninth Circuit for lack of jurisdiction.

Defendants' claims about the importance of the Timeline documents to DC's discovery efforts are false. DC chose to temporarily defer the depositions of key witnesses, including Toberoff, Kevin Marks, and David Michaels, in an effort to avoid the need for additional depositions. DC chose to proceed with Ms. Larson's deposition due to the Court's August 8, 2011, deadline for filing DC's SLAPP opposition. DC has not sought expedited review of defendants' writ petition because DC believes defendants' interlocutory appeal is improper and will be dismissed.

There is no basis for defendants to assert that "DC's discovery in this case has been marked by delay and overall lack of diligence." Indeed, it is defendants who are at fault for the delays incurred by DC, as discussed in Mr. Petrocelli's declaration and below. DC has been forced to postpone and defer depositions due to defendants' failure to produce documents, refusal to appear for deposition—including on grounds of the pendency of their Rule 12 and SLAPP motions—and defense counsel's calendar.

DC scheduled the depositions of Kevin Marks and Dawn Peavy in order to obtain their testimony prior to the August 8 deadline for DC's SLAPP opposition. Contrary to defendants' contentions, DC offered to defer the depositions during Mr. Toberoff's vacation if defendants agreed to extend the deadline for two weeks. Mr. Toberoff refused DC's offer and demanded that DC give up its rights to seek further continuance from the Court in order to extend the deadline by one week to accommodate his schedule. DC declined Mr. Toberoff's offer as was its right to do. DC proceeded with Ms. Peavy's deposition but chose to defer the deposition of Mr. Marks' due to defendants' pending writ, which DC believes is an improper

interlocutory appeal that will be dismissed by the Ninth Circuit for lack of jurisdiction.

Defendants' privilege objections extend beyond the scope of the attorney-client or work-product privileges.  DC intends to seek the Court's assistance in compelling responses to its questions.

Defendants assert blanket objections without ever identifying any specific defect. *See supra* DC's Response to General Objection No. 8.

As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions.  *See supra* DC's Response to General Objection No. 4.

| **DEFENDANTS' OBJECTION** |
|---|

10.    Defendants further object to the Declaration on the grounds that it repeatedly refers to as "pending," and attempts to re-argue, discovery issues that have already been decided *against* DC, and which are the "law of the case." *See* Docket No. 209 at 10, 13.

- DC claims that it "is currently pursuing discovery to determine the substance of the consent agreement." Petrocelli Decl., ¶ 87. However, Magistrate Zarefsky expressly held, as did the Court in *Siegel*, that the consent agreement was privileged. Docket No. 209. Moreover, this Court upheld that ruling upon review. Docket No. 248.
- DC claims that it "intends to initiate additional efforts to obtain Ms. Larson's [alleged July 2003] response to Michael [Siegel's] letter." Petrocelli Decl., ¶ 91. Magistrate Zarefsky refused to order that letter produced (Docket No. 209), this Court denied a motion for review of that order (Docket No. 248), and Magistrate Zarefsky recently denied yet another a motion for reconsideration of that order (Docket No. 285).

| **DC'S RESPONSE** |
|---|

This is pure rhetoric and argument—most of it false—and not a ground for objection.

DC'S RESPONSES TO DEFENDANTS'
EVIDENTIARY OBJECTIONS

DC has every right to discover, for example, the content of the "consent agreement" through deposition testimony from defendants, and will be filing motions to obtain it.  Defense counsel instructed defendants Mark Peary and Laura Siegel Larson not to answer any questions regarding the substance of the consent agreement on grounds that it "has been [held] to be privileged and off limits" by Magistrate Zarefsky, and also asserted attorney-client and work-product privilege.  Docket No. 305-37 at 1171.  Each of these grounds is without merit.

Magistrate Zarefsky denied DC's motion to compel production of the consent agreement based on his application of law-of-the-case doctrine to the *Siegel* court's ruling that the agreement was entered into in connection with mediation.  Docket No. 209 at 2-10.  While this ruling (which DC has disputed) prevented DC from obtaining the document itself, it in no way bars DC from acquiring independent evidence of the nature and substance of the consent agreement.  Courts have established that parties can pursue alternative sources of discovery to prove the existence of facts disclosed during mediation—parties must be given an opportunity to "uncover new, admissible evidence … not protected by the confidentiality statutes."  *Benesch v. Green*, 2009 U.S. Dist. LEXIS 117641, at *12-13 (N.D. Cal. Dec. 17, 2009); *see also Foxgate v. Homeowners' Assoc.*, 26 Cal. 4th 1, 17-18 (2001) (allowing plaintiff to seek sanctions based on "assertion and evidence" other than "communications made during the mediation"); *Cassel v. Super. Ct.*, 2011 WL 102710 (Cal. Jan. 13, 2011) (citing *Benesch* and *Foxgate* favorably).

Moreover, Mr. Peary's testimony is new evidence confirming that the consent agreement is itself discoverable because it exists separate and apart from any mediation or settlement discussions.  Mr. Peary admitted that the consent agreement remains in effect to this day, Docket No. 305-37 at 1174—and therefore continues to violate DC's rights long after the parties' 2008 mediation in *Siegel* was terminated.  Mr. Peary also testified that the "consent agreement," *e.g.*, *id.* at 1156—his word for the document—is titled "Superman agreement," *id.* at 1167— not "Mediation Agreement," "Settlement Strategy," or the like.  Federal Rule of Evidence 408 confirms that the consent agreement is discoverable as evidence of independently wrongful acts that are the subject of DC's claims in this case.  The "Superman agreement" is not a mediation communication; it is an illicit and

unlawful contractual restraint.[2]  Defendants cannot shield such evidence from discovery "through the pretense of disclosing it during compromise negotiations." FED. R. EVID. 408, Advisory Comm. Note; *see also Carney v. Am. Univ.*, 151 F.3d 1090, 1095-96 (D.C. Cir. 1998); *Uforma/Shelby Bus. Forms, Inc. v. NLRB*, 111 F.3d 1284, 1293-94 (6th Cir. 1997); *Athey v. Farmers Ins. Exch.*, 234 F.3d 357, 362 (8th Cir. 2000); *Rhoades v. Avon Prods., Inc.*, 504 F.3d 1151, 1161 (9th Cir. 2007); *Munoz v. J.C. Penney Corp., Inc.*, 2009 U.S. Dist. LEXIS 36362, at *8-10 (C.D. Cal. Apr. 9, 2009) (Wright, J.); *Bd. of Trs. v. Tyco Int'l, Ltd.*, 253 F.R.D. 521, 523 (C.D. Cal. 2008); *FDIC v. White*, 76 F. Supp. 2d 736, 738 (N.D. Tex. 1999); *accord* CAL. EVID. CODE § 1120 ("Evidence otherwise admissible or subject to discovery outside of a mediation or a mediation consultation shall not be or become inadmissible or protected from disclosure solely by reason of its introduction or use in a mediation."); *Rojas v. Super. Ct.*, 33 Cal. 4th 407, 423 n.8 (2004); *Kullar v. Foot Locker Retail, Inc.*, 168 Cal. App. 4th 116, 132-33 (2008).  Moreover, Mr. Peary's Rule 12 motion asserts—incorrectly—that the consent agreement was entered into "solely for purposes of the parties' settlement mediation, which commenced on May 8, 2008."  Docket No. 148 at 20.  Mr. Peary cannot make such an assertion in briefing but cut off a complete inquiry in discovery.

The attorney-client and work-product privileges do not apply.

<u>First</u>, as a factual matter, DC's questions did not call for the divulgence of *any*

---

[2] To be clear, DC is entitled to discovery regarding the consent agreement without first having to prove its unlawfulness—an ultimate fact for trial.  *Cf. Munoz v. J.C. Penney Corp.*, 2009 U.S. Dist. LEXIS 36362, at *7-10 (C.D. Cal. Apr. 9, 2009) (mediation communication discoverable so long as it pertains to facts other than an admission of fault or liability in underlying case).  In any event, the agreement is unlawful under section 304(c)(6)(D) of the Copyright Act, which gives DC a "competitive advantage" and requires that the Shuster heirs remain free to enter into copyright agreements with DC until the effective termination date in 2013.  *See* 17 U.S.C. § 304(c)(6)(D); *Milne v. Stephen Slesinger, Inc.*, 430 F.3d 1036, 1047 (9th Cir. 2005).  Moreover, Mr. Toberoff's involvement in the consent agreement appears to violate state law and public policy.  *See Calvert v. Stoner*, 33 Cal. 2d 97, 103 (1948); *Tax Auth., Inc. v. Jackson Hewitt, Inc.*, 898 A.2d 512, 522 (N.J. 2006); ABA Standing Comm. on Ethics and Prof'l Responsibility, Formal Opinion 06-438 (2006); CAL. RULES OF PROF'L CONDUCT R. 3-310(D) (2011); *Fair v. Bakhtiari*, 2011 WL 1991999 (Cal. Ct. App. May 24, 2011).  Indeed, Magistrate Zarefsky recognized that "[o]ne cannot know with certainty what the [2008] consent agreement means without seeing the agreement."  Docket No. 209 at 8:1-2. It is for this reason that questions concerning its terms should be compelled (and the document itself should be produced); the mediation ended long ago, *see* Docket No. 171-4 Ex. 3, and there is no basis to shield a consent agreement that admittedly exists independent of it, Docket No. 305-37 at 1173-74, from disclosure.

DC'S RESPONSES TO DEFENDANTS' EVIDENTIARY OBJECTIONS

privileged information—to the contrary, they were directed to Mr. Peary's reasons for entering into the consent agreement on behalf of the Shuster estate and his understanding of the effect of the agreement on the estate's rights. As the named executor of the Estate of Joseph Shuster, Mr. Peary has a fiduciary duty to make informed, good faith decisions in furtherance of the Estate's interests. *E.g.*, CAL. PROB. CODE § 9600(a) ("The personal representative has the management and control of the estate and, in managing and controlling the estate, shall use ordinary care and diligence."); *Estate of Sanders*, 40 Cal. 3d 607, 616 (1985) ("An executor is an officer of the court and occupies a fiduciary relation toward all parties having an interest in the estate."). Mr. Peary was therefore obligated to exercise some degree of sound, independent judgment even if Mr. Toberoff advised him on whether to enter into the consent agreement. *See id.* Moreover, defendants have asserted that the Siegel and Shuster heirs are the only parties to the consent agreement, meaning it is a contractual restraint among non-lawyers. There is no basis for asserting privilege over such business arrangements. *E.g.*, *U.S. v. Chen*, 99 F.3d 1495, 1501 (9th Cir. 1996) (privilege only applies where client seeks advice from lawyer "'*in his capacity as such*'"—not where lawyer acts as "business agent"); *Minebea Co., Ltd. v. Papst*, 355 F. Supp. 2d 526, 529 (D.D.C. 2005) (business agreements and communications between attorney and client not privileged); *U.S. v. Davis*, 636 F.2d 1028, 1043 (5th Cir. 1981) (where services primarily non-legal in nature, "communications relating to that service should therefore not be privileged, even though performed by a lawyer"); *Marten v. Yellow Freight Sys.*, 1998 U.S. Dist. LEXIS 268, at *18 (D. Kan. Jan. 6, 1998) (recognizing that "when the legal advice is merely incidental to business advice, the privilege does not apply").

Second, Mr. Peary waived whatever privilege might otherwise have existed by selectively and strategically disclosing certain facts about the consent agreement. Counsel allowed Mr. Peary to provide testimony that he apparently believed would be helpful to defendants, including when the agreement was signed; its signatories;

---

[3] *Compare* Docket No. 307-37 at 1190-91 (Question: "Do you have any current arrangement for the consent agreement or otherwise whereby the Shuster interests share in any proceeds or recovery attributable to Superboy?" [No objection.] Response: "No."), *with id.* at 167 (Question: "Do you have any agreement to share in any accounting recovery that the Siegels might obtain in their case against DC or Warner Bros.?" Instruction: "I instruct you not to answer that because it delves into the potential substance of the consent agreements.").

DC'S RESPONSES TO DEFENDANTS' EVIDENTIARY OBJECTIONS

its title; its continued existence; and the fact that it purportedly does not entitle the Shusters to share in any profits concerning Superboy or the Superboy case the Siegels are pursuing. *See* Docket No. 305-37 at 1158-60, 1167-69, 1174, 1185, 1190-94. While defense counsel allowed this testimony, which apparently counsel found helpful, it shut off all inquiry into questions concerning, for example, the Shusters' entitlement to money from the *Siegel* accounting case that is also proceeding before Judge Wright.[3] Promises the Siegels made to the Shusters to share in monies from court cases in which the Shusters are not parties are relevant to DC's unclean hands claims in this case, and also prove the consent agreement is *not* a Drysdale-Koufax agreement, which is an inapt analogy in any event, given the prohibitions on rights-trafficking found in the Copyright Act. Counsel also blocked our efforts to test the factual assertions in defendants' Rule 12 briefing concerning the nature and substance of the consent agreement—including, for example, that the agreement does not "constitute 'a further grant, or agreement to make a further grant' of the recaptured Superman copyrights," Docket No. 148 at 9; reflects "understandings between the Siegels and the Shuster Estate regarding settlement strategy," *id.* at 2; was entered into "solely for purposes of the parties' settlement mediation" in 2008, *id.* at 20; and was intended to "'achieve the objects of the litigation,'" *id*. at 17; *see also* Docket No. 182 at 17-21 (listing, by way of illustration, fact issues raised in defendants' SLAPP motion).

The Ninth Circuit has rejected such efforts to simultaneously disclose some facts while withholding others—a privilege holder "cannot be allowed, after disclosing as much as he pleases, to withhold the remainder. He may elect to withhold or disclose, but after a certain point his election must remain final." *Weil v. Inv./Indicators, Research & Mgmt., Inc.*, 647 F.2d 18, 24 (9th Cir. 1981); *Fort James Corp. v. Solo Cup. Co.*, 412 F.3d 1340, 1349-51 (Fed. Cir. 2005).

Third, Mr. Peary also waived privilege by putting at issue Mr. Toberoff's advice concerning the lawfulness of the consent agreement. Defendants, including Mr. Peary, have repeatedly asserted that the consent agreement "is not unlawful in any respect" and "does not require consent of the Heirs' attorney to any settlement with DC." Docket No. 160 at 53; Docket No. 231 at 7; *see also* Docket No. 170 at 5 ("DC's argument that the Consent Agreement is 'unlawful' or improper is also false and unsupported."). By refusing to answer DC's questions regarding the basis for such assertions, Mr. Peary wrongfully has denied DC an opportunity to test

DC'S RESPONSES TO DEFENDANTS'
EVIDENTIARY OBJECTIONS

defendants' characterization of the agreement.  Courts have established that "the attorney-client privilege cannot at once be used as a shield and a sword." *U.S. v. Bilzerian*, 926 F.2d 1285, 1291-94 (2d Cir. 1991).  In *Bilzerian*, the court found that a defendant charged with securities fraud and making false statements to the government placed at issue conversations with his counsel by claiming that he "thought his actions were legal." *Id.* at 1292.  The court ruled that privilege as to those conversations was waived because the defendant "put his knowledge of the law and the basis for his understanding of what the law required in issue" and "fairness require[d] examination of protected communications." *Id.*  Similarly, by stating that all of his actions have been predicated on Mr. Toberoff's advice, Mr. Peary has put these communications at issue and cannot refuse to testify about them. *See id.*; *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162-63 (9th Cir. 1992).

DC intends to file with this Court a motion for review of Magistrate Zarefsky's September 15, 2011, order.  Defendant Laura Siegel Larson's deposition testimony confirms the existence of a July 2003 letter she sent to her brother, Michael Siegel, in response to Mr. Siegel's May 13, 2003, letter.  Defendants for the first time in opposition to DC's motion asserted a "common interest" privilege over the letter, but that claim was rejected by the Ohio district court. Prior to Ms. Larson's July deposition, defendants never confirmed the existence of the July 2003 letter, and it was only two weeks ago that defendants first disclosed that it was included among their 7,565 privilege-log entries. The privilege log entry defendants identified, however, makes no reference to the letter and asserts no "common interest" privilege.

Defendants assert blanket objections without ever identifying any specific defect. *See supra* DC's Response to General Objection No. 8.

As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. *See supra* DC's Response to General Objection No. 4.

DC'S RESPONSES TO DEFENDANTS' EVIDENTIARY OBJECTIONS

| **DEFENDANTS' OBJECTION** |
| --- |

11.    Defendants further object to the Declaration on the grounds that it repeatedly refers to discovery DC has yet to take and selectively presents testimony and exhibits that do not give a true picture of the state of discovery. DC has **failed** to take much of the discovery that it claims is "necessary" despite ample opportunity to do so:

- Petrocelli tactlessly complains that "Ms. [Joanne] Siegel passed away, before DC could depose her." Petrocelli Decl., ¶ 77.
  - Petrocelli rescheduled Joanne Siegel's deposition from its noticed date of January 12, 2011. *Id.*
- Petrocelli states that DC "plans to depose Mr. Toberoff, the Rule 30(b)(6) designees for the defendant entities, the author of the Toberoff Timeline [thought to be David Michaels], and Ari Emanuel, among others." Petrocelli Decl., ¶ 115. Among those "other" witnesses is Kevin Marks. *Id.*, ¶ 102.
  - DC refused the opportunity to take Mr. Toberoff's deposition prior to the August 8, 2011 deadline, and also knows that Mr. Toberoff is the Rule 30(b)(6) designee for the defendant entities. Tob. Decl., Exs. N-O.
  - DC refused to take the deposition of Kevin Marks before the August 8 deadline: it originally scheduled the deposition for April 14, 2011 (Tob. Decl., Ex. E); it then rescheduled the deposition for July 21, 2011 (Tob. Decl., Ex. H); it then unilaterally rescheduled the deposition for August 5, 2011 (Tob. Decl., Ex. K); it then, after Mr. Toberoff cancelled his vacation plans so that the deposition could proceed on August 5, unilaterally took the deposition off-calendar. Tob. Decl., Ex. P.
  - As of the filing of its Declaration, DC had never noticed the depositions of either David Michaels or Ari Emanuel.
- DC states that it "plans to serve requests for production" on "David Michaels," "representatives of Michael Siegel's Estate," "Arthur Levine, prior counsel to the Siegel heirs," and "George Zadorozny," also counsel to the Siegels. Petrocelli Decl., ¶ 116.
  - As of the filing of its Declaration, DC served **no** such requests for production on David Michaels, Michael Siegel's Estate, Arthur Levine, or George Zadorozny, despite ample opportunity to do so.

DC'S RESPONSES TO DEFENDANTS'
EVIDENTIARY OBJECTIONS

- DC states that "[r]esolution of DC's pending and intended motions may necessitate further deposition testimony from Ms. Larson, Mr. Peary, and Ms. Peavy." Petrocelli Decl., ¶ 118.
  - o DC states its intent to go far beyond the one-day, seven-hour limitation on depositions set forth in F.R.C.P. 30(d)(1).
  - o As of the filing of its Declaration, DC had **no** pending discovery motions.

| DC'S RESPONSE |
| --- |

This is pure rhetoric and argument—most of it false—and not a ground for objection.

*See supra* DC's Response to General Objection No. 9.

Further deposition testimony from Ms. Larson, Mr. Peary, and Ms. Peavy may be necessitated by defendants' own actions.  First, DC intends to shortly file motions addressing the overbroad attorney-client and work-product privileges asserted by defense counsel during the depositions.  Defense counsel's privilege objections prevented DC from conducting a full seven-hour examination—as defendants admit DC is entitled to—and prevented DC from obtaining relevant and discoverable evidence.  Second, DC is entitled to depose these witnesses regarding evidence only recently produced by defendants and after the depositions were taken—despite being responsive to DC's requests in August and December 2010.  Docket No. 307.  Third, if defendants' petition for writ is denied by the Ninth Circuit and DC obtains the source documents for the Toberoff Timeline, DC may need to seek further testimony from these witnesses.

Defendants assert blanket objections without ever identifying any specific defect.  *See supra* DC's Response to General Objection No. 8.

As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions.  *See supra* DC's Response to General Objection No. 4.

| DEFENDANTS' OBJECTION |
| --- |

DC'S RESPONSES TO DEFENDANTS'
EVIDENTIARY OBJECTIONS

12.    Defendants further object to the Declaration in that it *see*ks additional discovery, while effectively conceding that DC has been in possession of the relevant information for years, since no later than 2006. None of DC's evidence alters the conclusion that its claims are time-barred, as demonstrated by its reliance on documents and testimony that it has had since 2006:

- The Declaration mainly attaches, discusses, and relies on documentary evidence that was in DC's possession by 2006 or earlier, including key agreements such as the 2001 and 2003 Pacific Pictures Agreements and the 2002 IP Worldwide Agreement. *See* Petrocelli Decl., ¶¶ 5, 7-14, 17- 18, 20-21, 23, 25-26, 32-33, 38, 40, 42-54, 57; Exs. 1, 7-13, 15-16, 18-23, 25, 28-36, 38, 54-56.
- DC relies on deposition testimony from the October 7, 2006 deposition of Kevin Marks. Petrocelli Decl., ¶¶ 15-16, 19, 22, 27-29, 31; Ex. 14.
- DC relies on deposition testimony from the November 17, 2006 deposition of Marc Toberoff. Petrocelli Decl., ¶¶ 19, 24; Ex. 17.
- While DC purports to rely on the June 29, 2011 deposition of Mark Warren Peary for testimony concerning the cancellation of the Pacific Pictures Agreement (Petrocelli Decl., ¶ 49, citing Ex. 37), Mr. Peary testified on that topic in his 2006 deposition. Petrocelli Decl., Ex. 51 at 59:18-60:10.
- While DC purports to rely on the July 22, 2011 deposition of Laura Siegel Larson (Petrocelli Decl., ¶¶ 33-39; Ex. 24), Ms. Larson actually testified on such topics at her 2006 deposition:
  - Joanne Siegel's May 9, 2002 letter, Ms. Larson's September 21, 2002 letter to Paul Levitz and the end of negotiations with DC. *Compare* Petrocelli Decl., ¶ 33, 36 *with* [2006 Deposition] at 56:17-24, 133:19-139:10, 140:14-141:6, 146:2-147:3, 210:18-216:3, 217:25-221:13, and 261:15-262:7.
  - Ms. Larson's initial meetings and contact with Marc Toberoff and Ari Emanuel leading up to and including the IP Worldwide Agreement. *Compare* Petrocelli Decl., ¶¶ 34-38 *with* [2006 Deposition] at 17:6-17:19, 24:10-17, 25:22-26:5, 26:21-27:14, 34:5-38:16; 52:16-21, 60:1-60:8, and 61:12-21.
  - Ms. Larson's formal retainer agreement with Marc Toberoff. *Compare* Petrocelli Decl., ¶ 39 with [2006 Deposition] at 72:8-73:8.

| **DC'S RESPONSE** |
| --- |

This is pure rhetoric and argument—most of it false—and not a ground for objection.

That DC has included evidence in Mr. Petrocelli's declaration that was obtained prior to 2006 does not establish that its claims are time barred; far from it.  The evidence is intended to show the complete picture of Mr. Toberoff's tortious interference with DC's relationships with both the Siegels and Shusters through his fraudulent inducement of the heirs.

Contrary to defendants' contentions, the recent testimony of Mr. Peary and Ms. Larson cited in Mr. Petrocelli's declaration is not the same as that obtained in *Siegel*.  In *Siegel*, Mr. Peary did not testify about what he believed was the result of the 2004 cancellation of the Pacific Pictures agreements.  *Compare* Docket No. 305-51 at 1742:18-1743:10, with Docket No. 305-37 at 1432:19-1442:18.  In *Siegel*, neither Mr. Peary nor Ms. Larson was examined about the documents reflecting their 2004 legal retainer agreements with Mr. Toberoff because defendants did not produce those documents until this case, despite the documents being responsive to DC's requests served in 2006.  *See* Docket Nos. 305-38 at 1325:9-1336:11; 305-24 at 808:14-817:4.

DC fully addresses defendants' arguments regarding why its claims are not timed barred are addressed in its oppositions to defendants Rule 12 and SLAPP motions. Docket Nos. 184 at 8-13; 185 at 11-13; 186 at 22-23; and 307 at 23-25.

Defendants assert blanket objections without ever identifying any specific defect. *See supra* DC's Response to General Objection No. 8.

As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions.  *See supra* DC's Response to General Objection No. 4.

| **DEFENDANTS' OBJECTION** |
| --- |

13.    Defendants further object to the Declaration in that it *seek*s additional discovery, when the lack of "new," relevant documentary evidence only shows the infirmity of DC's claims:

- The "new" evidence cited by DC consists of depositions from this case (Petrocelli Decl., Exs. 24, 37, 52-53), discovery responses from this case (*Id.*, Exs. 39, 49), random web sites and newspaper articles (*Id.*, ¶¶ 6-8; Exs. 2-4), retainer agreements (*Id.*, Petrocelli Decl., ¶¶ 41, 55; Exs. 26-27, 40), the inadmissible "Timeline" attached to its Complaint that DC reviewed in 2006 (*Id.*, ¶ 30; Docket No. 49, Ex. A), and a May 13, 2003 letter (Petrocelli Decl., ¶ 88-89; Docket No. 225-4) that is not attached to the Declaration. As set forth in Defendants' reply, none of this "evidence" in any way affects Defendants' legal arguments, nor does it rebut Defendants' factual contentions.
- DC claims that the "corporate formation documents for defendants Pacific Pictures Corporation, IP Worldwide LLC, and IPW, LLC" show that those entities' "stated business purpose is 'entertainment and media,' not the provision of legal services" (Petrocelli Decl., ¶ 110), when Defendants have never argued otherwise.
- DC claims that a March 29, 2004 letter that extended the IP Worldwide Agreement is new evidence (Petrocelli Decl., ¶ 110), but DC knew about the extension agreement in ***2006*** from a document produced in the *Siegel* litigation that was also addressed in and attached to Defendants' anti-SLAPP motion. *See* Docket No. 145-6, Ex. CC at 368.

| DC'S RESPONSE |
| --- |

This is pure rhetoric and argument—most of it false—and not a ground for objection.

*See supra* DC's Response to General Objection No. 12.

Defendants do not dispute that DC has developed "new" evidence by its discovery efforts in this case, relevant to its claims, and not produced in *Siegel*.  Instead, defendants somehow believe that a purported "lack of 'new,' relevant documentary evidence" establishes the untimeliness of DC's claims.  As DC showed in its oppositions to defendants Rule 12 and SLAPP motions, none of its claims is timed-barred and evidence developed in this case supports that position.  *See* Docket Nos.

DC'S RESPONSES TO DEFENDANTS'
EVIDENTIARY OBJECTIONS

184 at 8-13; 185 at 11-13; 186 at 22-23; and 307 at 23-25.

Defendants' production of the Siegels' and Shusters' legal retainer agreements with Mr. Toberoff, and Mr. Peary and Ms. Larson's testimony concerning those documents, establish that neither the Siegels nor the Shusters entered into an agreement with Mr. Toberoff as an attorney until 2004.

