1  DANIEL M. PETROCELLI (S.B. #097802)
     dpetrocelli@omm.com
2  MATTHEW T. KLINE (S.B. #211640)
     mkline@omm.com
3  CASSANDRA L. SETO (S.B. #246608)
     cseto@omm.com
4  O'MELVENY & MYERS LLP
   1999 Avenue of the Stars, 7th Floor
5  Los Angeles, CA  90067-6035
   Telephone:  (310) 553-6700
6  Facsimile:   (310) 246-6779

7  PATRICK T. PERKINS (admitted *pro hac vice*)
     pperkins@ptplaw.com
8  PERKINS LAW OFFICE, P.C.
   1711 Route 9D
9  Cold Spring, NY 10516
   Telephone:  (845) 265-2820
10 Facsimile:   (845) 265-2819

11 Attorneys for Plaintiff DC Comics

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DC COMICS,<br><br>  Plaintiff,<br><br>  v.<br><br>PACIFIC PICTURES CORPORATION, IP WORLDWIDE, LLC, IPW, LLC, MARC TOBEROFF, an individual, MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER, JEAN ADELE PEAVY, an individual, LAURA SIEGEL LARSON, an individual and as personal representative of the ESTATE OF JOANNE SIEGEL, and DOES 1-10, inclusive,<br><br>  Defendants. | Case No. CV 10-03633 ODW (RZx)<br><br>**DC COMICS' NOTICE OF MOTION AND MOTION FOR REVIEW OF MAGISTRATE'S ORDER ON PLAINTIFF'S MOTION TO COMPEL OR, IN THE ALTERNATIVE, FOR RECONSIDERATION OF THE COURT'S JUNE 20 AND APRIL 11, 2011, ORDERS PURSUANT TO FED. R. CIV. P. 72(A) AND L.R. 72-2.1**<br><br>DECLARATION OF JASON H. TOKORO AND [PROPOSED] ORDER FILED CONCURRENTLY HEREWITH<br><br>Hon. Otis D. Wright II<br><br>**Hearing Date**: October 31, 2011<br>**Hearing Time**: 1:30 p.m.<br>**Courtroom**:     11 |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on October 31, 2011, at 1:30 p.m., or as soon thereafter as the matter may be heard by the above-entitled court, located at 312 North Spring Street, Los Angeles, California in Courtroom 11, plaintiff DC Comics will and hereby does move the Court for review of the Magistrate September 15, 2011, Order On Plaintiff's Motion To Compel The Production Of Documents Or, In The Alternative, For Reconsideration Of The Court's June 20 and April 11, 2011, Orders.

This motion is made pursuant to paragraph 4 of this Court's Standing Order, Docket No. 18, Central District Local Rule 72-2.1, and Federal Rule of Civil Procedure 72(a), on the ground that the Magistrate's ruling denying DC's motion to compel the production of defendant Laura Siegel Larson's July 2003 letter to her half-brother Michael Siegel is clearly erroneous and contrary to law.

Pursuant to paragraph 5(b) of this Court's Standing Order Regarding Newly Assigned Cases and Central District Local Rule 7-3, the parties have attempted unsuccessfully to resolve their disputes and therefore respectfully seek the assistance of the Court.

This motion is based on this Notice of Motion and Motion; the accompanying Memorandum of Points and Authorities; any additional briefing that may be filed; all exhibits, files, and records on file in this action; matters of which judicial notice may be taken; and such additional submissions and argument as may be presented at or before the hearing on this motion.

Dated:     September 28, 2011          Respectfully Submitted,
                                        O'MELVENY & MYERS LLP

                                        By: /s/ Daniel M. Petrocelli
                                            Daniel M. Petrocelli
                                            Attorneys for Plaintiff DC Comics

1      This motion for review concerns a non-privileged document that defendants
2 concealed and withheld from discovery by misidentifying it on their privilege logs.
3 The document is a July 2003 letter from defendant Laura Siegel Larson to her half-
4 brother Michael Siegel concerning conduct of defendant Marc Toberoff
5 indisputably relevant to this case.  As one example, the letter bears on factual
6 representations defendants make in their SLAPP motion.  Docket No. 225 at 15-17.

7      DC respectfully submits the Magistrate committed clear err in not ordering
8 defendants to produce the July 2003 letter.  The Magistrate reasoned his hands were
9 tied by previous rulings in the related *Siegel* case approving the *general format* of
10 defendants' privilege logs.  But those rulings dealt with different issues and did not
11 address this July 2003 letter, the existence of which was only confirmed by
12 defendants in *July of this year*.  The July 2003 letter should be ordered produced.

