# EXHIBIT B

O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DC COMICS, ) | CASE NO. CV 10-03633 ODW (RZx) |
| Plaintiff, ) | |
| vs. ) | ORDER ON PLAINTIFF'S MOTION TO COMPEL OR FOR |
| PACIFIC PICTURES CORPORATION, ET AL. ) | RECONSIDERATION [Doc 315] |
| Defendants. ) | |

This matter is before the Court on the motion of Plaintiff DC Comics to compel production of documents or, in the alternative, for reconsideration of prior orders of this Court. The Court finds that oral argument will not materially advance the resolution of this dispute. Accordingly, the hearing set for September 26, 2011 is vacated. FED. R. CIV. P. 78; L.R. 7-15.

Plaintiff seeks to have produced a letter by Defendant Laura Larson, written to her half brother apparently in early to mid July 2003. The letter is said to be a response to a letter from the brother, written on May 13, 2003, which Defendants produced as ordered by this Court. Plaintiff also seeks to have produced all drafts of the July 2003 letter by Laura Larson.

The Court has, in fact, ruled on this matter before, going back as far as the prior litigation. But Plaintiff protests that, on the privilege log, the existence of the letter

**EXHIBIT B**
**47**

Case 2:10-cv-03633-ODW-RZ   Document 329-3   Filed 09/28/11   Page 3 of 3   Page ID
 #:21796
Case 2:10-cv-03633-ODW -RZ   Document 323   Filed 09/15/11   Page 2 of 2   Page ID
 #:21511

1  was hidden behind a description of the document as a fax, not a letter, so it was not known,
2  Plaintiff says, until the preparation of the Joint Stipulation on this motion.  Perhaps there
3  has in fact been a difficulty in knowing what is contained in the privilege logs, but the
4  descriptions are in keeping with Ninth Circuit case law on the subject, as the Court has
5  ruled in both the prior case and the present case, in response to motions that Plaintiff has
6  made, several times, for elaborations upon the logs..

7           At some point a matter has to be set aside, and parties go on to other issues.
8  This is true even if the original decision may have been incorrect; once decided, rightly or
9  wrongly, there is a need for finality on an issue.  Responses to inquiries in deposition may
10 cast something in a slightly different light for one party or the other, but the direction of
11 the lawsuit needs to be forward, not backward.  The present motion heads in the wrong
12 direction.

13           It is unfortunate that the parties cannot resolve more of these matters
14 informally.  However, they have learned to be guarded in what they say to each other, for
15 fear that statements might be taken out of context, or show up in a later declaration as
16 grounds for a motion of some sort, perhaps, for reconsideration.  Regrettably, it appears
17 that their caution is not misplaced.

18           Plaintiff's motion to compel is denied.  The matter has been ruled on, and
19 there are no reasons within the rules to revisit the ruling.

         DATED:  September 15, 2011

                                           _____
                                           RALPH ZAREFSKY
                                           UNITED STATES MAGISTRATE JUDGE