Marc Toberoff (State Bar No. 188547)
  *mtoberoff@ipwla.com*
Keith G. Adams (State Bar No. 240497)
  *kgadams@ipwla.com*
TOBEROFF & ASSOCIATES, P.C.
2049 Century Park East, Suite 3630
Los Angeles, California, 90067
Telephone: (310) 246-3333
Fax:       (310) 246-3101

Attorneys for Defendants Mark Warren Peary, as personal representative of the Estate of Joseph Shuster, Jean Adele Peavy, and Laura Siegel Larson, individually and as personal representative of the Estate of Joanne Siegel

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| DC COMICS,<br><br>  Plaintiff,<br><br>  vs.<br><br>PACIFIC PICTURES CORPORATION; IP WORLDWIDE, LLC; IPW, LLC; MARC TOBEROFF, an individual; MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER; JEAN ADELE PEAVY, an individual; LAURA SIEGEL LARSON, individually and as personal representative of the ESTATE OF JOANNE SIEGEL, and DOES 1-10, inclusive,<br><br>  Defendants. | Case No: CV 10-03633 ODW (RZx)<br><br>Hon. Otis D. Wright II, U.S.D.J.<br>Hon. Ralph Zarefsky, U.S.M.J.<br><br>**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF CONSOLIDATED MOTION AND MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**<br><br>Complaint filed: May 14, 2010<br>Trial Date: None Set<br><br>Date:  November 14, 2011<br>Time:  1:30 p.m.<br>Place: Courtroom 11 |

KENDALL BRILL & KLIEGER LLP
Richard B. Kendall (State Bar No. 90072)
  rkendall@kbkfirm.com
Laura W. Brill (State Bar No. 195889)
  lbrill@kbkfirm.com
Nicholas F. Daum (State Bar No. 236155)
  ndaum@kbkfirm.com
10100 Santa Monica Blvd., Suite 1725
Los Angeles, California  90067
Telephone:   (310) 556-2700
Facsimile:    (310)556-2705

Attorneys for Defendants Marc Toberoff, Pacific Pictures Corporation, IP Worldwide, LLC, and IPW, LLC

# **TABLE OF CONTENTS**

| Exhibit | Document | Page |
|---|---|---|
|  | Request for Judicial Notice | 1 |
| A | August 1, 1992 Agreement between DC Comics and Frank Shuster & Jean Peavy | 8 |
| B | November 23, 2001 Agreement between Pacific Pictures Corporation and Mark Warren Peary & Jean Adele Peavy | 9 |
| C | October 3, 2002 Agreement between IP Worldwide, Inc. and Joanne Siegel & Laura Siegel Larson | 13 |
| D | October 27, 2003 Agreement between Pacific Pictures Corporation and Mark Warren Peary | 17 |
| E | Notice of Termination re: Copyright Renewal Term of "Superman," served by the Estate of Joseph Shuster, recorded with the U.S. Copyright Office on December 3, 2003. | 21 |
| F | September 10, 2004 letter between Pacific Pictures Corporation and Mark Warren Peary & Jean Adele Peavy | 37 |
| G | November 15, 2006 letter from Marc Toberoff to DC Comics, in the related case *Siegel v. Warner Bros. Entertainment Inc., et al.*, USDC Case No. CV-04-8400-ODW (RZx) | 38 |
| H | Cover Pages, Exhibit Lists and Exhibits from the November 17, 2006 deposition of Marc Toberoff, in the related *Siegel* case | 41 |
| I | December 30, 2008 Declaration of DC Comics' Counsel, attaching May 2, 2008 Letter, in the related *Siegel* case | 58 |
| J | May 17, 2011 Judgment (Docket No. 669) in the related *Siegel* case | 62 |

