DC COMICS INC.
1325 Avenue of the Americas
New York, New York 10019
(212) 636-5555
FAX (212) 636-5401



Paul Levitz/Executive Vice President & Publisher

Dated as of August 1, 1992

Mr. Frank Shuster                    Ms. Jean Shuster Peavy
98-120 Queens Blvd., Apt. 4K         316 Horton Lane, NW
Rego Park, NY  11374                 Albuquerque, NM  87114

Dear Mr. Shuster and Ms. Peavy:

        This is to confirm our agreement to pay you, collectively, a total of $25,000 a year, payable to Jean Shuster Peavy, commencing as of August 1, 1992, for as long as either one of you is alive.  Such amounts shall be payable in accordance with Warner Communication Inc.'s customary payroll practices and shall be subject to all applicable withholding taxes.  If Jean Shuster Peavy shall predecease Frank Shuster, then the foregoing payments shall be made to Frank Shuster for as long as he shall live.

        We ask you to confirm by your signatures below that this agreement fully settles all claims to any payments or other rights or remedies which you may have under any other agreement or otherwise, whether now or hereafter existing regarding any copyrights, trademarks, or other property right in any and all work created in whole or in part by your brother, Joseph Shuster, or any works based thereon.  In any event, you now grant to us any such rights and release us, our licensees and all others acting with our permission, and covenant not to assert any claim of right, by suit or otherwise, with respect to the above, now and forever.

        If, despite the terms of this agreement, either of you assert any such claim of right, for any reason, you agree to refund to us, upon the making of any such assertion, all amounts previously paid to you hereunder, and we will have no obligation to make any further payments under this agreement.  We also reserve all of our other rights, remedies and defenses in such an event.

        If after full consideration of the foregoing, you accept and agree to all of the above, please so indicate by signing below where indicated.

                              Very truly yours,

                              DC Comics

                              By: _____
                                  Paul Levitz

ACCEPTED AND AGREED TO:

_Frank Shuster_
Frank Shuster                         Dated: _10/2/92_

_Jean Shuster Peavy_
Jean Shuster Peavy                    Dated: _10/2/92_

EXHIBIT A
8

8

## JOINT VENTURE AGREEMENT

AGREEMENT made as of November 23, 2001 by and between Pacific Pictures Corporation ("PPC") with offices at 23852 Pacific Coast Highway, Suite 555, Malibu, CA 90265 ; tel. (310) 589-5151; fax: (310) 589-5152 and Jean A. Peavy and her son Mark Warren Peary (f/k/a Mark Warren Peavy) (individually and collectively, "Claimants") located at 51 Camino Cabo, Sante Fe, New Mexico 87508; tel. / fax: (505) 466-4551, regarding the formation of a joint venture for the purpose of retrieving, enforcing and exploiting all of Joe Shuster's, and his estate's rights, claims, copyrights, property, title and interests in and to Joe Shuster's creations (hereinafter, such rights, property and claims, are individually and collectively referred to as the "Rights").

    1.    The Rights shall include without limitation, all current and future rights, claims, title, copyrights and interests in and to each character, story element, and indicia associated with, and all rights to proceeds from "SUPERMAN," or the "SUPERMAN" stories and comic books, such as, without limitation, "Superman," "Clark Kent," "Lois Lane," "Jimmy Olsen," "Lex Luther," "Lana Lang," "Mr. Mxyztplk," "Superboy," "Supergirl," "The Daily Planet," "Krypton," "Kryptonite," and "Smallville."

    2.    In consideration of the mutual covenants contained herein and other good and valuable consideration, PPC and Claimants hereby form a joint venture (the "Venture") to investigate, retrieve, enforce and exploit the Rights, including without limitation, via the establishment of Joe Shuster's estate and the estate's termination pursuant to Section 304 (c) of the U.S. Copyright Law (Title 17, U.S.C.) of any and all grant or transfers by Joe Shuster of any copyright interest in his creations. In consideration for PPC'S contributions to the Venture and the mutual covenants contained herein Claimants hereby transfer and assign to the Venture their rights, title and interests in the Rights. The name of the Venture shall be the "Joe Shuster Venture." The Venture's office address shall be the California address set forth above.

    3.    PPC will pay any and all costs and expenses of the Venture, including the legal fees and costs of setting up Joe Shuster's estate, U.S. copyright office costs such as document retrieval costs and filing fees, research costs, and any and all attorneys' fees, costs and disbursements in connection with any legal actions or disputes concerning the enforcement and/or defense of the Rights and the Venture. In addition to attorneys' fees, PPC will be responsible for the payment of any legal filing fees, expert witness fees, subpoena and service of process fees, jury fees, deposition transcript costs, photocopying,

Initials: _(handwritten initials)_

Page 2
Joint Venture Agreement / Joe Shuster
11/23/01

postage, long distance telephone and fax charges, computerized legal research, reporter's
fees, costs for preparation of exhibits and demonstrative evidence, travel costs outside of
the Los Angeles area if required, and messenger fees. Any and all attorneys' fees payable
on a contingency basis will be paid solely out of PPC'S share of Proceeds set forth in
paragraph 5 below.

4.      The terms of any and all agreements regarding any of the Rights, in any
respect, shall be subject to the express written approval of Claimants and PPC. The
parties each warrant and represent that after signing this Agreement they will not without
the express written consent of all the parties transfer, limit or encumber the Rights in any
respect.

5.      Any and all moneys and proceeds received from the enforcement,
settlement or exploitation of any of the Rights, including without limitation, fixed and
contingent compensation, settlement or judgment amounts, purchase prices, option or
quitclaim fees, and/or royalties (" Proceeds"), will be shared, divided and payable: fifty
percent (50%) to Claimants and fifty percent (50%) to PPC. The parties will use all
reasonable efforts to have Joe Shuster's estate/administrator and third party payors, if
any, directly pay to the Claimants and PPC their respective fifty percent (50%) share of
Proceeds. Prior to the above distribution of Proceeds, PPC will be entitled to recoup all of
its out-of-pocket expenses under this Agreement subject to the presentation to Claimants
of a reasonable accounting and receipts for said expenses.

6.      All notices, correspondence and payments to each party under this
Agreement shall be sent to the respective addresses set forth on page 1 of this Agreement
unless either party notifies the other of an address change in writing.

7.      The Venture and/or the Estate of Joe Shuster (to be established hereunder)
will retain Marc Toberoff, Esq. to render legal services in connection with the Rights and
the Venture, including in connection with all legal disputes, litigation, arbitration and/or
mediation regarding the Rights; to implement, enforce and prosecute the Rights;  and to
handle the negotiation of any contracts regarding exploitation of the Rights.

Initials

**EXHIBIT B**
**10**

PPC 00006

Page 3
Joint Venture Agreement / Joe Shuster
11/23/01

8.    The term ("Term" ) of the Venture shall extend for the full duration of the Rights and any exploitation of the Rights. Upon the expiration of the Term and the winding-up of the Venture or in the event of termination of the Venture for any reason, all Rights, property or assets of the Venture will be held fifty percent (50%) by the Claimants and fifty percent (50%) by PPC as tenants in common, and Claimants and PPC will each be entitled to receive and continue to receive fifty percent (50%) of all Proceeds derived from the Rights after termination of the Venture.

9.    To cover the unlikely event that Marc Toberoff dies or is disabled; PPC will prior to service of any notice of termination regarding the Rights (pursuant to Section 304 (c) of the U.S. Copyright Law) either (a) arrange for a suitable replacement attorney experienced in copyright litigation and willing to enforce the Rights on solely a contingent fee basis; or (b) if no such replacement attorney is arranged to obtain "key man" insurance for Mr. Toberoff in the amount of $150,000 payable solely to Claimants.

10.    All parties agree to execute such further documents and to perform such further acts as may be reasonably necessary or desirable to carry out the purposes and effect of this Agreement, including without limitation an irrevocable letter of authority instructing the administrator of Joe Shuster's Estate to divide and disburse all Proceeds from the Rights as set forth in paragraph 5 above. When required hereunder, consent shall not be unreasonably withheld by any party regarding the business of the Venture. The parties hereby approve Michael Catron for appointment as the administrator of Joe Shuster's Estate, once it is established.

11.    This Agreement contains the full understanding of the parties and supersedes all prior or contemporaneous understandings whether written or oral with respect to the subject matter hereof and may not be modified except in writing signed by the party to be bound. By countersigning this Agreement the parties each acknowledge that they clearly understand the terms and conditions of this Agreement; and have agreed to these terms and conditions after detailed and mature deliberation. The parties further acknowledge that they have not signed this Agreement in reliance on any promise or representation not expressly set forth in this Agreement. The parties have mutually participated in the negotiation and drafting of this Agreement and agree that the terms of this Agreement shall not be construed more favorably to one party than the other. To the extent any provision of this Agreement is found invalid, said provision shall be stricken

**EXHIBIT B**
11

PPC 00007

Page 4
Joint Venture Agreement / Joe Shuster
11/23/01


and shall not affect the validity of the remaining provisions hereof. This Agreement shall bind and inure to the benefit of the parties, their respective heirs, successors and assigns. Executed facsimile copies of this Agreement shall be valid acceptable substitutes for executed originals.

11.    This Agreement shall be governed by the laws of California applicable to agreements made and to be performed therein.

Agreed, understood and accepted:

Pacific Pictures Corporation


_____

By: Marc Toberoff, President                    Date: _Nov. 28, 2001_


_____

Jean A. Peavy                                   Date: _Nov. 28, 2001_


_____

Mark Warren Peary                               Date: _Nov. 28, 2001_
(f/k/a Mark Warren Peavy)

**EXHIBIT B**
**12**

# Ip worldwide

As of October 3, 2002

Joanne Siegel
13929 Marquesas Way, Apt. 201A
Marina Del Rey, CA 90292

Laura Siegel Larson
6400 Pacific Avenue, #106
Playa Del Rey, CA 90293

**RECEIVED**

OCT 2 ~

Marc Toberoff

Re: *"Superman"*

Dear Joanne and Laura:

This letter shall confirm the agreement and understanding between you ("Owner") and us ("IPW") regarding Owner's retention of IPW to exclusively represent Owner with respect to any and all of Owner's rights, claims, title and interest in and to the comic book property commonly known as *"Superman,"* including, without limitation, all characters and copyright interests therein (jointly and individually, "Rights"):

1.     In consideration for IPW's services set forth below, the mutual covenants contained herein and other good and valuable consideration, Owner hereby grants IPW the exclusive right to represent Owner and the Rights throughout the world in negotiating and assisting Owner to arrange and negotiate the sale, lease, license and all other dispositions or exploitations of the Rights, for the Term set forth below.

2.     IPW will furnish and provide the legal services of Marc Toberoff, Esq., and the business services of Ariel Emanuel and IPW's support staff and employ its network of business relationships and resources to market and negotiate the sale, license, settlement and/or other disposition of the Rights on your behalf, and will advise you and consult with you with respect thereto. IPW will also provide Marc Toberoff's legal services with respect to all legal contracts in connection with all of the above. IPW will be solely responsible for Marc Toberoff's legal fees in connection herewith, if any.

3.     The terms of any and all agreements regarding the Rights will require Owner's express written approval.

4.     IPW will pay its own costs and expenses in connection with this Agreement, including without limitation, office overhead, photocopying, messenger fees, postage and overnight mail, long distance telephone and fax charges, travel and accommodation costs and any legal fees to Marc Toberoff, and such costs will not be recoupable from Proceeds hereunder. Notwithstanding this, in the event IPW advances or loans Owner moneys to pay costs in furtherance of the Rights (e.g., US Copyright Office fees and audit fees, if any) the terms and repayment of any such advances or loans will be set forth in a separate written agreement between the parties.

9701 Wilshire Boulevard, 10th Floor Beverly Hills, CA 90212 Tel: (310) 246-3100; Fax: (310) 246-3335
E-mail: MToberoff@IPWW.biz

**EXHIBIT C**
13

IPW 00001

·2002 04:36 PM    1    827 7227    P.03
Oct-21-02    08:18pm    From-    T-288 P.005/019 F-766



Page 2
Retainer Agreement/ *Superman*
As of October 3, 2002

5.    The term ("Term") of this Agreement is eighteen (18) months from the
date this Agreement is executed by all parties. In the event the parties are actively
negotiating an agreement regarding the Rights when the Term is due to expire, the Term
will automatically be extended for three (3) additional months. In the event during the
Term either Marc Toberoff or Ariel Emanuel are unable to render services in
connection with this Agreement for a continuous period greater than three (3) months due
to death, incapacity or otherwise, Owner may in its discretion terminate this Agreement
prior to the expiration of the Term.

