**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| DC COMICS,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>PACIFIC PICTURES CORPORATION; IP WORLDWIDE, LLC; IPW, LLC; MARC TOBEROFF, an individual; MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER; JEAN ADELE PEAVY, an individual; JOANNE SIEGEL, an individual; LAURA SIEGEL LARSON, an individual, and DOES 1-10, inclusive,<br><br>　　　　Defendants. | Case No: CV 10-03633 ODW (RZx)<br><br>Hon. Otis D. Wright II, U.S.D.J.<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS' CONSOLIDATED MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**<br><br>Complaint filed:　May 14, 2010<br>Discovery Cutoff:　None Set<br>Trial Date:　　　None Set<br><br>Date:　November 14, 2011<br>Time:　1:30 p.m.<br>Place:　Courtroom 11 |

# [PROPOSED] ORDER

After consideration of the papers in support of and in opposition to Defendants' Consolidated Motion to Dismiss Pursuant To Fed. R. Civ. P. 12(b)(6), the pleadings, motions, and orders on the record in this action, and any oral argument of counsel, the Court rules as follows:

**First Claim**

[ ] **Statute of Limitations:** DC's First Claim is barred as a matter of law by the statute of limitations, as the 2003 Shuster Termination constituted an express repudiation of DC's co-ownership of the Superman copyrights in question. *See* 17 U.S.C. § 507(b); *Zuill v. Shanahan*, 80 F.3d 1366, 1369-70 (9th Cir. 1996); *Aalmuhammed v. Lee*, 202 F.3d 1227, 1231 (9th Cir. 2000).

[ ] **Part (3):** Part (3) of the First Claim (FAC ¶¶ 112-17) that the 1992 Agreement bars the Shuster Termination fails, as it could have no effect on the Shuster Termination as a matter of law under 17 U.S.C. § 304(c)(5). *See* 17 U.S.C. §§ 204(a), 304(c)(6)(B); *Classic Media, Inc. v. Mewborn*, 532 F.3d 978 (9th Cir. 2008).

[ ] **Part (4):** Part (4) of the First Claim (FAC ¶¶ 125-28), alleging that a May 21, 1948 consent judgment bars the Shuster Termination, fails for the reasons set forth in *Siegel v. Warner Bros. Entertainment, Inc. et al.*, 542 F. Supp. 2d 1098, 1131-32 (C.D. Cal. 2008) ("*Siegel*"). The order in *Siegel*, which was entered as a judgment (*see* Docket No. 669), precludes DC here under the doctrine of issue preclusion. *See Continental Airlines, Inc. v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519, 1525 (9th Cir. 1987); *Brown v. Dunbar*, 2010 U.S. App. LEXIS 8160 (9th Cir. Apr. 20, 2010).

**Second Claim**

[ ] **Parts (a) and (c):** Sub-parts (a) and (c) of the Second Claim (FAC ¶¶ 153-54, 158-59) concern "work for hire" issues which were thoroughly litigated and resolved in the *Siegel* action, and which are equally applicable to both the Siegel and Shuster Terminations, because Siegel and Shuster co-authored the same Superman works and executed the same Superman grants subject to statutory termination. *See Siegel*, 542

F. Supp. 2d at 1126-30; 658 F. Supp. 2d 1036, 1063-68, 1083 (C.D. Cal. 2009) (work for hire issues). Such orders have preclusive effect in this case barring re-litigation of such issues. *See Continental Airlines, Inc.,* 819 F.2d at 1525; *Brown*, 2010 U.S. App. LEXIS 8160. The remaining parts of the claim are stayed pending resolution of the more advanced *Siegel* litigation. *See Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1362 (C.D. Cal. 1997).

**Third and Sixth Claims**

[ ]  **Statute of Limitations (Third Claim):** The Third Claim is barred by the three-year statute of limitations which began to accrue by no later than November 2006, and expired in November 2009, and there is no basis to apply either the discovery rule or the doctrine of continuing accrual. *See* 17 U.S.C. § 507(b); *Estate of Blue v. County of Los Angeles*, 120 F.3d 982, 984 (9th Cir. 1997); *Jolly v. Eli Lilly & Co.*, 44 Cal.3d 1103, 1110-1111 (1988); *State ex rel. Metz v. CCC Information Services, Inc.*, 149 Cal. App. 4th 402, 418-19 (2007).

