# EXHIBIT 3

# TOBEROFF & ASSOCIATES, P.C.

A PROFESSIONAL CORPORATION

2049 CENTURY PARK EAST, SUITE 3630
LOS ANGELES, CALIFORNIA 90067

MARC TOBEROFF*
NICHOLAS C. WILLIAMSON
KEITH G. ADAMS
JEFFREY R. RHOADS

TELEPHONE
(310) 246-3333

FACSIMILE
(310) 246-3101

* Also admitted in New York

mtoberoff@ipwla.com

October 6, 2011

Via E-Mail

Matthew Kline
O'Melveny and Myers LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067

Re:  *DC Comics v. Pacific Pictures Corp., et al.*, Case No. 10-CV-03633 ODW (RZx)

Matt:

I write in response to your October 6, 2011 e-mail and the parties' meet-and-confer as to defendants' consolidated Rule 12(b)(6) motions to dismiss.

On the call, you firmly rejected Mr. Toberoff's request that defendants be permitted to file their opposition to DC's motion for review on Tuesday, October 11, 2011, in light of the Federal holiday on October 10. Your claim that this extension would deprive you of time to reply is not well-taken, as the only reason DC would have less time was that it set the hearing date on its motion such that our opposition was due on a Federal holiday. In any event, defendants will file their reply on Friday, October 7, 2011 because, due to DC's tactical delay regarding our simple extension request, any stipulation would likely not be approved by the Court before the opposition is due.

As to defendants' consolidated motion to dismiss, Local Rule 7-3 requires the parties to discuss "the substance of the contemplated motion." Both Mr. Toberoff and I repeatedly informed you on the call that the motion would be made on the same grounds as in defendants' prior motions to dismiss (Docket Nos. 146-148), which DC has had for over a year and which DC has already fully opposed. The parties also previously held an in-person meet-and-confer regarding such motions that lasted several hours, during which the bases for the motions were discussed in detail.

Naturally, due to the limitations inherent in compressing 75 pages of briefing into 25 pages, certain arguments will be shortened. To the extent that arguments are ultimately eliminated, that benefits DC, as it will not have to address such arguments. Defendants are not required to provide DC with a detailed outline of this consolidation process. DC has already prepared

**EXHIBIT 3**
**4**

**TOBEROFF & ASSOCIATES, P.C.**

October 6, 2011
Re:   *DC Comics v. Pacific Pictures Corp.*
Page: 2 of 2

lengthy oppositions which it simply needs to edit. For the same reason, DC should not require any additional time beyond that provided by the Local Rules to prepare its papers.

Contrary to your suggestions that parties are somehow obliged to give a complete preview of all their arguments at a meet-and-confer, DC has often dropped arguments after the meet-and-confer and then made new and different arguments in its motions. For example, in DC's motion to compel answers to interrogatories (Docket No. 206), DC did not bring up interrogatories it met-and-conferred on, and instead addressed other interrogatories on which it never met-and-conferred. *See* Docket No. 262 at 6. Similarly, during the meet-and-confer on DC's reconsideration motion regarding the "July 2003 letter" (Docket No. 315), as set forth in your letters of July 25, August 4 and August 11, 2011, DC did not advance the argument that privilege as to the "July 2003 letter" had been waived, either by the disclosure of the "Timeline" or by Ms. Larson's testimony at deposition. DC nonetheless made such arguments at length in its motion. (*see* Docket No. 315 at 16:17-18:16), and defendants did not whine that DC had not "met-and-conferred" on such arguments.

I would also remind DC of Magistrate Zarefsky's recent comments in denying DC's motion to compel:

> [The parties] have learned to be guarded in what they say to each other, for fear that statements might be taken out of context, or show up in a later declaration as grounds for a motion of some sort, perhaps, for reconsideration. Regrettably, it appears that their caution is not misplaced.

Docket No. 323 at 2.

Lastly, I was on the meet-and-confer call, and Mr. Toberoff's statements regarding your intransigent approach to the meet-and-confer process, which you repeatedly use simply to cross-examine opposing counsel rather than to reasonably resolve differences, was accurate and by no means a "screaming rant."

Nothing in this letter should be construed as a waiver or limitation of any of defendants' rights or remedies, all of which are reserved.

Very truly yours,

Keith Adams

**EXHIBIT 3**

**5**