DANIEL M. PETROCELLI (S.B. #097802)
  dpetrocelli@omm.com
MATTHEW T. KLINE (S.B. #211640)
  mkline@omm.com
CASSANDRA L. SETO (S.B. #246608)
  cseto@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA  90067-6035
Telephone:  (310) 553-6700
Facsimile:   (310) 246-6779

PATRICK T. PERKINS (admitted *pro hac vice*)
  pperkins@ptplaw.com
PERKINS LAW OFFICE, P.C.
1711 Route 9D
Cold Spring, NY 10516
Telephone:  (845) 265-2820
Facsimile:   (845) 265-2819

Attorneys for Plaintiff DC Comics

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DC COMICS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PACIFIC PICTURES CORPORATION, IP WORLDWIDE, LLC, IPW, LLC, MARC TOBEROFF, an individual, MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER, JEAN ADELE PEAVY, an individual, LAURA SIEGEL LARSON, an individual and as personal representative of the ESTATE OF JOANNE SIEGEL, and DOES 1-10, inclusive,<br><br>　　　　　Defendants. | Case No. CV 10-3633 ODW (RZx)<br><br>**DC COMICS' STATUS REPORT RE: CASE STATUS PENDING DEFENDANTS' LATEST NOTICE OF APPEAL ON SLAPP ISSUES**<br><br>Hon. Otis D. Wright II<br><br>**Complaint Filed**: May 14, 2010<br>**Trial Date**:　　　None |

DC submits this report in keeping with the Court's Standing Order directing counsel to take "responsibility for the progress of litigation." Docket No. 18 at 1. Defendants have now noticed their third appeal connected to their anti-SLAPP motion that unsuccessfully challenged DC's three state-law claims. Docket Nos. 104, 134, 339.

1. Defendants' latest notice of appeal obviates any present need for the Court to address the parts of defendants' pending Rule 12 motion, Docket No. 333, that challenge DC's Fourth, Fifth, and Sixth claims—all of which arise under California law, *cf. Varian Med. Sys., Inc. v. Delfino*, 35 Cal. 4th 180, 191-92 (2005) ("an appeal of denial of an anti-SLAPP motion automatically stays all further trial court proceedings *on the merits* upon the causes of action affected by the motion") (emphasis added); Docket No. 109 (this Court administratively vacating defendants' prior Rule 12 motions when they noticed previous SLAPP appeal).

2. What must proceed in the case are DC's three federal claims (its First, Second, and Third Claims), and discovery related to *all* of DC's claims. The Ninth Circuit has held that the SLAPP statute "does not apply to federal law causes of action." *Hilton v. Hallmark Cards*, 599 F.3d 894, 901 (9th Cir. 2010); *In re Bah*, 321 B.R. 41, 46 (9th Cir. BAP 2005) ("the anti-SLAPP statute may not be applied to matters involving federal questions"). Staying any proceedings related to DC's federal claims would "frustrate substantive federal rights" and "violat[e] the Supremacy Clause." *Sonoma Foods, Inc. v. Sonoma Cheese Factory, LLC*, 634 F. Supp. 2d 1009, 1016 (N.D. Cal. 2007); *Bulletin Displays, LLC v. Regency Outdoor Adver., Inc.*, 448 F. Supp. 2d 1172, 1180 (C.D. Cal. 2006).

Defendants argued when they filed their first SLAPP appeal that discovery must be stayed in the case pending that SLAPP appeal. *E.g.*, Docket Nos. 110, 112, 115. This Court rightly rejected those arguments, Docket Nos. 117, 124, and the Ninth Circuit denied defendants' petition for a writ of mandamus and emergency stay motion challenging the Court's rulings, Docket No. 283-11. This Court held:

  Good cause appearing, IT IS HEREBY ORDERED that plaintiff DC Comics' Motion to Modify the Court's October 15, 2010 Administrative Order Staying Action Pending Outcome of Appeal is GRANTED; and:

  The stay imposed in the Court's October 15, 2010 order is hereby modified to allow DC Comics to take full discovery related to its federal claims;

  The stay imposed in the Court's October 15, 2010 order is hereby modified to allow DC Comics to take full discovery related to its state-law claims; and,

  The stay imposed in the Court's October 15, 2010 order is hereby modified to allow DC Comics to proceed with full and complete discovery of Joanne Siegel, Laura Siegel Larson, Jean Peavy, and Mark Peary. Docket No. 117 at 1.

  The Court's ruling was fully supported by the case law, as DC showed at the time. *See* Docket No. 110. In *Schering Corp. v. First DataBank, Inc.*, 2007 WL 1747115, at *4 (N.D. Cal. June 18, 2007), the court rejected defendant's efforts to stay all discovery pending an appeal of the denial of its SLAPP motion. The court held it retained jurisdiction over discovery related to plaintiff's state-law claims pending the SLAPP appeal and "[i]t would be wrong to rule on a blanket basis that any and all discovery … should be denied pending what may be a lengthy appeal." In *Bulletin Displays, LLC v. Regency Outdoor Adver., Inc.*, No. SACV 05-1083, Docket No. 54 (C.D. Cal. Oct. 13, 2006), this Court likewise ordered discovery could proceed on plaintiffs' federal *and* state claims while defendants appealed the denial of their SLAPP motion.

Dated: November 2, 2011          Respectfully Submitted,

                  O'MELVENY & MYERS LLP
                  By: /s/ Daniel M. Petrocelli
                    Daniel M. Petrocelli