KENDALL BRILL & KLIEGER LLP
Richard B. Kendall (State Bar No. 90072)
 *rkendall@kbkfirm.com*
Laura W. Brill (State Bar No. 195889)
 *lbrill@kbkfirm.com*
Nicholas F. Daum (State Bar No. 236155)
 *ndaum@kbkfirm.com*
10100 Santa Monica Blvd., Suite 1725
Los Angeles, California  90067
Telephone:   (310) 556-2700
Facsimile:    (310)556-2705

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| DC COMICS,<br><br>                  Plaintiff,<br><br>      vs.<br><br>PACIFIC PICTURES CORPORATION; IP WORLDWIDE, LLC; IPW, LLC; MARC TOBEROFF, an individual; MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER; JEAN ADELE PEAVY, an individual; LAURA SIEGEL LARSON, individually and as personal representative of the ESTATE OF JOANNE SIEGEL, and DOES 1-10, inclusive,<br><br>                  Defendants. | Case No: CV 10-03633 ODW (RZx)<br><br>Hon. Otis D. Wright II, U.S.D.J.<br>Hon. Ralph Zarefsky, U.S.M.J.<br><br>**DEFENDANTS MARC TOBEROFF, PACIFIC PICTURES CORPORATION, IP WORLDWIDE, LLC AND IPW, LLC'S ANSWER TO FIRST AMENDED COMPLAINT**<br><br>Complaint filed:   May 14, 2010<br>Discovery Cutoff:  None Set<br>Trial Date:          None Set |

## ANSWER TO FIRST AMENDED COMPLAINT

Defendants Marc Toberoff, Pacific Pictures Corporation, IP Worldwide, LLC and IPW, LLC ("Defendants") hereby answer the First Amended Complaint ("Complaint") of DC Comics ("Plaintiff" or "DC") as set forth below.  To the extent the allegations of the complaint call for responses based on privileged information or attorney work product, Defendants object.  The responses provided below are made subject to and without waiver of the attorney client privilege and attorney work product protection, and Defendants' answers herein are provided exclusively upon the basis of nonprivileged information.

## I.     STATEMENT OF THE CASE

1.     Defendants admit only that Plaintiff has brought this civil action as set forth in the Complaint and that the Court has subject matter jurisdiction, but otherwise deny the allegations in Paragraph 1.

2.     Paragraph 2 contains conclusions of law as to which no responsive pleading is required.

3.     Paragraph 3 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 3 contains issues of fact, Defendants deny the allegations of Paragraph 3.

4.     Paragraph 4 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 3 contains issues of fact, Defendants admit that during their lifetimes Jerry Siegel and Joe Shuster did not serve or file notices of termination pursuant to 17 U.S.C. § 304(c), admit that Siegel and Shuster had certain agreements with DC Comics ("DC"), admit that Siegel knew generally of certain "termination provisions in amendments to the Copyright Act," admit that Frank Shuster and Jean Adele Peavy entered into an agreement with DC in 1992, and lack knowledge or information sufficient to form a belief as to the truth of the allegation that Shuster was "well aware of the termination provisions in amendments to the Copyright Act," and on that basis deny the same.  Defendants otherwise deny

the allegations of Paragraph 4.

5.    Defendants admit that Marc Toberoff learned of a 1992 Agreement between Frank Shuster, Jean Adele Peavy and DC Comics in 2001-2002.  Defendants otherwise deny the allegations of Paragraph 5.

6.    Defendants admit that Pacific Pictures Corporation was wholly owned by Marc Toberoff, and that Mark Warren Peary caused to be served a notice of termination.  Defendants otherwise deny the allegations of Paragraph 6.

7.    Defendants deny the allegations of Paragraph 7, except admit that Joanne Siegel and Laura Siegel Larson served termination notices in 1997.

8.    Defendants admit that Joanne Siegel and Laura Siegel Larson terminated their employment of Gang, Tyre, Ramer & Brown and thereafter entered into an agreement with Marc Toberoff and IP Worldwide, LLC.  Defendants otherwise deny the allegations of Paragraph 8.

9.    Defendants admit that *Smallville* was a successful network television series.  Defendants otherwise deny the allegations of Paragraph 9.

10.    Defendants admit that Joanne Siegel and Laura Siegel Larson served and filed notices of copyright termination concerning Superboy in 2002, and that Marc Toberoff filed a notice of copyright termination on behalf of the Estate of Joseph Shuster in 2003.  Defendants otherwise deny the allegations of Paragraph 10.

11.    Paragraph 11 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 11 contains issues of fact, Defendants deny the allegations of Paragraph 11, except to the extent that they can neither admit nor deny the allegations of Paragraph 11, as such involve communications protected by the attorney-client privilege and a May 1, 2008 JAMS Confidentiality Agreement entered into by the parties in connection with court-ordered settlement mediation in *Siegel v. Warner Bros. Entertainment Inc.* (Case No. 04-CV-08400 ODW (RZx)).

12.    Paragraph 12 contains conclusions of law as to which no responsive pleading is required.  Defendants admit that this action seeks declaratory judgments

1  and other reliefs.  To the extent Paragraph 12 otherwise contains issues of fact,

2  Defendants deny the allegations of Paragraph 12.

3  **II.    PARTIES**

4        13.    Defendants admit that DC is a general partnership organized and

5  existing under the laws of the State of New York.  Defendants otherwise deny the

6  allegations of Paragraph 13.

7        14.    Defendants admit that Pacific Pictures Corporation ("PPC") (dissolved

8  in January 2009) was a New York corporation that was organized under the laws of

9  the State of New York, and was registered as a foreign corporation doing business in

10  the State of California and the County of Los Angeles.  Defendants otherwise deny

11  the allegations of Paragraph 14.

12        15.    Defendants admit the allegations of Paragraph 15, except that

13  Defendants deny that "Toberoff is the managing and controlling member of IP

14  Worldwide, LLC ["IP Worldwide"] and owns the controlling interest therein."

15        16.    Defendants admit the allegations of Paragraph 16, except that

16  Defendants deny that IPW, LLC ("IPW") is a successor-in-interest to all or part of IP

17  Worldwide's interests that are relevant to this case.

18        17.    Defendants admit the allegations of Paragraph 17, except that

19  Defendants deny that Toberoff is a shareholder and member of Pacific Pictures

20  Corporation and that Toberoff is a member of IP Worldwide, LLC and IPW, LLC.

21        18.    Defendants admit the allegations of Paragraph 18.

22        19.    Defendants admit the allegations of Paragraph 19.

23        20.    Defendants admit that Jean Adele Peavy ("Peavy") is an individual who

24  resides in the State of New Mexico and is and has been a citizen of the United States

25  and that Peavy was the sister of Joseph Shuster.  Defendants otherwise deny the

26  allegations of Paragraph 20, except to the extent, if any, that the allegations

27  accurately reflect the contents of documents, and respectfully refer the Court to such

28  documents for evidence of the contents thereof.

21.    Defendants admit the allegations of Paragraph 21, except to the extent that Joanne Siegel has since passed away on February 12, 2011.

22.    Defendants admit the allegations of Paragraph 22.

23.    Defendants admit that Marc Toberoff was the sole shareholder and principal of Pacific Pictures Corporation, which was dissolved in 2009, and is a shareholder of both IP Worldwide, LLC and IPW, LLC.  Defendants otherwise deny the allegations of Paragraph 23.

24.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24, and on that basis deny the same.

