1  TOBEROFF & ASSOCIATES, P.C.
   Marc Toberoff (State Bar No. 188547)
2   *mtoberoff@ipwla.com*
   Keith G. Adams (State Bar No. 240497)
3   *kgadams@ipwla.com*
   2049 Century Park East, Suite 3630
4  Los Angeles, California, 90067
   Telephone:  (310) 246-3333
5  Fax:        (310) 246-3101

6  Attorneys for Defendants Mark Warren
   Peary, as personal representative of the
7  Estate of Joseph Shuster, Jean Adele Peavy,
   and Laura Siegel Larson, individually and
8  as personal representative of the Estate of
   Joanne Siegel

9
                    **UNITED STATES DISTRICT COURT**
10
             **CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION**
11
   DC COMICS,                          | Case No: CV 10-03633 ODW (RZx)
12
                    Plaintiff,          | Hon. Otis D. Wright II, U.S.D.J.
13                                       | Hon. Ralph Zarefsky, U.S.M.J.
              vs.
14                                       | **DEFENDANTS MARK WARREN**
   PACIFIC PICTURES CORPORATION;        | **PEARY, AS PERSONAL**
15 IP WORLDWIDE, LLC; IPW, LLC;         | **REPRESENTATIVE OF THE**
   MARC TOBEROFF, an individual;        | **ESTATE OF JOSEPH SHUSTER,**
16 MARK WARREN PEARY, as personal       | **AND JEAN ADELE PEAVY'S**
   representative of the ESTATE OF      | **ANSWER TO FIRST AMENDED**
17 JOSEPH SHUSTER; JEAN ADELE           | **COMPLAINT**
   PEAVY, an individual; LAURA          |
18 SIEGEL LARSON, individually and as   | Complaint filed:  May 14, 2010
   personal representative of the ESTATE| Discovery Cutoff: None Set
19 OF JOANNE SIEGEL, and DOES 1-10,     | Trial Date:       None Set
20 inclusive,
21
                    Defendants.
22
23
24
25
26
27
28
                SHUSTER DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

## ANSWER TO FIRST AMENDED COMPLAINT

Defendants Mark Warren Peary, as personal representative of the Estate of Joseph Shuster (the "Shuster Executor"), and Jean Adele Peavy ("Defendants") hereby answer the First Amended Complaint ("Complaint") of DC Comics ("Plaintiff" or "DC") as follows:

## I.    STATEMENT OF THE CASE

1.    Defendants admit only that Plaintiff has brought this civil action as set forth in the Complaint and that the Court has subject matter jurisdiction, but otherwise deny the allegations in Paragraph 1.

2.    Paragraph 2 contains conclusions of law as to which no responsive pleading is required.

3.    Paragraph 3 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 3 contains issues of fact, Defendants deny the allegations of Paragraph 3.

4.    Paragraph 4 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 4 contains issues of fact, Defendants admit that during their lifetimes Jerry Siegel and Joe Shuster did not serve or file notices of termination pursuant to 17 U.S.C. § 304(c), admit that Siegel and Shuster had certain agreements with DC Comics ("DC"), admit that Frank Shuster and Jean Adele Peavy entered into an agreement with DC in 1992, and lack knowledge or information sufficient to form a belief as to the truth of the allegation that Siegel or Shuster were "well aware of the termination provisions in amendments to the Copyright Act," and on that basis deny the same.  Defendants otherwise deny the allegations of Paragraph 4.

5.    Defendants admit that Marc Toberoff learned of a 1992 Agreement between Frank Shuster, Jean Adele Peavy and DC Comics in 2001-2002.  Defendants otherwise deny the allegations of Paragraph 5.

6.    Defendants admit that Pacific Pictures Corporation was wholly owned

and controlled by Marc Toberoff, and that Mark Warren Peary caused to be served a notice of termination.  Defendants otherwise deny the allegations of Paragraph 6.

7.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7, and on that basis deny the same, except admit that Joanne Siegel and Laura Siegel Larson served termination notices in 1997.

8.     Defendants admit that Joanne Siegel and Laura Siegel Larson terminated their prior attorneys and thereafter retained Marc Toberoff.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8, and on that basis deny the same.

9.     Defendants admit that *Smallville* was a successful network television series.  Defendants otherwise deny the allegations of Paragraph 9.

10.     Defendants admit that Joanne Siegel and Laura Siegel Larson served and filed notices of copyright termination concerning Superboy in 2002, and that Marc Toberoff filed a notice of copyright termination on behalf of the Estate of Joseph Shuster in 2003.  Defendants otherwise deny the allegations of Paragraph 10.

11.     Paragraph 11 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 11 contains issues of fact, Defendants deny the allegations of Paragraph 11, except to the extent that they can neither admit nor deny the allegations of Paragraph 11, as such involve communications protected by the attorney-client privilege and a May 1, 2008 JAMS Confidentiality Agreement entered into by the parties in connection with court-ordered settlement mediation in *Siegel v. Warner Bros. Entertainment Inc.* (Case No. 04-CV-08400 ODW (RZx)).

12.     Paragraph 12 contains conclusions of law as to which no responsive pleading is required.  Defendants admit that this action seeks declaratory judgments and other reliefs.  To the extent Paragraph 12 contains issues of fact, Defendants otherwise deny the allegations of Paragraph 12.

## II.     PARTIES

13.    Defendants admit that DC is a general partnership organized and existing under the laws of the State of New York.  Defendants otherwise deny the allegations of Paragraph 13.

14.    Defendants admit that Pacific Pictures Corporation ("PPC") was a New York corporation that was organized under the laws of the State of New York, and was registered as a foreign corporation doing business in the State of California and the County of Los Angeles.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the other allegations contained in Paragraph 14, and on that basis deny the same.

15.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15, and on that basis deny the same.

16.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16, and on that basis deny the same.

17.    Defendants admit that Mr. Toberoff is an individual who resides in the County of Los Angeles in the State of California and is and has been a citizen of the United States.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the other allegations contained in Paragraph 17, and on that basis deny the same.

18.    Defendants admit the allegations of Paragraph 18.

19.    Defendants admit the allegations of Paragraph 19.

20.    Defendants admit that Jean Adele Peavy ("Peavy") is an individual who resides in the State of New Mexico and is and has been a citizen of the United States and that Peavy was the sister of Joseph Shuster.  Defendants otherwise deny the allegations of Paragraph 20, except to the extent, if any, that the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

SHUSTER DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

21.     Defendants admit the allegations of Paragraph 21, except to the extent that Joanne Siegel has since passed away on February 12, 2011.

22.     Defendants admit the allegations of Paragraph 22.

23.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23, and on that basis deny the same.

24.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24, and on that basis deny the same.

