# EXHIBIT A

# VEHICLE PASS

To See

Destination    88 EXECUTIVE BLDG ROOM 116

Park At    GOLD DOOR

Space    GOLD3

Map Ref

Expires    11/19/2010    2:55PM

THOMAS E. ROTHMAN    (310) 369-1744

0000VXJO

LSL 00210

**EXHIBIT A**
**4**

# EXHIBIT B

1  DANIEL M. PETROCELLI (S.B. #97802)
    dpetrocelli@omm.com
2  MATTHEW T. KLINE (S.B. #211640)
    mkline@omm.com
3  CASSANDRA L. SETO (S.B. #246608)
    cseto@omm.com
4  O'MELVENY & MYERS LLP
    1999 Avenue of the Stars, 7th Floor
5  Los Angeles, CA 90067-6035
    Telephone:  (310) 553-6700
6  Facsimile:   (310) 246-6779

7  PATRICK T. PERKINS (admitted *pro hac vice*)
    pperkins@ptplaw.com
8  PERKINS LAW OFFICE, P.C.
    1711 Route 9D
9  Cold Spring, NY 10516
    Telephone:  (845) 265-2820
10 Facsimile:   (845) 265-2819

11 Attorneys for Plaintiff DC Comics

12                    **UNITED STATES DISTRICT COURT**

13                   **CENTRAL DISTRICT OF CALIFORNIA**

14

15 | DC COMICS, | Case No. CV-10-3633 ODW (RZx) |

    Plaintiff,

16                                     **DISCOVERY MATTER**

17         v.                          **PLAINTIFF DC COMICS' FIRST
                                        SET OF INTERROGATORIES TO
18 PACIFIC PICTURES                    DEFENDANT MARC TOBEROFF**
    CORPORATION, IP WORLDWIDE,
    LLC, IPW, LLC, MARC TOBEROFF,      **Judge**: Hon. Otis D. Wright II
19 an individual, MARK WARREN          **Magistrate**: Hon. Ralph Zarefsky
    PEARY, as personal representative of
20 the ESTATE OF JOSEPH SHUSTER,
    JEAN ADELE PEAVY, an individual,
21 JOANNE SIEGEL, an individual,
    LAURA SIEGEL LARSON, an
22 individual, and DOES 1-10, inclusive,

23         Defendants.

24

25 **PROPOUNDING PARTY**:    Plaintiff DC Comics

26 **RESPONDING PARTY**:      Defendant Marc Toberoff

27 **SET NUMBER**:            One (Interrogatory Nos. 1-25)

28

1       Pursuant to Federal Rule of Civil Procedure 33, plaintiff DC Comics hereby

2   requests that defendant Marc Toberoff respond in writing and under oath to the

3   following First Set of Interrogatories ("Interrogatories"), in accordance with the

4   definitions and instructions contained herein, by no later than January 10, 2011.

5   **DEFINITIONS AND INSTRUCTIONS**

6       1.    "DOCUMENT" shall be interpreted in its broadest sense to include

7   any and all "documents" and "other tangible things" as those terms are

8   understood in Federal Rule of Civil Procedure 34, including, without limitation,

9   any "writing," "recording," or "photograph" as those terms are defined in Federal

10  Rule of Evidence 1001. This shall include, but is not limited to: e-mail, audio or

11  video recordings, correspondence, letters, phone messages, notes, memoranda,

12  facsimiles, publications, contracts, agreements, calendars, drafts of proposed

13  contracts or agreements, papers, and photographs.

14      2.    "COMMUNICATION" means all written, electronic, oral,

15  telephonic, gesture, or other transmission or exchange of information, including

16  without limitation any inquiry, request, dialogue, discussion, conversation,

17  interview, correspondence, letter, note, consultation, negotiation, agreement,

18  understanding, meeting, e-mail, and all DOCUMENTS evidencing any verbal or

19  nonverbal interaction between any individuals or entities.

20      3.    "REFER" or "RELATE" (or any conjugation thereof) means,

21  without limitation, evidence, reflect, summarize, constitute, contain, study,

22  analyze, explain, mention, show, discuss, describe, or comment upon.

23      4.    "OBTAIN" (or any conjugation thereof) means, without limitation,

24  acquire, attain, capture, come by, gain, garner, get, procure, or secure.

25      5.    "PERSON" means any natural person, firm, association, corporation,

26  partnership, or other legal entity or organization separately identifiable, and any

27  department(s) or division(s) therein.

28

- 1 -

PL.'S FIRST SET OF INTERROGS.
TO DEF. MARC TOBEROFF

**EXHIBIT B**

**6**

6.    "IDENTIFY" means the following:

    a.    When used in reference to a PERSON, it means to state the person's full name, present or last known address, and present or last known business affiliation and business address;

    b.    When used in reference to an organization, it means to state the organization's full name and, if it is a corporation, partnership, or other business entity, the address of its principal place of business;

    c.    When used in reference to a DOCUMENT, it means to state, to the extent known, the DOCUMENT'S (i) type (*i.e.* letter, memo, note, e-mail); (ii) subject matter; (iii) current location; (iv) every author, recipient or addressee; and (v) the bates number of the DOCUMENT if simultaneously or previously produced in this or any related action.

    d.    When used in reference to a COMMUNICATION, it means to state, to the extent known, the COMMUNICATION'S (i) date; (ii) type (*i.e.* oral, telephonic, e-mail); (iii) subject matter; (iv) every author, recipient or addressee; and (v) the bates number of the DOCUMENT if simultaneously or previously produced in this or any related action.

7.    "DESCRIBE" means to set forth fully and in detail all factual information and data that are in any way RELATED to the subject matter of the particular request seeking such statement or description.

8.    "YOU" or "YOUR" means Marc Toberoff and, as applicable, any PERSON acting on his behalf, including but not limited to his agents, employees, attorneys, and representatives.

9.    "DEFENDANT" or "DEFENDANTS" means, collectively and severally, any defendant in the above-entitled action, including YOU; Pacific

PL.'S FIRST SET OF INTERROGS.
TO DEF. MARC TOBEROFF

**EXHIBIT B**

**7**

1  Pictures Corporation; IP Worldwide, LLC; IPW, LLC; Mark Warren Peary, on

2  behalf of the Estate of Joseph Shuster; Jean Adele Peavy; Joanne Siegel; and

3  Laura Siegel Larson and, as applicable, any PERSON acting on their behalf,

4  including but not limited to their agents, employees, attorneys, and

5  representatives.

6      10.    "TOBEROFF TIMELINE" means the undated DOCUMENT titled

7  "Superman – Marc Toberoff Timeline," attached as Exhibit A to the First

8  Amended Complaint filed by plaintiff DC Comics on September 3, 2010 in the

9  above-entitled action.

10     11.    "TOBEROFF TIMELINE AUTHOR" means any PERSON or

11  PERSONS who YOU believe was involved in creating, writing, or transmitting

12  the TOBEROFF TIMELINE, and, as applicable, any PERSON acting on their

13  behalf, including but not limited to their agents, employees, attorneys, and

14  representatives.

15     12.    "MARCH 2009 DECLARATION" means the "Declaration of Marc

16  Toberoff in Opposition to Defendants' Motion to Reopen Discovery, to Compel

17  Production of Documents, and to Compel the Further Deposition of Kevin

18  Marks," which YOU filed in *Siegel v. Warner Bros. Entm't Inc.*, Case No. CV-

19  04-8400 (Docket No. 477), on March 2, 2009.

20     13.    "ALLEGED INTERNAL INVESTIGATION" means the

21  "investigation" REFERRED to in paragraphs 33 and 34 of the MARCH 2009

22  DECLARATION, which state:

23          My law firm's investigation has revealed that the Stolen
            Documents were secretly copied and stolen from my law firm's files
24          by a disgruntled attorney employed by the firm who thereafter
            furnished the documents to Warner Bros. The attorney worked at my
25          firm for less than three months, without any problem or incident, and
            then one day disappeared on his lunch break in November without
26          notice. The attorney did not return any of the firm's subsequent
            telephone messages or e-mails.
27
            Our investigation has revealed that in late November and early
28          December, 2005, he contacted Plaintiffs and another client of my firm

PL.'S FIRST SET OF INTERROGS.
TO DEF. MARC TOBEROFF

**EXHIBIT B**

**8**

1  and tried to convince them to terminate the firm, and to retain him
   instead, by disparaging me and by offering to work for a reduced fee.
2  I am advised by Plaintiffs and my other client that they both rejected
   this attorney's overtures in early December, 2005.

3      14.    "OCTOBER 2010 DECLARATION" means the "Declaration of

4  Marc Toberoff in Further Support of Defendants' Motion to Strike Under

5  California's Anti-SLAPP Statute," which YOU filed in the above-entitled case

6  (Docket No. 99-1) on October 4, 2010.

7      15.    "ALLEGED GRAND JURY INVESTIGATION" means the

8  "ongoing grand jury investigation" REFERRED to in paragraph 14 of the

9  OCTOBER 2010 DECLARATION, which states:

10     The theft of privileged documents from my law offices and their
11     transmittal with an anonymous cover letter, entitled the "Toberoff
       Timeline," to DC's in-house legal team, as well as to other executives
12     of DC's parent company, Warner Bros., by a former junior attorney at
       my firm, is the subject of an ongoing grand jury investigation initiated
13     by the United States Attorney for the Central District of California.

14     16.    "ALLEGED DISCIPLINARY ACTION" means the action

15  REFERRED to in an article titled "At Heart of Superman Suit, a Disappearing

16  Lawyer with a Grudge," published by the Am Law Daily on May 21, 2010,

17  purportedly based on a discussion with YOU, which states:

18        That the letter to Warner's included a note saying the timeline
          information could lead to Toberoff being "suspended" and "disgraced"
19        isn't something Toberoff takes lightly. He says he expects to reveal
          the mysterious lawyer's identity as part of his broader response to the
20        Warner's suit.

21        Even more ominously, Toberoff says he is considering reporting
          the associate's actions to the California bar.

22     17.    "INCLUDING" means "including, but not limited to."

23     18.    "Any" and "All" are interchangeable.

24     19.    The singular form includes the plural form, and vice versa.

25     20.    Each answer must be as complete and straightforward as the

26  information reasonably available to YOU permits. If an Interrogatory cannot be

27  answered completely, answer it to the extent possible.

28

PL.'S FIRST SET OF INTERROGS.
TO DEF. MARC TOBEROFF

**EXHIBIT B**

**9**

1    21.    Whenever an Interrogatory may be answered by referring to a

2    DOCUMENT, the DOCUMENT may be attached as an exhibit to the response

3    and referred to in the response.  If the DOCUMENT has more than one page,

4    refer to the page and section where the answer to the Interrogatory can be found.

5    22.    Federal Rule of Civil Procedure 33 provides these instructions,

6    which YOU must follow when responding to these Interrogatories:

7    a.    Each interrogatory shall be answered separately and fully in

8    writing under oath, unless it is objected to, in which event the

9    objecting party shall state the reasons for objection and shall

10    answer to the extent the interrogatory is not objectionable.

11    b.    The answers are to be signed by the person making them, and

12    the objections signed by the attorney making them.

13    c.    The party upon whom the interrogatories have been served shall

14    serve a copy of the answers, and objections if any, within 30

15    days after the service of the interrogatories.

16    d.    All grounds for an objection to an interrogatory shall be stated

17    with specificity.  Any ground not stated in a timely objection is

18    waived unless the party's failure to object is excused by the

19    court for good cause shown.

20    e.    The party submitting the interrogatories may move for an order

21    under Rule 37(a) with respect to any objection to or other failure

22    to answer an interrogatory.

23    23.    Each Interrogatory shall be construed independently and no

24    Interrogatory shall be viewed as limiting the scope of any other Interrogatory.

25    24.    These Interrogatories impose a continuing obligation subsequent to

26    YOUR initial responses to timely supplement YOUR responses if YOU

27    determine that any response is incomplete or incorrect.

28

- 5 -

PL.'S FIRST SET OF INTERROGS.
TO DEF. MARC TOBEROFF

**EXHIBIT B**

**10**

# INTERROGATORIES

Interrogatory No. 1

IDENTIFY the TOBEROFF TIMELINE AUTHOR.

Interrogatory No. 2

DESCRIBE in detail who participated in the ALLEGED INTERNAL INVESTIGATION, including participants within your law firm and outside of your law firm.

Interrogatory No. 3

DESCRIBE in detail the ALLEGED INTERNAL INVESTIGATION, including all steps taken by YOU and any other participants to IDENTIFY the TOBEROFF TIMELINE AUTHOR and OBTAIN information regarding the TOBEROFF TIMELINE AUTHOR and/or the TOBEROFF TIMELINE.

Interrogatory No. 4

DESCRIBE in detail any and all information revealed by the ALLEGED INTERNAL INVESTIGATION, including all information regarding the TOBEROFF TIMELINE AUTHOR and/or the TOBEROFF TIMELINE.

Interrogatory No. 5

DESCRIBE in detail any internal or external investigation other than the ALLEGED INTERNAL INVESTIGATION YOU participated in regarding the TOBEROFF TIMELINE AUTHOR and/or the TOBEROFF TIMELINE.

Interrogatory No. 6

DESCRIBE in detail any and all information revealed by any investigation REFERRED to in response to Interrogatory No. 5.

Interrogatory No. 7

DESCRIBE in detail the current status of any investigation REFERRED to in response to Interrogatory No. 5, including whether and when it concluded.

PL.'S FIRST SET OF INTERROGS.
TO DEF. MARC TOBEROFF

**EXHIBIT B**

**11**

Interrogatory No. 8

In the MARCH 2009 DECLARATION, YOU state that the TOBEROFF TIMELINE AUTHOR: "contacted Plaintiffs and another client of my firm and tried to convince them to terminate the firm, and to retain him instead, by disparaging me and by offering to work for a reduced fee. I am advised by Plaintiffs and my other client that they both rejected this attorney's overtures in early December, 2005." IDENTIFY the "other client," including any and all bases for YOUR knowledge.

Interrogatory No. 9

DESCRIBE in detail any and all COMMUNICATIONS between YOU and any law enforcement official, including anyone employed by the United States Attorney's Office for the Central District of California and/or the Federal Bureau of Investigation, regarding the TOBEROFF TIMELINE AUTHOR and/or the TOBEROFF TIMELINE.

Interrogatory No. 10

IDENTIFY, to the best of your knowledge, any other PERSON who COMMUNICATED with any law enforcement official, including anyone employed by the United States Attorney's Office for the Central District of California and/or the Federal Bureau of Investigation, regarding the TOBEROFF TIMELINE AUTHOR and/or the TOBEROFF TIMELINE.

Interrogatory No. 11

DESCRIBE in detail, to the best of YOUR knowledge, the substance of any COMMUNCATIONS REFERRED to in response to Interrogatory No. 11.

Interrogatory No. 12

In the OCTOBER 2010 DECLARATION, YOU state that:

The theft of privileged documents from my law offices and their transmittal with an anonymous cover letter, entitled the "Toberoff Timeline," to DC's in-house legal team, as well as to other executives of DC's parent company, Warner Bros., by a former junior attorney at

- 7 -

PL.'S FIRST SET OF INTERROGS. TO DEF. MARC TOBEROFF

**EXHIBIT B**

**12**

1    my firm, is the subject of an ongoing grand jury investigation initiated by the United States Attorney for the Central District of California.

2

3    DESCRIBE in detail how, to the best of YOUR knowledge, "the United States

4    Attorney for the Central District of California" or any other member of law

5    enforcement or the federal government became aware of the TOBEROFF

6    TIMELINE AUTHOR and/or the TOBEROFF TIMELINE, including whether

7    YOU initiated contact with them.

Interrogatory No. 13

8    DESCRIBE in detail who, to the best of YOUR knowledge, has participated

9    in the ALLEGED GRAND JURY INVESTIGATION, including any PERSON who

10   has testified or been interviewed in connection with the ALLEGED GRAND JURY

11   INVESTIGATION.

12   Interrogatory No. 14

13   DESCRIBE in detail, to the best of YOUR knowledge, the substance of any

14   testimony or statements made in connection with the ALLEGED GRAND JURY

15   INVESTIGATION.

16   Interrogatory No. 15

17   DESCRIBE in detail, to the best of YOUR knowledge, the current status of

18   the ALLEGED GRAND JURY INVESTIGATION.

19   Interrogatory No. 16

20   DESCRIBE in detail, to the best of YOUR knowledge, whether any

21   PERSON has been designated by the United States Attorney's Office for the

22   Central District of California as a witness, subject, or target of the ALLEGED

23   GRAND JURY INVESTIGATION.

24   Interrogatory No. 17

25   IDENTIFY any DOCUMENTS provided by YOU in connection with the

26   ALLEGED GRAND JURY INVESTIGATION.

27

28

PL.'S FIRST SET OF INTERROGS.
TO DEF. MARC TOBEROFF

**EXHIBIT B**

**13**

1    Interrogatory No. 18

2         IDENTIFY any DOCUMENTS, to the best of YOUR knowledge, provided

3    by any other PERSON in connection with the ALLEGED GRAND JURY

4    INVESTIGATION.

5    Interrogatory No. 19

6         DESCRIBE in detail any grand jury subpoenas that have been issued, to the

7    best of your knowledge, in connection with the ALLEGED GRAND JURY

8    INVESTIGATION.

9    Interrogatory No. 20

10        DESCRIBE in detail how the ALLEGED DISCIPLINARY ACTION began,

11    including any and all COMMUNICATIONS YOU had with the California bar or

12    any legal, administrative, or disciplinary entity regarding the TOBEROFF

13    TIMELINE AUTHOR and/or TOBEROFF TIMELINE.

14    Interrogatory No. 21

15        DESCRIBE in detail who, to the best of YOUR knowledge, participated in

16    the ALLEGED DISCIPLINARY ACTION.

17    Interrogatory No. 22

18        DESCRIBE in detail all information revealed by the ALLEGED

19    DISCIPLINARY ACTION, including all information regarding the TOBEROFF

20    TIMELINE AUTHOR and/or the TOBEROFF TIMELINE.

21    Interrogatory No. 23

22        DESCRIBE in detail, to the best of YOUR knowledge, the current status of

23    the ALLEGED DISCIPLINARY ACTION, including whether and when it

24    concluded.

25    Interrogatory No. 24

26        DESCRIBE in detail any and all COMMUNICATIONS YOU have had with

27    the TOBEROFF TIMELINE AUTHOR since July 2006, including all efforts YOU

28    made to contact the TOBEROFF TIMELINE AUTHOR.

- 9 -

PL.'S FIRST SET OF INTERROGS.
TO DEF. MARC TOBEROFF

**EXHIBIT B**

**14**

1   Interrogatory No. 25

2        DESCRIBE in detail any and all COMMUNICATIONS YOU have had with

3   any PERSON other than a party to the above-entitled action RELATED to the

4   TOBEROFF TIMELINE AUTHOR and/or the TOBEROFF TIMELINE.

5

6   Dated:  December 10, 2010             Respectfully submitted,

7                            O'MELVENY & MYERS LLP

8

9                          By:_____
                                Daniel M. Petrocelli

10                        Attorneys for Plaintiff DC Comics

11   CC1:840098

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT C

1  DANIEL M. PETROCELLI (S.B. #97802)
     dpetrocelli@omm.com
2  MATTHEW T. KLINE (S.B. #211640)
     mkline@omm.com
3  CASSANDRA L. SETO (S.B. #246608)
     cseto@omm.com
4  O'MELVENY & MYERS LLP
   1999 Avenue of the Stars, 7th Floor
5  Los Angeles, CA 90067-6035
   Telephone:  (310) 553-6700
6  Facsimile:   (310) 246-6779

7  PATRICK T. PERKINS (admitted *pro hac vice*)
     pperkins@ptplaw.com
8  PERKINS LAW OFFICE, P.C.
   1711 Route 9D
9  Cold Spring, NY 10516
   Telephone:  (845) 265-2820
10 Facsimile:   (845) 265-2819

11 Attorneys for Plaintiff DC Comics

12                 **UNITED STATES DISTRICT COURT**

13                **CENTRAL DISTRICT OF CALIFORNIA**

14
   DC COMICS,                          | Case No. CV-10-3633 ODW (RZx)
15
                    Plaintiff,           **DISCOVERY MATTER**
16
           v.                           **PLAINTIFF DC COMICS' FIRST
17                                       SET OF REQUESTS FOR
   PACIFIC PICTURES                      PRODUCTION TO DEFENDANT
18 CORPORATION, IP WORLDWIDE,            MARC TOBEROFF**
   LLC, IPW, LLC, MARC TOBEROFF,
19 an individual, MARK WARREN            **Judge**:  Hon. Otis D. Wright II
   PEARY, as personal representative of  **Magistrate**:  Hon. Ralph Zarefsky
20 the ESTATE OF JOSEPH SHUSTER,
   JEAN ADELE PEAVY, an individual,
21 JOANNE SIEGEL, an individual,
   LAURA SIEGEL LARSON, an
22 individual, and DOES 1-10, inclusive,

23                 Defendants.

24

25 **PROPOUNDING PARTY**:    Plaintiff DC Comics

26 **RESPONDING PARTY**:     Defendant Marc Toberoff

27 **SET NUMBER**:           One (Document Request Nos. 1-60)

28

1    Pursuant to Federal Rule of Civil Procedure 34, plaintiff DC Comics hereby

2    requests that defendant Marc Toberoff produce for inspection and copying all

3    documents described in the following Requests for Production, in accordance with

4    the definitions and instructions contained therein, by no later than January 10, 2011.

5    <u>**DEFINITIONS AND INSTRUCTIONS**</u>

6    1.    "DOCUMENT" shall be interpreted in its broadest sense to include

7    any and all "documents" and "other tangible things" as those terms are

8    understood in Federal Rule of Civil Procedure 34, including, without limitation,

9    any "writing," "recording," or "photograph" as those terms are defined in Federal

10    Rule of Evidence 1001.  This shall include, but is not limited to:  e-mail, audio or

11    video recordings, correspondence, letters, phone messages, notes, memoranda,

12    facsimiles, publications, contracts, agreements, calendars, drafts of proposed

13    contracts or agreements, papers, and photographs.

14    2.    "COMMUNICATION" means all written, electronic, oral,

15    telephonic, gesture, or other transmission or exchange of information, including

16    without limitation any inquiry, request, dialogue, discussion, conversation,

17    interview, correspondence, letter, note, consultation, negotiation, agreement,

18    understanding, meeting, e-mail, and all DOCUMENTS evidencing any verbal or

19    nonverbal interaction between any individuals or entities.

20    3.    "REFER" or "RELATE" (or any conjugation thereof) means,

21    without limitation, evidence, reflect, summarize, constitute, contain, study,

22    analyze, explain, mention, show, discuss, describe, or comment upon.

23    4.    "OBTAIN" (or any conjugation thereof) means, without limitation,

24    acquire, attain, capture, come by, gain, garner, get, procure, or secure.

25    5.    "PERSON" means any natural person, firm, association, corporation,

26    partnership, or other legal entity or organization separately identifiable, and any

27    department(s) or division(s) therein.

28

PL.'S FIRST SET OF REQS. FOR
PRODUC. TO DEF. MARC TOBEROFF

**EXHIBIT C**

**17**

6.    "YOU" or "YOUR" means Marc Toberoff and, as applicable, any PERSON in which he has a controlling ownership interest or that is acting on his behalf, including but not limited to his/their agents, employees, attorneys, and representatives.

7.    "DEFENDANT" or "DEFENDANTS" means, collectively and severally, any defendant in the above-entitled action, including YOU; Pacific Pictures Corporation; IP Worldwide, LLC; IPW, LLC; Mark Warren Peary, on behalf of the Estate of Joseph Shuster; Jean Adele Peavy; Joanne Siegel; and Laura Siegel Larson and, as applicable, any PERSON acting on their behalf, including but not limited to their agents, employees, attorneys, and representatives.

8.    "SIEGEL HEIRS" means, collectively and severally, Joanne Siegel, Laura Siegel Larson, Dennis Larson, Michael Siegel, or any other executor, administrator, heir, relative, or representative of Jerome Siegel and, as applicable, any PERSON acting on their behalf, including but not limited to their agents, employees, attorneys, and representatives.

9.    "SHUSTER HEIRS" means, collectively and severally, the Estate of Joseph Shuster, Jean Adele Peavy, Mark Warren Peary, Dawn Peavy, Frank Shuster, or any other executor, administrator, heir, relative, or representative of Joseph Shuster and, as applicable, any PERSON acting on their behalf, including but not limited to their agents, employees, attorneys, and representatives.

10.    "SUPERMAN" means the Superman character as delineated in literary works such as comic books, newspapers, novels, radio programs, television programs, and motion pictures, and any of the works in which he appears, including but not limited to *Action Comics. No. 1*.

11.    "SUPERBOY" means the Superboy character as delineated in literary works such as comic books, newspapers, novels, radio programs,

**EXHIBIT C**

**18**

1  television programs, and motion pictures, and any of the works in which he

2  appears, including but not limited to *More Fun Comics No. 101.*

3      12.    "TOBEROFF TIMELINE" means the undated document titled

4  "Superman – Marc Toberoff Timeline," attached as Exhibit A to the First

5  Amended Complaint filed by plaintiff DC Comics on September 3, 2010 in the

6  above-entitled action.

7      13.    "TOBEROFF TIMELINE AUTHOR" means any PERSON who

8  YOU believe was involved in creating, writing, or transmitting the TOBEROFF

9  TIMELINE, and, as applicable, any PERSON acting on their behalf, including

10  but not limited to their agents, employees, attorneys, and representatives.

11      14.    "ALLEGED GRAND JURY INVESTIGATION" means the

12  proceeding YOU REFER to in paragraph 14 of the October 4, 2010 declaration

13  YOU submitted in the above-entitled action (Docket No. 99-1), which provides:

14          The theft of privileged documents from my law offices and their
15      transmittal with an anonymous cover letter, entitled the "Toberoff
        Timeline," to DC's in-house legal team, as well as to other executives
16      of DC's parent company, Warner Bros., by a former junior attorney at
        my firm, is the subject of an ongoing grand jury investigation initiated
17      by the United States Attorney for the Central District of California.

18      15.    "ALLEGED DISCIPLINARY ACTION" means the action

19  REFERRED to in an article titled "At Heart of Superman Suit, a Disappearing

20  Lawyer with a Grudge," published by the Am Law Daily on May 21, 2010,

21  purportedly based on a discussion with YOU, which states:

22          That the letter to Warner's included a note saying the timeline
        information could lead to Toberoff being "suspended" and "disgraced"
23      isn't something Toberoff takes lightly.  He says he expects to reveal
        the mysterious lawyer's identity as part of his broader response to the
24      Warner's suit.

25          Even more ominously, Toberoff says he is considering reporting
        the associate's actions to the California bar.
26
        16.    "INCLUDING" means "including, but not limited to."
27
        17.    "Any" and "All" are interchangeable.
28

PL.'S FIRST SET OF REQS. FOR
PRODUC. TO DEF. MARC TOBEROFF

**EXHIBIT C**
**19**

18.    The singular form includes the plural form, and vice versa.

19.    YOU are instructed to produce all DOCUMENTS that are responsive to these Requests and that are in YOUR possession, custody, or control.  A DOCUMENT is in YOUR "possession, custody, or control" if it is in YOUR physical possession, or if, as a practical matter, YOU have the ability, upon request, to OBTAIN possession of the DOCUMENT or a copy thereof from another person or entity that has physical possession of the DOCUMENT.

20.    If any DOCUMENT or category of DOCUMENTS is not produced in full, please state with particularity the reason or reasons it is not being produced in full, and describe, to the best of YOUR knowledge, information and belief, and with as much particularity as possible, the DOCUMENT or portions of the DOCUMENT that are not being produced.

21.    Each DOCUMENT is to be produced as it is kept in the usual course of business, including all file folders, binders, notebooks, and other devices by which such DOCUMENTS may be organized or separated.

22.    If YOU withhold any DOCUMENT, or portion of a DOCUMENT, on grounds that it is protected from discovery by the attorney-client privilege, work-product doctrine, or other privilege or immunity from discovery, please set forth, for each DOCUMENT or portion of a DOCUMENT withheld:

(a)    The place, approximate date, and manner of recording, creating or otherwise preparing the DOCUMENT;

(b)    The names and organization position, if any, of each author, sender, and recipient of the DOCUMENT;

(c)    A general description of the subject matter of the DOCUMENT;

(d)    The basis of any claim of privilege; and

(e)    If work-product is asserted, the proceeding for which the DOCUMENT was created.

PL.'S FIRST SET OF REQS. FOR
PRODUC. TO DEF. MARC TOBEROFF

**EXHIBIT C**
**20**

23.    For any DOCUMENT or category of DOCUMENTS that was, but no longer is, in YOUR possession, custody or control, please describe each such DOCUMENT as completely as possible and provide the following information:

   (a)    The reason the DOCUMENT is no longer in YOUR possession, custody or control;

   (b)    The person or entity, if any, who has possession, custody or control or, if unknown, so state; and

   (c)    If the DOCUMENT was destroyed or otherwise disposed of, state (i) the manner of disposal (*i.e.*, destruction, loss, discarding or other means of disposal); (ii) the date of disposal; (iii) the reason for disposal; (iv) the person authorizing disposal; (v) the person disposing of the DOCUMENT; and (vi) the name and address of the most recent custodian of the DOCUMENT.

24.    Each Request shall be construed independently and no Request shall be viewed as limiting the scope of any other Request.

25.    All responsive DOCUMENTS maintained or stored in electronic format shall be produced in native file format with all associated metadata preserved. All responsive DOCUMENTS maintained in hard copy shall be produced in TIFF.

26.    The collection and production of DOCUMENTS shall be performed in a manner that ensures that the source of each DOCUMENT may be determined, if necessary.

27.    DOCUMENTS attached to each other shall not be separated.

28.    These Requests impose a continuing obligation subsequent to YOUR initial production within thirty days of the service date of these Requests, or other date mutually agreed upon by the parties, to timely supplement YOUR response or production if YOU determine that YOUR response or production is incomplete or incorrect.

PL.'S FIRST SET OF REQS. FOR
PRODUC. TO DEF. MARC TOBEROFF

**EXHIBIT C**
**21**

**DOCUMENTS REQUESTED**

1.    All agreements between or among YOU and any DEFENDANT RELATING to the SIEGEL HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

2.    All agreements between or among YOU and any DEFENDANT RELATING to the SHUSTER HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

3.    All agreements between or among YOU and any DEFENDANT.

4.    All agreements between or among YOU and any third party RELATING to SUPERMAN and/or SUPERBOY.

5.    All DOCUMENTS RELATING to SUPERMAN and/or SUPERBOY.

6.    All DOCUMENTS OBTAINED by YOU prior to October 1, 2002, RELATING to negotiations between the SIEGEL HEIRS and DC Comics RELATING to SUPERMAN and/or SUPERBOY.

7.    All DOCUMENTS RELATING to the SIEGEL HEIRS OBTAINED by YOU prior to October 1, 2002.

8.    All DOCUMENTS RELATING to the SHUSTER HEIRS OBTAINED by YOU prior to YOUR initial contact with any of them.

9.    All DOCUMENTS RELATING to any of the DEFENDANTS OBTAINED by YOU prior to YOUR initial contact with each of them.

10.    All DOCUMENTS RELATING to your past, current, or potential ownership interest in any rights in SUPERMAN and/or SUPERBOY.

11.    All DOCUMENTS RELATING to YOUR ability to negotiate or enter into agreements regarding SUPERMAN and/or SUPERBOY.

12.    All DOCUMENTS RELATING to or affecting the disposition, division, or ownership of any rights in SUPERMAN and/or SUPERBOY.

13.    All DOCUMENTS RELATING to or affecting the division of revenue, proceeds, or other profits regarding SUPERMAN and/or SUPERBOY.

PL.'S FIRST SET OF REQS. FOR
PRODUC. TO DEF. MARC TOBEROFF

**EXHIBIT C**
**22**

14.    All DOCUMENTS RELATING to or affecting the division of any settlement proceeds regarding SUPERMAN and/or SUPERBOY.

15.    All DOCUMENTS RELATING to the potential sale, assignment, license, or other disposition of any rights RELATING to SUPERMAN and/or SUPERBOY, including but not limited to any solicitation, offer, option, or proposed agreement.

16.    All DOCUMENTS RELATING to any efforts YOU have made to sell, lease, license, or otherwise exploit any rights in SUPERMAN and/or SUPERBOY.

17.    All DOCUMENTS RELATING to any potential investors or other PERSONS who have expressed interest in purchasing or otherwise investing in any rights in SUPERMAN and/or SUPERBOY.

18.    All DOCUMENTS RELATING to the valuation of any past, current, or potential ownership interest in SUPERMAN and/or SUPERBOY.

19.    All DOCUMENTS RELATING to any internal or external investigation YOU participated in regarding the TOBEROFF TIMELINE AUTHOR and/or the TOBEROFF TIMELINE, including the findings of any such investigation.

20.    All DOCUMENTS RELATING to any COMMUNICATIONS YOU have had with the TOBEROFF TIMELINE AUTHOR since July 2006.

21.    All DOCUMENTS RELATING to the ALLEGED GRAND JURY INVESTIGATION.

22.    All DOCUMENTS RELATING to the ALLEGED DISCIPLINARY ACTION.

23.    All DOCUMENTS RELATING to any legal, administrative, or disciplinary action YOU have participated in regarding the TOBEROFF TIMELINE AUTHOR or the TOBEROFF TIMELINE, including any COMMUNICATIONS YOU have had with law enforcement or the state bar association.

- 7 -

1    24.    All DOCUMENTS RELATING to any COMMUNICATIONS YOU
2  have had with the SIEGEL HEIRS RELATED to the TOBEROFF TIMELINE
3  AUTHOR or the TOBEROFF TIMELINE.

4    25.    All DOCUMENTS RELATING to any COMMUNICATIONS YOU
5  have had with the SHUSTER HEIRS RELATED to the TOBEROFF TIMELINE
6  AUTHOR or the TOBEROFF TIMELINE.

7    26.    All DOCUMENTS RELATING to any COMMUNICATIONS YOU
8  have had with third parties RELATED to the TOBEROFF TIMELINE AUTHOR
9  or the TOBEROFF TIMELINE.

10    27.    All DOCUMENTS RELATING to YOUR introduction to the SIEGEL
11  HEIRS.

12    28.    All DOCUMENTS RELATING to YOUR introduction to the
13  SHUSTER HEIRS.

14    29.    All DOCUMENTS RELATING to the transfer of any property or
15  interest between or among YOU and any DEFENDANT.

16    30.    All COMMUNICATIONS RELATING to any disclosure of a potential
17  or actual conflict of interest by or to YOU or any DEFENDANT.

18    31.    All DOCUMENTS RELATING to any waiver or acknowledgement of
19  a potential or actual conflict of interest by or to YOU or any DEFENDANT.

20    32.    All DOCUMENTS RELATING to any past, current, or planned
21  partnership or strategic alliance between YOU and any individual or entity
22  RELATING to any DEFENDANT.

23    33.    All DOCUMENTS RELATING to any past, current, or planned
24  partnership or strategic alliance between YOU and any individual or entity
25  RELATING to any intellectual property rights.

26    34.    All DOCUMENTS RELATING to the letter agreement dated
27  November 23, 2001 that YOU signed with the SHUSTER HEIRS.

28    35.    All DOCUMENTS RELATING to Ari Emanuel.

PL.'S FIRST SET OF REQS. FOR
PRODUC. TO DEF. MARC TOBEROFF

**EXHIBIT C**
**24**

36.    All DOCUMENTS RELATING to any COMMUNICATIONS with Ari Emanuel.

37.    All DOCUMENTS RELATING to the Memorandum of Agreement dated February 2, 2002 that YOU signed with Ari Emanuel.

38.    All DOCUMENTS RELATING to any contributions by YOU to the IP Worldwide joint venture dated February 2, 2002 between DEFENDANT Pacific Pictures Corporation and Ari Emanuel.

39.    All DOCUMENTS RELATING to YOUR identification of "JS Claims" in Appendix 1 to the February 2, 2002 Memorandum of Agreement.

40.    All DOCUMENTS RELATING to the letter agreement dated October 27, 2003 that YOU signed with the SHUSTER HEIRS.

41.    All DOCUMENTS RELATING to the letter dated September 10, 2004 that YOU signed with the SHUSTER HEIRS.

42.    All DOCUMENTS RELATING to any COMMUNICATION between YOU and Kevin Marks.

43.    All DOCUMENTS RELATING to any COMMUNICATION RELATING to the "Declaration of Kevin S. Marks in Support of Toberoff Defendants' Reply Memorandum in Support of Motion to Strike Plaintiff's State Law Causes of Action Pursuant to California's Anti-SLAPP Law (Cal. Code Civ. Proc. § 425,16)" filed in the above-entitled action on October 4, 2010 (Docket No. 98-3), including any and all drafts of that declaration and any and all DOCUMENTS reflecting the contents of that declaration.

44.    All DOCUMENTS RELATING to the letter dated August 9, 2002 from Kevin Marks to Joanne and/or Laura Siegel.

45.    All DOCUMENTS RELATING to any COMMUNICATION between YOU and Don Bulson RELATING to the rights in SUPERMAN and/or SUPERBOY.

EXHIBIT C
25

46.    All DOCUMENTS RELATING to any COMMUNICATION between YOU and Michael Siegel RELATING to the rights in SUPERMAN and/or SUPERBOY.

47.    All DOCUMENTS RELATING to any COMMUNICATION between YOU and Warner Bros. executive Steven Spira regarding the rights in SUPERMAN and/or SUPERBOY.

48.    All DOCUMENTS RELATING to any COMMUNICATION between or among Laura Siegel Larson and Michael Siegel.

49.    All DOCUMENTS RELATING to YOUR involvement with or awareness of the May 9, 2002 letter from DEFENDANT Joanne Siegel to Time Warner Inc.

50.    All DOCUMENTS RELATING to YOUR involvement with or awareness of the September 21, 2002 letter from DEFENDANTS Joanne Siegel and Laura Siegel Larson to Kevin Marks.

51.    All DOCUMENTS RELATING to YOUR involvement with or awareness of the September 21, 2002 letter from DEFENDANTS Joanne Siegel and Laura Siegel Larson to DC Comics.

52.    All DOCUMENTS RELATING to the letter agreement dated October 3, 2002 that YOU signed on behalf of DEFENDANT IP Worldwide, LLC, and any revisions, modifications, or adjustments thereto.

53.    All DOCUMENTS RELATING to the Notice of Termination of Transfer Covering Extended Renewal Term:  Superboy served on behalf of the SIEGEL HEIRS on or around November 8, 2002.

54.    All DOCUMENTS RELATING to the Transfer Covering Extended Copyright Renewal Term of "Superman" served on behalf of the Estate of Joseph Shuster on November 10, 2003.

55.    All DOCUMENTS RELATING to any COMMUNICATIONS you have initiated with holders of putative copyright termination rights in connection

PL.'S FIRST SET OF REQS. FOR
PRODUC. TO DEF. MARC TOBEROFF

**EXHIBIT C**
**26**

1  with your encouraging them to exercise such copyright termination right, whether
2  or not such right was ever exercised.

3      56.    All DOCUMENTS RELATING to your role and ownership interest in
4  Pacific Pictures Corporation, including, articles of organization, operating
5  agreements, minutes, capital tables or other DOCUMENTS evidencing capital
6  accounts or capital structure, filings, income statements, business plans, etc.

7      57.    All DOCUMENTS RELATING to your role and ownership interest in
8  IP Worldwide LLC, including, articles of organization, operating agreements,
9  minutes, capital tables or other DOCUMENTS evidencing capital accounts or
10 capital structure, filings, income statements, business plans, etc.

11     58.    All DOCUMENTS RELATING to your role and ownership interest in
12 IPW, LLC, including, articles of organization, operating agreements, minutes,
13 capital tables or other DOCUMENTS evidencing capital accounts or capital
14 structure, filings, income statements, business plans, etc.

15     59.    All DOCUMENTS RELATING to any claim of insurance you have
16 asserted regarding this action.

17     60.    All DOCUMENTS RELATING to YOUR DOCUMENT maintenance
18 and retention policies.

19

20 Dated:  December 10, 2010                Respectfully submitted,

21                                          O'MELVENY & MYERS LLP

22                                          By: _____

23                                              Daniel M. Petrocelli

24                                          Attorneys for Plaintiff DC Comics

25

26

27

28

- 11 -

PL.'S FIRST SET OF REQS. FOR
PRODUC. TO DEF. MARC TOBEROFF

**EXHIBIT C**
**27**

1   DANIEL M. PETROCELLI (S.B. #97802)
       dpetrocelli@omm.com
2   MATTHEW T. KLINE (S.B. #211640)
       mkline@omm.com
3   CASSANDRA L. SETO (S.B. #246608)
       cseto@omm.com
4   O'MELVENY & MYERS LLP
    1999 Avenue of the Stars, 7th Floor
5   Los Angeles, CA 90067-6035
    Telephone:  (310) 553-6700
6   Facsimile:   (310) 246-6779

7   PATRICK T. PERKINS (admitted *pro hac vice*)
       pperkins@ptlaw.com
8   PERKINS LAW OFFICE, P.C.
    1711 Route 9D
9   Cold Spring, NY 10516
    Telephone:  (845) 265-2820
10  Facsimile:   (845) 265-2819

11  Attorneys for Plaintiff DC Comics

12                  UNITED STATES DISTRICT COURT

13                 CENTRAL DISTRICT OF CALIFORNIA

14  DC COMICS,                          Case No. CV-10-3633 ODW (RZx)

15                  Plaintiff,          **DISCOVERY MATTER**

16      v.                              **PLAINTIFF DC COMICS' FIRST
                                        SET OF REQUESTS FOR
17  PACIFIC PICTURES                    PRODUCTION TO DEFENDANT
    CORPORATION, IP WORLDWIDE,          IP WORLDWIDE, LLC**
18  LLC, IPW, LLC, MARC TOBEROFF,
    an individual, MARK WARREN          **Judge**:  Hon. Otis D. Wright II
19  PEARY, as personal representative of  **Magistrate**:  Hon. Ralph Zarefsky
    the ESTATE OF JOSEPH SHUSTER,
20  JEAN ADELE PEAVY, an individual,
    JOANNE SIEGEL, an individual,
21  LAURA SIEGEL LARSON, an
    individual, and DOES 1-10, inclusive,
22
23                  Defendants.

24

25  **PROPOUNDING PARTY**:    Plaintiff DC Comics

26  **RESPONDING PARTY**:     Defendant IP Worldwide, LLC

27  **SET NUMBER**:           One (Document Request Nos. 1-39)

28

                                   PL.'S FIRST SET OF REQS. FOR
                                   PRODUC. TO DEF. IP WORLDWIDE, LLC

                          **EXHIBIT C**
                              **28**

Pursuant to Federal Rule of Civil Procedure 34, plaintiff DC Comics hereby requests that defendant IP Worldwide, LLC produce for inspection and copying all documents described in the following Requests for Production, in accordance with the definitions and instructions contained therein, by no later than January 10, 2011.

## DEFINITIONS AND INSTRUCTIONS

1.    "DOCUMENT" shall be interpreted in its broadest sense to include any and all "documents" and "other tangible things" as those terms are understood in Federal Rule of Civil Procedure 34, including, without limitation, any "writing," "recording," or "photograph" as those terms are defined in Federal Rule of Evidence 1001. This shall include, but is not limited to: e-mail, audio or video recordings, correspondence, letters, phone messages, notes, memoranda, facsimiles, publications, contracts, agreements, calendars, drafts of proposed contracts or agreements, papers, and photographs.

2.    "COMMUNICATION" means all written, electronic, oral, telephonic, gesture, or other transmission or exchange of information, including without limitation any inquiry, request, dialogue, discussion, conversation, interview, correspondence, letter, note, consultation, negotiation, agreement, understanding, meeting, e-mail, and all DOCUMENTS evidencing any verbal or nonverbal interaction between any individuals or entities.

3.    "REFER" or "RELATE" (or any conjugation thereof) means, without limitation, evidence, reflect, summarize, constitute, contain, study, analyze, explain, mention, show, discuss, describe, or comment upon.

4.    "OBTAIN" (or any conjugation thereof) means, without limitation, acquire, attain, capture, come by, gain, garner, get, procure, or secure.

5.    "PERSON" means any natural person, firm, association, corporation, partnership, or other legal entity or organization separately identifiable, and any department(s) or division(s) therein.

- 1 -

PL.'S FIRST SET OF REQS. FOR
PRODUC. TO DEF. IP WORLDWIDE, LLC

**EXHIBIT C**
**29**

6.     "YOU" or "YOUR" or "IP WORLDWIDE" means IP Worldwide, LLC and, as applicable, any PERSON in which it has a controlling ownership interest or that is acting on its behalf, including but not limited to its agents, employees, attorneys, and representatives.

7.     "DEFENDANT" or "DEFENDANTS" means, collectively and severally, any defendant in the above-entitled action, including YOU; Pacific Pictures Corporation; IPW, LLC; Marc Toberoff; Mark Warren Peary, on behalf of the Estate of Joseph Shuster; Jean Adele Peavy; Joanne Siegel; and Laura Siegel Larson and, as applicable, any PERSON acting on their behalf, including but not limited to their agents, employees, attorneys, and representatives.

8.     "SIEGEL HEIRS" means, collectively and severally, Joanne Siegel, Laura Siegel Larson, Dennis Larson, Michael Siegel, or any other executor, administrator, heir, relative, or representative of Jerome Siegel and, as applicable, any PERSON acting on their behalf, including but not limited to their agents, employees, attorneys, and representatives.

9.     "SHUSTER HEIRS" means, collectively and severally, the Estate of Joseph Shuster, Jean Adele Peavy, Mark Warren Peary, Dawn Peavy, Frank Shuster, or any other executor, administrator, heir, relative, or representative of Joseph Shuster and, as applicable, any PERSON acting on their behalf, including but not limited to their agents, employees, attorneys, and representatives.

10.    "SUPERMAN" means the Superman character as delineated in literary works such as comic books, newspapers, novels, radio programs, television programs, and motion pictures, and any of the works in which he appears, including but not limited to *Action Comics. No. 1.*

11.    "SUPERBOY" means the Superboy character as delineated in literary works such as comic books, newspapers, novels, radio programs, television programs, and motion pictures, and any of the works in which he appears, including but not limited to *More Fun Comics No. 101.*

**EXHIBIT C**
**30**

1    12.    "INCLUDING" means "including, but not limited to."

2    13.    "Any" and "All" are interchangeable.

3    14.    The singular form includes the plural form, and vice versa.

4    15.    YOU are instructed to produce all DOCUMENTS that are responsive

5    to these Requests and that are in YOUR possession, custody, or control.  A

6    DOCUMENT is in YOUR "possession, custody, or control" if it is in YOUR

7    physical possession, or if, as a practical matter, YOU have the ability, upon

8    request, to OBTAIN possession of the DOCUMENT or a copy thereof from

9    another person or entity that has physical possession of the DOCUMENT.

10    16.    If any DOCUMENT or category of DOCUMENTS is not produced

11    in full, please state with particularity the reason or reasons it is not being

12    produced in full, and describe, to the best of YOUR knowledge, information and

13    belief, and with as much particularity as possible, the DOCUMENT or portions of

14    the DOCUMENT that are not being produced.

15    17.    Each DOCUMENT is to be produced as it is kept in the usual course

16    of business, including all file folders, binders, notebooks, and other devices by

17    which such DOCUMENTS may be organized or separated.

18    18.    If YOU withhold any DOCUMENT, or portion of a DOCUMENT,

19    on grounds that it is protected from discovery by the attorney-client privilege,

20    work-product doctrine, or other privilege or immunity from discovery, please set

21    forth, for each DOCUMENT or portion of a DOCUMENT withheld:

22        (a)    The place, approximate date, and manner of recording, creating

23            or otherwise preparing the DOCUMENT;

24        (b)    The names and organization position, if any, of each author,

25            sender, and recipient of the DOCUMENT;

26        (c)    A general description of the subject matter of the DOCUMENT;

27        (d)    The basis of any claim of privilege; and

28

PL.'S FIRST SET OF REQS. FOR
PRODUC. TO DEF. IP WORLDWIDE, LLC

**EXHIBIT C**
**31**

1           (e)    If work-product is asserted, the proceeding for which the

2                   DOCUMENT was created.

3       19.    For any DOCUMENT or category of DOCUMENTS that was, but

4    no longer is, in YOUR possession, custody or control, please describe each such

5    DOCUMENT as completely as possible and provide the following information:

6           (a)    The reason the DOCUMENT is no longer in YOUR possession,

7                   custody or control;

8           (b)    The person or entity, if any, who has possession, custody or

9                   control or, if unknown, so state; and

10          (c)    If the DOCUMENT was destroyed or otherwise disposed of,

11                  state (i) the manner of disposal (*i.e.*, destruction, loss, discarding

12                  or other means of disposal); (ii) the date of disposal; (iii) the

13                  reason for disposal; (iv) the person authorizing disposal; (v) the

14                  person disposing of the DOCUMENT; and (vi) the name and

15                  address of the most recent custodian of the DOCUMENT.

16      20.    Each Request shall be construed independently and no Request shall

17   be viewed as limiting the scope of any other Request.

18      21.    All responsive DOCUMENTS maintained or stored in electronic

19   format shall be produced in native file format with all associated metadata

20   preserved.  All responsive DOCUMENTS maintained in hard copy shall be

21   produced in TIFF.

22      22.    The collection and production of DOCUMENTS shall be performed

23   in a manner that ensures that the source of each DOCUMENT may be

24   determined, if necessary.

25      23.    DOCUMENTS attached to each other shall not be separated.

26      24.    These Requests impose a continuing obligation subsequent to YOUR

27   initial production within thirty days of the service date of these Requests, or other

28   date mutually agreed upon by the parties, to timely supplement YOUR response

PL.'S FIRST SET OF REQS. FOR
PRODUC. TO DEF. IP WORLDWIDE, LLC

**EXHIBIT C**
**32**

1 | or production if YOU determine that YOUR response or production is incomplete
2 | or incorrect.

### DOCUMENTS REQUESTED

4 |     1.    All agreements between or among YOU and any DEFENDANT
5 | RELATING to the SIEGEL HEIRS' purported rights in SUPERMAN and/or
6 | SUPERBOY.

7 |     2.    All agreements between or among YOU and any DEFENDANT
8 | RELATING to the SHUSTER HEIRS' purported rights in SUPERMAN and/or
9 | SUPERBOY.

10 |     3.    All agreements between or among YOU and any third party
11 | RELATING to the SIEGEL HEIRS' purported rights in SUPERMAN and/or
12 | SUPERBOY.

13 |     4.    All agreements between or among YOU and any third party
14 | RELATING to the SHUSTER HEIRS' purported rights in SUPERMAN and/or
15 | SUPERBOY.

16 |     5.    All DOCUMENTS RELATING to SUPERMAN and/or SUPERBOY.

17 |     6.    All DOCUMENTS RELATING to the SIEGEL HEIRS.

18 |     7.    All DOCUMENTS RELATING to the SHUSTER HEIRS.

19 |     8.    All DOCUMENTS RELATING to YOUR ability to negotiate or enter
20 | into agreements regarding SUPERMAN and/or SUPERBOY.

21 |     9.    All DOCUMENTS RELATING to or affecting the disposition,
22 | division, or ownership of any rights in SUPERMAN and/or SUPERBOY.

23 |     10.    All DOCUMENTS RELATING to or affecting the division of revenue,
24 | proceeds, or other profits regarding SUPERMAN and/or SUPERBOY.

25 |     11.    All DOCUMENTS RELATING to or affecting the division of any
26 | settlement proceeds regarding SUPERMAN and/or SUPERBOY.

27 |     12.    All DOCUMENTS RELATING to the potential sale, assignment,
28 | license, or other disposition of any rights RELATING to SUPERMAN and/or

PL.'S FIRST SET OF REQS. FOR
PRODUC. TO DEF. IP WORLDWIDE, LLC

**EXHIBIT C**
**33**

1    SUPERBOY, including but not limited to any solicitation, offer, option, or

2    proposed agreement.

3        13.    All DOCUMENTS RELATING to any efforts YOU have made to sell,

4    lease, license, or otherwise exploit any rights in SUPERMAN and/or SUPERBOY.

5        14.    All DOCUMENTS RELATING to any potential investors or other

6    PERSONS who have expressed interest in purchasing or otherwise investing in any

7    rights in SUPERMAN and/or SUPERBOY.

8        15.    All DOCUMENTS RELATING to the valuation of any past, current,

9    or potential ownership interest in SUPERMAN and/or SUPERBOY.

10       16.    All COMMUNICATIONS RELATING to any disclosure of a potential

11   or actual conflict of interest by or to YOU or any DEFENDANT.

12       17.    All DOCUMENTS RELATING to any waiver or acknowledgement of

13   a potential or actual conflict of interest by or to YOU or any DEFENDANT.

14       18.    All DOCUMENTS RELATING to YOUR introduction to and

15   involvement with the SIEGEL HEIRS.

16       19.    All DOCUMENTS RELATING to YOUR introduction to and

17   involvement with the SHUSTER HEIRS.

18       20.    All DOCUMENTS RELATING to the transfer of any property or

19   interest from IP WORLDWIDE to IPW, LLC.

20       21.    All DOCUMENTS RELATING to YOUR assertion in the

21   Certification of Interested Parties filed on YOUR behalf in the above-entitled case

22   on July 15, 2010 that YOU have "no pecuniary interest in the matters that are the

23   subject of Plaintiff's Third and Sixth Causes of action."

24       22.    All DOCUMENTS RELATING to Ari Emanuel.

25       23.    All DOCUMENTS RELATING to any COMMUNICATIONS with

26   Ari Emanuel.

27

28

- 6 -

PL.'S FIRST SET OF REQS. FOR
PRODUC. TO DEF. IP WORLDWIDE, LLC

**EXHIBIT C**

**34**

24. All DOCUMENTS RELATING to the Memorandum of Agreement purporting to create the IP WORLDWIDE joint venture dated February 2, 2002 between DEFENDANT Pacific Pictures Corporation and Ari Emanuel.

25. All DOCUMENTS RELATING to the contributions of DEFENDANTS Marc Toberoff and Pacific Pictures Corporation to IP WORLDWIDE.

26. All DOCUMENTS RELATING to the identification of "JS Claims" in Appendix 1 to the February 2, 2002 Memorandum of Agreement.

27. All DOCUMENTS RELATING to the letter agreement dated October 3, 2002—and any revisions, modifications, or adjustments thereto—that IP WORLDWIDE signed with the SIEGEL HEIRS.

28. All DOCUMENTS RELATING to the identification of IP WORLDWIDE on the Document Cover Sheet for Recordation of Documents filed with the Transfer Covering Extended Copyright Renewal Term of "Superman" served on behalf of the Estate of Joseph Shuster on November 10, 2003.

29. All DOCUMENTS RELATING to the formation of IP WORLDWIDE.

30. All DOCUMENTS RELATING to the current corporate status of IP WORLDWIDE.

31. All DOCUMENTS RELATING to the past and current ownership and management structure of IP WORLDWIDE, including operating agreements, capitalization schedules, capital accounts, filings, K-1s, and other financial forms.

32. All DOCUMENTS RELATING to any past, current, or planned business activity of IP WORLDWIDE.

33. All DOCUMENTS RELATING to any past, current, or planned property in which IP WORLDWIDE held, holds, or will hold an interest.

34. All DOCUMENTS RELATING to any individual or entity that currently holds property or interests formerly held by IP WORLDWIDE.

PL.'S FIRST SET OF REQS. FOR
PRODUC. TO DEF. IP WORLDWIDE, LLC

**EXHIBIT C**

**35**

1     35.    All DOCUMENTS RELATING to any past, current, or planned client

2  of IP WORLDWIDE.

3     36.    All DOCUMENTS RELATING to any past or current member,

4  employee, or shareholder of IP WORLDWIDE.

5     37.    All DOCUMENTS RELATING to any past, current, or planned

6  partnership or strategic alliance between IP WORLDWIDE and any individual or

7  entity.

8     38.    All DOCUMENTS RELATING to any claim of insurance you have

9  asserted regarding this action.

10     39.    All DOCUMENTS RELATING to YOUR DOCUMENT maintenance

11  and retention policies.

12

13  Dated:  December 10, 2010             Respectfully submitted,

14                                        O'MELVENY & MYERS LLP

15

16  By: _____

                                          Daniel M. Petrocelli

17                                        Attorneys for Plaintiff DC Comics

18

19

20  CC1:840152

21

22

23

24

25

26

27

28

PL.'S FIRST SET OF REQS. FOR
PRODUC. TO DEF. IP WORLDWIDE, LLC

**EXHIBIT C**
**36**

1  DANIEL M. PETROCELLI (S.B. #97802)
    dpetrocelli@omm.com
2  MATTHEW T. KLINE (S.B. #211640)
    mkline@omm.com
3  CASSANDRA L. SETO (S.B. #246608)
    cseto@omm.com
4  O'MELVENY & MYERS LLP
   1999 Avenue of the Stars, 7th Floor
5  Los Angeles, CA 90067-6035
   Telephone:  (310) 553-6700
6  Facsimile:   (310) 246-6779

7  PATRICK T. PERKINS (admitted *pro hac vice*)
    pperkins@ptplaw.com
8  PERKINS LAW OFFICE, P.C.
   1711 Route 9D
9  Cold Spring, NY 10516
   Telephone:  (845) 265-2820
10 Facsimile:   (845) 265-2819

11 Attorneys for Plaintiff DC Comics

12                     UNITED STATES DISTRICT COURT

13                     CENTRAL DISTRICT OF CALIFORNIA

14

15 DC COMICS,                          Case No. CV-10-3633 ODW (RZx)

16            Plaintiff,               **DISCOVERY MATTER**

17     v.                              **PLAINTIFF DC COMICS' FIRST
                                       SET OF REQUESTS FOR
18 PACIFIC PICTURES                    PRODUCTION TO DEFENDANT
   CORPORATION, IP WORLDWIDE,          IPW, LLC**
19 LLC, IPW, LLC, MARC TOBEROFF,
   an individual, MARK WARREN          **Judge**:  Hon. Otis D. Wright II
20 PEARY, as personal representative of **Magistrate**:  Hon. Ralph Zarefsky
   the ESTATE OF JOSEPH SHUSTER,
21 JEAN ADELE PEAVY, an individual,
   JOANNE SIEGEL, an individual,
22 LAURA SIEGEL LARSON, an
   individual, and DOES 1-10, inclusive,
23
            Defendants.
24

25 **PROPOUNDING PARTY**:       Plaintiff DC Comics

26 **RESPONDING PARTY**:        Defendant IPW, LLC

27 **SET NUMBER**:              One (Document Request Nos. 1-34)

28
                                       PL.'S FIRST SET OF REQS. FOR
                                       PRODUC. TO DEF. IPW, LLC

                      **EXHIBIT C**

1    Pursuant to Federal Rule of Civil Procedure 34, plaintiff DC Comics hereby

2    requests that defendant IPW, LLC produce for inspection and copying all

3    documents described in the following Requests for Production, in accordance with

4    the definitions and instructions contained therein, by no later than January 10, 2011.

5    **DEFINITIONS AND INSTRUCTIONS**

6    1.    "DOCUMENT" shall be interpreted in its broadest sense to include

7    any and all "documents" and "other tangible things" as those terms are

8    understood in Federal Rule of Civil Procedure 34, including, without limitation,

9    any "writing," "recording," or "photograph" as those terms are defined in Federal

10    Rule of Evidence 1001.  This shall include, but is not limited to:  e-mail, audio or

11    video recordings, correspondence, letters, phone messages, notes, memoranda,

12    facsimiles, publications, contracts, agreements, calendars, drafts of proposed

13    contracts or agreements, papers, and photographs.

14    2.    "COMMUNICATION" means all written, electronic, oral,

15    telephonic, gesture, or other transmission or exchange of information, including

16    without limitation any inquiry, request, dialogue, discussion, conversation,

17    interview, correspondence, letter, note, consultation, negotiation, agreement,

18    understanding, meeting, e-mail, and all DOCUMENTS evidencing any verbal or

19    nonverbal interaction between any individuals or entities.

20    3.    "REFER" or "RELATE" (or any conjugation thereof) means,

21    without limitation, evidence, reflect, summarize, constitute, contain, study,

22    analyze, explain, mention, show, discuss, describe, or comment upon.

23    4.    "OBTAIN" (or any conjugation thereof) means, without limitation,

24    acquire, attain, capture, come by, gain, garner, get, procure, or secure.

25    5.    "PERSON" means any natural person, firm, association, corporation,

26    partnership, or other legal entity or organization separately identifiable, and any

27    department(s) or division(s) therein.

28

PL.'S FIRST SET OF REQS. FOR
PRODUC. TO DEF. IPW, LLC

**EXHIBIT C**
**38**

6.    "YOU" or "YOUR" or "IPW" means IPW, LLC and, as applicable, any PERSON in which it has a controlling interest or that is acting on its behalf, including but not limited to its agents, employees, attorneys, and representatives.

7.    "DEFENDANT" or "DEFENDANTS" means, collectively and severally, any defendant in the above-entitled action, including YOU; Pacific Pictures Corporation; IP Worldwide, LLC; Marc Toberoff; Mark Warren Peary, on behalf of the Estate of Joseph Shuster; Jean Adele Peavy; Joanne Siegel; and Laura Siegel Larson and, as applicable, any PERSON acting on their behalf, including but not limited to their agents, employees, attorneys, and representatives.

8.    "SIEGEL HEIRS" means, collectively and severally, Joanne Siegel, Laura Siegel Larson, Dennis Larson, Michael Siegel, or any other executor, administrator, heir, relative, or representative of Jerome Siegel and, as applicable, any PERSON acting on their behalf, including but not limited to their agents, employees, attorneys, and representatives.

9.    "SHUSTER HEIRS" means, collectively and severally, the Estate of Joseph Shuster, Jean Adele Peavy, Mark Warren Peary, Dawn Peavy, Frank Shuster, or any other executor, administrator, heir, relative, or representative of Joseph Shuster and, as applicable, any PERSON acting on their behalf, including but not limited to their agents, employees, attorneys, and representatives.

10.    "SUPERMAN" means the Superman character as delineated in literary works such as comic books, newspapers, novels, radio programs, television programs, and motion pictures, and any of the works in which he appears, including but not limited to *Action Comics. No. 1*.

11.    "SUPERBOY" means the Superboy character as delineated in literary works such as comic books, newspapers, novels, radio programs, television programs, and motion pictures, and any of the works in which he appears, including but not limited to *More Fun Comics No. 101*.

PL.'S FIRST SET OF REQS. FOR
PRODUC. TO DEF. IPW, LLC

**EXHIBIT C**
**39**

1    12.    "INCLUDING" means "including, but not limited to."

2    13.    "Any" and "All" are interchangeable.

3    14.    The singular form includes the plural form, and vice versa.

4    15.    YOU are instructed to produce all DOCUMENTS that are responsive

5    to these Requests and that are in YOUR possession, custody, or control.  A

6    DOCUMENT is in YOUR "possession, custody, or control" if it is in YOUR

7    physical possession, or if, as a practical matter, YOU have the ability, upon

8    request, to obtain possession of the DOCUMENT or a copy thereof from another

9    person or entity that has physical possession of the DOCUMENT.

10    16.    If any DOCUMENT or category of DOCUMENTS is not produced

11    in full, please state with particularity the reason or reasons it is not being

12    produced in full, and describe, to the best of YOUR knowledge, information and

13    belief, and with as much particularity as possible, the DOCUMENT or portions of

14    the DOCUMENT that are not being produced.

15    17.    Each DOCUMENT is to be produced as it is kept in the usual course

16    of business, including all file folders, binders, notebooks, and other devices by

17    which such DOCUMENTS may be organized or separated.

18    18.    If YOU withhold any DOCUMENT, or portion of a DOCUMENT,

19    on grounds that it is protected from discovery by the attorney-client privilege,

20    work-product doctrine, or other privilege or immunity from discovery, please set

21    forth, for each DOCUMENT or portion of a DOCUMENT withheld:

22        (a)    The place, approximate date, and manner of recording, creating

23               or otherwise preparing the DOCUMENT;

24        (b)    The names and organization position, if any, of each author,

25               sender, and recipient of the DOCUMENT;

26        (c)    A general description of the subject matter of the DOCUMENT;

27        (d)    The basis of any claim of privilege; and

28

- 3 -

(e)     If work-product is asserted, the proceeding for which the DOCUMENT was created.

19.     For any DOCUMENT or category of DOCUMENTS that was, but no longer is, in YOUR possession, custody or control, please describe each such DOCUMENT as completely as possible and provide the following information:

(a)     The reason the DOCUMENT is no longer in YOUR possession, custody or control;

(b)     The person or entity, if any, who has possession, custody or control or, if unknown, so state; and

(c)     If the DOCUMENT was destroyed or otherwise disposed of, state (i) the manner of disposal (*i.e.*, destruction, loss, discarding or other means of disposal); (ii) the date of disposal; (iii) the reason for disposal; (iv) the person authorizing disposal; (v) the person disposing of the DOCUMENT; and (vi) the name and address of the most recent custodian of the DOCUMENT.

20.     Each Request shall be construed independently and no Request shall be viewed as limiting the scope of any other Request.

21.     All responsive DOCUMENTS maintained or stored in electronic format shall be produced in native file format with all associated metadata preserved.  All responsive DOCUMENTS maintained in hard copy shall be produced in TIFF.

22.     The collection and production of DOCUMENTS shall be performed in a manner that ensures that the source of each DOCUMENT may be determined, if necessary.

23.     DOCUMENTS attached to each other shall not be separated.

24.     These Requests impose a continuing obligation subsequent to YOUR initial production within thirty days of the service date of these Requests, or other date mutually agreed upon by the parties, to timely supplement YOUR response

- 4 -

PL.'S FIRST SET OF REQS. FOR
PRODUC. TO DEF. IPW, LLC

**EXHIBIT C**
**41**

or production if YOU determine that YOUR response or production is incomplete or incorrect.

### **DOCUMENTS REQUESTED**

1.    All agreements between or among YOU and any DEFENDANT RELATING to the SIEGEL HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

2.    All agreements between or among YOU and any DEFENDANT RELATING to the SHUSTER HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

3.    All agreements between or among YOU and any third party RELATING to the SIEGEL HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

4.    All agreements between or among YOU and any third party RELATING to the SHUSTER HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

5.    All DOCUMENTS RELATING to SUPERMAN and/or SUPERBOY.

6.    All DOCUMENTS RELATING to the SIEGEL HEIRS.

7.    All DOCUMENTS RELATING to the SHUSTER HEIRS.

8.    All DOCUMENTS RELATING to YOUR ability to negotiate or enter into agreements regarding SUPERMAN and/or SUPERBOY.

9.    All DOCUMENTS RELATING to or affecting the disposition, division, or ownership of any rights in SUPERMAN and/or SUPERBOY.

10.    All DOCUMENTS RELATING to or affecting the division of revenue, proceeds, or other profits regarding SUPERMAN and/or SUPERBOY.

11.    All DOCUMENTS RELATING to or affecting the division of any settlement proceeds regarding SUPERMAN and/or SUPERBOY.

12.    All DOCUMENTS RELATING to the potential sale, assignment, license, or other disposition of any rights relating to SUPERMAN and/or

PL.'S FIRST SET OF REQS. FOR
PRODUC. TO DEF. IPW, LLC

**EXHIBIT C**
**42**

1    SUPERBOY, including but not limited to any solicitation, offer, option, or
2    proposed agreement.
3        13.    All DOCUMENTS RELATING to any efforts YOU have made to sell,
4    lease, license, or otherwise exploit any rights in SUPERMAN and/or SUPERBOY.
5        14.    All DOCUMENTS RELATING to any potential investors or other
6    PERSONS who have expressed interest in purchasing or otherwise investing in any
7    rights in SUPERMAN and/or SUPERBOY.
8        15.    All DOCUMENTS RELATING to the valuation of any past, current,
9    or potential ownership interest in SUPERMAN and/or SUPERBOY.
10        16.    All COMMUNICATIONS RELATING to any disclosure of a potential
11    or actual conflict of interest by or to YOU or any DEFENDANT.
12        17.    All DOCUMENTS RELATING to any waiver or acknowledgement of
13    a potential or actual conflict of interest by or to YOU or any DEFENDANT.
14        18.    All DOCUMENTS RELATING to YOUR introduction to and
15    involvement with the SIEGEL HEIRS.
16        19.    All DOCUMENTS RELATING to YOUR introduction to and
17    involvement with the SHUSTER HEIRS.
18        20.    All DOCUMENTS RELATING to the transfer of any property or
19    interest from DEFENDANT IP Worldwide, LLC to IPW.
20        21.    All DOCUMENTS RELATING to YOUR assertion in the
21    Certification of Interested Parties filed on YOUR behalf in the above-entitled case
22    on July 15, 2010 that YOU have "no pecuniary interest in the matters that are the
23    subject of Plaintiff's Third and Sixth Causes of action."
24        22.    All DOCUMENTS RELATING to Ari Emanuel.
25        23.    All DOCUMENTS RELATING to any COMMUNICATIONS with
26    Ari Emanuel.
27        24.    All DOCUMENTS RELATING to the formation of IPW.
28        25.    All DOCUMENTS RELATING to the current corporate status of IPW.

PL.'S FIRST SET OF REQS. FOR
PRODUC. TO DEF. IPW, LLC

**EXHIBIT C**
**43**

26.    All DOCUMENTS RELATING to the past and current ownership and management structure of IPW, including operating agreements, capitalization schedules, capital accounts, filings, and other financial forms.

27.    All DOCUMENTS RELATING to any past, current, or planned business activity of IPW.

28.    All DOCUMENTS RELATING to any past, current, or planned property in which IPW held, holds, or will hold an interest.

29.    All DOCUMENTS RELATING to any individual or entity that currently holds property or interests formerly held by IPW.

30.    All DOCUMENTS RELATING to any past, current, or planned client of IPW.

31.    All DOCUMENTS RELATING to any past or current member, employee, or shareholder of IPW.

32.    All DOCUMENTS RELATING to any past, current, or planned partnership or strategic alliance between IPW and any individual or entity.

33.    All DOCUMENTS RELATING to any claim of insurance you have asserted regarding this action.

34.    All DOCUMENTS RELATING to YOUR DOCUMENT maintenance and retention policies.

Dated:  December 10, 2010

Respectfully submitted,

O'MELVENY & MYERS LLP

By: _____

Daniel M. Petrocelli

Attorneys for Plaintiff DC Comics

CCI:840149

- 7 -

**EXHIBIT C**

**44**

1   DANIEL M. PETROCELLI (S.B. #97802)
       dpetrocelli@omm.com
2   MATTHEW T. KLINE (S.B. #211640)
       mkline@omm.com
3   CASSANDRA L. SETO (S.B. #246608)
       cseto@omm.com
4   O'MELVENY & MYERS LLP
    1999 Avenue of the Stars, 7th Floor
5   Los Angeles, CA 90067-6035
    Telephone:  (310) 553-6700
6   Facsimile:   (310) 246-6779

7   PATRICK T. PERKINS (admitted *pro hac vice*)
       pperkins@ptplaw.com
8   PERKINS LAW OFFICE, P.C.
    1711 Route 9D
9   Cold Spring, NY 10516
    Telephone:  (845) 265-2820
10  Facsimile:   (845) 265-2819

11  Attorneys for Plaintiff DC Comics

12                    UNITED STATES DISTRICT COURT

13                   CENTRAL DISTRICT OF CALIFORNIA

14

15  DC COMICS,                              Case No. CV-10-3633 ODW (RZx)

16                    Plaintiff,            **DISCOVERY MATTER**

17       v.                                 **PLAINTIFF DC COMICS' FIRST
                                            SET OF REQUESTS FOR
18  PACIFIC PICTURES                        PRODUCTION TO DEFENDANT
    CORPORATION, IP WORLDWIDE,              PACIFIC PICTURES
19  LLC, IPW, LLC, MARC TOBEROFF,           CORPORATION**
    an individual, MARK WARREN
20  PEARY, as personal representative of    **Judge**:  Hon. Otis D. Wright II
    the ESTATE OF JOSEPH SHUSTER,           **Magistrate**:  Hon. Ralph Zarefsky
21  JEAN ADELE PEAVY, an individual,
    JOANNE SIEGEL, an individual,
22  LAURA SIEGEL LARSON, an
    individual, and DOES 1-10, inclusive,
23
                      Defendants.
24

25  **PROPOUNDING PARTY**:    Plaintiff DC Comics

26  **RESPONDING PARTY**:     Defendant Pacific Pictures Corporation

27  **SET NUMBER**:           One (Document Request Nos. 1-38)

28
                                            PL.'S FIRST SET OF REQS. FOR
                                            PRODUC. TO DEF. PACIFIC
                                            PICTURES CORPORATION

                            **EXHIBIT C**
                                45

1      Pursuant to Federal Rule of Civil Procedure 34, plaintiff DC Comics hereby

2   requests that defendant Pacific Pictures Corporation produce for inspection and

3   copying all documents described in the following Requests for Production, in

4   accordance with the definitions and instructions contained therein, by no later than

5   January 10, 2011.

6                          **DEFINITIONS AND INSTRUCTIONS**

7      1.      "DOCUMENT" shall be interpreted in its broadest sense to include

8   any and all "documents" and "other tangible things" as those terms are

9   understood in Federal Rule of Civil Procedure 34, including, without limitation,

10   any "writing," "recording," or "photograph" as those terms are defined in Federal

11   Rule of Evidence 1001.  This shall include, but is not limited to:  e-mail, audio or

12   video recordings, correspondence, letters, phone messages, notes, memoranda,

13   facsimiles, publications, contracts, agreements, calendars, drafts of proposed

14   contracts or agreements, papers, and photographs.

15      2.      "COMMUNICATION" means all written, electronic, oral,

16   telephonic, gesture, or other transmission or exchange of information, including

17   without limitation any inquiry, request, dialogue, discussion, conversation,

18   interview, correspondence, letter, note, consultation, negotiation, agreement,

19   understanding, meeting, e-mail, and all DOCUMENTS evidencing any verbal or

20   nonverbal interaction between any individuals or entities.

21      3.      "REFER" or "RELATE" (or any conjugation thereof) means,

22   without limitation, evidence, reflect, summarize, constitute, contain, study,

23   analyze, explain, mention, show, discuss, describe, or comment upon.

24      4.      "OBTAIN" (or any conjugation thereof) means, without limitation,

25   acquire, attain, capture, come by, gain, garner, get, procure, or secure.

26      5.      "PERSON" means any natural person, firm, association, corporation,

27   partnership, or other legal entity or organization separately identifiable, and any

28   department(s) or division(s) therein.

- 1 -

PL.'S FIRST SET OF REQS. FOR
PRODUC. TO DEF. PACIFIC
PICTURES CORPORATION

**EXHIBIT C**
**46**

6.    "YOU" or "YOUR" or "PACIFIC PICTURES" means Pacific Pictures Corporation and, as applicable, any PERSON in which it has a controlling interest or that is acting on its behalf, including but not limited to its/their agents, employees, attorneys, and representatives.

7.    "DEFENDANT" or "DEFENDANTS" means, collectively and severally, any defendant in the above-entitled action, including YOU; IP Worldwide, LLC; IPW, LLC; Marc Toberoff; Mark Warren Peary, on behalf of the Estate of Joseph Shuster; Jean Adele Peavy; Joanne Siegel; and Laura Siegel Larson and, as applicable, any PERSON acting on their behalf, including but not limited to their agents, employees, attorneys, and representatives.

8.    "SIEGEL HEIRS" means, collectively and severally, Joanne Siegel, Laura Siegel Larson, Dennis Larson, Michael Siegel, or any other executor, administrator, heir, relative, or representative of Jerome Siegel and, as applicable, any PERSON acting on their behalf, including but not limited to their agents, employees, attorneys, and representatives.

9.    "SHUSTER HEIRS" means, collectively and severally, the Estate of Joseph Shuster, Jean Adele Peavy, Mark Warren Peary, Dawn Peavy, Frank Shuster, or any other executor, administrator, heir, relative, or representative of Joseph Shuster and, as applicable, any PERSON acting on their behalf, including but not limited to their agents, employees, attorneys, and representatives.

10.    "SUPERMAN" means the Superman character as delineated in literary works such as comic books, newspapers, novels, radio programs, television programs, and motion pictures, and any of the works in which he appears, including but not limited to *Action Comics. No. 1.*

11.    "SUPERBOY" means the Superboy character as delineated in literary works such as comic books, newspapers, novels, radio programs, television programs, and motion pictures, and any of the works in which he appears, including but not limited to *More Fun Comics No. 101.*

PL.'S FIRST SET OF REQS. FOR PRODUC. TO DEF. PACIFIC PICTURES CORPORATION

**EXHIBIT C**

**47**

12.   "INCLUDING" means "including, but not limited to."

13.   "Any" and "All" are interchangeable.

14.   The singular form includes the plural form, and vice versa.

15.   YOU are instructed to produce all DOCUMENTS that are responsive to these Requests and that are in YOUR possession, custody, or control. A DOCUMENT is in YOUR "possession, custody, or control" if it is in YOUR physical possession, or if, as a practical matter, YOU have the ability, upon request, to obtain possession of the DOCUMENT or a copy thereof from another person or entity that has physical possession of the DOCUMENT.

16.   If any DOCUMENT or category of DOCUMENTS is not produced in full, please state with particularity the reason or reasons it is not being produced in full, and describe, to the best of YOUR knowledge, information and belief, and with as much particularity as possible, the DOCUMENT or portions of the DOCUMENT that are not being produced.

17.   Each DOCUMENT is to be produced as it is kept in the usual course of business, including all file folders, binders, notebooks, and other devices by which such DOCUMENTS may be organized or separated.

18.   If YOU withhold any DOCUMENT, or portion of a DOCUMENT, on grounds that it is protected from discovery by the attorney-client privilege, work-product doctrine, or other privilege or immunity from discovery, please set forth, for each DOCUMENT or portion of a DOCUMENT withheld:

(a)   The place, approximate date, and manner of recording, creating or otherwise preparing the DOCUMENT;

(b)   The names and organization position, if any, of each author, sender, and recipient of the DOCUMENT;

(c)   A general description of the subject matter of the DOCUMENT;

(d)   The basis of any claim of privilege; and

- 3 -

PL.'S FIRST SET OF REQS. FOR PRODUC. TO DEF. PACIFIC PICTURES CORPORATION

**EXHIBIT C**
**48**

1           (e)    If work-product is asserted, the proceeding for which the

2                  DOCUMENT was created.

3      19.    For any DOCUMENT or category of DOCUMENTS that was, but

4    no longer is, in YOUR possession, custody or control, please describe each such

5    DOCUMENT as completely as possible and provide the following information:

6           (a)    The reason the DOCUMENT is no longer in YOUR possession,

7                  custody or control;

8           (b)    The person or entity, if any, who has possession, custody or

9                  control or, if unknown, so state; and

10          (c)    If the DOCUMENT was destroyed or otherwise disposed of,

11                state (i) the manner of disposal (*i.e.*, destruction, loss, discarding

12                or other means of disposal); (ii) the date of disposal; (iii) the

13                reason for disposal; (iv) the person authorizing disposal; (v) the

14                person disposing of the DOCUMENT; and (vi) the name and

15                address of the most recent custodian of the DOCUMENT.

16      20.    Each Request shall be construed independently and no Request shall

17    be viewed as limiting the scope of any other Request.

18      21.    All responsive DOCUMENTS maintained or stored in electronic

19    format shall be produced in native file format with all associated metadata

20    preserved.  All responsive DOCUMENTS maintained in hard copy shall be

21    produced in TIFF.

22      22.    The collection and production of DOCUMENTS shall be performed

23    in a manner that ensures that the source of each DOCUMENT may be

24    determined, if necessary.

25      23.    DOCUMENTS attached to each other shall not be separated.

26      24.    These Requests impose a continuing obligation subsequent to YOUR

27    initial production within thirty days of the service date of these Requests, or other

28    date mutually agreed upon by the parties, to timely supplement YOUR response

PL.'S FIRST SET OF REQS. FOR
PRODUC. TO DEF. PACIFIC
PICTURES CORPORATION

**EXHIBIT C**

**49**

1  or production if YOU determine that YOUR response or production is incomplete

2  or incorrect.

3  **DOCUMENTS REQUESTED**

4      1.      All agreements between or among YOU and any DEFENDANT

5  RELATING to the SIEGEL HEIRS' purported rights in SUPERMAN and/or

6  SUPERBOY.

7      2.      All agreements between or among YOU and any DEFENDANT

8  RELATING to the SHUSTER HEIRS' purported rights in SUPERMAN and/or

9  SUPERBOY.

10     3.      All agreements between or among YOU and any third party

11  RELATING to the SIEGEL HEIRS' purported rights in SUPERMAN and/or

12  SUPERBOY.

13     4.      All agreements between or among YOU and any third party

14  RELATING to the SHUSTER HEIRS' purported rights in SUPERMAN and/or

15  SUPERBOY.

16     5.      All DOCUMENTS RELATING to SUPERMAN and/or SUPERBOY.

17     6.      All DOCUMENTS RELATING to the SIEGEL HEIRS.

18     7.      All DOCUMENTS RELATING to the SHUSTER HEIRS.

19     8.      All DOCUMENTS RELATING to YOUR ability to negotiate or enter

20  into agreements regarding SUPERMAN and/or SUPERBOY.

21     9.      All DOCUMENTS RELATING to or affecting the disposition,

22  division, or ownership of any rights in SUPERMAN and/or SUPERBOY.

23     10.     All DOCUMENTS RELATING to or affecting the division of revenue,

24  proceeds, or other profits regarding SUPERMAN and/or SUPERBOY.

25     11.     All DOCUMENTS RELATING to or affecting the division of any

26  settlement proceeds regarding SUPERMAN and/or SUPERBOY.

27     12.     All DOCUMENTS RELATING to the potential sale, assignment,

28  license, or other disposition of any rights relating to SUPERMAN and/or

PL.'S FIRST SET OF REQS. FOR
PRODUC. TO DEF. PACIFIC
PICTURES CORPORATION

**EXHIBIT C**

**50**

1   SUPERBOY, including but not limited to any solicitation, offer, option, or

2   proposed agreement.

3       13.   All DOCUMENTS RELATING to any efforts YOU have made to sell,

4   lease, license, or otherwise exploit any rights in SUPERMAN and/or SUPERBOY.

5       14.   All DOCUMENTS RELATING to any potential investors or other

6   PERSONS who have expressed interest in purchasing or otherwise investing in any

7   rights in SUPERMAN and/or SUPERBOY.

8       15.   All DOCUMENTS RELATING to the valuation of any past, current,

9   or potential ownership interest in SUPERMAN and/or SUPERBOY.

10      16.   All DOCUMENTS RELATING to the valuation of any past, current,

11  or potential ownership interest in SUPERMAN and/or SUPERBOY.

12      17.   All COMMUNICATIONS RELATING to any disclosure of a potential

13  or actual conflict of interest by or to YOU or any DEFENDANT.

14      18.   All DOCUMENTS RELATING to YOUR introduction to and

15  involvement with the SIEGEL HEIRS.

16      19.   All DOCUMENTS RELATING to YOUR introduction to and

17  involvement with the SHUSTER HEIRS.

18      20.   All DOCUMENTS RELATING to the letter agreement dated

19  November 23, 2001 that YOU entered into with the SHUSTER HEIRS.

20      21.   All DOCUMENTS RELATING to Ari Emanuel.

21      22.   All DOCUMENTS RELATING to any COMMUNICATIONS with

22  Ari Emanuel.

23      23.   All DOCUMENTS RELATING to YOUR past and current ownership

24  and management structure, including operating agreements, by-laws, capitalization

25  schedules, capital accounts, shares, filings, and other financial forms.

26      24.   All DOCUMENTS RELATING to the Memorandum of Agreement

27  dated February 2, 2002 that YOU entered into with Ari Emanuel.

28

PL.'S FIRST SET OF REQS. FOR
PRODUC. TO DEF. PACIFIC
PICTURES CORPORATION

**EXHIBIT C**

**51**

1    25.    All DOCUMENTS RELATING to any contributions by YOU to the IP
2    Worldwide joint venture.
3    26.    All DOCUMENTS RELATING to YOUR identification of "JS
4    Claims" in Appendix 1 to the February 2, 2002 Memorandum of Agreement.
5    27.    All DOCUMENTS RELATING to the letter agreement dated October
6    27, 2003 that YOU entered into with the SHUSTER HEIRS.
7    28.    All DOCUMENTS RELATING to the letter dated September 10, 2004
8    that YOU signed with the SHUSTER HEIRS.
9    29.    All DOCUMENTS RELATING to the formation of PACIFIC
10    PICTURES.
11    30.    All DOCUMENTS RELATING to the current corporate status of
12    PACIFIC PICTURES.
13    31.    All DOCUMENTS RELATING to any past, current, or planned
14    business activity of PACIFIC PICTURES.
15    32.    All DOCUMENTS RELATING to any past, current, or planned
16    property in which PACIFIC PICTURES held, holds, or will hold an interest.
17    33.    All DOCUMENTS RELATING to any individual or entity that
18    currently holds property or interests formerly held by PACIFIC PICTURES.
19    34.    All DOCUMENTS RELATING to any past, current, or planned client
20    of PACIFIC PICTURES.
21    35.    All DOCUMENTS RELATING to any past or current member,
22    employee, or shareholder of PACIFIC PICTURES.
23    36.    All DOCUMENTS RELATING to any past, current, or planned
24    partnership or strategic alliance between PACIFIC PICTURES and any individual
25    or entity.
26    37.    All DOCUMENTS RELATING to any claim of insurance you have
27    asserted regarding this action.
28

- 7 -

PL.'S FIRST SET OF REQS. FOR
PRODUC. TO DEF. PACIFIC
PICTURES CORPORATION

**EXHIBIT C**
**52**

1      38.    All DOCUMENTS RELATING to YOUR DOCUMENT maintenance

2  and retention policies.

3

4  Dated:  December 10, 2010                Respectfully submitted,

5                                           O'MELVENY & MYERS LLP

6                                           By: _____

7                                                 Daniel M. Petrocelli

8                                           Attorneys for Plaintiff DC Comics

9

10  CC1:840133

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PL.'S FIRST SET OF REQS. FOR
PRODUC. TO DEF. PACIFIC
PICTURES CORPORATION

EXHIBIT C
53