# EXHIBIT A

# TOBEROFF & ASSOCIATES, P.C.

A PROFESSIONAL CORPORATION

2049 CENTURY PARK EAST, SUITE 3630
LOS ANGELES, CALIFORNIA 90067

MARC TOBEROFF*
NICHOLAS C. WILLIAMSON
KEITH G. ADAMS
JEFFREY R. RHOADS

TELEPHONE
(310) 246-3333

FACSIMILE
(310) 246-3101

* Also admitted in New York

mtoberoff@ipwla.com

August 10, 2011

Via E-Mail

Matthew Kline
O'Melveny and Myers LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067

Re:   *DC Comics v. Pacific Pictures Corp., et al.*, Case No. 10-CV-03633 ODW (RZx)

Matt:

The factual and legal assertions in your August 4 letter are disputed, and your letter significantly mischaracterizes your meet-and-confer discussions with Mr. Toberoff on August 3, 2011.

Deposition of Marc Toberoff:  As to the multiple depositions sought by DC, my letters of July 25 and August 1, 2011 make it clear that Pacific Pictures Corporation (dissolved), IP Worldwide, LLC (inactive), and IPW, LLC (irrelevant) will designate Mr. Toberoff as their F.R.C.P. 30(b)(6) witness, and will adopt his testimony.  Where "the knowledge of an individual concerning a particular subject also constitutes the total knowledge of the entity …. the witness could simply adopt the testimony he or she provided in a former capacity, thereby obviating the need for a second deposition," the exact procedure defendants have adopted.  *Sabre v. First Dominion Capital, LLC*, 2001 U.S. Dist. LEXIS 20637, at *3-*4 (S.D.N.Y. Dec. 10, 2001)**.**  We informed DC of this in advance so that it could properly plan its deposition.

Your purported compromise offer to "discuss" the possibility of "one extended day of deposition during which we will endeavor to complete our questioning … with the understanding that if we are unable to do so, we will continue to a second day" is illusory.  This gives DC the ability to extend the deposition at its sole discretion for fourteen hours or more given your reference to the first day as an "extended day."  This is uncalled for and unnecessarily burdensome.

Your statement that when "asked about other potential 30(b)(6) designees – *e.g.,* J. Todd Harris – [] Mr. Toberoff refused to discuss the details" mischaracterizes your meet and confer with Mr. Toberoff, who clearly stated that Mr. Harris was/is not an employee.  Mr. Harris would also not be a proper Rule 30(b)(6) witness on any of the topics in DC's deposition notices.  Mr. Toberoff is the only knowledgeable Rule 30(b)(6) witness for any of the entities.

EXHIBIT A - 2

**TOBEROFF & ASSOCIATES, P.C.**

August 10, 2011
Re:   *DC Comics v. Pacific Pictures Corp.*
Page:  2 of 3

You make various other misstatements and self-serving exaggerations as to the meet and confer regarding the Toberoff defendants that are not well taken, but do not merit discussion as this juncture.

Scheduling of Mr. Toberoff's Deposition:  DC failed to respond to my August 1 letter regarding whether Mr. Toberoff's deposition would go forward on August 10.  When I again asked in an August 3 e-mail whether DC intended to proceed with Mr. Toberoff's deposition on the noticed dates, DC again dodged the question and merely referred to its August 3, 2011 letter.  DC's response in its August 3 letter is that the parties should "discuss scheduling the deposition."

Despite DC's studied ambiguity on this subject, in a telephone conversation between Mr. Toberoff and Mr. Petrocelli on August 5, 2011, Mr. Petrocelli confirmed that DC did not intend to depose Mr. Toberoff on August 10, 2011 due to a potential scheduling conflict with another case, and that the parties should reschedule the deposition for sometime in September, 2011.  We should confer on possible September dates for Mr. Toberoff's deposition before he leaves for his rescheduled vacation from August 22-September 6, 2011.

DC's Motions for Reconsideration re: Laura Siegel Larson Documents:  DC's assumption that Ms. Larson's boxes of documents "include documents that defendants previously represented were non-existent" is completely unfounded.  Contrary to your claims and as Mr. Toberoff specifically stated in your meet and confer, Ms. Larson long ago conducted a diligent search and produced the responsive documents in her possession or control, and there is no grounds for further motion practice by DC on this subject.  Mr. Toberoff also clearly informed you that Ms. Larson obtained some materials when she recently cleaned out her late mother, Joanne Siegel's apartment; that Ms. Larson has searched most of these materials for any responsive documents, and will complete this search upon return from her summer vacation.  So far nothing new was located, except for the non-substantive Gary Spence materials that were produced. Upon Ms. Larson's return, we will provide DC with dates by which Ms. Larson will finish her review of her mother's materials.  However, DC should not have unrealistic expectations regarding the remainder of Ms. Larson's review, as Joanne Siegel herself, while she was alive, conducted a diligent search and produced all non-privileged documents in her possession or control responsive to DC's requests in both the closely related *Siegel* litigations and in this case.

DC has already made two motions to compel the production of Ms. Larson's correspondence with David Michaels, including the "July 2003" letter and the "November 2002" letter, both of which were *denied*, and we see no grounds for further discussion of the subject on the thin pretext of Ms. Larson's production of her brief, non-substantive communications with Gary Spence.

DC's complaint that defendants "would not explain" how DC misinterpreted and misconstrued Ms. Larson's testimony is hollow.  As explained in Mr. Toberoff's August 1, 2011 letter, DC takes snippets of Ms. Larson's deposition testimony out of context.  It is obvious from DC's selective quotations and the truth that DC is willfully misinterpreting Ms. Larson's testimony.

**EXHIBIT A - 3**

**TOBEROFF & ASSOCIATES, P.C.**

August 10, 2011
Re:     *DC Comics v. Pacific Pictures Corp.*
Page:   3 of 3

You make various other mischaracterizations of the parties' meet and confer that do not merit a point by point discussion as this time.

In light of Magistrate Zarefsky's comments at yesterday's hearing, DC should not bring yet another frivolous motion for reconsideration of these already-decided issues.

<u>Toberoff Document Production:</u>  DC has had the Toberoff defendants' written responses to DC's amended discovery requests since July 15, 2011, and their document production since July 27, 2011.  All of DC's supposed requests to "meet-and-confer" simply refer to DC's old July 7, 2011 letter, which obviously did not address defendants' subsequent responses and document production.  DC has not even attempted to properly meet-and-confer on the subject of defendants' actual responses and production.  Defendants again caution DC that its assumption that there are numerous responsive documents that have not been produced is erroneous.

Your letter also seeks "unredacted versions of defendants' agreements with Ari Emanuel."  As Magistrate Zarefsky stated in his May 25, 2011 order, DC is not entitled to "everything" about the businesses of the various defendants in the case, and the redacted portions of that agreement are not relevant to this litigation.  DC received redacted copies of such agreements years ago in the *Siegel* litigation based on similar requests as in this case, and in all this time, including over a year in this action, has failed to voice any objection to the redaction.

<u>Peary/Peavy Document Requests:</u>  DC demands a meet-and-confer on various documents – notably, scripts by Warren Peary and Jean Peavy's will – that it vaguely claims are responsive to DC's prior discovery requests, while serving new requests for production of such scripts and will.   DC was well-aware that the scripts existed from Mr. Peary's prior deposition in 2006, that Ms. Peavy could have a will, and that such documents were not part of the Shusters' production in December 2010.  If these documents were actually responsive to DC's prior discovery requests, it undoubtedly would have brought them up in connection with its prior motions to compel, and not waited for over eight months to even address the issue.

Your August 4 letter does not even remotely comply with L.R. 37-1 as to DC's prior requests, and it is outside the rules and makes no sense to meet-and-confer on pending discovery requests, especially when defendants' responses are due before any motion to compel on the subject could be heard.  Defendants will respond to DC's new discovery in due course pursuant to the Federal Rules of Civil Procedure.

Nothing in this letter should be construed as a waiver or limitation of any of defendants' rights or remedies, all of which are reserved.

Very truly yours,

Keith Adams