DANIEL M. PETROCELLI (S.B. # 097802)
  dpetrocelli@omm.com
MATTHEW T. KLINE (S.B. # 211640)
  mkline@omm.com
CASSANDRA L. SETO (S.B. # 246608)
  cseto@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA  90067-6035
Telephone:   (310) 553-6700
Facsimile:    (310) 246-6779

PATRICK T. PERKINS (admitted pro hac vice)
  pperkins@ptplaw.com
PERKINS LAW OFFICE, P.C.
1711 Route 9D
Cold Spring, NY 10516
Telephone:   (845) 265-2820
Facsimile:    (845) 265-2819

Attorneys for Plaintiff DC Comics

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DC COMICS,<br><br>                    Plaintiff,<br><br>      v.<br><br>PACIFIC PICTURES CORPORATION, IP WORLDWIDE, LLC, IPW, LLC, MARC TOBEROFF, an individual, MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER, JEAN ADELE PEAVY, an individual, LAURA SIEGEL LARSON, an individual and as personal representative of the ESTATE OF JOANNE SIEGEL, and DOES 1-10, inclusive,<br><br>                    Defendant. | Case No.  CV 10-3633 ODW (RZx)<br><br>**DISCOVERY MATTER**<br><br>**DC COMICS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO SERVE SIX ADDITIONAL INTERROGATORIES ON DEFENDANT MARC TOBEROFF**<br><br>SUPPLEMENTAL DECLARATION OF CASSANDRA SETO FILED CONCURRENTLY HEREWITH<br><br>**Judge**:         Hon. Otis D. Wright II<br>**Magistrate**:  Hon. Ralph Zarefsky<br><br>**Hearing Date**:         Jan. 30, 2012<br>**Hearing Time**:        10:00 a.m.<br>**Courtroom:**            540<br>**Discovery Cutoff:**    None Set<br>**Pretrial Conference:** None Set<br>**Trial:**                       None Set |

Defendants' opposition ignores the essential fact that additional interrogatories beyond 25 are regularly allowed—especially when the party seeking them asks for a modest number (here six), seeks to address new subject matters that have not been addressed by prior interrogatories, and seeks information central to the issues in a complicated, high-stakes, multifaceted case. Indeed, defendants concede the six new interrogatories that DC seeks to serve have *nothing* to do with its prior 25 interrogatories. Docket No. 356 at 11. Nor do defendants dispute that Toberoff's three companies all responded to these same six interrogatories—and only Toberoff himself refuses to do so.

Toberoff suggests DC wants to discover who the "competing current suitors" are for the Siegel and Shuster heirs' purported Superman rights, *id.* at 13, but not only does DC believe *none* exist, Docket No. 49, FAC ¶¶ 1-12, 58-85, 174-86 & Ex. A at 62-64, (and wants confirmation of that), DC is fully entitled to such information. Indeed, Toberoff's companies answered these very same questions, and Toberoff produced e-mails with Paramount and a parking pass from the Fox lot—all refuting the notion that Toberoff or his companies' business dealings with third parties are somehow protected information immune from discovery.

Toberoff also suggests the information that DC seeks is irrelevant. Not so. Toberoff's business agreements with the heirs—through which he improperly induced them to cut their ties with DC, in violation of DC's rights under federal and state law—*obligated* Toberoff and his companies to market the heirs' purported rights to third parties. Docket No. 49, FAC ¶¶ 1-12, 58-85, 174-86 & Ex. A at 62-64. Toberoff's companies have admitted they did not engage in any such marketing efforts, *e.g.*, Docket No. 357-4 at 222-25, and Toberoff refuses to say whether he did so or not. DC is entitled to know this information in support of its federal and state-law claims for interference, and it also bears directly on Toberoff's credibility and alleged fraudulent acts of inducement. DC, moreover, is entitled to sworn and clear interrogatory answers on these subjects in advance of depositions, as Toberoff

- 1 -

SUPPL. MEMO ISO DC'S MTC PROD. OF DOCS OR MOT. FOR RECON.

1  has already indicated he seeks to run the clock on any depositions of himself or his
2  companies.  Docket No. 357-4 at 217-18.  Of equal import, DC needs these answers
3  in advance of depositions of Toberoff or his companies so the appropriate cross-
4  examination (including any necessary discovery of third parties) can be prepared.

5       Defendants suggest DC improperly challenges their SLAPP objections in
6  DC's motion, asserting defendants abandoned such objections when Judge Wright
7  denied their SLAPP motion.  Docket No. 356 at 13.  Again, untrue.  Defendants
8  continued to assert SLAPP objections in responses to DC's discovery as recently as
9  December 5, 2011—weeks after Judge Wright issued his order.  Seto Suppl. Decl.
10 Ex. A at 3.

11      Finally, defendants urge the Court not to address their boilerplate, non-
12 specific objections now—but to wait for weeks or months to do so.  No such further
13 delay—which will only necessitate further motion practice—should be allowed,
14 and defendants' boilerplate objections should all be overruled.

15 Dated:   January 6, 2012              Respectfully Submitted,
                                         O'MELVENY & MYERS LLP
16
17                                       By: /s/ Daniel M. Petrocelli
                                             Daniel M. Petrocelli
18                                           Attorneys for Plaintiff DC Comics

- 2 -   SUPPL. MEMO ISO DC'S MTC PROD. OF DOCS OR MOT. FOR RECON.