# EXHIBIT A

Marc Toberoff (State Bar No. 188547)
 mtoberoff@ipwla.com
Keith G. Adams (State Bar No. 240497)
 kgadams@ipwla.com
TOBEROFF & ASSOCIATES, P.C.
22631 Pacific Coast Highway #348
Malibu, California, 90265
Telephone: (310) 246-3333
Fax:       (310) 246-3101

Attorneys for Defendants Mark Warren Peary, as personal representative of the Estate of Joseph Shuster, Jean Adele Peavy, and Laura Siegel Larson, individually and as personal representative of the Estate of Joanne Siegel

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION**

| | |
|---|---|
| DC COMICS,<br><br>            Plaintiff,<br><br>      vs.<br><br>PACIFIC PICTURES CORPORATION; IP WORLDWIDE, LLC; IPW, LLC; MARC TOBEROFF, an individual; MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER; JEAN ADELE PEAVY, an individual; LAURA SIEGEL LARSON, individually and as personal representative of the ESTATE OF JOANNE SIEGEL, and DOES 1-10, inclusive,<br><br>            Defendants. | Case No: CV 10-03633 ODW (RZx)<br><br>Hon. Otis D. Wright II, U.S.D.J.<br><br>**DEFENDANT LAURA SIEGEL LARSON'S RESPONSE TO PLAINTIFF DC COMICS' SECOND SET OF INTERROGATORIES**<br><br>Complaint Filed: May 14, 2010<br>Trial Date: None Set |

Defendant Laura Siegel Larson ("Siegel"), by and through her attorneys, responds as follows to the second set of interrogatories dated November 4, 2011 (the "Interrogatories") propounded by plaintiff DC Comics ("Plaintiff" or "DC").

## I.

## **GENERAL OBJECTIONS**

Siegel objects to the entire set of Interrogatories on each of the following grounds, and incorporates by reference each of the following objections into her response to each individual interrogatory within it:

1.  Siegel objects to each individual Interrogatory to the extent it is relevant only to the Fourth through Sixth state law claims for relief in DC's First Amended Complaint ("FAC"). Siegel contends that his pending anti-SLAPP appeal should stay discovery regarding these state law claims. *See* Cal. Code Civ. Proc. § 425.16(g); *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 130 S. Ct. 1431, 1452 (2010) (Stevens, J., concurring); *Batzel v. Smith*, 333 F.3d 1018, 1024 (9th Cir. 2003); *Godin v. Schencks*, 2010 U.S. App. LEXIS 25980 (1st Cir. Dec. 22, 2010).

2.  Siegel objects to the Interrogatories generally to the extent they exceed the scope of Rules 26 and 33 of the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the Central District of California.

3.  Siegel objects to the Interrogatories to the extent that they purport to demand information protected from disclosure by the attorney-client privilege, joint interest privilege, attorney work product doctrine or any other privileges or immunities provided by the rules of this Court, statute or agreement. Inadvertent disclosure of any information subject to any applicable privilege or doctrine is not intended to be and shall not operate as a waiver of any such privilege or doctrine, in whole or in part; nor is any such inadvertent disclosure intended to be, nor shall it constitute, a waiver of the right to object to any use of such information.

4. Siegel objects to the Interrogatories to the extent that they seek information comprising or reflecting any trade secret or other confidential or proprietary information of Siegel or any other person or entity.

5. Siegel objects to the Interrogatories to the extent that they seek information which is protected from disclosure by court order, or any privacy or similar rights of any person or entity.

6. Siegel objects to the Interrogatories to the extent that they seek information and/or documents already in the possession of the propounding party on the grounds such interrogatories are unnecessary and unduly oppressive and burdensome.

7. Siegel objects generally to the definitions of the terms "YOU" and "YOUR" as vague and ambiguous, overbroad and unduly burdensome. Siegel will construe these terms to refer to Siegel.

8. Siegel objects to the Interrogatories to the extent that they are vague or indefinite with respect to the information sought, or are overbroad and unduly burdensome.

9. Siegel objects to the Interrogatories to the extent that they seek information which is neither relevant to the subject matter of the pending litigation nor reasonably calculated to lead to the discovery of admissible evidence.

10. No incidental or implied admissions are intended by Siegel's responses to the Interrogatories. The supplying of any fact does not constitute an admission by Siegels that such fact is relevant or admissible. The fact that Siegel has responded to any interrogatory is not intended to be and shall not be construed as a waiver by Siegel of all or any part of any objection to any interrogatory. Siegel reserves until the time of trial all objections as the relevance or admissibility of any facts provided in her answers to the Interrogatories.

11. The general and specific objections set forth herein are based on information now available to Siegel and Siegel reserves the right to revise, correct,

add, clarify or supplement the general and specific objections and responses set forth herein.

## II.

## RESPONSES TO INTERROGATORIES

Subject to, and without waiving the General Objections and qualifications above, Siegel responds to each individual Interrogatory as follows:

**INTERROGATORY NO. 6**

IDENTIFY by Q-BATES STAMP all DRAFTS of the JULY 2003 LETTER and any and [sic] COMMUNICATIONS or DOCUMENTS from 2003 regarding the same.

**RESPONSE TO INTERROGATORY NO. 6**

Siegel objects to this Interrogatory to the extent that it seeks the production of any item, or portion thereof, which is protected by the attorney-client privilege, joint interest privilege, the attorney work product doctrine, or any other privilege or immunity available under law or arising from contractual obligation. Siegel also objects to this Interrogatory on the ground that it is inconsistent with the Court's April 20, 2011 order, which states that Siegel is not required to list subject matter in her privilege log(s), and is inconsistent with the relevant portions of the Court's June 23, 2011, August 11, 2011 and September 14, 2011 orders denying Plaintiff's prior motions to compel this information or related information. Siegel additionally objects to this Interrogatory insofar as it is not reasonably calculated to lead to the discovery of relevant and admissible evidence.

**INTERROGATORY NO. 7**

IDENTIFY by PRIVILEGE LOG entry number all DRAFTS of the JULY 2003 LETTER and any COMMUNICATIONS or DOCUMENTS from 2003 regarding the same.

**RESPONSE TO INTERROGATORY NO. 7**

Siegel objects to this Interrogatory to the extent that it seeks the production of

1. any item, or portion thereof, which is protected by the attorney-client privilege, joint
2. interest privilege, the attorney work product doctrine, or any other privilege or
3. immunity available under law or arising from contractual obligation.  Siegel also
4. objects to this Interrogatory on the ground that it is inconsistent with the Court's
5. April 20, 2011 order, which states that Siegel is not required to list subject matter in
6. her privilege log(s), and is inconsistent with the relevant portions of the Court's June
7. 23, 2011, August 11, 2011 and September 14, 2011 orders denying Plaintiff's prior
8. motions to compel this information or related information.  Siegel additionally
9. objects to this Interrogatory insofar as it is not reasonably calculated to lead to the
10. discovery of relevant and admissible evidence.

DATED:  December 5, 2011         TOBEROFF & ASSOCIATES, P.C.

By _____
    Marc Toberoff

Attorneys for Defendants Mark Warren Peary, as personal representative of the Estate of Joseph Shuster, Jean Adele Peavy, and Laura Siegel Larson, individually and as personal representative of the Estate of Joanne Siegel

4
DEFENDANT LAURA SIEGEL LARSON'S RESPONSE
TO PLAINTIFF'S SECOND SET OF INTERROGATORIES

**EXHIBIT A**

**6**