1  DANIEL M. PETROCELLI (S.B. #097802)
     dpetrocelli@omm.com
2  MATTHEW T. SETO (S.B. #211640)
     mSeto@omm.com
3  CASSANDRA L. SETO (S.B. #246608)
     cseto@omm.com
4  O'MELVENY & MYERS LLP
   1999 Avenue of the Stars, 7th Floor
5  Los Angeles, CA  90067-6035
   Telephone:  (310) 553-6700
6  Facsimile:    (310) 246-6779

7  PATRICK T. PERKINS (admitted *pro hac vice*)
     pperkins@ptplaw.com
8  PERKINS LAW OFFICE, P.C.
   1711 Route 9D
9  Cold Spring, NY 10516
   Telephone:  (845) 265-2820
10 Facsimile:    (845) 265-2819

11 Attorneys for Plaintiff DC Comics

12              **UNITED STATES DISTRICT COURT**
                **CENTRAL DISTRICT OF CALIFORNIA**
13

14 DC COMICS,                          Case No. CV 10-3633 ODW (RZx)

15            Plaintiff,               **DISCOVERY MATTER**

16       v.                           **DC COMICS' NOTICE OF MOTION
                                       AND MOTION TO COMPEL
17 PACIFIC PICTURES                    PRODUCTION OF CORPORATE
   CORPORATION, IP                     RECORDS AND OTHER
18 WORLDWIDE, LLC, IPW, LLC,           DOCUMENTS FROM TOBEROFF
   MARC TOBEROFF, an individual,       DEFENDANTS**
19 MARK WARREN PEARY, as
   personal representative of the      DECLARATIONS OF MATTHEW T.
20 ESTATE OF JOSEPH SHUSTER,           KLINE AND CASSANDRA SETO,
   JEAN ADELE PEAVY, an                AND [PROPOSED] ORDER FILED
21 individual,  LAURA SIEGEL           CONCURRENTLY HEREWITH
   LARSON, an individual and as
22 personal representative of the
   ESTATE OF JOANNE SIEGEL,            **Judge**:        Hon. Otis D. Wright II
23 and DOES 1-10, inclusive,           **Magistrate**:   Hon. Ralph Zarefsky

24            Defendants.

25                                     **Hearing Date**:      Feb 13, 2012
                                       **Hearing Time**:      10:00 a.m.
26                                     **Courtroom**:         540
                                       **Discovery Cutoff**:  None Set
27                                     **Pretrial Conference**: None Set
                                       **Trial**:             None Set
28

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on February 13, 2012, at 10:00 a.m., or as soon thereafter as the matter may be heard by the above-entitled court, located at 255 East Temple Street, Los Angeles, California in Courtroom 540, plaintiff DC Comics will and hereby does move the Court for an order compelling defendants Marc Toberoff, Pacific Pictures Corporation, IP Worldwide, LLC, and IPW, LLC (collectively the "Toberoff Defendants") to (1) fully respond to DC's requests for production set forth in Appendix A to DC's Motion To Compel Production Of Corporate Records From Toberoff Defendants And Other Documents;[1] (2) produce unredacted copies of the documents produced by the Endeavor talent agency as EN 00001-142; and (3) produce unredacted copies of all documents relating to agreements with Ari Emanuel, Endeavor, or any third party "that pertain to Superman, Superboy, the Siegels or the Shusters,' Docket No. 262 at 5, as well as all drafts and related correspondence.

This motion is made pursuant to Rules 26, 34, and 37 of the Federal Rules of Civil Procedure and Rule 37-2 of the Local Rules of this Court on the grounds that the documents DC seeks relating to the formation, ownership, and structure of Toberoff's entertainment companies are directly relevant to DC's alter-ego and agency claims, which defendants dispute. The Emanuel agreements and drafts sought by DC have never been produced by defendants, even though this Court ordered defendants to produce all documents related to Emanuel "that pertain to Superman, Superboy, the Siegels or the Shusters." Docket No. 262 at 5. Heavily redacted copies of both agreements, as well as prior drafts, were produced by Emanuel's company, Endeavor, in the *Siegel* litigation. It is apparent from the documents produced by Endeavor that the redacted portions of the agreements related to Superman, and defendants are not permitted to redact such relevant

---

[1] Toberoff Request Nos. 56-58, Pacific Pictures Request No. 30, IP Worldwide Request No. 30, and IPW Request No. 25.

DC'S NOTICE OF MOT. & MTC TOBEROFF DEFS' PROD. CORP. RECS. & OTHER DOCS

1   information.

2     Pursuant to Local Rule 37-1, the parties attempted to resolve this dispute, but

3   were unable to do so.  Pursuant to Central District Local Rule 37-2.4, and as

4   explained the Declaration of Matthew T. Kline filed concurrently herewith, DC is

5   forced to submit this as a motion rather than a joint stipulation because defendants

6   have improperly refused to provide their opposition in s timeline manner in

7   accordance with Local Rule 37-2.2.

8     This motion is based on this Notice of Motion and Motion; the

9   accompanying Memorandum of Points and Authorities; the concurrently-filed

10  Declarations of Matthew T. Kline and Cassandra Seto and exhibits in support

11  thereof; any additional briefing that may be filed; all exhibits, files, and records on

12  file in this action; matters of which judicial notice may be taken; and such

13  additional submissions and argument as may be presented at or before the hearing

14  on this motion.

15  Dated:  January  23, 2012   Respectfully Submitted,

16              O'MELVENY & MYERS LLP

17

18              By: /s/ Daniel M. Petrocelli

19               Daniel M. Petrocelli
                 Attorneys for Plaintiff DC Comics

20

21

22

23

24

25

26

27

28

DC'S NOTICE OF MOT. & MTC TOBEROFF
DEFS' PROD. CORP. RECS. & OTHER DOCS

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ............................................................................. 1

II.    PROCEDURAL AND FACTUAL BACKGROUND .................................. 3

III.   ARGUMENT ................................................................................... 5

    A.     Issue 1: DC's Corporate Records Requests Nos. 56-58 To
         Toberoff (And Its Parallel Requests To The Other Toberoff
         Defendants) ......................................................................... 5

    B.     Issue 2:  DC's Corporate Records Requests No. 30 to Pacific
         Pictures, No. 30 to IP Worldwide, and No. 25 to IPW ...................... 15

    C.     Issue 3:  Toberoff Defendants' General Objections ........................... 19

    D.     Issue 4:  Agreements with Ari Emanuel And Third Parties ............... 24

IV.    CONCLUSION ................................................................................ 30

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*21X Capital Ltd. v. Werra*,
   2008 WL 131918 (N.D. Cal. Jan. 11, 2008) ....................................................... 9

*A. Farber & Partners, Inc. v. Garber*,
   234 F.R.D. 186 (C.D. Cal. 2006) ..................................................................... 14

*Aikens v. Deluxe Fin. Servs., Inc.*,
   217 F.R.D. 533 (D. Kan. 2003) ................................................................. 14, 18

*Assoc. Vendors, Inc. v. Oakland Meat Co.*,
   210 Cal. App. 2d 825 (1962) ............................................................................ 9

*Batzel v. Smith*,
   333 F.3d 1018 (9th Cir. 2003) ........................................................................ 19

*Beal v. Marsh & McLennan Cos. Personal Accident Ins. Plan*,
   2010 WL 5136041 (C.D. Cal. Dec. 3, 2010) ................................................. 14

*Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Ct.*,
   408 F.3d 1142 (9th Cir. 2005) ........................................................................ 15

*Columbia Pictures Inds., Inc. v. Bunnell*,
   2007 WL 4916964 (C.D. Cal. May 7, 2007) .................................................... 9

*Del Campo v. American Corrective Counseling Servs., Inc.*,
   2008 WL 4858502 (N.D. Cal. Nov. 10, 2008) ........................................... 18, 29

*Duran v. Cisco Sys., Inc*,
   258 F.R.D. 375 (C.D. Cal. 2009) ............................................................... 14, 18

*E.E.O.C. v. Outback Steakhouse of Fla., Inc.*,
   251 F.R.D. 603 (D. Colo. 2008) ..................................................................... 18

*Ecco Equip. Corp. v. Central Valley Constr., Inc.*,
   2008 WL 5069048 (N.D. Cal. Nov. 26, 2008) .................................................. 9

*Everflow Tech. Corp. v. Millennium Elecs. Inc.*,
   2009 WL 672985 (E.D. Cal. Mar. 13, 2009) ................................................. 14

*Geophysical Sys. Corp. v. Raytheon Co., Inc.*,
   117 F.R.D. 646 (C.D. Cal. 1987) ..................................................................... 9

*Godin v. Schencks*,
   2010 U.S. App. LEXIS 25980 (lst Cir. Dec. 22, 2010) ................................... 19

*Incorp Servs., Inc. v. Nevada Corp. Servs., Inc.*,
   2010 WL 2540607 (D. Nev. June 17, 2010) .......................................... 9, 11, 12

# TABLE OF CONTENTS
(continued)

**Page**

*Irwin v. Mascott,*
   2000 WL 35890723 (N.D. Cal. Aug. 28, 2000)................................................. 18

*Joanne Siegel, et al. v. Time Warner Inc., et al.,*
   Case No. 04-CV-8766 ODW ......................................................................... 20, 22

*Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.,*
   Case No. 04-CV-8400 ODW ............................................................................ 11

*Lucent Techs. Inc. v. Microsoft Corp.,*
   2011 WL 765841 (S.D. Cal. Feb. 25, 2011) ..................................................... 29

*Nat'l Acad. or Recording Arts & Scis., Inc. v. On Point Events, LP,*
   256 F.R.D. 678 (C.D. Cal. 2009) ...................................................................... 24

*Panola Land Buyers Ass'n v. Shuman,*
   762 F.2d 1550 (11th Cir. 1985).................................................................... 14, 18

*Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.,*
   130 S. Ct. 1431 (2010) (Stevens, J., concurring) ............................................. 19

*Siano Mobile Silicon, Inc. v. Mavcom, Inc.,*
   2011 WL 1483706 (N.D. Cal. Apr. 19, 2011) .................................................... 9

*Sonora Diamond Corp. v. Super. Ct.,*
   83 Cal. App. 4th 523 (2000).............................................................................. 9

*TC Skyrocket, LLC v. Superskyrocket, LLC,*
   2007 WL 1110723 (S.D. Cal. March 29, 2007)................................................ 18

*Thomas v. Cate,*
   715 F. Supp. 2d 1012 (E.D. Cal. 2010) ............................................................ 14

*U.S. ex rel. Englund v. Los Angeles Cnty.,*
   235 F.R.D. 675 (E.D. Cal. 2006)...................................................................... 17

*U.S. v. Martin,*
   278 F.3d 988 (9th Cir. 2002) ........................................................................... 15

**STATUTES**

CAL. CODE CIV. PROC. § 425.16(g)............................................................................ 19

FED. R. CIV. P. 34(b)(2)(C) .................................................................................... 14

**OTHER AUTHORITIES**

W. SCHWARZER, ET AL., FEDERAL CIVIL PROCEDURE BEFORE TRIAL § 11:1914
   (Rutter 2010)................................................................................................. 14

1    **I.    INTRODUCTION**

2      DC files this motion because the Toberoff Defendants (Marc Toberoff and

3    his three companies) refuse to produce corporate documents relevant to DC's alter-

4    ego claims, as well as agreements and draft agreements referencing Superman that

5    directly involve the Toberoff Defendants and their dealings with third parties and

6    that this Court months ago ordered defendants to produce.

7      1.  Corporate Records Related To DC's Alter-Ego Claims.  In connection

8    with its alter-ego claims—which defendants never moved to dismiss, but deny in

9    their answer—DC seeks documents related to, *e.g.*, the formation, ownership, and

10   capitalization of Toberoff's entertainment companies.  Such documents are plainly

11   relevant under California's multi-factor alter-ego test, and courts regularly require

12   defendants either to produce such documents, or clearly admit no such records exist

13   (an admission that is indicia of the alter-ego status of such companies).

14     After months of meet-and-confer efforts on the issue, Toberoff's three

15   companies have finally represented that they do not possess any documents (other

16   than a handful they produced) responsive to DC's alter-ego-related requests.

17   Toberoff himself takes a hard-line—standing on his objections and refusing to state

18   whether he possesses additional corporate-record documents or not.  Toberoff likely

19   possesses these documents (if any exist) as his companies are now defunct.  Yet

20   Toberoff refuses to produce or account for these documents, asserting unfounded

21   relevance objections and the erroneous claim that this Court ruled that DC's *prior*

22   versions of these document requests were overbroad.  The Court's prior ruling

23   invited DC to narrow its requests (which it did twice) and to meet and confer on

24   defendants' objections (which it has done at length).  Despite this, Toberoff refuses

25   to respond to DC's requests or to propose narrowing definitions of his own.

26     2.  Agreements with Ari Emanuel and His Companies.  DC also seeks a full

27   record of the Superman-related agreements into which the Toberoff Defendants

28   entered with third parties, including drafts of such agreements, negotiation records

- 1 -    DC'S NOTICE OF MOT. & MTC TOBEROFF<br>DEFS' PROD. CORP. RECS. & OTHER DOCS

1  concerning the same, and the later agreements the Toberoff defendants reached

2  modifying or superseding earlier ones.  As part of its federal and state-law claims in

3  this case, DC is entitled fully to understand the ways in which defendants shuffled

4  the Siegel and Shuster heirs' putative Superman rights among the Toberoff

5  Defendants and their business partners, including Ari Emanuel and his companies.

6      DC knows such additional documents exist because Emanuel and his former

7  talent agency produced a handful of them in redacted form—*yet the Toberoff*

8  *defendants have neither produced nor logged any of them*.  Moreover, while

9  defendants have testified and Toberoff represents that Emanuel and his companies

10  no longer have any interest in the putative Superman rights, the agreements

11  produced by Emanuel on their face show he is to share in monies received from the

12  alleged Superman rights.  Toberoff has failed to produce any agreements

13  documenting Emanuel's relinquishment of these rights.  DC is entitled to discover

14  exactly what interest (if any) Emanuel or other third parties possess, including all

15  agreements documenting Emanuel's relationship with Toberoff or his companies,

16  Emanuel's relationship with the Siegel and Shuster heirs, and his acquisition and/or

17  relinquishment of any interests in the putative Superman rights.

18      Defendants have no good reason to refuse to produce these documents.

19  Indeed, this Court ruled months ago that defendants must produce all Emanuel-

20  related documents "that pertain to Superman, Superboy, the Siegels or the

21  Shusters."  Docket No. 262 at 5.  The Toberoff Defendants not only refuse to

22  produce these documents—citing no valid ground for doing so—they take the

23  position that they need not disclose redacted parts of these documents that Emanuel

24  produced, even though one very notable redaction appears next to a conspicuous

25  note adverting to "*Superman*."  Defendants' denials about the contents of the

26  redactions are not credible—especially now, given the way Toberoff

27  misrepresented other documents he withheld and was ordered to produce, both by

28  this Court, and now Judge Wright.

DC'S NOTICE OF MOT. & MTC TOBEROFF
DEFS' PROD. CORP. RECS. & OTHER DOCS

## II.   PROCEDURAL AND FACTUAL BACKGROUND

DC served the document requests at issue on the Toberoff Defendants over a year ago.  Docket No. 207-5.  Defendants asked for extra time to respond, and DC granted it, on the condition that defendants provide substantive responses.  Docket No. 207-8.  Defendants nonetheless asserted blanket objections, Docket Nos. 207-9, forcing DC to serve a motion to compel.  Defendants refused to provide their portion of the Rule 37 joint stipulation, forcing DC to file a Rule 37-2.4 motion. Docket Nos. 205-06.  Defendants opposed, arguing DC's requests were overbroad and the parties should be required to confer further to tailor them.  Docket No. 210. The Court granted DC's motion in part, but denied it in larger part, expressing frustration that the parties had not followed the joint-stipulation procedure and that certain of DC's requests were overbroad.  Docket No. 262 at 5.

DC sent defendants a detailed letter narrowing and justifying its requests. Seto Decl. Ex. 1.  Defendants refused timely to meet and confer, *id.* Exs. 2-6, then, when they did so, continued to object to DC's narrowed requests and refused to propose any narrowing suggestions.  To avoid motion practice, DC sent an even more detailed letter noting the types of documents it sought and clarifying requests defendants asserted were overbroad.  *Id.* Ex. 11.  Defendants then objected to the new requests, agreed to produce a narrow set of "responsive, non-privileged documents, *if any*," but refused to provide a date certain by which they would make the production.  *Id.* Exs. 12-14 (emphasis added).

Given the then-impending deadline to supplement its SLAPP papers and take several depositions, DC pressed defendants for a production date, and ultimately was forced to serve a motion to compel.  *Id.* Exs. 15-18.  Defendants relented and finally produced a mere *17 pages* of documents that they said represented the sum and substance of their responses.  *Id.* Exs. 19-20.

DC attempted to meet and confer with defendants on several occasions concerning their paltry production and remaining objections.  Defendants refused,

1   and DC, in an effort to avoid motion practice, sent defendants another detailed letter

2   focusing on 12 categories of documents. *Id.* Exs. 21-23. Twenty-one days later

3   defendants finally responded. *Id.* Exs. 24, 26. As to 10 of the remaining 12

4   categories, defendants stated they had no responsive documents. Although many of

5   these representations were implausible on their face—chief among them, a claim

6   that *none of the defendants* had a *single written record*, including a calendar entry

7   or email, of when Toberoff, the Siegels, and Ari Emanuel met in 2002, *id*. Exs. 26-

8   28—DC, at present, accepts those representations without prejudice to its right to

9   bring a future motion on these categories.

10       As to the other two categories—which relate to corporate records of

11   Toberoff's companies (DC Requests Nos. 56-58 to Toberoff; No. 30 to Pacific

12   Pictures; No. 30 to IP Worldwide; and Nos. 25 to IPW)—Toberoff's companies

13   objected, contending that DC's requests were still overbroad. Seto Decl. Exs. 31-

14   32. Toberoff also stood on his objection that this Court's prior ruling excused him

15   from responding. *Id.* Ex. 31 at 270. Toberoff's companies then conceded they had

16   produced *all* documents responsive to DC's alter-ego related requests. *Id.* Ex. 32 at

17   270-72. Toberoff, however, refused to make such an admission or a production,

18   standing on his objections. *Id.* at 270.

19       While Toberoff maintained his objections, defendant Mark Peary and

20   Toberoff served DC with a first set of interrogatories and requests for production of

21   documents. *Id.* Exs. 34, 35. These requests are similar—or in some cases, *far*

22   *broader*—than DC's requests to which Toberoff objects. *Id.* Ex. 36 at 440-42. DC

23   asked defendants whether they intended to withdraw their objections to DC's

24   pending requests or to narrow Peary's requests in light of this contradiction. *Id.* at

25   442. Defendants refuse to do either, necessitating this motion. *Id.* Ex. 38 at 444.

26

27

28

DC'S NOTICE OF MOT. & MTC TOBEROFF
DEFS' PROD. CORP. RECS. & OTHER DOCS

# III.   ARGUMENT

### A.   *Issue 1*: DC's Corporate Records Requests Nos. 56-58 To Toberoff (And Its Parallel Requests To The Other Toberoff Defendants)[2]

**Original Request No. 56**

All DOCUMENTS RELATING to your role and ownership interest in Pacific Pictures Corporation, including, articles of organization, operating agreements, minutes, capital tables or other DOCUMENTS evidencing capital accounts or capital structure, filings, income statements, business plans, etc.

**Response to Original Request No. 56**

Toberoff objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive. Toberoff objects to this request on the grounds that the phrase "RELATING to your role and ownership interest" is vague and ambiguous, and lacks sufficient precision to allow him to formulate an appropriate response. Toberoff further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Toberoff further objects to this request in that it seeks the production of items not reasonably calculated to lead to the discovery of relevant and admissible evidence. Toberoff objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing general and specific objections, Toberoff is willing to meet and confer with Plaintiff regarding the tailoring of this request.

**July 7 Revised Request No. 56**

No. 56(a):  All DOCUMENTS identifying your past, present and/or future role or position in Pacific Pictures Corporation.

No. 56(b):  All DOCUMENTS identifying your past and/or present ownership interest in Pacific Pictures Corporation.

---

[2] Toberoff Request Nos. 57 and 58 are identical to Toberoff Request No. 56 in all respects except the requests involve IP Worldwide and IPW, respectively, rather than Pacific Pictures.  DC seeks the same relief as to each request and the arguments pertaining to each are the same.  Pursuant to Local Rule 37-2, these requests and defendants' responses are fully reproduced in Appendix A hereto.

DC'S NOTICE OF MOT. & MTC TOBEROFF
DEFS' PROD. CORP. RECS. & OTHER DOCS

No. 56(c):  All DOCUMENTS involved in the formation of Pacific Pictures Corporation, including, articles of organization, operating agreements, minutes, filings, business plans.

No. 56(d):  All DOCUMENTS evidencing Pacific Pictures Corporation's past and/or present capital structure, including capital tables or other DOCUMENTS evidencing capital accounts or capital structure.

**Response to July 7 Revised Request Nos. 56(a)-(d)**

Toberoff objects to this request on the grounds that Magistrate Zarefsky specifically denied this request when it was part of DC's original requests (Toberoff Requests Nos. 56-58, IPW Request Nos. 27-31) as "hopelessly overbroad" and as improperly "calling for everything there is about companies with which Mr. Toberoff has been associated." Docket No. 262 at 5. DC's new request is nothing more than an attempt to re-serve its denied requests by dividing it into sub-parts that are still grossly overbroad and encompass wholly irrelevant material.

Toberoff additionally objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive. Toberoff objects to this request on the grounds that it is vague and ambiguous, and lacks sufficient precision to allow him to formulate an appropriate response. Toberoff further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Toberoff further objects to this request in that it seeks the production of items not reasonably calculated to lead to the discovery of relevant and admissible evidence. Toberoff objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.

**September 15 Revised Request No. 56**

No. 56(a):  All DOCUMENTS reflecting YOUR initial role or position in Pacific Pictures Corporation.

No. 56(b):  All DOCUMENTS reflecting any change in YOUR role or position in Pacific Pictures Corporation.

No. 56(c):  All DOCUMENTS reflecting YOUR initial ownership interest in Pacific Pictures Corporation.

- 6 -

No. 56(d):  All DOCUMENTS reflecting any change in YOUR ownership interest in Pacific Pictures Corporation.

No. 56(e):  All DOCUMENTS filed with any government agency concerning the formation of Pacific Pictures Corporation, including articles of organization, operating agreements, filings, business plans.

No. 56(f):  All DOCUMENTS reflecting Pacific Pictures Corporation's initial capital structure, including capital tables or other DOCUMENTS reflecting capital accounts or capital structure.

No. 56(g):  All DOCUMENTS reflecting any change in Pacific Pictures Corporation's capital structure, including capital tables or other DOCUMENTS reflecting capital accounts or capital structure.

**Response to September 15 Revised Request Nos. 56(a)-(g)**

Defendants maintain their objections to these requests, which are nothing more than improper attempts to re-submit requests specifically denied in Magistrate Zarefsky's May 25, 2011 order.

….

DC's proposed "revisions" do no more than split three overbroad requested denied by Magistrate Zarefsky into twenty-one overbroad requests, exacerbating the underlying problem rather than curing it.

1.  DC's Position On Issue 1: DC's Corporate Records Requests To Toberoff Properly Seek Documents Relevant To Its Claims.

Defendants' objections to DC's Corporate Record Requests are largely copied-and-pasted, and thus DC will address them in groups, beginning with DC's requests labeled Toberoff Request Nos. 56 through 58.  In addressing each request, DC has reproduced (above and below) (a) its original request and defendants' original response; (b) DC's revised request and defendants' response; and (c) DC's finally revised request and defendants' final response.

*a. The documents DC seeks are relevant to its alter-ego claim.*  The corporate records DC seeks are directly relevant to its claim in this case—set forth in paragraph 23 of its complaint—that Toberoff and the corporate defendants are alter egos of one another, and he is liable for their conduct and vice versa:

Toberoff is the alter ego of Pacific Pictures, IP Worldwide, and IPW,

DC'S NOTICE OF MOT. & MTC TOBEROFF
DEFS' PROD. CORP. RECS. & OTHER DOCS

1      in that there is, and at all relevant times has been, such unity of interest
2  between Toberoff, Pacific Pictures, IP Worldwide, and IPW that any individuality and separateness between them did not and does not
3  exist, and adherence to the fiction of the independent and separate existence of Pacific Pictures, IP Worldwide, and IPW distinct from
4  each other and Toberoff would promote injustice and inequity.

5  Docket No. 49, FAC ¶ 23.

6      The Toberoff Defendants never moved to dismiss or strike these alter-ego

7  claims in well over a hundred pages of motions they filed attacking DC's

8  complaint. *Cf.* Docket Nos. 31, 77, 146-1, 333. Moreover, the Toberoff

9  Defendants' answer—filed after Judge Wright denied their SLAPP motion and

10  defendants abandoned their Rule 12 motion, Docket Nos. 337; 344 ¶ 1—states that

11  the Toberoff Defendants "deny" DC's alter-ego allegations. Docket 347 ¶ 23.

12      DC's alter-ego claim is thus a ripe and important issue in the case. California

13  courts review a wide array of facts in determining whether a company is the "alter

14  ego" of its shareholders or its sister companies. The factors include:

15      Commingling of funds and other assets, failure to segregate funds of
16  the separate entities, and the unauthorized diversion of corporate funds or assets to other than corporate; the treatment by an individual of the
   assets of the corporation as his own; the failure to obtain authority to
17  issue stock or to subscribe to or issue the same; the holding out by an individual that he is personally liable for the debts of the corporation;
18  the failure to maintain minutes or adequate corporate records, and the confusion of the records of the separate entities; the identical equitable
19  ownership in the two entities; the identification of the equitable owners thereof with the domination and control of the two entities;
20  identification of the directors and officers of the two entities in the responsible supervision and management; sole ownership of all of the
21  stock in a corporation by one individual or the members of a family; the use of the same office or business location; the employment of the
22  same employees and/or attorney; the failure to adequately capitalize a corporation; the total absence of corporate assets, and
23  undercapitalization; the use of a corporation as a mere shell, instrumentality or conduit for a single venture or the business of an
24  individual or another corporation; the concealment and misrepresentation of the identity of the responsible ownership,
25  management and financial interest, or concealment of personal business activities; the disregard of legal formalities and the failure to
26  maintain arm's length relationships among related entities; the use of the corporate entity to procure labor, services or merchandise for
27  another person or entity; the diversion of assets from a corporation by or to a stockholder or other person or entity, to the detriment of
28  creditors, or the manipulation of assets and liabilities between entities

DC'S NOTICE OF MOT. & MTC TOBEROFF
DEFS' PROD. CORP. RECS. & OTHER DOCS

1
2
3
4

> so as to concentrate the assets in one and the liabilities in another; the contracting with another with intent to avoid performance by use of a corporate entity as a shield against personal liability, or the use of a corporation as a subterfuge of illegal transactions; and the formation and use of a corporation to transfer to it the existing liability of another person or entity.

5

*Assoc. Vendors, Inc. v. Oakland Meat Co.*, 210 Cal. App. 2d 825, 837-38 (1962);

6

*see also Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 538-39 (2000).

7

As DC discussed with defendants, its document requests at issue in this

8

motion—for documents related to corporate formation, ownership, management

9

structure, minutes of meetings, and capitalization, etc.—all track the operative tests

10

that courts apply in evaluating alter-ego claims. Seto Decl. Ex. 31. Unsurprisingly,

11

courts regularly order defendants to produce exactly this type of evidence when

12

alter-ego claims are asserted. *E.g.*, *Siano Mobile Silicon, Inc. v. Mavcom, Inc.*,

13

2011 WL 1483706, at *1 (N.D. Cal. Apr. 19, 2011) (ordering production of

14

documents showing "overlap of officers, directors, and management" over relevant

15

time period); *Ecco Equip. Corp. v. Central Valley Constr., Inc.*, 2008 WL 5069048,

16

at *1-2 (N.D. Cal. Nov. 26, 2008) (ordering production of corporate and personal

17

finances as relevant to alter-ego claim).[3]

18

Toberoff's three companies have now responded to DC's corporate records

19

requests for this same type of information, and they assert they have no responsive

20

documents beyond the handful of pages they already produced. Seto Decl. Ex. 32

21

at 270-72. The handful of documents they *did* produce is comprised of a printout

22
23
24
25
26
27
28

---

[3] *Accord Columbia Pictures Inds., Inc. v. Bunnell*, 2007 WL 4916964, at *11-12 (C.D. Cal. May 7, 2007) (compelling documents concerning the operations, structure, and financial condition of entities and relationship among entities); *Geophysical Sys. Corp. v. Raytheon Co., Inc.*, 117 F.R.D. 646, 648 (C.D. Cal. 1987) (granting motion to compel documents related to degree of control one corporation exercised over affairs of another); *21X Capital Ltd. v. Werra*, 2008 WL 131918, at *1 (N.D. Cal. Jan. 11, 2008) (compelling documents related to financial dealings between defendants alleged to be alter egos); *Incorp Servs., Inc. v. Nevada Corp. Servs., Inc.*, 2010 WL 2540607, at *7 (D. Nev. June 17, 2010) (ordering production of articles of incorporation, any fictitious name filings, business licenses and list of officers and directors).

- 9 -

DC'S NOTICE OF MOT. & MTC TOBEROFF DEFS' PROD. CORP. RECS. & OTHER DOCS

1   from the New York Department of State website concerning Pacific Pictures; a

2   two-page report done by third-party research company Parasec on IP Worldwide;

3   an agreement between Toberoff, Emanuel, and the Siegels concerning acquisition

4   by Toberoff and Emanuel of Michael Siegel's interest in the putative Superman

5   rights; an agreement between Toberoff and the Siegels extending the term of their

6   October 3, 2002, IP Worldwide agreement to April 2005; and drafts and documents

7   related to IPW's articles of organization. Seto Decl. Ex. 19 at 197-212.

8       This meager production certainly cannot be the universe of documents

9   concerning Toberoff's companies. It is frankly incredible (or strong proof of these

10  companies' alter-ego status) that these companies—which were in existence for

11  years, employed various individuals, had outside investors, entered into a variety of

12  business transactions, and touted their success in various outlets—do not possess

13  any documentation related to their, *e.g.*, formation, ownership structure, operations,

14  finances, by-laws, key executives, employees, officers, or ongoing operations.

15      DC is entitled to an accounting of these basic records and facts, which

16  Toberoff—by refusing to produce any documents himself—refuses to provide.

17  Take, for example, the assets of his companies. DC knows based on documents

18  that the Endeavor talent agency produced in the *Siegel* case that Toberoff and his

19  companies assigned certain Superman (and other) rights and interests to Ari

20  Emanuel, formerly of Endeavor, in exchange for Emanuel's investment of time,

21  contacts, and money. Seto Decl. Ex. 33 at 273-91. Those documents indicate that

22  Emanuel may still have an interest in the putative Superman rights and/or

23  Toberoff's companies, *id.* at 282-83, but Toberoff and the other defendants deny

24  this is the case, *see infra* at 27-31. DC needs a full production of the Toberoff

25  defendants' corporate records to know what their capitalization was and is.

26      The ownership structure of the Toberoff companies also remains unclear and

27  unknown. During meet-and-confer sessions, Toberoff suggested he had at least one

28  limited partner in one of his companies, and that third parties may have invested or

- 10 -

1  held an equity or other stake in his companies. This includes J. Todd Harris—the

2  lone person identified by Toberoff—but whose precise role Toberoff refuses to

3  discuss or disclose. *See* Seto Decl. Ex. 21 at 216. Toberoff also testified during his

4  2006 deposition in *Siegel* that Bruce Karsh was a member of IPW and owned a

5  10% interest in the company. Docket No. 305-17 at 472:13-474:22. The Toberoff

6  defendants have produced *no* documents regarding Karsh's interest or role in IPW

7  (or anyone else for that matter), and DC conducted only a truncated examination of

8  Toberoff in *Siegel* regarding these issues because he objected that ownership

9  interests in his companies had "no connection" to the claims in *Siegel*. *Id.*

10      More confusingly still, the Toberoff defendants in their recently-filed answer

11  deny DC's claim that Toberoff is the sole shareholder of Pacific Pictures; that he is

12  the managing and controlling member of IP Worldwide; and that he is the sole

13  member of IP Worldwide and IPW. Docket No. 347 ¶¶ 14-17. Yet, defendants

14  have produced no documents bearing on these facts, including those disclosing the

15  identity of the Toberoff companies' investors, shareholders, partners, or officers—

16  all of whom need to be identified to test DC's alter-ego claims, *e.g.*, *supra* at 11 &

17  n. 2, and all of whom could be material witnesses in this case, as they witnessed

18  Toberoff's and his companies' dealings (and corporate separateness *vel non*) first

19  hand. This type of information is quintessential alter-ego evidence to which DC is

20  entitled. *E.g., id.*; *Incorp Servs., Inc. v. Nevada Corp. Servs., Inc.,* 2010 WL

21  2540607, at *7 (D. Nev. June 17, 2010) (ordering production of articles of

22  incorporation, business licenses, and current list of officers and directors).

23      As a final example, Toberoff testified in *Siegel* that IP Worldwide employed

24  at least two individuals, one of whom was named "Andrew," and hired interns

25  during the "summer months." Docket No. 305-17 at 471:1-23. Similarly, Toberoff

26  represented that IPW at the time of his November 2006 deposition had two

27  employees: Mark Perrone, who Toberoff described as an "overall assistant"; and

28  Mark Marcum, who Toberoff described as "more of a development person who

DC'S NOTICE OF MOT. & MTC TOBEROFF
DEFS' PROD. CORP. RECS. & OTHER DOCS

1    reads scripts and does coverage of scripts." *Id.* at 471:24-472:12.  No documents

2    identifying the Toberoff companies' employees, assistants, interns, or staff has been

3    provided to DC—all of which are relevant to DC's alter-ego claims.

4        Toberoff argues this Court rejected DC's document requests as overbroad,

5    Seto Decl. Ex. 32 at 270, but DC has not only twice narrowed the requests the

6    Court evaluated, *id.* Exs. 11, 31, DC has shown and explained how its new requests

7    are directly relevant to its alter-ego claims, *id.* Ex. 23 at 228.  Moreover, when this

8    Court denied Toberoff Request Nos. 56-58 as overbroad in May 2011, it reminded

9    the parties that the Local Rules provide that, when a dispute arises, the parties

10   should "describe their proposals to resolve the dispute short of court action."

11   Docket No. 262 at 5.  DC has done exactly that—again and again—over the course

12   of several months.

13       In the face of DC's validly pleaded alter-ego claims, the Toberoff defendants

14   must fully respond to DC's document requests related to this claim.  DC requests

15   this material—*e.g.*, agreements among the Toberoff companies and third parties;

16   corporate formation and structure documents; lists of each companies' owners,

17   managers, and employees; proof of their capitalization; and documents relating to

18   company meetings and operations, including notices, participant lists, minutes, and

19   approvals—all so that it can prove its alter-ego claims.  If no such records exist, DC

20   is entitled to a clear, unequivocal, signed statement by Toberoff that this is the case.

21       *b. The documents DC seeks are relevant to its invalidity and interference*

22   *claims.*  Documents related to the formation of Toberoff's companies, as well as his

23   role and ownership interest in them, are relevant for a second reason: to provide a

24   clear and complete picture of the rights-swapping in which Toberoff engaged with

25   the Shuster and Siegel heirs.  DC must be allowed to discover who owns what

26   interests in the Toberoff companies and related joint ventures, who owns what

27   interests in the Siegel and Shuster heirs' putative rights, and the complete chain of

28   title to those sets of interests, as it prosecutes its federal and state-law claims.

DC'S NOTICE OF MOT. & MTC TOBEROFF
DEFS' PROD. CORP. RECS. & OTHER DOCS

1    Discovering the chain of title of these putative interests is even more

2    significant here, given how aggressive Toberoff has been in moving these rights

3    between various entities, and given the sworn declarations he and defendant Mark

4    Peary submitted about ownership interests, for example, when serving the Shuster

5    termination notice.  Docket No. 305-38.  This shuffling of rights includes:

6    • The joint-venture agreements between Pacific Pictures and the Shusters,

7       in which the latter "transfer[red] and assign[ed] to the Venture [their]

8       rights, title and interests" in Superman.  Docket No. 305-54 at 2066 ¶ 2.

9    • Pacific Pictures contributing its "current IP business," including the

10      Shusters' interests in Superman to IP Worldwide, a company Toberoff

11      formed with Emanuel.  Docket No. 305-20 at 668

12   • And IP Worldwide purportedly assigned all its interests to IPW—a

13      company that Pacific Pictures established.  Seto Decl. Ex. 33 at 282;

14      Docket No. 305-17 at 464:18-465:5.

15   We do not and cannot know what other rights agreements Toberoff made

16   among his companies, with his third-party investors, or with officers or employees

17   of his companies because he has not produced the corporate records or agreements

18   that would evidence this.  We do know that such additional agreements exist,

19   however, and have not been produced based on defendants' admissions during

20   deposition and documents produced by Endeavor.

21   For example, there appears to be an existing contract that provides Emanuel

22   shares in monies received from the putative Superman rights.  Seto Decl. Ex. 33 at

23   282.  Defendants, however, contend Emanuel no longer retains any interest in the

24   rights.  Docket No. 305-24 at 814:3-815:6.  Notably, though, no agreement

25   documenting Emanuel's relinquishment of his contractual interests has ever been

26   produced.  The contradiction between Laura Siegel Larson's deposition testimony

27   on this subject, Toberoff's representations, and the written contract that Endeavor

28   produced is confounding.  In the face of the Endeavor-produced agreement, there

DC'S NOTICE OF MOT. & MTC TOBEROFF
DEFS' PROD. CORP. RECS. & OTHER DOCS

1  must be a contract that supersedes it to strip Emanuel of his rights, as Larson and

2  Toberoff assert is the case.  Yet they have never produced such a document.  DC is

3  entitled to discover exactly who owns what interests and the agreements and related

4  documents evidencing those interests.

5         *c.  Defendants' remaining boilerplate objections should be overruled.*

6  Toberoff also asserts that DC's requests are "compound," "unduly burdensome,"

7  "overly broad," "vague," "oppressive and harassing," and "impose[] extreme

8  hardship," *e.g.,* Appendix A at 35 ¶ 10, but he makes no specific showing to

9  support any of these objections, meaning they all must be overruled, *e.g.,*

10  *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006)

11  ("general or boilerplate objections … are improper—especially when a party fails

12  to submit any evidentiary declarations supporting" them).[4]

13        Moreover, DC has gone to great pains and lengths to describe exactly the

14  sorts of documents it seeks, *e.g.*, Seto Decl. Exs. 1, 11, 23, 31, and Toberoff's

15  claims of ignorance in response are not well-taken.  He has an obligation to respond

16  to the requests to the full extent that he can.  FED. R. CIV. P. 34(b)(2)(C) ("An

17  objection to part of a requests must specify the part and permit inspection of the

18  rest."); W. SCHWARZER, ET AL., FEDERAL CIVIL PROCEDURE BEFORE TRIAL

19  § 11:1914 (Rutter 2010) (citing *Aikens v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533,

20  539 (D. Kan. 2003) ("the responding party still has a duty to respond to the extent

21  the request is not objectionable")); *Thomas v. Cate*, 715 F. Supp. 2d 1012, 1030

22  (E.D. Cal. 2010) (defendants bear "burden to show such vagueness or ambiguity by

23          [4] *Accord Duran v. Cisco Sys., Inc.*, 258 F.R.D. 375, 379 (C.D. Cal. 2009)

24  (rejecting "unexplained and unsupported boilerplate objections" that requests were "overbroad," "burdensome," and "harassing"); *Panola Land Buyers Ass'n v.*

25  *Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985) (rejecting boilerplate "recitation of expense and burdensomeness" as "conclusory").  *Beal v. Marsh & McLennan Cos.*

26  *Personal Accident Ins. Plan*, 2010 WL 5136041, at *4 (C.D. Cal. Dec. 3, 2010) (rejecting objections that "do not explain or analyze [issue] on an individualized

27  basis"); *Everflow Tech. Corp. v. Millennium Elecs. Inc.*, 2009 WL 672985, at *2 (E.D. Cal. Mar. 13, 2009) (objections must be stated "with specificity" and "string

28  objections," including that requests are vague, are improper).

- 14 -      DC'S NOTICE OF MOT. & MTC TOBEROFF
                                    DEFS' PROD. CORP. RECS. & OTHER DOCS

demonstrating that 'more tools beyond mere reason and common sense are
necessary to attribute ordinary definitions to terms").

Defendants also object to each request to the extent "it seeks communications
or items protected by" various privileges. *U.S. v. Martin*, 278 F.3d 988, 999-1000
(9th Cir. 2002). But such "boilerplate objections or blanket refusals inserted into a
response to a Rule 34 request for production of documents are insufficient to assert
a privilege," and should be denied. *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist.
Ct.*, 408 F.3d 1142, 1149 (9th Cir. 2005).

Finally, Toberoff's repeated vague reference to "any other privilege or
immunity available under law" is insufficient. *Supra* at 5-6. He offers no basis for
asserting such privileges, much less what "other" privileges supposedly attach. In
any event, no privilege could possibly attach to the corporate documents and
agreements being sought—most of which are filed with third-party government
agencies, are records of bank accounts, are lists of employees and officers, are
records of meetings and other corporate formalities and operations, or are contracts.

**B.    *Issue* 2:  DC's Corporate Records Requests No. 30 to Pacific
Pictures, No. 30 to IP Worldwide, and No. 25 to IPW.[5]**

**Original Request No. 30**

All DOCUMENTS RELATING to the current corporate status of
PACIFIC PICTURES.

**Response to Original Request No. 30**

Pacific objects to this request on the grounds that it is compound,
overbroad, burdensome and oppressive. Pacific objects to this request on
the grounds that the phrases "RELATING" and "RELATING to the
current corporate status" are vague and ambiguous, and lacks sufficient
precision to allow it to formulate an appropriate response. Pacific further

---

[5] IP Worldwide Request No. 30 and IPW Request No. 25 are identical to Pacific
Pictures Request No. 30 in all respects except the requests involve IP Worldwide
and IPW, respectively, rather than Pacific Pictures. DC seeks the same relief.
Pursuant to Local Rule 37-2, these requests and defendants' responses are fully
reproduced in Appendix A hereto.

DC'S NOTICE OF MOT. & MTC TOBEROFF
                         DEFS' PROD. CORP. RECS. & OTHER DOCS

objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Pacific further objects to this request in that it seeks the production of items not reasonably calculated to lead to the discovery of relevant and admissible evidence. Pacific objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing general and specific objections, Pacific is willing to meet and confer with Plaintiff regarding the tailoring of this request.

**July 7 Revised Request No. 30**

All DOCUMENTS identifying the current corporate status of PACIFIC PICTURES.

**Response to July 7 Revised Request No. 30**

Pacific objects to this request on the grounds that the phrase "identifying the current corporate status" is vague and ambiguous, and lacks sufficient precision to allow it to formulate an appropriate response. Pacific objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive. Pacific objects to this request on the grounds that it is vague and ambiguous, and lacks sufficient precision to allow it to formulate an appropriate response. Pacific further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Pacific further objects to this request in that it seeks the production of items not reasonably calculated to lead to the discovery of relevant and admissible evidence. Pacific objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing general and specific objections, Pacific will produce the responsive, non-privileged documents, if any, consistent with its understanding of this request.

**September 15 Revised Request No. 30**

All DOCUMENTS filed with or received from any government agency reflecting the current corporate status of PACIFIC PICTURES.

**Response to September 15 Revised Request No. 30**

Defendants maintain their objections to these requests, which are nothing more than improper attempts to re-submit requests specifically denied in Magistrate Zarefsky's May 25, 2011 order.

…

As modified, this request seeks documents "filed with or received from any government agency reflecting the current corporate status of [PPC]." Documents that show that PPC was dissolved by proclamation were produced in this action. DC's request is also grossly overbroad, as it effectively asks for every document filed with a government agency regarding PPC (*e.g.*, tax returns).[6]

1.     DC's Position On Issue 2: Defendants' Objections to Producing Documents Reflecting Their Corporate Status Are Improper.

Defendants re-assert the same objections as to Pacific Pictures Request No. 30, IP Worldwide Request No. 30, and IPW Request No. 25 as they did to Toberoff Request Nos. 56-58, which were addressed in the section above. For the reasons above, those objections should be overruled.

a. Defendants further object to the phrase "identifying the current corporate status" of Toberoff's companies' on vagueness grounds—arguing it "lacks sufficient precision to allow [defendants] to formulate an appropriate response." *E.g.,* Appendix A at 51-52. DC's requests are clear, and it has conveyed to defendants exactly the type of documents it seeks. DC seeks documents that evidence the Toberoff companies' continued existence or dissolution and their current status with federal and state regulatory agencies. "It is not ground for objection that the request is 'ambiguous,' unless [it is] so ambiguous that the responding party cannot, in good faith, frame an intelligent reply." *U.S. ex rel. Englund v. Los Angeles Cnty.*, 235 F.R.D. 675, 685 (E.D. Cal. 2006). In response

---

[6] IP Worldwide's response to September 15 Revised Request No. 30 and IPW's response to September 15 Revised Request No. 25 contain the same language, with the relevant defendant being substituted for Pacific Pictures. In addition, IP Worldwide and IPW respond, "Information concerning [IP Worldwide's/IPW's] current corporate status is readily available at http://kepler.sos.ca.gov/cbs.aspx."

DC'S NOTICE OF MOT. & MTC TOBEROFF DEFS' PROD. CORP. RECS. & OTHER DOCS

1   to the requests, defendants have argued that documents they produced "show that

2   PPC was dissolved by proclamation…." *Supra* at 17 (PPC Request No. 30).

3   Clearly defendants understand the thrust of this request; they just do not wish to

4   honor it.

5        b. Defendants also argue the requests are "grossly overbroad, as [they]

6   effectively ask[] for every document filed with a government agency," including

7   "tax returns."  Appendix A at 52.  These specific requests do not seek tax filings,

8   but tax returns are responsive and relevant to these companies' capitalization (and

9   DC's other requests), especially if defendants continue to refuse to produce other

10   corporate records that fully address this subject. *See Del Campo v. American*

11   *Corrective Counseling Servs., Inc.*, 2008 WL 4858502, at *3-5 (N.D. Cal. Nov. 10,

12   2008) (compelling financial records to prove siphoning or commingling of funds,

13   misuse of assets, and undercapitalization); *TC Skyrocket, LLC v. Superskyrocket,*

14   *LLC*, 2007 WL 1110723, at *1 (S.D. Cal. March 29, 2007) (compelling production

15   of tax returns in alter-ego case); *Irwin v. Mascott*, 2000 WL 35890723, at *6-7

16   (N.D. Cal. Aug. 28, 2000) (compelling production of tax returns of entity alleged to

17   be alter ego of defendant).  If defendants had specific categories of documents they

18   did not want to collect or not produce (like tax returns) on some specific ground, it

19   was incumbent on them to identify them and negotiate a compromise. *E.g., Duran*

20   *v. Cisco Sys., Inc.* (258 F.R.D. 375, 379 (C.D. Cal. 2009); *E.E.O.C. v. Outback*

21   *Steakhouse of Fla., Inc.*, 251 F.R.D. 603, 608 (D. Colo. 2008); *Panola Land Buyers*

22   *Ass'n v.* Shuman, 762 F.2d 1550, 1559 (11th Cir. 1985).  Instead, they stonewalled,

23   and in so doing, waived any such objections. *See Aikens*, 217 F.R.D. at 539.

24        c. Defendants finally assert that Pacific Pictures was "dissolved by

25   proclamation," and note that a government website collects documents related to IP

26   Worldwide and IPW.  Appendix A at 52.  Neither of these responses is complete, as

27   defendants have not produced the documents that they themselves filed with the

28   government or prepared for their shareholders or members when they dissolved,

DC'S NOTICE OF MOT. & MTC TOBEROFF
DEFS' PROD. CORP. RECS. & OTHER DOCS

and because DC is entitled to a clear picture, based on *defendants'* own documents,

showing how these companies dissolved—and how their assets and rights were

disposed of (an issue targeted by DC's earlier requests).

## C.   *Issue 3*:  Toberoff Defendants' General Objections.

[Toberoff's] Objections To The Entire Request[7]

Toberoff objects to the entire Request on each of the following

grounds and incorporates by reference each of the following objections

into his response to each individual request for documents within it:

1.    Toberoff objects to each individual request within the

Request to the extent it is relevant only to the Fourth through Sixth state

law claims for relief in DC's First Amended Complaint ("FAC").

Defendants contend that their pending anti-SLAPP motion stays

discovery regarding these state law claims, as well as the related Third

Claim for Relief. *See* Cal. Code Civ. Proc. § 425.16(g); *Shady Grove

Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 130 S. Ct. 1431, 1452

(2010) (Stevens, J., concurring); *Batzel v. Smith*, 333 F.3d 1018, 1024

(9th Cir. 2003); *Godin v. Schencks*, 2010 U.S. App. LEXIS 25980 (lst

Cir. Dec. 22, 2010).

2.    To the extent the Request and each document request therein

seeks documents concerning an agreement between the Shusters and

Siegels to act collectively in negotiations with DC regarding the

settlement of their termination claims ("Collective Bargaining"),

Toberoff objects on the following grounds: the privilege on such

agreement was upheld by the Court's April 11, 2011 order. Furthermore,

any documents that exist relating to Collective Bargaining contain and

memorialize attorney-client privileged communications and attorney

work product and reveal sensitive settlement strategy that would give DC

an unfair advantage. Moreover, any Collective Bargaining documents

were prepared in connection with settlement mediation in the closely

related cases *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et*

---

[7] Defendants Marc Toberoff, Pacific Pictures Corporation, IP Worldwide, LLC, and IPW, LLC assert the same general objections to DC's document requests. Pursuant to Local Rule 37-2, these objections are fully reproduced in Appendix A hereto.

DC'S NOTICE OF MOT. & MTC TOBEROFF
DEFS' PROD. CORP. RECS. & OTHER DOCS

*al.*, Case No. 04-CV-8400 ODW (RZx) and *Joanne Siegel, et al. v. Time Warner Inc., et al.*, Case No. 04-CV-8766 ODW (RZx) (collectively "*Siegel Litigation*") and the use of such information plainly violates the parties' May 1, 2008 JAMS Confidentiality Agreement.

3.     Where applicable, Toberoff, in responding to each Request, interprets each Request in light of the statements made in DC's July 7, 2011 letter, and DC's revision of the term "RELATING" to mean "refer to or bear on."

4.     Toberoff objects to the Request and each document request therein to the extent that it seeks the production of any item, or portion thereof, that has already been the subject of motion practice in this case or the *Siegel* Litigation, and specifically to the extent that the Request seeks discovery barred by the Court's April 11, 2011, May 25, 2011 and/or June 20, 2011 orders.

5.     Toberoff objects to the Request and each document request therein to the extent that it seeks the production of any item, or portion thereof, comprising or reflecting information transmitted and maintained in confidence between Toberoff or any person or entity acting on his behalf and his counsel and/or one or more of his clients for the purpose of obtaining legal advice or representation, on the grounds that such information is protected from disclosure by the attorney-client privilege and the joint-interest privilege. Such documents will not be produced in response to the request, and any inadvertent production thereof shall not be deemed a waiver of any privilege or doctrine with respect to such documents. With respect to such documents, Toberoff hereby incorporates by reference the privilege logs served by the Defendants in this action on December 15, 2010, and any logs served by Defendants thereafter.

6.     Toberoff objects to the Request and each document request therein to the extent that it seeks the production of any item, or portion thereof, comprising or reflecting information with any confidential impression, conclusion, opinion, legal research, or legal theory of counsel for Toberoff or any other person or entity, on the grounds that such information is protected from disclosure by the attorney work product doctrine. Such documents will not be produced in response to the request,

DC'S NOTICE OF MOT. & MTC TOBEROFF DEFS' PROD. CORP. RECS. & OTHER DOCS

and any inadvertent production thereof shall not be deemed a waiver of any privilege or doctrine with respect to such documents. With respect to such documents, Toberoff hereby incorporates by reference the privilege logs served by the Defendants in this action on December 15, 2010.

7.     Toberoff objects to the Request and each document request therein to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence, on the grounds that it exceeds the permissible scope of discovery delimited by Rule 26(b)(1) of the Federal Rules of Civil Procedure.

8.     Toberoff objects to the Request and each document request therein to the extent that it seeks the production of any item, or portion thereof, comprising or reflecting any trade secret or other confidential or proprietary information of Toberoff or any other entity or person.

9.     Toberoff objects to the Request and each document request therein to the extent that it seeks the production of any item, or portion thereof, which is protected from disclosure by court order, or any privacy or similar rights of any person or entity.

10.     Toberoff objects to the Request and each document request therein to the extent that it is unduly burdensome, overly broad, imposes extreme hardship, is oppressive and harassing, or would result in the expenditure of unnecessary time and resources.

11.     Toberoff objects to the Request and each document request therein to the extent that the expense of producing documents outweighs the likely benefit of discovery provided to Plaintiff.

12.     Toberoff objects to the Request and each document request therein to the extent that it seeks the production of duplicative identical items, or documents or information already in Plaintiff s possession, or by reason of public filing, publication or otherwise are readily accessible to Plaintiff through other means.

13.     Toberoff objects to the Request and each document request therein to the extent that it seeks the production of any item which has been served, filed, or transmitted in the course of this action, on the grounds that such production would be burdensome, oppressive, and unnecessary.

DC'S NOTICE OF MOT. & MTC TOBEROFF DEFS' PROD. CORP. RECS. & OTHER DOCS

14. Toberoff objects to the Request and each document request therein to the extent that it seeks the production of any item which has already been produced, served, or filed in the course of the related actions *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al*., Case No. 04-CV-8400 ODW (RZx) and *Joanne Siegel, et al. v. Time Warner Inc., et al*., Case No. 04-CV-8766 ODW (RZx) (collectively "*Siegel* Litigation"), on the grounds that such production would be duplicative, burdensome, oppressive, and unnecessary.

15. In making any document production, Toberoff will reference by their Bates numbers documents already produced to DC in the *Siegel* Litigation, rather than re-copy and reproduce such documents. Toberoff will not produce or designate by Bates numbers documents Toberoff obtained solely as a result of a document production by the other side in the *Siegel* Litigation.

16. Consistent with the agreement governing privilege logs negotiated by the parties concerning plaintiff and other defendants, Toberoff will not log privileged communications or attorney work-product documents in either this case or the *Siegel Litigation*s, that (a) are internal communications by defendants' counsel at the law firms of Toberoff & Associates, P.C. and Kendall Brill & Klieger, L.L.P., or (b) between Toberoff & Associates P.C. and defendants' counsel at the law firm of Kendall, Brill & Klieger LLP. Logging such documents would constitute an extraordinary interference by DC in the affairs of its opposing counsel in both this action and the ongoing *Siegel* Litigation.

17. Toberoff objects to the Request and each document request therein to the extent that it seeks the production of any item or document that is not the property of Toberoff. Toberoff will not produce any items or documents that are the property of any other person or entity.

18. Toberoff objects to the Request and each document request therein and to the definitions and instructions therein to the extent that they purport to alter or extend Toberoff s obligations beyond those established by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Central District of California, or any order or ruling by the Court in this action.

19. Toberoff objects generally to the definitions of the terms

DC'S NOTICE OF MOT. & MTC TOBEROFF
DEFS' PROD. CORP. RECS. & OTHER DOCS

"YOU" and "YOUR" as vague and ambiguous, overbroad and unduly
burdensome, especially with respect to the definition's reference to
"attorneys". Toberoff will construe these terms to refer to Toberoff.

20.     Toberoff objects generally to the definitions of the terms
"DEFENDANT" and "DEFENDANTS" as vague and ambiguous,
overbroad and unduly burdensome, especially with respect to the
definition's reference to "attorneys". Toberoff will construe these terms
to refer only to the specific defendants in this action.

21.     Toberoff objects generally to the definition of the term
"SHUSTER HEIRS" as vague and ambiguous, overbroad and unduly
burdensome, especially with respect to the definition's reference to
"attorneys". Solely for the purposes of these responses, and for no other
purpose, Toberoff will construe this term to refer only to the Estate of
Joseph Shuster, Jean Peavy, Mark Peary, Dawn Peavy and Frank Shuster.

22.     Toberoff objects generally to the definition of the term
"SIEGEL HEIRS" as vague and ambiguous, overbroad and unduly
burdensome, especially with respect to the definition's reference to
"attorneys". Solely for the purposes of these responses, and for no other
purpose, Toberoff will construe this term to refer only to Joanne Siegel
and Laura Siegel Larson.

23.     Toberoff reserves the right to revise, amend, supplement or
clarify any of the objections set forth herein.

1.     <u>DC's Position On Issue 3: None of Defendants' Boilerplate
Objections Has Merit.</u>

Defendants' boilerplate general objections to DC's requests are without merit
and, under the law, amount to no objection at all.  Each should be overruled:

• <u>SLAPP Motion</u>.  Defendants' objection based on their pending SLAPP
motion has been overruled multiple times.  Docket Nos. 72, 117.  Judge
Wright denied defendants' motion, Docket No. 337, and discovery may
proceed on DC's claims even though defendants have appealed Judge
Wright's SLAPP order on their state-law claims.  Docket No. 341.

• <u>General Objections Based On Privilege, Relevance, Burden, and</u>

DC'S NOTICE OF MOT. & MTC TOBEROFF
DEFS' PROD. CORP. RECS. & OTHER DOCS

Vagueness.  Defendants' non-specific objections in each of these categories should be overruled for all the reasons above.  *Supra* at 7-15, 18-19.

- "Protected Information."  Defendants make no effort to identify particular information, if any, that is protected from disclosure as a trade secret, confidential or proprietary information, or by court order or any privacy or similar rights.  *E.g.,* Appendix A at 35 ¶¶ 8-9.  Such conclusory claims of confidentiality are inadequate; the party resisting discovery must show that the information it seeks to protect is confidential or that its disclosure would cause harm.  *E.g., Nat'l Acad. or Recording Arts & Scis., Inc. v. On Point Events, LP*, 256 F.R.D. 678, 683 (C.D. Cal. 2009).

- "Additional Obligations."  Defendants lastly object to the extent DC's requests "purport to alter or extend" their obligations under existing law.  *E.g.*, Appendix A at 36 ¶ 18.  Defendants point to no example where DC makes any request outside the discovery rules—and there is none.

**D.**    *Issue 4*:  **Agreements with Ari Emanuel And Third Parties**
**Original Request Nos. 35-38**

No. 35:  All DOCUMENTS RELATING to Ari Emanuel.

No. 36:  All DOCUMENTS RELATING to any COMMUNICATIONS with Ari Emanuel.

No. 37:  All DOCUMENTS RELATING to the Memorandum of Agreement dated February 2, 2002 that YOU signed with Ari Emanuel.

No. 38:  All DOCUMENTS RELATING to any contributions by YOU to the IP Worldwide joint venture dated February 2, 2002 between DEFENDANT Pacific Pictures Corporation and Ari Emanuel.

**Response to Original Request Nos. 35-38**

Toberoff objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive. Toberoff objects to this request on the grounds that the term "RELATING" is vague and ambiguous, and lacks sufficient precision to allow him to formulate an appropriate response. Toberoff further objects to this request on the grounds that it is

DC'S NOTICE OF MOT. & MTC TOBEROFF
DEFS' PROD. CORP. RECS. & OTHER DOCS

indefinite as to time and not reasonably limited in scope. Toberoff further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Toberoff additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing general and specific objections, Toberoff is willing to meet and confer with Plaintiff regarding the tailoring of this request.

**DC's February 17 Revised Request**

[A]ll documents (and necessary privilege logs) RELATING to: (1) Superman and/or Superboy; (b) the Siegel and Shuster Heirs; (c) any of the other named defendants in this case; or (d) the business and/or economic relationship(s) between any of the named defendants in this case and Mr. Emanuel.

**Defendants' February 18 Revised Request**

All non-privileged communications between Mr. Emanuel and any defendant relating to Superman, Superboy; the Siegel Heirs and/or Shuster Heirs.

**May 25, 2011 Order**

Requests 35-38 address Mr. Toberoff's relationship with agent Ari Emanuel. The Court agrees that the requests are overbroad, in that they call for everything, not just documents that relate to the issues in this lawsuit. The Local Rules provide that where this is a dispute, the parties shall describe their proposals to resolve the dispute short of court action. L.R. 37-2.1. Defendants' proposal was the more reasonable. *Accordingly, Defendants shall produce documents in these categories that pertain to Superman, Superboy, the Siegels or the Shusters.* (Emphasis added).

       1.    <u>DC's Position On Issue 4: Defendants Must Produce Documents Relating To Their Business Dealings With Third Parties.</u>

The final category of documents DC seeks relate to agreements the Toberoff

DC'S NOTICE OF MOT. & MTC TOBEROFF DEFS' PROD. CORP. RECS. & OTHER DOCS

1    defendants entered into with Ari Emanuel, formerly of the Endeavor talent agency,

2    and other third parties.  Emanuel's company, Endeavor, produced in the *Siegel* case

3    142 pages of documents comprised of a February 2002 agreement with the

4    Toberoff Defendants, an August 2004 agreement with the Toberoff defendants, and

5    various drafts of both.  Seto Decl. Ex. 33.

6         The Toberoff Defendants *have never produced their copies of any of these*

7    *agreements, drafts, or related correspondence*, nor listed them on any privilege log

8    to DC's knowledge.  As noted above, this Court has ruled that Defendants must

9    produce Emanuel-related documents "that pertain to Superman, Superboy, the

10   Siegels or the Shusters."  Docket No. 262 at 5.

11        According to the documents produced by Endeavor in February 2002, Pacific

12   Pictures, Toberoff, and Emanuel created the standalone entertainment joint venture

13   IP Worldwide "to acquire and exploit intellectual property rights."  Docket No.

14   205-20 at 668.  By operation of a contract executed February 12, 2002, Pacific

15   Pictures (Toberoff's company) contributed to the joint venture its "current IP

16   business."  *Id.*  Because the Shuster family had by virtue of a contract dated

17   November 23, 2001, transferred their putative Superman rights to a joint venture

18   half-owned by Pacific Pictures, Docket No. 305-54 at 2066 ¶ 2, the "current IP

19   business" that IP Worldwide obtained included the Shusters' Superman rights.

20        As part of a "Winding Up Agreement" signed in August 2004—by Emanuel,

21   on behalf of himself and IP Worldwide, and Toberoff, on behalf of Pacific Pictures

22   and IP Worldwide—IP Worldwide assigned all its assets to IPW.  Seto Decl. Ex. 33

23   at 281-91.  The agreement purports to "wind up" the business of IP Worldwide.  On

24   its face, however, the August 2004 Agreement provides that Emanuel will continue

25   receiving monies from IP Worldwide's contracts, specifically the IP Worldwide

26   contract with the Siegel heirs concerning their putative Superman rights, Seto Decl.

27   Ex. 33 at 286.  The agreement states:

28

- 26 -

4.    Distribution of Revenues

One hundred percent (100%) of the Company's gross revenues from the Company Contracts for the full direction of each respective contract and Company Receivables, but excluding any producing fees as under the JV Agreement ("Revenues") will be payable in the following order and priority:

> a.  The sum of $ [redacted] to PPC (f/s/o Marc Toberoff) as deferred accrued salary for Year thereafter,
>
> b.  The sum of $ [redacted] to [Emanuel] in recoupment of Year 2 and Extended Term Expenses; thereafter
>
> c.  The sum of $ [redacted] to PPC (f/s/o Marc Toberoff) as deferred accrued salary for the Extended Term.
>
> d.  One-third (1/3 of the sums payable per paragraph 4 (a-c) to IPW,LLC [*sic*] (as the agreed deferred overhead factor).
>
> e.  Thereafter, after the deduction and retention by Newco of one-third (1/3) of such Revenues (as the agreed overhead factor), Revenues will be divided and payable fifty percent (50%) to Newco and fifty percent (50%) to [Emanuel]. *Id.* at 282.

In meet-and-confer discussions in this case, Toberoff now claims that Emanuel has no interest in the Shusters' or Siegels' putative Superman rights—that the business relationship between Toberoff, his companies, and Emanuel has been wound down.  Larson likewise testified at her July 22 deposition that she does not believe Emanuel is entitled to monies from the Siegels' termination interests:

> Q. Are you aware of any ongoing role that Ari Emanuel plays --
> A. I'm not --
> Q. -- with respect to your Superman rights?
> A. I'm not aware of that.
> Q. Are you aware of any financial arrangement that may exist with respect to the services of Ari Emanuel regarding any transaction for your Superman rights?
> A. I am not aware of anything like that.
> *Q. So for example, if your Superman rights were sold in a transaction to Paramount Pictures, to your knowledge, would Ari Emanuel receive a fee of any kind?*
> *A. I don't believe so.*

DC'S NOTICE OF MOT. & MTC TOBEROFF
DEFS' PROD. CORP. RECS. & OTHER DOCS

1
2
3

> Q. It's your view that you have no current agreements with him at all;
> is that right?
> A. I believe so, yes.  Docket No. 305-24 at 814:3-815:6 (emphasis
> added).

4    Defendants, however, have produced no document evidencing Emanuel

5    relinquishing his interests in the Toberoff companies or the heirs' putative

6    Superman rights.  Nor have any documents been produced concerning Emanuel's

7    relationship with the Toberoff companies being modified or coming to an end.  The

8    documents produced by Endeavor and defendants' claims in deposition cannot be

9    reconciled.  DC needs the underlying Emanuel documents that the Toberoff

10   defendants possess—in unredacted form—to test the veracity and completeness of

11   the Toberoff defendants' assertions and to what Emanuel and any other third parties

12   own or have been promised.

13   Moreover, the documents produced by Endeavor were heavily redacted,

14   omitting entire appendices of both agreements—half of the total content of the

15   individual agreements.  *E.g., id.* at 286-91.  The purpose and content of the

16   agreements, as well as notes contained in the related drafts, suggest that material

17   redacted in the Endeavor-produced documents "pertain to Superman, Superboy, the

18   Siegels or the Shusters."  Docket No. 262 at 5.  By way of example, the last page of

19   the Endeavor production—a page from a draft of the August 2004 agreement—is

20   completely redacted except for Toberoff's name and this handwritten note:

21
22
23



24   Seto Decl. Ex. 33 at 414.  The note states:  "Superman - may find problem now, but

25   doesn't surface until after the term."  *Id.*

26   DC asked the Toberoff Defendants to produce this document in unredacted

27   form.  *Id.* Ex. 23 at 227.  They not only refuse to do so—citing no explanation why

28   they do not possess these obviously responsive and important agreements and drafts

DC'S NOTICE OF MOT. & MTC TOBEROFF
DEFS' PROD. CORP. RECS. & OTHER DOCS

1    in their files—but take the implausible position that the redactions have nothing to

2    do with Superman, even though the marginalia on the Endeavor document clearly

3    references "Superman."  *Id.* Ex. 26 at 239.  Such denials cannot be believed,

4    especially now, given the way the Toberoff Defendants have misrepresented other

5    documents and materials that they have withheld and have been ordered to

6    produce—both by this Court and Judge Wright.  Docket Nos. 209, 336.

7        Defendants should be ordered to produce their own unredacted copies of the

8    February 2002 agreement, the August 2004 agreement, and all drafts and related

9    documents, including the documents produced by Endeavor as EN 00001-142.

10   Defendants clearly possess the documents given their assertions regarding the

11   redacted content.  *See* Seto Decl. Ex. 26 at 239.  Defendants also cannot meet their

12   burden to show the redactions are proper.  *See Lucent Techs. Inc. v. Microsoft*

13   *Corp.*, 2011 WL 765841, at *1 (S.D. Cal. Feb. 25, 2011) (denying motion to redact

14   documents based on changed circumstances since original confidential

15   designation); *Del Campo*, 2008 WL 4177916, at *3 (N.D. Cal. Sept. 8, 2008) (no

16   showing of harm from disclosure of reports 3-4 years old).

17       Because defendants have so conspicuously hidden the details of their

18   agreements among each other and with Emanuel, they should ordered generally to

19   produce all documents relating to agreements with Emanuel, Endeavor, or any other

20   third party "that pertain to Superman, Superboy, the Siegels or the Shusters,"

21   Docket No. 262 at 5, including all drafts and related correspondence.  DC's

22   document requests call for such materials, and there should be a court order

23   affirming defendants' obligation to produce all such documents.  *Supra* at 26-27.[8]

24   _____

25       [8] *E.g.,* Docket No. 207-5 at 19 (Toberoff Request Nos. 32-33 ("All
     DOCUMENTS RELATING to any past, current, or planned partnership or strategic
26   alliance between YOU and any individual or entity RELATING to any
     DEFENDANTS" or "to any intellectual property rights.")); *id.* at 30 (IPW Request
27   No. 32 ("All DOCUMENTS RELATING to any past, current, or planned
     partnership or strategic alliance between IPW and any individual or entity.")); *id.* at
28   39 (IP Worldwide Request No. 37 (same)); *id.* at 47 (Pacific Pictures Request No.

DC'S NOTICE OF MOT. & MTC TOBEROFF
DEFS' PROD. CORP. RECS. & OTHER DOCS

1    **IV.    CONCLUSION**

2            For the foregoing reasons, DC's motion should be granted.

3    Dated:          January 23, 2012                    Respectfully Submitted,
                                                         O'MELVENY & MYERS LLP
4

5                                                        By: /s/ Daniel M. Petrocelli
6                                                            Daniel M. Petrocelli
                                                            Attorneys for Plaintiff DC Comics
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28    36 (same)).

DC'S NOTICE OF MOT. & MTC TOBEROFF
                                                         DEFS' PROD. CORP. RECS. & OTHER DOCS

# APPENDIX A

**A. Defendant Marc Toberoff's July 15, 2011, General Objections:**

Toberoff objects to the entire Request on each of the following grounds and incorporates by reference each of the following objections into his response to each individual request for documents within it:

1. Toberoff objects to each individual request within the Request to the extent it is relevant only to the Fourth through Sixth state law claims for relief in DC's First Amended Complaint ("FAC"). Defendants contend that their pending anti-SLAPP motion stays discovery regarding these state law claims, as well as the related Third Claim for Relief. *See* Cal. Code Civ. Proc. § 425.16(g); *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 130 S. Ct. 1431, 1452 (2010) (Stevens, J., concurring); *Batzel v. Smith*, 333 F.3d 1018, 1024 (9th Cir. 2003); *Godin v. Schencks*, 2010 U.S. App. LEXIS 25980 (lst Cir. Dec. 22, 2010).

2. To the extent the Request and each document request therein seeks documents concerning an agreement between the Shusters and Siegels to act collectively in negotiations with DC regarding the settlement of their termination claims ("Collective Bargaining"), Toberoff objects on the following grounds: the privilege on such agreement was upheld by the Court's April 11, 2011 order. Furthermore, any documents that exist relating to Collective Bargaining contain and memorialize attorney-client privileged communications and attorney work product and reveal sensitive settlement strategy that would give DC an unfair advantage. Moreover, any Collective Bargaining documents were prepared in connection with settlement mediation in the closely related cases *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-CV-8400 ODW (RZx) and *Joanne Siegel, et al. v. Time Warner Inc., et al.*, Case No. 04-CV-8766 ODW (RZx) (collectively "*Siegel Litigation*") and the use of such information plainly violates the parties' May 1, 2008 JAMS Confidentiality Agreement.

3. Where applicable, Toberoff, in responding to each Request, interprets each Request in light of the statements made in DC's July 7, 2011 letter, and DC's revision of the term "RELATING" to mean "refer to or bear on."

DC'S NOTICE OF MOT. & MTC TOBEROFF
DEFS' PROD. CORP. RECS. & OTHER DOCS

4.      Toberoff objects to the Request and each document request therein to the extent that it seeks the production of any item, or portion thereof, that has already been the subject of motion practice in this case or the *Siegel* Litigation, and specifically to the extent that the Request seeks discovery barred by the Court's April 11, 2011, May 25, 2011 and/or June 20, 2011 orders.

5.      Toberoff objects to the Request and each document request therein to the extent that it seeks the production of any item, or portion thereof, comprising or reflecting information transmitted and maintained in confidence between Toberoff or any person or entity acting on his behalf and his counsel and/or one or more of his clients for the purpose of obtaining legal advice or representation, on the grounds that such information is protected from disclosure by the attorney-client privilege and the joint-interest privilege. Such documents will not be produced in response to the request, and any inadvertent production thereof shall not be deemed a waiver of any privilege or doctrine with respect to such documents. With respect to such documents, Toberoff hereby incorporates by reference the privilege logs served by the Defendants in this action on December 15, 2010, and any logs served by Defendants thereafter.

6.      Toberoff objects to the Request and each document request therein to the extent that it seeks the production of any item, or portion thereof, comprising or reflecting information with any confidential impression, conclusion, opinion, legal research, or legal theory of counsel for Toberoff or any other person or entity, on the grounds that such information is protected from disclosure by the attorney work product doctrine. Such documents will not be produced in response to the request, and any inadvertent production thereof shall not be deemed a waiver of any privilege or doctrine with respect to such documents. With respect to such documents, Toberoff hereby incorporates by reference the privilege logs served by the Defendants in this action on December 15, 2010.

7.      Toberoff objects to the Request and each document request therein to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of

DC'S NOTICE OF MOT. & MTC TOBEROFF
DEFS' PROD. CORP. RECS. & OTHER DOCS

relevant and admissible evidence, on the grounds that it exceeds the permissible scope of discovery delimited by Rule 26(b)(1) of the Federal Rules of Civil Procedure.

8.      Toberoff objects to the Request and each document request therein to the extent that it seeks the production of any item, or portion thereof, comprising or reflecting any trade secret or other confidential or proprietary information of Toberoff or any other entity or person.

9.      Toberoff objects to the Request and each document request therein to the extent that it seeks the production of any item, or portion thereof, which is protected from disclosure by court order, or any privacy or similar rights of any person or entity.

10.      Toberoff objects to the Request and each document request therein to the extent that it is unduly burdensome, overly broad, imposes extreme hardship, is oppressive and harassing, or would result in the expenditure of unnecessary time and resources.

11.      Toberoff objects to the Request and each document request therein to the extent that the expense of producing documents outweighs the likely benefit of discovery provided to Plaintiff.

12.      Toberoff objects to the Request and each document request therein to the extent that it seeks the production of duplicative identical items, or documents or information already in Plaintiff s possession, or by reason of public filing, publication or otherwise are readily accessible to Plaintiff through other means.

13.      Toberoff objects to the Request and each document request therein to the extent that it seeks the production of any item which has been served, filed, or transmitted in the course of this action, on the grounds that such production would be burdensome, oppressive, and unnecessary.

14.      Toberoff objects to the Request and each document request therein to the extent that it seeks the production of any item which has already been produced, served, or filed in the course of the related actions *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al*., Case No. 04-CV-8400 ODW (RZx) and *Joanne Siegel, et al. v. Time Warner Inc., et al*., Case No. 04-CV-8766 ODW (RZx) (collectively "*Siegel* Litigation"), on the

grounds that such production would be duplicative, burdensome, oppressive, and unnecessary.

15.    In making any document production, Toberoff will reference by their Bates numbers documents already produced to DC in the *Siegel* Litigation, rather than re-copy and reproduce such documents. Toberoff will not produce or designate by Bates numbers documents Toberoff obtained solely as a result of a document production by the other side in the *Siegel* Litigation.

16.    Consistent with the agreement governing privilege logs negotiated by the parties concerning plaintiff and other defendants, Toberoff will not log privileged communications or attorney work-product documents in either this case or the *Siegel Litigation*s, that (a) are internal communications by defendants' counsel at the law firms of Toberoff & Associates, P.C. and Kendall Brill & Klieger, L.L.P., or (b) between Toberoff & Associates P.0 and defendants' counsel at the law firm of Kendall, Brill & Klieger LLP. Logging such documents would constitute an extraordinary interference by DC in the affairs of its opposing counsel in both this action and the ongoing *Siegel* Litigation.

17.    Toberoff objects to the Request and each document request therein to the extent that it seeks the production of any item or document that is not the property of Toberoff. Toberoff will not produce any items or documents that are the property of any other person or entity.

18.    Toberoff objects to the Request and each document request therein and to the definitions and instructions therein to the extent that they purport to alter or extend Toberoff s obligations beyond those established by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Central District of California, or any order or ruling by the Court in this action.

19.    Toberoff objects generally to the definitions of the terms "YOU" and "YOUR" as vague and ambiguous, overbroad and unduly burdensome, especially with respect to the definition's reference to "attorneys". Toberoff will construe these terms to refer to Toberoff.

20.    Toberoff objects generally to the definitions of the terms

DC'S NOTICE OF MOT. & MTC TOBEROFF DEFS' PROD. CORP. RECS. & OTHER DOCS

"DEFENDANT" and "DEFENDANTS" as vague and ambiguous, overbroad and unduly burdensome, especially with respect to the definition's reference to "attorneys". Toberoff will construe these terms to refer only to the specific defendants in this action.

21.    Toberoff objects generally to the definition of the term "SHUSTER HEIRS" as vague and ambiguous, overbroad and unduly burdensome, especially with respect to the definition's reference to "attorneys". Solely for the purposes of these responses, and for no other purpose, Toberoff will construe this term to refer only to the Estate of Joseph Shuster, Jean Peavy, Mark Peary, Dawn Peavy and Frank Shuster.

22.    Toberoff objects generally to the definition of the term "SIEGEL HEIRS" as vague and ambiguous, overbroad and unduly burdensome, especially with respect to the definition's reference to "attorneys". Solely for the purposes of these responses, and for no other purpose, Toberoff will construe this term to refer only to Joanne Siegel and Laura Siegel Larson.

23.    Toberoff reserves the right to revise, amend, supplement or clarify any of the objections set forth herein.

**B. Toberoff's Specific Responses To Individual Requests:**

<u>Toberoff Request No. 56</u>

**<u>Original Request No. 56</u>**

All DOCUMENTS RELATING to your role and ownership interest in Pacific Pictures Corporation, including, articles of organization, operating agreements, minutes, capital tables or other DOCUMENTS evidencing capital accounts or capital structure, filings, income statements, business plans, etc.

**<u>Response to Original Request No. 56</u>**

Toberoff objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive. Toberoff objects to this request on the grounds that the phrase "RELATING to your role and ownership interest" is vague and ambiguous, and lacks sufficient precision to allow him to formulate an appropriate response. Toberoff further objects to this request on the grounds that it is indefinite as to time and not reasonably

limited in scope. Toberoff further objects to this request in that it seeks the production of items not reasonably calculated to lead to the discovery of relevant and admissible evidence. Toberoff objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing general and specific objections, Toberoff is willing to meet and confer with Plaintiff regarding the tailoring of this request.

**July 7 Revised Request Nos. 56(a)-(d)**

No. 56(a):  All DOCUMENTS identifying your past, present and/or future role or position in Pacific Pictures Corporation.

No. 56(b):  All DOCUMENTS identifying your past and/or present ownership interest in Pacific Pictures Corporation.

No. 56(c):  All DOCUMENTS involved in the formation of Pacific Pictures Corporation, including, articles of organization, operating agreements, minutes, filings, business plans.

No. 56(d):  All DOCUMENTS evidencing Pacific Pictures Corporation's past and/or present capital structure, including capital tables or other DOCUMENTS evidencing capital accounts or capital structure.

**Responses to July 7 Revised Request Nos. 56(a)-(d)**

Toberoff objects to this request on the grounds that Magistrate Zarefsky specifically denied this request when it was part of DC's original requests (Toberoff Requests Nos. 56-58, IPW Request Nos. 27-31) as "hopelessly overbroad" and as improperly "calling for everything there is about companies with which Mr. Toberoff has been associated." Docket No. 262 at 5. DC's new request is nothing more than an attempt to re-serve its denied requests by dividing it into sub-parts that are still grossly overbroad and encompass wholly irrelevant material.

Toberoff additionally objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive. Toberoff objects to this request on the grounds that it is vague and ambiguous, and lacks sufficient precision to allow him to formulate an appropriate response. Toberoff further objects to this request on the grounds that it is indefinite

DC'S NOTICE OF MOT. & MTC TOBEROFF
DEFS' PROD. CORP. RECS. & OTHER DOCS

as to time and not reasonably limited in scope. Toberoff further objects to this request in that it seeks the production of items not reasonably calculated to lead to the discovery of relevant and admissible evidence. Toberoff objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.

**September 15 Revised Request Nos. 56(a)-(g)**

No. 56(a):  All DOCUMENTS reflecting YOUR initial role or position in Pacific Pictures Corporation.

No. 56(b):  All DOCUMENTS reflecting any change in YOUR role or position in Pacific Pictures Corporation.

No. 56(c):  All DOCUMENTS reflecting YOUR initial ownership interest in Pacific Pictures Corporation.

No. 56(d):  All DOCUMENTS reflecting any change in YOUR ownership interest in Pacific Pictures Corporation.

No. 56(e):  All DOCUMENTS filed with any government agency concerning the formation of Pacific Pictures Corporation, including articles of organization, operating agreements, filings, business plans.

No. 56(f):  All DOCUMENTS reflecting Pacific Pictures Corporation's initial capital structure, including capital tables or other DOCUMENTS reflecting capital accounts or capital structure.

No. 56(g):  All DOCUMENTS reflecting any change in Pacific Pictures Corporation's capital structure, including capital tables or other DOCUMENTS reflecting capital accounts or capital structure.

**Response to September 15 Revised Request Nos. 56(a)-(g)**

Defendants maintain their objections to these requests, which are nothing more than improper attempts to re-submit requests specifically denied in Magistrate Zarefsky's May 25, 2011 order.

…

DC's proposed "revisions" do no more than split three overbroad requested denied by Magistrate Zarefsky into twenty-one overbroad requests, exacerbating the underlying problem rather than curing it.

DC'S NOTICE OF MOT. & MTC TOBEROFF DEFS' PROD. CORP. RECS. & OTHER DOCS

1

Toberoff Request No. 57

2

**Original Request No. 57**

3

All DOCUMENTS RELATING to your role and ownership

4

interest in IP Worldwide LLC, including, articles of organization,

operating agreements, minutes, capital tables or other DOCUMENTS

5

evidencing capital accounts or capital structure, filings, income

6

statements, business plans, etc.

7

**Response to Original Request No. 57**

8

Toberoff objects to this request on the grounds that it is compound,

overbroad, burdensome and oppressive. Toberoff objects to this request

9

on the grounds that the phrase "RELATING to your role and ownership

10

interest" is vague and ambiguous, and lacks sufficient precision to allow

11

him to formulate an appropriate response. Toberoff further objects to this

request on the grounds that it is indefinite as to time and not reasonably

12

limited in scope. Toberoff further objects to this request in that it seeks

13

the production of items not reasonably calculated to lead to the discovery

14

of relevant and admissible evidence. Toberoff objects to this request to

the extent that it seeks communications or items protected by the

15

attorney-client privilege, the joint interest privilege, the attorney work

16

product doctrine and any other privilege or immunity available under law

17

or arising from contractual obligation. Subject to and without waiving the

foregoing general and specific objections, Toberoff is willing to meet and

18

confer with Plaintiff regarding the tailoring of this request.

19

**July 7 Revised Request Nos. 57(a)-(d)**

20

No. 57(a):  All DOCUMENTS identifying your past, present,

21

and/or future role or position in IP Worldwide, LLC.

No. 57(b):  All DOCUMENTS identifying your past and/or present

22

ownership interest in IP Worldwide, LLC.

23

No. 57(c):  All DOCUMENTS involved in the formation of IP

24

Worldwide, LLC, including, articles of organization, operating

25

agreements, minutes, filings, business plans.

No. 57(d):  All DOCUMENTS evidencing IP Worldwide, LLC's

26

past and/or present capital structure, including capital tables or other

27

DOCUMENTS evidencing capital accounts or capital structure.

28

DC'S NOTICE OF MOT. &amp; MTC TOBEROFF<br>DEFS' PROD. CORP. RECS. &amp; OTHER DOCS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Responses to July 7 Revised Request Nos. 57(a)-(d)**

Toberoff objects to this request on the grounds that Magistrate Zarefsky specifically denied this request when it was part of DC's original requests (Toberoff Requests Nos. 56-58, IPW Request Nos. 27-31) as "hopelessly overbroad" and as improperly "calling for everything there is about companies with which Mr. Toberoff has been associated." Docket No. 262 at 5. DC's new request is nothing more than an attempt to re-serve its denied requests by dividing it into sub-parts that are still grossly overbroad and encompass wholly irrelevant material.

Toberoff further objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive. Toberoff additionally objects to this request on the grounds that it is vague and ambiguous, and lacks sufficient precision to allow him to formulate an appropriate response. Toberoff further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Toberoff further objects to this request in that it seeks the production of items not reasonably calculated to lead to the discovery of relevant and admissible evidence. Toberoff objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.

**September 15 Revised Request Nos. 57(a)-(g)**

No. 57(a):  All DOCUMENTS reflecting YOUR initial role or position in IP Worldwide, LLC.

No. 57(b):  All DOCUMENTS reflecting any change in YOUR role or position in IP Worldwide, LLC.

No. 57(c):  All DOCUMENTS reflecting YOUR initial ownership interest in IP Worldwide, LLC.

No. 57(d):  All DOCUMENTS reflecting any change in YOUR ownership interest in IP Worldwide, LLC.

No. 57(e):  All DOCUMENTS filed with any government agency concerning the formation of IP Worldwide, LLC, including articles of organization, operating agreements, filings, business plans.

No. 57(f):  All DOCUMENTS reflecting IP Worldwide, LLC's

initial capital structure, including capital tables or other DOCUMENTS reflecting capital accounts or capital structure.

No. 57(g):  All DOCUMENTS reflecting any change in IP Worldwide, LLC's capital structure, including capital tables or other DOCUMENTS reflecting capital accounts or capital structure.

**Response to September 15 Revised Request Nos. 57(a)-(g)**

Defendants maintain their objections to these requests, which are nothing more than improper attempts to re-submit requests specifically denied in Magistrate Zarefsky's May 25, 2011 order.

…

DC's proposed "revisions" do no more than split three overbroad requested denied by Magistrate Zarefsky into twenty-one overbroad requests, exacerbating the underlying problem rather than curing it.

Toberoff Request No. 58

**Original Request No. 58**

All DOCUMENTS RELATING to your role and ownership interest in IPW, LLC, including articles of organization, operating agreements, minutes, capital tables or other DOCUMENTS evidencing capital accounts or capital structure, filings, income statements, business plans, etc.

**Response to Original Request No. 58**

Toberoff objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive. Toberoff objects to this request on the grounds that the phrase "RELATING to your role and ownership interest" is vague and ambiguous, and lacks sufficient precision to allow him to formulate an appropriate response. Toberoff further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Toberoff further objects to this request in that it seeks the production of items not reasonably calculated to lead to the discovery of relevant and admissible evidence. Toberoff objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing general and specific objections, Toberoff is willing to meet and

confer with Plaintiff regarding the tailoring of this request.

**July 7 Revised Request Nos. 58(a)-(d)**

No. 58(a):  All DOCUMENTS identifying your past, present and/or future role or position in IPW, LLC.

No. 58(b):  All DOCUMENTS identifying your past and/or present ownership interest in IPW, LLC.

No. 58(c):  All DOCUMENTS involved in the formation of IPW, LLC, including, articles of organization, operating agreements, minutes, filings, business plans.

No. 58(d):  All DOCUMENTS evidencing IPW, LLC's past and/or present capital structure, including capital tables or other DOCUMENTS evidencing capital accounts or capital structure.

**Responses to July 7 Request Nos. 58(a)-(d)**

Toberoff objects to this request on the grounds that Magistrate Zarefsky specifically denied this request when it was part of DC's original requests (Toberoff Requests Nos. 56-58, IPW Request Nos. 27-31) as "hopelessly overbroad" and as improperly "calling for everything there is about companies with which Mr. Toberoff has been associated." Docket No. 262 at 5. DC's new request is nothing more than an attempt to re-serve its denied requests by dividing it into sub-parts that are still grossly overbroad and encompass wholly irrelevant material.

Toberoff further objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive. Toberoff additionally objects to this request on the grounds that it is vague and ambiguous, and lacks sufficient precision to allow him to formulate an appropriate response. Toberoff further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Toberoff further objects to this request in that it seeks the production of items not reasonably calculated to lead to the discovery of relevant and admissible evidence. Toberoff objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.

**September 15 Revised Request Nos. 58(a)-(g)**

No. 58(a):  All DOCUMENTS reflecting YOUR initial role or position in IPW, LLC.

No. 58(b):  All DOCUMENTS reflecting any change in YOUR role or position in IPW, LLC.

No. 58(c):  All DOCUMENTS reflecting YOUR initial ownership interest in IPW, LLC.

No. 58(d):  All DOCUMENTS reflecting any change in YOUR ownership interest in IPW, LLC.

No. 58(e):  All DOCUMENTS filed with any government agency concerning the formation of IPW, LLC, including articles of organization, operating agreements, filings, business plans.

No. 58(f):  All DOCUMENTS reflecting IPW, LLC's initial capital structure, including capital tables or other DOCUMENTS reflecting capital accounts or capital structure.

No. 58(g):  All DOCUMENTS reflecting any change in IPW, LLC's capital structure, including capital tables or other DOCUMENTS reflecting capital accounts or capital structure.

**Response to September 15 Revised Request Nos. 58(a)-(g)**

Defendants maintain their objections to these requests, which are nothing more than improper attempts to re-submit requests specifically denied in Magistrate Zarefsky's May 25, 2011 order.

…

DC's proposed "revisions" do no more than split three overbroad requested denied by Magistrate Zarefsky into twenty-one overbroad requests, exacerbating the underlying problem rather than curing it.

**C. Defendant Pacific Pictures' July 15, 2011, General Objections:**

Pacific objects to the entire Request on each of the following grounds and incorporates by reference each of the following objections into its response to each individual category of documents within it:

1.    Pacific objects to each individual request within the Request to the extent it is relevant only to the Fourth through Sixth state law claims for relief in DC's First Amended Complaint ("FAC").  Defendants contend that

DC'S NOTICE OF MOT. & MTC TOBEROFF
DEFS' PROD. CORP. RECS. & OTHER DOCS

their pending anti-SLAPP motion stays discovery regarding these state law claims, as well as the related Third Claim for Relief.  *See* Cal. Code Civ. Proc. § 425.16(g); *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co*., 130 S. Ct. 1431, 1452 (2010) (Stevens, J., concurring); *Batzel v. Smith*, 333 F.3d 1018, 1024 (9th Cir. 2003); *Godin v. Schencks*, 2010 U.S. App. LEXIS 25980 (1st Cir. Dec. 22, 2010).

2.    To the extent the Request and each document request therein seeks documents concerning any agreement between the Shusters and Siegels to act collectively in negotiations with DC regarding the settlement of their termination claims ("Collective Bargaining"), Pacific objects on the following grounds:  the privilege on such agreements was upheld by the Court's April 11, 2011 order.  Furthermore, any documents that exist relating to Collective Bargaining contain and memorialize attorney-client privileged communications and attorney work product and reveal sensitive settlement strategy that would give DC an unfair advantage.  Moreover, any Collective Bargaining documents were prepared in connection with settlement mediation in the closely related cases *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al*., Case No. 04-CV-8400 ODW (RZx) and *Joanne Siegel, et al. v. Time Warner Inc., et al*., Case No. 04-CV-8766 ODW (RZx) (collectively "*Siegel* Litigation") and the use of such information plainly violates the parties' May 1, 2008 JAMS Confidentiality Agreement.

3.    Where applicable, Pacific, in responding to each Request, interprets each Request in light of the statements made in DC's July 7, 2011 letter, and DC's revision of the term "RELATING" to mean "refer to or bear on."

4.    Pacific objects to the Request and each document request therein to the extent that it seeks the production of any item, or portion thereof, that has already been the subject of motion practice in this case or the *Siegel* Litigation, and specifically to the extent that the Request seeks discovery barred by the Court's April 11, 2011, May 25, 2011 and/or June 20, 2011 orders.

5.    Pacific objects to the Request and each document request therein to the extent that it seeks the production of any item, or portion thereof,

comprising or reflecting information transmitted and maintained in confidence between Pacific or any person or entity acting on its behalf and for the purpose of obtaining legal advice or representation, on the grounds that such information is protected from disclosure by the attorney-client privilege and the joint-interest privilege. Such documents will not be produced in response to the request, and any inadvertent production thereof shall not be deemed a waiver of any privilege or doctrine with respect to such documents. With respect to such documents, Pacific hereby incorporates by reference the privilege logs served by the Defendants in this action on December 15, 2010, and any logs served by Defendants thereafter.

6.      Pacific objects to the Request and each document request therein to the extent that it seeks the production of any item, or portion thereof, comprising or reflecting information with any confidential impression, conclusion, opinion, legal research, or legal theory of counsel for Pacific or any other person or entity, on the grounds that such information is protected from disclosure by the attorney work product doctrine. Such documents will not be produced in response to the request, and any inadvertent production thereof shall not be deemed a waiver of any privilege or doctrine with respect to such documents. With respect to such documents, Pacific hereby incorporates by reference the privilege logs served by the Defendants in this action on December 15, 2010.

7.      Pacific objects to the Request and each document request therein to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence, on the grounds that it exceeds the permissible scope of discovery delimited by Rule 26(b)(1) of the Federal Rules of Civil Procedure.

8.      Pacific objects to the Request and each document request therein to the extent that it seeks the production of any item, or portion thereof, comprising or reflecting any trade secret or other confidential or proprietary information of Pacific or any other entity or person.

9.      Pacific objects to the Request and each document request therein to the extent that it seeks the production of any item, or portion thereof, which is protected from disclosure by court order, or any privacy or similar rights of

DC'S NOTICE OF MOT. & MTC TOBEROFF
DEFS' PROD. CORP. RECS. & OTHER DOCS

any person or entity.

10.    Pacific objects to the Request and each document request therein to the extent that it is unduly burdensome, overly broad, imposes extreme hardship, is oppressive and harassing, or would result in the expenditure of unnecessary time and resources.

11.    Pacific objects to the Request and each document request therein to the extent that the expense of producing documents outweighs the likely benefit of discovery provided to Plaintiff.

12.    Pacific objects to the Request and each document request therein to the extent that it seeks the production of duplicative identical items, or documents or information already in Plaintiff's possession, or by reason of public filing, publication or otherwise are readily accessible to Plaintiff through other

means.

13.    Pacific objects to the Request and each document request therein to the extent that it seeks the production of any item which has been served, filed, or transmitted in the course of this action, on the grounds that such production would be burdensome, oppressive, and unnecessary.

14.    Pacific objects to the Request and each document request therein to the extent that it seeks the production of any item which has already been produced, served, or filed in the course of the related actions *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al*., Case No. 04-CV-8400 ODW (RZx) and *Joanne Siegel, et al. v. Time Warner Inc., et al*., Case No. 04-CV-8766 ODW (RZx) (collectively "*Siegel* Litigation"), on the grounds that such production would be duplicative, burdensome, oppressive, and unnecessary.

15.    In making any document production, Pacific will reference by their Bates numbers documents already produced to DC in the *Siegel* Litigation, rather than re-copy and reproduce such documents. Pacific will not produce or designate by Bates numbers documents Pacific obtained solely as a result of a document production by the other side in the *Siegel* Litigation.

16.    Consistent with the agreement governing privilege logs negotiated by the parties concerning plaintiff and other defendants, Pacific will not log privileged communications or attorney work-product documents

in either this case or the *Siegel* Litigations, that (a) are internal
communications by defendants' counsel at the law firms of Toberoff &
Associates, P.C. and Kendall Brill & Klieger, L.L.P., or (b) between Toberoff
& Associates P.C and defendants' counsel at the law firm of Kendall, Brill &
Klieger LLP.  Logging such documents would constitute an extraordinary
interference by DC in the affairs of its opposing counsel in both this action
and the ongoing *Siegel* litigation.

17.    Pacific objects to the Request and each document request therein
to the extent that it seeks the production of any item or document that is not
the property of Pacific.  Pacific will not produce any items or documents that
are the property of any other person or entity.

18.    Pacific objects to the Request and each document request
therein and to the definitions and instructions therein to the extent that they
purport to alter or extend Pacific's obligations beyond those established by the
Federal Rules of Civil Procedure, the Local Rules of the United States District
Court for the Central District of California, or any order or ruling by the Court
in this action.

17.    Pacific objects generally to the definitions of the terms "YOU,"
"YOUR" and "PACIFIC PICTURES" as vague and ambiguous, overbroad
and unduly burdensome, especially with respect to the definition's reference
to "attorneys".  Pacific will construe these terms to refer to Pacific.

18.    Pacific objects generally to the definitions of the terms
"DEFENDANT" and "DEFENDANTS" as vague and ambiguous, overbroad
and unduly burdensome, especially with respect to the definition's reference
to "attorneys".  Pacific Pictures will construe these terms to refer only to the
specific defendants in this action.

19.    Pacific objects generally to the definition of the term "SHUSTER
HEIRS" as vague and ambiguous, overbroad and unduly burdensome,
especially with respect to the definition's reference to "attorneys".  Solely for
the purposes of these responses, and for no other purpose, Pacific will
construe this term to refer only to the Estate of Joseph Shuster, Jean Peavy,
Mark Warren Peary, Dawn Peavy and Frank Shuster.

20.    Pacific objects generally to the definition of the term "SIEGEL

DC'S NOTICE OF MOT. & MTC TOBEROFF
DEFS' PROD. CORP. RECS. & OTHER DOCS

HEIRS" as vague and ambiguous, overbroad and unduly burdensome, especially with respect to the definition's reference to "attorneys". Solely for the purposes of these responses, and for no other purpose, Pacific will construe this term to refer only to Joanne Siegel, Laura Siegel Larson, and Michael Siegel.

21.    Pacific reserves the right to revise, amend, supplement or clarify any of the objections set forth herein.

**E. Pacific Pictures Corporations' Specific Responses To Individual Requests:**

<u>Pacific Pictures Request No. 30</u>

**Original Request No. 30**

All DOCUMENTS RELATING to the current corporate status of PACIFIC PICTURES.

**Response to Original Request No. 30**

Pacific objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive. Pacific objects to this request on the grounds that the phrases "RELATING" and "RELATING to the current corporate status" are vague and ambiguous, and lacks sufficient precision to allow it to formulate an appropriate response. Pacific further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Pacific further objects to this request in that it seeks the production of items not reasonably calculated to lead to the discovery of relevant and admissible evidence. Pacific objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing general and specific objections, Pacific is willing to meet and confer with Plaintiff regarding the tailoring of this request.

**July 7 Revised Request No. 30**

All DOCUMENTS identifying the current corporate status of PACIFIC PICTURES.

**Response to July 7 Revised Request No. 30**

Pacific objects to this request on the grounds that the phrase "identifying the current corporate status" is vague and ambiguous, and

1
2
3
4
5
6
7
8
9
10
11
12
13

lacks sufficient precision to allow it to formulate an appropriate response. Pacific objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive.  Pacific objects to this request on the grounds that it is vague and ambiguous, and lacks sufficient precision to allow it to formulate an appropriate response.  Pacific further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope.  Pacific further objects to this request in that it seeks the production of items not reasonably calculated to lead to the discovery of relevant and admissible evidence.  Pacific objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing general and specific objections, Pacific will produce the responsive, non-privileged documents, if any, consistent with its understanding of this request.

14

**September 15 Revised Request No. 30**

15

All DOCUMENTS filed with or received from any government agency reflecting the current corporate status of PACIFIC PICTURES.

16

**Response to September 15 Revised Request No. 30**

17
18
19

Defendants maintain their objections to these requests, which are nothing more than improper attempts to re-submit requests specifically denied in Magistrate Zarefsky's May 25, 2011 order.

…

20
21
22
23
24

As modified, this request seeks documents "filed with or received from any government agency reflecting the current corporate status of [PPC]."  Documents that show that PPC was dissolved by proclamation were produced in this action.  DC's request is also grossly overbroad, as it effectively asks for every document filed with a government agency regarding PPC (*e.g.*, tax returns).

25
26
27
28

DC'S NOTICE OF MOT. & MTC TOBEROFF
DEFS' PROD. CORP. RECS. & OTHER DOCS

**F. Defendant IP Worldwide's July 15, 2011, General Objections:**

IPWW objects to the entire Request on each of the following grounds and incorporates by reference each of the following objections into its response to each individual category of documents within it:

1.      IPWW objects to each individual request within the Request to the extent it is relevant only to the Fourth through Sixth state law claims for relief in DC's First Amended Complaint ("FAC"). Defendants contend that their pending anti-SLAPP motion stays discovery regarding these state law claims, as well as the related Third Claim for Relief.  *See* Cal. Code Civ. Proc. § 425.16(g); *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 130 S. Ct. 1431, 1452 (2010) (Stevens, J., concurring); *Batzel v. Smith*, 333 F.3d 1018, 1024 (9th Cir. 2003); *Godin v. Schencks*, 2010 U.S. App. LEXIS 25980 (1st Cir. Dec. 22, 2010).

2.      To the extent the Request and each document request therein seeks documents concerning any agreement between the Shusters and Siegels to act collectively in negotiations with DC regarding the settlement of their termination claims ("Collective Bargaining"), IPWW objects on the following grounds: the privilege on such agreements was upheld by the Court's April 11, 2011 order.  Furthermore, any documents that exist relating to Collective Bargaining contain and memorialize attorney-client privileged communications and attorney work product and reveal sensitive settlement strategy that would give DC an unfair advantage.  Moreover, any Collective Bargaining documents were prepared in connection with settlement mediation in the closely related cases *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-CV-8400 ODW (RZx) and *Joanne Siegel, et al. v. Time Warner Inc., et al.*, Case No. 04-CV-8766 ODW (RZx) (collectively "Siegel Litigation") and the use of such information plainly violates the parties' May 1, 2008 JAMS Confidentiality Agreement.

3.      Where applicable, IPWW, in responding to each Request, interprets each Request in light of the statements made in DC's July 7, 2011 letter, and DC's revision of the term "RELATING" to mean "refer to or bear on."

4.      IPWW objects to the Request and each document request therein

DC'S NOTICE OF MOT. & MTC TOBEROFF
DEFS' PROD. CORP. RECS. & OTHER DOCS

to the extent that it seeks the production of any item, or portion thereof, that
has already been the subject of motion practice in this case or the Siegel
Litigation, and specifically to the extent that the Request seeks discovery
barred by the Court's April 11, 2011, May 25, 2011 and/or June 20, 2011
orders.

5.    IPWW objects to the Request and each document request therein
to the extent that it seeks the production of any item, or portion thereof,
comprising or reflecting information transmitted and maintained in
confidence between IPWW or any person or entity acting on its behalf and
for the purpose of obtaining legal advice or representation, on the grounds
that such information is protected from disclosure by the attorney-client
privilege and the joint-interest privilege. Such documents will not be
produced in response to the request, and any inadvertent production thereof
shall not be deemed a waiver of any privilege or doctrine with respect to such
documents. With respect to such documents, IPWW hereby incorporates by
reference the privilege logs served by the Defendants in this action on
December 15, 2010, and any logs served by Defendants thereafter.

6.    IPWW objects to the Request and each document request therein
to the extent that it seeks the production of any item, or portion thereof,
comprising or reflecting information with any confidential impression,
conclusion, opinion, legal research, or legal theory of counsel for IPWW or
any other person or entity, on the grounds that such information is protected
from disclosure by the attorney work product doctrine. Such documents will
not be produced in response to the request, and any inadvertent production
thereof shall not be deemed a waiver of any privilege or doctrine with respect
to such documents. With respect to such documents, IPWW hereby
incorporates by reference the privilege logs served by the Defendants in this
action on December 15, 2010.

7.    IPWW objects to the Request and each document request therein
to the extent that it seeks the production of any item, or portion thereof,
which is not reasonably calculated to lead to the discovery of relevant and
admissible evidence, on the grounds that it exceeds the permissible scope of
discovery delimited by Rule 26(b)(1) of the Federal Rules of Civil Procedure.

DC'S NOTICE OF MOT. & MTC TOBEROFF
DEFS' PROD. CORP. RECS. & OTHER DOCS

8.     IPWW objects to the Request and each document request therein to the extent that it seeks the production of any item, or portion thereof, comprising or reflecting any trade secret or other confidential or proprietary information of IPWW or any other entity or person.

9.     IPWW objects to the Request and each document request therein to the extent that it seeks the production of any item, or portion thereof, which is protected from disclosure by court order, or any privacy or similar rights of any person or entity.

10.    IPWW objects to the Request and each document request therein to the extent that it is unduly burdensome, overly broad, imposes extreme hardship, is oppressive and harassing, or would result in the expenditure of unnecessary time and resources.

11.    IPWW objects to the Request and each document request therein to the extent that the expense of producing documents outweighs the likely benefit of discovery provided to Plaintiff.

12.    IPWW objects to the Request and each document request therein to the extent that it seeks the production of duplicative identical items, or documents or information already in Plaintiff's possession, or by reason of public filing, publication or otherwise are readily accessible to Plaintiff through other means.

13.    IPWW objects to the Request and each document request therein to the extent that it seeks the production of any item which has been served, filed, or transmitted in the course of this action, on the grounds that such production would be burdensome, oppressive, and unnecessary.

14.    IPWW objects to the Request and each document request therein to the extent that it seeks the production of any item which has already been produced, served, or filed in the course of the related actions *Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-CV-8400 ODW (RZx) and *Joanne Siegel, et al. v. Time Warner Inc., et al.*, Case No. 04-CV-8766 ODW (RZx) (collectively "*Siegel* Litigation"), on the grounds that such production would be duplicative, burdensome, oppressive, and unnecessary.

15.    In making any document production, IPWW will reference by their Bates numbers documents already produced to DC in the *Siegel*

Litigation, rather than re-copy and reproduce such documents. IPWW will not produce or designate by Bates numbers documents IPWW obtained solely as a result of a document production by the other side in the *Siegel* Litigation.

16.    Consistent with the agreement governing privilege logs negotiated by the parties concerning plaintiff and other defendants, IPWW will not log privileged communications or attorney work-product documents in either this case or the *Siegel* Litigation, that (a) are internal communications by defendants' counsel at the law firms of Toberoff & Associates, P.C. and Kendall Brill & Klieger, L.L.P., or (b) between Toberoff & Associates P.C and defendants' counsel at the law firm of Kendall, Brill & Klieger LLP. Logging such documents would constitute an extraordinary interference by DC in the affairs of its opposing counsel in both this action and the ongoing *Siegel* Litigation.

17.    IPWW objects to the Request and each document request therein to the extent that it seeks the production of any item or document that is not the property of IPWW. IPWW will not produce any items or documents that are the property of any other person or entity.

18.    IPWW objects to the Request and each document request therein and to the definitions and instructions therein to the extent that they purport to alter or extend IPWW's obligations beyond those established by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Central District of California, or any order or ruling by the Court in this action.

19.    IPWW objects generally to the definitions of the terms "YOU," "YOUR" and "IP WORLDWIDE" as vague and ambiguous, overbroad and unduly burdensome, especially with the respect to the definition's reference to "attorneys". IP Worldwide will construe these terms to refer to IP Worldwide.

20.    IPWW objects generally to the definitions of the terms "DEFENDANT" and "DEFENDANTS" as vague and ambiguous, overbroad and unduly burdensome, especially with the respect to the definition's reference to "attorneys". IP Worldwide will construe these terms to refer only

DC'S NOTICE OF MOT. & MTC TOBEROFF
DEFS' PROD. CORP. RECS. & OTHER DOCS

to the specific defendants in this action.

21.    IPWW objects generally to the definition of the term "SHUSTER HEIRS" as vague and ambiguous, overbroad and unduly burdensome, especially with the respect to the definition's reference to "attorneys". Solely for the purposes of these responses, and for no other purpose, IP Worldwide will construe this term to refer only to the Estate of Joseph Shuster, Jean Peavy, Mark Warren Peary, Dawn Peavy and Frank Shuster.

22.    IPWW objects generally to the definition of the term "SIEGEL HEIRS" as vague and ambiguous, overbroad and unduly burdensome, especially with the respect to the definition's reference to "attorneys". Solely for the purposes of these responses, and for no other purpose, IP Worldwide will construe this term to refer only to Joanne Siegel, Laura Siegel Larson, and Michael Siegel.

23.    IPWW reserves the right to revise, amend, supplement or clarify any of the objections set forth herein.

## G.  IP Worldwide's Specific Responses To Individual Requests:

<u>IP Worldwide Request No. 30</u>

**<u>Original Request No. 30</u>**

All DOCUMENTS RELATING to the current corporate status of IP WORLDWIDE.

**<u>Response to Original Request No. 30</u>**

IPWW objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive. IPWW objects to this request on the grounds that the phrases "RELATING" and "RELATING to the current corporate status" are vague and ambiguous, and lack sufficient precision to allow it to formulate an appropriate response. IPWW further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. IPWW further objects to this request in that it seeks the production of items not reasonably calculated to lead to the discovery of relevant and admissible evidence. IPWW objects to this request to the extent that it seeks communications or items protected by

DC'S NOTICE OF MOT. & MTC TOBEROFF
DEFS' PROD. CORP. RECS. & OTHER DOCS

the attorney-client privilege, the joint interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing general and specific objections, IPWW is willing to meet and confer with Plaintiff regarding the tailoring of this request.

**July 7 Revised Request No. 30**

All DOCUMENTS identifying the current corporate status of IP WORLDWIDE.

**Response to July 7 Revised Request No. 30**

IPWW objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive. IPWW objects to this request on the grounds that the phrase "identifying the current corporate status" is vague and ambiguous, and lack sufficient precision to allow it to formulate an appropriate response. IPWW objects to this request on the grounds that it is vague and ambiguous, and lack sufficient precision to allow it to formulate an appropriate response. IPWW further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. IPWW further objects to this request in that it seeks the production of items not reasonably calculated to lead to the discovery of relevant and admissible evidence. IPWW objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing general and specific objections, IPWW will produce the responsive, non-privileged documents, if any, consistent with its understanding of this request.

**September 15 Revised Request No. 30**

All DOCUMENTS filed with or received from any government agency reflecting the current corporate status of IP WORLDWIDE.

**Response to September 15 Revised Request No. 30**

Defendants maintain their objections to these requests, which are nothing more than improper attempts to re-submit requests specifically denied in Magistrate Zarefsky's May 25, 2011 order.

…

As modified, this requests seeks documents "filed with or received from any government agency reflecting the current corporate status of [IP Worldwide]." DC's request is grossly overbroad, as it effectively asks for every document filed with government agency regarding IP Worldwide (*e.g.*, tax returns). Information concerning IP Worldwide's current corporate status is readily available at http://kepler.sos.ca.gov/cbs.aspx."

**H. Defendant IPW's July 15, 2011, General Objections:**

IPW objects to the entire Request on each of the following grounds and incorporates by reference each of the following objections into its response to each individual category of documents within it:

1.      IPW objects to each individual request within the Request to the extent it is relevant only to the Fourth through Sixth state law claims for relief in DC's First Amended Complaint ("FAC"). Defendants contend that their pending anti-SLAPP motion stays discovery regarding these state law claims, as well as the related Third Claim for Relief. See Cal. Code Civ. Proc. § 425.16(g); Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co., 130 S. Ct. 1431, 1452 (2010) (Stevens, J., concurring); Batzel v. Smith, 333 F.3d 1018, 1024 (9th Cir. 2003); Godin v. Schencks, 2010 U.S. App. LEXIS 25980 (1st Cir. Dec. 22, 2010).

2.      To the extent the Request and each document request therein seeks documents concerning any agreement between the Shusters and Siegels to act collectively in negotiations with DC regarding the settlement of their termination claims ("Collective Bargaining"), IPW objects on the following grounds: the privilege on such agreements was upheld by the Court's April 11, 2011 order. Furthermore, any documents that exist relating to Collective Bargaining contain and memorialize attorney-client privileged communications and attorney work product and reveal sensitive settlement strategy that would give DC an unfair advantage. Moreover, any Collective Bargaining documents were prepared in connection with settlement mediation in the closely related cases Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al., Case No. 04-CV-8400 ODW (RZx) and Joanne Siegel, et al. v. Time Warner Inc., et al., Case No. 04-CV-8766 ODW (RZx)

DC'S NOTICE OF MOT. & MTC TOBEROFF
DEFS' PROD. CORP. RECS. & OTHER DOCS

(collectively "Siegel Litigation") and the use of such information plainly violates the parties' May 1, 2008 JAMS Confidentiality Agreement.

3.    Where applicable, IPW, in responding to each Request, interprets each Request in light of the statements made in DC's July 7, 2011 letter, and DC's revision of the term "RELATING" to mean "refer to or bear on."

4.    IPW objects to the Request and each document request therein to the extent that it seeks the production of any item, or portion thereof, that has already been the subject of motion practice in this case or the Siegel Litigation, and specifically to the extent that the Request seeks discovery barred by the Court's April 11, 2011, May 25, 2011 and/or June 20, 2011 orders.

5.    IPW objects to the Request and each document request therein to the extent that it seeks the production of any item, or portion thereof, comprising or reflecting information transmitted and maintained in confidence between IPW or any person or entity acting on its behalf and for the purpose of obtaining legal advice or representation, on the grounds that such information is protected from disclosure by the attorney-client privilege and the joint-interest privilege. Such documents will not be produced in response to the request, and any inadvertent production thereof shall not be deemed a waiver of any privilege or doctrine with respect to such documents. With respect to such documents, IPW hereby incorporates by reference the privilege logs served by the Defendants in this action on December 15, 2010, and any logs served by Defendants thereafter.

6.    IPW objects to the Request and each document request therein to the extent that it seeks the production of any item, or portion thereof, comprising or reflecting information with any confidential impression, conclusion, opinion, legal research, or legal theory of counsel for IPW or any other person or entity, on the grounds that such information is protected from disclosure by the attorney work product doctrine. Such documents will not be produced in response to the request, and any inadvertent production thereof shall not be deemed a waiver of any privilege or doctrine with respect to such documents. With respect to such documents, IPW hereby incorporates by

DC'S NOTICE OF MOT. & MTC TOBEROFF
DEFS' PROD. CORP. RECS. & OTHER DOCS

reference the privilege logs served by the Defendants in this action on December 15, 2010.

7. IPW objects to the Request and each document request therein to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence, on the grounds that it exceeds the permissible scope of discovery delimited by Rule 26(b)(1) of the Federal Rules of Civil Procedure.

8. IPW objects to the Request and each document request therein to the extent that it seeks the production of any item, or portion thereof, comprising or reflecting any trade secret or other confidential or proprietary information of IPW or any other entity or person.

9. IPW objects to the Request and each document request therein to the extent that it seeks the production of any item, or portion thereof, which is protected from disclosure by court order, or any privacy or similar rights of any person or entity.

10. IPW objects to the Request and each document request therein to the extent that it is unduly burdensome, overly broad, imposes extreme hardship, is oppressive and harassing, or would result in the expenditure of unnecessary time and resources.

11. IPW objects to the Request and each document request therein to the extent that the expense of producing documents outweighs the likely benefit of discovery provided to Plaintiff.

12. IPW objects to the Request and each document request therein to the extent that it seeks the production of duplicative identical items, or documents or information already in Plaintiff's possession, or by reason of public filing, publication or otherwise are readily accessible to Plaintiff through other means.

13. IPW objects to the Request and each document request therein to the extent that it seeks the production of any item which has been served, filed, or transmitted in the course of this action, on the grounds that such production would be burdensome, oppressive, and unnecessary.

14. IPW objects to the Request and each document request therein to the extent that it seeks the production of any item which has already been

produced, served, or filed in the course of the related actions Joanne Siegel, et al. v. Warner Bros. Entertainment Inc., et al., Case No. 04-CV-8400 ODW (RZx) and Joanne Siegel, et al. v. Time Warner Inc., et al., Case No. 04-CV-8766 ODW (RZx) (collectively "Siegel Litigation"), on the grounds that such production would be duplicative, burdensome, oppressive, and unnecessary.

15.    In making any document production, IPW will reference by their Bates numbers documents already produced to DC in the Siegel Litigation, rather than re-copy and reproduce such documents. IPW will not produce or designate by Bates numbers documents IPW obtained solely as a result of a document production by the other side in the Siegel Litigation.

16.    Consistent with the agreement governing privilege logs negotiated by the parties concerning plaintiff and other defendants, IPW will not log privileged communications or attorney work-product documents in either this case or the Siegel Litigation, that (a) are internal communications by defendants' counsel at the law firms of Toberoff & Associates, P.C. and Kendall Brill & Klieger, L.L.P., or (b) between Toberoff & Associates P.C and defendants' counsel at the law firm of Kendall, Brill & Klieger LLP. Logging such documents would constitute an extraordinary interference by DC in the affairs of its opposing counsel in both this action and the ongoing Siegel Litigation.

17.    IPW objects to the Request and each document request therein to the extent that it seeks the production of any item or document that is not the property of IPW. IPW will not produce any items or documents that are the property of any other person or entity.

18.    IPW objects to the Request and each document request therein and to the definitions and instructions therein to the extent that they purport to alter or extend IPW's obligations beyond those established by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Central District of California, or any order or ruling by the Court in this action.

19.    IPW objects generally to the definitions of the terms "YOU," "YOUR" and "IPW" as vague and ambiguous, overbroad and unduly burdensome, especially with the respect to the definition's reference to

DC'S NOTICE OF MOT. & MTC TOBEROFF DEFS' PROD. CORP. RECS. & OTHER DOCS

"attorneys". IPW will construe these terms to refer to IPW.

  20  IPW objects generally to the definitions of the terms "DEFENDANT" and "DEFENDANTS" as vague and ambiguous, overbroad and unduly burdensome, especially with the respect to the definition's reference to "attorneys". IPW will construe these terms to refer only to the specific defendants in this action.

  21.  IPW objects generally to the definition of the term "SHUSTER HEIRS" as vague and ambiguous, overbroad and unduly burdensome, especially with the respect to the definition's reference to "attorneys". Solely for the purposes of these responses, and for no other purpose, IPW will construe this term to refer only to the Estate of Joseph Shuster, Jean Peavy, Mark Warren Peary, Dawn Peavy and Frank Shuster.

  22.  IPW objects generally to the definition of the term "SIEGEL HEIRS" as vague and ambiguous, overbroad and unduly burdensome, especially with the respect to the definition's reference to "attorneys". Solely for the purposes of these responses, and for no other purpose, IPW will construe this term to refer only to Joanne Siegel, Laura Siegel Larson, and Michael Siegel.

  23.  IPW reserves the right to revise, amend, supplement or clarify any of the objections set forth herein.

## I. IPW's Specific Responses To Individual Requests

IPW Request No. 25

**Original Request No. 25**

  All DOCUMENTS RELATING to the current corporate status of IPW.

**Response to Original Request No. 25**

  All DOCUMENTS RELATING to the current corporate status of IPW.

**July 7 Revised Request No. 25**

  All DOCUMENTS identifying the current corporate status of IPW.

**Response to July 7 Revised Request No. 25**

  IPW objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive. IPW objects to this request on the grounds that the phrase "identifying the current corporate status" is

DC'S NOTICE OF MOT. & MTC TOBEROFF
DEFS' PROD. CORP. RECS. & OTHER DOCS

vague and ambiguous, and lacks sufficient precision to allow it to formulate an appropriate response. IPW further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. IPW further objects to this request in that it seeks the production of items not reasonably calculated to lead to the discovery of relevant and admissible evidence. IPW objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing general and specific objections, IPW will produce the responsive, non-privileged documents, if any, consistent with its understanding of this request.

**September 15 Revised Request No. 25**

All DOCUMENTS filed with or received from any government agency reflecting the current corporate status of IPW.

**Response to September 15 Revised Request No. 25**

Defendants maintain their objections to these requests, which are nothing more than improper attempts to re-submit requests specifically denied in Magistrate Zarefsky's May 25, 2011 order.

…

As modified, this requests seeks documents "filed with or received from any government agency reflecting the current corporate status of [IPW]."  DC's request is grossly overbroad, as it effectively asks for every document filed with government agency regarding IPW (*e.g.*, tax returns).  Information concerning IPW's current corporate status is readily available at http://kepler.sos.ca.gov/cbs.aspx."