# EXHIBIT 1

# O'MELVENY & MYERS LLP

BEIJING

BRUSSELS

HONG KONG

LONDON

LOS ANGELES

NEWPORT BEACH

NEW YORK

1999 Avenue of the Stars, 7th Floor
Los Angeles, California 90067-6035

TELEPHONE (310) 553-6700
FACSIMILE (310) 246-6779
www.omm.com

SAN FRANCISCO

SHANGHAI

SILICON VALLEY

SINGAPORE

TOKYO

WASHINGTON, D.C.

June 1, 2011

OUR FILE NUMBER
905,900-321

**VIA E-MAIL**

WRITER'S DIRECT DIAL
(310) 246-6840

Richard Kendall
Kendall Brill & Klieger LLP
10100 Santa Monica Boulevard, Suite 1725
Los Angeles, California 90067

WRITER'S E-MAIL ADDRESS
mkline@omm.com

Marc Toberoff
Toberoff & Associates, P.C.
2049 Century Park East, Suite 3630
Los Angeles, California 90067

Re:    _DC Comics v. Pacific Pictures Corp. et al._, CV-10-3633 (ODW) (RZx)

Dear Counsel:

In response to Magistrate Zarefsky's May 25 order, and in an effort to avoid further Court intervention to resolve the parties' disputes, below are DC's proposals to limit the scope of certain requests for production and DC's identification of document requests it believes have not been fully responded to by defendants. Pursuant to Local Rule 37, we request a conference to discuss these document requests. This letter is not meant to be a comprehensive recitation of all the deficiencies at issue, and DC reserves all rights.

**PART I - DC's Proposals**

**Requests for Production to Defendant Marc Toberoff**

Request No. 5

- Original:  All DOCUMENTS RELATING to SUPERMAN and/or SUPERBOY.

- Proposed 5(a):  All DOCUMENTS RELATING to any interest the SIEGEL HEIRS' claim in SUPERMAN and/or SUPERBOY.

- Proposed 5(b):  All DOCUMENTS RELATING to any interest the SHUSTER HEIRS' claim in SUPERMAN and/or SUPERBOY.

**EXHIBIT 1**

**5**

O'MELVENY & MYERS LLP
June 1, 2011 - Page 2

Request No. 9

- Original:  All DOCUMENTS RELATING to any of the DEFENDANTS OBTAINED by YOU prior to YOUR initial contact with any of them.

- Proposed 9(a):  All DOCUMENTS RELATING to the SIEGEL HEIRS OBTAINED by YOU prior to YOUR initial contact with each of them.

- Proposed 9(b):  All DOCUMENTS RELATING to the SHUSTER HEIRS OBTAINED by YOU prior to YOUR initial contact with each of them.

Request No. 12

- Original:  All DOCUMENTS RELATING to or affecting the disposition, division, or ownership of any rights in SUPERMAN and/or SUPERBOY.

- Proposed:  All DOCUMENTS created during or since 2000 RELATING to or affecting the disposition, division, or ownership of any rights in SUPERMAN and/or SUPERBOY.

Request No. 13

- Original:  All DOCUMENTS RELATING to or affecting the division of revenue, proceeds, or other profits regarding SUPERMAN and/or SUPERBOY.

- Proposed:  All DOCUMENTS created during or since 2000 RELATING to or affecting the division of revenue, proceeds, or other profits regarding SUPERMAN and/or SUPERBOY.

Request No. 14

- Original:  All DOCUMENTS RELATING to or affecting the division of any settlement proceeds regarding SUPERMAN and/or SUPERBOY.

- Proposed:  All DOCUMENTS created during or since 2000 RELATING to or affecting the division of any settlement proceeds regarding SUPERMAN and/or SUPERBOY.

EXHIBIT 1
6

O'MELVENY & MYERS LLP
June 1, 2011 - Page 3

Request No. 15

- Original:  All DOCUMENTS RELATING to the potential sale, assignment, license, or other disposition of any rights RELATING to SUPERMAN and/or SUPERBOY, including but not limited to any solicitation, offer, option, or proposed agreement.

- Proposed:  All DOCUMENTS created during or since 2000 RELATING to the potential sale, assignment, license, or other disposition of any rights RELATING to SUPERMAN and/or SUPERBOY, including but not limited to any solicitation, offer, option, or proposed agreement.

Request No. 18

- Original:  All DOCUMENTS RELATING to the valuation of any past, current, or potential ownership interest in SUPERMAN and/or SUPERBOY.

- Proposed:  All DOCUMENTS created during or since 1995 RELATING to the valuation of any past, current, or potential ownership interest in SUPERMAN and/or SUPERBOY.

Request No. 27

- Original:  All DOCUMENTS RELATING to YOUR introduction to the SIEGEL HEIRS.

This is the request as originally proposed.  Defendants' objection misquoted DC's request.

Request No. 28

- Original:  All DOCUMENTS RELATING to YOUR introduction to the SHUSTER HEIRS.

This is the request as originally proposed.  Defendants' objection misquoted DC's request.

Request No. 29

- Original:  All DOCUMENTS RELATING to the transfer of any property or interest between or among YOU and any DEFENDANT.

- Proposed:  All DOCUMENTS RELATING to the transfer of any property or interest in SUPERMAN and/or SUPERBOY between or among YOU and any DEFENDANT.

**EXHIBIT 1**
**7**

O'MELVENY & MYERS LLP

June 1, 2011 - Page 4

Request No. 30

- Original:  All COMMUNICATIONS RELATING to any disclosure of a potential or actual conflict of interest by or to YOU or any DEFENDANT.

- Proposed:  All COMMUNICATIONS RELATING to any disclosure of a potential or actual conflict of interest by or to YOU, the SIEGEL HEIRS, or SHUSTER HEIRS.

Request No. 31

- Original:  All DOCUMENTS RELATING to any waiver or acknowledgement of a potential or actual conflict of interest by or to YOU or any DEFENDANT.

- Proposed:  All DOCUMENTS RELATING to any waiver or acknowledgement of a potential or actual conflict of interest by or to YOU, the SIEGEL HEIRS, or SHUSTER HEIRS.

Request No. 32

- Original:  All DOCUMENTS RELATING to any past, current, or planned partnership or strategic alliance between YOU and any individual or entity RELATING to any DEFENDANT.

- Proposed:  All DOCUMENTS created during or since 2000 RELATING to any past, current, or planned partnership or strategic alliance between YOU and any individual or entity RELATING to any purported interest in SUPERMAN and/or SUPERBOY.

Request No. 40

- Original:  All DOCUMENTS RELATING to the letter agreement dated October 27, 2003 that YOU signed with the SHUSTER HEIRS.

This is the request as originally proposed.  Other than the specific communication targeted, this request mirrors Request No. 34, as to which defendants agreed to produce documents.

Request No. 41

- Original:  All DOCUMENTS RELATING to the letter dated September 10, 2004 that YOU signed with the SHUSTER HEIRS.

This is the request as originally proposed.  Other than the specific communication targeted, this request mirrors Request No. 34, as to which defendants agreed to produce documents.

**EXHIBIT 1**

**8**

O'MELVENY & MYERS LLP

June 1, 2011 - Page 5

Request No. 42

- Original:  All DOCUMENTS RELATING to any COMMUNICATION between YOU and Kevin Marks.

- Proposed 42(a):  All DOCUMENTS RELATING to any COMMUNICATION between YOU and Kevin Marks RELATING to the SIEGEL HEIRS.

- Proposed 42(b):  All DOCUMENTS RELATING to any COMMUNICATION between YOU and Kevin Marks RELATING to the SHUSTER HEIRS.

Request No. 44

- Original:  All DOCUMENTS RELATING to the letter dated August 9, 2002 from Kevin Marks to Joanne and/or Laura Siegel.

This is the request as originally proposed.  Other than the specific communication targeted, this request mirrors Request No. 34, as to which defendants agreed to produce documents.

Request No. 46

- Original:  All DOCUMENTS RELATING to any COMMUNICATION between YOU and Michael Siegel RELATING to the rights in SUPERMAN and/or SUPERBOY.

- Proposed:  All DOCUMENTS RELATING to any COMMUNICATION between YOU and Michael Siegel or his representatives RELATING to the SIEGEL HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

Request No. 48

- Original:  All DOCUMENTS RELATING to any COMMUNICATION between or among Laura Siegel Larson and Michael Siegel.

- Proposed:  All DOCUMENTS RELATING to any COMMUNICATION between Joanne Siegel and/or Laura Siegel Larson, on one hand, and Michael Siegel or his representatives on the other hand.

Request No. 52

- Original:  All DOCUMENTS RELATING to the letter agreement dated October 3, 2002 that YOU signed on behalf of DEFENDANT IP Worldwide, LLC, and any revisions, modifications, or adjustments thereto.

**EXHIBIT 1**

**9**

O'MELVENY & MYERS LLP
June 1, 2011 - Page 6

     This is the request as originally proposed.  Other than the specific communication targeted, this request mirrors Request No. 34, as to which defendants agreed to produce documents.

Request No. 53

- Original:  All DOCUMENTS RELATING to the Notice of Termination of Transfer Covering Extended Renewal Term:  Superboy served on behalf of the SIEGEL HEIRS on or around November 8, 2002.

- Proposed:  All DOCUMENTS created from 1995-2002 RELATING to the Notice of Termination of Transfer Covering Extended Renewal Term:  Superboy served on behalf of the SIEGEL HEIRS on or around November 8, 2002.

Request No. 54

- Original:  All DOCUMENTS RELATING to the Transfer Covering Extended Copyright Renewal Term of "Superman" served on behalf of the Estate of Joseph Shuster on November 10, 2003.

- Proposed:  All DOCUMENTS created from 2001-2003 RELATING to the Transfer Covering Extended Copyright Renewal Term of "Superman" served on behalf of the Estate of Joseph Shuster on November 10, 2003.

Request No. 56

- Original:  All DOCUMENTS RELATING to your role and ownership interest in Pacific Pictures Corporation, including, articles of organization, operating agreements, minutes, capital tables or other DOCUMENTS evidencing capital accounts or capital structure, filings, income statements, business plans, etc.

- Proposed 56(a):  All DOCUMENTS identifying your past, present, and/or future role or position in Pacific Pictures Corporation.

- Proposed 56(b):  All DOCUMENTS identifying your past and/or present ownership interest in Pacific Pictures Corporation.

- Proposed 56(c):  All DOCUMENTS involved in the formation of Pacific Pictures Corporation, including, articles of organization, operating agreements, minutes, filings, business plans.

- Proposed 56(d):  All DOCUMENTS evidencing Pacific Pictures Corporation's past and/or present capital structure, including capital tables or other DOCUMENTS evidencing capital accounts or capital structure.

**EXHIBIT 1**
**10**

O'MELVENY & MYERS LLP
June 1, 2011 - Page 7

Request No. 57

- Original:  All DOCUMENTS RELATING to your role and ownership interest in IP Worldwide, LLC, including, articles of organization, operating agreements, minutes, capital tables or other DOCUMENTS evidencing capital accounts or capital structure, filings, income statements, business plans, etc.

- Proposed 56(a):  All DOCUMENTS identifying your past, present, and/or future role or position in IP Worldwide, LLC.

- Proposed 56(b):  All DOCUMENTS identifying your past and/or present ownership interest in IP Worldwide, LLC.

- Proposed 56(c):  All DOCUMENTS involved in the formation of IP Worldwide, LLC, including, articles of organization, operating agreements, minutes, filings,  business plans.

- Proposed 56(d):  All DOCUMENTS evidencing IP Worldwide, LLC's past and/or present capital structure, including capital tables or other DOCUMENTS evidencing capital accounts or capital structure.

Request No. 58

- Original:  All DOCUMENTS RELATING to your role and ownership interest in IPW, LLC, including, articles of organization, operating agreements, minutes, capital tables or other DOCUMENTS evidencing capital accounts or capital structure, filings, income statements, business plans, etc.

- Proposed 56(a):  All DOCUMENTS identifying your past, present, and/or future role or position in IPW, LLC.

- Proposed 56(b):  All DOCUMENTS identifying your past and/or present ownership interest in IPW, LLC.

- Proposed 56(c):  All DOCUMENTS involved in the formation of IPW, LLC, including, articles of organization, operating agreements, minutes, filings,  business plans.

- Proposed 56(d):  All DOCUMENTS evidencing IPW, LLC's past and/or present capital structure, including capital tables or other DOCUMENTS evidencing capital accounts or capital structure.

EXHIBIT 1
11

O'MELVENY & MYERS LLP

June 1, 2011 - Page 8

**Requests for Production to Defendant Pacific Pictures Corporation**

Request No. 5

- Original:  All DOCUMENTS RELATING to SUPERMAN and/or SUPERBOY.

- Proposed 5(a):  All DOCUMENTS RELATING to any interest the SIEGEL HEIRS' claim in SUPERMAN and/or SUPERBOY.

- Proposed 5(b):  All DOCUMENTS RELATING to any interest the SHUSTER HEIRS' claim in SUPERMAN and/or SUPERBOY.

Request No. 15

- Original:  All DOCUMENTS RELATING to the valuation of any past, current, or potential ownership interest in SUPERMAN and/or SUPERBOY.

- Proposed:  All DOCUMENTS created since 1995 RELATING to the valuation of any past, current, or potential ownership interest in SUPERMAN and/or SUPERBOY.

Request No. 19

- Original:  All DOCUMENTS RELATING to YOUR introduction to and involvement with the SHUSTER HEIRS.

- Proposed:  All DOCUMENTS RELATING to YOUR introduction to the SHUSTER HEIRS.

Request No. 23

- Original:  All DOCUMENTS RELATING to YOUR past and current ownership and management structure, including operating agreements, by-laws, capitalization schedules, capital accounts, shares, filings, and other financial forms.

- Proposed:  All DOCUMENTS identifying YOUR past and current ownership and management structure, including operating agreements, by-laws, capitalization schedules, capital accounts, shares, filings, and other financial forms.

Request No. 24

- Original:  All DOCUMENTS RELATING to the Memorandum of Agreement dated February 2, 2002 that YOU entered into with Ari Emanuel.

**EXHIBIT 1**

**12**

O'MELVENY & MYERS LLP

June 1, 2011 - Page 9

This is the request as originally proposed. Other than the specific communication targeted, this request mirrors Marc Toberoff Request No. 34, as to which defendants agreed to produce documents.

Request No. 25

- Original: All DOCUMENTS RELATING to any contributions by YOU to the IP Worldwide joint venture.

- Proposed: All DOCUMENTS identifying any contributions by YOU to the IP Worldwide joint venture.

Request No. 27

- Original: All DOCUMENTS RELATING to the letter agreement dated October 27, 2003 that YOU entered into with the SHUSTER HEIRS.

This is the request as originally proposed. Other than the specific communication targeted, this request mirrors Marc Toberoff Request No. 34, as to which defendants agreed to produce documents.

Request No. 28

- Original: All DOCUMENTS RELATING to the letter dated September 10, 2004 that YOU signed with the SHUSTER HEIRS.

This is the request as originally proposed. Other than the specific communication targeted, this request mirrors Marc Toberoff Request No. 34, as to which defendants agreed to produce documents.

Request No. 29

- Original: All DOCUMENTS RELATING to the formation of PACIFIC PICTURES.

- Proposed: All DOCUMENTS involved in the formation of PACIFIC PICTURES, including, articles of organization, operating agreements, minutes, filings, business plans.

Request No. 30

- Original: All DOCUMENTS RELATING to the current corporate status of PACIFIC PICTURES.

- Proposed: All DOCUMENTS identifying the current corporate status of PACIFIC PICTURES.

EXHIBIT 1

13

O'MELVENY & MYERS LLP

June 1, 2011 - Page 10

Request No. 33

- Original:  All DOCUMENTS RELATING to any individual or entity that currently holds property or interests formerly held by PACIFIC PICTURES.

- Proposed:  All DOCUMENTS indentifying any individual or entity that currently holds property or interests formerly held by PACIFIC PICTURES.

**Requests for Production to Defendant IP Worldwide, LLC**

Request No. 5

- Original:  All DOCUMENTS RELATING to SUPERMAN and/or SUPERBOY.

- Proposed 5(a):  All DOCUMENTS RELATING to the SIEGEL HEIRS' purported interest in SUPERMAN and/or SUPERBOY.

- Proposed 5(b):  All DOCUMENTS RELATING to the SHUSTER HEIRS' purported interest in SUPERMAN and/or SUPERBOY.

Request No. 15

- Original:  All DOCUMENTS RELATING to the valuation of any past, current, or potential ownership interest in SUPERMAN and/or SUPERBOY.

- Proposed:  All DOCUMENTS created since 1995 RELATING to the valuation of any past, current, or potential ownership interest in SUPERMAN and/or SUPERBOY.

Request No. 18

- Original:  All DOCUMENTS RELATING to YOUR introduction to and involvement with the SIEGEL HEIRS.

- Proposed:  All DOCUMENTS RELATING to YOUR introduction to the SIEGEL HEIRS.

Request No. 24

- Original:  All DOCUMENTS RELATING to the Memorandum of Agreement dated February 2, 2002 that YOU entered into with Ari Emanuel.

This is the request as originally proposed.  Other than the specific communication targeted, this request mirrors Marc Toberoff Request No. 34, as to which defendants agreed to produce documents.

**EXHIBIT 1**

**14**

O'MELVENY & MYERS LLP

June 1, 2011 - Page 11

Request No. 25

- Original:  All DOCUMENTS RELATING to the contributions of DEFENDANTS Marc Toberoff and Pacific Pictures Corporation to IP WORLDWIDE.

- Proposed:  All DOCUMENTS identifying contributions of DEFENDANTS Marc Toberoff and Pacific Pictures Corporation to IP WORLDWIDE.

Request No. 27

- Original:  All DOCUMENTS RELATING to the letter agreement dated October 3, 2002—and any revisions, modifications, or adjustments thereto—that IP WORLDWIDE signed with the SIEGEL HEIRS.

This is the request as originally proposed.  Other than the specific communication targeted, this request mirrors Request No. 34 to Mr. Toberoff, as to which defendants agreed to produce documents.

Request No. 28

- Original:  All DOCUMENTS RELATING to the identification of IP WORLDWIDE on the Document Cover Sheet for Recordation of Documents filed with the Transfer Covering Extended Copyright Renewal Term of "Superman" served on behalf of the Estate of Joseph Shuster on November 10, 2003.

- Proposed:  All DOCUMENTS created from 2001-2003 RELATING to the identification of IP WORLDWIDE on the Document Cover Sheet for Recordation of Documents filed with the Transfer Covering Extended Copyright Renewal Term of "Superman" served on behalf of the Estate of Joseph Shuster on November 10, 2003.

Request No. 29

- Original:  All DOCUMENTS RELATING to the formation of IP WORLDWIDE.

- Proposed:  All DOCUMENTS involved in the formation of IP WORLDWIDE, including, articles of organization, operating agreements, minutes, filings,  business plans.

Request No. 30

- Original:  All DOCUMENTS RELATING to the current corporate status of IP WORLDWIDE.

- Proposed:  All DOCUMENTS identifying the current corporate status of IP WORLDWIDE.

**EXHIBIT 1**

**15**

O'MELVENY & MYERS LLP
June 1, 2011 - Page 12

Request No. 33

- Original:  All DOCUMENTS RELATING to any past, current, or planned property in which IP WORLDWIDE held, holds, or will hold an interest.

- Proposed:  All DOCUMENTS identifying any past, current, or planned property in which IP WORLDWIDE held, holds, or will hold an interest.

Request No. 34

- Original:  All DOCUMENTS RELATING to any individual or entity that currently holds property or interests formerly held by IP WORLDWIDE.

- Proposed:

**Requests for Production to Defendant IPW, LLC**

Request No. 24

- Original:  All DOCUMENTS RELATING to the formation of IPW.

- Proposed:  All DOCUMENTS involved in the formation of IPW, including, articles of organization, operating agreements, minutes, filings, business plans.

Request No. 25

- Original:  All DOCUMENTS RELATING to the current corporate status of IPW.

- Proposed:  All DOCUMENTS identifying the current corporate status of IPW.

Request No. 26

- Original:  All DOCUMENTS RELATING to the past and current ownership and management structure of IPW, including operating agreements, capitalization schedules, capital accounts, filings, and other financial forms.

- Proposed:  All DOCUMENTS identifying the past and current ownership and management structure of IPW, including operating agreements, capitalization schedules, capital accounts, filings, and other financial forms.

Request No. 29

- Original:  All DOCUMENTS RELATING to any individual or entity that currently holds property or interests formerly held by IPW.

**EXHIBIT 1**
**16**

O'MELVENY & MYERS LLP
June 1, 2011 - Page 13

- Proposed:  All DOCUMENTS identifying any individual or entity that currently holds property or interests formerly held by IPW.


## PART II

DC seeks clarification of objections to certain requests for which defendants (1) agreed to produce non-privileged, responsive documents but have produced no new documents in this case; (2) agreed to produce non-privileged, responsive documents but have produced extremely limited new documents in this case; or (3) refused to produce any documents.  DC has reason to believe that additional non-privileged, responsive documents exist, but have not been produced.

### A.    Agreements Between or Among Defendants

The requests in this section all relate to various agreements between or among defendants.  No new agreements have been produced in this case, despite the existence of at least one consent agreement between defendants, and at least one agreement related to the payment of a portion of any Superboy recovery by the Siegels to the Shusters.  Moreover, defendants have produced no drafts of agreements or correspondence evidencing negotiation of the agreements that have been previously produced.  Unless it is defendants' position that the Siegels or Shusters signed the first draft of their various agreements with IP Worldwide, Pacific Pictures Corporation, etc., such drafts and/or correspondence exist and should be produced to DC immediately.  Defendants also have not produced any of the documentation required by the California Rules of Professional Conduct where an attorney engages in a business transaction with his client—*e.g.*, disclosures, conflict waivers, and consent forms.  *See, e.g.*, *Fair v. Bakhtiari*, 2011 WL 1991999, at *1 (Cal. Ct. App. May 24, 2011) (even a "very successful" business transaction between an attorney and client may be void unless attorney follows requisite disclosure and consent procedures).

### Requests for Production to Defendant Marc Toberoff

- Request No. 3:  All agreements between or among YOU and any DEFENDANT.

- Request No. 34:  All DOCUMENTS RELATING to the letter agreement dated November 23, 2001 that YOU signed with the SHUSTER HEIRS.

- Request No. 40:  All DOCUMENTS RELATING to the letter agreement dated October 27, 2003 that YOU signed with the SHUSTER HEIRS.

- Request No. 41:  All DOCUMENTS RELATING to the letter dated September 10, 2004 that YOU signed with the SHUSTER HEIRS.

- Request No. 44:  All DOCUMENTS RELATING to the letter dated August 9, 2002 from Kevin Marks to Joanne and/or Laura Siegel.

**EXHIBIT 1**
**17**

O'MELVENY & MYERS LLP

June 1, 2011 - Page 14

## Requests for Production to Defendant Pacific Pictures Corporation

- <u>Request No. 1</u>:  All agreements between or among YOU and any DEFENDANT RELATING to the SIEGEL HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

- <u>Request No. 2</u>:  All agreements between or among YOU and any DEFENDANT RELATING to the SHUSTER HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

- <u>Request No. 3</u>:  All agreements between or among YOU and any third party RELATING to the SIEGEL HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

- <u>Request No. 4</u>:  All agreements between or among YOU and any third party RELATING to the SHUSTER HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

- <u>Request No. 20</u>:  All DOCUMENTS RELATING to the letter agreement dated November 23, 2001 that YOU entered into with the SHUSTER HEIRS.

- <u>Request No. 24</u>:  All DOCUMENTS RELATING to the Memorandum of Agreement dated February 2, 2002 that YOU entered into with Ari Emanuel.

- <u>Request No. 27</u>:  All DOCUMENTS RELATING to the letter agreement dated October 27, 2003 that YOU entered into with the SHUSTER HEIRS.

- <u>Request No. 28</u>:  All DOCUMENTS RELATING to the letter dated September 10, 2004 that YOU signed with the SHUSTER HEIRS.

## Requests for Production to Defendant IP Worldwide, LLC

- <u>Request No. 1</u>:  All agreements between or among YOU and any DEFENDANT RELATING to the SIEGEL HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

- <u>Request No. 2</u>:  All agreements between or among YOU and any DEFENDANT RELATING to the SHUSTER HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

- <u>Request No. 3</u>:  All agreements between or among YOU and any third party RELATING to the SIEGEL HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

- <u>Request No. 4</u>:  All agreements between or among YOU and any third party RELATING to the SHUSTER HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

**EXHIBIT 1**

**18**

O'MELVENY & MYERS LLP
June 1, 2011 - Page 15

- <u>Request No. 24</u>:  All DOCUMENTS RELATING to the Memorandum of Agreement purporting to create the IP WORLDWIDE joint venture dated February 2, 2002 between DEFENDANT Pacific Pictures Corporation and Ari Emanuel.

**Requests for Production to Defendant IPW, LLC**

- <u>Request No. 1</u>:  All agreements between or among YOU and any DEFENDANT RELATING to the SIEGEL HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

- <u>Request No. 2</u>:  All agreements between or among YOU and any DEFENDANT RELATING to the SHUSTER HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

- <u>Request No. 3</u>:  All agreements between or among YOU and any third party RELATING to the SIEGEL HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

- <u>Request No. 4</u>:  All agreements between or among YOU and any third party RELATING to the SHUSTER HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

### B.    Toberoff's Ownership Interest

The requests in this section all implicate the Toberoff Defendants' ownership interest in the Siegels' or Shusters' copyright termination rights.  For example, the November 23, 2001 agreement between the Shusters and Pacific Pictures Corporation ("2001 PPC Agreement") required the Shusters to transfer 50% of their copyright interest to the joint venture created by that agreement.  In forming IP Worldwide, LLC, Pacific Pictures contributed its copyright interests, presumably including its portion of the Shusters' purported Superman interest.  Though the 2001 PPC Agreement and the 2003 amendment were canceled by a September 10, 2004 letter agreement, no mention was made regarding the outstanding half of the Shusters' copyright interest.  Defendants have produced no documents illuminating this key fact, and any such documents should be produced immediately.

**Requests for Production to Defendant Marc Toberoff**

- <u>Request No. 10</u>:  All DOCUMENTS RELATING to YOUR past, current, or potential ownership interest in any rights in SUPERMAN and/or SUPERBOY.

**Requests for Production to Defendant Pacific Pictures Corporation**

- <u>Request No. 8</u>:  All DOCUMENTS RELATING to YOUR ability to negotiate or enter into agreements regarding SUPERMAN and/or SUPERBOY.

**EXHIBIT 1**
**19**

O'MELVENY & MYERS LLP
June 1, 2011 - Page 16

- <u>Request No. 9</u>:  All DOCUMENTS RELATING to or affecting the disposition, division, or ownership of any rights in SUPERMAN and/or SUPERBOY.

- <u>Request No. 10</u>:  All DOCUMENTS RELATING to or affecting the division of revenue, proceeds, or other profits regarding SUPERMAN and/or SUPERBOY.

- <u>Request No. 11</u>:  All DOCUMENTS RELATING to or affecting the division of any settlement proceeds regarding SUPERMAN and/or SUPERBOY.

**<u>Requests for Production to Defendant IP Worldwide, LLC</u>**

- <u>Request No. 8</u>:  All DOCUMENTS RELATING to YOUR ability to negotiate or enter into agreements regarding SUPERMAN and/or SUPERBOY.

- <u>Request No. 9</u>:  All DOCUMENTS RELATING to or affecting the disposition, division, or ownership of any rights in SUPERMAN and/or SUPERBOY.

- <u>Request No. 10</u>:  All DOCUMENTS RELATING to or affecting the division of revenue, proceeds, or other profits regarding SUPERMAN and/or SUPERBOY.

- <u>Request No. 11</u>:  All DOCUMENTS RELATING to or affecting the division of any settlement proceeds regarding SUPERMAN and/or SUPERBOY.

- <u>Request No. 20</u>:  All DOCUMENTS RELATING to the transfer of any property or interest from IP WORLDWIDE to IPW, LLC.

- <u>Request No. 21</u>:  All DOCUMENTS RELATING to YOUR assertion in the Certification of Interested Parties filed on YOUR behalf in the above-entitled case on July 15, 2010 that YOU have "no pecuniary interest in the matters that are the subject of Plaintiff's Third and Sixth Causes of action."

**<u>Requests for Production to Defendant IPW, LLC</u>**

- <u>Request No. 8</u>:  All DOCUMENTS RELATING to YOUR ability to negotiate or enter into agreements regarding SUPERMAN and/or SUPERBOY.

- <u>Request No. 9</u>:  All DOCUMENTS RELATING to or affecting the disposition, division, or ownership of any rights in SUPERMAN and/or SUPERBOY.

- <u>Request No. 10</u>:  All DOCUMENTS RELATING to or affecting the division of revenue, proceeds, or other profits regarding SUPERMAN and/or SUPERBOY.

- <u>Request No. 11</u>:  All DOCUMENTS RELATING to or affecting the division of any settlement proceeds regarding SUPERMAN and/or SUPERBOY.

**EXHIBIT 1**
**20**

O'Melveny & Myers LLP
June 1, 2011 - Page 17

- Request No. 20:  All DOCUMENTS RELATING to the transfer of any property or interest from DEFENDANT IP Worldwide, LLC to IPW.

- Request No. 21:  All DOCUMENTS RELATING to YOUR assertion in the Certification of Interested Parties filed on YOUR behalf in the above-entitled case on July 15, 2010 that YOU have "no pecuniary interest in the matters that are the subject of Plaintiff's Third and Sixth Causes of action."

### C.    Marketing of Purported Superman Rights

The requests in this section all implicate efforts by Mr. Toberoff, his companies, or related entities to market the Siegels' and/or Shusters' purported interest in Superman and/or Superboy.  Mr. Toberoff has stated that he has received interest in these purported Superman rights from numerous sources, but defendants have produced only sixteen new pages of emails setting up or following up one meeting with Paramount Pictures (LSL 00085-98, 00172, 00209), and one copy of a parking pass to the Fox Studios lot (LSL 00210).  If defendants have engaged in the widespread efforts they describe to market their purported copyright interests, many more documents responsive to the requests above should exists, and any such documents should be produced immediately.

**Requests for Production to Defendant Marc Toberoff**

- Request No. 16:  All DOCUMENTS RELATING to any efforts YOU have made to sell, lease, license, or otherwise exploit any rights in SUPERMAN and/or SUPERBOY.

- Request No. 17:  All DOCUMENTS RELATING to any potential investors or other PERSONS who have expressed interest in purchasing or otherwise investing in any rights in SUPERMAN and/or SUPERBOY.

- Request No. 55:  All DOCUMENTS RELATING to any COMMUNICATIONS you have initiated with holders of putative copyright termination rights in connection with your encouraging them to exercise such copyright termination right, whether or not such right was ever exercised.

**Requests for Production to Defendant Pacific Pictures Corporation**

- Request No. 12:  All DOCUMENTS RELATING to the potential sale, assignment, license, or other disposition of any rights relating to SUPERMAN and/or SUPERBOY, including but not limited to any solicitation, offer, option, or proposed agreement.

- Request No. 13:  All DOCUMENTS RELATING to any efforts YOU have made to sell, lease, license, or otherwise exploit any rights in SUPERMAN and/or SUPERBOY.

**EXHIBIT 1**
**21**

O'MELVENY & MYERS LLP
June 1, 2011 - Page 18

- Request No. 14:  All DOCUMENTS RELATING to any potential investors or other PERSONS who have expressed interest in purchasing or otherwise investing in any rights in SUPERMAN and/or SUPERBOY.

**Requests for Production to Defendant IP Worldwide, LLC**

- Request No. 12:  All DOCUMENTS RELATING to the potential sale, assignment, license, or other disposition of any rights relating to SUPERMAN and/or SUPERBOY, including but not limited to any solicitation, offer, option, or proposed agreement.

- Request No. 13:  All DOCUMENTS RELATING to any efforts YOU have made to sell, lease, license, or otherwise exploit any rights in SUPERMAN and/or SUPERBOY.

- Request No. 14:  All DOCUMENTS RELATING to any potential investors or other PERSONS who have expressed interest in purchasing or otherwise investing in any rights in SUPERMAN and/or SUPERBOY.

**Requests for Production to Defendant IPW, LLC**

- Request No. 12:  All DOCUMENTS RELATING to the potential sale, assignment, license, or other disposition of any rights relating to SUPERMAN and/or SUPERBOY, including but not limited to any solicitation, offer, option, or proposed agreement.

- Request No. 13:  All DOCUMENTS RELATING to any efforts YOU have made to sell, lease, license, or otherwise exploit any rights in SUPERMAN and/or SUPERBOY.

- Request No. 14:  All DOCUMENTS RELATING to any potential investors or other PERSONS who have expressed interest in purchasing or otherwise investing in any rights in SUPERMAN and/or SUPERBOY.

**D.    Communication with U.S. Attorney's Office**

The requests in this section implicate communications with the Assistant United States Attorney's Office related to the Toberoff Timeline.  In his May 25 order, Magistrate Zarefsky found "no merit to Defendants' argument that they enjoyed a joint prosecution privilege with the United States."  All such communications should therefore be produced.

**Requests for Production to Defendant Marc Toberoff**

- Request No. 19:  All DOCUMENTS RELATING to any internal or external investigation YOU participated in regarding the TOBEROFF TIMELINE AUTHOR and/or TOBEROFF TIMELINE, including the findings of any such investigation.

**EXHIBIT 1**
**22**

O'MELVENY & MYERS LLP

June 1, 2011 - Page 19

- <u>Request No. 21</u>:  All DOCUMENTS RELATING to the ALLEGED GRAND JURY INVESTIGATION.

- <u>Request No. 23</u>:  All DOCUMENTS RELATING to any legal, administrative, or disciplinary action YOU have participated in regarding the TOBEROFF TIMELINE AUTHOR or the TOBEROFF TIMELINE, including any COMMUNICATIONS YOU have had with law enforcement or the state bar association.

### E.    Toberoff-Related Business Entities

The requests in this section seek documents related to the business activities of Mr. Toberoff's various businesses.  In the *Siegel* cases, DC received agreements related to these business entities but little else, and defendants have produced no responsive documents in this case.  Unless defendants contend that Pacific Pictures Corporation, IP Worldwide, LLC, and IPW, LLC conducted no work for the Siegels or Shusters, solicited no other clients, generated no business plans or other documents regarding their business activities, many such responsive documents still exist, and they should be produced immediately.

**<u>Requests for Production to Defendant Pacific Pictures Corporation (BUS ACT)</u>**

- <u>Request No. 31</u>:  All DOCUMENTS RELATING to any past, current, or planned business activity of PACIFIC PICTURES.

**<u>Requests for Production to Defendant IP Worldwide, LLC</u>**

- <u>Request No. 32</u>:  All DOCUMENTS RELATING to any past, current, or planned business activity of IP WORLDWIDE.

**<u>Requests for Production to Defendant IPW, LLC</u>**

- <u>Request No. 27</u>:  All DOCUMENTS RELATING to any past, current, or planned business activity of IP WORLDWIDE.

*        *        *

**EXHIBIT 1**

**23**

O'MELVENY & MYERS LLP
June 1, 2011 - Page 20


We are available next Thursday or Friday, June 2 or 3, to discuss the compromise detailed above.  Please let us know as soon as possible whether these dates work for you.

Our client reserves all rights.

Very truly yours,

Matthew T. Kline
of O'MELVENY & MYERS LLP

cc:    Daniel M. Petrocelli

**EXHIBIT 1**
**24**

# EXHIBIT 2

**From:** Seto, Cassandra
**Sent:** Wednesday, June 01, 2011 8:28 PM
**To:** 'Marc Toberoff'
**Cc:** Petrocelli, Daniel; Kline, Matthew
**Subject:** RE: FW: DC v. PPC

Please see the email below from Matt Kline.

\*          \*          \*

Marc,

When do you believe the Rules require you to respond to Items 2 and 3?  You have not answered that basic timing question.  Please engage us on the issues that need to be resolved.

Matt

**From:** marc.toberoff@gmail.com [mailto:marc.toberoff@gmail.com] **On Behalf Of** Marc Toberoff
**Sent:** Wednesday, June 01, 2011 5:26 PM
**To:** Kline, Matthew
**Cc:** Seto, Cassandra; Petrocelli, Daniel
**Subject:** Re: FW: DC v. PPC

Matt:

Pointing out that you are mischaracterizing the record is not an "ad hominem attack," nor uncivil.  Your repeated unjustified use of such phrases by rote strips them of any meaning.

We will not continue this unproductive exchange.


Marc

On Wed, Jun 1, 2011 at 3:50 PM, Seto, Cassandra <cseto@omm.com> wrote:

Please see the email below from Matt Kline.



\*          \*          \*



Marc,

Your email falsely recounts our discussions, and we will show that, if needed. Your conditional "if" about producing documents--which you persist in using, even now--is what causes our very legitimate concern.

1

**EXHIBIT 2**
**25**

On (2) and (3), what is your position as to what the Rules require in terms of your response and our efforts to meet and confer on these issues?

I'll not respond to your needless ad hominem attacks and refusal to observe basic rules of civility.

DC reserves all rights.

Thanks,

Matt

---

**From:** Marc Toberoff [mailto:mtoberoff@ipwla.com]
**Sent:** Wednesday, June 01, 2011 12:47 PM
**To:** Kline, Matthew
**Cc:** Seto, Cassandra; Keith Adams <kgadams@ipwla.com>; Laura Brill <lbrill@kbkfirm.com>; Petrocelli, Daniel

**Subject:** Re: DC v. PPC

Matt:

We have no idea what "representations" you purport to be referring to. We have agreed that the production of documents in this case includes the designation of documents previously produced in the *Siegel* litigation.

We pointed out during the meet-and-confer that "most of the relevant documents were already furnished in the Siegel litigation in response to DC's broad requests therein," and that defendants produced in the Siegel litigation and designated here "142 pages of documents from Ari Emanuel/Endeavor, as well as other related documents."

Nor did we "suggest[] that no additional documents need to be produced," as you misleadingly write. If there are any additional responsive documents in defendants' possession, custody, or control, they, of course, will be produced.

Please cease sending me these incessant self-serving e-mails/letters that mischaracterize the record.

As to points (2) and (3), you should "expect" only that we will get back to you in due course and in accordance with the Rules.

Defendants reserve all rights and remedies.

Marc

On Wed, Jun 1, 2011 at 12:03 PM, Seto, Cassandra <cseto@omm.com> wrote:

Please see the email below from Matt Kline.

2

**EXHIBIT 2**

**26**

\*          \*          \*

Marc:

On your points below:

> On (1) you and Laura represented during our prior Rule 37 conference that additional documents existed in response to categories 35-38.  Your suggestion that no additional documents need to be produced is troubling, especially given that motion practice was forced to address this issue, and you suggested a narrowing of our RFPs that you now suggest might yield a null set of additional responsive documents.

> On (2) and (3), we expect to address these issues on a call this week.

Matt

---

**From:** marc.toberoff@gmail.com [mailto:marc.toberoff@gmail.com] **On Behalf Of** Marc Toberoff
**Sent:** Wednesday, June 01, 2011 10:55 AM
**To:** Kline, Matthew
**Cc:** Seto, Cassandra; Keith Adams; Laura Brill
**Subject:** Re: DC v. PPC

Matt:

At 11:30 a.m. today please call the following:

**DEDICATED DIAL-IN NUMBER**
1 (243) 916-8520

ACCESS CODE
415-1716

As to point (1), we confirm that we will produce responsive documents per the May 25, 2011 order (if any remain that have not already been produced or designated) by hand or in PDF by e-mail by no later than 10:00

3

**EXHIBIT 2**
**27**

a.m. on June 17, 2011.

As to points (2) and (3), we need time to review your proposals, particularly your 19 page single spaced letter regarding new DC requests, and will respond in writing later.

Based on this, the sole subject of the call will be defendants' contemplated Motion for Review of the May 25, 2011 order.

All of defendants' rights and remedies are reserved as well.

Marc

On Wed, Jun 1, 2011 at 9:50 AM, Seto, Cassandra <cseto@omm.com> wrote:

Please see the attached and below from Matt Kline.


\*        \*        \*


Marc,


In response to your letter of last night, I can talk at 11:30 a.m. PDT today.  Please send us a dial-in number.  I will not be at my desk.


As to your other points (which we dispute unless otherwise indicated):


1.  We need the documents responsive to requests 35-38 delivered to our offices, by hand, by no later than 10 a.m. PDT on June 17, 2011.  Please confirm you will deliver them by then.


2.  Attached find a Rule 37 letter on DC's "Other RFPs."  Let's set a time tomorrow or Friday to discuss them. You have already served your responses under Rule 34; we don't agree with your desire to create more delay by re-starting the Rule 34 response process.


3.  Attached find a proposed stipulation on the Dennis Larson documents.  Please let us know if you agree with it.  Your proposals regarding these documents have been too narrow, as we have discussed.


4

**EXHIBIT 2**
**28**

All DC's rights and remedies are reserved.


Matt


**Cassandra L. Seto**
**O'Melveny & Myers LLP**
1999 Avenue of the Stars, Suite 700, Los Angeles, California 90067
Telephone: 310.246.6703 | Facsimile: 310.246.6779

*This message and any attached documents contain information from the law firm of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*


--
Marc Toberoff
Toberoff & Associates, PC
2049 Century Park East, Suite 2720
Los Angeles, CA 90067
Tel: (310) 246-3333
Fax: (310) 246-3101
MToberoff@ipwla.com


--
Marc Toberoff
Toberoff & Associates, PC
2049 Century Park East, Suite 2720
Los Angeles, CA 90067
Tel: (310) 246-3333
Fax: (310) 246-3101
MToberoff@ipwla.com


--
Marc Toberoff
Toberoff & Associates, PC

5

**EXHIBIT 2**
**29**

2049 Century Park East, Suite 2720
Los Angeles, CA 90067
Tel: (310) 246-3333
Fax: (310) 246-3101
MToberoff@ipwla.com

**EXHIBIT 2**
**30**

# EXHIBIT 3

**From:** Kline, Matthew
**Sent:** Thursday, June 02, 2011 5:41 PM
**To:** Keith Adams; Petrocelli, Daniel; Seto, Cassandra
**Cc:** Richard Kendall; Marc Toberoff
**Subject:** RE: DC Comics v. Pacific Pictures Corp.

Marc,

We're willing to set a time to meet and confer on the issues set forth in your letter below. However, you owe us a meet and confer on our Rule 37 letter regarding DC's RFPs. When are you available? So you know, June 8-10 are bad days for us to meet and confer, as Dan and I are travelling, in meetings, or have prior commitments.

Thanks,

Matt

**From:** Keith Adams [mailto:kgadams@ipwla.com]
**Sent:** Thursday, June 02, 2011 4:01 PM
**To:** Petrocelli, Daniel; Kline, Matthew; Seto, Cassandra
**Cc:** Richard Kendall; Marc Toberoff
**Subject:** DC Comics v. Pacific Pictures Corp.

Counsel:

Please see the attached correspondence from Marc Toberoff.

Keith G. Adams
Toberoff & Associates, P.C.
2049 Century Park East, Suite 3630
Los Angeles, CA 90067
Telephone: (310) 246-3333
Facsimile: (310) 246-3101
Email: kgadams@ipwla.com
http://www.ipwla.com

This message and any attached documents may contain information from
Toberoff & Associates, P.C. that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

1

**EXHIBIT 3**
**31**

# EXHIBIT 4

**From:** marc.toberoff@gmail.com [mailto:marc.toberoff@gmail.com] **On Behalf Of** Marc Toberoff
**Sent:** Thursday, June 02, 2011 4:58 PM
**To:** Kline, Matthew
**Cc:** Seto, Cassandra; Petrocelli, Daniel; Keith Adams
**Subject:** DC v. PPC re: Dennis Larson Documents

Matt:

We have addressed point (1) and will address point (2) in other correspondence.

Your proposed stipulation regarding Ms. Larson's marginally relevant divorce proceedings is unacceptable, for the reasons repeatedly set out during the parties' prior meet-and-confer exchanges, including my May 6 and May 11, 2011 letters.

Moreover, your proposed stipulation goes far beyond DC's original proposals. For example, while DC requested in our meet-and-confer, and its motion to compel for post-separation communications between Laura Siegel Larson and Dennis Larson; your stipulation now asks for all "DOCUMENTS," a much broader category.

We interpret your statement that our proposals are "too narrow," in conjunction with your proposed stipulation, as a rejection of the reasonable compromise offered in our May 6, 2011 letter. Please be advised that in the event we are required to oppose your contemplated motion as to documents relating to Ms. Larson's divorce proceedings, our May 6 compromise offer will be withdrawn.

Defendants reserve all rights and remedies.

Marc

--- On **Wed, 6/1/11, Seto, Cassandra <_cseto@OMM.com_>** wrote:

From: Seto, Cassandra <cseto@OMM.com>
Subject: DC v. PPC
To: "Marc Toberoff" <mtoberoff@ipwla.com>, "Keith Adams" <kgadams@ipwla.com>, "Nicholas Williamson" <nwilliamson@ipwla.com>
Cc: "'rkendall@kbkfirm.com'" <rkendall@kbkfirm.com>, "Laura Brill" <lbrill@kbkfirm.com>, "Nicholas Daum" <ndaum@kbkfirm.com>, "Petrocelli, Daniel" <DPetrocelli@OMM.com>, "Kline, Matthew" <MKline@OMM.com>
Date: Wednesday, June 1, 2011, 9:50 AM

Please see the attached and below from Matt Kline.

1

**EXHIBIT 4**
**32**

\*          \*          \*

Marc,

In response to your letter of last night, I can talk at 11:30 a.m. PDT today.  Please send us a dial-in number.  I will not be at my desk.

As to your other points (which we dispute unless otherwise indicated):

1.  We need the documents responsive to requests 35-38 delivered to our offices, by hand, by no later than 10 a.m. PDT on June 17, 2011.  Please confirm you will deliver them by then.

2.  Attached find a Rule 37 letter on DC's "Other RFPs."  Let's set a time tomorrow or Friday to discuss them.  You have already served your responses under Rule 34; we don't agree with your desire to create more delay by re-starting the Rule 34 response process.

3.  Attached find a proposed stipulation on the Dennis Larson documents.  Please let us know if you agree with it.  Your proposals regarding these documents have been too narrow, as we have discussed.

All DC's rights and remedies are reserved.

Matt

**Cassandra L. Seto**
**O'Melveny & Myers LLP**
1999 Avenue of the Stars, Suite 700, Los Angeles, California 90067
Telephone:  310.246.6703 | Facsimile:  310.246.6779

*This message and any attached documents contain information from the law firm of O'Melveny & Myers LLP that may be*
*confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you*

**EXHIBIT 4**
**33**

*have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*

--
Marc Toberoff
Toberoff & Associates, PC
2049 Century Park East, Suite 2720
Los Angeles, CA 90067
Tel: (310) 246-3333
Fax: (310) 246-3101
MToberoff@ipwla.com

3

**EXHIBIT 4**
**34**

# EXHIBIT 5

# TOBEROFF & ASSOCIATES, P.C.

A PROFESSIONAL CORPORATION

2049 CENTURY PARK EAST, SUITE 3630
LOS ANGELES, CALIFORNIA 90067

MARC TOBEROFF*
NICHOLAS C. WILLIAMSON
KEITH G. ADAMS
JEFFREY R. RHOADS

* Also admitted in New York

TELEPHONE
(310) 246-3333

FACSIMILE
(310) 246-3101

mtoberoff@ipwla.com

June 3, 2011

<u>Via E-Mail</u>

Matthew Kline
O'Melveny and Myers LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067

Re:     <u>*DC Comics v. Pacific Pictures Corp., et al.*, Case No. 10-CV-03633 ODW (RZx)</u>

Dear Matt:

I write in response to your June 1, 2011 letter, comprised of twenty single-spaced pages, that purports to "meet and confer" regarding your original requests.  As you know, DC already moved to compel regarding such requests and its motion was denied on May 25, 2011.

Moreover, your letter, in large part, contains complete revisions of DC's original requests for production that, in any event, amount to new requests for production.  As stated in our May 31, 2011 letter, DC's new requests are governed by F.R.C.P. 34, and defendants must be afforded the opportunity to duly respond and make any objections to same pursuant to F.R.C.P. 34, which will serve to crystallize remaining disputes, if any.  If DC then wishes to make a motion to compel based on defendants' responses it must do so in the proper format required by L.R. 37 and Magistrate Judge Zarefsky's May 25, 2011 order.

Where your proposal does not wholly rewrite a request, it improperly attempts to recycle requests (*e.g.,* Request No. 27 to IPW, LLC) that Magistrate Zarefsky denied as "hopelessly overbroad" and as improperly "calling for everything there is about companies with which Mr. Toberoff has been associated."  Docket No. 262 at 5.

Your letter also makes numerous nonsensical complaints as to specific categories of documents based on mischaracterizations of the record or sheer speculation.

For instance, you complain that "no new agreements have been produced," and that there is "at least one consent agreement between defendants."  There is only one "consent agreement" (aside from the long ago produced IP Worldwide and PPC Agreements that DC characterizes as "consent agreements") – the 2008 "collective bargaining" agreement that has been held to be privileged by Judge Larson, Magistrate Judge Zarefsky, and now Judge Wright.

**EXHIBIT 5**
**35**

**TOBEROFF & ASSOCIATES, P.C.**

June 3, 2011
Re:     *DC Comics v. Pacific Pictures Corp.*
Page:   2 of 2

Your statement that "at least one agreement related to the payment of a portion of any Superboy recovery by the Siegels to the Shusters" is in "existence" is without basis or merit.

Your arguments regarding the Shuster estate's copyright interests in relation to the PPC and IP Worldwide Agreements are incomprehensible.  As a matter of law, and as defendants pointed out in no fewer than three motions, and as DC itself alleged in its First Amended Complaint, such termination interest could not have been transferred pursuant to 17 U.S.C. § 304(c)(6)(D), and Mr. Peary, as personal representative of the Estate of Joseph Shuster, owns the entirety of such interest, as he has since its notice of termination was served.

Your sheer speculation regarding the marketing of Superman rights is also without merit.

We are available on June 9 or 10, 2011, to further discuss your letter.

This letter should not be viewed as a comprehensive response to your twenty-page letter.  Nor should anything herein be construed as a waiver or limitation of any of defendants' rights or remedies, all of which are reserved.


Very truly yours,

Marc Toberoff

cc:     Laura Brill

**EXHIBIT 5**
**36**

# EXHIBIT 6

**From:** Kline, Matthew
**Sent:** Tuesday, June 07, 2011 2:04 PM
**To:** Marc Toberoff
**Cc:** Seto, Cassandra; Petrocelli, Daniel
**Subject:** RE: DC Comics v. Pacific Pictures Corp.

Marc, although your refusal to meet and confer today on our motion is obviously unjustified, we are prepared to discuss your motion at 2:30 pm as you requested.  Please call my office then.

Matt

**From:** marc.toberoff@gmail.com [mailto:marc.toberoff@gmail.com] **On Behalf Of** Marc Toberoff
**Sent:** Tuesday, June 07, 2011 12:23 PM
**To:** Kline, Matthew
**Cc:** Seto, Cassandra
**Subject:** Re: DC Comics v. Pacific Pictures Corp.

Matt:

We disagree, but will not belabor the point further.

Thank you for letting us know that you are available to meet-and-confer today.  We suggest 2:30 p.m.; if that does not work, please provide an alternative time.

However, there is no procedural basis for you to link your contemplated discovery motion to meeting and conferring under L.R. 7-2 on our motion for reconsideration.  In contrast to defendants' simple motion for reconsideration your purported  L.R. 37-1 letter dated June 1 underlying DC's discovery motion consists of twenty single-spaced pages of new or substantially modified discovery requests.  We are not yet prepared to meet-and-confer on your motion in response to your numerous requests, and have until June 13 to do so under L.R. 37-1.

All rights and remedies are reserved.

Marc

On Tue, Jun 7, 2011 at 9:48 AM, Kline, Matthew <MKline@omm.com> wrote:

Marc,

Your statements are unwarranted.  We promptly responded to your letter providing you with our earliest availability; as explained, Dan is out of town, and I'm leaving tomorrow.   In contrast, you have expressed no willingness to meet and confer with us yesterday or today on the Rule 37 conference we requested before your request.  Nonetheless, although Dan will not be available, I will meet and confer with you today on both our motion and yours.  Please let us know what time works for you.

1

**EXHIBIT 6**
**37**

Thanks,


Matt


---

**From:** marc.toberoff@gmail.com [mailto:marc.toberoff@gmail.com] **On Behalf Of** Marc Toberoff
**Sent:** Monday, June 06, 2011 5:49 PM
**To:** Kline, Matthew
**Cc:** Keith Adams; Petrocelli, Daniel
**Subject:** Re: DC Comics v. Pacific Pictures Corp.


Matt:

Making us wait eleven days after our L.R. 7-2 letter dated June 2, 2011 to further discuss our straightforward motion for reconsideration is unreasonable.  Your tactical insistence on waiting until June 13 is particularly hypocritical given your repeated unfounded accusations (as recently as in your June 4 missive) that defendants are "engineering delay" by offering to meet and confer on discovery motions *well within* the 10-day period prescribed by L.R. 37-1.

That being said, we are willing to meet and confer with you in the afternoon of June 13, on both defendants' motion for reconsideration and your June 1 letter regarding production requests, provided that DC does not object to a June 20, 2011 filing date for defendants' motion for reconsideration, alleviating any tactical advantage.

All of defendants' rights and remedies are reserved.

Marc

On Mon, Jun 6, 2011 at 1:57 PM, Kline, Matthew <MKline@omm.com> wrote:

Marc and Dick,


Dan and I can meet and confer with you regarding the issues you raised in your letter below on the afternoon of June 13.


Thanks,


Matt

2

**EXHIBIT 6**
**38**

**From:** Keith Adams [mailto:kgadams@ipwla.com]
**Sent:** Thursday, June 02, 2011 4:01 PM
**To:** Petrocelli, Daniel; Kline, Matthew; Seto, Cassandra
**Cc:** Richard Kendall; Marc Toberoff
**Subject:** DC Comics v. Pacific Pictures Corp.


Counsel:


Please see the attached correspondence from Marc Toberoff.

Keith G. Adams
Toberoff & Associates, P.C.
2049 Century Park East, Suite 3630
Los Angeles, CA 90067
Telephone: (310) 246-3333
Facsimile: (310) 246-3101
Email: kgadams@ipwla.com
http://www.ipwla.com

This message and any attached documents may contain information from
Toberoff & Associates, P.C. that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.




--
Marc Toberoff
Toberoff & Associates, PC
2049 Century Park East, Suite 2720
Los Angeles, CA 90067
Tel: (310) 246-3333
Fax: (310) 246-3101
MToberoff@ipwla.com




--
Marc Toberoff
Toberoff & Associates, PC
2049 Century Park East, Suite 2720
Los Angeles, CA 90067
Tel: (310) 246-3333
Fax: (310) 246-3101
MToberoff@ipwla.com

**EXHIBIT 6**
**39**

# EXHIBIT 7

**From:** marc.toberoff@gmail.com [mailto:marc.toberoff@gmail.com] **On Behalf Of** Marc Toberoff
**Sent:** Monday, June 13, 2011 2:14 PM
**To:** Kline, Matthew
**Cc:** Seto, Cassandra; Keith Adams
**Subject:** Re: FW: Meet and Confer of June 7, 2011

Matt:

Our correspondence is intended to do so.  Moreover, if you present your e-mail below to the Court or purport to quote any alleged written statements from any defendants or their counsel, please make sure to present the entire document to which you refer or from which you quote so that no statements are not presented out of context.

We sent you a detailed letter earlier today regarding your new RFPs and are looking forward to speaking with you later this afternoon.

Marc


On Fri, Jun 10, 2011 at 6:20 PM, Seto, Cassandra <cseto@omm.com> wrote:

    *          *          *



Marc:

Your emails below--like express apologies from your counsel for your misbehavior on calls--speak for themselves.

We need to address our RFPs one-by-one. You've had a week to provide us such a response. We hope to get one by Monday and talk about it on our afternoon call.

    Matt


---

**From:** marc.toberoff@gmail.com [mailto:marc.toberoff@gmail.com] **On Behalf Of** Marc Toberoff
**Sent:** Friday, June 10, 2011 5:01 PM
**To:** Kline, Matthew
**Cc:** Keith Adams; Seto, Cassandra; Petrocelli, Daniel


**Subject:** Re: FW: Meet and Confer of June 7, 2011


Matt:

1

**EXHIBIT 7**
**40**

Your e-mail is classic. You start by pretending to be diplomatic and by very the next line, you restate your fabrication regarding our meet and confers and repeat your unfounded threats.

If you want to have any sort of professional dialogue with me or defendants' other counsel you will need to stop writing these intentionally misleading e-mails and letters.

Please.

Marc

On Fri, Jun 10, 2011 at 4:42 PM, Seto, Cassandra <cseto@omm.com> wrote:

\*        \*        \*

Marc,

Let's put aside the war of words, agree that we disagree, and attempt to move forward.  That said, if on Monday you revert to personal attacks, we will have no other recourse but to seek relief.  In that spirit, please send us the one-by-one responses to our narrowed RFPs to which we are entitled.

Matt

---

**From:** marc.toberoff@gmail.com [mailto:marc.toberoff@gmail.com] **On Behalf Of** Marc Toberoff
**Sent:** Friday, June 10, 2011 12:32 PM
**To:** Kline, Matthew
**Cc:** Seto, Cassandra; Petrocelli, Daniel

**Subject:** Re: FW: Meet and Confer of June 7, 2011

Matt:

Please stop making things up. Your reference to "repeated personal attacks and accusations" on our calls is a complete fabrication and straw man.

Your nasty, accusatory communications, unconstructive patronizing demeanor and strongarm tactics with both me and Laura Brill, as well as your constant mischaracterization of the record, throughout this case, and over our repeatead objections, is very well documented.

Your repeated unfounded motions without properly trying to resolve disputes also speak for themselves. Magistrate Judge Zarefsky aptly noted as recently as in his recent May 25, 2011 Order your utter failure to comply with L.R. 37-1 and the meet and confer process.

**EXHIBIT 7**
**41**

Marc

On Fri, Jun 10, 2011 at 8:25 AM, Seto, Cassandra <cseto@omm.com> wrote:

Please see the email below from Matt Kline.


\*        \*        \*


Marc:

Your repeated personal attacks and accusations on our calls are unacceptable. If it happens again on Monday, we will terminate the call and as a part our motion to compel will seek all appropriate relief, including the use of a court reporter going forward.

Matt

---

**From:** marc.toberoff@gmail.com [mailto:marc.toberoff@gmail.com] **On Behalf Of** Marc Toberoff
**Sent:** Thursday, June 09, 2011 3:47 PM
**To:** Kline, Matthew
**Cc:** Seto, Cassandra
**Subject:** Re: FW: Meet and Confer of June 7, 2011


Matt:

We will call your office at 3 p.m. on Monday, June 13, 2011.

For the reasons we have articulated at length in the past, we do not consent to having a court reporter transcribe ordinary meet-and-confer efforts on motions as it has an obvious chilling effect on the parties sharing an open dialogue to amicably resolve disputes -- the objective of the meet and confer requirement. A meet and confer is not intended to be a strategic interrogation or deposition though you obviously view it as such. If DC spent half as much time trying to amicably resolve disputes as if does on such tactics it would not have to burden the Courts with nearly so many, largely unsuccessful, motions.

We reject your claim that we incorrectly describe the parties' meet-and-confer efforts. On the contrary, our declarations have consistently described meet-and-confers in a neutral and straightforward manner, while you have aggressively advocated your positions and twisted the record.

Marc

On Thu, Jun 9, 2011 at 2:40 PM, Seto, Cassandra <cseto@omm.com> wrote:

Please see the e-mail below from Matt Kline.


\*        \*        \*

3

**EXHIBIT 7**
**42**

Marc,

Please call my office on Monday, July 13 at 3.00 pm PDT.  My direct line is (310) 246-6840.

Once again, we want to have a court reporter transcribe the parties' meet-and-confer discussions, so we need not labor under your erroneous assertions about what transpired on our calls.  DC will assume the cost of the reporter for the discussion Monday.

Matt

---

**From:** Marc Toberoff [mailto:mtoberoff@ipwla.com]
**Sent:** Thursday, June 09, 2011 12:26 PM
**To:** Kline, Matthew
**Subject:** Re: Meet and Confer of June 7, 2011

Matt:

We are available at 12 a.m. or 3 p.m. on June 13th for the meet-and-confer on DC's contemplated discovery motion.

As to our motion for reconsideration your e-mail mischaracterizes our contemplated motions and the record. We will address this in a separate letter.

All rights are reserved

Marc

On Tue, Jun 7, 2011 at 6:07 PM, Kline, Matthew <MKline@omm.com> wrote:

Marc,

I write to follow up on our meet-and-confer discussion this afternoon regarding your motion for reconsideration of Judge Wright's June 1, 2011, order.

As we understand it, your motion for reconsideration will:  (1) challenge Judge Wright's ruling directing the parties, starting August 8, to file new opposition and reply briefs on defendants' motions to dismiss and anti-SLAPP motion; and (2) ask Judge Wright, instead, to refer defendants' Rule 12 and SLAPP motions, as

4

**EXHIBIT 7**
**43**

currently briefed, to Magistrate Zarefsky for a report and recommendation. Your proposal is, as we understand it, for the parties to reserve "all rights" to object to Judge Wright regarding Magistrate Zarefsky's report and recommendation--if for example, he rules against defendants on their motions.

We've conferred with our client, and DC is opposed to your motion to reconsideration for a number of reasons. Among them: it is within the province of Judge Wright to decide defendants' dispositive motions, and if the Court thought otherwise, it would have sought the parties' views on a reference. Moreover, the procedure you've proposed will create double the work--with two very busy judges having to address these issues seriatim.

In addition, given defendants' approach to discovery, we are nowhere near to where we need to be in the case for any court ever to grant defendants' SLAPP motions or Rule 12 motions, especially as defendants have presented and argued them. You asked on our call whether DC sought discovery in aid of its opposition papers on defendants' Rule 12 motions, in addition to the SLAPP briefing. DC has clearly made such requests, despite your suggestion to the contrary. *See, e.g.,* Docket Nos. 184 at 14 ("This conclusory assertion does not suffice to trigger the privilege; and as the California courts have made clear, such assertions present an 'issue of fact' that may not be resolved without discovery on the pleadings."); 185 at 17 ("Setting this aside, the status and current effect of the Pacific Pictures agreements, the IP Worldwide agreement, and defendants' other consent agreements are all factual questions that cannot be resolved without discovery on a Rule 12 motion."); 186 at 5 ("This argument is not remotely amenable to a Rule 12 motion—it turns on contested fact issues, including contractual intent that cannot be resolved without discovery and the presentation of evidence."); 44-1 at 3 ("the Federal Rules authorize discovery to proceed during the pendency of Rule 12 motions; and the discovery-stay provision in California's SLAPP statute have *no* application to DC Comics' federal claims and, in fact, *entitle* DC Comics to expedited discovery regarding its state claims since the defendants' SLAPP motion challenged their *factual* sufficiency"); 61 at 43 ("resolution of DC Comics' third [federal] claim for relief will require factual development and consideration of fact-bound issues"); 61 at 36 ("These claims may not be decided at the pleading stage, they require discovery to commence immediately, and defendants' Rule 12 motions are no justification for an order precluding discovery."); *id.* at 38 ("When Rule 12 motions implicate factual questions, staying discovery pending resolution of such motions is particularly unwarranted."); *id.* ("For this reason alone, defendants cannot carry their 'heavy burden of making a "strong showing" why discovery should be denied,' or why this is the extraordinary case in which all of the Federal Rules governing discovery should be suspended while defendants litigate their Rule 12 motions."). And DC has also made it clear that defendants' Rule 12 and SLAPP motions implicate overlapping factual questions about which discovery can and is still being taken. *E.g., id.* Absent a summary denial of defendants' motions--which DC has advocated--the schedule and procedure that Judge Wright has established makes sense--that is, assuming defendants comply with their discovery obligations and do not cause even further delay.

In short, we hope you will not expend more of the parties' and courts' time and effort on this motion for reconsideration. If you do file such a motion, please include this correspondence.

You also asked whether DC would waive the requirement under Local Rule 7-3 that defendants wait 10 days after our meet-and-confer today to file your motion, so that you could file it Monday, June 13, 2011 and set it

**EXHIBIT 7**
**44**

for hearing on July 11, 2011.  DC declines this request, and as you know, you have not waived this requirement in the past either.

Finally, please confirm what time you are available to meet and confer on DC's requests for production on Monday, June 13.  We propose 11am PDT.

Thanks,

Matt

*****************************************
**Matthew T. Kline**
O'Melveny & Myers LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067
Phone: (310) 246-6840
Fax: (310) 246-6779
mkline@omm.com
www.omm.com

*This message and any attached documents contain information from the law firm of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*
Please consider the environment before printing this email

--
Marc Toberoff
Toberoff & Associates, PC
2049 Century Park East, Suite 2720
Los Angeles, CA 90067
Tel: (310) 246-3333
Fax: (310) 246-3101
MToberoff@ipwla.com

--
Marc Toberoff
Toberoff & Associates, PC
2049 Century Park East, Suite 2720

**EXHIBIT 7**
**45**

Los Angeles, CA 90067
Tel: (310) 246-3333
Fax: (310) 246-3101
MToberoff@ipwla.com


--
Marc Toberoff
Toberoff & Associates, PC
2049 Century Park East, Suite 2720
Los Angeles, CA 90067
Tel: (310) 246-3333
Fax: (310) 246-3101
MToberoff@ipwla.com


--
Marc Toberoff
Toberoff & Associates, PC
2049 Century Park East, Suite 2720
Los Angeles, CA 90067
Tel: (310) 246-3333
Fax: (310) 246-3101
MToberoff@ipwla.com


--
Marc Toberoff
Toberoff & Associates, PC
2049 Century Park East, Suite 2720
Los Angeles, CA 90067
Tel: (310) 246-3333
Fax: (310) 246-3101
MToberoff@ipwla.com

7

**EXHIBIT 7**
**46**

# EXHIBIT 8

# TOBEROFF & ASSOCIATES, P.C.

A PROFESSIONAL CORPORATION

2049 CENTURY PARK EAST, SUITE 3630

LOS ANGELES, CALIFORNIA 90067

MARC TOBEROFF*
NICHOLAS C. WILLIAMSON
KEITH G. ADAMS
JEFFREY R. RHOADS

* Also admitted in New York

TELEPHONE
(310) 246-3333

FACSIMILE
(310) 246-3101

mtoberoff@ipwla.com

June 13, 2011

<u>Via E-Mail</u>

Matthew Kline
O'Melveny and Myers LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067

Re:     <u>*DC Comics v. Pacific Pictures Corp., et al.*, Case No. 10-CV-03633 ODW (RZx)</u>

Matt:

I write in response to your 20-page (single spaced) letter dated June 1, 2011 containing numerous requests for production and to follow-up on my June 3, 2011 letter, in advance of our June 13, 2011 meet-and-confer, in order to make defendants' position clear.

As a preliminary matter, we reject the contention that your June 1 letter was "not meant to be a comprehensive recitation of all the deficiencies at issue." If DC has additional issues to raise, it should do so in writing pursuant to Local Rule 37.

## I.    DC'S NEW REQUESTS

As stated in our June 3, 2011 letter, DC for the most part has set forth new requests in the form of its lengthy June 1, 2011 letter. However, it is required to serve such requests pursuant to F.R.C.P. 34 and to afford defendants thirty days to formally respond and object pursuant to F.R.C.P. 34. *Thereafter*, to the extent there are any disputes, DC can initiate a meet-and-confer process pursuant to Local Rule 37, which, along with such requests and responses, would serve to crystallize any disputes which cannot be resolved. Your June 10, 2011 e-mail, while seeking to circumvent F.R.C.P. 34, effectively concedes this point by demanding that defendants serve you with "one-by-one responses" to DC's "RFPs," but refuses to afford defendants the reasonable time to respond provided by F.R.C.P. 34.

DC brought a motion to compel on its prior requests for production to which defendants duly responded and objected, and that motion was for the most part *denied*. DC has not sought review of that ruling, which is now "law of the case," and DC's requests therein are moot. DC has no right to simply "pick up where it left off" in circumvention of F.R.C.P. 34, or to bring another motion to compel on the same rejected requests. To permit a party to do so would discourage adherence to the meet and confer process mandated by Local Rule 37. Like DC has done, a party

**EXHIBIT 8**
**47**

**TOBEROFF & ASSOCIATES, P.C.**

June 13, 2011
Re:     *DC Comics v. Pacific Pictures Corp.*
Page:   2 of 4

could bring a premature motion to compel "to see if it sticks" and if it fails, purport to meet and
confer and then bring a second motion to compel on the same requests.  That is not the way
F.R.C.P. 34 and Local Rule 37 work, or are intended to function.  DC's motion to compel on its
prior requests was largely denied due to DC's failure to follow Local Rule 37 so as to properly
and specifically frame any real issues for adjudication by the Court.  DC is doing the same again
by its roughshod practice of serving new requests under the guise of meeting and conferring on
its prior rejected requests.

Accordingly, DC should serve its new discovery requests in the proper form, and defendants will
fully respond to them in due course pursuant to the Federal and Local Rules.  Alternatively,
defendants are willing to disregard the informal service of DC's requests in the form of your
June 1, 2011 letter and to provide their responses/objections thereto pursuant to F.R.C.P. 34.  In
the meantime, we are happy to further discuss this matter with you at 3:00 p.m. today as
scheduled.

Notwithstanding and without waiver or limitation of defendants' right to respond to DC's
requests under F.R.C.P. 34, or of defendants' general or specific objections to DC's original
requests, we briefly address below some salient points regarding DC's new requests.

**A.     Toberoff Request Nos. 56-58, PPC Request Nos. 31, 33; IPWW Request Nos. 32-34;
IPW Request Nos. 27, 29:**  Magistrate Zarefsky *specifically rejected* Toberoff Request Nos. 56-
58 and IPW Request Nos. 27-31 (and by implication the equivalent requests directed at PPC and
IPWW) as "hopelessly overbroad" and as improperly "calling for everything there is about
companies with which Mr. Toberoff has been associated."  Docket No. 262 at 5.  DC failed to
seek review of such ruling, which is now binding pursuant to F.R.C.P. 72 and Local Rule 72-2.1.
DC's new versions of these requests do no more than split such requests into overbroad sub-
parts.  If DC moves to compel on any of these requests, defendants will seek sanctions.

**B.     Toberoff Request Nos. 27-28, 40-41, 44, 52, 53; PPC Requests Nos. 24, 27-28; IPWW
Request Nos. 24, 27:**  DC previously moved to compel on these requests, which motion was
denied.  DC failed to seek review of such ruling, which is binding pursuant to F.R.C.P. 72 and
Local Rule 72-2.1.  DC has failed to even attempt to revise these requests, and defendants stand
on their objections.  Nonetheless, provided that "RELATING" is reasonably read to mean "refer
to or directly bear on," defendants note that they have already produced, directly or by
designation, the non-privileged responsive documents sought by these requests.

**C.     Toberoff Request Nos. 5, 12-15, 18, 29-32, 46, 48, 53-54; PPC Request Nos. 5, 15, 23,
25, 29-30; IPWW Request Nos. 5, 15, 18, 25, 28-30; IPW Request Nos. 24-26):**
It is clear that DC is propounding what amounts to new discovery.  For example, while you
purport to derive Toberoff, IPWW and PPC Requests No. 5 from your prior Requests No. 5 ("All
DOCUMENTS RELATING to SUPERMAN and/or SUPERBOY"), you have made two
separate and entirely new requests for "All DOCUMENTS RELATING to any interest the
SIEGEL HEIRS' claim in SUPERMAN and/or SUPERBOY" and "All DOCUMENTS
RELATING to any interest the SHUSTER HEIRS' claim in SUPERMAN and/or SUPERBOY."

**EXHIBIT 8**
48

**TOBEROFF & ASSOCIATES, P.C.**

June 13, 2011
Re:      *DC Comics v. Pacific Pictures Corp.*
Page:   3 of 4

As referenced above, a fundamental problem with DC's prior requests was their use of the very broadly defined term "RELATING," which potentially implicated virtually every document in the case and rendered such requests overbroad. As most of DC's new requests do not address the "RELATING" issue, such do not resolve this problem.

As we repeatedly advised you during our February 2011 meet-and-confer, with respect to the relevant documents sought by DC's prior requests (*i.e.*, if "RELATING" is interpreted reasonably to mean "refer to or directly bear on"), the vast majority have already been produced. *See, e.g.,* February 14, 2011 letter from Laura Brill at 1 ("[M]ost of the relevant documents were already furnished in *Siegel* in response to DC's broad requests therein."); February 18, 2011 letter from Laura Brill at 1 ("[M]ost of the documents DC now seeks were already produced in connection therewith or logged a long time ago [in *Siegel*].").

Notwithstanding the above and based on a reasonable interpretation of "RELATING" to mean "refer to or directly bear on," defendants will re-review their files in connection with DC's new requests to ensure that there are no other responsive, non-privileged documents to be produced. However, this should not be taken to mean that there are additional responsive non-privileged documents.

With respect to DC's purported confusion as to the scope of the "Ari Emanuel" documents that defendants will produce on June 17, 2011, I must again emphasize that DC already has all, or nearly all, of the non-privileged documents that it seeks with its requests.

DC has done little to resolve the problem that many of its requests are exceedingly overbroad, burdensome and seek documents that bear no relation to this case. For instance, PPC Request No. 23 and IPW Request No. 26, which seek "All DOCUMENTS identifying YOUR past and current ownership and management structure, including operating agreements, by-laws, capitalization schedules, capital accounts, shares, filings, and other financial forms," are nearly the same as its prior overbroad requests for such documents of no apparent relevance. The details of every bank account, share and filing of PPC (over multiple decades) and IPW (over a decade) are not even remotely germane to this action. Even somewhat narrower requests for corporate documents (*e.g.,* PPC Request Nos. 25, 29-30; IPWW Request Nos. 29-30; IPW Request Nos. 24-25) suffer from similar infirmities. DC has never made or attempted to make any showing that every document that somehow relates to the business of PPC, IPW or IPWW are relevant to this action.

## II.      OTHER ISSUES

**A.      Agreements Between or Among Defendants:** As I stated in my June 3, 2011 letter, you complain that "no new agreements have been produced," and that there is "at least one consent agreement between defendants." There is only one "consent agreement" (aside from the long ago produced IP Worldwide and PPC Agreements that DC characterizes as "consent agreements") – the 2008 "collective bargaining" agreement that has been held to be privileged by

**EXHIBIT 8**

**TOBEROFF & ASSOCIATES, P.C.**

June 13, 2011
Re:    *DC Comics v. Pacific Pictures Corp.*
Page:   4 of 4

Judge Larson, Magistrate Judge Zarefsky, and now Judge Wright.  Your statement that "at least one agreement related to the payment of a portion of any Superboy recovery by the Siegels to the Shusters" is in "existence" is without basis or merit.

**B.      Toberoff [Defendants'] Ownership Interest:**  As I stated in my June 3, 2011 letter, your arguments regarding the Shuster estate's copyright interests in relation to the PPC and IP Worldwide Agreements are incomprehensible.  As a matter of law, and as defendants pointed out in no fewer than three motions, and as DC itself alleged in its First Amended Complaint, such termination interest could not have been transferred pursuant to 17 U.S.C. § 304(c)(6)(D), and Mr. Peary, as personal representative of the Estate of Joseph Shuster, owns the entirety of such interest, as he has since its notice of termination was served.

**C.      Marketing of Superman Rights:**  As I stated in my June 3, 2011 letter, your sheer speculation regarding the marketing of Superman rights is without merit.

**D.      Communications with the U.S. Attorney's Office:**  DC specifically sought all such documents, which defendants had logged, in its prior motion to compel.  Magistrate Zarefsky did not grant DC's motion as to such documents.  DC failed to seek review of such ruling, which is now binding pursuant to F.R.C.P. 72 and Local Rule 72-2.1.

**E.      Toberoff-Related Business Entities:**  As stated above, DC's requests for "All DOCUMENTS RELATING to any past, current, or planned business activity" were specifically rejected as "hopelessly overbroad" by Magistrate Zarefsky's May 25, 2011 order, and DC again has failed to seek any review of that ruling, which is now law of the case pursuant to F.R.C.P. 72 and Local Rule 72-2.1.  Defendants are and were under no duty to respond to such requests, despite DC's *post hoc* claims that defendants should have divined what DC now seeks by such hopelessly overbroad requests.  Defendants will seek sanctions if DC brings a further motion to compel based on such overbroad requests.

Very truly yours,

Marc Toberoff

cc:      Laura Brill

**EXHIBIT 8**
**50**

# EXHIBIT 9

# TOBEROFF & ASSOCIATES, P.C.

A PROFESSIONAL CORPORATION

2049 CENTURY PARK EAST, SUITE 3630

LOS ANGELES, CALIFORNIA 90067

MARC TOBEROFF*
NICHOLAS C. WILLIAMSON
KEITH G. ADAMS
JEFFREY R. RHOADS

* Also admitted in New York

TELEPHONE
(310) 246-3333

FACSIMILE
(310) 246-3101

kgadams@ipwla.com

June 14, 2011

<u>Via E-Mail</u>

Cassandra Seto
O'Melveny & Myers LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067

Re:    *DC Comics v. Pacific Pictures Corp., et al.*, Case No. 10-CV-03633 ODW (RZx)

Cassie:

This is to follow-up on the parties' June 13, 2011 teleconference, and some of your questions therein.

Toberoff Request Nos. 9 and 42, PPC Request No. 19:  These requests should have been listed as part of category "C" in our June 13, 2011 letter to Matt Kline.

Toberoff Request Nos. 27-28:  The original, January 24 responses to these requests inadvertently quoted the requests as using the term "involvement with."  The remainder of the responses, including the objections, stand.

Toberoff Request No. 34:  After reviewing defendants' original responses and the issues raised on the call, the response should have read like the responses to parallel requests mentioned by you, that "Toberoff is willing to meet and confer with Plaintiff regarding the tailoring of this request."  This should clear up DC's confusion with respect to DC's equivalent requests, as set forth in Mr. Kline's June 1 letter.

Also, please be advised that, whereas Marc was under the impression on our call that the deadline for defendants' formal responses was July 1, 2011, if the parties treat the requests in Mr. Kline's June 1, 2011 letter as requests electronically served on June 1, 2011, the actual deadline would be July 5, 2011, pursuant to the Rules.

This should not be taken as a complete response to all of DC's comments made on our June 13 call, and all of defendants' rights and remedies are reserved.

**EXHIBIT 9**
**51**

**TOBEROFF & ASSOCIATES, P.C.**

June 14, 2011
Re:      *DC Comics v. Pacific Pictures Corp.*
Page:   2 of 2

Sincerely,

Keith G. Adams

**EXHIBIT 9**
**52**

# EXHIBIT 10

# TOBEROFF & ASSOCIATES, P.C.

A PROFESSIONAL CORPORATION

2049 CENTURY PARK EAST, SUITE 3630
LOS ANGELES, CALIFORNIA 90067

MARC TOBEROFF*
NICHOLAS C. WILLIAMSON
KEITH G. ADAMS
JEFFREY R. RHOADS

* Also admitted in New York

TELEPHONE
(310) 246-3333

FACSIMILE
(310) 246-3101

kgadams@ipwla.com

July 1, 2011

<u>Via E-Mail</u>

Cassandra Seto, Matthew Kline
O'Melveny & Myers LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067

Re:    <u>*DC Comics v. Pacific Pictures Corp., et al.*, Case No. 10-CV-03633 ODW (RZx)</u>

Cassie:

I write to follow-up on the parties' June 13, 2011 meet-and-confer, my June 14, 2011 letter, and your July 1, 2011 e-mail.

Your claim that "defendants agreed to treat the revised requests for production in our June 1, 2011, letter as served on June 1" is entirely misleading.

In meeting and conferring, defendants offered as a compromise to treat DC's new requests as served on June 1, 2011. However, DC conspicuously never accepted that offer, keeping its options open.

Defendants' offer was originally set forth in Mr. Toberoff's June 13, 2011 letter:

> … DC should serve its new discovery requests in the proper form, and defendants will fully respond to them in due course pursuant to the Federal and Local Rules. ***Alternatively,*** defendants are willing to disregard the informal service of DC's requests in the form of your June 1, 2011 letter and to provide their responses/objections thereto pursuant to F.R.C.P. 34.

At the June 13, 2011 meet-and-confer, Mr. Kline argued against this. The contingent nature of defendants' offer was reiterated in my letter of June 14, 2011 letter:

> …***if*** the parties treat the requests in Mr. Kline's June 1, 2011 letter as requests electronically served on June 1, 2011, the actual deadline would be July 5, 2011, pursuant to the Rules.

**EXHIBIT 10**
**53**

**TOBEROFF & ASSOCIATES, P.C.**

July 1, 2011
Re:      *DC Comics v. Pacific Pictures Corp.*
Page:   2 of 2

DC never responded to this offer, again preferring to keep its options open.  Notably, DC and defendants have engaged in correspondence on various issues since June 14 – *i.e.,* correspondence regarding the scheduling of Laura Siegel Larson's and Mark Warren Peary's depositions, correspondence regarding DC's *ex parte* application for "clarification," and Mr. Kline's June 20, 2011 letter regarding the May 13 letter.  Not once did DC accept or even mention defendants' offer – not even in your July 1 e-mail.

Nor did DC ever provide a letter, as requested by defendants at the June 13 meet-and-confer, setting forth the type of documents sought by its discovery requests that it did not already have, which defendants requested so as to provide more focused responses and to resolve any remaining disputes.

Defendants reject DC's manifestly improper attempt to retroactively "accept" a compromise offer weeks after it was made, and the day before the July 4th weekend, demanding responses the day after the holiday.  DC cannot have its cake and eat it too, by failing to accept an offer of compromise to keep its options open and then, weeks later, pretending an agreement was reached.

As a compromise, and solely to avoid unnecessary motion practice, *if* DC agrees to provide by no later than close of business Thursday, July 7, 2011, a letter articulating more specifically the types of documents, not already produced, that it seeks by the broad requests set forth in Mr. Kline's June 1, 2011 letter, defendants will provide responses by no later than Friday, July 15, 2011.  Otherwise, DC must properly serve its new requests per F.R.C.P. 34 like everyone else.

All of defendants' rights and remedies are reserved.

Sincerely,

Keith G. Adams

**EXHIBIT 10**
**54**

# EXHIBIT 11

## O'MELVENY & MYERS LLP

BEIJING

BRUSSELS

HONG KONG

LONDON

LOS ANGELES

NEWPORT BEACH

NEW YORK

1999 Avenue of the Stars, 7th Floor
Los Angeles, California  90067-6035

TELEPHONE  (310) 553-6700
FACSIMILE  (310) 246-6779
www.omm.com

SAN FRANCISCO

SHANGHAI

SILICON VALLEY

SINGAPORE

TOKYO

WASHINGTON, D.C.

July 7, 2011

OUR FILE NUMBER
905,900-321

**VIA E-MAIL**

WRITER'S DIRECT DIAL
(310) 246-6840

Marc Toberoff
Toberoff & Associates, P.C.
2049 Century Park East, Suite 3630
Los Angeles, California 90067

WRITER'S E-MAIL ADDRESS
mkline@omm.com

Laura Brill
Kendall Brill & Klieger LLP
10100 Santa Monica Boulevard, Suite 1725
Los Angeles, California 90067

Re:    _DC Comics v. Pacific Pictures Corp. et al._, CV-10-3633 (ODW) (RZx)

Dear Counsel:

We write to follow up on our meet-and-confer discussions with Messrs. Toberoff and Adams concerning DC Comics' narrowed document requests.

DC served its document requests on Mr. Toberoff, Pacific Pictures Corporation, IP Worldwide, LLC, and IPW, LLC on December 10, 2010.  Defendants' January 24, 2011, objections and April 11, 2011, opposition to DC's motion to compel asserted that the parties should meet and confer in an effort to narrow DC's requests.  Magistrate Zarefsky's May 25, 2011, order instructed the parties to endeavor "to resolve the dispute short of court action," pursuant to Local Rule 37-2.1.  To this end, DC sent defendants a lengthy letter on June 1, 2011, that narrowed and clarified its December 2010 document requests to take into account defendants' objections.

Defendants' June 13, 2011, letter merely asserted blanket objections and did not specifically respond to any of DC's revised document requests.  During our meet-and-confer call later that day, Mr. Toberoff declined meaningfully to engage in the compromise process or propose alternative formulations for DC's document requests, saying, "No, that's not my job." While Messrs. Toberoff and Adams initially agreed to respond to DC's June 1 discovery requests by July 5 in accordance with Federal Rule 34, they later asserted that DC failed to adequately "accept" this agreement and refused to respond until July 15.  We disagreed with defendants' characterization but, in the interest of compromise, agreed to send the following letter by July 7

**EXHIBIT 11**
**55**

O'MELVENY & MYERS LLP
July 7, 2011 - Page 2

provided defendants agreed to provide responsive documents by July 15 rather than asserting blanket objections as they had in the past.  Defendants declined to commit to producing any documents on July 15, stating only that DC "is welcome to properly serve its new document requests pursuant to the Rules and defendants will duly respond pursuant to the Rules."  Defendants' refusal meaningfully to participate in the meet-and-confer process they themselves proposed—which appears calculated to improperly delay discovery until after the August 8, 2011, deadline set by Judge Wright for DC to submit new oppositions to defendants' Rule 12 and SLAPP motions—is inconsistent with the Court's May 25 order and admonishment to counsel not "to be obstructive."  Docket No. 74.

In a final effort to avoid unnecessary motion practice, we have attempted below to crystallize the parties' respective positions on DC's revised document requests and, in some cases, to narrow the requests even further.  Note that in many instances, it was difficult to determine defendants' position based on the blanket nature of the objections asserted in their June 13 letter and reiterated during the meet-and-confer call that day.

## PART I

Many of defendants' objections are based solely on their position that the term "RELATING" in DC's requests is "very broadly defined" and "render[s] such requests overbroad."  We disagree, but in an effort to compromise, will adopt a modified version of the definition used in defendants' June 13 letter:  to "refer to or bear on."

Defendants also rely on general objections that DC's requests are overbroad, burdensome, and irrelevant.  The narrowed scope and any relevance objections are addressed individually below.

As to the three categories of objections identified in defendants' June 13 letter, DC responds:

**Objection Category A**.  Defendants contend that these requests[1] merely repeat requests rejected by Magistrate Zarefsky as overbroad.  However, DC modified each of these requests by replacing the "RELATING" language to which defendants objected with narrower language making clear that DC seeks documents "identifying" the information sought, not "everything there is about companies with which Mr. Toberoff has been associated."

On the June 13 call, although DC had already narrowed its requests, we asked for defendants' counterproposals regarding this category of documents.  Mr. Toberoff refused to provide any.

---

[1] Toberoff Request Nos. 56-58; PPC Request Nos. 31, 33; IPWW Request Nos. 32-34; IPW Request Nos. 27, 29.

**EXHIBIT 11**
**56**

O'MELVENY & MYERS LLP
July 7, 2011 - Page 3

**Objection Category B**.  Requests placed in this category[2] break down into two groups.
First, Toberoff Request Nos. 27 and 28 were misquoted by defendants in their initial objections.
Even after we pointed this out in our June 1 letter and on the June 13 call, defendants stated in
their June 14 letter that their "responses, including the objections, stand," despite the much
narrower scope of the actual requests compared to those misquoted by defendants.

The second group includes requests reasserted by DC because they were formulated in
the same manner as Toberoff Request No. 34, to which defendants originally agreed to produce
responsive documents.  On the June 13 call, Mr. Toberoff and Mr. Adams contended that
Toberoff Request No. 34, which relates to the 2001 Pacific Pictures agreement, was more limited
than requests related to other agreements because that 2001 agreement was subsequently
amended and canceled.  After we pointed out that the same logic should apply to DC's requests
concerning the 2003 Pacific Pictures agreement (Toberoff Request No. 40) and 2002 IP
Worldwide agreement (Toberoff Request No. 52), Mr. Adams and Mr. Toberoff abandoned this
rationale in their June 14 letter, stating that the original response to Toberoff Request No. 34
should not have agreed to produce documents.

In any event, defendants now assert that, assuming the parties agree to a definition of
"RELATING," defendants have produced all "non-privileged responsive documents sought by
these requests."  Pursuant to the proposal regarding the definition of "RELATING" noted above,
DC is entitled to a clear statement that defendants have searched their files for all documents in
the requests listed in Objection Category B, and that no such documents exist that have not been
previously produced.  *See Ibanez v. Miller*, 2009 WL 1706665, at *4 (E.D. Cal. June 17, 2009)
(ordering verification that all responsive documents had been produced since defendants
produced no responsive documents); *Vieste, LLC v. Hill Redwood Dev.*, 2011 WL 2181200, at
*8 (N.D. Cal. June 3, 2011) (noting previous order to verify that all responsive documents had
been produced and imposing evidentiary sanctions for untimely production); *Rodriguez v.
Niagara Cleaning Servs., Inc.*, 2010 WL 1655519, at *2-3 (S.D. Fla. Apr. 23, 2010) (ordering
verification that all responsive documents had been produced because particulars of search for
documents were not provided).  To the extent they are not moot, any remaining relevance
objections are addressed individually below.

**Objection Category C**.  Defendants object generally that these requests[3] propound "new
discovery."  But each of the requests in this category are narrowed versions of DC's prior
requests that take into account defendants' objections.[4]  In any event, defendants have treated all

---

[2] Toberoff Request Nos. 27-28, 40-41, 44, 52; PPC Request Nos. 24, 27-28; IPWW Request
Nos. 24, 27.

[3] Toberoff Request Nos. 5, 9, 12-15, 18, 29-32, 42, 46, 48, 53-54; PPC Request Nos. 5, 15,
19, 23, 25, 29-30; IPWW Request Nos. 5, 15, 18, 25, 28-30; IPW Request Nos. 24-26.

[4] *E.g.*, Toberoff Request No. 5 (limiting request for all documents related to Superman and/or
Superboy to those documents related to the Siegel Heirs' or Shuster Heirs' interest in those
characters); PPC Request No. 19 (requesting documents related only to company's "introduction
to" Shuster Heirs, not "involvement with" them); IPWW Request No. 30 (limiting request to

**EXHIBIT 11**
**57**

O'MELVENY & MYERS LLP
July 7, 2011 - Page 4

of DC's narrowed and reformulated requests as "new discovery"—unilaterally giving themselves
30 days to respond to DC's narrowed requests before (a) informing DC of defendants' objections
and responses to the requests, or (b) much less producing *any* documents.

### Requests for Production to Defendant Marc Toberoff

Request No. 5

- Original:  All DOCUMENTS RELATING to SUPERMAN and/or SUPERBOY.

- Proposed 5(a):  All DOCUMENTS RELATING to any interest the SIEGEL HEIRS'
  claim in SUPERMAN and/or SUPERBOY.

- Proposed 5(b):  All DOCUMENTS RELATING to any interest the SHUSTER HEIRS'
  claim in SUPERMAN and/or SUPERBOY.

Defendants place these requests in Objection Category C.  This request has been
narrowed to make clear that DC seeks documents relating to the Siegel and Shuster heirs'
interest in Superman and Superboy, not all documents relating to those characters.  Such
documents are clearly relevant to DC's claims, which, *inter alia*, concern the Shusters' effort to
recapture Superman rights and misconduct in connection with the Siegels' attempt to recapture
Superman and Superboy rights.

Request No. 9

- Original:  All DOCUMENTS RELATING to any of the DEFENDANTS OBTAINED by
  YOU prior to YOUR initial contact with any of them.

- Proposed 9(a):  All DOCUMENTS RELATING to the SIEGEL HEIRS OBTAINED by
  YOU prior to YOUR initial contact with each of them.

- Proposed 9(b):  All DOCUMENTS RELATING to the SHUSTER HEIRS OBTAINED
  by YOU prior to YOUR initial contact with each of them.

Defendants place these requests in Objection Category C.  This request has been
narrowed to make clear that DC seeks documents relating to the Siegel and Shuster heirs only,
not all defendants, and may include news articles, correspondence, draft filings, or numerous
other documents.  Such documents are clearly relevant to DC's claims involving, *inter alia*, acts
of interference by Mr. Toberoff and his companies.  Moreover, the relationship between the
Toberoff defendants and the Siegel and Shuster heirs is a key factual issue that must be resolved
before defendants' Rule 12 and SLAPP motions can be adjudicated, and DC is entitled to
discovery relating to that question.  Mr. Toberoff has stated in deposition that he followed via the

documents "identifying" the current corporate status of IP Worldwide and removing reference to
"RELATING," to which defendants have objected).

**EXHIBIT 11**
**58**

O'MELVENY & MYERS LLP
July 7, 2011 - Page 5

internet the progress of the Siegel heirs' termination efforts, and these requests seek any similar documents relating to the Siegel heirs and/or Shuster heirs.

Request No. 12

- Original:  All DOCUMENTS RELATING to or affecting the disposition, division, or ownership of any rights in SUPERMAN and/or SUPERBOY.

- Proposed:  All DOCUMENTS created during or since 1997 RELATING to or affecting the disposition, division, or ownership of any rights in SUPERMAN and/or SUPERBOY.

Defendants place this request in Objection Category C.  This request has narrowed the timeframe of documents sought.  DC is not seeking pursuant to this request Jerry Siegel or Joe Shuster's agreements with DC or its predecessors, but only the named defendants' documents, which may include agreements, drafts of agreements, correspondence evidencing negotiations, or numerous other documents.  Mark Peary admitted at his June 29 deposition, for example, that "[t]here were drafts" of the 2001 agreement he signed with Pacific Pictures Corporation.  Peary Dep. Tr. 99:6-10.  Such documents are clearly relevant to DC's Third and Sixth claims, which relate to, *inter alia*, unlawful consent agreements and attempts to transfer the Siegel heirs' and/or Shuster heirs' interests before the date allowed by the Copyright Act.  They are also relevant to DC's First claim, which, *inter alia*, seeks to determine the validity of the Shuster heirs' termination effort and alleges, in part, that their termination fails because they lacked the necessary majority interest to terminate due to the Shuster heirs' transfer of 50% of their purported Superman rights to Pacific Pictures.  Regardless of defendants' current position on this issue, DC seeks any documents relating to it.  Moreover, the extent to which Mr. Toberoff and/or his companies have an interest in the heirs' rights is a factual issue that must be resolved before defendants' Rule 12 and SLAPP motions can be adjudicated.

Request No. 13

- Original:  All DOCUMENTS RELATING to or affecting the division of revenue, proceeds, or other profits regarding SUPERMAN and/or SUPERBOY.

- Proposed:  All DOCUMENTS created during or since 1997 RELATING to or affecting the division of revenue, proceeds, or other profits regarding SUPERMAN and/or SUPERBOY.

Defendants place this request in Objection Category C.  DC seeks the same types of documents—relevant to the same claims and for the same reasons—as sought in Toberoff Request No. 12.

Request No. 14

- Original:  All DOCUMENTS RELATING to or affecting the division of any settlement proceeds regarding SUPERMAN and/or SUPERBOY.

**EXHIBIT 11**
**59**

O'MELVENY & MYERS LLP

July 7, 2011 - Page 6

- Proposed:  All DOCUMENTS created during or since 1997 RELATING to or affecting the division of any settlement proceeds regarding SUPERMAN and/or SUPERBOY.

Defendants place this request in Objection Category C.  DC seeks the same types of documents—relevant to the same claims and for the same reasons—as sought in Toberoff Request No. 12.

Request No. 15

- Original:  All DOCUMENTS RELATING to the potential sale, assignment, license, or other disposition of any rights RELATING to SUPERMAN and/or SUPERBOY, including but not limited to any solicitation, offer, option, or proposed agreement.

- Proposed:  All DOCUMENTS created during or since 1997 RELATING to the potential sale, assignment, license, or other disposition of any rights RELATING to SUPERMAN and/or SUPERBOY, including but not limited to any solicitation, offer, option, or proposed agreement.

Defendants place this request in Objection Category C.  DC seeks the same types of documents—relevant to the same claims and for the same reasons—as sought in Toberoff Request No. 12.

Request No. 18

- Original:  All DOCUMENTS RELATING to the valuation of any past, current, or potential ownership interest in SUPERMAN and/or SUPERBOY.

- Proposed:  All DOCUMENTS created during or since 1995 RELATING to the valuation of any past, current, or potential ownership interest in SUPERMAN and/or SUPERBOY.

Defendants place this request in Objection Category C.  This request has narrowed the timeframe for documents sought.  DC seeks any documents relating to valuations by defendants, their counsel, or agents to valuate Superman as a property or defendants' purported Superman interest, and may include reports from accountants or other experts, correspondence seeking such reports, or numerous other documents.  Such documents are clearly relevant to DC's Second claim, which, *inter alia*, relates to the scope of rights subject to recapture by the Shuster heirs, if any.  They also potentially relate to determining the role Mr. Toberoff and his companies have played in representing the Siegel heirs and Shuster heirs, which is a key factual issue yet to be determined in this case.

Request No. 27

- Original:  All DOCUMENTS RELATING to YOUR introduction to the SIEGEL HEIRS.

EXHIBIT 11
60

O'MELVENY & MYERS LLP
July 7, 2011 - Page 7

Defendants place this request in Objection Category B.  This request relates only to Mr. Toberoff's introduction to the Siegel heirs, not the broader "involvement with" them quoted by defendants.  These documents may include phone records, calendar logs, correspondence setting up meetings, or numerous other documents.  Such documents are clearly relevant to DC's Fifth claim, which, *inter alia*, relates to Mr. Toberoff's and his companies' interference with DC's rights with relation to the Siegel heirs while DC and the Siegel heirs were negotiating a global settlement of the Siegel heirs' claims.  They are also relevant to DC's Sixth claim, which, *inter alia*, relates to improper agreements defendants entered into prohibiting them from dealing with DC.  Defendants have also asserted that Mr. Toberoff acted as the Siegel heirs' lawyer from the outset of their relationship, while the only agreement under which they operated at that time was through IP Worldwide, which is not a law firm.  The nature of this relationship is a factual issue that must be explored through discovery before defendants' Rule 12 and SLAPP motions can be adjudicated.

Request No. 28

- Original:  All DOCUMENTS RELATING to YOUR introduction to the SHUSTER HEIRS.

Defendants place this request in Objection Category B.  This request relates only to Mr. Toberoff's introduction to the Shuster heirs, not the broader "involvement with" them quoted by defendants.  These documents may include phone records, calendar logs, correspondence setting up meetings, or numerous other documents.  Such documents are clearly relevant to DC's First and Second claims, which, *inter alia*, seek declaratory relief regarding the validity and scope of the Shuster heirs' termination efforts.  They are also relevant to DC's Third, Fourth, and Sixth claims, all of which relate to, *inter alia*, efforts by Mr. Toberoff to market the Shuster heirs' purported Superman rights and agreements entered into for that purpose.  Defendants have also asserted that Mr. Toberoff acted as the Shuster heirs' lawyer from the outset of their relationship, while the only agreement under which they operated at that time was through Pacific Pictures, which is not a law firm.  The nature of this relationship is a factual issue that must be explored through discovery before defendants' Rule 12 and SLAPP motions can be adjudicated.

Request No. 29

- Original:  All DOCUMENTS RELATING to the transfer of any property or interest between or among YOU and any DEFENDANT.

- Proposed:  All DOCUMENTS RELATING to the transfer of any property or interest in SUPERMAN and/or SUPERBOY between or among YOU and any DEFENDANT.

Defendants place this request in Objection Category C.  This request has been narrowed to make clear that it relates only to interests in Superman and/or Superboy, not unrelated transfers between or among Mr. Toberoff and his companies.  These documents may include agreements, drafts of agreements, correspondence evidencing negotiations, or numerous other

EXHIBIT 11
61

O'MELVENY & MYERS LLP
July 7, 2011 - Page 8

documents.  Such documents are relevant to the same claims and for the same reasons as described in Toberoff Request No. 12.

Request No. 30

- Original:  All COMMUNICATIONS RELATING to any disclosure of a potential or actual conflict of interest by or to YOU or any DEFENDANT.

- Proposed:  All COMMUNICATIONS RELATING to any disclosure of a potential or actual conflict of interest by or to YOU, the SIEGEL HEIRS, or SHUSTER HEIRS.

Defendants place this request in Objection Category C.  This request has been narrowed to make clear that it relates only to disclosures among Mr. Toberoff, the Siegel heirs, and Shuster heirs, not all defendants.  Such documents are clearly relevant to DC's Fourth and Fifth claims, which, *inter alia*, relate to acts of interference with DC's rights by Mr. Toberoff and his companies.  Those claims also implicate the nature of Mr. Toberoff's relationship with the Siegel heirs and Shuster heirs.  The requested documents are also relevant to DC's First claim, which, *inter alia*, seeks to determine the validity of the Shuster heirs' termination effort and alleges, in part, that their termination fails because of improper dealings related to Superboy that benefited the Siegel heirs to the detriment of the Shuster heirs and DC.  And while Mr. Toberoff mentioned during the June 13 call that he was not sure whether the Siegel heirs or Shuster heirs had outside counsel advising them before entering into agreements with Mr. Toberoff and his companies, California law requires that an attorney inform in writing one with whom he is entering into a business transaction of conflicts and give that person the opportunity to seek independent counsel.

Request No. 31

- Original:  All DOCUMENTS RELATING to any waiver or acknowledgement of a potential or actual conflict of interest by or to YOU or any DEFENDANT.

- Proposed:  All DOCUMENTS RELATING to any waiver or acknowledgement of a potential or actual conflict of interest by or to YOU, the SIEGEL HEIRS, or SHUSTER HEIRS.

Defendants place this request in Objection Category C.  DC seeks the same types of documents—relevant to the same claims and for the same reasons—as sought in Toberoff Request No. 30.  Mr. Peary admitted at his June 29 deposition, for example, that he, the Siegel heirs, and Mr. Toberoff all signed a conflict of interest waiver in 2010, yet none has been produced.  Defendants may claim that this document is listed on a privilege log, but DC cannot locate such a document—one more example of how the opacity of defendants' privilege logs prevents DC or the Court from assessing defendants' assertions of privilege.  In any event, these documents are not privileged and should be produced immediately.  *See E. Maine Baptist Church v. Regions Bank*, 2007 WL 1445257, at *2-3 (E.D. Mo. May 10, 2007) ("The production of conflict memoranda, new matter forms, and correspondence regarding conflicts is not

**EXHIBIT 11**
**62**

O'MELVENY & MYERS LLP
July 7, 2011 - Page 9

protected by the attorney-client privilege or work product doctrine."); *Chevron USA Inc. v. Peuler*, 2004 WL 224579, at *3 (E.D. La. Feb. 3, 2004) (ordering production of conflict of interest waiver).

Request No. 32

- Original:  All DOCUMENTS RELATING to any past, current, or planned partnership or strategic alliance between YOU and any individual entity RELATING to any DEFENDANT.

- Proposed:  All DOCUMENTS created during or since 2000 RELATING to any past, current, or planned partnership or strategic alliance between YOU and any individual or entity RELATING to any purported interest in SUPERMAN and/or SUPERBOY.

Defendants place this request in Objection Category C.  This request has narrowed the timeframe of documents sought and now makes clear that it seeks only documents relating to Superman and/or Superboy, not all alliances by Mr. Toberoff, and may include agreements, drafts of agreements, correspondence discussing potentially-aligned business interest, or numerous other documents.  Such documents are clearly relevant to DC's Third and Sixth claims, which, *inter alia*, relate to unlawful consent agreements and attempts to transfer the Siegel heirs' and/or Shuster heirs' interests before the date allowed by the Copyright Act.  They are also relevant to DC's Second claim, which, *inter alia*, relates to the scope of rights subject to recapture by the Shuster heirs, if any.  Any partnerships or strategic alliances, actual or potential, are therefore relevant to potential discussions regarding the value of the heirs' rights.  Additionally, Mr. Toberoff has made representations regarding his efforts to market the heirs' rights, and DC is entitled to investigate them through the discovery process.

Request No. 40

- Original:  All DOCUMENTS RELATING to the letter agreement dated October 27, 2003 that YOU signed with the SHUSTER HEIRS.

Defendants place this request in Objection Category B.  Documents sought by this request, including drafts of agreements, correspondence evidencing negotiations, correspondence stating the purpose for the document described, amending agreements or correspondence, or numerous other documents, are clearly relevant to DC's First and Second claims, which, *inter alia*, seek declaratory relief regarding the validity and scope of the Shuster heirs' termination efforts as well as DC's interference claims.  The documents sought are, in addition, relevant to DC's Third, Fourth, and Sixth claims, all of which relate to, acts of interference by Mr. Toberoff (the businessman) and his companies, as well as efforts by the defendants to market the Shuster heirs' purported Superman rights and any negotiations or agreements entered into for that purpose.  Defendants have also asserted that Mr. Toberoff acted as the Shuster heirs' lawyer from the outset of their relationship, while the October 27, 2003, agreement makes clear that Pacific Pictures is not a law firm.  The nature of this relationship—and defendants' claims

**EXHIBIT 11**
**63**

O'MELVENY & MYERS LLP
July 7, 2011 - Page 10

regarding it—are factual issues that must be explored through discovery before defendants' Rule 12 and SLAPP motions can be adjudicated.

Request No. 41

- Original:  All DOCUMENTS RELATING to the letter dated September 10, 2004 that YOU signed with the SHUSTER HEIRS.

Defendants place this request in Objection Category B.  DC seeks the same types of documents—relevant to the same claims and for the same reasons—as sought in Toberoff Request No. 40.

Request No. 42

- Original:  All DOCUMENTS RELATING to any COMMUNICATION between YOU and Kevin Marks.

- Proposed 42(a):  All DOCUMENTS RELATING to any COMMUNICATION between YOU and Kevin Marks RELATING to the SIEGEL HEIRS.

- Proposed 42(b):  All DOCUMENTS RELATING to any COMMUNICATION between YOU and Kevin Marks RELATING to the SHUSTER HEIRS.

Defendants place these requests in Objection Category C.  These requests now make clear that they seek only documents relating to communications regarding the Siegel heirs and/or Shuster heirs, not all communications Mr. Toberoff may have had with Mr. Marks, and may include phone records, calendar logs, correspondence setting up meetings, communicated offers, drafts of agreements, or numerous other documents.  Such documents are clearly relevant to DC's Fifth claim, which, *inter alia*, relates to interference with DC's rights with relation to the Siegel heirs while they were represented by Mr. Marks.  Regardless of defendants' position on the trustworthiness of the Toberoff Timeline, the Court has repeatedly held that DC has the right to take discovery related to the Timeline, which describes conversations between Mr. Toberoff and Mr. Marks.  And Mr. Toberoff has described at deposition other conversations he had with Mr. Marks related to the Siegel heirs, all of which DC has the right to investigate.

Request No. 44

- Original:  All DOCUMENTS RELATING to the letter dated August 9, 2002 from Kevin Marks to Joanne and/or Laura Siegel.

Defendants place this request in Objection Category B.  Documents sought by this request, including phone records, calendar logs, correspondence evidencing negotiations, communicated offers, drafts of agreements, or numerous other documents, are clearly relevant to DC's Fifth claim, which, *inter alia*, relates to interference with DC's rights with relation to the Siegel heirs while they were represented by Mr. Marks.  Regardless of defendants' position on

**EXHIBIT 11**
**64**

O'MELVENY & MYERS LLP
July 7, 2011 - Page 11

the trustworthiness of the Toberoff Timeline, the Court has repeatedly held that DC has the right to take discovery related to the Timeline, which describes conversations between Mr. Toberoff and Mr. Marks, including one subsequent to an August 8, 2002, telephone call including Mr. Marks and Mr. Toberoff.  DC has the right to investigate the claims in the Timeline, especially in light of the Court's May 25 order holding that defendants waived privilege over the Timeline documents provided to the U.S. Attorney's Office.

Request No. 46

- Original:  All DOCUMENTS RELATING to any COMMUNICATION between YOU and Michael Siegel RELATING to the rights in SUPERMAN and/or SUPERBOY.

- Proposed:  All DOCUMENTS RELATING to any COMMUNICATION between YOU and Michael Siegel or his representatives RELATING to the SIEGEL HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

Defendants place this request in Objection Category C.  This request now makes clear that it seeks only documents relating to communications regarding the Siegel heirs' purported interest in Superman and/or Superboy, not all communications Mr. Toberoff may have had with Mr. Siegel or his representatives.  Such documents, including valuations, drafts of agreements, correspondence evidencing negotiations, communicated offers, or numerous other documents, are clearly relevant to DC's Fifth claim, which, *inter alia*, relates to interference with DC's rights with relation to the Siegel heirs.  The proceedings in the Northern District of Ohio confirm that defendants did not share a common interest with Mr. Siegel or his representatives while Mr. Siegel was alive, and all such documents should be produced.

Request No. 48

- Original:  All DOCUMENTS RELATING to any COMMUNICATION between or among Laura Siegel Larson and Michael Siegel.

- Proposed:  All DOCUMENTS RELATING to any COMMUNICATION between Joanne Siegel and/or Laura Siegel Larson, on one hand, and Michael Siegel or his representatives on the other hand.

Defendants place this request in Objection Category C.  DC seeks the same types of documents—relevant to the same claims and for the same reasons—as sought in Toberoff Request No. 46.

Request No. 52

- Original:  All DOCUMENTS RELATING to the letter agreement dated October 3, 2002 that YOU signed on behalf of DEFENDANT IP Worldwide, LLC, and any revisions, modifications, or adjustments thereto.

EXHIBIT 11
65

O'MELVENY & MYERS LLP
July 7, 2011 - Page 12

Defendants place this request in Objection Category B.  Documents sought by this request include agreements, correspondence evidencing negotiations, correspondence stating the purpose for the document described, amending agreements or correspondence, or numerous other documents.  Such documents are relevant to the same claims and for the same reasons as those sought in Toberoff Request No. 27.

Request No. 53

- Original:  ALL DOCUMENTS RELATING to the Notice of Termination of Transfer Covering Extended Renewal Term:  Superboy served on behalf of the SIEGEL HEIRS on or around November 8, 2002.

- Proposed:  All DOCUMENTS created from 1995 to the present RELATING to the Notice of Termination of Transfer Covering Extended Renewal Term:  Superboy served on behalf of the SIEGEL HEIRS on or around November 8, 2002.

Defendants place this request in Objection Category C.  This request has narrowed the timeframe for documents sought, and may include agreements relating to the disposition of Superboy rights, correspondence stating the purpose of the document described, or numerous other documents.  DC is not seeking pursuant to this request any Superboy documents dating back to the character's first appearance, merely documents related to the Superboy termination notice.  Such documents are clearly relevant to DC's First claim, which, *inter alia*, seeks to determine the validity of the Shuster heirs' termination effort and alleges, in part, that their termination fails because of improper dealings related to Superboy that benefited the Siegel heirs to the detriment of the Shuster heirs and DC.  The requested documents are also relevant to DC's Fifth claim, which, *inter alia*, relates to Mr. Toberoff's interference with DC's rights with relation to the Siegel heirs while DC and the Siegel heirs were negotiating a global settlement of the Siegel heirs' claims.

Request No. 54

- Original:  All DOCUMENTS RELATING to the Transfer Covering Extended Copyright Renewal Term of "Superman" served on behalf of the Estate of Joseph Shuster on November 10, 2003.

- Proposed:  All DOCUMENTS created from 2001 to the present RELATING to the Transfer Covering Extended Copyright Renewal Term of "Superman" served on behalf of the Estate of Joseph Shuster on November 10, 2003.

Defendants place this request in Objection Category C.  This request has narrowed the timeframe for documents sought, and may include agreements relating to the disposition of Superboy rights, correspondence stating the purpose of the document described, correspondence stating the reason for the failure of the Shuster heirs to seek separate termination of Superboy, or numerous other documents.  DC is not seeking pursuant to this request any Superman documents dating back to the character's first appearance, merely documents related to the Superman

EXHIBIT 11
66

O'MELVENY & MYERS LLP
July 7, 2011 - Page 13

termination notice.  Such documents are clearly relevant to DC's First claim, which, *inter alia*, seeks to determine the validity of the Shuster heirs' termination effort and alleges, in part, that their termination fails because of improper dealings related to Superboy that benefited the Siegel heirs to the detriment of the Shuster heirs and DC.  Unlike the Siegel heirs' initial termination notice, the Shuster heirs' notice did not include any Superboy works.  The requested documents are also relevant to DC's Fourth claim, which, *inter alia*, relates to Mr. Toberoff's interference with DC's rights with relation to the 1992 agreement signed by Jean Peavy and Frank Shuster.

Request No. 56

- Original:  All DOCUMENTS RELATING to your role and ownership interest in Pacific Pictures Corporation, including, articles of organization, operating agreements, minutes, capital tables or other DOCUMENTS evidencing capital accounts or capital structure, filings, income statements, business plans, etc.

- Proposed 56(a):  All DOCUMENTS identifying your past, present, and/or future role or position in Pacific Pictures Corporation.

- Proposed 56(b):  All DOCUMENTS identifying your past and/or present ownership interest in Pacific Pictures Corporation.

- Proposed 56(c):  All DOCUMENTS involved in the formation of Pacific Pictures Corporation, including, articles of organization, operating agreements, minutes, filings, business plans.

- Proposed 56(d):  All DOCUMENTS evidencing Pacific Pictures Corporation's past and/or present capital structure, including capital tables or other DOCUMENTS evidencing capital accounts or capital structure.

These requests remove the "RELATING" language characterized by defendants as overbroad and substitute "identifying" or "evidencing."  Through these requests, DC seeks documents identifying the ownership, management and capital structures, and formation documents of Pacific Pictures, not every transaction in which it ever engaged.  Such documents are clearly relevant to DC's Third, Fourth, and Sixth claims, all of which relate to, *inter alia*, efforts by Mr. Toberoff and Pacific Pictures to market the Shuster heirs' purported Superman rights and agreements entered into for that purpose.  Defendants have also asserted that Mr. Toberoff acted as the Shuster heirs' lawyer from the outset of their relationship, while the only agreement under which they operated at that time was through Pacific Pictures, which is not a law firm.  The nature of this relationship is a factual issue that must be explored through discovery before defendants' Rule 12 and SLAPP motions can be adjudicated.

Request No. 57

- Original:  All DOCUMENTS RELATING to your role and ownership interest in IP Worldwide LLC, including, articles of organization, operating agreements, minutes,

**EXHIBIT 11**
**67**

O'MELVENY & MYERS LLP

July 7, 2011 - Page 14

capital tables or other DOCUMENTS evidencing capital accounts or capital structure, filings, income statements, business plans, etc.

- Proposed 57(a):  All DOCUMENTS identifying your past, present, and/or future role or position in IP Worldwide, LLC.

- Proposed 57(b):  All DOCUMENTS identifying your past and/or present ownership interest in IP Worldwide, LLC.

- Proposed 57(c):  All DOCUMENTS involved in the formation of IP Worldwide, LLC, including, articles of organization, operating agreements, minutes, filings,  business plans.

- Proposed 57(d):  All DOCUMENTS evidencing IP Worldwide, LLC's past and/or present capital structure, including capital tables or other DOCUMENTS evidencing capital accounts or capital structure.

These requests removes the "RELATING" language characterized by defendants as overbroad and substitutes "identifying" or "evidencing."  Through these requests, DC seeks documents identifying the ownership, management and capital structures, and formation documents of IP Worldwide.  Such documents are clearly relevant to DC's First claim, which, *inter alia*, seeks to determine the validity of the Shuster heirs' termination effort and alleges, in part, that their termination fails because they lacked the necessary majority interest to terminate due to the Shuster heirs' transfer of 50% of their purported Superman rights to Pacific Pictures. Documents previously produced show that Pacific Pictures contributed its "current IP business" at the formation of IP Worldwide, presumably including the Shuster heirs' purported Superman interest.  Regardless of defendants' current position on this issue, DC seeks any documents relating to it.  DC is entitled to test defendants' representation through the discovery process. They are also relevant to DC's Fifth claim, which, *inter alia*, relates to Mr. Toberoff's and his companies' interference with DC's rights with relation to the Siegel heirs.  Defendants have asserted that Mr. Toberoff acted as the Siegel heirs' lawyer from the outset of their relationship, while the only agreement under which they operated at that time was through IP Worldwide, which is not a law firm.  The nature of this relationship is a factual issue that must be explored through discovery before defendants' Rule 12 and SLAPP motions can be adjudicated.

Request No. 58

- Original:  All DOCUMENTS RELATING to your role and ownership interest in IPW, LLC, including, articles of organization, operating agreements, minutes, capital tables or other DOCUMENTS evidencing capital accounts or capital structure, filings, income statements, business plans, etc.

- Proposed 58(a):  All DOCUMENTS identifying your past, present, and/or future role or position in IPW, LLC.

EXHIBIT 11
68

O'MELVENY & MYERS LLP
July 7, 2011 - Page 15

- Proposed 58(b):  All DOCUMENTS identifying your past and/or present ownership interest in IPW, LLC.

- Proposed 58(c):  All DOCUMENTS involved in the formation of IPW, LLC, including, articles of organization, operating agreements, minutes, filings,  business plans.

- Proposed 58(d):  All DOCUMENTS evidencing IPW, LLC's past and/or present capital structure, including capital tables or other DOCUMENTS evidencing capital accounts or capital structure.

These requests remove the "RELATING" language characterized by defendants as overbroad and substitute "identifying" or "evidencing."  Through these requests, DC seeks documents identifying the ownership, management and capital structures, and formation documents of IPW, not every transaction in which it ever engaged.  Such documents are clearly relevant to DC's First claim, which, *inter alia*, seeks to determine the validity of the Shuster heirs' termination effort and alleges, in part, that their termination fails because they lacked the necessary majority interest to terminate due to the Shuster heirs' transfer of 50% of their purported Superman rights to Pacific Pictures.  Documents previously produced show that Pacific Pictures contributed its "current IP business" at the formation of IP Worldwide, presumably including the Shuster heirs' purported Superman interest.  Mr. Toberoff has stated at deposition that interests in rights held by IP Worldwide were assigned to IPW.  We are entitled to see all documents effectuating and related to that transfer.  Regardless of defendants' current position on this issue, DC seeks any documents relating to it.  DC is entitled to test defendants' representation through the discovery process.

**Requests for Production to Defendant Pacific Pictures Corporation**

Request No. 5

- Original:  All DOCUMENTS RELATING to SUPERMAN and/or SUPERBOY.

- Proposed 5(a):  All DOCUMENTS RELATING to any interest the SIEGEL HEIRS' claim in SUPERMAN and/or SUPERBOY.

- Proposed 5(b):  All DOCUMENTS RELATING to any interest the SHUSTER HEIRS' claim in SUPERMAN and/or SUPERBOY.

Defendants place these requests in Objection Category C.  DC seeks the same types of documents—relevant to the same claims and for the same reasons—as sought in Toberoff Request No. 5.

Request No. 15

- Original:  All DOCUMENTS RELATING to the valuation of any past, current, or potential ownership interest in SUPERMAN and/or SUPERBOY.

**EXHIBIT 11**
**69**

O'MELVENY & MYERS LLP
July 7, 2011 - Page 16

- Proposed:  All DOCUMENTS created since 1995 RELATING to the valuation of any past, current, or potential ownership interest in SUPERMAN and/or SUPERBOY.

Defendants place this request in Objection Category C.  DC seeks the same types of documents—relevant to the same claims and for the same reasons—as sought in Toberoff Request No. 18.

Request No. 19

- Original:  All DOCUMENTS RELATING to YOUR introduction to and involvement with the SHUSTER HEIRS.

- Proposed:  All DOCUMENTS RELATING to YOUR introduction to the SHUSTER HEIRS.

This request has been narrowed to make clear that DC seeks documents relating to Pacific Pictures' introduction to the Shuster heirs, not the broader "involvement with" them.  DC seeks the same types of documents—relevant to the same claims and for the same reasons—as sought in Toberoff Request No. 28.

Request No. 23

- Original:  All DOCUMENTS RELATING to YOUR past and current ownership and management structure, including operating agreements, by-laws, capitalization schedules, capital accounts, shares, filings, and other financial forms.

- Proposed:  All DOCUMENTS identifying YOUR past and current ownership and management structure, including operating agreements, by-laws, capitalization schedules, capital accounts, shares, filings, and other financial forms.

This request removes the "RELATING" language characterized by defendants as overbroad and substitutes "identifying."  DC seeks the same types of documents—relevant to the same claims and for the same reasons—as sought in Toberoff Request No. 56.

Request No. 24

- Original:  All DOCUMENTS RELATING to the Memorandum of Agreement dated February 2, 2002 that YOU entered into with Ari Emanuel.

Defendants place this request in Objection Category B.  Because the document described here appears to have created IP Worldwide, documents sought by this request, including drafts of agreements, correspondence evidencing negotiations, correspondence stating the purpose of the document described, amending agreements or correspondence, or numerous other documents, are clearly relevant to DC's Fifth claim, which, *inter alia*, relates to Mr. Toberoff's and his companies' interference with DC's rights with relation to the Siegel heirs while DC and the

EXHIBIT 11
70

O'MELVENY & MYERS LLP
July 7, 2011 - Page 17

Siegel heirs were negotiating a global settlement of the Siegel heirs' claims. Defendants have also asserted that Mr. Toberoff acted as the Siegel heirs' lawyer from the outset of their relationship, while the only agreement under which they operated at that time was through IP Worldwide, which is not a law firm. The nature of this relationship is a factual issue that must be explored through discovery before defendants' Rule 12 and SLAPP motions can be adjudicated.

Request No. 25

- Original: All DOCUMENTS RELATING to any contributions by YOU to the IP Worldwide joint venture.

- Proposed: All DOCUMENTS identifying any contributions by YOU to the IP Worldwide joint venture.

    This request removes the "RELATING" language characterized by defendants as overbroad and substitutes "identifying." Through this request, DC seeks all documents identifying Pacific Pictures' contributions to IP Worldwide, another of Mr. Toberoff's companies, and may include agreements, drafts of agreements, correspondence evidencing negotiations, amending agreements or correspondence, or numerous other documents. Such documents are clearly relevant to DC's First claim, which, *inter alia*, seeks to determine the validity of the Shuster heirs' termination effort and alleges, in part, that their termination fails because they lacked the necessary majority interest to terminate due to the Shuster heirs' transfer of 50% of their purported Superman rights to Pacific Pictures. Documents previously produced show that Pacific Pictures contributed its "current IP business" at the formation of IP Worldwide, presumably including the Shuster heirs' purported Superman interest. Regardless of defendants' current position on this issue, DC seeks any documents relating to it. Moreover, the extent to which Mr. Toberoff and/or his companies have an interest in the heirs' rights is a factual issue that must be resolved before defendants' Rule 12 and SLAPP motions can be adjudicated.

Request No. 27

- Original: All DOCUMENTS RELATING to the letter agreement dated October 27, 2003 that YOU entered into with the SHUSTER HEIRS.

    Defendants place this request in Objection Category B. DC seeks the same types of documents—relevant to the same claims and for the same reasons—as those sought in Toberoff Request No. 40.

Request No. 28

- Original: All DOCUMENTS RELATING to the letter dated September 10, 2004 that YOU signed with the SHUSTER HEIRS.

**EXHIBIT 11**
**71**

O'Melveny & Myers llp
July 7, 2011 - Page 18

Defendants place this request in Objection Category B.  DC seeks the same types of documents—relevant to the same claims and for the same reasons—as those sought in Toberoff Request No. 40.

Request No. 29

- Original:  All DOCUMENTS RELATING to the formation of PACIFIC PICTURES.

- Proposed:  All DOCUMENTS involved in the formation of PACIFIC PICTURES, including, articles of organization, operating agreements, minutes, filings, business plans.

This request removes the "RELATING" language characterized by defendants as overbroad and substitutes "identifying."  Through this request, DC seeks all of Pacific Pictures' formation documents.  Such documents are clearly relevant to DC's Third and Sixth claims, which, *inter alia*, relate to efforts by Mr. Toberoff and Pacific Pictures to market the Shuster heirs' purported Superman rights and agreements entered into for that purpose.  Defendants have also asserted that Mr. Toberoff acted as the Shuster heirs' lawyer from the outset of their relationship, while the only agreement under which they operated at that time was through Pacific Pictures, which is not a law firm.  DC is entitled to test defendants' representation through the discovery process.

Request No. 30

- Original:  All DOCUMENTS RELATING to the current corporate status of PACIFIC PICTURES.

- Proposed:  All DOCUMENTS identifying the current corporate status of PACIFIC PICTURES.

This request removes the "RELATING" language characterized by defendants as overbroad and substitutes "identifying."  Through this request, DC seeks documents identifying the current status of Pacific Pictures.  Such documents are clearly relevant to DC's Third, Fourth, and Sixth claims, all of which relate to, *inter alia*, efforts by Mr. Toberoff and Pacific Pictures to market the Shuster heirs' purported Superman rights and agreements entered into for that purpose.  They are also relevant to DC's First claim, which, *inter alia*, seeks to determine the validity of the Shuster heirs' termination effort and alleges, in part, that their termination fails because they lacked the necessary majority interest to terminate due to the Shuster heirs' transfer of 50% of their purported Superman rights to Pacific Pictures.  Regardless of defendants' current position on this issue, DC seeks any documents relating to it.  Moreover, the extent to which Mr. Toberoff and/or his companies have an interest in the heirs' rights is a factual issue that must be resolved before defendants' Rule 12 and SLAPP motions can be adjudicated.

**EXHIBIT 11**
**72**

O'MELVENY & MYERS LLP
July 7, 2011 - Page 19

Request No. 31

- Original:  All DOCUMENTS RELATING to any past, current, or planned business activity of PACIFIC PICTURES.

- Proposed:  All DOCUMENTS identifying any business plans of PACIFIC PICTURES, including but not limited to marketing of rights held, solicitation of new business, or plans to sell, lease, license, or otherwise transfer rights.

DC offers this narrowed request, which removes the "RELATING" language characterized by defendants as overbroad and substitutes "identifying."  Through this request, DC seeks documents identifying business plans relating to rights held by Pacific Pictures (including any efforts to promote, arrange, or negotiate the sale, assignment, lease, license, or any other disposition or exploitation of rights or property), not all unrelated business activities. Such documents are relevant to same claims and for the reasons stated in PPC Request No. 30.

Request No. 33

- Original:  All DOCUMENTS RELATING to any individual or entity that currently holds property or interests formerly held by PACIFIC PICTURES.

- Proposed:  All DOCUMENTS identifying any individual or entity that currently holds property or interests formerly held by PACIFIC PICTURES.

This request removes the "RELATING" language characterized by defendants as overbroad and substitutes "identifying."  Through this request, DC seeks documents identifying any transfers by Pacific Pictures of interests related to Superman and/or Superboy, including agreements, drafts of agreements, correspondence evidencing negotiations, or numerous other documents.  Such documents are relevant to same claims and for the reasons stated in PPC Request No. 30.

**Requests for Production to Defendant IP Worldwide, LLC**

Request No. 5

- Original:  All DOCUMENTS RELATING to SUPERMAN and/or SUPERBOY.

- Proposed 5(a):  All DOCUMENTS RELATING to the SIEGEL HEIRS' purported interest in SUPERMAN and/or SUPERBOY.

- Proposed 5(b):  All DOCUMENTS RELATING to the SHUSTER HEIRS' purported interest in SUPERMAN and/or SUPERBOY.

EXHIBIT 11
73

O'MELVENY & MYERS LLP
July 7, 2011 - Page 20

Defendants place these requests in Objection Category C.  DC seeks the same types of documents—relevant to the same claims and for the same reasons—as sought in Toberoff Request No. 5.

Request No. 15

- Original:  All DOCUMENTS RELATING to the valuation of any past, current, or potential ownership interest in SUPERMAN and/or SUPERBOY.

- Proposed:  All DOCUMENTS created since 1995 RELATING to the valuation of any past, current, or potential ownership interest in SUPERMAN and/or SUPERBOY.

Defendants place this request in Objection Category C.  DC seeks the same types of documents—relevant to the same claims and for the same reasons—as sought in Toberoff Request No. 18.

Request No. 18

- Original:  All DOCUMENTS RELATING to YOUR introduction to and involvement with the SIEGEL HEIRS.

- Proposed:  All DOCUMENTS RELATING to YOUR introduction to the SIEGEL HEIRS.

This request has been narrowed to make clear that DC seeks documents relating to IP Worldwide's introduction to the Siegel heirs, not the broader "involvement with" them.  DC seeks the same types of documents—relevant to the same claims and for the same reasons—as sought in Toberoff Request No. 27.

Request No. 24

- Original:  All DOCUMENTS RELATING to the Memorandum of Agreement dated February 2, 2002 that YOU entered into with Ari Emanuel.

Defendants place this request in Objection Category B.  DC seeks the same types of documents—relevant to the same claims and for the same reasons—as sought in PPC Request No. 24.

Request No. 25

- Original:  All DOCUMENTS RELATING to contributions of DEFENDANTS Marc Toberoff and Pacific Pictures Corporation to IP WORLDWIDE.

EXHIBIT 11
74

O'MELVENY & MYERS LLP
July 7, 2011 - Page 21

- Proposed:  All DOCUMENTS identifying contributions of DEFENDANTS Marc Toberoff and Pacific Pictures Corporation to IP WORLDWIDE.

This request removes the "RELATING" language characterized by defendants as overbroad and substitutes "identifying."  DC seeks the same types of documents—relevant to the same claims and for the same reasons—as sought in PPC Request No. 25.

Request No. 27

- Original:  All DOCUMENTS RELATING to the letter agreement dated October 3, 2002—and any revisions, modifications, or adjustments thereto—that IP WORLDWIDE signed with the SIEGEL HEIRS.

Defendants place this request in Objection Category B.  DC seeks the same types of documents—relevant to the same claims and for the same reasons—as sought in Toberoff Request No. 52.

Request No. 28

- Original:  All DOCUMENTS RELATING to the identification of IP WORLDWIDE on the Document Cover Sheet for Recordation of Documents filed with the Transfer Covering Extended Copyright Renewal Term of "Superman" served on behalf of the Estate of Joseph Shuster on November 10, 2003.

- Proposed:  All DOCUMENTS created from 2001 to the present RELATING to the identification of IP WORLDWIDE on the Document Cover Sheet for Recordation of Documents filed with the Transfer Covering Extended Copyright Renewal Term of "Superman" served on behalf of the Estate of Joseph Shuster on November 10, 2003.

This request narrows the timeframe of documents sought.  Through this request, DC seeks all documents relating to the identification of IP Worldwide in the Shuster heirs' termination notice.  Such documents, including correspondence or other documents evidencing work IP Worldwide performed for the Shuster heirs, correspondence describing the purpose of the identification of IP Worldwide in the document described, or numerous other documents, are clearly relevant to DC's First claim, which, *inter alia*, seeks to determine the validity of the Shuster heirs' termination effort and alleges, in part, that their termination fails because they lacked the necessary majority interest to terminate due to the Shuster heirs' transfer of 50% of their purported Superman rights to Pacific Pictures.  To our knowledge, defendants have produced no documents identifying any work that IP Worldwide did for the Shuster heirs, but documents previously produced do show that Pacific Pictures contributed its "current IP business" at the formation of IP Worldwide, presumably including the Shuster heirs' purported Superman interest.  Regardless of defendants' current position on this issue, DC seeks any documents relating to it.  Moreover, the extent to which Mr. Toberoff (the businessman) and/or his companies have an interest in the heirs' rights is a factual issue that must be resolved before defendants' Rule 12 and SLAPP motions can be adjudicated.

EXHIBIT 11
75

O'MELVENY & MYERS LLP
July 7, 2011 - Page 22

Request No. 29

- Original:  All DOCUMENTS RELATING to the formation of IP WORLDWIDE.

- Proposed:  All DOCUMENTS involved in the formation of IP WORLDWIDE, including, articles of organization, operating agreements, minutes, filings, business plans.

This request removes the "RELATING" language characterized by defendants as overbroad and substitutes "identifying."  Through this request, DC seeks all of IP Worldwide's formation documents.  Such documents are clearly relevant to DC's Fifth claim, which, *inter alia*, relates to interference by Mr. Toberoff (the businessman) and his companies with DC's rights with relation to the Siegel heirs.  Defendants have also asserted that Mr. Toberoff acted as the Siegel heirs' lawyer from the outset of their relationship, while the only agreement under which they operated at that time was through IP Worldwide, which is not a law firm.  Moreover, these documents relate to DC's First claim, which seeks to determine the validity of the Shuster heirs' termination effort and alleges, in part, that their termination fails because they lacked the necessary majority interest to terminate due to the Shuster heirs' transfer of 50% of their purported Superman rights to Pacific Pictures.  Documents previously produced show that Pacific Pictures contributed its "current IP business" at the formation of IP Worldwide, presumably including the Shuster heirs' purported Superman interest.  Regardless of defendants' current position on this issue, DC seeks any documents relating to it.  DC is entitled to test defendants' representations through the discovery process.

Request No. 30

- Original:  All DOCUMENTS RELATING to the current corporate status of IP WORLDWIDE.

- Proposed:  All DOCUMENTS identifying the current corporate status of IP WORLDWIDE.

This request removes the "RELATING" language characterized by defendants as overbroad and substitutes "identifying."  Through this request, DC seeks documents identifying the current status of IP Worldwide.  Such documents are clearly relevant to DC's First claim, which, *inter alia*, seeks to determine the validity of the Shuster heirs' termination effort and alleges, in part, that their termination fails because they lacked the necessary majority interest to terminate due to the Shuster heirs' transfer of 50% of their purported Superman rights to Pacific Pictures.  Documents previously produced show that Pacific Pictures contributed its "current IP business" at the formation of IP Worldwide, presumably including the Shuster heirs' purported Superman interest.  Regardless of defendants' current position on this issue, DC seeks any documents relating to it.  DC is entitled to test defendants' representation through the discovery process.

**EXHIBIT 11**
**76**

O'MELVENY & MYERS LLP
July 7, 2011 - Page 23

Request No. 32

- Original:  All DOCUMENTS RELATING to any past, current, or planned business activity of IP WORLDWIDE.

- Proposed:  All DOCUMENTS identifying any business plans of IP WORLDWIDE, including but not limited to marketing of rights held, solicitation of new business, or plans to sell, lease, license, or otherwise transfer rights.

DC offers this narrowed request, which removes the "RELATING" language characterized by defendants as overbroad and substitutes "identifying."  Through this request, DC seeks documents identifying business plans relating to rights held by IP Worldwide (including any efforts to promote, arrange, or negotiate the sale, assignment, lease, license, or any other disposition or exploitation of rights or property), not all unrelated business activities.  Such documents are clearly relevant to DC's First claim, which, *inter alia*, seeks to determine the validity of the Shuster heirs' termination effort and alleges, in part, that their termination fails because they lacked the necessary majority interest to terminate due to the Shuster heirs' transfer of 50% of their purported Superman rights to Pacific Pictures.  Documents previously produced show that Pacific Pictures contributed its "current IP business" at the formation of IP Worldwide, presumably including the Shuster heirs' purported Superman interest.  Mr. Toberoff has stated at deposition that interests in rights held by IP Worldwide were assigned to IPW.  Regardless of defendants' current position on this issue, DC seeks any documents relating to it.  DC is entitled to test defendants' representation through the discovery process.  These documents are also relevant to statements by Mr. Toberoff regarding efforts by his companies and him to market the Siegel heirs' and Shuster heirs' purported Superman rights and to claims in the May 13, 2003, letter from Michael Siegel alleging that Mr. Toberoff was making no efforts to market the Siegel heirs' rights, all of which DC is entitled to investigate.

Request No. 33

- Original:  All DOCUMENTS RELATING to any past, current, or planned property in which IP WORLDWIDE held, holds, or will hold an interest.

- Proposed:  All DOCUMENTS identifying any past, current, or planned property in which IP WORLDWIDE held, holds, or will hold an interest.

This request removes the "RELATING" language characterized by defendants as overbroad and substitutes "identifying."  Such documents are relevant to same claims and for the reasons stated in IP Worldwide Request No. 32.

Request No. 34

- Original:  All DOCUMENTS RELATING to any individual or entity that currently holds property or interests formerly held by IP WORLDWIDE.

**EXHIBIT 11**
**77**

O'MELVENY & MYERS LLP
July 7, 2011 - Page 24

- Proposed:  All DOCUMENTS identifying any individual or entity that currently holds property or interests formerly held by IP WORLDWIDE.

DC offers this narrowed request, which removes the "RELATING" language characterized by defendants as overbroad and substitutes "identifying."  Through this request, DC seeks documents identifying any transfers by IP Worldwide of interests related to Superman and/or Superboy.  Such documents are relevant to same claims and for the reasons stated in IP Worldwide Request No. 32.

## Requests for Production to Defendant IPW, LLC

Request No. 24

- Original:  All DOCUMENTS RELATING to the formation of IPW.

- Proposed:  All DOCUMENTS involved in the formation of IPW, including, articles of organization, operating agreements, minutes, filings, business plans.

This request removes the "RELATING" language characterized by defendants as overbroad and substitutes "identifying."  Through this request, DC seeks all of IPW's formation documents.  Such documents are clearly relevant to DC's First claim, which, *inter alia*, seeks to determine the validity of the Shuster heirs' termination effort and alleges, in part, that their termination fails because they lacked the necessary majority interest to terminate due to the Shuster heirs' transfer of 50% of their purported Superman rights to Pacific Pictures.  Documents previously produced show that Pacific Pictures contributed its "current IP business" at the formation of IP Worldwide, presumably including the Shuster heirs' purported Superman interest.  Mr. Toberoff has stated at deposition that interests in rights held by IP Worldwide were assigned to IPW.  Regardless of defendants' current position on this issue, DC seeks any documents relating to it.  DC is entitled to test defendants' representations through the discovery process.

Request No. 25

- Original:  All DOCUMENTS RELATING to the current corporate status of IPW.

- Proposed:  All DOCUMENTS identifying the current corporate status of IPW.

This request removes the "RELATING" language characterized by defendants as overbroad and substitutes "identifying."  Through this request, DC seeks documents identifying the current status of IPW.  Such documents are relevant to the same claims and for the reasons stated in IPW Request No. 24.

**EXHIBIT 11**
**78**

O'MELVENY & MYERS LLP
July 7, 2011 - Page 25

Request No. 26

- Original:  All DOCUMENTS RELATING to the past and current ownership and management structure of IPW, including operating agreements, capitalization schedules, capital accounts, filings, and other financial forms.

- Proposed:  All DOCUMENTS identifying the past and current ownership and management structure of IPW, including operating agreements, capitalization schedules, capital accounts, filings, and other financial forms.

This request removes the "RELATING" language characterized by defendants as overbroad and substitutes "identifying."  Through this request, DC seeks documents identifying the ownership and management structure of IPW, not every transaction in which it ever engaged. Such documents are relevant to the same claims and for the reasons stated in IPW Request No. 24.

Request No. 27

- Original:  All DOCUMENTS RELATING to any past, current, or planned business activity of IPW.

- Proposed:  All DOCUMENTS identifying any business plans of IPW, including but not limited to marketing of rights held, solicitation of new business, or plans to sell, lease, license, or otherwise transfer rights.

DC offers this narrowed request, which removes the "RELATING" language characterized by defendants as overbroad and substitutes "identifying."  Through this request, DC seeks documents identifying business plans relating to rights held by IPW (including any efforts to promote, arrange, or negotiate the sale, assignment, lease, license, or any other disposition or exploitation of rights or property), not all unrelated business activities.  Such documents are relevant to the same claims and for the reasons stated in IPW Request No. 24. These documents are also relevant to statements by Mr. Toberoff regarding efforts by his companies and him to market the Siegel heirs' and Shuster heirs' purported Superman rights and to claims in the May 13, 2003, letter from Michael Siegel alleging that Mr. Toberoff was making no efforts to market the Siegel heirs' rights, all of which DC is entitled to investigate.

Request No. 29

- Original:  All DOCUMENTS RELATING to any individual or entity that currently holds property or interests formerly held by IPW.

- Proposed:  All DOCUMENTS identifying any individual or entity that currently holds property or interests formerly held by IPW.

EXHIBIT 11
79

O'MELVENY & MYERS LLP
July 7, 2011 - Page 26

This request removes the "RELATING" language characterized by defendants as overbroad and substitutes "identifying."  Through this request, DC seeks documents identifying any transfers by IPW of interests related to Superman and/or Superboy, including agreements, drafts of agreements, correspondence evidencing negotiations, or numerous other documents. Such documents are relevant to the same claims and for the reasons stated in IPW Request No. 24.

## PART II

As set forth in our June 1 letter, there are five categories of document requests for which defendants have produced no or almost no documents.  Defendants have sidestepped or ignored entirely DC's requests for clarification concerning these documents.

### A.    Agreements Between or Among Defendants

<u>Drafts and Correspondence.</u>  Despite the many business agreements between and among defendants, you have yet to produce *any* drafts of those agreements or written communications addressing them.  To take just one example, the 2001 Pacific Pictures agreement sets forth a detailed explanation of the parties' rights and obligations and provides that "[t]he parties have *mutually participated in the negotiation and drafting* of this Agreement."  (Emphasis added.) Mr. Peary confirmed that drafts of that agreement do in fact exist:

> Mr. Petrocelli:  Okay.  The agreement that you did sign which I'll show you in a bit [the 2001 Pacific Pictures agreement], were there drafts of that that went back and forth as you recall or did you get a document, sign it, and return it?

> Mr. Peary:  There were drafts.

Peary Dep. Tr. 99:6-10.  The 2003 Pacific Pictures agreement, in which the Shuster heirs suddenly and inexplicably disclaimed any interest in Superboy, contains an identical provision. And in 2004, Mr. Toberoff (the businessman) sent the Shuster heirs a letter "confirm[ing]" that the 2001 and 2003 agreements "have been cancelled"—with no explanation of how, when, or why.  The drafts disclosed by Mr. Peary have not been produced, nor have any others.

During our June 13 call, Mr. Toberoff (falsely) represented that there are no drafts of these (or any other) agreements and that he could not locate any relevant correspondence.  He suggested that such correspondence may have been destroyed as a result of his 2007 house fire. Mr. Toberoff did not clarify whether additional copies of such correspondence exist in electronic form, in the Siegel or Shuster heirs' files, in his law office's files, or in his businesses' files. Moreover, such documents should have been produced in *Siegel* at the same time as the agreements themselves in 2006—well before the 2007 fire.  *See, e.g.*, Siegel Request No. 63 ("All Writings concerning the Shuster Representatives, including but not limited to any communication or agreements between Plaintiffs and any of the Shuster Representatives.").  In light of Mr. Peary's testimony, defendants should immediately produce all drafts of the 2001 Pacific Pictures agreement, as well as drafts of all other business agreements between and among

**EXHIBIT 11**
**80**

O'MELVENY & MYERS LLP

July 7, 2011 - Page 27

defendants.  If in fact no drafts or correspondence regarding these agreements exist (aside from those disclosed by Mr. Peary), DC is entitled to a clear and unequivocal statement from defendants to this effect.

Conflict Disclosures and Waivers.  Defendants' June 13 letter still did not address whether there are any disclosures, waivers, or similar documents addressing the conflict of interest between Mr. Toberoff and the Siegel and Shuster heirs, as required by California law.  *E.g.*, *Fair v. Bakhtiari*, 2011 WL 1991999 (Cal. Ct. App. May 24, 2011) (requiring attorney to disclose, and clients to waive, conflicts of interest in writing).  Mr. Peary, however, admitted during his June 29 deposition that at least one such document—entered into in 2010 and signed by the Siegel heirs, Mr. Toberoff, and him—does exist.  Peary Dep. Tr. 86:2-18.  DC is entitled to discover this document and any other conflict disclosures or waivers, including advice to seek outside counsel.  *E. Maine Baptist Church v. Regions Bank*, 2007 WL 1445257, at *2-3 (E.D. Mo. May 10, 2007) ("The production of conflict memoranda, new matter forms, and correspondence regarding conflicts is not protected by the attorney-client privilege or work product doctrine."); *Chevron USA Inc. v. Peuler*, 2004 WL 224579, at *3 (E.D. La. Feb. 3, 2004) (ordering production of conflict of interest waiver).  During our June 13 call, I expressly asked Mr. Toberoff whether the heirs consulted with independent counsel before entering into business agreements with his companies, and he responded:  "I don't know."

## B.    Toberoff's Ownership Interest

Despite the objection in Mr. Toberoff's June 13 letter, there is nothing "incomprehensible" about DC's position that defendants are required to produce documents concerning the Toberoff defendants' ownership interest in the Siegels' or Shusters' putative copyright termination rights.  Pursuant to the 2001 and 2003 Pacific Pictures agreements, the Shusters transferred their Superman rights to the joint venture and agreed to divide these rights with Pacific Pictures 50-50 if the joint venture was "terminated for any reason."  A 2004 letter purported to "cancel" both Pacific Pictures agreements.  While defendants now claim that the Pacific Pictures agreements were "void *ab initio*" under the Copyright Act, there are no documents addressing what happened to the outstanding half of the Shusters' copyright interests.  DC is entitled to such documents to the extent they exist.

## C.    Marketing of Purported Superman Rights

The Toberoff defendants have repeatedly represented—to DC, the Siegels, the Shusters, and to the public—that there are scores of potential investors interested in buying the Siegel and Shuster heirs' putative Superman rights and that they have endeavored to market those rights.  Defendants have only produced two pieces of evidence to back this up:  a parking pass to Fox and an e-mail exchange with Paramount.  We asked Mr. Toberoff on our June 13 call whether this was the totality of documents regarding his efforts to market the Superman rights, and he responded that defendants have produced *all* such documents—there are no other communications, calendar entries, scheduling e-mails, or similar documents.  We asked Mr. Toberoff whether he had communicated with any other actual or potential investor, as he

**EXHIBIT 11**
**81**

O'MELVENY & MYERS LLP
July 7, 2011 - Page 28

previously claimed, but he refused to respond and advised that DC should serve interrogatories on the subject, which we did on July 1, 2011.

### D.    Toberoff-Related Business Entities

While we disagree with defendants' position, we have substantially narrowed these requests, as described above (PPC Request No. 31, IP Worldwide Request No. 32, IPW Request No. 27).

## PART III

There are many gaps in defendants' production beyond the five categories of documents identified in our June 1 letter, including a conspicuous absence of documents concerning Ari Emanuel, David Michaels, and the unnamed "billionaire investor."  DC intends to raise these deficiencies in a motion before the Magistrate unless defendants produce these documents or explain their absence.

### A.    Ari Emanuel Documents

Magistrate Zarefsky ordered defendants to produce documents all documents involving Ari Emanuel "that pertain to Superman, Superboy, the Siegels or the Shusters."  Docket No. 262 at 5.  On June 17, defendants produced a total of *seven pages* consisting of six non-substantive e-mails from Mr. Toberoff to Mr. Emanuel, most of which were merely forwarding news reports related to Superman.

In 2002, Mr. Toberoff formed the IP Worldwide joint venture with Mr. Emanuel for the sole purpose of exploiting the Siegels' putative Superman rights.  Despite this nearly ten-year partnership, defendants produced *no* substantive communications between Messrs. Toberoff and Emanuel—for example, drafts of the Toberoff-Emanuel agreement or IP Worldwide-Siegel agreement, correspondence regarding efforts to exploit the Siegels' Superman rights, documents addressing the supposed expiration of the IP Worldwide-Siegel agreement in 2005 and subsequent assignment of IP Worldwide's rights to IPW, e-mails from Mr. Emanuel responding to Mr. Toberoff's six e-mails, or any other communication from Mr. Emanuel.

Moreover, during our meet-and-confer exchanges, Ms. Brill represented that defendants were withholding numerous Ari Emanuel documents—far more than the seven pages defendants ultimately produced.  Ms. Brill's February 2011 correspondence referred to Mr. Toberoff's "long-standing relationship with Mr. Emanuel" and asserted that defendants would produce relevant documents if DC narrowed its document requests.  During our February 14 meet-and-confer discussion, Ms. Brill represented that there were many more responsive Ari Emanuel documents than defendants had produced.  Now that defendants' proposed narrowing of DC's requests has been adopted by the Court, defendants are required to produce all such documents or justify their continued withholding of documents.

EXHIBIT 11
82

O'MELVENY & MYERS LLP
July 7, 2011 - Page 29

For the reasons described above (*see, e.g.*, PPC Request No. 24), these documents are integral to DC's interference claims and the factual assertions in defendants' SLAPP briefing.

DC reserves its rights to file a motion seeking to compel these documents if they are not produced forthwith.

### B.     David Michaels Communications

Toberoff Document Request No. 20 seeks:  "All DOCUMENTS RELATING to any COMMUNICATIONS YOU have had with the TOBEROFF TIMELINE AUTHOR since July 2006," and defines "YOU" to include "any PERSON … acting on [Mr. Toberoff's] behalf, including but not limited to his/their agents, employees, attorneys, and representatives." Defendants redefined "YOU" to include only Mr. Toberoff, and responded:  "Toberoff has no responsive documents to this request."

Defendants' unilateral revision of DC's document request was improper and unwarranted—defendants are required to respond to the request as written.  *See Goodrich Corp. v. Emhart Indus., Inc.*, 2005 WL 6440828, at *3-4 (C.D. Cal. June 10, 2005) (ordering production of all responsive documents in respondent's control notwithstanding broad definition of "you" or "your"); 7 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 34.14[2][c] (2011) (documents in attorney's possession remain in party's "control").  If in fact there have been no communications between Mr. Michaels and Mr. Toberoff or his agents, employees, attorneys, or other representatives since July 2006, defendants must state so clearly and unequivocally.

These documents are necessary for DC to determine whether defendants have endeavored to silence a key witness in this case.

### C.     "Investor" Documents

DC's document requests asked for:  "All DOCUMENTS RELATING to any potential investors or other PERSONS who have expressed interest in purchasing or otherwise investing in any rights in SUPERMAN and/or SUPERBOY."  Mr. Toberoff has repeatedly claimed that there is (or was) an unnamed "investor" interested in purchasing the Siegels' putative Superman rights. *E.g.*, DB 029, 040, LSL 211, Q1-7.  Despite the fact that this "investor" was supposedly in regular contact with Mr. Toberoff and negotiating multi-million dollar offers, defendants have *never* produced a single communication with the investor, or any document—including a calendar entry or otherwise relating to meetings or other communications with such an investor.

Please produce all documents relating to this and any other investors.  If no such documents exist, DC is entitled to a clear and unequivocal statement to this effect.

*         *         *

**EXHIBIT 11**
**83**

O'MELVENY & MYERS LLP
July 7, 2011 - Page 30

We are available on July 11 or 12 to further discuss these issues.  As we made clear in our July 3 e-mail, however, now that DC has substantially narrowed and clarified its document requests, we expect that defendants will make a complete production of responsive documents on July 15 and will not merely assert blanket objections as they have in the past.

We reserve all rights.

Very truly yours,

Matthew T. Kline
of O'MELVENY & MYERS LLP

cc:    Daniel M. Petrocelli

**EXHIBIT 11**
**84**

# EXHIBIT 12

**From:** Seto, Cassandra
**Sent:** Thursday, July 07, 2011 1:38 PM
**To:** 'Keith Adams'; Marc Toberoff; Laura Brill
**Cc:** Petrocelli, Daniel; Kline, Matthew
**Subject:** FW: DC Comics v. Pacific Pictures Corp.

Dear Counsel:

I inadvertently attached the wrong version of Mr. Kline's letter to my e-mail this morning.  The correct version is attached hereto.

Cassie

---

**From:** Seto, Cassandra
**Sent:** Thursday, July 07, 2011 9:13 AM
**To:** 'Keith Adams'; Marc Toberoff; Laura Brill
**Cc:** Petrocelli, Daniel; Kline, Matthew
**Subject:** RE: DC Comics v. Pacific Pictures Corp.

Keith:

The delay defendants are seeking to engineer is clear and puts the August 8 deadline in jeopardy.  To move things along, attached find a letter addressing the documents we want and need and DC's narrowed requests.  Defendants' failure to provide the information it promised (or any documents) by July 1 bespeaks their true intention, and there is no reason to debate the point further.  As noted in the attached letter, we are available on July 11 or 12 to further discuss these issues, and, as we made clear in our July 3 e-mail, given that DC has substantially narrowed its document requests, we expect defendants will make a complete production of responsive documents by no later than July 15 and will not merely assert blanket objections as they have in the past.  DC reserves all rights.

Cassie

---

**From:** Keith Adams [mailto:kgadams@ipwla.com]
**Sent:** Wednesday, July 06, 2011 4:16 PM
**To:** Seto, Cassandra
**Cc:** Petrocelli, Daniel; Kline, Matthew; Marc Toberoff
**Subject:** RE: DC Comics v. Pacific Pictures Corp.

Cassie:

The record is perfectly clear and nothing was mischaracterized.  Had DC sought to accept defendants' proposed compromise so that the responses would be sent July 1, it could easily have done so in a timely fashion.  DC could also have properly served its new requests per the Rules but failed to do so.

Your comment that defendants have produced "blanket objections" is also  inaccurate.

As stated in my July 1, 2011 letter, if DC provides by July 7 a letter articulating more specifically the types of documents, not already produced, that it seeks by the broad requests set forth in Mr. Kline's June 1, 2011 letter, defendants will provide responses by no later than July 15, 2011.

1

**EXHIBIT 12**
**85**

If DC is unhappy with this offer, it is welcome to properly serve its new document requests pursuant to the Rules and defendants will duly respond pursuant to the Rules.

Defendants reserve all rights.

Sincerely,

Keith G. Adams
Toberoff & Associates, P.C.
2049 Century Park East, Suite 3630
Los Angeles, CA 90067
Telephone: (310) 246-3333
Facsimile: (310) 246-3101
Email: kgadams@ipwla.com
http://www.ipwla.com

This message and any attached documents may contain information from
Toberoff & Associates, P.C. that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

--- On **Sun, 7/3/11, Seto, Cassandra <cseto@OMM.com>** wrote:

From: Seto, Cassandra <cseto@OMM.com>
Subject: RE: DC Comics v. Pacific Pictures Corp.
To: "Keith Adams" <kgadams@ipwla.com>, "Marc Toberoff" <mtoberoff@ipwla.com>
Cc: "Petrocelli, Daniel" <DPetrocelli@OMM.com>, "Kline, Matthew" <MKline@OMM.com>
Date: Sunday, July 3, 2011, 4:52 PM

Keith,

We disagree with your positions and object to your mischaracterization of our meet-and-confer discussions. Defendants have had DC's initial discovery requests since December 10, 2010, and our substantially narrowed requests since June 1, 2011. Your refusal to respond until July 15 -- two weeks beyond the 30 days permitted under the federal discovery rules -- is improper and appears calculated to delay resolution of this dispute until after DC's August 8 deadline to submit its Rule 12 and SLAPP opposition briefs.

Nevertheless, in the interest of compromise, we agree to send defendants a letter by July 7 further detailing our positions, provided you agree that defendants will produce responsive documents on July 15 rather than asserting blanket objections as you have in the past.

Cassie

---

**From:** Keith Adams [mailto:kgadams@ipwla.com]
**Sent:** Friday, July 01, 2011 7:32 PM
**To:** Seto, Cassandra
**Cc:** Marc Toberoff; Petrocelli, Daniel; Kline, Matthew

2

**EXHIBIT 12**

**86**

**Subject:** RE: DC Comics v. Pacific Pictures Corp.


Cassie:

Please see the attached correspondence.

Keith G. Adams
Toberoff & Associates, P.C.
2049 Century Park East, Suite 3630
Los Angeles, CA 90067
Telephone: (310) 246-3333
Facsimile: (310) 246-3101
Email: kgadams@ipwla.com
http://www.ipwla.com

This message and any attached documents may contain information from
Toberoff & Associates, P.C. that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy,
distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail
and then delete this message.

--- On **Fri, 7/1/11, Seto, Cassandra <*cseto@OMM.com*>** wrote:

From: Seto, Cassandra <cseto@OMM.com>
Subject: RE: DC Comics v. Pacific Pictures Corp.
To: "Keith Adams" <kgadams@ipwla.com>
Cc: "Marc Toberoff" <mtoberoff@ipwla.com>, "Petrocelli, Daniel" <DPetrocelli@OMM.com>, "Kline, Matthew"
<MKline@OMM.com>
Date: Friday, July 1, 2011, 8:49 AM

Hi Keith,

To confirm, defendants agreed to treat the revised requests for production in our June 1, 2011, letter as served on June 1. In
accordance with Rule 34, we expect to receive your formal responses on Tuesday, July 5.

Thanks,
Cassie


From: Keith Adams [mailto:kgadams@ipwla.com]
Sent: Tuesday, June 14, 2011 12:48 PM
To: Seto, Cassandra
Cc: Kline, Matthew; Hayden, Aaron; Marc Toberoff
Subject: DC Comics v. Pacific Pictures Corp.

Counsel:

Please see the attached correspondence.

Keith G. Adams
Toberoff & Associates, P.C.
2049 Century Park East, Suite 3630
Los Angeles, CA 90067
Telephone: (310) 246-3333
Facsimile: (310) 246-3101
Email: kgadams@ipwla.com
http://www.ipwla.com

**EXHIBIT 12**
**87**

This message and any attached documents may contain information from
Toberoff & Associates, P.C. that is confidential and/or privileged. If you are not the intended recipient, you may
not read, copy, distribute or use this information. If you have received this transmission in error, please notify
the sender immediately by reply e-mail and then delete this message.

4

**EXHIBIT 12**
**88**

# EXHIBIT 13

**From:** Seto, Cassandra
**Sent:** Thursday, July 14, 2011 9:10 AM
**To:** 'Keith Adams'; Marc Toberoff
**Cc:** Petrocelli, Daniel; Kline, Matthew
**Subject:** FW: DC Comics v. Pacific Pictures Corp.

Keith,

This is clearly an effort to cause further delay. On our June 13 call, Marc asked that we send you our July 7 letter, get on the phone with you and try and work out a compromise. You've had that letter for 7 days, and yet refuse to get on such a call and say there would be "no sense" in having one. These changes in position will only lead to more delay in discussing DC's requests--a discussion that you requested in your last round of briefing filed April 11. We will apprise the courts of your position, and the prejudice it is causing DC and any expedient resolution of this case.

Cassie

**From:** Keith Adams [mailto:kgadams@ipwla.com]
**Sent:** Wednesday, July 13, 2011 9:17 AM
**To:** Seto, Cassandra
**Cc:** Marc Toberoff; Kline, Matthew; Petrocelli, Daniel
**Subject:** Re: DC Comics v. Pacific Pictures Corp.

Cassie:

As stated in my July 1 letter and July 6, 2011 e-mail, defendants will serve responses by no later than July 15, 2011. There would be no sense in having a meet-and-confer prior to such responses being served, as you suggest.

As expressly stated in my July 6, 2011 e-mail, if DC is unhappy with Defendants' compromise offer, it must properly serve its new document requests pursuant to the Rules.

Defendants reserve all rights.

Keith G. Adams
Toberoff & Associates, P.C.
2049 Century Park East, Suite 3630
Los Angeles, CA 90067
Telephone: (310) 246-3333
Facsimile: (310) 246-3101
Email: kgadams@ipwla.com
http://www.ipwla.com

This message and any attached documents may contain information from Toberoff & Associates, P.C. that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

--- On **Tue, 7/12/11, Seto, Cassandra <_cseto@OMM.com_>** wrote:

From: Seto, Cassandra <cseto@OMM.com>
Subject: DC Comics v. Pacific Pictures Corp.
To: "Marc Toberoff" <mtoberoff@ipwla.com>, "Keith Adams" <kgadams@ipwla.com>, "Laura Brill <lbrill@kbkfirm.com>
Cc: "Petrocelli, Daniel" <DPetrocelli@OMM.com>, "Kline, Matthew" <MKline@OMM.com>

1

**EXHIBIT 13**
**89**

Date: Tuesday, July 12, 2011, 7:17 PM

Dear Counsel:

Having received no response to our July 7 letter attached below or our invitation to meet and confer yesterday or today on DC's narrowed RFPs, as well as in light of the statements made in your motion to refer your Rule 12 and SLAPP motions to Magistrate Zarefksy, we assume that defendants will make a complete production of responsive documents on July 15 rather than simply asserting blanket objections. If this is not the case, please let us know immediately.

Cassie


**Cassandra L. Seto**
**O'Melveny & Myers LLP**
1999 Avenue of the Stars, Suite 700, Los Angeles, California 90067
Telephone: 310.246.6703 | Facsimile: 310.246.6779

*This message and any attached documents contain information from the law firm of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*

**EXHIBIT 13**
**90**

# EXHIBIT 14

| Attachments: | DC v. PPC.Discovery.DC-Amend-RPDs.Toberoff.7.15.2011.final.pdf; DC v. PPC.Discovery.DC-Amend-RPDs.PPC.7.15.2011.final.pdf; DC v. PPC.Discovery.DC-Amend-RPDs.IPWW-LLC.7.15.2011.final.pdf; DC v. PPC.Discovery.DC-Amend-RPDs.IPW-LLC.7.15.2011.final.pdf; DC v. PPC.Discovery.DC-Amend-RPDs.POS.7.15.2011.final.pdf |

**From:** Keith Adams [mailto:kgadams@ipwla.com]
**Sent:** Friday, July 15, 2011 11:11 PM
**To:** Seto, Cassandra; Petrocelli, Daniel; Kline, Matthew
**Cc:** Marc Toberoff <mtoberoff@ipwla.com>; Nicholas Daum <ndaum@kbkfirm.com>
**Subject:** DC Comics v. Pacific Pictures Corp. - Discovery Responses

Counsel:

Attached please find the responses of defendants Marc Toberoff, Pacific Pictures Corporation, IP Worldwide, LLC, and IPW, LLC, to plaintiff DC Comics' Amended Requests for Production.

Keith G. Adams
Toberoff & Associates, P.C.
2049 Century Park East, Suite 3630
Los Angeles, CA 90067
Telephone: (310) 246-3333
Facsimile: (310) 246-3101
Email: kgadams@ipwla.com
http://www.ipwla.com

This message and any attached documents may contain information from Toberoff & Associates, P.C. that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

**EXHIBIT 14**
**91**

1  KENDALL BRILL & KLIEGER LLP
   Richard B. Kendall (90072)
2    rkendall@kbkfirm.com
   Laura W. Brill (195889)
3    lbrill@kbkfirm.com
   Nicholas F Daum (236155)
4    ndaum@kbkfirm.com
   10100 Santa Monica Blvd., Suite 1725
5  Los Angeles, California, 90067
   Telephone:   310.556.2700
6  Facsimile:   310.556.2705

7  Attorneys for Defendants Marc Toberoff,
   Pacific Pictures Corporation, IP
8  Worldwide, LLC, and IPW, LLC

9             **UNITED STATES DISTRICT COURT**

10    **CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION**

11 | DC COMICS,                              | Case No: CV 10-03633 ODW (RZx)
12 |                  Plaintiff,             | Hon. Otis D. Wright II, U.S.D.J.
13 |         vs.                             | **DEFENDANT MARC
14 | PACIFIC PICTURES CORPORATION;           | TOBEROFF'S RESPONSE AND
15 | IP WORLDWIDE, LLC; IPW, LLC;            | OBJECTIONS TO PLAINTIFF
16 | MARC TOBEROFF, an individual;           | DC COMICS' AMENDED
17 | MARK WARREN PEARY, as personal          | REQUEST FOR PRODUCTION
18 | representative of the ESTATE OF         | OF DOCUMENTS
19 | JOSEPH SHUSTER; JEAN ADELE              |
20 | PEAVY, an individual; LAURA             | Complaint Filed:  May 14, 2010
21 | SIEGEL LARSON, individually and as      | Trial Date:  None Set
22 | personal representative of the ESTATE   |
   | OF JOANNE SIEGEL, and DOES 1-10,        |
   | inclusive,                              |
   |                                         |
   |                  Defendants.            |

23

24

25

26

27

28

          DEFENDANT MARC TOBEROFF'S RESPONSE AND OBJECTIONS
          TO PLAINTIFF'S AMENDED REQUEST FOR PRODUCTION

**EXHIBIT 14**
**92**

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

Defendant Marc Toberoff ("Toberoff"), pursuant to the provisions of Rule 34(b)(2) of the Federal Rules of Civil Procedure, makes the following objections to Plaintiff DC Comics' Amended Request for Production of Documents ("Request") that were included in a letter served on June 1, 2011 by plaintiff DC Comics ("Plaintiff"):

## I.

## OBJECTIONS TO THE ENTIRE REQUEST

Toberoff objects to the entire Request on each of the following grounds and incorporates by reference each of the following objections into his response to each individual request for documents within it:

1.    Toberoff objects to each individual request within the Request to the extent it is relevant only to the Fourth through Sixth state law claims for relief in DC's First Amended Complaint ("FAC").  Defendants contend that their pending anti-SLAPP motion stays discovery regarding these state law claims, as well as the related Third Claim for Relief.  *See* Cal. Code Civ. Proc. § 425.16(g); *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 130 S. Ct. 1431, 1452 (2010) (Stevens, J., concurring); *Batzel v. Smith*, 333 F.3d 1018, 1024 (9th Cir. 2003); *Godin v. Schencks*, 2010 U.S. App. LEXIS 25980 (1st Cir. Dec. 22, 2010).

2.    To the extent the Request and each document request therein seeks documents concerning an agreement between the Shusters and Siegels to act collectively in negotiations with DC regarding the settlement of their termination claims ("Collective Bargaining"), Toberoff objects on the following grounds:  the privilege on such agreement was upheld by the Court's April 11, 2011 order.  Furthermore, any documents that exist relating to Collective Bargaining contain and memorialize attorney-client privileged communications and attorney work product and reveal sensitive settlement strategy that would give DC an unfair advantage.  Moreover, any Collective Bargaining documents were prepared in connection with

1   settlement mediation in the closely related cases *Joanne Siegel, et al. v. Warner Bros.*

2   *Entertainment Inc., et al.*, Case No. 04-CV-8400 ODW (RZx) and *Joanne Siegel, et*

3   *al. v. Time Warner Inc., et al.,* Case No. 04-CV-8766 ODW (RZx) (collectively

4   "*Siegel* Litigation") and the use of such information plainly violates the parties' May

5   1, 2008 JAMS Confidentiality Agreement.

6        3.      Where applicable, Toberoff, in responding to each Request, interprets

7   each Request in light of the statements made in DC's July 7, 2011 letter, and DC's

8   revision of the term "RELATING" to mean "refer to or bear on."

9        4.      Toberoff objects to the Request and each document request therein to

10  the extent that it seeks the production of any item, or portion thereof, that has already

11  been the subject of motion practice in this case or the *Siegel* Litigation, and

12  specifically to the extent that the Request seeks discovery barred by the Court's April

13  11, 2011, May 25, 2011 and/or June 20, 2011 orders.

14       5.      Toberoff objects to the Request and each document request therein to

15  the extent that it seeks the production of any item, or portion thereof, comprising or

16  reflecting information transmitted and maintained in confidence between Toberoff or

17  any person or entity acting on his behalf and his counsel and/or one or more of his

18  clients for the purpose of obtaining legal advice or representation, on the grounds that

19  such information is protected from disclosure by the attorney-client privilege and the

20  joint-interest privilege.  Such documents will not be produced in response to the

21  request, and any inadvertent production thereof shall not be deemed a waiver of any

22  privilege or doctrine with respect to such documents.  With respect to such

23  documents, Toberoff hereby incorporates by reference the privilege logs served by

24  the Defendants in this action on December 15, 2010, and any logs served by

25  Defendants thereafter.

26       6.      Toberoff objects to the Request and each document request therein to

27  the extent that it seeks the production of any item, or portion thereof, comprising or

28  reflecting information with any confidential impression, conclusion, opinion, legal

1  research, or legal theory of counsel for Toberoff or any other person or entity, on the

2  grounds that such information is protected from disclosure by the attorney work

3  product doctrine.  Such documents will not be produced in response to the request,

4  and any inadvertent production thereof shall not be deemed a waiver of any privilege

5  or doctrine with respect to such documents.  With respect to such documents,

6  Toberoff hereby incorporates by reference the privilege logs served by the

7  Defendants in this action on December 15, 2010.

8       7.     Toberoff objects to the Request and each document request therein to

9  the extent that it seeks the production of any item, or portion thereof, which is not

10  reasonably calculated to lead to the discovery of relevant and admissible evidence, on

11  the grounds that it exceeds the permissible scope of discovery delimited by Rule

12  26(b)(1) of the Federal Rules of Civil Procedure.

13       8.     Toberoff objects to the Request and each document request therein to

14  the extent that it seeks the production of any item, or portion thereof, comprising or

15  reflecting any trade secret or other confidential or proprietary information of

16  Toberoff or any other entity or person.

17       9.     Toberoff objects to the Request and each document request therein to

18  the extent that it seeks the production of any item, or portion thereof, which is

19  protected from disclosure by court order, or any privacy or similar rights of any

20  person or entity.

21       10.    Toberoff objects to the Request and each document request therein to

22  the extent that it is unduly burdensome, overly broad, imposes extreme hardship, is

23  oppressive and harassing, or would result in the expenditure of unnecessary time and

24  resources.

25       11.    Toberoff objects to the Request and each document request therein to

26  the extent that the expense of producing documents outweighs the likely benefit of

27  discovery provided to Plaintiff.

28       12.    Toberoff objects to the Request and each document request therein to

**EXHIBIT 14**
**95**

1 the extent that it seeks the production of duplicative identical items, or documents or

2 information already in Plaintiff's possession, or by reason of public filing,

3 publication or otherwise are readily accessible to Plaintiff through other means.

4    13. Toberoff objects to the Request and each document request therein to

5 the extent that it seeks the production of any item which has been served, filed, or

6 transmitted in the course of this action, on the grounds that such production would be

7 burdensome, oppressive, and unnecessary.

8    14. Toberoff objects to the Request and each document request therein to

9 the extent that it seeks the production of any item which has already been produced,

10 served, or filed in the course of the related actions *Joanne Siegel, et al. v. Warner*

11 *Bros. Entertainment Inc., et al.*, Case No. 04-CV-8400 ODW (RZx) and *Joanne*

12 *Siegel, et al. v. Time Warner Inc., et al.,* Case No. 04-CV-8766 ODW (RZx)

13 (collectively "*Siegel* Litigation"), on the grounds that such production would be

14 duplicative, burdensome, oppressive, and unnecessary.

15    15. In making any document production, Toberoff will reference by their

16 Bates numbers documents already produced to DC in the *Siegel* Litigation, rather

17 than re-copy and reproduce such documents. Toberoff will not produce or designate

18 by Bates numbers documents Toberoff obtained solely as a result of a document

19 production by the other side in the *Siegel* Litigation.

20    16. Consistent with the agreement governing privilege logs negotiated by

21 the parties concerning plaintiff and other defendants, Toberoff will not log privileged

22 communications or attorney work-product documents in either this case or the *Siegel*

23 Litigations,  that (a) are internal communications by defendants' counsel at the law

24 firms of Toberoff & Associates, P.C. and Kendall Brill & Klieger, L.L.P., or (b)

25 between  Toberoff & Associates P.C and defendants' counsel at the law firm of

26 Kendall, Brill & Klieger LLP.   Logging such documents would constitute an

27 extraordinary interference by DC in the affairs of its opposing counsel in both this

28 action and the ongoing *Siegel* litigation.

4

DEFENDANT MARC TOBEROFF'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S AMENDED REQUEST FOR PRODUCTION

**EXHIBIT 14**
**96**

17.     Toberoff objects to the Request and each document request therein to the extent that it seeks the production of any item or document that is not the property of Toberoff.  Toberoff will not produce any items or documents that are the property of any other person or entity.

18.     Toberoff objects to the Request and each document request therein and to the definitions and instructions therein to the extent that they purport to alter or extend Toberoff's obligations beyond those established by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Central District of California, or any order or ruling by the Court in this action.

19.     Toberoff objects generally to the definitions of the terms "YOU" and "YOUR" as vague and ambiguous, overbroad and unduly burdensome, especially with respect to the definition's reference to "attorneys".  Toberoff will construe these terms to refer to Toberoff.

20.     Toberoff objects generally to the definitions of the terms "DEFENDANT" and "DEFENDANTS" as vague and ambiguous, overbroad and unduly burdensome, especially with respect to the definition's reference to "attorneys".  Toberoff will construe these terms to refer only to the specific defendants in this action.

21.     Toberoff objects generally to the definition of the term "SHUSTER HEIRS" as vague and ambiguous, overbroad and unduly burdensome, especially with respect to the definition's reference to "attorneys".  Solely for the purposes of these responses, and for no other purpose, Toberoff will construe this term to refer only to the Estate of Joseph Shuster, Jean Peavy, Mark Peary, Dawn Peavy and Frank Shuster.

22.     Toberoff objects generally to the definition of the term "SIEGEL HEIRS" as vague and ambiguous, overbroad and unduly burdensome, especially with respect to the definition's reference to "attorneys".  Solely for the purposes of these responses, and for no other purpose, Toberoff will construe this term to refer only to

1    Joanne Siegel and Laura Siegel Larson.

2        23.    Toberoff reserves the right to revise, amend, supplement or clarify any

3    of the objections set forth herein.

## II.

## DOCUMENTS TO BE PRODUCED

## SPECIFIC RESPONSES TO INDIVIDUAL REQUESTS

**Document Request No. 5(a)**

All DOCUMENTS RELATING to any interest the SIEGEL HEIRS' claim in
SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 5(a)**

Toberoff objects to this request to the extent it seeks any privileged documents
concerning any collective bargaining of any settlement by the Shusters and Siegels
and because Plaintiff's use of such information violates the parties' May 1, 2008
JAMS Confidentiality Agreement.  Toberoff further objects to this request on the
grounds that it is compound, overbroad, burdensome and oppressive, as it could be
reasonably construed to request all documents related to this litigation, the *Siegel v.
Warner Bros. Ent. Inc.* and *Siegel v. Time Warner Inc.* litigations, documents created
and/or produced by Plaintiff and all documents relating to the exploitation of
Superman and/or Superboy over the past 80 years.  Toberoff further objects to this
request on the grounds that the phrase "RELATING" is vague and ambiguous, and
lacks sufficient precision to allow him to formulate an appropriate response.
Toberoff further objects to this request on the grounds that it is indefinite as to time,
not reasonably limited in scope, and to the extent that it seeks the production of any
item, or portion thereof, which is not reasonably calculated to lead to the discovery of
relevant and admissible evidence.  Toberoff additionally objects to this request to the
extent that it seeks communications or items protected by the attorney-client
privilege, the joint-interest privilege, the attorney work product doctrine and any
other privilege or immunity available under law or arising from contractual

**EXHIBIT 14**
**98**

1 obligation.  Subject to and without waiving the foregoing general and specific

2 objections, Toberoff will produce the responsive, non-privileged documents, if any,

3 consistent with his understanding of this request.

4 **Document Request No. 5(b)**

5        All DOCUMENTS RELATING to any interest the SHUSTER HEIRS' claim

6 in SUPERMAN and/or SUPERBOY.

7 **Response to Document Request No. 5(b)**

8        Toberoff objects to this request to the extent it seeks any privileged documents

9 concerning any collective bargaining of any settlement by the Shusters and Siegels

10 and because Plaintiff's use of such information violates the parties' May 1, 2008

11 JAMS Confidentiality Agreement, and because the Court's April 11, 2011 order

12 upheld that collective bargaining agreement as privileged.  Toberoff further objects to

13 this request on the grounds that it is compound, overbroad, burdensome and

14 oppressive, as it could be reasonably construed to request all documents related to

15 this litigation, the *Siegel v. Warner Bros. Ent. Inc.* and *Siegel v. Time Warner Inc.*

16 litigations, documents created and/or produced by Plaintiff and all documents relating

17 to the exploitation of Superman and/or Superboy over the past 80 years.  Toberoff

18 further objects to this request on the grounds that the phrase "RELATING" is vague

19 and ambiguous, and lacks sufficient precision to allow him to formulate an

20 appropriate response.  Toberoff further objects to this request on the grounds that it is

21 indefinite as to time, not reasonably limited in scope, and to the extent that it seeks

22 the production of any item, or portion thereof, which is not reasonably calculated to

23 lead to the discovery of relevant and admissible evidence.  Toberoff additionally

24 objects to this request to the extent that it seeks communications or items protected

25 by the attorney-client privilege, the joint-interest privilege, the attorney work product

26 doctrine and any other privilege or immunity available under law or arising from

27 contractual obligation.  Subject to and without waiving the foregoing general and

28 specific objections, Toberoff will produce the responsive, non-privileged documents,

1  if any, consistent with his understanding of this request.

2  **Document Request No. 9(a)**

3      All DOCUMENTS RELATING to the SIEGEL HEIRS OBTAINED by YOU

4  prior to YOUR initial contact with each of them.

5  **Response to Document Request No. 9(a)**

6      Toberoff objects to this request on the grounds that the phrase "RELATING to

7  the SIEGEL HEIRS," used in the context of this request, is vague and ambiguous,

8  and lacks sufficient precision to allow him to formulate an appropriate response.

9  Toberoff further objects to this request on the grounds that it is not reasonably limited

10  in scope.  Toberoff further objects to this request to the extent that it seeks

11  communications or items protected by the attorney-client privilege, the joint-interest

12  privilege, the attorney work product doctrine and any other privilege or immunity

13  available under law or arising from contractual obligation.  Subject to and without

14  waiving the foregoing general and specific objections, Toberoff will produce the

15  responsive, non-privileged documents, if any, consistent with his understanding of

16  this request.

17  **Document Request No. 9(b)**

18      All DOCUMENTS RELATING to the SHUSTER HEIRS OBTAINED by

19  YOU prior to YOUR initial contact with each of them.

20  **Response to Document Request No. 9(b)**

21      Toberoff objects to this request on the grounds that the phrase "RELATING to

22  the SHUSTER HEIRS," used in the context of this request, is vague and ambiguous,

23  and lacks sufficient precision to allow him to formulate an appropriate response.

24  Toberoff further objects to this request on the grounds that it is not reasonably limited

25  in scope.  Toberoff further objects to this request to the extent that it seeks

26  communications or items protected by the attorney-client privilege, the joint-interest

27  privilege, the attorney work product doctrine and any other privilege or immunity

28  available under law or arising from contractual obligation.  Subject to and without

DEFENDANT MARC TOBEROFF'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S AMENDED REQUEST FOR PRODUCTION

**EXHIBIT 14**
**100**

1  waiving the foregoing general and specific objections, Toberoff will produce the

2  responsive, non-privileged documents, if any, consistent with his understanding of

3  this request.

4  **Document Request No. 12**

5      All DOCUMENTS created during or since 1997 RELATING to or affecting

6  the disposition, division, or ownership of any rights in SUPERMAN and/or

7  SUPERBOY.

8  **Response to Document Request No. 12**

9      Toberoff objects to this request to the extent it seeks any privileged documents

10  concerning any collective bargaining of any settlement by the Shusters and Siegels

11  and because Plaintiff's use of such information violates the parties' May 1, 2008

12  JAMS Confidentiality Agreement, and because the Court's April 11, 2011 order

13  upheld that collective bargaining agreement as privileged.  Toberoff objects to this

14  request on the grounds that it is compound, overbroad, burdensome and oppressive,

15  as it could be reasonably construed to request all documents related to this litigation,

16  the *Siegel v. Warner Bros. Ent. Inc.* and *Siegel v. Time Warner Inc.* litigations,

17  documents created and/or produced by Plaintiff, and all documents relating to the

18  exploitation of Superman and/or Superboy over the past 14 years.  Toberoff objects

19  to this request on the grounds that the phrase "RELATING to or affecting" is vague

20  and ambiguous, and lacks sufficient precision to allow him to formulate an

21  appropriate response.  Toberoff further objects to this request on the grounds that it is

22  not reasonably limited in scope. Toberoff additionally objects to this request to the

23  extent that it seeks communications or items protected by the attorney-client

24  privilege, the joint-interest privilege, the attorney work product doctrine and any

25  other privilege or immunity available under law or arising from contractual

26  obligation.  Subject to and without waiving the foregoing general and specific

27  objections, Toberoff will produce the responsive, non-privileged documents, if any,

28  consistent with his understanding of this request.

**Document Request No. 13**

All DOCUMENTS created during or since 1997 RELATING to or affecting the division of revenue, proceeds, or other profits regarding SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 13**

Toberoff objects to this request to the extent it seeks any privileged documents concerning any collective bargaining of any settlement by the Shusters and Siegels and because Plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement, and because the Court's April 11, 2011 order upheld that collective bargaining agreement as privileged. Toberoff objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive, as it could be reasonably construed to request all documents related to this litigation, the *Siegel v. Warner Bros. Ent. Inc.* and *Siegel v. Time Warner Inc.* litigations, documents created and/or produced by Plaintiff and all documents relating to the exploitation of Superman and/or Superboy over the past 14 years. Toberoff objects to this request on the grounds that the phrase "RELATING to or affecting" is vague and ambiguous, and lacks sufficient precision to allow him to formulate an appropriate response. Toberoff further objects to this request on the grounds that it is not reasonably limited in scope. Toberoff additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint-interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing general and specific objections, Toberoff will produce the responsive, non-privileged documents, if any, consistent with his understanding of this request.

**Document Request No. 14**

All DOCUMENTS created during or since 1997 RELATING to or affecting the division of any settlement proceeds regarding SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 14**

Toberoff objects to this request to the extent it seeks any privileged documents concerning any collective bargaining of any settlement by the Shusters and Siegels and because Plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement, and because the Court's April 11, 2011 order upheld that collective bargaining agreement as privileged.  Toberoff objects to this request on the grounds that it is compound, duplicative, overbroad, burdensome and oppressive.  Toberoff objects to this request on the grounds that the phrase "RELATING to or affecting" is vague and ambiguous, and lacks sufficient precision to allow him to formulate an appropriate response.  Toberoff further objects to this request on the grounds that it is not reasonably limited in scope. Toberoff additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint-interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing general and specific objections, Toberoff will produce the responsive, non-privileged documents, if any, consistent with his understanding of this request.

**Document Request No. 15**

All DOCUMENTS created during or since 1997 RELATING to the potential sale, assignment, license, or other disposition of any rights RELATING to SUPERMAN and/or SUPERBOY, including but not limited to any solicitation, offer, option, or proposed agreement.

**Response to Document Request No. 15**

Toberoff objects to this request to the extent it seeks any privileged documents concerning any collective bargaining of any settlement by the Shusters and Siegels and because Plaintiff's use of such information violates the parties' May 1, 2008 JAMS Confidentiality Agreement. Toberoff further objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive, as it could be

DEFENDANT MARC TOBEROFF'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S AMENDED REQUEST FOR PRODUCTION

**EXHIBIT 14**
**103**

1  reasonably construed to request all documents related to this litigation, the *Siegel v.*

2  *Warner Bros. Ent. Inc.* and *Siegel v. Time Warner Inc.* litigations, documents created

3  and/or produced by Plaintiff, documents relating to Plaintiff's or its licensees'

4  exploitation of Superman and/or Superboy and all documents relating to the

5  exploitation of Superman and/or Superboy over the past 14 years. Toberoff objects to

6  this request on the grounds that the term "RELATING" is vague and ambiguous, and

7  lacks sufficient precision to allow him to formulate an appropriate response.

8  Toberoff further objects to this request on the grounds that it is not reasonably limited

9  in scope.  Toberoff further objects to this request to the extent that it seeks the

10  production of any item, or portion thereof, which is not reasonably calculated to lead

11  to the discovery of relevant and admissible evidence.  Toberoff additionally objects

12  to this request to the extent that it seeks communications or items protected by the

13  attorney-client privilege, the joint-interest privilege, the attorney work product

14  doctrine and any other privilege or immunity available under law or arising from

15  contractual obligation.  Subject to and without waiving the foregoing general and

16  specific objections, Toberoff will produce the responsive, non-privileged documents,

17  if any, consistent with his understanding of this request.

18  **Document Request No. 18**

19       All DOCUMENTS created during or since 1995 RELATING to the valuation

20  of any past, current, or potential ownership interest in SUPERMAN and/or

21  SUPERBOY.

22  **Response to Document Request No. 18**

23       Toberoff objects to this request on the grounds that it is compound, overbroad,

24  burdensome and oppressive, as it could be reasonably construed to request all

25  documents related to this litigation, the *Siegel v. Warner Bros. Ent. Inc.* and *Siegel v.*

26  *Time Warner Inc.* litigations, documents created and/or produced by Plaintiff,

27  documents relating to Plaintiff's or its licensees' exploitation of Superman and/or

28  Superboy and all documents relating to the exploitation of Superman and/or

12
DEFENDANT MARC TOBEROFF'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S AMENDED REQUEST FOR PRODUCTION

**EXHIBIT 14**
**104**

1   Superboy over the past 16 years.  Toberoff further objects to this request on the

2   grounds that the term "RELATING to the valuation of any past, current, or potential

3   ownership interest" is vague and ambiguous, and lacks sufficient precision to allow

4   him to formulate an appropriate response.  Toberoff further objects to this request on

5   the grounds that it is not reasonably limited in scope.  Toberoff further objects to this

6   request to the extent that it seeks the production of any item, or portion thereof,

7   which is not reasonably calculated to lead to the discovery of relevant and admissible

8   evidence.  Toberoff additionally objects to this request to the extent that it seeks

9   communications or items protected by the attorney-client privilege, the joint-interest

10  privilege, the attorney work product doctrine and any other privilege or immunity

11  available under law or arising from contractual obligation.  Subject to and without

12  waiving the foregoing general and specific objections, Toberoff will produce the

13  responsive, non-privileged documents, if any, consistent with his understanding of

14  this request.

15  **Document Request No. 27**

16      All DOCUMENTS RELATING to YOUR introduction to the SIEGEL

17  HEIRS.

18  **Response to Document Request No. 27**

19      Toberoff objects to this request on the grounds that the term "RELATING" is

20  vague and ambiguous, and lack sufficient precision to allow him to formulate an

21  appropriate response.  Toberoff further objects to this request on the grounds that it is

22  indefinite as to time and not reasonably limited in scope.  Toberoff objects to this

23  request to the extent it seeks any privileged documents concerning any collective

24  bargaining of any settlement by the Shusters and Siegels  and because Plaintiff's use

25  of such information violates the parties' May 1, 2008 JAMS Confidentiality

26  Agreement. Toberoff additionally objects to this request to the extent that it seeks

27  communications or items protected by the attorney-client privilege, the joint-interest

28  privilege, the attorney work product doctrine and any other privilege or immunity

1 available under law or arising from contractual obligation.  Subject to and without

2 waiving the foregoing general and specific objections, Toberoff will produce the

3 responsive, non-privileged documents, if any, consistent with his understanding of

4 this request.

5 **Document Request No. 28**

6     All DOCUMENTS RELATING to YOUR introduction to the SHUSTER

7 HEIRS.

8 **Response to Document Request No. 28**

9     Toberoff objects to this request on the grounds that the term "RELATING" is

10 vague and ambiguous, and lack sufficient precision to allow him to formulate an

11 appropriate response.  Toberoff further objects to this request on the grounds that it is

12 indefinite as to time and not reasonably limited in scope.  Toberoff objects to this

13 request to the extent it seeks any privileged documents concerning any collective

14 bargaining of any settlement by the Shusters and Siegels  and because Plaintiff's use

15 of such information violates the parties' May 1, 2008 JAMS Confidentiality

16 Agreement. Toberoff additionally objects to this request to the extent that it seeks

17 communications or items protected by the attorney-client privilege, the joint-interest

18 privilege, the attorney work product doctrine and any other privilege or immunity

19 available under law or arising from contractual obligation.  Subject to and without

20 waiving the foregoing general and specific objections, Toberoff will produce the

21 responsive, non-privileged documents, if any, consistent with his understanding of

22 this request.

23 **Document Request No. 29**

24     All DOCUMENTS RELATING to the transfer of any property or interest in

25 SUPERMAN and/or SUPERBOY between or among YOU and any DEFENDANT.

26 **Response to Document Request No. 29**

27     Toberoff further objects to this request on the grounds that it is compound,

28 duplicative, overbroad, burdensome and oppressive, as it could reasonably be

1  construed to request all documents related to this litigation, the *Siegel v. Warner*

2  *Bros. Ent. Inc.* and *Siegel v. Time Warner Inc.* litigations, documents created by

3  Plaintiff, and all documents relating to the exploitation of Superman and/or Superboy

4  over the past 80 years.  Toberoff objects to this request on the grounds that the terms

5  "RELATING" and "involvement" are vague and ambiguous, and lack sufficient

6  precision to allow him to formulate an appropriate response.  Toberoff further objects

7  to this request on the grounds that it is indefinite as to time and not reasonably

8  limited in scope.  Toberoff additionally objects to this request to the extent that it

9  seeks communications or items protected by the attorney-client privilege, the joint-

10  interest privilege, the attorney work product doctrine and any other privilege or

11  immunity available under law or arising from contractual obligation.  Subject to and

12  without waiving the foregoing general and specific objections, Toberoff will produce

13  the responsive, non-privileged documents, if any, consistent with his understanding

14  of this request.

15  **Document Request No. 30**

16       All COMMUNICATIONS RELATING to any disclosure of a potential or

17  actual conflict of interest by or to YOU, the SIEGEL HEIRS, or SHUSTER HEIRS.

18  **Response to Document Request No. 30**

19       Toberoff objects to this request on the grounds that DC's motion to compel

20  (Docket No. 160) sought the production of any conflict of interest waivers, but the

21  Court denied DC's motion in this respect (Docket No. 209).  Toberoff also objects to

22  this request in that it seeks the production of items not reasonably calculated to lead

23  to the discovery of relevant and admissible evidence.  Toberoff further objects to this

24  request on the grounds that it is compound, duplicative, overbroad, burdensome and

25  oppressive.  Toberoff further objects to this request on the grounds that the terms

26  "RELATING" and "disclosure of a potential or actual conflict of interest by or to

27  YOU, the SIEGEL HEIRS, or SHUSTER HEIRS" are vague and ambiguous, and

28  lack sufficient precision to allow him to formulate an appropriate response.  Toberoff

**EXHIBIT 14**
**107**

1 further objects to this request on the grounds that it is indefinite as to time and not

2 reasonably limited in scope.  Toberoff further objects to this request as it seeks any

3 privileged documents concerning any collective bargaining of any settlement by the

4 Shusters and Siegels  and because Plaintiff's use of such information violates the

5 parties' May 1, 2008 JAMS Confidentiality Agreement.  Toberoff additionally

6 objects to this request as it seeks communications or items protected by the attorney-

7 client privilege, the joint-interest privilege, the attorney work product doctrine and to

8 the extent it seeks the production of items protected by any other privilege or

9 immunity available under law or arising from contractual obligation.  Subject to and

10 without waiving the foregoing general and specific objections, Toberoff will produce

11 the responsive, non-privileged documents, if any, consistent with his understanding

12 of this request.

13 **Document Request No. 31**

14      All DOCUMENTS RELATING to any waiver or acknowledgement of a

15 potential or actual conflict of interest by or to YOU, the SIEGEL HEIRS, or

16 SHUSTER HEIRS.

17 **Response to Document Request No. 31**

18      Toberoff objects to this request on the grounds that DC's motion to compel

19 (Docket No. 160) sought the production of any conflict of interest waivers, but the

20 Court denied DC's motion in this respect (Docket No. 209).  Toberoff also objects to

21 this request in that it seeks the production of items not reasonably calculated to lead

22 to the discovery of relevant and admissible evidence.  Toberoff further objects to this

23 request on the grounds that it is compound, duplicative, overbroad, burdensome and

24 oppressive.  Toberoff further objects to this request on the grounds that the terms

25 "RELATING" and "waiver or acknowledgement of a potential or actual conflict of

26 interest by or to YOU the SIEGEL HEIRS, or SHUSTER HEIRS" are vague and

27 ambiguous, and lacks sufficient precision to allow him to formulate an appropriate

28 response.  Toberoff further objects to this request on the grounds that it is indefinite

1  as to time and not reasonably limited in scope.  Toberoff further objects to this

2  request as it seeks any privileged documents concerning any collective bargaining of

3  any settlement by the Shusters and Siegels  and because Plaintiff's use of such

4  information violates the parties' May 1, 2008 JAMS Confidentiality Agreement.

5  Toberoff additionally objects to this request as it seeks communications or items

6  protected by the attorney-client privilege, the joint-interest privilege, the attorney

7  work product doctrine and to the extent it seeks the production of items protected by

8  any other privilege or immunity available under law or arising from contractual

9  obligation.  Subject to and without waiving the foregoing general and specific

10  objections, Toberoff will produce the responsive, non-privileged documents, if any,

11  consistent with his understanding of this request.

12  **Document Request No. 32**

13      All DOCUMENTS created during or since 2000 RELATING to any past,

14  current, or planned partnership or strategic alliance between YOU and any individual

15  or entity RELATING to any purported interest in SUPERMAN and/or SUPERBOY.

16  **Response to Document Request No. 32**

17      Toberoff objects to this request on the grounds that it is compound, overbroad,

18  burdensome and oppressive, as it could be reasonably construed to request all

19  documents related to this litigation, the *Siegel v. Warner Bros. Ent. Inc.* and *Siegel v.*

20  *Time Warner Inc.* litigations, documents created and/or produced by Plaintiff, and all

21  documents relating to the exploitation of Superman and/or Superboy over the past 11

22  years.  Toberoff objects to this request on the grounds that the phrase "RELATING to

23  any past, current, or planned partnership or strategic alliance between YOU and any

24  individual or entity" is vague and ambiguous, and lacks sufficient precision to allow

25  him to formulate an appropriate response.  Toberoff objects to this request to the

26  extent it seeks any privileged documents concerning any collective bargaining of any

27  settlement by the Shusters and Siegels  and because Plaintiff's use of such

28  information violates the parties' May 1, 2008 JAMS Confidentiality Agreement, and

1  because the Court's April 11, 2011 order upheld that collective bargaining agreement

2  as privileged.  Toberoff additionally objects to this request to the extent that it seeks

3  communications or items protected by the attorney-client privilege, the joint-interest

4  privilege, the attorney work product doctrine and any other privilege or immunity

5  available under law or arising from contractual obligation. Subject to and without

6  waiving the foregoing general and specific objections, Toberoff will produce the

7  responsive, non-privileged documents, if any, consistent with his understanding of

8  this request.

9  **Document Request No. 40**

10      All DOCUMENTS RELATING to the letter agreement dated October 27,

11  2003 that YOU signed with the SHUSTER HEIRS.

12  **Response to Document Request No. 40**

13      Toberoff objects to this request on the grounds that it is compound,

14  duplicative, overbroad, burdensome and oppressive, as it could be reasonably

15  construed to request all documents related to Superman.  Toberoff objects to this

16  request on the grounds that the phrase "RELATING" is vague and ambiguous, and

17  lacks sufficient precision to allow him to formulate an appropriate response.

18  Toberoff further objects to this request on the grounds that it is indefinite as to time

19  and not reasonably limited in scope.  Toberoff further objects to this request to the

20  extent that it seeks the production of any item, or portion thereof, which is not

21  reasonably calculated to lead to the discovery of relevant and admissible evidence.

22  Toberoff additionally objects to this request to the extent that it seeks

23  communications or items protected by the attorney-client privilege, the joint interest

24  privilege, the attorney work product doctrine and any other privilege or immunity

25  available under law or arising from contractual obligation.  Subject to and without

26  waiving the foregoing general and specific objections, Toberoff will produce the

27  responsive, non-privileged documents, if any, consistent with his understanding of

28  this request.

DEFENDANT MARC TOBEROFF'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S AMENDED REQUEST FOR PRODUCTION

**EXHIBIT 14**
**110**

**Document Request No. 41**

ALL DOCUMENTS RELATING to the letter dated September 10, 2004 that YOU signed with the SHUSTER HEIRS.

**Response to Document Request No. 41**

Toberoff objects to this request on the grounds that it is compound, duplicative, overbroad, burdensome and oppressive, as it could be reasonably construed to request all documents related to Superman. Toberoff objects to this request on the grounds that the phrase "RELATING" is vague and ambiguous, and lacks sufficient precision to allow him to formulate an appropriate response. Toberoff further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Toberoff further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Toberoff additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing general and specific objections, Toberoff will produce the responsive, non-privileged documents, if any, consistent with his understanding of this request.

**Document Request No. 42(a)**

All DOCUMENTS RELATING to any COMMUNICATION between YOU and Kevin Marks RELATING to the SIEGEL HEIRS.

**Response to Document Request No. 42(a)**

Toberoff objects to this request on the grounds that it is compound, duplicative, overbroad, burdensome and oppressive. Toberoff objects to this request on the grounds that the term "RELATING" is vague and ambiguous, and lacks sufficient precision to allow him to formulate an appropriate response. Toberoff

1  further objects to this request on the grounds that it is indefinite as to time and not

2  reasonably limited in scope.  Toberoff further objects to this request to the extent that

3  it seeks the production of any item, or portion thereof, which is not reasonably

4  calculated to lead to the discovery of relevant and admissible evidence.  Toberoff

5  additionally objects to this request to the extent that it seeks communications or items

6  protected by the attorney-client privilege, the joint interest privilege, the attorney

7  work product doctrine and any other privilege or immunity available under law or

8  arising from contractual obligation.  Subject to and without waiving the foregoing

9  general and specific objections, Toberoff will produce the responsive, non-privileged

10  documents, if any, consistent with his understanding of this request.

11  **Document Request No. 42(b)**

12      All DOCUMENTS RELATING to any COMMUNICATION between YOU

13  and Kevin Marks RELATING to the SHUSTER HEIRS.

14  **Response to Document Request No. 42(b)**

15      Toberoff objects to this request on the grounds that it is compound,

16  duplicative, overbroad, burdensome and oppressive.  Toberoff objects to this request

17  on the grounds that the term "RELATING" is vague and ambiguous, and lacks

18  sufficient precision to allow him to formulate an appropriate response.  Toberoff

19  further objects to this request on the grounds that it is indefinite as to time and not

20  reasonably limited in scope.  Toberoff further objects to this request to the extent that

21  it seeks the production of any item, or portion thereof, which is not reasonably

22  calculated to lead to the discovery of relevant and admissible evidence.  Toberoff

23  additionally objects to this request to the extent that it seeks communications or items

24  protected by the attorney-client privilege, the joint interest privilege, the attorney

25  work product doctrine and any other privilege or immunity available under law or

26  arising from contractual obligation.  Subject to and without waiving the foregoing

27  general and specific objections, Toberoff will produce the responsive, non-privileged

28  documents, if any, consistent with his understanding of this request.

**Document Request No. 44**

All DOCUMENTS RELATING to the letter dated August 9, 2002 from Kevin Marks to Joanne and/or Laura Siegel.

**Response to Document Request No. 44**

Toberoff objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive.  Toberoff objects to this request on the grounds that the term "RELATING" is vague and ambiguous, and lacks sufficient precision to allow him to formulate an appropriate response.  Toberoff further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope.  Toberoff further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence.  Toberoff additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.   Subject to and without waiving the foregoing general and specific objections, Toberoff will produce the responsive, non-privileged documents, if any, consistent with his understanding of this request.

**Document Request No. 46**

All DOCUMENTS RELATING to any COMMUNICATION between YOU and Michael Siegel or his representatives RELATING to the SIEGEL HEIRS' purported rights in SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 46**

Toberoff objects to this request on the grounds that the term "RELATING" is vague and ambiguous, and lacks sufficient precision to allow him to formulate an appropriate response.  Toberoff further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope.  Toberoff further objects to this request to the extent that it seeks the production of any item, or portion thereof,

DEFENDANT MARC TOBEROFF'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S AMENDED REQUEST FOR PRODUCTION

**EXHIBIT 14**
**113**

1  which is not reasonably calculated to lead to the discovery of relevant and admissible

2  evidence.  Toberoff additionally objects to this request to the extent that it seeks

3  communications or items protected by the attorney-client privilege, the joint interest

4  privilege, the attorney work product doctrine and any other privilege or immunity

5  available under law or arising from contractual obligation.  Subject to and without

6  waiving the foregoing general and specific objections, Toberoff will produce the

7  responsive, non-privileged documents, if any, consistent with his understanding of

8  this request.

9  **Document Request No. 48**

10      All DOCUMENTS RELATING to any COMMUNICATION between Joanne

11 Siegel and/or Laura Siegel Larson, on one hand, and Michael Siegel or his

12 representatives on the other hand.

13 **Response to Document Request No. 48**

14      Toberoff objects to this request on the grounds that it is broader than the

15 original request and overbroad insofar as it seeks communications that do not relate

16 to any of the issues in this case.  Toberoff additionally objections to this request on

17 the grounds that it is compound, duplicative, overbroad, burdensome and oppressive,

18 as it could be reasonably construed to request all documents relating to Superman

19 and/or Superboy.  Toberoff objects to this request on the grounds that the term

20 "RELATING" is vague and ambiguous, and lacks sufficient precision to allow him to

21 formulate an appropriate response.  Toberoff further objects to this request on the

22 grounds that it is indefinite as to time, not reasonably limited in scope, and to the

23 extent that it seeks the production of any item, or portion thereof, which is not

24 reasonably calculated to lead to the discovery of relevant and admissible evidence.

25 Toberoff  further objects to this request to the extent that it seeks communications or

26 items protected by the attorney-client privilege, the joint interest privilege, the

27 attorney work product doctrine and any other privilege or immunity available under

28 law or arising from contractual obligation.  Subject to and without waiving the

DEFENDANT MARC TOBEROFF'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S AMENDED REQUEST FOR PRODUCTION

**EXHIBIT 14**
**114**

1  foregoing general and specific objections, Toberoff will produce the responsive, non-

2  privileged documents, if any, consistent with his understanding of this request.

3  **Document Request No. 52**

4      All DOCUMENTS RELATING to the letter agreement dated October 3, 2002

5  that YOU signed on behalf of DEFENDANT IP Worldwide, LLC, and any revisions,

6  modifications, or adjustments thereto.

7  **Response to Document Request No. 52**

8      Toberoff objects to this request on the grounds that it is compound,

9  duplicative, overbroad, burdensome and oppressive.  Toberoff objects to this request

10  on the grounds that the term "RELATING" is vague and ambiguous, and lacks

11  sufficient precision to allow him to formulate an appropriate response.  Toberoff

12  further objects to this request on the grounds that it is indefinite as to time, not

13  reasonably limited in scope, and to the extent that it seeks the production of any item,

14  or portion thereof, which is not reasonably calculated to lead to the discovery of

15  relevant and admissible evidence. Toberoff further objects to this request to the

16  extent that it seeks communications or items protected by the attorney-client

17  privilege, the joint interest privilege, the attorney work product doctrine and any

18  other privilege or immunity available under law or arising from contractual

19  obligation.  Subject to and without waiving the foregoing general and specific

20  objections, Toberoff is willing to meet and confer with Plaintiff regarding the

21  tailoring of this request.  Subject to and without waiving the foregoing general and

22  specific objections, Toberoff is willing to meet and confer with Plaintiff regarding the

23  tailoring of this request.  Plaintiff's modification of this request and explanation of

24  what it seeks by this request in its July 7, 2011 letter do not sufficiently narrow the

25  documents sought by this grossly overbroad request.

26  **Document Request No. 53**

27      All DOCUMENTS created from 1995 to the present RELATING to the Notice

28  of Termination of Transfer Covering Extended Renewal Term: Superboy served on

DEFENDANT MARC TOBEROFF'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S AMENDED REQUEST FOR PRODUCTION

**EXHIBIT 14**
**115**

1    behalf of the SIEGEL HEIRS on or around November 8, 2002.

2    **Response to Document Request No. 53**

3         Toberoff further objects to this request on the grounds that it is compound,

4    duplicative, overbroad, burdensome and oppressive, as it could be reasonably

5    construed to request all documents related to this litigation, the *Siegel v. Warner*

6    *Bros. Ent. Inc.* and *Siegel v. Time Warner Inc.* litigations, documents created and/or

7    produced by Plaintiff and all documents relating to the exploitation of Superman

8    and/or Superboy over the past 16 years.  Toberoff further objects to this request on

9    the grounds that the phrase "RELATING," used in the context of this request, is

10   vague and ambiguous, and lacks sufficient precision to allow him to formulate an

11   appropriate response.  Toberoff further objects to this request on the grounds that it is

12   not reasonably limited in scope, and to the extent that it seeks the production of any

13   item, or portion thereof, which is not reasonably calculated to lead to the discovery of

14   relevant and admissible evidence.  Toberoff additionally objects to this request to the

15   extent that it seeks communications or items protected by the attorney-client

16   privilege, the joint interest privilege, the attorney work product doctrine and any

17   other privilege or immunity available under law or arising from contractual

18   obligation.  Subject to and without waiving the foregoing general and specific

19   objections, Toberoff is willing to meet and confer with Plaintiff regarding the

20   tailoring of this request.  Plaintiff's modification of this request and explanation of

21   what it seeks by this request in its July 7, 2011 letter do not sufficiently narrow the

22   documents sought by this grossly overbroad request.

23   **Document Request No. 54**

24        All DOCUMENTS created from 2001 to the present RELATING to the

25   Transfer Covering Extended Copyright Renewal Term of "Superman" served on

26   behalf of the Estate of Joseph Shuster on November 10, 2003.

27   **Response to Document Request No. 54**

28        Toberoff further objects to this request on the grounds that it is compound,

DEFENDANT MARC TOBEROFF'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S AMENDED REQUEST FOR PRODUCTION

**EXHIBIT 14**
**116**

1  duplicative, overbroad, burdensome and oppressive, as it could be reasonably

2  construed to request all documents related to this litigation, the *Siegel v. Warner*

3  *Bros. Ent. Inc.* and *Siegel v. Time Warner Inc.* litigations, documents created and/or

4  produced by Plaintiff and all documents relating to the exploitation of Superman

5  and/or Superboy over the past 10 years.  Toberoff further objects to this request on

6  the grounds that the phrase "RELATING," used in the context of this request, is

7  vague and ambiguous, and lacks sufficient precision to allow him to formulate an

8  appropriate response.  Toberoff further objects to this request on the grounds that it is

9  not reasonably limited in scope, and to the extent that it seeks the production of any

10  item, or portion thereof, which is not reasonably calculated to lead to the discovery of

11  relevant and admissible evidence.  Toberoff additionally objects to this request to the

12  extent that it seeks communications or items protected by the attorney-client

13  privilege, the joint interest privilege, the attorney work product doctrine and any

14  other privilege or immunity available under law or arising from contractual

15  obligation.  Subject to and without waiving the foregoing general and specific

16  objections, Toberoff is willing to meet and confer with Plaintiff regarding the

17  tailoring of this request.  The modification of this request and Plaintiff's explanation

18  of what it seeks by this request in its July 7, 2011 letter do not sufficiently narrow the

19  documents sought by this overbroad request so that Toberoff can frame an intelligible

20  response.

21  **Document Request No. 56(a)**

22       All DOCUMENTS identifying your past, present and/or future role or position

23  in Pacific Pictures Corporation.

24  **Response to Document Request No. 56(a)**

25       Toberoff objects to this request on the grounds that Magistrate Zarefsky

26  specifically denied this request when it was part of DC's original requests (Toberoff

27  Requests Nos. 56-58, IPW Request Nos. 27-31) as "hopelessly overbroad" and as

28  improperly "calling for everything there is about companies with which Mr. Toberoff

1  has been associated."  Docket No. 262 at 5.  DC's new request is nothing more than

2  an attempt to re-serve its denied requests by dividing it into sub-parts that are still

3  grossly overbroad and encompass wholly irrelevant material.

4        Toberoff additionally objects to this request on the grounds that it is

5  compound, overbroad, burdensome and oppressive.  Toberoff objects to this request

6  on the grounds that it is vague and ambiguous, and lacks sufficient precision to allow

7  him to formulate an appropriate response.  Toberoff further objects to this request on

8  the grounds that it is indefinite as to time and not reasonably limited in scope.

9  Toberoff further objects to this request in that it seeks the production of items not

10 reasonably calculated to lead to the discovery of relevant and admissible evidence.

11 Toberoff objects to this request to the extent that it seeks communications or items

12 protected by the attorney-client privilege, the joint interest privilege, the attorney

13 work product doctrine and any other privilege or immunity available under law or

14 arising from contractual obligation.

15 **Document Request No. 56(b)**

16        All DOCUMENTS identifying your past and/or present ownership interest in

17 Pacific Pictures Corporation.

18 **Response to Document Request No. 56(b)**

19        Toberoff objects to this request on the grounds that Magistrate Zarefsky

20 specifically denied this request when it was part of DC's original requests (Toberoff

21 Requests Nos. 56-58, IPW Request Nos. 27-31) as "hopelessly overbroad" and as

22 improperly "calling for everything there is about companies with which Mr. Toberoff

23 has been associated."  Docket No. 262 at 5.  DC's new request is nothing more than

24 an attempt to re-serve its denied requests by dividing it into sub-parts that are still

25 grossly overbroad and encompass wholly irrelevant material.

26        Toberoff additionally objects to this request on the grounds that it is

27 compound, overbroad, burdensome and oppressive.  Toberoff objects to this request

28 on the grounds that it is vague and ambiguous, and lacks sufficient precision to allow

DEFENDANT MARC TOBEROFF'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S AMENDED REQUEST FOR PRODUCTION

**EXHIBIT 14**
**118**

1  him to formulate an appropriate response.  Toberoff further objects to this request on

2  the grounds that it is indefinite as to time and not reasonably limited in scope.

3  Toberoff further objects to this request in that it seeks the production of items not

4  reasonably calculated to lead to the discovery of relevant and admissible evidence.

5  Toberoff objects to this request to the extent that it seeks communications or items

6  protected by the attorney-client privilege, the joint interest privilege, the attorney

7  work product doctrine and any other privilege or immunity available under law or

8  arising from contractual obligation.

9  **Document Request No. 56(c)**

10     All DOCUMENTS involved in the formation of Pacific Pictures Corporation,

11  including, articles of organization, operating agreements, minutes, filings, business

12  plans.

13  **Response to Document Request No. 56(c)**

14     Toberoff objects to this request on the grounds that Magistrate Zarefsky

15  specifically denied this request when it was part of DC's original requests (Toberoff

16  Requests Nos. 56-58, IPW Request Nos. 27-31) as "hopelessly overbroad" and as

17  improperly "calling for everything there is about companies with which Mr. Toberoff

18  has been associated."  Docket No. 262 at 5.  DC's new request is nothing more than

19  an attempt to re-serve its denied requests by dividing it into sub-parts that are still

20  grossly overbroad and encompass wholly irrelevant material.

21     Toberoff additionally objects to this request on the grounds that it is

22  compound, overbroad, burdensome and oppressive.  Toberoff further objects to this

23  request on the grounds that it is vague and ambiguous, and lacks sufficient precision

24  to allow him to formulate an appropriate response.  Toberoff further objects to this

25  request on the grounds that it is indefinite as to time and not reasonably limited in

26  scope.  Toberoff further objects to this request in that it seeks the production of items

27  not reasonably calculated to lead to the discovery of relevant and admissible

28  evidence.  Toberoff objects to this request to the extent that it seeks communications

1   or items protected by the attorney-client privilege, the joint interest privilege, the

2   attorney work product doctrine and any other privilege or immunity available under

3   law or arising from contractual obligation.

4   **Document Request No. 56(d)**

5           All DOCUMENTS evidencing Pacific Pictures Corporation's past and/or

6   present capital structure, including capital tables or other DOCUMENTS evidencing

7   capital accounts or capital structure.

8   **Response to Document Request No. 56(d)**

9           Toberoff objects to this request on the grounds that Magistrate Zarefsky

10  specifically denied this request when it was part of DC's original requests (Toberoff

11  Requests Nos. 56-58, IPW Request Nos. 27-31) as "hopelessly overbroad" and as

12  improperly "calling for everything there is about companies with which Mr. Toberoff

13  has been associated." Docket No. 262 at 5. DC's new request is nothing more than

14  an attempt to re-serve its denied requests by dividing it into sub-parts that are still

15  grossly overbroad and encompass wholly irrelevant material.

16          Toberoff additionally objects to this request on the grounds that it is

17  compound, overbroad, burdensome and oppressive. Toberoff further objects to this

18  request on the grounds that it is vague and ambiguous, and lacks sufficient precision

19  to allow him to formulate an appropriate response. Toberoff further objects to this

20  request on the grounds that it is indefinite as to time and not reasonably limited in

21  scope. Toberoff further objects to this request in that it seeks the production of items

22  not reasonably calculated to lead to the discovery of relevant and admissible

23  evidence. Toberoff objects to this request to the extent that it seeks communications

24  or items protected by the attorney-client privilege, the joint interest privilege, the

25  attorney work product doctrine and any other privilege or immunity available under

26  law or arising from contractual obligation.

27  **Document Request No. 57(a)**

28          All DOCUMENTS identifying your past, present, and/or future role or position

1  in IP Worldwide, LLC.

2  **Response to Document Request No. 57(a)**

3       Toberoff objects to this request on the grounds that Magistrate Zarefsky

4  specifically denied this request when it was part of DC's original requests (Toberoff

5  Requests Nos. 56-58, IPW Request Nos. 27-31) as "hopelessly overbroad" and as

6  improperly "calling for everything there is about companies with which Mr. Toberoff

7  has been associated."  Docket No. 262 at 5.  DC's new request is nothing more than

8  an attempt to re-serve its denied requests by dividing it into sub-parts that are still

9  grossly overbroad and encompass wholly irrelevant material.

10      Toberoff further objects to this request on the grounds that it is compound,

11  overbroad, burdensome and oppressive.  Toberoff additionally objects to this request

12  on the grounds that it is vague and ambiguous, and lacks sufficient precision to allow

13  him to formulate an appropriate response.  Toberoff further objects to this request on

14  the grounds that it is indefinite as to time and not reasonably limited in scope.

15  Toberoff further objects to this request in that it seeks the production of items not

16  reasonably calculated to lead to the discovery of relevant and admissible evidence.

17  Toberoff objects to this request to the extent that it seeks communications or items

18  protected by the attorney-client privilege, the joint interest privilege, the attorney

19  work product doctrine and any other privilege or immunity available under law or

20  arising from contractual obligation.

21  **Document Request No. 57(b)**

22      All DOCUMENTS identifying your past and/or present ownership interest in

23  IP Worldwide, LLC.

24  **Response to Document Request No. 57(b)**

25      Toberoff objects to this request on the grounds that Magistrate Zarefsky

26  specifically denied this request when it was part of DC's original requests (Toberoff

27  Requests Nos. 56-58, IPW Request Nos. 27-31) as "hopelessly overbroad" and as

28  improperly "calling for everything there is about companies with which Mr. Toberoff

1  has been associated." Docket No. 262 at 5. DC's new request is nothing more than

2  an attempt to re-serve its denied requests by dividing it into sub-parts that are still

3  grossly overbroad and encompass wholly irrelevant material.

4          Toberoff further objects to this request on the grounds that it is compound,

5  overbroad, burdensome and oppressive. Toberoff additionally objects to this request

6  on the grounds that it is vague and ambiguous, and lacks sufficient precision to allow

7  him to formulate an appropriate response. Toberoff further objects to this request on

8  the grounds that it is indefinite as to time and not reasonably limited in scope.

9  Toberoff further objects to this request in that it seeks the production of items not

10  reasonably calculated to lead to the discovery of relevant and admissible evidence.

11  Toberoff objects to this request to the extent that it seeks communications or items

12  protected by the attorney-client privilege, the joint interest privilege, the attorney

13  work product doctrine and any other privilege or immunity available under law or

14  arising from contractual obligation.

15  **Document Request No. 57(c)**

16          All DOCUMENTS involved in the formation of IP Worldwide, LLC,

17  including, articles of organization, operating agreements, minutes, filings, business

18  plans.

19  **Response to Document Request No. 57(c)**

20          Toberoff objects to this request on the grounds that Magistrate Zarefsky

21  specifically denied this request when it was part of DC's original requests (Toberoff

22  Requests Nos. 56-58, IPW Request Nos. 27-31) as "hopelessly overbroad" and as

23  improperly "calling for everything there is about companies with which Mr. Toberoff

24  has been associated." Docket No. 262 at 5. DC's new request is nothing more than

25  an attempt to re-serve its denied requests by dividing it into sub-parts that are still

26  grossly overbroad and encompass wholly irrelevant material.

27          Toberoff further objects to this request on the grounds that it is compound,

28  overbroad, burdensome and oppressive. Toberoff additionally objects to this request

1    on the grounds that it is vague and ambiguous, and lacks sufficient precision to allow

2    him to formulate an appropriate response.  Toberoff further objects to this request on

3    the grounds that it is indefinite as to time and not reasonably limited in scope.

4    Toberoff further objects to this request in that it seeks the production of items not

5    reasonably calculated to lead to the discovery of relevant and admissible evidence.

6    Toberoff objects to this request to the extent that it seeks communications or items

7    protected by the attorney-client privilege, the joint interest privilege, the attorney

8    work product doctrine and any other privilege or immunity available under law or

9    arising from contractual obligation.

10   **Document Request No. 57(d)**

11        All DOCUMENTS evidencing IP Worldwide, LLC's past and/or present

12   capital structure, including capital tables or other DOCUMENTS evidencing capital

13   accounts or capital structure.

14   **Response to Document Request No. 57(d)**

15        Toberoff objects to this request on the grounds that Magistrate Zarefsky

16   specifically denied this request when it was part of DC's original requests (Toberoff

17   Requests Nos. 56-58, IPW Request Nos. 27-31) as "hopelessly overbroad" and as

18   improperly "calling for everything there is about companies with which Mr. Toberoff

19   has been associated."  Docket No. 262 at 5.  DC's new request is nothing more than

20   an attempt to re-serve its denied requests by dividing it into sub-parts that are still

21   grossly overbroad and encompass wholly irrelevant material.

22        Toberoff further objects to this request on the grounds that it is compound,

23   overbroad, burdensome and oppressive.  Toberoff additionally objects to this request

24   on the grounds that it is vague and ambiguous, and lacks sufficient precision to allow

25   him to formulate an appropriate response.  Toberoff further objects to this request on

26   the grounds that it is indefinite as to time and not reasonably limited in scope.

27   Toberoff further objects to this request in that it seeks the production of items not

28   reasonably calculated to lead to the discovery of relevant and admissible evidence.

31
DEFENDANT MARC TOBEROFF'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S AMENDED REQUEST FOR PRODUCTION

**EXHIBIT 14**
**123**

1   Toberoff objects to this request to the extent that it seeks communications or items

2   protected by the attorney-client privilege, the joint interest privilege, the attorney

3   work product doctrine and any other privilege or immunity available under law or

4   arising from contractual obligation.

5   **Document Request No. 58(a)**

6       All DOCUMENTS identifying your past, present and/or future role or position

7   in IPW, LLC.

8   **Response to Document Request No. 58(a)**

9       Toberoff objects to this request on the grounds that Magistrate Zarefsky

10  specifically denied this request when it was part of DC's original requests (Toberoff

11  Requests Nos. 56-58, IPW Request Nos. 27-31) as "hopelessly overbroad" and as

12  improperly "calling for everything there is about companies with which Mr. Toberoff

13  has been associated." Docket No. 262 at 5.  DC's new request is nothing more than

14  an attempt to re-serve its denied requests by dividing it into sub-parts that are still

15  grossly overbroad and encompass wholly irrelevant material.

16      Toberoff further objects to this request on the grounds that it is compound,

17  overbroad, burdensome and oppressive.  Toberoff additionally objects to this request

18  on the grounds that it is vague and ambiguous, and lacks sufficient precision to allow

19  him to formulate an appropriate response.  Toberoff further objects to this request on

20  the grounds that it is indefinite as to time and not reasonably limited in scope.

21  Toberoff further objects to this request in that it seeks the production of items not

22  reasonably calculated to lead to the discovery of relevant and admissible evidence.

23  Toberoff objects to this request to the extent that it seeks communications or items

24  protected by the attorney-client privilege, the joint interest privilege, the attorney

25  work product doctrine and any other privilege or immunity available under law or

26  arising from contractual obligation.

27  **Document Request No. 58(b)**

28      All DOCUMENTS identifying your past and/or present ownership interest in

DEFENDANT MARC TOBEROFF'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S AMENDED REQUEST FOR PRODUCTION

**EXHIBIT 14**
**124**

1  IPW, LLC.

2  **Response to Document Request No. 58(b)**

3      Toberoff objects to this request on the grounds that Magistrate Zarefsky

4  specifically denied this request when it was part of DC's original requests (Toberoff

5  Requests Nos. 56-58, IPW Request Nos. 27-31) as "hopelessly overbroad" and as

6  improperly "calling for everything there is about companies with which Mr. Toberoff

7  has been associated."  Docket No. 262 at 5.  DC's new request is nothing more than

8  an attempt to re-serve its denied requests by dividing it into sub-parts that are still

9  grossly overbroad and encompass wholly irrelevant material.

10     Toberoff further objects to this request on the grounds that it is compound,

11  overbroad, burdensome and oppressive.  Toberoff additionally objects to this request

12  on the grounds that it is vague and ambiguous, and lacks sufficient precision to allow

13  him to formulate an appropriate response.  Toberoff further objects to this request on

14  the grounds that it is indefinite as to time and not reasonably limited in scope.

15  Toberoff further objects to this request in that it seeks the production of items not

16  reasonably calculated to lead to the discovery of relevant and admissible evidence.

17  Toberoff objects to this request to the extent that it seeks communications or items

18  protected by the attorney-client privilege, the joint interest privilege, the attorney

19  work product doctrine and any other privilege or immunity available under law or

20  arising from contractual obligation.

21  **Document Request No. 58(c)**

22     All DOCUMENTS involved in the formation of IPW, LLC, including, articles

23  of organization, operating agreements, minutes, filings, business plans.

24  **Response to Document Request No. 58(c)**

25     Toberoff objects to this request on the grounds that Magistrate Zarefsky

26  specifically denied this request when it was part of DC's original requests (Toberoff

27  Requests Nos. 56-58, IPW Request Nos. 27-31) as "hopelessly overbroad" and as

28  improperly "calling for everything there is about companies with which Mr. Toberoff

DEFENDANT MARC TOBEROFF'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S AMENDED REQUEST FOR PRODUCTION

**EXHIBIT 14**
**125**

1  has been associated." Docket No. 262 at 5. DC's new request is nothing more than

2  an attempt to re-serve its denied requests by dividing it into sub-parts that are still

3  grossly overbroad and encompass wholly irrelevant material.

4        Toberoff further objects to this request on the grounds that it is compound,

5  overbroad, burdensome and oppressive. Toberoff additionally objects to this request

6  on the grounds that it is vague and ambiguous, and lacks sufficient precision to allow

7  him to formulate an appropriate response. Toberoff further objects to this request on

8  the grounds that it is indefinite as to time and not reasonably limited in scope.

9  Toberoff further objects to this request in that it seeks the production of items not

10  reasonably calculated to lead to the discovery of relevant and admissible evidence.

11  Toberoff objects to this request to the extent that it seeks communications or items

12  protected by the attorney-client privilege, the joint interest privilege, the attorney

13  work product doctrine and any other privilege or immunity available under law or

14  arising from contractual obligation.

15  **Document Request No. 58(d)**

16        All DOCUMENTS evidencing IPW, LLC's past and/or present capital

17  structure, including capital tables or other DOCUMENTS evidencing capital

18  accounts or capital structure.

19  **Response to Document Request No. 58(d)**

20        Toberoff objects to this request on the grounds that Magistrate Zarefsky

21  specifically denied this request when it was part of DC's original requests (Toberoff

22  Requests Nos. 56-58, IPW Request Nos. 27-31) as "hopelessly overbroad" and as

23  improperly "calling for everything there is about companies with which Mr. Toberoff

24  has been associated." Docket No. 262 at 5. DC's new request is nothing more than

25  an attempt to re-serve its denied requests by dividing it into sub-parts that are still

26  grossly overbroad and encompass wholly irrelevant material.

27        Toberoff further objects to this request on the grounds that it is compound,

28  overbroad, burdensome and oppressive. Toberoff additionally objects to this request

DEFENDANT MARC TOBEROFF'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S AMENDED REQUEST FOR PRODUCTION

**EXHIBIT 14**
**126**

1  on the grounds that it is vague and ambiguous, and lacks sufficient precision to allow

2  him to formulate an appropriate response.  Toberoff further objects to this request on

3  the grounds that it is indefinite as to time and not reasonably limited in scope.

4  Toberoff further objects to this request in that it seeks the production of items not

5  reasonably calculated to lead to the discovery of relevant and admissible evidence.

6  Toberoff objects to this request to the extent that it seeks communications or items

7  protected by the attorney-client privilege, the joint interest privilege, the attorney

8  work product doctrine and any other privilege or immunity available under law or

9  arising from contractual obligation.

10  Dated:  July 15, 2011                    KENDALL BRILL & KLIEGER LLP

11

12                                          /s/ Nicholas F. Daum
                                            Nicholas F. Daum

13

14                                          Attorneys for Defendants Marc Toberoff,
                                            Pacific Pictures Corporation, IP
15                                          Worldwide, LLC, and IPW, LLC

16

17

18

19

20

21

22

23

24

25

26

27

28

1  KENDALL BRILL & KLIEGER LLP
   Richard B. Kendall (90072)
2    rkendall@kbkfirm.com
   Laura W. Brill (195889)
3    lbrill@kbkfirm.com
   Nicholas F Daum (236155)
4    ndaum@kbkfirm.com
   10100 Santa Monica Blvd., Suite 1725
5  Los Angeles, California, 90067
   Telephone:   310.556.2700
6  Facsimile:   310.556.2705

7  Attorneys for Defendants Marc Toberoff,
   Pacific Pictures Corporation, IP
8  Worldwide, LL, and IPW, LLC

9              UNITED STATES DISTRICT COURT

10    CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

11 DC COMICS,                        Case No: CV 10-03633 ODW (RZx)

12              Plaintiff,           Hon. Otis D. Wright II, U.S.D.J.
            vs.
13                                   DEFENDANT IPW, LLC'S
                                     RESPONSE AND OBJECTIONS
14 PACIFIC PICTURES CORPORATION;     TO PLAINTIFF DC COMICS'
   IP WORLDWIDE, LLC; IPW, LLC;      AMENDED REQUEST FOR
15 MARC TOBEROFF, an individual;     PRODUCTION OF
                                     DOCUMENTS
16 MARK WARREN Peary, as personal
   representative of the ESTATE OF   Complaint Filed:  May 14, 2010
17 JOSEPH SHUSTER; JEAN ADELE        Trial Date:  None Set
   Peavy, an individual; LAURA SIEGEL
18 LARSON, individually and as personal
19 representative of the ESTATE OF
   JOANNE SIEGEL, and DOES 1-10,
20 inclusive,

21              Defendants.

22

23

24

25

26

27

28

              DEFENDANT IPW, LLC'S RESPONSE AND OBJECTIONS
              TO PLAINTIFF'S AMENDED REQUEST FOR PRODUCTION

                        **EXHIBIT 14**
                            **128**

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

Defendant IPW, LLC ("IPW"), pursuant to the provisions of Rule 34(b)(2) of the Federal Rules of Civil Procedure, makes the following objections to Plaintiff DC Comics' Amended Request for Production of Documents ("Request") that were included in a letter served on June 1, 2011 by plaintiff DC Comics ("Plaintiff"):

## I.

## OBJECTIONS TO THE ENTIRE REQUEST

IPW objects to the entire Request on each of the following grounds and incorporates by reference each of the following objections into its response to each individual category of documents within it:

1.    IPW objects to each individual request within the Request to the extent it is relevant only to the Fourth through Sixth state law claims for relief in DC's First Amended Complaint ("FAC").  Defendants contend that their pending anti-SLAPP motion stays discovery regarding these state law claims, as well as the related Third Claim for Relief.  *See* Cal. Code Civ. Proc. § 425.16(g); *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 130 S. Ct. 1431, 1452 (2010) (Stevens, J., concurring); *Batzel v. Smith*, 333 F.3d 1018, 1024 (9th Cir. 2003); *Godin v. Schencks*, 2010 U.S. App. LEXIS 25980 (1st Cir. Dec. 22, 2010).

2.    To the extent the Request and each document request therein seeks documents concerning any agreement between the Shusters and Siegels to act collectively in negotiations with DC regarding the settlement of their termination claims ("Collective Bargaining"), IPW objects on the following grounds:  the privilege on such agreements was upheld by the Court's April 11, 2011 order. Furthermore, any documents that exist relating to Collective Bargaining contain and memorialize attorney-client privileged communications and attorney work product and reveal sensitive settlement strategy that would give DC an unfair advantage. Moreover, any Collective Bargaining documents were prepared in connection with settlement mediation in the closely related cases *Joanne Siegel, et al. v. Warner Bros.*

1    *Entertainment Inc., et al.*, Case No. 04-CV-8400 ODW (RZx) and *Joanne Siegel, et*

2    *al. v. Time Warner Inc., et al.,* Case No. 04-CV-8766 ODW (RZx) (collectively

3    "*Siegel* Litigation") and the use of such information plainly violates the parties' May

4    1, 2008 JAMS Confidentiality Agreement.

5        3.    Where applicable, IPW, in responding to each Request, interprets each

6    Request in light of the statements made in DC's July 7, 2011 letter, and DC's

7    revision of the term "RELATING" to mean "refer to or bear on."

8        4.    IPW objects to the Request and each document request therein to the

9    extent that it seeks the production of any item, or portion thereof, that has already

10   been the subject of motion practice in this case or the Siegel Litigation, and

11   specifically to the extent that the Request seeks discovery barred by the Court's April

12   11, 2011, May 25, 2011 and/or June 20, 2011 orders.

13       5.    IPW objects to the Request and each document request therein to the

14   extent that it seeks the production of any item, or portion thereof, comprising or

15   reflecting information transmitted and maintained in confidence between IPW or any

16   person or entity acting on its behalf and for the purpose of obtaining legal advice or

17   representation, on the grounds that such information is protected from disclosure by

18   the attorney-client privilege and the joint-interest privilege.  Such documents will not

19   be produced in response to the request, and any inadvertent production thereof shall

20   not be deemed a waiver of any privilege or doctrine with respect to such documents.

21   With respect to such documents, IPW hereby incorporates by reference the privilege

22   logs served by the Defendants in this action on December 15, 2010, and any logs

23   served by Defendants thereafter.

24       6.    IPW objects to the Request and each document request therein to the

25   extent that it seeks the production of any item, or portion thereof, comprising or

26   reflecting information with any confidential impression, conclusion, opinion, legal

27   research, or legal theory of counsel for IPW or any other person or entity, on the

28   grounds that such information is protected from disclosure by the attorney work

2
DEFENDANT IPW, LLC'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S AMENDED REQUEST FOR PRODUCTION

**EXHIBIT 14**
**130**

product doctrine.  Such documents will not be produced in response to the request, and any inadvertent production thereof shall not be deemed a waiver of any privilege or doctrine with respect to such documents.  With respect to such documents, IPW hereby incorporates by reference the privilege logs served by the Defendants in this action on December 15, 2010.

7.    IPW objects to the Request and each document request therein to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence, on the grounds that it exceeds the permissible scope of discovery delimited by Rule 26(b)(1) of the Federal Rules of Civil Procedure.

8.    IPW objects to the Request and each document request therein to the extent that it seeks the production of any item, or portion thereof, comprising or reflecting any trade secret or other confidential or proprietary information of IPW or any other entity or person.

9.    IPW objects to the Request and each document request therein to the extent that it seeks the production of any item, or portion thereof, which is protected from disclosure by court order, or any privacy or similar rights of any person or entity.

10.    IPW objects to the Request and each document request therein to the extent that it is unduly burdensome, overly broad, imposes extreme hardship, is oppressive and harassing, or would result in the expenditure of unnecessary time and resources.

11.    IPW objects to the Request and each document request therein to the extent that the expense of producing documents outweighs the likely benefit of discovery provided to Plaintiff.

12.    IPW objects to the Request and each document request therein to the extent that it seeks the production of duplicative identical items, or documents or information already in Plaintiff's possession, or by reason of public filing,

**EXHIBIT 14**
**131**

1   publication or otherwise are readily accessible to Plaintiff through other means.

2       13.    IPW objects to the Request and each document request therein to the

3   extent that it seeks the production of any item which has been served, filed, or

4   transmitted in the course of this action, on the grounds that such production would be

5   burdensome, oppressive, and unnecessary.

6       14.    IPW objects to the Request and each document request therein to the

7   extent that it seeks the production of any item which has already been produced,

8   served, or filed in the course of the related actions *Joanne Siegel, et al. v. Warner*

9   *Bros. Entertainment Inc., et al.*, Case No. 04-CV-8400 ODW (RZx) and *Joanne*

10  *Siegel, et al. v. Time Warner Inc., et al.,* Case No. 04-CV-8766 ODW (RZx)

11  (collectively "*Siegel* Litigation"), on the grounds that such production would be

12  duplicative, burdensome, oppressive, and unnecessary.

13      15.    In making any document production, IPW will reference by their Bates

14  numbers documents already produced to DC in the *Siegel* Litigation, rather than re-

15  copy and reproduce such documents. IPW will not produce or designate by Bates

16  numbers documents IPW obtained solely as a result of a document production by the

17  other side in the *Siegel* Litigation.

18      16.    Consistent with the agreement governing privilege logs negotiated by

19  the parties concerning plaintiff and other defendants, IPW will not log privileged

20  communications or attorney work-product documents in either this case or the *Siegel*

21  Litigation, that (a) are internal communications by defendants' counsel at the law

22  firms of Toberoff & Associates, P.C. and Kendall Brill & Klieger, L.L.P., or (b)

23  between  Toberoff & Associates P.C and defendants' counsel at the law firm of

24  Kendall, Brill & Klieger LLP.   Logging such documents would constitute an

25  extraordinary interference by DC in the affairs of its opposing counsel in both this

26  action and the ongoing *Siegel* Litigation.

27      17.    IPW objects to the Request and each document request therein to the

28  extent that it seeks the production of any item or document that is not the property of

1  IPW. IPW will not produce any items or documents that are the property of any other

2  person or entity.

3       18.    IPW objects to the Request and each document request therein and to

4  the definitions and instructions therein to the extent that they purport to alter or

5  extend IPW's obligations beyond those established by the Federal Rules of Civil

6  Procedure, the Local Rules of the United States District Court for the Central District

7  of California, or any order or ruling by the Court in this action.

8       19.    IPW objects generally to the definitions of the terms "YOU," "YOUR"

9  and "IPW" as vague and ambiguous, overbroad and unduly burdensome, especially

10 with the respect to the definition's reference to "attorneys".  IPW will construe these

11 terms to refer to IPW.

12      20.    IPW objects generally to the definitions of the terms "DEFENDANT"

13 and "DEFENDANTS" as vague and ambiguous, overbroad and unduly burdensome,

14 especially with the respect to the definition's reference to "attorneys".  IPW will

15 construe these terms to refer only to the specific defendants in this action.

16      21.    IPW objects generally to the definition of the term "SHUSTER HEIRS"

17 as vague and ambiguous, overbroad and unduly burdensome, especially with the

18 respect to the definition's reference to "attorneys".  Solely for the purposes of these

19 responses, and for no other purpose, IPW will construe this term to refer only to the

20 Estate of Joseph Shuster, Jean Peavy, Mark Warren Peary, Dawn Peavy and Frank

21 Shuster.

22      22.    IPW objects generally to the definition of the term "SIEGEL HEIRS" as

23 vague and ambiguous, overbroad and unduly burdensome, especially with the respect

24 to the definition's reference to "attorneys".  Solely for the purposes of these

25 responses, and for no other purpose, IPW will construe this term to refer only to

26 Joanne Siegel, Laura Siegel Larson, and Michael Siegel.

27      23.    IPW reserves the right to revise, amend, supplement or clarify any of the

28 objections set forth herein.

**EXHIBIT 14**
**133**

## II.

## DOCUMENTS TO BE PRODUCED

## SPECIFIC RESPONSES TO INDIVIDUAL REQUESTS

**Document Request No. 24**

All DOCUMENTS involved in the formation of IPW, including, articles of organization, operating agreements, minutes, filings, business plans.

**Response to Document Request No. 24**

IPW objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive.  IPW objects to this request on the grounds that the phrase "involved in the formation" is vague and ambiguous, and lacks sufficient precision to allow it to formulate an appropriate response.  IPW further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope.  IPW further objects to this request in that it seeks the production of items not reasonably calculated to lead to the discovery of relevant and admissible evidence. IPW objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing general and specific objections, IPW is willing to meet and confer with Plaintiff regarding the tailoring of this request.  Plaintiff's modification of this request and explanation of what it seeks by this request in its July 7, 2011 letter do not sufficiently narrow the documents sought by this overbroad request.

**Document Request No. 25**

All DOCUMENTS identifying the current corporate status of IPW.

**Response to Document Request No. 25**

IPW objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive.  IPW objects to this request on the grounds that the phrase "identifying the current corporate status" is vague and ambiguous, and lacks

**EXHIBIT 14**
**134**

1  sufficient precision to allow it to formulate an appropriate response.  IPW further

2  objects to this request on the grounds that it is indefinite as to time and not

3  reasonably limited in scope.  IPW further objects to this request in that it seeks the

4  production of items not reasonably calculated to lead to the discovery of relevant and

5  admissible evidence.  IPW objects to this request to the extent that it seeks

6  communications or items protected by the attorney-client privilege, the joint interest

7  privilege, the attorney work product doctrine and any other privilege or immunity

8  available under law or arising from contractual obligation.  Subject to and without

9  waiving the foregoing general and specific objections, IPW will produce the

10  responsive, non-privileged documents, if any, consistent with its understanding of

11  this request.

12  **Document Request No. 26**

13      All DOCUMENTS identifying the past and current ownership and

14  management structure of IPW, including operating agreements, capitalization

15  schedules, capital accounts, shares, filings, and other financial forms.

16  **Response to Document Request No. 26**

17      IPW objects to this request on the grounds that it is compound, overbroad,

18  burdensome and oppressive.  IPW objects to this request on the grounds that the

19  phrase "identifying the past and current ownership and management structure" is

20  vague and ambiguous, and lacks sufficient precision to allow it to formulate an

21  appropriate response.  IPW further objects to this request on the grounds that it is

22  indefinite as to time and not reasonably limited in scope.  IPW further objects to this

23  request in that it seeks the production of items not reasonably calculated to lead to the

24  discovery of relevant and admissible evidence.  IPW objects to this request to the

25  extent that it seeks communications or items protected by the attorney-client

26  privilege, the joint interest privilege, the attorney work product doctrine and any

27  other privilege or immunity available under law or arising from contractual

28  obligation.  Subject to and without waiving the foregoing general and specific

1   objections, IPW is willing to meet and confer with Plaintiff regarding the tailoring of

2   this request.  Plaintiff's modification of this request and explanation of what it seeks

3   by this request in its July 7, 2011 letter do not sufficiently narrow the documents

4   sought by this grossly overbroad request.

5   **Document Request No. 27**

6       All DOCUMENTS identifying any business plans of IPW, including but not

7   limited to marketing of rights held, solicitation of new business, or plans to sell,

8   lease, license, or otherwise transfer rights.

9   **Response to Document Request No. 27**

10      IPW objects to this request on the grounds that Magistrate Zarefsky

11  specifically denied this request when it was part of DC's original requests (Toberoff

12  Requests Nos. 56-58, IPW Request Nos. 27-31) as "hopelessly overbroad" and as

13  improperly "calling for everything there is about companies with which Mr. Toberoff

14  has been associated."  Docket No. 262 at 5.  DC's new request is nothing more than

15  an attempt to re-serve its denied requests by dividing it into sub-parts that are still

16  grossly overbroad and encompass wholly irrelevant material.

17      IPW additionally objects to this request on the grounds that it is compound,

18  overbroad, burdensome and oppressive.  IPW further objects to this request on the

19  grounds that it is vague and ambiguous, and lacks sufficient precision to allow it to

20  formulate an appropriate response.  IPW further objects to this request on the grounds

21  that it is indefinite as to time and not reasonably limited in scope.  IPW further

22  objects to this request to the extent that it seeks the production of any item, or portion

23  thereof, which is not reasonably calculated to lead to the discovery of relevant and

24  admissible evidence.  IPW additionally objects to this request to the extent that it

25  seeks communications or items protected by the attorney-client privilege, the joint

26  interest privilege, the attorney work product doctrine and any other privilege or

27  immunity available under law or arising from contractual obligation.

28

**Document Request No. 29**

All DOCUMENTS identifying any individual or entity that currently holds property or interests formerly held by IPW.

**Response to Document Request No. 29**

IPW objects to this request on the grounds that Magistrate Zarefsky specifically denied this request when it was part of DC's original requests (Toberoff Requests Nos. 56-58, IPW Request Nos. 27-31) as "hopelessly overbroad" and as improperly "calling for everything there is about companies with which Mr. Toberoff has been associated." Docket No. 262 at 5. DC's new request is nothing more than an attempt to re-serve its denied requests by dividing it into sub-parts that are still grossly overbroad and encompass wholly irrelevant material.

IPW additionally objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive. IPW further objects to this request on the grounds that it is vague and ambiguous, and lack sufficient precision to allow it to formulate an appropriate response. IPW further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. IPW further objects to this request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. IPW additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint-interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.

Dated:  July 15, 2011                    KENDALL BRILL & KLIEGER LLP


                                         /s/ Nicholas F. Daum
                                         Nicholas F. Daum


                                         Attorneys for Defendants Marc Toberoff,
                                         Pacific Pictures Corporation, IP
                                         Worldwide, LLC, and IPW, LLC

9
DEFENDANT IPW, LLC'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S AMENDED REQUEST FOR PRODUCTION

**EXHIBIT 14**
**137**

1   KENDALL BRILL & KLIEGER LLP
    Richard B. Kendall (90072)
2     rkendall@kbkfirm.com
    Laura W. Brill (195889)
3     lbrill@kbkfirm.com
    Nicholas F Daum (236155)
4     ndaum@kbkfirm.com
    10100 Santa Monica Blvd., Suite 1725
5   Los Angeles, California, 90067
    Telephone:   310.556.2700
6   Facsimile:   310.556.2705

7   Attorneys for Defendants Marc Toberoff,
    Pacific Pictures Corporation, IP
8   Worldwide, LL, and IPWW, LLC

9                 **UNITED STATES DISTRICT COURT**

10       **CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION**

11  DC COMICS,                          Case No: CV 10-03633 ODW (RZx)

12              Plaintiff,              Hon. Otis D. Wright II, U.S.D.J.

            vs.
13                                      **DEFENDANT IP WORLDWIDE,**
                                        **LLC'S RESPONSE AND**
14  PACIFIC PICTURES CORPORATION;       **OBJECTIONS TO PLAINTIFF**
    IP WORLDWIDE, LLC; IPWW, LLC;       **DC COMICS' AMENDED**
15  MARC TOBEROFF, an individual;       **REQUEST FOR PRODUCTION**
                                        **OF DOCUMENTS**
16  MARK WARREN Peary, as personal
    representative of the ESTATE OF     Complaint Filed: May 14, 2010
17  JOSEPH SHUSTER; JEAN ADELE          Trial Date:  None Set
    Peavy, an individual; LAURA SIEGEL
18  LARSON, individually and as personal
    representative of the ESTATE OF
19  JOANNE SIEGEL, and DOES 1-10,
    inclusive,
20
21
                Defendants.
22

23

24

25

26

27

28

            DEFENDANT IP WORLDWIDE, LLC'S RESPONSE AND OBJECTIONS
               TO PLAINTIFF'S AMENDED REQUEST FOR PRODUCTION

                              **EXHIBIT 14**
                                  **138**

1  TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

2      Defendant IP Worldwide, LLC ("IPWW" or "IP Worldwide"), pursuant to the

3  provisions of Rule 34(b)(2) of the Federal Rules of Civil Procedure, makes the

4  following objections to Plaintiff DC Comics' Amended Request for Production of

5  Documents ("Request") that were included in a letter served on June 1, 2011 by

6  plaintiff DC Comics ("Plaintiff"):

7                                  **I.**

8               **OBJECTIONS TO THE ENTIRE REQUEST**

9      IPWW objects to the entire Request on each of the following grounds and

10  incorporates by reference each of the following objections into its response to each

11  individual category of documents within it:

12      1.    IPWW objects to each individual request within the Request to the extent

13  it is relevant only to the Fourth through Sixth state law claims for relief in DC's First

14  Amended Complaint ("FAC").  Defendants contend that their pending anti-SLAPP

15  motion stays discovery regarding these state law claims, as well as the related Third

16  Claim for Relief.  *See* Cal. Code Civ. Proc. § 425.16(g); *Shady Grove Orthopedic*

17  *Assocs., P.A. v. Allstate Ins. Co.*, 130 S. Ct. 1431, 1452 (2010) (Stevens, J.,

18  concurring); *Batzel v. Smith*, 333 F.3d 1018, 1024 (9th Cir. 2003); *Godin v. Schencks*,

19  2010 U.S. App. LEXIS 25980 (1st Cir. Dec. 22, 2010).

20      2.    To the extent the Request and each document request therein seeks

21  documents concerning any agreement between the Shusters and Siegels to act

22  collectively in negotiations with DC regarding the settlement of their termination

23  claims ("Collective Bargaining"), IPWW objects on the following grounds:  the

24  privilege on such agreements was upheld by the Court's April 11, 2011 order.

25  Furthermore, any documents that exist relating to Collective Bargaining contain and

26  memorialize attorney-client privileged communications and attorney work product

27  and reveal sensitive settlement strategy that would give DC an unfair advantage.

28  Moreover, any Collective Bargaining documents were prepared in connection with

1   settlement mediation in the closely related cases *Joanne Siegel, et al. v. Warner Bros.*

2   *Entertainment Inc., et al.*, Case No. 04-CV-8400 ODW (RZx) and *Joanne Siegel, et*

3   *al. v. Time Warner Inc., et al.,* Case No. 04-CV-8766 ODW (RZx) (collectively

4   "*Siegel* Litigation") and the use of such information plainly violates the parties' May

5   1, 2008 JAMS Confidentiality Agreement.

6       3.      Where applicable, IPWW, in responding to each Request, interprets each

7   Request in light of the statements made in DC's July 7, 2011 letter, and DC's

8   revision of the term "RELATING" to mean "refer to or bear on."

9       4.      IPWW objects to the Request and each document request therein to the

10  extent that it seeks the production of any item, or portion thereof, that has already

11  been the subject of motion practice in this case or the Siegel Litigation, and

12  specifically to the extent that the Request seeks discovery barred by the Court's April

13  11, 2011, May 25, 2011 and/or June 20, 2011 orders.

14      5.      IPWW objects to the Request and each document request therein to the

15  extent that it seeks the production of any item, or portion thereof, comprising or

16  reflecting information transmitted and maintained in confidence between IPWW or

17  any person or entity acting on its behalf and for the purpose of obtaining legal advice

18  or representation, on the grounds that such information is protected from disclosure

19  by the attorney-client privilege and the joint-interest privilege.  Such documents will

20  not be produced in response to the request, and any inadvertent production thereof

21  shall not be deemed a waiver of any privilege or doctrine with respect to such

22  documents.  With respect to such documents, IPWW hereby incorporates by

23  reference the privilege logs served by the Defendants in this action on December 15,

24  2010, and any logs served by Defendants thereafter.

25      6.      IPWW objects to the Request and each document request therein to the

26  extent that it seeks the production of any item, or portion thereof, comprising or

27  reflecting information with any confidential impression, conclusion, opinion, legal

28  research, or legal theory of counsel for IPWW or any other person or entity, on the

grounds that such information is protected from disclosure by the attorney work product doctrine.  Such documents will not be produced in response to the request, and any inadvertent production thereof shall not be deemed a waiver of any privilege or doctrine with respect to such documents.  With respect to such documents, IPWW hereby incorporates by reference the privilege logs served by the Defendants in this action on December 15, 2010.

7.    IPWW objects to the Request and each document request therein to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence, on the grounds that it exceeds the permissible scope of discovery delimited by Rule 26(b)(1) of the Federal Rules of Civil Procedure.

8.    IPWW objects to the Request and each document request therein to the extent that it seeks the production of any item, or portion thereof, comprising or reflecting any trade secret or other confidential or proprietary information of IPWW or any other entity or person.

9.    IPWW objects to the Request and each document request therein to the extent that it seeks the production of any item, or portion thereof, which is protected from disclosure by court order, or any privacy or similar rights of any person or entity.

10.    IPWW objects to the Request and each document request therein to the extent that it is unduly burdensome, overly broad, imposes extreme hardship, is oppressive and harassing, or would result in the expenditure of unnecessary time and resources.

11.    IPWW objects to the Request and each document request therein to the extent that the expense of producing documents outweighs the likely benefit of discovery provided to Plaintiff.

12.    IPWW objects to the Request and each document request therein to the extent that it seeks the production of duplicative identical items, or documents or

1  information already in Plaintiff's possession, or by reason of public filing,

2  publication or otherwise are readily accessible to Plaintiff through other means.

3      13.    IPWW objects to the Request and each document request therein to the

4  extent that it seeks the production of any item which has been served, filed, or

5  transmitted in the course of this action, on the grounds that such production would be

6  burdensome, oppressive, and unnecessary.

7      14.    IPWW objects to the Request and each document request therein to the

8  extent that it seeks the production of any item which has already been produced,

9  served, or filed in the course of the related actions *Joanne Siegel, et al. v. Warner*

10 *Bros. Entertainment Inc., et al.*, Case No. 04-CV-8400 ODW (RZx) and *Joanne*

11 *Siegel, et al. v. Time Warner Inc., et al.,* Case No. 04-CV-8766 ODW (RZx)

12 (collectively "*Siegel* Litigation"), on the grounds that such production would be

13 duplicative, burdensome, oppressive, and unnecessary.

14     15.    In making any document production, IPWW will reference by

15 their Bates numbers documents already produced to DC in the *Siegel* Litigation,

16 rather than re-copy and reproduce such documents. IPWW will not produce or

17 designate by Bates numbers documents IPWW obtained solely as a result of a

18 document production by the other side in the *Siegel* Litigation.

19     16.    Consistent with the agreement governing privilege logs negotiated by

20 the parties concerning plaintiff and other defendants, IPWW will not log privileged

21 communications or attorney work-product documents in either this case or the *Siegel*

22 Litigation, that (a) are internal communications by defendants' counsel at the law

23 firms of Toberoff & Associates, P.C. and Kendall Brill & Klieger, L.L.P., or (b)

24 between  Toberoff & Associates P.C and defendants' counsel at the law firm of

25 Kendall, Brill & Klieger LLP.   Logging such documents would constitute an

26 extraordinary interference by DC in the affairs of its opposing counsel in both this

27 action and the ongoing *Siegel* Litigation.

28     17.    IPWW objects to the Request and each document request therein to the

4

DEFENDANT IP WORLDWIDE, LLC'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S AMENDED REQUEST FOR PRODUCTION

**EXHIBIT 14**
**142**

1  extent that it seeks the production of any item or document that is not the property of

2  IPWW. IPWW will not produce any items or documents that are the property of any

3  other person or entity.

4      18.   IPWW objects to the Request and each document request therein and to

5  the definitions and instructions therein to the extent that they purport to alter or

6  extend IPWW's obligations beyond those established by the Federal Rules of Civil

7  Procedure, the Local Rules of the United States District Court for the Central District

8  of California, or any order or ruling by the Court in this action.

9      19.   IPWW objects generally to the definitions of the terms "YOU,"

10  "YOUR" and "IP WORLDWIDE" as vague and ambiguous, overbroad and unduly

11  burdensome, especially with the respect to the definition's reference to "attorneys".

12  IP Worldwide will construe these terms to refer to IP Worldwide.

13      20.   IPWW objects generally to the definitions of the terms "DEFENDANT"

14  and "DEFENDANTS" as vague and ambiguous, overbroad and unduly burdensome,

15  especially with the respect to the definition's reference to "attorneys".  IP Worldwide

16  will construe these terms to refer only to the specific defendants in this action.

17      21.   IPWW objects generally to the definition of the term "SHUSTER

18  HEIRS" as vague and ambiguous, overbroad and unduly burdensome, especially with

19  the respect to the definition's reference to "attorneys".  Solely for the purposes of

20  these responses, and for no other purpose, IP Worldwide will construe this term to

21  refer only to the Estate of Joseph Shuster, Jean Peavy, Mark Warren Peary, Dawn

22  Peavy and Frank Shuster.

23      22.   IPWW objects generally to the definition of the term "SIEGEL HEIRS"

24  as vague and ambiguous, overbroad and unduly burdensome, especially with the

25  respect to the definition's reference to "attorneys".  Solely for the purposes of these

26  responses, and for no other purpose, IP Worldwide will construe this term to refer

27  only to Joanne Siegel, Laura Siegel Larson, and Michael Siegel.

28      23.   IPWW reserves the right to revise, amend, supplement or clarify any of

**EXHIBIT 14**
**143**

the objections set forth herein.

## II.

## DOCUMENTS TO BE PRODUCED

## SPECIFIC RESPONSES TO INDIVIDUAL REQUESTS

**Document Request No. 5(a)**

All DOCUMENTS RELATING to the SIEGEL HEIRS' purported interest in SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 5(a)**

IPWW objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive. IPWW further objects to this request on the grounds that the words "RELATING" and "purported interest" are vague and ambiguous, and lack sufficient precision to allow it to formulate an appropriate response. IPWW further objects to this request on the grounds that it is indefinite as to time, not reasonably limited in scope, and to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. IPWW additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint-interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing general and specific objections, IPWW will produce the responsive, non-privileged documents, if any, consistent with its understanding of this request.

**Document Request No. 5(b)**

All DOCUMENTS RELATING to the SHUSTER HEIRS' purported interest in SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 5(b)**

IPWW objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive. IPWW further objects to this request on the grounds

1 | that the words "RELATING" and "purported interest" are vague and ambiguous, and
2 | lack sufficient precision to allow it to formulate an appropriate response.  IPWW
3 | further objects to this request on the grounds that it is indefinite as to time, not
4 | reasonably limited in scope, and to the extent that it seeks the production of any item,
5 | or portion thereof, which is not reasonably calculated to lead to the discovery of
6 | relevant and admissible evidence.  IPWW additionally objects to this request to the
7 | extent that it seeks communications or items protected by the attorney-client
8 | privilege, the joint-interest privilege, the attorney work product doctrine and any
9 | other privilege or immunity available under law or arising from contractual
10 | obligation.  Subject to and without waiving the foregoing general and specific
11 | objections, IPWW will produce the responsive, non-privileged documents, if any,
12 | consistent with its understanding of this request.

13 | **Document Request No. 15**

14 | All DOCUMENTS created since 1995 RELATING to the valuation of any
15 | past, current, or potential ownership interest in SUPERMAN and/or SUPERBOY.

16 | **Response to Document Request No. 15**

17 | IPWW objects to this request on the grounds that it is compound, overbroad,
18 | burdensome and oppressive.  IPWW further objects to this request on the grounds
19 | that the term "RELATING to the valuation of any past, current, or potential
20 | ownership interest" is vague and ambiguous, and lacks sufficient precision to allow it
21 | to formulate an appropriate response.  IPWW further objects to this request on the
22 | grounds that it is not reasonably limited in scope.  IPWW further objects to this
23 | request to the extent that it seeks the production of any item, or portion thereof,
24 | which is not reasonably calculated to lead to the discovery of relevant and admissible
25 | evidence.  IPWW additionally objects to this request to the extent that it seeks
26 | communications or items protected by the attorney-client privilege, the joint-interest
27 | privilege, the attorney work product doctrine and any other privilege or immunity
28 | available under law or arising from contractual obligation.  Subject to and without

DEFENDANT IP WORLDWIDE, LLC'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S AMENDED REQUEST FOR PRODUCTION

**EXHIBIT 14**
**145**

waiving the foregoing general and specific objections, IPWW will produce the

responsive, non-privileged documents, if any, consistent with its understanding of

this request.

**Document Request No. 18**

All DOCUMENTS RELATING to YOUR introduction to the SIEGEL

HEIRS.

**Response to Document Request No. 18**

IPWW further objects to this request on the grounds that it is compound,

duplicative, overbroad, burdensome and oppressive.  IPWW further objects to this

request on the grounds that the term "RELATING" is vague and ambiguous, and

lacks sufficient precision to allow it to formulate an appropriate response.  IPWW

further objects to this request on the grounds that it is indefinite as to time and not

reasonably limited in scope.  IPWW additionally objects to this request to the extent

that it seeks communications or items protected by the attorney-client privilege, the

joint-interest privilege, the attorney work product doctrine and any other privilege or

immunity available under law or arising from contractual obligation.  Subject to and

without waiving the foregoing general and specific objections, IPWW will produce

the responsive, non-privileged documents, if any, consistent with its understanding of

this request.

**Document Request No. 24**

All DOCUMENTS RELATING to the Memorandum of Agreement dated

February 2, 2002 that YOU entered into with Ari Emanuel.

**Response to Document Request No. 24**

IPWW objects to this request on the grounds that it is compound, duplicative,

overbroad, burdensome and oppressive.  IPWW objects to this request on the grounds

that it is compound, overbroad, burdensome and oppressive.  IPWW further objects

to this request on the grounds that the term "RELATING" is vague and ambiguous,

and lacks sufficient precision to allow it to formulate an appropriate response. IPWW

DEFENDANT IP WORLDWIDE, LLC'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S AMENDED REQUEST FOR PRODUCTION

**EXHIBIT 14**
**146**

1  objects to this request to the extent that it seeks the production of any item, or portion

2  thereof, which is not reasonably calculated to lead to the discovery of relevant and

3  admissible evidence.  IPWW additionally objects to this request to the extent that it

4  seeks communications or items protected by the attorney-client privilege, the joint

5  interest privilege, the attorney work product doctrine and any other privilege or

6  immunity available under law or arising from contractual obligation.  Subject to and

7  without waiving the foregoing general and specific objections, IPWW will produce

8  the responsive, non-privileged documents, if any, consistent with its understanding of

9  this request.

10  **Document Request No. 25**

11       All DOCUMENTS identifying contributions of DEFENDANTS Marc

12  Toberoff and Pacific Pictures Corporation to IP WORLDWIDE.

13  **Response to Document Request No. 25**

14       IPWW objects to this request on the grounds that it is compound, duplicative,

15  overbroad, burdensome and oppressive.  IPWW further objects to this request on the

16  grounds that it is vague and ambiguous, and lacks sufficient precision to allow it to

17  formulate an appropriate response.  IPWW further objects to this request on the

18  grounds that the term "contributions" is vague and ambiguous, and lacks sufficient

19  precision to allow it to formulate an appropriate response.  IPWW objects to this

20  request to the extent that it seeks the production of any item, or portion thereof,

21  which is not reasonably calculated to lead to the discovery of relevant and admissible

22  evidence.  IPWW additionally objects to this request to the extent that it seeks

23  communications or items protected by the attorney-client privilege, the joint interest

24  privilege, the attorney work product doctrine and any other privilege or immunity

25  available under law or arising from contractual obligation.

26  **Document Request No. 27**

27       All DOCUMENTS RELATING to the letter agreement dated October 3, 2002

28  – and any revisions, modifications, or adjustments thereto – that IP WORLDWIDE

1  signed with the SIEGEL HEIRS.

2  **Response to Document Request No. 27**

3       IPWW objects to this request on the grounds that it is compound, duplicative,

4  overbroad, burdensome and oppressive.   IPWW further objects to this request on the

5  grounds that the term "RELATING" is vague and ambiguous, and lacks sufficient

6  precision to allow it to formulate an appropriate response.  IPWW further objects to

7  this request on the grounds that it is indefinite as to time, not reasonably limited in

8  scope, and to the extent that it seeks the production of any item, or portion thereof,

9  which is not reasonably calculated to lead to the discovery of relevant and admissible

10 evidence. IPWW further objects to this request to the extent that it seeks

11 communications or items protected by the attorney-client privilege, the joint interest

12 privilege, the attorney work product doctrine and any other privilege or immunity

13 available under law or arising from contractual obligation.  Subject to and without

14 waiving the foregoing general and specific objections, IPWW will produce the

15 responsive, non-privileged documents, if any, consistent with its understanding of

16 this request.

17 **Document Request No. 28**

18      All DOCUMENTS created from 2001 to the present RELATING to the

19 identification of IP WORLDWIDE on the Document Cover Sheet for Recordation of

20 Documents filed with the Transfer Covering Extended Copyright Renewal Term of

21 "Superman" served on behalf of the Estate of Joseph Shuster on November 10, 2003.

22 **Response to Document Request No. 28**

23      IPWW further objects to this request on the grounds that it is compound,

24 duplicative, overbroad, burdensome and oppressive.  IPWW further objects to this

25 request on the grounds that the phrase "RELATING to the identification of IP

26 WORLDWIDE" as used in the context of this request, is vague and ambiguous, and

27 lacks sufficient precision to allow it to formulate an appropriate response.  IPWW

28 further objects to this request on the grounds that it is not reasonably limited in scope,

10

1 | and to the extent that it seeks the production of any item, or portion thereof, which is
2 | not reasonably calculated to lead to the discovery of relevant and admissible
3 | evidence.  IPWW additionally objects to this request to the extent that it seeks
4 | communications or items protected by the attorney-client privilege, the joint interest
5 | privilege, the attorney work product doctrine and any other privilege or immunity
6 | available under law or arising from contractual obligation.

7 | **Document Request No. 29**

8 |     All DOCUMENTS involved in the formation of IP WORLDWIDE, including,
9 | articles of organization, operating agreements, minutes, filings, business plans.

10 | **Response to Document Request No. 29**

11 |     IPWW objects to this request on the grounds that the phrase "involved in the
12 | formation" is vague and ambiguous, and lack sufficient precision to allow it to
13 | formulate an appropriate response.  IPWW objects to this request on the grounds that
14 | it is compound, overbroad, burdensome and oppressive.  IPWW objects to this
15 | request on the grounds that it is vague and ambiguous, and lack sufficient precision to
16 | allow it to formulate an appropriate response.  IPWW further objects to this request
17 | on the grounds that it is indefinite as to time and not reasonably limited in scope.
18 | IPWW further objects to this request in that it seeks the production of items not
19 | reasonably calculated to lead to the discovery of relevant and admissible evidence.
20 | IPWW objects to this request to the extent that it seeks communications or items
21 | protected by the attorney-client privilege, the joint interest privilege, the attorney
22 | work product doctrine and any other privilege or immunity available under law or
23 | arising from contractual obligation.  Subject to and without waiving the foregoing
24 | general and specific objections, IPWW is willing to meet and confer with Plaintiff
25 | regarding the tailoring of this request.  Plaintiff's modification of this request and
26 | explanation of what it seeks by this request in its July 7, 2011 letter do not
27 | sufficiently narrow the documents sought by this overbroad request.

28 |

**EXHIBIT 14**
**149**

**Document Request No. 30**

All DOCUMENTS identifying the current corporate status of IP WORLDWIDE.

**Response to Document Request No. 30**

IPWW objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive. IPWW objects to this request on the grounds that the phrase "identifying the current corporate status" is vague and ambiguous, and lack sufficient precision to allow it to formulate an appropriate response. IPWW objects to this request on the grounds that it is vague and ambiguous, and lack sufficient precision to allow it to formulate an appropriate response. IPWW further objects to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. IPWW further objects to this request in that it seeks the production of items not reasonably calculated to lead to the discovery of relevant and admissible evidence. IPWW objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing general and specific objections, IPWW will produce the responsive, non-privileged documents, if any, consistent with its understanding of this request.

**Document Request No. 32**

All DOCUMENTS identifying any business plans of IP WORLDWIDE, including but not limited to marketing of rights held, solicitation of new business, or plans to sell, lease, license or otherwise transfer rights.

**Response to Document Request No. 32**

IPWW objects to this request on the grounds that Magistrate Zarefsky specifically denied this request when it was part of DC's original requests (Toberoff Requests Nos. 56-58, IPW Request Nos. 27-31) as "hopelessly overbroad" and as improperly "calling for everything there is about companies with which Mr. Toberoff

**EXHIBIT 14**
**150**

1  has been associated." Docket No. 262 at 5. DC's new request is nothing more than

2  an attempt to re-serve its denied requests by dividing it into sub-parts that are still

3  grossly overbroad and encompass wholly irrelevant material.

4      IPWW additionally objects to this request on the grounds that it is compound,

5  overbroad, burdensome and oppressive, as it requests documents relating to any

6  activity IPWW has ever undertaken. IPWW further objects to this request on the

7  grounds that it is vague and ambiguous, and lacks sufficient precision to allow it to

8  formulate an appropriate response. IPWW further objects to this request on the

9  grounds that it is indefinite as to time and not reasonably limited in scope. IPWW

10 further objects to this request to the extent that it seeks the production of any item, or

11 portion thereof, which is not reasonably calculated to lead to the discovery of relevant

12 and admissible evidence. IPWW s additionally objects to this request to the extent

13 that it seeks communications or items protected by the attorney-client privilege, the

14 joint interest privilege, the attorney work product doctrine and any other privilege or

15 immunity available under law or arising from contractual obligation.

16 **Document Request No. 33**

17      All DOCUMENTS identifying any past, current, or planned property in which

18 IP WORLDWIDE held, holds, or will hold an interest.

19 **Response to Document Request No. 33**

20      IPWW objects to this request on the grounds that Magistrate Zarefsky

21 specifically denied this request when it was part of DC's original requests (Toberoff

22 Requests Nos. 56-58, IPW Request Nos. 27-31) as "hopelessly overbroad" and as

23 improperly "calling for everything there is about companies with which Mr. Toberoff

24 has been associated." Docket No. 262 at 5. DC's new request is nothing more than

25 an attempt to re-serve its denied requests by dividing it into sub-parts that are still

26 grossly overbroad and encompass wholly irrelevant material.

27      IPWW additionally objects to this request on the grounds that it is compound,

28 overbroad, burdensome and oppressive, since it requests documents relating to any

DEFENDANT IP WORLDWIDE, LLC'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S AMENDED REQUEST FOR PRODUCTION

**EXHIBIT 14**
**151**

1  property IPWW has ever owned or may own in the future.  IPWW further objects to

2  this request on the grounds that it is vague and ambiguous, and lacks sufficient

3  precision to allow it to formulate an appropriate response.  IPWW further objects to

4  this request on the grounds that it is indefinite as to time and not reasonably limited

5  in scope.  IPWW further objects to this request to the extent that it seeks the

6  production of any item, or portion thereof, which is not reasonably calculated to lead

7  to the discovery of relevant and admissible evidence.  IPWW s additionally objects to

8  this request to the extent that it seeks communications or items protected by the

9  attorney-client privilege, the joint interest privilege, the attorney work product

10  doctrine and any other privilege or immunity available under law or arising from

11  contractual obligation.

12  **Document Request No. 34**

13      All DOCUMENTS identifying any individual or entity that currently holds

14  property or interests formerly held by IP WORLDWIDE.

15  **Response to Document Request No. 34**

16      IPWW objects to this request on the grounds that Magistrate Zarefsky

17  specifically denied this request when it was part of DC's original requests (Toberoff

18  Requests Nos. 56-58, IPW Request Nos. 27-31) as "hopelessly overbroad" and as

19  improperly "calling for everything there is about companies with which Mr. Toberoff

20  has been associated."  Docket No. 262 at 5.  DC's new request is nothing more than

21  an attempt to re-serve its denied requests by dividing it into sub-parts that are still

22  grossly overbroad and encompass wholly irrelevant material.

23      IPWW additionally objects to this request on the grounds that it is compound,

24  overbroad, burdensome and oppressive.  IPWW further objects to this request on the

25  grounds that it is vague and ambiguous, and lacks sufficient precision to allow it to

26  formulate an appropriate response.  IPWW further objects to this request on the

27  grounds that it is indefinite as to time and not reasonably limited in scope.  IPWW

28  further objects to this request to the extent that it seeks the production of any item, or

14
DEFENDANT IP WORLDWIDE, LLC'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S AMENDED REQUEST FOR PRODUCTION

**EXHIBIT 14**
**152**

1   portion thereof, which is not reasonably calculated to lead to the discovery of relevant

2   and admissible evidence.  IPWW additionally objects to this request to the extent that

3   it seeks communications or items protected by the attorney-client privilege, the joint-

4   interest privilege, the attorney work product doctrine and any other privilege or

5   immunity available under law or arising from contractual obligation.

6   Dated:  July 15, 2011          KENDALL BRILL & KLIEGER LLP

7

8                          /s/ Nicholas F. Daum
                         Nicholas F. Daum

9

10                          Attorneys for Defendants Marc Toberoff,
                         Pacific Pictures Corporation, IP

11                          Worldwide, LLC, and IPW, LLC

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT 14**
**153**

1  KENDALL BRILL & KLIEGER LLP
   Richard B. Kendall (90072)
2    rkendall@kbkfirm.com
   Laura W. Brill (195890)
3    lbrill@kbkfirm.com
   Nicholas F Daum (236155)
4    ndaum@kbkfirm.com
   10100 Santa Monica Blvd., Suite 1725
5  Los Angeles, California, 90067
   Telephone:   310.556.2700
6  Facsimile:   310.556.2705

7  Attorneys for Defendants Marc Toberoff,
   Pacific Pictures Corporation, IP
8  Worldwide, LLC, and IPW, LLC

9              **UNITED STATES DISTRICT COURT**

10      **CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION**

11 DC COMICS,                          Case No: CV 10-03633 ODW (RZx)

12              Plaintiff,             Hon. Otis D. Wright II, U.S.D.J.

13       vs.                          **DEFENDANT PACIFIC
                                       PICTURES CORPORATION'S**
14 PACIFIC PICTURES CORPORATION;      **RESPONSE AND OBJECTIONS
                                       TO PLAINTIFF DC COMICS'**
   IP WORLDWIDE, LLC; IPW, LLC;       **AMENDED REQUEST FOR**
15 MARC TOBEROFF, an individual;      **PRODUCTION OF
                                       DOCUMENTS**
16 MARK WARREN PEARY, as personal
   representative of the ESTATE OF    Complaint Filed: May 14, 2010
17 JOSEPH SHUSTER; JEAN ADELE         Trial Date:  None Set
   PEAVY, an individual; LAURA
18 SIEGEL LARSON, individually and as
   personal representative of the ESTATE
19 OF JOANNE SIEGEL, and DOES 1-10,
   inclusive,
20
21              Defendants.
22
23
24
25
26
27
28

         DEFENDANT PACIFIC PICTURES CORPORATION'S RESPONSE AND OBJECTIONS
             TO PLAINTIFF'S AMENDED REQUEST FOR PRODUCTION

**EXHIBIT 14**
**154**

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

Defendant Pacific Pictures Corporation ("Pacific"), pursuant to the provisions of Rule 34(b)(2) of the Federal Rules of Civil Procedure, makes the following objections to Plaintiff DC Comics' Amended Request for Production of Documents ("Request") that were included in a letter served on June 1, 2011 by plaintiff DC Comics ("Plaintiff"):

## I.

## OBJECTIONS TO THE ENTIRE REQUEST

Pacific objects to the entire Request on each of the following grounds and incorporates by reference each of the following objections into its response to each individual category of documents within it:

1.     Pacific objects to each individual request within the Request to the extent it is relevant only to the Fourth through Sixth state law claims for relief in DC's First Amended Complaint ("FAC").  Defendants contend that their pending anti-SLAPP motion stays discovery regarding these state law claims, as well as the related Third Claim for Relief.  *See* Cal. Code Civ. Proc. § 425.16(g); *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 130 S. Ct. 1431, 1452 (2010) (Stevens, J., concurring); *Batzel v. Smith*, 333 F.3d 1018, 1024 (9th Cir. 2003); *Godin v. Schencks*, 2010 U.S. App. LEXIS 25980 (1st Cir. Dec. 22, 2010).

2.     To the extent the Request and each document request therein seeks documents concerning any agreement between the Shusters and Siegels to act collectively in negotiations with DC regarding the settlement of their termination claims ("Collective Bargaining"), Pacific objects on the following grounds:  the privilege on such agreements was upheld by the Court's April 11, 2011 order.  Furthermore, any documents that exist relating to Collective Bargaining contain and memorialize attorney-client privileged communications and attorney work product and reveal sensitive settlement strategy that would give DC an unfair advantage.  Moreover, any Collective Bargaining documents were prepared in connection with

**EXHIBIT 14**
**155**

1   settlement mediation in the closely related cases *Joanne Siegel, et al. v. Warner Bros.*

2   *Entertainment Inc., et al.*, Case No. 04-CV-8400 ODW (RZx) and *Joanne Siegel, et*

3   *al. v. Time Warner Inc., et al.,* Case No. 04-CV-8766 ODW (RZx) (collectively

4   "*Siegel* Litigation") and the use of such information plainly violates the parties' May

5   1, 2008 JAMS Confidentiality Agreement.

6         3.     Where applicable, Pacific, in responding to each Request, interprets each

7   Request in light of the statements made in DC's July 7, 2011 letter, and DC's

8   revision of the term "RELATING" to mean "refer to or bear on."

9         4.     Pacific objects to the Request and each document request therein to the

10   extent that it seeks the production of any item, or portion thereof, that has already

11   been the subject of motion practice in this case or the *Siegel* Litigation, and

12   specifically to the extent that the Request seeks discovery barred by the Court's April

13   11, 2011, May 25, 2011 and/or June 20, 2011 orders.

14         5.     Pacific objects to the Request and each document request

15   therein to the extent that it seeks the production of any item, or portion thereof,

16   comprising or reflecting information transmitted and maintained in confidence

17   between Pacific or any person or entity acting on its behalf and for the purpose of

18   obtaining legal advice or representation, on the grounds that such information is

19   protected from disclosure by the attorney-client privilege and the joint-interest

20   privilege. Such documents will not be produced in response to the request, and any

21   inadvertent production thereof shall not be deemed a waiver of any privilege or

22   doctrine with respect to such documents. With respect to such documents, Pacific

23   hereby incorporates by reference the privilege logs served by the Defendants in this

24   action on December 15, 2010, and any logs served by Defendants thereafter.

25         6.     Pacific objects to the Request and each document request

26   therein to the extent that it seeks the production of any item, or portion thereof,

27   comprising or reflecting information with any confidential impression, conclusion,

28   opinion, legal research, or legal theory of counsel for Pacific or any other person or

1    entity, on the grounds that such information is protected from disclosure by the
2    attorney work product doctrine.  Such documents will not be produced in response to
3    the request, and any inadvertent production thereof shall not be deemed a waiver of
4    any privilege or doctrine with respect to such documents.  With respect to such
5    documents, Pacific hereby incorporates by reference the privilege logs served by the
6    Defendants in this action on December 15, 2010.

7        7.    Pacific objects to the Request and each document request
8    therein to the extent that it seeks the production of any item, or portion thereof, which
9    is not reasonably calculated to lead to the discovery of relevant and admissible
10   evidence, on the grounds that it exceeds the permissible scope of discovery delimited
11   by Rule 26(b)(1) of the Federal Rules of Civil Procedure.

12       8.    Pacific objects to the Request and each document request
13   therein to the extent that it seeks the production of any item, or portion thereof,
14   comprising or reflecting any trade secret or other confidential or proprietary
15   information of Pacific or any other entity or person.

16       9.    Pacific objects to the Request and each document request
17   therein to the extent that it seeks the production of any item, or portion thereof, which
18   is protected from disclosure by court order, or any privacy or similar rights of any
19   person or entity.

20       10.   Pacific objects to the Request and each document request
21   therein to the extent that it is unduly burdensome, overly broad, imposes extreme
22   hardship, is oppressive and harassing, or would result in the expenditure of
23   unnecessary time and resources.

24       11.   Pacific objects to the Request and each document request
25   therein to the extent that the expense of producing documents outweighs the likely
26   benefit of discovery provided to Plaintiff.

27       12.   Pacific objects to the Request and each document request
28   therein to the extent that it seeks the production of duplicative identical items, or

1   documents or information already in Plaintiff's possession, or by reason of public

2   filing, publication or otherwise are readily accessible to Plaintiff through other

3   means.

4       13.    Pacific objects to the Request and each document request

5   therein to the extent that it seeks the production of any item which has been served,

6   filed, or transmitted in the course of this action, on the grounds that such production

7   would be burdensome, oppressive, and unnecessary.

8       14.    Pacific objects to the Request and each document request

9   therein to the extent that it seeks the production of any item which has already been

10  produced, served, or filed in the course of the related actions *Joanne Siegel, et al. v.*

11  *Warner Bros. Entertainment Inc., et al.*, Case No. 04-CV-8400 ODW (RZx) and

12  *Joanne Siegel, et al. v. Time Warner Inc., et al.,* Case No. 04-CV-8766 ODW (RZx)

13  (collectively "*Siegel* Litigation"), on the grounds that such production would be

14  duplicative, burdensome, oppressive, and unnecessary.

15      15.    In making any document production, Pacific will reference by

16  their Bates numbers documents already produced to DC in the *Siegel* Litigation,

17  rather than re-copy and reproduce such documents. Pacific will not produce or

18  designate by Bates numbers documents Pacific obtained solely as a result of a

19  document production by the other side in the *Siegel* Litigation.

20      16.    Consistent with the agreement governing privilege logs negotiated by

21  the parties concerning plaintiff and other defendants, Pacific will not log privileged

22  communications or attorney work-product documents in either this case or the *Siegel*

23  Litigations, that (a) are internal communications by defendants' counsel at the law

24  firms of Toberoff & Associates, P.C. and Kendall Brill & Klieger, L.L.P., or (b)

25  between  Toberoff & Associates P.C and defendants' counsel at the law firm of

26  Kendall, Brill & Klieger LLP.   Logging such documents would constitute an

27  extraordinary interference by DC in the affairs of its opposing counsel in both this

28  action and the ongoing *Siegel* litigation.

17.    Pacific objects to the Request and each document request therein to the extent that it seeks the production of any item or document that is not the property of Pacific. Pacific will not produce any items or documents that are the property of any other person or entity.

18.    Pacific objects to the Request and each document request therein and to the definitions and instructions therein to the extent that they purport to alter or extend Pacific's obligations beyond those established by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Central District of California, or any order or ruling by the Court in this action.

17.    Pacific objects generally to the definitions of the terms "YOU," "YOUR" and "PACIFIC PICTURES" as vague and ambiguous, overbroad and unduly burdensome, especially with respect to the definition's reference to "attorneys".  Pacific will construe these terms to refer to Pacific.

18.    Pacific objects generally to the definitions of the terms "DEFENDANT" and "DEFENDANTS" as vague and ambiguous, overbroad and unduly burdensome, especially with respect to the definition's reference to "attorneys".  Pacific Pictures will construe these terms to refer only to the specific defendants in this action.

19.    Pacific objects generally to the definition of the term "SHUSTER HEIRS" as vague and ambiguous, overbroad and unduly burdensome, especially with respect to the definition's reference to "attorneys".  Solely for the purposes of these responses, and for no other purpose, Pacific will construe this term to refer only to the Estate of Joseph Shuster, Jean Peavy, Mark Warren Peary, Dawn Peavy and Frank Shuster.

20.    Pacific objects generally to the definition of the term "SIEGEL HEIRS" as vague and ambiguous, overbroad and unduly burdensome, especially with respect to the definition's reference to "attorneys".  Solely for the purposes of these responses, and for no other purpose, Pacific will construe this term to refer only to Joanne Siegel, Laura Siegel Larson, and Michael Siegel.

21.    Pacific reserves the right to revise, amend, supplement or clarify any of the objections set forth herein.

## II.

## DOCUMENTS TO BE PRODUCED

## SPECIFIC RESPONSES TO INDIVIDUAL REQUESTS

**Document Request No. 5(a)**

All DOCUMENTS RELATING to any interest the SIEGEL HEIRS' claim in SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 5(a)**

Pacific objects to this request on the grounds that it is compound, overbroad, burdensome and oppressive.  Pacific further objects to this request on the grounds that the phrase "RELATING," is vague and ambiguous, and lacks sufficient precision to allow it to formulate an appropriate response.  Pacific further objects to this request on the grounds that it is indefinite as to time, not reasonably limited in scope, and to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence.  Pacific additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the joint-interest privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing general and specific objections, Pacific will produce the responsive, non-privileged documents, if any, consistent with its understanding of this request.

**Document Request No. 5(b)**

All DOCUMENTS RELATING to any interest the SIEGEL HEIRS' claim in SUPERMAN and/or SUPERBOY.

**Response to Document Request No. 5(b)**

Pacific objects to this request on the grounds that it is compound, overbroad,

6

DEFENDANT PACIFIC PICTURES CORPORATION'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S REQUEST FOR PRODUCTION

EXHIBIT 14
160

1   burdensome and oppressive.  Pacific further objects to this request on the grounds

2   that the phrase "RELATING," is vague and ambiguous, and lacks sufficient precision

3   to allow it to formulate an appropriate response.  Pacific further objects to this

4   request on the grounds that it is indefinite as to time, not reasonably limited in scope,

5   and to the extent that it seeks the production of any item, or portion thereof, which is

6   not reasonably calculated to lead to the discovery of relevant and admissible

7   evidence.  Pacific additionally objects to this request to the extent that it seeks

8   communications or items protected by the attorney-client privilege, the joint-interest

9   privilege, the attorney work product doctrine and any other privilege or immunity

10  available under law or arising from contractual obligation.  Subject to and without

11  waiving the foregoing general and specific objections, Pacific will produce the

12  responsive, non-privileged documents, if any, consistent with its understanding of

13  this request.

14  **Document Request No. 15**

15      All DOCUMENTS created since 1995 RELATING to the valuation of any

16  past, current, or potential ownership interest in SUPERMAN and/or SUPERBOY.

17  **Response to Document Request No. 15**

18      Pacific objects to this request on the grounds that it is compound, overbroad,

19  burdensome and oppressive.  Pacific further objects to this request on the grounds

20  that the term "RELATING to the valuation of any past, current, or potential

21  ownership interest" is vague and ambiguous, and lacks sufficient precision to allow it

22  to formulate an appropriate response.  Pacific further objects to this request on the

23  grounds that it is not reasonably limited in scope.  Pacific further objects to this

24  request to the extent that it seeks the production of any item, or portion thereof,

25  which is not reasonably calculated to lead to the discovery of relevant and admissible

26  evidence.  Pacific additionally objects to this request to the extent that it seeks

27  communications or items protected by the attorney-client privilege, the joint-interest

28  privilege, the attorney work product doctrine and any other privilege or immunity

1  available under law or arising from contractual obligation.  Subject to and without

2  waiving the foregoing general and specific objections, Pacific will produce the

3  responsive, non-privileged documents, if any, consistent with its understanding of

4  this request.

5  **Document Request No. 19**

6      All DOCUMENTS RELATING to YOUR introduction to the SHUSTER

7  HEIRS.

8  **Response to Document Request No. 19**

9      Pacific objects to this request on the grounds that it is compound, duplicative,

10  overbroad, burdensome and oppressive.  Pacific objects to this request on the grounds

11  that the term "RELATING" is vague and ambiguous, and lacks sufficient precision to

12  allow it to formulate an appropriate response.  Pacific further objects to this request

13  on the grounds that it is indefinite as to time and not reasonably limited in scope.

14  Pacific additionally objects to this request to the extent that it seeks communications

15  or items protected by the attorney-client privilege, the joint-interest privilege, the

16  attorney work product doctrine and any other privilege or immunity available under

17  law or arising from contractual obligation.  Subject to and without waiving the

18  foregoing general and specific objections, Pacific will produce the responsive, non-

19  privileged documents, if any, consistent with its understanding of this request.

20  **Document Request No. 23**

21      All DOCUMENTS identifying YOUR past and current ownership and

22  management structure, including operating agreements, by-laws, capitalization

23  schedules, capital accounts, shares, filings, and other financial forms.

24  **Response to Document Request No. 23**

25      Pacific objects to this request on the grounds that it is compound, overbroad,

26  burdensome and oppressive.  Pacific objects to this request on the grounds that the

27  phrase "identifying YOUR past and current ownership and management structure" is

28  vague and ambiguous, and lacks sufficient precision to allow it to formulate an

DEFENDANT PACIFIC PICTURES CORPORATION'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S REQUEST FOR PRODUCTION

**EXHIBIT 14**
**162**

1  appropriate response.  Pacific objects to this request on the grounds that it is vague

2  and ambiguous, and lacks sufficient precision to allow it to formulate an appropriate

3  response.  Pacific further objects to this request on the grounds that it is indefinite as

4  to time and not reasonably limited in scope.  Pacific further objects to this request in

5  that it seeks the production of items not reasonably calculated to lead to the discovery

6  of relevant and admissible evidence.  Pacific objects to this request to the extent that

7  it seeks communications or items protected by the attorney-client privilege, the joint

8  interest privilege, the attorney work product doctrine and any other privilege or

9  immunity available under law or arising from contractual obligation.  Subject to and

10  without waiving the foregoing general and specific objections, Pacific is willing to

11  meet and confer with Plaintiff regarding the tailoring of this request.  Plaintiff's

12  modification of this request and explanation of what it seeks by this request in its July

13  7, 2011 letter do not sufficiently narrow the documents sought by this grossly

14  overbroad request.

15  **Document Request No. 24**

16      All DOCUMENTS RELATING to the Memorandum of Agreement dated

17  February 2, 2002 that YOU entered into with Ari Emanuel.

18  **Response to Document Request No. 24**

19      Pacific objects to this request on the grounds that it is compound, duplicative,

20  overbroad, burdensome and oppressive.  Pacific further objects to this request on the

21  grounds that it is compound, overbroad, burdensome and oppressive.  Pacific further

22  objects to this request on the grounds that the term "RELATING" is vague and

23  ambiguous, and lacks sufficient precision to allow it to formulate an appropriate

24  response. Pacific objects to this request to the extent that it seeks the production of

25  any item, or portion thereof, which is not reasonably calculated to lead to the

26  discovery of relevant and admissible evidence.  Pacific additionally objects to this

27  request to the extent that it seeks communications or items protected by the attorney-

28  client privilege, the joint interest privilege, the attorney work product doctrine and

9

DEFENDANT PACIFIC PICTURES CORPORATION'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S REQUEST FOR PRODUCTION

**EXHIBIT 14**

**163**

1  any other privilege or immunity available under law or arising from contractual

2  obligation.  Subject to and without waiving the foregoing general and specific

3  objections, Pacific will produce the responsive, non-privileged documents, if any,

4  consistent with its understanding of this request.

5  **Document Request No. 25**

6      All DOCUMENTS identifying any contributions by YOU to the IP Worldwide

7  joint venture.

8  **Response to Document Request No. 25**

9      Pacific objects to this request on the grounds that it is compound, duplicative,

10  overbroad, burdensome and oppressive.  Pacific further objects to this request on the

11  grounds that it is vague and ambiguous, and lacks sufficient precision to allow it to

12  formulate an appropriate response.  PPC further objects to this request on the grounds

13  that the term "contributions" is vague and ambiguous, and lacks sufficient precision

14  to allow it to formulate an appropriate response.  Pacific objects to this request to the

15  extent that it seeks the production of any item, or portion thereof, which is not

16  reasonably calculated to lead to the discovery of relevant and admissible evidence.

17  Pacific additionally objects to this request to the extent that it seeks communications

18  or items protected by the attorney-client privilege, the joint interest privilege, the

19  attorney work product doctrine and any other privilege or immunity available under

20  law or arising from contractual obligation.

21  **Document Request No. 27**

22      All DOCUMENTS RELATING to the letter agreement dated October 27,

23  2003 that YOU entered into with the SHUSTER HEIRS.

24  **Response to Document Request No. 27**

25      Pacific objects to this request on the grounds that it is compound, duplicative,

26  overbroad, burdensome and oppressive, as it could be reasonably construed to request

27  all documents related to Superman.  Pacific objects to this request on the grounds that

28  the phrase "RELATING" is vague and ambiguous, and lacks sufficient precision to

1   allow it to formulate an appropriate response.  Pacific further objects to this request

2   on the grounds that it is indefinite as to time and not reasonably limited in scope.

3   Pacific further objects to this request to the extent that it seeks the production of any

4   item, or portion thereof, which is not reasonably calculated to lead to the discovery of

5   relevant and admissible evidence. Pacific additionally objects to this request to the

6   extent that it seeks communications or items protected by the attorney-client

7   privilege, the joint interest privilege, the attorney work product doctrine and any

8   other privilege or immunity available under law or arising from contractual

9   obligation.  Subject to and without waiving the foregoing general and specific

10  objections, Pacific will produce the responsive, non-privileged documents, if any,

11  consistent with its understanding of this request.

12  **Document Request No. 28**

13          ALL DOCUMENTS RELATING to the letter dated September 10, 2004 that

14  YOU signed with the SHUSTER HEIRS.

15  **Response to Document Request No. 28**

16          Pacific objects to this request on the grounds that it is compound, duplicative,

17  overbroad, burdensome and oppressive, as it could be reasonably construed to request

18  all documents related to Superman.  Pacific objects to this request on the grounds that

19  the phrase "RELATING" is vague and ambiguous, and lacks sufficient precision to

20  allow it to formulate an appropriate response.  Pacific further objects to this request

21  on the grounds that it is indefinite as to time and not reasonably limited in scope.

22  Pacific further objects to this request to the extent that it seeks the production of any

23  item, or portion thereof, which is not reasonably calculated to lead to the discovery of

24  relevant and admissible evidence. Pacific additionally objects to this request to the

25  extent that it seeks communications or items protected by the attorney-client

26  privilege, the joint interest privilege, the attorney work product doctrine and any

27  other privilege or immunity available under law or arising from contractual

28  obligation.  Subject to and without waiving the foregoing general and specific

1  objections, Pacific will produce the responsive, non-privileged documents, if any,

2  consistent with its understanding of this request.

3  **Document Request No. 29**

4      All DOCUMENTS involved in the formation of PACIFIC PICTURES,

5  including, articles of organization, operating agreements, minutes, filings, business

6  plans.

7  **Response to Document Request No. 29**

8      Pacific objects to this request on the grounds that the phrase "involved in the

9  formation" is vague and ambiguous, and lacks sufficient precision to allow it to

10  formulate an appropriate response.  Pacific objects to this request on the grounds that

11  it is compound, overbroad, burdensome and oppressive.  Pacific objects to this

12  request on the grounds that it is vague and ambiguous, and lacks sufficient precision

13  to allow it to formulate an appropriate response.  Pacific further objects to this

14  request on the grounds that it is indefinite as to time and not reasonably limited in

15  scope.  Pacific further objects to this request in that it seeks the production of items

16  not reasonably calculated to lead to the discovery of relevant and admissible

17  evidence.  Pacific objects to this request to the extent that it seeks communications or

18  items protected by the attorney-client privilege, the joint interest privilege, the

19  attorney work product doctrine and any other privilege or immunity available under

20  law or arising from contractual obligation.  Subject to and without waiving the

21  foregoing general and specific objections, Pacific is willing to meet and confer with

22  Plaintiff regarding the tailoring of this request.  Plaintiff's modification of this

23  request and explanation of what it seeks by this request in its July 7, 2011 letter do

24  not sufficiently narrow the documents sought by this overbroad request.

25  **Document Request No. 30**

26      All DOCUMENTS identifying the current corporate status of PACIFIC

27  PICTURES.

28  **Response to Document Request No. 30**

1    Pacific objects to this request on the grounds that the phrase "identifying the

2    current corporate status" is vague and ambiguous, and lacks sufficient precision to

3    allow it to formulate an appropriate response.   Pacific objects to this request on the

4    grounds that it is compound, overbroad, burdensome and oppressive.  Pacific objects

5    to this request on the grounds that it is vague and ambiguous, and lacks sufficient

6    precision to allow it to formulate an appropriate response.  Pacific further objects to

7    this request on the grounds that it is indefinite as to time and not reasonably limited

8    in scope.  Pacific further objects to this request in that it seeks the production of items

9    not reasonably calculated to lead to the discovery of relevant and admissible

10   evidence.  Pacific objects to this request to the extent that it seeks communications or

11   items protected by the attorney-client privilege, the joint interest privilege, the

12   attorney work product doctrine and any other privilege or immunity available under

13   law or arising from contractual obligation.  Subject to and without waiving the

14   foregoing general and specific objections, Pacific will produce the responsive, non-

15   privileged documents, if any, consistent with its understanding of this request.

16   **Document Request No. 31**

17       All DOCUMENTS identifying any business plans of PACIFIC PICTURES,

18   including but not limited to marketing of rights held, solicitation of new business, or

19   plans to sell, lease, license, or otherwise transfer rights.

20   **Response to Document Request No. 31**

21       Pacific objects to this request on the grounds that Magistrate Zarefsky

22   specifically denied this request when it was part of DC's original requests (Toberoff

23   Requests Nos. 56-58, IPW Request Nos. 27-31) as "hopelessly overbroad" and as

24   improperly "calling for everything there is about companies with which Mr. Toberoff

25   has been associated."  Docket No. 262 at 5.  DC's new request is nothing more than

26   an attempt to re-serve its denied requests by dividing it into sub-parts that are still

27   grossly overbroad and encompass wholly irrelevant material.

28       Pacific additionally objects to this request on the grounds that it is compound,

13

DEFENDANT PACIFIC PICTURES CORPORATION'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S REQUEST FOR PRODUCTION

**EXHIBIT 14**
**167**

1  overbroad, burdensome and oppressive.  Pacific further objects to this request on the

2  grounds that it is vague and ambiguous, and lacks sufficient precision to allow it to

3  formulate an appropriate response.  Pacific further objects to this request on the

4  grounds that it is indefinite as to time and not reasonably limited in scope.  Pacific

5  further objects to this request to the extent that it seeks the production of any item, or

6  portion thereof, which is not reasonably calculated to lead to the discovery of relevant

7  and admissible evidence.  Pacific additionally objects to this request to the extent that

8  it seeks communications or items protected by the attorney-client privilege, the joint

9  interest privilege, the attorney work product doctrine and any other privilege or

10  immunity available under law or arising from contractual obligation.

11  **Document Request No. 33**

12      All DOCUMENTS identifying any individual or entity that currently holds

13  property or interests formerly held by PACIFIC PICTURES.

14  **Response to Document Request No. 33**

15      Pacific objects to this request on the grounds that Magistrate Zarefsky

16  specifically denied this request when it was part of DC's original requests (Toberoff

17  Requests Nos. 56-58, IPW Request Nos. 27-31) as "hopelessly overbroad" and as

18  improperly "calling for everything there is about companies with which Mr. Toberoff

19  has been associated."  Docket No. 262 at 5.  DC's new request is nothing more than

20  an attempt to re-serve its denied requests by dividing it into sub-parts that are still

21  grossly overbroad and encompass wholly irrelevant material.

22      Pacific additionally objects to this request on the grounds that it is compound,

23  overbroad, burdensome and oppressive.  Pacific further objects to this request on the

24  grounds that it is vague and ambiguous, and lacks sufficient precision to allow it to

25  formulate an appropriate response.  Pacific further objects to this request on the

26  grounds that it is indefinite as to time and not reasonably limited in scope.  Pacific

27  further objects to this request to the extent that it seeks the production of any item, or

28  portion thereof, which is not reasonably calculated to lead to the discovery of relevant

14
DEFENDANT PACIFIC PICTURES CORPORATION'S RESPONSE AND OBJECTIONS
TO PLAINTIFF'S REQUEST FOR PRODUCTION

**EXHIBIT 14**
**168**

1  and admissible evidence.  Pacific additionally objects to this request to the extent that

2  it seeks communications or items protected by the attorney-client privilege, the joint-

3  interest privilege, the attorney work product doctrine and any other privilege or

4  immunity available under law or arising from contractual obligation.

5  Dated:  July 15, 2011                    KENDALL BRILL & KLIEGER LLP

6

7                                          /s/ Nicholas F. Daum
                                           Nicholas F. Daum
8

9                                          Attorneys for Defendants Marc Toberoff,
                                           Pacific Pictures Corporation, IP Worldwide,
10                                         LLC, and IPW, LLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  Marc Toberoff (State Bar No. 188547)
    *mtoberoff@ipwla.com*
2  Keith G. Adams (State Bar No. 240497)
    *kgadams@ipwla.com*
3  TOBEROFF & ASSOCIATES, P.C.
   2049 Century Park East, Suite 3630
4  Los Angeles, California, 90067
   Telephone:  (310) 246-3333
5  Fax:          (310) 246-3101

6  Attorneys for Defendants Mark Warren
   Peary, as personal representative of the
7  Estate of Joseph Shuster, Jean Adele Peavy,
   and Laura Siegel Larson, individually and
8  as personal representative of the Estate of
   Joanne Siegel

9

                  **UNITED STATES DISTRICT COURT**
10
              **CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION**
11
12  DC COMICS,                          Case No: CV 10-03633 ODW (RZx)

                    Plaintiff,          Hon. Otis D. Wright II, U.S.D.J.
13
           vs.                          **PROOF OF SERVICE**
14
    PACIFIC PICTURES CORPORATION;       Complaint Filed:  May 14, 2010
15  IP WORLDWIDE, LLC; IPW, LLC;        Trial Date:  None Set
    MARC TOBEROFF, an individual;
16  MARK WARREN Peary, as personal
    representative of the ESTATE OF
17  JOSEPH SHUSTER; JEAN ADELE
    Peavy, an individual; LAURA SIEGEL
18  LARSON, individually and as personal
    representative of the ESTATE OF
19  JOANNE SIEGEL, and DOES 1-10,
20  inclusive,

21

22                  Defendants.

23

24

25

26

27

28

                          PROOF OF SERVICE

                          **EXHIBIT 14**
                          **170**

1                          **PROOF OF SERVICE**

2                  STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3          I am over the age of eighteen years and not a party to the within action; my business address

4    is:  2049 Century Park East, Suite 3630, Los Angeles, California 90067.

5          On July 15, 2011, I served the foregoing documents, described as **(1) Defendant Marc**

6    **Toberoff's Response and Objections to Plaintiff DC Comics' Amended Request For**

7    **Production of Documents, (2) Defendant Pacific Pictures Corporation's Response and**

8    **Objections to Plaintiff DC Comics' Amended Request For Production of Documents  (3)**

9    **Defendant IP Worldwide, LLC's Response and Objections to Plaintiff DC Comics' Amended**

10   **Request For Production of Documents  (4) Defendant IPW, LLC's Response and Objections**

11   **to Plaintiff DC Comics' Amended Request For Production of Documents**, on the interested

12   parties in this action as follows:

13                          DANIEL M. PETROCELLI (S.B. #097802)
                              dpetrocelli@omm.com
                            MATTHEW T. KLINE (S.B. #211640)
14                            mkline@omm.com
                            CASSANDRA L. SETO (S.B. #246608)
15                            cseto@omm.com
                            O'MELVENY & MYERS LLP
16                          1999 Avenue of the Stars, 7th Floor
                            Los Angeles, CA  90067-6035
17                          Telephone:   (310) 553-6700

18                          Facsimile:      (310) 246-6779

19         **BY E-MAIL:**  I certify that the foregoing documents were served via e-mail.

20         I declare under penalty of perjury under the laws of the United States of America that the

21   foregoing is true and correct and that I am employed in the office of a member of the bar of this

22   court at whose direction the service was made.

23         Executed on July 15, 2011, at Los Angeles, California.

24

25                                          _____

26                                                    Keith G. Adams

27

28

                                        1
                                 PROOF OF SERVICE

**EXHIBIT 14**
**171**

# EXHIBIT 15

**From: Tokoro, Jason**
**Sent: Sunday, July 17, 2011 1:35 PM**
**To: 'Marc Toberoff'; 'Keith Adams'**
**Cc: Petrocelli, Daniel; Kline, Matthew; Seto, Cassandra**
**Subject: RE: DC Comics v. Pacific Pictures Corp. - Discovery Responses**

**Please see below correspondence sent on behalf of Matthew T. Kline.**

**\*        \*        \***

**Marc,**

**You have no basis to wait to produce the documents and we asked you several times to produce them no later than yesterday, or months or weeks before. We reserve all rights to depose all witnesses on those documents. Your refusal to produce them timely will only require multiple depositions of witnesses. That is your choice.**

**You did not respond to our inquiry concerning our motion to compel. We will begin preparing and aim to serve it this week.**

**Matt**

**From: Marc Toberoff [mailto:mtoberoff@ipwla.com]**
**Sent: Saturday, July 16, 2011 02:11 PM**
**To: Kline, Matthew**
**Cc: Petrocelli, Daniel; Keith Adams <kgadams@ipwla.com>**
**Subject: Re: FW: DC Comics v. Pacific Pictures Corp. - Discovery Responses**

**Matt:**

**As you know, your discovery in this case is largely duplicative of Warner/DC's broad discovery in the closely related Siegel action.  As you further know, DC has long been in possession of all or nearly all relevant documents.**

1

**EXHIBIT 15**
**172**

In addition, you have had over nine months to take additional discovery and to bring any motions to compel you find necessary. Any timing issues or difficulties your are purportedly experiencing regarding the August 8 deadline are therefore of your own making.

For all these reasons and more your unwarranted demands and constant accusations of delay ring hollow --- yet another transparent effort to extend the August 8 deadline and to put off any ruling on defendants' anti-SLAPP motion indefinately, while DC continues to engage in abusive, time consuming and expensive discovery on barred retaliatory claims.

To my recollection, not once in the six years of litigating the Siegel case, did Warner Bros. or DC provide any documents at the time of providing their responses and objections, nor is this a common practice. In fact, I recall instances when Warner/DC did not provide responsive documents until months after providing written responses/objections.

If defendants are in possession of any additional responsive documents such will produced in due course.

Defendants reserve all rights.

Marc Toberoff

On Sat, Jul 16, 2011 at 1:19 PM, Tokoro, Jason <jtokoro@omm.com<mailto:jtokoro@omm.com>> wrote:
Please see below correspondence sent on behalf of Matthew T. Kline.
*          *          *
Keith:

We need the documents defendants intend to produce immediately. We need them for depositions Tuesday and Thursday, there was no reason or excuse not to produce them yesterday (or weeks earlier), and we will reserve all rights to reopen those depositions to address those documents.

Defendants' objections--including on SLAPP grounds--are not made in good faith. We believe all issues related to these requests have been fully ventilated and are ready for presentation to the Magistrate, and we intend to move on these issues this week. If you have a different view, let us know immediately, as well as a day this week on which you can meet and confer.

2

**EXHIBIT 15**
**173**

At all events, defendants' persistent delays and refusals to produce documents are imperiling the depositions on calendar and the August 8 deadline.

We reserve all rights.

Matt

From: Keith Adams [mailto:kgadams@ipwla.com<mailto:kgadams@ipwla.com>]
Sent: Friday, July 15, 2011 11:11 PM
To: Seto, Cassandra; Petrocelli, Daniel; Kline, Matthew
Cc: Marc Toberoff <mtoberoff@ipwla.com<mailto:mtoberoff@ipwla.com>>;
Nicholas Daum <ndaum@kbkfirm.com<mailto:ndaum@kbkfirm.com>>
Subject: DC Comics v. Pacific Pictures Corp. - Discovery Responses

Counsel:

Attached please find the responses of defendants Marc Toberoff, Pacific Pictures Corporation, IP Worldwide, LLC, and IPW, LLC, to plaintiff DC Comics' Amended Requests for Production.

Keith G. Adams
Toberoff & Associates, P.C.
2049 Century Park East, Suite 3630
Los Angeles, CA 90067
Telephone: (310) 246-3333<tel:%28310%29%20246-3333>
Facsimile: (310) 246-3101<tel:%28310%29%20246-3101>
Email: kgadams@ipwla.com<mailto:kgadams@ipwla.com>
http://www.ipwla.com

This message and any attached documents may contain information from Toberoff & Associates, P.C. that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

3

EXHIBIT 15
174

--
**Marc Toberoff**
**Toberoff & Associates, PC**
**2049 Century Park East, Suite 2720**
**Los Angeles, CA 90067**
**Tel: (310) 246-3333**
**Fax: (310) 246-3101**
**MToberoff@ipwla.com<mailto:MToberoff@ipwla.com>**

**EXHIBIT 15**
**175**

# EXHIBIT 16

# TOBEROFF & ASSOCIATES, P.C.

A PROFESSIONAL CORPORATION

2049 CENTURY PARK EAST, SUITE 3630
LOS ANGELES, CALIFORNIA 90067

MARC TOBEROFF*
NICHOLAS C. WILLIAMSON
KEITH G. ADAMS
JEFFREY R. RHOADS

* Also admitted in New York

TELEPHONE
(310) 246-3333

FACSIMILE
(310) 246-3101

mtoberoff@ipwla.com

July 18, 2011

Via E-Mail

Matthew Kline
O'Melveny and Myers LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067

Re:    *DC Comics v. Pacific Pictures Corp., et al.*, Case No. 10-CV-03633 ODW (RZx)

Matt:

I write in response to the parties' e-mail correspondence on July 16-17, 2011 regarding defendants' document production, and DC's complaint that the documents were not produced at the exact same time as the responses.

As I stated in my July 16, 2011 e-mail, the responsive documents, if any exist, will be produced in due course.  Moreover, as I also stated in my July 16, 2011 e-mail, not once in the six years of litigating the related *Siegel* case did DC produce documents at the time it provided its responses, nor is this a common practice.  In fact, I recall instances when DC did not provide responsive documents until months after providing written responses.

Any alleged timing problems are of DC's own making.  DC served its meet-and-confer letter on June 1, 2011.  During the parties' meet-and-confer on June 13, 2011, you strongly argued that defendants' offer to provide responses by July 1-5, 2011 was unacceptable because it would purportedly not provide sufficient time for a motion to compel to be brought and heard before DC's alleged deadline of August 8.

Despite this, DC actively delayed this process.  DC did not bring a motion to compel in mid-June, which could have been heard well before now; nor did DC timely accept defendants' offer to provide responses on or about July 1; nor did DC properly serve new discovery requests; nor did DC plainly state what documents it actually sought that had not already been produced, as had been discussed at the meet-and-confer.

With respect to your contemplated motion to compel, we cannot set a time to meet-and-confer this week as it is largely consumed with travel to/from Ohio and a number of depositions.  Nor has DC complied with Local Rule 37.  DC has not informed defendants which responses and/or

**EXHIBIT 16**
**176**

**TOBEROFF & ASSOCIATES, P.C.**

July 18, 2011
Re:    *DC Comics v. Pacific Pictures Corp.*
Page:    2 of 2

objections, if any, DC takes issue with, as is required by L.R. 37-1.  Moreover, any meet-and-confer on complaints DC has regarding what documents are produced obviously should occur shortly after the defendants' document production in response to DC's new requests.

If DC brings a motion to compel on defendants' responses to DC's new requests without complying with Local Rule 37, defendants will oppose it on that basis.

For the avoidance of doubt, DC should also ***not*** assume that the number of documents produced, if any, will be voluminous or even significant, as it has done in the past.  For instance, your July 7, 2011 letter, which purported to explain the documents sought by DC (but failed to do so), simply assumes a deficient production with respect to Ari Emanuel documents, David Michaels documents, and "Investor" documents, without basis.

Lastly, defendants will oppose any efforts by DC to take second depositions based on the materials produced by the Toberoff defendants.  DC's timing issues are, as set forth above, of DC's own making.

Nothing in this letter should be construed as a waiver or limitation of any of defendants' rights or remedies, all of which are reserved.

Very truly yours,

Marc Toberoff

**EXHIBIT 16**
**177**

# EXHIBIT 17

# O'MELVENY & MYERS LLP

BEIJING

BRUSSELS

HONG KONG

LONDON

LOS ANGELES

NEWPORT BEACH

NEW YORK

1999 Avenue of the Stars, 7th Floor
Los Angeles, California 90067-6035

TELEPHONE (310) 553-6700
FACSIMILE (310) 246-6779
www.omm.com

SAN FRANCISCO

SHANGHAI

SILICON VALLEY

SINGAPORE

TOKYO

WASHINGTON, D.C.

July 19, 2011

OUR FILE NUMBER
905,900-321

**VIA E-MAIL**

WRITER'S DIRECT DIAL
(310) 246-6840

Marc Toberoff
Toberoff & Associates, P.C.
2049 Century Park East, Suite 3630
Los Angeles, California 90067

WRITER'S E-MAIL ADDRESS
mkline@omm.com

Re:     *DC Comics v. Pacific Pictures Corp. et al.*, CV-10-3633 (ODW) (RZx)

Dear Marc:

Your July 18 letter once again offers no date for production of the documents defendants agreed to produce in their July 15 responses and objections. DC needs to review those documents before the deposition of Laura Siegel Larson set for this Thursday, July 21. Unless defendants agree to produce documents by Wednesday, July 20, DC will serve a motion to compel the immediate production of the documents and for sanctions. The issue is simple and fully joined, and your refusal to turn over documents you have committed to producing is designed to prevent our use of the documents at Ms. Larson's deposition, thereby making it necessary to examine her again after receiving the documents, as well as defer your discovery obligations until after August 8.

We also intend to move on <u>each</u> of the document requests served on defendants because: (1) you improperly exclude "attorneys" from the scope of the defined terms "YOU," "DEFENDANTS," "SHUSTER HEIRS," and "SIEGEL HEIRS"; (2) you improperly exclude Dennis Larson and Michael Siegel from the definition of "SIEGEL HEIRS"; (3) you object to the definition of "RELATING" despite DC's adoption of a definition very similar to the one you proposed; (4) you neither agree to produce documents nor to discuss any compromise on Toberoff Request Nos. 56 (a-d), 57 (a-d), 58 (a-d); PPC Request Nos. 25, 31, 33; IP Worldwide Request Nos. 25, 28, 32-34; and IPW Request Nos. 27, 29; and (5) you state that you are "willing to meet and confer with Plaintiff regarding the tailoring" of certain requests,[1] but despite DC's previous lengthy meet-and-confer letters on this exact subject, you offer no

---

[1] Toberoff Request Nos. 52, 53, 54; PPC Request Nos. 23, 29; IP Worldwide Request No. 29; and IPW Request Nos. 24 and 26

**EXHIBIT 17**
**178**

O'MELVENY & MYERS LLP
July 19, 2011 - Page 2


compromises or suggestions.  We request a date to meet and confer on these issues as soon as possible.  We are available tomorrow or after Ms. Larson's deposition this Thursday.


Very truly yours,


Matthew T. Kline
of O'MELVENY & MYERS LLP

**EXHIBIT 17**
**179**

# EXHIBIT 18

**Attachments:**    Ex. B.PDF; Ex. C.PDF; Ex. D.PDF; Ex. E.PDF; Ex. F.PDF; Ex. G.PDF; Ex. H.PDF; Ex. I.PDF;
Ex. J.PDF; Ex. K.PDF; Ex. L.PDF; Ex. M.PDF; Ex. N.PDF; Ex. O.PDF; Ex. P.PDF; Ex.
Q.PDF; Ex. R.PDF; Ex. S.PDF; Ex. T.PDF; Ex. U.PDF; Ex. V.PDF; Ex. A.PDF; 7-22-11
Tokoro Dec MTC.pdf; Joint Stip re DC's MTC Prod Docs.pdf; Notice of Motion re DC's MTC
Prod Docs.pdf; [Proposed] Order Granting DC's MTC Prod Docs.pdf

**From:** Tokoro, Jason
**Sent:** Friday, July 22, 2011 4:51 PM
**To:** 'Marc Toberoff'; 'Keith Adams'; 'nwilliamson@ipwla.com'; 'rkendall@kbkfirm.com'; 'lbrill@kbkfirm.com'; 'Nicholas
Daum'
**Cc:** Petrocelli, Daniel; Kline, Matthew; Seto, Cassandra
**Subject:** DC v. PPC

Counsel:

Attached please find plaintiff's portion of the joint stipulation regarding DC Comics' Motion To Compel The Production
Of Documents and documents in support thereof.

Very Truly Yours,

Jason H. Tokoro
O'Melveny & Myers LLP - Century City
1999 Avenue of the Stars, Suite 700
Los Angeles, California  90067
Direct Dial:  (310) 246-6707
Fax:  (310) 246-6779
Email: jtokoro@omm.com

*This message and any attached documents contain information from the law firm
of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are
not the intended recipient, you may not read, copy, distribute, or use this
information. If you have received this transmission in error, please notify the
sender immediately by reply e-mail and then delete this message.*

 please consider the environment - do you really need to print this email?

1

**EXHIBIT 18**
**180**

1  DANIEL M. PETROCELLI (S.B. #097802)
      dpetrocelli@omm.com
2  MATTHEW T. KLINE (S.B. #211640)
      mkline@omm.com
3  CASSANDRA L. SETO (S.B. #246608)
      cseto@omm.com
4  O'MELVENY & MYERS LLP
   1999 Avenue of the Stars, 7th Floor
5  Los Angeles, CA  90067-6035
   Telephone:  (310) 553-6700
6  Facsimile:   (310) 246-6779

7  PATRICK T. PERKINS (admitted *pro hac vice*)
      pperkins@ptplaw.com
8  PERKINS LAW OFFICE, P.C.
   1711 Route 9D
9  Cold Spring, NY 10516
   Telephone:  (845) 265-2820
10 Facsimile:   (845) 265-2819

11 Attorneys for Plaintiff DC Comics

12                 **UNITED STATES DISTRICT COURT**

13                **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 14  DC COMICS, | Case No. CV 10-3633 ODW (RZx) |
| 15         Plaintiff, | **DISCOVERY MATTER** |
| 16         v. | **JOINT STIPULATION REGARDING DC COMICS' MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS** |
| 17  PACIFIC PICTURES CORPORATION, IP WORLDWIDE, | |
| 18  LLC, IPW, LLC, MARC TOBEROFF, an individual, MARK WARREN | NOTICE OF MOTION AND MOTION, DECLARATION OF |
| 19  PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER, | JASON H. TOKORO, AND [PROPOSED] ORDER FILED |
| 20  JEAN ADELE PEAVY, an individual, LAURA SIEGEL LARSON, an | CONCURRENTLY HEREWITH |
| 21  individual and as personal representative of the ESTATE OF | |
| 22  JOANNE SIEGEL, and DOES 1-10, inclusive, | **Judge**:        Hon. Otis D. Wright II |
| 23         Defendants. | **Magistrate**:   Hon. Ralph Zarefsky |
| 24 | **Hearing Date**:    Aug. 22, 2011 |
| 25 | **Hearing Time**:    10:00 a.m. |
| 26 | **Courtroom**:       540 |
| | **Discovery Cutoff**:  None Set |
| 27 | **Pretrial Conference**: None Set |
| 28 | **Trial**:           None Set |

JOINT STIP. RE: DC'S MOT. TO
COMPEL PRODUCTION OF DOCS.

**EXHIBIT 18**
**181**

1    (continued from previous page)

2

3    KENDALL BRILL & KLIEGER LLP
     RICHARD B. KENDALL (S.B. #90072)
4      rkendall@kbkfirm.com
     LAURA W. BRILL (S.B. #195889)
5      lbrill@kbkfirm.com
     NICHOLAS F. DAUM (S.B. #236155)
6      ndaum@kbkfirm.com
7    10100 Santa Monica Blvd, Suite 1725
     Los Angeles, California 90067
8    Telephone:  (310) 556-2700
     Facsimile:   (310) 556-2705
9

10   Attorneys for Defendants Marc Toberoff,
     Pacific Pictures Corporation, IP Worldwide, LLC,
11   and IPW, LLC

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT STIP. RE: DC'S MOT. TO
COMPEL PRODUCTION OF DOCS.

**EXHIBIT 18**
**182**

1        Pursuant to Federal Rules of Civil Procedure 26, 34, and 37 and Central

2   District Local Rule 37-2, the parties respectfully submit the following Joint

3   Stipulation Regarding DC Comics' Motion To Compel The Production Of

4   Documents.  Pursuant to Central District Local Rule 37-1, the parties have

5   attempted unsuccessfully to resolve their disputes and therefore respectfully seek

6   the assistance of the Court.

7   Dated:        August 1, 2011              Respectfully Submitted,

8                                            O'MELVENY & MYERS LLP

9

10                                           By:_____

11                                              Daniel M. Petrocelli
                                                Attorneys for Plaintiff DC Comics

12  Dated:        August 1, 2011              Respectfully Submitted,

13                                           KENDALL BRILL & KLIEGER LLP

14

15                                           By:_____

16                                              Richard B. Kendall
                                                Attorneys for Defendants Marc
17                                              Toberoff, Pacific Pictures
                                                Corporation, IP Worldwide, LLC,
18                                              and IPW, LLC

19

20

21

22

23

24

25

26

27

28

                                    - 1 -            JOINT STIP. RE: DC'S MOT. TO
                                                     COMPEL PRODUCTION OF DOCS.

**EXHIBIT 18**

**183**

1    **I.    DC'S INTRODUCTION & STATEMENT OF ISSUES IN DISPUTE**

2    DC is forced to file this motion to compel the production of documents that

3    defendants agree must be produced, but refuse to produce before DC takes

4    depositions or has to file briefing due before Judge Wright on August 8, 2011.  The

5    reason for defendants' refusal is that by forcing DC to file this motion—which will

6    be heard August 22—defendants secured for themselves an extension that the law

7    does not permit.  Defendants should be compelled to produce all responsive

8    documents now and sanctioned for their deliberate and tactical failure to do so.

9    1.  DC served document requests on defendants on December 10, 2010—due

10   January 10, 2011.  Docket Nos. 207-5, 207-6.  Defendants filed motions and a writ

11   to bar this discovery, and when those efforts failed, they sought an extension to

12   respond.  *E.g.*, Docket Nos. 119, 207-7 at 77; Case No. 10-73851 (9th Cir.), Docket

13   No. 1-3.  DC agreed on the condition defendants make a meaningful production.

14   Docket No. 207-8 at 78-79.  Instead of doing so, defendants responded with 136

15   pages of objections and produced *only one new document*.  Docket No. 207-9 at 80-

16   225.  Defendants admitted other responsive documents existed in their files, Docket

17   No. 207-11 at 481, but asked "to meet and confer with [DC] regarding the tailoring

18   of [its] request[s]," Docket No. 207-9 at 92:6-8; *see* Docket No. 210 at 17-25.  Yet,

19   when DC sought to engage defendants on specifics regarding their objections, they

20   refused.  Docket Nos. 207-12 at 488-89; 207-13 at 495; 215 at 10; 215-5 ¶¶ 2-26.

21   DC moved to compel, but the Court said the parties must first confer on each of

22   DC's requests, any motion DC filed needed to lay out the parties' positions on each

23   request, and that certain of DC's requests were overbroad.  Docket No. 262 at 5-6.

24   2.  One week after this May 25 ruling, DC sent defendants a 20-page letter

25   proposing tailored versions of its requests.  Tokoro Decl. Ex. A.  The letter sought a

26   meet-and-confer that week to discuss the narrowed requests, *id.*, but defendants

27   refused to meet that week, arguing that—despite having DC's original requests

28   since December—the more narrowed requests "amount[ed] to new requests for

- 1 -

JOINT STIP. RE: DC'S MOT. TO
COMPEL PRODUCTION OF DOCS.

**EXHIBIT 18**
**184**

1  production" and thus defendants wanted 30 days to respond.  *Id.* Ex. C at 25; *see*

2  *also id.* Exs. D, E.  Defendants agreed to confer on June 13, and shortly before the

3  meeting, sent a letter that did *not* address DC's requests one-by-one, but again made

4  blanket objections based on alleged irrelevance, overbreadth, and burdensomeness.

5  *Id*. Ex. F.  During counsels' June 13 conference—*as before*—Mr. Toberoff refused

6  to engage in a discussion regarding each of DC's specific requests.  *Id.* Ex. L.  He

7  demanded DC send a letter outlining its need for each category of documents.  *Id.*

8      To avoid any (spurious) argument that DC had not fully met and conferred,

9  DC sent defendants a 30-page letter on July 7.  The letter further clarified DC's

10  requests, explained the relevance of each, and addressed defendants' objections.  *Id*.

11  Defendants stated they would respond to this letter by July 15, and DC agreed not

12  to move to compel, "provided you agree *that defendants will <u>produce responsive</u>*

13  <u>*documents on July 15*</u> *rather than asserting blanket objections as you have in the*

14  *past*."  *Id.* Ex. J (emphasis added); *see also id*. Exs. K-M.

15      Defendants never said they refused to produce documents that day.  Yet, on

16  July 15, they again served blanket objections, produced *no* documents, and offered

17  no date by which they would produce them.  *Id*. Exs. N-Q.[1]  DC requested the

18  documents immediately—especially in light of depositions scheduled for July,

19  defendants' commitment to provide the documents, and the August 8 filing date.

20  *Id.* Ex. R.  Despite DC's repeated requests that these documents be produced,

21  defendants refuse to produce them or even provide a date to do so.  *Id.* Exs. S-V.

22      3.  "It is improper to state that production will be made at some unspecified

23  time in the future; such a response is treated as a failure to respond.…  The failure

24  to respond to a document request is also sanctionable under Rule 37(d)."  7 JAMES

25  _____

26  [1] While defendants asserted objections that will be the subject of another motion,
    they said they would produce documents responsive to many of DC's requests, yet

27  produced none.  *Id.* Exs. N (Toberoff Request Nos. 5(a), 5(b), 9(a), 9(b), 12-15, 18,
    27-32, 40-41, 42(a), 42(b), 44, 46, 48); O (Pacific Pictures: 5(a), 5(b), 15, 19, 24,

28  27-28, 30); P (IP Worldwide: 5(a), 5(b), 15, 18, 24, 27, 30); Q (IPW: 25).

JOINT STIP. RE: DC'S MOT. TO
COMPLETE PRODUCTION OF DOCS.

**EXHIBIT 18**

**185**

1  WM. MOORE, MOORE'S FEDERAL PRACTICE § 34.13[2][a] (2011).[2]

2       Defendants' only responses to this clear rule are unavailing.  Their claim that

3  DC's July 7 letter "failed … to explain the documents sought by DC," *id.* Ex. S at

4  155, is demonstrably false.  That 30-page letter—along with the 20-page letter that

5  preceded it, and all the parties' meet-and-confer efforts since *January*—reveal and

6  confirm that defendants' true desire here is delay, not lack of explanation.

7       Even more incredible is defendants' claim that *DC* "actively delayed this

8  process."  *Id*. at 154.  DC sought to resolve all outstanding document issues in the

9  days after the Court's May 25 ruling, and defendants have done nothing but delay

10  since—demanding more and more time to respond to our letters, making false

11  promises about when they would produce documents, and feigning ignorance about

12  the sum and substance of DC's document demands.  All the while, defendants have

13  forced DC to take depositions before the August 8 deadline, without the benefit of

14  this discovery—which will only necessitate further depositions and motion practice.

15       Equally without basis is defendants' claim that "not once in the six years of

16  litigating the related *Siegel* case did DC produce documents at the time it provided

17  its responses."  *Id*.  DC often produced documents by making them available for

18  inspection, and defendants can point to no agreement in *Siegel* <u>or here</u> that allows

19  them to produce documents at an unspecified time and refuse, after multiple

20  requests, to produce the documents or commit to a date to do so.  Nor would DC

21  ever agree to such a procedure given the way defendants are trying to use delay to

22  impede DC's depositions and briefing that DC needs to file.

23

24       [2] *Accord, e.g.*, *Mezu v. Morgan St. Univ.*, 269 F.R.D. 565, 574 (D. Md. 2010)
(defendants failed to comply with discovery duty when they agreed only to produce
25  documents at "unspecified time in the future"); *Wollam v. Wright Med. Group, Inc.*,
2011 WL 1899774, at *4 (D. Colo. May 18, 2011) (saying "responsive documents
26  will be produced at an unspecified time in the future … unreasonably extends and
delays the discovery process"); *Kinetic Concepts, Inc. v. ConvaTec Inc.*, 268 F.R.D.
27  226, 246-47 (M.D.N.C. 2010) (when party "sought to unilaterally dictate the time
table," moving party "responded reasonably … by filing" motion to compel).

28

JOINT STIP. RE: DC'S MOT. TO
COMPEL PRODUCTION OF DOCS.

1    **II.    DEFENDANTS' INTRODUCTION & STATEMENT OF ISSUES IN**

2    **DISPUTE**

3    [TO BE INSERTED]

JOINT STIP. RE: DC'S MOT. TO
COMPEL PRODUCTION OF DOCS.

1

2    Dated:        August 1, 2011              Respectfully Submitted,

3                                             O'MELVENY & MYERS LLP

4
                                             By:_____
5                                                Daniel M. Petrocelli
                                                 Attorneys for Plaintiff DC Comics
6

7    Dated:        August 1, 2011              Respectfully Submitted,

8                                             KENDALL BRILL & KLIEGER LLP

9
                                             By:_____
10                                               Richard B. Kendall
                                                 Attorneys for Defendants Marc
11                                               Toberoff, Pacific Pictures
                                                 Corporation, IP Worldwide, LLC,
12                                               and IPW, LLC

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 5 -                    JOINT STIP. RE: DC'S MOT. TO
**EXHIBIT 18**          COMPEL PRODUCTION OF DOCS.
**188**

1   DANIEL M. PETROCELLI (S.B. #097802)
      dpetrocelli@omm.com
2   MATTHEW T. KLINE (S.B. #211640)
      mkline@omm.com
3   CASSANDRA L. SETO (S.B. #246608)
      cseto@omm.com
4   O'MELVENY & MYERS LLP
    1999 Avenue of the Stars, 7th Floor
5   Los Angeles, CA  90067-6035
    Telephone:  (310) 553-6700
6   Facsimile:   (310) 246-6779

7   PATRICK T. PERKINS (admitted *pro hac vice*)
      pperkins@ptplaw.com
8   PERKINS LAW OFFICE, P.C.
    1711 Route 9D
9   Cold Spring, NY 10516
    Telephone:  (845) 265-2820
10  Facsimile:   (845) 265-2819

11  Attorneys for Plaintiff DC Comics

12              **UNITED STATES DISTRICT COURT**

13              **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 14   DC COMICS, | Case No. CV 10-3633 ODW (RZx) |
| 15              Plaintiff, | **DISCOVERY MATTER** |
| 16              v. | **DECLARATION OF JASON H.** |
| 17   PACIFIC PICTURES | **TOKORO IN SUPPORT OF DC** |
|      CORPORATION, IP WORLDWIDE, | **COMICS' MOTION TO COMPEL** |
| 18   LLC, IPW, LLC, MARC TOBEROFF, | **THE PRODUCTION OF** |
|      an individual, MARK WARREN | **DOCUMENTS** |
| 19   PEARY, as personal representative of | |
|      the ESTATE OF JOSEPH SHUSTER, | **Judge**:       Hon. Otis D. Wright II |
| 20   JEAN ADELE PEAVY, an individual, | **Magistrate**:   Hon. Ralph Zarefsky |
|      LAURA SIEGEL LARSON, an | |
| 21   individual and as personal | |
|      representative of the ESTATE OF | **Hearing Date**:      Aug. 22, 2011 |
| 22   JOANNE SIEGEL, and DOES 1-10, | **Hearing Time**:      10:00 a.m. |
|      inclusive, | **Courtroom**:        540 |
| 23 | **Discovery Cutoff**:   None Set |
|              Defendants. | **Pretrial Conference**:  None Set |
| 24 | **Trial**:              None Set |

25

26

27

28

KLINE DECL. ISO DC'S MOT. TO
COMPEL PRODUCTION OF DOCS.

**EXHIBIT 18**
**189**

1

## **DECLARATION OF JASON H. TOKORO**

2      I, Jason H. Tokoro, declare and state as follows:

3      1.      I am an attorney licensed to practice in the State of California and

4  admitted to the Central District of California.  I am an associate at O'Melveny &

5  Myers LLP, counsel of record for plaintiff DC Comics in the above-entitled action.

6  I make this declaration in support of DC Comics' Motion To Compel The

7  Production Of Documents.  I have personal knowledge of the matters set forth in

8  this declaration.

9      2.      Attached hereto as Exhibit A is a true and correct copy of a letter sent

10 by my colleague Matthew T. Kline to Richard Kendall and Marc Toberoff, counsel

11 for defendants, dated June 1, 2011.

12      3.      Attached hereto as Exhibit B is a true and correct copy of an email sent

13 by Mr. Kline to Mr. Toberoff dated June 2, 2011.

14      4.      Attached hereto as Exhibit C is a true and correct copy of a letter sent

15 by Mr. Toberoff to Mr. Kline dated June 3, 2011.

16      5.      Attached hereto as Exhibit D is a true and correct copy of an email

17 sent by Mr. Kline to Mr. Toberoff dated June 4, 2011.

18      6.      Attached hereto as Exhibit E is a true and correct copy of an email

19 chain dated June 6-7, 2011.

20      7.      Attached hereto as Exhibit F is a true and correct copy of a letter sent

21 by Mr. Toberoff to Mr. Kline dated June 13, 2011.

22      8.      Attached hereto as Exhibit G is a true and correct copy of a letter sent

23 by Keith Adams, counsel for defendants, to my colleague, Cassandra Seto, dated

24 June 14, 2011.

25      9.      Attahed hereto as Exhibit H is a true and correct copy of an email sent

26 by Ms. Seto to Mr. Adams dated July 1, 2011.

27      10.      Attached hereto as Exhibit I is a true and correct copy of a letter sent

28 by Mr. Adams to Ms. Seto dated July 1, 2011.

- 1 -

TOKORO DECL. ISO DC'S MOT. TO
COMPEL PRODUCTION OF DOCS.

**EXHIBIT 18**
**190**

1      11.    Attached hereto as Exhibit J is a true and correct copy of an email sent
2  by Ms. Seto to Mr. Adams dated July 3, 2011.

3      12.    Attached hereto as Exhibit K is a true and correct copy of an email
4  sent by Mr. Adams to Ms. Seto dated July 6, 2011.

5      13.    Attached hereto as Exhibit L is a true and correct copy of a letter sent
6  by Mr. Kline to Mr. Toberoff dated July 7, 2011.

7      14.    Attached hereto as Exhibit M is a true and correct copy of an email
8  chain dated July 12-13, 2011.

9      15.    Attached hereto as Exhibit N is a true and correct copy of Defendant
10  Marc Toberoff's Response And Objections To Plaintiff DC Comics' Amended
11  Request For Production Of Documents dated July 15, 2011.

12      16.    Attached hereto as Exhibit O is a true and correct copy of Defendant
13  Pacific Pictures Corporation's Response And Objections To Plaintiff DC Comics'
14  Amended Request For Production Of Documents dated July 15, 2011.

15      17.    Attached hereto as Exhibit P is a true and correct copy of Defendant IP
16  Worldwide, LLC's Response And Objections To Plaintiff DC Comics' Amended
17  Request For Production Of Documents dated July 15, 2011.

18      18.    Attached hereto as Exhibit Q is a true and correct copy of Defendant
19  IPW, LLC's Response And Objections To Plaintiff DC Comics' Amended Request
20  For Production Of Documents dated July 15, 2011.

21      19.    Attached hereto as Exhibit R is a true and correct copy of an email
22  chain dated July 16-17, 2011.

23      20.    Attached hereto as Exhibit S is a true and correct copy of a letter from
24  Mr. Toberoff to Mr. Kline dated July 18, 2011.

25      21.    Attached hereto as Exhibit T is a true and correct copy of a letter from
26  Mr. Kline to Mr. Toberoff dated July 19, 2011.

27      22.    Attached hereto as Exhibit U is a true and correct copy of an email
28  from Mr. Adams dated July 21, 2011.

TOKORO DECL. ISO DC'S MOT. TO
COMPEL PRODUCTION OF DOCS.

**EXHIBIT 18**
**191**

1    23.    Attached hereto as Exhibit V is a true and correct copy of an email

2 from Mr. Kline to Mr. Adams dated July 21, 2011.

3    I declare under penalty of perjury under the laws of the United States that the

4 foregoing is true and correct and that this declaration is executed this 22nd day of

5 July 2011 at Los Angeles, California.

6

7                                            Jason H. Tokoro

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TOKORO DECL. ISO DC'S MOT. TO
COMPEL PRODUCTION OF DOCS.

**EXHIBIT 18**
**192**

# EXHIBIT 19

# TOBEROFF & ASSOCIATES, P.C.

A PROFESSIONAL CORPORATION

2049 CENTURY PARK EAST, SUITE 3630
LOS ANGELES, CALIFORNIA 90067

MARC TOBEROFF*
NICHOLAS C. WILLIAMSON
KEITH G. ADAMS
JEFFREY R. RHOADS

* Also admitted in New York

TELEPHONE
(310) 246-3333

FACSIMILE
(310) 246-3101

mtoberoff@ipwla.com

July 28, 2011

<u>Via E-Mail</u>

Matthew Kline
O'Melveny and Myers LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067

Re:    *DC Comics v. Pacific Pictures Corp., et al.*, Case No. 10-CV-03633 ODW (RZx)

Matt:

Pursuant to defendants Marc Toberoff, Pacific Pictures Corp., IP Worldwide, LLC, and IPW, LLC's (the "responding defendants") July 15, 2011 Responses and Objections to Plaintiff DC Comics' Amended Request For Production of Documents, and Mr. Toberoff's July 18, 2011 letter, enclosed please find the following document production:

1. MT      00015-00015 (production of defendant Marc Toberoff)
2. PPC     00001-00002 (production of defendant Pacific Pictures Corp.)
3. IPWW    00001-00007 (production of defendant IP Worldwide, LLC)
4. IPW     00001-00007 (production of defendant IPW, LLC)

In addition, pursuant to paragraph 3 of the parties' December 6, 2010 stipulation, the responding defendants hereby produce by designation the following documents, already produced in *Siegel v. Warner Bros. Ent. Inc.*, C.D. Cal. Case No. 04-8400 ODW (RZx) and *Siegel v. Time Warner Inc.*, C.D. Cal. Case No. 04-8776 ODW (RZx) (the *Siegel* cases), and designated in Mr. Toberoff's January 24, 2011 letter, as responsive to DC Comics' document requests:

1. SGL     00001-00817; 00820-01087; 01112-01224; 01290; 01296-01300; 01323-03538; 03541-06260
2. SHU     00001-00143
3. DB      00001-00044
4. GTRB    00001-00132; 00145-00157; 00230-00322; 00324-00326; 00329-00491; 00494-00625
5. IPW     00001-00020
6. PPC     00001-00009
7. EN      00001-00142

**EXHIBIT 19**
**193**

**TOBEROFF & ASSOCIATES, P.C.**

July 28, 2011
Re:   *DC Comics v. Pacific Pictures Corp.*
Page:   2 of 3

|   |    |                                         |
|---|----|-----------------------------------------|
| 8. | JF | 00001-00048                            |
| 9. | WL | 00001-00141; 00317-00343               |
| 10. | JS | 00001-00118; 00133-00168              |
| 11. | ME | 00001-00118; 00122-00186              |
| 12. | MH | 00001-03058; 03134-03391; 03488-03521 |

Please note that "SGL" refers to the production of plaintiffs Joanne Siegel and Laura Siegel Larson in the *Siegel* cases, and that "SHU" refers to the production of Mark Warren Peary and Jean Peavy in the *Siegel* cases.

As you are doubtless aware, defendants already produced virtually all responsive documents in the *Siegel* cases, wherein DC requested and/or subpoenaed virtually every possible responsive document. *See, e.g.,* Defendants' Subpoenas to Pacific Pictures Corporation/IPW, LLC, Requests No. 1 ("All Documents Concerning Superman, Superboy, and/or Spectre."), No. 2 ("All Documents Concerning any communications between Plaintiffs, or either of them, and Defendants, or any of them, the Shuster Representatives or any of them, Michael Siegel, Dennis Larson, You, IPW, Smashbox, Toberoff, Marks, Emanuel, and/or any other persons or entities Concerning Superman, Superboy, and/or Spectre."), No. 3 ("All Documents Concerning any relationship, business or otherwise, between Plaintiffs, or either of them, and Defendants, or any of them, the Shuster Representatives or any of them, Michael Siegel, Dennis Larson, You, IPW, Smashbox, Toberoff, Marks, Emanuel, and/or any other persons or entities Concerning Superman, Superboy, and/or Spectre."). Notably, in *Siegel*, DC did not seek to compel the further production of documents from PPC, IPWW or IPW despite ample opportunity, and DC can hardly be heard to complain now, over four years later.

Responding defendants also produce by designation the following documents, already produced in this action, as responsive to DC Comics' document requests:

|   |     |             |
|---|-----|-------------|
| 1. | LSL | 00001-00481 |
| 2. | MWP | 00001-00057 |
| 3. | MT  | 00001-00014 |

As this production moots DC's "motion to compel" served on July 22, 2011 and set for hearing on August 22, 2011, defendants ask that DC withdraw that motion. If DC proceeds with its premature and baseless motion, defendants will ask the Court for sanctions.

As you know, Mr. Toberoff has re-scheduled his vacation for August 22-September 6, 2011. If DC intends to proceed with its moot motion or to serve additional motions to compel this week for hearing on August 29, 2011, with respect to this document production or otherwise, we ask that DC set the hearing on such motion(s) for the next available date of September 12, 2011.

**EXHIBIT 19**
**194**

**TOBEROFF & ASSOCIATES, P.C.**

July 28, 2011
Re:    *DC Comics v. Pacific Pictures Corp.*
Page:  3 of 3

Nothing in this letter should be construed as a waiver or limitation of any of defendants' rights or remedies, all of which are reserved.

Very truly yours,

Keith G. Adams

**EXHIBIT 19**
**195**



John A. Schulman
Executive Vice President
& General Counsel

**WARNER BROS.
ENTERTAINMENT INC.**
4000 Warner Boulevard
Burbank, California 91522
(818) 954-4223
Fax: (818) 954-4768
E-mail: john.schulman@warnerbros.com

August 26, 2004

<u>Via Facsimile (310 246-3101)</u>
Marc Toberoff, Esq.
1999 Avenue of the Stars, Suite 1540
Los Angeles, CA 90067

Dear Mr. Toberoff:

I apologize for not responding earlier to your August 4 letter. I have been away from the office.

As to the claims regarding Superboy which you assert on behalf of your clients, the Siegels, simply put, DC Comics and Warner Bros. disagree with you. Warner Bros. is going to proceed to continue to produce *Smallville* -- this year's production commenced in July and we are now producing the fifth episode — something Warner Bros. believes it has the right to do. Moreover, I do want you to understand the basis for our position, and I have requested our outside counsel, Patrick Perkins, respond to you in detail. He informs me you will have his letter by early next week.

More importantly, DC Comics and Warner Bros. revere the contributions Mr. Siegel has made and wish to continue to honor his legacy. I accept your invitation to meet to try to negotiate a fair settlement of the Siegel heirs' claims. As I think you know, we have sought such a settlement for a considerable time, and we welcome the opportunity to resume discussions. Could I impose upon you to come to Burbank next week? I will call your office to set a time.

Thank you.

Sincerely,

John A. Schulman

JAS:hjl
cc:    Paul Levitz, President, DC Comics
       Patrick Perkins, Esq.

A Time Warner Company      **MT 00015**

TOTAL P.01

**EXHIBIT 19**
**196**

Source: Legal > Area of Law - By Topic > Corporate > Public Records > NY Business and Corporation Information [i]
Terms: **pacific pictures corporation** (Edit Search)

Select for FOCUS™ or Delivery

*NEW YORK DEPARTMENT OF STATE*

**THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY**

THIS DATA IS NOT AN OFFICIAL RECORD OF THE DEPARTMENT OF STATE OR THE STATE OF
NEW YORK. LEXISNEXIS IS NOT AN EMPLOYEE OR AGENT OF THE DEPARTMENT OF STATE
OR THE STATE OF NEW YORK. THE DEPARTMENT OF STATE DISCLAIMS ALL WARRANTIES,
EXPRESS OR IMPLIED, REGARDING THIS DATA.

*NEW YORK DEPARTMENT OF STATE*

**Company Name: PACIFIC PICTURES CORPORATION**

**Process Address:**
% MAX TOBEROFF
330 EAST 57TH STREET
APT 34A
NEW YORK, NY 10022

**Type:** DOMESTIC BUSINESS

**Status:** INACTIVE

**Status Comment:** DISSOLUTION BY PROCLAMATION

**Filing Date:** 6/25/2003

**Duration:** PERPETUAL

**County:** NEW YORK

**Date of Incorporation/Qualification:** 8/26/1988

**Corporation Number:** 1287565

**Microfilm Number:** B678470-6

**Stock Information:**
Type of Stock: NO PAR VALUE
Authorized Quantity: 200
Par Value: $ 0.00

**History:**
Type: DISSOLUTION BY PROCLAMATION (DOMESTIC BUSINESS)
Effective Date: 6/25/2003
Microfilm Number: DP-1664536

PPC 00001

**EXHIBIT 19**
**197**



Search - 100 Results - pacific pictures corporation                                    Page 2 of 2

Type: INCORPORATION (DOMESTIC BUSINESS)
Effective Date: 8/26/1988
Microfilm Number: B678470-6


Source:   Legal > Area of Law - By Topic > Corporate > Public Records > **NY Business and Corporation Information** [i]
Terms:   **pacific pictures corporation**  (Edit Search)
View:   Full
Date/Time:   Tuesday, March 2, 2004 - 9:57 PM EST

About LexisNexis | Terms and Conditions

Copyright © 2004 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

**PPC 00002**

**EXHIBIT 19**
**198**

# State of California
## Kevin Shelley
## Secretary of State

### LIMITED LIABILITY COMPANY
### ARTICLES OF ORGANIZATION

File # _____

NOTE: A limited liability company is not permitted to render professional services.

A $70.00 filing fee must accompany this form.

**IMPORTANT – Read Instructions before completing this form.**

This Space For Filing Use Only

1. NAME OF THE LIMITED LIABILITY COMPANY (END THE NAME WITH THE WORDS "LIMITED LIABILITY COMPANY," "LTD. LIABILITY CO.," OR THE ABBREVIATIONS "LLC" OR "L.L.C.")

   IPW, LLC

2. THE PURPOSE OF THE LIMITED LIABILITY COMPANY IS TO ENGAGE IN ANY LAWFUL ACT OR ACTIVITY FOR WHICH A LIMITED LIABILITY COMPANY MAY BE ORGANIZED UNDER THE BEVERLY-KILLEA LIMITED LIABILITY COMPANY ACT.

   INITIAL AGENT FOR SERVICE OF PROCESS - If the agent is an individual, the agent must reside in California and both Items 3 and 4 must be completed. If the agent is a corporation, the agent must have on file with the California Secretary of State a certificate pursuant to Corporations Code section 1505 and Item 3 must be completed (leave Item 4 blank).

3. NAME OF THE INITIAL AGENT FOR SERVICE OF PROCESS  Marc Toberoff

4. IF AN INDIVIDUAL, THE ADDRESS OF THE INITIAL AGENT FOR SERVICE OF PROCESS IN CALIFORNIA

   ADDRESS  1999 Avenue of the Stars, Suite 1540

   CITY  Los Angeles                                 STATE  **CA**     ZIP CODE  90067

5. THE LIMITED LIABILITY COMPANY WILL BE MANAGED BY: (CHECK ONLY ONE)

   [✓] ONE MANAGER
   [ ] MORE THAN ONE MANAGER
   [ ] ALL LIMITED LIABILITY COMPANY MEMBER(S)

6. ADDITIONAL INFORMATION SET FORTH ON THE ATTACHED PAGES, IF ANY, IS INCORPORATED HEREIN BY THIS REFERENCE AND MADE A PART OF THIS CERTIFICATE.

7. TYPE OF BUSINESS OF THE LIMITED LIABILITY COMPANY (FOR INFORMATIONAL PURPOSES ONLY)

   Media and Entertainment

8. I DECLARE I AM THE PERSON WHO EXECUTED THIS INSTRUMENT, WHICH EXECUTION IS MY ACT AND DEED.

   _____
   SIGNATURE OF ORGANIZER                                July 7, 2004
                                                         DATE
   Marc Toberoff
   TYPE OR PRINT NAME OF ORGANIZER

9. RETURN TO:

   NAME   Marc Toberoff
   FIRM   IP Worldwide, LLC
   ADDRESS  1999 Avenue of the Stars, Suite 1540
   CITY/STATE  Los Angeles, CA
   ZIP CODE  90067

LLC-1 (REV 06/2004)

IPW 00001

**EXHIBIT 19**
**199**



# State of California
## Kevin Shelley
## Secretary of State

**LIMITED LIABILITY COMPANY
ARTICLES OF ORGANIZATION**

NOTE:  A limited liability company is not permitted to render professional services.

**A $70.00 filing fee must accompany this form.**

**IMPORTANT – Read instructions before completing this form.**

File # _____

This Space For Filing Use Only

| | |
|---|---|

1. **NAME OF THE LIMITED LIABILITY COMPANY** (END THE NAME WITH THE WORDS "LIMITED LIABILITY COMPANY," "LTD. LIABILITY CO.," OR THE ABBREVIATIONS "LLC" OR "L.L.C.")

    IPW, LLC

2. **THE PURPOSE OF THE LIMITED LIABILITY COMPANY IS TO ENGAGE IN ANY LAWFUL ACT OR ACTIVITY FOR WHICH A LIMITED LIABILITY COMPANY MAY BE ORGANIZED UNDER THE BEVERLY-KILLEA LIMITED LIABILITY COMPANY ACT.**

    **INITIAL AGENT FOR SERVICE OF PROCESS** - If the agent is an individual, the agent must reside in California and both Items 3 and 4 must be completed.  If the agent is a corporation, the agent must have on file with the California Secretary of State a certificate pursuant to Corporations Code section 1505 and Item 3 must be completed (leave Item 4 blank).

3. **NAME OF THE INITIAL AGENT FOR SERVICE OF PROCESS**  Marc Toberoff

4. **IF AN INDIVIDUAL, THE ADDRESS OF THE INITIAL AGENT FOR SERVICE OF PROCESS IN CALIFORNIA**

    ADDRESS  1999 Avenue of the Stars, Suite 1540

    CITY  Los Angeles                      STATE  **CA**   ZIP CODE  90067

5. **THE LIMITED LIABILITY COMPANY WILL BE MANAGED BY: (CHECK ONLY ONE)**

    [✓] ONE MANAGER

    [ ] MORE THAN ONE MANAGER

    [ ] ALL LIMITED LIABILITY COMPANY MEMBER(S)

6. **ADDITIONAL INFORMATION SET FORTH ON THE ATTACHED PAGES, IF ANY, IS INCORPORATED HEREIN BY THIS REFERENCE AND MADE A PART OF THIS CERTIFICATE.**

7. **TYPE OF BUSINESS OF THE LIMITED LIABILITY COMPANY (FOR INFORMATIONAL PURPOSES ONLY)**

    Media and Entertainment

8. **I DECLARE I AM THE PERSON WHO EXECUTED THIS INSTRUMENT, WHICH EXECUTION IS MY ACT AND DEED.**

    _____          July 7, 2004
    SIGNATURE OF ORGANIZER                    DATE

    Marc Toberoff
    TYPE OR PRINT NAME OF ORGANIZER

9. **RETURN TO:**

    NAME       Marc Toberoff
    FIRM       IP Worldwide, LLC
    ADDRESS    1999 Avenue of the Stars, Suite 1540
    CITY/STATE Los Angeles, CA
    ZIP CODE   90067

**IPW 00002**

LLC-1 (REV 06/2004)                        APPROVED BY SECRETARY OF STATE

**EXHIBIT 19
200**

# State of California
## Kevin Shelley
## Secretary of State

**LIMITED LIABILITY COMPANY
ARTICLES OF ORGANIZATION**

NOTE:  A limited liability company is not permitted to render professional services.

**A $70.00 filing fee must accompany this form.**

IMPORTANT – Read Instructions before completing this form.

File # _____

This Space For Filing Use Only

| | |
|---|---|
| 1. | NAME OF THE LIMITED LIABILITY COMPANY (END THE NAME WITH THE WORDS "LIMITED LIABILITY COMPANY," "LTD. LIABILITY CO.," OR THE ABBREVIATIONS "LLC" OR "L.L.C.") <br><br> IPW, LLC |
| 2. | THE PURPOSE OF THE LIMITED LIABILITY COMPANY IS TO ENGAGE IN ANY LAWFUL ACT OR ACTIVITY FOR WHICH A LIMITED LIABILITY COMPANY MAY BE ORGANIZED UNDER THE BEVERLY-KILLEA LIMITED LIABILITY COMPANY ACT. |

INITIAL AGENT FOR SERVICE OF PROCESS - If the agent is an individual, the agent must reside in California and both items 3 and 4 must be completed.  If the agent is a corporation, the agent must have on file with the California Secretary of State a certificate pursuant to Corporations Code section 1505 and item 3 must be completed (leave item 4 blank).

| | |
|---|---|
| 3. | NAME OF THE INITIAL AGENT FOR SERVICE OF PROCESS    Marc Toberoff |
| 4. | IF AN INDIVIDUAL, THE ADDRESS OF THE INITIAL AGENT FOR SERVICE OF PROCESS IN CALIFORNIA <br><br> ADDRESS  1999 Avenue of the Stars, Suite 1540 <br><br> CITY  Los Angeles                                    STATE  **CA**    ZIP CODE  90067 |
| 5. | THE LIMITED LIABILITY COMPANY WILL BE MANAGED BY: (CHECK ONLY ONE) <br> [✓] ONE MANAGER <br> [ ] MORE THAN ONE MANAGER <br> [ ] ALL LIMITED LIABILITY COMPANY MEMBER(S) |
| 6. | ADDITIONAL INFORMATION SET FORTH ON THE ATTACHED PAGES, IF ANY, IS INCORPORATED HEREIN BY THIS REFERENCE AND MADE A PART OF THIS CERTIFICATE. |
| 7. | TYPE OF BUSINESS OF THE LIMITED LIABILITY COMPANY (FOR INFORMATIONAL PURPOSES ONLY) <br><br> Media and Entertainment |
| 8. | I DECLARE I AM THE PERSON WHO EXECUTED THIS INSTRUMENT, WHICH EXECUTION IS MY ACT AND DEED. <br><br> _(signature)_                                              July 7, 2004 <br> SIGNATURE OF ORGANIZER                        DATE <br><br> Marc Toberoff <br> TYPE OR PRINT NAME OF ORGANIZER |
| 9. | RETURN TO: <br><br> NAME      Marc Toberoff <br> FIRM      IP Worldwide, LLC <br> ADDRESS   1999 Avenue of the Stars, Suite 1540 <br> CITY/STATE  Los Angeles, CA <br> ZIP CODE   90067 |

LLC-1 (REV 06/2004)

APPROVED BY SECRETARY OF STATE

**IPW 00003**

**EXHIBIT 19**
**201**

California Secretary of State - California Business Search - Limited Partnership / Limited ...    Page 1 of 1

## California Business Portal

SECRETARY OF STATE | ELECTIONS & VOTER INFO | POLITICAL REFORM | CA BUSINESS PORTAL | ARCHIVES & MUSEUM | SPECIAL PROGRAMS

Business Search
LP/LLC

Limited Partnerships/Limited Liability Companies    LP/LLC

- Printer Friendly Page
- New Search
- Search Tips
- Field Definitions
- Status Definitions
- LLC Name Availability
- LP Name Availability
- Records Order Form
  - Certificates
  - Copies
  - Status Printouts
- LLC FAQS
- LP FAQS
- LLC Main Page
- LP Main Page
- Site Search

The information displayed here is current as of "Aug 13, 2004" and is updated weekly. It is not a complete or certified record of the Limited Partnership or Limited Liability Company.

| LP/LLC | | |
|---|---|---|
| IPW, LLC | | |
| Number: 200421510363 | Date Filed: 7/9/2004 | Status: active |
| Jurisdiction: CALIFORNIA | | |
| Principal Address | | |
| 1999 AVENUE OF THE STARS STE 1540 | | |
| LOS ANGELES, CA 90067 | | |
| Agent for Service of Process | | |
| MARC TOBEROFF | | |
| 1999 AVENUE OF THE STARS STE 1540 | | |
| LOS ANGELES, CA 90067 | | |

Printer Friendly

New Search

- Fees and instructions for requesting certification of limited partnership and/or limited liability company records are included on the **LP/LLC Records Order Form**.
- Blank fields indicate the information is not contained in the computer file.
- If the agent for service of process is a corporation, the address of the agent must be requested in writing. Fees and instructions for requesting this information are included on the **Corporate Records Order Form**.

Copyright ©2001 California Secretary of State. Privacy Statement.

IPW 00004

California Secretary of State - California Business Search - Limited Partnership / Limited ...    Page 1 of 1

# California Business Portal

SECRETARY OF STATE    ELECTIONS & VOTER INFO    POLITICAL REFORM    CA BUSINESS PORTAL    ARCHIVES & MUSEUM    SPECIAL PROGRAMS

Business Search
LP/LLC

| Printer Friendly Page |
| New Search |
| Search Tips |
| Field Definitions |
| Status Definitions |
| LLC Name Availability |
| LP Name Availability |
| Records Order Form<br>Certificates<br>Copies<br>Status Printouts |
| LLC FAQS |
| LP FAQS |
| LLC Main Page |
| LP Main Page |
| Site Search |

Limited Partnerships/Limited Liability Companies    LP/LLC

The information displayed here is current as of "Aug 13, 2004" and is updated weekly. It is not a complete or certified record of the Limited Partnership or Limited Liability Company.

| LP/LLC | | |
|---|---|---|
| IPW, LLC | | |
| Number: 200421510363 | Date Filed: 7/9/2004 | Status: active |
| Jurisdiction: CALIFORNIA | | |
| Principal Address | | |
| 1999 AVENUE OF THE STARS STE 1540 | | |
| LOS ANGELES, CA 90067 | | |
| Agent for Service of Process | | |
| MARC TOBEROFF | | |
| 1999 AVENUE OF THE STARS STE 1540 | | |
| LOS ANGELES, CA 90067 | | |

Printer Friendly

New Search

- Fees and instructions for requesting certification of limited partnership and/or limited liability company records are included on the **LP/LLC Records Order Form.**
- Blank fields indicate the information is not contained in the computer file.
- If the agent for service of process is a corporation, the address of the agent must be requested in writing. Fees and instructions for requesting this information are included on the **Corporate Records Order Form.**

Copyright 2001 California Secretary of State. **Privacy Statement.**

IPW 00005



# State of California
## Kevin Shelley
## Secretary of State

File # **200421510363**

### LIMITED LIABILITY COMPANY
### ARTICLES OF ORGANIZATION

**FILED**
In the office of the Secretary of State
of the State of California

JUL - 9 2004

KEVIN SHELLEY, SECRETARY OF STATE

NOTE:  A limited liability company is not permitted to render
professional services.

A $70.00 filing fee must accompany this form.

**IMPORTANT** – Read instructions before completing this form.

This Space For Filing Use Only

1.   NAME OF THE LIMITED LIABILITY COMPANY (END THE NAME WITH THE WORDS "LIMITED LIABILITY COMPANY," "LTD. LIABILITY CO.," OR THE
ABBREVIATIONS "LLC" OR "L.L.C.")
IPW, LLC

2.   THE PURPOSE OF THE LIMITED LIABILITY COMPANY IS TO ENGAGE IN ANY LAWFUL ACT OR ACTIVITY FOR WHICH A LIMITED
LIABILITY COMPANY MAY BE ORGANIZED UNDER THE BEVERLY-KILLEA LIMITED LIABILITY COMPANY ACT.

3.   INITIAL AGENT FOR SERVICE OF PROCESS - If the agent is an individual, the agent must reside in California and both items 3 and 4 must be
completed.  If the agent is a corporation, the agent must have on file with the California Secretary of State a certificate pursuant to Corporations
Code section 1505 and Item 3 must be completed (leave Item 4 blank).
NAME OF THE INITIAL AGENT FOR SERVICE OF PROCESS   Marc Toberoff

4.   IF AN INDIVIDUAL, THE ADDRESS OF THE INITIAL AGENT FOR SERVICE OF PROCESS IN CALIFORNIA

ADDRESS   1999 Avenue of the Stars, Suite 1540

CITY   Los Angeles                                               STATE   **CA**        ZIP CODE   90067

5.   THE LIMITED LIABILITY COMPANY WILL BE MANAGED BY:  (CHECK ONLY ONE)
[✔] ONE MANAGER
[ ] MORE THAN ONE MANAGER
[ ] ALL LIMITED LIABILITY COMPANY MEMBER(S)

6.   ADDITIONAL INFORMATION SET FORTH ON THE ATTACHED PAGES, IF ANY, IS INCORPORATED HEREIN BY THIS REFERENCE AND
MADE A PART OF THIS CERTIFICATE.

7.   TYPE OF BUSINESS OF THE LIMITED LIABILITY COMPANY (FOR INFORMATIONAL PURPOSES ONLY)
Media and Entertainment

8.   I DECLARE I AM THE PERSON WHO EXECUTED THIS INSTRUMENT, WHICH EXECUTION IS MY ACT AND DEED.

SIGNATURE OF ORGANIZER

Marc Toberoff                                              July 7, 2004
TYPE OR PRINT NAME OF ORGANIZER                               DATE

9.   RETURN TO:
NAME        Marc Toberoff
FIRM        IP Worldwide, LLC
ADDRESS     1999 Avenue of the Stars, Suite 1540
CITY/STATE  Los Angeles, CA
ZIP CODE    90067

LLC-1 (REV. 06/2004)

**IPW 00006**

**EXHIBIT 19**
**204**



# State of California
## Kevin Shelley
## Secretary of State

### STATEMENT OF INFORMATION
(Limited Liability Company)

Filing Fee $20.00. If amendment, see instructions.

**IMPORTANT — READ INSTRUCTIONS BEFORE COMPLETING THIS FORM**

1. LIMITED LIABILITY COMPANY NAME (Please do not alter if name is preprinted.)

IPW, LLC

This Space For Filing Use Only

**DUE DATE:** October 9, 2004

**FILE NUMBER AND STATE OR PLACE OF ORGANIZATION**

| 2. SECRETARY OF STATE FILE NUMBER | 3. STATE OR PLACE OF ORGANIZATION |
|---|---|
| 200421510363 | California |

**COMPLETE ADDRESSES FOR THE FOLLOWING** (Do not abbreviate the name of the city. Items 4 and 5 cannot be P.O. Boxes.)

| | | CITY AND STATE | | ZIP CODE |
|---|---|---|---|---|
| 4. STREET ADDRESS OF PRINCIPAL EXECUTIVE OFFICE | | | | |
| 1999 Avenue of the Stars, Suite 1540 | | Los Angeles, CA | | 90067 |
| 5. CALIFORNIA OFFICE WHERE RECORDS ARE MAINTAINED (DOMESTIC ONLY) | | CITY | STATE | ZIP CODE |
| 1999 Avenue of the Stars, Suite 1540 | | Los Angeles | CA | 90067 |

**NAME AND COMPLETE ADDRESS OF THE CHIEF EXECUTIVE OFFICER, IF ANY**

| 6 NAME | ADDRESS | CITY AND STATE | ZIP CODE |
|---|---|---|---|
| Marc Toberoff | 1999 Avenue of the Stars, Ste. 1540 | Los Angeles, CA | 90067 |

**NAME AND COMPLETE ADDRESS OF ANY MANAGER OR MANAGERS, OR IF NONE HAVE BEEN APPOINTED OR ELECTED, PROVIDE THE NAME AND ADDRESS OF EACH MEMBER** (Attach additional pages, if necessary.)

| 7 NAME | ADDRESS | CITY AND STATE | ZIP CODE |
|---|---|---|---|
| Marc Toberoff | 1999 Avenue of the Stars, Ste. 1540 | Los Angeles, CA | 90067 |
| 8. NAME | ADDRESS | CITY AND STATE | ZIP CODE |
| | | | |
| 9 NAME | ADDRESS | CITY AND STATE | ZIP CODE |
| | | | |

**AGENT FOR SERVICE OF PROCESS** (If the agent is an individual, the agent must reside in California and Item 11 must be completed with a California address. If the agent is a corporation, the agent must have on file with the California Secretary of State a certificate pursuant to Corporations Code **section 1505** and Item 11 must be left blank.)

10. NAME OF AGENT FOR SERVICE OF PROCESS

Marc Toberoff

| 11. ADDRESS OF AGENT FOR SERVICE OF PROCESS IN CALIFORNIA, IF AN INDIVIDUAL | CITY | STATE | ZIP CODE |
|---|---|---|---|
| 1999 Avenue of the Stars, Ste. 1540 | Los Angeles | CA | 90067 |

**TYPE OF BUSINESS**

12. DESCRIBE THE TYPE OF BUSINESS OF THE LIMITED LIABILITY COMPANY

Media and Entertainment

13. THE INFORMATION CONTAINED HEREIN IS TRUE AND CORRECT

| Marc Toberoff | _signature_ | Member | 12/01/04 |
|---|---|---|---|
| TYPE OR PRINT NAME OF PERSON COMPLETING THE FORM | SIGNATURE | TITLE | DATE |
| | | APPROVED BY SECRETARY OF STATE | |

LLC-12 (REV 09/2004)

IPW 00007

**EXHIBIT 19**
205



**PARASEC**

**R E S U L T   R E P O R T**
1 of 2

**CLIENT #:**   Z42369

IP WORLDWIDE LLC

ATTN:  Rafael Gomez
9595 WILSHIRE BLVD # 811
BEVERLY HILLS, CA 90212

**Order #:**  181242
**Date:**  01/13/2004
**Ref:**
**Email:**  rgomez@ipww.biz

The results of your request are as follows:

1   **Entrepreneur Package**
RE:  IP MANAGEMENT
IN:  CA

2   **A. Name Reservation**
RE:  IP MANAGEMENT
IN:  CA

December 24, 2003
Name available and reserved for 60 calendar days.  Reservation No. R0809190.

3   **B. Type and File**
RE:  IP MANAGEMENT
IN:  CA

January 09, 2004
Filed 12/31/03 #2571126.  Certified copies enclosed.

4   **C. Obtain Corporate Kit**
RE:  IP MANAGEMENT
IN:  CA

January 09, 2004
Arriving under separate cover.

5   **Resignation Letter**
RE:  IP MANAGEMENT
IN:  CA

CONTINUED

**PWW 00001**

**EXHIBIT 19**
**206**

 

**RESULT REPORT**
2 of 2

**CLIENT #:**  Z42369

# PARASEC

IP WORLDWIDE LLC

ATTN: Rafael Gomez
9595 WILSHIRE BLVD # 811
BEVERLY HILLS, CA 90212

**Order #:** 181242
**Date:** 01/13/2004
**Ref:**
**Email:** rgomez@ipww.biz

The results of your request are as follows:

January 13, 2004
Resignation letter enclosed.

*Parasec and/or its agents accept no responsibility for errors or omissions contained in any report provided by Parasec. Should a claim be asserted against Parasec for errors or omissions, the sole extent of Parasec's liability shall be limited to an amount equal to the cost Parasec charged for the report. Parasec shall not be liable for consequential damages arising out of the use of the report by any customer or third party.*

*Parasec does not warrant the accuracy of the contents of the report. Parasec relies on records maintained by third parties and/or governmental agencies and is not responsible for the content of those records.*

Thank you for allowing us to service your needs. Please call me at (800)533-7272 if I can be of further assistance.

Monica Corbella

Worldwide Document
P O Box 9000
P O Box 90568
Sacramento CA 95816-0568
parasec@parasec.com E-mail

Sacramento
80 Beacon Drive
Suite A
Sacramento CA 95814
800.533.7272 Tel

Reno
13 North Carson Street
Suite 205
Carson City NV 59703
728.972.7273 Tel

San Diego
555 West Beech Street
Suite 456
San Diego CA 92101
888.372.7273 Tel

Los Angeles
2651 East Imperial Highway
Suite 111
Santa Fe Springs CA 90670
56.672.7273 Tel

**IPWW_00002**

**EXHIBIT 19**
**207**





January 21, 2003

_Privileged & Confidential_

Joanne Siegel
13929 Marquesas Way, Apt. 201A
Marina Del Rey, CA 90292

Laura Siegel Larson
6400 Pacific Avenue, #106
Playa Del Rey, CA 90293

Dear Joanne and Laura:

This is to confirm the agreement and understanding in connection with our recent discussion and disclosure to you of various risks and potential problems regarding Michael Siegel, and the mitigation of possible conflicts of interest with respect to the following proposed remedial actions:

1.      Ariel Emanuel ("AE") will attempt to purchase all of Michael Siegel's rights, title and interest in _Superman_, _Superboy_ and _The Spectre_ ("MS Interests") to be financed by AE.

2.      The proposed purchase will be subject to Michael Siegel entering into a formal written settlement agreement, settling and releasing each of you, your representatives, successors and assigns from any and all disputes, claims or causes of actions regarding _Superman_, _Superboy and The Spectre_. The settlement agreement will specifically disclose the separate _Superboy_ termination, recently served and filed.

3.      In the event Michael Siegel agrees to the above purchase and settlement, the following conditions will apply to and bind AE, any designee entity owned or controlled by him and his heirs, successors or assigns with respect to the MS Interests:

      (a)      The MS Interests will only be sold or assigned to a separate third party (i.e., not owned or controlled by AE) in conjunction with the sale or assignment of your interests in _Superman, Superboy_ and/or _The Spectre_, respectively, to said third party and not independently of your interests.

9701 Wilshire Boulevard, 10th Floor Beverly Hills, CA 90212 Tel: (310) 246-3100; Fax: (310) 246-3335
E-mail: MToberoff@IPWW.biz

**IPWW 00003**

**EXHIBIT 19**
**208**



Page 2
Joanne Siegel and Laura Siegel Larson
January 21, 2003

    (b)    You retain full and complete decision making authority with respect to the disposition of the copyright termination interests in *Superman, Superboy* and *The Spectre* arising from Jerome Siegel's copyright interest therein.

    (c)    AE will fully indemnify you and hold you completely harmless against any and all claims, causes of action, damages, costs or loss (including attorney's fees), if any, arising out of the purchase of the MS Interests and the settlement agreement.

    (d)    AE will reimburse you for twenty-five percent (25%) of any expenses paid by you after October 17, 2000 in connection with the Jerome Siegel copyright termination interests in *Superman, Superboy or The Spectre* , including without limitation, the filing cost of the Superboy Copyright Termination, upon and subject to your providing him with an itemized list of such expenses.

    (e)    AE will also pay twenty-five percent (25%) of the following sums: (i) fees, commission or settlement amounts, if any, to the law firm of Gang, Tyre, Ramer & Brown and/or its attorneys regarding their alleged services in connection with Jerome Siegel's copyright termination interests; (ii) fees, costs or expenses of any audit, if any, of revenues or profits derived from *Superman, Superboy or The Spectre* and (iii) fees, costs or expenses of any other actions to protect, enforce or enhance Jerome Siegel's copyright termination interests in *Superman, Superboy or The Spectre.*

    (f)    If , after the sale or assignment of the *Superman/Superboy/The Spectre* rights is made and royalties are being paid to the Siegel interest, AE chooses to offer his royalty interest for sale, you, or in the event of your death, your heirs, will have the right of first refusal to purchase said royalty interest.

4.    This letter contains the full and complete understanding of the parties and supersedes all prior or contemporaneous understandings whether written or oral with respect to the subject matter hereof and may not be modified except in writing signed by each party. This letter shall bind and inure to the benefit of the parties, their respective heirs, successors and assigns. Executed facsimile copies of this letter shall be valid

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

**IPWW 00004**

**EXHIBIT 19**
**209**

# Ip worldwide

Page 3
Joanne Siegel and Laura Siegel Larson
January 21, 2003

acceptable substitutes for executed originals.

If the above comports with your understanding please indicate this by your signatures
below and returning a copy of this letter to me.

Yours sincerely,

Marc Toberoff

Agreed, Understood and Accepted:

_____     Date: _1/23/03_
Ariel Z. Emanuel

_____     Date: _1/22/03_
Joanne Siegel

_____     Date: _1/22/03_
Laura Siegel Larson

IPWW 00005

**EXHIBIT 19**
**210**

# **Ip** worldwide

March 29, 2004

Joanne Siegel
13929 Marquesas Way, Apt. 201A
Marina Del Rey, CA 90292

Laura Siegel Larson
6400 Pacific Avenue, #106
Playa Del Rey, CA 90293

Re: *"Superman"*

Dear Joanne and Laura:

This is to confirm our understanding that the agreement ("Agreement") between you and
IP Worldwide dated as of October 3, 2002 (executed by you on October 23, 2002) is re-
instated and that the Term of the Agreement is extended until December 31, 2004.

Sincerely,


Marc Toberoff


Agreed and Accepted:



_____        Date: _____
Joanne Siegel



_____        Date: _____
Laura Siegel Larson

9701 Wilshire Boulevard, 10th Floor Beverly Hills, CA 90212 Tel: (310) 246-3100; Fax: (310) 246-3335
E-mail: MToberoff@IPWW.biz

IPWW 00006

**EXHIBIT 19**
**211**



March 29, 2004

Joanne Siegel
13929 Marquesas Way, Apt. 201A
Marina Del Rey, CA 90292

Laura Siegel Larson
6400 Pacific Avenue, #106
Playa Del Rey, CA 90293

Re: "*Superman*"

Dear Joanne and Laura:

This is to confirm our understanding that the agreement ("Agreement") between you and
IP Worldwide dated as of October 3, 2002 (executed by you on October 23, 2002) is re-
instated and that the Term of the Agreement is extended until April 23, 2005.

Sincerely,

Marc Toberoff

Agreed and Accepted:

Joanne Siegel                    Date: 4/12/04

Laura Siegel Larson              Date: 4/2/04

9701 Wilshire Boulevard, 10th Floor Beverly Hills, CA 90212 Tel: (310) 246-3100; Fax: (310) 246-3335
E-mail: MToberoff@IPWW.biz

IPWW 00007

EXHIBIT 19
212

# EXHIBIT 20

O'MELVENY & MYERS LLP

| | | |
|---|---|---|
| BEIJING | 1999 Avenue of the Stars, 7th Floor | SAN FRANCISCO |
| BRUSSELS | Los Angeles, California  90067-6035 | SHANGHAI |
| HONG KONG | | SILICON VALLEY |
| LONDON | TELEPHONE  (310) 553-6700 | SINGAPORE |
| LOS ANGELES | FACSIMILE  (310) 246-6779 | TOKYO |
| NEWPORT BEACH | www.omm.com | WASHINGTON, D.C. |
| NEW YORK | | |

July 29, 2011

OUR FILE NUMBER
905900-321

**VIA E-MAIL**

WRITER'S DIRECT DIAL
(310) 246-6840

Keith G. Adams
Toberoff & Associates, P.C.
2049 Century Park East, Suite 3630
Los Angeles, California 90067

WRITER'S E-MAIL ADDRESS
mkline@omm.com

Re:    _DC Comics v. Pacific Pictures Corp. et al._, CV-10-3633 (ODW) (RZx)

Keith:

Based on your representation that you have now produced all of the documents that you committed to producing in your July 15, 2011, responses to DC's requests for production of documents, we will withdraw our motion without prejudice.  However, your production does not cure the deficiencies identified in our 30-page, July 7 letter.  As you know, we contend that you have failed to produce numerous responsive documents.  We restate our request from July 19 to meet and confer on these issues as soon as possible.  Please provide us with the times you are available on Monday or Tuesday of next week, August 1 and 3.

In addition, we sent you a letter this past Monday, July 25, requesting that you confirm that, by no later than July 29, you would: (1) produce all correspondence between Mr. Siegel and Ms. Larson, including Ms. Larson's November 2, 2002, letter to Mr. Siegel and Ms. Larson's response to the May 13 letter; (2) confirm that you have conducted a diligent and thorough review of all documents in Ms. Larson's possession, custody, and control—including any and all documents in her home, in storage, or in her attorneys' files, and any and all documents formerly belonging to Joanne Siegel; and (3) produce all responsive documents.  We also stated that if you declined to do so, to provide us with the earliest possible date this week you were available to meet and confer on these issues.  You have not responded to our letter and we will address these issues at the meet and confer next week Monday or Tuesday, as requested above.

We hope to make some progress on these issues early next week but if we can't we are going to have to file a motion shortly thereafter.

**EXHIBIT 20**
**213**

O'MELVENY & MYERS LLP
July 29, 2011 - Page 2


DC reserves all rights.

Very truly yours,

Matthew T. Kline
of O'MELVENY & MYERS LLP


cc:     Daniel M. Petrocelli, Esq., Marc Toberoff, Esq.

**EXHIBIT 20**
**214**

# EXHIBIT 21

## O'MELVENY & MYERS LLP

BEIJING

BRUSSELS

HONG KONG

LONDON

LOS ANGELES

NEWPORT BEACH

NEW YORK

1999 Avenue of the Stars, 7th Floor
Los Angeles, California 90067-6035

TELEPHONE (310) 553-6700
FACSIMILE (310) 246-6779
www.omm.com

SAN FRANCISCO

SHANGHAI

SILICON VALLEY

SINGAPORE

TOKYO

WASHINGTON, D.C.

August 4, 2011

OUR FILE NUMBER
905900-321

**VIA MESSENGER & E-MAIL**

WRITER'S DIRECT DIAL
(310) 246-6840

Marc Toberoff
Toberoff & Associates, P.C.
2049 Century Park East, Suite 3630
Los Angeles, California 90067

WRITER'S E-MAIL ADDRESS
mkline@omm.com

Laura Brill
Kendall Brill & Klieger LLP
10100 Santa Monica Boulevard, Suite 1725
Los Angeles, California 90067

Re:    *DC Comics v. Pacific Pictures Corp. et al.*, CV-10-3633 (ODW) (RZx)

Dear Counsel:

We write to confirm our efforts to meet and confer with Marc Toberoff on open discovery issues following Dawn Peavy's deposition yesterday.

First, we discussed defendants' request to consolidate the Rule 30(a)(1) deposition of defendant Marc Toberoff and the Rule 30(b)(6) depositions of the corporate designees of defendants Pacific Pictures Corporation; IP Worldwide, LLC; and IPW, LLC. Mr. Toberoff confirmed his intention to appear as the Rule 30(b)(6) designee of all three corporate defendants. DC clearly is entitled to separately depose Mr. Toberoff in his individual capacity and his Rule 30(b)(6) capacity as a representative for each company. *See* FED. R. CIV. P. 30(b)(6) ("This paragraph (6) does not preclude a deposition by any other procedure allowed by these rules."). Defendants notably had no response to the plain language of Rule 30(b)(6) in their August 1, 2011, letter—or to the fact that the very case they rely on, *Sabre v. First Dominion Capital, LLC*, 2001 WL 1590544, *2 (S.D.N.Y. Dec. 12, 2001), confirms that "the 30(b)(6) deposition of an witness is a separate deposition from the deposition of that same person as an individual witness and is presumptively subject to a *separate, independent seven-hour time limit*." (Emphasis added.)

In an effort to avoid unnecessary motion practice, we offered to consolidate the Toberoff defendants' depositions to two, seven-hour days. Mr. Toberoff refused, asserting that he will only appear for one, seven-hour day of deposition on behalf of all four defendants, because he

**EXHIBIT 21**
**215**

O'MELVENY & MYERS LLP

August 4, 2011 - Page 2

claims that Pacific Pictures, IP Worldwide, and IPW are "closely-held corporations" that are largely inactive—despite the fact that DC's complaint alleges that each of these defendants engaged in separate and distinct acts of misconduct.  Docket No. 49 ¶¶ 165-89.  Mr. Toberoff stated he has been deposed before, he knows all the questions we are going to ask, and that his counsel at the deposition (Mr. Kendall) will object less frequently than Mr. Toberoff has done in this case, and thus the seven hours would be adequate for all four defendants.

We asked Mr. Toberoff if defendants were willing to concede that all three companies are his alter egos and act as his agent.  He said defendants do not concede this.  We asked about other potential 30(b)(6) designees—*e.g.*, J. Todd Harris—but Mr. Toberoff refused to discuss the details of who the companies' employees, investors, and officers were, saying we would have to ask such questions at his deposition.

In a final effort toward compromise, we are willing to discuss scheduling one, extended day of deposition during which we will endeavor to complete our questioning of the four Toberoff defendants, with the understanding that if we are unable to do so, we will continue to a second day.  Let us know if you will agree to this compromise so we can discuss scheduling the deposition.

<u>Second</u>, we discussed defendants' failure to review for responsive documents the "various boxes" related to this case that Laura Siegel Larson testified she has in her possession, *e.g.*, July 22, 2011, Larson Tr. at 64, 70, 245, 267, 275, 277—which include documents that defendants previously represented were non-existent to the Court and DC.  Mr. Toberoff confirmed that Ms. Larson has documents that have never been reviewed, including documents formerly belonging to her mother, Joanne Siegel, but that have been in Mr. Larson's possession for months, and were in her possession when DC's recent discovery motions were litigated.  We asked Mr. Toberoff to commit to a date certain by which he would review Ms. Larson's files and produce or log any responsive documents, but he declined to do so, saying only that he would speak to Ms. Larson when she returns from vacation in two weeks.

When we pressed for further document productions or privilege logs concerning the other attorneys with whom the Siegels have admittedly communicated in recent years, you again declined to provide any date certain by which you would make this production.  Moreover, we note a disturbing pattern in defendants' production of communications with attorneys—while Ms. Larson produced her written communications with Gerry Spence (a lawyer whom defendants say her mother considered hiring), defendants refuse to produce the Siegels' communications with David Michaels.  Docket No. 210 at 11-12.  This is yet another selective waiver, and further grounds to compel the production of the Michaels letters.

Mr. Toberoff also refused to confirm the existence of Mr. Larson's response to Michael Siegel's May 13, 2003 letter—even though she testified that she was "sure" she responded to the May 13 letter, *id.* at 267, Mr. Toberoff "made suggestions of changes in the wording" of her response, *id.* at 279, and that the response may well have been sent on July 5, 2003, as recounted in the Toberoff Timeline, *id.* at 277.  Mr. Toberoff refused to address whether such a letter or

**EXHIBIT 21**
**216**

O'MELVENY & MYERS LLP
August 4, 2011 - Page 3

drafts of it existed in his files, whether Ms. Larson possessed a copy of it, or whether this document was among those defendants have listed on their privilege logs.  When we said her recent testimony clearly confirmed the existence of such a responsive letter, as raised in our previous motions, Mr. Toberoff suggested that Ms. Larson might have been referring to another letter of another date.  When we asked him when the letter she testified about was sent, if not in July, he refused to address the issue.  When we pointed out that his refusal to provide these details made it impossible to determine whether to file our motion as one to compel or one for reconsideration, he acknowledged this problem, but still refused to provide the necessary detail.

Nor would Mr. Toberoff confirm or deny the existence of the letter that Ms. Larson testified she "sent [Michael Siegel] on November 2", 2002, Tr. at 267, saying only that he reviewed "our files" and was "unable to find" such a letter.

Mr. Toberoff asserted that DC's motions seeking production of the July 5 and November 2 letters were denied—but failed to explain his representations in opposition to those motions that, for example,

- he "did perform a diligent search of our records, *all of our records*," for responsive documents, June 20, 2011 Hr'g Tr. at 38:23-39:1 (emphasis added);

- he "asked [Ms. Larson] whether she had a copy and to *research her records*," *id.* at 39:8-10 (emphasis added);

- "To the extent that relevant documents exist, they have either been produced or designated as privileged," Jan. 8, 2011 Letter from M. Toberoff to M. Kline at 3.

- he conducted "a diligent search" but could not locate "a supposed November 2, 2002 letter," Docket No. 267-1 at 4; and

- he "caused [his] office to re-check our relevant case files" for responsive documents, Docket No. 267-16 ¶ 4.

Finally, Mr. Toberoff argued generally that we had taken Ms. Larson's testimony out of context, but would not explain how or point to any testimony suggesting that DC had misread Ms. Larson's sworn statements.

We have reached an impasse on the production of Ms. Larson's letter responding to her brother's May 13, 2003 letter and related drafts, and will serve a motion on the subject shortly, unless you produce those documents this week.  Moreover, unless defendants commit to a date certain for producing and/or logging all responsive documents in Ms. Larson's possession, custody, and control—including her letters to Michael Siegel dated on or around July 5, 2003, and November 2, 2002—DC will move to compel on this issue, as well as the issue of the Siegels' correspondence with counsel.

**EXHIBIT 21**
**217**

O'MELVENY & MYERS LLP
August 4, 2011 - Page 4

Third, we attempted to meet and confer on the deficiencies in defendants' responses to DC's revised requests for production. We clearly identified those deficiencies in our 30-page letter sent on July 7, 2011, requested a meet and confer on these issues in our July 19 letter, and reiterated that request in our July 29 letter—all of which are attached. Mr. Toberoff, however, refused to meet and confer, asserting—incorrectly—that DC had failed to timely request a meet and confer pursuant to Local Rule 37. DC will therefore proceed with its motion to compel, unless you agree to meet and confer on these issues sometime tomorrow.

Finally, we asked Mr. Toberoff why defendants had failed to produce several documents discussed during the depositions of Mr. Peary and Ms. Peavy, including unredacted versions of defendants' agreements with Ari Emanuel, Jean Peavy's will, and the two scripts concerning Joseph Shuster's life written by Mr. Peary. After discussing these documents at some length and why they should or should not be produced, Mr. Toberoff claimed that we had not met and conferred on the need to produce them, pursuant to Rule 37. Demand is hereby made to have such conference. Also, although we think DC's current document requests call for Ms. Peavy's will and Mr. Peary's scripts, please find enclosed additional requests for production seeking them specifically.

We reserve all rights.

Very truly yours,

Matthew T. Kline

cc:     Daniel M. Petrocelli, Esq.

Enclosures

**EXHIBIT 21**
**218**

# EXHIBIT 22

# TOBEROFF & ASSOCIATES, P.C.

A PROFESSIONAL CORPORATION

2049 CENTURY PARK EAST, SUITE 3630

LOS ANGELES, CALIFORNIA 90067

MARC TOBEROFF*
NICHOLAS C. WILLIAMSON
KEITH G. ADAMS
JEFFREY R. RHOADS

* Also admitted in New York

TELEPHONE
(310) 246-3333

FACSIMILE
(310) 246-3101

mtoberoff@ipwla.com

August 10, 2011

<u>Via E-Mail</u>

Matthew Kline
O'Melveny and Myers LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067

Re:    <u>*DC Comics v. Pacific Pictures Corp., et al.*</u>, Case No. 10-CV-03633 ODW (RZx)

Matt:

The factual and legal assertions in your August 4 letter are disputed, and your letter significantly mischaracterizes your meet-and-confer discussions with Mr. Toberoff on August 3, 2011.

<u>Deposition of Marc Toberoff:</u>  As to the multiple depositions sought by DC, my letters of July 25 and August 1, 2011 make it clear that Pacific Pictures Corporation (dissolved), IP Worldwide, LLC (inactive), and IPW, LLC (irrelevant) will designate Mr. Toberoff as their F.R.C.P. 30(b)(6) witness, and will adopt his testimony.  Where "the knowledge of an individual concerning a particular subject also constitutes the total knowledge of the entity …. the witness could simply adopt the testimony he or she provided in a former capacity, thereby obviating the need for a second deposition," the exact procedure defendants have adopted.  *Sabre v. First Dominion Capital, LLC*, 2001 U.S. Dist. LEXIS 20637, at *3-*4 (S.D.N.Y. Dec. 10, 2001)**.**  We informed DC of this in advance so that it could properly plan its deposition.

Your purported compromise offer to "discuss" the possibility of "one extended day of deposition during which we will endeavor to complete our questioning … with the understanding that if we are unable to do so, we will continue to a second day" is illusory.  This gives DC the ability to extend the deposition at its sole discretion for fourteen hours or more given your reference to the first day as an "extended day."  This is uncalled for and unnecessarily burdensome.

Your statement that when "asked about other potential 30(b)(6) designees – *e.g.,* J. Todd Harris – [] Mr. Toberoff refused to discuss the details" mischaracterizes your meet and confer with Mr. Toberoff, who clearly stated that Mr. Harris was/is not an employee.  Mr. Harris would also not be a proper Rule 30(b)(6) witness on any of the topics in DC's deposition notices.  Mr. Toberoff is the only knowledgeable Rule 30(b)(6) witness for any of the entities.

**EXHIBIT 22**
**219**

**TOBEROFF & ASSOCIATES, P.C.**

August 10, 2011
Re:     *DC Comics v. Pacific Pictures Corp.*
Page:   2 of 3

You make various other misstatements and self-serving exaggerations as to the meet and confer regarding the Toberoff defendants that are not well taken, but do not merit discussion as this juncture.

Scheduling of Mr. Toberoff's Deposition:  DC failed to respond to my August 1 letter regarding whether Mr. Toberoff's deposition would go forward on August 10.  When I again asked in an August 3 e-mail whether DC intended to proceed with Mr. Toberoff's deposition on the noticed dates, DC again dodged the question and merely referred to its August 3, 2011 letter.  DC's response in its August 3 letter is that the parties should "discuss scheduling the deposition."

Despite DC's studied ambiguity on this subject, in a telephone conversation between Mr. Toberoff and Mr. Petrocelli on August 5, 2011, Mr. Petrocelli confirmed that DC did not intend to depose Mr. Toberoff on August 10, 2011 due to a potential scheduling conflict with another case, and that the parties should reschedule the deposition for sometime in September, 2011.  We should confer on possible September dates for Mr. Toberoff's deposition before he leaves for his rescheduled vacation from August 22-September 6, 2011.

DC's Motions for Reconsideration re: Laura Siegel Larson Documents:  DC's assumption that Ms. Larson's boxes of documents "include documents that defendants previously represented were non-existent" is completely unfounded.  Contrary to your claims and as Mr. Toberoff specifically stated in your meet and confer, Ms. Larson long ago conducted a diligent search and produced the responsive documents in her possession or control, and there is no grounds for further motion practice by DC on this subject.  Mr. Toberoff also clearly informed you that Ms. Larson obtained some materials when she recently cleaned out her late mother, Joanne Siegel's apartment; that Ms. Larson has searched most of these materials for any responsive documents, and will complete this search upon return from her summer vacation.  So far nothing new was located, except for the non-substantive Gary Spence materials that were produced. Upon Ms. Larson's return, we will provide DC with dates by which Ms. Larson will finish her review of her mother's materials.  However, DC should not have unrealistic expectations regarding the remainder of Ms. Larson's review, as Joanne Siegel herself, while she was alive, conducted a diligent search and produced all non-privileged documents in her possession or control responsive to DC's requests in both the closely related *Siegel* litigations and in this case.

DC has already made two motions to compel the production of Ms. Larson's correspondence with David Michaels, including the "July 2003" letter and the "November 2002" letter, both of which were *denied*, and we see no grounds for further discussion of the subject on the thin pretext of Ms. Larson's production of her brief, non-substantive communications with Gary Spence.

DC's complaint that defendants "would not explain" how DC misinterpreted and misconstrued Ms. Larson's testimony is hollow.  As explained in Mr. Toberoff's August 1, 2011 letter, DC takes snippets of Ms. Larson's deposition testimony out of context.  It is obvious from DC's selective quotations and the truth that DC is willfully misinterpreting Ms. Larson's testimony.

**EXHIBIT 22**
**220**

**TOBEROFF & ASSOCIATES, P.C.**

August 10, 2011
Re:      *DC Comics v. Pacific Pictures Corp.*
Page:   3 of 3

You make various other mischaracterizations of the parties' meet and confer that do not merit a point by point discussion as this time.

In light of Magistrate Zarefsky's comments at yesterday's hearing, DC should not bring yet another frivolous motion for reconsideration of these already-decided issues.

Toberoff Document Production:  DC has had the Toberoff defendants' written responses to DC's amended discovery requests since July 15, 2011, and their document production since July 27, 2011.  All of DC's supposed requests to "meet-and-confer" simply refer to DC's old July 7, 2011 letter, which obviously did not address defendants' subsequent responses and document production.  DC has not even attempted to properly meet-and-confer on the subject of defendants' actual responses and production.  Defendants again caution DC that its assumption that there are numerous responsive documents that have not been produced is erroneous.

Your letter also seeks "unredacted versions of defendants' agreements with Ari Emanuel."  As Magistrate Zarefsky stated in his May 25, 2011 order, DC is not entitled to "everything" about the businesses of the various defendants in the case, and the redacted portions of that agreement are not relevant to this litigation.  DC received redacted copies of such agreements years ago in the *Siegel* litigation based on similar requests as in this case, and in all this time, including over a year in this action, has failed to voice any objection to the redaction.

Peary/Peavy Document Requests:  DC demands a meet-and-confer on various documents – notably, scripts by Warren Peary and Jean Peavy's will – that it vaguely claims are responsive to DC's prior discovery requests, while serving new requests for production of such scripts and will.   DC was well-aware that the scripts existed from Mr. Peary's prior deposition in 2006, that Ms. Peavy could have a will, and that such documents were not part of the Shusters' production in December 2010.  If these documents were actually responsive to DC's prior discovery requests, it undoubtedly would have brought them up in connection with its prior motions to compel, and not waited for over eight months to even address the issue.

Your August 4 letter does not even remotely comply with L.R. 37-1 as to DC's prior requests, and it is outside the rules and makes no sense to meet-and-confer on pending discovery requests, especially when defendants' responses are due before any motion to compel on the subject could be heard.  Defendants will respond to DC's new discovery in due course pursuant to the Federal Rules of Civil Procedure.

Nothing in this letter should be construed as a waiver or limitation of any of defendants' rights or remedies, all of which are reserved.

Very truly yours,

Keith Adams

**EXHIBIT 22**
**221**

# EXHIBIT 23

# O'MELVENY & MYERS LLP

BEIJING

BRUSSELS

HONG KONG

LONDON

LOS ANGELES

NEWPORT BEACH

NEW YORK

1999 Avenue of the Stars, 7th Floor
Los Angeles, California 90067-6035

TELEPHONE (310) 553-6700
FACSIMILE (310) 246-6779
www.omm.com

SAN FRANCISCO

SHANGHAI

SILICON VALLEY

SINGAPORE

TOKYO

WASHINGTON, D.C.

August 11, 2011

OUR FILE NUMBER
905900-321

**VIA E-MAIL**

WRITER'S DIRECT DIAL
(310) 246-6840

Keith Adams
Marc Toberoff
Toberoff & Associates, P.C.
2049 Century Park East, Suite 3630
Los Angeles, California 90067

WRITER'S E-MAIL ADDRESS
mkline@omm.com

Re:    *DC Comics v. Pacific Pictures Corp. et al.*, CV-10-3633 (ODW) (RZx)

Dear Keith:

In response to your letter of yesterday sent at 9:31 a.m., let's plan to talk Friday morning concerning dates for Mr. Toberoff's and Mr. Marks' depositions in late September or early October. We spoke to Susan Allison today about the latter.

1. We disagree that Mr. Toberoff and his companies should not and cannot be deposed separately and reserve all rights to take separate depositions of his three companies. DC alleges that each company engaged in separate and distinct acts of misconduct. *See* FAC ¶¶ 165-89. We intend separately to question each company about its individual acts of misconduct under Rule 30(b)(6). The depositions of Pacific Pictures and IP Worldwide will take the longest—though each may be shorter than a day—as these companies entered into many of the offending agreements with the Shuster and Siegel heirs. Any follow-up deposition of IPW will be shorter and cover separate ground, and the deposition of Mr. Toberoff under Rule 30(a)(1) will cover only additional conduct he engaged in as an individual, and will not re-plough the same ground covered in the companies' Rule 30(b)(6) depositions. Defendants have not conceded that the three companies are alter egos or agents of Mr. Toberoff or one another, and, thus, we need to examine these companies as well as inter-corporate liability issues, which takes time and is distinct as to each company. *E.g.*, *Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 538-39 (2000); *Associated Vendors, Inc. v. Oakland Meat Co.*, 210 Cal. App. 2d 825, 837-38 (1962). Your Rule 12 and SLAPP motions notably do not contest these alter-ego and agency allegations and, thus, there can be no question that they are ripe for discovery.

You have cited three cases in support of your argument that DC is not entitled to separately depose the Toberoff defendants, all of which are inapposite:

**EXHIBIT 23**
**222**

O'MELVENY & MYERS LLP
August 11, 2011 - Page 2

    a.  In *Novartis Pharmaceuticals Corp. v. Abbott Labs.*, 203 F.R.D. 159, 162-63 (D. Del. 2001), the court found that, "[o]n the record presented," a Rule 30(b)(6) deposition of a witness who had already testified about the same topic in his individual capacity was not warranted because (1) the defendant offered to be bound by the witness's testimony, (2) the witness was the person most knowledgeable on the topic, and (3) another deposition would be "duplicative" and "cumulative to the testimony already procured."  You may concede that Mr. Toberoff's companies are bound by his individual testimony and assert that he is the person most knowledgeable at each company.  But unlike in *Novartis*, we are not attempting to depose Mr. Toberoff as both an individual and a corporate designee on the same, limited topic (*i.e.*, the companies' conduct), and so the testimony we obtain from Mr. Toberoff in his individual capacity will not be "duplicative" or "cumulative."  As for the time it will take to conduct these four depositions, the Rules presumptively entitle us to four days—one each with each defendant. As we have noted, however, we would try to complete all four examinations in one long day, or over two days.  You have declined those middle-ground offers.

    b.  In *A.I.A. Holdings v. Lehman Bros., Inc.*, 2002 U.S. Dist. LEXIS 9218, at *13 (S.D.N.Y. 2002), the plaintiff sought a protective order to limit its Rule 30(b)(6) deposition because three of its principals had been deposed in their individual capacities on the majority of topics in the Rule 30(b)(6) deposition notice.  The court rightly observed that "the mere fact that the principal of a corporation has been deposed is not an automatic substitute for a 30(b)(6) deposition," although it noted that a Rule 30(b)(6) deposition may not be warranted where the testimony "would be identical to his testimony as an individual and the 30(b)(6) is limited, or substantially limited, to topics covered in the deposition taken in the witness's individual capacity."  *Id.* at *17-18. In this case, no one has been deposed yet on behalf of any of the Toberoff defendants on any topic.  Our deposition of Mr. Toberoff will not concern the acts of his companies; the company depositions will cover separate and distinct topics.  All of the depositions are proper, and no showing has been made that they would be cumulative.

    c. Your third case—*Sabre v. First Dominion Capital, L.L.C.*, 2001 U.S. Dist. LEXIS 20637, at *1 (S.D.N.Y. 2001)—confirms that "the depositions of an individual who is noticed as an individual witness pursuant to Fed. R. Civ. P. 30(b)(1) and who is also produced as a corporate representative pursuant to Fed. R. Civ. P. 30(b)(6) *are presumptively subject to independent seven-hour time limits*."  (Emphasis added.)  In dicta, *Sabre* noted that separate depositions of a closely-held corporation and its principal may be unnecessary where the corporation adopts the principal's statements; in such a case, "if the questioning … becomes repetitive or is otherwise being conducted in an oppressive manner, the aggrieved party can always make application for a protective order."  *Id.* at *2.  In this case, there is no need for a protective order because DC does not seek to cover the same ground in its four depositions—and in any event, a protective order motion is not yet ripe because DC has not yet taken *any* deposition of the Toberoff defendants, much less a "repetitive" second deposition.

    We have tried to be accommodating and propose alternatives that would allow the four depositions to be completed in one or two days, but you have declined to accept those offers.  In

**EXHIBIT 23**
**223**

O'MELVENY & MYERS LLP
August 11, 2011 - Page 3

a final effort to avoid motion practice, we reiterate our offer to have a consolidated deposition of the Toberoff defendants over one long day or two days, whatever is needed, in late September.

    2.  On the Laura Siegel Larson documents, we will move to compel production of Ms. Larson's letter to her half-brother (and the drafts of it) that she described at length at her deposition:

> Q. This is a letter from Michael Siegel to you dated May 13; is that correct?
> A. Yes.
> …
> Q. Did you respond to it?
> A. I'm sure I did.
> …
> Q. [The Toberoff Timeline] says "Laura Siegel reveals her ignorance of Toberoff's dubious actions in her return letter back to Michael."  Putting aside the characterization of your ignorance, does July 5, 2003, sound right to you as around the time that you responded to the May 13, 2003, letter?
> A. It could have been.
> Q. Okay. Is it fair to say that your letter back to Mr. Michael Siegel did not agree with any of his criticisms of Mr. Toberoff's actions and Mr. Toberoff generally?
> A.  Well, whoever stole this document, you know, is doing his version of what he's reading into whatever the letter said.
> Q. You're not following my question.
> A. Well, I haven't read the letter in a long time.
> Q. My question to you is when you wrote back to Michael --
> A. Yes.
> Q. -- in response to his May 13, 2003, letter, is it fair to say that you expressed no agreement with any of his criticisms of Mr. Toberoff?
> A. I would say that's probably safe to say.
> Q. Did you tell Michael Siegel in your response letter back that Mr. Toberoff does not have a production company?
> A. Yes, I believe I did.
> …
> Q. Yes. It says "Also, in the letter back to Michael Siegel, that MT helped Laura Siegel draft -- in response to Michael's accusations of Toberoff, Laura clearly states that MT does not have a production company." And that was your belief at the time; correct?
> A. Correct.
> Q. And it goes on to say that, in parentheses: "(This is false -- Marc Toberoff's IPW has been in existence, partly funded by Ari Emanuel, since at least 2002). In the draft of the letter, MT crossed out the statement that he does not have a production company, and writes, quote, "MT  has not plans to produce

**EXHIBIT 23**
**224**

O'MELVENY & MYERS LLP
August 11, 2011 - Page 4

a SUPERMAN movie, nor is this feasible given the division of ownership of the rights," end of quotes. Now, does that -- is that consistent with your recollection that your statement that Mr. Toberoff did not have a production company was crossed out by Mr. Toberoff in the final draft and replaced with the quoted language that I just read?"

A. It could have been.

Q. And when Mr. Toberoff made his changes to the letter and returned it to you, did you review it and sign it before you sent it out as your response letter back to Michael?

A. Well, he made suggestions of changes in the wording of certain areas, and, you know, I retyped the letter, accepted some of the things that he said and didn't use some other suggestions that he made.

Q. How did he convey his suggestions to you?

A. He wrote it on -- he wrote it on this letter -- no, not this letter. He wrote it on that letter that's being discussed here and faxed it back to me.

Q. Okay. So you did engage in faxed communication with Mr. Toberoff from time to time.

A. Yes.

Q. Okay. Including with respect to this very correspondence that we're discussing.

A. I believe so.

Q. Okay.  Now, did you show him the final draft before you sent it out?

A. I believe I did.

Q. And which of the changes did you reject?

A. I don't remember. I just remember the process, but I don't remember the contents.

July 22, 2011, Larson Dep. Tr. at 298:12-15, 300:11-12, 310:20-311:22, 312:3-314:3.

Ms. Larson's description of her response letter to Michael's May 13, 2003, letter confirms the Toberoff Timeline's claim that Ms. Larson wrote a responsive letter and that Mr. Toberoff edited it:

July 5, 2003. Laura Siegel reveals her ignorance of Toberoff's dubious actions in her return letter back to Michael --- MT has NOT told them he is about to enter into the PPC agreement, whereby MT *personally* will have a 50% of the Schuster interest in Superman. He will shortly own equal to what Joanne owns (25% of entire copyright), and double what Laura owns, *but MT has failed to disclose this.* The Schusters – through the Pacific Pictures Corp agreement – gave MT half of what they had.  MT never had the intention to make a movie in competition to the one at Warners – it is tantamount to throwing $$$ away, but it does appeal to the heirs' sense of lost ownership.  MT never did want to make a movie, and exploit the rights.  MT knows no one is going to invest in an outside movie project outside of Warner Brothers, though he uses Ari Emanuel, the agent, to legitimize his claims. *(please see enclosed letter)*

EXHIBIT 23
225

O'MELVENY & MYERS LLP

August 11, 2011 - Page 5

> Also, in the letter back to Michael Siegel, that MT helped Laura Siegel draft --- in response to Michael's accusations of Toberoff, Laura clearly states that MT does *not* have a production company. (This is false – Marc Toberoff's IPW has been in existence, partly funded by Ari Emanuel, since at least 2002). In the draft of the letter, MT crossed out the statement that he does not have a production company, and writes " MT has not plans to produce a SUPERMAN movie, nor is this feasible given the division of ownership of the rights." (please see enclosed letter). **This clearly delineates that Toberoff never had the intention of making a movie, and approached the Siegels and Schusters separately ---- not for the exploitation of rights as he initially asserted, but to gain an unconscionable fee from a very large possible settlement with Time Warner.**

FAC Ex. A at 65-66. The Toberoff Timeline notes that it enclosed a copy of Ms. Larson's responsive letter to her brother, yet defendants have never produced that document.

Defendants notably do not deny—either in your two recent letters on the subject, or during ou meet-and-confer with Mr. Toberoff in New Mexico—that the non-privileged letter that Ms. Larson wrote to her half-brother and the accompanying drafts of it about which she testified exist in your and/or her files. Nor do you disclose whether the letter and drafts of it are among the documents listed on your privilege logs or at what entries—*i.e.*, entries on which DC moved to compel production or not.

Because of this ambiguity, which you decline to help clarify, we will need to file the motion for these documents as one to compel and/or, in the alternative, as one for reconsideration. Even if it is the latter, we have studied the Magistrate's stated reasons for declining to compel the production of this document:

> The Court feels, however, that reconsideration is not appropriate as to the July 11th letter. Knowing the specific language of the May 13 letter does not tell much about the July 11th letter. There's nothing to demonstrate that the prior orders long ago upheld on the grounds that DC Comics did not seek review of this Court's earlier ruling were materially wrong.
>
> Even more so, the May 13th letter does not justify a different ruling on the July 5th letter. As the Court previously stated, the defendants clearly stated that such a letter did not exist. Plaintiff asserts that maybe it exists in a different form or with a different date, but the Court declines to order defendants to undertake a vague or amorphous further search.

June 20, 2011, Hr'g Tr. at 19. Ms. Larson's recent deposition testimony makes clear that defendants need not engage in a "vague or amorphous further search" to see if her letter and the drafts of it described in her deposition and in the Timeline exist. *Id.* Moreover, Magistrate Zarefsky's June 20 ruling was focused on the May 13 letter; he did not have Ms. Larson's testimony before him, which she gave almost a month later, on July 22, 2011.

**EXHIBIT 23**
**226**

O'MELVENY & MYERS LLP

August 11, 2011 - Page 6

3.  As for the Toberoff defendants' document production, we believe we have fully met and conferred on these issues, but so there is no argument to the contrary, attached is a proposed order specifying exactly what documents we intend to move on.  We have limited those issues to the following 12 categories.  We raised each in our June 1 and July 7 correspondence, but we can discuss those issues on a Rule 37 call, within the next 10 days, as needed:

a.  Drafts of agreements.  As we pointed out and excerpted on page 26 of our July 7 letter, Mr. Peary testified at his deposition that "[t]here were drafts" of the 2001 Pacific Pictures agreement that "went back and forth," but no such drafts have been produced.  Toberoff Request No. 12 seeks "All DOCUMENTS created during or since 1997 RELATING to or affecting the disposition, division, or ownership of any rights in SUPERMAN and/or SUPERBOY," and our July 7 letter specifically mentioned drafts of the Pacific Pictures agreements as within the category of documents sought by that request.  July 7 Letter at 5.  Drafts of any other agreements between defendants likewise fall within this category.  Will you be producing such drafts, or is it your position that no such drafts exist?

b.  Toberoff's ownership interest.  The 2001 and 2003 Pacific Pictures agreements provide for the transfer of 50% of the Shusters' purported rights to the joint venture if the venture were "terminated for any reason."  DC's proposed order seeks any document transferring, assigning, or disclaiming such rights by Mr. Toberoff's companies, as Pacific Pictures contributed its "current IP business" to IP Worldwide in February 2002, EN 00001-7, and IP Worldwide later transferred its rights to IPW, Nov. 17, 2006 Toberoff Dep. Tr. at 45:6-15.  At deposition, Mr. Peary asserted that Paragraph 9 of the Shusters' retainer agreement "supersedes all prior and contemporaneous understandings" between Mr. Toberoff and the Shusters, but could identify no document by which Pacific Pictures itself disclaimed any such interest.  June 29, 2011, Peary Dep. Tr. 335:16-340:2; *see also* July 7 Letter at 27.  If it is your position that no such documents exist—and defendants intend to produce no further documents in response to Toberoff Request Nos. 12-15, 29, 40, 41; Pacific Pictures Request Nos. 24-25, 27-28; IP Worldwide Request No. 24, 25, 27—please let us know.  The "if any" language in your responses is not conclusive on this point.  Have you made your full production and do no such documents exist, or will you be producing more?

As noted in the proposed order, DC also seeks unredacted copies of all documents showing what interest, if any, Ari Emanuel holds in those rights.  We understand you refuse to produce such unredacted copies.  Is it your position that no part of the Ari Emanuel documents that you redacted, EN 00001-142, relates to Superman, the Shusters, or the Siegels?  A review of what Endeavor produced suggests that might not be the case.  *Cf.* EN 00142 (redacted page with words "Toberoff" and "Superman - may find problem now, but doesn't surface until after the term.").  We need your clear position on this and want to discuss the redactions on our call.

c.  Meetings with the Siegels or Shusters in 2001 and 2002.  Toberoff Request Nos. 27 and 28, Pacific Pictures Request No. 19, and IP Worldwide Request No. 18 seek documents related to the introduction of those defendants to the Siegels and Shusters.  Our July 7 letter made clear for each of these requests that DC seeks "phone records, calendar logs, [or]

**EXHIBIT 23**
**227**

O'MELVENY & MYERS LLP

August 11, 2011 - Page 7

correspondence setting up meetings." July 7 Letter at 6-7, 16, 20. Defendants responded that they would produce all "non-privileged documents, if any," responsive to these requests, but produced no such documents. We find it difficult to believe that no phone or calendar records—physical or electronic—or correspondence exist setting up, confirming, or reflecting the dates on which these initial meetings between defendants occurred. *Cf.* July 22, 2011, Larson Dep. Tr. at 125-28, 131-39; June 29, 2011, Peary Dep. Tr. at 101-07. Is it defendants' position that no such documents exist? If it is, please let us know so clearly.

d. <u>Toberoff's marketing efforts.</u> Toberoff Request No. 15 seeks "All DOCUMENTS created during or since 1997 RELATING to the potential sale, assignment, license, or other disposition of any rights RELATING to SUPERMAN and/or SUPERBOY, including but not limited to any solicitation, offer, option, or proposed agreement." As noted in our August 3 letter, while the August 1 interrogatory responses of Mr. Toberoff's business entities make clear that they engaged in no efforts to market the purported rights of the Siegels or Shusters to third-party investors, it is unclear the extent to which Mr. Toberoff has otherwise engaged in such efforts. Your August 10 letter does not clarify whether Mr. Toberoff will respond to the DC's proposed interrogatories on this subject, which we enclosed with our August 3 letter. On July 15, Mr. Toberoff agreed to produce any responsive, non-privileged documents, but his July 18 production of one page included no new documents on this topic. If it is your contention that no such documents exist, please let us know so definitively.

e. <u>Corporate documents.</u> As our July 7 letter made clear, Toberoff Request Nos. 56(a)-(d), 57(a)-(d), and 58(a)-(d); Pacific Pictures Request Nos. 31 and 33; IP Worldwide Request Nos. 32, 33, and 34; and IPW Request Nos. 27 and 29 removed the "RELATING" language that defendants originally objected to as overbroad, replaced it with narrowed requests for documents "identifying" or "evidencing" relevant aspects of Mr. Toberoff's business entities, and clarified that DC does not seek "every transaction in which [defendants] ever engaged." *E.g.*, July 7 Letter at 13. Despite the clarification, defendants simply reiterated that Magistrate Zarefsky originally denied DC's motion as to these requests as "calling for everything there is about companies with which Mr. Toberoff has been associated." This response fails to engage on the current issues, as detailed by DC's exhaustive July 7 letter. If you are willing to stipulate that Mr. Toberoff is bound to his companies' actions as its alter-ego and agent, we can forego or limit these requests. Otherwise, DC is entitled to discovery related to veil-piercing factors such as commingling of funds and assets, adequate capitalization, disregard of corporate formalities, etc. *See Sonora Diamond.*, 83 Cal. App. 4th at 538-39. Do you refuse to produce such documents?

f. <u>Ari Emanuel documents.</u> Despite Mr. Toberoff's "long-standing relationship with Mr. Emanuel" referred to by Ms. Brill's February 2011 correspondence, defendants have not listed a single communication with Mr. Emanuel on their privilege logs on this case. As noted on page 28 of our July 7 letter, defendants have produced in this matter only *seven pages* of non-substantive e-mails between Mr. Toberoff and Mr. Emanuel, including *zero* from Mr. Emanuel himself. Is it really defendants' position that they possess, control, or have custody of *no* communications from Mr. Emanuel relating to Superman, Superboy, or the Siegel or Shuster heirs? If so, please let us know that is the case clearly.

**EXHIBIT 23**
**228**

O'MELVENY & MYERS LLP

August 11, 2011 - Page 8

    g.  <u>Conflict disclosures and waivers.</u>  Toberoff Request No. 30 seeks "All COMMUNICATIONS RELATING to any disclosure of a potential or actual conflict of interest by or to YOU, the SIEGEL HEIRS, or SHUSTER HEIRS," and Request No. 31 seeks any "waiver or acknowledgement" of the same.  Mr. Toberoff stated he would produce "responsive, non-privileged documents, if any" pertaining to that request, but has produced no such documents, despite both Mr. Peary and Ms. Larson admitting to having signed such conflict waivers.  June 29, 2011, Peary Dep. Tr. at 93:24-95:12; July 22, 2011, Larson Dep. Tr. at 31:10-36:22.

    During our meet and confer on July 20, we asked that you identify the privilege log entries that correspond to the conflict waiver that Mr. Peary signed in 2010, but you refused.  At present, we have no way of knowing whether that document—or any of the conflict-related correspondence identified by Ms. Larson—is identified on defendants' privilege logs; there are well over 500 entries on Mr. Toberoff's log from 2010 alone, all identified simply as "E-mail," "Letter," or "Facsimile."  Moreover, you have provided no case law or authority underlying your assertion that such a communication constitutes the provision of legal advice.  Nor have you provided any response to DC's case law on this point.  *E.g.*, *Maine Baptist Church v. Regions Bank*, 207 WL 1445257, at *2-3 (E.D. Mo. May 10, 2007) ("The production of conflict memoranda, new matter forms, and correspondence regarding conflicts is not protected by the attorney-client privilege or work product doctrine.").  What is your position on these issues?

    h.  <u>Documents obtained before meeting heirs.</u>  Mr. Toberoff stated he would produce documents relating to the Siegels or Shusters obtained prior to his initial contact with them, but has produced none.  *See* Toberoff Request Nos. 9(a-b).  At his deposition he testified to reading "the Siegels' termination notice or a copy of one of their termination notices on the internet" and that news of their termination efforts "was all over the internet."  Nov. 17, 2007 Toberoff Dep. Tr. at 85:16-86:12, 140:7-24.  Such documents should be produced.  If it is defendants' position that no such documents exist, please so advise us.

    i.  <u>Valuations.</u>  Defendants' July 15 responses agreed to produce "All DOCUMENTS created during or since 1995 RELATING to the valuation of any past, current, or potential ownership interest in SUPERMAN and/or SUPERBOY," "if any."  Toberoff Request No. 18; Pacific Pictures Request No. 15; IP Worldwide Request No. 15.  If no such documents exist or you are claiming privilege over any such documents, please state so clearly.

    j.  <u>Communications with Kevin Marks.</u>  Toberoff Request Nos. 42(a-b) and 44 seek documents relating to communications with Kevin Marks, and while Mr. Toberoff agreed to produce documents as to all three requests, no new documents were produced.  July 15, 2011, Toberoff Responses at 19-21 ("Toberoff will produce the responsive, non-privileged documents, if any").  Let us know.  If none exist, please let us know.

    k.  <u>Communications with Michael Siegel.</u>  Toberoff Request Nos. 46 and 48 seek documents relating to communications with Michael Siegel and, again, Mr. Toberoff agreed to produce any such documents, but produced none.  July 15, 2011, Toberoff Responses at 21-23

**EXHIBIT 23**
**229**

O'MELVENY & MYERS LLP

August 11, 2011 - Page 9

("Toberoff will produce the responsive, non-privileged documents, if any").  If none exist, please let us know.  If no such documents exist, please state so.

l.  <u>Communications with David Michaels.</u>  On April 4, DC moved to compel the production of defendants' communications with David Michaels.  Docket No. 205 at 13-16.  In opposing that motion, defendants argued:

> Michaels communicated with the Siegels in connection with his potential representation of them, and discussed their case, based on privileged and confidential information he obtained while working for Toberoff & Associates as their attorney.  It is well-established that "consulting" an attorney as to retention, if any, is considered to entail the provision of "legal advice" and is protected by the attorney-client privilege. *See Barton v. United States Dist. Court*, 410 F.3d 1104, 1108 (9th Cir. 2005) ("privilege applied to pre-employment communications with an attorney by a prospective client").  Thus, there is no basis to assert that Michaels' communications with the Siegels are not privileged, regardless of whether he was attempting to "steal" a client from Toberoff & Associates.

Docket No. 210 at 11-12.  While Magistrate Zarefsky denied that motion, Docket No. 262 at 4, on July 21, Ms. Larson produced documents related to her communications with Gerry Spence, another attorney she "consult[ed] … as to retention."  LSL 00452-481.  Defendants may not produce documents as to one potential new attorney while withholding documents as to another.  A privilege holder "cannot be allowed, after disclosing as much as he pleases, to withhold the remainder.  He may elect to withhold or disclose, but after a certain point his election must remain final." *Weil v. Inv./Indicators, Research & Mgmt., Inc.*, 647 F.2d 18, 24 (9th Cir. 1981).  Please confirm whether you will now produce the David Michaels letters.

If you decline to produce the documents discussed in paragraphs 3.a-l above, please let us know when we can meet and confer within the next 10 days regarding our motion to compel their production.  We also need to know in the next 10 days what you mean by the following statement for the following document responses:  defendants agree to produce "responsive, non-privileged documents, if any."[1]  As to each of the document requests listed above and in the margin below, it appears you produced no responsive documents to these requests.  Is your production fully complete as to these listed requests, or do documents exist that you have yet to produce?  We need clarity on this.

4.  We take it from your letter that you decline to produce copies of Ms. Peavy's will and the Superman script based on the prior discovery that DC served.  Is that your position?  If so, we need to include this issue in our Rule 37 discussion.

---

[1] Toberoff Request Nos. 9(a-b), 12-15, 18, 27-32, 40-41, 42(a-b), 44, 46, 48; Pacific Pictures Request Nos. 15, 19, 24, 27-28; IP Worldwide Request Nos. 15, 18, 24, 27.

**EXHIBIT 23**

**230**

O'Melveny & Myers llp
August 11, 2011 - Page 10

    5.  Finally, as we asked Mr. Toberoff when we met in New Mexico, please let us know if you can commit to a date certain in September—*i.e.*, no later than September 9—to complete your review of Ms. Larson's files and to update her privilege logs.  This date gives defendants more than a month to do this work.  Despite your claims to the contrary, important new documents were revealed at her deposition that heretofore had never been produced.  This includes the extension of the IP Worldwide agreement that defendants never before produced, July 22, 2011, Larson Dep. Tr. at 60:4-62:1, 64:3-23; IPWW 00006-7, and Ms. Larson's testimony about her correspondence with her brother, *e.g.*, July 22, 2011, Larson Dep. Tr. at 246-47, 299, 310-14, which you continue to refuse to produce or discuss with us.

    All of DC's rights are reserved.

                    Very truly yours,

                    /s/ Matthew T. Kline

                    Matthew T. Kline
                    of O'Melveny & Myers LLP

cc:    Daniel M. Petrocelli, Esq.
       Laura Brill, Esq.

**EXHIBIT 23**
**231**

1   DANIEL M. PETROCELLI (S.B. #097802)
       dpetrocelli@omm.com
2   MATTHEW T. KLINE (S.B. #211640)
       mkline@omm.com
3   CASSANDRA L. SETO (S.B. #246608)
       cseto@omm.com
4   O'MELVENY & MYERS LLP
    1999 Avenue of the Stars, 7th Floor
5   Los Angeles, CA  90067-6035
    Telephone:  (310) 553-6700
6   Facsimile:    (310) 246-6779

7   PATRICK T. PERKINS (admitted *pro hac vice*)
       pperkins@ptplaw.com
8   PERKINS LAW OFFICE, P.C.
    1711 Route 9D
9   Cold Spring, NY 10516
    Telephone:  (845) 265-2820
10  Facsimile:    (845) 265-2819

11  Attorneys for Plaintiff DC Comics

12              **UNITED STATES DISTRICT COURT**

13              **CENTRAL DISTRICT OF CALIFORNIA**

14  DC COMICS,                          | Case No. CV 10-3633 ODW (RZx)

15          Plaintiff,                  | **DISCOVERY MATTER**

16      v.                              | **[PROPOSED] ORDER GRANTING
                                          DC COMICS' MOTION TO
17  PACIFIC PICTURES                      COMPEL THE PRODUCTION OF
    CORPORATION, IP WORLDWIDE,            DOCUMENTS**
18  LLC, IPW, LLC, MARC TOBEROFF,
    an individual, MARK WARREN
19  PEARY, as personal representative of  **Judge**:        Hon. Otis D. Wright II
    the ESTATE OF JOSEPH SHUSTER,         **Magistrate**:  Hon. Ralph Zarefsky
20  JEAN ADELE PEAVY, an individual,
    LAURA SIEGEL LARSON, an
21  individual and as personal           **Hearing Date**:        Sept. 19, 2011
    representative of the ESTATE OF       **Hearing Time**:        10:00 a.m.
22  JOANNE SIEGEL, and DOES 1-10,         **Courtroom**:            540
    inclusive,                           **Discovery Cutoff**:     None Set
23                                        **Pretrial Conference**:  None Set
            Defendants.                   **Trial**:                None Set
24

25

26

27

28

                                        [PROPOSED] ORDER GRANTING
                                        DC'S MOT. TO COMPEL

                   **EXHIBIT 23**
                       **232**

1    For the reasons set forth in DC Comics' Motion To Compel The Production

2    Of Documents, and for good cause shown:

3    IT IS HEREBY ORDERED that defendants Marc Toberoff, Pacific Pictures

4    Corporation, IP Worldwide, LLC, and IPW, LLC, (the "Toberoff Defendants")

5    shall produce, by September 26, 2011:

6    (1) All drafts and/or correspondence related to negotiations of agreements

7    entered into by any of the Toberoff Defendants related to Superman and/or

8    Superboy, including those drafts described by Mark Warren Peary at deposition:

9    Q.  The [Pacific Pictures] agreement that you did sign

10   which I'll show you in a bit, were there drafts of
     that went back and forth or -- as you recall or
     did you get a document, sign it and return it?

11   A.  There were drafts.  June 29, 2011 Peary Dep. 107:7-11.

12   (2)(a)  All "documents" (as that term is defined in DC's requests for

13   production) in which Pacific Pictures Corporation purports to transfer, assign, or

14   disclaim any rights related to Superman and/or Superboy, including as described in

15   the November 23, 2001, agreement between Pacific Pictures Corporation, Jean

16   Peavy, and Mark Warren Peary;

17   (b)  All "documents" (as that term is defined in DC's requests for production)

18   in which IP Worldwide, LLC purports to transfer, assign, or disclaim any rights

19   related to Superman and/or Superboy;

20   (c)  All "documents" (as that term is defined in DC's requests for production)

21   in which IPW, LLC purports to transfer, assign, or disclaim any rights related to

22   Superman and/or Superboy;

23   (d)  Unredacted copies of the agreements produced by the Endeavor talent

24   agency as EN 00001-7 and EN 00008-19;

25   (3)  All "documents" (as that term is defined in DC's requests for production)

26   evidencing or showing on what dates in 2001 to 2002 any of Toberoff Defendants

27   or Ari Emanuel, on one hand, and Joanne Siegel, Laura Siegel Larson, Michael

28   Siegel, Jean Peavy, and/or Mark Warren Peary or their representatives, on the other

[PROPOSED] ORDER GRANTING
DC'S MOT. TO COMPEL

**EXHIBIT 23**

**233**

1    hand, had any meetings or discussions, whether in-person, telephonic, via written

2    communication or otherwise.  Such meetings include those described in Laura

3    Larson Siegel's July 22, 2011, deposition at pages 125-28, 131-39, and Mark

4    Warren Peary in his June 29, 2011, deposition at pages 101-07.  Such "documents"

5    would include physical or electronic calendar entries, call logs, billing records, e-

6    mails confirming meetings, and/or other such documents establishing when the

7    defendants met and spoke;

8        (4)  All "documents" (as that term is defined in DC's requests for production)

9    related to efforts by Marc Toberoff to market the purported rights of Joanne Siegel,

10   Laura Siegel Larson, Michael Siegel, Jean Peavy, and/or Mark Warren Peary;

11       (5)  All "documents" (as that term is defined in DC's requests for production)

12   identifying the past and present corporate structure and management of Pacific

13   Pictures Corporation, IP Worldwide, LLC, and IPW, LLC, including articles of

14   incorporation/organization, operating agreements, minutes, capital tables, filings,

15   business plans, as well as documents identifying Marc Toberoff's role and

16   ownership interest in those companies.  Such documents are relevant to DC's alter-

17   ego and agency claims, which defendants, dispute.  *See, e.g.*, *Associated Vendors,*

18   *Inc. v. Oakland Meat Co.*, 210 Cal. App. 2d 825, 838-40 (1962);

19       (6)  All "documents" (as that term is defined in DC's requests for production)

20   relating to communications between any of the defendants and Ariel Emanuel that

21   pertain in any way to Superman, Superboy, Joanne Siegel, Laura Siegel Larson,

22   Mark Warren Peary, and/or Jean Peavy;

23       (7)  All "communications" (as that term is defined in DC's requests for

24   production) among any of the defendants relating to the disclosure of any potential

25   or actual conflict of interest, or waiver or acknowledgement of the same, including

26   those referred to by Mr. Peary at pages 93:24-95:12 of his June 29 deposition, and

27   by Ms. Larson at her July 22 deposition, at pages 31:10-36:22;

28

[PROPOSED] ORDER GRANTING
DC'S MOT. TO COMPEL

**EXHIBIT 23**
**234**

1    (8)  All "documents" (as that term is defined in DC's requests for production)

2    related to Mark Warren Peary and/or Jean Peavy obtained by the Toberoff

3    Defendants prior to November 23, 2001;

4    (9)  All "documents" (as that term is defined in DC's requests for production)

5    related to Joanne Siegel and/or Laura Siegel Larson obtained by the Toberoff

6    Defendants prior to October 3, 2002;

7    (10)  All "documents" (as that term is defined in DC's requests for

8    production) created between 2000 and the present relating to the valuation of any

9    past, current, or potential ownership interest in Superman and/or Superboy;

10    (11)  All "documents" (as that term is defined in DC's requests for

11    production) relating to communications with Kevin Marks relating to Joanne

12    Siegel, Laura Siegel Larson, Mark Warren Peary, and/or Jean Peavy, including

13    documents related to the letter from Mr. Marks to Ms. Siegel and/or Ms. Larson

14    described at Docket No. 49, Ex. A at 63, and identified by Ms. Larson at her

15    deposition, Transcript 144:6-146:7;

16    (12)  All "documents" (as that term is defined in DC's requests for

17    production) relating to communications between David Michaels and any of the

18    defendants, including but not limited to those listed at entries 1063-72, 3476-77 of

19    the Toberoff privilege log.

20    IT IS SO ORDERED.

21

22    Dated:                          _____

23                                    Honorable Ralph Zarefsky
                            Magistrate Judge, United States District Court

24

25

26

27

28

[PROPOSED] ORDER GRANTING
DC'S MOT. TO COMPEL

**EXHIBIT 23**
**235**

# EXHIBIT 24

**Attachments:**          8.11.11 Letter.pdf

---

**From:** Hayden, Aaron
**Sent:** Thursday, August 25, 2011 6:02 PM
**To:** 'mtoberoff@ipwla.com'; 'Keith Adams'; 'nwilliamson@ipwla.com'; 'rkendall@kbkfirm.com'; 'lbrill@kbkfirm.com'; 'ndaum@kbkfirm.com'
**Cc:** Petrocelli, Daniel; Kline, Matthew; Seto, Cassandra
**Subject:** DC v. Pacific Pictures

Counsel, please see the email below sent on behalf of Matt Kline.

*          *          *

Counsel:

On August 11, we sent the attached letter requesting, *inter alia*, a Rule 37 conference on DC's requests for production directed to the Toberoff defendants.  On page 6, we noted that each issue had been previously raised "in our June 1 and July 7 correspondence, but we can discuss those issues on a Rule 37 call, within the next 10 days" and reiterated, on page 9, our request to "meet and confer within the next 10 days regarding our motion to compel."  In the fourteen days since we requested a meeting, you have neither responded in writing or agreed to a date or time to meet, as required by Local Rule 37-1.

We are willing to attempt one final time to confer on these issues.  Please let us know a time tomorrow or Monday when you are available.  DC reserves all rights.

Very truly yours,

Matt Kline

1

**EXHIBIT 24**
**236**

# EXHIBIT 25

# O'MELVENY & MYERS LLP

BEIJING
BRUSSELS
HONG KONG
LONDON
LOS ANGELES
NEWPORT BEACH
NEW YORK

1999 Avenue of the Stars, 7th Floor
Los Angeles, California 90067-6035

TELEPHONE (310) 553-6700
FACSIMILE (310) 246-6779
www.omm.com

SAN FRANCISCO
SHANGHAI
SILICON VALLEY
SINGAPORE
TOKYO
WASHINGTON, D.C.

August 30, 2011

OUR FILE NUMBER
905900-321

WRITER'S DIRECT DIAL
(310) 246-6707

WRITER'S E-MAIL ADDRESS
jtokoro@omm.com

**VIA E-MAIL**

Marc Toberoff
Toberoff & Associates, P.C.
2049 Century Park East, Suite 3630
Los Angeles, California 90067

Richard Kendall
Kendall Brill & Klieger LLP
10110 Santa Monica Blvd., Suite 1725
Los Angeles, California 90067

> **Re:** *DC Comics v. Pacific Pictures Corp. et al.*, **CV-10-3633 (ODW) (RZx)**

Dear Counsel:

We write in response to last night's filing of the Toberoff Defendants' Reply Memorandum In Support Of Motion To Strike Plaintiff's State Law Causes of Action Pursuant To California's Anti-SLAPP Law. Attached as Exhibit D to Mr. Toberoff's declaration in support of defendants' reply is a letter agreement between defendants Mark Warren Peary, Jean Adele Peavy, and Mr. Toberoff dated August 2, 2011. Docket No. 314-2 at 118-19. Prior to yesterday, defendants had neither produced nor logged the August 2 letter, despite it being clearly responsive to DC Comics' document requests.[1] Defendants' withholding of the August 2 letter—and any other similar documents that may exist—is totally improper and violates defendants' discovery obligations. Defendants are not allowed to selectively disclose documents and waive privileges when they believe it is to their benefit.

---

[1] *E.g.*, Peary Request No. 1 ("All agreements between or among YOU and any DEFENDANTS regarding the SHUSTER HEIRS' purported rights in Superman and/or SUPERBOY."); Peary Request No. 6 ("All DOCUMENTS relating to or affecting the disposition, division, or ownership of any rights in SUPERMAN and/or SUPERBOY."); Toberoff Request No. 2 ("All agreements between or among YOU and any DEFENDANT RELATING to the SHUSTER HEIRS' purported rights in SUPERMAN and/or SUPERBOY."); Toberoff Request No. 3 ("All agreements between or among YOU and any DEFENDANT."); Toberoff Request No. 10 ("All DOCUMENTS RELATING to your past, current, or potential ownership interest in any rights in SUPERMAN and/or SUPERBOY."); Toberoff Request No. 13 ("All DOCUMENTS RELATING to or affecting the disposition, division, or ownership of any rights in SUPERMAN and/or SUPERBOY.").

**EXHIBIT 25**
**237**

O'MELVENY & MYERS LLP
August 30, 2011 - Page 2

First, the August 2 letter indicates that it was delivered to Mr. Peary and Ms. Peavy "Via E-Mail." Defendants have never produced or logged the cover email attaching the document. DC requests that defendants produce or log the cover email by no later than Friday, September 2, 2011. If defendants refuse to do so, we request a conference to discuss this issue pursuant to Local Rule 37. Please provide us with a date this week when you are available to meet and confer.

Second, there is absolutely no basis for defendants' secretion of this document. Defendants do not claim the document is privileged or dispute that it is responsive to DC's document requests. On December 7, 2010, the Court entered a stipulated order compelling defendants to produce or list on a privilege log all responsive documents. Docket No. 133 at 1. Defendants are obligated to supplement their prior discovery responses on an ongoing basis where documents come into their possession after an earlier response. *See* FED. R. CIV. P. 26(e)(1); *U.S. v. Boyce*, 148 F. Supp. 1069, 1088 (S.D. Cal. 2001); WILLIAM W. SCHWARZER ET AL., RUTTER GROUP PRACTICE GUIDE: FEDERAL CIVIL PROCEDURE BEFORE TRIAL §§ 11:1241-11:1262 (2011). DC requests that defendants supplement their document production or confirm that all responsive documents have been produced or logged.

Very truly yours,

Jason H. Tokoro
for O'MELVENY & MYERS LLP

cc:    Daniel M. Petrocelli, Esq.
       Matthew T. Kline, Esq.

**EXHIBIT 25**
**238**

# EXHIBIT 26

# TOBEROFF & ASSOCIATES, P.C.

A PROFESSIONAL CORPORATION

2049 CENTURY PARK EAST, SUITE 3630
LOS ANGELES, CALIFORNIA 90067

MARC TOBEROFF*
NICHOLAS C. WILLIAMSON
KEITH G. ADAMS
JEFFREY R. RHOADS

* Also admitted in New York

TELEPHONE
(310) 246-3333

FACSIMILE
(310) 246-3101

mtoberoff@ipwla.com

September 1, 2011

Via E-Mail

Matthew Kline
O'Melveny and Myers LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067

Re:    *DC Comics v. Pacific Pictures Corp., et al.*, Case No. 10-CV-03633 ODW (RZx)

Matt:

I write in response to your August 11, 2011 letter, regarding the discovery responses and document production of defendants Marc Toberoff, Pacific Pictures Corporation, IP Worldwide, LLC, and IPW, LLC. As we have stated on many occasions, the vast majority of the responsive, non-privileged documents have already been produced or logged, in the *Siegel* litigation and/or this one.

a. *Drafts of agreements:* We have been unable to locate the drafts of the Pacific Pictures Agreements that DC requests.

b. *Toberoff's ownership interest:* A recent confirmation letter regarding Pacific Pictures Corporation's lack of any continuing interest following the cancellation of the "Pacific Pictures Agreements" was filed recently and is produced herewith. Defendants have located no other responsive, non-privileged documents.

The redacted portions of the Endeavor production do not relate to this litigation, Superman, the Shusters, or the Siegels.

c. *Meetings with the Siegels or Shusters in 2001 and 2002:* We have been unable to locate any responsive "phone or calendar records—physical or electronic—or correspondence" that set up, confirmed, or reflected such meetings, which took place a decade ago.

d. *Toberoff's marketing efforts:* The responsive, non-privileged documents on this topic were produced in December 2010, and defendants have no additional responsive, non-privileged documents to produce at this time.

**EXHIBIT 26**
**239**

**TOBEROFF & ASSOCIATES, P.C.**

September 1, 2011
Re:     *DC Comics v. Pacific Pictures Corp.*
Page:   2 of 3

Mr. Toberoff fully responded to DC's interrogatories, and we addressed this subject in correspondence dated August 10-12; we see no need for further discussion on this subject.

e. *Corporate documents:* DC's requests on these topics were overbroad and were specifically rejected by Magistrate Zarefsky, as DC is not entitled to "everything there is about companies with which Mr. Toberoff has been associated." Docket No. 262 at 5. DC's current demand for all financial and corporate documents continues to seek documents that have no relevance or bearing on this litigation, and is not materially different than DC's denied requests.

f. *Ari Emanuel documents:* Defendants produced the non-privileged responsive communications with Ari Emanuel in their possession, custody or control relating to Superman, Superboy, the Siegels or the Shusters.

g. *Conflict disclosures and waivers:* The conflict waivers DC seeks are privileged and have been duly logged. DC is not entitled to such waivers or related documents. DC's cited authority, *East Maine Baptist Church v. Regions Bank*, 2007 U.S. Dist. LEXIS 34408, at *7-*10 (E.D. Mo. May 10, 2007) does not support DC's position, as it: (a) concerns internal conflict *checks* by a law firm, not conflict *waivers* between attorneys and their clients; (b) occurred in the context of class action certification in which the Court had to review such conflict checks under F.R.C.P. 23(g) to determine whether class counsel could provide fair and adequate representation; and (c) expressly recognized that such documents could contain privileged communications, and invited the responding party to claim the privilege and submit a privilege log.

h. *Documents obtained before meeting heirs:* We have been unable to locate any non-privileged responsive documents (*e.g.,* documents dated or printed before Fall 2001), and note that DC is asking for peripheral documents in Mr. Toberoff's possession over a decade ago.

i. *Valuations:* The only "valuation" was conducted during the course of the *Siegel* litigation and associated mediation proceedings, and has been duly logged as attorney work product.

j. *Communications with Kevin Marks:* The responsive communications have been produced or logged. DC has already made a motion to compel on this subject which was denied by Magistrate Zarefsky. *See* Docket No. 262 at 4-5.

k. *Communications with Michael Siegel:* The responsive communications that were in our possession previously have been produced or logged, and DC has already made several unsuccessful motions to compel on this subject. We are currently reviewing the Renner Otto electronic archive, which we received only recently.

l. *Communications with David Michaels:* As you note, Magistrate Zarefsky *denied* DC's motion on the subject, and defendants see no basis for DC to seek reconsideration of this issue relating to *2005* communications with David Michaels on the basis of a very limited disclosure of unrelated and brief introductory communications with Gary Spence in 2002.

**EXHIBIT 26**
**240**

**TOBEROFF & ASSOCIATES, P.C.**

September 1, 2011
Re:    *DC Comics v. Pacific Pictures Corp.*
Page:  3 of 3


Nothing in this letter should be construed as a waiver or limitation of any of defendants` rights or remedies, all of which are reserved.

Very truly yours,

Marc Toberoff

**EXHIBIT 26**
**241**

# TOBEROFF & ASSOCIATES, P.C.

A PROFESSIONAL CORPORATION

2049 CENTURY PARK EAST, SUITE 3630
LOS ANGELES, CALIFORNIA 90067

MARC TOBEROFF•
NICHOLAS C WILLIAMSON
KEITH G ADAMS
JEFFREY R. RHOADS

• Also admitted in New York

TELEPHONE
(310) 246-3333

FACSIMILE
(310) 246-3101

mtoberoff@ipwla.com

August 2, 2011

Via E-Mail

Mark Warren Peary
Jean Adele Peavy
51 Camino Cabo
Santa Fe, New Mexico 87508

Re:    Pacific Pictures Agreements

Mark:

This is to confirm your and our understanding that the retainer agreement between Mark Warren Peary, Jean Adele Peavy and the Law Offices of Marc Toberoff (now Toberoff & Associates, P.C.), dated as of November 23, 2001 (the "Retainer Agreement"), completely replaced and superseded the November 23, 2001 agreement between Pacific Pictures Corporation, Jean Adele Peavy and Mark Warren Peary, as well as the October 27, 2003 agreement between Pacific Pictures Corporation and Mark Warren Peary (the "PPC Agreement(s)"), and that no provisions of the PPC Agreements, including paragraph 8 of the 2001 PPC Agreement and paragraph 7 of the 2003 PPC Agreement, survived or had any continuing force or effect after the Retainer Agreement was executed.

This also serves to confirm your and our understanding that the September 10, 2004 letter between Pacific Pictures Corporation, Mark Warren Peary and Jean Adele Peavy totally cancelled the PPC Agreements, and that no term of the PPC Agreements, including paragraph 8 of the 2001 PPC Agreement and paragraph 7 of the 2003 PPC Agreement, was intended to survive such cancellation.

Pacific Pictures Corporation has been dissolved, and Marc Toberoff is its successor in interest. For the avoidance of doubt, in the unlikely event that any right, title or interest of Pacific Pictures Corporation under either of the PPC Agreements is deemed to have nonetheless survived your and our mutual cancellation and replacement of the PPC Agreements, Mr. Toberoff hereby quitclaims any such right, title or interest of Pacific Pictures Corporation to the Estate of Joseph Shuster.

This letter, including the above quitclaim, shall have no affect on the parties' rights and obligations under the Retainer Agreement, all of which are expressly preserved.

MWP 00058

**EXHIBIT 26**
**242**

**TOBEROFF & ASSOCIATES, P.C.**

August 2, 2011
Re:     Pacific Pictures Agreements
Page:   2 of 2

Very truly yours,

Marc Toberoff

AGREED:

The Estate of Joseph Shuster

Mark Warren Peary,
as Personal Representative

Mark Warren Peary

Jean Adele Peavy

Marc Toberoff,
as successor to Pacific Pictures Corporation

MWP 00059

**EXHIBIT 26**
**243**

# TOBEROFF & ASSOCIATES, P.C.

A PROFESSIONAL CORPORATION

2049 CENTURY PARK EAST, SUITE 3630
LOS ANGELES, CALIFORNIA 90067

MARC TOBEROFF•
NICHOLAS C WILLIAMSON
KEITH G ADAMS
JEFFREY R. RHOADS

• Also admitted in New York

TELEPHONE
(310) 246-3333

FACSIMILE
(310) 246-3101

mtoberoff@ipwla.com

August 2, 2011

<u>Via E-Mail</u>

Mark Warren Peary
Jean Adele Peavy
51 Camino Cabo
Santa Fe, New Mexico 87508

Re:     <u>Pacific Pictures Agreements</u>

Mark:

This is to confirm your and our understanding that the retainer agreement between Mark Warren Peary, Jean Adele Peavy and the Law Offices of Marc Toberoff (now Toberoff & Associates, P.C.), dated as of November 23, 2001 (the "Retainer Agreement"), completely replaced and superseded the November 23, 2001 agreement between Pacific Pictures Corporation, Jean Adele Peavy and Mark Warren Peary, as well as the October 27, 2003 agreement between Pacific Pictures Corporation and Mark Warren Peary (the "PPC Agreement(s)"), and that no provisions of the PPC Agreements, including paragraph 8 of the 2001 PPC Agreement and paragraph 7 of the 2003 PPC Agreement, survived or had any continuing force or effect after the Retainer Agreement was executed.

This also serves to confirm your and our understanding that the September 10, 2004 letter between Pacific Pictures Corporation, Mark Warren Peary and Jean Adele Peavy totally cancelled the PPC Agreements, and that no term of the PPC Agreements, including paragraph 8 of the 2001 PPC Agreement and paragraph 7 of the 2003 PPC Agreement, was intended to survive such cancellation.

Pacific Pictures Corporation has been dissolved, and Marc Toberoff is its successor in interest. For the avoidance of doubt, in the unlikely event that any right, title or interest of Pacific Pictures Corporation under either of the PPC Agreements is deemed to have nonetheless survived your and our mutual cancellation and replacement of the PPC Agreements, Mr. Toberoff hereby quitclaims any such right, title or interest of Pacific Pictures Corporation to the Estate of Joseph Shuster.

This letter, including the above quitclaim, shall have no affect on the parties' rights and obligations under the Retainer Agreement, all of which are expressly preserved.

**MWP 00058**

**TOBEROFF & ASSOCIATES, P.C.**

August 2, 2011
Re:    Pacific Pictures Agreements
Page:   2 of 2

Very truly yours,

Marc Toberoff

AGREED:

The Estate of Joseph Shuster

Mark Warren Peary,
as Personal Representative

Mark Warren Peary

Jean Adele Peavy

Marc Toberoff,
as successor to Pacific Pictures Corporation

MWP 00059

# TOBEROFF & ASSOCIATES, P.C.

A PROFESSIONAL CORPORATION

2049 CENTURY PARK EAST, SUITE 3630
LOS ANGELES, CALIFORNIA 90067

MARC TOBEROFF*
NICHOLAS C. WILLIAMSON
KEITH G. ADAMS
JEFFREY R. RHOADS

* Also admitted in New York

TELEPHONE
(310) 246-3333

FACSIMILE
(310) 246-3101

mtoberoff@ipwla.com

August 2, 2011

<u>Via E-Mail</u>

Mark Warren Peary
Jean Adele Peavy
51 Camino Cabo
Santa Fe, New Mexico 87508

Re:    <u>Pacific Pictures Agreements</u>

Mark:

This is to confirm your and our understanding that the retainer agreement between Mark Warren Peary, Jean Adele Peavy and the Law Offices of Marc Toberoff (now Toberoff & Associates, P.C.), dated as of November 23, 2001 (the "Retainer Agreement"), completely replaced and superseded the November 23, 2001 agreement between Pacific Pictures Corporation, Jean Adele Peavy and Mark Warren Peary, as well as the October 27, 2003 agreement between Pacific Pictures Corporation and Mark Warren Peary (the "PPC Agreement(s)"), and that no provisions of the PPC Agreements, including paragraph 8 of the 2001 PPC Agreement and paragraph 7 of the 2003 PPC Agreement, survived or had any continuing force or effect after the Retainer Agreement was executed.

This also serves to confirm your and our understanding that the September 10, 2004 letter between Pacific Pictures Corporation, Mark Warren Peary and Jean Adele Peavy totally cancelled the PPC Agreements, and that no term of the PPC Agreements, including paragraph 8 of the 2001 PPC Agreement and paragraph 7 of the 2003 PPC Agreement, was intended to survive such cancellation.

Pacific Pictures Corporation has been dissolved, and Marc Toberoff is its successor in interest. For the avoidance of doubt, in the unlikely event that any right, title or interest of Pacific Pictures Corporation under either of the PPC Agreements is deemed to have nonetheless survived your and our mutual cancellation and replacement of the PPC Agreements, Mr. Toberoff hereby quitclaims any such right, title or interest of Pacific Pictures Corporation to the Estate of Joseph Shuster.

This letter, including the above quitclaim, shall have no affect on the parties' rights and obligations under the Retainer Agreement, all of which are expressly preserved.

**MWP 00058**

**EXHIBIT 26**
**242**

**TOBEROFF & ASSOCIATES, P.C.**

August 2, 2011
Re:    Pacific Pictures Agreements
Page:   2 of 2

Very truly yours,

Marc Toberoff

AGREED:

The Estate of Joseph Shuster

Mark Warren Peary,
as Personal Representative

Mark Warren Peary

Jean Adele Peavy

Marc Toberoff,
as successor to Pacific Pictures Corporation

MWP 00059

**EXHIBIT 26**
**243**

# EXHIBIT 27



# O'MELVENY & MYERS LLP

BEIJING                            1999 Avenue of the Stars, 7th Floor                SAN FRANCISCO
BRUSSELS                        Los Angeles, California  90067-6035              SHANGHAI
HONG KONG                                               SILICON VALLEY
LONDON                           TELEPHONE (310) 553-6700                  SINGAPORE
LOS ANGELES                       FACSIMILE (310) 246-6779                      TOKYO
NEWPORT BEACH                         www.omm.com                    WASHINGTON, D.C.
NEW YORK

September 2, 2011

OUR FILE NUMBER
905900-321

**VIA E-MAIL**

WRITER'S DIRECT DIAL
(310) 246-6707

Marc Toberoff
Toberoff & Associates, P.C.
2049 Century Park East, Suite 3630
Los Angeles, California 90067

WRITER'S E-MAIL ADDRESS
jtokoro@omm.com

                Re:     *DC Comics v. Pacific Pictures Corp. et al.*, CV-10-3633 (ODW) (RZx)

Dear Counsel:

      We write in response to your September 1, 2011, letter addressing the deficiencies in defendants Marc Toberoff, Pacific Pictures Corporation, IP Worldwide, LLC, and IPW, LLC's discovery responses and document production.

      First, we believe your positions on the completeness of defendants' document production are untenable and reserve all rights to move to compel further production.  We have fully completed our Rule 37 discussions on these issues and in, fact, you declined our several invitations to speak on these issues.  Your letter does notably fail to close the loop on one issue: the corporate documents of defendants Pacific Pictures Corporation, IP Worldwide, LLC, and IPW, LLC addressed in Toberoff Request Nos. 56-58; PPC Requests 29-31, 33; IP Worldwide Request Nos. 29-30, 32-34; and IPW Request Nos. 24-27, 29 which were discussed in our letters of June 1, 2011, at pages 6-7, 9-10, and 11-12, and of July 7, 2011, at pages 13-14, 18-19, 22-24, and 24-26.  Please provide us with times next week on September 6, 7, 8, or 9, when you can to discuss this issue.  You have ignored our previous invitations of August 11 and August 25 to discuss these issues before.

      Second, you state that you are "currently reviewing the Renner Otto electronic archive," which you claim was "only recently" received.  You did not provide us a date certain when you will complete your review and produce or log the documents contained therein.  Nor have you provide us with a date certain when you will complete your review and produce or log Renner Otto's expert report and its calendar and billing entries regarding Michael Siegel's representation.  It has been 45 days since DC requested those records during Mr. Bulson's July 19 deposition.

**EXHIBIT 27**
**244**

O'Melveny & Myers llp
September 2, 2011 - Page 2

     <u>Third</u>, you still have not provided us a date certain when defendant Laura Siegel Larson will complete her review of the "boxes" of documents in her possession that have never been reviewed, and produce or log responsive documents.  Ms. Larson described these "boxes" of documents during her July 22 deposition—over 40 days ago—yet defendants continue to avoid addressing this failure to meet their discovery obligations.  Please confirm that Ms. Larson will complete her review no later than Friday, September 9.

     <u>Fourth</u>, you have not responded to my letter of August 30 addressing the letter agreement between defendants Mark Warren Peary, Jean Adele Peavy, and Mr. Toberoff dated August 2, 2011.  You produced the August 2 letter—Bates stamped MWP 00058-59—but did produce or log the cover email to Mr. Peary and Ms. Peavy.  Nor did you address the issue of defendants' supplementing their document production or confirming that all responsive documents have been logged or produced.  We will address these issues during the requested meet-and-confer discussed above.

     DC Comics reserves all rights.

                    Very truly yours,

                    Jason H. Tokoro
                    for O'MELVENY & MYERS LLP

cc:   Daniel M. Petrocelli, Esq.
       Richard Kendall, Esq.
       Gerald Berk, Esq.
       Josh Ryland, Esq.

**EXHIBIT 27**
**245**

# EXHIBIT 28

# TOBEROFF & ASSOCIATES, P.C.

A PROFESSIONAL CORPORATION

2049 CENTURY PARK EAST, SUITE 3630
LOS ANGELES, CALIFORNIA 90067

MARC TOBEROFF*
NICHOLAS C. WILLIAMSON
KEITH G. ADAMS
JEFFREY R. RHOADS

\* Also admitted in New York

TELEPHONE
(310) 246-3333

FACSIMILE
(310) 246-3101

mtoberoff@ipwla.com

September 6, 2011

<u>Via E-Mail</u>

Jason Tokoro
O'Melveny and Myers LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067

Re:     <u>*DC Comics v. Pacific Pictures Corp., et al.*, Case No. 10-CV-03633 ODW (RZx)</u>

Jason:

I write in response to your August 30, 2011 letter, regarding the August 2, 2011 letter between Pacific Pictures Corporation, Mark Warren Peary and Jean Adele Peavy.  DC's hyperbole on this issue – that defendants have "withheld" or "secreted" the August 2 letter – is absurd.  DC received the letter on August 29, 2011, three weeks after it was executed, and it was formally produced to DC on September 1, 2011.  F.R.C.P. 26(e)(1) requires that parties supplement their production "in a timely manner" – not the instant a document is created.  DC's demand that documents be produced immediately is especially absurd in light of DC's own practices in *Siegel*, where DC only supplemented documents on a delayed, drawn out schedule.

DC's further exaggerated comment that "Defendants are not allowed to selectively disclose documents and waive privileges" is a *non sequitur*.  As DC acknowledges, Defendants do not claim privilege as to the August 2, 2011 letter.

As to DC's objection that defendants have not produced or logged the cover e-mail to Mr. Peary attaching the August 2 letter, defendants anticipate that they will update their privilege logs this month and will log the "cover" e-mail at that time, rather than on a piecemeal basis as DC suggests.

Very truly yours,

Keith Adams

**EXHIBIT 28**
**246**

# EXHIBIT 29

# TOBEROFF & ASSOCIATES, P.C.

A PROFESSIONAL CORPORATION

2049 CENTURY PARK EAST, SUITE 3630

LOS ANGELES, CALIFORNIA 90067

MARC TOBEROFF*
NICHOLAS C. WILLIAMSON
KEITH G. ADAMS
JEFFREY R. RHOADS

* Also admitted in New York

TELEPHONE
(310) 246-3333

FACSIMILE
(310) 246-3101

mtoberoff@ipwla.com

September 8, 2011

<u>Via E-Mail</u>

Jason Tokoro
O'Melveny and Myers LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067

Re:    <u>*DC Comics v. Pacific Pictures Corp., et al.*</u>, Case No. 10-CV-03633 ODW (RZx)

Dear Jason:

I write in response to your September 2, 2011 letter that concerned various outstanding discovery issues.

1.      DC erroneously claims that our September 1, 2011 letter "notably fail[ed] to close the loop on one issue:  the corporate documents of defendants Pacific Pictures Corporation, IP Worldwide, LLC and IPW, LLC," citing various DC requests for production.  The September 1 letter addressed the issue as follows:

> e.  Corporate documents:  DC's requests on these topics were overbroad and were specifically rejected by Magistrate Zarefsky, as DC is not entitled to "everything there is about companies with which Mr. Toberoff has been associated."  Docket No. 262 at 5. DC's current demand for all financial and corporate documents continues to seek documents that have no relevance or bearing on this litigation, and is not materially different than DC's denied requests.

This response, like defendants' responses to DC's requests, are perfectly clear.

Since June 13, 2011, defendants have repeatedly stated that Toberoff Request Nos. 56-58, PPC Request Nos. 31, 33; IPWW Request Nos. 32-34; and IPW Request Nos. 27, 29 are mere variations on requests that were specifically denied in DC's prior motion to compel.

The other requests cited in DC's letter are PPC Request Nos. 29-30, IPWW Requests Nos. 29-30, and IPW Request Nos. 24-25.

**EXHIBIT 29**
**247**

**TOBEROFF & ASSOCIATES, P.C.**

September 8, 2011
Re:    *DC Comics v. Pacific Pictures Corp.*
Page:  2 of 3

In response to PPC Request No. 30, IPWW Request No. 30, and IPW Request No. 25, which sought documents "identifying" the current corporate status of the respective entities, defendants produced the responsive documents in their possession, custody, or control.

PPC Request No. 29, IPWW Request No. 29, and IPW Request No. 24 sought all documents in any way "involved" in the formation of the entities, "including, articles of organization, operating agreements, minutes, filings, business plans." Such requests are obviously and facially overbroad and, like DC's prior, denied requests, effectively call for "everything" about the companies in question. As stated in defendants' respective responses, defendants are "willing to meet and confer with Plaintiff regarding the tailoring of this request," but DC's "modification of this request and explanation of what it seeks by this request in its July 7, 2011 letter do not sufficiently narrow the documents sought by this overbroad request." DC has in no way offered, despite ample opportunity and numerous letters on this subject since July 7, to narrow these overbroad requests.

2.       As to the Renner Otto expert report and calendar/billing entries, we requested those documents from Renner Otto on August 11 for privilege review on behalf of the estate. As we have not yet received the documents, we sent a second request to Renner Otto today, September 8, requesting such documents.

As to the Renner Otto electronic archive and the form/content of the privilege log to be furnished on behalf of Michael Siegel's estate, that is already the subject of discovery disputes and threatened motion practice by DC, as set forth in DC's August 3 and August 29, 2011 letters. Michael Siegel's estate requests that such disputes be resolved before it incurs the time and expense of having lengthy privilege logs drafted relating to the Renner Otto archive. In any event, such privilege logs will be furnished within a reasonable time.

3.       As stated in Mr. Toberoff's August 10, 2011 letter, "Ms. Larson obtained some materials when she recently cleaned out her late mother, Joanne Siegel's apartment; [] Ms. Larson has searched most of these materials for any responsive documents, and will complete this search upon return from her summer vacation. So far nothing new was located, except for the non-substantive Gary Spence materials that were produced."

Unfortunately, on September 2, 2011, Laura's son James was mugged in Westwood, suffering injuries, and, as a result, Ms. Larson has not completed her review of all of the materials from her mother's apartment. She will complete such review as soon as possible under the circumstances. However, we do not suspect that this review will result in much, if any, additional information, as apparently the materials consist, for the most part, of random personal documents (*e.g.*, bills, etc.).

4.       The August 2, 2011 letter agreement was addressed in Mr. Toberoff's September 6, 2011 letter to Mr. Tokoro.

**EXHIBIT 29**
**248**

**TOBEROFF & ASSOCIATES, P.C.**

September 8, 2011
Re:      *DC Comics v. Pacific Pictures Corp.*
Page:   3 of 3

Nothing in this letter should be construed as a waiver or limitation of any of defendants' rights or remedies, all of which are reserved.

Very truly yours,

Keith G. Adams

**EXHIBIT 29**
**249**

# EXHIBIT 30

# TOBEROFF & ASSOCIATES, P.C.

A PROFESSIONAL CORPORATION

2049 CENTURY PARK EAST, SUITE 3630

LOS ANGELES, CALIFORNIA 90067

MARC TOBEROFF*
NICHOLAS C. WILLIAMSON
KEITH G. ADAMS
JEFFREY R. RHOADS

* Also admitted in New York

TELEPHONE
(310) 246-3333

FACSIMILE
(310) 246-3101

mtoberoff@ipwla.com

September 8, 2011

<u>Via E-Mail</u>

Matthew Kline
O'Melveny and Myers LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067

Re:    <u>*DC Comics v. Pacific Pictures Corp., et al.*, Case No. 10-CV-03633 ODW (RZx)</u>

Matt:

I write on behalf of defendants and the Estate of Michael Siegel (the "Estate") in response to your August 29, 2011 letter regarding Don Bulson's deposition.

1.    <u>Withdrawn Objections:</u>  The objections stated in my August 11, 2011 letter, set forth in section 1 of your August 29, 2011 letter, have been withdrawn.

2.    <u>Documents Conveyed to Mr. Bulson:</u>  DC's ongoing argument that "non-privileged documents do not become privileged because they are sent to an attorney," and that therefore the Estate's objections as to Mr. Siegel's communications with Mr. Bulson about the May 13 letter were improper, continues to miss the mark.

The cases cited by DC concern whether underlying documents are privileged; they do ***not*** concern whether a client's communications with an attorney about such documents are privileged.  *See U.S. v. Osborn,* 561 F.2d 1334, 1339 (9th Cir. 1977) (concerning "business documents" in an attorney's possession); *In re Rupert*, 309 F.2d 97, 99 (6th Cir. 1962) (stating merely that "if the client may be compelled to produce documents in his possession then the attorney may be compelled to produce the same documents when they are in his custody"); *Suezaki v. Super. Ct.*, 58 Cal. 2d 166, 176 (1962) (films made by private investigator, retained by a party's attorney without the party's knowledge, and delivered to the attorney by the investigator were not covered by the attorney-client privilege); *Moskovitz v. Mt. Sinai Med. Ctr.*, 69 Ohio St. 3d 638 (1994) (attorney-client privilege did not cover all of the contents of an insurer's claims file under specific Ohio statute).[1]  None of these cases stand for the proposition

---

[1] DC's repeated citations to state law on privilege are baffling in light of DC's insistence that this litigation is governed by Federal, not state, law on privilege.  *See, e.g.,* Docket No. 160 at 14 ("Federal

**EXHIBIT 30**

**250**

**TOBEROFF & ASSOCIATES, P.C.**

September 8, 2011
Re:    *DC Comics v. Pacific Pictures Corp.*
Page:   2 of 3

that an attorney can properly be questioned about the context in which non-privileged documents were transmitted to him during attorney-client communications.  Nor do DC's out-of-context quotations of Mr. Berk's objections change this analysis.  Mr. Berk clearly asserted privilege as to Mr. Siegel's communications with Mr. Bulson about the May 13, 2003 letter, not the May 13 letter itself.

3.       Expert Report/Calendar & Billing Entries:  As to the Renner Otto expert report and calendar/billing entries, we requested those documents from Renner Otto on August 11 for privilege review on behalf of the estate.  As we have not yet received the documents, we sent a second request to Renner Otto today, September 8, requesting such documents.

DC's claim that the expert report and calendar entries are relevant towards "establishing when Mr. Toberoff first contacted Mr. Bulson to inquire about purchasing *Ms. Siegel*'s purported Superman interest" does not make sense, as Mr. Bulson did not represent Ms. Siegel's interest.  Even if DC meant to refer to the Michael Siegel interest, DC is well-aware that Laura and Joanne Siegel authorized Mr. Emanuel to attempt to purchase Michael Siegel's Superman interest in January 2003; DC is also aware that such offers on behalf of Mr. Emanuel, including the communications between Mr. Toberoff and Mr. Bulson, have no bearing on any of DC's claims for relief in this case and that Mr. Siegel was not even mentioned in DC's complaint.

4.       Michael Siegel File:  DC's assumption that Renner Otto "represented Mr. Siegel solely with respect to his purported Superman interest," and that therefore any documents in Renner Otto's files would be responsive to DC's subpoena, is inaccurate.  DC's demand for a detailed "log of all documents in [Renner Otto's] possession" – whether or not they are responsive or non-responsive, privileged or non-privileged, produced or not-produced – is improper and not required by *any* discovery rule or practice, nor does DC cite any authority that a subpoenaed party is required to produce such a log.

Notably, DC claims that "[t]he Court's prior orders regarding the adequacy of the information contained in defendants' privilege log are no bar to DC's proposal" is nonsense.  DC claims that it is "entitled to discover the information it seeks in the proposed log" – when that is ***exactly*** the proposition that Magistrate Zarefsky rejected when he twice upheld defendants' privilege logs, and Judge Wright rejected when he denied DC's motion for review of Magistrate Zarefsky's rulings.  DC's offer to "reimburse" Renner Otto to produce such a log is a transparent and improper attempt to buy its way out of adverse discovery rulings.

5.       Confidentiality Designations:  DC's argument that the *Siegel* protective order does not apply because the documents were produced by designation does not comport with that protective order, which clearly states that it applies to "any writing produced in any Document

---

law governs the disposition of this issue: in 'federal question cases where pendent state law claims are raised, the [federal rules] govern all claims of privilege.'")

**EXHIBIT 30**
**251**

**TOBEROFF & ASSOCIATES, P.C.**

September 8, 2011
Re:    *DC Comics v. Pacific Pictures Corp.*
Page:  3 of 3

Production by any party or non-party witness marked as 'CONFIDENTIAL'" (¶ 4) and binds the parties going forward.

Furthermore, DC's arguments about when and how documents were marked "Confidential" in *Siegel* are disingenuous.  Contrary to DC's assertions, the *Siegel* protective order does not require a party to mark a document as "Confidential" in any particular way, nor does it require a party to re-label a document as "Confidential" if the document was already marked as "Confidential."  Nor does DC dispute that the documents in question were produced and marked "Confidential" after the entry of the *Siegel* protective order.  Such documents are properly subject to such protective order.

Nonetheless, if DC will agree that the protective order in *Siegel* applies to documents marked "Confidential" that have been produced in this case by designation, defendants and the Estate will withdraw their objections and permit DC to question witnesses based on such documents subject to the terms of such protective order.

6.    <u>Protective Order re: Deposition:</u>  DC's position that the parties "should discuss a protective order concerning Renner Otto's business practices" is mystifying, considering that DC *publicly filed* the entire deposition transcript on August 8, 2011, as an exhibit to the declaration of Daniel Petrocelli.

Nothing in this letter should be construed as a waiver or limitation of any of defendants' rights or remedies, all of which are reserved.

Very truly yours,

Marc Toberoff

cc:    Josh Ryland

**EXHIBIT 30**
**252**

# EXHIBIT 31

O

## O'MELVENY & MYERS LLP

BEIJING

BRUSSELS

HONG KONG

LONDON

LOS ANGELES

NEWPORT BEACH

NEW YORK

1999 Avenue of the Stars, 7th Floor
Los Angeles, California 90067-6035

TELEPHONE (310) 553-6700
FACSIMILE (310) 246-6779
www.omm.com

SAN FRANCISCO

SHANGHAI

SILICON VALLEY

SINGAPORE

TOKYO

WASHINGTON, D.C.

September 15, 2011

OUR FILE NUMBER
905900-321

**VIA E-MAIL**

WRITER'S DIRECT DIAL
(310) 246-6707

WRITER'S E-MAIL ADDRESS
jtokoro@omm.com

Marc Toberoff
Keith Adams
Toberoff & Associates, P.C.
2049 Century Park East, Suite 3630
Los Angeles, California 90067

Richard Kendall
Kendall Brill & Klieger LLP
10110 Santa Monica Blvd., Suite 1725
Los Angeles, California 90067

Re:    *DC Comics v. Pacific Pictures Corp. et al.*, CV-10-3633 (ODW) (RZx)

Dear Counsel:

I write in response to your letters of September 6 and 8, 2011, addressing discovery
issues raised in our September 2 letter.

Corporate Documents. You have declined to engage us on our requests for the corporate
documents of defendants Pacific Pictures Corporation, IP Worldwide, LLC, and IPW, LLC. Nor
have you proposed any way to narrow the requests. DC broke up and narrowed its requests over
two months ago, and despite your objections and statements that the requests should be narrowed
further, you ignored our invitations of August 11, August 25, and September 2 to meet-and-
confer on these issues. Though we believe our requests are fully appropriate, we have further
narrowed our requests as set forth in Appendix A attached hereto. DC has now twice sought to
narrow its requests while defendants have yet to make a single proposal. DC is prepared to move
to compel responses to its requests unless defendants respond to them or propose any way to
narrow them by Tuesday, September 20. The impending depositions of Mr. Toberoff, Pacific
Pictures, IP Worldwide, and IPW, are scheduled to commence less than two weeks from now. In
refusing to produce documents plainly relevant to these depositions, defendants are only causing
delay and the need for multiple depositions. Your refusal to meet-and-confer on these issues also
belies your assurance to the Court that defendants are willing to meet and confer with DC to
tailor its requests to be not objectionable. Docket 210 at 21-23.

**EXHIBIT 31**
**253**

O'MELVENY & MYERS LLP
September 15, 2011 - Page 2

Renner Otto Production. DC's position concerning defendants' review of the Renner Otto expert report and calendar/billing entries is set forth in Matt Kline's forthcoming letter. DC does not understand defendants' position regarding the log being prepared of Renner Otto's electronic archive of Mr. Siegel's files. In one sentence the Estate requests that the outstanding discovery disputes regarding the log "be resolved before it incurs the time and expense of having lengthy privilege logs drafted relating to the Renner Otto archive." In the next sentence, you represent that "such privilege logs will be furnished within a reasonable time." Please clarify defendants' position and provide DC with a date certain when defendants will complete their review and produce or log all of the Renner Otto documents. We need to assess whether we need to move to compel on this issue.

Laura Siegel Larson Review. We regret what happened to Ms. Larson's son and wish him a speedy recovery. However, it has been more than 50 days since Ms. Larson's July 22 deposition, yet defendants still have not provided us a date certain when she will complete her review of the "boxes" of documents in her possession that have never been reviewed. Your speculation that Ms. Larson's review will not uncover anything of relevance does not meet defendants' discovery obligations under the Federal Rules. Indeed, if the "boxes" contain the types of documents you claim they do—"the materials consist, for the most part, of random personal documents (*e.g.,* bills, etc.)"—Ms. Larson's review should not be time-consuming. Please confirm Ms. Larson will complete her review no later than next Friday, September 23.

August 2, 2011, Letter Agreement. We disagree with your contention that defendants supplemented their production "in a timely manner" consistent with FED. R. CIV. P. 26(e)(1) by producing the August 2, 2011, letter agreement between defendants Pacific Pictures, Mr. Peary, and Ms. Peavy, on August 29—almost four weeks after it was purportedly executed—as an exhibit in support of defendants' SLAPP reply. If you believed such a document was relevant to your SLAPP motion, it should have been produced before DC's opposition papers were due. We are moving to strike this manufactured evidence.

You state that defendants "anticipate" updating their privilege logs "this month" to include the cover e-mail to Mr. Peary attaching the August 2 letter, among other things. When this month? And what other materials are being logged?

Dawn Peavy's Will and Other "Confidential" Materials. In Matt Kline's September 12 e-mail to you, he wrote:

I write in response to your September 8, 2011, letter below concerning a protective order in this case. We will review your draft and provide any comments this week[, which we have now done].

To expedite the production of documents, DC agrees that Ms. Peavy's will, which you identified in your letter as confidential, can be treated as "CONFIDENTIAL" pursuant to the protective order in the *Siegel* case. Please stamp it as such and produce it tomorrow. Also, what "other confidential documents" are defendants withholding? We can probably reach a quick interim agreement on those documents as well.

**EXHIBIT 31**
**254**

O'MELVENY & MYERS LLP
September 15, 2011 - Page 3

We have received no response to this e-mail.  Why have you not produced Ms. Peavy's will—
your confidentiality concerns have been addressed?  And what are the "other confidential
documents" you are withholding?

Very truly yours,

Jason N. Tokoro
for O'MELVENY & MYERS LLP

cc:    Daniel M. Petrocelli, Esq.
       Matthew T. Kline, Esq.

OMM_US:70001940

**EXHIBIT 31**
**255**

# Appendix A

1

**EXHIBIT 31**
**256**

**Requests for Production to Defendant Marc Toberoff**

Request No. 56

- Original:  All DOCUMENTS RELATING to your role and ownership interest in Pacific Pictures Corporation, including, articles of organization, operating agreements, minutes, capital tables or other DOCUMENTS evidencing capital accounts or capital structure, filings, income statements, business plans, etc.

July 7, 2011

- Proposed 56(a):  All DOCUMENTS identifying your past, present, and/or future role or position in Pacific Pictures Corporation.

- Proposed 56(b):  All DOCUMENTS identifying your past and/or present ownership interest in Pacific Pictures Corporation.

- Proposed 56(c):  All DOCUMENTS involved in the formation of Pacific Pictures Corporation, including articles of organization, operating agreements, minutes, filings, business plans.

- Proposed 56(d):  All DOCUMENTS evidencing Pacific Pictures Corporation's past and/or present capital structure, including capital tables or other DOCUMENTS evidencing capital accounts or capital structure.

September 14, 2011

- Proposed 56(a):  All DOCUMENTS reflecting YOUR initial role or position in Pacific Pictures Corporation.

- Proposed 56(b):  All DOCUMENTS reflecting any change in YOUR role or position in Pacific Pictures Corporation.

- Proposed 56(c):  All DOCUMENTS reflecting YOUR initial ownership interest in Pacific Pictures Corporation.

- Proposed 56(d):  All DOCUMENTS reflecting any change in YOUR ownership interest in Pacific Pictures Corporation.

- Proposed 56(e):  All DOCUMENTS filed with any government agency concerning the formation of Pacific Pictures Corporation, including articles of organization, operating agreements, minutes, filings, business plans.

- Proposed 56(f):  All DOCUMENTS reflecting Pacific Pictures Corporation's initial capital structure, including capital tables or other DOCUMENTS reflecting capital accounts or capital structure.

2

**EXHIBIT 31**
**257**

- Proposed 56(g):  All DOCUMENTS reflecting any change in Pacific Pictures Corporation's capital structure, including capital tables or other DOCUMENTS reflecting capital accounts or capital structure.

These requests remove the "RELATING" language characterized by defendants as overbroad and substitute "reflecting."  Through these requests, DC seeks documents identifying the ownership, management and capital structures, and formation documents of Pacific Pictures, not every transaction in which it ever engaged.  Such documents are clearly relevant to DC's Third, Fourth, and Sixth claims, all of which relate to, *inter alia*, efforts by Mr. Toberoff and Pacific Pictures to market the Shuster heirs' purported Superman rights and agreements entered into for that purpose.  Defendants have also asserted that Mr. Toberoff acted as the Shuster heirs' lawyer from the outset of their relationship, while the only agreement under which they operated at that time was through Pacific Pictures, which is not a law firm.  The nature of this relationship is a factual issue that must be explored through discovery before defendants' Rule 12 and SLAPP motions can be adjudicated.

Request No. 57

- Original:  All DOCUMENTS RELATING to your role and ownership interest in IP Worldwide LLC, including, articles of organization, operating agreements, minutes, capital tables or other DOCUMENTS evidencing capital accounts or capital structure, filings, income statements, business plans, etc.

July 7, 2011

- Proposed 57(a):  All DOCUMENTS identifying your past, present, and/or future role or position in IP Worldwide, LLC.

- Proposed 57(b):  All DOCUMENTS identifying your past and/or present ownership interest in IP Worldwide, LLC.

- Proposed 57(c):  All DOCUMENTS involved in the formation of IP Worldwide, LLC, including, articles of organization, operating agreements, minutes, filings, business plans.

- Proposed 57(d):  All DOCUMENTS evidencing IP Worldwide, LLC's past and/or present capital structure, including capital tables or other DOCUMENTS evidencing capital accounts or capital structure.

September 14, 2011

- Proposed 57(a):  All DOCUMENTS reflecting YOUR initial role or position in IP Worldwide, LLC.

- Proposed 57(b):  All DOCUMENTS reflecting any change in YOUR role or position in IP Worldwide, LLC.

3

**EXHIBIT 31**
**258**

- Proposed 57(c): All DOCUMENTS reflecting YOUR initial ownership interest in IP Worldwide, LLC.

- Proposed 57(d): All DOCUMENTS reflecting any change in YOUR ownership interest in IP Worldwide, LLC.

- Proposed 57(e): All DOCUMENTS filed with any government agency concerning the formation of IP Worldwide, LLC, including, articles of organization, operating agreements, minutes, filings, business plans.

- Proposed 57(f): All DOCUMENTS reflecting IP Worldwide, LLC's initial capital structure, including capital tables or other DOCUMENTS reflecting capital accounts or capital structure.

- Proposed 57(g): All DOCUMENTS reflecting any change in IP Worldwide, LLC's capital structure, including capital tables or other DOCUMENTS reflecting capital accounts or capital structure.

These requests remove the "RELATING" language characterized by defendants as overbroad and substitutes "reflecting." Through these requests, DC seeks documents identifying the ownership, management and capital structures, and formation documents of IP Worldwide. Such documents are clearly relevant to DC's First claim, which, *inter alia*, seeks to determine the validity of the Shuster heirs' termination effort and alleges, in part, that their termination fails because they lacked the necessary majority interest to terminate due to the Shuster heirs' transfer of 50% of their purported Superman rights to Pacific Pictures. Documents previously produced show that Pacific Pictures contributed its "current IP business" at the formation of IP Worldwide, presumably including the Shuster heirs' purported Superman interest. Regardless of defendants' current position on this issue, DC seeks any documents relating to it. DC is entitled to test defendants' representation through the discovery process. They are also relevant to DC's Fifth claim, which, *inter alia*, relates to Mr. Toberoff's and his companies' interference with DC's rights with relation to the Siegel heirs. Defendants have asserted that Mr. Toberoff acted as the Siegel heirs' lawyer from the outset of their relationship, while the only agreement under which they operated at that time was through IP Worldwide, which is not a law firm. The nature of this relationship is a factual issue that must be explored through discovery before defendants' Rule 12 and SLAPP motions can be adjudicated.

Request No. 58

- Original: All DOCUMENTS RELATING to your role and ownership interest in IPW, LLC, including, articles of organization, operating agreements, minutes, capital tables or other DOCUMENTS evidencing capital accounts or capital structure, filings, income statements, business plans, etc.

July 7, 2011

- Proposed 58(a): All DOCUMENTS identifying your past, present, and/or future role or position in IPW, LLC.

**EXHIBIT 31**
**259**

- Proposed 58(b):  All DOCUMENTS identifying your past and/or present ownership interest in IPW, LLC.

- Proposed 58(c):  All DOCUMENTS involved in the formation of IPW, LLC, including, articles of organization, operating agreements, minutes, filings, business plans.

- Proposed 58(d):  All DOCUMENTS evidencing IPW, LLC's past and/or present capital structure, including capital tables or other DOCUMENTS evidencing capital accounts or capital structure.

September 14, 2011

- Proposed 58(a):  All DOCUMENTS reflecting YOUR initial role or position in IPW, LLC.

- Proposed 58(b):  All DOCUMENTS reflecting any change in YOUR role or position in IPW, LLC.

- Proposed 58(c):  All DOCUMENTS reflecting YOUR initial ownership interest in IPW, LLC.

- Proposed 58(d):  All DOCUMENTS reflecting any changes in YOUR ownership interest in IPW, LLC.

- Proposed 58(e):  All DOCUMENTS filed with any government agency concerning the formation of IPW, LLC, including, articles of organization, operating agreements, minutes, filings, business plans.

- Proposed 58(f):  All DOCUMENTS reflecting IPW, LLC's initial capital structure, including capital tables or other DOCUMENTS reflecting capital accounts or capital structure.

- Proposed 58(g):  All DOCUMENTS reflecting any changes in IPW, LLC's capital structure, including capital tables or other DOCUMENTS reflecting capital accounts or capital structure.

These requests remove the "RELATING" language characterized by defendants as overbroad and substitute "reflecting." Through these requests, DC seeks documents identifying the ownership, management and capital structures, and formation documents of IPW, not every transaction in which it ever engaged. Such documents are clearly relevant to DC's First claim, which, *inter alia*, seeks to determine the validity of the Shuster heirs' termination effort and alleges, in part, that their termination fails because they lacked the necessary majority interest to terminate due to the Shuster heirs' transfer of 50% of their purported Superman rights to Pacific Pictures. Documents previously produced show that Pacific Pictures contributed its "current IP business" at the formation of IP Worldwide, presumably including the Shuster heirs' purported Superman interest. Mr. Toberoff has stated at deposition that interests in rights held by IP Worldwide were assigned to IPW. We are entitled to see all documents effectuating and related

5

**EXHIBIT 31**
**260**

to that transfer. Regardless of defendants' current position on this issue, DC seeks any documents relating to it. DC is entitled to test defendants' representation through the discovery process.

**Requests for Production to Defendant Pacific Pictures Corporation**

Request No. 29

- Original: All DOCUMENTS RELATING to the formation of PACIFIC PICTURES.

July 7, 2011

- Proposed: All DOCUMENTS involved in the formation of PACIFIC PICTURES, including, articles of organization, operating agreements, minutes, filings, business plans.

September 14, 2011

- Proposed: All DOCUMENTS filed with any government agency concerning the formation of PACIFIC PICTURES, including, articles of organization, operating agreements, minutes, filings, business plans.

This request removes the "RELATING" language characterized by defendants as overbroad. Through this request, DC seeks all of Pacific Pictures' formation documents. Such documents are clearly relevant to DC's Third and Sixth claims, which, *inter alia*, relate to efforts by Mr. Toberoff and Pacific Pictures to market the Shuster heirs' purported Superman rights and agreements entered into for that purpose. Defendants have also asserted that Mr. Toberoff acted as the Shuster heirs' lawyer from the outset of their relationship, while the only agreement under which they operated at that time was through Pacific Pictures, which is not a law firm. DC is entitled to test defendants' representation through the discovery process.

Request No. 30

- Original: All DOCUMENTS RELATING to the current corporate status of PACIFIC PICTURES.

July 7, 2011

- Proposed: All DOCUMENTS identifying the current corporate status of PACIFIC PICTURES.

September 14, 2011

- Proposed: All DOCUMENTS filed with or received from any government agency reflecting the current corporate status of PACIFIC PICTURES.

This request removes the "RELATING" language characterized by defendants as overbroad and substitutes "reflecting." Through this request, DC seeks documents identifying the current status of Pacific Pictures. Such documents are clearly relevant to DC's Third, Fourth,

**EXHIBIT 31**
**261**

and Sixth claims, all of which relate to, *inter alia*, efforts by Mr. Toberoff and Pacific Pictures to market the Shuster heirs' purported Superman rights and agreements entered into for that purpose. They are also relevant to DC's First claim, which, *inter alia*, seeks to determine the validity of the Shuster heirs' termination effort and alleges, in part, that their termination fails because they lacked the necessary majority interest to terminate due to the Shuster heirs' transfer of 50% of their purported Superman rights to Pacific Pictures. Regardless of defendants' current position on this issue, DC seeks any documents relating to it. Moreover, the extent to which Mr. Toberoff and/or his companies have an interest in the heirs' rights is a factual issue that must be resolved before defendants' Rule 12 and SLAPP motions can be adjudicated.

<u>Request No. 31</u>

- Original:  All DOCUMENTS RELATING to any past, current, or planned business activity of PACIFIC PICTURES.

<u>July 7, 2011</u>

- Proposed:  All DOCUMENTS identifying any business plans of PACIFIC PICTURES, including but not limited to marketing of rights held, solicitation of new business, or plans to sell, lease, license, or otherwise transfer rights.

<u>September 14, 2011</u>

- Proposed:  All DOCUMENTS reflecting any business plans of PACIFIC PICTURES concerning SUPERMAN, SUPERBOY, and/or The Spectre, including but not limited to marketing of rights held, solicitation of new business, or plans to sell, lease, license, or otherwise transfer rights.

DC offers this narrowed request, which removes the "RELATING" language characterized by defendants as overbroad and substitutes "reflecting." Through this request, DC seeks documents identifying business plans relating to rights held by Pacific Pictures (including any efforts to promote, arrange, or negotiate the sale, assignment, lease, license, or any other disposition or exploitation of rights or property) concerning Superman, Superboy, and/or The Spectre, not all unrelated business activities. Such documents are relevant to same claims and for the reasons stated in PPC Request No. 30.

<u>Request No. 33</u>

- Original:  All DOCUMENTS RELATING to any individual or entity that currently holds property or interests formerly held by PACIFIC PICTURES.

<u>July 7, 2011</u>

- Proposed:  All DOCUMENTS identifying any individual or entity that currently holds property or interests formerly held by PACIFIC PICTURES.

**EXHIBIT 31**
**262**

September 14, 2011

- Proposed 33(a):  All DOCUMENTS reflecting any transfers by PACIFIC PICTURES of interests RELATING to SUPERMAN, SUPERBOY, and/or The Spectre, including but not limited to any sale, assignment, license, lease, or conveyance.

- Proposed 33(b):  All DOCUMENTS reflecting the ownership interest of any individual or entity in interests RELATING to SUPERMAN, SUPERBOY, and/or The Spectre formerly held by PACIFIC PICTURES.

    This request removes the "RELATING" language characterized by defendants as overbroad and substitutes "reflecting."  Through this request, DC seeks documents identifying any transfers by Pacific Pictures of interests related to Superman, Superboy, and/or The Spectre, including agreements, drafts of agreements, correspondence evidencing negotiations, or numerous other documents.  Such documents are relevant to same claims and for the reasons stated in PPC Request No. 30.

**Requests for Production to Defendant IP Worldwide, LLC**

Request No. 29

- Original:  All DOCUMENTS RELATING to the formation of IP WORLDWIDE.

July 7, 2011

- Proposed:  All DOCUMENTS involved in the formation of IP WORLDWIDE, including, articles of organization, operating agreements, minutes, filings, business plans.

September 14, 2011

- Proposed:  All DOCUMENTS filed with any government agency concerning the formation of IP WORLDWIDE, including, articles of organization, operating agreements, minutes, filings, business plans.

    This request removes the "RELATING" language characterized by defendants as overbroad.  Through this request, DC seeks all of IP Worldwide's formation documents.  Such documents are clearly relevant to DC's Fifth claim, which, *inter alia*, relates to interference by Mr. Toberoff (the businessman) and his companies with DC's rights with relation to the Siegel heirs.  Defendants have also asserted that Mr. Toberoff acted as the Siegel heirs' lawyer from the outset of their relationship, while the only agreement under which they operated at that time was through IP Worldwide, which is not a law firm.  Moreover, these documents relate to DC's First claim, which seeks to determine the validity of the Shuster heirs' termination effort and alleges, in part, that their termination fails because they lacked the necessary majority interest to terminate due to the Shuster heirs' transfer of 50% of their purported Superman rights to Pacific Pictures.  Documents previously produced show that Pacific Pictures contributed its "current IP business" at the formation of IP Worldwide, presumably including the Shuster heirs' purported Superman interest.  Regardless of defendants' current position on this issue, DC seeks any

8

**EXHIBIT 31**
**263**

documents relating to it. DC is entitled to test defendants' representations through the discovery process.

Request No. 30

- Original: All DOCUMENTS RELATING to the current corporate status of IP WORLDWIDE.

July 7, 2011

- Proposed: All DOCUMENTS identifying the current corporate status of IP WORLDWIDE.

September 14, 2011

- Proposed: All DOCUMENTS filed with or received from any government agency reflecting the current corporate status of IP WORLDWIDE.

This request removes the "RELATING" language characterized by defendants as overbroad and substitutes "reflecting." Through this request, DC seeks documents identifying the current status of IP Worldwide. Such documents are clearly relevant to DC's First claim, which, *inter alia*, seeks to determine the validity of the Shuster heirs' termination effort and alleges, in part, that their termination fails because they lacked the necessary majority interest to terminate due to the Shuster heirs' transfer of 50% of their purported Superman rights to Pacific Pictures. Documents previously produced show that Pacific Pictures contributed its "current IP business" at the formation of IP Worldwide, presumably including the Shuster heirs' purported Superman interest. Regardless of defendants' current position on this issue, DC seeks any documents relating to it. DC is entitled to test defendants' representation through the discovery process.

Request No. 32

- Original: All DOCUMENTS RELATING to any past, current, or planned business activity of IP WORLDWIDE.

July 7, 2011

- Proposed: All DOCUMENTS identifying any business plans of IP WORLDWIDE, including but not limited to marketing of rights held, solicitation of new business, or plans to sell, lease, license, or otherwise transfer rights.

September 14, 2011

- Proposed: All DOCUMENTS reflecting any business plans of IP WORLDWIDE concerning SUPERMAN, SUPERBOY, and/or The Spectre, including but not limited to marketing of rights held, solicitation of new business, or plans to sell, lease, license, or otherwise transfer rights.

9

**EXHIBIT 31**
**264**

DC offers this narrowed request, which removes the "RELATING" language characterized by defendants as overbroad and substitutes "reflecting." Through this request, DC seeks documents identifying business plans relating to rights held by IP Worldwide (including any efforts to promote, arrange, or negotiate the sale, assignment, lease, license, or any other disposition or exploitation of rights or property) concerning Superman, Superboy, and/or The Spectre, not all unrelated business activities. Such documents are clearly relevant to DC's First claim, which, *inter alia*, seeks to determine the validity of the Shuster heirs' termination effort and alleges, in part, that their termination fails because they lacked the necessary majority interest to terminate due to the Shuster heirs' transfer of 50% of their purported Superman rights to Pacific Pictures. Documents previously produced show that Pacific Pictures contributed its "current IP business" at the formation of IP Worldwide, presumably including the Shuster heirs' purported Superman interest. Mr. Toberoff has stated at deposition that interests in rights held by IP Worldwide were assigned to IPW. Regardless of defendants' current position on this issue, DC seeks any documents relating to it. DC is entitled to test defendants' representation through the discovery process. These documents are also relevant to statements by Mr. Toberoff regarding efforts by his companies and him to market the Siegel heirs' and Shuster heirs' purported Superman rights and to claims in the May 13, 2003, letter from Michael Siegel alleging that Mr. Toberoff was making no efforts to market the Siegel heirs' rights, all of which DC is entitled to investigate.

Request No. 33

- Original: All DOCUMENTS RELATING to any past, current, or planned property in which IP WORLDWIDE held, holds, or will hold an interest.

July 7, 2011

- Proposed: All DOCUMENTS identifying any past, current, or planned property in which IP WORLDWIDE held, holds, or will hold an interest.

September 14, 2011

- Proposed: All DOCUMENTS reflecting any rights or interests IP Worldwide ever held in SUPERMAN, SUPERBOY, and/or The Spectre including but not limited to any copyright interest, trademark interest, right to market, right to lease, right to license, or right to exploit.

This request removes the "RELATING" language characterized by defendants as overbroad and substitutes "reflecting." Such documents are relevant to same claims and for the reasons stated in IP Worldwide Request No. 32.

Request No. 34

- Original: All DOCUMENTS RELATING to any individual or entity that currently holds property or interests formerly held by IP WORLDWIDE.

**EXHIBIT 31**
**265**

July 7, 2011

- Proposed: All DOCUMENTS identifying any individual or entity that currently holds property or interests formerly held by IP WORLDWIDE.

September 14, 2011

- Proposed 34(a): All DOCUMENTS reflecting any transfer by IP WORLDWIDE of interests RELATING to SUPERMAN, SUPERBOY, and/or The Spectre, including but not limited to any sale, assignment, license, lease, or conveyance.

- Proposed 34(b): All DOCUMENTS reflecting the ownership interest of any individual or entity in interest RELATING to SUPERMAN, SUPERBOY, and/or The Spectre formerly held by IP WORLDWIDE.

DC offers this narrowed request, which removes the "RELATING" language characterized by defendants as overbroad and substitutes "reflecting." Through this request, DC seeks documents identifying any transfers by IP Worldwide of interests related to Superman, Superboy and/or The Spectre. Such documents are relevant to same claims and for the reasons stated in IP Worldwide Request No. 32.

**Requests for Production to Defendant IPW, LLC**

Request No. 24

- Original: All DOCUMENTS RELATING to the formation of IPW.

July 7, 2011

- Proposed: All DOCUMENTS involved in the formation of IPW, including, articles of organization, operating agreements, minutes, filings, business plans.

September 14, 2011

- Proposed: All DOCUMENTS filed with any government agency concerning the formation of IPW, including, articles of organization, operating agreements, minutes, filings, business plans.

This request removes the "RELATING" language characterized by defendants as overbroad. Through this request, DC seeks all of IPW's formation documents. Such documents are clearly relevant to DC's First claim, which, *inter alia*, seeks to determine the validity of the Shuster heirs' termination effort and alleges, in part, that their termination fails because they lacked the necessary majority interest to terminate due to the Shuster heirs' transfer of 50% of their purported Superman rights to Pacific Pictures. Documents previously produced show that Pacific Pictures contributed its "current IP business" at the formation of IP Worldwide, presumably including the Shuster heirs' purported Superman interest. Mr. Toberoff has stated at deposition that interests in rights held by IP Worldwide were assigned to IPW. Regardless of

11

**EXHIBIT 31**
**266**

defendants' current position on this issue, DC seeks any documents relating to it. DC is entitled to test defendants' representations through the discovery process.

Request No. 25

- Original: All DOCUMENTS RELATING to the current corporate status of IPW.

July 7, 2011

- Proposed: All DOCUMENTS identifying the current corporate status of IPW.

September 14, 2011

- Proposed: All DOCUMENTS filed with or received from any government agency reflecting the current corporate status of IPW.

This request removes the "RELATING" language characterized by defendants as overbroad and substitutes "reflecting." Through this request, DC seeks documents identifying the current status of IPW. Such documents are relevant to the same claims and for the reasons stated in IPW Request No. 24.

Request No. 26

- Original: All DOCUMENTS RELATING to the past and current ownership and management structure of IPW, including operating agreements, capitalization schedules, capital accounts, filings, and other financial forms.

July 7, 2011

- Proposed: All DOCUMENTS identifying the past and current ownership and management structure of IPW, including operating agreements, capitalization schedules, capital accounts, filings, and other financial forms.

September 14, 2011

- Proposed 26(a): All DOCUMENTS reflecting the initial ownership structure of IPW.

- Proposed 26(b): All DOCUMENTS reflecting any changes in the ownership structure of IPW.

- Proposed 26(c): All DOCUMENTS reflecting the initial management structure of IPW.

- Proposed 26(d): All DOCUMENTS reflecting any change in the management structure of IPW.

This request removes the "RELATING" language characterized by defendants as overbroad and substitutes "reflecting." Through this request, DC seeks documents identifying the ownership and management structure of IPW, not every transaction in which it ever engaged.

**EXHIBIT 31**
**267**

Such documents are relevant to the same claims and for the reasons stated in IPW Request No. 24.

Request No. 27

- Original:  All DOCUMENTS RELATING to any past, current, or planned business activity of IPW.

July 7, 2011

- Proposed:  All DOCUMENTS identifying any business plans of IPW, including but not limited to marketing of rights held, solicitation of new business, or plans to sell, lease, license, or otherwise transfer rights.

September 14, 2011

- Proposed:  All DOCUMENTS reflecting any business plans of IPW, concerning SUPERMAN, SUPERBOY, and/or The Spectre including but not limited to marketing of rights held, solicitation of new business, or plans to sell, lease, license, or otherwise transfer rights.

DC offers this narrowed request, which removes the "RELATING" language characterized by defendants as overbroad and substitutes "reflecting."  Through this request, DC seeks documents identifying business plans relating to rights held by IPW (including any efforts to promote, arrange, or negotiate the sale, assignment, lease, license, or any other disposition or exploitation of rights or property) concerning Superman, Superboy, and/or The Spectre, not all unrelated business activities.  Such documents are relevant to the same claims and for the reasons stated in IPW Request No. 24.  These documents are also relevant to statements by Mr. Toberoff regarding efforts by his companies and him to market the Siegel heirs' and Shuster heirs' purported Superman rights and to claims in the May 13, 2003, letter from Michael Siegel alleging that Mr. Toberoff was making no efforts to market the Siegel heirs' rights, all of which DC is entitled to investigate.

Request No. 29

- Original:  All DOCUMENTS RELATING to any individual or entity that currently holds property or interests formerly held by IPW.

July 7, 2011

- Proposed:  All DOCUMENTS identifying any individual or entity that currently holds property or interests formerly held by IPW.

September 14, 2011

- Proposed 29(a):  All DOCUMENTS reflecting any transfer by IPW of interests RELATING to SUPERMAN, SUPERBOY, and/or The Spectre, including but not limited to any sale, assignment, license, lease, or conveyance.

13

**EXHIBIT 31**
**268**

- Proposed 29(b):  All DOCUMENTS reflecting the ownership interest of any individual or entity in interests RELATING to SUPERMAN, SUPERBOY, and/or The Spectre formerly held by IPW.

This request removes the "RELATING" language characterized by defendants as overbroad and substitutes "reflecting."  Through this request, DC seeks documents identifying any transfers by IPW of interests related to Superman, Superboy, and/or The Spectre, including agreements, drafts of agreements, correspondence evidencing negotiations, or numerous other documents.  Such documents are relevant to the same claims and for the reasons stated in IPW Request No. 24.

14

**EXHIBIT 31**
**269**

# EXHIBIT 32

# TOBEROFF & ASSOCIATES, P.C.

A PROFESSIONAL CORPORATION

2049 CENTURY PARK EAST, SUITE 3630

LOS ANGELES, CALIFORNIA 90067

MARC TOBEROFF*
NICHOLAS C. WILLIAMSON
KEITH G. ADAMS
JEFFREY R. RHOADS

TELEPHONE
(310) 246-3333

FACSIMILE
(310) 246-3101

mtoberoff@ipwla.com

* Also admitted in New York

September 22, 2011

<u>Via E-Mail</u>

Jason Tokoro
O'Melveny and Myers LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067

Re:    <u>*DC Comics v. Pacific Pictures Corp., et al.*, Case No. 10-CV-03633 ODW (RZx)</u>

Jason:

I write on behalf of defendants and in response to your September 15, 2011 letter.

<u>Corporate Documents:</u>  Defendants maintain their objections to these requests, which are nothing more than improper attempts to re-submit requests specifically denied in Magistrate Zarefsky's May 25, 2011 order.

Nonetheless, to avoid burdening the Court with burdensome and unnecessary motion practice, defendants briefly respond to your September 15, 2011 letter.  The following are in addition to and do not supercede defendants' formal responses and objections served on July 15, 2011.

*Toberoff Request Nos. 56-58:*  DC's proposed "revisions" do no more than split three overbroad requests denied by Magistrate Zarefsky into twenty-one overbroad requests, exacerbating the underlying problem rather than curing it.

*PPC Request No. 29:*  As modified, this request seeks documents filed with a government agency concerning the formation of PPC.  PPC was formed decades ago as a "loan-out" corporation, and PPC cannot locate further responsive documents.

*PPC Request No. 30:*  As modified, this request seeks documents "filed with or received from any government agency reflecting the current corporate status of [PPC]."  Documents that show that PPC was dissolved by proclamation were produced in this action.  DC's request is also grossly overbroad, as it effectively asks for every document filed with a government agency regarding PPC (*e.g.,* tax returns).

**EXHIBIT 32**
**270**

**TOBEROFF & ASSOCIATES, P.C.**

September 22, 2011
Re:     *DC Comics v. Pacific Pictures Corp.*
Page:   2 of 3

*PPC Request No. 31:*  As modified, this request seeks PPC "business plans" regarding Superman, Superboy and/or The Spectre.  PPC has no further responsive documents in its possession, custody or control.

*PPC Request No. 33(a)-(b):*  As modified, this request seeks documents that relate to purported ownership interests held by PPC related to Superman, Superboy and/or The Spectre or transfers related thereto.  As defendants have repeatedly stated, PPC held no such ownership interest as a matter of law.  PPC has no further responsive documents beyond those already produced in this litigation and in *Siegel*.

*IP Worldwide Request No. 29:*  As modified, this request seeks documents filed with a government agency concerning the formation of IP Worldwide.  IP Worldwide cannot locate further responsive documents.

*IP Worldwide Request No. 30:*  As modified, this request seeks documents "filed with or received from any government agency reflecting the current corporate status of [IP Worldwide]."  DC's request is still grossly overbroad, as it effectively asks for every document filed with a government agency regarding IP Worldwide (*e.g.,* tax returns).  Information concerning IP Worldwide's current corporate status is readily available at http://kepler.sos.ca.gov/cbs.aspx.

*IP Worldwide Request No. 32:*  As modified, this request seeks "business plans" of IP Worldwide regarding Superman, Superboy and/or The Spectre.  IP Worldwide has no responsive documents.

*IP Worldwide Request No. 33:*  As modified, this request seeks documents relating to "rights or interests" IP Worldwide held in Superman, Superboy and/or The Spectre.  IP Worldwide has no responsive documents beyond those already produced in this litigation and in *Siegel*.

*IP Worldwide Request No. 34:*  As modified, this request seeks documents relating to transfers of "rights or interests" IP Worldwide held in Superman, Superboy and/or The Spectre.  IP Worldwide has no responsive documents beyond those already produced in this litigation and in *Siegel*.

*IPW Request No. 24:*  As modified, this request seeks documents filed with a government agency concerning the formation of IPW.  IPW already produced its documents responsive to this request.

*IPW Request No. 25:*  As modified, this request seeks documents "filed with or received from any government agency reflecting the current corporate status of IPW."  DC's request is still grossly overbroad, as it effectively asks for every document filed with a government agency regarding IPW (*e.g.,* tax returns).  Information concerning IPW's current corporate status is readily available at http://kepler.sos.ca.gov/cbs.aspx.

**EXHIBIT 32**
**271**

**TOBEROFF & ASSOCIATES, P.C.**

September 22, 2011
Re:    *DC Comics v. Pacific Pictures Corp.*
Page:   3 of 3


*IPW Request No. 27:*  As modified, this request seeks "business plans" of IPW regarding Superman, Superboy and/or The Spectre.  IPW has no responsive documents.

*IPW Request No. 29:*  As modified, this request seeks documents relating to transfers of "rights or interests" in Superman, Superboy and/or The Spectre to IPW.  IPW has no responsive documents beyond those already produced in this litigation and in *Siegel*.

Renner Otto Production:  DC has stated that it intends to move to compel the production of a detailed "log" of the Michael Siegel files from the Renner Otto archive that goes far beyond the format expressly ratified by Magistrate Zarefsky in his April 11, 2011 order, and subsequently ratified by both Judge Wright and Magistrate Zarefsky, in denial of DC's repeated challenges.  *See* Docket Nos. 209, 248, 285. The Estate of Michael Siegel would like to resolve this issue before producing a privilege log regarding these extensive archives so as to avoid the needless duplication of efforts.  If the issue remains unresolved, the Estate will furnish such a log within a reasonable time.

Laura Siegel Larson Review:  We already reasonably covered this in our prior letter and see no basis for DC's ongoing complaints.  Ms. Larson will finish reviewing her mother's files as soon as practicable, and we will produce any additional responsive documents when that review is complete.  DC's assumption "if the boxes contain the types of documents you claim they do" (*i.e.,* personal documents of Joanne Siegel), then "Ms. Larson's review should not be time-consuming" does not make sense as Ms. Larson would still need to review all boxes and papers for any documents that are responsive.

August 2, 2011 Letter Agreement/Privilege Logs:  This issue is addressed in separate correspondence.  Defendants note that they are under no obligation to preview "what other materials are being logged" prior to the provision of such logs.

Nothing in this letter should be construed as a waiver or limitation of any of defendants' rights or remedies, all of which are reserved.


Very truly yours,

Keith Adams

**EXHIBIT 32**
**272**