# EXHIBIT B

# TOBEROFF & ASSOCIATES, P.C.

A PROFESSIONAL CORPORATION

2049 CENTURY PARK EAST, SUITE 3630
LOS ANGELES, CALIFORNIA 90067

MARC TOBEROFF*
NICHOLAS C. WILLIAMSON
KEITH G. ADAMS
JEFFREY R. RHOADS

TELEPHONE
(310) 246-3333

FACSIMILE
(310) 246-3101

* Also admitted in New York

mtoberoff@ipwla.com

May 6, 2011

Via E-Mail

Matthew Kline
O'Melveny and Myers LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067

Re:   *DC Comics v. Pacific Pictures Corp., et al.*, Case No. 10-CV-03633 ODW (RZx)

Dear Matt:

I write in response to your April 22, 2011 letter and our May 2, 2011 meet-and-confer, on behalf of defendants Laura Siegel Larson, Mark Warren Peary, and Jean Adele Peavy.

May 13, 2002 Letter:  As I stated during the meet and confer, the letter is irrelevant and inadmissible, and defendants properly produced the letter in accordance with the Court's April 11, 2011 order. Nothing was redacted from the "May 13, 2002 letter" itself; the redactions were of minor underlining and notations by an attorney on our office's copy of the document. If DC insists on bringing a motion on this subject, please be advised that the issue will be "much ado about nothing," in the words of both Shakespeare and Magistrate Zarefsky in his May 5, 2011 order.

DC also claims that defendants' redactions make it difficult to determine which pages are redacted. Defendants marked as "redacted" any document produced in this litigation that contains redactions.

November 2, 2002 Letter:  As I stated during the call, we were unable to locate a November 2, 2002 letter, from Laura Siegel to Michael Siegel or otherwise. We were able to locate a non-substantive November 1, 2002 letter from Laura Siegel and Joanne Siegel to Don Bulson and Michael Siegel, which defendants produce herewith.

Siegel and Shuster Retainer Agreements:  As I further stated on the call, defendants redacted these agreements in accordance with the Court's April 11, 2011 order. As Mr. Adams stated on the call, nothing was specifically redacted from the page with the Bates No. MWP00057; rather, it was simply marked "redacted" because it was part of a redacted document as set forth above.

**EXHIBIT B**

**3**

**TOBEROFF & ASSOCIATES, P.C.**

May 6, 2011
Re:   *DC Comics v. Pacific Pictures Corp.*
Page:   2 of 3

Dennis Larson Documents:  As I stated on the call, in the letters between the parties as well as in the briefing before Magistrate Zarefsky, both DC and defendants consistently referred to requests for "communications," which defendants understood to be requests for correspondence, and based on this understanding defendants expressed a willingness to produce "communications" between Laura Siegel Larson and Dennis Larson.  We believe that Magistrate Zarefsky understood "communications" between Laura Siegel Larson and Dennis Larson to mean the same, and not to refer to discovery requests, motions and other pleadings in their prolonged divorce proceedings.  We thus produced on behalf of Ms. Siegel the responsive correspondence that Ms. Siegel located in her files.

You informed us that DC's position is that *anything* "communicated" between the parties during the divorce proceedings, including all discovery requests and responses, all motion papers and pleadings, is a "communication" which must be produced (but that you currently did not require pleadings).

Such an overbroad and unnecessarily burdensome production regarding lengthy and marginally relevant divorce proceedings is neither contemplated by Magistrate Zarefsky's order, nor warranted.  Nonetheless, in the interests of compromise, Ms. Siegel offers:  (i) to contact her divorce attorneys in search of any additional responsive correspondence to be produced; and (ii) to produce any discovery requests and/or responses from the divorce proceedings in Ms. Siegel's possession, custody or control that are responsive to DC's requests and not privileged.  This offer would be contingent on DC agreeing that:  (i) no privilege log is necessary for communications between Ms. Larson and her divorce attorney(s); and (ii) documents filed in her divorce proceedings need not be produced.  If this is not acceptable and DC brings yet another wasteful motion to compel, this offer shall be deemed withdrawn.

Privilege Logs:  You informed us during the call that you would soon provide us with a proposed stipulation regarding "subject matter" descriptions on privilege logs.  We made clear, as we did previously, that we seek DC and Warner Bros.' agreement to note in the subject matter column of their logs all communications with inside and outside counsel that reference the so-called Timeline and Warner's receipt of privileged documents stolen from our firm's legal files. You promised to get back to us regarding this request.  We have not yet received a response, and reserve all rights as to any proposed stipulation.

Responsive Joanne Siegel Estate Documents:  As stated on the call, our intention was to provide you with these documents in one production, rather than piecemeal.  However, we produce herewith the documents we have, as well as privilege logs.

Nothing in this letter should be construed as a waiver or limitation of any of defendants' rights or remedies, all of which are reserved.

**EXHIBIT B**
**4**

**TOBEROFF & ASSOCIATES, P.C.**

May 6, 2011
Re:     *DC Comics v. Pacific Pictures Corp.*
Page:   3 of 3

Very truly yours,

Marc Toberoff

Enclosures