# EXHIBIT C

## LAST WILL OF
## JOANNE SIEGEL

I, JOANNE SIEGEL, a resident of Los Angeles County, California, declare that this is my will. I hereby revoke all my previous wills and codicils.

### ARTICLE ONE
### INTRODUCTORY PROVISIONS

1.1. Marital Status. I am not currently married. I was previously married to JEROME, who died on January 28, 1996.

1.2. Identification of Living Child. I have one living child, LAURA SIEGEL LARSON, born March 21, 1951.

1.3. No Deceased Children. I have no deceased children.

1.4. Definitions of Child, Children, and Issue. As used in this will, the terms "child" and "children" refer to all persons referred to in California Probate Code Section 26, as in effect at the time of execution of this will, and the term "issue" refers to all persons referred to in California Probate Code Section 50, as in effect at the time of execution of this will.

### ARTICLE TWO
### PARTICULAR GIFTS

2.1. Tangible Personal Property. I give all of my tangible personal property, including my interest in any insurance on that property, to LAURA SIEGEL LARSON, my daughter, if she survives me, and if she does not survive me, this gift shall lapse.

2.2. <u>Specific Gift of Termination Rights and/or Intellectual Property Rights to LAURA SIEGEL LARSON</u>. I give all Termination Rights and/or Intellectual Property Rights relating "Superman" to LAURA SIEGEL LARSON, my daughter, if she survives me, and if she does not survive me, these rights shall go to my issue who survive me in the manner set forth in section 3.1(b) of this will. This is a specific gift, and if at the time of my death, there are no such Rights in my estate, the gift shall fail and the executor shall not resort to other property in my estate to satisfy the gift. If, between the date of this will and the date of my death, any change or adjustment is made in the Rights this gift shall be adjusted as appropriate to reflect that change or adjustment.

2.3. <u>General Pecuniary Gifts</u>. I make the following general pecuniary gifts:

(a) I give a pecuniary gift of twenty-five thousand dollars ($25,000) to MICHAEL KENT LARSON, my grandson, if he survives me, and if he does not survive me, this gift shall lapse.

(b) I give a pecuniary gift of twenty-five thousand dollars ($25,000) to JAMES ROBERT LARSON, my grandson, if he survives me, and if he does not survive me, this gift shall lapse.

(c) I give a pecuniary gift of ten thousand dollars ($10,000) to SOPHIE HALKO, my sister, if she survives me, and if she does not survive me, this gift shall be distributed to her then-living issue in the manner provided in California Probate Code section 240, or if there are none, this gift shall lapse.

(d) I give a pecuniary gift of ten thousand dollars ($10,000) to GEORGE ZADOROZNY, ESQ., of 651 Timber Bay Circle West, Oldsman, Florida 34677, if he survives me, and if he does not survive me, this gift shall go to his wife SILVIA, if she is then-surviving, or if she is not, this gift shall lapse.

With respect to the foregoing, if any beneficiary is under the age of twenty-five (25) years, the gift to that beneficiary shall be distributed instead to my executor named herein as Custodian under

the California Uniform Transfers To Minors Act until the beneficiary attains the age of twenty-five (25) years.

2.4. No Interest on General Pecuniary Gifts. No interest shall be paid on any general pecuniary gift made in this will.

ARTICLE THREE

RESIDUARY PROVISIONS

3.1. Disposition of Residue. I give the residue of my estate as follows:

(a) If my daughter, LAURA SIEGEL LARSON ("LAURA"), survives me, I give the residue of my estate outright to her.

(b) If LAURA does not survive me but issue of LAURA survive me, I give the residue of my estate outright to those issue in the manner provided in California Probate Code Section 240. However, if an individual issue has not reached the age of 40 years at my death, that issue's share shall be held, administered, and distributed by the trustee in a separate trust for that issue according to the terms set forth in Article Four applicable to the Separate Share Trust for Issue.

(c) If LAURA does not survive me and leaves no issue who survive me, I give the residue of my estate to the then-living issue of LAURA.

(d) If the residue of my estate is not completely disposed of by the preceding provisions, I give the undisposed-of portion of the residue to my heirs.

ARTICLE FOUR

TRUST DISTRIBUTIONS

4.1. Separate Share Trust for Issue. Each portion of my estate and each portion of the trust property of a trust created by my will that are allocated to a Separate Share Trust for Issue for the benefit of the beneficiary, as defined in subsection (a), below, when that beneficiary is

3

CONFIDENTIAL

LSL 00294

EXHIBIT C
8

under the age of forty (40) years shall be held, administered, and distributed by the trustee as a separate trust, as follows:

> (a) Beneficiary. The beneficiary of this trust is the individual issue of a deceased child of mine or the individual issue of mine, as the case may be, for whom this trust is created pursuant to the other provisions of this will.
>
> (b) Discretionary Payments of Income Until Age 25. The trustee shall pay to or apply for the benefit of the beneficiary, until the beneficiary reaches the age of twenty-five (25) years, as much of the net income of the trust as the trustee deems proper for that beneficiary's health, education, support, and maintenance. In exercising discretion, the trustee shall give the consideration that the trustee deems proper to all other income and resources that are known to the trustee and that are readily available to the beneficiary for use for these purposes. All decisions of the trustee regarding payments under this subsection, if any, are within the trustee's discretion and shall be final and incontestable by anyone. The trustee shall accumulate and add to principal any net income not distributed.
>
> (c) Mandatory Payments of Income After Age 25. After the beneficiary reaches the age of 25 years, the trustee shall pay to or apply for the benefit of the beneficiary all of the net income of the trust, in monthly or other convenient installments, but not less often than annually, for the term of the trust.
>
> (d) Discretionary Payments of Principal. At any time or times during the trust term, the trustee shall pay to or apply for the benefit of the beneficiary as much of the principal of the trust as the trustee deems proper for that beneficiary's health, education, support, and maintenance. In exercising discretion, the trustee shall give the consideration that the trustee deems proper to all other income and resources that are known to the trustee and that are readily available to the beneficiary for use for these purposes. All decisions of the trustee regarding payments under this subsection, if any, are within the trustee's discretion and shall be final and incontestable by anyone.
>
> (e) Distribution of Individual Trusts in Three Stages for Beneficiary. When a beneficiary reaches the age of 30 years, the trustee shall distribute to the child one third (1/3) of the principal of the beneficiary's individual trust. When a beneficiary reaches the age of 35 years, the trustee shall distribute to the child one half (½) of the principal of the beneficiary's individual trust. When a beneficiary reaches the age of 40 years, the trustee shall distribute the remaining trust property (including all income then accrued but uncollected and all net income then remaining in the hands of the trustee) to the beneficiary outright. If a beneficiary has already reached the age of 30 or 35 years when the Trust for Issue is established, then on

CONFIDENTIAL

LSL 00295

EXHIBIT C

9

the establishment of the trust, the trustee shall distribute to the beneficiary one third (1/3) or one half (½) of the beneficiary's share of the principal of the trust, and the balance shall be retained in an individual trust for the beneficiary pursuant to the applicable provisions of this section. If a living beneficiary has already reached the age of 40 years when the Trust for Issue is established, then on the establishment of the trust, the trustee shall distribute outright to the beneficiary all of the beneficiary's share.

(f) Final Disposition. If the trust property is not completely disposed of by the preceding provisions, the undisposed-of portion shall be distributed outright to my then-living issue in the manner provided in California Probate Code Section 240. If any trust property then remains undisposed, that undisposed trust property shall be distributed outright to my heirs.

4.2. Delayed Income Rule Inapplicable to Disposition of Underproductive Property. Notwithstanding the provisions of the California Revised Uniform Principal and Income Act, the trustee shall not be required to allocate to income, as delayed income, any part of the proceeds received from the sale, exchange, or other disposition of an underproductive asset.

4.3. Spendthrift Clause. The interests of each trust beneficiary under this will are not transferable by voluntary or involuntary assignment or by operation of law, and shall be free from the claims of creditors and from attachment, execution, bankruptcy, and other legal process, to the maximum extent permitted by law. If any such transfer is made or attempted by or against a trust beneficiary, all further trust payments of income or principal or both to that beneficiary (and any right of that beneficiary to such payments) shall be suspended for a period of time or indefinitely (but not for longer than the term of the trust) as the trustee determines. In lieu of payments to the beneficiary, the trustee may apply so much of the trust income or principal or both to which the beneficiary would otherwise be entitled as the trustee deems necessary for the beneficiary's education and support. All trust income (to which the beneficiary would otherwise

5

be entitled) not so applied shall in the discretion of the trustee be accumulated and added to trust principal at such time or times as the trustee deems proper.

## ARTICLE FIVE

### EXECUTOR

5.1. <u>Nomination of Executor</u>. I nominate LAURA SIEGEL LARSON, my daughter, as executor of this will.

5.2. <u>Successor Executors</u>. If LAURA SIEGEL LARSON is unable (by reason of death, incapacity, or any other reason) or unwilling to serve as executor, or if at any time the office of executor becomes vacant, by reason of death, incapacity, or any other reason, and no successor executor or coexecutors have been designated under any other provision of this will, then I nominate CITY NATIONAL BANK, Beverly Hills Main Office, as successor executor. If CITY NATIONAL BANK is unwilling or unable to serve as successor executor, a new executor or coexecutors shall be appointed by the court.

5.3. <u>Definition of Executor</u>. The term "executor," as used in this will, refers to each personal representative of my estate who is serving at the pertinent time.

5.4. <u>Waiver of Bond</u>. No bond or undertaking shall be required of any executor nominated in this will.

5.5. <u>General Powers of Executor</u>. The executor shall have full authority to administer my estate under the California Independent Administration of Estates Act. The executor shall have all powers now or hereafter conferred on executors by law, except as otherwise specifically provided in this will, including any powers enumerated in this will.

**CONFIDENTIAL**　　　　　　　　　　　　　　　　　　　　　　　　　　　**LSL 00297**

**EXHIBIT C**
**11**

5.6. Power to Invest. The executor shall have the power to invest and reinvest any money of my estate not reasonably required for the immediate administration of my estate in any kind of property, real, personal, or mixed, and in any kind of investment, including but not limited to improved and unimproved real property, interest-bearing accounts, certificates of deposit, corporate and governmental obligations of any kind, preferred or common stocks, mutual funds, investment trusts, money-market funds, taxable and tax-exempt commercial paper, repurchase and reverse repurchase agreements, and stocks, obligations, and shares or units of common trust funds of any corporate fiduciary.

5.7. Division or Distribution in Cash or in Kind. In order to satisfy a pecuniary gift or to distribute or divide estate assets into shares or partial shares, the executor may distribute or divide those assets in kind, or divide undivided interests in those assets, or sell all or any part of those assets and distribute or divide the property in cash, in kind, or partly in cash and partly in kind. Property distributed to satisfy a pecuniary gift under this will shall be valued at its fair market value at the time of distribution.

5.8. Power to Make Tax Elections. To the extent permitted by law, and without regard to the resulting effect on any other provision of this will, on any person interested in my estate, or on the amount of taxes that may be payable, the executor shall have the power to choose a valuation date for tax purposes; choose the methods to pay any death taxes; elect to treat or use any item for state or federal estate or income tax purposes as an income tax deduction or an estate tax deduction; disclaim all or any portion of any interest in property passing to my estate at or after my death; and determine when an item is to be treated as taken into income or used as a tax deduction.

**CONFIDENTIAL**                                                                 **LSL 00298**

**EXHIBIT C**
**12**

5.9. <u>Power to Sell, Lease, and Grant Options to Purchase Property</u>. The executor shall have the power to sell, at either public or private sale and with or without notice, lease, and grant options to purchase any real or personal property belonging to my estate, on such terms and conditions as the executor determines to be in the best interest of my estate.

5.10. <u>Payments to Legally Incapacitated Persons</u>. If at any time any beneficiary under this will is a minor or it appears to the executor that any beneficiary is incapacitated, incompetent, or for any other reason not able to receive payments or make intelligent or responsible use of the payments, then the executor, in lieu of making direct payments to the beneficiary, may make payments to the beneficiary's conservator or guardian; to the beneficiary's custodian under the Uniform Gifts to Minors Act or Uniform Transfers to Minors Act of any state; to one or more suitable persons, as the executor deems proper, such as a relative or a person residing with the beneficiary, to be used for the benefit of the beneficiary; to any other person, firm, or agency for services rendered or to be rendered for the beneficiary's assistance or benefit; or to accounts in the beneficiary's name with financial institutions. The receipt of payments by any of the foregoing shall constitute a sufficient acquittance of the executor for all purposes.

## ARTICLE SIX

### TRUSTEE

6.1. <u>Nomination of Trustee</u>. I nominate LAURA SIEGEL LARSON, my daughter, as trustee of any trust created under this will.

6.2. <u>Successor Trustees</u>. If LAURA SIEGEL LARSON is unable (by reason of death, incapacity, or any other reason) or unwilling to serve as trustee, or if at any time the office of

8

trustee becomes vacant, by reason of death, incapacity, or any other reason, and no successor trustee or cotrustees have been designated under any other provision of this will, then I nominate CITY NATIONAL BANK, Beverly Hills Main Office, as successor trustee. If CITY NATIONAL BANK is unwilling or unable to serve as successor trustee, a new trustee or cotrustees shall be appointed by the court.

6.3. Definition of Trustee. Reference in this will to the "trustee" shall be deemed a reference to whoever is serving as trustee or cotrustees, and shall include alternate or successor trustees or cotrustees, unless the context requires otherwise.

6.4. Waiver of Bond. No bond or undertaking shall be required of any trustee nominated in this will.

6.5. Compensation of Trustee. The trustee shall be entitled to reasonable compensation for services rendered, payable without court order.

6.6. Procedure for Resignation. Any trustee may resign at any time, without giving a reason for the resignation, by giving written notice, at least sixty (60) days before the time the resignation is to take effect, to any other trustee then acting, to any persons authorized to designate a successor trustee, to all living trust beneficiaries known to the trustee (or, in the case of a minor beneficiary, to the parent or guardian of that beneficiary), and to the successor trustee. A resignation shall be effective on written acceptance of the trust by the successor trustee.

6.7. General Powers of Trustee. To carry out the purposes of any trust created under this will, the trustee shall have all of the powers enumerated in this will and all powers now or hereafter conferred on trustees under California law, subject to any limitations stated elsewhere in this will.

6.8. <u>Power to Retain Trust Property</u>. The trustee shall have the power to retain property received into the trust at its inception or later added to the trust, as long as the trustee considers that retention in the best interests of the trust or in furtherance of my goals in creating the trust, as determined from this will, but subject to the standards of the prudent investor rule as set forth in the California Uniform Prudent Investor Act, as amended from time to time.

6.9. <u>Power to Invest</u>. Subject to the standards of the prudent investor rule as stated in the California Uniform Prudent Investor Act, as amended from time to time, the trustee shall have the power to invest and manage the trust assets as a prudent investor would, by considering the purposes, terms, distribution requirements, and other circumstances of the trust.

6.10. <u>Power Over Unproductive Property</u>. The trustee shall have the power to retain or acquire unproductive or underproductive property.

6.11. <u>Combining Multi-Trust Property</u>. Each trust created under this will shall constitute a separate trust and be administered accordingly; however, the assets of all of the trusts may be combined for bookkeeping purposes and held for the trust beneficiaries without physical division into separate trusts until time of distribution.

6.12. <u>Early Termination of Trusts</u>. The trustee shall have the power, in the trustee's discretion, to petition the court to terminate any trust created under this will whenever the fair market value of the trust falls below twenty-five thousand dollars ($25,000), or becomes so small in relation to the costs of administration as to make continuing administration uneconomical, or contrary to the primary purposes of the trust. On termination, the trustee shall distribute the principal and any accrued or undistributed net income to the income beneficiaries in proportion to their shares of the income. If no fixed amount of income is payable to specific beneficiaries, the

**CONFIDENTIAL**

**LSL 00301**

**EXHIBIT C**

**15**

trustee shall distribute the principal and any accrued or undistributed net income in equal shares to those beneficiaries who would then be entitled to income payments from the trust.

6.13. <u>Division or Distribution in Cash or in Kind</u>. In order to satisfy a pecuniary gift or to distribute or divide trust assets into shares or partial shares, the trustee may distribute or divide those assets in kind, or divide undivided interests in those assets, or sell all or any part of those assets and distribute or divide the property in cash, in kind, or partly in cash and partly in kind. Property distributed to satisfy a pecuniary gift under this will shall be valued at its fair market value at the time of distribution.

6.14. <u>Payments to Legally Incapacitated Persons</u>. If at any time any trust beneficiary under this will is a minor or it appears to the trustee that any trust beneficiary is incapacitated, incompetent, or for any other reason not able to receive payments or make intelligent or responsible use of the payments, then the trustee, in lieu of making direct payments to the trust beneficiary, may make payments to the beneficiary's conservator or guardian; to the beneficiary's custodian under the Uniform Gifts to Minors Act or Uniform Transfers to Minors Act of any state; to one or more suitable persons, as the trustee deems proper, such as a relative or a person residing with the beneficiary, to be used for the benefit of the beneficiary; to any other person, firm, or agency for services rendered or to be rendered for the beneficiary's assistance or benefit; or to accounts in the beneficiary's name with financial institutions. The receipt of payments by any of the foregoing shall constitute a sufficient acquittance of the trustee for all purposes.

6.15. <u>Trustee's Liability</u>. No trustee shall be liable to any interested party for acts or omissions of that trustee, except those resulting from that trustee's willful misconduct or gross

11

negligence. This standard shall also apply regarding a trustee's liability for the acts or omissions of any cotrustee, predecessor trustee, or agent employed by the trustee.

6.16. <u>Written Notice to Trustee</u>. Until the trustee receives written notice of any death or other event on which the right to payments from any trust may depend, the trustee shall incur no liability for disbursements made in good faith to persons whose interests may have been affected by that event.

6.17. <u>Duty to Account</u>. The trustee shall render accounts at least annually, at the termination of a trust, and on a change of trustees, to the persons and in the manner required by law.

ARTICLE SEVEN

CONCLUDING PROVISIONS

7.1. <u>Definition of Death Taxes</u>. The term "death taxes," as used in this will, shall mean all inheritance, estate, succession, and other similar taxes that are payable by any person on account of that person's interest in my estate or by reason of my death, including penalties and interest, but excluding the following:

> (a) Any additional tax that may be assessed under Internal Revenue Code Section 2032A.
>
> (b) Any federal or state tax imposed on a "generation-skipping transfer," as that term is defined in the federal tax laws, unless the applicable tax statutes provide that the generation-skipping transfer tax on that transfer is payable directly out of the assets of my gross estate.

7.2. <u>Payment of Death Taxes</u>. The executor shall pay all death taxes, whether or not attributable to property inventoried in my probate estate, out of the residue of my estate, and no death taxes shall be prorated or apportioned among the persons interested in that property.

**CONFIDENTIAL**

**LSL 00303**

**EXHIBIT C**

**17**

7.3. <u>Period of Survivorship</u>. For the purposes of this will, a beneficiary shall not be deemed to have survived me if that beneficiary dies within thirty (30) days after my death.

7.4. <u>Perpetuities Savings Clause</u>. Notwithstanding any other provision of this will, every trust created by this will shall terminate no later than twenty-one (21) years after the death of the last survivor of my issue who are alive at the time of my death. If a trust is terminated under this section of the will, the trustee shall distribute all of the principal and undistributed income of the trust to the income beneficiaries of the trust in the proportion in which they are entitled (or eligible, in the case of discretionary payments) to receive income immediately before the termination. If that proportion is not fixed by the terms of this will, the trustee shall distribute all of the trust property to the persons then entitled or eligible to receive income from the trust outright in a manner that, in the trustee's opinion, will give effect to my intent in creating the trust. The trustee's decision is to be final and incontestable by anyone.

7.5. <u>Definition of Incapacity</u>. As used in this will, "incapacity" or "incapacitated" means a person operating under a legal disability such as a duly established conservatorship, or a person who is unable to do either of the following:

    (a) Provide properly for that person's own needs for physical health, food, clothing, or shelter; or

    (b) Manage substantially that person's own financial resources, or resist fraud or undue influence.

7.6. <u>Captions</u>. The captions appearing in this will are for convenience of reference only, and shall be disregarded in determining the meaning and effect of the provisions of this will.

CONFIDENTIAL                                                                                         LSL 00304

**EXHIBIT C**
**18**

7.7. Severability Clause. If any provision of this will is invalid, that provision shall be disregarded, and the remainder of this will shall be construed as if the invalid provision had not been included.

7.8. California Law to Apply. All questions concerning the validity and interpretation of this will, including any trusts created by this will, shall be governed by the laws of the State of California in effect at the time this will is executed.

7.9. Gifts to "Heirs". For any gift to my heirs that is made outright in this will, those heirs shall be determined as if I had died intestate at the time for distribution prescribed in this will, and the identity and shares of those heirs shall be determined according to the California laws of succession that concern separate property not acquired from a previously deceased spouse and that are in effect at the time I am deemed to have died. For any assets of any trust estate created by this will to be distributed to my heirs, those heirs shall be determined as if I had died intestate immediately following the termination of the trust of each share, and the identity and shares of those heirs shall be determined according to the California laws of succession that concern separate property not acquired from a previously deceased spouse and that are in effect at the time I am deemed to have died.

Executed on _November 14th/2003_, at _Los Angeles_, California.

_____
JOANNE SIEGEL

On the date written above, we, the undersigned, each being present at the same time, witnessed the signing of this instrument by JOANNE SIEGEL. At that time, JOANNE SIEGEL appeared

14

CONFIDENTIAL

LSL 00305

EXHIBIT C
19

to us to be of sound mind and memory and, to the best of our knowledge, was not acting under fraud, duress, menace, or undue influence. Understanding this instrument, which consists of 15 ages, including the pages on which the signature of JOANNE SIEGEL and our signatures appear, to be the will of JOANNE SIEGEL, we subscribe our names as witnesses thereto.

We declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 14, 2000, at Los Angeles, California.

_____ residing at 11111 Santa Monica Blvd 1840
Witness                                  Street Address

                                          Los Angeles, California
                                          City

Mary Carrier _____ residing at 11111 Santa Monica Blvd #18,
Witness                                  Street Address

                                          Los Angeles California 90025
                                          City

15

CONFIDENTIAL

LSL 00306

EXHIBIT C
20