# EXHIBIT E

# TOBEROFF & ASSOCIATES, P.C.

A PROFESSIONAL CORPORATION

22631 PACIFIC COAST HIGHWAY #348
MALIBU, CALIFORNIA 90265

MARC TOBEROFF*
KEITH G. ADAMS
PABLO D. ARREDONDO*
JEFFREY R. RHOADS
NICHOLAS C. WILLIAMSON

TELEPHONE
(310) 246-3333

FACSIMILE
(310) 246-3101

* Also admitted in New York

kgadams@ipwla.com

February 24, 2012

<u>Via E-Mail</u>

Matthew Kline
Jason Tokoro
O'Melveny and Myers LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067

Re:   <u>DC Comics v. Pacific Pictures Corp., et al.</u>, Case No. 10-CV-03633 ODW (RZx)

Dear Matt:

I write in response to your February 17, 2012 letter and the parties' February 24, 2012 meet-and-confer regarding DC's contemplated Local Rule 72-2.1 motion for review of Judge Zarefsky's February 15, 2012 order (Docket No. 378) denying DC's motion to compel production of the August 2002 letter from Kevin Marks, Esq., to his clients, Laura Siegel Larson and Joanne Siegel, and Don Bulson, Esq., Michael Siegel's attorney.

For the reasons set out in defendants' briefing and Magistrate Zarefsky's order, and as I stated on the call, defendants will oppose that motion. Ms. Larson's brief allusion in her July 2003 letter to Michael Siegel to the August 2002 letter – a clearly privileged document already in Mr. Siegel's possession – did not waive privilege as "there is no basis for vitiating the privilege by the mere repetition among the privilege-holders of information they already had." Docket No. 378 at 5. See *United States v. Buljubasic*, 808 F.2d 1260, 1268 (7th Cir. 1987).

Your February 17 letter claims that Magistrate Zarefsky "makes a clear factual error as to the privilege defendants actually asserted." During the meet-and-confer, you confirmed that this refers to the fact that the August 2002 letter was listed as protected by the "attorney/client privilege" in the Siegels' December 15, 2011 privilege log. That is immaterial. The Ninth Circuit "has long recognized that the joint defense privilege is 'an extension of the attorney-client privilege,'" which was plainly asserted. *United States v. Gonzalez*, ___ F.3d ___, 2012 WL 206266 at *3 (9th Cir. January 25, 2012), quoting *United States v. Henke*, 222 F.3d 633, 637 (9th Cir. 2005). Don Bulson, Michael Siegel's attorney, was listed as a recipient of the communication. The attorney-client and derivative common-interest privileges were effectively invoked, and Magistrate Zarefsky ably addressed this point in his order.

**EXHIBIT E**

**71**

**TOBEROFF & ASSOCIATES, P.C.**

February 24, 2012
Re:   *DC Comics v. Pacific Pictures Corp.*
Page:  2 of 3


Moreover, the Estate of Michael Siegel also clearly asserted the common interest privilege in its November 29, 2011 privilege log (Entry Nos. 371-372).

As to DC's assertion that Magistrate Zarefsky "does not address two of the arguments DC actually advanced," DC's main arguments in its motion were (1) that Laura Siegel Larson's July 2003 letter waived privilege, (2) that the disclosure of the Toberoff "Timeline" waived privilege, and (3) that the August 2002 letter supposedly contained non-privileged "factual" information and should be produced to the extent of such information. *See* Docket No. 362 at 8, 11, 12. All three arguments, and the sub-arguments contained therein, were addressed and resolved by Magistrate Zarefsky's order. *See* Docket No. 378 at 1-5 (addressing the first argument), 5-6 (addressing the second argument), 6 (addressing the third argument).

During the meet-and-confer, you argued that Magistrate Zarefsky purportedly did not address DC's arguments that: (1) Magistrate Zarefsky was obliged to conduct an *in camera* review of the letter in search of any purported non-privileged material; and (2) in the event Laura Siegel Larson and Michael Siegel did not share a common interest in July 2003, the allusion to the August 2002 letter in the July 2003 letter waived privilege.

However, Magistrate Zarefsky addressed both topics. Point (1) was addressed when Magistrate Zarefsky stated that "[a] showing that *in camera* review must be had has not been made out" (Docket No. 378 at 6), rejecting DC's argument that it had somehow shown that the August 2002 letter contained non-privileged information or that *in camera* review was required. Point (2) was addressed repeatedly throughout the Order. *See e.g.*, Docket No. 378 at 5.

Moreover, even if Magistrate Zarefsky had not addressed certain of DC's arguments, "[c]ourts are not required to explicitly address each and every assertion supporting each and every claim in a party's brief." *Lee v. Schwartz*, 2004 U.S. Dist. LEXIS 25198, at *18 n.5 (N.D. Cal. Dec. 9, 2004). *See also Westside Property Owners v. Schlesinger*, 597 F.2d 1214, 1216 (9th Cir. 1979) ("We do not believe that the district court has an obligation to address explicitly every point raised by the parties.").

Lastly, defendants reject DC's proposal that they produce a redacted version of the August 2002 letter showing any purportedly "non-privileged" portions, as this is unwarranted. The August 2002 letter is fully protected by the attorney-client/common-interest privilege as set forth in Magistrate Zarefsky's order and defendants' opposition to DC's motion to compel (*see* Docket No. 368 at 14-15). Moreover, DC refused to commit to not bringing its wasteful motion for review in any event.

Nothing in this letter should be construed as a waiver or limitation of any of defendants' rights or remedies, all of which are reserved.

**TOBEROFF & ASSOCIATES, P.C.**

February 24, 2012
Re:   *DC Comics v. Pacific Pictures Corp.*
Page:  3 of 3

Very truly yours,

*/s/*

Keith Adams