Marc Toberoff (State Bar No. 188547)
 mtoberoff@ipwla.com
Keith G. Adams (State Bar No. 240497)
 kgadams@ipwla.com
Pablo D. Arredondo (State Bar No. 241142)
 parredondo@ipwla.com
TOBEROFF & ASSOCIATES, P.C.
22337 Pacific Coast Highway #348
Malibu, California 90265
Telephone:  (310) 246-3333
Facsimile:   (310) 246-3101

Attorneys for Defendants
Mark Warren Peary, as personal
representative of the Estate of Joseph
Shuster, Jean Adele Peavy, and Laura
Siegel Larson, individually and as personal
representative of the Estate of Joanne
Siegel

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| DC COMICS,<br><br>                    Plaintiff,<br><br>          vs.<br><br>PACIFIC PICTURES CORPORATION;<br>IP WORLDWIDE, LLC; IPW, LLC;<br>MARC TOBEROFF, an individual;<br>MARK WARREN PEARY, as personal<br>representative of the ESTATE OF<br>JOSEPH SHUSTER; JEAN ADELE<br>PEAVY, an individual; LAURA<br>SIEGEL LARSON, individually and as<br>personal representative of the ESTATE<br>OF JOANNE SIEGEL,<br>and DOES 1-10, inclusive,<br><br>                    Defendants. | Case No: CV 10-03633 ODW (RZx)<br><br>Hon. Otis D. Wright II, U.S.D.J.<br>Hon. Ralph Zarefsky, U.S.M.J.<br><br>**DISCOVERY MATTER**<br><br>**DEFENDANTS' REQUEST FOR<br>AN EXTENSION OF TIME TO<br>RESPOND TO DC COMICS'<br>APRIL 25, 2012 *EX PARTE*<br>APPLICATION**<br><br>Complaint filed:  May 14, 2010<br>Trial Date:  None Set |

## REQUEST FOR AN EXTENSION

Defendants respectfully request an extension to **12:00 p.m. on Monday, April 30, 2012**, to file an opposition to Plaintiff DC Comics' *Ex Parte* Application to Lift Temporary Stay On Court's May 25, 2011 and August 8, 2011 Orders (Docket No. 391), if such motion is not summarily denied.

1.      This extension is amply justified by the inordinate length of DC's 15-page application and the immediate scheduling and calendar conflicts of defendants' counsel.

Counsel for defendants Laura Siegel Larson, Mark Warren Peary, and Jean Adele Peavy have an appellate brief due **Friday, April 27, 2012**, in a major case, *Marvel Characters, Inc. v. Kirby*, 2d Cir. Case No. 11-CV-3333, and counsel for defendants Marc Toberoff, Pacific Pictures Corporation, IP Worldwide, LLC and IPW, LLC must prepare for a final pre-trial status conference on **Tuesday-Wednesday, May 1-2, 2012**, in *Jason West, et al. v. Activision Publishing, Inc., et al.*, LASC Case No. SC107041, and have a pre-scheduled trial preparation meeting in another matter on **Thursday, April 26, 2012**.  Docket No. 391-3, Ex. G at 64-66.

DC was well-aware of these deadlines when it filed its *ex parte* application, as the relevant declaration of defendants' counsel Laura Brill was attached to its application.  Docket No. 391-3, Ex. G.

Upon receiving DC's *ex parte* application defendants' counsel attempted to contact DC's counsel, Jason Tokoro, leaving a voicemail at approximately 5:20 p.m., and sending a follow-up e-mail as to defendants' request for a brief extension of time to respond, outlining these conflicts.  *See* Exhibit A.  DC responded by agreeing to an extension with additional conditions and only until April 27, 2012, which did nothing to alleviate the known scheduling conflicts listed above.  *Id.*

2.      There is no basis for DC's *ex parte* request to lift the stay imposed by this Court's May 25, 2011 order ("Order").  The stay expressly continued "until all review is exhausted or the District Judge rules to the contrary on the matter" (Docket

DEFENDANTS' REQUEST FOR AN EXTENSION OF THEIR DEADLINE TO FILE AN OPPOSITION TO PLAINTIFF DC COMICS' *EX PARTE* APPLICATION

No. 262 at 2-3) and was an integral part of the order that this Court explicitly reaffirmed in response to a similar challenge by DC. Docket No. 287 at 2. The Ninth Circuit panel hearing defendants' writ petition expressly *affirmed* this Court's Order. Docket No. 391, Appendix A at 31. Defendants have notified both DC and the Ninth Circuit that they will bring a petition for rehearing and/or rehearing en banc as to the writ opinion. Docket No. 391-3, Ex. G. As "all review" has <u>not</u> been exhausted, the stay should remain in effect.

3.    This request for a short extension is also justified because there is no basis for emergency or *ex parte* relief, as shown by DC's own conduct.

DC indicated that it would move *ex parte* for the production of the documents over a week ago, on Tuesday, **April 17, 2012**; Defendants indicated they would oppose this application on Thursday, **April 19, 2012**. Docket No. 391-3, Exs. C-F. DC then waited *a week*, until Wednesday, **April 25, 2012**, to file this *ex parte* application, belying its claims of urgency.

Furthermore, despite DC's claims that the earliest a noticed motion could be heard is **June 4, 2012**, had DC filed a noticed motion in a timely fashion on or before Friday, April 20, 2012, that motion could have been heard on Monday, **May 21, 2012**, in advance of the deadline for DC to file its appellate brief in this case. Moreover, as a matter of well-settled appellate procedure, DC cannot in any event supplement the appellate record with the stolen privileged documents not before the district court in the first instance. *See, e.g., Barcamerica Int'l USA Trust v. Tyfield Importers, Inc.*, 289 F.3d 589, 593-94 (9th Cir. 2002).

Lastly, despite its newfound claims of urgency and complaints as to the length of the stay, DC never once sought to expedite the Ninth Circuit's consideration of defendants' writ petition.

The above lack of diligence is sufficient ground to deny DC's *ex parte* application. Local Rule 37-3 ("Unless the Court in its discretion otherwise allows, no discovery motions shall be filed or heard on an ex parte basis, ***absent a showing of***

*irreparable injury or prejudice not attributable to the lack of diligence of the moving party*.") (emphasis added).  At a minimum, it warrants the requested extension of time to respond to DC's lengthy application.

4.    DC's application also violates the rules of *ex parte* practice:

> It shall be the duty of the attorney so applying (a) to make reasonable, good faith efforts orally **to advise counsel** for all other parties, if known, **of the date** and substance of the proposed ex parte application and (b) to advise the Court in writing and under oath of efforts to contact other counsel and whether any other counsel, after such advice, opposes the application.

Local Rule 7-19.1 (emphasis added).  DC never advised defendants of the date it would bring its *ex parte* application; rather, on April 17 it said it would bring such application, and then did not do so, leading Defendants to believe that DC had reconsidered or would bring a regular noticed motion, as it should have.  DC then sandbagged defendants a week later with its 15-page ex parte application in the midst of known scheduling conflicts.

For all the reasons set forth above defendants respectfully request an extension to 12:00 p.m. on Monday, April 30, 2012, to file an opposition to DC's ex parte application.

Dated: April 25, 2012         RESPECTFULLY SUBMITTED,

Marc Toberoff
TOBEROFF & ASSOCIATES, P.C.

Attorneys for Defendants
Mark Warren Peary, as personal representative of the
Estate of Joseph Shuster, Jean Adele Peavy, and Laura
Siegel Larson, individually and as personal
representative of the Estate of Joanne Siegel

DEFENDANTS' REQUEST FOR AN EXTENSION OF THEIR DEADLINE TO FILE AN
OPPOSITION TO PLAINTIFF DC COMICS' *EX PARTE* APPLICATION