# EXHIBIT B



# O'MELVENY & MYERS LLP

BEIJING
BRUSSELS
HONG KONG
LONDON
LOS ANGELES
NEWPORT BEACH
NEW YORK

1999 Avenue of the Stars, 7th Floor
Los Angeles, California  90067-6035

TELEPHONE  (310) 553-6700
FACSIMILE  (310) 246-6779
www.omm.com

SAN FRANCISCO
SHANGHAI
SILICON VALLEY
SINGAPORE
TOKYO
WASHINGTON, D.C.

March 28, 2012

**VIA E-MAIL**

Marc Toberoff
Keith Adams
Toberoff & Associates, P.C.
22337 Pacific Coast Highway #348
Malibu, CA 90265

OUR FILE NUMBER
905900-321

WRITER'S DIRECT DIAL
(310) 246-6707

WRITER'S E-MAIL ADDRESS
jtokoro@omm.com

Re: <u>DC Comics v. Pacific Pictures Corp. et al., CV-10-3633 (ODW) (RZx)</u>

Dear Keith:

    We are in receipt of your March 16, 2012, e-mail attaching defendant Marc Toberoff's production of "documents showing capital accounts" of the Toberoff defendants (Pacific Pictures Corporation, IP Worldwide, LLC, and IPW, LLC) pursuant to Magistrate Zarefsky's February 13, 2012, order. The production is incomplete, as discussed below:

    Magistrate Zarefsky ordered defendants to produce "documents showing capital accounts" of the Toberoff defendants. Docket No. 382 at 19:12-14. Defendants have not done so. Defendants' entire March 16 production consists of the selective disclosure of 10 random statements for bank accounts held by the Toberoff defendants, totaling 16 pages.[1] These documents do not provide a full or fair accounting of the Toberoff defendants' capitalization during the events at issue.

    The documents defendants produced do not show, among other things, who contributed capital to the Toberoff defendants, the amount of capital that was contributed and how it was accounted for by the Toberoff defendants, the initial and/or current capitalization of each of the Toberoff defendants, or transactions between the Toberoff defendants. DC is entitled to the complete picture of the Toberoff defendants' capitalization, which bears directly on critical

---

[1] Pacific Pictures Corporation: Bank of America Statements for February 11, 2003; October 31, 2008; and November 28, 2008; IP Worldwide, LLC: City National Bank Statements for May 31, 2002; March 31, 2003; February 28, 2006; and February 29, 2012; and, IPW, LLC: Bank of America Statements for July 30, 2004; April 30, 2010; and February 29, 2012.

**EXHIBIT B**

**20**

O'Melveny & Myers LLP
Error! No text of specified style in document. - Page 2

factors courts consider in applying the *Associated Vendors* test to determine DC's alter-ego claims in this case.[2]

A few random bank statements do not show the status of defendants' "capital accounts," as courts consider various documents in evaluating capitalization where alter-ego claims are involved. For example, in *Associated Vendors*, the court reviewed internal corporate records showing the ownership structure of the related companies, documents relating to the issuance of stock, disbursement checks, and financial records and bank account statements. 210 Cal. App. 2d at 841. In *Goldberg v. Engelberg*, 34 Cal. App. 2d 10, 12 (1939), the court considered evidence reflecting the stockholders of the corporation, records that the corporation never paid dividends, corporate checks used by defendant to pay his own expenses, and a deed showing defendant transferred a corporate asset to his wife to avoid a judgment lien. In *Sonora Diamond Corp v. Superior Court*, 83 Cal. App. 4th 523, 547-48 (2000), the court discussed records of financial transactions between the related companies, including intercompany loans and similar arrangements, the transfer of money between the companies' bank accounts, and how proceeds from asset sales were recorded.[3]

Is it defendants' position that no documents exist beyond the 16 pages produced "showing" the capital accounts of the Toberoff defendants? Or is it defendants' position that—even if other capitalization records exist, including showing who made investments in the companies and in what amounts—the March 16 production somehow satisfied defendants' obligations pursuant to the Court's February 13 order? If it is the former, DC is entitled to a clear statement that no additional responsive documents exist or are being withheld by defendants, which would be powerful proof of the alter-ego status of those companies. If it is the latter, defendants' position is not well-taken, and those documents must be produced.

---

[2] Factors include: "Commingling of funds and other assets, failure to segregate funds of the separate entities, and the unauthorized diversion of corporate funds or assets to other than corporate uses; the treatment by an individual of the assets of the corporation as his own; ... the failure to adequately capitalize a corporation; the total absence of corporate assets, and undercapitalization; ... the diversion of assets from a corporation by or to a stockholder or other person or entity, to the detriment of creditors, or the manipulation or assets and liabilities between entities so as to concentrate the assets in one and the liabilities in another ...." *Assoc. Vendors, Inc. v. Oakland Meat Co.*, 210 Cal. App. 2d 825, 838-40 (1962).

[3] *See also, e.g., Riddle v. Leuschner*, 51 Cal. 2d 574, 581-82 (1959) (stock issued by company and internal records showing intermingling of assets of the related companies); *Stark v. Coker*, 20 Cal. 2d 839, 846-47 (1942) (stock issued by company and internal books and records); *Tomaselli v. Transamerica Ins. Co.*, 25 Cal. App. 4th 1269, 1284 & n.12 (1994) (annual report reflecting financial transactions); *Inst. of Veterinary Pathology, Inc. v. Cal. Health Lab., Inc.*, 116 Cal. App. 3d 111, 119 (1981) (stock issued by company, stock books of related companies, and consolidated financial statements); *TWM Homes, Inc. v. Atherwood Realty & Inv. Co.*, 214 Cal. App. 2d 826, 852 (1963) (bank account records, company balance sheet, and internal books and records of corporate transactions).

**EXHIBIT B**

O'MELVENY & MYERS LLP
Error! No text of specified style in document. - Page 3

Indeed, defendants have produced no documents beyond the 10 random bank statements—no books and records for any of the Toberoff defendants establishing the companies' internal accounting of capital structure; no documents reflecting the acquisition or transfer of corporate assets, including transfers between the Toberoff defendants; and no documents reflecting how the Toberoff defendants accounted for capital contributions made by third parties or ownership interest(s) in the companies held by third parties (*e.g.*, Ari Emanuel's capital contribution to IP Worldwide and ownership interest in the company; Bruce Karsh's capital contribution to IPW and ownership interest in the company). DC is entitled to discover exactly these types of documents in connection with its alter-ego claims. *E.g., Accord Columbia Pictures, Inc. v. Bunnell*, 2007 WL 4916964, at *11-12 (C.D. Cal. May 7, 2007) ("documents concerning the operations, structure, and financial condition of [related company] ... relevant and necessary" for alter-ego determination); *21X Capital Ltd. v. Werra*, 2008 WL 131918, at *1 (N.D. Cal. Jan. 11, 2008) (plaintiff entitled to examine financial dealings between related companies, including "check request vouchers, photocopies of checks, and *complete* bank statement records ... as well as the general ledgers").

Defendants, moreover, have not even made a complete production of the *monthly* bank statements for the Toberoff defendants. The gaps between the selectively disclosed statements are generally lengthy, extending for up to six years between statements. Notably, no statements have been produced from the January 2001 through December 2002 timeframe, when many of the challenged transactions between Mr. Toberoff and the Siegels and/or Shusters were undertaken, including the November 2001 Pacific Pictures Agreement and the October 2002 IP Worldwide Agreement.

If defendants claim they do not have copies of each monthly statement for the accounts held by the Toberoff defendants, it is incumbent upon defendants to obtain the statements from the respective banks—such documents are still within defendants' "possession, custody or control." Both Bank of America and City National Bank both allow accountholders to access and request prior statements.[4]

DC filed its complaint in May 2010, including its alter-ego claims against the Toberoff defendants. Defendants, at that point, were under an obligation to preserve all evidence relevant to DC's alter-ego claims. WILLIAM H. SCHWARZER, ET AL., RUTTER GROUP PRACTICE GUIDE: FEDERAL CIVIL PROCEDURE BEFORE TRIAL § 11:125 (2011) ("Litigants owe an 'uncompromising duty to preserve' what they *know* or reasonably should know will be relevant evidence in a pending lawsuit, of *one in the offing*, even though no discovery requests or order to preserve the evidence has yet been made.") (emphasis added); *Leon v. Sys. Corp.*, 464 F.3d 951, 959 (9th Cir. 2006).

---

[4] Bank of America's policy regarding current and prior bank statements can be found at: https://sitekey.bankofamerica.com/cmsContent/en_US/eas-docs/cfc-help/help_faq.html#OrderStatements2. City National Bank's policy regarding current and prior bank statements can be found at: https://www.cnb.com/banking/online-services/individual/online-banking-faq.asp#statement3.

O'MELVENY & MYERS LLP
**Error! No text of specified style in document. - Page 4**

    Please confirm that by April 5, defendants will produce all "documents showing capital accounts" for the Toberoff defendants, including books and records for the Toberoff defendants establishing the companies' internal accounting of capital structure; documents reflecting the acquisition or transfer of corporate assets, including transfers between the Toberoff defendants; and documents reflecting how the Toberoff defendants accounted for capital contributions made by third parties or ownership interest(s) in the companies held by third parties; as well as every monthly statement for the bank accounts held by the Toberoff defendants.

* * *

    If defendants refuse to produce these materials, please let us know when you are available to meet and confer on these issues, pursuant to Rule 37. We propose meeting and conferring tomorrow, March 29, or Friday, March 30.

    All of DC's rights and remedies are hereby reserved.

Very truly yours,

/s/ Jason H. Tokoro

Jason H. Tokoro
for O'MELVENY & MYERS LLP

cc:    Daniel M. Petrocelli, Esq.
       Matthew T. Kline, Esq.
       Richard Kendall, Esq.

# EXHIBIT C

# TOBEROFF & ASSOCIATES, P.C.

A PROFESSIONAL CORPORATION

22337 PACIFIC COAST HIGHWAY #348

MALIBU, CALIFORNIA 90265

MARC TOBEROFF*
KEITH G. ADAMS
PABLO D. ARREDONDO*
JEFFREY R. RHOADS
NICHOLAS C. WILLIAMSON

TELEPHONE
(310) 246-3333

FACSIMILE
(310) 246-3101

* Also admitted in New York

kgadams@ipwla.com

April 6, 2012

Via E-Mail

Jason Tokoro
O'Melveny and Myers LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067

Re: _DC Comics v. Pacific Pictures Corp., et al._, Case No. 10-CV-03633 ODW (RZx)

Dear Jason:

    I write in response to your March 28, 2012 letter concerning defendants' March 16, 2012 production of documents, and to follow-up on our April 6, 2012 meet-and-confer. DC's attempt to turn Magistrate Zarefsky's narrow February 13, 2012 order ("Order") into the type of improper request that Magistrate Zarefsky has already held to be "hopelessly overbroad" (Dkt. 262 at p.5) is not well taken. DC contends that it is entitled to:

> [A]ll 'documents showing capital accounts' for the Toberoff defendants, including books and records for the Toberoff defendants establishing the companies' internal accounting of capital structure; documents reflecting the acquisition or transfer of corporate assets, including transfers between the Toberoff defendants; and documents reflecting how the Toberoff defendants accounted for capital contributions made by third parties or ownership interest(s) in the companies held by third parties; as well as every monthly statement for the bank accounts held by the Toberoff defendants.

This closely parallels numerous aspects of DC's motion to compel which were _denied:_

- "[DC's] document requests at issue in this motion—for documents related to corporate formation, ownership, management structure, minutes of meetings, and capitalization, etc...." Docket No. 361 at 9.
- "DC requests this material—e.g., agreements among the Toberoff companies and third parties; corporate formation and structure documents; lists of each companies' owners, managers, and employees; proof of their capitalization; and documents relating to company meetings and operations, including notices, participant lists, minutes, and approvals...." _Id._ at 12.

# EXHIBIT C
# 24

**TOBEROFF & ASSOCIATES, P.C.**

April 6, 2012
Re:   *DC Comics v. Pacific Pictures Corp.*
Page:  2 of 3

     As DC did not move for review of the Magistrate Judge Zarefsky's Order, it is the law of the case. Local Rule 72-2.1. The Order plainly stated that as to "sub-parts f and g concerning capital structure, the motion is granted *limited to documents showing capital accounts*, if any such documents exist." February 13, 2012 Transcript at 19:12-14 (emphasis added). Nowhere does the Order call for the production of every document in any way related to the companies' capital accounts, structure or practices, as DC now insists.

     On its face, the Order asks for documents showing the capital accounts held by Pacific Pictures, LLC ("PPC"), IP Worldwide LLC ("IPWW") and IPW, LLC ("IPW"). In accordance with the Order, and the purported rationale of DC's underlying motion, defendants properly produced, after a reasonable search, the first and most recent bank statements showing that such entities held separate bank accounts over a significant period of time. These records also adequately show the earliest available capital accounts for all three entities, one of which was long ago dissolved (PPC), one of which was long ago wound down (IPWW) and one of which is completely unrelated to this case (IPW). Defendants' production is fully responsive to the Order.

     DC demanded, in its March 28 letter, "a complete production of the monthly bank statements for the Toberoff defendants." Such a request is overbroad and unduly burdensome on its face, unnecessary for DC's stated purpose of verifying that these entities are not "alter egos," and outside the scope of the Order.

     Even were DC somehow entitled to monthly bank statement, its assumption that the banks in question allow customers to obtain bank statements from 2001-2002 is inaccurate. If you actually read the link you provided, you will see that Bank of America states that "We provide up to 7 years worth of statements." As to City National Bank, entering the link you provided leads to a screen which states "We're sorry, the page you are looking for cannot be found." A conversation between our office and a representative from City National Bank revealed that they too limit available records to the last seven years. Thus, even had PPC, IPWW and IPW immediately requested every single monthly statement from their respective banks when DC filed its complaint in May 2010 – something they were under no obligation whatsoever to do – statements "from the January 2001 through December 2002 timeframe" that DC contends it is entitled to would not be available.

     You asked on the call if defendants would be willing to produce evidence of "asset transfers" between PPC, IPWW and IPW. Although the Order pertaining to capital accounts does not broadly encompass "asset transfers," defendants long ago produced the only relevant "asset transfer[]" between these entities – namely, the IPWW Winding-Up Agreement.

     Nonetheless, to avoid any further burden on the Court, defendants will agree to the following compromise, if DC will agree not to bring its blatantly overbroad motion: defendants will produce, by no later than April 15, 2004, documents sufficient to show the initial capital contributions made to IPW and IPWW by any investor(s). As I indicated on the call, no

**EXHIBIT C**
**25**

**TOBEROFF & ASSOCIATES, P.C.**

April 6, 2012
Re:   *DC Comics v. Pacific Pictures Corp.*
Page:   3 of 3

equivalent documents exist for PPC, a dissolved "loan-out" corporation. Please let us know whether DC will agree to this compromise.

All of Defendants' rights and remedies are reserved.

Very truly yours,

Keith Adams

**EXHIBIT C**
**26**

# EXHIBIT D

Case 2:10-cv-03633-ODW-RZ   Document 397-2   Filed 04/26/12   Page 10 of 14   Page ID #:24902



# O'MELVENY & MYERS LLP

BEIJING
BRUSSELS
HONG KONG
LONDON
LOS ANGELES
NEWPORT BEACH
NEW YORK

1999 Avenue of the Stars, 7th Floor
Los Angeles, California 90067-6035

TELEPHONE (310) 553-6700
FACSIMILE (310) 246-6779
www.omm.com

SAN FRANCISCO
SHANGHAI
SILICON VALLEY
SINGAPORE
TOKYO
WASHINGTON, D.C.

April 10, 2012

**VIA E-MAIL**

Marc Toberoff
Keith Adams
Toberoff & Associates, P.C.
22337 Pacific Coast Highway #348
Malibu, CA 90265

OUR FILE NUMBER
905900-321

WRITER'S DIRECT DIAL
(310) 246-6707

WRITER'S E-MAIL ADDRESS
jtokoro@omm.com

Re:   *DC Comics v. Pacific Pictures Corp. et al.*, CV-10-3633 (ODW) (RZx)

Dear Keith:

We write in response to your April 6, 2012, letter. The "compromise" you propose—producing "by no later than April 15, 20[12], documents sufficient to show the *initial* capital contributions made to IPW and IPWW by any investor(s)" (emphasis added)—is not appropriate, as we discussed, because among other reasons it limits those capital account records to one isolated moment in time. The Court's order was not so limited, and the case law on this issue does not have such a narrow temporal scope. Nor does your offer promise to show what stakeholders in these companies made investments in them or when or in what amounts. We will move to compel such documentation. DC disputes the remainder of your letter and hereby reserves all of its rights and remedies.

Very truly yours,

/s/ Jason H. Tokoro

Jason H. Tokoro
for O'MELVENY & MYERS LLP

cc:   Daniel M. Petrocelli, Esq.
      Matthew T. Kline, Esq.
      Richard Kendall, Esq.

**EXHIBIT D**
**27**

# EXHIBIT E

Search - 100 Results - pacific pictures corporation

Page 1 of 2

Source: Legal > Area of Law - By Topic > Corporate > Public Records > NY Business and Corporation Information
Terms: pacific pictures corporation (Edit Search)

Select for FOCUS™ or Delivery

NEW YORK DEPARTMENT OF STATE

**THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY**

THIS DATA IS NOT AN OFFICIAL RECORD OF THE DEPARTMENT OF STATE OR THE STATE OF NEW YORK. LEXISNEXIS IS NOT AN EMPLOYEE OR AGENT OF THE DEPARTMENT OF STATE OR THE STATE OF NEW YORK. THE DEPARTMENT OF STATE DISCLAIMS ALL WARRANTIES, EXPRESS OR IMPLIED, REGARDING THIS DATA.

NEW YORK DEPARTMENT OF STATE

**Company Name:** PACIFIC PICTURES CORPORATION

**Process Address:**
% MAX TOBEROFF
330 EAST 57TH STREET
APT 34A
NEW YORK, NY 10022

**Type:** DOMESTIC BUSINESS

**Status:** INACTIVE

**Status Comment:** DISSOLUTION BY PROCLAMATION

**Filing Date:** 6/25/2003

**Duration:** PERPETUAL

**County:** NEW YORK

**Date of Incorporation/Qualification:** 8/26/1988

**Corporation Number:** 1287565

**Microfilm Number:** B678470-6

**Stock Information:**
Type of Stock: NO PAR VALUE
Authorized Quantity: 200
Par Value: $ 0.00

**History:**
Type: DISSOLUTION BY PROCLAMATION (DOMESTIC BUSINESS)
Effective Date: 6/25/2003
Microfilm Number: DP-1664536

PPC 00001

**EXHIBIT E**
**28**

Search - 100 Results - pacific pictures corporation

Page 2 of 2

Type: INCORPORATION (DOMESTIC BUSINESS)
Effective Date: 8/26/1988
Microfilm Number: B678470-6

Source: Legal > Area of Law - By Topic > Corporate > Public Records > **NY Business and Corporation Information**
Terms: **pacific pictures corporation** (Edit Search)
View: Full
Date/Time: Tuesday, March 2, 2004 - 9:57 PM EST

About LexisNexis | Terms and Conditions

Copyright © 2004 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

PPC 00002

**EXHIBIT E**
**29**