DANIEL M. PETROCELLI (S.B. #097802)
  dpetrocelli@omm.com
MATTHEW T. KLINE (S.B. #211640)
  mkline@omm.com
CASSANDRA L. SETO (S.B. #246608)
  cseto@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067-6035
Telephone: (310) 553-6700
Facsimile: (310) 246-6779

PATRICK T. PERKINS (admitted *pro hac vice*)
  pperkins@ptplaw.com
PERKINS LAW OFFICE, P.C.
1711 Route 9D
Cold Spring, NY 10516
Telephone: (845) 265-2820
Facsimile: (845) 265-2819

Attorneys for Plaintiff DC Comics

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DC COMICS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PACIFIC PICTURES CORPORATION, IP WORLDWIDE, LLC, IPW, LLC, MARC TOBEROFF, an individual, MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER, JEAN ADELE PEAVY, an individual, LAURA SIEGEL LARSON, an individual and as personal representative of the ESTATE OF JOANNE SIEGEL, and DOES 1-10, inclusive,<br><br>　　　　Defendants. | Case No. CV 10-3633 ODW (RZx)<br><br>**DISCOVERY MATTER**<br><br>**DC COMICS' REPLY IN SUPPORT OF *EX PARTE* APPLICATION TO LIFT TEMPORARY STAY ON COURT'S MAY 25, 2011, AND AUGUST 8, 2011, ORDERS**<br><br>**Judge**:　Hon. Otis D. Wright II<br>**Magistrate**:　Hon. Ralph Zarefsky<br><br>Hearing Date: May 7, 2012<br>Hearing Time: 10:00 a.m. |

Five judges in this case—along with circuit courts across the country and Congress—have rejected defendants' position that the Toberoff Timeline documents and defendants' communications with the USAO are privileged. The documents are relevant and needed for use in these Superman cases, and no special rules apply to defendants, these documents, or their production; otherwise, all privileged documents could be held hostage indefinitely by litigants who promise further and further appellate review. The Supreme Court in *Mohawk* rejected the notion that such delay pending interlocutory appellate review is appropriate, and DC's application that this Court lift its stay orders should be granted immediately, so that these documents can be used in this case without further delay.

1. Defendants' opposition all but concedes half of DC's motion, saying nothing to defend their withholding of communications with the USAO. Docket No. 309. These documents are not remotely privileged, defendants used a handpicked subset of these documents in their public filings, and the order staying the production of these materials should be lifted. *Id.*; *Ex Parte* App. at 5, 13-14.

2. Contrary to defendants' suggestion, Opp. at 1:15-16, the Ninth Circuit's ruling did not "affirm" this Court's stay order. The propriety of the stay was not presented by defendants or DC in their writ briefing, in their questions presented, or at oral argument. Unsurprisingly, neither the Ninth Circuit's holding or legal analysis addressed, or much less affirmed, the stay. The opinion merely noted a stay had issued in its background recitation of the facts. *See In re Pacific Pictures Corp.*, 2012 WL 1293534, at *2 (9th Cir. April 17, 2012).

3. Defendants' opposition does not address their several admissions when arguing for a stay last year that the *only* stay they sought was one pending the Ninth Circuit's review of their writ petition—*no more*. *Ex Parte* App. at 2-4 (collecting such admissions). That review has occurred, defendants' writ was rejected, and defendants never said (until now) that they also wanted the stay to remain in place pending en banc or other review—*just the opposite*. *Id.* at 3.

- 1 -

Such delay would make no sense in any event, given that "the Ninth Circuit grants mandamus only in *extraordinary cases*, usually where the aggrieved party can show *clear error*" and there exists "a harm *not correctable* upon appeal from the final judgment." GOELZ & WATTS, CALIFORNIA PRACTICE GUIDE: FEDERAL NINTH CIRCUIT CIVIL APPELLATE PRACTICE § 13:1 (Rutter 2012). The Supreme Court made clear in *Mohawk*—a case that defendants do not address, *compare Ex Parte* App. at 9, *with* Opp. at 3:15-17—that any alleged "harm" defendants will suffer is *correctable* on appeal, and is not a reason to stay or delay discovery, *see Mohawk Indus., Inc. v. Carpenter*, 130 S. Ct. 599, 606-07 (2009).

4. Defendants notably do not say whether the stay they seek would extend pending any petition for writ of certiorari. *Cf. Ex Parte* App. at 5-6, 10. Rather, they cryptically assert: "When review is exhausted, and if unsuccessful, defendants will of course produce the documents at issue." Opp. at 8:25-26. Such an open-ended stay should not be permitted, given:

- how rare it is for the Supreme Court to grant cert review, *see* S. Ct. R. 10;
- the Supreme Court's holding and admonitions about interlocutory review of privilege issues in *Mohawk*;
- how inappropriate cert review would be here, given the lack of any real circuit split and Congress' rejection of defendants' position, *Ex Parte* App. at 10-12; S. Ct. R. 10(a); *Nat'l Labor Relations Board v. Pittsburgh Steamship Co.*, 340 U.S. 498, 502 (1951) ("Certiorari is granted only in cases … where there is a real and embarrassing conflict of opinion and authority between the circuit courts"); and
- how many more months of the delay would be caused by waiting for the cert petition, *see A Reporter's Guide to Applications Pending Before the Supreme Court of the United States*, Supreme Court of the U.S., at 16, http://www.supremecourt.gov/publicinfo/reportersguide.pdf (Oct. 2010).

5. The exigency and need for the documents at issue here is real. As Ninth Circuit law makes clear, it is for the Ninth Circuit—*and the Ninth Circuit alone*—to decide whether it will consider the Timeline documents as part of defendants' SLAPP and *Siegel* appeals. *Ex Parte* App. at 8-9. Defendants do not and cannot dispute this, suggesting only instead that the court of appeals would consider these documents in an *extraordinary* case. Opp. at 3-5. This is an extraordinary case, just like the ones DC cited, *Ex Parte* App. at 8 & n.1, because defendants have long possessed and refused to produce the underlying Timeline documents at issue, and no one can dispute whether documents like the Marks memo or memos confirming that Toberoff's business practices were "unlawful" are relevant.

As Chief Judge Kozinski explained in the *Lowry* case cited by DC and defendants, the Ninth Circuit has the "inherent authority to supplement the record in extraordinary cases," but is loathe to do so where the "authenticity" of documents is disputed. 329 F.3d at 1024-25. Here, there is no dispute about authenticity, nor could there be one, given that the documents at issue admittedly came from Toberoff's files and Toberoff reviewed the documents and logged them as allegedly real, privileged communications between client and counsel.

Defendants cannot decide for the Ninth Circuit what documents the court will consider on appeal. And given the admitted authenticity of these documents, the already interlocutory nature of defendants' SLAPP and *Siegel* appeals, and DC's arguments in both appeals about the relevance of this newly emerging evidence as direct refutations to defendants' factual arguments, the Ninth Circuit would be well within its rights to consider all or, at least some, of the Timeline documents in either appeal. At least one that it certainly can and should consider is the Marks memo, which is described in detail in the district court and appellate record in the *Siegel* and *Pacific Pictures* cases, and fully supports DC's position in both appeals. *E.g.*, Case No. CV-04-8400, Docket Nos. 476 at 11-22; 476-2 at ¶¶ 4-5; *see* Decl. of Ashley K. Pearson ("Pearson Decl.") Ex. A at 8-12.

But, of course, appellate exigencies are not all. DC also needs to get back to taking discovery, especially depositions. Defense counsel and witnesses' counsel have pushed to defer depositions until *after* DC receives the Timeline documents, arguing that each of these witnesses will object to being deposed both before and after that Timeline document production occurs. The delay this is causing is serious, and defendants do not and cannot dispute that if this case is not resolved well before the fall of 2013, it will interfere with the full exploitation of the Superman property, to everyone's detriment—to DC's, to the heirs', and to the public.

6. As the Ninth Circuit rightly noted, Toberoff is stretching and abusing his dual role as business partner and lawyer to shield non-privileged documents from discovery, including those among the Timeline set of materials. The Ninth Circuit pointed out the obvious "ethical and professional concerns raised by Toberoff's actions" as "both a business advisor and an attorney" to the heirs, *In re Pacific Pictures.*, 2012 WL 1293534, at *1, and made clear that the law does not tolerate Toberoff's attempts to manipulate these dual roles to shield his business communications with the heirs, *e.g., id.* at *5.

Specifically, the Ninth Circuit noted that because Toberoff acted as a businessman in his dealings with the heirs, "most of these [Timeline] documents are not covered by the attorney-client privilege because they do not represent communications between a lawyer and his client for the purpose of obtaining legal advice." *Id.* Thus, Toberoff's claims of prejudice and the parade of horribles that would follow if the stay lifted and he was ordered to produce the Timeline documents are not only overstated, but have been rejected in a binding opinion of the appellate court.

6. For all of these reasons, DC's application should be granted, and defendants should be ordered to produce the documents at issue—without alteration or redaction—by Tuesday, May 8, 2012, at 5 p.m. PDT. DC should not be forced

to wait another month, some months, or possibly even a year to obtain these materials. The one-year stay that has already occurred fully served its intended purpose.

Dated: May 2, 2012

Respectfully Submitted,
O'MELVENY & MYERS LLP

By: /s/ Daniel M. Petrocelli
    Daniel M. Petrocelli
    Attorneys for Plaintiff DC Comics

OMM_US:70675589.1