DANIEL M. PETROCELLI (S.B. #097802)
 dpetrocelli@omm.com
MATTHEW T. KLINE (S.B. #211640)
 mkline@omm.com
CASSANDRA L. SETO (S.B. #246608)
 cseto@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067-6035
Telephone: (310) 553-6700
Facsimile: (310) 246-6779

PATRICK T. PERKINS (admitted *pro hac vice*)
 pperkins@ptplaw.com
PERKINS LAW OFFICE, P.C.
1711 Route 9D
Cold Spring, NY 10516
Telephone: (845) 265-2820
Facsimile: (845) 265-2819

Attorneys for Plaintiff DC Comics

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DC COMICS, <br><br> Plaintiff, <br><br> v. <br><br> PACIFIC PICTURES CORPORATION, IP WORLDWIDE, LLC, IPW, LLC, MARC TOBEROFF, an individual, MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER, JEAN ADELE PEAVY, an individual, LAURA SIEGEL LARSON, an individual and as personal representative of the ESTATE OF JOANNE SIEGEL, and DOES 1-10, inclusive, <br><br> Defendants. | Case No. CV 10-3633 ODW (RZx) <br><br> **SUPPLEMENTAL DECLARATION OF DANIEL M. PETROCELLI IN SUPPORT OF DC COMICS' EX PARTE APPLICATION TO LIFT TEMPORARY STAY ON COURT'S MAY 25, 2011, AND AUGUST 8, 2011, ORDERS** <br><br> **Judge**: Hon. Otis D. Wright II <br> **Magistrate**: Hon. Ralph Zarefsky <br><br> **Hearing Date**: May 7, 2012 <br> **Hearing Time**: 10:00 a.m. |

# DECLARATION OF DANIEL M. PETROCELLI

I, Daniel M. Petrocelli, declare and state as follows:

1. I am an attorney licensed to practice in the State of California and admitted to the Central District of California. I am a partner with the law firm of O'Melveny & Myers LLP, counsel of record for plaintiff DC Comics in the above-entitled action. I make this declaration in support of DC Comics' Ex Parte Application To Lift Temporary Stay On Court's May 25, 2011, and August 8, 2011, Orders. I have personal knowledge of the matters set forth in this declaration.

2. Attached as Exhibit A is a true a correct copy of a letter from David Michaels, Esq. to the Hon. Diarmuid O'Scannlain dated May 4, 2012, which was served on the parties in this matter through the Ninth Circuit e-filing system on Friday, May 4, 2012, after DC filed its reply in support of its ex parte application. We are submitting this letter to the Court because it raises issues further supporting DC's application to terminate the stay of the Court's order directing defendants to produce the documents at issue.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration is executed this 6th day of May, 2012, at Los Angeles, California.

/s/ Daniel M. Petrocelli
Daniel M. Petrocelli

# EXHIBIT A



# DTMtax
CIVIL AND CRIMINAL TAX CONTROVERSY

RECEIVED
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MAY 0 4 2012

FILED _____
DOCKETED _____
           DATE    INITIAL

Judge O'Scannlain
Office of the Clerk
James R. Browning Courthouse
U.S. Court of Appeals
  for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103

May 4, 2012

RE: In Re: Pacific Pictures Corp. (No.11-71844)

Judge O'Scannlain:

Forty-eight hours ago, it was brought to my attention that the Ninth Circuit (Court) had determined that I, a licensed attorney in the state of California, with an impeccable professional record, am a criminal. Specifically, the Court concluded, on the basis of <u>allegations</u>, that I stole documents from Mark Toberoff's (Toberoff) offices, drafted a timeline, and sent the timeline along with the documents to D.C. Comics executives. I did not steal documents, draft a timeline, or send same to D.C. Comics. None of these facts have ever been determined to be true by a court of law. The inclusion of my name and the completely false factual accounts within the Ninth Circuit Opinion (Opinion) clearly suggest to the reader, as demonstrated by the enormous and growing coverage on the internet, that I in fact was the alleged perpetrator. The only remedy is to withdraw the Opinion and remove all references to me and any facts indicating that I was responsible for any of the aforementioned acts. Due process mandates that this happen <u>immediately</u>.

The circumstances of my departure from Toberoff's law firm are these. Approximately two weeks before my abrupt departure, I learned that I was being provided stolen law student passwords to conduct online research on matters. I did not inform Toberoff of my discovery. Instead, I concluded research assignments via use of the UCLA Law Library and a borrowed set of Nimmer on Copyright from the law firm Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro (Christensen Miller). In and around the same time, I also discovered facts that would have to be immediately disclosed to the Siegels <u>to protect their interests</u> pursuant to the California Rules of Professional Conduct and the State Bar Act.

2901 West Coast Highway, Suite 200, Newport Beach, California 92663
Tel: (949) 334-3101 | Fax: (949) 207-3411 | Web: www.DTMtax.com | Email: david@DTMtax.com

1

EXHIBIT A
2



On the afternoon of my exit, Toberoff was involved in a dispute with opposing counsel in an unrelated matter and asked me to research issues he wanted to include in a letter that afternoon. At that point, I had no option but to vacate the premises. Contrary to Toberoff's *allegations*, I did not leave the firm "without incident". Shortly thereafter, I contacted the Siegels as required under the California Rules of Professional Conduct and the State Bar Act. That was the impetus of the meeting. It was not, as Toberoff alleges, to solicit the Siegels. It is important to note that the subject of representation was discussed, but the attorney-client privilege forbids me from disclosing why—a convenient wall for Toberoff. However, if Laura Siegel wishes to waive the privilege, I would be more than happy to provide that information to the Court. After the meeting, I confirmed, with a prominent California ethics attorney, that I had no further ethical responsibilities with the Siegels. I thereafter focused my career in the area of taxation, in particular, tax litigation.

To my knowledge, at no time after Toberoff learned of the alleged theft, did he, or the Siegels, contact the State Bar of California (State Bar) to report my alleged actions or any suspicions. Indeed, I have never been contacted by the State Bar in regards to this alleged incident. This is not surprising given that any such allegation against me would have permitted me to discuss all that was necessary to repel any false claims of professional misconduct on my part, specifically, the facts disclosed to the Siegels. Toberoff did contact the Federal Bureau of Investigations (FBI) to investigate the alleged theft in 2007 (Opinion at 4244, ¶2). Not surprisingly, I was never contacted by the FBI. Notably, I successfully completed a background investigation in 2008 when I was hired as an attorney-adviser for the United States Tax Court in Washington, D.C. Remarkably, I have not been contacted by Toberoff, the Siegels, or his legal representatives to discuss the alleged theft.

In February 2011, <u>fifteen months ago</u>, I was contacted by the Department of Justice (DOJ). Apparently Toberoff alleged I had committed a crime. We had a pleasant meeting during which I responded to all questions posed, without hesitation, and without representation, and fully aware of the fact that lying to them would subject me to criminal prosecution. I answered "No." when asked whether I had sent the documents to Warner Bros. (Warner). I also answered "No." when asked whether I was part of an elaborate scheme with Warner to infiltrate Toberoff's firm, steal his documents, and then return the documents to Warner. Apparently, the fact that my previous employment with Christensen Miller, a firm that has represented Warner, somehow justified Toberoff's outlandish claim. The meeting ended and I have not been contacted since. There will not be an indictment.

2901 West Coast Highway, Suite 200, Newport Beach, California 92663
Tel: (949) 334-3101 | Fax: (949) 207-3411 | Web: www.DTMtax.com | Email: david@DTMtax.com

2

EXHIBIT A
3



The relevant facts in the Opinion include the following:

### REFERENCE ONE

"While the preexisting litigation was pending, Toberoff hired lawyer David Michaels to work for one of his companies. Michaels remained in Toberoff's employ for only about three months before absconding with copies of several documents from the Siegel and Shuster files. Unsuccessful in his initial attempt to use the documents to solicit business from the Heirs, Michaels sent the documents to executives at D.C. Comics. While he did not include his name with the package, he did append a cover letter, written in the form of a timeline, outlining in detail Toberoff's alleged master plan to capture Superman for himself." (Opinion at 4244, ¶1)

### REFERENCE TWO

"Ultimately, in April 2007, a magistrate judge ordered certain documents, including Michaels' cover letter, turned over to D.C. Comics." (Opinion at 4244, ¶2)

### REFERENCE THREE

"Michaels' cover letter formed the basis of the lawsuit and was incorporated into the complaint." (Opinion at 4244, ¶3)

### REFERENCE FOUR

"Toberoff has continued to resist the use of any of the documents taken from his offices, including those already disclosed to D.C. Comics and especially Michaels' letter." (Opinion at 4244, ¶3)

### REFERENCE FIVE

"About a month after the suit was filed, Toberoff asked the Office of the United States Attorney for the Central District of California to investigate Michaels." (Opinion at 4245, ¶1)

### REFERENCE SIX

"There is no evidence that Toberoff and the Office of the U.S. Attorney agreed before the disclosure jointly to pursue sanctions against Michaels." (Opinion at 4253, ¶1)

2901 West Coast Highway, Suite 200, Newport Beach, California 92663
Tel: (949) 334-3101 | Fax: (949) 207-3411 | Web: www.DTMtax.com | Email: david@DTMtax.com



The Court, by publishing these allegations as fact, has committed a grave error that must be corrected immediately to protect my professional reputation and my fundamental right to due process. First consider a small sampling of how widely disseminated this misinformation has become and how readily the audience interprets what the Court has written as true:

See http://www.law.com/jsp/lawtechnologynews/PubArticleLTN.jsp?id=1334527980923 ("Instead the ruling revolves around the strange actions of an attorney, David Michaels, who worked briefly for Toberoff around 2006. After leaving the firm, Michaels sent documents he'd copied from the heirs' files to D.C. Comics, *according to the Ninth Circuit*, along with a laboriously detailed timely of Toberoff's alleged plan for recapturing the rights to Superman for himself. "Consider it an early holiday gift," Michaels wrote."). (Emphasis added)

See also http://www.hollywoodreporter.com/thr-esq/warner-bros-wins-big-superman-jerry-siegel-joe-shuster-312982 ("In the midst of working on the case to terminate the studio's rights to Superman, many of Toberoff's documents were taken by one of his former associates, David Michaels, who, reportedly frustrated by his own successful attempt to solicit business from the Superman heirs, sent the sensitive documents to Warners' offices.").

See also http://blogs.findlaw.com/ninth_circuit/2012/04/no-attorney-client-privilege-for-superman-lawsuit-stolen-documents.html ("David Michaels, a former Toberoff associate, stole documents detailing the arrangement from Toberoff, and sent them to D.C. Comics with a timeline he constructed to reveal Toberoff's plot to acquire Superman.").

Even prominent law firms such as Paul Hastings, Dechert, and Bingham, to name a few, have already posted articles on their websites discussing the Opinion with my name in bright lights as a criminal. The damage to my reputation is obvious, and completely undeserving. I did what was required of me under the professional rules of responsibility and have been rewarded with having my reputation destroyed. It is difficult to comprehend how the Court writes on the one hand that "[t]he ethical and professional conduct raised by Toberoff's actions will likely occur to many readers", yet on the other takes the ethically-challenged lawyer's allegations against me as established fact and in the process, erroneously and definitively tells all readers that I was guilty of misconduct. (Opinion at 4243, ¶3)

2901 West Coast Highway, Suite 200. Newport Beach, California 92663
Tel: (949) 334-3101 | Fax: (949) 207 3411 | Web: www.DTMtax.com | Email: david@DTMtax.com

4



Before the State Bar could determine whether I was guilty of professional misconduct, due process would require that it provide me notice, afford me the right to counsel, the right to present evidence, and the right to testify in my own defense. Had the DOJ decided to move forward with a prosecution, it could not, as the Court does, pronounce guilt absent due process. The Opinion has obliterated this fundamental right by incorporating these false statements of crime and professional misconduct. These allegations are simply those of an attorney seeking to deflect attention away from his own professional misconduct that is the subject of this litigation.

Given the gravity of this error, the damage to my professional reputation, and the disregard of my fundamental right to due process, I respectfully request that the Court withdraw the Opinion and remove the above-cited references immediately so that I may take remedial action to eradicate the harm. The largest tax conference of the year is next week in Washington, D.C. If this is not corrected prior to that meeting, I fear the damage amongst my professional peers will be permanent.

I have not provided a copy of this letter to the parties. My participation in this matter going forward is wholly irrelevant as the alleged conduct of the parties occurred well before my brief association with Toberoff. Moreover, I did not provide documents to D.C. Comics.

The statements in this letter are protected by the litigation privilege.

I would also like to respectfully request that chambers contact me (1) to confirm that this letter has been received and that a copy has been provided to the Judges; and (2) to update me as to the status of the decision. The clerk's office has been gracious in allowing me to fax this letter to you given its exigency. I can be readily reached at 714.742.9561, or emailed at david@dtmtax.com.

Sincerely,

David Michaels, Esq.

2901 West Coast Highway, Suite 200, Newport Beach, California 92663
Tel: (949) 334-3101 | Fax: (949) 207-3411 | Web: www.DTMtax.com | Email: david@DTMtax.com

5

EXHIBIT A
6