Marc Toberoff (State Bar No. 188547)
 *mtoberoff@ipwla.com*
Keith G. Adams (State Bar No. 240497)
 *kgadams@ipwla.com*
Pablo D. Arredondo (State Bar No. 241142)
 *parredondo@ipwla.com*
TOBEROFF & ASSOCIATES, P.C.
22337 Pacific Coast Highway #348
Malibu, California 90265
Telephone:  (310) 246-3333
Facsimile:   (310) 246-3101

Attorneys for Defendants Mark Warren Peary, as personal representative of the Estate of Joseph Shuster, Jean Adele Peavy, and Laura Siegel Larson, individually and as personal representative of the Estate of Joanne Siegel

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION**

| | |
|---|---|
| DC COMICS,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>PACIFIC PICTURES CORPORATION; IP WORLDWIDE, LLC; IPW, LLC; MARC TOBEROFF, an individual; MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER; JEAN ADELE PEAVY, an individual; LAURA SIEGEL LARSON, individually and as personal representative of the ESTATE OF JOANNE SIEGEL, and DOES 1-10, inclusive,<br><br>　　　　　Defendants. | Case No: CV 10-03633 ODW (RZx)<br><br>Hon. Otis D. Wright II, U.S.D.J.<br>Hon. Ralph Zarefsky, U.S.M.J.<br><br>**<u>DISCOVERY MATTER</u>**<br><br>**DEFENDANTS' OPPOSITION TO DC COMICS' MOTION TO ENFORCE THE COURT'S FEBRUARY 13, 2012 ORDER**<br><br>*Declaration of Pablo D. Arredondo, Application to File Under Seal filed concurrently*<br><br>Complaint filed: May 14, 2010<br>Trial Date: None Set<br><br>Hearing Date: May 21, 2012<br>Hearing Time: 10:00 a.m. |

**TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................2

ARGUMENT ..............................................................................................................2

    A.    Defendants Have Complied With The Court's February 13, 2012 Order........................................................................................................2

        1.    Factual Background ...................................................................2

        2.    Defendants' Compliance With The February 13, 2012 Order and DC's Response.......................................................3

    B.    DC Is Not Entitled To A Limitless Fishing Expedition.........................4

CONCLUSION ...........................................................................................................5

# TABLE OF AUTHORITIES

*Eldorado Stone, LLC v. Renaissance Stone, Inc.*,
2005 WL 5517732 (S.D. Cal. May 31, 2005) .......................................................... 8

*Remy v. Las Vegas Transit Sys., Inc.*,
WL 82312 (E.D. Pa. Apr. 13, 1992) ....................................................................... 8

# INTRODUCTION

DC attempts to turn the Court's narrow February 13, 2012 order ("Order") into the type of "hopelessly overbroad" request that the Court has already emphatically rejected. Dkt. 262 at 5. Indeed, DC's motion (Docket No. 396; "Mot.") goes *beyond* its earlier, rejected requests, listing over twenty categories of documents it purports to be entitled to, covering everything from tax records and insurance contracts to *every* monthly bank statements going back a decade. The Order did not call for the production of every document in any way related to the companies' capital accounts, structure or practices, as DC now insists. Rather it was limited to documents sufficient to "show[] capital accounts." Docket No. 382 at 19:12-14. As discussed below, Defendants complied with the Order by providing the earliest and latest available bank statements for each of the entities in question, demonstrating continuous separate accounts. Then, in an attempt to avoid burdening the Court with yet another discovery motion, Defendants proposed a compromise. When DC refused this compromise and filed the current motion, Defendants went further, producing thirty-two pages of documents that clearly show, as DC requested, "the initial capitalization of the Toberoff companies, but also documents showing how defendants' capitalization changed over time." Mot. 8-9. Nonetheless, DC refused to withdraw this motion in hopes of reviving its overbroad requests, seeking once again to compel the production of the entire universe of documents concerning Marc Toberoff's companies.

# ARGUMENT

### A. Defendants Have Complied With The Court's February 13, 2012 Order

#### 1. Factual Background

DC's improper attempt to obtain all of the Defendant's corporate documents dates back to their initial document requests which were, in the words of the Court, "hopelessly overbroad." Docket No. 262 at p.5. Defendants objected to the

1

unreasonable breadth of these requests, and offered to work with DC to tailor them. Docket No. 207, Ex. E, I. Defendants also informed DC that many of the documents they sought never existed in the first place or were destroyed when Mr. Toberoff's home was completely destroyed by the Malibu wildfire in November 2007 (e.g., records of the long dissolved Pacific Pictures Corp.). Instead of accepting this invitation to work towards reasonable requests, DC brought a motion seeking **all** of the Defendant's business documents and records. Docket No. 205. This motion was largely denied on May 25, 2011, where the Court "agree[d] that the requests are overbroad, in that they call for everything, not just documents that relate to the issues in this lawsuit." Docket No. 262 at 5.

Not to be deterred by the Court's ruling, DC attempted an end-around by merely dividing their overbroad requests into a group of sub-parts that were equally overbroad and re-served them. Docket 305-45. When Defendants resisted this attempt to reincarnate their already rejected requests, DC brought yet another motion (Docket 361), standing by their expansive requests and seeking, among other things, "agreements among the Toberoff companies and third parties; corporate formation and structure documents; lists of each companies' owners, managers, and employees; proof of their capitalization; and documents relating to company meetings and operations, including notices, participant lists, minutes, and approvals." *Id*. at 12.

At the February 13, 2012 hearing on that motion, this Court denied in part and granted in part DC's motion "limited to documents showing capital accounts, if any such documents exist." Docket No. 382 at 19:12-14.

**2. Defendants' Compliance With the February 13, 2012 Order and DC's Response**

On March 16, 2012, after a reasonable search, Defendants duly produced the first and most recent bank statements for each of the corporations at issue. Tokoro Ex. A. Far from being "random" (Mot. at 1), these statements were specifically produced to demonstrate that each of the entities held separate bank accounts over a

significant period of time and adequately showed the earliest available capital accounts for all three entities, one of which (Pacific Pictures Corp.) was long ago dissolved, one of which (IP Woldwide, LLC) was wound down, and one of which (IPW, LLC) is completely unrelated to this case.

In response to Defendants' production, DC, by letter dated March 28, 2012, claimed to be entitled to:

> "[A]ll 'documents showing capital accounts' for the Toberoff defendants, including books and records for the Toberoff defendants establishing the companies' internal accounting of capital structure; documents reflecting the acquisition or transfer of corporate assets, including transfers between the Toberoff defendants; and documents reflecting how the Toberoff defendants accounted for capital contributions made by third parties or ownership interest(s) in the companies held by third parties; *as well as every monthly statement for the bank accounts* held by the Toberoff defendants."

Tokoro Decl. Ex. B (emphasis added).

Defendants replied by offering to produce documents sufficient to show the initial capital contributions made by any investor to the entities. On April 10, 2012, DC rejected this offer demanding documents showing capital contributions over time and "what stakeholders in these companies made investments in them or when or in what amounts." Tokoro Decl. Ex. D.

DC then brought the current motion, claiming it was entitled to much more, and attempted, yet again, to resurrect its twice-rejected overbroad requests:

> "[W]ithout limitation, formation documents establishing capital structure such as corporate charters and bylaws; books and records reflecting capital contributions, capital withdrawals, and the capital accounts held by investors or shareholders; shareholder or investor agreements; stock certificates, stock ledgers, and documents reflecting the issuance or transfer of stock; financial records such as general ledgers, balance sheets, annual reports, tax returns, and Schedule K-1 forms; documents reflecting loans or other debt incurred; tax records; documents reflecting transactions or the transfer of assets between the related companies; and insurance contracts."

Mot. at 5. *See also* Mot. at 4 (complaining "Defendants did not make a complete production of every *monthly* bank statement….").

On May 4, 2012, in an effort to reach a compromise, Defendants produced 32 pages of Schedule K-1 tax forms (from the earliest K-1 to the most recent available) that clearly show for IPW, LLC and IP Worldwide, LLC "the initial capitalization of the Toberoff companies [and] documents also showing how defendants' capitalization changed over time." Mot. at 8-9; Arredondo Decl., Exs. A, B. These tax records also show "what stakeholders made investments in [the companies] or when or in what amounts." Tokoro Decl. Ex. D. In correspondence that accompanied this production, Defendants informed DC that they were not in possession of such documents for Pacific Pictures Corporation, a long-dissolved loan out corporation,[1] and requested that DC withdraw their motion. Arredondo Decl. at ¶3, Ex. B.

But instead of withdrawing their motion, DC doubled down on their invasive and overbroad requests, demanding:

> "[F]ormation documents establishing capital structure, such as corporate charters and bylaws; books and records reflecting capital contributions, capital withdrawals, and the capital accounts held by investors or shareholders; shareholder or investor agreements; stock certificates, stock ledgers, and documents reflecting the issuance or transfer of stock; financial records such as general ledgers, balance sheets, annual reports, tax returns, and Schedule K-1 forms; documents reflecting loans or other debt incurred; tax records; documents reflecting transactions or the transfer of assets between the related companies; and insurance contracts."

Arredondo Decl. at ¶4, Ex. C.

---

[1] Despite being informed that such documents are not in Defendants' possession, DC misleadingly asserts that "defendants offer to produce nothing concerning the capitalization of Pacific Pictures." Mot. at 9.

### B. DC Is Not Entitled To These Irrelevant Documents Or To Engage In An Invasive Fishing Expedition Regarding Mr. Toberoff's Businesses

This Court has twice declined to approve of DC's overbroad requests. DC's prior motion as to the same requests and subject sought the same "documents related to corporate formation, ownership, minutes of meetings" and "agreements, list of each companies' owners, managers, and employees; proof of capitalization; and documents relating to company meetings and operations, including notices, participant lists, minutes, and approvals" that DC seeks in its current motion. Docket No. 361 at 9, 12.

The Court's February 13, 2012 Order denied DC's motion except for documents sufficient to "show[] capital accounts," in response to DC's argument that such documents are relevant to DC's lone alter-ego allegation in its complaint. Docket No. 382 at 19:12-14. As DC did not move for review of this Order, it is the law of the case. Local Rules 72-2.1. Defendants complied with the Order by providing the earliest and latest available bank statements for each of the entities in question. This production was specifically responsive to DC's purported "alter-ego" rationale for insisting on such otherwise irrelevant information.

In addition, Defendants produced numerous documents "which indicated who capitalized and in what amounts" (Docket No. 382 at 62:3-4), but also how that capitalization changed over time – precisely the information DC claims to seek in its motion. *See* Mot. at 8 (claimed entitlement to "companies' capitalization at its outset, over its lifetime, at the time of the alleged torts, at the time the suit was filed, and at the present moment"). And as to Pacific Pictures Corp., a long-dissolved "loan-out" company, equivalent records are not available and therefore were not produced, as the Court acknowledged might be the case. Docket No. 382 at 62:17-18 ("If you don't have the documents then that's easy enough to say….").

In response, DC makes the same argument now that it did before in its largely-denied motion, that it is somehow entitled to near-limitless financial and corporate discovery due to its boilerplate alter-ego allegation, in acknowledgement that the information is otherwise irrelevant. It appears that this is nothing more than a pretext to pry into Mr. Toberoff's business activities that have nothing to do with this litigation. The monthly details of every bank account, share, and filing, of Mr. Toberoff's businesses, going back over a decade, are not even remotely germane to the alter-ego issue. *See Eldorado Stone, LLC v. Renaissance Stone, Inc.*, 2005 WL 5517732 (S.D. Cal. May 31, 2005) (disallowing "fishing expedition" based on conclusory alter ego allegations); *Remy v. Las Vegas Transit Sys., Inc.*, WL 82312 (E.D. Pa. Apr. 13, 1992) ("mere possibility that [defendants] may be alter egos will not justify … a fishing expedition.").

DC motion pretends that it seeks to "enforce" the Court's February 13, 2012 order, but it is painfully obvious that it is an improper motion for reconsideration of and an attempt to revive its twice-denied overbroad demands for every financial and/or corporate document. Defendants not only complied with, but went beyond, what was required of them.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Motion To Enforce The Court's February 13, 2012 Order.

Dated: May 7, 2012     RESPECTFULLY SUBMITTED,

_____
Marc Toberoff
TOBEROFF & ASSOCIATES, P.C.

Attorneys for Defendants
Mark Warren Peary, as personal representative of the Estate of Joseph Shuster, Jean Adele Peavy, and Laura Siegel Larson, individually and as personal representative of the Estate of Joanne Siegel

6