1

1

2                    UNITED STATES DISTRICT COURT

3                   CENTRAL DISTRICT OF CALIFORNIA
                          WESTERN DIVISION

4

5

DC COMICS,                        )

6                                 )
                                  )

7        PLAINTIFF,               )
                                  )

8        VS.                      ) CASE NO. CV 10-03633-ODW(RZX)
                                  )

9                                 )
PACIFIC PICTURES CORP. ET AL.,)

10                                ) LOS ANGELES, CALIFORNIA
                                  ) MAY 7, 2012

11                                ) (10:03 A.M. TO 10:34 A.M.)
         DEFENDANTS.              )

12  _____)

13
                            HEARING

14            BEFORE THE HONORABLE RALPH ZAREFSKY
                UNITED STATES MAGISTRATE JUDGE

15

16

17

18  APPEARANCES:              SEE NEXT PAGE

19  COURT REPORTER:           RECORDED; COURT SMART

20  COURTROOM DEPUTY:         ILENE BERNAL

21
    TRANSCRIBER:              DOROTHY BABYKIN

22                            COURTHOUSE SERVICES
                              1218 VALEBROOK PLACE

23                            GLENDORA, CALIFORNIA  91740
                              (626) 963-0566

24
    PROCEEDINGS RECORDED BY ELECTRONIC SOUND RECORDING;

25  TRANSCRIPT PRODUCED BY TRANSCRIPTION SERVICE.

2

```
 1   APPEARANCES:  (CONTINUED)
     FOR THE PLAINTIFF:        O'MELVENY & MYERS LLP
 2                             BY:  MATTHEW T. KLINE
                                    ATTORNEY AT LAW
 3                             1999 AVENUE OF THE STARS
                               7TH FLOOR
 4                             LOS ANGELES, CALIFORNIA  90067

 5                             O'MELVENY & MYERS LLP
                               BY:  DANIEL M. PETROCELLI
 6                                  ATTORNEY AT LAW
                               400 SOUTH HOPE STREET
 7                             18TH FLOOR
                               LOS ANGELES, CALIFORNIA  90071
 8

 9   FOR SIEGEL AND SHUSTER    TOBEROFF & ASSOCIATES, P.C.
     DEFENDANTS:               BY:  MARC TOBEROFF
10                                  ATTORNEY AT LAW
                               22337 PACIFIC COAST HIGHWAY
11                             SUITE 348
                               MALIBU, CALIFORNIA  90256
12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

3

1                            I N D E X
   CASE NO. CV 10-03633-ODW(RZX)                    MAY 7, 2012
2
   PROCEEDINGS:   PLAINTIFF'S EX PARTE APPLICATION TO LIFT
3                  TEMPORARY STAY ON COURT'S MAY 25, 2011 AND
                   AUGUST 8, 2011 ORDERS
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

4

1      LOS ANGELES, CALIFORNIA; MONDAY, MAY 7, 2012; 10:03 A.M.

2            THE CLERK:  CALLING ITEM NUMBER 2, CASE NUMBER

3      CV 10-03633-ODW(RZX), DC COMICS VERSUS PACIFIC PICTURES CORP.

4      ET AL.

5            COUNSEL, PLEASE MAKE YOUR APPEARANCES.

6            MR. PETROCELLI:  DANIEL PETROCELLI AND MATTHEW

7      KLINE FOR PLAINTIFF.

8            THE COURT:  GOOD MORNING.

9            MR. TOBEROFF:  MARC TOBEROFF FOR DEFENDANTS.

10            THE COURT:  GOOD MORNING.

11            ALL RIGHT.  THIS IS THE PLAINTIFF'S MOTION.

12            PLAINTIFF WISH TO BE HEARD?  I HAVE READ THE

13      PAPERS.

14            MR. PETROCELLI:  YOUR HONOR, I THINK MY TIME COULD

15      PERHAPS BE BEST SPENT IN GIVING THE COURT AN UPDATE AS TO

16      WHERE WE ARE IN THE UNDERLYING CASE.  IT'S FOR THAT REASON

17      THAT IN OUR VIEW NO FURTHER DELAY IN PRODUCING THESE

18      DOCUMENTS IS WARRANTED.

19            AS YOU KNOW, THE CASE WAS FILED BACK IN MAY OF

20      2010.  THERE'S A VERY SIGNIFICANT DATE THAT'S LOOMING, THAT

21      IS, OCTOBER 2013, AS TO WHICH THE PLAINTIFF -- EXCUSE ME --

22      THE SHUSTER HEIRS REPRESENTED BY MR. TOBEROFF WILL CONTEND

23      THAT THEIR NOTICE OF TERMINATION BECOMES LEGALLY EFFECTIVE.

24      COMBINED THEN WITH THE NOTICE OF TERMINATION OF THE SIEGELS

25      -- WHICH HAD BEEN PREVIOUSLY VALIDATED THOUGH.  IT'S UP ON

5

1  APPEAL NOW -- THEY WILL CONTEND THAT SINCE BOTH TERMINATION

2  NOTICES ARE VALID, THAT DC, WARNER BROS., ET AL. CAN NO

3  LONGER PROCEED WITH EXPLOITATION OF "SUPERMAN" WITHOUT BEING

4  IN RISK OF COPYRIGHT INFRINGEMENT.

5           SO, THERE'S A TREMENDOUS NEED TO HAVE A LIABILITY

6  DETERMINATION AT THE VERY MINIMUM ON THE EFFICACY OF THE

7  SHUSTER TERMINATION NOTICE CONCLUDED PRIOR TO OCTOBER 2013.

8           NOW, TOWARD THAT END THE PARTIES HAD PROPOSED TO

9  THE DISTRICT COURT THAT THE COURT CONSIDER BIFURCATING.

10 ACTUALLY, WE AGREED ON ONE THING, AND ONLY ONE THING SO FAR

11 THROUGHOUT THIS CASE, AND THAT WAS TO BIFURCATE --

12          THE COURT:  BUT JUDGE WRIGHT DID NOT AGREE WITH

13 THAT.

14          MR. PETROCELLI:  YOU GOT IT.

15          SO, WE PROPOSED A BIFURCATION IN ORDER TO TRY THAT

16 ISSUE AND PROPOSED A SCHEDULE.  AND WE GOT AN ORDER DENYING

17 THE REQUEST FOR A STIPULATED BIFURCATION, SAYING AN ORDER

18 WOULD BE SET -- WOULD ISSUE SETTING OUT A SCHEDULE FOR THE

19 CASE.  THAT WAS BACK IN LATE JANUARY OR EARLY FEBRUARY OF

20 THIS YEAR.  AND WE'VE NOT RECEIVED THAT YET.

21          AND IT'S OUR VIEW, AND I DON'T THINK ANY OTHER VIEW

22 IS POSSIBLE, THAT THE JUDGE WANTS THIS CASE WRAPPED UP IN A

23 BOW AND WANTS TO KNOW WHEN IT'S READY TO BE TRIED -- ALL OF

24 IT, NOT PART OF IT.

25          AND WE CAN'T TRY NOT EVEN THE SHUSTER TERMINATION

6

1  ISSUE TO WHICH THESE UNDERLYING DOCUMENTS RELATE AS WELL AS

2  THE DIRECT CLAIMS WE HAVE AGAINST THE PACIFIC PICTURE PARTIES

3  AND OTHERS UNTIL AND UNLESS WE RECEIVE THESE DOCUMENTS.

4          WE'RE IN A STATE OF LIMBO, AND WE HAVE BEEN

5  TOLERATING DELAY.  WE HAVE KEY DEPOSITIONS -- DEPOSITIONS,

6  FOR EXAMPLE, OF KEVIN MARKS, DEPOSITION OF MR. TOBEROFF.  AND

7  THERE ARE OTHERS AS WELL THAT WE DECIDED NOT TO TAKE NOW

8  UNTIL AND UNLESS WE GET THE DOCUMENTS BECAUSE WE KNOW THAT IF

9  WE TAKE THOSE DEPOSITIONS WITHOUT THOSE DOCUMENTS WE'RE GOING

10 TO HAVE A BIG FIGHT ABOUT COMING BACK TO RETAKE THE

11 DEPOSITIONS ONCE THE DOCUMENTS ARE DISCLOSED, ASSUMING THEY

12 ARE.  AND WE THINK THERE'S NO BASIS AT THIS POINT TO BELIEVE

13 THAT THEY WON'T BE.  JUST A MATTER OF WHEN.

14          WE ALREADY ARE IN A POSITION HAVING TO UNDOUBTEDLY

15 COME BACK TO YOUR HONOR TO SEEK MORE TIME TO TAKE DEPOSITIONS

16 OF WITNESSES WHO ALREADY HAVE BEEN DEPOSED, ABSENT THE

17 DOCUMENTS.

18          THE POINT IS GIVEN THE CENTRALITY OF THE DOCUMENTS

19 TO THE ISSUES IN THE CASE, WE'RE IN A STATE OF PARALYSIS.

20 AND WE'VE BEEN IN THAT STATE EFFECTIVELY FOR SOME TIME.

21          NOW, MR. TOBEROFF IS -- YOU KNOW, HAD THE RIGHT TO

22 DISPUTE THE NEED TO PRODUCE THESE DOCUMENTS.  AND FOR THAT

23 REASON, WE LITIGATED THIS ISSUE RATHER VIGOROUSLY IN FRONT OF

24 YOUR HONOR.  THEN, WE WENT TO JUDGE WRIGHT.  THEN, WE WENT

25 ALL THE WAY UP TO THE NINTH CIRCUIT.

7

1          AND NOW A YEAR LATER FIVE JUDGES HAVE RULED THAT

2     THESE DOCUMENTS MUST BE PRODUCED.  IN FACT, THE NINTH CIRCUIT

3     WENT SO FAR AS TO STATE IN THE OPINION, WHICH I KNOW YOUR

4     HONOR HAS READ --

5          THE COURT:  YES, I READ IT.  IT WAS QUITE INTEREST-

6     --

7          MR. PETROCELLI:  -- THAT THEY DON'T EVEN BELIEVE

8     THE DOCUMENTS WERE LIKELY PRIVILEGED GIVEN THE BUSINESS ROLE

9     THAT MR. TOBEROFF PLAYED THAT WAS INEXTRICABLY INTERTWINED

10    WITH ANY OTHER LEGAL ROLE HE MIGHT HAVE PLAYED.

11         WE'RE NOT DEALING WITH NATIONAL SECURITY DOCUMENTS

12    HERE.  I MEAN, AT THIS POINT THERE'S NO BASIS FOR THESE

13    DOCUMENTS TO BE WITHHELD ANY FURTHER.  HE'S SEEKING TO GET

14    THE NINTH CIRCUIT TO REVISIT THIS EN BANC OR BY WAY OF

15    REHEARING.

16         WE'RE GOING TO ENCOUNTER LIKELY FURTHER DELAY IN

17    THAT PETITION.  THE PETITION WAS FILED BY MR. TOBEROFF AND

18    HIS CLIENTS.  HE ASKED FOR MORE TIME TO FILE IT.  THAT WAS

19    DENIED BY JUDGE KOZINKSI.

20         AND, THEN, HE SOUGHT -- HE FILED AN OVERSIZED

21    PETITION, 6,400 WORDS INSTEAD OF THE 4,000-PLUS, AND ASKED

22    FOR LEAVE TO RECEIVE THAT OVERSIZED BRIEF.

23         WE HAVE AN OPPOSITION THAT'S BEING FILED TO THAT I

24    THINK TODAY.  THAT NEEDS TO BE RULED ON.

25         THEN, THE COURT NEEDS TO DECIDE WHETHER HE HAS TO

8

1   -- WHETHER THEY'RE GOING TO ACCEPT THE OVERSIZED BRIEF, HAVE

2   THEM FILE A NEW ONE.

3            THEN, THEY TYPICALLY HAVE 21 DAYS TO RULE ON THAT.

4   BUT THERE'S NO DEEMED DENIAL IF 21 DAYS COMES AND GOES

5   BECAUSE ONE OF THE JUDGES MIGHT WANT TO WRITE A DISSENT, FOR

6   EXAMPLE, AND THAT COULD DELAY HEARING BACK FROM THE COURT

7   INDEFINITELY -- FOR MONTHS.  IN FACT, IT USUALLY TAKES

8   SEVERAL MONTHS IF THERE'S SOME KIND OF DISAGREEMENT, OR

9   THERE'S A DISSENTING OPINION, OR SOMETHING LIKE THAT.

10           IN ADDITION, EVEN AFTER WE RUN THE TRAPS OF AN EN

11  BANC PETITION, WHICH HAS A NEGLIGIBLE, NEGLIGIBLE CHANCE OF

12  SUCCESS, THEN, WE'RE TALKING ABOUT A CERT PETITION EVEN

13  THOUGH THERE'S NO BASIS FOR ONE GIVEN THAT REALLY ISN'T ANY

14  CONFLICT.  WE HAVE AN OLD EIGHTH CIRCUIT CASE OUT THERE.  AND

15  ALL THE VARIOUS GROUNDS THAT WERE ASSERTED TO AVOID PRODUCING

16  THESE DOCUMENTS WERE CATEGORICALLY REJECTED BY THE NINTH

17  CIRCUIT.  AND WE DON'T THINK THAT CERT PETITION IS GOING

18  ANYWHERE.

19           BUT IN ANY EVENT IF ONE DAY IT'S DETERMINED THERE

20  WAS ERROR IN THESE DOCUMENTS BEING PRODUCED, IT'S NOT THE

21  FIRST TIME THAT HAS HAPPENED.  AND THERE ARE AMPLE REMEDIES

22  AS THE MOHAWK CASE BY THE U.S. SUPREME COURT TELLS US.  THIS

23  IS NOT THE FIRST TIME THAT EVIDENCE HAS BEEN ALLOWED THAT ON

24  SUBSEQUENT REVIEW HAS TO BE REVERSED, AND YOU'VE GOT TO START

25  ALL OVER.  THERE'S GOT TO BE A REMAND OR SOME OTHER

9

1    APPROPRIATE REMEDY.

2            THE COURT:  THAT'S SOMETHING TO LOOK FORWARD TO.

3            MR. PETROCELLI:  WELL, I DON'T THINK WE'RE GOING TO

4    GET THERE, YOUR HONOR.  I MEAN, WE'RE --

5            THE COURT:  NO, I --

6            MR. PETROCELLI: -- AT A POINT THERE WHERE IT IS IN

7    THE DIRECT TACTICAL AND STRATEGIC INTERESTS OF THE DEFENDANTS

8    IN THIS CASE TO DRAG THIS OUT AS LONG AS POSSIBLE TO GET US

9    TO THE PRECIPICE OF OCTOBER 2013.  PARTICULARLY, IN LIEU --

10   IN VIEW OF THE DECISION OF JUDGE WRIGHT NOT TO ALLOW THIS TO

11   BE BIFURCATED.

12           NOW, TO MR. TOBEROFF'S CREDIT, HE DID AGREE --

13   ALTHOUGH HE AND I WENT BACK AND FORTH FOR A BIT, BUT HE DID

14   AGREE TO A STIPULATED BIFURCATION ORDER.  BUT WE DID HAVE A

15   DISAGREEMENT ABOUT THE ROLE, IF ANY, THAT THESE DOCUMENTS AND

16   THIS ISSUE ABOUT HIS ALLEGED CONFLICTS AND RELATED ISSUES

17   WOULD PLAY.  AND THAT WAS GOING TO BE LEFT FOR THE DISTRICT

18   COURT TO DECIDE MOTIONS IN LIMINE OR IN THE COURSE OF A

19   TRIAL.  WE ALSO HAD A DISAGREEMENT ABOUT WHETHER IT SHOULD BE

20   A BENCH OR JURY TRIAL AND ISSUES LIKE THAT, ALL TO BE SORTED

21   OUT BY THE JUDGE.  AND HE JUST DECIDED FOR HIS OWN GOOD

22   REASONS THAT HE DIDN'T WANT TO HAVE ANY PART OF IT.

23           SO, WE NEED TO GET MOVING.  WE'VE BEEN PATIENT.

24   WE'VE DONE EVERYTHING WE CAN.  THE NINTH CIRCUIT HAS SPOKEN.

25   YOUR HONOR GAVE THEM THE OPPORTUNITY TO TAKE THIS ALL THE WAY

10

1    TO THE NINTH CIRCUIT.  AND THE TIME HAS COME FOR THESE

2    DOCUMENTS TO BE TURNED OVER.

3            IF YOU ISSUE AN ORDER THAT THEY BE TURNED OVER --

4    WELL, YOU ALREADY HAVE ISSUED THE ORDER.  YOU HAVE A STAY IN

5    EFFECT FROM LAST MAY 25, WHICH I THEN THINK WAS CLARIFIED ON

6    AUGUST 8.  YOU WOULD HAVE TO THEN DECLARE THAT THE STAY IS AT

7    AN END.  THE DOCUMENTS WOULD BE PRODUCED OR ORDERED TO BE

8    PRODUCED FORTHWITH.  AND HE'S GOING TO WANT TO GO BACK TO SEE

9    JUDGE WRIGHT ON THAT.  AND WE'RE GOING TO HAVE TO DEAL WITH

10   THAT TOO.

11           SO, WE JUST GOT TO GET MOVING, JUDGE.  AND I DON'T

12   SEE ANY CONCEIVABLE ARGUMENT WHY MR. TOBEROFF AND HIS CLIENTS

13   AND THESE DOCUMENTS ARE ENTITLED TO ANY FURTHER SPECIAL

14   TREATMENT.  THE COURTS HAVE GONE, AND YOUR HONOR IN

15   PARTICULAR, FAR BEYOND IN MY VIEW WHAT THEY WERE ENTITLED TO

16   IN THE FIRST INSTANCE.

17           WE'VE ALREADY SEEN EXAMPLES OF SOME OF THESE

18   DOCUMENTS EMERGE, AND THEY'RE NOT CONCEIVABLY PRIVILEGED.

19   YOUR HONOR HAS NEVER EVEN SEEN THESE DOCUMENTS.  WE HAVEN'T

20   SEEN THEM.

21           BUT THE COURTS HAVE RULED -- THREE COURTS NOW --

22   AND I THINK IT'S TIME FOR THE DOCUMENTS TO BE TURNED OVER

23   TODAY.  THAT'S OUR POSITION.

24           THE COURT:  ALL RIGHT.

25           MR. PETROCELLI:  THANK YOU.

1             THE COURT:  THANK YOU, MR. PETROCELLI.

2             MR. TOBEROFF.

3             MR. TOBEROFF:  ON THE ISSUE OF DEFENDANTS' SUPPOSED

4   TACTICAL DELAYS, IT'S QUITE THE OPPOSITE.

5             IN THE SIEGEL CASE WHERE WE WERE -- WHERE DC WAS

6   REPRESENTED BY DIFFERENT COUNSEL, IT WAS A STRAIGHTFORWARD

7   COPYRIGHT DISPUTE -- COPYRIGHT ACTION AS THE SEPARATE

8   "SUPERBOY" LITIGATION.  AND THAT'S WHAT WE'D LIKE TO DO.

9   WE'D LIKE TO LITIGATE COPYRIGHT LAW UNDER THE VALIDITY AND

10  SCOPE OF THESE TERMINATIONS.

11            WHEN PRESENT COUNSEL CAME ABOARD THE CASE, THEY

12  EMBARKED ON A STRATEGY TO IMBUE THIS CASE WITH CLAIMS OF

13  UNFAIR COMPETITION, TORTIOUS INTERFERENCE, ESSENTIALLY

14  SMEARING THEIR OPPOSING COUNSEL.

15            TO THE EXTENT THAT'S COMPLICATED OR DELAYED THIS

16  CASE, THAT'S THEIR FAULT.  WE WOULD LIKE NOTHING MORE TO HAVE

17  BEEN ABLE TO LITIGATE, FOR ME TO DO MY JOB, AND TO LITIGATE

18  THE REAL INTERESTING COPYRIGHT ISSUES THAT ARE PRESENTED IN

19  THIS CASE BUT SO FAR HAVE BEEN PREVENTED FROM DOING SO.

20            AS FAR AS MR. PETROCELLI ACKNOWLEDGES, THAT WHEN IT

21  CAME TO -- IF WE WERE TRYING TO DRAG THIS OUT FOR SUPPOSED

22  SETTLEMENT LEVERAGE TO THE BRINK OF OCTOBER 13TH, WE WOULD

23  NEVER HAVE AGREED TO BIFURCATE ON THE FIRST CLAIM.  THE FIRST

24  CLAIM LITIGATES THE VALIDITY AND SCOPE OF THE SHUSTER

25  TERMINATION.  AND WE WERE EAGER TO DO THAT AND WHOLEHEARTEDLY

12

1   AGREED THAT THAT SHOULD BE LIMITED.  SO, THE PROOF'S IN THE

2   PUDDING THAT WE NEVER SOUGHT DELAY.

3           IN ADDITION TO THAT, DC HAS NEVER ONCE SOUGHT,

4   ALTHOUGH THEY COULD HAVE, TO HAVE EXPEDITED THE WRIT

5   PROCEEDING.  THEY COMPLAIN ABOUT THE LENGTH OF TIME IT TOOK

6   TO DECIDE THE WRIT BY THE NINTH CIRCUIT PANEL.  BUT THEY

7   NEVER MOVED TO EXPEDITE.

8           THEY ALSO NEVER MOVED TO EXPEDITE THE ANTI-SLAP

9   APPEAL AND THE SIEGEL APPEAL.  IN FACT, THEY'VE ASKED FOR

10  REPEATED EXTENSIONS IN THOSE APPEALS, WHICH COUNTERS THEIR

11  ARGUMENT THAT THEY'RE TRYING TO GET THE MEAT OF THIS, MEANING

12  THE VALIDITY OF THESE TERMINATIONS DECIDED AS SOON AS

13  POSSIBLE.  I THINK IT'S ACTUALLY THE OPPOSITE.

14          THIS COURT -- THIS COURT'S ORIGINAL ORDER EXPRESSLY

15  STAYED PRODUCTION OF THESE DOCUMENTS UNTIL ALL REVIEW WAS

16  EXHAUSTED.

17          WHEN THAT WAS OPPOSED BY COUNSEL, THIS COURT

18  REITERATED AND STATED, QUOTE, THAT THIS MATTER IS NOT

19  CLEAR-CUT AND THE CONSEQUENCES OF A WRONG DECISION ARE

20  SIGNIFICANT.

21          THE NINTH CIRCUIT NOTED THIS COURT'S STAY IN ITS

22  ORDER.  AND IT HAD AFFIRMED THE ORDER SO THE STAY IS STILL IN

23  PLACE.

24          REVIEW IS NOT COMPLETE AT THE NINTH CIRCUIT.  WE

25  HAVE AN ABSOLUTE RIGHT TO SEEK A REHEARING AND A REHEARING EN

1   BANC.  AND WE'VE EXERCISED THAT RIGHT.  AND WE FILED A

2   PETITION FOR BOTH ON MAY 1ST.  THERE WILL BE A VOTE ON MAY

3   22ND, WHICH IS IN 14 DAYS.

4          AND IF DC IS CORRECT THAT THE CHANCES -- THAT

5   THERE'S A --

6          THE COURT:  NEGLIGIBLE --

7          MR. TOBEROFF: -- NEGLIGIBLE CHANCE OF SUCCESS,

8   THEN, WE'LL CERTAINLY KNOW IN 14 DAYS.  AND THIS WOULD BE

9   OVER IN 14 DAYS.  AND WE WOULD AT LEAST WANT TO WAIT.

10          IF ON THE OTHER HAND THEY DECIDE TO HAVE A

11   REHEARING EN BANC, THEN, THE NEED FOR THE STAY IS EVEN

12   GREATER BECAUSE BY LIFTING THE STAY -- I DON'T KNOW IF

13   PREEMPTION IS THE RIGHT WORD, BUT WE'D ESSENTIALLY BE

14   PREEMPTING THE NINTH CIRCUIT REVIEW AND RENDERING IT MOOT.

15          THIS IS NOT A -- DC CITES MOHAWK.  MOHAWK STANDS

16   FOR THE SIMPLE PROPOSITION THAT AN ORDINARY DISCOVERY RULING

17   REGARDING PRIVILEGE IS NOT A COLLATERAL ORDER IN WHICH YOU

18   CAN IMMEDIATELY APPEAL TO THE NINTH CIRCUIT.  AND THERE ARE

19   WAYS TO SEQUESTER DOCUMENTS AND DEAL WITH THAT.

20          BUT IN THE SAME PARAGRAPH QUOTED BY DC THEY CITE

21   WHAT IS AVAILABLE TO SOMEONE ORDERED TO PRODUCE PRIVILEGED

22   DOCUMENTS IS TO SEEK A WRIT OF MANDAMUS FOR UNUSUAL

23   CIRCUMSTANCES, WHICH IS EXACTLY WHAT WE DID.

24          AND THE NINTH CIRCUIT BY GRANTING -- BY DECIDING TO

25   HEAR THE WRIT ACKNOWLEDGED THAT THIS WAS AN UNUSUAL

14

1   CIRCUMSTANCE.  IT'S UNUSUAL BECAUSE WE'RE NOT DEALING WITH

2   ONE OR TWO DOCUMENTS.  WE'RE DEALING WITH NUMEROUS DOCUMENTS.

3   AND THE EFFECT OF A WRONG DECISION IS SIGNIFICANT.  WE WOULD

4   HAVE TO TRY THE CASE.  AND OPPOSING COUNSEL WOULD PROBABLY BE

5   DISQUALIFIED.

6          AND CONSIDERING THAT THIS IS NOW -- WE'VE BEEN AT

7   THIS FOR SEVEN AND A HALF YEARS, THAT IS A SIGNIFICANT

8   CONSEQUENCE HAVING TO REDO ALL OF THAT.  THE WHOLE CASE WOULD

9   BE TAINTED BY THESE DOCUMENTS.

10         I JUST NEED TO GET A SIP OF WATER IF THAT'S OKAY.

11         THE COURT:  ALL RIGHT.

12         (PAUSE IN PROCEEDINGS.)

13         MR. TOBEROFF:  THERE'S AN AMPLE BASIS FOR A

14  REHEARING OR REHEARING EN BANC.  THE NINTH CIRCUIT IN THE

15  WRIT OPINION DID NOTE THAT THERE WAS A CIRCUIT SPLIT CONTRARY

16  TO D.C.'S -- AND I BELIEVE YOUR -- D.C.'S ARGUMENTS.  AND I

17  BELIEVE YOUR HONOR DID AS WELL.

18         THERE ARE ALSO NUMEROUS MISSTATEMENTS OF FACT WHERE

19  INSTEAD OF REPEATING THE ALLEGATIONS OF D.C., THE PANEL

20  REPEATED D.C.'S ALLEGATIONS AS FACT WITH SUCH THINGS AS I

21  OFFERED TO PRODUCE A "SUPERMAN" MOVIE.  THESE --

22         THE COURT:  I SAW YOUR WRIT PETITION.

23         MR. TOBEROFF:  SORRY?

24         THE COURT:  I SAW YOUR REHEARING PETITION.

25         MR. TOBEROFF:  YES.

1          SO -- AND, IN FACT, THEY PUT FORWARD THIS LETTER

2    FROM DAVID MICHAELS PROTESTING.  THAT GOES TO THE SAME POINT.

3    YOU NOW HAVE FROM BOTH SIDES -- EVEN THOUGH WE FIRMLY BELIEVE

4    HE DID STEAL THESE DOCUMENTS.  IT IS TRUE THAT HE SHOULDN'T

5    HAVE BEEN TRIED AND CONVICTED IN A NINTH CIRCUIT OPINION

6    DEALING WITH A NARROW PRIVILEGE ISSUE.  THERE ARE MANY, MANY

7    STATEMENTS.

8          THE NINTH CIRCUIT ALSO DID NOT SAY NONE OF THESE

9    DOCUMENTS ARE PRIVILEGED NOR COULD IT.  IT DIDN'T HAVE THE

10   DOCUMENTS BEFORE IT.  IT COULDN'T EVEN ASSUME THAT THE

11   DOCUMENTS APPLIED TO THE PERIOD OF TIME THAT IT CONCLUDED --

12   AGAIN, AN ISSUE NOT BEFORE IT -- THAT I WAS ACTING AS A

13   BUSINESS MAN GIVING BUSINESS ADVICE AS OPPOSED TO LEGAL

14   ADVICE REGARDING STATUTORY TERMINATIONS UNDER THE COPYRIGHT

15   ACT AND THE PROBATING OF AN ESTATE.  I WAS GIVING BUSINESS

16   ADVICE.  THESE THINGS WERE NOT BEFORE THE NINTH CIRCUIT NOR

17   WERE THEY GERMANE.

18         AND IN FOOTNOTE 4 IN THE OPINION THEY EXPRESSLY

19   STATE THAT SINCE D.C. HAS NOT CONTESTED WHETHER -- IT HAS NOT

20   BROUGHT UP THE ISSUE OF WHETHER THESE DOCUMENTS WERE

21   PRIVILEGED, THEY'RE ASSUMING FOR PURPOSES OF THE OPINION THAT

22   THEY ARE PRIVILEGED.

23         I DON'T KNOW HOW THAT SENTENCE GOT IN THERE.  I

24   TRIED TO FIGURE IT OUT BECAUSE IT ALSO MAKES NO SENSE -- THE

25   SENTENCE IN THE BACK OF THE OPINION ALSO MAKES NO SENSE

1    WITHIN IN THE CONTEXT OF THE PARAGRAPH IN WHICH IT EXISTS,

2    WHICH TALKS ABOUT THE PROBLEMS WITH RESPECT TO THEFT OF

3    CONFIDENTIAL MATERIAL FROM BANKS OR LAW FIRMS OR JUDGES OR

4    OTHER.  AND THEN THEY FOLLOW WITH THIS SENTENCE THAT WE DON'T

5    BELIEVE THESE DOCUMENTS ARE PRIVILEGED.  SO, IT SEEMED TO BE

6    A LEFT-OVER FROM A PRIOR DRAFT THAT WASN'T CORRECTED.  I

7    CAN'T EXPLAIN IT BECAUSE THAT -- WHAT THEY QUOTE DIRECTLY

8    CONTRADICTS -- IT DIRECTLY CONTRADICTS WHAT THEY SAY --

9    PLAINTIFF'S SAY IN THEIR FOOTNOTE 4.

10            AS FAR AS THE -- MR. PETROCELLI CONSPICUOUSLY

11   AVOIDED WHAT IS THE MAIN PREMISE OF THEIR URGENCY FOR THESE

12   DOCUMENTS IN THEIR BRIEF IN WHICH THEY CLAIM THAT THEY NEED

13   TO PUT THESE DOCUMENTS CONSISTING OF HUNDREDS OF PAGES IN

14   FRONT OF THE NINTH CIRCUIT SUPPLEMENTING AN APPELLATE RECORD

15   WHICH IS UNHEARD OF.

16            YES, IT IS IN THE DISCRETION OF THE NINTH CIRCUIT

17   --

18            THE COURT:  BUT IT'S NOT UNHEARD OF.  IT DOES

19   HAPPEN.

20            MR. TOBEROFF:  WELL, I'LL EXPLAIN WHAT I MEAN BY

21   "UNHEARD OF."

22            THE CASES THEY CITE, WHICH WOULD BE THE HEARD-OF

23   CASES, ARE CASES WHERE, FOR INSTANCE, THE NINTH CIRCUIT --

24   THE DISTRICT COURT RECORD BELOW HAD ONLY PARTIAL -- A PORTION

25   OF A DOCUMENT.  AND IT TOOK NOTICE OF THE ENTIRE DOCUMENT.

1          ANOTHER CASE THEY -- THERE WAS ANOTHER ISSUE WITH A

2    SINGLE DOCUMENT.  LAWERY, WHICH IS THE CASE THEY CITE,

3    KOZINSKI COMES DOWN PRETTY HARD ON ATTORNEYS SUPPLEMENTING

4    THE RECORD.  FIRST HE SAYS, IN ORDER TO SUPPLEMENT THE

5    RECORD, YOU NEED TO MAKE A MOTION.  AND IN THAT CASE THEY

6    ENDED UP SANCTIONING AN ATTORNEY FOR ADDING ONE DOCUMENT TO

7    THE RECORD.

8          IN OUR CASE IN SIEGEL THEY'VE ADDED HUNDREDS OF

9    PAGES OF DOCUMENTS FROM THIS CASE IN THE SIEGEL APPEAL, WHICH

10   IS A COPYRIGHT CASE, WITHOUT MOVING FOR REVIEW.  AND WE'RE

11   GOING TO MOVE TO STRIKE.  AND WE'RE GOING TO PREVAIL.  AND WE

12   DON'T BELIEVE THAT THE APPELLATE COURT IS GOING TO ALLOW IN

13   REVIEWING A DISTRICT COURT ORDER FOR ERROR IS GOING TO ALLOW

14   HUNDREDS OF PAGES OF DOCUMENTS THAT WEREN'T BEFORE THE

15   DISTRICT COURT IN GIVING THE ORDER.

16         IT MAKES ABSOLUTELY NO SENSE AND GOES AGAINST

17   WELL-SETTLED LAW THAT YOU CAN'T DO THAT.  ARE THERE

18   EXCEPTIONS?  YES.  BUT THOSE EXCEPTIONS ARE USUALLY THINGS

19   THAT BORDER ON MATTERS OF JUDICIAL NOTICE OR DEAL WITH A

20   SINGLE DOCUMENT -- NOT THE TYPE OF WHOLESALE INJECTION INTO

21   AN APPELLATE RECORD FOR THE FIRST TIME.  BECAUSE THE NINTH

22   CIRCUIT CANNOT ENGAGE IN DE NOVO FACT FINDING.  IT'S A

23   REVIEWING COURT.

24         (PAUSE IN PROCEEDINGS.)

25         MR. TOBEROFF:  THANK YOU, YOUR HONOR.

18

1          THE COURT:  ALL RIGHT.  MR. PETROCELLI.

2          MR. PETROCELLI:  YES.  I DIDN'T COVER THE POINTS IN

3    THE PAPERS BECAUSE YOUR HONOR HAS TOLD US, AS YOU ALWAYS DO,

4    THAT YOU READ THE PAPERS.  AND IT'S ALWAYS OBVIOUS TO US THAT

5    YOU HAVE READ THE PAPERS.

6          BUT WE DO HAVE THIS BRIEF DUE ON JUNE 7 IN THE

7    SIEGEL CASE.  AND THE MARKS MEMO, FOR EXAMPLE, WHICH IS ONE

8    OF THE DOCUMENTS AT ISSUE, IS DIRECTLY RELEVANT TO OUR

9    DEFENSE THAT THIS CASE WAS SETTLED IN 2001.  AND THAT JUDGE

10   LARSON REJECTED THAT BY WAY OF SUMMARY JUDGMENT.  AT THE VERY

11   MINIMUM WE INTEND TO PROFFER THAT DOCUMENT TO THE NINTH

12   CIRCUIT TO INDICATE THAT THERE IS A TRIABLE ISSUE OF FACT ON

13   THAT ISSUE.

14         THERE'S NO QUESTION AS TO ITS AUTHENTICITY OR

15   PROVENANCE.  AND THIS IS, INDEED, AN EXCEPTIONAL CIRCUMSTANCE

16   GIVEN THE WAY THAT THIS CASE HAS BEEN LITIGATED AND THE

17   DIFFERENT PARTS OF IT.  AND I THINK AT THE END OF THE DAY THE

18   COURTS WANT TO GET IT RIGHT.

19         AND WE HAVE A DIRECTLY RELEVANT -- POTENTIALLY

20   DISPOSITIVE PIECE OF EVIDENCE ON THE VERY ISSUES IN FRONT OF

21   THE COURT.  AND IT WOULD BE A TRAVESTY IF WE'RE NOT ABLE TO

22   AT LEAST ATTEMPT TO PUT THAT DOCUMENT IN FRONT OF THE COURT.

23   AND THERE MAY BE OTHERS.

24         NOW, HE SAYS HUNDREDS OF PAGES.  THERE'S PROBABLY

25   20 DOCUMENTS.  AND THEY'RE COPIED MULTIPLE TIMES.  SO, I

19

1    DON'T KNOW THAT WE'RE DEALING WITH HUNDREDS OF PAGES.  BUT IN

2    ANY EVENT, WE HAVE A BRIEF -- ONE BRIEF DUE ON MAY 24.  AND

3    THE OTHER ONE DUE ON JUNE 7.

4            AND, BY THE WAY, WE DID ASK IN THE WRIT PROCEEDINGS

5    IN OUR PAPERS FOR THE COURT TO ENDEAVOR TO EXPEDITE THE

6    PROCESSING OF THAT.  IT DID NOT DO SO.  OR MAYBE IT DID SO.

7    BUT IN ANY EVENT, IT TOOK ABOUT A YEAR.  WE DIDN'T MAKE A

8    SPECIAL MOTION.  BUT WE PUT THAT IN OUR PAPERS.

9            VERY CONCERNED ABOUT THIS LETTER THAT I JUST FILED

10   YESTERDAY WITH THE COURT.  SHOCKING TO HEAR THAT MR. TOBEROFF

11   WOULD SUGGEST TO THE COURT THAT WE ACTUALLY SOLICITED THIS

12   LETTER, THIS LETTER FROM MR. MICHAELS FLATLY DENYING WHAT MR.

13   TOBEROFF HAS STATED UNDER OATH THAT MR. MICHAELS WROTE THESE

14   -- THIS TIMELINE DOCUMENT AND WAS THE CULPRIT WHO SENT OUT

15   THESE MATERIALS.  HE HAS SWORN TO FEDERAL PROSECUTORS AND NOW

16   TO THE NINTH CIRCUIT HE DID NOT DO SO.

17           AND HE INDICATED IN THE LETTER THAT HE DIDN'T EVEN

18   SHARE IT WITH COUNSEL.  SO, WE DIDN'T GET A COPY OF THIS FROM

19   MR. MICHAELS.  WE GOT IT BECAUSE IT WAS POSTED LATE FRIDAY ON

20   THE NINTH CIRCUIT'S WHATEVER ONE CALLS IT -- THE WEBSITE OR

21   HOWEVER YOU FIND OUT ABOUT THESE ELECTRONIC NOTIFICATIONS

22   THAT THE PEOPLE WHO KNOW THIS MUCH BETTER THAN I MONITOR ALL

23   THE TIME AND BROUGHT TO MY ATTENTION.

24           AND THIS MAY ENGENDER FURTHER DELAY -- NOT THAT THE

25   -- THIS HAS NOTHING TO DO WITH THE MERITS OF THE OPINION ON

1    THE WAIVER ISSUE, BUT THE COURT MAY DECIDE TO HEAR FROM THE

2    PARTIES ON WHETHER MR. MICHAELS' NAME SHOULD BE OMITTED FROM

3    THE OPINION OR NOT, WHICH IS A MATTER OF NO CONSEQUENCE TO

4    THE OUTCOME, BUT COULD POTENTIALLY INVOLVE WITHDRAWING THE

5    OPINION AND REVISING IT TO REMOVE HIS NAME, FOR EXAMPLE,

6    WHICH WOULD ENGENDER EVEN MORE DELAY FOR NO -- FOR NO

7    RELEVANT REASON AS CONCERNS THE ISSUES BEFORE THE COURT.

8         TO BE SURE, YOUR HONOR, I'M NOT SURE WHERE THIS 14

9    DAYS COMES FROM.  AS I INDICATED, THE COURT HAS 21 DAYS TO

10   ACT.  BUT THAT'S WHEN IT HAS IN FRONT OF IT A PETITION THAT

11   IT'S ACCEPTED.

12        AND RIGHT NOW WHETHER OR NOT THE CURRENT PETITION

13   OR SOME OTHER PETITION IS GOING TO HAVE TO BE FILED, WHETHER

14   OR NOT THERE'S GOING TO HAVE TO BE YET A CORRECTED OPINION,

15   ALL OF THAT IS IN THE STATE OF FLUX RIGHT NOW.  SO, I DON'T

16   KNOW WHEN WE'RE GOING TO HEAR FROM THE NINTH CIRCUIT.

17        AND, CERTAINLY, EVEN IF THEY DECIDE TO TAKE THIS

18   MATTER, AS I HAVE INDICATED, HE HAS REMEDIES DOWN THE ROAD.

19        AND I CAN'T UNDERSCORE ENOUGH, YOUR HONOR, THE NEED

20   FOR THESE DOCUMENTS.  WE'RE GOING TO BE BACK IN FRONT OF YOUR

21   HONOR UNFORTUNATELY ONCE WE GET THESE DOCUMENTS ON A

22   PRIVILEGE LOG ISSUE BECAUSE WE NOW HAVE NEW EVIDENCE -- AND

23   THE REASON I'M BRINGING THIS UP IS NOT TO MAKE AN ARGUMENT

24   ABOUT SOMETHING THAT'S NOT BEFORE THE COURT, BUT TO EXPLAIN

25   TO YOUR HONOR WHICH IS BEFORE THE COURT THE NEED TO GET THE

21

1   DOCUMENTS WITHOUT ANY FURTHER DELAY BECAUSE OF THE PROTRACTED

2   PROCEEDINGS THAT ARE GOING TO ENSUE ONCE THE DOCUMENTS ARE

3   REVIEWED.

4           I'VE ALREADY ALLUDED TO THE DEPOSITIONS THAT WILL

5   TAKE PLACE.  WE NOW HAVE THIS LETTER FROM MR. MICHAELS.  AND

6   NOW THERE IS A VERY SERIOUS ISSUE AS TO THE STORY THAT'S BEEN

7   TOLD TO US UNDER OATH ABOUT THE AUTHOR OF THIS TIMELINE.  AND

8   NOW WE HAVE THE ALLEGED AUTHOR SAYING COMPLETELY FALSE AND

9   STAKING HIS LIFE ON IT.  BECAUSE IF HE WERE LYING, HE'D GO TO

10  JAIL FOR MANY, MANY YEARS.  AND, SO, HIS DEPOSITION IS LIKELY

11  NOW GOING TO HAVE TO TAKE PLACE.

12          IN ADDITION, WE HAVE THIS PRIVILEGE LOG ISSUE.  TO

13  ME IT'S THE KEY TO THIS WHOLE CASE BECAUSE HIGHLY RELEVANT

14  EVIDENCE HAS BEEN OBSCURED IN THOSE PRIVILEGE LOGS.  NOT ONLY

15  THE DOCUMENTS THAT ARE NOW -- HAVE BEEN ORDERED PRODUCED, BUT

16  THERE ARE MANY OTHERS.  AND WE JUST HAD SOME OTHER NEW

17  EVIDENCE THAT WE'RE GOING TO HAVE TO BRING TO THE ATTENTION

18  OF THE COURT -- OR I THINK ACTUALLY WE ALREADY HAVE, AND IT'S

19  BEFORE YOUR HONOR IN A PENDING MOTION THAT'S GOING TO CAUSE

20  US TO REVISIT THE NEED TO HAVE A SPECIAL MASTER OR SOMEBODY

21  REVIEW THE ALLEGEDLY PRIVILEGED DOCUMENTS TO SEE IF THEY HAVE

22  BEEN COMPLETELY AND ACCURATELY DESCRIBED, A MATTER THAT WE'VE

23  REVISITED SEVERAL TIMES WITH NO SUCCESS WITH YOUR HONOR BUT

24  TO ME IS CRITICAL TO OUR ABILITY TO GET A FAIR TRIAL IN THIS

25  CASE.

22

1              IN ANY EVENT, THESE DOCUMENTS, ONCE THEY'RE

2    PRODUCED --

3              THE COURT:  OKAY.  LET'S FOCUS ON THIS MOTION,

4    THOUGH.

5              MR. PETROCELLI:  WELL, MY POINT IS ONCE THESE

6    DOCUMENTS ARE PRODUCED, WE NEED TO BRING THAT MOTION BEFORE

7    YOUR HONOR.  AND AS MUCH AS WE TRIED -- I THINK YOUR HONOR

8    CAN SEE THAT THIS CASE IS GOING TO BE LITIGATED TO THE END.

9    AND THERE'S A LOT OF WORK TO BE DONE.  WE HAVE AN IMPATIENT

10   JUDGE WHO ISN'T GOING TO TAKE --

11             THE COURT:  ARE YOU TALKING ABOUT ME OR JUDGE

12   WRIGHT?

13             MR. PETROCELLI:  JUDGE WRIGHT.

14             (LAUGHTER.)

15             MR. PETROCELLI:  AND HE'S IMPATIENT FOR GOOD

16   REASON.  THE CASE WAS FILED IN MAY 2010.  IT NEEDS TO COME TO

17   AN --

18             THE COURT:  AND AN AWFUL LOT OF IT HAS BEEN IN THIS

19   COURT SINCE THEN.

20             MR. PETROCELLI:  I UNDERSTAND, YOUR HONOR.  AND,

21   SO, YOU KNOW, I THINK THEY'VE HAD THEIR DAY IN COURT.

22   THEY'VE HAD MULTIPLE DAYS IN COURT.  WE'RE ENTITLED TO OUR

23   DAY IN COURT.  WE'RE THE PLAINTIFF IN THIS CASE.  THESE

24   DOCUMENTS HAVE BEEN DECLARED BY FIVE JUDGES TO NOT BE

25   PROTECTED BY THE ATTORNEY/CLIENT PRIVILEGE.

1              I'M NOT GOING TO COMMENT ON THE ACCUSATIONS THAT

2     WE'VE SOMEHOW USED THIS LAWSUIT AS A TACTIC.  JUDGE WRIGHT

3     DISAGREED.  THE NINTH CIRCUIT DISAGREED.  IT'S A SERIOUS

4     CASE.  IT'S A SERIOUS CASE ABOUT THE VIOLATION OF VERY

5     SERIOUS RIGHTS.  AND WE NEED TO GET TO THE BOTTOM OF IT.  AND

6     THESE DOCUMENTS ARE CRUCIAL TO THAT.

7              SO, WE WOULD ASK THAT THE COURT TERMINATE ITS STAY

8     FORTHWITH.

9              THE COURT:  ALL RIGHT.

10             MR. PETROCELLI:  THANK YOU.

11             THE COURT:  THANK YOU.

12             ALL RIGHT.  AS YOU ALL KNOW, THERE'S NOTHING MORE

13    NEEDED.

14             IS THERE, MR. TOBEROFF?

15             MR. TOBEROFF:  I DID WISH TO COMMENT ON ONE NARROW

16    POINT REGARDING THE SO-CALLED MARKS MEMO.

17             THE COURT:  I DON'T THINK WE NEED THAT.  BUT THANK

18    YOU.

19             YOU KNOW, THE COURT'S STAY ORDER IS A MATTER OF

20    DISCRETION.  AND AT THE TIME THAT I ISSUED IT, THE LAW WAS

21    NOT SETTLED IN THIS CIRCUIT.  THERE WERE AT LEAST TWO NINTH

22    CIRCUIT CASES WHICH GAVE INDICATION THAT THE CIRCUIT WOULD

23    LIKE TO FIND AN APPROPRIATE CASE TO SETTLE IT.

24             AND UNDER THOSE CIRCUMSTANCES I FELT THAT IT WAS

25    IMPORTANT TO HOLD THINGS WHERE THEY WERE WHILE THIS ISSUE WAS

24

1    BEING PURSUED IN THE CIRCUIT.  AND THIS DID, OF COURSE, HAVE

2    THE EFFECT OF KEEPING THE DOCUMENTS THAT I HAD ORDERED

3    PRODUCED FROM NOT BEING PRODUCED.  AND IT DID IMPOSE A

4    CONCOMITANT IMPACT ON THE PROGRESS OF THIS ACTION NOW.

5            IT IS MY VIEW, AND I THINK IN MOST PEOPLE'S VIEW,

6    UNUSUAL FOR THE APPELLATE COURT TO TAKE UP A MATTER, A

7    DISCOVERY MATTER, ON A MANDAMUS PETITION.  AND AS D.C. COMICS

8    HAS ARGUED MANY TIMES, INCLUDING TODAY, SUPREME COURT

9    AUTHORITY SUGGESTS THAT CIRCUIT COURTS SHOULDN'T DO SO AT

10   ALL.

11           BUT THE CIRCUIT DID ORDER BRIEFING ON YOUR MANDAMUS

12   PETITION, MR. TOBEROFF.  AND THAT LEFT THE MATTER UNSETTLED

13   UNTIL THE CIRCUIT RENDERED ITS DECISION AND, IN THE COURT'S

14   MIND AT LEAST, THAT VALIDATED THE WISDOM OF IMPOSING THE

15   STAY.

16           NOW, I THINK THE CALCULUS HAS CHANGED.  NOW THE

17   CIRCUIT HAS SPOKEN.  AND ANY BALANCE THAT FAVORED A STAY ON

18   THE DISTRICT COURT LEVEL HAS SHIFTED.  WE HAVE TO REMEMBER

19   THIS WAS A MANDAMUS PROCEEDING.  THERE WAS NO MANDATE OF THE

20   CIRCUIT THAT WE HAVE TO AWAIT.  THE DECISION ON A MANDAMUS

21   PROCEEDING IS EFFECTIVE IMMEDIATELY.  THE NINTH CIRCUIT HAS

22   SAID SO IN IN RE ELLIS, 360 F.3D 1022 AT 1023, A NINTH

23   CIRCUIT CASE FROM 2004.

24           SO, ANY FURTHER WEIGHING OF THE RISKS, WILL THE

25   MATTER BE TAKEN EN BANC OR CERT GRANTED AND, IF SO, WILL THE

25

1   DEFENDANTS LIKELY PREVAIL.  THAT NOW PROPERLY BELONGS NOT

2   HERE.  THAT BELONGS IN THE APPELLATE COURT.

3            SO, EFFECTIVE AT NOON ON FRIDAY, MAY 11TH I'M GOING

4   TO LIFT MY STAY.  IT WILL BE LIFTED AUTOMATICALLY.

5            THOSE FEW EXTRA DAYS BETWEEN NOW AND THEN ARE TO

6   ENABLE THE DEFENDANTS THE OPTION OF APPROACHING THE CIRCUIT

7   IF THE DEFENDANTS SO CHOOSE IN PRESSING THEIR ARGUMENTS FOR A

8   STAY THERE.  THAT'S THE COURT THAT HAS NOW ISSUED THE

9   GOVERNING DECISION.  AND ARGUMENTS ABOUT THE EFFICACY OF

10  FURTHER STAY I THINK BELONG THERE NOT HERE.

11            ANYTHING FURTHER?

12            MR. PETROCELLI:  NO, YOUR HONOR.

13            THANK YOU.

14            THE COURT:  ALL RIGHT.  WE'LL BE IN RECESS.

15            (PROCEEDINGS ADJOURNED AT 10:34 A.M.)

16

17

18

19

20

21

22

23

24

25

26

1

2

3                          C E R T I F I C A T E

4

5           I CERTIFY THAT THE FOREGOING IS A CORRECT

6  TRANSCRIPT FROM THE ELECTRONIC SOUND RECORDING OF THE

7  PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.

8

9

10

11  /S/ DOROTHY BABYKIN                        5/7/12

12  _____          _____

13  FEDERALLY CERTIFIED TRANSCRIBER            DATED

14  DOROTHY BABYKIN

15

16

17

18

19

20

21

22

23

24

25