**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION**

| | |
|---|---|
| DC COMICS,<br><br>  Plaintiff,<br>vs.<br><br>PACIFIC PICTURES CORPORATION; IP WORLDWIDE, LLC; IPW, LLC; MARC TOBEROFF, an individual; MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER; JEAN ADELE PEAVY, an individual; LAURA SIEGEL LARSON, individually and as personal representative of the ESTATE OF JOANNE SIEGEL, and DOES 1-10, inclusive,<br><br>  Defendants. | Case No: CV 10-03633 ODW (RZx)<br><br>Hon. Otis D. Wright II, U.S.D.J.<br>Hon. Ralph Zarefsky, U.S.M.J.<br><br>**DISCOVERY MATTER**<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS'** ***EX PARTE*** **APPLICATION FOR A PROTECTIVE ORDER REGARDING THE PRODUCTION OF THE "STOLEN DOCUMENTS"**<br><br>Complaint filed: May 14, 2010<br>Trial Date: None Set<br><br>Proposed Hearing Date: May 11, 2012<br>Proposed Hearing Time: 10:00 a.m.<br><br>Courtroom: 540 |

[PROPOSED] ORDER GRANTING *EX PARTE* APPLICATION FOR A PROTECTIVE ORDER

1   The Court, having reviewed and considered Defendants' *Ex Parte* Application
2   For A Protective Order Regarding The Production Of The Stolen Documents,
3   plaintiff's opposition thereto, and all further submissions and arguments on the
4   matter, and good cause appearing, hereby GRANTS defendants' application.

5   This order applies to the sensitive, heretofore privileged attorney-client
6   communications and attorney work product that were stolen from Marc
7   Toberoff's law firm and confidential communications with the United States
8   Attorney's Office relevant to its confidential investigation into the theft that are
9   to be produced to plaintiff DC Comics pursuant to the Court's May 25, 2011
10  and August 8, 2011 orders (the "Confidential Documents").

11  [ ]   Following production of the Confidential Documents, the parties and their
12        counsel are to keep such documents confidential, for use solely in this case,
13        related cases (*Siegel v. Warner Bros. Entertainment Inc., et al.*, C.D. Cal. Case
14        No. 04-CV-08400 ODW (RZx) ("*Siegel*"); *Siegel v. Time Warner Inc., et al.*,
15        C.D. Cal. Case No. 04-CV-08776 ODW (RZx)), and appellate practice arising
16        out of these cases. If a party seeks to use the Confidential Documents in these
17        proceedings, such documents are to be filed or lodged under seal and not filed
18        electronically or in other publicly-accessible fashion.

19  *In the alternative, given the time constraints of the ex parte application:*

20  [ ]   The Confidential Documents are to be produced as "Confidential" pursuant to
21        the stipulated protective order in *Siegel v. Warner Bros. Entertainment Inc., et
22        al.*, C.D. Cal. Case No. 04-CV-08400 ODW (RZx) ("*Siegel*"), attached hereto
23        as "Exhibit A."

24  [ ]   Following production of the Confidential Documents, the parties and their
25        counsel are, *on a provisional basis*, to keep such documents confidential, for
26        use solely in this case, related cases (*Siegel v. Warner Bros. Entertainment
27        Inc., et al.*, C.D. Cal. Case No. 04-CV-08400 ODW (RZx) ("*Siegel*"); *Siegel v.
28        Time Warner Inc., et al.*, C.D. Cal. Case No. 04-CV-08776 ODW (RZx)), and
          appellate practice arising out of these cases. If a party seeks to use the

Confidential Documents in these proceedings, such documents are to be filed or lodged under seal and not filed electronically or in other publicly-accessible fashion. Defendants will file a regular noticed motion seeking a protective order by no later than May __, 2012, for hearing on June __, 2012.

IT IS SO ORDERED

Dated: _____          _____
                                    Honorable Ralph Zarefsky
                                    Magistrate Judge,
                                    United States District Court

```
 1  FROSS ZELNICK LEHRMAN & ZISSU, P.C.
    Roger L. Zissu (Admitted pro hac vice)
 2  James D. Weinberger (Admitted pro hac vice)
    Justin Deabler (Admitted pro hac vice)
 3  866 United Nations Plaza
    New York, New York 10017
 4  Telephone: 212-813-5900
    Fax:       212-813-5901
 5
    PERKINS LAW OFFICE, P.C.
 6  Patrick T. Perkins (admitted pro hac vice)
    1711 Route 9D
 7  Cold Spring, New York 10516
    Telephone: 845-265-2820
 8  Fax:       845-265-2819

 9  WEISSMANN WOLFF BERGMAN
      COLEMAN GRODIN & EVALL LLP
10  Michael Bergman (SBN 37797)
    Anjani Mandavia (SBN 94092)
11  Adam Hagen (SBN 218021)
    9665 Wilshire Boulevard, Ninth Floor
12  Beverly Hills, California 90212
    Telephone: 310-858-7888
13  Fax:       310-550-7191

14  Attorneys for Defendants/Counterclaimant
```

FILED
CLERK U S DISTRICT COURT
APR - 5 2006
CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

Priority
Send      ✓
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANNE SIEGEL and LAURA SIEGEL LARSON,<br><br>Plaintiffs,<br>vs.<br>WARNER BROS. ENTERTAINMENT INC.; TIME WARNER INC.; DC COMICS; and DOES 1-10,<br>Defendants. | Case Nos. [Consolidated for Discovery]:<br><br>CV 04-8400 RSWL (RZx)<br>CV 04-8776 RSWL (RZx)<br><br>Hon. Ronald S.W. Lew, U.S.D.J.<br>Hon. Ralph Zarefsky, U.S.M.J. |
| JOANNE SIEGEL and LAURA SIEGEL LARSON,<br><br>Plaintiffs,<br>vs.<br>TIME WARNER INC.; WARNER COMMUNICATIONS INC.; WARNER BROS. ENTERTAINMENT INC.; WARNER BROS. TELEVISION PRODUCTION INC.; DC COMICS; and DOES 1-10,<br>Defendants. | STIPULATION RE: ~~PROPOSED~~<br>PROTECTIVE ORDER<br><br>DOCKETED ON CM<br>APR - 5 2006<br>BY ___ 005 |
| AND RELATED COUNTERCLAIMS | |

50

STIPULATION RE: PROTECTIVE ORDER
**EXHIBIT A**

1  Plaintiffs/counterclaim-defendants Joanne Siegel and Laura Siegel Larson
2  (collectively "Plaintiffs"), and defendants Warner Brothers Entertainment Inc., Time
3  Warner Inc. and Warner Brothers Television Production Inc. and
4  defendant/counterclaimant DC Comics Inc. (collectively, "Defendants"), by and
5  through their respective counsel of record, hereby stipulate as follows:
6  WHEREAS, these actions (consolidated for discovery purposes only) relate to
7  Plaintiffs' alleged terminations pursuant to section 304(c) of the United States
8  Copyright Act of a number of copyright grants relating to "Superman" (Case No.
9  CV-04-8400) and "Superboy" (Case No. CV-04-8776) thereby entitling them to
10 relief, including but not limited to, an accounting of profits from Defendants'
11 exploitation thereof;
12 WHEREAS, Plaintiffs in the actions have requested in discovery the
13 production of documents, a portion of which in Defendants' view are highly
14 sensitive and confidential, the dissemination of which could be commercially
15 damaging to them;
16 WHEREAS, Plaintiffs have expressed a willingness to accommodate
17 Defendants' concerns about confidentiality;
18 WHEREAS, the parties negotiated and agreed upon a mutually acceptable
19 stipulated protective order, which sought to balance (a) Defendants' concerns about
20 confidentiality, (b) Plaintiffs' concerns about access to documents and any burdens
21 associated with the use of Defendants' confidential documents in these actions, and
22 (c) the need expressed by courts in this circuit to allow public access to documents
23 filed in pending litigation. Notably, the parties' originally proposed protective order
24 did not provide for automatic sealing of any documents designated as confidential,
25 but incorporated a mechanism by which the parties must advise each other in
26 advance of filing any confidential document to give the producing party an
27 opportunity to seek a sealing order pursuant to Local Rule 79-5;
28

2

STIPULATION RE: PROTECTIVE ORDER
**EXHIBIT A**

1     WHEREAS, the parties believe that there was thus good cause for entry of this
2 protective order pursuant to Fed. R. Civ. P. 26(c);
3     WHEREAS, the parties lodged their proposed protective order to the Court for
4 approval on February 7, 2006;
5     WHEREAS, the Honorable Ralph Zarefsky, U.S. Magistrate Judge, by order
6 entered February 16, 2006, denied the parties' proposed protective order on the
7 grounds that (a) the parties had not shown good cause justifying its entry pursuant to
8 Fed. R. Civ. P. 26(c) and (b) that documents to be designated confidential were not
9 identified with particularity;
10     WHEREAS, in accordance with and based upon the Court's February 16,
11 2006 Order, the parties have revised paragraph 4 of their proposed protective order, a
12 copy of which is attached as Exhibit 1 to this Stipulation, to narrow the definition of
13 documents which may be designated confidential by the parties;
14     WHEREAS, the revised proposed protective order *does not provide for*
15 *automatic sealing of any documents designated as confidential*, but merely
16 incorporates a mechanism by which the parties must advise each other in advance of
17 filing any confidential document to give the producing party an opportunity to seek a
18 sealing order pursuant to Local Rule 79-5;
19     WHEREAS, all other aspects of the proposed protective order lodged with the
20 Court on February 7, 2006 remain the same; and
21     WHEREAS, the parties believe, for the reasons set forth herein, that good
22 cause exists for entry of the revised protective order attached as Exhibit 1 hereto
23 pursuant to Fed. R. Civ. P. 26(c).
24 ///
25 ///
26 ///
27
28

1   NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED, subject
2   to the approval of the Court, that the proposed protective order attached hereto as
3   Exhibit 1 be entered by the Court.
4   Respectfully submitted,

5   DATED: April 3, 2006      FROSS ZELNICK LEHRMAN & ZISSU, P.C.
                               Roger L. Zissu
6                              James D. Weinberger
                               Justin Deabler
7
                               PERKINS LAW OFFICE, P.C.
8                              Patrick T. Perkins

9                                           -and-

10                             WEISSMANN WOLFF BERGMAN
                                  COLEMAN GRODIN & EVALL LLP
11                             Michael Bergman
                               Anjani Mandavia
12                             Adam Hagen

13

14                             By: _____
                                   Anjani Mandavia
15
                                   Attorneys for Defendants and Counterclaimant
16  DATED: March 31, 2006      LAW OFFICES OF MARC TOBEROFF, PLC
                               Marc Toberoff
17                             Nicholas C. Williamson

18

19                             By: _____
20                                 Marc Toberoff

21                             Attorneys for Plaintiffs/Counterclaim-
                               Defendants
22
    **SO ORDERED:**
23
24  RONALD S.W. LEW

25  ~~Ralph Zaretsky, U.S.M.J.~~
26  Ronald S.W. Lew
27  U.S. District Judge
28

4

STIPULATION RE: PROTECTIVE ORDER

**EXHIBIT 1**

**EXHIBIT A**

1  FROSS ZELNICK LEHRMAN & ZISSU, P.C.
   Roger L. Zissu (Admitted pro hac vice)
2  James D. Weinberger (Admitted pro hac vice)
   Justin Deabler (Admitted pro hac vice)
3  866 United Nations Plaza
   New York, New York 10017
4  Telephone: 212-813-5900
   Fax:       212-813-5901
5
   PERKINS LAW OFFICE, P.C.
6  Patrick T. Perkins (admitted pro hac vice)
   1711 Route 9D
7  Cold Spring, New York 10516
   Telephone: 845-265-2820
8  Fax:       845-265-2819

9  WEISSMANN WOLFF BERGMAN
     COLEMAN GRODIN & EVALL LLP
10 Michael Bergman (SBN 37797)
   Anjani Mandavia (SBN 94092)
11 Adam Hagen (SBN 218021)
   9665 Wilshire Boulevard, Ninth Floor
12 Beverly Hills, California 90212
   Telephone: 310-858-7888
13 Fax:       310-550-7191

14 Attorneys for Defendants/Counterclaimant

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| JOANNE SIEGEL and LAURA SIEGEL LARSON,<br>Plaintiffs,<br>vs.<br>WARNER BROS. ENTERTAINMENT INC.; TIME WARNER INC.; DC COMICS; and DOES 1-10,<br>Defendants. | Case Nos. [Consolidated for Discovery]:<br><br>04-8400 RSWL (RZx)<br>04-8776 RSWL (RZx)<br><br>Hon. Ronald S.W. Lew, U.S.D.J.<br>Hon. Ralph Zarefsky, U.S.M.J. |
|---|---|
| JOANNE SIEGEL and LAURA SIEGEL LARSON,<br>Plaintiffs,<br>vs.<br>TIME WARNER INC.; WARNER COMMUNICATIONS INC.; WARNER BROS. ENTERTAINMENT INC.; WARNER BROS. TELEVISION PRODUCTION INC.; DC COMICS; and DOES 1-10,<br>Defendants. | [PROPOSED] STIPULATED PROTECTIVE ORDER |
| AND RELATED COUNTERCLAIMS | |

STIPULATED PROTECTIVE ORDER
**EXHIBIT A**

1  Plaintiffs/counterclaim-defendants Joanne Siegel and Laura Siegel Larson,
2  and defendants Warner Brothers Entertainment Inc., Time Warner Inc. and Warner
3  Brothers Television Production Inc. and defendant/counterclaimant DC Comics Inc.,
4  by and through their respective counsel of record, hereby stipulate to and jointly
5  request that the Court enter a Protective Order governing this consolidated action as
6  follows:

7  1. For purposes of this Order, a "Writing" means any tangible expression
8  or communication – however created, recorded, embodied, maintained, filed, or
9  stored in any medium, mode, form, or technology – including, without limitation, as
10 defined by Rule 1001 of the Federal Rules of Evidence.

11 2. For purposes of this Order, a "Document Production" means the
12 production of any Writing by any party or non-party witness pursuant to any
13 procedure set forth in the Federal Rules of Civil Procedure, including, without
14 limitation, any initial disclosure pursuant to Rule 26(a)(1), any deposition notice
15 pursuant to Rule 30, any request for production of documents pursuant to Rule 34,
16 and any subpoena pursuant to Rule 45.

17 3. Except as provided in Paragraph 13 below, each Writing produced by
18 any party or non-party witness in any Document Production – whether or not
19 designated "CONFIDENTIAL" pursuant to Paragraph 4 below – shall be used solely
20 for purposes of this action.

21 4. Except as provided in Paragraph 13 below, the additional provisions of
22 this Order shall apply to (1) any Writing produced in any Document Production by
23 any party or non-party witness marked as "CONFIDENTIAL," and (2) any Writing
24 produced in any Document Production by any party or non-party witness which any
25 other party requests be marked as "CONFIDENTIAL" and so notifies all other
26 parties within twenty-one days (21) days of its production, in which case the original
27 and all copies of the Writing shall be promptly marked "CONFIDENTIAL." The
28 following categories of documents may be marked as "CONFIDENTIAL": (i)

documents containing non-public commercially sensitive, confidential financial information, including reports, records and projections; (ii) documents including financial and developmental information that would assist a competitor; (iii) unpublished creative materials, such as scripts, artwork and the like; (iv) non-public, private agreements, Writings disclosing the terms of such agreements and documentation relating to the negotiation thereof; and (v) information which the party is contractually or otherwise by law required to maintain as confidential (*e.g.*, due to a non-disclosure agreement). Such documents may be marked "CONFIDENTIAL" if the marking or requesting party reasonably believes:

    (a)    the Writing contains confidential proprietary information; <u>or</u>

    (b)    disclosure of such commercially sensitive Writing could reasonably harm competitive advantage, or foster a competitive disadvantage; <u>or</u>

    (c)    the disclosure of such confidential Writing could impair or disrupt future or current business relationships.

Any such Writing, and every copy thereof, is referred to herein as a "Protected Writing."

    5.    The following persons are collectively referred to herein as "Covered Recipients":

    a.    A party to this action, and each of her or its agents and employees;

    b.    Counsel for a party to this action and such counsel's support employees;

    c.    A deposition or trial witness who testifies in this action, or any other person reasonably believed by counsel for any party to this action to have relevant knowledge or information, that person's counsel, and such counsel's support employees;

1    d.   An expert witness, consultant, or investigator engaged by a party to this action and that person's support employees;

2    e.   The Court and its support employees;

3    f.   A mediator, arbitrator, or other settlement officer who renders service in this action, and that person's support employees;

4    g.   A court reporter transcribing any proceeding in this action and that person's support employees; and

5    h.   Any other person as to whom all parties agree in writing.

6. Except as expressly permitted by this Order, neither a Protected Writing nor any of its contents shall ever be viewed by or disclosed to, directly or indirectly, any person who is not a Covered Recipient. Except as required by law or pursuant to subpoena, no Covered Recipient shall ever disclose to any person who is not a Covered Recipient, directly or indirectly, the existence or contents of any Protected Writing. A Protected Writing may be viewed by or disclosed to a Covered Recipient solely for purposes of and as is necessary for these related actions.

7. Notwithstanding any other provision herein, a Protected Writing may be filed or lodged with the Court or offered as evidence at trial in this action without placing the Protected Writing under seal, unless the Court grants an order permitting the Protected Writing to be filed under seal pursuant to Local Rule 79-5. Counsel for any party that intends to file or lodge with the Court any Protected Writing, or to offer any Protected Writing as evidence at trial, shall, prior to such use, endeavor in good faith to notify counsel for all other parties and (as applicable) any non-party witness that produced the Protected Writing of such intended use sufficiently early to permit any party to file and obtain a ruling on a motion for a sealing order pursuant to Local Rule 79-5.

8. Except solely for a Covered Recipient who is (1) a party to this action, her or its counsel, or such counsel's support employee, (2) a witness during deposition or at trial, (3) a court reporter transcribing any proceeding in this action or

1  that person's support employee, or (4) the Court or its support employee, prior to the
2  disclosure of any Protected Writing or any of its contents to a Covered Recipient,
3  that Covered Recipient shall be given a copy of this Order and shall execute a
4  Certificate of Compliance in the form of Exhibit A hereto.

5      9.    If a Protected Writing is marked and attached as an exhibit to a
6  deposition transcript, then that portion of the transcript discussing or disclosing
7  information contained in the Protected Writing shall be designated as "Confidential"
8  pursuant to the terms of this Order.

9      10.    Except as provided in Paragraph 13 below, no copy shall be made of
10  any Protected Writing except for use in and as is necessary for this action. Promptly
11  following the conclusion of this action, the original and all copies of each Protected
12  Writing shall be destroyed or returned to counsel for the party or non-party witness
13  that produced it, provided, however, that counsel for any party to this action may
14  permanently retain one copy of each Protected Writing, and the original and one
15  copy of each pleading, brief, deposition transcript, and exhibit which attaches or
16  includes any Protected Writing, for insurance, tax, risk management, or archival
17  purposes.

18      11.    If any party to this action believes that any Writing designated by
19  another party (the "Designating Party") hereunder as CONFIDENTIAL does not
20  reasonably merit such designation (the "Objecting Party") it may inform the
21  Designating Party of such by written notice stating with particularity for each
22  challenged Writing the grounds why such designation is improper hereunder. The
23  parties will promptly confer pursuant to Local Rule 37-1 regarding such notice in a
24  good faith effort to resolve the matter. However, if an agreement is not reached
25  within seven (7) days from the Designating Party's receipt of such notice, the
26  Designating Party may within twenty-one (21) days from its receipt of the notice
27  serve on the Objecting Party its portion of a Local Rule 37-1 joint stipulation on a
28  motion for a protective order regarding the designation(s) in question. The

1     challenged CONFIDENTIAL designation(s) will be deemed to be removed from the
2     information and/or document(s) in question only if: (a) the Designating Party fails
3     within such time period to serve its portion of a joint stipulation on a motion for a
4     protective order pursuant to Local Rule 37-1 or (b) if upon such motion the
5     challenged designation(s) is/are not upheld by the Court.

6     12.     The Court will retain jurisdiction over all persons necessary to enforce
7     this Order, and to modify this Order upon the application and demonstration of good
8     cause by any person, even after the termination of these related actions.  The Court
9     may impose a monetary sanction against any person who willfully violates this
10     Order in an amount which the Court deems appropriate.  Additionally, if any person
11     threatens to violate any provision of this Order, then any potentially aggrieved
12     person may apply to the Court for injunctive relief and the respondent shall not
13     assert as a defense that the potentially aggrieved person has an adequate remedy at
14     law.

15     13.     Notwithstanding any other provision herein, and without prejudice to
16     the right of any person to seek any additional protective order, this Order is not
17     intended to be and shall not be construed as (1) a ruling on the admissibility of any
18     Writing, (2) a waiver of any objection to the production or use of any Writing on
19     grounds of confidentiality or otherwise, (3) a ruling requiring the production of any
20     Writing, (4) a limitation on the right of any party to disclose a Protected Writing to
21     any person who authored that Writing, or (5) a limitation on the right of any party or
22     non-party witness to use in this action or otherwise any Writing that she or it
23     authored or obtained in any manner other than through a Document ///
24     Production, even if an original or duplicate of that Writing is produced in a
25     Document Production.
26
27
28

1 | DATED: April 3, 2006  FROSS ZELNICK LEHRMAN & ZISSU, P.C.
                                Roger L. Zissu
2 |                             James D. Weinberger
                                Justin Deabler
3 |
                                PERKINS LAW OFFICE, P.C.
4 |                             Patrick T. Perkins

5 |                                       -and-

6 |                             WEISSMANN WOLFF BERGMAN
                                   COLEMAN GRODIN & EVALL LLP
7 |                             Michael Bergman
                                Anjani Mandavia
8 |                             Adam Hagen

9 |
                                By: /s/ Anjani Mandavia
10|                                 Anjani Mandavia

11|                             Attorneys for Defendants and Counterclaimant

12| DATED: March 31, 2006       LAW OFFICES OF MARC TOBEROFF, PLC
                                Marc Toberoff
13|                             Nicholas C. Williamson

14|

15|                             By: /s/ Marc Toberoff
16|                                 Marc Toberoff

17|                             Attorneys for Plaintiffs/Counterclaim-
                                Defendants
18| **SO ORDERED:**
19|
20|
   _____
21| Ralph Zaretsky, U.S.M.J.

22|
23|
24|
25|
26|
27|
28|
                                       11
                            STIPULATED PROTECTIVE ORDER

**EXHIBIT A**

SCANNED

EXHIBIT A

EXHIBIT A

# EXHIBIT A

## CERTIFICATE OF COMPLIANCE

I, _____, certify that I have received a copy of the Protective Order entered by the United States District Court for the Central District of California (the "Court") in the consolidated action entitled, "*Joanne Siegel v. Warner Bros. Entertainment Inc., et al*," Case Nos. 04-8400 and 04-8776 RSWL (RZx) (the "Protective Order").

I further certify that I have read and understand each provision of the Protective Order, that I agree to be bound by each of those provisions, and that I irrevocably submit to the jurisdiction of the Court for the purpose of securing compliance with the Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

DATED:

_____

I:\jweinberger\dcc\Siegel Litigation\Pleadings\04cv8400\060324-0425344-Stipulation re Proposed Protective Order-jdw.doc

12

STIPULATED PROTECTIVE ORDER
**EXHIBIT A**

| | |
|---|---|
| 1 | PROOF OF SERVICE |
| 2 | |
| 3 | STATE OF CALIFORNIA ) |
| | ) ss. |
| 4 | COUNTY OF LOS ANGELES ) |

I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 9665 Wilshire Blvd, Ninth Floor, Beverly Hills, California 90212. On the date shown below, I served the documents described as: **STIPULATION RE: PROPOSED PROTECTIVE ORDER** on the interested parties in said action, by placing a true copy thereof enclosed in a sealed envelope, addressed as follows:

Marc Toberoff
Law Offices of Marc Toberoff, PLC
1999 Avenue of the Stars, Suite 1540
Los Angeles, CA 90067
Fax No.: (310) 246-3101

**XX** (BY MAIL) I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Beverly Hills, California. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

___ (FACSIMILE SERVICE) I caused such document to be transmitted via facsimile to the offices of the addressees at the numbers listed above.

___ (PERSONAL SERVICE) I caused such envelope to be delivered by hand to the addressees above.

___ (BY FEDERAL EXPRESS) I caused a copy of such document(s) to be delivered to the offices of the addressee(s) via Federal Express, next business day delivery service.

Executed on **April 4, 2006**, at Beverly Hills, California.

___ **STATE** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**XX** **FEDERAL** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_/s/ Janet Andre_
Janet Andre

**EXHIBIT A**