# EXHIBIT A

# TOBEROFF & ASSOCIATES, P.C.

A PROFESSIONAL CORPORATION

2049 CENTURY PARK EAST, SUITE 3630
LOS ANGELES, CALIFORNIA 90067

MARC TOBEROFF*
NICHOLAS C. WILLIAMSON
KEITH G. ADAMS
JEFFREY R. RHOADS

* Also admitted in New York

TELEPHONE
(310) 246-3333

FACSIMILE
(310) 246-3101

mtoberoff@ipwla.com

September 8, 2011

Via E-Mail

Matthew Kline
O'Melveny and Myers LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067

Re:    _DC Comics v. Pacific Pictures Corp., et al._, Case No. 10-CV-03633 ODW (RZx)

Matt:

This letter is to follow-up on defendants Mark Warren Peary and Jean Adele Peavy's September 6, 2011 discovery responses.

DC has requested Ms. Peavy's will and other confidential documents. In light of DC's untenable position that confidentiality designations pursuant to the protective order in _Siegel_ have been effectively nullified, and DC's repeated assertions that no protective order applies in this case, Ms. Peavy shall produce the will as set forth in her discovery responses once the parties agree on a mutually acceptable protective order.

A proposed protective order like the one executed by the parties in _Siegel_ is attached. This proposal is without prejudice to our assertion that documents falling under the protective order in _Siegel_ remain protected in this litigation.

Nothing in this letter should be construed as a waiver or limitation of any of defendants' rights or remedies, all of which are reserved.

Very truly yours,

Marc Toberoff

Enclosure

**EXHIBIT A**

**2**

1   Marc Toberoff (S.B. #188547)
        *mtoberoff@ipwla.com*
2   Keith G. Adams (S.B. #240497)
        *kgadams@ipwla.com*
3   TOBEROFF & ASSOCIATES, P.C.
    2049 Century Park East, Suite 2720
4   Los Angeles, California 90067
    Telephone:  (310) 246-3333
5   Facsimile:   (310) 246-3101

6   Attorneys for Defendants Mark Warren
    Peary, Jean Peavy, and Laura Siegel Larson
7
    (continued on next page)
8
                    **UNITED STATES DISTRICT COURT**
9
                    **CENTRAL DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| DC COMICS, | Case No. CV 10-3633 ODW (RZx) |
| Plaintiff, | **DISCOVERY MATTER** |
| v. | **[PROPOSED] STIPULATION RE: PROTECTIVE ORDER** |
| PACIFIC PICTURES CORPORATION, IP WORLDWIDE, LLC, IPW, LLC, MARC TOBEROFF, an individual, MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER, JEAN ADELE PEAVY, an individual, LAURA SIEGEL LARSON, an individual, and DOES 1-10, inclusive, | **Judge**:        Hon. Otis D. Wright II  **Magistrate**:   Hon. Ralph Zarefsky  **Complaint Filed**: May 14, 2010  **Trial Date**:       None Set |
| Defendants. | |

[PROPOSED] STIPULATED PROTECTIVE
ORDER

**EXHIBIT A**

1    (continued from previous page)

2    Richard B. Kendall (S.B. # 90072)
       *rkendall@kbkfirm.com*
3    Laura W. Brill (S.B. #195889)
       *lbrill@kbkfirm.com*
4    Nicholas F Daum (S.B. #236155)
       *ndaum@kbkfirm.com*
5    KENDALL BRILL & KLIEGER LLP
     10100 Santa Monica Blvd., Suite 1725
6    Los Angeles, California, 90067
     Telephone:   310.556.2700
7    Facsimile:   310.556.2705

8    Attorneys for Defendants Marc Toberoff,
     Pacific Pictures Corporation, IP Worldwide,
9    LLC, and IPW, LLC

10   Daniel M. Petrocelli (S.B. #097802)
       *dpetrocelli@omm.com*
11   Matthew T. Kline (S.B. #211640)
       *mkline@omm.com*
12   Cassandra L. Seto (S.B. #246608)
       *cseto@omm.com*
13   O'MELVENY & MYERS LLP
     1999 Avenue of the Stars, 7th Floor
14   Los Angeles, CA  90067-6035
     Telephone:   (310) 553-6700
15   Facsimile:   (310) 246-6779

16   PATRICK T. PERKINS (admitted *pro hac vice*)
       *pperkins@ptplaw.com*
17   PERKINS LAW OFFICE, P.C.
     1711 Route 9D
18   Cold Spring, NY 10516
     Telephone:  (845) 265-2820
19   Facsimile:   (845) 265-2819

20   Attorneys for Plaintiff DC Comics

21

22

23

24

25

26

27

28

[PROPOSED] STIPULATED PROTECTIVE
ORDER

**EXHIBIT A**
**4**

1    Plaintiff DC Comics ("Plaintiff"), and defendants Mark Warren

2  Peary, Jean Peavy, and Laura Siegel Larson, Marc Toberoff, Pacific Pictures

3  Corporation, IP Worldwide, LLC, and IPW, LLC, by and through their respective

4  counsel of record, hereby stipulate to and jointly request that the Court enter this

5  Protective Order governing this action as follows:

6    1.    For purposes of this Order, a "Writing" means any tangible

7  expression or communication – however created, recorded, embodied, maintained,

8  filed, or stored in any medium, mode, form, or technology – including, without

9  limitation, as defined by Rule 1001 of the Federal Rules of Evidence.

10    2.    For purposes of this Order, a "Document Production" means the

11  production of any Writing by any party or non-party witness pursuant to any

12  procedure set forth in the Federal Rules of Civil Procedure, including, without

13  limitation, any initial disclosure pursuant to Rule 26(a)(1), any deposition notice

14  pursuant to Rule 30, any request for production of documents pursuant to Rule 34,

15  and any subpoena pursuant to Rule 45.

16    3.    Except as provided in Paragraph 13 below, each Writing produced by

17  any party or non-party witness in any Document Production – whether or not

18  designated "CONFIDENTIAL" pursuant to Paragraph 4 below – shall be used

19  solely for purposes of this action.

20    4.    Except as provided in Paragraph 13 below, the additional provisions

21  of this Order shall apply to:  (1) any Writing produced in any Document

22  Production by any party or non-party witness marked as "CONFIDENTIAL," (2)

23  any previously produced Writing  marked as "CONFIDENTIAL," and produced

24  herein by designation of its Bates number in any Document Production by any

25  party or non-party witness, and (3) any Writing produced in any Document

26  Production by any party or non-party witness which any other party requests be

27  marked as "CONFIDENTIAL" and so notifies all other parties within twenty-one

28  days (21) days of its production, or the entry of this order, whichever comes later,

- 1 -

**EXHIBIT A**
**5**

in which case the original and all copies of the Writing shall be promptly marked "CONFIDENTIAL." The following categories of documents may be marked as "CONFIDENTIAL": (i) documents containing non-public commercially sensitive, confidential financial information, including reports, records and projections; (ii) documents including financial and developmental information that would assist a competitor; (iii) unpublished creative materials, such as scripts, artwork and the like; (iv) non-public, private agreements, Writings disclosing the terms of such agreements and documentation relating to the negotiation thereof; and (v) information which the party is contractually or otherwise by law required to maintain as confidential (*e.g.*, due to a non-disclosure agreement). Such documents may be marked "CONFIDENTIAL" if the marking or requesting party reasonably believes:

        (a)    the Writing contains confidential proprietary information; <u>or</u>

        (b)    disclosure of such commercially sensitive Writing could reasonably harm competitive advantage, or foster a competitive disadvantage; <u>or</u>

        (c)    the disclosure of such confidential Writing could impair or disrupt future or current business relationships.

Any such Writing, and every copy thereof, is referred to herein as a "Protected Writing."

    5.    The following persons are collectively referred to herein as "Covered Recipients":

        a.    A party to this action, and each of her or its agents and employees;

        b.    Counsel for a party to this action and such counsel's support employees;

        c.    A deposition or trial witness who testifies in this action, or any other person reasonably believed by counsel for any party to this action to have

JOINT STIPULATION RE:
DENNIS LARSON DOCUMENTS

**EXHIBIT A**
**6**

1  relevant knowledge or information, that person's counsel, and such counsel's

2  support employees;

3          d.      An expert witness, consultant, or investigator engaged by a

4  party to this action and that person's support employees;

5          e.      The Court and its support employees;

6          f.      A mediator, arbitrator, or other settlement officer who renders

7  service in this action, and that person's support employees;

8          g.      A court reporter transcribing any proceeding in this action and

9  that person's support employees; and

10         h.      Any other person as to whom all parties agree in writing.

11     6.      Except as expressly permitted by this Order, neither a Protected

12  Writing nor any of its contents shall ever be viewed by or disclosed to, directly or

13  indirectly, any person who is not a Covered Recipient.  Except as required by law

14  or pursuant to subpoena, no Covered Recipient shall ever disclose to any person

15  who is not a Covered Recipient, directly or indirectly, the existence or contents of

16  any Protected Writing.  A Protected Writing may be viewed by or disclosed to a

17  Covered Recipient solely for purposes of and as is necessary for these related

18  actions.

19     7.      Notwithstanding any other provision herein, a Protected Writing may

20  be filed or lodged with the Court or offered as evidence at trial in this action

21  without placing the Protected Writing under seal, unless the Court grants an order

22  permitting the Protected Writing to be filed under seal pursuant to Local Rule 79-

23  5.  Counsel for any party that intends to file or lodge with the Court any Protected

24  Writing, or to offer any Protected Writing as evidence at trial, shall, prior to such

25  use, endeavor in good faith to notify counsel for all other parties and (as

26  applicable) any non-party witness that produced the Protected Writing of such

27  intended use sufficiently early to permit any party to file and obtain a ruling on a

28  motion for a sealing order pursuant to Local Rule 79-5.

- 3 -

JOINT STIPULATION RE:
DENNIS LARSON DOCUMENTS

**EXHIBIT A**
**7**

8.     Except solely for a Covered Recipient who is (1) a party to this action, her or its counsel, or such counsel's support employee, (2) a witness during deposition or at trial, (3) a court reporter transcribing any proceeding in this action or that person's support employee, or (4) the Court or its support employee, prior to the disclosure of any Protected Writing or any of its contents to a Covered Recipient, that Covered Recipient shall be given a copy of this Order and shall execute a Certificate of Compliance in the form of Exhibit A hereto.

9.     If a Protected Writing is marked and attached as an exhibit to a deposition transcript, then that portion of the transcript discussing or disclosing information contained in the Protected Writing shall be designated as "Confidential" pursuant to the terms of this Order.

10.     Except as provided in Paragraph 13 below, no copy shall be made of any Protected Writing except for use in and as is necessary for this action. Promptly following the conclusion of this action, the original and all copies of each Protected Writing shall be destroyed or returned to counsel for the party or non-party witness that produced it, provided, however, that counsel for any party to this action may permanently retain one copy of each Protected Writing, and the original and one copy of each pleading, brief, deposition transcript, and exhibit which attaches or includes any Protected Writing, for insurance, tax, risk management, or archival purposes.

11.     If any party to this action believes that any Writing designated by another party (the "Designating Party") hereunder as CONFIDENTIAL does not reasonably merit such designation (the "Objecting Party") it may inform the Designating Party of such by written notice stating with particularity for each challenged Writing the grounds why such designation is improper hereunder.  The parties will promptly confer pursuant to Local Rule 37-1 regarding such notice in a good faith effort to resolve the matter.  However, if an agreement is not reached within seven (7) days from the Designating Party's receipt of such notice, the

- 4 -

JOINT STIPULATION RE:
DENNIS LARSON DOCUMENTS

1    Designating Party may within twenty-one (21) days from its receipt of the notice

2    serve on the Objecting Party its portion of a Local Rule 37-1 joint stipulation on a

3    motion for a protective order regarding the designation(s) in question.  The

4    challenged CONFIDENTIAL designation(s) will be deemed to be removed from

5    the information and/or document(s) in question only if: (a) the Designating Party

6    fails within such time period to serve its portion of a joint stipulation on a motion

7    for a protective order pursuant to Local Rule 37-1 or (b) if upon such motion the

8    challenged designation(s) is/are not upheld by the Court.

9         12.    The Court will retain jurisdiction over all persons necessary to

10    enforce this Order, and to modify this Order upon the application and

11    demonstration of good cause by any person, even after the termination of these

12    related actions.  The Court may impose a monetary sanction against any person

13    who willfully violates this Order in an amount which the Court deems appropriate.

14    Additionally, if any person threatens to violate any provision of this Order, then

15    any potentially aggrieved person may apply to the Court for injunctive relief and

16    the respondent shall not assert as a defense that the potentially aggrieved person

17    has an adequate remedy at law.

18         13.    Notwithstanding any other provision herein, and without prejudice to

19    the right of any person to seek any additional protective order, this Order is not

20    intended to be and shall not be construed as (1) a ruling on the admissibility of any

21    Writing, (2) a waiver of any objection to the production or use of any Writing on

22    grounds of confidentiality or otherwise, (3) a ruling requiring the production of

23    any Writing, (4) a limitation on the right of any party to disclose a Protected

24    Writing to any person who authored that Writing, or (5) a limitation on the right of

25    any party or non-party witness to use in this action or otherwise any Writing that

26    she or it authored or obtained in any manner other than through a Document ///

27    Production, even if an original or duplicate of that Writing is produced in a

28    Document Production.

- 5 -

JOINT STIPULATION RE:
DENNIS LARSON DOCUMENTS

**EXHIBIT A**
**9**

1    IT IS SO STIPULATED.

2

3    Dated:  September __, 2011    RESPECTFULLY SUBMITTED,
                                    /s/ Marc Toberoff

4                                   Marc Toberoff
                                    TOBEROFF & ASSOCIATES, P.C.
5

6                                   Attorneys for Defendants, Mark Warren Peary, as
                                    personal representative of the Estate of Joseph
7                                   Shuster, Jean Adele Peavy, and Laura Siegel
                                    Larson, individually and as personal
8                                   representative of the Estate of Joanne Siegel

9

10                                  /s/ Daniel Petrocelli

11                                  Daniel M. Petrocelli
                                    O'MELVENY & MYERS LLP
12
                                    Attorneys for Plaintiff DC Comics
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 6 -

**EXHIBIT A**
**10**

**From:** Tokoro, Jason
**Sent:** Wednesday, September 14, 2011 3:34 PM
**To:** Keith Adams; Marc Toberoff
**Cc:** Petrocelli, Daniel; Kline, Matthew; 'rkendall@kbkfirm.com'; 'lbrill@kbkfirm.com'
**Subject:** RE: DC v. PPC

Dear Marc,

We write in response to your September 8, 2011, letter concerning a protective order in this case. We have prepared a redline comparing the draft proposed order you sent us to the one the parties and Court approved in the *Siegel* case; the redline is attached. Your changes to the caption and in the paragraph before numbered paragraph 1 are all fine. So, too, is the typo correction in paragraph 10. You'll need to update the signature block to include Dick's firm on behalf of the Toberoff defendants.

Your changes to paragraph 4, however, do not comply with the law governing protective orders. Just because a percipient witness wrote the word "confidential" on a document years ago does not mean it meets the FRCP test entitling it to protection. Counsel must review the document--along with any markings--and see if it meets the test for protection set forth in subparagraphs a through c, and I through v of paragraph 4, and if so, so mark the document "CONFIDENTIAL" and then produce it. The protective orders (both the *Siegel* order and your draft) require that any documents marked as confidential be filed under seal, but sealing discovery documents requires meeting the "good cause" standard of FED. R. CIV. P. 26(c). *See Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2010). That standard is not met simply because a document is subject to a protective order and designated as confidential, but requires a current assessment that "specific prejudice or harm will result" from disclosing the document. *E.g.*, *In re Ferrero Litig.*, 2011 WL 3360443, at *2 (S.D. Cal. Aug. 3, 2011) ("To the extent Plaintiffs argue that the protective order itself assures that the Rule 26(c) good cause standard is met in this case, the argument is rejected."). That a witness wrote the words confidential on a document does not suffice to meet the standard; counsel have "an obligation to review their confidentiality designations in light of the protective orders" and may not simply rely on previous designations. *Humphreys v. Regents of Univ. of Cal.*, 2006 WL 3020902, at *2 (N.D. Cal. Oct. 23, 2006).

In the Central District, protective orders submitted for court approval have been denied as "overbroad" because they failed to "specifically describe[] and identif[y]" or to attempt to articulate, "for each document or category of documents," any specific prejudice or harm resulting from disclosure. *See Young v. Axa Art Ins. Corp.*, 2010 WL 3895173, at *1 (C.D. Cal. Sept. 30, 2010) ("[A] protective order must be narrowly tailored and cannot be overbroad."); *see also Murphy v. Continental Tire N. Am., Inc.*, 2010 WL 3260183, at *1 (C.D. Cal. Aug. 9, 2010) (same); *Abstrax, Inc. v. Sun Microsystems, Inc.*, 2011 WL2550825, at *2 (N.D. Cal. June 27, 2011) (denying motion to seal portions of documents previously designated as confidential, but now admitted by attorneys to contain portions without confidential information); *Lucent Techs. Inc. v. Microsoft Corp.*, 2011 WL 765841, at *1 (S.D. Cal. Feb. 25, 2011) (denying motion to redact documents deemed confidential pursuant to protective order, but subsequently publicly disclosed); *Hartford Cas. Ins. Co. v. Am. Dairy & Food Consulting Labs., Inc.*, 2010 WL 2572858, at *5 (E.D. Cal. June 22, 2010) (no demonstrated economic or competitive value to information more than nine years old); *Del Campo v. Am. Corrective Counseling Servs., Inc.*, 2008 WL 4177916, at *3 (N.D. Cal. Sept. 8, 2008) (no showing of harm from disclosure of reports 3-4 years old).

1

**EXHIBIT A**
**11**

   If you are aware of any case or rule-based authority supporting your edits to paragraph 4, please provide them to us right away; we are aware of none.  As it stands, we are ready, willing, and able to sign the proposed order absent your changes to paragraph 4 and assuming you update the signature block as noted above.  Please let us know your position this week.

Thanks,

Matt

---

**From:** Keith Adams [mailto:kgadams@ipwla.com]
**Sent:** Thursday, September 08, 2011 7:17 PM
**To:** Kline, Matthew; Petrocelli, Daniel; Seto, Cassandra
**Cc:** Marc Toberoff
**Subject:** DC v. PPC

Counsel:

Please see the attached correspondence from Marc Toberoff.

Keith G. Adams
Toberoff & Associates, P.C.
2049 Century Park East, Suite 3630
Los Angeles, CA 90067
Telephone: (310) 246-3333
Facsimile: (310) 246-3101
Email: kgadams@ipwla.com
http://www.ipwla.com

This message and any attached documents may contain information from Toberoff & Associates, P.C. that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

**EXHIBIT A**
**12**

1 | FROSS ZELNICK LEHRMAN & ZISSU, P.C.
2 | Roger L. Zissu (Admitted pro hac vice)
| James D. Weinberger (Admitted pro hac vice)
3 | Justin Deabler (Admitted pro hac vice)
| 866 United Nations Plaza
4 | New York, New York 10017
| Telephone:      212-813-5900
5 | Fax:            212-813-5901

6 | PERKINS LAW OFFICE, P.C.
| Patrick T. Perkins (admitted pro hac vice)
7 | 1711 Route 9D
| Cold Spring, New York 10516
8 | Telephone:      845-265-2820
| Fax:            845-265-2819

9 | WEISSMANN WOLFF BERGMAN
| COLEMAN GRODIN & EVALL LLP
10 | Michael Bergman (SBN 37797)
| Anjani Mandavia (SBN 94092)
11 | Adam Hagen (SBN 218021)
| 9665 Wilshire Boulevard, Ninth Floor
12 | Beverly Hills, California 90212
| Telephone:      310-858-7888
13 | Fax:            310-550-7191

14 | Attorneys for Defendants/Counterclaimant

15

16 | Marc Toberoff (S.B. #188547)
|  mtoberoff@ipwla.com
17 | Keith G. Adams (S.B. #240497)
|  kgadams@ipwla.com
18 | TOBEROFF & ASSOCIATES, P.C.
| 2049 Century Park East, Suite 2720
19 | Los Angeles, California 90067
| Telephone:  (310) 246-3333
20 | Facsimile:   (310) 246-3101

21 | Attorneys for Defendants Mark Warren
| Peary, Jean Peavy, and Laura Siegel Larson

22 | (continued on next page)

23 | **UNITED STATES DISTRICT COURT**

24 | **CENTRAL DISTRICT OF CALIFORNIA**

| DC COMICS, | Case No. CV 10-3633 ODW (RZx) |
|---|---|
| Plaintiff, | **DISCOVERY MATTER** |
| v. | **[PROPOSED] STIPULATION RE:** |
| PACIFIC PICTURES | **PROTECTIVE ORDER** |

[PROPOSED] STIPULATED PROTECTIVE
ORDER

STIPULATED PROTECTIVE ORDER

**EXHIBIT A**

**13**

1 | CORPORATION, IP WORLDWIDE, LLC, IPW, LLC, MARC TOBEROFF, an individual, MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER, JEAN ADELE PEAVY, an individual, LAURA SIEGEL LARSON, an individual, and DOES 1-10, inclusive,

Defendants.

| Judge: | Hon. Otis D. Wright II |
| Magistrate: | Hon. Ralph Zarefsky |

**Complaint Filed**: May 14, 2010
**Trial Date**: None Set

—2—

STIPULATED PROTECTIVE ORDER

**EXHIBIT A**

**14**

1    (continued from previous page)

2    Richard B. Kendall (S.B. # 90072)
      rkendall@kbkfirm.com
3    Laura W. Brill (S.B. #195889)
      lbrill@kbkfirm.com
4    Nicholas F Daum (S.B. #236155)
      ndaum@kbkfirm.com
5    KENDALL BRILL & KLIEGER LLP
      10100 Santa Monica Blvd., Suite 1725
6    Los Angeles, California, 90067
      Telephone:   310.556.2700
7    Facsimile:    310.556.2705

8    Attorneys for Defendants Marc Toberoff,
      Pacific Pictures Corporation, IP Worldwide,
9    LLC, and IPW, LLC

10   Daniel M. Petrocelli (S.B. #097802)
      dpetrocelli@omm.com
11   Matthew T. Kline (S.B. #211640)
      mkline@omm.com
12   Cassandra L. Seto (S.B. #246608)
      cseto@omm.com
13   O'MELVENY & MYERS LLP
      1999 Avenue of the Stars, 7th Floor
14   Los Angeles, CA 90067-6035
      Telephone:  (310) 553-6700
15   Facsimile:   (310) 246-6779

16   PATRICK T. PERKINS (admitted *pro hac vice*)
      pperkins@ptplaw.com
17   PERKINS LAW OFFICE, P.C.
      1711 Route 9D
18   Cold Spring, NY 10516
      Telephone:  (845) 265-2820
19   Facsimile:   (845) 265-2819

20   Attorneys for Plaintiff DC Comics

21

| 22 | JOANNE SIEGEL and LAURA SIEGEL LARSON, | Case Nos. [Consolidated for Discovery]: |
|---|---|---|
| 23 | Plaintiffs, | 04-8400 RSWL (RZx) |
| | vs. | 04-8776 RSWL (RZx) |
| 24 | WARNER BROS. ENTERTAINMENT INC.; TIME | Hon. Ronald S.W. Lew, U.S.D.J. |
| 25 | WARNER INC.; DC COMICS; and DOES 1-10, | Hon. Ralph Zarefsky, U.S.M.J |
| | Defendants. | |
| 26 | JOANNE SIEGEL and LAURA SIEGEL LARSON, | [PROPOSED]] STIPULATED |
| 27 | Plaintiffs, | PROTECTIVE ORDER |
| 28 | vs. | |

[PROPOSED] STIPULATED PROTECTIVE ORDER

STIPULATED PROTECTIVE ORDER

**EXHIBIT A**

**15**

| | |
|---|---|
| TIME WARNER INC.; WARNER COMMUNICATIONS INC.; WARNER BROS. ENTERTAINMENT INC.; WARNER BROS. TELEVISION PRODUCTION INC.; DC COMICS; and DOES 1-10, | |
| Defendants. | |
| AND RELATED COUNTERCLAIMS | |

-4-

1  Plaintiffs/counterclaim

2       Plaintiff DC Comics ("Plaintiff"), and defendants ~~Joanne Siegel~~Mark Warren

3  Peary, Jean Peavy, and Laura Siegel Larson, ~~and defendants Warner Brothers~~

4  ~~Entertainment Inc., Time Warner Inc. and Warner Brothers Television Production Inc. and~~

5  ~~defendant/counterclaimant DC Comics Inc.~~Marc Toberoff, Pacific Pictures Corporation,

6  IP Worldwide, LLC, and IPW, LLC, by and through their respective counsel of

7  record, hereby stipulate to and jointly request that the Court enter ~~a~~this Protective

8  Order governing this ~~consolidated~~ action as follows:

9       ~~1.~~1. For purposes of this Order, a ""Writing"" means any tangible

10  expression or communication — however created, recorded, embodied,

11  maintained, filed, or stored in any medium, mode, form, or technology —

12  including, without limitation, as defined by Rule 1001 of the Federal Rules of

13  Evidence.

14       ~~2.~~2. For purposes of this Order, a ""Document Production"" means the

15  production of any Writing by any party or non-party witness pursuant to any

16  procedure set forth in the Federal Rules of Civil Procedure, including, without

17  limitation, any initial disclosure pursuant to Rule 26(a)(1), any deposition notice

18  pursuant to Rule 30, any request for production of documents pursuant to Rule 34,

19  and any subpoena pursuant to Rule 45.

20       ~~3.~~3. Except as provided in Paragraph 13 below, each Writing produced by

21  any party or non-party witness in any Document Production — whether or not

22  designated ""CONFIDENTIAL"" pursuant to Paragraph 4 below — shall be used

23  solely for purposes of this action.

24       ~~4.~~4. Except as provided in Paragraph 13 below, the additional provisions of

25  this Order shall apply to : (1) any Writing produced in any Document Production

26  by any party or non-party witness marked as ~~"CONFIDENTIAL." and~~

27  ~~(2~~"CONFIDENTIAL," (2) any previously produced Writing  marked as

28  "CONFIDENTIAL," and produced herein by designation of its Bates number in

1

**EXHIBIT A**
**17**

any Document Production by any party or non-party witness, and (3) any Writing produced in any Document Production by any party or non-party witness which any other party requests be marked as "CONFIDENTIAL" and so notifies all other parties within twenty-one days (21) days of its production, or the entry of this order, whichever comes later, in which case the original and all copies of the Writing shall be promptly marked "CONFIDENTIAL." The following categories of documents may be marked as "CONFIDENTIAL": (i) documents containing non-public commercially sensitive, confidential financial information, including reports, records and projections; (ii) documents including financial and developmental information that would assist a competitor; (iii)  unpublished creative materials, such as scripts, artwork and the like; (iv) non-public, private agreements, Writings disclosing the terms of such agreements and documentation relating to the negotiation thereof; and (v) information which the party is contractually or otherwise by law required to maintain as confidential (*e.g.*, due to a non-disclosure agreement).  Such documents may be marked "CONFIDENTIAL" if the marking or requesting party reasonably believes:

> (a)    the Writing contains confidential proprietary information; or
>
> (b)    disclosure of such commercially sensitive Writing could reasonably harm competitive advantage, or foster a competitive disadvantage; or
>
> (c)    the disclosure of such confidential Writing could impair or disrupt future or current business relationships.

Any such Writing, and every copy thereof, is referred to herein as a "Protected Writing."

5. The following persons are collectively referred to herein as "Covered Recipients":

> a. A party to this action, and each of her or its agents and employees;

1    (b) b. Counsel for a party to this action and such counsel's support

2    employees.;

3    (c) c. A deposition or trial witness who testifies in this action, or any other

4    person reasonably believed by counsel for any party to this action to have relevant

5    knowledge or information, that person's counsel, and such counsel's support

6    employees;

7    (d) d. An expert witness, consultant, or investigator engaged by a party to

8    this action and that person's support employees;

9    (e) e. The Court and its support employees;

10   (f) f. A mediator, arbitrator, or other settlement officer who renders service

11   in this action, and that person's support employees;

12   (g) g. A court reporter transcribing any proceeding in this action and that

13   person's support employees; and

14   (h) h. Any other person as to whom all parties agree in writing.

15   6. 6. Except as expressly permitted by this Order, neither a Protected

16   Writing nor any of its contents shall ever be viewed by or disclosed to, directly or

17   indirectly, any person who is not a Covered Recipient.  Except as required by law

18   or pursuant to subpoena, no Covered Recipient shall ever disclose to any person

19   who is not a Covered Recipient, directly or indirectly, the existence or contents of

20   any Protected Writing.  A Protected Writing may be viewed by or disclosed to a

21   Covered Recipient solely for purposes of and as is necessary for these related

22   actions.

23   7. 7. Notwithstanding any other provision herein, a Protected Writing may

24   be filed or lodged with the Court or offered as evidence at trial in this action

25   without placing the Protected Writing under seal, unless the Court grants an order

26   permitting the Protected Writing to be filed under seal pursuant to Local Rule 79-

27   5.  Counsel for any party that intends to file or lodge with the Court any Protected

28   Writing, or to offer any Protected Writing as evidence at trial, shall, prior to such

3

**EXHIBIT A**
**19**

1  use, endeavor in good faith to notify counsel for all other parties and (as

2  applicable) any non-party witness that produced the Protected Writing of such

3  intended use sufficiently early to permit any party to file and obtain a ruling on a

4  motion for a sealing order pursuant to Local Rule 79-5.

5      8. 8. Except solely for a Covered Recipient who is (1) a party to this action,

6  her or its counsel, or such counsel's support employee, (2) a witness during

7  deposition or at trial, (3) a court reporter transcribing any proceeding in this action

8  or that person's support employee, or (4) the Court or its support employee, prior

9  to the disclosure of any Protected Writing or any of its contents to a Covered

10  Recipient, that Covered Recipient shall be given a copy of this Order and shall

11  execute a Certificate of Compliance in the form of Exhibit A hereto.

12      9. 9. If a Protected Writing is marked and attached as an exhibit to a

13  deposition transcript, then that portion of the transcript discussing or disclosing

14  information contained in the Protected Writing shall be designated as

15  "Confidential" pursuant to the terms of this Order.

16      10. 10. Except as provided in Paragraph 13 below, no copy shall be made of

17  any Protected Writing except for use in and as is necessary for this action.

18  Promptly following the conclusion of this action, the original and all copies of

19  each Protected Writing shall be destroyed or returned to counsel for the party or

20  non-party witness that produced it, provided, however, that counsel for any party

21  to this action may permanently retain one copy of each Protected Writing, and the

22  original and one copy of each pleading, brief, deposition transcript, and exhibit

23  which attaches or includes any Protected Writing, for insurance, tax, risk

24  management, or archival purpose purposes.

25      11. 11. If any party to this action believes that any Writing designated by

26  another party (the "Designating Party") hereunder as CONFIDENTIAL does not

27  reasonably merit such designation (the "Objecting Party") it may inform the

28  Designating Party of such by written notice stating with particularity for each

4

**EXHIBIT A**
**20**

challenged Writing the grounds why such designation is improper hereunder. The parties will promptly confer pursuant to Local Rule 37-1 regarding such notice in a good faith effort to resolve the matter. However, if an agreement is not reached within seven (7) days from the Designating Party's receipt of such notice, the Designating Party may within twenty-one (21) days from its receipt of the notice serve on the Objecting Party its portion of a Local Rule 37-1 joint stipulation on a motion for a protective order regarding the designation(s) in question. The challenged CONFIDENTIAL designation(s) will be deemed to be removed from the information and/or document(s) in question only if: (a) the Designating Party fails within such time period to serve its portion of a joint stipulation on a motion for a protective order pursuant to Local Rule 37-1 or (b) if upon such motion the challenged designation(s) is/are not upheld by the Court.

12. 12. The Court will retain jurisdiction over all persons necessary to enforce this Order, and to modify this Order upon the application and demonstration of good cause by any person, even after the termination of these related actions. The Court may impose a monetary sanction against any person who willfully violates this Order in an amount which the Court deems appropriate. Additionally, if any person threatens to violate any provision of this Order, then any potentially aggrieved person may apply to the Court for injunctive relief and the respondent shall not assert as a defense that the potentially aggrieved person has an adequate remedy at law.

13. 13. Notwithstanding any other provision herein, and without prejudice to the right of any person to seek any additional protective order, this Order is not intended to be and shall not be construed as (1) a ruling on the admissibility of any Writing, (2) a waiver of any objection to the production or use of any Writing on grounds of confidentiality or otherwise, (3) a ruling requiring the production of any Writing, (4) a limitation on the right of any party to disclose a Protected Writing to any person who authored that Writing, or (5) a limitation on the right of

JOINT STIPULATION RE:
DENNIS LARSON DOCUMENTS

**EXHIBIT A**
**21**

1  any party or non-party witness to use in this action or otherwise any Writing that

2  she or it authored or obtained in any manner other than through a Document ///

3  Production, even if an original or duplicate of that Writing is produced in a

4  Document Production.

5  DATED:_____, 2006        FROSS ZELNICK LEHRMAN & ZISSU, P.C.
                                     Roger L. Zissu
6                                    James D. Weinberger
                                     Justin Deabler
7
8                                    PERKINS LAW OFFICE, P.C.
                                     Patrick T. Perkins
9
                                                  -and-
10
11                                   WEISSMANN WOLFF BERGMAN
                                     COLEMAN GRODIN & EVALL LLP
12                                   Michael Bergman
                                     Anjani Mandavia
13                                   Adam Hagen

14

15                                   By:_____
                                            Anjani Mandavia
16
                                     Attorneys for Defendants and Counterclaimant
17
18  DATED:_____, 2006        LAW OFFICES OF MARC TOBEROFF, PLC
                                      Marc Toberoff
19                                    Nicholas C. Williamson

20

21                                   By:_____
                                           Marc Toberoff
22
                                     Attorneys for Plaintiffs/Counterclaim-Defendants
23

24  SO ORDERED:

25  _____

26  Ralph Zaresfsky, U.S.M.J.

    IT IS SO STIPULATED.
27  OMM_US:70002273.2

28  Dated: September __, 2011        RESPECTFULLY SUBMITTED,

**EXHIBIT A**
**22**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

/s/ Marc Toberoff

Marc Toberoff
TOBEROFF & ASSOCIATES, P.C.

Attorneys for Defendants, Mark Warren Peary, as
personal representative of the Estate of Joseph
Shuster, Jean Adele Peavy, and Laura Siegel
Larson, individually and as personal
representative of the Estate of Joanne Siegel

/s/ Daniel Petrocelli

Daniel M. Petrocelli
O'MELVENY & MYERS LLP

Attorneys for Plaintiff DC Comics

7

JOINT STIPULATION RE:
DENNIS LARSON DOCUMENTS

**EXHIBIT A**
**23**

| Legend: |  |
| --- | --- |
| Insertion |  |
| ~~Deletion~~ |  |
| ~~Moved from~~ |  |
| Moved to |  |
| Style change |  |
| Format change |  |
| ~~Moved deletion~~ |  |
| Inserted cell |  |
| Deleted cell |  |
| Moved cell |  |
| Split/Merged cell |  |
| Padding cell |  |

| Statistics: |  |
| --- | --- |
|  | Count |
| Insertions | 127 |
| Deletions | 90 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 217 |

**EXHIBIT A**
**24**

**From:** Tokoro, Jason
**Sent:** Sunday, October 09, 2011 1:17 PM
**To:** 'Keith Adams'; Marc Toberoff
**Cc:** Petrocelli, Daniel; Kline, Matthew; 'rkendall@kbkfirm.com'; 'lbrill@kbkfirm.com'
**Subject:** Re: DC v. PPC

Dear Marc and Keith,

We write to follow up on the protective order we proposed and attached to the September 14, 2011, email below. We have received no response from you in the more than three weeks since our proposal. When I spoke with Keith this past Tuesday, he said that defendants would be addressing our proposal shortly. Yet, we have still not been told your position.

Your failure to engage us on this issue is especially troubling given defendants' refusal to produce responsive, non-privileged documents until a protective order is in place, including documents withheld by defendant Jean Adele Peavy. DC wants and is entitled to discover those documents and defendants cannot indefinitely defer production of the documents by tactically ignoring our proposals.

We remain ready, willing, and able to sign the proposed order absent your changes to paragraph 4 and assuming you update the signature blocked as noted below. Please let us know your position by Tuesday, October 11. If we can't reach agreement, we should submit our competing proposals to the Magistrate with short briefs justifying the two competing versions.

All of DC's rights are reserved.

Thanks,

Jason

**From:** Tokoro, Jason
**Sent:** Wednesday, September 14, 2011 3:34 PM
**To:** Keith Adams; Marc Toberoff
**Cc:** Petrocelli, Daniel; Kline, Matthew; rkendall@kbkfirm.com; lbrill@kbkfirm.com
**Subject:** RE: DC v. PPC

Dear Marc,

We write in response to your September 8, 2011, letter concerning a protective order in this case. We have prepared a redline comparing the draft proposed order you sent us to the one the parties and Court approved in the *Siegel* case; the redline is attached. Your changes to the caption and in the paragraph before numbered paragraph 1 are all fine. So, too, is the typo correction in paragraph 10. You'll need to update the signature block to include Dick's firm on behalf of the Toberoff defendants.

Your changes to paragraph 4, however, do not comply with the law governing protective orders. Just because a percipient witness wrote the word "confidential" on a document years ago does not mean it meets the FRCP test entitling it to protection. Counsel must review the document--along with any markings--and see if it

1

**EXHIBIT A**
**25**

meets the test for protection set forth in subparagraphs a through c, and I through v of paragraph 4, and if so, so mark the document "CONFIDENTIAL" and then produce it. The protective orders (both the *Siegel* order and your draft) require that any documents marked as confidential be filed under seal, but sealing discovery documents requires meeting the "good cause" standard of FED. R. CIV. P. 26(c). *See Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2010). That standard is not simply because a document is subject to a protective order and designated as confidential, but requires a current assessment that "specific prejudice or harm will result" from disclosing the document. *E.g., In re Ferrero Litig.*, 2011 WL 3360443, at *2 (S.D. Cal. Aug. 3, 2011) ("To the extent Plaintiffs argue that the protective order itself assures that the Rule 26(c) good cause standard is met in this case, the argument is rejected."). That a witness wrote the words confidential on a document does not suffice to meet the standard; counsel have "an obligation to review their confidentiality designations in light of the protective orders" and may not simply rely on previous designations. *Humphreys v. Regents of Univ. of Cal.*, 2006 WL 3020902, at *2 (N.D. Cal. Oct. 23, 2006).

In the Central District, protective orders submitted for court approval have been denied as "overbroad" because they failed to "specifically describe[] and identif[y]" or to attempt to articulate, "for each document or category of documents," any specific prejudice or harm resulting from disclosure. *See Young v. Axa Art Ins. Corp.*, 2010 WL 3895173, at *1 (C.D. Cal. Sept. 30, 2010) ("[A] protective order must be narrowly tailored and cannot be overbroad."); *see also Murphy v. Continental Tire N. Am., Inc.*, 2010 WL 3260183, at *1 (C.D. Cal. Aug. 9, 2010) (same); *Abstrax, Inc. v. Sun Microsystems, Inc.*, 2011 WL2550825, at *2 (N.D. Cal. June 27, 2011) (denying motion to seal portions of documents previously designated as confidential, but now admitted by attorneys to contain portions without confidential information); *Lucent Techs. Inc. v. Microsoft Corp.*, 2011 WL 765841, at *1 (S.D. Cal. Feb. 25, 2011) (denying motion to redact documents deemed confidential pursuant to protective order, but subsequently publicly disclosed); *Hartford Cas. Ins. Co. v. Am. Dairy & Food Consulting Labs., Inc.*, 2010 WL 2572858, at *5 (E.D. Cal. June 22, 2010) (no demonstrated economic or competitive value to information more than nine years old); *Del Campo v. Am. Corrective Counseling Servs., Inc.*, 2008 WL 4177916, at *3 (N.D. Cal. Sept. 8, 2008) (no showing of harm from disclosure of reports 3-4 years old).

If you are aware of any case or rule-based authority supporting your edits to paragraph 4, please provide them to us right away; we are aware of none. As it stands, we are ready, willing, and able to sign the proposed order absent your changes to paragraph 4 and assuming you update the signature block as noted above. Please let us know your position this week.

Thanks,

Matt

**From:** Keith Adams [mailto:kgadams@ipwla.com]
**Sent:** Thursday, September 08, 2011 7:17 PM
**To:** Kline, Matthew; Petrocelli, Daniel; Seto, Cassandra
**Cc:** Marc Toberoff
**Subject:** DC v. PPC

Counsel:

Please see the attached correspondence from Marc Toberoff.

Keith G. Adams
Toberoff & Associates, P.C.
2049 Century Park East, Suite 3630
Los Angeles, CA 90067
Telephone: (310) 246-3333

2

**EXHIBIT A**
**26**

Facsimile: (310) 246-3101
Email: kgadams@ipwla.com
http://www.ipwla.com

This message and any attached documents may contain information from Toberoff & Associates, P.C. that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

3

**EXHIBIT A**
**27**

1  FROSS ZELNICK LEHRMAN & ZISSU, P.C.
   Roger L. Zissu (Admitted pro hac vice)
2  James D. Weinberger (Admitted pro hac vice)
   Justin Deabler (Admitted pro hac vice)
3  866 United Nations Plaza
   New York, New York 10017
4  Telephone:      212-813-5900
   Fax:            212-813-5901
5
   PERKINS LAW OFFICE, P.C.
6  Patrick T. Perkins (admitted pro hac vice)
   1711 Route 9D
7  Cold Spring, New York 10516
   Telephone:      845-265-2820
8  Fax:            845-265-2819
9  WEISSMANN WOLFF BERGMAN
   COLEMAN GRODIN & EVALL LLP
10 Michael Bergman (SBN 37797)
   Anjani Mandavia (SBN 94092)
11 Adam Hagen (SBN 218021)
   9665 Wilshire Boulevard, Ninth Floor
12 Beverly Hills, California 90212
   Telephone:      310-858-7888
13 Fax:            310-550-7191
14 Attorneys for Defendants/Counterclaimant

15 Marc Toberoff (S.B. #188547)
    mtoberoff@ipwla.com
16 Keith G. Adams (S.B. #240497)
    kgadams@ipwla.com
17 TOBEROFF & ASSOCIATES, P.C.
   2049 Century Park East, Suite 2720
18 Los Angeles, California 90067
   Telephone:  (310) 246-3333
19 Facsimile:   (310) 246-3101
20
   Attorneys for Defendants Mark Warren
21 Peary, Jean Peavy, and Laura Siegel Larson

22 (continued on next page)

23        UNITED STATES DISTRICT COURT

24        CENTRAL DISTRICT OF CALIFORNIA

25 DC COMICS,                          Case No. CV 10-3633 ODW (RZx)

26        Plaintiff,                   DISCOVERY MATTER

27     v.                             [PROPOSED] STIPULATION RE:
                                       PROTECTIVE ORDER
28 PACIFIC PICTURES

                                       [PROPOSED] STIPULATED PROTECTIVE
                                       ORDER

STIPULATED PROTECTIVE ORDER

**EXHIBIT A**
**28**

| | |
|---|---|
| 1  CORPORATION, IP WORLDWIDE,<br>LLC, IPW, LLC, MARC TOBEROFF,<br>2  an individual, MARK WARREN<br>PEARY, as personal representative of<br>3  the ESTATE OF JOSEPH SHUSTER,<br>JEAN ADELE PEAVY, an individual,<br>4  LAURA SIEGEL LARSON, an<br>individual, and DOES 1-10, inclusive,<br><br>5<br><br>6          Defendants. | **Judge:**       Hon. Otis D. Wright II<br>**Magistrate:**   Hon. Ralph Zarefsky<br><br>**Complaint Filed**: May 14, 2010<br>**Trial Date:**       None Set |

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                                      —2—

28

1 | (continued from previous page)

2 | Richard B. Kendall (S.B. # 90072)
    rkendall@kbkfirm.com
3 | Laura W. Brill (S.B. #195889)
    lbrill@kbkfirm.com
4 | Nicholas F Daum (S.B. #236155)
    ndaum@kbkfirm.com
5 | KENDALL BRILL & KLIEGER LLP
  10100 Santa Monica Blvd., Suite 1725
6 | Los Angeles, California, 90067
  Telephone:  310.556.2700
7 | Facsimile:   310.556.2705

8 | Attorneys for Defendants Marc Toberoff,
  Pacific Pictures Corporation, IP Worldwide,
9 | LLC, and IPW, LLC

10 | Daniel M. Petrocelli (S.B. #097802)
    dpetrocelli@omm.com
11 | Matthew T. Kline (S.B. #211640)
    mkline@omm.com
12 | Cassandra L. Seto (S.B. #246608)
    cseto@omm.com
13 | O'MELVENY & MYERS LLP
  1999 Avenue of the Stars, 7th Floor
14 | Los Angeles, CA  90067-6035
  Telephone:  (310) 553-6700
15 | Facsimile:   (310) 246-6779

16 | PATRICK T. PERKINS (admitted *pro hac vice*)
    pperkins@ptplaw.com
17 | PERKINS LAW OFFICE, P.C.
  1711 Route 9D
18 | Cold Spring, NY 10516
  Telephone:  (845) 265-2820
19 | Facsimile:   (845) 265-2819

20 | Attorneys for Plaintiff DC Comics

21 |

| | | |
|---|---|---|
| 22 | JOANNE SIEGEL and LAURA SIEGEL LARSON, | Case Nos. [Consolidated for Discovery]: |
| 23 | Plaintiffs, | 04-8400 RSWL (RZx) |
| | vs. | 04-8776 RSWL (RZx) |
| 24 | WARNER BROS. ENTERTAINMENT INC.; TIME WARNER INC.; DC COMICS; and DOES 1-10, | Hon. Ronald S.W. Lew, U.S.D.J. |
| 25 | Defendants. | Hon. Ralph Zarefsky, U.S.M.J |
| 26 | JOANNE SIEGEL and LAURA SIEGEL LARSON, | |
| 27 | Plaintiffs, | [PROPOSED]] STIPULATED PROTECTIVE ORDER |
| 28 | vs. | |

[PROPOSED] STIPULATED PROTECTIVE ORDER

STIPULATED PROTECTIVE ORDER

**EXHIBIT A**
**30**

| | |
|---|---|
| 1  TIME WARNER INC.; WARNER<br>2  COMMUNICATIONS INC.; WARNER BROS.<br>   ENTERTAINMENT INC.; WARNER BROS.<br>3  TELEVISION PRODUCTION INC.; DC COMICS;<br>   and DOES 1-10,<br>4              Defendants. | |
| 5  AND RELATED COUNTERCLAIMS | |

-4-

STIPULATED PROTECTIVE ORDER

**EXHIBIT A**
**31**

1   ~~Plaintiffs/counterclaim~~

2        Plaintiff DC Comics ("Plaintiff"), and defendants ~~Joanne Siegel~~Mark Warren

3   Peary, Jean Peavy, and Laura Siegel Larson, ~~and defendants Warner Brothers~~

4   ~~Entertainment Inc., Time Warner Inc. and Warner Brothers Television Production Inc. and~~

5   ~~defendant/counterclaimant DC Comics Inc.~~Marc Toberoff, Pacific Pictures Corporation,

6   IP Worldwide, LLC, and IPW, LLC, by and through their respective counsel of

7   record, hereby stipulate to and jointly request that the Court enter ~~a~~this Protective

8   Order governing this ~~consolidated~~ action as follows:

9        ~~1.~~ 1. For purposes of this Order, a ~~"~~"Writing~~"~~" means any tangible

10  expression or communication ~~—~~ however created, recorded, embodied,

11  maintained, filed, or stored in any medium, mode, form, or technology ~~—~~

12  including, without limitation, as defined by Rule 1001 of the Federal Rules of

13  Evidence.

14       ~~2.~~ 2. For purposes of this Order, a ~~"~~"Document Production~~"~~" means the

15  production of any Writing by any party or non-party witness pursuant to any

16  procedure set forth in the Federal Rules of Civil Procedure, including, without

17  limitation, any initial disclosure pursuant to Rule 26(a)(1), any deposition notice

18  pursuant to Rule 30, any request for production of documents pursuant to Rule 34,

19  and any subpoena pursuant to Rule 45.

20       ~~3.~~ 3. Except as provided in Paragraph 13 below, each Writing produced by

21  any party or non-party witness in any Document Production ~~—~~ whether or not

22  designated ~~"~~"CONFIDENTIAL~~"~~" pursuant to Paragraph 4 below ~~—~~ shall be used

23  solely for purposes of this action.

24       ~~4.~~ 4. Except as provided in Paragraph 13 below, the additional provisions of

25  this Order shall apply to ~~:~~ (1) any Writing produced in any Document Production

26  by any party or non-party witness marked as ~~"CONFIDENTIAL," and~~

27  ~~(2~~"CONFIDENTIAL," (2) any previously produced Writing  marked as

28  "CONFIDENTIAL," and produced herein by designation of its Bates number in

**EXHIBIT A
32**

any Document Production by any party or non-party witness, and (3) any Writing produced in any Document Production by any party or non-party witness which any other party requests be marked as ""CONFIDENTIAL"" and so notifies all other parties within twenty-one days (21) days of its production, or the entry of this order, whichever comes later, in which case the original and all copies of the Writing shall be promptly marked ""CONFIDENTIAL."" The following categories of documents may be marked as ""CONFIDENTIAL"": (i) documents containing non-public commercially sensitive, confidential financial information, including reports, records and projections; (ii) documents including financial and developmental information that would assist a competitor; (iii) unpublished creative materials, such as scripts, artwork and the like; (iv) non-public, private agreements, Writings disclosing the terms of such agreements and documentation relating to the negotiation thereof; and (v) information which the party is contractually or otherwise by law required to maintain as confidential (*e.g.*, due to a non-disclosure agreement).  Such documents may be marked ""CONFIDENTIAL"" if the marking or requesting party reasonably believes:

    (a)    the Writing contains confidential proprietary information; or

    (b)    disclosure of such commercially sensitive Writing could reasonably harm competitive advantage, or foster a competitive disadvantage; or

    (c)    the disclosure of such confidential Writing could impair or disrupt future or current business relationships.

Any such Writing, and every copy thereof, is referred to herein as a ""Protected Writing.""

    5. 5. The following persons are collectively referred to herein as "Covered Recipients":

    (a) a. A party to this action, and each of her or its agents and employees.;

1    (b) b. Counsel for a party to this action and such counsel's support

2    employees.;

3    (c) c. A deposition or trial witness who testifies in this action, or any other

4    person reasonably believed by counsel for any party to this action to have relevant

5    knowledge or information, that person's counsel, and such counsel's support

6    employees;

7    (d) d. An expert witness, consultant, or investigator engaged by a party to

8    this action and that person's support employees;

9    (e) e. The Court and its support employees;

10    (f) f. A mediator, arbitrator, or other settlement officer who renders service

11    in this action, and that person's support employees;

12    (g) g. A court reporter transcribing any proceeding in this action and that

13    person's support employees; and

14    (h) h. Any other person as to whom all parties agree in writing.

15    6. 6. Except as expressly permitted by this Order, neither a Protected

16    Writing nor any of its contents shall ever be viewed by or disclosed to, directly or

17    indirectly, any person who is not a Covered Recipient.  Except as required by law

18    or pursuant to subpoena, no Covered Recipient shall ever disclose to any person

19    who is not a Covered Recipient, directly or indirectly, the existence or contents of

20    any Protected Writing.  A Protected Writing may be viewed by or disclosed to a

21    Covered Recipient solely for purposes of and as is necessary for these related

22    actions.

23    7. 7. Notwithstanding any other provision herein, a Protected Writing may

24    be filed or lodged with the Court or offered as evidence at trial in this action

25    without placing the Protected Writing under seal, unless the Court grants an order

26    permitting the Protected Writing to be filed under seal pursuant to Local Rule 79-

27    5.  Counsel for any party that intends to file or lodge with the Court any Protected

28    Writing, or to offer any Protected Writing as evidence at trial, shall, prior to such

JOINT STIPULATION RE:
DENNIS LARSON DOCUMENTS

**EXHIBIT A**
**34**

1    use, endeavor in good faith to notify counsel for all other parties and (as

2    applicable) any non-party witness that produced the Protected Writing of such

3    intended use sufficiently early to permit any party to file and obtain a ruling on a

4    motion for a sealing order pursuant to Local Rule 79-5.

5        8. 8. Except solely for a Covered Recipient who is (1) a party to this action,

6    her or its counsel, or such counsel's support employee, (2) a witness during

7    deposition or at trial, (3) a court reporter transcribing any proceeding in this action

8    or that person's support employee, or (4) the Court or its support employee, prior

9    to the disclosure of any Protected Writing or any of its contents to a Covered

10   Recipient, that Covered Recipient shall be given a copy of this Order and shall

11   execute a Certificate of Compliance in the form of Exhibit A hereto.

12       9. 9. If a Protected Writing is marked and attached as an exhibit to a

13   deposition transcript, then that portion of the transcript discussing or disclosing

14   information contained in the Protected Writing shall be designated as

15   "Confidential" pursuant to the terms of this Order.

16       10. 10. Except as provided in Paragraph 13 below, no copy shall be made of

17   any Protected Writing except for use in and as is necessary for this action.

18   Promptly following the conclusion of this action, the original and all copies of

19   each Protected Writing shall be destroyed or returned to counsel for the party or

20   non-party witness that produced it, provided, however, that counsel for any party

21   to this action may permanently retain one copy of each Protected Writing, and the

22   original and one copy of each pleading, brief, deposition transcript, and exhibit

23   which attaches or includes any Protected Writing, for insurance, tax, risk

24   management, or archival purpose purposes.

25       11. 11. If any party to this action believes that any Writing designated by

26   another party (the "Designating Party") hereunder as CONFIDENTIAL does not

27   reasonably merit such designation (the "Objecting Party") it may inform the

28   Designating Party of such by written notice stating with particularity for each

JOINT STIPULATION RE:
DENNIS LARSON DOCUMENTS

**EXHIBIT A**
**35**

challenged Writing the grounds why such designation is improper hereunder.  The parties will promptly confer pursuant to Local Rule 37-1 regarding such notice in a good faith effort to resolve the matter.  However, if an agreement is not reached within seven (7) days from the Designating Party's receipt of such notice, the Designating Party may within twenty-one (21) days from its receipt of the notice serve on the Objecting Party its portion of a Local Rule 37-1 joint stipulation on a motion for a protective order regarding the designation(s) in question.  The challenged CONFIDENTIAL designation(s) will be deemed to be removed from the information and/or document(s) in question only if: (a) the Designating Party fails within such time period to serve its portion of a joint stipulation on a motion for a protective order pursuant to Local Rule 37-1 or (b) if upon such motion the challenged designation(s) is/are not upheld by the Court.

12. 12. The Court will retain jurisdiction over all persons necessary to enforce this Order, and to modify this Order upon the application and demonstration of good cause by any person, even after the termination of these related actions.  The Court may impose a monetary sanction against any person who willfully violates this Order in an amount which the Court deems appropriate.  Additionally, if any person threatens to violate any provision of this Order, then any potentially aggrieved person may apply to the Court for injunctive relief and the respondent shall not assert as a defense that the potentially aggrieved person has an adequate remedy at law.

13. 13. Notwithstanding any other provision herein, and without prejudice to the right of any person to seek any additional protective order, this Order is not intended to be and shall not be construed as (1) a ruling on the admissibility of any Writing, (2) a waiver of any objection to the production or use of any Writing on grounds of confidentiality or otherwise, (3) a ruling requiring the production of any Writing, (4) a limitation on the right of any party to disclose a Protected Writing to any person who authored that Writing, or (5) a limitation on the right of

5

**EXHIBIT A**
**36**

1   any party or non-party witness to use in this action or otherwise any Writing that
2   she or it authored or obtained in any manner other than through a Document ///
3   Production, even if an original or duplicate of that Writing is produced in a
4   Document Production.

5   DATED:_____, 2006          FROSS ZELNICK LEHRMAN & ZISSU, P.C.
6                                        Roger L. Zissu
                                         James D. Weinberger
7                                        Justin Deabler
8                                        PERKINS LAW OFFICE, P.C.
                                         Patrick T. Perkins
9
                                                        -and-
10
11                                       WEISSMANN WOLFF BERGMAN
                                         COLEMAN GRODIN & EVALL LLP
12                                       Michael Bergman
                                         Anjani Mandavia
13                                       Adam Hagen

14
15                                       By:_____
                                              Anjani Mandavia
16
17                                       Attorneys for Defendants and Counterclaimant

18  DATED:_____, 2006          LAW OFFICES OF MARC TOBEROFF, PLC
                                         Marc Toberoff
19                                       Nicholas C. Williamson

20
21                                       By:_____
                                              Marc Toberoff
22
                                         Attorneys for Plaintiffs/Counterclaim-Defendants
23
24  SO ORDERED:

25  _____
26  Ralph Zaresfsky, U.S.M.J.
    IT IS SO STIPULATED.
27  OMM_US:70002273.2

28  Dated: September __, 2011    RESPECTFULLY SUBMITTED,

**EXHIBIT A**
**37**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

/s/ Marc Toberoff

Marc Toberoff

TOBEROFF & ASSOCIATES, P.C.

Attorneys for Defendants, Mark Warren Peary, as personal representative of the Estate of Joseph Shuster, Jean Adele Peavy, and Laura Siegel Larson, individually and as personal representative of the Estate of Joanne Siegel

/s/ Daniel Petrocelli

Daniel M. Petrocelli

O'MELVENY & MYERS LLP

Attorneys for Plaintiff DC Comics

JOINT STIPULATION RE:
DENNIS LARSON DOCUMENTS

**EXHIBIT A**
**38**

| Legend: |  |
| --- | --- |
| Insertion |  |
| Deletion |  |
| Moved from |  |
| Moved to |  |
| Style change |  |
| Format change |  |
| Moved deletion |  |
| Inserted cell |  |
| Deleted cell |  |
| Moved cell |  |
| Split/Merged cell |  |
| Padding cell |  |

| Statistics: |  |
| --- | --- |
|  | Count |
| Insertions | 127 |
| Deletions | 90 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 217 |

**EXHIBIT A**
**39**

# TOBEROFF & ASSOCIATES, P.C.

A PROFESSIONAL CORPORATION

2049 CENTURY PARK EAST, SUITE 3630
LOS ANGELES, CALIFORNIA 90067

MARC TOBEROFF*
NICHOLAS C. WILLIAMSON
KEITH G. ADAMS
JEFFREY R. RHOADS

* Also admitted in New York

TELEPHONE
(310) 246-3333

FACSIMILE
(310) 246-3101

mtoberoff@ipwla.com

October 13, 2011

Via E-Mail

Jason Tokoro
O'Melveny and Myers LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067

Re:    *DC Comics v. Pacific Pictures Corp., et al.*, Case No. 10-CV-03633 ODW (RZx)

Jason:

I write in response to your October 9, 2011 e-mail.

Your letter is based on the false premise that the Shuster defendants are withholding documents until the parties agree to a protective order. They are not. The Shusters produced documents – including the will sought by DC – on September 30, 2011, pursuant to Mr. Kline's agreement in his September 12, 2011 e-mail to treat such documents as protected by the protective order in *Siegel*.

DC's proposed changes to paragraph 4 of defendants' protective order are unacceptable. Protective orders need to be mutual. Defendants have already produced, directly and by designation, thousands of pages of documents; DC has produced nothing. DC's proposal would effectively eviscerate defendants' ability to maintain documents as confidential, while giving DC unlimited latitude to so designate documents.

DC's claim that "counsel have 'an obligation to review their confidentiality designations in light of the protective orders'" is a complete red herring. First, the confidentiality provisions of the protective order in *Siegel* do not just apply to that case, but extend to all future dealings of the parties. Second, the "confidentiality" definition in the proposed protective order is identical to the definition in the *Siegel* protective order. Third, if DC really believed that confidential documents produced in *Siegel* are no longer confidential, it could challenge any designation under the terms of both the prior and proposed protective orders.

Regardless, as no documents are being withheld on the basis of the absence of a protective order in this case, DC's proposal to submit competing briefs to Magistrate Zarefsky on this issue is

**TOBEROFF & ASSOCIATES, P.C.**

October 13, 2011
Re:     *DC Comics v. Pacific Pictures Corp.*
Page:   2 of 2

superfluous, and would amount to asking the Court for an advisory opinion.  There is no reason to further burden Magistrate Zarefsky with unnecessary motion practice in this case.

Nothing in this letter should be construed as a waiver or limitation of any of defendants' rights or remedies, all of which are reserved.

Very truly yours,

Keith Adams



# O'MELVENY & MYERS LLP

BEIJING
BRUSSELS
HONG KONG
LONDON
LOS ANGELES
NEWPORT BEACH
NEW YORK

1999 Avenue of the Stars, 7th Floor
Los Angeles, California  90067-6035

TELEPHONE  (310) 553-6700
FACSIMILE  (310) 246-6779
www.omm.com

SAN FRANCISCO
SHANGHAI
SILICON VALLEY
SINGAPORE
TOKYO
WASHINGTON, D.C.

October 14, 2011

OUR FILE NUMBER
905900-321

## VIA E-MAIL

WRITER'S DIRECT DIAL
(310) 246-6707

Keith Adams
Toberoff & Associates, P.C.
2049 Century Park East, Suite 3630
Los Angeles, California 90067

WRITER'S E-MAIL ADDRESS
jtokoro@omm.com

> **Re:**   *DC Comics v. Pacific Pictures Corp. et al.*, **CV-10-3633 (ODW) (RZx)**

Keith:

As you know, the documents in dispute in Siegel were not labeled confidential by your firm when produced. That means, under the terms of the Siegel protective order, they are not confidential. Your proposed revisions to the Shuster order illustrate this.

As for the Shuster case, we have written Marc about disparities between Ms. Peavy and Mr. Peary's testimony and the Peavy will that defendants produced. Your representation that no other documents exist on this subject only confirms and compounds the problem.

As for the protective order in this case, the attached redline shows the new and improper term that defendants added to the draft order that did not appear in the Siegel order. Courts, not the parties, must approve protective orders. Your draft adds a clause that notably you have been unable to cite any case law or other authority supporting.

As for DC's having produced no discovery, that is the result of a tactical choice defendants made to serve none.

All of DC's rights are reserved.

Very truly yours,

Jason H. Tokoro
for O'MELVENY & MYERS LLP

cc:    Daniel M. Petrocelli, Matthew T. Kline, Richard Kendall, Marc Toberoff

**EXHIBIT A**
**42**