# EXHIBIT B

# O'MELVENY & MYERS LLP

| | 1999 Avenue of the Stars, 7th Floor<br>Los Angeles, California  90067-6035 | |
|---|---|---|
| BEIJING | | SAN FRANCISCO |
| BRUSSELS | | SHANGHAI |
| HONG KONG | TELEPHONE  (310) 553-6700 | SILICON VALLEY |
| LONDON | FACSIMILE  (310) 246-6779 | SINGAPORE |
| LOS ANGELES | www.omm.com | TOKYO |
| NEWPORT BEACH | | WASHINGTON, D.C. |
| NEW YORK | | |

April 17, 2012

OUR FILE NUMBER
905900-321

**VIA E-MAIL & U.S. MAIL**

WRITER'S DIRECT DIAL
(310) 246-6840

Richard Kendall
Kendall Brill & Klieger LLP
10100 Santa Monica Boulevard, Suite 1725
Los Angeles, California 90067

WRITER'S E-MAIL ADDRESS
mkline@omm.com

Marc Toberoff
Toberoff & Associates, P.C.
22337 Pacific Coast Highway #348
Malibu, California 90265

Re:   *DC Comics v. Pacific Pictures Corp. et al.*, **CV-10-3633 (ODW) (RZx)**

Dear Counsel:

      We write regarding the Ninth Circuit's ruling today denying defendants' petition for a writ of mandamus and rejecting on the merits each of defendants' contentions. Now that "the Ninth Circuit has [had] the opportunity to weigh in," Docket No. 286 at 4, defendants must comply with the Court's orders compelling production of all communications with and documents disclosed to the U.S. Attorney's Office. *See* Docket Nos. 262; 309; 232; 310; *see also* Docket No. 210 at 10 (defendants' request that order be "stayed pending writ review"). Please confirm that you will produce these documents to us by 12:00 p.m. PDT on Thursday, April 19, 2012.

      If you do not agree, we will file an *ex parte* application to lift Judge Zarefsky's temporary stay on production of these documents. Pursuant to Local Rule 7-19, *ex parte* relief is warranted because, *inter alia*, DC has been severely prejudiced by defendants' continued refusal to produce documents they were compelled to produce almost one year ago; DC needs these documents as soon as possible to respond to defendants' SLAPP appeal; and to continue and resume needed discovery.

**EXHIBIT B**
**43**

O'MELVENY & MYERS LLP
Page 2

     Please let us know your position immediately. If you need to discuss this issue with us, we are available by phone.

                                              Very truly yours,

                                              Matthew T. Kline
                                              of O'MELVENY & MYERS LLP

cc:     Daniel M. Petrocelli, Esq.

**EXHIBIT B**
**44**

# EXHIBIT C

| | |
|---|---|
| **From:** | Keith Adams <kgadams@ipwla.com> |
| **Sent:** | Tuesday, April 17, 2012 9:19 PM |
| **To:** | Seto, Cassandra |
| **Cc:** | Tokoro, Jason; Pablo Arredondo; Kline, Matthew |
| **Subject:** | DC Comics v. Pacific Pictures Corp. |

Cassie:

Defendants ask that DC agree that documents produced under the 9th Circuit's decision today can be produced and designated as "Confidential" pursuant to the terms of the protective order in *Siegel*, Case No. 04-CV-08400 ODW (RZx), as DC has previously agreed to on multiple occasions. If DC is unwilling to agree to this simple procedure, we will have no choice but to seek a protective order.

Defendants reserve all rights.

Keith G. Adams
Toberoff & Associates, P.C.
22337 Pacific Coast Highway #348
Malibu, California 90265
Telephone: (310) 246-3333
Facsimile: (310) 246-3101
Email: kgadams@ipwla.com
http://www.ipwla.com

This message and any attached documents may contain information from
Toberoff & Associates, P.C. that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

# EXHIBIT D

# O'MELVENY & MYERS LLP

| | | |
|---|---|---|
| BEIJING | 1999 Avenue of the Stars, 7th Floor | SAN FRANCISCO |
| BRUSSELS | Los Angeles, California  90067-6035 | SHANGHAI |
| HONG KONG | | SILICON VALLEY |
| LONDON | TELEPHONE  (310) 553-6700 | SINGAPORE |
| LOS ANGELES | FACSIMILE  (310) 246-6779 | TOKYO |
| NEWPORT BEACH | www.omm.com | WASHINGTON, D.C. |
| NEW YORK | | |

April 18, 2012

OUR FILE NUMBER
905900-321

**VIA E-MAIL**

WRITER'S DIRECT DIAL
(310) 246-6840

Richard Kendall
Kendall Brill & Klieger LLP
10100 Santa Monica Boulevard, Suite 1725
Los Angeles, California 90067

WRITER'S E-MAIL ADDRESS
mkline@omm.com

Keith Adams
Toberoff & Associates, P.C.
22337 Pacific Coast Highway #348
Malibu, California 90265

    Re: <u>*DC Comics v. Pacific Pictures Corp. et al.*, **CV-10-3633 (ODW) (RZx)**</u>

Dear Keith and Dick:

  We write in response to Keith's email (enclosed) sent to a select few of us at 9:19pm last night, and in furtherance of Cassie's letter sent to this entire group at 4:58pm yesterday (enclosed as well). Defendants need to produce *this week* all of the documents they were ordered to produce in the Court's orders. *See, e.g.*, Docket Nos. 262; 309; 232; 310. These include all of the Timeline documents (and other materials) in the exact form defendants and their counsel provided them to the U.S. Attorney's office, as well as all of defendants' and their counsels' communications with the U.S. Attorneys' office over the past two years.

  The latter category of documents are not confidential, and should not be marked as such. Defendants publicly filed a sampling of such communications when it served their tactical interests, and all such communications must be produced now without any limitation.

  As for the former category of Timeline documents and any other shared materials, the courts have now repeatedly rejected any argument that any privilege or secrecy in those documents still obtains. DC needs to use the documents to find, interview, and examine witnesses, and many of the documents' contents are already disclosed in the Timeline cover memoranda or other non-confidential correspondence that have come to light, including Laura Larson's long-suppressed July 2003 letter to her half-brother, Michael, and Michael's long-suppressed May 2003 letter to Laura that preceded it. Defendants did not seek any confidential treatment of any of the Timeline documents in opposing DC's motion to compel or *ex parte*

**EXHIBIT D**
**46**

O'MELVENY & MYERS LLP
Page 2

application to clarify Judge Zarefsky's order requiring that the Timeline documents be produced. Nor did defendants raise this confidentiality concern in in their unsuccessful motion for review to Judge Wright or in their now-rejected Ninth Circuit briefs and filings. Such a demand for confidential treatment was waived long ago. *Cf.* Docket Nos. 269 at 5 n.3; 286 at 5; 361-2 at 48.

  All that being said, in interest of expediting matters, and without prejudice to any of DC's rights, if defendants produce all of the documents required in the time frame Cassie requested yesterday, DC will treat the Timeline documents (but not defendants and defense counsels' communications with the government) as confidential pending our review of the Timeline documents. We will let you know next week whether we agree that any of the Timeline documents should be treated as confidential. If you disagree with our positions, we can meet and confer next week on the issue, and you can file a motion for any protective order you seek, and we will agree to expediting briefing and hearing on the issue. In opposing any such motion, however—should one be necessary—we reserve all rights and arguments.

  If you disagree with this approach, we will file the *ex parte* application that Cassie noticed yesterday. As discussed in her letter, DC needs all of the documents immediately. DC cannot permit defendants to use belatedly raised confidentiality concerns that they waived last year to delay DC's access to these documents. Among other needs, DC needs to use of the documents in soon-to-be briefed appellate filings, briefs in the district proceedings, and for discovery purposes.

  Please call us if you have any questions. All of DC's rights and remedies are reserved.

        Very truly yours,

        Matthew T. Kline
        of O'MELVENY & MYERS LLP

cc: Daniel M. Petrocelli, Esq.
   Cassandra L. Seto, Esq.
   Defendants' Co-Counsel

Enclosures

**EXHIBIT D**
**47**

# EXHIBIT E

# TOBEROFF & ASSOCIATES, P.C.

A PROFESSIONAL CORPORATION

22337 PACIFIC COAST HIGHWAY #348
MALIBU, CALIFORNIA 90265

MARC TOBEROFF*
KEITH G. ADAMS
PABLO D. ARREDONDO*
NICHOLAS C. WILLIAMSON

TELEPHONE
(310) 246-3333

FACSIMILE
(310) 246-3101

* Also admitted in New York

kgadams@ipwla.com

April 19, 2012

Via E-Mail

Matthew Kline
Jason Tokoro
O'Melveny and Myers LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067

Re:   *DC Comics v. Pacific Pictures Corp., et al.*, Case No. 10-CV-03633 ODW (RZx)

Dear Matt:

I write in response to your April 17 and 18, 2012 letters demanding the immediate production "this week" of the Stolen Documents, and effectively refusing defendant's request that they be permitted to designate as "Confidential" documents produced under Magistrate Zarefky's May 25, 2011 Order pursuant to the terms of the protective order in *Siegel*.

As to the production of the documents, defendants are not compelled to produce these documents at this time. Under F.R.A.P. 40, defendants may petition for a panel rehearing or rehearing *en banc*. Defendants intend to seek panel rehearing and/or rehearing *en banc*.

Magistrate Zarefsky's May 25, 2011 Order states that the stay shall continue in effect until "*all* review is exhausted." Docket No. 262 at 4 (emphasis added). Magistrate Zarefsky's June 27, 2011 order similarly confirms that "[t]he stay would expire if the District Judge ruled in a manner contrary to this Court. It would not expire otherwise until review was exhausted." Docket No. 287 at 2. As review of this issue is not exhausted, and it is premature for DC to insist on the documents' immediate production.

Nor is there any basis for reconsideration of Magistrate Zarefsky's May 25 or June 27, 2011 stay orders. Your contention that "DC needs all the documents immediately … to use … in soon-to-be-briefed appellate filings" is erroneous as the record on appeal is limited to documents filed with the district court. *See Tonry v. Security Experts, Inc.*, 20 F.3d 967, 973-74 (9th Cir. 1994); F.R.A.P. 10(a); Circuit Rule 10-2. Moreover, defendants have yet to file their appeal brief in the Anti-SLAPP appeal, which is due April 24, 2012, and DC's brief is not due until May 24, 2012. There is no basis for DC's contemplated *ex parte* application, as Magistrate Zarefsky's order is crystal clear.

**EXHIBIT E**
**48**

**TOBEROFF & ASSOCIATES, P.C.**

April 19, 2012
Re:   *DC Comics v. Pacific Pictures Corp.*
Page:   2 of 2

As to the issue of the protective order, your position that Defendants' have "waived" the right to seek confidential protection as to these documents is not well-taken. Defendants have consistently taken the position that these documents are privileged, and thus confidential. Your assumption that any communications with the U.S. Attorneys' office are "not confidential" is also without basis.

In the event a panel rehearing or *en banc* rehearing is denied, and defendants pursue no other review, we will seek a protective order and produce the documents.

Nothing in this letter should be construed as a waiver or limitation of any of defendants' rights or remedies, all of which are reserved.

Very truly yours,

Keith Adams

**EXHIBIT E**
**49**