Marc Toberoff (State Bar No. 188547)
  *mtoberoff@ipwla.com*
Keith G. Adams (State Bar No. 240497)
  *kgadams@ipwla.com*
Pablo D. Arredondo (State Bar No. 241142)
  *parredondo@ipwla.com*

TOBEROFF & ASSOCIATES, P.C.
22337 Pacific Coast Highway, #348
Malibu, California, 90256
Telephone:  (310) 246-3333
Fax:            (310) 246-3101

Attorneys for Defendants Mark Warren Peary, as personal representative of the Estate of Joseph Shuster, Jean Adele Peavy, and Laura Siegel Larson, individually and as personal representative of the Estate of Joanne Siegel

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION**

| | |
|---|---|
| DC COMICS,<br><br>      Plaintiff,<br><br>   vs.<br><br>PACIFIC PICTURES CORPORATION; IP WORLDWIDE, LLC; IPW, LLC; MARC TOBEROFF, an individual; MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER; JEAN ADELE PEAVY, an individual; LAURA SIEGEL LARSON, individually and as personal representative of the ESTATE OF JOANNE SIEGEL, and DOES 1-10, inclusive,<br><br>      Defendants. | Case No: CV 10-03633 ODW (RZx)<br><br>Hon. Otis D. Wright II, U.S.D.J.<br>Hon. Ralph Zarefsky, U.S.M.J.<br><br>**DISCOVERY MATTER**<br><br>**DEFENDANTS' OBJECTION TO EXHIBITS G-I OF JASON TOKORO'S DECLARATION IN SUPPORT OF DC COMICS' REPLY IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND FOR RECONSIDERATION OF THE COURT'S JUNE 27, 2011 RULING**<br><br>Complaint filed:  May 14, 2010<br>Trial Date:  None Set |

1    For no other reason than to publicize privileged and confidential documents
2    stolen from opposing counsel's office before the Ninth Circuit has an opportunity to
3    rule on Defendants' pending petition for rehearing, DC attaches to its Reply nearly
4    one thousand pages of documents that have absolutely no bearing on the motion at
5    hand.  DC's aim can only be to harass Defendants, as these stolen communications
6    were obviously made with the expectation of privacy. It is well within the Court's
7    discretion to reject this underhanded tactic.  The Court's docket is not a vehicle for
8    DC to publicize a cache of documents irrelevant to any pending motion at issue.

9    That these **hundreds** of pages gratuitously attached to Tokoro's declaration are
10   not part of any "advocacy" is evidenced by the fact that exactly **two** of the pages are
11   actually referenced in their Reply (both in footnotes).  Exhibits H and I are not
12   referred to *at all*.  The vast majority of the attached pages are included *solely* to
13   publicize them against defendants' wishes.

14   Under Rule 11, a party cannot file papers "for any improper purpose, such as
15   to harass." F.R.C.P. 11.  The purpose of Rule 11 is "to enable district courts to deter
16   ….abusive pretrial tactics and to streamline litigation."  *Stewart v. Am. Int'l Oil &*
17   *Gas Co.*, 845 F.2d 196, 201 (9th Cir. 1988); see also *Townsend v. Holman Consulting*
18   *Corp.*, 929 F.2d 1358, 1364 (9th Cir. 1990) (noting "the Rule's central purpose of
19   deterring abusive litigation tactics.")

20   DC is well aware that the stolen documents are sensitive and confidential. In
21   moving for a protective order, Defendants noted that DC would likely engage in the
22   gratuitous publication of these documents. Docket No. 420 at 2. DC retorted that this
23   was a "conspiracy theory." Docket 422 at 11.  Yet, with hours of receiving these
24   documents, DC immediately attached every single stolen document to a *reply* on a
25   discovery matter, without any even colorable justification.

26   Clearly, DC does not intend the Court to review nearly a thousand pages of
27   documents in the one week before the hearing.  Rather, DC is motivated by a desire
28   to ensure that, even if the Ninth Circuit modifies or reverses its ruling, the prejudice

to Defendants will be irreversible.  This is precisely the type of abusive misuse of the legal system that Rule 11 was designed to combat.

Striking all but those portions of the stolen documents that DC cites in its Reply will prejudice neither party.  DC will continue to have the opportunity to use those of documents that are relevant to its position; the prejudice to Defendants in the event the Ninth Circuit reverses will be somewhat diminished; and DC's untoward aim of harassing Defendants by the unnecessary, wholesale publication of hundreds of private documents will be properly curtailed.

Defendants respectfully request that the Court strike and expunge from the record all of Exhibits G-I attached to Jason Tokoro's Declaration In Support Of DC Comics' Reply In Support Of Motion To Compel Production of Documents and For Reconsideration Of The Court's June 27, 2011 Ruling save for the two pages (412 and 1149) that are referenced in DC's Reply.

Dated:  May 17, 2012        RESPECTFULLY SUBMITTED,

_____
Marc Toberoff
TOBEROFF & ASSOCIATES, P.C.

Attorneys for Defendants
Mark Warren Peary, as personal representative of the Estate of Joseph Shuster, Jean Adele Peavy, and Laura Siegel Larson, individually and as personal representative of the Estate of Joanne Siegel