**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DC COMICS,<br><br>                    Plaintiff,<br><br>        vs.<br><br>PACIFIC PICTURES CORPORATION, ET AL.,<br><br>                    Defendants. | CASE NO. CV 10-03633 ODW (RZx)<br><br>ORDER ON PLAINTIFF'S (1) MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND FOR RECONSIDERATION OF THE COURT'S JUNE 27, 2011 RULING; AND (2) MOTION TO ENFORCE COURT'S FEBRUARY 13, 2012 ORDER |

This matter comes before the Court on two discovery motions by Plaintiff DC Comics. The Court finds that oral argument will not significantly advance the resolution of the disputes. The hearing set for Tuesday, May 29, 2012 is vacated. FED. R. CIV. P. 78; L.R. 7-15.

**(1)    Plaintiff's Motion to Compel the Production of Documents and for Reconsideration of the Court's June 27, 2011 Ruling**

Inasmuch as the June 27, 2011 ruling was premised, in part at least, on the understanding that the November 2, 2002 letter did not exist, and it now appears that it does, the Court grants reconsideration of its June 27, 2011 ruling, and will revisit whether that document should be produced.

Not later than June 1, 2012, Defendants shall submit the following documents to the Court for *in camera* inspection:

1. The November 17, 2001 e-mail from Mr. Toberoff to Mr. Michael Siegel;
2. Unredacted versions of Mr. Bulson's billing records and calendars; and
3. The November 2, 2002 letter.

The Court will determine if these documents are to be produced after reviewing them *in camera*.

Defendants shall produce to Plaintiff a copy of the Renner Otto expert report, if they have it in their possession. If they do not have it in their possession, they shall so state to Plaintiff, simply and directly.

**(2)   DC Comics' Motion to Enforce Court's February 13, 2012 Order**

DC Comics moves to enforce this Court's order of February 13, 2012. On that day, the Court had before it a motion to compel a further deposition, as well as a motion to compel production of documents. The Court largely denied the motion to compel production of documents, which had numerous requests. Three of those requests (one for each of three companies) sought a variety of documents, addressed to various aspects of the capital of the three companies. Here, too, the Court largely denied the motion to compel, but it granted a limited portion of that motion, limiting its order to capital accounts. It was the Court's intention to restrict the scope of the request, not to enlarge it or to approve it in its most fulsome reading, which would have required the production of large amounts of material. That order long since has become final.

The Court and the parties have a responsibility to make sure that discovery is somewhat proportional to the issues in the lawsuit and does not create undue burden or harassment. Such an obligation inheres in the nature of the litigation process, and also is described in FED. R. CIV. P. 26(b)(2)(C). The routine alter ego allegations in the pleadings

should not take over this lawsuit. By the same token, DC Comics is entitled to know who capitalized the companies, and in what amounts.

From the submissions of the parties, it appears to the Court that Defendants have complied with this Court's order to produce documents that evidence capital accounts, except that the Court was not asked to authorize, and did not authorize, the redaction of documents that might show material relevant to the capitalization accounts. Accordingly, the redactions shall be removed and DC Comics shall treat the material as confidential, following the protocol adopted by the parties for other confidential matters. Otherwise, DC Comics' motion to enforce is denied. DC Comics' request for attorney's fees also is denied.

DATED: May 25, 2012

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE