O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DC COMICS, | CASE NO. CV 10-03633 ODW (RZx) |
| Plaintiff, | |
| vs. | ORDER RE DOCUMENTS REVIEWED *IN CAMERA* |
| PACIFIC PICTURES CORPORATION, ET AL. | |
| Defendants. | |

On May 25, 2012, the Court ordered Defendants to submit certain documents for *in camera* review. The Court has reviewed them, and makes the following rulings:

**1. Printout of November 17, 2001 email from "Mtoberoff@aol.com" to "msiegel@core.com".**

This is a one-page document, with a one-page attachment. The subject line of the e-mail reads "Your Rights," and before any text appear the words "Privileged & Confidential." The subject matter of the e-mail concerns legal rights and potential representation of Michael Siegel.

The email is protected by the attorney-client privilege.

The Court sees no waiver of the privilege. The print-out comes from Mr. Siegel's files after those were sent to counsel for Defendants. The Court accepts the

representation that the email was from a discontinued email account and thus not readily available for production earlier.

The motion to compel is denied as to this document.

### 2. Bulson calendar entries and billing statements.

Defendants state that they have no calendar entries. If they have no calendar entries, they cannot produce them.

Defendants produced redacted billing records to Plaintiff and submitted unredacted records to the Court, identified as Exhibit B-4 through B-35. The Court has reviewed them carefully. Plaintiff asked for (and only would be entitled to receive) non-privileged entries, and the Court understands the privileges to be those which were held by Mr. Bulson's client Michael Siegel, privileges that survived Mr. Siegel's death. *Swidler & Berlin v. United States*, 524 U.S. 399 (1998). Billing records may be discoverable if the references do not reveal the sorts of things protected by privilege, such as motivation for consulting, legal strategy, or the specific nature of work performed. Information such as the name of the client, the case name, the amount of the fee, and the general nature of services is not protected. *Clarke v. American Commerce National Bank*, 974 F.2d 127 (9th Cir. 1982). The cases are not completely helpful in determining what is a "general" as opposed to a "specific" listing of services. Reference to particular statutes researched is protected information, for example, *see Chaudry v. Gallirizzo*, 174 F.3d 394 (4th Cir. 1999), but descriptions that are more generic, such as "reviewed client correspondence" or "drafted client correspondence" are not. *Avgoustis v. Shinseki*, 639 F.3d 1340 (Fed. Cir. 2011). The Court assumes that specific listing of services, such as "drafted memo re [subject] for [client]" would, under these authorities, be protected information.

It appears to the Court that many entries here do deserve protection, and many do not. Thus, Defendant is entitled to do some redacting. Although Defendants' understanding that Plaintiff sought only the entries relating to meetings or communications with Mr. Toberoff is a plausible interpretation of some of the correspondence between

counsel, in fact Plaintiff sought a slightly more broad production, first in its subpoena to Mr. Bulson, then in requests at the deposition that were clarified through correspondence.

In an effort to shorten matters as much as possible, the Court has reviewed the unredacted documents and — in what the Court assures the parties will *not* be the usual course of business — has gone line-by-line in an effort to determine what is privileged and what is not, with the understanding that responsiveness extends to the non-privileged portions of the billing statements. Under that construct, the Court authorizes Defendants to make the following redactions:

| | | | |
|---|---|---|---|
| | B-4 | 10/24/2001 | Redact the words before "letter to Mike Siegel" |
| | | 10/25/2001 | Redact the words after "Siegel" |
| | | 11/21/2001 | Redact the entry |
| | | 11/29/2001 | Redact the entry |
| | | 1/23/2002 | Redact the entry |
| | B-5: | 2/11/2002 | redact the words after "Toberoff" |
| | | 2/23/2002 | redact the entry |
| | | 3/12/2002 | redact the entry |
| | | 3/14/2002 | redact the words after "Siegel" |
| | B-6 | 7/15/2002 | redact the entry |
| | | 7/19/2002 | redact the words before "tel. conf. with Mike Siegel" |
| | B-7 | 10/1/2002 | redact the entry |
| | | 11/11/2002 | redact the words before "place call to Toberoff" |
| | B-8 | 11/25/2002 | redact the entry |
| | | 1/22/2003 | redact the entry |

| | | | |
|---|---|---|---|
| | B-9 | 4/14/2003 | redact the entry |
| | | 5/7/2003 | redact the entry |
| | | 5/12/2003 | redact the entry |
| | | | |
| | B-10 | 6/10/2003 | redact the entry |
| | | 6/17/2003 | redact the entry |
| | | 6/18/2003 | redact the entry |
| | | 6/19/2003 | redact the entry |
| | | 7/14/2003 | redact the entry |
| | | 8/11/2003 | redact the entry |
| | | | |
| | B-11 | 4/9/2004 | redact the entry |
| | | 4/12/2004 | redact the entry |
| | | 4/15/2004 | redact the entry |
| | | 4/16/2004 | redact the entry |
| | | 4/19/2004 | redact the entry |
| | | 4/20/2004 | redact the entry |
| | | | |
| | B-12 | 10/13/2004 | redact the words before "tel. Confs. With Marc Toberoff" |
| | | | |
| | B-13 | 11/4/2004 | Redact the entry |
| | | 11/12/2004 | Redact the entry |
| | | | |
| | B-14 | 8/2/2005 | Redact the entry |
| | | 8/3/2005 | Redact the entry |
| | | | |
| | B-15 | 11/21/2001 | Redact the entry |

|     |       |            |                                                                    |
|-----|-------|------------|--------------------------------------------------------------------|
| 1   |       | 11/29/2001 | Redact the entry                                                   |
| 3   | B-16  | 7/15/2002  | Redact the entry                                                   |
| 4   |       | 7/19/2002  | Redact the entry                                                   |
| 6   | B-17  | 11/26/2002 | Redact the entry                                                   |
| 8   | B-18  | 1/22/2003  | Redact the entry                                                   |
| 10  | B-20  | 4/14/2003  | Redact the entry                                                   |
| 12  | B-21  | 5/7/2003   | Redact the entry                                                   |
| 13  |       | 5/12/2003  | Redact the entry                                                   |
| 15  | B-22  | 6/10/2003  | Redact the entry                                                   |
| 16  |       | 6/17/2003  | Redact the entry                                                   |
| 17  |       | 6/18/2003  | Redact the entry                                                   |
| 19  | B-23  | 7/14/2003  | Redact the entry                                                   |
| 21  | B-24  | 2/11/2002  | Redact the words after "Toberoff"                                  |
| 22  |       | 2/23/2002  | Redact the entry                                                   |
| 24  | B-28  | 10/13/2004 | Redact the words before "tel. confs. With Marc Toberoff"           |
| 26  | B-29  | 11/4/2004  | Redact the entry                                                   |
| 27  |       | 11/12/2004 | Redact the entry                                                   |

          <u>B-30</u>   3/12/2002   Redact the entry

                   3/14/2002   Redact the entry

Documents in redacted form shall be produced within seven days.

        **3.**        **Letter of November 2, 2002 from Laura Siegel Larson to Michael Siegel.**

        This letter does not fit within the attorney-client privilege, or the joint defense component of that privilege. Accordingly, the motion to compel is granted as to this letter, and it shall be produced within seven days.

        IT IS SO ORDERED.

        DATED:   June 21, 2012

 

                                                      _____  
                                                            RALPH ZAREFSKY  
                                                     UNITED STATES MAGISTRATE JUDGE