Marc Toberoff (State Bar No. 188547)
 mtoberoff@ipwla.com
Pablo D. Arredondo (State Bar No. 241142)
 parredondo@ipwla.com
TOBEROFF & ASSOCIATES, P.C.
22337 Pacific Coast Highway #348
Malibu, California 90265
Telephone:  (310) 246-3333
Fax:         (310) 246-3101

Attorneys for Defendants Mark Warren
Peary, as personal representative of the
Estate of Joseph Shuster, Jean Adele Peavy,
and Laura Siegel Larson, individually and
as personal representative of the Estate of
Joanne Siegel

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| DC COMICS,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>PACIFIC PICTURES CORPORATION;<br>IP WORLDWIDE, LLC; IPW, LLC;<br>MARC TOBEROFF, an individual;<br>MARK WARREN PEARY, as personal<br>representative of the ESTATE OF<br>JOSEPH SHUSTER; JEAN ADELE<br>PEAVY, an individual; LAURA<br>SIEGEL LARSON, individually and as<br>personal representative of the ESTATE<br>OF JOANNE SIEGEL,<br>and DOES 1-10, inclusive,<br><br>　　　　　　Defendants. | Case No: CV 10-03633 ODW (RZx)<br><br>Hon. Otis D. Wright II, U.S.D.J.<br>Hon. Ralph Zarefsky, U.S.M.J.<br><br>**DECLARATION OF PABLO D.<br>ARREDONDO IN SUPPORT OF<br>DEFENDANT'S MOTION TO<br>COMPEL INTERROGATORY<br>RESPONSES**<br><br>Complaint filed:  May 14, 2010<br>Trial Date:  None Set<br><br>Hearing Date: August 13, 2012<br>Time:   10:00 a.m. |

## DECLARATION OF PABLO D. ARREDONDO

I, Pablo D. Arredondo, declare as follows:

1.  I am an attorney at the law firm of Toberoff & Associates, P.C., counsel of record for defendants Mark Warren Peary, as personal representative of the Estate of Joseph Shuster, Jean Adele Peavy, and Laura Siegel Larson, individually and as personal representative of the Estate of Joanne Siegel, in the above-captioned action, and submit this declaration in support of Defendant's Motion To Compel Interrogatory Responses.  I am a member in good standing of the State Bar of California and am admitted to practice before this Court.

2.  Attached hereto as Exhibit "A" is a true and correct copy of a letter dated March 8, 2012 sent from my former colleague Keith Adams to Matthew Kline, counsel for DC Comics.

3.  Attached hereto as Exhibit "B" is a true and correct copy of a letter dated March 15, 2012 sent from Jason Tokoro, counsel for DC Comics, to Keith Adams.

4.  On March 16, 2012, Keith Adams and I met-and-conferred with Cassandra Seto, counsel for DC Comics, and Jason Tokoro.

5.  Attached hereto as Exhibit "C" is a true and correct copy of Plaintiff DC Comics' Responses and Objections To Defendant Mark Warren Peary's First Set of Interrogatories, which was served on counsel for defendants on February 17, 2012.

6.  Attached hereto as Exhibit "D" is a true and correct copy of a 1992 Agreement between DC Comics, and Frank Shuster, and Jean Peavy.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed on July 13, 2012, at Malibu, California.

_____

Pablo D. Arredondo

# TOBEROFF & ASSOCIATES, P.C.

A PROFESSIONAL CORPORATION

22337 PACIFIC COAST HIGHWAY #348

MALIBU, CALIFORNIA 90265

MARC TOBEROFF*
KEITH G. ADAMS
PABLO D. ARREDONDO*
JEFFREY R. RHOADS
NICHOLAS C. WILLIAMSON

* Also admitted in New York

TELEPHONE
(310) 246-3333

FACSIMILE
(310) 246-3101

kgadams@ipwla.com

March 8, 2012

<u>Via E-Mail</u>

Matthew Kline
O'Melveny and Myers LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067

Re:    <u>*DC Comics v. Pacific Pictures Corp., et al.*, Case No. 10-CV-03633 ODW (RZx)</u>

Dear Matt:

Pursuant to Local Rule 37-1, we request a conference to discuss Plaintiff DC Comics' deficient Objections and Responses to Defendant Mark Warren Peary's First Set of Interrogatories and First Set of Requests for Production. We suggest either Wednesday, March 14, or Friday, March 16.

## Boilerplate Objections

DC's responses to both the interrogatories and the requests for production improperly rely on general, boilerplate objections. Specifically, DC makes no specific showing as to why any of the discovery is "overbroad, unduly burdensome, and oppressive," an objection made by DC in response to every single request and interrogatory. *A Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006). DC's blanket "vagueness" and "ambiguity" objections, also made in response to all of the requests and interrogatories, are equally insufficient. *Marchland v. Mercy Med. Ctr.*, 22 F.3d 933, 938 (9th Cir. 1994).

## Interrogatories 1-4

Interrogatories Nos. 1-3 requested that you identify all communications between you and Mark Warren Peary, Jean Adele Peavy, and Frank Shuster. Interrogatory No. 4 requested that DC identify all communications with Joseph Shuster regarding its rights in and to Superman.

DC's responses to all four of these requests are wholly inadequate. With respect to all non-written communications, the responses are deficient because they lack even the most basic identifying details such as approximate dates, subject matter, or the persons involved in such

**EXHIBIT A-2**

**TOBEROFF & ASSOCIATES, P.C.**

March 8, 2012
Re:     *DC Comics v. Pacific Pictures Corp.*
Page:   2 of 3

conversations. *See Nickerman v. Remco Hydraulics, Inc.*, 2007 WL 3407437 at *3 (N.D. Cal. Nov. 13, 2007) (responses deficient where they lacked "basic specific details" such as dates). DC responded to these interrogatories with nothing more than sweeping and indefinite statements, such as the comment that "[r]epresentatives from DC, including Paul Levitz, had non-written communications … over the years." Such a statement does nothing to identify the conversations between DC and the relevant party.

With respect to Interrogatory No. 4, DC also states that it "will ***not*** search and review every record or source of information within its possession, custody or control in an effort to locate 'all' [responsive documents]" (emphasis added). First, DC is not entitled to unilaterally pick and choose the sources of information it reviews in response to an interrogatory; rather, DC must provide a full response based on the information in its possession. Second, DC's response gives no indication of which "sources" or records it did or will search. Given DC's stated position, it is imperative that defendants fully understand the contours of DC's search efforts. Accordingly, please provide a detailed description of such efforts to date, including but not limited to which "sources of information" have been searched, which have not been searched, and why.

**Interrogatory No. 5**

Interrogatory No. 5 requests that DC "[i]dentify all communications between you and any third-party that referred to the 1992 Agreement." DC improperly cites to the entirety of the record in this action and the *Siegel* action in response to this interrogatory, a response that does not answer the request in any intelligible fashion. This is a narrow, non-objectionable interrogatory directed at a very specific topic, and there is no basis for DC's effective failure to specifically respond.

**References to Entirety of Record**

DC's responses to defendant's interrogatories repeatedly reference the entirety of the record in this action and in *Siegel*. This is improper and is equivalent to offering no response at all. *Landon v. Ernst & Young LLP*, 2009 U.S. Dist. LEXIS 119387, 7-8 (N.D. Cal. Dec. 2 2009) (rejecting responses that include reference to entire production in related matter); *Scaife v. Boenne*, 191 F.R.D. 590, 594 (N.D. Ind. 2000); *Walker v. Lakewood Condo. Owners Ass'n*, 186 F.R.D. 584, 587 (C.D. Cal 1999). DC must provide responses that do not improperly reference the entirety of the records in this and the *Siegel* action.

**Request for Production No. 20**

Defendant's Request No. 20 seeks communications with third parties that refer to this lawsuit or to either of the *Siegel* cases. It excludes communications with parties to this lawsuit and pleadings filed in this suit or any *Siegel* action. After a string of boiler-plate objections, DC merely responds that it "agrees to meet-and-confer in an effort to reasonably narrow this Request." However, this basic request is not objectionable, and DC provides no explanation whatsoever to support any of its routine objections.

**EXHIBIT A-3**

**TOBEROFF & ASSOCIATES, P.C.**

March 8, 2012
Re:      *DC Comics v. Pacific Pictures Corp.*
Page:   3 of 3

## Request for Production Nos. 6-8, 12, 13, 18, 19, 27-29

These requests all relate to the documents in DC's possession, custody or control that bear on the 1992 Agreement.  DC's responses to these requests again rely on insufficient boilerplate objections and improper reference to the entirety of the litigation record.  Moreover, DC's document production contains notable gaps – for example, no internal "drafts" of the 1992 Agreement were produced, even though such documents would clearly have been responsive to defendant's discovery requests.  RFP No. 6 ("All drafts of the 1992 Agreement").  In light of DC's improper responses, it is impossible for defendants to determine whether all responsive documents have been produced by DC.  Please confirm that, notwithstanding DC's improper objections, all non-privileged documents responsive to these requests have been produced, and that no documents have been withheld on the basis of DC's objections.

For the above stated reasons, defendant Peary will move to compel supplemental responses to these discovery requests in the event DC does not resolve these issues.  Please let us know if you are available to meet-and-confer on Thursday March 15, or Friday, March 16, 2012.

Nothing in this letter should be construed as a waiver or limitation of any of defendants' rights or remedies, all of which are reserved.

Very truly yours,

Keith G. Adams

**EXHIBIT A-4**

# O'MELVENY & MYERS LLP

BEIJING

BRUSSELS

HONG KONG

LONDON

LOS ANGELES

NEWPORT BEACH

NEW YORK

1999 Avenue of the Stars, 7th Floor
Los Angeles, California  90067-6035

TELEPHONE  (310) 553-6700
FACSIMILE  (310) 246-6779
www.omm.com

SAN FRANCISCO

SHANGHAI

SILICON VALLEY

SINGAPORE

TOKYO

WASHINGTON, D.C.

March 15, 2012

OUR FILE NUMBER
905900-321

WRITER'S DIRECT DIAL
(310) 246-6707

WRITER'S E-MAIL ADDRESS
jtokoro@omm.com

**VIA E-MAIL**

Marc Toberoff
Keith Adams
Toberoff & Associates, P.C.
22337 Pacific Coast Highway #348
Malibu, CA 90265

Re:   _DC Comics v. Pacific Pictures Corp. et al._, CV-10-3633 (ODW) (RZx)

Dear Keith:

We write in response to your letter of March 8, concerning DC's responses to defendant Mark Warren Peary's First Set of Interrogatories and First Set of Requests for Production of Documents.  We look forward to discussing defendants' issues with you on Friday, March 16 at 12:30 p.m.  Some of the information you request, assuming we can reach an agreement on what DC might be willing to gather, will take additional time to gather and furnish.

1.  <u>DC's Objections to Peary's Discovery</u>.  There is no merit to defendants' claim that DC's responses rely on general boilerplate objections.  DC specifically identified why Peary's requests were objectionable.  _E.g.,_ DC's Response to Interrogatory No. 1 ("DC objects to the definition of 'YOU' as vague and overbroad and will respond to this term as limited to the relevant representatives at DC and Warner Bros. Entertainment Inc.  DC objects to the definition of 'COMMUNICATION' as overbroad to the extent it encompasses the transmission of information orally, by telephone, or through gesture. …").  In accordance with Judge Zarefsky's January 24, 2012, order, Docket No. 365 at 2, and unlike defendants' responses to DC's discovery requests, DC did not assert general objections and did not incorporate by reference such objections in its specific responses. If you have some other issue with DC's objections, please specifically identify and clarify it.

Further, DC pointed out that defendants previously objected to the definitions of "IDENTIFY" and "RELATE" in DC's requests as impermissibly overbroad, yet used those same terms in defendants' own requests.  Notwithstanding defendants' objections, DC responded to Peary's interrogatories and requests for production based on defendants' use of these same terms and acknowledgement that DC's use of the terms was proper.  Please confirm that defendants

**EXHIBIT B-5**

O'MELVENY & MYERS LLP
March 15, 2012 - Page 2

have abandoned these objections and will supplement their previous discovery responses accordingly by no later than March 30, 2012.

2. <u>Interrogatory Nos. 1-4</u>. Defendants claim they are entitled to details (*i.e.*, approximate dates, subject matter, or the persons involved) concerning non-written communications between DC and Mark Warren Peary, Jean Adele Peavy, Frank Shuster, and Joseph Shuster. Defendants successfully resisted providing exactly this type of information in response to DC's interrogatories concerning the Toberoff Timeline. Docket Nos. 211, 262. Most recently, defendants refused to provide these types of details in response to DC's interrogatories to Toberoff, as set forth in our March 6, 2012, letter. Defendants cannot have it both ways.

The relationship between DC and the Shusters, moreover, has spanned more than 70 years, and DC cannot be expected to provide details for every conversation that ever occurred between them, including conversations over seven decades old. DC objected to the scope of Interrogatory Nos. 1-4 as the requests are indefinite as to time and defendants have proposed no narrowing or specific theories of relevance as to given time periods or communications. Once you do so, we will consider amending our responses or other compromises to provide you reasonable discovery that defendants may seek.

Any such agreement must be made against the backdrop of defendants' discovery responses. For example, the period covered by the U.S. Attorney's Office's investigation into the Toberoff Timeline covered a brief four-month period, yet defendants refused to provide the level of detail they now demand. If defendants agree to provide the same level of detail in their own interrogatory responses that they are now requesting from DC, DC is willing to meet and confer to come to a reasonable compromise.

Finally, DC conducted a reasonable and diligent search and investigation in responding to Peary's interrogatories, and defendants have shown no reason why DC's efforts did not comply with its discovery obligations. DC is not required by the federal rules to conduct a search of *all* documents in its possession to adequately respond to Peary's interrogatories, including documents that have no relevance to claims in this case or Superman. If you want to have a discussion about DC's search efforts, we are prepared to have one this Friday, and if the specific further details you request are appropriate and relevant, DC is willing to consider furnishing them, though we note that defendants have consistently refused to provide a similar accounting.

3. <u>Interrogatory No. 5</u>. Defendants suggest that DC's response to Interrogatory No. 5 is deficient because DC identified too many documents. First, defendants ignore DC's objections to the interrogatory as being vague, overbroad, and unduly burdensome. Second, Interrogatory No. 5 requests that DC identify "*all* COMMUNICATIONS" with third parties that refer to the 1992 Agreement. Peary Interrogatory No. 5. In the time allowed, DC endeavored to identify *all* responsive documents, but now defendants suggest that the "all" DC sought to provide was too much, and it was not "all" that defendants really wanted despite asking for it. DC remains willing to meet and confer on this request, if you wish to do so.

**EXHIBIT B-6**

O'MELVENY & MYERS LLP
March 15, 2012 - Page 3

    4.  <u>Referencing the Responsive Record in this Case and *Siegel*</u>.  Defendants' demand that DC restrict its responses to certain interrogatories—which defendants do not identify—by limiting its reference to the record in this case and *Siegel*.  DC believes defendants are referring to DC's responses to Interrogatory Nos. 9-15, which request that DC identify "*any evidence*" that supports certain allegations in DC's complaint.  Defendants should have expected that with such a broad request, DC would identify relevant briefing and deposition testimony in this case and in *Siegel*.  DC is willing to discuss this issue and narrow its responses assuming we can reach an agreement on what information DC needs to produce and that DC will not waive any arguments by limiting its responses per defendants' instructions.  It will take some additional time for DC to narrow its responses, if we do reach an agreement.

    5.  <u>Requests for Production No. 20</u>.  Defendants have made no proposal for narrowing this request, have not identified or shown how the requested documents are relevant to any claims in this case, and apparently decline DC's offer to meet and confer on this issue.  Let us know if we are misreading your letter.  If so, we remain ready and willing to discuss the issue.

    6.  <u>Requests for Production Nos. 6-8, 12, 13, 18, 19, 27-29</u>.  Defendants' complaints regarding DC's responses to Requests for Production Nos. 6-8, 12, 13, 18, 19, and 27-29 are unclear.  Defendants complain that DC's responses rely on boilerplate objections *and* reference to the entirety of the litigation record.  First, as shown above, DC has not asserted boilerplate objections to any of Peary's discovery requests and disputes defendants' mischaracterization of its responses.  Second, DC's responses to Requests for Production Nos. 6-8, 13, 18, and 19, do not reference the record in this case and in *Siegel*, but, instead, respond that DC will produce all responsive, non-privileged documents, as it has done.  Finally, as discussed in paragraph 4 above, if defendants want to narrow their requests, DC is willing to discuss narrowing its responses and references to the record in this case and in *Siegel* in response to Requests for Production Nos. 12 and 27-29, assuming we can reach a reasonable compromise on these points.

    Defendants speculate that responsive documents are being withheld by DC because of claimed "notable gaps" in the document production.  Defendants identify a single category of documents as an example of these purported "gaps": drafts of the 1992 agreement.  There is no "gap" in DC's production.  DC objected on grounds of privilege to defendants' request for drafts of the 1992 agreement and did not agree to produce such documents.  DC listed the drafts of the 1992 agreement and related documents in its privilege logs provided to defendants in *Siegel more than five years ago*, and have consistently asserted attorney-client privilege over the documents.  Defendants never once challenged those privilege designations.  Defendants have identified no other "gaps"; nor do any exist to our knowledge.

*     *     *

    As noted, we are available to meet and confer regarding DC's responses on Friday, March 16 at 12:30 p.m.—the same time we will be conferring on defendant Marc Toberoff's deficient responses to DC's second set of interrogatories.

**EXHIBIT B-7**

O'MELVENY & MYERS LLP
March 15, 2012 - Page 4

All of DC's rights and remedies are hereby reserved.

Very truly yours,

/s/ Jason H. Tokoro

Jason H. Tokoro
for O'MELVENY & MYERS LLP

cc:     Daniel M. Petrocelli, Esq.
        Matthew T. Kline, Esq.
        Richard Kendall, Esq.

**EXHIBIT B-8**

1   DANIEL M. PETROCELLI (S.B. #097802)
      dpetrocelli@omm.com
2   MATTHEW T. KLINE (S.B. #211640)
      mkline@omm.com
3   CASSANDRA L. SETO (S.B. #246608)
      cseto@omm.com
4   O'MELVENY & MYERS LLP
    1999 Avenue of the Stars, 7th Floor
5   Los Angeles, CA  90067-6035
    Telephone:  (310) 553-6700
6   Facsimile:   (310) 246-6779

7   PATRICK T. PERKINS (admitted *pro hac vice*)
      pperkins@ptplaw.com
8   PERKINS LAW OFFICE, P.C.
    1711 Route 9D
9   Cold Spring, NY 10516
    Telephone:  (845) 265-2820
10  Facsimile:   (845) 265-2819

11  Attorneys for Plaintiff DC Comics

12              UNITED STATES DISTRICT COURT

13             CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 14   DC COMICS, | Case No. CV 10-3633 ODW (RZx) |
| 15           Plaintiff, | **PLAINTIFF DC COMICS' OBJECTIONS AND RESPONSES TO DEFENDANT MARK WARREN PEARY'S FIRST SET OF INTERROGATORIES** |
| 16           v. | |
| 17   PACIFIC PICTURES CORPORATION, IP WORLDWIDE, LLC, IPW, LLC, MARC TOBEROFF, an individual, MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER, JEAN ADELE PEAVY, an individual, LAURA SIEGEL LARSON, an individual and as personal representative of the ESTATE OF JOANNE SIEGEL, and DOES 1-10, inclusive, | Hon. Otis D. Wright II |
| 18 | Complaint Filed:  May 14, 2010 |
| 19 | Trial Date:       None Set |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24           Defendants. | |

25  PROPOUNDING PARTY:      Mark Warren Peary

26  RESPONDING PARTY:       DC Comics

27  SET NUMBER:             One (Nos. 1-15)

28

1    Pursuant to Federal Rule of Civil Procedure 33, plaintiff DC Comics ("DC")

2    hereby objects and responds to defendant Mark Warren Peary's ("Peary") First Set

3    of Interrogatories (the "Interrogatories").

4    **PRELIMINARY STATEMENT**

5    DC's Objections and Responses to Defendant Mark Warren Peary's First Set

6    of Interrogatories ("Responses") are based on the information currently known to

7    DC.  These Interrogatories, along with Mr. Peary's contemporaneously served

8    Requests for Production, represent the first discovery served by defendants in this

9    action, and defendants have only recently served their Answer in this case.  DC has

10   attempted to investigate diligently and respond as best it can to these

11   Interrogatories.  Many of the interrogatories are addressed by reference to DC's

12   complaint and attached exhibit (Docket No. 49, Docket No. 49 Ex. A), all briefing

13   in this action—including, but not limited to, the briefing and exhibits filed in

14   connection with defendants' Rule 12 and SLAPP motions (Docket Nos. 30, 30-1 to

15   30-5, 31, 31-1, 31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2, 35, 36, 75, 75-1 to 75-5,

16   76, 77, 77-1 to 77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4, 81, 89, 90, 91, 92, 93,

17   94, 94-1 to 94-40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100, 100-1 to 100-3, 102, 102-

18   1, 103, 103-1, 106, 107, 108, 146, 146-1 to 146-4, 147, 147-1 to 147-3, 148, 148-1

19   to 148-5, 149, 150, 151, 154, 156, 181, 182, 182-1 to 182-40, 183, 183-1 to 183-4,

20   184, 185, 186, 191, 191-1, 192, 192-1 to 192-3, 193, 193-1 to 193-2, 194, 195, 195-

21   1, 196, 196-1 to 196-4, 201, 202, 203, 304, 305-1 to 305-59, 306 (errata), 307, 308,

22   312, 312-1 to 312-2, 313, 314, 314-1 to 314-3, 333, 333-1 to 333-3, 334, 334-1 to

23   334-13, 335, 338, 338-1)—and all discovery in this action and the *Siegel* action—

24   including, but not limited to, all deposition testimony (*e.g.*, DCC00000001-154435

25   and WB000001-149488), and Plaintiff DC Comics' Objections and Responses to

26   Defendant Mark Warren Peary's First Set of Requests for Production (*e.g.*,

27   Responses 1-3, 5, 43, 45, 46, 48, 53-55).  Given that discovery is ongoing, expert

28   discovery has not yet begun, and defendants continue their efforts to stymie DC's

- 1 -

DC'S OBJECTIONS & RESPONSES TO
M. PEARY INTERROGATORY NOS. 1-15

**EXHIBIT C-10**

1  discovery in this case, DC anticipates that it may be necessary to supplement these

2  Responses as more information becomes available.

3      By these Responses, DC does not intend to waive, and does not waive, any

4  objection at trial to the admission into evidence of these Responses, in whole or in

5  part, or the information produced in connection with it.  Rather, DC intends to

6  preserve, and does preserve, all objections to the admission into evidence of these

7  Responses, in whole or in part, and the information produced in connection with

8  them, including, without limitation, objections based on relevance, foundation,

9  authenticity, or privilege, as well as any and all objections based on the Federal

10  Rules of Evidence or otherwise.

11  **SPECIFIC OBJECTIONS AND RESPONSES**

12  **Interrogatory No. 1**

13      IDENTIFY all COMMUNICATIONS between YOU AND Mark Warren

14  Peary.

15  **Response to Interrogatory No. 1**

16      DC objects to this Interrogatory on the grounds that it is indefinite as to time

17  and not reasonably limited in scope and would include, for example, discussions

18  with Mr. Peary at mediation sessions.  DC objects to the extent the Interrogatory

19  calls for irrelevant information and calls for a search for documents that is unduly

20  expensive, overbroad, unduly burdensome, and oppressive.  DC further objects to

21  the extent the Interrogatory seeks communications that defendants have refused to

22  produce in response to discovery served by DC, including but not limited to

23  screenplays Mr. Peary sent to DC in 1997 and 2006.

24      DC objects to the definition of "YOU" as vague and overbroad and will

25  respond to this term as limited to the relevant representatives at DC and Warner

26  Bros. Entertainment Inc.  DC objects to the definition of "COMMUNICATION" as

27  overbroad to the extent it encompasses the transmission of information orally, by

28  telephone, or through gesture.  DC also objects to the definition of

- 2 -

DC'S OBJECTIONS & RESPONSES TO
M. PEARY INTERROGATORY NOS. 1-15

**EXHIBIT C-11**

1  "COMMUNICATION" as overbroad to the extent it includes documents filed in

2  connection with prior or ongoing litigation.  DC objects to the extent the Request

3  "all COMMUNICATIONS" on the ground that such request is overly broad,

4  unduly burdensome, oppressive, and not reasonably calculated to lead to the

5  discovery of admissible evidence.  As used in these Responses, the phrase "all

6  COMMUNICATIONS," or phrases of similar import, should be understood to

7  mean those communications DC and its counsel were able to locate using

8  reasonable diligence and reasonable judgment concerning the whereabouts of such

9  communications.  DC does not object to or withhold any information based on the

10  definition of "IDENTIFY," as this definition mirrors in large part language that DC

11  employed in its own discovery requests.  Defendants previously objected to this

12  same language in DC's requests as impermissibly overbroad.  Based on defendants'

13  tacit acknowledgement that DC's use of this term is proper, DC will answer this

14  discovery and has confirmed with defendants that they will do the same.

15      Subject to and without waiving the foregoing objections, DC has exercised

16  reasonable diligence in identifying responsive information and documents, and

17  hereby responds as follows:

18      DC00145-151, DCC00004186-87, DCC00004191, DCC00006855,

19  DCC00006872-6879, DCC00057431-57447, DCC00089366-89372, WB008506-

20  8507.  Representatives from Warner Bros. Entertainment Inc. and DC, including

21  Paul Levitz, had non-written communications with Mr. Peary over the years as

22  well.

23  **Interrogatory No. 2**

24      IDENTIFY all COMMUNICATIONS between YOU AND Jean Adele

25  Peavy.

26  **Response to Interrogatory No. 2**

27      DC objects to this Interrogatory on the grounds that it is indefinite as to time

28  and not reasonably limited in scope, and to the extent that it seeks the production of

DC'S OBJECTIONS & RESPONSES TO
M. PEARY INTERROGATORY NOS. 1-15

1   any item, or portion thereof, which is not reasonably calculated to lead to the

2   discovery of relevant and admissible evidence.

3       DC objects to the definition of "YOU" as vague and overbroad and will

4   respond to this term as limited to the relevant representatives of DC and Warner

5   Bros. Entertainment Inc.  DC objects to the definition of "COMMUNICATION" as

6   overbroad to the extent it encompasses the transmission of information orally, by

7   telephone, or through gesture.  DC also objects to the definition of

8   "COMMUNICATION" as overbroad to the extent it includes documents filed in

9   connection with prior or ongoing litigation.  DC objects to the extent the Request

10  "all COMMUNICATIONS" on the ground that such request is overly broad,

11  unduly burdensome, oppressive, and not reasonably calculated to lead to the

12  discovery of admissible evidence.  As used in these Responses, the phrase "all

13  COMMUNICATIONS," or phrases of similar import, should be understood to

14  mean those communications DC and its counsel were able to locate using

15  reasonable diligence and reasonable judgment concerning the whereabouts of such

16  communications.  DC does not object to or withhold any information based on the

17  definition of "IDENTIFY," as this definition mirrors in large part language that DC

18  employed in its own discovery requests.  Defendants previously objected to this

19  same language in DC's requests as impermissibly overbroad.  Based on defendants'

20  tacit acknowledgement that DC's use of this term is proper, DC will answer this

21  discovery and has confirmed with defendants that they will do the same.

22      Subject to and without waiving the foregoing objections, DC responds as

23  follows:

24      DC00014-15, DCC00004186-DCC00004187, DCC00004191,

25  DCC00006182-6184, DCC00006188-6190, DCC00006192-6194, DCC00006198,

26  DCC00006203-6207, DCC00006214-15, DCC00006372-6373, DCC00006375-

27  6376,  DCC00006399, DCC00006413-6439, DCC00006441, DCC00006477-6492,

28  DCC00006498, DCC00006607-6618, DCC00006620, DCC00006629-6630,

- 4 -

DC'S OBJECTIONS & RESPONSES TO
M. PEARY INTERROGATORY NOS. 1-15

**EXHIBIT C-13**

1   DCC00006778, DCC00006869, DCC00008506-8507, DCC00057431-57447,

2   DCC00057854, DCC00073008, DCC00073010, WB007959-7961, WB0010161-

3   10162, WB010169-10170.  Representatives from Warner Bros. Entertainment Inc.

4   and DC, including Paul Levitz, had non-written communications with Ms. Peavy

5   over the years as well.

6   **Interrogatory No. 3**

7         IDENTIFY all COMMUNICATIONS between YOU AND Frank Shuster.

8   **Response to Interrogatory No. 3**

9         DC objects to this Interrogatory on the grounds that it is indefinite as to time

10  and not reasonably limited in scope.

11        DC objects to the definition of "YOU" as vague and overbroad and will

12  respond to this term as limited to the relevant representatives of DC and Warner

13  Bros. Entertainment Inc.  DC objects to the definition of "COMMUNICATION" as

14  overbroad to the extent it encompasses the transmission of information orally, by

15  telephone, or through gesture.  DC also objects to the definition of

16  "COMMUNICATION" as overbroad to the extent it includes documents filed in

17  connection with prior or ongoing litigation.  DC objects to the extent the Request

18  "all COMMUNICATIONS" on the ground that such request is overly broad,

19  unduly burdensome, oppressive, and not reasonably calculated to lead to the

20  discovery of admissible evidence.  As used in these Responses, the phrase "all

21  COMMUNICATIONS," or phrases of similar import, should be understood to

22  mean those communications DC and its counsel were able to locate using

23  reasonable diligence and reasonable judgment concerning the whereabouts of such

24  communications.  DC does not object to or withhold any information based on the

25  definition of "IDENTIFY," as this definition mirrors in large part language that DC

26  employed in its own discovery requests.  Defendants previously objected to this

27  same language in DC's requests as impermissibly overbroad.  Based on defendants'

28

**EXHIBIT C-14**

tacit acknowledgement that DC's use of this term is proper, DC will answer this discovery and has confirmed with defendants that they will do the same.

Subject to and without waiving the foregoing objections, DC responds as follows:

DC00006-7, DC00014-15, DCC00005142-44, DCC00005673, DCC00006206-6207, DCC00006375-76, DCC00006399, DCC00006413-6415, DCC00006417, DCC00006420-6422, DCC00006431-6436, DCC00006440-6441, DCC00006448, DCC00006462, DCC00006474, DCC00006495, DCC00006775-6777, DCC00006856, DCC00006867, DCC00057854, DCC00073008, DCC00073010, DCC00073012, DCC00073016-73017, WB005603, WB007972, WB010161-10162, WB010169-10170.  Representatives from DC, including Paul Levitz, had non-written communications with Frank Shuster over the years as well.

**Interrogatory No. 4**

IDENTIFY all COMMUNICATIONS between YOU AND Joseph Shuster REGARDING YOUR rights in AND to Superman.

**Response to Interrogatory No. 4**

DC objects to this Interrogatory on the grounds that it is indefinite as to time and not reasonably limited in scope.

DC further objects to the use of the term "all" in connection with the requested communications on the ground that such interrogatory is overly broad, unduly burdensome, oppressive, and not reasonably calculated to lead to the discovery of admissible evidence.  DC will not search and review every record or source of information within its possession, custody, or control in an effort to locate "all" communications.  Subject to these objections, DC will use reasonable diligence to locate responsive information and documents in its own files, based on inquiry of those persons who may reasonably be expected to possess responsive information, and examination of those files reasonably expected to yield responsive information.

DC'S OBJECTIONS & RESPONSES TO
M. PEARY INTERROGATORY NOS. 1-15

**EXHIBIT C-15**

1    DC objects to the definition of "YOU" as vague and overbroad and will

2   respond to this term as limited to the relevant representatives of DC and Warner

3   Bros. Entertainment Inc.  DC objects to the definition of "COMMUNICATION" as

4   overbroad to the extent it encompasses the transmission of information orally, by

5   telephone, or through gesture.  DC also objects to the definition of

6   "COMMUNICATION" as overbroad to the extent it includes documents filed in

7   connection with prior or ongoing litigation.  DC objects to the extent the Request

8   "all COMMUNICATIONS" on the ground that such request is overly broad,

9   unduly burdensome, oppressive, and not reasonably calculated to lead to the

10   discovery of admissible evidence.  As used in these Responses, the phrase "all

11   COMMUNICATIONS," or phrases of similar import, should be understood to

12   mean those communications DC and its counsel were able to locate using

13   reasonable diligence and reasonable judgment concerning the whereabouts of such

14   communications.  DC does not object to or withhold any information based on the

15   definition of "IDENTIFY," as this definition mirrors in large part language that DC

16   employed in its own discovery requests.  Defendants previously objected to this

17   same language in DC's requests as impermissibly overbroad.  Based on defendants'

18   tacit acknowledgement that DC's use of this term is proper, DC will answer this

19   discovery and has confirmed with defendants that they will do the same.

20    Subject to and without waiving the foregoing objections, DC responds as

21   follows:

22    DCC00004132, DCC00004153, DCC00004186-4187, DCC00004191,

23   DCC00004499-4505, DCC00004507-4508, DCC00004521- DCC00004579,

24   DCC00004908, DCC00005126, DCC00005658, DCC00005662, DCC00005663-

25   5666, DCC00005668, DCC00005669, DCC00005671, DCC00005672,

26   DCC00006190, DCC00007178-7182, DCC00007199-7201, DCC00007206-7208,

27   DCC00007954-7965, DCC00007990-8024, DCC00045543-45544, DCC00057253-

28   57256, DCC00057358-57361, WB005603, WB005623-5624, WB005627-5638,

DC'S OBJECTIONS & RESPONSES TO
M. PEARY INTERROGATORY NOS. 1-15

**EXHIBIT C-16**

1  WB005663-5664, WB005794-5800, WB006603-6607, WB007942-7943,

2  WB007959-7961, WB008305-8316, WB008556-8557, WB008559-8561,

3  WB008563.  Representatives from DC, including Paul Levitz, had non-written

4  communications with Joseph Shuster over the years as well.

5  **Interrogatory No. 5**

6      IDENTIFY all COMMUNICATIONS between YOU AND any third-party

7  that REFFERRED TO the 1992 AGREEMENT.

8  **Response to Interrogatory No. 5**

9      DC objects to this Interrogatory on the grounds that it is indefinite as to time

10  and not reasonably limited in scope, and to the extent that it seeks the production of

11  any item, or portion thereof, which is not reasonably calculated to lead to the

12  discovery of relevant and admissible evidence.  DC further objects to the extent that

13  it seeks information protected by the attorney-client privilege, the attorney work

14  product doctrine, or any other applicable privilege or immunity.

15      DC objects to the phrase "COMMUNICATIONS between YOU AND any

16  third-party" as overbroad, as it would include, for example, all statements made to

17  the court, mediators, and to the press concerning the 1992 agreement and DC's

18  claims in this case concerning that agreement.  DC objects to the definition of

19  "COMMUNICATION" as vague and overbroad and will respond to this term as

20  excluding any documents filed in connection with prior or ongoing litigation.  DC

21  objects to the extent the Request "all COMMUNICATIONS" on the ground that

22  such request is overly broad, unduly burdensome, oppressive, and not reasonably

23  calculated to lead to the discovery of admissible evidence.  As used in these

24  Responses, the phrase "all COMMUNICATIONS," or phrases of similar import,

25  should be understood to mean those communications DC and its counsel were able

26  to locate using reasonable diligence and reasonable judgment concerning the

27  whereabouts of such communications.  DC objects to the definition of "YOU" as

28  vague and overbroad and will respond to this term as limited to the relevant

DC'S OBJECTIONS & RESPONSES TO
M. PEARY INTERROGATORY NOS. 1-15

1   representatives of DC and Warner Bros. Entertainment Inc.  DC does not object to

2   or withhold any information based on the definition of "IDENTIFY," as this

3   definition mirrors in large part language that DC employed in its own discovery

4   requests.  Defendants previously objected to this same language in DC's requests as

5   impermissibly overbroad.  Based on defendants' tacit acknowledgement that DC's

6   use of this term is proper, DC will answer this discovery and has confirmed with

7   defendants that they will do the same.

8          Subject to and without waiving all foregoing objections, DC refers

9   defendants' attention to its complaint and attached exhibit (Docket No. 49, Docket

10  No. 49 Ex. A), all briefing in this action—including, but not limited to, the briefing

11  and exhibits filed in connection with defendants' Rule 12 and SLAPP motions

12  (Docket Nos. 30, 30-1 to 30-5, 31, 31-1, 31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2,

13  35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to 77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4,

14  81, 89, 90, 91, 92, 93, 94, 94-1 to 94-40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100,

15  100-1 to 100-3, 102, 102-1, 103, 103-1, 106, 107, 108, 146, 146-1 to 146-4, 147,

16  147-1 to 147-3, 148, 148-1 to 148-5, 149, 150, 151, 154, 156, 181, 182, 182-1 to

17  182-40, 183, 183-1 to 183-4, 184, 185, 186, 191, 191-1, 192, 192-1 to 192-3, 193,

18  193-1 to 193-2, 194, 195, 195-1, 196, 196-1 to 196-4, 201, 202, 203, 304, 305-1 to

19  305-59, 306 (errata), 307, 308, 312, 312-1 to 312-2, 313, 314, 314-1 to 314-3, 333,

20  333-1 to 333-3, 334, 334-1 to 334-13, 335, 338, 338-1)—and all discovery in this

21  action and the *Siegel* action (*e.g.*, DCC00000001-154435 and WB000001-

22  149488)—including, but not limited to, all deposition testimony in those cases and

23  here.  All of these sources are incorporated by reference herein.

24         Subject to and without waiving the foregoing objections, DC is willing to

25  meet and confer with defendants to reasonably tailor this request.

26  **Interrogatory No. 6**

27         IDENTIFY all persons who participated in the negotiation of the 1992

28  AGREEMENT.

DC'S OBJECTIONS & RESPONSES TO
M. PEARY INTERROGATORY NOS. 1-15

**EXHIBIT C-18**

**Response to Interrogatory No. 6**

DC objects to the Interrogatory to the extent it calls for irrelevant information and calls for a search for documents that is unduly expensive, overbroad, unduly burdensome, and oppressive.  The phrase "participated in the negotiation" is ambiguous, and lacks sufficient precision to allow DC to formulate an appropriate response.  DC further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity.

DC objects to the extent the Request seeks identification of "all persons" on the ground that such request is overly broad, unduly burdensome, oppressive, and not reasonably calculated to lead to the discovery of admissible evidence.  As used in these Responses, the phrase "all persons," or phrases of similar import, should be understood to mean those persons DC and its counsel were able to identify using reasonable diligence and reasonable judgment.  DC does not object to or withhold any information based on the definition of "IDENTIFY," as this definition mirrors in large part language that DC employed in its own discovery requests.  Defendants previously objected to this same language in DC's requests as impermissibly overbroad.  Based on defendants' tacit acknowledgement that DC's use of this term is proper, DC will answer this discovery and has confirmed with defendants that they will do the same.

Subject to and without waiving the foregoing objections, DC responds as follows:  Jean Peavy, Frank Shuster, Paul Levitz, Lillian Laserson, and Carol Simkin.

**Interrogatory No. 7**

IDENTIFY all persons who participated in the drafting of the 1992 AGREEMENT.

**Response to Interrogatory No. 7**

DC objects to the Interrogatory to the extent it calls for irrelevant information and calls for a search for documents that is unduly expensive, overbroad, unduly burdensome, and oppressive.  DC objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity.

DC objects to this Interrogatory on the grounds that the phrase "persons who participated in the drafting" is vague and ambiguous, and lacks sufficient precision to allow it formulate an appropriate response.  DC objects to the extent the Request seeks identification of "all persons" on the ground that such request is overly broad, unduly burdensome, oppressive, and not reasonably calculated to lead to the discovery of admissible evidence.  As used in these Responses, the phrase "all persons," or phrases of similar import, should be understood to mean those persons DC and its counsel were able to identify using reasonable diligence and reasonable judgment.  DC does not object to or withhold any information based on the definition of "IDENTIFY," as this definition mirrors in large part language that DC employed in its own discovery requests.  Defendants previously objected to this same language in DC's requests as impermissibly overbroad.  Based on defendants' tacit acknowledgement that DC's use of this term is proper, DC will answer this discovery and has confirmed with defendants that they will do the same.

Subject to and without waiving all foregoing objections, DC responds as follows:  Jean Peavy, Frank Shuster, Paul Levitz, Carol Simkin, Lillian Laserson, and John Schulman.

**Interrogatory No. 8**

IDENTIFY all witnesses REGARDING the 1992 AGREEMENT.

DC'S OBJECTIONS & RESPONSES TO
M. PEARY INTERROGATORY NOS. 1-15

**Response to Interrogatory No. 8**

DC objects to the Interrogatory to the extent it calls for irrelevant information and calls for a search for documents that is unduly expensive, overbroad, unduly burdensome, and oppressive.

DC further objects to this Interrogatory on the grounds that the phrase "all witnesses" is vague and ambiguous, and lacks sufficient precision to allow it formulate an appropriate response. DC will interpret this phrase as encompassing those persons who participated in the negotiating or drafting of the 1992 agreement. DC does not object to or withhold any information based on the definition of "IDENTIFY," as this definition mirrors in large part language that DC employed in its own discovery requests. Defendants previously objected to this same language in DC's requests as impermissibly overbroad. Based on defendants' tacit acknowledgement that DC's use of this term is proper, DC will answer this discovery and has confirmed with defendants that they will do the same.

Subject to and without waiving all foregoing objections, DC responds as follows: Jean Peavy, Frank Shuster, Paul Levitz, Lillian Laserson, Jenette Kahn, Carolyn McCandless, Pat Caldon, Carol Simkin, John Schulman, Marty Payson, Chris Caramalis, Mark Warren Peary, Dawn Peavy. DC submits that Marc Toberoff, Pacific Pictures Corporation, IP Worldwide LLC, IPW LLC, and Ari Emanuel also are material witnesses to the 1992 agreement, although none of these parties participated in negotiating or drafting that agreement.

**Interrogatory No. 9**

IDENTIFY any evidence that supports YOUR contention that "[t]he Shuster Termination Notice is invalid, and thus ineffective," found in paragraph 106 of YOUR COMPLAINT.

**Response to Interrogatory No. 9**

DC objects to the Interrogatory to the extent it requires DC to prove through the discovery process its ultimate legal arguments related to the ramifications of

DC'S OBJECTIONS & RESPONSES TO
M. PEARY INTERROGATORY NOS. 1-15

**EXHIBIT C-21**

1   defendants' agreements and communications.  DC objects to the Interrogatory on

2   the ground that it is compound and includes numerous discrete subparts that should

3   each be counted as a separate interrogatory for the purposes of calculating the

4   number of interrogatories that Peary has propounded on DC.  DC articulated five

5   separate bases for the invalidity of the Shuster Termination Notice in its complaint

6   (Docket No. 49 ¶¶ 105-134), and discovery must accordingly be addressed to each

7   basis individually.  DC objects to the Interrogatory to the extent it seeks

8   information protected by the attorney-client privilege, the attorney work product

9   doctrine, or any other applicable privilege or immunity.  DC further objects to the

10  extent this Interrogatory seeks documents that defendants have refused to produce

11  in response to discovery served by DC, including but not limited to the 2008

12  "consent agreement" defendants continue to refuse to disclose.

13         DC objects to the definition of "YOUR" and will respond to that term as

14  limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC

15  objects to the use of the term "any" evidence on the ground that such request is

16  vague, overly broad, unduly burdensome, oppressive, and not reasonably calculated

17  to lead to the discovery of admissible evidence.  DC does not object to or withhold

18  any information based on the definition of "IDENTIFY," as this definition mirrors

19  in large part language that DC employed in its own discovery requests.  Defendants

20  previously objected to this same language in DC's requests as impermissibly

21  overbroad.  Based on defendants' tacit acknowledgement that DC's use of this term

22  is proper, DC will answer this discovery and has confirmed with defendants that

23  they will do the same.

24         Subject to and without waiving the foregoing objections, DC responds as

25  follows:

26         DC00001-7, DC00008-12, DC00014-15, DCC00000557-3336,

27  DCC00004510-4520, DCC00006188-6190, DCC00006192-6194, DCC00006198,

28  DCC00006203-6205, DCC00006206-6207, DCC00006214-6215, DCC00006372-

DC'S OBJECTIONS & RESPONSES TO
M. PEARY INTERROGATORY NOS. 1-15

6373, DCC00006375-6376, DCC00006399, DCC00006413-6441, DCC00006448,

DCC00006462, DCC00006474, DCC00006477-6492, DCC00006495-6496,

DCC00006498, DCC00006607-6618, DCC00006629-6630, DCC00006775-6778,

DCC00006855-6856, DCC00006867, DCC00006869, DCC00006872-6879,

DCC00007102-7159, DCC00007183-7198, DCC00007826-7837, DCC00007954-

DCC00007965, DCC00007990-8024, DCC00008506-8507, DCC00045603-45626,

DCC00056945-56950, DCC00057538-57550, DCC00057854, DCC00073008,

DCC00073010, DCC00073012-73017, DCC00089361-89365, DCC00141525,

WB000670-3453, WB005709-5766, WB006588-6602, WB007959-7961,

WB007972, WB008050-8053, WB008305-8316, WB009991-10003, WB010169-

10170, WB010161-10162, PPC00001-09, IPW00001-16, Q0001-07, LSL00211-

212, LSL00482-486.

Subject to and without waiving all foregoing objections, DC refers

defendants' attention to its complaint and attached exhibit (Docket No. 49, Docket

No. 49 Ex. A), all briefing in this action—including, but not limited to, the briefing

and exhibits filed in connection with defendants' Rule 12 and SLAPP motions

(Docket Nos. 30, 30-1 to 30-5, 31, 31-1, 31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2,

35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to 77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4,

81, 89, 90, 91, 92, 93, 94, 94-1 to 94-40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100,

100-1 to 100-3, 102, 102-1, 103, 103-1, 106, 107, 108, 146, 146-1 to 146-4, 147,

147-1 to 147-3, 148, 148-1 to 148-5, 149, 150, 151, 154, 156, 181, 182, 182-1 to

182-40, 183, 183-1 to 183-4, 184, 185, 186, 191, 191-1, 192, 192-1 to 192-3, 193,

193-1 to 193-2, 194, 195, 195-1, 196, 196-1 to 196-4, 201, 202, 203, 304, 305-1 to

305-59, 306 (errata), 307, 308, 312, 312-1 to 312-2, 313, 314, 314-1 to 314-3, 333,

333-1 to 333-3, 334, 334-1 to 334-13, 335, 338, 338-1)—and all discovery in this

action and the *Siegel* action (*e.g.*, DCC00000001-154435 and WB000001-

149488)—including, but not limited to, all deposition testimony in those cases and

here.  All of these sources are incorporated by reference herein.

DC'S OBJECTIONS & RESPONSES TO
M. PEARY INTERROGATORY NOS. 1-15

**EXHIBIT C-23**

1   Given that discovery is ongoing in this case, and expert discovery has not yet

2   begun, DC expressly reserves its right to supplement these Responses as more

3   information becomes available, and to use in discovery and at trial any information

4   omitted from these Responses as a result of mistake, inadvertence, or oversight.

5   **Interrogatory No. 10**

6   IDENTIFY any evidence that supports YOUR contention that "[t]he 1992

7   Agreement that Frank Shuster and Jean Peavy entered into with DC Comics bars

8   the Shuster Estate from pursuing termination because, *inter alia*, in exchange for

9   valuable consideration, the 1992 Agreement effected a rescission, revocation, and

10  re-grant of all prior copyright grants, which eliminated any pre-1978 grant that

11  could be subject to termination under section 304 of the Copyright Act," found in

12  paragraph 112 of YOUR COMPLAINT.

13  **Response to Interrogatory No. 10**

14  DC objects to the Interrogatory to the extent that it requires DC to prove

15  through the discovery process its ultimate legal arguments related to the

16  ramifications of defendants' agreements and communications.  DC further objects

17  to this Interrogatory to the extent that it seeks information protected by the attorney-

18  client privilege, the attorney work product doctrine, or any other applicable

19  privilege or immunity.

20  DC objects to the definition of "YOUR" and will respond to that term as

21  limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC

22  objects to the use of the term "any" evidence on the ground that such request is

23  vague, overly broad, unduly burdensome, oppressive, and not reasonably calculated

24  to lead to the discovery of admissible evidence.  DC does not object to or withhold

25  any information based on the definition of "IDENTIFY," as this definition mirrors

26  in large part language that DC employed in its own discovery requests.  Defendants

27  previously objected to this same language in DC's requests as impermissibly

28  overbroad.  Based on defendants' tacit acknowledgement that DC's use of this term

DC'S OBJECTIONS & RESPONSES TO
M. PEARY INTERROGATORY NOS. 1-15

**EXHIBIT C-24**

1    is proper, DC will answer this discovery and has confirmed with defendants that

2    they will do the same.

3            Subject to and without waiving the foregoing objections, DC responds as

4    follows:

5            DCC00006-7, DC00014-15, DCC00000557-3336, DCC00006184,

6    DCC00006188-6190, DCC00006192-6194, DCC00006198, DCC00006203-6205,

7    DCC00006206-6207, DCC00006214-6215, DCC00006372-6373, DCC00006375-

8    6376, DCC00006399, DCC00006413-6441, DCC00006448, DCC00006462,

9    DCC00006474, DCC00006477-6492, DCC00006495-6496, DCC00006498,

10   DCC00006607-6618, DCC00006620, DCC00006629-6630, DCC00006775-6778,

11   DCC00006855-6856, DCC00006867, DCC00006869, DCC00006872-6879,

12   DCC00007102-7159, DCC00007183-7198, DCC00007826-7837, DCC00007990-

13   8024, DCC00008506-8507, DCC00045603-45626, DCC00056945-56950,

14   DCC00057538-57550, DCC00057854, DCC00073008, DCC00073010,

15   DCC00073012-73017, DCC00089361-89365, DCC00141525, WB000670-3453,

16   WB005603, WB005709-5766, WB006588-6602, WB007959-7961, WB007972,

17   WB008050-8053, WB009991-10003, WB010169-10170, WB010161-10162,

18   PPC00001-09, IPW00001-16, Q0001-07, LSL00211-212, LSL00482-486.

19           Subject to and without waiving all foregoing objections, DC refers

20   defendants' attention to its complaint and attached exhibit (Docket No. 49, Docket

21   No. 49 Ex. A), all briefing in this action—including, but not limited to, the briefing

22   and exhibits filed in connection with defendants' Rule 12 and SLAPP motions

23   (Docket Nos. 30, 30-1 to 30-5, 31, 31-1, 31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2,

24   35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to 77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4,

25   81, 89, 90, 91, 92, 93, 94, 94-1 to 94-40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100,

26   100-1 to 100-3, 102, 102-1, 103, 103-1, 106, 107, 108, 146, 146-1 to 146-4, 147,

27   147-1 to 147-3, 148, 148-1 to 148-5, 149, 150, 151, 154, 156, 181, 182, 182-1 to

28   182-40, 183, 183-1 to 183-4, 184, 185, 186, 191, 191-1, 192, 192-1 to 192-3, 193,

- 16 -

DC'S OBJECTIONS & RESPONSES TO
M. PEARY INTERROGATORY NOS. 1-15

**EXHIBIT C-25**

1   193-1 to 193-2, 194, 195, 195-1, 196, 196-1 to 196-4, 201, 202, 203, 304, 305-1 to

2   305-59, 306 (errata), 307, 308, 312, 312-1 to 312-2, 313, 314, 314-1 to 314-3, 333,

3   333-1 to 333-3, 334, 334-1 to 334-13, 335, 338, 338-1)—and all discovery in this

4   action and the *Siegel* action (*e.g.*, DCC00000001-154435 and WB000001-

5   149488)—including, but not limited to, all deposition testimony in those cases and

6   here.  All of these sources are incorporated by reference herein.

7        Given that discovery is ongoing in this case, and expert discovery has not yet

8   begun, DC expressly reserves its right to supplement these Responses as more

9   information becomes available, and to use in discovery and at trial any information

10  omitted from these Responses as a result of mistake, inadvertence, or oversight.

11  **Interrogatory No. 11**

12       IDENTIFY any evidence that supports YOUR contention that "Shuster's

13  heirs approached DC Comics in 1992 seeking increased annual payments, certain

14  tax benefits, and payment of Shuster's debts and expenses," and that "[a]t the time,

15  Shuster's heirs recognized the value of Superman as a property," found in

16  paragraph 115 of YOUR COMPLAINT.

17  **Response to Interrogatory No. 11**

18       DC objects to the Interrogatory to the extent that it requires DC to prove

19  through the discovery process its ultimate legal arguments related to the

20  ramifications of defendants' agreements and communications.  DC further objects

21  to the Interrogatory on the ground that it is compound and includes numerous

22  discrete subparts addressed to separate contentions.  Each subpart should be

23  counted a separate interrogatory for the purposes of calculating the number of

24  interrogatories that Peary has propounded on DC.  DC objects to this Interrogatory

25  to the extent that it seeks information protected by the attorney-client privilege, the

26  attorney work product doctrine, or any other applicable privilege or immunity.

27       DC objects to the definition of "YOUR" and will respond to that term as

28  limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC

- 17 -

**EXHIBIT C-26**

DC'S OBJECTIONS & RESPONSES TO
M. PEARY INTERROGATORY NOS. 1-15

1   further objects to the use of the term "any" evidence on the ground that such request

2   is vague, overly broad, unduly burdensome, oppressive, and not reasonably

3   calculated to lead to the discovery of admissible evidence.  DC does not object to or

4   withhold any information based on the definition of "IDENTIFY," as this definition

5   mirrors in large part language that DC employed in its own discovery requests.

6   Defendants previously objected to this same language in DC's requests as

7   impermissibly overbroad.  Based on defendants' tacit acknowledgement that DC's

8   use of this term is proper, DC will answer this discovery and has confirmed with

9   defendants that they will do the same.

10          Subject to and without waiving the foregoing objections, DC responds as

11   follows:

12          DC00008-12, DC00014-15, DC00094-144, DCC00006184, DCC00006188-

13   6190, DCC00006192-94, DCC00006198, DCC00006203-05, DCC00006206-07,

14   DCC00006214-15, DCC00006372-73, DCC00006375-76, DCC00006399,

15   DCC00006413-41, DCC00006448, DCC00006462, DCC00006474,

16   DCC00006477-92, DCC00006495-96, DCC00006498, DCC00006607-18,

17   DCC00006620, DCC00006629-30, DCC00006775-78, DCC00006855-56,

18   DCC00006867, DCC00006869, DCC00006872-79, DCC00008506-07,

19   DCC00057854, DCC00057855, DCC00073008, DCC00073010, DCC00073012-

20   17, WB005603, WB007959-61, WB007972, WB010169-70, WB010161-10162,

21   Q0001-07, LSL00211-12, LSL00482-86.

22          Subject to and without waiving all foregoing objections, DC refers

23   defendants' attention to its complaint and attached exhibit (Docket No. 49, Docket

24   No. 49 Ex. A), all briefing in this action—including, but not limited to, the briefing

25   and exhibits filed in connection with defendants' Rule 12 and SLAPP motions

26   (Docket Nos. 30, 30-1 to 30-5, 31, 31-1, 31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2,

27   35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to 77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4,

28   81, 89, 90, 91, 92, 93, 94, 94-1 to 94-40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100,

DC'S OBJECTIONS & RESPONSES TO
M. PEARY INTERROGATORY NOS. 1-15

**EXHIBIT C-27**

1   100-1 to 100-3, 102, 102-1, 103, 103-1, 106, 107, 108, 146, 146-1 to 146-4, 147,

2   147-1 to 147-3, 148, 148-1 to 148-5, 149, 150, 151, 154, 156, 181, 182, 182-1 to

3   182-40, 183, 183-1 to 183-4, 184, 185, 186, 191, 191-1, 192, 192-1 to 192-3, 193,

4   193-1 to 193-2, 194, 195, 195-1, 196, 196-1 to 196-4, 201, 202, 203, 304, 305-1 to

5   305-59, 306 (errata), 307, 308, 312, 312-1 to 312-2, 313, 314, 314-1 to 314-3, 333,

6   333-1 to 333-3, 334, 334-1 to 334-13, 335, 338, 338-1)—and all discovery in this

7   action and the *Siegel* action (*e.g.*, DCC00000001-154435 and WB000001-

8   149488)—including, but not limited to, all deposition testimony in those cases and

9   here.  All of these sources are incorporated by reference herein.

10       Given that discovery is ongoing in this case, and expert discovery has not yet

11  begun, DC expressly reserves its right to supplement these Responses as more

12  information becomes available, and to use in discovery and at trial any information

13  omitted from these Responses as a result of mistake, inadvertence, or oversight.

14  **Interrogatory No. 12**

15       IDENTIFY any evidence that supports YOUR contention that "the Shusters

16  are estopped from disputing that the 1992 Agreement remains in full force and

17  effect, which operates to preclude the assertion of any termination right," found in

18  paragraph 117 of YOUR COMPLAINT.

19  **Response to Interrogatory No. 12**

20       DC objects to the Interrogatory to the extent that it requires DC to prove

21  through the discovery process its ultimate legal arguments related to the

22  ramifications of defendants' agreements and communications.  DC further objects

23  to this Interrogatory to the extent that it seeks information protected by the attorney-

24  client privilege, the attorney work product doctrine, or any other applicable

25  privilege or immunity.

26       DC objects to the definition of "YOUR" and will respond to that term as

27  limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC

28  objects to the use of the term "any" evidence on the ground that such request is

DC'S OBJECTIONS & RESPONSES TO
M. PEARY INTERROGATORY NOS. 1-15

**EXHIBIT C-28**

1  vague, overly broad, unduly burdensome, oppressive, and not reasonably calculated

2  to lead to the discovery of admissible evidence.  DC does not object to or withhold

3  any information based on the definition of "IDENTIFY," as this definition mirrors

4  in large part language that DC employed in its own discovery requests.  Defendants

5  previously objected to this same language in DC's requests as impermissibly

6  overbroad.  Based on defendants' tacit acknowledgement that DC's use of this term

7  is proper, DC will answer this discovery and has confirmed with defendants that

8  they will do the same.

9       Subject to and without waiving the foregoing objections, DC responds as

10  follows:

11       DC00008-12, DC00014-15, DC00094-144, DCC00000557-3336,

12  DCC00006188-6190, DCC00006192-6194, DCC00006198, DCC00006203-6205,

13  DCC00006206-6207, DCC00006214-6215, DCC00006372-6373, DCC00006375-

14  6376, DCC00006399, DCC00006413-6441, DCC00006448, DCC00006462,

15  DCC00006474, DCC00006477-6492, DCC00006495-6496, DCC00006498,

16  DCC00006607-6618, DCC00006629-6630, DCC00006775-6778, DCC00006855-

17  6856, DCC00006867, DCC00006869, DCC00006872-6879, DCC00007102-7159,

18  DCC00007183-7198, DCC00007826-7837, DCC00007990-8024, DCC00045603-

19  45626, DCC00056945-56950, DCC00057538-57550, DCC00057854,

20  DCC00073008, DCC00073010, DCC00073012-73017, DCC00089361-89365,

21  DCC00141525, WB000670-3453, WB005603, WB005709-5766, WB006588-

22  6602, WB007959-7961, WB007972, WB008050-8053, WB009991-10003,

23  WB010169-10170, WB010161-10162, PPC00001-09, IPW00001-16, Q0001-07,

24  LSL00211-212, LSL00482-486.

25       Subject to and without waiving all foregoing objections, DC refers

26  defendants' attention to its complaint and attached exhibit (Docket No. 49, Docket

27  No. 49 Ex. A), all briefing in this action—including, but not limited to, the briefing

28  and exhibits filed in connection with defendants' Rule 12 and SLAPP motions

DC'S OBJECTIONS & RESPONSES TO
M. PEARY INTERROGATORY NOS. 1-15

**EXHIBIT C-29**

1   (Docket Nos. 30, 30-1 to 30-5, 31, 31-1, 31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2,

2   35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to 77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4,

3   81, 89, 90, 91, 92, 93, 94, 94-1 to 94-40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100,

4   100-1 to 100-3, 102, 102-1, 103, 103-1, 106, 107, 108, 146, 146-1 to 146-4, 147,

5   147-1 to 147-3, 148, 148-1 to 148-5, 149, 150, 151, 154, 156, 181, 182, 182-1 to

6   182-40, 183, 183-1 to 183-4, 184, 185, 186, 191, 191-1, 192, 192-1 to 192-3, 193,

7   193-1 to 193-2, 194, 195, 195-1, 196, 196-1 to 196-4, 201, 202, 203, 304, 305-1 to

8   305-59, 306 (errata), 307, 308, 312, 312-1 to 312-2, 313, 314, 314-1 to 314-3, 333,

9   333-1 to 333-3, 334, 334-1 to 334-13, 335, 338, 338-1)—and all discovery in this

10  action and the *Siegel* action (*e.g.*, DCC00000001-154435 and WB000001-

11  149488)—including, but not limited to, all deposition testimony in those cases and

12  here.  All of these sources are incorporated by reference herein.

13      Given that discovery is ongoing in this case, and expert discovery has not yet

14  begun, DC expressly reserves its right to supplement these Responses as more

15  information becomes available, and to use in discovery and at trial any information

16  omitted from these Responses as a result of mistake, inadvertence, or oversight.

17  **Interrogatory No. 13**

18      IDENTIFY any evidence that supports YOUR contention that purported

19  "omissions [in the Shuster Termination Notice] were not inadvertent, but were

20  intended to conceal material information from DC Comics, including: (a) the

21  various conflicts of interest arising from Toberoff's and his companies' significant

22  ownership interest in the Shuster Estate's and the Siegel Heirs' purported rights;

23  and (b) consent agreements that Toberoff procured limiting the Shuster and Siegel

24  Heirs' freedom to enter into agreements with DC Comics regarding those rights,"

25  found in paragraph 123 of YOUR COMPLAINT.

26  **Response to Interrogatory No. 13**

27      DC objects to the Interrogatory to the extent that it requires DC to prove

28  through the discovery process its ultimate legal arguments related to the

- 21 -

**EXHIBIT C-30**

DC'S OBJECTIONS & RESPONSES TO
M. PEARY INTERROGATORY NOS. 1-15

1   ramifications of defendants' agreements and communications.  DC further objects

2   to this Interrogatory to the extent that it seeks information protected by the attorney-

3   client privilege, the attorney work product doctrine, or any other applicable

4   privilege or immunity.  DC also objects to the extent the Interrogatory calls for

5   information which is not available to DC.  DC further objects to the extent this

6   Interrogatory seeks documents that defendants have refused to produce in response

7   to discovery served by DC, including but not limited to the 2008 "consent

8   agreement" defendants continue to refuse to disclose.

9      DC objects to the definition of "YOUR" and will respond to that term as

10   limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC

11   further objects to the use of the term "any" evidence on the ground that such request

12   is vague, overly broad, unduly burdensome, oppressive, and not reasonably

13   calculated to lead to the discovery of admissible evidence.  DC does not object to or

14   withhold any information based on the definition of "IDENTIFY," as this definition

15   mirrors in large part language that DC employed in its own discovery requests.

16   Defendants previously objected to this same language in DC's requests as

17   impermissibly overbroad.  Based on defendants' tacit acknowledgement that DC's

18   use of this term is proper, DC will answer this discovery and has confirmed with

19   defendants that they will do the same.

20      Subject to and without waiving the foregoing objections, DC responds as

21   follows:

22      DC00001-7, DC00014-15, DCC00000557-3336, DCC00007102-7159,

23   DCC00007183-7198, DCC00007826-7837, DCC00056945-56950, DCC00057538-

24   57550, DCC00089361-89365, DCC000141525, IPW00001-00016, PPC00001-

25   00009, WB000670-3453, WB005709-5766, WB006588-6602, WB008050-8053,

26   WB009991-10003, PPC00001-09, IPW00001-16, Q0001-07, LSL00211-212,

27   LSL00482-486.

28

- 22 -
EXHIBIT C-31

DC'S OBJECTIONS & RESPONSES TO
M. PEARY INTERROGATORY NOS. 1-15

Subject to and without waiving all foregoing objections, DC refers defendants' attention to its complaint and attached exhibit (Docket No. 49, Docket No. 49 Ex. A), all briefing in this action—including, but not limited to, the briefing and exhibits filed in connection with defendants' Rule 12 and SLAPP motions (Docket Nos. 30, 30-1 to 30-5, 31, 31-1, 31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2, 35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to 77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4, 81, 89, 90, 91, 92, 93, 94, 94-1 to 94-40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100, 100-1 to 100-3, 102, 102-1, 103, 103-1, 106, 107, 108, 146, 146-1 to 146-4, 147, 147-1 to 147-3, 148, 148-1 to 148-5, 149, 150, 151, 154, 156, 181, 182, 182-1 to 182-40, 183, 183-1 to 183-4, 184, 185, 186, 191, 191-1, 192, 192-1 to 192-3, 193, 193-1 to 193-2, 194, 195, 195-1, 196, 196-1 to 196-4, 201, 202, 203, 304, 305-1 to 305-59, 306 (errata), 307, 308, 312, 312-1 to 312-2, 313, 314, 314-1 to 314-3, 333, 333-1 to 333-3, 334, 334-1 to 334-13, 335, 338, 338-1)—and all discovery in this action and the *Siegel* action (*e.g.*, DCC00000001-154435 and WB000001-149488)—including, but not limited to, all deposition testimony in those cases and here.  All of these sources are incorporated by reference herein.

Given that discovery is ongoing in this case, and expert discovery has not yet begun, DC expressly reserves its right to supplement these Responses as more information becomes available, and to use in discovery and at trial any information omitted from these Responses as a result of mistake, inadvertence, or oversight.

**Interrogatory No. 14**

IDENTIFY any evidence that supports YOUR contention that "the Shuster Termination Notice … contains material misrepresentations intended to mislead the courts, Copyright Office, and DC Comics—all to the detriment of DC Comics," found in paragraph 129 of YOUR COMPLAINT.

**Response to Interrogatory No. 14**

DC objects to the Interrogatory to the extent that it requires DC to prove through the discovery process its ultimate legal arguments related to the

DC'S OBJECTIONS & RESPONSES TO
M. PEARY INTERROGATORY NOS. 1-15

1  ramifications of defendants' agreements and communications.  DC further objects

2  to this Interrogatory to the extent that it seeks information protected by the attorney-

3  client privilege, the attorney work product doctrine, or any other applicable

4  privilege or immunity.  DC also objects to the extent the Interrogatory calls for

5  information which is not available to DC.  DC further objects to the extent this

6  Interrogatory seeks documents that defendants have refused to produce in response

7  to discovery served by DC, including but not limited to the 2008 "consent

8  agreement" defendants continue to refuse to disclose.

9      DC objects to the definition of "YOUR" and will respond to that term as

10  limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC

11  further objects to the use of the term "any" evidence on the ground that such request

12  is vague, overly broad, unduly burdensome, oppressive, and not reasonably

13  calculated to lead to the discovery of admissible evidence.  DC does not object to or

14  withhold any information based on the definition of "IDENTIFY," as this definition

15  mirrors in large part language that DC employed in its own discovery requests.

16  Defendants previously objected to this same language in DC's requests as

17  impermissibly overbroad.  Based on defendants' tacit acknowledgement that DC's

18  use of this term is proper, DC will answer this discovery and has confirmed with

19  defendants that they will do the same.

20      Subject to and without waiving the foregoing objections, DC responds as

21  follows:

22      DC00001-7, DC00008-12, DCC00000557-3336, DCC00004510-4520,

23  DCC00007102-7159, DCC00007147-7159, SM No. 1, DCC00007183-7198,

24  DCC00007826-7837, DCC00045557-45591, DCC00045603-45613,

25  DCC00056945-56950, DCC00057538-57550, DCC0006849-6854, DCC00089361-

26  89365, DCC000141525, DCC00141359-141364, DCC00141525, DCC00141565-

27  141572, DCC00142156-142342, IPW00001-00016, PPC00001-00009, WB000670-

28  3453, WB005709-5766, WB006588-6602, WB008050-8059, WB008305-8316,

DC'S OBJECTIONS & RESPONSES TO
M. PEARY INTERROGATORY NOS. 1-15

**EXHIBIT C-33**

WB009991-10003, PPC00001-09, IPW00001-16**,** Q0001-07, LSL00211-212, LSL00482-486.

Subject to and without waiving all foregoing objections, DC refers defendants' attention to its complaint and attached exhibit (Docket No. 49, Docket No. 49 Ex. A), all briefing in this action—including, but not limited to, the briefing and exhibits filed in connection with defendants' Rule 12 and SLAPP motions (Docket Nos. 30, 30-1 to 30-5, 31, 31-1, 31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2, 35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to 77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4, 81, 89, 90, 91, 92, 93, 94, 94-1 to 94-40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100, 100-1 to 100-3, 102, 102-1, 103, 103-1, 106, 107, 108, 146, 146-1 to 146-4, 147, 147-1 to 147-3, 148, 148-1 to 148-5, 149, 150, 151, 154, 156, 181, 182, 182-1 to 182-40, 183, 183-1 to 183-4, 184, 185, 186, 191, 191-1, 192, 192-1 to 192-3, 193, 193-1 to 193-2, 194, 195, 195-1, 196, 196-1 to 196-4, 201, 202, 203, 304, 305-1 to 305-59, 306 (errata), 307, 308, 312, 312-1 to 312-2, 313, 314, 314-1 to 314-3, 333, 333-1 to 333-3, 334, 334-1 to 334-13, 335, 338, 338-1)—and all discovery in this action and the *Siegel* action (*e.g.*, DCC00000001-154435 and WB000001-149488)—including, but not limited to, all deposition testimony in those cases and here.  All of these sources are incorporated by reference herein.

Given that discovery is ongoing in this case, and expert discovery has not yet begun, DC expressly reserves its right to supplement these Responses as more information becomes available, and to use in discovery and at trial any information omitted from these Responses as a result of mistake, inadvertence, or oversight.

**Interrogatory No. 15**

IDENTIFY any evidence that supports YOUR contention that "[i]nduced by Toberoff, the Shuster Heirs also falsely disclaimed any interest in the Superboy rights in the Shuster Termination Notice," found in paragraph 131 of YOUR COMPLAINT.

DC'S OBJECTIONS & RESPONSES TO
M. PEARY INTERROGATORY NOS. 1-15

**Response to Interrogatory No. 15**

DC objects to the Interrogatory to the extent that it requires DC to prove through the discovery process its ultimate legal arguments related to the ramifications of defendants' agreements and communications.  DC objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity.  DC further objects to the extent this Interrogatory seeks documents that defendants have refused to produce in response to discovery served by DC, including but not limited to the 2008 "consent agreement" defendants continue to refuse to disclose.

DC objects to the definition of "YOUR" and will respond to that term as limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC objects to the use of the term "any" evidence on the ground that such request is vague, overly broad, unduly burdensome, oppressive, and not reasonably calculated to lead to the discovery of admissible evidence.  DC does not object to or withhold any information based on the definition of "IDENTIFY," as this definition mirrors in large part language that DC employed in its own discovery requests.  Defendants previously objected to this same language in DC's requests as impermissibly overbroad.  Based on defendants' tacit acknowledgement that DC's use of this term is proper, DC will answer this discovery and has confirmed with defendants that they will do the same.

Subject to and without waiving the foregoing objections, DC responds as follows:

DC00001-5, DC00008-12, DCC00000557-3336, DCC00004510-20, DCC00007102-7159, DCC00007147-7159, DCC00007183-7198, DCC00007826-7837, DCC00045557-45591, DCC00045603-45613, DCC00056945-56950, DCC00057538-57550, DCC00089361-89365, DCC000141525, DCC00142156-142342, WB000670-3453, WB005709-5766, WB006588-6602, WB008050-8053,

1 | WB008305-8316, WB009991-10003, PPC00001-09, IPW00001-16, Q0001-07,

2 | LSL00211-212, LSL00482-486, SGL000003529-3237.

3 |   Subject to and without waiving all foregoing objections, DC refers

4 | defendants' attention to its complaint and attached exhibit (Docket No. 49, Docket

5 | No. 49 Ex. A), all briefing in this action—including, but not limited to, the briefing

6 | and exhibits filed in connection with defendants' Rule 12 and SLAPP motions

7 | (Docket Nos. 30, 30-1 to 30-5, 31, 31-1, 31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2,

8 | 35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to 77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4,

9 | 81, 89, 90, 91, 92, 93, 94, 94-1 to 94-40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100,

10 | 100-1 to 100-3, 102, 102-1, 103, 103-1, 106, 107, 108, 146, 146-1 to 146-4, 147,

11 | 147-1 to 147-3, 148, 148-1 to 148-5, 149, 150, 151, 154, 156, 181, 182, 182-1 to

12 | 182-40, 183, 183-1 to 183-4, 184, 185, 186, 191, 191-1, 192, 192-1 to 192-3, 193,

13 | 193-1 to 193-2, 194, 195, 195-1, 196, 196-1 to 196-4, 201, 202, 203, 304, 305-1 to

14 | 305-59, 306 (errata), 307, 308, 312, 312-1 to 312-2, 313, 314, 314-1 to 314-3, 333,

15 | 333-1 to 333-3, 334, 334-1 to 334-13, 335, 338, 338-1)—and all discovery in this

16 | action and the *Siegel* action (*e.g.*, DCC00000001-154435 and WB000001-

17 | 149488)—including, but not limited to, all deposition testimony in those cases and

18 | here.  All of these sources are incorporated by reference herein.

19 |   Given that discovery is ongoing in this case, and expert discovery has not yet

20 | begun, DC expressly reserves its right to supplement these Responses as more

21 | information becomes available, and to use in discovery and at trial any information

22 | omitted from these Responses as a result of mistake, inadvertence, or oversight.

23 |   Dated:  February 17, 2012   Respectfully submitted,

24 |          By:  /s/ Daniel M. Petrocelli

25 |           Daniel M. Petrocelli

26 |         Attorneys for Plaintiff DC Comics

27 |

28 |

**EXHIBIT C-36**



DC COMICS INC.
1325 Avenue of the Americas
New York, New York 10019
(212) 636-5555
FAX (212) 636-5401

Paul Levitz/Executive Vice President & Publisher

Dated as of August 1, 1992

Mr. Frank Shuster                    Ms. Jean Shuster Peavy
98-120 Queens Blvd., Apt. 4K          316 Horton Lane, NW
Rego Park, NY  11374                  Albuquerque, NM  87114

Dear Mr. Shuster and Ms. Peavy:

    This is to confirm our agreement to pay you, collectively, a total of
$25,000 a year, payable to Jean Shuster Peavy, commencing as of August 1,
1992, for as long as either one of you is alive.  Such amounts shall be
payable in accordance with Warner Communication Inc.'s customary payroll
practices and shall be subject to all applicable withholding taxes.  If Jean
Shuster Peavy shall predecease Frank Shuster, then the foregoing payments
shall be made to Frank Shuster for as long as he shall live.

    We ask you to confirm by your signatures below that this agreement fully
settles all claims to any payments or other rights or remedies which you may
have under any other agreement or otherwise, whether now or hereafter
existing regarding any copyrights, trademarks, or other property right in any
and all work created in whole or in part by your brother, Joseph Shuster, or
any works based thereon.  In any event, you now grant to us any such rights
and release us, our licensees and all others acting with our permission, and
covenant not to assert any claim of right, by suit or otherwise, with respect
to the above, now and forever.

    If, despite the terms of this agreement, either of you assert any such
claim of right, for any reason, you agree to refund to us, upon the making of
any such assertion, all amounts previously paid to you hereunder, and we will
have no obligation to make any further payments under this agreement.  We
also reserve all of our other rights, remedies and defenses in such an event.

    If after full consideration of the foregoing, you accept and agree to
all of the above, please so indicate by signing below where indicated.

                              Very truly yours,

                              DC Comics

                              By: _____
                                    Paul Levitz

ACCEPTED AND AGREED TO:

_____
Frank Shuster                         Dated: 10/2/92

_____
Jean Shuster Peavy                    Dated: 10/2/92

EXHIBIT D-37                                              8