| | |
|---|---|
| 1 | DANIEL M. PETROCELLI (S.B. #097802) |
| | dpetrocelli@omm.com |
| 2 | MATTHEW T. KLINE (S.B. #211640) |
| | mkline@omm.com |
| 3 | CASSANDRA L. SETO (S.B. #246608) |
| | cseto@omm.com |
| 4 | O'MELVENY & MYERS LLP |
| | 1999 Avenue of the Stars, 7th Floor |
| 5 | Los Angeles, CA 90067-6035 |
| | Telephone: (310) 553-6700 |
| 6 | Facsimile: (310) 246-6779 |

Attorneys for Plaintiff DC Comics

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| DC COMICS, | | Case No. CV 10-03633 ODW (RZx) |
| | Plaintiff, | **DISCOVERY MATTER** |
| v. | | **DECLARATION OF CASSANDRA SETO IN SUPPORT OF DC COMICS' PORTION OF THE JOINT STIPULATION REGARDING DEFENDANTS' MOTION TO COMPEL INTERROGATORY RESPONSES** |
| PACIFIC PICTURES CORPORATION, IP WORLDWIDE, LLC, IPW, LLC, MARC TOBEROFF, an individual, MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER, JEAN ADELE PEAVY, LAURA SIEGEL LARSON, an individual and as personal representative of the ESTATE OF JOANNE SIEGEL, and DOES 1-10, inclusive, | | |
| | | **Judge**: Hon. Otis D. Wright II |
| | | **Magistrate**: Hon. Ralph Zarefsky |
| | Defendants. | **Complaint filed**: May 14, 2010 |
| | | **Trial Date**: None Set |
| | | **Hearing Date**: Aug. 13, 2012 |
| | | **Hearing Time**: 10:00 a.m. |
| | | **Courtroom:** 540 |

SETO DECL. ISO DC COMICS'
OPP. TO DEFS.' MTN TO COMPEL

**DECLARATION OF CASSANDRA SETO**

I, Cassandra Seto, declare and state as follows:

1. I am an attorney licensed to practice in the State of California and admitted to the Central District of California. I am a counsel at O'Melveny & Myers LLP, counsel of record for plaintiff DC Comics in the above-entitled action. I make this declaration in support of DC Comics' Opposition To Defendants' Motion To Compel Interrogatory Responses. I have personal knowledge of the matters set forth in this declaration.

2. DC's Rule 26 disclosures, served in September 2010, identified witnesses in support of its claims, including Paul Levitz, the DC representative who negotiated with the Shusters in 1992 and years subsequent. Attached hereto as Exhibit 1 is a true and correct copy of Plaintiff DC Comics' Initial Disclosures, dated September 13, 2010.

3. Despite these disclosures, defendants took no discovery in the case—either into DC's claim, or of witnesses like Levitz—for 19 months after DC filed its complaint in May 2010.

4. In November 2011, DC told defendants it wished to adjudicate without delay its First and Third Claims. DC asked defendants to stipulate to a bifurcated bench trial on both claims, and informed them and the Court in a January 2012 joint status report that, if a bifurcated trial could not be had, DC intended to move for partial summary judgment on its First Claim. Docket No. 364 at 8-9. Attached hereto as Exhibit 2 is a true and correct copy of a letter from my colleague Daniel Petrocelli to Marc Toberoff, dated November 11, 2011. Attached hereto as Exhibit 3 is a true and correct copy of an email from Mr. Petrocelli to Mr. Toberoff dated November 18, 2012, attaching a draft bifurcation stipulation.

5. On December 13, 2011, defendants finally served interrogatories and document requests on DC, all of which DC answered, and the latter of which defendants have never moved to compel on.

1    6.   Defendants wrote to DC several weeks later requesting a Rule 37 conference to discuss DC's responses to Interrogatory Nos. 1-4, as well as other discovery issues. Arredondo Decl. Ex. A at 2-3. DC responded on March 15, setting forth concerns with defendants' letter and expressing a willingness to resolve the issue. *Id.* Ex. B at 5-8.

7.   The next day, my colleague, Jason Tokoro, and I met and conferred with Keith Adams—an associate who no longer worked at Marc Toberoff's law firm at the time defendants' motion was filed, but who has now apparently rejoined the firm—and Pablo Arredondo. During the call, as DC did in its letter, we offered to amend or supplement DC's responses to provide further details if (a) Peary narrowed his interrogatories and identified his theories of relevance for specific requests; and (b) defendants agreed to provide the same level of specificity in their discovery responses. Mr. Adams said he needed to confer with Mr. Toberoff, and that defendants would consider DC's proposal and respond.

8.   Mr. Adams never called or wrote DC again regarding DC's interrogatory responses, and the issue lay dormant for four months, until July 13, 2012, when Mr. Peary filed this motion to compel.

9.   Neither during the meet-and-confer, nor since, did Mr. Adams or any defense counsel (save in their present motion) complain that DC's response to Interrogatory No. 11—or any other interrogatory for that matter—was improper because it contained documents post-dating 1992.

10.  On June 21, 2012, DC wrote to defendants to request a final conference on its partial summary judgment motion. In the letter, DC told defendants it would be moving on its First Claim on the grounds identified in DC's January 2012 joint-status report, including the "1992 Agreement" and "Majority Interest" issues set forth therein. Attached hereto as Exhibit 4 is a true and correct copy of a letter from my colleague Matthew Kline to Richard Kendall and Mr. Toberoff, dated June 21, 2012.

- 2 -    SETO DECL. ISO DC COMICS' OPP. TO DEFS.' MTN TO COMPEL

11. In a telephonic meet-and-confer on June 27 (in which Mr. Tokoro and I participated), DC reiterated it would be moving for summary judgment on its First Claim on the grounds identified in DC's January 2012 joint-status report.

12. Neither in response to DC's June 21 letter nor on the parties' June 27 meet-and-confer call did defendants raise any issue or concern about DC's responses to Mr. Peary's interrogatories.

13. On June 28, 2012, defendants served DC with notices of deposition for both Mr. Levitz and a Rule 30(b)(6) witness. Attached hereto as Exhibits 5 and 6 are true and correct copies of defendants' deposition notices for Mr. Levitz and DC's Rule 30(b)(6) witness.

14. DC told defendants that Mr. Levitz would serve as its 30(b)(6) witness, and that he was available to be deposed on July 26, 2012. Attached hereto as Exhibit 7 is a true and correct copy of a letter from Mr. Kline to Mr. Kendall and Mr. Toberoff, dated July 3, 2012.

15. Defendants also subpoenaed Martin Payson and Lillian Laserson, two DC-related lawyers, both for depositions and to produce documents. Attached hereto as Exhibits 8-11 are true and correct copies of defendants' subpoenas to Mr. Payson and Ms. Laserson.

16. Over the next several weeks, DC (through Mr. Petrocelli, Mr. Kline, and I) had numerous conversations with defendants (mainly Mr. Toberoff) about DC's motion for summary judgment, its scheduling, and the discovery defendants believed they needed to oppose it, including the depositions noted above. Mr. Kline and I also discussed with Mr. Toberoff two new documents DC produced that were responsive to defendants' document requests in this case. The parties also discussed the fact that Mr. Levitz, and not Mr. Payson or Ms. Laserson, would file a declaration on behalf of DC in moving for summary judgment.

17. Not once in these many discussions about whether Mr. Payson and Ms. Laserson were even appropriate witnesses to be deposed, what date Mr. Levitz

1   would be deposed, and what discovery DC needed to oppose defendants' threatened
2   cross-motion for summary judgment, did defendants raise the issue of DC's
3   interrogatory responses. Defendants also never brought up Mr. Peary's current
4   motion to compel. Instead, the parties finally agreed on a deposition date for
5   Mr. Levitz, reached an impasse about a briefing schedule on the summary judgment
6   motion, and defendants stopped pressing for deposition dates for Mr. Payson and
7   Ms. Laserson.

8       18.    Attached hereto as Exhibit 12 is a true and correct copy of an e-mail
9   from Mr. Kline to Mr. Toberoff sent on behalf of Mr. Kline, dated July 13, 2012.

10       19.    Attached hereto as Exhibit 13 is a true and correct copy of an e-mail
11   sent by Mr. Arredondo to Mr. Petrocelli, dated July 13, 2012 (with defendants'
12   portion of the Joint Stipulation Regarding Defendants' Motion To Compel
13   Interrogatory Responses attached; remaining attachments omitted).

14       20.    Attached hereto as Exhibit 14 is a true and correct copy of a letter from
15   Mr. Kline to Mr. Toberoff, dated July 15, 2012.

16       21.    Attached hereto as Exhibit 15 is a true and correct copy of an e-mail
17   chain between Mr. Kline and Mr. Arredondo dated July 15 through 16, 2012.

18       22.    Attached hereto as Exhibit 16 is a true and correct copy of an email
19   chain between Mr. Toberoff and Mr. Kline dated June 5 through 12, 2012.

20       23.    Attached hereto as Exhibit 17 is a true and correct copy of a letter from
21   Mr. Kline to Mr. Toberoff, dated July 17, 2012.

22       24.    DC amended its interrogatory responses on July 20, 2012, to omit
23   information Mr. Peary complained about in response to Interrogatory No. 11; to
24   reference two new documents it produced weeks ago and that were responsive; and
25   to reference both its summary judgment filing and Mr. Levitz's declaration in
26   support of it. Attached hereto as Exhibit 18 are DC's Amended Responses To
27   Defendant Mark Warren Peary's First Set Of Interrogatories.
28

SETO DECL. ISO DC COMICS'
OPP. TO DEFS.' MTN TO COMPEL

25. Attached hereto as Exhibit 19 is a true and copy of an email from my colleague Ashley Pearson to Mr. Toberoff dated July 20, 2012 (with DC's portion of the Joint Stipulation Regarding Defendants' Motion To Compel Interrogatory Responses attached; remaining attachments omitted).

26. Attached hereto as Exhibit 20 is a true and correct copy of an email from Mr. Arredondo to me dated July 23, 2012.

27. Attached hereto as Exhibit 21 is a true and correct copy of an email chain between Mr. Kline and Mr. Arredondo dated July 23, 2012.

28. Attached hereto as Exhibit 22 is a true and correct copy of an email chain between Mr. Kline and Mr. Toberoff dated July 23, 2012.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration is executed this 24th day of July 2012 at Los Angeles, California.

/s/ Cassandra Seto
Cassandra Seto