Marc Toberoff (State Bar No. 188547)
  mtoberoff@ipwla.com
Keith G. Adams (State Bar No. 240497)
  kgadams@ipwla.com
Pablo D. Arredondo (State Bar No. 241142)
  parredondo@ipwla.com
TOBEROFF & ASSOCIATES, P.C.
22337 Pacific Coast Highway #348
Malibu, California 90265
Telephone:   (310) 246-3333
Fax:         (310) 246-3101

Attorneys for Defendants Mark Warren Peary, as personal representative of the Estate of Joseph Shuster, Jean Adele Peavy, and Laura Siegel Larson, individually and as personal representative of the Estate of Joanne Siegel

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| DC COMICS,<br><br>           Plaintiff,<br><br>    vs.<br><br>PACIFIC PICTURES CORPORATION; IP WORLDWIDE, LLC; IPW, LLC; MARC TOBEROFF, an individual; MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER; JEAN ADELE PEAVY, an individual; LAURA SIEGEL LARSON, individually and as personal representative of the ESTATE OF JOANNE SIEGEL, and DOES 1-10, inclusive,<br><br>           Defendants. | Case No: CV 10-03633 ODW (RZx)<br><br>Hon. Otis D. Wright II, U.S.D.J.<br>Hon. Ralph Zarefsky, U.S.M.J.<br><br>**DEFENDANTS' OBJECTIONS TO EVIDENCE IN PLAINTIFF'S STATEMENT OF UNDISPUTED FACTS, DECLARATIONS, AND EXHIBITS**<br><br>*Opposition; Declaration of Keith G. Adams; Statement of Genuine Issues; and [Proposed] Order filed concurrently herewith*<br><br>Complaint filed:  May 14, 2010<br>Discovery Cutoff: None Set<br>Trial Date:       None Set<br><br>Date:  August 20, 2012*<br>Time:  1:30 p.m.<br>Place: Courtroom 11 |

Defendants respectfully submit the following Objections to Evidence in Plaintiff's Statement of Undisputed Facts, Declarations, and Attached Exhibits:

<u>Objection to Uncontroverted Fact 5:</u>  It is irrelevant to DC's claims whether Siegel and Shuster were compensated in royalties and bonuses. It is also irrelevant whether those royalties and bonuses increased with Superman's success. The Copyright Act's termination rights, 17 U.S.C.§§ 304(c),(d), 203(a), do not depend upon how much money an author previously made as a result of his creation, and DC's only purpose in alleging these purported facts is to elicit prejudice. Fed. R. Evid. 401, 402, 403.

<u>Objection to Uncontroverted Fact 6:</u>  It is irrelevant to DC's claims how much Jerry Siegel and Joseph Shuster were purportedly paid by DC during their lifetimes. The Copyright Act's termination rights do not depend upon how much money an author previously made as a result of his creation, and DC's only purpose in alleging these purported facts is to elicit prejudice. Fed. R. Evid. 401, 402, 403.

DC's calculation of the present day value of purported payments using an "online inflation calculator" is improper lay opinion, lacks sufficient underlying facts and data, and foundation. Fed. R. Evid. 701, 702.

<u>Objection to Uncontroverted Fact 8:</u>  It is irrelevant to DC's claims how much Siegel and Shuster were purportedly paid under the 1975 agreement. The termination right does not depend upon how much an author previously made as a result of his creation, and DC's only purpose in alleging these purported facts is to elicit prejudice. Fed. R. Evid. 401, 402, 403.

DC's calculation of the present day value of purported payments using an "online inflation calculator" is improper lay opinion, lacks sufficient underlying facts and data, and foundation. Fed. R. Evid. 701, 702.

<u>Objections to Uncontroverted Fact 9:</u>  It is irrelevant to DC's claims whether DC increased the annual payments, made periodic cost-of-living adjustments, gave special bonuses, or paid to have Siegel, Shuster, and their families travel to

Superman-related events. The termination right does not depend upon any of these issues and DC raises them merely to elicit prejudice. Fed. R. Evid. 401, 402, 403.

Objections to Uncontroverted Fact 10: It is irrelevant to DC's claims how much the Siegels and Shusters have been paid under the 1975 agreement. The termination right does not depend upon how much an author or his heirs made as a result of the author's creation, and DC's only purpose in alleging these purported facts is to elicit prejudice. Fed. R. Evid. 401, 402, 403.

Again, DC's calculation of the present day value of purported payments to the Siegels and Shusters is improper lay opinion, lacks sufficient underlying facts and data, and lacks foundation. Fed. R. Evid. 701, 702.

Objections to Uncontroverted Fact 11: To the extent that DC implies that Siegel and Shuster did not exercise their termination rights because they did not want to get their Superman copyrights back, this is unsupported by the evidence cited, is speculative, lacks personal knowledge, and lacks foundation. Fed. R. Evid. 602.

Moreover, it is irrelevant to DC's claims whether Siegel or Shuster wanted to get their Superman copyrights back, and DC's only purpose in alleging these purported facts is to elicit prejudice. Fed. R. Evid. 401, 402, 403.

Objections to Uncontroverted Fact 14: It is irrelevant to DC's claims that Jean Peavy purportedly filed an affidavit in California state court identifying herself as Shuster's heir and/or requesting that his minimal assets (shares of Time Warner stock) be transferred to her. Fed. R. Evid. 401, 402, 403.

As Joseph Shuster's sister, Jean Peavy did not have any termination rights and could not gain any such rights from this alleged transfer, otherwise. 17 U.S.C. §§ 304(c)(2), 304(d). Nor did anyone hold any Shuster termination rights until termination rights were extended for the first time to the executor of an author's estate by the 1998 Copyright Term Extension Act. *Id*. Nor did Jean Peavy hold any Superman copyright interest, as Siegel and Shuster's Superman copyrights had long

ago been assigned to DC. *Siegel v. Warner Bros. Ent. Inc.* ("*Siegel I*"), 542 F. Supp. 2d 1098, 1107-10 (C.D. Cal. 2008).

<u>Objections to Uncontroverted Fact 15:</u>  It is also not relevant to DC's claims that Jean Peavy purportedly wrote to DC, identifying herself as Shuster's heir, and asking for his final debts and expenses to be paid.  Fed. R. Evid. 401, 402, 403.

<u>Objections to Uncontroverted Fact 16:</u>  It is also not relevant to DC's claims that DC purportedly offered to cover Joe Shuster's debts, and DC only makes this factual claim to elicit prejudice.  Fed. R. Evid. 401, 402, 403.

<u>Objections to Uncontroverted Fact 17:</u>  It is also not relevant to DC's claims that Frank Shuster sent a letter to Paul Levitz stating he was pleased that DC increased his survivor payments, and asking that such payments be sent to his sister for tax purposes.  Frank Shuster's pleasure and/or displeasure with the payments has no bearing on the inalienable termination right of the executor of Joe Shuster's estate. 17 U.S.C. §§ 304(c)(5), 203(a)(5), 304(d); *Stewart v. Abend*, 495 U.S. 207, 230 (1990); *Classic Media, Inc. v. Mewborn* ("*Mewborn*"), 532 F.3d 978, 984-8l; *Marvel Character, Inc. v. Simon* ("*Simon*"), 310 F.3d 280, 290.  DC again includes these purported facts merely to elicit prejudice.  Fed. R. Evid. 401, 402, 403.

To the extent that DC seeks to rely upon the letter for the truth of the matter asserted, it is inadmissible hearsay.  Fed. R. Evid. 801, 802.  To the extent that DC seeks to characterize Frank Shuster's state of mind based upon the letter, it lacks personal knowledge and foundation.  Fed. R. Evid. 602.

<u>Objections to Uncontroverted Fact 18:</u>   DC's assertion that Paul Levitz gave the same admonition to every writer, artist, or family member is improper habit evidence.  Fed. R. Evid. 406.  It is also irrelevant to DC's claims because the inalienable termination right cannot be overcome by an admonition and can be exercised "notwithstanding any agreement to the contrary."  17 U.S.C. §§ 304(c)(5), 203(a)(5), 304(d); *Stewart v. Abend*, 495 U.S. 207, 230 (1990); *Mewborn*, 532 F.3d 978, 984-8l; *Simon*, 310 F.3d at 290.

Objections to Uncontroverted Fact 19: DC's assertion that Jean and Frank "re-granted all of Joe Shuster's rights (including any Superman copyrights) to DC and vowed never to assert a claim to such rights" is wholly unsupported by the evidence cited, lacks foundation and amounts to inadmissible speculation, argument, and legal conclusion. Fed. R. Evid. 602, 701, 702.

DC's assertion is also irrelevant because the 1992 agreement, as a matter of copyright law, could not prevent or otherwise limit the executor of the Shuster Estate (which was not even a party to the agreement) from later exercising his inalienable termination right. 17 U.S.C. §§ 304(c)(5); 203(a)(5), 304(d); *Stewart*, 495 U.S. at 230; *Mewborn*, 532 F.3d at 984-8l; *Simon*, 310 F.3d at 290;Fed. R. Evid. 401, 402.

Objections to Uncontroverted Fact 20: It is irrelevant to DC's claims that it purportedly maintained good relations with the Shusters, by sending letters back and forth. The Shuster executor's termination right does not depend upon the Shuster heirs having had poor relations with DC. Nor is it relevant whether Jean Peavy thanked DC, reaffirmed the 1992 Agreement, or requested Christmas bonuses. The termination right is inalienable and cannot be waived or limited by supposedly good relations with DC, the 1992 Agreement, or bonuses. 17 U.S.C. 304(c)(5); 203(a)(5); *Stewart*, 495 U.S. at 230; *Mewborn*, 532 F.3d at 984-8l; *Simon*, 310 F.3d at 290. DC injects these irrelevant factual claims into its motion only to elicit prejudice. Fed. R. Evid. 401, 402, 403.

Objections to Uncontroverted Fact 21: It is irrelevant to DC's claims that Jean Peavy purportedly stated she was not planning to reclaim the Superman copyright. Nor is it relevant that she allegedly stated she would "stick to our bargain." Jean Peavy (Joseph Shuster's sister) has never held any termination rights under the Copyright Act. *See* 17 U.S.C. § 304(c)(2). Moreover, neither the 1992 Agreement nor statements in a letter can waive or limit the inalienable termination right, as a matter of copyright law. 17 U.S.C. §§ 304(c)(5); 203(a)(5); *Stewart*, 495 U.S. at 230;

*Mewborn*, 532 F.3d at 984-8l; *Simon*, 310 F.3d at 290.  These irrelevant factual claims are meant only to elicit prejudice.  Fed. R. Evid. 401, 402, 403.

<u>Objections to Uncontroverted Fact 22:</u>  It is irrelevant to DC's claims that Jean Peavy allegedly stated she would "honor" the 1992 agreement after learning that the Siegel heirs had served termination notices.  Jean Peavy (Joseph Shuster's sister) has never held any termination rights under the Copyright Act.  *See* 17 U.S.C. § 304(c)(2).  Moreover, such statements cannot waive or limit the inalienable termination right as a matter of copyright law. 17 U.S.C. 304(c)(5); 203(a)(5); *Stewart*, 495 U.S. at 230; *Mewborn*, 532 F.3d at 984-8l; *Simon*, 310 F.3d at 290.  The only purpose DC has in alleging such an irrelevant fact is to elicit prejudice.  Fed. R. Evid. 401, 402, 403.

<u>Objections to Uncontroverted Fact 23:</u>  It is irrelevant to DC's claims that DC provided Jean Peavy with Christmas bonuses; such bonuses have no effect on the Shuster executor's termination right.  *See* 17 U.S.C. §§ 304(c)(2), 304(c)(5), 203(a)(5), 304(d); *Stewart*, 495 U.S. at 230; *Mewborn*, 532 F.3d at 984-8l; *Simon*, 310 F.3d at 290 .  DC alleges these irrelevant facts merely to elicit bias. Fed. R. Evid. 401, 402, 403.

<u>Objections to Uncontroverted Fact 24:</u>  It is again irrelevant to DC's claims whether DC paid Jean Peavy a bonus; such bonuses have no effect on the Shuster executor's termination right.  *See* 17 U.S.C. §§ 304(c)(2), 304(c)(5), 203(a)(5), 304(d); *Stewart*, 495 U.S. at 230; *Mewborn*, 532 F.3d at 984-8l; *Simon*, 310 F.3d at 290.  DC alleges these irrelevant facts merely to elicit bias.  Fed. R. Evid. 401, 402, 403.

<u>Objection to Uncontroverted Fact 25:</u>  How much Frank and Jean Shuster were paid under the 1992 agreement and any bonuses are irrelevant to DC's claims, and have no effect on the Shuster executor's termination right.  Fed. R. Evid. 401, 402.  *See* 17 U.S.C. §§ 304(c)(2), 304(c)(5), 203(a)(5), 304(d); *Stewart*, 495 U.S. at 230; *Mewborn*, 532 F.3d at 984-8l; *Simon*, 310 F.3d at 290.

  <u>Objection to Uncontroverted Fact 26</u>:  Mark Warren Peary's age, residence, and career are all irrelevant to DC's claims.  So too is whether Jean Peavy was of sound mind when she sent DC letters, as the letters are irrelevant as set forth above.  DC makes these irrelevant factual claims merely to elicit prejudice.  Fed. R. Evid. 401, 402, 403.

  <u>Objections to Uncontroverted Fact 27</u>:  Jean Peavy's physical and mental health is irrelevant to DC's claims.  As the sister of Joseph Shuster, Jean has never held termination rights under the Copyright Act, 17 U.S.C. § 304(c)(2), or purported to exercise those rights.  DC raises these issues merely to elicit prejudice. Fed. R. Evid. 401, 402, 403.

  <u>Objections to Uncontroverted Fact 28</u>:  Mark Warren Peary's screenplay, its contents, and that he sent it to Paul Levitz are all irrelevant to DC's claims. Fed. R. Evid. 401, 402, 403.  Moreover, to the extent that DC attempts to rely on the screenplay to establish that Shuster and DC "made amends," the screenplay does not support the claimed fact and is inadmissible hearsay.  Fed. R. Evid. 801, 802.  The screenplay also lacks foundation and personal knowledge.   Fed. R. Evid. 602.  The irrelevant screenplay is mentioned only to elicit prejudice.  Fed. R. Evid. 403.

  <u>Objections to Uncontroverted Fact 29</u>:  It is irrelevant to DC's claims that Mark Warren Peary submitted a revised copy of his screenplay after Warner Bros. rejected it.  It is likewise irrelevant that Mark Warren Peary asked Paul Levitz if the Siegel family's statutory termination would interfere with his efforts to sell the screenplay.  DC makes these irrelevant factual allegations to elicit prejudice. Fed. R. Evid. 401, 402, 403.

  <u>Objections to Uncontroverted Fact 30</u>:  There is no evidence to support the purported fact that Mark Warren Peary affirmed the 1992 agreement.  There is no evidence to support the purported fact that Mark Warren Peary accepted payments under the 1992 agreement.  Moreover, that Jean Peavy, or even Mark Warren Peary, purportedly affirmed the 1992 agreement and/or accepted  payments under it is not

relevant to DC's claims. Fed. R. Evid. 401, 402. Jean Peavy (Joseph Shuster's sister) has never held any termination rights. Mark Warren Peary has also personally never held termination rights under the Copyright Act. After the Joseph Shuster's estate was probated in mid-2003, Mr. Peary was duly appointed the executor of Joseph Shuster's estate, and holds termination rights under the Copyright Act only in that capacity. 17 U.S.C. §§ 304(c)(2), 304(d). Moreover, the termination right is inalienable and cannot be waived, released, or limited by alleged statements, or otherwise. 17 U.S.C. §§ 304(c)(5), 203(a)(5); *Stewart*, 495 U.S. at 230; *Mewborn*, 532 F.3d at 984-8l; *Simon*, 310 F.3d at 290.

Objections to Uncontroverted Fact 33: Mark Warren Peary's purported statement that he understood that Joseph Shuster's termination rights were being transferred to the venture constitutes improper lay opinion. Fed. R. Evid. 701. It also represents improper legal opinion. Fed. R. of Evid. 702; *see also Aguilar v. International Longshoremen's Union Local #10*, 966 F.2d 443, 447 (9th Cir. 1992) (explaining that legal opinions and conclusions are "inappropriate subjects [even] for expert testimony"). Moreover, the purported statement is irrelevant to DC's claims since termination interests cannot be transferred to a third party prior to the effective date of termination, regardless of the parties' understandings. 17 U.S.C. §304(c)(6)(D); Fed. R. Evid. 401, 402. Finally, the right to serve a termination notice is held solely by a certain statutorily-defined class of persons, and the joint venture was not and has never been a member of any such class. *See* 17 U.S.C. § 304(c)(2)(A)-(D). No private contract could create a new statutory class eligible or required to sign a termination notice.

Objections to Uncontroverted Fact 35: It is irrelevant to DC's claims whether Mark Warren Peary negotiated the Pacific Picture agreements directly with Marc Toberoff without receiving outside advice from counsel. DC raises this issue merely to elicit prejudice. Fed. R. Evid. 401, 402, 403.

<u>Objections to Uncontroverted Fact 36:</u>  It is irrelevant to DC's claims when Mark Warren Peary purportedly told his mother, Jean Peavy, about the Pacific Pictures agreements.  Jean Peavy (Joseph Shuster's sister) has never held any termination rights under the Copyright Act or purported to exercise any such rights.  *See* 17 U.S.C. § 304(c)(2).  DC makes this unsupported and irrelevant factual claim solely to elicit prejudice.  Fed. R. Evid. 401, 402, 403.

<u>Objections to Uncontroverted Fact 37:</u>  It is irrelevant to DC's claims whether Mark Warren Peary's mother handled legal matters relating to the Pacific Pictures agreements.  It is likewise irrelevant if she knew what was going on with these various legal matters.  Jean Peavy (Joseph Shuster's sister) has never held any termination rights under the Copyright Act nor has she purported to exercise any such rights.  *See* 17 U.S.C. § 304(c)(2).  DC raises this irrelevant issue only in an effort to elicit prejudice.  Fed. R. Evid. 401, 402, 403.

<u>Objections to Uncontroverted Fact 38:</u>  It is irrelevant to DC's claims whether Jean Peavy allegedly filed an affidavit in California court to obtain Joe Shuster's minimal assets (shares of Time Warner stock).  It is also irrelevant whether it was Jean or Mark Warren Peary who later asked the court (when a petition was filed in 2003 to probate Shuster's estate according to his will) to duly appoint Peary as the executor of Joseph Shuster's estate, although it was, in fact, Jean (age 86) who declined to act as executrix.  DC makes these purported factual claims merely to elicit prejudice.  Fed. R. Evid. 401, 402, 403.

<u>Objections to Uncontroverted Fact 39:</u>  The length of time Joseph Shuster's estate must be kept open is also irrelevant to DC's claims.  Fed. R. Evid. 401, 402, 403.  The estate was expressly probated to avail itself of the termination right (extended to estates by the 1998 CTEA) and is kept open at least until the effective 2013 termination date, because the copyright interests reverting under the termination cannot be transferred in advance.  17 U.S.C. §304(c)(6)(D).

<u>Objections to Uncontroverted Fact 44:</u>  Whether the Siegel heirs and the Shuster Estate served new termination notices in 2012 terminating certain "promotional announcements" is irrelevant to DC's claims.   Fed. R. Evid. 401, 402.

<u>Objections to Uncontroverted Fact 45:</u>  The purported fact that Joe Shuster 's original wish was to take care of his brother Frank Shuster and not his sister Jean is irrelevant to DC's claims.  Fed. R. Evid. 401, 402.  Furthermore, the only evidence DC cites in support of this claim is Paul Levitz's Declaration.  Levitz could not have independently known Joe Shuster's wishes, does not purport to have discussed the issue with him, and offers no other basis for this alleged fact.  It is therefore unsupported by the evidence cited and lacks foundation and personal knowledge.  Fed. R. Evid. 602.  It is also improper opinion testimony.  Fed. R. Evid. 701.  DC makes this improper factual claim merely to elicit prejudice.  Fed. R. Evid. 403.

<u>Objections to Decl. of Daniel Petrocelli ("PD") Ex. Ex. 43 (Fact 27):</u>  Exhibit 43 is a copy of an anonymous document written by the thief who stole privileged documents from Mr. Toberoff's law firm – the so-called "Timeline."  This anonymous and wholly unreliable document is rife with inadmissible hearsay, if not, double and triple hearsay.  Fed. R. Evid. 801, 802.  It lacks foundation and personal knowledge.  Fed. R. Evid. 602.   It includes numerous improper legal conclusions.  Fed. R. Evid. 701, 702; *see also Aguilar*, 966 F.2d at 447.  Finally, it is wholly irrelevant to DC's Motion for Partial Summary Judgment and Fact 27 for which it is purportedly cited, and is thus introduced merely to elicit prejudice.  Fed. R. Evid. 401, 402, 403.

| Dated:  July 30, 2012 | RESPECTFULLY SUBMITTED, |
|---|---|
| | /s/ Marc Toberoff |
| | TOBEROFF & ASSOCIATES, P.C. |
| | Attorneys for Defendants Mark Warren Peary *et al.* |