UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| DC COMICS,<br><br>        Plaintiff,<br><br>    vs.<br><br>PACIFIC PICTURES CORPORATION; IP WORLDWIDE, LLC; IPW, LLC; MARC TOBEROFF, an individual; MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER; JEAN ADELE PEAVY, an individual; LAURA SIEGEL LARSON, individually and as personal representative of the ESTATE OF JOANNE SIEGEL, and DOES 1-10, inclusive,<br><br>        Defendants. | Case No: CV 10-03633 ODW (RZx)<br><br>Hon. Otis D. Wright II, U.S.D.J.<br>Hon. Ralph Zarefsky, U.S.M.J.<br><br>**[PROPOSED] ORDER DENYING PLAINTIFF DC COMICS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON ITS FIRST AND THIRD CLAIMS FOR RELIEF**<br><br>Hon. Otis D. Wright II |

[PROPOSED] ORDER DENYING DC'S MOTION FOR PARTIAL SUMM. J.

The Court, having reviewed and considered plaintiff DC Comics' ("DC") Motion For Partial Summary Judgment On Its First and Third Claims For, defendants' opposition thereto, and all further submissions and arguments on the matter, and good cause appearing, hereby DENIES DC's motion and orders the entry of judgment in favor of defendants on DC's First and Third Claims.

1. There is no basis to grant DC summary judgment, and summary judgment should be granted in defendants' favor, on Section (1) of DC's First Claim for Relief (Docket No. 49 ("FAC") ¶¶107-11) regarding the 1992 Agreement between DC and Joe Shuster's siblings, Frank Shuster and Jean Peavy.

The 1992 Agreement had no effect on termination rights because: (i) siblings have never held termination rights, 17 U.S.C. § 304(c)(2); (ii) the 1992 Agreement nowhere mentions termination; (iii) the Shuster Executor was not a party to the 1992 Agreement; (iv) *no one* held termination rights in 1992, as Shuster left no widow, child or grandchild; (v) there was no possibility of termination until the 1998 Copyright Term Extension Act ("CTEA") extended the termination right to an author's estate, 17 U.S.C. §§304(c)(2)(D), and (vi) even if the Shuster Executor had been a party to the 1992 Agreement, the termination right and/or the copyrights recaptured by termination could not be assigned or waived, and termination may be exercised "notwithstanding any agreement to the contrary." *See* 17 U.S.C. § 304(c)(5); § 304(c)(6)(B); *Marvel Characters, Inc. v. Simon*, 310 F.3d 280 (2d Cir. 2002).

Moreover, the unambiguous language of the 1992 Agreement cannot be interpreted to satisfy the "revocation and regrant" alternative to termination set forth in *Milne v. Stephen Slesinger, Inc.*, 430 F.3d 1036, 1042-45 (9th Cir. 2005). The "revocation" of prior copyright grants and the re-grant of such copyrights must be express, under both *Milne*, *supra*, and *Classic Media, Inc. v. Mewborn*, 532 F.3d 978, 989-91 (9th Cir. 2008).

The 1992 Agreement contains no language whatsoever revoking Siegel and

1
[PROPOSED] ORDER DENYING DC'S MOTION FOR PARTIAL SUMM. J.

Shuster's Superman grants on which DC has long relied. The 1992 Agreement does not even mention Superman. Since Siegel and Shuster's Superman copyrights had long ago been assigned to DC, Frank and Jean had no Superman copyrights to assign in 1992.

Further, even applying New York law, the 1992 Agreement does not cancel, rescind or novate the 1938 Grant or any subsequent Superman grants. *See Associated Food Stores, Inc. v. Siegel*, 205 N.Y.S.2d 208, 210 (1960); *May Dep't Stores Co. v. International Leasing Corp.* 1 F.3d 138, 140 (2d Cir. 1993); *Abuelhija v. Chappelle*, 2009 U.S. Dist. LEXIS 55861, 2009 WL 1883787, at *18 (S.D.N.Y. June 29, 2009).

2. There is no basis to grant DC summary judgment, and summary judgment should be granted in defendants' favor, on Section (2) of its First Claim for Relief (FAC ¶¶ 112-17) because the Shuster Executor's notice of termination was entirely proper, as it is the sole party with a termination right under 17 U.S.C. § 304(c)(2)(D). It is impossible for Pacific Pictures Corporation ("PPC") to have held the right to terminate, as is not a member of the statutory class given a termination right, 17 U.S.C. § 304(c)(2) (A)-(D).

Nor did PPC own any portion of the copyrights to be recaptured by termination because, as DC admitted in its own complaint (¶167) and motion (MSJ 8:14-15), the copyrights to be recaptured by a termination *cannot* be transferred to third parties until after the effective date of a termination notice (here, October 26, 2013), per 17 U.S.C. §304(c)(6)(D).

There was therefore no error in the Shuster Executor's notice of termination.

3. There is no basis to grant DC summary judgment, and summary judgment should be granted in defendants' favor, on Section (3) of DC's First Claim for Relief (FAC ¶¶ 118-24) because the Executor of Joseph Shuster's Estate clearly has a statutory termination right under 17 U.S.C. § 304(c)(2).

The (i) plain language of 17 U.S.C. § 304(c)(2)(D); (ii) clear objective and effect of the 1998 Copyright Term Extension Act to extend termination rights to the

executor of an author's estate, if the author (like Shuster) leaves no widow, child or grandchild; (iii) use of the term expired by the Copyright Office, and (iv) judicially accepted use of the term "expired," all contradict DC's argument that an author's termination right is "lost," but has not "expired" if the author dies before his termination window closes.  See 17 U.S.C. §§ 304(c)(2)(D), 304(d); *Siegel v. Warner Bros. Ent. Inc.* ("*Siegel I*"), 542 F. Supp. 2d 1098, 1114 n.3 (C.D. Cal. 2008); 3 M. Nimmer & D. Nimmer, 3 *Nimmer on Copyright* ("*Nimmer*") § 11.03[A][2][a] at 11-40.1-11.40.2 (emphasis added); *Stewart v. Abend*, 495 U.S. 207, 212 (1990);  67 Fed. Reg. 69134, 69135.

4.  There is no basis to grant DC summary judgment, and summary judgment should be granted in defendants' favor, on DC's Third Claim for Relief (FAC ¶¶ 165-73) because DC does not have an exclusive "right" to negotiate to buy the terminated Superman copyrights, or any other "right" or remedy under 17 U.S.C. § 304(c)(6)(D), as claimed by DC.  See *Bourne Co. v. MPL Commc'ns, Inc.*, 675 F. Supp. 859, 865 (S.D.N.Y. 1987); 3 *Nimmer* § 11.08[A], n.6 (2010); 3 *Patry on Copyright* § 7:47.  Since DC has no "right" under § 304(c)(6)(D),  DC lacks standing to bring this claim based on § 304(c)(6)(D).  6 *Patry on Copyright* § 21:18, *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001).

Moreover, since DC received the 2001/2003 PPC Agreements in November 2006 – three-and-a-half years prior to filing this lawsuit – its Third Claim is time-barred by the applicable three-year statute of limitations.  17 U.S.C. § 507(b).

The 2008 Consent Agreement, under which the Siegel heirs and Shuster Estate simply agreed to negotiate collectively *with DC*, does not violate anything, and the Shuster Executor in no event could grant the copyrights to be recaptured by its termination to anyone but DC, until after the effective termination date of October 26, 2013.

///

///

1     IT IS SO ORDERED

2

3 Dated: _____      _____
                                                                 Honorable Otis D. Wright II,
4                                                                  United States District Court