Marc Toberoff (State Bar No. 188547)
 mtoberoff@ipwla.com
Keith G. Adams (State Bar No. 240497)
 kgadams@ipwla.com
Pablo D. Arredondo (State Bar No. 241142)
 parredondo@ipwla.com
TOBEROFF & ASSOCIATES, P.C.
22337 Pacific Coast Highway #348
Malibu, California 90265
Telephone:  (310) 246-3333
Fax:          (310) 246-3101

Attorneys for Defendants Mark Warren
Peary, as personal representative of the
Estate of Joseph Shuster, Jean Adele Peavy,
and Laura Siegel Larson, individually and
as personal representative of the Estate of
Joanne Siegel

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| DC COMICS,<br><br>              Plaintiff,<br><br>    vs.<br><br>PACIFIC PICTURES CORPORATION; IP WORLDWIDE, LLC; IPW, LLC; MARC TOBEROFF, an individual; MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER; JEAN ADELE PEAVY, an individual; LAURA SIEGEL LARSON, individually and as personal representative of the ESTATE OF JOANNE SIEGEL, and DOES 1-10, inclusive,<br><br>              Defendants. | Case No: CV 10-03633 ODW (RZx)<br><br>Hon. Otis D. Wright II, U.S.D.J.<br>Hon. Ralph Zarefsky, U.S.M.J.<br><br>**DECLARATION OF MARC TOBEROFF IN SUPPORT OF DEFENDANTS' MOTION FOR RECONSIDERATION OF THE COURT'S JULY 16, 2012 ORDER**<br><br>*Motion, Declaration of Laura Siegel Larson, and [Proposed[ Order filed concurrently herewith*<br><br>Complaint filed:  May 14, 2010<br>Trial Date:  None Set<br><br>Date:      September 10, 2012<br>Time:      1:30 p.m<br>Place:     Courtroom 11 |

## DECLARATION OF MARC TOBEROFF

I, Marc Toberoff, declare as follows:

1.      I am a partner at the law firm of Toberoff & Associates, P.C., counsel of record for defendants Mark Warren Peary, as personal representative of the Estate of Joseph Shuster, Jean Adele Peavy, and Laura Siegel Larson, individually and as personal representative of the Estate of Joanne Siegel, in the above-captioned action, and for plaintiff Laura Siegel Larson in the related case of *Siegel v. Warner Bros. Entertainment Inc., et al.*, C.D. Cal. Case No. 04-CV-08400 ODW (RZx) ("*Siegel*"), and submit this declaration in support of Defendants' Motion for Reconsideration of the Court's July 16, 2012 Order.

2.      Attached hereto as Exhibit "A" is a true and correct copy of a screen capture I caused to be created showing the electronic files that I received from Renner Otto in summer 2011.

3.      Attached hereto as Exhibit "B" is a true and correct copy of a letter from Jennifer A. Moore, assistant to Don W. Bulson to Melvin Banchek, Executor for the Estate of Michael Siegel, dated June 15, 2006.

4.      Attached hereto as Exhibit "C" is a true and correct copy of excerpts from a privilege log produced by Don W. Bulson in 2006 in connection with the *Siegel* litigation.

5.      Attached hereto as Exhibit "D" is a true and correct copy of a letter from my colleague, Pablo Arredondo, to Daniel Petrocelli, counsel for DC, dated May 11, 2012.

6.      Attached hereto as Exhibit "E" is a true and correct copy of excerpts from the deposition of Laura Siegel Larson, dated July 22, 2011.

7.      Attached hereto as Exhibit "F" is a true and correct copy of an email sent by my colleague Pablo Arredondo to Cassandra Seto, counsel for DC, dated May 4, 2012.

8.      Attached hereto as Exhibit "G" is a true and correct copy of excerpts

1   from the deposition of Laura Siegel Larson dated August 1, 2006.

2       9.    Attached hereto as Exhibit "H" is a true and correct copy of excerpts

3   from the deposition of Mark Warren Peary dated November 11, 2006.

4       10.   Attached hereto as Exhibit "I" is a true and correct copy of excerpts

5   from my deposition dated November 17, 2006.

6       11.   Attached hereto as Exhibit "J" is a true and correct copy of excerpts

7   from a privilege log that Defendants produced on December 15, 2010.

8       12.   Attached hereto as Exhibit "K" is a true and correct copy of an email

9   sent by my colleague Pablo Arredondo to Matt Kline, counsel for DC, dated July 11,

10  2012.

11      13.   Attached hereto as Exhibit "L" is a true and correct copy of a letter from

12  Matt Kline to myself and Richard Kendall, counsel for defendants Pacific Pictures

13  Corporation, IPW LLC, IP Worldwide, LLC and Marc Toberoff, dated July 6, 2012.

14      14.   Attached hereto as Exhibit "M" is a true and correct copy of an email

15  sent from Matt Kline to myself dated July 12, 2012.

16      15.   Attached hereto as Exhibit "N" is a true and correct copy of a letter from

17  Jason Tokoro, counsel for DC to my colleague Pablo Arredondo, dated May 31,

18  2012.

19      16.   The document at issue in this motion is a November 17, 2001 email sent

20  from myself to Michael Siegel ("November 2001 Email") and concerning legal

21  representation.  The November 2001 Email was sent using a long-defunct AOL email

22  account that I have not had access to for nearly a decade.

23      17.   Contrary to DC Comics' assertions, Renner Otto did not send me a

24  paper copy of the November 2001 Email in 2006.  I first received the November 2001

25  Email in 2011 as part of Renner Otto's electronic database of Michael Siegel's client

26  files.

27  ///

28  ///

1    I declare under penalty of perjury of the laws of the United States of America

2    that the foregoing is true and correct.

3    Executed on August 2, 2012, at Malibu, California.

4

5    _____

6    Marc Toberoff

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF MARC TOBEROFF

| Name | Date modified | Type | Size |
|---|---|---|---|
| SIEG.G101 - 1937 - 1975 Correspondence | 5/8/2006 6:27 AM | Adobe Acrobat Document | 3,622 KB |
| SIEG.G101 - Joanne Siegel funds 10-18-00... | 5/8/2006 8:18 AM | Adobe Acrobat Document | 64 KB |
| SIEG.G101 - Joanne Siegel funds thru 10-... | 5/8/2006 7:59 AM | Adobe Acrobat Document | 2,521 KB |
| SIEG.G101 - Laura Larson funds 10-18-00 ... | 5/8/2006 8:02 AM | Adobe Acrobat Document | 926 KB |
| SIEG.G101 - Laura Larson funds thru 10-1... | 5/8/2006 7:55 AM | Adobe Acrobat Document | 9,022 KB |
| SIEG.G101 - Levine | 5/4/2006 8:52 AM | Adobe Acrobat Document | 6,282 KB |
| SIEG.G101 - Marks #1 | 5/5/2006 12:55 PM | Adobe Acrobat Document | 10,088 KB |
| SIEG.G101 - Marks #2 | 5/5/2006 1:16 PM | Adobe Acrobat Document | 10,098 KB |
| SIEG.G101 - Siegel #1 | 5/4/2006 12:51 PM | Adobe Acrobat Document | 9,486 KB |
| SIEG.G101 - Siegel #2 | 5/5/2006 11:38 AM | Adobe Acrobat Document | 6,400 KB |
| SIEG.G101 - Termination Interest Letter | 5/8/2006 7:42 AM | Adobe Acrobat Document | 464 KB |
| SIEG.G101 - Toberoff | 5/8/2006 7:40 AM | Adobe Acrobat Document | 1,161 KB |
| SIEG.G101- Fross Zelnick | 5/5/2006 1:19 PM | Adobe Acrobat Document | 840 KB |
| SIEG.G103 | 5/8/2006 6:39 AM | Adobe Acrobat Document | 3,863 KB |
| SIEG.G104 | 5/8/2006 6:41 AM | Adobe Acrobat Document | 1,025 KB |
| SIEG.G105 | 5/8/2006 6:43 AM | Adobe Acrobat Document | 1,559 KB |
| SIEG.G106 | 5/8/2006 6:44 AM | Adobe Acrobat Document | 104 KB |
| SIEG.G107 | 5/8/2006 6:46 AM | Adobe Acrobat Document | 1,326 KB |

**Exhibit A**

**4**

LAW OFFICES

## RENNER, OTTO, BOISSELLE & SKLAR, LLP

1621 EUCLID AVENUE - NINETEENTH FLOOR

CLEVELAND, OHIO   44115-2191

Tel: (216) 621-1113    Fax: (216) 621-6165

EMAIL: MAILROOM@RENNEROTTO.COM

Extension: 149

Direct Email: DBulson@RennerOtto.com

June 15, 2006

Melvin H. Banchek, Esq.
55 Public Square, Suite 918
Cleveland, Ohio 44113

> Re:    Estate of Michael Siegel
> Cuyahoga County Probate Court Case
> Number 2006 EST 0110075

Dear Mr. Bancheck:

Enclosed are Renner Otto's files pertaining to Michael Siegel.

Please be advised that we have retained a research file containing general research as well as files containing a copy of the termination notices and copies of litigation which Mrs. Larson provided us.

Please let us know if you have any questions.

Very truly yours,

Jennifer A. Moore
Assistant to Don W. Bulson

**Exhibit B**

**5**

Bulson Production
00001

## PRIVILEGE LOG OF BULSON ARCHIVE

| Log # | Date | Identity of Author(s) | Identity of Recipient(s) | Type | Privilege | Location |
|-------|------|----------------------|--------------------------|------|-----------|----------|
| 327 | 9/12/2001 | Michael Siegel | Atty Don Bulson | E-mail | Attorney/Client, Common Interest Privilege | Renner Otto |
| 328 | 9/13/2001 | Atty Don Bulson | Atty Kevin Marks | Letter | Attorney/Client, Common Interest Privilege | Renner Otto |
| 329 | 9/13/2001 | Atty Don Bulson | Atty Kevin Marks | Fax | Attorney/Client, Common Interest Privilege | Renner Otto |
| 330 | 9/13/2001 | Atty Don Bulson | Atty Kevin Marks | Letter | Attorney/Client, Common Interest Privilege | Renner Otto |
| 331 | 9/24/2001 | Atty Kevin Marks | Atty Don Bulson, Joanne Siegel, Laura Siegel Larson, Atty Bruce Ramer | Letter | Attorney/Client, Common Interest Privilege | Renner Otto |
| 332 | 9/24/2001 | Atty Kevin Marks | Atty Don Bulson | Fax | Attorney/Client, Common Interest Privilege | Renner Otto |
| 333 | 9/24/2001 | Atty Kevin Marks | Atty Don Bulson, Joanne Siegel, Laura Siegel Larson, Atty Bruce Ramer | Letter | Attorney/Client, Common Interest Privilege | Renner Otto |
| 334 | 10/17/2001 | Atty Kevin Marks | Atty Don Bulson, Joanne Siegel, Laura Siegel Larson, Atty Bruce Ramer | Letter | Attorney/Client, Common Interest Privilege | Renner Otto |
| 335 | 10/17/2001 | Atty Kevin Marks | Atty Don Bulson | Fax | Attorney/Client, Common Interest Privilege | Renner Otto |
| 336 | 10/18/2001 | Atty Kevin Marks | Laura Siegel Larson, Atty Don Bulson | Fax | Attorney/Client, Common Interest Privilege | Renner Otto |
| 337 | 10/19/2001 | Atty Kevin Marks | Atty Don Bulson | E-mail | Attorney/Client, Common Interest Privilege | Renner Otto |
| 338 | 10/24/2001 | Atty Don Bulson | Michael Siegel | Letter | Attorney/Client | Renner Otto |
| 339 | 11/17/2001 | Atty Marc Toberoff | Michael Siegel | E-mail | Attorney/Client | Renner Otto |
| 340 | 11/17/2001 | | | Printout | Attorney/Client | Renner Otto |
| 341 | 11/27/2001 | Atty Don Bulson | | Notes | Atty Work Product | Renner Otto |
| 342 | 12/6/2001 | Atty Kevin Marks | Atty Don Bulson | Fax | Attorney/Client, Common Interest Privilege | Renner Otto |
| 343 | 12/26/2001 | Michael Siegel | Atty Don Bulson | E-mail | Attorney/Client | Renner Otto |
| 344 | 1/3/2002 | Atty Kevin Marks | Atty Don Bulson | E-mail | Attorney/Client, Common Interest Privilege | Renner Otto |
| 345 | 1/10/2002 | Atty Kevin Marks | Atty Don Bulson | E-mail | Attorney/Client, Common Interest Privilege | Renner Otto |
| 346 | 1/22/2002 | Atty Kevin Marks | Atty Don Bulson | E-mail | Attorney/Client, Common Interest Privilege | Renner Otto |
| 347 | 1/30/2002 | Michael Siegel | Atty Don Bulson | E-mail (Unrelated) | Attorney/Client | Renner Otto |
| 348 | 1/31/2002 | Atty Don Bulson | Michael Siegel | E-mail (Unrelated) | Attorney/Client | Renner Otto |

# TOBEROFF & ASSOCIATES, P.C.

A PROFESSIONAL CORPORATION

22337 PACIFIC COAST HIGHWAY #348

MALIBU, CALIFORNIA 90265

MARC TOBEROFF*
KEITH G. ADAMS
PABLO D. ARREDONDO*
NICHOLAS C. WILLIAMSON

* Also admitted in New York

TELEPHONE
(310) 246-3333

FACSIMILE
(310) 246-3101

parredondo@ipwla.com

May 11, 2012

<u>Via U.S. Mail</u>

Daniel Petrocelli
O'Melveny and Myers LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067

Re:    <u>*DC Comics v. Pacific Pictures Corp., et al.*</u>, Case No. 10-CV-03633 ODW (RZx)

Dear Mr. Petrocelli:

Enclosed please find defendants' production of documents bates-stamped SD0001-00917.  As will readily be apparent, many of these documents were long ago produced in *Siegel v. Warner Bros. Entertainment Inc.*, C.D. Cal. Case No. 04-CV-08400 ODW (RZx), and have already been produced in this case, either directly or by designation of those documents produced in *Siegel* pursuant to the parties' stipulation.

Certain documents have been marked "Privileged & Confidential: All Rights Reserved."  These documents are being produced under protest and involuntarily pursuant to Magistrate Zarefsky's May 25, 2011, August 8, 2011 and May 10, 2012 Orders, and this production does not constitute a waiver of the attorney-client and common-interest privileges or of the attorney work product doctrine, or of any of defendants' rights or remedies, all of which are reserved.  In producing these documents, defendants also do not waive privilege more generally, as to these or any other documents or subject matter.

As we have stated previously, defendants firmly object to any public filing or dissemination of the documents marked "Privileged and Confidential," as such constitutes a harmful and unnecessary invasion of the attorney-client privilege and defendants' right to privacy.  Defendants reiterate their request that DC Comics and its counsel not publicly disseminate such documents, and that any filing of any document marked "Privileged & Confidential" be made under seal.  Defendants specifically reserve all rights to seek review and/or reconsideration of Magistrate Zarefsky's May 10, 2012 order, pursuant to F.R.C.P. 72(a), Local Rule 72-2, or otherwise.

Nothing in this letter should be construed as a waiver or limitation of any of defendants' rights or remedies, all of which are reserved.

**TOBEROFF & ASSOCIATES, P.C.**

May 11, 2012
Re:    *DC Comics v. Pacific Pictures Corp.*
Page:  2 of 2

Very truly yours,

Pablo Arredondo

ORIGINAL

# In The Matter Of:

*DC COMICS*

*v.*

*PACIFIC PICTURES CORPORATION*

---

## *LARSON, LAURA SIEGEL - Vol. 1*

### *July 22, 2011*

---

**MERRILL CORPORATION**

LegaLink, Inc.

20750 Ventura Boulevard
Suite 205
Woodland Hills, CA 91364
Phone: 818.593.2300
Fax: 818.593.2301

| | | |
|---|---|---|
| 1 | and Matt Kline of O'Melveny here as well. | 09:46:36 |
| 2 | THE WITNESS: Excuse me. Which is Matt and | 09:46:41 |
| 3 | which is -- | 09:46:42 |
| 4 | MR. PETROCELLI: Jason -- | 09:46:43 |
| 5 | THE WITNESS: Jason, and Matt -- | 09:46:44 |
| 6 | MR. PETROCELLI: -- is to my right -- | 09:46:45 |
| 7 | THE WITNESS: Okay. | 09:46:45 |
| 8 | MR. PETROCELLI: -- and then Matt is down at | 09:46:45 |
| 9 | the end there. | 09:46:48 |
| 10 | THE WITNESS: All right. Thank you. | 09:46:48 |
| 11 | THE VIDEOGRAPHER: The court reporter today | 09:46:48 |
| 12 | is Kathy McCarthy of Merrill. | 09:46:50 |
| 13 | Would the reporter please swear in the | 09:46:50 |
| 14 | witness. | 09:46:52 |
| 15 | | 09:46:52 |
| 16 | LAURA SIEGEL LARSON, | |
| 17 | having been first duly sworn, was | |
| 18 | examined and testified as follows: | |
| 19 | | 09:47:02 |
| 20 | THE VIDEOGRAPHER: You may begin. | 09:47:02 |
| 21 | | |
| 22 | EXAMINATION | 09:47:03 |
| 23 | BY MR. PETROCELLI: | |
| 24 | Q. Could you please state your full name. | 09:47:04 |
| 25 | A. Laura Siegel Larson. | 09:47:07 |

LAURA SIEGEL LARSON - 7/22/2011

| 1 | a conversation. | 13:44:30 |
| 2 | Q.   You're now reporting what your mother told | 13:44:30 |
| 3 | you about her first conversation with Mr. Toberoff; | 13:44:33 |
| 4 | right? | 13:44:35 |
| 5 | A.   Yes. | 13:44:35 |
| 6 | Q.   But before that first conversation, before | 13:44:36 |
| 7 | Mr. Toberoff -- before she called Mr. Toberoff -- | 13:44:39 |
| 8 | well, let me ask you that question.  We lawyers | 13:44:44 |
| 9 | shouldn't assume anything, so forgive me for having to | 13:44:48 |
| 10 | ask so many questions. | 13:44:51 |
| 11 | Did she call Mr. Toberoff first, or did he | 13:44:53 |
| 12 | call her based on, you know, some reference that he | 13:44:57 |
| 13 | had been given? | 13:45:01 |
| 14 | A.   No.  Jean Peavy gave his phone number to my | 13:45:02 |
| 15 | mom, and my mom called him. | 13:45:04 |
| 16 | Q.   Okay.  And before your mom called | 13:45:07 |
| 17 | Mr. Toberoff, you had already given your mom the | 13:45:10 |
| 18 | downloaded commuter material about him? | 13:45:14 |
| 19 | A.   No.  No. | 13:45:16 |
| 20 | Q.   No.  So the sequence of events was Jean Peavy | 13:45:17 |
| 21 | told your mother about Mr. Toberoff, and without | 13:45:21 |
| 22 | consulting you, your mother then called Mr. Toberoff | 13:45:23 |
| 23 | and then reported the conversation to you? | 13:45:27 |
| 24 | A.   No.  I think -- well, you know, I'm trying to | 13:45:29 |
| 25 | remember it.  I think -- I think she had the | 13:45:32 |

1    STATE OF CALIFORNIA        )

2                              )    ss.

3    COUNTY OF LOS ANGELES      )

4        I, Kathleen E. McCarthy, Certified Shorthand Reporter

5    No. 4483 for the State of California, do hereby certify:

6        That prior to being examined, the witness named in the

7    foregoing deposition was duly sworn to testify the truth,

8    the whole truth, and nothing but the truth;

9        That said deposition was taken down by me in shorthand

10   at the time and place therein named and thereafter reduced

11   by me to typewritten form and that the same is a true,

12   correct, and complete transcript of said proceedings.

13       Before completion of the deposition, review of

14   the transcript [ ] was [ ] was not requested.  If

15   requested, any changes made by the deponent (and provided

16   to the reporter) during the period allowed are appended

17   hereto.

18       I further certify that I am not interested in the

19   outcome of the action.

20   Witness my hand this 3rd day of August ,2011 .

21

22   _____

23   Kathleen E. McCarthy, CSR No. 4483

24

25

**Exhibit E**
**12**

| | |
|---|---|
| From: | Pablo Arredondo |
| To: | Seto, Cassandra |
| Cc: | "Marc Toberoff"; "Keith Adams"; Tokoro, Jason |
| Subject: | DC v PPC |
| Date: | Friday, May 04, 2012 6:41:00 PM |
| Attachments: | EOMS00151-00182.PDF |

Counsel:

Please find attached document production on behalf of the Estate of Michael Siegel.


Pablo D. Arredondo
Toberoff & Associates, P.C.
22337 Pacific Coast Highway, #348
Malibu, California 90256
(t) 310.246.3333
(f) 310.246.3101



This message and any attached documents may contain information from
Toberoff & Associates, P.C. that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JOANNE SIEGEL and LAURA
SIEGEL LARSON,

      Plaintiffs,

    vs.

WARNER BROS. ENTERTAINMENT
INC., et al.,

      Defendants.

No. 04-8400 (RSWL)(RZx)
-and-
No. 04-8776 (RSWL)(RZx)

AND RELATED COUNTERCLAIMS.

# ORIGINAL

DEPOSITION OF LAURA SIEGEL LARSON

Beverly Hills, California

Tuesday, August 1, 2006

Reported by:
DAVID S. COLEMAN
CSR No. 4613

Job No. 1-50934

www.sarnoffcourtreporters.com

Irvine • Los Angeles • San Francisco

phone 877.955.3855 • fax 949.955.3854



SARNOFF
Court Reporters and
Legal Technologies

Exhibit G

14

```
 1            Beverly Hills, California, Tuesday, August 1, 2006

 2                      10:05 AM - 8:50 PM

 3

 4                     LAURA SIEGEL LARSON,

 5      having been administered an oath, was examined and

 6      testified as follows:

 7

 8                          EXAMINATION

 9      BY MR. ZISSU:

10          Q    Could you tell us your name?

11          A    Laura Siegel Larson.

12          Q    And where do you live?

13          A    6400 Pacific Avenue, No. 106, in Playa Del Rey,

14      California 90293.

15               MR. ZISSU:  Now, we will have certain

16      stipulations, which I think are normal.  Objections

17      except as to form are reserved.

18               Okay?

19               MR. TOBEROFF:  That's fine.

20      BY MR. ZISSU:

21          Q    Should I call you Miss Larson or Miss Siegel

22      or...

23          A    Miss Siegel.

24          Q    What do you prefer?

25          A    Miss Siegel would be fine, thank you.
```

9

```
 1          A    Yes.

 2          Q    Are there any agreements you made to share any

 3    of the proceeds of the termination rights case with

 4    anyone else, such as accountants or lawyers?

 5               MR. TOBEROFF:  Objection.  Vague and ambiguous.

 6               THE WITNESS:  I don't understand the question.

 7    BY MR. ZISSU:

 8          Q    In the cases we're here for, the termination

 9    cases, you're seeking an accounting.  My question is, are

10    you going to share whatever you obtain under the

11    accounting, the current cases, with any lawyers from the

12    divorce case or any other lawyers?

13          A    Not from the divorce case.

14          Q    With Mr. Toberoff?

15               MR. TOBEROFF:  You can answer whether or not we

16    have a contingency arrangement.

17               THE WITNESS:  We have a contingency agreement.

18    BY MR. ZISSU:

19          Q    Is it a lengthy document?

20          A    Could you speak up?

21          Q    Is it a lengthy document?

22          A    The --

23          Q    Contingency fee agreement.

24          A    The fee agreement?

25          Q    Yes.
```

SARNOFF COURT REPORTERS AND LEGAL TECHNOLOGIES
877.955.3855
Exhibit G
16

1          A    I don't know what you would consider lengthy.

2          Q    Well, is it more than 10 pages?

3          A    I don't believe so.

4          Q    Were you represented by a lawyer other than

5     Mr. Toberoff when you signed it?

6          A    Yes.

7          Q    And who was that lawyer?

8          A    Mr. Levine.

9               MR. ZISSU:  Defendants' 11 is a complaint in the

10    probate court of Cuyahoga County, Ohio -- a copy of a

11    complaint.

12               (Defendants' Exhibit 11 marked.)

13    BY MR. ZISSU:

14         Q    Have you seen a copy of this document before?

15         A    Yes.

16         Q    And do you have knowledge of this proceeding in

17    Ohio?

18         A    Yes.

19         Q    And what do you know about it?

20               MR. TOBEROFF:  Objection.  Calls for a

21    narrative.

22               THE WITNESS:  My half-brother Michael's cousins

23    are trying to get themselves declared his heir.

24               My half-brother Michael's --

25               MR. ZISSU:  Declared --

73

1

2

3

4          I, the undersigned, a Certified Shorthand

5   Reporter of the State of California, do hereby certify:

6          That the foregoing proceedings were taken

7   before me at the time and place herein set forth; that

8   any witnesses in the foregoing proceedings, prior to

9   testifying, were placed under oath; that a verbatim

10  record of the proceedings was made by me using machine

11  shorthand which was thereafter transcribed under by

12  direction; further, that the foregoing is an accurate

13  transcription thereof.

14          I further certify that I am neither

15  financially interested in the action nor a relative or

16  employee of any attorney of any of the parties.

17          IN WITNESS WHEREOF, I have this date

18  subscribed my name.

19          AUG 1 8 2006

20  Dated: _____

21

22

        DAVID S. COLEMAN, CSR NO. 4613

23

24

25

1

1          UNITED STATES DISTRICT COURT

2        FOR THE CENTRAL DISTRICT OF CALIFORNIA

3                                      ORIGINAL

4   JOANNE SIEGEL,                )
    LAURA SIEGEL LARSON           )
5                                 )
                 Plaintiffs,      )
6                                 )
        v.                        )  CASE NO. CV 04-8400
7                                 )           CV 04-8776
    WARNER BROS, et al.           )
8                                 )
                 Defendants.      )
9

10

11

12

13          DEPOSITION OF MARK WARREN PEARY
              November 11, 2006
14                8:30 a.m.
             317 Paseo de Peralta
15           Santa Fe, New Mexico

16

17        PURSUANT TO THE FEDERAL RULES OF CIVIL
    PROCEDURE, this deposition was:

18   TAKEN BY:  MR. PATRICK PERKINS
               Attorney for the Defendants
19

20

21

22   REPORTED BY:  MABEL JIN CHIN, NM CCR #81
                   Bean & Associates, Inc.
23                 Professional Court Reporting Service
                   500 Marquette, Northwest, Suite 280
24                 Albuquerque, New Mexico 87102

25   (3519B) MC



SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 820-6349

BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
500 Marquette NW, Suite 280
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

Exhibit H
19

3

1    8.  March 12, 2004 Register of Copyrights documents 57

2    9.  September 10, 2004 cancellation letter          59

3    10. April 26, 2005 letter, Levitz to Peavy, Peary   64

4    11. May 12, 2005 letter, Toberoff to Perkins        71

5                    *     *     *

6              MARK WARREN PEARY,

7    after having been first duly sworn under

8    oath, was questioned and testified as follows:

9         MR. TOBEROFF:  Before we start, I would just

10   like to note at the outset of the deposition that we

11   have discussed timing, and that we have to leave at

12   4 o'clock sharp so that I can make a flight.

13        I would also just like to object that

14   plaintiffs were not -- I was not given notice as

15   attorney for Warren Peavy, the witness, that this

16   deposition was going to be videotaped as I believe is

17   required by the rules.

18        Oh, excuse me.  The Notice.  I'm seeing it's

19   not in the subpoena.  It may be required in the

20   subpoena, it's not in the subpoena but it is in the

21   Notice to me.

22              EXAMINATION

23   BY MR. PERKINS:

24        Q.  Good morning, Mr. Peary.  My name is Patrick

25   Perkins.  I represent the defendants, DC Comics, and



SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 820-6349

BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
500 Marquette NW, Suite 280
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

Exhibit H
20

59

1      Q.   Have you seen it before today?

2           MR. TOBEROFF:  Asked and answered.

3      A.   Yes, I did answer that before.

4           MR. TOBEROFF:  Well, you can answer.

5      Q.   Indulge me.  I don't remember.

6      A.   Oh, okay.  I don't recall seeing this, this

7  one sheet here.  But every other page following I

8  have.

9           MR. TOBEROFF:  I mean, if it helps I can

10  represent to you that this --

11          MR. PERKINS:  You know, I would rather

12  not --

13          MR. TOBEROFF:  Okay.

14          MR. PERKINS:  -- have you testify to that.

15          MR. TOBEROFF:  All right.

16          MR. PERKINS:  Here you go.

17          (Exhibit 9 marked.)

18     Q.   (By Mr. Perkins)  I have asked the court

19  reporter to mark as Exhibit 9 a one-page document that

20  bears Bates number 133, and it's dated September 10,

21  2004.  Have you seen this document before today?

22     A.   Yes.

23     Q.   And is that your signature, twice?

24     A.   Yes.

25     Q.   This document states that, quote, "1, The

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 820-6349


BEAN
& ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
500 Marquette NW, Suite 280
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

Exhibit H
21

60

1    Joint Venture Agreement dated as of November 23, 2001

2    between you and Pacific Pictures Corp; and 2, the

3    Engagement Agreement dated October 27, 2003 between

4    the Estate of Joseph Shuster and Pacific Pictures Corp

5    have been cancelled," closed quote.  Do you see that?

6        A.    Yes.

7        Q.    Why is it that the two agreements referenced

8    are -- were canceled by this document?

9        A.    It was replaced by a retainer directly with

10   Marc Toberoff as our attorney.

11       Q.    If I could have you take a look at Exhibit

12   4, which is the privilege log?

13       A.    Uh-huh.

14       Q.    Can you identify from any of these documents

15   which of the documents listed in the log are this

16   other retainer agreement directly with Marc Toberoff?

17       A.    It doesn't say it here.  It just says

18   "letters."  I can't really identify just from this.

19       Q.    Yes, neither can I.  Do you have -- do you

20   know whether the document is an agreement or a letter?

21       A.    We have a legal retainer with Marc Toberoff

22   as our attorney.  The estate has a legal retainer.

23       Q.    And do you know what the date of that is?

24       A.    Um -- it's around the time of this -- this

25   letter here from Exhibit 9.  It's --

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 820-6349

BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT REPORTING SERVICE

MAIN OFFICE
500 Marquette NW, Suite 280
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

Exhibit H
22

87

1    I FURTHER CERTIFY that the recoverable cost of the
original and one copy of the deposition, including
2 exhibits to Mr. Perkins is $____508.68____.

3    I FURTHER CERTIFY that I did administer the oath
to the witness herein prior to the taking of this
4 deposition; that I did thereafter report in
stenographic shorthand the questions and answers set
5 forth herein, and the foregoing is a true and correct
transcript of the proceeding had upon the taking of
6 this deposition to the best of my ability.

7    I FURTHER CERTIFY that I am neither employed by
nor related to nor contracted with (unless excepted by
8 the rules) any of the parties or attorneys in this
case, and that I have no interest whatsoever in the
9 final disposition of this case in any court.

10

11   _____
     MABEL JIN CHIN
12   Certified Court Reporter #81
     License expires:  12/31/2006
13

14

15

16

17

18

19

20   (3519B) MC
     Date taken:  November 11, 2006
21   Proofread by: LR

22

23

24

25



SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 820-6349

BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
500 Marquette NW, Suite 280
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

Exhibit H
23

ORIGINAL SHIPPED   DEC 0 1 2006

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JOANNE SIEGEL and LAURA      )
SIEGEL LARSON,               )
                             )
          Plaintiffs,        )
                             )
     vs.                     )      No. 04-8400 (RSWL)(RZx)
                             )
WARNER BROS. ENTERTAINMENT )          -and-
INC., et al.,                )
                             )      No. 04-8776 (RSWL)(RZx)
          Defendants.        )
_____)
AND RELATED COUNTERCLAIMS.

**CERTIFIED ORIGINAL**

DEPOSITION OF MARC TOBEROFF

Beverly Hills, California

Friday, November 17, 2006

Reported by:

DAVID S. COLEMAN

CSR No. 4613

**U.S. LEGAL**
*Support*

Certified Shorthand Reporters

15250 Ventura Boulevard, Suite 410
Sherman Oaks, CA 91403

800-993-4464 • Fax 800-984-4464
www.uslegalsupport.com

**Exhibit I**

*Los Angeles • Orange County • San Diego • Inland Empire • Ventura • San Jose • San Francisco • Sacramento . . . and across the nation*

24

```
 1        Beverly Hills, California, Friday, November 17, 2006

 2                           1:46 PM

 3

 4                      MARC TOBEROFF,

 5           having been first administered an oath,

 6           was examined and testified as follows:

 7

 8                      EXAMINATION

 9    BY MR. BERGMAN:
```

01:46 10        Q    State your full name for the record, please.

01:46 11        A    Marc Toberoff.

01:46 12        Q    Have you had your deposition taken before,

01:46 13    Mr. Toberoff?

01:46 14        A    Once.

01:46 15        Q    And when was that?

01:47 16        A    I think about nine years ago.

01:47 17        Q    Here in California?

01:47 18        A    Yes.

01:47 19        Q    In what type of a case?

01:47 20        A    It was a commercial litigation.

01:47 21        MR. BERGMAN:  Mr. Williamson, is Mr. Toberoff

01:47 22    appearing for Pacific and IPW, LLC as well as his own

01:47 23    subpoena?

01:47 24        MR. WILLIAMSON:  Yes.

01:47 25        MR. BERGMAN:  Okay.

```
                                                                6
```

03:33 1  from the Shusters to date or any compensation in

03:34 2  connection with this or any other agreement.

03:34 3      Q    They have subsequent to this --

03:34 4      A    Since 2001.

03:34 5      Q    They have subsequent to this agreement retained

03:34 6  you as an attorney, have they not?

03:34 7      A    Yes.

03:34 8      Q    And when was that?

03:34 9      A    I don't -- I know it was at some time before the

03:3410  lawsuit was filed in the Siegel case.  I also know that

03:3411  this agreement was cancelled.  I am not sure when the

03:3412  legal retainer agreement was entered into, but I believe

03:3413  it was definitely entered into before this agreement was

03:3414  cancelled.

03:3415      Q    In connection with the Joint Venture Agreement,

03:3416  Exhibit 13, did either Peary or Peavy ask you whether 50

03:3517  percent was a customary amount for an entity such as PPC

03:3518  to receive?

03:3519      A    I don't recall them saying that.

03:3520      Q    Do you recall any negotiation at all about the

03:3521  50 percent?

03:3522      A    Not specifically.  I believe there was some

03:3523  negotiation or discussion regarding the fee stated in

03:3524  this agreement.

03:3525      Q    I didn't hear that last.

                                                              62

03:58 1    case here.

03:58 2         I would say this instance is probably, as it

03:58 3    unfolded, more of a legal nature, and that's why in

03:58 4    retrospect, and of course everyone's a genius in

03:58 5    retrospect, I decided that it should be a simple legal

03:58 6    retainer agreement, and in retrospect it would have been

03:58 7    better off just being that from the outset.  And that's

03:58 8    it.

03:58 9    BY MR. BERGMAN:

03:58 10        Q    Do you believe that there is an inherent ethical

03:58 11   conflict in being both a business partner and a lawyer

03:59 12   for individuals regarding the same matter?

03:59 13        A    It could pose potential conflicts, yes.  That's

03:59 14   one of the reasons I changed it.

03:59 15        MR. BERGMAN:  Would you mark as Exhibit 15,

03:59 16   please, a one-page document dated September 10, 2004.

03:59 17        (Deposition Exhibit 15 marked.)

03:59 18   BY MR. BERGMAN:

03:59 19        Q    Exhibit 15 is the cancellation agreement that

03:59 20   you referred to earlier, Mr. Toberoff?

03:59 21        A    I don't know if I referred to it as a

03:59 22   cancellation agreement, but this Exhibit 15 is the

03:59 23   document whereby we cancelled Exhibit 13 and Exhibit 14,

04:00 24   yes.

04:00 25        Q    What led up to the decision to cancel the

                                                              75

U.S. LEGAL SUPPORT
**Exhibit I**
**27**

04:00 1    November 23, 2001 joint venture and the October 27, 2003

04:00 2    agreement?

04:00 3        A    Exactly what I have previously testified to.

04:00 4        Q    Which is what?

04:00 5        A    Which is I believe that in retrospect we should

04:00 6    have simply had a legal retainer agreement.  It would

04:00 7    have been a cleaner way to handle the relationship.

04:00 8        Q    Did this September 10, 2004 agreement, Exhibit

04:00 9    15, result in any way from your filing of the Siegel

04:0010    actions against the DC Comics and the Warner parties?

04:0011        MR. WILLIAMSON:  Objection.  Assumes facts not

04:0012    in evidence.  Vague and ambiguous.

04:0113        THE WITNESS:  I would say that's relevant to it.

04:0114    It's not the sole reason.  But the reason I say that is

04:0115    I'm looking at the date of this agreement, and I believe

04:0116    this is near when -- I don't know the exact date we

04:0117    filed, I don't recall the exact date the Siegels filed,

04:0118    but I believe this is before that or around the same

04:0119    time.

04:0120    BY MR. BERGMAN:

04:0121        Q    In what respect was this agreement related to

04:0122    the filing of the Siegel actions?

04:0123        A    Well, I wouldn't use the term "related."  I

04:0124    would say it's relevant to it because the Siegel actions

04:0125    regarded the exercise of termination rights under the

76

05:19 1  counsel in connection with this agreement?

05:19 2       A    I believe, yes.

05:19 3       Q    Who was that?

05:19 4       A    George -- last name starts with a Z, George

05:20 5  Zadorozny.  I'm not sure how to spell it.

05:20 6       Q    And did you negotiate with that lawyer?

05:20 7       A    I can't say for sure.  I believe so, but I...  I

05:20 8  believe so.  The reason I can't say for sure is I also --

05:20 9  when I entered into the retainer agreement with the

05:21 10 Siegels, I specifically recall negotiating with

05:21 11 Mr. Zadorozny, and I believe Mr. Zadorozny was involved

05:21 12 in this agreement as well, but I don't -- I don't recall

05:21 13 if -- I believe I did, but I don't have a specific

05:21 14 recollection of it.

05:21 15      Q    And when did you enter into a retainer agreement

05:21 16 with the Siegels?

05:21 17      A    Before -- definitely before we filed suit, and I

05:21 18 believe it was...  I can't give you a date.

05:22 19      Q    Were there any prior drafts --

05:22 20      A    I'd have to look at the -- I'd have to check my

05:22 21 file.

05:22 22      Q    Okay.  Were there any prior drafts of the

05:22 23 October 3, '02 agreement prior to Exhibit 18?

05:22 24      A    Yes.  It went through various drafts.

05:22 25      Q    And --

114

STATE OF CALIFORNIA       )
                          ) ss
COUNTY OF LOS ANGELES     )


     I, DAVID S. COLEMAN, a Certified Shorthand Reporter, do hereby certify:

     That prior to being examined, the witness in the foregoing proceedings was by me duly sworn to testify to the truth, the whole truth, and nothing but the truth;

That said proceedings were taken before me at the time and place therein set forth and were taken down by me in shorthand and thereafter transcribed into typewriting under my direction and supervision;

I further certify that I am neither counsel for, nor related to, any party to said proceedings, nor in anywise interested in the outcome thereof.

     In witness whereof, I have hereunto subscribed my name.


Dated: ___NOV 3 0 2006___



_____
DAVID S. COLEMAN
CSR No. 4613

| Log # | Date of Document | Identity of Author(s) | Identity of Recipient(s) | Document Type | Privilege Claim | Present Location |
|-------|------------------|----------------------|--------------------------|---------------|-----------------|------------------|
| 869 | 10/3/2004 | Atty Marc Toberoff | Laura Siegel, Joanne Siegel | Letter | Atty/Client | Defendants' Counsel |
| 870 | 10/3/2004 | Atty Marc Toberoff | Laura Siegel, Joanne Siegel | Letter | Atty/Client | Defendants' Counsel |
| 871 | 10/4/2004 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 872 | 10/4/2004 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 873 | 10/4/2004 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 874 | 10/4/2004 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 875 | 10/4/2004 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 876 | 10/4/2004 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 877 | 10/4/2004 | Atty Marc Toberoff | Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 878 | 10/4/2004 | Atty George Zadorozny | Atty Marc Toberoff, Laura Siegel | E-mail | Atty/Client | Defendants' Counsel |
| 879 | 10/4/2004 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 880 | 10/4/2004 | Laura Siegel | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 881 | 10/4/2004 | Atty George Zadorozny | Atty Marc Toberoff | E-mail | Atty/Client | Defendants' Counsel |
| 882 | 10/4/2004 | Atty Nicholas Williamson | | Notes | Atty Work Product | Defendants' Counsel |
| 883 | 10/4/2004 | Atty Marc Toberoff | Laura Siegel | Letter | Atty/Client | Defendants' Counsel |
| 884 | 10/4/2004 | Atty Marc Toberoff | Laura Siegel | Letter | Atty/Client | Defendants' Counsel |
| 885 | 10/4/2004 | Atty Marc Toberoff | Laura Siegel | Letter | Atty/Client | Defendants' Counsel |
| 886 | 10/4/2004 | Atty Marc Toberoff | Joanne Siegel | Letter | Atty/Client | Defendants' Counsel |
| 887 | 10/4/2004 | Atty Nicholas Williamson | Joanne Siegel | Facsimile | Atty/Client | Defendants' Counsel |
| 888 | 10/4/2004 | Laura Siegel | Atty Nicholas Williamson | Facsimile Letter | Atty/Client | Defendants' Counsel |

**Exhibit J**



435

| From: | Pablo Arredondo |
| To: | "Kline, Matthew" |
| Cc: | "Petrocelli, Daniel"; "Seto, Cassandra"; "Tokoro, Jason"; "Pearson, Ashley"; "Marc Toberoff"; "David Harris"; "rkendall@kbkfirm.com"; "lbrill@kbkfirm.com"; "Nicholas Daum" |
| Subject: | RE: DC v. PPC |
| Date: | Wednesday, July 11, 2012 1:32:00 PM |

Matt:

We disagree with the entirety of your email, but let's focus on your explanation -- or lack thereof -- for DC's belated production of responsive documents related to the 1992 Agreement with days of your motion for partial summary judgment, but seven months after all such documents were specifically requested and months after Ms. Seto confirmed to me and my colleague that all responsive documents had been produced. Your contention that neither of the documents that DC produced involve Mr. Payson nor Ms. Laseron is false. For instance, DC 00156 directly refers to Mr. Payson. Moreover, the documents are addressed to Paul Levitz, and deal with a subject for which all three witnesses were listed by DC as having relevant knowledge.

Your email purports to explain when these documents were supposedly discovered; it does not explain why they were missed in the first place. We are entitled to precision here. I repeat my question asked in my prior email, and would appreciate a direct answer: why were these documents missed?

DC cannot apply a more rigorous search in preparation for its own filings than it does in complying with its discovery obligations. What was done differently that led to the recent discovery of these documents? Were different search terms used? Were new custodians of records contacted? Defendants are entitled to know how this error occurred and we need assurances that DC will not continue to suddenly discover new documents if and when it "finalizes" a motion on related subjects.

Further, your attempts to minimize this discovery failure by stating that the 1992 documents that DC withheld "come from your client Jean Peavy" is no excuse and suggests that DC and its counsel may be withholding other responsive documents simply because they originated with one of the defendants. As you know, DC is required to produce all non-privileged responsive documents regardless of who authored them. Are there other documents that DC is withholding because it believes defendants "should have had access to them"?

We request a L.R. 37-1 conference to discuss this troubling discovery failure, and your equally troubling attempt to blithely dismiss it.

Your comments regarding defendants' proper attempt to serve Mr. Payson and Ms Laserson with process are equally meritless. First, you falsely represent "We told defendants two years ago that Mr. Payson and Ms. Laserson should be contacted through our firm if you wish to examine them," when DC's initial disclosures merely state these witnesses "*may* be contacted through counsel for DC Comics." Second, you do not because you cannot explain why you purposefully delayed responding for *eight* days to our repeated question whether you are authorized to except service on behalf Mr. Payson and Ms. Laserson.

Your attempt to deflect by falsely claiming that we "twice" missed a meet and confer is not well taken. All that happened was that we had to delay by 15-30 minutes a meet and confer scheduled for yesterday at 3:00 pm and suggested that we move it to 3:30 p.m. or any other time that day. You indicated that you would prefer 2 p.m. today, to which we agreed. You statement that we previously failed to participate in a scheduled meet and confer is again false, and the fact you are making such a trumped-up fuss about this de minimis matter is indicative of your behavior throughout this case.

As for today's meet-and-confer, please use the following dial-in at 2 p.m.:
Conference Dial-in: 1-213-226-0400:  Conference Code: 232370

**Exhibit K**
**32**

Pablo

Pablo D. Arredondo
Toberoff & Associates, P.C.
22337 Pacific Coast Highway, #348
Malibu, California 90256
(t) 310.246.3333
(f) 310.246.3101

| From: | Kline, Matthew |
|---|---|
| To: | Marc Toberoff (mtoberoff@ipwla.com) |
| Cc: | Petrocelli, Daniel; Seto, Cassandra; Pablo Arredondo (parredondo@ipwla.com); Richard Kendall; lbrill@kbkfirm.com; Nicholas Daum |
| Subject: | DC vs. Pacific Pictures: Meet and Confer on MSJ and Document Issue |
| Date: | Thursday, July 12, 2012 10:57:11 AM |

Marc,

This is to confirm our discussion yesterday concerning DC's supplemental production of July 6, 2012, which was comprised of two short letters that Jean Peavy, your client and a defendant in this matter, sent to DC several years ago.

As discussed, we came across the two documents in the past couple weeks as I was preparing the summary judgment motion we intend to file Monday. As I mentioned, while finalizing our summary judgment motion, I asked a member of our firm to run electronic searches for certain documents. One document that was found was located in a database from prior counsel to which we only recently obtained access in electronic form. The searches turned up a letter from Jean Peavy that I and others had not seen before and that was not Bates-stamped. We confirmed the letter had not previously been produced, at least in Bates-stamp form. I immediately asked our team to conduct an exhaustive review to confirm there were no other documents in this database responsive to defendants' December 13, 2011, discovery requests. That search turned up the second letter that we produced along with the first letter. I can confirm that we have conducted a good-faith, comprehensive search for responsive documents pursuant to Rule 34 and have found no other responsive documents requested by defendants in this case. It is possible, though unlikely, that there are a few documents responsive to requests in the *Siegel* case, and we will confirm that shortly, but obviously discovery is closed in that matter and the matter is on appeal.

As for the claims about DC's productions made in Laura Brill's letter of yesterday or Pablo's letters or emails on the same subject, they are false and belied by the facts above. So, too, are their false claims about DC's privilege logs and other matters, as we have many times shown, and defendants have chosen not to challenge for many months. If you wish to discuss any of these matters further, we are happy to do so.

We do hope finalize with you today or tomorrow your intentions on the three depositions discussed, as well as an agreed-upon briefing schedule on the MSJs. On the briefing, we think the July 16, July 30, August 10, August 17 schedule makes sense, but are willing to consider other proposals, or to just follow the applicable rules. On Paul Levitz's deposition, we confirm he will be deposed in New York on July 26--and we offered our New York offices to do that.

All of DC's rights are reserved.

Thanks,

Matt
*********************************************
**Matthew T. Kline**
O'Melveny & Myers LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067
Phone: (310) 246-6840
Fax: (310) 246-6779
mkline@omm.com

**Exhibit L**
**35**

## O'MELVENY & MYERS LLP

BEIJING

BRUSSELS

HONG KONG

LONDON

LOS ANGELES

NEWPORT BEACH

NEW YORK

1999 Avenue of the Stars, 7th Floor
Los Angeles, California  90067-6035

TELEPHONE  (310) 553-6700
FACSIMILE  (310) 246-6779
www.omm.com

SAN FRANCISCO

SHANGHAI

SILICON VALLEY

SINGAPORE

TOKYO

WASHINGTON, D.C.

July 6, 2012

OUR FILE NUMBER
905900-321

**VIA E-MAIL AND HAND DELIVERY**

WRITER'S DIRECT DIAL
(310) 246-6840

Marc Toberoff
Toberoff & Associates, P.C.
22337 Pacific Coast Highway #348
Malibu, California 90265

WRITER'S E-MAIL ADDRESS
mkline@omm.com

Richard Kendall
Kendall Brill & Klieger LLP
10100 Santa Monica Boulevard, Suite 1725
Los Angeles, California 90067

Re:     *DC Comics v. Pacific Pictures Corp. et al.*, CV-10-3633 (ODW) (RZx)

Dear Counsel:

Please find enclosed DC 00156-57, all of which originated with your clients and may have been made available for inspection in *Siegel*, but we could not find among defendants' or DC's Bates-labeled productions.

Very truly yours,

/s/ Matthew T. Kline

Matthew T. Kline
of O'MELVENY & MYERS LLP

cc:     Daniel M. Petrocelli, Esq.

**Exhibit M**
**37**

# O'MELVENY & MYERS LLP

BEIJING

BRUSSELS

HONG KONG

LONDON

LOS ANGELES

NEWPORT BEACH

NEW YORK

1999 Avenue of the Stars, 7th Floor
Los Angeles, California 90067-6035

TELEPHONE (310) 553-6700
FACSIMILE (310) 246-6779
www.omm.com

SAN FRANCISCO

SHANGHAI

SILICON VALLEY

SINGAPORE

TOKYO

WASHINGTON, D.C.

May 31, 2012

OUR FILE NUMBER
905,900-321

**VIA E-MAIL**

WRITER'S DIRECT DIAL
(310) 246-6707

Pablo Arredondo
Toberoff & Associates, P.C.
22337 Pacific Coast Highway #348
Malibu, California 90265

WRITER'S E-MAIL ADDRESS
jtokoro@omm.com

Re:    *DC Comics v. Pacific Pictures Corp. et al.*, CV-10-3633 (ODW) (RZx)

Dear Pablo:

We write in response to your letter of yesterday regarding our May 21 and May 26, 2012, letters. We disagree with the substance of your letter and will address the balance of it during our Rule 37-1 meet-and-confer on Monday, June 4. What must be addressed now is defendants' false accusation that, "DC has failed for nearly six months to produce any privilege log in response to Defendants' requests for production served on December 13, 2011." As defendants are well-aware, DC responded to defendant Mark Warren Peary's First Set of Requests for Production on February 17, 2012. Pursuant to the parties' December 7, 2010, stipulation, DC referred defendants in its production cover letter to "the privilege logs provided by Warner Bros. and DC in the *Siegel* cases, as they list privileged documents responsive to Mr. Peary's First Set of Requests."

All of DC's rights and remedies are hereby reserved.

Very truly yours,

/s/ Jason H. Tokoro

Jason H. Tokoro
for O'MELVENY & MYERS LLP

cc:    Daniel M. Petrocelli, Esq., Matthew T. Kline, Esq.,
Marc Toberoff, Esq., Richard Kendall, Esq.

**Exhibit N**
**38**