DANIEL M. PETROCELLI (S.B. #097802)
dpetrocelli@omm.com
MATTHEW T. KLINE (S.B. #211640)
mkline@omm.com
CASSANDRA L. SETO (S.B. #246608)
cseto@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067-6035
Telephone: (310) 553-6700
Facsimile: (310) 246-6779

Attorneys for Plaintiff DC Comics

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DC COMICS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PACIFIC PICTURES CORPORATION, IP WORLDWIDE, LLC, IPW, LLC, MARC TOBEROFF, an individual, MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER, JEAN ADELE PEAVY, an individual, LAURA SIEGEL LARSON, an individual and as personal representative of the ESTATE OF JOANNE SIEGEL, and DOES 1-10, inclusive,<br><br>　　　　　Defendant. | Case No. CV 10-3633 ODW (RZx)<br><br>**DC COMICS' OBJECTIONS TO EVIDENCE IN DEFENDANTS' STATEMENT OF ADDITIONAL UNDISPUTED FACTS, DECLARATION, AND EXHIBITS**<br><br>Hon. Otis D. Wright II<br><br>**Hearing Date:** Aug. 20, 2012<br>**Hearing Time:** 1:30 p.m.<br>**Courtroom:** 11 |

Plaintiff DC Comics ("DC") respectfully submits the following objections to the evidence in defendants' Statement Of Additional Undisputed Facts, Declaration of Keith G. Adams, and supporting exhibits:

| DEFS.' ADDITIONAL UNDISPUTED STATEMENT OF FACT ("DAUSF") | DC'S OBJECTIONS |
|---|---|
| 47. Siegel and Shuster's highly original character became a cultural icon, spawned a multi-billion dollar franchise and brought fortune to many, but not to them.<br><br>**Decl. of Keith Adams ("AD") Ex. 1**<br><br>Described in AD as "article titled 'Superman's Creators, Nearly Destitute, Invoke His Spirit' from The New York Times, dated November 22, 1975."<br><br>**AD Ex. 2**<br><br>Described in AD as "article titled 'Mild-Mannered Cartoonists Go To Aid of Superman's Creators' from The New York Times, dated December 10, 1975."<br><br>**AD Ex. 3**<br><br>Described in AD as "article titled 'Man of Steel Splinters an American Dream' from the Los Angeles Times, dated February 25, 1979."<br><br>**AD Ex. 5**<br><br>Described in AD as "article titled 'Joseph Shuster, Cartoonist, Dies; Co-Creator of 'Superman' Was 78' from The New York Times, dated August 3, 1992." | AD Exs. 1-3, 5, and 6 are inadmissible hearsay. FED. R. EVID. 801, 802; *Twentieth Century Fox Film Corp. v. Entm't Distrib.*, 429 F.3d 869, 880 n.3 (9th Cir. 2005). Defendants offer these newspaper articles solely for the truth of the matters contained therein to support their erroneous argument that Siegel and Shuster did not benefit from the exploitation of Superman. Defendants cannot and do not identify any hearsay exception or other basis that would justify the exhibits' admission. *E.g.*, *Twardowski v. Am. Airlines*, 535 F.3d 952, 961 (9th Cir. 2008); *Jinro Am. Inc. v. Secure Invs., Inc.*, 266 F.3d 993, 1006 (9th Cir. 2001); *Scott v. Ross*, 140 F.3d 1275, 1286 (9th Cir. 1998); *Larez v. City of Los Angeles*, 946 F.2d 630, 643 (9th Cir. 1991).<br><br>FED. R. CIV. P. 56(c)(1)-(2) requires that only admissible evidence be considered for purposes of summary judgment, and thus AD Exs. 1-3, 5, and 6 must be disregarded, *In re Slatkin*, 525 F.3d 805, 811 (9th Cir. 2008).<br><br>Lack of foundation. Lack of personal knowledge. FED. R. EVID. 602. |

| | |
|---|---|
| **AD Ex. 6**<br><br>Described in AD as "article titled 'Jerry Siegel, Superman's Creator, Dies at 81' from The New York Times, dated January 31, 1996." | |
| **DAUSF** | **DC'S OBJECTIONS** |
| 50.    Although Superman soon became a phenomenal financial success, DC kept its creators at a basic "page rate," and denied their requests for a simple royalty.<br><br>**AD Ex. 1**<br><br>Described in AD as "article titled 'Superman's Creators, Nearly Destitute, Invoke His Spirit' from The New York Times, dated November 22, 1975."<br><br>**AD Ex. 3**<br><br>Described in AD as "article titled 'Man of Steel Splinters an American Dream' from the Los Angeles Times, dated February 25, 1979." | AD Exs. 1 and 3 are inadmissible hearsay.  FED. R. EVID. 801, 802; *supra* DC's Objections to DAUSF 47.<br><br>Lack of foundation.  Lack of personal knowledge.  FED. R. EVID. 602. |
| **DAUSF** | **DC'S OBJECTIONS** |
| 53.    In retaliation for the 1947 Action, DC cut Siegel and Shuster off, and from 1949-1975, deleted their credit byline and any references to them from its publications and corporate histories.<br><br>**AD Ex. 3**<br><br>Described in AD as "article titled 'Man of Steel Splinters an American Dream' from the Los Angeles Times, dated February 25, 1979." | AD Ex. 3 is inadmissible hearsay.  FED. R. EVID. 801, 802; *supra* DC's Objections to DAUSF 47.<br><br>Lack of foundation.  Lack of personal knowledge.  FED. R. EVID. 602. |

DC'S OBJS. TO EVIDENCE IN DEF.'S ADDITIONAL SUF, DECL., & EXS.

| **DAUSF** | **DC'S OBJECTIONS** |
|---|---|
| 54. Siegel's last job was as a mail clerk, and Shuster worked intermittently as a messenger boy. **AD Ex. 2** Described in AD as "article titled 'Mild-Mannered Cartoonists Go To Aid of Superman's Creators' from The New York Times, dated December 10, 1975." | AD Ex. 2 is inadmissible hearsay. FED. R. EVID. 801, 802; *supra* DC's Objections to DAUSF 47. Lack of foundation. Lack of personal knowledge. FED. R. EVID. 602. |
| **DAUSF** | **DC'S OBJECTIONS** |
| 74. Prior to filing this lawsuit in 2010, DC never asserted that the 1992 Agreement was the basis for its chain-of-title to Superman; nor did it ever suggest that the 1992 Agreement prevented termination as a "revocation and re-grant" or otherwise. **Decl. of Paul Levitz ("LD") Ex. 74** Letter from Paul Levitz (DC) to Jean Adele Peavy and Mark Warren Peary dated April 28, 2005. | LD Ex. 74 does not prove this asserted fact, and, in any event, it is a settlement offer, which is inadmissible for the use defendants seek to make of it. FED. R. EVID. 408; FED. R. CIV. P. 56(c)(2); *e.g.*, *U.S. v. Whitney*, 180 Fed. Appx. 670, 673 (9th Cir. 2006); *Hudspeth v. C.I.R.*, 914 F.2d 1207, 1213-14 (9th Cir. 1990); Pl. DC Comics' Reply ISO Mot. For Partial S.J. On Its First And Third Claims For Relief ("DC's MSJ Reply") at 7 n. 3. |
| **DAUSF** | **DC'S OBJECTIONS** |
| 75. DC admitted, and the Court agreed, that it co-owns the original Superman copyrights based on Shuster's 1938 Grant (not the 1992 Agreement). Siegel, 542 F. Supp. 2d at 1142. **LD Ex. 74** Letter from Paul Levitz (DC) to Jean Adele Peavy and Mark Warren | LD Ex. 74 does not prove these asserted facts, and, in any event, it is a settlement offer, which is inadmissible for the use defendants seek to make of it. FED. R. EVID. 408; FED. R. CIV. P. 56(c)(2); *e.g.*, *Whitney*, 180 Fed. Appx. at 673; *Hudspeth*, 914 F.2d at 1213-14; DC's MSJ Reply at 7 n. 3; *supra* DC's Objections to DAUSF 74. |

DC'S OBJS. TO EVIDENCE IN DEF.'S ADDITIONAL SUF, DECL., & EXS.

| DAUSF | DC'S OBJECTIONS |
|---|---|
| Peary dated April 28, 2005. | |
| 76. Elaborate rights agreements (including short form assignments for filing with the Copyright Office) customarily are used by Warner/DC to create valid chains-of-title to copyrights.<br><br>**AD Ex. 8**<br><br>Described in AD as "December 18, 1998 Agreement between Warner Bros. on the one hand, and Hasbro, Inc. and Hasbro International, Inc., on the other hand, produced by Warner Bros. in the related Siegel case and designated as a trial exhibit without a confidentiality designation."<br><br>**AD Ex. 9**<br><br>Described in AD as "August 2, 2001 Agreement between Marvel Characters, Inc. on the one hand, and Katja Motion Picture Corp., on the other hand, produced by Warner Bros. in the related Siegel case and designated as a trial exhibit without a confidentiality designation."<br><br>**AD Ex. 11**<br><br>Described in AD as "December 2, 2002 Agreement between Warner Bros., on the one hand, and Edgar Rice Burroughs, Inc., on the other, produced by Warner Bros. in the related Siegel case and designated as a trial exhibit without a confidentiality designation." | Unsupported by any testimony or evidence laying any foundation for three contracts out of hundreds that companies like Warner and DC enter into, or any testimony or evidence tying these three contracts to the issues in dispute in this case—much less the 1992 Agreement on which DC sues—defendants try to use these contracts to show that the 1992 Agreement, to be an effective copyright grant, had to be much longer.<br><br>This legal argument—improperly masquerading as a factual one—runs directly contrary to well-established copyright law that the Ninth Circuit handed down two years before the 1992 Agreement was made: "If the copyright holder agrees to transfer ownership to another party, that party must get the copyright holder to sign a piece of paper saying so. It doesn't have to be the Magna Charta; *a one-line pro forma statement will do*." *Effects Assocs., Inc. v. Cohen*, 908 F.2d 555, 557 (9th Cir. 1990) (emphasis added).<br><br>In any event, the three contracts defendants cite can and should be stricken for lack of foundation or connection to the facts at issue in this case, FED. R. EVID. 602, and disregarded on relevance grounds, FED. R. EVID. 401. The contracts in AD Exs. |

DC'S OBJS. TO EVIDENCE IN DEF.'S ADDITIONAL SUF, DECL., & EXS.

8, 9, and 11 involve different parties, different rights, and different properties than those at issue in this case, and were entered into almost a decade after the 1992 Agreement. AD Exs. 8 (Warner Bros.-Hasbro; option; G.I. Joe; 1998); 9 (Katja Motion Picture Corp.-Marvel Characters, Inc.; license; Iron Man; 2001); 11 (Warner Bros.-Edgar Rice Burroughs, Inc.; option; Tarzan; 2002).

AD Exs. 8, 9, and 11 are not habit evidence under FED. R. EVID. 406, because the documents do not show "a frequency of specific conduct sufficient to be considered semiautomatic." *Simplex, Inc. v. Diversified Energy Sys., Inc.*, 847 F.2d 1290, 1294 (7th Cir. 1988); *see U.S. v. West*, 22 F.3d 586, 592 (5th Cir. 1994) (rejecting Rule 406 argument where evidence not numerous enough in relation to defendants' thousands of other dealings); *G.M. Brod & Co. v. U.S. Home Corp.*, 759 F.2d 1526, 1533 (11th Cir. 1985) (explaining that experience of one contractor not sufficient evidence of routine practice in light of different experiences of thousands of other contractors who had dealt with same party).

Defendants' use of a contract between two third-party corporations, AD Ex. 9—to which neither Warner Bros. nor DC is related—to imply the 1992 Agreement differed from DC's routine practice is especially improper *Alevromagiros v. Hechinger Co.*, 993

DC'S OBJS. TO EVIDENCE IN DEF.'S ADDITIONAL SUF, DECL., & EXS.

| | |
|---|---|
| | F.2d 417, 422 (4th Cir. 1993) ("bringing in one particular competitor's ladder … and making that an industry standard, that is terribly misleading"); *Anderson v. Nat'l R.R. Passenger Corp.*, 866 F. Supp. 937, 944 (E.D. Va. 1994).<br><br>Documents AD Exs. 8, 9, and 11 are also inadmissible character evidence. "Evidence of a[n] … other act is not admissible to prove … that on a particular occasion the person acted in accordance." FED. R. EVID. 404(b). Defendants identify no exception for this rule "prohibit[ing] 'other acts' evidence for the purpose of showing action in conformity therewith." *U.S. v. Redlightning*, 624 F.3d 1090, 1120-21 (9th Cir. 2010).[1] |
| **DAUSF** | **DC'S OBJECTIONS** |
| 86.   On April 28, 2005, DC sent a letter to the Shuster Executor that offered to settle with the Shusters at the expense of the Siegels. The Shuster Executor declined this offer.<br><br>**LD Ex. 74**<br><br>Letter from Paul Levitz (DC) to Jean Adele Peavy and Mark Warren Peary dated April 28, 2005. | LD Ex. 74 does not prove these asserted facts, and, in any event, it is a settlement offer, which is inadmissible for the use defendants seek to make of it. FED. R. EVID. 408; *e.g.*, *Whitney*, 180 Fed. Appx. at 673; *Hudspeth*, 914 F.2d at 1213-14; DC's MSJ Reply at 7 n. 3; *supra* DC's Objections to DAUSF 74. |

---

[1] The Adams Declaration also includes an Exhibit 4, which defendants never cite in their opposition brief or Statement of Undisputed facts briefing. Adams describes Exhibit 4 as "an October 10, 1980 Agreement between DC Comics, Inc. on the one hand and Swampfilms, Inc." Defendants have failed to make any argument about Exhibit 4, but for the reasons discussed above, to the extent they do rely on the exhibit, it can and should be stricken.

- 7 -   DC'S OBJS. TO EVIDENCE IN DEF.'S ADDITIONAL SUF, DECL., & EXS.

| **DAUSF** | **DC'S OBJECTIONS** |
|---|---|
| 88.  On August 2, 2011, Toberoff, Jean and Peary confirmed their intent that PPC would have no continuing interest whatsoever when they revoked the PPC Agreements in 2004.<br><br>**AD Ex. 28**<br><br>Described in AD as "a Mediation Questionnaire filed on November 9, 2011 in *DC Comics v. Pacific Pictures Corp. et al.*, Ninth Circuit Appeal No. 11-56934. | AD Ex. 28 is not evidence.  It is a mediation questionnaire that defendants filed in the Ninth Circuit containing Toberoff's legal argument about this case.  It should be stricken as:  hearsay, FED. R. EVID. 801-02, for lack of foundation and personal knowledge, FED. R. EVID. 602, and as improper opinion evidence.  FED. R. EVID. 701-02.  If defendants meant to cite to Exhibit 27, it is inadmissible to support their stated claim as well.  As made clear by defendants' own testimony and that of Jean's doctor, Jean was incompetent to sign the 2011 agreement.  Docket Nos. 322 at 1-2; 360 at 3-5, 11-12.  Defendants submit no evidence from Jean or any other witness laying the foundation for this agreement or her ability to understand or enter into it.  This improper evidence that defendants manufactured after the filing of this lawsuit is, at best, evidence of additional improper agreements defendants created well within the limitations period on DC's Third Claim.  *See* MSJ Reply at 12. |
| **DAUSF** | **DC'S OBJECTIONS** |
| 89.  On April 28, 2005, DC sent a letter to the Shuster Executor that alluded to DC's arguments against the terminations in the Siegel litigation, and offered to settle with the Shusters at the expense of the Siegels. The letter stated, | LD Ex. 74 does not prove these asserted facts, and, in any event, it is a settlement offer, which is inadmissible for the use defendants seek to make of it. FED. R. EVID. 408; *e.g.*, *Whitney*, 180 Fed. Appx. at 673; *Hudspeth*, 914 F.2d |
- 8 -

| | |
|---|---|
| "DC will only pay a premium to one termination party." It also noted, "[I]f we are able to resolve matters with the Siegel heirs ... before we reach an agreement with you … there will not be any pressing need to reach an agreement with you." The letter offered the Shuster Executor a cash advance of two million dollars and royalties.<br><br>**LD Ex. 74**<br><br>Letter from Paul Levitz (DC) to Jean Adele Peavy and Mark Warren Peary dated April 28, 2005. | at 1213-14; DC's MSJ Reply at 7 n. 3; *supra* DC's Objections to DAUSF 74. |
| **DAUSF** | **DC'S OBJECTIONS** |
| 99. In 2010, DC fired its general counsel and outside counsel, and, after settlement talks with the Siegels were unsuccessful, sued Mr. Peary and Mr. Toberoff.<br><br>**AD Ex. 28**<br><br>Described in AD as "a Mediation Questionnaire filed on November 9, 2011 in *DC Comics v. Pacific Pictures Corp. et al.*, Ninth Circuit Appeal No. 11-56934. | AD Ex. 28 is not evidence. It is a mediation questionnaire that defendants filed in the Ninth Circuit containing Toberoff's legal argument about this case. It should be stricken as: hearsay, FED. R. EVID. 801-02, for lack of foundation and personal knowledge, FED. R. EVID. 602, and as improper opinion evidence. FED. R. EVID. 701-02. *See supra* DC's Objections to DAUSF 88. |

Dated: August 6, 2012

Respectfully submitted,

By: /s/ Daniel M. Petrocelli
    Daniel M. Petrocelli
Attorneys for Plaintiff DC Comics

DC'S OBJS. TO EVIDENCE IN DEF.'S ADDITIONAL SUF, DECL., & EXS.