# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| DC COMICS,<br>　　　　Plaintiff,<br>　　vs.<br>PACIFIC PICTURES CORPORATION; IP WORLDWIDE, LLC; IPW, LLC; MARC TOBEROFF, an individual; MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER; JEAN ADELE PEAVY, an individual; LAURA SIEGEL LARSON, individually and as personal representative of the ESTATE OF JOANNE SIEGEL, and DOES 1-10, inclusive,<br>　　　　Defendants. | Case No: CV 10-03633 ODW (RZx)<br><br>Hon. Otis D. Wright II, U.S.D.J.<br>Hon. Ralph Zarefsky, U.S.M.J.<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFF'S FIRST, SECOND AND THIRD CLAIMS FOR RELIEF**<br><br>Complaint filed:　May 14, 2010<br>Discovery Cutoff:　None Set<br>Trial Date:　　　　None Set<br><br>Date:　October 15, 2012<br>Time:　1:30 p.m.<br>Place:　Courtroom 11 |

[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMM. J.

Good cause appearing, IT IS HEREBY ORDERED that Defendants' Motion For Partial Summary Judgment On Its First, Second and Third Claims For Relief is GRANTED.

1. Summary judgment should be granted in Defendants' favor on DC's First Claim for Relief. First Amended Complaint, Docket No. 49 ("FAC") at ¶¶ 105-34. The Shuster Termination fully satisfied the statutory and regulatory requirements for termination under 17 U.S.C. §§ 304(c)-(d) and 37 C.F.R. § 201.10, and is valid as a matter of law.

    a. Part (1) of DC's First Claim (FAC ¶¶ 107-11), which alleges that the Shuster Executor did not hold a termination right under 17 U.S.C. §304(d), fails as a matter of law.

The Shuster Executor "own[s] the author's entire [§ 304(d)] termination interest" under a plain reading of 17 U.S.C. § 304(c)(2)(D) because Joseph Shuster left no widow, child or grandchild, and his termination rights under section 304(c) had not been exercised and expired before October 27, 1998, the effective date of the Copyright Term Extension Act. Pub. L. 105-298 (1998); 17 U.S.C. § 304(d); 67 Fed. Reg. 69134, 69135; *Stewart v. Abend*, 495 U.S. 207, 212 (1990).

    b. Part (2) of DC's First Claim (FAC ¶¶ 112-17), which alleges that the 1992 Agreement bars termination fails as a matter of law.

DC already owned Siegel and Shuster's Superman copyrights through the 1938 Grant and subsequent grants. *Siegel v. Nat'l Periodical Publications, Inc.*, 508 F.2d 909, 912-913 (2d Cir. 1974). Joseph Shuster's siblings, Frank Shuster and Jean Peavy, who signed the 1992 Agreement, have never held any termination rights under the Copyright Act. 17 U.S.C. § 304(c)(2). In 1992, no one held Joseph Shuster's termination rights, because Shuster left no widow, child or grandchild, and it was not until 1998 that the Copyright Term Extension Act extended termination rights to the executor of an author's estate. Pub. L. 105-298; 17 U.S.C. § 304(c)(2)(D).

The 1992 Agreement did not revoke and re-grant Joseph Shuster's 1938 Grant or any other prior Superman copyrights grants to DC under governing law, because (i) it contains *no* express revocation or re-grant language; (ii) it does not identify or purport to replace Joseph Shuster's prior Superman grants; (iii) it was not negotiated by anyone with a termination right and/or within an open termination window, and (iv) therefore, the termination right was not and could not be used as leverage to achieve "the very result envisioned by Congress" – market value for Joseph Shuster's Superman copyrights. *See Milne v. Slesinger, Inc.*, 430 F.3d 1036, 1047 (9th Cir. 2005); *Classic Media, Inc. v. Mewborn*, 532 F.3d 978 (9th Cir. 2008).

Even if the Court applied New York law, the 1992 Agreement was not a revocation, re-grant or novation. *See Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co.*, 411 F.3d 384, 390 (2d Cir. 2005) (unambiguous contractual language interpreted as a matter of law); *Citibank, N.A. v. Benedict*, 2000 WL 322785, at *8 (S.D.N.Y. Mar. 27, 2000) ("[A]ll parties must have 'clearly expressed their intention that a subsequent agreement … [be] substituted for an old agreement'"); *Wang v. Chen*, 1992 WL 7840 at *6  (S.D.N.Y. Jan. 10, 1992) ("[A] novation must never be presumed.").

Finally, even if the 1992 Agreement were viewed as a novation, it would only novate the 1975 Agreement, which did not grant DC any Superman copyrights, and acknowledged that DC already owned all rights to Superman. *See Davimos v. Halle*, 60 A.D.3d 576, 577 (2009); *Siegel v. Warner Bros. Entertainment Inc.* ("*Siegel I*"), 542 F. Supp. 2d 1098, 1133 (C.D. Cal. 2008).

c. Part (3) of DC's First Claim (FAC ¶¶ 118-24) that the Shuster Executor lacked the requisite majority interest for termination fails as a matter of law.

The Shuster Executor's termination right was not and could not be transferred to PPC or anyone else. *See* 17 U.S.C. § 304(c)(2)(A)-(D); 17 U.S.C. §304(c)(6)(D).

d. Part (4) of DC's First Claim (FAC ¶¶ 125-28), which alleges that the Shuster Termination is invalid because it failed to list (i) a May 21, 1948 consent

judgment ("1948 Judgment") and (ii) the 1992 Agreement, fails as a matter of law.

The 1992 Agreement was not a Superman copyright "grant," as set forth above. The 1948 Judgment also was not a Superman copyright "grant," as held by this Court in a ruling, incorporated in a Rule 54(b) judgment that is binding upon DC. *Siegel I,* 542 F. Supp. 2d at 1131-32; *Continental Airlines, Inc. v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519, 1525 (9th Cir. 1987).

e. Part (5) of DC's First Claim (FAC ¶¶ 129-33), alleging that purported "unclean hands" bar the Shuster Termination, fails as a matter of law.

That PPC is not listed in the Shuster Termination does not constitute "unclean hands," because PPC held no termination right or interest under the Copyright Act. *See* 17 U.S.C. §304(c)(6)(D); *Shady Records, Inc. v. Source Enterprises, Inc.*, 2004 U.S. Dist. LEXIS 26143, at *28–*32 (S.D.N.Y. January 3, 2005).

The Shuster Executor's decision not to terminate Superboy also does not constitute "unclean hands" because (i) Superboy is not subject to termination under 17 U.S.C. § 304(d) as a matter of law since it first secured statutory copyright by publication in 1944; (ii) preclusive findings in the 1947 Action held that Siegel alone was the original creator and owner of Superboy; (iii) termination is wholly discretionary (17 U.S.C. §§ 304(c)-(d)); and (iv) the "litigation strategy" alleged by DC is not a basis for "unclean hands." *Sears, Roebuck & Co. v. Sears PLC*, 744 F. Supp. 1297, 1310 (D. Del. 1990).

2. Summary judgment should be granted in Defendants' favor on sub-parts (a) and (c) of DC's Second Claim for Relief (FAC ¶¶ 135-64) because these issues were already adjudicated in the *Siegel* Litigation, and such findings bind DC here under the issue preclusion/collateral estoppel doctrine. *See Brown v. Dunbar*, 376 Fed. Appx. 786, 787 (9th Cir. 2010).

3. Summary judgment should be granted in Defendants' favor on DC's Third Claim for Relief (FAC ¶¶ 165-73). DC does not have any "right" of negotiation under the plain wording of 17 U.S.C. § 304(c)(6)(D). *See Bourne Co. v.*

*MPL Commc'ns, Inc.*, 675 F. Supp. 859, 865 (S.D.N.Y. 1987); 3 *Nimmer* § 11.08[A], n.6 (2010); 3 *Patry on Copyright* § 7:47.  Because DC has no "right" under § 304(c)(6)(D), it lacks standing to bring this claim.  *See* 6 *Patry on Copyright* § 21:18; *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001).

    Moreover, DC's Third Claim is time-barred by the applicable three-year statute of limitations, since it is allegedly based on the text of the PPC Agreements that DC received in 2006, and DC did not file suit until 2010.  17 U.S.C. § 507(b).

    4.    The above conclusions constitute the "ultimate disposition" of DC's entire First and Third Claims, and there is "no just reason" to delay appellate review. *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 7-8 (1980).  "The Ninth Circuit embraces a 'pragmatic approach [to Rule 54(b)] focusing on severability [of claims] and efficient judicial administration.'"  *Cont'l Airlines, Inc. v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519, 1525 (9th Cir. 1987).  As such, entry of judgment under F.R.C.P. 54(b) on the First and Third Claims is appropriate.

    5.    Since the Fourth through Sixth Claims are stayed pending appeal, a stay of the remainder of this litigation would serve the interests of judicial economy and is within the Court's sound discretion.  *See Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1362 (C.D. Cal. 1997); *Clinton v. Jones*, 520 U.S. 681, 706 (1997).

IT IS SO ORDERED.

Dated: _____      _____
                                              Hon. Otis D. Wright II.