DANIEL M. PETROCELLI (S.B. #097802)
  dpetrocelli@omm.com
MATTHEW T. KLINE (S.B. #211640)
  mkline@omm.com
CASSANDRA L. SETO (S.B. #246608)
  cseto@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067-6035
Telephone: (310) 553-6700
Facsimile: (310) 246-6779

Attorneys for Plaintiff DC Comics

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DC COMICS,<br><br>    Plaintiff,<br><br>    v.<br><br>PACIFIC PICTURES CORPORATION, IP WORLDWIDE, LLC, IPW, LLC, MARC TOBEROFF, an individual, MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER, JEAN ADELE PEAVY, an individual, LAURA SIEGEL LARSON, an individual and as personal representative of the ESTATE OF JOANNE SIEGEL, and DOES 1-10, inclusive,<br><br>    Defendants. | Case No. CV 10-03633 ODW (RZx)<br><br>**DC COMICS' OBJECTION TO PORTION OF DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OF THE COURT'S JULY 16, 2012, ORDER**<br><br>DECLARATION OF JASON TOKORO SUBMITTED CONCURRENTLY HEREWITH<br><br>Hon. Otis D. Wright II<br><br>**Hearing Date**: Sept. 10, 2012<br>**Hearing Time**: 1:30 p.m.<br>**Courtroom**: 11 |

1    DC objects to one new argument made in defendants' reply brief on their pending motion for reconsideration—*i.e.*, that DC should have presented the Court with a copy of the November 2001 Email that is the subject of defendants' motion. Reply at 6.  This argument is based on a false premise (that the Email does not help DC's case, *compare id. with infra* at 2), and is baffling.  It is baffling because it was *defendants* who chose not to present this Court with a copy of the Email when they filed their motion, and it was *defendants* who insisted DC not "disseminate" the Email before the Court ruled on their motion.  *See* J. Tokoro Decl. Ex. A.  DC's objection should be sustained, and page 6, lines 11-24 of defendants' reply brief should be stricken.  *See Iconix, Inc. v. Tokuda*, 457 F. Supp. 2d 969, 975-76 (N.D. Cal. 2006) (sustaining objection to new evidence and argument in parties' reply brief and accepting supplemental filing responding to the new material).[1]

   1. In their reply, defendants attack DC for not submitting the November 2001 Email with its opposition, arguing, "The reason is obvious:  the privileged November 2001 Email is barely relevant to DC's concocted tort claims."  Reply at 6. Defendants know the real reason DC did not submit the Email—*defendants* asked DC not to "disseminate" it, or to "use it in public filings":

> Defendants' motion for reconsideration of the Court's July 16 order (Docket No. 466) is pending.  The document [the November 2001 Email] is properly subject to the attorney-client privilege, and *defendants will pursue all available remedies if DC or its counsel [1] disseminates this privileged information, or [2] attempts to use it in public filings*, prior to the Court's decision on that pending motion.

---

[1] *Accord Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (court should not consider new evidence presented in reply "without giving the non-movant an opportunity to respond"); *El Pollo Loco, Inc. v. Hashim*, 316 F.3d 1032, 1040-41 (9th Cir. 2003) ("court may consider new evidence presented in a reply brief if the district court gives the adverse party an opportunity to respond"); *see also Groupion, LLC v. Groupon, Inc.*, 2012 WL 3025711, at *3 (N.D. Cal. July 24, 2012) (granting motion to strike where party asserted argument "for the first time in its reply brief"); *Gadda v. State Bar of Cal.*, 511 F.3d 933, 937 n.2 (9th Cir. 2007) ("It is well established that issues cannot be raised for the first time in a reply brief."); *Diversey U.S. Holdings, Inc. v. Sara Lee Corp.*, 1994 WL 30549, at *2 (N.D. Ill. Feb. 3, 1994) (granting motion to strike false statement in brief); *Avdeef v. Rockline Indus., Inc.*, 2009 WL 3424671, at *3 (N.D. Tex. Oct. 23, 2009); *Barbanti v. Quality Loan Serv. Corp.*, 2006 WL 1889255, at *7 n.4 (E.D. Wash. July 7, 2006).

- 1 -    DC'S OBJECTIONS TO DEFS.' REPLY ISO THEIR RECONSIDERATION MOTION

Tokoro Decl. Exhibit A (emphasis and numbers added). Because defendants did not include the Email in their motion, the issue was not joined as to its contents. To avoid needless argument—and a motion to strike that defendants would have filed had DC attached the Email as an exhibit—DC agreed to defendants' request. In a complete reversal of position, defendants now criticize DC for not using the Email in its brief. Defendants of course fail to disclose their request that DC not use the Email, *id.*, and they notably fail to provide the Court with a copy of the Email.

2. The reason defendants did not provide the Court with a copy of the Email is obvious. *First*, it directly refutes false claims defendants made to this Court and the Ninth Circuit about when Toberoff first contacted the Siegel family. Docket No. 455 at 2-4. *Second*, the Email is proof of the way Toberoff, the businessman/lawyer, preys on unsuspecting heirs like Michael Siegel. While Toberoff now claims the Email was a privileged, proper attempt by him to solicit Michael as a legal client, Mot. 6, the Email is no such thing. California's ethical rules have long required any such solicitations include a clearly stated "Advertisement" disclaimer, *which the Email omits*. *Compare* Tokoro Decl. ¶ 2 *with* CAL. R. PROF. C. 1-400(E), Standard 5 (solicitation must "bear the word 'Advertisement,' 'Newsletter' or words of similar import in 12 point print on the first page"); *In re McKesson HBOC, Inc. Secs. Litig.*, 126 F. Supp. 2d 1239, 1244-45 (N.D. Cal. 2000).

This was neither the first nor the last time Toberoff has skirted the line between businessman and lawyer or shirked his ethical duties. One of the Toberoff Timeline documents that DC just obtained—a 2003 opinion letter from the Armstrong Hirsch law firm—cautioned Toberoff against the "potential problem" raised by his improper solicitation of the Shuster family, Docket No. 427-3 at 343-44, among other ethical transgressions, *id.*; *see also id.* at 336-40, 344-48. And the Ninth Circuit rightly took note of obvious "ethical" concerns raised by Toberoff's business/legal dealings with the heirs. *In re Pacific Pictures Corp.*, 679 F.3d 1121, 1124 (9th Cir. 2012).

1  3. Defendants' newly sprung argument is procedurally improper, in conflict with the position they communicated to DC, and substantively without basis. It should be stricken or disregarded, *supra* at 1 & n.1, and defendants' motion for reconsideration should be denied.

Dated:   August 30, 2012

Respectfully submitted,

By: /s/ Daniel M. Petrocelli
　　　Daniel M. Petrocelli