DANIEL M. PETROCELLI (S.B. #097802)
 dpetrocelli@omm.com
MATTHEW T. KLINE (S.B. #211640)
 mkline@omm.com
CASSANDRA L. SETO (S.B. #246608)
 cseto@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA  90067-6035
Telephone:  (310) 553-6700
Facsimile:   (310) 246-6779

Attorneys for Plaintiff DC Comics

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DC COMICS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PACIFIC PICTURES CORPORATION, IP WORLDWIDE, LLC, IPW, LLC, MARC TOBEROFF, an individual, MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER, JEAN ADELE PEAVY, an individual, LAURA SIEGEL LARSON, an individual and as personal representative of the ESTATE OF JOANNE SIEGEL, and DOES 1-10, inclusive,<br><br>　　　　Defendants. | Case No. CV 10-3633 ODW (RZx)<br><br>**[PROPOSED] ORDER DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON DC COMICS' FIRST, SECOND AND THIRD CLAIMS FOR RELIEF AND GRANTING SUMMARY JUDGMENT IN FAVOR OF DC COMICS ON ITS FIRST AND THIRD CLAIMS FOR RELIEF**<br><br>Hon. Otis D. Wright II |

IT IS HEREBY ORDERED that Defendants' Motion For Partial Summary Judgment On DC Comics' ("DC") First, Second And Third Claims For Relief is DENIED.

As to DC's First Claim for Relief, summary judgment is warranted in favor of DC on two separate, independent grounds:

1. The 1992 agreement between DC and the heirs of Joseph Shuster eliminated any pre-1978 copyright grant that might otherwise be subject to termination under the 1976 Copyright Act. *See* 17 U.S.C. §§ 304(c)-(d), 203(a); *Milne v. Stephen Slesinger, Inc.*, 430 F.3d 1036, 1042-45 (9th Cir. 2005); *Penguin Group (USA) Inc. v. Steinbeck*, 537 F.3d 193, 200-02 (2d Cir. 2008). Accordingly, the copyright termination notice filed by the Estate of Joseph Shuster on November 10, 2003 (the "Notice") is deemed invalid and ineffective.

2. The Shuster heirs have no statutory basis to terminate under § 304(d) of the Copyright Act because Joseph Shuster passed away without exercising any purported termination right and before his right could "expire" under the terms of § 304(c). *See* 17 U.S.C. §§ 304(c)-(d). Accordingly, on this alternative ground, the Notice is deemed invalid and ineffective.

As to DC's Third Claim for Relief, summary judgment is warranted in favor of DC on the ground that defendants' unlawful rights-tying agreements violate the period of exclusivity provided to DC by § 304(c)(6)(D) of the Copyright Act. 17 U.S.C. § 304(c)(6)(D); *see Milne*, 430 F.3d at 1047. Under § 304(c)(6)(D), DC was entitled to a period of exclusivity from the date the Notice was served (November 10, 2003) to the date it purports to take effect (October 26, 2013) during which the Shuster heirs were barred from entering into any agreement regarding the rights sought to be recaptured with any party other than DC, the original copyright "grantee" to those rights. *Milne*, 430 F.3d at 1047. Any agreement interfering with that period of exclusivity—including defendants' 2001 and 2003 agreements with Pacific Pictures and defendants' 2008 "consent agreement"—is invalid and

unenforceable. Assuming the Notice is valid, which the Court rejects above, the 10-year period of exclusivity to which DC was entitled under the Notice and the law shall be restored.

IT IS SO ORDERED.

Dated: _____     _____
　　　　　　　　　　　　　　　　　Honorable Otis D. Wright, II
　　　　　　　　　　　　　　　　　Judge, United States District Court