| | |
|---|---|
| 1 | DANIEL M. PETROCELLI (S.B. #097802) |
|   | dpetrocelli@omm.com |
| 2 | MATTHEW T. KLINE (S.B. #211640) |
|   | mkline@omm.com |
| 3 | CASSANDRA L. SETO (S.B. #246608) |
|   | cseto@omm.com |
| 4 | O'MELVENY & MYERS LLP |
|   | 1999 Avenue of the Stars, 7th Floor |
| 5 | Los Angeles, CA  90067-6035 |
|   | Telephone:  (310) 553-6700 |
| 6 | Facsimile:   (310) 246-6779 |

Attorneys for Plaintiff DC Comics

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DC COMICS, | Case No. CV 10-3633 ODW (RZx) |
| Plaintiff, | **DC COMICS' OBJECTIONS TO EVIDENCE IN DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS, DECLARATION, AND EXHIBITS IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON FIRST, SECOND AND THIRD CLAIMS FOR RELIEF** |
| v. | |
| PACIFIC PICTURES CORPORATION, IP WORLDWIDE, LLC, IPW, LLC, MARC TOBEROFF, an individual, MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER, JEAN ADELE PEAVY, an individual, LAURA SIEGEL LARSON, an individual and as personal representative of the ESTATE OF JOANNE SIEGEL, and DOES 1-10, inclusive, | |
| Defendants. | Hon. Otis D. Wright II |
| | **Hearing Date**: Oct. 15, 2012 |
| | **Hearing Time**: 1:30 p.m. |
| | **Courtroom**: 11 |

Plaintiff DC Comics ("DC") objects to the evidence in defendants' Statement Of Uncontroverted Facts, Declaration Of Keith G. Adams, and supporting exhibits on the following grounds. Much of the evidence defendants cite in this needless and duplicative cross-motion was already cited and addressed at length in DC's pending motion for summary judgment. DC incorporates its prior objections and responses to cited evidence defendants re-submit here. *See* Docket Nos. 458, 458-1, 459, 460, 468, 469, 470-1, 471, 473.

| **DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS ("DSUF")** | **DC'S OBJECTIONS** |
|---|---|
| 4. Superman became a cultural icon, and eventually spawned a multi-billion dollar franchise.<br><br>**Decl. of Keith Adams ("AD") Ex. K**<br><br>Described in AD as a "New York Times article, dated August 3, 1992." | AD Ex. K is inadmissible hearsay. FED. R. EVID. 801, 802; *Twentieth Century Fox Film Corp. v. Entm't Distrib.*, 429 F.3d 869, 880 n.3 (9th Cir. 2005). Defendants offer this newspaper article solely for the truth of the matters contained therein to support their suggestion that Siegel and Shuster were responsible for the success of Superman. Defendants cannot and do not identify any hearsay exception or other basis that would justify admission of the hearsay article. *E.g.*, *Twardowski v. Am. Airlines*, 535 F.3d 952, 961 (9th Cir. 2008); *Jinro Am. Inc. v. Secure Invs., Inc.*, 266 F.3d 993, 1006 (9th Cir. 2001); *Scott v. Ross*, 140 F.3d 1275, 1286 (9th Cir. 1998); *Larez v. City of Los Angeles*, 946 F.2d 630, 643 (9th Cir. 1991).<br><br>FED. R. CIV. P. 56(c)(1)-(2) requires that only admissible evidence be considered for purposes of summary judgment, and thus AD Ex. K must be disregarded, *In re Slatkin*, 525 F.3d 805, |

| **DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS ("DSUF")** | **DC'S OBJECTIONS** |
|---|---|
| | 811 (9th Cir. 2008). |
| | Lack of foundation. Lack of personal knowledge. FED. R. EVID. 602. |
| 15. Consistent with the outcome of the 1947 Action and *Siegel*, 508 F.2d 909, DC for decades has based its chain-of-title to Superman on the 1938 Grant.<br><br>**AD Ex. T**<br><br>Described in AD as a "February 29, 1996 Copyright Research Report generated by Thompson & Thompson." | AD Ex. T is inadmissible hearsay, given the theory of relevance. FED. R. EVID. 801, 802; *see supra* DC's Objections to DSUF 4.<br><br>It is also not remotely "custom" evidence, given that it is unsupported by any testimony or evidence laying foundation for the report, its relevance, or why and how it is germane to DC.<br><br>This legal argument—improperly masquerading as a factual one—runs directly contrary to well-established copyright law that parties like DC need not record such agreements. Pub. L. No. 100-568, 102 Stat. 2853, 2857, 2861 (1988); *R&R Recreation Prods., Inc. v. Joan Cook Inc.*, 1992 WL 88171, at *4 (S.D.N.Y. Apr. 14, 1992).<br><br>The report is not habit evidence under FED. R. EVID. 406, because it does not show "a frequency of specific conduct sufficient to be considered semiautomatic." *Simplex, Inc. v. Diversified Energy Sys., Inc.*, 847 F.2d 1290, 1294 (7th Cir. 1988); *see U.S. v. West*, 22 F.3d 586, 592 (5th Cir. 1994) (rejecting Rule 406 argument where evidence not numerous enough in relation to defendants' thousands of other dealings); *G.M. Brod & Co. v.* |

| **Defendants' Statement of Uncontroverted Facts ("DSUF")** | **DC's Objections** |
|---|---|
| | *U.S. Home Corp.*, 759 F.2d 1526, 1533 (11th Cir. 1985) (explaining that experience of one contractor not sufficient evidence of routine practice in light of different experiences of thousands of other contractors who had dealt with same party).<br><br>It also is inadmissible character evidence. "Evidence of a[n] … other act is not admissible to prove … that on a particular occasion the person acted in accordance." FED. R. EVID. 404(b). Defendants identify no exception for this rule "prohibit[ing] 'other acts' evidence for the purpose of showing action in conformity therewith." *U.S. v. Redlightning*, 624 F.3d 1090, 1120-21 (9th Cir. 2010). |
| 16. DC deleted Siegel and Shuster's Superman credit byline (from 1947-1975) and references to them from its publications.<br><br>**AD Ex. I**<br><br>Described in AD as a "Los Angeles Times article, dated February 25, 1979." | AD Ex. I is inadmissible hearsay. FED. R. EVID. 801, 802; *see supra* DC's Objections to DSUF 4, 15.<br><br>Lack of foundation. Lack of personal knowledge. FED. R. EVID. 602. |
| 17. Between 1947-1975, Siegel and Shuster slipped into obscurity and poverty.<br><br>**AD Ex. F**<br><br>Described in AD as a "New York Times article, dated November 22, | AD Exs. F, G, I, and K are inadmissible hearsay. FED. R. EVID. 801, 802; *see supra* DC's Objections to DSUF 4.<br><br>Lack of foundation. Lack of personal knowledge. FED. R. EVID. 602. |

- 3 -

DC'S OBJECTIONS TO EVIDENCE ISO DEFS.' MOT. FOR PARTIAL SUMM. J

| **Defendants' Statement of Uncontroverted Facts ("DSUF")** | **DC's Objections** |
|---|---|
| 1975." <br><br> **AD Ex. G** <br><br> Described in AD as a "New York Times article, dated December 10, 1975." <br><br> **AD Ex. I** <br><br> Described in AD as a "Los Angeles Times article, dated February 25, 1979." <br><br> **AD Ex. K** <br><br> Described in AD as a "New York Times article, dated August 3, 1992." | |
| 18.   In 1975, the National Cartoonists Society and the Cartoonists Guild launched a public-relations campaign protesting DC's treatment of Siegel and Shuster. <br><br> **AD Ex. G** <br><br> Described in AD as a "New York Times article, dated December 10, 1975." | AD Ex. G is inadmissible hearsay.  FED. R. EVID. 801, 802; *see supra* DC's Objections to DSUF 4. <br><br> Lack of foundation.  Lack of personal knowledge.  FED. R. EVID. 602. |
| 35.   The 1992 Agreement does not remotely resemble DC or Warner's customary rights agreements. <br><br> **AD Ex. O** <br><br> Described in AD as an "agreement between DC Comics, Inc., on the one hand, and Frank Shuster and Jean Peavy, on the other hand, dated October 2, 1992." | Unsupported by any testimony or evidence laying any foundation for three contracts out of hundreds that companies like Warner and DC enter into, or any testimony or evidence tying these three contracts to the issues in dispute in this case—much less the 1992 Agreement on which DC sues—defendants try to use these contracts to show that the 1992 Agreement, to be an effective copyright grant, had to be |

| **DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS ("DSUF")** | **DC'S OBJECTIONS** |
|---|---|
| **AD Ex. J**<br><br>Described in AD as an "October 10, 1980 Agreement between DC Comics, Inc., on the one hand, and Swampfilms, Inc., on the other hand.<br><br>**AD Ex. W**<br><br>Described in AD as a "December 18, 1998, Agreement between Warner Bros., on the one hand, and Hasbro, Inc. and Hasbro International, Inc., on the other hand."<br><br>**AD Ex. BB**<br><br>Described in AD as a "December 2, 2002 Agreement between Warner Bros., on the one hand, and Edgar Rice Burroughs, Incl., on the other hand." | much longer.<br><br>This legal argument—improperly masquerading as a factual one—runs directly contrary to well-established copyright law that the Ninth Circuit handed down two years before the 1992 Agreement was made: "If the copyright holder agrees to transfer ownership to another party, that party must get the copyright holder to sign a piece of paper saying so. It doesn't have to be the Magna Charta; *a one-line pro forma statement will do*." *Effects Assocs., Inc. v. Cohen*, 908 F.2d 555, 557 (9th Cir. 1990) (emphasis added).<br><br>In any event, the three contracts defendants cite can and should be stricken for lack of foundation or connection to the facts at issue in this case, FED. R. EVID. 602, and disregarded on relevance grounds, FED. R. EVID. 401. The contracts in AD Exs. J, W, and BB involve different parties, different rights, and different properties than those at issue in this case, and were entered into almost a decade after the 1992 Agreement. AD Exs. J (DC Comics-Swampfilms, Inc.; Swamp Thing; 1980); W (Warner Bros.-Hasbro; option; G.I. Joe; 1998); BB (Warner Bros.-Edgar Rice Burroughs, Inc.; option; Tarzan; 2002).<br><br>AD Exs. J, W, and BB are not |

| **Defendants' Statement of Uncontroverted Facts ("DSUF")** | **DC's Objections** |
|---|---|
| | habit evidence under Fed. R. Evid. 406, because the documents do not show "a frequency of specific conduct sufficient to be considered semiautomatic." *See supra* DC's Objections to DSUF 15.<br><br>AD Exs. J, W, and BB are also inadmissible character evidence. *Id.* |
| 36.  DC did not file the 1992 Agreement with the U.S. Copyright Office, even though it is DC's customary practice to record real copyright assignments.<br><br>**AD Ex. T**<br><br>Described in AD as a "February 29, 1996 Copyright Research Report generated by Thompson & Thompson." | AD Ex. T is inadmissible hearsay, given the theory of relevance. Fed. R. Evid. 801, 802; *see supra* DC's Objections to DSUF 4, 15.<br><br>It is also not remotely "custom" evidence, given that it is unsupported by any testimony or evidence laying foundation for the report, its relevance, or why and how it is germane to DC.<br><br>This legal argument—improperly masquerading as a factual one—runs directly contrary to well-established copyright law that parties like DC need not record such agreements. *See supra* DC's Objections to DSUF 15.<br><br>The report is not habit evidence under Fed. R. Evid. 406, because it does not show "a frequency of specific conduct sufficient to be considered semiautomatic." *See supra* DC's Objections to DSUF 15.<br><br>It also is inadmissible character evidence. *Id.* |
| 37.  DC has consistently relied on the 1938 Grant for it chain-of-title to Superman, as the 1938 Grant was held in | AD Ex. T is inadmissible hearsay, given the theory of relevance. Fed. R. Evid. 801, 802; *see supra* DC's |

| **DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS ("DSUF")** | **DC'S OBJECTIONS** |
|---|---|
| both the 1947 Action and the 1974 Action to have granted DC's predecessor all rights in Siegel and Shuster's Superman character and story.<br><br>**AD Ex. T**<br><br>Described in AD as a "February 29, 1996 Copyright Research Report generated by Thompson & Thompson." | Objections to DSUF 4, 15.<br><br>It is also not remotely "custom" evidence given that it is unsupported by any testimony or evidence laying foundation for the report, its relevance, or why and how it is germane to DC.<br><br>This legal argument—improperly masquerading as a factual one—runs directly contrary to well-established copyright law that parties like DC need not record such agreements. *See supra* DC's Objections to DSUF 15.<br><br>The report is not habit evidence under FED. R. EVID. 406, because it does not show "a frequency of specific conduct sufficient to be considered semiautomatic." *See supra* DC's Objections to DSUF 15.<br><br>It also is inadmissible character evidence. *Id.* |
| 39. Outside of and before filing this lawsuit in 2010, attacking the Shuster Termination (described below), DC has not claimed or suggested that the 1992 Agreement is the basis for its chain-of-title to Superman.<br><br>**AD Ex. T**<br><br>Described in AD as a "February 29, 1996 Copyright Research Report generated by Thompson & Thompson." | AD Ex. T is inadmissible hearsay, given the theory of relevance. FED. R. EVID. 801, 802; *see supra* DC's Objections to DSUF 4, 15.<br><br>It is also not remotely evidence of what DC has claimed or not claimed over the past 20 years, especially given that it is unsupported by any testimony or evidence laying foundation for the report, its relevance, or why and how it is germane to DC.<br><br>This legal argument—improperly |

| DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS ("DSUF") | DC'S OBJECTIONS |
|---|---|
| | masquerading as a factual one—runs directly contrary to well-established copyright law that parties like DC need not record such agreements. *See supra* DC's Objections to DSUF 15.<br><br>The report is not habit evidence under FED. R. EVID. 406, because it does not show "a frequency of specific conduct sufficient to be considered semiautomatic." *See supra* DC's Objections to DSUF 15.<br><br>It also is inadmissible character evidence. *Id.* |
| 40. Outside of and before filing this lawsuit in 2010, attacking the 2003 Shuster Termination, DC has not claimed or suggested that the 1992 Agreement revoked or extinguished the 1938 Grant or any other Superman grants by Joseph Shuster.<br><br>**AD Ex. T**<br><br>Described in AD as a "February 29, 1996 Copyright Research Report generated by Thompson & Thompson." | AD Ex. T is inadmissible hearsay, given the theory of relevance. FED. R. EVID. 801, 802; *see supra* DC's Objections to DSUF 4, 15.<br><br>It is also not remotely evidence of what DC has claimed or not claimed over the past 20 years, especially given that it is unsupported by any testimony or evidence laying foundation for the report, its relevance, or why and how it is germane to DC.<br><br>This legal argument—improperly masquerading as a factual one—runs directly contrary to well-established copyright law that parties like DC need not record such agreements. *See supra* DC's Objections to DSUF 15.<br><br>The report is not habit evidence under FED. R. EVID. 406, because it does not show "a frequency of specific |

| **DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS ("DSUF")** | **DC'S OBJECTIONS** |
|---|---|
| | conduct sufficient to be considered semiautomatic." *See supra* DC's Objections to DSUF 15. <br><br> It also is inadmissible character evidence. *Id.* |
| 41. Outside of and before filing this lawsuit in 2010, attacking the 2003 Shuster Termination, DC has not claimed or suggested that the 1992 Agreement re-granted it Joseph Shuster's Superman copyrights. <br><br> **AD Ex. T** <br><br> Described in AD as a "February 29, 1996 Copyright Research Report generated by Thompson & Thompson." | AD Ex. T is inadmissible hearsay, given the theory of relevance. FED. R. EVID. 801, 802; *see supra* DC's Objections to DSUF 4, 15. <br><br> It is also not remotely evidence of what DC has claimed or not claimed over the past 20 years, especially given that it is unsupported by any testimony or evidence laying foundation for the report, its relevance, or why and how it is germane to DC. <br><br> This legal argument—improperly masquerading as a factual one—runs directly contrary to well-established copyright law that parties like DC need not record such agreements. *See supra* DC's Objections to DSUF 15. <br><br> The report is not habit evidence under FED. R. EVID. 406, because it does not show "a frequency of specific conduct sufficient to be considered semiautomatic." *See supra* DC's Objections to DSUF 15. <br><br> It also is inadmissible character evidence. *Id.* |
| 42. DC's 2005 letter to Mark Warren Peary and Jean Adele Peavy, which | AD Ex. HH is a settlement offer, which is inadmissible for the use |

- 9 -

DC'S OBJECTIONS TO EVIDENCE ISO
DEFS.' MOT. FOR PARTIAL SUMM. J

| **DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS ("DSUF")** | **DC'S OBJECTIONS** |
|---|---|
| discussed and offered to settle the 2003 Shuster Termination does not even mention the 1992 Agreement.<br><br>**AD Ex. HH**<br><br>Described in AD as a "letter from Paul Levitz to Jean Peavy and Mark Warren Peary, dated April 28, 2005." | defendants seek to make of it. FED. R. EVID. 408; FED. R. CIV. P. 56(c)(2); *e.g., U.S. v. Whitney*, 180 Fed. Appx. 670, 673 (9th Cir. 2006); *Hudspeth v. C.I.R.*, 914 F.2d 1207, 1213-14 (9th Cir. 1990); Docket No. 468 at 7 n.3. Defendants also erroneously describe the letter. It challenges the Shusters' termination notice, as Toberoff expressly acknowledged in a letter in response. Docket No. 463-3 at 275. |

Dated: September 21, 2012

Respectfully submitted,

By: /s/ Daniel M. Petrocelli
      Daniel M. Petrocelli

Attorneys for Plaintiff DC Comics

DC'S OBJECTIONS TO EVIDENCE ISO DEFS.' MOT. FOR PARTIAL SUMM. J