# EXHIBIT 31

## NOTICE OF TERMINATION OF TRANSFER
## COVERING EXTENDED RENEWAL TERM

TO:   Time Warner Inc.
c/o Gerald M. Levin
Chairman of the Board & C.E.O.
75 Rockefeller Plaza
New York, NY 10019

Time Warner
Entertainment Company, L.P.
75 Rockefeller Plaza
New York, NY 10019

Warner Communications Inc.
75 Rockefeller Plaza
New York, NY 10019

Warner Bros. Inc.
c/o Robert Daly and Terry Semel
Co-Chairmen of the Board & Co-C.E.O.
4000 Warner Boulevard
Burbank, CA 91522

DC Comics Inc.
c/o Jenette Kahn
President & Editor In Chief
1700 Broadway
New York, NY 10019

DC Comics,
a New York General Partnership
c/o Paul Levitz
Executive V.P. & Publisher
1700 Broadway
New York, NY 10019

Warner Bros. Television
c/o Tony Jonas, President
4000 Warner Boulevard
Burbank, CA 91522

Warner Bros. Consumer Products
c/o Dan Romanelli, President
4000 Warner Boulevard
Burbank, CA 91522

Warner Bros. Worldwide Licensing
c/o George Jones, President
4000 Warner Boulevard
Burbank, CA 91522

Warner Music Group
c/o Robert Daly and Terry Semel
Co-Chairmen
75 Rockefeller Plaza
New York, NY 10019

Dark Horse Publications
c/o Michael Richardson, President
10956 S.E. Main St.
Milwaukie, OR 97222

Marvel Entertainment Group, Inc.
c/o Scott Sassa, C.E.O.
387 Park Ave. South
New York, NY 10016

Hasbro, Inc.
c/o Alan Hassenfeld, C.E.O.
1027 Newport Ave.
Pawtucket, RI 02861

Fleer/Skybox International
c/o Ed Feeley, President & C.E.O.
1120 Route 73
Mt. Laurel, NJ 08054

Golden Books Publishing
1220 Mound Ave.
Racine, WI 53404

Inverse Ink
TAO Research Corporation
c/o Lingtao Wang, President
785A Castro Street
Mountain View, CA 94041

1-December 4, 1937 Agreement

1

000000848

**EXHIBIT 31**
**722**

PLEASE TAKE NOTICE that pursuant to Section 304(c) of the Copyright Law (Title 17, U.S.C.) and the regulations issued thereunder by the Register of Copyrights, 37 C.F.R. section 201.10, the undersigned Joanne Siegel and Laura Siegel Larson, being the persons who own an interest sufficient to terminate transfers pursuant to said statutory provisions, hereby terminate the grant of the transfer of renewal copyright(s) (to the extent of author Jerome Siegel's share in the ownership of the renewal copyright(s)) made in a certain agreement between Jerome Siegel and Joe Shuster and Detective Comics, Inc. executed on or about December 4, 1937, and the undersigned set forth in connection therewith the following:

1.      The names and addresses of the grantees and/or successors in title whose rights are being terminated are as follows: Time Warner Inc., 75 Rockefeller Plaza, New York, NY 10019; Time Warner Entertainment Company, L.P., 75 Rockefeller Plaza, New York, NY 10019; Warner Communications Inc., 75 Rockefeller Plaza, New York, NY 10019; Warner Bros. Inc., 4000 Warner Boulevard, Burbank, CA 91522; DC Comics Inc., 1700 Broadway, New York, NY 10019; DC Comics, a New York General Partnership, 1700 Broadway, New York, NY 10019; Warner Bros. Television, 4000 Warner Boulevard, Burbank, CA 91522; Warner Bros. Consumer Products, 4000 Warner Boulevard, Burbank, CA 91522; Warner Bros. Worldwide Licensing, 4000 Warner Boulevard, Burbank, CA 91522; Warner Music Group, 75 Rockefeller Plaza, New York, NY 10019; Dark Horse Publications, 10956 S.E. Main St., Milwaukie, OR 97222; Marvel Entertainment Group, Inc., 387 Park Ave. South, New York, NY 10016; Hasbro, Inc., 1027 Newport Ave., Pawtucket, RI 02861; Fleer/Skybox International, 1120 Route 73, Mt. Laurel, NJ 08054; Golden Books

1-December 4, 1937 Agreement

2

000000849

EXHIBIT 31
723

Publishing, 1220 Mound Ave., Racine, WI 53404; and Inverse Ink, TAO Research Corporation, 785A Castro Street, Mountain View, CA 94041.  Pursuant to 37 C.F.R. Section 201.10(d), service of this notice is being made by first class mail to the above grantees or successors at the addresses shown.

2.      Each work to which this notice of termination applies is as follows:  The title of the original copyrighted work to which this Notice of Termination applies is SUPERMAN, an illustrated comic book story constituting a front cover and pages 1-13, inclusive, in the body of Action Comics, Vol. 1, No. 1, June, 1938 issue, publication date April 18, 1938 (which is also the date that copyright was originally secured in this work), Copyright Registration No. B379787.  This work was written by Jerome Siegel and illustrated by Joe Shuster.  Renewal for the work was made June 1, 1965, in the name of National Periodical Publications, Inc. claiming as proprietor of copyright, renewal registration No. R362188.  The aforesaid work was based upon the following works to which this Notice of Termination also applies:  Twenty-four (24) days (i.e., four weeks) of previously unpublished SUPERMAN newspaper comic strips (created c. 1934), also written by Jerome Siegel and illustrated by Joe Shuster; and a seven page synopsis of the last 18 days (i.e., weeks 2, 3, & 4) of said 24 days of strips, also created c. 1934 and written by Jerome Siegel.  The remaining works to which this Notice of Termination applies[1] are:

---

[1] This Notice of Termination applies to each and every work (in any medium whatsoever, whenever created) that includes or embodies any character, story element, or indicia reasonably associated with SUPERMAN or the SUPERMAN stories, such as, without limitation, Superman, Clark Kent, Lois Lane, Perry White, Jimmy Olsen, Superboy, Supergirl, Lana Lang, Lex Luthor, Mr. MXYZTPLK (also known as Mr. MXYZPTLK), Ma and Pa Kent, Steel, the planet Krypton, Kryptonite, Metropolis, Smallville, or the Daily Planet.  Every reasonable effort has been made to find and list herein every such SUPERMAN-related work ever created.  Nevertheless, if any such work has been omitted, such omission is unintentional and involuntary, and this Notice also applies to each and every such omitted work.

1-December 4, 1937 Agreement                                    3

000000850

**EXHIBIT 31**
**724**

| Title | Name of Author[2] | Date Copyright Secured[3] | Copyright Reg. No. |
|---|---|---|---|
| SUPERMAN story in Comic Book form | Jerome Siegel | Unpublished Work created c. 1933 | N/A[4] |
| Untitled paragraph previewing future SUPERMAN exploits | Jerome Siegel | Unpublished Work created c. 1934 | N/A |
| 15 SUPERMAN daily comic strips (12 strips & 3 scripts) | Jerome Siegel | Unpublished Work created c. 1934 | N/A |
| 9 page synopsis covering an additional 2 months of daily (at 6 days per week) comic strips of SUPERMAN[5] | Jerome Siegel | Unpublished Work created c. 1934 | N/A |

---

[2] Pursuant to 37 C.F.R § 201.10(b)(1)(ii), this Notice includes the name of at least one author of each work to which this notice of termination applies. The listing of any corporation as author of any work is done per the practice shown in Copyright Office records, and is not to be construed as an admission that any given work is or was a work made for hire. Nor is anything else herein to be construed as any such admission.

[3] Regarding works governed by the 1976 Copyright Act as to "Date Copyright Secured," and commencing in 1978, the records of the U.S. Copyright Office list only the year of creation, rather than the day, month, and year of creation. Accordingly, for every registered post-1977 *published work* whose year of creation is the same as its year of publication, only the specific publication date (month, day, and year) will be given, and the year therein will constitute the year of creation. For every registered post-1977 *published work* whose year of creation differs from its year of publication, the year of creation will be given (e.g., "DCRE: 1979" [i.e., "Date Created: 1979"]), followed by the specific publication date. For every registered post-1977 *unpublished work* whose year of creation is the same as its year of registration, only the specific registration date (month, day, and year) followed by the designation "(DREG)" [i.e., "Date Registered"] will be given, and the year therein will constitute the year of creation. For every registered post-1977 *unpublished work* whose year of creation differs from its year of registration, the year of creation will be given (e.g., "DCRE: 1979"), followed by the specific registration date.

[4] The first four works listed in this table as well as the above-referred 24 days of previously unpublished SUPERMAN newspaper comic strips and seven page synopsis of the last 18 days of said strips were never published or registered, at least not in their original form, so there are no copyright registration numbers for them. Accordingly, under the 1909 Act, copyright in the said works was not (and could not have been) secured prior to April 18, 1938, the date of the first published and registered SUPERMAN work, namely, *Action Comics #1* (described above).

[5] This list of titles/works as part of paragraph number 2 continues through page 550. Paragraph number 3 begins on page 551.

1-December 4, 1937 Agreement

4

000000851

**EXHIBIT 31**

**725**

3.   The grant to which this Notice of Termination applies is a two page agreement between Detective Comics, Inc. and Jerome Siegel and Joe Shuster, co-authors of the comic book/strip SUPERMAN, identified as follows: An Agreement of Employment executed on or about December 4, 1937, which states in part that "any new and additional features which the Employees [Siegel and Shuster] produce for use in a comic magazine are to be first submitted to the Employer [Detective Comics, Inc.], who reserves the right to accept or reject same within a period of Sixty days."  Prior to the execution of this agreement, Jerome Siegel had written the following SUPERMAN works: SUPERMAN story in a form suitable for comic book publication, twenty-four (24) days (i.e., four weeks) of previously unpublished SUPERMAN newspaper comic strips, a seven page synopsis of the last 18 days (i.e., weeks 2, 3, & 4) of said 24 days of strips, an untitled paragraph previewing future SUPERMAN exploits, fifteen SUPERMAN daily comic strips (12 strips and 3 scripts), and a nine page synopsis covering an additional two months of daily (at 6 days per week) comic strips of SUPERMAN. Assuming for purposes of this notice that said agreement contains a provision affecting rights to SUPERMAN, which, when first exercised by Detective Comics, Inc. on March 1, 1938, constituted a grant of non-work-for-hire SUPERMAN works and a grant of a transfer of renewal copyright(s) in SUPERMAN, the said grant included all SUPERMAN works in existence up through said date (March 1, 1938) as listed in paragraph 2 above and the renewal rights therein, and also included rights in the future including the renewal rights in the remaining works set forth in paragraph 2 above.

4.     The effective date of termination shall be April 16, 1999.

1-December 4, 1937 Agreement

551

000000852

**EXHIBIT 31**
**726**

5.　　Jerome Siegel died on January 28, 1996.  Mr. Siegel is survived by his widow, Joanne Siegel, and two children: Jerome and Joanne Siegel's daughter Laura Siegel Larson, and Mr. Siegel's son by a previous marriage, Michael Siegel.  Joanne Siegel and Laura Siegel Larson, who own and constitute more than one-half of author Jerome Siegel's termination interest, are executing this notice and constitute a 75% majority interest of those persons entitled to exercise the termination interest of Jerome Siegel as to the grant of the transfer described herein-above.  To the best knowledge and belief of the undersigned, this notice has been signed by all persons whose signature is necessary to terminate said grant under Section 304(c) of Title 17, United States Code.

Dated: March 30, 1997

Joanne Siegel
13900 Panay Way, R-115
Marina del Rey, CA 90292

Laura Siegel Larson
6400 Pacific Avenue, No. 106
Playa del Rey, CA 90293

1-December 4, 1937 Agreement

000000853

**EXHIBIT 31**
**727**

## CERTIFICATE OF INVESTIGATION

I hereby certify that before serving the foregoing document described as NOTICE OF TERMINATION OF TRANSFER COVERING EXTENDED RENEWAL TERM, and pursuant to 37 C.F.R. Section 201.10(d), I caused a reasonable investigation to be made on behalf of Joanne Siegel and Laura Siegel Larson as to the current ownership of the rights being terminated, by commissioning a search of U.S. copyright records, including a search of the records in the U.S. Copyright Office.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 3rd day of April, 1997, at Washington, DC.

ARTHUR J. LEVINE, Esq.
FINNEGAN, HENDERSON,
FARABOW, GARRETT & DUNNER, L.L.P.
1300 "I" Street, N.W.
Washington, DC 20005
(202) 408-4000
Counsel for Joanne Siegel
and Laura Siegel Larson

1-December 4, 1937 Agreement

553

000000854

**EXHIBIT 31**
**728**

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document described as NOTICE OF

TERMINATION OF TRANSFER COVERING EXTENDED RENEWAL TERM was served

this 3d day of April, 1997, by First Class Mail, postage prepaid, upon the following:

Time Warner Inc.
c/o Gerald M. Levin
Chairman of the Board & C.E.O.
75 Rockefeller Plaza
New York, NY 10019

Time Warner
Entertainment Company, L.P.
75 Rockefeller Plaza
New York, NY 10019

Warner Communications Inc.
75 Rockefeller Plaza
New York, NY 10019

Warner Bros. Inc.
c/o Robert Daly and Terry Semel
Co-Chairmen of the Board & Co-C.E.O.
4000 Warner Boulevard
Burbank, CA 91522

DC Comics Inc.
c/o Jenette Kahn
President & Editor In Chief
1700 Broadway
New York, NY 10019

DC Comics,
a New York General Partnership
c/o Paul Levitz
Executive V.P. & Publisher
1700 Broadway
New York, NY 10019

Warner Bros. Television
c/o Tony Jonas, President
4000 Warner Boulevard
Burbank, CA 91522

Warner Bros. Consumer Products
c/o Dan Romanelli, President
4000 Warner Boulevard
Burbank, CA 91522

Warner Bros. Worldwide Licensing
c/o George Jones, President
4000 Warner Boulevard
Burbank, CA 91522

Warner Music Group
c/o Robert Daly and Terry Semel
Co-Chairmen
75 Rockefeller Plaza
New York, NY 10019

Dark Horse Publications
c/o Michael Richardson, President
10956 S.E. Main St.
Milwaukie, OR 97222

Marvel Entertainment Group, Inc.
c/o Scott Sassa, C.E.O.
387 Park Ave. South
New York, NY 10016

Hasbro, Inc.
c/o Alan Hassenfeld, C.E.O.
1027 Newport Ave.
Pawtucket, RI 02861

Fleer/Skybox International
c/o Ed Feeley, President & C.E.O.
1120 Route 73
Mt. Laurel, NJ 08054

Golden Books Publishing
1220 Mound Ave.
Racine, WI 53404

1-December 4, 1937 Agreement

554

000000855

**EXHIBIT 31**

**729**

Inverse Ink
TAO Research Corporation
c/o Lingtao Wang, President
785A Castro Street
Mountain View, CA 94041

I declare under penalty of perjury that the foregoing is true and correct.

ARTHUR J. LEVINE, Esq.
FINNEGAN, HENDERSON,
FARABOW, GARRETT & DUNNER, L.L.P.
1300 "I" Street, N.W.
Washington, DC 20005
(202) 408-4000
Counsel for Joanne Siegel
and Laura Siegel Larson

1-December 4, 1937 Agreement

555

000000856

EXHIBIT 31
730

## NOTICE OF TERMINATION OF TRANSFER
## COVERING EXTENDED RENEWAL TERM

TO:    Time Warner Inc.
       c/o Gerald M. Levin
       Chairman of the Board & C.E.O.
       75 Rockefeller Plaza
       New York, NY 10019

       Time Warner
       Entertainment Company, L.P.
       75 Rockefeller Plaza
       New York, NY 10019

       Warner Communications Inc.
       75 Rockefeller Plaza
       New York, NY 10019

       Warner Bros. Inc.
       c/o Robert Daly and Terry Semel
       Co-Chairmen of the Board & Co-C.E.O.
       4000 Warner Boulevard
       Burbank, CA 91522

       DC Comics Inc.
       c/o Jenette Kahn
       President & Editor In Chief
       1700 Broadway
       New York, NY 10019

       DC Comics,
       a New York General Partnership
       c/o Paul Levitz
       Executive V.P. & Publisher
       1700 Broadway
       New York, NY 10019

       Warner Bros. Television
       c/o Tony Jonas, President
       4000 Warner Boulevard
       Burbank, CA 91522

       Warner Bros. Consumer Products
       c/o Dan Romanelli, President
       4000 Warner Boulevard
       Burbank, CA 91522

Warner Bros. Worldwide Licensing
c/o George Jones, President
4000 Warner Boulevard
Burbank, CA 91522

Warner Music Group
c/o Robert Daly and Terry Semel
Co-Chairmen
75 Rockefeller Plaza
New York, NY 10019

Dark Horse Publications
c/o Michael Richardson, President
10956 S.E. Main St.
Milwaukie, OR 97222

Marvel Entertainment Group, Inc.
c/o Scott Sassa, C.E.O.
387 Park Ave. South
New York, NY 10016

Hasbro, Inc.
c/o Alan Hassenfeld, C.E.O.
1027 Newport Ave.
Pawtucket, RI 02861

Fleer/Skybox International
c/o Ed Feeley, President & C.E.O.
1120 Route 73
Mt. Laurel, NJ 08054

Golden Books Publishing
1220 Mound Ave.
Racine, WI 53404

Inverse Ink
TAO Research Corporation
c/o Lingtao Wang, President
785A Castro Street
Mountain View, CA 94041

2-March 1, 1938 Agreement

1

## EXHIBIT 31
## 731

PLEASE TAKE NOTICE that pursuant to Section 304(c) of the Copyright Law (Title 17, U.S.C.) and the regulations issued thereunder by the Register of Copyrights, 37 C.F.R. section 201.10, the undersigned Joanne Siegel and Laura Siegel Larson, being the persons who own an interest sufficient to terminate transfers pursuant to said statutory provisions, hereby terminate the grant of the transfer of renewal copyright(s) (to the extent of author Jerome Siegel's share in the ownership of the renewal copyright(s)) made in a certain agreement between Jerome Siegel and Joe Shuster and Detective Comics, Inc. executed on or about March 1, 1938, and the undersigned set forth in connection therewith the following:

1.      The names and addresses of the grantees and/or successors in title whose rights are being terminated are as follows: Time Warner Inc., 75 Rockefeller Plaza, New York, NY 10019; Time Warner Entertainment Company, L.P., 75 Rockefeller Plaza, New York, NY 10019; Warner Communications Inc., 75 Rockefeller Plaza, New York, NY 10019; Warner Bros. Inc., 4000 Warner Boulevard, Burbank, CA 91522; DC Comics Inc., 1700 Broadway, New York, NY 10019; DC Comics, a New York General Partnership, 1700 Broadway, New York, NY 10019; Warner Bros. Television, 4000 Warner Boulevard, Burbank, CA 91522; Warner Bros. Consumer Products, 4000 Warner Boulevard, Burbank, CA 91522; Warner Bros. Worldwide Licensing, 4000 Warner Boulevard, Burbank, CA 91522; Warner Music Group, 75 Rockefeller Plaza, New York, NY 10019; Dark Horse Publications, 10956 S.E. Main St., Milwaukie, OR 97222; Marvel Entertainment Group, Inc., 387 Park Ave. South, New York, NY 10016; Hasbro, Inc., 1027 Newport Ave., Pawtucket, RI 02861; Fleer/Skybox International, 1120 Route 73, Mt. Laurel, NJ 08054; Golden Books Publishing, 1220 Mound Ave., Racine, WI 53404; and Inverse Ink, TAO Research

2-March 1, 1938 Agreement                              2

000000858

EXHIBIT 31
732

Corporation, 785A Castro Street, Mountain View, CA 94041.  Pursuant to 37 C.F.R. Section 201.10(d), service of this notice is being made by first class mail to the above grantees or successors at the addresses shown.

2.    Each work to which this notice of termination applies is as follows:  The title of the original copyrighted work to which this Notice of Termination applies is SUPERMAN, an illustrated comic book story constituting a front cover and pages 1-13, inclusive, in the body of Action Comics, Vol. 1, No. 1, June, 1938 issue, publication date April 18, 1938 (which is also the date that copyright was originally secured in this work), Copyright Registration No. B379787.  This work was written by Jerome Siegel and illustrated by Joe Shuster.  Renewal for the work was made June 1, 1965, in the name of National Periodical Publications, Inc. claiming as proprietor of copyright, renewal registration No. R362188.  The aforesaid work was based upon the following works to which this Notice of Termination also applies: Twenty-four (24) days (i.e., four weeks) of previously unpublished SUPERMAN newspaper comic strips (created c. 1934), also written by Jerome Siegel and illustrated by Joe Shuster; and a seven page synopsis of the last 18 days (i.e., weeks 2, 3, & 4) of said 24 days of strips, also created c. 1934 and written by Jerome Siegel.  The remaining works to which this Notice of Termination applies[1] are:

---

[1]This Notice of Termination applies to each and every work (in any medium whatsoever, whenever created) that includes or embodies any character, story element, or indicia reasonably associated with SUPERMAN or the SUPERMAN stories, such as, without limitation, Superman, Clark Kent, Lois Lane, Perry White, Jimmy Olsen, Superboy, Supergirl, Lana Lang, Lex Luthor, Mr. MXYZPTLK (also known as Mr. MXYZPTLK), Ma and Pa Kent, Steel, the planet Krypton, Kryptonite, Metropolis, Smallville, or the Daily Planet.  Every reasonable effort has been made to find and list herein every such SUPERMAN-related work ever created.  Nevertheless, if any such work has been omitted, such omission is unintentional and involuntary, and this Notice also applies to each and every such omitted work.

2-March 1, 1938 Agreement

3

000000859

**EXHIBIT 31**
**733**

| Title | Name of Author[2] | Date Copyright Secured[3] | Copyright Reg. No. |
|---|---|---|---|
| SUPERMAN story in Comic Book form | Jerome Siegel | Unpublished Work created c. 1933 | N/A[4] |
| Untitled paragraph previewing future SUPERMAN exploits | Jerome Siegel | Unpublished Work created c. 1934 | N/A |
| 15 SUPERMAN daily comic strips (12 strips & 3 scripts) | Jerome Siegel | Unpublished Work created c. 1934 | N/A |
| 9 page synopsis covering an additional 2 months of daily (at 6 days per week) comic strips of SUPERMAN[5] | Jerome Siegel | Unpublished Work created c. 1934 | N/A |

---

[2]Pursuant to 37 C.F.R § 201.10(b)(1)(ii), this Notice includes the name of at least one author of each work to which this notice of termination applies. The listing of any corporation as author of any work is done per the practice shown in Copyright Office records, and is not to be construed as an admission that any given work is or was a work made for hire. Nor is anything else herein to be construed as any such admission.

[3]Regarding works governed by the 1976 Copyright Act as to "Date Copyright Secured," and commencing in 1978, the records of the U.S. Copyright Office list only the year of creation, rather than the day, month, and year of creation. Accordingly, for every registered post-1977 *published work* whose year of creation is the same as its year of publication, only the specific publication date (month, day, and year) will be given, and the year therein will constitute the year of creation. For every registered post-1977 *published work* whose year of creation differs from its year of publication, the year of creation will be given (e.g., "DCRE: 1979" [i.e., "Date Created: 1979"]), followed by the specific publication date. For every registered post-1977 *unpublished work* whose year of creation is the same as its year of registration, only the specific registration date (month, day, and year) followed by the designation "(DREG)" [i.e., "Date Registered"] will be given, and the year therein will constitute the year of creation. For every registered post-1977 *unpublished work* whose year of creation differs from its year of registration, the year of creation will be given (e.g., "DCRE: 1979"), followed by the specific registration date.

[4]The first four works listed in this table as well as the above-referred 24 days of previously unpublished SUPERMAN newspaper comic strips and seven page synopsis of the last 18 days of said strips were never published or registered, at least not in their original form, so there are no copyright registration numbers for them. Accordingly, under the 1909 Act, copyright in the said works was not (and could not have been) secured prior to April 18, 1938, the date of the first published and registered SUPERMAN work, namely, *Action Comics #1* (described above).

[5]This list of titles/works as part of paragraph number 2 continues through page 550. Paragraph number 3 begins on page 551.

000000860

**EXHIBIT 31**
**734**

3.    The grant to which this Notice of Termination applies is a one page agreement between Detective Comics, Inc. and Jerome Siegel and Joe Shuster, co-authors of the comic book/strip SUPERMAN, identified as follows: An Agreement executed on or about March 1, 1938, which states in part that the co-authors are selling and transferring to Detective Comics, Inc., the comic strip SUPERMAN,

"all good will attached thereto and exclusive right to the use of the characters and story, continuity and title of strip contained therein, to you [Detective] and your assigns to have and hold forever and to be your exclusive property. . . "

The Agreement included at the time all SUPERMAN works in existence up through said date (March 1, 1938), which included the above described SUPERMAN story in a form suitable for comic book publication, the thirteen page SUPERMAN comic book story and its cover, the twenty-four (24) days (i.e., four weeks) of previously unpublished SUPERMAN newspaper comic strips from which the thirteen pages were derived, a seven page synopsis of the last 18 days (i.e., weeks 2, 3, & 4) of said 24 days of strips, an untitled paragraph previewing future SUPERMAN exploits, fifteen SUPERMAN daily comic strips (12 strips & 3 scripts), and a nine page synopsis covering an additional two months of daily (at 6 days per week) comic strips of SUPERMAN.  As affirmed in Siegel v. National Periodical Pub., Inc., 508 F.2d 909 (2d Cir. 1974), said Agreement also granted Detective Comics, Inc. rights in the future, including renewal rights.

4.    The effective date of termination shall be April 16, 1999.

2-March 1, 1938 Agreement                    551

000000861

EXHIBIT 31
735

5.      Jerome Siegel died on January 28, 1996.  Mr. Siegel is survived by his widow, Joanne Siegel, and two children: Jerome and Joanne Siegel's daughter Laura Siegel Larson, and Mr. Siegel's son by a previous marriage, Michael Siegel.  Joanne Siegel and Laura Siegel Larson, who own and constitute more than one-half of author Jerome Siegel's termination interest, are executing this notice and constitute a 75% majority interest of those persons entitled to exercise the termination interest of Jerome Siegel as to the grant of the transfer described herein-above.  To the best knowledge and belief of the undersigned, this notice has been signed by all persons whose signature is necessary to terminate said grant under Section 304(c) of Title 17, United States Code.

Dated: March 30, 1997

Joanne Siegel
13900 Panay Way, R-115
Marina del Rey, CA 90292

Laura Siegel Larson
6400 Pacific Avenue, No. 106
Playa del Rey, CA 90293

2-March 1, 1938 Agreement                    552

000000862

**EXHIBIT 31**
**736**

## CERTIFICATE OF INVESTIGATION

I hereby certify that before serving the foregoing document described as NOTICE OF TERMINATION OF TRANSFER COVERING EXTENDED RENEWAL TERM, and pursuant to 37 C.F.R. Section 201.10(d), I caused a reasonable investigation to be made on behalf of Joanne Siegel and Laura Siegel Larson as to the current ownership of the rights being terminated, by commissioning a search of U.S. copyright records, including a search of the records in the U.S. Copyright Office.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 3d day of April, 1997, at Washington, DC.

ARTHUR J. LEVINE, Esq.
FINNEGAN, HENDERSON,
FARABOW, GARRETT & DUNNER, L.L.P.
1300 "I" Street, N.W.
Washington, DC 20005
(202) 408-4000
Counsel for Joanne Siegel
and Laura Siegel Larson

2-March 1, 1938 Agreement

553

000000863

**EXHIBIT 31**
**737**

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document described as NOTICE OF

TERMINATION OF TRANSFER COVERING EXTENDED RENEWAL TERM was served

this ___ day of April, 1997, by First Class Mail, postage prepaid, upon the following:

Time Warner Inc.
c/o Gerald M. Levin
Chairman of the Board & C.E.O.
75 Rockefeller Plaza
New York, NY 10019

Time Warner
Entertainment Company, L.P.
75 Rockefeller Plaza
New York, NY 10019

Warner Communications Inc.
75 Rockefeller Plaza
New York, NY 10019

Warner Bros. Inc.
c/o Robert Daly and Terry Semel
Co-Chairmen of the Board & Co-C.E.O.
4000 Warner Boulevard
Burbank, CA 91522

DC Comics Inc.
c/o Jenette Kahn
President & Editor In Chief
1700 Broadway
New York, NY 10019

DC Comics,
a New York General Partnership
c/o Paul Levitz
Executive V.P. & Publisher
1700 Broadway
New York, NY 10019

Warner Bros. Television
c/o Tony Jonas, President
4000 Warner Boulevard
Burbank, CA 91522

Warner Bros. Consumer Products
c/o Dan Romanelli, President
4000 Warner Boulevard
Burbank, CA 91522

Warner Bros. Worldwide Licensing
c/o George Jones, President
4000 Warner Boulevard
Burbank, CA 91522

Warner Music Group
c/o Robert Daly and Terry Semel
Co-Chairmen
75 Rockefeller Plaza
New York, NY 10019

Dark Horse Publications
c/o Michael Richardson, President
10956 S.E. Main St.
Milwaukie, OR 97222

Marvel Entertainment Group, Inc.
c/o Scott Sassa, C.E.O.
387 Park Ave. South
New York, NY 10016

Hasbro, Inc.
c/o Alan Hassenfeld, C.E.O.
1027 Newport Ave.
Pawtucket, RI 02861

Fleer/Skybox International
c/o Ed Feeley, President & C.E.O.
1120 Route 73
Mt. Laurel, NJ 08054

Golden Books Publishing
1220 Mound Ave.
Racine, WI 53404

2-March 1, 1938 Agreement                      554                              000000864

## EXHIBIT 31
## 738

Inverse Ink
TAO Research Corporation
c/o Lingtao Wang, President
785A Castro Street
Mountain View, CA 94041


I declare under penalty of perjury that the foregoing is true and correct.

ARTHUR J. LEVINE, Esq.
FINNEGAN, HENDERSON,
FARABOW, GARRETT & DUNNER, L.L.P.
1300 "I" Street, N.W.
Washington, DC 20005
(202) 408-4000
Counsel for Joanne Siegel
and Laura Siegel Larson

2-March 1, 1938 Agreement                         555

000000865

**EXHIBIT 31**
**739**

## NOTICE OF TERMINATION OF TRANSFER
## COVERING EXTENDED RENEWAL TERM

TO:  Time Warner Inc.
     c/o Gerald M. Levin
     Chairman of the Board & C.E.O.
     75 Rockefeller Plaza
     New York, NY 10019

     Time Warner
     Entertainment Company, L.P.
     75 Rockefeller Plaza
     New York, NY 10019

     Warner Communications Inc.
     75 Rockefeller Plaza
     New York, NY 10019

     Warner Bros. Inc.
     c/o Robert Daly and Terry Semel
     Co-Chairmen of the Board & Co-C.E.O.
     4000 Warner Boulevard
     Burbank, CA 91522

     DC Comics Inc.
     c/o Jenette Kahn
     President & Editor In Chief
     1700 Broadway
     New York, NY 10019

     DC Comics,
     a New York General Partnership
     c/o Paul Levitz
     Executive V.P. & Publisher
     1700 Broadway
     New York, NY 10019

     Warner Bros. Television
     c/o Tony Jonas, President
     4000 Warner Boulevard
     Burbank, CA 91522

     Warner Bros. Consumer Products
     c/o Dan Romanelli, President
     4000 Warner Boulevard
     Burbank, CA 91522

Warner Bros. Worldwide Licensing
c/o George Jones, President
4000 Warner Boulevard
Burbank, CA 91522

Warner Music Group
c/o Robert Daly and Terry Semel
Co-Chairmen
75 Rockefeller Plaza
New York, NY 10019

Dark Horse Publications
c/o Michael Richardson, President
10956 S.E. Main St.
Milwaukie, OR 97222

Marvel Entertainment Group, Inc.
c/o Scott Sassa, C.E.O.
387 Park Ave. South
New York, NY 10016

Hasbro, Inc.
c/o Alan Hassenfeld, C.E.O.
1027 Newport Ave.
Pawtucket, RI 02861

Fleer/Skybox International
c/o Ed Feeley, President & C.E.O.
1120 Route 73
Mt. Laurel, NJ 08054

Golden Books Publishing
1220 Mound Ave.
Racine, WI 53404

Inverse Ink
TAO Research Corporation
c/o Lingtao Wang, President
785A Castro Street
Mountain View, CA 94041

3-September 22, 1938 Agreement (1)                    1

000000866

**EXHIBIT 31**
**740**

PLEASE TAKE NOTICE that pursuant to Section 304(c) of the Copyright Law (Title 17, U.S.C.) and the regulations issued thereunder by the Register of Copyrights, 37 C.F.R. section 201.10, the undersigned Joanne Siegel and Laura Siegel Larson, being the persons who own an interest sufficient to terminate transfers pursuant to said statutory provisions, hereby terminate the grant of the transfer of renewal copyright(s) (to the extent of author Jerome Siegel's share in the ownership of the renewal copyright(s)) made in a certain agreement between Jerome Siegel and Joseph Shuster and Detective Comics, Inc. executed on or about September 22, 1938, and the undersigned set forth in connection therewith the following:

1.      The names and addresses of the grantees and/or successors in title whose rights are being terminated are as follows: Time Warner Inc., 75 Rockefeller Plaza, New York, NY 10019; Time Warner Entertainment Company, L.P., 75 Rockefeller Plaza, New York, NY 10019; Warner Communications Inc., 75 Rockefeller Plaza, New York, NY 10019; Warner Bros. Inc., 4000 Warner Boulevard, Burbank, CA 91522; DC Comics Inc., 1700 Broadway, New York, NY 10019; DC Comics, a New York General Partnership, 1700 Broadway, New York, NY 10019; Warner Bros. Television, 4000 Warner Boulevard, Burbank, CA 91522; Warner Bros. Consumer Products, 4000 Warner Boulevard, Burbank, CA 91522; Warner Bros. Worldwide Licensing, 4000 Warner Boulevard, Burbank, CA 91522; Warner Music Group, 75 Rockefeller Plaza, New York, NY 10019; Dark Horse Publications, 10956 S.E. Main St., Milwaukie, OR 97222; Marvel Entertainment Group, Inc., 387 Park Ave. South, New York, NY 10016; Hasbro, Inc., 1027 Newport Ave., Pawtucket, RI 02861; Fleer/Skybox International, 1120 Route 73, Mt. Laurel, NJ 08054; Golden Books

3-September 22, 1938 Agreement (1)                    2

000000867

EXHIBIT 31
741

Publishing, 1220 Mound Ave., Racine, WI 53404; and Inverse Ink, TAO Research

Corporation, 785A Castro Street, Mountain View, CA 94041.  Pursuant to 37 C.F.R. Section

201.10(d), service of this notice is being made by first class mail to the above grantees or

successors at the addresses shown.

      2.    Each work to which this notice of termination applies is as follows:  The title of

the original copyrighted work to which this Notice of Termination applies is SUPERMAN, an

illustrated comic book story constituting a front cover and pages 1-13, inclusive, in the body

of Action Comics, Vol. 1, No. 1, June, 1938 issue, publication date April 18, 1938 (which is

also the date that copyright was originally secured in this work), Copyright Registration No.

B379787.  This work was written by Jerome Siegel and illustrated by Joe Shuster.  Renewal

for the work was made June 1, 1965, in the name of National Periodical Publications, Inc.

claiming as proprietor of copyright, renewal registration No. R362188.  The aforesaid work

was based upon the following works to which this Notice of Termination also applies:

Twenty-four (24) days (i.e., four weeks) of previously unpublished SUPERMAN newspaper

comic strips (created c. 1934), also written by Jerome Siegel and illustrated by Joe Shuster;

and a seven page synopsis of the last 18 days (i.e., weeks 2, 3, & 4) of said 24 days of

strips, also created c. 1934 and written by Jerome Siegel.  The remaining works to which this

Notice of Termination applies[1] are:

---

[1]This Notice of Termination applies to each and every work (in any medium whatsoever, whenever created) that includes or embodies any character, story element, or indicia reasonably associated with SUPERMAN or the SUPERMAN stories, such as, without limitation, Superman, Clark Kent, Lois Lane, Perry White, Jimmy Olsen, Superboy, Supergirl, Lana Lang, Lex Luthor, Mr. MXYZTPLK (also known as Mr. MXYZPTLK), Ma and Pa Kent, Steel, the planet Krypton, Kryptonite, Metropolis, Smallville, or the Daily Planet.  Every reasonable effort has been made to find and list herein every such SUPERMAN-related work ever created.  Nevertheless, if any such work has been omitted, such omission is unintentional and involuntary, and this Notice also applies to each and every such omitted work.

000000868

EXHIBIT 31
742

| Title | Name of Author[2] | Date Copyright Secured[3] | Copyright Reg. No. |
|---|---|---|---|
| SUPERMAN story in Comic Book form | Jerome Siegel | Unpublished Work created c. 1933 | N/A[4] |
| Untitled paragraph previewing future SUPERMAN exploits | Jerome Siegel | Unpublished Work created c. 1934 | N/A |
| 15 SUPERMAN daily comic strips (12 strips & 3 scripts) | Jerome Siegel | Unpublished Work created c. 1934 | N/A |
| 9 page synopsis covering an additional 2 months of daily (at 6 days per week) comic strips of SUPERMAN[5] | Jerome Siegel | Unpublished Work created c. 1934 | N/A |

---

[2]Pursuant to 37 C.F.R § 201.10(b)(1)(ii), this Notice includes the name of at least one author of each work to which this notice of termination applies. The listing of any corporation as author of any work is done per the practice shown in Copyright Office records, and is not to be construed as an admission that any given work is or was a work made for hire. Nor is anything else herein to be construed as any such admission.

[3]Regarding works governed by the 1976 Copyright Act as to "Date Copyright Secured," and commencing in 1978, the records of the U.S. Copyright Office list only the year of creation, rather than the day, month, and year of creation. Accordingly, for every registered post-1977 published work whose year of creation is the same as its year of publication, only the specific publication date (month, day, and year) will be given, and the year therein will constitute the year of creation. For every registered post-1977 published work whose year of creation differs from its year of publication, the year of creation will be given (e.g., "DCRE: 1979" [i.e., "Date Created: 1979"]), followed by the specific publication date. For every registered post-1977 unpublished work whose year of creation is the same as its year of registration, only the specific registration date (month, day, and year) followed by the designation "(DREG)" [i.e., "Date Registered"] will be given, and the year therein will constitute the year of creation. For every registered post-1977 unpublished work whose year of creation differs from its year of registration, the year of creation will be given (e.g., "DCRE: 1979"), followed by the specific registration date.

[4]The first four works listed in this table as well as the above-referred 24 days of previously unpublished SUPERMAN newspaper comic strips and seven page synopsis of the last 18 days of said strips were never published or registered, at least not in their original form, so there are no copyright registration numbers for them. Accordingly, under the 1909 Act, copyright in the said works was not (and could not have been) secured prior to April 18, 1938, the date of the first published and registered SUPERMAN work, namely, *Action Comics #1* (described above).

[5]This list of titles/works as part of paragraph number 2 continues through page 550. Paragraph number 3 begins on page 551.

3-September 22, 1938 Agreement (1)

4

000000869

**EXHIBIT 31**
**743**

3.  The grant to which this Notice of Termination applies is a three page agreement between Detective Comics, Inc. and Jerome Siegel and Joseph Shuster, co-authors of the comic book/strip SUPERMAN, identified as follows: A Letter Agreement executed on or about September 22, 1938, which states in part that, "We, Detective Comics, Inc., are the exclusive owners of comic strips known by the title... 'Superman'... and to the rights to publish comics carrying said title... and characters contained therein and continuity thereof."  The foregoing agreement included at the time all SUPERMAN works in existence up through said date (September 22, 1938), as listed in paragraph 2 above; and as affirmed in Siegel v. National Periodical Pub., Inc., 508 F.2d 909 (2d Cir. 1974), the agreement also granted Detective Comics, Inc. rights in the future, including renewal rights.


4.      The effective date of termination shall be April 16, 1999.

**EXHIBIT 31**
**744**

5.      Jerome Siegel died on January 28, 1996.  Mr. Siegel is survived by his widow, Joanne Siegel, and two children: Jerome and Joanne Siegel's daughter Laura Siegel Larson, and Mr. Siegel's son by a previous marriage, Michael Siegel.  Joanne Siegel and Laura Siegel Larson, who own and constitute more than one-half of author Jerome Siegel's termination interest, are executing this notice and constitute a 75% majority interest of those persons entitled to exercise the termination interest of Jerome Siegel as to the grant of the transfer described herein-above.  To the best knowledge and belief of the undersigned, this notice has been signed by all persons whose signature is necessary to terminate said grant under Section 304(c) of Title 17, United States Code.

Dated: March 30, 1997

Joanne Siegel
13900 Panay Way, R-115
Marina del Rey, CA 90292

Laura Siegel Larson
6400 Pacific Avenue, No. 106
Playa del Rey, CA 90293

3-September 22, 1938 Agreement (1)

552

000000871

EXHIBIT 31
745

## CERTIFICATE OF INVESTIGATION

I hereby certify that before serving the foregoing document described as NOTICE OF TERMINATION OF TRANSFER COVERING EXTENDED RENEWAL TERM, and pursuant to 37 C.F.R. Section 201.10(d), I caused a reasonable investigation to be made on behalf of Joanne Siegel and Laura Siegel Larson as to the current ownership of the rights being terminated, by commissioning a search of U.S. copyright records, including a search of the records in the U.S. Copyright Office.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 3d day of April, 1997, at Washington, DC.

ARTHUR J. LEVINE, Esq.
FINNEGAN, HENDERSON,
FARABOW, GARRETT & DUNNER, L.L.P.
1300 "I" Street, N.W.
Washington, DC 20005
(202) 408-4000
Counsel for Joanne Siegel
and Laura Siegel Larson

3-September 22, 1938 Agreement (1)                    553

000000872

**EXHIBIT 31**
**746**

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document described as NOTICE OF TERMINATION OF TRANSFER COVERING EXTENDED RENEWAL TERM was served this 29 day of April, 1997, by First Class Mail, postage prepaid, upon the following:

Time Warner Inc.
c/o Gerald M. Levin
Chairman of the Board & C.E.O.
75 Rockefeller Plaza
New York, NY 10019

Time Warner
Entertainment Company, L.P.
75 Rockefeller Plaza
New York, NY 10019

Warner Communications Inc.
75 Rockefeller Plaza
New York, NY 10019

Warner Bros. Inc.
c/o Robert Daly and Terry Semel
Co-Chairmen of the Board & Co-C.E.O.
4000 Warner Boulevard
Burbank, CA 91522

DC Comics Inc.
c/o Jenette Kahn
President & Editor In Chief
1700 Broadway
New York, NY 10019

DC Comics,
a New York General Partnership
c/o Paul Levitz
Executive V.P. & Publisher
1700 Broadway
New York, NY 10019

Warner Bros. Television
c/o Tony Jonas, President
4000 Warner Boulevard
Burbank, CA 91522

Warner Bros. Consumer Products
c/o Dan Romanelli, President
4000 Warner Boulevard
Burbank, CA 91522

Warner Bros. Worldwide Licensing
c/o George Jones, President
4000 Warner Boulevard
Burbank, CA 91522

Warner Music Group
c/o Robert Daly and Terry Semel
Co-Chairmen
75 Rockefeller Plaza
New York, NY 10019

Dark Horse Publications
c/o Michael Richardson, President
10956 S.E. Main St.
Milwaukie, OR 97222

Marvel Entertainment Group, Inc.
c/o Scott Sassa, C.E.O.
387 Park Ave. South
New York, NY 10016

Hasbro, Inc.
c/o Alan Hassenfeld, C.E.O.
1027 Newport Ave.
Pawtucket, RI 02861

Fleer/Skybox International
c/o Ed Feeley, President & C.E.O.
1120 Route 73
Mt. Laurel, NJ 08054

Golden Books Publishing
1220 Mound Ave.
Racine, WI 53404

3-September 22, 1938 Agreement (1)

554

000000873

**EXHIBIT 31**
**747**

Inverse Ink
TAO Research Corporation
c/o Lingtao Wang, President
785A Castro Street
Mountain View, CA 94041


I declare under penalty of perjury that the foregoing is true and correct.

ARTHUR J. LEVINE, Esq.
FINNEGAN, HENDERSON,
FARABOW, GARRETT & DUNNER, L.L.P.
1300 "I" Street, N.W.
Washington, DC 20005
(202) 408-4000
Counsel for Joanne Siegel
and Laura Siegel Larson

EXHIBIT 31
748

# NOTICE OF TERMINATION OF TRANSFER
## COVERING EXTENDED RENEWAL TERM

TO:  Time Warner Inc.
c/o Gerald M. Levin
Chairman of the Board & C.E.O.
75 Rockefeller Plaza
New York, NY 10019

Time Warner
Entertainment Company, L.P.
75 Rockefeller Plaza
New York, NY 10019

Warner Communications Inc.
75 Rockefeller Plaza
New York, NY 10019

Warner Bros. Inc.
c/o Robert Daly and Terry Semel
Co-Chairmen of the Board & Co-C.E.O.
4000 Warner Boulevard
Burbank, CA 91522

DC Comics Inc.
c/o Jenette Kahn
President & Editor In Chief
1700 Broadway
New York, NY 10019

DC Comics,
a New York General Partnership
c/o Paul Levitz
Executive V.P. & Publisher
1700 Broadway
New York, NY 10019

Warner Bros. Television
c/o Tony Jonas, President
4000 Warner Boulevard
Burbank, CA 91522

Warner Bros. Consumer Products
c/o Dan Romanelli, President
4000 Warner Boulevard
Burbank, CA 91522

Warner Bros. Worldwide Licensing
c/o George Jones, President
4000 Warner Boulevard
Burbank, CA 91522

Warner Music Group
c/o Robert Daly and Terry Semel
Co-Chairmen
75 Rockefeller Plaza
New York, NY 10019

Dark Horse Publications
c/o Michael Richardson, President
10956 S.E. Main St.
Milwaukie, OR 97222

Marvel Entertainment Group, Inc.
c/o Scott Sassa, C.E.O.
387 Park Ave. South
New York, NY 10016

Hasbro, Inc.
c/o Alan Hassenfeld, C.E.O.
1027 Newport Ave.
Pawtucket, RI 02861

Fleer/Skybox International
c/o Ed Feeley, President & C.E.O.
1120 Route 73
Mt. Laurel, NJ 08054

Golden Books Publishing
1220 Mound Ave.
Racine, WI 53404

Inverse Ink
TAO Research Corporation
c/o Lingtao Wang, President
785A Castro Street
Mountain View, CA 94041

4-September 22, 1938 Agreement (2)

1

000000875

**EXHIBIT 31**
**749**

PLEASE TAKE NOTICE that pursuant to Section 304(c) of the Copyright Law (Title 17, U.S.C.) and the regulations issued thereunder by the Register of Copyrights, 37 C.F.R. section 201.10, the undersigned Joanne Siegel and Laura Siegel Larson, being the persons who own an interest sufficient to terminate transfers pursuant to said statutory provisions, hereby terminate the grant of the transfer of renewal copyright(s) (to the extent of author Jerome Siegel's share in the ownership of the renewal copyright(s)) made in a certain agreement between Jerome Siegel and Joseph Shuster, Detective Comics, Inc., and The McClure Newspaper Syndicate executed on or about September 22, 1938, and the undersigned set forth in connection therewith the following:

1.      The names and addresses of the grantees and/or successors in title whose rights are being terminated are as follows: Time Warner Inc., 75 Rockefeller Plaza, New York, NY 10019; Time Warner Entertainment Company, L.P., 75 Rockefeller Plaza, New York, NY 10019; Warner Communications Inc., 75 Rockefeller Plaza, New York, NY 10019; Warner Bros. Inc., 4000 Warner Boulevard, Burbank, CA 91522; DC Comics Inc., 1700 Broadway, New York, NY 10019; DC Comics, a New York General Partnership, 1700 Broadway, New York, NY 10019; Warner Bros. Television, 4000 Warner Boulevard, Burbank, CA 91522; Warner Bros. Consumer Products, 4000 Warner Boulevard, Burbank, CA 91522; Warner Bros. Worldwide Licensing, 4000 Warner Boulevard, Burbank, CA 91522; Warner Music Group, 75 Rockefeller Plaza, New York, NY 10019; Dark Horse Publications, 10956 S.E. Main St., Milwaukie, OR 97222; Marvel Entertainment Group, Inc., 387 Park Ave. South, New York, NY 10016; Hasbro, Inc., 1027 Newport Ave., Pawtucket, RI 02861; Fleer/Skybox International, 1120 Route 73, Mt. Laurel, NJ 08054; Golden Books

4-September 22, 1938 Agreement (2)

2

000000876

**EXHIBIT 31**
**750**

Publishing, 1220 Mound Ave., Racine, WI 53404; and Inverse Ink, TAO Research Corporation, 785A Castro Street, Mountain View, CA 94041.  Pursuant to 37 C.F.R. Section 201.10(d), service of this notice is being made by first class mail to the above grantees or successors at the addresses shown.

2.      Each work to which this notice of termination applies is as follows:  The title of the original copyrighted work to which this Notice of Termination applies is SUPERMAN, an illustrated comic book story constituting a front cover and pages 1-13, inclusive, in the body of Action Comics, Vol. 1, No. 1, June, 1938 issue, publication date April 18, 1938 (which is also the date that copyright was originally secured in this work), Copyright Registration No. B379787.  This work was written by Jerome Siegel and illustrated by Joe Shuster.  Renewal for the work was made June 1, 1965, in the name of National Periodical Publications, Inc. claiming as proprietor of copyright, renewal registration No. R362188.  The aforesaid work was based upon the following works to which this Notice of Termination also applies:  Twenty-four (24) days (i.e., four weeks) of previously unpublished SUPERMAN newspaper comic strips (created c. 1934), also written by Jerome Siegel and illustrated by Joe Shuster; and a seven page synopsis of the last 18 days (i.e., weeks 2, 3, & 4) of said 24 days of strips, also created c. 1934 and written by Jerome Siegel.  The remaining works to which this Notice of Termination applies[1] are:

---

[1]This Notice of Termination applies to each and every work (in any medium whatsoever, whenever created) that includes or embodies any character, story element, or indicia reasonably associated with SUPERMAN or the SUPERMAN stories, such as, without limitation, Superman, Clark Kent, Lois Lane, Perry White, Jimmy Olsen, Superboy, Supergirl, Lana Lang, Lex Luthor, Mr. MXYZTPLK (also known as Mr. MXYZPTLK), Ma and Pa Kent, Steel, the planet Krypton, Kryptonite, Metropolis, Smallville, or the Daily Planet.  Every reasonable effort has been made to find and list herein every such SUPERMAN-related work ever created.  Nevertheless, if any such work has been omitted, such omission is unintentional and involuntary, and this Notice also applies to each and every such omitted work.

4-September 22, 1938 Agreement (2)                     3

000000877

EXHIBIT 31
751

| Title | Name of Author[2] | Date Copyright Secured[3] | Copyright Reg. No. |
|---|---|---|---|
| SUPERMAN story in Comic Book form | Jerome Siegel | Unpublished Work created c. 1933 | N/A[4] |
| Untitled paragraph previewing future SUPERMAN exploits | Jerome Siegel | Unpublished Work created c. 1934 | N/A |
| 15 SUPERMAN daily comic strips (12 strips & 3 scripts) | Jerome Siegel | Unpublished Work created c. 1934 | N/A |
| 9 page synopsis covering an additional 2 months of daily (at 6 days per week) comic strips of SUPERMAN[5] | Jerome Siegel | Unpublished Work created c. 1934 | N/A |

---

[2]Pursuant to 37 C.F.R § 201.10(b)(1)(ii), this Notice includes the name of at least one author of each work to which this notice of termination applies. The listing of any corporation as author of any work is done per the practice shown in Copyright Office records, and is not to be construed as an admission that any given work is or was a work made for hire. Nor is anything else herein to be construed as any such admission.

[3]Regarding works governed by the 1976 Copyright Act as to "Date Copyright Secured," and commencing in 1978, the records of the U.S. Copyright Office list only the year of creation, rather than the day, month, and year of creation. Accordingly, for every registered post-1977 *published work* whose year of creation is the same as its year of publication, only the specific publication date (month, day, and year) will be given, and the year therein will constitute the year of creation. For every registered post-1977 *published work* whose year of creation differs from its year of publication, the year of creation will be given (e.g., "DCRE: 1979" [i.e., "Date Created: 1979"]), followed by the specific publication date. For every registered post-1977 *unpublished work* whose year of creation is the same as its year of registration, only the specific registration date (month, day, and year) followed by the designation "(DREG)" [i.e., "Date Registered"] will be given, and the year therein will constitute the year of creation. For every registered post-1977 *unpublished work* whose year of creation differs from its year of registration, the year of creation will be given (e.g., "DCRE: 1979"), followed by the specific registration date.

[4]The first four works listed in this table as well as the above-referred 24 days of previously unpublished SUPERMAN newspaper comic strips and seven page synopsis of the last 18 days of said strips were never published or registered, at least not in their original form, so there are no copyright registration numbers for them. Accordingly, under the 1909 Act, copyright in the said works was not (and could not have been) secured prior to April 18, 1938, the date of the first published and registered SUPERMAN work, namely, *Action Comics #1* (described above).

[5]This list of titles/works as part of paragraph number 2 continues through page 550. Paragraph number 3 begins on page 551.

3.   The grant to which this Notice of Termination applies is a three page agreement between Detective Comics, Inc., The McClure Newspaper Syndicate and Jerome Siegel and Joseph Shuster, co-authors of the comic book/strip SUPERMAN, identified as follows: A Letter Agreement executed on or about September 22, 1938, which states in part that "Superman" is "owned by Detective" and copyright "reverts to Detective at the termination of this contract. The title 'Superman' shall always remain the property of Detective... Radio, motion picture, silent and talkie, book and all other rights are retained and owned by Detective."  The foregoing agreement included at the time all SUPERMAN works in existence up through said date (September 22, 1938), as listed in paragraph 2 above; and as affirmed in Siegel v. National Periodical Pub., Inc., 508 F.2d 909 (2d Cir. 1974), the agreement also granted Detective Comics, Inc. rights in the future, including renewal rights.

4.    The effective date of termination shall be April 16, 1999.

4-September 22, 1938 Agreement (2)

551

000000879

**EXHIBIT 31**
**753**

5.    Jerome Siegel died on January 28, 1996.  Mr. Siegel is survived by his widow, Joanne Siegel, and two children: Jerome and Joanne Siegel's daughter Laura Siegel Larson, and Mr. Siegel's son by a previous marriage, Michael Siegel.  Joanne Siegel and Laura Siegel Larson, who own and constitute more than one-half of author Jerome Siegel's termination interest, are executing this notice and constitute a 75% majority interest of those persons entitled to exercise the termination interest of Jerome Siegel as to the grant of the transfer described herein-above.  To the best knowledge and belief of the undersigned, this notice has been signed by all persons whose signature is necessary to terminate said grant under Section 304(c) of Title 17, United States Code.

Dated: March 30, 1997

*Joanne Siegel*

Joanne Siegel
13900 Panay Way, R-115
Marina del Rey, CA 90292

*Laura Siegel Larson*

Laura Siegel Larson
6400 Pacific Avenue, No. 106
Playa del Rey, CA 90293

4-September 22, 1938 Agreement (2)                    552                         000000880

EXHIBIT 31
754

## CERTIFICATE OF INVESTIGATION

I hereby certify that before serving the foregoing document described as NOTICE OF TERMINATION OF TRANSFER COVERING EXTENDED RENEWAL TERM, and pursuant to 37 C.F.R. Section 201.10(d), I caused a reasonable investigation to be made on behalf of Joanne Siegel and Laura Siegel Larson as to the current ownership of the rights being terminated, by commissioning a search of U.S. copyright records, including a search of the records in the U.S. Copyright Office.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 3d day of April, 1997, at Washington, DC.

ARTHUR J. LEVINE, Esq.
FINNEGAN, HENDERSON,
FARABOW, GARRETT & DUNNER, L.L.P.
1300 "I" Street, N.W.
Washington, DC 20005
(202) 408-4000
Counsel for Joanne Siegel
and Laura Siegel Larson

4-September 22, 1938 Agreement (2)

553

000000881

**EXHIBIT 31**
**755**

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document described as NOTICE OF TERMINATION OF TRANSFER COVERING EXTENDED RENEWAL TERM was served this 31 day of April, 1997, by First Class Mail, postage prepaid, upon the following:

Time Warner Inc.
c/o Gerald M. Levin
Chairman of the Board & C.E.O.
75 Rockefeller Plaza
New York, NY 10019

Time Warner
Entertainment Company, L.P.
75 Rockefeller Plaza
New York, NY 10019

Warner Communications Inc.
75 Rockefeller Plaza
New York, NY 10019

Warner Bros. Inc.
c/o Robert Daly and Terry Semel
Co-Chairmen of the Board & Co-C.E.O.
4000 Warner Boulevard
Burbank, CA 91522

DC Comics Inc.
c/o Jenette Kahn
President & Editor In Chief
1700 Broadway
New York, NY 10019

DC Comics,
a New York General Partnership
c/o Paul Levitz
Executive V.P. & Publisher
1700 Broadway
New York, NY 10019

Warner Bros. Television
c/o Tony Jonas, President
4000 Warner Boulevard
Burbank, CA 91522

Warner Bros. Consumer Products
c/o Dan Romanelli, President
4000 Warner Boulevard
Burbank, CA 91522

Warner Bros. Worldwide Licensing
c/o George Jones, President
4000 Warner Boulevard
Burbank, CA 91522

Warner Music Group
c/o Robert Daly and Terry Semel
Co-Chairmen
75 Rockefeller Plaza
New York, NY 10019

Dark Horse Publications
c/o Michael Richardson, President
10956 S.E. Main St.
Milwaukie, OR 97222

Marvel Entertainment Group, Inc.
c/o Scott Sassa, C.E.O.
387 Park Ave. South
New York, NY 10016

Hasbro, Inc.
c/o Alan Hassenfeld, C.E.O.
1027 Newport Ave.
Pawtucket, RI 02861

Fleer/Skybox International
c/o Ed Feeley, President & C.E.O.
1120 Route 73
Mt. Laurel, NJ 08054

Golden Books Publishing
1220 Mound Ave.
Racine, WI 53404

4-September 22, 1938 Agreement (2)

554

000000882

**EXHIBIT 31**
**756**

Inverse Ink
TAO Research Corporation
c/o Lingtao Wang, President
785A Castro Street
Mountain View, CA 94041


I declare under penalty of perjury that the foregoing is true and correct.


ARTHUR J. LEVINE, Esq.
FINNEGAN, HENDERSON,
FARABOW, GARRETT & DUNNER, L.L.P.
1300 "I" Street, N.W.
Washington, DC 20005
(202) 408-4000
Counsel for Joanne Siegel
and Laura Siegel Larson

4-September 22, 1938 Agreement (2)

555

000000883

**EXHIBIT 31**
**757**

# NOTICE OF TERMINATION OF TRANSFER
## COVERING EXTENDED RENEWAL TERM

TO:    Time Warner Inc.
       c/o Gerald M. Levin
       Chairman of the Board & C.E.O.
       75 Rockefeller Plaza
       New York, NY 10019

       Time Warner
       Entertainment Company, L.P.
       75 Rockefeller Plaza
       New York, NY 10019

       Warner Communications Inc.
       75 Rockefeller Plaza
       New York, NY 10019

       Warner Bros. Inc.
       c/o Robert Daly and Terry Semel
       Co-Chairmen of the Board & Co-C.E.O.
       4000 Warner Boulevard
       Burbank, CA 91522

       DC Comics Inc.
       c/o Jenette Kahn
       President & Editor In Chief
       1700 Broadway
       New York, NY 10019

       DC Comics,
       a New York General Partnership
       c/o Paul Levitz
       Executive V.P. & Publisher
       1700 Broadway
       New York, NY 10019

       Warner Bros. Television
       c/o Tony Jonas, President
       4000 Warner Boulevard
       Burbank, CA 91522

       Warner Bros. Consumer Products
       c/o Dan Romanelli, President
       4000 Warner Boulevard
       Burbank, CA 91522

Warner Bros. Worldwide Licensing
c/o George Jones, President
4000 Warner Boulevard
Burbank, CA 91522

Warner Music Group
c/o Robert Daly and Terry Semel
Co-Chairmen
75 Rockefeller Plaza
New York, NY 10019

Dark Horse Publications
c/o Michael Richardson, President
10956 S.E. Main St.
Milwaukie, OR 97222

Marvel Entertainment Group, Inc.
c/o Scott Sassa, C.E.O.
387 Park Ave. South
New York, NY 10016

Hasbro, Inc.
c/o Alan Hassenfeld, C.E.O.
1027 Newport Ave.
Pawtucket, RI 02861

Fleer/Skybox International
c/o Ed Feeley, President & C.E.O.
1120 Route 73
Mt. Laurel, NJ 08054

Golden Books Publishing
1220 Mound Ave.
Racine, WI 53404

Inverse Ink
TAO Research Corporation
c/o Lingtao Wang, President
785A Castro Street
Mountain View, CA 94041

**EXHIBIT 31**
**758**

PLEASE TAKE NOTICE that pursuant to Section 304(c) of the Copyright Law (Title 17, U.S.C.) and the regulations issued thereunder by the Register of Copyrights, 37 C.F.R. section 201.10, the undersigned Joanne Siegel and Laura Siegel Larson, being the persons who own an interest sufficient to terminate transfers pursuant to said statutory provisions, hereby terminate the grant of the transfer of renewal copyright(s) (to the extent of author Jerome Siegel's share in the ownership of the renewal copyright(s)) made in a certain agreement between Jerome Siegel and Joseph Shuster and Detective Comics, Inc. executed on or about December 19, 1939, and the undersigned set forth in connection therewith the following:

1.    The names and addresses of the grantees and/or successors in title whose rights are being terminated are as follows: Time Warner Inc., 75 Rockefeller Plaza, New York, NY 10019; Time Warner Entertainment Company, L.P., 75 Rockefeller Plaza, New York, NY 10019; Warner Communications Inc., 75 Rockefeller Plaza, New York, NY 10019; Warner Bros. Inc., 4000 Warner Boulevard, Burbank, CA 91522; DC Comics Inc., 1700 Broadway, New York, NY 10019; DC Comics, a New York General Partnership, 1700 Broadway, New York, NY 10019; Warner Bros. Television, 4000 Warner Boulevard, Burbank, CA 91522; Warner Bros. Consumer Products, 4000 Warner Boulevard, Burbank, CA 91522; Warner Bros. Worldwide Licensing, 4000 Warner Boulevard, Burbank, CA 91522; Warner Music Group, 75 Rockefeller Plaza, New York, NY 10019; Dark Horse Publications, 10956 S.E. Main St., Milwaukie, OR 97222; Marvel Entertainment Group, Inc., 387 Park Ave. South, New York, NY 10016; Hasbro, Inc., 1027 Newport Ave., Pawtucket, RI 02861; Fleer/Skybox International, 1120 Route 73, Mt. Laurel, NJ 08054; Golden Books

5-December 19, 1939 Agreement

2

000000885

EXHIBIT 31
759

Publishing, 1220 Mound Ave., Racine, WI 53404; and Inverse Ink, TAO Research Corporation, 785A Castro Street, Mountain View, CA 94041.  Pursuant to 37 C.F.R. Section 201.10(d), service of this notice is being made by first class mail to the above grantees or successors at the addresses shown.

2.        Each work to which this notice of termination applies is as follows:  The title of the original copyrighted work to which this Notice of Termination applies is SUPERMAN, an illustrated comic book story constituting a front cover and pages 1-13, inclusive, in the body of Action Comics, Vol. 1, No. 1, June, 1938 issue, publication date April 18, 1938 (which is also the date that copyright was originally secured in this work), Copyright Registration No. B379787.  This work was written by Jerome Siegel and illustrated by Joe Shuster.  Renewal for the work was made June 1, 1965, in the name of National Periodical Publications, Inc. claiming as proprietor of copyright, renewal registration No. R362188.  The aforesaid work was based upon the following works to which this Notice of Termination also applies:  Twenty-four (24) days (i.e., four weeks) of previously unpublished SUPERMAN newspaper comic strips (created c. 1934), also written by Jerome Siegel and illustrated by Joe Shuster; and a seven page synopsis of the last 18 days (i.e., weeks 2, 3, & 4) of said 24 days of strips, also created c. 1934 and written by Jerome Siegel.  The remaining works to which this Notice of Termination applies[1] are:

---

[1]This Notice of Termination applies to each and every work (in any medium whatsoever, whenever created) that includes or embodies any character, story element, or indicia reasonably associated with SUPERMAN or the SUPERMAN stories, such as, without limitation, Superman, Clark Kent, Lois Lane, Perry White, Jimmy Olsen, Superboy, Supergirl, Lana Lang, Lex Luthor, Mr. MXYZPTLK (also known as Mr. MXYZPTLK), Ma and Pa Kent, Steel, the planet Krypton, Kryptonite, Metropolis, Smallville, or the Daily Planet.  Every reasonable effort has been made to find and list herein every such SUPERMAN-related work ever created.  Nevertheless, if any such work has been omitted, such omission is unintentional and involuntary, and this Notice also applies to each and every such omitted work.

000000886

EXHIBIT 31
760

| Title | Name of Author[2] | Date Copyright Secured[3] | Copyright Reg. No. |
|---|---|---|---|
| SUPERMAN story in Comic Book form | Jerome Siegel | Unpublished Work created c. 1933 | N/A[4] |
| Untitled paragraph previewing future SUPERMAN exploits | Jerome Siegel | Unpublished Work created c. 1934 | N/A |
| 15 SUPERMAN daily comic strips (12 strips & 3 scripts) | Jerome Siegel | Unpublished Work created c. 1934 | N/A |
| 9 page synopsis covering an additional 2 months of daily (at 6 days per week) comic strips of SUPERMAN[5] | Jerome Siegel | Unpublished Work created c. 1934 | N/A |

---

[2]Pursuant to 37 C.F.R § 201.10(b)(1)(ii), this Notice includes the name of at least one author of each work to which this notice of termination applies. The listing of any corporation as author of any work is done per the practice shown in Copyright Office records, and is not to be construed as an admission that any given work is or was a work made for hire. Nor is anything else herein to be construed as any such admission.

[3]Regarding works governed by the 1976 Copyright Act as to "Date Copyright Secured," and commencing in 1978, the records of the U.S. Copyright Office list only the year of creation, rather than the day, month, and year of creation. Accordingly, for every registered post-1977 *published work* whose year of creation is the same as its year of publication, only the specific publication date (month, day, and year) will be given, and the year therein will constitute the year of creation. For every registered post-1977 *published work* whose year of creation differs from its year of publication, the year of creation will be given (e.g., "DCRE: 1979" [i.e., "Date Created: 1979"]), followed by the specific publication date. For every registered post-1977 *unpublished work* whose year of creation is the same as its year of registration, only the specific registration date (month, day, and year) followed by the designation "(DREG)" [i.e., "Date Registered"] will be given, and the year therein will constitute the year of creation. For every registered post-1977 *unpublished work* whose year of creation differs from its year of registration, the year of creation will be given (e.g., "DCRE: 1979"), followed by the specific registration date.

[4]The first four works listed in this table as well as the above-referred 24 days of previously unpublished SUPERMAN newspaper comic strips and seven page synopsis of the last 18 days of said strips were never published or registered, at least not in their original form, so there are no copyright registration numbers for them. Accordingly, under the 1909 Act, copyright in the said works was not (and could not have been) secured prior to April 18, 1938, the date of the first published and registered SUPERMAN work, namely, *Action Comics #1* (described above).

[5]This list of titles/works as part of paragraph number 2 continues through page 550. Paragraph number 3 begins on page 551.

5-December 19, 1939 Agreement                              4                              000000887

EXHIBIT 31
761

3.   The grant to which this Notice of Termination applies is a two page agreement between Detective Comics, Inc. and Jerome Siegel and Joseph Shuster, co-authors of the comic book/strip SUPERMAN, identified as follows: A Letter Agreement executed on or about December 19, 1939, modifying the September 22, 1938 Letter Agreement between Detective Comics, Inc., and Jerome Siegel and Joseph Shuster, and providing in part that: "we, Detective Comics, Inc., are the sole and exclusive owners of the comic strip entitled 'SUPERMAN' . . . and to [sic] all rights of reproduction of all said comic strips and the titles and characters contained therein and the continuity thereof, including but not limited to the fields of magazine or other book publication, newspaper syndication, radio broadcast, television, motion picture reproduction and all other form of reproduction..." and all rights of copyright in said forms of reproduction.  The foregoing agreement included at the time all SUPERMAN works in existence up through said date (December 19, 1939), as listed in paragraph 2 above; and as affirmed in Siegel v. National Periodical Pub., Inc., 508 F.2d 909 (2d Cir. 1974), the agreement also granted Detective Comics, Inc. rights in the future, including renewal rights.

4.     The effective date of termination shall be April 16, 1999.

5-December 19, 1939 Agreement                        551                        000000888

**EXHIBIT 31**
**762**

5.     Jerome Siegel died on January 28, 1996. Mr. Siegel is survived by his widow, Joanne Siegel, and two children: Jerome and Joanne Siegel's daughter Laura Siegel Larson, and Mr. Siegel's son by a previous marriage, Michael Siegel. Joanne Siegel and Laura Siegel Larson, who own and constitute more than one-half of author Jerome Siegel's termination interest, are executing this notice and constitute a 75% majority interest of those persons entitled to exercise the termination interest of Jerome Siegel as to the grant of the transfer described herein-above. To the best knowledge and belief of the undersigned, this notice has been signed by all persons whose signature is necessary to terminate said grant under Section 304(c) of Title 17, United States Code.

Dated: March 30, 1997

_Joanne Siegel_
Joanne Siegel
13900 Panay Way, R-115
Marina del Rey, CA 90292

_Laura Siegel Larson_
Laura Siegel Larson
6400 Pacific Avenue, No. 106
Playa del Rey, CA 90293

EXHIBIT 31
763

## CERTIFICATE OF INVESTIGATION

I hereby certify that before serving the foregoing document described as NOTICE OF TERMINATION OF TRANSFER COVERING EXTENDED RENEWAL TERM, and pursuant to 37 C.F.R. Section 201.10(d), I caused a reasonable investigation to be made on behalf of Joanne Siegel and Laura Siegel Larson as to the current ownership of the rights being terminated, by commissioning a search of U.S. copyright records, including a search of the records in the U.S. Copyright Office.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this ____ day of April, 1997, at Washington, DC.

ARTHUR J. LEVINE, Esq.
FINNEGAN, HENDERSON,
FARABOW, GARRETT & DUNNER, L.L.P.
1300 "I" Street, N.W.
Washington, DC 20005
(202) 408-4000
Counsel for Joanne Siegel
and Laura Siegel Larson

5-December 19, 1939 Agreement

553

000000890

**EXHIBIT 31**
**764**

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document described as NOTICE OF TERMINATION OF TRANSFER COVERING EXTENDED RENEWAL TERM was served this 2⁴ day of April, 1997, by First Class Mail, postage prepaid, upon the following:

Time Warner Inc.
c/o Gerald M. Levin
Chairman of the Board & C.E.O.
75 Rockefeller Plaza
New York, NY 10019

Time Warner
Entertainment Company, L.P.
75 Rockefeller Plaza
New York, NY 10019

Warner Communications Inc.
75 Rockefeller Plaza
New York, NY 10019

Warner Bros. Inc.
c/o Robert Daly and Terry Semel
Co-Chairmen of the Board & Co-C.E.O.
4000 Warner Boulevard
Burbank, CA 91522

DC Comics Inc.
c/o Jenette Kahn
President & Editor In Chief
1700 Broadway
New York, NY 10019

DC Comics,
a New York General Partnership
c/o Paul Levitz
Executive V.P. & Publisher
1700 Broadway
New York, NY 10019

Warner Bros. Television
c/o Tony Jonas, President
4000 Warner Boulevard
Burbank, CA 91522

Warner Bros. Consumer Products
c/o Dan Romanelli, President
4000 Warner Boulevard
Burbank, CA 91522

Warner Bros. Worldwide Licensing
c/o George Jones, President
4000 Warner Boulevard
Burbank, CA 91522

Warner Music Group
c/o Robert Daly and Terry Semel
Co-Chairmen
75 Rockefeller Plaza
New York, NY 10019

Dark Horse Publications
c/o Michael Richardson, President
10956 S.E. Main St.
Milwaukie, OR 97222

Marvel Entertainment Group, Inc.
c/o Scott Sassa, C.E.O.
387 Park Ave. South
New York, NY 10016

Hasbro, Inc.
c/o Alan Hassenfeld, C.E.O.
1027 Newport Ave.
Pawtucket, RI 02861

Fleer/Skybox International
c/o Ed Feeley, President & C.E.O.
1120 Route 73
Mt. Laurel, NJ 08054

Golden Books Publishing
1220 Mound Ave.
Racine, WI 53404

5-December 19, 1938 Agreement                    554                    000000891

**EXHIBIT 31**
**765**

Inverse Ink
TAO Research Corporation
c/o Lingtao Wang, President
785A Castro Street
Mountain View, CA 94041


I declare under penalty of perjury that the foregoing is true and correct.


ARTHUR J. LEVINE, Esq.
FINNEGAN, HENDERSON,
FARABOW, GARRETT & DUNNER, L.L.P.
1300 "I" Street, N.W.
Washington, DC 20005
(202) 408-4000
Counsel for Joanne Siegel
and Laura Siegel Larson

5-December 19, 1939 Agreement                    555

000000892

EXHIBIT 31
766

## NOTICE OF TERMINATION OF TRANSFER
## COVERING EXTENDED RENEWAL TERM

TO:   Time Warner Inc.
c/o Gerald M. Levin
Chairman of the Board & C.E.O.
75 Rockefeller Plaza
New York, NY 10019

Time Warner
Entertainment Company, L.P.
75 Rockefeller Plaza
New York, NY 10019

Warner Communications Inc.
75 Rockefeller Plaza
New York, NY 10019

Warner Bros. Inc.
c/o Robert Daly and Terry Semel
Co-Chairmen of the Board & Co-C.E.O.
4000 Warner Boulevard
Burbank, CA 91522

DC Comics Inc.
c/o Jenette Kahn
President & Editor In Chief
1700 Broadway
New York, NY 10019

DC Comics,
a New York General Partnership
c/o Paul Levitz
Executive V.P. & Publisher
1700 Broadway
New York, NY 10019

Warner Bros. Television
c/o Tony Jonas, President
4000 Warner Boulevard
Burbank, CA 91522

Warner Bros. Consumer Products
c/o Dan Romanelli, President
4000 Warner Boulevard
Burbank, CA 91522.

Warner Bros. Worldwide Licensing
c/o George Jones, President
4000 Warner Boulevard
Burbank, CA 91522

Warner Music Group
c/o Robert Daly and Terry Semel
Co-Chairmen
75 Rockefeller Plaza
New York, NY 10019

Dark Horse Publications
c/o Michael Richardson, President
10956 S.E. Main St.
Milwaukie, OR 97222

Marvel Entertainment Group, Inc.
c/o Scott Sassa, C.E.O.
387 Park Ave. South
New York, NY 10016

Hasbro, Inc.
c/o Alan Hassenfeld, C.E.O.
1027 Newport Ave.
Pawtucket, RI 02861

Fleer/Skybox International
c/o Ed Feeley, President & C.E.O.
1120 Route 73
Mt. Laurel, NJ 08054

Golden Books Publishing
1220 Mound Ave.
Racine, WI 53404

Inverse Ink
TAO Research Corporation
c/o Lingtao Wang, President
785A Castro Street
Mountain View, CA 94041

6-May 19, 1948 Agreement

000000893

**EXHIBIT 31**
**767**

PLEASE TAKE NOTICE that pursuant to Section 304(c) of the Copyright Law (Title 17, U.S.C.) and the regulations issued thereunder by the Register of Copyrights, 37 C.F.R. section 201.10, the undersigned Joanne Siegel and Laura Siegel Larson, being the persons who own an interest sufficient to terminate transfers pursuant to said statutory provisions, hereby terminate the grant of the transfer of renewal copyright(s) (to the extent of author Jerome Siegel's share in the ownership of the renewal copyright(s)) made in a certain agreement between Jerome Siegel and Joseph Shuster and National Comics Publications, Inc. executed on or about May 19, 1948, and the undersigned set forth in connection therewith the following:

1.     The names and addresses of the grantees and/or successors in title whose rights are being terminated are as follows: Time Warner Inc., 75 Rockefeller Plaza, New York, NY 10019; Time Warner Entertainment Company, L.P., 75 Rockefeller Plaza, New York, NY 10019; Warner Communications Inc., 75 Rockefeller Plaza, New York, NY 10019; Warner Bros. Inc., 4000 Warner Boulevard, Burbank, CA 91522; DC Comics Inc., 1700 Broadway, New York, NY 10019; DC Comics, a New York General Partnership, 1700 Broadway, New York, NY 10019; Warner Bros. Television, 4000 Warner Boulevard, Burbank, CA 91522; Warner Bros. Consumer Products, 4000 Warner Boulevard, Burbank, CA 91522; Warner Bros. Worldwide Licensing, 4000 Warner Boulevard, Burbank, CA 91522; Warner Music Group, 75 Rockefeller Plaza, New York, NY 10019; Dark Horse Publications, 10956 S.E. Main St., Milwaukie, OR 97222; Marvel Entertainment Group, Inc., 387 Park Ave. South, New York, NY 10016; Hasbro, Inc., 1027 Newport Ave., Pawtucket, RI 02861; Fleer/Skybox International, 1120 Route 73, Mt. Laurel, NJ 08054; Golden Books

000000894

EXHIBIT 31
768

Publishing, 1220 Mound Ave., Racine, WI 53404; and Inverse Ink, TAO Research Corporation, 785A Castro Street, Mountain View, CA 94041.  Pursuant to 37 C.F.R. Section 201.10(d), service of this notice is being made by first class mail to the above grantees or successors at the addresses shown.

2.        Each work to which this notice of termination applies is as follows:  The title of the original copyrighted work to which this Notice of Termination applies is SUPERMAN, an illustrated comic book story constituting a front cover and pages 1-13, inclusive, in the body of Action Comics, Vol. 1, No. 1, June, 1938 issue, publication date April 18, 1938 (which is also the date that copyright was originally secured in this work), Copyright Registration No. B379787.  This work was written by Jerome Siegel and illustrated by Joe Shuster.  Renewal for the work was made June 1, 1965, in the name of National Periodical Publications, Inc. claiming as proprietor of copyright, renewal registration No. R362188.  The aforesaid work was based upon the following works to which this Notice of Termination also applies: Twenty-four (24) days (i.e., four weeks) of previously unpublished SUPERMAN newspaper comic strips (created c. 1934), also written by Jerome Siegel and illustrated by Joe Shuster; and a seven page synopsis of the last 18 days (i.e., weeks 2, 3, & 4) of said 24 days of strips, also created c. 1934 and written by Jerome Siegel.  The remaining works to which this Notice of Termination applies[1] are:

---

[1]This Notice of Termination applies to each and every work (in any medium whatsoever, whenever created) that includes or embodies any character, story element, or indicia reasonably associated with SUPERMAN or the SUPERMAN stories, such as, without limitation, Superman, Clark Kent, Lois Lane, Perry White, Jimmy Olsen, Superboy, Supergirl, Lana Lang, Lex Luthor, Mr. MXYZTPLK (also known as Mr. MXYZPTLK), Ma and Pa Kent, Steel, the planet Krypton, Kryptonite, Metropolis, Smallville, or the Daily Planet.  Every reasonable effort has been made to find and list herein every such SUPERMAN-related work ever created.  Nevertheless, if any such work has been omitted, such omission is unintentional and involuntary, and this Notice also applies to each and every such omitted work.

000000895

**EXHIBIT 31**
**769**

| Title | Name of Author[2] | Date Copyright Secured[3] | Copyright Reg. No. |
|---|---|---|---|
| SUPERMAN story in Comic Book form | Jerome Siegel | Unpublished Work created c. 1933 | N/A[4] |
| Untitled paragraph previewing future SUPERMAN exploits | Jerome Siegel | Unpublished Work created c. 1934 | N/A |
| 15 SUPERMAN daily comic strips (12 strips & 3 scripts) | Jerome Siegel | Unpublished Work created c. 1934 | N/A |
| 9 page synopsis covering an additional 2 months of daily (at 6 days per week) comic strips of SUPERMAN[5] | Jerome Siegel | Unpublished Work created c. 1934 | N/A |

---

[2]Pursuant to 37 C.F.R § 201.10(b)(1)(ii), this Notice includes the name of at least one author of each work to which this notice of termination applies.  The listing of any corporation as author of any work is done per the practice shown in Copyright Office records, and is not to be construed as an admission that any given work is or was a work made for hire.  Nor is anything else herein to be construed as any such admission.

[3]Regarding works governed by the 1976 Copyright Act as to "Date Copyright Secured," and commencing in 1978, the records of the U.S. Copyright Office list only the year of creation,  rather than the day, month, and year of creation.  Accordingly, for every registered post-1977 _published work_ whose year of creation is the same as its year of publication, only the specific publication date (month, day, and year) will be given, and the year therein will constitute the year of creation.  For every registered post-1977 _published work_ whose year of creation differs from its year of publication, the year of creation will be given (e.g., "DCRE: 1979" [i.e., "Date Created: 1979"]), followed by the specific publication date.  For every registered post-1977 _unpublished work_ whose year of creation is the same as its year of registration, only the specific registration date (month, day, and year) followed by the designation "(DREG)" [i.e., "Date Registered"]  will be given, and the year therein will constitute the year of creation.  For every registered post-1977 _unpublished work_ whose year of creation differs from its year of registration, the year of creation will be given (e.g., "DCRE: 1979"), followed by the specific registration date.

[4]The first four works listed in this table as well as the above-referred 24 days of previously unpublished SUPERMAN newspaper comic strips and seven page synopsis of the last 18 days of said strips were never published or registered, at least not in their original form, so there are no copyright registration numbers for them.  Accordingly, under the 1909 Act, copyright in the said works was not (and could not have been) secured prior to April 18, 1938, the date of the first published and registered SUPERMAN work, namely, _Action Comics #1_ (described above).

[5]This list of titles/works as part of paragraph number 2 continues through page 550.  Paragraph number 3 begins on page 551.

EXHIBIT 31
770

3.   The grant to which this Notice of Termination applies is a seven page agreement between National Comics Publications, Inc. and Jerome Siegel and Joseph Shuster, co-authors of the comic book/strip SUPERMAN, identified as follows: A stipulation executed on or about May 19, 1948, providing in part that by virtue of a March 1, 1938 agreement, the co-authors transferred to Detective Comics, Inc. their ". . . rights in and to the comic strip SUPERMAN" and that National Comics Publications, Inc. "is the... owner of and has the... right to the use of the title[s] SUPERMAN [and SUPERBOY and] to the conception, idea, continuity, pictorial representation and formula of the cartoon feature SUPERMAN as heretofore portrayed and published" and the right to exploit "the characters SUPERMAN (also known as 'Clark Kent'), LOIS LANE, PERRY WHITE and all other characters" appearing in the SUPERMAN or SUPERBOY cartoons or comic strip material; and that said rights included licensing, "book and magazine publications, newspaper syndication, radio broadcasts, dramatic presentations, television, motion picture reproduction and all other forms of reproduction and presentation..."  (A copy of the stipulation is available on request.)  The foregoing stipulation included at the time all SUPERMAN works in existence up through said date (May 19, 1948), as listed in paragraph 2 above; and as affirmed in Siegel v. National Periodical Pub., Inc., 508 F.2d 909 (2d Cir. 1974), the stipulation also granted National Comics Publications, Inc. rights in the future, including renewal rights.


4.      The effective date of termination shall be April 16, 1999.

**EXHIBIT 31**
**771**

5.    Jerome Siegel died on January 28, 1996.  Mr. Siegel is survived by his widow, Joanne Siegel, and two children: Jerome and Joanne Siegel's daughter Laura Siegel Larson, and Mr. Siegel's son by a previous marriage, Michael Siegel.  Joanne Siegel and Laura Siegel Larson, who own and constitute more than one-half of author Jerome Siegel's termination interest, are executing this notice and constitute a 75% majority interest of those persons entitled to exercise the termination interest of Jerome Siegel as to the grant of the transfer described herein-above.  To the best knowledge and belief of the undersigned, this notice has been signed by all persons whose signature is necessary to terminate said grant under Section 304(c) of Title 17, United States Code.

Dated: March 30, 1997

Joanne Siegel
13900 Panay Way, R-115
Marina del Rey, CA 90292

Laura Siegel Larson
6400 Pacific Avenue, No. 106
Playa del Rey, CA 90293

6-May 19, 1948 Stipulation

552

000000898

**EXHIBIT 31**

**772**

## CERTIFICATE OF INVESTIGATION

I hereby certify that before serving the foregoing document described as NOTICE OF TERMINATION OF TRANSFER COVERING EXTENDED RENEWAL TERM, and pursuant to 37 C.F.R. Section 201.10(d), I caused a reasonable investigation to be made on behalf of Joanne Siegel and Laura Siegel Larson as to the current ownership of the rights being terminated, by commissioning a search of U.S. copyright records, including a search of the records in the U.S. Copyright Office.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 3d day of April, 1997, at Washington, DC.

ARTHUR J. LEVINE, Esq.
FINNEGAN, HENDERSON,
FARABOW, GARRETT & DUNNER, L.L.P.
1300 "I" Street, N.W.
Washington, DC 20005
(202) 408-4000
Counsel for Joanne Siegel
and Laura Siegel Larson

6-May 19, 1948 Agreement

553

000000899

**EXHIBIT 31**
773

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document described as NOTICE OF TERMINATION OF TRANSFER COVERING EXTENDED RENEWAL TERM was served this 3rd day of April, 1997, by First Class Mail, postage prepaid, upon the following:

Time Warner Inc.
c/o Gerald M. Levin
Chairman of the Board & C.E.O.
75 Rockefeller Plaza
New York, NY 10019

Time Warner
Entertainment Company, L.P.
75 Rockefeller Plaza
New York, NY 10019

Warner Communications Inc.
75 Rockefeller Plaza
New York, NY 10019

Warner Bros. Inc.
c/o Robert Daly and Terry Semel
Co-Chairmen of the Board & Co-C.E.O.
4000 Warner Boulevard
Burbank, CA 91522

DC Comics Inc.
c/o Jenette Kahn
President & Editor In Chief
1700 Broadway
New York, NY 10019

DC Comics,
a New York General Partnership
c/o Paul Levitz
Executive V.P. & Publisher
1700 Broadway
New York, NY 10019

Warner Bros. Television
c/o Tony Jonas, President
4000 Warner Boulevard
Burbank, CA 91522

Warner Bros. Consumer Products
c/o Dan Romanelli, President
4000 Warner Boulevard
Burbank, CA 91522

Warner Bros. Worldwide Licensing
c/o George Jones, President
4000 Warner Boulevard
Burbank, CA 91522

Warner Music Group
c/o Robert Daly and Terry Semel
Co-Chairmen
75 Rockefeller Plaza
New York, NY 10019

Dark Horse Publications
c/o Michael Richardson, President
10956 S.E. Main St.
Milwaukie, OR 97222

Marvel Entertainment Group, Inc.
c/o Scott Sassa, C.E.O.
387 Park Ave. South
New York, NY 10016

Hasbro, Inc.
c/o Alan Hassenfeld, C.E.O.
1027 Newport Ave.
Pawtucket, RI 02861

Fleer/Skybox International
c/o Ed Feeley, President & C.E.O.
1120 Route 73
Mt. Laurel, NJ 08054

Golden Books Publishing
1220 Mound Ave.
Racine, WI 53404

6-May 19, 1948 Agreement

554

000000900

## EXHIBIT 31
## 774

Inverse Ink
TAO Research Corporation
c/o Lingtao Wang, President
785A Castro Street
Mountain View, CA 94041

I declare under penalty of perjury that the foregoing is true and correct.

ARTHUR J. LEVINE, Esq.
FINNEGAN, HENDERSON,
FARABOW, GARRETT & DUNNER, L.L.P.
1300 "I" Street, N.W.
Washington, DC 20005
(202) 408-4000
Counsel for Joanne Siegel
and Laura Siegel Larson

6-May 19, 1948 Agreement

555

000000901

EXHIBIT 31
775

# NOTICE OF TERMINATION OF TRANSFER
## COVERING EXTENDED RENEWAL TERM

TO:   Time Warner Inc.
c/o Gerald M. Levin
Chairman of the Board & C.E.O.
75 Rockefeller Plaza
New York, NY 10019

Time Warner
Entertainment Company, L.P.
75 Rockefeller Plaza
New York, NY 10019

Warner Communications Inc.
75 Rockefeller Plaza
New York, NY 10019

Warner Bros. Inc.
c/o Robert Daly and Terry Semel
Co-Chairmen of the Board & Co-C.E.O.
4000 Warner Boulevard
Burbank, CA 91522

DC Comics Inc.
c/o Jenette Kahn
President & Editor In Chief
1700 Broadway
New York, NY 10019

DC Comics,
a New York General Partnership
c/o Paul Levitz
Executive V.P. & Publisher
1700 Broadway
New York, NY 10019

Warner Bros. Television
c/o Tony Jonas, President
4000 Warner Boulevard
Burbank, CA 91522

Warner Bros. Consumer Products
c/o Dan Romanelli, President
4000 Warner Boulevard
Burbank, CA 91522

Warner Bros. Worldwide Licensing
c/o George Jones, President
4000 Warner Boulevard
Burbank, CA 91522

Warner Music Group
c/o Robert Daly and Terry Semel
Co-Chairmen
75 Rockefeller Plaza
New York, NY 10019

Dark Horse Publications
c/o Michael Richardson, President
10956 S.E. Main St.
Milwaukie, OR 97222

Marvel Entertainment Group, Inc.
c/o Scott Sassa, C.E.O.
387 Park Ave. South
New York, NY 10016

Hasbro, Inc.
c/o Alan Hassenfeld, C.E.O.
1027 Newport Ave.
Pawtucket, RI 02861

Fleer/Skybox International
c/o Ed Feeley, President & C.E.O.
1120 Route 73
Mt. Laurel, NJ 08054

Golden Books Publishing
1220 Mound Ave.
Racine, WI 53404

Inverse Ink
TAO Research Corporation
c/o Lingtao Wang, President
785A Castro Street
Mountain View, CA 94041

7-December 23, 1975 Agreement

1

000000902

**EXHIBIT 31**
**776**

PLEASE TAKE NOTICE that pursuant to Section 304(c) of the Copyright Law (Title 17, U.S.C.) and the regulations issued thereunder by the Register of Copyrights, 37 C.F.R. section 201.10, the undersigned Joanne Siegel and Laura Siegel Larson, being the persons who own an interest sufficient to terminate transfers pursuant to said statutory provisions, hereby terminate the grant of the transfer of renewal copyright(s) (to the extent of author Jerome Siegel's share in the ownership of the renewal copyright(s)) made in a certain agreement between Jerome Siegel and Joseph Shuster and Warner Communications Inc. executed on or about December 23, 1975, and the undersigned set forth in connection therewith the following:

1.      The names and addresses of the grantees and/or successors in title whose rights are being terminated are as follows: Time Warner Inc., 75 Rockefeller Plaza, New York, NY 10019; Time Warner Entertainment Company, L.P., 75 Rockefeller Plaza, New York, NY 10019; Warner Communications Inc., 75 Rockefeller Plaza, New York, NY 10019; Warner Bros. Inc., 4000 Warner Boulevard, Burbank, CA 91522; DC Comics Inc., 1700 Broadway, New York, NY 10019; DC Comics, a New York General Partnership, 1700 Broadway, New York, NY 10019; Warner Bros. Television, 4000 Warner Boulevard, Burbank, CA 91522; Warner Bros. Consumer Products, 4000 Warner Boulevard, Burbank, CA 91522; Warner Bros. Worldwide Licensing, 4000 Warner Boulevard, Burbank, CA 91522; Warner Music Group, 75 Rockefeller Plaza, New York, NY 10019; Dark Horse Publications, 10956 S.E. Main St., Milwaukie, OR 97222; Marvel Entertainment Group, Inc., 387 Park Ave. South, New York, NY 10016; Hasbro, Inc., 1027 Newport Ave., Pawtucket, RI 02861; Fleer/Skybox International, 1120 Route 73, Mt. Laurel, NJ 08054; Golden Books

7-December 23, 1975 Agreement

2

000000903

**EXHIBIT 31**
**777**

Publishing, 1220 Mound Ave., Racine, WI 53404; and Inverse Ink, TAO Research

Corporation, 785A Castro Street, Mountain View, CA 94041.  Pursuant to 37 C.F.R. Section

201.10(d), service of this notice is being made by first class mail to the above grantees or

successors at the addresses shown.

 

      2.      Each work to which this notice of termination applies is as follows:  The title of

the original copyrighted work to which this Notice of Termination applies is SUPERMAN, an

illustrated comic book story constituting a front cover and pages 1-13, inclusive, in the body

of Action Comics, Vol. 1, No. 1, June, 1938 issue, publication date April 18, 1938 (which is

also the date that copyright was originally secured in this work), Copyright Registration No.

B379787.  This work was written by Jerome Siegel and illustrated by Joe Shuster.  Renewal

for the work was made June 1, 1965, in the name of National Periodical Publications, Inc.

claiming as proprietor of copyright, renewal registration No. R362188.  The aforesaid work

was based upon the following works to which this Notice of Termination also applies:

Twenty-four (24) days (i.e., four weeks) of previously unpublished SUPERMAN newspaper

comic strips (created c. 1934), also written by Jerome Siegel and illustrated by Joe Shuster;

and a seven page synopsis of the last 18 days (i.e., weeks 2, 3, & 4) of said 24 days of

strips, also created c. 1934 and written by Jerome Siegel.  The remaining works to which this

Notice of Termination applies[1] are:

---

[1]This Notice of Termination applies to each and every work (in any medium whatsoever, whenever
created) that includes or embodies any character, story element, or indicia reasonably associated with
SUPERMAN or the SUPERMAN stories, such as, without limitation, Superman, Clark Kent, Lois Lane,
Perry White, Jimmy Olsen, Superboy, Supergirl, Lana Lang, Lex Luthor, Mr. MXYZTPLK (also known as
Mr. MXYZPTLK), Ma and Pa Kent, Steel, the planet Krypton, Kryptonite, Metropolis, Smallville, or the
Daily Planet.  Every reasonable effort has been made to find and list herein every such SUPERMAN-
related work ever created.  Nevertheless, if any such work has been omitted, such omission is
unintentional and involuntary, and this Notice also applies to each and every such omitted work.

000000904

**EXHIBIT 31**
**778**

| Title | Name of Author[2] | Date Copyright Secured[3] | Copyright Reg. No. |
|---|---|---|---|
| SUPERMAN story in Comic Book form | Jerome Siegel | Unpublished Work created c. 1933 | N/A[4] |
| Untitled paragraph previewing future SUPERMAN exploits | Jerome Siegel | Unpublished Work created c. 1934 | N/A |
| 15 SUPERMAN daily comic strips (12 strips & 3 scripts) | Jerome Siegel | Unpublished Work created c. 1934 | N/A |
| 9 page synopsis covering an additional 2 months of daily (at 6 days per week) comic strips of SUPERMAN[5] | Jerome Siegel | Unpublished Work created c. 1934 | N/A |

---

[2]Pursuant to 37 C.F.R § 201.10(b)(1)(ii), this Notice includes the name of at least one author of each work to which this notice of termination applies.  The listing of any corporation as author of any work is done per the practice shown in Copyright Office records, and is not to be construed as an admission that any given work is or was a work made for hire.  Nor is anything else herein to be construed as any such admission.

[3]Regarding works governed by the 1976 Copyright Act as to "Date Copyright Secured," and commencing in 1978, the records of the U.S. Copyright Office list only the year of creation,  rather than the day, month, and year of creation.  Accordingly, for every registered post-1977 *published work* whose year of creation is the same as its year of publication, only the specific publication date (month, day, and year) will be given, and the year therein will constitute the year of creation.  For every registered post-1977 *published work* whose year of creation differs from its year of publication, the year of creation will be given (e.g., "DCRE: 1979" [i.e., "Date Created: 1979"]), followed by the specific publication date. For every registered post-1977 *unpublished work* whose year of creation is  the same as its year of registration, only the specific registration date (month, day, and year) followed by the designation "(DREG)" [i.e., "Date Registered"]  will be given, and the year therein will constitute the year of creation. For every registered post-1977 *unpublished work* whose year of creation differs from its year of registration, the year of creation will be given (e.g., "DCRE: 1979"), followed by the  specific registration date.

[4]The first four works listed in this table as well as the above-referred 24 days of previously unpublished SUPERMAN newspaper comic strips and seven page synopsis of the last 18 days of said strips were never published or registered, at least not in their original form, so there are no copyright registration numbers for them.  Accordingly, under the 1909 Act, copyright in the said works was not (and could not have been) secured prior to April 18, 1938, the date of the first published and registered SUPERMAN work, namely, *Action Comics #1* (described above).

[5]This list of titles/works as part of paragraph number 2 continues through page 550.  Paragraph number 3 begins on page 551.

7-December 23, 1975 Agreement                                4

000000905

EXHIBIT 31
779

3.  The grant to which this Notice of Termination applies is a twelve page agreement (with additional pages for exhibits)  between Warner Communications Inc. and Jerome Siegel and Joe Shuster, co-authors of the comic book/strip SUPERMAN, identified as follows: A Letter Agreement executed on or about December 23, 1975, acknowledging that Warner Communications Inc.

"is the sole and exclusive owner of all right, title and interest in and to the 'Superman' concept, idea, continuity, pictorial representation, formula, characters, cartoons and comic strips, title, logo, copyrights and trademarks, including any and all renewals and extensions of any such rights, in the United States and throughout the world, in any and all forms of publication, reproduction and presentation, whether now in existence or hereafter devised, together with the absolute right to transfer, license, sell or otherwise dispose of said rights."

The foregoing agreement included at the time all SUPERMAN works in existence up through said date (December 23, 1975), as listed in paragraph 2, above, and the renewal rights therein, and also included rights in the future including the renewal rights in the remaining works set forth in paragraph 2 above.

4.    The effective date of termination shall be April 16, 1999.

7-December 23, 1975 Agreement                     551                          000000906

**EXHIBIT 31**
**780**

5.      Jerome Siegel died on January 28, 1996.  Mr. Siegel is survived by his widow, Joanne Siegel, and two children: Jerome and Joanne Siegel's daughter Laura Siegel Larson, and Mr. Siegel's son by a previous marriage, Michael Siegel.  Joanne Siegel and Laura Siegel Larson, who own and constitute more than one-half of author Jerome Siegel's termination interest, are executing this notice and constitute a 75% majority interest of those persons entitled to exercise the termination interest of Jerome Siegel as to the grant of the transfer described herein-above.  To the best knowledge and belief of the undersigned, this notice has been signed by all persons whose signature is necessary to terminate said grant under Section 304(c) of Title 17, United States Code.

Dated: March 30, 1997

Joanne Siegel
13900 Panay Way, R-115
Marina del Rey, CA 90292

Laura Siegel Larson
6400 Pacific Avenue, No. 106
Playa del Rey, CA 90293

7-December 23, 1975 Agreement

552

000000907

EXHIBIT 31
781

## CERTIFICATE OF INVESTIGATION

I hereby certify that before serving the foregoing document described as NOTICE OF TERMINATION OF TRANSFER COVERING EXTENDED RENEWAL TERM, and pursuant to 37 C.F.R. Section 201.10(d), I caused a reasonable investigation to be made on behalf of Joanne Siegel and Laura Siegel Larson as to the current ownership of the rights being terminated, by commissioning a search of U.S. copyright records, including a search of the records in the U.S. Copyright Office.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 3rd day of April, 1997, at Washington, DC.

ARTHUR J. LEVINE, Esq.
FINNEGAN, HENDERSON,
FARABOW, GARRETT & DUNNER, L.L.P.
1300 "I" Street, N.W.
Washington, DC 20005
(202) 408-4000
Counsel for Joanne Siegel
and Laura Siegel Larson

7-December 23, 1975 Agreement

553

000000908

**EXHIBIT 31**
**782**

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document described as NOTICE OF TERMINATION OF TRANSFER COVERING EXTENDED RENEWAL TERM was served this 3ʳᵈ day of April, 1997, by First Class Mail, postage prepaid, upon the following:

Time Warner Inc.
c/o Gerald M. Levin
Chairman of the Board & C.E.O.
75 Rockefeller Plaza
New York, NY 10019

Time Warner
Entertainment Company, L.P.
75 Rockefeller Plaza
New York, NY 10019

Warner Communications Inc.
75 Rockefeller Plaza
New York, NY 10019

Warner Bros. Inc.
c/o Robert Daly and Terry Semel
Co-Chairmen of the Board & Co-C.E.O.
4000 Warner Boulevard
Burbank, CA 91522

DC Comics Inc.
c/o Jenette Kahn
President & Editor In Chief
1700 Broadway
New York, NY 10019

DC Comics,
a New York General Partnership
c/o Paul Levitz
Executive V.P. & Publisher
1700 Broadway
New York, NY 10019

Warner Bros. Television
c/o Tony Jonas, President
4000 Warner Boulevard
Burbank, CA 91522

Warner Bros. Consumer Products
c/o Dan Romanelli, President
4000 Warner Boulevard
Burbank, CA 91522

Warner Bros. Worldwide Licensing
c/o George Jones, President
4000 Warner Boulevard
Burbank, CA 91522

Warner Music Group
c/o Robert Daly and Terry Semel
Co-Chairmen
75 Rockefeller Plaza
New York, NY 10019

Dark Horse Publications
c/o Michael Richardson, President
10956 S.E. Main St.
Milwaukie, OR 97222

Marvel Entertainment Group, Inc.
c/o Scott Sassa, C.E.O.
387 Park Ave. South
New York, NY 10016

Hasbro, Inc.
c/o Alan Hassenfeld, C.E.O.
1027 Newport Ave.
Pawtucket, RI 02861

Fleer/Skybox International
c/o Ed Feeley, President & C.E.O.
1120 Route 73
Mt. Laurel, NJ 08054

Golden Books Publishing
1220 Mound Ave.
Racine, WI 53404

7-December 23, 1975 Agreement

554

000000909

**EXHIBIT 31**
**783**

Inverse Ink
TAO Research Corporation
c/o Lingtao Wang, President
785A Castro Street
Mountain View, CA 94041

I declare under penalty of perjury that the foregoing is true and correct.

ARTHUR J. LEVINE, Esq.
FINNEGAN, HENDERSON,
FARABOW, GARRETT & DUNNER, L.L.P.
1300 "I" Street, N.W.
Washington, DC 20005
(202) 408-4000
Counsel for Joanne Siegel
and Laura Siegel Larson

EXHIBIT 31
784

# EXHIBIT 32



**50-1**
In/Out Call
100 Pa

*10/4/01 to 4/10/02*

# INCOMING/OUTGOING CALL REGISTER

| | | OUTGOING CALLS | | MESSAGE |
|---|---|---|---|---|
| DATE | | | | |
| TIME | NAME | | | MESSAGE |

| | | INCOMING CALLS | | MESSAGE |
|---|---|---|---|---|
| DATE | | | | |
| TIME | NAME | | | MESSAGE |

GTRB  0598

EXHIBIT 32
785

Avery•Aigner

| DATE |
|------|
| 11/29/81 |

## INCOMING CALLS

| NAME |
|------|
| |

| TIME | | NAME | MESSAGE | CALL COMPLETED |
|------|--|------|---------|----------------|
| | | | | |

REDACTED

| 2:30 | Mark Toberoff | #589-5151 | |

REDACTED

GTRB 0600

EXHIBIT 32
786

AVERY FORM NO. 50-111

# EXHIBIT 33

## Michael Siegel

**From:** <MToberoff@aol.com>
**To:** <msiegel@core.com>
**Sent:** Saturday, November 17, 2001 8:24
**Attach:** Marc Toberoff references.rtf
**Subject:** Your Rights
Privileged & Confidential

Michael:

I am very glad to have located you, which wasn't easy since there are about 2,000 Michael Siegels in the US. Please be assured that I am contacting you about a very important and confidential matter.

I am an intellectual property attorney (admitted to both the New York and California Bars) who specializes in upholding the rights of creators and their heirs in entertainment properties. If you provide me with a fax number I can fax (or FedEx if you prefer) some articles on me in the New York Times, Variety and The Hollywood Reporter.

Based upon my research I am absolutely convinced that you retain important rights with respect to your father Jerome Siegel's work, including Superman. This is true, in addition to or notwithstanding whatever will or estate your father may have left.

As a preliminary matter, have you signed (or have you been asked to sign) anything regarding such rights? If so, depending on the circumstances, such documents may not necessarily prevent or preclude your future rights, and it would be worthwhile to examine this issue more closely.

I am willing to work "on spec" on a purely success driven basis to help you to receive the full benefit of your rights. That is, I would charge no hourly legal fees and I would pay all out-of-pocket costs involved. This is how I normally work so my clients have no risk from fully investigating, analyzing and enforcing their rights. I normally achieve very beneficial results this way.

I have attached a list of references of people who I believe were simialrly situated to you whom I represented very successfully. Feel free to contact them.

Even if you believe you own no rights, or even if you think you have signed them away in prior dealings I sincerely hope you look into this a bit further with me. It certainly will do harm to contact me, discuss the matter and get a fresh perspective of your situation (without any cost to you).

I don't mind communicating by e-mail, but initially we should meet and discuss the situation over the phone. It will give you a better sense of who I am and hopefully a better understanding and greater sense of security with respect to this matter.

11/17/2001

CONFIDENTIAL

**EXHIBIT 33**

EOMS 00218

787

Page 2 of 2

I welcome the opportunity to speak with you at your earliest convenience. The best number is (310) 589-5151 or you can always try my mobile phone: (310) 989-0920. My fax is (310) 589-5152.

I will hold all our communications as strictly privileged and confidential and would hope that you would do the same for me.

Marc Toberoff

CONFIDENTIAL

**EXHIBIT 33**

**788**

11/17/2001

EOMS 00219

## Marc Toberoff references:

1.   Mike Ralston, son of Gilbert Ralston, (deceased) writer/creator of "*The Wild Wild West*" (re: rights dispute with CBS and Warner Bros.):   (843) 883-3811

2.   Joe Swerling, Jr., son of the famous Joe Swerling (wrote the book for "*Guys & Dolls*," etc.):   (323) 856-7350.

3.   Rocky Kalish, co-writer of "*Gilligan's Island*" pilot (represented in dispute against the other co-writer/co-creator):   (818) 384-2998

4.   Steve Pirosh, son of Robert Pirosh (deceased) prolific writer/creator of TV series "*Combat!*" and Marx Brothers' movies, etc.:   (805) 542-7746

5.   Roy Huggins (creator of *The Fugitive, The Rockford Files, Maverick*, etc.):   (310) 476-7892.

**EXHIBIT 33**
**789**

EOMS 00220

# EXHIBIT 34

Nov-15-06   10:36pm   From-                                          T-129   P.003/027   F-045
                                                                     ·U   827  7227          P. 82
                                                                     T-28  P.004/013  r=/00

# Ip worldwide

As of October 3, 2002

Joanne Siegel
13929 Marquesas Way, Apt. 201A
Marina Del Rey, CA 90292

Laura Siegel Larson
6400 Pacific Avenue, #106
Playa Del Rey, CA 90293

**RECEIVED**

OCT 2 4

**Marc Toberoff**

Re: *"Superman"*

Dear Joanne and Laura:

This letter shall confirm the agreement and understanding between you ("Owner") and us ("IPW") regarding Owner's retention of IPW to exclusively represent Owner with respect to any and all of Owner's rights, claims, title and interest in and to the comic book property commonly known as *"Superman,"* including, without limitation, all characters and copyright interests therein (jointly and individually, "Rights"):

    1.    In consideration for IPW's services set forth below, the mutual covenants contained herein and other good and valuable consideration, Owner hereby grants IPW the exclusive right to represent Owner and the Rights throughout the world in negotiating and assisting Owner to arrange and negotiate the sale, lease, license and all other dispositions or exploitations of the Rights, for the Term set forth below.

    2.    IPW will furnish and provide the legal services of Marc Toberoff, Esq., and the business services of Ariel Emanuel and IPW's support staff and employ its network of business relationships and resources to market and negotiate the sale, license, settlement and/or other disposition of the Rights on your behalf, and will advise you and consult with you with respect thereto. IPW will also provide Marc Toberoff's legal services with respect to all legal contracts in connection with all of the above. IPW will be solely responsible for Marc Toberoff's legal fees in connection herewith, if any.

    3.    The terms of any and all agreements regarding the Rights will require Owner's express written approval.

    4.    IPW will pay its own costs and expenses in connection with this Agreement, including without limitation, office overhead, photocopying, messenger fees, postage and overnight mail, long distance telephone and fax charges, travel and accommodation costs and any legal fees to Marc Toberoff, and such costs will not be recoupable from Proceeds hereunder. Notwithstanding this, in the event IPW advances or loans Owner moneys to pay costs in furtherance of the Rights (e.g., US Copyright Office fees and audit fees, if any) the terms and repayment of any such advances or loans will be set forth in a separate written agreement between the parties.

9701 Wilshire Boulevard, 10th Floor Beverly Hills, CA 90212 Tel: (310) 246-3100; Fax: (310) 246-3335
E-mail: MToberoff@IPWW.biz

IPW 00001

**EXHIBIT 34**
**790**

# **Ip**worldwide

Page 2
Retainer Agreement/ *Superman*
As of October 3, 2002

    5.    The term ("Term") of this Agreement is eighteen (18) months from the date this Agreement is executed by all parties. In the event the parties are actively negotiating an agreement regarding the Rights when the Term is due to expire, the Term will automatically be extended for three (3) additional months. In the event during the Term either Marc Toberoff or Ariel Emanuel are unable to render services in connection with this Agreement for a continuous period greater than three (3) months due to death, incapacity or otherwise, Owner may in its discretion terminate this Agreement prior to the expiration of the Term.

    6.    In consideration of the services to be furnished by IPW hereunder you hereby agree to pay and authorize IPW to retain out of all gross compensation, moneys or other consideration that may be payable or recovered for or by reason of Owner's Rights whether by negotiation, dispute resolution, settlement or otherwise ("Proceeds"): a fee ("Fee") of ten percent (10%) of any and all gross compensation payable including , without limitation, option, quitclaim or licensing fees, purchase price, settlement amounts, advances, fixed and/or contingent compensation. In computing IPW's fee no deduction will be made from gross Proceeds, including, without limitation, no deduction for Owner's taxes, expenses and/or moneys payable to any and all third parties if any. IPW's Fee shall apply to any and all agreements regarding the Rights made during the Term or the material terms of which are substantially negotiated during the Term and/or to any agreements between Owner and an investor or buyer introduced by IPW to Owner during the Term. For the avoidance of doubt, in the event "*Superman*" and the Rights are sold, settled, licensed or otherwise exploited in conjunction with other characters or rights owned or controlled by Owner (e.g., "*Superboy*"); it is understood and agreed that IPW will not "double dip" and the above 10% IPW Fee will apply to gross Proceeds from any said joined transaction(s).

    Notwithstanding the above, for purposes of computing IPW's Fee, Proceeds will not include Joanne Siegel's annual "pension" payments which commenced in 1996 (currently $ 126,148 annually, plus cost of living increases or bonuses, if any) and her full medical and dental coverage provided by AOL Time Warner which consideration and interests pre-date and are wholly separate from her copyright termination interests.

/// 
/// 
/// 
/// 
/// 
///

IPW 00002

EXHIBIT 34
791

# Ip worldwide

Page 3
Retainer Agreement/*Superman*
As of October 3, 2002

7.    Owner hereby authorizes IPW to collect and receive all Proceeds due and payable; to endorse and deposit any checks or moneys payable into a client trust account on Owner's behalf; to deduct IPW's fee as set forth above; whereupon IPW will promptly pay the remainder directly to Owner as directed by Owner in writing. It is understood that the Rights may involve multiple rights and claims against multiple parties and accordingly IPW's above fee shall be applicable to each Rights payment or recovery from any party and same is not contingent on any other Rights payment.

8.    Owner hereby warrants and represents that Owner will not transfer, assign, license or in any manner encumber the Rights during the Term or extended Term other than through or as a result of IPW's exclusive representation hereunder, with the exception of by will, probate or pursuant to other Court order.

9.    All notices and/or payments hereunder shall be made to the parties at the addresses set forth on page 1 hereof unless and until either party gives the other prior written notice of a change of address.

10.    The parties understand and acknowledge that the scope of this Agreement does not include legal services and/or expenses in connection with litigation or formal legal arbitration, if any. The provision of such services and advancing of such expenses, if requested and desired by Owner, will be rendered and provided by Marc Toberoff, Esq., subject to good faith negotiation of a mutually acceptable agreement executed by Mr. Toberoff and Owner.

11.    This Agreement contains the full understanding of the parties and supersedes all prior or contemporaneous understandings whether written or oral with respect to the subject matter hereof and may not be modified except in writing signed by both parties. The parties acknowledge that they fully understand the terms and conditions of this Agreement and have agreed to such terms and conditions after negotiation, mature thought and deliberation. The parties further acknowledge that they have not signed this Agreement in reliance on any promise or representation not expressly set forth in this Agreement. If any provision of this Agreement is found to be unenforceable, the remainder shall be enforced as fully as possible and the unenforceable provisions shall be deemed modified to the limited extent required to permit its enforcement in a manner most closely representing the intention of the parties expressed herein. The terms of this Agreement shall be construed pursuant to their fair meaning, not for or against either party. This Agreement shall bind and inure to the benefit of the parties, their respective heirs, successors and assigns. Executed facsimile copies of this Agreement shall be valid acceptable substitutes for executed originals. This Agreement shall be governed by the

IPW 00003

EXHIBIT 34
792

# Ip worldwide

Page 4
Retainer Agreement/ *Superman*
As of October 3, 2002

Laws of the State of California applicable to agreements made in and to be performed therein.

We are very pleased and excited to work with you and will do our very best to handle this matter in a dedicated manner and to achieve results satisfactory to you.

Yours sincerely,

Marc Toberoff
Authorized signatory

Ariel Emanuel
Authorized signatory

Agreed, Understood and Accepted:

Joanne Siegel                          Date: October 23rd-2002

Laura Siegel Larson                    Date: October 23, 2002

IPW 00004

EXHIBIT 34
793

# EXHIBIT 35

AO 88 (Rev. 1/94) Subpoena in a Civil Case - SDNY WEB 4/99

### Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF _____ New Mexico

JOANNE SIEGEL; LAURA SIEGEL LARSON
Plaintiffs,

v.

WARNER BROS. et al.

Defendants.

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER: ¹  CV 04-8400; 04-8776

Action pending in the United States District Court for the Central District of California

TO:   Mark Warren Peary
      51 Camino Cabo
      Santa Fe, NM 87508

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Bean Associates Inc., 119 East Marcy #110, Santa Fe, NM 87501 - By video recording | 05/02/2006 at 9:30 AM |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Documents set forth in the attached Schedule A

| PLACE | DATE AND TIME |
|---|---|
| Bean Associates Inc., 119 East Marcy #110, Santa Fe, NM 87501 | 04/21/2006 at 12:00 PM |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorneys for Defendants/ Counterclaim - Plaintiff | 04/10/2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
James Weinberger, Esq., FROSS ZELNICK LEHRMAN & ZISSU, P.C., 866 U.N. Plaza, NY, NY 10017 (212) 813-5900

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

¹ If action is pending in district other than district of issuance, state district under case number.



EXHIBIT 35
794

AO 88 (Rev. 1/94) Subpoena in a Civil Case - SDNY WEB 4/99

---

## PROOF OF SERVICE

| | DATE *4/12/06* | PLACE *51 CAMINO CABO, SANTA FE, NM* |
|---|---|---|
| SERVED | *MARK PERRY* | *PERSONALLY* |
| | SERVED ON (PRINT NAME) | MANNER OF SERVICE |
| | *VERN BOWERS* | |
| | SERVED BY (PRINT NAME) | TITLE |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ___*4/12/06*___
DATE

_____
SIGNATURE OF SERVER

*225 Artist Rd.*
ADDRESS OF SERVER

*Santa Fe, NM*

---

**Rule 45, Federal Rules of Civil Procedure, Parts C & D:**

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)  A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)  (A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)  Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)  (A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)  fails to allow reasonable time for compliance,

(ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that,

subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)  subjects a person to undue burden.

(B)  If a subpoena

(i)  requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)  DUTIES IN RESPONDING TO SUBPOENA.

(1)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)  When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

---

**EXHIBIT 35**
**795**

**SCHEDULE A**

Definitions

A.      As used herein, the terms "You" or "Your" means you, as well as any past and present agents and representatives, and any entities owned or controlled by you.

B.      "Plaintiffs" means, collectively and severally, Plaintiffs Joanne Siegel and Laura Siegel Larson and each of their past and present agents and representatives, and any entities owned or controlled by them.

C.      "Siegel" means Jerome (a.k.a. "Jerry") Siegel and each of his agents and representatives.

D.      "Shuster" means Joseph (a.k.a. "Joe") Shuster and each of his agents and representatives.

E.      The "Shuster Representatives" means, collectively and severally, Jean Adele Peavy, Mark Warren Peary, all executors, administrators, heirs, and representatives of the estate of Joseph Shuster, and all of their respective agents and representatives.

F.      "Michael Siegel" means Michael Siegel the son of Jerry Siegel.

G.      "Dennis Larson" means Dennis Larson, the current or former husband of Laura Siegel Larson.

H.      "Defendants" means, collectively and severally, Defendants Warner Bros. Entertainment Inc., Time Warner Inc., Warner Communications Inc., and Warner Bros. Television Production Inc., and Defendant and Counterclaimant DC Comics, each of their affiliated companies and/or predecessors in interest, and all of their agents, employees, and representatives.

I.      The "Superman Action" means the case pending in the U.S. District Court for the Central District of California, Case No. 04-8400 (DDP) (RZx).

J.      The "Superboy Action" means the case pending in the U.S. District Court for the Central District of California, Case No. 04-08776 (DDP) (RZx).

**EXHIBIT 35**

**796**

K.     "Superman" means the character as delineated in literary works such as comic books, novels, television programs, and motion pictures, and any of the works in which he appears, including but not limited to, the comic book entitled *Action Comics #1*.

L.     "Superboy" means the character as delineated in literary works such as comic books, novels, television programs, and motion pictures, and any of the works in which he appears, including but not limited to, the comic book entitled *More Fun #101*.

M.     "Concerning" means relating to, describing, evidencing, proving, tending to prove, referring to, comprising, constituting, disproving or tending to disprove.

N.     Whenever the terms "and" or "or" are used they are to be construed both disjunctively and conjunctively as necessary to bring within the scope of these discovery requests responses that might otherwise be construed to be outside the scope.

O.     The use of the singular form of any word includes the plural and vice versa.

M.     "Document" means any tangible expression or communication -- printed or electronic -- however created, recorded, embodied, maintained, filed, or stored in any medium, mode, form, or technology, including, without limitation, as defined by Rule 1001 of the Federal Rules of Evidence, and includes every "original" and every "duplicate" of each such Document as defined, respectively, by Rules 1001(3) and (4) of the Federal Rules of Evidence.

## INSTRUCTIONS

You are to produce any and all Documents in Your possession, custody or control, or subject to Your control.  In the event that You cannot produce all of the Documents designated in a particular request, You shall produce those Documents which You can produce, and shall describe in detail each reason for Your failure or inability to produce each of the remaining Documents.

2

**EXHIBIT 35**
**797**

In the event that any Document called for by this subpoena has been destroyed, lost, discarded, or otherwise disposed of, any such Document is to be identified as completely as possible by providing, without limitation, the following information: the date of disposal; the manner of disposal; the reason for disposal; the person authorizing disposal; and the person who disposed of the Document.

If You contend that any responsive Document is privileged, You must identify each such Document by providing the following information: the date of the Document; a description of its nature and content; the name and capacity of the individual who originated the Document; the name and capacity of the individual to whom the Document is addressed and all individuals to whom it was circulated; and the privilege(s) asserted.

## DOCUMENT CATEGORIES

1.    All Documents Concerning Superman and/or Superboy.

2.    All Documents Concerning any negotiations Concerning Superman and/or Superboy including but not limited to, negotiations by or with Defendants, Plaintiffs, Dennis Larson, Michael Siegel, and/or the Shuster Representatives.

3.    All Documents Concerning any agreements with Plaintiffs, Dennis Larson, Michael Siegel, and/or the Shuster Representatives Concerning Superman and/or Superboy, including but not limited to, any agreements Concerning any ownership interest in and/or revenue from Superman and/or Superboy.

4.    All Documents Concerning any valuation of any current or potential ownership interest in Superman and/or Superboy.

5.    All Documents evidencing any correspondence with any third person Concerning Superman and/or Superboy.

3

**EXHIBIT 35**
**798**

6.    All Documents Concerning the letter of agreement dated August 1, 1992, signed

by Paul Levitz, Frank Shuster, and Jean Shuster Peavy.

4

EXHIBIT 35
799

# EXHIBIT 36

AO 88 (Rev. 1/94) Subpoena in a Civil Case - SDNY WEB 4/99

## Issued by the
## UNITED STATES DISTRICT COURT

_____ **DISTRICT OF** _____ New Mexico

| | |
|---|---|
| JOANNE SIEGEL; LAURA SIEGEL LARSON<br>Plaintiffs,<br><br>**V.**<br><br>WARNER BROS. et al.<br><br>Defendants. | **SUBPOENA IN A CIVIL CASE**<br><br>CASE NUMBER: [1] CV 04-8400; 04-8776<br><br>Action pending in the United States District Court for<br>the Central District of California |

TO:  Jean Adele Peavy
     51 Camino Cabo
     Santa Fe, NM 87506

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Bean Associates Inc., 119 East Marcy #110, Santa Fe, NM 87501- By video recording | 05/01/2006 at 9:30 AM |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Documents set forth in the attached Schedule A

| PLACE | DATE AND TIME |
|---|---|
| Bean Associates Inc., 119 East Marcy #110, Santa Fe, NM 87501 | 04/21/2006 at 12:00 PM |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorneys for Defendants/ Counterclaim-Plaintiff | 04/10/2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
James Weinberger, Esq., FROSS ZELNICK LEHRMAN & ZISSU, P.C.,
866 U.N. Plaza, NY, NY 10017 (212) 813-5900

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.



EXHIBIT 36
800

AO 88 (Rev. 1/94) Subpoena in a Civil Case - SDNY WEB 4/99

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | 4/12/06 | 51 CAMINO CABO, SANTA FE, NM |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| JEAN PEARY | PERSONALLY |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| VERN BOWERS |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ___4/12/06___
DATE

SIGNATURE OF SERVER

225 Artist Rd.
ADDRESS OF SERVER

Santa Fe, NM

---

**Rule 45, Federal Rules of Civil Procedure, Parts C & D:**

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)   A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)   (A)   A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)   Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)   (A)   On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)   fails to allow reasonable time for compliance,

(ii)   requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that,

subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)   requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)   subjects a person to undue burden.

(B)   If a subpoena

(i)   requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)   requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)   requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)   DUTIES IN RESPONDING TO SUBPOENA.

(1)   A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the demand.

(2)   When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**EXHIBIT 36**
**801**

## SCHEDULE A

### Definitions

A.    As used herein, the terms "You" or "Your" means you, as well as any past and present agents and representatives, and any entities owned or controlled by you.

B.    "Plaintiffs" means, collectively and severally, Plaintiffs Joanne Siegel and Laura Siegel Larson and each of their past and present agents and representatives, and any entities owned or controlled by them.

C.    "Siegel" means Jerome (a.k.a. "Jerry") Siegel and each of his agents and representatives.

D.    "Shuster" means Joseph (a.k.a. "Joe") Shuster and each of his agents and representatives.

E.    The "Shuster Representatives" means, collectively and severally, Jean Adele Peavy, Mark Warren Peary, all executors, administrators, heirs, and representatives of the estate of Joseph Shuster, and all of their respective agents and representatives.

F.    "Michael Siegel" means Michael Siegel the son of Jerry Siegel.

G.    "Dennis Larson" means Dennis Larson, the current or former husband of Laura Siegel Larson.

H.    "Defendants" means, collectively and severally, Defendants Warner Bros. Entertainment Inc., Time Warner Inc., Warner Communications Inc., and Warner Bros. Television Production Inc., and Defendant and Counterclaimant DC Comics, each of their affiliated companies and/or predecessors in interest, and all of their agents, employees, and representatives.

I.    The "Superman Action" means the case pending in the U.S. District Court for the Central District of California, Case No. 04-8400 (DDP) (RZx).

J.    The "Superboy Action" means the case pending in the U.S. District Court for the Central District of California, Case No. 04-08776 (DDP) (RZx).

**EXHIBIT 36**
**802**

K.      "Superman" means the character as delineated in literary works such as comic books, novels, television programs, and motion pictures, and any of the works in which he appears, including but not limited to, the comic book entitled *Action Comics #1*.

L.      "Superboy" means the character as delineated in literary works such as comic books, novels, television programs, and motion pictures, and any of the works in which he appears, including but not limited to, the comic book entitled *More Fun #101*.

M.      "Concerning" means relating to, describing, evidencing, proving, tending to prove, referring to, comprising, constituting, disproving or tending to disprove.

N.      Whenever the terms "and" or "or" are used they are to be construed both disjunctively and conjunctively as necessary to bring within the scope of these discovery requests responses that might otherwise be construed to be outside the scope.

O.      The use of the singular form of any word includes the plural and vice versa.

M.      "Document" means any tangible expression or communication -- printed or electronic -- however created, recorded, embodied, maintained, filed, or stored in any medium, mode, form, or technology, including, without limitation, as defined by Rule 1001 of the Federal Rules of Evidence, and includes every "original" and every "duplicate" of each such Document as defined, respectively, by Rules 1001(3) and (4) of the Federal Rules of Evidence.

## INSTRUCTIONS

You are to produce any and all Documents in Your possession, custody or control, or subject to Your control. In the event that You cannot produce all of the Documents designated in a particular request, You shall produce those Documents which You can produce, and shall describe in detail each reason for Your failure or inability to produce each of the remaining Documents.

2

**EXHIBIT 36**
**803**

In the event that any Document called for by this subpoena has been destroyed, lost, discarded, or otherwise disposed of, any such Document is to be identified as completely as possible by providing, without limitation, the following information: the date of disposal; the manner of disposal; the reason for disposal; the person authorizing disposal; and the person who disposed of the Document.

If You contend that any responsive Document is privileged, You must identify each such Document by providing the following information: the date of the Document; a description of its nature and content; the name and capacity of the individual who originated the Document; the name and capacity of the individual to whom the Document is addressed and all individuals to whom it was circulated; and the privilege(s) asserted.

## DOCUMENT CATEGORIES

1. All Documents Concerning Superman and/or Superboy.

2. All Documents Concerning any negotiations Concerning Superman and/or Superboy including but not limited to, negotiations by or with Defendants, Plaintiffs, Dennis Larson, Michael Siegel, and/or the Shuster Representatives.

3. All Documents Concerning any agreements with Plaintiffs, Dennis Larson, Michael Siegel, and/or the Shuster Representatives Concerning Superman and/or Superboy, including but not limited to, any agreements Concerning any ownership interest in and/or revenue from Superman and/or Superboy.

4. All Documents Concerning any valuation of any current or potential ownership interest in Superman and/or Superboy.

5. All Documents evidencing any correspondence with any third person Concerning Superman and/or Superboy.

3

EXHIBIT 36
804

6.    All Documents Concerning the letter of agreement dated August 1, 1992, signed by Paul Levitz, Frank Shuster, and Jean Shuster Peavy.

4

EXHIBIT 36
805

# EXHIBIT 37

AO88 (Rev. 1/94) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

SIEGEL et al.

v.

**SUBPOENA IN A CIVIL CASE**

WARNER BROS. ENTM'T INC. et al.

Case No.:[1]    CV 04-8400, 04-8776 (C.D. Cal.)

TO:    IPW, LLC
c/o Marc Toberoff, Esq.
1999 Avenue of the Stars, Suite 1540
Los Angeles, California 90067

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

Pursuant to Fed. R. Civ. P. 30(b)(6), IPW, LLC will be deposed on the subject matter(s) set forth in the documents requested in Schedule A.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Weissmann Wolff Bergman Coleman Grodin & Evall LLC, 9665 Wilshire Boulevard, Ninth Floor, Beverly Hills, California 90212 | Oct. 6, 2006, 10:00am |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Schedule A.

| PLACE | DATE AND TIME |
|---|---|
| Weissmann Wolff Bergman Coleman Grodin & Evall LLC, 9665 Wilshire Boulevard, Ninth Floor, Beverly Hills, California 90212, Attn: Adam Hagen | Oct. 3, 2006, 12:00pm |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _Michael Bergman_    Attorney for Defendants | September 20, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Michael Bergman, Esq., Weissmann Wolff Bergman Coleman Grodin & Evall LLC, 9665 Wilshire Boulevard, Ninth Floor, Beverly Hills, California 90212, (310) 858-7888

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

**EXHIBIT 37**
**806**

 

AO 88 (Rev. 11/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | 9-20-06 | 2049 Century Park East, Suite 2720, L.A., CA  90067 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| IPW, LLC<br>  by Mark Toberoff, Esq. | personal service |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Melvin Steiner | registered process server |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    September 21, 2006
DATE

SIGNATURE OF SERVER

1513 Livonia Ave., L.A., CA  90035
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production.  Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to

the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**EXHIBIT 37**
**807**



## SCHEDULE A

### DEFINITIONS

A.  As used herein, the terms "You" or "Your" mean IPW, LLC, as well as any past and present officers, employees, shareholders, predecessors, successors, agents and representatives, and any entities owned or controlled by you.

B.  "Pacific" means Pacific Pictures Corporation, as well as any past and present officers, employees, shareholders, predecessors, successors, agents and representatives, and any entities owned or controlled by it.

C.  "Smashbox" means Smashbox Entertainment, LLC, as well as any past and present officers, employees, shareholders, predecessors, successors, agents and representatives, and any entities owned or controlled by it.

D.  "Plaintiffs" means, collectively and severally, Plaintiffs Joanne Siegel and Laura Siegel Larson and each of their past and present agents and representatives, and any entities owned or controlled by them.

E.  "Siegel" means Jerome (a.k.a. "Jerry") Siegel and each of his agents and representatives.

F.  "Shuster" means Joseph (a.k.a. "Joe") Shuster and each of his agents and representatives.

G.  The "Shuster Representatives" means, collectively and severally, Jean Adele Peavy, Mark Warren Peary, all executors, administrators, heirs, and representatives of the estate of Joseph Shuster, and all of their respective agents and representatives.

H.  "Michael Siegel" means the late Michael Siegel the son of Jerry Siegel, and his estate, and each of his (or his estate's) past and present agents and

**EXHIBIT 37**
**808**





representatives, and any entities owned or controlled by him.

       I.      "Dennis Larson" means Dennis Larson, the current or former husband of Laura Siegel Larson and each of his past and present agents and representatives, and any entities owned or controlled by him.

       J.      "Defendants" means, collectively and severally, Defendants Warner Bros. Entertainment Inc., Time Warner Inc., Warner Communications Inc., and Warner Bros. Television Production Inc., and Defendant and Counterclaimant DC Comics, each of their affiliated companies and/or predecessors in interest, and all of their agents, employees, and representatives.

       K.      "Marks" means Kevin S. Marks, Esq. and the law firm Gang, Tyre, Ramer & Brown, Inc., as well as their past and present employees, associates, partners, attorneys, representatives, predecessors and successors.

       L.      "Emanuel" means Ariel Emanuel and/or Endeavor Agency, LLC, as well as any past and present officers, employees, shareholders, predecessors, successors, agents and representatives, and any entities owned or controlled by either of them.

       M.     The "Superman Action" means the case pending in the U.S. District Court for the Central District of California, Case No. 04-8400 (RSWL) (RZx).

       N.     The "Superboy Action" means the case pending in the U.S. District Court for the Central District of California, Case No. 04-08776 (RSWL) (RZx).

       O.     "Superman" means the character as delineated in literary works such as comic books, novels, television programs, and motion pictures, and any of the works in which he appears, including but not limited to, the comic book entitled *Action Comics #1*.

       P.     "Superboy" means the character as delineated in literary works such as

**EXHIBIT 37**
**809**

comic books, novels, television programs, and motion pictures, and any of the works in which he appears, including but not limited to, the comic book entitled *More Fun #101*.

Q.    "Spectre" means the character as delineated in literary works such as comic books, novels, television programs, and motion pictures, and any of the works in which he appears, including but not limited to, the comic book entitled *More Fun #52*.

R.    "Toberoff" means Marc Toberoff, Esq., the Law Office of Marc Toberoff, PLC, current attorneys of record for Plaintiffs in the Superman Action and the Superboy Action, as well as their past and present employees, associates, partners, representatives, predecessors, successors, and agents, and any entities owned or controlled by either or both of them.

S.    The "August 1, 1992 Letter" means the letter of agreement dated August 1, 1992, signed by Paul Levitz, Frank Shuster, and Jean Shuster Peavy which is attached as Exhibit 1 hereto.

T.    The "October 19, 2001 Letter" means the letter dated October 19, 2001 from Kevin S. Marks to John A. Schulman, a copy of which is attached as Exhibit 2 hereto.

U.    The "October 26, 2001 Letter" means the letter dated October 26, 2001 from John A. Schulman to Kevin S. Marks, a copy of which is attached as Exhibit 3 hereto.

V.    The "Draft Long Form Agreement" means that draft long form agreement enclosed with the February 1, 2002 letter from Patrick Perkins to Kevin Marks, a copy of which is attached as Exhibit 4 hereto.

W.    The "September 21, 2002 Letter" means the letter dated September 21,

EXHIBIT 37
810




2002 from Joanne Siegel and Laura Siegel Larson to Kevin S. Marks and Bruce M. Ramer, a copy of which is attached as Exhibit 5 hereto.

X.    "Concerning" means relating to, describing, evidencing, proving, tending to prove, referring to, comprising, constituting, disproving or tending to disprove.

Y.    Whenever the terms "and" or "or" are used they are to be construed both disjunctively and conjunctively as necessary to bring within the scope of these discovery requests responses that might otherwise be construed to be outside the scope.

Z.    The use of the singular form of any word includes the plural and vice versa.

AA.    "Document" means any tangible expression or communication -- printed or electronic -- however created, recorded, embodied, maintained, filed, or stored in any medium, mode, form, or technology, including, without limitation, as defined by Rule 1001 of the Federal Rules of Evidence, and includes every "original" and every "duplicate" of each such Document as defined, respectively, by Rules 1001(3) and (4) of the Federal Rules of Evidence.

### INSTRUCTIONS

You are to produce any and all Documents in Your possession, custody or control, or subject to Your control, including but not limited, in the possession of any of Your attorneys, agents, shareholders, officers, and representatives.  In the event that You cannot produce all of the Documents designated in a particular request, You shall produce those Documents which You can produce, and shall describe in detail each reason for Your failure or inability to produce each of the remaining Documents.

**EXHIBIT 37**
**811**



In the event that any Document called for by this subpoena has been destroyed, lost, discarded, or otherwise disposed of, any such Document is to be identified as completely as possible by providing, without limitation, the following information: the date of disposal; the manner of disposal; the reason for disposal; the person authorizing disposal; and the person who disposed of the Document.

If You contend that any responsive Document is privileged, You must identify each such Document by providing the following information: the date of the Document; a description of its nature and content; the name and capacity of the individual who originated the Document; the name and capacity of the individual to whom the Document is addressed and all individuals to whom it was circulated; and the privilege(s) asserted.

### DOCUMENT CATEGORIES

1.    All Documents Concerning Superman, Superboy, and/or Spectre.

2.    All Documents Concerning any communications between Plaintiffs, or either of them, and Defendants, or any of them, the Shuster Representatives or any of them, Michael Siegel, Dennis Larson, You, Pacific, Smashbox, Toberoff, Marks, Emanuel, and/or any other persons or entities Concerning Superman, Superboy, and/or Spectre.

3.    All Documents Concerning any relationship, business or otherwise, between Plaintiffs, or either of them, and Defendants, or any of them, the Shuster Representatives or any of them, Michael Siegel, Dennis Larson, You, Pacific, Smashbox, Toberoff, Marks, Emanuel, and/or any other persons or entities Concerning Superman, Superboy, and/or Spectre.

**EXHIBIT 37**
**812**



4.      All Documents Concerning any negotiations or agreements between Plaintiffs or either of them, Defendants, or any of them, the Shuster Representatives or any of them, Michael Siegel, Dennis Larson, You, Pacific, Smashbox, Toberoff, Marks, Emanuel, and/or any other persons or entities Concerning Superman, Superboy, and/or Spectre.

5.      All Documents Concerning any communications between Defendants or any of them, and the Shuster Representatives, or either of them, Michael Siegel, Dennis Larson, You, Pacific, Smashbox, Toberoff, Marks, Emanuel, and or any other persons or entities Concerning Superman, Superboy, and/or Spectre.

6.      All Documents Concerning any relationship, business or otherwise, between Defendants, or any of them, and the Shuster Representatives, or either of them, Michael Siegel, Dennis Larson, You, Pacific, Smashbox, Toberoff, Marks, Emanuel, and or any other persons or entities Concerning Superman, Superboy, and/or Spectre.

7.      All Documents Concerning any negotiations or agreements between Defendants or any of them, and the Shuster Representatives, or either of them, Michael Siegel, Dennis Larson, You, Pacific, Smashbox, Toberoff, Marks, Emanuel, and or any other persons or entities Concerning Superman, Superboy, and/or Spectre.

8.      All Documents Concerning any communications between the Shuster Representatives, or either of them, and Michael Siegel, Dennis Larson, You, Pacific, Smashbox, Toberoff, Marks, Emanuel, and or any other persons or entities Concerning Superman, Superboy, and/or Spectre.

9.      All Documents Concerning any relationship, business or otherwise, between the Shuster Representatives, or either of them, and Michael Siegel, Dennis

**EXHIBIT 37**
**813**



Larson, You, Pacific, Smashbox, Toberoff, Marks, Emanuel, and or any other persons or entities Concerning Superman, Superboy, and/or Spectre.

10.     All Documents Concerning any negotiations or agreements between the Shuster Representatives or either of them, and Michael Siegel, Dennis Larson, You, Pacific, Smashbox, Toberoff, Marks, Emanuel, and or any other persons or entities Concerning Superman, Superboy, and/or Spectre.

11.     All Documents Concerning any communications between Michael Siegel and Dennis Larson, You, Pacific, Smashbox, Toberoff, Marks, Emanuel, and or any other persons or entities Concerning Superman, Superboy, and/or Spectre.

12.     All Documents Concerning any relationship, business or otherwise, between Michael Siegel and Dennis Larson, You, Pacific, Smashbox, Toberoff, Marks, Emanuel, and or any other persons or entities Concerning Superman, Superboy, and/or Spectre.

13.     All Documents Concerning any negotiations or agreements between Michael Siegel and Dennis Larson, You, Pacific, Smashbox, Toberoff, Marks, Emanuel, and or any other persons or entities Concerning Superman, Superboy, and/or Spectre.

14.     All Documents Concerning any communications between Dennis Larson and You, Pacific, Smashbox, Toberoff, Marks, Emanuel, and or any other persons or entities Concerning Superman, Superboy, and/or Spectre.

15.     All Documents Concerning any relationship, business or otherwise, between Dennis Larson and You, Pacific, Smashbox, Toberoff, Marks, Emanuel, and or any other persons or entities Concerning Superman, Superboy, and/or Spectre.

**EXHIBIT 37**
**814**

16.     All Documents Concerning any negotiations or agreements between Dennis Larson and You, Pacific, Smashbox, Toberoff, Marks, Emanuel, and or any other persons or entities Concerning Superman, Superboy, and/or Spectre.

17.     All Documents Concerning any communications between You and Pacific, Smashbox, Toberoff, Marks, Emanuel, and or any other persons or entities Concerning Superman, Superboy, and/or Spectre.

18.     All Documents Concerning any relationship, business or otherwise, between You and Pacific, Smashbox, Toberoff, Marks, Emanuel, and or any other persons or entities Concerning Superman, Superboy, and/or Spectre.

19.     All Documents Concerning any negotiations or agreements between You and Pacific, Smashbox, Toberoff, Marks, Emanuel, and or any other persons or entities Concerning Superman, Superboy, and/or Spectre.

20.     All Documents Concerning any communications between Pacific and Smashbox, Toberoff, Marks, Emanuel, and or any other persons or entities Concerning Superman, Superboy, and/or Spectre.

21.     All Documents Concerning any relationship, business or otherwise, between Pacific and Smashbox, Toberoff, Marks, Emanuel, and or any other persons or entities Concerning Superman, Superboy, and/or Spectre.

22.     All Documents Concerning any negotiations or agreements between Pacific and Smashbox, Toberoff, Marks, Emanuel, and or any other persons or entities Concerning Superman, Superboy, and/or Spectre.

**EXHIBIT 37**
**815**



23.    All Documents Concerning any communications between Smashbox and Toberoff, Marks, Emanuel, and or any other persons or entities Concerning Superman, Superboy, and/or Spectre.

24.    All Documents Concerning any relationship, business or otherwise, between Smashbox and Toberoff, Marks, Emanuel, and or any other persons or entities Concerning Superman, Superboy, and/or Specter.

25.    All Documents Concerning any negotiations or agreements between Smashbox and Toberoff, Marks, Emanuel, and or any other persons or entities Concerning Superman, Superboy, and/or Spectre.

26.    All Documents Concerning any communications between Pacific and Toberoff, Marks, Emanuel, and or any other persons or entities Concerning Superman, Superboy, and/or Spectre.

27.    All Documents Concerning any relationship, business or otherwise, between Pacific and Toberoff, Marks, Emanuel, and or any other persons or entities Concerning Superman, Superboy, and/or Specter.

28.    All Documents Concerning any negotiations or agreements between Pacific and Toberoff, Marks, Emanuel, and or any other persons or entities Concerning Superman, Superboy, and/or Spectre.

29.    All Documents Concerning any communications between Toberoff and Marks, Emanuel, and or any other persons or entities Concerning Superman, Superboy and/or Spectre.

**EXHIBIT 37**
**816**



30.    All Documents Concerning any relationship, business or otherwise, between Toberoff and Marks, Emanuel, and or any other persons or entities Concerning Superman, Superboy, and/or Spectre.

31.    All Documents Concerning any negotiations or agreements between Toberoff and Marks, Emanuel, and or any other persons or entities Concerning Superman, Superboy, and/or Spectre.

32.    All Documents Concerning any communications between Emanuel and Marks, and or any other persons or entities Concerning Superman, Superboy and/or Spectre.

33.    All Documents Concerning any relationship, business or otherwise, between Emanuel and Marks, and or any other persons or entities Concerning Superman, Superboy, and/or Spectre.

34.    All Documents Concerning any negotiations or agreements between Emanuel and Marks, and or any other persons or entities Concerning Superman, Superboy, and/or Spectre.

35.    All Documents Concerning any communications between Emanuel and any other person or entity Concerning Superman, Superboy and/or Spectre.

36.    All Documents Concerning any communications between or among any persons or entities other than Plaintiffs, Defendants, the Shuster Representatives, Michael Siegel, Dennis Larson, You, Pacific, Smashbox, Toberoff, Emanuel, or Marks Concerning Superman, Superboy and/or Spectre.

37.    All Documents Concerning any relationship, business or otherwise, between or among any persons or entities other than Plaintiffs, Defendants, the Shuster

**EXHIBIT 37**
**817**



Representatives, Michael Siegel, Dennis Larson, You, Pacific, Smashbox, Toberoff, Emanuel, or Marks Concerning Superman, Superboy, and/or Spectre.

38.     All Documents Concerning any negotiations or agreements between or among any persons or entities other than Plaintiffs, Defendants, the Shuster Representatives, Michael Siegel, Dennis Larson, You, Pacific, Smashbox, Toberoff, Emanuel, or Marks Concerning Superman, Superboy, and/or Spectre.

39.     All Documents Concerning any valuation of any historical, current, or potential ownership interest in Superman and/or Superboy.

40.     All Documents Concerning the letter of agreement dated August 1, 1992, signed by Paul Levitz, Frank Shuster, and Jean Shuster Peavy.

41.     All Documents Concerning the October 19, 2001 Letter.

42.     All Documents Concerning the October 26, 2001 Letter

43.     All Documents Concerning the Long Form Agreement.

44.     All Documents Concerning the September 21, 2002 Letter.

45.     All Documents Concerning the "redraft of the February 4, 2002 document which you sent to us on July 15, 2002" referenced in the September 21, 2002.

46.     All Documents Concerning the Draft Long Form Agreement.

**EXHIBIT 37**
**818**

# EXHIBIT 38

## Issued by the

# UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

SIEGEL et al.

       v.

WARNER BROS. ENTM'T INC. et al.

**SUBPOENA IN A CIVIL CASE**

Case No.:[1]    CV 04-8400, 04-8776 (C.D. Cal.)

TO:    Marc Toberoff
       Law Offices of Marc Toberoff, PLC
       2049 Century Park East, Suite 2720
       Los Angeles, CA 90067

EXHIBIT
FOR IDENTIFICATION
DAVID S. COLEMAN, CSR #4613
DATE 11-17-06 vs
WITNESS Toberoff

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

Marc Toberoff will be deposed on the subject matter(s) set forth in the documents requested in Schedule A.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Weissmann Wolff Bergman Coleman Grodin & Evall LLC, 9665 Wilshire Boulevard, Ninth Floor, Beverly Hills, California 90212 | Nov. 16, 2006, 10:00 am |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Schedule A.

| PLACE | DATE AND TIME |
|---|---|
| Weissmann Wolff Bergman Coleman Grodin & Evall LLC, 9665 Wilshire Boulevard, Ninth Floor, Beverly Hills, California 90212, Attn: Adam Hagen | Nov. 13, 2006, 12:00 pm |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Michael Bergman Attorney for Defendants | October 19, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Michael Bergman, Esq., Weissmann Wolff Bergman Coleman Grodin & Evall LLC, 9665 Wilshire Boulevard, Ninth Floor, Beverly Hills, California 90212, (310) 858-7888

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

EXHIBIT 38
819

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | 10-19-06 | 2049 Century Park East, Suite 2720, L.A., CA  90067 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| MARC TOBEROFF<br>   by Mark Perrone, Assistant | substituted service |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Melvin Steiner | registered process server |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on     October 23,2006
                        DATE

SIGNATURE OF SERVER

1513 Livonia Ave., L.A., CA  90035
ADDRESS OF SERVER

---

Rule 45. Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)   fails to allow reasonable time for compliance.

(ii)   requires a person who is not a party or an officer of a

party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)   requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)   subjects a person to undue burden.

(B) If a subpoena

(i)   requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)   requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)   requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**EXHIBIT 38**
**820**

## SCHEDULE A

## DEFINITIONS

A.     As used herein, the terms "You" or "Your" mean Marc Toberoff, Esq., the

Law Office of Marc Toberoff, PC, current attorneys of record for Plaintiffs in the

Superman Action and the Superboy Action, as well as their past and present employees,

associates, partners, representatives, predecessors, successors, and agents, and any

entities owned or controlled by either or both of them.

B.     "Pacific" means Pacific Pictures Corporation, as well as any past and

present officers, employees, shareholders, predecessors, successors, agents and

representatives, and any entities owned or controlled by it.

C.     "Smashbox" means Smashbox Entertainment, LLC, as well as any past

and present officers, employees, shareholders, predecessors, successors, agents and

representatives, and any entities owned or controlled by it.

D.     "IPW" means IPW, LLC, as well as any past and present officers,

employees, shareholders, predecessors, successors, agents and representatives, and any

entities owned or controlled by it.

E.     "Plaintiffs" means, collectively and severally, Plaintiffs Joanne Siegel and

Laura Siegel Larson and each of their past and present agents and representatives, and

any entities owned or controlled by them.

F.     "Siegel" means Jerome (a.k.a. "Jerry") Siegel and each of his agents and

representatives.

G.     "Shuster" means Joseph (a.k.a. "Joe") Shuster and each of his agents and

representatives.

**EXHIBIT 38**
**821**

H.      The "Shuster Representatives" means, collectively and severally, Jean Adele Peavy, Mark Warren Peary, all executors, administrators, heirs, and representatives of the estate of Joseph Shuster, and all of their respective agents and representatives.

I.      "Michael Siegel" means the late Michael Siegel the son of Jerry Siegel, and his estate, and each of his (or his estate's) past and present agents and representatives, and any entities owned or controlled by him.

J.      "Dennis Larson" means Dennis Larson, the current or former husband of Laura Siegel Larson and each of his past and present agents and representatives, and any entities owned or controlled by him.

K.      "Defendants" means, collectively and severally, Defendants Warner Bros. Entertainment Inc., Time Warner Inc., Warner Communications Inc., and Warner Bros. Television Production Inc., and Defendant and Counterclaimant DC Comics, each of their affiliated companies and/or predecessors in interest, and all of their agents, employees, and representatives.

L.      "Marks" means Kevin S. Marks, Esq. and the law firm Gang, Tyre, Ramer & Brown, Inc., as well as their past and present employees, associates, partners, attorneys, representatives, predecessors and successors.

M.      "Emanuel" means Ari Emanuel and/or Endeavor Agency, LLC, as well as any past or present officers, employees, shareholders, predecessors, successors, agents and representatives, and any entities owned or controlled by either of them.

N.      The "Superman Action" means the case pending in the U.S. District Court for the Central District of California, Case No. 04-8400 (MMM) (RZx).

O.      The "Superboy Action" means the case pending in the U.S. District Court

EXHIBIT 38
822

for the Central District of California, Case No. 04-08776 (MMM) (RZx).

     P.     "Superman" means the character as delineated in literary works such as comic books, novels, television programs, and motion pictures, and any of the works in which he appears, including but not limited to, the comic book entitled *Action Comics #1*.

     Q.     "Superboy" means the character as delineated in literary works such as comic books, novels, television programs, and motion pictures, and any of the works in which he appears, including but not limited to, the comic book entitled *More Fun #101*.

     R.     "Spectre" means the character as delineated in literary works such as comic books, novels, television programs, and motion pictures, and any of the works in which he appears, including but not limited to, the comic book entitled *More Fun #52*.

     S.     The "August 1, 1992 Letter" means the letter of agreement dated August 1, 1992, signed by Paul Levitz, Frank Shuster, and Jean Shuster Peavy which is attached as Exhibit 1 hereto.

     T.     The "October 19, 2001 Letter" means the letter dated October 19, 2001 from Kevin S. Marks to John A. Schulman, a copy of which is attached as Exhibit 2 hereto.

     U.     The "October 26, 2001 Letter" means the letter dated October 26, 2001 from John A. Schulman to Kevin S. Marks, a copy of which is attached as Exhibit 3 hereto.

     V.     The "Draft Long Form Agreement" means that draft long form agreement enclosed with the February 1, 2002 letter from Patrick Perkins to Kevin Marks, a copy of which is attached as Exhibit 4 hereto.

     W.     The "September 21, 2002 Letter" means the letter dated September 21,

**EXHIBIT 38**
**823**

2002 from Joanne Siegel and Laura Siegel Larson to Kevin S. Marks and Bruce M. Ramer, a copy of which is attached as Exhibit 5 hereto.

X.     The "IPW Documents" means the documents regarding the relationship between Joanne Siegel and Laura Siegel and IPW, LLC, a copy of which is attached as Exhibit 6 hereto.

Y.     "Concerning" means relating to, describing, evidencing, proving, tending to prove, referring to, comprising, constituting, disproving or tending to disprove.

Z.     Whenever the terms "and" or "or" are used they are to be construed both disjunctively and conjunctively as necessary to bring within the scope of these discovery requests responses that might otherwise be construed to be outside the scope.

AA.     The use of the singular form of any word includes the plural and vice versa.

BB.     "Document" means any tangible expression or communication -- printed or electronic -- however created, recorded, embodied, maintained, filed, or stored in any medium, mode, form, or technology, including, without limitation, as defined by Rule 1001 of the Federal Rules of Evidence, and includes every "original" and every "duplicate" of each such Document as defined, respectively, by Rules 1001(3) and (4) of the Federal Rules of Evidence.

## INSTRUCTIONS

You are to produce any and all Documents in Your possession, custody or control, or subject to Your control, including but not limited, in the possession of any of Your attorneys, agents, shareholders, officers, and representatives.  In the event that You cannot produce all of the Documents designated in a particular request, You shall

**EXHIBIT 38**
**824**

produce those Documents which You can produce, and shall describe in detail each

reason for Your failure or inability to produce each of the remaining Documents.

In the event that any Document called for by this subpoena has been destroyed,

lost, discarded, or otherwise disposed of, any such Document is to be identified as

completely as possible by providing, without limitation, the following information: the

date of disposal; the manner of disposal; the reason for disposal; the person authorizing

disposal; and the person who disposed of the Document.

If You contend that any responsive Document is privileged, You must identify

each such Document by providing the following information: the date of the Document; a

description of its nature and content; the name and capacity of the individual who

originated the Document; the name and capacity of the individual to whom the Document

is addressed and all individuals to whom it was circulated; and the privilege(s) asserted.

## DOCUMENT CATEGORIES

1.    All Documents Concerning Superman, Superboy, and/or Spectre.

2.    All Documents Concerning any communications between Plaintiffs, or

either of them, and Defendants, or any of them, the Shuster Representatives or any of

them, Michael Siegel, Dennis Larson, Emanuel, Pacific, Smashbox, You, Marks, IPW,

and/or any other persons or entities Concerning Superman, Superboy, and/or Spectre.

3.    All Documents Concerning any relationship, business or otherwise,

between Plaintiffs, or either of them, and Defendants, or any of them, the Shuster

Representatives or any of them, Michael Siegel, Dennis Larson, Emanuel, Pacific,

Smashbox, You, Marks, IPW, and/or any other persons or entities Concerning Superman,

Superboy, and/or Spectre.

**EXHIBIT 38**
**825**

4.      All Documents Concerning any negotiations or agreements between Plaintiffs or either of them, Defendants, or any of them, the Shuster Representatives or any of them, Michael Siegel, Dennis Larson, Emanuel, Pacific, Smashbox, You, Marks, IPW, and/or any other persons or entities Concerning Superman, Superboy, and/or Spectre.

5.      All Documents Concerning any communications between Defendants or any of them, and the Shuster Representatives, or either of them, Michael Siegel, Dennis Larson, Emanuel, Pacific, Smashbox, You, Marks, IPW, and or any other persons or entities Concerning Superman, Superboy, and/or Spectre.

6.      All Documents Concerning any relationship, business or otherwise, between Defendants, or any of them, and the Shuster Representatives, or either of them, Michael Siegel, Dennis Larson, Emanuel, Pacific, Smashbox, You, Marks, IPW, and or any other persons or entities Concerning Superman, Superboy, and/or Spectre.

7.      All Documents Concerning any negotiations or agreements between Defendants or any of them, and the Shuster Representatives, or either of them, Michael Siegel, Dennis Larson, Emanuel, Pacific, Smashbox, You, Marks, IPW, and or any other persons or entities Concerning Superman, Superboy, and/or Spectre.

8.      All Documents Concerning any communications between the Shuster Representatives, or either of them, and Michael Siegel, Dennis Larson, Emanuel, Pacific, Smashbox, You, Marks, IPW, and or any other persons or entities Concerning Superman, Superboy, and/or Spectre.

9.      All Documents Concerning any relationship, business or otherwise, between the Shuster Representatives, or either of them, and Michael Siegel, Dennis

**EXHIBIT 38**
**826**

Larson, Emanuel, Pacific, Smashbox, You, Marks, IPW, and or any other persons or entities Concerning Superman, Superboy, and/or Spectre.

10.    All Documents Concerning any negotiations or agreements between the Shuster Representatives or either of them, and Michael Siegel, Dennis Larson, Emanuel, Pacific, Smashbox, You, Marks, IPW, and or any other persons or entities Concerning Superman, Superboy, and/or Spectre.

11.    All Documents Concerning any communications between Michael Siegel and Dennis Larson, Emanuel, Pacific, Smashbox, You, Marks, IPW, and or any other persons or entities Concerning Superman, Superboy, and/or Spectre.

12.    All Documents Concerning any relationship, business or otherwise, between Michael Siegel and Dennis Larson, Emanuel, Pacific, Smashbox, You, Marks, IPW, and or any other persons or entities Concerning Superman, Superboy, and/or Spectre.

13.    All Documents Concerning any negotiations or agreements between Michael Siegel and Dennis Larson, Emanuel, Pacific, Smashbox, You, Marks, IPW, and or any other persons or entities Concerning Superman, Superboy, and/or Spectre.

14.    All Documents Concerning any communications between Dennis Larson and Emanuel, Pacific, Smashbox, You, Marks, IPW, and or any other persons or entities Concerning Superman, Superboy, and/or Spectre.

15.    All Documents Concerning any relationship, business or otherwise, between Dennis Larson and Emanuel, Pacific, Smashbox, You, Marks, IPW, and or any other persons or entities Concerning Superman, Superboy, and/or Spectre.

**EXHIBIT 38**
**827**

16.     All Documents Concerning any negotiations or agreements between Dennis Larson and Emanuel, Pacific, Smashbox, You, Marks, IPW, and or any other persons or entities Concerning Superman, Superboy, and/or Spectre.

17.     All Documents Concerning any communications between Pacific and Emanuel, Smashbox, You, Marks, IPW, and or any other persons or entities Concerning Superman, Superboy, and/or Spectre.

18.     All Documents Concerning any relationship, business or otherwise, between Pacific and Emanuel, Smashbox, You, Marks, IPW, and or any other persons or entities Concerning Superman, Superboy, and/or Spectre.

19.     All Documents Concerning any negotiations or agreements between Pacific and Emanuel, Smashbox, You, Marks, IPW, and or any other persons or entities Concerning Superman, Superboy, and/or Spectre.

20.     All Documents Concerning any communications between Pacific and Emanuel, Smashbox, You, Marks, and or any other persons or entities Concerning Superman, Superboy, and/or Spectre.

21.     All Documents Concerning any relationship, business or otherwise, between Pacific and Emanuel, Smashbox, You, Marks, and or any other persons or entities Concerning Superman, Superboy, and/or Spectre.

22.     All Documents Concerning any negotiations or agreements between Pacific and Emanuel, Smashbox, You, Marks, and or any other persons or entities Concerning Superman, Superboy, and/or Spectre.

**EXHIBIT 38**
**828**

23.    All Documents Concerning any communications between Smashbox and Emanuel, You, Marks, and or any other persons or entities Concerning Superman, Superboy, and/or Spectre.

24.    All Documents Concerning any relationship, business or otherwise, between Smashbox and Emanuel, You, Marks, and or any other persons or entities Concerning Superman, Superboy, and/or Specter.

25.    All Documents Concerning any negotiations or agreements between Smashbox and Emanuel, You, Marks, and or any other persons or entities Concerning Superman, Superboy, and/or Spectre.

26.    All Documents Concerning any communications between Pacific and You, Emanuel, Marks, and or any other persons or entities Concerning Superman, Superboy, and/or Spectre.

27.    All Documents Concerning any relationship, business or otherwise, between Pacific and You, Emanuel, Marks, and or any other persons or entities Concerning Superman, Superboy, and/or Specter.

28.    All Documents Concerning any negotiations or agreements between Pacific and You, Emanuel, Marks, and or any other persons or entities Concerning Superman, Superboy, and/or Spectre.

29.    All Documents Concerning any communications between You and Emanuel, Marks, and or any other persons or entities Concerning Superman, Superboy and/or Spectre.

**EXHIBIT 38**
**829**

30.     All Documents Concerning any relationship, business or otherwise, between You and Marks, Emanuel, and or any other persons or entities Concerning Superman, Superboy, and/or Spectre.

31.     All Documents Concerning any negotiations or agreements between You and Marks, Emanuel, and or any other persons or entities Concerning Superman, Superboy, and/or Spectre.

32.     All Documents Concerning any communications between Emanuel and Marks, and or any other persons or entities Concerning Superman, Superboy and/or Spectre.

33.     All Documents Concerning any relationship, business or otherwise, between You and Marks, and or any other persons or entities Concerning Superman, Superboy, and/or Spectre.

34.     All Documents Concerning any negotiations or agreements between You and Marks, and or any other persons or entities Concerning Superman, Superboy, and/or Spectre.

35.     All Documents Concerning any communications between You and any other person or entity Concerning Superman, Superboy and/or Spectre.

36.     All Documents Concerning any communications between or among any persons or entities other than Plaintiffs, Defendants, the Shuster Representatives, Michael Siegel, Dennis Larson, Emanuel, Pacific, Smashbox, You, IPW, or Marks Concerning Superman, Superboy and/or Spectre.

37.     All Documents Concerning any relationship, business or otherwise, between or among any persons or entities other than Plaintiffs, Defendants, the Shuster

**EXHIBIT 38**
**830**

Representatives, Michael Siegel, Dennis Larson, Emanuel, Pacific, Smashbox, You,

IPW, or Marks Concerning Superman, Superboy, and/or Spectre.

38.    All Documents Concerning any negotiations or agreements between or

among any persons or entities other than Plaintiffs, Defendants, the Shuster

Representatives, Michael Siegel, Dennis Larson, Emanuel, Pacific, Smashbox, You,

IPW, or Marks Concerning Superman, Superboy, and/or Spectre.

39.    All Documents Concerning any valuation of any historical, current, or

potential ownership interest in Superman and/or Superboy.

40.    All Documents Concerning the letter of agreement dated August 1, 1992,

signed by Paul Levitz, Frank Shuster, and Jean Shuster Peavy.

41.    All Documents Concerning the October 19, 2001 Letter.

42.    All Documents Concerning the October 26, 2001 Letter

43.    All Documents Concerning the Long Form Agreement.

44.    All Documents Concerning the September 21, 2002 Letter.

45.    All Documents Concerning the "redraft of the February 4, 2002 document

which you sent to us on July 15, 2002" referenced in the September 21, 2002.

46.    All Documents Concerning the Draft Long Form Agreement.

47.    All Documents Concerning the IPW Documents.

48.    All Documents Concerning any August 7, 2002 conference call between

You and Emanuel and/or Marks.

49.    All phone logs Concerning any phone calls, telephone conferences,

meetings, and/or other communications between You and Plaintiffs, or either of them,

Defendants, or any of them, the Shuster Representatives or any of them, Michael Siegel,

**EXHIBIT 38**
**831**

Dennis Larson, Pacific, Smahsbox, Emanuel, Marks, IPW, and/or any other persons or entities Concerning Superman, Superboy, and/or Spectre.

50.     All calendars Concerning any phone calls, telephone conferences, meetings, and/or other communications between You and Plaintiffs, or either of them, Defendants, or any of them, the Shuster Representatives or any of them, Michael Siegel, Dennis Larson, Pacific, Smahsbox, Emanuel, Marks, IPW, and/or any other persons or entities Concerning Superman, Superboy, and/or Spectre.

51.     All notes Concerning any phone calls, telephone conferences, meetings, and/or other communications between You and Plaintiffs, or either of them, Defendants, or any of them, the Shuster Representatives or any of them, Michael Siegel, Dennis Larson, Pacific, Smahsbox, Emanuel, Marks, IPW, and/or any other persons or entities Concerning Superman, Superboy, and/or Spectre.

52.     All memoranda Concerning any phone calls, telephone conferences, meetings, and/or other communications between You and Plaintiffs, or either of them, Defendants, or any of them, the Shuster Representatives or any of them, Michael Siegel, Dennis Larson, Pacific, Smahsbox, Emanuel, Marks, IPW, and/or any other persons or entities Concerning Superman, Superboy, and/or Spectre.

**EXHIBIT 38**
**832**

# EXHIBIT 39

1

1              UNITED STATES DISTRICT COURT

2          FOR THE CENTRAL DISTRICT OF CALIFORNIA

3

4    JOANNE SIEGEL,              )
     LAURA SIEGEL LARSON         )        COPY
5                                )
                   Plaintiffs,   )
6                                )
         v.                      )  CASE NO. CV 04-8400
7                                )            CV 04-8776
     WARNER BROS, et al.         )
8                                )
                   Defendants.   )
9

10

11

12

13          DEPOSITION OF JEAN ADELE PEAVY
              November 11, 2006
14                1:26 p.m.
              317 Paseo de Peralta
15            Santa Fe, New Mexico

16

17       PURSUANT TO THE FEDERAL RULES OF CIVIL
     PROCEDURE, this deposition was:

18
     TAKEN BY:   MR. PATRICK PERKINS
19                Attorney for the Defendants

20

21

22   REPORTED BY:   MABEL JIN CHIN, NM CCR #81
                    Bean & Associates, Inc.
23                  Professional Court Reporting Service
                    500 Marquette, Northwest, Suite 280
24                  Albuquerque, New Mexico 87102

25   (3520B) MC

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 820-6349



BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

**EXHIBIT 39**
**833**

25

1  payments were made to you instead of to your brother?

2      A.    Yes.

3      Q.    Were they, in fact, made to you?

4      A.    Uh-huh.

5            MR. TOBEROFF:  Wait a moment for me to

6  object.

7            THE WITNESS:  Okay.

8            MR. TOBEROFF:  Also, let him finish the

9  question before you answer --

10           THE WITNESS:  Okay.

11           MR. TOBEROFF:  -- even though you think you

12  know what he is asking --

13           THE WITNESS:  Okay.

14           MR. TOBEROFF:  -- let him finish the

15  question.

16           THE WITNESS:  Uh-huh.

17           MR. TOBEROFF:  You are doing fine.

18           THE WITNESS:  Uh-huh.

19           (Exhibit 16 marked.)

20           THE WITNESS:  Okay.

21     Q.    (By Mr. Perkins)  All right.  I have had the

22  court reporter mark as Exhibit 16 a two-page

23  document.  I have -- I have copied them together.

24  They really don't go together, I'm sorry about that.

25  Actually, you may even take off the back page.

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 820-6349


BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

EXHIBIT 39
834

26

1        MR. TOBEROFF:  Just the page 1 we should

2    keep?

3        MR. PERKINS:  Yes.

4        MR. TOBEROFF:  I'll do it for you.

5        THE WITNESS:  All right.

6        MR. PERKINS:  The other one doesn't -- it's

7    not very --

8    Q.    (By Mr. Perkins)  Did you -- is this your

9    signature at the bottom of the page?

10   A.    Yes.  Uh-huh.

11   Q.    Did you review this document before you

12   signed it?

13   A.    I probably glanced at it, yes.

14   Q.    Now, in the agreement, the second full

15   paragraph, the last sentence says, quote, "In any

16   event, you now grant to us any such rights and release

17   us" -- let me try that again.

18        "In any event, you now grant to us any such

19   rights and release us, our licensees and all others

20   acting with our permission, and covenant not to assert

21   any claim of right, by suit or otherwise, with respect

22   to the above, now and forever."

23        In the following paragraph it states, and I

24   quote, "If, despite the terms of this agreement,

25   either of you assert any such claim of right, for any

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 820-6349


BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

**EXHIBIT 39**
**835**

27

1  reason, you agree to refund to us, upon the making of

2  any such assertion, all amounts previously paid to you

3  hereunder, and we will have no obligation to make any

4  further payments under this agreement," period, closed

5  quote.  Do you see that?

6      A.   Yes.

7      Q.   Do you remember reading that when you signed

8  this document?

9      A.   I probably read it but I -- you know, I was

10  -- I was listening to my brother Frank at the time, so

11  I wasn't paying much attention.  I was depending upon

12  him to, you know, tell me if I should sign it.  So --

13     Q.   Do you have an understanding as to what this

14  second to last paragraph means?

15         MR. TOBEROFF:  Calls for a legal conclusion.

16  You can answer.

17     A.   Yes.  I -- I don't -- I don't have any claim

18  if that's what -- yes.

19     Q.   Well, the first sentence of the second to

20  the last paragraph says that if either of you assert

21  any such claim of right for any reason, you agree to

22  refund to us, upon the making of any such assertion,

23  all amounts previously paid to you hereunder.  Do you

24  see that?

25     A.   Yes.

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 820-6349


BEAN
&ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

**EXHIBIT 39**
**836**

28

```
 1       Q.   Now, to your knowledge, had you made any

 2  claim to --

 3       A.   Huh-uh.

 4       Q.   -- own or to be able to recapture the

 5  copyrights of your brother, Joseph Shuster?

 6            MR. TOBEROFF:  Objection, calls for a legal

 7  conclusion, vague and ambiguous.  You can answer the

 8  question if you understand it.

 9       A.   Yes.  No, I haven't made any claim.

10       Q.   Are you aware as to whether or not the

11  estate of your brother has made any claim?

12       A.   My son handles everything legal, so I

13  don't -- I don't know what's going on there.

14       Q.   Okay.

15            (Exhibit 17 marked.)

16       Q.   I have asked the court reporter to mark as

17  Exhibit 17 the document, one-page document appears to

18  be a letter that bears Bates number 53 on it.

19       A.   Uh-huh.  Um.  Okay.  I remember that.

20       Q.   Did you -- is this -- did you write this

21  letter?

22       A.   Uh-huh.

23       Q.   And this is your signature at the bottom?

24       A.   Yes.  Yes.

25       Q.   Do you have regular contact with Joanne
```

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 820-6349


BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

**EXHIBIT 39**
**837**

38

1              UNITED STATES DISTRICT COURT

2         FOR THE CENTRAL DISTRICT OF CALIFORNIA

3

4  JOANNE SIEGEL,              )
   LAURA SIEGEL LARSON         )
5                              )
                  Plaintiffs,  )
6                              )
        v.                     ) CASE NO. CV 04-8400
7                              )           CV 04-8776
   WARNER BROS, et al.         )
8                              )
                  Defendants.  )
9

10       CERTIFICATE OF COMPLETION OF DEPOSITION

11     I, MABEL JIN CHIN, New Mexico CCR #81, DO HEREBY
   CERTIFY that on November 11, 2006, the deposition of
12 JEAN ADELE PEAVY was taken before me at the request
   of, and sealed original thereof retained by:
13
             Attorney for the Defendants
14           PERKINS LAW OFFICE, P.C.
             1711 Route 9D
15           Cold Spring, New York 10516
             BY:  MR. PATRICK PERKINS
16
       I FURTHER CERTIFY that copies of this certificate
17 have been mailed or delivered on _____, with
   changes, if any, by the witness appended, to the
18 following counsel of record and parties not
   represented by counsel:
19
             Attorney for the Plaintiffs
20           MR. MARC TOBEROFF
             2049 Century Park East, #2720
21           Los Angeles, California 90067

22     I FURTHER CERTIFY that examination of this
   transcript and signature of the witness were requested
23 by the witness and all parties present.

24     On _____, a letter was mailed or
   delivered to Mr. Toberoff regarding obtaining
25 signature of the witness.

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 820-6349



DEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

**EXHIBIT 39**
**838**

39

1      I FURTHER CERTIFY that the recoverable cost of the
original and one copy of the deposition, including
2   exhibits to Mr. Perkins is $_____.

3      I FURTHER CERTIFY that I did administer the oath
to the witness herein prior to the taking of this
4   deposition; that I did thereafter report in
stenographic shorthand the questions and answers set
5   forth herein, and the foregoing is a true and correct
transcript of the proceeding had upon the taking of
6   this deposition to the best of my ability.

7      I FURTHER CERTIFY that I am neither employed by
nor related to nor contracted with (unless excepted by
8   the rules) any of the parties or attorneys in this
case, and that I have no interest whatsoever in the
9   final disposition of this case in any court.

10

11

MABEL JIN CHIN
12   Certified Court Reporter #81
License expires:  12/31/2006

13

14

15

16

17

18

19

20   (3520B) MC
Date taken:  November 11, 2006
21   Proofread by: LR

22

23

24

25

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 820-6349



PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

**EXHIBIT 39**
**839**