Marc Toberoff (State Bar No. 188547)
  mtoberoff@ipwla.com
Keith G. Adams (State Bar No. 240497)
  kgadams@ipwla.com
Pablo D. Arredondo (State Bar No. 241142)
  parredondo@ipwla.com
David Harris (State Bar No. 255557)
  dharris@ipwla.com
TOBEROFF & ASSOCIATES, P.C.
22337 Pacific Coast Highway #348
Malibu, California 90265
Telephone: (310) 246-3333
Fax:       (310) 246-3101

Attorneys for Defendants Mark Warren Peary, as personal representative of the Estate of Joseph Shuster, Jean Adele Peavy, and Laura Siegel Larson, individually and as personal representative of the Estate of Joanne Siegel

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION**

| | |
|---|---|
| DC COMICS,<br><br>               Plaintiff,<br><br>     vs.<br><br>PACIFIC PICTURES CORPORATION; IP WORLDWIDE, LLC; IPW, LLC; MARC TOBEROFF, an individual; MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER; JEAN ADELE PEAVY, an individual; LAURA SIEGEL LARSON, individually and as personal representative of the ESTATE OF JOANNE SIEGEL, and DOES 1-10, inclusive,<br><br>               Defendants. | Case No: CV 10-03633 ODW (RZx)<br><br>Hon. Otis D. Wright II, U.S.D.J.<br>Hon. Ralph Zarefsky, U.S.M.J.<br><br>**DEFENDANTS' EVIDENTIARY OBJECTIONS TO PLAINTIFF'S STATEMENT OF GENUINE ISSUES RE: DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>*Reply Memorandum; Reply to Statement of Genuine Issues; Responses to Evidentiary Objections; Objection to Rule 56(d) Declaration; and Reply Declaration of Keith G. Adams filed concurrently herewith*<br><br>Complaint filed:  May 14, 2010<br>Discovery Cutoff: None Set<br>Trial Date:       None Set<br><br>Date:  October 15, 2012<br>Time:  1:30 p.m.<br>Place: Courtroom 11 |

Defendants respectfully submit the following Evidentiary Objections to Plaintiff DC Comics' Statement of Genuine Issues of Material Fact:

**Objections to DC's Response to Uncontroverted Fact 3**: DC's statement that the 1938 agreement was "drafted by DC based on the parties' discussions and negotiations" is unsupported by the evidence DC cited. There is no evidence of "negotiations" or of any meaningful back-and-forth between the parties.

**Objections to DC's Response to Uncontroverted Fact 6**: DC's alleged fact that "Peary and Jean believed that Superboy was a 'derivative' of Superman and was co-authored by Siegel and Shuster" is not supported by the cited materials. DC's claim that "Toberoff later induced them [Peary and Jean] fraudulently to disclaim any interest in Superboy" is also not at all supported by DC's citations. It is also inadmissible speculation, argument, and legal conclusion. Fed. R. Evid. 602, 701, 702.

**Objections to DC's Response to Uncontroverted Fact 17**: DC's statement that Shuster and Siegel "left DC in 1947" is unsupported by the cited evidence.

**Objections to DC's Response to Uncontroverted Fact 18**: DC's statement that "Siegel and Shuster, and their heirs, … were given millions of dollars in recognition of Siegel's and Shuster's contributions" is unsupported by the cited evidence. It is also irrelevant since the termination right exists regardless of how much an author and/or heir received prior to termination. Fed. R. Evid. 401.

**Objections to DC's Response to Uncontroverted Fact 31**: DC states that "DC informed Jean and Frank that it believed they had no legal right to terminate under the Copyright Act, but Jean and Frank disputed DC's belief." However, DC provides no evidence to support its contention that "Jean and Frank disputed DC's belief." This statement is also irrelevant. Fed. R. Evid. 401.

DC also states that the "1992 agreement operated to revoke and re-grant all prior grants of Shuster's rights." This, however, is inadmissible speculation, argument, and legal conclusion. Fed. R. Evid. 602, 701, 702. Furthermore, it is

unsupported by the cited evidence, or any evidence whatsoever, as detailed in Defendants' Motion for Partial Summary Judgment.

**Objections to DC's Response to Uncontroverted Fact 34**: DC's statement that "Levitz's declaration and the parties' contemporaneous conduct and correspondence makes clear" the parties' intent regarding the 1992 Agreement is inadmissible speculation, argument, and legal conclusion. Fed. R. Evid. 602, 701, 702. It is also unsupported by the evidence DC cited.

**Objections to DC's Response to Uncontroverted Fact 37**: For the first time, DC contends that it "has long relied on the 1992 Agreement as establishing its ownership of Shuster's copyrights in Superman," and cites in support of this factual assertion the willfully vague Declaration of Damon Bonesteel. The Bonesteel Declaration, however, is inadmissible to prove this alleged fact for a host of reasons.

*First*, the Declaration runs afoul of the best evidence rule because it fails to provide either a copy of the alleged communication with the "foreign government" or an explanation as to why it is not attached. Fed. R. Evid. 1002, 1004; *Groppi v. Barham*, 157 F. App'x 10, 11-12 (9th Cir. 2005) (proper to apply "best evidence rule to exclude … declaration because [party] failed to provide the records upon which the declaration was based and failed otherwise to explain their absence"); *United States v. Bennett*, 363 F.3d 947, 954 (9th Cir. 2004) (other evidence of a writing is admissible only if "the original is shown to be lost, destroyed or otherwise unobtainable").

*Second*, the Declaration is inadmissible hearsay because it purports to describe the contents of an out-of-court communication with a "foreign government." Fed. R. Evid. 801, 802. It is also inadmissible hearsay to the extent that it purports to describe the contents of supposedly similar (albeit non-specified) communications with other parties. *Id.*; *see FTC v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir.1997) ("A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact.").

*Third*, the Declaration is inadmissible because it purports to describe a communication with third parties that should have long ago been disclosed and turned over to Defendants in discovery. On December 13, 2011, Defendant Mark Warren Peary served his First Request for Production to Plaintiff DC Comics, in which he specifically asked DC to produce: (1) "All DOCUMENTS that RELATE to the 1992 AGREEMENT (Request No. 7); (2) "All COMMUNICATIONS with third parties that REFER to the 1992 AGREEMENT" (Request No. 12); (3) "All DOCUMENTS that describe OR explain YOUR chain-of-title to Superman" (Request No. 14). Reply Declaration of Keith Adams, Ex. A. At the same time, Mr. Peary also served his First Set of Interrogatories to Plaintiff DC Comics, in which he specifically asked DC to "IDENTIFY all COMMUNICATIONS between YOU AND any third-party that REFFERRED TO the 1992 AGREEMENT" (Interrogatory No. 5). Declaration of Keith Adams re: Defendants' Motion for Partial Summary Judgment (Docket No.479; "KA"), Ex. ZZ.

DC did not even mention this until now – *nine months* after Mr. Peary first served his discovery requests, and then only in opposition to Defendants' motion for summary judgment.

Even though this vague Declaration is of little value, DC is precluded from relying upon it. *See* Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information …, the party is not allowed to use that information ... to supply evidence on a motion … unless the failure was substantially justified or is harmless…."); *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (noting that Rule 37(c)(1) is a "self-executing", "automatic" sanction) (citations/quotations omitted); *Northwest Pipeline Corp. v. Ross*, 2008 WL 1744617, at \*7, 10-11 (W.D. Wash. Apr. 1, 2008) (excluding evidence under Rule 37(c)(1) because "plaintiff failed to timely produce [the evidence] in response to defendants' request for production"); *White v. De La Osa*, 2011 U.S. Dist. LEXIS 134867 (S.D. Fla. Nov. 22, 2011) (noting that plaintiff would be precluded from using information if it was not included in his

responses to defendant's interrogatories).

The Declaration is also suspect, at best. After improperly *arguing* that "Warner Bros. relied on the 1992 Agreement as an all-encompassing grant of Superman copyrights long before retaining Mr. Petrocelli in 2010," the Declaration provides solely *one* trivial purported example. And this example is far from satisfactory, consisting merely of a vague reference to a supposed "dealing" with an unidentified "foreign government." This "dealing" is conspicuously not attached to the Declaration and no explanation is given by DC as to why it is not attached or of its supposed content, context, or scope.

DC had over a month (from August 20 to September 23, 2012) to prepare its opposition to Defendants' motion. The fact that no such communication was produced to Defendants prior to DC's opposition; that no documentation is attached to DC's Declaration; and that in two decades DC can only come up with this vague undefined example, gives rise to an unavoidable inference that DC does not, in fact, rely on the 1992 Agreement as the foundation of its chain-of-title to Superman.

Given all of the above, the Declaration is entirely unreliable and should not be considered.

**Objection to DC's Response to Uncontroverted Fact 39**: As detailed above, the Declaration of Damon Bonesteel is inadmissible to prove that "years before filing this lawsuit in 2010, Warner Bros. relied upon the 1992 Agreement to establish its ownership of Shuster's Superman copyrights."

**Objection to DC's Response to Uncontroverted Fact 40**: As detailed above, the Declaration of Damon Bonesteel is inadmissible to prove that "years before filing this lawsuit in 2010, Warner Bros. relied upon the 1992 Agreement to establish its ownership of Shuster's Superman copyrights."

**Objection to DC's Response to Uncontroverted Fact 41**: As detailed above, the Declaration of Damon Bonesteel is inadmissible to prove that "years before filing this lawsuit in 2010, Warner Bros. relied upon the 1992 Agreement to establish its

ownership of Shuster's Superman copyrights."

**Objection to DC's Response to Uncontroverted Fact 47**: DC responds that Peary has "chosen not to close the probate matter or distribute the Estate's assets to Jean, as Shuster's will and California law require, because Peary and Toberoff wish to persist in making their improper shell-game argument that the Shuster 'executor' never signed the 1992 Agreement." DC's claim that Mr. Peary could "close the probate matter or distribute the Estate's assets" amounts to inadmissible speculation and argument and is an improper legal conclusion. Fed. R. Evid. 602, 701, 702. It is also unsupported by the cited evidence, which shows that the Estate must remain open because the recovered copyrights cannot be transferred until after the Shuster Termination takes effect in October 26, 2013. *See* Declaration of Keith G. Adams, Ex. FF at 343; 17 U.S.C. § 304(c)(6)(D). DC's statement is therefore inadmissible to refute Defendants' uncontroverted fact.

**Objections to DC's Response to Uncontroverted Fact 48**: DC responds that "Peary has no 'power' to terminate." This response amounts to inadmissible speculation, argument, and legal conclusion. Fed. R. Evid. 602, 701, 702. It is also unsupported by the cited evidence. It is therefore inadmissible to refute Defendants' uncontroverted fact.

**Objections to DC's Response to Uncontroverted Fact 49:** DC states that the "Shuster Termination does not seek to terminate the grants contained in the 1948 Judgment and the 1992 Agreement." To the extent that this statement implies that the Judgment and Agreement were in fact copyright grants, the statement is inadmissible speculation, argument, and legal conclusion. Fed. R. Evid. 602, 701, 702. It is also unsupported by the cited evidence. Indeed, in the closely-related *Siegel v. Warner Bros. Entertainment, Inc.*, 542 F. Supp. 2d 1098, 1131-32 (C.D. Cal. 2008), the Court held that the 1948 Consent Judgment need not be included in a Superman termination notice, and DC did not appeal that ruling.

**Objections to DC's Response to Uncontroverted Fact 52**: DC claims that

"the Shuster Termination lists the stated information and that any works not listed were purposely omitted by defendants." However, DC offers no evidence to support its factual claim that any works not listed were purposely omitted.

**Objections to DC's Response to Uncontroverted Fact 82**: DC responds that "[s]ince Magistrate Judge Zarefsky ruled in May 2011, new facts have emerged that disprove Toberoff's false assertions to Judges Larson and Zarefsky [about the 2008 Consent Agreement], and defendants have selectively disclosed information about the agreement that reveal many of its contents." This response is both vague and false (as set forth in Defendants' concurrently-filed Objection to Daniel Petrocelli's Rule 56(d) Declaration), and amounts to inadmissible speculation, argument, and legal conclusion. Fed. R. Evid. 602, 701, 702. It is therefore inadmissible to refute Defendants' uncontroverted fact.

**Objections to DC's Response to Uncontroverted Fact 54**: DC states that the "Shuster Termination does not seek to terminate the grant contained in the 1948 Consent Judgment." To the extent that this statement implies that the Judgment was a copyright grant, it is indadmissible speculation, argument and legal conclusion. Fed. R. Evid. 602, 701, 702. It is also unsupported by the cited evidence. As noted above, the Court held in *Siegel*, 542 F. Supp. 2d at 1131-32, that the 1948 Consent Judgment need not be included in a Superman termination notice, and DC did not appeal that ruling.

**Objections to DC's Response to Uncontroverted Fact 81**: DC's claim that Defendants' "choice affirmatively to discuss the contents of the [2008 Consent Agreement] and use facts about it as a sword constitutes a waiver" is inadmissible speculation, argument, and legal conclusion. Fed. R. Evid. 602, 701, 702. It is also unsupported by the cited evidence.

**Objections to DC's Response to Uncontroverted Fact 82**: DC's statement that "[s]ince Magistrate Judge Zarefsky ruled in May 2011, new facts have emerged that disprove Toberoff's false assertions to Judges Larson and Zarefsky, and

defendants have selectively disclosed information about the agreement that reveal many of its contents" is inadmissible speculation, argument, and legal conclusion. Fed. R. Evid. 602, 701, 702. It is also unsupported by the cited evidence.

**Objections to DC's Statement of Genuine Issues 1**: DC claims "[a] 1940 script that defendants say features the first appearance of Superboy contains the joint byline: 'By Jerry Siegel and Joe Shuster.'" To the extent DC offers this out-of-court writing to argue that Siegel and Shuster actually "co-created" Superboy (contrary to the findings of fact in the 1947 action) it is inadmissible hearsay. Fed. R. Evid. 801, 802.

**Objections to DC's Statement of Genuine Issues 6**: DC claims "'[i]n 1972 and 1973, Jerry Siegel and Joe Shuster filed copyright renewal notices identifying Superboy as their joint creation.'" DC mischaracterizes the evidence, which did not "identify" "Superboy" as the joint creation of Siegel and Shuster. Furthermore, the the renewal notices DC cites were held to be invalid. *Siegel v. Nat'l Periodical Publications, Inc.*, 508 F.2d 909 (2d Cir. 1974). To the extent DC offers this out-of-court writing to argue that Siegel and Shuster actually "co-created" Superboy (contrary to the findings of fact in the 1947 action) it is also inadmissible hearsay. Fed. R. Evid. 801, 802.

**Objections to DC's Statement of Genuine Issues 7**: DC claims that "[i]n 1982, Siegel's widow Joanne sent a letter to DC stating: 'It's no mystery who the creators were in Jerry and Joe's case. Not only of Superman, but Superboy and other comics." DC mischaracterizes this evidence, which is consistent with Siegel being the sole creator of Superboy. To the extent DC offers this out-of-court writing to argue that Siegel and Shuster actually "co-created" Superboy (contrary to the findings in the 1947 action) it is inadmissible hearsay. Fed. R. Evid. 801, 802.

**Objections to DC's Statement of Genuine Issues 14**: DC claims that "[w]ithout receiving any independent legal advice, conducting any factual investigation, or consulting with Jean, Peary agreed to disclaim any interest in

1  Superboy, and defendants amended the 2001 Pacific Pictures Agreement to delete all
2  reference to 'Superboy' and redefine the Shusters' putative rights as including only
3  'Superman.'" This statement is unsupported by the evidence DC cites.

5  Dated:  October 1, 2012      RESPECTFULLY SUBMITTED,
                                /s/ Marc Toberoff
                                _____
                                TOBEROFF & ASSOCIATES, P.C.
                                Attorneys for Defendants Mark Warren Peary *et al.*