Marc Toberoff (State Bar No. 188547)
 mtoberoff@ipwla.com
Keith G. Adams (State Bar No. 240497)
 kgadams@ipwla.com
Pablo D. Arredondo (State Bar No. 241142)
 parredondo@ipwla.com
David Harris (State Bar No. 255557)
 dharris@ipwla.com
TOBEROFF & ASSOCIATES, P.C.
22337 Pacific Coast Highway #348
Malibu, California 90265
Telephone: (310) 246-3333
Fax:          (310) 246-3101

Attorneys for Defendants Mark Warren Peary, as personal representative of the Estate of Joseph Shuster, Jean Adele Peavy, and Laura Siegel Larson, individually and as personal representative of the Estate of Joanne Siegel

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION**

| | |
|---|---|
| DC COMICS,<br><br>          Plaintiff,<br><br>   vs.<br><br>PACIFIC PICTURES CORPORATION; IP WORLDWIDE, LLC; IPW, LLC; MARC TOBEROFF, an individual; MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER; JEAN ADELE PEAVY, an individual; LAURA SIEGEL LARSON, individually and as personal representative of the ESTATE OF JOANNE SIEGEL, and DOES 1-10, inclusive,<br><br>          Defendants. | Case No: CV 10-03633 ODW (RZx)<br><br>Hon. Otis D. Wright II, U.S.D.J.<br>Hon. Ralph Zarefsky, U.S.M.J.<br><br>**DEFENDANTS' RESPONSE TO DC COMICS' EVIDENTIARY OBJECTIONS RE: DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON FIRST, SECOND AND THIRD CLAIMS FOR RELIEF**<br><br>*Reply Brief; Reply to Statement of Genuine Issues; Evidentiary Objections; Objection to Rule 56(d) Declaration; and Reply Declaration of Keith G. Adams filed concurrently herewith*<br><br>Complaint filed:   May 14, 2010<br>Discovery Cutoff: None Set<br>Trial Date:            None Set<br><br>Date:   October 15, 2012<br>Time:   1:30 p.m.<br>Place:  Courtroom 11 |

RESPONSE TO DC COMICS' EVIDENTIARY OBJECTIONS RE: DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendants respectfully submit the following Responses to DC Comics' Objections to Evidence in Defendants' Statement of Uncontroverted Facts, Declaration, and Exhibits (Docket No. 492; "Objections"):

**Response to DC's Objections to Decl. of Keith Adams ("AD") Exs. F, G, I, K**: DC objects to these exhibits, all of which are articles from either *The New York Times* or *Los Angeles Times*, on the grounds of hearsay, lack of foundation, and lack of personal knowledge. Objections ¶¶16-18. DC does not actually dispute the factual contentions in these articles, but rather the supposed "suggestion[s]" and/or "implication[s]" of them. *See* Reply to DC Comics' Statement of Genuine Issues of Material Fact ("RUF"), ¶¶3, 12-15. Moreover, DC relied upon similar newspaper articles in its own motion for partial summary judgment. *See* Docket No. 459, Ex. 7.

**Response to DC's Objections to AD Exs. J, W, BB**: These three exhibits are (1) an October 10, 1980 Agreement between DC Comics, on the one hand, and Swampfilms, Inc., on the other (Exhibit J), (2) a December 18, 1998 Agreement between Warner Bros., on the one hand, and Hasbro, Inc. and Hasbro International, Inc., on the other (Exhibit W), and (3) a December 2, 2002 Agreement between Warner Bros., on the one hand, and Edgar Rice Burroughs, Inc., on the other. (Exhibit BB).

DC raises various arguments as to why these contracts are purportedly inadmissible to show that the 1992 Agreement (AD Ex. O) does not even remotely resemble customary industry copyright assignments, but each argument is flawed. *See* Objections ¶35; RUF ¶35.

DC's claim that the three contracts lack foundation or are otherwise inauthentic is without merit. Objections ¶35. In the closely-related *Siegel* litigation, it was DC, and its parent-company Warner Bros., that first produced these documents and thereafter introduced them as exhibits at trial, as evidenced by their Bates numbers preceded by "WB" or "DCC." AD Exs. J, W, BB; *see Siegel,* C.D. Cal. Case No. 04-CV-0840 ODW (RZx), Docket No. 436 (Joint Pre-Trial Exhibit Stipulation) at 43

(DC Comics-Swampfilms, Inc.) 51 (Warner Bros.-Edgar Rice Burroughs, Inc.) 52 (Warner Bros.-Hasbro).  The exhibits have therefore been properly authenticated and may be admitted into evidence.  *See Orr v. Bank of Am.*, 285 F.3d 764, 777 n.20 (9th Cir. 2002) ("Authentication can also be accomplished through judicial admissions such as … production of items in response to … [a] discovery request" or "when offered by the party-opponent") (quotations/citations omitted); *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1020 (rejecting argument that "documents produced by [party] in another lawsuit were erroneously admitted because they were not properly authenticated").

Contrary to DC's Objections (¶35), the issue is not whether a short statement can ever transfer ownership of a copyright, but, whether the 1992 Agreement did so.  Under New York law, such evidence of industry custom and practice would be admissible, *see Travelers Indem. Co. v. Scor Reinsurance Co.*, 62 F.3d 74, 78 (2d Cir. 1995), and it gives rise to a legitimate inference that the 1992 Agreement did not transfer ownership of a copyright because if DC considered the 1992 Agreement to be its chain-of-title to the original Superman copyrights, then DC's counsel would *never* have drafted the document in this vague, perfunctory fashion.

DC's argument that the contracts are "irrelevant" is therefore wrong.  Objections ¶35.  So too is DC's argument that the contracts are inadmissible habit or character evidence, since Defendants legitimately introduce them to show industry custom and practice.  *Id.*

**Response to DC's Objections to AD Ex. T**:  Exhibit T is a February 29, 1996 Thompson & Thompson Copyright Research Report.

At the outset, DC's Objections are largely moot because DC does not really dispute that it chose not to file the 1992 Agreement as a copyright assignment with the Copyright Office, and effectively admits by implication that it did not.

It should also be noted that DC offers as evidence its own Thompson & Thompson Copyright Research Report regarding Superman.  Declaration of Daniel

2
RESPONSE TO DC COMICS' EVIDENTIARY OBJECTIONS RE: DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Petrocelli (Docket No. 493), Ex. 24.

DC nevertheless repeatedly objects that this exhibit is inadmissible hearsay. *See* Objections ¶¶15, 36-37, 39-41. However, apart from one arguable instance (RUF ¶36), Defendants do not rely upon the exhibit for the truth of the matter asserted. Rather, Defendants rely upon the exhibit to show that a third-party company hired by Defendants and specializing in Copyright Office research was unable to locate or find any evidence of such recordation of the 1992 Agreement.

This fact is independently relevant because the recordation of a copyright transfer or grant with the Copyright Office is meant to "give[] all persons constructive notice of the facts stated in the recorded document…." 17 U.S.C. § 205(c). That a company specializing in copyright research was unable to gain this constructive notice about the 1992 Agreement supports Defendants' contention that DC has never relied upon or treated the 1992 Agreement as its key assignment of Shuster's valuable Superman copyrights, as DC now conveniently argues.

DC also repeatedly objects that this exhibit is inadmissible character evidence. Objections ¶¶15, 36-37, 39-41. Again, apart from one arguable instance (RUF ¶36), Defendants do not rely upon this exhibit to show DC's practices.

**Response to DC's Objections to AD Ex. HH**: Exhibit HH is a letter from Paul Levitz to Jean Peavy and Mark Warren Peary, dated April 28, 2005.

DC objects that this is "a settlement offer, which is inadmissible for the use defendants seek to make of it" under Fed. R. Evid. 408. *See* Objections at 9-10.

"Rule 408 … has limits." *Master-Halco, Inc. v. Scillia, Dowling & Natarelli, LLC*, 739 F. Supp. 2d 125, 130 (D. Conn. 2010). Evidence regarding settlement negotiations is not admissible to prove liability, but it is admissible "for another purpose." Fed. R. Evid. 408; *Trebor Sportswear Co. v. Limited Stores, Inc.*, 865 F.2d 506, 510 (2d Cir. 1989) ("Evidence of an offer to compromise though otherwise barred by Rule 408, can fall outside the Rule if it is offered for 'another purpose'….").

1  Here, Defendants cite to Levitz's letter not to prove liability or the absence of
2  liability, but to show that in addressing the 2003 Shuster Termination in its April 28,
3  2005 letter to Jean Peavy and to Mark Warren Peary (the Shuster Executor), DC did
4  not argue that the 1992 Agreement barred the Shuster Termination, or even mention
5  the 1992 Agreement as relevant to the termination.

6  Moreover, DC should not be heard to complain because it used its 2005 letter
7  as an exhibit at both Mark Warren Peary's and Jean Peavy's depositions and
8  questioned them about it.  Docket No. 305-51 at 1747:14-21; Docket No. 305-59 at
9  2113:25-2114:2, 2115:1-2.  DC should also not be heard to complain because it
10 previously put the Shuster Executor's settlement response to DC's 2005 letter into
11 evidence arguing, as Defendants do here, that it was proper to do so under Rule 408
12 because the response letter was not offered to show liability.  Docket No. 93-4.

Dated: October 1, 2012        RESPECTFULLY SUBMITTED,

/s/ Marc Toberoff

TOBEROFF & ASSOCIATES, P.C.
Attorneys for Defendants Mark Warren Peary *et al.*