Marc Toberoff (State Bar No. 188547)
 mtoberoff@ipwla.com
Keith G. Adams (State Bar No. 240497)
 kgadams@ipwla.com
Pablo D. Arredondo (State Bar No. 241142)
 parredondo@ipwla.com
David Harris (State Bar No. 255557)
 dharris@ipwla.com
TOBEROFF & ASSOCIATES, P.C.
22337 Pacific Coast Highway #348
Malibu, California 90265
Telephone:    (310) 246-3333
Fax:           (310) 246-3101

Attorneys for Defendants Mark Warren Peary, as personal representative of the Estate of Joseph Shuster, Jean Adele Peavy, and Laura Siegel Larson, individually and as personal representative of the Estate of Joanne Siegel

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION**

| | |
|---|---|
| DC COMICS,<br><br>  Plaintiff,<br><br>  vs.<br><br>PACIFIC PICTURES CORPORATION; IP WORLDWIDE, LLC; IPW, LLC; MARC TOBEROFF, an individual; MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER; JEAN ADELE PEAVY, an individual; LAURA SIEGEL LARSON, individually and as personal representative of the ESTATE OF JOANNE SIEGEL, and DOES 1-10, inclusive,<br><br>  Defendants. | Case No: CV 10-03633 ODW (RZx)<br><br>Hon. Otis D. Wright II, U.S.D.J.<br>Hon. Ralph Zarefsky, U.S.M.J.<br><br>**DEFENDANTS' OBJECTION TO RULE 56(d) DECLARATION OF DANIEL PETROCELLI RE: DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON FIRST, SECOND AND THIRD CLAIMS FOR RELIEF**<br><br>*Reply Brief; Reply to Statement of Genuine Issues; Evidentiary Objections; Responses to Evidentiary Objections; and Reply Declaration of Keith G. Adams filed concurrently herewith*<br><br>Complaint filed:   May 14, 2010<br>Discovery Cutoff: None Set<br>Trial Date:        None Set<br><br>Date:   October 15, 2012<br>Time:   1:30 p.m.<br>Place:  Courtroom 11 |

OBJECTION TO RULE 56(d) DECLARATION RE: DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

As acknowledged in the Declaration of Daniel M. Petrocelli (Docket No. 493; "Declaration" or "PD"), lead counsel for plaintiff DC Comics ("DC"), a party may only obtain a continuance under Fed. R. Civ. P. 56(d) (formerly 56(f)) if it has "diligently pursued its previous discovery opportunities." PD ¶4; *Byrd v. Guess*, 137 F.3d 1126, 1135 (9th Cir. 1998); *see also Roberts v. McAfee, Inc.*, 660 F.3d 1156, 1169 (9th Cir. 2011). However, DC has neither met that requirement nor the second requirement for a Rule 56(d) continuance – namely, that the party "'show how allowing additional discovery would have precluded summary judgment.'" *Natural Res. Def. Council v. Houston*, 146 F.3d 1118, 1133 (9th Cir. 1998) (citation omitted).

A Rule 56(d) affidavit must contain more than mere "conclusory statements" that "discovery is incomplete" or that further discovery is supposedly of "'critical importance.'" *International Surplus Lines Ins. Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 905 (10th Cir. 1995). Rather, ***"[it] must state with specificity why extra time is needed and how the additional time and material will rebut"*** the relevant motion for summary judgment. *Id*. (emphasis added). DC does not meet these requirements.

### A. DC Misrepresents The Discovery Record

1. The Declaration admits that DC has already "served hundreds of discovery requests, deposed a number of witnesses, and … file[d] well over 20 discovery motions." PD ¶5. In other words, DC has had ample opportunity to take discovery in this case *for over two years*, and has actively engaged in discovery, including the depositions of the three central defendants, Marc Toberoff, Laura Siegel Larson and Mark Warren Peary, as well as third-parties such as Dawn Peavy (Mr. Peary's sister) and Don Bulson (Michael Siegel's former attorney), as set forth below. *See* PD Ex. 3; Paragraph 2, *infra*; *Byrd*, 137 F.3d at 1135 (affirming denial of Rule 56(f) request where non-movant had "many months to complete discovery").

2. The Declaration fails to mention that DC has also had the benefit of many years of discovery in the closely-related *Siegel* cases that were filed in **2004**

(*Siegel v. Warner Bros. Entertainment, Inc.*, 04-CV-8400-ODW (RZx); 04-CV-08776 ODW (RZx)), including extensive depositions of the same witnesses Jean Peavy, Mark Warren Peary, Joanne Siegel (now deceased), Laura Siegel Larson, their current attorney, Marc Toberoff, their former attorney, Kevin Marks, on most of the subjects and issues in this case. In fact, Magistrate Judge Zarefsky noted "[f]rom a realistic standpoint, the present case is so closely related as to be considered properly part of the same case as *Siegel*." Docket No. 209 at 4. Between these three cases, Defendants have produced many thousands of pages of documents, and DC has deposed Marc Toberoff twice, Mark Warren Peary twice, Laura Siegel Larson thrice, Jean Peavy and Joanne Siegel once, Dawn Peavy twice, Kevin Marks and Ari Emanuel, in addition to numerous other witnesses. *See* PD Ex. 3; AD Ex. II, LL, JJ, SS, TT; Docket Nos. 47-9, 305/308-14, 305/308-17, 305/308-24, 305/308-37, 305/308-51, 305/308-52, 305/308-53, 305/308-59, 377.

3. The Declaration falsely asserts that "discovery in this case was largely stalled while the parties litigated … privilege over the Toberoff Timeline documents." PD ¶8.

    a. Magistrate Zarefsky stayed only the production of the stolen Timeline documents pending appeal. Docket No. 262. DC complains that Defendants "delayed producing the [stolen] documents" (PD ¶10), when they simply exercised their right to appeal. And DC could well have requested the Ninth Circuit to expedite that appeal under Ninth Circuit Rule 27-12, but failed to do so.

    b. While this stay was in effect, DC took substantial discovery, as evidenced by the ***eleven discovery motions*** it filed, most containing multiple parts and concerning multiple purported issues. Docket Nos. 267, 296, 297, 298, 315, 329, 355, 360, 361, 362, 385.

    c. The Declaration argues that DC chose not "to take a number of depositions of defendants and third party witnesses" pending the ultimate outcome of the dispute over the Timeline documents because "defendants … argued that DC

would only have one chance to depose each witness….” PD ¶9.  The Federal Rules mandate that, absent stipulation or leave of the court, a witness may only be deposed *once* in a case.  Fed. R. Civ. P. 30(a)(2)(A)(ii).  This was a tactical choice by DC.

        d.     DC chose to take the depositions of defendants Laura Siegel Larson and Mark Warren Peary, Dawn Peavy (Mark's sister), and Don Bulson (who represented Michael Siegel) ***before*** the Timeline documents were adjudicated.  Docket Nos. 305/08-24, 305/08-37, 305/08-52, 308-53.

        e.     Moreover, DC has now been in possession of the Timeline documents since early May 2012 (PD ¶12), giving it ample time to depose and re-depose any witnesses, such as Ari Emanuel (a second time) or Kevin Marks (a second time), who DC now claims are essential to its case.  PD ¶11.  However, in the over four months since DC had the Timeline documents, it chose to take but a single deposition.  PD Ex. 3.

        f.     DC made the strategic decision to move for summary judgment (Docket No. 458), rather than take additional discovery, which is difficult to reconcile with DC's sudden claims, after the September 5, 2012 hearing on its motion did not go its way (PD Ex. 2), that discovery is still incomplete after all this time.

        g.     DC's strategic decision to forego certain discovery precludes its use of Rule 56(d).  *See Scosche Industries, Inc. v. Visor Grear, Inc.*, 121 F.3d 675 (Fed. Cir. 1997) (holding that a party who had time to take a deposition but did not do so could not forestall summary judgment).

        h.     The Declaration makes vague accusations that the Timeline documents "further evidence … defendants' misconduct" (PD ¶10) but does not, and cannot, cite any specifics to support that claim.

    4.     The Declaration also falsely claims that discovery was delayed by supposed "efforts to evade and obstruct the discovery process."  PD ¶6.  Defendants have not engaged in any "discovery misconduct," and no court has so held.  In a footnote, DC hurls yet another set of false and inflammatory accusations (PD ¶10

3
OBJECTION TO RULE 56(d) DECLARATION RE: DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

n.1) to which Defendants briefly respond:

  a. DC falsely states that Defendants "withheld" communications between defendant Laura Siegel Larson and her brother Michael Siegel. PD at 3 n.1. Defendants asserted common interest privilege over those communications, which was ***upheld*** on multiple occasions, because both Laura and Michael shared any proceeds from Laura and Joanne Siegel's termination. Docket Nos. 285, 309. A good-faith discovery dispute over the application of privilege does not constitute the improper "withholding" of evidence.

  b. DC falsely states that Defendants "manipulate[ed] privilege logs to conceal non-privileged documents." PD at 3 n.1. Defendants' privilege logs were also *repeatedly* upheld against DC's challenges. Docket Nos. 164, 209, 248.

  c. DC falsely states that Defendants "claim[ed] that responsive documents do not exist," but the only purported example DC cites is a November 2, 2002 letter from Laura to Michael. PD at 3 n.1. DC misquotes Defendants' brief; Defendants truthfully stated that this November letter had not been located in their files. Docket No. 395-1 at 96-97. Ironically demonstrating this, the November letter was not included in the documents stolen from Defendants' files in 2005 and illicitly sent to Warner Bros. When this letter was subsequently discovered in the electronic archive of Michael Siegel's former law firm, it was promptly listed on a privilege log. After a motion regarding the common interest privilege was resolved, the letter was promptly produced to DC. Docket Nos. 394, 412, 427, 451.

 5. In complete contravention of Rule 56(d)'s requirement that an applicant put forth "the facts and specific discovery that will create a genuine issue of material fact" (*Cline v. Indus. Maint. Eng'g & Contracting Co.* 200 F.3d 1223, 1229 (9th Cir. 2000)), DC makes only vague references to the "close to 10 third parties" it supposedly must depose. PD ¶11. **First**, Fed. R. Civ. P. 30(a)(2)(i) limits a party to ten depositions, and DC has already taken five depositions. **Second,** DC nowhere states who these parties are – much less what specific evidence is sought from them

and how that evidence would create an issue of material fact barring summary judgment against DC.  PD ¶11; *Krav Maga Ass'n of Am., Inc. v. Yanilov*, 464 F. Supp. 2d 981, 991 (C.D. Cal. 2006) (denying Rule 56(f) motion where "plaintiffs failed to make clear what facts they intend to elicit from the seven … declarants or how such facts would help the plaintiffs survive summary judgment").

6. The Declaration effectively admits that additional discovery is not necessary in arguing that "the Court could grant summary judgment in DC's favor … for the reasons discussed in DC's opposition to defendants' motion."  PD ¶11. Accordingly, DC's application should be denied because "to justify a continuance under Rule 56(f), the discovery sought must be 'essential' to [DC's] opposition [and DC] concedes that the additional discovery [sought] is not necessary to their opposition on summary judgment." *Asia Econ. Inst. v. Xcentric Ventures, LLC*, 2010 WL 4977054, at *21 (C.D. Cal. July 19, 2010).

7. The Declaration relies on inapposite cases where a party who did not have a chance to obtain discovery made a targeted request for pivotal, non-privileged information – the ***opposite*** of the situation here.  PD ¶¶4, 7; *Burlington N. Santa Fe R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767, 773 (9th Cir. 2003) (continuance where summary judgment motion brought less than a month after filing suit and targeted evidence was "dispositive of [the] pivotal question"); *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 847 (9th Cir. 2001) (ordering limited discovery as to specific scientific issue that expert characterized as "highly probative"); *VISA Int'l Serv. Ass'n v. Bankcard Holders of Am.*, 784 F.2d 1472, 1475 (9th Cir. 1986) (allowing specific discovery of specific documents that were the "most probative evidence" of central issue); *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 245 (4th Cir. 2002) (reversing summary judgment where there had been "almost no discovery conducted").

### B. DC's First Claim for Relief

8. The Declaration insists that there is a "pressing need" to obtain the 2008

Consent Agreement based solely on false *speculation* that it will show a *quid pro quo* between the Shusters and the Siegels regarding Superboy. PD ¶¶12-13, 15-17.

      a.    As DC knows full well, there is no *quid pro quo* whatsoever regarding Superboy. Neither the Shusters, nor the Shuster Estate, have any interest in the Siegels' Superboy termination or separate Superboy litigation (Case No. 04-8776 ODW (RZx)). Mr. Peary and Ms. Larson both testified unequivocally to this. Defendants' Statement of Undisputed Facts (Docket No. 478-1), ¶63; Declaration of Keith Adams re: Defendants' Motion for Partial Summary Judgment, Ex. SS at 502-507, Ex. TT at 513-518. DC is not entitled to a continuance for further discovery. *See SW Traders LLC v. United Specialty Ins. Co.*, 409 Fed. Appx. 96, 98 (9th Cir. 2010) (affirming denial of Rule 56(f) application where party "moved under Rule 56(f) in the hopes that [witnesses] would directly contradict [previous] statements"); *Gemisys Corp. v. Phoenix Am., Inc.*, 186 F.R.D. 551, 566 (N.D. Cal. 1999) (denying Rule 56(f) application where applicant had already deposed witnesses on issues which applicant sought to obtain additional discovery on).

      b.    DC's *repeated* motions to compel discovery of the 2008 Agreement have all been denied. PD ¶13. The 2008 Agreement has been upheld as *privileged* three separate times, first by Judge Larson, then by Magistrate Zarefsky, and finally <u>by this Court</u>. Docket Nos. 163-1 at 724:2-19, 209, 248. DC cannot claim under Rule 56(d) that it requires additional time to take discovery regarding a **privileged** document. *See Bushnell v. Vis Corp.*, 1996 WL 506914, at *9 (N.D. Cal. Aug. 29, 1996) ("Because [plaintiff] may not discover the documents on defendants' privilege log, the court declines to order a continuance of defendants' motion for summary adjudication pursuant to Rule 56(f).").

      c.    The Declaration further argues that DC needs more time to depose witnesses because Defendants "shut down" questions concerning the privileged 2008 Agreement. PD ¶¶13-14, 18. DC is obviously not entitled to deposition testimony on the "contents" of a privileged document. *See Bushnell*, 1996 WL 506914, at *9.

Moreover, the depositions occurred in June-July 2011; DC has had over a year to bring a motion on this topic and has not done so.

   d. The Declaration vaguely asserts that "new facts have emerged" that somehow overcome the privilege, but provides no details or information as to what those "facts" may be or how they could possibly change the outcome of three separate judicial decisions upholding privilege as to the 2008 Agreement.

   e. DC's false speculation does not even support "unclean hands" as DC presents no legally cognizable "unclean hands" theory.  *See* Mot. 19-22.

   f. DC's supposed Superboy "scheme" was initiated in 2002 and "complete[d] … in 2004." Opp. 21-22.  It is unclear how a 2008 agreement regarding settlement negotiations is even relevant.

  9. The Declaration summarily states that DC also needs more time to "further depose Peary and Larson concerning … the Timeline documents", "conclude Toberoff's deposition", "depose representatives for [Toberoff's] three companies, and depose third-party witnesses like J. Todd Harris (Toberoff's former business partner), and Ari Emanuel (Toberoff's former business partner)."  PD ¶18.

   a. As stated above, DC is not entitled to ***two*** full-day depositions of Mr. Peary, Ms. Larson and Mr. Toberoff in this case (in addition to the lengthy depositions in took of these individuals in the closely-related *Siegel* litigations), nor is DC entitled to depose more than ten witnesses.  Fed .R. Civ. P. 30(a)(2)(A)(i)-(ii).

   b. DC has had ample time in the over ***four months*** since the release of the Timeline documents to depose or move to re-depose any witnesses.

   c. In fact, just weeks ago, DC rescheduled the deposition of Mr. Harris from September 2012 to October 2012 – *i.e.,* from before to after the deadline for DC to file its opposition.  Reply Declaration of Keith Adams, Ex. D.

   d. The Declaration does not explain why this discovery is necessary, or how the resulting evidence that could rebut Defendants' motion.  Indeed, the Declaration does not even state that this discovery would do so.  With years of prior

discovery at its disposal DC should not be afforded more time for this sort of "fishing expedition." *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 270 (1968) (denial of 56(f) motion where "additional discovery would be merely a fishing expedition").

### C. DC's Second Claim for Relief

10. As Defendants explain in their motion (Mot. at 22), and as DC implicitly concedes in its opposition (Opp. 1; the claim "presents issues currently before the Ninth Circuit"), DC's arguments about the "scope of any rights to be recaptured by the Shusters' termination" (PD ¶19-20) are squarely precluded by the pending appeal in the closely related *Siegel* case. *Siegel v. Warner Bros. Entertainment, Inc.*, 9th Cir. Appellate Case Nos. 11-55863, 11-56034.

11. The Declaration nevertheless argues that there are "differences between Siegel's and Shuster's employment histories with DC" and that DC requires additional time for discovery on this topic. PD ¶¶21-22. However, DC can point to no material or relevant differences in Siegel's and Shuster's "histories with DC." Furthermore, any such purported "employment" information would already be in DC's possession as Joe Shuster's putative "employer." "A continuance is not justified when all the information and knowledge is already in Plaintiff's possession." *Precision Airmotive Corp. v. Rivera*, 288 F. Supp. 2d 1151, 1154 (W.D. Wash. 2003); *see SEC v. Antar*, 44 Fed. Appx. 548, 554 (3d Cir. 2002) (denial of a Rule 56(f) motion appropriate where party "could have easily obtained [the information] from her husband").

### D. Conclusion

12. As demonstrated above, DC has utterly failed to meet its burden under Rule 56(d). With years of prior discovery available to it, DC cannot be permitted to rely on vague allusions to potential discovery without any explanation of how that discovery might lead to facts sufficient to preclude summary judgment. As a matter of law, the Court should not grant DC's eleventh-hour application for a continuance on Defendants' Motion for Partial Summary Judgment.

| | | |
|---|---|---|
| 1 | Dated: October 1, 2012 | RESPECTFULLY SUBMITTED, |
| 2 | | /s/ Marc Toberoff |
| 3 | | TOBEROFF & ASSOCIATES, P.C. |
| | | Attorneys for Defendants Mark Warren Peary *et al.* |

OBJECTION TO RULE 56(d) DECLARATION RE: DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT