Marc Toberoff (State Bar No. 188547)
  *mtoberoff@ipwla.com*
Keith G. Adams (State Bar No. 240497)
  *kgadams@ipwla.com*
Pablo D. Arredondo (State Bar No. 241142)
  *parredondo@ipwla.com*
David Harris (State Bar No. 255557)
  *dharris@ipwla.com*
TOBEROFF & ASSOCIATES, P.C.
22337 Pacific Coast Highway, #348
Malibu, California, 90265
Telephone:  (310) 246-3333
Fax:           (310) 246-3101

Attorneys for Defendants Mark Warren
Peary, as personal representative of the
Estate of Joseph Shuster, Jean Adele Peavy
and Laura Siegel Larson, individually and
as personal representative of the Estate of
Joanne Siegel

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION**

| | |
|---|---|
| DC COMICS,<br><br>              Plaintiff,<br><br>     vs.<br><br>PACIFIC PICTURES CORPORATION; IP WORLDWIDE, LLC; IPW, LLC; MARC TOBEROFF, an individual; MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER; JEAN ADELE PEAVY, an individual; JOANNE SIEGEL, an individual; LAURA SIEGEL LARSON, an individual, and DOES 1-10, inclusive,<br><br>              Defendants. | Case No: CV 10-03633 ODW (RZx)<br><br>Hon. Otis D. Wright II, U.S.D.J.<br>Hon. Ralph Zarefsky, U.S.M.J.<br><br>**REPLY DECLARATION OF KEITH G. ADAMS IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON FIRST, SECOND AND THIRD CLAIMS FOR RELIEF**<br><br>*Reply Brief; Reply to Statement of Genuine Issues; Evidentiary Objections; Responses to Evidentiary Objections; and Objection to Rule 56(d) Declaration filed concurrently herewith*<br><br>Complaint filed:  May 14, 2010<br>Trial Date:       None Set<br><br>Date:      October 15, 2012<br>Time:      1:30 p.m..<br>Place:     Courtroom 11 |

# DECLARATION OF KEITH G. ADAMS

I, Keith G. Adams, declare as follows:

1.      I am an attorney at Toberoff & Associates, P.C., counsel of record for defendants Mark Warren Peary, as personal representative of the Estate of Joseph Shuster, Jean Adele Peavy, and Laura Siegel Larson, individually and as personal representative of the Estate of Joseph Shuster.  I am a member in good standing of the State Bar of California and submit this reply declaration in support of Defendants' Motion For Partial Summary Judgment On First, Second And Third Claims For Relief.

2.      Attached hereto as Exhibit "A" is a true and correct copy of relevant excerpts from Plaintiff DC Comics' Responses to Defendant Mark Warren Peary's First Set of Requests For Production, dated February 17, 2012.

3.      Attached hereto as Exhibit "B" is a true and correct copy of Defendant Marc Toberoff's Amended Response to Plaintiff DC Comics' Second Set of Interrogatories, served on DC on March 26, 2012.

4.      Attached hereto as Exhibit "C" is a true and correct copy of a letter from me to Mr. Petrocelli, dated August 22, 2012.

5.      Attached hereto as Exhibit D is a true and correct copy of an email sent from Jason Tokoro, counsel for DC Comics, to my colleague Pablo Arredondo, dated September 10, 2012

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed on October 1, 2012, in Malibu, California


_____
Keith G. Adams

REPLY DECLARATION OF KEITH G. ADAMS IN SUPPORT OF DEFENDANTS' MOTION FOR
PARTIAL SUMMARY JUDGMENT

1   DANIEL M. PETROCELLI (S.B. #097802)
      dpetrocelli@omm.com
2   MATTHEW T. KLINE (S.B. #211640)
      mkline@omm.com
3   CASSANDRA L. SETO (S.B. #246608)
      cseto@omm.com
4   O'MELVENY & MYERS LLP
    1999 Avenue of the Stars, 7th Floor
5   Los Angeles, CA 90067-6035
    Telephone:  (310) 553-6700
6   Facsimile:   (310) 246-6779

7   PATRICK T. PERKINS (admitted *pro hac vice*)
      pperkins@ptplaw.com
8   PERKINS LAW OFFICE, P.C.
    1711 Route 9D
9   Cold Spring, NY 10516
    Telephone:  (845) 265-2820
10  Facsimile:   (845) 265-2819

11  Attorneys for Plaintiff DC Comics

12              UNITED STATES DISTRICT COURT

13             CENTRAL DISTRICT OF CALIFORNIA

14  DC COMICS,                          Case No. CV 10-3633 ODW (RZx)

15              Plaintiff,              PLAINTIFF DC COMICS'
                                        OBJECTIONS AND RESPONSES
16       v.                             TO DEFENDANT MARK
                                        WARREN PEARY'S FIRST SET
17  PACIFIC PICTURES                    OF REQUESTS FOR
    CORPORATION, IP WORLDWIDE,          PRODUCTION
18  LLC, IPW, LLC, MARC TOBEROFF,
    an individual, MARK WARREN          Hon. Otis D. Wright II
19  PEARY, as personal representative of
    the ESTATE OF JOSEPH SHUSTER,
20  JEAN ADELE PEAVY, an individual,    Complaint Filed:  May 14, 2010
    LAURA SIEGEL LARSON, an             Trial Date:       None Set
21  individual and as personal
    representative of the ESTATE OF
22  JOANNE SIEGEL, and DOES 1-10,
    inclusive,
23
                Defendants.
24

25  PROPOUNDING PARTY:     Mark Warren Peary

26
    RESPONDING PARTY:      DC Comics
27
    SET NUMBER:            One (Nos. 1-68)
28

                                        DC'S OBJS. & RESPS. TO
                                        PEARY'S REQS. FOR PROD. 1-68

1    Responses, the phrase "all COMMUNICATIONS," or phrases of similar import,

2    should be understood to mean those documents DC and its counsel were able to

3    locate using reasonable diligence and reasonable judgment concerning the

4    whereabouts of such documents.

5    　　Subject to and without waiving all foregoing objections, DC has conducted a

6    reasonably diligent search of the documents in the possession, custody, or control

7    of relevant custodians and produces herewith by designation or otherwise all non-

8    privileged, responsive documents.  Given that discovery is ongoing in this case, DC

9    expressly reserves its right to supplement these Responses, if need be, as more

10   information becomes available, and to use in discovery and at trial any information

11   omitted from these Responses as a result of mistake, inadvertence, or oversight.

12   **Request No. 5**

13   　　All COMMUNICATIONS between YOU AND Joseph Shuster.

14   **Response to Request No. 5**

15   　　DC objects to this Request on the grounds that it is indefinite as to time and

16   not reasonably limited in scope.

17   　　DC objects to the definition of "YOU" as vague and overbroad and will

18   respond to this term as limited to the relevant custodians of DC and Warner Bros.

19   Entertainment Inc.  DC objects to the definition of "COMMUNICATIONS" as

20   vague and overbroad and will respond to this term as excluding any documents

21   filed in connection with prior or ongoing litigation.  DC objects to the extent the

22   Request seeks production of "all COMMUNICATIONS" on the ground that such

23   request is overly broad, unduly burdensome, oppressive, and not reasonably

24   calculated to lead to the discovery of admissible evidence.  As used in these

25   Responses, the phrase "all COMMUNICATIONS," or phrases of similar import,

26   should be understood to mean those documents DC and its counsel were able to

27   locate using reasonable diligence and reasonable judgment concerning the

28   whereabouts of such documents.

- 6 -

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

1        Subject to and without waiving all foregoing objections, DC has conducted a

2    reasonably diligent search of the documents in the possession, custody, or control

3    of relevant custodians and produces herewith by designation or otherwise all non-

4    privileged, responsive documents.  Given that discovery is ongoing in this case, DC

5    expressly reserves its right to supplement these Responses, if need be, as more

6    information becomes available, and to use in discovery and at trial any information

7    omitted from these Responses as a result of mistake, inadvertence, or oversight.

8    **Request No. 6**

9        All drafts of the 1992 AGREEMENT.

10   **Response to Request No. 6**

11       DC objects to this Request to the extent that it seeks information protected by

12   the attorney-client privilege, the attorney work product doctrine, or any other

13   applicable privilege or immunity.

14       DC has conducted a reasonably diligent search of the documents in the

15   possession, custody, or control of relevant custodians and produces herewith by

16   designation or otherwise all non-privileged, responsive documents.  Given that

17   discovery is ongoing in this case, DC expressly reserves its right to supplement

18   these Responses, if need be, as more information becomes available, and to use in

19   discovery and at trial any information omitted from these Responses as a result of

20   mistake, inadvertence, or oversight.

21   **Request No. 7**

22       All DOCUMENTS that RELATE to the 1992 AGREEMENT.

23   **Response to Request No. 7**

24       DC objects to this Request on the grounds that it is indefinite as to time and

25   not reasonably limited in scope.  DC further objects to the extent that it seeks

26   information protected by the attorney-client privilege, the attorney work product

27   doctrine, or any other applicable privilege or immunity.

28

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

1   *Siegel* litigations, including every news article reporting on those cases.  DC further

2   objects to the Request to the extent that it seeks communications or items protected

3   by the attorney-client privilege, the attorney work product doctrine, or any other

4   applicable privilege or immunity.

5       DC objects to the definition of "YOU" and will respond to that term as

6   limited to relevant custodians of DC and Warner Bros. Entertainment Inc.  DC

7   objects to the extent the Request seeks production of "all DOCUMENTS" on the

8   ground that such request is overly broad, unduly burdensome, oppressive, and not

9   reasonably calculated to lead to the discovery of admissible evidence, as the

10  definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As

11  used in these Responses, the phrase "all DOCUMENTS," or phrases of similar

12  import, should be understood to mean those documents DC and its counsel were

13  able to locate using reasonable diligence and reasonable judgment concerning the

14  whereabouts of such documents.

15      Subject to and without waiving all foregoing objections, DC has conducted a

16  reasonably diligent search of the documents in the possession, custody, or control

17  of relevant custodians and produces herewith by designation or otherwise all non-

18  privileged, responsive documents.  Given that discovery is ongoing in this case, DC

19  expressly reserves its right to supplement these Responses, if need be, as more

20  information becomes available, and to use in discovery and at trial any information

21  omitted from these Responses as a result of mistake, inadvertence, or oversight.

22  **Request No. 12**

23      All COMMUNICATIONS with third parties that REFER to the 1992

24  AGREEMENT.

25  **Response to Request No. 12**

26      DC objects to this Request on the grounds that it is indefinite as to time and

27  not reasonably limited in scope.  DC further objects to the Request to the extent that

28  it seeks the production of any item, or portion thereof, which is not reasonably

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**Exhibit A**
**5**

1   calculated to lead to the discovery of relevant and admissible evidence.  DC further

2   objects to the Request to the extent that it seeks information protected by the

3   attorney-client privilege, the attorney work product doctrine, or any other

4   applicable privilege or immunity.

5       DC objects to the phrase "COMMUNICATIONS with third parties" as

6   overbroad, as it would include for example, all statements made to the court,

7   mediators, and to the press concerning the 1992 agreement and DC's claims in this

8   case concerning that agreement.  DC objects to the definition of "YOU" as vague

9   and overbroad and will respond to this term as limited to the relevant custodians of

10  DC and Warner Bros. Entertainment Inc.  DC objects to the definition of

11  "COMMUNICATION" as vague and overbroad and will respond to this term as

12  excluding any documents filed in connection with prior or ongoing litigation.  DC

13  objects to the extent the Request seeks production of "all COMMUNICATIONS"

14  on the ground that such request is overly broad, unduly burdensome, oppressive,

15  and not reasonably calculated to lead to the discovery of admissible evidence.  As

16  used in these Responses, the phrase "all COMMUNICATIONS," or phrases of

17  similar import, should be understood to mean those documents DC and its counsel

18  were able to locate using reasonable diligence and reasonable judgment concerning

19  the whereabouts of such documents.  Such phraseology should not be construed as

20  a representation that each and every document in DC's possession has been

21  examined in connection with these Responses or any production pursuant thereto.

22      Subject to and without waiving all foregoing objections, DC refers

23  defendants' attention to its complaint and attached exhibit (Docket No. 49, Docket

24  No. 49 Ex. A), all briefing in this action—including, but not limited to, the briefing

25  and exhibits filed in connection with defendants' Rule 12 and SLAPP motions

26  (Docket Nos. 30, 30-1 to 30-5, 31, 31-1, 31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2,

27  35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to 77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4,

28  81, 89, 90, 91, 92, 93, 94, 94-1 to 94-40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100,

- 13 -

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

1  100-1 to 100-3, 102, 102-1, 103, 103-1, 106, 107, 108, 146, 146-1 to 146-4, 147,

2  147-1 to 147-3, 148, 148-1 to 148-5, 149, 150, 151, 154, 156, 181, 182, 182-1 to

3  182-40, 183, 183-1 to 183-4, 184, 185, 186, 191, 191-1, 192, 192-1 to 192-3, 193,

4  193-1 to 193-2, 194, 195, 195-1, 196, 196-1 to 196-4, 201, 202, 203, 304, 305-1 to

5  305-59, 306 (errata), 307, 308, 312, 312-1 to 312-2, 313, 314, 314-1 to 314-3, 333,

6  333-1 to 333-3, 334, 334-1 to 334-13, 335, 338, 338-1)—and all discovery in this

7  action and the *Siegel* action (*e.g.*, DCC00000001-154435 and WB000001-

8  149488)—including, but not limited to, all deposition testimony in those cases and

9  here.  All of these sources are incorporated by reference herein.

10       Subject to and without waiving all foregoing objections, DC has conducted a

11  reasonably diligent search of the documents in the possession, custody, or control

12  of relevant custodians and produces herewith by designation or otherwise all non-

13  privileged, responsive documents.  Given that discovery is ongoing in this case, DC

14  expressly reserves its right to supplement these Responses, if need be, as more

15  information becomes available, and to use in discovery and at trial any information

16  omitted from these Responses as a result of mistake, inadvertence, or oversight.

17  **Request No. 13**

18       All COMMUNICATIONS with the United States Copyright Office that

19  REFER to the 1992 AGREEMENT.

20  **Response to Request No. 13**

21       DC objects to this Request on the grounds that it is indefinite as to time and

22  not reasonably limited in scope.  DC further objects to the Request to the extent that

23  it seeks the production of any item, or portion thereof, which is not reasonably

24  calculated to lead to the discovery of relevant and admissible evidence.

25       DC objects to the definition of "COMMUNICATION" as vague and

26  overbroad and will respond to this term as excluding any documents filed in

27  connection with prior or ongoing litigation.  DC further objects to the extent the

28  Request seeks production of "all COMMUNICATIONS" on the ground that such

- 14 -

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

1   request is overly broad, unduly burdensome, oppressive, and not reasonably

2   calculated to lead to the discovery of admissible evidence.  As used in these

3   Responses, the phrase "all COMMUNICATIONS," or phrases of similar import,

4   should be understood to mean those documents DC and its counsel were able to

5   locate using reasonable diligence and reasonable judgment concerning the

6   whereabouts of such documents.

7        Subject to and without waiving all foregoing objections, DC has conducted a

8   reasonably diligent search of the documents in the possession, custody, or control

9   of relevant custodians and produces herewith by designation or otherwise all non-

10  privileged, responsive documents.  Given that discovery is ongoing in this case, DC

11  expressly reserves its right to supplement these Responses, if need be, as more

12  information becomes available, and to use in discovery and at trial any information

13  omitted from these Responses as a result of mistake, inadvertence, or oversight.

14  **Request No. 14**

15      All DOCUMENTS that describe OR explain YOUR chain-of-title to

16  Superman.

17  **Response to Request No. 14**

18      DC objects to this Request on the grounds that it is indefinite as to time and

19  not reasonably limited in scope.  DC further objects to the Request to the extent that

20  it seeks the production of any item, or portion thereof, which is not reasonably

21  calculated to lead to the discovery of relevant and admissible evidence.  DC further

22  objects to the Request to the extent that it seeks information protected by the

23  attorney-client privilege, the attorney work product doctrine, or any other

24  applicable privilege or immunity.  DC further objects to this Request on the

25  grounds that it is compound, overbroad, burdensome and oppressive, as it could be

26  reasonably construed to request documents created and/or produced by DC relating

27  to the exploitation of Superman over the past roughly 75 years.

28

- 15 -

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**Exhibit A**

**8**

1     DC objects to the definition of "YOUR" and will respond to that term as

2  limited to relevant custodians of DC and Warner Bros. Entertainment Inc.  DC

3  objects to the extent the Request seeks production of "all DOCUMENTS" on the

4  ground that such request is overly broad, unduly burdensome, oppressive, and not

5  reasonably calculated to lead to the discovery of admissible evidence, as the

6  definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As

7  used in these Responses, the phrase "all DOCUMENTS," or phrases of similar

8  import, should be understood to mean those documents DC and its counsel were

9  able to locate using reasonable diligence and reasonable judgment concerning the

10  whereabouts of such documents.  DC further objects to the phrase "describe OR

11  explain" as overbroad, as this would include for example, news articles discussing

12  DC's or Warner Bros. Entertainment Inc.'s copyright claims in this case or in the

13  related *Siegel* case.

14     Subject to and without waiving all foregoing objections, DC has conducted a

15  reasonably diligent search of the documents in the possession, custody, or control

16  of relevant custodians and produces herewith by designation or otherwise all non-

17  privileged, responsive documents.  Given that discovery is ongoing in this case, DC

18  expressly reserves its right to supplement these Responses, if need be, as more

19  information becomes available, and to use in discovery and at trial any information

20  omitted from these Responses as a result of mistake, inadvertence, or oversight.

21  **Request No. 15**

22     All post-1990 DOCUMENTS, other than pleadings in this lawsuit OR in the

23  SIEGEL LITIGATIONS, that REFER to ANY of Joseph Shuster's copyright grants

24  to YOU.

25  **Response to Request No. 15**

26     DC objects to this Request on the grounds that it is compound, overbroad,

27  burdensome and oppressive, as it could be construed to request documents related

28  to this litigation and the *Siegel* litigations, including news articles reporting on

- 16 -

**Exhibit A**
**9**

1  reasonably calculated to lead to the discovery of admissible evidence, as the

2  definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As

3  used in these Responses, the phrase "all DOCUMENTS," or phrases of similar

4  import, should be understood to mean those documents DC and its counsel were

5  able to locate using reasonable diligence and reasonable judgment concerning the

6  whereabouts of such documents.

7          Subject to and without waiving all foregoing objections, DC refers

8  defendants' attention to its complaint (Docket No. 49), and motion to dismiss

9  briefing (Docket Nos. 333, 333-1 to 333-3, 334, 334-1 to 334-13, 335, 338, 338-1).

10  Subject to and without waiving all foregoing objections, DC has conducted a

11  reasonably diligent search of the documents in the possession, custody, or control

12  of relevant custodians and produces herewith by designation or otherwise all non-

13  privileged, responsive documents.  Given that discovery is ongoing in this case, DC

14  expressly reserves its right to supplement these Responses, if need be, as more

15  information becomes available, and to use in discovery and at trial any information

16  omitted from these Responses as a result of mistake, inadvertence, or oversight.

17  **Request No. 18**

18          All DOCUMENTS, excluding pleadings in this lawsuit, that REFER to the

19  1992 AGREEMENT as a revocation of Joseph Shuster's copyright grants to YOU.

20  **Response to Request No. 18**

21          DC objects to this Request on the grounds that it is indefinite as to time and

22  not reasonably limited in scope.  DC further objects to this Request to the extent

23  that it seeks communications or items protected by the attorney-client privilege, the

24  attorney work product doctrine, or any other applicable privilege or immunity.

25          DC objects to the definition of "YOU" and will respond to that term as

26  limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC

27  objects to the extent the Request seeks production of "all DOCUMENTS" on the

28  ground that such request is overly broad, unduly burdensome, oppressive, and not

- 19 -

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

1  reasonably calculated to lead to the discovery of admissible evidence, as the

2  definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As

3  used in these Responses, the phrase "all DOCUMENTS," or phrases of similar

4  import, should be understood to mean those documents DC and its counsel were

5  able to locate using reasonable diligence and reasonable judgment concerning the

6  whereabouts of such documents.

7       Subject to and without waiving all foregoing objections, DC has conducted a

8  reasonably diligent search of the documents in the possession, custody, or control

9  of relevant custodians and produces herewith by designation or otherwise all non-

10  privileged, responsive documents.  Given that discovery is ongoing in this case, DC

11  expressly reserves its right to supplement these Responses, if need be, as more

12  information becomes available, and to use in discovery and at trial any information

13  omitted from these Responses as a result of mistake, inadvertence, or oversight.

14  **Request No. 19**

15       All DOCUMENTS, excluding pleadings in this lawsuit, that REFER to the

16  1992 AGREEMENT as a re-grant of Joseph Shuster's copyright interests to YOU.

17  **Response to Request No. 19**

18       DC objects to this Request on the grounds that it is indefinite as to time and

19  not reasonably limited in scope.  DC further objects to this Request to the extent

20  that it seeks communications or items protected by the attorney-client privilege, the

21  attorney work product doctrine, or any other applicable privilege or immunity.

22       DC objects to the definition of "YOU" and will respond to that term as

23  limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC

24  objects to the extent the Request seeks production of "all DOCUMENTS" on the

25  ground that such request is overly broad, unduly burdensome, oppressive, and not

26  reasonably calculated to lead to the discovery of admissible evidence, as the

27  definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As

28  used in these Responses, the phrase "all DOCUMENTS," or phrases of similar

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**Exhibit A**
**11**

1    import, should be understood to mean those documents DC and its counsel were

2    able to locate using reasonable diligence and  reasonable judgment concerning the

3    whereabouts of such documents.

4         Subject to and without waiving all foregoing objections, DC refers

5    defendants' attention to its complaint (Docket No. 49), and motion to dismiss

6    briefing (Docket Nos. 333, 333-1 to 333-3, 334, 334-1 to 334-13, 335, 338, 338-1).

7    Subject to and without waiving all foregoing objections, DC has conducted a

8    reasonably diligent search of the documents in the possession, custody, or control

9    of relevant custodians and produces herewith by designation or otherwise all non-

10   privileged, responsive documents.  Given that discovery is ongoing in this case, DC

11   expressly reserves its right to supplement these Responses, if need be, as more

12   information becomes available, and to use in discovery and at trial any information

13   omitted from these Responses as a result of mistake, inadvertence, or oversight.

14   **Request No. 20**

15        All COMMUNICATIONS with third parties, excluding parties to this

16   lawsuit, that REFER to this lawsuit OR to ANY of the SIEGEL LITIGATIONS

17   (excluding pleadings filed in this lawsuit OR in ANY of the SIEGEL

18   LITIGATIONS).

19   **Response to Request No. 20**

20        DC objects to this Request on the grounds that it is indefinite as to time and

21   not reasonably limited in scope.  DC further objects to the Request in that does not

22   appear calculated to lead to the discovery of admissible evidence relevant to any

23   claim or defense in this action.

24        DC objects to the phrase "COMMUNICATIONS with third parties" as

25   overbroad, as it would include for example, all statements made to the court,

26   mediators and to the press concerning this case or the *Siegel* litigation.  DC objects

27   to the definition of "COMMUNICATION" as vague and overbroad and will

28   respond to this term as excluding any documents filed in connection with prior or

- 21 -

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**Exhibit A**
**12**

1       Subject to and without waiving all foregoing objections, DC has conducted a

2    reasonably diligent search of the documents in the possession, custody, or control

3    of relevant custodians and produces herewith by designation or otherwise all non-

4    privileged, responsive documents.  Given that discovery is ongoing in this case, DC

5    expressly reserves its right to supplement these Responses, if need be, as more

6    information becomes available, and to use in discovery and at trial any information

7    omitted from these Responses as a result of mistake, inadvertence, or oversight.

8    **Request No. 27**

9       All DOCUMENTS that support YOUR contention that "[t]he 1992

10   Agreement thus operated to revoke, rescind, and replace Shuster's prior copyright

11   grants and agreements," found in paragraph 55 of YOUR COMPLAINT.

12   **Response to Request No. 27**

13      DC objects to the Request to the extent that it requires DC to prove through

14   the discovery process its ultimate legal arguments related to the ramifications of

15   defendants' agreements and communications.  DC objects to the extent the Request

16   seeks information protected by the attorney-client privilege, the attorney work

17   product doctrine, or any other applicable privilege or immunity.

18      DC objects to the definition of "YOUR" and will respond to that term as

19   limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC

20   objects to the extent the Request seeks production of "all DOCUMENTS" on the

21   ground that such request is overly broad, unduly burdensome, oppressive, and not

22   reasonably calculated to lead to the discovery of admissible evidence, as the

23   definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As

24   used in these Responses, the phrase "all DOCUMENTS," or phrases of similar

25   import, should be understood to mean those documents DC and its counsel were

26   able to locate using reasonable diligence and reasonable judgment concerning the

27   whereabouts of such documents.

28

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**Exhibit A**
**13**

1    Subject to and without waiving all foregoing objections, DC refers

2   defendants' attention to its complaint (Docket No. 49), all briefing in this action—

3   including, but not limited to, the briefing and exhibits filed in connection with

4   defendants' Rule 12 and SLAPP motions (Docket Nos. 30, 30-1 to 30-5, 31, 31-1,

5   31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2, 35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to

6   77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4, 81, 89, 90, 91, 92, 93, 94, 94-1 to 94-

7   40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100, 100-1 to 100-3, 102, 102-1, 103, 103-1,

8   106, 107, 108, 146, 146-1 to 146-4, 147, 147-1 to 147-3, 148, 148-1 to 148-5, 149,

9   150, 151, 154, 156, 181, 182, 182-1 to 182-40, 183, 183-1 to 183-4, 184, 185, 186,

10  191, 191-1, 192, 192-1 to 192-3, 193, 193-1 to 193-2, 194, 195, 195-1, 196, 196-1

11  to 196-4, 201, 202, 203, 304, 305-1 to 305-59, 306 (errata), 307, 308, 312, 312-1 to

12  312-2, 313, 314, 314-1 to 314-3, 333, 333-1 to 333-3, 334, 334-1 to 334-13, 335,

13  338, 338-1)—and all discovery in this action and the *Siegel* action—including, but

14  not limited to, all deposition testimony and document productions.

15    Subject to and without waiving all foregoing objections, DC has conducted a

16  reasonably diligent search of the documents in the possession, custody, or control

17  of relevant custodians and produces herewith by designation or otherwise all non-

18  privileged, responsive documents.  Given that discovery is ongoing in this case, DC

19  expressly reserves its right to supplement these Responses, if need be, as more

20  information becomes available, and to use in discovery and at trial any information

21  omitted from these Responses as a result of mistake, inadvertence, or oversight.

22  **Request No. 28**

23    All DOCUMENTS that support YOUR contention that "[a]fter the 1992

24  Agreement, DC Comics enjoyed an amicable relationship with the Shuster Heirs,"

25  found in paragraph 55 of YOUR COMPLAINT.

26  **Response to Request No. 28**

27    DC objects to the Request to the extent that it requires DC to prove through

28  the discovery process its ultimate legal arguments related to the ramifications of

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

1    Subject to and without waiving all foregoing objections, DC has conducted a

2   reasonably diligent search of the documents in the possession, custody, or control

3   of relevant custodians and produces herewith by designation or otherwise all non-

4   privileged, responsive documents.  Given that discovery is ongoing in this case, DC

5   expressly reserves its right to supplement these Responses, if need be, as more

6   information becomes available, and to use in discovery and at trial any information

7   omitted from these Responses as a result of mistake, inadvertence, or oversight.

8   **Request No. 29**

9    All DOCUMENTS that support YOUR contention that "the clear effect of

10   the 1992 Agreement was to revoke and regrant any prior copyright grants that could

11   otherwise have been subject to termination," found in paragraph 56 of YOUR

12   COMPLAINT.

13   **Response to Request No. 29**

14    DC objects to the Request to the extent that it requires DC to prove through

15   the discovery process its ultimate legal arguments related to the ramifications of

16   defendants' agreements and communications.  DC objects to the extent the Request

17   seeks information protected by the attorney-client privilege, the attorney work

18   product doctrine, or any other applicable privilege or immunity.

19    DC objects to the definition of "YOUR" and will respond to that term as

20   limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC

21   objects to the extent the Request seeks production of "all DOCUMENTS" on the

22   ground that such request is overly broad, unduly burdensome, oppressive, and not

23   reasonably calculated to lead to the discovery of admissible evidence, as the

24   definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As

25   used in these Responses, the phrase "all DOCUMENTS," or phrases of similar

26   import, should be understood to mean those documents DC and its counsel were

27   able to locate using reasonable diligence and reasonable judgment concerning the

28   whereabouts of such documents.

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

1  **Request No. 45**

2      All DOCUMENTS that support YOUR contention that "[t]he 1992

3  Agreement that Frank Shuster and Jean Peavy entered into with DC Comics bars the

4  Shuster Estate from pursuing termination because, inter alia, in exchange for

5  valuable consideration, the 1992 Agreement effected a rescission, revocation, and re-

6  grant of all prior copyright grants, which eliminated any pre-1978 grant that could be

7  subject to termination under section 304 of the Copyright Act," found in paragraph

8  112 of YOUR COMPLAINT.

9  **Response to Request No. 45**

10      DC objects to the Request to the extent that it requires DC to prove through

11  the discovery process its ultimate legal arguments related to the ramifications of

12  defendants' agreements and communications.  DC objects to the extent the Request

13  seeks information protected by the attorney-client privilege, the attorney work

14  product doctrine, or any other applicable privilege or immunity.

15      DC objects to the definition of "YOUR" and will respond to that term as

16  limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC

17  objects to the extent the Request seeks production of "all DOCUMENTS" on the

18  ground that such request is overly broad, unduly burdensome, oppressive, and not

19  reasonably calculated to lead to the discovery of admissible evidence, as the

20  definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As

21  used in these Responses, the phrase "all DOCUMENTS," or phrases of similar

22  import, should be understood to mean those documents DC and its counsel were

23  able to locate using reasonable diligence and reasonable judgment concerning the

24  whereabouts of such documents.

25      Subject to and without waiving all foregoing objections, DC refers

26  defendants' attention to its complaint (Docket No. 49), all briefing in this action—

27  including, but not limited to, the briefing and exhibits filed in connection with

28  defendants' Rule 12 and SLAPP motions (Docket Nos. 30, 30-1 to 30-5, 31, 31-1,

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

1   31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2, 35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to

2   77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4, 81, 89, 90, 91, 92, 93, 94, 94-1 to 94-

3   40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100, 100-1 to 100-3, 102, 102-1, 103, 103-1,

4   106, 107, 108, 146, 146-1 to 146-4, 147, 147-1 to 147-3, 148, 148-1 to 148-5, 149,

5   150, 151, 154, 156, 181, 182, 182-1 to 182-40, 183, 183-1 to 183-4, 184, 185, 186,

6   191, 191-1, 192, 192-1 to 192-3, 193, 193-1 to 193-2, 194, 195, 195-1, 196, 196-1

7   to 196-4, 201, 202, 203, 304, 305-1 to 305-59, 306 (errata), 307, 308, 312, 312-1 to

8   312-2, 313, 314, 314-1 to 314-3, 333, 333-1 to 333-3, 334, 334-1 to 334-13, 335,

9   338, 338-1)—and all discovery in this action and the *Siegel* action—including, but

10  not limited to, all deposition testimony and document productions.

11          Subject to and without waiving all foregoing objections, DC has conducted a

12  reasonably diligent search of the documents in the possession, custody, or control

13  of relevant custodians and produces herewith by designation or otherwise all non-

14  privileged, responsive documents.  Given that discovery is ongoing in this case, DC

15  expressly reserves its right to supplement these Responses, if need be, as more

16  information becomes available, and to use in discovery and at trial any information

17  omitted from these Responses as a result of mistake, inadvertence, or oversight.

18  **Request No. 46**

19          All DOCUMENTS that support YOUR contention that "Shuster's heirs

20  approached DC Comics in 1992 seeking increased annual payments, certain tax

21  benefits, and payment of Shuster's debts and expenses," and that "[a]t the time,

22  Shuster's heirs recognized the value of Superman as a property," found in

23  paragraph 115 of YOUR COMPLAINT.

24  **Response to Request No. 46**

25          DC objects to the Request to the extent that it requires DC to prove through

26  the discovery process its ultimate legal arguments related to the ramifications of

27  defendants' agreements and communications.  DC objects to the extent the Request

28

- 61 -

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**Exhibit A**
**17**

1    Subject to and without waiving all foregoing objections, DC has conducted a

2    reasonably diligent search of the documents in the possession, custody, or control

3    of relevant custodians and produces herewith by designation or otherwise all non-

4    privileged, responsive documents.  Given that discovery is ongoing in this case, DC

5    expressly reserves its right to supplement these Responses, if need be, as more

6    information becomes available, and to use in discovery and at trial any information

7    omitted from these Responses as a result of mistake, inadvertence, or oversight.

8    **Request No. 61**

9    All DOCUMENTS that support YOUR contention that "the Shuster Heirs

10   have never disputed the validity or existence of the 1992 Agreement, which operated

11   to rescind, revoke, and re-grant all of the Shusters' prior grants of rights in the

12   Superman properties to DC Comics," found in paragraph 175 of YOUR

13   COMPLAINT.

14   **Response to Request No. 61**

15   DC objects to the Request to the extent that it requires DC to prove through

16   the discovery process its ultimate legal arguments related to the ramifications of

17   defendants' agreements and communications.  DC further objects to this Request to

18   the extent that it seeks information protected by the attorney-client privilege, the

19   attorney work product doctrine, or any other applicable privilege or immunity.

20   DC objects to the definition of "YOUR" and will respond to that term as

21   limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC

22   objects to the extent the Request seeks production of "all DOCUMENTS" on the

23   ground that such request is overly broad, unduly burdensome, oppressive, and not

24   reasonably calculated to lead to the discovery of admissible evidence, as the

25   definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As

26   used in these Responses, the phrase "all DOCUMENTS," or phrases of similar

27   import, should be understood to mean those documents DC and its counsel were

28   able to locate using reasonable diligence and judgment concerning the whereabouts

- 86 -

**Exhibit A**
**18**

1    of such documents.  Such phraseology should not be construed as a representation

2    that each and every document in DC's possession has been examined in connection

3    with these Responses or any production pursuant thereto.

4        Subject to and without waiving all foregoing objections, DC refers

5    defendants' attention to its complaint (Docket No. 49), all briefing in this action—

6    including, but not limited to, the briefing and exhibits filed in connection with

7    defendants' Rule 12 and SLAPP motions (Docket Nos. 30, 30-1 to 30-5, 31, 31-1,

8    31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2, 35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to

9    77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4, 81, 89, 90, 91, 92, 93, 94, 94-1 to 94-

10   40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100, 100-1 to 100-3, 102, 102-1, 103, 103-1,

11   106, 107, 108, 146, 146-1 to 146-4, 147, 147-1 to 147-3, 148, 148-1 to 148-5, 149,

12   150, 151, 154, 156, 181, 182, 182-1 to 182-40, 183, 183-1 to 183-4, 184, 185, 186,

13   191, 191-1, 192, 192-1 to 192-3, 193, 193-1 to 193-2, 194, 195, 195-1, 196, 196-1

14   to 196-4, 201, 202, 203, 304, 305-1 to 305-59, 306 (errata), 307, 308, 312, 312-1 to

15   312-2, 313, 314, 314-1 to 314-3, 333, 333-1 to 333-3, 334, 334-1 to 334-13, 335,

16   338, 338-1)—and all discovery in this action and the *Siegel* action—including, but

17   not limited to, all deposition testimony and document productions.

18       Subject to and without waiving all foregoing objections, DC has conducted a

19   reasonably diligent search of the documents in the possession, custody, or control

20   of relevant custodians and produces herewith by designation or otherwise all non-

21   privileged, responsive documents.  Given that discovery is ongoing in this case, DC

22   expressly reserves its right to supplement these Responses, if need be, as more

23   information becomes available, and to use in discovery and at trial any information

24   omitted from these Responses as a result of mistake, inadvertence, or oversight.

25   **Request No. 62**

26       All DOCUMENTS that support YOUR contention that "[i]n that 1992

27   Agreement, the Shuster Heirs further agreed that they would not—either then or in

28

- 87 -

1       Subject to and without waiving all foregoing objections, DC has conducted a

2   reasonably diligent search of the documents in the possession, custody, or control

3   of relevant custodians and produces herewith by designation or otherwise all non-

4   privileged, responsive documents.  Given that discovery is ongoing in this case, DC

5   expressly reserves its right to supplement these Responses, if need be, as more

6   information becomes available, and to use in discovery and at trial any information

7   omitted from these Responses as a result of mistake, inadvertence, or oversight.

8

9       Dated:  February 17, 2012       Respectfully submitted,

10

11        By:  /s/ Daniel M. Petrocelli

12          Daniel M. Petrocelli

      Attorneys for Plaintiff DC Comics

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**Exhibit A**
**20**

TOBEROFF & ASSOCIATES, P.C.
Marc Toberoff (State Bar No. 188547)
 *mtoberoff@ipwla.com*
Keith G. Adams (State Bar No. 240497)
 *kgadams@ipwla.com*
Pablo D. Arredondo (State Bar No. 241142)
 *parredondo@ipwla.com*
22337 Pacific Coast Highway, #348
Malibu, California, 90265
Telephone:   310.246.3333
Facsimile:    310.246.3101

Attorneys for Defendants Marc Toberoff,
Pacific Pictures Corporation, IP
Worldwide, LLC, and IPW, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| DC COMICS,<br><br>                    Plaintiff,<br><br>          vs.<br><br>PACIFIC PICTURES CORPORATION; IP WORLDWIDE, LLC; IPW, LLC; MARC TOBEROFF, an individual; MARK WARREN Peary, as personal representative of the ESTATE OF JOSEPH SHUSTER; JEAN ADELE PEAVY, an individual; LAURA SIEGEL LARSON, individually and as personal representative of the ESTATE OF JOANNE SIEGEL,<br>and DOES 1-10, inclusive,<br><br>                    Defendants. | Case No: CV 10-03633 ODW (RZx)<br><br>Hon. Otis D. Wright II, U.S.D.J.<br><br>**DEFENDANT MARC TOBEROFF'S AMENDED RESPONSE TO PLAINTIFF DC COMICS' SECOND SET OF INTERROGATORIES**<br><br>Complaint Filed:  May 14, 2010<br>Trial Date:  None Set |

Defendant Marc Toberoff ("Defendant") amends his response as follows to the Second Set of Interrogatories dated January 24, 2012 (the "Interrogatories") propounded by plaintiff DC Comics ("Plaintiff" or "DC").

## I.

## PRELIMINARY STATEMENT

Defendant will construe the terms "YOU" and "YOUR" to refer to Marc Toberoff.

No incidental or implied admissions are intended by Defendant's responses to the Interrogatories.  The supplying of any fact does not constitute an admission by Defendant that such fact is relevant or admissible.  The fact that Defendant has responded to any interrogatory is not intended to be and shall not be construed as a waiver by Defendant of all or any part of any objection to any interrogatory. Defendant reserves until the time of trial all objections as to the relevance or admissibility of any facts provided in its answers to the Interrogatories. The responses set forth herein are based on information now available to Defendant and Defendant reserves the right to revise, correct, add, clarify or supplement the general and specific objections and responses set forth herein.

## II.

## RESPONSES TO INTERROGATORIES

Subject to, and without waiving the qualifications above, Defendant responds to each individual Interrogatory as follows:

## Interrogatory No. 26

DESCRIBE in detail all efforts YOU have made to MARKET any rights involving SUPERMAN and/or SUPERBOY.

## Response to Interrogatory No. 26

Defendant objects to this interrogatory on the grounds that it is vague and ambiguous, overbroad, burdensome and oppressive.  Defendant further objects to this request on the grounds that it is not reasonably limited in scope.  Defendant objects to

this request to the extent that it seeks information which is not reasonably calculated to lead to the discovery of relevant and admissible evidence.  Defendant additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing general and specific objections, Defendant responds, without limitation, as follows:

In 2004, Ari Emanuel and Marc Toberoff engaged in negotiations with Warner Bros. Entertainment Inc. regarding the sale and/or license of Joanne Siegel and Laura Siegel Larson's (the "Siegels") rights in Superman and Superboy to Warner.  However Warner Bros. proposed terms that were virtually identical to its settlement proposal to the Siegels in 2001-2002, which they had rejected.  The Siegels once again rejected such proposal.

Subsequently, there have been settlement discussions with DC Comics/Warner Bros. in *DC Comics v. Pacific Pictures Corp.*, Case No. 10-CV-03633, *Siegel v. Warner Bros. Entertainment Inc.*, Case No. 04-CV-08400 ODW (RZx), and *Siegel v. Time Warner Inc. et al.*, Case No. 04-CV-08776 ODW (RZx).  Mediation sessions were held with Hon. Daniel Weinstein (Ret.) of JAMS in May-June 2008, September 2009 and April 2010, and with Judge Weinstein and Kenneth Ziffren in December 2011.  The mediation has yet to result in a settlement, however, discussions are ongoing.

On December 4, 2008, in an in-person meeting with Peter Schlessel, then President of Worldwide Affairs for Sony Pictures Entertainment, Marc Toberoff discussed the potential license to Sony Pictures Entertainment of the Superman rights recaptured by the Siegels.  They had a follow-up telephone conversation several weeks later.  The discussions did not result in an agreement.

In April-May 2010, Marc Toberoff discussed the potential license to Paramount Pictures of the Superman rights recaptured by the Siegels with Rob

Moore, Vice Chairman of Paramount Pictures, and his support staff.  There was an initial telephone call including John Fogelman, Marc Toberoff, and Rob Moore on April 21, 2010; a further call including John Fogelman, Marc Toberoff and Rob Moore on April 29, 2010; and an in-person meeting including John Fogelman, Marc Toberoff and Rob Moore on May 12, 2010 at the Paramount Pictures lot.  In addition, there were various e-mails exchanged between April 21 and May 11, 2010.  The discussions did not result in an agreement.

On November 19, 2010, in an in-person meeting with Tom Rothman, CEO of Fox Filmed Entertainment, and his support staff, Marc Toberoff discussed the potential license to Filmed Entertainment of the Superman rights recaptured by the Siegels.  The discussions did not result in an agreement.

**Interrogatory No. 27**

IDENTIFY any PERSONS with whom YOU have COMMUNICATED in connection with efforts to MARKET any rights involving SUPERMAN and/or SUPERBOY.

**Response to Interrogatory No. 27**

Defendant objects to this interrogatory on the grounds that it is vague and ambiguous, overbroad, burdensome and oppressive.  Defendant further objects to this request on the grounds that it is not reasonably limited in scope.  Defendant objects to this request to the extent that it seeks information which is not reasonably calculated to lead to the discovery of relevant and admissible evidence.  Defendant additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation.  Subject to and without waiving the foregoing general and specific objections, Defendant responds, without limitation, as follows:

Laura Siegel Larson, c/o Toberoff & Associates, P.C., 22337 Pacific Coast Highway, Suite #348, Malibu, California 90265.

1    Joanne Siegel, deceased.

2    Mark Warren Peary and Jean Adele Peavy, c/o Toberoff & Associates, P.C.,

3    22337 Pacific Coast Highway, Suite #348, Malibu, California 90265.

4    Warner Bros. Entertainment Inc./DC Comics, including John Schulman,

5    Wayne Smith, Paul Levitz, Dianne Nelson and John Rogovin, 4000 Warner

6    Boulevard, Burbank, California, 91522, as well as outside counsel for the same.

7    William Morris Endeavor, including Ari Emanuel and John Fogelman, 9601

8    Wilshire Boulevard, Beverly Hills, California 90212.

9    Sony Pictures Entertainment, including its then President of Worldwide Affairs

10    Peter Schlessel, 10202 West Washington Boulevard, Culver City, California 90232.

11    Paramount Pictures Corporation, including its then Vice-Chairman Robert

12    Moore, 5555 Melrose Avenue, Hollywood, CA, 90038.

13    Fox Filmed Entertainment Group, including its then Chief Executive Officer,

14    Thomas Rothman, 10201 W. Pico Blvd., Los Angeles, CA 90035.

15    **Interrogatory No. 28**

16    DESCRIBE in detail when any efforts YOU have made to MARKET any

17    rights involving SUPERMAN and/or SUPERBOY took place.

18    **Response to Interrogatory No. 28**

19    Defendant objects to this interrogatory on the grounds that it is vague and

20    ambiguous, overbroad, burdensome and oppressive.  Defendant further objects to this

21    request on the grounds that it is not reasonably limited in scope.  Defendant objects to

22    this request to the extent that it seeks information which is not reasonably calculated

23    to lead to the discovery of relevant and admissible evidence.  Defendant additionally

24    objects to this request to the extent that it seeks communications or items protected

25    by the attorney-client privilege, the attorney work product doctrine and any other

26    privilege or immunity available under law or arising from contractual obligation.

27    Subject to and without waiving the foregoing general and specific objections,

28    Defendant responds, without limitation, as follows:

1    As to discussions with Warner Bros. Entertainment, Inc. and DC Comics, from

2    2003 to the present.

3    As to discussions with Sony Pictures Entertainment, December 2008.

4    As to discussions with Paramount Pictures, April-May 2010.

5    As to discussions with Fox Filmed Entertainment Group, November 19, 2010.

6    **Interrogatory No. 29**

7    DESCRIBE in detail all COMMUNICATIONS YOU have had with actual or

8    potential INVESTORS concerning rights involving SUPERMAN and/or

9    SUPERBOY.

10   **Response to Interrogatory No. 29**

11   Defendant objects to this interrogatory on the grounds that it is vague and

12   ambiguous, overbroad, burdensome and oppressive.  Defendant further objects to this

13   request on the grounds that it is not reasonably limited in scope.  Defendant objects to

14   this request to the extent that it seeks information which is not reasonably calculated

15   to lead to the discovery of relevant and admissible evidence.  Defendant additionally

16   objects to this request to the extent that it seeks communications or items protected

17   by the attorney-client privilege, the attorney work product doctrine and any other

18   privilege or immunity available under law or arising from contractual obligation.

19   Subject to and without waiving the foregoing general and specific objections,

20   Defendant responds, without limitation, as follows:

21   In late July-August 2002, Mr. Toberoff held in-person and telephonic

22   discussions with Mr. Emanuel that concerned his potential purchase or license of the

23   Superman rights recaptured by the Siegels' well-publicized Notices of Termination.

24   In approximately January 2003, Summer 2003, and November 2004-January 2005,

25   Mr. Toberoff held in-person and telephonic discussions with Mr. Emanuel

26   concerning Mr. Emanuel's potential purchase of Michael Siegel's passive 25% share

27   of the Superman rights recaptured by the Siegels' Notices of Termination, and

28   concerning the negotiations conducted by Mr. Toberoff on Mr. Emanuel's behalf

DEFENDANT MARC TOBEROFF'S AMENDED RESPONSE TO PLAINTIFF'S SECOND SET OF INTERROGATORIES

1   with Michael Siegel's attorney, Don Bulson, regarding the proposed purchase of

2   Michael Siegel's interest.

3        On December 4, 2008, in an in-person meeting with Peter Schlessel, then

4   President of Worldwide Affairs for Sony Pictures Entertainment, Marc Toberoff

5   discussed the potential license to Sony Pictures Entertainment of the Superman rights

6   recaptured by the Siegels.  They had a follow-up telephone conversation several

7   weeks later.

8        In April-May 2010, Marc Toberoff discussed the potential sale and/or license

9   of the "Superman" rights recaptured by the Siegels with Rob Moore, Vice Chairman

10   of Paramount Pictures and his support staff.  There was an initial telephone call

11   including John Fogelman, Marc Toberoff, and Rob Moore on April 21, 2010; a

12   further call including John Fogelman, Marc Toberoff and Rob Moore on April 29,

13   2010; and an in-person meeting including John Fogelman, Marc Toberoff and Rob

14   Moore on May 12, 2010 at the Paramount lot.  In addition, there were various e-mails

15   exchanged between April 21 and May 11, 2010.

16        On November 19, 2010, in an in-person meeting with Tom Rothman, CEO of

17   Fox Filmed Entertainment, and his support staff, Marc Toberoff discussed the

18   potential license of the Superman rights recaptured by the Siegels.

19   **Interrogatory No. 30**

20        IDENTIFY any PERSON with whom YOU have COMMUNICATED

21   concerning actual or potential INVESTORS in rights involving SUPERMAN and/or

22   SUPERBOY.

23   **Response to Interrogatory No. 30**

24        Defendant objects to this interrogatory on the grounds that it is vague and

25   ambiguous, overbroad, burdensome and oppressive.  Defendant further objects to this

26   request on the grounds that it is not reasonably limited in scope.  Defendant objects to

27   this request to the extent that it seeks information which is not reasonably calculated

28   to lead to the discovery of relevant and admissible evidence.  Defendant additionally

objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing general and specific objections, Defendant responds, without limitation, as follows:

William Morris Endeavor, including Ari Emanuel and John Fogelman, 9601 Wilshire Boulevard, Beverly Hills, California 90212.

Sony Pictures Entertainment, including its then President of Worldwide Affairs Peter Schlessel, 10202 West Washington Boulevard, Culver City, California 90232.

Paramount Pictures Corporation, including its then Vice-Chairman Robert Moore, 5555 Melrose Avenue, Hollywood, CA, 90038.

Fox Filmed Entertainment Group, including its then Chief Executive Officer, Thomas Rothman, 10201 W. Pico Blvd., Los Angeles, CA 90035.

**Interrogatory No. 31**

DESCRIBE in detail when YOU have COMMUNICATED with actual or potential INVESTORS concerning rights involving SUPERMAN and/or SUPERBOY.

**Response to Interrogatory No. 31**

Defendant objects to this interrogatory on the grounds that it is vague and ambiguous, overbroad, burdensome and oppressive. Defendant further objects to this request on the grounds that it is not reasonably limited in scope. Defendant objects to this request to the extent that it seeks information which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Defendant additionally objects to this request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine and any other privilege or immunity available under law or arising from contractual obligation. Subject to and without waiving the foregoing general and specific objections, Defendant responds, without limitation, as follows:

DEFENDANT MARC TOBEROFF'S AMENDED RESPONSE TO PLAINTIFF'S SECOND SET OF INTERROGATORIES

1       With Ari Emanuel, in July -August 2002, January 2003, Summer 2003,

2  November 2004-January 2005.

3       With Sony Pictures Entertainment, on December 4, 2008.

4       With Paramount Pictures, April-May 2010.

5       With Fox Filmed Entertainment Group, on November 19, 2010.

6

7

8

9  Dated:  March 26, 2012          TOBEROFF & ASSOCIATES

10

11                          /s/ Keith G. Adams

                        Keith G. Adams

12                          Attorneys for Defendants

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **VERIFICATION**

2          I declare under penalty of perjury that on information and belief the facts set

3   forth in the foregoing answers to the Interrogatories are true to the best of my present

4   knowledge and belief.

5   DATED:  March 26, 2012

6

7    Marc Toberoff

Print Name of Signatory                              Signature

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TOBEROFF & ASSOCIATES, P.C.

A PROFESSIONAL CORPORATION

22337 PACIFIC COAST HIGHWAY #348

MALIBU, CALIFORNIA 90265

MARC TOBEROFF*
KEITH G. ADAMS
PABLO D. ARREDONDO*
DAVID HARRIS

* Also admitted in New York

TELEPHONE
(310) 246-3333

FACSIMILE
(310) 246-3101

kgadams@ipwla.com

August 22, 2012

<u>Via E-Mail</u>

Dan Petrocelli
O'Melveny and Myers LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067

Re:    <u>*DC Comics v. Pacific Pictures Corp., et al.*, Case No. 10-CV-03633 ODW (RZx)</u>

Dan:

I write in response to your letter of August 21, 2012 to Marc Toberoff, which inappropriately threatens to seek "all appropriate relief" in response to defendants' proper filing of a simple cross-motion for summary judgment on DC's First, Second and Third Claims.

Simply put, that defendants and DC addressed two of the same claims in their respective cross-motions does not render defendants' motion improper. As stated previously on numerous occasions – including Mr. Toberoff's August 6 letter and subsequent e-mail correspondence on August 7-8 – there is nothing in the Local Rules or Judge Wright's rules that prevents or limits such cross-motions for summary judgment. In fact, Judge Wright routinely decides cross-motions for summary judgment. *See, e.g., Certain Lloyds Underwriters v. Baldwin Distrib. Servs.*, 2011 U.S. Dist. LEXIS 138941 (C.D. Cal. Dec. 2, 2011); *Miller v. Midland Funding LLC*, 2008 U.S. Dist. LEXIS 97229 (C.D. Cal. Nov. 20, 2008); *Lewis Operating Corp. v. United States*, 533 F. Supp. 2d 1041 (C.D. Cal. 2007).

Nor does the fact that defendants pointed out in opposition to DC's motion that the Court can rule against DC as a matter of law transform defendants' opposition into an affirmative motion for summary judgment. Judge Wright has noted the propriety of such grants of summary judgment in other cases. *See Chamness v. Bowen*, 2011 U.S. Dist. LEXIS 94876, at *15-16 (C.D. Cal. Aug. 23, 2011)

DC's cited authorities are unsurprisingly all off-point, as they concern situations where **the same party files a second motion for summary judgment** after that party's first motion had been decided. *See Hoffman v. Tonnemacher*, 593 F.3d 908, 910-911 (9th Cir. 2010) (expressly *upholding* district court's grant of a second motion for summary judgment by the same party, after initial motion had been denied); *Siemens Westinghouse Power Corp. v. Dick Corp.*, 219

Exhibit C
31

**TOBEROFF & ASSOCIATES, P.C.**

August 22, 2012
Re:     *DC Comics v. Pacific Pictures Corp.*
Page:   2 of 2

F.R.D. 552, 554 (S.D.N.Y. 2004) (denying second motion for summary judgment seeking same relief brought by the same party after the court had decided the initial motion largely in the parties' favor); *Eaton v. Siemens*, 2012 U.S. Dist. LEXIS 24358, at *11-14 (E.D. Cal. Feb. 27, 2012) (denying leave to file a second summary judgment motion after the district court denied the initial motion **and** the Ninth Circuit upheld that denial).

More notably, the one Ninth Circuit case cited by DC actually undermines DC's arguments, as it states that, even with respect to the same party filing multiple summary judgment motions, "district courts have discretion to entertain successive motions for summary judgment," "Federal Rule of Civil Procedure 56 does not limit the number of motions that may be filed," and "allowing a party to file a second motion for summary judgment is logical."  *Hoffman*, 593 F.3d at 910-11.  Here, defendants have solely filed a single cross-motion for partial summary judgment.

DC's repeated citations to page counts, which indiscriminately total up the number of pages in motions, objections, separate statements, *etc.*, are little more than a hypocritical and transparent attempt to imply defendants have somehow evaded the applicable page limits.  Defendants merely filed the documents required by F.R.C.P. 56(c) and Local Rule 56-1.

For instance, in support of DC's reply in support of its motion for partial summary judgment – a document limited by Judge Wright's orders (Docket No. 350 at 5) to 12 pages – DC itself filed **124 pages** of material, including a 73-page, single-spaced response to defendants' separate statement of facts.  DC is not in any position to complain about the much more modest amount of material filed by defendants.

As to defendants' inclusion of DC's Second Claim in their motion, such issues have been heretofore fully ventilated and briefed by the parties many times.  *See* Docket No. 33 at 19-24 (motion to dismiss original complaint); No. 80 at 20-25 (motion to dismiss amended complaint); No. 89 at 23-25 (DC's opposition to motion to dismiss amended complaint); No. 148-1 at 20-25 (renewed motion to dismiss amended complaint); No. 154 (DC's renewed opposition to motion to dismiss amended complaint); No. 186 (DC's renewed opposition to motion to dismiss amended complaint); No. 333 at 6-7 (defendants' consolidated motion to dismiss); No. 334 at 10-11 (DC's opposition to consolidated motion to dismiss).  DC can hardly claim surprise or that it is not fully informed of the preclusive effect of the *Siegel* judgment on the identical "work for hire" issues that DC improperly tries to re-litigate in its Second Claim.

Nothing in this letter should be construed as a waiver or limitation of any of defendants' rights or remedies, all of which are reserved.

Very truly yours,

Keith Adams

**Exhibit C**
**32**

**Pablo Arredondo**

| | |
|---|---|
| **From:** | Tokoro, Jason [jtokoro@OMM.com] |
| **Sent:** | Monday, September 10, 2012 12:14 PM |
| **To:** | Pablo Arredondo |
| **Cc:** | Petrocelli, Daniel; Kline, Matthew; Seto, Cassandra; Marc Toberoff; Keith Adams; David Harris; Richard Kendall; Laura Brill; Nicholas Daum |
| **Subject:** | DC v. PPC |

Pablo,

We write regarding the deposition of J. Todd Harris, which is currently noticed for next week Wednesday, September 19.  DC will be re-noticing his deposition for October.  Please provide us with dates when Mr. Harris and his counsel are available then.

Best and thanks,

Jason

**Exhibit D**