1  DANIEL M. PETROCELLI (S.B. #097802)
     dpetrocelli@omm.com
2  MATTHEW T. KLINE (S.B. #211640)
     mkline@omm.com
3  CASSANDRA L. SETO (S.B. #246608)
     cseto@omm.com
4  O'MELVENY & MYERS LLP
   1999 Avenue of the Stars, 7th Floor
5  Los Angeles, CA  90067-6035
   Telephone:   (310) 553-6700
6  Facsimile:    (310) 246-6779

7  Attorneys for Plaintiff DC Comics

8              **UNITED STATES DISTRICT COURT**

9             **CENTRAL DISTRICT OF CALIFORNIA**

10  DC COMICS,                          Case No. CV 10-3633 ODW (RZx)

11            Plaintiff,               **DC COMICS' RESPONSE TO
                                        DEFENDANTS' OBJECTION TO
12        v.                            THE DECLARATION OF DAMON
                                        BONESTEEL SUBMITTED IN
13  PACIFIC PICTURES                    SUPPORT OF DC COMICS'
    CORPORATION, IP WORLDWIDE,          OPPOSITION TO DEFENDANTS'
14  LLC, IPW, LLC, MARC TOBEROFF,       MOTION FOR PARTIAL
    an individual, MARK WARREN          SUMMARY JUDGMENT**
15  PEARY, as personal representative of
    the ESTATE OF JOSEPH SHUSTER,       DECLARATION OF JASON H.
16  JEAN ADELE PEAVY, an individual,    TOKORO SUBMITTED
    LAURA SIEGEL LARSON, an             CONCURRENTLY HEREWITH
17  individual and as personal
    representative of the ESTATE OF     Hon. Otis D. Wright II
18  JOANNE SIEGEL, and DOES 1-10,
    inclusive,
19
            Defendants.
20

21

22

23

24

25

26

27

28
                                        DC'S RESP. TO DEFS.' OBJ. TO
                                               BONESTEEL DECL.

1    Given that the Court took defendants' cross-motion for summary judgment

2    under submission before DC filed responses to defendants' objections, or filed any

3    objections of its own, Docket No. 497, DC will not respond to defendants' *118*

4    *pages* of reply filings, Docket Nos. 495-1-5, except to note for the record that DC

5    disagrees with and objects to defendants' filings, and to address briefly one

6    particularly egregious argument that defendants advance:

7    1.  DC submitted a declaration from Damon Bonesteel to refute defendants'

8    false claim that, before DC filed this case in 2010, DC never relied on its 1992

9    Agreement with Jean Peavy and Frank Shuster as a full grant of Joe Shuster's

10    Superman copyrights.  Docket No. 491 at 11.  The Bonesteel declaration was not

11    the only evidence DC submitted to refute this false charge, *id.*, and his declaration

12    made clear that he had, as early as *2006*, relied on the 1992 Agreement to prove to

13    foreign authorities that DC owned full rights in Shuster's Superman copyrights, *id.*

14    Defendants argue Bonesteel's declaration "runs afoul of the best evidence

15    rule" because, while it attests that DC relied on the 1992 Agreement in 2006, it does

16    not "provide a copy of the alleged communication" between DC and the foreign

17    authority.  Docket No. 495-2 ("Obj.") at 2.  This objection is not well taken.  At

18    their request, DC provided defendants with a copy of Bonesteel's 2006 affidavit to

19    the French authorities *before* defendants filed their reply brief.  Decl. of J. Tokoro

20    Ex. 1.  It is *defendants* who tactically chose not to attach or address Bonesteel's

21    affidavit—the asserted "best evidence," which they had in hand—in their reply.

22    2.  The reason defendants chose not to include the 2006 affidavit is plain:  It

23    refutes Toberoff's repeated representations to the Court that DC "contrived" or

24    "cooked up" in 2010 its arguments concerning the 1992 Agreement.  *E.g.*, Docket

25    No. 489 at 24:15-24, 34:15-22, 39:18-40:4, 44:2-15.  Bonesteel's June 12, 2006,

26    affidavit, filed with the Centre National de la Cinematographie in France, provides:

27    *Pursuant to an Agreement dated as of August 1, 1992* between Frank
       Shuster and Jean Shuster Peavy (heirs of Joseph Shuster), on the one
28    hand, and DC, on the other hand, *Shuster and Peavy granted to DC in*

- 1 -

DC'S RESP. TO DEFS.' OBJ. TO
BONESTEEL DECL.

*perpetuity <u>all rights in any copyrights, trademarks or other property
rights in any and all work created in whole or in part by Joseph
Shuster, or any works based thereon, including without limitation, the
Superman Concept.</u>*  Tokoro Decl. Ex. 1 at 6 (emphases added).

3.  Defendants also call Bonesteel's declaration "suspect" because, they say,
it "provides solely *one* trivial purported example" of DC's reliance on the 1992
Agreement as a copyright grant.  Obj. at 2.  Again, untrue.  As another example, in
September 2007, Warner Bros. Pictures Associate General Counsel Donna
Josephson sent a letter to the Canadian Audio-Visual Certification Office
concerning DC's and Warner's rights in *Superman Returns*, which attests:

> Pursuant to an Agreement dated as of August 1, 1992 …, [Frank]
> Shuster and [Jean] Peavy *granted to DC in perpetuity all rights in any
> copyrights, trademarks or other property rights in any and all work
> created in whole or in part by Joseph Shuster*, or any works based
> thereon, including without limitation, the Superman Concept.

Tokoro Decl. Ex. 2 at 17 (emphasis added).

4.  Defendants finally assert that Bonesteel's 2006 affidavit should have been
produced in February 2012, along with DC's responses to defendant Peary's
discovery.  Obj. at 3.  Not so.  In DC's responses,[1] written correspondence,[2] and a

---

[1] *E.g.*, Tokoro Decl. Ex. 3 at 26-27 ("Request No. 7: All DOCUMENTS that RELATE
to the 1992 AGREEMENT.  [DC's ] Response:  DC objects to this Request on the
grounds that it is indefinite as to time and not reasonably limited in scope.  DC objects to
the extent the Request seeks production of "all DOCUMENTS" on the ground that such
request is overly broad, unduly burdensome, oppressive, and not reasonably calculated to
lead to the discovery of admissible evidence….  As used in these Responses, the phrase,
"all DOCUMENTS," or phrases of similar import, <u>should be understood to mean those
documents DC and its counsel were able to locate using reasonable diligence and
reasonable judgment concerning the whereabouts of such documents.  Subject to and
without waiving all foregoing objections, *DC has conducted a reasonably diligent search
of the documents in the possession, custody, or control of relevant custodians* and
produces herewith by designation or otherwise all non-privileged, responsive
documents</u>.); *id*. at 27-31 (same); Ex. 4 at 127-28 ("Interrogatory No. 5:  IDENTIFY all
COMMUNICATIONS between YOU AND any third party that REFERRED TO the 1992
AGREEMENT.  [DC's] Response: … <u>As used in these Responses, the phrase "all
COMMUNICATIONS," or phrases of similar import, should be understood to mean those
communications DC and its counsel were able to locate using reasonable diligence and
reasonable judgment concerning the whereabouts of such communications.  DC objects to
the definition of "YOU" as vague and overbroad and will respond to this term *as limited*</u>

DC'S RESP. TO DEFS.' OBJ. TO
BONESTEEL DECL.

1    March 16, 2012, meet-and-confer call,[3] DC repeatedly told defendants that, given

2    the breadth of defendants' document requests and size of DC and its affiliates, DC

3    could only conduct a good-faith search and review of "relevant custodians of DC

4    and Warner" and would produce all non-privileged, responsive documents that the

5    search yielded.  Defendants understood and objected to this search methodology

6    and threatened to move to compel, but in the *seven months that followed*, never did

7    so.[4]  Indeed, the only discovery motion they did file—concerning other aspects of

8    DC's responses—was denied.  Docket No. 467.  Only when Toberoff made his

9    false attacks on DC did DC search for and locate the Bonesteel affidavit and

10   Josephson letter.  DC cannot anticipate what false arguments defense counsel will

11   make, and it has every right to search for and produce evidence in response.

12         5.  Defendants' objections to Bonesteel's declaration should be overruled.

13   Dated:    October 4, 2012                    Respectfully submitted,

14                                               By:   /s/ Daniel M. Petrocelli
                                                      Daniel M. Petrocelli
15

16

17

_____

18   *to the relevant representatives of DC and Warner Bros. Entertainment Inc.* … Subject to
     and without waiving the foregoing objections, DC is willing to meet and confer with
19   defendants to reasonably tailor this request.") (emphases added); *id.* at 131-38 (same).

20      [2] *E.g.*, Tokoro Decl. Ex. 5 at 148 ("DC conducted a reasonable and diligent search and
     investigation in responding to Peary's interrogatories, and defendants have shown no
21   reason why DC's efforts did not comply with its discovery obligations.  DC is not
     required by the federal rules to conduct a search of all documents in its possession to
22   adequately respond to Peary's interrogatories, including documents that have no relevance
     to claims in this case or Superman. If you want to have a discussion about DC's search
23   efforts, we are prepared to have one this Friday, and if the specific further details you
24   request are appropriate and relevant, DC is willing to consider furnishing them, though we
     note that defendants have consistently refused to provide a similar accounting.")
25      [3] Tokoro Decl. ¶¶ 8-9.
26      [4] *E.g.*, *id.* ¶¶ 8-9; Ex. 6 at 152 ("DC is not entitled to unilaterally pick and choose the
     sources of information it reviews in response to an interrogatory; rather, DC must provide
27   a full response based on the information in its possession….  For the above stated reasons,
     defendant Peary will move to compel supplemental responses to these discovery requests
28   in the event DC does not resolve these issues.").

DC'S RESP. TO DEFS.' OBJ. TO
                                                        BONESTEEL DECL.