# EXHIBIT 1

**Attachments:**          DC 00158-168.pdf

**From:** Tokoro, Jason
**Sent:** Thursday, September 27, 2012 4:11 PM
**To:** 'Pablo Arredondo'
**Cc:** Petrocelli, Daniel; Kline, Matthew; Seto, Cassandra; Pearson, Ashley; 'Marc Toberoff'; 'Keith Adams'; 'David Harris'
**Subject:** RE: DC v. PPC

Counsel,

Please see below correspondence sent on behalf of Daniel M. Petrocelli.

\*        \*        \*

Counsel:

Your assertions below are incorrect, as you know.  We will address them in due course.  Attached is the document Mr. Bonesteel mentioned.

Dan

**From:** Pablo Arredondo [mailto:parredondo@ipwla.com]
**Sent:** Tuesday, September 25, 2012 1:46 PM
**To:** Kline, Matthew
**Cc:** Petrocelli, Daniel; Seto, Cassandra; Tokoro, Jason; Pearson, Ashley; 'Marc Toberoff'; 'Keith Adams'; 'David Harris'
**Subject:** DC v. PPC

Counsel:

On Friday, September 21, 2012, DC filed a declaration of Damon Bonesteel (Dkt. No. 491-1) that purports to describe "dealing[s] with a foreign government [in which] Warner Bros. directly relied on the 1992 agreement as a grant by the Shuster heirs to DC. . . "  Id. ¶3.  DC conspicuously did not attach any documents relating to such "dealings" to Mr. Bonesteel's declaration and no such documents have been produced though they would be responsive to defendants' requests for production, including Mark Warren Peary's Requests nos. 7, 12, 14, 18, 19, 27, 29, 45, 61, and 63 served on DC on December 13, 2011.  Please produce any documents relating to the "dealings" referenced in Mr. Bonesteel's declaration.

Pablo

Pablo D. Arredondo
Toberoff & Associates, P.C.
22337 Pacific Coast Highway, #348
Malibu, California 90256
(t) 310.246.3333

1

**EXHIBIT 1**
**3**

(f) 310.246.3101

This message and any attached documents may contain information from Toberoff & Associates, P.C. that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

2

**EXHIBIT 1**
**4**

UNITED STATES OF AMERICA)
STATE OF CALIFORNIA       ) ss:
COUNTY OF LOS ANGELES    )

On this 12th day of June, 2006, before me, the undersigned Notary Public, personally appeared Damon B. Bonesteel who appears in this act in the name and on behalf of WARNER BROS. PICTURES INTERNATIONAL, a division of Warner Bros Distributing Inc., and in the capacity of Vice President thereof, he certified to me that he was duly entitled to act as such.

The appearer has made to me the following statements to the best of his knowledge and belief:

1. Jerome Siegel, deceased, formerly a citizen and resident of the United States of America, and Joseph Shuster, deceased, formerly a citizen of Canada and resident of the United States of America ("Siegel and Shuster") wrote and illustrated original characters and stories for a comic strip property entitled "Superman" in or around 1938. Pursuant to the terms and conditions of an Agreement dated as of March 1, 1938, as amended and/or restated from time to time thereafter (including on September 22, 1938, December 19, 1939, May 19, 1948 and May 21, 1948), between Siegel and Shuster, on the one hand, and Detective Comics, Inc., 480 Lexington Ave., New York, New York ("Detective"), on the other hand, Siegel and Shuster sold and transferred to Detective all of their respective right, title and interest in and to said comic strip property entitled "Superman". Pursuant to said Agreement as amended and/or restated, Detective acquired, in relevant part, all right, title and interest in and to the exclusive motion picture rights, the characters, the artwork, and the storyline contained in said comic strip property (the "Superman Concept").

2. Pursuant to a merger among several publishing companies, including, in relevant part, Detective, in or around September 1946, National Comics Publications, Inc. located in New York City (actual address unknown) became the parent company of Detective. Pursuant to the terms and conditions of an Assignment dated February 24, 1947, Detective assigned to National Comics Publications, Inc. the rights in and to the Superman Concept. Pursuant to said Assignment, National Comics Publications, Inc. acquired all of Detective's right, title and interest in and to the Superman Concept.

3. Pursuant to an Assignment and Consolidation Agreement dated January 20, 1966, National Periodical Publications, Inc. became successor-in-interest to National Comics Publications, Inc. Pursuant to said Agreement, National Periodical Publications, Inc., became the owner of all right, title and interest in and to Detective and, in relevant part, the Superman Concept.

4. Pursuant to a merger of Kinney Parking Company and National Cleaning Company in 1966, Steve Ross, deceased, became head of a company known as Kinney National. Pursuant to an incorporation in New York State in November 1967, Kinney National changed its name to KNS Publishing Company, Inc. ("KNS"). Pursuant to a corporate merger in 1968 National Periodical Publications, Inc. merged with KNS and the resulting company retained the name National Periodical Publications, Inc. National Periodical Publications, Inc. acquired Warner Bros.-Seven Arts, a Delaware corporation, 666 Fifth Avenue, New York, New York in 1969. National Periodical Publications, Inc. divested its non-entertainment holdings and became part of the group Warner Communications Inc., a Delaware corporation, 75 Rockefeller Plaza, New York, New York 10019 ("WCI") in 1972. Pursuant to said successive acquisitions and mergers, WCI became the parent company of National Periodical Publications, Inc. in 1972.

5. Pursuant to the terms and conditions of an Agreement dated as of December 23, 1975 between Siegel and Shuster, c/o Edmund Preiss, Esq., Kane, Kessler, Proujansky, Priess & Permutt, on the one hand, and WCI and its subsidiaries, inclusive of National Periodical Publications, Inc., on the other hand, Siegel and Shuster agreed and acknowledged that WCI is the sole and exclusive owner of all of the right, title and interest in and to the Superman Concept, including, without

**EXHIBIT 1**
**5**

limitation, the characters, artwork, and motion picture rights, throughout the world in perpetuity. Pursuant to said Agreement, WCI owns the motion picture production, distribution and ancillary rights in the Superman Concept throughout the world in perpetuity, inclusive of copyrights and trademarks therein.

6. In or around August 1976, National Periodical Publications, Inc. changed its name to DC Comics, Inc. Pursuant to an Assignment dated as of June 30, 1992, among Detective, DC Comics, Inc., successor-in-interest to National Periodical Publications Inc., 1700 Broadway, 3rd Floor, New York, New York 10019, DC Comics, A New York Partnership, 1700 Broadway, 3rd Floor, New York, New York 10019 ("DC") and Warner Bros. Inc., a Delaware corporation, 4000 Warner Boulevard, Burbank, CA 91522, a subsidiary of WCI ("Warner"), Detective assigned to Warner all of its right, title and interest in, among other properties, the Superman comic books and Warner, in turn, simultaneously assigned to DC all of its right, title and interest in said property, including, without limitation, all copyrights, and renewals, all rights under copyright, including the right to prepare derivative works, all versions of said property and all rights in any underlying properties.

7. Pursuant to an Agreement dated as of August 1, 1992 between Frank Shuster and Jean Shuster Peavy (heirs of Joseph Shuster), on the one hand, and DC, on the other hand, Shuster and Peavy granted to DC in perpetuity all rights in any copyrights, trademarks or other property rights in any and all work created in whole or in part by Joseph Shuster, or any works based thereon, including without limitation, the Superman Concept.

8. Pursuant to the terms and conditions of an Agreement dated as of November 6, 1999 between DC and Warner Bros., a division of Time Warner Entertainment Company, L.P., a Delaware limited partnership, 4000 Warner Boulevard, Burbank, CA 91522 ("WB"), successor-in-interest to Warner, DC assigned an exclusive license to WB through December 31, 2033, throughout the universe, in the motion picture production, distribution and ancillary rights in the Superman Concept, including, without limitation, sequels and remakes. Pursuant to said Agreement, Warner has an exclusive license to produce, distribute and exploit motion pictures, remakes and sequels based on the Superman Concept.

9. Pursuant to an Agreement dated October 19, 2001 between Joanne Siegel and Laura Siegel Larson (heirs of Jerome Siegel), on the one hand, and DC, on the other hand, Siegel and Larson transferred to DC all of their rights in the Superman properties and the Superman Concept, in relevant part.

10. Pursuant to the terms and conditions of an Agreement dated as of June 1, 2004 between Red Sun Productions Pty Limited, an Australian corporation, Level 6, 116 Military Road, Neutral Bay, Australia ("RSP") and Warner Bros. Pictures Inc., a Delaware corporation, 4000 Warner Blvd., Burbank, CA 91522 ("WBPI"), successor-in-interest to Warner, WBPI engaged RSP to produce, on behalf of WBPI, one theatrical motion picture based on the Superman properties and the Superman Concept. Pursuant to said Agreement, RSP shall retain no rights in the proposed motion picture, all such rights being owned at all times during the production by WBPI.

11. Pursuant to the terms and conditions of an Agreement dated as of July 20, 2004, as amended, between WBPI and Danimal, Inc. f/s/o Dan Harris, a citizen and resident of the United States of America, c/o William Morris Agency, 151 El Camino Drive, Beverly Hills, CA 90212, Attn: Todd Feldman and Michael Dougherty, a citizen and resident of the United States of America, c/o William Morris Agency, 151 El Camino Drive, Beverly Hills, CA 90212 , Attn: Danny Greenberg, (collectively "Writer"), Writer wrote a first draft Screenplay ("Screenplay No. 1"), a second draft Screenplay ("Screenplay No. 2") and several Polishes (collectively "Screenplay No. 3") entitled "Red Sun" based on the Superman properties and the Superman Concept. Pursuant to said Agreement, the Writers assigned all of their respective right, title and interest in and to Screenplay No. 1, Screenplay No. 2 and Screenplay No. 3 to WBPI exclusively in perpetuity throughout the universe.

**EXHIBIT 1**

**6**

DC 00159

12.    WBPI produced a feature length motion picture entitled "Superman Returns" based on Screenplay Nos. 1 through 3 (the "Picture"). The Picture was recorded on tape in Australia by means of a Genesis Camera for transfer to film and the film was developed by Technicolor in Los Angeles, California.

13.    Pursuant to a general inter company agreement dated as of April 1, 2003, between WBPI, predecessor-in-interest to Warner Bros. Distributing Inc., a Delaware corporation, 4000 Warner Boulevard, CA 91522 ("WBDI") and Warner Bros. Entertainment Inc., a Delaware corporation, 4000 Warner Boulevard, Burbank, CA 91522 ("WBEI"), WBDI assigned to WBEI all of its distribution and exploitation rights in and to the Picture in perpetuity.

14.    Pursuant to a general inter company agreement dated as of April 1, 2003, between WBEI and Warner Bros. Pictures International, a division of Warner Bros. Distributing Inc., formerly a division of Warner Bros. Pictures Inc. ("International"), WBEI assigned to International the distribution and exploitation rights in the Picture throughout the universe in perpetuity.

15.    Under a general distribution agreement dated December 1, 2003 between International and Warner Bros. France S.A., a corporation organized under the laws of France, having an office at 115-123 avenue Charles De Gaulle, 92525 Neuilly sur Seine Cedex, France ("WBF"), the license to distribute the Picture for the territory of Metropolitan France (including Corsica), Andorra, Monaco, Algeria, Tunisia, Morocco, Mauritius, Madagascar, Haiti, Comores Island, Martinique, Guadeloupe, French Guiana, Reunion, French Polynesia, New Caledonia, Vanuatu (formerly New Hebrides), Wallis and Futuna Islands, and French Austral and Antarctic Lands and Djibouti; and ships and aircraft flying the French flag but not traveling to or from the United States as the political borders of each exist; and all diplomatic posts and camps, bases, installations and reservations of the military forces of France, for a period of one year from delivery of the positive print, was granted by International to WBF.


The foregoing statement has been read to the appearer; he ratified the contents thereof in my presence under oath.

WARNER BROS. PICTURES INTERNATIONAL, A DIVISION OF WARNER BROS. DISTRIBUTING INC.

Damon B. Bonesteel
Vice President


Subscribed and sworn before me this 12th day of June 2006.


Notary Public

CAROL F. TILTON
Commission # 1446186
Notary Public - California
Los Angeles County
My Comm. Expires Oct 28, 2007

**EXHIBIT 1**
**7**

DC 00160

REPUBLIQUE FRANCAISE
——————

**CENTRE NATIONAL DE LA CINEMATOGRAPHIE**
——————————

CONSERVATION DU REGISTRE PUBLIC
——————————

Délivré à

**WARNER BROS FRANCE**

**115/ 123 AVE CHARLES DE GAULLE**

**92525 NEUILLY SUR SEINE CEDEX**

Sur requête de WARNER BROS FRANCE

a été porté au registre des dépôts

le seize Juin 2006

l'acte n° 2006.7333 comportant 5 page(s) et

contenant les inscriptions :

**Numéro 2006.10600 sur l'oeuvre n°115721 dépôt n°12000**

RECU: La somme de **VINGT CINQ EUROS** réglée par :

Chèque n° 5905632 du 13/06/2006 sur BNP PARIBAS

N° 7221 du journal des perceptions

A Paris, le 16/06/2006

Le Conservateur du Registre Public
de la Cinématographie et de
l'Audiovisuel

Référence de l'acte : Titre SUPERMAN RETURNS
DISTRIBUTION                                                     En date du 12/06/2006
Bénéficiaire : WARNER BROS FRANCE Cédant : WARNER BROS PICTURES INTERNA

ROLE N°

000001

CONSERVATION DES REGISTRES
DE LA CINEMATOGRAPHIE
ET DE L´AUDIOVISUEL

**EXHIBIT 1**
8

ETATS-UNIS D'AMERIQUE          )
ETAT DE CALIFORNIE             ) ss :
COMTE DE LOS ANGELES           )

Le 12 juin 2006, a comparu en personne par devant moi, Notaire Public soussigné, le nommé Damon B. BONESTEEL qui apparaît dans le présent acte au nom et pour le compte de WARNER BROS. PICTURES INTERNATIONAL, une division de Warner Bros. Distributing Inc., et en qualité de Vice-président Exécutif de ladite société, lequel a certifié par devant moi être dûment habilité à agir en tant que tel.

Le comparant a formulé par devant moi les déclarations suivantes en son âme et conscience :

1.      Jerome Siegel, décédé, anciennement ressortissant et résident américain, et Joseph Shuster, décédé, anciennement ressortissant canadien et résident américain (« Siegel et Shuster »), ont, vers l'année 1938, écrit et illustré des personnages et histoires originaux pour une bande dessinée intitulée « Superman ». Aux termes d'un Acte signé en date du 1$^{er}$ mars 1938, tel qu'il a été par la suite modifié et/ou reformulé (notamment le 22 septembre 1938, le 19 décembre 1939, le 19 mai 1948 et le 21 mai 1948), entre Siegel et Shuster, d'une part, et Detective Comics, Inc., 480 Lexington Avenue, New York, New York (« Detective »), d'autre part, Siegel et Shuster ont vendu et cédé à Detective l'ensemble de leurs droits, titres de propriété et intérêts respectifs afférents à ladite bande dessinée intitulée « Superman ». Par cet Acte, sous sa forme modifiée et/ou reformulée, Detective a acquis, pour l'essentiel, tous les droits, titres de propriété et intérêts afférents aux droits cinématographiques exclusifs, aux personnages, aux visuels et à l'intrigue de ladite bande dessinée (le « Concept Superman »).

2.      Suite à la fusion vers septembre 1946 de plusieurs sociétés d'édition, dont, pour l'essentiel, Detective, National Comics Publications, Inc., sise à New York (adresse réelle inconnue), est devenue la société mère de Detective. En vertu d'un Acte de cession en date du 24 février 1947, Detective a cédé à National Comics Publications, Inc. les droits sur le Concept Superman. Par cet Acte, National Comics Publications, Inc. a acquis tous les droits, titres de propriété et intérêts de Detective afférents au Concept Superman.

3.      Aux termes d'un Acte de cession et de consolidation en date du 20 janvier 1966, National Periodical Publications, Inc. est venue aux droits de National Comics Publications, Inc.. Par cet Acte, National Periodical Publications, Inc. est devenue le propriétaire de tous les droits, titres de propriété et intérêts afférents à Detective et, pour une partie essentielle, du Concept Superman.

4.      Suite à la fusion en 1966 de Kinney Parking Company et de National Cleaning Company, Steve Ross, décédé, a pris la direction d'une société connue sous le nom de Kinney National. Du fait de son établissement dans l'Etat de New York en novembre 1967, Kinney National est devenue KNS Publishing Company, Inc. (« KNS »). Suite à la fusion en 1968 de National Periodical Publications, Inc. et KNS, la société ainsi formée a conservé le nom de National Periodical Publications, Inc. National Periodical Publications, Inc. a acquis en 1969 Warner Bros. – Seven Arts, société de droit de l'Etat du Delaware, 666 Fifth Avenue, New York, New York. En 1972, National Periodical Publications, Inc. a cédé ses actifs ne relevant pas du monde du spectacle et est devenue membre du groupe Warner Communications Inc., société de droit de l'Etat du Delaware, 75 Rockefeller Plaza, New York, New York 10019

ROLE N°
000002
CONSERVATION DES REGISTRES
DE LA CINEMATOGRAPHIE

N° 2006-10.600

**EXHIBIT 1**
9

DC 00162

(« WCI »). Par ces acquisitions et fusions successives, WCI est devenue en 1972 la société mère de National Periodical Publications, Inc.

5.    Aux termes d'un Accord passé en date du 23 décembre 1975 entre Siegel et Shuster, c/o Edmund Preiss, chez Kane, Kessler, Proujansky, Priess & Permutt, d'une part, et WCI et ses filiales, dont National Periodical Publications, Inc., d'autre part, Siegel et Shuster ont reconnu et accepté que WCI était le propriétaire exclusif de tous les droits, titres de propriété et intérêts afférents au Concept Superman, y compris, notamment, les personnages, visuels et droits cinématographiques, dans le monde entier et à perpétuité. Par cet Accord, WCI possède les droits de production cinématographique, de distribution et annexes sur le Concept Superman, dans le monde entier et à perpétuité, y compris les copyrights et marques s'y rapportant.

6.    Vers août 1976, National Periodical Publications, Inc. est devenue DC Comics, Inc.. Aux termes d'un Acte de cession signé en date du 30 juin 1992 entre Detective, DC Comics, Inc., société venant aux droits de National Periodical Publications, Inc., 1700 Broadway, 3rd floor, New York, New York 10019, DC Comics étant une partnership de droit new-yorkais sise au 1700 Broadway, 3rd floor, New York, New York 10019 (« DC »), et Warner Bros. Inc., société de droit de l'Etat du Delaware, 4000 Warner Boulevard, Burbank, CA 91522, filiale de WCI (« Warner »), Detective a cédé à Warner l'ensemble de ses droits, titres de propriété et intérêts afférents, notamment, aux albums de bandes dessinées Superman, et Warner a, à son tour, cédé simultanément à DC l'ensemble de ses droits, titres de propriété et intérêts afférents auxdits biens, y compris, notamment tous les copyrights et reconductions, tous les droits dans le cadre de copyright, y compris le droit de préparer des oeuvres dérivées, toutes les versions desdits biens et tous les droits sur les biens sous-jacents.

7.    En vertu d'un Acte signé en date du 1er août 1992 entre Frank Shuster et Jean Shuster Peavy (héritiers de Joseph Shuster), d'une part, et DC, d'autre part, Shuster et Peavy ont cédé à perpétuité à DC tous les droits dans le cadre de tous copyrights, marques ou autres droits patrimoniaux sur toute oeuvre créée en tout ou partie par Joseph Shuster ou toute oeuvre tirée de celle-ci, y compris, notamment, le Concept Superman.

8.    Aux termes d'un Accord passé en date du 6 novembre 1999 entre DC et Warner Bros., une division de Time Warner Entertainment Company, L.P., société en commandite simple de l'Etat du Delaware, 4000 Warner Boulevard, Burbank, CA 91522 (« WB »), société venant aux droits de Warner, DC a consenti à WB, jusqu'au 31 décembre 2033 et dans le monde entier, une licence exclusive sur les droits de production cinématographique, de distribution et annexes sur le Concept Superman, y compris, notamment, les suites et remakes. Par cet Accord, Warner détient une licence exclusive de production, de distribution et d'exploitation de films, remakes et suites tirés du Concept Superman.

9.    En vertu d'un Acte signé en date du 19 octobre 2001 entre Joanne Siegel et Laura Siegel Larson (héritiers de Jerome Siegel), d'une part, et DC, d'autre part, Siegel et Larson ont cédé à DC l'ensemble de leurs droits sur les biens Superman et le Concept Superman pour l'essentiel.

10.    Aux termes d'un Acte signé en date du 1er juin 2004 entre Red Sun Productions Pty Limited, société australienne, Level 6, 116 Military Road, Neutral Bay, Australie (« RSP »), et Warner Bros. Pictures Inc., société de l'Etat du Delaware, 4000 Warner Boulevard,

ROLE N°

000063

CONSERVATION DES REGISTRES
DE LA CINEMATOGRAPHIE

Monique
ROUZET LELIÈVRE
Expert - Traducteur
Agréé par la Cour
de Cassation
ANGLAIS

**EXHIBIT 1**

**10**

DC 00163

Burbank, CA 91522 (« WBPI »), société venant aux droits de Warner, WBPI a engagé RSP pour produire, pour le compte de WBPI, un film cinématographique commercial tiré des biens Superman et du Concept Superman. Par cet Acte, RSP n'a conservé aucun droit sur le projet de film, l'ensemble de ces droits étant possédé, pendant toutes les phases de la production, par WBPI.

11.     En vertu d'un Acte signé en date du 20 juillet 2004, tel que modifié, entre WBPI et Danimal, Inc., intervenant pour les services de Dan Harris, ressortissant et résident américain, c/o William Morris Agency, 151 El Camino Drive, Beverly Hills, CA 90212, à l'attention de Todd Feldman, et Michael Dougherty, ressortissant et résident américain, c/o William Morris Agency, 151 El Camino Drive, Beverly Hills, CA 90212, à l'attention de Danny Greenberg (collectivement « les Auteurs »), les Auteurs ont écrit une première ébauche de scénario (le « Scénario N° 1 »), une seconde ébauche de scénario (le « Scénario N° 2 »), et plusieurs peaufinages (collectivement le « Scénario N° 3 ») intitulés « Red Sun » et tirés des biens Superman et du Concept Superman. Par cet Acte, les Auteurs ont cédés à WBPI l'ensemble de leurs droits, titres de propriété et intérêts afférents au Scénario N° 1, au Scénario N° 2 et au Scénario N° 3, en exclusivité, à perpétuité et dans le monde entier.

12.     WBPI a produit un long-métrage cinématographique intitulé « Superman Returns » et tiré des Scénarios N° 1 à 3 inclus (le « Film »). Le film a été enregistré sur bande en Australie au moyen d'une caméra Genesis à fins de transfert sur pellicule et la pellicule a été développée par Technicolor à Los Angeles en Californie.

13.     En vertu d'un accord général inter-sociétés signé en date du 1er avril 2003 entre WBPI, prédécesseur de Warner Bros. Distributing, Inc., société de droit de l'Etat du Delaware, 4000 Warner Boulevard, CA 91522 (« WBDI »), et Warner Bros. Entertainment Inc., société de droit de l'Etat du Delaware, 4000 Warner Boulevard, Burbank, CA 91522 (« WBEI »), WBDI a cédé à WBEI tous ses droits de distribution et d'exploitation sur le Film et ce, à perpétuité.

14.     Aux termes d'un accord général inter-sociétés signé en date du 1er avril 2003 entre WBEI et Warner Bros. Pictures International, une division de Warner Bros. Distributing Inc., ancienne division de Warner Bros. Pictures Inc. (« International »), WBEI a cédé à International les droits de distribution et d'exploitation du Film dans le monde entier et à perpétuité.

15.     Aux termes d'un accord général de distribution signé en date du 1er décembre 2003 entre International et Warner Bros. France S.A., société de droit français ayant ses bureaux au 115-123 avenue Charles de Gaulle, 92525 Neuilly sur Seine Cedex, France (« WBF »), une licence de distribution du Film sur le territoire de la France Métropolitaine (y compris la Corse), d'Andorre, de Monaco, de l'Algérie, de la Tunisie, du Maroc, de l'Ile Maurice, de Madagascar, de Haïti, des Comores, de la Martinique, de la Guadeloupe, de la Guyane Française, de la Réunion, de la Polynésie Française, de la Nouvelle Calédonie, de Vanuatu (anciennes Nouvelles Hébrides), de Wallis et Futuna, des Terres Australes et Antarctiques Françaises et Djibouti, et sur les navires et dans les avions battant pavillon français mais ne provenant pas ni n'étant à destination des Etats-Unis, en l'état de leurs frontières politiques actuelles, et dans tous les postes diplomatiques, camps, bases, installations et réserves des forces militaires de la France, a été accordée par International à WBF pour une durée d'un an à compter de la livraison de la copie positive.

ROLE N°

000004

CONSERVATION DES REGISTRES
DE LA CINEMATOGRAPHIE

Monique
ROUZET LELIÈVRE
Expert - Traducteur
Agréé par la Cour
de Cassation
ANGLAIS
1 rue Pierre Bocher - 95230 SOISY

**EXHIBIT 1**

11

DC 00164

La déclaration ci-dessus a été lue au comparant qui en a ratifié le contenu en ma présence sous la foi du serment.

WARNER BROS. PICTURES INTERNATIONAL, UNE DIVISION DE WARNER BROS. DISTRIBUTING INC.

(signature manuscrite)
Damon B. Bonesteel
Vice-président

Signé et déclaré sous serment par devant moi ce 12 juin 2006.

(signé) Carol F. TILTON
Notaire Public

| | |
|---|---|
| Sceau rond : | CAROL F. TILTON |
| Grand Sceau de | Charge N° 1448186 |
| l'Etat de Californie | Notaire Public - Californie |
| Eurêka | Comté de Los Angeles |
| | Ma Charge Expire le 28 octobre 2007 |



Pour traduction Certifiée Conforme
à l'original en langue *anglaise*
visé ne variétur sub n° 2006/420
SOISY, le 15 juin 2006

ROLE N°
000005
CONSERVATION DES REGISTRES
DE LA CINEMATOGRAPHIE
ET DE L'AUDIOVISUEL

**EXHIBIT 1**
12

DC 00165



**WARNER BROS.**
**WARNER BROS. PICTURES FRANCE**

# DECLARATION

La société WARNER BROS. FRANCE, déclare que le film :

**SUPERMAN RETURNS**

sera exploité sous le titre français :

**SUPERMAN RETURNS**

Paris, le: 16/06/06

Lori Rault
Directrice Service Technique

Celine Laborie
Service Technique



ROLE N°
009006
ed dernier
CONSERVATION DES REGISTRES
DE LA CINEMATOGRAPHIE
ET DE L'AUDIOVISUEL

Une division de WARNER BROS. FRANCE
Société Anonyme au capital de 20.825.827 € - Siège Social : 115/123, Avenue Charles de Gaulle - 92525 NEUILLY SUR SEINE Cedex
RCS Nanterre B 320 623 846 - Siret 320 623 846 00070 - Code APE 921 C - N° TVA intracommunautaire : FR 53 320 623 846

**EXHIBIT 1**
**13**

**DC 00166**

**REGISTRES**
**DE LA CINEMATOGRAPHIE**
**ET DE L'AUDIOVISUEL**
11, rue Galilée
75116 PARIS

**REQUETE D'INSCRIPTION**

| | |
|---|---|
| Raison sociale du requérant<br>Adresse de correspondance | WARNER BROS France<br>115/123, avenue Charles De Gaulle<br>92525 Neuilly sur Seine Cedex |
| Personne à contacter | Céline LABORIE | Tél. : 01 72 25 10 93<br>Courriel : celine.laborie@warnerbros.com |

**Contrat signé le  12 / 06 / 2006**

Entre :  WARNER BROS PICTURES INC. (USA)

Et :    WARNER BROS FRANCE

Contrat  en Anglais ☒    déposé en Version originale ☐        accompagné   d'une traduction jurée ☒
(affidavit)          en Espagnol ☐                          d'un résumé          ☐

Objet : DISTRIBUTION

Valeurs :

**Œuvres ou Projets**

| Numéro au R.P.C.A. ou au<br>Registre des Options | Titre |
|---|---|
| | **SUPERMAN RETURNS** |

Emoluments à prélever sur le compte client n°.....☐                A...Neuilly sur Seine., le  14/06/06...................

Nom et qualité    Céline LABORIE
Service technique

**WARNER BROS. PICTURES FRANCE**
Une division de WARNER BROS. France
115/123, Avenue Charles de Gaulle
92525 NEUILLY-SUR-SEINE CEDEX
Tél. : 01 72 25 00 00
RCS Nanterre commercial
Siren 320 623 846

**EXHIBIT 1**
14

DC 00167

**REGISTRE PUBLIC
DE LA CINÉMATOGRAPHIE
ET DE L'AUDIOVISUEL**
11, rue Galilée
75116 PARIS

**REQUETE D'IMMATRICULATION**

**FILMS ETRANGERS**

| | |
|---|---|
| Raison sociale du requérant<br>Adresse de correspondance | WARNER BROS France<br>115/123, avenue Charles De Gaulle<br>92525 Neuilly sur Seine Cedex |
| Personne à contacter | Céline LABORIE     Tél. : 01 72 25 10 93<br>Courriel : celine.laborie@warnerbros.com |

| Titre<br>de l'œuvre<br>(Sous-titre éventuel) | **SUPERMAN RETURNS** |
|---|---|

Titre original          …SUPERMAN RETURNS………………………………………………

Titre international      …SUPERMAN RETURNS………………………………………………

Producteur de
l'œuvre étrangère       …WARNER BROS PICTURES INC (USA)……………………………

**Caractéristiques**

Durée :…2…….h………34….m………s          Fiction ☒     Documentaire ☐     Animation ☐

**CESSIONS DE DROITS D'AUTEUR A JOINDRE**

Si l'œuvre cinématographique est tirée d'une œuvre préexistante (roman, bande dessinée, pièce de théâtre), préciser le titre et le nom de l'auteur de cette œuvre :
…………………………………………………………………………………………………………………………

| Auteurs | Qualité<br>(scénariste, dialoguiste, …) | Date de la cession<br>des droits d'auteur |
|---|---|---|
| Dan Harris | Scénariste | 20/07/2004 |
| Michael Dougherty | Scénariste | 20/07/2004 |
| | | |

Emoluments à prélever sur le compte client  n°…….☐      A…Neuilly sur Seine……., le …14 juin 2006……………………

Nom et qualité           LABORIE Céline
du signataire            Service technique

**WARNER BROS. PICTURES FRANCE**
Une division de WARNER BROS. France
115/123, Avenue Charles de Gaulle
92525 NEUILLY-SUR-SEINE CEDEX
Tél. : 01 72 25 00 00
RCS Nanterre B 320 623 846
Siren 320 623 846
Cachet commercial

Réservé au service : Doublon : Lettre remise ☐     Lettre demandée ☐

**EXHIBIT 1**
**15**

DC 00168

# EXHIBIT 2



**WARNER BROS.
PICTURES INC.**

Donna Josephson
Associate General Counsel
September 10, 2007

Canadian Audio-Visual Certification Office
100 Sparks Street, 4th Floor
Ottawa, Ontario K1A 0M5
Canada

Re:    **"SUPERMAN RETURNS"**

Gentlepersons:

The undersigned, Donna L. Josephson, is a practicing member of the California State Bar and Associate General Counsel at Warner Bros. Pictures, a division of WB Studio Enterprises Inc. ("WB"), with its principal offices at 4000 Warner Boulevard, Burbank, California 91522, United States of America.

The following sets forth the chain-of-title with respect to the motion picture entitled "SUPERMAN RETURNS" (the "Picture"):

1.    Jerome Siegel and Joseph Shuster, both of whom are now deceased (collectively, "Authors"), wrote and illustrated original character and stories for a comic strip property ("Underlying Material") entitled "Superman" in or around 1938.  Pursuant to an Agreement dated as of March 1, 1938 (as amended and/or restated from time to time thereafter, including on September 22, 1938; December 19, 1939; May 19, 1948; and May 21, 1948), between Authors and Detective Comics, Inc. ("Detective"), Authors sold and transferred to Detective all of their respective right in and to the comic strip, including exclusive motion picture rights, the character, the artwork and the storyline contained therein (collectively, the "Superman Concept").

2.    Pursuant to a merger among several publishing companies, including Detective, in or around September 1946, National Comics Publications, Inc. ("National Comics") became the parent company of Detective, and National Comics acquired all of Detective's rights in and to the Superman Concept pursuant to an Assignment dated February 24, 1947 from Detective to National Comics.

3.    Pursuant to an Assignment and Consolidation Agreement dated January 20, 1966, National Periodical Publications, Inc. ("NPP") became successor-in-interest to National Comics, and thereby became owner of the Superman Concept.

4.    NPP acquired Warner Bros.-Seven Arts corporation, in 1969, and then NPP divested its non-entertainment holdings and became part of the group Warner Communications Inc.

PCDocs #105436

A Warner Bros. Entertainment Company

4000 Warner Boulevard, Burbank, California 91522
(818) 954-4694 • Fax: (818) ███-████ • donna.josephson@warnerbros.com
**EXHIBIT 2**
**16**

**DC 00169**

Canadian Audio-Visual Certification Office
September 10, 2007
Page 2

("WCI"), a Delaware corporation, in 1972. Pursuant to said successive acquisitions and mergers, WCI became the parent company of NPP in 1972.

5.     Pursuant to the terms and conditions of an Agreement dated as of December 23, 1975 between Authors and WCI and its subsidiaries, inclusive of NPP, Authors agreed and acknowledged that WCI is the sole and exclusive owner of all of the right, title and interest in and to the Superman Concept, including, without limitation, the characters, artwork, and motion picture rights, throughout the world in perpetuity. Pursuant to said Agreement, WCI owns the motion picture production, distribution and ancillary rights in the Superman Concept throughout the world in perpetuity, inclusive of copyrights and trademarks therein.

6.     In or around August 1976, NPP changed its name to DC Comics, Inc.

7.     Pursuant to an Assignment dated as of June 30, 1992, among DC Comics, Inc. (successor-in-interest to NPP), DC Comics, a New York Partnership ("DC") and Warner Bros. Inc., a subsidiary of WCI ("Warner"), on the one hand, and Detective, on the other hand, Detective assigned to Warner all of its right, title and interest in, among other properties, the Superman Underlying Material and Warner, in turn, simultaneously assigned to DC all of its right, title and interest in said property.

7.     Pursuant to an Agreement dated as of August 1, 1992 between Frank Shuster and Jean Shuster Peavy (heirs of Joseph Shuster), on the one hand, and DC, on the other hand, Shuster and Peavy granted to DC in perpetuity all rights in any copyrights, trademarks or other property rights in any and all work created in whole or in part by Joseph Shuster, or any works based thereon, including without limitation, the Superman Concept.

8.     Pursuant to an Agreement dated as of November 6, 1999 between DC and Warner Bros., a division of Time Warner Entertainment Company, L.P. ("WB"), successor-in-interest to Warner,  DC assigned an exclusive license to WB through December 31, 2033, throughout the universe, in the motion picture production, distribution and ancillary rights in the Superman Concept, including, without limitation, sequels and remakes. Pursuant to said Agreement, Warner has an exclusive license to produce, distribute and exploit motion pictures, remakes and sequels based on the Superman Concept.

9.     Pursuant to an Agreement dated October 19, 2001 between Joanne Siegel and Laura Siegel Larson (heirs of Jerome Siegel), on the one hand, and DC, on the other hand, Siegel and Larson transferred to DC all of their rights in the Superman properties and the Superman Concept, in relevant part.

10.     Pursuant to the terms and conditions of an Agreement dated as of June 1, 2004 between Red Sun Productions Pty Limited, an Australian corporation ("Red Sun") and Warner Bros. Pictures Inc. ("WBPI"), successor-in-interest to WB, WBPI engaged Red Sun to produce, on behalf of WBPI, one theatrical motion picture based on the Superman properties

**EXHIBIT 2**

**17**

**DC 00170**

Canadian Audio-Visual Certification Office
September 10, 2007
Page 3

and the Superman Concept.  Pursuant to said Agreement, Red Sun shall retain no rights in the proposed motion picture, all such rights being owned at all times during the production by WBPI.

12.    The Screenplay for the Picture was written as a work for hire for WBPI by Dan Harris ("Harris") and Michael Dougherty ("Dougherty"), pursuant to a Writer Loanout/Employment Agreement dated as of July 20, 2004, as amended.

13.    Red Sun (on behalf of WBPI as provided in Paragraph 10 above) produced a feature length motion picture entitled "Superman Returns" based on screenplay written by Harris & Dougherty (the "Picture").

14.    Pursuant to 3 separate visual effects agreements dated January 26, 2005, April 4, 2005 and April 27, 2005, respectively, Red Sun engaged the following Frantic Film Entitles to perform visual effects services for the Picture:  Frantic Films Australia Pty Ltd (for work to be performed in Australia) and Frantic Films Pacific, Inc. (for work to be performed in Canada).

Very truly yours,

Donna L. Josephson

DLJ/tg

cc:    Karen Fouts
       Ken Zorniak

**EXHIBIT 2**
**18**

**DC 00171**

# EXHIBIT 3

1   DANIEL M. PETROCELLI (S.B. #097802)
      dpetrocelli@omm.com
2   MATTHEW T. KLINE (S.B. #211640)
      mkline@omm.com
3   CASSANDRA L. SETO (S.B. #246608)
      cseto@omm.com
4   O'MELVENY & MYERS LLP
    1999 Avenue of the Stars, 7th Floor
5   Los Angeles, CA  90067-6035
    Telephone:  (310) 553-6700
6   Facsimile:   (310) 246-6779

7   PATRICK T. PERKINS (admitted *pro hac vice*)
      pperkins@ptplaw.com
8   PERKINS LAW OFFICE, P.C.
    1711 Route 9D
9   Cold Spring, NY 10516
    Telephone:  (845) 265-2820
10  Facsimile:   (845) 265-2819

11  Attorneys for Plaintiff DC Comics

12              UNITED STATES DISTRICT COURT

13            CENTRAL DISTRICT OF CALIFORNIA

14  DC COMICS,                          | Case No. CV 10-3633 ODW (RZx)

15              Plaintiff,              | **PLAINTIFF DC COMICS'**
                                        | **OBJECTIONS AND RESPONSES**
16          v.                          | **TO DEFENDANT MARK**
                                        | **WARREN PEARY'S FIRST SET**
17  PACIFIC PICTURES                    | **OF REQUESTS FOR**
    CORPORATION, IP WORLDWIDE,          | **PRODUCTION**
18  LLC, IPW, LLC, MARC TOBEROFF,       |
    an individual, MARK WARREN          | Hon. Otis D. Wright II
19  PEARY, as personal representative of |
    the ESTATE OF JOSEPH SHUSTER,       | Complaint Filed:  May 14, 2010
20  JEAN ADELE PEAVY, an individual,    | Trial Date:       None Set
    LAURA SIEGEL LARSON, an             |
21  individual and as personal          |
    representative of the ESTATE OF     |
22  JOANNE SIEGEL, and DOES 1-10,       |
    inclusive,                          |
23                                      |
                Defendants.             |
24  _____    |

25  PROPOUNDING PARTY:    Mark Warren Peary

26  RESPONDING PARTY:     DC Comics

27  SET NUMBER:           One (Nos. 1-68)

28

1    Pursuant to Federal Rule of Civil Procedure 34, plaintiff DC Comics ("DC")

2   hereby objects and responds to defendant Mark Warren Peary's ("Peary") First

3   Request for Production of Documents and Things (the "Requests").

4                                    **PRELIMINARY STATEMENT**

5    DC's Objections and Responses to Defendant Mark Warren Peary's First Set

6   of Requests for Production ("Responses") are based on the information reasonably

7   and currently known to DC.  These Requests for Production, along with Mr.

8   Peary's contemporaneously served Interrogatories, represent the first discovery

9   served by defendants in this action, and defendants have only recently served their

10   Answer in this case.  Responses to many of the requests can be addressed by

11   defendants' referencing to DC's complaint (Docket No. 49; *id*. Ex. A Docket No.

12   49 Ex. A), all the briefing to date in this action—including, but not limited to, the

13   briefing and exhibits filed in connection with defendants' Rule 12 and SLAPP

14   motions (Docket Nos. 30, 30-1 to 30-5, 31, 31-1, 31-2, 32, 33, 33-1 to 33-4, 34, 34-

15   1, 34-2, 35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to 77-3, 78, 78-1 to 78-2, 79, 80, 80-1

16   to 80-4, 81, 89, 90, 91, 92, 93, 94, 94-1 to 94-40, 98, 98-1 to 98-4, 99, 99-1 to 99-2,

17   100, 100-1 to 100-3, 102, 102-1, 103, 103-1, 106, 107, 108, 146, 146-1 to 146-4,

18   147, 147-1 to 147-3, 148, 148-1 to 148-5, 149, 150, 151, 154, 156, 181, 182, 182-1

19   to 182-40, 183, 183-1 to 183-4, 184, 185, 186, 191, 191-1, 192, 192-1 to 192-3,

20   193, 193-1 to 193-2, 194, 195, 195-1, 196, 196-1 to 196-4, 201, 202, 203, 304, 305-

21   1 to 305-59, 306 (errata), 307, 308, 312, 312-1 to 312-2, 313, 314, 314-1 to 314-3,

22   333, 333-1 to 333-3, 334, 334-1 to 334-13, 335, 338, 338-1)—and all discovery in

23   this action and the *Siegel* action (*e.g.*, DCC00000001-154435 and WB000001-

24   149488)—including, but not limited to, all deposition testimony in those cases and

25   here.  All of these sources are incorporated by reference herein.

26    In making this document production pursuant to the parties' December 7,

27   2010 stipulation in this case, DC will reference by Bates number documents already

28   produced in the *Siegel* litigations and this case, rather than re-copy and reproduce

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT 3**
**20**

1  such documents.  Given that discovery is ongoing, expert discovery has not yet

2  begun, third-party discovery still needs to be taken, and defendants continue their

3  efforts to stymie DC's discovery in this case, DC reserves all rights to supplement

4  these Responses as more information becomes available.

5        Consistent with the parties' December 7, 2010 stipulation, DC will not log

6  documents subject to a claim of attorney-client privilege, work-product privilege, or

7  any other privilege available under law that were created on or after May 14, 2010.

8  As to documents created prior to May 14, 2010, DC will not log work product or

9  privileged communications solely between or among DC's counsel, including

10 outside and in-house counsel.  Logging such documents would constitute an

11 unreasonable and undue burden.

12       By these Responses, DC does not intend to waive, and does not waive, any

13 objection at trial to the admission into evidence of these Responses, in whole or in

14 part, or the documents produced in connection with it.  Rather, DC intends to

15 preserve, and does preserve, all objections to the admission into evidence of these

16 Responses, in whole or in part, and the documents produced in connection with

17 them, including, without limitation, objections based on relevance, foundation,

18 authenticity, or privilege, as well as any and all objections based on the Federal

19 Rules of Evidence or otherwise.  As noted  below, DC also reserves all privilege

20 objections, and directs defendants to its privilege logs previously produced.

21              **SPECIFIC OBJECTIONS AND RESPONSES**

22 **Request No. 1**

23       All COMMUNICATIONS between YOU AND Mark Warren Peary.

24 **Response to Request No. 1**

25       DC objects to this Request on the grounds that it is indefinite as to time and

26 not reasonably limited in scope.  DC further objects to the extent this Request calls

27 for irrelevant information and calls for a search for documents that is unduly

28 expensive, overbroad, unduly burdensome, and oppressive.  DC further objects to

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT 3**
**21**

1   this Request to the extent it seeks documents that defendants have refused to

2   produce in response to discovery served by DC, including but not limited to

3   screenplays Mr. Peary sent to DC.

4         DC objects to the definition of "YOU" as vague and overbroad and will

5   respond to this term as limited to the relevant custodians at DC and Warner Bros.

6   Entertainment Inc.  DC objects to the definition of "COMMUNICATION" as

7   vague and overbroad and will respond to this term as excluding any documents

8   filed in connection with prior or ongoing litigation.  DC objects to the extent the

9   Request seeks production of "all COMMUNICATIONS" on the ground that such

10  request is overly broad, unduly burdensome, oppressive, and not reasonably

11  calculated to lead to the discovery of admissible evidence.  As used in these

12  Responses, the phrase "all COMMUNICATIONS," or phrases of similar import,

13  should be understood to mean those documents DC and its counsel were able to

14  locate using reasonable diligence and reasonable judgment concerning the

15  whereabouts of such documents.

16        Subject to and without waiving all foregoing objections, DC has conducted a

17  reasonably diligent search of the documents in the possession, custody, or control

18  of relevant custodians and produces herewith by designation or otherwise all non-

19  privileged, responsive documents.  Given that discovery is ongoing in this case, DC

20  expressly reserves its right to supplement these Responses, if need be, as more

21  information becomes available, and to use in discovery and at trial any information

22  omitted from these Responses as a result of mistake, inadvertence, or oversight.

23  **Request No. 2**

24        All COMMUNICATIONS between YOU AND Jean Adele Peavy.

25  **Response to Request No. 2**

26        DC objects to this Request on the grounds that it is indefinite as to time and

27  not reasonably limited in scope.

28

- 3 -

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT 3**

**22**

1    DC objects to the definition of "YOU" as vague and overbroad and will

2    respond to this term as limited to the relevant custodians of DC and Warner Bros.

3    Entertainment Inc.  DC objects to the definition of "COMMUNICATIONS" as

4    vague and overbroad and will respond to this term as excluding any documents

5    filed in connection with prior or ongoing litigation.  DC objects to the extent the

6    Request seeks production of "all COMMUNICATIONS" on the ground that such

7    request is overly broad, unduly burdensome, oppressive, and not reasonably

8    calculated to lead to the discovery of admissible evidence.  As used in these

9    Responses, the phrase "all COMMUNICATIONS," or phrases of similar import,

10   should be understood to mean those documents DC and its counsel were able to

11   locate using reasonable diligence and reasonable judgment concerning the

12   whereabouts of such documents.

13       Subject to and without waiving all foregoing objections, DC has conducted a

14   reasonably diligent search of the documents in the possession, custody, or control

15   of relevant custodians and produces herewith by designation or otherwise all non-

16   privileged, responsive documents.  Given that discovery is ongoing in this case, DC

17   expressly reserves its right to supplement these Responses, if need be, as more

18   information becomes available, and to use in discovery and at trial any information

19   omitted from these Responses as a result of mistake, inadvertence, or oversight.

20   **Request No. 3**

21       All COMMUNICATIONS between YOU AND Frank Shuster.

22   **Response to Request No. 3**

23       DC objects to this Request on the grounds that it is indefinite as to time and

24   not reasonably limited in scope.

25       DC objects to the definition of "YOU" as vague and overbroad and will

26   respond to this term as limited to the relevant custodians of DC and Warner Bros.

27   Entertainment Inc.  DC objects to the definition of "COMMUNICATIONS" as

28   vague and overbroad and will respond to this term as excluding any documents

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT 3**

**23**

1    filed in connection with prior or ongoing litigation.  DC objects to the extent the

2    Request seeks production of "all COMMUNICATIONS" on the ground that such

3    request is overly broad, unduly burdensome, oppressive, and not reasonably

4    calculated to lead to the discovery of admissible evidence.  As used in these

5    Responses, the phrase "all COMMUNICATIONS," or phrases of similar import,

6    should be understood to mean those documents DC and its counsel were able to

7    locate using reasonable diligence and reasonable judgment concerning the

8    whereabouts of such documents.

9         Subject to and without waiving all foregoing objections, DC has conducted a

10   reasonably diligent search of the documents in the possession, custody, or control

11   of relevant custodians and produces herewith by designation or otherwise all non-

12   privileged, responsive documents.  Given that discovery is ongoing in this case, DC

13   expressly reserves its right to supplement these Responses, if need be, as more

14   information becomes available, and to use in discovery and at trial any information

15   omitted from these Responses as a result of mistake, inadvertence, or oversight.

16   **Request No. 4**

17        All COMMUNICATIONS between YOU AND Dawn Peavy.

18   **Response to Request No. 4**

19        DC objects to this Request on the grounds that it is indefinite as to time and

20   not reasonably limited in scope.

21        DC objects to the definition of "YOU" as vague and overbroad and will

22   respond to this term as limited to the relevant custodians of DC and Warner Bros.

23   Entertainment Inc.  DC objects to the definition of "COMMUNICATIONS" as

24   vague and overbroad and will respond to this term as excluding any documents

25   filed in connection with prior or ongoing litigation.  DC objects to the extent the

26   Request seeks production of "all COMMUNICATIONS" on the ground that such

27   request is overly broad, unduly burdensome, oppressive, and not reasonably

28   calculated to lead to the discovery of admissible evidence.  As used in these

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT 3**
**24**

1  Responses, the phrase "all COMMUNICATIONS," or phrases of similar import,

2  should be understood to mean those documents DC and its counsel were able to

3  locate using reasonable diligence and reasonable judgment concerning the

4  whereabouts of such documents.

5  Subject to and without waiving all foregoing objections, DC has conducted a

6  reasonably diligent search of the documents in the possession, custody, or control

7  of relevant custodians and produces herewith by designation or otherwise all non-

8  privileged, responsive documents.  Given that discovery is ongoing in this case, DC

9  expressly reserves its right to supplement these Responses, if need be, as more

10  information becomes available, and to use in discovery and at trial any information

11  omitted from these Responses as a result of mistake, inadvertence, or oversight.

12  **Request No. 5**

13  All COMMUNICATIONS between YOU AND Joseph Shuster.

14  **Response to Request No. 5**

15  DC objects to this Request on the grounds that it is indefinite as to time and

16  not reasonably limited in scope.

17  DC objects to the definition of "YOU" as vague and overbroad and will

18  respond to this term as limited to the relevant custodians of DC and Warner Bros.

19  Entertainment Inc.  DC objects to the definition of "COMMUNICATIONS" as

20  vague and overbroad and will respond to this term as excluding any documents

21  filed in connection with prior or ongoing litigation.  DC objects to the extent the

22  Request seeks production of "all COMMUNICATIONS" on the ground that such

23  request is overly broad, unduly burdensome, oppressive, and not reasonably

24  calculated to lead to the discovery of admissible evidence.  As used in these

25  Responses, the phrase "all COMMUNICATIONS," or phrases of similar import,

26  should be understood to mean those documents DC and its counsel were able to

27  locate using reasonable diligence and reasonable judgment concerning the

28  whereabouts of such documents.

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT 3**

**25**

1    Subject to and without waiving all foregoing objections, DC has conducted a

2   reasonably diligent search of the documents in the possession, custody, or control

3   of relevant custodians and produces herewith by designation or otherwise all non-

4   privileged, responsive documents.  Given that discovery is ongoing in this case, DC

5   expressly reserves its right to supplement these Responses, if need be, as more

6   information becomes available, and to use in discovery and at trial any information

7   omitted from these Responses as a result of mistake, inadvertence, or oversight.

8   **Request No. 6**

9    All drafts of the 1992 AGREEMENT.

10   **Response to Request No. 6**

11    DC objects to this Request to the extent that it seeks information protected by

12   the attorney-client privilege, the attorney work product doctrine, or any other

13   applicable privilege or immunity.

14    DC has conducted a reasonably diligent search of the documents in the

15   possession, custody, or control of relevant custodians and produces herewith by

16   designation or otherwise all non-privileged, responsive documents.  Given that

17   discovery is ongoing in this case, DC expressly reserves its right to supplement

18   these Responses, if need be, as more information becomes available, and to use in

19   discovery and at trial any information omitted from these Responses as a result of

20   mistake, inadvertence, or oversight.

21   **Request No. 7**

22    All DOCUMENTS that RELATE to the 1992 AGREEMENT.

23   **Response to Request No. 7**

24    DC objects to this Request on the grounds that it is indefinite as to time and

25   not reasonably limited in scope.  DC further objects to the extent that it seeks

26   information protected by the attorney-client privilege, the attorney work product

27   doctrine, or any other applicable privilege or immunity.

28

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT 3**

**26**

1    DC objects to the extent the Request seeks production of "all

2    DOCUMENTS" on the ground that such request is overly broad, unduly

3    burdensome, oppressive, and not reasonably calculated to lead to the discovery of

4    admissible evidence, as the definition of "DOCUMENTS" encompasses, *e.g.*, all

5    court filings in this case.  As used in these Responses, the phrase "all

6    DOCUMENTS," or phrases of similar import, should be understood to mean those

7    documents DC and its counsel were able to locate using reasonable diligence and

8    reasonable judgment concerning the whereabouts of such documents.  DC does not

9    object to or withhold any document based on the definition of "RELATE," as this

10   definition mirrors in large part language that DC employed in its own discovery

11   requests.  Defendants previously objected to this same language in DC's requests as

12   impermissibly overbroad.  Based on defendants' use of this same term and tacit

13   acknowledgement that DC's use of these terms is proper, DC will answer this

14   discovery, and DC has confirmed with defendants that they will do the same.

15       Subject to and without waiving all foregoing objections, DC has conducted a

16   reasonably diligent search of the documents in the possession, custody, or control

17   of relevant custodians and produces herewith by designation or otherwise all non-

18   privileged, responsive documents.  Given that discovery is ongoing in this case, DC

19   expressly reserves its right to supplement these Responses, if need be, as more

20   information becomes available, and to use in discovery and at trial any information

21   omitted from these Responses as a result of mistake, inadvertence, or oversight.

22   **Request No. 8**

23       All DOCUMENTS that RELATE to the SEPTEMBER 10, 1992 LETTER.

24   **Response to Request No. 8**

25       DC objects to this Request on the grounds that it is indefinite as to time and

26   not reasonably limited in scope.  DC further objects to the extent that it seeks

27   information protected by the attorney-client privilege, the attorney work product

28   doctrine, or any other applicable privilege or immunity.

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT 3**
**27**

1  DC objects to the extent the Request seeks production of "all

2  DOCUMENTS" on the ground that such request is overly broad, unduly

3  burdensome, oppressive, and not reasonably calculated to lead to the discovery of

4  admissible evidence, as the definition of "DOCUMENTS" encompasses, *e.g.*, all

5  court filings in this case.  As used in these Responses, the phrase "all

6  DOCUMENTS," or phrases of similar import, should be understood to mean those

7  documents DC and its counsel were able to locate using reasonable diligence and

8  reasonable judgment concerning the whereabouts of such documents.  DC does not

9  object to or withhold any document based on the definition of "RELATE," as this

10  definition mirrors in large part language that DC employed in its own discovery

11  requests.  Defendants previously objected to this same language in DC's requests as

12  impermissibly overbroad.  Based on defendants' use of this same term and tacit

13  acknowledgement that DC's use of these terms is proper, DC will answer this

14  discovery, and DC has confirmed with defendants that they will do the same.

15  Subject to and without waiving all foregoing objections, DC has conducted a

16  reasonably diligent search of the documents in the possession, custody, or control

17  of relevant custodians and produces herewith by designation or otherwise all non-

18  privileged, responsive documents.  Given that discovery is ongoing in this case, DC

19  expressly reserves its right to supplement these Responses, if need be, as more

20  information becomes available, and to use in discovery and at trial any information

21  omitted from these Responses as a result of mistake, inadvertence, or oversight.

22  **Request No. 9**

23  All DOCUMENTS that RELATE to the SEPTEMBER 7, 1999 LETTER.

24  **Response to Request No. 9**

25  DC objects to this Request on the grounds that it is indefinite as to time and

26  not reasonably limited in scope.  DC further objects to the extent that it seeks

27  information protected by the attorney-client privilege, the attorney work product

28  doctrine, or any other applicable privilege or immunity.

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT 3**

**28**

1       DC objects to the extent the Request seeks production of "all

2   DOCUMENTS" on the ground that such request is overly broad, unduly

3   burdensome, oppressive, and not reasonably calculated to lead to the discovery of

4   admissible evidence, as the definition of "DOCUMENTS" encompasses, *e.g.*, all

5   court filings in this case.  As used in these Responses, the phrase "all

6   DOCUMENTS," or phrases of similar import, should be understood to mean those

7   documents DC and its counsel were able to locate using reasonable diligence and

8   reasonable judgment concerning the whereabouts of such documents.  DC does not

9   object to or withhold any document based on the definition of "RELATE," as this

10  definition mirrors in large part language that DC employed in its own discovery

11  requests.  Defendants previously objected to this same language in DC's requests as

12  impermissibly overbroad.  Based on defendants' use of this same term and tacit

13  acknowledgement that DC's use of these terms is proper, DC will answer this

14  discovery, and DC has confirmed with defendants that they will do the same.

15      Subject to and without waiving all foregoing objections, DC has conducted a

16  reasonably diligent search of the documents in the possession, custody, or control

17  of relevant custodians and produces herewith by designation or otherwise all non-

18  privileged, responsive documents.  Given that discovery is ongoing in this case, DC

19  expressly reserves its right to supplement these Responses, if need be, as more

20  information becomes available, and to use in discovery and at trial any information

21  omitted from these Responses as a result of mistake, inadvertence, or oversight.

22  **Request No. 10**

23      All DOCUMENTS that REFER to the SHUSTER TERMINATION.

24  **Response to Request No. 10**

25      DC objects to this Request on the grounds that it is indefinite as to time and

26  not reasonably limited in scope.  DC further objects to the Request to the extent that

27  it seeks the production of any item, or portion thereof, which is not reasonably

28  calculated to lead to the discovery of relevant and admissible evidence.  DC further

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT 3**
**29**

1  objects to this Request on the grounds that it is compound, overbroad, burdensome

2  and oppressive, as it could be reasonably construed to request all documents related

3  to this litigation, including every news article reporting on this case.  DC objects to

4  the Request to the extent that it seeks communications or items protected by the

5  attorney-client privilege, the attorney work product doctrine, or any other

6  applicable privilege or immunity.

7      DC objects to the extent the Request seeks production of "all

8  DOCUMENTS" on the ground that such request is overly broad, unduly

9  burdensome, oppressive, and not reasonably calculated to lead to the discovery of

10  admissible evidence.  As used in these Responses, the phrase "all DOCUMENTS,"

11  or phrases of similar import, should be understood to mean those documents DC

12  and its counsel were able to locate using reasonable diligence and reasonable

13  judgment concerning the whereabouts of such documents.

14      Subject to and without waiving all foregoing objections, DC has conducted a

15  reasonably diligent search of the documents in the possession, custody, or control

16  of relevant custodians and produces herewith by designation or otherwise all non-

17  privileged, responsive documents.  Given that discovery is ongoing in this case, DC

18  expressly reserves its right to supplement these Responses, if need be, as more

19  information becomes available, and to use in discovery and at trial any information

20  omitted from these Responses as a result of mistake, inadvertence, or oversight.

21  **Request No. 11**

22      All DOCUMENTS that REFER to the right(s) under the United States

23  Copyright Act to terminate prior copyright grants by Joseph Shuster to YOU.

24  **Response to Request No. 11**

25      DC objects to this Request on the grounds that it is indefinite as to time and

26  not reasonably limited in scope.  DC further objects to this Request on the grounds

27  that it is compound, overbroad, burdensome and oppressive, as it could be

28  reasonably construed to request all documents related to this litigation and the

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT 3**

**30**

1   *Siegel* litigations, including every news article reporting on those cases.  DC further

2   objects to the Request to the extent that it seeks communications or items protected

3   by the attorney-client privilege, the attorney work product doctrine, or any other

4   applicable privilege or immunity.

5        DC objects to the definition of "YOU" and will respond to that term as

6   limited to relevant custodians of DC and Warner Bros. Entertainment Inc.  DC

7   objects to the extent the Request seeks production of "all DOCUMENTS" on the

8   ground that such request is overly broad, unduly burdensome, oppressive, and not

9   reasonably calculated to lead to the discovery of admissible evidence, as the

10  definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As

11  used in these Responses, the phrase "all DOCUMENTS," or phrases of similar

12  import, should be understood to mean those documents DC and its counsel were

13  able to locate using reasonable diligence and reasonable judgment concerning the

14  whereabouts of such documents.

15       Subject to and without waiving all foregoing objections, DC has conducted a

16  reasonably diligent search of the documents in the possession, custody, or control

17  of relevant custodians and produces herewith by designation or otherwise all non-

18  privileged, responsive documents.  Given that discovery is ongoing in this case, DC

19  expressly reserves its right to supplement these Responses, if need be, as more

20  information becomes available, and to use in discovery and at trial any information

21  omitted from these Responses as a result of mistake, inadvertence, or oversight.

22  **Request No. 12**

23       All COMMUNICATIONS with third parties that REFER to the 1992

24  AGREEMENT.

25  **Response to Request No. 12**

26       DC objects to this Request on the grounds that it is indefinite as to time and

27  not reasonably limited in scope.  DC further objects to the Request to the extent that

28  it seeks the production of any item, or portion thereof, which is not reasonably

- 12 -

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT 3**

**31**

1    calculated to lead to the discovery of relevant and admissible evidence.  DC further

2    objects to the Request to the extent that it seeks information protected by the

3    attorney-client privilege, the attorney work product doctrine, or any other

4    applicable privilege or immunity.

5         DC objects to the phrase "COMMUNICATIONS with third parties" as

6    overbroad, as it would include for example, all statements made to the court,

7    mediators, and to the press concerning the 1992 agreement and DC's claims in this

8    case concerning that agreement.  DC objects to the definition of "YOU" as vague

9    and overbroad and will respond to this term as limited to the relevant custodians of

10   DC and Warner Bros. Entertainment Inc.  DC objects to the definition of

11   "COMMUNICATION" as vague and overbroad and will respond to this term as

12   excluding any documents filed in connection with prior or ongoing litigation.  DC

13   objects to the extent the Request seeks production of "all COMMUNICATIONS"

14   on the ground that such request is overly broad, unduly burdensome, oppressive,

15   and not reasonably calculated to lead to the discovery of admissible evidence.  As

16   used in these Responses, the phrase "all COMMUNICATIONS," or phrases of

17   similar import, should be understood to mean those documents DC and its counsel

18   were able to locate using reasonable diligence and reasonable judgment concerning

19   the whereabouts of such documents.  Such phraseology should not be construed as

20   a representation that each and every document in DC's possession has been

21   examined in connection with these Responses or any production pursuant thereto.

22        Subject to and without waiving all foregoing objections, DC refers

23   defendants' attention to its complaint and attached exhibit (Docket No. 49, Docket

24   No. 49 Ex. A), all briefing in this action—including, but not limited to, the briefing

25   and exhibits filed in connection with defendants' Rule 12 and SLAPP motions

26   (Docket Nos. 30, 30-1 to 30-5, 31, 31-1, 31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2,

27   35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to 77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4,

28   81, 89, 90, 91, 92, 93, 94, 94-1 to 94-40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100,

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT 3**
**32**

1  100-1 to 100-3, 102, 102-1, 103, 103-1, 106, 107, 108, 146, 146-1 to 146-4, 147,

2  147-1 to 147-3, 148, 148-1 to 148-5, 149, 150, 151, 154, 156, 181, 182, 182-1 to

3  182-40, 183, 183-1 to 183-4, 184, 185, 186, 191, 191-1, 192, 192-1 to 192-3, 193,

4  193-1 to 193-2, 194, 195, 195-1, 196, 196-1 to 196-4, 201, 202, 203, 304, 305-1 to

5  305-59, 306 (errata), 307, 308, 312, 312-1 to 312-2, 313, 314, 314-1 to 314-3, 333,

6  333-1 to 333-3, 334, 334-1 to 334-13, 335, 338, 338-1)—and all discovery in this

7  action and the *Siegel* action (*e.g.*, DCC00000001-154435 and WB000001-

8  149488)—including, but not limited to, all deposition testimony in those cases and

9  here.  All of these sources are incorporated by reference herein.

10      Subject to and without waiving all foregoing objections, DC has conducted a

11  reasonably diligent search of the documents in the possession, custody, or control

12  of relevant custodians and produces herewith by designation or otherwise all non-

13  privileged, responsive documents.  Given that discovery is ongoing in this case, DC

14  expressly reserves its right to supplement these Responses, if need be, as more

15  information becomes available, and to use in discovery and at trial any information

16  omitted from these Responses as a result of mistake, inadvertence, or oversight.

17  **Request No. 13**

18      All COMMUNICATIONS with the United States Copyright Office that

19  REFER to the 1992 AGREEMENT.

20  **Response to Request No. 13**

21      DC objects to this Request on the grounds that it is indefinite as to time and

22  not reasonably limited in scope.  DC further objects to the Request to the extent that

23  it seeks the production of any item, or portion thereof, which is not reasonably

24  calculated to lead to the discovery of relevant and admissible evidence.

25      DC objects to the definition of "COMMUNICATION" as vague and

26  overbroad and will respond to this term as excluding any documents filed in

27  connection with prior or ongoing litigation.  DC further objects to the extent the

28  Request seeks production of "all COMMUNICATIONS" on the ground that such

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT 3**
**33**

1    request is overly broad, unduly burdensome, oppressive, and not reasonably

2    calculated to lead to the discovery of admissible evidence.  As used in these

3    Responses, the phrase "all COMMUNICATIONS," or phrases of similar import,

4    should be understood to mean those documents DC and its counsel were able to

5    locate using reasonable diligence and reasonable judgment concerning the

6    whereabouts of such documents.

7        Subject to and without waiving all foregoing objections, DC has conducted a

8    reasonably diligent search of the documents in the possession, custody, or control

9    of relevant custodians and produces herewith by designation or otherwise all non-

10    privileged, responsive documents.  Given that discovery is ongoing in this case, DC

11    expressly reserves its right to supplement these Responses, if need be, as more

12    information becomes available, and to use in discovery and at trial any information

13    omitted from these Responses as a result of mistake, inadvertence, or oversight.

14    **Request No. 14**

15        All DOCUMENTS that describe OR explain YOUR chain-of-title to

16    Superman.

17    **Response to Request No. 14**

18        DC objects to this Request on the grounds that it is indefinite as to time and

19    not reasonably limited in scope.  DC further objects to the Request to the extent that

20    it seeks the production of any item, or portion thereof, which is not reasonably

21    calculated to lead to the discovery of relevant and admissible evidence.  DC further

22    objects to the Request to the extent that it seeks information protected by the

23    attorney-client privilege, the attorney work product doctrine, or any other

24    applicable privilege or immunity.  DC further objects to this Request on the

25    grounds that it is compound, overbroad, burdensome and oppressive, as it could be

26    reasonably construed to request documents created and/or produced by DC relating

27    to the exploitation of Superman over the past roughly 75 years.

28

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT 3**

**34**

1    DC objects to the definition of "YOUR" and will respond to that term as

2    limited to relevant custodians of DC and Warner Bros. Entertainment Inc.  DC

3    objects to the extent the Request seeks production of "all DOCUMENTS" on the

4    ground that such request is overly broad, unduly burdensome, oppressive, and not

5    reasonably calculated to lead to the discovery of admissible evidence, as the

6    definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As

7    used in these Responses, the phrase "all DOCUMENTS," or phrases of similar

8    import, should be understood to mean those documents DC and its counsel were

9    able to locate using reasonable diligence and reasonable judgment concerning the

10    whereabouts of such documents.  DC further objects to the phrase "describe OR

11    explain" as overbroad, as this would include for example, news articles discussing

12    DC's or Warner Bros. Entertainment Inc.'s copyright claims in this case or in the

13    related *Siegel* case.

14        Subject to and without waiving all foregoing objections, DC has conducted a

15    reasonably diligent search of the documents in the possession, custody, or control

16    of relevant custodians and produces herewith by designation or otherwise all non-

17    privileged, responsive documents.  Given that discovery is ongoing in this case, DC

18    expressly reserves its right to supplement these Responses, if need be, as more

19    information becomes available, and to use in discovery and at trial any information

20    omitted from these Responses as a result of mistake, inadvertence, or oversight.

21    **Request No. 15**

22        All post-1990 DOCUMENTS, other than pleadings in this lawsuit OR in the

23    SIEGEL LITIGATIONS, that REFER to ANY of Joseph Shuster's copyright grants

24    to YOU.

25    **Response to Request No. 15**

26        DC objects to this Request on the grounds that it is compound, overbroad,

27    burdensome and oppressive, as it could be construed to request documents related

28    to this litigation and the *Siegel* litigations, including news articles reporting on

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT 3**

**35**

1   those cases.  DC objects to this Request to the extent that it seeks communications

2   or items protected by the attorney-client privilege, the attorney work product

3   doctrine, or any other applicable privilege or immunity.

4        DC objects to the definition of "YOU" and will respond to that term as

5   limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC

6   objects to the extent the Request seeks production of "all DOCUMENTS" on the

7   ground that such request is overly broad, unduly burdensome, oppressive, and not

8   reasonably calculated to lead to the discovery of admissible evidence, as the

9   definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As

10  used in these Responses, the phrase "all DOCUMENTS," or phrases of similar

11  import, should be understood to mean those documents DC and its counsel were

12  able to locate using reasonable diligence and reasonable judgment concerning the

13  whereabouts of such documents.

14       Subject to and without waiving all foregoing objections, DC has conducted a

15  reasonably diligent search of the documents in the possession, custody, or control

16  of relevant custodians and produces herewith by designation or otherwise all non-

17  privileged, responsive documents.  Given that discovery is ongoing in this case, DC

18  expressly reserves its right to supplement these Responses, if need be, as more

19  information becomes available, and to use in discovery and at trial any information

20  omitted from these Responses as a result of mistake, inadvertence, or oversight.

21  **Request No. 16**

22       All pre-1990 DOCUMENTS that REFER to ANY of Joseph Shuster's

23  copyright grants to YOU.

24  **Response to Request No. 16**

25       DC objects to this Request on the grounds that its time-frame is not

26  reasonably limited in scope.  DC further objects to this Request to the extent it

27  seeks communications or items protected by the attorney-client privilege, the

28  attorney work product doctrine, or any other applicable privilege or immunity.

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT 3**

**36**

1    DC objects to the definition of "YOU" and will respond to that term as

2  limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC

3  further objects to the extent the Request seeks production of "all DOCUMENTS"

4  on the ground that such request is overly broad, unduly burdensome, oppressive,

5  and not reasonably calculated to lead to the discovery of admissible evidence.  As

6  used in these Responses, the phrase "all DOCUMENTS," or phrases of similar

7  import, should be understood to mean those documents DC and its counsel were

8  able to locate using reasonable diligence and reasonable judgment concerning the

9  whereabouts of such documents.

10    Subject to and without waiving all foregoing objections, DC has conducted a

11  reasonably diligent search of the documents in the possession, custody, or control

12  of relevant custodians and produces herewith by designation or otherwise all non-

13  privileged, responsive documents.  Given that discovery is ongoing in this case, DC

14  expressly reserves its right to supplement these Responses, if need be, as more

15  information becomes available, and to use in discovery and at trial any information

16  omitted from these Responses as a result of mistake, inadvertence, or oversight.

17  **Request No. 17**

18    All DOCUMENTS that REFER to the revocation of ANY of Joseph

19  Shuster's copyright grants to YOU.

20  **Response to Request No. 17**

21    DC objects to this Request on the grounds that it is indefinite as to time and

22  not reasonably limited in scope.  DC further objects to this Request to the extent

23  that it seeks communications or items protected by the attorney-client privilege, the

24  attorney work product doctrine, or any other applicable privilege or immunity.

25    DC objects to the definition of "YOU" and will respond to that term as

26  limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC

27  objects to the extent the Request seeks production of "all DOCUMENTS" on the

28  ground that such request is overly broad, unduly burdensome, oppressive, and not

1    reasonably calculated to lead to the discovery of admissible evidence, as the

2    definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As

3    used in these Responses, the phrase "all DOCUMENTS," or phrases of similar

4    import, should be understood to mean those documents DC and its counsel were

5    able to locate using reasonable diligence and reasonable judgment concerning the

6    whereabouts of such documents.

7        Subject to and without waiving all foregoing objections, DC refers

8    defendants' attention to its complaint (Docket No. 49), and motion to dismiss

9    briefing (Docket Nos. 333, 333-1 to 333-3, 334, 334-1 to 334-13, 335, 338, 338-1).

10   Subject to and without waiving all foregoing objections, DC has conducted a

11   reasonably diligent search of the documents in the possession, custody, or control

12   of relevant custodians and produces herewith by designation or otherwise all non-

13   privileged, responsive documents.  Given that discovery is ongoing in this case, DC

14   expressly reserves its right to supplement these Responses, if need be, as more

15   information becomes available, and to use in discovery and at trial any information

16   omitted from these Responses as a result of mistake, inadvertence, or oversight.

17   **Request No. 18**

18       All DOCUMENTS, excluding pleadings in this lawsuit, that REFER to the

19   1992 AGREEMENT as a revocation of Joseph Shuster's copyright grants to YOU.

20   **Response to Request No. 18**

21       DC objects to this Request on the grounds that it is indefinite as to time and

22   not reasonably limited in scope.  DC further objects to this Request to the extent

23   that it seeks communications or items protected by the attorney-client privilege, the

24   attorney work product doctrine, or any other applicable privilege or immunity.

25       DC objects to the definition of "YOU" and will respond to that term as

26   limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC

27   objects to the extent the Request seeks production of "all DOCUMENTS" on the

28   ground that such request is overly broad, unduly burdensome, oppressive, and not

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT 3**
**38**

1    reasonably calculated to lead to the discovery of admissible evidence, as the

2    definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As

3    used in these Responses, the phrase "all DOCUMENTS," or phrases of similar

4    import, should be understood to mean those documents DC and its counsel were

5    able to locate using reasonable diligence and reasonable judgment concerning the

6    whereabouts of such documents.

7        Subject to and without waiving all foregoing objections, DC has conducted a

8    reasonably diligent search of the documents in the possession, custody, or control

9    of relevant custodians and produces herewith by designation or otherwise all non-

10   privileged, responsive documents.  Given that discovery is ongoing in this case, DC

11   expressly reserves its right to supplement these Responses, if need be, as more

12   information becomes available, and to use in discovery and at trial any information

13   omitted from these Responses as a result of mistake, inadvertence, or oversight.

14   **Request No. 19**

15       All DOCUMENTS, excluding pleadings in this lawsuit, that REFER to the

16   1992 AGREEMENT as a re-grant of Joseph Shuster's copyright interests to YOU.

17   **Response to Request No. 19**

18       DC objects to this Request on the grounds that it is indefinite as to time and

19   not reasonably limited in scope.  DC further objects to this Request to the extent

20   that it seeks communications or items protected by the attorney-client privilege, the

21   attorney work product doctrine, or any other applicable privilege or immunity.

22       DC objects to the definition of "YOU" and will respond to that term as

23   limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC

24   objects to the extent the Request seeks production of "all DOCUMENTS" on the

25   ground that such request is overly broad, unduly burdensome, oppressive, and not

26   reasonably calculated to lead to the discovery of admissible evidence, as the

27   definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As

28   used in these Responses, the phrase "all DOCUMENTS," or phrases of similar

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT 3**
**39**

1   import, should be understood to mean those documents DC and its counsel were

2   able to locate using reasonable diligence and  reasonable judgment concerning the

3   whereabouts of such documents.

4        Subject to and without waiving all foregoing objections, DC refers

5   defendants' attention to its complaint (Docket No. 49), and motion to dismiss

6   briefing (Docket Nos. 333, 333-1 to 333-3, 334, 334-1 to 334-13, 335, 338, 338-1).

7   Subject to and without waiving all foregoing objections, DC has conducted a

8   reasonably diligent search of the documents in the possession, custody, or control

9   of relevant custodians and produces herewith by designation or otherwise all non-

10  privileged, responsive documents.  Given that discovery is ongoing in this case, DC

11  expressly reserves its right to supplement these Responses, if need be, as more

12  information becomes available, and to use in discovery and at trial any information

13  omitted from these Responses as a result of mistake, inadvertence, or oversight.

14  **Request No. 20**

15       All COMMUNICATIONS with third parties, excluding parties to this

16  lawsuit, that REFER to this lawsuit OR to ANY of the SIEGEL LITIGATIONS

17  (excluding pleadings filed in this lawsuit OR in ANY of the SIEGEL

18  LITIGATIONS).

19  **Response to Request No. 20**

20       DC objects to this Request on the grounds that it is indefinite as to time and

21  not reasonably limited in scope.  DC further objects to the Request in that does not

22  appear calculated to lead to the discovery of admissible evidence relevant to any

23  claim or defense in this action.

24       DC objects to the phrase "COMMUNICATIONS with third parties" as

25  overbroad, as it would include for example, all statements made to the court,

26  mediators and to the press concerning this case or the *Siegel* litigation.  DC objects

27  to the definition of "COMMUNICATION" as vague and overbroad and will

28  respond to this term as excluding any documents filed in connection with prior or

- 21 -

1   ongoing litigation.  DC further objects to the extent the Request seeks production of

2   "all COMMUNICATIONS" on the ground that such request is overly broad,

3   unduly burdensome, oppressive, and not reasonably calculated to lead to the

4   discovery of admissible evidence.

5          Subject to and without waiving all foregoing objections, DC agrees to meet-

6   and-confer with defendants in an effort to reasonably narrow this Request.

7   **Request No. 21**

8          All DOCUMENTS that support YOUR contention that "Toberoff purported

9   to secure a majority and controlling financial stake in copyright interests in

10  Superman assertedly held by the Siegel and Shuster heirs and to preclude the heirs

11  from freely entering into new agreements with DC Comics for the continued

12  exploitation of Superman," found in paragraph 3 of YOUR COMPLAINT.

13  **Response to Request No. 21**

14         DC objects to the Request to the extent that it requires DC to prove through

15  the discovery process its ultimate legal arguments related to the ramifications of

16  defendants' agreements and communications.  DC objects to the extent the Request

17  seeks information protected by the attorney-client privilege, the attorney work

18  product doctrine, or any other applicable privilege or immunity.  DC further objects

19  to the extent this Request seeks documents that defendants have refused to produce

20  in response to discovery served by DC, including but not limited to the 2008

21  "consent agreement" defendants continue to refuse to disclose.

22         DC objects to the definition of "YOUR" and will respond to that term as

23  limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC

24  objects to the extent the Request seeks production of "all DOCUMENTS" on the

25  ground that such request is overly broad, unduly burdensome, oppressive, and not

26  reasonably calculated to lead to the discovery of admissible evidence, as the

27  definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As

28  used in these Responses, the phrase "all DOCUMENTS," or phrases of similar

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT 3**
**41**

1    import, should be understood to mean those documents DC and its counsel were

2    able to locate using reasonable diligence and reasonable judgment concerning the

3    whereabouts of such documents.

4        Subject to and without waiving all foregoing objections, DC refers

5    defendants' attention to its complaint (Docket No. 49), all briefing in this action—

6    including, but not limited to, the briefing and exhibits filed in connection with

7    defendants' Rule 12 and SLAPP motions (Docket Nos. 30, 30-1 to 30-5, 31, 31-1,

8    31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2, 35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to

9    77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4, 81, 89, 90, 91, 92, 93, 94, 94-1 to 94-

10   40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100, 100-1 to 100-3, 102, 102-1, 103, 103-1,

11   106, 107, 108, 146, 146-1 to 146-4, 147, 147-1 to 147-3, 148, 148-1 to 148-5, 149,

12   150, 151, 154, 156, 181, 182, 182-1 to 182-40, 183, 183-1 to 183-4, 184, 185, 186,

13   191, 191-1, 192, 192-1 to 192-3, 193, 193-1 to 193-2, 194, 195, 195-1, 196, 196-1

14   to 196-4, 201, 202, 203, 304, 305-1 to 305-59, 306 (errata), 307, 308, 312, 312-1 to

15   312-2, 313, 314, 314-1 to 314-3, 333, 333-1 to 333-3, 334, 334-1 to 334-13, 335,

16   338, 338-1)—and all discovery in this action and the *Siegel* action—including, but

17   not limited to, all deposition testimony and document productions.

18       Subject to and without waiving all foregoing objections, DC has conducted a

19   reasonably diligent search of the documents in the possession, custody, or control

20   of relevant custodians and produces herewith by designation or otherwise all non-

21   privileged, responsive documents.  Given that discovery is ongoing in this case, DC

22   expressly reserves its right to supplement these Responses, if need be, as more

23   information becomes available, and to use in discovery and at trial any information

24   omitted from these Responses as a result of mistake, inadvertence, or oversight.

25   **Request No. 22**

26       All DOCUMENTS that support YOUR contention that "Toberoff procured

27   this joint-venture agreement even though he knew that the Shusters' 1992 agreement

28   with DC Comics operated to grant any and all of the heirs' interest in Superman to

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT 3**

**42**

1    DC Comics and extinguish any termination rights the heirs might have held," found

2    in paragraph 6 of YOUR COMPLAINT.

3    **Response to Request No. 22**

4        DC objects to the Request to the extent that it requires DC to prove through

5    the discovery process its ultimate legal arguments related to the ramifications of

6    defendants' agreements and communications.  DC objects to the extent the Request

7    seeks information protected by the attorney-client privilege, the attorney work

8    product doctrine, or any other applicable privilege or immunity.

9        DC objects to the definition of "YOUR" and will respond to that term as

10   limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC

11   objects to the extent the Request seeks production of "all DOCUMENTS" on the

12   ground that such request is overly broad, unduly burdensome, oppressive, and not

13   reasonably calculated to lead to the discovery of admissible evidence, as the

14   definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As

15   used in these Responses, the phrase "all DOCUMENTS," or phrases of similar

16   import, should be understood to mean those documents DC and its counsel were

17   able to locate using reasonable diligence and reasonable judgment concerning the

18   whereabouts of such documents.

19       Subject to and without waiving all foregoing objections, DC refers

20   defendants' attention to its complaint (Docket No. 49), all briefing in this action—

21   including, but not limited to, the briefing and exhibits filed in connection with

22   defendants' Rule 12 and SLAPP motions (Docket Nos. 30, 30-1 to 30-5, 31, 31-1,

23   31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2, 35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to

24   77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4, 81, 89, 90, 91, 92, 93, 94, 94-1 to 94-

25   40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100, 100-1 to 100-3, 102, 102-1, 103, 103-1,

26   106, 107, 108, 146, 146-1 to 146-4, 147, 147-1 to 147-3, 148, 148-1 to 148-5, 149,

27   150, 151, 154, 156, 181, 182, 182-1 to 182-40, 183, 183-1 to 183-4, 184, 185, 186,

28   191, 191-1, 192, 192-1 to 192-3, 193, 193-1 to 193-2, 194, 195, 195-1, 196, 196-1

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT 3**
**43**

1  to 196-4, 201, 202, 203, 304, 305-1 to 305-59, 306 (errata), 307, 308, 312, 312-1 to

2  312-2, 313, 314, 314-1 to 314-3, 333, 333-1 to 333-3, 334, 334-1 to 334-13, 335,

3  338, 338-1)—and all discovery in this action and the *Siegel* action—including, but

4  not limited to, all deposition testimony and document productions.

5      Subject to and without waiving all foregoing objections, DC has conducted a

6  reasonably diligent search of the documents in the possession, custody, or control

7  of relevant custodians and produces herewith by designation or otherwise all non-

8  privileged, responsive documents.  Given that discovery is ongoing in this case, DC

9  expressly reserves its right to supplement these Responses, if need be, as more

10  information becomes available, and to use in discovery and at trial any information

11  omitted from these Responses as a result of mistake, inadvertence, or oversight.

12  **Request No. 23**

13      All DOCUMENTS that support YOUR contention that "Toberoff

14  manufactured the position that Jerry Siegel alone—to the exclusion of Shuster—

15  was the sole creator of Superboy," found in paragraph 9 of YOUR COMPLAINT.

16  **Response to Request No. 23**

17      DC objects to the Request to the extent that it requires DC to prove through

18  the discovery process its ultimate legal arguments related to the ramifications of

19  defendants' agreements and communications.  DC objects to the extent the Request

20  seeks information protected by the attorney-client privilege, the attorney work

21  product doctrine, or any other applicable privilege or immunity.

22      DC objects to the definition of "YOUR" and will respond to that term as

23  limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC

24  objects to the extent the Request seeks production of "all DOCUMENTS" on the

25  ground that such request is overly broad, unduly burdensome, oppressive, and not

26  reasonably calculated to lead to the discovery of admissible evidence, as the

27  definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As

28  used in these Responses, the phrase "all DOCUMENTS," or phrases of similar

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT 3**
**44**

1    import, should be understood to mean those documents DC and its counsel were

2    able to locate using reasonable diligence and reasonable judgment concerning the

3    whereabouts of such documents.

4            Subject to and without waiving all foregoing objections, DC refers

5    defendants' attention to its complaint (Docket No. 49), all briefing in this action—

6    including, but not limited to, the briefing and exhibits filed in connection with

7    defendants' Rule 12 and SLAPP motions (Docket Nos. 30, 30-1 to 30-5, 31, 31-1,

8    31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2, 35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to

9    77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4, 81, 89, 90, 91, 92, 93, 94, 94-1 to 94-

10   40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100, 100-1 to 100-3, 102, 102-1, 103, 103-1,

11   106, 107, 108, 146, 146-1 to 146-4, 147, 147-1 to 147-3, 148, 148-1 to 148-5, 149,

12   150, 151, 154, 156, 181, 182, 182-1 to 182-40, 183, 183-1 to 183-4, 184, 185, 186,

13   191, 191-1, 192, 192-1 to 192-3, 193, 193-1 to 193-2, 194, 195, 195-1, 196, 196-1

14   to 196-4, 201, 202, 203, 304, 305-1 to 305-59, 306 (errata), 307, 308, 312, 312-1 to

15   312-2, 313, 314, 314-1 to 314-3, 333, 333-1 to 333-3, 334, 334-1 to 334-13, 335,

16   338, 338-1)—and all discovery in this action and the *Siegel* action—including, but

17   not limited to, all deposition testimony and document productions.  DC also refers

18   defendants to its Response to Interrogatory No. 15 in the contemporaneously served

19   Defendant Mark Warren Peary's First Set Of Interrogatories To Plaintiff DC

20   Comics.

21           Subject to and without waiving all foregoing objections, DC has conducted a

22   reasonably diligent search of the documents in the possession, custody, or control

23   of relevant custodians and produces herewith by designation or otherwise all non-

24   privileged, responsive documents.  Given that discovery is ongoing in this case, DC

25   expressly reserves its right to supplement these Responses, if need be, as more

26   information becomes available, and to use in discovery and at trial any information

27   omitted from these Responses as a result of mistake, inadvertence, or oversight.

28

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT 3**
**45**

**Request No. 24**

All DOCUMENTS that support YOUR contention that the "deletion of Superboy was directly contrary to the Shusters' interests and occurred solely to park all of the alleged Superboy rights with the Siegels," found in paragraph 10 of YOUR COMPLAINT.

**Response to Request No. 24**

DC objects to the Request to the extent that it requires DC to prove through the discovery process its ultimate legal arguments related to the ramifications of defendants' agreements and communications.  DC objects to the extent the Request seeks information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity.  DC further objects to the extent this Request seeks documents that defendants have refused to produce in response to discovery served by DC, including but not limited to the 2008 "consent agreement" defendants continue to refuse to disclose.

DC objects to the definition of "YOUR" and will respond to that term as limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC objects to the extent the Request seeks production of "all DOCUMENTS" on the ground that such request is overly broad, unduly burdensome, oppressive, and not reasonably calculated to lead to the discovery of admissible evidence, as the definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As used in these Responses, the phrase "all DOCUMENTS," or phrases of similar import, should be understood to mean those documents DC and its counsel were able to locate using reasonable diligence and reasonable judgment concerning the whereabouts of such documents.

Subject to and without waiving all foregoing objections, DC refers defendants' attention to its complaint (Docket No. 49), all briefing in this action—including, but not limited to, the briefing and exhibits filed in connection with defendants' Rule 12 and SLAPP motions (Docket Nos. 30, 30-1 to 30-5, 31, 31-1,

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT 3**

**46**

1    31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2, 35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to

2    77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4, 81, 89, 90, 91, 92, 93, 94, 94-1 to 94-

3    40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100, 100-1 to 100-3, 102, 102-1, 103, 103-1,

4    106, 107, 108, 146, 146-1 to 146-4, 147, 147-1 to 147-3, 148, 148-1 to 148-5, 149,

5    150, 151, 154, 156, 181, 182, 182-1 to 182-40, 183, 183-1 to 183-4, 184, 185, 186,

6    191, 191-1, 192, 192-1 to 192-3, 193, 193-1 to 193-2, 194, 195, 195-1, 196, 196-1

7    to 196-4, 201, 202, 203, 304, 305-1 to 305-59, 306 (errata), 307, 308, 312, 312-1 to

8    312-2, 313, 314, 314-1 to 314-3, 333, 333-1 to 333-3, 334, 334-1 to 334-13, 335,

9    338, 338-1)—and all discovery in this action and the *Siegel* action—including, but

10    not limited to, all deposition testimony and document productions.

11        Subject to and without waiving all foregoing objections, DC has conducted a

12    reasonably diligent search of the documents in the possession, custody, or control of

13    relevant custodians and produces herewith by designation or otherwise all non-

14    privileged, responsive documents.  Given that discovery is ongoing in this case, DC

15    expressly reserves its right to supplement these Responses, if need be, as more

16    information becomes available, and to use in discovery and at trial any information

17    omitted from these Responses as a result of mistake, inadvertence, or oversight.

18    **Request No. 25**

19        All DOCUMENTS that support YOUR contention that "Toberoff induced the

20    Siegels and Shusters to enter into agreements transferring their respective interests to

21    his companies and preventing them from conveying any rights to DC Comics

22    without each other's—and Toberoff's—consent," found in paragraph 11 of YOUR

23    COMPLAINT.

24    **Response to Request No. 25**

25        DC objects to the Request to the extent that it requires DC to prove through

26    the discovery process its ultimate legal arguments related to the ramifications of

27    defendants' agreements and communications.  DC objects to the extent the Request

28    seeks information protected by the attorney-client privilege, the attorney work

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT 3**

**47**

1    product doctrine, or any other applicable privilege or immunity.  DC further objects

2    to the extent this Request seeks documents that defendants have refused to produce

3    in response to discovery served by DC, including but not limited to the 2008

4    "consent agreement" defendants continue to refuse to disclose.

5        DC objects to the definition of "YOUR" and will respond to that term as

6    limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC

7    objects to the extent the Request seeks production of "all DOCUMENTS" on the

8    ground that such request is overly broad, unduly burdensome, oppressive, and not

9    reasonably calculated to lead to the discovery of admissible evidence, as the

10   definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As

11   used in these Responses, the phrase "all DOCUMENTS," or phrases of similar

12   import, should be understood to mean those documents DC and its counsel were

13   able to locate using reasonable diligence and reasonable judgment concerning the

14   whereabouts of such documents.

15       Subject to and without waiving all foregoing objections, DC refers

16   defendants' attention to its complaint (Docket No. 49), all briefing in this action—

17   including, but not limited to, the briefing and exhibits filed in connection with

18   defendants' Rule 12 and SLAPP motions (Docket Nos. 30, 30-1 to 30-5, 31, 31-1,

19   31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2, 35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to

20   77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4, 81, 89, 90, 91, 92, 93, 94, 94-1 to 94-

21   40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100, 100-1 to 100-3, 102, 102-1, 103, 103-1,

22   106, 107, 108, 146, 146-1 to 146-4, 147, 147-1 to 147-3, 148, 148-1 to 148-5, 149,

23   150, 151, 154, 156, 181, 182, 182-1 to 182-40, 183, 183-1 to 183-4, 184, 185, 186,

24   191, 191-1, 192, 192-1 to 192-3, 193, 193-1 to 193-2, 194, 195, 195-1, 196, 196-1

25   to 196-4, 201, 202, 203, 304, 305-1 to 305-59, 306 (errata), 307, 308, 312, 312-1 to

26   312-2, 313, 314, 314-1 to 314-3, 333, 333-1 to 333-3, 334, 334-1 to 334-13, 335,

27   338, 338-1)—and all discovery in this action and the *Siegel* action—including, but

28   not limited to, all deposition testimony and document productions.

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT 3**
**48**

1    Subject to and without waiving all foregoing objections, DC has conducted a

2    reasonably diligent search of the documents in the possession, custody, or control

3    of relevant custodians and produces herewith by designation or otherwise all non-

4    privileged, responsive documents.  Given that discovery is ongoing in this case, DC

5    expressly reserves its right to supplement these Responses, if need be, as more

6    information becomes available, and to use in discovery and at trial any information

7    omitted from these Responses as a result of mistake, inadvertence, or oversight.

8    **Request No. 26**

9    All DOCUMENTS that support YOUR contention that "[d]espite their

10   previous legal battles with National and the widespread publicity surrounding this

11   legislation, neither Jerry Siegel nor Joe Shuster ever endeavored to exercise any

12   termination rights under the statute," found in paragraph 50 of YOUR

13   COMPLAINT.

14   **Response to Request No. 26**

15   DC objects to this Request to the extent that it seeks information protected by

16   the attorney-client privilege, the attorney work product doctrine, or any other

17   applicable privilege or immunity.

18   DC objects to the extent the Request seeks production of "all

19   DOCUMENTS" on the ground that such request is overly broad, unduly

20   burdensome, oppressive, and not reasonably calculated to lead to the discovery of

21   admissible evidence, as the definition of "DOCUMENTS" encompasses, *e.g.*, all

22   court filings in this case.

23   Subject to and without waiving all foregoing objections, DC refers

24   defendants' attention to documents filed in the 1947 Westchester Action

25   (DCC00046146-DCC00046243) and in *Siegel v. Nat'l Periodical Publ'ns, Inc.*, 364

26   F. Supp. 1032 (S.D.N.Y. 1973), *aff'd* 508 F.2d 909 (2d Cir. 1974).  DC also refers

27   to the termination notices served on DC by the Siegel and Shuster heirs

28   (DCC00007831-37, DCC00057538-50, WB005709-66, WB009991-10003).

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT 3**

**49**

1      Subject to and without waiving all foregoing objections, DC has conducted a

2   reasonably diligent search of the documents in the possession, custody, or control

3   of relevant custodians and produces herewith by designation or otherwise all non-

4   privileged, responsive documents.  Given that discovery is ongoing in this case, DC

5   expressly reserves its right to supplement these Responses, if need be, as more

6   information becomes available, and to use in discovery and at trial any information

7   omitted from these Responses as a result of mistake, inadvertence, or oversight.

8   **Request No. 27**

9      All DOCUMENTS that support YOUR contention that "[t]he 1992

10  Agreement thus operated to revoke, rescind, and replace Shuster's prior copyright

11  grants and agreements," found in paragraph 55 of YOUR COMPLAINT.

12  **Response to Request No. 27**

13     DC objects to the Request to the extent that it requires DC to prove through

14  the discovery process its ultimate legal arguments related to the ramifications of

15  defendants' agreements and communications.  DC objects to the extent the Request

16  seeks information protected by the attorney-client privilege, the attorney work

17  product doctrine, or any other applicable privilege or immunity.

18     DC objects to the definition of "YOUR" and will respond to that term as

19  limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC

20  objects to the extent the Request seeks production of "all DOCUMENTS" on the

21  ground that such request is overly broad, unduly burdensome, oppressive, and not

22  reasonably calculated to lead to the discovery of admissible evidence, as the

23  definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As

24  used in these Responses, the phrase "all DOCUMENTS," or phrases of similar

25  import, should be understood to mean those documents DC and its counsel were

26  able to locate using reasonable diligence and reasonable judgment concerning the

27  whereabouts of such documents.

28

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT 3**

**50**

1    Subject to and without waiving all foregoing objections, DC refers

2  defendants' attention to its complaint (Docket No. 49), all briefing in this action—

3  including, but not limited to, the briefing and exhibits filed in connection with

4  defendants' Rule 12 and SLAPP motions (Docket Nos. 30, 30-1 to 30-5, 31, 31-1,

5  31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2, 35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to

6  77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4, 81, 89, 90, 91, 92, 93, 94, 94-1 to 94-

7  40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100, 100-1 to 100-3, 102, 102-1, 103, 103-1,

8  106, 107, 108, 146, 146-1 to 146-4, 147, 147-1 to 147-3, 148, 148-1 to 148-5, 149,

9  150, 151, 154, 156, 181, 182, 182-1 to 182-40, 183, 183-1 to 183-4, 184, 185, 186,

10  191, 191-1, 192, 192-1 to 192-3, 193, 193-1 to 193-2, 194, 195, 195-1, 196, 196-1

11  to 196-4, 201, 202, 203, 304, 305-1 to 305-59, 306 (errata), 307, 308, 312, 312-1 to

12  312-2, 313, 314, 314-1 to 314-3, 333, 333-1 to 333-3, 334, 334-1 to 334-13, 335,

13  338, 338-1)—and all discovery in this action and the *Siegel* action—including, but

14  not limited to, all deposition testimony and document productions.

15    Subject to and without waiving all foregoing objections, DC has conducted a

16  reasonably diligent search of the documents in the possession, custody, or control

17  of relevant custodians and produces herewith by designation or otherwise all non-

18  privileged, responsive documents.  Given that discovery is ongoing in this case, DC

19  expressly reserves its right to supplement these Responses, if need be, as more

20  information becomes available, and to use in discovery and at trial any information

21  omitted from these Responses as a result of mistake, inadvertence, or oversight.

22  **Request No. 28**

23    All DOCUMENTS that support YOUR contention that "[a]fter the 1992

24  Agreement, DC Comics enjoyed an amicable relationship with the Shuster Heirs,"

25  found in paragraph 55 of YOUR COMPLAINT.

26  **Response to Request No. 28**

27    DC objects to the Request to the extent that it requires DC to prove through

28  the discovery process its ultimate legal arguments related to the ramifications of

**EXHIBIT 3**
**51**

1  defendants' agreements and communications.  DC objects to the extent the Request

2  seeks information protected by the attorney-client privilege, the attorney work

3  product doctrine, or any other applicable privilege or immunity.

4  DC objects to the definition of "YOUR" and will respond to that term as

5  limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC

6  objects to the extent the Request seeks production of "all DOCUMENTS" on the

7  ground that such request is overly broad, unduly burdensome, oppressive, and not

8  reasonably calculated to lead to the discovery of admissible evidence, as the

9  definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As

10  used in these Responses, the phrase "all DOCUMENTS," or phrases of similar

11  import, should be understood to mean those documents DC and its counsel were

12  able to locate using reasonable diligence and reasonable judgment concerning the

13  whereabouts of such documents.

14  Subject to and without waiving all foregoing objections, DC refers

15  defendants' attention to its complaint (Docket No. 49), all briefing in this action—

16  including, but not limited to, the briefing and exhibits filed in connection with

17  defendants' Rule 12 and SLAPP motions (Docket Nos. 30, 30-1 to 30-5, 31, 31-1,

18  31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2, 35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to

19  77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4, 81, 89, 90, 91, 92, 93, 94, 94-1 to 94-

20  40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100, 100-1 to 100-3, 102, 102-1, 103, 103-1,

21  106, 107, 108, 146, 146-1 to 146-4, 147, 147-1 to 147-3, 148, 148-1 to 148-5, 149,

22  150, 151, 154, 156, 181, 182, 182-1 to 182-40, 183, 183-1 to 183-4, 184, 185, 186,

23  191, 191-1, 192, 192-1 to 192-3, 193, 193-1 to 193-2, 194, 195, 195-1, 196, 196-1

24  to 196-4, 201, 202, 203, 304, 305-1 to 305-59, 306 (errata), 307, 308, 312, 312-1 to

25  312-2, 313, 314, 314-1 to 314-3, 333, 333-1 to 333-3, 334, 334-1 to 334-13, 335,

26  338, 338-1)—and all discovery in this action and the *Siegel* action—including, but

27  not limited to, all deposition testimony and document productions.

28

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

EXHIBIT 3
52

1    Subject to and without waiving all foregoing objections, DC has conducted a

2    reasonably diligent search of the documents in the possession, custody, or control

3    of relevant custodians and produces herewith by designation or otherwise all non-

4    privileged, responsive documents.  Given that discovery is ongoing in this case, DC

5    expressly reserves its right to supplement these Responses, if need be, as more

6    information becomes available, and to use in discovery and at trial any information

7    omitted from these Responses as a result of mistake, inadvertence, or oversight.

8    **Request No. 29**

9    All DOCUMENTS that support YOUR contention that "the clear effect of

10   the 1992 Agreement was to revoke and regrant any prior copyright grants that could

11   otherwise have been subject to termination," found in paragraph 56 of YOUR

12   COMPLAINT.

13   **Response to Request No. 29**

14   DC objects to the Request to the extent that it requires DC to prove through

15   the discovery process its ultimate legal arguments related to the ramifications of

16   defendants' agreements and communications.  DC objects to the extent the Request

17   seeks information protected by the attorney-client privilege, the attorney work

18   product doctrine, or any other applicable privilege or immunity.

19   DC objects to the definition of "YOUR" and will respond to that term as

20   limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC

21   objects to the extent the Request seeks production of "all DOCUMENTS" on the

22   ground that such request is overly broad, unduly burdensome, oppressive, and not

23   reasonably calculated to lead to the discovery of admissible evidence, as the

24   definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As

25   used in these Responses, the phrase "all DOCUMENTS," or phrases of similar

26   import, should be understood to mean those documents DC and its counsel were

27   able to locate using reasonable diligence and reasonable judgment concerning the

28   whereabouts of such documents.

- 34 -

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT 3**
**53**

1        Subject to and without waiving all foregoing objections, DC refers

2    defendants' attention to its complaint (Docket No. 49), all briefing in this action—

3    including, but not limited to, the briefing and exhibits filed in connection with

4    defendants' Rule 12 and SLAPP motions (Docket Nos. 30, 30-1 to 30-5, 31, 31-1,

5    31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2, 35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to

6    77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4, 81, 89, 90, 91, 92, 93, 94, 94-1 to 94-

7    40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100, 100-1 to 100-3, 102, 102-1, 103, 103-1,

8    106, 107, 108, 146, 146-1 to 146-4, 147, 147-1 to 147-3, 148, 148-1 to 148-5, 149,

9    150, 151, 154, 156, 181, 182, 182-1 to 182-40, 183, 183-1 to 183-4, 184, 185, 186,

10   191, 191-1, 192, 192-1 to 192-3, 193, 193-1 to 193-2, 194, 195, 195-1, 196, 196-1

11   to 196-4, 201, 202, 203, 304, 305-1 to 305-59, 306 (errata), 307, 308, 312, 312-1 to

12   312-2, 313, 314, 314-1 to 314-3, 333, 333-1 to 333-3, 334, 334-1 to 334-13, 335,

13   338, 338-1)—and all discovery in this action and the *Siegel* action—including, but

14   not limited to, all deposition testimony and document productions.

15       Subject to and without waiving all foregoing objections, DC has conducted a

16   reasonably diligent search of the documents in the possession, custody, or control

17   of relevant custodians and produces herewith by designation or otherwise all non-

18   privileged, responsive documents.  Given that discovery is ongoing in this case, DC

19   expressly reserves its right to supplement these Responses, if need be, as more

20   information becomes available, and to use in discovery and at trial any information

21   omitted from these Responses as a result of mistake, inadvertence, or oversight.

22   **Request No. 30**

23       All DOCUMENTS that support YOUR contention that "[i]n 2001, Toberoff

24   and his motion-picture production company, Pacific Pictures, induced the Shuster

25   Heirs to violate their 1992 Agreement and wrongfully attempt to acquire and

26   exploit future copyright interests in Superman," found in paragraph 58 of YOUR

27   COMPLAINT.

28

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT 3**

1    **<u>Response to Request No. 30</u>**

2        DC objects to the Request to the extent that it requires DC to prove through

3    the discovery process its ultimate legal arguments related to the ramifications of

4    defendants' agreements and communications.  DC objects to the extent the Request

5    seeks information protected by the attorney-client privilege, the attorney work

6    product doctrine, or any other applicable privilege or immunity.

7        DC objects to the definition of "YOUR" and will respond to that term as

8    limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC

9    objects to the extent the Request seeks production of "all DOCUMENTS" on the

10   ground that such request is overly broad, unduly burdensome, oppressive, and not

11   reasonably calculated to lead to the discovery of admissible evidence, as the

12   definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As

13   used in these Responses, the phrase "all DOCUMENTS," or phrases of similar

14   import, should be understood to mean those documents DC and its counsel were

15   able to locate using reasonable diligence and reasonable judgment concerning the

16   whereabouts of such documents.

17       Subject to and without waiving all foregoing objections, DC refers

18   defendants' attention to its complaint (Docket No. 49), all briefing in this action—

19   including, but not limited to, the briefing and exhibits filed in connection with

20   defendants' Rule 12 and SLAPP motions (Docket Nos. 30, 30-1 to 30-5, 31, 31-1,

21   31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2, 35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to

22   77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4, 81, 89, 90, 91, 92, 93, 94, 94-1 to 94-

23   40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100, 100-1 to 100-3, 102, 102-1, 103, 103-1,

24   106, 107, 108, 146, 146-1 to 146-4, 147, 147-1 to 147-3, 148, 148-1 to 148-5, 149,

25   150, 151, 154, 156, 181, 182, 182-1 to 182-40, 183, 183-1 to 183-4, 184, 185, 186,

26   191, 191-1, 192, 192-1 to 192-3, 193, 193-1 to 193-2, 194, 195, 195-1, 196, 196-1

27   to 196-4, 201, 202, 203, 304, 305-1 to 305-59, 306 (errata), 307, 308, 312, 312-1 to

28   312-2, 313, 314, 314-1 to 314-3, 333, 333-1 to 333-3, 334, 334-1 to 334-13, 335,

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT 3**
**55**

1  338, 338-1)—and all discovery in this action and the *Siegel* action—including, but

2  not limited to, all deposition testimony and document productions.

3       Subject to and without waiving all foregoing objections, DC has conducted a

4  reasonably diligent search of the documents in the possession, custody, or control

5  of relevant custodians and produces herewith by designation or otherwise all non-

6  privileged, responsive documents.  Given that discovery is ongoing in this case, DC

7  expressly reserves its right to supplement these Responses, if need be, as more

8  information becomes available, and to use in discovery and at trial any information

9  omitted from these Responses as a result of mistake, inadvertence, or oversight.

10  **Request No. 31**

11       All DOCUMENTS that support YOUR contention that "Toberoff made

12  contact with the Shuster Heirs and embarked on a course of conduct with them to

13  disrupt their relationship with DC Comics, including DC Comics' rights under the

14  1992 Agreement," found in paragraph 60 of YOUR COMPLAINT.

15  **Response to Request No. 31**

16       DC objects to the Request to the extent that it requires DC to prove through

17  the discovery process its ultimate legal arguments related to the ramifications of

18  defendants' agreements and communications.  DC objects to the extent the Request

19  seeks information protected by the attorney-client privilege, the attorney work

20  product doctrine, or any other applicable privilege or immunity.  DC further objects

21  to the extent this Request seeks documents that defendants have refused to produce

22  in response to discovery served by DC, including but not limited to the 2008

23  "consent agreement" defendants continue to refuse to disclose.

24       DC objects to the definition of "YOUR" and will respond to that term as

25  limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC

26  objects to the extent the Request seeks production of "all DOCUMENTS" on the

27  ground that such request is overly broad, unduly burdensome, oppressive, and not

28  reasonably calculated to lead to the discovery of admissible evidence, as the

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT 3**
**56**

1    definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As

2    used in these Responses, the phrase "all DOCUMENTS," or phrases of similar

3    import, should be understood to mean those documents DC and its counsel were

4    able to locate using reasonable diligence and reasonable judgment concerning the

5    whereabouts of such documents.

6         Subject to and without waiving all foregoing objections, DC refers

7    defendants' attention to its complaint (Docket No. 49), all briefing in this action—

8    including, but not limited to, the briefing and exhibits filed in connection with

9    defendants' Rule 12 and SLAPP motions (Docket Nos. 30, 30-1 to 30-5, 31, 31-1,

10   31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2, 35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to

11   77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4, 81, 89, 90, 91, 92, 93, 94, 94-1 to 94-

12   40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100, 100-1 to 100-3, 102, 102-1, 103, 103-1,

13   106, 107, 108, 146, 146-1 to 146-4, 147, 147-1 to 147-3, 148, 148-1 to 148-5, 149,

14   150, 151, 154, 156, 181, 182, 182-1 to 182-40, 183, 183-1 to 183-4, 184, 185, 186,

15   191, 191-1, 192, 192-1 to 192-3, 193, 193-1 to 193-2, 194, 195, 195-1, 196, 196-1

16   to 196-4, 201, 202, 203, 304, 305-1 to 305-59, 306 (errata), 307, 308, 312, 312-1 to

17   312-2, 313, 314, 314-1 to 314-3, 333, 333-1 to 333-3, 334, 334-1 to 334-13, 335,

18   338, 338-1)—and all discovery in this action and the *Siegel* action—including, but

19   not limited to, all deposition testimony and document productions.

20        Subject to and without waiving all foregoing objections, DC has conducted a

21   reasonably diligent search of the documents in the possession, custody, or control

22   of relevant custodians and produces herewith by designation or otherwise all non-

23   privileged, responsive documents.  Given that discovery is ongoing in this case, DC

24   expressly reserves its right to supplement these Responses, if need be, as more

25   information becomes available, and to use in discovery and at trial any information

26   omitted from these Responses as a result of mistake, inadvertence, or oversight.

27

28

1    **Request No. 32**

2        All DOCUMENTS that support YOUR contention that "Toberoff used the

3    Shuster Heirs to gain access to the heirs of Jerry Siegel, Joanne Siegel and Laura

4    Siegel Larson," found in paragraph 66 of YOUR COMPLAINT.

5    **Response to Request No. 32**

6        DC objects to the Request to the extent that it requires DC to prove through

7    the discovery process its ultimate legal arguments related to the ramifications of

8    defendants' agreements and communications.  DC objects to the extent the Request

9    seeks information protected by the attorney-client privilege, the attorney work

10   product doctrine, or any other applicable privilege or immunity.

11       DC objects to the definition of "YOUR" and will respond to that term as

12   limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC

13   objects to the extent the Request seeks production of "all DOCUMENTS" on the

14   ground that such request is overly broad, unduly burdensome, oppressive, and not

15   reasonably calculated to lead to the discovery of admissible evidence, as the

16   definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As

17   used in these Responses, the phrase "all DOCUMENTS," or phrases of similar

18   import, should be understood to mean those documents DC and its counsel were

19   able to locate using reasonable diligence and reasonable judgment concerning the

20   whereabouts of such documents.

21       Subject to and without waiving all foregoing objections, DC refers

22   defendants' attention to its complaint (Docket No. 49), all briefing in this action—

23   including, but not limited to, the briefing and exhibits filed in connection with

24   defendants' Rule 12 and SLAPP motions (Docket Nos. 30, 30-1 to 30-5, 31, 31-1,

25   31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2, 35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to

26   77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4, 81, 89, 90, 91, 92, 93, 94, 94-1 to 94-

27   40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100, 100-1 to 100-3, 102, 102-1, 103, 103-1,

28   106, 107, 108, 146, 146-1 to 146-4, 147, 147-1 to 147-3, 148, 148-1 to 148-5, 149,

- 39 -

150, 151, 154, 156, 181, 182, 182-1 to 182-40, 183, 183-1 to 183-4, 184, 185, 186, 191, 191-1, 192, 192-1 to 192-3, 193, 193-1 to 193-2, 194, 195, 195-1, 196, 196-1 to 196-4, 201, 202, 203, 304, 305-1 to 305-59, 306 (errata), 307, 308, 312, 312-1 to 312-2, 313, 314, 314-1 to 314-3, 333, 333-1 to 333-3, 334, 334-1 to 334-13, 335, 338, 338-1)—and all discovery in this action and the *Siegel* action—including, but not limited to, all deposition testimony and document productions.

Subject to and without waiving all foregoing objections, DC has conducted a reasonably diligent search of the documents in the possession, custody, or control of relevant custodians and produces herewith by designation or otherwise all non-privileged, responsive documents.  Given that discovery is ongoing in this case, DC expressly reserves its right to supplement these Responses, if need be, as more information becomes available, and to use in discovery and at trial any information omitted from these Responses as a result of mistake, inadvertence, or oversight.

**Request No. 33**

All DOCUMENTS that support YOUR contention that "[o]n or around February 9, 2002, Toberoff approached Steven Spira, a Warner Bros. Pictures executive, at a social function and told him: 'You have a Superman rights problem,'" found in paragraph 73 of YOUR COMPLAINT.

**Response to Request No. 33**

DC objects to the Request to the extent that it requires DC to prove through the discovery process its ultimate legal arguments related to the ramifications of defendants' agreements and communications.  DC objects to the extent the Request seeks information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity.

DC objects to the definition of "YOUR" and will respond to that term as limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC objects to the extent the Request seeks production of "all DOCUMENTS" on the ground that such request is overly broad, unduly burdensome, oppressive, and not

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT 3**

**59**

1  reasonably calculated to lead to the discovery of admissible evidence, as the

2  definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As

3  used in these Responses, the phrase "all DOCUMENTS," or phrases of similar

4  import, should be understood to mean those documents DC and its counsel were

5  able to locate using reasonable diligence and reasonable judgment concerning the

6  whereabouts of such documents.

7       Subject to and without waiving all foregoing objections, DC refers

8  defendants' attention to its complaint (Docket No. 49), all briefing in this action—

9  including, but not limited to, the briefing and exhibits filed in connection with

10 defendants' Rule 12 and SLAPP motions (Docket Nos. 30, 30-1 to 30-5, 31, 31-1,

11 31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2, 35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to

12 77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4, 81, 89, 90, 91, 92, 93, 94, 94-1 to 94-

13 40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100, 100-1 to 100-3, 102, 102-1, 103, 103-1,

14 106, 107, 108, 146, 146-1 to 146-4, 147, 147-1 to 147-3, 148, 148-1 to 148-5, 149,

15 150, 151, 154, 156, 181, 182, 182-1 to 182-40, 183, 183-1 to 183-4, 184, 185, 186,

16 191, 191-1, 192, 192-1 to 192-3, 193, 193-1 to 193-2, 194, 195, 195-1, 196, 196-1

17 to 196-4, 201, 202, 203, 304, 305-1 to 305-59, 306 (errata), 307, 308, 312, 312-1 to

18 312-2, 313, 314, 314-1 to 314-3, 333, 333-1 to 333-3, 334, 334-1 to 334-13, 335,

19 338, 338-1)—and all discovery in this action and the *Siegel* action—including, but

20 not limited to, all deposition testimony and document productions.

21      Subject to and without waiving all foregoing objections, DC has conducted a

22 reasonably diligent search of the documents in the possession, custody, or control

23 of relevant custodians and produces herewith by designation or otherwise all non-

24 privileged, responsive documents.  Given that discovery is ongoing in this case, DC

25 expressly reserves its right to supplement these Responses, if need be, as more

26 information becomes available, and to use in discovery and at trial any information

27 omitted from these Responses as a result of mistake, inadvertence, or oversight.

28

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

EXHIBIT 3
60

1    **Request No. 34**

2        All DOCUMENTS that support YOUR contention that "as a result of the

3    Siegel-Toberoff Agreement and IP Worldwide Agreement, Toberoff now owns a

4    45% financial interest in the Siegel Heirs' purported Superman rights," found in

5    paragraph 84 of YOUR COMPLAINT.

6    **Request No. 34**

7        DC objects to the Request to the extent that it requires DC to prove through

8    the discovery process its ultimate legal arguments related to the ramifications of

9    defendants' agreements and communications.  DC objects to the extent the Request

10   seeks information protected by the attorney-client privilege, the attorney work

11   product doctrine, or any other applicable privilege or immunity.  DC further objects

12   to the extent this Request seeks documents that defendants have refused to produce

13   in response to discovery served by DC, including but not limited to the 2008

14   "consent agreement" defendants continue to refuse to disclose.

15       DC objects to the definition of "YOUR" and will respond to that term as

16   limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC

17   objects to the extent the Request seeks production of "all DOCUMENTS" on the

18   ground that such request is overly broad, unduly burdensome, oppressive, and not

19   reasonably calculated to lead to the discovery of admissible evidence, as the

20   definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As

21   used in these Responses, the phrase "all DOCUMENTS," or phrases of similar

22   import, should be understood to mean those documents DC and its counsel were

23   able to locate using reasonable diligence and reasonable judgment concerning the

24   whereabouts of such documents.

25       Subject to and without waiving all foregoing objections, DC refers

26   defendants' attention to its complaint (Docket No. 49), all briefing in this action—

27   including, but not limited to, the briefing and exhibits filed in connection with

28   defendants' Rule 12 and SLAPP motions (Docket Nos. 30, 30-1 to 30-5, 31, 31-1,

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT 3**
**61**

31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2, 35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to 77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4, 81, 89, 90, 91, 92, 93, 94, 94-1 to 94-40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100, 100-1 to 100-3, 102, 102-1, 103, 103-1, 106, 107, 108, 146, 146-1 to 146-4, 147, 147-1 to 147-3, 148, 148-1 to 148-5, 149, 150, 151, 154, 156, 181, 182, 182-1 to 182-40, 183, 183-1 to 183-4, 184, 185, 186, 191, 191-1, 192, 192-1 to 192-3, 193, 193-1 to 193-2, 194, 195, 195-1, 196, 196-1 to 196-4, 201, 202, 203, 304, 305-1 to 305-59, 306 (errata), 307, 308, 312, 312-1 to 312-2, 313, 314, 314-1 to 314-3, 333, 333-1 to 333-3, 334, 334-1 to 334-13, 335, 338, 338-1)—and all discovery in this action and the *Siegel* action—including, but not limited to, all deposition testimony and document productions.

Subject to and without waiving all foregoing objections, DC has conducted a reasonably diligent search of the documents in the possession, custody, or control of relevant custodians and produces herewith by designation or otherwise all non-privileged, responsive documents.  Given that discovery is ongoing in this case, DC expressly reserves its right to supplement these Responses, if need be, as more information becomes available, and to use in discovery and at trial any information omitted from these Responses as a result of mistake, inadvertence, or oversight.

**Request No. 35**

All DOCUMENTS that support YOUR contention that the November 8, 2002 "Superboy" termination notice "not only erroneously stated that Superboy was a copyrightable work not derivative of Superman, but falsely recited that Superboy was created solely by Siegel (without contribution from Shuster)," and that "Defendants knew these claims were false," found in paragraphs 86-87 of YOUR COMPLAINT.

**Response to Request No. 35**

DC objects to the Request to the extent that it requires DC to prove through the discovery process its ultimate legal arguments related to the ramifications of defendants' agreements and communications.  DC further objects to this Request to

EXHIBIT 3
62

1    the extent that it seeks information protected by the attorney-client privilege, the

2    attorney work product doctrine, or any other applicable privilege or immunity.

3        DC objects to the definition of "YOUR" and will respond to that term as

4    limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC

5    objects to the extent the Request seeks production of "all DOCUMENTS" on the

6    ground that such request is overly broad, unduly burdensome, oppressive, and not

7    reasonably calculated to lead to the discovery of admissible evidence, as the

8    definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As

9    used in these Responses, the phrase "all DOCUMENTS," or phrases of similar

10   import, should be understood to mean those documents DC and its counsel were

11   able to locate using reasonable diligence and judgment concerning the whereabouts

12   of such documents.  Such phraseology should not be construed as a representation

13   that each and every document in DC's possession has been examined in connection

14   with these Responses or any production pursuant thereto.

15       Subject to and without waiving all foregoing objections, DC refers your

16   attention to its complaint and attached exhibit (Docket No. 49, Docket No. 49 Ex.

17   A), all briefing in this action—including, but not limited to, the briefing and

18   exhibits filed in connection with defendants' Rule 12 and SLAPP motions (Docket

19   Nos. 30, 30-1 to 30-5, 31, 31-1, 31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2, 35, 36,

20   75, 75-1 to 75-5, 76, 77, 77-1 to 77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4, 81, 89,

21   90, 91, 92, 93, 94, 94-1 to 94-40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100, 100-1 to

22   100-3, 102, 102-1, 103, 103-1, 106, 107, 108, 146, 146-1 to 146-4, 147, 147-1 to

23   147-3, 148, 148-1 to 148-5, 149, 150, 151, 154, 156, 181, 182, 182-1 to 182-40,

24   183, 183-1 to 183-4, 184, 185, 186, 191, 191-1, 192, 192-1 to 192-3, 193, 193-1 to

25   193-2, 194, 195, 195-1, 196, 196-1 to 196-4, 201, 202, 203, 304, 305-1 to 305-59,

26   306 (errata), 307, 308, 312, 312-1 to 312-2, 313, 314, 314-1 to 314-3, 333, 333-1 to

27   333-3, 334, 334-1 to 334-13, 335, 338, 338-1)—and all discovery in this action and

28   the *Siegel* action—including, but not limited to, all deposition testimony and

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT 3**
**63**

1   document productions (DCC00000001-154435 and WB000001-149488).  DC also

2   refers defendants to its Response to Interrogatory No. 15 in the contemporaneously

3   served Defendant Mark Warren Peary's First Set Of Interrogatories To Plaintiff DC

4   Comics.

5         Given that discovery is ongoing in this case, and expert discovery has not yet

6   begun, DC expressly reserves its right to supplement these Responses as more

7   information becomes available, and to use in discovery and at trial any information

8   omitted from these Responses as a result of mistake, inadvertence, or oversight.

9   **Request No. 36**

10        All DOCUMENTS that support YOUR contention that "[t]hrough Pacific

11  Pictures, Toberoff manipulated the Siegel and Shuster Heirs into falsely positioning

12  Siegel as the sole creator of any putative copyrightable elements in Superboy," and

13  that "[t]hey did so to enable the Siegels to claim a sole ownership interest in

14  Superboy elements allegedly subject to recapture and thereby prevent DC Comics

15  from exploiting Superboy without the Siegels' authorization and without being

16  subject to claims of copyright infringement," found in paragraph 89 of YOUR

17  COMPLAINT.

18  **Response to Request No. 36**

19        DC objects to the Request to the extent that it requires DC to prove through

20  the discovery process its ultimate legal arguments related to the ramifications of

21  defendants' agreements and communications.  DC objects to the extent the Request

22  seeks information protected by the attorney-client privilege, the attorney work

23  product doctrine, or any other applicable privilege or immunity.

24        DC objects to the definition of "YOUR" and will respond to that term as

25  limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC

26  objects to the extent the Request seeks production of "all DOCUMENTS" on the

27  ground that such request is overly broad, unduly burdensome, oppressive, and not

28  reasonably calculated to lead to the discovery of admissible evidence, as the

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT 3**
**64**

1   definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As

2   used in these Responses, the phrase "all DOCUMENTS," or phrases of similar

3   import, should be understood to mean those documents DC and its counsel were

4   able to locate using reasonable diligence and reasonable judgment concerning the

5   whereabouts of such documents.

6       Subject to and without waiving all foregoing objections, DC refers

7   defendants' attention to its complaint (Docket No. 49), all briefing in this action—

8   including, but not limited to, the briefing and exhibits filed in connection with

9   defendants' Rule 12 and SLAPP motions (Docket Nos. 30, 30-1 to 30-5, 31, 31-1,

10  31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2, 35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to

11  77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4, 81, 89, 90, 91, 92, 93, 94, 94-1 to 94-

12  40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100, 100-1 to 100-3, 102, 102-1, 103, 103-1,

13  106, 107, 108, 146, 146-1 to 146-4, 147, 147-1 to 147-3, 148, 148-1 to 148-5, 149,

14  150, 151, 154, 156, 181, 182, 182-1 to 182-40, 183, 183-1 to 183-4, 184, 185, 186,

15  191, 191-1, 192, 192-1 to 192-3, 193, 193-1 to 193-2, 194, 195, 195-1, 196, 196-1

16  to 196-4, 201, 202, 203, 304, 305-1 to 305-59, 306 (errata), 307, 308, 312, 312-1 to

17  312-2, 313, 314, 314-1 to 314-3, 333, 333-1 to 333-3, 334, 334-1 to 334-13, 335,

18  338, 338-1)—and all discovery in this action and the *Siegel* action—including, but

19  not limited to, all deposition testimony and document productions.  DC also refers

20  defendants to its Response to Interrogatory No. 15 in the contemporaneously served

21  Defendant Mark Warren Peary's First Set Of Interrogatories To Plaintiff DC

22  Comics.

23      Subject to and without waiving all foregoing objections, DC has conducted a

24  reasonably diligent search of the documents in the possession, custody, or control

25  of relevant custodians and produces herewith by designation or otherwise all non-

26  privileged, responsive documents.  Given that discovery is ongoing in this case, DC

27  expressly reserves its right to supplement these Responses, if need be, as more

28

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT 3**
**65**

1    information becomes available, and to use in discovery and at trial any information

2    omitted from these Responses as a result of mistake, inadvertence, or oversight.

3    **Request No. 37**

4         ALL DOCUMENTS that support YOUR contention that "Toberoff (acting

5    through Pacific Pictures) caused the Shuster Heirs to remove from the 2001 joint

6    venture between Pacific Pictures and the Shuster Heirs all claims by the Shusters to

7    alleged rights in any and all Superboy elements," found in paragraph 90 of YOUR

8    COMPLAINT.

9    **Response to Request No. 37**

10        DC objects to the Request to the extent that it requires DC to prove through

11   the discovery process its ultimate legal arguments related to the ramifications of

12   defendants' agreements and communications.  DC objects to the extent the Request

13   seeks information protected by the attorney-client privilege, the attorney work

14   product doctrine, or any other applicable privilege or immunity.

15        DC objects to the definition of "YOUR" and will respond to that term as

16   limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC

17   objects to the extent the Request seeks production of "all DOCUMENTS" on the

18   ground that such request is overly broad, unduly burdensome, oppressive, and not

19   reasonably calculated to lead to the discovery of admissible evidence, as the

20   definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As

21   used in these Responses, the phrase "all DOCUMENTS," or phrases of similar

22   import, should be understood to mean those documents DC and its counsel were

23   able to locate using reasonable diligence and reasonable judgment concerning the

24   whereabouts of such documents.

25        Subject to and without waiving all foregoing objections, DC refers

26   defendants' attention to its complaint (Docket No. 49), all briefing in this action—

27   including, but not limited to, the briefing and exhibits filed in connection with

28   defendants' Rule 12 and SLAPP motions (Docket Nos. 30, 30-1 to 30-5, 31, 31-1,

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT 3**
**66**

31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2, 35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to 77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4, 81, 89, 90, 91, 92, 93, 94, 94-1 to 94-40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100, 100-1 to 100-3, 102, 102-1, 103, 103-1, 106, 107, 108, 146, 146-1 to 146-4, 147, 147-1 to 147-3, 148, 148-1 to 148-5, 149, 150, 151, 154, 156, 181, 182, 182-1 to 182-40, 183, 183-1 to 183-4, 184, 185, 186, 191, 191-1, 192, 192-1 to 192-3, 193, 193-1 to 193-2, 194, 195, 195-1, 196, 196-1 to 196-4, 201, 202, 203, 304, 305-1 to 305-59, 306 (errata), 307, 308, 312, 312-1 to 312-2, 313, 314, 314-1 to 314-3, 333, 333-1 to 333-3, 334, 334-1 to 334-13, 335, 338, 338-1)—and all discovery in this action and the *Siegel* action—including, but not limited to, all deposition testimony and document productions.  DC also refers defendants to its Response to Interrogatory No. 15 in the contemporaneously served Defendant Mark Warren Peary's First Set Of Interrogatories To Plaintiff DC Comics.

Subject to and without waiving all foregoing objections, DC has conducted a reasonably diligent search of the documents in the possession, custody, or control of relevant custodians and produces herewith by designation or otherwise all non-privileged, responsive documents.  Given that discovery is ongoing in this case, DC expressly reserves its right to supplement these Responses, if need be, as more information becomes available, and to use in discovery and at trial any information omitted from these Responses as a result of mistake, inadvertence, or oversight.

**Request No. 38**

All DOCUMENTS that support YOUR contention that "Toberoff induced the Shuster Heirs to disclaim any interest in Superboy so that Toberoff could position the Siegel Heirs to recapture 100% of these rights and assert a copyright infringement action against DC Comics," found in paragraph 90 of YOUR COMPLAINT.

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT 3**
**67**

1    **Request No. 38**

2        DC objects to the Request to the extent that it requires DC to prove through

3    the discovery process its ultimate legal arguments related to the ramifications of

4    defendants' agreements and communications.  DC objects to the extent the Request

5    seeks information protected by the attorney-client privilege, the attorney work

6    product doctrine, or any other applicable privilege or immunity.  DC further objects

7    to the extent this Request seeks documents that defendants have refused to produce

8    in response to discovery served by DC, including but not limited to the 2008

9    "consent agreement" defendants continue to refuse to disclose.

10       DC objects to the definition of "YOUR" and will respond to that term as

11   limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC

12   objects to the extent the Request seeks production of "all DOCUMENTS" on the

13   ground that such request is overly broad, unduly burdensome, oppressive, and not

14   reasonably calculated to lead to the discovery of admissible evidence, as the

15   definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As

16   used in these Responses, the phrase "all DOCUMENTS," or phrases of similar

17   import, should be understood to mean those documents DC and its counsel were

18   able to locate using reasonable diligence and reasonable judgment concerning the

19   whereabouts of such documents.

20       Subject to and without waiving all foregoing objections, DC refers

21   defendants' attention to its complaint (Docket No. 49), all briefing in this action—

22   including, but not limited to, the briefing and exhibits filed in connection with

23   defendants' Rule 12 and SLAPP motions (Docket Nos. 30, 30-1 to 30-5, 31, 31-1,

24   31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2, 35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to

25   77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4, 81, 89, 90, 91, 92, 93, 94, 94-1 to 94-

26   40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100, 100-1 to 100-3, 102, 102-1, 103, 103-1,

27   106, 107, 108, 146, 146-1 to 146-4, 147, 147-1 to 147-3, 148, 148-1 to 148-5, 149,

28   150, 151, 154, 156, 181, 182, 182-1 to 182-40, 183, 183-1 to 183-4, 184, 185, 186,

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT 3**
**68**

1  191, 191-1, 192, 192-1 to 192-3, 193, 193-1 to 193-2, 194, 195, 195-1, 196, 196-1

2  to 196-4, 201, 202, 203, 304, 305-1 to 305-59, 306 (errata), 307, 308, 312, 312-1 to

3  312-2, 313, 314, 314-1 to 314-3, 333, 333-1 to 333-3, 334, 334-1 to 334-13, 335,

4  338, 338-1)—and all discovery in this action and the *Siegel* action—including, but

5  not limited to, all deposition testimony and document productions.  DC also refers

6  defendants to its Response to Interrogatory No. 15 in the contemporaneously served

7  Defendant Mark Warren Peary's First Set Of Interrogatories To Plaintiff DC

8  Comics.

9        Subject to and without waiving all foregoing objections, DC has conducted a

10  reasonably diligent search of the documents in the possession, custody, or control

11  of relevant custodians and produces herewith by designation or otherwise all non-

12  privileged, responsive documents.  Given that discovery is ongoing in this case, DC

13  expressly reserves its right to supplement these Responses, if need be, as more

14  information becomes available, and to use in discovery and at trial any information

15  omitted from these Responses as a result of mistake, inadvertence, or oversight.

16  **Request No. 39**

17        All DOCUMENTS that support YOUR contention that "IP Worldwide is the

18  Toberoff entity which, upon information and belief, holds a portion of the Siegel

19  Heirs' Superman and Superboy rights pursuant to the IP Worldwide Agreement,"

20  found in paragraph 93 of YOUR COMPLAINT.

21  **Response to Request No. 39**

22        DC objects to the Request to the extent that it requires DC to prove through

23  the discovery process its ultimate legal arguments related to the ramifications of

24  defendants' agreements and communications.  DC objects to the extent the Request

25  seeks information protected by the attorney-client privilege, the attorney work

26  product doctrine, or any other applicable privilege or immunity.

27        DC objects to the definition of "YOUR" and will respond to that term as

28  limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT 3**
**69**

1   objects to the extent the Request seeks production of "all DOCUMENTS" on the

2   ground that such request is overly broad, unduly burdensome, oppressive, and not

3   reasonably calculated to lead to the discovery of admissible evidence, as the

4   definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As

5   used in these Responses, the phrase "all DOCUMENTS," or phrases of similar

6   import, should be understood to mean those documents DC and its counsel were

7   able to locate using reasonable diligence and reasonable judgment concerning the

8   whereabouts of such documents.

9       Subject to and without waiving all foregoing objections, DC refers

10  defendants' attention to its complaint (Docket No. 49), all briefing in this action—

11  including, but not limited to, the briefing and exhibits filed in connection with

12  defendants' Rule 12 and SLAPP motions (Docket Nos. 30, 30-1 to 30-5, 31, 31-1,

13  31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2, 35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to

14  77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4, 81, 89, 90, 91, 92, 93, 94, 94-1 to 94-

15  40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100, 100-1 to 100-3, 102, 102-1, 103, 103-1,

16  106, 107, 108, 146, 146-1 to 146-4, 147, 147-1 to 147-3, 148, 148-1 to 148-5, 149,

17  150, 151, 154, 156, 181, 182, 182-1 to 182-40, 183, 183-1 to 183-4, 184, 185, 186,

18  191, 191-1, 192, 192-1 to 192-3, 193, 193-1 to 193-2, 194, 195, 195-1, 196, 196-1

19  to 196-4, 201, 202, 203, 304, 305-1 to 305-59, 306 (errata), 307, 308, 312, 312-1 to

20  312-2, 313, 314, 314-1 to 314-3, 333, 333-1 to 333-3, 334, 334-1 to 334-13, 335,

21  338, 338-1)—and all discovery in this action and the *Siegel* action—including, but

22  not limited to, all deposition testimony and document productions.

23      Subject to and without waiving all foregoing objections, DC has conducted a

24  reasonably diligent search of the documents in the possession, custody, or control

25  of relevant custodians and produces herewith by designation or otherwise all non-

26  privileged, responsive documents.  Given that discovery is ongoing in this case, DC

27  expressly reserves its right to supplement these Responses, if need be, as more

28

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT 3**
**70**

1    information becomes available, and to use in discovery and at trial any information

2    omitted from these Responses as a result of mistake, inadvertence, or oversight.

3    **Request No. 40**

4        ALL DOCUMENTS that support YOUR contention that "because the Shuster

5    Heirs and Pacific Pictures had agreed that all rights held by their joint venture would

6    be divided 50/50 upon termination of the joint venture 'for any reason,' the apparent

7    effect of the September 10, 2004 Letter was to transfer 50% of the Shuster Heirs'

8    purported share of Shuster's rights to Toberoff or his companies," found in

9    paragraph 99 of YOUR COMPLAINT.

10    **Response to Request No. 40**

11        DC objects to the Request to the extent that it requires DC to prove through

12    the discovery process its ultimate legal arguments related to the ramifications of

13    defendants' agreements and communications.  DC objects to the extent the Request

14    seeks information protected by the attorney-client privilege, the attorney work

15    product doctrine, or any other applicable privilege or immunity.

16        DC objects to the definition of "YOUR" and will respond to that term as

17    limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC

18    objects to the extent the Request seeks production of "all DOCUMENTS" on the

19    ground that such request is overly broad, unduly burdensome, oppressive, and not

20    reasonably calculated to lead to the discovery of admissible evidence, as the

21    definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As

22    used in these Responses, the phrase "all DOCUMENTS," or phrases of similar

23    import, should be understood to mean those documents DC and its counsel were

24    able to locate using reasonable diligence and reasonable judgment concerning the

25    whereabouts of such documents.

26        Subject to and without waiving all foregoing objections, DC refers

27    defendants' attention to its complaint (Docket No. 49), all briefing in this action—

28    including, but not limited to, the briefing and exhibits filed in connection with

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT 3**

**71**

1   defendants' Rule 12 and SLAPP motions (Docket Nos. 30, 30-1 to 30-5, 31, 31-1,
2   31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2, 35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to
3   77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4, 81, 89, 90, 91, 92, 93, 94, 94-1 to 94-
4   40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100, 100-1 to 100-3, 102, 102-1, 103, 103-1,
5   106, 107, 108, 146, 146-1 to 146-4, 147, 147-1 to 147-3, 148, 148-1 to 148-5, 149,
6   150, 151, 154, 156, 181, 182, 182-1 to 182-40, 183, 183-1 to 183-4, 184, 185, 186,
7   191, 191-1, 192, 192-1 to 192-3, 193, 193-1 to 193-2, 194, 195, 195-1, 196, 196-1
8   to 196-4, 201, 202, 203, 304, 305-1 to 305-59, 306 (errata), 307, 308, 312, 312-1 to
9   312-2, 313, 314, 314-1 to 314-3, 333, 333-1 to 333-3, 334, 334-1 to 334-13, 335,
10  338, 338-1)—and all discovery in this action and the *Siegel* action—including, but
11  not limited to, all deposition testimony and document productions.

12          Subject to and without waiving all foregoing objections, DC has conducted a
13  reasonably diligent search of the documents in the possession, custody, or control
14  of relevant custodians and produces herewith by designation or otherwise all non-
15  privileged, responsive documents.  Given that discovery is ongoing in this case, DC
16  expressly reserves its right to supplement these Responses, if need be, as more
17  information becomes available, and to use in discovery and at trial any information
18  omitted from these Responses as a result of mistake, inadvertence, or oversight.

19  **Request No. 41**

20          All DOCUMENTS that support YOUR contention that "DC Comics is
21  informed and believes that Toberoff (or his companies) now own 50% of the
22  Shuster Heirs' putative rights as well as the 45% share of the Siegel Heirs' putative
23  rights," found in paragraph 100 of YOUR COMPLAINT.

24  **Response to Request No. 41**

25          DC objects to the Request to the extent that it requires DC to prove through
26  the discovery process its ultimate legal arguments related to the ramifications of
27  defendants' agreements and communications.  DC objects to the extent the Request
28  seeks information protected by the attorney-client privilege, the attorney work

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT 3**

**72**

1   product doctrine, or any other applicable privilege or immunity.  DC further objects

2   to the extent this Request seeks documents that defendants have refused to produce

3   in response to discovery served by DC, including but not limited to the 2008

4   "consent agreement" defendants continue to refuse to disclose.

5        DC objects to the definition of "YOUR" and will respond to that term as

6   limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC

7   objects to the extent the Request seeks production of "all DOCUMENTS" on the

8   ground that such request is overly broad, unduly burdensome, oppressive, and not

9   reasonably calculated to lead to the discovery of admissible evidence, as the

10  definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As

11  used in these Responses, the phrase "all DOCUMENTS," or phrases of similar

12  import, should be understood to mean those documents DC and its counsel were

13  able to locate using reasonable diligence and reasonable judgment concerning the

14  whereabouts of such documents.

15       Subject to and without waiving all foregoing objections, DC refers

16  defendants' attention to its complaint (Docket No. 49), all briefing in this action—

17  including, but not limited to, the briefing and exhibits filed in connection with

18  defendants' Rule 12 and SLAPP motions (Docket Nos. 30, 30-1 to 30-5, 31, 31-1,

19  31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2, 35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to

20  77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4, 81, 89, 90, 91, 92, 93, 94, 94-1 to 94-

21  40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100, 100-1 to 100-3, 102, 102-1, 103, 103-1,

22  106, 107, 108, 146, 146-1 to 146-4, 147, 147-1 to 147-3, 148, 148-1 to 148-5, 149,

23  150, 151, 154, 156, 181, 182, 182-1 to 182-40, 183, 183-1 to 183-4, 184, 185, 186,

24  191, 191-1, 192, 192-1 to 192-3, 193, 193-1 to 193-2, 194, 195, 195-1, 196, 196-1

25  to 196-4, 201, 202, 203, 304, 305-1 to 305-59, 306 (errata), 307, 308, 312, 312-1 to

26  312-2, 313, 314, 314-1 to 314-3, 333, 333-1 to 333-3, 334, 334-1 to 334-13, 335,

27  338, 338-1)—and all discovery in this action and the *Siegel* action—including, but

28  not limited to, all deposition testimony and document productions.

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT 3**

**73**

1    Subject to and without waiving all foregoing objections, DC has conducted a

2    reasonably diligent search of the documents in the possession, custody, or control

3    of relevant custodians and produces herewith by designation or otherwise all non-

4    privileged, responsive documents.  Given that discovery is ongoing in this case, DC

5    expressly reserves its right to supplement these Responses, if need be, as more

6    information becomes available, and to use in discovery and at trial any information

7    omitted from these Responses as a result of mistake, inadvertence, or oversight.

8    **Request No. 42**

9    All DOCUMENTS that support YOUR contention that "Toberoff, Pacific

10   Pictures, IP Worldwide, the Siegels, and the Shusters have entered into one or more

11   agreements preventing the Siegels or Shusters from conveying rights to DC Comics

12   or entering into other agreements with DC Comics, including for the settlement of

13   their putative termination claims or litigation, without the consent of other parties,"

14   found in paragraph 101 of YOUR COMPLAINT.

15   **Response to Request No. 42**

16   DC objects to the Request to the extent that it requires DC to prove through

17   the discovery process its ultimate legal arguments related to the ramifications of

18   defendants' agreements and communications.  DC objects to the extent the Request

19   seeks information protected by the attorney-client privilege, the attorney work

20   product doctrine, or any other applicable privilege or immunity.  DC further objects

21   to the extent this Request seeks documents that defendants have refused to produce

22   in response to discovery served by DC, including but not limited to the 2008

23   "consent agreement" defendants continue to refuse to disclose.

24   DC objects to the definition of "YOUR" and will respond to that term as

25   limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC

26   objects to the extent the Request seeks production of "all DOCUMENTS" on the

27   ground that such request is overly broad, unduly burdensome, oppressive, and not

28   reasonably calculated to lead to the discovery of admissible evidence, as the

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT 3**

**74**

1    definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As

2    used in these Responses, the phrase "all DOCUMENTS," or phrases of similar

3    import, should be understood to mean those documents DC and its counsel were

4    able to locate using reasonable diligence and reasonable judgment concerning the

5    whereabouts of such documents.

6        Subject to and without waiving all foregoing objections, DC refers

7    defendants' attention to its complaint (Docket No. 49), all briefing in this action—

8    including, but not limited to, the briefing and exhibits filed in connection with

9    defendants' Rule 12 and SLAPP motions (Docket Nos. 30, 30-1 to 30-5, 31, 31-1,

10   31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2, 35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to

11   77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4, 81, 89, 90, 91, 92, 93, 94, 94-1 to 94-

12   40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100, 100-1 to 100-3, 102, 102-1, 103, 103-1,

13   106, 107, 108, 146, 146-1 to 146-4, 147, 147-1 to 147-3, 148, 148-1 to 148-5, 149,

14   150, 151, 154, 156, 181, 182, 182-1 to 182-40, 183, 183-1 to 183-4, 184, 185, 186,

15   191, 191-1, 192, 192-1 to 192-3, 193, 193-1 to 193-2, 194, 195, 195-1, 196, 196-1

16   to 196-4, 201, 202, 203, 304, 305-1 to 305-59, 306 (errata), 307, 308, 312, 312-1 to

17   312-2, 313, 314, 314-1 to 314-3, 333, 333-1 to 333-3, 334, 334-1 to 334-13, 335,

18   338, 338-1)—and all discovery in this action and the *Siegel* action—including, but

19   not limited to, all deposition testimony and document productions.

20       Subject to and without waiving all foregoing objections, DC has conducted a

21   reasonably diligent search of the documents in the possession, custody, or control

22   of relevant custodians and produces herewith by designation or otherwise all non-

23   privileged, responsive documents.  Given that discovery is ongoing in this case, DC

24   expressly reserves its right to supplement these Responses, if need be, as more

25   information becomes available, and to use in discovery and at trial any information

26   omitted from these Responses as a result of mistake, inadvertence, or oversight.

27

28

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT 3**
**75**

**Request No. 43**

All DOCUMENTS that support YOUR contention that "[t]he Shuster Termination Notice is invalid, and thus ineffective," found in paragraph 106 of YOUR COMPLAINT.

**Response to Request No. 43**

DC objects to the Request to the extent that it requires DC to prove through the discovery process its ultimate legal arguments related to the ramifications of defendants' agreements and communications. DC objects to the extent the Request seeks information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity.

DC objects to the definition of "YOUR" and will respond to that term as limited to relevant representatives of DC and Warner Bros. Entertainment Inc. DC objects to the extent the Request seeks production of "all DOCUMENTS" on the ground that such request is overly broad, unduly burdensome, oppressive, and not reasonably calculated to lead to the discovery of admissible evidence, as the definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case. As used in these Responses, the phrase "all DOCUMENTS," or phrases of similar import, should be understood to mean those documents DC and its counsel were able to locate using reasonable diligence and reasonable judgment concerning the whereabouts of such documents.

Subject to and without waiving all foregoing objections, DC refers defendants' attention to its complaint (Docket No. 49), all briefing in this action—including, but not limited to, the briefing and exhibits filed in connection with defendants' Rule 12 and SLAPP motions (Docket Nos. 30, 30-1 to 30-5, 31, 31-1, 31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2, 35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to 77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4, 81, 89, 90, 91, 92, 93, 94, 94-1 to 94-40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100, 100-1 to 100-3, 102, 102-1, 103, 103-1, 106, 107, 108, 146, 146-1 to 146-4, 147, 147-1 to 147-3, 148, 148-1 to 148-5, 149,

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT 3**
**76**

150, 151, 154, 156, 181, 182, 182-1 to 182-40, 183, 183-1 to 183-4, 184, 185, 186, 191, 191-1, 192, 192-1 to 192-3, 193, 193-1 to 193-2, 194, 195, 195-1, 196, 196-1 to 196-4, 201, 202, 203, 304, 305-1 to 305-59, 306 (errata), 307, 308, 312, 312-1 to 312-2, 313, 314, 314-1 to 314-3, 333, 333-1 to 333-3, 334, 334-1 to 334-13, 335, 338, 338-1)—and all discovery in this action and the *Siegel* action—including, but not limited to, all deposition testimony and document productions.

Subject to and without waiving all foregoing objections, DC has conducted a reasonably diligent search of the documents in the possession, custody, or control of relevant custodians and produces herewith by designation or otherwise all non-privileged, responsive documents.  Given that discovery is ongoing in this case, DC expressly reserves its right to supplement these Responses, if need be, as more information becomes available, and to use in discovery and at trial any information omitted from these Responses as a result of mistake, inadvertence, or oversight.

**Request No. 44**

All DOCUMENTS that support YOUR contention that "Shuster's termination right ceased to exist on his death," found in paragraph 110 of YOUR COMPLAINT.

**Response to Request No. 44**

DC objects to the Request to the extent that it requires DC to prove through the discovery process its ultimate legal arguments related to the ramifications of defendants' agreements and communications.  DC objects to the extent the Request seeks information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity.

DC objects to the definition of "YOUR" and will respond to that term as limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC objects to the extent the Request seeks production of "all DOCUMENTS" on the ground that such request is overly broad, unduly burdensome, oppressive, and not reasonably calculated to lead to the discovery of admissible evidence, as the

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT 3**

**77**

1  definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As

2  used in these Responses, the phrase "all DOCUMENTS," or phrases of similar

3  import, should be understood to mean those documents DC and its counsel were

4  able to locate using reasonable diligence and reasonable judgment concerning the

5  whereabouts of such documents.

6      Subject to and without waiving all foregoing objections, DC refers

7  defendants' attention to its complaint (Docket No. 49), all briefing in this action—

8  including, but not limited to, the briefing and exhibits filed in connection with

9  defendants' Rule 12 and SLAPP motions (Docket Nos. 30, 30-1 to 30-5, 31, 31-1,

10  31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2, 35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to

11  77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4, 81, 89, 90, 91, 92, 93, 94, 94-1 to 94-

12  40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100, 100-1 to 100-3, 102, 102-1, 103, 103-1,

13  106, 107, 108, 146, 146-1 to 146-4, 147, 147-1 to 147-3, 148, 148-1 to 148-5, 149,

14  150, 151, 154, 156, 181, 182, 182-1 to 182-40, 183, 183-1 to 183-4, 184, 185, 186,

15  191, 191-1, 192, 192-1 to 192-3, 193, 193-1 to 193-2, 194, 195, 195-1, 196, 196-1

16  to 196-4, 201, 202, 203, 304, 305-1 to 305-59, 306 (errata), 307, 308, 312, 312-1 to

17  312-2, 313, 314, 314-1 to 314-3, 333, 333-1 to 333-3, 334, 334-1 to 334-13, 335,

18  338, 338-1)—and all discovery in this action and the *Siegel* action—including, but

19  not limited to, all deposition testimony and document productions.

20      Subject to and without waiving all foregoing objections, DC has conducted a

21  reasonably diligent search of the documents in the possession, custody, or control

22  of relevant custodians and produces herewith by designation or otherwise all non-

23  privileged, responsive documents.  Given that discovery is ongoing in this case, DC

24  expressly reserves its right to supplement these Responses, if need be, as more

25  information becomes available, and to use in discovery and at trial any information

26  omitted from these Responses as a result of mistake, inadvertence, or oversight.

27

28

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT 3**
**78**

1    **Request No. 45**

2        All DOCUMENTS that support YOUR contention that "[t]he 1992

3    Agreement that Frank Shuster and Jean Peavy entered into with DC Comics bars the

4    Shuster Estate from pursuing termination because, inter alia, in exchange for

5    valuable consideration, the 1992 Agreement effected a rescission, revocation, and re-

6    grant of all prior copyright grants, which eliminated any pre-1978 grant that could be

7    subject to termination under section 304 of the Copyright Act," found in paragraph

8    112 of YOUR COMPLAINT.

9    **Response to Request No. 45**

10        DC objects to the Request to the extent that it requires DC to prove through

11    the discovery process its ultimate legal arguments related to the ramifications of

12    defendants' agreements and communications.  DC objects to the extent the Request

13    seeks information protected by the attorney-client privilege, the attorney work

14    product doctrine, or any other applicable privilege or immunity.

15        DC objects to the definition of "YOUR" and will respond to that term as

16    limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC

17    objects to the extent the Request seeks production of "all DOCUMENTS" on the

18    ground that such request is overly broad, unduly burdensome, oppressive, and not

19    reasonably calculated to lead to the discovery of admissible evidence, as the

20    definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As

21    used in these Responses, the phrase "all DOCUMENTS," or phrases of similar

22    import, should be understood to mean those documents DC and its counsel were

23    able to locate using reasonable diligence and reasonable judgment concerning the

24    whereabouts of such documents.

25        Subject to and without waiving all foregoing objections, DC refers

26    defendants' attention to its complaint (Docket No. 49), all briefing in this action—

27    including, but not limited to, the briefing and exhibits filed in connection with

28    defendants' Rule 12 and SLAPP motions (Docket Nos. 30, 30-1 to 30-5, 31, 31-1,

- 60 -

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT 3**

**79**

31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2, 35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to 77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4, 81, 89, 90, 91, 92, 93, 94, 94-1 to 94-40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100, 100-1 to 100-3, 102, 102-1, 103, 103-1, 106, 107, 108, 146, 146-1 to 146-4, 147, 147-1 to 147-3, 148, 148-1 to 148-5, 149, 150, 151, 154, 156, 181, 182, 182-1 to 182-40, 183, 183-1 to 183-4, 184, 185, 186, 191, 191-1, 192, 192-1 to 192-3, 193, 193-1 to 193-2, 194, 195, 195-1, 196, 196-1 to 196-4, 201, 202, 203, 304, 305-1 to 305-59, 306 (errata), 307, 308, 312, 312-1 to 312-2, 313, 314, 314-1 to 314-3, 333, 333-1 to 333-3, 334, 334-1 to 334-13, 335, 338, 338-1)—and all discovery in this action and the *Siegel* action—including, but not limited to, all deposition testimony and document productions.

Subject to and without waiving all foregoing objections, DC has conducted a reasonably diligent search of the documents in the possession, custody, or control of relevant custodians and produces herewith by designation or otherwise all non-privileged, responsive documents.  Given that discovery is ongoing in this case, DC expressly reserves its right to supplement these Responses, if need be, as more information becomes available, and to use in discovery and at trial any information omitted from these Responses as a result of mistake, inadvertence, or oversight.

**Request No. 46**

All DOCUMENTS that support YOUR contention that "Shuster's heirs approached DC Comics in 1992 seeking increased annual payments, certain tax benefits, and payment of Shuster's debts and expenses," and that "[a]t the time, Shuster's heirs recognized the value of Superman as a property," found in paragraph 115 of YOUR COMPLAINT.

**Response to Request No. 46**

DC objects to the Request to the extent that it requires DC to prove through the discovery process its ultimate legal arguments related to the ramifications of defendants' agreements and communications.  DC objects to the extent the Request

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT 3**
**80**

1    seeks information protected by the attorney-client privilege, the attorney work

2    product doctrine, or any other applicable privilege or immunity.

3        DC objects to the definition of "YOUR" and will respond to that term as

4    limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC

5    objects to the extent the Request seeks production of "all DOCUMENTS" on the

6    ground that such request is overly broad, unduly burdensome, oppressive, and not

7    reasonably calculated to lead to the discovery of admissible evidence, as the

8    definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As

9    used in these Responses, the phrase "all DOCUMENTS," or phrases of similar

10   import, should be understood to mean those documents DC and its counsel were

11   able to locate using reasonable diligence and reasonable judgment concerning the

12   whereabouts of such documents.

13       Subject to and without waiving all foregoing objections, DC refers

14   defendants' attention to its complaint (Docket No. 49), all briefing in this action—

15   including, but not limited to, the briefing and exhibits filed in connection with

16   defendants' Rule 12 and SLAPP motions (Docket Nos. 30, 30-1 to 30-5, 31, 31-1,

17   31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2, 35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to

18   77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4, 81, 89, 90, 91, 92, 93, 94, 94-1 to 94-

19   40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100, 100-1 to 100-3, 102, 102-1, 103, 103-1,

20   106, 107, 108, 146, 146-1 to 146-4, 147, 147-1 to 147-3, 148, 148-1 to 148-5, 149,

21   150, 151, 154, 156, 181, 182, 182-1 to 182-40, 183, 183-1 to 183-4, 184, 185, 186,

22   191, 191-1, 192, 192-1 to 192-3, 193, 193-1 to 193-2, 194, 195, 195-1, 196, 196-1

23   to 196-4, 201, 202, 203, 304, 305-1 to 305-59, 306 (errata), 307, 308, 312, 312-1 to

24   312-2, 313, 314, 314-1 to 314-3, 333, 333-1 to 333-3, 334, 334-1 to 334-13, 335,

25   338, 338-1)—and all discovery in this action and the *Siegel* action—including, but

26   not limited to, all deposition testimony and document productions.

27       Subject to and without waiving all foregoing objections, DC has conducted a

28   reasonably diligent search of the documents in the possession, custody, or control

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT 3**
**81**

1    of relevant custodians and produces herewith by designation or otherwise all non-

2    privileged, responsive documents.  Given that discovery is ongoing in this case, DC

3    expressly reserves its right to supplement these Responses, if need be, as more

4    information becomes available, and to use in discovery and at trial any information

5    omitted from these Responses as a result of mistake, inadvertence, or oversight.

6    **Request No. 47**

7         All DOCUMENTS that support YOUR contention that "[b]y effectively

8    rescinding, revoking, and re-granting any and all prior grants of Joe Shuster's

9    rights, the Shuster Heirs have no right to terminate any of the Superman

10   copyrights," found in paragraph 116 of YOUR COMPLAINT.

11   **Response to Request No. 47**

12        DC objects to the Request to the extent that it requires DC to prove through

13   the discovery process its ultimate legal arguments related to the ramifications of

14   defendants' agreements and communications.  DC objects to the extent the Request

15   seeks information protected by the attorney-client privilege, the attorney work

16   product doctrine, or any other applicable privilege or immunity.

17        DC objects to the definition of "YOUR" and will respond to that term as

18   limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC

19   objects to the extent the Request seeks production of "all DOCUMENTS" on the

20   ground that such request is overly broad, unduly burdensome, oppressive, and not

21   reasonably calculated to lead to the discovery of admissible evidence, as the

22   definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As

23   used in these Responses, the phrase "all DOCUMENTS," or phrases of similar

24   import, should be understood to mean those documents DC and its counsel were

25   able to locate using reasonable diligence and reasonable judgment concerning the

26   whereabouts of such documents.

27        Subject to and without waiving all foregoing objections, DC refers

28   defendants' attention to its complaint (Docket No. 49), all briefing in this action—

- 63 -

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT 3**

**82**

1   including, but not limited to, the briefing and exhibits filed in connection with

2   defendants' Rule 12 and SLAPP motions (Docket Nos. 30, 30-1 to 30-5, 31, 31-1,

3   31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2, 35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to

4   77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4, 81, 89, 90, 91, 92, 93, 94, 94-1 to 94-

5   40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100, 100-1 to 100-3, 102, 102-1, 103, 103-1,

6   106, 107, 108, 146, 146-1 to 146-4, 147, 147-1 to 147-3, 148, 148-1 to 148-5, 149,

7   150, 151, 154, 156, 181, 182, 182-1 to 182-40, 183, 183-1 to 183-4, 184, 185, 186,

8   191, 191-1, 192, 192-1 to 192-3, 193, 193-1 to 193-2, 194, 195, 195-1, 196, 196-1

9   to 196-4, 201, 202, 203, 304, 305-1 to 305-59, 306 (errata), 307, 308, 312, 312-1 to

10  312-2, 313, 314, 314-1 to 314-3, 333, 333-1 to 333-3, 334, 334-1 to 334-13, 335,

11  338, 338-1)—and all discovery in this action and the *Siegel* action—including, but

12  not limited to, all deposition testimony and document productions.

13       Subject to and without waiving all foregoing objections, DC has conducted a

14  reasonably diligent search of the documents in the possession, custody, or control

15  of relevant custodians and produces herewith by designation or otherwise all non-

16  privileged, responsive documents.  Given that discovery is ongoing in this case, DC

17  expressly reserves its right to supplement these Responses, if need be, as more

18  information becomes available, and to use in discovery and at trial any information

19  omitted from these Responses as a result of mistake, inadvertence, or oversight.

20  **Request No. 48**

21       All DOCUMENTS that support YOUR contention that "the Shusters are

22  estopped from disputing that the 1992 Agreement remains in full force and effect,

23  which operates to preclude the assertion of any termination right," found in

24  paragraph 117 of YOUR COMPLAINT.

25  **Response to Request No. 48**

26       DC objects to the Request to the extent that it requires DC to prove through

27  the discovery process its ultimate legal arguments related to the ramifications of

28  defendants' agreements and communications.  DC objects to the extent the Request

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT 3**

**83**

1    seeks information protected by the attorney-client privilege, the attorney work

2    product doctrine, or any other applicable privilege or immunity.

3        DC objects to the definition of "YOUR" and will respond to that term as

4    limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC

5    objects to the extent the Request seeks production of "all DOCUMENTS" on the

6    ground that such request is overly broad, unduly burdensome, oppressive, and not

7    reasonably calculated to lead to the discovery of admissible evidence, as the

8    definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As

9    used in these Responses, the phrase "all DOCUMENTS," or phrases of similar

10   import, should be understood to mean those documents DC and its counsel were

11   able to locate using reasonable diligence and reasonable judgment concerning the

12   whereabouts of such documents.

13       Subject to and without waiving all foregoing objections, DC refers

14   defendants' attention to its complaint (Docket No. 49), all briefing in this action—

15   including, but not limited to, the briefing and exhibits filed in connection with

16   defendants' Rule 12 and SLAPP motions (Docket Nos. 30, 30-1 to 30-5, 31, 31-1,

17   31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2, 35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to

18   77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4, 81, 89, 90, 91, 92, 93, 94, 94-1 to 94-

19   40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100, 100-1 to 100-3, 102, 102-1, 103, 103-1,

20   106, 107, 108, 146, 146-1 to 146-4, 147, 147-1 to 147-3, 148, 148-1 to 148-5, 149,

21   150, 151, 154, 156, 181, 182, 182-1 to 182-40, 183, 183-1 to 183-4, 184, 185, 186,

22   191, 191-1, 192, 192-1 to 192-3, 193, 193-1 to 193-2, 194, 195, 195-1, 196, 196-1

23   to 196-4, 201, 202, 203, 304, 305-1 to 305-59, 306 (errata), 307, 308, 312, 312-1 to

24   312-2, 313, 314, 314-1 to 314-3, 333, 333-1 to 333-3, 334, 334-1 to 334-13, 335,

25   338, 338-1)—and all discovery in this action and the *Siegel* action—including, but

26   not limited to, all deposition testimony and document productions.

27       Subject to and without waiving all foregoing objections, DC has conducted a

28   reasonably diligent search of the documents in the possession, custody, or control

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT 3**

**84**

1    of relevant custodians and produces herewith by designation or otherwise all non-

2    privileged, responsive documents.  Given that discovery is ongoing in this case, DC

3    expressly reserves its right to supplement these Responses, if need be, as more

4    information becomes available, and to use in discovery and at trial any information

5    omitted from these Responses as a result of mistake, inadvertence, or oversight.

6    **Request No. 49**

7        All DOCUMENTS that support YOUR contention that "[t]he Shuster

8    Termination Notice is also invalid because the party that filed it … lacked authority

9    to do so," found in paragraph 118 of YOUR COMPLAINT.

10    **Response to Request No. 49**

11        DC objects to the Request to the extent that it requires DC to prove through

12    the discovery process its ultimate legal arguments related to the ramifications of

13    defendants' agreements and communications.  DC objects to the extent the Request

14    seeks information protected by the attorney-client privilege, the attorney work

15    product doctrine, or any other applicable privilege or immunity.

16        DC objects to the definition of "YOUR" and will respond to that term as

17    limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC

18    objects to the extent the Request seeks production of "all DOCUMENTS" on the

19    ground that such request is overly broad, unduly burdensome, oppressive, and not

20    reasonably calculated to lead to the discovery of admissible evidence, as the

21    definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As

22    used in these Responses, the phrase "all DOCUMENTS," or phrases of similar

23    import, should be understood to mean those documents DC and its counsel were

24    able to locate using reasonable diligence and reasonable judgment concerning the

25    whereabouts of such documents.

26        Subject to and without waiving all foregoing objections, DC refers

27    defendants' attention to its complaint (Docket No. 49), all briefing in this action—

28    including, but not limited to, the briefing and exhibits filed in connection with

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT 3**

**85**

1   defendants' Rule 12 and SLAPP motions (Docket Nos. 30, 30-1 to 30-5, 31, 31-1,
2   31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2, 35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to
3   77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4, 81, 89, 90, 91, 92, 93, 94, 94-1 to 94-
4   40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100, 100-1 to 100-3, 102, 102-1, 103, 103-1,
5   106, 107, 108, 146, 146-1 to 146-4, 147, 147-1 to 147-3, 148, 148-1 to 148-5, 149,
6   150, 151, 154, 156, 181, 182, 182-1 to 182-40, 183, 183-1 to 183-4, 184, 185, 186,
7   191, 191-1, 192, 192-1 to 192-3, 193, 193-1 to 193-2, 194, 195, 195-1, 196, 196-1
8   to 196-4, 201, 202, 203, 304, 305-1 to 305-59, 306 (errata), 307, 308, 312, 312-1 to
9   312-2, 313, 314, 314-1 to 314-3, 333, 333-1 to 333-3, 334, 334-1 to 334-13, 335,
10  338, 338-1)—and all discovery in this action and the *Siegel* action—including, but
11  not limited to, all deposition testimony and document productions.

12      Subject to and without waiving all foregoing objections, DC has conducted a
13  reasonably diligent search of the documents in the possession, custody, or control
14  of relevant custodians and produces herewith by designation or otherwise all non-
15  privileged, responsive documents.  Given that discovery is ongoing in this case, DC
16  expressly reserves its right to supplement these Responses, if need be, as more
17  information becomes available, and to use in discovery and at trial any information
18  omitted from these Responses as a result of mistake, inadvertence, or oversight.

19  **Request No. 50**

20      All DOCUMENTS that support YOUR contention that "the Shuster Estate
21  does not own—and did not own at the time the Shuster Termination Notice was
22  executed—the 'more than one-half' majority interest necessary to terminate under
23  section 304(c)(1) of the Copyright Act," found in paragraph 119 of YOUR
24  COMPLAINT.

25  **Response to Request No. 50**

26      DC objects to the Request to the extent that it requires DC to prove through
27  the discovery process its ultimate legal arguments related to the ramifications of
28  defendants' agreements and communications.  DC objects to the extent the Request

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT 3**

**86**

1   seeks information protected by the attorney-client privilege, the attorney work

2   product doctrine, or any other applicable privilege or immunity.

3        DC objects to the definition of "YOUR" and will respond to that term as

4   limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC

5   objects to the extent the Request seeks production of "all DOCUMENTS" on the

6   ground that such request is overly broad, unduly burdensome, oppressive, and not

7   reasonably calculated to lead to the discovery of admissible evidence, as the

8   definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As

9   used in these Responses, the phrase "all DOCUMENTS," or phrases of similar

10  import, should be understood to mean those documents DC and its counsel were

11  able to locate using reasonable diligence and reasonable judgment concerning the

12  whereabouts of such documents.

13       Subject to and without waiving all foregoing objections, DC refers

14  defendants' attention to its complaint (Docket No. 49), all briefing in this action—

15  including, but not limited to, the briefing and exhibits filed in connection with

16  defendants' Rule 12 and SLAPP motions (Docket Nos. 30, 30-1 to 30-5, 31, 31-1,

17  31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2, 35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to

18  77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4, 81, 89, 90, 91, 92, 93, 94, 94-1 to 94-

19  40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100, 100-1 to 100-3, 102, 102-1, 103, 103-1,

20  106, 107, 108, 146, 146-1 to 146-4, 147, 147-1 to 147-3, 148, 148-1 to 148-5, 149,

21  150, 151, 154, 156, 181, 182, 182-1 to 182-40, 183, 183-1 to 183-4, 184, 185, 186,

22  191, 191-1, 192, 192-1 to 192-3, 193, 193-1 to 193-2, 194, 195, 195-1, 196, 196-1

23  to 196-4, 201, 202, 203, 304, 305-1 to 305-59, 306 (errata), 307, 308, 312, 312-1 to

24  312-2, 313, 314, 314-1 to 314-3, 333, 333-1 to 333-3, 334, 334-1 to 334-13, 335,

25  338, 338-1)—and all discovery in this action and the *Siegel* action—including, but

26  not limited to, all deposition testimony and document productions.

27       Subject to and without waiving all foregoing objections, DC has conducted a

28  reasonably diligent search of the documents in the possession, custody, or control

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT 3**

1    of relevant custodians and produces herewith by designation or otherwise all non-

2    privileged, responsive documents.  Given that discovery is ongoing in this case, DC

3    expressly reserves its right to supplement these Responses, if need be, as more

4    information becomes available, and to use in discovery and at trial any information

5    omitted from these Responses as a result of mistake, inadvertence, or oversight.

6    **Request No. 51**

7         All DOCUMENTS that support YOUR contention that on November 13,

8    2003, "the Shuster Estate did not own any of the purported termination right, as this

9    and all other rights had been transferred to the joint venture with Pacific Pictures,"

10   found in paragraph 121 of YOUR COMPLAINT.

11   **Response to Request No. 51**

12        DC objects to the Request to the extent that it requires DC to prove through

13   the discovery process its ultimate legal arguments related to the ramifications of

14   defendants' agreements and communications.  DC objects to the extent the Request

15   seeks information protected by the attorney-client privilege, the attorney work

16   product doctrine, or any other applicable privilege or immunity.

17        DC objects to the definition of "YOUR" and will respond to that term as

18   limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC

19   objects to the extent the Request seeks production of "all DOCUMENTS" on the

20   ground that such request is overly broad, unduly burdensome, oppressive, and not

21   reasonably calculated to lead to the discovery of admissible evidence, as the

22   definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As

23   used in these Responses, the phrase "all DOCUMENTS," or phrases of similar

24   import, should be understood to mean those documents DC and its counsel were

25   able to locate using reasonable diligence and reasonable judgment concerning the

26   whereabouts of such documents.

27        Subject to and without waiving all foregoing objections, DC refers

28   defendants' attention to its complaint (Docket No. 49), all briefing in this action—

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT 3**

**88**

1    including, but not limited to, the briefing and exhibits filed in connection with

2    defendants' Rule 12 and SLAPP motions (Docket Nos. 30, 30-1 to 30-5, 31, 31-1,

3    31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2, 35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to

4    77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4, 81, 89, 90, 91, 92, 93, 94, 94-1 to 94-

5    40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100, 100-1 to 100-3, 102, 102-1, 103, 103-1,

6    106, 107, 108, 146, 146-1 to 146-4, 147, 147-1 to 147-3, 148, 148-1 to 148-5, 149,

7    150, 151, 154, 156, 181, 182, 182-1 to 182-40, 183, 183-1 to 183-4, 184, 185, 186,

8    191, 191-1, 192, 192-1 to 192-3, 193, 193-1 to 193-2, 194, 195, 195-1, 196, 196-1

9    to 196-4, 201, 202, 203, 304, 305-1 to 305-59, 306 (errata), 307, 308, 312, 312-1 to

10   312-2, 313, 314, 314-1 to 314-3, 333, 333-1 to 333-3, 334, 334-1 to 334-13, 335,

11   338, 338-1)—and all discovery in this action and the *Siegel* action—including, but

12   not limited to, all deposition testimony and document productions.

13       Subject to and without waiving all foregoing objections, DC has conducted a

14   reasonably diligent search of the documents in the possession, custody, or control

15   of relevant custodians and produces herewith by designation or otherwise all non-

16   privileged, responsive documents.  Given that discovery is ongoing in this case, DC

17   expressly reserves its right to supplement these Responses, if need be, as more

18   information becomes available, and to use in discovery and at trial any information

19   omitted from these Responses as a result of mistake, inadvertence, or oversight.

20   **Request No. 52**

21       All DOCUMENTS that support YOUR contention that "[a]s a result of the

22   September 10, 2004 Letter purporting to cancel the 2001 and 2003 Pacific Pictures

23   Agreements and by the terms of the 2001 and 2003 agreements themselves, any

24   putative rights held by the joint venture were split 50/50 between the Shuster Heirs

25   and Pacific Pictures on cancellation of the joint venture agreement," found in

26   paragraph 121 of YOUR COMPLAINT.

27

28

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

1    **Response to Request No. 52**

2          DC objects to the Request to the extent that it requires DC to prove through

3    the discovery process its ultimate legal arguments related to the ramifications of

4    defendants' agreements and communications.  DC objects to the extent the Request

5    seeks information protected by the attorney-client privilege, the attorney work

6    product doctrine, or any other applicable privilege or immunity.

7          DC objects to the definition of "YOUR" and will respond to that term as

8    limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC

9    objects to the extent the Request seeks production of "all DOCUMENTS" on the

10   ground that such request is overly broad, unduly burdensome, oppressive, and not

11   reasonably calculated to lead to the discovery of admissible evidence, as the

12   definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As

13   used in these Responses, the phrase "all DOCUMENTS," or phrases of similar

14   import, should be understood to mean those documents DC and its counsel were

15   able to locate using reasonable diligence and reasonable judgment concerning the

16   whereabouts of such documents.

17         Subject to and without waiving all foregoing objections, DC refers

18   defendants' attention to its complaint (Docket No. 49), all briefing in this action—

19   including, but not limited to, the briefing and exhibits filed in connection with

20   defendants' Rule 12 and SLAPP motions (Docket Nos. 30, 30-1 to 30-5, 31, 31-1,

21   31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2, 35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to

22   77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4, 81, 89, 90, 91, 92, 93, 94, 94-1 to 94-

23   40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100, 100-1 to 100-3, 102, 102-1, 103, 103-1,

24   106, 107, 108, 146, 146-1 to 146-4, 147, 147-1 to 147-3, 148, 148-1 to 148-5, 149,

25   150, 151, 154, 156, 181, 182, 182-1 to 182-40, 183, 183-1 to 183-4, 184, 185, 186,

26   191, 191-1, 192, 192-1 to 192-3, 193, 193-1 to 193-2, 194, 195, 195-1, 196, 196-1

27   to 196-4, 201, 202, 203, 304, 305-1 to 305-59, 306 (errata), 307, 308, 312, 312-1 to

28   312-2, 313, 314, 314-1 to 314-3, 333, 333-1 to 333-3, 334, 334-1 to 334-13, 335,

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT 3**
**90**

1   338, 338-1)—and all discovery in this action and the *Siegel* action—including, but

2   not limited to, all deposition testimony and document productions.

3       Subject to and without waiving all foregoing objections, DC has conducted a

4   reasonably diligent search of the documents in the possession, custody, or control

5   of relevant custodians and produces herewith by designation or otherwise all non-

6   privileged, responsive documents.  Given that discovery is ongoing in this case, DC

7   expressly reserves its right to supplement these Responses, if need be, as more

8   information becomes available, and to use in discovery and at trial any information

9   omitted from these Responses as a result of mistake, inadvertence, or oversight.

10  **Request No. 53**

11      All DOCUMENTS that support YOUR contention that purported "omissions

12  were not inadvertent, but were intended to conceal material information from DC

13  Comics, including: (a) the various conflicts of interest arising from Toberoff's and

14  his companies' significant ownership interest in the Shuster Estate's and the Siegel

15  Heirs' purported rights; and (b) consent agreements that Toberoff procured limiting

16  the Shuster and Siegel Heirs' freedom to enter into agreements with DC Comics

17  regarding those rights," found in paragraph 123 of YOUR COMPLAINT.

18  **Response to Request No. 53**

19      DC objects to the Request to the extent that it requires DC to prove through

20  the discovery process its ultimate legal arguments related to the ramifications of

21  defendants' agreements and communications.  DC objects to the extent the Request

22  seeks information protected by the attorney-client privilege, the attorney work

23  product doctrine, or any other applicable privilege or immunity.  DC further objects

24  to the extent this Request seeks documents that defendants have refused to produce

25  in response to discovery served by DC, including but not limited to the 2008

26  "consent agreement" defendants continue to refuse to disclose.

27      DC objects to the definition of "YOUR" and will respond to that term as

28  limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT 3**
**91**

1  objects to the extent the Request seeks production of "all DOCUMENTS" on the

2  ground that such request is overly broad, unduly burdensome, oppressive, and not

3  reasonably calculated to lead to the discovery of admissible evidence, as the

4  definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As

5  used in these Responses, the phrase "all DOCUMENTS," or phrases of similar

6  import, should be understood to mean those documents DC and its counsel were

7  able to locate using reasonable diligence and reasonable judgment concerning the

8  whereabouts of such documents.

9      Subject to and without waiving all foregoing objections, DC refers

10  defendants' attention to its complaint (Docket No. 49), all briefing in this action—

11  including, but not limited to, the briefing and exhibits filed in connection with

12  defendants' Rule 12 and SLAPP motions (Docket Nos. 30, 30-1 to 30-5, 31, 31-1,

13  31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2, 35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to

14  77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4, 81, 89, 90, 91, 92, 93, 94, 94-1 to 94-

15  40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100, 100-1 to 100-3, 102, 102-1, 103, 103-1,

16  106, 107, 108, 146, 146-1 to 146-4, 147, 147-1 to 147-3, 148, 148-1 to 148-5, 149,

17  150, 151, 154, 156, 181, 182, 182-1 to 182-40, 183, 183-1 to 183-4, 184, 185, 186,

18  191, 191-1, 192, 192-1 to 192-3, 193, 193-1 to 193-2, 194, 195, 195-1, 196, 196-1

19  to 196-4, 201, 202, 203, 304, 305-1 to 305-59, 306 (errata), 307, 308, 312, 312-1 to

20  312-2, 313, 314, 314-1 to 314-3, 333, 333-1 to 333-3, 334, 334-1 to 334-13, 335,

21  338, 338-1)—and all discovery in this action and the *Siegel* action—including, but

22  not limited to, all deposition testimony and document productions.

23      Subject to and without waiving all foregoing objections, DC has conducted a

24  reasonably diligent search of the documents in the possession, custody, or control

25  of relevant custodians and produces herewith by designation or otherwise all non-

26  privileged, responsive documents.  Given that discovery is ongoing in this case, DC

27  expressly reserves its right to supplement these Responses, if need be, as more

28

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT 3**
**92**

1   information becomes available, and to use in discovery and at trial any information

2   omitted from these Responses as a result of mistake, inadvertence, or oversight.

3   **Request No. 54**

4       All DOCUMENTS that support YOUR contention that "the Shuster

5   Termination Notice … contains material misrepresentations intended to mislead the

6   courts, Copyright Office, and DC Comics—all to the detriment of DC Comics,"

7   found in paragraph 129 of YOUR COMPLAINT.

8   **Response to Request No. 54**

9       DC objects to the Request to the extent that it requires DC to prove through

10  the discovery process its ultimate legal arguments related to the ramifications of

11  defendants' agreements and communications.  DC objects to the extent the Request

12  seeks information protected by the attorney-client privilege, the attorney work

13  product doctrine, or any other applicable privilege or immunity.

14      DC objects to the definition of "YOUR" and will respond to that term as

15  limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC

16  objects to the extent the Request seeks production of "all DOCUMENTS" on the

17  ground that such request is overly broad, unduly burdensome, oppressive, and not

18  reasonably calculated to lead to the discovery of admissible evidence, as the

19  definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As

20  used in these Responses, the phrase "all DOCUMENTS," or phrases of similar

21  import, should be understood to mean those documents DC and its counsel were

22  able to locate using reasonable diligence and reasonable judgment concerning the

23  whereabouts of such documents.  DC further objects to the extent this Request

24  seeks documents that defendants have refused to produce in response to discovery

25  served by DC, including but not limited to the 2008 "consent agreement"

26  defendants continue to refuse to disclose.

27      Subject to and without waiving all foregoing objections, DC refers

28  defendants' attention to its complaint (Docket No. 49), all briefing in this action—

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT 3**

**93**

1  including, but not limited to, the briefing and exhibits filed in connection with

2  defendants' Rule 12 and SLAPP motions (Docket Nos. 30, 30-1 to 30-5, 31, 31-1,

3  31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2, 35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to

4  77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4, 81, 89, 90, 91, 92, 93, 94, 94-1 to 94-

5  40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100, 100-1 to 100-3, 102, 102-1, 103, 103-1,

6  106, 107, 108, 146, 146-1 to 146-4, 147, 147-1 to 147-3, 148, 148-1 to 148-5, 149,

7  150, 151, 154, 156, 181, 182, 182-1 to 182-40, 183, 183-1 to 183-4, 184, 185, 186,

8  191, 191-1, 192, 192-1 to 192-3, 193, 193-1 to 193-2, 194, 195, 195-1, 196, 196-1

9  to 196-4, 201, 202, 203, 304, 305-1 to 305-59, 306 (errata), 307, 308, 312, 312-1 to

10  312-2, 313, 314, 314-1 to 314-3, 333, 333-1 to 333-3, 334, 334-1 to 334-13, 335,

11  338, 338-1)—and all discovery in this action and the *Siegel* action—including, but

12  not limited to, all deposition testimony and document productions.  DC also refers

13  defendants to its Response to Interrogatory No. 14 and Response to Interrogatory

14  No. 15 in the contemporaneously served Defendant Mark Warren Peary's First Set

15  Of Interrogatories To Plaintiff DC Comics.

16      Subject to and without waiving all foregoing objections, DC has conducted a

17  reasonably diligent search of the documents in the possession, custody, or control

18  of relevant custodians and produces herewith by designation or otherwise all non-

19  privileged, responsive documents.  Given that discovery is ongoing in this case, DC

20  expressly reserves its right to supplement these Responses, if need be, as more

21  information becomes available, and to use in discovery and at trial any information

22  omitted from these Responses as a result of mistake, inadvertence, or oversight.

23  **Request No. 55**

24      All DOCUMENTS that support YOUR contention that "[i]nduced by

25  Toberoff, the Shuster Heirs also falsely disclaimed any interest in the Superboy

26  rights in the Shuster Termination Notice," that "[t]his permitted Toberoff to assert on

27  behalf of the Siegel heirs a baseless Superboy-related copyright infringement claim

28  against DC Comics," and that "[p]rior to these manipulations by Toberoff, Shuster

- 75 -

1    and the Shuster heirs had truthfully maintained for over 50 years that Shuster had co-

2    created Superboy," found in paragraph 131 of YOUR COMPLAINT.

3    **Response to Request No. 55**

4        DC objects to the Request to the extent that it requires DC to prove through

5    the discovery process its ultimate legal arguments related to the ramifications of

6    defendants' agreements and communications.  DC objects to the extent the Request

7    seeks information protected by the attorney-client privilege, the attorney work

8    product doctrine, or any other applicable privilege or immunity.  DC objects on

9    grounds that the Request is compound and overbroad in that it includes numerous

10    discrete subparts directed at different contentions.  DC further objects to the extent

11    this Request seeks documents that defendants have refused to produce in response

12    to discovery served by DC, including but not limited to the 2008 "consent

13    agreement" defendants continue to refuse to disclose.

14        DC objects to the definition of "YOUR" and will respond to that term as

15    limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC

16    objects to the extent the Request seeks production of "all DOCUMENTS" on the

17    ground that such request is overly broad, unduly burdensome, oppressive, and not

18    reasonably calculated to lead to the discovery of admissible evidence, as the

19    definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As

20    used in these Responses, the phrase "all DOCUMENTS," or phrases of similar

21    import, should be understood to mean those documents DC and its counsel were

22    able to locate using reasonable diligence and reasonable judgment concerning the

23    whereabouts of such documents.

24        Subject to and without waiving all foregoing objections, DC refers

25    defendants' attention to its complaint (Docket No. 49), all briefing in this action—

26    including, but not limited to, the briefing and exhibits filed in connection with

27    defendants' Rule 12 and SLAPP motions (Docket Nos. 30, 30-1 to 30-5, 31, 31-1,

28    31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2, 35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT 3**
**95**

1   77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4, 81, 89, 90, 91, 92, 93, 94, 94-1 to 94-

2   40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100, 100-1 to 100-3, 102, 102-1, 103, 103-1,

3   106, 107, 108, 146, 146-1 to 146-4, 147, 147-1 to 147-3, 148, 148-1 to 148-5, 149,

4   150, 151, 154, 156, 181, 182, 182-1 to 182-40, 183, 183-1 to 183-4, 184, 185, 186,

5   191, 191-1, 192, 192-1 to 192-3, 193, 193-1 to 193-2, 194, 195, 195-1, 196, 196-1

6   to 196-4, 201, 202, 203, 304, 305-1 to 305-59, 306 (errata), 307, 308, 312, 312-1 to

7   312-2, 313, 314, 314-1 to 314-3, 333, 333-1 to 333-3, 334, 334-1 to 334-13, 335,

8   338, 338-1)—and all discovery in this action and the *Siegel* action—including, but

9   not limited to, all deposition testimony and document productions.  DC also refers

10  defendants to its Response to Interrogatory No. 15 in the contemporaneously served

11  Defendant Mark Warren Peary's First Set Of Interrogatories To Plaintiff DC

12  Comics.

13      Subject to and without waiving all foregoing objections, DC has conducted a

14  reasonably diligent search of the documents in the possession, custody, or control

15  of relevant custodians and produces herewith by designation or otherwise all non-

16  privileged, responsive documents.  Given that discovery is ongoing in this case, DC

17  expressly reserves its right to supplement these Responses, if need be, as more

18  information becomes available, and to use in discovery and at trial any information

19  omitted from these Responses as a result of mistake, inadvertence, or oversight.

20  **Request No. 56**

21      All DOCUMENTS that support YOUR contention that "Defendants

22  compromised the integrity of the Copyright Office and judicial system by crafting

23  the Shuster Termination Notice in this way, and the Shuster Termination Notice

24  should be held invalid on this and the other related grounds set forth herein," found

25  in paragraph 133 of YOUR COMPLAINT.

26  **Request No. 56**

27      DC objects to the Request to the extent that it requires DC to prove through

28  the discovery process its ultimate legal arguments related to the ramifications of

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT 3**
**96**

1   defendants' agreements and communications.  DC objects to the extent the Request

2   seeks information protected by the attorney-client privilege, the attorney work

3   product doctrine, or any other applicable privilege or immunity.  DC further objects

4   to the extent this Request seeks documents that defendants have refused to produce

5   in response to discovery served by DC, including but not limited to the 2008

6   "consent agreement" defendants continue to refuse to disclose.

7        DC objects to the definition of "YOUR" and will respond to that term as

8   limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC

9   objects to the extent the Request seeks production of "all DOCUMENTS" on the

10  ground that such request is overly broad, unduly burdensome, oppressive, and not

11  reasonably calculated to lead to the discovery of admissible evidence, as the

12  definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As

13  used in these Responses, the phrase "all DOCUMENTS," or phrases of similar

14  import, should be understood to mean those documents DC and its counsel were

15  able to locate using reasonable diligence and reasonable judgment concerning the

16  whereabouts of such documents.

17       Subject to and without waiving all foregoing objections, DC refers

18  defendants' attention to its complaint (Docket No. 49), all briefing in this action—

19  including, but not limited to, the briefing and exhibits filed in connection with

20  defendants' Rule 12 and SLAPP motions (Docket Nos. 30, 30-1 to 30-5, 31, 31-1,

21  31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2, 35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to

22  77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4, 81, 89, 90, 91, 92, 93, 94, 94-1 to 94-

23  40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100, 100-1 to 100-3, 102, 102-1, 103, 103-1,

24  106, 107, 108, 146, 146-1 to 146-4, 147, 147-1 to 147-3, 148, 148-1 to 148-5, 149,

25  150, 151, 154, 156, 181, 182, 182-1 to 182-40, 183, 183-1 to 183-4, 184, 185, 186,

26  191, 191-1, 192, 192-1 to 192-3, 193, 193-1 to 193-2, 194, 195, 195-1, 196, 196-1

27  to 196-4, 201, 202, 203, 304, 305-1 to 305-59, 306 (errata), 307, 308, 312, 312-1 to

28  312-2, 313, 314, 314-1 to 314-3, 333, 333-1 to 333-3, 334, 334-1 to 334-13, 335,

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT 3**

**97**

1   338, 338-1)—and all discovery in this action and the *Siegel* action—including, but

2   not limited to, all deposition testimony and document productions.  DC also refers

3   defendants to its Response to Interrogatory No. 15 in the contemporaneously served

4   Defendant Mark Warren Peary's First Set Of Interrogatories To Plaintiff DC

5   Comics.

6   　　　Subject to and without waiving all foregoing objections, DC has conducted a

7   reasonably diligent search of the documents in the possession, custody, or control

8   of relevant custodians and produces herewith by designation or otherwise all non-

9   privileged, responsive documents.  Given that discovery is ongoing in this case, DC

10   expressly reserves its right to supplement these Responses, if need be, as more

11   information becomes available, and to use in discovery and at trial any information

12   omitted from these Responses as a result of mistake, inadvertence, or oversight.

13   **Request No. 57**

14   　　　All DOCUMENTS that support YOUR contention that "[t]he Unpublished

15   1940 Superboy Script was derived entirely from pre-existing Superman elements

16   and ideas that had been published by DCI as part of works for hire, and contained no

17   original copyrightable element," found in paragraph 149 of YOUR COMPLAINT.

18   **Response to Request No. 57**

19   　　　DC objects to the Request to the extent that it requires DC to prove through

20   the discovery process its ultimate legal arguments related to the ramifications of

21   defendants' agreements and communications.  DC objects to the extent the Request

22   seeks information protected by the attorney-client privilege, the attorney work

23   product doctrine, or any other applicable privilege or immunity.

24   　　　DC objects to the definition of "YOUR" and will respond to that term as

25   limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC

26   objects to the extent the Request seeks production of "all DOCUMENTS" on the

27   ground that such request is overly broad, unduly burdensome, oppressive, and not

28   reasonably calculated to lead to the discovery of admissible evidence, as the

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT 3**
**98**

1  definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As

2  used in these Responses, the phrase "all DOCUMENTS," or phrases of similar

3  import, should be understood to mean those documents DC and its counsel were

4  able to locate using reasonable diligence and reasonable judgment concerning the

5  whereabouts of such documents.

6      Subject to and without waiving all foregoing objections, DC refers to all

7  Superman works and radio programs prior to the submission of the Superboy script

8  in December 1940, including but not limited to:  *Action Comics Nos. 1-32*,

9  *Superman Nos. 1-8*, *1939 New York World's Fair Comics*, *1940 New York World's*

10  *Fair Comics*, *More Fun Comics No. 31*, *Detective Comics No. 15*, *Superman's*

11  *Christmas Adventure No. 1*, Daily Strips Nos. 1-600, Sunday Strips Nos. 1-57.

12      Subject to and without waiving all foregoing objections, DC also refers

13  defendants' attention to its complaint (Docket No. 49), all briefing in this action—

14  including, but not limited to, the briefing and exhibits filed in connection with

15  defendants' Rule 12 and SLAPP motions (Docket Nos. 30, 30-1 to 30-5, 31, 31-1,

16  31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2, 35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to

17  77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4, 81, 89, 90, 91, 92, 93, 94, 94-1 to 94-

18  40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100, 100-1 to 100-3, 102, 102-1, 103, 103-1,

19  106, 107, 108, 146, 146-1 to 146-4, 147, 147-1 to 147-3, 148, 148-1 to 148-5, 149,

20  150, 151, 154, 156, 181, 182, 182-1 to 182-40, 183, 183-1 to 183-4, 184, 185, 186,

21  191, 191-1, 192, 192-1 to 192-3, 193, 193-1 to 193-2, 194, 195, 195-1, 196, 196-1

22  to 196-4, 201, 202, 203, 304, 305-1 to 305-59, 306 (errata), 307, 308, 312, 312-1 to

23  312-2, 313, 314, 314-1 to 314-3, 333, 333-1 to 333-3, 334, 334-1 to 334-13, 335,

24  338, 338-1)—and all discovery in this action and the *Siegel* action—including, but

25  not limited to, all deposition testimony and document productions.

26      Subject to and without waiving all foregoing objections, DC has conducted a

27  reasonably diligent search of the documents in the possession, custody, or control

28  of relevant custodians and produces herewith by designation or otherwise all non-

- 80 -

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT 3**
**99**

1    privileged, responsive documents.  Given that discovery is ongoing in this case, DC

2    expressly reserves its right to supplement these Responses, if need be, as more

3    information becomes available, and to use in discovery and at trial any information

4    omitted from these Responses as a result of mistake, inadvertence, or oversight.

5    **Request No. 58**

6        All DOCUMENTS that support YOUR contention that the "Superboy" story

7    in "More Fun Comics No. 101 … bore no resemblance to the Unpublished 1940

8    Superboy Script," found in paragraph 150 of YOUR COMPLAINT.

9    **Response to Request No. 58**

10       DC objects to the Request to the extent that it requires DC to prove through

11   the discovery process its ultimate legal arguments related to the ramifications of

12   defendants' agreements and communications.  DC objects to the extent the Request

13   seeks information protected by the attorney-client privilege, the attorney work

14   product doctrine, or any other applicable privilege or immunity.  DC further objects

15   on grounds that the Request is misleading, as it selectively quotes from DC's

16   complaint.  Paragraph 150 of DC's Complaint states in its entirety:

17

18       Upon information and belief, sometime prior to November 18, 1944,
     DCI published a comic book depicting the adventures of Superman as

19   a youth, called Superboy, in "More Fun Comics No. 101," which had a
     cover date of January-February 1945 and was illustrated at least in part

20   by Shuster.  Upon information and belief, Siegel did not participate in
     the creation of this comic book or the Superboy story it contained.

21   *Other than retelling the Superman origin story from Action Comics*

22   *No. 1 and Superman No. 1*, this Superboy story bore no resemblance to

23   the Unpublished 1940 Superboy Script.

24

25   Docket No. 49 ¶ 150 (emphasis added).

26       DC objects to the definition of "YOUR" and will respond to that term as

27   limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC

28   objects to the extent the Request seeks production of "all DOCUMENTS" on the

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT 3**
**100**

1    ground that such request is overly broad, unduly burdensome, oppressive, and not

2    reasonably calculated to lead to the discovery of admissible evidence, as the

3    definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As

4    used in these Responses, the phrase "all DOCUMENTS," or phrases of similar

5    import, should be understood to mean those documents DC and its counsel were

6    able to locate using reasonable diligence and reasonable judgment concerning the

7    whereabouts of such documents.

8         Subject to and without waiving all foregoing objections, DC refers

9    defendants' attention to its complaint (Docket No. 49), all briefing in this action—

10   including, but not limited to, the briefing and exhibits filed in connection with

11   defendants' Rule 12 and SLAPP motions (Docket Nos. 30, 30-1 to 30-5, 31, 31-1,

12   31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2, 35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to

13   77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4, 81, 89, 90, 91, 92, 93, 94, 94-1 to 94-

14   40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100, 100-1 to 100-3, 102, 102-1, 103, 103-1,

15   106, 107, 108, 146, 146-1 to 146-4, 147, 147-1 to 147-3, 148, 148-1 to 148-5, 149,

16   150, 151, 154, 156, 181, 182, 182-1 to 182-40, 183, 183-1 to 183-4, 184, 185, 186,

17   191, 191-1, 192, 192-1 to 192-3, 193, 193-1 to 193-2, 194, 195, 195-1, 196, 196-1

18   to 196-4, 201, 202, 203, 304, 305-1 to 305-59, 306 (errata), 307, 308, 312, 312-1 to

19   312-2, 313, 314, 314-1 to 314-3, 333, 333-1 to 333-3, 334, 334-1 to 334-13, 335,

20   338, 338-1)—and all discovery in this action and the *Siegel* action—including, but

21   not limited to, all deposition testimony and document productions.

22        Subject to and without waiving all foregoing objections, DC has conducted a

23   reasonably diligent search of the documents in the possession, custody, or control

24   of relevant custodians and produces herewith by designation or otherwise all non-

25   privileged, responsive documents.  Given that discovery is ongoing in this case, DC

26   expressly reserves its right to supplement these Responses, if need be, as more

27   information becomes available, and to use in discovery and at trial any information

28   omitted from these Responses as a result of mistake, inadvertence, or oversight.

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

EXHIBIT 3
101

1    **Request No. 59**

2        All DOCUMENTS that support YOUR contention that "the Shuster Heirs

3    have entered into agreements that frustrate and impede DC Comics' period of

4    exclusivity," found in paragraph 169 of YOUR COMPLAINT.

5    **Response to Request No. 59**

6        DC objects to the Request to the extent that it requires DC to prove through

7    the discovery process its ultimate legal arguments related to the ramifications of

8    defendants' agreements and communications.  DC objects to the extent the Request

9    seeks information protected by the attorney-client privilege, the attorney work

10   product doctrine, or any other applicable privilege or immunity.  DC further objects

11   to the extent this Request seeks documents that defendants have refused to produce

12   in response to discovery served by DC, including but not limited to the 2008

13   "consent agreement" defendants continue to refuse to disclose.

14       DC objects to the definition of "YOUR" and will respond to that term as

15   limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC

16   objects to the extent the Request seeks production of "all DOCUMENTS" on the

17   ground that such request is overly broad, unduly burdensome, oppressive, and not

18   reasonably calculated to lead to the discovery of admissible evidence, as the

19   definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As

20   used in these Responses, the phrase "all DOCUMENTS," or phrases of similar

21   import, should be understood to mean those documents DC and its counsel were

22   able to locate using reasonable diligence and reasonable judgment concerning the

23   whereabouts of such documents.

24       Subject to and without waiving all foregoing objections, DC refers

25   defendants' attention to its complaint (Docket No. 49), all briefing in this action—

26   including, but not limited to, the briefing and exhibits filed in connection with

27   defendants' Rule 12 and SLAPP motions (Docket Nos. 30, 30-1 to 30-5, 31, 31-1,

28   31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2, 35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to

- 83 -

77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4, 81, 89, 90, 91, 92, 93, 94, 94-1 to 94-
40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100, 100-1 to 100-3, 102, 102-1, 103, 103-1,
106, 107, 108, 146, 146-1 to 146-4, 147, 147-1 to 147-3, 148, 148-1 to 148-5, 149,
150, 151, 154, 156, 181, 182, 182-1 to 182-40, 183, 183-1 to 183-4, 184, 185, 186,
191, 191-1, 192, 192-1 to 192-3, 193, 193-1 to 193-2, 194, 195, 195-1, 196, 196-1
to 196-4, 201, 202, 203, 304, 305-1 to 305-59, 306 (errata), 307, 308, 312, 312-1 to
312-2, 313, 314, 314-1 to 314-3, 333, 333-1 to 333-3, 334, 334-1 to 334-13, 335,
338, 338-1)—and all discovery in this action and the *Siegel* action—including, but
not limited to, all deposition testimony and document productions.

Subject to and without waiving all foregoing objections, DC has conducted a
reasonably diligent search of the documents in the possession, custody, or control
of relevant custodians and produces herewith by designation or otherwise all non-
privileged, responsive documents.  Given that discovery is ongoing in this case, DC
expressly reserves its right to supplement these Responses, if need be, as more
information becomes available, and to use in discovery and at trial any information
omitted from these Responses as a result of mistake, inadvertence, or oversight.

**Request No. 60**

All DOCUMENTS that support YOUR contention that "Toberoff has induced
the Siegel and Shuster Heirs to enter into additional agreements, which prohibit
either family from entering into agreements conveying rights to DC Comics without
the express approval of all stakeholders in the heirs' rights," found in paragraph 170
of YOUR COMPLAINT.

**Response to Request No. 60**

DC objects to the Request to the extent that it requires DC to prove through
the discovery process its ultimate legal arguments related to the ramifications of
defendants' agreements and communications.  DC objects to the extent the Request
seeks information protected by the attorney-client privilege, the attorney work
product doctrine, or any other applicable privilege or immunity.  DC further objects

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT 3**
**103**

1 to the extent this Request seeks documents that defendants have refused to produce

2 in response to discovery served by DC, including but not limited to the 2008

3 "consent agreement" defendants continue to refuse to disclose.

4     DC objects to the definition of "YOUR" and will respond to that term as

5 limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC

6 objects to the extent the Request seeks production of "all DOCUMENTS" on the

7 ground that such request is overly broad, unduly burdensome, oppressive, and not

8 reasonably calculated to lead to the discovery of admissible evidence, as the

9 definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As

10 used in these Responses, the phrase "all DOCUMENTS," or phrases of similar

11 import, should be understood to mean those documents DC and its counsel were

12 able to locate using reasonable diligence and reasonable judgment concerning the

13 whereabouts of such documents.

14     Subject to and without waiving all foregoing objections, DC refers

15 defendants' attention to its complaint (Docket No. 49), all briefing in this action—

16 including, but not limited to, the briefing and exhibits filed in connection with

17 defendants' Rule 12 and SLAPP motions (Docket Nos. 30, 30-1 to 30-5, 31, 31-1,

18 31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2, 35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to

19 77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4, 81, 89, 90, 91, 92, 93, 94, 94-1 to 94-

20 40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100, 100-1 to 100-3, 102, 102-1, 103, 103-1,

21 106, 107, 108, 146, 146-1 to 146-4, 147, 147-1 to 147-3, 148, 148-1 to 148-5, 149,

22 150, 151, 154, 156, 181, 182, 182-1 to 182-40, 183, 183-1 to 183-4, 184, 185, 186,

23 191, 191-1, 192, 192-1 to 192-3, 193, 193-1 to 193-2, 194, 195, 195-1, 196, 196-1

24 to 196-4, 201, 202, 203, 304, 305-1 to 305-59, 306 (errata), 307, 308, 312, 312-1 to

25 312-2, 313, 314, 314-1 to 314-3, 333, 333-1 to 333-3, 334, 334-1 to 334-13, 335,

26 338, 338-1)—and all discovery in this action and the *Siegel* action—including, but

27 not limited to, all deposition testimony and document productions.

28

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT 3**
**104**

1    Subject to and without waiving all foregoing objections, DC has conducted a

2    reasonably diligent search of the documents in the possession, custody, or control

3    of relevant custodians and produces herewith by designation or otherwise all non-

4    privileged, responsive documents.  Given that discovery is ongoing in this case, DC

5    expressly reserves its right to supplement these Responses, if need be, as more

6    information becomes available, and to use in discovery and at trial any information

7    omitted from these Responses as a result of mistake, inadvertence, or oversight.

8    **Request No. 61**

9    All DOCUMENTS that support YOUR contention that "the Shuster Heirs

10   have never disputed the validity or existence of the 1992 Agreement, which operated

11   to rescind, revoke, and re-grant all of the Shusters' prior grants of rights in the

12   Superman properties to DC Comics," found in paragraph 175 of YOUR

13   COMPLAINT.

14   **Response to Request No. 61**

15   DC objects to the Request to the extent that it requires DC to prove through

16   the discovery process its ultimate legal arguments related to the ramifications of

17   defendants' agreements and communications.  DC further objects to this Request to

18   the extent that it seeks information protected by the attorney-client privilege, the

19   attorney work product doctrine, or any other applicable privilege or immunity.

20   DC objects to the definition of "YOUR" and will respond to that term as

21   limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC

22   objects to the extent the Request seeks production of "all DOCUMENTS" on the

23   ground that such request is overly broad, unduly burdensome, oppressive, and not

24   reasonably calculated to lead to the discovery of admissible evidence, as the

25   definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As

26   used in these Responses, the phrase "all DOCUMENTS," or phrases of similar

27   import, should be understood to mean those documents DC and its counsel were

28   able to locate using reasonable diligence and judgment concerning the whereabouts

- 86 -

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT 3**
**105**

1   of such documents.  Such phraseology should not be construed as a representation

2   that each and every document in DC's possession has been examined in connection

3   with these Responses or any production pursuant thereto.

4        Subject to and without waiving all foregoing objections, DC refers

5   defendants' attention to its complaint (Docket No. 49), all briefing in this action—

6   including, but not limited to, the briefing and exhibits filed in connection with

7   defendants' Rule 12 and SLAPP motions (Docket Nos. 30, 30-1 to 30-5, 31, 31-1,

8   31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2, 35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to

9   77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4, 81, 89, 90, 91, 92, 93, 94, 94-1 to 94-

10  40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100, 100-1 to 100-3, 102, 102-1, 103, 103-1,

11  106, 107, 108, 146, 146-1 to 146-4, 147, 147-1 to 147-3, 148, 148-1 to 148-5, 149,

12  150, 151, 154, 156, 181, 182, 182-1 to 182-40, 183, 183-1 to 183-4, 184, 185, 186,

13  191, 191-1, 192, 192-1 to 192-3, 193, 193-1 to 193-2, 194, 195, 195-1, 196, 196-1

14  to 196-4, 201, 202, 203, 304, 305-1 to 305-59, 306 (errata), 307, 308, 312, 312-1 to

15  312-2, 313, 314, 314-1 to 314-3, 333, 333-1 to 333-3, 334, 334-1 to 334-13, 335,

16  338, 338-1)—and all discovery in this action and the *Siegel* action—including, but

17  not limited to, all deposition testimony and document productions.

18       Subject to and without waiving all foregoing objections, DC has conducted a

19  reasonably diligent search of the documents in the possession, custody, or control

20  of relevant custodians and produces herewith by designation or otherwise all non-

21  privileged, responsive documents.  Given that discovery is ongoing in this case, DC

22  expressly reserves its right to supplement these Responses, if need be, as more

23  information becomes available, and to use in discovery and at trial any information

24  omitted from these Responses as a result of mistake, inadvertence, or oversight.

25  **Request No. 62**

26       All DOCUMENTS that support YOUR contention that "[i]n that 1992

27  Agreement, the Shuster Heirs further agreed that they would not—either then or in

28

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT 3**
**106**

1    the future—make any claim of right to any work created in whole or part by Joe

2    Shuster," found in paragraph 175 of YOUR COMPLAINT.

3    **Response to Request No. 62**

4    DC objects to the Request to the extent that it requires DC to prove through

5    the discovery process its ultimate legal arguments related to the ramifications of

6    defendants' agreements and communications.  DC objects to the extent the Request

7    seeks information protected by the attorney-client privilege, the attorney work

8    product doctrine, or any other applicable privilege or immunity.

9    DC objects to the definition of "YOUR" and will respond to that term as

10   limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC

11   objects to the extent the Request seeks production of "all DOCUMENTS" on the

12   ground that such request is overly broad, unduly burdensome, oppressive, and not

13   reasonably calculated to lead to the discovery of admissible evidence, as the

14   definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As

15   used in these Responses, the phrase "all DOCUMENTS," or phrases of similar

16   import, should be understood to mean those documents DC and its counsel were

17   able to locate using reasonable diligence and reasonable judgment concerning the

18   whereabouts of such documents.

19   Subject to and without waiving all foregoing objections, DC refers

20   defendants' attention to its complaint (Docket No. 49), all briefing in this action—

21   including, but not limited to, the briefing and exhibits filed in connection with

22   defendants' Rule 12 and SLAPP motions (Docket Nos. 30, 30-1 to 30-5, 31, 31-1,

23   31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2, 35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to

24   77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4, 81, 89, 90, 91, 92, 93, 94, 94-1 to 94-

25   40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100, 100-1 to 100-3, 102, 102-1, 103, 103-1,

26   106, 107, 108, 146, 146-1 to 146-4, 147, 147-1 to 147-3, 148, 148-1 to 148-5, 149,

27   150, 151, 154, 156, 181, 182, 182-1 to 182-40, 183, 183-1 to 183-4, 184, 185, 186,

28   191, 191-1, 192, 192-1 to 192-3, 193, 193-1 to 193-2, 194, 195, 195-1, 196, 196-1

- 88 -

1   to 196-4, 201, 202, 203, 304, 305-1 to 305-59, 306 (errata), 307, 308, 312, 312-1 to

2   312-2, 313, 314, 314-1 to 314-3, 333, 333-1 to 333-3, 334, 334-1 to 334-13, 335,

3   338, 338-1)—and all discovery in this action and the *Siegel* action—including, but

4   not limited to, all deposition testimony and document productions.

5   Subject to and without waiving all foregoing objections, DC has conducted a

6   reasonably diligent search of the documents in the possession, custody, or control

7   of relevant custodians and produces herewith by designation or otherwise all non-

8   privileged, responsive documents.  Given that discovery is ongoing in this case, DC

9   expressly reserves its right to supplement these Responses, if need be, as more

10  information becomes available, and to use in discovery and at trial any information

11  omitted from these Responses as a result of mistake, inadvertence, or oversight.

12  **Request No. 63**

13      All DOCUMENTS that support YOUR contention that "DC Comics' 1992

14  Agreement with the Shuster Heirs was both a valid contract and had the probability

15  of future economic benefit to DC Comics," found in paragraph 176 of YOUR

16  COMPLAINT.

17  **Response to Request No. 63**

18      DC objects to the Request to the extent that it requires DC to prove through

19  the discovery process its ultimate legal arguments related to the ramifications of

20  defendants' agreements and communications.  DC objects to the extent the Request

21  seeks information protected by the attorney-client privilege, the attorney work

22  product doctrine, or any other applicable privilege or immunity.

23      DC objects to the definition of "YOUR" and will respond to that term as

24  limited to relevant representatives of DC and Warner Bros. Entertainment Inc. DC

25  objects to the extent the Request seeks production of "all DOCUMENTS" on the

26  ground that such request is overly broad, unduly burdensome, oppressive, and not

27  reasonably calculated to lead to the discovery of admissible evidence, as the

28  definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT 3**
**108**

1   used in these Responses, the phrase "all DOCUMENTS," or phrases of similar

2   import, should be understood to mean those documents DC and its counsel were

3   able to locate using reasonable diligence and reasonable judgment concerning the

4   whereabouts of such documents.

5       Subject to and without waiving all foregoing objections, DC refers

6   defendants' attention to its complaint (Docket No. 49), all briefing in this action—

7   including, but not limited to, the briefing and exhibits filed in connection with

8   defendants' Rule 12 and SLAPP motions (Docket Nos. 30, 30-1 to 30-5, 31, 31-1,

9   31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2, 35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to

10  77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4, 81, 89, 90, 91, 92, 93, 94, 94-1 to 94-

11  40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100, 100-1 to 100-3, 102, 102-1, 103, 103-1,

12  106, 107, 108, 146, 146-1 to 146-4, 147, 147-1 to 147-3, 148, 148-1 to 148-5, 149,

13  150, 151, 154, 156, 181, 182, 182-1 to 182-40, 183, 183-1 to 183-4, 184, 185, 186,

14  191, 191-1, 192, 192-1 to 192-3, 193, 193-1 to 193-2, 194, 195, 195-1, 196, 196-1

15  to 196-4, 201, 202, 203, 304, 305-1 to 305-59, 306 (errata), 307, 308, 312, 312-1 to

16  312-2, 313, 314, 314-1 to 314-3, 333, 333-1 to 333-3, 334, 334-1 to 334-13, 335,

17  338, 338-1)—and all discovery in this action and the *Siegel* action—including, but

18  not limited to, all deposition testimony and document productions.

19      Subject to and without waiving all foregoing objections, DC has conducted a

20  reasonably diligent search of the documents in the possession, custody, or control

21  of relevant custodians and produces herewith by designation or otherwise all non-

22  privileged, responsive documents.  Given that discovery is ongoing in this case, DC

23  expressly reserves its right to supplement these Responses, if need be, as more

24  information becomes available, and to use in discovery and at trial any information

25  omitted from these Responses as a result of mistake, inadvertence, or oversight.

26  **Request No. 64**

27      All DOCUMENTS that support YOUR contention that "The Shuster Heirs

28  fully relinquished their rights under any prior agreement and re-granted to DC

- 90 -

1  Comics all of their Superman-related rights," found in paragraph 176 of YOUR

2  COMPLAINT.

3  **Response to Request No. 64**

4       DC objects to the Request to the extent that it requires DC to prove through

5  the discovery process its ultimate legal arguments related to the ramifications of

6  defendants' agreements and communications.  DC objects to the extent the Request

7  seeks information protected by the attorney-client privilege, the attorney work

8  product doctrine, or any other applicable privilege or immunity.

9       DC objects to the definition of "YOUR" and will respond to that term as

10  limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC

11  objects to the extent the Request seeks production of "all DOCUMENTS" on the

12  ground that such request is overly broad, unduly burdensome, oppressive, and not

13  reasonably calculated to lead to the discovery of admissible evidence, as the

14  definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As

15  used in these Responses, the phrase "all DOCUMENTS," or phrases of similar

16  import, should be understood to mean those documents DC and its counsel were

17  able to locate using reasonable diligence and reasonable judgment concerning the

18  whereabouts of such documents.

19       Subject to and without waiving all foregoing objections, DC refers

20  defendants' attention to its complaint (Docket No. 49), all briefing in this action—

21  including, but not limited to, the briefing and exhibits filed in connection with

22  defendants' Rule 12 and SLAPP motions (Docket Nos. 30, 30-1 to 30-5, 31, 31-1,

23  31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2, 35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to

24  77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4, 81, 89, 90, 91, 92, 93, 94, 94-1 to 94-

25  40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100, 100-1 to 100-3, 102, 102-1, 103, 103-1,

26  106, 107, 108, 146, 146-1 to 146-4, 147, 147-1 to 147-3, 148, 148-1 to 148-5, 149,

27  150, 151, 154, 156, 181, 182, 182-1 to 182-40, 183, 183-1 to 183-4, 184, 185, 186,

28  191, 191-1, 192, 192-1 to 192-3, 193, 193-1 to 193-2, 194, 195, 195-1, 196, 196-1

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT 3**
**110**

1   to 196-4, 201, 202, 203, 304, 305-1 to 305-59, 306 (errata), 307, 308, 312, 312-1 to

2   312-2, 313, 314, 314-1 to 314-3, 333, 333-1 to 333-3, 334, 334-1 to 334-13, 335,

3   338, 338-1)—and all discovery in this action and the *Siegel* action—including, but

4   not limited to, all deposition testimony and document productions.

5       Subject to and without waiving all foregoing objections, DC has conducted a

6   reasonably diligent search of the documents in the possession, custody, or control

7   of relevant custodians and produces herewith by designation or otherwise all non-

8   privileged, responsive documents.  Given that discovery is ongoing in this case, DC

9   expressly reserves its right to supplement these Responses, if need be, as more

10  information becomes available, and to use in discovery and at trial any information

11  omitted from these Responses as a result of mistake, inadvertence, or oversight.

12  **Request No. 65**

13      All DOCUMENTS that support YOUR contention that "Toberoff and Pacific

14  Pictures were aware of the 1992 Agreement and DC Comics' ongoing business

15  relationship with the Shusters," and that "Toberoff knew that his actions in having

16  his company enter into a joint venture with the Shusters for the purpose of

17  terminating DC Comics' rights were substantially certain to interfere with DC

18  Comics' 1992 Agreement with the Shusters," found in paragraph 177 of YOUR

19  COMPLAINT.

20  **Response to Request No. 65**

21      DC objects to the Request to the extent that it requires DC to prove through

22  the discovery process its ultimate legal arguments related to the ramifications of

23  defendants' agreements and communications.  DC objects to the extent the Request

24  seeks information protected by the attorney-client privilege, the attorney work

25  product doctrine, or any other applicable privilege or immunity.  DC further objects

26  on grounds that the Request is compound and overbroad in that it includes

27  numerous discrete subparts directed at different contentions.

28

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT 3**

**111**

1    DC objects to the definition of "YOUR" and will respond to that term as

2    limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC

3    objects to the extent the Request seeks production of "all DOCUMENTS" on the

4    ground that such request is overly broad, unduly burdensome, oppressive, and not

5    reasonably calculated to lead to the discovery of admissible evidence, as the

6    definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As

7    used in these Responses, the phrase "all DOCUMENTS," or phrases of similar

8    import, should be understood to mean those documents DC and its counsel were

9    able to locate using reasonable diligence and reasonable judgment concerning the

10    whereabouts of such documents.

11    Subject to and without waiving all foregoing objections, DC refers

12    defendants' attention to its complaint (Docket No. 49), all briefing in this action—

13    including, but not limited to, the briefing and exhibits filed in connection with

14    defendants' Rule 12 and SLAPP motions (Docket Nos. 30, 30-1 to 30-5, 31, 31-1,

15    31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2, 35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to

16    77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4, 81, 89, 90, 91, 92, 93, 94, 94-1 to 94-

17    40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100, 100-1 to 100-3, 102, 102-1, 103, 103-1,

18    106, 107, 108, 146, 146-1 to 146-4, 147, 147-1 to 147-3, 148, 148-1 to 148-5, 149,

19    150, 151, 154, 156, 181, 182, 182-1 to 182-40, 183, 183-1 to 183-4, 184, 185, 186,

20    191, 191-1, 192, 192-1 to 192-3, 193, 193-1 to 193-2, 194, 195, 195-1, 196, 196-1

21    to 196-4, 201, 202, 203, 304, 305-1 to 305-59, 306 (errata), 307, 308, 312, 312-1 to

22    312-2, 313, 314, 314-1 to 314-3, 333, 333-1 to 333-3, 334, 334-1 to 334-13, 335,

23    338, 338-1)—and all discovery in this action and the *Siegel* action—including, but

24    not limited to, all deposition testimony and document productions.

25    Subject to and without waiving all foregoing objections, DC has conducted a

26    reasonably diligent search of the documents in the possession, custody, or control

27    of relevant custodians and produces herewith by designation or otherwise all non-

28    privileged, responsive documents.  Given that discovery is ongoing in this case, DC

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT 3**
**112**

1   expressly reserves its right to supplement these Responses, if need be, as more

2   information becomes available, and to use in discovery and at trial any information

3   omitted from these Responses as a result of mistake, inadvertence, or oversight.

4   **Request No. 66**

5         All DOCUMENTS that support YOUR contention that "Toberoff and Pacific

6   Pictures engaged in independently wrongful conduct," that they "induced the Shuster

7   Heirs to breach the 1992 Agreement and enter into the illegal joint-venture

8   agreements described above," that they "induced the Shusters to manipulate claims

9   of ownership in Superboy," and that "Toberoff engaged in this misconduct in his

10   role as businessman and shareholder of Pacific Pictures," found in paragraph 178 of

11   YOUR COMPLAINT.

12   **Response to Request No. 66**

13         DC objects to the Request to the extent that it requires DC to prove through

14   the discovery process its ultimate legal arguments related to the ramifications of

15   defendants' agreements and communications.  DC objects to the extent the Request

16   seeks information protected by the attorney-client privilege, the attorney work

17   product doctrine, or any other applicable privilege or immunity.  DC further objects

18   on grounds that the Request is compound and overbroad in that it includes

19   numerous discrete subparts directed at different contentions.  DC further objects to

20   the extent this Request seeks documents that defendants have refused to produce in

21   response to discovery served by DC, including but not limited to the 2008 "consent

22   agreement" defendants continue to refuse to disclose.

23         DC objects to the definition of "YOUR" and will respond to that term as

24   limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC

25   objects to the extent the Request seeks production of "all DOCUMENTS" on the

26   ground that such request is overly broad, unduly burdensome, oppressive, and not

27   reasonably calculated to lead to the discovery of admissible evidence, as the

28   definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT 3**
**113**

1    used in these Responses, the phrase "all DOCUMENTS," or phrases of similar

2    import, should be understood to mean those documents DC and its counsel were

3    able to locate using reasonable diligence and reasonable judgment concerning the

4    whereabouts of such documents.

5        Subject to and without waiving all foregoing objections, DC refers

6    defendants' attention to Judge Wright's SLAPP ruling (Docket No. 337), as well as

7    DC's complaint (Docket No. 49), all briefing in this action—including, but not

8    limited to, the briefing and exhibits filed in connection with defendants' Rule 12

9    and SLAPP motions (Docket Nos. 30, 30-1 to 30-5, 31, 31-1, 31-2, 32, 33, 33-1 to

10   33-4, 34, 34-1, 34-2, 35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to 77-3, 78, 78-1 to 78-2,

11   79, 80, 80-1 to 80-4, 81, 89, 90, 91, 92, 93, 94, 94-1 to 94-40, 98, 98-1 to 98-4, 99,

12   99-1 to 99-2, 100, 100-1 to 100-3, 102, 102-1, 103, 103-1, 106, 107, 108, 146, 146-

13   1 to 146-4, 147, 147-1 to 147-3, 148, 148-1 to 148-5, 149, 150, 151, 154, 156, 181,

14   182, 182-1 to 182-40, 183, 183-1 to 183-4, 184, 185, 186, 191, 191-1, 192, 192-1 to

15   192-3, 193, 193-1 to 193-2, 194, 195, 195-1, 196, 196-1 to 196-4, 201, 202, 203,

16   304, 305-1 to 305-59, 306 (errata), 307, 308, 312, 312-1 to 312-2, 313, 314, 314-1

17   to 314-3, 333, 333-1 to 333-3, 334, 334-1 to 334-13, 335, 338, 338-1)—and all

18   discovery in this action and the *Siegel* action—including, but not limited to, all

19   deposition testimony and document productions.

20       Subject to and without waiving all foregoing objections, DC has conducted a

21   reasonably diligent search of the documents in the possession, custody, or control

22   of relevant custodians and produces herewith by designation or otherwise all non-

23   privileged, responsive documents.  Given that discovery is ongoing in this case, DC

24   expressly reserves its right to supplement these Responses, if need be, as more

25   information becomes available, and to use in discovery and at trial any information

26   omitted from these Responses as a result of mistake, inadvertence, or oversight.

27

28

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT 3**

**114**

1  **Request No. 67**

2      All DOCUMENTS that support YOUR contention that "[a]s the direct result

3  of Toberoff's and Pacific Pictures' actions, the Shuster Heirs have breached the 1992

4  Agreement," found in paragraph 179 of YOUR COMPLAINT.

5  **Response to Request No. 67**

6      DC objects to the Request to the extent that it requires DC to prove through

7  the discovery process its ultimate legal arguments related to the ramifications of

8  defendants' agreements and communications.  DC objects to the extent the Request

9  seeks information protected by the attorney-client privilege, the attorney work

10  product doctrine, or any other applicable privilege or immunity.  DC further objects

11  to the extent this Request seeks documents that defendants have refused to produce

12  in response to discovery served by DC, including but not limited to the 2008

13  "consent agreement" defendants continue to refuse to disclose.

14      DC objects to the definition of "YOUR" and will respond to that term as

15  limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC

16  objects to the extent the Request seeks production of "all DOCUMENTS" on the

17  ground that such request is overly broad, unduly burdensome, oppressive, and not

18  reasonably calculated to lead to the discovery of admissible evidence, as the

19  definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As

20  used in these Responses, the phrase "all DOCUMENTS," or phrases of similar

21  import, should be understood to mean those documents DC and its counsel were

22  able to locate using reasonable diligence and reasonable judgment concerning the

23  whereabouts of such documents.

24      Subject to and without waiving all foregoing objections, DC refers

25  defendants' attention to Judge Wright's SLAPP ruling (Docket No. 337), as well as

26  DC's complaint (Docket No. 49), all briefing in this action—including, but not

27  limited to, the briefing and exhibits filed in connection with defendants' Rule 12

28  and SLAPP motions (Docket Nos. 30, 30-1 to 30-5, 31, 31-1, 31-2, 32, 33, 33-1 to

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT 3**
**115**

33-4, 34, 34-1, 34-2, 35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to 77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4, 81, 89, 90, 91, 92, 93, 94, 94-1 to 94-40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100, 100-1 to 100-3, 102, 102-1, 103, 103-1, 106, 107, 108, 146, 146-1 to 146-4, 147, 147-1 to 147-3, 148, 148-1 to 148-5, 149, 150, 151, 154, 156, 181, 182, 182-1 to 182-40, 183, 183-1 to 183-4, 184, 185, 186, 191, 191-1, 192, 192-1 to 192-3, 193, 193-1 to 193-2, 194, 195, 195-1, 196, 196-1 to 196-4, 201, 202, 203, 304, 305-1 to 305-59, 306 (errata), 307, 308, 312, 312-1 to 312-2, 313, 314, 314-1 to 314-3, 333, 333-1 to 333-3, 334, 334-1 to 334-13, 335, 338, 338-1)—and all discovery in this action and the *Siegel* action—including, but not limited to, all deposition testimony and document productions.

Subject to and without waiving all foregoing objections, DC has conducted a reasonably diligent search of the documents in the possession, custody, or control of relevant custodians and produces herewith by designation or otherwise all non-privileged, responsive documents.  Given that discovery is ongoing in this case, DC expressly reserves its right to supplement these Responses, if need be, as more information becomes available, and to use in discovery and at trial any information omitted from these Responses as a result of mistake, inadvertence, or oversight.

**Request No. 68**

All DOCUMENTS that support YOUR contention that "[t]he consent agreements Toberoff has procured are void as a matter of law and public policy because they strip the Siegels and Shusters of their right freely to settle their claims and violate DC Comics' concomitant right freely to negotiate settlement of such claims," found in paragraph 188 of YOUR COMPLAINT.

**Response to Request No. 68**

DC objects to the Request to the extent that it requires DC to prove through the discovery process its ultimate legal arguments related to the ramifications of defendants' agreements and communications.  DC objects to the extent the Request seeks information protected by the attorney-client privilege, the attorney work

- 97 -

1  product doctrine, or any other applicable privilege or immunity.  DC further objects

2  to the extent this Request seeks documents that defendants have refused to produce

3  in response to discovery served by DC, including but not limited to the 2008

4  "consent agreement" defendants continue to refuse to disclose.

5       DC objects to the definition of "YOUR" and will respond to that term as

6  limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC

7  objects to the extent the Request seeks production of "all DOCUMENTS" on the

8  ground that such request is overly broad, unduly burdensome, oppressive, and not

9  reasonably calculated to lead to the discovery of admissible evidence, as the

10 definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As

11 used in these Responses, the phrase "all DOCUMENTS," or phrases of similar

12 import, should be understood to mean those documents DC and its counsel were

13 able to locate using reasonable diligence and reasonable judgment concerning the

14 whereabouts of such documents.

15      Subject to and without waiving all foregoing objections, DC refers

16 defendants' attention to its complaint (Docket No. 49), all briefing in this action—

17 including, but not limited to, the briefing and exhibits filed in connection with

18 defendants' Rule 12 and SLAPP motions (Docket Nos. 30, 30-1 to 30-5, 31, 31-1,

19 31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2, 35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to

20 77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4, 81, 89, 90, 91, 92, 93, 94, 94-1 to 94-

21 40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100, 100-1 to 100-3, 102, 102-1, 103, 103-1,

22 106, 107, 108, 146, 146-1 to 146-4, 147, 147-1 to 147-3, 148, 148-1 to 148-5, 149,

23 150, 151, 154, 156, 181, 182, 182-1 to 182-40, 183, 183-1 to 183-4, 184, 185, 186,

24 191, 191-1, 192, 192-1 to 192-3, 193, 193-1 to 193-2, 194, 195, 195-1, 196, 196-1

25 to 196-4, 201, 202, 203, 304, 305-1 to 305-59, 306 (errata), 307, 308, 312, 312-1 to

26 312-2, 313, 314, 314-1 to 314-3, 333, 333-1 to 333-3, 334, 334-1 to 334-13, 335,

27 338, 338-1)—and all discovery in this action and the *Siegel* action—including, but

28 not limited to, all deposition testimony and document productions.

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT 3**
**117**

1      Subject to and without waiving all foregoing objections, DC has conducted a

2 reasonably diligent search of the documents in the possession, custody, or control

3 of relevant custodians and produces herewith by designation or otherwise all non-

4 privileged, responsive documents.  Given that discovery is ongoing in this case, DC

5 expressly reserves its right to supplement these Responses, if need be, as more

6 information becomes available, and to use in discovery and at trial any information

7 omitted from these Responses as a result of mistake, inadvertence, or oversight.

8

9     Dated:  February 17, 2012        Respectfully submitted,

10                             By:  /s/ Daniel M. Petrocelli

11                                   Daniel M. Petrocelli

12                             Attorneys for Plaintiff DC Comics

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT 3**

**118**

# EXHIBIT 4

1   DANIEL M. PETROCELLI (S.B. #097802)
      dpetrocelli@omm.com
2   MATTHEW T. KLINE (S.B. #211640)
      mkline@omm.com
3   CASSANDRA L. SETO (S.B. #246608)
      cseto@omm.com
4   O'MELVENY & MYERS LLP
    1999 Avenue of the Stars, 7th Floor
5   Los Angeles, CA  90067-6035
    Telephone:  (310) 553-6700
6   Facsimile:   (310) 246-6779

7   PATRICK T. PERKINS (admitted *pro hac vice*)
      pperkins@ptplaw.com
8   PERKINS LAW OFFICE, P.C.
    1711 Route 9D
9   Cold Spring, NY 10516
    Telephone:  (845) 265-2820
10  Facsimile:   (845) 265-2819

11  Attorneys for Plaintiff DC Comics

12              **UNITED STATES DISTRICT COURT**

13             **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 14  DC COMICS, | Case No. CV 10-3633 ODW (RZx) |
| 15              Plaintiff, | **PLAINTIFF DC COMICS' OBJECTIONS AND RESPONSES TO DEFENDANT MARK WARREN PEARY'S FIRST SET OF INTERROGATORIES** |
| 16              v. | |
| 17  PACIFIC PICTURES CORPORATION, IP WORLDWIDE, | |
| 18  LLC, IPW, LLC, MARC TOBEROFF, an individual, MARK WARREN | Hon. Otis D. Wright II |
| 19  PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER, | Complaint Filed:  May 14, 2010 |
| 20  JEAN ADELE PEAVY, an individual, LAURA SIEGEL LARSON, an | Trial Date:       None Set |
| 21  individual and as personal representative of the ESTATE OF | |
| 22  JOANNE SIEGEL, and DOES 1-10, inclusive, | |
| 23 | |
| 24              Defendants. | |

25  PROPOUNDING PARTY:    Mark Warren Peary

26  RESPONDING PARTY:     DC Comics

27  SET NUMBER:           One (Nos. 1-15)

28

1    Pursuant to Federal Rule of Civil Procedure 33, plaintiff DC Comics ("DC")

2    hereby objects and responds to defendant Mark Warren Peary's ("Peary") First Set

3    of Interrogatories (the "Interrogatories").

4                              **PRELIMINARY STATEMENT**

5    DC's Objections and Responses to Defendant Mark Warren Peary's First Set

6    of Interrogatories ("Responses") are based on the information currently known to

7    DC.  These Interrogatories, along with Mr. Peary's contemporaneously served

8    Requests for Production, represent the first discovery served by defendants in this

9    action, and defendants have only recently served their Answer in this case.  DC has

10   attempted to investigate diligently and respond as best it can to these

11   Interrogatories.  Many of the interrogatories are addressed by reference to DC's

12   complaint and attached exhibit (Docket No. 49, Docket No. 49 Ex. A), all briefing

13   in this action—including, but not limited to, the briefing and exhibits filed in

14   connection with defendants' Rule 12 and SLAPP motions (Docket Nos. 30, 30-1 to

15   30-5, 31, 31-1, 31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2, 35, 36, 75, 75-1 to 75-5,

16   76, 77, 77-1 to 77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4, 81, 89, 90, 91, 92, 93,

17   94, 94-1 to 94-40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100, 100-1 to 100-3, 102, 102-

18   1, 103, 103-1, 106, 107, 108, 146, 146-1 to 146-4, 147, 147-1 to 147-3, 148, 148-1

19   to 148-5, 149, 150, 151, 154, 156, 181, 182, 182-1 to 182-40, 183, 183-1 to 183-4,

20   184, 185, 186, 191, 191-1, 192, 192-1 to 192-3, 193, 193-1 to 193-2, 194, 195, 195-

21   1, 196, 196-1 to 196-4, 201, 202, 203, 304, 305-1 to 305-59, 306 (errata), 307, 308,

22   312, 312-1 to 312-2, 313, 314, 314-1 to 314-3, 333, 333-1 to 333-3, 334, 334-1 to

23   334-13, 335, 338, 338-1)—and all discovery in this action and the *Siegel* action—

24   including, but not limited to, all deposition testimony (*e.g.*, DCC00000001-154435

25   and WB000001-149488), and Plaintiff DC Comics' Objections and Responses to

26   Defendant Mark Warren Peary's First Set of Requests for Production (*e.g.*,

27   Responses 1-3, 5, 43, 45, 46, 48, 53-55).  Given that discovery is ongoing, expert

28   discovery has not yet begun, and defendants continue their efforts to stymie DC's

- 1 -

DC'S OBJECTIONS & RESPONSES TO
M. PEARY INTERROGATORY NOS. 1-15

**EXHIBIT 4**
**120**

1    discovery in this case, DC anticipates that it may be necessary to supplement these

2    Responses as more information becomes available.

3        By these Responses, DC does not intend to waive, and does not waive, any

4    objection at trial to the admission into evidence of these Responses, in whole or in

5    part, or the information produced in connection with it.  Rather, DC intends to

6    preserve, and does preserve, all objections to the admission into evidence of these

7    Responses, in whole or in part, and the information produced in connection with

8    them, including, without limitation, objections based on relevance, foundation,

9    authenticity, or privilege, as well as any and all objections based on the Federal

10   Rules of Evidence or otherwise.

11                    **SPECIFIC OBJECTIONS AND RESPONSES**

12   **Interrogatory No. 1**

13        IDENTIFY all COMMUNICATIONS between YOU AND Mark Warren

14   Peary.

15   **Response to Interrogatory No. 1**

16        DC objects to this Interrogatory on the grounds that it is indefinite as to time

17   and not reasonably limited in scope and would include, for example, discussions

18   with Mr. Peary at mediation sessions.  DC objects to the extent the Interrogatory

19   calls for irrelevant information and calls for a search for documents that is unduly

20   expensive, overbroad, unduly burdensome, and oppressive.  DC further objects to

21   the extent the Interrogatory seeks communications that defendants have refused to

22   produce in response to discovery served by DC, including but not limited to

23   screenplays Mr. Peary sent to DC in 1997 and 2006.

24        DC objects to the definition of "YOU" as vague and overbroad and will

25   respond to this term as limited to the relevant representatives at DC and Warner

26   Bros. Entertainment Inc.  DC objects to the definition of "COMMUNICATION" as

27   overbroad to the extent it encompasses the transmission of information orally, by

28   telephone, or through gesture.  DC also objects to the definition of

DC'S OBJECTIONS & RESPONSES TO
M. PEARY INTERROGATORY NOS. 1-15

**EXHIBIT 4**
**121**

1    "COMMUNICATION" as overbroad to the extent it includes documents filed in

2    connection with prior or ongoing litigation.  DC objects to the extent the Request

3    "all COMMUNICATIONS" on the ground that such request is overly broad,

4    unduly burdensome, oppressive, and not reasonably calculated to lead to the

5    discovery of admissible evidence.  As used in these Responses, the phrase "all

6    COMMUNICATIONS," or phrases of similar import, should be understood to

7    mean those communications DC and its counsel were able to locate using

8    reasonable diligence and reasonable judgment concerning the whereabouts of such

9    communications.  DC does not object to or withhold any information based on the

10   definition of "IDENTIFY," as this definition mirrors in large part language that DC

11   employed in its own discovery requests.  Defendants previously objected to this

12   same language in DC's requests as impermissibly overbroad.  Based on defendants'

13   tacit acknowledgement that DC's use of this term is proper, DC will answer this

14   discovery and has confirmed with defendants that they will do the same.

15       Subject to and without waiving the foregoing objections, DC has exercised

16   reasonable diligence in identifying responsive information and documents, and

17   hereby responds as follows:

18       DC00145-151, DCC00004186-87, DCC00004191, DCC00006855,

19   DCC00006872-6879, DCC00057431-57447, DCC00089366-89372, WB008506-

20   8507.  Representatives from Warner Bros. Entertainment Inc. and DC, including

21   Paul Levitz, had non-written communications with Mr. Peary over the years as

22   well.

23   **Interrogatory No. 2**

24       IDENTIFY all COMMUNICATIONS between YOU AND Jean Adele

25   Peavy.

26   **Response to Interrogatory No. 2**

27       DC objects to this Interrogatory on the grounds that it is indefinite as to time

28   and not reasonably limited in scope, and to the extent that it seeks the production of

- 3 -

DC'S OBJECTIONS & RESPONSES TO
M. PEARY INTERROGATORY NOS. 1-15

**EXHIBIT 4**

**122**

1  any item, or portion thereof, which is not reasonably calculated to lead to the

2  discovery of relevant and admissible evidence.

3       DC objects to the definition of "YOU" as vague and overbroad and will

4  respond to this term as limited to the relevant representatives of DC and Warner

5  Bros. Entertainment Inc.  DC objects to the definition of "COMMUNICATION" as

6  overbroad to the extent it encompasses the transmission of information orally, by

7  telephone, or through gesture.  DC also objects to the definition of

8  "COMMUNICATION" as overbroad to the extent it includes documents filed in

9  connection with prior or ongoing litigation.  DC objects to the extent the Request

10  "all COMMUNICATIONS" on the ground that such request is overly broad,

11  unduly burdensome, oppressive, and not reasonably calculated to lead to the

12  discovery of admissible evidence.  As used in these Responses, the phrase "all

13  COMMUNICATIONS," or phrases of similar import, should be understood to

14  mean those communications DC and its counsel were able to locate using

15  reasonable diligence and reasonable judgment concerning the whereabouts of such

16  communications.  DC does not object to or withhold any information based on the

17  definition of "IDENTIFY," as this definition mirrors in large part language that DC

18  employed in its own discovery requests.  Defendants previously objected to this

19  same language in DC's requests as impermissibly overbroad.  Based on defendants'

20  tacit acknowledgement that DC's use of this term is proper, DC will answer this

21  discovery and has confirmed with defendants that they will do the same.

22       Subject to and without waiving the foregoing objections, DC responds as

23  follows:

24       DC00014-15, DCC00004186-DCC00004187, DCC00004191,

25  DCC00006182-6184, DCC00006188-6190, DCC00006192-6194, DCC00006198,

26  DCC00006203-6207, DCC00006214-15, DCC00006372-6373, DCC00006375-

27  6376,  DCC00006399, DCC00006413-6439, DCC00006441, DCC00006477-6492,

28  DCC00006498, DCC00006607-6618, DCC00006620, DCC00006629-6630,

DC'S OBJECTIONS & RESPONSES TO
M. PEARY INTERROGATORY NOS. 1-15

**EXHIBIT 4**
**123**

1   DCC00006778, DCC00006869, DCC00008506-8507, DCC00057431-57447,

2   DCC00057854, DCC00073008, DCC00073010, WB007959-7961, WB0010161-

3   10162, WB010169-10170.  Representatives from Warner Bros. Entertainment Inc.

4   and DC, including Paul Levitz, had non-written communications with Ms. Peavy

5   over the years as well.

6   **Interrogatory No. 3**

7       IDENTIFY all COMMUNICATIONS between YOU AND Frank Shuster.

8   **Response to Interrogatory No. 3**

9       DC objects to this Interrogatory on the grounds that it is indefinite as to time

10  and not reasonably limited in scope.

11      DC objects to the definition of "YOU" as vague and overbroad and will

12  respond to this term as limited to the relevant representatives of DC and Warner

13  Bros. Entertainment Inc.  DC objects to the definition of "COMMUNICATION" as

14  overbroad to the extent it encompasses the transmission of information orally, by

15  telephone, or through gesture.  DC also objects to the definition of

16  "COMMUNICATION" as overbroad to the extent it includes documents filed in

17  connection with prior or ongoing litigation.  DC objects to the extent the Request

18  "all COMMUNICATIONS" on the ground that such request is overly broad,

19  unduly burdensome, oppressive, and not reasonably calculated to lead to the

20  discovery of admissible evidence.  As used in these Responses, the phrase "all

21  COMMUNICATIONS," or phrases of similar import, should be understood to

22  mean those communications DC and its counsel were able to locate using

23  reasonable diligence and reasonable judgment concerning the whereabouts of such

24  communications.  DC does not object to or withhold any information based on the

25  definition of "IDENTIFY," as this definition mirrors in large part language that DC

26  employed in its own discovery requests.  Defendants previously objected to this

27  same language in DC's requests as impermissibly overbroad.  Based on defendants'

28

DC'S OBJECTIONS & RESPONSES TO
M. PEARY INTERROGATORY NOS. 1-15

**EXHIBIT 4**
**124**

1   tacit acknowledgement that DC's use of this term is proper, DC will answer this

2   discovery and has confirmed with defendants that they will do the same.

3        Subject to and without waiving the foregoing objections, DC responds as

4   follows:

5        DC00006-7, DC00014-15, DCC00005142-44, DCC00005673,

6   DCC00006206-6207, DCC00006375-76, DCC00006399, DCC00006413-6415,

7   DCC00006417, DCC00006420-6422, DCC00006431-6436, DCC00006440-6441,

8   DCC00006448, DCC00006462, DCC00006474, DCC00006495, DCC00006775-

9   6777, DCC00006856, DCC00006867, DCC00057854, DCC00073008,

10  DCC00073010, DCC00073012, DCC00073016-73017, WB005603, WB007972,

11  WB010161-10162, WB010169-10170.  Representatives from DC, including Paul

12  Levitz, had non-written communications with Frank Shuster over the years as well.

13  **Interrogatory No. 4**

14       IDENTIFY all COMMUNICATIONS between YOU AND Joseph Shuster

15  REGARDING YOUR rights in AND to Superman.

16  **Response to Interrogatory No. 4**

17       DC objects to this Interrogatory on the grounds that it is indefinite as to time

18  and not reasonably limited in scope.

19       DC further objects to the use of the term "all" in connection with the

20  requested communications on the ground that such interrogatory is overly broad,

21  unduly burdensome, oppressive, and not reasonably calculated to lead to the

22  discovery of admissible evidence.  DC will not search and review every record or

23  source of information within its possession, custody, or control in an effort to locate

24  "all" communications.  Subject to these objections, DC will use reasonable

25  diligence to locate responsive information and documents in its own files, based on

26  inquiry of those persons who may reasonably be expected to possess responsive

27  information, and examination of those files reasonably expected to yield responsive

28  information.

- 6 -                DC'S OBJECTIONS & RESPONSES TO
                     M. PEARY INTERROGATORY NOS. 1-15
**EXHIBIT 4**
**125**

1    DC objects to the definition of "YOU" as vague and overbroad and will

2    respond to this term as limited to the relevant representatives of DC and Warner

3    Bros. Entertainment Inc.  DC objects to the definition of "COMMUNICATION" as

4    overbroad to the extent it encompasses the transmission of information orally, by

5    telephone, or through gesture.  DC also objects to the definition of

6    "COMMUNICATION" as overbroad to the extent it includes documents filed in

7    connection with prior or ongoing litigation.  DC objects to the extent the Request

8    "all COMMUNICATIONS" on the ground that such request is overly broad,

9    unduly burdensome, oppressive, and not reasonably calculated to lead to the

10   discovery of admissible evidence.  As used in these Responses, the phrase "all

11   COMMUNICATIONS," or phrases of similar import, should be understood to

12   mean those communications DC and its counsel were able to locate using

13   reasonable diligence and reasonable judgment concerning the whereabouts of such

14   communications.  DC does not object to or withhold any information based on the

15   definition of "IDENTIFY," as this definition mirrors in large part language that DC

16   employed in its own discovery requests.  Defendants previously objected to this

17   same language in DC's requests as impermissibly overbroad.  Based on defendants'

18   tacit acknowledgement that DC's use of this term is proper, DC will answer this

19   discovery and has confirmed with defendants that they will do the same.

20       Subject to and without waiving the foregoing objections, DC responds as

21   follows:

22       DCC00004132, DCC00004153, DCC00004186-4187, DCC00004191,

23   DCC00004499-4505, DCC00004507-4508, DCC00004521- DCC00004579,

24   DCC00004908, DCC00005126, DCC00005658, DCC00005662, DCC00005663-

25   5666, DCC00005668, DCC00005669, DCC00005671, DCC00005672,

26   DCC00006190, DCC00007178-7182, DCC00007199-7201, DCC00007206-7208,

27   DCC00007954-7965, DCC00007990-8024, DCC00045543-45544, DCC00057253-

28   57256, DCC00057358-57361, WB005603, WB005623-5624, WB005627-5638,

DC'S OBJECTIONS & RESPONSES TO
M. PEARY INTERROGATORY NOS. 1-15

**EXHIBIT 4**

**126**

1  WB005663-5664, WB005794-5800, WB006603-6607, WB007942-7943,

2  WB007959-7961, WB008305-8316, WB008556-8557, WB008559-8561,

3  WB008563.  Representatives from DC, including Paul Levitz, had non-written

4  communications with Joseph Shuster over the years as well.

5  **Interrogatory No. 5**

6      IDENTIFY all COMMUNICATIONS between YOU AND any third-party

7  that REFFERRED TO the 1992 AGREEMENT.

8  **Response to Interrogatory No. 5**

9      DC objects to this Interrogatory on the grounds that it is indefinite as to time

10  and not reasonably limited in scope, and to the extent that it seeks the production of

11  any item, or portion thereof, which is not reasonably calculated to lead to the

12  discovery of relevant and admissible evidence.  DC further objects to the extent that

13  it seeks information protected by the attorney-client privilege, the attorney work

14  product doctrine, or any other applicable privilege or immunity.

15      DC objects to the phrase "COMMUNICATIONS between YOU AND any

16  third-party" as overbroad, as it would include, for example, all statements made to

17  the court, mediators, and to the press concerning the 1992 agreement and DC's

18  claims in this case concerning that agreement.  DC objects to the definition of

19  "COMMUNICATION" as vague and overbroad and will respond to this term as

20  excluding any documents filed in connection with prior or ongoing litigation.  DC

21  objects to the extent the Request "all COMMUNICATIONS" on the ground that

22  such request is overly broad, unduly burdensome, oppressive, and not reasonably

23  calculated to lead to the discovery of admissible evidence.  As used in these

24  Responses, the phrase "all COMMUNICATIONS," or phrases of similar import,

25  should be understood to mean those communications DC and its counsel were able

26  to locate using reasonable diligence and reasonable judgment concerning the

27  whereabouts of such communications.  DC objects to the definition of "YOU" as

28  vague and overbroad and will respond to this term as limited to the relevant

DC'S OBJECTIONS & RESPONSES TO
M. PEARY INTERROGATORY NOS. 1-15

**EXHIBIT 4**

**127**

1  representatives of DC and Warner Bros. Entertainment Inc.  DC does not object to

2  or withhold any information based on the definition of "IDENTIFY," as this

3  definition mirrors in large part language that DC employed in its own discovery

4  requests.  Defendants previously objected to this same language in DC's requests as

5  impermissibly overbroad.  Based on defendants' tacit acknowledgement that DC's

6  use of this term is proper, DC will answer this discovery and has confirmed with

7  defendants that they will do the same.

8      Subject to and without waiving all foregoing objections, DC refers

9  defendants' attention to its complaint and attached exhibit (Docket No. 49, Docket

10  No. 49 Ex. A), all briefing in this action—including, but not limited to, the briefing

11  and exhibits filed in connection with defendants' Rule 12 and SLAPP motions

12  (Docket Nos. 30, 30-1 to 30-5, 31, 31-1, 31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2,

13  35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to 77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4,

14  81, 89, 90, 91, 92, 93, 94, 94-1 to 94-40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100,

15  100-1 to 100-3, 102, 102-1, 103, 103-1, 106, 107, 108, 146, 146-1 to 146-4, 147,

16  147-1 to 147-3, 148, 148-1 to 148-5, 149, 150, 151, 154, 156, 181, 182, 182-1 to

17  182-40, 183, 183-1 to 183-4, 184, 185, 186, 191, 191-1, 192, 192-1 to 192-3, 193,

18  193-1 to 193-2, 194, 195, 195-1, 196, 196-1 to 196-4, 201, 202, 203, 304, 305-1 to

19  305-59, 306 (errata), 307, 308, 312, 312-1 to 312-2, 313, 314, 314-1 to 314-3, 333,

20  333-1 to 333-3, 334, 334-1 to 334-13, 335, 338, 338-1)—and all discovery in this

21  action and the *Siegel* action (*e.g.*, DCC00000001-154435 and WB000001-

22  149488)—including, but not limited to, all deposition testimony in those cases and

23  here.  All of these sources are incorporated by reference herein.

24      Subject to and without waiving the foregoing objections, DC is willing to

25  meet and confer with defendants to reasonably tailor this request.

26  **Interrogatory No. 6**

27      IDENTIFY all persons who participated in the negotiation of the 1992

28  AGREEMENT.

DC'S OBJECTIONS & RESPONSES TO
M. PEARY INTERROGATORY NOS. 1-15

**EXHIBIT 4**
**128**

1    **Response to Interrogatory No. 6**

2         DC objects to the Interrogatory to the extent it calls for irrelevant information

3    and calls for a search for documents that is unduly expensive, overbroad, unduly

4    burdensome, and oppressive.  The phrase "participated in the negotiation" is

5    ambiguous, and lacks sufficient precision to allow DC to formulate an appropriate

6    response.  DC further objects to this Interrogatory to the extent that it seeks

7    information protected by the attorney-client privilege, the attorney work product

8    doctrine, or any other applicable privilege or immunity.

9         DC objects to the extent the Request seeks identification of "all persons" on

10   the ground that such request is overly broad, unduly burdensome, oppressive, and

11   not reasonably calculated to lead to the discovery of admissible evidence.  As used

12   in these Responses, the phrase "all persons," or phrases of similar import, should be

13   understood to mean those persons DC and its counsel were able to identify using

14   reasonable diligence and reasonable judgment.  DC does not object to or withhold

15   any information based on the definition of "IDENTIFY," as this definition mirrors

16   in large part language that DC employed in its own discovery requests.  Defendants

17   previously objected to this same language in DC's requests as impermissibly

18   overbroad.  Based on defendants' tacit acknowledgement that DC's use of this term

19   is proper, DC will answer this discovery and has confirmed with defendants that

20   they will do the same.

21        Subject to and without waiving the foregoing objections, DC responds as

22   follows:  Jean Peavy, Frank Shuster, Paul Levitz, Lillian Laserson, and Carol

23   Simkin.

24   **Interrogatory No. 7**

25        IDENTIFY all persons who participated in the drafting of the 1992

26   AGREEMENT.

27

28

DC'S OBJECTIONS & RESPONSES TO
M. PEARY INTERROGATORY NOS. 1-15

**EXHIBIT 4**
**129**

1  **Response to Interrogatory No. 7**

2      DC objects to the Interrogatory to the extent it calls for irrelevant information

3  and calls for a search for documents that is unduly expensive, overbroad, unduly

4  burdensome, and oppressive.  DC objects to this Interrogatory to the extent that it

5  seeks information protected by the attorney-client privilege, the attorney work

6  product doctrine, or any other applicable privilege or immunity.

7      DC objects to this Interrogatory on the grounds that the phrase "persons who

8  participated in the drafting" is vague and ambiguous, and lacks sufficient precision

9  to allow it formulate an appropriate response.  DC objects to the extent the Request

10  seeks identification of "all persons" on the ground that such request is overly broad,

11  unduly burdensome, oppressive, and not reasonably calculated to lead to the

12  discovery of admissible evidence.  As used in these Responses, the phrase "all

13  persons," or phrases of similar import, should be understood to mean those persons

14  DC and its counsel were able to identify using reasonable diligence and reasonable

15  judgment.  DC does not object to or withhold any information based on the

16  definition of "IDENTIFY," as this definition mirrors in large part language that DC

17  employed in its own discovery requests.  Defendants previously objected to this

18  same language in DC's requests as impermissibly overbroad.  Based on defendants'

19  tacit acknowledgement that DC's use of this term is proper, DC will answer this

20  discovery and has confirmed with defendants that they will do the same.

21      Subject to and without waiving all foregoing objections, DC responds as

22  follows:  Jean Peavy, Frank Shuster, Paul Levitz, Carol Simkin, Lillian Laserson,

23  and John Schulman.

24  **Interrogatory No. 8**

25      IDENTIFY all witnesses REGARDING the 1992 AGREEMENT.

26

27

28

DC'S OBJECTIONS & RESPONSES TO
M. PEARY INTERROGATORY NOS. 1-15

**EXHIBIT 4**
**130**

**Response to Interrogatory No. 8**

DC objects to the Interrogatory to the extent it calls for irrelevant information and calls for a search for documents that is unduly expensive, overbroad, unduly burdensome, and oppressive.

DC further objects to this Interrogatory on the grounds that the phrase "all witnesses" is vague and ambiguous, and lacks sufficient precision to allow it formulate an appropriate response. DC will interpret this phrase as encompassing those persons who participated in the negotiating or drafting of the 1992 agreement. DC does not object to or withhold any information based on the definition of "IDENTIFY," as this definition mirrors in large part language that DC employed in its own discovery requests. Defendants previously objected to this same language in DC's requests as impermissibly overbroad. Based on defendants' tacit acknowledgement that DC's use of this term is proper, DC will answer this discovery and has confirmed with defendants that they will do the same.

Subject to and without waiving all foregoing objections, DC responds as follows: Jean Peavy, Frank Shuster, Paul Levitz, Lillian Laserson, Jenette Kahn, Carolyn McCandless, Pat Caldon, Carol Simkin, John Schulman, Marty Payson, Chris Caramalis, Mark Warren Peary, Dawn Peavy. DC submits that Marc Toberoff, Pacific Pictures Corporation, IP Worldwide LLC, IPW LLC, and Ari Emanuel also are material witnesses to the 1992 agreement, although none of these parties participated in negotiating or drafting that agreement.

**Interrogatory No. 9**

IDENTIFY any evidence that supports YOUR contention that "[t]he Shuster Termination Notice is invalid, and thus ineffective," found in paragraph 106 of YOUR COMPLAINT.

**Response to Interrogatory No. 9**

DC objects to the Interrogatory to the extent it requires DC to prove through the discovery process its ultimate legal arguments related to the ramifications of

DC'S OBJECTIONS & RESPONSES TO
M. PEARY INTERROGATORY NOS. 1-15

**EXHIBIT 4**

**131**

1   defendants' agreements and communications.  DC objects to the Interrogatory on

2   the ground that it is compound and includes numerous discrete subparts that should

3   each be counted as a separate interrogatory for the purposes of calculating the

4   number of interrogatories that Peary has propounded on DC.  DC articulated five

5   separate bases for the invalidity of the Shuster Termination Notice in its complaint

6   (Docket No. 49 ¶¶ 105-134), and discovery must accordingly be addressed to each

7   basis individually.  DC objects to the Interrogatory to the extent it seeks

8   information protected by the attorney-client privilege, the attorney work product

9   doctrine, or any other applicable privilege or immunity.  DC further objects to the

10  extent this Interrogatory seeks documents that defendants have refused to produce

11  in response to discovery served by DC, including but not limited to the 2008

12  "consent agreement" defendants continue to refuse to disclose.

13      DC objects to the definition of "YOUR" and will respond to that term as

14  limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC

15  objects to the use of the term "any" evidence on the ground that such request is

16  vague, overly broad, unduly burdensome, oppressive, and not reasonably calculated

17  to lead to the discovery of admissible evidence.  DC does not object to or withhold

18  any information based on the definition of "IDENTIFY," as this definition mirrors

19  in large part language that DC employed in its own discovery requests.  Defendants

20  previously objected to this same language in DC's requests as impermissibly

21  overbroad.  Based on defendants' tacit acknowledgement that DC's use of this term

22  is proper, DC will answer this discovery and has confirmed with defendants that

23  they will do the same.

24      Subject to and without waiving the foregoing objections, DC responds as

25  follows:

26      DC00001-7, DC00008-12, DC00014-15, DCC00000557-3336,

27  DCC00004510-4520, DCC00006188-6190, DCC00006192-6194, DCC00006198,

28  DCC00006203-6205, DCC00006206-6207, DCC00006214-6215, DCC00006372-

- 13 -

DC'S OBJECTIONS & RESPONSES TO
M. PEARY INTERROGATORY NOS. 1-15

**EXHIBIT 4**
**132**

6373, DCC00006375-6376, DCC00006399, DCC00006413-6441, DCC00006448,
DCC00006462, DCC00006474, DCC00006477-6492, DCC00006495-6496,
DCC00006498, DCC00006607-6618, DCC00006629-6630, DCC00006775-6778,
DCC00006855-6856, DCC00006867, DCC00006869, DCC00006872-6879,
DCC00007102-7159, DCC00007183-7198, DCC00007826-7837, DCC00007954-
DCC00007965, DCC00007990-8024, DCC00008506-8507, DCC00045603-45626,
DCC00056945-56950, DCC00057538-57550, DCC00057854, DCC00073008,
DCC00073010, DCC00073012-73017, DCC00089361-89365, DCC00141525,
WB000670-3453, WB005709-5766, WB006588-6602, WB007959-7961,
WB007972, WB008050-8053, WB008305-8316, WB009991-10003, WB010169-
10170, WB010161-10162, PPC00001-09, IPW00001-16, Q0001-07, LSL00211-
212, LSL00482-486.

Subject to and without waiving all foregoing objections, DC refers
defendants' attention to its complaint and attached exhibit (Docket No. 49, Docket
No. 49 Ex. A), all briefing in this action—including, but not limited to, the briefing
and exhibits filed in connection with defendants' Rule 12 and SLAPP motions
(Docket Nos. 30, 30-1 to 30-5, 31, 31-1, 31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2,
35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to 77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4,
81, 89, 90, 91, 92, 93, 94, 94-1 to 94-40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100,
100-1 to 100-3, 102, 102-1, 103, 103-1, 106, 107, 108, 146, 146-1 to 146-4, 147,
147-1 to 147-3, 148, 148-1 to 148-5, 149, 150, 151, 154, 156, 181, 182, 182-1 to
182-40, 183, 183-1 to 183-4, 184, 185, 186, 191, 191-1, 192, 192-1 to 192-3, 193,
193-1 to 193-2, 194, 195, 195-1, 196, 196-1 to 196-4, 201, 202, 203, 304, 305-1 to
305-59, 306 (errata), 307, 308, 312, 312-1 to 312-2, 313, 314, 314-1 to 314-3, 333,
333-1 to 333-3, 334, 334-1 to 334-13, 335, 338, 338-1)—and all discovery in this
action and the *Siegel* action (*e.g.*, DCC00000001-154435 and WB000001-
149488)—including, but not limited to, all deposition testimony in those cases and
here.  All of these sources are incorporated by reference herein.

DC'S OBJECTIONS & RESPONSES TO
M. PEARY INTERROGATORY NOS. 1-15

**EXHIBIT 4**

**133**

1    Given that discovery is ongoing in this case, and expert discovery has not yet

2    begun, DC expressly reserves its right to supplement these Responses as more

3    information becomes available, and to use in discovery and at trial any information

4    omitted from these Responses as a result of mistake, inadvertence, or oversight.

5    **Interrogatory No. 10**

6    IDENTIFY any evidence that supports YOUR contention that "[t]he 1992

7    Agreement that Frank Shuster and Jean Peavy entered into with DC Comics bars

8    the Shuster Estate from pursuing termination because, *inter alia*, in exchange for

9    valuable consideration, the 1992 Agreement effected a rescission, revocation, and

10    re-grant of all prior copyright grants, which eliminated any pre-1978 grant that

11    could be subject to termination under section 304 of the Copyright Act," found in

12    paragraph 112 of YOUR COMPLAINT.

13    **Response to Interrogatory No. 10**

14    DC objects to the Interrogatory to the extent that it requires DC to prove

15    through the discovery process its ultimate legal arguments related to the

16    ramifications of defendants' agreements and communications.  DC further objects

17    to this Interrogatory to the extent that it seeks information protected by the attorney-

18    client privilege, the attorney work product doctrine, or any other applicable

19    privilege or immunity.

20    DC objects to the definition of "YOUR" and will respond to that term as

21    limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC

22    objects to the use of the term "any" evidence on the ground that such request is

23    vague, overly broad, unduly burdensome, oppressive, and not reasonably calculated

24    to lead to the discovery of admissible evidence.  DC does not object to or withhold

25    any information based on the definition of "IDENTIFY," as this definition mirrors

26    in large part language that DC employed in its own discovery requests.  Defendants

27    previously objected to this same language in DC's requests as impermissibly

28    overbroad.  Based on defendants' tacit acknowledgement that DC's use of this term

DC'S OBJECTIONS & RESPONSES TO
M. PEARY INTERROGATORY NOS. 1-15

**EXHIBIT 4**

**134**

1   is proper, DC will answer this discovery and has confirmed with defendants that

2   they will do the same.

3       Subject to and without waiving the foregoing objections, DC responds as

4   follows:

5       DCC00006-7, DC00014-15, DCC00000557-3336, DCC00006184,

6   DCC00006188-6190, DCC00006192-6194, DCC00006198, DCC00006203-6205,

7   DCC00006206-6207, DCC00006214-6215, DCC00006372-6373, DCC00006375-

8   6376, DCC00006399, DCC00006413-6441, DCC00006448, DCC00006462,

9   DCC00006474, DCC00006477-6492, DCC00006495-6496, DCC00006498,

10  DCC00006607-6618, DCC00006620, DCC00006629-6630, DCC00006775-6778,

11  DCC00006855-6856, DCC00006867, DCC00006869, DCC00006872-6879,

12  DCC00007102-7159, DCC00007183-7198, DCC00007826-7837, DCC00007990-

13  8024, DCC00008506-8507, DCC00045603-45626, DCC00056945-56950,

14  DCC00057538-57550, DCC00057854, DCC00073008, DCC00073010,

15  DCC00073012-73017, DCC00089361-89365, DCC00141525, WB000670-3453,

16  WB005603, WB005709-5766, WB006588-6602, WB007959-7961, WB007972,

17  WB008050-8053, WB009991-10003, WB010169-10170, WB010161-10162,

18  PPC00001-09, IPW00001-16, Q0001-07, LSL00211-212, LSL00482-486.

19      Subject to and without waiving all foregoing objections, DC refers

20  defendants' attention to its complaint and attached exhibit (Docket No. 49, Docket

21  No. 49 Ex. A), all briefing in this action—including, but not limited to, the briefing

22  and exhibits filed in connection with defendants' Rule 12 and SLAPP motions

23  (Docket Nos. 30, 30-1 to 30-5, 31, 31-1, 31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2,

24  35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to 77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4,

25  81, 89, 90, 91, 92, 93, 94, 94-1 to 94-40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100,

26  100-1 to 100-3, 102, 102-1, 103, 103-1, 106, 107, 108, 146, 146-1 to 146-4, 147,

27  147-1 to 147-3, 148, 148-1 to 148-5, 149, 150, 151, 154, 156, 181, 182, 182-1 to

28  182-40, 183, 183-1 to 183-4, 184, 185, 186, 191, 191-1, 192, 192-1 to 192-3, 193,

- 16 -

1  193-1 to 193-2, 194, 195, 195-1, 196, 196-1 to 196-4, 201, 202, 203, 304, 305-1 to

2  305-59, 306 (errata), 307, 308, 312, 312-1 to 312-2, 313, 314, 314-1 to 314-3, 333,

3  333-1 to 333-3, 334, 334-1 to 334-13, 335, 338, 338-1)—and all discovery in this

4  action and the *Siegel* action (*e.g.*, DCC00000001-154435 and WB000001-

5  149488)—including, but not limited to, all deposition testimony in those cases and

6  here.  All of these sources are incorporated by reference herein.

7       Given that discovery is ongoing in this case, and expert discovery has not yet

8  begun, DC expressly reserves its right to supplement these Responses as more

9  information becomes available, and to use in discovery and at trial any information

10  omitted from these Responses as a result of mistake, inadvertence, or oversight.

11  **Interrogatory No. 11**

12       IDENTIFY any evidence that supports YOUR contention that "Shuster's

13  heirs approached DC Comics in 1992 seeking increased annual payments, certain

14  tax benefits, and payment of Shuster's debts and expenses," and that "[a]t the time,

15  Shuster's heirs recognized the value of Superman as a property," found in

16  paragraph 115 of YOUR COMPLAINT.

17  **Response to Interrogatory No. 11**

18       DC objects to the Interrogatory to the extent that it requires DC to prove

19  through the discovery process its ultimate legal arguments related to the

20  ramifications of defendants' agreements and communications.  DC further objects

21  to the Interrogatory on the ground that it is compound and includes numerous

22  discrete subparts addressed to separate contentions.  Each subpart should be

23  counted a separate interrogatory for the purposes of calculating the number of

24  interrogatories that Peary has propounded on DC.  DC objects to this Interrogatory

25  to the extent that it seeks information protected by the attorney-client privilege, the

26  attorney work product doctrine, or any other applicable privilege or immunity.

27       DC objects to the definition of "YOUR" and will respond to that term as

28  limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC

DC'S OBJECTIONS & RESPONSES TO
M. PEARY INTERROGATORY NOS. 1-15

**EXHIBIT 4**
**136**

1    further objects to the use of the term "any" evidence on the ground that such request

2    is vague, overly broad, unduly burdensome, oppressive, and not reasonably

3    calculated to lead to the discovery of admissible evidence.  DC does not object to or

4    withhold any information based on the definition of "IDENTIFY," as this definition

5    mirrors in large part language that DC employed in its own discovery requests.

6    Defendants previously objected to this same language in DC's requests as

7    impermissibly overbroad.  Based on defendants' tacit acknowledgement that DC's

8    use of this term is proper, DC will answer this discovery and has confirmed with

9    defendants that they will do the same.

10        Subject to and without waiving the foregoing objections, DC responds as

11    follows:

12        DC00008-12, DC00014-15, DC00094-144, DCC00006184, DCC00006188-

13    6190, DCC00006192-94, DCC00006198, DCC00006203-05, DCC00006206-07,

14    DCC00006214-15, DCC00006372-73, DCC00006375-76, DCC00006399,

15    DCC00006413-41, DCC00006448, DCC00006462, DCC00006474,

16    DCC00006477-92, DCC00006495-96, DCC00006498, DCC00006607-18,

17    DCC00006620, DCC00006629-30, DCC00006775-78, DCC00006855-56,

18    DCC00006867, DCC00006869, DCC00006872-79, DCC00008506-07,

19    DCC00057854, DCC00057855, DCC00073008, DCC00073010, DCC00073012-

20    17, WB005603, WB007959-61, WB007972, WB010169-70, WB010161-10162,

21    Q0001-07, LSL00211-12, LSL00482-86.

22        Subject to and without waiving all foregoing objections, DC refers

23    defendants' attention to its complaint and attached exhibit (Docket No. 49, Docket

24    No. 49 Ex. A), all briefing in this action—including, but not limited to, the briefing

25    and exhibits filed in connection with defendants' Rule 12 and SLAPP motions

26    (Docket Nos. 30, 30-1 to 30-5, 31, 31-1, 31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2,

27    35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to 77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4,

28    81, 89, 90, 91, 92, 93, 94, 94-1 to 94-40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100,

DC'S OBJECTIONS & RESPONSES TO
M. PEARY INTERROGATORY NOS. 1-15

**EXHIBIT 4**
**137**

1    100-1 to 100-3, 102, 102-1, 103, 103-1, 106, 107, 108, 146, 146-1 to 146-4, 147,

2    147-1 to 147-3, 148, 148-1 to 148-5, 149, 150, 151, 154, 156, 181, 182, 182-1 to

3    182-40, 183, 183-1 to 183-4, 184, 185, 186, 191, 191-1, 192, 192-1 to 192-3, 193,

4    193-1 to 193-2, 194, 195, 195-1, 196, 196-1 to 196-4, 201, 202, 203, 304, 305-1 to

5    305-59, 306 (errata), 307, 308, 312, 312-1 to 312-2, 313, 314, 314-1 to 314-3, 333,

6    333-1 to 333-3, 334, 334-1 to 334-13, 335, 338, 338-1)—and all discovery in this

7    action and the *Siegel* action (*e.g.*, DCC00000001-154435 and WB000001-

8    149488)—including, but not limited to, all deposition testimony in those cases and

9    here.  All of these sources are incorporated by reference herein.

10        Given that discovery is ongoing in this case, and expert discovery has not yet

11   begun, DC expressly reserves its right to supplement these Responses as more

12   information becomes available, and to use in discovery and at trial any information

13   omitted from these Responses as a result of mistake, inadvertence, or oversight.

14   **Interrogatory No. 12**

15        IDENTIFY any evidence that supports YOUR contention that "the Shusters

16   are estopped from disputing that the 1992 Agreement remains in full force and

17   effect, which operates to preclude the assertion of any termination right," found in

18   paragraph 117 of YOUR COMPLAINT.

19   **Response to Interrogatory No. 12**

20        DC objects to the Interrogatory to the extent that it requires DC to prove

21   through the discovery process its ultimate legal arguments related to the

22   ramifications of defendants' agreements and communications.  DC further objects

23   to this Interrogatory to the extent that it seeks information protected by the attorney-

24   client privilege, the attorney work product doctrine, or any other applicable

25   privilege or immunity.

26        DC objects to the definition of "YOUR" and will respond to that term as

27   limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC

28   objects to the use of the term "any" evidence on the ground that such request is

- 19 -

1    vague, overly broad, unduly burdensome, oppressive, and not reasonably calculated

2    to lead to the discovery of admissible evidence.  DC does not object to or withhold

3    any information based on the definition of "IDENTIFY," as this definition mirrors

4    in large part language that DC employed in its own discovery requests.  Defendants

5    previously objected to this same language in DC's requests as impermissibly

6    overbroad.  Based on defendants' tacit acknowledgement that DC's use of this term

7    is proper, DC will answer this discovery and has confirmed with defendants that

8    they will do the same.

9           Subject to and without waiving the foregoing objections, DC responds as

10   follows:

11          DC00008-12, DC00014-15, DC00094-144, DCC00000557-3336,

12   DCC00006188-6190, DCC00006192-6194, DCC00006198, DCC00006203-6205,

13   DCC00006206-6207, DCC00006214-6215, DCC00006372-6373, DCC00006375-

14   6376, DCC00006399, DCC00006413-6441, DCC00006448, DCC00006462,

15   DCC00006474, DCC00006477-6492, DCC00006495-6496, DCC00006498,

16   DCC00006607-6618, DCC00006629-6630, DCC00006775-6778, DCC00006855-

17   6856, DCC00006867, DCC00006869, DCC00006872-6879, DCC00007102-7159,

18   DCC00007183-7198, DCC00007826-7837, DCC00007990-8024, DCC00045603-

19   45626, DCC00056945-56950, DCC00057538-57550, DCC00057854,

20   DCC00073008, DCC00073010, DCC00073012-73017, DCC00089361-89365,

21   DCC00141525, WB000670-3453, WB005603, WB005709-5766, WB006588-

22   6602, WB007959-7961, WB007972, WB008050-8053, WB009991-10003,

23   WB010169-10170, WB010161-10162, PPC00001-09, IPW00001-16, Q0001-07,

24   LSL00211-212, LSL00482-486.

25          Subject to and without waiving all foregoing objections, DC refers

26   defendants' attention to its complaint and attached exhibit (Docket No. 49, Docket

27   No. 49 Ex. A), all briefing in this action—including, but not limited to, the briefing

28   and exhibits filed in connection with defendants' Rule 12 and SLAPP motions

DC'S OBJECTIONS & RESPONSES TO
M. PEARY INTERROGATORY NOS. 1-15

EXHIBIT 4
139

1   (Docket Nos. 30, 30-1 to 30-5, 31, 31-1, 31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2,

2   35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to 77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4,

3   81, 89, 90, 91, 92, 93, 94, 94-1 to 94-40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100,

4   100-1 to 100-3, 102, 102-1, 103, 103-1, 106, 107, 108, 146, 146-1 to 146-4, 147,

5   147-1 to 147-3, 148, 148-1 to 148-5, 149, 150, 151, 154, 156, 181, 182, 182-1 to

6   182-40, 183, 183-1 to 183-4, 184, 185, 186, 191, 191-1, 192, 192-1 to 192-3, 193,

7   193-1 to 193-2, 194, 195, 195-1, 196, 196-1 to 196-4, 201, 202, 203, 304, 305-1 to

8   305-59, 306 (errata), 307, 308, 312, 312-1 to 312-2, 313, 314, 314-1 to 314-3, 333,

9   333-1 to 333-3, 334, 334-1 to 334-13, 335, 338, 338-1)—and all discovery in this

10  action and the *Siegel* action (*e.g.*, DCC00000001-154435 and WB000001-

11  149488)—including, but not limited to, all deposition testimony in those cases and

12  here.  All of these sources are incorporated by reference herein.

13         Given that discovery is ongoing in this case, and expert discovery has not yet

14  begun, DC expressly reserves its right to supplement these Responses as more

15  information becomes available, and to use in discovery and at trial any information

16  omitted from these Responses as a result of mistake, inadvertence, or oversight.

17  **Interrogatory No. 13**

18         IDENTIFY any evidence that supports YOUR contention that purported

19  "omissions [in the Shuster Termination Notice] were not inadvertent, but were

20  intended to conceal material information from DC Comics, including: (a) the

21  various conflicts of interest arising from Toberoff's and his companies' significant

22  ownership interest in the Shuster Estate's and the Siegel Heirs' purported rights;

23  and (b) consent agreements that Toberoff procured limiting the Shuster and Siegel

24  Heirs' freedom to enter into agreements with DC Comics regarding those rights,"

25  found in paragraph 123 of YOUR COMPLAINT.

26  **Response to Interrogatory No. 13**

27         DC objects to the Interrogatory to the extent that it requires DC to prove

28  through the discovery process its ultimate legal arguments related to the

- 21 -

1   ramifications of defendants' agreements and communications.  DC further objects

2   to this Interrogatory to the extent that it seeks information protected by the attorney-

3   client privilege, the attorney work product doctrine, or any other applicable

4   privilege or immunity.  DC also objects to the extent the Interrogatory calls for

5   information which is not available to DC.  DC further objects to the extent this

6   Interrogatory seeks documents that defendants have refused to produce in response

7   to discovery served by DC, including but not limited to the 2008 "consent

8   agreement" defendants continue to refuse to disclose.

9       DC objects to the definition of "YOUR" and will respond to that term as

10  limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC

11  further objects to the use of the term "any" evidence on the ground that such request

12  is vague, overly broad, unduly burdensome, oppressive, and not reasonably

13  calculated to lead to the discovery of admissible evidence.  DC does not object to or

14  withhold any information based on the definition of "IDENTIFY," as this definition

15  mirrors in large part language that DC employed in its own discovery requests.

16  Defendants previously objected to this same language in DC's requests as

17  impermissibly overbroad.  Based on defendants' tacit acknowledgement that DC's

18  use of this term is proper, DC will answer this discovery and has confirmed with

19  defendants that they will do the same.

20      Subject to and without waiving the foregoing objections, DC responds as

21  follows:

22      DC00001-7, DC00014-15, DCC00000557-3336, DCC00007102-7159,

23  DCC00007183-7198, DCC00007826-7837, DCC00056945-56950, DCC00057538-

24  57550, DCC00089361-89365, DCC000141525, IPW00001-00016, PPC00001-

25  00009, WB000670-3453, WB005709-5766, WB006588-6602, WB008050-8053,

26  WB009991-10003, PPC00001-09, IPW00001-16**,** Q0001-07, LSL00211-212,

27  LSL00482-486.

28

DC'S OBJECTIONS & RESPONSES TO
M. PEARY INTERROGATORY NOS. 1-15

**EXHIBIT 4**
**141**

1    Subject to and without waiving all foregoing objections, DC refers

2    defendants' attention to its complaint and attached exhibit (Docket No. 49, Docket

3    No. 49 Ex. A), all briefing in this action—including, but not limited to, the briefing

4    and exhibits filed in connection with defendants' Rule 12 and SLAPP motions

5    (Docket Nos. 30, 30-1 to 30-5, 31, 31-1, 31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2,

6    35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to 77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4,

7    81, 89, 90, 91, 92, 93, 94, 94-1 to 94-40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100,

8    100-1 to 100-3, 102, 102-1, 103, 103-1, 106, 107, 108, 146, 146-1 to 146-4, 147,

9    147-1 to 147-3, 148, 148-1 to 148-5, 149, 150, 151, 154, 156, 181, 182, 182-1 to

10   182-40, 183, 183-1 to 183-4, 184, 185, 186, 191, 191-1, 192, 192-1 to 192-3, 193,

11   193-1 to 193-2, 194, 195, 195-1, 196, 196-1 to 196-4, 201, 202, 203, 304, 305-1 to

12   305-59, 306 (errata), 307, 308, 312, 312-1 to 312-2, 313, 314, 314-1 to 314-3, 333,

13   333-1 to 333-3, 334, 334-1 to 334-13, 335, 338, 338-1)—and all discovery in this

14   action and the *Siegel* action (*e.g.*, DCC00000001-154435 and WB000001-

15   149488)—including, but not limited to, all deposition testimony in those cases and

16   here.  All of these sources are incorporated by reference herein.

17   Given that discovery is ongoing in this case, and expert discovery has not yet

18   begun, DC expressly reserves its right to supplement these Responses as more

19   information becomes available, and to use in discovery and at trial any information

20   omitted from these Responses as a result of mistake, inadvertence, or oversight.

21   **Interrogatory No. 14**

22   IDENTIFY any evidence that supports YOUR contention that "the Shuster

23   Termination Notice … contains material misrepresentations intended to mislead the

24   courts, Copyright Office, and DC Comics—all to the detriment of DC Comics,"

25   found in paragraph 129 of YOUR COMPLAINT.

26   **Response to Interrogatory No. 14**

27   DC objects to the Interrogatory to the extent that it requires DC to prove

28   through the discovery process its ultimate legal arguments related to the

- 23 -

1   ramifications of defendants' agreements and communications.  DC further objects

2   to this Interrogatory to the extent that it seeks information protected by the attorney-

3   client privilege, the attorney work product doctrine, or any other applicable

4   privilege or immunity.  DC also objects to the extent the Interrogatory calls for

5   information which is not available to DC.  DC further objects to the extent this

6   Interrogatory seeks documents that defendants have refused to produce in response

7   to discovery served by DC, including but not limited to the 2008 "consent

8   agreement" defendants continue to refuse to disclose.

9       DC objects to the definition of "YOUR" and will respond to that term as

10  limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC

11  further objects to the use of the term "any" evidence on the ground that such request

12  is vague, overly broad, unduly burdensome, oppressive, and not reasonably

13  calculated to lead to the discovery of admissible evidence.  DC does not object to or

14  withhold any information based on the definition of "IDENTIFY," as this definition

15  mirrors in large part language that DC employed in its own discovery requests.

16  Defendants previously objected to this same language in DC's requests as

17  impermissibly overbroad.  Based on defendants' tacit acknowledgement that DC's

18  use of this term is proper, DC will answer this discovery and has confirmed with

19  defendants that they will do the same.

20      Subject to and without waiving the foregoing objections, DC responds as

21  follows:

22      DC00001-7, DC00008-12, DCC00000557-3336, DCC00004510-4520,

23  DCC00007102-7159, DCC00007147-7159, SM No. 1, DCC00007183-7198,

24  DCC00007826-7837, DCC00045557-45591, DCC00045603-45613,

25  DCC00056945-56950, DCC00057538-57550, DCC0006849-6854, DCC00089361-

26  89365, DCC000141525, DCC00141359-141364, DCC00141525, DCC00141565-

27  141572, DCC00142156-142342, IPW00001-00016, PPC00001-00009, WB000670-

28  3453, WB005709-5766, WB006588-6602, WB008050-8059, WB008305-8316,

DC'S OBJECTIONS & RESPONSES TO
M. PEARY INTERROGATORY NOS. 1-15

EXHIBIT 4
143

1   WB009991-10003, PPC00001-09, IPW00001-16, Q0001-07, LSL00211-212,

2   LSL00482-486.

3        Subject to and without waiving all foregoing objections, DC refers

4   defendants' attention to its complaint and attached exhibit (Docket No. 49, Docket

5   No. 49 Ex. A), all briefing in this action—including, but not limited to, the briefing

6   and exhibits filed in connection with defendants' Rule 12 and SLAPP motions

7   (Docket Nos. 30, 30-1 to 30-5, 31, 31-1, 31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2,

8   35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to 77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4,

9   81, 89, 90, 91, 92, 93, 94, 94-1 to 94-40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100,

10  100-1 to 100-3, 102, 102-1, 103, 103-1, 106, 107, 108, 146, 146-1 to 146-4, 147,

11  147-1 to 147-3, 148, 148-1 to 148-5, 149, 150, 151, 154, 156, 181, 182, 182-1 to

12  182-40, 183, 183-1 to 183-4, 184, 185, 186, 191, 191-1, 192, 192-1 to 192-3, 193,

13  193-1 to 193-2, 194, 195, 195-1, 196, 196-1 to 196-4, 201, 202, 203, 304, 305-1 to

14  305-59, 306 (errata), 307, 308, 312, 312-1 to 312-2, 313, 314, 314-1 to 314-3, 333,

15  333-1 to 333-3, 334, 334-1 to 334-13, 335, 338, 338-1)—and all discovery in this

16  action and the *Siegel* action (*e.g.*, DCC00000001-154435 and WB000001-

17  149488)—including, but not limited to, all deposition testimony in those cases and

18  here.  All of these sources are incorporated by reference herein.

19       Given that discovery is ongoing in this case, and expert discovery has not yet

20  begun, DC expressly reserves its right to supplement these Responses as more

21  information becomes available, and to use in discovery and at trial any information

22  omitted from these Responses as a result of mistake, inadvertence, or oversight.

23  **Interrogatory No. 15**

24       IDENTIFY any evidence that supports YOUR contention that "[i]nduced by

25  Toberoff, the Shuster Heirs also falsely disclaimed any interest in the Superboy

26  rights in the Shuster Termination Notice," found in paragraph 131 of YOUR

27  COMPLAINT.

28

DC'S OBJECTIONS & RESPONSES TO
M. PEARY INTERROGATORY NOS. 1-15

**EXHIBIT 4**

**144**

**<u>Response to Interrogatory No. 15</u>**

DC objects to the Interrogatory to the extent that it requires DC to prove through the discovery process its ultimate legal arguments related to the ramifications of defendants' agreements and communications.  DC objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity.  DC further objects to the extent this Interrogatory seeks documents that defendants have refused to produce in response to discovery served by DC, including but not limited to the 2008 "consent agreement" defendants continue to refuse to disclose.

DC objects to the definition of "YOUR" and will respond to that term as limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC objects to the use of the term "any" evidence on the ground that such request is vague, overly broad, unduly burdensome, oppressive, and not reasonably calculated to lead to the discovery of admissible evidence.  DC does not object to or withhold any information based on the definition of "IDENTIFY," as this definition mirrors in large part language that DC employed in its own discovery requests.  Defendants previously objected to this same language in DC's requests as impermissibly overbroad.  Based on defendants' tacit acknowledgement that DC's use of this term is proper, DC will answer this discovery and has confirmed with defendants that they will do the same.

Subject to and without waiving the foregoing objections, DC responds as follows:

DC00001-5, DC00008-12, DCC00000557-3336, DCC00004510-20, DCC00007102-7159, DCC00007147-7159, DCC00007183-7198, DCC00007826-7837, DCC00045557-45591, DCC00045603-45613, DCC00056945-56950, DCC00057538-57550, DCC00089361-89365, DCC000141525, DCC00142156-142342, WB000670-3453, WB005709-5766, WB006588-6602, WB008050-8053,

DC'S OBJECTIONS & RESPONSES TO
M. PEARY INTERROGATORY NOS. 1-15

**EXHIBIT 4**

**145**

1   WB008305-8316, WB009991-10003, PPC00001-09, IPW00001-16, Q0001-07,

2   LSL00211-212, LSL00482-486, SGL000003529-3237.

3          Subject to and without waiving all foregoing objections, DC refers

4   defendants' attention to its complaint and attached exhibit (Docket No. 49, Docket

5   No. 49 Ex. A), all briefing in this action—including, but not limited to, the briefing

6   and exhibits filed in connection with defendants' Rule 12 and SLAPP motions

7   (Docket Nos. 30, 30-1 to 30-5, 31, 31-1, 31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2,

8   35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to 77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4,

9   81, 89, 90, 91, 92, 93, 94, 94-1 to 94-40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100,

10  100-1 to 100-3, 102, 102-1, 103, 103-1, 106, 107, 108, 146, 146-1 to 146-4, 147,

11  147-1 to 147-3, 148, 148-1 to 148-5, 149, 150, 151, 154, 156, 181, 182, 182-1 to

12  182-40, 183, 183-1 to 183-4, 184, 185, 186, 191, 191-1, 192, 192-1 to 192-3, 193,

13  193-1 to 193-2, 194, 195, 195-1, 196, 196-1 to 196-4, 201, 202, 203, 304, 305-1 to

14  305-59, 306 (errata), 307, 308, 312, 312-1 to 312-2, 313, 314, 314-1 to 314-3, 333,

15  333-1 to 333-3, 334, 334-1 to 334-13, 335, 338, 338-1)—and all discovery in this

16  action and the *Siegel* action (*e.g.*, DCC00000001-154435 and WB000001-

17  149488)—including, but not limited to, all deposition testimony in those cases and

18  here.  All of these sources are incorporated by reference herein.

19         Given that discovery is ongoing in this case, and expert discovery has not yet

20  begun, DC expressly reserves its right to supplement these Responses as more

21  information becomes available, and to use in discovery and at trial any information

22  omitted from these Responses as a result of mistake, inadvertence, or oversight.

23         Dated:  February 17, 2012              Respectfully submitted,

24                                                      By:  /s/ Daniel M. Petrocelli

25                                                              Daniel M. Petrocelli

26                                                      Attorneys for Plaintiff DC Comics

27

28

DC'S OBJECTIONS & RESPONSES TO
M. PEARY INTERROGATORY NOS. 1-15

**EXHIBIT 4**

**146**

# EXHIBIT 5

# O'MELVENY & MYERS LLP

BEIJING

BRUSSELS

HONG KONG

LONDON

LOS ANGELES

NEWPORT BEACH

NEW YORK

1999 Avenue of the Stars, 7th Floor
Los Angeles, California  90067-6035

TELEPHONE  (310) 553-6700
FACSIMILE  (310) 246-6779
www.omm.com

SAN FRANCISCO

SHANGHAI

SILICON VALLEY

SINGAPORE

TOKYO

WASHINGTON, D.C.

March 15, 2012

OUR FILE NUMBER
905900-321

**VIA E-MAIL**

WRITER'S DIRECT DIAL
(310) 246-6707

WRITER'S E-MAIL ADDRESS
jtokoro@omm.com

Marc Toberoff
Keith Adams
Toberoff & Associates, P.C.
22337 Pacific Coast Highway #348
Malibu, CA 90265

Re:  *DC Comics v. Pacific Pictures Corp. et al.*, CV-10-3633 (ODW) (RZx)

Dear Keith:

　　We write in response to your letter of March 8, concerning DC's responses to defendant Mark Warren Peary's First Set of Interrogatories and First Set of Requests for Production of Documents.  We look forward to discussing defendants' issues with you on Friday, March 16 at 12:30 p.m.  Some of the information you request, assuming we can reach an agreement on what DC might be willing to gather, will take additional time to gather and furnish.

　　1.  <u>DC's Objections to Peary's Discovery</u>.  There is no merit to defendants' claim that DC's responses rely on general boilerplate objections.  DC specifically identified why Peary's requests were objectionable.  *E.g.,* DC's Response to Interrogatory No. 1 ("DC objects to the definition of 'YOU' as vague and overbroad and will respond to this term as limited to the relevant representatives at DC and Warner Bros. Entertainment Inc.  DC objects to the definition of 'COMMUNICATION' as overbroad to the extent it encompasses the transmission of information orally, by telephone, or through gesture. …").  In accordance with Judge Zarefsky's January 24, 2012, order, Docket No. 365 at 2, and unlike defendants' responses to DC's discovery requests, DC did not assert general objections and did not incorporate by reference such objections in its specific responses. If you have some other issue with DC's objections, please specifically identify and clarify it.

　　Further, DC pointed out that defendants previously objected to the definitions of "IDENTIFY" and "RELATE" in DC's requests as impermissibly overbroad, yet used those same terms in defendants' own requests.  Notwithstanding defendants' objections, DC responded to Peary's interrogatories and requests for production based on defendants' use of these same terms and acknowledgement that DC's use of the terms was proper.  Please confirm that defendants

**EXHIBIT 5**
**147**

O'MELVENY & MYERS LLP
March 15, 2012 - Page 2

have abandoned these objections and will supplement their previous discovery responses accordingly by no later than March 30, 2012.

2. Interrogatory Nos. 1-4. Defendants claim they are entitled to details (*i.e.*, approximate dates, subject matter, or the persons involved) concerning non-written communications between DC and Mark Warren Peary, Jean Adele Peavy, Frank Shuster, and Joseph Shuster. Defendants successfully resisted providing exactly this type of information in response to DC's interrogatories concerning the Toberoff Timeline. Docket Nos. 211, 262. Most recently, defendants refused to provide these types of details in response to DC's interrogatories to Toberoff, as set forth in our March 6, 2012, letter. Defendants cannot have it both ways.

The relationship between DC and the Shusters, moreover, has spanned more than 70 years, and DC cannot be expected to provide details for every conversation that ever occurred between them, including conversations over seven decades old. DC objected to the scope of Interrogatory Nos. 1-4 as the requests are indefinite as to time and defendants have proposed no narrowing or specific theories of relevance as to given time periods or communications. Once you do so, we will consider amending our responses or other compromises to provide you reasonable discovery that defendants may seek.

Any such agreement must be made against the backdrop of defendants' discovery responses. For example, the period covered by the U.S. Attorney's Office's investigation into the Toberoff Timeline covered a brief four-month period, yet defendants refused to provide the level of detail they now demand. If defendants agree to provide the same level of detail in their own interrogatory responses that they are now requesting from DC, DC is willing to meet and confer to come to a reasonable compromise.

Finally, DC conducted a reasonable and diligent search and investigation in responding to Peary's interrogatories, and defendants have shown no reason why DC's efforts did not comply with its discovery obligations. DC is not required by the federal rules to conduct a search of *all* documents in its possession to adequately respond to Peary's interrogatories, including documents that have no relevance to claims in this case or Superman. If you want to have a discussion about DC's search efforts, we are prepared to have one this Friday, and if the specific further details you request are appropriate and relevant, DC is willing to consider furnishing them, though we note that defendants have consistently refused to provide a similar accounting.

3. Interrogatory No. 5. Defendants suggest that DC's response to Interrogatory No. 5 is deficient because DC identified too many documents. First, defendants ignore DC's objections to the interrogatory as being vague, overbroad, and unduly burdensome. Second, Interrogatory No. 5 requests that DC identify "*all* COMMUNICATIONS" with third parties that refer to the 1992 Agreement. Peary Interrogatory No. 5. In the time allowed, DC endeavored to identify *all* responsive documents, but now defendants suggest that the "all" DC sought to provide was too much, and it was not "all" that defendants really wanted despite asking for it. DC remains willing to meet and confer on this request, if you wish to do so.

**EXHIBIT 5**
**148**

O'MELVENY & MYERS LLP
March 15, 2012 - Page 3

    4.  <u>Referencing the Responsive Record in this Case and *Siegel*.</u>  Defendants' demand that DC restrict its responses to certain interrogatories—which defendants do not identify—by limiting its reference to the record in this case and *Siegel*.  DC believes defendants are referring to DC's responses to Interrogatory Nos. 9-15, which request that DC identify "*any evidence*" that supports certain allegations in DC's complaint.  Defendants should have expected that with such a broad request, DC would identify relevant briefing and deposition testimony in this case and *Siegel*.  DC is willing to discuss this issue and narrow its responses assuming we can reach an agreement on what information DC needs to produce and that DC will not waive any arguments by limiting its responses per defendants' instructions.  It will take some additional time for DC to narrow its responses, if we do reach an agreement.

    5.  <u>Requests for Production No. 20</u>.  Defendants have made no proposal for narrowing this request, have not identified or shown how the requested documents are relevant to any claims in this case, and apparently decline DC's offer to meet and confer on this issue.  Let us know if we are misreading your letter.  If so, we remain ready and willing to discuss the issue.

    6.  <u>Requests for Production Nos. 6-8, 12, 13, 18, 19, 27-29</u>.  Defendants' complaints regarding DC's responses to Requests for Production Nos. 6-8, 12, 13, 18, 19, and 27-29 are unclear.  Defendants complain that DC's responses rely on boilerplate objections *and* reference to the entirety of the litigation record.  First, as shown above, DC has not asserted boilerplate objections to any of Peary's discovery requests and disputes defendants' mischaracterization of its responses.  Second, DC's responses to Requests for Production Nos. 6-8, 13, 18, and 19, do not reference the record in this case and in *Siegel*, but, instead, respond that DC will produce all responsive, non-privileged documents, as it has done.  Finally, as discussed in paragraph 4 above, if defendants want to narrow their requests, DC is willing to discuss narrowing its responses and references to the record in this case and in *Siegel* in response to Requests for Production Nos. 12 and 27-29, assuming we can reach a reasonable compromise on these points.

    Defendants speculate that responsive documents are being withheld by DC because of claimed "notable gaps" in the document production.  Defendants identify a single category of documents as an example of these purported "gaps": drafts of the 1992 agreement.  There is no "gap" in DC's production.  DC objected on grounds of privilege to defendants' request for drafts of the 1992 agreement and did not agree to produce such documents.  DC listed the drafts of the 1992 agreement and related documents in its privilege logs provided to defendants in *Siegel more than five years ago*, and have consistently asserted attorney-client privilege over the documents.  Defendants never once challenged those privilege designations.  Defendants have identified no other "gaps"; nor do any exist to our knowledge.

*    *    *

    As noted, we are available to meet and confer regarding DC's responses on Friday, March 16 at 12:30 p.m.—the same time we will be conferring on defendant Marc Toberoff's deficient responses to DC's second set of interrogatories.

**EXHIBIT 5**
**149**

O'MELVENY & MYERS LLP
March 15, 2012 - Page 4


       All of DC's rights and remedies are hereby reserved.

                     Very truly yours,

                     /s/ Jason H. Tokoro

                     Jason H. Tokoro
                     for O'MELVENY & MYERS LLP


cc:    Daniel M. Petrocelli, Esq.
       Matthew T. Kline, Esq.
       Richard Kendall, Esq.

**EXHIBIT 5**
**150**

# EXHIBIT 6

# TOBEROFF & ASSOCIATES, P.C.

A PROFESSIONAL CORPORATION

22337 PACIFIC COAST HIGHWAY #348

MALIBU, CALIFORNIA 90265

MARC TOBEROFF*
KEITH G. ADAMS
PABLO D. ARREDONDO*
JEFFREY R. RHOADS
NICHOLAS C. WILLIAMSON

TELEPHONE
(310) 246-3333

FACSIMILE
(310) 246-3101

kgadams@ipwla.com

\* Also admitted in New York

March 8, 2012

<u>Via E-Mail</u>

Matthew Kline
O'Melveny and Myers LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067

Re:     <u>*DC Comics v. Pacific Pictures Corp., et al.*, Case No. 10-CV-03633 ODW (RZx)</u>

Dear Matt:

Pursuant to Local Rule 37-1, we request a conference to discuss Plaintiff DC Comics' deficient Objections and Responses to Defendant Mark Warren Peary's First Set of Interrogatories and First Set of Requests for Production.  We suggest either Wednesday, March 14, or Friday, March 16.

## Boilerplate Objections

DC's responses to both the interrogatories and the requests for production improperly rely on general, boilerplate objections.  Specifically, DC makes no specific showing as to why any of the discovery is "overbroad, unduly burdensome, and oppressive," an objection made by DC in response to every single request and interrogatory.  *A Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006).  DC's blanket "vagueness" and "ambiguity" objections, also made in response to all of the requests and interrogatories, are equally insufficient.  *Marchland v. Mercy Med. Ctr.*, 22 F.3d 933, 938 (9th Cir. 1994).

## Interrogatories 1-4

Interrogatories Nos. 1-3 requested that you identify all communications between you and Mark Warren Peary, Jean Adele Peavy, and Frank Shuster.  Interrogatory No. 4 requested that DC identify all communications with Joseph Shuster regarding its rights in and to Superman.

DC's responses to all four of these requests are wholly inadequate.  With respect to all non-written communications, the responses are deficient because they lack even the most basic identifying details such as approximate dates, subject matter, or the persons involved in such

**EXHIBIT 6**
**151**

**TOBEROFF & ASSOCIATES, P.C.**

March 8, 2012
Re:      *DC Comics v. Pacific Pictures Corp.*
Page:    2 of 3

conversations.  *See Nickerman v. Remco Hydraulics, Inc.*, 2007 WL 3407437 at *3 (N.D. Cal. Nov. 13, 2007) (responses deficient where they lacked "basic specific details" such as dates). DC responded to these interrogatories with nothing more than sweeping and indefinite statements, such as the comment that "[r]epresentatives from DC, including Paul Levitz, had non-written communications … over the years."  Such a statement does nothing to identify the conversations between DC and the relevant party.

With respect to Interrogatory No. 4, DC also states that it "will ***not*** search and review every record or source of information within its possession, custody or control in an effort to locate 'all' [responsive documents]" (emphasis added).  First, DC is not entitled to unilaterally pick and choose the sources of information it reviews in response to an interrogatory; rather, DC must provide a full response based on the information in its possession.  Second, DC's response gives no indication of which "sources" or records it did or will search. Given DC's stated position, it is imperative that defendants fully understand the contours of DC's search efforts.  Accordingly, please provide a detailed description of such efforts to date, including but not limited to which "sources of information" have been searched, which have not been searched, and why.

**Interrogatory No. 5**

Interrogatory No. 5 requests that DC "[i]dentify all communications between you and any third-party that referred to the 1992 Agreement."  DC improperly cites to the entirety of the record in this action and the *Siegel* action in response to this interrogatory, a response that does not answer the request in any intelligible fashion.  This is a narrow, non-objectionable interrogatory directed at a very specific topic, and there is no basis for DC's effective failure to specifically respond.

**References to Entirety of Record**

DC's responses to defendant's interrogatories repeatedly reference the entirety of the record in this action and in *Siegel*.  This is improper and is equivalent to offering no response at all. *Landon v. Ernst & Young LLP*, 2009 U.S. Dist. LEXIS 119387, 7-8 (N.D. Cal. Dec. 2 2009) (rejecting responses that include reference to entire production in related matter); *Scaife v. Boenne*, 191 F.R.D. 590, 594 (N.D. Ind. 2000); *Walker v. Lakewood Condo. Owners Ass'n*, 186 F.R.D. 584, 587 (C.D. Cal 1999).  DC must provide responses that do not improperly reference the entirety of the records in this and the *Siegel* action.

**Request for Production No. 20**

Defendant's Request No. 20 seeks communications with third parties that refer to this lawsuit or to either of the *Siegel* cases.  It excludes communications with parties to this lawsuit and pleadings filed in this suit or any *Siegel* action.  After a string of boiler-plate objections, DC merely responds that it "agrees to meet-and-confer in an effort to reasonably narrow this Request."  However, this basic request is not objectionable, and DC provides no explanation whatsoever to support any of its routine objections.

**EXHIBIT 6**
**152**

**TOBEROFF & ASSOCIATES, P.C.**

March 8, 2012
Re:    *DC Comics v. Pacific Pictures Corp.*
Page:   3 of 3

**Request for Production Nos. 6-8, 12, 13, 18, 19, 27-29**

These requests all relate to the documents in DC's possession, custody or control that bear on the 1992 Agreement.  DC's responses to these requests again rely on insufficient boilerplate objections and improper reference to the entirety of the litigation record.  Moreover, DC's document production contains notable gaps – for example, no internal "drafts" of the 1992 Agreement were produced, even though such documents would clearly have been responsive to defendant's discovery requests.  RFP No. 6 ("All drafts of the 1992 Agreement").  In light of DC's improper responses, it is impossible for defendants to determine whether all responsive documents have been produced by DC.  Please confirm that, notwithstanding DC's improper objections, all non-privileged documents responsive to these requests have been produced, and that no documents have been withheld on the basis of DC's objections.

For the above stated reasons, defendant Peary will move to compel supplemental responses to these discovery requests in the event DC does not resolve these issues.  Please let us know if you are available to meet-and-confer on Thursday March 15, or Friday, March 16, 2012.

Nothing in this letter should be construed as a waiver or limitation of any of defendants' rights or remedies, all of which are reserved.

Very truly yours,

Keith G. Adams

**EXHIBIT 6**
**153**