Marc Toberoff (State Bar No. 188547)
  mtoberoff@ipwla.com
Keith G. Adams (State Bar No. 240497)
  kgadams@ipwla.com
Pablo D. Arredondo (State Bar No. 241142)
  parredondo@ipwla.com
David Harris (State Bar No. 255557)
  dharris@ipwla.com
TOBEROFF & ASSOCIATES, P.C.
22337 Pacific Coast Highway #348
Malibu, California 90265
Telephone:  (310) 246-3333
Fax:        (310) 246-3101

Attorneys for Defendants Mark Warren Peary, as personal representative of the Estate of Joseph Shuster, Jean Adele Peavy, and Laura Siegel Larson, individually and as personal representative of the Estate of Joanne Siegel

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION**

| | |
|---|---|
| DC COMICS,<br><br>    Plaintiff,<br><br>    vs.<br><br>PACIFIC PICTURES CORPORATION; IP WORLDWIDE, LLC; IPW, LLC; MARC TOBEROFF, an individual; MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER; JEAN ADELE PEAVY, an individual; LAURA SIEGEL LARSON, individually and as personal representative of the ESTATE OF JOANNE SIEGEL, and DOES 1-10, inclusive,<br><br>    Defendants. | Case No: CV 10-03633 ODW (RZx)<br><br>Hon. Otis D. Wright II, U.S.D.J.<br>Hon. Ralph Zarefsky, U.S.M.J.<br><br>**DEFENDANTS' OBJECTION TO DC'S NEW EVIDENCE ON SUR-REPLY RE: DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>*Declaration of Pablo Arredondo filed concurrently herewith*<br><br>Complaint filed:   May 14, 2010<br>Discovery Cutoff: None Set<br>Trial Date:       None Set<br><br>Date:  October 15, 2012*<br>Time:  1:30 p.m.<br>Place: Courtroom 11<br><br>* Taken under submission (Docket 497) |

DC has submitted an improper sur-reply, in the guise of an untimely "Response to Defendants' Objections" (Docket No. 498), that includes new argument and heretofore unproduced new evidence that DC chose not to include with its opposition, and which should be stricken in its entirety. *See* Local Rule 7-10; Schwarzer, Tashima & Wagstaffe, Federal Civil Procedure Before Trial at 12:110 (2010). Compounding its brazen violation of the rules, DC did this *after* the Court had expressly taken Defendants' Motion for Partial Summary Judgment under submission. Docket No. 497.

If the Court is inclined to consider DC's filing, it necessitates this response:

In December 2011, Defendants propounded targeted discovery aimed at whether DC had used a 1992 agreement as the basis for its chain-of-title. *See, e.g.,* Declaration of Pablo Arredondo, Ex. A at 3, 6 (requesting "[a]ll [communications] with third parties that [refer] to the 1992 Agreement" and "[a]ll [documents] that describe or explain [DC's] chain-of-title to Superman"). In response, DC confirmed that it had conducted a "comprehensive search for responsive documents" but produced *none* of the documents that it now attempts to use. *Id.*, Ex. B.

At the September 5, 2012 hearing on DC's motion for summary judgment, Defendants demonstrated that the 1992 agreement between DC Comics and Frank Shuster/Jean Peavy relating to a pension (the "1992 Agreement") did not cancel and replace DC's foundational chain-of-title to Superman. DC's chain-of-title was based on grants by Jerome Siegel and Joseph Shuster that dated back to 1938 and had been upheld in multiple court judgments. Docket 493-1 at 49:22-50:3, 50:13-17. Defendants pointed to the absurdity of DC's contention that it intended in 1992 to tear up these venerated grants and replace its chain-of-title to a billion-dollar franchise with a pension agreement with people who held no Superman rights. The Court agreed. *Id.* at 78:6-7. Defendants also noted that, prior to this litigation, DC had not argued that the 1992 Agreement revoked its key pre-1978 Superman grants. *Id.* at 74:3-13.

1
OBJECTION TO NEW EVIDENCE ON SUR-REPLY RE: DEFENDANTS MOTION FOR PARTIAL SUMMARY JUDGMENT

On September 21, 2012, DC filed a declaration of its in-house counsel Damon Bonesteel (Docket No. 491-1; the "Bonesteel Declaration") in opposition to Defendants' cross-motion for partial summary judgment. The declaration vaguely stated that "in dealing with a foreign government, Warner Bros. directly relied on the 1992 agreement as a grant by the Shuster heirs," but DC conspicuously chose not to attach the communication(s) it referred to. *Id.* ¶3. Defendants duly objected that this self-serving declaration should be excluded for violating the best evidence rule. *See* Docket No. 495-2 at 2-3; F.R.E. 1002, 1004; *Groppi v. Barham*, 157 F. App'x 10, 11-12 (9th Cir. 2005) (proper to apply "best evidence rule to exclude … declaration because [party] failed to provide the records upon which the declaration was based.")

After the Court took Defendants' motion under submission (Docket No. 497), DC improperly attempted to introduce two new documents into evidence. Docket No. 498-2 at 5-18. The first new document, dated June 12, 2006 (*id.* at 5-15), was produced only *after* DC had filed its opposition, and Defendants demanded the communication referred to in the vague Bonesteel Declaration; and even then, DC waited until two business days before Defendants' reply was due to finally produce the document. Arredondo Decl., Ex. C. The second new document, dated September 10, 2007 (Docket 498-2 at 16-18), was produced to Defendants on October 4, ***one hour*** before DC filed the document with its sur-reply. Arredondo Decl., Ex. D.

DC obviously could have included these two documents in its opposition papers, but chose not to; and DC just as obviously should have produced the documents in discovery, but secreted them. DC's "Response" attempts to explain this away, but the impropriety of DC's belated production of these letters for tactical advantage speaks for itself.[1]

---

[1] Similarly, ten days before DC filed its motion for partial summary judgment, DC suddenly produced additional letters about the 1992 Agreement, despite its earlier claims that all such documents had been produced (Arredondo Declaration Ex. E), and then relied on such letters in its motion. Docket 460-1 at 33, 460-2 at 227.

DC argues that Defendants' "best evidence" objection to the Bonesteel Declaration is "not well taken" because Defendants did not attach the belatedly-produced June 12, 2006 document to their reply papers. Docket 498 at 1. It is not Defendants' responsibility to fix DC's evidentiary problems, particularly when DC itself chose not attach the document. Nor could Defendants have authenticated DC's document – especially as DC itself has still not properly authenticated or laid a foundation for either new document. Fed. R. Evid. 602, 901.

The reason DC withheld these two documents in discovery, excluded them from its opposition, and relied instead on the self-serving declaration of its in-house counsel is clear. **Neither document stands for the proposition that the 1992 Agreement revoked and replaced DC's prior chain-of-title to Superman.** The very first paragraph of both documents expressly relies on the 1938 grant that is the foundation of DC's real chain-of-title to Superman. Docket 498-2 at 5 ¶1, 16 ¶1.

Furthermore, both documents list a May 21, 1948 consent judgment and a December 23, 1975 agreement as granting Superman "rights." Docket 498-2 at 5-6 ¶¶1, 5; 16-17 ¶¶1, 5. But this Court affirmed in a judgment that neither was a Superman grant, and DC did not appeal that ruling. *Siegel v. Warner Bros. Entertainment Inc.*, 542 F. Supp. 2d 1098, 1131-32 (C.D. Cal. 2008); Docket 478-1 ¶¶68-69. Both documents also list the failed 2001 settlement negotiations with the Siegels as a "transfer" of rights, even though this Court expressly held that such "settlement negotiations did not result in an enforceable agreement," much less a rights grant. *Siegel*, 542 F. Supp. 2d at 1139. It is therefore clear that both new documents simply list any Superman-related agreement with the Siegels or Shusters as a "grant." Neither document states, or even suggests, that the 1992 Agreement silently revoked and replaced DC's chain-of-title to Superman, as DC now argues.

In short, the new evidence DC offers is improper and objectionable on virtually every level: it was improperly withheld in discovery (Fed. R. Civ. P. 37); it was not timely filed with DC's opposition, but with an improper sur-reply (Local Rule 7-10);

it lacks foundation and authentication (Fed. R. Evid. 602, 901); and it does not even support DC's contentions.  DC may flout the rules of civil procedure, but they cannot change the facts of this case.  DC's newfound evidence should be excluded, and Defendants' motion granted.

Dated:  October 5, 2012            RESPECTFULLY SUBMITTED,

/s/ Marc Toberoff
―――――――――――――――――――
TOBEROFF & ASSOCIATES, P.C.
Attorneys for Defendants Mark Warren Peary *et al.*