Marc Toberoff (State Bar No. 188547)
  mtoberoff@ipwla.com
Keith G. Adams (State Bar No. 240497)
  kgadams@ipwla.com
Pablo D. Arredondo (State Bar No. 241142)
  parredondo@ipwla.com
David Harris (State Bar No. 255557)
  dharris@ipwla.com
TOBEROFF & ASSOCIATES, P.C.
22337 Pacific Coast Highway, #348
Malibu, California, 90265
Telephone: (310) 246-3333
Fax:       (310) 246-3101

Attorneys for Defendants Mark Warren Peary, as personal representative of the Estate of Joseph Shuster, Jean Adele Peavy and Laura Siegel Larson, individually and as personal representative of the Estate of Joanne Siegel

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| DC COMICS,<br><br>  Plaintiff,<br><br>  vs.<br><br>PACIFIC PICTURES CORPORATION; IP WORLDWIDE, LLC; IPW, LLC; MARC TOBEROFF, an individual; MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER; JEAN ADELE PEAVY, an individual; JOANNE SIEGEL, an individual; LAURA SIEGEL LARSON, an individual, and DOES 1-10, inclusive,<br><br>  Defendants. | Case No: CV 10-03633 ODW (RZx)<br><br>Hon. Otis D. Wright II, U.S.D.J.<br>Hon. Ralph Zarefsky, U.S.M.J.<br><br>**DECLARATION OF PABLO D. ARREDONDO IN SUPPORT OF DEFENDANTS' OBJECTION TO DC'S NEW EVIDENCE ON SUR-REPLY RE: DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>*Defendants' Objection filed concurrently herewith*<br><br>Complaint filed: May 14, 2010<br>Trial Date:      None Set<br><br>Date:  October 15, 2012*<br>Time:  1:30 p.m..<br>Place: Courtroom 11<br><br>* Taken under submission (Docket 497) |

## DECLARATION OF PABLO D. ARREDONDO

I, Pablo D. Arredondo, declare as follows:

1. I am an attorney at Toberoff & Associates, P.C., counsel of record for defendants Mark Warren Peary, as personal representative of the Estate of Joseph Shuster, Jean Adele Peavy, and Laura Siegel Larson, individually and as personal representative of the Estate of Joseph Shuster. I am a member in good standing of the State Bar of California and submit this declaration in support of Defendants' Objection to DC's New Evidence On Sur-Reply Re: Defendants' Motion For Partial Summary Judgment.

2. Attached hereto as Exhibit A is a true and correct copy of relevant excerpts from Plaintiff DC Comics' Responses to Defendant Mark Warren Peary's First Set of Requests For Production, dated February 17, 2012.

3. Attached hereto as Exhibit B is a true and correct copy of an email sent from Matthew Kline, counsel for plaintiff DC Comics ("DC"), to my colleague Marc Toberoff, dated July 12, 2012.

4. Attached hereto as Exhibit C is a true and correct copy of an email from Jason Tokoro, counsel for DC, to me, dated September 27, 2012.

5. Attached hereto as Exhibit D is a true and correct copy of an email sent from Jason Tokoro to Marc Toberoff, dated October 4, 2012.

6. Attached hereto as Exhibit E is a true and correct copy of an email sent from Ashley Pearson to Marc Toberoff, dated July 6, 2012.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed on October 5, 2012, in Malibu, California

Pablo D. Arredondo

DANIEL M. PETROCELLI (S.B. #097802)
  dpetrocelli@omm.com
MATTHEW T. KLINE (S.B. #211640)
  mkline@omm.com
CASSANDRA L. SETO (S.B. #246608)
  cseto@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA  90067-6035
Telephone:  (310) 553-6700
Facsimile:   (310) 246-6779

PATRICK T. PERKINS (admitted *pro hac vice*)
  pperkins@ptplaw.com
PERKINS LAW OFFICE, P.C.
1711 Route 9D
Cold Spring, NY 10516
Telephone:  (845) 265-2820
Facsimile:   (845) 265-2819

Attorneys for Plaintiff DC Comics

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DC COMICS,<br><br>           Plaintiff,<br><br>   v.<br><br>PACIFIC PICTURES CORPORATION, IP WORLDWIDE, LLC, IPW, LLC, MARC TOBEROFF, an individual, MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER, JEAN ADELE PEAVY, an individual, LAURA SIEGEL LARSON, an individual and as personal representative of the ESTATE OF JOANNE SIEGEL, and DOES 1-10, inclusive,<br><br>           Defendants. | Case No. CV 10-3633 ODW (RZx)<br><br>**PLAINTIFF DC COMICS' OBJECTIONS AND RESPONSES TO DEFENDANT MARK WARREN PEARY'S FIRST SET OF REQUESTS FOR PRODUCTION**<br><br>Hon. Otis D. Wright II<br><br>Complaint Filed:  May 14, 2010<br>Trial Date:          None Set |

PROPOUNDING PARTY:    Mark Warren Peary

RESPONDING PARTY:      DC Comics

SET NUMBER:                      One (Nos. 1-68)

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

1  *Siegel* litigations, including every news article reporting on those cases. DC further
2  objects to the Request to the extent that it seeks communications or items protected
3  by the attorney-client privilege, the attorney work product doctrine, or any other
4  applicable privilege or immunity.

5        DC objects to the definition of "YOU" and will respond to that term as
6  limited to relevant custodians of DC and Warner Bros. Entertainment Inc. DC
7  objects to the extent the Request seeks production of "all DOCUMENTS" on the
8  ground that such request is overly broad, unduly burdensome, oppressive, and not
9  reasonably calculated to lead to the discovery of admissible evidence, as the
10 definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case. As
11 used in these Responses, the phrase "all DOCUMENTS," or phrases of similar
12 import, should be understood to mean those documents DC and its counsel were
13 able to locate using reasonable diligence and reasonable judgment concerning the
14 whereabouts of such documents.

15       Subject to and without waiving all foregoing objections, DC has conducted a
16 reasonably diligent search of the documents in the possession, custody, or control
17 of relevant custodians and produces herewith by designation or otherwise all non-
18 privileged, responsive documents. Given that discovery is ongoing in this case, DC
19 expressly reserves its right to supplement these Responses, if need be, as more
20 information becomes available, and to use in discovery and at trial any information
21 omitted from these Responses as a result of mistake, inadvertence, or oversight.

22 **Request No. 12**
23       All COMMUNICATIONS with third parties that REFER to the 1992
24 AGREEMENT.

25 **Response to Request No. 12**
26       DC objects to this Request on the grounds that it is indefinite as to time and
27 not reasonably limited in scope. DC further objects to the Request to the extent that
28 it seeks the production of any item, or portion thereof, which is not reasonably

1  calculated to lead to the discovery of relevant and admissible evidence. DC further
2  objects to the Request to the extent that it seeks information protected by the
3  attorney-client privilege, the attorney work product doctrine, or any other
4  applicable privilege or immunity.
5     DC objects to the phrase "COMMUNICATIONS with third parties" as
6  overbroad, as it would include for example, all statements made to the court,
7  mediators, and to the press concerning the 1992 agreement and DC's claims in this
8  case concerning that agreement. DC objects to the definition of "YOU" as vague
9  and overbroad and will respond to this term as limited to the relevant custodians of
10 DC and Warner Bros. Entertainment Inc. DC objects to the definition of
11 "COMMUNICATION" as vague and overbroad and will respond to this term as
12 excluding any documents filed in connection with prior or ongoing litigation. DC
13 objects to the extent the Request seeks production of "all COMMUNICATIONS"
14 on the ground that such request is overly broad, unduly burdensome, oppressive,
15 and not reasonably calculated to lead to the discovery of admissible evidence. As
16 used in these Responses, the phrase "all COMMUNICATIONS," or phrases of
17 similar import, should be understood to mean those documents DC and its counsel
18 were able to locate using reasonable diligence and reasonable judgment concerning
19 the whereabouts of such documents. Such phraseology should not be construed as
20 a representation that each and every document in DC's possession has been
21 examined in connection with these Responses or any production pursuant thereto.
22    Subject to and without waiving all foregoing objections, DC refers
23 defendants' attention to its complaint and attached exhibit (Docket No. 49, Docket
24 No. 49 Ex. A), all briefing in this action—including, but not limited to, the briefing
25 and exhibits filed in connection with defendants' Rule 12 and SLAPP motions
26 (Docket Nos. 30, 30-1 to 30-5, 31, 31-1, 31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2,
27 35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to 77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4,
28 81, 89, 90, 91, 92, 93, 94, 94-1 to 94-40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100,

100-1 to 100-3, 102, 102-1, 103, 103-1, 106, 107, 108, 146, 146-1 to 146-4, 147, 147-1 to 147-3, 148, 148-1 to 148-5, 149, 150, 151, 154, 156, 181, 182, 182-1 to 182-40, 183, 183-1 to 183-4, 184, 185, 186, 191, 191-1, 192, 192-1 to 192-3, 193, 193-1 to 193-2, 194, 195, 195-1, 196, 196-1 to 196-4, 201, 202, 203, 304, 305-1 to 305-59, 306 (errata), 307, 308, 312, 312-1 to 312-2, 313, 314, 314-1 to 314-3, 333, 333-1 to 333-3, 334, 334-1 to 334-13, 335, 338, 338-1)—and all discovery in this action and the *Siegel* action (*e.g.*, DCC00000001-154435 and WB000001-149488)—including, but not limited to, all deposition testimony in those cases and here. All of these sources are incorporated by reference herein.

Subject to and without waiving all foregoing objections, DC has conducted a reasonably diligent search of the documents in the possession, custody, or control of relevant custodians and produces herewith by designation or otherwise all non-privileged, responsive documents. Given that discovery is ongoing in this case, DC expressly reserves its right to supplement these Responses, if need be, as more information becomes available, and to use in discovery and at trial any information omitted from these Responses as a result of mistake, inadvertence, or oversight.

**Request No. 13**

All COMMUNICATIONS with the United States Copyright Office that REFER to the 1992 AGREEMENT.

**Response to Request No. 13**

DC objects to this Request on the grounds that it is indefinite as to time and not reasonably limited in scope. DC further objects to the Request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence.

DC objects to the definition of "COMMUNICATION" as vague and overbroad and will respond to this term as excluding any documents filed in connection with prior or ongoing litigation. DC further objects to the extent the Request seeks production of "all COMMUNICATIONS" on the ground that such

- 14 -

DC'S OBJS. & RESPS. TO PEARY'S REQS. FOR PROD. 1-68

request is overly broad, unduly burdensome, oppressive, and not reasonably calculated to lead to the discovery of admissible evidence. As used in these Responses, the phrase "all COMMUNICATIONS," or phrases of similar import, should be understood to mean those documents DC and its counsel were able to locate using reasonable diligence and reasonable judgment concerning the whereabouts of such documents.

Subject to and without waiving all foregoing objections, DC has conducted a reasonably diligent search of the documents in the possession, custody, or control of relevant custodians and produces herewith by designation or otherwise all non-privileged, responsive documents. Given that discovery is ongoing in this case, DC expressly reserves its right to supplement these Responses, if need be, as more information becomes available, and to use in discovery and at trial any information omitted from these Responses as a result of mistake, inadvertence, or oversight.

**Request No. 14**

All DOCUMENTS that describe OR explain YOUR chain-of-title to Superman.

**Response to Request No. 14**

DC objects to this Request on the grounds that it is indefinite as to time and not reasonably limited in scope. DC further objects to the Request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence. DC further objects to the Request to the extent that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity. DC further objects to this Request on the grounds that it is compound, overbroad, burdensome and oppressive, as it could be reasonably construed to request documents created and/or produced by DC relating to the exploitation of Superman over the past roughly 75 years.

DC objects to the definition of "YOUR" and will respond to that term as limited to relevant custodians of DC and Warner Bros. Entertainment Inc. DC objects to the extent the Request seeks production of "all DOCUMENTS" on the ground that such request is overly broad, unduly burdensome, oppressive, and not reasonably calculated to lead to the discovery of admissible evidence, as the definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case. As used in these Responses, the phrase "all DOCUMENTS," or phrases of similar import, should be understood to mean those documents DC and its counsel were able to locate using reasonable diligence and reasonable judgment concerning the whereabouts of such documents. DC further objects to the phrase "describe OR explain" as overbroad, as this would include for example, news articles discussing DC's or Warner Bros. Entertainment Inc.'s copyright claims in this case or in the related *Siegel* case.

Subject to and without waiving all foregoing objections, DC has conducted a reasonably diligent search of the documents in the possession, custody, or control of relevant custodians and produces herewith by designation or otherwise all non-privileged, responsive documents. Given that discovery is ongoing in this case, DC expressly reserves its right to supplement these Responses, if need be, as more information becomes available, and to use in discovery and at trial any information omitted from these Responses as a result of mistake, inadvertence, or oversight.

**Request No. 15**

All post-1990 DOCUMENTS, other than pleadings in this lawsuit OR in the SIEGEL LITIGATIONS, that REFER to ANY of Joseph Shuster's copyright grants to YOU.

**Response to Request No. 15**

DC objects to this Request on the grounds that it is compound, overbroad, burdensome and oppressive, as it could be construed to request documents related to this litigation and the *Siegel* litigations, including news articles reporting on

- 16 -

DC'S OBJS. & RESPS. TO PEARY'S REQS. FOR PROD. 1-68

Exhibit A
7

Subject to and without waiving all foregoing objections, DC has conducted a reasonably diligent search of the documents in the possession, custody, or control of relevant custodians and produces herewith by designation or otherwise all non-privileged, responsive documents. Given that discovery is ongoing in this case, DC expressly reserves its right to supplement these Responses, if need be, as more information becomes available, and to use in discovery and at trial any information omitted from these Responses as a result of mistake, inadvertence, or oversight.

Dated: February 17, 2012

Respectfully submitted,

By: /s/ Daniel M. Petrocelli
    Daniel M. Petrocelli

Attorneys for Plaintiff DC Comics

**Pablo Arredondo**

| | |
|---|---|
| **From:** | Kline, Matthew [MKline@OMM.com] |
| **Sent:** | Thursday, July 12, 2012 10:57 AM |
| **To:** | Marc Toberoff (mtoberoff@ipwla.com) |
| **Cc:** | Petrocelli, Daniel; Seto, Cassandra; Pablo Arredondo (parredondo@ipwla.com); Richard Kendall; lbrill@kbkfirm.com; Nicholas Daum |
| **Subject:** | DC vs. Pacific Pictures: Meet and Confer on MSJ and Document Issue |

Marc,

This is to confirm our discussion yesterday concerning DC's supplemental production of July 6, 2012, which was comprised of two short letters that Jean Peavy, your client and a defendant in this matter, sent to DC several years ago.

As discussed, we came across the two documents in the past couple weeks as I was preparing the summary judgment motion we intend to file Monday. As I mentioned, while finalizing our summary judgment motion, I asked a member of our firm to run electronic searches for certain documents. One document that was found was located in a database from prior counsel to which we only recently obtained access in electronic form. The searches turned up a letter from Jean Peavy that I and others had not seen before and that was not Bates-stamped. We confirmed the letter had not previously been produced, at least in Bates-stamp form. I immediately asked our team to conduct an exhaustive review to confirm there were no other documents in this database responsive to defendants' December 13, 2011, discovery requests. That search turned up the second letter that we produced along with the first letter. I can confirm that we have conducted a good-faith, comprehensive search for responsive documents pursuant to Rule 34 and have found no other responsive documents requested by defendants in this case. It is possible, though unlikely, that there are a few documents responsive to requests in the *Siegel* case, and we will confirm that shortly, but obviously discovery is closed in that matter and the matter is on appeal.

As for the claims about DC's productions made in Laura Brill's letter of yesterday or Pablo's letters or emails on the same subject, they are false and belied by the facts above. So, too, are their false claims about DC's privilege logs and other matters, as we have many times shown, and defendants have chosen not to challenge for many months. If you wish to discuss any of these matters further, we are happy to do so.

We do hope finalize with you today or tomorrow your intentions on the three depositions discussed, as well as an agreed-upon briefing schedule on the MSJs. On the briefing, we think the July 16, July 30, August 10, August 17 schedule makes sense, but are willing to consider other proposals, or to just follow the applicable rules. On Paul Levitz's deposition, we confirm he will be deposed in New York on July 26--and we offered our New York offices to do that.

All of DC's rights are reserved.

Thanks,

Matt

*******************************************

**Matthew T. Kline**
O'Melveny & Myers LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067
Phone: (310) 246-6840
Fax: (310) 246-6779
mkline@omm.com
www.omm.com

*This message and any attached documents contain information from the law firm*

1

**Exhibit B**

**9**

## Pablo Arredondo

| | |
|---|---|
| **From:** | Tokoro, Jason [jtokoro@omm.com] |
| **Sent:** | Thursday, September 27, 2012 4:11 PM |
| **To:** | Pablo Arredondo |
| **Cc:** | Petrocelli, Daniel; Kline, Matthew; Seto, Cassandra; Pearson, Ashley; 'Marc Toberoff'; 'Keith Adams'; 'David Harris' |
| **Subject:** | RE: DC v. PPC |
| **Attachments:** | DC 00158-168.pdf |

Counsel,

Please see below correspondence sent on behalf of Daniel M. Petrocelli.

\*          \*          \*

Counsel:

Your assertions below are incorrect, as you know.  We will address them in due course.  Attached is the document Mr. Bonesteel mentioned.

Dan

---

**From:** Pablo Arredondo [mailto:parredondo@ipwla.com]
**Sent:** Tuesday, September 25, 2012 1:46 PM
**To:** Kline, Matthew
**Cc:** Petrocelli, Daniel; Seto, Cassandra; Tokoro, Jason; Pearson, Ashley; 'Marc Toberoff'; 'Keith Adams'; 'David Harris'
**Subject:** DC v. PPC

Counsel:

On Friday, September 21, 2012, DC filed a declaration of Damon Bonesteel (Dkt. No. 491-1) that purports to describe "dealing[s] with a foreign government [in which] Warner Bros. directly relied on the 1992 agreement as a grant by the Shuster heirs to DC. . . "  Id. ¶3.  DC conspicuously did not attach any documents relating to such "dealings" to Mr. Bonesteel's declaration and no such documents have been produced though they would be responsive to defendants' requests for production, including Mark Warren Peary's Requests nos. 7, 12, 14, 18, 19, 27, 29, 45, 61, and 63 served on DC on December 13, 2011.  Please produce any documents relating to the "dealings" referenced in Mr. Bonesteel's declaration.

Pablo


Pablo D. Arredondo
Toberoff & Associates, P.C.
22337 Pacific Coast Highway, #348
Malibu, California 90256
(t) 310.246.3333
(f) 310.246.3101

Exhibit C

10

## Pablo Arredondo

| | |
|---|---|
| **From:** | Tokoro, Jason [jtokoro@omm.com] |
| **Sent:** | Thursday, October 04, 2012 11:54 AM |
| **To:** | Marc Toberoff; Richard Kendall |
| **Cc:** | Petrocelli, Daniel; Kline, Matthew; Seto, Cassandra; Laura Brill; Nicholas Daum; David Harris; Pablo Arredondo; Keith Adams |
| **Subject:** | DC v. PPC |
| **Attachments:** | DC00169-DC00171.pdf |

Counsel,

Please find attached a supplemental production of documents by DC Comics, bates-labeled DC 00169-71.

Very truly yours,

**Jason H. Tokoro**
**O'Melveny & Myers LLP - Century City**
1999 Avenue of the Stars, Suite 700
Los Angeles, California  90067
Direct Dial:  (310) 246-6707
Fax:  (310) 246-6779
Email: jtokoro@omm.com

*This message and any attached documents contain information from the law firm of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*

 please consider the environment - do you really need to print this email?

1

**Exhibit D**

**11**

**Pablo Arredondo**

| | |
|---|---|
| **From:** | Pearson, Ashley [APearson@OMM.com] |
| **Sent:** | Friday, July 06, 2012 12:31 PM |
| **To:** | 'mtoberoff@ipwla.com'; Pablo Arredondo (parredondo@ipwla.com); 'rkendall@kbkfirm.com'; 'lbrill@kbkfirm.com' |
| **Cc:** | Petrocelli, Daniel; Kline, Matthew; Seto, Cassandra |
| **Subject:** | DC v. PPC |
| **Attachments:** | Letter_re_Supplemental_Production.pdf; DC 00156-57.pdf |

Counsel,

Please see the attached cover letter and supplemental production, which were hand-delivered to your offices today.

**Ashley Pearson**
**O'Melveny & Myers LLP**
1999 Avenue of the Stars, Suite 700, Los Angeles, California 90067
Telephone: 310.246.8426

*This message and any attached documents contain information from the law firm of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*