DANIEL M. PETROCELLI (S.B. #097802)
  dpetrocelli@omm.com
MATTHEW T. KLINE (S.B. #211640)
  mkline@omm.com
CASSANDRA L. SETO (S.B. #246608)
  cseto@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA  90067-6035
Telephone:  (310) 553-6700
Facsimile:   (310) 246-6779

Attorneys for Plaintiff DC Comics

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| DC COMICS, | Case No. CV 10-3633 ODW (RZx) |
|---|---|
| Plaintiff, | **DECLARATION OF DANIEL M. PETROCELLI IN SUPPORT OF DC COMICS' MOTION FOR AN EVIDENTIARY HEARING AND SANCTIONS, INCLUDING TERMINATING SANCTIONS, APPOINTMENT OF SPECIAL MASTER, AND OTHER RELIEF** |
| v. | |
| PACIFIC PICTURES CORPORATION, IP WORLDWIDE, LLC, IPW, LLC, MARC TOBEROFF, an individual, MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER, JEAN ADELE PEAVY, an individual, LAURA SIEGEL LARSON, an individual and as personal representative of the ESTATE OF JOANNE SIEGEL, and DOES 1-10, inclusive, | Hon. Otis D. Wright II |
| | **Hearing Date**:    Nov. 12, 2012 |
| Defendants. | **Hearing Time**:    1:30 p.m. |
| | **Courtroom**:       11 |

1

## TABLE OF CONTENTS

| Exhibit | Description | Page |
|---------|-------------|------|
| 1 | June 5 through June 18, 2012 email chain between counsel for DC and counsel for defendants. | 25 |
| 2 | Letter from Daniel M. Petrocelli to Marc Toberoff and Richard Kendall dated July 2, 2012. | 34 |
| 3 | Letter from Laura Brill to Mr. Petrocelli dated July 11, 2012. | 46 |
| 4 | Letter from Mr. Kendall to Matthew T. Kline dated July 20, 2012. | 57 |
| 5 | Letter from Mr. Kline to Mr. Kendall dated August 7, 2012. | 62 |
| 6 | August 7 through August 10, 2012 email chain between Jason H. Tokoro and Nicholas Daum. | 89 |
| 7 | Letter from Mr. Kendall to Mr. Kline dated August 24, 2012. | 91 |
| 8 | Letter from Mr. Kline to Mr. Kendall dated August 30, 2012. | 101 |
| 9 | Letter from Mr. Kendall to Mr. Kline dated September 4, 2012. | 104 |
| 10 | Letter from Mr. Kline to Mr. Kendall dated September 14, 2012. | 113 |
| 11 | Letter from Keith Adams to Mr. Kline dated October 3, 2012. | 114 |
| 12 | June 21 through June 25, 2012, email chain between counsel for DC and counsel for defendants. | 122 |
| 13 | Email from Pablo Arredondo to Cassandra Seto dated June 28, 2012. | 127 |
| 14 | Letter from Mr. Kline to Mr. Toberoff and Mr. Kendall dated August 16, 2012. | 162 |
| 15 | Letter from Mr. Adams to Mr. Kline dated August 27, 2012. | 164 |
| 16 | Letter from Mr. Tokoro to Mr. Toberoff and Mr. Kendall dated August 28, 2012. | 166 |

PETROCELLI DECL. ISO DC'S
MOT. FOR EVIDENTIARY HR'G
RE DISCOVERY SANCTIONS

| Exhibit | Description | Page |
|---------|-------------|------|
| 17 | Letter from Mr. Adams to Mr. Tokoro dated September 7, 2012. | 169 |
| 18 | Letter from Mr. Tokoro to Mr. Toberoff and Mr. Kendall dated September 10, 2012. | 171 |
| 19 | Documents produced by Mr. Emanuel on September 21, 2012, bates-labeled WME 0051-176. | 172 |
| 20 | Letter from Mr. Kline to Mr. Toberoff and Gerald Berk dated August 3, 2012. | 301 |
| 21 | Letter from Mr. Toberoff to Mr. Kline dated August 11, 2011. | 306 |
| 22 | Document titled "SUPERMAN – MARC TOBEROFF TIMELINE." | 310 |
| 23 | Letter from Kevin Marks to John Schulman dated October 19, 2001. | 317 |
| 24 | Letter from John Schulman to Kevin Marks dated October 26, 2001. | 324 |
| 25 | Letter from Mr. Toberoff to Michael Siegel dated November 17, 2001. | 332 |
| 26 | Letter from Ms. Larson to Michael Siegel dated November 2, 2002. | 335 |
| 27 | Fax from Ms. Larson to Mr. Toberoff dated November 6, 2002, attached an August 9, 2002 Memorandum from Kevin S. Marks, of the law firm Gang, Tyre, Ramer & Brown, Inc., to Ms. Siegel, Ms. Larson, and Mr. Bulson, regarding "Superman." | 337 |
| 28 | Four copies of the May 13, 2003 letter from Mr. Siegel to Ms. Larson included among the Toberoff Timeline documents. | 340 |
| 29 | Fax from James R. Jackoway, of the law firm Armstrong Hirsch Jackoway Tyerman & Wertheimer, to Mr. Toberoff dated May 28, 2003, attaching a May 27, 2003 Memorandum | 348 |

PETROCELLI DECL. ISO DC'S
MOT. FOR EVIDENTIARY HR'G
RE DISCOVERY SANCTIONS

| Exhibit | Description | Page |
|---|---|---|
| | from Gerry Hemmerling to Mr. Jackoway regarding "Marc Toberoff -- Superman Rights." | |
| 30 | Fax from Mr. Jackoway to Mr. Toberoff dated May 30, 2003, attaching a May 29, 2003 Memorandum from Kurt L. Harrison to Mr. Jackoway regarding "Marc Toberoff -- Ethical Issues." | 354 |
| 31 | Nine copies of the July 5, 2003 drafts of the July 11, 2003 letter from Mr. Siegel to Ms. Larson included among the Toberoff Timeline documents. | 377 |
| 32 | Five copies of the July 11, 2003 letter from Ms. Larson to Mr. Siegel included among the Toberoff Timeline documents. | 417 |
| 33 | Complaint filed by Ms. Siegel and Ms. Larson on October 8, 2004 in *Siegel*. | 442 |
| 34 | Answer and Counterclaims Warner Bros. Entertainment Inc., *et al.*, on October 8, 2004 in *Siegel*. | 471 |
| 35 | Defendants'/Counterclaimant's First Set of Requests for the Production of Documents and Things served by Warner Bros. Entertainment Inc., *et al.*, on June 21, 2005 in *Siegel*. | 519 |
| 36 | Plaintiffs Joanne Siegel and Laura Siegel Larson's Response to Defendants'/Counterclaimant's First Set of Requests for the Production of Documents and Things served by Warner Bros. Entertainment Inc., *et al.*, on July 21, 2005 in *Siegel*. | 536 |
| 37 | Notice of Motion re: Joint Stipulation; Joint Stipulation re: Defendants' Motion to Compel Production of Documents filed on July 24, 2006 in *Siegel*. | 569 |
| 38 | Declaration of Marc Toberoff In Opposition To Defendants' Motion to Compel Production of Documents filed on July 24, 2006 in *Siegel*. | 607 |
| 39 | Supplemental Memorandum In Support of Defendants' Motion to Compel Production of Documents filed on July 31, 2006 in *Siegel*. | 611 |

PETROCELLI DECL. ISO DC'S
MOT. FOR EVIDENTIARY HR'G
RE DISCOVERY SANCTIONS

| Exhibit | Description | Page |
|---|---|---|
| 40 | Transcript of hearing on August 14, 2006 in *Siegel*. | 618 |
| 41 | Order on Defendants' Motion to Compel Production of Documents issued on August 18, 2006 in *Siegel*. | 662 |
| 42 | Melvin Banchek's Objections to Defendants' Subpoena dated August 23, 2006. | 668 |
| 43 | Don W. Bulson's Objections to Defendants' Subpoena dated August 23, 2006. | 677 |
| 44 | Marc Toberoff's Objections to Defendants' Subpoena dated August 23, 2006. | 686 |
| 45 | Subpoena in a Civil Case to Mr. Toberoff served by Warner Bros. Entertainment Inc., *et al.*, on October 19, 2006 in *Siegel*. | 691 |
| 46 | Don Bulson privilege log dated October 23, 2006. | 705 |
| 47 | Plaintiffs Joanne Siegel and Laura Siegel Larson's Memorandum of Points and Authorities in Support of Motion for Partial Summary Judgment dated April 30, 2007. | 738 |
| 48 | Joshua Ryland's letter to the Honorable Solomon Oliver dated February 18, 2008. | 812 |
| 49 | Mr. Toberoff's letter to the Honorable Solomon Oliver dated February 19, 2008. | 814 |
| 50 | Order Granting In Part and Denying In Part Plaintiffs' Motion for Partial Summary Judgment; Order Granting In Part and Denying In Part Defendants' Motion for Partial Summary Judgment issued on March 26, 2008 in *Siegel*. | 818 |
| 51 | Letter from Mr. Toberoff to David Eisen dated October 9, 2008. | 904 |
| 52 | Letter from David Eisen to the Honorable Judge Stephen G. Larson dated October 16, 2008. | 962 |
| 53 | Order Regarding Escrow Holder's October 16, 2008 Letter | 964 |

| Exhibit | Description | Page |
|---|---|---|
|  | Seeking Clarification of Court's September 26, 2008 Order, issued on December 4, 2008 in *Siegel*. |  |
| 54 | Declaration of Marc Toberoff In Opposition to Defendants' Motion to Reopen Discovery, To Compel Production of Documents, and To Compel the Further Deposition of Kevin Marks filed on March 2, 2009 in *Siegel*. | 968 |
| 55 | Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action to Don Bulson, c/o Renner Otto Boiselle & Sklar dated on May 10, 2011. | 973 |
| 56 | Letter from Joshua Ryland to Mr. Kline and Mr. Tokoro dated July 15, 2011 | 984 |
| 57 | Defendants IPW, LLC's Response to Plaintiff DC Comics' First Set of Interrogatories dated August 1, 2011. | 1028 |
| 58 | Letter from Mr. Kline to Mr. Toberoff and Gerald Berk dated August 29, 2011. | 1036 |
| 59 | Letter from Mr. Adams to Mr. Tokoro dated September 6, 2011. | 1226 |
| 60 | Letter from Mr. Toberoff to Mr. Kline dated September 8, 2011. | 1230 |
| 61 | Letter from Mr. Adams to Mr. Tokoro dated September 8, 2011. | 1230 |
| 62 | Letter from Mr. Kline to Mr. Toberoff and Gerald Berk dated September 15, 2011. | 1236 |
| 63 | Letter from Mr. Toberoff to Mr. Kline dated September 22, 2011 | 1253 |
| 64 | Principal and Response Brief of Cross-Appellants and Appellees Warner Bros. Entertainment Inc. and DC Comics filed in *Larson v. Warner Bros. Entm't Inc.*, Ninth Circuit Appeal Nos. 11-55863, 11-56034 ("*Larson* Appeal"), on | 1256 |

PETROCELLI DECL. ISO DC'S
MOT. FOR EVIDENTIARY HR'G
RE DISCOVERY SANCTIONS

| Exhibit | Description | Page |
|---|---|---|
| | March 23, 2012. | |
| 65 | Amended Opinion issued in DC Comics v. Pacific Pictures et. al., Ninth Circuit Appeal No. 11-71844, on May 10, 2012. | 1373 |
| 66 | Appellant Laura Siegel Larson's Motion To Strike Appellee's Supplemental Excerpts Of Record And Portions Of Principal And Response Brief filed in the *Larson* Appeal on May 24, 2012. | 1392 |
| 67 | Opposition to Motion to Strike and, In the Alternative, Motion for Judicial Notice filed in the *Larson* Appeal on June 6, 2012. | 1412 |
| 68 | Reply Brief of Cross-Appellants and Appellees Warner Bros. Entertainment Inc. and DC Comics filed in the *Larson* Appeal on June 19, 2012. | 1442 |
| 69 | Motion to Supplement the Record With the Marks Memo filed in the *Larson* Appeal on June 19, 2012. | 1478 |
| 70 | Appellant Laura Siegel Larson's Reply In Support Of Motion To Strike Appellee's Supplemental Excerpts Of Record And Portions Of Principal And Response Brief And Response To Appellee's Motion For Judicial Notice filed in the *Larson* Appeal on June 21, 2012. | 1490 |
| 71 | Warner Bros. Entertainment Inc. and DC Comics' Reply In Support of Motion for Judicial Notice filed in the *Larson* Appeal on July 2, 2012. | 1531 |
| 72 | Reply In Support of Warner Bros. Entertainment Inc. and DC Comics' Motion to Supplement the Record With the Marks Memo filed in the *Larson* Appeal on July 11, 2012 | 1542 |
| 73 | Letter from Mr. Tokoro to Mr. Toberoff and Mr. Kendall dated August 30, 2012. | 1556 |
| 74 | Email chain between Mr. Tokoro and Mr. Adams dated September 6 through September 26, 2012. | 1558 |
| 75 | Ninth Circuit Notice of Hearing on November 5, 2012, for | 1561 |

PETROCELLI DECL. ISO DC'S
MOT. FOR EVIDENTIARY HR'G
RE DISCOVERY SANCTIONS

| Exhibit | Description | Page |
|---|---|---|
| | Appeal Nos. 11-56934, 11-55863, and 11-56034 dated September 10, 2012. | |
| 76 | Letter from Gerald A. Berk to Mr. Tokoro dated September 19, 2012, attaching the Estate of Michael Siegel's production of documents in response to DC's subpoena | 1569 |
| 77 | Letter from Mr. Petrocelli to Mr. Toberoff and Ms. Brill dated July, 11, 2011. | 1645 |
| 78 | Email from Aaron Hayden to counsel for defendants dated July 12, 2011. | 2003 |
| 79 | July 11 through July 18, 2011 email chain between Ms. Seto and Mr. Adams. | 2005 |
| 80 | Email from Ms. Seto to Mr. Toberoff dated July 20, 2011. | 2007 |
| 81 | Letter from Mr. Tokoro to Mr. Toberoff and Mr. Kendall dated August 17, 2012. | 2008 |
| 82 | Letter from Mr. Adams to Mr. Tokoro dated August 27, 2012. | 2356 |
| 83 | August 27 through August 28, 2012 email chain between Mr. Arredondo and Mr. Tokoro. | 2561 |
| 84 | Excerpts from the transcription of the October 7, 2006 deposition of Kevin Marks in Siegel. | 2562 |
| 85 | Excerpts from the transcription of the June 29, 2011 deposition of defendant Mark Warren Peary. | 2577 |
| 86 | Excerpts from the transcription of the July 22, 2011 deposition of defendant Laura Siegel Larson | 2588 |
| 87 | Excerpts from the transcription of the September 18, 2012, deposition of defendant Marc. Toberoff | 2604 |

## DECLARATION OF DANIEL M. PETROCELLI

I, Daniel M. Petrocelli, declare and state:

1.      I am an attorney licensed to practice in the State of California and admitted to the Central District of California.  I am a partner at O'Melveny & Myers LLP, counsel of record for plaintiff DC Comics in this case.  I am lead counsel for DC and have personal knowledge of the matters set forth in this declaration.

2.      This declaration is submitted as part of DC's Motion For An Evidentiary Hearing And Sanctions, Including Terminating Sanctions, Appointment Of Special Master, And Other Relief (the "Motion").

3.      Part I of this declaration details the parties' meet-and-confer efforts pursuant to Local Rule 7-3.  Part II discusses certain indications that defendants are continuing to withhold discoverable evidence.  Part III provides examples how defendants have blocked discovery during depositions.  Part IV authenticates documents supporting the Motion.

## I.      DC'S EFFORTS TO RESOLVE THIS DISPUTE

4.      DC raised the matters addressed in DC's motion with defendants in June 2012.  Attached hereto as Exhibit 1 is a true and correct copy of an email chain between my colleague Jason Tokoro and Richard Kendall dated June 5 through June 18, 2012.

5.      In the months that followed, the parties exchanged letters discussing the issues raised in DC's motion.  Attached hereto as Exhibits 1-11 are true and correct copy of the parties' correspondence.

6.      On July 17, 2012, DC's counsel met in-person with Mr. Kendall and his colleague, Nicholas Daum, with Mr. Toberoff participating by telephone, to discuss the defendants' discovery misconduct and DC's forthcoming motion should the parties be unable to reach a resolution.  While the parties met for more than one hour, they were unable to resolve their differences.  The parties remained at an

PETROCELLI DECL. ISO DC'S
MOT. FOR EVIDENTIARY HR'G
RE DISCOVERY SANCTIONS

impasse following the subsequent written communications among the parties,

referenced in paragraph 5.

7.     Among the issues discussed was the role of Kendall Brill & Klieger

("KBK"), counsel of record in this action for defendants Marc Toberoff, Pacific

Pictures Corporation, IP Worldwide, LLC, and IPW, LLC (the "Toberoff

defendants"), with respect to discovery proceedings in this case.  Richard Kendall

of KBK delineated the role of KBK as follows:

> [L]et me be clear about the role of [KBK] to date in this litigation … [A]s we
> have repeatedly discussed, defendants have divided the responsibilities of co-
> counsel in the matter.  While KBK has been involved in briefing key
> substantive motions and appellate issues, KBK did not handle document
> production or the preparation of privilege logs.

Ex. 7 at 91; *see also* Ex. 12 at 122 ("Mr. Toberoff has taken the lead in responding

to discovery directed at him or his affiliated companies, has argued on his own

behalf and on behalf of those companies before the Court,  and has conferred with

you many times on their behalf concerning discovery issues.  He is clearly entitled

to take such steps, as both the party who has been sued and an attorney in this

matter, and you waived any argument to the contrary (if such an argument ever

existed) many months ago."); 3 at 55 ("As we have frequently explained, and as

you and the Court have been well aware since at least 2010, Mr. Toberoff's law

firm is conducting a substantial portion of his defense in this matter, as is his right

…You have cited to no legal authority whatsoever suggesting that this division of

labor between our two law firms is inappropriate or improper.")

8.     DC expressed its view that as counsel of record for the Toberoff

defendants KBK maintained responsibility for their clients' compliance with

discovery obligations.  *See, e.g.*, Exs. 1, 2, 5.  For example, on June 13, 2012, Mr.

Tokoro wrote to KBK that:

> The law is clear.  You cannot avoid your duty to meaningfully participate in
> this case, nor can you avoid liability for the discovery misconduct of Mr.
> Toberoff, through a purported division of labor that delegates all discovery
> responsibilities to him, your client.  Recent California Court of Appeal

PETROCELLI DECL. ISO DC'S
MOT. FOR EVIDENTIARY HR'G
RE DISCOVERY SANCTIONS

authority confirms this.  In *Cole v. Patricia A. Meyer & Assocs., APC*, 2012 WL 2106364, at *14 (Cal. Ct. App. June 12, 2012), for example, the court held that though California law generally allows co-counsel to divide the duties of conducting a case, an attorney cannot avoid liability for misconduct by intentionally failing to learn about the case based on a purported division of labor.  The court reasoned that as "counsel of record"—which you and your firm are here—attorneys owe a "duty of care to their clients that encompasse[s] 'both a knowledge of the law and obligation of diligent research and informed judgment.'"  *Id.* at *13.  The court found that defendants "cannot avoid liability for malicious prosecution by claiming  to have been ignorant of" key facts in the case—even facts another attorney allegedly assumed responsibility  for.  *Id.* at *14; *see also In re Girardi*, 611 F.3d 1027, 1061-62 ("willful ignorance" of the plaintiffs' co-counsel of record in the underlying case not a defense); *In re Mitchell*, 901 F.2d 1179, 1188 (3d Cir. 1990) (division of labor among counsel does not diminish attorney's personal responsibility for complying with court rules); *Fund of Funds, Ltd. v. Arthur Anderson & Co.*, 567 F.2d 225, 234 (2d Cir. 1977) ("The principle that a lawyer cannot delegate his fiduciary duties to another in an effort to avoid its strictures or to avoid responsibility for the manner in which they are taken is settled law."); *J.M. Cleminshaw Co. v. City of Norwich*, 93 F.R.D. 338 (D. Conn. 1981) (finding attorney liable for failure of co-counsel to comply with discovery requests; "[t]he fact that an attorney may have engaged co-counsel to assist him in the conduct of a case does not relieve that counsel of record of his duty to supervise all aspects of the litigation").

Ex. 1 at 27.

9.    After DC raised its objections to the discovery misconduct raised in the Motion, the KBK firm made the following proposal:

*First*, counsel from Kendall Brill & Klieger ("KBK") will independently review each document created prior to October 8, 2004 (the date the Siegel litigation commenced) that is listed on the privilege logs submitted in this action.  If, in this independent judgment of KBK, privilege does not apply to any logged document, that document will be produced promptly to you.

*Second*, KBK will prepare amended privilege logs.  If DC Comics agrees to provide subject-matter descriptions in the privilege logs it is to submit in this action, Defendants will also provide subject-matter descriptions. … Regardless of whether or not the subject matter descriptions are included, if any logged entry fails to list any recipient of a privileged document, the logs will be appropriately amended.

*Third*, KBK will conduct a reasonable, independent search concerning documents … identified by DC that are referred to in other communications but which have not been identified and produced … and KBK will confirm to DC the records searched and the results of this search….

> *Finally*, if, in conducting this independent review, KBK discovers information suggesting that any other responsive documents exist that have not been produced or logged, such documents will be promptly produced to you.

Ex. 4 at 57-58.

10.     DC rejected this offer for three principal reasons.  First, KBK's proposal was contingent on DC forfeiting its right to seek any relief for defendants' discovery misconduct to date.  Ex. 7 at 91 (stating that "defendants are not willing to undertake the expense of paying for KBK's time … if DC is determined to make" its motion).  Second, KBK's proposal did not address the prejudice that DC has suffered to date and, indeed, denied that DC had suffered any prejudice.  *E.g.*, Ex. 9 at 105 ("Any claim of prejudice to DC from the date of production of these letters is specious.").  Third, KBK's proposal, in our view, still contemplated a limited role for KBK as counsel of record and did not assure to our satisfaction full compliance with Mr. Toberoff's discovery obligations.  For example, while KBK agreed to review or look for certain documents that Mr. Toberoff logged or that DC was otherwise able to specifically identify, KBK would not agree to conduct full searches outside this limited set of documents.  *See* Ex. 7 at 94-96.

## II.    <u>INDICATIONS THAT DISCOVERY MISCONDUCT CONTINUES</u>

11.     <u>Documents Identified in the Toberoff Timeline</u>.  The Toberoff Timeline—which led DC to the May and July 2003 drafts and letter discussed in DC's Motion, Mot. at 15-18—also references other documents that Mr. Toberoff claims do not exist.  This includes a December 16, 2002 letter from Mr. Toberoff and Mr. Emanuel to Laura and Joanne Siegel, as well as a September-October 2003 "[l]etter with Ari Emanuel in which he would receive $2.5 million flat fee for 'negotiating services,'" that has never been logged or produced.  DN 49, First Amended Complaint ("FAC") Ex. A at 64, 66; DN 160 at 71-72 & n.26; 162-9 at 577.  As he did when refusing to produce the nine copies of the July 5, 2003 draft

PETROCELLI DECL. ISO DC'S
MOT. FOR EVIDENTIARY HR'G
RE DISCOVERY SANCTIONS

letter  (which were discovered in his possession upon the court-ordered production

of the Timeline Documents in May 2012), Mot. at 18-19, Mr. Toberoff has stated

that defendants were unable to identify documents that "matched" the December 16

or September-October 2003 letters, DN 160 at 71-72 n.26.

12.    October 2, 2002 Letter.  The recently disclosed November 2, 2002

letter from Laura Siegel Larson to Michael Siegel discloses an October 2, 2002

letter from Michael to Laura that also has never been produced or logged.  DN 455-

2 at 3.  DC has asked Mr. Toberoff for the document; and, initially Mr. Toberoff

asserted the document does not exist.  Exs. 2 at 34; 3 at 48.  Recently produced (and

still heavily-redacted) billing entries for the Renner Otto firm indicate Mr. Bulson

and Michael were working on a letter at this time.  Ex. 13 at 131.  Entries on Mr.

Bulson's privilege log in this case suggest that defendants may also be withholding

drafts of this letter exchanged between Mr. Bulson and Michael (or the draft or final

version of the October 2 letter may be an attachment to a transmittal between Mr.

Bulson and Michael that does not appear on the privilege log).  Defendants refuse

to produce the letter or drafts or to provide DC with information regarding the

entries on Mr. Bulson's privilege log.  Exhibits  2-5, 7-8.  Attached hereto as

Exhibit 13 is a true and correct copy of an email from Mr. Arredondo to Ms. Seto

dated June 28, 2012, attaching the redacted Renner Otto billing entries Bates-

stamped EOMS 183-216.

13.    2011 Bulson Privilege Log.  The Bulson privilege log produced by Mr.

Toberoff in November 2011 in this case discloses over 224 documents Mr.

Toberoff did not list on the Bulson privilege log he produced in 2006 in *Siegel*.[1]

---

[1] The new privilege log entries on the 2011 "Privilege Log of Bulson Archive" are:
Entry Nos. 1-4, 7, 10, 12, 14, 16, 17, 19, 21, 22, 24-26, 28, 30, 32, 33, 35, 37, 39,
40, 42-44, 48, 49, 51, 52, 54, 55, 57, 58, 60, 61, 63, 66-73, 76, 77, 79-82, 85-94, 96,
99, 104, 106, 107, 110, 112-115, 117, 122, 123, 130, 134, 135, 137, 143, 147, 150,
152, 153, 157, 158, 160, 161, 176, 178, 186, 188, 191, 194, 200, 202, 204, 224,
231, 235, 237, 238, 240, 248, 249, 252, 253, 265, 267, 284-286, 289-292, 295, 299,
303, 305, 308, 314, 318, 321, 324, 325, 329, 332, 336, 340, 347-349, 352, 355, 361,
364-368, 370-372, 375, 376, 385-387, 396-398, 403, 405-406, 413, 428, 439, 442,
447, 458, 459, 471, 474, 484, 485, 499, 509, 512, 517, 520-537, 539, 541, 543, 545,

1    This includes a September 21, 2002 letter from Laura to Michael, identified at

2    Entry # 385 on the new Bulson log.  DN 362-2 at 311 (Entry 385), which

3    defendants still refuse to produce.  Exs. 15, 17.

4         14.    Defendants initially asserted that certain of the new entries in the 2011

5    Bulson privilege log were (1) logged multiple times to "track" their repeated

6    appearances in the electronic archive, or (2) not responsive to DC's prior requests

7    in the *Siegel* cases.  In order to assess defendants' claims, DC requested that

8    defendants identify which of the newly logged documents fell into each category.

9    Defendants refused DC's request.

10        15.    Defendants refuse to produce the documents that Mr. Toberoff listed

11   for the very first time on the 2011 Bulson privilege log.  DC successfully moved to

12   compel production of a November 17, 2001 email from Mr. Toberoff to Michael,

13   based on defendants' same failure to include that document on the 2006 Bulson

14   privilege log, DN 457, 488, and have asked defendants to produce the remainder of

15   the 224+ unlogged documents, in light of the Court's order, Exs. 14, 16, 18.

16   Defendants have rejected this request.  Exs. 15, 17.  Attached hereto as Exhibits 14-

17   18 are true and correct copies of correspondence between DC's and defendants'

18   counsel regarding the 2011 Bulson privilege log.

19        16.    Privilege Log Entries.  Defendants' privilege logs produced by Mr.

20   Toberoff in this case and in the *Siegel* case list approximately 100 faxes and

21   hundreds of emails not included among the Timeline documents.  *E.g.,* DN 162-6,

22   162-7, 163-7.  The production of the Timeline documents revealed that similar

23   entries concealed non-privileged attachments that were not produced elsewhere.

24   *E.g.*, Mot at 6-11.  Without court intervention, it is not possible to determine

25   whether defendants' privilege logs encompass other unidentified non-privileged

26   attachments or material.

27

28   547, 548, 550-561, 563-566, 568, 570, 573-584

PETROCELLI DECL. ISO DC'S
MOT. FOR EVIDENTIARY HR'G
RE DISCOVERY SANCTIONS

17.    Mr. Toberoff has not identified all recipients of withheld documents on defendants' privilege logs.  This precludes plaintiffs and the Court from ascertaining whether documents are privileged at all or whether any privilege was waived.  For example, when DC litigated whether defendants waived privilege over the Timeline documents by disclosing them to the U.S. Attorney's office ("USAO"), Mr. Toberoff did not then disclose that Ari Emanuel, DN 477-2 at 111, 134-35—a third party, who is not Mr. Toberoff's client and is no longer his business partner, Ex. 87 at 2608:19-2611:5, 2614:6-12—was also involved in the conversations with the USAO.  This fact only emerged when the documents were later produced.  Mr. Emanuel's involvement was relevant to defendants' (rejected) common-interest-privilege assertions, which DC had to spend close to a year and substantial money and resources to litigate.  DN 477-2 at 111, 134-35.  Mr. Toberoff's failure to include Mr. Emanuel on the privilege logs and in the defendants' interrogatory responses is especially troubling given that Mr. Toberoff has since admitted that he personally requested that Mr. Emanuel contact the USAO in Summer 2010.  As discussed in DC's motion, Mr. Toberoff failed to list other recipients of communications in his logs in *Siegel*, including Michael Siegel.  Mot. at 6-11.

18.    <u>Ari Emanuel Documents</u>.  A September 21, 2012, production of documents by Mr. Emanuel and his company, William Morris Endeavor, contains 51 pages of communications with Mr. Toberoff that Mr. Toberoff has not produced in this case or the *Siegel* cases, nor do such documents appear on Mr. Toberoff's privilege logs.  Ex. 19 at 172-202, 276-94.  Defendants have not explained why they did not produce or log these documents.  Attached here to as Exhibit 19 is a true and correct copy of the documents produced by Mr. Emanuel on September 21, 2012, bates-labeled WME 0051-176.

## III.    **DEFENDANTS' CONDUCT DURING DEPOSITIONS**

19.    Defendants have asserted the attorney-client privilege to bar significant areas of examination that we submit are not privileged regarding the business arrangements and activities at issue in this case.  Below is an example from defendant Mark Peary's June 29, 2011 deposition, though there are many others:

> Q.  When you signed the 2008 consent agreement, did you -- what did you understand the purpose of that agreement to be?  Why were you signing it?
> MR. TOBEROFF:  You can only answer that -- actually, I instruct you not to answer because the sole -- your sole understanding is through communications with me.
> BY MR. PETROCELLI:
> Q.  You read the document before you signed it, didn't you?
> A.  Yes, but I'll have to follow my attorney's advice.
> ….
> Q.  Are you saying that when -- when you read the document, you derived absolutely no understanding from reading the words?
> A.  My understanding is intricately bound with my communications with Marc Toberoff.
> ….
> Q.  … My question was, when you read the document are you saying that you drew no understanding at all from reading the words on the page of the document?
> A.  It's -- it's all based upon -- my understanding is intricately bound to my communications with my attorney.
> Q.  Are you saying that had you not spoken to your attorney, you would have had no idea what -- what you were signing?
> ….
> THE WITNESS:  My understanding is -- is bound up, what -- whatever I have is bound up.
> ….
> Q.  In your role as executor of the estate, is it your testimony that you have been able to -- you can't do anything or even think of anything that doesn't involve the legal advice of Marc Toberoff?
> A.  That's correct.
> ….
> Q.  ... I'm asking you in your role as … executor, you don't have any judgment or any ideas or any thoughts other than what Toberoff discusses with you.  Is that correct?
> ….
> THE WITNESS:  That's correct.

1   Ex. 85 at 2579:15-2581:17, 2584:10-2585:5.  Attached hereto as Exhibits 77-80 are

2   true and correct copies of correspondence between DC's and defendants' counsel

3   regarding Mr. Peary's deposition and defendants' objections during the deposition.

4   Attached hereto as Exhibits 81-83 are true and correct copies of correspondence

5   between DC's and defendants' counsel regarding Ms. Larson's deposition and

6   defendants' objections during the deposition.  Attached hereto as Exhibits 20-21 are

7   true and correct copies of correspondence between DC's and defendants' counsel

8   regarding Mr. Bulson's deposition and defendants' objections during the

9   deposition.

10         20.    At his own deposition, Mr. Toberoff prevented inquiry into his

11  conversations with his then business partner, Mr. Emanuel, claiming that such

12  communications were protected under either the attorney-client privilege or the

13  work-product doctrine.  Ex. 87 at 2606:10-18, 2617:5-13, 2620:7-22, 2632:3-7,

14  2634:12-19.

15         21.    DC also was precluded from inquiring about Mr. Toberoff's

16  compliance with discovery obligations in this case, further evidencing the need for

17  an evidentiary hearing:

18         Q. Have you withheld in this litigation e-mail communications with Mr.
           Emanuel on the basis of this verbal agreement -- this verbal confidentiality
19         agreement?

20         MR. KENDALL: I'm going to object to that question on the ground that I
           don't think it's proper for you to ask questions in this deposition about Mr.
21         Toberoff's actions or decisions in his capacity as counsel for his clients or as
           -- in his capacity as counsel for and his firm's counsel for himself and the
22         Toberoff entities.

23         So I think you're free to ask questions that you would normally ask of a lay
           witness but not about the discovery process.
24
           Q. Have you – I'm not going to respond other than to have you understand
25         that when I don't respond, it doesn't mean I agree.
26
    Ex. 87 at 2623:10-2624:3.
27

28
                                            PETROCELLI DECL. ISO DC'S
                                            MOT. FOR EVIDENTIARY HR'G
                                            RE DISCOVERY SANCTIONS

## IV.    <u>ADDITIONAL MATERIALS CITED IN DC'S MOTION PAPERS</u>

22.    Attached hereto as Exhibit 22 is a true and correct copy of a document titled "SUPERMAN – MARC TOBEROFF TIMELINE."

23.    Attached hereto as Exhibit 23 is a true and correct copy of a letter from Kevin Marks to John Schulman dated October 19, 2001.

24.    Attached hereto as Exhibit 24 is a true and correct copy of a letter from John Schulman to Kevin Marks dated October 26, 2001.

25.    Attached hereto as Exhibit 25 is a true and correct copy of a letter from Mr. Toberoff to Michael Siegel dated November 17, 2001.

26.    Attached hereto as Exhibit 26 is a true and correct copy of a letter from Ms. Larson to Michael Siegel dated November 2, 2002.

27.    Attached hereto as Exhibit 27 is a true and correct copy of a fax from Ms. Larson to Mr. Toberoff dated November 6, 2002, attached an August 9, 2002 Memorandum from Kevin S. Marks, of the law firm Gang, Tyre, Ramer & Brown, Inc., to Ms. Siegel, Ms. Larson, and Mr. Bulson, regarding "Superman."

28.    Attached hereto as Exhibit 28 are true and correct copies of the four copies of the May 13, 2003 letter from Mr. Siegel to Ms. Larson included among the Toberoff Timeline documents.  They are Bates stamped Q0032-33, Q0139-40, Q0317-18, and Q0590-91.

29.    Attached hereto as Exhibit 29 is a true and correct copy of a fax from James R. Jackoway, of the law firm Armstrong Hirsch Jackoway Tyerman & Wertheimer, to Mr. Toberoff dated May 28, 2003, attaching a May 27, 2003 Memorandum from Gerry Hemmerling to Mr. Jackoway regarding "Marc Toberoff -- Superman Rights."

30.    Attached hereto as Exhibit 30 is a true and correct copy of a fax from Mr. Jackoway to Mr. Toberoff dated May 30, 2003, attaching a May 29, 2003 Memorandum from Kurt L. Harrison to Mr. Jackoway regarding "Marc Toberoff -- Ethical Issues."

31.     Attached hereto as Exhibit 31 are true and correct copies of the nine copies of the July 5, 2003 drafts of the July 11, 2003 letter from Mr. Siegel to Ms. Larson included among the Toberoff Timeline documents.  They are Bates stamped Q0141-45, Q0147-51, Q153-57, Q0319-23, Q0389-94, Q0478-82, Q0592-96, Q0661-65, and Q0750-54.

32.     Attached hereto as Exhibit 32 are true and correct copies of the five copies of the July 11, 2003 letter from Ms. Larson to Mr. Siegel included among the Toberoff Timeline documents.  They are Bates stamped Q0027-31, Q0133-37, Q0395-99, Q0484-88, and Q0756-60.

33.     Attached hereto as Exhibit 33 is a true and correct copy of the Complaint filed by Ms. Siegel and Ms. Larson on October 8, 2004 in *Siegel*.

34.     Attached hereto as Exhibit 34 is a true and correct copy of the Answer and Counterclaims Warner Bros. Entertainment Inc., *et al.*, on October 8, 2004 in *Siegel*.

35.     Attached hereto as Exhibit 35 is a true and correct copy of Defendants'/Counterclaimant's First Set of Requests for the Production of Documents and Things served by Warner Bros. Entertainment Inc., *et al.*, on June 21, 2005 in *Siegel*.

36.     Attached hereto as Exhibit 36 is a true and correct copy of Plaintiffs Joanne Siegel and Laura Siegel Larson's Response to Defendants'/Counterclaimant's First Set of Requests for the Production of Documents and Things served by Warner Bros. Entertainment Inc., *et al.*, on July 21, 2005 in *Siegel*.

37.     Attached hereto as Exhibit 37 is a true and correct copy of the Notice of Motion re: Joint Stipulation; Joint Stipulation re: Defendants' Motion to Compel Production of Documents filed on July 24, 2006 in *Siegel*.

1    38.    Attached hereto as Exhibit 38 is a true and correct copy of the

2    Declaration of Marc Toberoff In Opposition To Defendants' Motion to Compel

3    Production of Documents filed on July 24, 2006 in *Siegel*.

4    39.    Attached hereto as Exhibit 39 is a true and correct copy of the

5    Supplemental Memorandum In Support of Defendants' Motion to Compel

6    Production of Documents filed on July 31, 2006 in *Siegel*.

7    40.    Attached hereto as Exhibit 40 is a true and correct copy of the

8    transcript of hearing on August 14, 2006 in *Siegel*.

9    41.    Attached hereto as Exhibit 41 is a true and correct copy of the Order

10    on Defendants' Motion to Compel Production of Documents issued on August 18,

11    2006 in *Siegel*.

12    42.    Attached hereto as Exhibit 42 is a true and correct copy of Melvin

13    Banchek's Objections to Defendants' Subpoena dated August 23, 2006.

14    43.    Attached hereto as Exhibit 43 is a true and correct copy of Don W.

15    Bulson's Objections to Defendants' Subpoena dated August 23, 2006.

16    44.    Attached hereto as Exhibit 44 is a true and correct copy of Marc

17    Toberoff's Objections to Defendants' Subpoena dated August 23, 2006.

18    45.    Attached hereto as Exhibit 45 is a true and correct copy of the

19    Subpoena in a Civil Case to Mr. Toberoff served by Warner Bros. Entertainment

20    Inc., *et al.*, on October 19, 2006 in *Siegel*.

21    46.    Attached hereto as Exhibit 46 is a true and correct copy of the Don

22    Bulson privilege log dated October 23, 2006.

23    47.    Attached hereto as Exhibit 47 is a true and correct copy of Plaintiffs

24    Joanne Siegel and Laura Siegel Larson's Memorandum of Points and Authorities in

25    Support of Motion for Partial Summary Judgment dated April 30, 2007.

26    48.    Attached hereto as Exhibit 48 is a true and correct copy of Joshua

27    Ryland's letter to the Honorable Solomon Oliver dated February 18, 2008.

28

PETROCELLI DECL. ISO DC'S
MOT. FOR EVIDENTIARY HR'G
RE DISCOVERY SANCTIONS

49.    Attached hereto as Exhibit 49 is a true and correct copy of Mr. Toberoff's letter to the Honorable Solomon Oliver dated February 19, 2008.

50.    Attached hereto as Exhibit 50 is a true and correct copy of the Order Granting In Part and Denying In Part Plaintiffs' Motion for Partial Summary Judgment; Order Granting In Part and Denying In Part Defendants' Motion for Partial Summary Judgment issued on March 26, 2008 in *Siegel*.

51.    Attached hereto as Exhibit 51 is a true and correct copy of a letter from Mr. Toberoff to David Eisen dated October 9, 2008.

52.    Attached hereto as Exhibit 52 is a true and correct copy of a letter from David Eisen to the Honorable Judge Stephen G. Larson dated October 16, 2008.

53.    Attached hereto as Exhibit 53 is a true and correct copy of the Order Regarding Escrow Holder's October 16, 2008 Letter Seeking Clarification of Court's September 26, 2008 Order, issued on December 4, 2008 in *Siegel*.

54.    Attached hereto as Exhibit 54 is a true and correct copy of the Declaration of Marc Toberoff In Opposition to Defendants' Motion to Reopen Discovery, To Compel Production of Documents, and To Compel the Further Deposition of Kevin Marks filed on March 2, 2009 in *Siegel*.

55.    Attached hereto as Exhibit 55 is a true and correct copy of the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action to Don Bulson, c/o Renner Otto Boiselle & Sklar dated on May 10, 2011.

56.    Attached hereto as Exhibit 56 is a true and correct copy of a letter from Joshua Ryland to Mr. Kline and Mr. Tokoro dated July 15, 2011.

57.    Attached hereto as Exhibit 57 is a true and correct copy of Defendants IPW, LLC's Response to Plaintiff DC Comics' First Set of Interrogatories dated August 1, 2011.

58.    Attached hereto as Exhibit 58 is a true and correct copy of a letter from Mr. Kline to Mr. Toberoff and Gerald Berk dated August 29, 2011.

PETROCELLI DECL. ISO DC'S
MOT. FOR EVIDENTIARY HR'G
RE DISCOVERY SANCTIONS

1    59.    Attached hereto as Exhibit 59 is a true and correct copy of a letter from
2    Mr. Adams to Mr. Tokoro dated September 6, 2011.

3    60.    Attached hereto as Exhibit 60 is a true and correct copy of a letter from
4    Mr. Toberoff to Mr. Kline dated September 8, 2011.

5    61.    Attached hereto as Exhibit 61 is a true and correct copy of a letter from
6    Mr. Adams to Mr. Tokoro dated September 8, 2011.

7    62.    Attached hereto as Exhibit 62 is a true and correct copy of a letter from
8    Mr. Kline to Mr. Toberoff and Gerald Berk dated September 15, 2011.

9    63.    Attached hereto as Exhibit 63 is a true and correct copy of a letter from
10   Mr. Toberoff to Mr. Kline dated September 22, 2011.

11   64.    Attached hereto as Exhibit 64 is a true and correct copy of the
12   Principal and Response Brief of Cross-Appellants and Appellees Warner Bros.
13   Entertainment Inc. and DC Comics filed in *Larson v. Warner Bros. Entm't Inc.*,
14   Ninth Circuit Appeal Nos. 11-55863, 11-56034 ("*Larson* Appeal"), on March 23,
15   2012.

16   65.    Attached hereto as Exhibit 65 is a true and correct copy of the
17   Amended Opinion issued in *DC Comics v. Pacific Pictures et. al.,* Ninth Circuit
18   Appeal No. 11-71844, on May 10, 2012.

19   66.    Attached hereto as Exhibit 66 is a true and correct copy of Appellant
20   Laura Siegel Larson's Motion To Strike Appellee's Supplemental Excerpts Of
21   Record And Portions Of Principal And Response Brief filed in the *Larson* Appeal
22   on May 24, 2012.

23   67.    Attached hereto as Exhibit 67 is a true and correct copy of the
24   Opposition to Motion to Strike and, In the Alternative, Motion for Judicial Notice
25   filed in the *Larson* Appeal on June 6, 2012.

26   68.    Attached hereto as Exhibit 68 is a true and correct copy of the Reply
27   Brief of Cross-Appellants and Appellees Warner Bros. Entertainment Inc. and DC
28   Comics filed in the *Larson* Appeal on June 19, 2012.

PETROCELLI DECL. ISO DC'S
MOT. FOR EVIDENTIARY HR'G
RE DISCOVERY SANCTIONS

69. Attached hereto as Exhibit 69 is a true and correct copy of the Motion to Supplement the Record With the Marks Memo filed in the *Larson* Appeal on June 19, 2012.

70. Attached hereto as Exhibit 70 is a true and correct copy of Appellant Laura Siegel Larson's Reply In Support Of Motion To Strike Appellee's Supplemental Excerpts Of Record And Portions Of Principal And Response Brief And Response To Appellee's Motion For Judicial Notice filed in the *Larson* Appeal on June 21, 2012.

71. Attached hereto as Exhibit 71 is a true and correct copy of Warner Bros. Entertainment Inc. and DC Comics' Reply In Support of Motion for Judicial Notice filed in the *Larson* Appeal on July 2, 2012.

72. Attached hereto as Exhibit 72 is a true and correct copy of the Reply In Support of Warner Bros. Entertainment Inc. and DC Comics' Motion to Supplement the Record With the Marks Memo filed in the *Larson* Appeal on July 11, 2012.

73. Attached hereto as Exhibit 73 is a true and correct copy of a letter from Mr. Tokoro to Mr. Toberoff and Mr. Kendall dated August 30, 2012.

74. Attached hereto as Exhibit 74 is a true and correct copy of an email chain between Mr. Tokoro and Mr. Adams dated September 6 through September 26, 2012.

75. Attached hereto as Exhibit 75 is a true and correct copy of the Ninth Circuit Notice of Hearing on November 5, 2012, for Appeal Nos. 11-56934, 11-55863, and 11-56034 dated September 10, 2012.

76. Attached hereto as Exhibit 76 is a true and correct copy of a letter from Gerald A. Berk to Mr. Tokoro dated September 19, 2012, attaching the Estate of Michael Siegel's production of documents in response to DC's subpoena.

77. Attached hereto as Exhibit 84 is a true and correct copy of excerpts from the transcription of the October 7, 2006 deposition of Mr. Marks in *Siegel*.

1   Should the Court wish to review the transcript in its entirety, it can be found at DN
2   305-14.

3        78.    Attached hereto as Exhibit 85 is a true and correct copy of excerpts
4   from the transcription of the June 29, 2011 deposition of Mr. Peary.  Should the
5   Court wish to review the transcript in its entirety, it can be found at DN 305-37.

6        79.    Attached hereto as Exhibit 79 is a true and correct copy of excerpts
7   from the transcription of the July192, 2011 deposition of Mr. Bulson.  Should the
8   Court wish to review the transcript in its entirety, it can be found at DN 427-2 at
9   47-239.

10        80.    Attached hereto as Exhibit 86 is a true and correct copy of excerpts
11   from the transcription of the July 22, 2011 deposition of Ms. Larson.  Should the
12   Court wish to review the transcript in its entirety, it can be found at DN 305-24.

13        81.    Attached hereto as Exhibit 87 is a true and correct copy of excerpts
14   from the transcription of the September 18, 2012, deposition of Mr. Toberoff.
15   Should the Court wish to review the transcript in its entirety, it can be found at DN
16   493-1 at 31-407.

17        I declare under penalty of perjury under the laws of the State of California
18   and the United States that the foregoing is true and correct.  Executed this 10th day
19   of October, 2012, at Los Angeles, California.

20                                        /s/ Daniel M. Petrocelli
21                                       Daniel M. Petrocelli

22
23
24
25
26
27
28

- 23 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PETROCELLI DECL. ISO DC'S
MOT. FOR EVIDENTIARY HR'G
RE DISCOVERY SANCTIONS