Marc Toberoff (State Bar No. 188547)
  mtoberoff@ipwla.com
Keith G. Adams (State Bar No. 240497)
  kgadams@ipwla.com
Pablo D. Arredondo (State Bar No. 241142)
  parredondo@ipwla.com
David Harris (State Bar No. 255557)
  dharris@ipwla.com
TOBEROFF & ASSOCIATES, P.C.
22337 Pacific Coast Highway #348
Malibu, California 90265
Telephone: (310) 246-3333
Facsimile: (310) 246-3101

Attorneys for Defendants Mark Warren Peary, as personal representative of the Estate of Joseph Shuster, Jean Adele Peavy, and Laura Siegel Larson, individually and as personal representative of the Estate of Joanne Siegel

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| DC COMICS,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>PACIFIC PICTURES CORPORATION; IP WORLDWIDE, LLC; IPW, LLC; MARC TOBEROFF, an individual; MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER; JEAN ADELE PEAVY, an individual; LAURA SIEGEL LARSON, individually and as personal representative of the ESTATE OF JOANNE SIEGEL, and DOES 1-10, inclusive,<br><br>　　　　Defendants. | Case No: CV 10-03633 ODW (RZx)<br><br>Hon. Otis D. Wright II, U.S.D.J.<br>Hon. Ralph Zarefsky, U.S.M.J.<br><br>**DEFENDANTS' MOTION FOR ENTRY OF A FED. R. CIV. P. 54(b) JUDGMENT ON OCTOBER 17, 2012 ORDER GRANTING PLAINTIFF DC COMICS' FIRST AND THIRD CLAIMS, AND FOR A STAY OF REMAINING CLAIMS**<br><br>*Declaration of Keith G. Adams and [Proposed] Order filed concurrently*<br><br>Complaint filed: May 14, 2010<br>Trial Date: None Set<br><br>Date: December 17, 2012<br>Time: 1:30 p.m.<br>Place: Courtroom 11 |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on December 17, 2012, at 1:30 p.m., or as soon thereafter as counsel may be heard, in Courtroom 11 of the above-captioned Court, located at 312 N. Spring Street, Los Angeles, California, 90012, defendants Mark Warren Peary, as personal representative of the estate of Superman's co-creator Joseph Shuster, Jean Adele Peavy, and Laura Siegel Larson, individually and as personal representative of the Estate of Joanne Siegel ("Defendants"), will and hereby do move that the Court's October 17, 2012 Order (Docket No. 507; "Order") granting plaintiff DC Comics' ("DC") Motion For Partial Summary Judgment On Its First And Third Claims be entered as a judgment pursuant to Fed. R. Civ. P. 54(b) and the remaining claims stayed.

The Court's Order constitutes a "final" disposition of DC's First and Third Claims, and there is no just reason to delay entering the orders as an immediately appealable judgment with respect to such claims. Indeed, due to the distinct nature of the claims that are the subjects of the Court's order, the ability to immediately appeal the Order will increase judicial efficiency, streamline the remaining litigation, and significantly promote settlement.

Furthermore, as the merits of all of DC's remaining claims are currently before the Ninth Circuit on appeals, this case could be stayed pending the outcome of all such appeals. The merits of DC's Fourth, Fifth and Sixth Claims are currently before the Ninth Circuit in connection with Defendants' appeal of the denial of their anti-SLAPP motion. And as noted by the Court (Order at 18 n.3), DC's Second Claim is effectively before the Ninth Circuit in connection with the appeals in the closely-related case, *Siegel v. Warner Bros. Entertainment Inc.*, C.D. Cal. Case No. 04-CV-08400 ODW (RZx), Appeal Nos. 11-55863, 11-56034. If a Rule 54(b) judgment is entered, the merits of all claims will be before the Ninth Circuit.

This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on October 25, 2012. *See* Declaration of Keith Adams, Exs. A-C,

¶4. This motion is based on the attached memorandum of points and authorities, the pleadings and records on file in this action, such additional authority and argument as may be presented in any reply and at the hearing on this motion, and such other matters of which this Court may take judicial notice.

Dated: November 12, 2012

RESPECTFULLY SUBMITTED,

/s/ Marc Toberoff
Marc Toberoff

TOBEROFF & ASSOCIATES, P.C.
Attorneys for Defendants Mark Warren Peary, as personal representative of the Estate of Joseph Shuster, Jean Adele Peavy, and Laura Siegel Larson, individually and as personal representative of the Estate of Joanne Siegel

# TABLE OF CONTENTS

INTRODUCTION ........................................................................................................1

BACKGROUND ........................................................................................................2

ARGUMENT ..............................................................................................................4

I. RULE 54(b) JUDGMENTS ARE COMMONLY ENTERED AND REVIEWED WHEN CLAIMS ARE FULLY ADJUDICATED ...................4

II. THE COURT SHOULD ENTER JUDGMENT ON ITS ORDER ................5

    A. The Court's Order Fully Resolves DC's First And Third Claims ........5

        1. DC's First Claim Presents Distinct Legal And Factual Issues And Has Been Fully Resolved ..........................................5

        2. DC's Third Claim Presents Distinct Legal And Factual Issues And Has Been Fully Resolved Or Mooted By The Court's Order ........................................................................6

    B. Judicial Efficiency And Economy Strongly Support The Entry Of A Rule 54(b) Judgment ...........................................................................6

    C. DC's Reasons For Opposing Support The Entry Of Judgment ............8

III. THIS ACTION SHOULD BE STAYED PENDING APPEAL .....................9

CONCLUSION ..........................................................................................................10

APPENDIX I .............................................................................................................11

# TABLE OF AUTHORITIES

**Cases**

*Audubon Soc. of Portland v. U.S. Natural Res. Conservation Serv.*,
  2012 WL 4829189 (D. Or. Oct. 8, 2012) ................................................................ 6

*Chuman v. Wright*,
  960 F.2d 104 (9th Cir. 1992) .................................................................................. 8

*Continental Airlines, Inc. v. Goodyear Tire & Rubber Co.*,
  819 F.2d 1519 (9th Cir. 1987) ........................................................................... 4, 8

*Curtiss-Wright Corp. v. General Electric Co.*,
  446 U.S. 1 (1980) .............................................................................................. 4, 8

*De Aguilar v. AMTRAK*,
  2006 U.S. Dist. LEXIS 11187 (E.D. Cal. March 2, 2006) ................................... 10

*Dependable Highway Exp., Inc. v. Navigators Ins. Co.*,
  498 F.3d 1059 (9th Cir. 2007) ................................................................................ 9

*Doe v. University of Cal.*,
  1993 U.S. Dist. LEXIS 12876 (N.D. Cal. September 2, 1993) ........................... 10

*In re USA Commercial Mortg. Co.*,
  452 F. Appx. 715 (9th Cir. 2011) ........................................................................... 5

*Int'l Asso. of Bridge, etc. Local Union 75 v. Madison Industries, Inc.*,
  733 F.2d 656 (9th Cir. 1984) .................................................................................. 8

*James v. Price Stern Sloan, Inc.*,
  283 F.3d 1064 (9th Cir. 2002) ................................................................................ 4

*Landis v. North American Co.*,
  299 U.S. 248 (1936) ............................................................................................... 9

*Las Vegas Sands, Inc. v. Culinary Workers' Local Union # 226*,
  32 Fed. Appx. 459 (9th Cir. 2002) ......................................................................... 5

*Leyva v. Certified Grocers of California, Ltd.*,
  593 F.2d 857 (9th Cir. 1979) .................................................................................. 9

*Loral Fairchild Corp. v. Victor Co. of Japan*,
  931 F. Supp. 1044 (E.D.N.Y. 1996) ....................................................................... 8

*Matek v. Murat*,
  862 F.2d 720 (9th Cir. 1988) ................................................................................ 10

*Nat'l Ass'n of Home Builders v. Norton*,
  325 F.3d 1165 (9th Cir. 2003) ................................................................................ 5

*Newsub Magazine Services LLC v. Heartland Direct, Inc.*,
  2004 WL 524689 (N.D. Ill. Mar. 16, 2004) ........................................................... 6

*Noel v. Hall*,
   568 F.3d 743 (9th Cir. 2009) .................................................................................. 4, 8

*Roe v. City of Spokane*,
   2008 U.S. Dist. LEXIS 82528 (E.D. Wash. Oct. 16, 2008) ................................. 10

*Siegel v. Warner Bros. Entertainment Inc.*,
   542 F. Supp. 2d 1098 (C.D. Cal. 2008) .................................................................. 2

*Smith v. Columbia Gas of Ohio Group Med. Benefit Plan*,
   2010 WL 319953 (S.D. Ohio Jan. 20, 2010) .......................................................... 6

*Steel v. City of San Diego*,
   466 F. Appx. 620 (9th Cir. 2012) ............................................................................ 5

*Texaco, Inc. v. Ponsoldt*,
   939 F.2d 794 (9th Cir. 1991) .................................................................................. 4

*Whitney v. Wurtz*,
   2007 U.S. Dist. LEXIS 60077 (N.D. Cal. Aug. 16, 2007) ..................................... 8

*Wood v. GCC Bend, LLC*,
   422 F.3d 873 (9th Cir. 2005) .................................................................................. 8

**Statutes**

17 U.S.C. § 304(c) ......................................................................................................... 1

17 U.S.C. § 304(c)(6)(D) .......................................................................................... 3, 6

17 U.S.C. § 304(d) .................................................................................................... 1, 5

Fed. R. Civ. P. 54(b) .............................................................................................. *passim*

# INTRODUCTION

On October 17, 2012, this Court granted DC's motion for partial summary judgment as to its First and Third Claims, and denied Defendants' cross-motion for partial summary judgment. Docket 507 ("Order").

That Order resolved at the district court level the central issue in this litigation: whether the notice of termination filed under 17 U.S.C. § 304(d) by the estate of Joseph Shuster (the "Shuster Estate"), with an effective date of October 26, 2013 (the "Shuster Termination"), was valid. DC's First Claim requested a declaration that the Shuster Termination was ineffective, and this Court's Order held that the Shuster Termination was barred by a 1992 agreement between DC and Shuster's siblings.

In addition to the First and Third Claims decided by the Court's Order, the merits of DC's Second Claim are effectively before the Ninth Circuit in the *Larson v. Warner Bros. Entertainment Inc.* cross-appeals (the "*Siegel* Appeals"; Appeal Nos. 11-55863, 11-56034) as noted in the Order (at 18 n.3), and the merits of DC's Fourth, Fifth and Sixth Claims are also before the Ninth Circuit on appeal of the denial of Defendants' anti-SLAPP motion (the "Anti-SLAPP Appeal"; Appeal No. 11-56934). Entry of a Rule 54(b) judgment will thereby put the merits of all claims in this case squarely before the Ninth Circuit for resolution. Accordingly, if a 54(b) judgment is entered, this litigation can and should be stayed, while the Ninth Circuit decides such claims, just as this Court ordered in *Siegel* (C.D. Cal. Case No. 04-CV-08400 ODW).

The parallel *Siegel* litigation likewise centered on whether notices of termination filed by the heirs of Jerome Siegel under 17 U.S.C. § 304(c), with an effective date of April 16, 1999 (the "Siegel Termination"), were valid. On summary judgment, Judge Larson granted the Siegels' First Claim for declaratory relief that the Siegel Termination was valid. This Court then entered a Rule 54(b) judgment as to the First Claim and DC's First through Fourth Counterclaims, and duly stayed the remainder of *Siegel* (Case No. 04-CV-08400 ODW, Docket 667). The validity of the Siegel Termination is currently before the Ninth Circuit in the *Siegel* Appeals.

The validity of the parallel Siegel and Shuster Terminations is the central economic issue in these closely-related cases because it determines whether: (a) DC owes a duty to account to Laura Siegel Larson and the Shuster Estate for post-1999 (Siegel Termination) and post-2013 (Shuster Termination) exploitations of Superman; and (b) whether DC can exploit new Superman derivative works after October 26, 2013 without a license from Ms. Siegel and/or the Shuster Estate.

Therefore, just as in *Siegel,* judicial efficiency strongly supports the entry of a Rule 54(b) judgment on DC's fully-adjudicated First and Third Claims. This would allow the Ninth Circuit to adjudicate the validity of the Shuster Termination as soon as possible, along with the Siegel Termination. Those adjudications would finally determine the copyright interests recovered by the Siegel and Shuster Terminations as well as the critical post-2013 issue. In turn, this would allow DC, Ms. Siegel and the Shuster Estate to properly value their respective rights and interests, and thereby significantly enhance the prospects of settling this long-running dispute.

A Rule 54(b) judgment can and should be entered forthwith.

## BACKGROUND

The litigation between DC and the heirs of Superman's co-creators spans over eight years and three separate lawsuits. In 1997, the widow and daughter of Jerome Siegel (Superman's original writer) served termination notices seeking to recapture Mr. Siegel's copyright interest in Superman. In 2004, after years of failed negotiations with DC, the Siegel heirs brought suit seeking a declaration that the Siegel Termination was valid and entitled them to an accounting of Superman and Superboy related-profits. Case Nos. 04-8400, 04-8776. In 2008, Judge Larson granted the Siegel heirs partial summary judgment, affirming the validity of the Siegel Termination. *Siegel v. Warner Bros. Entertainment Inc.*, 542 F. Supp. 2d 1098 (C.D. Cal. 2008). Over DC's objections, this Court entered a Rule 54(b) judgment on this order, currently before the Ninth Circuit in the *Siegel* Appeals.

In November 2003, the executor of the Shuster Estate served the Shuster

Termination, which sought to recapture Joseph Shuster's copyright interest as the co-creator and illustrator of Superman. DC filed this action on May 14, 2010 (Docket 1), bringing three federal claims largely against the Shuster executor (First, Second and Third Claims) and three state-law claims largely against his and the Siegels' counsel, Marc Toberoff (Fourth, Fifth, and Sixth Claims). The most important claim by far was DC's First Claim, which sought a declaration that the Shuster Termination was ineffective. DC's Second and Third Claims, pled in the alternative to the First Claim, concerned the scope of the Shuster Termination (Second Claim), and DC's alleged right under 17 U.S.C. § 304(c)(6)(D) to exclusively negotiate the re-purchase of the Shuster Estate's recaptured copyright interests (Third Claim).

DC's three state-law claims consisted of two claims for purported tortious interference against its opposing counsel and a claim under California's unfair competition law. Defendants brought a motion to strike DC's state-law claims under California's anti-SLAPP statute, which was denied. Docket No. 337. The denial of Defendants' anti-SLAPP motion, along with the merits of DC's three state-law claims, is currently before the Ninth Circuit in the Anti-SLAPP Appeal.

On July 16, 2012, DC moved for partial summary judgment as to its First and Third Claims. Docket No. 458. On August 20, 2012, Defendants brought a cross-motion for partial summary judgment on DC's First, Second, and Third Claims. Docket No. 478. The vast majority of the parties' briefing and the entirety of their September 5, 2012 oral argument (Docket No. 489) were devoted to DC's First Claim, due to its overriding importance in this case.

On October 17, 2012, the Court ruled on the parties' cross-motions, granting partial summary judgment to DC on its First and Third Claims, and declining to rule on DC's Second Claim as effectively part of the Siegel Appeals.[1] Docket No. 507.

---

[1] As the Court agreed in its Order, DC's Second Claim "'seeks to re-litigate, and overlaps with, issues in *Siegel*'" on appeal and "'[m]uch of this claim is barred by the doctrine of issue preclusion/collateral estoppel.'" Order at 18 n.3

3
DEFENDANTS' MOTION FOR ENTRY OF FED. R. CIV. P. 54(B) JUDGMENT ON OCTOBER 17, 2012 ORDER

# ARGUMENT

## I. RULE 54(b) JUDGMENTS ARE COMMONLY ENTERED AND REVIEWED WHEN CLAIMS ARE FULLY ADJUDICATED

Fed. R. Civ. P. 54(b) provides that "[w]hen an action presents more than one claim for relief … the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Thus, Rule 54(b) allows a district court to certify orders as final and immediately appealable when they constitute "an ultimate disposition of an individual claim entered in the course of a multiple claims action" and there is "no just reason" to delay appellate review. *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 7-8 (1980). In entering judgment, courts "must take into account judicial administrative interests as well as the equities involved." *Id.* at 9.

The Ninth Circuit embraces a very "pragmatic approach [to Rule 54(b) judgments] focusing on severability [of claims] and efficient judicial administration." *Continental Airlines, Inc. v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519, 1525 (9th Cir. 1987). "[C]laims certified for appeal do not need to be separate and independent from the remaining claims, so long as resolving the claims would 'streamline the ensuing litigation.'" *Noel v. Hall*, 568 F.3d 743, 747 (9th Cir. 2009) (citations om.).

"The present trend is toward greater deference to a district court's decision to certify under Rule 54(b)." *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798 (9th Cir. 1991). "[I]ssuance of a Rule 54(b) order is a fairly routine act that is reversed only in the rarest instances." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1068 (9th Cir. 2002). In fact, since 2000, the Ninth Circuit has upheld the entry of judgment under Rule 54(b) in virtually every case that Defendants could locate. *See* Appendix I (collecting cases). Typically, the Ninth Circuit simply notes that a Rule 54(b) judgment has been entered and decides the merits of the appeal before it, approving it by implication. *Id.* (collecting cases). Out of the approximately 120 cases Defendants identified during this period, the Ninth Circuit found a Rule 54(b)

judgment improper only five times (four on purely technical grounds),[2] and upheld the entry of 54(b) judgment in every other instance.

## II.  THE COURT SHOULD ENTER JUDGMENT ON ITS ORDER

### A.  The Court's Order Fully Resolves DC's First And Third Claims

#### 1.  DC's First Claim Presents Distinct Legal And Factual Issues And Has Been Fully Resolved

DC's First Claim was fully resolved by the Court's Order. The First Claim asked for a declaration that the Shuster Termination is ineffective, and was brought only against the Shuster defendants (*i.e.*, Mark Warren Peary and Jean Adele Peavy). Docket No. 49 ("FAC") ¶106. The sole relief sought was "[a] declaration by this Court regarding the validity of the Shuster Termination Notice." FAC ¶134. The Order granted this relief, ruling that the Shuster Termination was ineffective because the pre-1978 grants it sought to terminate had been revoked and replaced by a 1992 Agreement, not subject to termination under 17 U.S.C. § 304(d). Order at 13.

In the closely-related *Siegel* case, this Court entered a Rule 54(b) judgment on the First Claim because it "fully resolved" the validity of the Siegel Termination. *Siegel*, Docket No. 667. Here, DC's First Claim as to the validity of the Shuster Termination has been fully resolved by the Court's Order, and is a "factually and legally distinct issue," easily severable from the remaining claims. *Adidas Am., Inc. v. Payless Shoesource, Inc.*, 166 Fed. Appx. 268 (9th Cir. 2006) (upholding entry of Rule 54(b) judgment).

---

[2] In these four, the trial court missed a procedural step and failed to certify that there was "no just reason for delay." *See Nat'l Ass'n of Home Builders v. Norton*, 325 F.3d 1165, 1167 (9th Cir. 2003) (the district court never made the "requisite 'express determination that there is no just reason for delay'") (quotations omitted) (later 54(b) appeal upheld at 340 F.3d 835); *Las Vegas Sands, Inc. v. Culinary Workers' Local Union # 226*, 32 Fed. Appx. 459, 460 (9th Cir. 2002) (same); *Steel v. City of San Diego*, 466 F. Appx. 620, 621 (9th Cir. 2012) (same); *In re USA Commercial Mortg. Co.*, 452 F. Appx. 715, 721 (9th Cir. 2011) (dismissing appeal where district court entered a Rule 54(b) judgment but "provided no reasoning for doing so").

### 2. DC's Third Claim Presents Distinct Legal And Factual Issues And Has Been Fully Resolved Or Mooted By The Court's Order

Like DC's First Claim, DC's Third Claim was also resolved and "GRANTED" by this Court's Order. The claim sought declaratory relief regarding DC's alleged "right" under 17 U.S.C. § 304(c)(6)(D) to exclusively negotiate with the Shuster Estate in the event the Shuster Termination was upheld. FAC ¶¶167-68.

Specifically, DC's Third Claim sought a declaration that certain agreements regarding the Shuster Termination, such as the 2001 and 2003 agreements between the Shusters and Pacific Picture Corp., were invalid because they violated DC's alleged "right" under 17 U.S.C. § 304(c)(6)(D). FAC ¶¶167-69, 192-194. The Order granted DC summary judgment on its Third Claim, ruling that "agreements purporting to grant and otherwise encumber rights covered by a (to be) terminated grant … are hereby deemed invalid." Order at 17. There is no just reason to delay bringing this issue of statutory construction before the Ninth Circuit as well.

Furthermore, because the Court granted DC's First Claim and invalidated the Shuster Termination, the Shuster Estate does not have any interests in the Superman copyright to negotiate with DC over. The Third Claim, pled in the alternative to the First Claim, is thus moot to whatever extent it was not fully adjudicated. *See Smith v. Columbia Gas of Ohio Group Med. Benefit Plan*, 2010 WL 319953, at *7 (S.D. Ohio Jan. 20, 2010) (noting that claims were "rendered moot since they were pled in the alternative to the claim on which Plaintiff was granted judgment.").[3]

**B. Judicial Efficiency And Economy Strongly Support The Entry Of A Rule 54(b) Judgment**

Entry of a 54(b) judgment will achieve the goals of judicial economy and

---

[3] *See Newsub Magazine Services LLC v. Heartland Direct, Inc.*, 2004 WL 524689, at *5 (N.D. Ill. Mar. 16, 2004) ("Because Count II is pled in the alternative to Count I, summary judgment as to liability on Count II is denied as moot."); *Audubon Soc. of Portland v. U.S. Natural Res. Conservation Serv.*, 2012 WL 4829189, at *1 (D. Or. Oct. 8, 2012) (Third Claim pled in alternative to Second Claim dismissed as moot when Defendant conceded Second Claim).

6
DEFENDANTS' MOTION FOR ENTRY OF FED. R. CIV. P. 54(B) JUDGMENT ON OCTOBER 17, 2012 ORDER

efficiency by both streamlining this litigation and promoting settlement.

***First,*** four of DC's claims (Second, Fourth, Fifth, and Sixth Claims) are already either directly on appeal before the Ninth Circuit or precluded pending the Ninth Circuit's resolution of the related *Siegel* Appeals, as this Court noted. *See* Order at 18 n.3 ("As that [Second C]laim is related to one currently on review before the Ninth Circuit, this Court declines to rule on that aspect of Defendants' motion."). The Court's Order granted summary judgment on DC's two remaining claims (First and Third Claims). Entering a 54(b) judgment on this Order will put this entire matter and all claims before the Ninth Circuit, effectively streamlining this case and helping to bring this long-running litigation to a close.

***Second,*** entry of a 54(b) judgment will dramatically increase the likelihood of a settlement. The Shuster Termination was scheduled to take effect on October 26, 2013. Absent adjudication by the Circuit of the Shuster Termination, the parties cannot effectively plan past 2013, as DC admitted on summary judgment and this Court acknowledged. *See* Docket 507 (The Court, quoting DC: "'There is a pressing need to resolve these claims now, given the imminence of the 2013 termination date.'"). If the Order is reversed and the Shuster Termination upheld, DC would be liable for copyright infringement as to all post-October 26, 2013 Superman works. This strongly weighs in favor of a 54(b) judgment and immediate Circuit review.

The resolution of DC's First Claim regarding the validity of the Shuster Termination (like the Siegels' First Claim regarding the Siegel Termination that is currently on appeal) is of far greater economic importance to the parties than any of DC's peripheral state-law claims. Absent Circuit review of the Shuster Termination, the parties cannot appropriately value this major component of their case, creating a significant impediment to settlement.

All of the above strongly militates in favor of a 54(b) judgment permitting immediate appellate review: the Shuster Termination would be resolved in a timely fashion (along with the Siegel Termination), giving all parties certainty before

October 26, 2013. Final resolution of this key issue by the Ninth Circuit would promote the speedy and efficient resolution of this entire litigation by "facilitat[ing] a settlement on the remainder of the claims." *Curtiss-Wright Corp.*, 446 U.S. at 8 n.2. *See Noel*, 568 F.3d at 747; *Continental Airlines, Inc.*, 819 F.2d at 1525.[4]

Furthermore, the Ninth Circuit's core determination of the validity or invalidity of the Shuster Termination, in conjunction with its determination of the Siegel Termination already on appeal, has the obvious potential to effectively dispose of both this case and the closely-related *Siegel* litigation.

### C. DC's Reasons For Opposing Support The Entry Of Judgment

As stated, the merits of DC's Fourth, Fifth and Sixth Claims are currently before the Ninth Circuit in the Anti-SLAPP Appeal and, accordingly, the Court presently lacks jurisdiction to determine such claims. *See Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992) (appeal on immunity issue "divests the district court of jurisdiction to proceed"). Nonetheless, DC has stated that it opposes the entry of a Rule 54(b) judgment because it wants this Court to first adjudicate, at a minimum: (a) DC's pending motion for an evidentiary hearing regarding terminating sanctions against Defendants on DC's Fifth Claim; (b) a motion for partial summary judgment on DC's Sixth Claim; (c) a motion for partial summary judgment or "short trial" on DC's Fourth Claim; (d) a motion for attorney's fees and costs as to DC's First and Third Claims;[5] and (e) a motion for summary judgment in the related but separate

---

[4] *See Whitney v. Wurtz*, 2007 U.S. Dist. LEXIS 60077, at *5 (N.D. Cal. Aug. 16, 2007) ("A settlement before trial would obviate the need for either trial on the merits or a subsequent appeal. Accordingly, this factor weighs heavily in favor of certification."); *Wood v. GCC Bend, LLC*, 422 F.3d 873, 882 n.6 (9th Cir. 2005) ("[A]s the Supreme Court suggested in *Curtiss-Wright*, in a proper case settlement prospects might outweigh piecemeal appeal concerns."); *Loral Fairchild Corp. v. Victor Co. of Japan*, 931 F. Supp. 1044, 1047 (E.D.N.Y. 1996) (granting 54(b) motion in part because "resolution of the decided [patent infringement] issues on appeal may facilitate settlement with the remaining defendants").

[5] A Rule 54(b) judgment may be entered even if there is a pending request for attorney's fees because "all attorney's fees requests are collateral to the main action. Thus, a 54(b) judgment on the merits is final and appealable even though a request for attorney's fees is unresolved." *Int'l Asso. of Bridge, etc. Local Union 75 v. Madison Industries, Inc.*, 733 F.2d 656, 659 (9th Cir. 1984).

"Superboy" litigation (Case No. 04-08776 ODW (RZx)).  *See* Declaration of Keith Adams, Exhibit C.  DC claims this can all be done "in the next few months." *Id.*

In opposition to this Court's 54(b) judgment in *Siegel*, DC tried similar delay tactics, claiming that complex accounting claims could be wrapped up in just a few months (after arguing such claims required a work-by-work analysis by a special master of thousands of Superman works).  *Siegel*, Docket 655 at 2, 10-11, 13.

In short, DC wants to delay the resolution of this case *indefinitely*, tying up this Court's limited resources with endless hearings, motions, and trials, a process that will take many months, and more likely, years.  The parties would then appeal the entire case – but the prospects for settlement would still turn on the Ninth Circuit's decision to affirm or reverse the Court's Order on the First Claim.  The much more efficient and effective path is to enter judgment on the First and Third Claims now, so that both the parties and the Court can benefit from the Ninth Circuit's decision on the central issue in this case.

### III. THIS ACTION SHOULD BE STAYED PENDING APPEAL

Just as it did in *Siegel,* this Court should stay further proceedings pending appellate resolution of a Rule 54(b) judgment, especially because the remaining Second, Fourth, Fifth and Sixth Claims are already before the Ninth Circuit in the *Siegel* Appeals and the Anti-SLAPP Appeal as set forth in Section II.B, *supra*.

District Courts possess the inherent "power to stay proceedings," which "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (citing *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936)).  *See also Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.").

9
DEFENDANTS' MOTION FOR ENTRY OF FED. R. CIV. P. 54(B) JUDGMENT ON OCTOBER 17, 2012 ORDER

"If a district court certifies claims for appeal pursuant to Rule 54(b), it should stay all proceedings on the remaining claims if the interests of efficiency and fairness are served by doing so." *Doe v. University of Cal.*, 1993 U.S. Dist. LEXIS 12876, at *5 (N.D. Cal. September 2, 1993) (citation omitted). *See also Matek v. Murat*, 862 F.2d 720, 732 n.18 (9th Cir. 1988) (affirming stay of proceedings after entry of judgment under Rule 54(b) pending the appeal); *Roe v. City of Spokane*, 2008 U.S. Dist. LEXIS 82528, at *17-18 (E.D. Wash. Oct. 16, 2008) (granting entry of judgment under Rule 54(b) and a stay where holding a trial could "waste judicial resources as well as the resources of the parties and their counsel"); *De Aguilar v. AMTRAK*, 2006 U.S. Dist. LEXIS 11187, at *9-11 (E.D. Cal. March 2, 2006) (staying proceedings pending appeal after entry of judgment under Rule 54(b)).

If this Court enters a 54(b) judgment on its Order, each of DC's Claims herein will then be before the Ninth Circuit. At that point, "efficiency and fairness" dictate that this case be stayed until such time as the Ninth Circuit has resolved such appeals.

## CONCLUSION

The resolution of DC's First and Third Claims by the Order, and the central importance of DC's First Claim, both strongly support the entry of a Rule 54(b) judgment, just as this Court did in *Siegel*. The entry of judgment will go a long way to help bring this long-running litigation to an end.

Dated: November 12, 2012            RESPECTFULLY SUBMITTED,

/s/ Marc Toberoff
_____
Marc Toberoff
TOBEROFF & ASSOCIATES, P.C.
Attorneys for Defendants Mark Warren Peary,
as personal representative of the Estate of
Joseph Shuster, Jean Adele Peavy, and Laura
Siegel Larson, individually and as personal
representative of the Estate of Joanne Siegel

# APPENDIX I

Post-January 1, 2000 cases identified by Defendants where the Ninth Circuit expressly analyzed and upheld a district court's entry of a Rule 54(b) judgment:

*U.S. Fid. & Guar. Co. v. Lee Investments LLC*, 641 F.3d 1126, 1140 (9th Cir. 2011); *Stanley v. Cullen*, 633 F.3d 852, 863-65 (9th Cir. 2011); *SEC v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1084-1085 (9th Cir. 2010); *Noel v. Hall*, 568 F.3d 743, 747 (9th Cir. 2009); *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 955 (9th Cir. 2006); *SEC v. Capital Consultants LLC*, 453 F.3d 1166, 1174 (9th Cir. 2006); *Adidas Am., Inc. v. Payless Shoesource, Inc.*, 166 Fed. Appx. 268, 270 (9th Cir. 2006); *Webster v. Woodford*, 369 F.3d 1062, 1066 (9th Cir. 2004); *Noel v. Hall*, 341 F.3d 1148, 1154 n.3 (9th Cir. 2003); *Kasdan, Simonds, McIntyre, Epstein & Martin v. World Sav. & Loan Ass'n (In re Emery)*, 317 F.3d 1064, 1068 (9th Cir. 2003); *Lovell v. Chandler*, 303 F.3d 1039, 1047 (9th Cir. 2002).

Post-January 1, 2000 cases identified by Defendants where the Ninth Circuit simply noted entry of a Rule 54(b) judgment by a district court and approved it by implication:

*Marceau v. Blackfeet Hous. Auth.*, 473 F. Appx 764 (9th Cir. 2012); *San Luis & Delta-Mendota Water Auth. v. United States*, 672 F.3d 676, 691 (9th Cir. 2012); *AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012); *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Seagate Technologies, Inc.*, 466 F. Appx 653, 654 (9th Cir. 2012); *Torres v. City of Madera*, 648 F.3d 1119, 1123 (9th Cir. 2011); *Jachetta v. United States*, 653 F.3d 898, 903 (9th Cir. 2011); *Starr v. Baca*, 652 F.3d 1202, 1205 (9th Cir. 2011); *Natural Res. Def. Council, Inc. v. County of Los Angeles*, 673 F.3d 880, 891 (9th Cir. 2011); *Lewis v. United States*, 641 F.3d 1174, 1176 (9th Cir. 2011); *Natural Res. Def. Council, Inc. v. County of Los Angeles*, 636 F.3d 1235, 1244 (9th Cir. 2011); *Starr v. Baca*, 633 F.3d 1191, 1194 (9th Cir. 2011); *Destfino v. Reiswig*, 630 F.3d 952 (9th Cir. Jan. 21, 2011); *Flores v. Emerich & Fike*, 385 Fed. Appx. 728, 730 (9th Cir. 2010); *Eichler v. Sherbin*, 2010 U.S. App. LEXIS 14480 (9th Cir. June 23, 2010); *Brown v. Dunbar*, 376 Fed. Appx. 786, 787 (9th Cir. 2010); *Francis v. United States*, 376 Fed. Appx. 792, 792-793 (9th Cir. 2010); *Sloan v. Oakland Police Dep't*, 376 Fed. Appx. 738, 740 (9th Cir. 2010); *Ra Med. Sys. v. PhotoMedex, Inc.*, 373 Fed. Appx. 784, 786 (9th Cir. 2010); *Bradlow v. Castano Group*, 365 Fed. Appx. 883, 885 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1221 (9th Cir. 2009); *McIlwain v. Or. Dep't of Revenue*, 334 Fed. Appx. 99, 100 (9th Cir. 2009); *City of Rialto v. W. Coast Loading Corp.*, 581 F.3d 865, 869 (9th Cir. 2009); *SNTL Corp. v. Ctr. Ins. Co. (In re SNTL Corp.)*, 571 F.3d 826, 834 (9th Cir. 2009); *Brookhaven Typesetting Servs. v. Adobe Sys.*, 332 Fed. Appx. 387, 389 (9th Cir. 2009); *Ileto v. Glock, Inc.*, 565 F.3d 1126, 1131 (9th Cir. 2009); *Northrop Grumman Corp. v. Factory Mut. Ins. Co.*, 563 F.3d 777, 783 (9th Cir. 2009); *Darian v. Accent Builders, Inc.*, 342 Fed. Appx. 254, 255 (9th Cir. 2009); *United States v. Rich*, 317 Fed. Appx. 630, 631 (9th Cir. 2008); *Ibrahim v. Dep't of Homeland Sec.*, 538 F.3d 1250, 1254 (9th Cir. 2008); *Northrop Grumman Corp. v. Factory Mut. Ins. Co.*, 538 F.3d 1090, 1094 (9th Cir. 2008); *United States v. Park*, 536 F.3d 1058, 1061 n.2 (9th Cir. 2008); *Rincon Band of Luiseno Mission Indians of the Rincon Reservation v. Schwarzenegger*, 290

Fed. Appx. 60, 61 (9th Cir. 2008); *Hanford Nuclear Reservation Litig. v. E.I. DuPont de Nemours & Co. (In re Hanford Nuclear Reservation Litig.)*, 534 F.3d 986, 999 (9th Cir. 2008); *Wolkowitz v. FDIC (In re Imperial Credit Indus.)*, 527 F.3d 959, 965 (9th Cir. 2008); *Torres v. City of Madera*, 524 F.3d 1053, 1055 (9th Cir. 2008); *Nat'l Wildlife Fedn v. Nat'l Marine Fisheries Serv.*, 524 F.3d 917, 927 (9th Cir. 2008); *City of Rialto v. United States DOD*, 274 Fed. Appx. 515, 516-517 (9th Cir. 2008); *Williams v. Boeing Co.*, 517 F.3d 1120, 1126 (9th Cir. 2008); *Price v. Sery*, 513 F.3d 962, 966 (9th Cir. 2008); *Harris v. Gulf Ins. Co.*, 259 Fed. Appx. 952, 953 (9th Cir. 2007); *Montalvo v. Spirit Airlines*, 508 F.3d 464, 470 (9th Cir. 2007); *Quach v. Cross*, 252 Fed. Appx. 775, 776 (9th Cir. 2007); *Holland Am. Line, Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 455 (9th Cir. 2007); *Nat'l Wildlife Fed'n v. Nat'l Marine Fisheries Serv.*, 481 F.3d 1224, 1233 (9th Cir. 2007); *Davis v. City of Las Vegas*, 478 F.3d 1048, 1053 (9th Cir. 2007); *Leonard v. City of Los Angeles*, 208 Fed. Appx. 517, 519 (9th Cir. 2006); *Wood v. Lundgren*, 205 Fed. Appx. 599, 600 (9th Cir. 2006); *DBSI/TRI IV Ltd. P'ship v. United States*, 465 F.3d 1031, 1036 (9th Cir. 2006); *Smelt v. County of Orange, California*, 447 F.3d 673, 678 (9th Cir. 2006); *Veliz v. Cintas Corp.*, 181 Fed. Appx. 621, 622 (9th Cir. 2006); *Milne v. Stephen Slesinger, Inc.*, 430 F.3d 1036, 1041 (9th Cir. 2005); *Karboau v. Lawrence*, 135 Fed. Appx. 961, 962 (9th Cir. 2005); *Menotti v. City of Seattle*, 409 F.3d 1113, 1119 (9th Cir. 2005); *Hambleton Bros. Lumber Co. v. Balkin Enters.*, 397 F.3d 1217, 1224 (9th Cir. 2005); *SEC v. Capital Consultants, LLC*, 397 F.3d 733, 737 (9th Cir. 2005); *Gausvik v. Perez*, 392 F.3d 1006, 1008-1009 (9th Cir. 2004); *Easter v. Am. West Fin.*, 381 F.3d 948, 956 (9th Cir. 2004); *MGM Studios, Inc. v. Grokster Ltd.*, 380 F.3d 1154, 1158 (9th Cir. 2004) (reversed on other grounds, 545 U.S. 913); *S. Or. Barter Fair v. Jackson County*, 372 F.3d 1128, 1133 (9th Cir. 2004); *Bay Inst. of San Francisco v. United States*, 87 Fed. Appx. 637, 639 (9th Cir. 2004); *Ileto v. Glock Inc.*, 349 F.3d 1191, 1199 (9th Cir. 2003); *City of St. Paul v. Evans*, 344 F.3d 1029, 1033 (9th Cir. Alaska 2003); *Bingham v. City of Manhattan Beach*, 341 F.3d 939, 942 (9th Cir. 2003) (overruled on other grounds, 599 F.3d 946); *Nat'l Ass'n of Home Builders v. Norton*, 340 F.3d 835, 840 (9th Cir. 2003); *McKesson HBOC, Inc. v. New York State Common Ret. Fund, Inc.*, 339 F.3d 1087, 1090 (9th Cir. 2003); *Goodell v. Eoff*, 73 Fed. Appx. 235, 236 (9th Cir. 2003); *Modahl v. County of Kern*, 61 Fed. Appx. 394, 396 (9th Cir. 2003); *Forum Ins. Co. v. Comparet*, 62 Fed. Appx. 151, 152 (9th Cir. 2003); *Porter v. Jones*, 319 F.3d 483, 489 (9th Cir. 2003); *Estate of Perez v. Jacobo*, 57 Fed. Appx. 296, 299 (9th Cir. 2003); *O'Connor v. Boeing N. Am.*, 311 F.3d 1139, 1145 (9th Cir. 2002); *Franklin v. Fox*, 312 F.3d 423, 429 (9th Cir. 2002); *Hall v. Raytheon Missile Sys. Co.*, 51 Fed. Appx. 678, 679 (9th Cir. 2002); *Medical Lab. Mgmt. Consultants v. ABC*, 306 F.3d 806, 809 (9th Cir. 2002); *EEOC v. UPS*, 306 F.3d 794, 796 (9th Cir. 2002); *San Francisco Baykeeper v. Whitman*, 297 F.3d 877, 879 (9th Cir. 2002); *Dodge v. Johnson*, 41 Fed. Appx. 138, 139 (9th Cir. 2002); *In re Hanford Nuclear Reservation Litig. v. E. I. Dupont*, 292 F.3d 1124, 1132 (9th Cir. 2002); *Everett Assocs. v. Transcon. Ins. Co.*, 35 Fed. Appx. 450, 451 (9th Cir. 2002); *Avid Identification Sys. v. Schering-Plough Corp.*, 33 Fed. Appx. 854, 855 (9th Cir. 2002); *Miranda v. Clark County*, 279 F.3d 1102, 1105 (9th Cir. 2002) (overruled on other grounds, 319 F.3d 465); *Sierra Club v. Whitman*, 268 F.3d 898, 901 (9th Cir. 2001); *Hall v. Raytheon Missile Sys. Co.*, 18 Fed. Appx. 669, 670 (9th Cir. 2001); *Lonberg v. Sanborn Theaters, Inc.*, 2001 U.S. App. LEXIS 21065 (9th Cir. Sept. 27, 2001); *Kelly v. Heron Ridge, Inc.*, 16 Fed. Appx. 695, 696 (9th Cir. 2001); *Holley v. Crank*, 258 F.3d 1127, 1133 (9th Cir. 2001) (reversed on other grounds, 537 U.S. 280); *Neilson v. Chang (in Re First T.D. & Inv. Inc.)*, 253 F.3d 520, 523 (9th Cir. 2001); *Boulder Fruit Express & Heger Organic Farm Sales v. Transp. Factoring, Inc.*, 251 F.3d 1268, 1270 (9th Cir. 2001); *Laughon v. Int'l Alliance of Theatrical Stage Emples.*, 248 F.3d 931, 934 (9th

Cir. 2001); *County of Tuolumne v. Sonora Community Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001); *Wright v. Dunbar*, 1 Fed. Appx. 656, 658 (9th Cir. 2001); *White v. Lee*, 227 F.3d 1214, 1226 (9th Cir. 2000); *McGee v. Craig*, 2000 U.S. App. LEXIS 21964, at *2-3 (9th Cir. Aug. 18, 2000); *Wright v. Riveland*, 219 F.3d 905, 911 (9th Cir. 2000); *Arab Monetary Fund v. Hashim (In re Hashim)*, 213 F.3d 1169, 1171 (9th Cir. 2000); *Gaulocher v. Arizona*, 2000 U.S. App. LEXIS 9616 (9th Cir. May 4, 2000); *Hymore v. City of Sacramento*, 2000 U.S. App. LEXIS 8995 (9th Cir. May 4, 2000); *DeBoer v. Pennington*, 206 F.3d 857, 863 (9th Cir. 2000) (vacated on other grounds, 532 U.S. 992); *Adams v. Hawaii*, 2000 U.S. App. LEXIS 3292 (9th Cir. Mar. 1, 2000).