# EXHIBIT A

1   DANIEL M. PETROCELLI (S.B. #097802)
      dpetrocelli@omm.com
2   MATTHEW T. KLINE (S.B. #211640)
      mkline@omm.com
3   CASSANDRA L. SETO (S.B. #246608)
      cseto@omm.com
4   O'MELVENY & MYERS LLP
    1999 Avenue of the Stars, 7th Floor
5   Los Angeles, CA  90067-6035
    Telephone:   (310) 553-6700
6   Facsimile:   (310) 246-6779

7   PATRICK T. PERKINS (admitted *pro hac vice*)
      pperkins@ptplaw.com
8   PERKINS LAW OFFICE, P.C.
    1711 Route 9D
9   Cold Spring, NY 10516
    Telephone:   (845) 265-2820
10  Facsimile:   (845) 265-2819

11  Attorneys for Plaintiff DC Comics

12              **UNITED STATES DISTRICT COURT**

13              **CENTRAL DISTRICT OF CALIFORNIA**

14  DC COMICS,                          | Case No. CV 10-3633 ODW (RZx)

15              Plaintiff,              | **PLAINTIFF DC COMICS' OBJECTIONS AND RESPONSES TO DEFENDANT MARK WARREN PEARY'S FIRST SET OF REQUESTS FOR PRODUCTION**

16          v.

17  PACIFIC PICTURES
    CORPORATION, IP WORLDWIDE,
18  LLC, IPW, LLC, MARC TOBEROFF,
    an individual, MARK WARREN          | Hon. Otis D. Wright II
19  PEARY, as personal representative of
    the ESTATE OF JOSEPH SHUSTER,       | Complaint Filed:  May 14, 2010
20  JEAN ADELE PEAVY, an individual,    | Trial Date:       None Set
    LAURA SIEGEL LARSON, an
21  individual and as personal
    representative of the ESTATE OF
22  JOANNE SIEGEL, and DOES 1-10,
    inclusive,
23
                Defendants.
24

25  PROPOUNDING PARTY:     Mark Warren Peary

26  RESPONDING PARTY:      DC Comics

27  SET NUMBER:            One (Nos. 1-68)

28
                                        DC'S OBJS. & RESPS. TO
                                        PEARY'S REQS. FOR PROD. 1-68

                        **EXHIBIT A**
                           **3**

1    Pursuant to Federal Rule of Civil Procedure 34, plaintiff DC Comics ("DC")

2    hereby objects and responds to defendant Mark Warren Peary's ("Peary") First

3    Request for Production of Documents and Things (the "Requests").

4    ## **PRELIMINARY STATEMENT**

5    DC's Objections and Responses to Defendant Mark Warren Peary's First Set

6    of Requests for Production ("Responses") are based on the information reasonably

7    and currently known to DC.  These Requests for Production, along with Mr.

8    Peary's contemporaneously served Interrogatories, represent the first discovery

9    served by defendants in this action, and defendants have only recently served their

10   Answer in this case.  Responses to many of the requests can be addressed by

11   defendants' referencing to DC's complaint (Docket No. 49; *id.* Ex. A Docket No.

12   49 Ex. A), all the briefing to date in this action—including, but not limited to, the

13   briefing and exhibits filed in connection with defendants' Rule 12 and SLAPP

14   motions (Docket Nos. 30, 30-1 to 30-5, 31, 31-1, 31-2, 32, 33, 33-1 to 33-4, 34, 34-

15   1, 34-2, 35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to 77-3, 78, 78-1 to 78-2, 79, 80, 80-1

16   to 80-4, 81, 89, 90, 91, 92, 93, 94, 94-1 to 94-40, 98, 98-1 to 98-4, 99, 99-1 to 99-2,

17   100, 100-1 to 100-3, 102, 102-1, 103, 103-1, 106, 107, 108, 146, 146-1 to 146-4,

18   147, 147-1 to 147-3, 148, 148-1 to 148-5, 149, 150, 151, 154, 156, 181, 182, 182-1

19   to 182-40, 183, 183-1 to 183-4, 184, 185, 186, 191, 191-1, 192, 192-1 to 192-3,

20   193, 193-1 to 193-2, 194, 195, 195-1, 196, 196-1 to 196-4, 201, 202, 203, 304, 305-

21   1 to 305-59, 306 (errata), 307, 308, 312, 312-1 to 312-2, 313, 314, 314-1 to 314-3,

22   333, 333-1 to 333-3, 334, 334-1 to 334-13, 335, 338, 338-1)—and all discovery in

23   this action and the *Siegel* action (*e.g.*, DCC00000001-154435 and WB000001-

24   149488)—including, but not limited to, all deposition testimony in those cases and

25   here.  All of these sources are incorporated by reference herein.

26   In making this document production pursuant to the parties' December 7,

27   2010 stipulation in this case, DC will reference by Bates number documents already

28   produced in the *Siegel* litigations and this case, rather than re-copy and reproduce

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

1   such documents.  Given that discovery is ongoing, expert discovery has not yet

2   begun, third-party discovery still needs to be taken, and defendants continue their

3   efforts to stymie DC's discovery in this case, DC reserves all rights to supplement

4   these Responses as more information becomes available.

5        Consistent with the parties' December 7, 2010 stipulation, DC will not log

6   documents subject to a claim of attorney-client privilege, work-product privilege, or

7   any other privilege available under law that were created on or after May 14, 2010.

8   As to documents created prior to May 14, 2010, DC will not log work product or

9   privileged communications solely between or among DC's counsel, including

10  outside and in-house counsel.  Logging such documents would constitute an

11  unreasonable and undue burden.

12       By these Responses, DC does not intend to waive, and does not waive, any

13  objection at trial to the admission into evidence of these Responses, in whole or in

14  part, or the documents produced in connection with it.  Rather, DC intends to

15  preserve, and does preserve, all objections to the admission into evidence of these

16  Responses, in whole or in part, and the documents produced in connection with

17  them, including, without limitation, objections based on relevance, foundation,

18  authenticity, or privilege, as well as any and all objections based on the Federal

19  Rules of Evidence or otherwise.  As noted  below, DC also reserves all privilege

20  objections, and directs defendants to its privilege logs previously produced.

## SPECIFIC OBJECTIONS AND RESPONSES

21

**Request No. 1**

22

23  All COMMUNICATIONS between YOU AND Mark Warren Peary.

**Response to Request No. 1**

24

25       DC objects to this Request on the grounds that it is indefinite as to time and

26  not reasonably limited in scope.  DC further objects to the extent this Request calls

27  for irrelevant information and calls for a search for documents that is unduly

28  expensive, overbroad, unduly burdensome, and oppressive.  DC further objects to

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT A**

**5**

1    this Request to the extent it seeks documents that defendants have refused to

2    produce in response to discovery served by DC, including but not limited to

3    screenplays Mr. Peary sent to DC.

4         DC objects to the definition of "YOU" as vague and overbroad and will

5    respond to this term as limited to the relevant custodians at DC and Warner Bros.

6    Entertainment Inc.  DC objects to the definition of "COMMUNICATION" as

7    vague and overbroad and will respond to this term as excluding any documents

8    filed in connection with prior or ongoing litigation.  DC objects to the extent the

9    Request seeks production of "all COMMUNICATIONS" on the ground that such

10   request is overly broad, unduly burdensome, oppressive, and not reasonably

11   calculated to lead to the discovery of admissible evidence.  As used in these

12   Responses, the phrase "all COMMUNICATIONS," or phrases of similar import,

13   should be understood to mean those documents DC and its counsel were able to

14   locate using reasonable diligence and reasonable judgment concerning the

15   whereabouts of such documents.

16        Subject to and without waiving all foregoing objections, DC has conducted a

17   reasonably diligent search of the documents in the possession, custody, or control

18   of relevant custodians and produces herewith by designation or otherwise all non-

19   privileged, responsive documents.  Given that discovery is ongoing in this case, DC

20   expressly reserves its right to supplement these Responses, if need be, as more

21   information becomes available, and to use in discovery and at trial any information

22   omitted from these Responses as a result of mistake, inadvertence, or oversight.

23   **Request No. 2**

24        All COMMUNICATIONS between YOU AND Jean Adele Peavy.

25   **Response to Request No. 2**

26        DC objects to this Request on the grounds that it is indefinite as to time and

27   not reasonably limited in scope.

28

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT A**

**6**

DC objects to the definition of "YOU" as vague and overbroad and will respond to this term as limited to the relevant custodians of DC and Warner Bros. Entertainment Inc.  DC objects to the definition of "COMMUNICATIONS" as vague and overbroad and will respond to this term as excluding any documents filed in connection with prior or ongoing litigation.  DC objects to the extent the Request seeks production of "all COMMUNICATIONS" on the ground that such request is overly broad, unduly burdensome, oppressive, and not reasonably calculated to lead to the discovery of admissible evidence.  As used in these Responses, the phrase "all COMMUNICATIONS," or phrases of similar import, should be understood to mean those documents DC and its counsel were able to locate using reasonable diligence and reasonable judgment concerning the whereabouts of such documents.

Subject to and without waiving all foregoing objections, DC has conducted a reasonably diligent search of the documents in the possession, custody, or control of relevant custodians and produces herewith by designation or otherwise all non-privileged, responsive documents.  Given that discovery is ongoing in this case, DC expressly reserves its right to supplement these Responses, if need be, as more information becomes available, and to use in discovery and at trial any information omitted from these Responses as a result of mistake, inadvertence, or oversight.

**Request No. 3**

All COMMUNICATIONS between YOU AND Frank Shuster.

**Response to Request No. 3**

DC objects to this Request on the grounds that it is indefinite as to time and not reasonably limited in scope.

DC objects to the definition of "YOU" as vague and overbroad and will respond to this term as limited to the relevant custodians of DC and Warner Bros. Entertainment Inc.  DC objects to the definition of "COMMUNICATIONS" as vague and overbroad and will respond to this term as excluding any documents

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT A**

**7**

1   filed in connection with prior or ongoing litigation.  DC objects to the extent the

2   Request seeks production of "all COMMUNICATIONS" on the ground that such

3   request is overly broad, unduly burdensome, oppressive, and not reasonably

4   calculated to lead to the discovery of admissible evidence.  As used in these

5   Responses, the phrase "all COMMUNICATIONS," or phrases of similar import,

6   should be understood to mean those documents DC and its counsel were able to

7   locate using reasonable diligence and reasonable judgment concerning the

8   whereabouts of such documents.

9         Subject to and without waiving all foregoing objections, DC has conducted a

10   reasonably diligent search of the documents in the possession, custody, or control

11   of relevant custodians and produces herewith by designation or otherwise all non-

12   privileged, responsive documents.  Given that discovery is ongoing in this case, DC

13   expressly reserves its right to supplement these Responses, if need be, as more

14   information becomes available, and to use in discovery and at trial any information

15   omitted from these Responses as a result of mistake, inadvertence, or oversight.

16   **Request No. 4**

17         All COMMUNICATIONS between YOU AND Dawn Peavy.

18   **Response to Request No. 4**

19         DC objects to this Request on the grounds that it is indefinite as to time and

20   not reasonably limited in scope.

21         DC objects to the definition of "YOU" as vague and overbroad and will

22   respond to this term as limited to the relevant custodians of DC and Warner Bros.

23   Entertainment Inc.  DC objects to the definition of "COMMUNICATIONS" as

24   vague and overbroad and will respond to this term as excluding any documents

25   filed in connection with prior or ongoing litigation.  DC objects to the extent the

26   Request seeks production of "all COMMUNICATIONS" on the ground that such

27   request is overly broad, unduly burdensome, oppressive, and not reasonably

28   calculated to lead to the discovery of admissible evidence.  As used in these

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT A**

**8**

1  Responses, the phrase "all COMMUNICATIONS," or phrases of similar import,
2  should be understood to mean those documents DC and its counsel were able to
3  locate using reasonable diligence and reasonable judgment concerning the
4  whereabouts of such documents.

5        Subject to and without waiving all foregoing objections, DC has conducted a
6  reasonably diligent search of the documents in the possession, custody, or control
7  of relevant custodians and produces herewith by designation or otherwise all non-
8  privileged, responsive documents.  Given that discovery is ongoing in this case, DC
9  expressly reserves its right to supplement these Responses, if need be, as more
10  information becomes available, and to use in discovery and at trial any information
11  omitted from these Responses as a result of mistake, inadvertence, or oversight.

12  **Request No. 5**

13        All COMMUNICATIONS between YOU AND Joseph Shuster.

14  **Response to Request No. 5**

15        DC objects to this Request on the grounds that it is indefinite as to time and
16  not reasonably limited in scope.

17        DC objects to the definition of "YOU" as vague and overbroad and will
18  respond to this term as limited to the relevant custodians of DC and Warner Bros.
19  Entertainment Inc.  DC objects to the definition of "COMMUNICATIONS" as
20  vague and overbroad and will respond to this term as excluding any documents
21  filed in connection with prior or ongoing litigation.  DC objects to the extent the
22  Request seeks production of "all COMMUNICATIONS" on the ground that such
23  request is overly broad, unduly burdensome, oppressive, and not reasonably
24  calculated to lead to the discovery of admissible evidence.  As used in these
25  Responses, the phrase "all COMMUNICATIONS," or phrases of similar import,
26  should be understood to mean those documents DC and its counsel were able to
27  locate using reasonable diligence and reasonable judgment concerning the
28  whereabouts of such documents.

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT A**

**9**

1       Subject to and without waiving all foregoing objections, DC has conducted a

2   reasonably diligent search of the documents in the possession, custody, or control

3   of relevant custodians and produces herewith by designation or otherwise all non-

4   privileged, responsive documents.  Given that discovery is ongoing in this case, DC

5   expressly reserves its right to supplement these Responses, if need be, as more

6   information becomes available, and to use in discovery and at trial any information

7   omitted from these Responses as a result of mistake, inadvertence, or oversight.

8   **Request No. 6**

9       All drafts of the 1992 AGREEMENT.

10  **Response to Request No. 6**

11      DC objects to this Request to the extent that it seeks information protected by

12  the attorney-client privilege, the attorney work product doctrine, or any other

13  applicable privilege or immunity.

14      DC has conducted a reasonably diligent search of the documents in the

15  possession, custody, or control of relevant custodians and produces herewith by

16  designation or otherwise all non-privileged, responsive documents.  Given that

17  discovery is ongoing in this case, DC expressly reserves its right to supplement

18  these Responses, if need be, as more information becomes available, and to use in

19  discovery and at trial any information omitted from these Responses as a result of

20  mistake, inadvertence, or oversight.

21  **Request No. 7**

22      All DOCUMENTS that RELATE to the 1992 AGREEMENT.

23  **Response to Request No. 7**

24      DC objects to this Request on the grounds that it is indefinite as to time and

25  not reasonably limited in scope.  DC further objects to the extent that it seeks

26  information protected by the attorney-client privilege, the attorney work product

27  doctrine, or any other applicable privilege or immunity.

28

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

1      DC objects to the extent the Request seeks production of "all

2  DOCUMENTS" on the ground that such request is overly broad, unduly

3  burdensome, oppressive, and not reasonably calculated to lead to the discovery of

4  admissible evidence, as the definition of "DOCUMENTS" encompasses, *e.g.*, all

5  court filings in this case.  As used in these Responses, the phrase "all

6  DOCUMENTS," or phrases of similar import, should be understood to mean those

7  documents DC and its counsel were able to locate using reasonable diligence and

8  reasonable judgment concerning the whereabouts of such documents.  DC does not

9  object to or withhold any document based on the definition of "RELATE," as this

10  definition mirrors in large part language that DC employed in its own discovery

11  requests.  Defendants previously objected to this same language in DC's requests as

12  impermissibly overbroad.  Based on defendants' use of this same term and tacit

13  acknowledgement that DC's use of these terms is proper, DC will answer this

14  discovery, and DC has confirmed with defendants that they will do the same.

15      Subject to and without waiving all foregoing objections, DC has conducted a

16  reasonably diligent search of the documents in the possession, custody, or control

17  of relevant custodians and produces herewith by designation or otherwise all non-

18  privileged, responsive documents.  Given that discovery is ongoing in this case, DC

19  expressly reserves its right to supplement these Responses, if need be, as more

20  information becomes available, and to use in discovery and at trial any information

21  omitted from these Responses as a result of mistake, inadvertence, or oversight.

22  **Request No. 8**

23      All DOCUMENTS that RELATE to the SEPTEMBER 10, 1992 LETTER.

24  **Response to Request No. 8**

25      DC objects to this Request on the grounds that it is indefinite as to time and

26  not reasonably limited in scope.  DC further objects to the extent that it seeks

27  information protected by the attorney-client privilege, the attorney work product

28  doctrine, or any other applicable privilege or immunity.

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

1    DC objects to the extent the Request seeks production of "all

2  DOCUMENTS" on the ground that such request is overly broad, unduly

3  burdensome, oppressive, and not reasonably calculated to lead to the discovery of

4  admissible evidence, as the definition of "DOCUMENTS" encompasses, *e.g.*, all

5  court filings in this case.  As used in these Responses, the phrase "all

6  DOCUMENTS," or phrases of similar import, should be understood to mean those

7  documents DC and its counsel were able to locate using reasonable diligence and

8  reasonable judgment concerning the whereabouts of such documents.  DC does not

9  object to or withhold any document based on the definition of "RELATE," as this

10 definition mirrors in large part language that DC employed in its own discovery

11 requests.  Defendants previously objected to this same language in DC's requests as

12 impermissibly overbroad.  Based on defendants' use of this same term and tacit

13 acknowledgement that DC's use of these terms is proper, DC will answer this

14 discovery, and DC has confirmed with defendants that they will do the same.

15    Subject to and without waiving all foregoing objections, DC has conducted a

16 reasonably diligent search of the documents in the possession, custody, or control

17 of relevant custodians and produces herewith by designation or otherwise all non-

18 privileged, responsive documents.  Given that discovery is ongoing in this case, DC

19 expressly reserves its right to supplement these Responses, if need be, as more

20 information becomes available, and to use in discovery and at trial any information

21 omitted from these Responses as a result of mistake, inadvertence, or oversight.

22 **Request No. 9**

23    All DOCUMENTS that RELATE to the SEPTEMBER 7, 1999 LETTER.

24 **Response to Request No. 9**

25    DC objects to this Request on the grounds that it is indefinite as to time and

26 not reasonably limited in scope.  DC further objects to the extent that it seeks

27 information protected by the attorney-client privilege, the attorney work product

28 doctrine, or any other applicable privilege or immunity.

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

1    DC objects to the extent the Request seeks production of "all

2    DOCUMENTS" on the ground that such request is overly broad, unduly

3    burdensome, oppressive, and not reasonably calculated to lead to the discovery of

4    admissible evidence, as the definition of "DOCUMENTS" encompasses, *e.g.*, all

5    court filings in this case.  As used in these Responses, the phrase "all

6    DOCUMENTS," or phrases of similar import, should be understood to mean those

7    documents DC and its counsel were able to locate using reasonable diligence and

8    reasonable judgment concerning the whereabouts of such documents.  DC does not

9    object to or withhold any document based on the definition of "RELATE," as this

10   definition mirrors in large part language that DC employed in its own discovery

11   requests.  Defendants previously objected to this same language in DC's requests as

12   impermissibly overbroad.  Based on defendants' use of this same term and tacit

13   acknowledgement that DC's use of these terms is proper, DC will answer this

14   discovery, and DC has confirmed with defendants that they will do the same.

15       Subject to and without waiving all foregoing objections, DC has conducted a

16   reasonably diligent search of the documents in the possession, custody, or control

17   of relevant custodians and produces herewith by designation or otherwise all non-

18   privileged, responsive documents.  Given that discovery is ongoing in this case, DC

19   expressly reserves its right to supplement these Responses, if need be, as more

20   information becomes available, and to use in discovery and at trial any information

21   omitted from these Responses as a result of mistake, inadvertence, or oversight.

22   **Request No. 10**

23       All DOCUMENTS that REFER to the SHUSTER TERMINATION.

24   **Response to Request No. 10**

25       DC objects to this Request on the grounds that it is indefinite as to time and

26   not reasonably limited in scope.  DC further objects to the Request to the extent that

27   it seeks the production of any item, or portion thereof, which is not reasonably

28   calculated to lead to the discovery of relevant and admissible evidence.  DC further

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT A**
**13**

1    objects to this Request on the grounds that it is compound, overbroad, burdensome

2    and oppressive, as it could be reasonably construed to request all documents related

3    to this litigation, including every news article reporting on this case.  DC objects to

4    the Request to the extent that it seeks communications or items protected by the

5    attorney-client privilege, the attorney work product doctrine, or any other

6    applicable privilege or immunity.

7        DC objects to the extent the Request seeks production of "all

8    DOCUMENTS" on the ground that such request is overly broad, unduly

9    burdensome, oppressive, and not reasonably calculated to lead to the discovery of

10   admissible evidence.  As used in these Responses, the phrase "all DOCUMENTS,"

11   or phrases of similar import, should be understood to mean those documents DC

12   and its counsel were able to locate using reasonable diligence and reasonable

13   judgment concerning the whereabouts of such documents.

14       Subject to and without waiving all foregoing objections, DC has conducted a

15   reasonably diligent search of the documents in the possession, custody, or control

16   of relevant custodians and produces herewith by designation or otherwise all non-

17   privileged, responsive documents.  Given that discovery is ongoing in this case, DC

18   expressly reserves its right to supplement these Responses, if need be, as more

19   information becomes available, and to use in discovery and at trial any information

20   omitted from these Responses as a result of mistake, inadvertence, or oversight.

21   **Request No. 11**

22       All DOCUMENTS that REFER to the right(s) under the United States

23   Copyright Act to terminate prior copyright grants by Joseph Shuster to YOU.

24   **Response to Request No. 11**

25       DC objects to this Request on the grounds that it is indefinite as to time and

26   not reasonably limited in scope.  DC further objects to this Request on the grounds

27   that it is compound, overbroad, burdensome and oppressive, as it could be

28   reasonably construed to request all documents related to this litigation and the

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT A**
**14**

*Siegel* litigations, including every news article reporting on those cases.  DC further objects to the Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity.

DC objects to the definition of "YOU" and will respond to that term as limited to relevant custodians of DC and Warner Bros. Entertainment Inc.  DC objects to the extent the Request seeks production of "all DOCUMENTS" on the ground that such request is overly broad, unduly burdensome, oppressive, and not reasonably calculated to lead to the discovery of admissible evidence, as the definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As used in these Responses, the phrase "all DOCUMENTS," or phrases of similar import, should be understood to mean those documents DC and its counsel were able to locate using reasonable diligence and reasonable judgment concerning the whereabouts of such documents.

Subject to and without waiving all foregoing objections, DC has conducted a reasonably diligent search of the documents in the possession, custody, or control of relevant custodians and produces herewith by designation or otherwise all non-privileged, responsive documents.  Given that discovery is ongoing in this case, DC expressly reserves its right to supplement these Responses, if need be, as more information becomes available, and to use in discovery and at trial any information omitted from these Responses as a result of mistake, inadvertence, or oversight.

**Request No. 12**

All COMMUNICATIONS with third parties that REFER to the 1992 AGREEMENT.

**Response to Request No. 12**

DC objects to this Request on the grounds that it is indefinite as to time and not reasonably limited in scope.  DC further objects to the Request to the extent that it seeks the production of any item, or portion thereof, which is not reasonably

- 12 -

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

1   calculated to lead to the discovery of relevant and admissible evidence.  DC further

2   objects to the Request to the extent that it seeks information protected by the

3   attorney-client privilege, the attorney work product doctrine, or any other

4   applicable privilege or immunity.

5        DC objects to the phrase "COMMUNICATIONS with third parties" as

6   overbroad, as it would include for example, all statements made to the court,

7   mediators, and to the press concerning the 1992 agreement and DC's claims in this

8   case concerning that agreement.  DC objects to the definition of "YOU" as vague

9   and overbroad and will respond to this term as limited to the relevant custodians of

10  DC and Warner Bros. Entertainment Inc.  DC objects to the definition of

11  "COMMUNICATION" as vague and overbroad and will respond to this term as

12  excluding any documents filed in connection with prior or ongoing litigation.  DC

13  objects to the extent the Request seeks production of "all COMMUNICATIONS"

14  on the ground that such request is overly broad, unduly burdensome, oppressive,

15  and not reasonably calculated to lead to the discovery of admissible evidence.  As

16  used in these Responses, the phrase "all COMMUNICATIONS," or phrases of

17  similar import, should be understood to mean those documents DC and its counsel

18  were able to locate using reasonable diligence and reasonable judgment concerning

19  the whereabouts of such documents.  Such phraseology should not be construed as

20  a representation that each and every document in DC's possession has been

21  examined in connection with these Responses or any production pursuant thereto.

22       Subject to and without waiving all foregoing objections, DC refers

23  defendants' attention to its complaint and attached exhibit (Docket No. 49, Docket

24  No. 49 Ex. A), all briefing in this action—including, but not limited to, the briefing

25  and exhibits filed in connection with defendants' Rule 12 and SLAPP motions

26  (Docket Nos. 30, 30-1 to 30-5, 31, 31-1, 31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2,

27  35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to 77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4,

28  81, 89, 90, 91, 92, 93, 94, 94-1 to 94-40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100,

- 13 -

1   100-1 to 100-3, 102, 102-1, 103, 103-1, 106, 107, 108, 146, 146-1 to 146-4, 147,

2   147-1 to 147-3, 148, 148-1 to 148-5, 149, 150, 151, 154, 156, 181, 182, 182-1 to

3   182-40, 183, 183-1 to 183-4, 184, 185, 186, 191, 191-1, 192, 192-1 to 192-3, 193,

4   193-1 to 193-2, 194, 195, 195-1, 196, 196-1 to 196-4, 201, 202, 203, 304, 305-1 to

5   305-59, 306 (errata), 307, 308, 312, 312-1 to 312-2, 313, 314, 314-1 to 314-3, 333,

6   333-1 to 333-3, 334, 334-1 to 334-13, 335, 338, 338-1)—and all discovery in this

7   action and the *Siegel* action (*e.g.*, DCC00000001-154435 and WB000001-

8   149488)—including, but not limited to, all deposition testimony in those cases and

9   here.  All of these sources are incorporated by reference herein.

10          Subject to and without waiving all foregoing objections, DC has conducted a

11  reasonably diligent search of the documents in the possession, custody, or control

12  of relevant custodians and produces herewith by designation or otherwise all non-

13  privileged, responsive documents.  Given that discovery is ongoing in this case, DC

14  expressly reserves its right to supplement these Responses, if need be, as more

15  information becomes available, and to use in discovery and at trial any information

16  omitted from these Responses as a result of mistake, inadvertence, or oversight.

17  **Request No. 13**

18          All COMMUNICATIONS with the United States Copyright Office that

19  REFER to the 1992 AGREEMENT.

20  **Response to Request No. 13**

21          DC objects to this Request on the grounds that it is indefinite as to time and

22  not reasonably limited in scope.  DC further objects to the Request to the extent that

23  it seeks the production of any item, or portion thereof, which is not reasonably

24  calculated to lead to the discovery of relevant and admissible evidence.

25          DC objects to the definition of "COMMUNICATION" as vague and

26  overbroad and will respond to this term as excluding any documents filed in

27  connection with prior or ongoing litigation.  DC further objects to the extent the

28  Request seeks production of "all COMMUNICATIONS" on the ground that such

- 14 -

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

1    request is overly broad, unduly burdensome, oppressive, and not reasonably

2    calculated to lead to the discovery of admissible evidence.  As used in these

3    Responses, the phrase "all COMMUNICATIONS," or phrases of similar import,

4    should be understood to mean those documents DC and its counsel were able to

5    locate using reasonable diligence and reasonable judgment concerning the

6    whereabouts of such documents.

7         Subject to and without waiving all foregoing objections, DC has conducted a

8    reasonably diligent search of the documents in the possession, custody, or control

9    of relevant custodians and produces herewith by designation or otherwise all non-

10   privileged, responsive documents.  Given that discovery is ongoing in this case, DC

11   expressly reserves its right to supplement these Responses, if need be, as more

12   information becomes available, and to use in discovery and at trial any information

13   omitted from these Responses as a result of mistake, inadvertence, or oversight.

14   **Request No. 14**

15        All DOCUMENTS that describe OR explain YOUR chain-of-title to

16   Superman.

17   **Response to Request No. 14**

18        DC objects to this Request on the grounds that it is indefinite as to time and

19   not reasonably limited in scope.  DC further objects to the Request to the extent that

20   it seeks the production of any item, or portion thereof, which is not reasonably

21   calculated to lead to the discovery of relevant and admissible evidence.  DC further

22   objects to the Request to the extent that it seeks information protected by the

23   attorney-client privilege, the attorney work product doctrine, or any other

24   applicable privilege or immunity.  DC further objects to this Request on the

25   grounds that it is compound, overbroad, burdensome and oppressive, as it could be

26   reasonably construed to request documents created and/or produced by DC relating

27   to the exploitation of Superman over the past roughly 75 years.

28

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT A**
**18**

1     DC objects to the definition of "YOUR" and will respond to that term as

2  limited to relevant custodians of DC and Warner Bros. Entertainment Inc.  DC

3  objects to the extent the Request seeks production of "all DOCUMENTS" on the

4  ground that such request is overly broad, unduly burdensome, oppressive, and not

5  reasonably calculated to lead to the discovery of admissible evidence, as the

6  definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As

7  used in these Responses, the phrase "all DOCUMENTS," or phrases of similar

8  import, should be understood to mean those documents DC and its counsel were

9  able to locate using reasonable diligence and reasonable judgment concerning the

10  whereabouts of such documents.  DC further objects to the phrase "describe OR

11  explain" as overbroad, as this would include for example, news articles discussing

12  DC's or Warner Bros. Entertainment Inc.'s copyright claims in this case or in the

13  related *Siegel* case.

14     Subject to and without waiving all foregoing objections, DC has conducted a

15  reasonably diligent search of the documents in the possession, custody, or control

16  of relevant custodians and produces herewith by designation or otherwise all non-

17  privileged, responsive documents.  Given that discovery is ongoing in this case, DC

18  expressly reserves its right to supplement these Responses, if need be, as more

19  information becomes available, and to use in discovery and at trial any information

20  omitted from these Responses as a result of mistake, inadvertence, or oversight.

21  **Request No. 15**

22     All post-1990 DOCUMENTS, other than pleadings in this lawsuit OR in the

23  SIEGEL LITIGATIONS, that REFER to ANY of Joseph Shuster's copyright grants

24  to YOU.

25  **Response to Request No. 15**

26     DC objects to this Request on the grounds that it is compound, overbroad,

27  burdensome and oppressive, as it could be construed to request documents related

28  to this litigation and the *Siegel* litigations, including news articles reporting on

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT A**
**19**

1  those cases.  DC objects to this Request to the extent that it seeks communications

2  or items protected by the attorney-client privilege, the attorney work product

3  doctrine, or any other applicable privilege or immunity.

4      DC objects to the definition of "YOU" and will respond to that term as

5  limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC

6  objects to the extent the Request seeks production of "all DOCUMENTS" on the

7  ground that such request is overly broad, unduly burdensome, oppressive, and not

8  reasonably calculated to lead to the discovery of admissible evidence, as the

9  definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As

10 used in these Responses, the phrase "all DOCUMENTS," or phrases of similar

11 import, should be understood to mean those documents DC and its counsel were

12 able to locate using reasonable diligence and reasonable judgment concerning the

13 whereabouts of such documents.

14     Subject to and without waiving all foregoing objections, DC has conducted a

15 reasonably diligent search of the documents in the possession, custody, or control

16 of relevant custodians and produces herewith by designation or otherwise all non-

17 privileged, responsive documents.  Given that discovery is ongoing in this case, DC

18 expressly reserves its right to supplement these Responses, if need be, as more

19 information becomes available, and to use in discovery and at trial any information

20 omitted from these Responses as a result of mistake, inadvertence, or oversight.

21 **Request No. 16**

22     All pre-1990 DOCUMENTS that REFER to ANY of Joseph Shuster's

23 copyright grants to YOU.

24 **Response to Request No. 16**

25     DC objects to this Request on the grounds that its time-frame is not

26 reasonably limited in scope.  DC further objects to this Request to the extent it

27 seeks communications or items protected by the attorney-client privilege, the

28 attorney work product doctrine, or any other applicable privilege or immunity.

- 17 -

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT A**

**20**

1    DC objects to the definition of "YOU" and will respond to that term as

2    limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC

3    further objects to the extent the Request seeks production of "all DOCUMENTS"

4    on the ground that such request is overly broad, unduly burdensome, oppressive,

5    and not reasonably calculated to lead to the discovery of admissible evidence.  As

6    used in these Responses, the phrase "all DOCUMENTS," or phrases of similar

7    import, should be understood to mean those documents DC and its counsel were

8    able to locate using reasonable diligence and reasonable judgment concerning the

9    whereabouts of such documents.

10    Subject to and without waiving all foregoing objections, DC has conducted a

11    reasonably diligent search of the documents in the possession, custody, or control

12    of relevant custodians and produces herewith by designation or otherwise all non-

13    privileged, responsive documents.  Given that discovery is ongoing in this case, DC

14    expressly reserves its right to supplement these Responses, if need be, as more

15    information becomes available, and to use in discovery and at trial any information

16    omitted from these Responses as a result of mistake, inadvertence, or oversight.

17    **Request No. 17**

18    All DOCUMENTS that REFER to the revocation of ANY of Joseph

19    Shuster's copyright grants to YOU.

20    **Response to Request No. 17**

21    DC objects to this Request on the grounds that it is indefinite as to time and

22    not reasonably limited in scope.  DC further objects to this Request to the extent

23    that it seeks communications or items protected by the attorney-client privilege, the

24    attorney work product doctrine, or any other applicable privilege or immunity.

25    DC objects to the definition of "YOU" and will respond to that term as

26    limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC

27    objects to the extent the Request seeks production of "all DOCUMENTS" on the

28    ground that such request is overly broad, unduly burdensome, oppressive, and not

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT A**
**21**

1   reasonably calculated to lead to the discovery of admissible evidence, as the

2   definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As

3   used in these Responses, the phrase "all DOCUMENTS," or phrases of similar

4   import, should be understood to mean those documents DC and its counsel were

5   able to locate using reasonable diligence and reasonable judgment concerning the

6   whereabouts of such documents.

7        Subject to and without waiving all foregoing objections, DC refers

8   defendants' attention to its complaint (Docket No. 49), and motion to dismiss

9   briefing (Docket Nos. 333, 333-1 to 333-3, 334, 334-1 to 334-13, 335, 338, 338-1).

10  Subject to and without waiving all foregoing objections, DC has conducted a

11  reasonably diligent search of the documents in the possession, custody, or control

12  of relevant custodians and produces herewith by designation or otherwise all non-

13  privileged, responsive documents.  Given that discovery is ongoing in this case, DC

14  expressly reserves its right to supplement these Responses, if need be, as more

15  information becomes available, and to use in discovery and at trial any information

16  omitted from these Responses as a result of mistake, inadvertence, or oversight.

17  **Request No. 18**

18       All DOCUMENTS, excluding pleadings in this lawsuit, that REFER to the

19  1992 AGREEMENT as a revocation of Joseph Shuster's copyright grants to YOU.

20  **Response to Request No. 18**

21       DC objects to this Request on the grounds that it is indefinite as to time and

22  not reasonably limited in scope.  DC further objects to this Request to the extent

23  that it seeks communications or items protected by the attorney-client privilege, the

24  attorney work product doctrine, or any other applicable privilege or immunity.

25       DC objects to the definition of "YOU" and will respond to that term as

26  limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC

27  objects to the extent the Request seeks production of "all DOCUMENTS" on the

28  ground that such request is overly broad, unduly burdensome, oppressive, and not

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

1    reasonably calculated to lead to the discovery of admissible evidence, as the

2    definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As

3    used in these Responses, the phrase "all DOCUMENTS," or phrases of similar

4    import, should be understood to mean those documents DC and its counsel were

5    able to locate using reasonable diligence and reasonable judgment concerning the

6    whereabouts of such documents.

7         Subject to and without waiving all foregoing objections, DC has conducted a

8    reasonably diligent search of the documents in the possession, custody, or control

9    of relevant custodians and produces herewith by designation or otherwise all non-

10   privileged, responsive documents.  Given that discovery is ongoing in this case, DC

11   expressly reserves its right to supplement these Responses, if need be, as more

12   information becomes available, and to use in discovery and at trial any information

13   omitted from these Responses as a result of mistake, inadvertence, or oversight.

14   **Request No. 19**

15        All DOCUMENTS, excluding pleadings in this lawsuit, that REFER to the

16   1992 AGREEMENT as a re-grant of Joseph Shuster's copyright interests to YOU.

17   **Response to Request No. 19**

18        DC objects to this Request on the grounds that it is indefinite as to time and

19   not reasonably limited in scope.  DC further objects to this Request to the extent

20   that it seeks communications or items protected by the attorney-client privilege, the

21   attorney work product doctrine, or any other applicable privilege or immunity.

22        DC objects to the definition of "YOU" and will respond to that term as

23   limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC

24   objects to the extent the Request seeks production of "all DOCUMENTS" on the

25   ground that such request is overly broad, unduly burdensome, oppressive, and not

26   reasonably calculated to lead to the discovery of admissible evidence, as the

27   definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As

28   used in these Responses, the phrase "all DOCUMENTS," or phrases of similar

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT A**

**23**

1   import, should be understood to mean those documents DC and its counsel were

2   able to locate using reasonable diligence and reasonable judgment concerning the

3   whereabouts of such documents.

4       Subject to and without waiving all foregoing objections, DC refers

5   defendants' attention to its complaint (Docket No. 49), and motion to dismiss

6   briefing (Docket Nos. 333, 333-1 to 333-3, 334, 334-1 to 334-13, 335, 338, 338-1).

7   Subject to and without waiving all foregoing objections, DC has conducted a

8   reasonably diligent search of the documents in the possession, custody, or control

9   of relevant custodians and produces herewith by designation or otherwise all non-

10  privileged, responsive documents.  Given that discovery is ongoing in this case, DC

11  expressly reserves its right to supplement these Responses, if need be, as more

12  information becomes available, and to use in discovery and at trial any information

13  omitted from these Responses as a result of mistake, inadvertence, or oversight.

14  **Request No. 20**

15      All COMMUNICATIONS with third parties, excluding parties to this

16  lawsuit, that REFER to this lawsuit OR to ANY of the SIEGEL LITIGATIONS

17  (excluding pleadings filed in this lawsuit OR in ANY of the SIEGEL

18  LITIGATIONS).

19  **Response to Request No. 20**

20      DC objects to this Request on the grounds that it is indefinite as to time and

21  not reasonably limited in scope.  DC further objects to the Request in that does not

22  appear calculated to lead to the discovery of admissible evidence relevant to any

23  claim or defense in this action.

24      DC objects to the phrase "COMMUNICATIONS with third parties" as

25  overbroad, as it would include for example, all statements made to the court,

26  mediators and to the press concerning this case or the *Siegel* litigation.  DC objects

27  to the definition of "COMMUNICATION" as vague and overbroad and will

28  respond to this term as excluding any documents filed in connection with prior or

- 21 -

1  ongoing litigation.  DC further objects to the extent the Request seeks production of

2  "all COMMUNICATIONS" on the ground that such request is overly broad,

3  unduly burdensome, oppressive, and not reasonably calculated to lead to the

4  discovery of admissible evidence.

5      Subject to and without waiving all foregoing objections, DC agrees to meet-

6  and-confer with defendants in an effort to reasonably narrow this Request.

7  **Request No. 21**

8      All DOCUMENTS that support YOUR contention that "Toberoff purported

9  to secure a majority and controlling financial stake in copyright interests in

10  Superman assertedly held by the Siegel and Shuster heirs and to preclude the heirs

11  from freely entering into new agreements with DC Comics for the continued

12  exploitation of Superman," found in paragraph 3 of YOUR COMPLAINT.

13  **Response to Request No. 21**

14      DC objects to the Request to the extent that it requires DC to prove through

15  the discovery process its ultimate legal arguments related to the ramifications of

16  defendants' agreements and communications.  DC objects to the extent the Request

17  seeks information protected by the attorney-client privilege, the attorney work

18  product doctrine, or any other applicable privilege or immunity.  DC further objects

19  to the extent this Request seeks documents that defendants have refused to produce

20  in response to discovery served by DC, including but not limited to the 2008

21  "consent agreement" defendants continue to refuse to disclose.

22      DC objects to the definition of "YOUR" and will respond to that term as

23  limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC

24  objects to the extent the Request seeks production of "all DOCUMENTS" on the

25  ground that such request is overly broad, unduly burdensome, oppressive, and not

26  reasonably calculated to lead to the discovery of admissible evidence, as the

27  definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As

28  used in these Responses, the phrase "all DOCUMENTS," or phrases of similar

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT A**
**25**

1   import, should be understood to mean those documents DC and its counsel were

2   able to locate using reasonable diligence and reasonable judgment concerning the

3   whereabouts of such documents.

4       Subject to and without waiving all foregoing objections, DC refers

5   defendants' attention to its complaint (Docket No. 49), all briefing in this action—

6   including, but not limited to, the briefing and exhibits filed in connection with

7   defendants' Rule 12 and SLAPP motions (Docket Nos. 30, 30-1 to 30-5, 31, 31-1,

8   31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2, 35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to

9   77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4, 81, 89, 90, 91, 92, 93, 94, 94-1 to 94-

10  40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100, 100-1 to 100-3, 102, 102-1, 103, 103-1,

11  106, 107, 108, 146, 146-1 to 146-4, 147, 147-1 to 147-3, 148, 148-1 to 148-5, 149,

12  150, 151, 154, 156, 181, 182, 182-1 to 182-40, 183, 183-1 to 183-4, 184, 185, 186,

13  191, 191-1, 192, 192-1 to 192-3, 193, 193-1 to 193-2, 194, 195, 195-1, 196, 196-1

14  to 196-4, 201, 202, 203, 304, 305-1 to 305-59, 306 (errata), 307, 308, 312, 312-1 to

15  312-2, 313, 314, 314-1 to 314-3, 333, 333-1 to 333-3, 334, 334-1 to 334-13, 335,

16  338, 338-1)—and all discovery in this action and the *Siegel* action—including, but

17  not limited to, all deposition testimony and document productions.

18      Subject to and without waiving all foregoing objections, DC has conducted a

19  reasonably diligent search of the documents in the possession, custody, or control

20  of relevant custodians and produces herewith by designation or otherwise all non-

21  privileged, responsive documents.  Given that discovery is ongoing in this case, DC

22  expressly reserves its right to supplement these Responses, if need be, as more

23  information becomes available, and to use in discovery and at trial any information

24  omitted from these Responses as a result of mistake, inadvertence, or oversight.

25  **Request No. 22**

26      All DOCUMENTS that support YOUR contention that "Toberoff procured

27  this joint-venture agreement even though he knew that the Shusters' 1992 agreement

28  with DC Comics operated to grant any and all of the heirs' interest in Superman to

- 23 -

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT A**
**26**

DC Comics and extinguish any termination rights the heirs might have held," found in paragraph 6 of YOUR COMPLAINT.

**Response to Request No. 22**

DC objects to the Request to the extent that it requires DC to prove through the discovery process its ultimate legal arguments related to the ramifications of defendants' agreements and communications.  DC objects to the extent the Request seeks information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity.

DC objects to the definition of "YOUR" and will respond to that term as limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC objects to the extent the Request seeks production of "all DOCUMENTS" on the ground that such request is overly broad, unduly burdensome, oppressive, and not reasonably calculated to lead to the discovery of admissible evidence, as the definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As used in these Responses, the phrase "all DOCUMENTS," or phrases of similar import, should be understood to mean those documents DC and its counsel were able to locate using reasonable diligence and reasonable judgment concerning the whereabouts of such documents.

Subject to and without waiving all foregoing objections, DC refers defendants' attention to its complaint (Docket No. 49), all briefing in this action—including, but not limited to, the briefing and exhibits filed in connection with defendants' Rule 12 and SLAPP motions (Docket Nos. 30, 30-1 to 30-5, 31, 31-1, 31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2, 35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to 77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4, 81, 89, 90, 91, 92, 93, 94, 94-1 to 94-40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100, 100-1 to 100-3, 102, 102-1, 103, 103-1, 106, 107, 108, 146, 146-1 to 146-4, 147, 147-1 to 147-3, 148, 148-1 to 148-5, 149, 150, 151, 154, 156, 181, 182, 182-1 to 182-40, 183, 183-1 to 183-4, 184, 185, 186, 191, 191-1, 192, 192-1 to 192-3, 193, 193-1 to 193-2, 194, 195, 195-1, 196, 196-1

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT A
27**

1  to 196-4, 201, 202, 203, 304, 305-1 to 305-59, 306 (errata), 307, 308, 312, 312-1 to

2  312-2, 313, 314, 314-1 to 314-3, 333, 333-1 to 333-3, 334, 334-1 to 334-13, 335,

3  338, 338-1)—and all discovery in this action and the *Siegel* action—including, but

4  not limited to, all deposition testimony and document productions.

5       Subject to and without waiving all foregoing objections, DC has conducted a

6  reasonably diligent search of the documents in the possession, custody, or control

7  of relevant custodians and produces herewith by designation or otherwise all non-

8  privileged, responsive documents.  Given that discovery is ongoing in this case, DC

9  expressly reserves its right to supplement these Responses, if need be, as more

10 information becomes available, and to use in discovery and at trial any information

11 omitted from these Responses as a result of mistake, inadvertence, or oversight.

12 **Request No. 23**

13      All DOCUMENTS that support YOUR contention that "Toberoff

14 manufactured the position that Jerry Siegel alone—to the exclusion of Shuster—

15 was the sole creator of Superboy," found in paragraph 9 of YOUR COMPLAINT.

16 **Response to Request No. 23**

17      DC objects to the Request to the extent that it requires DC to prove through

18 the discovery process its ultimate legal arguments related to the ramifications of

19 defendants' agreements and communications.  DC objects to the extent the Request

20 seeks information protected by the attorney-client privilege, the attorney work

21 product doctrine, or any other applicable privilege or immunity.

22      DC objects to the definition of "YOUR" and will respond to that term as

23 limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC

24 objects to the extent the Request seeks production of "all DOCUMENTS" on the

25 ground that such request is overly broad, unduly burdensome, oppressive, and not

26 reasonably calculated to lead to the discovery of admissible evidence, as the

27 definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As

28 used in these Responses, the phrase "all DOCUMENTS," or phrases of similar

- 25 -

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT A**
**28**

1  import, should be understood to mean those documents DC and its counsel were

2  able to locate using reasonable diligence and reasonable judgment concerning the

3  whereabouts of such documents.

4      Subject to and without waiving all foregoing objections, DC refers

5  defendants' attention to its complaint (Docket No. 49), all briefing in this action—

6  including, but not limited to, the briefing and exhibits filed in connection with

7  defendants' Rule 12 and SLAPP motions (Docket Nos. 30, 30-1 to 30-5, 31, 31-1,

8  31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2, 35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to

9  77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4, 81, 89, 90, 91, 92, 93, 94, 94-1 to 94-

10 40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100, 100-1 to 100-3, 102, 102-1, 103, 103-1,

11 106, 107, 108, 146, 146-1 to 146-4, 147, 147-1 to 147-3, 148, 148-1 to 148-5, 149,

12 150, 151, 154, 156, 181, 182, 182-1 to 182-40, 183, 183-1 to 183-4, 184, 185, 186,

13 191, 191-1, 192, 192-1 to 192-3, 193, 193-1 to 193-2, 194, 195, 195-1, 196, 196-1

14 to 196-4, 201, 202, 203, 304, 305-1 to 305-59, 306 (errata), 307, 308, 312, 312-1 to

15 312-2, 313, 314, 314-1 to 314-3, 333, 333-1 to 333-3, 334, 334-1 to 334-13, 335,

16 338, 338-1)—and all discovery in this action and the *Siegel* action—including, but

17 not limited to, all deposition testimony and document productions.  DC also refers

18 defendants to its Response to Interrogatory No. 15 in the contemporaneously served

19 Defendant Mark Warren Peary's First Set Of Interrogatories To Plaintiff DC

20 Comics.

21     Subject to and without waiving all foregoing objections, DC has conducted a

22 reasonably diligent search of the documents in the possession, custody, or control

23 of relevant custodians and produces herewith by designation or otherwise all non-

24 privileged, responsive documents.  Given that discovery is ongoing in this case, DC

25 expressly reserves its right to supplement these Responses, if need be, as more

26 information becomes available, and to use in discovery and at trial any information

27 omitted from these Responses as a result of mistake, inadvertence, or oversight.

28

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT A**
**29**

1 | **Request No. 24**

2 |     All DOCUMENTS that support YOUR contention that the "deletion of

3 | Superboy was directly contrary to the Shusters' interests and occurred solely to

4 | park all of the alleged Superboy rights with the Siegels," found in paragraph 10 of

5 | YOUR COMPLAINT.

6 | **Response to Request No. 24**

7 |     DC objects to the Request to the extent that it requires DC to prove through

8 | the discovery process its ultimate legal arguments related to the ramifications of

9 | defendants' agreements and communications.  DC objects to the extent the Request

10 | seeks information protected by the attorney-client privilege, the attorney work

11 | product doctrine, or any other applicable privilege or immunity.  DC further objects

12 | to the extent this Request seeks documents that defendants have refused to produce

13 | in response to discovery served by DC, including but not limited to the 2008

14 | "consent agreement" defendants continue to refuse to disclose.

15 |     DC objects to the definition of "YOUR" and will respond to that term as

16 | limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC

17 | objects to the extent the Request seeks production of "all DOCUMENTS" on the

18 | ground that such request is overly broad, unduly burdensome, oppressive, and not

19 | reasonably calculated to lead to the discovery of admissible evidence, as the

20 | definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As

21 | used in these Responses, the phrase "all DOCUMENTS," or phrases of similar

22 | import, should be understood to mean those documents DC and its counsel were

23 | able to locate using reasonable diligence and reasonable judgment concerning the

24 | whereabouts of such documents.

25 |     Subject to and without waiving all foregoing objections, DC refers

26 | defendants' attention to its complaint (Docket No. 49), all briefing in this action—

27 | including, but not limited to, the briefing and exhibits filed in connection with

28 | defendants' Rule 12 and SLAPP motions (Docket Nos. 30, 30-1 to 30-5, 31, 31-1,

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT A**
**30**

1    31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2, 35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to
2    77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4, 81, 89, 90, 91, 92, 93, 94, 94-1 to 94-
3    40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100, 100-1 to 100-3, 102, 102-1, 103, 103-1,
4    106, 107, 108, 146, 146-1 to 146-4, 147, 147-1 to 147-3, 148, 148-1 to 148-5, 149,
5    150, 151, 154, 156, 181, 182, 182-1 to 182-40, 183, 183-1 to 183-4, 184, 185, 186,
6    191, 191-1, 192, 192-1 to 192-3, 193, 193-1 to 193-2, 194, 195, 195-1, 196, 196-1
7    to 196-4, 201, 202, 203, 304, 305-1 to 305-59, 306 (errata), 307, 308, 312, 312-1 to
8    312-2, 313, 314, 314-1 to 314-3, 333, 333-1 to 333-3, 334, 334-1 to 334-13, 335,
9    338, 338-1)—and all discovery in this action and the *Siegel* action—including, but
10   not limited to, all deposition testimony and document productions.

11        Subject to and without waiving all foregoing objections, DC has conducted a
12   reasonably diligent search of the documents in the possession, custody, or control of
13   relevant custodians and produces herewith by designation or otherwise all non-
14   privileged, responsive documents.  Given that discovery is ongoing in this case, DC
15   expressly reserves its right to supplement these Responses, if need be, as more
16   information becomes available, and to use in discovery and at trial any information
17   omitted from these Responses as a result of mistake, inadvertence, or oversight.

18   **Request No. 25**

19        All DOCUMENTS that support YOUR contention that "Toberoff induced the
20   Siegels and Shusters to enter into agreements transferring their respective interests to
21   his companies and preventing them from conveying any rights to DC Comics
22   without each other's—and Toberoff's—consent," found in paragraph 11 of YOUR
23   COMPLAINT.

24   **Response to Request No. 25**

25        DC objects to the Request to the extent that it requires DC to prove through
26   the discovery process its ultimate legal arguments related to the ramifications of
27   defendants' agreements and communications.  DC objects to the extent the Request
28   seeks information protected by the attorney-client privilege, the attorney work

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

1    product doctrine, or any other applicable privilege or immunity.  DC further objects

2    to the extent this Request seeks documents that defendants have refused to produce

3    in response to discovery served by DC, including but not limited to the 2008

4    "consent agreement" defendants continue to refuse to disclose.

5        DC objects to the definition of "YOUR" and will respond to that term as

6    limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC

7    objects to the extent the Request seeks production of "all DOCUMENTS" on the

8    ground that such request is overly broad, unduly burdensome, oppressive, and not

9    reasonably calculated to lead to the discovery of admissible evidence, as the

10   definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As

11   used in these Responses, the phrase "all DOCUMENTS," or phrases of similar

12   import, should be understood to mean those documents DC and its counsel were

13   able to locate using reasonable diligence and reasonable judgment concerning the

14   whereabouts of such documents.

15       Subject to and without waiving all foregoing objections, DC refers

16   defendants' attention to its complaint (Docket No. 49), all briefing in this action—

17   including, but not limited to, the briefing and exhibits filed in connection with

18   defendants' Rule 12 and SLAPP motions (Docket Nos. 30, 30-1 to 30-5, 31, 31-1,

19   31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2, 35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to

20   77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4, 81, 89, 90, 91, 92, 93, 94, 94-1 to 94-

21   40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100, 100-1 to 100-3, 102, 102-1, 103, 103-1,

22   106, 107, 108, 146, 146-1 to 146-4, 147, 147-1 to 147-3, 148, 148-1 to 148-5, 149,

23   150, 151, 154, 156, 181, 182, 182-1 to 182-40, 183, 183-1 to 183-4, 184, 185, 186,

24   191, 191-1, 192, 192-1 to 192-3, 193, 193-1 to 193-2, 194, 195, 195-1, 196, 196-1

25   to 196-4, 201, 202, 203, 304, 305-1 to 305-59, 306 (errata), 307, 308, 312, 312-1 to

26   312-2, 313, 314, 314-1 to 314-3, 333, 333-1 to 333-3, 334, 334-1 to 334-13, 335,

27   338, 338-1)—and all discovery in this action and the *Siegel* action—including, but

28   not limited to, all deposition testimony and document productions.

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT A**
**32**

1      Subject to and without waiving all foregoing objections, DC has conducted a

2   reasonably diligent search of the documents in the possession, custody, or control

3   of relevant custodians and produces herewith by designation or otherwise all non-

4   privileged, responsive documents.  Given that discovery is ongoing in this case, DC

5   expressly reserves its right to supplement these Responses, if need be, as more

6   information becomes available, and to use in discovery and at trial any information

7   omitted from these Responses as a result of mistake, inadvertence, or oversight.

8   **Request No. 26**

9      All DOCUMENTS that support YOUR contention that "[d]espite their

10  previous legal battles with National and the widespread publicity surrounding this

11  legislation, neither Jerry Siegel nor Joe Shuster ever endeavored to exercise any

12  termination rights under the statute," found in paragraph 50 of YOUR

13  COMPLAINT.

14  **Response to Request No. 26**

15     DC objects to this Request to the extent that it seeks information protected by

16  the attorney-client privilege, the attorney work product doctrine, or any other

17  applicable privilege or immunity.

18     DC objects to the extent the Request seeks production of "all

19  DOCUMENTS" on the ground that such request is overly broad, unduly

20  burdensome, oppressive, and not reasonably calculated to lead to the discovery of

21  admissible evidence, as the definition of "DOCUMENTS" encompasses, *e.g.*, all

22  court filings in this case.

23     Subject to and without waiving all foregoing objections, DC refers

24  defendants' attention to documents filed in the 1947 Westchester Action

25  (DCC00046146-DCC00046243) and in *Siegel v. Nat'l Periodical Publ'ns, Inc.*, 364

26  F. Supp. 1032 (S.D.N.Y. 1973), *aff'd* 508 F.2d 909 (2d Cir. 1974).  DC also refers

27  to the termination notices served on DC by the Siegel and Shuster heirs

28  (DCC00007831-37, DCC00057538-50, WB005709-66, WB009991-10003).

- 30 -

**EXHIBIT A**
**33**

1       Subject to and without waiving all foregoing objections, DC has conducted a

2   reasonably diligent search of the documents in the possession, custody, or control

3   of relevant custodians and produces herewith by designation or otherwise all non-

4   privileged, responsive documents.  Given that discovery is ongoing in this case, DC

5   expressly reserves its right to supplement these Responses, if need be, as more

6   information becomes available, and to use in discovery and at trial any information

7   omitted from these Responses as a result of mistake, inadvertence, or oversight.

8   **Request No. 27**

9       All DOCUMENTS that support YOUR contention that "[t]he 1992

10  Agreement thus operated to revoke, rescind, and replace Shuster's prior copyright

11  grants and agreements," found in paragraph 55 of YOUR COMPLAINT.

12  **Response to Request No. 27**

13      DC objects to the Request to the extent that it requires DC to prove through

14  the discovery process its ultimate legal arguments related to the ramifications of

15  defendants' agreements and communications.  DC objects to the extent the Request

16  seeks information protected by the attorney-client privilege, the attorney work

17  product doctrine, or any other applicable privilege or immunity.

18      DC objects to the definition of "YOUR" and will respond to that term as

19  limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC

20  objects to the extent the Request seeks production of "all DOCUMENTS" on the

21  ground that such request is overly broad, unduly burdensome, oppressive, and not

22  reasonably calculated to lead to the discovery of admissible evidence, as the

23  definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As

24  used in these Responses, the phrase "all DOCUMENTS," or phrases of similar

25  import, should be understood to mean those documents DC and its counsel were

26  able to locate using reasonable diligence and reasonable judgment concerning the

27  whereabouts of such documents.

28

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT A**

**34**

1       Subject to and without waiving all foregoing objections, DC refers

2   defendants' attention to its complaint (Docket No. 49), all briefing in this action—

3   including, but not limited to, the briefing and exhibits filed in connection with

4   defendants' Rule 12 and SLAPP motions (Docket Nos. 30, 30-1 to 30-5, 31, 31-1,

5   31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2, 35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to

6   77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4, 81, 89, 90, 91, 92, 93, 94, 94-1 to 94-

7   40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100, 100-1 to 100-3, 102, 102-1, 103, 103-1,

8   106, 107, 108, 146, 146-1 to 146-4, 147, 147-1 to 147-3, 148, 148-1 to 148-5, 149,

9   150, 151, 154, 156, 181, 182, 182-1 to 182-40, 183, 183-1 to 183-4, 184, 185, 186,

10  191, 191-1, 192, 192-1 to 192-3, 193, 193-1 to 193-2, 194, 195, 195-1, 196, 196-1

11  to 196-4, 201, 202, 203, 304, 305-1 to 305-59, 306 (errata), 307, 308, 312, 312-1 to

12  312-2, 313, 314, 314-1 to 314-3, 333, 333-1 to 333-3, 334, 334-1 to 334-13, 335,

13  338, 338-1)—and all discovery in this action and the *Siegel* action—including, but

14  not limited to, all deposition testimony and document productions.

15      Subject to and without waiving all foregoing objections, DC has conducted a

16  reasonably diligent search of the documents in the possession, custody, or control

17  of relevant custodians and produces herewith by designation or otherwise all non-

18  privileged, responsive documents.  Given that discovery is ongoing in this case, DC

19  expressly reserves its right to supplement these Responses, if need be, as more

20  information becomes available, and to use in discovery and at trial any information

21  omitted from these Responses as a result of mistake, inadvertence, or oversight.

22  **Request No. 28**

23      All DOCUMENTS that support YOUR contention that "[a]fter the 1992

24  Agreement, DC Comics enjoyed an amicable relationship with the Shuster Heirs,"

25  found in paragraph 55 of YOUR COMPLAINT.

26  **Response to Request No. 28**

27      DC objects to the Request to the extent that it requires DC to prove through

28  the discovery process its ultimate legal arguments related to the ramifications of

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT A
35**

1    defendants' agreements and communications.  DC objects to the extent the Request

2    seeks information protected by the attorney-client privilege, the attorney work

3    product doctrine, or any other applicable privilege or immunity.

4         DC objects to the definition of "YOUR" and will respond to that term as

5    limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC

6    objects to the extent the Request seeks production of "all DOCUMENTS" on the

7    ground that such request is overly broad, unduly burdensome, oppressive, and not

8    reasonably calculated to lead to the discovery of admissible evidence, as the

9    definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As

10   used in these Responses, the phrase "all DOCUMENTS," or phrases of similar

11   import, should be understood to mean those documents DC and its counsel were

12   able to locate using reasonable diligence and reasonable judgment concerning the

13   whereabouts of such documents.

14        Subject to and without waiving all foregoing objections, DC refers

15   defendants' attention to its complaint (Docket No. 49), all briefing in this action—

16   including, but not limited to, the briefing and exhibits filed in connection with

17   defendants' Rule 12 and SLAPP motions (Docket Nos. 30, 30-1 to 30-5, 31, 31-1,

18   31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2, 35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to

19   77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4, 81, 89, 90, 91, 92, 93, 94, 94-1 to 94-

20   40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100, 100-1 to 100-3, 102, 102-1, 103, 103-1,

21   106, 107, 108, 146, 146-1 to 146-4, 147, 147-1 to 147-3, 148, 148-1 to 148-5, 149,

22   150, 151, 154, 156, 181, 182, 182-1 to 182-40, 183, 183-1 to 183-4, 184, 185, 186,

23   191, 191-1, 192, 192-1 to 192-3, 193, 193-1 to 193-2, 194, 195, 195-1, 196, 196-1

24   to 196-4, 201, 202, 203, 304, 305-1 to 305-59, 306 (errata), 307, 308, 312, 312-1 to

25   312-2, 313, 314, 314-1 to 314-3, 333, 333-1 to 333-3, 334, 334-1 to 334-13, 335,

26   338, 338-1)—and all discovery in this action and the *Siegel* action—including, but

27   not limited to, all deposition testimony and document productions.

28

- 33 -

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT A**
**36**

1    Subject to and without waiving all foregoing objections, DC has conducted a

2   reasonably diligent search of the documents in the possession, custody, or control

3   of relevant custodians and produces herewith by designation or otherwise all non-

4   privileged, responsive documents.  Given that discovery is ongoing in this case, DC

5   expressly reserves its right to supplement these Responses, if need be, as more

6   information becomes available, and to use in discovery and at trial any information

7   omitted from these Responses as a result of mistake, inadvertence, or oversight.

8   **Request No. 29**

9    All DOCUMENTS that support YOUR contention that "the clear effect of

10  the 1992 Agreement was to revoke and regrant any prior copyright grants that could

11  otherwise have been subject to termination," found in paragraph 56 of YOUR

12  COMPLAINT.

13  **Response to Request No. 29**

14    DC objects to the Request to the extent that it requires DC to prove through

15  the discovery process its ultimate legal arguments related to the ramifications of

16  defendants' agreements and communications.  DC objects to the extent the Request

17  seeks information protected by the attorney-client privilege, the attorney work

18  product doctrine, or any other applicable privilege or immunity.

19    DC objects to the definition of "YOUR" and will respond to that term as

20  limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC

21  objects to the extent the Request seeks production of "all DOCUMENTS" on the

22  ground that such request is overly broad, unduly burdensome, oppressive, and not

23  reasonably calculated to lead to the discovery of admissible evidence, as the

24  definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As

25  used in these Responses, the phrase "all DOCUMENTS," or phrases of similar

26  import, should be understood to mean those documents DC and its counsel were

27  able to locate using reasonable diligence and reasonable judgment concerning the

28  whereabouts of such documents.

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT A**
**37**

1     Subject to and without waiving all foregoing objections, DC refers

2  defendants' attention to its complaint (Docket No. 49), all briefing in this action—

3  including, but not limited to, the briefing and exhibits filed in connection with

4  defendants' Rule 12 and SLAPP motions (Docket Nos. 30, 30-1 to 30-5, 31, 31-1,

5  31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2, 35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to

6  77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4, 81, 89, 90, 91, 92, 93, 94, 94-1 to 94-

7  40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100, 100-1 to 100-3, 102, 102-1, 103, 103-1,

8  106, 107, 108, 146, 146-1 to 146-4, 147, 147-1 to 147-3, 148, 148-1 to 148-5, 149,

9  150, 151, 154, 156, 181, 182, 182-1 to 182-40, 183, 183-1 to 183-4, 184, 185, 186,

10  191, 191-1, 192, 192-1 to 192-3, 193, 193-1 to 193-2, 194, 195, 195-1, 196, 196-1

11  to 196-4, 201, 202, 203, 304, 305-1 to 305-59, 306 (errata), 307, 308, 312, 312-1 to

12  312-2, 313, 314, 314-1 to 314-3, 333, 333-1 to 333-3, 334, 334-1 to 334-13, 335,

13  338, 338-1)—and all discovery in this action and the *Siegel* action—including, but

14  not limited to, all deposition testimony and document productions.

15     Subject to and without waiving all foregoing objections, DC has conducted a

16  reasonably diligent search of the documents in the possession, custody, or control

17  of relevant custodians and produces herewith by designation or otherwise all non-

18  privileged, responsive documents.  Given that discovery is ongoing in this case, DC

19  expressly reserves its right to supplement these Responses, if need be, as more

20  information becomes available, and to use in discovery and at trial any information

21  omitted from these Responses as a result of mistake, inadvertence, or oversight.

22  **Request No. 30**

23     All DOCUMENTS that support YOUR contention that "[i]n 2001, Toberoff

24  and his motion-picture production company, Pacific Pictures, induced the Shuster

25  Heirs to violate their 1992 Agreement and wrongfully attempt to acquire and

26  exploit future copyright interests in Superman," found in paragraph 58 of YOUR

27  COMPLAINT.

28

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

1   **Response to Request No. 30**

2       DC objects to the Request to the extent that it requires DC to prove through

3   the discovery process its ultimate legal arguments related to the ramifications of

4   defendants' agreements and communications.  DC objects to the extent the Request

5   seeks information protected by the attorney-client privilege, the attorney work

6   product doctrine, or any other applicable privilege or immunity.

7       DC objects to the definition of "YOUR" and will respond to that term as

8   limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC

9   objects to the extent the Request seeks production of "all DOCUMENTS" on the

10  ground that such request is overly broad, unduly burdensome, oppressive, and not

11  reasonably calculated to lead to the discovery of admissible evidence, as the

12  definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As

13  used in these Responses, the phrase "all DOCUMENTS," or phrases of similar

14  import, should be understood to mean those documents DC and its counsel were

15  able to locate using reasonable diligence and reasonable judgment concerning the

16  whereabouts of such documents.

17      Subject to and without waiving all foregoing objections, DC refers

18  defendants' attention to its complaint (Docket No. 49), all briefing in this action—

19  including, but not limited to, the briefing and exhibits filed in connection with

20  defendants' Rule 12 and SLAPP motions (Docket Nos. 30, 30-1 to 30-5, 31, 31-1,

21  31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2, 35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to

22  77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4, 81, 89, 90, 91, 92, 93, 94, 94-1 to 94-

23  40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100, 100-1 to 100-3, 102, 102-1, 103, 103-1,

24  106, 107, 108, 146, 146-1 to 146-4, 147, 147-1 to 147-3, 148, 148-1 to 148-5, 149,

25  150, 151, 154, 156, 181, 182, 182-1 to 182-40, 183, 183-1 to 183-4, 184, 185, 186,

26  191, 191-1, 192, 192-1 to 192-3, 193, 193-1 to 193-2, 194, 195, 195-1, 196, 196-1

27  to 196-4, 201, 202, 203, 304, 305-1 to 305-59, 306 (errata), 307, 308, 312, 312-1 to

28  312-2, 313, 314, 314-1 to 314-3, 333, 333-1 to 333-3, 334, 334-1 to 334-13, 335,

- 36 -

1   338, 338-1)—and all discovery in this action and the *Siegel* action—including, but

2   not limited to, all deposition testimony and document productions.

3        Subject to and without waiving all foregoing objections, DC has conducted a

4   reasonably diligent search of the documents in the possession, custody, or control

5   of relevant custodians and produces herewith by designation or otherwise all non-

6   privileged, responsive documents.  Given that discovery is ongoing in this case, DC

7   expressly reserves its right to supplement these Responses, if need be, as more

8   information becomes available, and to use in discovery and at trial any information

9   omitted from these Responses as a result of mistake, inadvertence, or oversight.

10  **Request No. 31**

11        All DOCUMENTS that support YOUR contention that "Toberoff made

12  contact with the Shuster Heirs and embarked on a course of conduct with them to

13  disrupt their relationship with DC Comics, including DC Comics' rights under the

14  1992 Agreement," found in paragraph 60 of YOUR COMPLAINT.

15  **Response to Request No. 31**

16        DC objects to the Request to the extent that it requires DC to prove through

17  the discovery process its ultimate legal arguments related to the ramifications of

18  defendants' agreements and communications.  DC objects to the extent the Request

19  seeks information protected by the attorney-client privilege, the attorney work

20  product doctrine, or any other applicable privilege or immunity.  DC further objects

21  to the extent this Request seeks documents that defendants have refused to produce

22  in response to discovery served by DC, including but not limited to the 2008

23  "consent agreement" defendants continue to refuse to disclose.

24        DC objects to the definition of "YOUR" and will respond to that term as

25  limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC

26  objects to the extent the Request seeks production of "all DOCUMENTS" on the

27  ground that such request is overly broad, unduly burdensome, oppressive, and not

28  reasonably calculated to lead to the discovery of admissible evidence, as the

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

1    definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As

2    used in these Responses, the phrase "all DOCUMENTS," or phrases of similar

3    import, should be understood to mean those documents DC and its counsel were

4    able to locate using reasonable diligence and reasonable judgment concerning the

5    whereabouts of such documents.

6        Subject to and without waiving all foregoing objections, DC refers

7    defendants' attention to its complaint (Docket No. 49), all briefing in this action—

8    including, but not limited to, the briefing and exhibits filed in connection with

9    defendants' Rule 12 and SLAPP motions (Docket Nos. 30, 30-1 to 30-5, 31, 31-1,

10   31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2, 35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to

11   77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4, 81, 89, 90, 91, 92, 93, 94, 94-1 to 94-

12   40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100, 100-1 to 100-3, 102, 102-1, 103, 103-1,

13   106, 107, 108, 146, 146-1 to 146-4, 147, 147-1 to 147-3, 148, 148-1 to 148-5, 149,

14   150, 151, 154, 156, 181, 182, 182-1 to 182-40, 183, 183-1 to 183-4, 184, 185, 186,

15   191, 191-1, 192, 192-1 to 192-3, 193, 193-1 to 193-2, 194, 195, 195-1, 196, 196-1

16   to 196-4, 201, 202, 203, 304, 305-1 to 305-59, 306 (errata), 307, 308, 312, 312-1 to

17   312-2, 313, 314, 314-1 to 314-3, 333, 333-1 to 333-3, 334, 334-1 to 334-13, 335,

18   338, 338-1)—and all discovery in this action and the *Siegel* action—including, but

19   not limited to, all deposition testimony and document productions.

20       Subject to and without waiving all foregoing objections, DC has conducted a

21   reasonably diligent search of the documents in the possession, custody, or control

22   of relevant custodians and produces herewith by designation or otherwise all non-

23   privileged, responsive documents.  Given that discovery is ongoing in this case, DC

24   expressly reserves its right to supplement these Responses, if need be, as more

25   information becomes available, and to use in discovery and at trial any information

26   omitted from these Responses as a result of mistake, inadvertence, or oversight.

27

28

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT A**
**41**

1    **Request No. 32**

2        All DOCUMENTS that support YOUR contention that "Toberoff used the

3    Shuster Heirs to gain access to the heirs of Jerry Siegel, Joanne Siegel and Laura

4    Siegel Larson," found in paragraph 66 of YOUR COMPLAINT.

5    **Response to Request No. 32**

6        DC objects to the Request to the extent that it requires DC to prove through

7    the discovery process its ultimate legal arguments related to the ramifications of

8    defendants' agreements and communications.  DC objects to the extent the Request

9    seeks information protected by the attorney-client privilege, the attorney work

10   product doctrine, or any other applicable privilege or immunity.

11       DC objects to the definition of "YOUR" and will respond to that term as

12   limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC

13   objects to the extent the Request seeks production of "all DOCUMENTS" on the

14   ground that such request is overly broad, unduly burdensome, oppressive, and not

15   reasonably calculated to lead to the discovery of admissible evidence, as the

16   definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As

17   used in these Responses, the phrase "all DOCUMENTS," or phrases of similar

18   import, should be understood to mean those documents DC and its counsel were

19   able to locate using reasonable diligence and reasonable judgment concerning the

20   whereabouts of such documents.

21       Subject to and without waiving all foregoing objections, DC refers

22   defendants' attention to its complaint (Docket No. 49), all briefing in this action—

23   including, but not limited to, the briefing and exhibits filed in connection with

24   defendants' Rule 12 and SLAPP motions (Docket Nos. 30, 30-1 to 30-5, 31, 31-1,

25   31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2, 35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to

26   77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4, 81, 89, 90, 91, 92, 93, 94, 94-1 to 94-

27   40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100, 100-1 to 100-3, 102, 102-1, 103, 103-1,

28   106, 107, 108, 146, 146-1 to 146-4, 147, 147-1 to 147-3, 148, 148-1 to 148-5, 149,

- 39 -

150, 151, 154, 156, 181, 182, 182-1 to 182-40, 183, 183-1 to 183-4, 184, 185, 186, 191, 191-1, 192, 192-1 to 192-3, 193, 193-1 to 193-2, 194, 195, 195-1, 196, 196-1 to 196-4, 201, 202, 203, 304, 305-1 to 305-59, 306 (errata), 307, 308, 312, 312-1 to 312-2, 313, 314, 314-1 to 314-3, 333, 333-1 to 333-3, 334, 334-1 to 334-13, 335, 338, 338-1)—and all discovery in this action and the *Siegel* action—including, but not limited to, all deposition testimony and document productions.

Subject to and without waiving all foregoing objections, DC has conducted a reasonably diligent search of the documents in the possession, custody, or control of relevant custodians and produces herewith by designation or otherwise all non-privileged, responsive documents. Given that discovery is ongoing in this case, DC expressly reserves its right to supplement these Responses, if need be, as more information becomes available, and to use in discovery and at trial any information omitted from these Responses as a result of mistake, inadvertence, or oversight.

**Request No. 33**

All DOCUMENTS that support YOUR contention that "[o]n or around February 9, 2002, Toberoff approached Steven Spira, a Warner Bros. Pictures executive, at a social function and told him: 'You have a Superman rights problem,'" found in paragraph 73 of YOUR COMPLAINT.

**Response to Request No. 33**

DC objects to the Request to the extent that it requires DC to prove through the discovery process its ultimate legal arguments related to the ramifications of defendants' agreements and communications. DC objects to the extent the Request seeks information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity.

DC objects to the definition of "YOUR" and will respond to that term as limited to relevant representatives of DC and Warner Bros. Entertainment Inc. DC objects to the extent the Request seeks production of "all DOCUMENTS" on the ground that such request is overly broad, unduly burdensome, oppressive, and not

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT A**
**43**

1    reasonably calculated to lead to the discovery of admissible evidence, as the

2    definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As

3    used in these Responses, the phrase "all DOCUMENTS," or phrases of similar

4    import, should be understood to mean those documents DC and its counsel were

5    able to locate using reasonable diligence and reasonable judgment concerning the

6    whereabouts of such documents.

7        Subject to and without waiving all foregoing objections, DC refers

8    defendants' attention to its complaint (Docket No. 49), all briefing in this action—

9    including, but not limited to, the briefing and exhibits filed in connection with

10   defendants' Rule 12 and SLAPP motions (Docket Nos. 30, 30-1 to 30-5, 31, 31-1,

11   31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2, 35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to

12   77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4, 81, 89, 90, 91, 92, 93, 94, 94-1 to 94-

13   40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100, 100-1 to 100-3, 102, 102-1, 103, 103-1,

14   106, 107, 108, 146, 146-1 to 146-4, 147, 147-1 to 147-3, 148, 148-1 to 148-5, 149,

15   150, 151, 154, 156, 181, 182, 182-1 to 182-40, 183, 183-1 to 183-4, 184, 185, 186,

16   191, 191-1, 192, 192-1 to 192-3, 193, 193-1 to 193-2, 194, 195, 195-1, 196, 196-1

17   to 196-4, 201, 202, 203, 304, 305-1 to 305-59, 306 (errata), 307, 308, 312, 312-1 to

18   312-2, 313, 314, 314-1 to 314-3, 333, 333-1 to 333-3, 334, 334-1 to 334-13, 335,

19   338, 338-1)—and all discovery in this action and the *Siegel* action—including, but

20   not limited to, all deposition testimony and document productions.

21       Subject to and without waiving all foregoing objections, DC has conducted a

22   reasonably diligent search of the documents in the possession, custody, or control

23   of relevant custodians and produces herewith by designation or otherwise all non-

24   privileged, responsive documents.  Given that discovery is ongoing in this case, DC

25   expressly reserves its right to supplement these Responses, if need be, as more

26   information becomes available, and to use in discovery and at trial any information

27   omitted from these Responses as a result of mistake, inadvertence, or oversight.

28

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT A
44**

1    **Request No. 34**

2        All DOCUMENTS that support YOUR contention that "as a result of the

3    Siegel-Toberoff Agreement and IP Worldwide Agreement, Toberoff now owns a

4    45% financial interest in the Siegel Heirs' purported Superman rights," found in

5    paragraph 84 of YOUR COMPLAINT.

6    **Request No. 34**

7        DC objects to the Request to the extent that it requires DC to prove through

8    the discovery process its ultimate legal arguments related to the ramifications of

9    defendants' agreements and communications.  DC objects to the extent the Request

10   seeks information protected by the attorney-client privilege, the attorney work

11   product doctrine, or any other applicable privilege or immunity.  DC further objects

12   to the extent this Request seeks documents that defendants have refused to produce

13   in response to discovery served by DC, including but not limited to the 2008

14   "consent agreement" defendants continue to refuse to disclose.

15       DC objects to the definition of "YOUR" and will respond to that term as

16   limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC

17   objects to the extent the Request seeks production of "all DOCUMENTS" on the

18   ground that such request is overly broad, unduly burdensome, oppressive, and not

19   reasonably calculated to lead to the discovery of admissible evidence, as the

20   definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As

21   used in these Responses, the phrase "all DOCUMENTS," or phrases of similar

22   import, should be understood to mean those documents DC and its counsel were

23   able to locate using reasonable diligence and reasonable judgment concerning the

24   whereabouts of such documents.

25       Subject to and without waiving all foregoing objections, DC refers

26   defendants' attention to its complaint (Docket No. 49), all briefing in this action—

27   including, but not limited to, the briefing and exhibits filed in connection with

28   defendants' Rule 12 and SLAPP motions (Docket Nos. 30, 30-1 to 30-5, 31, 31-1,

- 42 -

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT A**
**45**

1   31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2, 35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to

2   77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4, 81, 89, 90, 91, 92, 93, 94, 94-1 to 94-

3   40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100, 100-1 to 100-3, 102, 102-1, 103, 103-1,

4   106, 107, 108, 146, 146-1 to 146-4, 147, 147-1 to 147-3, 148, 148-1 to 148-5, 149,

5   150, 151, 154, 156, 181, 182, 182-1 to 182-40, 183, 183-1 to 183-4, 184, 185, 186,

6   191, 191-1, 192, 192-1 to 192-3, 193, 193-1 to 193-2, 194, 195, 195-1, 196, 196-1

7   to 196-4, 201, 202, 203, 304, 305-1 to 305-59, 306 (errata), 307, 308, 312, 312-1 to

8   312-2, 313, 314, 314-1 to 314-3, 333, 333-1 to 333-3, 334, 334-1 to 334-13, 335,

9   338, 338-1)—and all discovery in this action and the *Siegel* action—including, but

10  not limited to, all deposition testimony and document productions.

11      Subject to and without waiving all foregoing objections, DC has conducted a

12  reasonably diligent search of the documents in the possession, custody, or control

13  of relevant custodians and produces herewith by designation or otherwise all non-

14  privileged, responsive documents.  Given that discovery is ongoing in this case, DC

15  expressly reserves its right to supplement these Responses, if need be, as more

16  information becomes available, and to use in discovery and at trial any information

17  omitted from these Responses as a result of mistake, inadvertence, or oversight.

18  **Request No. 35**

19      All DOCUMENTS that support YOUR contention that the November 8, 2002

20  "Superboy" termination notice "not only erroneously stated that Superboy was a

21  copyrightable work not derivative of Superman, but falsely recited that Superboy

22  was created solely by Siegel (without contribution from Shuster)," and that

23  "Defendants knew these claims were false," found in paragraphs 86-87 of YOUR

24  COMPLAINT.

25  **Response to Request No. 35**

26      DC objects to the Request to the extent that it requires DC to prove through

27  the discovery process its ultimate legal arguments related to the ramifications of

28  defendants' agreements and communications.  DC further objects to this Request to

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

1    the extent that it seeks information protected by the attorney-client privilege, the

2    attorney work product doctrine, or any other applicable privilege or immunity.

3         DC objects to the definition of "YOUR" and will respond to that term as

4    limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC

5    objects to the extent the Request seeks production of "all DOCUMENTS" on the

6    ground that such request is overly broad, unduly burdensome, oppressive, and not

7    reasonably calculated to lead to the discovery of admissible evidence, as the

8    definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As

9    used in these Responses, the phrase "all DOCUMENTS," or phrases of similar

10   import, should be understood to mean those documents DC and its counsel were

11   able to locate using reasonable diligence and judgment concerning the whereabouts

12   of such documents.  Such phraseology should not be construed as a representation

13   that each and every document in DC's possession has been examined in connection

14   with these Responses or any production pursuant thereto.

15        Subject to and without waiving all foregoing objections, DC refers your

16   attention to its complaint and attached exhibit (Docket No. 49, Docket No. 49 Ex.

17   A), all briefing in this action—including, but not limited to, the briefing and

18   exhibits filed in connection with defendants' Rule 12 and SLAPP motions (Docket

19   Nos. 30, 30-1 to 30-5, 31, 31-1, 31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2, 35, 36,

20   75, 75-1 to 75-5, 76, 77, 77-1 to 77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4, 81, 89,

21   90, 91, 92, 93, 94, 94-1 to 94-40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100, 100-1 to

22   100-3, 102, 102-1, 103, 103-1, 106, 107, 108, 146, 146-1 to 146-4, 147, 147-1 to

23   147-3, 148, 148-1 to 148-5, 149, 150, 151, 154, 156, 181, 182, 182-1 to 182-40,

24   183, 183-1 to 183-4, 184, 185, 186, 191, 191-1, 192, 192-1 to 192-3, 193, 193-1 to

25   193-2, 194, 195, 195-1, 196, 196-1 to 196-4, 201, 202, 203, 304, 305-1 to 305-59,

26   306 (errata), 307, 308, 312, 312-1 to 312-2, 313, 314, 314-1 to 314-3, 333, 333-1 to

27   333-3, 334, 334-1 to 334-13, 335, 338, 338-1)—and all discovery in this action and

28   the *Siegel* action—including, but not limited to, all deposition testimony and

- 44 -

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT A**
**47**

1  document productions (DCC00000001-154435 and WB000001-149488).  DC also

2  refers defendants to its Response to Interrogatory No. 15 in the contemporaneously

3  served Defendant Mark Warren Peary's First Set Of Interrogatories To Plaintiff DC

4  Comics.

5       Given that discovery is ongoing in this case, and expert discovery has not yet

6  begun, DC expressly reserves its right to supplement these Responses as more

7  information becomes available, and to use in discovery and at trial any information

8  omitted from these Responses as a result of mistake, inadvertence, or oversight.

9  **Request No. 36**

10      All DOCUMENTS that support YOUR contention that "[t]hrough Pacific

11  Pictures, Toberoff manipulated the Siegel and Shuster Heirs into falsely positioning

12  Siegel as the sole creator of any putative copyrightable elements in Superboy," and

13  that "[t]hey did so to enable the Siegels to claim a sole ownership interest in

14  Superboy elements allegedly subject to recapture and thereby prevent DC Comics

15  from exploiting Superboy without the Siegels' authorization and without being

16  subject to claims of copyright infringement," found in paragraph 89 of YOUR

17  COMPLAINT.

18  **Response to Request No. 36**

19      DC objects to the Request to the extent that it requires DC to prove through

20  the discovery process its ultimate legal arguments related to the ramifications of

21  defendants' agreements and communications.  DC objects to the extent the Request

22  seeks information protected by the attorney-client privilege, the attorney work

23  product doctrine, or any other applicable privilege or immunity.

24      DC objects to the definition of "YOUR" and will respond to that term as

25  limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC

26  objects to the extent the Request seeks production of "all DOCUMENTS" on the

27  ground that such request is overly broad, unduly burdensome, oppressive, and not

28  reasonably calculated to lead to the discovery of admissible evidence, as the

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT A**
**48**

1    definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As

2    used in these Responses, the phrase "all DOCUMENTS," or phrases of similar

3    import, should be understood to mean those documents DC and its counsel were

4    able to locate using reasonable diligence and reasonable judgment concerning the

5    whereabouts of such documents.

6          Subject to and without waiving all foregoing objections, DC refers

7    defendants' attention to its complaint (Docket No. 49), all briefing in this action—

8    including, but not limited to, the briefing and exhibits filed in connection with

9    defendants' Rule 12 and SLAPP motions (Docket Nos. 30, 30-1 to 30-5, 31, 31-1,

10   31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2, 35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to

11   77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4, 81, 89, 90, 91, 92, 93, 94, 94-1 to 94-

12   40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100, 100-1 to 100-3, 102, 102-1, 103, 103-1,

13   106, 107, 108, 146, 146-1 to 146-4, 147, 147-1 to 147-3, 148, 148-1 to 148-5, 149,

14   150, 151, 154, 156, 181, 182, 182-1 to 182-40, 183, 183-1 to 183-4, 184, 185, 186,

15   191, 191-1, 192, 192-1 to 192-3, 193, 193-1 to 193-2, 194, 195, 195-1, 196, 196-1

16   to 196-4, 201, 202, 203, 304, 305-1 to 305-59, 306 (errata), 307, 308, 312, 312-1 to

17   312-2, 313, 314, 314-1 to 314-3, 333, 333-1 to 333-3, 334, 334-1 to 334-13, 335,

18   338, 338-1)—and all discovery in this action and the *Siegel* action—including, but

19   not limited to, all deposition testimony and document productions.  DC also refers

20   defendants to its Response to Interrogatory No. 15 in the contemporaneously served

21   Defendant Mark Warren Peary's First Set Of Interrogatories To Plaintiff DC

22   Comics.

23         Subject to and without waiving all foregoing objections, DC has conducted a

24   reasonably diligent search of the documents in the possession, custody, or control

25   of relevant custodians and produces herewith by designation or otherwise all non-

26   privileged, responsive documents.  Given that discovery is ongoing in this case, DC

27   expressly reserves its right to supplement these Responses, if need be, as more

28

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT A**
**49**

1  information becomes available, and to use in discovery and at trial any information

2  omitted from these Responses as a result of mistake, inadvertence, or oversight.

3  **Request No. 37**

4      All DOCUMENTS that support YOUR contention that "Toberoff (acting

5  through Pacific Pictures) caused the Shuster Heirs to remove from the 2001 joint

6  venture between Pacific Pictures and the Shuster Heirs all claims by the Shusters to

7  alleged rights in any and all Superboy elements," found in paragraph 90 of YOUR

8  COMPLAINT.

9  **Response to Request No. 37**

10     DC objects to the Request to the extent that it requires DC to prove through

11 the discovery process its ultimate legal arguments related to the ramifications of

12 defendants' agreements and communications.  DC objects to the extent the Request

13 seeks information protected by the attorney-client privilege, the attorney work

14 product doctrine, or any other applicable privilege or immunity.

15     DC objects to the definition of "YOUR" and will respond to that term as

16 limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC

17 objects to the extent the Request seeks production of "all DOCUMENTS" on the

18 ground that such request is overly broad, unduly burdensome, oppressive, and not

19 reasonably calculated to lead to the discovery of admissible evidence, as the

20 definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As

21 used in these Responses, the phrase "all DOCUMENTS," or phrases of similar

22 import, should be understood to mean those documents DC and its counsel were

23 able to locate using reasonable diligence and reasonable judgment concerning the

24 whereabouts of such documents.

25     Subject to and without waiving all foregoing objections, DC refers

26 defendants' attention to its complaint (Docket No. 49), all briefing in this action—

27 including, but not limited to, the briefing and exhibits filed in connection with

28 defendants' Rule 12 and SLAPP motions (Docket Nos. 30, 30-1 to 30-5, 31, 31-1,

- 47 -

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT A**
**50**

1    31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2, 35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to

2    77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4, 81, 89, 90, 91, 92, 93, 94, 94-1 to 94-

3    40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100, 100-1 to 100-3, 102, 102-1, 103, 103-1,

4    106, 107, 108, 146, 146-1 to 146-4, 147, 147-1 to 147-3, 148, 148-1 to 148-5, 149,

5    150, 151, 154, 156, 181, 182, 182-1 to 182-40, 183, 183-1 to 183-4, 184, 185, 186,

6    191, 191-1, 192, 192-1 to 192-3, 193, 193-1 to 193-2, 194, 195, 195-1, 196, 196-1

7    to 196-4, 201, 202, 203, 304, 305-1 to 305-59, 306 (errata), 307, 308, 312, 312-1 to

8    312-2, 313, 314, 314-1 to 314-3, 333, 333-1 to 333-3, 334, 334-1 to 334-13, 335,

9    338, 338-1)—and all discovery in this action and the *Siegel* action—including, but

10   not limited to, all deposition testimony and document productions.  DC also refers

11   defendants to its Response to Interrogatory No. 15 in the contemporaneously served

12   Defendant Mark Warren Peary's First Set Of Interrogatories To Plaintiff DC

13   Comics.

14         Subject to and without waiving all foregoing objections, DC has conducted a

15   reasonably diligent search of the documents in the possession, custody, or control

16   of relevant custodians and produces herewith by designation or otherwise all non-

17   privileged, responsive documents.  Given that discovery is ongoing in this case, DC

18   expressly reserves its right to supplement these Responses, if need be, as more

19   information becomes available, and to use in discovery and at trial any information

20   omitted from these Responses as a result of mistake, inadvertence, or oversight.

21   **Request No. 38**

22         All DOCUMENTS that support YOUR contention that "Toberoff induced the

23   Shuster Heirs to disclaim any interest in Superboy so that Toberoff could position

24   the Siegel Heirs to recapture 100% of these rights and assert a copyright

25   infringement action against DC Comics," found in paragraph 90 of YOUR

26   COMPLAINT.

27

28

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**Request No. 38**

DC objects to the Request to the extent that it requires DC to prove through the discovery process its ultimate legal arguments related to the ramifications of defendants' agreements and communications.  DC objects to the extent the Request seeks information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity.  DC further objects to the extent this Request seeks documents that defendants have refused to produce in response to discovery served by DC, including but not limited to the 2008 "consent agreement" defendants continue to refuse to disclose.

DC objects to the definition of "YOUR" and will respond to that term as limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC objects to the extent the Request seeks production of "all DOCUMENTS" on the ground that such request is overly broad, unduly burdensome, oppressive, and not reasonably calculated to lead to the discovery of admissible evidence, as the definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As used in these Responses, the phrase "all DOCUMENTS," or phrases of similar import, should be understood to mean those documents DC and its counsel were able to locate using reasonable diligence and reasonable judgment concerning the whereabouts of such documents.

Subject to and without waiving all foregoing objections, DC refers defendants' attention to its complaint (Docket No. 49), all briefing in this action— including, but not limited to, the briefing and exhibits filed in connection with defendants' Rule 12 and SLAPP motions (Docket Nos. 30, 30-1 to 30-5, 31, 31-1, 31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2, 35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to 77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4, 81, 89, 90, 91, 92, 93, 94, 94-1 to 94-40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100, 100-1 to 100-3, 102, 102-1, 103, 103-1, 106, 107, 108, 146, 146-1 to 146-4, 147, 147-1 to 147-3, 148, 148-1 to 148-5, 149, 150, 151, 154, 156, 181, 182, 182-1 to 182-40, 183, 183-1 to 183-4, 184, 185, 186,

- 49 -

1    191, 191-1, 192, 192-1 to 192-3, 193, 193-1 to 193-2, 194, 195, 195-1, 196, 196-1

2    to 196-4, 201, 202, 203, 304, 305-1 to 305-59, 306 (errata), 307, 308, 312, 312-1 to

3    312-2, 313, 314, 314-1 to 314-3, 333, 333-1 to 333-3, 334, 334-1 to 334-13, 335,

4    338, 338-1)—and all discovery in this action and the *Siegel* action—including, but

5    not limited to, all deposition testimony and document productions. DC also refers

6    defendants to its Response to Interrogatory No. 15 in the contemporaneously served

7    Defendant Mark Warren Peary's First Set Of Interrogatories To Plaintiff DC

8    Comics.

9    Subject to and without waiving all foregoing objections, DC has conducted a

10    reasonably diligent search of the documents in the possession, custody, or control

11    of relevant custodians and produces herewith by designation or otherwise all non-

12    privileged, responsive documents. Given that discovery is ongoing in this case, DC

13    expressly reserves its right to supplement these Responses, if need be, as more

14    information becomes available, and to use in discovery and at trial any information

15    omitted from these Responses as a result of mistake, inadvertence, or oversight.

16    **Request No. 39**

17    All DOCUMENTS that support YOUR contention that "IP Worldwide is the

18    Toberoff entity which, upon information and belief, holds a portion of the Siegel

19    Heirs' Superman and Superboy rights pursuant to the IP Worldwide Agreement,"

20    found in paragraph 93 of YOUR COMPLAINT.

21    **Response to Request No. 39**

22    DC objects to the Request to the extent that it requires DC to prove through

23    the discovery process its ultimate legal arguments related to the ramifications of

24    defendants' agreements and communications. DC objects to the extent the Request

25    seeks information protected by the attorney-client privilege, the attorney work

26    product doctrine, or any other applicable privilege or immunity.

27    DC objects to the definition of "YOUR" and will respond to that term as

28    limited to relevant representatives of DC and Warner Bros. Entertainment Inc. DC

**EXHIBIT A**
**53**

1    objects to the extent the Request seeks production of "all DOCUMENTS" on the

2    ground that such request is overly broad, unduly burdensome, oppressive, and not

3    reasonably calculated to lead to the discovery of admissible evidence, as the

4    definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As

5    used in these Responses, the phrase "all DOCUMENTS," or phrases of similar

6    import, should be understood to mean those documents DC and its counsel were

7    able to locate using reasonable diligence and reasonable judgment concerning the

8    whereabouts of such documents.

9         Subject to and without waiving all foregoing objections, DC refers

10   defendants' attention to its complaint (Docket No. 49), all briefing in this action—

11   including, but not limited to, the briefing and exhibits filed in connection with

12   defendants' Rule 12 and SLAPP motions (Docket Nos. 30, 30-1 to 30-5, 31, 31-1,

13   31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2, 35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to

14   77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4, 81, 89, 90, 91, 92, 93, 94, 94-1 to 94-

15   40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100, 100-1 to 100-3, 102, 102-1, 103, 103-1,

16   106, 107, 108, 146, 146-1 to 146-4, 147, 147-1 to 147-3, 148, 148-1 to 148-5, 149,

17   150, 151, 154, 156, 181, 182, 182-1 to 182-40, 183, 183-1 to 183-4, 184, 185, 186,

18   191, 191-1, 192, 192-1 to 192-3, 193, 193-1 to 193-2, 194, 195, 195-1, 196, 196-1

19   to 196-4, 201, 202, 203, 304, 305-1 to 305-59, 306 (errata), 307, 308, 312, 312-1 to

20   312-2, 313, 314, 314-1 to 314-3, 333, 333-1 to 333-3, 334, 334-1 to 334-13, 335,

21   338, 338-1)—and all discovery in this action and the *Siegel* action—including, but

22   not limited to, all deposition testimony and document productions.

23        Subject to and without waiving all foregoing objections, DC has conducted a

24   reasonably diligent search of the documents in the possession, custody, or control

25   of relevant custodians and produces herewith by designation or otherwise all non-

26   privileged, responsive documents.  Given that discovery is ongoing in this case, DC

27   expressly reserves its right to supplement these Responses, if need be, as more

28

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT A**
**54**

1    information becomes available, and to use in discovery and at trial any information

2    omitted from these Responses as a result of mistake, inadvertence, or oversight.

3    **Request No. 40**

4        All DOCUMENTS that support YOUR contention that "because the Shuster

5    Heirs and Pacific Pictures had agreed that all rights held by their joint venture would

6    be divided 50/50 upon termination of the joint venture 'for any reason,' the apparent

7    effect of the September 10, 2004 Letter was to transfer 50% of the Shuster Heirs'

8    purported share of Shuster's rights to Toberoff or his companies," found in

9    paragraph 99 of YOUR COMPLAINT.

10    **Response to Request No. 40**

11        DC objects to the Request to the extent that it requires DC to prove through

12    the discovery process its ultimate legal arguments related to the ramifications of

13    defendants' agreements and communications.  DC objects to the extent the Request

14    seeks information protected by the attorney-client privilege, the attorney work

15    product doctrine, or any other applicable privilege or immunity.

16        DC objects to the definition of "YOUR" and will respond to that term as

17    limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC

18    objects to the extent the Request seeks production of "all DOCUMENTS" on the

19    ground that such request is overly broad, unduly burdensome, oppressive, and not

20    reasonably calculated to lead to the discovery of admissible evidence, as the

21    definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As

22    used in these Responses, the phrase "all DOCUMENTS," or phrases of similar

23    import, should be understood to mean those documents DC and its counsel were

24    able to locate using reasonable diligence and reasonable judgment concerning the

25    whereabouts of such documents.

26        Subject to and without waiving all foregoing objections, DC refers

27    defendants' attention to its complaint (Docket No. 49), all briefing in this action—

28    including, but not limited to, the briefing and exhibits filed in connection with

- 52 -

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT A**
**55**

1    defendants' Rule 12 and SLAPP motions (Docket Nos. 30, 30-1 to 30-5, 31, 31-1,

2    31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2, 35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to

3    77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4, 81, 89, 90, 91, 92, 93, 94, 94-1 to 94-

4    40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100, 100-1 to 100-3, 102, 102-1, 103, 103-1,

5    106, 107, 108, 146, 146-1 to 146-4, 147, 147-1 to 147-3, 148, 148-1 to 148-5, 149,

6    150, 151, 154, 156, 181, 182, 182-1 to 182-40, 183, 183-1 to 183-4, 184, 185, 186,

7    191, 191-1, 192, 192-1 to 192-3, 193, 193-1 to 193-2, 194, 195, 195-1, 196, 196-1

8    to 196-4, 201, 202, 203, 304, 305-1 to 305-59, 306 (errata), 307, 308, 312, 312-1 to

9    312-2, 313, 314, 314-1 to 314-3, 333, 333-1 to 333-3, 334, 334-1 to 334-13, 335,

10   338, 338-1)—and all discovery in this action and the *Siegel* action—including, but

11   not limited to, all deposition testimony and document productions.

12        Subject to and without waiving all foregoing objections, DC has conducted a

13   reasonably diligent search of the documents in the possession, custody, or control

14   of relevant custodians and produces herewith by designation or otherwise all non-

15   privileged, responsive documents.  Given that discovery is ongoing in this case, DC

16   expressly reserves its right to supplement these Responses, if need be, as more

17   information becomes available, and to use in discovery and at trial any information

18   omitted from these Responses as a result of mistake, inadvertence, or oversight.

19   **Request No. 41**

20        All DOCUMENTS that support YOUR contention that "DC Comics is

21   informed and believes that Toberoff (or his companies) now own 50% of the

22   Shuster Heirs' putative rights as well as the 45% share of the Siegel Heirs' putative

23   rights," found in paragraph 100 of YOUR COMPLAINT.

24   **Response to Request No. 41**

25        DC objects to the Request to the extent that it requires DC to prove through

26   the discovery process its ultimate legal arguments related to the ramifications of

27   defendants' agreements and communications.  DC objects to the extent the Request

28   seeks information protected by the attorney-client privilege, the attorney work

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

1   product doctrine, or any other applicable privilege or immunity.  DC further objects

2   to the extent this Request seeks documents that defendants have refused to produce

3   in response to discovery served by DC, including but not limited to the 2008

4   "consent agreement" defendants continue to refuse to disclose.

5        DC objects to the definition of "YOUR" and will respond to that term as

6   limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC

7   objects to the extent the Request seeks production of "all DOCUMENTS" on the

8   ground that such request is overly broad, unduly burdensome, oppressive, and not

9   reasonably calculated to lead to the discovery of admissible evidence, as the

10  definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As

11  used in these Responses, the phrase "all DOCUMENTS," or phrases of similar

12  import, should be understood to mean those documents DC and its counsel were

13  able to locate using reasonable diligence and reasonable judgment concerning the

14  whereabouts of such documents.

15       Subject to and without waiving all foregoing objections, DC refers

16  defendants' attention to its complaint (Docket No. 49), all briefing in this action—

17  including, but not limited to, the briefing and exhibits filed in connection with

18  defendants' Rule 12 and SLAPP motions (Docket Nos. 30, 30-1 to 30-5, 31, 31-1,

19  31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2, 35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to

20  77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4, 81, 89, 90, 91, 92, 93, 94, 94-1 to 94-

21  40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100, 100-1 to 100-3, 102, 102-1, 103, 103-1,

22  106, 107, 108, 146, 146-1 to 146-4, 147, 147-1 to 147-3, 148, 148-1 to 148-5, 149,

23  150, 151, 154, 156, 181, 182, 182-1 to 182-40, 183, 183-1 to 183-4, 184, 185, 186,

24  191, 191-1, 192, 192-1 to 192-3, 193, 193-1 to 193-2, 194, 195, 195-1, 196, 196-1

25  to 196-4, 201, 202, 203, 304, 305-1 to 305-59, 306 (errata), 307, 308, 312, 312-1 to

26  312-2, 313, 314, 314-1 to 314-3, 333, 333-1 to 333-3, 334, 334-1 to 334-13, 335,

27  338, 338-1)—and all discovery in this action and the *Siegel* action—including, but

28  not limited to, all deposition testimony and document productions.

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

1    Subject to and without waiving all foregoing objections, DC has conducted a

2  reasonably diligent search of the documents in the possession, custody, or control

3  of relevant custodians and produces herewith by designation or otherwise all non-

4  privileged, responsive documents.  Given that discovery is ongoing in this case, DC

5  expressly reserves its right to supplement these Responses, if need be, as more

6  information becomes available, and to use in discovery and at trial any information

7  omitted from these Responses as a result of mistake, inadvertence, or oversight.

8  **Request No. 42**

9    All DOCUMENTS that support YOUR contention that "Toberoff, Pacific

10  Pictures, IP Worldwide, the Siegels, and the Shusters have entered into one or more

11  agreements preventing the Siegels or Shusters from conveying rights to DC Comics

12  or entering into other agreements with DC Comics, including for the settlement of

13  their putative termination claims or litigation, without the consent of other parties,"

14  found in paragraph 101 of YOUR COMPLAINT.

15  **Response to Request No. 42**

16    DC objects to the Request to the extent that it requires DC to prove through

17  the discovery process its ultimate legal arguments related to the ramifications of

18  defendants' agreements and communications.  DC objects to the extent the Request

19  seeks information protected by the attorney-client privilege, the attorney work

20  product doctrine, or any other applicable privilege or immunity.  DC further objects

21  to the extent this Request seeks documents that defendants have refused to produce

22  in response to discovery served by DC, including but not limited to the 2008

23  "consent agreement" defendants continue to refuse to disclose.

24    DC objects to the definition of "YOUR" and will respond to that term as

25  limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC

26  objects to the extent the Request seeks production of "all DOCUMENTS" on the

27  ground that such request is overly broad, unduly burdensome, oppressive, and not

28  reasonably calculated to lead to the discovery of admissible evidence, as the

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT A**

**58**

1    definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As

2    used in these Responses, the phrase "all DOCUMENTS," or phrases of similar

3    import, should be understood to mean those documents DC and its counsel were

4    able to locate using reasonable diligence and reasonable judgment concerning the

5    whereabouts of such documents.

6          Subject to and without waiving all foregoing objections, DC refers

7    defendants' attention to its complaint (Docket No. 49), all briefing in this action—

8    including, but not limited to, the briefing and exhibits filed in connection with

9    defendants' Rule 12 and SLAPP motions (Docket Nos. 30, 30-1 to 30-5, 31, 31-1,

10   31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2, 35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to

11   77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4, 81, 89, 90, 91, 92, 93, 94, 94-1 to 94-

12   40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100, 100-1 to 100-3, 102, 102-1, 103, 103-1,

13   106, 107, 108, 146, 146-1 to 146-4, 147, 147-1 to 147-3, 148, 148-1 to 148-5, 149,

14   150, 151, 154, 156, 181, 182, 182-1 to 182-40, 183, 183-1 to 183-4, 184, 185, 186,

15   191, 191-1, 192, 192-1 to 192-3, 193, 193-1 to 193-2, 194, 195, 195-1, 196, 196-1

16   to 196-4, 201, 202, 203, 304, 305-1 to 305-59, 306 (errata), 307, 308, 312, 312-1 to

17   312-2, 313, 314, 314-1 to 314-3, 333, 333-1 to 333-3, 334, 334-1 to 334-13, 335,

18   338, 338-1)—and all discovery in this action and the *Siegel* action—including, but

19   not limited to, all deposition testimony and document productions.

20         Subject to and without waiving all foregoing objections, DC has conducted a

21   reasonably diligent search of the documents in the possession, custody, or control

22   of relevant custodians and produces herewith by designation or otherwise all non-

23   privileged, responsive documents.  Given that discovery is ongoing in this case, DC

24   expressly reserves its right to supplement these Responses, if need be, as more

25   information becomes available, and to use in discovery and at trial any information

26   omitted from these Responses as a result of mistake, inadvertence, or oversight.

27

28

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT A**
**59**

1    **Request No. 43**

2          All DOCUMENTS that support YOUR contention that "[t]he Shuster

3    Termination Notice is invalid, and thus ineffective," found in paragraph 106 of

4    YOUR COMPLAINT.

5    **Response to Request No. 43**

6          DC objects to the Request to the extent that it requires DC to prove through

7    the discovery process its ultimate legal arguments related to the ramifications of

8    defendants' agreements and communications.  DC objects to the extent the Request

9    seeks information protected by the attorney-client privilege, the attorney work

10   product doctrine, or any other applicable privilege or immunity.

11         DC objects to the definition of "YOUR" and will respond to that term as

12   limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC

13   objects to the extent the Request seeks production of "all DOCUMENTS" on the

14   ground that such request is overly broad, unduly burdensome, oppressive, and not

15   reasonably calculated to lead to the discovery of admissible evidence, as the

16   definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As

17   used in these Responses, the phrase "all DOCUMENTS," or phrases of similar

18   import, should be understood to mean those documents DC and its counsel were

19   able to locate using reasonable diligence and reasonable judgment concerning the

20   whereabouts of such documents.

21         Subject to and without waiving all foregoing objections, DC refers

22   defendants' attention to its complaint (Docket No. 49), all briefing in this action—

23   including, but not limited to, the briefing and exhibits filed in connection with

24   defendants' Rule 12 and SLAPP motions (Docket Nos. 30, 30-1 to 30-5, 31, 31-1,

25   31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2, 35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to

26   77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4, 81, 89, 90, 91, 92, 93, 94, 94-1 to 94-

27   40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100, 100-1 to 100-3, 102, 102-1, 103, 103-1,

28   106, 107, 108, 146, 146-1 to 146-4, 147, 147-1 to 147-3, 148, 148-1 to 148-5, 149,

- 57 -

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT A**
**60**

1  150, 151, 154, 156, 181, 182, 182-1 to 182-40, 183, 183-1 to 183-4, 184, 185, 186,

2  191, 191-1, 192, 192-1 to 192-3, 193, 193-1 to 193-2, 194, 195, 195-1, 196, 196-1

3  to 196-4, 201, 202, 203, 304, 305-1 to 305-59, 306 (errata), 307, 308, 312, 312-1 to

4  312-2, 313, 314, 314-1 to 314-3, 333, 333-1 to 333-3, 334, 334-1 to 334-13, 335,

5  338, 338-1)—and all discovery in this action and the *Siegel* action—including, but

6  not limited to, all deposition testimony and document productions.

7          Subject to and without waiving all foregoing objections, DC has conducted a

8  reasonably diligent search of the documents in the possession, custody, or control

9  of relevant custodians and produces herewith by designation or otherwise all non-

10 privileged, responsive documents.  Given that discovery is ongoing in this case, DC

11 expressly reserves its right to supplement these Responses, if need be, as more

12 information becomes available, and to use in discovery and at trial any information

13 omitted from these Responses as a result of mistake, inadvertence, or oversight.

14 **Request No. 44**

15         All DOCUMENTS that support YOUR contention that "Shuster's

16 termination right ceased to exist on his death," found in paragraph 110 of YOUR

17 COMPLAINT.

18 **Response to Request No. 44**

19         DC objects to the Request to the extent that it requires DC to prove through

20 the discovery process its ultimate legal arguments related to the ramifications of

21 defendants' agreements and communications.  DC objects to the extent the Request

22 seeks information protected by the attorney-client privilege, the attorney work

23 product doctrine, or any other applicable privilege or immunity.

24         DC objects to the definition of "YOUR" and will respond to that term as

25 limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC

26 objects to the extent the Request seeks production of "all DOCUMENTS" on the

27 ground that such request is overly broad, unduly burdensome, oppressive, and not

28 reasonably calculated to lead to the discovery of admissible evidence, as the

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As used in these Responses, the phrase "all DOCUMENTS," or phrases of similar import, should be understood to mean those documents DC and its counsel were able to locate using reasonable diligence and reasonable judgment concerning the whereabouts of such documents.

Subject to and without waiving all foregoing objections, DC refers defendants' attention to its complaint (Docket No. 49), all briefing in this action—including, but not limited to, the briefing and exhibits filed in connection with defendants' Rule 12 and SLAPP motions (Docket Nos. 30, 30-1 to 30-5, 31, 31-1, 31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2, 35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to 77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4, 81, 89, 90, 91, 92, 93, 94, 94-1 to 94-40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100, 100-1 to 100-3, 102, 102-1, 103, 103-1, 106, 107, 108, 146, 146-1 to 146-4, 147, 147-1 to 147-3, 148, 148-1 to 148-5, 149, 150, 151, 154, 156, 181, 182, 182-1 to 182-40, 183, 183-1 to 183-4, 184, 185, 186, 191, 191-1, 192, 192-1 to 192-3, 193, 193-1 to 193-2, 194, 195, 195-1, 196, 196-1 to 196-4, 201, 202, 203, 304, 305-1 to 305-59, 306 (errata), 307, 308, 312, 312-1 to 312-2, 313, 314, 314-1 to 314-3, 333, 333-1 to 333-3, 334, 334-1 to 334-13, 335, 338, 338-1)—and all discovery in this action and the *Siegel* action—including, but not limited to, all deposition testimony and document productions.

Subject to and without waiving all foregoing objections, DC has conducted a reasonably diligent search of the documents in the possession, custody, or control of relevant custodians and produces herewith by designation or otherwise all non-privileged, responsive documents.  Given that discovery is ongoing in this case, DC expressly reserves its right to supplement these Responses, if need be, as more information becomes available, and to use in discovery and at trial any information omitted from these Responses as a result of mistake, inadvertence, or oversight.

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT A**
**62**

**Request No. 45**

All DOCUMENTS that support YOUR contention that "[t]he 1992 Agreement that Frank Shuster and Jean Peavy entered into with DC Comics bars the Shuster Estate from pursuing termination because, inter alia, in exchange for valuable consideration, the 1992 Agreement effected a rescission, revocation, and re-grant of all prior copyright grants, which eliminated any pre-1978 grant that could be subject to termination under section 304 of the Copyright Act," found in paragraph 112 of YOUR COMPLAINT.

**Response to Request No. 45**

DC objects to the Request to the extent that it requires DC to prove through the discovery process its ultimate legal arguments related to the ramifications of defendants' agreements and communications. DC objects to the extent the Request seeks information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity.

DC objects to the definition of "YOUR" and will respond to that term as limited to relevant representatives of DC and Warner Bros. Entertainment Inc. DC objects to the extent the Request seeks production of "all DOCUMENTS" on the ground that such request is overly broad, unduly burdensome, oppressive, and not reasonably calculated to lead to the discovery of admissible evidence, as the definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case. As used in these Responses, the phrase "all DOCUMENTS," or phrases of similar import, should be understood to mean those documents DC and its counsel were able to locate using reasonable diligence and reasonable judgment concerning the whereabouts of such documents.

Subject to and without waiving all foregoing objections, DC refers defendants' attention to its complaint (Docket No. 49), all briefing in this action—including, but not limited to, the briefing and exhibits filed in connection with defendants' Rule 12 and SLAPP motions (Docket Nos. 30, 30-1 to 30-5, 31, 31-1,

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT A**
**63**

1    31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2, 35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to

2    77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4, 81, 89, 90, 91, 92, 93, 94, 94-1 to 94-

3    40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100, 100-1 to 100-3, 102, 102-1, 103, 103-1,

4    106, 107, 108, 146, 146-1 to 146-4, 147, 147-1 to 147-3, 148, 148-1 to 148-5, 149,

5    150, 151, 154, 156, 181, 182, 182-1 to 182-40, 183, 183-1 to 183-4, 184, 185, 186,

6    191, 191-1, 192, 192-1 to 192-3, 193, 193-1 to 193-2, 194, 195, 195-1, 196, 196-1

7    to 196-4, 201, 202, 203, 304, 305-1 to 305-59, 306 (errata), 307, 308, 312, 312-1 to

8    312-2, 313, 314, 314-1 to 314-3, 333, 333-1 to 333-3, 334, 334-1 to 334-13, 335,

9    338, 338-1)—and all discovery in this action and the *Siegel* action—including, but

10   not limited to, all deposition testimony and document productions.

11          Subject to and without waiving all foregoing objections, DC has conducted a

12   reasonably diligent search of the documents in the possession, custody, or control

13   of relevant custodians and produces herewith by designation or otherwise all non-

14   privileged, responsive documents.  Given that discovery is ongoing in this case, DC

15   expressly reserves its right to supplement these Responses, if need be, as more

16   information becomes available, and to use in discovery and at trial any information

17   omitted from these Responses as a result of mistake, inadvertence, or oversight.

18   **Request No. 46**

19          All DOCUMENTS that support YOUR contention that "Shuster's heirs

20   approached DC Comics in 1992 seeking increased annual payments, certain tax

21   benefits, and payment of Shuster's debts and expenses," and that "[a]t the time,

22   Shuster's heirs recognized the value of Superman as a property," found in

23   paragraph 115 of YOUR COMPLAINT.

24   **Response to Request No. 46**

25          DC objects to the Request to the extent that it requires DC to prove through

26   the discovery process its ultimate legal arguments related to the ramifications of

27   defendants' agreements and communications.  DC objects to the extent the Request

28

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT A**
**64**

1  seeks information protected by the attorney-client privilege, the attorney work

2  product doctrine, or any other applicable privilege or immunity.

3      DC objects to the definition of "YOUR" and will respond to that term as

4  limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC

5  objects to the extent the Request seeks production of "all DOCUMENTS" on the

6  ground that such request is overly broad, unduly burdensome, oppressive, and not

7  reasonably calculated to lead to the discovery of admissible evidence, as the

8  definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As

9  used in these Responses, the phrase "all DOCUMENTS," or phrases of similar

10  import, should be understood to mean those documents DC and its counsel were

11  able to locate using reasonable diligence and reasonable judgment concerning the

12  whereabouts of such documents.

13      Subject to and without waiving all foregoing objections, DC refers

14  defendants' attention to its complaint (Docket No. 49), all briefing in this action—

15  including, but not limited to, the briefing and exhibits filed in connection with

16  defendants' Rule 12 and SLAPP motions (Docket Nos. 30, 30-1 to 30-5, 31, 31-1,

17  31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2, 35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to

18  77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4, 81, 89, 90, 91, 92, 93, 94, 94-1 to 94-

19  40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100, 100-1 to 100-3, 102, 102-1, 103, 103-1,

20  106, 107, 108, 146, 146-1 to 146-4, 147, 147-1 to 147-3, 148, 148-1 to 148-5, 149,

21  150, 151, 154, 156, 181, 182, 182-1 to 182-40, 183, 183-1 to 183-4, 184, 185, 186,

22  191, 191-1, 192, 192-1 to 192-3, 193, 193-1 to 193-2, 194, 195, 195-1, 196, 196-1

23  to 196-4, 201, 202, 203, 304, 305-1 to 305-59, 306 (errata), 307, 308, 312, 312-1 to

24  312-2, 313, 314, 314-1 to 314-3, 333, 333-1 to 333-3, 334, 334-1 to 334-13, 335,

25  338, 338-1)—and all discovery in this action and the *Siegel* action—including, but

26  not limited to, all deposition testimony and document productions.

27      Subject to and without waiving all foregoing objections, DC has conducted a

28  reasonably diligent search of the documents in the possession, custody, or control

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

1    of relevant custodians and produces herewith by designation or otherwise all non-

2    privileged, responsive documents.  Given that discovery is ongoing in this case, DC

3    expressly reserves its right to supplement these Responses, if need be, as more

4    information becomes available, and to use in discovery and at trial any information

5    omitted from these Responses as a result of mistake, inadvertence, or oversight.

6    **Request No. 47**

7        All DOCUMENTS that support YOUR contention that "[b]y effectively

8    rescinding, revoking, and re-granting any and all prior grants of Joe Shuster's

9    rights, the Shuster Heirs have no right to terminate any of the Superman

10   copyrights," found in paragraph 116 of YOUR COMPLAINT.

11   **Response to Request No. 47**

12       DC objects to the Request to the extent that it requires DC to prove through

13   the discovery process its ultimate legal arguments related to the ramifications of

14   defendants' agreements and communications.  DC objects to the extent the Request

15   seeks information protected by the attorney-client privilege, the attorney work

16   product doctrine, or any other applicable privilege or immunity.

17       DC objects to the definition of "YOUR" and will respond to that term as

18   limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC

19   objects to the extent the Request seeks production of "all DOCUMENTS" on the

20   ground that such request is overly broad, unduly burdensome, oppressive, and not

21   reasonably calculated to lead to the discovery of admissible evidence, as the

22   definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As

23   used in these Responses, the phrase "all DOCUMENTS," or phrases of similar

24   import, should be understood to mean those documents DC and its counsel were

25   able to locate using reasonable diligence and reasonable judgment concerning the

26   whereabouts of such documents.

27       Subject to and without waiving all foregoing objections, DC refers

28   defendants' attention to its complaint (Docket No. 49), all briefing in this action—

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT A**
**66**

1   including, but not limited to, the briefing and exhibits filed in connection with

2   defendants' Rule 12 and SLAPP motions (Docket Nos. 30, 30-1 to 30-5, 31, 31-1,

3   31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2, 35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to

4   77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4, 81, 89, 90, 91, 92, 93, 94, 94-1 to 94-

5   40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100, 100-1 to 100-3, 102, 102-1, 103, 103-1,

6   106, 107, 108, 146, 146-1 to 146-4, 147, 147-1 to 147-3, 148, 148-1 to 148-5, 149,

7   150, 151, 154, 156, 181, 182, 182-1 to 182-40, 183, 183-1 to 183-4, 184, 185, 186,

8   191, 191-1, 192, 192-1 to 192-3, 193, 193-1 to 193-2, 194, 195, 195-1, 196, 196-1

9   to 196-4, 201, 202, 203, 304, 305-1 to 305-59, 306 (errata), 307, 308, 312, 312-1 to

10  312-2, 313, 314, 314-1 to 314-3, 333, 333-1 to 333-3, 334, 334-1 to 334-13, 335,

11  338, 338-1)—and all discovery in this action and the *Siegel* action—including, but

12  not limited to, all deposition testimony and document productions.

13       Subject to and without waiving all foregoing objections, DC has conducted a

14  reasonably diligent search of the documents in the possession, custody, or control

15  of relevant custodians and produces herewith by designation or otherwise all non-

16  privileged, responsive documents.  Given that discovery is ongoing in this case, DC

17  expressly reserves its right to supplement these Responses, if need be, as more

18  information becomes available, and to use in discovery and at trial any information

19  omitted from these Responses as a result of mistake, inadvertence, or oversight.

20  **Request No. 48**

21       All DOCUMENTS that support YOUR contention that "the Shusters are

22  estopped from disputing that the 1992 Agreement remains in full force and effect,

23  which operates to preclude the assertion of any termination right," found in

24  paragraph 117 of YOUR COMPLAINT.

25  **Response to Request No. 48**

26       DC objects to the Request to the extent that it requires DC to prove through

27  the discovery process its ultimate legal arguments related to the ramifications of

28  defendants' agreements and communications.  DC objects to the extent the Request

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT A**
**67**

1  seeks information protected by the attorney-client privilege, the attorney work

2  product doctrine, or any other applicable privilege or immunity.

3         DC objects to the definition of "YOUR" and will respond to that term as

4  limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC

5  objects to the extent the Request seeks production of "all DOCUMENTS" on the

6  ground that such request is overly broad, unduly burdensome, oppressive, and not

7  reasonably calculated to lead to the discovery of admissible evidence, as the

8  definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As

9  used in these Responses, the phrase "all DOCUMENTS," or phrases of similar

10 import, should be understood to mean those documents DC and its counsel were

11 able to locate using reasonable diligence and reasonable judgment concerning the

12 whereabouts of such documents.

13        Subject to and without waiving all foregoing objections, DC refers

14 defendants' attention to its complaint (Docket No. 49), all briefing in this action—

15 including, but not limited to, the briefing and exhibits filed in connection with

16 defendants' Rule 12 and SLAPP motions (Docket Nos. 30, 30-1 to 30-5, 31, 31-1,

17 31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2, 35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to

18 77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4, 81, 89, 90, 91, 92, 93, 94, 94-1 to 94-

19 40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100, 100-1 to 100-3, 102, 102-1, 103, 103-1,

20 106, 107, 108, 146, 146-1 to 146-4, 147, 147-1 to 147-3, 148, 148-1 to 148-5, 149,

21 150, 151, 154, 156, 181, 182, 182-1 to 182-40, 183, 183-1 to 183-4, 184, 185, 186,

22 191, 191-1, 192, 192-1 to 192-3, 193, 193-1 to 193-2, 194, 195, 195-1, 196, 196-1

23 to 196-4, 201, 202, 203, 304, 305-1 to 305-59, 306 (errata), 307, 308, 312, 312-1 to

24 312-2, 313, 314, 314-1 to 314-3, 333, 333-1 to 333-3, 334, 334-1 to 334-13, 335,

25 338, 338-1)—and all discovery in this action and the *Siegel* action—including, but

26 not limited to, all deposition testimony and document productions.

27        Subject to and without waiving all foregoing objections, DC has conducted a

28 reasonably diligent search of the documents in the possession, custody, or control

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT A**
**68**

1    of relevant custodians and produces herewith by designation or otherwise all non-

2    privileged, responsive documents.  Given that discovery is ongoing in this case, DC

3    expressly reserves its right to supplement these Responses, if need be, as more

4    information becomes available, and to use in discovery and at trial any information

5    omitted from these Responses as a result of mistake, inadvertence, or oversight.

6    **Request No. 49**

7        All DOCUMENTS that support YOUR contention that "[t]he Shuster

8    Termination Notice is also invalid because the party that filed it … lacked authority

9    to do so," found in paragraph 118 of YOUR COMPLAINT.

10   **Response to Request No. 49**

11       DC objects to the Request to the extent that it requires DC to prove through

12   the discovery process its ultimate legal arguments related to the ramifications of

13   defendants' agreements and communications.  DC objects to the extent the Request

14   seeks information protected by the attorney-client privilege, the attorney work

15   product doctrine, or any other applicable privilege or immunity.

16       DC objects to the definition of "YOUR" and will respond to that term as

17   limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC

18   objects to the extent the Request seeks production of "all DOCUMENTS" on the

19   ground that such request is overly broad, unduly burdensome, oppressive, and not

20   reasonably calculated to lead to the discovery of admissible evidence, as the

21   definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As

22   used in these Responses, the phrase "all DOCUMENTS," or phrases of similar

23   import, should be understood to mean those documents DC and its counsel were

24   able to locate using reasonable diligence and reasonable judgment concerning the

25   whereabouts of such documents.

26       Subject to and without waiving all foregoing objections, DC refers

27   defendants' attention to its complaint (Docket No. 49), all briefing in this action—

28   including, but not limited to, the briefing and exhibits filed in connection with

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT A**
**69**

1  defendants' Rule 12 and SLAPP motions (Docket Nos. 30, 30-1 to 30-5, 31, 31-1,

2  31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2, 35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to

3  77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4, 81, 89, 90, 91, 92, 93, 94, 94-1 to 94-

4  40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100, 100-1 to 100-3, 102, 102-1, 103, 103-1,

5  106, 107, 108, 146, 146-1 to 146-4, 147, 147-1 to 147-3, 148, 148-1 to 148-5, 149,

6  150, 151, 154, 156, 181, 182, 182-1 to 182-40, 183, 183-1 to 183-4, 184, 185, 186,

7  191, 191-1, 192, 192-1 to 192-3, 193, 193-1 to 193-2, 194, 195, 195-1, 196, 196-1

8  to 196-4, 201, 202, 203, 304, 305-1 to 305-59, 306 (errata), 307, 308, 312, 312-1 to

9  312-2, 313, 314, 314-1 to 314-3, 333, 333-1 to 333-3, 334, 334-1 to 334-13, 335,

10  338, 338-1)—and all discovery in this action and the *Siegel* action—including, but

11  not limited to, all deposition testimony and document productions.

12      Subject to and without waiving all foregoing objections, DC has conducted a

13  reasonably diligent search of the documents in the possession, custody, or control

14  of relevant custodians and produces herewith by designation or otherwise all non-

15  privileged, responsive documents.  Given that discovery is ongoing in this case, DC

16  expressly reserves its right to supplement these Responses, if need be, as more

17  information becomes available, and to use in discovery and at trial any information

18  omitted from these Responses as a result of mistake, inadvertence, or oversight.

19  **Request No. 50**

20      All DOCUMENTS that support YOUR contention that "the Shuster Estate

21  does not own—and did not own at the time the Shuster Termination Notice was

22  executed—the 'more than one-half' majority interest necessary to terminate under

23  section 304(c)(1) of the Copyright Act," found in paragraph 119 of YOUR

24  COMPLAINT.

25  **Response to Request No. 50**

26      DC objects to the Request to the extent that it requires DC to prove through

27  the discovery process its ultimate legal arguments related to the ramifications of

28  defendants' agreements and communications.  DC objects to the extent the Request

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

1   seeks information protected by the attorney-client privilege, the attorney work

2   product doctrine, or any other applicable privilege or immunity.

3       DC objects to the definition of "YOUR" and will respond to that term as

4   limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC

5   objects to the extent the Request seeks production of "all DOCUMENTS" on the

6   ground that such request is overly broad, unduly burdensome, oppressive, and not

7   reasonably calculated to lead to the discovery of admissible evidence, as the

8   definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As

9   used in these Responses, the phrase "all DOCUMENTS," or phrases of similar

10  import, should be understood to mean those documents DC and its counsel were

11  able to locate using reasonable diligence and reasonable judgment concerning the

12  whereabouts of such documents.

13      Subject to and without waiving all foregoing objections, DC refers

14  defendants' attention to its complaint (Docket No. 49), all briefing in this action—

15  including, but not limited to, the briefing and exhibits filed in connection with

16  defendants' Rule 12 and SLAPP motions (Docket Nos. 30, 30-1 to 30-5, 31, 31-1,

17  31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2, 35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to

18  77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4, 81, 89, 90, 91, 92, 93, 94, 94-1 to 94-

19  40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100, 100-1 to 100-3, 102, 102-1, 103, 103-1,

20  106, 107, 108, 146, 146-1 to 146-4, 147, 147-1 to 147-3, 148, 148-1 to 148-5, 149,

21  150, 151, 154, 156, 181, 182, 182-1 to 182-40, 183, 183-1 to 183-4, 184, 185, 186,

22  191, 191-1, 192, 192-1 to 192-3, 193, 193-1 to 193-2, 194, 195, 195-1, 196, 196-1

23  to 196-4, 201, 202, 203, 304, 305-1 to 305-59, 306 (errata), 307, 308, 312, 312-1 to

24  312-2, 313, 314, 314-1 to 314-3, 333, 333-1 to 333-3, 334, 334-1 to 334-13, 335,

25  338, 338-1)—and all discovery in this action and the *Siegel* action—including, but

26  not limited to, all deposition testimony and document productions.

27      Subject to and without waiving all foregoing objections, DC has conducted a

28  reasonably diligent search of the documents in the possession, custody, or control

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

1   of relevant custodians and produces herewith by designation or otherwise all non-

2   privileged, responsive documents.  Given that discovery is ongoing in this case, DC

3   expressly reserves its right to supplement these Responses, if need be, as more

4   information becomes available, and to use in discovery and at trial any information

5   omitted from these Responses as a result of mistake, inadvertence, or oversight.

6   **Request No. 51**

7       All DOCUMENTS that support YOUR contention that on November 13,

8   2003, "the Shuster Estate did not own any of the purported termination right, as this

9   and all other rights had been transferred to the joint venture with Pacific Pictures,"

10  found in paragraph 121 of YOUR COMPLAINT.

11  **Response to Request No. 51**

12      DC objects to the Request to the extent that it requires DC to prove through

13  the discovery process its ultimate legal arguments related to the ramifications of

14  defendants' agreements and communications.  DC objects to the extent the Request

15  seeks information protected by the attorney-client privilege, the attorney work

16  product doctrine, or any other applicable privilege or immunity.

17      DC objects to the definition of "YOUR" and will respond to that term as

18  limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC

19  objects to the extent the Request seeks production of "all DOCUMENTS" on the

20  ground that such request is overly broad, unduly burdensome, oppressive, and not

21  reasonably calculated to lead to the discovery of admissible evidence, as the

22  definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As

23  used in these Responses, the phrase "all DOCUMENTS," or phrases of similar

24  import, should be understood to mean those documents DC and its counsel were

25  able to locate using reasonable diligence and reasonable judgment concerning the

26  whereabouts of such documents.

27      Subject to and without waiving all foregoing objections, DC refers

28  defendants' attention to its complaint (Docket No. 49), all briefing in this action—

- 69 -

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT A**
**72**

1   including, but not limited to, the briefing and exhibits filed in connection with

2   defendants' Rule 12 and SLAPP motions (Docket Nos. 30, 30-1 to 30-5, 31, 31-1,

3   31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2, 35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to

4   77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4, 81, 89, 90, 91, 92, 93, 94, 94-1 to 94-

5   40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100, 100-1 to 100-3, 102, 102-1, 103, 103-1,

6   106, 107, 108, 146, 146-1 to 146-4, 147, 147-1 to 147-3, 148, 148-1 to 148-5, 149,

7   150, 151, 154, 156, 181, 182, 182-1 to 182-40, 183, 183-1 to 183-4, 184, 185, 186,

8   191, 191-1, 192, 192-1 to 192-3, 193, 193-1 to 193-2, 194, 195, 195-1, 196, 196-1

9   to 196-4, 201, 202, 203, 304, 305-1 to 305-59, 306 (errata), 307, 308, 312, 312-1 to

10  312-2, 313, 314, 314-1 to 314-3, 333, 333-1 to 333-3, 334, 334-1 to 334-13, 335,

11  338, 338-1)—and all discovery in this action and the *Siegel* action—including, but

12  not limited to, all deposition testimony and document productions.

13         Subject to and without waiving all foregoing objections, DC has conducted a

14  reasonably diligent search of the documents in the possession, custody, or control

15  of relevant custodians and produces herewith by designation or otherwise all non-

16  privileged, responsive documents.  Given that discovery is ongoing in this case, DC

17  expressly reserves its right to supplement these Responses, if need be, as more

18  information becomes available, and to use in discovery and at trial any information

19  omitted from these Responses as a result of mistake, inadvertence, or oversight.

20  **Request No. 52**

21         All DOCUMENTS that support YOUR contention that "[a]s a result of the

22  September 10, 2004 Letter purporting to cancel the 2001 and 2003 Pacific Pictures

23  Agreements and by the terms of the 2001 and 2003 agreements themselves, any

24  putative rights held by the joint venture were split 50/50 between the Shuster Heirs

25  and Pacific Pictures on cancellation of the joint venture agreement," found in

26  paragraph 121 of YOUR COMPLAINT.

27

28

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT A**

**73**

1    **Response to Request No. 52**

2    DC objects to the Request to the extent that it requires DC to prove through

3    the discovery process its ultimate legal arguments related to the ramifications of

4    defendants' agreements and communications.  DC objects to the extent the Request

5    seeks information protected by the attorney-client privilege, the attorney work

6    product doctrine, or any other applicable privilege or immunity.

7    DC objects to the definition of "YOUR" and will respond to that term as

8    limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC

9    objects to the extent the Request seeks production of "all DOCUMENTS" on the

10   ground that such request is overly broad, unduly burdensome, oppressive, and not

11   reasonably calculated to lead to the discovery of admissible evidence, as the

12   definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As

13   used in these Responses, the phrase "all DOCUMENTS," or phrases of similar

14   import, should be understood to mean those documents DC and its counsel were

15   able to locate using reasonable diligence and reasonable judgment concerning the

16   whereabouts of such documents.

17   Subject to and without waiving all foregoing objections, DC refers

18   defendants' attention to its complaint (Docket No. 49), all briefing in this action—

19   including, but not limited to, the briefing and exhibits filed in connection with

20   defendants' Rule 12 and SLAPP motions (Docket Nos. 30, 30-1 to 30-5, 31, 31-1,

21   31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2, 35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to

22   77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4, 81, 89, 90, 91, 92, 93, 94, 94-1 to 94-

23   40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100, 100-1 to 100-3, 102, 102-1, 103, 103-1,

24   106, 107, 108, 146, 146-1 to 146-4, 147, 147-1 to 147-3, 148, 148-1 to 148-5, 149,

25   150, 151, 154, 156, 181, 182, 182-1 to 182-40, 183, 183-1 to 183-4, 184, 185, 186,

26   191, 191-1, 192, 192-1 to 192-3, 193, 193-1 to 193-2, 194, 195, 195-1, 196, 196-1

27   to 196-4, 201, 202, 203, 304, 305-1 to 305-59, 306 (errata), 307, 308, 312, 312-1 to

28   312-2, 313, 314, 314-1 to 314-3, 333, 333-1 to 333-3, 334, 334-1 to 334-13, 335,

- 71 -

338, 338-1)—and all discovery in this action and the *Siegel* action—including, but not limited to, all deposition testimony and document productions.

Subject to and without waiving all foregoing objections, DC has conducted a reasonably diligent search of the documents in the possession, custody, or control of relevant custodians and produces herewith by designation or otherwise all non-privileged, responsive documents.  Given that discovery is ongoing in this case, DC expressly reserves its right to supplement these Responses, if need be, as more information becomes available, and to use in discovery and at trial any information omitted from these Responses as a result of mistake, inadvertence, or oversight.

**Request No. 53**

All DOCUMENTS that support YOUR contention that purported "omissions were not inadvertent, but were intended to conceal material information from DC Comics, including: (a) the various conflicts of interest arising from Toberoff's and his companies' significant ownership interest in the Shuster Estate's and the Siegel Heirs' purported rights; and (b) consent agreements that Toberoff procured limiting the Shuster and Siegel Heirs' freedom to enter into agreements with DC Comics regarding those rights," found in paragraph 123 of YOUR COMPLAINT.

**Response to Request No. 53**

DC objects to the Request to the extent that it requires DC to prove through the discovery process its ultimate legal arguments related to the ramifications of defendants' agreements and communications.  DC objects to the extent the Request seeks information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity.  DC further objects to the extent this Request seeks documents that defendants have refused to produce in response to discovery served by DC, including but not limited to the 2008 "consent agreement" defendants continue to refuse to disclose.

DC objects to the definition of "YOUR" and will respond to that term as limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT A**
**75**

1   objects to the extent the Request seeks production of "all DOCUMENTS" on the

2   ground that such request is overly broad, unduly burdensome, oppressive, and not

3   reasonably calculated to lead to the discovery of admissible evidence, as the

4   definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As

5   used in these Responses, the phrase "all DOCUMENTS," or phrases of similar

6   import, should be understood to mean those documents DC and its counsel were

7   able to locate using reasonable diligence and reasonable judgment concerning the

8   whereabouts of such documents.

9         Subject to and without waiving all foregoing objections, DC refers

10  defendants' attention to its complaint (Docket No. 49), all briefing in this action—

11  including, but not limited to, the briefing and exhibits filed in connection with

12  defendants' Rule 12 and SLAPP motions (Docket Nos. 30, 30-1 to 30-5, 31, 31-1,

13  31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2, 35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to

14  77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4, 81, 89, 90, 91, 92, 93, 94, 94-1 to 94-

15  40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100, 100-1 to 100-3, 102, 102-1, 103, 103-1,

16  106, 107, 108, 146, 146-1 to 146-4, 147, 147-1 to 147-3, 148, 148-1 to 148-5, 149,

17  150, 151, 154, 156, 181, 182, 182-1 to 182-40, 183, 183-1 to 183-4, 184, 185, 186,

18  191, 191-1, 192, 192-1 to 192-3, 193, 193-1 to 193-2, 194, 195, 195-1, 196, 196-1

19  to 196-4, 201, 202, 203, 304, 305-1 to 305-59, 306 (errata), 307, 308, 312, 312-1 to

20  312-2, 313, 314, 314-1 to 314-3, 333, 333-1 to 333-3, 334, 334-1 to 334-13, 335,

21  338, 338-1)—and all discovery in this action and the *Siegel* action—including, but

22  not limited to, all deposition testimony and document productions.

23        Subject to and without waiving all foregoing objections, DC has conducted a

24  reasonably diligent search of the documents in the possession, custody, or control

25  of relevant custodians and produces herewith by designation or otherwise all non-

26  privileged, responsive documents.  Given that discovery is ongoing in this case, DC

27  expressly reserves its right to supplement these Responses, if need be, as more

28

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT A**
**76**

1    information becomes available, and to use in discovery and at trial any information

2    omitted from these Responses as a result of mistake, inadvertence, or oversight.

3    **Request No. 54**

4        All DOCUMENTS that support YOUR contention that "the Shuster

5    Termination Notice … contains material misrepresentations intended to mislead the

6    courts, Copyright Office, and DC Comics—all to the detriment of DC Comics,"

7    found in paragraph 129 of YOUR COMPLAINT.

8    **Response to Request No. 54**

9        DC objects to the Request to the extent that it requires DC to prove through

10   the discovery process its ultimate legal arguments related to the ramifications of

11   defendants' agreements and communications.  DC objects to the extent the Request

12   seeks information protected by the attorney-client privilege, the attorney work

13   product doctrine, or any other applicable privilege or immunity.

14       DC objects to the definition of "YOUR" and will respond to that term as

15   limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC

16   objects to the extent the Request seeks production of "all DOCUMENTS" on the

17   ground that such request is overly broad, unduly burdensome, oppressive, and not

18   reasonably calculated to lead to the discovery of admissible evidence, as the

19   definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As

20   used in these Responses, the phrase "all DOCUMENTS," or phrases of similar

21   import, should be understood to mean those documents DC and its counsel were

22   able to locate using reasonable diligence and reasonable judgment concerning the

23   whereabouts of such documents.  DC further objects to the extent this Request

24   seeks documents that defendants have refused to produce in response to discovery

25   served by DC, including but not limited to the 2008 "consent agreement"

26   defendants continue to refuse to disclose.

27       Subject to and without waiving all foregoing objections, DC refers

28   defendants' attention to its complaint (Docket No. 49), all briefing in this action—

- 74 -

**EXHIBIT A**

**77**

1  including, but not limited to, the briefing and exhibits filed in connection with

2  defendants' Rule 12 and SLAPP motions (Docket Nos. 30, 30-1 to 30-5, 31, 31-1,

3  31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2, 35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to

4  77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4, 81, 89, 90, 91, 92, 93, 94, 94-1 to 94-

5  40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100, 100-1 to 100-3, 102, 102-1, 103, 103-1,

6  106, 107, 108, 146, 146-1 to 146-4, 147, 147-1 to 147-3, 148, 148-1 to 148-5, 149,

7  150, 151, 154, 156, 181, 182, 182-1 to 182-40, 183, 183-1 to 183-4, 184, 185, 186,

8  191, 191-1, 192, 192-1 to 192-3, 193, 193-1 to 193-2, 194, 195, 195-1, 196, 196-1

9  to 196-4, 201, 202, 203, 304, 305-1 to 305-59, 306 (errata), 307, 308, 312, 312-1 to

10  312-2, 313, 314, 314-1 to 314-3, 333, 333-1 to 333-3, 334, 334-1 to 334-13, 335,

11  338, 338-1)—and all discovery in this action and the *Siegel* action—including, but

12  not limited to, all deposition testimony and document productions.  DC also refers

13  defendants to its Response to Interrogatory No. 14 and Response to Interrogatory

14  No. 15 in the contemporaneously served Defendant Mark Warren Peary's First Set

15  Of Interrogatories To Plaintiff DC Comics.

16      Subject to and without waiving all foregoing objections, DC has conducted a

17  reasonably diligent search of the documents in the possession, custody, or control

18  of relevant custodians and produces herewith by designation or otherwise all non-

19  privileged, responsive documents.  Given that discovery is ongoing in this case, DC

20  expressly reserves its right to supplement these Responses, if need be, as more

21  information becomes available, and to use in discovery and at trial any information

22  omitted from these Responses as a result of mistake, inadvertence, or oversight.

23  **Request No. 55**

24      All DOCUMENTS that support YOUR contention that "[i]nduced by

25  Toberoff, the Shuster Heirs also falsely disclaimed any interest in the Superboy

26  rights in the Shuster Termination Notice," that "[t]his permitted Toberoff to assert on

27  behalf of the Siegel heirs a baseless Superboy-related copyright infringement claim

28  against DC Comics," and that "[p]rior to these manipulations by Toberoff, Shuster

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

1  and the Shuster heirs had truthfully maintained for over 50 years that Shuster had co-

2  created Superboy," found in paragraph 131 of YOUR COMPLAINT.

3  **Response to Request No. 55**

4      DC objects to the Request to the extent that it requires DC to prove through

5  the discovery process its ultimate legal arguments related to the ramifications of

6  defendants' agreements and communications.  DC objects to the extent the Request

7  seeks information protected by the attorney-client privilege, the attorney work

8  product doctrine, or any other applicable privilege or immunity.  DC objects on

9  grounds that the Request is compound and overbroad in that it includes numerous

10  discrete subparts directed at different contentions.  DC further objects to the extent

11  this Request seeks documents that defendants have refused to produce in response

12  to discovery served by DC, including but not limited to the 2008 "consent

13  agreement" defendants continue to refuse to disclose.

14      DC objects to the definition of "YOUR" and will respond to that term as

15  limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC

16  objects to the extent the Request seeks production of "all DOCUMENTS" on the

17  ground that such request is overly broad, unduly burdensome, oppressive, and not

18  reasonably calculated to lead to the discovery of admissible evidence, as the

19  definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As

20  used in these Responses, the phrase "all DOCUMENTS," or phrases of similar

21  import, should be understood to mean those documents DC and its counsel were

22  able to locate using reasonable diligence and reasonable judgment concerning the

23  whereabouts of such documents.

24      Subject to and without waiving all foregoing objections, DC refers

25  defendants' attention to its complaint (Docket No. 49), all briefing in this action—

26  including, but not limited to, the briefing and exhibits filed in connection with

27  defendants' Rule 12 and SLAPP motions (Docket Nos. 30, 30-1 to 30-5, 31, 31-1,

28  31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2, 35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to

- 76 -

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT A**
**79**

77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4, 81, 89, 90, 91, 92, 93, 94, 94-1 to 94-40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100, 100-1 to 100-3, 102, 102-1, 103, 103-1, 106, 107, 108, 146, 146-1 to 146-4, 147, 147-1 to 147-3, 148, 148-1 to 148-5, 149, 150, 151, 154, 156, 181, 182, 182-1 to 182-40, 183, 183-1 to 183-4, 184, 185, 186, 191, 191-1, 192, 192-1 to 192-3, 193, 193-1 to 193-2, 194, 195, 195-1, 196, 196-1 to 196-4, 201, 202, 203, 304, 305-1 to 305-59, 306 (errata), 307, 308, 312, 312-1 to 312-2, 313, 314, 314-1 to 314-3, 333, 333-1 to 333-3, 334, 334-1 to 334-13, 335, 338, 338-1)—and all discovery in this action and the *Siegel* action—including, but not limited to, all deposition testimony and document productions.  DC also refers defendants to its Response to Interrogatory No. 15 in the contemporaneously served Defendant Mark Warren Peary's First Set Of Interrogatories To Plaintiff DC Comics.

Subject to and without waiving all foregoing objections, DC has conducted a reasonably diligent search of the documents in the possession, custody, or control of relevant custodians and produces herewith by designation or otherwise all non-privileged, responsive documents.  Given that discovery is ongoing in this case, DC expressly reserves its right to supplement these Responses, if need be, as more information becomes available, and to use in discovery and at trial any information omitted from these Responses as a result of mistake, inadvertence, or oversight.

**Request No. 56**

All DOCUMENTS that support YOUR contention that "Defendants compromised the integrity of the Copyright Office and judicial system by crafting the Shuster Termination Notice in this way, and the Shuster Termination Notice should be held invalid on this and the other related grounds set forth herein," found in paragraph 133 of YOUR COMPLAINT.

**Request No. 56**

DC objects to the Request to the extent that it requires DC to prove through the discovery process its ultimate legal arguments related to the ramifications of

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

1    defendants' agreements and communications.  DC objects to the extent the Request

2    seeks information protected by the attorney-client privilege, the attorney work

3    product doctrine, or any other applicable privilege or immunity.  DC further objects

4    to the extent this Request seeks documents that defendants have refused to produce

5    in response to discovery served by DC, including but not limited to the 2008

6    "consent agreement" defendants continue to refuse to disclose.

7         DC objects to the definition of "YOUR" and will respond to that term as

8    limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC

9    objects to the extent the Request seeks production of "all DOCUMENTS" on the

10   ground that such request is overly broad, unduly burdensome, oppressive, and not

11   reasonably calculated to lead to the discovery of admissible evidence, as the

12   definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As

13   used in these Responses, the phrase "all DOCUMENTS," or phrases of similar

14   import, should be understood to mean those documents DC and its counsel were

15   able to locate using reasonable diligence and reasonable judgment concerning the

16   whereabouts of such documents.

17        Subject to and without waiving all foregoing objections, DC refers

18   defendants' attention to its complaint (Docket No. 49), all briefing in this action—

19   including, but not limited to, the briefing and exhibits filed in connection with

20   defendants' Rule 12 and SLAPP motions (Docket Nos. 30, 30-1 to 30-5, 31, 31-1,

21   31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2, 35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to

22   77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4, 81, 89, 90, 91, 92, 93, 94, 94-1 to 94-

23   40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100, 100-1 to 100-3, 102, 102-1, 103, 103-1,

24   106, 107, 108, 146, 146-1 to 146-4, 147, 147-1 to 147-3, 148, 148-1 to 148-5, 149,

25   150, 151, 154, 156, 181, 182, 182-1 to 182-40, 183, 183-1 to 183-4, 184, 185, 186,

26   191, 191-1, 192, 192-1 to 192-3, 193, 193-1 to 193-2, 194, 195, 195-1, 196, 196-1

27   to 196-4, 201, 202, 203, 304, 305-1 to 305-59, 306 (errata), 307, 308, 312, 312-1 to

28   312-2, 313, 314, 314-1 to 314-3, 333, 333-1 to 333-3, 334, 334-1 to 334-13, 335,

- 78 -

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

1  338, 338-1)—and all discovery in this action and the *Siegel* action—including, but

2  not limited to, all deposition testimony and document productions.  DC also refers

3  defendants to its Response to Interrogatory No. 15 in the contemporaneously served

4  Defendant Mark Warren Peary's First Set Of Interrogatories To Plaintiff DC

5  Comics.

6  Subject to and without waiving all foregoing objections, DC has conducted a

7  reasonably diligent search of the documents in the possession, custody, or control

8  of relevant custodians and produces herewith by designation or otherwise all non-

9  privileged, responsive documents.  Given that discovery is ongoing in this case, DC

10  expressly reserves its right to supplement these Responses, if need be, as more

11  information becomes available, and to use in discovery and at trial any information

12  omitted from these Responses as a result of mistake, inadvertence, or oversight.

13  **Request No. 57**

14  All DOCUMENTS that support YOUR contention that "[t]he Unpublished

15  1940 Superboy Script was derived entirely from pre-existing Superman elements

16  and ideas that had been published by DCI as part of works for hire, and contained no

17  original copyrightable element," found in paragraph 149 of YOUR COMPLAINT.

18  **Response to Request No. 57**

19  DC objects to the Request to the extent that it requires DC to prove through

20  the discovery process its ultimate legal arguments related to the ramifications of

21  defendants' agreements and communications.  DC objects to the extent the Request

22  seeks information protected by the attorney-client privilege, the attorney work

23  product doctrine, or any other applicable privilege or immunity.

24  DC objects to the definition of "YOUR" and will respond to that term as

25  limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC

26  objects to the extent the Request seeks production of "all DOCUMENTS" on the

27  ground that such request is overly broad, unduly burdensome, oppressive, and not

28  reasonably calculated to lead to the discovery of admissible evidence, as the

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT A**
**82**

1    definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As

2    used in these Responses, the phrase "all DOCUMENTS," or phrases of similar

3    import, should be understood to mean those documents DC and its counsel were

4    able to locate using reasonable diligence and reasonable judgment concerning the

5    whereabouts of such documents.

6         Subject to and without waiving all foregoing objections, DC refers to all

7    Superman works and radio programs prior to the submission of the Superboy script

8    in December 1940, including but not limited to:  *Action Comics Nos. 1-32*,

9    *Superman Nos. 1-8*, *1939 New York World's Fair Comics*, *1940 New York World's*

10   *Fair Comics*, *More Fun Comics No. 31*, *Detective Comics No. 15*, *Superman's*

11   *Christmas Adventure No. 1*, Daily Strips Nos. 1-600, Sunday Strips Nos. 1-57.

12        Subject to and without waiving all foregoing objections, DC also refers

13   defendants' attention to its complaint (Docket No. 49), all briefing in this action—

14   including, but not limited to, the briefing and exhibits filed in connection with

15   defendants' Rule 12 and SLAPP motions (Docket Nos. 30, 30-1 to 30-5, 31, 31-1,

16   31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2, 35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to

17   77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4, 81, 89, 90, 91, 92, 93, 94, 94-1 to 94-

18   40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100, 100-1 to 100-3, 102, 102-1, 103, 103-1,

19   106, 107, 108, 146, 146-1 to 146-4, 147, 147-1 to 147-3, 148, 148-1 to 148-5, 149,

20   150, 151, 154, 156, 181, 182, 182-1 to 182-40, 183, 183-1 to 183-4, 184, 185, 186,

21   191, 191-1, 192, 192-1 to 192-3, 193, 193-1 to 193-2, 194, 195, 195-1, 196, 196-1

22   to 196-4, 201, 202, 203, 304, 305-1 to 305-59, 306 (errata), 307, 308, 312, 312-1 to

23   312-2, 313, 314, 314-1 to 314-3, 333, 333-1 to 333-3, 334, 334-1 to 334-13, 335,

24   338, 338-1)—and all discovery in this action and the *Siegel* action—including, but

25   not limited to, all deposition testimony and document productions.

26        Subject to and without waiving all foregoing objections, DC has conducted a

27   reasonably diligent search of the documents in the possession, custody, or control

28   of relevant custodians and produces herewith by designation or otherwise all non-

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT A**
**83**

1    privileged, responsive documents.  Given that discovery is ongoing in this case, DC

2    expressly reserves its right to supplement these Responses, if need be, as more

3    information becomes available, and to use in discovery and at trial any information

4    omitted from these Responses as a result of mistake, inadvertence, or oversight.

5    **Request No. 58**

6        All DOCUMENTS that support YOUR contention that the "Superboy" story

7    in "More Fun Comics No. 101 … bore no resemblance to the Unpublished 1940

8    Superboy Script," found in paragraph 150 of YOUR COMPLAINT.

9    **Response to Request No. 58**

10       DC objects to the Request to the extent that it requires DC to prove through

11   the discovery process its ultimate legal arguments related to the ramifications of

12   defendants' agreements and communications.  DC objects to the extent the Request

13   seeks information protected by the attorney-client privilege, the attorney work

14   product doctrine, or any other applicable privilege or immunity.  DC further objects

15   on grounds that the Request is misleading, as it selectively quotes from DC's

16   complaint.  Paragraph 150 of DC's Complaint states in its entirety:

17

18   Upon information and belief, sometime prior to November 18, 1944,
     DCI published a comic book depicting the adventures of Superman as
19   a youth, called Superboy, in "More Fun Comics No. 101," which had a
     cover date of January-February 1945 and was illustrated at least in part
20   by Shuster.  Upon information and belief, Siegel did not participate in
     the creation of this comic book or the Superboy story it contained.
21   *Other than retelling the Superman origin story from Action Comics
22   No. 1 and Superman No. 1*, this Superboy story bore no resemblance to
     the Unpublished 1940 Superboy Script.
23

24

25   Docket No. 49 ¶ 150 (emphasis added).

26       DC objects to the definition of "YOUR" and will respond to that term as

27   limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC

28   objects to the extent the Request seeks production of "all DOCUMENTS" on the

- 81 -

1  ground that such request is overly broad, unduly burdensome, oppressive, and not

2  reasonably calculated to lead to the discovery of admissible evidence, as the

3  definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As

4  used in these Responses, the phrase "all DOCUMENTS," or phrases of similar

5  import, should be understood to mean those documents DC and its counsel were

6  able to locate using reasonable diligence and reasonable judgment concerning the

7  whereabouts of such documents.

8      Subject to and without waiving all foregoing objections, DC refers

9  defendants' attention to its complaint (Docket No. 49), all briefing in this action—

10  including, but not limited to, the briefing and exhibits filed in connection with

11  defendants' Rule 12 and SLAPP motions (Docket Nos. 30, 30-1 to 30-5, 31, 31-1,

12  31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2, 35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to

13  77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4, 81, 89, 90, 91, 92, 93, 94, 94-1 to 94-

14  40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100, 100-1 to 100-3, 102, 102-1, 103, 103-1,

15  106, 107, 108, 146, 146-1 to 146-4, 147, 147-1 to 147-3, 148, 148-1 to 148-5, 149,

16  150, 151, 154, 156, 181, 182, 182-1 to 182-40, 183, 183-1 to 183-4, 184, 185, 186,

17  191, 191-1, 192, 192-1 to 192-3, 193, 193-1 to 193-2, 194, 195, 195-1, 196, 196-1

18  to 196-4, 201, 202, 203, 304, 305-1 to 305-59, 306 (errata), 307, 308, 312, 312-1 to

19  312-2, 313, 314, 314-1 to 314-3, 333, 333-1 to 333-3, 334, 334-1 to 334-13, 335,

20  338, 338-1)—and all discovery in this action and the *Siegel* action—including, but

21  not limited to, all deposition testimony and document productions.

22      Subject to and without waiving all foregoing objections, DC has conducted a

23  reasonably diligent search of the documents in the possession, custody, or control

24  of relevant custodians and produces herewith by designation or otherwise all non-

25  privileged, responsive documents.  Given that discovery is ongoing in this case, DC

26  expressly reserves its right to supplement these Responses, if need be, as more

27  information becomes available, and to use in discovery and at trial any information

28  omitted from these Responses as a result of mistake, inadvertence, or oversight.

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT A**

**85**

1   **Request No. 59**

2      All DOCUMENTS that support YOUR contention that "the Shuster Heirs

3   have entered into agreements that frustrate and impede DC Comics' period of

4   exclusivity," found in paragraph 169 of YOUR COMPLAINT.

5   **Response to Request No. 59**

6      DC objects to the Request to the extent that it requires DC to prove through

7   the discovery process its ultimate legal arguments related to the ramifications of

8   defendants' agreements and communications.  DC objects to the extent the Request

9   seeks information protected by the attorney-client privilege, the attorney work

10   product doctrine, or any other applicable privilege or immunity.  DC further objects

11   to the extent this Request seeks documents that defendants have refused to produce

12   in response to discovery served by DC, including but not limited to the 2008

13   "consent agreement" defendants continue to refuse to disclose.

14      DC objects to the definition of "YOUR" and will respond to that term as

15   limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC

16   objects to the extent the Request seeks production of "all DOCUMENTS" on the

17   ground that such request is overly broad, unduly burdensome, oppressive, and not

18   reasonably calculated to lead to the discovery of admissible evidence, as the

19   definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As

20   used in these Responses, the phrase "all DOCUMENTS," or phrases of similar

21   import, should be understood to mean those documents DC and its counsel were

22   able to locate using reasonable diligence and reasonable judgment concerning the

23   whereabouts of such documents.

24      Subject to and without waiving all foregoing objections, DC refers

25   defendants' attention to its complaint (Docket No. 49), all briefing in this action—

26   including, but not limited to, the briefing and exhibits filed in connection with

27   defendants' Rule 12 and SLAPP motions (Docket Nos. 30, 30-1 to 30-5, 31, 31-1,

28   31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2, 35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT A**
**86**

1    77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4, 81, 89, 90, 91, 92, 93, 94, 94-1 to 94-

2    40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100, 100-1 to 100-3, 102, 102-1, 103, 103-1,

3    106, 107, 108, 146, 146-1 to 146-4, 147, 147-1 to 147-3, 148, 148-1 to 148-5, 149,

4    150, 151, 154, 156, 181, 182, 182-1 to 182-40, 183, 183-1 to 183-4, 184, 185, 186,

5    191, 191-1, 192, 192-1 to 192-3, 193, 193-1 to 193-2, 194, 195, 195-1, 196, 196-1

6    to 196-4, 201, 202, 203, 304, 305-1 to 305-59, 306 (errata), 307, 308, 312, 312-1 to

7    312-2, 313, 314, 314-1 to 314-3, 333, 333-1 to 333-3, 334, 334-1 to 334-13, 335,

8    338, 338-1)—and all discovery in this action and the *Siegel* action—including, but

9    not limited to, all deposition testimony and document productions.

10          Subject to and without waiving all foregoing objections, DC has conducted a

11   reasonably diligent search of the documents in the possession, custody, or control

12   of relevant custodians and produces herewith by designation or otherwise all non-

13   privileged, responsive documents.  Given that discovery is ongoing in this case, DC

14   expressly reserves its right to supplement these Responses, if need be, as more

15   information becomes available, and to use in discovery and at trial any information

16   omitted from these Responses as a result of mistake, inadvertence, or oversight.

17   **Request No. 60**

18          All DOCUMENTS that support YOUR contention that "Toberoff has induced

19   the Siegel and Shuster Heirs to enter into additional agreements, which prohibit

20   either family from entering into agreements conveying rights to DC Comics without

21   the express approval of all stakeholders in the heirs' rights," found in paragraph 170

22   of YOUR COMPLAINT.

23   **Response to Request No. 60**

24          DC objects to the Request to the extent that it requires DC to prove through

25   the discovery process its ultimate legal arguments related to the ramifications of

26   defendants' agreements and communications.  DC objects to the extent the Request

27   seeks information protected by the attorney-client privilege, the attorney work

28   product doctrine, or any other applicable privilege or immunity.  DC further objects

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

1   to the extent this Request seeks documents that defendants have refused to produce

2   in response to discovery served by DC, including but not limited to the 2008

3   "consent agreement" defendants continue to refuse to disclose.

4        DC objects to the definition of "YOUR" and will respond to that term as

5   limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC

6   objects to the extent the Request seeks production of "all DOCUMENTS" on the

7   ground that such request is overly broad, unduly burdensome, oppressive, and not

8   reasonably calculated to lead to the discovery of admissible evidence, as the

9   definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As

10  used in these Responses, the phrase "all DOCUMENTS," or phrases of similar

11  import, should be understood to mean those documents DC and its counsel were

12  able to locate using reasonable diligence and reasonable judgment concerning the

13  whereabouts of such documents.

14       Subject to and without waiving all foregoing objections, DC refers

15  defendants' attention to its complaint (Docket No. 49), all briefing in this action—

16  including, but not limited to, the briefing and exhibits filed in connection with

17  defendants' Rule 12 and SLAPP motions (Docket Nos. 30, 30-1 to 30-5, 31, 31-1,

18  31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2, 35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to

19  77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4, 81, 89, 90, 91, 92, 93, 94, 94-1 to 94-

20  40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100, 100-1 to 100-3, 102, 102-1, 103, 103-1,

21  106, 107, 108, 146, 146-1 to 146-4, 147, 147-1 to 147-3, 148, 148-1 to 148-5, 149,

22  150, 151, 154, 156, 181, 182, 182-1 to 182-40, 183, 183-1 to 183-4, 184, 185, 186,

23  191, 191-1, 192, 192-1 to 192-3, 193, 193-1 to 193-2, 194, 195, 195-1, 196, 196-1

24  to 196-4, 201, 202, 203, 304, 305-1 to 305-59, 306 (errata), 307, 308, 312, 312-1 to

25  312-2, 313, 314, 314-1 to 314-3, 333, 333-1 to 333-3, 334, 334-1 to 334-13, 335,

26  338, 338-1)—and all discovery in this action and the *Siegel* action—including, but

27  not limited to, all deposition testimony and document productions.

28

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT A**
**88**

1    Subject to and without waiving all foregoing objections, DC has conducted a

2  reasonably diligent search of the documents in the possession, custody, or control

3  of relevant custodians and produces herewith by designation or otherwise all non-

4  privileged, responsive documents.  Given that discovery is ongoing in this case, DC

5  expressly reserves its right to supplement these Responses, if need be, as more

6  information becomes available, and to use in discovery and at trial any information

7  omitted from these Responses as a result of mistake, inadvertence, or oversight.

8  **Request No. 61**

9    All DOCUMENTS that support YOUR contention that "the Shuster Heirs

10  have never disputed the validity or existence of the 1992 Agreement, which operated

11  to rescind, revoke, and re-grant all of the Shusters' prior grants of rights in the

12  Superman properties to DC Comics," found in paragraph 175 of YOUR

13  COMPLAINT.

14  **Response to Request No. 61**

15    DC objects to the Request to the extent that it requires DC to prove through

16  the discovery process its ultimate legal arguments related to the ramifications of

17  defendants' agreements and communications.  DC further objects to this Request to

18  the extent that it seeks information protected by the attorney-client privilege, the

19  attorney work product doctrine, or any other applicable privilege or immunity.

20    DC objects to the definition of "YOUR" and will respond to that term as

21  limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC

22  objects to the extent the Request seeks production of "all DOCUMENTS" on the

23  ground that such request is overly broad, unduly burdensome, oppressive, and not

24  reasonably calculated to lead to the discovery of admissible evidence, as the

25  definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As

26  used in these Responses, the phrase "all DOCUMENTS," or phrases of similar

27  import, should be understood to mean those documents DC and its counsel were

28  able to locate using reasonable diligence and judgment concerning the whereabouts

- 86 -

**EXHIBIT A**
**89**

1  of such documents.  Such phraseology should not be construed as a representation

2  that each and every document in DC's possession has been examined in connection

3  with these Responses or any production pursuant thereto.

4       Subject to and without waiving all foregoing objections, DC refers

5  defendants' attention to its complaint (Docket No. 49), all briefing in this action—

6  including, but not limited to, the briefing and exhibits filed in connection with

7  defendants' Rule 12 and SLAPP motions (Docket Nos. 30, 30-1 to 30-5, 31, 31-1,

8  31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2, 35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to

9  77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4, 81, 89, 90, 91, 92, 93, 94, 94-1 to 94-

10 40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100, 100-1 to 100-3, 102, 102-1, 103, 103-1,

11 106, 107, 108, 146, 146-1 to 146-4, 147, 147-1 to 147-3, 148, 148-1 to 148-5, 149,

12 150, 151, 154, 156, 181, 182, 182-1 to 182-40, 183, 183-1 to 183-4, 184, 185, 186,

13 191, 191-1, 192, 192-1 to 192-3, 193, 193-1 to 193-2, 194, 195, 195-1, 196, 196-1

14 to 196-4, 201, 202, 203, 304, 305-1 to 305-59, 306 (errata), 307, 308, 312, 312-1 to

15 312-2, 313, 314, 314-1 to 314-3, 333, 333-1 to 333-3, 334, 334-1 to 334-13, 335,

16 338, 338-1)—and all discovery in this action and the *Siegel* action—including, but

17 not limited to, all deposition testimony and document productions.

18      Subject to and without waiving all foregoing objections, DC has conducted a

19 reasonably diligent search of the documents in the possession, custody, or control

20 of relevant custodians and produces herewith by designation or otherwise all non-

21 privileged, responsive documents.  Given that discovery is ongoing in this case, DC

22 expressly reserves its right to supplement these Responses, if need be, as more

23 information becomes available, and to use in discovery and at trial any information

24 omitted from these Responses as a result of mistake, inadvertence, or oversight.

25 **Request No. 62**

26      All DOCUMENTS that support YOUR contention that "[i]n that 1992

27 Agreement, the Shuster Heirs further agreed that they would not—either then or in

28

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT A**
**90**

1  the future—make any claim of right to any work created in whole or part by Joe

2  Shuster," found in paragraph 175 of YOUR COMPLAINT.

3  **Response to Request No. 62**

4      DC objects to the Request to the extent that it requires DC to prove through

5  the discovery process its ultimate legal arguments related to the ramifications of

6  defendants' agreements and communications.  DC objects to the extent the Request

7  seeks information protected by the attorney-client privilege, the attorney work

8  product doctrine, or any other applicable privilege or immunity.

9      DC objects to the definition of "YOUR" and will respond to that term as

10 limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC

11 objects to the extent the Request seeks production of "all DOCUMENTS" on the

12 ground that such request is overly broad, unduly burdensome, oppressive, and not

13 reasonably calculated to lead to the discovery of admissible evidence, as the

14 definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As

15 used in these Responses, the phrase "all DOCUMENTS," or phrases of similar

16 import, should be understood to mean those documents DC and its counsel were

17 able to locate using reasonable diligence and reasonable judgment concerning the

18 whereabouts of such documents.

19     Subject to and without waiving all foregoing objections, DC refers

20 defendants' attention to its complaint (Docket No. 49), all briefing in this action—

21 including, but not limited to, the briefing and exhibits filed in connection with

22 defendants' Rule 12 and SLAPP motions (Docket Nos. 30, 30-1 to 30-5, 31, 31-1,

23 31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2, 35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to

24 77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4, 81, 89, 90, 91, 92, 93, 94, 94-1 to 94-

25 40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100, 100-1 to 100-3, 102, 102-1, 103, 103-1,

26 106, 107, 108, 146, 146-1 to 146-4, 147, 147-1 to 147-3, 148, 148-1 to 148-5, 149,

27 150, 151, 154, 156, 181, 182, 182-1 to 182-40, 183, 183-1 to 183-4, 184, 185, 186,

28 191, 191-1, 192, 192-1 to 192-3, 193, 193-1 to 193-2, 194, 195, 195-1, 196, 196-1

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT A**
**91**

1   to 196-4, 201, 202, 203, 304, 305-1 to 305-59, 306 (errata), 307, 308, 312, 312-1 to

2   312-2, 313, 314, 314-1 to 314-3, 333, 333-1 to 333-3, 334, 334-1 to 334-13, 335,

3   338, 338-1)—and all discovery in this action and the *Siegel* action—including, but

4   not limited to, all deposition testimony and document productions.

5   Subject to and without waiving all foregoing objections, DC has conducted a

6   reasonably diligent search of the documents in the possession, custody, or control

7   of relevant custodians and produces herewith by designation or otherwise all non-

8   privileged, responsive documents.  Given that discovery is ongoing in this case, DC

9   expressly reserves its right to supplement these Responses, if need be, as more

10  information becomes available, and to use in discovery and at trial any information

11  omitted from these Responses as a result of mistake, inadvertence, or oversight.

12  **Request No. 63**

13      All DOCUMENTS that support YOUR contention that "DC Comics' 1992

14  Agreement with the Shuster Heirs was both a valid contract and had the probability

15  of future economic benefit to DC Comics," found in paragraph 176 of YOUR

16  COMPLAINT.

17  **Response to Request No. 63**

18      DC objects to the Request to the extent that it requires DC to prove through

19  the discovery process its ultimate legal arguments related to the ramifications of

20  defendants' agreements and communications.  DC objects to the extent the Request

21  seeks information protected by the attorney-client privilege, the attorney work

22  product doctrine, or any other applicable privilege or immunity.

23      DC objects to the definition of "YOUR" and will respond to that term as

24  limited to relevant representatives of DC and Warner Bros. Entertainment Inc. DC

25  objects to the extent the Request seeks production of "all DOCUMENTS" on the

26  ground that such request is overly broad, unduly burdensome, oppressive, and not

27  reasonably calculated to lead to the discovery of admissible evidence, as the

28  definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT A**
**92**

1   used in these Responses, the phrase "all DOCUMENTS," or phrases of similar

2   import, should be understood to mean those documents DC and its counsel were

3   able to locate using reasonable diligence and reasonable judgment concerning the

4   whereabouts of such documents.

5          Subject to and without waiving all foregoing objections, DC refers

6   defendants' attention to its complaint (Docket No. 49), all briefing in this action—

7   including, but not limited to, the briefing and exhibits filed in connection with

8   defendants' Rule 12 and SLAPP motions (Docket Nos. 30, 30-1 to 30-5, 31, 31-1,

9   31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2, 35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to

10  77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4, 81, 89, 90, 91, 92, 93, 94, 94-1 to 94-

11  40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100, 100-1 to 100-3, 102, 102-1, 103, 103-1,

12  106, 107, 108, 146, 146-1 to 146-4, 147, 147-1 to 147-3, 148, 148-1 to 148-5, 149,

13  150, 151, 154, 156, 181, 182, 182-1 to 182-40, 183, 183-1 to 183-4, 184, 185, 186,

14  191, 191-1, 192, 192-1 to 192-3, 193, 193-1 to 193-2, 194, 195, 195-1, 196, 196-1

15  to 196-4, 201, 202, 203, 304, 305-1 to 305-59, 306 (errata), 307, 308, 312, 312-1 to

16  312-2, 313, 314, 314-1 to 314-3, 333, 333-1 to 333-3, 334, 334-1 to 334-13, 335,

17  338, 338-1)—and all discovery in this action and the *Siegel* action—including, but

18  not limited to, all deposition testimony and document productions.

19         Subject to and without waiving all foregoing objections, DC has conducted a

20  reasonably diligent search of the documents in the possession, custody, or control

21  of relevant custodians and produces herewith by designation or otherwise all non-

22  privileged, responsive documents.  Given that discovery is ongoing in this case, DC

23  expressly reserves its right to supplement these Responses, if need be, as more

24  information becomes available, and to use in discovery and at trial any information

25  omitted from these Responses as a result of mistake, inadvertence, or oversight.

26  **Request No. 64**

27         All DOCUMENTS that support YOUR contention that "The Shuster Heirs

28  fully relinquished their rights under any prior agreement and re-granted to DC

- 90 -

1  Comics all of their Superman-related rights," found in paragraph 176 of YOUR

2  COMPLAINT.

3  **Response to Request No. 64**

4      DC objects to the Request to the extent that it requires DC to prove through

5  the discovery process its ultimate legal arguments related to the ramifications of

6  defendants' agreements and communications.  DC objects to the extent the Request

7  seeks information protected by the attorney-client privilege, the attorney work

8  product doctrine, or any other applicable privilege or immunity.

9      DC objects to the definition of "YOUR" and will respond to that term as

10  limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC

11  objects to the extent the Request seeks production of "all DOCUMENTS" on the

12  ground that such request is overly broad, unduly burdensome, oppressive, and not

13  reasonably calculated to lead to the discovery of admissible evidence, as the

14  definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As

15  used in these Responses, the phrase "all DOCUMENTS," or phrases of similar

16  import, should be understood to mean those documents DC and its counsel were

17  able to locate using reasonable diligence and reasonable judgment concerning the

18  whereabouts of such documents.

19      Subject to and without waiving all foregoing objections, DC refers

20  defendants' attention to its complaint (Docket No. 49), all briefing in this action—

21  including, but not limited to, the briefing and exhibits filed in connection with

22  defendants' Rule 12 and SLAPP motions (Docket Nos. 30, 30-1 to 30-5, 31, 31-1,

23  31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2, 35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to

24  77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4, 81, 89, 90, 91, 92, 93, 94, 94-1 to 94-

25  40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100, 100-1 to 100-3, 102, 102-1, 103, 103-1,

26  106, 107, 108, 146, 146-1 to 146-4, 147, 147-1 to 147-3, 148, 148-1 to 148-5, 149,

27  150, 151, 154, 156, 181, 182, 182-1 to 182-40, 183, 183-1 to 183-4, 184, 185, 186,

28  191, 191-1, 192, 192-1 to 192-3, 193, 193-1 to 193-2, 194, 195, 195-1, 196, 196-1

- 91 -

**EXHIBIT A**
**94**

1    to 196-4, 201, 202, 203, 304, 305-1 to 305-59, 306 (errata), 307, 308, 312, 312-1 to

2    312-2, 313, 314, 314-1 to 314-3, 333, 333-1 to 333-3, 334, 334-1 to 334-13, 335,

3    338, 338-1)—and all discovery in this action and the *Siegel* action—including, but

4    not limited to, all deposition testimony and document productions.

5        Subject to and without waiving all foregoing objections, DC has conducted a

6    reasonably diligent search of the documents in the possession, custody, or control

7    of relevant custodians and produces herewith by designation or otherwise all non-

8    privileged, responsive documents.  Given that discovery is ongoing in this case, DC

9    expressly reserves its right to supplement these Responses, if need be, as more

10   information becomes available, and to use in discovery and at trial any information

11   omitted from these Responses as a result of mistake, inadvertence, or oversight.

12   **Request No. 65**

13       All DOCUMENTS that support YOUR contention that "Toberoff and Pacific

14   Pictures were aware of the 1992 Agreement and DC Comics' ongoing business

15   relationship with the Shusters," and that "Toberoff knew that his actions in having

16   his company enter into a joint venture with the Shusters for the purpose of

17   terminating DC Comics' rights were substantially certain to interfere with DC

18   Comics' 1992 Agreement with the Shusters," found in paragraph 177 of YOUR

19   COMPLAINT.

20   **Response to Request No. 65**

21       DC objects to the Request to the extent that it requires DC to prove through

22   the discovery process its ultimate legal arguments related to the ramifications of

23   defendants' agreements and communications.  DC objects to the extent the Request

24   seeks information protected by the attorney-client privilege, the attorney work

25   product doctrine, or any other applicable privilege or immunity.  DC further objects

26   on grounds that the Request is compound and overbroad in that it includes

27   numerous discrete subparts directed at different contentions.

28

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT A**
**95**

1       DC objects to the definition of "YOUR" and will respond to that term as

2   limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC

3   objects to the extent the Request seeks production of "all DOCUMENTS" on the

4   ground that such request is overly broad, unduly burdensome, oppressive, and not

5   reasonably calculated to lead to the discovery of admissible evidence, as the

6   definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As

7   used in these Responses, the phrase "all DOCUMENTS," or phrases of similar

8   import, should be understood to mean those documents DC and its counsel were

9   able to locate using reasonable diligence and reasonable judgment concerning the

10  whereabouts of such documents.

11      Subject to and without waiving all foregoing objections, DC refers

12  defendants' attention to its complaint (Docket No. 49), all briefing in this action—

13  including, but not limited to, the briefing and exhibits filed in connection with

14  defendants' Rule 12 and SLAPP motions (Docket Nos. 30, 30-1 to 30-5, 31, 31-1,

15  31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2, 35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to

16  77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4, 81, 89, 90, 91, 92, 93, 94, 94-1 to 94-

17  40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100, 100-1 to 100-3, 102, 102-1, 103, 103-1,

18  106, 107, 108, 146, 146-1 to 146-4, 147, 147-1 to 147-3, 148, 148-1 to 148-5, 149,

19  150, 151, 154, 156, 181, 182, 182-1 to 182-40, 183, 183-1 to 183-4, 184, 185, 186,

20  191, 191-1, 192, 192-1 to 192-3, 193, 193-1 to 193-2, 194, 195, 195-1, 196, 196-1

21  to 196-4, 201, 202, 203, 304, 305-1 to 305-59, 306 (errata), 307, 308, 312, 312-1 to

22  312-2, 313, 314, 314-1 to 314-3, 333, 333-1 to 333-3, 334, 334-1 to 334-13, 335,

23  338, 338-1)—and all discovery in this action and the *Siegel* action—including, but

24  not limited to, all deposition testimony and document productions.

25      Subject to and without waiving all foregoing objections, DC has conducted a

26  reasonably diligent search of the documents in the possession, custody, or control

27  of relevant custodians and produces herewith by designation or otherwise all non-

28  privileged, responsive documents.  Given that discovery is ongoing in this case, DC

- 93 -

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT A**
**96**

1    expressly reserves its right to supplement these Responses, if need be, as more

2    information becomes available, and to use in discovery and at trial any information

3    omitted from these Responses as a result of mistake, inadvertence, or oversight.

4    **Request No. 66**

5        All DOCUMENTS that support YOUR contention that "Toberoff and Pacific

6    Pictures engaged in independently wrongful conduct," that they "induced the Shuster

7    Heirs to breach the 1992 Agreement and enter into the illegal joint-venture

8    agreements described above," that they "induced the Shusters to manipulate claims

9    of ownership in Superboy," and that "Toberoff engaged in this misconduct in his

10   role as businessman and shareholder of Pacific Pictures," found in paragraph 178 of

11   YOUR COMPLAINT.

12   **Response to Request No. 66**

13       DC objects to the Request to the extent that it requires DC to prove through

14   the discovery process its ultimate legal arguments related to the ramifications of

15   defendants' agreements and communications.  DC objects to the extent the Request

16   seeks information protected by the attorney-client privilege, the attorney work

17   product doctrine, or any other applicable privilege or immunity.  DC further objects

18   on grounds that the Request is compound and overbroad in that it includes

19   numerous discrete subparts directed at different contentions.  DC further objects to

20   the extent this Request seeks documents that defendants have refused to produce in

21   response to discovery served by DC, including but not limited to the 2008 "consent

22   agreement" defendants continue to refuse to disclose.

23       DC objects to the definition of "YOUR" and will respond to that term as

24   limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC

25   objects to the extent the Request seeks production of "all DOCUMENTS" on the

26   ground that such request is overly broad, unduly burdensome, oppressive, and not

27   reasonably calculated to lead to the discovery of admissible evidence, as the

28   definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

1    used in these Responses, the phrase "all DOCUMENTS," or phrases of similar

2    import, should be understood to mean those documents DC and its counsel were

3    able to locate using reasonable diligence and reasonable judgment concerning the

4    whereabouts of such documents.

5        Subject to and without waiving all foregoing objections, DC refers

6    defendants' attention to Judge Wright's SLAPP ruling (Docket No. 337), as well as

7    DC's complaint (Docket No. 49), all briefing in this action—including, but not

8    limited to, the briefing and exhibits filed in connection with defendants' Rule 12

9    and SLAPP motions (Docket Nos. 30, 30-1 to 30-5, 31, 31-1, 31-2, 32, 33, 33-1 to

10   33-4, 34, 34-1, 34-2, 35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to 77-3, 78, 78-1 to 78-2,

11   79, 80, 80-1 to 80-4, 81, 89, 90, 91, 92, 93, 94, 94-1 to 94-40, 98, 98-1 to 98-4, 99,

12   99-1 to 99-2, 100, 100-1 to 100-3, 102, 102-1, 103, 103-1, 106, 107, 108, 146, 146-

13   1 to 146-4, 147, 147-1 to 147-3, 148, 148-1 to 148-5, 149, 150, 151, 154, 156, 181,

14   182, 182-1 to 182-40, 183, 183-1 to 183-4, 184, 185, 186, 191, 191-1, 192, 192-1 to

15   192-3, 193, 193-1 to 193-2, 194, 195, 195-1, 196, 196-1 to 196-4, 201, 202, 203,

16   304, 305-1 to 305-59, 306 (errata), 307, 308, 312, 312-1 to 312-2, 313, 314, 314-1

17   to 314-3, 333, 333-1 to 333-3, 334, 334-1 to 334-13, 335, 338, 338-1)—and all

18   discovery in this action and the *Siegel* action—including, but not limited to, all

19   deposition testimony and document productions.

20       Subject to and without waiving all foregoing objections, DC has conducted a

21   reasonably diligent search of the documents in the possession, custody, or control

22   of relevant custodians and produces herewith by designation or otherwise all non-

23   privileged, responsive documents.  Given that discovery is ongoing in this case, DC

24   expressly reserves its right to supplement these Responses, if need be, as more

25   information becomes available, and to use in discovery and at trial any information

26   omitted from these Responses as a result of mistake, inadvertence, or oversight.

27

28

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT A**
**98**

1    **Request No. 67**

2        All DOCUMENTS that support YOUR contention that "[a]s the direct result

3    of Toberoff's and Pacific Pictures' actions, the Shuster Heirs have breached the 1992

4    Agreement," found in paragraph 179 of YOUR COMPLAINT.

5    **Response to Request No. 67**

6        DC objects to the Request to the extent that it requires DC to prove through

7    the discovery process its ultimate legal arguments related to the ramifications of

8    defendants' agreements and communications.  DC objects to the extent the Request

9    seeks information protected by the attorney-client privilege, the attorney work

10   product doctrine, or any other applicable privilege or immunity.  DC further objects

11   to the extent this Request seeks documents that defendants have refused to produce

12   in response to discovery served by DC, including but not limited to the 2008

13   "consent agreement" defendants continue to refuse to disclose.

14       DC objects to the definition of "YOUR" and will respond to that term as

15   limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC

16   objects to the extent the Request seeks production of "all DOCUMENTS" on the

17   ground that such request is overly broad, unduly burdensome, oppressive, and not

18   reasonably calculated to lead to the discovery of admissible evidence, as the

19   definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As

20   used in these Responses, the phrase "all DOCUMENTS," or phrases of similar

21   import, should be understood to mean those documents DC and its counsel were

22   able to locate using reasonable diligence and reasonable judgment concerning the

23   whereabouts of such documents.

24       Subject to and without waiving all foregoing objections, DC refers

25   defendants' attention to Judge Wright's SLAPP ruling (Docket No. 337), as well as

26   DC's complaint (Docket No. 49), all briefing in this action—including, but not

27   limited to, the briefing and exhibits filed in connection with defendants' Rule 12

28   and SLAPP motions (Docket Nos. 30, 30-1 to 30-5, 31, 31-1, 31-2, 32, 33, 33-1 to

- 96 -

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT A**
**99**

1    33-4, 34, 34-1, 34-2, 35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to 77-3, 78, 78-1 to 78-2,

2    79, 80, 80-1 to 80-4, 81, 89, 90, 91, 92, 93, 94, 94-1 to 94-40, 98, 98-1 to 98-4, 99,

3    99-1 to 99-2, 100, 100-1 to 100-3, 102, 102-1, 103, 103-1, 106, 107, 108, 146, 146-

4    1 to 146-4, 147, 147-1 to 147-3, 148, 148-1 to 148-5, 149, 150, 151, 154, 156, 181,

5    182, 182-1 to 182-40, 183, 183-1 to 183-4, 184, 185, 186, 191, 191-1, 192, 192-1 to

6    192-3, 193, 193-1 to 193-2, 194, 195, 195-1, 196, 196-1 to 196-4, 201, 202, 203,

7    304, 305-1 to 305-59, 306 (errata), 307, 308, 312, 312-1 to 312-2, 313, 314, 314-1

8    to 314-3, 333, 333-1 to 333-3, 334, 334-1 to 334-13, 335, 338, 338-1)—and all

9    discovery in this action and the *Siegel* action—including, but not limited to, all

10   deposition testimony and document productions.

11       Subject to and without waiving all foregoing objections, DC has conducted a

12   reasonably diligent search of the documents in the possession, custody, or control

13   of relevant custodians and produces herewith by designation or otherwise all non-

14   privileged, responsive documents.  Given that discovery is ongoing in this case, DC

15   expressly reserves its right to supplement these Responses, if need be, as more

16   information becomes available, and to use in discovery and at trial any information

17   omitted from these Responses as a result of mistake, inadvertence, or oversight.

18   **Request No. 68**

19       All DOCUMENTS that support YOUR contention that "[t]he consent

20   agreements Toberoff has procured are void as a matter of law and public policy

21   because they strip the Siegels and Shusters of their right freely to settle their claims

22   and violate DC Comics' concomitant right freely to negotiate settlement of such

23   claims," found in paragraph 188 of YOUR COMPLAINT.

24   **Response to Request No. 68**

25       DC objects to the Request to the extent that it requires DC to prove through

26   the discovery process its ultimate legal arguments related to the ramifications of

27   defendants' agreements and communications.  DC objects to the extent the Request

28   seeks information protected by the attorney-client privilege, the attorney work

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT A**
**100**

1   product doctrine, or any other applicable privilege or immunity.  DC further objects

2   to the extent this Request seeks documents that defendants have refused to produce

3   in response to discovery served by DC, including but not limited to the 2008

4   "consent agreement" defendants continue to refuse to disclose.

5        DC objects to the definition of "YOUR" and will respond to that term as

6   limited to relevant representatives of DC and Warner Bros. Entertainment Inc.  DC

7   objects to the extent the Request seeks production of "all DOCUMENTS" on the

8   ground that such request is overly broad, unduly burdensome, oppressive, and not

9   reasonably calculated to lead to the discovery of admissible evidence, as the

10  definition of "DOCUMENTS" encompasses, *e.g.*, all court filings in this case.  As

11  used in these Responses, the phrase "all DOCUMENTS," or phrases of similar

12  import, should be understood to mean those documents DC and its counsel were

13  able to locate using reasonable diligence and reasonable judgment concerning the

14  whereabouts of such documents.

15       Subject to and without waiving all foregoing objections, DC refers

16  defendants' attention to its complaint (Docket No. 49), all briefing in this action—

17  including, but not limited to, the briefing and exhibits filed in connection with

18  defendants' Rule 12 and SLAPP motions (Docket Nos. 30, 30-1 to 30-5, 31, 31-1,

19  31-2, 32, 33, 33-1 to 33-4, 34, 34-1, 34-2, 35, 36, 75, 75-1 to 75-5, 76, 77, 77-1 to

20  77-3, 78, 78-1 to 78-2, 79, 80, 80-1 to 80-4, 81, 89, 90, 91, 92, 93, 94, 94-1 to 94-

21  40, 98, 98-1 to 98-4, 99, 99-1 to 99-2, 100, 100-1 to 100-3, 102, 102-1, 103, 103-1,

22  106, 107, 108, 146, 146-1 to 146-4, 147, 147-1 to 147-3, 148, 148-1 to 148-5, 149,

23  150, 151, 154, 156, 181, 182, 182-1 to 182-40, 183, 183-1 to 183-4, 184, 185, 186,

24  191, 191-1, 192, 192-1 to 192-3, 193, 193-1 to 193-2, 194, 195, 195-1, 196, 196-1

25  to 196-4, 201, 202, 203, 304, 305-1 to 305-59, 306 (errata), 307, 308, 312, 312-1 to

26  312-2, 313, 314, 314-1 to 314-3, 333, 333-1 to 333-3, 334, 334-1 to 334-13, 335,

27  338, 338-1)—and all discovery in this action and the *Siegel* action—including, but

28  not limited to, all deposition testimony and document productions.

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT A**
**101**

1     Subject to and without waiving all foregoing objections, DC has conducted a

2  reasonably diligent search of the documents in the possession, custody, or control

3  of relevant custodians and produces herewith by designation or otherwise all non-

4  privileged, responsive documents.  Given that discovery is ongoing in this case, DC

5  expressly reserves its right to supplement these Responses, if need be, as more

6  information becomes available, and to use in discovery and at trial any information

7  omitted from these Responses as a result of mistake, inadvertence, or oversight.

8

9     Dated:  February 17, 2012          Respectfully submitted,

10                                                     By:  /s/ Daniel M. Petrocelli

11                                                          Daniel M. Petrocelli

12                                                     Attorneys for Plaintiff DC Comics

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DC'S OBJS. & RESPS. TO
PEARY'S REQS. FOR PROD. 1-68

**EXHIBIT A**
**102**

# EXHIBIT B

# TOBEROFF & ASSOCIATES, P.C.

A PROFESSIONAL CORPORATION

22337 PACIFIC COAST HIGHWAY #348

MALIBU, CALIFORNIA 90265

MARC TOBEROFF*
PABLO D. ARREDONDO*
DAVID HARRIS

* Also admitted in New York

TELEPHONE
(310) 246-3333

FACSIMILE
(310) 246-3101

mtoberoff@ipwla.com

June 28, 2012

<u>Via E-Mail and U.S. Mail</u>

Daniel Petrocelli
O'Melveny and Myers LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067

Re:    <u>*DC Comics v. Pacific Pictures Corp., et al.*, Case No. 10-CV-03633 ODW (RZx)</u>

Dear Dan:

Pursuant to Federal Rule of Civil Procedure 56, Defendants will be bringing a cross-motion for partial summary judgment as to DC's First Claim for the reasons discussed in the parties' January 23, 2012, Joint Status Report, Docket No. 364 at 10-12, and for partial summary judgment on DC's Third Claim for the reasons that also have been extensively briefed and discussed. *See* Docket Nos. 80, 147, 333. Defendants believe the parties should stipulate to a coordinated schedule for the parties' cross-motions for the convenience of the Court, as is customary. Please let us know whether you are amenable to working out such a schedule. If you also wish to further meet and confer on any of the substantive issues please let us know when you are available.

In addition, please find attached: (i) a Rule 30(b)(6) deposition notice to DC Comics; and (ii) a notice of deposition to Paul Levitz. In addition to listing Paul Levitz, DC's Rule 26(a) initial disclosures listed Martin Payson and Lillian Laserson as witnesses with potential knowledge of the 1992 Agreement and states that these individuals can be contacted through your firm. Please let us know as soon as possible if your firm is authorized to accept service of subpoenas on behalf of these individuals.

Very truly yours,

Marc Toberoff

**EXHIBIT B**

**103**

1   Marc Toberoff (State Bar No. 188547)
      *mtoberoff@ipwla.com*
2   Pablo D. Arredondo (State Bar No. 241142)
      *parredondo@ipwla.com*
3   TOBEROFF & ASSOCIATES, P.C.
    22337 Pacific Coast Highway #348
4   Malibu, California 90265
    Telephone:  (310) 246-3333
5   Facsimile:   (310) 246-3101

6   Attorneys for Defendants Mark Warren
    Peary, as personal representative of the
7   Estate of Joseph Shuster, Jean Adele Peavy,
    and Laura Siegel Larson, individually and
8   as personal representative of the Estate of
    Joanne Siegel

9

10                    **UNITED STATES DISTRICT COURT**

11          **CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION**

12   DC COMICS,                          | Case No: CV 10-03633 ODW (RZx)

                        Plaintiff,

13          vs.                          | Hon. Otis D. Wright II, U.S.D.J.
                                         | Hon. Ralph Zarefsky, U.S.M.J.

14   PACIFIC PICTURES CORPORATION;       | **DISCOVERY MATTER**
15   IP WORLDWIDE, LLC; IPW, LLC;
     MARC TOBEROFF, an individual;       | **DEFENDANT MARK WARREN**
16   MARK WARREN PEARY, as personal      | **PEARY'S NOTICE OF**
     representative of the ESTATE OF     | **DEPOSITION OF PAUL**
17   JOSEPH SHUSTER; JEAN ADELE          | **LEVITZ**
     PEAVY, an individual; LAURA
18   SIEGEL LARSON, individually and as
19   personal representative of the ESTATE | Complaint filed:  May 14, 2010
     OF JOANNE SIEGEL, and DOES 1-10,    | Trial Date:  None Set
20   inclusive,
                                         | Date: July 10, 2012
21                                       | Time: 9:00 a.m.
                                         | Place: Kendall Brill & Klieger, LLP
22                   Defendants.         |        10100 Santa Monica Blvd.,
                                         |        Suite 1725, Los Angeles,
                                         |        California 90067
23

24

25

26

27

28

                              **EXHIBIT B**

1    **TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

2            PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 30,

3    the deposition upon oral examination of Paul Levitz (the "Deponent") will be taken

4    in the above-entitled action on July 10, 2012 starting at 9:00 a.m. and continuing over

5    the course of one day until completed or otherwise adjourned.  The deposition will be

6    held at the offices of Kendall Brill & Klieger, LLP at 10100 Santa Monica Blvd.,

7    Suite 1725, Los Angeles, California 90067.  The deposition will be taken before a

8    notary public or other officer authorized to administer oaths and will be recorded by

9    stenographic, sound, and visual means.

10            This Notice of Deposition is being served on Deponent's counsel as shown on

11    the accompanying Proof of Service.

12    Dated: June 28, 2012                    Respectfully submitted,

13

14                                            Marc Toberoff
                                             TOBEROFF & ASSOCIATES, P.C.
15

16                                            Attorneys for Defendants
                                             Mark Warren Peary, as personal
17                                            representative of the Estate of Joseph
                                             Shuster, Jean Adele Peavy, and Laura
18                                            Siegel Larson, individually and as personal
19                                            representative of the Estate of Joanne Siegel

20

21

22

23

24

25

26

27

28

Marc Toberoff (State Bar No. 188547)
 *mtoberoff@ipwla.com*
Pablo D. Arredondo (State Bar No. 241142)
 *parredondo@ipwla.com*
TOBEROFF & ASSOCIATES, P.C.
22337 Pacific Coast Highway #348
Malibu, California, 90265
Telephone:  (310) 246-3333
Fax:          (310) 246-3101

Attorneys for Defendants Mark
Warren Peary, as personal
representative of the Estate of Joseph
Shuster, Jean Adele Peavy, and Laura
Siegel Larson, individually and as
personal representative of the Estate of
Joanne Siegel

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION**

| | |
|---|---|
| DC COMICS,<br><br>                    Plaintiff,<br><br>         vs.<br><br>PACIFIC PICTURES CORPORATION; IP WORLDWIDE, LLC; IPW, LLC; MARC TOBEROFF, an individual; MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER; JEAN ADELE PEAVY, an individual; LAURA SIEGEL LARSON, individually and as personal representative of the ESTATE OF JOANNE SIEGEL, and DOES 1-10, inclusive,<br><br>                    Defendants. | Case No: CV 10-03633 ODW (RZx)<br><br>Hon. Otis D. Wright II, U.S.D.J.<br><br>**PROOF OF SERVICE**<br><br>Complaint Filed:  May 14, 2010<br>Trial Date:  None Set |

1

**PROOF OF SERVICE**

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

I am over the age of eighteen years and not a party to the within action; my business

4

address is: 22337 Pacific Coast Highway #348, Malibu, CA 90265.

5

On June 28, 2012, I caused to be served the foregoing document, described as

6

DEFENDANT MARK WARREN PEARY'S NOTICE OF DEPOSITION OF PAUL

7

LEVITZ, on the interested parties in this action as follows:

8

Daniel M. Petrocelli, Esq.
*dpetrocelli@omm.com*
Matthew T. Kline, Esq.

9

*mkline@omm.com*
Cassandra Seto, Esq.

10

*cseto@omm.com*
O'MELVENY & MYERS LLP

11

1999 Avenue of the Stars, 7th Floor

12

Los Angeles, CA 90067-6035

13

**BY U.S. MAIL:** I caused to be delivered to the address listed above via the United

14

States Postal Service the documents listed herein.

15

**BY E-MAIL:** I certify that the foregoing documents are also being served

16

electronically via e-mail.

17

I declare under penalty of perjury under the laws of the United States of America that

18

the foregoing is true and correct and that I am employed in the office of a member of the bar

19

of this court at whose direction the service was made.

20

Executed on June 28, 2012, at Malibu, California.

21

22

_____

23

Pablo D. Arredondo

24

25

26

27

28

1
PROOF OF SERVICE
**EXHIBIT B**
**107**

Marc Toberoff (State Bar No. 188547)
  *mtoberoff@ipwla.com*
Pablo D. Arredondo (State Bar No. 241142)
*parredondo@ipwla.com*
TOBEROFF & ASSOCIATES, P.C.
22337 Pacific Coast Highway #348
Malibu, California 90265
Telephone:  (310) 246-3333
Facsimile:   (310) 246-3101

Attorneys for Defendants Mark Warren
Peary, as personal representative of the
Estate of Joseph Shuster, Jean Adele Peavy,
and Laura Siegel Larson, individually and
as personal representative of the Estate of
Joanne Siegel

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| DC COMICS,<br><br>            Plaintiff,<br><br>    vs.<br><br>PACIFIC PICTURES CORPORATION;<br>IP WORLDWIDE, LLC; IPW, LLC;<br>MARC TOBEROFF, an individual;<br>MARK WARREN PEARY, as personal<br>representative of the ESTATE OF<br>JOSEPH SHUSTER; JEAN ADELE<br>PEAVY, an individual; LAURA<br>SIEGEL LARSON, individually and as<br>personal representative of the ESTATE<br>OF JOANNE SIEGEL, and DOES 1-10,<br>inclusive,<br><br>            Defendants. | Case No: CV 10-03633 ODW (RZx)<br><br>Hon. Otis D. Wright II, U.S.D.J.<br>Hon. Ralph Zarefsky, U.S.M.J.<br><br>**DISCOVERY MATTER**<br><br>**DEFENDANT MARK WARREN<br>PEARY'S NOTICE OF RULE<br>30(b)(6) DEPOSITION OF<br>PLAINTIFF DC COMICS**<br><br>Complaint filed:  May 14, 2010<br>Trial Date:  None Set<br><br>Date: July 11, 2012<br>Time: 9:00 a.m.<br>Place: Kendall Brill Klieger, LLP<br>         10100 Santa Monica Blvd.,<br>         Suite 1725, Los Angeles,<br>         California 90067 |

**EXHIBIT B**
**108**

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 30(b)(6), Defendants hereby notice the deposition of Plaintiff DC Comics ("DC") as an organization on the topics detailed below.  The deposition will be taken on July 11, 2012 starting at 9:00 a.m. and continuing over the course of one day until completed or otherwise adjourned.  The deposition will be held at the offices of Kendall Brill & Klieger, LLP at 10100 Santa Monica Blvd., Suite 1725, Los Angeles, California 90067.  The deposition will be taken before a notary public or other officer authorized to administer oaths and will be recorded by stenographic, sound, and visual means.

**TOPICS**

1.      The Agreement dated October 2, 1992 between DC, on the one hand, and Jean Peavy and Frank Shuster, on the other.

This Notice of Deposition is being served on Deponent's counsel as shown on the accompanying Proof of Service.

Dated:  June 28, 2012                                Respectfully submitted,

Marc Toberoff
TOBEROFF & ASSOCIATES, P.C.

Attorneys for Defendants
Mark Warren Peary, as personal
representative of the Estate of Joseph
Shuster, Jean Adele Peavy, and Laura
Siegel Larson, individually and as
personal representative of the Estate of
Joanne Siegel

**EXHIBIT B**
**109**

Marc Toberoff (State Bar No. 188547)
  *mtoberoff@ipwla.com*
Pablo D. Arredondo (State Bar No. 241142)
  *parredondo@ipwla.com*
TOBEROFF & ASSOCIATES, P.C.
22337 Pacific Coast Highway #348
Malibu, California, 90265
Telephone:  (310) 246-3333
Fax:        (310) 246-3101

Attorneys for Defendants Mark
Warren Peary, as personal
representative of the Estate of Joseph
Shuster, Jean Adele Peavy, and Laura
Siegel Larson, individually and as
personal representative of the Estate of
Joanne Siegel

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION**

| | |
|---|---|
| DC COMICS,<br><br>                        Plaintiff,<br><br>          vs.<br><br>PACIFIC PICTURES CORPORATION; IP WORLDWIDE, LLC; IPW, LLC; MARC TOBEROFF, an individual; MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER; JEAN ADELE PEAVY, an individual; LAURA SIEGEL LARSON, individually and as personal representative of the ESTATE OF JOANNE SIEGEL, and DOES 1-10, inclusive,<br><br>                        Defendants. | Case No: CV 10-03633 ODW (RZx)<br><br>Hon. Otis D. Wright II, U.S.D.J.<br><br>**PROOF OF SERVICE**<br><br>Complaint Filed:  May 14, 2010<br>Trial Date:  None Set |

PROOF OF SERVICE

**EXHIBIT B**

**110**

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am over the age of eighteen years and not a party to the within action; my business address is:  22337 Pacific Coast Highway #348, Malibu, CA 90265.

On June 28, 2012, I caused to be served the foregoing document, described as DEFENDANT MARK WARREN PEARY'S NOTICE OF 30(b)(6) CORPORATE DEPOSITION OF PLAINTIFF DC COMICS, on the interested parties in this action as follows:

Daniel M. Petrocelli, Esq.
*dpetrocelli@omm.com*
Matthew T. Kline, Esq.
*mkline@omm.com*
Cassandra Seto, Esq.
*cseto@omm.com*
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067-6035

**BY U.S. MAIL:**  I caused to be delivered to the address listed above via the United States Postal Service the documents listed herein.

**BY E-MAIL:**  I certify that the foregoing documents are being served electronically via e-mail.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on June 28, 2012, at Malibu, California.

_____
Pablo D. Arredondo

1
PROOF OF SERVICE

**EXHIBIT B**
**111**

**From:** marc.toberoff@gmail.com [mailto:marc.toberoff@gmail.com] **On Behalf Of** Marc Toberoff
**Sent:** Thursday, July 19, 2012 10:39 AM
**To:** Kline, Matthew
**Cc:** Pablo Arredondo; David Harris
**Subject:** Re: DC v. Pacific Pictures

Matt:

The Laserson and Payson responses can be e-mailed to us in PDF or send to the Malibu, CA address.

Paul Levitz's depo on July 26 can be at O'Melveney's offices if you prefer with a 9:00 am start time.

Thanks

Marc

On Thu, Jul 19, 2012 at 8:00 AM, Kline, Matthew <MKline@omm.com> wrote:

Marc,


You asked Ms. Laserson and Mr. Payson to respond to your document subpoenas today in New York.  Do you want us to send their responses to the New York address you identified or to your P.O. Box in Malibu?  Please let us know.


Also, please confirm Mr. Levitz's deposition on July 26--the start time, as well as the location.  As noted, we can offer our New York offices as a venue.


Thanks,


Matt

*************************************
**Matthew T. Kline**
O'Melveny & Myers LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067
Phone: (310) 246-6840
Fax: (310) 246-6779
mkline@omm.com

1

**EXHIBIT B**
**112**

www.omm.com

*This message and any attached documents contain information from the law firm of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*

Please consider the environment before printing this email

--
**Marc Toberoff**
Toberoff & Associates, PC
22337 Pacific Coast Highway, # 348
Malibu, CA 90265
Tel: (310) 246-3333
Fax: (310) 246-3101
MToberoff@ipwla.com

On Tue, Jul 24, 2012 at 11:33 AM, Kline, Matthew <MKline@omm.com> wrote:

Marc,

Everything in my email below is accurate, as we will show the Court if need be.

As for the depositions you now seek, there are no grounds or reason to depose either Mr. Payson (as we discussed) or Ms. McCandless--a former HR employee at Time Warner--other than to harass them. As for Ms. Laserson, her deposition will mainly be a waste of time as well (her knowledge is limited, and most of it is privileged), but she can be available on August 14 in New York. We will see when and if Mr. Levitz is available in New York the time period you mentioned. We are not certain he is, and as you know those weeks are very busy for us, so scheduling will be difficult. In any event, we are not sure your improper tactic of cancelling his deposition entitles you to depose him. We need to explore that further.

DC reserves all rights.

Matt

**From:** marc.toberoff@gmail.com [mailto:marc.toberoff@gmail.com] **On Behalf Of** Marc Toberoff
**Sent:** Monday, July 23, 2012 8:03 PM
**To:** Seto, Cassandra
**Cc:** Petrocelli, Daniel; Tokoro, Jason; Kline, Matthew; Keith Adams; Pablo Arredondo; David Harris
**Subject:** Re: Levitz Depo

Matt:

Please do not make false statements; they are unhelpful. Defendants are not rescheduling the depositions of four witnesses, only one. As you well know, the other three had not yet been scheduled. For instance, in response to defendants' deposition to take Ms. Laserson's deposition in July you informed us that she was not available until the first week in August, 2012.

While there is no need for a party to justify seeking a relevant deposition while discovery is still open, defendants did not seek Ms. McCandless' deposition earlier because she was not listed on DC's initial disclosures; despite being cc'ed on a number of documents attached to the declarations in support of DC's motion for partial summary judgment served on defendants just one week ago on July 16.

1

**EXHIBIT B**
**114**

Your claim that we are interfering with the time when you are busy with DC's summary judgment briefing is also untrue as DC's reply is due August 6 and defendants offered a window of 17 days (August 1-17) to arrive at mutually available depo dates.

Defendants have accommodated DC on multiple occasions when it rescheduled depositions, without any fuss. Again, please let us know when these witnesses are available during this period.

Defendants reserve all rights.

Marc

On Mon, Jul 23, 2012 at 6:30 PM, Seto, Cassandra <cseto@omm.com> wrote:

Please see the email below send on behalf of Matt Kline.

*       *       *

Marc,

You have been on notice of our motion for six months, the timing of filing for a month, and asked for Mr. Levitz's deposition on this date. We made extensive arrangements and plans. We just offered you extra time to take Mr. Levitz's deposition, and you declined. We offered you a videoconferenced deposition, and you declined. We have not cancelled a single deposition of an out-of-town witness, nor any deposition on notice this short. This is a problem of your own making, and your last-minute cancellation is unjustified. If you do not wish to depose Mr. Levitz in connection with DC's motion for summary judgment, that is your choice. We will point out in our summary judgment papers that you unilaterally cancelled his deposition rather than examine the witness.

Nor is it proper for you to suddenly reschedule depositions for four witnesses -- including Carolyn McCandless, who you never before indicated you wished to depose -- during the weeks when you know we will be busy with summary judgment briefing.

We reserve the right to seek all appropriate relief, including compensation for the costs of cancelling flights and hotel reservations at the last minute.

Matt

2

**EXHIBIT B**
**115**

**From:** marc.toberoff@gmail.com [mailto:marc.toberoff@gmail.com] **On Behalf Of** Marc Toberoff
**Sent:** Monday, July 23, 2012 5:08 PM

**To:** Kline, Matthew
**Cc:** Petrocelli, Daniel; Seto, Cassandra; Tokoro, Jason; Keith Adams; Pablo Arredondo; David Harris

**Subject:** Re: Levitz Depo

Matt:

I am sorry it is literally not feasible given our compressed schedule in both this case, and deadlines in other matters.  You have on short notice re-scheduled the pre-arranged and pre-scheduled depositions of numerous witnesses (both parties and non-parties alike) in this case on many occasions.

Please promptly inform Mr. Levitz to minimize any inconvenience.

Thank-you

Marc

On Mon, Jul 23, 2012 at 3:57 PM, Kline, Matthew <MKline@omm.com> wrote:

Marc,


Mr. Levitz's deposition has been arranged and scheduled, and we are travelling to New York tomorrow to defend it.  We cannot move the date.  If you need two extra days to file your opposition, we have no objection to defendants' filing their opposition on August 1.  DC would file its reply on August 8.



All of DC's rights are reserved.



Matt


---

**From:** marc.toberoff@gmail.com [mailto:marc.toberoff@gmail.com] **On Behalf Of** Marc Toberoff
**Sent:** Monday, July 23, 2012 3:30 PM
**To:** Kline, Matthew
**Cc:** Petrocelli, Daniel; Seto, Cassandra; Tokoro, Jason; Keith Adams; Pablo Arredondo; David Harris
**Subject:** Levitz Depo

3

**EXHIBIT B**
**116**

Matt:

Unfortunately, due to the time pressures of completing defendants' opposition to DC's partial summary judgment motion by July 30, 2012 (and DC's refusal to grant even a one week extension) defendants must reschedule Mr. Levitz's July 26, 2012 deposition in NYC.

Please provide the availability of Paul Levitz, Lillian Laserson, Martin Payson and Carolyn McCandless from August 1-17, 2012.

Thank-you.

**Marc Toberoff**
Toberoff & Associates, PC
22337 Pacific Coast Highway, # 348
Malibu, CA 90265
Tel: (310) 246-3333
Fax: (310) 246-3101
MToberoff@ipwla.com


--

**Marc Toberoff**
Toberoff & Associates, PC
22337 Pacific Coast Highway, # 348
Malibu, CA 90265
Tel: (310) 246-3333
Fax: (310) 246-3101
MToberoff@ipwla.com


--

**Marc Toberoff**
Toberoff & Associates, PC
22337 Pacific Coast Highway, # 348
Malibu, CA 90265
Tel: (310) 246-3333
Fax: (310) 246-3101
MToberoff@ipwla.com


--

**Marc Toberoff**
Toberoff & Associates, PC

4

**EXHIBIT B**

22337 Pacific Coast Highway, # 348
Malibu, CA 90265
Tel: (310) 246-3333
Fax: (310) 246-3101
MToberoff@ipwla.com

**EXHIBIT B**
**118**

**From:** "Seto, Cassandra" <cseto@OMM.com>
**To:** Keith Adams <kgadams@ipwla.com>
**Cc:** "Petrocelli, Daniel" <DPetrocelli@OMM.com>; "Kline, Matthew" <MKline@OMM.com>; Marc Toberoff <mtoberoff@ipwla.com>; Pablo Arredondo <parredondo@ipwla.com>
**Sent:** Friday, July 27, 2012 10:28 AM
**Subject:** RE: DC Comics v. PPC

Keith,

        As a final accommodation to defendants, and based on the terms set forth below, we will agree to a one-week extension for defendants' opposition to DC's motion for summary judgment (from July 30, 2012, to August 6, 2012), provided that DC receives a four-day extension for filing its reply brief (from August 13, 2012, to August 17, 2012). To accommodate Marc's schedule, we will also agree to move the hearing date from August 20, 2012, to September 17, 2012, but, of course, the briefing deadlines will be governed by the dates above, and not triggered based on the September 17 hearing date. Moreover, the dates Marc proposed in August for deposing Paul Levitz, Marty Payson, Lillian Laserson, and Carolyn McCandless are not workable. As you know, we agreed to make Mr. Levitz available for deposition on July 26, to make Mr. Payson available this week, and to make Ms. Laserson available next week. You unilaterally cancelled Mr. Levitz's deposition mere hours before we were scheduled to fly to New York -- despite our offers to make Mr. Levitz available by videoconference and to give defendants two additional days to take the deposition and file their summary judgment opposition. Moreover, you never confirmed the dates for Mr. Payson and Ms. Laserson that we offered. Then, after cancelling Mr. Levitz's deposition at the eleventh hour (and after we juggled our schedules and incurred significant costs to make the deposition possible), you raised *for the first time* defendants' wish to depose Ms. McCandless -- who, like Mr. Payson, has little (if any) relevant knowledge and whose deposition can only be intended to harass. Indeed, you have had documents with her name on them for years and never gave any indication you wished to depose her. In any event, we are not able -- nor are we required -- to accommodate defendants' last-minute request to depose these four witnesses in a two-week window that serves Mr. Toberoff's personal schedule. As you know, as a result of defendants' requested extension on its opposition motion, DC will be working those two weeks in August on its reply brief, and Dan and Matt are unavailable to travel to New York then. As for defendants' contemplated cross-motion for summary judgment, any such motion is improper and, as you describe the motion, it violates the Court's page-limitation rules. The issues raised by defendants' motion, as you described it, are all encompassed by DC's pending motion, except for the unclean-hands ground that is one of several grounds for DC's First Claim. As you know, the parties are in still in the middle of discovery on DC's unclean-hands allegations (given all the delays in the case), and the issue is not remotely ripe for summary adjudication. In any event, there is no reason for defendants to file an additional 25 pages of briefing on issues raised and presented in DC's motion. Thus, we will not agree to a briefing schedule on a motion that, as you describe it, is improper.

        Finally, if we can reach no agreement on the above -- *and as we have always made clear* -- we are amenable to move the hearing date on DC's motion to September 17, as long as that does not affect the briefing schedule. Your claims to the contrary are false.

        All of DC's rights and remedies are reserved, and your remaining assertions below disputed.

Cassie


**From:** Keith Adams [mailto:kgadams@ipwla.com]
**Sent:** Wednesday, July 25, 2012 5:46 PM
**To:** Seto, Cassandra
**Cc:** Petrocelli, Daniel; Kline, Matthew; Marc Toberoff; Pablo Arredondo
**Subject:** Re: DC Comics v. PPC

Cassie:

DC has absolutely no right to determine when defendants chose to bring a motion for summary judgment, especially since no scheduling order has been set in this case, there is no deadline to file summary judgment motions, and DC unilaterally selected both the filing and the hearing date for its motion without defendants' input.

1

**EXHIBIT B**
**119**

As our firm discussed with you weeks ago, due to competing Ninth Circuit and other deadlines in this case, and other matters, we were not in a position to do both an opposition and cross-motion by July 30, 2012. As you know, defendants have consistently been proponents of consolidating cross-motions for summary judgment for the convenience of both the parties and the Court, and to that end repeatedly proposed to DC numerous workable alternative schedules for cross-motions, and indicated they were flexible and open to DC's suggestions. However, DC rejected every one of Defendants' reasonable proposals, and insisted that Defendants opposition and cross-motion be filed in two weeks on July 30.

Moreover, *after* DC was given clear written notice that Mr. Toberoff would be taking a family vacation from August 18 through Labor Day, September 3, 2012, DC set an August 20 hearing date for its motion, while feigning that DC was willing to move the hearing date in light of such vacation. The only reason for doing this was to jam defendants' counsel by artificially limiting the deadline for defendants' opposition to July 30. Moreover, despite defendants' request, DC has not moved the August 20 hearing date it noticed, and apparently will not do so until after defendants' opposition is filed.

Your firm also blankly refused to grant a short one week extension on the opposition given counsel's conflicting deadlines and time pressures, something routinely granted by parties and their counsel as a matter of courtesy.

Your comments about page limits -- when cross-motions for summary judgment are normal and expected, and defendants have the clear right to bring a motion for summary judgment on their schedule -- are offensive.

As we informed you, Defendants contemplate bringing their cross-motion for partial summary judgment with a hearing date of October 1, 2012. If DC will agree to a mere 1-week extension for our opposition to DC's summary motion -- from July 30, 2012 to August 6, 2012 -- we would agree to file defendants' motion for summary judgment at least six weeks in advance of the hearing date, so as to provide DC three weeks to prepare its opposition.

Regardless of whether DC will agree to that short extension, we ask that, as DC agreed to do in its motion and Mr. Kline indicated on the phone, that DC stipulate to set the hearing date on DC's motion for summary judgment for September 17, 2012 (as Mr. Toberoff must appear on September 10, 2012 for oral argument before the Second Circuit in New York) or later.

Thank you,

Keith G. Adams
Toberoff & Associates, P.C.
22337 Pacific Coast Highway #348
Malibu, California 90265
Telephone: (310) 246-3333
Facsimile: (310) 246-3101
Email: kgadams@ipwla.com
http://www.ipwla.com

This message and any attached documents may contain information from Toberoff & Associates, P.C. that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

**From:** "Seto, Cassandra" <cseto@OMM.com>
**To:** "mtoberoff@ipwla.com" <mtoberoff@ipwla.com>; "kgadams@ipwla.com" <kgadams@ipwla.com>; "Pablo Arredondo (parredondo@ipwla.com)" <parredondo@ipwla.com>
**Cc:** "Petrocelli, Daniel" <DPetrocelli@OMM.com>; "Kline, Matthew" <MKline@OMM.com>
**Sent:** Wednesday, July 25, 2012 1:39 PM
**Subject:** DC Comics v. PPC

Marc and Keith,

We write to follow up on your July 23 phone call with me and Matt concerning defendants' cross-motion for summary judgment.

As we made clear on Monday (and calls before that as well), any such cross-motion should be filed along with defendants' opposition to DC's motion for summary judgment on July 30. Defendants indicated they would

move for summary judgment in January, and defendants have known about DC's motion for months, and its timing for many weeks. As you describe defendants' cross-motion, it raises many of the same issues presented in DC's motion, and filing a separate round of papers on the same claims at issue in DC's motion, weeks after the fact, is nothing more than an effort to evade the Court's page limits on motions, and an effort to cause further delay. The Court has admonished defense counsel for "slithering around" its page limitations before, Docket No. 328 at 1, and if defendants do so again, by arguing the same points and issues in another round of needless briefing, we will ask the Court to strike the relevant portions of defendants' submissions (if not all of them).

As for your two scheduling proposals made Monday, which would require DC to file its opposition to defendants' cross-motion on either August 31 or September 10, and to delay a hearing on DC's motion, DC cannot accept either proposal. As you know, both interfere with Dan's and Matt's vacation plans, and I will also be out of town in early September. If you wish to follow the reasonable briefing schedule we offered you several weeks ago--which gets all the briefing done before everyone leaves on vacation, and cuts into our response time by a few days--we remain happy to do that.

All of DC's rights are reserved.

Cassie

**Cassandra L. Seto**
**O'Melveny & Myers LLP**
1999 Avenue of the Stars, Suite 700, Los Angeles, California 90067
Telephone: 310.246.6703 | Facsimile: 310.246.6779

*This message and any attached documents contain information from the law firm of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*

# EXHIBIT C

O

## O'MELVENY & MYERS LLP

BEIJING

BRUSSELS

HONG KONG

LONDON

LOS ANGELES

NEWPORT BEACH

NEW YORK

1999 Avenue of the Stars, 7th Floor
Los Angeles, California 90067-6035

TELEPHONE (310) 553-6700
FACSIMILE (310) 246-6779
www.omm.com

SAN FRANCISCO

SHANGHAI

SILICON VALLEY

SINGAPORE

TOKYO

WASHINGTON, D.C.

July 6, 2012

OUR FILE NUMBER
905900-321

### VIA E-MAIL AND HAND DELIVERY

WRITER'S DIRECT DIAL
(310) 246-6840

Marc Toberoff
Toberoff & Associates, P.C.
22337 Pacific Coast Highway #348
Malibu, California 90265

WRITER'S E-MAIL ADDRESS
mkline@omm.com

Richard Kendall
Kendall Brill & Klieger LLP
10100 Santa Monica Boulevard, Suite 1725
Los Angeles, California 90067

Re:    *DC Comics v. Pacific Pictures Corp. et al.*, CV-10-3633 (ODW) (RZx)

Dear Counsel:

Please find enclosed DC 00156-57, all of which originated with your clients and may have been made available for inspection in *Siegel*, but we could not find among defendants' or DC's Bates-labeled productions.

Very truly yours,

/s/ Matthew T. Kline

Matthew T. Kline
of O'MELVENY & MYERS LLP

cc:    Daniel M. Petrocelli, Esq.

**EXHIBIT C**

**122**

316 Horton Ln, NW
Albuquerque, N.M.
87114
Oct. 7, 1992

Paul Leity, publisher
DC Comics Inc.
1325 Avenue of the Americas
New York, N.Y. 10019

Dear Paul,

Happy for you that your baby is finally here. Sorry we had to miss seeing you when Frank & I went into the office Oct. 2 to sign the papers. We were very disappointed to learn that the $25,00 could not be given as a gift. This means that we would only end up with about half of your intended compensation as the income tax would take about 45% of it.

As the family of Joe Shuster, we know we deserve more. We, as Joe was, are peaceloving people & even though we are aware of the copyright laws, decided not to stir up trouble & settle for just a crumb off the table. You have all been very kind to us & we appreciate your friendship. We feel that surely Time-Warner can figure out a way for us to receive the full $25,000. If it can't be given to us as a gift, can they reimburse us for the amount of money that will be deducted at payroll by making out a separate check for that amount & sending it to us? It is an unusual request to have Time Warner pick up the tab for the income tax but otherwise we will be left with practically nothing after Frank & I divide it.

Please discuss this with Marty Payson. We know you are all trying to be fair. Thanks for your consideration. Looking forward to hearing from you soon. We will be home next week.

Sincerely, Jean Shuster Peavy

DC 00156

**EXHIBIT C**
**123**

505-897-7450                                316 Horton Lane, NW
                                            Albuquerque, N.M. 87114-1053
June 8, 1998


Paul Levitz, Exec.Vice President
        and Publisher
DC COMICS
1700 Broadway
New York, N.Y. 10019

Dear Paul:

In speaking to my friend Mike Catron he reminded me that the Comic
Book Convention was taking place in August in San Diego. He suggest-
ed that I attend since I've never been to one. I remember my
brother Joe telling me what fun they used to be. That's when he
would draw up Superman portraits for customers that wanted to buy
his originals. I always thought it would be fun for me to attend
but right now I can't afford the expense of it. My total income
has gone down since my husband passed away.

On our last phone conversation you said you would look into getting
a bonus for me for the Superman animated cartoon shows which are
going so well. They're really great. I didn't benefit from it in
1996 or 1997. You had once said you would prefer to share with me
in the Superman profits rather than asking for a raise from Time-
Warner. My expenses continue to go up, as my rent being raised
again, but income has gone down.

If you could work it out for me to receive a bonus, my son Warren
and I would attend the Conference. I, or we, would be willing to
help man the SUPERMAN booth at specific times and answer personal
questions about the early years when Superman was first created,
I being the first person in the world to see it upon its creation.
Mike Catron suggested that some fans might even be interested in
my signing my autograph as Joe Shuster's sister, or even Warren
as his nephew.

If being at the booth would be of value to DC COMICS as Mike Catron
thought, we would be happy to do that. Perhaps Joanne Siegel would
be willing to help as well.

Please let me know so that Warren and I can begin to make arrange-
ments to attend. It would be nice to see you again there.

Regards to Jenette.

Best wishes,

Jean Shuster Peavy

DC 00157

**EXHIBIT C**
**124**

# EXHIBIT D



# O'MELVENY & MYERS LLP

BEIJING

BRUSSELS

HONG KONG

LONDON

LOS ANGELES

NEWPORT BEACH

NEW YORK

1999 Avenue of the Stars, 7th Floor
Los Angeles, California 90067-6035

TELEPHONE (310) 553-6700
FACSIMILE (310) 246-6779
www.omm.com

SAN FRANCISCO

SHANGHAI

SILICON VALLEY

SINGAPORE

TOKYO

WASHINGTON, D.C.

October 22, 2012

OUR FILE NUMBER
905900-321

**VIA EMAIL**

WRITER'S DIRECT DIAL
(310) 246-6840

Marc Toberoff
Keith G. Adams
Toberoff & Associates, P.C.
22337 Pacific Coast Highway #348
Malibu, CA  90265

WRITER'S E-MAIL ADDRESS
mkline@omm.com

Re:    ***DC Comics v. Pacific Pictures Corp. et al.*, CV-10-3633 (ODW) (RZx)**

Dear Counsel:

We write in response to your October 12 letter, which stated defendants' intention to move for sanctions in connection with the parties' summary judgment motions, and your October 21 letter, which now states defendants' apparent changed plan to request that the Court vacate its October 17 grant of summary judgment in DC's favor.

These letters, combined with defendants' October 17 letter stating defendants' intention to move for a Rule 54(b) order, demonstrate that defendants have expressed their plans to seek three, inconsistent remedies concerning summary judgment during just the last week and a half. Moreover, by requesting that DC consent to a Rule 54(b) order—at the very time defendants were complaining about DC's alleged discovery misconduct—defendants have already implicitly conceded that DC's supplemental productions did not affect the validity of the Court's October 17 grant of summary judgment.

Additionally, contrary to the allegations in your October 21 letter, DC has not refused to meet and confer with defendants.  Rather, DC has simply not ceded to defendants' unreasonable demands that DC make itself immediately available at defendants' whim.  Given the amount of open issues in this case and the related *Siegel* litigation, coupled with defendants' changing demands, DC's conduct is eminently reasonable.[1]  With this understanding, DC can make itself available to meet and confer on your October 12 and 21 letters during the afternoon of October 23 or 24.

---

[1]    Ironically, throughout this litigation, defendants are the ones who have consciously exploited Rule 37's provision of a ten-day window to meet and confer by routinely refusing to meet and confer until on or near the last day of that window.

O'MELVENY & MYERS LLP
October 22, 2012 - Page 2

   1. Defendants' Threatened Sanctions Motion Is Baseless And Moot. As an initial matter, DC notes that you only asked to meet and confer on your baseless sanctions motion *two days* after DC filed its sanctions motion. This tactical gambit—of trying to go on the offense, when defendants have been caught suppressing evidence—is as transparent as it is misguided.

   Moreover, while DC is pleased to see that defendants recognize the propriety of sanctions for the concealment of evidence, there is utterly no basis to sanction DC for how it has handled discovery. Unlike defendants, DC violated no court order in producing the four documents at issue when it did, it submitted no false filings to the Court, and it made no misrepresentations to counsel. *Cf.* Docket No. 500. To the contrary, DC produced the two Peavy letters shortly after discovering them, absent any court order, and absent any pending complaint or issue with defendants concerning discovery. DC's voluntary and timely production of these documents should be lauded, not bemoaned. That defense counsel's irresponsible and irrelevant charges of DC's and its counsel's having "contrived" arguments led DC to search for evidence to refute these false charges can hardly be criticized either.

   In any event, given the Court's October 17 grant of summary judgment in DC's favor, the threatened relief defendants seek in their motion—"issue and fact preclusion sanctions against DC"—is moot, as is defendants' sanctions motion. *E.g.*, *Goodman v. New Horizons Cmty. Serv. Bd.*, 2006 WL 940646, at * 3 (11th Cir. 2006) ("[T]o the extent that Goodman's motion for sanctions sought a discovery order or matter at trial, the dismissal of Goodman's case renders it moot."); *Bruton v. Paesani*, 162 Fed. Appx. 151, 152 (3d Cir. 2006) (affirming district court's order denying plaintiff's motion for sanctions as moot following the grant of summary judgment for defendants); *In re Real Estate Forbearance Contract*, 63 Fed. Appx. 445, at *2 (10th Cir. 2003) ("In light of our affirmance of the dismissal of complaint, we DENY Mr. Edward's …Federal Court Sanctions as moot."). Indeed, in light of defendants' October 17 and 21 letters, it appears that defendants have conceded this fact.

   2. The Court's October 17 Order Did Not Rely On The Challenged Evidence. In the Court's October 17 order, the Court notably did not rely on the four pieces of evidence about which defendants now complain—and defendants had already objected to in their summary judgment papers, both in terms of substance and as to when and how DC produced the documents.[2] Your complaints were fully ventilated before the Court in extensive briefing

---

   [2]    *E.g.*, Docket Nos. 495-1 at 36 (Oct. 1, 2012, Statement of Genuine Issues: "DC offers **no** evidence to support its knowingly false assertion it has 'long relied' on the 1992 Agreement for its chain-of-title to Superman. The sole supposed evidence cited by DC is the vague Bonesteel Declaration, referring to an unidentified, unspecified and unproduced communication 'dealing with a foreign government.'"); 495-2 at 3 (Oct. 1, 2012, Objection: "DC did not even mention [the Bonesteel affidavit] until now – *nine* months after Mr. Peary first served his discovery requests, and then only in opposition to Defendants' motion for summary judgment. Even though this vague Declaration is of little value, DC is precluded from relying upon it."); 499 at 3-4 (Oct. 5, 2012, Objection: "[T]he new evidence DC offers is improper and objectionable on virtually every level: it was improperly withheld in discovery (Fed. R. Civ. P. 37); it was not

O'MELVENY & MYERS LLP
October 22, 2012 - Page 3

defendants filed, *see id.*, and the relevance (and propriety) of this evidence vis-à-vis DC's First Claim has now been resolved, with the Court granting DC's motion, and not accepting defendants' contrary claims and objections.

As you are aware, two of the four items of evidence at issue (two submissions by Warner Bros. personnel to foreign authorities) were submitted by DC only in response to false and irrelevant arguments defendants stressed at the hearing on DC's summary judgment motion. *See* Docket Nos. 491 at 11; 498 at 1-3. The Court neither addressed defendants' off-base and irrelevant claim about DC "contriving" its First Claim, nor relied on the two pieces of evidence DC submitted rebutting it, about which defendants had openly complained before the Court issued its ruling. *Compare id.* (DC's submissions), *with* Docket No. 507 (Court's order), *with*, *e.g.*, Docket Nos. 495-1 at 36; 495-2 at 3; 499 at 3-4, 2 n.1 (defendants' objections to DC's use of this evidence). Similarly, other than citing the general volume of Jean Peavy's correspondence with DC, the Court neither cited nor relied on the two additional Peavy letters in its summary judgment ruling. Docket No. 507 at 4.

3. <u>DC's Valid Search Methodology</u>. A major premise of your October 12 and 21 letters is that DC provided "various" and "conflicting" explanations for its production of the two Peavy letters and offered "no explanation" for why it produced the two submissions by Warner Bros. personnel to foreign authorities.[3] This is nonsense, and even if your claim had any merit, it would only properly have been raised in a motion to compel and a proper meet and confer on DC's document search and production methodology—both of which defendants made the tactical choice never to pursue.[4]

---

timely filed with DC's opposition, but with an improper sur-reply (Local Rule 7-10); it lacks foundation and authentication (Fed. R. Evid. 602, 901); and it does not even support DC's contentions."); *id.* at 2 n.1 ("Ten days before DC filed its motion for partial summary judgment, DC suddenly produced additional letters about the 1992 Agreement, despite its earlier claims that all such documents had been produced, and then relied on such letters in its motion.").

[3]    *See* Oct. 12, 2012, letter from K. Adams to D. Petrocelli at 2 ("When defendants objected to this belated production, DC's counsel, Matt Kline, offered various explanations for DC's conduct."); *id.* at 3 ("DC offered no explanation whatsoever for why this non-privileged highly responsive document [the Bonesteel affidavit] was not produced to defendants earlier."); *id.* ("Again, DC offered no explanation whatsoever for why this non-privileged, highly-responsive document was not produced earlier to defendants."); Oct. 21, 2012, letter from K. Adams to D. Petrocelli at 1 ("Your partner, Matt Kline, gave conflicting explanations as to why these obviously relevant and responsive documents had not been produced earlier."); *id.* at 1-2 ("[O]n September 27, 2012 … DC produced for the first time and again without explanation an eleven page document … A week later …DC produced yet another highly responsive document … again without explanation.").

[4]    Defendants' October 21 letter implicitly concedes that a motion to compel was the proper remedy. *See* Oct. 21, 2012, letter from K. Adams to D. Petrocelli at 2.

DC has—from day one—been forthright about its search methodology. Indeed, it explained its custodial-based collection and review in its responses to defendants' *first* requests for the production of documents, and repeatedly reiterated that approach during subsequent correspondence and meet-and-confers. *E.g.*, Docket No. 498-2 at 27 (explaining that "DC has conducted a reasonably diligent search of the documents in the possession, custody, or control of relevant custodians…"); 498-2 at 148 (explaining that "DC is not required by the federal rules to conduct a search of all documents in its possession to adequately respond to Peary's interrogatories…. If you want to have a discussion about DC's search efforts, we are prepared to have one…."). This good-faith search for responsive documents satisfied DC's obligations under the federal rules. *E.g., Rodriguez v. Cnty. of Stanislaus*, 2010 WL 4513403, at *2 (E.D. Cal. Nov. 2, 2010) (denying sanctions where party "established that a good faith and reasonably diligent search was conducted for the records Plaintiff seeks"); *Edwards v. Carey*, 2006 WL 3437901, at *1 (E.D. Cal. Nov. 29, 2006) (denying motion to compel where defendants conducted a "reasonable and diligent search"); *see also Treppel v. Biovail Corp.*, 233 F.R.D. 363, 374 (S.D.N.Y. 2006) (observing that discovery obligations do not extend to "examin[ation of] every scrap of paper"").

While defendants initially objected to DC's stated search methodology, which—by itself—demonstrates their understanding of DC's process, Docket No. 498-2 at 156, defendants quickly dropped the issue and never followed up on DC's express offer in March 2012 that defendants propose new searches that DC could run. In the seven months since, defendants have never made any proposal to DC about new searches to run, moved to compel DC to go beyond its search protocol methodology, or even met and conferred on either issue. Your suggestions that you did meet and confer on these issues are as empty as your claims that you met and conferred before filing your failed motion on DC's interrogatory responses. *E.g.*, Docket No. 467. Given this record, defendants cannot establish that they have satisfied the meet-and-confer requirement for their threatened motions. *See id.*

My colleague Cassandra Seto did not in March 2012 (or since then) ever waive DC's objections or say that DC had done anything other than follow the search protocols identified in DC's objections, meet-and-confer letters, and discussed on the parties' March 2012 meet-and-confer call. Mr. Arredondo never asked for a meet and confer about DC's search protocols and ways to expand them to meet defendants' needs, but rather leveled false charges against DC about its honesty and asked whether new "different" searches had been done by DC, *see* July 11, 2012, email from P. Arredondo to M. Kline—then defendants dropped the issue for months, and never once opposed DC's motion on the grounds that discovery was incomplete or that DC was engaging in some sort of discovery misconduct. For these same reasons, nothing in Jason H. Tokoro's October 4, 2012 declaration is false, as you baselessly claim. Docket No. 498-1 ¶ 9.

4. Defendants' Strategic Decisions Bar Its Threat To Seek Sanctions or Vacate The October 17 Order. Because the production of the four communications at issue all occurred *before* briefing on defendants' motion for summary judgment was complete, and *before* a ruling on DC's motion issued, defendants could have opposed the entry of any summary judgment order citing the need to complete discovery under FED. R. CIV. P. 56(d). Defendants, instead,

O'MELVENY & MYERS LLP
October 22, 2012 - Page 5

made the tactical choice to press ahead and ask for summary judgment—on the mistaken and irresponsible view expressed in comments to the media that defendants would prevail on the summary judgment motions. *See* Oct. 11, 2012, Los Angeles Times, *With Superman Decision Imminent, Warner Goes After Attorney* (Toberoff: "The summary judgment hearing went very badly for DC and this is a distraction tactic to muddy the waters in an attempt to elicit bias."). Defendants also expressly told the Court in briefs filed *months* after DC produced the Peavy letters and after DC produced the Bonesteel letter that no further discovery relating to DC's First and Second Claims was warranted, and judgment should enter in defendants' favor. *See* Docket Nos. 495-4 at ("With years of prior discovery available to it, DC cannot be permitted to rely on vague allusions to potential discovery without any explanation of how that discovery might lead to facts sufficient to preclude summary judgment. As a matter of law, the Court should not grant DC's eleventh-hour application for a continuance on Defendants' Motion for Partial Summary Judgment."); 495 at 2 ("DC has had ample discovery – *eight years* between this and the closely-related *Siegel* cases (two years in this case alone – and no amount of additional discovery will salvage DC's meritless claims."). Defendants must live with their strategic decisions.

  5. <u>DC's Continued Willingness to Meet and Confer on Its Searches.</u> Notwithstanding the foregoing, as it has in the past, DC remains willing to consider supplementing its searches to locate additional documents. If you want to have a reasoned discussion about doing so, outside the context of baseless motions threatened for obvious tactical reasons, we are happy to do so. As we asked you to do in March, please provide us with a proposal.

  All of DC's rights are reserved, including its rights to seek its fees and costs and other sanctions in opposing your threatened motions.

      Very truly yours,

      /s/ Matthew T. Kline

      Matthew T. Kline
      of O'MELVENY & MYERS LLP

cc:  Daniel M. Petrocelli, Esq.; Richard Kendall, Esq.; Defense Counsel

# EXHIBIT E

| | |
|---|---|
| From: | Kline, Matthew |
| Sent: | Tuesday, November 06, 2012 12:12 PM |
| To: | Keith Adams (kgadams@ipwla.com); Pablo Arredondo (parredondo@ipwla.com) |
| Cc: | Petrocelli, Daniel; Seto, Cassandra; Tokoro, Jason; Lens, Molly; Marc Toberoff (mtoberoff@ipwla.com); Richard Kendall; lbrill@kbkfirm.com; Nicholas Daum |
| Subject: | DC Comics v. Pacific Pictures |

Counsel:

We understand that defendants intend to file a Rule 54 motion this week concerning DC's First and Third Claims in the *Pacific Pictures* case. DC will oppose the motion because this case can, within the next few months, be brought to a final and decisive conclusion. Any appeal now would be inefficient and premature. Indeed, we are very concerned that defendants have filed so many interlocutory appeals in this case (five now)--all in an effort to forum-shop, and to stymie this case from being fully and finally adjudicated. We hope we can convince you, for the reasons below, not to file your motion. In any event, we wanted to make sure you had DC's position on these issues and that you accurately representing that position to the Court, including by submitting this letter with any filing.

The reasons for not filing a Rule 54 motion now are many. Among them:

1. DC has a pending motion concerning its Fifth Claim that ultimately could help resolve that claim. That motion, which is set for hearing in a few weeks, should be resolved before we litigate whether a piecemeal appeal should be taken on DC's other claims.
2. Relatedly, since defendants will not stipulate to judgment on DC's Sixth Claim based on the Court's ruling on DC's Third Claim, DC will need to move for summary judgment on that claim as well. That issue is narrow and should be resolved before any Rule 54 appeal is taken.
3. DC's Fourth Claim could soon be resolved as well--either on summary judgment in DC's favor, or absent that, following a short trial.
4. DC intends to seek certain of its fees and costs on its First and Third Claims, as is its right. Those issues should be adjudicated before any appeal premised on those Claims is taken.
5. The *Superboy* case can and should be resolved now. As the remaining open issues in that case are narrow, and DC is entitled to judgment as a matter of law, we intend to file a motion seeking summary judgment.
6. Before any appeal, including a Rule 54 appeal, is brought on DC's First and Third Claims against the Shusters, DC believes a court-ordered mediation with the Shuster family would be potentially productive. In the wake of the Court's summary judgment ruling, the family (a) no longer has to labor under the unlawful consent agreements; and (b) should now have a more sober assessment of their claims. *Cf.* Peary Depo. at 357:22-358:16 ("Q. So you -- you understand that given that the estate has already given up an interest in Superboy, and the estate could lose this case and the court could find that the Shuster termination notice is invalid, that you as executor could yield the estate zero. You have entertained that as a possible outcome, correct? MR. TOBEROFF: Assumes facts. Lacks foundation. You can answer in the most general fashion without going into any details….. THE WITNESS: I've only considered that like I would an asteroid hitting us and wiping out life on earth."). We will be asking the Court, pursuant to its Local Rules, to order such a mediation. We believe any appeal the Shusters take will be rejected, and the Court's summary judgment ruling will be affirmed, but DC is willing to discuss the saved costs of not having to brief the appeal as part of a settlement discussion.

1

**EXHIBIT E**
**130**

In short, we suggest that we all take a pause this week and consider the best schedule and way to manage and fully resolve these cases. To that end, we hereby request a meet and confer on the issues set forth above on Tuesday, November 13, at 10 a.m. We can have that meeting in our office. At all events, the parties should strive to bring this case to a final, decisive end on all of the claims presented. Further piecemeal appeals are only a distraction and will delay matters and increase costs.

All of DC's rights are reserved.

Thanks,

Matt Kline

*******************************************
**Matthew T. Kline**
O'Melveny & Myers LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067
Phone: (310) 246-6840
Fax: (310) 246-6779
mkline@omm.com
www.omm.com

*This message and any attached documents contain information from the law firm of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*

*Please consider the environment before printing this email*

2

**EXHIBIT E**
**131**