# EXHIBIT 1

MARK WARREN PEARY - 6/29/2011

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CERTIFIED COPY**

| | | |
|---|---|---|
| DC COMICS, | ) | |
| | ) | |
| Plaintiff, | ) | No. CV-10-3633 ODW (RZx) |
| | ) | |
| VS. | ) | |
| | ) | |
| PACIFIC PICTURES CORPORATION, | ) | |
| IP WORLDWIDE, LLC, IPW, LLC, | ) | |
| MARC TOBEROFF, an individual, | ) | |
| Laura Siegel Larson, as | ) | |
| personal representative of | ) | |
| the ESTATE OF JOSEPH SHUSTER, | ) | |
| JEAN ADELE PEAVY, an | ) | |
| individual, JOANNE SIEGEL, | ) | |
| an individual, LAURA SIEGEL | ) | |
| LARSON, an individual, and | ) | |
| DOES 1-10, inclusive, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

VIDEOTAPED DEPOSITION OF MARK WARREN PEARY

TAKEN ON

WEDNESDAY, JUNE 29, 2011

Reported by:  SHANDA GABRIEL

CSR No. 10094

Merrill  Corporation  -  Los Angeles

**EXHIBIT 1**

**5**

MARK WARREN PEARY — 6/29/2011

Page 356

| | | |
|---|---|---|
| 1 | asking for your state of mind, your knowledge, your | 19:09:23 |
| 2 | information, your beliefs. | 19:09:26 |
| 3 | MR. TOBEROFF:  If any of those are | 19:09:27 |
| 4 | independent of the advice of counsel regarding his | 19:09:29 |
| 5 | particular question, you can answer.  Otherwise, I | 19:09:31 |
| 6 | instruct you not to answer. | 19:09:33 |
| 7 | THE WITNESS:  No, they're not independent | 19:09:36 |
| 8 | of counsel. | 19:09:38 |
| 9 | (Unanswered question.) | 19:09:38 |
| 10 | BY MR. PETROCELLI: | 19:09:38 |
| 11 | Q.  Have you formed any views about the | 19:09:41 |
| 12 | estate's ability to sell an interest in Superman | 19:09:46 |
| 13 | without having an agreement with DC Comics? | 19:09:51 |
| 14 | MR. TOBEROFF:  He is just asking -- I'll | 19:10:02 |
| 15 | let you answer the question whether or not you | 19:10:02 |
| 16 | formed any views, not what those views are. | 19:10:04 |
| 17 | THE WITNESS:  Okay.  Yes, I formed views. | 19:10:07 |
| 18 | BY MR. PETROCELLI: | 19:10:07 |
| 19 | Q.  And what are those views? | 19:10:11 |
| 20 | MR. TOBEROFF:  Based on your prior answers | 19:10:12 |
| 21 | to his similar questions, I instruct you not to | 19:10:13 |
| 22 | answer. | 19:10:16 |
| 23 | (Unanswered question.) | 19:10:16 |
| 24 | BY MR. PETROCELLI: | 19:10:16 |
| 25 | Q.  Are -- are you aware that the estate could | 19:10:20 |

**EXHIBIT 1**
**6**

MARK WARREN PEARY - 6/29/2011

Page 357

| | | |
|---|---|---|
| 1 | lose this case and the court could find that the | 19:10:27 |
| 2 | Shuster termination notice is not valid with respect | 19:10:31 |
| 3 | to Superman? | 19:10:35 |
| 4 | MR. TOBEROFF:  If you're -- | 19:10:40 |
| 5 | BY MR. PETROCELLI: | 19:10:42 |
| 6 | Q.  As -- as the executor of the estate, have | 19:10:42 |
| 7 | you -- have you thought about that issue? | 19:10:44 |
| 8 | MR. TOBEROFF:  You can just answer that in | 19:10:51 |
| 9 | the most general fashion without going into any | 19:10:53 |
| 10 | particulars. | 19:10:55 |
| 11 | THE WITNESS:  Okay.  Yes. | 19:10:56 |
| 12 | BY MR. PETROCELLI: | 19:10:56 |
| 13 | Q.  Okay.  And have you received any advice on | 19:10:58 |
| 14 | that subject other than from Marc Toberoff? | 19:11:03 |
| 15 | A.  No. | 19:11:06 |
| 16 | Q.  Okay.  And the estate has already given up | 19:11:15 |
| 17 | any interest and claim to Superboy, correct? | 19:11:17 |
| 18 | MR. TOBEROFF:  Assumes facts.  Lacks | 19:11:21 |
| 19 | foundation. | 19:11:23 |
| 20 | THE WITNESS:  As far as I know. | 19:11:23 |
| 21 | BY MR. PETROCELLI: | 19:11:23 |
| 22 | Q.  So you -- you understand that given that | 19:11:27 |
| 23 | the estate has already given up an interest in | 19:11:30 |
| 24 | Superboy, and the estate could lose this case and | 19:11:32 |
| 25 | the court could find that the Shuster termination | 19:11:40 |

Merrill  Corporation  -  Los Angeles

800-826-0277                                www.merrillcorp.com/law

**EXHIBIT 1**

7

MARK WARREN PEARY - 6/29/2011

Page 358

| | | |
|---|---|---|
| 1 | notice is invalid, that you as executor could yield | 19:11:42 |
| 2 | the estate zero.  You have entertained that as a | 19:11:45 |
| 3 | possible outcome, correct? | 19:11:49 |
| 4 | MR. TOBEROFF:  Assumes facts.  Lacks | 19:11:51 |
| 5 | foundation. | 19:11:51 |
| 6 | You can answer in the most general fashion | 19:11:55 |
| 7 | without going into any details. | 19:11:58 |
| 8 | THE WITNESS:  I -- | 19:12:01 |
| 9 | MR. TOBEROFF:  This is -- this is his last | 19:12:02 |
| 10 | answer because we're -- we've met our seven-hour | 19:12:05 |
| 11 | max. | 19:12:08 |
| 12 | MR. PETROCELLI:  It's not a max, but I | 19:12:08 |
| 13 | understand you're leaving at the end of seven hours. | 19:12:11 |
| 14 | THE WITNESS:  I've only considered that | 19:12:13 |
| 15 | like I would an asteroid hitting us and wiping out | 19:12:17 |
| 16 | life on earth. | 19:12:21 |
| 17 | BY MR. PETROCELLI: | 19:12:21 |
| 18 | Q.  Is -- and again, it's based on | 19:12:22 |
| 19 | Mr. Toberoff's advice? | 19:12:25 |
| 20 | MR. TOBEROFF:  We're cutting this at seven | 19:12:25 |
| 21 | hours. | 19:12:27 |
| 22 | THE WITNESS:  Yes. | 19:12:28 |
| 23 | BY MR. PETROCELLI: | 19:12:28 |
| 24 | Q.  Okay.  One other question.  Are you able to | 19:12:29 |
| 25 | enter into a settlement agreement with DC without | 19:12:33 |

**EXHIBIT 1**
**8**

MARK WARREN PEARY - 6/29/2011

Page 359

| | | |
|---|---|---|
| 1 | the consent of the Siegels? | 19:12:37 |
| 2 | MR. TOBEROFF:  I instruct you not to answer | 19:12:39 |
| 3 | that question.  He's asking you about the consent | 19:12:40 |
| 4 | agreement. | 19:12:43 |
| 5 | (Unanswered question.) | 19:12:44 |
| 6 | MR. PETROCELLI:  Well, I wasn't but -- | 19:12:46 |
| 7 | Q.  Independent -- | 19:12:46 |
| 8 | MR. TOBEROFF:  No more questions.  It's | 19:12:52 |
| 9 | done.  Seven hours and I'm cutting it off. | 19:12:53 |
| 10 | MR. PETROCELLI:  Are you saying that | 19:12:55 |
| 11 | we're -- | 19:12:56 |
| 12 | MR. TOBEROFF:  I'm abiding by the Federal | 19:12:57 |
| 13 | rules.  We're over the seven hours.  I gave you an | 19:13:00 |
| 14 | extra question and that was one question too many. | 19:13:02 |
| 15 | MR. PETROCELLI:  Well, since you're | 19:13:04 |
| 16 | declining to go forward, we obviously are not | 19:13:08 |
| 17 | finished.  So we will -- | 19:13:10 |
| 18 | MR. TOBEROFF:  I disagree. | 19:13:12 |
| 19 | MR. PETROCELLI:  Well, I understand.  I'm | 19:13:13 |
| 20 | just making it clear that I'm not concluding the | 19:13:15 |
| 21 | deposition.  We'll have to seek court relief to not | 19:13:18 |
| 22 | only continue it, but also, Marc, to address the | 19:13:22 |
| 23 | objections. | 19:13:28 |
| 24 | MR. TOBEROFF:  On what basis are you saying | 19:13:28 |
| 25 | we haven't concluded if you've used up the seven | 19:13:30 |

**EXHIBIT 1**

**9**

MARK WARREN PEARY – 6/29/2011

Page 363

1    STATE OF CALIFORNIA      )
                             )  ss.
2    COUNTY OF LOS ANGELES    )

3

4         I, Shanda Gabriel, Certified Shorthand

5    Reporter, Certificate No. 10094, for the State of

6    California, hereby certify:

7         I am the deposition officer that

8    stenographically recorded the testimony in the

9    foregoing deposition;

10        Prior to being examined the witness was by

11   me first duly sworn;

12        The foregoing transcript is a true record

13   of the testimony given.

14

15   Dated   *July 14, 2011*   .

16

17        _____

                Shanda Gabriel
18              CSR 10094

19

20

21

22

23

24

25

Merrill    Corporation    –   Los Angeles
800-826-0277                        www.merrillcorp.com/law

EXHIBIT 1
10

Aug 12 11 04:49p    M. Warren Peary                    505-466-4551                    p.1

## ERRATA SHEET

| Page | Line | | |
|------|------|--|--|
| 54 | 23 | Change: | From "Yes." to "Yes, but it's not called that." |
| | | Reason: | Clarification |
| 61 | 13 | Change: | From "No." to "No, except for the letter between Mr. Toberoff and Mr. Bergman." |
| | | Reason: | Clarification |
| 61 | 15 | Change: | From "Yes." to "Yes, including the letter between Mr. Toberoff and Mr. Bergman." |
| | | Reason: | Clarification |
| 95 | 7-8 | Change: | From "I believe that — that I am and the Siegels and Mr. Toberoff." to "I am and Mr. Toberoff." |
| | | Reason: | Clarification |
| 95 | 10 | Change: | From "2010, I believe." to "2008." |
| | | Reason: | Clarification |
| 95 | 12 | Change: | From "Yeah, if my memory is right." to "No." |
| | | Reason: | Clarification |
| 100 | 19 | Change: | From "Yes." to "No, by me and Mr. Toberoff." |
| | | Reason: | Clarification |
| 101 | 15 | Change: | From "I don't recall." to "Yes." |
| | | Reason: | Clarification |
| 101 | 18 | Change: | From "I don't recall, no, having done so." to "I signed a conflict waiver in 2008." |
| | | Reason: | Clarification |
| 235 | 9 | Change: | From "2003" to "2002" |
| | | Reason: | Clarification |
| 141 | 24 | Change: | From "other than that" to "other than that and the conflict waivers." |
| | | Reason: | Clarification |

_____ Subject to the above changes, I certify that the transcript is true and correct

\_\_\_✓\_\_ No changes have been made. I certify that the transcript is true and correct.

_(signature)_                                    8-12-11

(Signature)                                      (Date)

Received    Aug-12-11   02:18pm        From-505 466 4551            To-                    Page 001

**EXHIBIT 1**

**11**

# EXHIBIT 2



# O'MELVENY & MYERS LLP

BEIJING

BRUSSELS

HONG KONG

LONDON

LOS ANGELES

NEWPORT BEACH

NEW YORK

1999 Avenue of the Stars, 7th Floor
Los Angeles, California  90067-6035

TELEPHONE  (310) 553-6700
FACSIMILE  (310) 246-6779
www.omm.com

SAN FRANCISCO

SHANGHAI

SILICON VALLEY

SINGAPORE

TOKYO

WASHINGTON, D.C.

October 22, 2012

OUR FILE NUMBER
905900-321

**VIA EMAIL**

WRITER'S DIRECT DIAL
(310) 246-6840

Marc Toberoff
Keith G. Adams
Toberoff & Associates, P.C.
22337 Pacific Coast Highway #348
Malibu, CA  90265

WRITER'S E-MAIL ADDRESS
mkline@omm.com

> Re:    ***DC Comics v. Pacific Pictures Corp. et al.*, CV-10-3633 (ODW) (RZx)**

Dear Counsel:

        We write in response to your October 17 letter, in which you asked to meet and confer about a Rule 54(b) motion on DC's First, Second, and Third Claims.  We can meet and confer with you on Friday, October 26 at 10am PDT.  During the meet and confer, we need to discuss defendants' position as to whether the Court's ruling granting summary judgment on DC's Third Claim also compels judgment in DC's favor on its Sixth Claim.  We also want to confirm your positions regarding the 2008 Consent Agreement and its invalidity.  The factual and legal arguments in your letter are disputed, and we can discuss them further, as need be, on our Friday call.  All of DC's rights are reserved.

                                        Very truly yours,

                                         /s/ Matthew T. Kline

                                        Matthew T. Kline
                                        of O'MELVENY & MYERS LLP

cc:    Daniel M. Petrocelli, Esq.; Richard Kendall, Esq.; Defense Counsel

**EXHIBIT 2**

**12**

# EXHIBIT 3

# TOBEROFF & ASSOCIATES, P.C.

A PROFESSIONAL CORPORATION

22337 PACIFIC COAST HIGHWAY #348

MALIBU, CALIFORNIA 90265

MARC TOBEROFF*
KEITH G. ADAMS
PABLO D. ARREDONDO*
DAVID HARRIS

* Also admitted in New York

TELEPHONE
(310) 246-3333

FACSIMILE
(310) 246-3101

kgadams@ipwla.com

October 24, 2012

<u>Via E-Mail</u>

Matthew Kline
O'Melveny and Myers LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067

Re:    *DC Comics v. Pacific Pictures Corp., et al.*, Case No. 10-CV-03633 ODW (RZx)

Dear Matt:

I write in response to your October 22, 2012 letter in which you raised DC's contention that "the Court's ruling granting summary judgment on DC's Third Claim also compels judgment in DC's favor on its Sixth Claim." Defendants disagree, and are in fact considering moving for reconsideration of the Court's October 17, 2012 order granting DC's motion for partial judgment (Docket No. 507) insofar as it granted DC's Third Claim for Relief. The motion would be on the grounds that, as the Court granted DC's First Claim, and as DC's Third Claim was pled in the alternative to the First Claim and sought relief that would only be meaningful if DC's First Claim was denied, the Third Claim was moot, and should have been denied as moot.

As you are aware, Defendants also intend to move for the entry of a Rule 54(b) judgment on DC's First and Third Claims for Relief; DC has yet to state its position on that motion, and the parties have scheduled a meet-and-confer for 11:00 a.m. on October 25, 2012. *See* 10/17/2012 Letter from Adams to Petrocelli & Kline; 10/22/2012 Letter from Kline to Toberoff & Adams. If DC is willing to stipulate to the entry of a Rule 54(b) judgment, this may affect Defendants' decision as to moving for reconsideration of the Third Claim. As such, we suggest that the parties meet-and-confer on this issue pursuant to Local Rule 7-3 at 11:00 a.m. on October 25, 2012, along with the other issues the parties are scheduled to discuss at that time.

Nothing in this letter should be construed as a waiver or limitation of any of Defendants' rights or remedies, all of which are reserved.

Very truly yours,

Keith Adams

**EXHIBIT 3**
**13**

# EXHIBIT 4

APPELLATE CASE NO. 11-56934

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

DC COMICS,

*Plaintiff – Appellee,*

v.

PACIFIC PICTURES CORPORATION; IP WORLDWIDE, LLC; IPW, LLC; MARC TOBEROFF; MARK WARREN PEARY, as personal representative of the Estate of Joseph Shuster; LAURA SIEGEL LARSON, individually and as personal representative of the Estate of Joanne Siegel; JEAN ADELE PEAVY,

*Defendants – Appellants.*

**APPELLANTS' SUPPLEMENTAL BRIEF PURSUANT TO THE COURT'S OCTOBER 19, 2012 ORDER RE: EFFECT OF DISTRICT COURT'S PARTIAL SUMMARY JUDGMENT ORDER**

Appeal From The United States District Court for the
Central District of California,
Case No. CV-10-03633 ODW (RZx), Hon. Otis D. Wright II

TOBEROFF & ASSOCIATES, P.C.
Marc Toberoff (188547)
 *mtoberoff@ipwla.com*
Keith G. Adams (240497)
 *kgadams@ipwla.com*
22337 Pacific Coast Highway #348
Malibu, California 90265
Telephone:  (310) 246-3333
Facsimile:  (310) 246-3101

*Attorneys for Defendants-Appellants,
Mark Warren Peary, as personal
representative of the Estate of Joseph
Shuster, and Jean Adele Peavy, and
Laura Siegel Larson, individually and
as personal representative of the Estate
of Joanne Siegel*

KENDALL BRILL & KLIEGER LLP
Richard B. Kendall (90072)
 *rkendall@kbkfirm.com*
Laura W. Brill (195889)
 *lbrill@kbkfirm.com*
10100 Santa Monica Blvd., Suite 1725
Los Angeles, California 90067
Telephone:  (310) 556-2700

*Attorneys for Defendants-Appellants,
Pacific Pictures Corporation, IP
Worldwide, LLC, IPW, LLC, and Marc
Toberoff*

**EXHIBIT 4**
**14**

## TABLE OF CONTENTS

I.    INTRODUCTION ...............................................................................1

II.    PROCEDURAL BACKGROUND ......................................................2

III.   THIS APPEAL SHOULD PROCEED AS BEFORE .....................4

    A.    The District Court Lacks Jurisdiction Over The Merits Of The State-Law Claims And The Order Is Not Yet Final.............................4

    B.    The Order Has No Bearing On The First Prong Of The Anti-SLAPP Analysis .....................................................................5

    C.    The Order Has No Bearing On Numerous Affirmative State-Law Defenses To DC's State-Law Claims ...........................................5

IV.   IF DC'S CLAIMS SURVIVE DEFENDANTS' STATE-LAW DEFENSES, THIS COURT CONSIDERS THE RELEVANT COPYRIGHT ISSUES DE NOVO ...............................................7

V.    THE PANEL SHOULD RETAIN JURISDICTION ......................10

CERTIFICATE OF COMPLIANCE ...........................................................12

CERTIFICATE OF SERVICE ....................................................................13

i

**EXHIBIT 4**

**15**

# TABLE OF AUTHORITIES

## Cases

*Adobe Systems Inc. v. Coffee Cup Partners,*
   2012 WL 3877783 (N.D. Cal. Sept. 6, 2012) ......................................5

*Avondale Shipyards, Inc. v. Insured Lloyd's,*
   786 F.2d 1265 (5th Cir. 1986) ...........................................................5

*Batzel v. Smith,*
   333 F.3d 1019 (9th Cir. 2003) .......................................................4, 5

*Chuman v. Wright,*
   960 F.2d 104 (9th Cir. 1992) ............................................................4

*Classic Media, Inc. v. Mewborn,*
   532 F.3d 978 (9th Cir. 2008) ............................................................9

*Melendres v. Arpaio,*
   2012 WL 4358737 (9th Cir. Sept. 25, 2012) ...................................11

*Government of Virgin Islands v. 2.6912 Acres of Land,*
   396 F.2d 3 (3d Cir. 1968)..................................................................5

*Hilton v. Hallmark Cards,*
   599 F.3d 894 (9th Cir. 2010) ............................................................5

*Larson v. Warner Bros. Entertainment Inc., et al.,*
   (Case Nos. 11-56034, 11-55863)......................................................2

*Milne v. Stephen Slesinger, Inc.,*
   430 F.3d 1036 (9th Cir. 2005) ..........................................................9

*Nelson v. Heiss,*
   271 F.3d 891 (9th Cir. 2001) ............................................................8

*NRDC, Inc. v. Winter,*
   513 F.3d 920 (9th Cir. 2008) ..........................................................10

ii

**EXHIBIT 4**

*Pacific Gas & Electric Co. v. Bear Stearns & Co.*,
   50 Cal. 3d 1118 (1990) ................................................................8

*Roberts v. McAfee, Inc.*,
   660 F.3d 1156 (9th Cir. 2011) ....................................................6

*St. Paul Fire & Marine Ins. Co. v. F.H.*,
   55 F.3d 1420 (9th Cir.1995) ........................................................4

*Wallace v. McCubbin*,
   196 Cal. App. 4th 1169 (2011) ....................................................6

*United States v. Epis*,
   373 F.3d 1383 (9th Cir. 2004) ...................................................11

*Williams v. Brooks*,
   996 F.2d 728 (5th Cir. 1993) .......................................................4

**Statutes and Rules**

17 U.S.C. § 304(c) ...........................................................................3

17 U.S.C. § 304(c)(2).......................................................................9

17 U.S.C. § 304(c)(5).......................................................................9

17 U.S.C. § 304(c)(6)(D) ..................................................... *passim*

Cal. Civ. Code § 47(b) ....................................................................6

Cal. Code Civ. P. § 339(1)...............................................................6

Cal. Code Civ. P. § 425.16...............................................................3

Fed. R. Civ. P. 54(b) ........................................................................4

iii

**EXHIBIT 4**

## I.    INTRODUCTION

The District Court's October 17, 2012 order (Declaration of Pablo Arredondo ("Arr. Decl."), Ex. A ("Order")) granting Plaintiff DC Comics ("DC") partial summary judgment on its First and Third Claims under the Copyright Act should not affect this Court's determination of this appeal, which concerns the District Court's denial of Defendants' motion to strike DC's Fourth, Fifth, and Sixth Claims (the "State-Law Claims") under California's anti-SLAPP statute.

*First,* there is no need for the Court to decide the federal copyright issues addressed in the Order to resolve this appeal.  As explained in Defendants' appellate briefs, (i) DC's State-Law Claims arise from "protected activity" within the meaning of California's Anti-SLAPP law, and (ii) DC has no "reasonable probability of success" on those claims in light of certain state-law defenses (notably the statutes of limitations and litigation privilege).  The Order did not concern whether the State-Law Claims arose from "protected activity" or Defendants' affirmative defenses.  The Court need not reach the federal copyright issues, because Defendants' affirmative defenses dispose of DC's State-Law Claims as a matter of law.

*Second,* if the Court decides that it should address the federal copyright issues, either because the state-law defenses do not fully resolve this appeal or to

1

**EXHIBIT 4**
**18**

avoid piecemeal litigation, these issues were resolved in the Order as a matter of law and the Court may address these same issues *de novo*.

If the Court is inclined to address the federal copyright issues relevant to the Fourth and Sixth Claims, Defendants propose that that the Court do so with the benefit of the more advanced briefing submitted by the parties below in connection with the Order (Arr. Decl. Exs. B-I), and the record before the District Court. The parties could also provide supplemental briefing on these issues.

In any event, the panel should retain jurisdiction over appellate matters arising from the case below. While the Court need not address the Order to determine this appeal, the Order raises related issues, and the panel, which will also hear related appeals in *Larson v. Warner Bros. Entertainment Inc., et al.* (Case Nos. 11-56034, 11-55863), should retain jurisdiction over all related appeals.

## II.    PROCEDURAL BACKGROUND

In this action, DC brought six claims. ER-983-1056. DC's First, Second and Third Claims were federal claims seeking declaratory relief regarding the statutory termination filed by the heirs of the original illustrator of Superman, Joseph Shuster. ER-1020-39. DC's remaining claims were brought under state law: the Fourth Claim, for tortious interference with contract; the Fifth Claim, for tortious interference with prospective economic advantage; and the Sixth Claim, for unfair competition. ER-1039-44.

**EXHIBIT 4**

On September 20, 2010, Defendants moved to strike DC's State-Law Claims pursuant to California's anti-SLAPP statute (Cal. Code Civ. P. § 425.16).  On October 25, 2011, the District Court denied the motion, erroneously finding that the State-Law Claims did not arise from activity protected by the anti-SLAPP statute.  ER-1-7.  This appeal followed.

While this appeal was pending, the parties filed cross-motions for partial summary judgment on the First, Second and Third Claims.  Arr. Decl., Exs. B, F.  On October 17, 2012, the District Court entered its Order granting DC's motion and denying Defendants' cross-motion.

The Order made two rulings, both based upon erroneous statutory interpretations.  It granted summary judgment on DC's First Claim, and held that a one-page 1992 pension agreement between DC and Joseph Shuster's siblings purportedly revoked Shuster's long-operative copyright grants and regranted his Superman copyrights to DC, barring the executor of the Shuster Estate ("Shuster Executor") from exercising its inalienable termination right under the Copyright Act, 17 U.S.C. § 304(c), (d).  Order at 5-13.

The Order also granted summary judgment on DC's Third Claim (though pled in the alternative to the First Claim), and held that 17 U.S.C. § 304(c)(6)(D) gives DC a purported "right" to exclusively negotiate to re-license the copyrights (not) recovered by the Shuster Termination.  Order at 16-17.

3

EXHIBIT 4

20

Defendants will shortly move pursuant to Fed. R. Civ. P. 54(b) to have the

Order entered as a final judgment, which Defendants will then appeal to this Court.

## III.    THIS APPEAL SHOULD PROCEED AS BEFORE

### A.    <u>The District Court Lacks Jurisdiction Over The Merits Of The State-Law Claims And The Order Is Not Yet Final</u>

Once Defendants appealed the District Court's denial of their anti-SLAPP

immunity, the District Court lost jurisdiction over the State-Law Claims.  The

denial of a California anti-SLAPP motion is an immediately appealable denial of

"substantive immunity from suit." *Batzel v. Smith*, 333 F.3d 1019, 1025 (9th Cir.

2003).  An appeal from a denial of immunity "divests the District Court of

jurisdiction" to decide the merits of the claims at issue on appeal.  The District

Court, therefore, lacked jurisdiction to enter any order that could interfere with the

State-Law Claims.  *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992); *Williams

v. Brooks*, 996 F.2d 728, 730 (5th Cir. 1993).  And to the extent that the Order

could be read to reach the merits of the State-Law Claims, it exceed the District

Court's jurisdiction.

Furthermore, because the Order is not a final judgment, it is subject to

revision/reconsideration, cannot yet be appealed, and has no preclusive effect.  *See*

Fed. R. Civ. P. 54(b);  *St. Paul Fire & Marine Ins. Co. v. F.H.*, 55 F.3d 1420, 1425

(9th Cir. 1995) (interlocutory summary judgment order had no preclusive effect);

4

**EXHIBIT 4**

*Government of Virgin Islands v. 2.6912 Acres of Land*, 396 F.2d 3, 5 (3d Cir. 1968); *Avondale Shipyards, Inc. v. Insured Lloyd's*, 786 F.2d 1265, 1269-72 (5th Cir. 1986).

**B.    The Order Has No Bearing On The First Prong Of The Anti-SLAPP Analysis**

The first question presented by this appeal concerns whether DC's State-Law Claims fall within the anti-SLAPP statute. *See* Appellant's Opening Brief (Docket 8; "Br.") at 24-39.  This turns on DC's pleadings and Defendants' "threshold showing" "that the act or acts of which the plaintiff complains were taken in furtherance of the [defendant's] right of petition" under California's anti-SLAPP statute. *Hilton v. Hallmark Cards*, 599 F.3d 894, 903 (9th Cir. 2010) (quotation omitted). *See also Adobe Systems Inc. v. Coffee Cup Partners*, 2012 WL 3877783 at *17 (N.D. Cal. Sept. 6, 2012) ("The critical consideration is whether the cause of action is based on the defendant's . . . petitioning activity."). The Order did not address this issue, and plainly has no effect whatsoever on whether California's anti-SLAPP law applies to the State-Law Claims.

**C.    The Order Has No Bearing On Numerous Affirmative State-Law Defenses To DC's State-Law Claims**

The second prong of the anti-SLAPP law requires a plaintiff to show a "reasonable probability" of prevailing on its claim. *Batzel*, 333 F.3d at 1024.

5

**EXHIBIT 4**
**22**

Here, DC has no "reasonable probability" of prevailing on its claims for state-law reasons irrelevant to, and unaddressed by, the Order.  This Court can and should reach these issues.  *See Roberts v. McAfee, Inc.*, 660 F.3d 1156, 1169 (9th Cir. 2011) (reaching the second, merits-based prong of the anti-SLAPP test); *Wallace v. McCubbin*, 196 Cal. App. 4th 1169, 1195 (2011) (noting "we have discretion to decide the issue [the second prong] ourselves, since it is subject to independent review").

**Fourth Claim:**  DC's Fourth Claim alleges that Mr. Toberoff tortiously interfered with the 1992 Agreement.  ER-1039-41.  DC cannot succeed on its Fourth Claim as a matter of law because it is barred by:  (1) California's two-year statute of limitations for claims of tortious interference (Br. 40-42; Cal. Code Civ. P. § 339(1), as DC was on notice of its claim in 2006 and brought suit in 2010; and (2) California's litigation privilege, because the claim is based on Mr. Toberoff's (a) alleged inducement of the Shusters to become his clients, (b) his oversight of probate proceedings, and (c) his drafting, service and filing of a statutory termination notice, all protected by the litigation privilege.  Br. 42-43; Cal. Civ. Code § 47(b).  The Order does not address these state-law affirmative defenses.

**Fifth Claim:**  The parties' cross-motions for summary judgment and the Order did not touch upon any issues related to this claim.  ER-1041-44.

6

**EXHIBIT 4**

**23**

**Sixth Claim:**  DC's Sixth Claim alleges that Defendants' violated

California's unfair competition law by entering into agreements that DC contends

violated its purported "right" under section 304(c)(6)(D) of the Copyright Act.

ER-1044.  As with DC's Fourth Claim, the Sixth Claim fails for numerous state-

law reasons inapplicable to DC's federal claims and not considered by the Order,

namely:  (1) it is barred by the statute of limitations for unfair competition claims;

(2) it is barred by the litigation privilege because it is based on the Siegels and

Shusters' settlement strategy during litigation; (3) it fails because DC did not plead

unfair (anticompetitive) or fraudulent conduct; and (4) it is preempted by the

Copyright Act, because it expressly seeks "to establish the parties' respective

rights and obligations with respect to the copyright [termination] interest in the

Superman material."  *See* Br. 54-60.  To the extent DC argues that the Order's

incorrect finding that DC has a "right" under section 304(c)(6)(D) determines the

Sixth Claim, this further supports preemption.  Otherwise, the Order is silent on

these four defenses to the Sixth Claim.

## IV.   IF DC'S CLAIMS SURVIVE DEFENDANTS' STATE-LAW DEFENSES, THIS COURT CONSIDERS THE RELEVANT COPYRIGHT ISSUES *DE NOVO*

If the Court holds that Defendants' affirmative state-law defenses do not bar

DC's State-Law Claims, the Court's determination of whether DC has a reasonable

**EXHIBIT 4**
**24**

probability of prevailing on its state-law Fourth and Sixth Claims will require it to decide the statutory issues under the Copyright Act that control DC's First and Third Claims.

In such event, this Court should order that the parties either (i) supplement the record with their briefing in the summary judgment proceedings (Arr. Decl., Exs. B-I), or (ii) provide new briefing to this court on the matters raised by the Order. In any event, the Court may address these pure issues of statutory construction *de novo*. *Nelson v. Heiss*, 271 F.3d 891, 893 (9th Cir. 2001).

**Fourth Claim:** DC's Fourth Claim wrongly alleges that the 1992 Agreement was a "valid contract" that eliminated the "risk of termination" because it "fully relinquished … and re-granted to DC all … Superman-related rights," and that Mr. Toberoff interfered with that agreement by encouraging and helping the Shuster Estate to exercise its statutory termination rights. ER-1040 ¶176. The first element of tortious interference with contract is the existence of a valid and relevant agreement. *Pacific Gas & Electric Co. v. Bear Stearns & Co.*, 50 Cal. 3d 1118, 1126 (1990).

The threshold issue of the validity and relevance of the 1992 Agreement overlaps with DC's First Claim. ER-1022 ¶112. The Order ruled on this issue in holding that the 1992 Agreement barred the Shuster Executor from exercising his statutory termination right in 2013. Order at 13. If this Court decides that

8

**EXHIBIT 4**

Defendants' affirmative state-law defenses do not preclude DC's Fourth Claim,

then it will necessarily have to decide whether the 1992 Agreement precluded

statutory termination before it can determine whether DC has met its burden of

showing a "probability" of prevailing on its Fourth Claim.

In such event, the Court should clearly rule that the 1992 Agreement could

not have been interfered with, because it did not and could not preclude the Shuster

Executor from exercising his inalienable termination right.  The perfunctory 1992

Agreement contained no language whatsoever revoking Joseph Shuster's

longstanding Superman grants and/or regranting Shuster's copyrights; it did not

even mention Superman.  The 1992 Agreement merely quitclaimed the rights, if

any, of Shuster's siblings, who owned no Superman copyrights, and have never

held termination rights.  *See* 17 U.S.C. § 304(c)(2).  The ruling is contrary to the

plain wording of the 1992 Agreement, the relevant statute, 17 U.S.C. § 304(c)(5)

("termination may be affected notwithstanding any agreement to the contrary"),

and binding Ninth Circuit precedent.  *See Milne v. Stephen Slesinger, Inc.*, 430

F.3d 1036 (9th Cir. 2005); *Classic Media, Inc. v. Mewborn*, 532 F.3d 978 (9th Cir.

2008).

**Sixth Claim:**  DC's Sixth Claim wrongly alleges that Defendants engaged in

unfair competition by entering into contracts that violated DC's supposed "right"

under 17 U.S.C. § 304(c)(6)(D).  ER-1044 ¶¶187-89; *see also* Appellee's Brief

**EXHIBIT 4**
**26**

(Docket 34-1) at 55. Thus, to prevail on DC's Sixth Claim, DC must first establish that section 304(c)(6)(D) does in fact provide DC with such a right.

This issue overlaps with DC's Third Claim, which seeks a declaration that "[t]he Shuster Heirs' agreements with Toberoff, his companies, and the Siegels improperly interfere with DC Comics'" purported "right" under section 304(c)(6)(D). ER-1037-38 ¶¶168-69. The Order (at 16-17) erroneously decided that DC has such a right, without any precedent and contrary to the plain wording of the statute, caselaw and leading copyright treatises. If the Court chooses to do so, it may rule on the scope of section 304(c)(6)(D) as a matter of law.

## V.    THE PANEL SHOULD RETAIN JURISDICTION

Regardless of the determination of this appeal, Defendants respectfully request that this panel retain jurisdiction over all appellate matters deriving from the case below. This panel is already familiar not only with the record in the instant appeal, which relates to matters at issue in the Order (even if the Order does not determine the outcome of this appeal), but also with the record in the related *Larson* appeals. Case Nos. 11-56034, 11-55863. Accordingly, in the interests of judicial efficiency and to ensure full familiarity with all aspects of the case, this panel is best suited to determine not only the merits of the instant appeals, but of all appeals deriving from this matter. *See NRDC, Inc. v. Winter*, 513 F.3d 920, 922 (9th Cir. 2008) (following decision on appeal of preliminary injunction, "[t]his

10

**EXHIBIT 4**

panel shall retain jurisdiction over any further motions, requests for relief, or

appeals in this matter"); *United States v. Epis*, 373 F.3d 1383 (9th Cir. 2004)

(jurisdiction retained pending reconsideration by the district court); *Melendres v.*

*Arpaio*, 2012 WL 4358737, at *28-29 (9th Cir. Sept. 25, 2012) ("This panel will

retain jurisdiction to hear any subsequent appeal" because, "[a]t that point, we may

appropriately consider the broader claims that the Defendants raise in this

appeal.").

Dated:  October 29, 2012          KENDALL BRILL & KLIEGER LLP

                                  /s/ Laura W. Brill
                                  _____
                                  Laura W. Brill

                                  Attorneys for Defendants-Appellants,
                                  Pacific Pictures Corporation, IP Worldwide,
                                  LLC, IPW, LLC and Marc Toberoff


                                  TOBEROFF & ASSOCIATES, P.C.

                                  /s/ Marc Toberoff
                                  _____
                                  Marc Toberoff

                                  Attorneys for Defendants-Appellants,
                                  Mark Warren Peary, as personal representative
                                  of the Estate of Joseph Shuster, and Jean Adele
                                  Peavy, and Laura Siegel Larson, individually
                                  and as personal representative of the Estate of
                                  Joanne Siegel

11

**EXHIBIT 4**
**28**

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rules of Appellate Procedure 27(d) and 32(a), Circuit Rule 28-4, and the Court's October 19, 2012 order, I certify that the appellants' attached joint reply brief is proportionately spaced, has a typeface of 14 points or more, and contains 2,335 words, fewer than the 2,500 words permitted under the Court's October 19, 2012 order, as measured by the Microsoft Word program used to generate the brief.

Dated:  October 29, 2012      KENDALL BRILL & KLIEGER LLP

/s/ Laura W. Brill
Laura W. Brill

Attorneys for Defendants-Appellants,
Pacific Pictures Corporation, IP Worldwide,
LLC, IPW, LLC and Marc Toberoff

TOBEROFF & ASSOCIATES, P.C.

/s/ Marc Toberoff
Marc Toberoff

Attorneys for Defendants-Appellants,
Mark Warren Peary, as personal representative
of the Estate of Joseph Shuster, and Jean Adele
Peavy, and Laura Siegel Larson, individually
and as personal representative of the Estate of
Joanne Siegel

12

**EXHIBIT 4**
**29**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that the foregoing was served electronically by the Court's ECF system and by first class mail on those parties not registered for ECF pursuant to the rules of this court.

Dated:  October 29, 2012       TOBEROFF & ASSOCIATES, P.C.

/s/ Pablo D. Arredondo
_____
Pablo D. Arredondo

Attorneys for Defendants-Appellants,
Mark Warren Peary, as personal representative
of the Estate of Joseph Shuster, and Jean Adele
Peavy, and Laura Siegel Larson, individually
and as personal representative of the Estate of
Joanne Siegel

13

**EXHIBIT 4**
**30**

# EXHIBIT 5

APPELLATE CASE NO. 11-56934

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

DC COMICS,

*Plaintiff – Appellee,*

v.

PACIFIC PICTURES CORPORATION; IP WORLDWIDE, LLC; IPW, LLC;
MARC TOBEROFF; MARK WARREN PEARY, as personal representative of the
Estate of Joseph Shuster; LAURA SIEGEL LARSON, individually and as personal
representative of the Estate of Joanne Siegel; JEAN ADELE PEAVY,

*Defendants – Appellants.*

## APPELLANTS' MOTION FOR JUDICIAL NOTICE

Appeal From The United States District Court for the Central District of
California,
Case No. CV-10-03633 ODW (RZx), Hon. Otis D. Wright II

TOBEROFF & ASSOCIATES, P.C.
Marc Toberoff
 *mtoberoff@ipwla.com*
Keith G. Adams
 *kgadams@ipwla.com*
Pablo D. Arredondo
 *parredondo@ipwla.com*
22337 Pacific Coast Highway #348
Malibu, California 90265
Telephone:  (310) 246-3333
Facsimile:  (310) 246-3101

*Attorneys for Defendants-Appellants,
Mark Warren Peary, as personal
representative of the Estate of Joseph
Shuster, and Jean Adele Peavy, and
Laura Siegel Larson, individually and
as personal representative of the Estate
of Joanne Siegel*

KENDALL BRILL & KLIEGER LLP
Richard B. Kendall (90072)
 *rkendall@kbkfirm.com*
Laura W. Brill (195889)
 *lbrill@kbkfirm.com*
10100 Santa Monica Blvd., Suite 1725
Los Angeles, California  90067
Telephone:   (310) 556-2700

*Attorneys for Defendants-Appellants,
Pacific Pictures Corporation, IP
Worldwide, LLC, IPW, LLC, and Marc
Toberoff*

**EXHIBIT 5**
31

Case 2:10-cv-03633-ODW-RZ    Document 528-3    Filed 11/26/12    Page 33 of 86    Page
ID #:35856
Case: 11-56934    10/30/2012    ID: 8381951    DktEntry: 58-1    Page: 2 of 5    (2 of 410)

The Court's October 19, 2012 Order (Document 55) requested that the parties brief the effect on the pending appeal, if any, of the District Court's October 17, 2012 order on the parties' cross-motions for summary judgment (the "Order"), which was not part of the record on appeal.

This Court may take judicial notice of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  District court filings and orders are thus appropriate subjects of judicial notice.  *See U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (taking judicial notice of filings while case was on appeal); *Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011) (taking judicial notice of filed briefing in related proceeding); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 (9th Cir. 2006) (same).

Defendant-Appellants therefore respectfully request that the Court take judicial notice of district court filings relating to the parties' cross-motions for partial summary judgment, including the parties' briefs, the District Court's Order, and the transcript of oral argument.  Dist. Ct. Docket Nos. 458, 462, 468, 471, 478, 489, 491, 495, 495-1, 507.  These documents were all attached to the recently-filed Declaration of Pablo Arredondo (Document 56-2), which is also annexed to this request.

1

**EXHIBIT 5**
**32**

Case 2:10-cv-03633-ODW-RZ    Document 528-3    Filed 11/26/12    Page 34 of 86 · Page
ID #:35857
Case: 11-56934    10/30/2012    ID: 8381951    DktEntry: 58-1    Page: 3 of 5    (3 of 410)

Judicial notice of the Order itself is obviously necessary to brief the effect of
the Order on the pending appeal.  In turn, because the Order frequently refers to the
parties' briefing as well as the parties' statements of undisputed facts, the parties'
filings are helpful to fully understanding the Order.  Furthermore, as discussed in
Defendants' Supplemental Brief (Document 56-1 at 7-10), in the event the Court
reaches certain issues of federal copyright law that overlap between the Order and
the instant appeal, these filings will provide the Court with a much more developed
discussion of such issues.  Defendants therefore respectfully request this Court take
judicial notice of the above-mentioned filings.

Dated:  October 30, 2012         KENDALL BRILL & KLIEGER LLP

                                 /s/ Laura W. Brill
                                 _____
                                 Laura W. Brill

                                 Attorneys for Defendants-Appellants,
                                 Pacific Pictures Corporation, IP Worldwide,
                                 LLC, IPW, LLC and Marc Toberoff

                                 TOBEROFF & ASSOCIATES, P.C.

                                 /s/ Marc Toberoff
                                 _____
                                 Marc Toberoff

                                 Attorneys for Defendants-Appellants,
                                 Mark Warren Peary, as personal representative
                                 of the Estate of Joseph Shuster, and Jean Adele
                                 Peavy, and Laura Siegel Larson, individually
                                 and as personal representative of the Estate of
                                 Joanne Siegel

2

**EXHIBIT 5**
**33**

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rules of Appellate Procedure 27(d) and 32(a), I certify that Defendants-Appellants' motion is proportionately spaced, has a typeface of 14 points or more, and does not exceed 20 pages.

Dated:  October 30, 2012

KENDALL BRILL & KLIEGER LLP

/s/ Laura W. Brill
Laura W. Brill

Attorneys for Defendants-Appellants,
Pacific Pictures Corporation, IP Worldwide,
LLC, IPW, LLC and Marc Toberoff

TOBEROFF & ASSOCIATES, P.C.

/s/ Marc Toberoff
Marc Toberoff

Attorneys for Defendants-Appellants,
Mark Warren Peary, as personal representative
of the Estate of Joseph Shuster, and Jean Adele
Peavy, and Laura Siegel Larson, individually
and as personal representative of the Estate of
Joanne Siegel

3

**EXHIBIT 5**
**34**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was served electronically by the Court's ECF system and by first class mail on those parties not registered for ECF pursuant to the rules of this court.

Dated:  October 30, 2012          TOBEROFF & ASSOCIATES, P.C.

/s/ Pablo D. Arredondo

Pablo D. Arredondo

Attorneys for Defendants-Appellants,
Mark Warren Peary, as personal representative of the Estate of Joseph Shuster, and Jean Adele Peavy, and Laura Siegel Larson, individually and as personal representative of the Estate of Joanne Siegel

# EXHIBIT 6

**From:** Kline, Matthew
**Sent:** Thursday, November 15, 2012 2:50 PM
**To:** 'Keith Adams'
**Cc:** Pablo Arredondo; Marc Toberoff; Seto, Cassandra; Tokoro, Jason; Nicholas Daum; Petrocelli, Daniel; David Harris
**Subject:** RE: DC Comics v. Pacific Pictures

Keith,

We are amenable to meeting and conferring on all of these matters at once, but cannot do so next week, given travel and work obligations. We can meet on November 27, and propose meeting at our offices at 11am to do so. Be advised that in our opposition to defendants' Rule 54 motion, we will be addressing several of the issues below, many of which you addressed in your motion. Also, before we meet, we need the further letters you promise on what seem like the further misguided motions defendants intend to file. Please provide us those letter by no later than Tuesday, November 20.

All of DC's rights are reserved.

Matt

---

**From:** Keith Adams [mailto:kgadams@ipwla.com]
**Sent:** Thursday, November 15, 2012 12:40 PM
**To:** Kline, Matthew
**Cc:** Pablo Arredondo; Marc Toberoff; Seto, Cassandra; Tokoro, Jason; Nicholas Daum; Petrocelli, Daniel; David Harris
**Subject:** Re: DC Comics v. Pacific Pictures

Matt:

As you're aware, we have been focused on opposing your sanctions motion over the past week.

Reviewing your November 6 e-mail, it appears that DC contemplates bringing at least five different motions in two different cases that it wishes to meet-and-confer on today -- specifically, (1) a motion for summary judgment on its Fourth Claim, (2) a motion for summary judgment on its Sixth Claim, (3) a motion for fees and costs on its First and Third Claims, (4) a motion to order Mr. Peary and Ms. Peavy to a separate mediation with DC (all in the DC Comics case), and (5) a motion for summary judgment in the Superboy case (04-CV-08776).

Defendants' position is that the Court lacks jurisdiction over DC's state-law claims pending the anti-SLAPP appeal. Given DC's many potential motions, Defendants intend (6) to move to stay any merits determination by the Court on DC's state-law claims until the Court has jurisdiction. If the Court finds that it has jurisdiction, Defendants will bring (7) a motion (or motions, as appropriate) for summary judgment on DC's state-law claims. We will be sending you a letter on this subject shortly.

We also will bring a (8) cross-motion for summary judgment in the Superboy case.

Furthermore, the meet-and-confer scheduled for 3 p.m. today was intended to cover only (9) DC's search protocols, and (10) DC's responses to Defendants' requests for production. However, Defendants also (11) intend to move to compel on DC's interrogatory responses. We will be sending you a letter on this subject shortly as well.

Given the eleven topics above, it would be far more efficient to hold one meet-and-confer that covers all

1

**EXHIBIT 6**
**36**

outstanding topics, rather than attempting to shoehorn in the many outstanding issues into today's 3 p.m. meet-and-confer, which is very time-limited given your 4 p.m. meeting. Defendants propose holding a comprehensive meet-and-confer on all outstanding issues, including our discovery issues with DC's responses, at 12 p.m. on Monday, November 19.

Keith G. Adams
Toberoff & Associates, P.C.
22337 Pacific Coast Highway #348
Malibu, California 90265
Telephone: (310) 246-3333
Facsimile: (310) 246-3101
Email: kgadams@ipwla.com
http://www.ipwla.com

This message and any attached documents may contain information from Toberoff & Associates, P.C. that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

From: "Kline, Matthew" <mkline@omm.com>
To: Keith Adams <kgadams@ipwla.com>
Cc: Pablo Arredondo <parredondo@ipwla.com>; Marc Toberoff <mtoberoff@ipwla.com>; "Seto, Cassandra" <cseto@omm.com>; "Tokoro, Jason" <jtokoro@omm.com>; Nicholas Daum <ndaum@kbkfirm.com>; "Petrocelli, Daniel" <dpetrocelli@omm.com>
Sent: Wednesday, November 14, 2012 7:43 PM
Subject: RE: DC Comics v. Pacific Pictures

Counsel: Will we be having our 3pm call tomorrow? I have a board meeting at 4 and need to plan accordingly. Thanks, Matt

From: Kline, Matthew
Sent: Tuesday, November 13, 2012 9:50 AM
To: 'Keith Adams'
Cc: Pablo Arredondo; Marc Toberoff; Seto, Cassandra; Tokoro, Jason; Nicholas Daum; Petrocelli, Daniel
Subject: RE: DC Comics v. Pacific Pictures

That's fine, Keith. But we'll need to talk no later than our Thursday 3pm call and can discuss the needed open issues then.

From: Keith Adams [mailto:kgadams@ipwla.com]
Sent: Tuesday, November 13, 2012 9:40 AM
To: Kline, Matthew
Cc: Pablo Arredondo; Marc Toberoff; Seto, Cassandra; Tokoro, Jason; Nicholas Daum
Subject: Re: DC Comics v. Pacific Pictures

Matt:

We are not available today to discuss the six different items listed in your e-mail. We will get back to you with a time later in the week.

Keith G. Adams
Toberoff & Associates, P.C.
22337 Pacific Coast Highway #348
Malibu, California 90265
Telephone: (310) 246-3333
Facsimile: (310) 246-3101
Email: kgadams@ipwla.com

2

**EXHIBIT 6**

http://www.ipwla.com

This message and any attached documents may contain information from Toberoff & Associates, P.C. that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

---

**From:** "Kline, Matthew" <mkline@omm.com>
**To:** "Keith Adams (kgadams@ipwla.com)" <kgadams@ipwla.com>; "Pablo Arredondo (parredondo@ipwla.com)" <parredondo@ipwla.com>
**Cc:** "Petrocelli, Daniel" <dpetrocelli@omm.com>; "Seto, Cassandra" <cseto@omm.com>; "Tokoro, Jason" <jtokoro@omm.com>; "Lens, Molly" <mlens@omm.com>; "Marc Toberoff (mtoberoff@ipwla.com)" <mtoberoff@ipwla.com>; 'Richard Kendall' <rkendall@kbkfirm.com>; "lbrill@kbkfirm.com" <lbrill@kbkfirm.com>; 'Nicholas Daum' <ndaum@kbkfirm.com>
**Sent:** Tuesday, November 13, 2012 9:35 AM
**Subject:** RE: DC Comics v. Pacific Pictures

Counsel:

We need to meet and confer on the open items below.  We will call you at 10am to discuss.

Thanks,

Matt Kline

---

**From:** Kline, Matthew
**Sent:** Tuesday, November 06, 2012 12:12 PM
**To:** Keith Adams (kgadams@ipwla.com); Pablo Arredondo (parredondo@ipwla.com)
**Cc:** Petrocelli, Daniel; Seto, Cassandra; Tokoro, Jason; Lens, Molly; Marc Toberoff (mtoberoff@ipwla.com); Richard Kendall; lbrill@kbkfirm.com; Nicholas Daum
**Subject:** DC Comics v. Pacific Pictures

Counsel:

We understand that defendants intend to file a Rule 54 motion this week concerning DC's First and Third Claims in the *Pacific Pictures* case.  DC will oppose the motion because this case can, within the next few months, be brought to a final and decisive conclusion.  Any appeal now would be inefficient and premature.  Indeed, we are very concerned that defendants have filed so many interlocutory appeals in this case (five now)--all in an effort to forum-shop, and to stymie this case from being fully and finally adjudicated.  We hope we can convince you, for the reasons below, not to file your motion.  In any event, we wanted to make sure you had DC's position on these issues and that you accurately representing that position to the Court, including by submitting this letter with any filing.

The reasons for not filing a Rule 54 motion now are many.  Among them:

    1.  DC has a pending motion concerning its Fifth Claim that ultimately could help resolve that claim.  That motion, which is set for hearing in a few weeks, should be resolved before we litigate whether a piecemeal appeal should be taken on DC's other claims.
    2.  Relatedly, since defendants will not stipulate to judgment on DC's Sixth Claim based on the Court's ruling on DC's Third Claim, DC will need to move for summary judgment on that claim as well.  That issue is narrow and should be resolved before any Rule 54 appeal is taken.
    3.  DC's Fourth Claim could soon be resolved as well--either on summary judgment in DC's favor, or absent that, following a short trial.

3

**EXHIBIT 6**
**38**

4.   DC intends to seek certain of its fees and costs on its First and Third Claims, as is its right.  Those issues should be adjudicated before any appeal premised on those Claims is taken.
5.   The *Superboy* case can and should be resolved now.  As the remaining open issues in that case are narrow, and DC is entitled to judgment as a matter of law, we intend to file a motion seeking summary judgment.
6.   Before any appeal, including a Rule 54 appeal, is brought on DC's First and Third Claims against the Shusters, DC believes a court-ordered mediation with the Shuster family would be potentially productive.  In the wake of the Court's summary judgment ruling, the family (a) no longer has to labor under the unlawful consent agreements; and (b) should now have a more sober assessment of their claims.  *Cf.* Peary Depo. at 357:22-358:16 ("Q. So you -- you understand that given that the estate has already given up an interest in Superboy, and the estate could lose this case and the court could find that the Shuster termination notice is invalid, that you as executor could yield the estate zero.  You have entertained that as a possible outcome, correct?  MR. TOBEROFF: Assumes facts.  Lacks foundation.  You can answer in the most general fashion without going into any details…..  THE WITNESS: I've only considered that like I would an asteroid hitting us and wiping out life on earth.").  We will be asking the Court, pursuant to its Local Rules, to order such a mediation.  We believe any appeal the Shusters take will be rejected, and the Court's summary judgment ruling will be affirmed, but DC is willing to discuss the saved costs of not having to brief the appeal as part of a settlement discussion.

In short, we suggest that we all take a pause this week and consider the best schedule and way to manage and fully resolve these cases.  To that end, we hereby request a meet and confer on the issues set forth above on Tuesday, November 13, at 10 a.m.  We can have that meeting in our office.  At all events, the parties should strive to bring this case to a final, decisive end on all of the claims presented.  Further piecemeal appeals are only a distraction and will delay matters and increase costs.

All of DC's rights are reserved.

Thanks,

Matt Kline
*******************************************
**Matthew T. Kline**
O'Melveny & Myers LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067
Phone: (310) 246-6840
Fax: (310) 246-6779
mkline@omm.com
www.omm.com

*This message and any attached documents contain information from the law firm of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*
Please consider the environment before printing this email

4

**EXHIBIT 6**
**39**

# EXHIBIT 7

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 07 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: PACIFIC PICTURES CORP.; et al. | No. 10-73851 |
| | D.C. No. 2:10-cv-03633-ODW |
| PACIFIC PICTURES CORP.; et al., | Central District of California, |
| Petitioners, | Los Angeles |
| v. | ORDER |
| UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA (LOS ANGELES), | |
| Respondent, | |
| DC COMICS, | |
| Real Party in Interest. | |



Before:  B. FLETCHER, REINHARDT, and N.R. SMITH, Circuit Judges.

Petitioners have not demonstrated that this case warrants the intervention of

this court by means of the extraordinary remedy of mandamus. *See Bauman v.*

*United States Dist. Court*, 557 F.2d 650 (9th Cir. 1977).  Accordingly, the petition

is denied.

Petitioners' emergency motion for stay is denied as moot.

KS/MOATT

**EXHIBIT 7**
**40**

# EXHIBIT 8

# FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 11 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DC COMICS,

          Plaintiff - Appellee,

  v.

PACIFIC PICTURES CORPORATION;
et al.,

          Defendants - Appellants,

  and

JOANNE SEIGEL, an individual; et al.,

          Defendants.

No. 10-56594

D.C. No. 2:10-cv-03633-ODW
Central District of California,
Los Angeles

ORDER



RECEIVED
CLERK, U.S. DISTRICT COURT

JAN 11 2011

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

Before: B. FLETCHER, REINHARDT, and N.R. SMITH, Circuit Judges.

    We have reviewed the responses to this court's order to show cause why this

appeal should not be dismissed for lack of jurisdiction. We conclude that we lack

jurisdiction to review the district court's September 7, 2010 order because the

order is not a final appealable decision. *See* 28 U.S.C. § 1291; *see also*

*Greensprings Baptist Christian Fellowship Trust v. Cilley*, — F.3d —, no.

KB/MOATT

**EXHIBIT 8**

41

Case 2:10-cv-03633-ODW-RZ    Document 528-3    Filed 11/26/12    Page 46 of 86    Page
ID #:35869
Case 2:10-cv-03633-ODW-RZ   Document 144   Filed 01/11/11   Page 2 of 2   Page ID #:9624

09-16924 (9th Cir. Dec. 27, 2010); *cf. Batzel v. Smith*, 333 F.3d 1018 (9th Cir.

2003).

 Accordingly, this appeal is dismissed.

 **DISMISSED.**

**EXHIBIT 8**
42

# EXHIBIT 9

**FILED**

UNITED STATES COURT OF APPEALS

SEP 12 2011

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: PACIFIC PICTURES CORPORATION; et al. | No. 11-71844 |
| | D.C. No. 2:10-cv-03633-ODW |
| PACIFIC PICTURES CORPORATION; et al., | Central District of California, Los Angeles |
| Petitioners, | |
| v. | ORDER |
| UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES, | |
| Respondent, | |
| DC COMICS, | |
| Real Party in Interest. | |

RECEIVED
CLERK, U.S. DISTRICT COURT

SEP 1 2 2011

CENTRAL DISTRICT OF CALIFORNIA
BY                         DEPUTY

Before:  HAWKINS and CLIFTON, Circuit Judges.

This petition for a writ of mandamus raises issues that warrant a response.

*See* Fed. R. App. P. 21(b).  Accordingly, within 14 days after the date of this order,

the real party in interest shall file a response.

rb/MOATT

**EXHIBIT 9**

**43**

The district court, within 14 days after the date of this order, may file a response if it so desires.  Petitioners may file a reply within 5 days after service of the responses.  The petition, responses, and any reply shall be referred to the next available motions panel.

rb/MOATT                                     2                                     11-71844

**EXHIBIT 9**
**44**

# EXHIBIT 10

**FILED**

UNITED STATES COURT OF APPEALS

NOV 14 2011

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: PACIFIC PICTURES CORPORATION; et al. | No. 11-71844 |
| | D.C. No. 2:10-cv-03633-ODW Central District of California, Los Angeles |
| PACIFIC PICTURES CORPORATION; et al., | |
| Petitioners, | ORDER |
| v. | |
| UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES, | |
| Respondent, | |
| DC COMICS, | |
| Real Party in Interest. | |

Before:  O'SCANNLAIN, LEAVY, and TROTT, Circuit Judges.

The petition for a writ of mandamus, the response and reply to the petition,

and all pending motions are referred to the merits panel.  The Clerk shall calendar

this case during the week of February 6, 2012, at The Richard H. Chambers

Courthouse in Pasadena, California.

KS/MOATT

**EXHIBIT 10**

**45**

# EXHIBIT 11

# FILED

**FOR PUBLICATION**

MAY 10 2012

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: PACIFIC PICTURES CORPORATION; IP WORLDWIDE, LLC; IPW, LLC; MARC TOBEROFF; MARK WARREN PEARY; LAURA SIEGEL LARSON; JEAN ADELE PEAVY, | No. 11-71844<br><br>D.C. No. 2:10-cv-03633-ODW-RZ<br><br>AMENDED OPINION |

PACIFIC PICTURES CORPORATION; IP WORLDWIDE, LLC; IPW, LLC; MARK WARREN PEARY, as personal representative of the Estate of Joseph Shuster; MARC TOBEROFF, an individual; JEAN ADELE PEAVY; LAURA SIEGEL LARSON, an individual,

        Petitioners,

  v.

UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES,

        Respondent,

DC COMICS,

        Real Party in Interest.

**EXHIBIT 11**

**46**

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, District Judge, Presiding

Argued and Submitted February 7, 2012
Pasadena, California

Filed April 17, 2012
Amended May 10, 2012

Before: KOZINSKI, Chief Judge, O'SCANNLAIN and N.R. SMITH, Circuit
Judges.

Opinion by Judge O'SCANNLAIN, Circuit Judge:

We must decide whether a party waives attorney-client privilege forever by

voluntarily disclosing privileged documents to the federal government.

I

In the 1930s, writer Jerome Siegel and illustrator Joe Shuster joined forces to

create the character that would eventually become Superman.  They ceded their

intellectual property rights to D.C. Comics when they joined the company as

independent contractors in 1937.[1]  Since the Man of Steel made his first

appearance in 1938, he has been fighting for "truth, justice, and the American

---

[1] The name and corporate structure of the real party in interest has changed a
number of times since 1938.  For simplicity, we refer to it as "D.C. Comics."

2

**EXHIBIT 11**
**47**

way." Shuster, Siegel, their heirs ("Heirs"), and D.C. Comics have been fighting for the rights to his royalties for almost as long.

Marc Toberoff, a Hollywood producer and a licensed attorney, stepped into the fray around the turn of the millennium. As one of his many businesses, Toberoff pairs intellectual property rights with talent and markets these packages to movie studios. Having set his sights on Superman, Toberoff approached the Heirs with an offer to manage preexisting litigation over the rights Siegel and Shuster had ceded to D.C. Comics. He also claimed that he would arrange for a new Superman film to be produced. To pursue these goals, Toberoff created a joint venture between the Heirs and an entity he owned. Toberoff served as both a business advisor and an attorney for that venture. The ethical and professional concerns raised by Toberoff's actions will likely occur to many readers, but they are not before this court.

While the preexisting litigation was pending, Toberoff hired a new lawyer to work for one of his companies. This attorney remained in Toberoff's employ for only about three months before allegedly absconding with copies of several documents from the Siegel and Shuster files. Unsuccessful in his alleged attempt to use the documents to solicit business from the Heirs, this attorney sent the documents to executives at D.C. Comics. While he did not include his name with

3

EXHIBIT 11
48

the package, he did append a cover letter, written in the form of a timeline,

outlining in detail Toberoff's alleged master plan to capture Superman for himself.

This happened no later than June 2006, and the parties have been battling

over what should be done with these documents ever since. Rather than exploiting

the documents, D.C. Comics entrusted them to an outside attorney and sought to

obtain them through ordinary discovery in the two ongoing lawsuits over

Superman. Considering every communication he had with the Heirs to be

privileged—regardless of whether the communication was in his capacity as a

business advisor or an attorney—Toberoff resisted all such efforts. Ultimately, in

April 2007, a magistrate judge ordered certain documents, including the attorney's

cover letter, turned over to D.C. Comics. A few months later, Toberoff at long last

reported the incident to the authorities (specifically the Federal Bureau of

Investigation). In December 2008, Toberoff finally produced at least some of the

documents.

In 2010, D.C. Comics filed this lawsuit against Toberoff, the Heirs, and

three entities in which Toberoff owned a controlling interest (collectively, the

"Petitioners"), claiming that Toberoff interfered with its contractual relationships

with the Heirs. The attorney's cover letter formed the basis of the lawsuit and was

incorporated into the complaint. Toberoff has continued to resist the use of any of

4

**EXHIBIT 11**
**49**

the documents taken from his offices, including those already disclosed to D.C.
Comics and especially the cover letter.

About a month after the suit was filed, Toberoff asked the Office of the
United States Attorney for the Central District of California to investigate the theft.
In response to a request from Toberoff, the U.S. Attorney's Office issued a grand
jury subpoena for the documents as well as a letter stating that if Toberoff
voluntarily complied with the subpoena the Government would "not provide the . .
. documents . . . to non-governmental third parties except as may be required by
law or court order." The letter also confirmed that disclosure would indicate that
"Toberoff has obtained all relevant permissions and consents needed (if any) to
provide the . . . documents . . . to the government." Armed with this letter,
Toberoff readily complied with the subpoena, making no attempt to redact
anything from the documents.

D.C. Comics immediately requested all documents disclosed to the U.S.
Attorney, claiming that the disclosure of these unredacted copies waived any
remaining privilege. Examining the weight of authority from other circuits, the
magistrate judge agreed that a party may not selectively waive attorney-client
privilege. The magistrate judge reasoned that, because a voluntary disclosure of
privileged materials breaches confidentiality and is inconsistent with the theory

5

**EXHIBIT 11**
**50**

behind the privilege, such disclosure waives that privilege regardless of whether the third party is the government or a civil litigant. Having delivered the documents to the government, the magistrate judge concluded, Petitioners could not rely on the attorney-client privilege to shield them from D.C. Comics.

However, the magistrate judge noted that this circuit has twice declined to decide whether a party may selectively waive the attorney-client privilege, and stayed his order to allow Petitioners to seek review. The district court denied review. Petitioners seek to overturn the magistrate's order through a writ of mandamus.

II

A writ of mandamus is an extraordinary remedy. A party seeking the writ has the "burden of showing that [his] right to the issuance of the writ is clear and indisputable." *Bauman v. U.S. Dist. Ct.*, 557 F.2d 650, 656 (9th Cir. 1977) (internal quotation marks omitted). In evaluating whether a petitioner has met that burden, we consider: (1) whether he "has no other adequate means" of seeking relief; (2) whether he "will be damaged or prejudiced in a way not correctable on appeal" after final judgment; (3) whether the "district court's order is clearly erroneous as a matter of law"; (4) whether the order "is an oft-repeated error"; and (5) whether the order "raises new and important problems, or issues of first

6

**EXHIBIT 11**

**51**

impression." *Id.* at 654–55.  We have established no specific formula to weigh

these factors, but failure to show what is generally listed as the third factor, error, is

fatal to any petition for mandamus.  *See Burlington N. & Santa Fe. Ry. v. U.S. Dist.*

*Ct.*, 408 F.3d 1142, 1146 (9th Cir. 2005).[2]

III

Under certain circumstances, the attorney-client privilege will protect

communications between clients and their attorneys from compelled disclosure in a

court of law.  *See Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981).  Though

this in some way impedes the truth-finding process, we have long recognized that

"the advocate and counselor [needs] to know all that relates to the client's reasons

for seeking representation" if he is to provide effective legal advice.  *Trammel v.*

*United States*, 445 U.S. 40, 51 (1980); *see also* 8 John Henry Wigmore, Evidence

§ 2290 (John T. McNaughton, ed. 1961).  As such, we recognize the privilege in

order to "encourage full and frank communication between attorneys and their

---

[2] Petitioners assert that, because this case presents an issue of first
impression, they must demonstrate simple rather than clear error.  We have not
always been precise as to whether we look for "error" or "clear error" where our
sister circuits have addressed an issue, but we have not.  *Compare Anon. Online
Speakers v. U.S. Dist. Ct.*, 661 F.3d 1168 (9th Cir. 2011) (applying the clear error
standard in a circuit split situation), *with San Jose Mercury News, Inc. v. U.S. Dist.
Ct.*, 187 F.3d 1096 (9th Cir. 1999) (applying the simple error standard when other
circuits had weighed in on parts of an issue).  We assume but do not decide that
Petitioners need show only error.

7

**EXHIBIT 11**

clients and thereby promote broader public interests in the observance of law and

administration of justice." *Upjohn Co.*, 449 U.S. at 389.[3]

Nonetheless, because, like any other testimonial privilege, this rule

"contravene[s] the fundamental principle that the public has a right to every man's

evidence," *Trammel*, 445 U.S. at 50 (internal alterations and quotation marks

omitted), we construe it narrowly to serve its purposes, *see, e.g., United States v.*

*Martin*, 278 F.3d 988, 999 (9th Cir. 2002).[4]  In particular, we recognize several

ways by which parties may waive the privilege.  *See, e.g., Hernandez v. Tanninen*,

604 F.3d 1095, 1100 (9th Cir. 2010).  Most pertinent here is that voluntarily

disclosing privileged documents to third parties will generally destroy the

privilege.  *Id.*  The reason behind this rule is that, "'[i]f clients themselves divulge

such information to third parties, chances are that they would also have divulged it

to their attorneys, even without the protection of the privilege.'"  Comment,

-----

[3] Because Petitioners have never challenged the district court's application
of federal law, we assume but do not decide that this was correct even though this
case involves diversity claims to which state privilege law would apply. *Lewis v.*
*United States*, 517 F.2d 236, 237 n.2 (9th Cir. 1975) (per curiam).

[4] Because no one challenges whether these communications would have
been privileged absent waiver, we do not address that issue.  For example, we
assume but do not decide that these communications were all made for the purpose
of obtaining legal as opposed to business advice. *Cf. United States v. Ruehle*, 583
F.3d 600, 608 n.8 (9th Cir. 2009) (noting that business advice does not fall within
the purview of attorney-client privilege even if the advisor is a lawyer).

8

**EXHIBIT 11**
**53**

*Stuffing the Rabbit Back into the Hat: Limited Waiver of the Attorney-Client*

*Privilege in an Administrative Agency Investigation*, 130 U. Pa. L. Rev. 1198, 1207

(1982).  Under such circumstances, there simply is no justification to shut off

judicial inquiry into these communications.

　　Petitioners concede that this is the general rule, but they assert a number of

reasons why it should not apply to them.

A

　　Petitioners' primary contention is that because Toberoff disclosed these

documents to the government, as opposed to a civil litigant, his actions did not

waive the privilege as to the world at large.  That is, they urge that we adopt the

theory of "selective waiver" initially accepted by the Eight Circuit, *Diversified*

*Industries, Inc. v. Meredith*, 572 F.2d 596 (8th Cir. 1978) (en banc), but rejected by

every other circuit to consider the issue since, *see In re Qwest Commc'ns Int'l*, 450

F.3d 1179, 1197 (10th Cir. 2006); *Burden-Meeks v. Welch*, 319 F.3d 897, 899 (7th

Cir. 2003); *In re Columbia/HCA Healthcare Corp. Billing Practices Litig.*, 293

F.3d 289, 295 (6th Cir. 2002) [hereinafter "*In re Columbia*"]; *United States v.*

*Mass. Inst. of Tech.*, 129 F.3d 681, 686 (1st Cir. 1997); *Genentech, Inc. v. United*

*States Int'l Trade Comm'n*, 122 F.3d 1409, 1416–18 (Fed. Cir. 1997); *In re*

*Steinhardt Partners, L.P.*, 9 F.3d 230, 236 (2d Cir. 1993); *Westinghouse Elec.*

9

**EXHIBIT 11**
**54**

*Corp. v. Republic of Philippines*, 951 F.2d 1414, 1425 (3d Cir. 1991); *In re Martin Marietta Corp.*, 856 F.2d 619, 623–24 (4th Cir. 1988); *Permian Corp. v. United States*, 665 F.2d 1214, 1221 (D.C. Cir. 1981).

As the magistrate judge noted, we have twice deferred judgment on whether we will accept a theory of selective waiver. *United States v. Bergonzi*, 403 F.3d 1048, 1050 (9th Cir. 2005) (per curiam); *Bittaker v. Woodford*, 331 F.3d 715, 720 n.5 (9th Cir. 2003) (en banc). But we share the concerns expressed by many of our sister circuits about the cursory analysis behind the *Diversified* rule. The Eighth Circuit—the first court of appeals to consider the issue—adopted what has become a highly controversial rule only because it concluded that "[t]o hold otherwise may have the effect of thwarting the developing procedure of corporations to employ independent outside counsel to investigate and advise them in order to protect stockholders." *Diversified*, 572 F.2d at 611. This apprehension has proven unjustified. Officers of public corporations, it seems, do not require a rule of selective waiver to employ outside consultants or voluntarily to cooperate with the government. *See, e.g., Westinghouse Elec. Corp.*, 951 F.2d at 1426.

More importantly, such reasoning does little, if anything, to serve the public good underpinning the attorney-client privilege. That is, "selective waiver does not serve the purpose of encouraging full disclosure to one's attorney in order to obtain informed legal assistance; it merely encourages voluntary disclosure to

10

**EXHIBIT 11**
**55**

government agencies, thereby extending the privilege beyond its intended purpose." *Id.* at 1425.

It may well be that encouraging cooperation with the government is an alternative route to the ultimate goal of promoting adherence to the law. *In re Columbia*, 293 F.3d at 311 (Boggs, J., dissenting). And there are those who assert that "an exception to the third-party waiver rule need [not] be moored to the justifications of the attorney-client privilege." *Id.* at 308 (emphasis omitted). We disagree. If we were to unmoor a privilege from its underlying justification, we would at least be failing to construe the privilege narrowly. *Cf. Univ. of Pa. v. EEOC*, 493 U.S. 182, 189 (1990) (citing *Trammel*, 445 U.S. at 50; *United States v. Bryan*, 339 U.S. 323, 331) (1950)). And more likely, we would be creating an entirely new privilege. *In re Qwest Commc'ns Int'l*, 450 F.3d 1179; *Westinghouse*, 951 F.2d at 1425.

It is not beyond our power to create such a privilege. *Univ. of Pa.*, 493 U.S. at 189 (noting that Fed. R. Evid. 501 provides certain flexibility to adopt privilege rules on a case-by-case basis). But as doing so requires balancing competing societal interests in access to evidence and in promoting certain types of communication, the Supreme Court has warned us not to "exercise this authority expansively." *Id.*; *see also United States v. Nixon*, 418 U.S. 683, 710 (1974). Put simply, "[t]he balancing of conflicting interests of this type is particularly a

11

**EXHIBIT 11**
**56**

legislative function." *Univ. of Pa.*, 493 U.S. at 189.

Since *Diversified*, there have been multiple legislative attempts to adopt a theory of selective waiver. Most have failed. Report of the Advisory Committee on Evidence Rules, May 15, 2007, at 4, *available at* http://www.uscourts.gov/uscourts/RulesAndPolicies/rules/Reports/2007-05-Comm ittee_Report-Evidence.pdf (reporting the selective waiver provision separately from the general proposed rule); *SEC Statement in Support of Proposed Section 24(d) of the Securities Exchange Act of 1934*, 16 Sec. Reg. & L. Rep. 461 (Mar. 2, 1984). *But see* H.R. Rep. No. 870, 96th Cong., 1st Sess. (1980), codified at 15 U.S.C. § 1312. Given that Congress has declined broadly to adopt a new privilege to protect disclosures of attorney-client privileged materials to the government, we will not do so here. *Univ. of Pa.*, 493 U.S. at 189 (requiring federal courts to be particularly cautious when legislators have "considered the relevant competing concerns but [have] not provided the privilege").

## B

Petitioners next assert that even if we reject selective waiver as a general matter, we should enforce a purported confidentiality agreement based upon the letter from the U.S. Attorney's Office. Though no circuit has officially adopted such a rule, at least two have "left the door open to selective waiver" where there is a confidentiality agreement. *In re Columbia*, 293 F.3d at 301 (discussing

12

**EXHIBIT 11**
**57**

*Steinhardt* and *Dellwood Farms, Inc. v. Cargill*, 128 F.3d 1122 (7th Cir. 1997));

*see also In re Qwest Commc'ns Int'l*, 450 F.3d at 1192–94 (describing such a rule

as a "leap" but declining to reject it completely).

Assuming that this letter constitutes a confidentiality agreement, Petitioners

have provided no convincing reason that post hoc contracts regarding how

information may be revealed encourage frank conversation at the time of the

advice. Indeed, as the Sixth Circuit has noted, while this approach "certainly

protects the expectations of the parties to the confidentiality agreement, it does

little to serve the 'public ends' of adequate legal representation that the attorney-

client privilege is designed to protect." *In re Columbia*, 293 F.3d at 303. Instead,

recognizing the validity of such a contract "merely [adds] another brush on an

attorney's palette [to be] utilized and manipulated to gain tactical or strategic

advantage." *Steinhardt*, 9 F.3d at 235; *cf. Permian Corp.*, 665 F.2d at 1221. And

it would undermine the public good of promoting an efficient judicial system by

fostering uncertainty and encouraging litigation. *Upjohn*, 449 U.S. at 393 (noting

that an "uncertain privilege . . . is little better than no privilege at all").

The only justification behind enforcing such agreements would be to

encourage cooperation with the government. But Congress has declined to adopt

even this limited form of selective waiver. *See Statement of Congressional Intent

Regarding Rule 502 of the Federal Rules of Evidence*, 154 Cong. Rec. H. 7817

13

**EXHIBIT 11**

(2008), *reprinted in* Fed. R. Evid. 502 addendum to comm. n subdivision (d)

(noting that Rule 502 "does not provide a basis for a court to enable parties to

agree to a selective waiver of the privilege, such as to a federal agency conducting

an investigation"). As such, we reject such a theory here.

C

Petitioners next aver that, because Toberoff was the victim of the crime

rather than the target of the grand jury probe, his disclosure should be treated

differently. But if it is unnecessary to adopt a theory of selective waiver to

encourage potential defendants to cooperate with the government, *In re Qwest

Commc'ns Int'l*, 450 F.3d at 11; *Westinghouse*, 951 F.2d at 1425, it is even less

necessary to do so to encourage victims to report crimes to the government. The

desire to see the crime prosecuted is sufficient impetus to cooperate.

We are unconvinced by Petitioners' argument that adopting such a rule will

drastically impair law enforcement attempts to investigate espionage against

"attorneys, financial institutions, medical providers, national security agencies,

judges, large corporations, or law firms." This has not occurred despite near

universal rejection of a selective waiver rule. Furthermore, most of these

documents are not covered by attorney-client privilege because they do not

represent communications between a lawyer and his client for the purpose of

obtaining legal advice. *Cf. Ruehle*, 583 F.3d 608–09 & n.8 (rejecting a

14

**EXHIBIT 11**
**59**

presumption of privilege even when a communication involves a lawyer).  And,

even if they were originally covered by the privilege, they would eventually have

to be made public if they are to become evidence in a criminal trial.  To the extent

that timing is a concern, it can be ameliorated by properly seeking a protective

order.  Fed. R. Evid. 502(d).

We are similarly unpersuaded that, because Toberoff was a victim of the

crime, Petitioners have a common interest with the government.  Rather than a

separate privilege, the "common interest" or "joint defense" rule is an exception to

ordinary waiver rules designed to allow attorneys for different clients pursuing a

common legal strategy to communicate with each other.  *See Hunydee v. United

States*, 355 F.2d 183, 185 (9th Cir. 1965); *see also In re Grand Jury Subpoenas*,

902 F.2d 244, 249 (4th Cir. 1990) (collecting cases).  However, a shared desire to

see the same outcome in a legal matter is insufficient to bring a communication

between two parties within this exception.  *Id.*  Instead, the parties must make the

communication in pursuit of a joint strategy in accordance with some form of

agreement—whether written or unwritten.  *Cf. Continental Oil Co. v. United

States*, 330 F.2d 347, 350 (9th Cir. 1964).

There is no evidence that Toberoff and the Office of the U.S. Attorney

agreed before the disclosure jointly to pursue sanctions against Toberoff's former

employee.  Toberoff is not strategizing with the prosecution.  He has no more of a

15

**EXHIBIT 11**
**60**

common interest with the government than does any individual who wishes to see

the law upheld.  Furthermore, the statements here were not "intended to facilitate

representation" of either Toberoff or the government.  *Hunydee*, 355 F.2d at 185

(limiting privilege to those circumstances); *accord United States v. BDO Seidman*,

492 F.3d 806, 816 (7th Cir. 2007) (same).

D

Petitioners also argue that they should be treated differently because

Toberoff produced these documents subject to a subpoena.  Involuntary disclosures

do not automatically waive the attorney-client privilege.  *United States v. De La*

*Jara*, 973 F.2d 746, 749–50 (9th Cir. 1992).  But without the threat of contempt,

the mere existence of a subpoena does not render testimony or the production of

documents involuntary.  *Westinghouse Elec. Corp.*, 951 F.2d at 1414; *see also*

*United States v. Plache*, 913 F.2d 1375, 1380 (9th Cir. 1990).  Instead, whether the

subpoenaed party "chose not to assert the privilege when it was appropriate to do

so is [also] relevant to the waiver analysis." *In re Grand Jury Proceedings*, 219

F.3d 175, 187 (2d Cir. 2000); *cf. In re Subpoenas Duces Tecum*, 738 F.2d 1367,

1369–70 (D.C. Cir. 1984).

Toberoff both solicited the subpoena and "chose not to assert the privilege

when it was appropriate to do so. . . ." *In re Grand Jury Proceedings*, 219 F.3d at

187.  That is, even though the subpoena specifically contemplated that Toberoff

16

**EXHIBIT 11**
**61**

may choose to redact privileged materials, he did not.  Petitioners assert that the

U.S. Attorney would not have been satisfied with redacted documents, but we will

never know because Toberoff never tried.  As such, we conclude that the district

court properly treated the disclosure of these documents as voluntary.[5]

E

Finally, Petitioners asserted for the first time in oral argument that these

documents should remain confidential because the Heirs themselves did not take

the affirmative step to disclose the documents.  We generally do not consider

issues raised for the first time during oral argument, unless "failure to do so would

result in manifest injustice" and the appellee would not be prejudiced by such

consideration.  *United States v. Ullah*, 976 F.2d 509, 514 (9th Cir. 1992) (internal

quotation marks and emphasis omitted).  There are several instances in which an

attorney's behavior may waive the privilege, even without an explicit act by the

client.  *See, e.g., Himmelfarb v. United States*, 175 F.2d 924, 939 (9th Cir. 1949);

*see generally* 8 Wigmore, Evidence § 2325 (listing actual and implied consent as

well as theft of documents from the attorney's office).  As many of these

---

[5] As these preexisting documents were "sought for [their] own sake rather than to learn what took place before the grand jury" and as their "disclosure will not compromise the integrity of the grand jury process," Petitioners' argument that the disclosure was protected by Federal Rule of Criminal Procedure 6(e)(2)(B) is similarly without merit.  *United States v. Dynavac, Inc.*, 6 F.3d 1407, 1411–12 (9th Cir. 1993).

17

**EXHIBIT 11**
**62**

documents fall within these situations, we do not consider it a manifest injustice to

hold Petitioners to their apparent acceptance of Toberoff's authority to waive the

privilege on behalf of his clients, who have never disputed his authority to do so.[6]

V

Because Petitioners have not established error, we need not discuss the other

*Bauman* factors.  The petition for mandamus is **DENIED**.

---

[6] Indeed, there is even circumstantial evidence that the Heirs affirmatively
consented to Toberoff's actions.  There is also evidence that Toberoff should
himself be treated as a co-client.  After all, Toberoff represented *all* of the
Petitioners, including a joint venture between the Heirs and himself in which he
had a controlling interest.  As such, he likely had authority unilaterally to waive the
privilege on at least some of these documents.  Restatement (Third) of Law
Governing Lawyers § 76 cmt. g; *see also In re Teleglobe Commc'ns Corp.*, 493
F.3d 345, 363 (3d Cir. 2007).

18

**EXHIBIT 11**
**63**

# COUNSEL

Richard B. Kendall, Kendall Brill & Klieger LLP, Los Angeles, California, argued the cause and filed the briefs for the petitioners.  With him on the briefs were Laura W. Brill, Kendall Brill & Kleiger, LLP, Los Angeles, California as well as Marc Toberoff and Keith G. Adams, Toberoff & Associates, P.C., Los Angeles, California.

Matthew T. Kline, O'Melveny & Myers LLP, Los Angeles, California, argued the cause and filed the brief for the real party in interest.  With him on the brief were Daniel M. Petrocelli and Cassandra L. Seto, O'Melveny & Myers LLP as well as Patrick T. Perkins, Perkins Law Office, P.C., Cold Spring, New York.

**EXHIBIT 11**
**64**

# EXHIBIT 12

**General Docket**
**United States Court of Appeals for the Ninth Circuit**

| | |
|---|---|
| **Court of Appeals Docket #:** 11-56934 | **Docketed:** 11/02/2011 |
| **Nature of Suit:** 3820 Copyright | |
| DC Comics v. Pacific Pictures Corporation, et al | |
| **Appeal From:** U.S. District Court for Central California, Los Angeles | |
| **Fee Status:** Paid | |

**Case Type Information:**
  1) civil
  2) private
  3) null

**Originating Court Information:**
  **District:** 0973-2 : 2:10-cv-03633-ODW-RZ
  **Court Reporter:** Blanca Aguilar, Official Court Reporter
  **Trial Judge:** Otis D. Wright, II, District Judge
  **Date Filed:** 05/14/2010

| Date Order/Judgment: | Date Order/Judgment EOD: | Date NOA Filed: | Date Rec'd COA: |
|---|---|---|---|
| 10/25/2011 | 10/25/2011 | 11/02/2011 | 11/02/2011 |

**Prior Cases:**
  10-56594
  **Date Filed:** 10/12/2010  **Date Disposed:** 01/11/2011  **Disposition:** Jurisdictional Defects
  10-56980
  **Date Filed:** 12/17/2010  **Date Disposed:** 01/19/2011  **Disposition:** FRAP 42b Dismissal
  10-73851
  **Date Filed:** 12/17/2010  **Date Disposed:** 01/07/2011  **Disposition:** Denied - Judge Order

**Current Cases:**
  None

11/19/2012

**EXHIBIT 12**

DC COMICS,

        Plaintiff - Appellee,

  v.

PACIFIC PICTURES CORPORATION; IP WORLDWIDE, LLC; IPW, LLC; MARC TOBEROFF; MARK WARREN PEARY, as personal representative of the Estate of Joseph Shuster; LAURA SIEGEL LARSON, individually and as personal representative of the Estate of Joanne Siegel; JEAN ADELE PEAVY,

        Defendants - Appellants.

| 11/02/2011 | 1<br>14 pg, 487.65 KB | DOCKETED CAUSE AND ENTERED APPEARANCES OF COUNSEL. SEND MQ: Yes. The schedule is set as follows: Mediation Questionnaire due on 11/09/2011. Transcript ordered by 12/02/2011. Transcript due 03/01/2012. Appellants IP Worldwide, LLC, IPW, LLC, Laura Siegel Larson, Pacific Pictures Corporation, Mark Warren Peary, Jean Adele Peavy, Marc Toberoff opening brief due 04/10/2012. Appellee DC Comics answering brief due 05/10/2012. Appellant's optional reply brief is due 14 days after service of the answering brief. [7951352] (FB) |
| 11/02/2011 | 2<br>2 pg, 13.5 KB | Filed representation statement. Served on 11/02/2011. [7951362] (FB) |
| 11/09/2011 | 3<br>3 pg, 51.24 KB | Filed (ECF) Appellants Laura Siegel Larson, Mark Warren Peary and Jean Adele Peavy Mediation Questionnaire. Date of service: 11/09/2011. [7961209] (MT) |
| 01/30/2012 | 4<br>2 pg, 30.76 KB | Filed order (ALEX KOZINSKI, DIARMUID F. O'SCANNLAIN and N. RANDY SMITH) The time allocated for oral argument in this case shall be reduced. Each side shall now have ten minutes to present oral argument in Pasadena, California, on February 7, 2012. [8049052] [11-71844, 11-56934] (BJB) |
| 02/24/2012 | 5 | Case rejected from Circuit Mediation Program. [8080166] [10-16244, 10-17344, 10-17773, 11-16335, 11-17377, 11-17437, 11-17510, 11-17528, 11-17543, 11-17545, 11-17574, 11-17592, 11-17634, 11-17657, 11-17707, 11-17773, 11-17717, 11-17754, 11-17786, 11-17793, 11-17812, 11-17827, 11-17830, 11-17834, 11-17841, 11-17852, 11-17856, 11-17857, 11-17864, 11-17890, 11-17941, 11-17994, 11-17995, 11-17996, 11-18041, 11-18056, 11-33865, 11-35866, 11-35906, 11-35907, 11-35923, 11-35996, 11-36026, 11-36060, 11-56254, 11-56256, 11-56449, 11-56516, 11-56536, 11-56556, 11-56566, 11-56571, 11-56637, 11-56642, 11-56686, 11-56814, 11-56817, 11-56818, 11-56934, 11-57017, 11-57187, 11-57201, 11-57234, 11-57247, 11-73527, 11-73924, 11-74002, 11-74004, 12-15005, 12-15070, 12-15106, 12-15182, 12-55058, 12-55084, 12-55174] (SB) |
| 04/04/2012 | 6 | 14 day oral extension by phone of time to file brief. Appellants IP Worldwide, LLC, IPW, LLC, Laura Siegel Larson, Pacific Pictures Corporation, Mark Warren Peary, Jean Adele Peavy and Marc Toberoff opening brief due 04/24/2012. Appellee DC Comics answering brief due 05/24/2012. The optional reply brief is due 14 days after service of the appellee brief. [8127337] (LN) |
| 04/04/2012 | 7<br>2 pg, 154.75 KB | Filed (ECF) Appellants Laura Siegel Larson, Mark Warren Peary and Jean Adele Peavy Correspondence: Letter confirming notice given to opposing counsel re: extension of time for opening brief from April 10, 2012 to April 24, 2012 pursuant to Circuit Rule 31-2.2(a). Date of service: 04/04/2012 [8128035] (MT) |
| 04/24/2012 | 8<br>88 pg, 449.78 KB | Submitted (ECF) Opening brief for review. Submitted by Appellants IP Worldwide, LLC, IPW, LLC, Laura Siegel Larson, Pacific Pictures Corporation, Mark Warren Peary, Jean Adele Peavy and Marc Toberoff. Date of service: 04/24/2012. [8152266]--[COURT UPDATE: Replaced PDF of brief (to include the exact word count). Resent NDA. 04/26/2012 by TW] (MT) |
| 04/26/2012 | 9<br>1 pg, 80.04 KB | Filed clerk order: The opening brief [8] submitted by Appellants is filed. Within 7 days of the filing of this order, filer is ordered to file 7 copies of the brief in paper format, accompanied by certification, attached to the end of each copy of the brief, that the brief is identical to the version submitted electronically. Cover color: blue. The paper copies shall be printed from the PDF version of the brief created from the word processing application, not from PACER or Appellate ECF. [8155254] (RH) |
| 04/27/2012 | 10 | Filed Appellants excerpts of record in 5 volumes. Served on 04/24/2012. [8160203] (SLH) |
| 05/02/2012 | 11 | Received 7 paper copies of Opening brief [8] filed by Appellants. [8161844] (SD) |
| 05/02/2012 | 12<br>1 pg, 339.16 KB | Filed (ECF) notice of appearance of Pablo David Arredondo for Appellants Laura Siegel Larson, Mark Warren Peary and Jean Adele Peavy. Date of service: 05/02/2002. [8161946] (MT) |
| 05/02/2012 | 13 | Added attorney Pablo David Arredondo for Jean Adele Peavy Mark Warren Peary Laura Siegel Larson, in case 11-56934. [8162041] (CW) |
| 05/16/2012 | 14 | 14 day oral extension by phone of time to file Appellee DC Comics brief. Appellee DC Comics answering brief due 06/07/2012. The optional reply brief is due 14 days after service of the appellee brief. [8180271] (LN) |
| 05/16/2012 | 15<br>3 pg, 54.8 KB | Filed (ECF) Appellee DC Comics Correspondence: Confirmation of Notice to Counsel for Appellants Regarding Extension to File Answering Brief. Date of service: 05/16/2012 [8180374] (CS) |
| 06/05/2012 | 16<br>71 pg, 165.46 KB | Submitted (ECF) Answering brief for review. Submitted by Appellee DC Comics. Date of service: 06/05/2012. [8202341] (DP) |
| 06/05/2012 | 17<br>75 pg, 1.61 MB | Filed (ECF) Appellee DC Comics Supplemental Motion to supplement record on appeal. Date of service: 06/05/2012. [8203429]--[COURT UPDATE: Edited docket text to reflect correct relief. Resent NDA. 06/06/2012 by RY] (CS) |
| 06/06/2012 | 18<br>1 pg, 80.27 KB | Filed clerk order: The answering brief [16] submitted by DC Comics is filed. Within 7 days of the filing of this order, filer is ordered to file 7 copies of the brief in paper format, accompanied by certification, attached to the end of each copy of the brief, that the brief is identical to the version submitted electronically. Cover |

color: red. The paper copies shall be printed from the PDF version of the brief created from the word processing application, not from PACER or Appellate ECF. [8203825] (SLH)

| | | |
|---|---|---|
| 06/07/2012 | 19<br>2 pg, 165 KB | Filed (ECF) Appellants IP Worldwide, LLC, IPW, LLC, Laura Siegel Larson, Pacific Pictures Corporation, Mark Warren Peary, Jean Adele Peavy and Marc Toberoff notice of joint brief (Reply). Date of service: 06/07/2012. [8205305] (MT) |
| 06/07/2012 | 20 | Filed notice of joint brief by Appellants IP Worldwide, LLC, IPW, LLC, Laura Siegel Larson, Pacific Pictures Corporation, Mark Warren Peary, Jean Adele Peavy and Marc Toberoff. Briefing schedule is now as follows: Joint reply brief for IP Worldwide, LLC, IPW, LLC, Laura Siegel Larson, Pacific Pictures Corporation, Mark Warren Peary, Jean Adele Peavy and Marc Toberoff due 07/13/2012. Five additional pages are authorized. [8205414] (CW) |
| 06/07/2012 | 22 | Filed Appellee DC Comics supplemental excerpts of record on appeal in 4 volumes. [8211649] (SLH) |
| 06/07/2012 | 23 | Filed UNDER SEAL Appellee DC Comics motion to file under seal one document in DC's supplemental excerpts of record and exhibit O to the declaration of Daniel M. Petrocelli in support of DC Comics' unopposed motion to file under seal. Served on 06/05/2012. [8211671] (SLH) |
| 06/07/2012 | 24 | Received UNDER SEAL Appellee DC Comics supplemental excerpt of record on appeal in 1 volume. Served on 06/05/2012. Deficiencies: motion pending.[8211705] (SLH) |
| 06/11/2012 | 21 | Received 7 paper copies of Answering brief [16] filed by DC Comics. [8209642] (DB) |
| 06/15/2012 | 25<br>6 pg, 261.01 KB | Filed (ECF) Appellants IP Worldwide, LLC, IPW, LLC, Laura Siegel Larson, Pacific Pictures Corporation, Mark Warren Peary, Jean Adele Peavy and Marc Toberoff response to motion (to file document under seal). Date of service: 06/15/2012. [8216989] (MT) |
| 06/18/2012 | 26<br>44 pg, 589.44 KB | Filed (ECF) Appellants IP Worldwide, LLC, IPW, LLC, Laura Siegel Larson, Pacific Pictures Corporation, Mark Warren Peary, Jean Adele Peavy and Marc Toberoff response to motion (,motion to supplement record on appeal). Date of service: 06/18/2012. [8218791] (MT) |
| 06/22/2012 | 27<br>2 pg, 32.9 KB | Filed clerk order (Deputy Clerk: TAH): The appellee's motion to supplement the record on appeal with "documents recently produced by defendants or otherwise relevant to the ongoing district court proceedings" is denied. Kirshner v. Uniden Corp., 842 F.2d 1074 (9th Cir. 1988). The Clerk shall strike the appellee's previously filed answering brief and supplemental excerpts of record, which included the proposed supplementation to the record. The appellee shall file a substitute answering brief and supplemental excerpts of record on or before July 23, 2012. The court has received the appellants' notice of joint reply brief. The joint optional reply brief is due within 35 days after service of the substitute answering brief. The appellee's proposed supplemental excerpts of record includes requests for judicial notice. The appellee is informed that any renewed requests for judicial notice should be made in the form of separate filings. The court has received the appellee's unopposed motion to seal a portion of the proposed supplemental excerpts of record, as well as Exhibit O to the declaration appended to the instant motion, under seal. The instant motion includes a copy of the district court's May 23, 2012 order granting the appellee's motion to seal the noted material in that court. Accordingly, the motion to seal is granted pursuant to Ninth Circuit Rule 27-13(b) as to the exhibit to the motion. The Clerk shall destroy the volume of proposed supplemental excerpts of record comprising pages SER 47 through SER 51. [8224868] (BJB) |
| 07/06/2012 | 28<br>14 pg, 122.31 KB | Filed (ECF) Appellee DC Comics Motion to take judicial notice of Two Documents Filed In The District Court. Date of service: 07/06/2012. [8240723] (DP) |
| 07/06/2012 | 29<br>11 pg, 30.63 KB | Filed (ECF) Appellee DC Comics motion for reconsideration of non-dispositive Clerk Order of 06/22/2012. Date of service: 07/06/2012. [8240726] (DP) |
| 07/19/2012 | 30<br>24 pg, 469.07 KB | Filed (ECF) Appellants IP Worldwide, LLC, IPW, LLC, Laura Siegel Larson, Pacific Pictures Corporation, Mark Warren Peary, Jean Adele Peavy and Marc Toberoff response opposing motion (,motion to reconsider order). Date of service: 07/19/2012. [8256894] (MT) |
| 07/19/2012 | 31<br>6 pg, 240.03 KB | Filed (ECF) Appellants IP Worldwide, LLC, IPW, LLC, Laura Siegel Larson, Pacific Pictures Corporation, Mark Warren Peary, Jean Adele Peavy and Marc Toberoff response to motion (,motion to take judicial notice). Date of service: 07/19/2012. [8256896] (MT) |
| 07/23/2012 | 32<br>3 pg, 17.91 KB | Filed (ECF) Appellee DC Comics Unopposed Motion to withdraw as counsel. Date of service: 07/23/2012. [8259318] (PP) |
| 07/23/2012 | 33 | COURT DELETED INCORRECT ENTRY. Resubmitted brief using correct ECF category. Correct Entry: [34]. Notice about deletion sent to case participants registered for electronic filing. Original Text: Filed (ECF) Appellee DC Comics reply to response (). Date of service: 07/23/2012. [8260125] (DP) |
| 07/23/2012 | 34<br>74 pg, 185.72 KB | COURT ENTERED FILING. Submitted (ECF) Answering brief for review. Submitted by Appellee DC Comics. Date of service: 07/23/2012. [8261317] (RY) |
| 07/24/2012 | 35<br>1 pg, 7.34 KB | Filed clerk order: The substitute answering brief [34] submitted by DC Comics is filed. Within 7 days of the filing of this order, filer is ordered to file 7 copies of the brief in paper format, accompanied by certification, attached to the end of each copy of the brief, that the brief is identical to the version submitted |

electronically. Cover color: red. The paper copies shall be printed from the PDF version of the brief created from the word processing application, not from PACER or Appellate ECF. [8261334] (LA)

07/24/2012     36     COURT DELETED INCORRECT. Refiled correctly as a motion. Correct Entry: [38]. Notice about deletion sent to case participants registered for electronic filing. Original Text: Filed (ECF) Errata to Answering Brief ([34] Brief Submitted for Review (ECF Filing) ). Filed by Appellee DC Comics. Date of service: 07/24/2012. [8261640] (DP)

07/24/2012     37     Submitted (ECF) Answering brief for review. Submitted by Appellee DC Comics. Date of service: 74 pg, 185.69 KB     07/24/2012. [8261650] (DP)

07/25/2012     38     Filed (ECF) Appellee DC Comics Motion to file substitute or corrected brief. Date of service: 07/25/2012. 3 pg, 23.63 KB     [8263259] (DP)

07/26/2012     39     Filed Appellee DC Comics supplemental excerpts of record on appeal in 2 volumes. [8265529] (LA)

07/30/2012     40     Filed (ECF) Appellee DC Comics reply to response (,motion to take judicial notice). Date of service: 5 pg, 17.52 KB     07/30/2012. [8268638] (DP)

07/30/2012     41     Filed (ECF) Appellee DC Comics reply to response (). Date of service: 07/30/2012. [8269075] (DP) 13 pg, 32.39 KB

07/31/2012     42     Filed clerk order (Deputy Clerk: TAH): The court has received the appellee's motion for partial 2 pg, 26.94 KB     reconsideration of the June 22, 2012 order denying the motion to supplement the record, the appellants' opposition thereto, and the appellee's reply. The motion is granted to the extent that the appellee's request to supplement the record with one document: a 2002 memorandum written to Laura Siegel Larson by her former counsel (the "Marks Memo") is referred for disposition to the panel that considers the merits of the case. Any future related filings shall also be referred to the merits panel. The appellee's motion for reconsideration, the appellants' opposition, and the appellee's reply will be provided to the merits panel in order to facilitate the disposition of the motion to supplement the record. Attorney Patrick T. Perkins's motion for leave to withdraw as counsel on behalf of the appellee is granted. The Clerk shall amend court records to reflect the change. The court has received the appellee's motion for leave to file a corrected substitute answering brief. Based on the representation that modification is limited to the correction of typographical errors, the motion is granted. The Clerk shall file the corrected brief. This order was issued prior to the expiration of time within which a response may be filed. Fed. R. App. P. 27(b). The optional reply brief is due within 35 days after the date of this order. [8269547] (BJB)

07/31/2012     43     Terminated Patrick Perkins for DC Comics in 11-56934 [8269551] (BJB)

07/31/2012     44     Filed clerk order: The corrected answering brief [37] submitted by DC Comics is filed. Within 7 days of the 1 pg, 7.35 KB     filing of this order, filer is ordered to file 7 copies of the brief in paper format, accompanied by certification, attached to the end of each copy of the brief, that the brief is identical to the version submitted electronically. Cover color: red. The paper copies shall be printed from the PDF version of the brief created from the word processing application, not from PACER or Appellate ECF. [8270483] (LA)

07/31/2012     45     Filed (ECF) Appellants IP Worldwide, LLC, IPW, LLC, Laura Siegel Larson, Pacific Pictures Corporation, 11 pg, 1.07 MB     Mark Warren Peary, Jean Adele Peavy and Marc Toberoff Unopposed Motion to extend time to file reply brief until 09/14/2012. Date of service: 07/31/2012. [8270700]--[COURT UPDATE: Corrected text to reflect content of filing, resent notice. 08/01/2012 by ASW] (MT)

08/01/2012     46     Filed clerk order (Deputy Clerk: th): The appellants' motion for an extension of time in which to file the reply 1 pg, 80.98 KB     brief is granted. The reply brief is due SEPT. 14, 2012. . [8271204] (TH)

08/03/2012     47     Received 7 paper copies of the corrected answering brief [37] filed by DC Comics. [8274504] (SD)

09/10/2012     48     Notice of Oral Argument on NOVEMBER Calendar. Please return ACKNOWLEDGMENT OF HEARING 9 pg, 707.35 KB     NOTICE form to: PASADENA Office. Please open attached documents to view details about your case. [8316670] (LN)

09/12/2012     49     Filed (ECF) Acknowledgment of hearing notice. Location: Pasadena. Filed by Attorney Mr. Matthew T. 2 pg, 40.11 KB     Kline for Appellee DC Comics. [8321227] (MTK)

09/13/2012     50     Filed (ECF) Acknowledgment of hearing notice. Location: Pasadena. Filed by Attorney Mr. Richard B. 1 pg, 41.8 KB     Kendall for Appellants Pacific Pictures Corporation, IP Worldwide, LLC, IPW, LLC and Marc Toberoff. [8322117] (RBK)

09/14/2012     51     Submitted (ECF) Reply brief for review. Submitted by Appellants IP Worldwide, LLC, IPW, LLC, Laura 52 pg, 313.5 KB     Siegel Larson, Pacific Pictures Corporation, Mark Warren Peary, Jean Adele Peavy and Marc Toberoff. Date of service: 09/14/2012. [8325135] (MT)

09/17/2012     52     Filed clerk order: The joint reply brief [51] submitted by appellants is filed. Within 7 days of the filing of this 2 pg, 8.26 KB     order, filer is ordered to file 7 copies of the brief in paper format, accompanied by certification, attached to the end of each copy of the brief, that the brief is identical to the version submitted electronically. Cover color: gray. The paper copies shall be printed from the PDF version of the brief created from the word processing application, not from PACER or Appellate ECF. [8325490] (LA)

| | | |
|---|---|---|
| 09/17/2012 | 53 | Filed Appellants' supplemental excerpts of record on appeal in 1 volume. (To Panel) [8326490] (LA) |
| 09/24/2012 | 54 | Received 7 paper copies of Joint Reply brief [51] filed by Appellants. (Sent to panel) [8336841] (SD) |
| 10/19/2012 | 55<br>2 pg, 25.9 KB | Filed clerk order (Deputy Clerk: BJB): The parties are directed to submit supplemental briefs addressing the effect, if any, of the district judge's recent decision granting partial summary judgment (Dist. Ct. Docket No. 507) on the appeal presently before this court. The briefs are not to exceed 2,500 words and are to be filed simultaneously no later than Monday, October 29, 2012. Parties who are registered for ECF must file their briefs electronically without submission of paper copies. Parties who are not registered ECF filers must file their briefs plus 15 paper copies. [8368468] (BJB) |
| 10/29/2012 | 56<br>17 pg, 267.36 KB | Submitted (ECF) Supplemental brief for review. Submitted by Appellants IP Worldwide, LLC, IPW, LLC, Laura Siegel Larson, Pacific Pictures Corporation, Mark Warren Peary, Jean Adele Peavy and Marc Toberoff. Date of service: 10/29/2012. [8380606]--[COURT UPDATE: Removed declaration (filed separately as motion [58]. Resent notice. 10/30/2012 by ASW] (MT) |
| 10/29/2012 | 57<br>10 pg, 49.9 KB | Submitted (ECF) Supplemental brief for review. Submitted by Appellee DC Comics. Date of service: 10/29/2012. [8380607]--[COURT UPDATE: Attached corrected brief (includes Tables and certificate of service). Resent NDA. 10/30/2012 by RY] (DP) |
| 10/30/2012 | 58<br>410 pg, 4.55 MB | Filed (ECF) Appellants IP Worldwide, LLC, IPW, LLC, Laura Siegel Larson, Pacific Pictures Corporation, Mark Warren Peary, Jean Adele Peavy and Marc Toberoff Motion to take judicial notice of District Court's October 17, 2012 Order And Related Briefing. Date of service: 10/30/2012. [8381951] (MT) |
| 10/30/2012 | 59<br>1 pg, 6.75 KB | Filed clerk order: The supplemental brief [57] submitted by DC Comics is filed. Pursuant to the order filed on October 19, 2012, no paper copies of the brief are required. [8382088] (LA) |
| 10/30/2012 | 60<br>1 pg, 6.76 KB | Filed clerk order: The supplemental brief [56] submitted by appellants is filed. Pursuant to the order filed on October 19, 2012, no paper copies of the brief are required. [8382134] (LA) |
| 10/31/2012 | 62<br>8 pg, 35.17 KB | Filed (ECF) Appellee DC Comics response to motion (,motion to take judicial notice). Date of service: 10/31/2012. [8383259] (DP) |
| 11/02/2012 | 63<br>7 pg, 27.41 KB | Filed (ECF) Appellants IP Worldwide, LLC, IPW, LLC, Laura Siegel Larson, Pacific Pictures Corporation, Mark Warren Peary, Jean Adele Peavy and Marc Toberoff reply to response (,motion to take judicial notice). Date of service: 11/02/2012. [8386984] (MT) |
| 11/05/2012 | 64 | ARGUED AND SUBMITTED TO STEPHEN R. REINHARDT, SIDNEY R. THOMAS and JOHN W. SEDWICK. [8388042] (FB) |

**EXHIBIT 12**
**70**

# EXHIBIT 13

**General Docket**
**United States Court of Appeals for the Ninth Circuit**

| | |
|---|---|
| **Court of Appeals Docket #:** 11-55863 | **Docketed:** 05/27/2011 |

**Nature of Suit:** 3820 Copyright
Laura Larson v. Warner Bros Entertainment, Inc, et al
**Appeal From:** U.S. District Court for Central California, Los Angeles
**Fee Status:** Paid

**Case Type Information:**
   1) civil
   2) private
   3) null

**Originating Court Information:**
   **District:** 0973-2 : 2:04-cv-08400-ODW-RZ
   **Court Reporter:** Blanca Aguilar, Official Court Reporter
   **Trial Judge:** Otis D. Wright, II, District Judge
   **Date Filed:** 10/08/2004

| **Date Order/Judgment:** | **Date Order/Judgment EOD:** | **Date NOA Filed:** | **Date Rec'd COA:** |
|---|---|---|---|
| 05/17/2011 | 05/20/2011 | 05/27/2011 | 05/27/2011 |

**Prior Cases:**

| 10-56594 | | | |
|---|---|---|---|
| **Date Filed:** 10/12/2010 | **Date Disposed:** 01/11/2011 | **Disposition:** Jurisdictional Defects | |
| 10-56980 | | | |
| **Date Filed:** 12/17/2010 | **Date Disposed:** 01/19/2011 | **Disposition:** FRAP 42b Dismissal | |
| 10-73851 | | | |
| **Date Filed:** 12/17/2010 | **Date Disposed:** 01/07/2011 | **Disposition:** Denied - Judge Order | |

**Current Cases:**

| | **Lead** | **Member** | **Start** | **End** |
|---|---|---|---|---|
| Cross-Appeal | 11-55863 | 11-56034 | 06/20/2011 | |

**EXHIBIT 13**
**71**

LAURA SIEGEL LARSON, individually and as personal representative of the Estate of Joanne Siegel,

        Plaintiff-counter-claim-defendant - Appellant,

  v.

WARNER BROS. ENTERTAINMENT, INC., a corporation; DC COMICS, a New York General Partnership,

        Defendants-counter-claimants - Appellees.

| | | |
|---|---|---|
| 05/27/2011 | 1<br>14 pg, 777.55 KB | DOCKETED CAUSE AND ENTERED APPEARANCES OF COUNSEL. SEND MQ: Yes. The schedule is set as follows: Mediation Questionnaire due on 06/03/2011. Transcript ordered by 06/27/2011. Transcript due 09/26/2011. Appellant Laura Siegel Larson opening brief due 11/07/2011. Appellee DC Comics and Appellee Warner Bros. Entertainment, Inc. answering brief due 12/07/2011. Appellant's optional reply brief is due 14 days after service of the answering brief. 7767531] (JN) |
| 05/27/2011 | 2<br>1 pg, 11.36 KB | Received Appellant's Representation Statement. Served on 05/27/2011. [7767538] (JN) |
| 06/03/2011 | 3<br>4 pg, 70.24 KB | Filed (ECF) Appellant Laura Siegel Larson Mediation Questionnaire. Date of service: 06/03/2011. [7774231] (MT) |
| 06/20/2011 | 4<br>9 pg, 768.09 KB | DOCKETED CAUSE AND ENTERED APPEARANCES OF COUNSEL ON CROSS APPEAL. SEND MQ: Yes. Setting cross-appeal briefing schedule as follows: Mediation Questionnaire due 06/27/2011. First cross appeal brief due 11/07/2011 for Laura Siegel Larson. Second brief on cross appeal due 12/07/2011 for DC Comics and Warner Bros. Entertainment, Inc.. Third brief on cross appeal due 01/06/2012 for Laura Siegel Larson. Optional reply brief on cross appeal due 14 days after service of third brief. [7790696] [11-56034, 11-55863] (FB) |
| 06/28/2011 | 5<br>1464 pg, 152.77 MB | Filed (ECF) Appellees DC Comics and Warner Bros. Entertainment, Inc. Motion to dismiss for lack of jurisdiction. Date of service: 06/28/2011. [7801117]--[COURT UPDATE : Spread filing to 11-56034. Resent NDA. 06/28/2011 by TW] (DP) |
| 06/28/2011 | 6<br>3 pg, 348.61 KB | Filed (ECF) Appellees DC Comics and Warner Bros. Entertainment, Inc. corporate disclosure statement. Date of service: 06/28/2011. [7801134]--[COURT UPDATE : Spread docket text to 11-56034.. Resent NDA. 06/28/2011 by TW] (DP) |
| 07/11/2011 | 7<br>194 pg, 859.01 KB | Filed (ECF) Appellant Laura Siegel Larson response opposing motion (,motion to dismiss for lack of jurisdiction). Date of service: 07/11/2011. [7815707]--[COURT UPDATE : Spread filing to 11-56034. Resent NDA. 07/12/2011 by TW] (MT) |
| 07/21/2011 | 8<br>16 pg, 369.69 KB | Filed (ECF) Appellees DC Comics and Warner Bros. Entertainment, Inc. reply to response (, ,motion to dismiss for lack of jurisdiction). Date of service: 07/21/2011. [7828448] --[COURT UPDATE : Filing spread to case number 11-56034. Resent NDA. 07/21/2011 by DB] (DP) |
| 09/22/2011 | 9<br>1 pg, 31.38 KB | Filed order (Appellate Commissioner) Appelleesâ€™ motion to dismiss appeal No. 11-55863 for lack of jurisdiction is denied without prejudice to renewing the arguments in the second brief on crossappeal. See Natâ€™l Indus. v. Republic Natâ€™l Life Ins. Co., 677 F.2d 1258,.1262 (9th Cir. 1982) (stating that merits panel may consider appellate jurisdiction despite earlier denial of motion to dismiss). The briefing schedule established previously shall remain in effect. (MOATT) [7903804] [11-55863, 11-56034] (SM) |
| 10/26/2011 | 10<br>10 pg, 45.58 KB | Filed (ECF) Appellant Laura Siegel Larson in 11-55863, Appellee Laura Siegel Larson in 11-56034 Unopposed Motion to extend time to file First Brief on Cross-Appeal brief until 12/22/2011. Date of service: 10/26/2011. [7944070] [11-55863, 11-56034] (MT) |
| 10/28/2011 | 11<br>2 pg, 25.54 KB | Filed clerk order (Deputy Clerk: GS): Appellant Laura Siegel Larsonâ€™s motion for an extension of time to file the first cross-appeal brief is granted. The first cross-appeal brief is now due December 22, 2011. The second cross-appeal brief is due January 23, 2012. The third cross-appeal brief is due February 23, 2012. The fourth cross-appeal brief is due within 14 days after service of the third cross-appeal brief. [7946175] [11-55863, 11-56034] (SM) |
| 12/22/2011 | 12<br>83 pg, 434.22 KB | Submitted (ECF) First Brief on Cross-Appeal brief for review. Submitted by Appellant Laura Siegel Larson in 11-55863, Appellee Laura Siegel Larson in 11-56034. Date of service: 12/22/2011. [8011065] [11-55863, 11-56034] (MT) |
| 12/23/2011 | 13<br>2 pg, 86.05 KB | Filed clerk order: The first brief on cross-appeal [12] submitted by Plaintiff Laura Siegel Larson is filed. Within 7 days of the filing of this order, filer is ordered to file 7 copies of the brief in paper format, accompanied by certification, attached to the end of each copy of the brief, that the brief is identical to the version submitted electronically. Cover color: blue. [8011249] [11-55863, 11-56034] (GV) |
| 12/27/2011 | 14 | Received 7 paper copies of First Brief on Cross-Appeal brief [12] filed by Laura Siegel Larson [8012891] [11-55863, 11-56034] (DB) |
| 12/27/2011 | 15 | Filed Plaintiff Laura Siegel Larson's excerpts of record in 5 volumes. Served on 12/02/2011. [8013172] [11-55863, 11-56034] (GV) |
| 01/05/2012 | 16<br>11 pg, 116.19 KB | Filed (ECF) Appellees DC Comics and Warner Bros. Entertainment, Inc. in 11-55863, Appellants DC Comics and Warner Bros. Entertainment, Inc. in 11-56034 Motion to extend time to file Answering brief until 03/06/2012. Date of service: 01/05/2012. [8021641] [11-55863, 11-56034] (DP) |
| 01/10/2012 | 17<br>2 pg, 25.74 KB | Filed clerk order (Deputy Clerk: GSS): Appellees DC Comics and Warner Bros.â€™s motion for an extension of time to file the second cross-appeal brief is granted. The second cross-appeal brief for appellees DC Comics and Warner Bros. is due March 6, 2012. The third crossappeal brief for appellant Laura Siegel Larson is due April 6, 2012. The fourth cross-appeal brief for appellees DC Comics and Warner Bros. is due within 14 days after service of the third cross-appeal brief. [8025162] [11-55863, 11-56034] (SM) |

**EXHIBIT 13**

**73**

| | | |
|---|---|---|
| 01/25/2012 | 18<br>2 pg, 34.47 KB | Filed order MEDIATION (VLS): These cases are under consideration for inclusion in the Mediation Program. Within 14 days of the date of this order, counsel for all parties to this appeal are requested to inform Circuit Mediator Ann Julius of their clients' views on whether: (1) the case is appropriate for settlement discussions or mediation; (2) the court can accommodate ongoing settlement discussions or otherwise facilitate settlement of the dispute; and/or (3) the court should schedule a telephonic conference to discuss settlement. This communication may be sent in letter form by e-mail (ann_julius@ca9.uscourts.gov) or fax (415/355-8566). It will be kept confidential from the other parties, if requested. This communication shall not be served on the opposing party and shall not be filed with the court. For more detailed information Mediation Program and its procedures generally, please see Mediation Program web site: www.ca9.uscourts.gov/mediation. The existing briefing schedule remains in effect pending the determination whether the case will be selected for inclusion in the Mediation Program. [8044565] [11-55863, 11-56034] (SM) |
| 02/17/2012 | 19<br>12 pg, 435.07 KB | Filed (ECF) Appellees DC Comics and Warner Bros. Entertainment, Inc. in 11-55863, Appellants DC Comics and Warner Bros. Entertainment, Inc. in 11-56034 Motion to extend time to file Opening brief until 03/23/2012. Date of service: 02/17/2012. [8074246] [11-55863, 11-56034] (MTK) |
| 02/24/2012 | 20<br>11 pg, 272.41 KB | Filed (ECF) Appellant Laura Siegel Larson in 11-55863, Appellee Laura Siegel Larson in 11-56034 response opposing motion (,motion to extend time to file brief). Date of service: 02/24/2012. [8081180] [11-55863, 11-56034] (MT) |
| 03/01/2012 | 21<br>2 pg, 24.67 KB | Filed order (Appellate Commissioner) Appellees Warner Bros., et al.'s opposed motion for an extension of time to file the second cross-appeal brief is granted. The second cross-appeal brief for appellees Warner Bros., et al. is due March 23, 2012. Appellant Larson's motion for an extension of time to file the third crossappeal brief is granted. The third cross-appeal brief for appellant Larson is due May 10, 2012. The fourth cross-appeal brief is due within 14 days after service of the second cross-appeal brief. (Pro Mo) [8087340] [11-55863, 11-56034] (SM) |
| 03/05/2012 | 22<br>2 pg, 23.41 KB | Filed order MEDIATION (AJ): The court has determined that these appeals will not be selected for inclusion in the Mediation Program. [8090114] [11-55863, 11-56034] (SM) |
| 03/08/2012 | 23<br>2 pg, 23.62 KB | Filed (ECF) notice of appearance of Ashley K. Pearson for Appellees DC Comics and Warner Bros. Entertainment, Inc. in 11-55863, Appellants DC Comics and Warner Bros. Entertainment, Inc. in 11-56034. Date of service: 03/08/2012. [8096010] [11-55863, 11-56034] (AP) |
| 03/08/2012 | 24 | Added attorney Ashley Pearson for DC Comics Warner Bros. Entertainment, Inc. [8096021] [11-55863, 11-56034] (RL) |
| 03/16/2012 | 25<br>1 pg, 340.17 KB | Filed (ECF) notice of appearance of Pablo David Arredondo for Appellant Laura Siegel Larson in 11-55863, Appellee Laura Siegel Larson in 11-56034. Date of service: 03/16/2012. [8107497] [11-55863, 11-56034] (MT) |
| 03/19/2012 | 26 | Added attorney Pablo David Arredondo for Laura Siegel Larson, in case 11-55863 Pablo David Arredondo for Laura Siegel Larson, in case 11-56034. [8107560] [11-55863, 11-56034] (CW) |
| 03/22/2012 | 27<br>2 pg, 22.7 KB | Filed (ECF) notice of appearance of Jonathan D. Hacker for Appellees DC Comics and Warner Bros. Entertainment, Inc. in 11-55863, Appellants DC Comics and Warner Bros. Entertainment, Inc. in 11-56034. Date of service: 03/22/2012. [8114561] [11-55863, 11-56034] (JH) |
| 03/22/2012 | 28 | Added attorney Jonathan Hacker for DC Comics Warner Bros. Entertainment, Inc. [8114572] [11-55863, 11-56034] (RL) |
| 03/23/2012 | 29<br>38 pg, 1.62 MB | Filed (ECF) Appellees DC Comics and Warner Bros. Entertainment, Inc. in 11-55863, Appellants DC Comics and Warner Bros. Entertainment, Inc. in 11-56034 Motion to assign case to prior panel. Date of service: 03/23/2012. [8115846] [11-55863, 11-56034] (DP) |
| 03/23/2012 | 30<br>5 pg, 29.24 KB | Filed (ECF) Appellees DC Comics and Warner Bros. Entertainment, Inc. in 11-55863, Appellants DC Comics and Warner Bros. Entertainment, Inc. in 11-56034 Motion for miscellaneous relief [Motion By Cross-Appellants and Appellees Warner Bros. Entertainment Inc. And DC Comics For Leave To Lodge An Original Detective Comics #15 In The Appellate Record]. Date of service: 03/23/2012. [8115893] [11-55863, 11-56034] (DP) |
| 03/23/2012 | 31<br>125 pg, 1.88 MB | Submitted (ECF) Second Brief on Cross-Appeal brief for review and filed Motion to file oversized brief. Submitted by Appellees DC Comics and Warner Bros. Entertainment, Inc. in 11-55863, Appellants DC Comics and Warner Bros. Entertainment, Inc. in 11-56034. Date of service: 03/23/2012. [8115931] [11-55863, 11-56034] (DP) |
| 03/26/2012 | 32 | Filed Appellees DC Comics and Warner Bros. Entertainment, Inc's supplemental excerpts of record on appeal in 4 volumes. [8116751] [11-55863, 11-56034] (GV) |
| 04/05/2012 | 33<br>10 pg, 133.43 KB | Filed (ECF) Appellant Laura Siegel Larson in 11-55863, Appellee Laura Siegel Larson in 11-56034 response opposing motion (,motion to assign case to prior panel). Date of service: 04/05/2012. [8129967] [11-55863, 11-56034] (MT) |
| 04/05/2012 | 34<br>7 pg, 114.66 KB | Filed (ECF) Appellant Laura Siegel Larson in 11-55863, Appellee Laura Siegel Larson in 11-56034 response opposing motion (,motion for miscellaneous relief (to be used only if no other relief applies)). Date of service: 04/05/2012. [8129968] [11-55863, 11-56034] (MT) |

**EXHIBIT 13**
**74**

| | | |
|---|---|---|
| 04/12/2012 | 35<br>5 pg, 31.43 KB | Filed (ECF) Appellees DC Comics and Warner Bros. Entertainment, Inc. in 11-55863, Appellants DC Comics and Warner Bros. Entertainment, Inc. in 11-56034 reply to response (). Date of service: 04/12/2012. [8137922] [11-55863, 11-56034] (DP) |
| 04/12/2012 | 36<br>7 pg, 36.29 KB | Filed (ECF) Appellees DC Comics and Warner Bros. Entertainment, Inc. in 11-55863, Appellants DC Comics and Warner Bros. Entertainment, Inc. in 11-56034 reply to response (). Date of service: 04/12/2012. [8137952] [11-55863, 11-56034] (DP) |
| 04/30/2012 | 37<br>2 pg, 25.55 KB | Filed clerk order (Deputy Clerk: RJ): The panel has considered appellees' opposed motion to assign these crossappeals to the panel assigned to petition No. 11-71844 and declines to grant the motion. Accordingly, the motion is denied. Appellees' opposed motion for leave to lodge an original Detective Comics No. 15 in the appellate record is referred to the panel that will hear the merits of this appeal for whatever consideration the panel deems appropriate. Appellees' unopposed motion to file a combined brief on cross-appeal not exceeding 20,000 words is granted. The Clerk shall file the second brief on crossappeal received March 23, 2012. The briefing schedule established March 1, 2012, shall remain in effect. [8157703] [11-55863, 11-56034] (SM) |
| 04/30/2012 | 38<br>2 pg, 26.43 KB | Filed clerk order: The second brief on cross-appeal [31] submitted by DC Comics and Warner Bros. Entertainment, Inc. is filed. Within 7 days of the filing of this order, filer is ordered to file 7 copies of the brief in paper format, accompanied by certification, attached to the end of each copy of the brief, that the brief is identical to the version submitted electronically. Cover color: red. The paper copies shall be printed from the PDF version of the brief created from the word processing application, not from PACER or Appellate ECF. [8159022] [11-55863, 11-56034] (LA) |
| 05/02/2012 | 39 | 14 day oral extension by phone to file Appellant Laura Siegel Larson in 11-55863 cross-appeal brief. Third brief on cross appeal due 05/24/2012 for Laura Siegel Larson. The optional reply cross-appeal brief is due 14 days after service of the third cross-appeal brief [8161033] [11-55863, 11-56034] (LN) |
| 05/02/2012 | 40<br>2 pg, 155.78 KB | Filed (ECF) Appellant Laura Siegel Larson in 11-55863, Appellee Laura Siegel Larson in 11-56034 Correspondence: Letter confirming notice given to opposing counsel re: extension of time for third brief on cross-appeal from May 10, 2012 to May 24, 2012 pursuant to Circuit Rule 31-2.2(a). Date of service: 05/02/2012 [8162651] [11-55863, 11-56034] (MT) |
| 05/03/2012 | 41 | Received 7 paper copies of Second Brief on Cross-Appeal brief [31] filed by DC Comics and Warner Bros. Entertainment, Inc. [8164268] [11-55863, 11-56034 (SD) |
| 05/24/2012 | 42<br>150 pg, 2.75 MB | Filed (ECF) Appellant Laura Siegel Larson in 11-55863, Appellee Laura Siegel Larson in 11-56034 Motion to strike portion of Appellees' Supplemental Excerpts of Record and portions of Principal and Response Brief. Date of service: 05/24/2012. [8191338] [11-55863, 11-56034] (MT) |
| 05/24/2012 | 43<br>102 pg, 946.21 KB | Submitted (ECF) Third Brief on Cross-Appeal brief for review and filed Motion to file oversized brief. Submitted by Appellant Laura Siegel Larson in 11-55863, Appellee Laura Siegel Larson in 11-56034. Date of service: 05/24/2012. [8191347] [11-55863, 11-56034] (MT) |
| 05/25/2012 | 44<br>4 pg, 20.91 KB | Filed (ECF) Errata to Third Brief on Cross-Appeal Brief ([43] Brief Submitted for Review (ECF Filing) ,[43] Motion (ECF Filing) ,[43] Motion (ECF Filing) motion to file oversized brief). Filed by Appellee Laura Siegel Larson in 11-56034, Appellant Laura Siegel Larson in 11-55863. Date of service: 05/25/2012. [8192326] [11-56034, 11-55863] (MT) |
| 05/25/2012 | 45 | 14 day oral extension by phone to file cross-appeal brief. Optional cross appeal reply brief due 06/25/2012 for DC Comics and Warner Bros. Entertainment, Inc.. The optional reply cross-appeal brief is due 14 days after service of the third cross-appeal brief [8192628] [11-55863, 11-56034] (LN) |
| 05/25/2012 | 46<br>4 pg, 520.36 KB | Filed (ECF) Appellees DC Comics and Warner Bros. Entertainment, Inc. in 11-55863, Appellants DC Comics and Warner Bros. Entertainment, Inc. in 11-56034 Correspondence: Letter regarding oral request for extension of deadline to file reply brief. Date of service: 05/25/2012 [8192671] [11-55863, 11-56034] (CS) |
| 05/29/2012 | 47 | Filed Appellant/Cross-Appellee Laura Siegel Larson's supplemental excerpts of record on appeal in 1 volume. [8193866] [11-55863, 11-56034] (LA) |
| 06/06/2012 | 48<br>31 pg, 495.55 KB | Filed (ECF) Appellees DC Comics and Warner Bros. Entertainment, Inc. in 11-55863, Appellants DC Comics and Warner Bros. Entertainment, Inc. in 11-56034 response opposing motion (,motion to strike portion or whole of document). Date of service: 06/06/2012. [8203445] [11-55863, 11-56034] (DP) |
| 06/19/2012 | 49<br>36 pg, 176.88 KB | Submitted (ECF) Cross-Appeal Reply Brief brief for review. Submitted by Appellees DC Comics and Warner Bros. Entertainment, Inc. in 11-55863, Appellants DC Comics and Warner Bros. Entertainment, Inc. in 11-56034. Date of service: 06/19/2012. [8219717] [11-55863, 11-56034]--COURT UPDATE: Edited docket text to reflect correct brief type. Resent NDA. 06/19/2012 by RY] (MTK) |
| 06/19/2012 | 50<br>105 pg, 2.27 MB | Filed (ECF) Appellees DC Comics and Warner Bros. Entertainment, Inc. in 11-55863, Appellants DC Comics and Warner Bros. Entertainment, Inc. in 11-56034 Motion to supplement record on appeal. Date of service: 06/19/2012. [8219745] [11-55863, 11-56034] (DP) |
| 06/20/2012 | 51<br>2 pg, 85.96 KB | Filed clerk order: The cross-appeal reply brief [49] submitted by DC Comics and Warner Bros. Entertainment, Inc. is filed. Within 7 days of the filing of this order, filer is ordered to file 7 copies of the brief in paper format, accompanied by certification, attached to the end of each copy of the brief, that the |

**EXHIBIT 13**
**75**

|  |  |  |
|---|---|---|
| | | brief is identical to the version submitted electronically. Cover color: gray. The paper copies shall be printed from the PDF version of the brief created from the word processing application, not from PACER or Appellate ECF. [8220895] [11-55863, 11-56034] (GV) |
| 06/21/2012 | 52<br>41 pg, 651.96 KB | Filed (ECF) Appellant Laura Siegel Larson in 11-55863, Appellants DC Comics, Warner Bros. Entertainment, Inc. and Appellee Laura Siegel Larson in 11-56034 response to motion (). Date of service: 06/20/2012. [8222702] [11-55863, 11-56034] (MT) |
| 06/22/2012 | 55 | Filed Appellees DC Comics and Warner Bros. Entertainment, Inc. supplemental excerpts of record on appeal in 1 volume. [8228454] [11-55863, 11-56034] (GV) |
| 06/25/2012 | 53<br>3 pg, 123.06 KB | Filed (ECF) Appellant Laura Siegel Larson citation of supplemental authorities. Date of service: 06/25/2012. [8226243]--[COURT UPDATE: Spread filing to 11-56034, resent notice. 06/25/2012 by ASW] (MT) |
| 06/25/2012 | 54 | Received 7 paper copies of Cross-Appeal Reply Brief brief [49] filed by DC Comics and Warner Bros. Entertainment, Inc.. [8226245] [11-55863, 11-56034] (SD) |
| 07/02/2012 | 56<br>11 pg, 41.4 KB | Filed (ECF) Appellants DC Comics and Warner Bros. Entertainment, Inc. in 11-56034 reply to response (). Date of service: 07/02/2012. [8234651] [11-55863, 11-56034] (DP) |
| 07/02/2012 | 57<br>2 pg, 34.15 KB | Filed (ECF) Appellants DC Comics and Warner Bros. Entertainment, Inc. in 11-56034 citation of supplemental authorities. Date of service: 07/02/2012 [8234666] [11-55863, 11-56034]--[COURT UPDATE: Edited docket text to reflect content of filing. Resent NDA. 07/02/2012 by RY] (DP) |
| 07/02/2012 | 58<br>22 pg, 467.45 KB | Filed (ECF) Appellant Laura Siegel Larson in 11-55863 response to motion (,motion to supplement record on appeal). Date of service: 07/02/2012. [8235584] [11-55863, 11-56034] (MT) |
| 07/05/2012 | 59<br>2 pg, 25.23 KB | Filed order (Appellate Commissioner)The appellant’s opposed motion to strike portions of the supplemental excerpts of record and the second cross-appeal brief is referred to the merits panel for resolution. The appellant’s motion to file an oversized third cross-appeal brief is granted. The Clerk shall file the third cross-appeal brief submitted on May 24, 2012. The appellees’ motion to supplement the record, and any response, is referred to the merits panel for resolution. The fourth cross-appeal brief submitted on June 19, 2012 has been filed. (Pro Mo) [8238125] [11-55863, 11-56034] (MS) |
| 07/05/2012 | 60<br>2 pg, 26.47 KB | Filed clerk order: The third brief on cross-appeal [43] submitted by Laura Siegel Larson is filed. Within 7 days of the filing of this order, filer is ordered to file 7 copies of the brief in paper format, accompanied by certification, attached to the end of each copy of the brief, that the brief is identical to the version submitted electronically. Cover color: yellow. The paper copies shall be printed from the PDF version of the brief created from the word processing application, not from PACER or Appellate ECF. [8239204] [11-55863, 11-56034] (LA) |
| 07/09/2012 | 61 | Received 7 paper copies of Third Brief on Cross-Appeal brief [43] filed by Laura Siegel Larson. [8242567] [11-55863, 11-56034] (SD) |
| 07/11/2012 | 62<br>50 pg, 353.4 KB | Filed (ECF) Appellees DC Comics and Warner Bros. Entertainment, Inc. in 11-55863, Appellants DC Comics and Warner Bros. Entertainment, Inc. in 11-56034 reply to response (motion to supplement record on appeal). Date of service: 07/11/2012. [8246958] [11-55863, 11-56034] (AP) |
| 07/23/2012 | 63<br>3 pg, 18.48 KB | Filed (ECF) Appellees DC Comics and Warner Bros. Entertainment, Inc. in 11-55863, Appellants DC Comics and Warner Bros. Entertainment, Inc. in 11-56034 Unopposed Motion to withdraw as counsel. Date of service: 07/23/2012. [8259304] [11-55863, 11-56034] (PP) |
| 07/23/2012 | 64 | Terminated Patrick Perkins for Warner Bros. Entertainment, Inc. and DC Comics. [8259343] [11-55863, 11-56034] (EL) |
| 09/10/2012 | 65<br>9 pg, 707.35 KB | Notice of Oral Argument on NOVEMBER Calendar. Please return ACKNOWLEDGMENT OF HEARING NOTICE form to: PASADENA Office. Please open attached documents to view details about your case. [8316676] [11-55863, 11-56034] (LN) |
| 09/12/2012 | 66<br>2 pg, 40.15 KB | Filed (ECF) Acknowledgment of hearing notice. Location: Pasadena. Filed by Attorney Daniel Petrocelli for Appellants DC Comics and Warner Bros. Entertainment, Inc. in 11-56034. [8321208] [11-55863, 11-56034] (DP) |
| 09/12/2012 | 67<br>1 pg, 29.61 KB | Filed (ECF) Acknowledgment of hearing notice. Location: Pasadena. Filed by Attorney Marc Toberoff for Appellant Laura Siegel Larson in 11-55863, Attorney Marc Toberoff for Appellee Laura Siegel Larson in 11-56034. [8321270] [11-55863, 11-56034] (MT) |
| 10/26/2012 | 68<br>2 pg, 36.21 KB | Filed clerk order (Deputy Clerk: SM): Defendants move to lodge an original Detective Comics #15 comic book in the record. Neither party contests the authenticity of this comic book, the salient portion of which was reproduced in the district judge’s decision. Seigel v. Warner Bros. Entertainment, Inc., 542 F. Supp. 2d. 1098, 1109 (C.D. Cal. 2008). In any case, the comic book is the proper subject of judicial notice. Fed. R. Evid. 201(b); see Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010). The motion is therefore granted. Defendants may send the comic book to: Eve Fisher, Senior Deputy Clerk United States Court of Appeals for the Ninth Circuit The Richard H. Chambers Courthouse 125 South Grand Ave. Pasadena, CA 91105-1643 Defendants are encouraged to insure the comic book before mailing. [8378508] [11-55863, 11-56034] (SM) |

**EXHIBIT 13**
76

| 11/05/2012 | 69 | ARGUED AND SUBMITTED TO STEPHEN R. REINHARDT, SIDNEY R. THOMAS and JOHN W. SEDWICK. [8388045] [11-55863, 11-56034] (FB) |
|---|---|---|