**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DC COMICS, | CASE NO. CV 10-3633 ODW (RZx) |
| Plaintiff, | ORDER DENYING DC'S MOTION FOR EVIDENTIARY HEARING **[500]** AND FINDING MOOT MOTION FOR RECONSIDERATION **[501]** GRANTING DEFENDANTS' MOTION FOR ENTRY OF RULE 54(b) JUDGMENT **[513]** AND FINDING MOOT MOTION TO VACATE ORDER **[514]** |
| vs. | |
| PACIFIC PICTURES CORP., *et al.* | |
| Defendants. | |

On October 17, 2012, this Court granted DC Comics' motion for partial summary judgment on its interest in the Superman copyrights, and denied Defendants' cross-motion. The parties have now filed four additional outstanding motions.

The Court begins with DC's motion for an evidentiary hearing. [500] DC argues "Toberoff's misconduct warrants terminating sanctions on DC's Fifth Claim and perhaps others." (Mot at 22.) Along with others, however, DC's Fifth Claim is currently before the Ninth Circuit on review from this Court's denial of Defendants' Anti-SLAPP motion. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."). Accordingly, the Court lacks the jurisdiction to pass on the merits of this claim and the motion is **DENIED WITHOUT PREJUDICE**.

DC next moves for Reconsideration of the May 23, 2011 Order Denying Motion for Review Re: Production of Defendants' Consent Agreement. [51]  As DC explains, "[t]he Consent Agreement relates to [the then] pending summary judgment motions, particularly as DC's unclean-hands claim alleges that the Consent Agreement contains an improper quid pro quo in which the Siegels will pay off the Shusters for falsely disclaiming any ownership interest in the Superboy character." (Mot. at 1; *see also* Mot. 13 ("The Superboy quid pro quo is at the heart of DC's First Claim.").)   Not only has this discovery matter been repeatedly litigated and reviewed, but now that the Court has resolved DC's First claim in its favor, it follows that this motion is **MOOT**.

Not to be outdone, Defendants move to Vacate the Order on Motion for Partial Summary Judgment. [514] Defendants bring this motion "on the grounds that DC engaged in discovery misconduct that prevented Defendants from fully and fairly developing their case in discovery and thereafter presenting their case to the Court on summary judgment." (Notice of Mot. at 1.)  Interestingly, Defendants never requested a Rule 56(d) continuance to obtain evidence or otherwise complete discovery.  Nevertheless, this "motion is being filed in the alternative to a concurrent motion for entry of judgment pursuant to Fed. R. Civ. P. 54(b) on DC's First and Third Claims." (*Id.* ("If the Court enters a Rule 54(b) judgment on DC's First Claim, this motion need not be addressed at this time.").)  The Court turns to Defendants' Motion For Entry of Rule 54(b) Judgment.

### *Entry of Rule 54(b) Judgment*

"When an action presents more than one claim for relief . . . the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). Thus, Rule 54(b) allows a district court to certify an order as final and immediately appealable when it constitutes "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 7–8 (1980).  In deciding whether to enter judgment, courts "must take into account judicial administrative interests as well as the equities involved." *Id.* at 9.

1
2
3
4
5
6
7
8
9

In its First Claim, DC sought a declaration that the Shuster Termination (advanced by Mark Warren Peary on behalf of the Shuster estate) is ineffective. (First Amended Complaint "FAC" ¶¶ 106, 134 (seeking a "declaration by this Court regarding the validity of the Shuster Termination Notice.")).  The Court granted this relief, finding that as Joseph Shuster's sole heir, Jean Peavy entered into the 1992 Agreement with DC which effectively signed away the Shuster estate's not-yet-extant termination rights.  In 1992, after all, the estate did not yet have the right to terminate Shuster's prior grants (which right would be adopted in 1998).  By 1998, however, Jean had already signed the 1992 Agreement, which, as a post-1978 grant, may not be terminated under 17 U.S.C. § 304(d).

10
11
12
13
14
15
16
17
18
19

Having thus disposed of this claim, the Court cannot but conclude that judicial administrative interests, as well as the equities involved, favor entering final judgment at this juncture.  First, as Defendants explain, "four of DC's claims (Second, Fourth, Fifth, and Sixth Claims) are already either directly on appeal before the Ninth Circuit or precluded pending the Ninth Circuit's resolution of the related Siegel appeals, as this Court noted." (Mot. at 7 (citation omitted).)  The Court's October 17, 2012 Order granted summary judgment on DC's two remaining claims (First and Third). As Defendants posit, "[e]ntering a 54(b) judgment on this Order will put this entire matter and all claims before the Ninth Circuit, effectively streamlining this case and helping to bring this long-running litigation to a close." (*Id.*)  The Court agrees.

20
21
22
23
24
25
26
27

The resolution of DC's First Claim regarding the validity of the Shuster Termination is not only "of far greater economic importance to the parties than any of DC's peripheral state-law claims," but it is easily severable, as the prior appeals demonstrate.  And, as that claim has been fully decided, and the remaining claims are already on appeal, there is no just reason to delay appellate review at this time.  Absent timely review of this Court's decision, the parties not only face "a significant impediment to settlement," but they also face crippling incertitude in the face of the October 26, 2013 termination date.  And, finally, little is left for this Court to do while the various claims remain on appeal.

28

**CONCLUSION**

DC's motion for an evidentiary hearing [500] is DENIED WITHOUT PREJUDICE and its motion for reconsideration [501] is MOOT.  Defendants' motion for entry of Rule 54(b) judgment [513] is GRANTED and their motion to vacate [514] is MOOT.


**SO ORDERED**

December 5, 2012

OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE

4