DANIEL M. PETROCELLI (S.B. #097802)
  dpetrocelli@omm.com
MATTHEW T. KLINE (S.B. #211640)
  mkline@omm.com
CASSANDRA L. SETO (S.B. #246608)
  cseto@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067-6035
Telephone: (310) 553-6700
Facsimile: (310) 246-6779

Attorneys for Plaintiff DC Comics

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DC COMICS, | Case No. CV 10-3633 ODW (RZx) |
| Plaintiff, | **DC COMICS' RESPONSE TO DEFENDANTS' OBJECTION TO DC COMICS' NOTICE OF LODGING OF [PROPOSED] JUDGMENT PURSUANT TO FED. R. CIV. P. 54(B)** |
| v. | |
| PACIFIC PICTURES CORPORATION, IP WORLDWIDE, LLC, IPW, LLC, MARC TOBEROFF, an individual, MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER, JEAN ADELE PEAVY, an individual, LAURA SIEGEL LARSON, an individual and as personal representative of the ESTATE OF JOANNE SIEGEL, and DOES 1-10, inclusive, | Hon. Otis D. Wright II |
| Defendants. | |

1        Defendants' objection to DC's [Proposed] Judgment Pursuant To Fed. R.

2    Civ. P. 54(b) is not well-taken.  Defendants notably fail to explain how DC in any

3    way "rephrase[d]" the Court's October 17, 2012, summary judgment order, or why

4    defendants were justified in omitting all mention of the three consent agreements at

5    issue in DC's Third Claim for Relief.  Indeed, they do not defend their use of the

6    word "certain" to qualify "agreements," nor can they defend this obvious word-

7    play.  The Court's summary judgment order *never* used the word "certain" in

8    relation to defendants' agreements.  *Cf.* Docket No. 507.[1]  Nor does the word

9    "certain" appear at all in the Court's Rule 54(b) order.  *Cf.* Docket No. 533.  It is

10   defendants who—using their words—"attempt[] to rephrase the Order for its

11   perceived advantage, which is procedurally improper."  Docket No. 536 at 1.  In

12   short, DC's [Proposed] Judgment (Docket No. 535-1) should enter, and the

13   ambiguity that defendants seek to create should not be permitted.

14   Dated:      December 5, 2012      Respectfully Submitted,

15         O'MELVENY & MYERS LLP

16   

17         By:  /s/ Daniel M. Petrocelli
               Daniel M. Petrocelli

18             Attorneys for Plaintiff DC Comics

19

20

21

22

23

---

[1] The word "certain" only appears three times in the Court's order, and never in reference to defendants' illicit agreements.  *Id.* at 1 ("DC Comics ('DC' or 'Plaintiff') filed this action in May 2010 to secure its claimed interest in the Superman copyrights after *certain* heirs of Joseph Shuster, the first illustrator of Superman, served DC with a copyright termination notice purporting to recapture *certain* early Superman works as of October 26, 2013."), *id.* at 3 ("On August 17, 1992, Jean filed an affidavit in California state court identifying herself as Shuster's 'successor' and sole heir and requesting that *certain* property 'be paid, delivered or transferred to her.'") (emphases added).

- 1 -