DANIEL M. PETROCELLI (S.B. #097802)
  dpetrocelli@omm.com
MATTHEW T. KLINE (S.B. #211640)
  mkline@omm.com
CASSANDRA L. SETO (S.B. #246608)
  cseto@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067-6035
Telephone: (310) 553-6700
Facsimile: (310) 246-6779

Attorneys for Plaintiff DC Comics

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DC COMICS,<br><br>        Plaintiff,<br><br>   v.<br><br>PACIFIC PICTURES CORPORATION, IP WORLDWIDE, LLC, IPW, LLC, MARC TOBEROFF, an individual, MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER, JEAN ADELE PEAVY, an individual, LAURA SIEGEL LARSON, an individual and as personal representative of the ESTATE OF JOANNE SIEGEL, and DOES 1-10, inclusive,<br><br>        Defendants. | Case No. CV 10-3633 ODW (RZx)<br><br>**DISCOVERY MATTER**<br><br>**DECLARATION OF WAYNE M. SMITH IN SUPPORT DC COMICS' MOTION FOR A PROTECTIVE ORDER**<br><br>**Judge**:  Hon. Otis D. Wright II<br>**Magistrate**:  Hon. Ralph Zarefsky<br><br>**Hearing Date**:  Jan. 7, 2013<br>**Hearing Time**:  10:00 a.m.<br>**Courtroom**:  540<br>**Discovery Cutoff**:  None Set<br>**Pretrial Conference**:  None Set<br>**Trial**:  None Set |

# DECLARATION OF WAYNE M. SMITH

I, Wayne M. Smith, do hereby declare:

1. I am an attorney at law, licensed to practice in the State of California and before this Court, and am employed by Warner Bros. Entertainment Inc. as Vice President, Senior Litigation and Chief Patent Counsel. I have been employed by Warner Bros. since January 2000 and am the attorney at Warner Bros. principally responsible for the day-to-day oversight and supervision of this case and, since they were filed in 2004, the related *Siegel* cases (Case Nos. CV-04-8400 ODW, CV-04-8776 ODW) ("*Siegel* Cases"), and have been so since each was filed. I submit this declaration in support of DC's Motion For A Protective Order.

2. With respect to the *Siegel* Cases, I understood that counsel for the parties agreed that privileged communications post-dating the commencement of the litigations did not need to be included on a privilege log. This agreement was reflected in various letters and pleadings prepared by counsel, such as a May 21, 2007, letter from counsel for defendants, Marc Toberoff, to David Eisen of Arnold & Porter, a true and correct copy of which is located in my files and attached hereto as Exhibit "A." In his letter, Mr. Toberoff states "the parties have a standing agreement that communications between the parties and their counsel after the commencement of these actions … need not be listed on a privilege log."

3. To create a privilege log with individual entries for each responsive, privileged document in my files, at least 30,000 emails (not including attachments), over 6,000 other electronic files, and 18 linear feet of hard copy files would have to be reviewed. I estimate that it would require at least 400 attorney hours to complete this review, at a cost exceeding $200,000. The subsequent preparation of the privilege log itself would take an additional estimated 1,000 attorney hours, at an added cost of approximately $500,000. The combined cost of the requisite review and preparation of the log itself would be approximately $700,000. These estimates might well prove overly conservative.

4. These figures do not include the responsive, privileged documents that may be contained within the files of, *e.g.*, our outside counsel in these cases, which would also need to be reviewed and logged to complete a privilege log for all responsive, privileged documents during the post-*Siegel* and pre-*Pacific Pictures* timeframe. I believe that the cost of reviewing and logging these additional files would be at least as burdensome as the effort for my files.

I declare under penalty of perjury that the foregoing is true and correct. Executed at Los Angeles, California, on this 30th day of November 2012.

              /s/ Wayne M. Smith
              Wayne M. Smith

# EXHIBIT A

# LAW OFFICES OF MARC TOBEROFF

A PROFESSIONAL CORPORATION

2049 CENTURY PARK EAST, SUITE 2720
LOS ANGELES, CALIFORNIA 90067

MARC TOBEROFF*
NICHOLAS C. WILLIAMSON

* ALSO ADMITTED IN NEW YORK

TELEPHONE
(310) 246-3333

FACSIMILE
(310) 246-3101

May 21, 2007

Via Facsimile (213) 243-4182 and US Mail

David S. Eisen, Esq.
Arnold & Porter LLP
777 South Figueroa Street- 44th Floor
Los Angeles, CA 90017

Re: Superman/Superboy Litigations. Case Nos. 04-CV-8400, 04-CV-8776 SGL (RZx)

Dear David:

Pursuant to your May 18, 2007 letter it is my understanding that you have taken over the responsibility and custody from Jack Quinn of the documents stolen from my legal files, including many privileged attorney-client communications, retained by your firm, at the request of Warner Bros. (the "Documents").

I am also in receipt of Michael Bergman's letter to Jack Quinn dated May 18, 2007 to which your May 18, 2007 letter responds. I do not believe that Mr. Bergman correctly reflects Magistrate Zarefsky's order ("Order") in the context of defendants' motion to compel the production of the non-privileged Documents or the hearing on April 30, 2007.

I do not believe, as stated in Mr. Bergman's cleverly worded letter, that Magistrate Zarefsky ruled or intended that plaintiffs' "waived any privilege they might have had with respect to any otherwise privileged Escrow Documents that has not been previously been identified on **Plaintiffs' privilege logs**" or that "you turn over to Defendants every Escrow Document that either was not previously produced by Plaintiffs or not identified on **Plaintiffs' privilege logs**" as stated in Mr. Bergman's letter.

Firstly, it is clear from the motion papers and the hearing that Documents listed on the privilege logs of non-party witnesses (*e.g.*, Jean Peavy and Warren Peary (the "Shusters"), Don Bulson, Esq. (attorney for Michael Siegel), Kevin Marks, Esq., etc.) and identified by me as such in a declaration would remain privileged and not be released. There would be no justification to release such documents.

Secondly, as Mr. Bergman well knows, the parties have a standing agreement that communications between the parties and their counsel after the commencement of these

**EXHIBIT A**
**3**

**LAW OFFICES OF MARC TOBEROFF**

David S. Eisen, Esq.
May 21, 2007
Page 2

actions ("Privileged Litigation Communications") need not be listed on a privilege log, and accordingly no plaintiff or defendant has listed such Privileged Litigation Communications on a privilege log. As Plaintiffs were under no obligation to list such communications in a privilege log, it was surely not Magistrate Zarefsky's intention that such clearly privileged documents be released by your firm to defendants, merely as a consequence of the theft from my legal files.

Magistrate Zarefsky's comment regarding waiver of privilege for failure to list a Document on a privilege would clearly not meant to apply to the couple of Privileged Litigation Communications that Plaintiffs were never obligated to list on a privilege log in the first place pursuant to the parties' mutual agreement. Moreover, the defendants never made such an unreasonable request in their motion.

Mr. Bergman's overreaching construction of Magistrate Zarefsky's Order in an attempt to get his hands on plainly privileged attorney-client communications is not well taken.

Enclosed please find my declaration dated May 21, 2007 ("Declaration") accounting for each of the Bates stamped Documents, pursuant Magistrate Zarefsky's Order.

Mr. Bergman's letter stated that he would provide you with a copy of the transcript of the April 30, 2007 hearing. I hereby request that no Document be released by you until you have had an opportunity to review the transcript in the context of the motion papers and the relief which you requested from Mr. Bergman in your May 18, 2007 letter.

Any Documents not identified in my Declaration as listed in a privilege log or as previously produced to Defendants are to be produced to Defendants, <u>with the exception of the clearly Privileged Litigation Communications</u> identified in my declaration.

Under no circumstances should you release to defendants (i) the Privileged Litigation Communications which consist of just two e-mails, four non-substantive fax confirmation page and duplicates thereof (Bates nos. Q 0010, 0278, 0285-289, 0361 (duplicate), 0550 (duplicate), 0557-561 (duplicate), 0618 (duplicate), 0827 (duplicate), 0836-838 (duplicate)) and/or (ii) Documents identified in my declaration as listed in plaintiffs' and/or third party privilege logs.

To the extent you release any of the Documents to the defendants, we request that they be specified by Bates numbers in a cover letter and that plaintiffs be sent a copy of such documents and cover letter. Pursuant to Magistrate Zarefsky's Order please return all originals and copies of the Documents to me after your review of my declaration and completion of this process.

**EXHIBIT A**

**4**

LAW OFFICES OF MARC TOBEROFF

David S. Eisen, Esq.
May 21, 2007
Page 3

Thank-you for your professional attention to this matter. If you have any questions, please do not hesitate to call.

Very truly yours,

Marc Toberoff

cc: Micheal Bergman (via facsimile and U.S. Mail)
    Patrick Perkins, Esq. (via facsimile)
    James Weinberger, Esq. (via facsimile)

**EXHIBIT A**
**5**