1 DANIEL M. PETROCELLI (S.B. #097802)
dpetrocelli@omm.com
2 MATTHEW T. KLINE (S.B. #211640)
mkline@omm.com
3 CASSANDRA L. SETO (S.B. #246608)
cseto@omm.com
4 O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 7th Floor
5 Los Angeles, CA 90067-6035
Telephone: (310) 553-6700
6 Facsimile: (310) 246-6779

7 Attorneys for Plaintiff DC Comics

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DC COMICS,<br><br>    Plaintiff,<br><br>    v.<br><br>PACIFIC PICTURES CORPORATION, IP WORLDWIDE, LLC, IPW, LLC, MARC TOBEROFF, an individual, MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER, JEAN ADELE PEAVY, an individual, LAURA SIEGEL LARSON, an individual and as personal representative of the ESTATE OF JOANNE SIEGEL, and DOES 1-10, inclusive,<br><br>    Defendants. | Case No. CV 10-03633 ODW (RZx)<br><br>**DC COMICS' OBJECTION TO DEFENDANTS' STATUS REPORT RE: CASE STATUS PENDING DEFENDANTS' NOTICE OF APPEAL OF RULE 54(b) JUDGMENT**<br><br>DECLARATION OF ASHLEY PEARSON FILED CONCURRENTLY HEREWITH<br><br>Hon. Otis D. Wright II<br><br>**Complaint filed**: May 14, 2010<br>**Discovery cut-off**: None set<br>**Trial date**: None set |

Defendants' Status Report (DN 543)—which they failed to meet-and-confer on—is an improper motion for reconsideration and is belied by their own recent actions in this case.

Even though defendants separately requested a stay in their recent Rule 54(b) motion, DN 513 at 9-10, DC opposed that request, DN 528 at 7-10, and the Court, in its December 5, 2012, order did *not* order this case stayed, *cf.* DN 533. While the Court held it lacked jurisdiction to decide "merits" questions pending defendants' SLAPP appeal, DN 533 at 1, the Court has from the very beginning of this case permitted discovery to proceed despite defendants' multiple SLAPP motions and appeals, *e.g.,* DN 117; 124. The law permitting such discovery pending a SLAPP motion or appeal is clear. *See Schering Corp. v. First DataBank, Inc.*, 2007 WL 1747115, at *4 (N.D. Cal. June 18, 2007); *Bulletin Displays, LLC v. Regency Outdoor Adver., Inc.*, No. SACV 05-1083, Docket No. 110-7 at 3 (C.D. Cal. Oct. 13, 2006). So, too, is DC's need for further discovery. Defendants themselves admit that DC still has key discovery to take of third-party witnesses. DN 529 at 2, 8. Moreover, as defendants well know, DC still needs to fully depose each of them concerning the Toberoff Timeline documents that recently have emerged. Decl. of A. Pearson ("Pearson Decl.") Exs. A, B, C at 8-9.

Contrary to what defendants now say about the Court's December 5 order— and how it supposedly "indicate[s]" that a stay was "appropriate," DN 543 at 1:17-18—defendants have continued to seek discovery from DC since December 5. On December 7, defendants asked DC to produce additional documents, Pearson Decl. Ex. F, and since December 5 defendants have not asked DC to stop the significant work it is doing to respond to defendants' document requests and interrogatories, *id.* Exs. E-G; *see* DN 493 at 7; 538 at 9-11. Moreover, while defendants complain that DC filed a discovery motion on December 10, DN 538; 543 at 1:18-23, they fail to mention that *not once* in their 21-page opposition did they *ever argue* that this Court somehow granted a stay. *Cf.* DN 539.

1     Defendants' motion for reconsideration—masquerading as a status report—is improper and should be denied. *See Figueroa v. Gates*, 2002 WL 31572968, at *3 (C.D. Cal. Nov. 15, 2002) .

Dated:    December 14, 2012

Respectfully submitted,
O'MELVENY & MYERS LLP

By:  /s/ Daniel M. Petrocelli
    Daniel M. Petrocelli