O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DC COMICS, | ) | CASE NO. CV 10-03633 ODW (RZx) |
| Plaintiff, | ) | |
| | ) | ORDER GRANTING MOTION FOR |
| vs. | ) | PROTECTIVE ORDER |
| | ) | |
| PACIFIC PICTURES CORPORATION, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

This matter came before the Court on January 7, 2013 on the motion of Plaintiff DC Comics for a protective order. [Document 538]  Plaintiff seeks to assert privilege as to numerous documents without identifying the documents on a privilege log. Plaintiff appeared through its counsel Daniel M. Petrocelli, Matthew T. Kline and Jason Tokoro.  Defendants appeared through their counsel Marc Toberoff and David Harris.  The Court heard argument of counsel and took the matter under submission.  The Court has reviewed the matter thoroughly and now grants the motion.

The Court finds that Plaintiff has not waived its right to move for a protective order.  First, the time between submission of responses to the requests for production and the filing of the motion for protective order does not in and of itself establish waiver.  The Ninth Circuit has declined to apply a hard and fast rule about deadlines for preparation of privilege logs, *Burlington Northern & Santa Fe Railway v. United States*, 408 F.3d 1142

(9th Cir. 2005). In its responses, Plaintiff asserted the objection that it would be an unreasonable and undue burden to log the materials at issue, and asserted privilege as an objection to the requests. The objections therefore were, at the least, preserved. Second, the prior order of December 7, 2010, did not prevent Plaintiff from pursuing this motion. Either party was free, by the terms of the order, to seek a further protective order, and even without such language in the December 2010 order itself, either party could have moved to modify that order or to obtain a different protective order.

The Court also finds that the burdensomeness objection has merit. Although one might question the dollar estimates for such document review that are contained in the Smith Declaration, nevertheless it is clear that the cost of the logging exercise would be extremely high, and the task extremely time-consuming. Defendants do not really dispute this. There is little corresponding benefit to justify these costs. Defendants say that they need the logging to determine (1) the time at which the so-called "Toberoff Timeline" was received by Plaintiff; and (2) if there are any documents that are not properly claimed as privileged. Plaintiff has provided the information as to receipt of the time line, however, in a much more economical way than identifying all the documents in the lawsuit. As for testing claims of privilege, that concept is, of course, the theory underlying the requirement that privilege be asserted with particularity. FED. R. CIV. P. 26(b)(5)(A)(ii). Yet, it is not without its limitations; as both parties to this litigation know, the Ninth Circuit has approved of logs that contain fairly general and generic information, *See In re Grand Jury Investigation*, 974 F.2d 1068 (9th Cir. 1992); *Dole v. Milonas*, 889 F.2d 885 (9th Cir. 1989), and, despite the provision for claiming privilege with particularity, the Federal Rules nevertheless authorize a protective order to protect a party from undue burden or expense. FED. R. CIV. P. 26(c). Under those circumstances, and given the immense expense and time to be generated, and relying on the professionalism of the attorneys practicing in this case — as the Court has done before, as to both sides — a protective order relieving Plaintiff

1  from the obligation of logging the privileged documents at issue on this motion is justified.

2  The Court will sign the order submitted by Plaintiff.

3        IT IS SO ORDERED.

4

5        DATED: January 7, 2013

6

7

8                    _____
                     RALPH ZAREFSKY

9             UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28