Marc Toberoff (State Bar No. 188547)
  mtoberoff@ipwla.com
Keith G. Adams (State Bar No. 240497)
  keithgadams@ipwla.com
Pablo D. Arredondo (State Bar No. 241142)
  parredondo@ipwla.com
David Harris (State Bar. 255557)
  dharris@ipwla.com
TOBEROFF & ASSOCIATES, P.C.
22337 Pacific Coast Highway, #348
Malibu, California, 90265
Telephone:   (310) 246-3333
Fax:         (310) 246-3101

Attorneys for Defendants Mark Warren Peary, as personal representative of the Estate of Joseph Shuster, Jean Adele Peavy and Laura Siegel Larson, individually and as personal representative of the Estate of Joanne Siegel

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| DC COMICS,<br><br>              Plaintiff,<br><br>    vs.<br><br>PACIFIC PICTURES CORPORATION; IP WORLDWIDE, LLC; IPW, LLC; MARC TOBEROFF, an individual; MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER; JEAN ADELE PEAVY, an individual; LAURA SIEGEL LARSON, individually and as personal representative of the ESTATE OF JOANNE SIEGEL, and DOES 1-10, inclusive,<br><br>              Defendants. | Case No: CV 10-03633 ODW (RZx)<br><br>Hon. Otis D. Wright II, U.S.D.J.<br>Hon. Ralph Zarefsky, U.S.M.J.<br><br>**DISCOVERY MATTER**<br><br>**DEFENDANTS' LOCAL RULE 37-2.3 SUPPLEMENTAL BRIEF RE: MOTION TO COMPEL PRODUCTION OF "TIMELINE"-RELATED DOCUMENTS**<br><br>Complaint filed: May 14, 2010<br>Trial Date:      None Set<br><br>Date:      TBD<br>Time:      TBD<br>Courtroom: 540 |

1.    <u>Defendants Adequately Met-and-Conferred</u>:  DC attempts to distract with argument that Defendants somehow failed to meet and confer.  Dkt. 550-1 ("JS") at 3, 29-32.  On October 25, 2012, Defendants sent a detailed L.R. 37-1 letter as to their discovery aimed at Warner's receipt, review and investigation of the Timeline/Stolen Documents.  Dkt. 550-3, Ex. G at 149-150.  On October 31, DC responded that Defendants' "requests on this topic are not only irrelevant, but also moot" and "[t]here is no 'non-objectionable' portion of these Requests warranting a response." *Id.*, Ex. H at 154.  A long meet-and-confer ensued on November 27-28, and DC followed up with a December 6 letter restating its position that "this discovery is not relevant or needed," and offering to produce only a smattering of documents, most already in Defendants' possession.  *Id.*, Ex. I at 158-59; JS at 20. DC also "offered" to produce its non-privileged communications with David Michaels, if Defendants produced their communications with Michaels, upheld as privileged.  JS at 72.[1]  There was nothing further to "meet and confer" on:  DC's statements and hollow offers made clear that it would not produce responsive documents.  DC's "meet-and-confer" cries, if accepted, would permit any party to indefinitely delay discovery for strategic advantage, well after it became clear that the non-movant would not produce the discovery sought.[2]

2.    <u>Defendants' Discovery Is Relevant</u>:  DC modeled its complaint on the Timeline's accusations and attached it thereto.  Defendants are entitled to defend themselves by taking discovery relevant to the Timeline, and the discovery at issue concerns the identification of its author,[3] his motives, his contact with DC, DC's investigation of the theft, communications with third parties relating thereto, etc. –

---

[1] DC claims that this demand is justified because "the Court did not hold defendants' subsequent communications with Michaels [after his contact with the Siegels in late 2005] … are privileged."  JS at 75.  Aside from a letter written by Michaels to the Ninth Circuit, Defendants do not have any communications with him from after that period.

[2] While DC misleadingly claims that it has since produced "5,736 pages" that "respond[ed] to a wide array of defendants' requests" (JS at 31), that production was not responsive to the Requests at issue and does not "moot" anything.

[3] Michaels recently denied such authorship.  9th Cir. Case No. 11-71844, Dkt. 33.

DEFENDANTS' SUPPLEMENTAL BRIEF RE: MOTION TO COMPEL "TIMELINE"-RELATED
DOCUMENTS

not simply the date DC received the Timeline, as DC pretends.  All of this relates to (or could reasonably lead to further evidence that bears on) the credibility and admissibility of the Timeline, and many other issues, and therefore "bears on, or [] reasonably could lead to other matter that could bear on, an[] issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350 (1978) (relevance is not "limited to the merits of a case, for a variety of fact-oriented issues may arise during litigation that are not related to the merits").

In addition, DC represented to the Court that it acted properly in its handling of the Timeline/Stolen Documents, and based on these representations secured and took extensive discovery on both.  Defendants are certainly entitled to test DC's representations, as improprieties or misrepresentations would be grounds to exclude evidence *in limine*, or for evidentiary or issue sanctions.  *See Ragge v. MCA/Universal Studios*, 165 F.R.D. 601, 603 (C.D. Cal. 1995).

The precise timing of DC's receipt of the Timeline is also directly relevant to DC's Sixth Claim under California's unfair competition law, brought in 2010 and subject to a four-year statute of limitations.  That claim is largely based on the 2001 and 2003 PPC Agreements, which were produced in 2006.  Defendants argued that the statute is triggered by the alleged injury in 2001/2003 (*i.e.*, the agreements), while DC argued it is triggered by discovery.  If DC received and read the Timeline (and had inquiry notice) in late 2005, its Sixth Claim would be barred ***even under DC's arguments***.  DC completely evades this point with false argument that its Sixth Claim is timely because its Third Claim, subject to a different statute of limitations, was upheld in an order that did not even mention the statute.  JS at 38-39.[4]

3.   <u>DC's Interrogatory Responses Do Not Moot This Motion</u>:  DC repeatedly argues that its interrogatory responses (Dkt. 550-6, Ex. 8) somehow moot Defendants' motion or deprive them of the right to other discovery.  JS at 5, 30, 31,

---

[4] As to DC's Fourth and Fifth Claims, DC ignores its own opposition which argued that DC "did not discover" the Timeline's allegations until 2008.  Dkt. 334 at 23.  The Requests target DC's *review* of the Timeline, relevant to "inquiry notice" which triggers the statute.

DEFENDANTS' SUPPLEMENTAL BRIEF RE: MOTION TO COMPEL "TIMELINE"-RELATED
DOCUMENTS

1   42, 48.  Interrogatory responses are not a substitute for document production.[5]

2         DC's interrogatory responses, which rely on the hearsay declarations from

3   Smith, its in-house litigation counsel, highlight the "gaps" in DC's account.

4   For example, DC's responses named Leigh Chapman, Warner's Senior Employment

5   Counsel, as someone who "may" have "received, handled, transported" the

6   Timeline/Documents when they arrived.  *See* Dkt. 550-6, Ex. 8 at 84.  Yet Ms.

7   Chapman is not even among the "custodians" that DC searched.  Dkt. 550-3, Ex. I at

8   163-64.  Neither are Mr. Horn or Ms. Connolly – firsthand recipients of the Timeline/

9   Documents.  *Id.*, Ex. I at 159; JS at 76-80.  Instead, DC vaguely says it is "unlikely"

10  that communications by Horn or Conolly exist.  JS at 79.  As to the packaging in

11  which this anonymous "bombshell" arrived, DC merely cites Smith's self-serving

12  testimony that he did not see any when he was called into the office of Warner's

13  General Counsel Schulman, and "that the practice of Mr. Shulman's office staff is to

14  dispose of envelopes and packaging upon opening mail."  Dkt. 550-6, Ex. 8 at 133-

15  34.  This is clearly inadequate.  It should be obvious to any attorney, let alone

16  Warner's GC, that the "packaging" enclosing an *anonymous* polemic and privileged

17  documents from its litigation adversary is to be preserved.  JS at 48 n.6.  Notably, DC

18  does not unequivocally state that it does not have the packaging, and instead relies on

19  Smith's ambiguous statements.  *See* JS, Section V; Request Nos. 48-52.

20        4.    DC's Refusal To Provide Hard Corroborating Evidence:  Defendants

21  requested documents corroborating DC's version of events and *proving* that DC

22  received/handled the Timeline when and as it said it did.  DC could have easily

23  produced documents (*e.g.*, internal emails, receipt or transmittal logs) but instead

24  repeatedly evaded every attempt to prove these facts.  DC again tries to use Smith's

25  declaration (JS at 42), adopted in its interrogatory responses, to evade producing

26  _____

27  [5] *See In re Krepps*, 476 B.R. 646, 649 (Bankr. S.D. Ga. 2012) ("[A]nswers to interrogatories do[] not relieve [a party] of the duty to respond to [other requests]…."); *Gonzales v. City of Albuquerque*, 2010 WL 553308, at *8 (D.N.M. Feb. 9, 2010) ("Under rule 33 …

28  interrogatories may be used in conjunction with other methods of discovery.  The methods of discovery are complimentary, rather than alternative or exclusive….").

3
DEFENDANTS' SUPPLEMENTAL BRIEF RE: MOTION TO COMPEL "TIMELINE"-RELATED
DOCUMENTS

documentary evidence.  Dkt. 550-6, Ex. 8 at 83-84.  A plain reading shows that Smith lacks first-hand knowledge and merely states when someone else (Schulman) told him the packages allegedly arrived.  DC readily could have provided testimony from Schulman, Connolly and Horn, who actually received the packages, or their support staff, but never did, preferring Smith's ambiguous hearsay.  DC has refused for over 6½ years to provide any evidence, other than Smith's hearsay, a letter from DC's "escrow" restating its position, and DC's interrogatory responses and court filings based on Smith's singular hearsay.  DC now circularly argues "there is not a shred of evidence supporting [Defendants'] assertions." JS at 33.  Defendants are entitled to the real evidence – mail logs, contemporary internal correspondence, sworn testimony from first-hand witnesses – to test DC's carefully worded assertions.

5.    DC's Offer re: *In Camera* Review:  DC now offers selective privileged "internal communications" for *in camera* inspection.  JS at 43.  DC made no such offer during the parties' meet-and-confer.  Dkt. 550-3, Ex. I.  If DC is to submit documents "to moot these issues once and for all," its proposal to provide unknown selective documents relating only to when "Warner received the Timeline documents" (JS at 43) is inadequate.  JS at 43.  DC should provide documents on all discoverable issues – *e.g.*, DC's investigation, communications with the suspected Timeline author(s), the packaging and any efforts to retrieve it, etc.  Such documents are relevant, and providing all responsive documents prevents DC from selectively presenting documents to support its position, while suppressing those that do not (*e.g.*, spontaneous internal correspondence which may contradict correspondence with outside counsel), in an attempt to secure a favorable ruling on a hidden partial record.

6.    The "Law of the Case" Doctrine Does Not Bar Discovery:  "Law of the case" applies "when the issue in question [here, Defendants' discovery of DC] was actually considered and decided by the first court." *United States v. Cote*, 51 F.3d 178, 181 (9th Cir. 1995).  In *Siegel,* DC moved to compel the production of the

Stolen Documents.  Dkt. 42-9, Ex. 23 at 622-27.  This Court ordered production of non-privileged and non-logged documents, and also commented at oral argument that it thought DC had acted "professionally."  Defendants' discovery *of DC* as to Timeline-related documents was not at issue (nor was it at issue in any other subsequent motion) and there was no order that Defendants could not take such discovery.[6]  Moreover, this Court's comments, even if viewed as an order, are subject to change or reconsideration, and therefore "discovery of the documents is still relevant as the ruling is not final and the documents may support a motion for reconsideration."  *Software Rights Archive, LLC v.Google, Inc.*, 2010 U.S. Dist. LEXIS 11581, at *2 (N.D. Cal. Feb. 9, 2010).  DC blatantly misrepresents subsequent rulings of Judge Larson and the Ninth Circuit as having "repeatedly agreed with DC," barring discovery, when neither Judge Larson nor the Ninth Circuit's writ decision adjudicated DC's receipt/handling of the Stolen Documents, or even referenced any of the issues presented here.  JS at 33.[7]

    7.    <u>Communications with Glaser Weil (JS at 80-83)</u>:  Glaser Weil, Michaels' former employer, does not represent DC here.  DC's communications with them about the Timeline or Michaels are responsive and non-privileged.

    8.    <u>Communications with the "Neutral" Escrow Holder (JS at 83-91)</u>:  DC offers no real reason to withhold its communications with the "escrow," especially as DC denies that the escrow was its attorney (JS at 90), so no privilege applies.

---

[6] *See Nesselrotte v. Allegheny Energy, Inc.*, 2008 WL 2890832, at *3 (W.D. Pa. July 23, 2008) (holding that order denying motion to compel stolen documents was not "law of the case" that "prevent[ed] Defendants from relitigating 'the merits of Defendants' argument that Plaintiff and her counsel engaged in wrongdoing as it relates to the [stolen] documents.'"); *Resolution Trust Corp. v. Massachusetts Mut. Life Ins. Co.*, 200 F.R.D. 183, 187 (W.D.N.Y. 2001) (orders that "never specifically addressed the production" of certain documents were not law of the case); *Amir Athletic, LLC v. State Farm Fire & Cas. Co.*, 2012 WL 520658, at *2-3 (E.D. La. Feb. 16, 2012) (order on specific issue was not a "limitation on discovery imposed on the case as a whole" and did not "somehow establish[] 'law of the case' governing all discovery requests").

[7] DC relies on a false analogy to a different ruling in *Siegel* where DC moved to compel the 2008 consent agreement, and Judge Larson denied DC's motion, holding it privileged.  This Court properly applied "law of the case" to bar DC's motion to compel the 2008 agreement (Dkt. 209 at 1-9) because Judge Larson ruled on the identical motion/privilege issue.

DEFENDANTS' SUPPLEMENTAL BRIEF RE: MOTION TO COMPEL "TIMELINE"-RELATED DOCUMENTS

1    Dated:  January 8, 2013         RESPECTFULLY SUBMITTED,

2                                    /s/ Marc Toberoff

3                                    Marc Toberoff

                                     TOBEROFF & ASSOCIATES, P.C.
4                                    Attorneys for Defendants Mark Warren Peary *et al.*

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' SUPPLEMENTAL BRIEF RE: MOTION TO COMPEL "TIMELINE"-RELATED
DOCUMENTS