O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DC COMICS, <br><br> Plaintiff, <br><br> vs. <br><br> PACIFIC PICTURES CORPORATION, ET AL., <br><br> Defendants. | CASE NO. CV 10-03633 ODW (RZx) <br><br> ORDER DENYING DEFENDANTS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS (DOCKET NO. 550) |

This matter comes before the Court on Defendants' Motion to Compel Production of Documents. [Docket No. 550] The Court allowed the motion and supporting papers to be filed without a noticed hearing date because of conflicts in counsel's schedules, and told the parties that it would set any needed hearing on the motion after reviewing the papers. Having now reviewed the papers, the Court finds that a hearing would not materially assist resolution of the dispute, and therefore rules on the basis of the papers. FED. R. CIV. P. 78(b); L.R. 7-15.

Defendants seek to compel production of a variety of documents related to receipt of what has been called the "Toberoff Timeline." The requests for production do not concern the substance of the documents referred to in the time line; rather the requests concern the circumstances under which the time line and accompanying documents were received by Warner Brothers. The requests address virtually all the circumstances about

such receipt, ranging from requests that seek documents showing timing of receipt by the recipients themselves, to the identifying information of persons employed in the shipping and mail rooms for a period of several months in late 2005 to mid 2006.

Through interrogatory answers and informal communication, Plaintiff has provided some information of the sort sought by Defendants. Plaintiff has indicated that it has searched the files of Warner Brothers and of John Shulman, its then General Counsel, and affirmed that the earliest documents it has concerning receipt of the time line and its accompanying documents was in June 2006. At the time the matter originally arose, in the earlier *Siegel* case, Plaintiff submitted declarations of Wayne Smith, Warner Brothers' in-house counsel in charge of this matter, describing the receipt of the documents and the turning over of the documents to a third party escrow.

There is much intrigue about the delivery of the time line and accompanying documents. Who was the latter-day Silence Dogood surreptitiously delivering the time line and documents, and when and how did it happen? Defendants' discovery requests draws from their suspicions that Plaintiff is not telling the truth. Defendants note that the time line indicates that it is being delivered to four people, but that Plaintiff only has identified three recipients; and that the time line states that it is an early holiday present which, to Defendants — coupled with the timing of the departure from Defendants' employ of attorney David Michaels, and the dates Mr. Michaels met with the Siegels — suggests that it was delivered in December 2005 rather than late June 2006. (So far as the Court knows, no one knows what "holiday" the time line author(s) referred to; in theory, given Mr. Smith's declaration testimony that the time line and documents were received in late June 2006, it could have been the upcoming July 4 holiday.) Whatever the answers concerning all this intrigue, however, the first legal question must be whether the discovery sought is relevant in this lawsuit, as this lawsuit now stands.

Since 2000, the Federal Rules have distinguished between discovery of material relevant to the claims and defenses of the parties, on the one hand, and discovery of material relevant to the subject matter of the action, on the other. FED. R. CIV. P. 26(b).

The latter and broader type of discovery is authorized only upon order of the Court, made after a showing of good cause, and no such order has been entered here. Case authority that derives from earlier versions of the rule, which did not draw this distinction, or later case authority that relies on earlier concepts of broad and uncabined discovery, is not of much utility here. The Court has granted summary judgment in Plaintiff's favor on the first and third claims of the First Amended Complaint, and ruled that the second claim largely overlaps with a matter on appeal in the earlier Siegel case (Docket No. 507); although the mandate may not yet have issued, the Court of Appeals has decided that case in DC Comics' favor. *Larson v. Warner Brothers Entertainment, Inc.,* slip opinion No. 11-55863 (9th Cir. January 10, 2013). Under the circumstances, the issue on this pending motion is whether the discovery is relevant to the remaining claims, or any defenses to those claims. Those claims assert interference with a contract with the heirs of Mr. Shuster (Fourth Claim); interference with prospective economic advantage with the heirs of Mr. Siegel (Fifth Claim); and unfair competition under California law by virtue of various agreements made by Defendants (Sixth Claim).

Defendants' primary relevance argument is that the information is relevant to the statute of limitations defense to the remaining claims. This argument does not make sense as to the Fourth and Fifth Claims where, Defendants assert, a three-year statute of limitations applies. If Defendants are correct that a three-year statute applies, it is immaterial if the time line and accompanying documents were received in December 2005, as Defendants suspect, or June 2006, as Plaintiff attests; if either date started the statute running, the claims would be barred, because this case was not filed until 2010. Hence, discovery about the circumstances surrounding the delivery of the documents cannot reasonably be expected to lead to admissible evidence that would substantiate or rebut a statute of limitations defense as to the Fourth and Sixth Claims.

The Sixth Claim stands on a slightly different footing. It is not clear to the Court how much factual material remains to be adjudicated on that claim, in which Plaintiff seeks declaratory relief as to the legality of certain agreements, given the Court's partial

summary judgment ruling. Assuming that more remains to be adjudicated, however, the parties agree that a four-year statute of limitations applies to that claim. That means that, if Defendants are correct that Plaintiff received the time line and accompanying documents in December 2005, not June 2006, and since this case was not filed until 2010, that the Sixth Claim could be barred, if receipt of the time line and documents would have put Plaintiff on notice to make inquiry as to the underlying facts. Thus, the statute of limitations defense, in theory, could be related to Defendants' document requests here. The Court does not find persuasive Plaintiff's assertion that a ruling on the applicability of the statute of limitations defense to a different claim, which is governed by a different limitations period, is determinative of the validity of the statute of limitations as to the Sixth Claim.

However, Plaintiff has searched its files, and represented to the Court that it has no documents, privileged or not, concerning receipt of the time line and accompanying documents, that pre-date June 28, 2006. Plaintiff also has represented to the Court that it has no logs showing receipt of the time line and accompanying documents, and that it has no packaging or envelopes in which the documents might have been encased. Plaintiff cannot produce what it does not have. (Plaintiff should have made these statements directly in its official responses to the documents requests, rather than presenting formulaic objections, with a promise to talk further about the matter.)

That leaves a variety of other documents that Defendants seek, such as documents that establish who Plaintiff's mail-room employees were, what Plaintiff's protocols for accepting mail and deliveries were, what review Warner Brothers made of the time line and documents, what knowledge Plaintiff has of the time line's author, and documents on various other subjects. These subjects now are far afield from the relevance tether. Defendants speculate that there may have been some underhanded activity between Warner Brothers and various law firms in connection with the employment of the time line's author and the apparent purloining of the documents from Mr. Toberoff's files, and that they need the discovery to explore these possibilities. This speculation is at best

fragile, and does not make the information appear *reasonably* calculated to lead to the discovery of admissible evidence. With due respect to fish, one might say it qualifies as the proverbial fishing expedition.

Given the present posture of the case, then, the documents sought either do not exist, or the relevance of any such documents (assuming they are not privileged) is so strained that the burden of their production outweighs any utility in this lawsuit.

This is, of course, not the first time that issues relating to the production of the time line and the accompanying documents have come before the Court. When the matter first came before the Court, this Court stated its view, based on the record before the Court, that Plaintiff had acted professionally in delivering the documents to an escrow. Subsequently, Judge Larson found that Defendants had waived any right to assert a protected status over the time line itself. Much litigation has focused on the discovery of the documents accompanying the time line. The time line itself was produced several years ago now. There may be a place for pursuing at greater length and in greater detail the circumstances surrounding the delivery of the time line, but, at the present state of this litigation, this is not that place.

Because of the Court's resolution of this issue, the Court need not address other arguments advanced by the parties.

In accordance with the foregoing, Defendants' Motion to Compel is denied.

IT IS SO ORDERED.


DATED:   January 16, 2013



_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE