1  DANIEL M. PETROCELLI (S.B. #097802)
   dpetrocelli@omm.com
2  MATTHEW T. KLINE (S.B. #211640)
   mkline@omm.com
3  CASSANDRA L. SETO (S.B. #246608)
   cseto@omm.com
4  O'MELVENY & MYERS LLP
   1999 Avenue of the Stars, 7th Floor
5  Los Angeles, CA  90067-6035
   Telephone:  (310) 553-6700
6  Facsimile:   (310) 246-6779

7  Attorneys for Plaintiff DC Comics

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DC COMICS,<br><br>Plaintiff,<br><br>v.<br><br>PACIFIC PICTURES CORPORATION, IP WORLDWIDE, LLC, IPW, LLC, MARC TOBEROFF, an individual, MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER, JEAN ADELE PEAVY, an individual, LAURA SIEGEL LARSON, an individual and as personal representative of the ESTATE OF JOANNE SIEGEL, and DOES 1-10, inclusive,<br><br>Defendants. | Case No. CV 10-3633 ODW (RZx)<br><br>**DC COMICS' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES UNDER 17 U.S.C. § 505**<br><br>Hon. Otis D. Wright II<br><br>DECLARATION OF MATTHEW T. KLINE AND [PROPOSED] ORDER FILED CONCURRENTLY HEREWITH<br><br>**Hearing Date**:  July 1, 2013<br>**Hearing Time**:  1:30 p.m.<br>**Courtroom**:  11 |

TO DEFENDANTS AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on July 1, 2013, at 1:30 p.m., or as soon thereafter as the matter may be heard by the above-entitled Court, located in Courtroom 11 at 312 North Spring Street, Los Angeles, California, DC Comics ("DC") will and hereby does move for an award of reasonable attorneys' fees attributable to the successful prosecution of its Third Claim for Relief.

The Court entered judgment for DC and against defendants on DC's First and Third Claims on December 11, 2012. DN 540. Pursuant to the parties' stipulation and this Court's order, the deadline for DC to file this fees motion was extended to January 18, 2013. DN 545, 546. DC asked defendants to extend the deadline again—until *after* the U.S. Court of Appeals for the Ninth Circuit rules on defendants' currently pending appeal concerning DC's First and Third Claims. Defendants refused to agree to this extension, forcing DC to file this motion. Decl. of Matthew T. Kline ("Kline Decl.") ¶ 6, Ex. 3. DC notices this motion for July 1, so that defendants' Ninth Circuit appeal—which the Court of Appeals expedited and assigned to the same panel that decided the two recent Superman appeals, DN 556—may hopefully be resolved before the Court needs to hear this motion.

As the prevailing plaintiff, DC is entitled to fees on its First and Third Claims, pursuant to 17 U.S.C. § 505, Federal Rule of Civil Procedure 54(d), and Central District Rule 54-1. *See Entm't Research Group, Inc. v. Genesis Creative Group, Inc.*, 122 F.3d 1211, 1230 (9th Cir. 1997) ("district courts are given wide latitude" to grant fees under § 505, and "[s]uch discretion is not cabined by a requirement of culpability on the party of the losing party"); *Balsley v. LFP, Inc.*, 691 F.3d 747, 773 (6th Cir. 2012) ("The grant of fees and costs [under § 505] 'is the rule rather than the exception and they should be awarded routinely.'").

DC does *not* seek fees and costs on its First Claim against defendants Mark Warren Peary or Jean Adele Peavy. By present accounts, Peary and Peavy—like DC—were the victims of Marc Toberoff and his illicit schemes to interfere with

DC's rights for his own private gain. DC reserves all rights to seek its full damages from the Toberoff defendants as part of DC's state-law claims in this case.

On its Third Claim, DC seeks its fees and costs against Toberoff and Pacific Pictures Corporation, jointly and severally, in the amount of $500,000.00. Toberoff spearheaded, drafted, and induced the Siegel and Shuster heirs to sign the three admittedly *unlawful* business contracts that DC challenged in this Third Claim. Rather than stipulate to judgment that these contracts were invalid, Toberoff forced DC to spend hundreds of thousands of dollars prosecuting its Third Claim. These fees arose, *inter alia*, in drafting DC's two complaints, in discovery, in responding to Rule 12 and other motions, and in connection with the summary judgment ruling and final judgment DC obtained on its Third Claim. See Kline Decl. ¶ 3.

As is its right, DC will furnish the Court with full records documenting how the $500,000 it seeks is reasonable, once the Court rules on the liability aspect of this motion. See FED. R. CIV. P. 54(d)(2)(C); 10-54 FERN M. SMITH, MOORE'S FEDERAL Practice §§ 54.154, 54.155[1][a] (Bender 2011); 10 CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 2680 (3d ed. 2011). The amount of money that DC expended in prosecuting its Third Claim is directly related to defendants' persistent efforts to waste DC's resources with needless and improper motions and other tactics throughout this litigation.

This motion is made following the conference of counsel pursuant to Local Rule 7-3, and is based on this Notice; the accompanying Memorandum of Points and Authorities; the Kline Declaration; all exhibits, files, and records on file in this case; matters of which judicial notice may be taken; and any additional submissions and argument as may be presented at or before the hearing on this motion.

Dated: January 17, 2013      Respectfully submitted,

By: /s/ Daniel M. Petrocelli
      Daniel M. Petrocelli

## MEMORANDUM OF POINTS AND AUTHORITIES

1. *DC Prevails On Its Third Claim.* DC brought its Third Claim in this case to challenge a series of lock-up agreements that Marc Toberoff and Pacific Pictures spearheaded and used to tie the Shuster family's hands—each of which violated DC's rights under the Copyright Act. DN 49 ¶¶ 165-73; 458 at 23-25. Defendants should have saved the Court and the parties two years of litigation by stipulating to judgment on DC's Third Claim, and agreeing that their lock-up agreements were unlawful. Instead, they twice moved to dismiss DC's Third Claim and once moved to strike it. DN 78, 147, 333. Despite these motions, in depositions and briefs defendants *conceded* that their two Pacific Pictures agreements with the Shuster heirs were "not lawful" and "void *ab initio*" under 17 U.S.C. § 304(c)(6)(D). *E.g.*, DN 147-1 at 2, 8; 191 at 8; 305-37 at 1310:1-1314:3, 1325:9-1337:1; 493-1 at 315:12-316:16, 356:2-7. And while defendants refused to produce a copy of their 2008 Consent Agreement that DC also challenged, they *admitted* that the Consent Agreement "requires … the consent of the Siegels … [for the Shusters to] settle[] their termination rights with DC," DN 160 at 63; *see* DN 231 at 6—in plain violation of § 304(c)(6)(D)—*and* that the 2008 Consent Agreement was "still in effect" in 2012, DN 160 at 63; DN 459-6 at 469:5-7; 502-5 at 856:1-12.

Despite these case-ending admissions, defendants forced DC to spend significant additional fees prosecuting its Third Claim. They refused to stipulate to a judgment that these agreements were invalid; they forced DC to move for summary judgment on its Third Claim; and they filed a cross-summary judgment motion of their own, contesting DC's Third Claim. DN 478 at 22-24. The Court granted DC's summary judgment motion on its Third Claim against Marc Toberoff and Pacific Pictures, and denied defendants' cross motion on that claim. DN 507 at 16-18. In its final judgment on this Third Claim, the Court declared that the two Pacific Pictures contracts and Consent Agreement were "invalid" and "unenforceable":

> DC's Third Claim for Relief is GRANTED as set forth in the Court's October 17, 2012, [summary judgment] order, and defendants' rights-encumbering agreements—including the 2001 Pacific Pictures agreement, 2003 Pacific Pictures agreement, and 2008 consent agreement—are deemed invalid and unenforceable under section 304(c)(6)(D) of the Copyright Act.  17 U.S.C. § 304(c)(6)(D).

DN 540; *see* DN 507 at 16-17 (Court's summary judgment ruling re: Third Claim). This declaration was the very relief DC sought in its complaint, DN 49 ¶ 172, and summary judgment motion, DN 458 at 23-25.[1]

   2.  <u>DC's Entitlement to Fees.</u>  The Copyright Act provides that, "[i]n any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party [and] may also award a reasonable attorney's fee to the prevailing party."  17 U.S.C. § 505.  "[E]xceptional circumstances' are not a prerequisite to an award of attorneys' fees; district courts may freely award fees," *Historical Research v. Cabral*, 80 F.3d 377, 378 (9th Cir. 1996), and "courts routinely award costs to the prevailing party in copyright cases," *National Football League v. PrimeTime 24 Joint Venture*, 131 F. Supp. 2d 458, 484 (S.D.N.Y. 2001).

   Courts consider several factors in deciding whether to grant fee awards in copyright cases.  They include the (a) "degree of success [DC] obtained"; (b) the "need in particular circumstances to advance considerations of compensation [to DC] and deterrence [to parties like Toberoff]"; (c) and the "unreasonableness (both in the factual and in the legal components of the case)" of Toberoff's positions. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534-35, 535 n.19 (1994).  These factors "are not exclusive and need not all be met," *id.* at 559, but all are easily satisfied here.

   *a. Success.*  DC achieved a complete victory on the claim for which it seeks fees—its Third Claim.  This victory qualifies DC for fees even though what DC obtained is a declaratory judgment concerning the invalidity of Toberoff's and

---

[1] DC also sought an injunction protecting its right to negotiate with the Shusters concerning their 2003 copyright termination notice.  DN 49 ¶ 173; DN 458 at 23-24.  This alternative request was mooted by the Court's summary judgment ruling that the Shusters' 2003 termination notice was itself invalid.  DN 540, 507.

Pacific Pictures' agreements with the heirs "under section 304(c)(6)(D) of the Copyright Act."  DN 540.  *E.g.*, 4 MELVILLE B. NIMMER & DAVID NIMMER, NIMMER ON COPYRIGHT § 14.10 (Bender, Rev. Ed. 2012) (fees available "any time the action at hand requires construction of the Copyright Act," including in claim "for a declaration regarding copyright"); *Pritchett v. Pound*, 473 F.3d 217 (5th Cir. 2006) (upholding award of fees under § 505 to prevailing plaintiff in declaratory relief action concerning copyright ownership); *Ackoff-Ortega v. Windswept Pac. Entm't Co.*, 2001 WL 225246, at *4 n.9 (S.D.N.Y. Mar. 2, 2001) ("this Court has repeatedly awarded attorneys' fees for any action brought under the Copyright Act, including declaratory judgments"); *Woods v. Bourne Co.*, 858 F.Supp. 399, 401 (S.D.N.Y.1994) (awarding plaintiffs fees under § 505 for prevailing in declaratory judgment action to determine entitlement to royalties in copyrighted work).

   b. *Compensation and Deterrence.*  Section 304(c)(6)(D) of the Copyright Act exists in part to deter parties like Toberoff and Pacific Pictures from "trafficking in future [copyright] interests."  *Milne v. Stephen Slesinger, Inc.*, 430 F.3d 1036, 1047 (9th Cir. 2005).  It also exists to afford grantees like DC important rights.  *Id.* at 1047 (§ 304(c)(6)(D) "give[s] the original grantee [DC] a competitive advantage over third parties" akin to a "right of 'first refusal'"); *Sullivan v. Little Hunting Park, Inc.*, 396 U.S. 229, 239 (1969) ("The existence of a statutory right implies the existence of all necessary and appropriate remedies."); *accord* DN 507 at 16:16-26 (Court's summary judgment ruling).

   Under the animating principles of the Copyright Act—both its attorneys' fees provision, and section 304(c)(6)(D)—DC should be reimbursed for the well over $500,000 it spent pursuing its Third Claim.  And Toberoff, and traffickers like him, should be deterred by the reasonable fee award DC seeks.  *Magnuson v. Video Yesteryear*, 85 F.3d 1424, 1432 (9th Cir. 1996) (reversing where court failed to consider *Fogerty* factors, "particularly the goal of deterring" similar behavior in future); *Entm't Research Grp., Inc. v. Genesis Creative Grp., Inc.*, 122 F.3d 1211,

1230 (9th Cir. 1997) (court should consider "the need, in particular circumstances," for "deterrence").

*c. Unreasonableness.* Toberoff forced DC to pursue its Third Claim rather than consenting to a declaration or judgment that his *admittedly* unlawful contracts with the heirs were invalid. *Supra* at 1, DN 147-1 at 2, 8; 191 at 8; 305-37 at 1310:1-1314:3, 1325:9-1337:1; 493-1 at 315:12-316:16, 356:2-7. Indeed, the Court relied on these admissions in its summary judgment ruling. DN 507 at 17:10-14.

Rather than concede judgment on this point—and spare DC and the Court needless rounds of briefing on it—defendants forced DC to, *inter alia*:

- sue Toberoff and defendants to invalidate their illicit agreement;
- fend off two Rule 12 motions challenging its Third Claim on the merits—motions that defendants would abandon even though fully briefed, when the Court denied their SLAPP motion, DN 78, 90, 147, 185, 333, 334;
- respond to an independent motion to strike its Third Claim, DN 147, 185;
- pursue extensive document and deposition discovery into this Third Claim, Kline Decl. ¶ 3;
- prepare and prevail on summary judgment briefing on this Third Claim, DN 458, 462, 468, 472; and
- defeat a last-second effort by defendants to have their Consent Agreement excluded from the Court's judgment on DC's Third Claim, DN 534-37, 540.

Bad faith is established where a party pursues unreasonable positions in "an attempt to extract a significant payment from perceived 'deep pocketed' defendants." *Baker v. Urban Outfitters, Inc.*, 431 F. Supp. 2d 351, 360 (S.D.N.Y. 2006). Toberoff has done exactly that here, and the Court should award DC its fees against him and his alter-ego company.

3. The Timing for Resolving This Motion. DC will furnish the Court with the full records documenting the $500,000 it seeks, if and when the Court rules on the liability aspect of this motion. The law fully permits this procedure:

- 4 -   DC'S MOT. FOR ATTORNEYS' FEES

- *See* FED. R. CIV. P. 54(d)(2)(C) ("The court may decide issues of liability for fees before receiving submissions on the value of the services.");
- 10-54 FERN M. SMITH, MOORE'S FEDERAL Practice § 54.154 (Bender 2011) ("A fee movant need not, and indeed should not, submit copious evidentiary materials designed to prove the right to a fee or the amount of the fee. Those evidentiary materials should be submitted only as directed by the court."); *id*. § 54.155[1][a] (same);
- 10 CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 2680 (3d ed. 2011) ("Because of the early filing deadline for fees, the rule does not require that the motion be fully supported at the time of filing by all of the evidentiary material bearing on fees.").

Suffice it to say, the fees DC seeks are not only well documented and reasonable, but represent only a portion of the fees that Toberoff and Pacific Pictures forced DC to incur in litigating this Third Claim. Both should be held jointly and severally liable for $500,000 in DC's fees.

As explained in its Notice accompanying this motion, DC believes the Court can and should defer ruling on this motion until after the expedited appeal defendants are pursuing on this Third Claim is resolved. This will best spare this Court's and the parties' resources, and the Court has the full power to decide when and how to hear such a fees motion. *See, e.g.*, FED. R. CIV. P. 54(d)(2)(A), (D). Defendants forced DC to file this motion now, even though they previously argued that briefing this fees motion while their appeal was pending would burden the parties. Kline Decl. Exs. 1, 3.

Dated: January 17, 2013          Respectfully submitted,

By: /s/ Daniel M. Petrocelli
       Daniel M. Petrocelli