1  DANIEL M. PETROCELLI (S.B. #097802)
    dpetrocelli@omm.com
2  MATTHEW T. KLINE (S.B. #211640)
    mkline@omm.com
3  CASSANDRA L. SETO (S.B. #246608)
    cseto@omm.com
4  O'MELVENY & MYERS LLP
   1999 Avenue of the Stars, 7th Floor
5  Los Angeles, CA  90067-6035
   Telephone:  (310) 553-6700
6  Facsimile:   (310) 246-6779

7  Attorneys for Plaintiff DC Comics

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DC COMICS,<br><br>Plaintiff,<br><br>v.<br><br>PACIFIC PICTURES CORPORATION, IP WORLDWIDE, LLC, IPW, LLC, MARC TOBEROFF, an individual, MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER, JEAN ADELE PEAVY, an individual, LAURA SIEGEL LARSON, an individual and as personal representative of the ESTATE OF JOANNE SIEGEL, and DOES 1-10, inclusive,<br><br>Defendants. | Case No. CV 10-03633 ODW (RZx)<br><br>**DC COMICS' RENEWED NOTICE OF MOTION AND MOTION FOR AN EVIDENTIARY HEARING AND SANCTIONS, INCLUDING TERMINATING SANCTIONS, APPOINTMENT OF SPECIAL MASTER, AND OTHER RELIEF**<br><br>DC COMICS SERVES CONCURRENTLY HEREWITH COURTESY COPIES OF THE PARTIES' COMPLETE BRIEFING ON THIS MOTION (DN 500, 500-1-500-15, 504, 510, 516-520, 523, 523-1, 524-526, 527)<br><br>Hon. Otis D. Wright II<br><br>**Hearing Date**:  March 4, 2013<br>**Hearing Time**:  1:30 p.m.<br>**Courtroom**:  11 |

1  TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

2      PLEASE TAKE NOTICE that on March 4, 2013, at 1:30 p.m., or as soon
3  thereafter as the matter may be heard by the above-entitled Court, located at 312
4  North Spring Street, Los Angeles, California in Courtroom 11, plaintiff DC Comics
5  will and hereby does move this Court for an evidentiary hearing and the imposition
6  of sanctions to address defendants' pervasive and persistent discovery misconduct.

7      1. Background.  DC's "Sanctions Motion" has already been fully briefed by
8  the parties.  DN 500, 500-1-500-15, 504, 510, 516-520, 523, 523-1, 524-526, 527.
9  After extensive meet-and-confer exchanges, DC filed its original moving papers on
10  October 10, 2012.  DN 500, 500-1-500-15, 504, 510.  Defendants filed their
11  opposition on November 14, 2012.  DN 516-520, 523, 523-1, 524-526.  And DC
12  filed its reply on November 26, 2012.  DN 527.  On December 5, 2012, the Court
13  denied DC's Motion "**WITHOUT PREJUDICE**" because DC's three state-law
14  claims were then "currently before the Ninth Circuit on review from this Court's
15  denial of Defendants' Anti-SLAPP motion"—"[a]ccordingly, the Court lack[ed] the
16  jurisdiction to pass on the merits of this claim."  DN 533 at 1 (emphasis in original).

17      On January 10, 2013, the Ninth Circuit affirmed this Court's SLAPP ruling.
18  Defendants did not petition for rehearing, and the Ninth Circuit issued its mandate
19  today.  Appeal No. 11-56934, DN 66, 68.  This Court now has "jurisdiction to pass
20  on the merits" of DC's state-law claims, and DC hereby renews its fully briefed
21  Sanctions Motion.  For the Court's convenience, DC serves herewith courtesy
22  copies of the parties' previously filed moving, opposition, and reply papers.

23      2. Issues Now Moot.  Two issues in the parties' Sanction Motion briefing
24  have been mooted by recent events and need no longer be considered by the Court:

25      a. Defendants asserted that the Court lacked jurisdiction to consider DC's
26  Sanctions Motion until the Ninth Circuit resolved their SLAPP appeal.  DN 517 at
27  1:8-10, 3-4.  This issue is now moot, given that the Ninth Circuit affirmed the
28  Court's SLAPP ruling.  Therefore, the Court can disregard the following portions of

the parties' sanctions briefing: DN 517 at 1:8-10, 3-4; and DN 527 at 10-11:13.

b. Defendants argued in opposing DC's Sanctions Motion that DC "failed to provide *any* privilege logs in this case." DN 517 at 4:4-5 (emphasis in original). Magistrate Judge Zarefsky rejected that argument and granted DC's recent motion for a protective order. DN 553, 554. Defendants did not seek review of that ruling.

3. Grounds for DC's Renewed Motion. As set forth in DC's original notice of motion, DN 500, this Renewed Sanctions Motion is made and renewed pursuant to the Court's inherent authority to prevent abuses of the litigation process, Federal Rules of Civil Procedure 1, 26(b)(b), 37(b), and 53(a)(1)(C), Local Rules 11-9 and 83-7, and the Court's standing order, DN 18. As set forth in DC's renewed motion, defendants—through Toberoff as defendant, counsel of record to other defendants, and counsel to material third-party witnesses and custodians—have systematically suppressed relevant evidence. Defendants refused to disclose the existence or nature of key evidence; submitted false and misleading privilege logs to mask or conceal non-privileged documents; and made affirmative misrepresentations—including under oath—about the existence, location, and provenance of evidence. Defendants' misconduct "clearly impair[s] [DC]'s ability to go to trial and *threaten[s]* to interfere with the rightful decision of the case." *Anheuser-Busch, Inc. v. Natural Beverage Distribs.*, 69 F.3d 337, 353 (1995) (emphasis in original).

In light of this misconduct, DC requests that this Court schedule and conduct an evidentiary hearing for the purpose of presenting live testimony and argument on these issues. *Wyle v. R.J. Reynolds*, 709 F.2d 585, 592 (9th Cir. 1983) (evidentiary hearing "best determines the appropriate sanctions"); *Computer Task Grp., Inc. v. Brotby*, 364 F.3d 1112, 1114 (9th Cir. 2004) (affirming terminating sanctions imposed after "three-day hearing"); *Valley Engr's, Inc. v. Electric Eng'g Co.*, 158 F.3d 1051, 1054 (9th Cir. 1998) (same; "two days of hearings"); *Anheuser-Busch*, 69 F.3d at 343 (same; "extensive evidentiary hearing"); *N. Am. Watch Corp. v. Princess Ermine Jewels*, 786 F.2d 1447, 1449 (9th Cir. 1986) (same; "several"

hearings); *see also* DN 517 at 25; DN 527 at 7.

Following that hearing, or based solely on the record of misconduct detailed in DC's Renewed Sanctions Motion and related filings, this Court should impose sanctions against defendants, including default sanctions on DC's remaining claims in this case, *e.g.*, *Valley Eng'rs*, 158 F.3d 1051; the appointment of a special master under FED. R. CIV. P. 53(a)(1)(C); a finding of a waiver of privilege over all withheld documents, *e.g.*, *Teleglobe USA Inc. v. BCE Inc.*, 493 F.3d 345, 386 (3d Cir. 2007); *Get-A-Grip, II, Inc. v. Hornell Brewing Co.*, 2000 WL 1201385, at *3 (E.D. Pa. Aug. 8, 2000); and/or evidentiary and monetary sanctions, *e.g.*, FED. R. CIV. P. 37(b)(2)(A), (C); *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 961 (9th Cir. 2006).

This Renewed Sanctions Motion is made following several conferences of counsel prior to filing the motion in October, including a lengthy in-person meeting on July 17, 2012 (with defendant Marc Toberoff participating via telephone). *See* DN 500-2 (Decl. of Daniel M. Petrocelli Part I; Exs. 1-11).

The motion is based on this Renewed Notice of Motion and Motion; DC's previously filed moving and reply briefing (DN 500, 500-1, 527); the previously filed Petrocelli Declaration and exhibits in support thereof (DN 500-2-500-15, 504); any additional briefing that may be filed pursuant to the Rules; all exhibits, files, and records on file in this action; matters of which judicial notice may be taken; and such additional submissions and argument as may be presented at, before, or after the hearing on this motion.

Pursuant to the Court's February 1, 2013, order, DN 221, DC will work with defendants to submit a Joint Status Report regarding this case and the two related *Siegel* cases.

Dated: February 4, 2013                      Respectfully Submitted,

By:   /s/ Daniel M. Petrocelli
Attorneys for Plaintiff DC Comics