```
1   DANIEL M. PETROCELLI (S.B. #097802)
      dpetrocelli@omm.com
2   MATTHEW T. KLINE (S.B. #211640)
      mkline@omm.com
3   CASSANDRA L. SETO (S.B. #246608)
      cseto@omm.com
4   O'MELVENY & MYERS LLP
    1999 Avenue of the Stars, 7th Floor
5   Los Angeles, CA  90067-6035
    Telephone:   (310) 553-6700
6   Facsimile:   (310) 246-6779

7   Attorneys for Plaintiff DC Comics
```

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| DC COMICS, | Case No. CV 10-3633 ODW (RZx) |
|---|---|
| Plaintiff, | **[PROPOSED] ORDER DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON DC'S FOURTH, FIFTH, AND SIXTH CLAIMS AND GRANTING DC'S CROSS-MOTION FOR JUDGMENT ON THESE SAME CLAIMS** |
| v. | |
| PACIFIC PICTURES CORPORATION, IP WORLDWIDE, LLC, IPW, LLC, MARC TOBEROFF, an individual, MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER, JEAN ADELE PEAVY, an individual, LAURA SIEGEL LARSON, an individual and as personal representative of the ESTATE OF JOANNE SIEGEL, and DOES 1-10, inclusive, | Hon. Otis D. Wright II |
| Defendants. | |

| | |
|---|---|
| 1 | IT IS HEREBY ORDERED that Defendants' Motion For Partial Summary Judgment On DC Comics' ("DC") Fourth, Fifth, and Sixth Claims For Relief is DENIED, and DC's Cross-Motion For Judgment On Its Fourth, Fifth, and Sixth Claims For Relief is GRANTED as set forth below. |

1. Judgment is warranted for DC on its Fourth, Fifth, and Sixth Claims for Relief as a sanction for defendants' egregious, ongoing discovery misconduct—which includes defendants' violation of multiple court orders, false statements to the courts and DC, and systematic concealment of key evidence that proves DC's Fourth through Sixth Claims. *See* DN 500; 500-1-500-15; 504; 510; 527; 573. The Court hereby strikes defendants' statute-of-limitations defenses to DC's Fourth through Sixth Claims as a sanction for this discovery misconduct. *See* FED. R. CIV. P. 37(b)(2)(A); 8B C. WRIGHT, ET AL., FEDERAL PRACTICE & PROCEDURE § 2289, at 544 & n.20 (3d ed. 2010) (collecting cases); *Marshall v. F.W. Woolworth, Inc.*, 122 F.R.D. 117, 119 (D.P.R. 1988) (ordering "all of defendant's affirmative defenses … stricken" based on counsel's "callous disregard for this Court's orders and for the orderly administration of justice"); *In re Orthopedic Bone Screw Prods. Liab. Litig.*, 1998 WL 254038, at *1-6 (E.D. Pa. May 5, 1998) (striking certain defenses "to prevent [defendant] from benefitting from the delay in document production").

The only remaining issue is the amount of DC's damages on its Fourth and Fifth Claims, which largely consist of its attorneys' fees in the Superman cases. The Ninth Circuit rightly rejected defendants' argument that such fees are not recoverable as damages under California's anti-SLAPP statute. *See* 9th Cir. Appeal No. 11-56934, DN 8 at 27; 37-1 at 27, 31-32, 49; *DC Comics v. Pacific Pictures Corp.*, 2013 WL 120807 (9th Cir. Jan. 10, 2013). DC will need to establish the exact amount of its damages.

2. Summary judgment is warranted for DC on its Sixth Claim for Relief, DN 49 ¶¶ 188-89, on the separate and independent ground that the web of unlawful, rights-tying agreements that defendant Marc Toberoff (and his various companies)

engineered with the Siegel and Shuster heirs are void and unenforceable under California's unfair competition laws (the "UCL"). Conduct is unlawful under the UCL if it violates federal law, as the UCL expressly "borrows" claims based on violations of federal statutes. *Farmers Ins. Exch. v. Super. Ct.*, 2 Cal. 4th 377, 383 (1992). The Court has already entered final judgment in DC's favor on its Third Claim for Relief on the ground that these "rights-encumbering agreements— including the 2001 Pacific Pictures agreement, 2003 Pacific Pictures agreement, and 2008 consent agreement"—violate § 304(c)(6)(D) of the Copyright Act. DN 507 at 5, 17; 540. There are no issues of material fact as to DC's Sixth Claim, and judgment should be entered in DC's favor. Defendants' mootness, limitations, and preemption defenses to this claim defy the Court's prior orders, ignore on-point California Supreme Court authority rejecting their position, and misread both DC's complaint and the law of copyright preemption.

    Accordingly, the various copyright assignment and consent agreements between Toberoff and/or his companies, the Siegel heirs, and the Shuster heirs— including the 2001 Pacific Pictures agreement, 2003 Pacific Pictures agreement, and 2008 consent agreement—are deemed void and unenforceable under the UCL.

IT IS SO ORDERED.

Dated: _____    _____
                                                     Honorable Otis D. Wright, II
                                                    Judge, United States District Court