DANIEL M. PETROCELLI (S.B. #097802)
  dpetrocelli@omm.com
MATTHEW T. KLINE (S.B. #211640)
  mkline@omm.com
CASSANDRA L. SETO (S.B. #246608)
  cseto@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA  90067-6035
Telephone:   (310) 553-6700
Facsimile:    (310) 246-6779

Attorneys for Plaintiff DC Comics

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DC COMICS,<br><br>              Plaintiff,<br><br>      v.<br><br>PACIFIC PICTURES CORPORATION, IP WORLDWIDE, LLC, IPW, LLC, MARC TOBEROFF, an individual, MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER, JEAN ADELE PEAVY, an individual, LAURA SIEGEL LARSON, an individual and as personal representative of the ESTATE OF JOANNE SIEGEL, and DOES 1-10, inclusive,<br><br>              Defendants. | Case No. CV 10-3633 ODW (RZx)<br><br>**DC COMICS' OBJECTION TO DEFENDANTS' NOTICE OF RECENT AUTHORITY RE: DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON DC'S FOURTH, FIFTH, AND SIXTH CLAIMS (DKT. 577)**<br><br>Hon. Otis D. Wright II<br><br>**Hearing Date**:      March 11, 2013<br>                        (*Hearing Vacated*) |

1    DC Comics objects to defendants' Notice of Authority, DN 583, concerning

2  *Aryeh v. Canon Bus. Solutions, Inc.*, 55 Cal. 4th 1185 (January 24, 2013).

3    1. Defendants hardly "direct[ed]" *Aryeh* to the "Court's and DC Comics'

4  attention." DN 583. DC cited *Aryeh*—and raised defendants' failure to cite it—in

5  a brief DC filed last *week*. DN 705 at 6 ("Among other defects, Toberoff's

6  [summary judgment] motion . . . fails to cite recent, on-point authority from the

7  California Supreme Court rejecting Toberoff's legal arguments, *e.g.*, *Aryeh v.*

8  *Canon Bus. Solutions, Inc.*, 2013 Cal. LEXIS 480, at *18-19 (Jan. 24, 2013).").

9    2. Toberoff's claim that he was unaware of *Aryeh* is hollow. In *Aryeh*, the

10  California Supreme Court—the highest authority in the land on California law—

11  expressly criticized the very case on which Toberoff relied to make his erroneous

12  arguments about tolling doctrines under California statute-of-limitations law.

13  *Compare* DN 577 at 21 (his summary judgment motion:  arguing "it remains 'an

14  open question … whether [and to what extent] the discovery rule applies' to UCL

15  Claims"; citing "*Karl Storz Endoscopy Am., Inc. v. Surgical Techs., Inc.*, 285 F.3d

16  848, 857 (9th Cir. 2002)"), *with Aryeh*, 55 Cal. 4th at 1194 n.4 ("a subsequent

17  Ninth Circuit case also asserted that UCL claims never run from the date of their

18  discovery, <u>but it offered only an ipse dixit, with no reasoning to support its</u>

19  <u>construction of California law.</u>  (*Karl Storz Endoscopy-America, Inc. v. Surgical*

20  *Technologies, Inc.* (9th Cir. 2002) 285 F.3d 848, 857).") (emphasis added).

21    The most rudimentary search for legal authority, which one must presume

22  defendants conducted before moving for summary judgment, directs one to *Aryeh*,

23  and not *Karl Storz*.  This is not the first time in recent weeks Toberoff has made

24  legal arguments directly contradicted by recent, binding precedent.  DN 582 at 1, 8.

25    3. Finally, defendants' efforts, DN 583, to cabin the critical holding in *Aryeh*

26  to one narrow issue on DC's Sixth Claim fails.  As shown in DC's opposition to

27  defendants' summary judgment motion, *Aryeh* held that all common-law tolling

28  doctrines apply to business and other claims brought under California's unfair-

DC'S OBJ. TO DEFS.'
NOTICE OF AUTHORITY

1    competition laws, *see* 55 Cal. 4th at 1194-96.  This is the rule unless the California

2    legislature says otherwise, *id.*:

3           In this case, the trial court concluded "because this is a [UCL]
      claim … there is no <u>continuing practices doctrine</u> that applies here."
4     Affirming, the Court of Appeal majority held that a UCL claim
      necessarily "accrues when the defendant's conduct occurs, not when
5     the plaintiff learns about the conduct."  <u>It went on to conclude that in
      addition to delayed discovery, the continuing violation doctrine also is</u>
6     <u>categorically inapplicable to UCL claims.</u>

7           In treating the UCL as exceptional for accrual purposes, the trial
      court and the Court of Appeal joined one side of a split  in the Courts
8     of Appeal over whether the UCL should, like any other statute, be
      interpreted as subject to all the usual rules of accrual, or whether the
9     statute categorically forecloses modified accrual based on delayed
      discovery, continuing-wrong principles, and their ilk….
10
             The contrary view is reflected in more recent cases like *Broberg
11    v. The Guardian Life Ins. Co. of America*, *supra*, 171 Cal. App. 4th
      912….  *Broberg* involved a statute of limitations challenge to a claim
12    of deceptive practices under the UCL.  The court reasoned that the
      underlying nature of the claim, not its form, should control. . . .
13    <u>*Broberg* is consistent with both our precedent and the absence of
      anything in the text or legislative history of the UCL establishing a</u>
14    <u>legislative desire either to categorically limit or categorically guarantee
      the application of common law accrual exceptions under the UCL</u>….
15
             Accordingly, <u>we conclude the UCL is governed by common law</u>
16    <u>accrual rules to the same extent as any other statute</u>.  (Emphases
      added.)
17
      The logic and force of the Supreme Court's opinion in *Aryeh*, like the policy
18
19    concerns that animate it, fully support each of DC's claims in this case—all of

20    which target fraud and a continuing course of misconduct.  *Aryeh* also helps

21    illustrate, as DC argues in its summary judgment opposition (filed herewith), that

22    *all* common-law tolling principles—be they "delayed discovery, continuing-wrong

23    principles, [or] their ilk"—should apply to DC's claims.  *Id.*

24

25    Dated:        February 15, 2013              Respectfully Submitted,

26                                                  By:  /s/ Daniel M. Petrocelli
                                                     Daniel M. Petrocelli
27                                                   Attorneys for Plaintiff DC Comics

28    OMM_US:71381624

                                          - 2 -                    DC'S OBJ. TO DEFS.'
                                                                  NOTICE OF AUTHORITY