Marc Toberoff (State Bar No. 188547)
 *mtoberoff@toberoffandassociates.com*
Keith G. Adams (State Bar No. 240497)
 *kadams@toberoffandassociates.com*
Pablo D. Arredondo (State Bar No. 241142)
 *parredondo@toberoffandassociates.com*
David Harris (State Bar No. 255557)
 *dharris@toberoffandassociates.com*
TOBEROFF & ASSOCIATES, P.C.
22337 Pacific Coast Highway, #348
Malibu, California
Telephone: (310) 246-3333
Fax:        (310) 246-3101

Attorneys for Defendants Mark Warren Peary, as personal representative of the Estate of Joseph Shuster, Jean Adele Peavy, Laura Siegel Larson, individually and as personal representative of the Estate of Joanne Siegel

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| DC COMICS,<br><br>             Plaintiff,<br><br>        vs.<br><br>PACIFIC PICTURES CORPORATION; IP WORLDWIDE, LLC; IPW, LLC; MARC TOBEROFF, an individual; MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER; JEAN ADELE PEAVY, an individual; LAURA SIEGEL LARSON, individually and as personal representative of the ESTATE OF JOANNE SIEGEL, and DOES 1-10, inclusive,<br><br>             Defendants. | Case No: CV 10-03633 ODW (RZx)<br><br>Hon. Otis D. Wright II, U.S.D.J.<br>Hon. Ralph Zarefsky, U.S.M.J.<br><br>**DEFENDANTS' OBJECTIONS TO PLAINTIFF DC COMICS' IMPROPER CROSS-MOTION FOR SUMMARY JUDGMENT**<br><br>Complaint filed: May 14, 2010<br>Trial Date: None Set<br><br>Date:  March 11, 2013<br>Time:  1:30 p.m.<br>Place: Courtroom 11 |

Defendants hereby object to plaintiff DC Comics' ("DC") cross-motion for summary judgment (Dkt. 588; "Motion"), filed in complete disregard of both the Local Rules and this Court's Standing Order.

1. DC's Motion was filed on February 15, 2013, and DC set it for hearing just twenty-four (24) days later, on March 11, 2013. *Id*. This unequivocally violates Local Rule 6-1, which states that a motion must be filed at least twenty eight (28) days before the hearing. The improper nature of DC's motion is highlighted by the fact that, due to the Presidents' Day holiday, Defendants' opposition papers would have been due under Local Rule 7-9 on February 15, 2013 (*i.e.*, 21 days before the noticed hearing date) – the same day that DC *filed* its motion.

DC's untimely filing, like DC's filing of its motion for summary judgment in the related case *Siegel v. Warner Bros. Entertainment Inc.*, C.D. Cal. Case No. 04-CV-08400 ODW (RZx)("*Siegel*"), also violates Paragraph 6(d) of this Court's Standing Order, which states that "the court expects that the party moving for summary judgment *will provide more than the minimum twenty-eight day notice for motions*." Dkt. 18 (emphasis added).

Less than two weeks ago, Defendants were forced to move for *ex parte* relief due to DC's blatant disregard for the Local Rules and this Court's Standing Order in the filing of its motion for summary judgment in *Siegel*. *Siegel*, Dkt. 704. Contrary to DC's false representations that it had complied with the Local Rules, this Court granted Defendants' application. *Siegel*, Dkt. 705; 707.

2. DC's Motion is for summary judgment on its Fourth, Fifth and Sixth Claims, but DC did not "meet and confer" as to summary judgment on its Fifth Claim, as required by Local Rule 7-3. Dkt. 513-1, Ex. C at 4.

3. DC also improperly combined its Motion with its opposition to Defendants' motion for summary judgment without prior agreement of Defendants and the Court. Dkt. 577. There is no provision in the Local Rules for combining an opposition with a cross-motion; all of the Rules governing the timing of motions,

page limitations, etc. assume that the parties file separate motions.  *See* Local Rules 6-1, 7-9, 7-10, 11-6.

   4. DC's untimely "cross-motion," bootstrapped into its opposition, also unfairly gives DC an improper surreply to Defendants' reply in support of their underlying summary judgment motion, in the guise of a "reply" in support of DC's "cross-motion."  *See* Local Rule 7-10 ("Absent prior written order of the Court, the opposing party shall not file a response to the reply."); Schwarzer, Tashima & Wagstaffe, *Federal Civil Procedure Before Trial* at 12:110 (2010) (same).  DC should not be permitted to file such a "reply"/sur-reply.

Dated: February 20, 2013  RESPECTFULLY SUBMITTED,

/s/ Keith G. Adams
———————————————
Keith G. Adams

TOBEROFF & ASSOCIATES, P.C.
Attorneys for Defendants Mark Warren Peary, *et al.*