DANIEL M. PETROCELLI (S.B. #097802)
dpetrocelli@omm.com
MATTHEW T. KLINE (S.B. #211640)
mkline@omm.com
CASSANDRA L. SETO (S.B. #246608)
cseto@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067-6035
Telephone: (310) 553-6700
Facsimile: (310) 246-6779

Attorneys for Plaintiff DC Comics

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DC COMICS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PACIFIC PICTURES CORPORATION, IP WORLDWIDE, LLC, IPW, LLC, MARC TOBEROFF, an individual, MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER, JEAN ADELE PEAVY, an individual, LAURA SIEGEL LARSON, an individual and as personal representative of the ESTATE OF JOANNE SIEGEL, and DOES 1-10, inclusive,<br><br>　　　　　Defendants. | Case No. CV 10-3633 ODW (RZx)<br><br>**DC COMICS' RESPONSE TO DEFENDANTS' OBJECTIONS TO DC COMICS' IMPROPER CROSS-MOTION FOR SUMMARY JUDGMENT**<br><br>Hon. Otis D. Wright II<br><br>**Hearing Date**:　　March 11, 2013<br>　　　　　　　　(*Hearing Vacated*) |

Defendants' objection to DC's cross-motion is not well-taken and is directly belied by their prior filings and actions in this case. Moreover, DC told both defendants and the Court that it would file its cross-motion when it did, and the Court's recent order on defendants' *ex parte* application said nothing about forbidding DC's filing. Nor did defendants' *ex parte* reply brief.

    1. DC met and conferred with defendants in November 2012 about DC's moving for cross-summary judgment on its Sixth Claim. *See* Case No. 04-8400, DN 705 at 7; 705-2 at 51-56. This is when defendants say they conferred with DC about their pending motion. DN 577 at 1. DC's cross-motion on its Sixth Claim is four pages long, and all but one paragraph of DC's submission addresses the three (and only three) arguments defendants press in their *affirmative* motion for summary judgment on DC's Sixth Claim. *See* DN 588 at 18:5-22:11. Defendants can address whatever arguments they have in response in their reply brief.

Defendants' claim that this process is improper or unprecedented is frivolous. When DC moved for summary judgment on its First and Third Claims last summer, defendants both opposed that motion and cross-moved for summary judgment in their opposition papers. DN 462. *DC replied to that opposition and cross-motion in one week, and took no extra pages to do so.* DN 468. The Court took the matter under submission, and held a hearing several weeks later to address the tentative ruling it had issued on these motions. DN 481; 489; 507. (Defendants also filed an additional round of cross-motion papers on these issues, burdening the Court and parties with hundreds of extra pages of briefing. DN 478-478-2; 479-479-7; 491-491-1; 492; 493-493-7; 494-494-1; 495-495-5; 498-498-2; 499-499-1.)

    2. Several weeks ago, and the day remand issued in this case on defendants' failed SLAPP appeal, DC renewed its motion for default judgment on its Fourth, Fifth, and Sixth Claims as a sanction for defendants' discovery misconduct. DN 573. DC met and conferred with defendants repeatedly on that sanctions motion, as set forth in DC's papers. *See id*.; DN 500- 500-15; 504; 510; 526.

In its filing of this past Friday to which defendants now object, DC cited that fully briefed sanctions motion, noted how the Court had already taken DC's motion under submission, and showed how DC's sanctions motion barred defendants' pending summary judgment motion and, if anything, entitled DC to judgment. *See* DN 588 at 1:12-2:11 (Notice of Motion); 1:4-13; 2:14-4:28.

DC told defendants and the Court two weeks ago that it would so cross-move and make this argument. Case No. 04-8400, DN 705 at 6:25-7:6 ("Indeed, defendants' discovery misconduct is a complete bar to their motion and the limitations defense on which it is premised—DC cannot be charged with knowledge of facts Toberoff concealed. If anything, *and as DC will show in its cross motion*, judgment should enter in its favor on its Sixth Claim in its entirety, and on its Fourth and Fifth Claims, too, save for the issue of damages.") (citations omitted; emphases added). Defendants raised no objection in response, *id.*, DN 706, and nor did the Court prohibit DC from filing its cross-motion, *id.*, DN 707.

3. Finally, defendants argue that DC improperly set a March 11, 2013, hearing date, *when DC did no such thing*. As plainly stated in DC's motion: "Because the Court vacated the hearing date for defendants' motion for summary judgment on these claims and stated 'the matter will be decided upon without oral argument,' DN 581, DC does not notice a new hearing date for this cross-motion—although it remains willing and able to appear for oral argument, if the Court so orders it." DN 588 at 1:7-11 (Notice of Motion).

In short, defendants' objections should be overruled, and judgment should enter in DC's favor.

Dated:     February 20, 2013            Respectfully Submitted,

                                        By:  /s/ Daniel M. Petrocelli
                                            Daniel M. Petrocelli
                                            Attorneys for Plaintiff DC Comics

OMM_US:71384509

- 2 -                                   DC'S RESPONSE TO DEFS.' OBJ.