O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DC COMICS,<br><br>   Plaintiff,<br>   v.<br>PACIFIC PICTURES CORPORATION et al.,<br><br>   Defendants. | Case No. 2:10-cv-03633-ODW(RZx)<br><br>**ORDER OVERRULING DEFENDANTS' OBJECTIONS TO DC COMICS' IMPROPER CROSS-MOTION FOR SUMMARY JUDGMENT [591]** |

The Court is wholly unsurprised to learn that Defendants object to Plaintiff DC Comics's Cross Motion for Summary Judgment, which it joined with its opposition to Defendants' February 4, 2013 Motion for Partial Summary Judgment as to Fourth, Fifth and Sixth Claims for Relief. So says the pot to the kettle. As DC points out, "[w]hen DC moved for summary judgment on its First and Third claims last summer, defendants both opposed that motion and cross-moved for summary judgment in their opposition papers. DN 462. *DC replied to that opposition and cross-motion in one week, and took no extra pages to do so*. DN 468." (ECF No. 592, at 2 (emphasis in original).) While Defendants' joint opposition and "cross-motion" DC refers to here was not formally noticed as a cross motion (as DC's Cross-Motion is here), its effect was the same. Because DC apparently intends to treat their

present Cross-Motion similarly,[1] the Court will do the same: Defendants shall file their 12-page reply no later than February 25, 2012, as DC did with Defendants' earlier "cross-motion." The Court does not invite, nor will it accept, any further briefing on the matter, regardless whether styled as a sur-reply to Defendants' Motion or a reply to DC's Cross-Motion.

The Court also notes that the parties' tireless bickering regarding nearly every facet of this case—big and small—has become wearisome to say the least. The parties apparently fail to recognize that this is not the only case on the Court's docket. Further, the Court expects the parties to any litigation to behave as responsible, professional adults, especially on matters as mundane as Local Rule 7-3's meet-and-confer requirements. Obviously the Court has set its expectations far too high in this matter. The Court will not continue to implicitly condone the parties' thinly veiled gamesmanship. Thus, any further noticed motions, *ex parte* applications (unless *truly* an emergency), objections, and any similar filings related to motion timing, meet-and-confer requirements, and other procedural deficiencies shall be preceded by an *in-person* conference of *all lead counsel* in this matter prior to filing. The purpose of the Federal Rules' meet-and-confer requirement is to attempt an amicable resolution of disputed matters to abrogate the necessity of needless Court intervention; the requirement is not to be used as a sword to gain a tactical upper hand. Each filing must therefore contain a detailed record of the parties in-person meeting explaining

/ / /

/ / /

---

[1] To be fair, DC's failure to formally notice its Cross-Motion 28 days in advance is a patent violation of Local Rule 6-1. This is so regardless whether the Court has vacated the hearing on Defendants' Motion for Summary Judgment, as DC's motion is a separately noticed motion that itself must be noticed 28 days in advance. Nevertheless, DC's response to Defendants' objections implies its intent to treat its formal cross motion the same as Defendants' implied cross motion last summer. Thus in the interest of fairness and judicial efficiency, rather than striking DC's improperly noticed Cross-Motion, the Court will treat it the same as it treated Defendants' opposition and "cross-motion" (ECF No. 462) before. That said, the parties are advised not to play quite so fast and loose with the Federal Rules in the future.

what was discussed and precisely why the parties were unable to resolve the dispute themselves without resort once again to the Court.   Failure to do so will result in sanctions.

**IT IS SO ORDERED.**

February 21, 2013

_____
           **OTIS D. WRIGHT, II**
      **UNITED STATES DISTRICT JUDGE**