| | |
|---|---|
| 1 | DANIEL M. PETROCELLI (S.B. #097802) |
|   | dpetrocelli@omm.com |
| 2 | MATTHEW T. KLINE (S.B. #211640) |
|   | mkline@omm.com |
| 3 | CASSANDRA L. SETO (S.B. #246608) |
|   | cseto@omm.com |
| 4 | O'MELVENY & MYERS LLP |
|   | 1999 Avenue of the Stars, Suite 700 |
| 5 | Los Angeles, CA 90067-6035 |
|   | Telephone: (310) 553-6700 |
| 6 | Facsimile: (310) 246-6779 |
| 7 | Attorneys for the DC Comics Parties |
| 8 | (continued on next page) |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LAURA SIEGEL LARSON, individually and as personal representative of the ESTATE OF JOANNE SIEGEL, <br><br>  Plaintiff and Counter-defendant, <br><br> v. <br><br> WARNER BROS. ENTERTAINMENT INC., DC COMICS, and DOES 1-10, <br><br>  Defendants and Counterclaimant. | Case No. CV 04-8400 ODW (RZx) <br> Case No. CV 04-8776 ODW (RZx) <br> Case No. CV 10-3633 ODW (RZx) <br><br> **JOINT STATUS REPORT RE: THE SUPERMAN AND SUPERBOY CASES PURSUANT TO THE COURT'S FEBRUARY 1, 2013, ORDERS** <br><br> The Hon. Otis D. Wright II |
| LAURA SIEGEL LARSON, individually and as personal representative of the ESTATE OF JOANNE SIEGEL, <br><br>  Plaintiff and Counter-defendant, <br><br> v. <br><br> TIME WARNER INC., WARNER COMMUNICATIONS INC., WARNER BROS. ENTERTAINMENT INC., WARNER BROS. TELEVISION PRODUCTION INC., DC COMICS, and DOES 1-10, <br><br>  Defendants and Counterclaimant. <br><br> (continued on next page) | |

| | |
|---|---|
| 1 | DC COMICS, |
| 2 |     Plaintiff, |
| 3 | v. |
| 4 | PACIFIC PICTURES CORPORATION, IP WORLDWIDE, LLC, IPW, LLC, MARC TOBEROFF, an individual, MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER, JEAN ADELE PEAVY, an individual, LAURA SIEGEL LARSON, an individual and as personal representative of the ESTATE OF JOANNE SIEGEL, and DOES 1-10, |
| 10 |     Defendants. |

MARC TOBEROFF (S.B. #188547)
 mtoberoff@toberoffandassociates.com
KEITH G. ADAMS (S.B. #240497)
 kadams@toberoffandassociates.com
PABLO D. ARREDONDO (S.B. #241142)
 parredondo@toberoffandassociates.com
DAVID A. HARRIS (S.B. #255557)
 dharris@toberoffandassociates.com
TOBEROFF & ASSOCIATES, P.C.
22337 Pacific Coast Highway #348
Malibu, CA 90265
Telephone: (310) 246-3333
Facsimile: (310) 246-3101

Attorneys for the Larson, Shuster, and Toberoff Parties

JOINT STATUS REPORT RE:
SUPERMAN & SUPERBOY CASES

|   |   |
|---|---|
| 1 | The parties respectfully submit this Joint Status Report pursuant to the |
| 2 | Court's February 1, 2013, orders in the three Superman cases:  Case No. CV-04- |
| 3 | 8400, DN 701 ("*Siegel* Superman Case"); Case No. CV-04-8776, DN 221 ("*Siegel* |
| 4 | Superboy Case"); and Case No. CV-10-3633, DN 571 ("*DC Comics* Case").  As |
| 5 | ordered, this Joint Status Report reflects the parties' efforts to: (1) provide a concise |
| 6 | procedural history of these cases; (2) set forth the current state of affairs in each |
| 7 | case; and (3) propose an approach for resolving them.  *Id.*[1] |
| 8 | ***Summary Of DC's Position***.  It is DC's submission that the three Superman |
| 9 | cases can be fully complete within the next 60 to 90 days.  Based on the Ninth |
| 10 | Circuit's recent ruling in the *Siegel* Superman Case, DC moved for final judgment |
| 11 | in the *Siegel* Superman and Superboy Cases.  *See* Case No. CV-04-8400, DN 702. |
| 12 | Such final judgments should enter. |
| 13 | As for the *DC Comics* case, the Court granted partial judgment in DC's favor |
| 14 | on its First and Third Claims—mooting its Second Claim.  (That judgment is on |
| 15 | appeal.)  DC moved for terminating default sanctions on its three remaining claims |
| 16 | (its Fourth through Sixth Claims).  DN 573.  DC moved, separately, for summary |
| 17 | judgment on its Sixth Claim.  DN 588.  DC's motions should be granted and, if |
| 18 | they are, the only issue remaining to be decided will be DC's damages on its Fourth |
| 19 | and Fifth Claims.  That issue can be proven quickly by DC's damages expert. |
| 20 | Toberoff and the heirs disagree as set forth below, but DC will not use this joint |
| 21 | submission to argue its case or respond to their arguments.  *Supra* n.1. |
| 22 | ***Summary Of the Heirs/Toberoff Defendants' Position***.  The Larson (Laura |
| 23 | Siegel Larson, individually and as personal representative of the Estate of Joanne |
| 24 | Siegel), Shuster (Mark Warren Peary, as personal representative of the Estate of |

---

[1] The parties have worked in good faith to prepare a mutually acceptable joint statement and met and conferred on its substance.  The parties agree that no party will be prejudiced by the descriptions of claims, defenses, and arguments presented herein, and reserve all rights and arguments as to any statements herein.  The parties were unable to agree on certain issues; in such instances, they separately set forth their respective positions and proposals.  *Id.*

Joseph Shuster, and Jean Adele Peavy), and Toberoff Parties (Marc Toberoff, Pacific Pictures Corporation ("PPC"), IP Worldwide, LLC and IPW, LLC) (collectively, the "Heirs") submit that the *DC Comics* Case can be resolved within weeks. The First and Third Claims are on appeal, and the Second Claim is currently moot. The Heirs have moved for summary judgment on DC's remaining state-law claims, which would fully resolve this case. DC's Fourth and Fifth Claims are time-barred as the statute of limitations ran in 2008, and DC's Sixth Claim is moot and, in any event, pre-empted by the Copyright Act.

DC motion for an evidentiary hearing to impose drastic terminating sanctions on its Fifth Claim (not "Fourth through Sixth Claims" as DC now asserts) does not salvage its clearly time-barred claims. The Heirs opposed DC's motion as legally unsupportable, unprecedented, and contrary to clear Ninth Circuit authority. DC has had the few documents in question for months (in some cases a year), and has shown no prejudice to justify sanctions. Nor can such sanctions be imposed without due process and a full evidentiary hearing.

Nor has DC submitted any expert testimony or proven any damages.

The Siegel Superman and Siegel Superboy Cases will require a few months of further litigation. DC filed premature motions "for final judgment," despite the fact that the Ninth Circuit specifically did not remand the case for entry of judgment. The Ninth Circuit remanded for further adjudication of DC's contractual Third and Fourth Counterclaims, to which Larson has strong defenses under California contract law. Larson will show in her oppositions to DC's motions (due March 4, 2011), that there remain critical factual and legal issues regarding the October 19, 2001 letter that must be fully adjudicated, as with any contract claim.

**I.    THE *SIEGEL* SUPERMAN AND *SIEGEL* SUPERBOY CASES**

   **A.    Procedural History**

1. Background. In 1997, plaintiff Laura Siegel Larson (and her now-deceased mother, Joanne Siegel) served DC with notices of termination under 17

U.S.C. § 304(c) seeking to recapture Jerome Siegel's copyright interests in certain works. DC disputed the notices, and the parties discussed settlement. The Ninth Circuit has held that an October 19, 2001, letter from the Siegels' lawyer, Kevin Marks, constituted an acceptance of a DC offer, thereby creating an agreement. *Larson v. Warner Bros. Entm't, Inc.*, 2012 WL 6822241, at *1 (9th Cir. Jan. 10, 2013). In 2002, the Siegels served an additional copyright termination notice seeking to recapture Siegel's copyright interests in certain Superboy works, which DC disputed.

In 2004, the Siegels, represented by their attorney Mr. Toberoff, filed two lawsuits—the *Siegel* Superman Case, and the *Siegel* Superboy Case—against the DC parties (DC Comics, Warner Bros. Entertainment Inc., Warner Communications Inc., Warner Bros. Television Production Inc., and Time Warner Inc.).

 a. In the now-operative pleading in the *Siegel* Superman Case, Larson asserted four claims:

- Her First Claim sought a declaration that she recaptured, as of 1999, her father's alleged 50% interest in certain Superman copyrights pursuant to her 1997 termination notices, and that she continues to own that interest. Case No. CV-04-8400, DN 644 ¶¶ 52-55.
- Her Second Claim sought a declaration concerning her entitlement to profits from the allegedly recaptured copyrights. *Id.* ¶¶ 56-59.
- Her Third Claim sought a declaration that she recaptured her father's alleged 50% copyright interest in Superman's crest. *Id.* ¶¶ 60-64.
- Her Fourth Claim sought an accounting of DC's post-termination Superman profits. *Id.* ¶¶ 65-73.[2]

DC asserted six counterclaims in the *Siegel* Superman Case:

---

[2] Larson originally asserted, but then dismissed, additional claims for unfair competition under the Lanham Act and California law. DN 376.

- Its First Counterclaim sought a declaration that Larson's Superman and Superboy termination notices are invalid, alleging, *inter alia*, that they were untimely and did not terminate all of Jerome Siegel's grants to DC. Case No. CV-04-8400, DN 646 ¶¶ 66-89.
- Its Second Counterclaim alleged Larson's claims were time-barred. *Id.* ¶¶ 90-96.
- Its Third Counterclaim alleged that Larson breached the October 19, 2001, agreement. *Id.* ¶¶ 97-101.
- Its Fourth Counterclaim sought a declaration that, by the October 19, 2001, agreement, Larson "transferred or [is] contractually obligated to transfer to DC Comics" "any and all" of her Superman rights. *Id.* ¶¶ 102-05.
- Its Fifth Counterclaim sought a declaration to limit the scope of Larson's recaptured copyrights (if any). *Id.* ¶¶ 106-35.
- Its Sixth Counterclaim sought a declaration concerning accounting principles to apply if Larson's termination was valid. *Id.* ¶¶ 136-39.

b. Larson asserted five claims in the *Siegel* <u>Superboy</u> Case:

- Her First Claim sought an injunction preventing DC from infringing the Superboy copyrights she claims to have recaptured in 2004 by her Superboy notice of termination, as well as damages and other injunctive relief. Case No. CV-04-8776, DN 43 ¶¶ 61-75.
- Her Second Claim sought a declaration that, pursuant to her Superboy notice of termination, she owns 100% of her father's alleged Superboy copyrights identified in her notice; that the *Smallville* television series is derivative of Superboy; and that DC may not exploit new Superboy derivative works after the 2004 termination date. *Id.* ¶¶ 76-79.
- Her Third Claim sought damages and an injunction under the Lanham Act to prevent DC from violating her alleged trademark rights in

1 | Superboy. *Id.* ¶¶ 80-92.

- Her Fourth Claim sought restitution and an injunction under California's unfair competition law requiring DC to credit Jerome Siegel as Superboy's alleged creator. *Id.* ¶¶ 93-102.
- Her Fifth Claim sought an injunction preventing DC from exploiting new Superboy derivative works after the 2004 termination date, and requiring DC to credit Jerome Siegel as Superboy's alleged creator. *Id.* ¶¶ 103-07.

DC asserted the same six counterclaims in the *Siegel* Superboy Case as it asserted in the *Siegel* Superman Case. DN 44.

2. <u>Judge Larson's Summary Judgment Rulings.</u>  In March 2008, Judge Larson issued a partial summary judgment order in the *Siegel* Superman and Superboy Cases, holding that pursuant to the Siegels' notices of termination, they recaptured Jerome Siegel's 50% share of the first Superman story, published in *Action Comics No. 1*, but did not recapture rights in pre-*Action Comics No. 1* promotional announcements ("Ads"). Case No. CV-04-8400, DN 293. The Court rejected DC's Second, Third, and Fourth Counterclaims, ruling that Larson's claims were timely, and that the parties had not consummated a binding settlement agreement in October 2001. *Id.* at 57-59. In 2009, Judge Larson issued follow-up orders, in which he ruled that the Siegels had also recovered Jerome Siegel's 50% copyright share in the first two weeks of Superman newspaper strips, and in other early works, but further holding that the remaining Superman works were works-for-hire, *not* subject to termination. DN 560.

In a separate 2007 ruling in the *Siegel* Superboy case, Judge Larson ruled on a variety of the parties' respective arguments, but did not enter judgment in the case. Case No. 04-8776, DN 151 at 53-72; 9/17/07 Hr'g Tr. The parties dispute the impact of Judge Larson's rulings in the *Siegel* Superboy Case; their respective positions are set forth below in their respective case-management proposals.

1    After Judge Larson resigned, these cases were reassigned to the Hon. Otis D. Wright II.  Case No. CV-04-8400, DN 596; CV-04-08776, DN 180.  Laura Siegel Larson filed a motion under Rule 54(b), seeking to appeal portions of Judge Larson's summary judgment rulings described above.  Case No. CV-04-8400, DN 628.  This Court denied Larson's initial motion, but ultimately granted her renewed Rule 54(b) motion in March 2011.  DN 659.

In May 2011, the Court entered partial final judgment on Larson's First Claim ("Declaratory Relief re: Termination") and DC's First through Fourth Counterclaims (First: "Declaration that the Superman Notices and the Superboy Notice are Ineffective"; Second: "Declaration that Any Claim by the Siegels for Co-Ownership of Superman (Including its Derivative Superboy) is Barred by the Statute of Limitations"; Third: "Breach of Contract"; Fourth: "Declaratory Relief Regarding the Agreement").  DN 669.  Both parties appealed this Rule 54(b) judgment.  DN 671; DN 674.  Larson's appeal focused on copyright work-for-hire issues.  DC principally challenged Judge Larson's ruling that the parties failed to reached a binding settlement agreement in 2001.  This Court stayed the *Siegel* Superman Case pending those appeals, DN 667, and there was little activity in the *Siegel* Superman and Superboy Cases while that appeal was pending.

### B.    The Ninth Circuit's January 10, 2013 Ruling

On January 10, 2013, the Ninth Circuit reversed Judge Larson's March 2008, summary judgment order and "direct[ed] the district judge to reconsider DC's third and fourth [settlement-related] counterclaims in light of [its] holding that the October 19, 2001, letter created an agreement."  *Larson*, 2012 WL 6822241, at *2.  The parties dispute the impact of this ruling; their respective positions are set forth below in their respective case-management proposals.

### C.    The Current State of Affairs

After the Ninth Circuit's ruling, DC filed a motion for summary judgment in the *Siegel* Superman and Superboy Cases on February 7, 2013.  Case No. CV-04-

- 6 -                                    JOINT STATUS REPORT RE: SUPERMAN & SUPERBOY CASES

8400, DN 702; Case No. CV-04-8776, DN 222.  Larson's opposition is due March 4, 2013, and DC's reply is due March 11, 2013.  Case No. CV-04-8400, DN 707 at 2.  The Court vacated the hearing on these motions, and stated that "no appearances will be necessary unless otherwise ordered by the Court on a later date."  *Id.*

### D.   DC's Case-Management Proposal

The Court asked the parties to address the impact of the Ninth Circuit's ruling on these cases.  Here is DC's submission:

<u>1. The Ruling.</u>  The Ninth Circuit ruled, "as a matter of law," that Marks' "October 19, 2001 letter created an agreement" between Larson and DC, in which the Siegels transferred any Superman and Superboy copyrights they may have recaptured to DC, in exchange for millions of dollars.  *Larson*, 2012 WL 6822241, at *1.  The Ninth Circuit noted that the "[t]he central issue" on DC's settlement-related appeal was "whether the parties reached a binding settlement agreement during their negotiations over the rights to Superman in 2001 and 2002."  *Id.* at *1.  The Ninth Circuit held that Judge Larson "failed to address whether the October 19, 2001, letter from [Marks to DC] constituted an acceptance of terms negotiated between the parties, and thus was sufficient to create a contract."  *Id.*  In answering that question, the court wrote, *id.*:

> We hold, as a matter of law, that the October 19, 2001 letter *did* constitute such an acceptance…. The October 19, 2001, letter itself plainly states that the heirs have "accepted D.C. Comics offer of October 16, 2001in respect of the 'Superman' and 'Spectre' properties. The terms are as follows…." What follows is five pages of terms outlining substantial compensation for the heirs in exchange for DC's continued right to produce Superman works.  The letter ends with Larson's attorney thanking DC's attorney for his "help and patience in reaching this monumental accord." Further, although it is the objective, and not subjective, understandings of the parties that determine whether they reached an agreement, extrinsic evidence of the parties' actions may be used to determine whether the oral offer referred to in the letter had, in fact, been made. [Citation.] Statements from the attorneys for both parties establish that the parties had undertaken years of negotiations, that they had resolved the last outstanding point in the deal during a conversation on October 16,

1
2
3
4
5
6
7
8

> 2001, and that the letter accurately reflected the material terms they had orally agreed to on that day.
> We reject Larson's arguments that either state or federal law precludes a finding that such a contract could have been created by the October 19, 2001, letter. California law permits parties to bind themselves to a contract, even when they anticipate that "some material aspects of the deal [will] be papered later." *Facebook, Inc. v. Pac. Nw. Software, Inc.*, 640 F.3d 1034, 1038 (9th Cir. 2011); [citation].… Nor is 17 U.S.C. § 204(a) a bar to the validity of any such contract; that statute expressly permits an agreement transferring ownership of a copyright to be signed by a "duly authorized agent" of the copyright owner, and Larson does not contest that the heirs' attorney was such an agent.

9
10
11
12
13

The Ninth Circuit "direct[ed] the district judge to reconsider DC's third and fourth [settlement-related] counterclaims in light of [its] holding that the October 19, 2001, letter created an agreement." *Id*. at *2. It noted: "Because a judgment on those claims in DC's favor would appear to render moot all of the other questions in this lawsuit, we decline to address these other issues at this time." *Id.*

14
15
16
17
18
19
20

2. The Impact. After over eight years of litigation, the *Siegel* Superman and Superboy Cases can and should now come to an end. DC's Fourth Counterclaim, asserted in both cases, seeks a declaration that the parties' October 2001 settlement agreement is enforceable, and that DC owns all of the copyrights on which Larson sued. *See* Case No. CV-04-8400, DN 702. As DC demonstrated in its pending summary judgment motions, judgment can and should be entered in DC's favor on its Fourth Counterclaims based on the Ninth Circuit's recent ruling. *Id.*

21
22
23
24
25
26
27
28

Granting DC judgment on its Fourth Counterclaim in each of the *Siegel* Superman Case and *Siegel* Superboy Cases renders DC's remaining counterclaims in the cases moot (meaning they should be dismissed without prejudice), and requires denial of Larson's claims (meaning they should be dismissed with prejudice). *Id.* Among other defects—and as will be addressed in DC's reply brief in support of its summary judgment motion (due March 11, 2013)—defendants' asserted contractual arguments to avoid such a judgment are without merit, contravene the Ninth Circuit's ruling, and were waived.

After receiving full briefing on DC's pending summary judgment motions on March 11, the Court should enter the proposed final judgments DC submitted with its motions. DN 702-5; Case No. CV-04-8776, DN 222-5. These orders will end these Superman and Superboy Cases, save for DC's fees request, 17 U.S.C. § 505.[3]

### E. **Larson's** Case-Management Proposal

These cases are not over. The Ninth Circuit's ruling is decidedly limited. It holds only that the "October 19, 2001 letter created an agreement" between the Siegels and DC. *Larson*, 2012 WL 6822241, at *2. Nothing in the ruling purports to interpret the meaning of that agreement's terms, or to determine whether and to what extent it was and/or still is enforceable. And it certainly does not hold that the "Siegels transferred any Superman and Superboy copyrights they may have recaptured to DC," as DC argues above. Had the Ninth Circuit believed that its ruling was dispositive on this issue, it certainly would have indicated as such. Instead, it specifically remanded the case and "direct[ed] the district judge to reconsider DC's third and fourth counterclaims in light of [its] holding…." *Id.*

Now that the Ninth Circuit has held that the October 19, 2001 letter created a contract, it falls to this Court to adjudicate DC's claims based on that contract. As will be detailed more fully in Ms. Larson's opposition to DC's motion for summary judgment, there are a host of outstanding issues that preclude DC from the relief it seeks: DC has not and cannot meet the requirements for specific performance; DC failed to perform or to even tender performance by March 31, 2002, the date agreed upon in the October 19, 2001 letter; DC anticipatorily breached by instead demanding unacceptable new and revised terms as a condition to its performance;

---

[3] DC submits that because DC's pending motion will resolve the entirety of the Superman and Superboy Cases, the Court need not address the issues left open by Judge Larson's 2007 Superboy rulings. In any event, DC argues that Judge Larson rightly rejected Larson's copyright infringement claim in the Superboy Case, ruling that the Superboy script at issue in her 2002 copyright termination notice was a joint work between Jerome Siegel and Joseph Shuster. Case No. 04-8776, DN 151 at 53-72; 9/17/07 Hr'g Tr.

accordingly, the Siegels rescinded the agreement, and DC abandoned the agreement. Moreover, insofar as Superboy and the Superman promotional announcements are concerned, the October 19, 2001 letter could not have transferred any copyrights because the Copyright Act prevents the anticipatory transfer of terminated rights. 17 U.S.C. §§ 304(c)(5), 304(c)(6)(D).

DC's motion for summary judgment mischaracterizes the Ninth Circuit's ruling and ignores all of these outstanding contract issues in an attempt to push through a judgment. Granting DC a premature judgment will only lead to problems on appeal and further delay a complete and final resolution of this case. The Court should instead set a scheduling order for proper briefing and trial on any remaining issues of material fact this summer.

## II. THE *DC COMICS* CASE

### A. Procedural History

1. DC's Claims. DC filed this third case in May 2010, asserting six claims:

- Its First Claim sought a declaration that the Superman copyright termination notice served by the Estate of Joseph Shuster was invalid. DN 49 ¶¶ 105-34.
- Its Second Claim sought a declaration limiting the scope of rights the Shusters allegedly recaptured—assuming their termination notice was valid. *Id.* ¶¶ 135-64.
- Its Third Claim sought a declaration that certain of defendants' agreements violated the Copyright Act. *Id.* ¶¶ 165-72, 192.
- Its Fourth Claim alleged Toberoff and Pacific Pictures intentionally interfered with DC's business relationship and agreements with the Shusters. *Id.* ¶¶ 175-79.
- Its Fifth Claim alleged Toberoff intentionally interfered with DC's relationships with the Siegels. *Id.* ¶¶ 181-86.

- Its Sixth Claim sought a declaration that certain of defendants' agreements violated California unfair competition law. *Id.* ¶¶ 188-89.

2. <u>Defendants' Rule 12 And Anti-SLAPP Motions.</u> Defendants moved under Rule 12 to challenge DC's claims. DN 333; 334; 338; 342. They also filed a special motion to strike DC's state-law claims—its Fourth, Fifth, and Sixth Claims—pursuant to California's anti-SLAPP statute. DN 75; 145; 304; 312. The Court denied defendants' SLAPP motion in October 2011. DN 337. Defendants appealed, DN 339, and thereafter withdrew their Rule 12 motion, citing jurisdictional grounds, and answered DC's complaint. DN 343; 347-49. On January 10, 2013, the Ninth Circuit affirmed this Court's denial of defendants' anti-SLAPP motion. *See DC Comics v. Pacific Pictures Corp.*, 2013 WL 120807 (9th Cir. Jan. 10, 2013).

3. <u>The Parties' Cross-Summary Judgment Motions On DC's Federal Claims.</u> In July 2012, DC moved for summary judgment on its First and Third Claims, and defendants opposed and cross-moved for judgment on DC's First through Third Claims. In October 2012, the Court granted summary judgment in DC's favor on its First and Third Claims and deemed its Second Claim moot. DN 507. The Court granted defendants' Rule 54(b) motion, and in December 2012, the Court entered partial final judgment for DC on its First and Third Claims. DN 540. Defendants' appeal of this Rule 54(b) judgment is pending, and will be heard, on an expedited basis, by the same panel that heard the other two appeals in the *Siegel* Superman Case and *DC Comics* Case.

**B.    The Current State of Affairs**

The parties have three sets of substantive motions currently pending before the Court in *DC Comics*.

1. <u>DC's Sanctions Motion.</u> DC moved for an evidentiary hearing, terminating sanctions and various other relief based on defendants' alleged

- 11 -

discovery misconduct. DN 500; 527; 573. That motion is fully briefed, and the Court has taken the matter under submission. DN 575.

  2. <u>Defendants' Summary Judgment Motion And DC's Cross-Motion.</u> Defendants moved for summary judgment on DC's Fourth, Fifth, and Sixth Claims, arguing that DC's Fourth and Fifth Claims are barred by the statute of limitations, and that its Sixth Claim is moot, preempted by federal law and, in part, time-barred. DN 577. DC opposed this motion, filed a Rule 56(d) affidavit in support of the same, and cross-moved for summary judgment on its Sixth Claim. DN 588; 588-1. These motions will be fully briefed today, February 25, 2013, when defendants file their reply brief. The Court has ruled that "the matter will be decided upon without oral argument." DN 581.

  3. <u>DC's Motion for Attorneys' Fees.</u> DC moved to recover attorneys' fees from Mr. Toberoff and Pacific Pictures on its Third Claim. That motion is fully briefed, DN 559; 576; 582, and the "matter stands submitted." DN 580.[4]

  **C.**  **<u>DC's</u> Case-Management Proposal**

After nearly three years of litigation, this *DC Comics* case can and should be fully and finally resolved within the next 60 to 90 days.

  1. The Court can and should enter summary judgment for DC on its Sixth Claim. *See* DN 588 at 18-22. As shown in its pending motion, *id.*, DC seeks a declaration that Toberoff's web of rights-tying agreements with the Siegels and Shusters are void and unenforceable under California's unfair competition laws. *Id.*

  2. DC's Fourth through Sixth Claims can and should be resolved by DC's pending terminating sanctions motion, which seeks default judgment on all three of

---

[4] Also pending before the Court and Magistrate Judge Zarefsky are two discovery matters. The first is defendants' motion for review of Judge Zarefsky's denial of their motion to compel, which will be fully briefed today, February 25. DN 569; 579. The Court took the hearing on this motion off calendar. DN 580. The second is DC's motion before Judge Zarefsky to compel further depositions of Mr. Toberoff, Mark Warren Peary, and Ms. Larson. DN 584, 594. That motion, which is fully briefed, is currently set for hearing on March 11, 2013.

1 these claims, given defendants' egregious discovery misconduct.  DN 500; 527;
2 573; 588 at 2-4.  If the Court were to grant DC judgment on this basis, the *only*
3 issue left to prove on Fourth and Fifth Claims is damages, which can be proved
4 quickly and easily.  *E.g.*, DN 588 at 2-4 & n.1.  Defendants' characterization of
5 DC's motion is inaccurate.

6       **E.**     <u>**Defendants'**</u> **Case-Management Proposal**

7       DC's remaining state-law Fourth, Fifth and Sixth Claims are long time-
8 barred or moot.  After nearly three years of litigation, the *DC Comics* case can and
9 should be brought to a close in the next few weeks on Defendants' pending
10 summary judgment motion.  *See* DN 577.

11       1. As shown in Defendants' motion, DC's Fourth and Fifth Claims are long
12 barred by the applicable two-year statute of limitations based on an undisputed
13 record demonstrating that DC was on notice of its claims in 2006.  DC's Sixth
14 Claim is moot because the Court already granted DC the requested relief on its
15 Third Claim, and this claim is also preempted by the Copyright Act.

16       2. DC's overblown discovery motion for an evidentiary hearing re: sanctions
17 regarding DC's Fifth Claim (not its Fourth, Fifth and Sixth Claims, as DC pretends)
18 does not save its state-law claims from Defendants' summary judgment motion.
19 Without legal precedent, and contrary to clear Ninth Circuit authority, DC
20 unjustifiably seeks severe terminating sanctions based on (1) a handful of logging
21 errors among thousands of entries, regarding four documents which were produced
22 to DC many months ago; and (2) DC's misrepresentations that Michael Siegel's
23 former counsel sent his files to Mr. Toberoff in 2006, when, as the evidence easily
24 demonstrates, they did not send Mr. Siegels' files to Mr. Toberoff until 2011, and
25 thereafter these documents were all promptly logged or produced.  DN 517 at 4-17.
26 DC has suffered no prejudice because it received the documents when these
27 discovery issues were resolved, long before any substantive decision on DC's Fifth
28 Claim – the sole claim to which the documents are even remotely relevant.

| | |
|---|---|
| 1 | If Defendants' summary judgment motion is granted, there would be no |
| 2 | further issues to be decided by this Court, and a final judgment could be entered in |
| 3 | this case. |

Dated: February 25, 2013       Respectfully Submitted,
                               O'MELVENY & MYERS LLP

                               By: /s/ Daniel M. Petrocelli
                                   Daniel M. Petrocelli

Dated: February 25, 2013       Respectfully Submitted,
                               TOBEROFF & ASSOCIATES, P.C.

                               By: /s/ Marc Toberoff
                                   Marc Toberoff

<u>Attestation</u>

I hereby attest that the other signatories listed, on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: February 25, 2013       O'MELVENY & MYERS LLP

                               By: /s/ Daniel M. Petrocelli

- 14 -   JOINT STATUS REPORT RE: SUPERMAN & SUPERBOY CASES