DANIEL M. PETROCELLI (S.B. #097802)
  dpetrocelli@omm.com
MATTHEW T. KLINE (S.B. #211640)
  mkline@omm.com
CASSANDRA L. SETO (S.B. #246608)
  cseto@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067-6035
Telephone: (310) 553-6700
Facsimile: (310) 246-6779

Attorneys for Plaintiff DC Comics

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DC COMICS,<br><br>    Plaintiff,<br><br>    v.<br><br>PACIFIC PICTURES CORPORATION, IP WORLDWIDE, LLC, IPW, LLC, MARC TOBEROFF, an individual, MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER, JEAN ADELE PEAVY, an individual, LAURA SIEGEL LARSON, an individual and as personal representative of the ESTATE OF JOANNE SIEGEL, and DOES 1-10, inclusive,<br><br>    Defendants. | Case No. CV 10-3633 ODW (RZx)<br><br>**DC COMICS' OBJECTION TO DEFENDANTS' RELIANCE ON THE DECLARATION OF ARIEL Z. EMANUEL IN THEIR SUMMARY JUDGMENT REPLY PAPERS**<br><br>DECLARATION OF DANIEL M. PETROCELLI FILED CONCURRENTLY HEREWITH<br><br>Hon. Otis D. Wright II<br><br>**Hearing Date**:   March 11, 2013<br>     (*Hearing Vacated*) |

DC'S OBJ. TO EMANUEL MATERIALS

1  DC hereby objects to and seeks to strike the Declaration of Ari Emanuel, DN 595-5, and those portions of defendants' summary judgment reply papers that rely on it: DN 595 at 2:3-8, 2:11-12; 4:14-16; DN 595-3 at 2:24-26; 8:19-21; 8:28-9:2; 9:5-11; & DN 595-4 at 1:15-18.  Lead counsel for DC and the Toberoff defendants ("Toberoff") met in person about these objections, DN 593, and were unable to resolve them, Petrocelli Decl. ("PD") ¶ 2 & Exs. D-F.

DC objects to Emanuel's declaration on three grounds:

- "It is well established that issues cannot be raised for the first time in a reply brief," *Gadda v. State Bar of Cal.*, 511 F.3d 933, 937 n.2 (9th Cir. 2007);
- The declaration contradicts Emanuel's prior deposition testimony and, thus, should be stricken; and
- Toberoff's reliance on disputed facts is improper on summary judgment.

1. <u>*DC's First Objection*: Improper Reply Evidence.</u>  The "remedy for dealing with new evidence first appearing in a reply is [the court] will not consider issues or evidence raised." *Am. Traffic Solutions, Inc. v. Redflex Traffic Sys., Inc.*, 2009 WL 775104, at *1 (D. Ariz. Mar. 20, 2009); *accord Groupion, LLC v. Groupon, Inc.*, 2012 WL 3025711, at *3 n.3 (N.D. Cal. July 24, 2012) (striking reply).

Toberoff contends he submitted the Emanuel declaration *not* as part of his *reply* on his statute-of-limitations motion, but to oppose DC's *cross-motion* for summary judgment on its Sixth Claim and its sanctions motion.  PD Ex. E at 102.  This is belied by Toberoff's reply, which never cites the Emanuel declaration when addressing DC's cross-motion.  DN 595 at 10-12.  Rather, the reply cites the declaration to argue *limitations* issues.  *Id*. at 2, 4.  As for DC's sanctions motion, briefing on it is closed, DN 575, and Toberoff makes no showing of "good cause" to reopen the briefing, *id.*, or explain why he submitted the declaration now, and not months ago when opposing DC's sanctions motion.

2. <u>*DC's Second Objection*: Improper Declaration Contradicted by Prior Testimony.</u>  Emanuel's declaration attests to "personal knowledge" of a $15 million

offer he made in August 2002 to Kevin Marks (Laura Siegel Larson's lawyer) and to discussions he had with Marks and the Siegels in 2002 to 2004. DN 595-5. DC deposed Emanuel in 2006. At his deposition, Emanuel testified repeatedly that he had no recollection of making any such offer, no memory of a meeting with Marks, and no memory of offering to acquire the Siegels' rights. *See infra* Appendix A. Indeed, he said he did *not even know who Kevin Marks was*. *Id.*

A "district court may find a declaration to be sham when it contains facts that the affiant previously testified he could not remember." *Yeager v. Bowlin*, 693 F.3d 1076, 1080-81 (9th Cir. 2012). Such declarations are stricken. *See id.*; *Reinsdorf v. Skechers U.S.A.*, 2013 U.S. Dist. Lexis 16223 at *18-19 (C.D. Cal. Feb. 6, 2013).

Emanuel's testimony concerning the Siegels is similarly flawed. While he did recall four meetings with the Siegels, he believed he was out of the room for part of one meeting, did not know if the Siegels retained Toberoff before Emanuel met them, and recalled few, if any, details. PD Ex. A at 51:12-55:18, 79:11-80:2. Thus, Emanuel cannot testify with certainty about what Toberoff may have discussed, DN 595-5 ¶ 5, much less all that he himself said. *Cf.* PD Ex. A at 50:18-20 ("Q. Do you recall anything [Toberoff] said to the Siegels at that meeting? A. No, I do not."); 77:14-78:1 ("Q. What do you recall transpiring at the third meeting? A. … I don't remember. Q. … Do you have any recollection at all as to what happened in either of the last two meetings that you had with the Siegels? A. … I'm assuming something was said, but I don't remember."); *id.* 53:24-54:15.[1]

Toberoff contends that Emanuel's declaration should not be stricken because "it would come as no surprise if Mr. Emanuel … conferred with his counsel as to relevant contemporaneous documents to refresh his recollection." PD Ex. E at 104.

---

[1] *See id.* at 13:6-9, 25:2-6, 29:15-23, 40:19-41:1 (cannot recall talks with Toberoff); 17:12-18:7 (cannot recall financial stake in Siegels' properties); 19:9-17, 21:18-23, 24:1-10 (cannot recall financial stake in company owned with Toberoff or rights it owned); 34:10-35:2, 39:11-14, 53:18-55:18 (cannot recall valuation done of Siegels' rights or how it compared to DC's deal with Siegels); 63:12-64:19, 65:21-67:18, 70:20-71:2 (cannot recall efforts to purchase Michael Siegel's rights or contract he signed regarding same).

For this exception to apply, the declarant—Emanuel—had to provide a "reasonable explanation" for his new memories, *Yeager*, 693 F.3d at 1081, but his declaration offers none.  In *Yeager*, the witness at deposition said he "remember[ed] almost nothing about the events central to the case," but then filed a substantive declaration arguing he "reviewed several documents that have refreshed [his] recollection." *Id.* The Ninth Circuit called this a "weak explanation" and disregarded his declaration. *Id.* Toberoff's surmise neither satisfies the *Yeager* test, nor is consistent with Emanuel's deposition testimony—he was shown contemporaneous documents at his deposition, but claimed not to recall them. *Supra* n.2; PD Ex. A at 58:1-13; 62:12-63:11; 65:2-6; 67:5-13.  And this is not a case of "elaborating upon, explaining or clarifying prior testimony," *Van Asdale v. Int'l Game Tech.*, 577 F.3d 989, 999 (9th Cir. 2009)—he is testifying to new memories, *see* Appendix A.

      3. *DC's Third Objection*: Improper Rule 56 Evidence.  Emanuel's declaration contains new disputed facts that are the subject of ongoing discovery, including his impending deposition.  FED. R. CIV. P. 56(d); DN 588-1 at 2; PD Exs. B-D.  Written admissions by Larson and Michael Siegel contradict Emanuel's testimony. *E.g.*, DN 455-2 at 4 (Larson's 2002 letter to Michael: identifying Toberoff, Emanuel, and "billionaire investor" as *three separate people*; recounting how "billionaire investor who was offering $15 million" disappeared after the Siegels cut their ties with DC); DN 225-4 at 3 (Michael's May 2003 response: explaining how, in 2001, Toberoff "had a mysterious billionaire who wanted to invest in the Superman copyright" and how this offer, and offer to produce competing movie, were bogus).  If Emanuel's "counsel" "refreshed" his memory, as Toberoff says, then DC is entitled to depose him concerning his alleged conversations and the documents he reviewed.  Reliance on such "refreshed" recollections waives any privilege. *E.g.*, FED. R. EVID. 612(2); *Hoot Winc, LLC v. RSM McGladney*, 2010 WL 3894966, at *5 (S.D. Cal. 2010).

Dated:  March 5, 2013            Respectfully Submitted,

                                        By:  /s/ Daniel M. Petrocelli

**Appendix A: Comparison of Emanuel's 2013 and 2006 Testimony Regarding August 2002 Meeting with Kevin Marks**

| Emanuel's 2013 Declaration (DN 595-5) | Emanuel's 2006 Deposition (PD Ex. A) |
|---|---|
| 1. …. I have personal knowledge of the matters set forth in this declaration.<br><br>2. In August 2002, I participated in a conference call with Marc Toberoff and Kevin Marks, an attorney for Laura Siegel Larson and Joanne Siegel (the "Siegels"), that had been scheduled to discuss the potential licensing of the Siegel's "Superman" rights. | Q. Are you familiar with Kevin Marks?<br>A. *I don't know who he is.*<br>Q. Okay. He's an attorney at Gang, Tyre who represented Joanne and Laura Siegel prior to Mr. Toberoff.<br>A. Okay.<br>Q. Have you ever spoken with Mr. Marks?<br>A. *I don't recall.* PD Ex. A at 33:9-10 (all emphases added).<br><br>Q. Mr. Marks testified to a conference call that he had with you and Mr. Toberoff on or about August 7 or 8, 2002. Do you have any recollection of such a conference call?<br>A. *No, I do not….*<br>Q. Okay. Do you remember participating in any conference call with Mr. Marks regarding the Siegel interest at any time?<br>A. *Not that I recall.* Id. at 44:7-25. |
| 3. During this August 2002 conference call, I made an offer to license the Siegels' rights for $15 million plus a back-end participation to be negotiated. | Q. Okay. Do you recall making an offer to Mr. Marks to acquire the Siegel interest in Superman?<br>A. *I don't recall.*<br>Q. Do you recall offering Mr. Marks $15 million for the acquisition of the Siegel interest in Superman and Superboy?<br>A. *I don't recall.*<br>Q. Do you recall making any offer to Mr. Marks for the acquisition of that Siegel interest?<br>A. *I don't recall.* Id. at 45:15-24.<br><br>Q. Mr. Emanuel, what, if anything, can you recall about any effort made by you on behalf of IP Worldwide to acquire the Siegel interest in Superman or Superboy?<br>A. *I don't recall any of that.*<br>Q. Do you recall having a conversation with any lawyer representing the Siegels and making any offer to him to acquire that interest?<br>A. *I do not recall that.* Id. at 48:21-49:15. |

| | |
|---|---|
| 4. During this August 2002 conference call, neither Mr. Toberoff nor I mentioned a "billionaire investor," because I was the investor. There was also no mention by anyone of producing a Superman movie with the Siegels. | Q. Okay. Do you remember participating in any conference call with Mr. Marks regarding the Siegel interest at any time?<br>A. *Not that I recall.  Id*. at 44:23-45:1.<br><br>Q  Do you recall telling Mr. Marks in a telephone conversation that you and Mr. Toberoff or some members of Endeavor had set up a fund to acquire intellectual property properties?<br>A. *No, I do not.*<br>Q. Had you in fact as of August 2002 set up a fund with which to acquire intellectual property rights?<br>A. *I don't recall*.<br>Q. Did you at any point in time set up a fund with which to acquire intellectual property rights?<br>A. Not that I recall.  *Id*. at 48:3-13. |

OMM_US:71413153