Marc Toberoff (State Bar No. 188547)
 mtoberoff@toberoffandassociates.com
Keith G. Adams (State Bar No. 240497)
 kadams@toberoffandassociates.com
Pablo D. Arredondo (State Bar No. 241142)
 parredondo@toberoffandassociates.com
David Harris (State Bar No. 255557)
 dharris@toberoffandassociates.com
TOBEROFF & ASSOCIATES, P.C.
22337 Pacific Coast Highway, #348
Malibu, California
Telephone:  (310) 246-3333
Fax:        (310) 246-3101

Attorneys for Defendants Mark Warren Peary, as personal representative of the Estate of Joseph Shuster, Jean Adele Peavy, Laura Siegel Larson, individually and as personal representative of the Estate of Joanne Siegel

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| DC COMICS,<br><br>        Plaintiff,<br><br>vs.<br><br>PACIFIC PICTURES CORPORATION; IP WORLDWIDE, LLC; IPW, LLC; MARC TOBEROFF, an individual; MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER; JEAN ADELE PEAVY, an individual; LAURA SIEGEL LARSON, individually and as personal representative of the ESTATE OF JOANNE SIEGEL, and DOES 1-10, inclusive,<br><br>        Defendants. | Case No: CV 10-03633 ODW (RZx)<br><br>Hon. Otis D. Wright II, U.S.D.J.<br>Hon. Ralph Zarefsky, U.S.M.J.<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF DC COMICS' OBJECTIONS TO THE DECLARATION OF ARI EMANUEL RE: CROSS-MOTIONS FOR SUMMARY JUDGMENT ON DC'S FOURTH, FIFTH AND SIXTH CLAIMS**<br><br>Complaint filed:   May 14, 2010<br><br>Date:   March 11, 2013\*<br>Time:   1:30 p.m.\*<br>Place:  Courtroom 11\*<br><br>\*: The Court has indicated that it will take the motion under submission and hold a hearing if necessary.  Dkt. 581. |

DC's objection (Dkt. 599) to the declaration of Ari Emanuel, co-CEO of William Morris Endeavor (Dkt. 595-5) is improper for many reasons.

Mr. Emanuel's testimony is simple: In August 2002, **he** made a $15 million offer to the Siegels through their counsel, Kevin Marks. Dkt. 595-5 ¶¶2-4. His testimony is consistent with the 2006 and 2010 testimony of Mr. Marks (Dkt. 312-2), and the testimony of Ms. Larson (Dkt. 526 ¶¶5-14) and Mr. Toberoff. Dkt. 587, Ex. A at 297:10-302:15. <u>There is nothing "new" about this</u>. Defendants have repeatedly pointed out that Mr. Emanuel made the offer. *See, e.g.,* Dkt. 75 at 8; 98 at 4-6; 231 at 16-18; 269 at 7-11; 312 at 9. DC preferred *ad hominem* attacks on Mr. Toberoff, crediting the "billionaire investor" accusations in an anonymous "Timeline" written by a thief. DC seeks to obscure these basic facts under the guise of an "objection."

1. <u>Sur-Reply:</u> DC's objection is a clear "reply" or "sur-reply," expressly forbidden by the Court's February 21, 2013 Order. Dkt. 593 at 2

2. <u>Declaration Was Properly Filed In Opposition:</u> DC incorrectly objects that the declaration was in "reply," not opposition. DC *admits* that Defendants filed a "statute-of-limitations motion" (Dkt. 599 at 1) and Mr. Emanuel's declaration does not relate to this. Instead, the declaration responds to DC's irresponsible "billionaire investor" fraud accusations, made throughout its **cross-motion** to elicit prejudice. Dkt. 588 at 3, 14, 18 n.6. DC cannot make false accusations of fraud, and then object when Defendants respond.

3. <u>Properly Filed In Reply:</u> Even if the declaration is incorrectly viewed in reply to support Defendants' motion, it would still be proper. In response to Defendants' statement of simple undisputed facts, which DC could not directly dispute, DC repeatedly injected its baseless fraud allegations. *See* Dkt. 589 at ¶16, ¶17, ¶18, ¶19, ¶27, ¶28, ¶34, ¶35, ¶37, ¶39, ¶40, ¶41, ¶42, ¶44, ¶45, ¶47. It is perfectly proper to submit new evidence in reply to opposition arguments. *See, e.g., High Sierra Hikers Ass'n v. United States DOI*, 2012 U.S. Dist. LEXIS 74111, at *16 n.3 (N.D. Cal. May 29, 2012) ("HSHA's reply evidence, however, is not new

evidence, but rather a proper response to NPS's opposition arguments and will be considered."); *Bayway Refining Co. v. Oxygenated Marketing and Trading A.G.*, 215 F.3d 219, 226-27 (2d Cir. 2000) ("[R]eply papers may properly address new material issues raised in the opposition papers.").

   4. <u>No Contradiction With Prior Testimony</u>:  DC cites nothing in Mr. Emanuel's 2013 declaration that "contradicts" his 2006 *Siegel* testimony.  *Yeager v. Bowlin*, 693 F.3d 1076, 1080-81 (9th Cir. 2012), heavily relied on by DC, stresses that "newly-remembered facts, or new facts, accompanied by a reasonable explanation, should not ordinarily lead to the striking of a declaration as a sham."  *Yeager* holds that there are situations "in which a deponent's memory could credibly have been refreshed by subsequent events, including discussions with others or his review of documents, record, or papers."  *Id.* at 1080-81.

   As DC itself argued, the "primary focus" of *Siegel* was elsewhere, and its 2006 deposition of Mr. Emanuel in *Siegel* did not focus on "the acts of fraud" DC alleges "in this case."  Dkt. 589 at 29 ¶27.  DC argues Mr. Emanuel was shown "documents" at his 2006 deposition that should have refreshed his recollection (Dkt. 599 at 3), but neither exhibit (an October 2002 "IP Worldwide" agreement and a January 2003 "conflict waiver") concerned his August 2002 offer.  Dkt. 305-56, Ex. 56; 361-2, Ex. 19 at 208-09.

   In 2010, DC filed this well-publicized lawsuit, which alleged that Mr. Emanuel's August 2002 offer was fraudulent, sued Mr. Emanuel's joint venture, IP Worldwide, LLC, and subpoenaed Mr. Emanuel with discovery in 2012-13, requiring Mr. Emanuel to secure outside counsel in addition to WME's in-house counsel.  Dkt. 1; 49 ¶185; 595-5 Ex. C; 599-2, Ex. C.  Given DC's accusations, it is not only reasonable but expected that Mr. Emanuel would review such discovery or otherwise try to refresh his recollection with relevant testimony and documents.  DC's efforts to paint everyone and everything in sinister tones are not well taken.

   5. <u>No Basis For A Rule 56(d) Extension</u>:  Mr. Emanuel's testimony, like

1 any other information DC obtained or obtains *after* it filed its tort claims, is irrelevant
2 to Defendants' summary judgment motion that DC's claims are time-barred <u>based on
3 information in DC's possession since 2006</u>.  Moreover, in the 2½ years of discovery
4 in this case, Mr. Emanuel's deposition has been repeatedly postponed by DC –
5 including recent postponements from December 12, 2013 to February 12, 2013, and
6 then to March 19, 2013.  Dkt. 595-4 ¶4; 595-5 Ex. C; 599-2, Ex. C.  DC cannot keep
7 postponing a deposition and then argue that it justifies delaying Defendants'
8 summary judgment motion, to which it does not even relate.

10  Dated: March 6, 2013         RESPECTFULLY SUBMITTED,
                                 /s/ Keith G. Adams
11                               _____
                                 Keith G. Adams
12                               TOBEROFF & ASSOCIATES, P.C.
13                               Attorneys for Defendants Mark Warren Peary, *et al.*