Defendants concede that the stated business purpose of defendants Pacific Pictures Corporation, IP Worldwide, LLC, and IPW, LLC, is " 'entertainment and media,' and not the provision of legal services," yet they argue that agreements the Siegels and Shusters entered into with those companies resulted in a legal relationship with Mr. Toberoff.  Absent reaching compromise with defendants, DC intends to shortly file a motion to compel the corporate documents of these Toberoff-related companies.

| | DEFENDANTS' OBJECTION |
|---|---|

14.    Defendants further object to the twenty-three page "Appendix A" to the Declaration (pgs. 42-65), which purports to list "contested factual assertions." The appendix is yet another supplemental brief by DC far exceeding the page limitations of its opposition.  Moreover, ***each*** of the purported "factual" issues listed by DC is either a matter of law, irrelevant, a result of misleading partial quotations and/or a gross mischaracterization by DC:

| No. | Purportedly "Factual" Issue | Response |
|---|---|---|
| **1.** | "DC's contentions [in its Fourth and Sixth Claims] that [the Pacific Pictures agreements] 'violate' the Copyright Act are wrong." Docket No. 196 at 4 n.3 | This is a statement from Defendants' prior anti-SLAPP reply. Docket No. 270.<br><br>The actual statement is: "DC's contentions ... are wrong ***as a matter of law***" and that "[such] alleged copyright transfers may be void ... but they are not illegal." Docket No. 196 at 4 n.3.<br><br>The issue of whether the PPC Agreements are void pursuant to 17 U.S.C. § 304(c) is a matter of law, not fact. *See* Docket No. 147-1 at 8, No. |

DC'S RESPONSES TO DEFENDANTS'
EVIDENTIARY OBJECTIONS

| | | |
|---|---|---|
| | | 148-1 at 13-14. |
| 2. | "DC's Fourth Claim fails in part because defendants did not have a scheme to park Superboy rights with the Siegels." | None of the "evidence" cited by DC addresses defendants' ***legal*** argument that the Siegels have a separate claim to Superboy arising out of a script solely authored by Jerome Siegel; that the Shuster Estate could not have made, and, in any event, could never have terminated Superboy under 17 U.S.C. § 304(d). *See* Docket No. 148-1 at 17-19.<br><br>Nor does DC cite any evidence or potential evidence that this legal disclaimer of interest in Superboy was part of a "fraudulent scheme."<br><br>DC also ignores the fact that Mr. Peary and Ms. Larson clearly testified that the Shusters have ***no*** claim or interest in the Siegels' Superboy claims. Petrocelli Decl., Ex. 24 at 41:21-42:18 (testimony of Ms. Larson), Ex. 37 at 88:9-89:19 (testimony of Mr. Peary). |
| 3. | "DC's Fifth Claim fails because the Siegels ended settlement negotiations with DC in *May 2002* – before Toberoff intervened." | This mischaracterizes Defendants' actual argument that DC had no "reasonable probability" of "prospective economic advantage" from settlement negotiations in August 2002 when Mr. Emanuel/ Mr. Toberoff approached Mr. Marks, the Siegels' then attorney, based on a May 9, 2002 letter from Joanne Siegel that stated "[a]fter four years we have no deal and this contract makes an agreement impossible." *See, e.g.,* Docket No. 145-1 at 22-23.<br><br>Judge Larson held that this May 9, 2002 letter from Joanne Siegel confirmed the Siegel Heirs |

| | | |
|---|---|---|
| | | had "clearly and unequivocally" rejected DC's proposals. *Siegel*, 542 F. Supp. 2d at 1139 |
| 4. | "DC's Sixth Claim fails because the consent agreement between the Siegels and Shusters amounts to protected activity." | DC's argument that an agreement entered into by the Siegels and Shusters during litigation regarding the settlement of their claims is not "protected activity" covered by the anti-SLAPP statute is clearly frivolous. *See, e.g.,* Docket No. 145-1 at 20 n.8.<br><br>Judge Zarefsky has held, and this Court confirmed upon review, that the 2008 "consent agreement" is also privileged. *See* Docket No. 209, No. 248.<br><br>The only "discovery" DC can point to regarding the consent agreement are contemplated motions to compel deposition responses divulging the contents of this ***privileged*** document. |
| 5. | "DC's Sixth Claim is moot because Toberoff's companies no longer have interest in the heirs' putative rights." | Mr. Toberoff has only a contingent legal fee based on any proceeds of these litigations. DC points to ***no*** evidence that "Toberoff's companies" have any ownership whatsoever in the heirs' copyright interests.<br><br>DC's "example" of "what discovery has revealed" relates to the purported interest in the |

DC'S RESPONSES TO DEFENDANTS'
EVIDENTIARY OBJECTIONS

| | | |
|---|---|---|
| | | Shuster termination rights of Pacific Pictures, a company which was no long ago dissolved. Moreover, DC itself alleges in its complaint that Pacific Pictures could have no such interest as a matter of law. Finally, Mr. Toberoff, Pacific Pictures and Mr. Peary, the Executor of the Shuster estate, have all ***repeatedly*** confirmed that Pacific Pictures obtained no continuing interest in the Shuster estate's termination pursuant to the cancelled and superceded PPC Agreements, or otherwise. *See* Docket No. 146-2, ¶ 7; No. 147-1 at 8; No. 148-1 at 13-14; FAC, ¶167; Tob. Decl., Ex. D.<br><br>DC's remaining discovery on this point ***does not*** address whether the companies "have [an] interest" in the rights – it relates to "efforts to market the rights," and Toberoff's companies have already fully responded to DC's discovery on that subject.<br><br>Petrocelli Decl., Ex. 49. |
| 6. | "Toberoff represented the Shusters as an attorney – and that is what DC's complaint targets." | *First,* this is a red herring, as Mr. Toberoff need not have acted as an attorney to fall within the anti-SLAPP statute. Docket No. 145-1 at 15.<br><br>*Second,* DC does not contest ***any*** of the evidence that Toberoff acted as an attorney even without a formal retainer agreement. Docket No. 145-1 at 15-16. Notably, the PPC Agreement clearly states that "[Toberoff would] furnish directly to the [Shusters] all legal services required by the [Shusters] in connection with the rights." Docket No. 145-4, Ex. H at 86. |

DC'S RESPONSES TO DEFENDANTS' EVIDENTIARY OBJECTIONS

| | | |
|---|---|---|
| | | DC's only argument on this non-issue is that "Peary did not sign a legal retainer agreement ... until 2004." As set forth in Defendants' reply papers, a formal "retainer" agreement is not required for an attorney-client relationship. *See People ex rel. Dept. of Corporations v. SpeeDee Oil Change Systems, Inc.*, 20 Cal. 4th 1135, 1147 (1999). |
| 7. | "The Siegels approached Toberoff as an attorney and he has acted as their counsel 'ever since.'" | Again, this is a red herring, as Mr. Toberoff need not have acted as an attorney to fall within the anti-SLAPP statute. Docket No.145-1 at 15.<br><br>Moreover, the Siegels repeatedly testified that they entered into an attorney-client relationship with Toberoff from the outset (Docket No. 145-2, Ex. B at 41:1-3 (testimony of Joanne Siegel), No. 145-4, Ex. K at 17:6-13 (testimony of Laura Siegel Larson). The IP Worldwide Agreement itself states that Toberoff would serve as legal counsel to the Siegels (Docket No. 145-3, Ex. F ¶ 2), which DC ignores. |
| 8. | "The Siegels contemplated litigation at the time they met Toberoff." | DC does not tie any of the discovery it *seeks* to whether the Siegels contemplated litigation.<br><br>Moreover, it is already clear that both the Siegels and DC contemplated litigation, The Siegels started looking for litigation counsel in *March 2002*, well before they met Mr. Toberoff. Tob. Decl., Ex. B; Petrocelli Decl., Ex. 24 at 142:4-17.<br><br>During settlement negotiations with DC, the Siegels and DC entered into a "tolling agreement" that gave the Siegels until at least October 2004 to file their claims in Court. *See Siegel v.* |

DC'S RESPONSES TO DEFENDANTS' EVIDENTIARY OBJECTIONS

| | | | |
|---|---|---|---|
| | | | *Warner Bros. Entertainment Inc.*, 542 F. Supp. 2d 1098, 1134-36 (C.D. Cal. 2008). Such an agreement is only necessary if litigation *is* contemplated. |
| **9.** | "The Shusters contemplated litigation at the time they met Toberoff." | | This is a red herring as set forth above. The anti-SLAPP statute applies to DC's Fourth Claim because its allegations are based on Mr. Toberoff's commencement of legal proceedings to probate the estate (FAC ¶ 65) and subsequent filing of statutory termination notices with the Copyright Office. *See Mindys Cosmetics, Inc. v. Dakar*, 611 F.3d 590, 596- 97 (9th Cir. 2010) (registrations with Trademark Office covered by anti-SLAPP law); Motion at 14-16. <br><br> Such protected actions obviously also set the stage for contemplated litigation with DC over the Shusters' termination rights. |
| **10.** | "DC's allegations that Toberoff induced the Siegels to sever their relationship with DC based on fraudulent promises of a 'billionaire investor' and competing Superman movie is 'utterly false' and a 'mockery.'" | | DC's false allegation relates solely to the Fifth Claim, which is already barred as a matter of law by (a) the two-year statute of limitations (Docket No. 146-1 at 21-22) and (b) the litigation privilege (Docket No. 22- 25). <br><br> Even were the claim not barred as a matter of law, the ***sole*** evidence that DC relies on is a May 13, 2003 letter from Michael Siegel that is (a) inadmissible, (b) concerned an offer to buy Michael Siegel's interest, not "the Siegels'" (*i.e.* Joanne and Laura Siegel) interest, and is not at issue in the complaint, and (c) does not refer to any offer or misrepresentations to Joanne and Laura Siegel, in August 2002. |

DC'S RESPONSES TO DEFENDANTS'
EVIDENTIARY OBJECTIONS

| | | |
|---|---|---|
| | | All of the testimony on the subject by every percipient witness indicates that no mention was made of a "billionaire investor" or a "competing Superman movie" at the August 2002 meeting. Docket No. 145- 1 at 22-24. |
| | | DC's efforts to *seek* discovery about the purchase of the Michael Siegel interest are utterly irrelevant to its allegations, as its complaint does not even once mention Michael Siegel. |
| **11.** | "The assertions in the Toberoff Timeline are completely inaccurate." | This straw man misstates defendants' position. As the Timeline mentions documents its author enclosed and sent to Warner Bros., certain underlying information contained therein is correct. However, it is also riddled with lies and inaccuracies, and clearly written as a "hit piece" to assassinate Mr. Toberoff's character. |
| | | DC makes **no** showing that the anonymous Timeline is admissible evidence (it clearly is not) or how it is relevant to DC's claims. |

| **DC'S RESPONSE** |
|---|
| This is pure rhetoric and argument—most of it false—and not a ground for objection. |
| *See supra* DC's Responses to General Objection Nos. 9, 10, 11, 12. |
| Defendants mischaracterize the evidence and their own Rule 12 and SLAPP arguments in seeking to now avoid the contested factual assertions on which their motions are based.  By way of example: |
| • Mr. Peary and Ms. Larson did not "clearly testif[y] that the Shusters have no claim or interest in the Siegels' Superboy claims."  Both Mr. Peary and Ms. Larson were instructed by Mr. Toberoff to not answer |

DC'S RESPONSES TO DEFENDANTS'
EVIDENTIARY OBJECTIONS

1    questions concerning whether the Shusters share in recovery by the

2    Siegels in the *Siegel* case.  Docket Nos. 305-24 at 759-763; 305-37 at

3    1173-1174.

4    • Defendants argue that DC's Fifth Claim for interference with

5    prospective economic advantage fails "based on a May 9, 2002 letter

6    from Joanne Siegel that stated "[a]fter four years we have no deal and

     this contract makes an agreement impossible."  Ms. Larson, however,

7    testified in this case that settlement negotiations with DC did not

8    terminate until September 2002, after Mr. Emanuel and Mr. Toberoff

9    conveyed their offer to Mr. Marks in August 2002.

10   • That defendants' claim "Mr. Toberoff has only a contingent legal fee

11   based on any proceeds of these litigations" is a contested factual issue

     is proven by their own SLAPP briefing.  Defendant submitted with

12   their SLAPP reply a purported letter agreement dated August 2, 2011,

13   between defendants Mr. Peary, Jean Adele Peavy, and Mr. Toberoff.

14   This agreement was manufactured in an attempt to underline

15   defendants' acknowledgement, confirmed by recent deposition

     testimony of Mr. Peary, that Pacific Pictures agreements challenged by

16   DC in this case ran afoul of copyright and other laws.  DC has moved

17   to strike this document.   Docket No. 322 at 1-2.

18   The Timeline is a summary of and supported by underlying documents and

19   evidence.  *See supra* DC's Response to General Objection No. 1.

20

21   | **DEFENDANTS' OBJECTION** |
     | --- |

22   15.    Defendants further object to the Declaration on the grounds that Petrocelli

23   egregiously purports to disclose protected statements relating to a 2008 "consent

     agreement" made during and/or in connection with the parties' settlement

24   mediation in *Siegel v. Warner Bros. Ent., Inc.*, 04-CV-08400 ODW (RZx). *See*,

25   *e.g.*, Petrocelli Decl., ¶¶ 58-59. Such disclosures willfully breach the parties'

26   May 1, 2008 JAMS Confidentiality Agreement and must be stricken. *See* Docket

     No. 78 at 18:12- 24:13. Moreover, Magistrate Zarefsky found the consent

27   agreement to be privileged (Docket No. 209), as did Judge Larson (*Siegel*, Docket

28   No. 442), as did this Court on review of Magistrate Zarefsky's order (Docket No.

DC'S RESPONSES TO DEFENDANTS'
EVIDENTIARY OBJECTIONS

248). Defendants further object to the Declaration on the grounds that it attaches and purports to quote deposition testimony on the "consent agreements." Furthermore, DC's comment in its brief that the agreement "perhaps [requires] Toberoff's consent" (Opp. at 21) is nonsense that has been repeatedly refuted and is not supported by anything in Petrocelli's Declaration. *See* Docket No. 160 at 63.

## DC'S RESPONSE

Nothing in the declaration violates the parties' May 1, 2008 JAMS mediation agreement. *See* Docket No. 185 at 18-23 (Opp. Siegel MTD). DC fully complied with all the rules invoked by the JAMS agreement, none of which permits defendants to immunize facts or their independently wrongful acts by disclosing them in mediation. Furthermore, the disclosure in the declaration is made in the most narrow manner sufficient to apprise the Court of the existence of the offending agreements and the need to take discovery regarding them.

This is pure rhetoric and argument—most of it false—and not a ground for objection.

Defendants assert blanket objections without ever identifying any specific defect. *See supra* DC's Response to General Objection No. 8.

As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. *See supra* DC's Response to General Objection No. 4.

## DEFENDANTS' OBJECTION

16.    Petrocelli's reliance and recitation of the anonymous "Timeline," written by a thief, only adds to the document's lack of credibility. Petrocelli Decl., ¶¶ 30-31. Petrocelli deliberately fails to mention in his Declaration that this "Cover Letter," which the attorney sent to Warner Bros.' General Counsel prior to June 28, 2006, in the midst of the Siegel litigation, enclosed reams of privileged attorney-client documents *stolen* by a junior attorney who had been employed for three months at Mr. Toberoff's law firm. Tob. Decl., ¶¶ 30-31. *See* Docket No. 42 at 8:13-28. He fails to mention that the thief first tried to use his baseless accusations against

41

Mr. Toberoff to persuade the Siegels to fire Toberoff and hire him instead, and that when this scheme failed the thief, in clear breach of his ethical duties to the Siegels and Shusters, sent his mudslinging "Timeline" and the Siegels' and Shusters' privileged documents to the opposing party's in-house legal team. *Id.* at 8:7-12. Petrocelli also fails to acknowledge that the Timeline was written by someone with no percipient knowledge of any relevant events, and is obviously inadmissible for any purpose whatsoever. In fact, Petrocelli breaches his Rule 11 obligations by quoting from the untrustworthy Timeline, and by attaching this defamatory screed to DC's complaint. *Anderson v. County of Montgomery*, 111 F.3d 494, 501 (7th Cir. 1997) (unreasonable to rely on untrustworthy source), overruled on other grounds, *DeWalt v. Carter*, 224 F.3d 607, 613-18 (7th Cir. 2000).

## DC'S RESPONSE

In addition to the underlying documents, the Toberoff Timeline itself is potentially admissible—it reflects admissions by defendants in this case and is a statement against interest by a potentially unavailable witness.  FRE 801(d)(2), FRE 804(b)(3).

This is pure rhetoric and argument—most of it false—and not a ground for objection.

There has been no adjudication establishing that the statements in the Toberoff Timeline are untrue.  To the contrary, despite similar claims that DC and its counsel acted inappropriately in attaching the Toberoff Timeline to the complaint in this case and seeking discovery regarding it, Magistrate Zarefsky denied defendants' motion to bar use of the Timeline and confirmed Judge Larson ordered it produced and DC was free to take discovery regarding the document in this case.

The Timeline is a summary of and supported by underlying documents and evidence.  *See supra* DC's Response to General Objection No. 1.

Kevin Marks' declaration fails to address many of the key issues.  *See* Docket No. 322.

## DEFENDANTS' OBJECTION

17.    In determining what weight to give Petrocelli's reliance on the Timeline, the Court should also consider that Mr. Toberoff is a member in good standing of the California State Bar (just like Petrocelli) and the New York State Bar, and has received widespread recognition for his work as a leading plaintiff's-side attorney in the area of copyright and entertainment litigation. Marc Toberoff has been called the "legal Man of Steel" and a "superhero to rights holders" by Variety and a "brilliant crusader for the little guy" by *The New York Times*. Tob. Decl., ¶¶ 19-29; Exs. S-T. In 2008, 2009, 2010 and 2011, Mr. Toberoff was consistently selected by *The Hollywood Reporter* as one of the most influential entertainment litigators in the country. *Id.*, ¶ 23, Exs., U-V. In 2009, Mr. Toberoff was also honored by *Variety* as a top entertainment Dealmaker. *Id.*, Ex. R. Mr. Toberoff was a speaker at the USC Gould School of Law - Beverly Hills Bar Association 2009 Institute on Entertainment Law and Business and was a panelist at the 2010 American Bar Association Forum on the Entertainment & Sports Industries. *Id.*, ¶ 24. In November 2009 Mr. Toberoff also served as a judge of the semi-finals at the prestigious National Entertainment Law Moot Court Competition. *Id.*  Petrocelli's reliance on and selectively quotation from irrelevancies such as IMDB pages, a 2006 "Intellectual Property Worldwide, LLC" website, a comment in a newspaper article and random third party gossip in a magazine article (Exs. 2-4) is a transparent effort to illicit bias.

| DC'S RESPONSE |
| --- |

Like much of defendants' submission, this constitutes no cognizable objection.  DC addresses this new matter in its concurrently-filed objections to defendants' submission of new evidence with their reply, and simply notes here that this evidence is irrelevant and improper character evidence.

<u>Specific Objections</u>

| PETROCELLI DECLARATION |
| --- |

¶ 2:  This declaration is submitted as part of DC Comics' Updated, Initial Opposition To Defendants' Motion To Strike Under California's Anti-SLAPP Statute to preliminarily oppose defendants' motion and identify the discovery that is essential to submitting a full opposition to defendants' motion, pursuant to Rule 56(d) of the Federal Rules of Civil Procedure, CAL. CIV. PROC. CODE § 425.16(g),

DC'S RESPONSES TO DEFENDANTS'
EVIDENTIARY OBJECTIONS

and *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001); *Moser v. Triarc Cos.*, 2007 WL 3026425, at *3 (S.D. Cal. Oct. 16, 2007); *Chevron Corp. v. Bonifaz*, 2010 WL 1948681, at *3 (N.D. Cal. May 12, 2010); *Lafayette Morehouse, Inc. v. Chronicle Publ'g Co.*, 37 Cal. App. 4th 855, 868 (1995); *Shropshire v. Fred Rappoport Co.*, 294 F. Supp. 2d 1085, 1099-1100 (N.D. Cal. 2003).

| DEFENDANTS' OBJECTION | DC'S RESPONSE |
|---|---|
| 1.     Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court. | Defendants assert blanket objections without ever identifying any specific defect. *See supra* DC's Response to General Objection No. 8.<br><br>As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. *See supra* DC's Response to General Objection No. 4. |

| PETROCELLI DECLARATION |
|---|
| ¶ 3:  In Part I of this declaration, I describe certain evidence relevant to DC's claims in this case and defendants' SLAPP motion.  In Part II, I summarize DC's discovery efforts to date in this case.  Defendants have yet to conduct any discovery. |

| DEFENDANTS' OBJECTION | DC'S RESPONSE |
|---|---|
| 2.     Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court. | Defendants assert blanket objections without ever identifying any specific defect. *See supra* DC's Response to General Objection No. 8.<br><br>As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's |

| | consideration of defendants' motions. *See supra* DC's Response to General Objection No. 4. |

| **PETROCELLI DECLARATION** | |
|---|---|

¶ 4:  In the course of my work on this case, I have reviewed true and correct copies of the documents described below.  These documents are among the evidence that DC will seek to offer at trial in support of its complaint in this case.  I have reviewed true and correct copies of the transcripts of the deposition testimony described below.  This testimony, either through deposition or live witness testimony, is among the evidence that DC will seek to offer at trial.  I have summarized below salient parts of the documents and testimony that pertain to the issues raised by defendants' motion.

| **DEFENDANTS' OBJECTION** | **DC'S RESPONSE** |
|---|---|
| 3.    Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court. | Defendants assert blanket objections without ever identifying any specific defect.  *See supra* DC's Response to General Objection No. 8.<br><br>As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions.  *See supra* DC's Response to General Objection No. 4. |

| **PETROCELLI DECLARATION** | |
|---|---|

¶ 5:  According to a 2006 published website for one of Mr. Toberoff's companies, "Intellectual Properties Worldwide" or "IPW":

> [Toberoff] is an *intellectual property expert, entrepreneur and producer....*  Prior to founding IPW, Mr. Toberoff acquired theatrical film, pay TV, merchandising and publishing rights to the classic television series: *My Favorite Martian*, *Fantasy Island*, *The Wild Wild*

*West*.... Mr. Toberoff's efforts led to Sony's feature film, *I SPY*, starring Eddie Murphy and Owen Wilson (2002), which he executive produced, Disney's feature film, *My Favorite Martian* (1998) ... which Mr. Toberoff produced....

(Emphasis added.)  The website also states:  "IPW manages an impressive library of over 250 popular literary titles.  In order to monetize these assets, IPW has strategic partnership with top talent agencies and production companies...."  Attached hereto as Exhibit 1 is a true and correct copy of a January 4, 2006 version of the www.ipwla.com website.

| DEFENDANTS' OBJECTION | DC'S RESPONSE |
|---|---|
| 4.    Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported contents of a document, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced document as misconstruing the content of the document as a whole.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403.<br><br>**Exhibit 1:** Lack of foundation, FRE 602. Hearsay, FRE 801, 802. Irrelevant, self serving and prejudicial. | Defendants assert blanket objections without ever identifying any specific defect.  *See supra* DC's Response to General Objection No. 8.<br><br>As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. *See supra* DC's Response to General Objection No. 4.<br><br>The evidence submitted contains admissions by party-opponents because it is a website setup by Mr. Toberoff to describe his activities as a film producer and the capabilities of his company Intellectual Properties Worldwide.  FRE 801(d)(2).<br><br>The evidence is relevant, among other reasons, because it proves Mr. Toberoff's business conduct at issue in DC's fourth, fifth, and sixth claims.  FRE 401. |

DC'S RESPONSES TO DEFENDANTS'
EVIDENTIARY OBJECTIONS

| | |
|---|---|
| FRE 401, 403. | Moreover, the evidence presents no danger of unfair prejudice to defendants and defendants have identified none. FRE 403. |
| | Defendants' blanket and non-specific objections that documents were mischaracterized or taken out of context are baseless, because they identify no specific defect and because full copies of all the evidence was provided. |
| | **Exhibit 1**:  The objections fail for the same reasons stated above. |
| | Defendants do not dispute the accuracy of the evidence's depiction of Mr. Toberoff's actions as a businessperson, nor could they  since defendants authored and published the webpage. |

| PETROCELLI DECLARATION | |
|---|---|

¶ 6:  The Internet Movie Database website, IMDb.com, identifies Mr. Toberoff as a producer of 11 films and Intellectual Properties Worldwide as a production company for six films.  Attached hereto as Exhibit 2 is a true and correct copy of the Internet Movie Database listings for Marc Toberoff and Intellectual Properties Worldwide as they appeared on September 26, 2010.

| DEFENDANTS' OBJECTION | DC'S RESPONSE |
|---|---|
| 5.      Lack of foundation. Lack of personal knowledge. FRE 602. Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, | Defendants assert blanket objections without ever identifying any specific defect.  *See supra* DC's Response to General Objection No. 8.<br><br>As lead counsel for DC, Mr. Petrocelli |

DC'S RESPONSES TO DEFENDANTS' EVIDENTIARY OBJECTIONS

701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.

Hearsay, as Petrocelli is testifying as to the purported contents of a document, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced document as misconstruing the content of the document as a whole.

Irrelevant, self serving and prejudicial. FRE 401, 403.

**Exhibit 2**: Lack of foundation, FRE 602. Hearsay, FRE 801, 802. Irrelevant, self serving and prejudicial. FRE 401, 403.

has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. *See supra* DC's Response to General Objection No. 4.

The exhibit described is a business record. FRE 803(6).

The evidence is relevant, among other reasons, because it proves Mr. Toberoff's business conduct at issue in DC's fourth, fifth, and sixth claims, among other purposes. FRE 401.

Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none. FRE 403.

Defendants' blanket and non-specific objections that documents were mischaracterized or taken out of context are baseless, because they identify no specific defect and because full copies of all the evidence was provided.

**Exhibit 2**: The objections fail for the same reasons stated above.

Notably, defendants do not dispute the accuracy of the evidence's depiction of Mr. Toberoff's actions as a businessperson or those of his companies.

DC'S RESPONSES TO DEFENDANTS' EVIDENTIARY OBJECTIONS

| PETROCELLI DECLARATION |
|---|

¶ 7:  According to a published profile of Mr. Toberoff:

> Toberoff's penchant for biting the hand he hopes will feed him later—a rare duality that has *him acting as a lawyer one minute, a movie producer the next*—has made him a target for criticism. "It's a cagey thing to do, but I don't think admiration comes with it," says Karen Kehela Sherwood, who, as co-chair of Imagine Films, a division of Brian Grazer and Ron Howard's Imagine Entertainment, has been pitched by Toberoff. "*He's not someone who hats have to go off to*."

(Emphasis added.)  Attached hereto as Exhibit 3 is a true and correct copy of an article titled "Nastier Than a Speeding Bullet," published on profile.com and dated September 17, 2007.

| DEFENDANTS' OBJECTION | DC'S RESPONSE |
|---|---|
| 6.      Lack of foundation. Lack of personal knowledge. FRE 602. | Defendants assert blanket objections without ever identifying any specific defect. *See supra* DC's Response to General Objection No. 8. |
| Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court. | As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. *See supra* DC's Response to General Objection No. 4. |
| Hearsay, as Petrocelli is testifying as to the purported contents of a document, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced document as misconstruing the content of the document as a whole. | The exhibit described contains statements of reputation among associates, including the fact that Toberoff is well known to "act[] as a lawyer one minute, a movie producer the nest," which "has made him a target for criticism."  FRE 803(21). |
| Double hearsay, as Petrocelli is testifying as to the purported statements | The evidence is relevant to Mr. |

| | |
|---|---|
| made by an individual to another individual within the document within the document. FRE 802, 1002.<br><br>Impermissible character evidence. FRE 404.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403.<br><br>**Exhibit 3**: Lack of foundation, FRE 602. Hearsay, FRE 801, 802. Irrelevant, self serving and prejudicial. FRE 401, 403. | Toberoff's business conduct, at issue in DC's fourth, fifth, and sixth claims, among other purposes, and also refutes defendants' assertion that the SLAPP statute applies here, not to prove conformity with any character.  FRE 404. This evidence shows Mr. Toberoff's history and course of conduct as a business person as admitted by him and recognized by others.  FRE 401.  The evidence presents no danger of unfair prejudice to defendants, and defendants have identified none.  FRE 403.<br><br>Defendants' blanket and non-specific objections that documents were mischaracterized or taken out of context are baseless, because they identify no specific defect and because full copies of all the evidence was provided.<br><br>**Exhibit 3**:  The objections fail for the same reasons stated above.<br><br>Defendants do not dispute the accuracy of the evidence's depiction of Mr. Toberoff's conduct in dual roles as a businessman and lawyer. |

| PETROCELLI DECLARATION |
|---|

¶ 8:  According to a *Wall Street Journal* article discussing Mr. Toberoff:

> *Mr. Toberoff has pursued another line of work: producing.*  His Intellectual Properties Worldwide has acquired remake rights to classics like "High Sierra" and "The Asphalt Jungle...."  This could

DC'S RESPONSES TO DEFENDANTS' EVIDENTIARY OBJECTIONS

> theoretically put him in a delicate position, since *he is representing TV-show creators suing studios, while his production company seeks the cooperation of studios* that's required to fund and distribute Hollywood films.  Mr. Toberoff says he is aware of this potential conflict and "*keeps a defined firewall between producing and legal matters*."

(Emphasis added.)  Attached hereto as Exhibit 4 is a true and correct copy of an article titled "The Rights Stuff," published in The Wall Street Journal on July 15, 2005.

| DEFENDANTS' OBJECTION | DC'S RESPONSE |
|---|---|
| 7.     Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported contents of a document, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced document as misconstruing the content of the document as a whole.<br><br>Double hearsay, as Petrocelli is testifying as to the purported statements made by an individual to another individual within the document within the document. FRE 802, 1002.<br><br>Impermissible character evidence. | Defendants assert blanket objections without ever identifying any specific defect.  *See supra* DC's Response to General Objection No. 8.<br><br>As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions.  *See supra* DC's Response to General Objection No. 4.<br><br>The exhibit described contains admissions by party-opponents, specifically Mr. Toberoff's statement that he "keeps a defined firewall between producing and legal matters."  FRE 801(d)(2).  FRE 803(21).<br><br>The evidence is relevant to Mr. Toberoff's business conduct, at issue in DC's fourth, fifth, and sixth claims, among other purposes, and also refutes defendants' assertion that the SLAPP statute applies here, not to prove |

DC'S RESPONSES TO DEFENDANTS'
EVIDENTIARY OBJECTIONS

| | |
|---|---|
| FRE 404. Irrelevant, self serving and prejudicial. FRE 401, 403.<br><br>**Exhibit 4**: Lack of foundation, FRE 602. Hearsay, FRE 801, 802. Impermissible character evidence. FRE 404. Irrelevant, self serving and prejudicial. FRE 401, 403. | conformity with any character.  FRE 404.  This evidence shows Mr. Toberoff's history and course of conduct as a business person as admitted by him and recognized by others.  FRE 401.  The evidence presents no danger of unfair prejudice to defendants, and defendants have identified none.  FRE 403.<br><br>Defendants' blanket and non-specific objections that documents were mischaracterized or taken out of context are baseless, because they identify no specific defect and because full copies of all the evidence was provided.<br><br>**Exhibit 4**:  The objections fail for the same reasons stated above.<br><br>Defendants do not dispute the accuracy of the evidence's depiction of Mr. Toberoff's actions as involving a potential conflict of interest, nor do they dispute the accuracy of Mr. Toberoff's quote. |

| |
|---|
| **PETROCELLI DECLARATION** |

¶ 9:  This case is not the first time Mr. Toberoff and certain of his companies have been sued for alleged business activities.  Attached hereto as Exhibit 5 is a true and correct copy of a complaint filed against Mr. Toberoff and Pacific Pictures Corporation in Los Angeles Superior Court on February 28, 1997 (*Alomar v. Cavana*, Case No. BC166806).  Attached hereto as Exhibit 6 is a true and correct copy of a complaint filed against Marc Toberoff and Intellectual Properties Worldwide in Los Angeles Superior Court on December 14, 2009 (*Leeds v. Van Leeuwan*, Case No. SC106045).  This evidence is offered not for the truth of the allegations, but to show that Mr. Toberoff has engaged in business activities in the

DC'S RESPONSES TO DEFENDANTS' EVIDENTIARY OBJECTIONS

entertainment industry with one or more of the entities named here as defendants.

| DEFENDANTS' OBJECTION | DC'S RESPONSE |
|---|---|
| 8.　　Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported contents of documents, which speak for themselves. FRE 802, 1002.<br><br>Impermissible character evidence. FRE 404.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403.<br><br>**Exhibit 5**: Lack of foundation, FRE 602. Hearsay, FRE 801, 802. Irrelevant, self serving and prejudicial. FRE 401, 403, 404.<br><br>**Exhibit 6**: Lack of foundation, FRE 602. Hearsay, FRE 801, 802. Irrelevant, self serving and prejudicial. FRE 401, 403, 404. | Defendants assert blanket objections without ever identifying any specific defect.  *See supra* DC's Response to General Objection No. 8.<br><br>As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. *See supra* DC's Response to General Objection No. 4.<br><br>The exhibits described are public records. FRE 803(8).<br><br>The evidence is relevant to Mr. Toberoff's business conduct, at issue in DC's fourth, fifth, and sixth claims, among other purposes, and also refutes defendants' assertion that the SLAPP statute applies here, not to prove conformity with any character.  FRE 404. This evidence shows Mr. Toberoff's history and course of conduct as a business person as admitted by him and recognized by others.  FRE 401.  The evidence presents no danger of unfair prejudice to defendants, and defendants have identified none.  FRE 403.<br><br>Defendants' blanket and non-specific |

|  | objections that documents were mischaracterized or taken out of context are baseless, because they identify no specific defect and because full copies of all the evidence was provided.<br><br>**Exhibits 5 and 6**:  The objections fail for the same reasons stated above.<br><br>Defendants do not dispute that these cases evidence suits for business interference and/or fraud against Mr. Toberoff in a non-lawyer capacity. |
|---|---|

| PETROCELLI DECLARATION |
|---|

¶ 10:  In a 1975 agreement between DC's affiliate Warner Communications Inc., Superman co-creator Jerome Siegel, and Joseph Shuster ("1975 Agreement"), Warner Communications agreed to pay Mr. Siegel and Mr. Shuster $20,000 per year until their deaths. Ex. 7 ¶ 5(a).  The agreement also provided medical insurance coverage, lump sum payments, and annual survivor payments to their heirs. *Id.* ¶ 5.  Attached hereto as Exhibit 7 is a true and correct copy of the December 23, 1975 agreement signed by Jerry Siegel, Joseph Shuster, and Warner Communications Inc.

| DEFENDANTS' OBJECTION | DC'S RESPONSE |
|---|---|
| 9.     Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court. | Defendants assert blanket objections without ever identifying any specific defect. *See supra* DC's Response to General Objection No. 8.<br><br>As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. *See supra* DC's Response to General |

| | |
|---|---|
| Hearsay, as Petrocelli is testifying as to the purported content of a document, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced document as misconstruing the content of the document as a whole.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403.<br><br>**Exhibit 7**: Lack of foundation, FRE 602. Hearsay, FRE 801, 802. Irrelevant, self serving and prejudicial. FRE 401, 403. | Objection No. 4.<br><br>The referenced facts and documents are not in dispute.  Defendants identify no inaccuracies in them.<br><br>The exhibit described contain admissions by party-opponents and is an ancient document.  FRE 801(d)(2), FRE 803(16).<br><br>The evidence is relevant because it shows DC's history with the Siegels and Shusters, at issue in DC's fourth claim, among other purposes.  FRE 401. Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none. FRE 403.<br><br>Defendants' blanket and non-specific objections that documents were mischaracterized or taken out of context are baseless, because they identify no specific defect and because full copies of all the evidence was provided.<br><br>**Exhibit 7**: The objections fail for the same reasons stated above. |

### PETROCELLI DECLARATION

¶ 11:  In a February 14, 1982 letter to Steven J. Ross of Warner Communications, Joanne Siegel requested an amendment to the 1975 Agreement:

> Should anything happen to Jerry, there is the problem of what's to become of me as his widow.  I'll be 65 years old this year.  And there is our daughter, Laura who would be left without any measure of

DC'S RESPONSES TO DEFENDANTS'
EVIDENTIARY OBJECTIONS

security....

[O]ur contract states that after Jerry's demise, should it come before 1985, I would receive only $20,000 annually, about $16,000 after taxes, or $10,000 after 1985, about $7,000 annually after taxes. This would plunge me into an impossible financial situation without dignity nor security....

*Without an amendment to the contract stating that the same income continue to me, my financial security is in jeopardy....*

We are so grateful to you for all you have done for us....

Fondest regards from Jerry, Joe, Laura and me. God bless you. Ex. 8 at 195-96 (emphasis added). Attached hereto as Exhibit 8 is a true and correct copy of that letter.

| DEFENDANTS' OBJECTION | DC'S RESPONSE |
|---|---|
| 10.  Lack of foundation. Lack of personal knowledge. FRE 602. Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported content of a document, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced document as misconstruing the content of the document as a whole.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. | Defendants assert blanket objections without ever identifying any specific defect. *See supra* DC's Response to General Objection No. 8.<br><br>As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. *See supra* DC's Response to General Objection No. 4.<br><br>The referenced facts and documents are not in dispute. Defendants identify no inaccuracies in them.<br><br>The exhibit described contain admissions by party-opponents because it is a letter from Joanne Siegel requesting that Warner Bros. extend to her benefits |

DC'S RESPONSES TO DEFENDANTS' EVIDENTIARY OBJECTIONS

| | |
|---|---|
| **Exhibit 8**: Lack of foundation, FRE 602. Hearsay, FRE 801, 802. Irrelevant, self serving and prejudicial. FRE 401, 403. | beyond what it was obligated to provide, which Warner Bros. agreed to undertake. FRE 801(d)(2).  The document is also an ancient document.  FRE 803(16).

The evidence is relevant because it shows DC's history with the Siegels, at issue in DC's fifth claim, among other purposes.  FRE 401.  Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none.  FRE 403.

Defendants' blanket and non-specific objections that documents were mischaracterized or taken out of context are baseless, because they identify no specific defect and because full copies of all the evidence was provided.

**Exhibit 8**: The objections fail for the same reasons stated above. |

| **PETROCELLI DECLARATION** |
|---|
| ¶ 12:  By return letter, Martin Payson of Warner Communications Inc. informed Ms. Siegel:

       I am pleased to advise you that Warner Communications agrees that if Jerry should predecease you, *Warner Communications will continue to pay to you for the remainder of your life the same benefits which it is then paying to Jerry.*

Ex. 9.  Attached hereto as Exhibit 9 is a true and correct copy of a March 15, 1982 letter from Martin Payson to Joanne Siegel. |

| **DEFENDANTS' OBJECTION** | **DC'S RESPONSE** |
|---|---|
| 11.    Lack of foundation. Lack of personal knowledge. FRE 602. | Defendants assert blanket objections without ever identifying any specific |

DC'S RESPONSES TO DEFENDANTS'
EVIDENTIARY OBJECTIONS

Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.

Hearsay, as Petrocelli is testifying as to the purported content of a document, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced document as misconstruing the content of the document as a whole.

Irrelevant, self serving and prejudicial. FRE 401, 403.

**Exhibit 9**: Lack of foundation, FRE 602. Hearsay, FRE 801, 802. Irrelevant, self serving and prejudicial. FRE 401, 403.

defect.  *See supra* DC's Response to General Objection No. 8.

As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. *See supra* DC's Response to General Objection No. 4.

The referenced facts and documents are not in dispute.  Defendants identify no inaccuracies in them.

The exhibit described is not hearsay and is relevant to prove notice and effect on the reader.  The exhibit is also part of the contractual negotiations and evidence of the parties' agreement.

The exhibits described is also a business record, and ancient document.  FRE 803(6), FRE 803(16).

The evidence is relevant because it shows DC's history with the Siegels, at issue in DC's fifth claim, among other purposes. FRE 401.  Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none.  FRE 403.

Defendants' blanket and non-specific objections that documents were mischaracterized or taken out of context

DC'S RESPONSES TO DEFENDANTS'
EVIDENTIARY OBJECTIONS

| | are baseless, because they identify no specific defect and because full copies of all the evidence was provided.<br><br>**Exhibit 9**: The objections fail for the same reasons stated above. |
| --- | --- |

| PETROCELLI DECLARATION | |
| --- | --- |

¶ 13:  According to June and August 1988 letters from Mr. Payson to Joanne Siegel and Joseph Shuster, respectively, Warner Communications subsequently increased the annual payments to Siegel and Shuster, including an increase from $60,000 to $80,000 in 1988.  Exs. 10, 11.  Letters from March 1990 and March 1991 show that, following the 1988 increase, DC made periodic "cost of living" increases to the Siegels and Shusters.  Exs. 12, 13.  Attached hereto as Exhibits 10, 11, 12, and 13 are true and correct copies of letters from Mr. Payson dated June 20, 1988; August 8, 1988; March 12, 1990; and March 5, 1991.

| DEFENDANTS' OBJECTION | DC'S RESPONSE |
| --- | --- |
| 12.     Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported content of documents, which speak for themselves. FRE 802, 1002. Defendants further object to the abbreviated summaries of the referenced documents as misconstruing the contents of the documents as a | Defendants assert blanket objections without ever identifying any specific defect.  *See supra* DC's Response to General Objection No. 8.<br><br>As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. *See supra* DC's Response to General Objection No. 4.<br><br>The referenced facts and documents are not in dispute.  Defendants identify no inaccuracies in them.<br><br>The exhibits described are not hearsay |

DC'S RESPONSES TO DEFENDANTS'
EVIDENTIARY OBJECTIONS

| | |
|---|---|
| whole.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403.<br><br>**Exhibit 10**: Lack of foundation, FRE 602. Hearsay, FRE 801, 802. Irrelevant, self serving and prejudicial. FRE 401, 403.<br><br>**Exhibit 11**: Lack of foundation, FRE 602. Hearsay, FRE 801, 802. Irrelevant, self serving and prejudicial. FRE 401, 403.<br><br>**Exhibit 12**: Lack of foundation, FRE 602. Hearsay, FRE 801, 802. Irrelevant, self serving and prejudicial. FRE 401, 403.<br><br>**Exhibit 13**: Lack of foundation, FRE 602. Hearsay, FRE 801, 802. Irrelevant, self serving and prejudicial. FRE 401, 403. | and are relevant to prove notice and effect on the reader.  The exhibits are also part of the ongoing contractual relationship between the parties and evidence of their agreement.<br><br>Three of the exhibits are ancient documents, and all are business records. FRE 803(6), FRE 803 (16).<br><br>The evidence is relevant because it shows DC's history with the Siegels and Shusters, at issue in DC's fourth claim, among other purposes.  FRE 401. Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none. FRE 403.<br><br>Defendants' blanket and non-specific objections that documents were mischaracterized or taken out of context are baseless, because they identify no specific defect and because full copies of all the evidence was provided.<br><br>**Exhibit 10, 11, 12, and 13**: The objections fail for the same reasons stated above. |

| |
|---|
| **PETROCELLI DECLARATION** |
| ¶ 14:  On April 3, 1997, notices of copyright termination were served by Laura Siegel Larson and Joanne Siegel on DC regarding certain works depicting Superman.  Case No. 04-8400, Docket No. 293 at 20. |

DC'S RESPONSES TO DEFENDANTS' EVIDENTIARY OBJECTIONS

| DEFENDANTS' OBJECTION | DC'S RESPONSE |
|---|---|
| 13.     Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported content of a document, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced document as misconstruing the content of the document as a whole.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. | Defendants assert blanket objections without ever identifying any specific defect.  *See supra* DC's Response to General Objection No. 8.<br><br>As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. *See supra* DC's Response to General Objection No. 4.<br><br>This testimony is purely factual; it simply states that notices of termination were served in April 1997.  Moreover, DC did not offer the testimony to establish a legal conclusion, but to describe the history of its relationship with the Siegels.  FRE 701.<br><br>The evidence is relevant because it shows DC's history with the Siegels, at issue in DC's fifth claim, among other purposes. FRE 401.  Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none.  FRE 403. |

| PETROCELLI DECLARATION |
|---|
| ¶ 15:  The deposition of Kevin Marks, the Siegels' attorney prior to Mr. Toberoff, was taken in the related action filed by the Siegels against DC and others in 2004 ("*Siegel* case").  Mr. Marks testified that in 1999, the Siegels retained Marks to |

DC'S RESPONSES TO DEFENDANTS'
EVIDENTIARY OBJECTIONS

"represent the Superman termination interest." Ex. 14 at 369:1-9. He "advise[d] them generally and [attempted] to negotiate an arrangement with Time Warner, or then AOL Time Warner." *Id.* at 370:11-15. At the time he was retained, Mr. Marks testified that his law firm "no longer engaged in a litigation practice." *Id.* at 370:4-6.

| DEFENDANTS' OBJECTION | DC'S RESPONSE |
|---|---|
| 14.    Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported content of a deposition transcript, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced deposition transcript as misconstruing the content of the deposition transcript as a whole.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. | Defendants assert blanket objections without ever identifying any specific defect. *See supra* DC's Response to General Objection No. 8.<br><br>As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. *See supra* DC's Response to General Objection No. 4.<br><br>The testimony described contains admissions by party-opponents since Mr. Marks was the legal representative for the Siegels during the relevant time periods. FRE 801(d)(2). The document is also a public record. FRE 803(8).<br><br>The evidence is relevant because it shows DC's history with the Siegels, at issue in DC's fifth claim, among other purposes. FRE 401. Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none. FRE 403.<br><br>Defendants' blanket and non-specific objections that documents were |

| | mischaracterized or taken out of context are baseless, because they identify no specific defect and because full copies of all the evidence was provided. |

| PETROCELLI DECLARATION | |
|---|---|

¶ 16:  Mr. Marks testified in the *Siegel* case that on October 16, 2001, John Schulman of DC's affiliate Warner Bros. Pictures and he resolved the "final element" of their negotiation.  When asked at his deposition whether "that [resolution] closed the deal," Mr. Marks testified, "Yes."  *Id.* at 479:11-481:11.

| DEFENDANTS' OBJECTION | DC'S RESPONSE |
|---|---|
| 15.    Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported content of a deposition transcript, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced deposition transcript as misconstruing the content of the deposition transcript as a whole.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. | Defendants assert blanket objections without ever identifying any specific defect.  *See supra* DC's Response to General Objection No. 8.<br><br>As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. *See supra* DC's Response to General Objection No. 4.<br><br>The testimony described contains admissions by party-opponents since Mr. Marks was the legal representative for the Siegels during the relevant time periods.  FRE 801(d)(2).  The document is also a public record.  FRE 803(8).<br><br>The evidence is relevant because it shows DC's history with the Siegels, at issue in DC's fifth claim, among other purposes. FRE 401.  Moreover, the evidence |

DC'S RESPONSES TO DEFENDANTS'
EVIDENTIARY OBJECTIONS

| | presents no danger of unfair prejudice to defendants, and defendants have identified none.  FRE 403.<br><br>Defendants' blanket and non-specific objections that documents were mischaracterized or taken out of context are baseless, because they identify no specific defect and because full copies of all the evidence was provided. |

### PETROCELLI DECLARATION

¶ 17:  According to a letter by Mr. Marks to John Schulman dated October 19, 2001, Mr. Marks stated:

> This is to confirm our telephone conversation of October 19, 2001.  *The Siegel Family* (through Joanne Siegel and Laura Siegel Larson, the majority owners of the terminated copyright interests) *has accepted D.C. Comics [sic] offer of October 16, 2001 in respect of the "Superman" and "Spectre" properties.*  The terms are as follows....

Ex. 15 at 414 (emphasis added).  Attached hereto as Exhibit 15 is a true and correct copy of the October 19, 2001 letter from Mr. Marks to Mr. Schulman.

| DEFENDANTS' OBJECTION | DC'S RESPONSE |
|---|---|
| 16.    Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported content of a document, | Defendants assert blanket objections without ever identifying any specific defect.  *See supra* DC's Response to General Objection No. 8.<br><br>As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions.  *See supra* DC's Response to General Objection No. 4. |

DC'S RESPONSES TO DEFENDANTS' EVIDENTIARY OBJECTIONS

| | |
|---|---|
| which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced document as misconstruing the content of the document as a whole.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403.<br><br>**Exhibit 15**: Lack of foundation, FRE 602. Hearsay, FRE 801, 802. Irrelevant, self serving and prejudicial. FRE 401, 403. | The exhibit described contains admission by party-opponents because it is a letter from Mr. Marks, the Siegels' legal representative, that conveyed the Siegels acceptance of the October 16, 2001 Settlement.  FRE 801(d)(2).<br><br>The evidence is relevant because it shows DC's history with the Siegels, at issue in DC's fifth claim, among other purposes. FRE 401.  Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none.  FRE 403.<br><br>Defendants' blanket and non-specific objections that documents were mischaracterized or taken out of context are baseless, because they identify no specific defect and because full copies of all the evidence was provided.<br><br>**Exhibit 15**:  The objections fail for the same reasons stated above. |

| PETROCELLI DECLARATION |
|---|
| ¶ 18:  An October 26, 2001 letter from Mr. Schulman to Mr. Marks outlines the parties' agreed-upon terms.  Attached hereto as Exhibit 16 is a true and correct copy of that letter. |

| DEFENDANTS' OBJECTION | DC'S RESPONSE |
|---|---|
| 17.    Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Petrocelli's statements are not factual evidence, but conclusory statements | Defendants assert blanket objections without ever identifying any specific defect. *See supra* DC's Response to General Objection No. 8. |

| | |
|---|---|
| consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court. | As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. *See supra* DC's Response to General Objection No. 4. |
| Hearsay, as Petrocelli is testifying as to the purported content of a document, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced document as misconstruing the content of the document as a whole. | The exhibit described is a business record. FRE 803(6). The evidence is relevant because it shows DC's history with the Siegels, at issue in DC's fifth claim, among other purposes. FRE 401. Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none. FRE 403. |
| Irrelevant, self serving and prejudicial. FRE 401, 403. | |
| **Exhibit 16**: Lack of foundation, FRE 602. Hearsay, FRE 801, 802. Irrelevant, self serving and prejudicial. FRE 401, 403. | Defendants' blanket and non-specific objections that documents were mischaracterized or taken out of context are baseless, because they identify no specific defect and because full copies of all the evidence was provided. |
| | **Exhibit 16**: The objections fail for the same reasons stated above. |

| **PETROCELLI DECLARATION** |
|---|

¶ 19: At his deposition in the *Siegel* case, Mr. Toberoff testified that he called Mr. Marks in November 2001, "shortly after I made an agreement with the Shusters," in order to "find out the status" of the Siegels' termination. Ex. 17 at 513:17-515:4. Mr. Marks testified that he never returned the November 2001 phone call. Ex. 14 at 358:10-11. Attached hereto as Exhibit 18 is a true and correct copy of relevant excerpts from Mr. Marks' call log.

DC'S RESPONSES TO DEFENDANTS' EVIDENTIARY OBJECTIONS

| DEFENDANTS' OBJECTION | DC'S RESPONSE |
|---|---|
| 18.    Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported content of a deposition transcript, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced deposition transcript as misconstruing the content of the deposition transcript as a whole.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. | Defendants assert blanket objections without ever identifying any specific defect.  *See supra* DC's Response to General Objection No. 8.<br><br>As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. *See supra* DC's Response to General Objection No. 4.<br><br>The testimony described contain admissions by party-opponents and is a public record.  FRE 801(d)(2), FRE 803(8).<br><br>The evidence is relevant because it relates to Mr. Toberoff's business conduct, at issue in DC's fourth, fifth, and sixth claims, among other purposes. FRE 401.<br><br>The evidence is relevant because it shows DC's history with the Siegels, at issue in DC's fifth claim, among other purposes. FRE 401.  Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none.  FRE 403.<br><br>Defendants' blanket and non-specific objections that documents were mischaracterized or taken out of context |

DC'S RESPONSES TO DEFENDANTS'
EVIDENTIARY OBJECTIONS

| | are baseless, because they identify no specific defect and because full copies of all the evidence was provided. |

| PETROCELLI DECLARATION | |
|---|---|

¶ 20: In a February 1, 2002 letter, Patrick Perkins, counsel for Warner Bros. and DC Comics, sent a letter to Mr. Marks attaching a draft long-form agreement. Attached hereto as Exhibit 19 is a true and correct copy of that letter.

| DEFENDANTS' OBJECTION | DC'S RESPONSE |
|---|---|
| 19.    Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported content of a document, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced document as misconstruing the content of the document as a whole.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. | Defendants assert blanket objections without ever identifying any specific defect. *See supra* DC's Response to General Objection No. 8.<br><br>As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. *See supra* DC's Response to General Objection No. 4.<br><br>This testimony is purely factual; it simply states that a letter and attached draft agreement were sent in February 2002. Moreover, DC did not offer the testimony to establish a legal conclusion, but to describe the history of its relationship with the Siegels.  FRE 701.<br><br>The exhibit described is a business record.  FRE 803(6).<br><br>The evidence is relevant because it shows DC's history with the Siegels, at issue in |

DC'S RESPONSES TO DEFENDANTS'
EVIDENTIARY OBJECTIONS

|  | DC's fifth claim, among other purposes. FRE 401.  Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none.  FRE 403.

Defendants' blanket and non-specific objections that documents were mischaracterized or taken out of context are baseless, because they identify no specific defect and because full copies of all the evidence was provided. |

### PETROCELLI DECLARATION

¶ 21:  According to Mr. Marks' call log, Mr. Toberoff called Mr. Marks again on February 6, 2002.  Ex. 18 at 588.

| DEFENDANTS' OBJECTION | DC'S RESPONSE |
|---|---|
| 20.    Lack of foundation. Lack of personal knowledge. FRE 602.

Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.

Hearsay, as Petrocelli is testifying as to the purported content of a document, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced document as misconstruing the content of the document as a whole. | Defendants assert blanket objections without ever identifying any specific defect.  *See supra* DC's Response to General Objection No. 8.

As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. *See supra* DC's Response to General Objection No. 4.

The referenced facts and documents are not in dispute.  Defendants identify no inaccuracies in them.

The exhibit described contains |

DC'S RESPONSES TO DEFENDANTS'
EVIDENTIARY OBJECTIONS

| | |
|---|---|
| Irrelevant, self serving and prejudicial. FRE 401, 403. | admissions by party-opponents since Mr. Marks was the legal representative for the Siegels during the relevant time periods.  FRE 801(d)(2).  The document is also a public record.  FRE 803(8).<br><br>The evidence is relevant because it relates to Mr. Toberoff's business conduct, at issue in DC's fourth, fifth, and sixth claims, among other purposes.<br><br>The evidence is relevant because it shows DC's history with the Siegels, at issue in DC's fifth claim, among other purposes. FRE 401.  Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none.  FRE 403.<br><br>Defendants' blanket and non-specific objections that documents were mischaracterized or taken out of context are baseless, because they identify no specific defect and because full copies of all the evidence was provided. |

### PETROCELLI DECLARATION

¶ 22:  Mr. Marks testified in the *Siegel* case that he subsequently returned Mr. Toberoff's February 2002 phone call and described the conversation as follows:

> I think Mr. Toberoff started the call by saying that he had called me earlier and that I hadn't returned his call, for which I apologized, and then introduced himself.  He said he was a lawyer and that he represented individuals that had interests in rights to movie and other properties that had come into those rights either by way of reversions under the law or

DC'S RESPONSES TO DEFENDANTS' EVIDENTIARY OBJECTIONS

> reversions under Guild agreements. *I also recall him*
> *saying that he had a* <u>*separate company*</u> *that was in*
> *the* <u>*business of acquiring intellectual property rights.*</u>
> *I recall him saying that he was* <u>*interested in the Superman*</u>
> <u>*property*</u> *and the Superboy property and had understood*
> *that I was representing the Siegel family interest, and*
> *he asked if he could talk to me about that.*
>
> ...
>
> I think I said we were in the process
> of -- in the documentation phase, were trying to document
> a deal.

Ex. 14 at 359:6-360:13 (emphasis added).

| DEFENDANTS' OBJECTION | DC'S RESPONSE |
|---|---|
| 21.    Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported content of a deposition transcript, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced deposition transcript as misconstruing the content of the deposition transcript as a whole.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. | Defendants assert blanket objections without ever identifying any specific defect. *See supra* DC's Response to General Objection No. 8.<br><br>As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. *See supra* DC's Response to General Objection No. 4.<br><br>The testimony described contains admissions by party-opponents since Mr. Marks was the legal representative for the Siegels during the relevant time periods. FRE 801(d)(2). The document is also a public record. FRE 803(8).<br><br>The evidence is relevant because it relates to Mr. Toberoff's business conduct, at issue in DC's fourth, fifth, |

and sixth claims, among other purposes.

The evidence is relevant because it shows DC's history with the Siegels, at issue in DC's fifth claim, among other purposes. FRE 401. Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none. FRE 403.

Defendants' blanket and non-specific objections that documents were mischaracterized or taken out of context are baseless, because they identify no specific defect and because full copies of all the evidence was provided.

Defendants do not contest the accuracy of the evidence at all, including that Mr. Toberoff specifically referred to his "separate company" when speaking to Mr. Marks about purchasing the Siegels' Superman interest in February 2002.

| PETROCELLI DECLARATION |
| --- |

¶ 23: Pursuant to letter agreement dated February 12, 2002, Mr. Toberoff and Ari Emanuel, a Hollywood talent agent, formed IP Worldwide, LLC as a joint venture between Pacific Pictures, Mr. Emanuel, and Endeavor talent agency. Pacific Pictures promised to contribute its "current IP business" to IP Worldwide as well as Mr. Toberoff's "contacts" and "IP hit list." The agreement also provided for Mr. Toberoff to "personally receive screen credit and a fee" for his services as a "Producer" to IP Worldwide's intellectual property. Attached hereto as Exhibit 20 is a true and correct copy of the February 12, 2002, letter agreement.

DC'S RESPONSES TO DEFENDANTS' EVIDENTIARY OBJECTIONS

| DEFENDANTS' OBJECTION | DC'S RESPONSE |
|---|---|
| 22.    Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported content of a document, which speaks for itself. FRE 802, 1002.<br><br>Defendants further object to this abbreviated summary of the referenced document as misconstruing the content of the document as a whole.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403.<br><br>Defendants further object on the basis the document in question was marked "confidential" pursuant to a protective order in the closely related action *Joanne Siegel, et al. v. Warner Bros., et al.*, 04-CV-8400 ODW (RZx). | Defendants assert blanket objections without ever identifying any specific defect. *See supra* DC's Response to General Objection No. 8.<br><br>As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. *See supra* DC's Response to General Objection No. 4.<br><br>The exhibit described is a business record.  FRE 803(6).<br><br>The evidence described contains admissions by party-opponents.  FRE 801(d)(2).<br><br>The evidence is relevant because it relates to Mr. Toberoff's business conduct, at issue in DC's fourth, fifth, and sixth claims, among other purposes.<br><br>Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none. FRE 403.<br><br>Defendants' blanket and non-specific objections that documents were mischaracterized or taken out of context are baseless, because they identify no specific defect and because full copies of |

DC'S RESPONSES TO DEFENDANTS'
EVIDENTIARY OBJECTIONS

| | |
|---|---|
| | all the evidence was provided.<br><br>Defendants do not contest the accuracy of the evidence at all.<br><br>There is no protective order in this case, and defendants produced this evidence by designation, without reservation of any rights or claims of confidentiality. |

| PETROCELLI DECLARATION | |
|---|---|

¶ 24:  According to Mr. Toberoff's testimony, IP Worldwide, LLC assigned the rights from Pacific Pictures to IPW, LLC.  Ex. 17 at 473:4-15.

| DEFENDANTS' OBJECTION | DC'S RESPONSE |
|---|---|
| 23.    Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported content of a deposition transcript, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced deposition transcript as misconstruing the content of the deposition transcript as a whole.<br><br>Irrelevant, self serving and prejudicial. | Defendants assert blanket objections without ever identifying any specific defect.  *See supra* DC's Response to General Objection No. 8.<br><br>As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. *See supra* DC's Response to General Objection No. 4.<br><br>The exhibit described contains admissions by party-opponents.  FRE 801(d)(2).<br><br>The statements excerpted from Mr. Toberoff's deposition are relevant to DC's fourth, fifth, and sixth claims, among other purposes.  FRE 401. |

| FRE 401, 403. | Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none. FRE 403.

Defendants' blanket and non-specific objections that documents were mischaracterized or taken out of context are baseless, because they identify no specific defect and because full copies of all the evidence was provided.

Defendants do not dispute the accuracy of the evidence's depiction of Mr. Toberoff's business transactions. |
|---|---|

| **PETROCELLI DECLARATION** | |
|---|---|
| ¶ 25: On May 9, 2002, Joanne Siegel sent a letter to Richard Parsons of Time Warner Inc. regarding the February 1, 2002, long-form agreement.  In discovery responses in the *Siegel* cases, Joanne Siegel and Laura Siegel Larson "den[ied]" that "the May 9 Letter … terminated negotiations with [DC] concerning the Superman Notices."  Ex. 21 at 694 (RFA 85).  Attached hereto as Exhibit 22 is a true and correct copy of Ms. Siegel's May 9, 2002, letter.  Attached hereto as Exhibit 21 is a true and correct copy of Plaintiffs Joanne Siegel And Laura Siegel Larson's Responses To Defendants'/Counterclaimant's Second Set Of Requests For Admission filed in the *Siegel* cases and dated June 7, 2006. | |
| **DEFENDANTS' OBJECTION** | **DC'S RESPONSE** |
| 24.    Lack of foundation. Lack of personal knowledge. FRE 602.

Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do | Defendants assert blanket objections without ever identifying any specific defect. *See supra* DC's Response to General Objection No. 8.

As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and |

DC'S RESPONSES TO DEFENDANTS'
EVIDENTIARY OBJECTIONS

| | |
|---|---|
| not constitute competent evidence that may be considered by the Court. | identify evidence relevant to the Court's consideration of defendants' motions. *See supra* DC's Response to General Objection No. 4. |
| Hearsay, as Petrocelli is testifying as to the purported contents of documents, which speak for themselves. FRE 802, 1002. Defendants further object to these abbreviated summaries of the referenced documents as misconstruing the contents of the documents as a whole. | The referenced facts and documents are not in dispute. Defendants identify no inaccuracies in them.

The exhibits described contain party admissions. FRE 801(d)(2). |
| Irrelevant, self serving and prejudicial. FRE 401, 403. | The evidence is relevant because it shows DC's history with the Siegels, at issue in DC's fifth claim, among other purposes. FRE 401. Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none. FRE 403.

Defendants' blanket and non-specific objections that documents were mischaracterized or taken out of context are baseless, because they identify no specific defect and because full copies of all the evidence was provided. |

## PETROCELLI DECLARATION

¶ 26:  According to the declaration of Mr. Schulman filed in the *Siegel* case in opposition to Plaintiffs' Motion for Partial Summary Judgment, Mr. Marks had a phone conversation with Mr. Schulman on May 16, 2002, in which Mr. Marks said the February 1 long-form agreement was aggressive but "not contrary to what had been agreed to...."  Case No. CV-04-8400, Docket No. 183 ¶ 11.

DC'S RESPONSES TO DEFENDANTS' EVIDENTIARY OBJECTIONS

| DEFENDANTS' OBJECTION | DC'S RESPONSE |
|---|---|
| 25.    Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported content of a declaration, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced declaration as misconstruing the content of the declaration as a whole.<br><br>Double hearsay, as Petrocelli is testifying as to the purported statements made by an individual to the Petrocelli within the declaration. FRE 802, 1002.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. | Defendants assert blanket objections without ever identifying any specific defect.  *See supra* DC's Response to General Objection No. 8.<br><br>As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. *See supra* DC's Response to General Objection No. 4.<br><br>The exhibit described is a public record. FRE 803(8).<br><br>The evidence is relevant because it shows DC's history with the Siegels, at issue in DC's fifth claim, among other purposes. FRE 401.  Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none.  FRE 403.<br><br>Defendants' blanket and non-specific objections that documents were mischaracterized or taken out of context are baseless, because they identify no specific defect and because full copies of all the evidence was provided. |

| PETROCELLI DECLARATION |
|---|
| ¶ 27:  At his deposition in the *Siegel* case, Mr. Marks testified that he prepared a new draft agreement and sent it to "the Siegels on or about July 15, 2002."  Ex. 14 |

DC'S RESPONSES TO DEFENDANTS'
EVIDENTIARY OBJECTIONS

1 | at 405:25-406:3.

| DEFENDANTS' OBJECTION | DC'S RESPONSE |
|---|---|
| 26.    Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported content of a deposition transcript, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced deposition transcript as misconstruing the content of the deposition transcript as a whole.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. | Defendants assert blanket objections without ever identifying any specific defect. *See supra* DC's Response to General Objection No. 8.<br><br>As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. *See supra* DC's Response to General Objection No. 4.<br><br>The testimony described contains admissions by party-opponents since Mr. Marks was the legal representative for the Siegels during the relevant time periods. FRE 801(d)(2). The document is also a public record. FRE 803(8).<br><br>The evidence is relevant because it shows DC's history with the Siegels, at issue in DC's fifth claim, among other purposes. FRE 401. Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none. FRE 403.<br><br>Defendants' blanket and non-specific objections that documents were mischaracterized or taken out of context are baseless, because they identify no specific defect and because full copies of all the evidence was provided. |

DC'S RESPONSES TO DEFENDANTS' EVIDENTIARY OBJECTIONS

1

| PETROCELLI DECLARATION |
|---|

¶ 28:  Mr. Marks also testified at his deposition in the *Siegel* case that he spoke with Mr. Toberoff in July 2002 and described that telephone conversation as follows:

> Q. Okay.  Can you tell me to the best of your recollection what was said by each of you and Mr. Toberoff in that conversation?
>
> A. I think Mr. Toberoff said he was -- wanted to check in with me to see where we were in our dealings with DC Comics, and I think I told him then that -- and I may have also said it in our first conversation -- that we had a confidentiality agreement with DC Comics, and I didn't feel at liberty to discuss the status of our dealings with him.
>
> Mr. Toberoff said, "Can you tell me what DC Comics offered you," and I said "No. We have a confidentiality agreement."
>
> And I believe Mr. Toberoff said, "Would you be willing to enter into negotiations with me," and I believe I said, "Initiating negotiations, no. That's something that makes me very uncomfortable.  If you have an offer, present it to me, and I'll present it to the client."

Ex. 14 at 373:10-374:3.

| DEFENDANTS' OBJECTION | DC'S RESPONSE |
|---|---|
| 27.    Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do | Defendants assert blanket objections without ever identifying any specific defect.  *See supra* DC's Response to General Objection No. 8.<br><br>As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and |

DC'S RESPONSES TO DEFENDANTS'
EVIDENTIARY OBJECTIONS

| | |
|---|---|
| not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported content of a deposition transcript, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced deposition transcript as misconstruing the content of the deposition transcript as a whole.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. | identify evidence relevant to the Court's consideration of defendants' motions. *See supra* DC's Response to General Objection No. 4.<br><br>The testimony described contains admissions by party-opponents since Mr. Marks was the legal representative for the Siegels during the relevant time periods. FRE 801(d)(2). The document is also a public record. FRE 803(8).<br><br>The evidence is relevant because it relates to Mr. Toberoff's business conduct, at issue in DC's fourth, fifth, and sixth claims, among other purposes.<br><br>The evidence is relevant because it shows DC's history with the Siegels, at issue in DC's fifth claim, among other purposes. FRE 401. Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none. FRE 403.<br><br>Defendants' blanket and non-specific objections that documents were mischaracterized or taken out of context are baseless, because they identify no specific defect and because full copies of all the evidence was provided. |

| |
|---|
| **PETROCELLI DECLARATION** |
| ¶ 29: According to Mr. Marks' deposition testimony in the *Siegel* case, on or around August 8, 2002, he had a conference call with Mr. Toberoff and Mr. Emanuel that he described as follows: |

DC'S RESPONSES TO DEFENDANTS' EVIDENTIARY OBJECTIONS

...they understood that the Siegel family had
an interest in the termination rights and viewed that as
perhaps the most valuable of properties and wanted to
make a proposal.

Q. Okay. What did you say?

A. I said in substance and effect, "I'm listening."

And I'm not sure who spoke, but they made a proposal of
$15 million and what was described as a meaningful back
end, which I understood to be a contingent compensation
position or a royalty position in the exploitation of the
property.

*Id.* at 375:20-376:5.

| DEFENDANTS' OBJECTION | DC'S RESPONSE |
|---|---|
| 28.     Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported content of a deposition transcript, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced deposition transcript as misconstruing the content of the deposition transcript as a whole.<br><br>Irrelevant, self serving and prejudicial. | Defendants assert blanket objections without ever identifying any specific defect. *See supra* DC's Response to General Objection No. 8.<br><br>As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. *See supra* DC's Response to General Objection No. 4.<br><br>The testimony described contains admissions by party-opponents since Mr. Marks was the legal representative for the Siegels during the relevant time periods. FRE 801(d)(2). The document is also a public record. FRE 803(8).<br><br>The evidence is relevant because it |

| FRE 401, 403. | relates to Mr. Toberoff's business conduct, at issue in DC's fourth, fifth, and sixth claims, among other purposes.<br><br>The evidence is relevant because it shows DC's history with the Siegels, at issue in DC's fifth claim, among other purposes. FRE 401. Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none. FRE 403.<br><br>Defendants' blanket and non-specific objections that documents were mischaracterized or taken out of context are baseless, because they identify no specific defect and because full copies of all the evidence was provided. |

### PETROCELLI DECLARATION

¶ 30: In the Toberoff Timeline, attached to DC's First Amended Complaint as Exhibit A, the author describes Mr. Toberoff's August 2002 contacts regarding the Siegels as follows:

> MT and Ari Emanuel, partner and agent at Endeavor, contacts Kevin Marks at Gang, Tyre, Ramer, & Brown again, (who represented Joanne and Laura Siegel), on August 8, 2002. MT approaches the Siegels, _not as an attorney but as a film producer_, stating that he is "allied" with Emanuel, hoping such a claim will legitimize him.

> On August 8th 2002, MT tells Marks that he and Emanuel have a billionaire ready to offer $15 million dollars up-front, plus what they promise to be meaningful participation from proceeds for exploitation of the Siegels' rights to SUPERMAN and some continued royalties on an ongoing basis in all media....

> Within their offer, MT appeals to the Siegels' sense of

ownership and encourages them to take this deal. MT says he can help them make a movie in direct competition to the one being made at Warner Brothers (MT makes this argument to Joanne and Laura, all the while knowing full well that no one would ever go near making such an attempt; no other studio would go for it because of the division of rights, and no one outside of the studio system would attempt such an endeavor for all the enormous costs attributable to the making, marketing and distribution of such a film.)  In other words, MT displays "predatory intent" in his initial approach to the Siegels from the very beginning....

Upon the Siegels signing the agreement, MT then tells Joanne and Laura that his mysterious billionaire has decided to invest elsewhere....

**Significantly, MT admits to Laura Siegel that there never was a billionaire willing to invest $15 million when he first approached them. But by then the Siegels were concerned about appearing flaky for changing lawyers a few times.  They decide to stick it out.**

FAC Ex. A at 63-64, 67. (emphasis in original).

| DEFENDANTS' OBJECTION | DC'S RESPONSE |
|---|---|
| 29.    Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Impermissible character evidence. FRE 404.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403.<br><br>The document itself improperly discloses privileged and confidential information, and its improper use by DC Comics in the related action of *Joanne Siegel, et al., v. Warner Bros.,* | Defendants' "objections" to the Timeline do not constitute legal objections, but are self-serving arguments aimed at suppressing discovery about the Timeline.  Defendants' arguments also misrepresent the facts regarding disclosure of the Timeline, which was ordered produced in the *Siegel* action, Case No. CV 04-8400, based on the Court's finding that defendants waived any privilege that may have applied. Docket No. 386 (Dec. 4, 2008).  In their motion for a protective order concerning the Timeline in this case, defendants |

DC'S RESPONSES TO DEFENDANTS'
EVIDENTIARY OBJECTIONS

*et al.*, 04-CV-8400 ODW (RZx) is subject to an appeal. *See* ¶¶ 11-12, *supra*.

The document itself also suffers from lack of foundation, authentication. FRE 602, 901. It contains hearsay, FRE 801, 802. It contains impermissible character evidence. FRE 404. It is irrelevant, self serving and prejudicial. FRE 401, 403.

repeated their same arguments from the *Siegel* cases: the documents sent with the Timeline were stolen; DC Comics improperly handled receipt of the documents; the Timeline was not required to be logged; and Judge Larson misinterpreted an earlier ruling and should not have ordered the Timeline produced. Docket No. 42 at 1-4, 7-39 (Mot. PO Timeline). Magistrate Zarefsky denied defendants' motion. Docket No. 74 (Sept. 20, 2010 Order).

In addition to the underlying documents, the Toberoff Timeline itself is potentially admissible—it reflects admissions by defendants in this case and is a statement against interest by a potentially unavailable witness. FRE 801(d)(2), FRE 804(b)(3). As Magistrate Zarefsky ruled, DC Comics is entitled to discovery related to the document. Mr. Petrocelli's declaration explains the need for essential discovery related to the factual issues raised by that document. *See* Docket No. 182 ¶ 54 (Petrocelli Decl.).

The Timeline is a summary of and supported by underlying documents and evidence. *See supra* DC's Response to General Objection No. 1.

Defendants assert blanket objections without ever identifying any specific defect. *See supra* DC's Response to General Objection No. 8.

DC'S RESPONSES TO DEFENDANTS' EVIDENTIARY OBJECTIONS

As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. *See supra* DC's Response to General Objection No. 4.

The evidence is relevant to Mr. Toberoff's business conduct, at issue in DC's fourth, fifth, and sixth claims, among other purposes, and also refutes defendants' assertion that the SLAPP statute applies here, not to prove conformity with any character. FRE 404. This evidence shows Mr. Toberoff's history and course of conduct as a business person as admitted by him and recognized by others. FRE 401.

The evidence is relevant because it shows DC's history with the Siegels, at issue in DC's fifth claim, among other purposes. FRE 401. Moreover, the evidence presents no danger of unfair prejudice to defendants. FRE 403.

Defendants' blanket and non-specific objections that documents were mischaracterized or taken out of context are baseless, because they identify no specific defect and because full copies of all the evidence was provided.

The document described contains

DC'S RESPONSES TO DEFENDANTS'
EVIDENTIARY OBJECTIONS

|  | admissions by a party-opponent and statements against the interest of the document's author.  FRE 801(d)(2), 804(b)(3).

Privilege was waived as to the document, Case No. 04-8400, Docket Nos. 374 (Sept. 26, 2008 Order), 386 (Dec. 4, 2008), and defendants' motion for a protective order in this case was denied. Docket No. 74 (Sept. 20, 2010). |
|---|---|

**PETROCELLI DECLARATION**

¶ 31:  Mr. Marks testified in the *Siegel* case that he conveyed Mr. Toberoff and Mr. Emanuel's offer to the Siegels shortly thereafter.  Ex. 14 at 376:23-377:8.  According to the Toberoff Timeline:

> Marks conveys MT's offer to the Siegels, and Marks does say to the Siegels, it is better than the one you have.  However, Marks also tells the Siegels that he would testify in court against the Siegels if they accepted this offer because he believes there has already been an agreement reached [with Time Warner and DC Comics].

FAC Ex. A at 63.

| **DEFENDANTS' OBJECTION** | **DC'S RESPONSE** |
|---|---|
| 30.    Lack of foundation. Lack of personal knowledge. FRE 602.

Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.

Hearsay, as Petrocelli is testifying as to | Defendants' "objections" to the Timeline do not constitute legal objections, but are self-serving arguments aimed at suppressing discovery about the Timeline.  Defendants' arguments also misrepresent the facts regarding disclosure of the Timeline, which was ordered produced in the *Siegel* action, Case No. CV 04-8400, based on the Court's finding that defendants waived any privilege that may have applied. Docket No. 386 (Dec. 4, 2008).  In their |

DC'S RESPONSES TO DEFENDANTS'
EVIDENTIARY OBJECTIONS

the purported content of a deposition transcript, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced deposition transcript as misconstruing the content of the deposition transcript as a whole.

Irrelevant, self serving and prejudicial. FRE 401, 403.

The document originally attached to the First Amended Complaint as Exhibit A improperly discloses privileged and confidential information, and its improper use by DC Comics in the related action of *Joanne Siegel, et al., v. Warner Bros., et al.*, 04-CV-8400 ODW (RZx) is subject to an appeal. *See* ¶¶ 11-12, *supra*.

It also suffers from lack of foundation, authentication. FRE 602, 901. It contains hearsay, FRE 801, 802. It contains impermissible character evidence. FRE 404. It is irrelevant, self serving and prejudicial. FRE 401, 403.

motion for a protective order concerning the Timeline in this case, defendants repeated their same arguments from the *Siegel* cases: the documents sent with the Timeline were stolen; DC Comics improperly handled receipt of the documents; the Timeline was not required to be logged; and Judge Larson misinterpreted an earlier ruling and should not have ordered the Timeline produced. Docket No. 42 at 1-4, 7-39 (Mot. PO Timeline). Magistrate Zarefsky denied defendants' motion. Docket No. 74 (Sept. 20, 2010 Order).

In addition to the underlying documents, the Toberoff Timeline itself is potentially admissible—it reflects admissions by defendants in this case and is a statement against interest by a potentially unavailable witness. FRE 801(d)(2), FRE 804(b)(3). As Magistrate Zarefsky ruled, DC Comics is entitled to discovery related to the document. Mr. Petrocelli's declaration explains the need for essential discovery related to the factual issues raised by that document. *See* Docket No. 182 ¶ 54 (Petrocelli Decl.).

The Timeline is a summary of and supported by underlying documents and evidence. *See supra* DC's Response to General Objection No. 1.

Defendants assert blanket objections without ever identifying any specific

DC'S RESPONSES TO DEFENDANTS'
EVIDENTIARY OBJECTIONS

1

2

defect. *See supra* DC's Response to General Objection No. 8.

3

4

5

6

7

8

As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. *See supra* DC's Response to General Objection No. 4.

9

10

11

12

13

14

15

16

17

The evidence is relevant to Mr. Toberoff's business conduct, at issue in DC's fourth, fifth, and sixth claims, among other purposes, and also refutes defendants' assertion that the SLAPP statute applies here, not to prove conformity with any character.  FRE 404. This evidence shows Mr. Toberoff's history and course of conduct as a business person as admitted by him and recognized by others.  FRE 401.

18

19

20

21

22

The evidence is relevant because it shows DC's history with the Siegels, at issue in DC's fifth claim, among other purposes. FRE 401.  Moreover, the evidence presents no danger of unfair prejudice to defendants.  FRE 403.

23

24

25

26

27

Defendants' blanket and non-specific objections that documents were mischaracterized or taken out of context are baseless, because they identify no specific defect and because full copies of all the evidence was provided.

28

DC'S RESPONSES TO DEFENDANTS' EVIDENTIARY OBJECTIONS

| | |
|---|---|
| | The document described contains admissions by a party-opponent and statements against the interest of the document's author.  FRE 801(d)(2), 804(b)(3). |
| | Privilege was waived as to the document, Case No. 04-8400, Docket Nos. 374 (Sept. 26, 2008 Order), 386 (Dec. 4, 2008), and defendants' motion for a protective order in this case was denied. Docket No. 74 (Sept. 20, 2010). |

| **PETROCELLI DECLARATION** |
|---|

¶ 32:  A September 21, 2002 letter from Joanne Siegel and Laura Siegel Larson to Mr. Marks states:

> As we previously discussed with you and hereby affirm, we rejected DC Comics' offer for the Siegel Family interest in Superman and other characters sent to us by you on February 4, 2002. We *similarly reject your redraft of the February 4, 2002 document which you sent to us on July 15, 2002.*  Therefore, due to irreconcilable differences, after four years of painful and unsatisfying negotiations, *this letter serves as formal notification that we are totally stopping and ending all negotiations with DC Comics, Inc.....*
>
> This letter is also notification that, effective immediately, we are terminating Gang, Tyre, Ramer & Brown, Inc., and all of your firm's partners, associates and employees as representatives of the Siegel Family interest regarding Superman....

(emphasis added).  Docket No. 207-1.

| **DEFENDANTS' OBJECTION** | **DC'S RESPONSE** |
|---|---|
| 31.    Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Hearsay, as Petrocelli is testifying as to | Defendants assert blanket objections without ever identifying any specific defect. *See supra* DC's Response to General Objection No. 8. |

| | |
|---|---|
| the purported content of a document, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced document as misconstruing the content of the document as a whole.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. | As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. *See supra* DC's Response to General Objection No. 4.<br><br>The exhibit described contains admissions by party-opponents because it conveys the Siegels' termination Mr. Marks' legal representation.  FRE 801(d)(2).<br><br>The evidence is relevant because it shows DC's history with the Siegels, at issue in DC's fifth claim, among other purposes.  FRE 401.  Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none.  FRE 403.<br><br>Defendants' blanket and non-specific objections that documents were mischaracterized or taken out of context are baseless, because they identify no specific defect and because full copies of all the evidence was provided. |

### PETROCELLI DECLARATION

¶ 33:  In a September 21, 2002, letter from Joanne Siegel and Laura Siegel Larson to Paul Levitz of DC Comics, the Siegels stated:

>     We regret to inform you that after many years of difficult
>     negotiations with your representatives culminating in an offer sent to
>     us on February 4, 2002, irreconcilable differences exist that cannot be

> overcome. *Therefore, effective immediately, we are totally stopping and ending negotiations with DC Comics, Inc....*

(emphasis added). Attached hereto as Exhibit 23 is a true and correct copy of that letter. Ms. Larson testified at her deposition in this case that until this letter was sent on September 21, negotiations with DC had not been terminated. Ex. 24 at 889:12-15; 957:8-17.

| DEFENDANTS' OBJECTION | DC'S RESPONSE |
|---|---|
| 32.    Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Hearsay, as Petrocelli is testifying as to the purported contents of a document, which speaks for itself. FRE 802, 1002. Defendants further object to the abbreviated summaries of the referenced document as misconstruing the contents of the document as a whole.<br><br>Hearsay, as Petrocelli is testifying as to the purported content of a deposition transcript, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced deposition transcript as misconstruing the content of the deposition transcript as a whole.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. | Defendants assert blanket objections without ever identifying any specific defect. *See supra* DC's Response to General Objection No. 8.<br><br>As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. *See supra* DC's Response to General Objection No. 4.<br><br>The exhibits described contain admissions by party-opponents because they represent the Siegels repudiation of the 2001 Settlement Agreement. FRE 801(d)(2).<br><br>The evidence is relevant because it shows DC's history with the Siegels, at issue in DC's fifth claim, among other purposes. FRE 401. Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none. FRE 403.<br><br>Defendants' blanket and non-specific objections that documents were |

DC'S RESPONSES TO DEFENDANTS'
EVIDENTIARY OBJECTIONS

| | mischaracterized or taken out of context are baseless, because they identify no specific defect and because full copies of all the evidence was provided. |
|---|---|

| PETROCELLI DECLARATION ||

¶ 34:  Ms. Larson testified in this case that after initially contacting Mr. Toberoff, a meeting was held at the offices of the Endeavor Talent Agency, and was attended by Ms. Larson, Ms. Siegel, and Mr. Toberoff.  Ms. Larson described this as an initial "meet-and-greet" with Mr. Toberoff.  Ex. 24 at 843:3-846:7.

| DEFENDANTS' OBJECTION | DC'S RESPONSE |
|---|---|
| 33.    Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported content of a deposition transcript, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced deposition transcript as misconstruing the content of the deposition transcript as a whole.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. | Defendants assert blanket objections without ever identifying any specific defect.  *See supra* DC's Response to General Objection No. 8.<br><br>As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. *See supra* DC's Response to General Objection No. 4.<br><br>The evidence is relevant to Mr. Toberoff's business conduct, at issue in DC's fourth, fifth, and sixth claims, among other purposes, and also refutes defendants' assertion that the SLAPP statute applies here, not to prove conformity with any character.  FRE 404. This evidence shows Mr. Toberoff's history and course of conduct as a business person as admitted by him and recognized by others.  FRE 401. |

DC'S RESPONSES TO DEFENDANTS'
EVIDENTIARY OBJECTIONS

| | |
|---|---|
| | Moreover, the evidence presents no danger of unfair prejudice to defendants. FRE 403.

Defendants' blanket and non-specific objections that documents were mischaracterized or taken out of context are baseless, because they identify no specific defect and because full copies of all the evidence was provided.

The document described contains admissions by a party-opponent and statements against the interest of the document's author. FRE 801(d)(2), 804(b)(3). The document is also a public record. FRE 803(8). |

## PETROCELLI DECLARATION

¶ 35: Ms. Larson testified that shortly thereafter, a second meeting was held between Ms. Larson, Ms. Siegel, Mr. Toberoff, and Mr. Emanuel, in Mr. Emanuel's office at the Endeavor Talent Agency. Ms. Larson testified that this was the first time they met Mr. Emanuel and they "wanted to know what his vision was of the [Superman] character and what he thought he might … bring to [the Siegels] as a representative." *Id.* at 854:15-857:23. During this meeting, Ms. Larson understood that the discussions were taking place "under this heading of IP Worldwide." *Id.* at 858:2-5. Ms. Larson testified that at the meeting, the Siegels discussed the August 2002 offer to acquire their interests in the Superman termination notice conveyed to Mr. Marks by Mr. Toberoff and Mr. Emanuel. Mr. Emanuel gave the Siegels information relating to his offer, including that he was a "rich guy," he was willing "to put a substantial amount of money up front and, … if he was able to negotiate … a good deal for [the Siegels], that [they] would have meaningful participation." The upfront money was "in the range of 15 million [dollars]." *Id.* at 880:25-883:5.

DC'S RESPONSES TO DEFENDANTS' EVIDENTIARY OBJECTIONS

| DEFENDANTS' OBJECTION | DC'S RESPONSE |
|---|---|
| 34.    Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported content of a deposition transcript, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced deposition transcript as misconstruing the content of the deposition transcript as a whole.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. | Defendants assert blanket objections without ever identifying any specific defect. *See supra* DC's Response to General Objection No. 8.<br><br>As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. *See supra* DC's Response to General Objection No. 4.<br><br>The evidence is relevant to Mr. Toberoff's business conduct, at issue in DC's fourth, fifth, and sixth claims, among other purposes, and also refutes defendants' assertion that the SLAPP statute applies here, not to prove conformity with any character. FRE 404. This evidence shows Mr. Toberoff's history and course of conduct as a business person as admitted by him and recognized by others. FRE 401.<br><br>Moreover, the evidence presents no danger of unfair prejudice to defendants. FRE 403.<br><br>Defendants' blanket and non-specific objections that documents were mischaracterized or taken out of context are baseless, because they identify no specific defect and because full copies of all the evidence was provided. |

DC'S RESPONSES TO DEFENDANTS' EVIDENTIARY OBJECTIONS

|  | The document described contains admissions by a party-opponent and statements against the interest of the document's author. FRE 801(d)(2), 804(b)(3). The document is also a public record. FRE 803(8). |
|---|---|

| PETROCELLI DECLARATION ||

¶ 36:  Ms. Larson testified that at the time of the meeting with Mr. Toberoff and Mr. Emanuel, negotiations with DC had <u>not</u> been terminated.  According to Ms. Larson, at the time of the discussion the Siegels "were like 95 percent there.  We were, you know, going to cutoff negotiations and everything, you know, so we were really close to doing it early on." *Id.* at 888:18-889:2.

| DEFENDANTS' OBJECTION | DC'S RESPONSE |
|---|---|
| 35.    Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported content of a deposition transcript, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced deposition transcript as misconstruing the content of the deposition transcript as a whole. | Defendants assert blanket objections without ever identifying any specific defect. *See supra* DC's Response to General Objection No. 8.<br><br>As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. *See supra* DC's Response to General Objection No. 4.<br><br>The evidence is relevant to Mr. Toberoff's business conduct, at issue in DC's fourth, fifth, and sixth claims, among other purposes, and also refutes defendants' assertion that the SLAPP statute applies here, not to prove conformity with any character.  FRE 404. |

| | |
|---|---|
| Irrelevant, self serving and prejudicial. FRE 401, 403. | This evidence shows Mr. Toberoff's history and course of conduct as a business person as admitted by him and recognized by others.  FRE 401.

Moreover, the evidence presents no danger of unfair prejudice to defendants. FRE 403.

Defendants' blanket and non-specific objections that documents were mischaracterized or taken out of context are baseless, because they identify no specific defect and because full copies of all the evidence was provided.

The document described contains admissions by a party-opponent and statements against the interest of the document's author.  FRE 801(d)(2), 804(b)(3).  The document is also a public record.  FRE 803(8). |

| **PETROCELLI DECLARATION** |
|---|

¶ 37:  Ms. Larson testified that both of these meetings occurred prior to the Siegels entering into their agreement with IP Worldwide.  *Id.* at 854:15-857:23.

| **DEFENDANTS' OBJECTION** | **DC'S RESPONSE** |
|---|---|
| 36.    Lack of foundation. Lack of personal knowledge. FRE 602.

Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do | Defendants assert blanket objections without ever identifying any specific defect.  *See supra* DC's Response to General Objection No. 8.

As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and |

DC'S RESPONSES TO DEFENDANTS' EVIDENTIARY OBJECTIONS

| | |
|---|---|
| not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported content of a deposition transcript, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced deposition transcript as misconstruing the content of the deposition transcript as a whole.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. | identify evidence relevant to the Court's consideration of defendants' motions. *See supra* DC's Response to General Objection No. 4.<br><br>The evidence is relevant to Mr. Toberoff's business conduct, at issue in DC's fourth, fifth, and sixth claims, among other purposes, and also refutes defendants' assertion that the SLAPP statute applies here, not to prove conformity with any character.  FRE 404. This evidence shows Mr. Toberoff's history and course of conduct as a business person as admitted by him and recognized by others.  FRE 401.<br><br>Moreover, the evidence presents no danger of unfair prejudice to defendants. FRE 403.<br><br>Defendants' blanket and non-specific objections that documents were mischaracterized or taken out of context are baseless, because they identify no specific defect and because full copies of all the evidence was provided.<br><br>The document described contains admissions by a party-opponent and statements against the interest of the document's author.  FRE 801(d)(2), 804(b)(3).  The document is also a public record.  FRE 803(8). |

DC'S RESPONSES TO DEFENDANTS'
EVIDENTIARY OBJECTIONS

| PETROCELLI DECLARATION |
|---|

¶ 38:  In October 2002, the Siegels entered into an agreement with IP Worldwide providing:

> Owner hereby warrants and represents that Owner will not transfer, assign, license or in any manner encumber the Rights during the Term or extended Term other than through or as a result of IPW's exclusive representation hereunder, with the exception of by will, probate or pursuant to other Court order.
>
> ...
>
> The parties understand and acknowledge that the scope of this Agreement does not include legal services and/or expenses in connection with litigation or formal legal arbitration, if any.

Ex. 56 ¶¶ 8, 10.  Attached hereto as Exhibit 56 is a true and correct copy of that agreement.  The agreement also provided for a fee of "ten percent (10%) of any and all gross compensation payable including, without limitation, option, quitclaim or licensing fees, purchase price, settlement amounts, advances, dispute resolution, settlement or otherwise."  *Id.* ¶ 6.  Ms. Larson testified that she understood the ten percent fee to IP Worldwide, which included Mr. Toberoff and Mr. Emanuel, was "like an agent's fee."  Ex. 24 at 771:5-19.

| DEFENDANTS' OBJECTION | DC'S RESPONSE |
|---|---|
| 37.    Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Hearsay, as Petrocelli is testifying as to the purported contents of a document, which speaks for itself. FRE 802, 1002. Defendants further object to the abbreviated summaries of the referenced document as misconstruing the contents of the document as a whole.<br><br>Hearsay, as Petrocelli is testifying as to the purported content of a deposition transcript, which speaks for itself. | Defendants assert blanket objections without ever identifying any specific defect.  *See supra* DC's Response to General Objection No. 8.<br><br>As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. *See supra* DC's Response to General Objection No. 4.<br><br>The exhibit described contains admissions by party-opponents.  FRE |

DC'S RESPONSES TO DEFENDANTS' EVIDENTIARY OBJECTIONS

| | |
|---|---|
| FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced deposition transcript as misconstruing the content of the deposition transcript as a whole.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. | 801(d)(2).<br><br>The evidence is relevant to Mr. Toberoff's business conduct, at issue in DC's fourth, fifth, and sixth claims, among other purposes, and also refutes defendants' assertion that the SLAPP statute applies here, not to prove conformity with any character.  FRE 404. This evidence shows Mr. Toberoff's history and course of conduct as a business person as admitted by him and recognized by others.  FRE 401.<br><br>The evidence is relevant because it shows DC's history with the Siegels, at issue in DC's fifth claim, among other purposes. FRE 401.  Moreover, the evidence presents no danger of unfair prejudice to defendants.  FRE 403.<br><br>Defendants' blanket and non-specific objections that documents were mischaracterized or taken out of context are baseless, because they identify no specific defect and because full copies of all the evidence was provided. |

### PETROCELLI DECLARATION

¶ 39:  Ms. Larson testified that there was "no agreement between any member of the Siegel family and the law offices of Marc Toberoff in 2002."  Ex. 24 at 777:8-15.  According to Ms. Larson, in 2002, "[t]he only agreement that [the Siegels] entered into for the services of … Mr. Toberoff was the IP Worldwide agreement." *Id.* at 777:20-23.

DC'S RESPONSES TO DEFENDANTS' EVIDENTIARY OBJECTIONS

| DEFENDANTS' OBJECTION | DC'S RESPONSE |
|---|---|
| 38.    Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Hearsay, as Petrocelli is testifying as to the purported content of a deposition transcript, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced deposition transcript as misconstruing the content of the deposition transcript as a whole.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. | Defendants assert blanket objections without ever identifying any specific defect.  *See supra* DC's Response to General Objection No. 8.<br><br>As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. *See supra* DC's Response to General Objection No. 4.<br><br>The evidence is relevant to Mr. Toberoff's business conduct, at issue in DC's fourth, fifth, and sixth claims, among other purposes, and also refutes defendants' assertion that the SLAPP statute applies here, not to prove conformity with any character.  FRE 404. This evidence shows Mr. Toberoff's history and course of conduct as a business person as admitted by him and recognized by others.  FRE 401.<br><br>Moreover, the evidence presents no danger of unfair prejudice to defendants. FRE 403.<br><br>Defendants' blanket and non-specific objections that documents were mischaracterized or taken out of context are baseless, because they identify no specific defect and because full copies of all the evidence was provided. |

| | The document described contains admissions by a party-opponent and statements against the interest of the document's author.  FRE 801(d)(2), 804(b)(3).  The document is also a public record.  FRE 803(8). |
|---|---|

**PETROCELLI DECLARATION**

¶ 40:  In a letter dated October 28, 2002 from Joanne Siegel and Laura Siegel Larson to Lillian Laserson of DC Comics, the Siegels attached their September 21, 2002 "notice to DC Comics … which totally stopped and ended negotiations with DC Comics...."  Attached hereto as Exhibit 25 is a true and correct copy that October 28, 2002, letter.

| DEFENDANTS' OBJECTION | DC'S RESPONSE |
|---|---|
| 39.    Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Hearsay, as Petrocelli is testifying as to the purported contents of documents, which speak for themselves. FRE<br><br>802, 1002. Defendants further object to the abbreviated summaries of the referenced documents as misconstruing the contents of the documents as a whole.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403.<br><br>**Exhibit 25**: Lack of foundation, FRE 602. Hearsay, FRE 801, 802. Irrelevant, self serving and prejudicial. FRE 401, 403. | Defendants assert blanket objections without ever identifying any specific defect.  *See supra* DC's Response to General Objection No. 8.<br><br>As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. *See supra* DC's Response to General Objection No. 4.<br><br>The exhibits described contain admissions by party-opponents because they represent the Siegels repudiation of the 2001 Settlement Agreement.  FRE 801(d)(2).<br><br>The evidence is relevant because it shows |

| | DC's history with the Siegels, at issue in DC's fifth claim, among other purposes. FRE 401. Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none. FRE 403.<br><br>Defendants' blanket and non-specific objections that documents were mischaracterized or taken out of context are baseless, because they identify no specific defect and because full copies of all the evidence was provided.<br><br>**Exhibit 25**: The objections fail for the same reasons stated above. |
|---|---|

| PETROCELLI DECLARATION ||
|---|---|

¶ 41: On October 3, 2004, Ms. Siegel and Ms. Larson executed a legal retainer agreement with the Law Offices of Marc Toberoff. The agreement provides Mr. Toberoff with a fee of "forty (40%)" of "any and all gross sums of money or other consideration recovered, confirmed or awarded" to the Siegels. Ex. 26 ¶ 5(a). Attached hereto as Exhibit 26 is a true and correct copy of that October 3, 2004, agreement. Mr. Toberoff and the Siegels amended the legal retainer agreement on October 17, 2004. Attached hereto as Exhibit 27 is a true and correct copy of the October 17, 2004, amendment.

| DEFENDANTS' OBJECTION | DC'S RESPONSE |
|---|---|
| 40.    Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Hearsay, as Petrocelli is testifying as to the purported contents of documents, which speak for themselves. FRE 802, 1002. Defendants further object to the abbreviated summaries of the | Defendants assert blanket objections without ever identifying any specific defect. *See supra* DC's Response to General Objection No. 8.<br><br>As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and |

DC'S RESPONSES TO DEFENDANTS'
EVIDENTIARY OBJECTIONS

| referenced documents as misconstruing the contents of the documents as a whole.

Irrelevant, self serving and prejudicial. FRE 401, 403. | identify evidence relevant to the Court's consideration of defendants' motions. *See supra* DC's Response to General Objection No. 4.

The exhibits described contain admissions by party-opponents.  FRE 801(d)(2).

The evidence is relevant to Mr. Toberoff's business conduct, at issue in DC's fourth, fifth, and sixth claims, among other purposes, and also refutes defendants' assertion that the SLAPP statute applies here, not to prove conformity with any character.  FRE 404. This evidence shows Mr. Toberoff's history and course of conduct as a business person as admitted by him and recognized by others.  FRE 401.

Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none. FRE 403.

Defendants' blanket and non-specific objections that documents were mischaracterized or taken out of context are baseless, because they identify no specific defect and because full copies of all the evidence was provided. |

| PETROCELLI DECLARATION | |
|---|---|
| ¶ 42:  Joseph Shuster, who co-created Superman with Jerome Siegel, died on July 30, 1992.  He left two siblings, Jean Peavy and Frank Shuster, as well as a nephew, Mark Warren Peary. | |
| DEFENDANTS' OBJECTION | DC'S RESPONSE |
| 41.    Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. | Defendants assert blanket objections without ever identifying any specific defect.  *See supra* DC's Response to General Objection No. 8.<br><br>As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. *See supra* DC's Response to General Objection No. 4.<br><br>The referenced facts and documents are not in dispute.  Defendants identify no inaccuracies in them.<br><br>The evidence is relevant because it shows DC's history with the Shusters, at issue in DC's fourth claim, among other purposes.  FRE 401.  Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none.  FRE 403.<br><br>Defendants' blanket and non-specific objections that documents were mischaracterized or taken out of context are baseless, because they identify no specific defect and because full copies of |

DC'S RESPONSES TO DEFENDANTS'
EVIDENTIARY OBJECTIONS

| | all the evidence was provided. |
|---|---|

| PETROCELLI DECLARATION | |
|---|---|

¶ 43:  On August 21, 1992, Ms. Peavy sent a letter to Time Warner and DC explaining that she was the sole heir to Shuster's estate and that Shuster had left "a crushing burden of unpaid debts and bills and only a tiny estate."  She asked that Time Warner and DC Comics "pay his final debts and expenses."  Attached hereto as Exhibit 28 is a true and correct copy of that letter.  DC Comics agreed to pay Shuster's debts and increase Frank Shuster's annual survivor payments under the 1975 agreement.

| DEFENDANTS' OBJECTION | DC'S RESPONSE |
|---|---|
| 42.    Lack of foundation. Lack of personal knowledge. FRE 602. | Defendants assert blanket objections without ever identifying any specific defect.  *See supra* DC's Response to General Objection No. 8. |
| Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court. | As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions.  *See supra* DC's Response to General Objection No. 4. |
| Hearsay, as Petrocelli is testifying as to the purported content of a document, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced document as misconstruing the content of the document as a whole. | The referenced facts and documents are not in dispute.  Defendants identify no inaccuracies in them. |
| Irrelevant, self serving and prejudicial. FRE 401, 403. | The exhibit described is not hearsay and is relevant to prove notice and effect on the reader.  The exhibit is also part of the contractual negotiations and evidence of the parties' agreement. |
| **Exhibit 28**: Lack of foundation, FRE 602. Hearsay, FRE 801, 802. | The exhibit described contain admissions |

DC'S RESPONSES TO DEFENDANTS' EVIDENTIARY OBJECTIONS

| | |
|---|---|
| Irrelevant, self serving and prejudicial. FRE 401, 403. | by party-opponents because it contains representations by Ms. Peavy that induced DC Comics to enter into the 1992 Agreement, that fully and finally settled any rights claimed by the Siegels in the Superman property.  FRE 801(d)(2).  The exhibit is also an ancient document. FRE 803(16). |
| | The evidence is relevant because it shows DC's history with the Shusters, at issue in DC's fourth claim, among other purposes.  FRE 401.  Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none.  FRE 403. |
| | Defendants' blanket and non-specific objections that documents were mischaracterized or taken out of context are baseless, because they identify no specific defect and because full copies of all the evidence was provided. |
| | **Exhibit 28**:  The objections fail for the same reasons stated above. |

| **PETROCELLI DECLARATION** |
|---|
| ¶ 44:  On September 10, 1992, Frank Shuster sent a letter to DC stating:<br>        [Jean] pointed out that my income tax as a single individual would be higher than hers as a married person.  She made the suggestion that if payments were made in her name, she would not pursue the termination of the Superman copyright as provided for to creators' heirs in the 1976 U.S. Copyright Act....<br>Docket No. 61-8. |

DC'S RESPONSES TO DEFENDANTS' EVIDENTIARY OBJECTIONS

| DEFENDANTS' OBJECTION | DC'S RESPONSE |
|---|---|
| 43.    Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Hearsay, as Petrocelli is testifying as to the purported contents of documents, which speak for themselves. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced document as misconstruing the content of the document as a whole.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. | Defendants assert blanket objections without ever identifying any specific defect. *See supra* DC's Response to General Objection No. 8.<br><br>As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. *See supra* DC's Response to General Objection No. 4.<br><br>The referenced facts and documents are not in dispute.  Defendants identify no inaccuracies in them.<br><br>The exhibit described is not hearsay and is relevant to prove notice and effect on the reader.  The exhibit is also part of the contractual negotiations and evidence of the parties' agreement.<br><br>The exhibit described contains admissions by party-opponents and verbal acts—*i.e.,* promises Frank Shuster and Jean Peavy made to DC Comics. FRE 801(d)(2); FRE 801(c).<br><br>The evidence is relevant because it shows DC's history with the Shusters, at issue in DC's fourth claim, among other purposes.  FRE 401.  Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants |

DC'S RESPONSES TO DEFENDANTS'
EVIDENTIARY OBJECTIONS

|  | have identified none.  FRE 403.

Defendants' blanket and non-specific objections that documents were mischaracterized or taken out of context are baseless, because they identify no specific defect and because full copies of all the evidence was provided. |
|---|---|

### PETROCELLI DECLARATION

¶ 45:  DC entered into an agreement with Jean Peavy and Frank Shuster on August 1, 1992 ("1992 Agreement"), which provided:

> [T]his agreement fully settles all claims to any payments or other rights or remedies which you may have under any other agreement or otherwise, whether now or hereafter existing regarding any copyrights, trademarks, or other property right in any and all work created in whole or in part by your brother, Joseph Shuster, or any works based thereon.  *In any event, you now grant to us [DC] any such rights and release us, our licensees and all others acting with our permission, and covenant not to assert any claim of right, by suit or otherwise, with respect to the above, now and forever.*

(Emphasis added.)  Attached hereto as Exhibit 29 is a true and correct copy of the August 1, 1992 agreement signed by Ms. Peavy, Frank Shuster, and DC.

| DEFENDANTS' OBJECTION | DC'S RESPONSE |
|---|---|
| 44.    Lack of foundation. Lack of personal knowledge. FRE 602.

Hearsay, as Petrocelli is testifying as to the purported content of a document, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced document as misconstruing the content of the document as a whole. | Defendants assert blanket objections without ever identifying any specific defect.  *See supra* DC's Response to General Objection No. 8.

As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. *See supra* DC's Response to General |

| | |
|---|---|
| Irrelevant, self serving and prejudicial. FRE 401, 403. | Objection No. 4.<br><br>The referenced facts and documents are not in dispute. Defendants identify no inaccuracies in them.<br><br>The exhibit described is not hearsay and is relevant to prove notice and effect on the reader. The exhibit is also part of the contractual negotiations and evidence of the parties' agreement.<br><br>The exhibit described contains admissions by party-opponents. FRE 801(d)(2).<br><br>The evidence is relevant because it shows DC's history with the Shusters, at issue in DC's fourth claim, among other purposes. FRE 401. Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none. FRE 403.<br><br>Defendants' blanket and non-specific objections that documents were mischaracterized or taken out of context are baseless, because they identify no specific defect and because full copies of all the evidence was provided. |

DC'S RESPONSES TO DEFENDANTS'
EVIDENTIARY OBJECTIONS

| PETROCELLI DECLARATION |
|---|
| ¶ 46: Between 1992 and 1999, Ms. Peavy sent letters to DC on several occasions expressing her gratitude to DC for the benefits provided by the 1992 Agreement and other actions the company took on her behalf. Attached hereto as Exhibits 31-36 are true and correct copies of correspondence between Ms. Peavy and DC Comics from 1992 through 1999. Attached hereto as Exhibit 30 is a letter dated September 8, 1992 from DC Comics to Frank Shuster. |

| DEFENDANTS' OBJECTION | DC'S RESPONSE |
|---|---|
| 45.    Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported content of a document, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced document as misconstruing the content of the document as a whole.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403.<br><br>**Exhibit 30**: Lack of foundation, FRE 602. Hearsay, FRE 801, 802. Irrelevant, self serving and prejudicial. FRE 401, 403. | Defendants assert blanket objections without ever identifying any specific defect. *See supra* DC's Response to General Objection No. 8.<br><br>As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. *See supra* DC's Response to General Objection No. 4.<br><br>The exhibits described are not hearsay and are relevant to prove notice and effect on the reader. The exhibit is also part of the contractual relationship between the parties and evidence of their agreement.<br><br>The exhibits described contain admissions by party-opponents. FRE 801(d)(2).<br><br>The evidence is relevant because it shows DC's history with the Shusters, at issue in DC's fourth claim, among other |

DC'S RESPONSES TO DEFENDANTS'
EVIDENTIARY OBJECTIONS

| | |
|---|---|
| **Exhibit 31**: Lack of foundation, FRE 602. Hearsay, FRE 801, 802. Irrelevant, self serving and prejudicial. FRE 401, 403. | purposes. FRE 401. Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none. FRE 403. |
| **Exhibit 32**: Lack of foundation, FRE 602. Hearsay, FRE 801, 802. Irrelevant, self serving and prejudicial. FRE 401, 403. | Defendants' blanket and non-specific objections that documents were mischaracterized or taken out of context are baseless, because they identify no specific defect and because full copies of all the evidence was provided. |
| **Exhibit 33**: Lack of foundation, FRE 602. Hearsay, FRE 801, 802. Irrelevant, self serving and prejudicial. FRE 401, 403. | **Exhibits 30, 31, 32, 33, 34, 35, and 36**: The objections fail for the same reasons stated above. |
| **Exhibit 34**: Lack of foundation, FRE 602. Hearsay, FRE 801, 802. Irrelevant, self serving and prejudicial. FRE 401, 403. | Defendants do not contest the accuracy of the exhibit at all. |
| **Exhibit 35**: Lack of foundation, FRE 602. Hearsay, FRE 801, 802. Irrelevant, self serving and prejudicial. FRE 401, 403. | |
| **Exhibit 36**: Lack of foundation, FRE 602. Hearsay, FRE 801, 802. Irrelevant, self serving and prejudicial. FRE 401, 403. | |

| **PETROCELLI DECLARATION** |
|---|
| ¶ 47: In a September 7, 1999 letter to Paul Levitz of DC, Ms. Peavy wrote, "I have learned from the Internet that Joanne Siegel has filed a copyright claim for SUPERMAN. I want you to know that I intend to continue to honor our pension agreement." Docket No. 61-10. |

DC'S RESPONSES TO DEFENDANTS'
EVIDENTIARY OBJECTIONS

| DEFENDANTS' OBJECTION | DC'S RESPONSE |
|---|---|
| 46.    Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Hearsay, as Petrocelli is testifying as to the purported content of a document, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced document as misconstruing the content of the document as a whole.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. | Defendants assert blanket objections without ever identifying any specific defect.  *See supra* DC's Response to General Objection No. 8.<br><br>As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions.  *See supra* DC's Response to General Objection No. 4.<br><br>The referenced facts and documents are not in dispute.  Defendants identify no inaccuracies in them.<br><br>The exhibit described contains admissions by party-opponents because it includes statements by Ms. Peavy that she would continue to honor the 992 Agreement.  FRE 801(d)(2).<br><br>The evidence is relevant because it shows DC's history with the Shusters, at issue in DC's fourth claim, among other purposes.  FRE 401.  Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none.  FRE 403.<br><br>Defendants' blanket and non-specific objections that documents were mischaracterized or taken out of context are baseless, because they identify no |

DC'S RESPONSES TO DEFENDANTS' EVIDENTIARY OBJECTIONS

| | specific defect and because full copies of all the evidence was provided. |
|---|---|

| **PETROCELLI DECLARATION** ||

¶ 48:  In November 2001, Mr. Toberoff's company, Pacific Pictures Corporation, entered into an agreement with Ms. Peavy and Mr. Peary regarding their putative Superman and Superboy rights ("2001 PPC Agreement").  Toberoff executed the agreement as "President" of Pacific Pictures.   Attached hereto as Exhibit 54 is a true and correct copy of the 2001 PPC Agreement.

| **DEFENDANTS' OBJECTION** | **DC'S RESPONSE** |
|---|---|
| 47.     Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported content of a document, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced document as misconstruing the content of the document as a whole.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. | Defendants assert blanket objections without ever identifying any specific defect.  *See supra* DC's Response to General Objection No. 8.<br><br>As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. *See supra* DC's Response to General Objection No. 4.<br><br>The referenced facts and documents are not in dispute.  Defendants identify no inaccuracies in them.<br><br>The exhibit described contains admissions by party-opponents because it is the 2001 PPC Agreement between Toberoff and the Shusters, in which the Shusters transferred their purported Superman rights to the joint venture. FRE 801(d)(2). |

DC'S RESPONSES TO DEFENDANTS'
EVIDENTIARY OBJECTIONS

The evidence is relevant because it relates to Mr. Toberoff's business conduct, at issue in DC's fourth, fifth, and sixth claims, among other purposes. FRE 401.

The evidence is relevant because it shows DC's history with the Shusters, at issue in DC's fourth claim, among other purposes. FRE 401. Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none. FRE 403.

Defendants' blanket and non-specific objections that documents were mischaracterized or taken out of context are baseless, because they identify no specific defect and because full copies of all the evidence was provided.

Defendants do not contest the exhibit at all, including the fact that Mr. Toberoff signed the agreements in his role as President of PPC.

| PETROCELLI DECLARATION |
|---|

¶ 49: The 2001 PPC Agreement provides in part: "[Peavy and Peary] hereby transfer and assign to the Venture their rights, title and interests in the Rights," defined to include the "character, story element, and indicia associated with" Superman and Superboy. Ex. 54 ¶¶ 1, 2. It goes on to state:

The parties each warrant and represent that after signing this Agreement *they will not without the express written consent of all the parties transfer, limit or encumber the Rights in any respect....*

Any and all moneys and proceeds received ... will be shared, divided and payable: fifty percent (50%) to [Peavy and Peary] and

fifty percent (50%) to PPC.

*Id.* ¶¶ 4-5 (emphasis added).  In addition, the agreement provides for the separate retention of Mr. Toberoff:

> The Venture and/or the Estate of Joe Shuster (to be established hereunder) will retainer Marc Toberoff, Esq. to render legal services in connection with the Rights and the Venture, including in connection with all legal disputes, litigation, arbitration and/or mediation regarding the Rights; to implement, enforce and prosecute the Rights; and to handle the negotiation of any contracts regarding exploitation of the rights.

*Id.* ¶ 7.  Mr. Peary testified at his deposition in this case that the Shusters did not enter into a "legal retainer" agreement with Mr. Toberoff until 2004—*three years* after the 2001 agreement.  Ex. 37 at 1300:7-13.  Finally, the agreement states:

> Upon the expiration of the Term and the winding-up of the Venture or in the event of termination of the Venture for any reason, *all Rights, property or assets of the Venture will be held fifty percent (50%) by the Claimants and fifty percent (50%) by PPC* … Claimants and PPC will each be entitled to receive and continue to receive fifty percent (50%) of all Proceeds derived from the Rights after termination of the Venture.

Docket No. 61-11 ¶ 8 (emphasis added).  Mr. Peary testified that he understood paragraph 8 to mean that if the joint venture were terminated for any reason, the "interest in proceeds coming from the [Superman] rights" would be held fifty percent by the Shusters and fifty percent by Pacific Pictures Corporation.  Ex. 37 at 1310:3-1312:5.

| DEFENDANTS' OBJECTION | DC'S RESPONSE |
|---|---|
| 48.    Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court. | Defendants assert blanket objections without ever identifying any specific defect.  *See supra* DC's Response to General Objection No. 8.<br><br>As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. |

| | |
|---|---|
| Hearsay, as Petrocelli is testifying as to the purported content of a document, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced document as misconstruing the content of the document as a whole.<br><br>Hearsay, as Petrocelli is testifying as to the purported content of a deposition transcript, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced deposition transcript as misconstruing the content of the deposition transcript as a whole.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. | *See supra* DC's Response to General Objection No. 4.<br><br>The referenced facts and documents are not in dispute.  Defendants identify no inaccuracies in them.<br><br>The testimony and exhibits described contain admissions by party-opponents. FRE 801(d)(2).<br><br>The evidence is relevant because it relates to Mr. Toberoff's business conduct, at issue in DC's fourth, fifth, and sixth claims, among other purposes. FRE 401.<br><br>The evidence is relevant because it shows DC's history with the Shusters, at issue in DC's fourth claim, among other purposes.  FRE 401.  Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none.  FRE 403.<br><br>Defendants' blanket and non-specific objections that documents were mischaracterized or taken out of context are baseless, because they identify no specific defect and because full copies of all the evidence was provided. |

## PETROCELLI DECLARATION

¶ 50:  In October 2003, Ms. Peavy and Mr. Peary initiated a probate action in Los Angeles Superior Court to probate Joseph Shuster's purported will.  Although she was appointed executrix in Mr. Shuster's will, Ms. Peavy declined to act in that

DC'S RESPONSES TO DEFENDANTS'
EVIDENTIARY OBJECTIONS

capacity and Mr. Peary was appointed executor of the estate.  Docket No. 183-2.

| DEFENDANTS' OBJECTION | DC'S RESPONSE |
|---|---|
| 49.    Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported contents of a document, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced document as misconstruing the content of the document as a whole.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. | Defendants assert blanket objections without ever identifying any specific defect.  *See supra* DC's Response to General Objection No. 8.<br><br>As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. *See supra* DC's Response to General Objection No. 4.<br><br>The referenced facts and documents are not in dispute.  Defendants identify no inaccuracies in them.<br><br>The exhibit described contains admissions by party-opponents because they are the documents through which the Shuster Estate was established, prior to exercising the estate's purported termination right.  FRE 801(d)(2).  The exhibit is also a public record. FRE 803(8).<br><br>The evidence is relevant because it shows DC's history with the Shusters, at issue in DC's fourth claim, among other purposes.  FRE 401.  Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none.  FRE 403. |

DC'S RESPONSES TO DEFENDANTS'
EVIDENTIARY OBJECTIONS

|  | Defendants' blanket and non-specific objections that documents were mischaracterized or taken out of context are baseless, because they identify no specific defect and because full copies of all the evidence was provided. |
|---|---|

### PETROCELLI DECLARATION

¶ 51:  On October 27, 2003, Pacific Pictures entered into another agreement with Ms. Peavy and Mr. Peary ("2003 PPC Agreement"), providing that it "supplement[ed] the joint venture agreement dated as of November 23, 2001...." Attached hereto as Exhibit 55 is a true and correct copy of that agreement. Toberoff executed the agreement as "President" of Pacific Pictures.  The 2003 PPC Agreement also stated:

> PPC ... is not a law firm....
>
> The parties each warrant and represent that after signing this Agreement they *will not without the express written consent of all parties transfer, limit or encumber the Rights in any respect....*
>
> Upon the expiration of the Term or *in the event of termination* by Client of this agreement for any reason, *all Rights will be held fifty percent* (50%) by the Client and fifty percent (50%) by PPC ... Client and *PPC* will each be entitled to receive and *continue to receive fifty percent (50%) of all Proceeds derived from the Rights after termination*, if any.

*Id.* ¶¶ 2, 4, 7 (emphasis added).

| DEFENDANTS' OBJECTION | DC'S RESPONSE |
|---|---|
| 50.    Lack of foundation. Lack of personal knowledge. FRE 602.

Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that | Defendants assert blanket objections without ever identifying any specific defect.  *See supra* DC's Response to General Objection No. 8.

As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's |

DC'S RESPONSES TO DEFENDANTS'
EVIDENTIARY OBJECTIONS

| | |
|---|---|
| may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported content of documents, which speak for themselves. FRE 802, 1002. Defendants further object to the abbreviated summaries of the referenced documents as misconstruing the contents of the documents as a whole.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. | consideration of defendants' motions. *See supra* DC's Response to General Objection No. 4.<br><br>The referenced facts and documents are not in dispute. Defendants identify no inaccuracies in them.<br><br>The exhibit described contain admissions by party-opponents because it is the 2003 PPC Agreement between Toberoff and the Shusters, which amended the 2001 PPC Agreement to disclaim any interest by the Siegels in Superboy, thereby fraudulently parking all rights in the Siegels to manufacture a claim of copyright infringement. FRE 801(d)(2).<br><br>The evidence is relevant because it relates to Mr. Toberoff's business conduct, at issue in DC's fourth, fifth, and sixth claims, among other purposes. FRE 401.<br><br>The evidence is relevant because it shows DC's history with the Shusters, at issue in DC's fourth claim, among other purposes. FRE 401. Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none. FRE 403.<br><br>Defendants' blanket and non-specific objections that documents were mischaracterized or taken out of context are baseless, because they identify no |

DC'S RESPONSES TO DEFENDANTS'
EVIDENTIARY OBJECTIONS

| | specific defect and because full copies of all the evidence was provided.<br><br>Defendants do not contest the exhibit at all, including the fact that Mr. Toberoff signed the agreements in his role as President of PPC or that the agreement expressly notes that company "is not a law firm." |
|---|---|

| PETROCELLI DECLARATION | |
|---|---|

¶ 52: On November 10, 2003, a notice of copyright termination regarding Joseph Shuster's putative interest in Superman was served on Mr. Peary's behalf. Attached hereto as Exhibit 38 is a true and correct copy of the Notice of Termination of Transfer Covering Extended Copyright Renewal Term of "Superman" dated November 10, 2003.

| DEFENDANTS' OBJECTION | DC'S RESPONSE |
|---|---|
| 51.    Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported content of a document, which speaks for itself. FRE 802, 1002.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. | Defendants assert blanket objections without ever identifying any specific defect.  *See supra* DC's Response to General Objection No. 8.<br><br>As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. *See supra* DC's Response to General Objection No. 4.<br><br>This testimony is purely factual; it simply states that a notice of termination was served in November 2003.  Moreover, DC Comics did not offer the testimony to establish a legal conclusion, but to |

DC'S RESPONSES TO DEFENDANTS' EVIDENTIARY OBJECTIONS

describe the history of its relationship with the Shusters.  FRE 701.

The exhibit described is a public record, and contains admissions by a party opponent.  FRE 803(8), 801(c).

Defendants' blanket and non-specific objections that documents were mischaracterized or taken out of context are baseless, because they identify no specific defect and because full copies of all the evidence was provided.

| PETROCELLI DECLARATION |
| --- |

¶ 53:  To the best of my knowledge, since execution of the 2001 PPC Agreement, neither Jean Peavy nor Mark Warren Peary has filed any litigation against DC Comics concerning putative Superman rights.

| DEFENDANTS' OBJECTION | DC'S RESPONSE |
| --- | --- |
| 52.    Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court. | Paragraph 53 describes the extent of Mr. Petrocelli's personal knowledge and cannot therefore manifest a "lack of personal knowledge."  FRE 602.<br><br>Defendants do not contest the accuracy of the statement and their own failure to bring any action against DC Comics in the eight years since serving the Shusters' termination notice. |

| PETROCELLI DECLARATION |
| --- |

¶ 54:  In a September 10, 2004, letter from Mr. Toberoff to Mr. Peary and Ms. Peavy, Mr. Toberoff "confirm[ed]" that the 2001 PPC Agreement and 2003 PPC Agreement "have been cancelled."  Docket No. 163-7.

DC'S RESPONSES TO DEFENDANTS' EVIDENTIARY OBJECTIONS

| DEFENDANTS' OBJECTION | DC'S RESPONSE |
|---|---|
| 53.    Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported content of documents, which speak for themselves. FRE 802, 1002. Defendants further object to the abbreviated summaries of the referenced documents as misconstruing the contents of the documents as a whole.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. | Defendants assert blanket objections without ever identifying any specific defect.  *See supra* DC's Response to General Objection No. 8.<br><br>As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. *See supra* DC's Response to General Objection No. 4.<br><br>The referenced facts and documents are not in dispute.  Defendants identify no inaccuracies in them.<br><br>The exhibit described contain admissions by party-opponents.  FRE 801(d)(2).<br><br>The evidence is relevant because it relates to Mr. Toberoff's business conduct, at issue in DC's fourth, fifth, and sixth claims, among other purposes. FRE 401.<br><br>The evidence is relevant because it shows DC's history with the Shusters, at issue in DC's fourth claim, among other purposes.  FRE 401.  Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none.  FRE 403.<br><br>Defendants' blanket and non-specific |

DC'S RESPONSES TO DEFENDANTS'
EVIDENTIARY OBJECTIONS

| | objections that documents were mischaracterized or taken out of context are baseless, because they identify no specific defect and because full copies of all the evidence was provided.<br><br>Defendants do not contest the exhibit at all, including the fact that Mr. Toberoff signed the agreements in his role as President of PPC. |
| --- | --- |

<table>
<tr><td colspan="2" align="center"><strong>PETROCELLI DECLARATION</strong></td></tr>
<tr><td colspan="2">¶ 55:  On or about September 10, 2004, Mr. Peary and Ms. Peavy executed a legal retainer agreement with the Law Offices of Marc Toberoff, dated "As of November 23, 2001."  Ex. 39 at 1483.  The agreement provides Mr. Toberoff with a fee of "fifty (50%) … or any and all gross sums of money or other compensation recovered, confirmed or awarded" to the Shusters.  Ex. 40 ¶ 4.  Attached hereto as Exhibit 40 is a true and correct copy of the September 10, 2004, legal retainer agreement.  Attached hereto as Exhibit 39 is a true and correct copy Of Defendant Mark Warren Peary's Response To Plaintiff DC Comics' Second Set Of Interrogatories dated June 2, 2011.</td></tr>
<tr><td align="center"><strong>DEFENDANTS' OBJECTION</strong></td><td align="center"><strong>DC'S RESPONSE</strong></td></tr>
<tr><td>54.    Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to</td><td>Defendants assert blanket objections without ever identifying any specific defect.  *See supra* DC's Response to General Objection No. 8.<br><br>As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions.  *See supra* DC's Response to General Objection No. 4.</td></tr>
</table>

123

| | |
|---|---|
| the purported content of documents, which speak for themselves. FRE 802, 1002. Defendants further object to the abbreviated summaries of the referenced documents as misconstruing the contents of the documents as a whole. | The referenced facts and documents are not in dispute.  Defendants identify no inaccuracies in them. |
| | The exhibit described contain admissions by party-opponents.  FRE 801(d)(2). |
| Irrelevant, self serving and prejudicial. FRE 401, 403. | The evidence is relevant because it relates to Mr. Toberoff's business conduct, at issue in DC's fourth, fifth, and sixth claims, among other purposes. FRE 401. |
| | Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none. FRE 403. |
| | Defendants' blanket and non-specific objections that documents were mischaracterized or taken out of context are baseless, because they identify no specific defect and because full copies of all the evidence was provided. |
| | Defendants do not contest the exhibit at all. |

### PETROCELLI DECLARATION

¶ 56:  According to Mr. Peary's testimony in this case, the first time the Shusters ever signed an agreement with Mr. Toberoff as a lawyer was in 2004.  Ex. 37 at 1300:3-13.

DC'S RESPONSES TO DEFENDANTS'
EVIDENTIARY OBJECTIONS

| DEFENDANTS' OBJECTION | DC'S RESPONSE |
|---|---|
| 55.    Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported content of documents, which speak for themselves. FRE 802, 1002. Defendants further object to the abbreviated summaries of the referenced documents as misconstruing the contents of the documents as a whole.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. | Defendants assert blanket objections without ever identifying any specific defect.  *See supra* DC's Response to General Objection No. 8.<br><br>As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. *See supra* DC's Response to General Objection No. 4.<br><br>The referenced facts and documents are not in dispute.  Defendants identify no inaccuracies in them.<br><br>The exhibit described contain admissions by party-opponents.  FRE 801(d)(2).<br><br>The evidence is relevant because it relates to Mr. Toberoff's business conduct, at issue in DC's fourth, fifth, and sixth claims, among other purposes. FRE 401.<br><br>Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none. FRE 403.<br><br>Defendants' blanket and non-specific objections that documents were mischaracterized or taken out of context are baseless, because they identify no |

DC'S RESPONSES TO DEFENDANTS'
EVIDENTIARY OBJECTIONS

| | specific defect and because full copies of all the evidence was provided.<br><br>Defendants do not contest the exhibit at all. |

| **PETROCELLI DECLARATION** |

¶ 57:  In a letter dated May 12, 2005, from Mr. Toberoff to Patrick Perkins, Mr. Toberoff expressed the Shusters' understanding that DC had denied the validity of the Shuster Termination Notices:

> Given your firm's prior letter on DC's behalf denying our clients' termination interests without legal grounds, my clients have requested that any further communications to them be made through our law firm and not to them directly."

Docket No. 183-4.

| **DEFENDANTS' OBJECTION** | **DC'S RESPONSE** |
|---|---|
| 56.    Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported content of a document, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced document as misconstruing the content of the document as a whole. | Defendants assert blanket objections without ever identifying any specific defect. *See supra* DC's Response to General Objection No. 8.<br><br>As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. *See supra* DC's Response to General Objection No. 4.<br><br>The referenced facts and documents are not in dispute.  Defendants identify no inaccuracies in them.<br><br>The exhibit described contain admissions by party-opponents.  FRE 801(d)(2). |

DC'S RESPONSES TO DEFENDANTS' EVIDENTIARY OBJECTIONS

| | |
|---|---|
| Irrelevant, self serving and prejudicial and improperly discloses confidential settlement discussions FRE 401, 403, 408. | The evidence is relevant because it shows DC's history with the Shusters, at issue in DC's fourth claim, among other purposes. FRE 401. Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none. FRE 403.

Defendants' blanket and non-specific objections that documents were mischaracterized or taken out of context are baseless, because they identify no specific defect and because full copies of all the evidence was provided.

Defendants do not contest the accuracy of the exhibit at all, including its recognition of DC's rejection of the Shusters' termination notice in 2005. |

### PETROCELLI DECLARATION

¶ 58: Before a 2008 mediation session in the *Siegel* case, Mr. Toberoff informed DC Comics about certain arrangements between the Shusters and Siegels relevant to their entering into agreements with DC. *See* Docket No. 147-1 at 18-23. A mediation thereafter ensued, pursuant to a JAMS Confidentiality Agreement. Docket No. 126-23. It did not result in a settlement.

| DEFENDANTS' OBJECTION | DC'S RESPONSE |
|---|---|
| 57.    Lack of foundation. Lack of personal knowledge. FRE 602.

Defendants further object on the grounds that this testimony deliberately violates the parties May 1, 2008 JAMS Confidentiality Agreement as well as | Defendants assert blanket objections without ever identifying any specific defect. *See supra* DC's Response to General Objection No. 8.

A As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to |

FRE 408. *See* Docket No. 78 at 18:12-24:13.

Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.

Hearsay, as Petrocelli is testifying as to the purported contents of documents, which speak for themselves. FRE 802, 1002. Defendants further object to the abbreviated summaries of the referenced documents as misconstruing the contents of the documents as a whole.

Irrelevant, self serving and prejudicial. FRE 401, 403.

describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. *See supra* DC's Response to General Objection No. 4.

The evidence was not offered to prove the validity or amount of a claim that was disputed at mediation. FRE 408. Moreover, the testimony does not violate the parties' May 1, 2008 JAMS Confidentiality Agreement. *See* Docket No. 185 at 18-23 (Opp. Siegel MTD).

The exhibit described contains admissions by party-opponents. FRE 801(d)(2).

The evidence is relevant because it relates to Mr. Toberoff's business conduct, at issue in DC's fourth, fifth, and sixth claims, among other purposes. FRE 401.

The evidence is relevant because it shows DC's history with the Siegels, at issue in DC's fifth claim, among other purposes. FRE 401. Moreover, the evidence presents no danger of unfair prejudice to defendants. FRE 403.

Defendants' blanket and non-specific objections that documents were mischaracterized or taken out of context are baseless, because they identify no specific defect and because full copies of

DC'S RESPONSES TO DEFENDANTS' EVIDENTIARY OBJECTIONS

| | all the evidence was provided. |
|---|---|

| PETROCELLI DECLARATION | |
|---|---|

¶ 59:  According to Mr. Peary's deposition testimony in this case, the 2008 consent agreement was signed by the Shusters, Siegels, and Mr. Toberoff and remains currently effective.  Ex. 37 at 1158:14-1159:-9, 1167:15-25, 1174:5-7.  According to Mr. Peary's deposition testimony, the consent agreement requires the Shusters to obtain the Siegels' consent in order to enter into an agreement with DC.  *Id.* at 82:22-83:8.

| DEFENDANTS' OBJECTION | DC'S RESPONSE |
|---|---|
| 58.      Lack of foundation. Lack of personal knowledge. FRE 602.<br><br>Defendants further object on the grounds that this testimony deliberately violates the parties May 1, 2008 JAMS Confidentiality Agreement as well as FRE 408. *See* Docket No. 78 at 18:12-24:13.<br><br>Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported content of a deposition transcript, which speaks for itself. FRE 802, 1002. Defendants further object to this abbreviated summary of the referenced deposition transcript as | Defendants assert blanket objections without ever identifying any specific defect.  *See supra* DC's Response to General Objection No. 8.<br><br>As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. *See supra* DC's Response to General Objection No. 4.<br><br>The evidence was not offered to prove the validity or amount of a claim that was disputed at mediation.  FRE 408.  Moreover, the testimony does not violate the parties' May 1, 2008 JAMS Confidentiality Agreement.  *See* Docket No. 185 at 18-23 (Opp. Siegel MTD).<br><br>The testimony described contains admissions by party-opponents.  FRE 801(d)(2). |

| | |
|---|---|
| misconstruing the content of the deposition transcript as a whole.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. | The evidence is relevant because it relates to Mr. Toberoff's business conduct, at issue in DC's fourth, fifth, and sixth claims, among other purposes. FRE 401.<br><br>Moreover, the evidence presents no danger of unfair prejudice to defendants. FRE 403.<br><br>Defendants' blanket and non-specific objections that documents were mischaracterized or taken out of context are baseless, because they identify no specific defect and because full copies of all the evidence was provided. |

| **PETROCELLI DECLARATION** |
|---|

¶ 60: Although this case was initially filed over one year ago and discovery has commenced, DC's need for additional discovery, in the event that defendants' motions are not fully denied, is not due to its lack of diligence. Since the start of this case, DC has endeavored to take discovery in support of its claims. Defendants have asserted in their motion that "there is no need for discovery" here because "DC has already taken discovery during the six-year *Siegel I* litigation." Docket No. 196 at 12. However, new evidence has emerged—and continues to emerge— that relates to DC's claims in this case, including its oppositions to defendants' three motions to dismiss and/or strike under Federal Rule of Civil Procedure 12 ("Rule 12 Motions"), and motion to strike under California's anti-SLAPP statute directed at DC's Fourth, Fifth, and Sixth claims for relief, which arise under state law ("Motion to Strike").

| **DEFENDANTS' OBJECTION** | **DC'S RESPONSE** |
|---|---|
| 59.    Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible | Defendants assert blanket objections without ever identifying any specific defect. *See supra* DC's Response to |

DC'S RESPONSES TO DEFENDANTS'
EVIDENTIARY OBJECTIONS

| opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported contents of documents and orders in the record, which speak for themselves. FRE 802, 1002.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. | General Objection No. 8.<br><br>As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. *See supra* DC's Response to General Objection No. 4.<br><br>Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none. FRE 403.<br><br>The evidence cannot be irrelevant or prejudicial, as it describes DC's efforts to commence discovery and therefore relates to DC's need for discovery pursuant to FRCP 56(d). |

| PETROCELLI DECLARATION |
|---|
| ¶ 61:  DC filed its initial complaint on May 14, 2010.  Docket No. 1.  On August 13, 2010, defendants filed their first set of Rule 12 Motions and Motion to Strike. Docket Nos. 30-31, 33-34.  Shortly after DC filed its complaint, a dispute arose between the parties regarding scheduling an initial Rule 26(f) discovery conference to commence depositions and written discovery.  Defendants contended that discovery should not commence until the Court ruled on their Rule 12 Motions, Motion to Strike, and Rule 54(b) motion in the *Siegel* case.  *See, e.g.,* Docket No. 44-1 at 4-7.  Unable to reach a compromise, DC served a motion to initiate discovery on August 13, 2010.  Docket No. 44-1 at 2-4, 8-17. |

| DEFENDANTS' OBJECTION | DC'S RESPONSE |
|---|---|
| 60.    Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible | Defendants assert blanket objections without ever identifying any specific defect. *See supra* DC's Response to |

DC'S RESPONSES TO DEFENDANTS' EVIDENTIARY OBJECTIONS

| | |
|---|---|
| opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported contents of documents and orders in the record, which speak for themselves. FRE 802, 1002.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. | General Objection No. 8.<br><br>As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. *See supra* DC's Response to General Objection No. 4.<br><br>Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none. FRE 403.<br><br>The evidence cannot be irrelevant or prejudicial, as it describes DC's efforts to commence discovery and therefore relates to DC's need for discovery pursuant to FRCP 56(d). |

| **PETROCELLI DECLARATION** |
|---|
| ¶ 62:  In response to DC's motion to initiate discovery, defendants agreed to participate in the initial conference.  The parties conducted their Rule 26(f) discovery conference on August 16, 2010, the earliest date defendants would agree to it.  The next day, DC served deposition notices and requests for production of documents on defendants Joanne Siegel, Laura Siegel Larson, Jean Peavy, and Mark Peary.  Docket No. 61-20 at 137. |

| **DEFENDANTS' OBJECTION** | **DC'S RESPONSE** |
|---|---|
| 61.    Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent | Defendants assert blanket objections without ever identifying any specific defect. *See supra* DC's Response to General Objection No. 8.<br><br>As lead counsel for DC, Mr. Petrocelli |

| | |
|---|---|
| evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported contents of documents and orders in the record, which speak for themselves. FRE 802, 1002.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. | has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. *See supra* DC's Response to General Objection No. 4.<br><br>Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none. FRE 403.<br><br>The evidence cannot be irrelevant or prejudicial, as it describes DC's efforts to commence discovery and therefore relates to DC's need for discovery pursuant to FRCP 56(d). |

| PETROCELLI DECLARATION |
|---|

¶ 63: Defendants filed two motions seeking to stay and/or limit all discovery. Defendants' first motion, filed at the same time as DC's motion to initiate discovery, sought to bar discovery regarding an anonymous letter written by a former colleague of defendant Marc Toberoff titled "Superman – Marc Toberoff Timeline." Docket No. 42. Defendants' second motion sought to stay the four depositions noticed by DC on August 17 pending resolution of their Rule 12 Motions and Motion to Strike. Docket No. 61.

| DEFENDANTS' OBJECTION | DC'S RESPONSE |
|---|---|
| 62.    Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court. | Defendants assert blanket objections without ever identifying any specific defect. *See supra* DC's Response to General Objection No. 8.<br><br>As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and |

DC'S RESPONSES TO DEFENDANTS'
EVIDENTIARY OBJECTIONS

| | |
|---|---|
| Hearsay, as Petrocelli is testifying as to the purported contents of documents and orders in the record, which speak for themselves. FRE 802, 1002.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. | identify evidence relevant to the Court's consideration of defendants' motions. *See supra* DC's Response to General Objection No. 4.<br><br>Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none. FRE 403.<br><br>The evidence cannot be irrelevant or prejudicial, as it describes DC's efforts to commence discovery and therefore relates to DC's need for discovery pursuant to FRCP 56(d). |

### PETROCELLI DECLARATION

¶ 64: Magistrate Zarefsky ruled on all three discovery motions on September 20, 2010. Docket No. 74. The Magistrate denied DC's motion to initiate discovery because, as he stated at the hearing, DC had already initiated discovery by serving the deposition notices at issue, and denied defendants' motion for a protective order regarding the Toberoff Timeline. *Id.* The Magistrate granted in part and denied in part defendants' motion for a protective order to stay depositions pending rulings on dispositive motions and limiting the scope and time of depositions. He ordered that the depositions would be stayed until November 15, 2010, but could commence thereafter, *id.*, and held:

> [T]here's nothing that prevents [DC] from commencing discovery. The only automatic stay that federal law imposes is a stay before the Rule 26(f) conference, and that conference has taken place.
>
> In the Court's view, the California anti-SLAP statute does not govern these federal proceedings and impose an automatic stay. This is not to say that the Court could not in an appropriate circumstance impose such a stay, and that the state's statute could not be a factor because in the Court's view it can. But no stay exists automatically

DC'S RESPONSES TO DEFENDANTS' EVIDENTIARY OBJECTIONS

right now as a result of the statute.

Docket No. 95 at 56:23-57:9. The Magistrate further specified: "There shall be no limit to the subject matter covered in the depositions." Docket No. 74.

| DEFENDANTS' OBJECTION | DC'S RESPONSE |
|---|---|
| 63.    Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported contents of documents and orders in the record, which speak for themselves. FRE 802, 1002.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. | Defendants assert blanket objections without ever identifying any specific defect. *See supra* DC's Response to General Objection No. 8.<br><br>As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. *See supra* DC's Response to General Objection No. 4.<br><br>Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none. FRE 403.<br><br>The evidence cannot be irrelevant or prejudicial, as it describes DC's efforts to commence discovery and therefore relates to DC's need for discovery pursuant to FRCP 56(d). |

| PETROCELLI DECLARATION |
|---|
| ¶ 65:  DC filed its First Amended Complaint ("FAC") on September 3, 2010. Docket No. 49.  In light of DC's amendment, the Court issued an administrative order on September 7, vacating defendants' Rule 12 Motions and Motion to Strike as moot.  Docket No. 52. On September 20, defendants filed three new Rule 12 Motions and a new Motion to Strike, all aimed at DC's FAC.  Docket Nos. 75, 77- |

DC'S RESPONSES TO DEFENDANTS'
EVIDENTIARY OBJECTIONS

78, 80; *see also* Docket Nos. 89-92, 98, 100, 102-03.

| DEFENDANTS' OBJECTION | DC'S RESPONSE |
|---|---|
| 64.     Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported contents of documents and orders in the record, which speak for themselves. FRE 802, 1002.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. | Defendants assert blanket objections without ever identifying any specific defect. *See supra* DC's Response to General Objection No. 8.<br><br>As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. *See supra* DC's Response to General Objection No. 4.<br><br>Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none. FRE 403.<br><br>The evidence cannot be irrelevant or prejudicial, as it describes DC's efforts to commence discovery and therefore relates to DC's need for discovery pursuant to FRCP 56(d). |

| PETROCELLI DECLARATION |
|---|
| ¶ 66:  On the same day defendants filed their dispositive motions, the Siegel and Shuster defendants served their initial responses to DC's August 17 document requests.  DC disputed the adequacy of defendants' responses, which asserted (i) boilerplate objections that, under the law, amount to no objection at all; (ii) non-specific privilege claims that prevent DC from challenging them; and (iii) the very same objections the Magistrate rejected in denying defendants' motion for a protective order—*e.g.,* that their Motion to Strike barred discovery and that |

DC'S RESPONSES TO DEFENDANTS'
EVIDENTIARY OBJECTIONS

"discovery should be stayed" until the Court ruled on their Rule 12 Motions, Motion to Strike, and Rule 54(b) motion.  Defendants produced no documents or privilege logs.  Docket No. 125 at 1.

| DEFENDANTS' OBJECTION | DC'S RESPONSE |
|---|---|
| 65.    Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported contents of documents and orders in the record, which speak for themselves. FRE 802, 1002.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. | Defendants assert blanket objections without ever identifying any specific defect.  *See supra* DC's Response to General Objection No. 8.<br><br>As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. *See supra* DC's Response to General Objection No. 4.<br><br>Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none. FRE 403.<br><br>The evidence cannot be irrelevant or prejudicial, as it describes DC's efforts to commence discovery and therefore relates to DC's need for discovery pursuant to FRCP 56(d). |

| PETROCELLI DECLARATION |
|---|
| ¶ 67:  DC exchanged numerous correspondence with defendants, participated in a conference with defendants, and allowed defendants to serve amended responses. Defendants continued to assert the same objections and refused to produce any documents or privilege logs.   On October 11, DC served its portion of a joint stipulation regarding its motion to compel production of documents.  Docket No. 162-1. |

DC'S RESPONSES TO DEFENDANTS' EVIDENTIARY OBJECTIONS

| DEFENDANTS' OBJECTION | DC'S RESPONSE |
|---|---|
| 66.    Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported contents of documents and orders in the record, which speak for themselves. FRE 802, 1002.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. | Defendants assert blanket objections without ever identifying any specific defect.  *See supra* DC's Response to General Objection No. 8.<br><br>As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. *See supra* DC's Response to General Objection No. 4.<br><br>Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none. FRE 403.<br><br>The evidence cannot be irrelevant or prejudicial, as it describes DC's efforts to commence discovery and therefore relates to DC's need for discovery pursuant to FRCP 56(d). |

| PETROCELLI DECLARATION | |
|---|---|
| ¶ 68:  On October 7, defendants filed their first of various interlocutory appellate actions.  Docket No. 104.  Defendants appealed this Court's September 7 order vacating as moot defendants' initial dispositive motions.  *Id.* | |

| DEFENDANTS' OBJECTION | DC'S RESPONSE |
|---|---|
| 67.    Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. | Defendants assert blanket objections without ever identifying any specific defect.  *See supra* DC's Response to General Objection No. 8. |

DC'S RESPONSES TO DEFENDANTS'
EVIDENTIARY OBJECTIONS

| | |
|---|---|
| FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported contents of documents and orders in the record, which speak for themselves. FRE 802, 1002.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. | As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. *See supra* DC's Response to General Objection No. 4.<br><br>Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none. FRE 403.<br><br>The evidence cannot be irrelevant or prejudicial, as it describes DC's efforts to commence discovery and therefore relates to DC's need for discovery pursuant to FRCP 56(d). |

| PETROCELLI DECLARATION |
|---|
| ¶ 69:  In light of defendants' appeal, on October 14, the Court vacated defendants' second set of dispositive motions and administratively stayed the case pending the outcome of their appeal.  Docket No. 109. |

| DEFENDANTS' OBJECTION | DC'S RESPONSE |
|---|---|
| 68.    Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to | Defendants assert blanket objections without ever identifying any specific defect. *See supra* DC's Response to General Objection No. 8.<br><br>As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. |

DC'S RESPONSES TO DEFENDANTS'
EVIDENTIARY OBJECTIONS

| | |
|---|---|
| the purported contents of documents and orders in the record, which speak for themselves. FRE 802, 1002.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. | *See supra* DC's Response to General Objection No. 4.<br><br>Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none. FRE 403.<br><br>The evidence cannot be irrelevant or prejudicial, as it describes DC's efforts to commence discovery and therefore relates to DC's need for discovery pursuant to FRCP 56(d). |

| PETROCELLI DECLARATION |
|---|
| ¶ 70:  On October 21, the Ninth Circuit issued an order compelling defendants to "move for voluntary dismissal of the[ir] appeal or show cause why it should not be dismissed for lack of jurisdiction." Appellate Case No. 10-56594, Docket No. 4. Defendants submitted their response to the Court's order on November 12, followed by DC's opposition on November 24.  *Id.* Docket Nos, 5-1, 7-1. |

| DEFENDANTS' OBJECTION | DC'S RESPONSE |
|---|---|
| 69.    Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported contents of documents and orders in the record, which speak for themselves. FRE 802, 1002. | Defendants assert blanket objections without ever identifying any specific defect.  *See supra* DC's Response to General Objection No. 8.<br><br>As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. *See supra* DC's Response to General Objection No. 4.<br><br>Moreover, the evidence presents no |

| | |
|---|---|
| Irrelevant, self serving and prejudicial. FRE 401, 403. | danger of unfair prejudice to defendants, and defendants have identified none. FRE 403.<br><br>The evidence cannot be irrelevant or prejudicial, as it describes DC's efforts to commence discovery and therefore relates to DC's need for discovery pursuant to FRCP 56(d). |

| **PETROCELLI DECLARATION** |
|---|

¶ 71: While defendants attempted to show cause why the Ninth Circuit had jurisdiction to entertain their interlocutory appeal, DC moved to modify the Court's October 14 stay order to permit DC to take full discovery in this case on November 1. Docket No. 110. On November 16, the Court granted DC's motion, ruling:

> Good cause appearing, IT IS HEREBY ORDERED that plaintiff DC Comics' Motion to Modify the Court's October 15, 2010 Administrative Order Staying Action Pending Outcome of Appeal is GRANTED; and:

> The stay imposed in the Court's October 15, 2010 order is hereby modified to allow DC Comics to take full discovery related to its federal claims;

> The stay imposed in the Court's October 15, 2010 order is hereby modified to allow DC Comics to take full discovery related to its state-law claims; and,

> The stay imposed in the Court's October 15, 2010 order is hereby modified to allow DC Comics to proceed with full and complete discovery of Joanne Siegel, Laura Siegel Larson, Jean Peavy, and Mark Peary.

Docket No. 117.

DC'S RESPONSES TO DEFENDANTS'
EVIDENTIARY OBJECTIONS

| DEFENDANTS' OBJECTION | DC'S RESPONSE |
|---|---|
| 70.    Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported contents of documents and orders in the record, which speak for themselves. FRE 802, 1002.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. | Defendants assert blanket objections without ever identifying any specific defect. *See supra* DC's Response to General Objection No. 8.<br><br>As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. *See supra* DC's Response to General Objection No. 4.<br><br>Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none. FRE 403.<br><br>The evidence cannot be irrelevant or prejudicial, as it describes DC's efforts to commence discovery and therefore relates to DC's need for discovery pursuant to FRCP 56(d). |

| PETROCELLI DECLARATION |
|---|
| ¶ 72:  The next day, DC informed defendants of its intention to proceed with its motion to compel the production of documents in order to avoid further delay of discovery.  Docket No. 128-1. |

| DEFENDANTS' OBJECTION | DC'S RESPONSE |
|---|---|
| 71.    Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. | Defendants assert blanket objections without ever identifying any specific defect. *See supra* DC's Response to General Objection No. 8. |

DC'S RESPONSES TO DEFENDANTS'
EVIDENTIARY OBJECTIONS

| | |
|---|---|
| FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported contents of documents and orders in the record, which speak for themselves. FRE 802, 1002.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. | As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. *See supra* DC's Response to General Objection No. 4.<br><br>Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none. FRE 403.<br><br>The evidence cannot be irrelevant or prejudicial, as it describes DC's efforts to commence discovery and therefore relates to DC's need for discovery pursuant to FRCP 56(d). |

| PETROCELLI DECLARATION |
|---|
| ¶ 73: On November 22, defendants sought *ex parte* relief to reinstate their dispositive motions and requested another 30-day stay of discovery to allow the Court to resolve the motions. Docket No. 119. Two days later, the Court denied defendants' *ex parte* application. Docket No. 124. |

| DEFENDANTS' OBJECTION | DC'S RESPONSE |
|---|---|
| 72.    Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court. | Defendants assert blanket objections without ever identifying any specific defect. *See supra* DC's Response to General Objection No. 8.<br><br>As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's |

| | |
|---|---|
| Hearsay, as Petrocelli is testifying as to the purported contents of documents and orders in the record, which speak for themselves. FRE 802, 1002.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. | consideration of defendants' motions. *See supra* DC's Response to General Objection No. 4.<br><br>Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none. FRE 403.<br><br>The evidence cannot be irrelevant or prejudicial, as it describes DC's efforts to commence discovery and therefore relates to DC's need for discovery pursuant to FRCP 56(d). |

| **PETROCELLI DECLARATION** |
|---|
| ¶ 74:  After unsuccessful negotiations on a stipulation regarding defendants' production of documents, DC filed its motion to compel on November 22.  Docket No. 125.  On the day their opposition was due, defendants agreed to a stipulation to a court order requiring them to produce or log all responsive documents.  Docket No. 132 ¶ 1. |

| **DEFENDANTS' OBJECTION** | **DC'S RESPONSE** |
|---|---|
| 73.    Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported contents of documents and orders in the record, which speak for themselves. FRE 802, 1002. | Defendants assert blanket objections without ever identifying any specific defect.  *See supra* DC's Response to General Objection No. 8.<br><br>As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. *See supra* DC's Response to General Objection No. 4. |

DC'S RESPONSES TO DEFENDANTS'
EVIDENTIARY OBJECTIONS

| Irrelevant, self serving and prejudicial. FRE 401, 403. | Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none. FRE 403.

The evidence cannot be irrelevant or prejudicial, as it describes DC's efforts to commence discovery and therefore relates to DC's need for discovery pursuant to FRCP 56(d). |
|---|---|

| **PETROCELLI DECLARATION** |
|---|

¶ 75:  On December 7, the Court entered an order granting the parties' stipulation regarding defendants' production of documents and privilege logs.  Docket No. 133.  The order states:

> (1) By 6:00 p.m. PST on December 7, 2010, Defendants will produce, by personal service on DC's counsel at its Century City offices, all documents and other materials responsive to each and every one of DC's Requests, except for documents that are subject to a claim of attorney-client privilege, the attorney work-product doctrine or any other privilege available under law, or to a claim that such responsive documents and other materials are protected under the parties' May 1, 2008 JAMS Confidentiality Agreement (collectively, "Privilege" of "Privileged").  Aside from documents and materials subject to a claim of Privilege or falling under the except set in sections (4) and (5) below, Defendants will not refuse to produce or refuse to log any documents or materials based on the objections Defendants previously asserted in their responses to DC's Requests.

> (2) By 6:00 p.m. PST on December 15, 2010, Defendants will furnish, by personal service on DC's counsel at its Century City offices, complete Privilege logs identifying any and all Privileged documents and other materials for which Defendants assert a claim of Privilege in response to DC's Requests.

DC'S RESPONSES TO DEFENDANTS' EVIDENTIARY OBJECTIONS

*Id.* at 1.

| DEFENDANTS' OBJECTION | DC'S RESPONSE |
|---|---|
| 74.    Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported contents of documents and orders in the record, which speak for themselves. FRE 802, 1002.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. | Defendants assert blanket objections without ever identifying any specific defect. *See supra* DC's Response to General Objection No. 8.<br><br>As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. *See supra* DC's Response to General Objection No. 4.<br><br>Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none. FRE 403.<br><br>The evidence cannot be irrelevant or prejudicial, as it describes DC's efforts to commence discovery and therefore relates to DC's need for discovery pursuant to FRCP 56(d). |

| PETROCELLI DECLARATION |
|---|
| ¶ 76:  In January, the Ninth Circuit dismissed defendants' first appeal, finding that it "lack[ed] jurisdiction to review the district court's September 7, 2010 order because the order is not a final appealable decision."  Appellate Case No. 10-56594, Docket No. 15. |

| DEFENDANTS' OBJECTION | DC'S RESPONSE |
|---|---|
| 75.    Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported contents of documents and orders in the record, which speak for themselves. FRE 802, 1002.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. | Defendants assert blanket objections without ever identifying any specific defect.  *See supra* DC's Response to General Objection No. 8.<br><br>As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. *See supra* DC's Response to General Objection No. 4.<br><br>Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none. FRE 403.<br><br>The evidence cannot be irrelevant or prejudicial, as it describes DC's efforts to commence discovery and therefore relates to DC's need for discovery pursuant to FRCP 56(d). |

| PETROCELLI DECLARATION |
|---|

¶ 77:  DC originally noticed the deposition of Joanne Siegel for October 5, 2010. Docket No. 61-21.  Following the Court's modification of its administrative stay order, on November 22, 2010, DC served an amended notice setting Ms. Siegel's deposition for December 13.  Attached hereto as Exhibit 41 is a true and correct copy of that amended notice.  On December 2, defendants sent a letter stating that Ms. Siegel would not appear for her deposition on that date and was not available until January 10 at the earliest.  Docket No. 164-3 at 161.  In subsequent discussions, the parties could not agree on a date certain for Ms. Siegel's deposition, culminating in DC serving defendants with its portion of a motion to

DC'S RESPONSES TO DEFENDANTS'
EVIDENTIARY OBJECTIONS

compel the deposition of Ms. Siegel.  Docket No. 162-3.  Two days before their opposition was due, defendants agreed to produce Ms. Siegel for deposition on January 12, 2011, and, if necessary, on January 14 for any carry-over.  Docket Nos. 162-4 at 384-87; 281-1 at 3.  As a result, DC did not proceed with its motion to compel.  DC later rescheduled the deposition for two weeks later, on account of a jury service summons I received that conflicted with Ms. Siegel's deposition.  Shortly thereafter, Ms. Siegel passed away, before DC could depose her.

| DEFENDANTS' OBJECTION | DC'S RESPONSE |
|---|---|
| 76.    Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported contents of documents and orders in the record, which speak for themselves. FRE 802, 1002.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. | Defendants assert blanket objections without ever identifying any specific defect.  *See supra* DC's Response to General Objection No. 8.<br><br>As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. *See supra* DC's Response to General Objection No. 4.<br><br>Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none. FRE 403.<br><br>The evidence cannot be irrelevant or prejudicial, as it describes DC's efforts to commence discovery and therefore relates to DC's need for discovery pursuant to FRCP 56(d). |

| PETROCELLI DECLARATION |
|---|
| ¶ 78:  On December 16, defendants noticed a second appeal to the Ninth Circuit and filed a petition for writ of mandamus challenging this Court's rulings |

DC'S RESPONSES TO DEFENDANTS'
EVIDENTIARY OBJECTIONS

permitting DC to take discovery and deferring ruling defendants' Rule 12 Motions and Motion to Strike. Docket No. 134; Appellate Case No. 10-73851, Docket No. 1-3. In their writ, defendants asked the Ninth Circuit to "direct the district court to: (1) vacate its orders of November 16 and 24, 2010; (2) reinstate, promptly set for hearing and decide Defendants' dispositive motions; and (3) stay discovery until Defendants' anti-SLAPP motion is decided absent a showing of particularized need by DC." Appellate Case No. 10-73851, Docket No. 1-3 at 30. On December 20, as part of its writ proceeding, defendants filed an "urgent" motion to stay discovery in the district court pending resolution of their writ petition. *Id.* Docket No. 5-1.

| DEFENDANTS' OBJECTION | DC'S RESPONSE |
|---|---|
| 77.    Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported contents of documents and orders in the record, which speak for themselves. FRE 802, 1002.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. | Defendants assert blanket objections without ever identifying any specific defect. *See supra* DC's Response to General Objection No. 8.<br><br>As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. *See supra* DC's Response to General Objection No. 4.<br><br>Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none. FRE 403.<br><br>The evidence cannot be irrelevant or prejudicial, as it describes DC's efforts to commence discovery and therefore relates to DC's need for discovery pursuant to FRCP 56(d). |

| PETROCELLI DECLARATION |
|---|

DC'S RESPONSES TO DEFENDANTS' EVIDENTIARY OBJECTIONS

¶ 79:  DC filed its opposition to defendants' Ninth Circuit stay motion and its motion to dismiss defendants' second appeal, filed December 23 and 30, respectively.  Appellate Case No. 10-73851, Docket No. 6-1; Appellate Case No. 10-56980, Docket No. 4-1.

| DEFENDANTS' OBJECTION | DC'S RESPONSE |
|---|---|
| 78.    Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported contents of documents and orders in the record, which speak for themselves. FRE 802, 1002.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. | Defendants assert blanket objections without ever identifying any specific defect.  *See supra* DC's Response to General Objection No. 8.<br><br>As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. *See supra* DC's Response to General Objection No. 4.<br><br>Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none. FRE 403.<br><br>The evidence cannot be irrelevant or prejudicial, as it describes DC's efforts to commence discovery and therefore relates to DC's need for discovery pursuant to FRCP 56(d). |

| PETROCELLI DECLARATION |
|---|

¶ 80:  On January 4, 2011, the Ninth Circuit again issued an order for defendants to "move for voluntary dismissal of the appeal or show cause why it should not be dismissed for lack of jurisdiction."  Appellate Case No. 10-56980, Docket No. 6.

| DEFENDANTS' OBJECTION | DC'S RESPONSE |
|---|---|

DC'S RESPONSES TO DEFENDANTS'
EVIDENTIARY OBJECTIONS

| 79.    Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported contents of documents and orders in the record, which speak for themselves. FRE 802, 1002.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. | Defendants assert blanket objections without ever identifying any specific defect. *See supra* DC's Response to General Objection No. 8.<br><br>As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. *See supra* DC's Response to General Objection No. 4.<br><br>Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none. FRE 403.<br><br>The evidence cannot be irrelevant or prejudicial, as it describes DC's efforts to commence discovery and therefore relates to DC's need for discovery pursuant to FRCP 56(d). |

| PETROCELLI DECLARATION |
| --- |
| ¶ 81:  The Ninth Circuit rejected defendants' arguments for a stay of discovery and dismissed their writ petition and accompanying stay motion on January 7. Appellate Case. No. 10-73851, Docket No. 13.  Defendants' second appeal was dismissed on January 19.  Appellate Case No. 10-56980, Docket No. 13. |

| DEFENDANTS' OBJECTION | DC'S RESPONSE |
| --- | --- |
| 80.    Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the | Defendants assert blanket objections without ever identifying any specific defect. *See supra* DC's Response to General Objection No. 8. |

DC'S RESPONSES TO DEFENDANTS'
EVIDENTIARY OBJECTIONS

| | |
|---|---|
| statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported contents of documents and orders in the record, which speak for themselves. FRE 802, 1002.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. | As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. *See supra* DC's Response to General Objection No. 4.<br><br>Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none. FRE 403.<br><br>The evidence cannot be irrelevant or prejudicial, as it describes DC's efforts to commence discovery and therefore relates to DC's need for discovery pursuant to FRCP 56(d). |

| PETROCELLI DECLARATION |
|---|
| ¶ 82:  On January 14, 2011, defendants unilaterally re-filed their Rule 12 Motions and Motion to Strike and set them for hearing on February 14.  Docket Nos. 145-148. |

| DEFENDANTS' OBJECTION | DC'S RESPONSE |
|---|---|
| 81.    Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported contents of documents | Defendants assert blanket objections without ever identifying any specific defect. *See supra* DC's Response to General Objection No. 8.<br><br>As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. *See supra* DC's Response to General |

DC'S RESPONSES TO DEFENDANTS'
EVIDENTIARY OBJECTIONS

| | |
|---|---|
| and orders in the record, which speak for themselves. FRE 802, 1002.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. | Objection No. 4.<br><br>Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none. FRE 403.<br><br>The evidence cannot be irrelevant or prejudicial, as it describes DC's efforts to commence discovery and therefore relates to DC's need for discovery pursuant to FRCP 56(d). |

| PETROCELLI DECLARATION |
|---|

¶ 83:  In mid-December 2010, the Siegel and Shuster heirs produced documents and privilege logs, as required by this Court's December 7 order.  Docket Nos. 162-2, 162-5-162-7.  DC again disputed the completeness of defendants' responses; after meeting and conferring, DC filed a motion to compel the production of documents and privilege logs from the Siegel and Shuster defendants on February 8.  Docket No. 160.

| DEFENDANTS' OBJECTION | DC'S RESPONSE |
|---|---|
| 82.    Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported contents of documents and orders in the record, which speak for themselves. FRE 802, 1002. | Defendants assert blanket objections without ever identifying any specific defect.  *See supra* DC's Response to General Objection No. 8.<br><br>As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. *See supra* DC's Response to General Objection No. 4.<br><br>Moreover, the evidence presents no |

DC'S RESPONSES TO DEFENDANTS'
EVIDENTIARY OBJECTIONS

| Irrelevant, self serving and prejudicial. FRE 401, 403. | danger of unfair prejudice to defendants, and defendants have identified none. FRE 403.<br><br>The evidence cannot be irrelevant or prejudicial, as it describes DC's efforts to commence discovery and therefore relates to DC's need for discovery pursuant to FRCP 56(d). |
|---|---|

| PETROCELLI DECLARATION ||
|---|---|
| ¶ 84: On February 11, this Court vacated the February 14 hearing on defendants' Rule 12 Motions and Motion to Strike. Docket No. 169. On March 9, the Court issued an order "request[ing] that the parties file anew their respective [Rule 12 and Motion to Strike] briefs, specifically identifying which brief corresponds to which motion. Plaintiffs' oppositions shall be filed on or before **March 21, 2001** and Defendants' replies on or before **March 30, 2011**." Docket No. 179. Both DC and defendants filed their renewed oppositions and replies as instructed. Docket Nos. 181, 184-86, 191-92, 195-96. ||

| DEFENDANTS' OBJECTION | DC'S RESPONSE |
|---|---|
| 83.    Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported contents of documents and orders in the record, which speak for themselves. FRE 802, 1002.<br><br>Irrelevant, self serving and prejudicial. | Defendants assert blanket objections without ever identifying any specific defect. *See supra* DC's Response to General Objection No. 8.<br><br>As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. *See supra* DC's Response to General Objection No. 4.<br><br>Moreover, the evidence presents no danger of unfair prejudice to defendants, |

| FRE 401, 403. | and defendants have identified none. FRE 403.

The evidence cannot be irrelevant or prejudicial, as it describes DC's efforts to commence discovery and therefore relates to DC's need for discovery pursuant to FRCP 56(d). |

## PETROCELLI DECLARATION

¶ 85:  In an order dated April 11, 2011, Magistrate Zarefsky ruled on DC's motion to compel:

a. Denied DC's request for production of the 2008 consent agreement by applying the "law of the case" doctrine.  Docket No. 209 at 8-10.

b. Granted DC's request for production of defendants retainer agreements, subject to redaction by defendants.  *Id.* at 11.

c. Denied DC's request for production of the July 11, 2003, letter from Ms. Larson to Mr. Siegel.  While describing defendants' as being "cryptic about this letter," the Court held that defendants' privilege assertions over the letter were upheld in the *Siegel* case, and that ruling would not be reconsidered.  *Id.* at 11.

d. Granted DC's request that defendants produce for *in camera* review 11 identified documents between counsel for Mr. Siegel and Mr. Toberoff.  *Id.* at 11.

e. Denied DC's request for production of the July 5, 2003, letter from Ms. Larson to Mr. Siegel, relying on defendants' representation that the documents does not exist.  Since defendants provided no response regarding the May 13, 2003, letter, the Court ordered defendants to "either (a) produce it to [DC]; or (b) submit a verified further response to [DC] indicating that it does not exist or, if it already has been produced, identifying it by Bates number or other identifying mark."  *Id.* at 12.

f. Granted DC's request for production of documents related to communications between Ms. Larson and Dennis Larson starting in January 2000. *Id.* at 12-13.

g. Denied DC's request that defendants be ordered to amend their

privilege logs. *Id.* at 13.

| DEFENDANTS' OBJECTION | DC'S RESPONSE |
|---|---|
| 84.    Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported contents of documents and orders in the record, which speak for themselves. FRE 802, 1002.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. | Defendants assert blanket objections without ever identifying any specific defect. *See supra* DC's Response to General Objection No. 8.<br><br>As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. *See supra* DC's Response to General Objection No. 4.<br><br>Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none. FRE 403.<br><br>The evidence cannot be irrelevant or prejudicial, as it describes DC's efforts to commence discovery and therefore relates to DC's need for discovery pursuant to FRCP 56(d). |

| PETROCELLI DECLARATION |
|---|
| ¶ 86:  Magistrate Zarefsky's April 11 ruling, however, has been and continues to be subject to further examination and possible reconsideration based on discovery obtained from defendants since the order issued. |

| DEFENDANTS' OBJECTION | DC'S RESPONSE |
|---|---|
| 85.    Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible | Defendants assert blanket objections without ever identifying any specific defect. *See supra* DC's Response to |

DC'S RESPONSES TO DEFENDANTS'
EVIDENTIARY OBJECTIONS

| opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported contents of documents and orders in the record, which speak for themselves. FRE 802, 1002.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. | General Objection No. 8.<br><br>As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. *See supra* DC's Response to General Objection No. 4.<br><br>Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none. FRE 403.<br><br>The evidence cannot be irrelevant or prejudicial, as it describes DC's efforts to commence discovery and therefore relates to DC's need for discovery pursuant to FRCP 56(d). |

| **PETROCELLI DECLARATION** |
|---|
| ¶ 87: Magistrate Zarefsky stated in his April order that the legality of the consent agreement cannot be determined "with certainty … without seeing the agreement." *Id.* at 8. Given Mr. Peary's testimony—after the Magistrate's ruling—that the consent agreement remains in effect and precludes the Shusters from entering into an agreement with DC without the consent of the Siegels, DC is currently pursuing discovery to determine the substance of the consent agreement. |

| **DEFENDANTS' OBJECTION** | **DC'S RESPONSE** |
|---|---|
| 86.    Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent | Defendants assert blanket objections without ever identifying any specific defect. *See supra* DC's Response to General Objection No. 8.<br><br>As lead counsel for DC, Mr. Petrocelli |

DC'S RESPONSES TO DEFENDANTS'
EVIDENTIARY OBJECTIONS

| evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported contents of documents and orders in the record, which speak for themselves. FRE 802, 1002.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. | has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. *See supra* DC's Response to General Objection No. 4.<br><br>Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none. FRE 403.<br><br>The evidence cannot be irrelevant or prejudicial, as it describes DC's efforts to commence discovery and therefore relates to DC's need for discovery pursuant to FRCP 56(d). |

| PETROCELLI DECLARATION |
| --- |
| ¶ 88: On April 18, pursuant to the Magistrate's April 11 order, defendants produced a May 13, 2003, letter from Mr. Siegel to Ms. Larson. Docket No. 225-4. |

| DEFENDANTS' OBJECTION | DC'S RESPONSE |
| --- | --- |
| 87.    Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported contents of documents and orders in the record, which speak for themselves. FRE 802, 1002. | Defendants assert blanket objections without ever identifying any specific defect. *See supra* DC's Response to General Objection No. 8.<br><br>As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. *See supra* DC's Response to General Objection No. 4. |

DC'S RESPONSES TO DEFENDANTS' EVIDENTIARY OBJECTIONS

| | |
|---|---|
| Irrelevant, self serving and prejudicial. FRE 401, 403. | Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none. FRE 403.<br><br>The evidence cannot be irrelevant or prejudicial, as it describes DC's efforts to commence discovery and therefore relates to DC's need for discovery pursuant to FRCP 56(d). |

**PETROCELLI DECLARATION**

¶ 89:  The May 13 letter states:

Michael Siegel

3605 Bendemeer Rd.

Cleveland Heights, Ohio 44118

May 13, 2003

Dear Laura,

        Thank you for your letter of November 2 of last year.  I would have written sooner but I have endured much sadness.  My mother passed away last year and I am particularly saddened by her not having been able to enjoy some of the money due us from DC Comics and Time Warner.

        I really wish to discuss Marc Toberoff.  I learned from Marks and Rammer that Marc was the attorney on record for the Shuster half of the Superman copyright, has Marc ever informed you of this?  Now that you have signed with him, he is in control of the whole Superman copyright.  I told you when he first contacted me, he wanted to buy my share of the copyright.  Marc had a mysterious billionaire who wanted to invest in the Superman copyright, put 15 million dollars up front plus participation.  When you signed with Marc the billionaire invested elsewhere.  Marc has his own production company, he was going to team with Emmanuel and make a movie.  This has not happened. You mentioned Marc had a number of innovative, proactive

ideas that could bring all members of the Siegel interest both justice and many times more than the amount DC's representatives wanted to throw our way to get rid of us. Marc has chosen not to open any dialog with Time Warner or anyone else. How can he negotiate a contact if he is not talking to anyone?

Marc is now the attorney for the entire Superman copyright. In 2013 under the Sunny Bono law Marc will be able to take the Superman copyright from Time Warner. Has he told you this? Do you know who owns the Shuster interest in the Superman copyright? Has Marc bought the Shuster interest himself? For a long time now, Marks and Rammer said there should be a united Siegel front. Marc is not negotiating with anyone, but he has found someone willing to buy me out. How can he find someone to buy me out and not negotiate for the entire Siegel interest? Has Marc offered to find someone to buy your interest? If I would sell my interest it would leave you with less than half of the Superman copyright and not all of the Siegel interest in the Superman copyright. This would weaken your position? The amount Marc's investor is offering is less than half of what DC showed as my share. There is a very real possibility I will contact Time Warner and see if they will buy me out. Marc seems to have an agenda of someone buying me out so I will have to look for the best deal I can get. Marc is really pressing for an answer to the offer his investor made.

Am I missing something? Is it Joanne's and your intention to do nothing? You have filed letters of Termination on Superman and The Spectre, have any other letters of Termination been filed or will there by more? Regarding an old item, I would very much appreciate the release of the funds I understand are being held in escrow for me by Marc. If it turns out that we have no disagreement regarding your expenses and too much money was released, that certainly can be dealt with quickly. Last week a package of documents arrived from Marc. Don and I have not had time to review them yet.

This procedure has taken way too long. I have been on contract negotiation teams and have never seen anything like this. Your attorneys have chosen not to have any dialog with the other side for years at a time. I want a united Siegel interest, but I might be forced to

act on my own.  I do have something to sell independently, Marc's actions prove this.

I hope your health is getting better and that your divorce is now over.

Sincerely,

Michael

Docket No. 225-4 at 3.

| DEFENDANTS' OBJECTION | DC'S RESPONSE |
|---|---|
| 88.    Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported contents of documents and orders in the record, which speak for themselves. FRE 802, 1002.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. | Defendants assert blanket objections without ever identifying any specific defect. *See supra* DC's Response to General Objection No. 8.<br><br>As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. *See supra* DC's Response to General Objection No. 4.<br><br>Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none. FRE 403.<br><br>The evidence cannot be irrelevant or prejudicial, as it describes DC's efforts to commence discovery and therefore relates to DC's need for discovery pursuant to FRCP 56(d). |

| PETROCELLI DECLARATION |
|---|
| ¶ 90:  In response to defendants' production of the May 13 letter, and in order to obtain a copy of a letter that DC believed Laura Siegel Larson sent to Michael |

DC'S RESPONSES TO DEFENDANTS'
EVIDENTIARY OBJECTIONS

Siegel in response to his May 13 letter, DC filed a motion for review of the April 11 order with the District Court and a motion for reconsideration with Magistrate Zarefsky. Docket Nos. 225, 253. The Court denied both motions. Docket No. 248, 285.

| DEFENDANTS' OBJECTION | DC'S RESPONSE |
|---|---|
| 89.    Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported contents of documents and orders in the record, which speak for themselves. FRE 802, 1002.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. | Defendants assert blanket objections without ever identifying any specific defect. *See supra* DC's Response to General Objection No. 8.<br><br>As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. *See supra* DC's Response to General Objection No. 4.<br><br>Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none. FRE 403.<br><br>The evidence cannot be irrelevant or prejudicial, as it describes DC's efforts to commence discovery and therefore relates to DC's need for discovery pursuant to FRCP 56(d). |

| PETROCELLI DECLARATION |
|---|

¶ 91:  Thereafter, Ms. Larson testified at her deposition that (1) she responded to Michael's May 13 letter; (2) she gave correspondence between Michael Siegel and her to Mr. Toberoff; and (3) she has entire "boxes" full of documents that have never been reviewed. Ex. 24 at 795:3-796:19, 802:19-25, 991:5-996:18, 1028:7-1033:14. Based on this new evidence, DC intends to initiate additional efforts to

DC'S RESPONSES TO DEFENDANTS' EVIDENTIARY OBJECTIONS

obtain Ms. Larson's response to Michael's letter and additional relevant documents that have yet to be produced.

| DEFENDANTS' OBJECTION | DC'S RESPONSE |
|---|---|
| 90.    Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported contents of documents and orders in the record, which speak for themselves. FRE 802, 1002.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. | Defendants assert blanket objections without ever identifying any specific defect. *See supra* DC's Response to General Objection No. 8.<br><br>As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. *See supra* DC's Response to General Objection No. 4.<br><br>Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none. FRE 403.<br><br>The evidence cannot be irrelevant or prejudicial, as it describes DC's efforts to commence discovery and therefore relates to DC's need for discovery pursuant to FRCP 56(d). |

| PETROCELLI DECLARATION |
|---|
| ¶ 92:  In January 2011, a dispute arose regarding the Toberoff defendants' responses to DC's document requests propounded in December 2010.  On January 24, defendants produced only one new document and re-served the same objections to DC's document requests and privilege logs that led to DC's motion to compel the Siegel and Shuster defendants.  Docket No. 207-9.  In addition,  the Toberoff defendants stated in January 24 interrogatory responses that, during the summer and fall of 2010, Toberoff conferred with prosecutors of the U.S. Attorney's Office |

DC'S RESPONSES TO DEFENDANTS'
EVIDENTIARY OBJECTIONS

in Los Angeles regarding the circumstances surrounding the creation of the Toberoff Timeline, and that the USAO initiated a related grand jury investigation. Docket No. 162-14 at 599-600. Mr. Toberoff further noted that his attorneys sent the Toberoff Timeline, and documents enclosed therewith, to the USAO on September 27, 2010. *Id.* at 608. Finally, Mr. Toberoff identified David Michaels as the purported author of the Toberoff Timeline, after months of DC requesting the information from defendants. *Id.* at 596.

| DEFENDANTS' OBJECTION | DC'S RESPONSE |
|---|---|
| 91.    Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported contents of documents and orders in the record, which speak for themselves. FRE 802, 1002.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. | Defendants assert blanket objections without ever identifying any specific defect. *See supra* DC's Response to General Objection No. 8.<br><br>As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. *See supra* DC's Response to General Objection No. 4.<br><br>Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none. FRE 403.<br><br>The evidence cannot be irrelevant or prejudicial, as it describes DC's efforts to commence discovery and therefore relates to DC's need for discovery pursuant to FRCP 56(d). |

| PETROCELLI DECLARATION |
|---|
| ¶ 93:  After the parties were unable to come to an informal resolution, DC filed two motions to compel on April 4 seeking additional discovery responses, particularly |

DC'S RESPONSES TO DEFENDANTS' EVIDENTIARY OBJECTIONS

with respect to the documents given to the USAO.  Docket Nos. 205, 206, 208.

| DEFENDANTS' OBJECTION | DC'S RESPONSE |
|---|---|
| 92.    Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported contents of documents and orders in the record, which speak for themselves. FRE 802, 1002.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. | Defendants assert blanket objections without ever identifying any specific defect.  *See supra* DC's Response to General Objection No. 8.<br><br>As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. *See supra* DC's Response to General Objection No. 4.<br><br>Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none. FRE 403.<br><br>The evidence cannot be irrelevant or prejudicial, as it describes DC's efforts to commence discovery and therefore relates to DC's need for discovery pursuant to FRCP 56(d). |

| PETROCELLI DECLARATION |
|---|

¶ 94:  In an order dated May 25, Magistrate Zarefsky ruled on the motion as follows:

> h.  Granted DC's request for production of the documents enclosed with the Toberoff Timeline that defendants produced to the U.S. Attorney's Office.  Following the majority rule among the federal circuits, Magistrate Zarefsky found that defendants waived any attorney-client privileges by disclosing the documents to the government and there

was "no merit to Defendants' argument that they enjoyed a joint prosecution privilege with the United States." He stayed this part of the order subject to defendants' seeking review. Docket No. 262 at 2-4.

    i.  Denied DC's requests for production of the communications involving David Michaels. *Id.* at 4.

    j.  Denied DC's request for production of documents relating to Mr. Marks' October 4, 2010, declaration. *Id.* at 4-5.

    k.  Denied DC's request to overrule defendants' boilerplate objections to every document request. Magistrate Zarefsky stated that "this issue suffers greatly from the fact that the parties have not prepared a Joint Stipulation," and "[t]he Court is loath to issue a blanket order, without understanding the particular requests and the particular objections." *Id.* at 5.

    l.  Denied DC's requests for more complete answers to Interrogatory Numbers 9, 13-15, and 17-18. *Id.* at 6.

| DEFENDANTS' OBJECTION | DC'S RESPONSE |
|---|---|
| 93.   Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported contents of documents and orders in the record, which speak for themselves. FRE 802, 1002.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. | Defendants assert blanket objections without ever identifying any specific defect. *See supra* DC's Response to General Objection No. 8.<br><br>As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. *See supra* DC's Response to General Objection No. 4.<br><br>Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none. FRE 403.<br><br>The evidence cannot be irrelevant or |

DC'S RESPONSES TO DEFENDANTS'
EVIDENTIARY OBJECTIONS

|  | prejudicial, as it describes DC's efforts to commence discovery and therefore relates to DC's need for discovery pursuant to FRCP 56(d). |
|---|---|

| **PETROCELLI DECLARATION** |
|---|
| ¶ 95:  In response to the documents DC received from defendants on April 18, pursuant to the Court's April 11 order, DC filed a motion to compel the further production of documents on May 27.  DC requested an order compelling defendants to:  (1) conduct a diligent search of all records and files in their possession, custody, or control; produce forthwith all responsive documents not previously provided; and explain how and when specific missing documents were lost or destroyed; (2) produce of the November 2, 2002, letter from Ms. Larson to Mr. Siegel; (3) produce an unredacted version of the May 13, 2003, letter from Mr. Siegel to Ms. Larson; and (4) provide unredacted versions of the Siegel and Shuster retainer agreements for *in camera* review.  Docket No. 267-1.  Magistrate Zarefsky denied DC's motion on June 20.  Docket No. 288 at 44:21. |

| **DEFENDANTS' OBJECTION** | **DC'S RESPONSE** |
|---|---|
| 94.    Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported contents of documents and orders in the record, which speak for themselves. FRE 802, 1002.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. | Defendants assert blanket objections without ever identifying any specific defect. *See supra* DC's Response to General Objection No. 8.<br><br>As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. *See supra* DC's Response to General Objection No. 4.<br><br>Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none. FRE 403. |

DC'S RESPONSES TO DEFENDANTS'
EVIDENTIARY OBJECTIONS

| | The evidence cannot be irrelevant or prejudicial, as it describes DC's efforts to commence discovery and therefore relates to DC's need for discovery pursuant to FRCP 56(d). |
|---|---|

| PETROCELLI DECLARATION | |
|---|---|

¶ 96:  DC filed a brief report on May 26 apprising the Court of the status of discovery relevant to the pending Motion to Strike, among other issues.  DC said it intended to seek leave to supplement its initial opposition with evidence since obtained in discovery.  Docket No. 263.  In response to DC's status report, on June 1 the Court vacated the opposition and reply briefing to defendants' Rule 12 Motions and Motion to Strike, and ordered DC to file updated oppositions on August 8, followed by defendants' updated replies.  The Court said it would not permit further supplemental filings.  Docket No. 270.

| DEFENDANTS' OBJECTION | DC'S RESPONSE |
|---|---|
| 95.     Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported contents of documents and orders in the record, which speak for themselves. FRE 802, 1002.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. | Defendants assert blanket objections without ever identifying any specific defect. *See supra* DC's Response to General Objection No. 8.<br><br>As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. *See supra* DC's Response to General Objection No. 4.<br><br>Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none. FRE 403. |

|  | The evidence cannot be irrelevant or prejudicial, as it describes DC's efforts to commence discovery and therefore relates to DC's need for discovery pursuant to FRCP 56(d). |

| PETROCELLI DECLARATION | |

¶ 97:  Defendants moved for reconsideration of the Court's June 1 order as to the portion striking the opposition and reply briefing concerning their Rule 12 Motions. Docket No. 282.  The Court granted defendants' motion and limited DC's updated opposition to the pending Motion to Strike.  Docket No. 292.

| DEFENDANTS' OBJECTION | DC'S RESPONSE |
|---|---|
| 96.    Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported contents of documents and orders in the record, which speak for themselves. FRE 802, 1002.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. | Defendants assert blanket objections without ever identifying any specific defect.  *See supra* DC's Response to General Objection No. 8.<br><br>As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. *See supra* DC's Response to General Objection No. 4.<br><br>Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none. FRE 403.<br><br>The evidence cannot be irrelevant or prejudicial, as it describes DC's efforts to commence discovery and therefore relates to DC's need for discovery pursuant to FRCP 56(d). |

DC'S RESPONSES TO DEFENDANTS'
EVIDENTIARY OBJECTIONS

| PETROCELLI DECLARATION | |
|---|---|
| ¶ 98:  On July 11, defendants filed a motion seeking to refer the dispositive motions to Magistrate Zarefsky for a report and recommendation.  Docket No. 293.  This Court denied defendants' motion on July 13.  Docket No. 294. | |
| **DEFENDANTS' OBJECTION** | **DC'S RESPONSE** |
| 97.    Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported contents of documents and orders in the record, which speak for themselves. FRE 802, 1002.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. | Defendants assert blanket objections without ever identifying any specific defect.  *See supra* DC's Response to General Objection No. 8.<br><br>As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. *See supra* DC's Response to General Objection No. 4.<br><br>Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none. FRE 403.<br><br>The evidence cannot be irrelevant or prejudicial, as it describes DC's efforts to commence discovery and therefore relates to DC's need for discovery pursuant to FRCP 56(d). |

| PETROCELLI DECLARATION | |
|---|---|
| ¶ 99:  When Magistrate Zarefsky issued his May 25 order compelling defendants to produce the documents they shared with the USAO, including the documents enclosed with the Toberoff Timeline, he stayed his ruling "to allow Defendants to | |

DC'S RESPONSES TO DEFENDANTS' EVIDENTIARY OBJECTIONS

seek review before the District Judge.  If the Defendants seek such review, the stay shall continue in effect until all review is exhausted of the District Judge rules to the contrary on the matter." Docket No. 262 at 4.  On June 27, 2011, in response to DC's application, the Magistrate clarified that this stay extends to defendants' pending writ proceedings.  Docket No. 287 at 3.

| DEFENDANTS' OBJECTION | DC'S RESPONSE |
| --- | --- |
| 98.    Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported contents of documents and orders in the record, which speak for themselves. FRE 802, 1002.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. | Defendants assert blanket objections without ever identifying any specific defect.  *See supra* DC's Response to General Objection No. 8.<br><br>As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. *See supra* DC's Response to General Objection No. 4.<br><br>Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none. FRE 403.<br><br>The evidence cannot be irrelevant or prejudicial, as it describes DC's efforts to commence discovery and therefore relates to DC's need for discovery pursuant to FRCP 56(d). |

| PETROCELLI DECLARATION |
| --- |
| ¶ 100:  On June 7, defendants filed a motion for review of the May 25 order, Docket No. 276, which this Court denied.  Docket No. 279. |

| DEFENDANTS' OBJECTION | DC'S RESPONSE |
|---|---|
| 99.  Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported contents of documents and orders in the record, which speak for themselves. FRE 802, 1002.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. | Defendants assert blanket objections without ever identifying any specific defect.  *See supra* DC's Response to General Objection No. 8.<br><br>As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. *See supra* DC's Response to General Objection No. 4.<br><br>Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none. FRE 403.<br><br>The evidence cannot be irrelevant or prejudicial, as it describes DC's efforts to commence discovery and therefore relates to DC's need for discovery pursuant to FRCP 56(d). |

| PETROCELLI DECLARATION |
|---|
| ¶ 101:  On June 30, 2011, defendants filed another interlocutory appeal, petitioning the Ninth Circuit for a writ of mandamus to overturn Magistrate Zarefsky's May 25 ruling that defendants waived privilege as to the documents shared with the USAO. Appellate Case No. 11-71844, Docket No. 1-1.  At present, the Ninth Circuit has issued no rulings with respect to defendants' petition. |

| DEFENDANTS' OBJECTION | DC'S RESPONSE |
|---|---|
| 100.   Petrocelli's statements are not factual evidence, but conclusory | Defendants assert blanket objections without ever identifying any specific |

DC'S RESPONSES TO DEFENDANTS'
EVIDENTIARY OBJECTIONS

| | |
|---|---|
| statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported contents of documents and orders in the record, which speak for themselves. FRE 802, 1002.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. | defect. *See supra* DC's Response to General Objection No. 8.<br><br>As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. *See supra* DC's Response to General Objection No. 4.<br><br>Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none. FRE 403.<br><br>The evidence cannot be irrelevant or prejudicial, as it describes DC's efforts to commence discovery and therefore relates to DC's need for discovery pursuant to FRCP 56(d). |

| PETROCELLI DECLARATION |
|---|
| ¶ 102: Given the importance of the documents and the desire of witnesses to avoid multiple deposition sessions, DC has temporarily deferred the depositions of key witnesses, including Toberoff, Kevin Marks, and David Michaels pending a ruling on defendants' writ petition. If a ruling is not issued within another 30 days, DC will have no choice but to commence the remaining depositions and seek to complete them if and when the documents become available. |

| DEFENDANTS' OBJECTION | DC'S RESPONSE |
|---|---|
| 101.  Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the | Defendants assert blanket objections without ever identifying any specific defect. *See supra* DC's Response to General Objection No. 8. |

DC'S RESPONSES TO DEFENDANTS' EVIDENTIARY OBJECTIONS

| statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported contents of documents and orders in the record, which speak for themselves. FRE 802, 1002.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. | As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. *See supra* DC's Response to General Objection No. 4.<br><br>Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none. FRE 403.<br><br>The evidence cannot be irrelevant or prejudicial, as it describes DC's efforts to commence discovery and therefore relates to DC's need for discovery pursuant to FRCP 56(d). |

| PETROCELLI DECLARATION |
| --- |
| ¶ 103:  On May 11, one week before Mr. Peary's May 18 deposition, defendants sent a letter stating that his deposition, along with Ms. Peary's that was scheduled for May 20, should be postponed due to DC's pending discovery motions.  Docket No. 254-6.  Although no agreement was reached to postpone the depositions, neither defendant appeared.  *See* Docket 254-10. |

| DEFENDANTS' OBJECTION | DC'S RESPONSE |
| --- | --- |
| 102.   Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court. | Defendants assert blanket objections without ever identifying any specific defect. *See supra* DC's Response to General Objection No. 8.<br><br>As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's |

DC'S RESPONSES TO DEFENDANTS' EVIDENTIARY OBJECTIONS

| | |
|---|---|
| Hearsay, as Petrocelli is testifying as to the purported contents of documents and orders in the record, which speak for themselves. FRE 802, 1002.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. | consideration of defendants' motions. *See supra* DC's Response to General Objection No. 4.<br><br>Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none. FRE 403.<br><br>The evidence cannot be irrelevant or prejudicial, as it describes DC's efforts to commence discovery and therefore relates to DC's need for discovery pursuant to FRCP 56(d). |

| PETROCELLI DECLARATION |
|---|
| ¶ 104:  On May 23, DC sought *ex parte* relief to compel the appearance of Mr. Peary and Ms. Larson.  Docket No. 254.  The next day, defendants agreed to a stipulation setting Mr. Peary's deposition for June 29 and Ms. Larson's for July 1.  Docket No. 260.  Magistrate Zarefsky issued an order adopting this proposed timeframe on June 1.  Docket No. 270. |

| DEFENDANTS' OBJECTION | DC'S RESPONSE |
|---|---|
| 103.   Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported contents of documents and orders in the record, which speak for themselves. FRE 802, 1002. | Defendants assert blanket objections without ever identifying any specific defect. *See supra* DC's Response to General Objection No. 8.<br><br>As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. *See supra* DC's Response to General Objection No. 4. |

DC'S RESPONSES TO DEFENDANTS'
EVIDENTIARY OBJECTIONS

| Irrelevant, self serving and prejudicial. FRE 401, 403. | Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none. FRE 403.

The evidence cannot be irrelevant or prejudicial, as it describes DC's efforts to commence discovery and therefore relates to DC's need for discovery pursuant to FRCP 56(d). |

| **PETROCELLI DECLARATION** |

¶ 105:  On June 13, defendants filed a motion for protective order requesting that the Court postpone the depositions "in tandem with the stay under the May 25 Order; *i.e.*, until seven days (7) 'after review of this Court's May 25 Order is exhausted or the District Judge rules to the contrary on the matter." Docket No. 278-1.  Magistrate Zarefsky denied defendants' motion.  Docket No. 285.

| **DEFENDANTS' OBJECTION** | **DC'S RESPONSE** |
|---|---|
| 104.   Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.

Hearsay, as Petrocelli is testifying as to the purported contents of documents and orders in the record, which speak for themselves. FRE 802, 1002.

Irrelevant, self serving and prejudicial. FRE 401, 403. | Defendants assert blanket objections without ever identifying any specific defect. *See supra* DC's Response to General Objection No. 8.

As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. *See supra* DC's Response to General Objection No. 4.

Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none. FRE 403. |

DC'S RESPONSES TO DEFENDANTS'
EVIDENTIARY OBJECTIONS

| | |
|---|---|
| | The evidence cannot be irrelevant or prejudicial, as it describes DC's efforts to commence discovery and therefore relates to DC's need for discovery pursuant to FRCP 56(d). |

| PETROCELLI DECLARATION |
|---|

¶ 106:  On June 29, 2011, I took the deposition of Mr. Peary, the first deposition to be taken in this case.  Ex. 37.  Because of numerous privilege objections and instructions, DC is in the process of meeting and conferring in support of a motion to compel additional testimony.  Attached hereto as Exhibit 43 is a true and correct copy of a letter from D. Petrocelli to Mr. Toberoff dated July 11, 2011.

| DEFENDANTS' OBJECTION | DC'S RESPONSE |
|---|---|
| 105.   Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported contents of documents and orders in the record, which speak for themselves. FRE 802, 1002.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. | Defendants assert blanket objections without ever identifying any specific defect.  *See supra* DC's Response to General Objection No. 8.<br><br>As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. *See supra* DC's Response to General Objection No. 4.<br><br>Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none. FRE 403.<br><br>The evidence cannot be irrelevant or prejudicial, as it describes DC's efforts to commence discovery and therefore |

DC'S RESPONSES TO DEFENDANTS'
EVIDENTIARY OBJECTIONS

| | relates to DC's need for discovery pursuant to FRCP 56(d). |
|---|---|

| **PETROCELLI DECLARATION** |
|---|

¶ 107:  Ms. Larson was deposed on July 21.  Ex. 24.  Because of numerous privilege objections and instructions at her deposition, DC anticipates a motion to compel may be necessary to obtain additional testimony as well as documents.  *See* Docket No. 301-2.

| **DEFENDANTS' OBJECTION** | **DC'S RESPONSE** |
|---|---|
| 106.   Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported contents of documents and orders in the record, which speak for themselves. FRE 802, 1002.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. | Defendants assert blanket objections without ever identifying any specific defect.  *See supra* DC's Response to General Objection No. 8.<br><br>As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. *See supra* DC's Response to General Objection No. 4.<br><br>Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none. FRE 403.<br><br>The evidence cannot be irrelevant or prejudicial, as it describes DC's efforts to commence discovery and therefore relates to DC's need for discovery pursuant to FRCP 56(d). |

| PETROCELLI DECLARATION |
|---|

¶ 108:  On August 8, Magistrate Zarefsky heard DC's three motions to compel the production of:  (1) all communications between defendants and the U.S. Attorney's office concerning the Toberoff Timeline; (2) all copies of the May 13, 2003, letter from Mr. Siegel to Ms. Larson, including the "Q" Bates stamped versions; and (3) documents relating to the Siegels' Superman rights contained in Laura Siegel Larson's divorce files.  Docket Nos. 296-1, 297-1, 298-1.  Magistrate Zarefsky granted DC's motion to compel the production of the USAO communications, though stayed the order pending defendants' Ninth Circuit writ petition, and denied DC's other two motions.

| DEFENDANTS' OBJECTION | DC'S RESPONSE |
|---|---|
| 107.   Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported contents of documents and orders in the record, which speak for themselves. FRE 802, 1002.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. | Defendants assert blanket objections without ever identifying any specific defect.  *See supra* DC's Response to General Objection No. 8.<br><br>As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. *See supra* DC's Response to General Objection No. 4.<br><br>Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none. FRE 403.<br><br>The evidence cannot be irrelevant or prejudicial, as it describes DC's efforts to commence discovery and therefore relates to DC's need for discovery pursuant to FRCP 56(d). |

DC'S RESPONSES TO DEFENDANTS' EVIDENTIARY OBJECTIONS

| PETROCELLI DECLARATION |
|---|
| ¶ 109:  In light of Magistrate Zarefsky's May 25 order, DC has conferred with defendants on narrowing the scope of various pending requests to avoid objection and cause defendants to produce all responsive documents.  DC sent defendants a letter on June 1 proposing revised versions of the requests, Docket No. 298-4, followed by a 30-page letter on July 7.  Attached hereto as Exhibit 44 is a true and correct copy of a letter from Mr. Kline to Mr. Toberoff dated July 7, 2011. |

| DEFENDANTS' OBJECTION | DC'S RESPONSE |
|---|---|
| 108.   Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported contents of documents and orders in the record, which speak for themselves. FRE 802, 1002.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. | Defendants assert blanket objections without ever identifying any specific defect.  *See supra* DC's Response to General Objection No. 8.<br><br>As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. *See supra* DC's Response to General Objection No. 4.<br><br>Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none. FRE 403.<br><br>The evidence cannot be irrelevant or prejudicial, as it describes DC's efforts to commence discovery and therefore relates to DC's need for discovery pursuant to FRCP 56(d). |

DC'S RESPONSES TO DEFENDANTS'
EVIDENTIARY OBJECTIONS

| PETROCELLI DECLARATION |
|---|

¶ 110:  The Toberoff defendants' latest production includes documents relevant to DC's claims and its oppositions to defendants Rule 12 Motions and Motion to Strike:

- Defendants produced corporate formation documents for defendants Pacific Pictures Corporation, IP Worldwide LLC, and IPW, LLC, true and correct copies of which are attached hereto as Exhibit 46.  These documents show that defendant IP Worldwide LLC's stated business purpose is "Media and Entertainment," not the provision of legal services. None of the documents mentions of the companies being engaged in the practice of law.
- Defendant IP Worldwide produced a March 29, 2004, letter from Mr. Toberoff to Ms. Siegel and Ms. Larson, which "confirm[s]" their understanding that the 2002 IPW Agreement "is reinstated and that the Term of the Agreement is extended until April 23, 2005." *Id.* at 1598. This agreement shows that the separate business relationship between Mr. Toberoff and the Siegels continued through 2005.

| DEFENDANTS' OBJECTION | DC'S RESPONSE |
|---|---|
| 109.   Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court. <br><br> Hearsay, as Petrocelli is testifying as to the purported contents of documents and orders in the record, which speak for themselves. FRE 802, 1002. <br><br> Irrelevant, self serving and prejudicial. FRE 401, 403. | Defendants assert blanket objections without ever identifying any specific defect.  *See supra* DC's Response to General Objection No. 8. <br><br> As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. *See supra* DC's Response to General Objection No. 4. <br><br> Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none. FRE 403. |

DC'S RESPONSES TO DEFENDANTS'
EVIDENTIARY OBJECTIONS

| | The evidence cannot be irrelevant or prejudicial, as it describes DC's efforts to commence discovery and therefore relates to DC's need for discovery pursuant to FRCP 56(d). |
|---|---|

### PETROCELLI DECLARATION

¶ 111:  DC took the deposition of Don Bulson, who was counsel for Michael Siegel.  Michael passed away in 2006.  Prior to Mr. Bulson's deposition on July 19, DC was advised by counsel for Mr. Bulson that he would not be producing certain documents in response to DC's requests at the instruction of Mr. Toberoff.  Attached hereto as Exhibit 48 is a true and correct copy of a letter from Joshua Ryland to Matthew T. Kline dated July 15, 2011.

| DEFENDANTS' OBJECTION | DC'S RESPONSE |
|---|---|
| 110.   Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported contents of documents and orders in the record, which speak for themselves. FRE 802, 1002.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. | Defendants assert blanket objections without ever identifying any specific defect. *See supra* DC's Response to General Objection No. 8.<br><br>As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. *See supra* DC's Response to General Objection No. 4.<br><br>Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none. FRE 403.<br><br>The evidence cannot be irrelevant or prejudicial, as it describes DC's efforts to |

| | commence discovery and therefore relates to DC's need for discovery pursuant to FRCP 56(d). |

| PETROCELLI DECLARATION |
| --- |

¶ 112:  Several disputes arose during Mr. Bulson's deposition, so on August 3, DC sent Mr. Toberoff and Gerald Berk, attorney for the Estate of Michael Siegel, a letter requesting a meet and confer concerning those issues.  In the letter, DC:  (1) addressed Mr. Berk's refusal to allow Mr. Bulson to answer questions regarding non-privileged documents or information conveyed to Mr. Bulson by Mr. Siegel; (2) requested production of non-privileged portions of calendars and billings entries maintained by Mr. Bulson, in addition to an expert report submitted by Renner Otto in the litigation against the Michael Siegel Estate; and (3) proposed a method for logging documents located in Renner Otto's digital copy of the Michael Siegel file. DC is awaiting a response.

| DEFENDANTS' OBJECTION | DC'S RESPONSE |
| --- | --- |
| 111.   Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court. <br><br> Hearsay, as Petrocelli is testifying as to the purported contents of documents and orders in the record, which speak for themselves. FRE 802, 1002. <br><br> Irrelevant, self serving and prejudicial. FRE 401, 403. | Defendants assert blanket objections without ever identifying any specific defect.  *See supra* DC's Response to General Objection No. 8. <br><br> As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. *See supra* DC's Response to General Objection No. 4. <br><br> Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none. FRE 403. <br><br> The evidence cannot be irrelevant or |

DC'S RESPONSES TO DEFENDANTS'
EVIDENTIARY OBJECTIONS

|  | prejudicial, as it describes DC's efforts to commence discovery and therefore relates to DC's need for discovery pursuant to FRCP 56(d). |
|---|---|

| **PETROCELLI DECLARATION** |
|---|
| ¶ 113:  Defendants Pacific Pictures Corporation, IP Worldwide LLC, and IPW, LLC responded on August 1 to DC's first set of interrogatories to each company. The responses state that none of the companies made efforts to market the Siegels' or Shusters' purported rights in the Superman termination.  Attached hereto as Exhibit 49 are true and correct copies of the companies' interrogatory responses. From documents produced, DC is aware that Mr. Toberoff communicated with Paramount Pictures and Fox concerning the Siegels' and Shusters' termination rights, and has served Mr. Toberoff with additional interrogatories to clarify defendants' prior responses.  Attached hereto as Exhibit 50 is a true and correct copy of a letter from Mr. Kline to Mr. Toberoff dated August 3, 2011, with enclosures. |

| **DEFENDANTS' OBJECTION** | **DC'S RESPONSE** |
|---|---|
| 112.   Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported contents of documents and orders in the record, which speak for themselves. FRE 802, 1002.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. | Defendants assert blanket objections without ever identifying any specific defect.  *See supra* DC's Response to General Objection No. 8.<br><br>As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. *See supra* DC's Response to General Objection No. 4.<br><br>Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none. FRE 403. |

DC'S RESPONSES TO DEFENDANTS'
EVIDENTIARY OBJECTIONS

|  | The evidence cannot be irrelevant or prejudicial, as it describes DC's efforts to commence discovery and therefore relates to DC's need for discovery pursuant to FRCP 56(d). |
|---|---|

| PETROCELLI DECLARATION | |
|---|---|

¶ 114:  DC has acted diligently in seeking to take the discovery necessary to properly oppose defendants' Motion to Strike.  However, as described above, several discovery issues remain unresolved.

| DEFENDANTS' OBJECTION | DC'S RESPONSE |
|---|---|
| 113.   Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. | Defendants assert blanket objections without ever identifying any specific defect.  *See supra* DC's Response to General Objection No. 8.<br><br>As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. *See supra* DC's Response to General Objection No. 4.<br><br>Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none. FRE 403.<br><br>The evidence cannot be irrelevant or prejudicial, as it describes DC's efforts to commence discovery and therefore relates to DC's need for discovery pursuant to FRCP 56(d). |

DC'S RESPONSES TO DEFENDANTS'
EVIDENTIARY OBJECTIONS

| PETROCELLI DECLARATION | |
|---|---|
| ¶ 115:  DC plans to depose Mr. Toberoff, the Rule 30(b)(6) designees for the defendant entities, the author of the Toberoff Timeline, and Ari Emanuel, among others. | |
| **DEFENDANTS' OBJECTION** | **DC'S RESPONSE** |
| 114.   Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. | Defendants assert blanket objections without ever identifying any specific defect.  *See supra* DC's Response to General Objection No. 8.<br><br>As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. *See supra* DC's Response to General Objection No. 4.<br><br>Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none. FRE 403.<br><br>The evidence cannot be irrelevant or prejudicial, as it describes DC's efforts to commence discovery and therefore relates to DC's need for discovery pursuant to FRCP 56(d). |

| PETROCELLI DECLARATION | |
|---|---|
| ¶ 116:  DC plans to serve requests for production of non-privileged documents on certain third parties, including David Michaels, the author of the Toberoff Timeline; representatives of Michael Siegel's Estate; Arthur Levine, prior counsel | |

DC'S RESPONSES TO DEFENDANTS'
EVIDENTIARY OBJECTIONS

to the Siegel heirs who prepared and served the 1997 Superman termination notice; and George Zadorozny, among others.

| DEFENDANTS' OBJECTION | DC'S RESPONSE |
|---|---|
| 115.   Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. | Defendants assert blanket objections without ever identifying any specific defect. *See supra* DC's Response to General Objection No. 8.<br><br>As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. *See supra* DC's Response to General Objection No. 4.<br><br>Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none. FRE 403.<br><br>The evidence cannot be irrelevant or prejudicial, as it describes DC's efforts to commence discovery and therefore relates to DC's need for discovery pursuant to FRCP 56(d). |

| PETROCELLI DECLARATION |
|---|
| ¶ 117:  DC also anticipates propounding additional interrogatories and requests for production as the need arises, including with respect to any issues crystallized by the pending discovery motions described above. |

| DEFENDANTS' OBJECTION | DC'S RESPONSE |
|---|---|
| 116.   Petrocelli's statements are not factual evidence, but conclusory | Defendants assert blanket objections without ever identifying any specific |

187

| | |
|---|---|
| statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. | defect. *See supra* DC's Response to General Objection No. 8.<br><br>As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. *See supra* DC's Response to General Objection No. 4.<br><br>Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none. FRE 403.<br><br>The evidence cannot be irrelevant or prejudicial, as it describes DC's efforts to commence discovery and therefore relates to DC's need for discovery pursuant to FRCP 56(d). |

| PETROCELLI DECLARATION |
|---|

¶ 118:  Resolution of DC's pending and intended discovery motions may necessitate further deposition testimony from Ms. Larson, Mr. Peary, and Ms. Peavy.  DC will address those issues as they arise.

| DEFENDANTS' OBJECTION | DC'S RESPONSE |
|---|---|
| 117.   Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court. | Defendants assert blanket objections without ever identifying any specific defect. *See supra* DC's Response to General Objection No. 8.<br><br>As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and |

DC'S RESPONSES TO DEFENDANTS'
EVIDENTIARY OBJECTIONS

| | |
|---|---|
| Irrelevant, self serving and prejudicial. FRE 401, 403. | identify evidence relevant to the Court's consideration of defendants' motions. *See supra* DC's Response to General Objection No. 4.<br><br>Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none. FRE 403.<br><br>The evidence cannot be irrelevant or prejudicial, as it describes DC's efforts to commence discovery and therefore relates to DC's need for discovery pursuant to FRCP 56(d). |

| PETROCELLI DECLARATION |
|---|

¶ 119:  Defendants' Motion to Strike contains a number of factual assertions and characterizations regarding DC's state-law claims in its fourth, fifth, and sixth claims for relief.  Because of the factual issues raised by defendants' Motion to Strike, DC requires discovery to respond.  I have identified below certain factual areas where discovery is still required to oppose defendants' Motion to Strike.

| DEFENDANTS' OBJECTION | DC'S RESPONSE |
|---|---|
| 118.   Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Hearsay, as Petrocelli is testifying as to the purported contents of documents, which speak for themselves. FRE 802, | Defendants assert blanket objections without ever identifying any specific defect.  *See supra* DC's Response to General Objection No. 8.<br><br>As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. *See supra* DC's Response to General Objection No. 4. |

DC'S RESPONSES TO DEFENDANTS'
EVIDENTIARY OBJECTIONS

| 1002. Defendants further object to these abbreviated summaries of the referenced documents as misconstruing the content of the document as a whole.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. | Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none. FRE 403.<br><br>The evidence cannot be irrelevant or prejudicial, as it describes DC's efforts to commence discovery and therefore relates to DC's need for discovery pursuant to FRCP 56(d). |

## PETROCELLI DECLARATION

¶ 120:  Attached as Appendix A to this declaration is a chart identifying contested fact assertions in defendants' Motion to Strike, certain discovery obtained by DC thus far, and key discovery DC is pursuing.

1.  Shuster Agreements

    m.    The circumstances leading to formation of the 1992 Agreement between DC and the Shusters;

    n.    The contractual intent of the parties to the 1992 Agreement;

    o.    The Toberoff defendants' knowledge of the 1992 Agreement;

    p.    The nature and extent of DC's relationship with the Shusters;

    q.    The circumstances surrounding the Toberoff defendants' initial contract with the Shusters, and the timing, nature, and extent of their subsequent contracts;

    r.    The circumstances leading to formation of the 2001 PPC Agreement between PPC and the Shusters;

    s.    The nature, intent, and effect of a provision in the 2001 PPC Agreement stating that the Shusters could not enter into any agreement regarding their putative rights "without the express

DC'S RESPONSES TO DEFENDANTS' EVIDENTIARY OBJECTIONS

written consent" of PPC;

t.  The relationship, if any, of the 2001 PPC Agreement to anticipated or actual litigation;

u.  The nature, intent, and effect of a provision in the 2001 PPC Agreement identifying "Superboy" as among the Shusters' putative rights;

v.  The current status and effect of the 2001 PPC Agreement;

w.  The circumstances surrounding the formation of an attorney-client relationship between Toberoff and the Shusters;

x.  The circumstances leading to formation of the 2003 PPC Agreement;

y.  The circumstances surrounding and nature, intent, and effect of a provision in the 2003 PPC Agreement stating that the Shusters could not enter into any agreement regarding their putative rights "without the express written consent" of PPC, Ex. 55 ¶ 4;

z.  The nature, intent, and effect of the 2003 PPC Agreement's deletion of "Superboy" from a list of the Shusters' putative rights, *id.* ¶ 1;

aa.  The current status and effect of the 2003 PPC Agreement;

bb.  The circumstances leading to the September 10, 2004 letter providing that the 2001 and 2003 PPC Agreements "have been cancelled," Docket No. 163-7;

cc.  The nature, intent, and effect of the "cancellation" language in the September 10, 2004 letter;

dd.  The Toberoff defendants' current interest in PPC; and

ee.  Whether and to what extent any of the Toberoff defendants' contacts with the Shusters occurred in connection with anticipated litigation.

DC'S RESPONSES TO DEFENDANTS' EVIDENTIARY OBJECTIONS

## 2. Siegel Agreements

a. The circumstances surrounding the Siegels' identification of Superboy as among the "character[s], story element[s], or indicia reasonably associated with SUPERMAN" in their 1997 copyright termination notice, Docket No. 293;

b. The nature, intent, and effect of the Siegels' October 19, 2001 letter to DC stating that the Siegels "accepted D.C. Comics' offer of October 16, 2001," Ex. 15;

c. The circumstances leading to Joanne Siegel's May 9, 2002 letter to DC regarding the long-form document;

d. The circumstances surrounding Marks' statement "that he would testify in court against the Siegels if they accepted [Toberoff's] offer because he believes there has already been an agreement reached," as described in the Toberoff Timeline, FAC Ex. A 63;

e. The nature and extent of DC Comics' relationship with the Siegels;

f. The circumstances surrounding the Toberoff defendants' initial contact with the Siegels, and the timing, nature, and extent of their subsequent contacts;

g. The circumstances surrounding the formation of IP Worldwide, LLC between PPC, talent agent Ari Emanuel, and the Endeavor talent agency;

h. Whether and to what extent any of the Toberoff defendants' contacts with the Siegels occurred in connection with anticipated litigation;

i. The nature, intent, and effect of the Siegels' September 21, 2002 letter to DC providing: "effective immediately, we are totally stopping and ending negotiations with DC Comics," Ex. 23;

j. The circumstances leading to formation of the IP Worldwide

DC'S RESPONSES TO DEFENDANTS'
EVIDENTIARY OBJECTIONS

Agreement between the Siegels and IP Worldwide;

k.    The nature, intent, and effect of the provision in the IP Worldwide Agreement that the Siegels could "not transfer, assign, license or in any manner encumber the Rights … other than through or as a result of IPW's exclusive representation hereunder...." Ex. 56 ¶ 8;

l.    The current status and effect of the IP Worldwide Agreement;

m.    The Toberoff defendants' current interest in IP Worldwide and IPW;

n.    The circumstances surrounding the formation of an attorney-client relationship between Toberoff and the Siegels;

o.    The circumstances surrounding the Siegels' 2002 notice of termination claiming sole ownership of alleged Superboy rights, including communications with the Shusters and others

p.    The circumstances surrounding IP Worldwide's efforts to acquire Michael Siegel's interest in the Superman termination notice;

q.    The circumstances surrounding the agreements between the Siegels and IP Worldwide concerning its efforts to acquire Michael Siegel's interest in the Superman termination;

r.    Correspondence between Michael Siegel, Laura Siegel Larson, and Joanne Siegel concerning the Superman termination notice and the Siegels' involvement with Mr. Toberoff, Mr. Emanuel, and IP Worldwide; and

s.    The events described in the Toberoff Timeline.

3.    <u>Consent Agreements</u>

a.    The existence and status of any agreements between or among defendants restricting the ability of the Shusters or Siegels to

DC'S RESPONSES TO DEFENDANTS'
EVIDENTIARY OBJECTIONS

freely negotiate or enter into agreements with DC;

b.    The circumstances leading to the formation of any such agreements;

c.    The nature, intent, and effect of any such agreements;

d.    The existence and status of any agreements between or among Toberoff and/or his companies and the Siegels, including retainer agreements, joint-venture agreements, partnership agreements, or any other business agreements;

e.    The existence and status of any agreements between or among Toberoff and/or his companies and the Shusters, including retainer agreements, joint-venture agreements, partnership agreements, or any other business agreements;

f.    The existence and status of any agreements between the Siegels and Shusters regarding the division of proceeds in the Superman and Superboy asserted rights;

g.    The existence and status of any agreements between the Siegels and Shusters regarding their putative Superman and Superboy interests;

h.    The existence and status of any agreements between the Toberoff defendants and other entities or third parties, regarding Superman or Superboy; and

i.    The circumstances surrounding the Siegels' and Shusters' efforts to negotiate with third parties for the sale of their purported Superman and Superboy interests.

| DEFENDANTS' OBJECTION | DC'S RESPONSE |
| --- | --- |
| 119.   Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the | Defendants assert blanket objections without ever identifying any specific defect. *See supra* DC's Response to General Objection No. 8. |

| | |
|---|---|
| statements do not constitute competent evidence that may be considered by the Court.<br><br>This paragraph impermissibly contains additional arguments outside of Plaintiff's opposition to Defendants' Anti-SLAPP motion in violation of paragraph 5(c) of this Court's Standing Order.<br><br>Moreover, Petrocelli purports to recite the "laundry list" of discovery that is allegedly needed, without making any showing what discovery has already occurred on these topics or how it is relevant to any of the specific factual issues addressed in the Anti-SLAPP motion. *See* ¶ 8, *supra*. | As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. *See supra* DC's Response to General Objection No. 4.<br><br>Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none. FRE 403.<br><br>The evidence cannot be irrelevant or prejudicial, as it describes DC's efforts to commence discovery and therefore relates to DC's need for discovery pursuant to FRCP 56(d). |

| PETROCELLI DECLARATION | |
|---|---|
| ¶ 121:  In the event the court does not deny defendants' motion to strike in its entirety, I believe that the discovery described above is necessary to provide relevant evidence to fully and fairly oppose the motion. | |
| **DEFENDANTS' OBJECTION** | **DC'S RESPONSE** |
| 120.   Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Irrelevant, self serving and prejudicial. | Defendants assert blanket objections without ever identifying any specific defect.  *See supra* DC's Response to General Objection No. 8.<br><br>As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. |

DC'S RESPONSES TO DEFENDANTS'
EVIDENTIARY OBJECTIONS

| | |
|---|---|
| FRE 401, 403. | *See supra* DC's Response to General Objection No. 4.<br><br>Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none. FRE 403.<br><br>The evidence cannot be irrelevant or prejudicial, as it describes DC's efforts to commence discovery and therefore relates to DC's need for discovery pursuant to FRCP 56(d). |

| PETROCELLI DECLARATION |
|---|

¶ 122:  DC therefore requests that the Court deny defendants' Motion to Strike in its entirety or, alternatively, issue an order staying any resolution of defendants' Motion to Strike pending the close of discovery.

| DEFENDANTS' OBJECTION | DC'S RESPONSE |
|---|---|
| 121.   Petrocelli's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court.<br><br>Irrelevant, self serving and prejudicial. FRE 401, 403. | Defendants assert blanket objections without ever identifying any specific defect. *See supra* DC's Response to General Objection No. 8.<br><br>As lead counsel for DC, Mr. Petrocelli has the requisite personal knowledge to describe the history of this case and identify evidence relevant to the Court's consideration of defendants' motions. *See supra* DC's Response to General Objection No. 4.<br><br>Moreover, the evidence presents no danger of unfair prejudice to defendants, and defendants have identified none. |

DC'S RESPONSES TO DEFENDANTS' EVIDENTIARY OBJECTIONS

|  | FRE 403.<br><br>The evidence cannot be irrelevant or prejudicial, as it describes DC's efforts to commence discovery and therefore relates to DC's need for discovery pursuant to FRCP 56(d). |
|---|---|

| PETROCELLI DECLARATION | |
|---|---|
| ¶ 123: To avoid any claims that it is selectively excerpting deposition testimony, DC has attached full and complete deposition transcripts. | |
| **DEFENDANTS' OBJECTION** | **DC'S RESPONSE** |
| 122. Petrocelli's use of entire deposition transcripts violates this Court's Scheduling and Case Management Order 6(d)(ii). | As stated in Mr. Petrocelli's declaration, DC submitted full and complete deposition transcripts to avoid the objection made by defendants that DC is selectively excerpting deposition testimony. |

| PETROCELLI DECLARATION | |
|---|---|
| ¶ 124: The deposition of Kevin Marks, the Siegels' attorney prior to Mr. Toberoff, was taken in the related *Siegel* cases, Case Nos. CV-04-8400 and CV-04-8776, on October 7, 2006. A true and correct copy of the entire transcript from the deposition is attached hereto as Exhibit 14. | |
| **DEFENDANTS' OBJECTION** | **DC'S RESPONSE** |
| 123. Petrocelli's use of entire deposition transcripts violates this Court's Scheduling and Case Management Order 6(d)(ii). | As stated in Mr. Petrocelli's declaration, DC submitted full and complete deposition transcripts to avoid the objection made by defendants that DC is selectively excerpting deposition testimony. |

DC'S RESPONSES TO DEFENDANTS' EVIDENTIARY OBJECTIONS

| PETROCELLI DECLARATION |
|---|

¶ 125:  The deposition of defendant Mr. Peary was taken in the related *Siegel* cases on November 11, 2006.  A true and correct copy of the entire transcript from the deposition is attached hereto as Exhibit 51.

| DEFENDANTS' OBJECTION | DC'S RESPONSE |
|---|---|
| 124.   Petrocelli's use of entire deposition transcripts violates this Court's Scheduling and Case Management Order 6(d)(ii). | As stated in Mr. Petrocelli's declaration, DC submitted full and complete deposition transcripts to avoid the objection made by defendants that DC is selectively excerpting deposition testimony. |

| PETROCELLI DECLARATION |
|---|

¶ 126:  The deposition of defendant Marc Toberoff was taken in the related *Siegel* cases on November 17, 2006.  A true and correct copy of the entire transcript from the deposition is attached hereto as Exhibit 17.

| DEFENDANTS' OBJECTION | DC'S RESPONSE |
|---|---|
| 125.   Petrocelli's use of entire deposition transcripts violates this Court's Scheduling and Case Management Order 6(d)(ii). | As stated in Mr. Petrocelli's declaration, DC submitted full and complete deposition transcripts to avoid the objection made by defendants that DC is selectively excerpting deposition testimony. |

| PETROCELLI DECLARATION |
|---|

¶ 127:  The deposition of defendant Mark Warren Peary was taken in this case on June 29, 2011.  A true and correct copy of the entire transcript from the deposition is attached hereto as Exhibit 37.

| DEFENDANTS' OBJECTION | DC'S RESPONSE |
|---|---|
| 126.   Petrocelli's use of entire deposition transcripts violates this Court's Scheduling and Case | As stated in Mr. Petrocelli's declaration, DC submitted full and complete deposition transcripts to avoid the |

DC'S RESPONSES TO DEFENDANTS'
EVIDENTIARY OBJECTIONS

| | |
|---|---|
| Management Order 6(d)(ii). | objection made by defendants that DC is selectively excerpting deposition testimony. |

| PETROCELLI DECLARATION |
|---|
| ¶ 128:  The deposition of Don Bulson, attorney for Michael Siegel during his lifetime, was taken in this case on July 19, 2011.  A true and correct copy of the entire transcript from the deposition is attached hereto as Exhibit 52.  The transcript is still under review by Mr. Bulson under Federal Rule of Civil Procedure 30(e)(1), and Mr. Bulson and his counsel reserve all rights to (a) make changes under Rule 30(e)(1) or (b) request further protection of Mr. Bulson's testimony pursuant to any future protective order(s) entered by this or any other Court. |

| DEFENDANTS' OBJECTION | DC'S RESPONSE |
|---|---|
| 127.   Petrocelli's use of entire deposition transcripts violates this Court's Scheduling and Case Management Order 6(d)(ii). | As stated in Mr. Petrocelli's declaration, DC submitted full and complete deposition transcripts to avoid the objection made by defendants that DC is selectively excerpting deposition testimony. |

| PETROCELLI DECLARATION |
|---|
| ¶ 129:  The deposition of defendant Laura Siegel Larson was taken in this case on July 22, 2011.  A true and correct copy of the entire transcript from the deposition is attached hereto as Exhibit 24. |

| DEFENDANTS' OBJECTION | DC'S RESPONSE |
|---|---|
| 128.   Petrocelli's use of entire deposition transcripts violates this Court's Scheduling and Case Management Order 6(d)(ii). | As stated in Mr. Petrocelli's declaration, DC submitted full and complete deposition transcripts to avoid the objection made by defendants that DC is selectively excerpting deposition testimony. |

DC'S RESPONSES TO DEFENDANTS' EVIDENTIARY OBJECTIONS

| PETROCELLI DECLARATION | |
|---|---|
| ¶ 130: The deposition of Dawn Peavy, the daughter of defendant Jean Peavy and sister of defendant Mr. Peary, was taken in this case on August 3, 2011. A true and correct copy of the entire transcript from the deposition is attached hereto as Exhibit 53. | |
| **DEFENDANTS' OBJECTION** | **DC'S RESPONSE** |
| 129. Petrocelli's use of entire deposition transcripts violates this Court's Scheduling and Case Management Order 6(d)(ii). | As stated in Mr. Petrocelli's declaration, DC submitted full and complete deposition transcripts to avoid the objection made by defendants that DC is selectively excerpting deposition testimony. |

| PETROCELLI DECLARATION | |
|---|---|
| ¶ 131: Attached hereto as Exhibit 57 is a true and correct copy of an order issued by the Ninth Circuit in Appellate Case No. 10-73851, dated January 7, 2011. | |
| **DEFENDANTS' OBJECTION** | **DC'S RESPONSE** |
| 130. Petrocelli's use of entire deposition transcripts violates this Court's Scheduling and Case Management Order 6(d)(ii). | As stated in Mr. Petrocelli's declaration, DC submitted full and complete deposition transcripts to avoid the objection made by defendants that DC is selectively excerpting deposition testimony. |

| PETROCELLI DECLARATION | |
|---|---|
| ¶ 132: Attached hereto as Exhibit 58 is a true and correct copy of Exhibit 73 to the deposition of Dawn Peavy. | |
| **DEFENDANTS' OBJECTION** | **DC'S RESPONSE** |
| 131. Petrocelli's use of entire deposition transcripts violates this Court's Scheduling and Case | As stated in Mr. Petrocelli's declaration, DC submitted full and complete deposition transcripts to avoid the |

DC'S RESPONSES TO DEFENDANTS'
EVIDENTIARY OBJECTIONS

| | |
|---|---|
| Management Order 6(d)(ii). | objection made by defendants that DC is selectively excerpting deposition testimony. |

| PETROCELLI DECLARATION | |
|---|---|
| ¶ 133:  Attached hereto as Exhibit 59 is a true and correct copy of the November 11, 2006 deposition of Jean Peavy in the *Siegel* case. | |
| **DEFENDANTS' OBJECTION** | **DC'S RESPONSE** |
| 132.   Petrocelli's use of entire deposition transcripts violates this Court's Scheduling and Case Management Order 6(d)(ii). | As stated in Mr. Petrocelli's declaration, DC submitted full and complete deposition transcripts to avoid the objection made by defendants that DC is selectively excerpting deposition testimony. |

| PETROCELLI DECLARATION | |
|---|---|
| ¶ 134:  N/A | |
| **DEFENDANTS' OBJECTION** | **DC'S RESPONSE** |
| 133.   Petrocelli's use of entire deposition transcripts violates this Court's Scheduling and Case Management Order 6(d)(ii). | As stated in Mr. Petrocelli's declaration, DC submitted full and complete deposition transcripts to avoid the objection made by defendants that DC is selectively excerpting deposition testimony. |

DC'S RESPONSES TO DEFENDANTS'
EVIDENTIARY OBJECTIONS

| PETROCELLI DECLARATION | |
|---|---|
| ¶ 135:  N/A | |

| DEFENDANTS' OBJECTION | DC'S RESPONSE |
|---|---|
| 134.   Petrocelli's use of entire deposition transcripts violates this Court's Scheduling and Case Management Order 6(d)(ii). | As stated in Mr. Petrocelli's declaration, DC submitted full and complete deposition transcripts to avoid the objection made by defendants that DC is selectively excerpting deposition testimony. |

Dated: September 22, 2011          O'MELVENY & MYERS LLP

By:  /s/ Daniel M. Petrocelli
         Daniel M. Petrocelli
         Attorneys for Plaintiff DC Comics