13      1. The July 2003 letter is referenced in Exhibit A to DC's complaint—the
14 "Toberoff Timeline" document—and is highly probative of DC's claims.  Docket
15 Nos. 49 ¶¶ 7-9, 66-85; 49 Ex. A at 64-65; *see* Docket Nos. 160 at 30-33, 37-38; 171
16 at 3-4; 225 at 13-17; 243 at 10-12; 253 at 6-9; 274 at 1-2, 6-8; 307 at 9-13, 15-17;
17 316 at 1-3, 6-20; 317.  The July 2003 letter was never listed in any of defendants'
18 many privilege logs, but as defendants finally conceded in September 2011 in
19 response to DC's motion, the July 2003 letter appears at Privilege Log Entry No. 82
20 in the *Siegel* case.  Docket Nos. 316 at 21-24; 317 at 1-5.

21      Entry No. 82, however, does not identify the letter; nor does any other entry.
22 Entry No. 82 logs a "Facsimile" from "Laura Siegel" to "Marc Toberoff."  It says
23 *nothing* about a letter from Laura to Michael, and does not specify the alleged
24 "common interest" privilege claim that defendants now assert:

| Log# | Date | Identity of Recipient(s) | Identity of Author(s) | Document Description | Privilege Claim | Present Location |
|---|---|---|---|---|---|---|
| 82 | 7/11/2003 | Atty Marc Toberoff | Laura Siegel | Facsimile | Atty/Client | Plaintiff's Counsel |

28 Docket No. 317-2 at 8.

- 1 -                                    DC COMICS' MOT. FOR REVIEW
                                              OF MAGISTRATE'S ORDER

Defendants refuse to explain why they failed to identify the July 2003 letter and chose instead to obscure it behind the "Facsimile" entry. If it was because Laura faxed to Toberoff (a lawyer) a copy of her July 2003 letter to Michael, the case law definitively rejects that basis for asserting privilege. *E.g.*, *Suezaki v. Super. Ct.*, 58 Cal. 2d 166, 176 (1962) (transmission to lawyer of non-privileged communication "cannot create the privilege if none, in fact, exists"); *accord U.S. v. Osborn*, 561 F.2d 1334, 1338 (9th Cir. 1977); *N. Pacifica, LLC v. City of Pacifica*, 274 F. Supp. 2d 1118, 1127 (N.D. Cal. 2003); *Sneider v. Kimberly-Clark Corp.*, 91 F.R.D. 1, 4 (N.D. Ill. 1980).

2. Starting in the *Siegel* case, DC raised concerns about the format of defendants' privilege logs, noting they did not list items like attachments and enclosures. Case No. CV 04-8400, Docket No. 53 at 22-23. The Magistrate in *Siegel*, however, held that the general format of the logs was acceptable. *Id.* Docket No. 58 at 5. After receiving a copy of the Toberoff Timeline, DC raised further concerns with the *Siegel* court that documents—including correspondence between Laura and Michael—had been misidentified and hidden behind opaque privilege log entries. Docket Nos. 163-12, Ex. TT ¶ 9; 164-1, Ex. B ¶ 3. Defendants ridiculed DC's claims and said that all responsive, non-privileged documents had been produced. Docket No. 42-13 at 129-32. Based on that representation, Judge Larson denied *in camera* review. Docket No. 164-2 at 116, 121.

Emboldened by the *Siegel* court's unwillingness to test the veracity of defendants' privilege claims and logs, defendants continued their deception in this case by submitting a privilege log that again misidentified the same July 2003 letter from Laura to Michael as a "Facsimile" to "Atty Marc Toberoff":

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|---|---|---|---|---|---|---|
| 720 | 7/11/2003 | Laura Siegel | Atty Marc Toberoff | Facsimile | Atty/Client | Defendants' Counsel |
| 721 | 7/11/2003 | Laura Siegel | Atty Marc Toberoff | Facsimile | Atty/Client | Defendants' Counsel |

Docket No. 207-9 at 264.

1    But DC continued to pursue the issue and, at Laura's July 2011 deposition in this case, confronted her with the Timeline and Michael's May 2003 letter to which her July 2003 letter responds. Docket No. 253 at 1-5. Laura conceded she received Michael's May 2003 letter; she, in fact, *did* send a July 2003 response to it; the response addressed Michael's accusations about Toberoff; and Toberoff had a copy of her July 2003 letter in his files. Docket No. 316-5 at 314:12-15, 316:11-12, 323:11-14, 325:22-327:22, 328:3-330:3.

DC again asked defendants to produce the July 2003 letter, but they again refused. Docket Nos. 316-6, 316-7, 316-8. When DC moved to compel, Laura's deposition testimony left defendants with little maneuvering room and they finally were forced to concede her July 2003 letter to Michael existed and was misidentified at *Siegel* Log Entry No. 82. Docket Nos. 316 at 22; 317 at 1-4. At this point, with defendants' deception exposed, it appeared the letter would be produced. But it was not. For the first time, defendants asserted Laura's July 2003 letter was shielded by a "common-interest" privilege, Docket No. 316 at 24-26— even though the only privilege claimed by Privilege Log Entry Nos. 82, 720, and 721 was "Atty/Client." Docket No. 317 at 1-5 & Appendix A. Other entries on defendants' privilege logs expressly referred to a "common interest privilege," but *no such claim* was made as to these Entries Nos. 82, 720, or 721—which correspond to the July 2003 letter from Laura to Michael. Docket No. 317 at 1.

Moreover, and as defendants were well aware, the common-interest privilege claim they asserted was baseless and had already been rejected by an Ohio federal court. In 2008, in third-party discovery proceedings in *Siegel*, DC moved the Ohio court to compel the production of 15 related pieces of correspondence between Laura's and Michael's representative—all during this *same* 2003 time period and all concerning the *same* subject (Toberoff's offers and efforts to acquire the Siegel heirs' rights). Docket Nos. 161-2; 161-3; 161-4; 161-5; 317 at 1-5. Defendants claimed that Laura, Michael, Toberoff, and Michael's lawyer all shared a common-

1  interest privilege that shielded these communications.  But after reviewing the
2  documents *in camera*, the Ohio court held that defendants' interests were not in
3  common with Michael's; rather, the 15 documents showed that their respective
4  interests were "separate and apart."  Docket No. 161-5 at 31.

5       DC presented these issues to the Magistrate in this case, but on September
6  15, 2011, he denied DC's motion to compel the July 2003 letter.  The Magistrate's
7  ruling was based solely on prior orders in the *Siegel* case approving the general
8  form of defendants' privilege logs and otherwise denying *in camera* and other
9  review.  Docket No. 323.  The Magistrate recognized aspects of the *Siegel* rulings
10 might have been "incorrect," *id.* at 2, but held that DC was bound by them (even
11 though they never addressed the three entries that DC's current motion targeted),
12 and that DC should move on and not focus its discovery efforts on seeking such
13 documents, *id*.

14      DC respectfully submits the Magistrate's September 15 was clearly in error.
15 Both to obtain this important July 2003 letter, which is directly relevant to DC's
16 claims in this case and pending motions, Docket No. 225 at 15-17, and to preserve
17 its rights to argue for it in the future, DC is compelled to seek review.

18      3. The Magistrate's ruling that DC was bound to the earlier order in *Siegel*
19 upholding defendants' privilege logs misapprehended the relief DC sought in this
20 motion: DC sought production of the July 2003 letter—not supplementation of a
21 privilege log or a general order saying the form of defendants' logs was deficient.

22      Furthermore, if any prior ruling was binding, it was the Ohio court's, which
23 directly addressed the common-interest privilege defendants now assert.  That court
24 made plain that defendants' common-interest claims were without basis.  Docket
25 No. 161-5 at 30-31.  The court in *Siegel* never held to the contrary and never
26 addressed any common-interest privilege claim as to log entry 82; *nor could it*
27 *have*—defendants only first asserted the objection as to the July 2003 letter one
28 month ago.  Docket No. 317 at 1-2.

1  DC should not be denied key evidence because defendants initially succeeded in concealing the July 2003 letter through a false privilege log entry. *Cf. O'Connor v. Boeing N. Am., Inc.*, 185 F.R.D. 272, 280 (C.D. Cal. 1999) ("[T]o claim the attorney-client privilege or work product doctrine for an attachment to, or enclosure with, another privileged document, the attachment or enclosure *must be listed as a separate document on the privilege log; otherwise, such attachment or enclosure must be disclosed*.") (emphases added). To allow Defendants to continue to withhold this document after falsely identifying it on their privilege logs, only serves to reward and incentivize misconduct.

Finally, even if the court's orders in *Siegel* were somehow relevant to the issue, the *Siegel* court never had the benefit of subsequent new evidence: (i) Laura's July 2011 deposition testimony confirming that there exists a July 2003 letter from her to Michael, Docket No. 316-5 at 314:12-15, 316:11-12; (ii) defendants' September 2011 admission that her letter was misidentified by false privilege log entries in *both* the *Siegel* case and this case; or (c) the Ohio court's order rejecting assertions of common-interest privilege identical to those made here. Reconsideration is appropriate after "the emergence of new material facts" like these. C.D. Local Rule 7-18; *Intamin, Ltd. v. Magnetar Techs. Corp.*, 623 F. Supp. 2d 1055, 1068 (C.D. Cal. 2009); *Milton H. Greene Archives, Inc. v. CMG Worldwide, Inc.*, 568 F. Supp. 2d 1152, 1162-63 (C.D. Cal. 2008).

4. DC's briefing on this issue below and the Magistrate's ruling are Exhibits A and B to the Jason H. Tokoro Declaration. DC regrets burdening the Court with this issue, but this responsive, non-privileged document, which is relevant to this case and motions pending before the Court, should have been produced years ago.

Dated: September 28, 2011

Respectfully Submitted,
O'MELVENY & MYERS LLP

By: /s/ Daniel M. Petrocelli
Daniel M. Petrocelli