Pursuant to Rule 201 of the Federal Rules of Evidence, defendants Mark Warren Peary, as personal representative of the Estate of Joseph Shuster, Jean Adele Peavy, Laura Siegel Larson, individually and as personal representative of the Estate of Joanne Siegel, Marc Toberoff, Pacific Pictures Corporation, IP Worldwide, LLC, and IPW, LLC ("Defendants"), respectfully request that this Court take judicial notice of the following documents, submitted in support of Defendants' Consolidated Motion to Dismiss Plaintiff DC Comic's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss a complaint pursuant to Fed. R. Civ. P. 12(b)(6), a court may consider matters subject to judicial notice. *See Neilson v. Union Bank of California, N.A.*, 290 F. Supp. 2d 1101, 1111-12 (C.D. Cal. 2003) ("In deciding a motion to dismiss…a court may consider…matters that may be judicially noticed pursuant to Federal Rule of Evidence 201."); *Haye v. United States*, 461 F.Supp. 1168, 1174 (C.D. Cal. 1978) ("Subsection (d) [of Rule 201] makes the taking of judicial notice mandatory if the Court is so requested and supplied with the necessary information.").[1]

1. Defendants request that the Court take judicial notice of the agreement between Plaintiff DC Comics ("DC"), on the one hand, and Frank Shuster and Jean Peavy, on the other hand, dated as of August 1, 1992 (the "1992 Shuster Agreement"). A true and correct copy of the 1992 Shuster Agreement is attached hereto as **Exhibit A**.

On a motion to dismiss under Rule 12(b)(6), courts are permitted to consider documents incorporated by reference in the complaint. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to

---

[1] *See generally In re Calpine Corp. Sec. Litig.*, 288 F. Supp. 2d 1054, 1076 (N.D. Cal. 2003) ("[T]he Court may take judicial notice of documents on which allegations in the [complaint] necessarily rely, even if not expressly referenced in the [complaint], provided the authenticity of those documents are not in dispute."); *Parrino v. FHP Healthcare, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) (stating judicial notice prevents "plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based.").

the document or the document forms the basis of the plaintiff's claim."); *Von Koenig v. Snapple Beverage Corp.*, 2010 WL 1980208 (E.D. Cal. May 10, 2010) (where parties requested judicial notice of juice and tea bottle labels and labels formed the basis of the relevant causes of action, court considered labels for the purpose of defendant's motion to dismiss). *See generally Parrino v. FHP, Inc.*, 146 F.3d 699, 705-706 (9th Cir. 1997) (holding that "documents critical to plaintiff's claims, but not explicitly incorporated in his complaint" may be judicially noticed and considered by a district court on a motion to dismiss). As the 1992 Shuster Agreement is referred to throughout DC's first amended complaint (FAC) in this action (*see, e.g.*, FAC ¶¶ 3-4, 6, 51-55, 112-117, 125-128, 175-179) and is the basis in part of Plaintiff's First and Second Claims for Relief, it is proper for the Court to consider the 1992 Shuster Agreement on Defendants' motion to dismiss.

2. Defendants request that the Court take judicial notice of the agreement between Pacific Pictures Corporation ("PPC"), on the one hand, and Jean Peavy and Mark Warren Peary, on the other hand, made as of November 23, 2001 (the "2001 PPC Agreement"). The 2001 PPC Agreement is attached hereto as **Exhibit B**.

On a motion to dismiss under Rule 12(b)(6), courts consider documents incorporated by reference in the complaint. *Ritchie*, 342 F.3d at 908; *Von Koenig*, 2010 WL 1980208. As the 2001 PPC Agreement is referred to throughout the Plaintiff's FAC in this action (*see, e.g.*, FAC ¶¶ 3, 6, 11, 60-65, 90, 98-99, 120, 132, 169, 177-178, 192-193) and is an alleged basis for Plaintiff's First, Third, Fourth and Sixth Claims for Relief, it is proper for the Court to consider the 2001 PPC Agreement on Defendants' motion to dismiss.

3. Defendants request that the Court take judicial notice of the agreement between IP Worldwide, Inc., on the one hand, and Joanne Siegel and Laura Siegel Larson, on the other hand, dated as of October 3, 2002 ("the 2002 IPWW Agreement"). The 2002 IPWW Agreement is attached hereto as **Exhibit C**. On a motion to dismiss under Rule 12(b)(6), courts consider documents incorporated by

reference in the complaint. *Ritchie*, 342 F.3d at 908; *Von Koenig*, 2010 WL 1980208. As the 2002 IPWW Agreement is referred to throughout Plaintiff's FAC in this action (*see, e.g.*, FAC ¶¶ 3, 8, 81-84, 188, 193) and is an alleged basis of Plaintiff's Third, Fifth and Sixth Claims for Relief, it is proper for the Court to consider the 2002 IPWW Agreement on Defendants' motion to dismiss.

4. Defendants request that the Court take judicial notice of the agreement between PPC, on the one hand, and Jean Peavy and Mark Warren Peary, on the other hand, dated October 27, 2003 (the "2003 PPC Agreement"). The 2003 PPC Agreement is attached hereto as **Exhibit D**. On a motion to dismiss under Rule 12(b)(6), courts consider documents incorporated by reference in the complaint. *Ritchie*, 342 F.3d at 908; *Von Koenig*, 2010 WL 1980208. As the 2003 PPC Agreement is referred to throughout Plaintiff's FAC in this action (*see, e.g.*, FAC ¶¶ 3, 10-11, 90, 92, 98-99, 101, 120, 130, 132, 169, 177-178, 192-193) and is an alleged basis of Plaintiff's First, Third, Fourth and Sixth Claims for Relief, it is proper for the Court to consider the 2003 PPC Agreement on Defendants' motion to dismiss.

5. Defendants request that the Court take judicial notice of the Notice of Termination of Transfer Covering Extended Copyright Renewal Term of "Superman" (the "Shuster Termination") served by Mark Warren Peary, as personal representative of the Estate of Joseph Shuster, on Plaintiff DC Comics, among others, on November 10, 2003 and recorded with the U.S. Copyright Office on December 3, 2003. A true and correct copy of the Notice of Termination and Certificate of Recordation with the U.S. Copyright Office is attached hereto as **Exhibit E**.

On a motion to dismiss under Rule 12(b)(6), courts are permitted to consider documents incorporated by reference in the complaint. *Ritchie*, 342 F.3d at 908; *Von Koenig*, 2010 WL 1980208. As the Notice of Termination is referred to throughout plaintiff's FAC in this action (*see, e.g.*, FAC ¶¶ 92-101, 105-164) and is an alleged basis of Plaintiff's First, Second and Fourth Claims for Relief, it is proper for the Court to consider the Notice of Termination on Defendants' motion to dismiss.

Moreover, the Court may take judicial notice of such records from the U.S. Copyright Office. *See Island Software & Computer Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 261 (2d Cir. 2005) (taking judicial notice of copyright registrations); *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986) (holding that on a motion to dismiss a court may take judicial notice of matters of public record outside the pleadings).

6. Defendants request that the Court take judicial notice of the agreement between PPC, on the one hand, and Jean Peavy and Mark Warren Peary, on the other hand, dated September 10, 2004 (the "2004 PPC Agreement"). The 2004 PPC Agreement is attached hereto as **Exhibit F**. On a motion to dismiss under Rule 12(b)(6), courts consider documents incorporated by reference in the complaint. *Ritchie*, 342 F.3d at 908; *Von Koenig*, 2010 WL 1980208. As the 2004 PPC Agreement is referred to throughout Plaintiff's FAC in this action (*see, e.g.*, FAC ¶¶ 99, 121, 169, 171-172, 177-178) and an alleged basis of Plaintiff's First, Third, Fourth and Sixth Claims for Relief, it is proper for the Court to consider the 2004 PPC Agreement on Defendants' motion to dismiss.

7. Defendants request that the Court take judicial notice that DC Comics was in possession of the 2001 and 2003 PPC Agreements, and the 2002 IPWW Agreement on or before November 17, 2006. Rule 201 of the Federal Rules of Evidence permits a court to take judicial notice of a fact that is "not subject to reasonable dispute in that it is … capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "Subsection (d) [of Rule 201] makes the taking of judicial notice mandatory if the Court is so requested and supplied with the necessary information." *Haye v. United States*, 461 F. Supp. 1168, 1174 (C.D. Cal. 1978). That the 2001 and 2003 PPC Agreements and 2002 IPWW Agreement were produced to DC in the closely-related case *Siegel v. Warner Bros. Entertainment Inc.*, C.D. Cal. Case No. 04-CV-08400 ODW (RZx) ("*Siegel*") is not subject to reasonable dispute. Such agreements,

1 | attached hereto as Exhibits B, C and D, respectively, were Bates stamped as follows:

2 |     2001 PPC Agreement:        PPC 00005-00008

3 |     2003 PPC Agreement:        PPC 00001-00004

4 |     2002 IPWW Agreement:      IPW 00001-00004

*See also* November 15, 2006 letter from Marc Toberoff to counsel for DC, including facsimile cover sheet, attached hereto as **Exhibit G**, enclosing the document productions Bates-stamped IPW 00001-00016 and PPC 00001-00009; *Werner v. Werner*, 267 F.3d 288, 295-296 (3d Cir. 2001) (determination on a motion to dismiss of whether defendants produced corporate meeting minutes during discovery in related state court action "is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned by [defendants]").

      Moreover, it cannot be disputed that DC Comics had possession of the 2001 and 2003 PPC Agreements, and the 2002 IPWW Agreement on or before November 17, 2006, as they were introduced as exhibits by DC Comics in its deposition of Marc Toberoff in *Siegel*, which took place on November 17, 2006. *See* cover pages and exhibits list of the transcript of the deposition of Marc Toberoff and documents stamped as Exhibits 13, 14, & 18 thereto, attached hereto as **Exhibit H**; *Brodsky v. Yahoo! Inc.*, 630 F. Supp. 2d 1104, 1111 (N.D. Cal. 2009) (court takes judicial notice on a motion to dismiss of conference call transcripts for the fact that statements were made on the dates specified).

      8.    Defendants request that the Court take judicial notice of a letter from attorney Marc Toberoff to DC's attorney Michael Bergman dated May 2, 2008, which was "Exhibit B" to the Declaration of Michael Bergman in Support of DC's Motion to Compel filed on December 30, 2008 (Docket Nos. 395-1, 395-2) in the related *Siegel* case. A true and correct copy of the December 30, 2008 Declaration of Michael Bergman and the May 2, 2008 Letter, as redacted by DC's counsel, is attached hereto as **Exhibit I**. It is proper for the Court to take judicial notice of proceedings and determinations of prior related litigation. 1-201 *Weinstein's Federal*

*Evidence* § 201.12[3] ("Courts have the power to judicially recognize their own records of prior litigation closely related to the present case"). *See Stein v. State of Arizona*, 2010 WL 2541136 (D. Ariz. June 18, 2010) (on motion to dismiss, taking judicial notice of plaintiff's sentencing documents and release order in related criminal case against plaintiff) (citing *Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1198 (9th Cir. 1988)); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.,* 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice, as a matter of public record, of briefs, pleadings, memoranda, expert reports from related litigation); *Kourtis v. Cameron*, 419 F.3d 989, 1001 (9th Cir. 2005) ("[C]ourt records from related proceedings can be taken into account without converting a motion to dismiss into a summary judgment motion"), *abrogated on other grounds by Taylor v. Sturgell*, 553 U.S. 880 (2008).

9.  Defendants request that the Court take judicial notice of the Judgment dated May 17, 2011 (Docket No. 669), that this Court entered in the related *Siegel* case. A true and correct copy of the Judgment is attached hereto as **Exhibit J**. It is proper for the Court to take judicial notice of proceedings and determinations of prior related litigation. 1-201 *Weinstein's Federal Evidence* § 201.12[3]. *See Stein*, 2010 WL 2541136 (citing *Emrich,* 846 F.2d at 1198); *Reyn's Pasta Bella, LLC,* 442 F.3d at 746 n.6.

Pursuant to Federal Rules of Evidence 201, and for the reasons set forth above, Defendants respectfully request that this Court take judicial notice of the documents described above.

| Dated:  October 14, 2011 | RESPECTFULLY SUBMITTED, |
|---|---|
| | /s/ Laura Brill |
| | Laura Brill |
| | |
| | KENDALL BRILL & KLIEGER LLP |
| | Attorneys for Defendants Marc Toberoff, Pacific Pictures Corporation, IP Worldwide, LLC, and IPW, LLC |

/s/ Marc Toberoff
Marc Toberoff

TOBEROFF & ASSOCIATES, P.C.
Attorneys for Defendants Mark Warren Peary, as personal representative of the Estate of Joseph Shuster, Jean Adele Peavy, and Laura Siegel Larson, individually and as personal representative of the Estate of Joanne Siegel

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' CONSOLIDATED MOTION TO DISMISS