6.    In consideration of the services to be furnished by IPW hereunder you
hereby agree to pay and authorize IPW to retain out of all gross compensation, moneys or
other consideration that may be payable or recovered for or by reason of Owner's Rights
whether by negotiation, dispute resolution, settlement or otherwise ("Proceeds"): a fee
("Fee") of ten percent (10%) of any and all gross compensation payable including ,
without limitation, option, quitclaim or licensing fees, purchase price, settlement
amounts, advances, fixed and/or contingent compensation. In computing IPW's fee no
deduction will be made from gross Proceeds, including, without limitation, no deduction
for Owner's taxes, expenses and/or moneys payable to any and all third parties if any.
IPW's Fee shall apply to any and all agreements regarding the Rights made during the
Term or the material terms of which are substantially negotiated during the Term and/or
to any agreements between Owner and an investor or buyer introduced by IPW to Owner
during the Term. For the avoidance of doubt, in the event *"Superman"* and the Rights are
sold, settled, licensed or otherwise exploited in conjunction with other characters or rights
owned or controlled by Owner (e.g., *"Superboy"*); it is understood and agreed that IPW
will not "double dip" and the above 10% IPW Fee will apply to gross Proceeds from any
said joined transaction(s).

Notwithstanding the above, for purposes of computing IPW's Fee,
Proceeds will not include Joanne Siegel's annual "pension" payments which commenced
in 1996 (currently $ 126,148 annually, plus cost of living increases or bonuses, if any)
and her full medical and dental coverage provided by AOL Time Warner which
consideration and interests pre-date and are wholly separate from her copyright
termination interests.

///
///
///
///
///
///

EXHIBIT C
14

IPW 00002

Oct-21-02  08:18pm    From-                                    1       829  7227        P.04

                                                               T-284  P.008/013  F-798



Page 3
Retainer Agreement/ *Superman*
As of October 3, 2002

7.    Owner hereby authorizes IPW to collect and receive all Proceeds due and payable; to endorse and deposit any checks or moneys payable into a client trust account on Owner's behalf; to deduct IPW's fee as set forth above; whereupon IPW will promptly pay the remainder directly to Owner as directed by Owner in writing. It is understood that the Rights may involve multiple rights and claims against multiple parties and accordingly IPW's above fee shall be applicable to each Rights payment or recovery from any party and same is not contingent on any other Rights payment.

8.    Owner hereby warrants and represents that Owner will not transfer, assign, license or in any manner encumber the Rights during the Term or extended Term other than through or as a result of IPW's exclusive representation hereunder, with the exception of by will, probate or pursuant to other Court order.

9.    All notices and/or payments hereunder shall be made to the parties at the addresses set forth on page 1 hereof unless and until either party gives the other prior written notice of a change of address.

10.   The parties understand and acknowledge that the scope of this Agreement does not include legal services and/or expenses in connection with litigation or formal legal arbitration, if any. The provision of such services and advancing of such expenses, if requested and desired by Owner, will be rendered and provided by Marc Toberoff, Esq., subject to good faith negotiation of a mutually acceptable agreement executed by Mr. Toberoff and Owner.

11.   This Agreement contains the full understanding of the parties and supersedes all prior or contemporaneous understandings whether written or oral with respect to the subject matter hereof and may not be modified except in writing signed by both parties. The parties acknowledge that they fully understand the terms and conditions of this Agreement and have agreed to such terms and conditions after negotiation, mature thought and deliberation. The parties further acknowledge that they have not signed this Agreement in reliance on any promise or representation not expressly set forth in this Agreement. If any provision of this Agreement is found to be unenforceable, the remainder shall be enforced as fully as possible and the unenforceable provisions shall be deemed modified to the limited extent required to permit its enforcement in a manner most closely representing the intention of the parties expressed herein. The terms of this Agreement shall be construed pursuant to their fair meaning, not for or against either party. This Agreement shall bind and inure to the benefit of the parties, their respective heirs, successors and assigns. Executed facsimile copies of this Agreement shall be valid acceptable substitutes for executed originals. This Agreement shall be governed by the

**EXHIBIT C**
15

IPW 00003



Page 4
Retainer Agreement/ *Superman*
As of October 3, 2002

Laws of the State of California applicable to agreements made in and to be performed therein.

We are very pleased and excited to work with you and will do our very best to handle this matter in a dedicated manner and to achieve results satisfactory to you.

Yours sincerely,

Marc Toberoff
Authorized signatory

Ariel Emanuel
Authorized signatory

Agreed, Understood and Accepted:

Joanne Siegel                           Date: October 23rd-2002

Laura Siegel Larson                     Date: October 23, 2002

IPW 00004

EXHIBIT C
16

# PACIFIC PICTURES CORPORATION

23852 Pacific Coast Highway, Suite 555
Malibu, CA 90265
Tel: (310) 589-5151
Fax: (310) 589-5152

October 27, 2003

Mark Warren Peary (f/k/a Mark Warren Peavy)
Executor
Estate of Joseph Shuster
51 Camino Cabo,
Sante Fe, New Mexico 87508

Dear Warren:

We are pleased to welcome you ("Client") as a client of Pacific Pictures Corp. ("PPC"). This letter is intended to supplement the joint venture agreement dated as of November 23, 2001 between PPC and you and your mother, Jean Peavy, and to confirm the agreement regarding your engagement of our company as the Executor of the recently probated Estate of Joseph Shuster.

1.    Client hereby engages PPC as its exclusive advisor for the purpose of retrieving, enforcing and exploiting all of Joe Shuster's, and his estate's rights, claims, copyrights, property, title and interests in and to Joe Shuster's creations (hereinafter, such rights, property and claims, are individually and collectively referred to as the "Rights"). The Rights shall include without limitation, all current and future rights, claims, title, copyrights and interests of Client in and to each character, story element, and indicia associated with, and all rights to proceeds from "SUPERMAN," or the "SUPERMAN" stories and comic books, including, without limitation, Client's copyright termination interest in "SUPERMAN" pursuant to Section 304(d) of the U.S. Copyright Law.

2.    In furtherance of this exclusive agreement, PPC (which is not a law firm) shall engage the services of attorney Marc Toberoff ("Toberoff") to furnish directly to Client all legal services required by Client in connection with the Rights, including in connection with all legal disputes, litigation, arbitration and/or mediation regarding the Rights; to implement, enforce and prosecute the Rights; and to handle the negotiation of any contracts regarding exploitation of the Rights. PPC may engage additional outside counsel to assist Client, but only at PPC's sole expense.

3.    PPC has paid and will continue to pay any and all costs and expenses incurred by it in connection with this agreement, including the legal fees and costs of setting up Joseph Shuster's Estate, U.S. copyright office costs such as document retrieval costs and filing fees, research costs, and any and all attorneys' fees, costs and disbursements in connection with any legal actions or disputes concerning the

Initials: _MT_, _MWP_

**EXHIBIT D**
**17**

## PACIFIC PICTURES CORPORATION

Page 2
Estate of Joseph Shuster
October 27, 2003

enforcement and/or defense of the Rights and the Estate of Joseph Shuster. In addition to attorneys' fees, PPC will be responsible for the payment of any legal filing fees, expert witness fees, subpoena and service of process fees, jury fees, deposition transcript costs, photocopying, postage, long distance telephone and fax charges, computerized legal research, reporter's fees, costs for preparation of exhibits and demonstrative evidence, travel costs outside of the Los Angeles area if required, and messenger fees. Any and all attorneys' fees payable on a contingency basis will be paid solely out of PPC's share of Proceeds set forth in paragraph 5 below.

4.     The terms of any and all agreements regarding any of the Rights, in any respect, shall be subject to the express written approval of Client and PPC. The parties each warrant and represent that after signing this Agreement they will not without the express written consent of all the parties transfer, limit or encumber the Rights in any respect.

5.     Any and all moneys and proceeds, in cash or in kind, received from the enforcement, settlement or exploitation of any of the Rights, including without limitation, fixed and contingent compensation, settlement or judgment amounts, purchase prices, option or quitclaim fees, and/or royalties (" Proceeds"), will be shared, divided and payable: fifty percent (50%) to Client and fifty percent (50%) to PPC. Prior to the above distribution of Proceeds, PPC will be entitled to recoup all of its out-of-pocket expenses under this Agreement subject to the presentation to Client of a reasonable accounting and receipts for said expenses. The parties hereby acknowledge and agree that the due payment to and receipt by Client of Proceeds hereunder shall constitute the due receipt of Proceeds by Jean Peavy and Warren Peavy, respectively, pursuant to paragraph 5 of the Joint Venture Agreement, in full satisfaction of PPC's obligations under said paragraph.

6.     All notices, correspondence and payments to each party under this Agreement shall be sent to the respective addresses set forth on page 1 of this Agreement unless either party notifies the other of an address change in writing.

7.     The term ("Term") of this agreement shall extend for the full duration of the Rights and any exploitation of the Rights. Upon the expiration of the Term or in the event of termination by Client of this agreement for any reason, all Rights will be held fifty percent (50%) by the Client and fifty percent (50%) by PPC as tenants in common, and Client and PPC will each be entitled to receive and continue to receive fifty percent (50%) of all Proceeds derived from the Rights after termination, if any.

Initials: _____ , _____

PPC 00002

## PACIFIC PICTURES CORPORATION

Page 3
Estate of Joseph Shuster
October 27, 2003

8.    To cover the unlikely event that Marc Toberoff dies or is disabled; PPC will prior to service of any notice of termination regarding the Rights (pursuant to Section 304 (d) of the U.S. Copyright Law) either (a) arrange for a suitable replacement attorney experienced in copyright litigation and willing to enforce the Rights on solely a contingent fee basis; or (b) if no such replacement attorney is arranged to obtain "key man" insurance for Mr. Toberoff in the amount of $150,000 payable solely to Client.

9.    All parties agree to execute such further documents and to perform such further acts as may be reasonably necessary or desirable to carry out the purposes and effect of this Agreement. When required hereunder, consent shall not be unreasonably withheld by any party regarding actions conducted under this agreement.

10.    This Agreement contains the full understanding of the parties and supersedes all prior or contemporaneous understandings whether written or oral with respect to the subject matter hereof and may not be modified except in writing signed by the party to be bound. By countersigning this Agreement the parties each acknowledge that they clearly understand the terms and conditions of this Agreement; and have agreed to these terms and conditions after detailed and mature deliberation. The parties further acknowledge that they have not signed this Agreement in reliance on any promise or representation not expressly set forth in this Agreement. The parties have mutually participated in the negotiation and drafting of this Agreement and agree that the terms of this Agreement shall not be construed more favorably to one party than the other. If any provision of this Agreement is found to be unenforceable for any reason, the remainder shall be enforced as fully as possible and the unenforceable provisions shall be deemed modified to the limited extent required to permit its enforcement in a manner most closely representing the intention of the parties expressed herein. This Agreement shall bind and inure to the benefit of the parties, their respective heirs, successors and assigns. Executed facsimile copies of this Agreement shall be valid acceptable substitutes for executed originals.

11.    This Agreement shall be governed by the laws of California applicable to agreements made and to be performed therein.

If the terms and conditions of this agreement are acceptable to you, please

///
///
///
///

Initials: _HS_ , _MW_

**EXHIBIT D**
**19**

PPC 00003

# PACIFIC PICTURES CORPORATION

Page 4
Estate of Joseph Shuster
October 27, 2003

acknowledge your acceptance by signing below.

Very truly yours,

Marc Toberoff
President

**Approval of Engagement of Pacific Pictures Corp.**

I have read the foregoing agreement and I agree to its terms.

The Estate of Joseph Shuster

Date: 10-30-03

By: Mark Warren Peary, Executor
(f/k/a Mark Warren Peavy)

I have read the foregoing agreement and agree to its terms to the extent any of my interests are concerned.

Date: 10-30-03

Jean A. Peavy

**EXHIBIT D**
**20**

PPC 00004



# Certificate of Recordation

This is to certify that the attached document was recorded
in the Copyright Office on the date and in the place shown below.

This certificate is issued under the seal of the
United States Copyright Office.

| DATE OF RECORDATION | |
|---|---|
| 8Dec03 | |
| **VOLUME** | **DOC. NO.** |
| 3505 | 773 |
| **VOLUME** | **DOC. NO.** |

*Marybeth Peters*

Register of Copyrights and
Associate Librarian for Copyright Services



**RECORDED DOCUMENTS**                    **FL-1OA**

**DATE:**  March 12, 2004

IP Worldwide
9595 Wilshire Blvd. Suite 811
Beverly Hills, CA  90212

ATTN:  MARC TOBEROFF

We have recorded the enclosed document(s) in the official records of the Copyright Office:

| VOLUME | 3505 |
|--------|------|
| DOC. NO. | 773-774 |

The recording fee has been handled as follows:

| RECEIVED | $ |
|----------|---|
| APPLIED | $ |
| REFUNDED (under separate cover) | $ |
| CHARGED TO YOUR DEPOSIT ACCOUNT | $ |

Sincerely yours,

Register of Copyrights

ENCL(S):
DOC(S):   2

Library of Congress
U.S. Copyright Office
101 Independence Ave, SE
Washington, DC 20559-6000
www.copyright.gov

**EXHIBIT E**
**22**

FL-1OA  01/2004: 12,000

**63**

Copyright Office fees are subject to change. For current fees, check the Copyright Office website at *www.copyright.gov*, write the Copyright Office, or call (202) 707-3000.

**DOCUMENT COVER SHEET** Ⓒ
For Recordation of Documents
UNITED STATES COPYRIGHT OFFICE

DATE OF RECORDATION
(Assigned by Copyright Office)

DEC 0 8 2003

| Month | Day | Year |

Volume _3505_ Page _773_

Volume _____ Page _____

FUNDS RECEIVED

Do not write above this line.

**To the Register of Copyrights:**

*Please record the accompanying original document or copy thereof.*

FOR OFFICE USE ONLY

**1** Name of the party or parties to the document spelled as they appear in the document (List up to the first three)

Time Warner Inc.

Time Warner

Warner Bros. Entertainment Inc.

**2** Date of execution and/or effective date of the accompanying document   Dec. 1, 2003
(month) (day) (year)

**3** Completeness of document
☒ Document is complete by its own terms.
☐ Document is not complete. Record "as is."

**4** Description of document
☐ Transfer of Copyright
☐ Security Interest
☐ Change of Name of Owner
☒ Termination of Transfer(s) (Section 304)
☐ Shareware
☐ Life, Identity, Death Statement [Section 302]
☐ Transfer of Mask Works
☐ Other _____

**5** Title of first work as given in the document

"Superman"

**6** Total number of titles in document   _8_

**7** Amount of fee calculated   $ 100

**8** Fee enclosed
☒ Check
☐ Money Order

Fee authorized to be charged to :
☐ Copyright Office
Deposit Account number _____
Account name _____

**9** Affirmation*: I hereby affirm to the Copyright Office that the information given on this form is a true and correct representation of the accompanying document. This affirmation will not suffice as a certification of a photocopy signature on the document.
(Affirmation *must* be signed even if you are also signing Space 10.)

Signature
Date   12/1/03
(310) 246-3100    (310) 246-3101
Phone Number              Fax Number

**10** Certification*: Complete this certification in addition to the Affirmation if a photocopy of the original signed document is substituted for a document bearing the actual signature.
NOTE: This space *may not* be used for an official certification.
  I certify under penalty of perjury under the laws of the United States of America that the accompanying document is a true copy of the original document.

Signature
IP Worldwide/Estate of Joseph Shuste...
Duly Authorized Agent of:
12/1/03
Date

Recordation will be mailed in window envelope to this address:

Name▼
IP Worldwide/Marc Toberoff, Esq.

Number/Street/Apt▼
9595 Wilshire Blvd., Suite 811

City/State/ZIP▼
Beverly Hills, CA 90212

**YOU MUST:**
• Complete all necessary spaces
• Sign your Cover Sheet in Space 9
**SEND ALL 3 ELEMENTS TOGETHER:**
1. Two copies of the Document Cover Sheet
2. Check/money order payable to *Register of Copyrights*
3. Document
**MAIL TO:**
Library of Congress, Copyright Office
Documents Recordation Section, LM-462
101 Independence Avenue
Washington, D.C. 20559-6...

Fees are subject to change. For current fees, check the Copyright Office website at *www.copyright.gov*, write the Copyright Office, or call (202) 707-3000.

EXHIBIT E
23

65

*Knowingly and willfully falsifying material facts on this form may result in criminal liability. 18 U.S.C. §1001

Rev: June 2002—20,000    Web Rev. June 2002    ♻ Printed on recycled paper

U.S. Government Printing Office: 2000-461-113/20,021



V3505 D773

## NOTICE OF TERMINATION OF TRANSFER
## COVERING EXTENDED COPYRIGHT RENEWAL TERM
## OF "SUPERMAN"

To: Time Warner Inc.
75 Rockefeller Plaza
New York, NY 10019
Attn: Richard D. Parsons
Chief Executive Officer

Time Warner
Entertainment Company, L.P.
75 Rockefeller Plaza
New York, NY 10019
Attn: Barry M. Meyer
Chairman & C.E.O.

Warner Bros. Entertainment Inc.
4000 Warner Boulevard
Burbank, CA 91522
Attn: John A. Schulman
V.P & General Counsel

Warner Bros. Inc.
4000 Warner Boulevard
Burbank, CA 91522
Attn: John A. Schulman
V.P. & General Counsel

Warner Communications Inc.
c/o Time Warner, Inc.
75 Rockefeller Plaza
New York, NY 10019
Attn: Paul T. Cappuccio
E.V.P. & General Counsel

Warner Bros. Television
4000 Warner Boulevard
Burbank, CA 91522
Attn: Peter Roth, President

Warner Music Group
75 Rockefeller Plaza
New York, NY 10019
Attn: Roger Ames
Chairman & C.E.O.

Warner Bros. Worldwide
Consumer Products
4000 Warner Boulevard
Burbank, CA 91522
Attn: Dan Romanelli, President

Warner Publisher Services, Inc.
135 W. 50th Street, 7th Floor
New York, NY 10020
Attn: Rich Jacobsen, President

Time Warner Book Group, Inc.
1271 Avenue of the Americas
New York, NY 10020
Attn: Laurence J. Kirshbaum, CEO

Warner Books, Inc.
1271 Avenue of the Americas
New York, NY 10020
Attn: Laurence J. Kirshbaum, CEO

Little, Brown and Company, Inc.
1271 Avenue of the Americas
New York, NY 10020
Attn: Laurence J. Kirshbaum, CEO

DC Comics, Inc.
1700 Broadway, 7th Floor
New York, NY 10019
Attn: Paul Levitz
President & Publisher

DC Comics, a General Partnership
1700 Broadway, 7th Floor
New York, NY 10019
Attn: Paul Levitz
Executive V.P. & Publisher

DC Direct
c/o DC Comics
1700 Broadway, 7th Floor
New York, NY 10019
Attn: Paul Levitz, E.V.P. & Publisher

V3505 D773    Page 1

66

EXHIBIT E
24

Milton Bradley Co.
Division of Hasbro Inc.
433 Shaker Road
East Longmeadow, MA 01028
Attn: David E. Wilson, President

Hasbro, Inc.
1027 Newport Avenue
Pawtucket, RI 02861
Attn: Alan Hassenfeld
Chief Executive Officer

Wildstorm Productions
888 Prospect Street, Suite 240
La Jolla, CA 92037
Attn: Jim Lee
Editor & Director

Wildstorm Productions
c/o DC Comics
1700 Broadway, 7th Floor
New York, NY 10019
Attn: Paul Levitz
President & Publisher

Dark Horse Publications
10956 S.E. Main St.
Milwaukie, OR 97222
Attn: Michael Richardson
President

Cantharus Productions, N.V.
8965 Bay Cove Ct.
Orlando, FL 32819
Attn: Ilya Salkind

Ilya Salkind and Pierre Spengler
12 Chiswick Lane
London W4 2JE, England
Attn: Albion Gee, Esq.
Albion Gee & Co.

Hallmark Entertainment, Inc.
1325 Avenue of the Americas
21st Floor
New York, NY 10019
Attn: Robert Halmi, Jr. Chairman

Marvel Entertainment Group, Inc.
10 East 40th Street, 9th Floor
New York, NY 10016
Attn: F. Peter Cuneo
President & C.E.O.

Golden Books Publishing
1540 Broadway ____
New York, NY 10036
Attn: Amy Jarashow
Associate Publisher

Random House Golden Books for
Young Readers
1540 Broadway
New York, NY 10036
Attn: Kate Klimo
Vice President & Publisher

Random House, Inc.
1745 Broadway
New York, NY 10019
Attn: Katherine J. Trager
Senior V.P. & General Counsel

Inkworks
4320 Delta Lake Dr.
Raleigh, NC 27612
Attn: Allan Caplan
President & CEO

Penguin Group, (USA) Inc.
375 Hudson Street
New York, NY 10014
Attn: David Shanks, C.E.O.

DK Publishing, Inc.
375 Hudson Street
New York, NY 10014
Attn: Christopher Davis, Publisher

Scholastic, Inc.
557 Broadway
New York, NY 10012
Attn: Richard Robinson
Chairman & CEO

**67**

EXHIBIT E
225

PLEASE TAKE NOTICE that pursuant to Section 304(d) of the United States Copyright Act (17 U.S.C. §304(d)) and the regulations issued thereunder by the Register of Copyrights, 37 C.F.R. §201.10, the undersigned Mark Warren Peary, being the person entitled to terminate transfers pursuant to said statutory provisions, hereby terminates the grant of the transfer of renewal copyright(s) (to the extent of author Joseph Shuster's ownership share of the renewal copyright(s)) in and to the copyrighted work(s) entitled "SUPERMAN" made in those certain agreements all as identified below, and the undersigned sets forth in connection therewith the following:

1.      The names and addresses of the grantees and/or successors in title whose rights are being terminated are as follows: Time Warner Inc., 75 Rockefeller Plaza, New York, NY 10019, Attn: Richard D. Parsons, Chief Executive Officer; Time Warner Entertainment Company, L.P., 75 Rockefeller Plaza, New York, NY 10019, Attn: Barry M. Meyer, Chairman & C.E.O.; Warner Bros. Entertainment Inc., 4000 Warner Boulevard, Burbank, CA 91522, Attn: John A. Schulman, V.P. & General Counsel; Warner Bros. Inc., 4000 Warner Boulevard, Burbank, CA 91522, Attn: John A. Schulman, V.P. & General Counsel;  Warner Communications Inc., c/o Time Warner, Inc., 75 Rockefeller Plaza, New York, NY 10019, Attn: Paul T. Cappucio, E.V.P. & General Counsel; Warner Bros. Television, 4000 Warner Boulevard, Burbank, CA 91522, Attn: Peter Roth, President; Warner Music Group, 75 Rockefeller Plaza, New York, NY 10019, Attn: Roger Ames, Chairman & C.E.O.; Warner Bros. Worldwide Consumer Products, 4000 Warner Boulevard, Burbank, CA 91522, Attn: Dan Romanelli, President; Warner Publisher Services, 135 W. 50th Street, 7th Floor, New York, N.Y. 10020, Attn: Rich Jacobsen, President; Time Warner Book Group, Inc., 1271 Avenue of

**68**

the Americas, New York, NY 10020, Attn: Laurence J. Kirshbaum, C.E.O.; Warner

Books, Inc., 1271 Avenue of the Americas, New York, NY 10020, Attn: Laurence J.

Kirshbaum, C.E.O.; Little, Brown, and Company, 1271 Avenue of the Americas, New

York, NY 10020, Attn: Laurence J. Kirshbaum, C.E.O.; DC Comics Inc., 1700

Broadway, 7th Floor, New York, NY 10019, Attn: Paul Levitz, Executive V.P. &

Publisher; DC Comics, A General Partnership, 1700 Broadway, 7th Floor, New York, NY

10019, Attn: Paul Levitz, Executive V.P. & Publisher; DC Direct, c/o DC Comics, 1700

Broadway, 7th Floor, New York, NY 10019, Attn: Paul Levtiz, E.V.P. & Publisher; Milton

Bradley Co., Division of Hasbro, Inc., 433 Shaker Road, East Longmeadow, MA 01028,

Attn: David E. Wilson, President; Hasbro, Inc., 1027 Newport Ave., Pawtucket, RI

02861, Attn: Alan Hassenfeld, Chief Executive Officer; Wildstorm Productions, 888

Prospect Street, Suite 240, La Jolla, CA 92037, Attn: Jim Lee, Editor & Director;

Wildstorm Productions, c/o DC Comics, 1700 Broadway, 7th Floor, New York, NY

10019, Attn: Paul Levitz, President & Publisher; Dark Horse Publications, 10956 S.E.

Main St., Milwaukie, OR 97222, Attn: Michael Richardson, President; Cantharus

Productions, N.V., 8965 Bay Cove Ct., Orlando, FL 32819, Attn: Ilya Salkind; Ilya

Salkind and Pierre Spengler, 12 Chiswick Lane, London W4 2JE, England, Attn: Albion

Gee, Esq., Albion Gee & Co.; Hallmark Entertainment, Inc., 1325 Avenue of the

Americas, 21st Floor, New York, NY 10019, Attn: Robert Halmi, Jr., Chairman; Marvel

Entertainment Group, Inc., 10 East 40th Street, 9th Floor, New York, NY 10016, Attn: F.

Peter Cuneo, President & C.E.O.; Golden Books Publishing, 1540 Broadway, New

York, NY 10036, Attn: Amy Jarashow, Associate Publisher; Random House Golden

Books for Young Readers, 1540 Broadway, New York, NY 10036, Attn: Kate Kilmo,

Vice President & Publisher; Random House, Inc., 1745 Broadway, New York, NY

V3505 D773 Page 4

EXHIBIT E

427

10019, Attn: Katherine J. Trager, Senior V.P. & General Counsel; Inkworks, 4320 Delta

Lake Drive, Raleigh, NC 27612, Attn: Allan Caplan, President & C.E.O.; Penguin Group

(USA) Inc., 375 Hudson Street, New York, NY 10014, Attn: David Shanks, C.E.O.; DK

Publishing, Inc., 375 Hudson Street, New York, NY 10014, Attn: Christopher Davis,

Publisher; Scholastic, Inc., 557 Broadway, New York, NY 10012, Attn: Richard

Robinson, Chairman & C.E.O.  Pursuant to 37 C.F.R. Section 201.10(d), service of this

notice is being made by first class mail, and additionally service of this notice is being

made by certified mail, return receipt requested, to the above grantees or successors at

the addresses shown.

      2.     The works (individually, "Work;" collectively, the "Works") to which this

Notice of Termination applies are as follows[1]: The title of the original copyrighted Work

to which this Notice of Termination applies is SUPERMAN, an illustrated comic book

story constituting a front cover and pages 1-13, inclusive, in the body of Action Comics,

Vol. 1, No. 1, June, 1938 issue, which was published on April 18, 1938. This Work was

registered for copyright under registration No. B379787 and copyright was originally

---

[1] This Notice of Termination applies as well to each and every element of each Work,  including without limitation, the story or stories, character or characters, the interplay of such characters, theme or themes, settings or locales, and includes, but is not limited to, Superman, his origins and escape as an infant to Earth in a rocket ship, his super strength, his invulnerability (bullets bounce off his chest and he's impervious to fire), his super speed, his ability to leap great distances in a single bound, his telescopic vision, his super hearing and sense of smell,  his sense of humor, his clean-cut good looks, his high morals, ethics and compassion, his mission as a crime fighter and as a champion of the underdog, his stylized costume and cape, the diamond shaped "S" insignia on his chest, his secret identity / alter ego as the mild mannered bespectacled newspaper reporter, Clark Kent, the feisty and attractive female reporter love interest, Lois Lane, the love triangle between Superman, Lois Lane and Clark Kent, Clark Kent's boss / newspaper Editor (a.k.a. Perry White), the Daily Planet newspaper (f.k.a. the Daily Star) where Clark Kent, Lois Lane and the Editor work, the great skyscraper metropolis where these characters live (a.k.a. Metropolis), Superman's scientist father (a.k.a. Jor L) and Superman's birthplace --a highly advanced but doomed distant planet (a.k.a. Krypton).

V3505  D773   Page  5

secured in this Work as of its April 18, 1938 publication date. This Work was written by Jerome Siegel and illustrated by Joseph Shuster.  Renewal of the copyright in and to this Work was made on June 1, 1965, in the name of National Periodical Publications, Inc. claiming as proprietor of copyright, under renewal registration No. R362188.  This Work was based upon, incorporated, and constituted a slightly revised version of, the following Works to which this Notice of Termination also applies: twenty-four days (i.e., four six day weeks) of previously unpublished SUPERMAN newspaper comic strips, created c. 1934, written by Jerome Siegel and illustrated by Joseph Shuster.[2] The remaining Works to which this Notice of Termination applies are:

| Title | Name of Author | Date Copyright Secured | Copyright  Reg. No. |
|-------|----------------|------------------------|---------------------|
| SUPERMAN story in comic book form | Jerome Siegel Joseph Shuster | Work created c.1933 | N/A[3] |

---

[2] In Siegel and Shuster v. National Comics Pub., Inc. et al., the court found that Jerome Siegel and Joseph Shuster were "the originators and authors of the cartoon character Superman and of the title Superman and first created cartoon material in which said character and title first appeared in 1934...," and further found that this material as incorporated in Action Comics No. 1 constituted:  "the formula for the continuing SUPERMAN series to come. It depicted and narrated the origin of the character SUPERMAN, and contained a complete delineation of the pictorial representation of SUPERMAN, of his habits and character, of the superhuman powers and attributes with which SUPERMAN was endowed and of the sphere of public good which SUPERMAN exploits were to enhance." Findings of Fact and Conclusions of Law by Referee J. Addison Young, ¶¶ 8, 22 (November 1, 1947); See also Siegel and Shuster v. National Comics Pub., Inc. et al., Opinion of Referee J. Addison Young, page 9 ("[the aforementioned material] certainly contained the full delineation of the character Superman and though the story or continuity might vary in the future from time to time, it did, I believe constitute a formula for the continuing series to come..."). In Siegel v. National Periodical Publications, Inc, the Second Circuit Court of Appeals reversed the District Court's determination that Action Comics No. 1 was a work-for-hire and held: "Superman and his miraculous powers were completely developed long before the employment relationship was instituted. The record indicates that the revisions directed by the defendants were simply to accomodate Superman to a magazine format." 508 F.2d 909, 914 (2nd Circuit 1974).

[3] The second and third Works listed in this table as well as the above-referenced 24 days of previously unpublished SUPERMAN newspaper comic strips were first published in a somewhat revised form on April 18, 1938 as Action Comics, Vol. 1, No. 1, June, 1938, which was registered for copyright under registration No. B379787 and renewed under registration No. R362188.

V3505 D773   Page 6

| Title | Name of Author | Date Copyright Secured | Copyright Reg. No. |
|---|---|---|---|
| 15 SUPERMAN daily comic strips (12 strips and 3 scripts) | Jerome Siegel Joseph Shuster | Work created c.1934 | N/A |
| Action Comics #2 [4] | Jerome Siegel Joseph Shuster | May 25, 1938 | B379788 |
| Action Comics #3 | Jerome Siegel Joseph Shuster | June 25, 1938 | B385466 |
| Action Comics #4 | Jerome Siegel Joseph Shuster | July 25, 1938 | B387907 |
| Action Comics #5 | Jerome Siegel Joseph Shuster | August 25, 1938 | B394784 |
| Action Comics # 6 | Jerome Siegel Joseph Shuster | September 26, 1938 | B394866 |
| Action Comics # 7 | Jerome Siegel Joseph Shuster | October 25, 1938 | B399214 |

3.      This Notice of Termination applies to the following grants, assignments, transfers and/or agreements to the extent each grants, transfers or assigns the renewal copyright (or any interest in or to the renewal copyright) to any Work identified hereinabove:

(a)     A one page agreement between Detective Comics, Inc., on the one hand and Jerome Siegel and Joe Shuster, co-authors of the comic book/strip SUPERMAN, on the other, executed on or about March 1, 1938;

---

[4] Action Comics Nos. 2-6 were reprinted in Superman Nos. 1 and 3 (Copyright Reg. Nos. AA299871 and B443035, respectively) to which this Notice of Termination, therefore, also applies.

**EXHIBIT E**
**30**

V3505 D773    Page 7

(b)     A two page agreement of purported employment between Detective Comics, Inc., on the one hand, and Jerome Siegel and Joe Shuster, co-authors of the comic book/strip SUPERMAN, on the other, executed on or about December 4, 1937;

(c)     A three page letter agreement between Detective Comics, Inc., on the one hand, and Jerome Siegel and Joseph Shuster, co-authors of the comic book/strip SUPERMAN, on the other, executed on or about September 22, 1938;

(d)     A three page letter agreement between Detective Comics, Inc. and The McClure Newspaper Syndicate, on the one hand, and Jerome Siegel and Joseph Shuster, co-authors of the comic book/strip SUPERMAN, on the other, executed on or about September 22, 1938;

(e)     A two page letter agreement between Detective Comics, Inc., on the one hand, and Jerome Siegel and Joseph Shuster, co-authors of the comic book/strip SUPERMAN, on the other, executed on or about December 19, 1939;

(f)     A seven page agreement or stipulation between National Comics Publications, Inc., Independent News Co., Inc., The McClure Newspaper Syndicate, Harry Donenfeld, Jacob S. Liebowitz, Paul H. Sampliner and Wayne Boring, on the one hand, and Jerome Siegel and Joseph Shuster, co-authors of the comic book/strip SUPERMAN, on the other, executed on or about May 19, 1948;

(g)     A twelve page letter agreement (with additional pages for exhibits) between Warner Communications Inc., on the one hand, and Jerome Siegel and Joseph Shuster, co-authors of the comic book/strip SUPERMAN, on the other, executed on or about December 23, 1975.

4.     The effective date of termination shall be October 26, 2013.

**EXHIBIT E**
831

73

5.    No prior termination of the grants of rights in the copyright of the aforementioned Works for their renewal copyright term has been exercised by the author, Joseph Shuster, or his statutory heirs or representatives pursuant to Section 304 (c) of the United States Copyright Act (17 U.S.C. §304(c)).

6.    Joseph Shuster died on July 30, 1992.  There is no living widow, child or grandchild of Mr. Shuster. The undersigned, Mark Warren Peary is the Executor  of the Estate of Joseph Shuster; and, as such, is the person entitled to exercise Joseph Shuster's termination interest pursuant to 17 U.S.C. § 304 (d), incorporating without limitation 17 U.S.C. § 304 (c)(2)(D), as to the grants of the transfers described herein. To the best knowledge and belief of the undersigned, this notice has been signed by all persons whose signature is necessary to terminate said grants under Section 304(d) of Title 17, United States Code.

Dated: November ⁊ , 2003

*Mark Warren Peary*

Mark Warren Peary
Executor of the Estate of Joseph Shuster
c/o Marc Toberoff, Esq.
9595 Wilshire Boulevard, Suite 811
Beverly Hills, CA 90212

V3505 D773  Page 9

## CERTIFICATE OF INVESTIGATION

I hereby certify that before serving the foregoing document described as NOTICE OF TERMINATION OF TRANSFER COVERING EXTENDED RENEWAL TERM OF "SUPERMAN", and pursuant to 37 C.F.R. Section 201.10(d), I caused a reasonable investigation to be made as to the current ownership of the rights being terminated, including a search of the records in the U.S. Copyright Office.

I declare under penalty of perjury that the foregoing is true and correct. Executed this /0ᵀᴴ day of November, 2003, at Los Angeles, California.

Marc Toberoff, Esq.
9595 Wilshire Boulevard, Suite 811
Beverly Hills, CA 90212

Counsel for the Estate of Joseph Shuster

V3ɔʊ5 D773  Page 10

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true copy of the foregoing document described as

NOTICE OF TERMINATION OF TRANSFER COVERING EXTENDED RENEWAL

TERM OF "SUPERMAN" to be served this _10th_ day of November, 2003, by First Class

Mail, postage prepaid, upon the following:

To:  Time Warner Inc.
75 Rockefeller Plaza
New York, NY 10019
Attn: Richard D. Parsons
Chief Executive Officer

Time Warner
Entertainment Company, L.P.
75 Rockefeller Plaza
New York, NY 10019
Attn: Barry M. Meyer
Chairman & C.E.O.

Warner Bros. Entertainment Inc.
4000 Warner Boulevard
Burbank, CA 91522
Attn: John A. Schulman
V.P. & General Counsel

Warner Bros. Inc.
4000 Warner Boulevard
Burbank, CA 91522
Attn: John A. Schulman
V.P. & General Counsel

Warner Communications Inc.
c/o Time Warner, Inc.
75 Rockefeller Plaza
New York, NY 10019
Attn: Paul T. Cappucio
E.V.P. & General Counsel

Warner Bros. Television
4000 Warner Boulevard
Burbank, CA 91522
Attn: Peter Roth, President

Warner Music Group.
75 Rockefeller Plaza
New York, NY 10019
Attn: Roger Ames
Chairman & C.E.O

Warner Bros. Worldwide
Consumer Products
4000 Warner Boulevard
Burbank, CA 91522
Attn: Dan Romanelli, President

Warner Publisher Services, Inc.
135 W. 50th Street, 7th Floor
New York, NY 10020
Attn: Rich Jacobsen
President

Time Warner Book Group, Inc.
1271 Avenue of the Americas
New York, NY 10020
Attn: Laurence J. Kirshbaum, CEO

Warner Books, Inc.
1271 Avenue of the Americas
New York, NY 10020
Attn: Laurence J. Kirshbaum, CEO

Little, Brown and Company, Inc.
1271 Avenue of the Americas
New York, NY 10020
Attn: Laurence J. Kirshbaum, CEO

DC Comics, Inc.
1700 Broadway, 7th Floor
New York, NY 10019
Attn: Paul Levitz
President & Publisher

V3ʋ5 D773  Page 11

EXHIBIT
11
**34**

76

DC Comics, a General Partnership
1700 Broadway, 7th Floor
New York, NY 10019
Attn: Paul Levitz
Executive V.P. & Publisher

Ilya Salkind and Pierre Spengler.
12 Chiswick Lane
London W4 2JE, England
Attn: Albion Gee, Esq.
Albion Gee & Co

DC Direct
c/o DC Comics
1700 Broadway, 7th Floor
New York, NY 10019
Attn: Paul Levitz
E.V.P. & Publisher

Hallmark Entertainment, Inc.
1325 Avenue of the Americas
21st Floor
New York, NY 10019
Attn: Robert Halmi, Jr.
Chairman

Milton Bradley Co.
Division of Hasbro Inc.
433 Shaker Road
East Longmeadow, MA 01028
Attn: David E. Wilson, President

Marvel Entertainment Group, Inc..
10 East 40th Street, 9th Floor
New York, NY 10016
Attn: F. Peter Cuneo
President & C.E.O

Hasbro, Inc.
1027 Newport Avenue
Pawtucket, RI 02861
Attn: Alan Hassenfeld
Chief Executive Officer

Golden Books Publishing
1540 Broadway
New York, NY 10036
Attn: Amy Jarashow
Associate Publisher

Wildstorm Productions
888 Prospect Street, Suite 240
La Jolla, CA 92037
Attn: Jim Lee
Editor & Director

Random House Golden Books for
Young Readers
1540 Broadway
New York, NY 10036
Attn: Kate Klimo
Vice President & Publisher

Wildstorm Productions
c/o DC Comics
1700 Broadway, 7th Floor
New York, NY 10019
Attn: Paul Levitz
President & Publisher

Random House, Inc.
1745 Broadway
New York, NY 10019
Attn: Katherine J. Trager
Senior V.P. & General Counsel

Dark Horse Publications
10956 S.E. Main St.
Milwaukie, OR 97222
Attn: Michael Richardson,
President

Inkworks
4320 Delta Lake Dr.
Raleigh, NC 27612
Attn: Allan Caplan
President & CEO

Cantharus Productions, N.V.
8965 Bay Cove Ct.
Orlando, FL 32819
Attn: Ilya Salkind

Penguin Group (USA) Inc.
375 Hudson Street
New York, NY 10014
Attn: David Shanks, C.E.O.

V3505 D773  Page 12

EXHIBIT E
12

35

77

DK Publishing, Inc.                    Scholastic, Inc.
375 Hudson Street                      557 Broadway
New York, NY 10014                     New York, NY 10012
Attn: Christopher Davis, Publisher     Attn: Richard Robinson
                                       Chairman & CEO


I declare under penalty of perjury that the foregoing is true and correct. Executed this _10th_ day of November, 2003, at Los Angeles, California.


Marc Toberoff, Esq.
9595 Wilshire Blvd., Suite 811
Beverly Hills, CA 90212

Counsel for the Estate of Joseph Shuster

V3505 D773  Page 13

# PACIFIC PICTURES CORPORATION

23852 Pacific Coast Highway, Suite 555
Malibu, CA 90265
Tel: (310) 589-5151
Fax: (310) 589-5152

September 10, 2004

Mark Warren Peary (f/k/a Mark Warren Peavy)
Executor, Estate of Joseph Shuster
Jean Peavy
51 Camino Cabo,
Sante Fe, New Mexico 87508

Dear Warren and Jean:

This is to confirm that (1) the joint venture agreement dated as of November 23, 2001 between you and Pacific Pictures Corp. and (2) the engagement agreement dated October 27, 2003 between the Estate of Joseph Shuster and Pacific Pictures Corp. have been cancelled.

Sincerely yours,

Marc Toberoff

AGREED:

The Estate of Joseph Shuster

By: Mark Warren Peary, Executor

Mark Warren Peary

Jean A. Peavy

PPC 00009

# LAW OFFICES OF MARC TOBEROFF

A PROFESSIONAL CORPORATION

2049 CENTURY PARK EAST, SUITE 2720
LOS ANGELES, CALIFORNIA 90067

MARC TOBEROFF*
NICHOLAS C. WILLIAMSON
ALEXANDER M. MERINO

* ALSO ADMITTED IN NEW YORK

TELEPHONE
(310) 246-3333

FACSIMILE
(310) 246-3101

November 15, 2006

Via Facsimile

Adam Hagen, Esq.
Weissman Wolff Bergman Coleman Grodin & Evall LLP
9665 Wilshire Boulevard, Ninth Floor
Beverly Hills, CA 90212

Re:     *Joanne Siegel & Laura Siegel Larson v. Time Warner, Inc. et al.*
        USDC Central District of CA, Case No. 04-08400 SGL (RZx)
        *Joanne Siegel & Laura Siegel Larson v. Time Warner, Inc. et al.*
        USDC Central District of CA, Case No. 04-08776 SGL (RZx)

Dear Adam:

Enclosed please find IPW, LLC's production of documents, numbered IPW 00001-00016. In addition, enclosed please find Pacific Pictures Corporation's production of documents, numbered PPC 00001-00009.

Very truly yours,

Alexander M. Merino

cc:     Patrick T. Perkins, Esq.
        James D. Weinberger, Esq.

 

`umber   : 045`         **\*\*\* SEND SUCCESSFUL \*\*\***

## LAW OFFICES OF MARC TOBEROFF

A PROFESSIONAL CORPORATION

2049 CENTURY PARK EAST, SUITE 2720
LOS ANGELES, CALIFORNIA 90067

TELEPHONE
(310) 246-3333

FACSIMILE
(310) 246-3101

### FACSIMILE COVER PAGE

| TO: Adam Hagen, Esq., James D. Weinberger, Esq., Patrick T. Perkins, Esq. | FAX: 310-550-7191, 212-813-5901, 845-265-2819 |
|---|---|
| FROM: Marc Toberoff | PAGES ( including cover ): 27 |
| DATE : 11/16/06 | RE: Superman (Case Nos. 04-CV-8400 SGL (RZx) and 04-CV-8776 SGL (RZx)) |

**COMMENTS:**

THIS INFORMATION CONTAINED IN THIS TRANSMISSION IS INTENDED ONLY FOR USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF THE READER OR THIS TRANSMISSION IS NOT THE INTENDED RECIPIENT, ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL TRANSMISSION TO US AT THE ABOVE ADDRESS VIA THE US POSTAL SERVICE. THANK YOU.

Group Send Report

```
Page      : 001
Date & Time: Nov-15-06  10:47pm
Line 1    :
Machine ID :
```

Job number           :   045

Date                 :   Nov~15 10:32pm

Number of pages      :   027

Start time           :   Nov~15 10:32pm

End time             :   Nov~15 10:47pm

Successful nbrs.

    Fax numbers

            ☎13105507191
            ☎12128135901
            ☎18452652819

Unsuccessful nbrs.                                                Pages sent

ORIGINAL SHIPPED   DEC 0 1 2006

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JOANNE SIEGEL and LAURA        )
SIEGEL LARSON,                 )
                               )                    **CERTIFIED**
        Plaintiffs,            )                    **ORIGINAL**
                               )
    vs.                        )     No. 04-8400 (RSWL)(RZx)
                               )
WARNER BROS. ENTERTAINMENT )             -and-
INC., et al.,                  )
                               )     No. 04-8776 (RSWL)(RZx)
        Defendants.            )
_____)
AND RELATED COUNTERCLAIMS.

DEPOSITION OF MARC TOBEROFF

Beverly Hills, California

Friday, November 17, 2006

Reported by:

DAVID S. COLEMAN

CSR No. 4613

**U.S. LEGAL**

*Support*

*Certified Shorthand Reporters*

15250 Ventura Boulevard, Suite 410
Sherman Oaks, CA 91403

800-993-4464 • Fax 800-984-4464
www.uslegalsupport.com

*Los Angeles • Orange County • San Diego • Inland Empire • Ventura • Riverside • San Francisco • Sacramento . . . and across the nation*

1         Deposition of MARC TOBEROFF, taken on

2     behalf of Defendants and Counterclaimants,

3    at 9665 Wilshire Boulevard, 9th Floor, Beverly

4    Hills, California, beginning at 1:46 PM on

5    Friday, November 17, 2006, before DAVID S.

6    COLEMAN, Certified Shorthand Reporter No. 4613.

7

8

9  APPEARANCES:

10

11  For Plaintiffs and the Witness:

12      LAW OFFICES OF MARC TOBEROFF
        BY:  MARC TOBEROFF
13          NICHOLAS C. WILLIAMSON
      Attorneys at Law
14      2049 Century Park East, Suite 2720
      Los Angeles, California 90067
15      310-246-3333

16

17  For Defendants and Counterclaimant:

18      WEISSMANN WOLFF BERGMAN COLEMAN GRODIN & EVALL
        BY:  MICHAEL BERGMAN
19          ADAM HAGEN
      Attorneys at Law
20      9665 Wilshire Boulevard, 9th Floor
      Beverly Hills, California 90212
21      310-858-7888
      mbergman@wwllp.com
22

23

24

25

                                 2

```
                         I N D E X


WITNESS                   EXAMINATION            PAGE

MARC TOBEROFF

                          BY MR. BERGMAN          6



                           EXHIBITS

DEPOSITION                                       PAGE
```

3

**U.S. LEGAL SUPPORT**

**EXHIBIT H**

INDEX (Continued:

EXHIBITS (Continued)

DEPOSITION                                                      PAGE

11    Internet printout on Intellectual          38
      Properties Worldwide

12    Printout from California Business           41
      Portal on IPW, LLC

13    Joint Venture Agreement made as of          49
      November 23, 2001, by and between
      Pacific Pictures Corporation and
      Jean Peavy and Mark Peary

14    Letter from Marc Toberoff to Mark           68
      Warren Peary dated October 27, 2003

15    Letter from Marc Toberoff to Mark           75
      Warren Peary dated September 10, 2004

16    Fax from Marc Toberoff to Ariel             79
      Emanuel dated 6-3-02

17    Letter from Marc Toberoff to Tom            85
      McGuire dated August 17, 2004, and
      attachments

18    Letter from Marc Toberoff and Ariel         112
      Emanuel to Joanne Siegel and Laura
      Siegel Larson dated October 3, 2002

19    Letter from Marc Toberoff to Joanne         121
      Siegel and Laura Siegel Larson dated
      November 26, 2002, Bates No. 000001882

20    Letter from Marc Toberoff to Joanne         123
      Siegel, Laura Siegel Larson and Ariel
      Emanuel dated December 16, 2002,
      Bates No. 000001883

21    Letter from Marc Toberoff to Joanne         124
      Siegel and Laura Siegel Larson dated
      January 21, 2002, Bates No. 000001888

4

**U.S. LEGAL SUPPORT**

STATE OF CALIFORNIA     )
                        ) ss
COUNTY OF LOS ANGELES   )

I, DAVID S. COLEMAN, a Certified Shorthand Reporter, do hereby certify:

That prior to being examined, the witness in the foregoing proceedings was by me duly sworn to testify to the truth, the whole truth, and nothing but the truth;

That said proceedings were taken before me at the time and place therein set forth and were taken down by me in shorthand and thereafter transcribed into typewriting under my direction and supervision;

I further certify that I am neither counsel for, nor related to, any party to said proceedings, nor in anywise interested in the outcome thereof.

In witness whereof, I have hereunto subscribed my name.

Dated:   __NOV 3 0 2006__

_____
DAVID S. COLEMAN
CSR No. 4613

*Copy — for reference*

*310-589-5151*

## JOINT VENTURE AGREEMENT

AGREEMENT made as of November 23, 2001 by and between Pacific Pictures Corporation ("PPC") with offices at 23852 Pacific Coast Highway, Suite 555, Malibu, CA 90265 ; tel. (310) 589-5151; fax: (310) 589-5152 and Jean A. Peavy and her son Mark Warren Peary (f/k/a Mark Warren Peavy) (individually and collectively, "Claimants") located at 51 Camino Cabo, Sante Fe, New Mexico 87508; tel./fax: (505) 466-4551, regarding the formation of a joint venture for the purpose of retrieving, enforcing and exploiting all of Joe Shuster's, and his estate's rights, claims, copyrights, property, title and interests in and to Joe Shuster's creations (hereinafter, such rights, property and claims, are individually and collectively referred to as the "Rights").

1.    The Rights shall include without limitation, all current and future rights, claims, title, copyrights and interests in and to each character, story element, and indicia associated with, and all rights to proceeds from "SUPERMAN," or the "SUPERMAN" stories and comic books, such as, without limitation, "Superman," "Clark Kent," "Lois Lane," "Jimmy Olsen," "Lex Luther," "Lana Lang," "Mr. Mxyztplk," "Superboy," "Supergirl," "The Daily Planet," "Krypton," "Kryptonite," and "Smallville."

2.    In consideration of the mutual covenants contained herein and other good and valuable consideration, PPC and Claimants hereby form a joint venture (the "Venture") to investigate, retrieve, enforce and exploit the Rights, including without limitation, via the establishment of Joe Shuster's estate and the estate's termination pursuant to Section 304 (c) of the U.S. Copyright Law (Title 17, U.S.C ) of any and all grant or transfers by Joe Shuster of any copyright interest in his creations. In consideration for PPC'S contributions to the Venture and the mutual covenants contained herein Claimants hereby transfer and assign to the Venture their rights, title and interests in the Rights. The name of the Venture shall be the "Joe Shuster Venture." The Venture's office address shall be the California address set forth above.

3.    PPC will pay any and all costs and expenses of the Venture, including the legal fees and costs of setting up Joe Shuster's estate, U.S. copyright office costs such as document retrieval costs and filing fees, research costs, and any and all attorneys' fees, costs and disbursements in connection with any legal actions or disputes concerning the enforcement and/or defense of the Rights and the Venture. In addition to attorneys' fees, PPC will be responsible for the payment of any legal filing fees, expert witness fees, subpoena and service of process fees, jury fees, deposition transcript costs, photocopying,

Initials: _JAP_ _MWP_

EXHIBIT _13_
FOR IDENTIFICATION
DAVID S. COLEMAN, CSR #4613
DATE _11-17-06_
WITNESS _Toberoff_

Received   Aug-06-06   12:27pm     From-                         To-                          Page  001

129

11/27/01  20:09 FAX                                                          Ø007 003

Page 2
Joint Venture Agreement / Joe Shuster
11/23/01

postage, long distance telephone and fax charges, computerized legal research, reporter's fees, costs for preparation of exhibits and demonstrative evidence, travel costs outside of the Los Angeles area if required, and messenger fees. Any and all attorneys' fees payable on a contingency basis will be paid solely out of PPC'S share of Proceeds set forth in paragraph 5 below.

4.      The terms of any and all agreements regarding any of the Rights, in any respect, shall be subject to the express written approval of Claimants and PPC. The parties each warrant and represent that after signing this Agreement they will not without the express written consent of all the parties transfer, limit or encumber the Rights in any respect.

5.      Any and all moneys and proceeds received from the enforcement, settlement or exploitation of any of the Rights, including without limitation, fixed and contingent compensation, settlement or judgment amounts, purchase prices, option or quitclaim fees, and/or royalties (" Proceeds"), will be shared, divided and payable: fifty percent (50%) to Claimants and fifty percent (50%) to PPC. The parties will use all reasonable efforts to have Joe Shuster's estate/administrator and third party payors, if any, directly pay to the Claimants and PPC their respective fifty percent (50%) share of Proceeds. Prior to the above distribution of Proceeds, PPC will be entitled to recoup all of its out-of-pocket expenses under this Agreement subject to the presentation to Claimants of a reasonable accounting and receipts for said expenses.

6.      All notices, correspondence and payments to each party under this Agreement shall be sent to the respective addresses set forth on page 1 of this Agreement unless either party notifies the other of an address change in writing.

7.      The Venture and/or the Estate of Joe Shuster (to be established hereunder) will retain Marc Toberoff, Esq. to render legal services in connection with the Rights and the Venture, including in connection with all legal disputes, litigation, arbitration and/or mediation regarding the Rights; to implement, enforce and prosecute the Rights; and to handle the negotiation of any contracts regarding exploitation of the Rights.

Initials: _____

Received  Aug-09-06  12:27pm    From-            To-          Page 002

                                                                   130

Page 3
Joint Venture Agreement / Joe Shuster
11/23/01

8.    The term ("Term") of the Venture shall extend for the full duration of the Rights and any exploitation of the Rights. Upon the expiration of the Term and the winding-up of the Venture or in the event of termination of the Venture for any reason, all Rights, property or assets of the Venture will be held fifty percent (50%) by the Claimants and fifty percent (50%) by PPC as tenants in common, and Claimants and PPC will each be entitled to receive and continue to receive fifty percent (50%) of all Proceeds derived from the Rights after termination of the Venture.

9.    To cover the unlikely event that Marc Toberoff dies or is disabled; PPC will prior to service of any notice of termination regarding the Rights (pursuant to Section 304 (c) of the U.S. Copyright Law) either (a) arrange for a suitable replacement attorney experienced in copyright litigation and willing to enforce the Rights on solely a contingent fee basis; or (b) if no such replacement attorney is arranged to obtain "key man" insurance for Mr. Toberoff in the amount of $150,000 payable solely to Claimants.

10.    All parties agree to execute such further documents and to perform such further acts as may be reasonably necessary or desirable to carry out the purposes and effect of this Agreement, including without limitation an irrevocable letter of authority instructing the administrator of Joe Shuster's Estate to divide and disburse all Proceeds from the Rights as set forth in paragraph 5 above. When required hereunder, consent shall not be unreasonably withheld by any party regarding the business of the Venture. The parties hereby approve Michael Catron for appointment as the administrator of Joe Shuster's Estate, once it is established.

11.    This Agreement contains the full understanding of the parties and supersedes all prior or contemporaneous understandings whether written or oral with respect to the subject matter hereof and may not be modified except in writing signed by the party to be bound. By countersigning this Agreement the parties each acknowledge that they clearly understand the terms and conditions of this Agreement; and have agreed to these terms and conditions after detailed and mature deliberation. The parties further acknowledge that they have not signed this Agreement in reliance on any promise or representation not expressly set forth in this Agreement. The parties have mutually participated in the negotiation and drafting of this Agreement and agree that the terms of this Agreement shall not be construed more favorably to one party than the other. To the extent any provision of this Agreement is found invalid, said provision shall be stricken

131

Page 4
Joint Venture Agreement / Joe Shuster
11/23/01

and shall not affect the validity of the remaining provisions hereof. This Agreement shall bind and inure to the benefit of the parties, their respective heirs, successors and assigns. Executed facsimile copies of this Agreement shall be valid acceptable substitutes for executed originals.

      11.    This Agreement shall be governed by the laws of California applicable to agreements made and to be performed therein.

Agreed, understood and accepted:

Pacific Pictures Corporation

_____     Date: _____

By: Marc Toberoff, President

_____     Date: _Nov. 28, 2001_

Jean A. Peavy

_____     Date: _Nov. 28, 2001_

Mark Warren Peary
(f/k/a Mark Warren Peavy)

132

# PACIFIC PICTURES CORPORATION

### 23852 Pacific Coast Highway, Suite 555
### Malibu, CA 90265
### Tel: (310) 589-5151
### Fax: (310) 589-5152

---

October 27, 2003

Mark Warren Peary (f/k/a Mark Warren Peavy)
Executor
Estate of Joseph Shuster
51 Camino Cabo,
Sante Fe, New Mexico 87508

Dear Warren:

We are pleased to welcome you ("Client") as a client of Pacific Pictures Corp. ("PPC"). This letter is intended to supplement the joint venture agreement dated as of November 23, 2001 between PPC and you and your mother, Jean Peavy, and to confirm the agreement regarding your engagement of our company as the Executor of the recently probated Estate of Joseph Shuster.

1.    Client hereby engages PPC as its exclusive advisor for the purpose of retrieving, enforcing and exploiting all of Joe Shuster's, and his estate's rights, claims, copyrights, property, title and interests in and to Joe Shuster's creations (hereinafter, such rights, property and claims, are individually and collectively referred to as the "Rights"). The Rights shall include without limitation, all current and future rights, claims, title, copyrights and interests of Client in and to each character, story element, and indicia associated with, and all rights to proceeds from "SUPERMAN," or the "SUPERMAN" stories and comic books, including, without limitation, Client's copyright termination interest in "SUPERMAN" pursuant to Section 304(d) of the U.S. Copyright Law.

2.    In furtherance of this exclusive agreement, PPC (which is not a law firm) shall engage the services of attorney Marc Toberoff ("Toberoff") to furnish directly to Client all legal services required by Client in connection with the Rights, including in connection with all legal disputes, litigation, arbitration and/or mediation regarding the Rights; to implement, enforce and prosecute the Rights; and to handle the negotiation of any contracts regarding exploitation of the Rights. PPC may engage additional outside counsel to assist Client, but only at PPC's sole expense.

3.    PPC has paid and will continue to pay any and all costs and expenses incurred by it in connection with this agreement, including the legal fees and costs of setting up Joseph Shuster's Estate, U.S. copyright office costs such as document retrieval costs and filing fees, research costs, and any and all attorneys' fees, costs and disbursements in connection with any legal actions or disputes concerning the

Initials: _MZ_, _JWP_

14

FOR IDENTIFICATION
DAVID S. COLEMAN, CSR #4613
DATE 1-17-06 ev
WITNESS Toberoff PP

125

**EXHIBIT H**
**50**

# PACIFIC PICTURES CORPORATION

Page 2
Estate of Joseph Shuster
October 27, 2003

enforcement and/or defense of the Rights and the Estate of Joseph Shuster. In addition to attorneys' fees, PPC will be responsible for the payment of any legal filing fees, expert witness fees, subpoena and service of process fees, jury fees, deposition transcript costs, photocopying, postage, long distance telephone and fax charges, computerized legal research, reporter's fees, costs for preparation of exhibits and demonstrative evidence, travel costs outside of the Los Angeles area if required, and messenger fees. Any and all attorneys' fees payable on a contingency basis will be paid solely out of PPC's share of Proceeds set forth in paragraph 5 below.

4.      The terms of any and all agreements regarding any of the Rights, in any respect, shall be subject to the express written approval of Client and PPC. The parties each warrant and represent that after signing this Agreement they will not without the express written consent of all the parties transfer, limit or encumber the Rights in any respect.

5.      Any and all moneys and proceeds, in cash or in kind, received from the enforcement, settlement or exploitation of any of the Rights, including without limitation, fixed and contingent compensation, settlement or judgment amounts, purchase prices, option or quitclaim fees, and/or royalties (" Proceeds"), will be shared, divided and payable: fifty percent (50%) to Client and fifty percent (50%) to PPC. Prior to the above distribution of Proceeds, PPC will be entitled to recoup all of its out-of-pocket expenses under this Agreement subject to the presentation to Client of a reasonable accounting and receipts for said expenses. The parties hereby acknowledge and agree that the due payment to and receipt by Client of Proceeds hereunder shall constitute the due receipt of Proceeds by Jean Peavy and Warren Peavy, respectively, pursuant to paragraph 5 of the Joint Venture Agreement, in full satisfaction of PPC's obligations under said paragraph.

6.      All notices, correspondence and payments to each party under this Agreement shall be sent to the respective addresses set forth on page 1 of this Agreement unless either party notifies the other of an address change in writing.

7.      The term ("Term") of this agreement shall extend for the full duration of the Rights and any exploitation of the Rights. Upon the expiration of the Term or in the event of termination by Client of this agreement for any reason, all Rights will be held fifty percent (50%) by the Client and fifty percent (50%) by PPC as tenants in common, and Client and PPC will each be entitled to receive and continue to receive fifty percent (50%) of all Proceeds derived from the Rights after termination, if any.

Initials: _____, _____

126

# PACIFIC PICTURES CORPORATION

Page 3
Estate of Joseph Shuster
October 27, 2003

8.    To cover the unlikely event that Marc Toberoff dies or is disabled; PPC will prior to service of any notice of termination regarding the Rights (pursuant to Section 304 (d) of the U.S. Copyright Law) either (a) arrange for a suitable replacement attorney experienced in copyright litigation and willing to enforce the Rights on solely a contingent fee basis; or (b) if no such replacement attorney is arranged to obtain "key man" insurance for Mr. Toberoff in the amount of $150,000 payable solely to Client.

9.    All parties agree to execute such further documents and to perform such further acts as may be reasonably necessary or desirable to carry out the purposes and effect of this Agreement. When required hereunder, consent shall not be unreasonably withheld by any party regarding actions conducted under this agreement.

10.    This Agreement contains the full understanding of the parties and supersedes all prior or contemporaneous understandings whether written or oral with respect to the subject matter hereof and may not be modified except in writing signed by the party to be bound. By countersigning this Agreement the parties each acknowledge that they clearly understand the terms and conditions of this Agreement; and have agreed to these terms and conditions after detailed and mature deliberation. The parties further acknowledge that they have not signed this Agreement in reliance on any promise or representation not expressly set forth in this Agreement. The parties have mutually participated in the negotiation and drafting of this Agreement and agree that the terms of this Agreement shall not be construed more favorably to one party than the other. If any provision of this Agreement is found to be unenforceable for any reason, the remainder shall be enforced as fully as possible and the unenforceable provisions shall be deemed modified to the limited extent required to permit its enforcement in a manner most closely representing the intention of the parties expressed herein. This Agreement shall bind and inure to the benefit of the parties, their respective heirs, successors and assigns. Executed facsimile copies of this Agreement shall be valid acceptable substitutes for executed originals.

11.    This Agreement shall be governed by the laws of California applicable to agreements made and to be performed therein.

If the terms and conditions of this agreement are acceptable to you, please

/ / /
/ / /
/ / /
/ / /

Initials: _____

127

# PACIFIC PICTURES CORPORATION

Page 4
Estate of Joseph Shuster
October 27, 2003

acknowledge your acceptance by signing below.

Very truly yours,

Marc Toberoff
President

**Approval of Engagement of Pacific Pictures Corp.**

I have read the foregoing agreement and I agree to its terms.

The Estate of Joseph Shuster

Date: 10-30-03

By: Mark Warren Peary, Executor
(f/k/a Mark Warren Peavy)

I have read the foregoing agreement and agree to its terms to the extent any of my interests are concerned.

Date: 10 - 30 - 03

Jean A. Peavy

128

**EXHIBIT H**
**53**

Nov-15-06   10:32pm   From-                                         T-128  P.003   F-045
                                                          927  7227        P.02
                      -9X   08:15pm   From-                 T-108  P.004/013  P-13

# Ip worldwide

As of October 3, 2002

Joanne Siegel
13929 Marquesas Way, Apt. 201A
Marina Del Rey, CA 90292

Laura Siegel Larson
6400 Pacific Avenue, #106
Playa Del Rey, CA 90293

**RECEIVED**

OCT 24

**Marc Toberoff**

Re: "*Superman*"

Dear Joanne and Laura:

This letter shall confirm the agreement and understanding between you ("Owner") and us ("IPW") regarding Owner's retention of IPW to exclusively represent Owner with respect to any and all of Owner's rights, claims, title and interest in and to the comic book property commonly known as "*Superman*," including, without limitation, all characters and copyright interests therein (jointly and individually, "Rights"):

      1.      In consideration for IPW's services set forth below, the mutual covenants contained herein and other good and valuable consideration, Owner hereby grants IPW the exclusive right to represent Owner and the Rights throughout the world in negotiating and assisting Owner to arrange and negotiate the sale, lease, license and all other dispositions or exploitations of the Rights, for the Term set forth below.

      2.      IPW will furnish and provide the legal services of Marc Toberoff, Esq., and the business services of Ariel Emanuel and IPW's support staff and employ its network of business relationships and resources to market and negotiate the sale, license, settlement and/or other disposition of the Rights on your behalf, and will advise you and consult with you with respect thereto. IPW will also provide Marc Toberoff's legal services with respect to all legal contracts in connection with all of the above. IPW will be solely responsible for Marc Toberoff's legal fees in connection herewith, if any.

      3.      The terms of any and all agreements regarding the Rights will require Owner's express written approval.

      4.      IPW will pay its own costs and expenses in connection with this Agreement, including without limitation, office overhead, photocopying, messenger fees, postage and overnight mail, long distance telephone and fax charges, travel and accommodation costs and any legal fees to Marc Toberoff, and such costs will not be recoupable from Proceeds hereunder. Notwithstanding this, in the event IPW advances or loans Owner moneys to pay costs in furtherance of the Rights (e.g., US Copyright Office fees and audit fees, if any) the terms and repayment of any such advances or loans will be set forth in a separate written agreement between the parties.

9701 Wilshire Boulevard, 10ᵗʰ Floor Beverly _____ (310) 246-3100; Fax (310) 246-3335
E-mail: MTuberoff@IPWW.biz

18
FOR IDENTIFICATION CASE #4013
DAVID S. KOLLMANN
DATE 11-17-06
WITNESS Toberoff

IPW 00001

Nov-15-06   10:32pm   From-

-2002 04:56 PM

Oct-21-02  08:19PM  From-

T-128  P.004  F-045

T-282  P.005/113  F-766

# Ip worldwide

Page 2
Retainer Agreement/ *Superman*
As of October 3, 2002

5.      The term ("Term") of this Agreement is eighteen (18) months from the date this Agreement is executed by all parties. In the event the parties are actively negotiating an agreement regarding the Rights when the Term is due to expire, the Term will automatically be extended for three (3) additional months. In the event during the Term either Marc Toberoff or Ariel Emanuel are unable to render services in connection with this Agreement for a continuous period greater than three (3) months due to death, incapacity or otherwise, Owner may in its discretion terminate this Agreement prior to the expiration of the Term.

6.      In consideration of the services to be furnished by IPW hereunder you hereby agree to pay and authorize IPW to retain out of all gross compensation, moneys or other consideration that may be payable or recovered for or by reason of Owner's Rights whether by negotiation, dispute resolution, settlement or otherwise ("Proceeds"): a fee ("Fee") of ten percent (10%) of any and all gross compensation payable including, without limitation, option, quitclaim or licensing fees, purchase price, settlement amounts, advances, fixed and/or contingent compensation. In computing IPW's fee no deduction will be made from gross Proceeds, including, without limitation, no deduction for Owner's taxes, expenses and/or moneys payable to any and all third parties if any. IPW's Fee shall apply to any and all agreements regarding the Rights made during the Term or the material terms of which are substantially negotiated during the Term and/or in any agreements between Owner and an investor or buyer introduced by IFW to Owner during the Term. For the avoidance of doubt, in the event "*Superman*" and the Rights are sold, settled, licensed or otherwise exploited in conjunction with other characters or rights owned or controlled by Owner (e.g., "*Superboy*"); it is understood and agreed that IPW will not "double dip" and the above 10% IPW Fee will apply to gross Proceeds from any said joined transaction(s).

Notwithstanding the above, for purposes of computing IPW's Fee, Proceeds will not include Joanne Siegel's annual "pension" payments which commenced in 1996 (currently $ 126,148 annually, plus cost of living increases or bonuses, if any) and her full medical and dental coverage provided by AOL Time Warner which consideration and interests pre-date and are wholly separate from her copyright termination interests.

///
///
///
///
///
///

IPW 00002

**EXHIBIT H**
**55**

Nov-15-06    10:33pm    From-                                                  T-128    P.005    F-045

Oct-21-02    08:19pm    From-                                                  T-268    P.008/313    P-796

# Ip worldwide

Page 3
Retainer Agreement/ *Superman*
As of October 3, 2002

7.   Owner hereby authorizes IPW to collect and receive all Proceeds due and payable; to endorse and deposit any checks or moneys payable into a client trust account on Owner's behalf; to deduct IPW's fee as set forth above; whereupon IPW will promptly pay the remainder directly to Owner as directed by Owner in writing. It is understood that the Rights may involve multiple rights and claims against multiple parties and accordingly IPW's above fee shall be applicable to each Rights payment or recovery from any party and same is not contingent on any other Rights payment.

8.   Owner hereby warrants and represents that Owner will not transfer, assign, license or in any manner encumber the Rights during the Term or extended Term other than through or as a result of IPW's exclusive representation hereunder, with the exception of by will, probate or pursuant to other Court order.

9.   All notices and/or payments hereunder shall be made to the parties at the addresses set forth on page 1 hereof unless and until either party gives the other prior written notice of a change of address.

10.   The parties understand and acknowledge that the scope of this Agreement does not include legal services and/or expenses in connection with litigation or formal legal arbitration, if any. The provision of such services and advancing of such expenses, if requested and desired by Owner, will be rendered and provided by Marc Toberoff, Esq., subject to good faith negotiation of a mutually acceptable agreement executed by Mr. Toberoff and Owner.

11.   This Agreement contains the full understanding of the parties and supersedes all prior or contemporaneous understandings whether written or oral with respect to the subject matter hereof and may not be modified except in writing signed by both parties. The parties acknowledge that they fully understand the terms and conditions of this Agreement and have agreed to such terms and conditions after negotiation, mature thought and deliberation. The parties further acknowledge that they have not signed this Agreement in reliance on any promise or representation not expressly set forth in this Agreement. If any provision of this Agreement is found to be unenforceable, the remainder shall be enforced as fully as possible and the unenforceable provisions shall be deemed modified to the limited extent required to permit its enforcement in a manner most closely representing the intention of the parties expressed herein. The terms of this Agreement shall be construed pursuant to their fair meaning, not for or against either party. This Agreement shall bind and inure to the benefit of the parties, their respective heirs, successors and assigns. Executed facsimile copies of this Agreement shall be valid acceptable substitutes for executed originals. This Agreement shall be governed by the

IPW 00003

# **Ip**worldwide

Page 4
Retainer Agreement/ *Superman*
As of October 3, 2002

Laws of the State of California applicable to agreements made in and to be performed therein.

We are very pleased and excited to work with you and will do our very best to handle this matter in a dedicated manner and to achieve results satisfactory to you.

Yours sincerely,

Marc Toberoff
Authorized signatory

Ariel Emanuel
Authorized signatory

Agreed, Understood and Accepted:

Joanne Siegel                          Date: October 23rd 2002

Laura Siegel Larson                    Date: October 23, 2002

IPW 00004

1    WEISSMANN WOLFF BERGMAN
         COLEMAN GRODIN & EVALL LLP
2    Michael Bergman (SBN 37797)
     Anjani Mandavia (SBN 94092)
3    Adam Hagen (SBN 218021)
     9665 Wilshire Boulevard, Ninth Floor
4    Beverly Hills, California 90212
     Telephone: (310) 858-7888
5    Fax: (310) 550-7191

6    FROSS ZELNICK LEHRMAN & ZISSU, P.C.
     Roger L. Zissu (Admitted *pro hac vice*)
7    James D. Weinberger (Admitted *pro hac vice*)
     866 United Nations Plaza
8    New York, New York 10017
     Telephone: (212) 813-5900
9    Fax: (212) 813-5901

10   PERKINS LAW OFFICE, P.C.
     Patrick T. Perkins (Admitted *pro hac vice*)
11   1711 Route 9D
     Cold Spring, New York 10516
12   Telephone: (845) 265-2820
     Fax: (845) 265-2819

13
     Attorneys for Defendants and Counterclaimant
14
                  **UNITED STATES DISTRICT COURT**
15
                  **CENTRAL DISTRICT OF CALIFORNIA**
16

| | |
|---|---|
| 17  JOANNE SIEGEL and LAURA SIEGEL LARSON, | Case No. SA CV 04-8400 SGL (RZx) Case No. SA CV 04-8776 SGL (RZx) |
| 18           Plaintiffs, | Hon. Stephen G. Larson, U.S.D.J. |
|         vs. | |
| 19  WARNER BROS. ENTERTAINMENT INC.; TIME WARNER INC.; DC | **DECLARATION OF MICHAEL BERGMAN IN SUPPORT OF** |
| 20  COMICS; and DOES 1-10, | **DEFENDANTS' MOTION TO COMPEL** |
|           Defendants. | **PRODUCTION OF WITHHELD** |
| 21  JOANNE SIEGEL and LAURA SIEGEL LARSON, | **DOCUMENT** |
| 22           Plaintiffs, | |
|         vs. | **DISCOVERY MATTER** |
| 23  TIME WARNER INC.; WARNER | **LOCAL RULE 37** |
| 24  COMMUNICATIONS INC.; WARNER BROS. ENTERTAINMENT INC.; | Time:  10:00 a.m. |
| 25  WARNER BROS. TELEVISION PRODUCTION INC.; DC COMICS; | Date:  January 26 2009 Place:  Courtroom 1 |
| 26  and DOES 1-10, | Discovery Cutoff: November 17, 2006 |
| 27           Defendants. | |
|     AND RELATED COUNTERCLAIMS | |

28

{F0379950.1 }

**EXHIBIT I**
**58**

1 | I, MICHAEL BERGMAN, declare under penalty of perjury:

2 |     1.    I am a member of Weissmann Wolff Bergman Coleman Grodin &

3 | Evall LLP, counsel for Defendants. This Declaration is made in support of

4 | Defendants' Motion to Compel Production of Withheld Document. I have personal

5 | knowledge of the facts contained within this declaration, and, if called upon as a

6 | witness, I could and would testify competently thereto.

7 |     2.    On June 21, 2005 Defendants served their First Set of Document

8 | Requests on Plaintiffs. Responses and objections were served by Plaintiffs' on July

9 | 21, 2005. Attached hereto as Exhibit A is a true and correct copy of a Plaintiffs'

10 | responses to Defendants' First Set of Document Requests.

11 |     3.    Despite raising objections in the written responses, Plaintiffs produced

12 | various documents responsive to these requests.

13 |     4.    On May 1, 2008 the Parties entered into a JAMS Confidentiality

14 | Agreement as part of the mediation process.

15 |     5.    On May 2, 2008, counsel for Plaintiffs disclosed the existence of the

16 | Withheld Document in a letter to counsel for Defendants. The letter disclosed the

17 | existence, subject matter and nature of the Withheld Document, and classified this

18 | revelation as being made "pursuant to the executed 'JAMS Confidentiality

19 | Agreement' and solely in connection with the upcoming mediation sessions."

20 | Attached hereto as Exhibit B is a true and correct copy of the aforementioned letter

21 | which has been redacted to remove information about the Withheld Document.

22 |     6.    By letter dated June 24, 2008, Defendants requested the immediate

23 | production of the Withheld Document as being expressly encompassed by Requests

24 | Nos. 59 and 63. In the letter, Defendants indicated their intent to seek judicial relief

25 | if Plaintiffs failed to voluntarily produce the document, and invited a meet and

26 | confer. Attached hereto as Exhibit C is a true and correct copy of the letter I sent to

27 | counsel for Plaintiffs dated June 24, 2008, which has been redacted to remove

28 | information about the Withheld Document.

**EXHIBIT I**
**59**
1

{F0379950.1 }

7. In response, Plaintiffs' counsel stated that Plaintiffs refused to produce the Withheld Document and threatened to hold Defendants liable for breach of the mediation confidentiality agreement and move to enjoin Defendants in the event that they disclosed the existence of the document. Attached hereto as Exhibit D̲ is a true and correct copy of the letter I received from counsel for Plaintiffs dated July 3, 2008, which has been redacted to remove information about the Withheld Document.

8. On November 21, 2008, the parties met and conferred, and we were unable to resolve our discovery dispute.

9. These sorts of threats and attempts at intimidation have become commonplace with counsel for Plaintiffs, who recently made similar threats against David Eisen and his firm (Arnold & Porter) if they complied with this Court's September 26, 2008 Order compelling production of the so-called "escrow documents." As a result of Plaintiff's counsel's threats, there has been no compliance with the Court's Order.

10. The Court has currently scheduled two trials in this matter. Defendants believe that the Withheld Document falls squarely within the scope of discovery requests served in this case to which Plaintiff has expressly agreed to produce "all documents."

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Dated this 24th day of November, 2008 at Beverly Hills, California.

Michael Bergman

**EXHIBIT I**
**60**

2

{F0379950.1 }

# LAW OFFICES OF MARC TOBEROFF

A PROFESSIONAL CORPORATION

2049 CENTURY PARK EAST, SUITE 2720
LOS ANGELES, CALIFORNIA 90067

MARC TOBEROFF*
NICHOLAS C. WILLIAMSON
KEITH G. ADAMS
JEFFREY R. RHOADS

* ALSO ADMITTED IN NEW YORK

TELEPHONE
(310) 246-3333

FACSIMILE
(310) 246-3101

May 2, 2008

## CONFIDENTIAL – FOR SETTLEMENT PURPOSES ONLY

Via Electronic Mail and U.S. Mail

Michael Bergman, Esq.
Weissman Wolff Bergman Coleman Grodin & Evall LLP
9665 Wilshire Blvd., Ninth Floor
Beverly Hills, CA 90212

Re:  Superman/Superboy Litigations, Case Nos. 04-CV-8400, 8776 SGL (RZx)

Dear Michael:

This letter is sent pursuant to the executed "JAMS Confidentiality Agreement" and solely in connection with the upcoming settlement mediation sessions.

We wish to inform you that

Very truly yours,

Marc Toberoff

cc:    Roger L. Zissu, Esq.
       Patrick Perkins, Esq.
       Laura Siegel Larson
       Joanne Siegel
       Warren Peary

EXHIBIT I
61



1

2

3

4

5

6

7

8          **UNITED STATES DISTRICT COURT**

9      **CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION**

10   JOANNE SIEGEL, an individual; and        Case No: CV 04-8400 ODW (RZx)
     LAURA SIEGEL LARSON, an
11   individual,                               Hon. Otis D. Wright II, U.S.D.J.

12                   Plaintiffs,               [~~PROPOSED~~] JUDGMENT
                                               PURSUANT TO FED. R. CIV. P.
13         vs.                                 54(b)

14   WARNER BROS. ENTERTAINMENT               Complaint filed:  October 8, 2004
     INC., a corporation; DC COMICS, a        Trial Date:  None Set
15   general partnership; and DOES 1-10,

16
                     Defendants.
17

18   DC COMICS,

19                   Counterclaimant,

20         vs.

21
     JOANNE SIEGEL, an individual; and
22   LAURA SIEGEL LARSON, an
     individual,
23

24                   Counterclaim Defendants.

25

26

27

28

                          [PROPOSED] JUDGMENT

**EXHIBIT J**
**62**

| | |
|---|---|
| 1 | [~~PROPOSED~~] JUDGMENT |
| 2 | Based upon this Court's orders dated March 26, 2008 (Docket No. 293), |
| 3 | August 12, 2009 (Docket No. 560), and October 30, 2009 (Docket No. 595), which |
| 4 | resolved certain of the claims and counterclaims in this case; the Court's March 15, |
| 5 | 2011 order which granted Plaintiff's Motion For Entry of a Partial Judgment Under |
| 6 | Fed. R. Civ. P. 54(b) (Docket No. 659); the Court's May 5, 2011 order which denied |
| 7 | Defendants' Motion to Amend Partial Final Judgment Under Fed. R. Civ. P. 59(e) |
| 8 | (Docket No. 664), struck certain "superfluous, redundant and improper allegations" |
| 9 | from DC's counterclaims, and directed Plaintiffs to renew their Rule 54(b) motion; |
| 10 | and the Court's May 17, 2011 order granting Plaintiff's Renewed Motion for |
| 11 | Entry of a Partial Judgment Under Fed. R. Civ. P. 54(b) and For Stay of Remaining |
| 12 | Claims Pending Appeal Pursuant to the Court's May 5, 2011 order (Docket No. 667): |
| 13 | IT IS ORDERED AND ADJUDGED that pursuant to the Copyright Act, 17 |
| 14 | U.S.C.§ 304(c), Plaintiffs validly terminated on April 16, 1999 all prior grants, |
| 15 | assignments or transfers to any of the Defendants and any of their predecessors-in- |
| 16 | interest, of the renewal copyrights in and to *Action Comics*, No. 1, as well as *Action* |
| 17 | *Comics,* No. 4, *Superman,* No. 1 (pages 3-6), and the first two weeks of the |
| 18 | Superman newspaper strips, and that as of April 17, 1999, Plaintiffs owned and |
| 19 | continue to own fifty percent (50%) of the aforesaid recaptured copyrights. |
| 20 | IT IS FURTHER ORDERED AND ADJUDGED that counterclaimant DC |
| 21 | Comics' First Counterclaim, which sought to invalidate the termination, is DENIED |
| 22 | for the reasons set forth in the Court's March 26, 2008 order. |
| 23 | IT IS FURTHER ORDERED AND ADJUDGED that the Second |
| 24 | Counterclaim is DENIED, as Plaintiffs' claims for declaratory relief were brought |
| 25 | within the relevant statute of limitations period. |
| 26 | IT IS FURTHER ORDERED AND ADJUDGED that the Third and Fourth |
| 27 | Counterclaims are DENIED, as the parties did not enter into a settlement agreement. |
| 28 | IT IS ORDERED AND ADJUDGED that, finding no just reason for delay, the |

1

[PROPOSED] JUDGMENT

**EXHIBIT J**
**63**

1   Court's orders dated March 26, 2008 (Docket No. 293), August 12, 2009 (Docket
2   No. 560), and October 30, 2009 (Docket No. 595) are CERTIFIED AS FINAL, and
3   JUDGMENT IN THIS ACTION IS HEREBY ENTERED PURSUANT TO FED. R.
4   CIV. P. 54(b) on the First Claim of the Third Amended Complaint, and the First,
5   Second, Third and Fourth Counterclaims of the Second Amended Counterclaims.

6
7
8   Dated: _5/17/11_                    _____
                                        OTIS D. WRIGHT
9                                       Hon. Otis D. Wright II
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

                              2
                       [PROPOSED] JUDGMENT

**EXHIBIT J**
**64**