[ ]  **Statute of Limitations (Sixth Claim):** The Sixth Claim is barred by the four-year statute of limitations which began to accrue by no later than October 2003, and expired in October 2007. *See Stutz Motor Car of Am. v. Reebok Int'l*, 909 F. Supp. 1353, 1363 (C.D. Cal. 1995) (discovery rule inapplicable to UCL claims); *Medimatch, Inc. v. Lucent Techs., Inc.*, 120 F. Supp. 2d 842, 861 (N.D. Cal. 2000).

[ ]  **No Legal "Right" of Negotiation (Third and Sixth Claims):** The Third and Sixth Claims are both erroneously premised on the legal position that DC has a statutory "right" to negotiate the re-purchase of the Shuster Estate's *Superman* copyright interests under 17 U.S.C. § 304(c)(6)(D). DC's Third and Sixth Claims fail because it is clear from the plain language of § 304(c)(6)(D) that it does not provide DC with any "rights." *See* 17 U.S.C. § 304(c)(6)(D); *Bourne Co., v. MPL Comm'ns, Inc.*, 675 F. Supp. 859, 865 (S.D.N.Y. 1987); 3 *Nimmer* § 11.08[A], n.6 (2010).

[ ]  **Lack of Standing (Third and Sixth Claims):** As DC has no substantive "right" under 17 U.S.C. § 304(c)(6)(D), DC also lacks standing to prosecute the

Third and Sixth Claims based on such statute. *See* 3 W. Patry, *Patry on Copyright* ("*Patry*") § 7:47 (2010); *Preminger v. Peake*, 536 F.3d 1000, 1005 (9th Cir. 2008).

[ ]   **Litigation Privilege (Sixth Claim):**  The Sixth Claim is also barred as a matter of law by the litigation privilege of California Civil Code § 47(b), because it targets agreements that clearly reference litigation regarding the Siegel and Shuster Terminations and were entered into during a climate of anticipated litigation apparent from the Siegels' unsuccessful settlement negotiations, and all such agreements relate to the settlement of litigation.  *See Silberg v. Anderson*, 50 Cal. 3d 205, 211-12 (1990); *Nasr v. Geary*, 2003 U.S. Dist. LEXIS 13887 (C.D. Cal. June 9, 2003); *Rubin v. Green*, 4 Cal. 4th 1187, 1194 (1993); *Rothman v. Jackson*, 49 Cal. App. 4th 1134, 1145 (1996); *Seltzer v. Barnes*, 182 Cal. App. 4th 953, 972 (2010).

[ ]   **Preemption (Sixth Claim):**  DC's Sixth Claim under California unfair competition laws is preempted by the Copyright Act, 17 U.S.C. § 301(a), as it is expressly based on and incorporates by reference DC's allegations of purported violations of the Copyright Act, and does not contain an "extra element" that "makes the right asserted qualitatively different from those protected under the Copyright Act."  *See Kodadek v. MTV Networks*, 152 F.3d 1209, 1213 (9th Cir. 1998); *Altera Corp. v. Clear Logic, Inc.*, 424 F.3d 1079, 1089-90 (9th Cir. 2005).

[ ]   **Failure to Plead Violative Conduct (Sixth Claim):**  DC's Sixth Claim also fails to state a claim as DC has not alleged:  any "unlawful" conduct under 17 U.S.C. § 304(c)(6)(D) (*see* 61 CAL. JUR. 3d Unfair Competition § 3); "unfair" conduct (*i.e.*, harm to competition, *see Cel-Tech Comm., Inc. v. L. A. Cellular Tel. Co.*, 20 Cal. 4th 163, 187 (1999)); or any "fraudulent" conduct with the requisite particularity (*see* F.R.C.P. 9(b); *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009)).

<u>Fourth Claim</u>

[ ]   **Statute of Limitations:**  The Fifth Claim is time-barred by the applicable two year statute of limitations, as DC had more than enough facts to have put it on inquiry notice by 2006, at the latest.  *See Trembath v. Digardi*, 43 Cal. App. 3d 834, 836

(2000); *Forcier v. Microsoft Corp.*, 123 F. Supp. 2d 520, 530 (N.D. Cal. 2000); *Jolly v. Eli Lilly & Co.*, 44 Cal. 3d 1103, 1110-11 (1988).

[ ]   **Litigation Privilege:**  DC's Fourth Claim is also barred by the litigation privilege of Cal. Civil Code § 47(b) because it is based on (i) Mr. Toberoff's alleged solicitation of the Shuster Defendants as his clients, *see Rubin v. Green*, 4 Cal. 4th 1187, 1194 (1993); (ii) on communications made in the context of reasonably anticipated litigation, *see Rosenthal v. Irell & Manella*, 135 Cal. App. 3d 121,126 (1982); (iii) Mr. Toberoff's service and filing with the Copyright Office of the Shuster Termination, *see Drum v. Bleau, Fox & Associates*, 107 Cal. App. 4th 1009, 1028 (2003); *Mindys Cosmetics, Inc. v. Dakar*, 611 F.3d 590, 597 (9th Cir. 2010); and (iv) acts taken in support of probate proceedings, *see Cabral v. Martins*, 177 Cal. App. 4th 471, 485 (2009), all activities clearly protected the litigation privilege.

[ ]   **No Interference:**  DC's Fourth Claim fails to state a claim because it does not allege "a valid contract between plaintiff and a third party" and an "actual breach or disruption of the contractual relationship."  *Pacific Gas & Electric Co. v. Bear Stearns & Co.*, 50 Cal.3d 1118, 1126 (1990).  The claim is based on DC's theory that a 1992 Agreement between DC and Joseph Shuster's siblings bars the Shuster Termination, and that therefore the Shuster Termination breached the 1992 Agreement.  The 1992 Agreement does not even mention termination, and does not discuss any right, remedy, or claim of anyone other than Mr. Shuster or Ms. Peavy, who did not hold termination rights or Superman copyrights.  17 U.S.C. § 304(c)(2); *Siegel*, 542 F. Supp. 2d at 1142.  Moreover, if the 1992 Agreement prohibited or encumbered the Shuster Termination in any way, it would be void under the Copyright Act as a matter of law.  *See* 17 U.S.C. §§ 204(a), 304(c)(5), 304(c)(6)(B); *Classic Media, Inc. v. Mewborn*, 532 F.3d 978 (9th Cir. 2008).  Lastly, the 1992 Agreement is not a "revocation and regrant," because it does not contain the required express language for a revocation and replacement of Shuster's prior grants to DC.  *See Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co.*, 411 F.3d 384, 390 (2d Cir.

2005); *Simply Fit of N. Am., Inc. v. Poyner*, 579 F. Supp. 2d 371, 377 (E.D.N.Y. 2008); *Flaum v. Birnbaum*, 508 N.Y.S.2d 115, 120 (N.Y. App. 1986).

**Fifth Claim**

[ ]   **Statute of Limitations:**  The Fifth Claim is time-barred by the applicable two year statute of limitations, as DC had more than enough facts to have put it on inquiry notice by 2006, at the latest.  *See* Cal. Code Civ. Proc. § 339(1); *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 806 (2005); *Jolly*, 44 Cal. 3d at 1110-11.

[ ]   **Litigation Privilege:**  DC's Fifth Claim is also barred, on its face, by the litigation privilege of California Civil Code § 47(b) because:  (i) the claim is based on alleged communications by Toberoff to solicit the Siegels as his clients; and (ii) rests entirely upon DC's allegations that Toberoff interfered with settlement negotiations to resolve anticipated litigation – activities clearly protected by the litigation privilege.  *See Rubin*, 4 Cal. 4th at 1187; *Rosenthal*, 135 Cal. App. 3d at 126; *Kashian v. Harriman*, 98 Cal. App. 4th 892, 920 (2002); *PG&E*, 50 Cal. 3d at 1127.

Accordingly, and for the reasons set forth above and in Defendants' briefing, IT IS HEREBY ORDERED that:

1. Defendants Consolidated Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed.R.Civ.P. 12(B)(6) is GRANTED.
2. The First Claim is DISMISSED WITHOUT LEAVE TO AMEND.
3. The Second Claim, sub-parts (a) and (c), is DISMISSED WITHOUT LEAVE TO AMEND and the remainder of the claim is STAYED.
4. The Third Claim is DISMISSED WITHOUT LEAVE TO AMEND.
5. The Fourth Claim is DISMISSED WITHOUT LEAVE TO AMEND.
6. The Fifth Claim is DISMISSED WITHOUT LEAVE TO AMEND.
7. The Sixth Claim is DISMISSED WITHOUT LEAVE TO AMEND.

IT IS SO ORDERED.

Dated: _____          _____

Hon. Otis D. Wright II