### III.    JURISDICTION AND VENUE

25.    Paragraph 25 alleges conclusions of law to which no responsive pleading is required.

26.    Paragraph 26, and each of its subparagraphs, alleges conclusions of law to which no responsive pleading is required.

    a. Paragraph 26(a) contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 26(a) contains issues of fact, Defendants deny the allegations of Paragraph 26(a), except admit that Peary, Peavy, and Pacific Pictures Corporation entered into an agreement dated November 23, 2001, and that Peary and Pacific Pictures Corporation entered into an agreement dated October 26, 2003.  The terms of these agreements speak for themselves, and Defendants respectfully refer the Court to such documents for evidence of the contents thereof.

    b. Defendants admit that a California Court appointed Peary executor of the estate of Joseph Shuster, and that Peary caused to be served a notice of termination pursuant to the Copyright Act, but otherwise deny the allegations of Paragraph 26(b), except to the extent that the allegations

accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

c.  Defendants deny the allegations in Paragraph 26(c), except admit that IP Worldwide is a Delaware entity registered as doing business in the State of California and has its principal place of business in the State of California and county of Los Angeles.

d.  Defendants admit the allegations of Paragraph 26(d).

e.  Defendants admit the allegations of Paragraph 26(e), except to the extent that Joanne Siegel passed away on February 12, 2011.

f.  Defendants admit that Joanne Siegel and Laura Siegel Larson filed two related actions against, *inter alia,* DC Comics, Case Nos. 04-CV-08400 ODW (RZx) and 04-CV-08776 ODW (RZx) that concerned, *inter alia,* Superman and Superboy, respectively.  Defendants otherwise deny allegations of Paragraph 26(f).

27.  Paragraph 27 alleges conclusions of law to which no responsive pleading is required.

## IV.    FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

28.    Defendants admit on information and belief that, in or about 1934, Jerome Siegel (a writer) ("Siegel") and Joseph Shuster (an illustrator) ("Shuster") conceived of a fictional character called Superman, and independently co-authored fifteen daily "Superman" comic strips, consisting of one week (six days) of completely inked daily "Superman" comic strips and three additional six day weeks of "Superman" comic strips in penciled form (the "1934 Superman Comic Strip"). "Superman" was submitted by Siegel and Shuster to numerous publishers over the next few years. Defendants otherwise deny the allegations of Paragraph 28, except to the extent that the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

29.    Defendants admit on information and belief that DCI was provided with

the 1934 Superman Comic Strip, that DCI expressed interest in publishing this work in a thirteen page comic magazine format, and that this was published by DCI in a magazine called "Action Comics, No. 1." Defendants otherwise deny the allegations of Paragraph 29.

30.    Defendants admit on information and belief only that on or about December 4, 1937, Siegel and Shuster, as independent contractors, entered into an agreement with Detective Comics, Inc. ("DCI") (the "December 4, 1937 Agreement") to continue to produce the comic magazine features "Slam Bradley" and "The Spy" for a period of two years which agreement provided, in part, that any new and additional features which Siegel and Shuster produced for use in a comic magazine were to be first submitted to DCI which reserved the right to accept or reject same within sixty days. Defendants admit that, on or about September 22, 1938, DCI, Siegel and Shuster entered into an agreement with The McClure Newspaper Syndicate, and that on or about September 22, 1938, DCI and Siegel and Shuster entered into an agreement. Defendants otherwise deny the allegations of Paragraph 30, except to the extent that the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

31.    Paragraph 31 contains conclusions of law as to which no responsive pleading is required. To the extent Paragraph 31 contains issues of fact, Defendants admit on information and belief that, in or about January–February 1938, when DCI expressed interest to Siegel and Shuster in publishing their 1934 Superman Comic Strip in a magazine, Siegel and Shuster cut and pasted their 1934 Superman comic strip into more than ninety separate panels (the "Revised Superman Comic Strip"), so as to render their newspaper strip more suitable for a magazine layout. Defendants otherwise deny the allegations of Paragraph 31.

32.    Paragraph 32 contains conclusions of law as to which no responsive pleading is required. To the extent Paragraph 32 contains issues of fact, Defendants

admit on information and belief only that in an instrument prepared by DCI, dated

March 1, 1938 (the "March 1, 1938 Agreement"), concerning a strip entitled

"Superman," Siegel and Shuster agreed to the publication of their Revised 1934

Superman Comic Strip by Detective Comics in consideration for the sum of $10 per

page for this thirteen page installment equal to a total of $130.  Defendants further

admit that, in addition to the Siegel and Shuster material published by DCI in "Action

Comics No. 1," Siegel and Shuster created further original "Superman" material and

stories.  Defendants otherwise deny the allegations of Paragraph 32, except to the

extent that the allegations accurately reflect the contents of documents, and

respectfully refer the Court to such documents for evidence of the contents thereof.

33.     Paragraph 33 contains conclusions of law as to which no responsive

pleading is required.  To the extent Paragraph 33 contains issues of fact, Defendants

admit that "Action Comics No. 1" depicts, without limitation, Superman's origin

from the distant planet, his "back-story" (sent to Earth as an infant in a spaceship by

his scientist father), his core physical and mental traits, his mission as a champion of

the oppressed to use his great powers to benefit humankind, his secret identity as

newspaper reporter, "Clark Kent," his relationship with other key characters such as

the newspaper editor from whom he takes his assignments and his romantic interest

in Lois, who rebuffs Clark, while she is romantically inclined towards Superman.

Defendants otherwise deny the allegations of Paragraph 33, except to the extent that

the allegations accurately reflect the contents of documents, and respectfully refer the

Court to such documents for evidence of the contents thereof.

34.     Paragraph 34 contains conclusions of law as to which no responsive

pleading is required.  To the extent Paragraph 34 contains issues of fact, Defendants

deny the allegations of Paragraph 34, except admit that DC and its predecessors-in-

interest have published Superman in various forms since 1938.

35.     Defendants lack knowledge or information sufficient to form a belief as

to the truth of the allegations contained in Paragraph 35, and on that basis deny the

same, except admit that DC and its predecessors-in-interest have published Superman in various forms since 1938.

36.    Defendants deny the allegations of Paragraph 36, except admit that numerous Superman works derived from Siegel and Shuster's original Superman story published in "Action Comics, No. 1, have thereafter been produced.

37.    Defendants deny the allegations of Paragraph 37, except admit that Siegel and Shuster's co-creation, Superman is one of the most famous, beloved and valuable fictional characters in the world.

38.    Defendants deny the allegations of Paragraph 38, except to the extent that the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

39.    Defendants deny the allegations of Paragraph 39, except to the extent that the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

40.    Paragraph 40 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 40 contains issues of fact, Defendants admit on information and belief that the relationship between DC Comics' and its predecessors and Siegel and Shuster became contentious, and lack knowledge or information sufficient to form a belief as to the truth of the other allegations contained in Paragraph 40, and on that basis deny the same

41.    Defendants admit that in or about 1947, Siegel and Shuster filed an action in the Supreme Court of the State of New York, County of Westchester against National Comics Publications, Inc. (hereinafter, the "1947 Action") to determine the validity of the contracts between National Comics Publications, Inc.'s predecessors – in–interest and Siegel and Shuster with respect to Superman, and to determine the origin and ownership of Superboy.  Defendants otherwise deny the allegations of Paragraph 41, except to the extent that the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the

1    contents thereof.

2         42.    Defendants admit that pursuant to a stipulation of the parties, the 1947

3    Action was referred for decision to an Official Referee of the New York Supreme

4    Court.  After trial of the action the Official Referee rendered an opinion dated

5    November 1, 1947, which speaks for itself.  Defendants otherwise deny the

6    allegations of Paragraph 42, except to the extent that the allegations accurately reflect

7    the contents of documents, and respectfully refer the Court to such documents for

8    evidence of the contents thereof.

9         43.    Defendants admit that on April 12, 1948, the Official Referee in the

10   1947 Action signed detailed findings of fact and conclusions of law and entered an

11   interlocutory judgment upholding the challenged contracts in some respects, but also

12   finding that Jerome Siegel was the originator and sole owner of the comic strip

13   feature, "Superboy," and that DCI acted illegally in publishing Superboy.

14   Defendants otherwise deny the allegations of Paragraph 43, except to the extent that

15   the allegations accurately reflect the contents of documents, and respectfully refer the

16   Court to such documents for evidence of the contents thereof.

17        44.    Defendants admit on information and belief only that after the Official

18   Referee entered his findings in the 1947 Action, settlement negotiations ensued,

19   resulting in a stipulation of settlement between said parties executed on or about May

20   19, 1948 (hereinafter, the "1948 Stipulation"), and the entry in the New York

21   Supreme Court of a final consent judgment dated May 21, 1948 (hereinafter, the

22   "1948 Consent Judgment").  Defendants specifically deny the allegation that the

23   1948 Stipulation and the 1948 Consent Judgment were separate grants or

24   "agreements." Defendants otherwise deny the allegations of Paragraph 43, except to

25   the extent that the allegations accurately reflect the contents of documents, and

26   respectfully refer the Court to such documents for evidence of the contents thereof.

27        45.    Defendants lack knowledge or information sufficient to form a belief as

28   to the truth of the allegations contained in Paragraph 45, and on that basis deny the

same, except admit on information and belief that Siegel created a new comic book and syndicated comic strip called "Funnyman," and that Siegel submitted material to DC for publication from the late 1950s to mid 1960s.

46. Defendants admit only that Siegel and Shuster filed an action against National Periodical Publications, Inc. in the United States District Court for the Southern District of New York for a declaration that Siegel and Shuster were entitled to the renewal copyright to "Superman," that the District Court's decision was published in *Siegel v. National Periodical Publications, Inc.*, 364 F. Supp. 1032 (S.D.N.Y. 1973); and that on appeal the decision of the United States Court of Appeals for the Second Circuit was published in *Siegel v. National Periodical Publications, Inc.*, 508 F.2d 909 (2d Cir. 1974), which held, *inter alia*, that the District Court erred in finding that Superman was a "work for hire" under the Copyright Act, 17 U.S.C. § 26, and that "Superman" and his miraculous powers were created by Siegel and Shuster long before any employment relationship with DCI; and that no appeal was taken from this ruling. Defendants otherwise deny the allegations of Paragraph 46, except to the extent that the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

47. Defendants admit on information and belief that, in the early 1970s, Siegel publicized his dire financial circumstances and the fact that DC and its predecessors-in-interests had profited immensely from Superman while Siegel and Shuster, Superman's co-creators, had received little-to-no participation or credit, resulting in a public backlash against companies such as DC and its predecessors. Defendants admit that Siegel and Shuster entered into a December 23, 1973 Agreement with Warner Communications, Inc. Defendants otherwise deny the allegations of Paragraph 47, except to the extent that the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

48.     Defendants deny the allegations of Paragraph 48, except to the extent that the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

49.     Paragraph 49 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 49 contains issues of fact, Defendants deny that DC's predecessor-in-interest developed Superboy pursuant to its original grant of rights in Superman as Superboy was created by Jerry Siegel and ultimately sold to DC's predecessor.  Paragraph 49 otherwise alleges conclusions of law to which no responsive pleading is required.

50.     Paragraph 50 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 50 contains issues of fact, Defendants deny the allegations of Paragraph 50, except admit that during their lifetimes Jerome Siegel and Joseph Shuster did not serve or file notices of termination pursuant to 17 U.S.C. § 304(c).

51.     Defendants admit that Shuster passed away on July 30, 1992, and was survived by Frank Shuster (his brother), Jean Peavy (his sister), and Mark Warren Peary and Dawn Peavy (his nephew/niece), that Shuster did not leave a widow or have children or grandchildren and, as to Joe Shuster's will, Defendants respectfully refer the Court to such document for evidence of the contents thereof.  Defendants otherwise deny the allegations of Paragraph 51.

52.     Defendants deny the allegations of Paragraph 52, except to the extent, if any, that the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

53.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53, and on that basis deny the same, except admit that, at some point, Time Warner and/or DC agreed to pay certain of Joe Shuster's expenses and to increase Frank Shuster's modest pension.

54.     Defendants deny the allegations of Paragraph 54,  except to the extent, if

any, that the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

55.    Paragraph 55 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 55 contains issues of fact, Defendants deny the allegations of Paragraph 55, except to the extent, if any, that the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

56.    Paragraph 56 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 56 contains issues of fact, Defendants deny the allegations of Paragraph 56, except to the extent, if any, that the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

57.    Defendants admit that DC paid Frank Shuster, and has paid Jean Peavy, a modest increased pension pursuant to the terms of the 1992 Agreement. Defendants otherwise deny the allegations of Paragraph 57, except to the extent, if any, that the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

58.    Defendants deny the allegations of Paragraph 58.

59.    Defendants admit that Mr. Toberoff represents the authors of copyrighted works and their heirs with respect to their rights.  Defendants otherwise deny the allegations of Paragraph 59.

60.    Defendants deny the allegations of Paragraph 60, except to the extent, if any, that the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

61.    Defendants deny the allegations of Paragraph 61, except to the extent, if any, that the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

62.    Defendants deny the allegations of Paragraph 62, except to the extent, if

any, that the allegations accurately reflect the contents of documents, and respectfully
refer the Court to such documents for evidence of the contents thereof.

63.    Defendants deny the allegations of Paragraph 63, except to the extent, if
any, that the allegations accurately reflect the contents of documents, and respectfully
refer the Court to such documents for evidence of the contents thereof.

64.    Paragraph 64 contains conclusions of law as to which no responsive
pleading is required.  To the extent Paragraph 64 contains issues of fact, Defendants
deny the allegations of Paragraph 64, except to the extent, if any, that the allegations
accurately reflect the contents of documents, and respectfully refer the Court to such
documents for evidence of the contents thereof.  Mr. Toberoff began acting as the
attorney for Mark Warren Peary and Jean Adele Peavy shortly after he was contacted
by Mr. Peary in late 2001.

65.    Defendants admit only that the Estate of Joseph Shuster was established
by a probate action in Los Angeles Superior Court, LASC Case No. BP-080635, that
Mark Warren Peary was appointed as executor/personal representative of the Shuster
Estate, and that Mr. Peary served a copyright termination notice on DC on behalf of
the estate in November 2003 drafted and signed by Mr. Toberoff as "Counsel for the
Estate of Joseph Shuster" (the "Shuster Termination Notice").  Defendants otherwise
deny the allegations of Paragraph 65, except to the extent, if any, that the allegations
accurately reflect the contents of documents, and respectfully refer the Court to such
documents for evidence of the contents thereof.

66.    Defendants deny the allegations of Paragraph 66.

67.    Paragraph 70 contains conclusions of law as to which no responsive
pleading is required.  To the extent Paragraph 70 contains issues of fact, Defendants
admit that Joanne Siegel and Laura Siegel Larson (the "Siegel Heirs"), with the
assistance of counsel, served copyright termination notices as to Superman on DC,
among others, in 1997.  Defendants otherwise deny the allegations of Paragraph 67,
except to the extent, if any, that the allegations accurately reflect the contents of

documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

68.    Defendants admit that DC provided $228,172.65 to the Siegel Heirs. Defendants otherwise deny the allegations of Paragraph 68.

69.    Paragraph 69 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 69 contains issues of fact, Defendants admit that on October 16, 2001, DC made a proposal to Kevin Marks, counsel for the Siegel Heirs; on October 19, 2001, Mr. Marks wrote a letter to DC's counsel outlining initial terms of a proposed agreement for which many other material terms had not yet been agreed upon; and that DC's counsel wrote a letter dated October 26, 2001 to the Siegel Heirs' counsel and that on or about February 1, 2002 DC's counsel sent to the Siegel Heirs' counsel a proposed written agreement, both of which contained many new material terms not contained in DC's original October 16, 2001 proposal or in the October 19, 2001 letter from the Siegel Heirs' counsel, including without limitation terms that materially differed from and/or substantially diluted the terms in the October 19, 2001 letter.  Defendants otherwise deny the allegations of Paragraph 69.

70.    Defendants admit that, if the Siegel Heirs and Shuster Executor work together, they have significantly greater leverage in negotiations.  Defendants otherwise deny the allegations of Paragraph 70.

71.    Defendants deny the allegations of Paragraph 71.

72.    Defendants admit that Mr. Toberoff contacted Mr. Marks regarding the status of the Siegel Heirs' rights on or around February 6, 2002.  Defendants otherwise deny the allegations of Paragraph 72.

73.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73, and on that basis deny the same

74.    Defendants admit that, on or around February 12, 2002, Mr. Toberoff

1  formed IP Worldwide with Ari Emanuel, the current head of the William Morris

2  Endeavor talent agency.

3      75.    Paragraph 75 contains conclusions of law as to which no responsive

4  pleading is required.  To the extent Paragraph 75 contains issues of fact, Defendants

5  admit that, on May 9, 2002, Joanne Siegel sent a letter to the Richard Parsons, CEO

6  of Time Warner Inc., DC's parent company, stating that DC's new proposals

7  contained "new, outrageous demands that were not in the[ir] proposal," comparing

8  DC to the "Gestapo" and stating that "[a]fter four years we have no deal and this

9  contract makes an agreement impossible."  Defendants otherwise deny the allegations

10  of Paragraph 75.

11     76.    Defendants admit that, upon information and belief, Mr. Marks had a

12  conversation with John Schulman on or around May 16, 2002, and Defendants

13  otherwise deny the allegations of Paragraph 76, except to the extent that they can

14  neither admit nor deny the allegations of Paragraph 76, as such involve

15  communications protected by the attorney-client privilege.

16     77.    Defendants admit that Mr. Toberoff contacted Mr. Marks in or around

17  August 2002; that Mr. Marks did not disclose the specific parameters of DC's various

18  proposals and counter-proposals during those conversations; and that in a conference

19  call on or around August 8, 2002, Mr. Emanuel, with Mr. Toberoff present, conveyed

20  an offer to Mr. Marks regarding the Siegel Heirs' Superman rights.  Defendants

21  otherwise deny the allegations of Paragraph 77.

22     78.    Defendants admit that Mr. Emanuel's August 8, 2002 proposal was for

23  $15 million and a contingent "back-end" participation to be negotiated.  Defendants

24  otherwise deny the allegations of Paragraph 78.

25     79.    Defendants admit that by letter dated September 21, 2002 the Siegel

26  Heirs terminated Mr. Marks as their attorney.  Defendants otherwise deny the

27  allegations of Paragraph 79, except to the extent that they can neither admit nor deny

28  the allegations of Paragraph 79, as such involve communications protected by the

1    attorney-client privilege.

2        80.    Defendants deny the allegations of Paragraph 80, except to the extent, if

3    any, that the allegations accurately reflect the contents of documents, and respectfully

4    refer the Court to such documents for evidence of the contents thereof.

5        81.    Defendants admit that the Siegel Heirs and IP Worldwide entered into

6    an agreement dated October 23, 2002 (the "IP Worldwide Agreement").  Defendants

7    otherwise deny the allegations of Paragraph 81, except to the extent, if any, that the

8    allegations accurately reflect the contents of documents, and respectfully refer the

9    Court to such documents for evidence of the contents thereof.

10        82.    Defendants deny the allegations of Paragraph 82, except to the extent, if

11    any, that the allegations accurately reflect the contents of documents, and respectfully

12    refer the Court to such documents for evidence of the contents thereof.

13        83.    Paragraph 83 contains conclusions of law as to which no responsive

14    pleading is required.  To the extent Paragraph 83 contains issues of fact, Defendants

15    admit that Mr. Toberoff began acting as counsel for the Siegel Heirs shortly after

16    their initial meetings, and entered into a formal retainer agreement with the Siegel

17    Heirs on or about October 3, 2004.  Defendants otherwise deny the allegations of

18    Paragraph 83, except to the extent, if any, that the allegations accurately reflect the

19    contents of documents, and respectfully refer the Court to such documents for

20    evidence of the contents thereof.

21        84.    Defendants deny the allegations of Paragraph 84.

22        85.    Defendants deny the allegations of Paragraph 85.

23        86.    Paragraph 86 contains conclusions of law as to which no responsive

24    pleading is required.  To the extent Paragraph 86 contains issues of fact, Defendants

25    admit that on November 8, 2002, the Siegel Heirs served on DC a copyright

26    termination notice related to the character "Superboy," which properly listed Jerome

27    Siegel as the sole author of Superboy based on, *inter alia*, his independently-written

28    Superboy "script," consistent with the November 21, 1947 opinion and April 12,

1948 findings of fact and conclusions of law in a 1947 Action in the New York Supreme Court in Westchester County.  Defendants otherwise deny the allegations of Paragraph 86.

87.    Defendants deny the allegations of Paragraph 87.

88.    Defendants deny the allegations of Paragraph 88, except to the extent, if any, that the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

89.    Defendants admit that on or about June 17, 2004, Mr. Emanuel, a talent agent and founder of the Endeavor Talent Agency, sent a letter to Warner Bros. confirming that since "Smallville" is derived from "Superboy," DC and Warner Bros. would be prohibited after November 17, 2004, the effective date of the Superboy notice of termination, from producing and exploiting new derivative "Smallville" episodes; and that by letter dated August 4, 2004, Mr. Toberoff, the Siegel Heirs' attorney, reiterated that since "Smallville" is derived from "Superboy," DC and Warner Bros. would be prohibited after November 17, 2004, the effective date of the Superboy Notice, from producing and exploiting new derivative "Smallville" episodes.  Defendants otherwise deny the allegations of Paragraph 89.

90.    Defendants deny the allegations of Paragraph 90.

91.    Defendants admit that Joanne Siegel and Laura Siegel Larson filed two related actions against, *inter alia,* DC Comics, Case Nos. 04-CV-08400 ODW (RZx) and 04-CV-08776 ODW (RZx) that concerned, *inter alia*, Superman and Superboy, respectively.  Defendants otherwise deny the allegations of Paragraph 91.

92.    Defendants admit that Mark Warren Peary caused to be served the Shuster Termination Notice one week after the November 3, 2003 date of Pacific Pictures Agreement.  Defendants otherwise deny the allegations of Paragraph 92.

93.    Defendants deny the allegations of Paragraph 93, which omits that the Shuster Termination Notice was signed by "Marc Toberoff, Esq., Counsel for the Estate of Joseph Shuster," except to the extent, if any, that the allegations accurately

reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

94.    Defendants admit that the Shuster Termination Notice, pursuant to 17 U.S.C. § 304(d), effective October 26, 2013, terminated (a) the December 4, 1937 Agreement; (b) the March 1, 1938 Agreement; (c) the DCI September 22, 1938 Agreement; (d) the McClure September 22, 1938 Agreement; (e) the December 19, 1939 Agreement; (f) the May 19, 1948 Stipulation; and (g) the December 23, 1975 Agreement, to the extent that such constituted copyright grants.

95.    Paragraph 95 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 95 contains issues of fact, Defendants admit that the Shuster Termination does not mention the May 21, 1948 Consent Agreement and the 1992 Agreement because neither constitute Superman copyright grants, and Defendants otherwise deny the allegations of Paragraph 95.

96.    Defendants admit that the Shuster Termination Notice applies to the following works:  certain unpublished material created before Action Comics No. 1; Action Comics Nos. 1-7; reprinted material in Superman No. 1; and reprinted material in Superman No. 3.

97.    Paragraph 97 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 97 contains issues of fact, Defendants deny the allegations of Paragraph 97.

98.    Defendants deny the allegations of Paragraph 98, as the Shuster Executor's termination interest could not have been transferred to PPC as a matter of law pursuant to 17 U.S.C. § 304, except to the extent, if any,  that the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

99.    Paragraph 99 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 99 contains issues of fact, Defendants admit that a September 10, 2004 letter between Pacific Pictures Corporation, Mr.

Peary and Ms. Peavy completely cancelled the 2001 Pacific Pictures Agreement and the 2003 Pacific Pictures Agreement and cancelled any joint venture between them. Defendants otherwise deny the allegations of Paragraph 99.

100.   Paragraph 100 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 100 contains issues of fact, Defendants deny the allegations of Paragraph 100.

101.   Paragraph 101 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 101 contains issues of fact, Defendants deny the allegations of Paragraph 101, except to the extent that they can neither admit nor deny the allegations of Paragraph 101, as such involve communications protected by the attorney-client privilege and a May 1, 2008 JAMS Confidentiality Agreement entered into by the parties in connection with court-ordered settlement mediation in *Siegel v. Warner Bros. Entertainment Inc.* (Case No. 04-CV-08400 ODW (RZx)).

102.   Defendants deny the allegations of Paragraph 102, except admit that Judge Larson issued orders on September 26, 2008 and December 4, 2008 in the related *Siegel v. Warner Bros. Entertainment Inc.* case that resulted in the disclosure of the "Toberoff Timeline," which DC has admitted that it read in 2006.

103.   Defendants deny the allegations of Paragraph 103, except to the extent, if any, that the allegations accurately describe the contents of the so-called "Toberoff Timeline," a false, ranting and inadmissible document written by an attorney who violated his duties of loyalty and confidentiality.

104.   Defendants deny the allegations of Paragraph 104, as DC read the Toberoff Timeline in 2006, except to the extent, if any, that the allegations accurately describe the contents of the so-called "Toberoff Timeline," a false and inadmissible document written by an attorney who violated his duties of loyalty and confidentiality.

## V.    CLAIMS FOR RELIEF

### A.    First Claim for Relief

105.    Defendants re-allege and incorporate by reference their responses to Paragraphs 1-104, inclusive.

106.    Paragraph 106 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 106 contains issues of fact, Defendants incorporate by reference the answers of defendants Jean Adele Peavy and Mark Warren Peary, to whom this claim for relief is applicable.

107.    Paragraph 107 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 106 contains issues of fact, Defendants incorporate by reference the answers of the defendants Jean Adele Peavy and Mark Warren Peary, to whom this claim for relief is applicable.

108.    Paragraph 108 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 106 contains issues of fact, Defendants incorporate by reference the answers of the defendants Jean Adele Peavy and Mark Warren Peary, to whom this claim for relief is applicable.

109.    Paragraph 108 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 106 contains issues of fact, Defendants incorporate by reference the answers of the defendants Jean Adele Peavy and Mark Warren Peary, to whom this claim for relief is applicable.

110.    Paragraph 110 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 110 contains issues of fact, Defendants incorporate by reference the answers of the defendants Jean Adele Peavy and Mark Warren Peary, to whom this claim for relief is applicable.

111.    Paragraph 111 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 110 contains issues of fact, Defendants incorporate by reference the answers of the defendants Jean Adele Peavy and Mark Warren Peary, to whom this claim for relief is applicable.

112.    Paragraph 112 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 112 contains issues of fact, Defendants

incorporate by reference the answers of the defendants Jean Adele Peavy and Mark Warren Peary, to whom this claim for relief is applicable.

113.   Paragraph 113 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 113 contains issues of fact, Defendants incorporate by reference the answers of the defendants Jean Adele Peavy and Mark Warren Peary, to whom this claim for relief is applicable.

114.   Paragraph 114 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 114 contains issues of fact, Defendants incorporate by reference the answers of the defendants Jean Adele Peavy and Mark Warren Peary, to whom this claim for relief is applicable.

115.   Paragraph 115 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 115 contains issues of fact, Defendants incorporate by reference the answers of the defendants Jean Adele Peavy and Mark Warren Peary, to whom this claim for relief is applicable.

116.   Paragraph 116 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 116 contains issues of fact, Defendants incorporate by reference the answers of the defendants Jean Adele Peavy and Mark Warren Peary, to whom this claim for relief is applicable.

117.   Paragraph 117 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 117 contains issues of fact, Defendants incorporate by reference the answers of the defendants Jean Adele Peavy and Mark Warren Peary, to whom this claim for relief is applicable.

118.   Paragraph 118 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 118 contains issues of fact, Defendants incorporate by reference the answers of the defendants Jean Adele Peavy and Mark Warren Peary, to whom this claim for relief is applicable.

119.   Paragraph 119 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 119 contains issues of fact, Defendants

incorporate by reference the answers of the defendants Jean Adele Peavy and Mark Warren Peary, to whom this claim for relief is applicable.

120.   Paragraph 120 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 120 contains issues of fact, Defendants incorporate by reference the answers of the defendants Jean Adele Peavy and Mark Warren Peary, to whom this claim for relief is applicable.

121.   Paragraph 121 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 121 contains issues of fact, Defendants incorporate by reference the answers of the defendants Jean Adele Peavy and Mark Warren Peary, to whom this claim for relief is applicable.

122.   Paragraph 122 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 122 contains issues of fact, Defendants incorporate by reference the answers of the defendants Jean Adele Peavy and Mark Warren Peary, to whom this claim for relief is applicable.

123.   Paragraph 123 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 123 contains issues of fact, Defendants incorporate by reference the answers of the defendants Jean Adele Peavy and Mark Warren Peary, to whom this claim for relief is applicable.

124.   Paragraph 124 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 124 contains issues of fact, Defendants incorporate by reference the answers of the defendants Jean Adele Peavy and Mark Warren Peary, to whom this claim for relief is applicable.

125.   Paragraph 125 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 125 contains issues of fact, Defendants incorporate by reference the answers of the defendants Jean Adele Peavy and Mark Warren Peary, to whom this claim for relief is applicable.

126.   Paragraph 126 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 126 contains issues of fact, Defendants

incorporate by reference the answers of the defendants Jean Adele Peavy and Mark Warren Peary, to whom this claim for relief is applicable.

127.   Paragraph 127 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 127 contains issues of fact, Defendants incorporate by reference the answers of the defendants Jean Adele Peavy and Mark Warren Peary, to whom this claim for relief is applicable.

128.   Paragraph 128 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 128 contains issues of fact, Defendants incorporate by reference the answers of the defendants Jean Adele Peavy and Mark Warren Peary, to whom this claim for relief is applicable.

129.   Paragraph 129 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 129 contains issues of fact, Defendants incorporate by reference the answers of the defendants Jean Adele Peavy and Mark Warren Peary, to whom this claim for relief is applicable.

130.   Paragraph 130 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 130 contains issues of fact, Defendants incorporate by reference the answers of the defendants Jean Adele Peavy and Mark Warren Peary, to whom this claim for relief is applicable.

131.   Paragraph 131 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 131 contains issues of fact, Defendants incorporate by reference the answers of the defendants Jean Adele Peavy and Mark Warren Peary, to whom this claim for relief is applicable.

132.   Paragraph 132 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 132 contains issues of fact, Defendants incorporate by reference the answers of the defendants Jean Adele Peavy and Mark Warren Peary, to whom this claim for relief is applicable.

133.   Paragraph 133 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 133 contains issues of fact, Defendants

incorporate by reference the answers of the defendants Jean Adele Peavy and Mark Warren Peary, to whom this claim for relief is applicable.

134.    Paragraph 134 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 134 contains issues of fact, Defendants incorporate by reference the answers of the defendants Jean Adele Peavy and Mark Warren Peary, to whom this claim for relief is applicable.

### B.    Second Claim for Relief

135.    Defendants re-allege and incorporate by reference their responses to Paragraphs 1-134, inclusive.

136.    Defendants admit that DC's Second Claim for Relief is pleaded in the alternative.

137.    Defendants admit that, in or around 1933, Siegel and Shuster co-created various Superman materials for a comic character named "Superman," including twenty-four days (four weeks) of "Superman" comic strips intended for newspaper publication, a synopsis of comic strips for weeks two, three and four, a paragraph previewing future "Superman" exploits and a nine page synopsis covering approximately two months of daily "Superman" newspaper comic strips (at six days per week).  These works, though originally unpublished were thereafter included or incorporated in the early "Superman" comic strips thereafter published from on or about April 18, 1938 (the "Initially Unpublished Works").  Defendants otherwise deny the allegations in Paragraph 137.

138.    Defendants admit that Siegel and Shuster submitted the Initially Unpublished Works to a number of prospective publishers.  Defendants otherwise deny the allegations in Paragraph 138.

139.    Defendants deny the allegations in Paragraph 139, except admit that Siegel and Shuster entered into a December 4, 1937 Agreement with DCI, which speaks for itself, and respectfully refer the Court to such document for evidence of the contents thereof.

140.    Paragraph 140 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 140 contains issues of fact, Defendants admit that, in the 1930s, Siegel and Shuster independently co-created Superman comic strips which they pitched to prospective publishers, including newspaper syndicates, and that DCI eventually published Siegel and Shuster's independently-created Superman comic strips in a magazine entitled "Action Comics, No. 1,"  and Defendants otherwise deny the allegations in Paragraph 140.

141.    Paragraph 141 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 141 contains issues of fact, Defendants deny the allegations in Paragraph 141, except to the extent, if any, that the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

142.    Defendants deny the allegations in Paragraph 142.

143.    Paragraph 143 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 143 contains issues of fact, Defendants deny the allegations in Paragraph 143.

144.    Paragraph 144 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 144 contains issues of fact, Defendants admit that Siegel and Shuster continued to submit additional Superman stories to DCI for publication after the publication of "Action Comics No. 1," and that Siegel and Shuster entered into an agreement dated September 22, 1938 with DCI, and Defendants otherwise deny the allegations in Paragraph 144, except to the extent, if any, that the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

145.    Defendants admit that Siegel and Shuster entered into a September 22, 1938 agreement with The McClure Newspaper Syndicate.  Defendants otherwise deny the allegations in Paragraph 145, except to the extent, if any, that the allegations accurately reflect the contents of documents, and respectfully refer the Court to such

documents for evidence of the contents thereof.

146.   Paragraph 146 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 146 contains issues of fact, Defendants admit that Siegel worked for DC at times when Siegel did not, and  Defendants otherwise deny the allegations in Paragraph 144.

147.   Defendants admit only that on or about November 30, 1938, Siegel wrote to DCI expressing his conception of a new comic "strip named SUPERBOY, which would relate the adventures of Superman as a youth … [which] would be very much different from the SUPERMAN strip inasmuch as SUPERBOY would be a child and the type of adventures very much different …" (the "Superboy Summary"), and that DCI did not publish a "Superboy" comic at that time.  Defendants otherwise deny the allegations in Paragraph 147, except to the extent, if any, that the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

148.   Defendants admit only that on or about December 19, 1939, Siegel and Shuster entered into an agreement with DCI (the "December 19, 1939 Agreement"), which speaks for itself.  Defendants otherwise deny the allegations in Paragraph 148, except to the extent, if any, that the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

149.   Paragraph 149 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 149 contains issues of fact, Defendants admit only that on or about December, 1940, Siegel solely authored a complete, thirteen page, original "Superboy" story ("Superboy Story"); and that in the event his story was licensed by DCI and thereafter published as a comic book, Siegel suggested a promotional prologue to the story, and Defendants otherwise deny the allegations in Paragraph 149, except to the extent, if any, that the allegations accurately reflect the contents of documents, and respectfully refer the Court to such

1  documents for evidence of the contents thereof.

2      150.    Paragraph 150 contains conclusions of law as to which no responsive

3  pleading is required.  To the extent Paragraph 150 contains issues of fact, Defendants

4  admit only that on November 18, 1944 DCI issued for sale "More Fun Comics No.

5  101" with a cover date of January-February 1945, which wrongfully published the

6  first Superboy comic story based on Jerome Siegel's 1940 Superboy Story, without

7  first obtaining a requisite license from Siegel, and without any credit to Siegel, and

8  Defendants otherwise deny the allegations in Paragraph 150.

9      151.    Defendants admit that DC and its predecessors-in-interest have

10  published Superman in various forms since 1938, and that numerous Superman

11  works derived from Siegel and Shuster's original Superman story published in

12  "Action Comics, No. 1," have thereafter been produced.  Defendants otherwise deny

13  the allegations in Paragraph 151, except to the extent, if any, that the allegations

14  accurately reflect the contents of documents, and respectfully refer the Court to such

15  documents for evidence of the contents thereof.

16      152.    Paragraph 152 contains conclusions of law as to which no responsive

17  pleading is required.  To the extent Paragraph 152 contains issues of fact, Defendants

18  incorporate by reference the answers of the defendants Jean Adele Peavy and Mark

19  Warren Peary, to whom this claim for relief is applicable.

20      153.    Paragraph 153 contains conclusions of law as to which no responsive

21  pleading is required.  To the extent Paragraph 153 contains issues of fact, Defendants

22  incorporate by reference the answers of the defendants Jean Adele Peavy and Mark

23  Warren Peary, to whom this claim for relief is applicable.

24      154.    Paragraph 154 contains conclusions of law as to which no responsive

25  pleading is required.  To the extent Paragraph 154 contains issues of fact, Defendants

26  incorporate by reference the answers of the defendants Jean Adele Peavy and Mark

27  Warren Peary, to whom this claim for relief is applicable.

28      155.    Paragraph 155 contains conclusions of law as to which no responsive

pleading is required.  To the extent Paragraph 155 contains issues of fact, Defendants incorporate by reference the answers of the defendants Jean Adele Peavy and Mark Warren Peary, to whom this claim for relief is applicable.

156.  Paragraph 156 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 156 contains issues of fact, Defendants incorporate by reference the answers of the defendants Jean Adele Peavy and Mark Warren Peary, to whom this claim for relief is applicable.

157.  Paragraph 157 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 157 contains issues of fact, Defendants incorporate by reference the answers of the defendants Jean Adele Peavy and Mark Warren Peary, to whom this claim for relief is applicable.

158.  Paragraph 158 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 158 contains issues of fact, Defendants incorporate by reference the answers of the defendants Jean Adele Peavy and Mark Warren Peary, to whom this claim for relief is applicable.

159.  Paragraph 159 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 159 contains issues of fact, Defendants incorporate by reference the answers of the defendants Jean Adele Peavy and Mark Warren Peary, to whom this claim for relief is applicable.

160.  Paragraph 160 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 160 contains issues of fact, Defendants incorporate by reference the answers of the defendants Jean Adele Peavy and Mark Warren Peary, to whom this claim for relief is applicable.

161.  Paragraph 161 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 161 contains issues of fact, Defendants incorporate by reference the answers of the defendants Jean Adele Peavy and Mark Warren Peary, to whom this claim for relief is applicable.

162.  Paragraph 162 contains conclusions of law as to which no responsive

pleading is required.  To the extent Paragraph 162 contains issues of fact, Defendants incorporate by reference the answers of the defendants Jean Adele Peavy and Mark Warren Peary, to whom this claim for relief is applicable.

163.    Paragraph 163 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 163 contains issues of fact, Defendants incorporate by reference the answers of the defendants Jean Adele Peavy and Mark Warren Peary, to whom this claim for relief is applicable.

164.    Paragraph 164 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 164 contains issues of fact, Defendants incorporate by reference the answers of the defendants Jean Adele Peavy and Mark Warren Peary, to whom this claim for relief is applicable.

## C.    Third Claim for Relief

165.    Defendants re-allege and incorporate by reference their responses to Paragraphs 1-164, inclusive.

166.    Defendants admit that DC's Third Claim for Relief is plead in the alternative.

167.    Paragraph 167 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 167 contains issues of fact, Defendants deny the allegations in Paragraph 167.

168.    Paragraph 168 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 168 contains issues of fact, Defendants deny the allegations in Paragraph 168.

169.    Paragraph 169 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 169 contains issues of fact, Defendants deny the allegations in Paragraph 169.

170.    Paragraph 170 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 170 contains issues of fact, Defendants deny the allegations of Paragraph 170, except to the extent that they can neither admit

nor deny the allegations of Paragraph 170, as such involve communications protected by the attorney-client privilege and a May 1, 2008 JAMS Confidentiality Agreement entered into by the parties in connection with court-ordered settlement mediation in *Siegel v. Warner Bros. Entertainment Inc.* (Case No. 04-CV-08400 ODW (RZx)).

171.   Paragraph 171 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 171 contains issues of fact, Defendants deny the allegations of Paragraph 171.

172.   Paragraph 172 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 172 contains issues of fact, Defendants deny the allegations of Paragraph 172.

173.   Defendants admit that DC seeks an injunction.  Defendants otherwise deny the allegations of Paragraph 173.

### D.    Fourth Claim for Relief

174.   Defendants re-allege and incorporate by reference their responses to Paragraphs 1-173, inclusive.

175.   Paragraph 175 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 175 contains issues of fact, Defendants admit that Frank Shuster and Jean Peavy entered into an agreement with DC Comics in 1992, and  Defendants otherwise deny the allegations of Paragraph 175.

176.   Paragraph 176 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 175 contains issues of fact, Defendants deny the allegations of Paragraph 176, and Defendants deny the allegations in footnote 5 included therein.

177.   Paragraph 177 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 177 contains issues of fact, Defendants admit that Mr. Toberoff eventually became aware of the 1992 Agreement, and that the 2001 Pacific Pictures Agreement was designed to pursue "termination pursuant to [17 U.S.C. § 304] of any and all grant or transfers by Joe Shuster of any copyright

interest in his creations," and Defendants otherwise deny the allegations in Paragraph 177, except to the extent, if any, that the allegations accurately reflect the contents of the Shuster Termination Notice, and respectfully refer the Court to such document for evidence of the contents thereof.

178. Paragraph 178 contains conclusions of law as to which no responsive pleading is required. To the extent Paragraph 178 contains issues of fact, Defendants deny the allegations of Paragraph 178.

179. Paragraph 179 contains conclusions of law as to which no responsive pleading is required. To the extent Paragraph 179 contains issues of fact, Defendants deny the allegations of Paragraph 179.

### E.    Fifth Claim for Relief

180. Defendants re-allege and incorporate by reference their responses to Paragraphs 1-179, inclusive above.

181. Paragraph 180 contains conclusions of law as to which no responsive pleading is required. To the extent Paragraph 180 contains issues of fact, Defendants admit that after Joanne Siegel and Laura Siegel Larson served notices of termination regarding Superman on DC and Warner Bros. Entertainment, and that they negotiated with Warner Bros. Entertainment and DC over a very lengthy period of time, without reaching an agreement, and that letters were sent on October 19, 2001, October 26, 2001, and February 1, 2002, and Defendants otherwise deny the allegations of Paragraph 181, contentions expressly rejected in the related case, *Siegel v. Warner Bros. Entertainment Inc.*, C.D. Cal. Case No. 04-CV-08400 ODW (RZx).

182. Paragraph 182 contains conclusions of law as to which no responsive pleading is required. To the extent Paragraph 182 contains issues of fact, Defendants admit that Siegel submitted material to DC for publication during his career and was party to the 1975 Agreement, and that after Joanne Siegel and Laura Siegel Larson served notices of termination regarding Superman on DC Comics and Warner Bros. Entertainment, and that they negotiated with Warner Bros. Entertainment and DC

1  Comics over a very lengthy period of time, without reaching an agreement, and

2  Defendants  otherwise deny the allegations of Paragraph 182.

3      183.   Paragraph 183 contains conclusions of law as to which no responsive

4  pleading is required.  To the extent Paragraph 183 contains issues of fact, Defendants

5  deny the allegations of Paragraph 183.

6      184.   Defendants admit that Mr. Toberoff was aware of Joanne Siegel and

7  Laura Siegel Larson's termination efforts.  Defendants otherwise deny the allegations

8  of Paragraph 184.

9      185.   Defendants deny the allegations of Paragraph 185.

10     186.   Defendants deny the allegations of Paragraph 186.

11                     **F.      Sixth Claim for Relief**

12     187.   Defendants re-allege and incorporate by reference their responses to

13  Paragraphs 1-186, inclusive.

14     188.   Paragraph 188 contains conclusions of law as to which no responsive

15  pleading is required.  To the extent Paragraph 188 contains issues of fact, Defendants

16  deny the allegations of Paragraph 188.

17     189.   Defendants deny the allegations of Paragraph 189.

18                     <u>**AFFIRMATIVE DEFENSES**</u>

19     In addition to the grounds set out in the Answer to the Complaint herein,

20  Defendants hereby additionally allege as follows:

21                     **FIRST AFFIRMATIVE DEFENSE**

22                        **(Failure to State a Claim)**

23     190.   The Complaint and each purported claim therein fails to state a claim

24  upon which the relief sought or any relief could be granted.

25                     **SECOND AFFIRMATIVE DEFENSE**

26                        **(Statute of Limitations)**

27     191.   The Complaint and each purported claim therein is barred, in whole or

28  in part, by Plaintiff's failure to bring such claims within the governing statute of

1  limitations.

2  ### THIRD AFFIRMATIVE DEFENSE

3  ### (Litigation Privilege)

4  192.   The Complaint and each purported state-law claim therein is barred, in

5  whole or in part, by the litigation privilege of California Civil Code § 47.

6  ### FOURTH AFFIRMATIVE DEFENSE

7  ### (Waiver/Acquiescence/Estoppel)

8  193.   The Complaint and each purported claim therein is barred, in whole or

9  in part, by the doctrines of waiver, acquiescence and/or estoppel.

10  ### FIFTH AFFIRMATIVE DEFENSE

11  ### (Laches)

12  194.   The Complaint and each purported state-law claim therein is barred, in

13  whole or in part, by the doctrine of laches.

14  ### SIXTH AFFIRMATIVE DEFENSE

15  ### (Unclean Hands)

16  195.   The Complaint and each purported claim therein is barred, in whole or

17  in part, by the equitable doctrine of unclean hands.

18  ### SEVENTH AFFIRMATIVE DEFENSE

19  ### (Unjust Enrichment)

20  196.   The Complaint and each purported claim therein is barred, in whole or

21  in part, by the equitable doctrine of unjust enrichment.

22  ### EIGHTH AFFIRMATIVE DEFENSE

23  ### (Illegality)

24  197.   The Complaint and each purported claim therein is barred, in whole or

25  in part, to the extent of any illegality of any matters set forth in the Complaint.

26  ### NINTH AFFIRMATIVE DEFENSE

27  ### (Claim Preclusion)

28  198.   The Complaint and each purported claim therein is barred, in whole or

in part, by the doctrines of *res judicata* (claim preclusion).

<b>TENTH AFFIRMATIVE DEFENSE</b>

<b>(Issue Preclusion)</b>

199.   The Complaint and each purported claim therein is barred, in whole or in part, by the doctrines of collateral estoppel / issue preclusion.

<b>ELEVENTH AFFIRMATIVE DEFENSE</b>

<b>(Duress)</b>

200.   The Complaint and each purported claim therein is barred, in whole or in part, by the fact that any alleged contract between the parties or their respective predecessors-in-interest is unenforceable and/or void because of duress.

<b>TWELFTH AFFIRMATIVE DEFENSE</b>

<b>(Statute of Frauds)</b>

201.   The Complaint and each purported claim therein is barred, in whole or in part, by the fact that any alleged contract between the parties or their respective predecessors-in-interest is unenforceable and/or void because of the Statute of Frauds.

<b>THIRTEENTH AFFIRMATIVE DEFENSE</b>

<b>(Failure of Consideration)</b>

202.   The Complaint and each purported claim therein is barred, in whole or in part, by the fact that any alleged contract between the parties or their respective predecessors-in-interest is unenforceable and/or void because the contract(s) lacked consideration.

<b>FOURTEENTH AFFIRMATIVE DEFENSE</b>

<b>(Misrepresentation)</b>

203.   The Complaint and each purported claim therein is barred, in whole or in part, by the fact that any alleged contract between the parties or their respective predecessors-in-interest is unenforceable and/or void because of the misrepresentations of Plaintiff's and/or their predecessors-in-interest.

1

## FIFTEENTH AFFIRMATIVE DEFENSE

2

### (Against Public Policy)

3       204.    The Complaint and each purported claim therein is barred, in whole or

4   in part, any alleged contract between the parties or their respective predecessors-in-

5   interest which is contrary to public policy is unenforceable, and any relief requested

6   in the Complaint which is contrary to public policy should not be granted.

7

## SIXTEENTH AFFIRMATIVE DEFENSE

8

### (Bad Faith)

9       205.    The Complaint and each purported claim therein is barred, in whole or

10   in part, because Plaintiff has acted in bad faith for improper purposes with respect to

11   the subject matter of the claims.

12

## SEVENTEENTH AFFIRMATIVE DEFENSE

13

### (Preemption)

14       206.    The Complaint and each purported state-law claim therein is barred, in

15   whole or in part, because they are preempted by federal law.

16

## EIGHTTEENTH AFFIRMATIVE DEFENSE

17

### (Superseding Intervening Cause)

18       207.    The Complaint and each purported claim therein is barred, in whole or

19   in part, because any alleged damages suffered by Plaintiff were a direct and

20   proximate result of a superseding intervening cause on the part of third parties and/or

21   Plaintiff itself, such that the intervening superseding cause bars any recovery by

22   Plaintiff against these answering Defendants.

23

## NINETEENTH AFFIRMATIVE DEFENSE

24

### (Lack of Standing)

25       208.    The Complaint and each purported claim therein is barred, in whole or

26   in part, because Plaintiff lacks standing to pursue its claims.

27

## TWENTIETH AFFIRMATIVE DEFENSE

28

### (Failure to Mitigate)

97171.1

35

TOBEROFF DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

209.   The Complaint and each purported claim therein is barred, in whole or in part, because of Plaintiff's failure to take reasonable steps to mitigate their alleged losses.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Full Performance)

210.   The Complaint and each purported claim therein is barred, in whole or in part, because as to any alleged contract between the parties or their respective predecessors-in-interest, Defendants have fully performed all of the conditions, covenants and promises on their part to be performed under the purported contracts, except those which have been excused or prevented by the conduct and actions of Plaintiff.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Law of the Case)

211.   The Complaint and each purported claim therein is barred, in whole or in part, by the doctrine of law of the case.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Prior Action Pending)

212.   The Complaint and each purported claim therein is barred, in whole or in part, by prior actions pending before this Court and/or the United States Court of Appeals for the Ninth Circuit, which involve the same transactions, issues, parties, and property that are the subject of the complaint, including without limitation *Siegel v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-CV-08400 ODW (RZx) and *Siegel v. Time Warner Inc.*, Case No. 04-CV-08776 ODW (RZx).

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Failure to Comply With F.R.C.P.)

213.   Defendants are not required to separately admit or deny each averment contained in each Paragraph of the Complaint due to Plaintiff's failure to comply with Rules 8(a) and 8(e) of the Federal Rules of Civil Procedure.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Unknown Defenses)

214.   Defendants believe, and based upon such information and belief allege that the Defendants may have additional affirmative defenses available to them, which are not now fully known and which these answering Defendants are not fully aware.  The Defendants accordingly reserve the right to assert any additional affirmative defenses after the same have been ascertained.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Reservation of Right to Amend)

215.   The Complaint and each purported claim therein fails to state the claims for relief with sufficient particularity to permit Defendants to discern and raise all appropriate defenses, and Defendants therefore reserve their rights to amend or supplement this answer with additional defenses.

FOR THESE REASONS, Defendants pray that the Court dismiss all of Plaintiff's claims and find for Defendants on all counts, and that Defendants be awarded costs, including reasonable attorneys' fees under Section 505 of the United States Copyright Act and California Code of Civil Procedure Section 425.16, and pray for such other and further relief as this Court deems just and proper.

Dated:  November 25, 2011          RESPECTFULLY SUBMITTED,

/s/ Nicholas F. Daum
Nicholas F. Daum

KENDALL BRILL & KLIEGER LLP
Attorneys for Defendants Marc Toberoff,
Pacific Pictures Corporation, IP Worldwide,
LLC, and IPW, LLC