### III.    JURISDICTION AND VENUE

25.     Paragraph 25 alleges conclusions of law to which no responsive pleading is required.

26.     Paragraph 26 alleges conclusions of law to which no responsive pleading is required.

    a.  Paragraph 26(a) contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 26(a) contains issues of fact, Defendants deny the allegations of Paragraph 26(a), except admit that Peary, Peavy, and Pacific Pictures Corporation entered into an agreement dated November 23, 2001, and that Peary and Pacific Pictures Corporation entered into an agreement dated October 26, 2003.  The terms of these agreements speak for themselves, and Defendants respectfully refer the Court to such documents for evidence of the contents thereof..

    b.  Defendants admit that a California Court appointed Peary executor of the estate of Joseph Shuster, and that Peary caused to be served a notice of termination pursuant to the Copyright Act, but otherwise deny the allegations of Paragraph 26(b), except to the extent that the allegations accurately reflect the contents of documents, and respectfully refer the

Court to such documents for evidence of the contents thereof.

c.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26(c), and on that basis deny the same.

d.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26(d), and on that basis deny the same.

e.   Defendants admit the allegations of Paragraph 26(e), except to the extent that Joanne Siegel passed away on February 12, 2011.

f.   Defendants admit that Joanne Siegel and Laura Siegel Larson filed two related actions against, *inter alia,* DC Comics, Case Nos. 04-CV-08400 ODW (RZx) and 04-CV-08776 ODW (RZx) that concerned, *inter alia,* Superman and Superboy, respectively.  Defendants otherwise deny the allegations of Paragraph 26(f).

27.   Paragraph 27 alleges conclusions of law to which no responsive pleading is required.

## IV.   FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

28.   Defendants admit on information and belief that, in or about 1934, Jerome Siegel (a writer) ("Siegel") and Joseph Shuster (an illustrator) ("Shuster") conceived of a fictional character called Superman, and independently co-authored fifteen daily "Superman" comic strips, consisting of one week (six days) of completely inked daily "Superman" comic strips and three additional six-day weeks of "Superman" comic strips in penciled form (the "1934 Superman Comic Strip"). "Superman" was submitted by Siegel and Shuster to numerous publishers over the next few years. Defendants otherwise deny the allegations of Paragraph 28, except to the extent that the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

29.   Defendants admit on information and belief that Detective Comics, Inc.

("DCI") was provided with the 1934 Superman Comic Strip, that DCI expressed interest in publishing this work in a thirteen-page comic magazine format, and that this was published by DCI in a magazine called "Action Comics, No. 1." Defendants otherwise deny the allegations of Paragraph 29.

30.    Defendants admit on information and belief only that on or about December 4, 1937, Siegel and Shuster, as independent contractors, entered into an agreement with DCI (the "December 4, 1937 Agreement") to continue to produce the comic magazine features "Slam Bradley" and "The Spy" for a period of two years, which agreement provided, in part, that any new and additional features which Siegel and Shuster produced for use in a comic magazine were to be first submitted to DCI, which reserved the right to accept or reject same within sixty days. Defendants admit that, on or about September 22, 1938, DCI, Siegel and Shuster entered into an agreement with The McClure Newspaper Syndicate, and that on or about September 22, 1938, DCI and Siegel and Shuster entered into an agreement. Defendants otherwise deny the allegations of Paragraph 30, except to the extent that the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

31.    Paragraph 31 contains conclusions of law as to which no responsive pleading is required. To the extent Paragraph 31 contains issues of fact, Defendants admit on information and belief that, in or about January–February 1938, when DCI expressed interest to Siegel and Shuster in publishing their 1934 Superman Comic Strip in a magazine, Siegel and Shuster cut and pasted their 1934 Superman Comic Strip into more than ninety separate panels (the "Revised Superman Comic Strip"), so as to render their newspaper strip more suitable for a magazine layout. Defendants otherwise deny the allegations of Paragraph 31.

32.    Paragraph 32 contains conclusions of law as to which no responsive pleading is required. To the extent Paragraph 32 contains issues of fact, Defendants admit on information and belief only that in an instrument prepared by DCI, dated

March 1, 1938 (the "March 1, 1938 Agreement"), concerning a strip entitled "Superman," Siegel and Shuster agreed to the publication of their Revised Superman Comic Strip by Detective Comics in consideration for the sum of $10 per page for this thirteen-page installment equal to a total of $130. Defendants further admit that, in addition to the Siegel and Shuster material published by DCI in "Action Comics No. 1," Siegel and Shuster created further original "Superman" material and stories. Defendants otherwise deny the allegations of Paragraph 32, except to the extent that the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

33. Paragraph 33 contains conclusions of law as to which no responsive pleading is required. To the extent Paragraph 33 contains issues of fact, Defendants admit that "Action Comics No. 1" depicts, without limitation, Superman's origin from the distant planet, his "back-story" (sent to Earth as an infant in a spaceship by his scientist father), his core physical and mental traits, his mission as a champion of the oppressed to use his great powers to benefit humankind, his secret identity as newspaper reporter "Clark Kent," his relationship with other key characters such as the newspaper editor from whom he takes his assignments, and his romantic interest in Lois, who rebuffs Clark while pursuing a romantic interest in Superman. Defendants otherwise deny the allegations of Paragraph 33, except to the extent that the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

34. Paragraph 34 contains conclusions of law as to which no responsive pleading is required. To the extent Paragraph 34 contains issues of fact, Defendants deny the allegations of Paragraph 34, except admit that DC and its predecessors-in-interest have published Superman works in various forms since 1938.

35. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35, and on that basis deny the same, except admit that DC and its predecessors-in-interest have published Superman

works in various forms since 1938.

36.    Defendants deny the allegations of Paragraph 36, except admit that numerous Superman works derived from Siegel and Shuster's original Superman story published in "Action Comics, No. 1," have thereafter been produced.

37.    Defendants deny the allegations of Paragraph 37, except admit that Siegel and Shuster's co-creation Superman is one of the most famous, beloved and valuable fictional characters in the world.

38.    Defendants deny the allegations of Paragraph 38, except to the extent that the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

39.    Defendants deny the allegations of Paragraph 39, except to the extent that the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

40.    Paragraph 40 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 40 contains issues of fact, Defendants admit that the relationship between DC and its predecessors and Siegel and Shuster became contentious, and lack knowledge or information sufficient to form a belief as to the truth of the other allegations contained in Paragraph 40, and on that basis deny the same.

41.    Defendants admit that in or about 1947, Siegel and Shuster filed an action in the Supreme Court of the State of New York, County of Westchester, against National Comics Publications, Inc. (hereinafter, the "1947 Action") to determine the validity of the contracts between National Comics Publications, Inc.'s predecessors-in-interest and Siegel and Shuster with respect to Superman, and to determine the origin and ownership of Superboy.  Defendants otherwise deny the allegations of Paragraph 41, except to the extent that the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

42.    Defendants admit that pursuant to a stipulation of the parties, the 1947 Action was referred for decision to an Official Referee of the New York Supreme Court.  After trial of the action the Official Referee rendered an opinion dated November 1, 1947, which speaks for itself.  Defendants otherwise deny the allegations of Paragraph 42, except to the extent that the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

43.    Defendants admit that on April 12, 1948, the Official Referee in the 1947 Action signed detailed findings of fact and conclusions of law and entered an interlocutory judgment upholding the challenged contracts in some respects, but also finding that Jerome Siegel was the originator and sole owner of the comic strip feature "Superboy," and that DCI acted illegally in publishing the "Superboy" feature.  Defendants otherwise deny the allegations of Paragraph 43, except to the extent that the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

44.    Defendants admit on information and belief only that after the Official Referee entered his findings in the 1947 Action, settlement negotiations ensued, resulting in a stipulation of settlement between said parties executed on or about May 19, 1948 (hereinafter, the "1948 Stipulation"), and the entry in the New York Supreme Court of a final consent judgment dated May 21, 1948 (hereinafter, the "1948 Consent Judgment").  Defendants specifically deny the allegation that the 1948 Stipulation and the 1948 Consent Judgment were separate grants or "agreements."  Defendants otherwise deny the allegations of Paragraph 44, except to the extent that the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

45.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45, and on that basis deny the same.

46.     Defendants admit only that Siegel and Shuster filed an action against National Periodical Publications, Inc. in the United States District Court for the Southern District of New York for a declaration that Siegel and Shuster were entitled to the renewal copyright to "Superman," that the District Court's decision was published in *Siegel v. National Periodical Publications, Inc.*, 364 F. Supp. 1032 (S.D.N.Y. 1973); and that on appeal the decision of the United States Court of Appeals for the Second Circuit was published in *Siegel v. National Periodical Publications, Inc.*, 508 F.2d 909 (2d Cir. 1974), which held, *inter alia*, that the District Court erred in finding that Superman was a "work for hire" under the Copyright Act, 17 U.S.C. § 26, and that "Superman" and his miraculous powers were created by Siegel and Shuster long before any employment relationship with DCI; and that no appeal was taken from this ruling.  Defendants otherwise deny the allegations of Paragraph 46, except to the extent that the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

47.     Defendants admit on information and belief that, in the early 1970s, Siegel publicized his dire financial circumstances and the fact that DC and its predecessors-in-interest had profited immensely from Superman while Siegel and Shuster, Superman's co-creators, had received little-to-no participation or credit, resulting in a public backlash against companies such as DC and its predecessors. Defendants admit that Siegel and Shuster entered into a December 23, 1973 Agreement with Warner Communications, Inc.   Defendants otherwise deny the allegations of Paragraph 47, except to the extent that the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

48.     Defendants deny the allegations of Paragraph 48, except to the extent that the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

49.     Paragraph 49 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 49 contains issues of fact, Defendants deny that DC's predecessors-in-interest developed Superboy pursuant to the original grant of rights in Superman, as Superboy was created by Jerry Siegel and ultimately sold to DC's predecessor.  Defendants otherwise deny the allegations of Paragraph 49, except to the extent that the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

50.     Paragraph 50 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 50 contains issues of fact, Defendants deny the allegations of Paragraph 50, except admit that during their lifetimes Jerome Siegel and Joseph Shuster did not serve or file notices of termination pursuant to 17 U.S.C. § 304(c).

51.     Defendants admit that Shuster passed away on July 30, 1992, and was survived by Frank Shuster (his brother), Jean Peavy (his sister), and Mark Warren Peary and Dawn Peavy (his nephew/niece), that Shuster did not leave a widow or have children or grandchildren and, as to Joe Shuster's will, Defendants respectfully refer the Court to such document for evidence of the contents thereof.  Defendants otherwise deny the allegations of Paragraph 51.

52.     Defendants deny the allegations of Paragraph 52, except to the extent, if any, that the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

53.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53, and on that basis deny the same, except admit that, at some point, Time Warner and/or DC agreed to pay certain of Joe Shuster's expenses and to increase Frank Shuster's modest pension.

54.     Defendants deny the allegations of Paragraph 54, except to the extent, if any, that the allegations accurately reflect the contents of documents, and respectfully

1    refer the Court to such documents for evidence of the contents thereof.

2        55.    Paragraph 55 contains conclusions of law as to which no responsive

3    pleading is required.  To the extent Paragraph 55 contains issues of fact, Defendants

4    deny the allegations of Paragraph 55, except to the extent, if any, that the allegations

5    accurately reflect the contents of documents, and respectfully refer the Court to such

6    documents for evidence of the contents thereof.

7        56.    Paragraph 56 contains conclusions of law as to which no responsive

8    pleading is required.  To the extent Paragraph 56 contains issues of fact, Defendants

9    deny the allegations of Paragraph 56, except to the extent, if any, that the allegations

10   accurately reflect the contents of documents, and respectfully refer the Court to such

11   documents for evidence of the contents thereof.

12       57.    Defendants admit that DC paid Frank Shuster, and has paid Jean Peavy,

13   a modest increased pension pursuant to the terms of the 1992 Agreement.

14   Defendants otherwise deny the allegations of Paragraph 57, except to the extent, if

15   any, that the allegations accurately reflect the contents of documents, and respectfully

16   refer the Court to such documents for evidence of the contents thereof.

17       58.    Defendants deny the allegations of Paragraph 58.

18       59.    Defendants admit that Mr. Toberoff represents the authors of

19   copyrighted works and their heirs with respect to their rights.  Defendants otherwise

20   deny the allegations of Paragraph 59.

21       60.    Defendants deny the allegations of Paragraph 60, except to the extent, if

22   any, that the allegations accurately reflect the contents of documents, and respectfully

23   refer the Court to such documents for evidence of the contents thereof.

24       61.    Defendants deny the allegations of Paragraph 61, except to the extent

25   that the allegations, if any, accurately reflect the contents of documents, and

26   respectfully refer the Court to such documents for evidence of the contents thereof.

27       62.    Defendants deny the allegations of Paragraph 62, except to the extent, if

28   any, that the allegations accurately reflect the contents of documents, and respectfully

1    refer the Court to such documents for evidence of the contents thereof.

2        63.    Defendants deny the allegations of Paragraph 63, except to the extent, if

3    any, that the allegations accurately reflect the contents of documents, and respectfully

4    refer the Court to such documents for evidence of the contents thereof.

5        64.    Paragraph 64 contains conclusions of law as to which no responsive

6    pleading is required.  To the extent Paragraph 64 contains issues of fact, Defendants

7    deny the allegations of Paragraph 64, except to the extent, if any, that the allegations

8    accurately reflect the contents of documents, and respectfully refer the Court to such

9    documents for evidence of the contents thereof.  Mr. Toberoff began acting as the

10   attorney for Mark Warren Peary and Jean Adele Peavy shortly after he was contacted

11   by Mr. Peary in late 2001.

12       65.    Defendants admit only that the Estate of Joseph Shuster was established

13   by a probate action in Los Angeles Superior Court, LASC Case No. BP-080635, that

14   Mark Warren Peary was appointed as executor/personal representative of the Shuster

15   Estate, and that Mr. Peary served a copyright termination notice on DC on behalf of

16   the estate in November 2003 drafted and signed by Mr. Toberoff as "Counsel for the

17   Estate of Joseph Shuster" (the "Shuster Termination Notice").  Defendants otherwise

18   deny the allegations of Paragraph 65, except to the extent, if any, that the allegations

19   accurately reflect the contents of documents, and respectfully refer the Court to such

20   documents for evidence of the contents thereof.

21       66.    Defendants lack knowledge or information sufficient to form a belief as

22   to the truth of the allegations contained in Paragraph 66, and on that basis deny the

23   same.

24       67.    Paragraph 67 contains conclusions of law as to which no responsive

25   pleading is required.  To the extent Paragraph 67 contains issues of fact, Defendants

26   admit that Joanne Siegel and Laura Siegel Larson (the "Siegel Heirs"), with the

27   assistance of counsel, served copyright termination notices as to Superman on DC,

28   among others, in 1997.  Defendants lack knowledge or information sufficient to form

13
SHUSTER DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

a belief as to the truth of the other allegations contained in Paragraph 67, and on that basis deny the same, except to the extent, if any, that the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

68.     Defendants admit that the Joanne Siegel and Laura Siegel Larson negotiated with DC Comics regarding the original Superman copyright interests, recaptured by Joanne Siegel and Laura Siegel Larson pursuant to their Superman notices of termination under the Copyright Act.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the other allegations contained in Paragraph 68, and on that basis deny the same.

69.     Paragraph 69 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 69 contains issues of fact, Defendants lack knowledge or information sufficient to form a belief as to the truth of the other allegations contained in Paragraph 69, and on that basis deny the same.

70.     Defendants admit that, if the Siegel Heirs and Shuster Executor work together, they have significantly greater leverage in negotiations.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the other allegations contained in Paragraph 70, and on that basis deny the same.

71.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71, and on that basis deny the same.

72.     Defendants admit that Mr. Toberoff contacted Mr. Marks regarding the status of the Siegel Heirs' rights at some point.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the other allegations contained in Paragraph 72, and on that basis deny the same.

73.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73, and on that basis deny the same.

74.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74, and on that basis deny the same.

75.    Paragraph 75 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 75 contains issues of fact, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75, and on that basis deny the same, except to the extent, if any, that the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

76.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76, and on that basis deny the same.

77.    Defendants admit that Mr. Toberoff contacted the Siegel Heirs' attorney; and that Mr. Emanuel, with Mr. Toberoff present, conveyed an offer to the Siegel Heirs' attorney regarding the Siegel Heirs' Superman rights.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the other allegations contained in Paragraph 77, and on that basis deny the same.

78.    Defendants admit that Mr. Emanuel made a proposal regarding the Siegel Heirs' Superman rights.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the other allegations contained in Paragraph 78, and on that basis deny the same.

79.    Defendants admit that the Siegel Heirs terminated their employment of their attorney.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the other allegations contained in Paragraph 79, and on that basis deny the same.

80.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80, and on that basis deny the same, except to the extent, if any, that the allegations accurately reflect the contents

of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

81.     Defendants admit that the Siegel Heirs and Marc Toberoff entered into an agreement.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the other allegations contained in Paragraph 81, and on that basis deny the same, except to the extent, if any, that the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

82.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82, and on that basis deny the same, except to the extent, if any, that the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

83.     Paragraph 83 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 83 contains issues of fact, Defendants admit that Mr. Toberoff began acting as counsel for the Siegel Heirs shortly after their initial meetings, and entered into a formal retainer agreement with the Siegel Heirs at some point.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the other allegations contained in Paragraph 83, and on that basis deny the same, except to the extent, if any, that the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

84.     Defendants deny the allegations of Paragraph 84.

85.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85, and on that basis deny the same.

86.     Paragraph 86 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 86 contains issues of fact, Defendants

admit that the Siegel Heirs served on DC a copyright termination notice related to the character "Superboy," which properly listed Jerome Siegel as the sole author of Superboy based on, *inter alia*, his independently written Superboy script, consistent with the November 21, 1947 opinion and April 12, 1948 findings of fact and conclusions of law in a 1947 Action in the New York Supreme Court in Westchester County.  Defendants otherwise deny the allegations of Paragraph 86.

87.    Defendants deny the allegations of Paragraph 87.

88.    Defendants deny the allegations of Paragraph 88, except to the extent, if any, that the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

89.    Defendants admit that the Siegel Heirs served and filed notices of termination regarding Superboy.  Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89, and on that basis deny the same.

90.    Defendants deny the allegations of Paragraph 90.

91.    Defendants admit that Joanne Siegel and Laura Siegel Larson filed two related actions against, *inter alia,* DC Comics, Case Nos. 04-CV-08400 ODW (RZx) and 04-CV-08776 ODW (RZx) that concerned, *inter alia*, Superman and Superboy, respectively.  Defendants otherwise deny the allegations of Paragraph 91.

92.    Defendants admit that Mark Warren Peary caused to be served the Shuster Termination Notice one week after the November 3, 2003 date of the Pacific Pictures Agreement.  Defendants otherwise deny the allegations of Paragraph 92.

93.    Defendants deny the allegations of Paragraph 93, which omits that the Shuster Termination Notice was signed by "Marc Toberoff, Esq., Counsel for the Estate of Joseph Shuster," except to the extent, if any, that the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

94.    Defendants admit that the Shuster Termination Notice, pursuant to 17

U.S.C. § 304(d), effective October 26, 2013, terminated (a) the December 4, 1937 Agreement; (b) the March 1, 1938 Agreement; (c) the DCI September 22, 1938 Agreement; (d) the McClure September 22, 1938 Agreement; (e) the December 19, 1939 Agreement; (f) the May 19, 1948 Stipulation; and (g) the December 23, 1975 Agreement, to the extent that such constituted copyright grants.

95.    Paragraph 95 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 95 contains issues of fact, Defendants admit that the Shuster Termination does not mention the May 21, 1948 Consent Agreement and the 1992 Agreement because neither constitutes a Superman copyright grant, and Defendants otherwise deny the allegations of Paragraph 95.

96.    Defendants admit that the Shuster Termination Notice applies to the following works:  certain unpublished material created before Action Comics No. 1; Action Comics Nos. 1-7; reprinted material in Superman No. 1; and reprinted material in Superman No. 3.

97.    Paragraph 97 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 97 contains issues of fact, Defendants deny the allegations of Paragraph 97.

98.    Defendants deny the allegations of Paragraph 98, as the Shuster Executor's termination interest could not have been transferred to PPC as a matter of law pursuant to 17 U.S.C. § 304, except to the extent, if any, that the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

99.    Paragraph 99 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 99 contains issues of fact, Defendants admit that a September 10, 2004 letter between Pacific Pictures Corporation, Mr. Peary and Ms. Peavy completely cancelled the 2001 Pacific Pictures Agreement and the 2003 Pacific Pictures Agreement and cancelled any joint venture between them. Defendants otherwise deny the allegations of Paragraph 99.

100. Paragraph 100 contains conclusions of law as to which no responsive pleading is required. To the extent Paragraph 100 contains issues of fact, Defendants deny the allegations of Paragraph 100.

101. Paragraph 101 contains conclusions of law as to which no responsive pleading is required. To the extent Paragraph 101 contains issues of fact, Defendants deny the allegations of Paragraph 101, except to the extent that they can neither admit nor deny the allegations of Paragraph 11, as such involve communications protected by the attorney-client privilege and a May 1, 2008 JAMS Confidentiality Agreement entered into by the parties in connection with court-ordered settlement mediation in *Siegel v. Warner Bros. Entertainment Inc.* (Case No. 04-CV-08400 ODW (RZx)).

102. Defendants deny the allegations of Paragraph 102, except admit that Judge Larson issued orders on September 26, 2008 and December 4, 2008 in the related *Siegel v. Warner Bros. Entertainment Inc.* case that resulted in the disclosure of the "Toberoff Timeline," which DC has admitted that it read in 2006.

103. Defendants deny the allegations of Paragraph 103, except to the extent, if any, that the allegations accurately reflect the contents of the so-called "Toberoff Timeline," a false, ranting and inadmissible document written by an attorney who violated his duties of loyalty and confidentiality.

104. Defendants deny the allegations of Paragraph 104, as DC read the Toberoff Timeline in 2006, except to the extent, if any, that the allegations accurately reflect the contents of the so-called "Toberoff Timeline," a false and inadmissible document written by an attorney who violated his duties of loyalty and confidentiality.

## V.    CLAIMS FOR RELIEF

### A.    First Claim for Relief

105. Defendants re-allege and incorporate by reference their responses to Paragraphs 1-104, inclusive.

106. Paragraph 106 contains conclusions of law as to which no responsive

pleading is required.  To the extent Paragraph 106 contains issues of fact, Defendants deny the allegations in Paragraph 106.

107.   Paragraph 107 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 107 contains issues of fact, Defendants deny the allegations in Paragraph 107.

108.   Paragraph 108 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 108 contains issues of fact, Defendants deny the allegations in Paragraph 108.

109.   Paragraph 109 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 109 contains issues of fact, Defendants admit that Action Comics, No. 1 was published in April 1938.  Defendants otherwise deny the allegations in Paragraph 109.

110.   Paragraph 110 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 110 contains issues of fact, Defendants admit that Joseph Shuster did not exercise his termination rights during his lifetime, that he died in 1992 and that he did not leave a widow, child or grandchild. Defendants otherwise deny the allegations in Paragraph 110.

111.   Paragraph 111 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 111 contains issues of fact, Defendants admit that Shuster did not have a widow, child or grandchild.  Defendants otherwise deny the allegations in Paragraph 111.

112.   Paragraph 112 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 112 contains issues of fact, Defendants deny the allegations in Paragraph 112.

113.   Paragraph 113 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 113 contains issues of fact, Defendants deny the allegations in Paragraph 113, except to the extent, if any, that the allegations accurately reflect the contents of documents, and respectfully refer the Court to such

1   documents for evidence of the contents thereof.

2       114.  Paragraph 114 contains conclusions of law as to which no responsive

3   pleading is required.  To the extent Paragraph 114 contains issues of fact, Defendants

4   deny the allegations in Paragraph 114.

5       115.  Defendants admit that Jean Peavy was aware that Superman was a

6   valuable property and that, after Joe Shuster's death, Frank Shuster and Jean Peavy

7   entered into an October 2, 1992 agreement with DC.  Defendants deny the other

8   allegations in Paragraph 115, except to the extent, if any, that the allegations

9   accurately reflect the contents of documents, and respectfully refer the Court to such

10   documents for evidence of the contents thereof.

11       116.  Paragraph 116 contains conclusions of law as to which no responsive

12   pleading is required.  To the extent Paragraph 116 contains issues of fact, Defendants

13   deny the allegations in Paragraph 116, except to the extent, if any, that the allegations

14   accurately reflect the contents of documents, and respectfully refer the Court to such

15   documents for evidence of the contents thereof.

16       117.  Paragraph 117 contains conclusions of law as to which no responsive

17   pleading is required.  To the extent Paragraph 117 contains issues of fact, Defendants

18   deny the allegations in Paragraph 117.

19       118.  Paragraph 118 contains conclusions of law as to which no responsive

20   pleading is required.  To the extent Paragraph 118 contains issues of fact, Defendants

21   deny the allegations in Paragraph 118.

22       119.  Paragraph 119 contains conclusions of law as to which no responsive

23   pleading is required.  To the extent Paragraph 119 contains issues of fact, Defendants

24   deny the allegations in Paragraph 119.

25       120.  Paragraph 120 contains conclusions of law as to which no responsive

26   pleading is required.  To the extent Paragraph 120 contains issues of fact, Defendants

27   deny the allegations in Paragraph 120, except to the extent, if any, that the allegations

28   accurately reflect the contents of documents, and respectfully refer the Court to such

documents for evidence of the contents thereof.

121.    Paragraph 121 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 121 contains issues of fact, Defendants admit that the Shuster Termination Notice was served on November 10, 2003, and Defendants otherwise deny the allegations in Paragraph 121.

122.    Paragraph 122 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 122 contains issues of fact, Defendants deny the allegations in Paragraph 122, except to the extent, if any, that the allegations accurately reflect the contents of the Shuster Termination Notice, and respectfully refer the Court to such document for evidence of the contents thereof.

123.    Paragraph 123 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 123 contains issues of fact, Defendants deny the allegations in Paragraph 123.

124.    Paragraph 124 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 124 contains issues of fact, Defendants deny the allegations in Paragraph 124.

125.    Paragraph 125 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 125 contains issues of fact, Defendants deny the allegations in Paragraph 125, except to the extent, if any, that the allegations accurately reflect the contents of the Shuster Termination Notice, and respectfully refer the Court to such document for evidence of the contents thereof.

126.    Paragraph 126 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 126 contains issues of fact, Defendants deny the allegations in Paragraph 126.

127.    Defendants deny the allegations in Paragraph 127, except to the extent, if any, that the allegations accurately reflect the contents of the Shuster Termination Notice, and respectfully refer the Court to such document for evidence of the contents thereof.

SHUSTER DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

128.   Paragraph 128 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 128 contains issues of fact, Defendants deny the allegations in Paragraph 128.

129.   Paragraph 129 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 129 contains issues of fact, Defendants deny the allegations in Paragraph 129.

130.   Paragraph 130 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 130 contains issues of fact, Defendants admit that Mark Warren Peary signed the 2003 Pacific Pictures Agreement. Defendants otherwise deny the allegations in Paragraph 130, except to the extent, if any, that the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

131.   Defendants deny the allegations in Paragraph 131, except to the extent, if any, that the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

132.   Defendants deny the allegations in Paragraph 132, except to the extent, if any, that the allegations accurately reflect the contents of the Shuster Termination Notice, and respectfully refer the Court to such document for evidence of the contents thereof.

133.   Paragraph 133 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 133 contains issues of fact, Defendants admit that they filed a copyright infringement action against DC regarding Superboy, Case No. 04-CV-08776 ODW (RZx), and Defendants otherwise deny the allegations in Paragraph 133.

134.   Defendants admit that a declaration by this Court regarding the validity of the Shuster Termination Notice is warranted under 28 U.S.C. §§ 2201 *et seq.*, to establish the parties' respective rights and obligations.  Defendants otherwise deny the allegations in Paragraph 134.

**B.    Second Claim for Relief**

135.    Defendants re-allege and incorporate by reference their responses to
Paragraphs 1-134, inclusive.

136.    Defendants admit that DC's Second Claim for Relief is pleaded in the
alternative.

137.    Defendants admit that, in or around 1933, Siegel and Shuster co-created
various Superman materials for a comic strip character named "Superman," including
twenty-four days (four weeks) of "Superman" comic strips intended for newspaper
publication, a synopsis of comic strips for weeks two, three and four, a paragraph
previewing future "Superman" exploits and a nine-page synopsis covering
approximately two months of daily "Superman" newspaper comic strips (at six days
per week).  These works, though originally unpublished, were thereafter included or
incorporated in the early "Superman" comic strips thereafter published from on or
about April 18, 1938 (the "Initially Unpublished Works").  Defendants otherwise
deny the allegations in Paragraph 137.

138.    Defendants admit that Siegel and Shuster submitted the Initially
Unpublished Works to a number of prospective publishers.  Defendants otherwise
deny the allegations in Paragraph 138.

139.    Defendants deny the allegations in Paragraph 139, except admit that
Siegel and Shuster entered into a December 4, 1937 Agreement with DCI, which
speaks for itself, and respectfully refer the Court to such document for evidence of
the contents thereof.

140.    Paragraph 140 contains conclusions of law as to which no responsive
pleading is required.  To the extent Paragraph 140 contains issues of fact, Defendants
admit that, in the 1930s, Siegel and Shuster independently co-created Superman
comic strips which they pitched to prospective publishers, including newspaper
syndicates, and that DCI eventually published Siegel and Shuster's independently
created Superman comic strips in a magazine entitled "Action Comics, No. 1."

SHUSTER DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

1   Defendants otherwise deny the allegations in Paragraph 140.

2       141.    Paragraph 141 contains conclusions of law as to which no responsive

3   pleading is required.  To the extent Paragraph 141 contains issues of fact, Defendants

4   deny the allegations in Paragraph 141, except to the extent, if any, that the allegations

5   accurately reflect the contents of documents, and respectfully refer the Court to such

6   documents for evidence of the contents thereof.

7       142.    Defendants deny the allegations in Paragraph 142.

8       143.    Paragraph 143 contains conclusions of law as to which no responsive

9   pleading is required.  To the extent Paragraph 143 contains issues of fact, Defendants

10  deny the allegations in Paragraph 143.

11      144.    Paragraph 144 contains conclusions of law as to which no responsive

12  pleading is required.  To the extent Paragraph 144 contains issues of fact, Defendants

13  admit that Siegel and Shuster continued to submit additional Superman stories to DCI

14  for publication after the publication of "Action Comics No. 1," and that Siegel and

15  Shuster entered into an agreement dated September 22, 1938 with DCI.  Defendants

16  otherwise deny the allegations in Paragraph 144, except to the extent, if any, that the

17  allegations accurately reflect the contents of documents, and respectfully refer the

18  Court to such documents for evidence of the contents thereof.

19      145.    Defendants admit that Siegel and Shuster entered into a September 22,

20  1938 agreement with The McClure Newspaper Syndicate.  Defendants otherwise

21  deny the allegations in Paragraph 145, except to the extent, if any, that the allegations

22  accurately reflect the contents of documents, and respectfully refer the Court to such

23  documents for evidence of the contents thereof.

24      146.    Paragraph 146 contains conclusions of law as to which no responsive

25  pleading is required.  To the extent Paragraph 146 contains issues of fact, Defendants

26  admit that Siegel worked for DC at times when Siegel did not.  Defendants otherwise

27  deny the allegations in Paragraph 144.

28      147.    Defendants admit only that on or about November 30, 1938, Siegel

wrote to DCI expressing his conception of a new comic "strip named SUPERBOY, which would relate the adventures of Superman as a youth … [which] would be very much different from the SUPERMAN strip inasmuch as SUPERBOY would be a child and the type of adventures very much different …" (the "Superboy Summary"), and that DCI did not publish a "Superboy" comic at that time.  Defendants otherwise deny the allegations in Paragraph 147, except to the extent, if any, that the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

148.   Defendants admit only that on or about December 19, 1939, Siegel and Shuster entered into an agreement with DCI (the "December 19, 1939 Agreement"), which speaks for itself.  Defendants otherwise deny the allegations in Paragraph 148, except to the extent, if any, that the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

149.   Paragraph 149 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 149 contains issues of fact, Defendants admit only that on or about December, 1940, Siegel solely authored a complete, thirteen-page, original "Superboy" story ("Superboy Story"); and that in the event his story was licensed by DCI and thereafter published as a comic book, Siegel suggested a promotional prologue to the story.  Defendants otherwise deny the allegations in Paragraph 149, except to the extent, if any, that the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

150.   Paragraph 150 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 150 contains issues of fact, Defendants admit only that on November 18, 1944 DCI issued for sale "More Fun Comics No. 101" with a cover date of January-February 1945, which wrongfully published the first Superboy comic story based on Jerome Siegel's 1940 Superboy Story, without

first obtaining a requisite license from Siegel, and without any credit to Siegel. Defendants otherwise deny the allegations in Paragraph 150.

151.    Defendants admit that DC and its predecessors-in-interest have published Superman in various forms since 1938, and that numerous Superman works derived from Siegel and Shuster's original Superman story published in "Action Comics, No. 1," have thereafter been produced.  Defendants otherwise deny the allegations in Paragraph 151, except to the extent, if any, that the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

152.    Defendants admit that DC seeks declaratory relief.  Defendants otherwise deny the allegations in Paragraph 152.

153.    Defendants deny the allegations in Paragraph 153, except to the extent, if any, that the allegations accurately reflect the contents of the Shuster Termination Notice, and respectfully refer the Court to such document for evidence of the contents thereof.

154.    Paragraph 154 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 154 contains issues of fact, Defendants deny the allegations in Paragraph 154.

155.    Paragraph 155 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 155 contains issues of fact, Defendants deny the allegations in Paragraph 155.

156.    Paragraph 156 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 156 contains issues of fact, Defendants deny the allegations in Paragraph 156.

157.    Paragraph 157 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 157 contains issues of fact, Defendants deny the allegations in Paragraph 157.

158.    Paragraph 158 contains conclusions of law as to which no responsive

SHUSTER DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

pleading is required.  To the extent Paragraph 158 contains issues of fact, Defendants deny the allegations in Paragraph 158, except to the extent, if any, that the allegations accurately reflect the contents of the Shuster Termination Notice, and respectfully refer the Court to such document for evidence of the contents thereof.

159.   Paragraph 159, and footnote 4 included therein, contain conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 159 contains issues of fact, Defendants deny the allegations in Paragraph 159.

160.   Paragraph 160 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 160 contains issues of fact, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 160, and on that basis deny the same.

161.   Paragraph 161 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 161 contains issues of fact, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 161, and on that basis deny the same.

162.   Paragraph 162 contains conclusions of law as to which no responsive pleading is required.

163.   Paragraph 163 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 163 contains issues of fact, Defendants admit that there is a dispute between the parties as to which Superman "elements" appear in the works listed in the Shuster Termination Notice.  Defendants otherwise deny the allegations in Paragraph 163.

164.   Defendants admit that DC seeks declaratory relief.  Defendants otherwise deny the allegations in Paragraph 164.

### C.    Third Claim for Relief

165.   Defendants re-allege and incorporate by reference their responses to Paragraphs 1-164, inclusive.

166.   Defendants admit that DC's Third Claim for Relief is pled in the

alternative.

167.   Paragraph 167 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 167 contains issues of fact, Defendants deny the allegations in Paragraph 167.

168.   Paragraph 168 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 168 contains issues of fact, Defendants deny the allegations in Paragraph 168.

169.   Paragraph 169 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 169 contains issues of fact, Defendants deny the allegations in Paragraph 169.

170.   Paragraph 170 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 170 contains issues of fact, Defendants deny the allegations of Paragraph 170, except to the extent that they can neither admit nor deny the allegations of Paragraph 11, as such involve communications protected by the attorney-client privilege and a May 1, 2008 JAMS Confidentiality Agreement entered into by the parties in connection with court-ordered settlement mediation in *Siegel v. Warner Bros. Entertainment Inc.* (Case No. 04-CV-08400 ODW (RZx)).

171.   Paragraph 171 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 171 contains issues of fact, Defendants deny the allegations of Paragraph 171.

172.   Paragraph 172 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 172 contains issues of fact, Defendants deny the allegations of Paragraph 172.

173.   Defendants admit that DC seeks an injunction.  Defendants otherwise deny the allegations of Paragraph 173.

## D.   Fourth Claim for Relief

174.   Defendants re-allege and incorporate by reference their responses to Paragraphs 1-173,

175.    inclusive.

176.    Paragraph 175 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 175 contains issues of fact, Defendants incorporate by reference the answers of the defendants Marc Toberoff and Pacific Pictures Corporation, to whom this claim for relief is applicable.

177.    Paragraph 176 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 176 contains issues of fact, Defendants incorporate by reference the answers of the defendants Marc Toberoff and Pacific Pictures Corporation, to whom this claim for relief is applicable.

178.    Paragraph 177 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 177 contains issues of fact, Defendants incorporate by reference the answers of the defendants Marc Toberoff and Pacific Pictures Corporation, to whom this claim for relief is applicable.

179.    Paragraph 178 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 178 contains issues of fact, Defendants incorporate by reference the answers of the defendants Marc Toberoff and Pacific Pictures Corporation, to whom this claim for relief is applicable.

180.    Paragraph 179 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 179 contains issues of fact, Defendants incorporate by reference the answers of the defendants Marc Toberoff and Pacific Pictures Corporation, to whom this claim for relief is applicable.

### E.    Fifth Claim for Relief

181.    Defendants re-allege and incorporate by reference their responses to Paragraphs 1-179, inclusive.

182.    Paragraph 181 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 181 contains issues of fact, Defendants incorporate by reference the answers of the defendant Marc Toberoff, to whom this claim for relief is applicable.

183.   Paragraph 182 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 182 contains issues of fact, Defendants incorporate by reference the answers of the defendant Marc Toberoff, to whom this claim for relief is applicable.

184.   Paragraph 183 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 183 contains issues of fact, Defendants incorporate by reference the answers of the defendant Marc Toberoff, to whom this claim for relief is applicable.

185.   Paragraph 184 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 184 contains issues of fact, Defendants incorporate by reference the answers of the defendant Marc Toberoff, to whom this claim for relief is applicable.

186.   Paragraph 185 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 185 contains issues of fact, Defendants incorporate by reference the answers of the defendant Marc Toberoff, to whom this claim for relief is applicable.

187.   Paragraph 186 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 186 contains issues of fact, Defendants incorporate by reference the answers of the defendant Marc Toberoff, to whom this claim for relief is applicable.

### F.    Sixth Claim for Relief

188.   Defendants re-allege and incorporate by reference their responses to Paragraphs 1-186, inclusive.

189.   Paragraph 188 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 188 contains issues of fact, Defendants deny the allegations of Paragraph 188.

190.   Defendants deny the allegations of Paragraph 189.

### <u>AFFIRMATIVE DEFENSES</u>

SHUSTER DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

In addition to the grounds set out in the Answer to the Complaint herein, Defendants hereby additionally allege as follows:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

191.    The Complaint and each purported claim therein fails to state a claim upon which the relief sought or any relief could be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

192.    The Complaint and each purported claim therein is barred, in whole or in part, by Plaintiff's failure to bring such claims within the governing statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

### (Litigation Privilege)

193.    The Complaint and each purported state-law claim therein is barred, in whole or in part, by the litigation privilege of California Civil Code § 47.

## FOURTH AFFIRMATIVE DEFENSE

### (Waiver/Acquiescence/Estoppel)

194.    The Complaint and each purported claim therein is barred, in whole or in part, by the doctrines of waiver, acquiescence and/or estoppel.

## FIFTH AFFIRMATIVE DEFENSE

### (Laches)

195.    The Complaint and each purported state-law claim therein is barred, in whole or in part, by the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

196.    The Complaint and each purported claim therein is barred, in whole or in part, by the equitable doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

SHUSTER DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

**(Unjust Enrichment)**

197. The Complaint and each purported claim therein is barred, in whole or in part, by the equitable doctrine of unjust enrichment.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Illegality)**

198. The Complaint and each purported claim therein is barred, in whole or in part, to the extent of any illegality of any matters set forth in the Complaint.

**NINTH AFFIRMATIVE DEFENSE**

**(Claim Preclusion)**

199. The Complaint and each purported claim therein is barred, in whole or in part, by the doctrines of *res judicata* (claim preclusion).

**TENTH AFFIRMATIVE DEFENSE**

**(Collateral Estoppel/Issue Preclusion)**

200. The Complaint and each purported claim therein is barred, in whole or in part, by the doctrines of collateral estoppel and/or  issue preclusion.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Duress)**

201. The Complaint and each purported claim therein is barred, in whole or in part, by the fact that any alleged contract between the parties or their respective predecessors-in-interest is unenforceable and/or void because of duress.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Statute of Frauds)**

202. The Complaint and each purported claim therein is barred, in whole or in part, by the fact that any alleged contract between the parties or their respective predecessors-in-interest is unenforceable and/or void because of the Statute of Frauds.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Failure of Consideration)**

SHUSTER DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

203.   The Complaint and each purported claim therein is barred, in whole or in part, by the fact that any alleged contract between the parties or their respective predecessors-in-interest is unenforceable and/or void because the contract(s) lacked consideration.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Misrepresentation)

204.   The Complaint and each purported claim therein is barred, in whole or in part, by the fact that any alleged contract between the parties or their respective predecessors-in-interest is unenforceable and/or void because of the misrepresentations of Plaintiff and/or its predecessors-in-interest.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Against Public Policy)

205.   The Complaint and each purported claim therein is barred, in whole or in part, by the fact that any alleged contract between the parties or their respective predecessors-in-interest which is contrary to public policy is unenforceable, and any relief requested in the Complaint which is contrary to public policy should not be granted.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Bad Faith)

206.   The Complaint and each purported claim therein is barred, in whole or in part, because Plaintiff has acted in bad faith for improper purposes with respect to the subject matter of the claims.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Preemption)

207.   The Complaint and each purported state-law claim therein is barred, in whole or in part, because they are preempted by federal law.

## EIGHTTEENTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

208.   The Complaint and each purported claim therein is barred, in whole or in part, because Plaintiff lacks standing to pursue its claims.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Full Performance)

209.   The Complaint and each purported claim therein is barred, in whole or in part, because as to any alleged contract between the parties or their respective predecessors-in-interest, Defendants have fully performed all of the conditions, covenants and promises on their part to be performed under the purported contracts, except those which have been excused or prevented by the conduct and actions of Plaintiff.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Law of the Case)

210.   The Complaint and each purported claim therein is barred, in whole or in part, by the doctrine of law of the case.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Prior Action Pending)

211.   The Complaint and each purported claim therein is barred, in whole or in part, by prior actions pending before this Court and/or the United States Court of Appeals for the Ninth Circuit, which involve the same transactions, issues, parties, and property that are the subject of the complaint, including without limitation *Siegel v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-CV-08400 ODW (RZx) and *Siegel v. Time Warner Inc.*, Case No. 04-CV-08776 ODW (RZx).

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Termination Notices Are Valid and In Compliance with 17 U.S.C. §§ 304(c)-(d))

212.   The Complaint and the First and Second Claims for Relief are barred because the Shuster Termination Notice is valid and effective, and in full compliance with 17 U.S.C. § 304(c)-(d) and 37 C.F.R. § 201.10.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

**(Termination Notices Not Invalidated By Technical Errors)**

213.   The Complaint and the First and Second Claims for Relief are barred, in whole or in part, because under 17 U.S.C. § 304(c) and 37 C.F.R. § 201.10, the Shuster Termination Notice is not invalidated or curtailed due to technical errors or omissions, if any, since the intent to terminate all prior grants by Joseph Shuster of his copyright interests in all works listed in the Notice was made clear to Plaintiff in the Notice timely served on Plaintiff.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

**(Termination Interests Under 17 U.S.C. §§ 304(c)-(d) Cannot Be Waived)**

214.   The Complaint and each purported claim therein is barred, in whole or in part, because Defendants could not have waived or effectively waived, directly or indirectly, any of their termination rights or interests under 17 U.S.C. §§ 304(c)-(d) because such termination rights or interests are inalienable and persist "notwithstanding any agreement to the contrary," and cannot be waived.

.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

**(Not "Works-Made–For-Hire")**

215.   The Complaint and the First and Second Claims for Relief are barred, in whole or in part, because the works created or co-created by Joseph Shuster, referred to in the Complaint and/or in the Shuster Termination Notice, do not constitute "works-made-for-hire," and the Shuster Termination Notice cannot be invalidated or limited on that basis.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

**(1948 Consent Judgment Not A Copyright Grant)**

216.   The Complaint and the First Claim for Relief is barred, in whole or in part, because the "Consent Judgment" dated May 21, 1948 need not have been terminated by Defendants pursuant to 17 U.S.C. § 304(d) to regain Shuster's copyright interests because the Consent Judgment does not constitute a grant or

assignment of a copyright interest in "Superman" or any other work authored by Shuster.  The Consent Judgment is not an operative agreement or grant of any copyright interest(s) and merely recites which parties own which copyrights pursuant to a prior grant(s), namely a May 19, 1948 stipulation, the operative grant which was duly terminated by the Shuster Termination Notice pursuant to 17 U.S.C. § 304(d).

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE
### (Failure to List Ad Does Not Affect Superman Termination)

217.   The Complaint and the First and Second Claims for Relief are barred, in whole or in part, because the Shuster Termination Notice is not invalidated or curtailed by any alleged failure to list an advertisement(s), allegedly depicting the cover of "Action Comics No. 1," if any, since Defendants properly gave notice of their termination of the underlying grant(s) of the original "Superman" copyright pursuant to 17 U.S.C. § 304(c) and the Shuster Termination Notices identified "Action Comics No. 1."

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE
### (Counterclaimant Cannot Exploit New Derivative Works)

218.   The Complaint and the First and Second Claims for Relief are barred, in whole or in part, because, after the Shuster Termination Notice becomes effective, Plaintiff cannot exploit new derivative works based on copyrights that Defendants have recovered pursuant to 17 U.S.C. §304(c) and/or based on works derived from such recovered copyrights.

### TWENTY-NINTH AFFIRMATIVE DEFENSE
### (Joseph Shuster's Termination Rights Did Not Expire)

219.   The Complaint and the First Claim for Relief is barred, in whole or in part, because the termination rights of Joseph Shuster did not "expire" upon his death and are properly held by the Shuster Executor pursuant to 17 U.S.C. §§ 304(c)(2), (d).

### THIRTIETH AFFIRMATIVE DEFENSE

**(The 1992 Agreement Has No Effect on Termination)**

220.   The Complaint and the First and Fourth Claims for Relief are barred, in whole or in part, because the 1992 agreement between DC and Frank Shuster/Jean Peavy (the "1992 Agreement") does not bar the Shuster Termination because, *inter alia*, Frank Shuster and Jean Peavy never held any termination rights under the Copyright Act, nor did the 1992 Agreement revoke or regrant Siegel and Shuster's prior Superman grants on which DC has long relied prior to and after the 1992 Agreement .

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

**(The Shuster Executor Held Termination Rights)**

221.   The Complaint and the First Claim for Relief is barred, in whole or in part, because the Shuster Executor held the entirety of Shuster's termination rights pursuant to 17 U.S.C. §§ 304(c)-(d), such interests could not be and were not transferred, and the Shuster Executor properly signed the Shuster Termination Notice.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

**(No Failure to List Copyright Grants)**

222.   The Complaint and the First Claim for Relief is barred, in whole or in part, because any alleged failure to list either the 1992 Agreement or the May 21, 1948 Consent Judgment in the Shuster Termination Notice has no effect on the validity of the notice.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

**(No Unclean Hands)**

223.   The Complaint and the First Claim for Relief is barred, in whole or in part, because Defendants did not have "unclean hands" with respect to the Shuster Termination Notice and because unclean hands cannot be used to invalidate the Shuster Termination Notice.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Failure to Comply With F.R.C.P.)

224.   Defendants are not required to separately admit or deny each averment contained in each Paragraph of the Complaint due to Plaintiff's failure to comply with Rules 8(a) and 8(e) of the Federal Rules of Civil Procedure.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Unknown Defenses)

225.   Defendants believe, and based upon such information and belief allege that the Defendants may have additional affirmative defenses available to them, which are not now fully known and of which these answering Defendants are not fully aware.  The Defendants accordingly reserve the right to assert any additional affirmative defenses after the same have been ascertained.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (Reservation of Right to Amend)

226.   The Complaint and each purported claim therein fails to state the claims for relief with sufficient particularity to permit Defendants to discern and raise all appropriate defenses, and Defendants therefore reserve their rights to amend or supplement this answer with additional defenses.

FOR THESE REASONS, Defendants pray that the Court dismiss all of Plaintiff's claims and find for Defendants on all counts, and that Defendants be awarded costs, including reasonable attorneys' fees under Section 505 of the United States Copyright Act and California Code of Civil Procedure Section 425.16, and pray for such other and further relief as this Court deems just and proper.

1

2

Dated:  November 25, 2011        RESPECTFULLY SUBMITTED,

/s/ Marc Toberoff

3

Marc Toberoff

4

5

TOBEROFF & ASSOCIATES, P.C.

Attorneys for Defendants Mark Warren Peary,

6

as personal representative of the Estate of

Joseph Shuster, Jean Adele Peavy, and Laura

7

Siegel Larson, individually and as personal

8

representative of the Estate of Joanne Siegel

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SHUSTER DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT