**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DC COMICS,<br><br>            Plaintiff,<br><br>    vs.<br><br>PACIFIC PICTURES CORPORATION, ET AL.,<br><br>            Defendants. | CASE NO. CV 10-03633 ODW (RZx)<br><br>ORDER RE PLAINTIFF'S MOTIONS FOR LEAVE TO CONDUCT FURTHER DEPOSITIONS AND RESPONSE TO DEPOSITION QUESTIONS [Doc 584] |

       This matter came before the Court on March 11, 2013 on the motion of Plaintiff DC Comics for leave to conduct additional sessions of depositions. Plaintiff appeared through its counsel Matthew T. Kline, Jason Tokoro and Brian Pearl. Defendants appeared through their counsel Marc Toberoff and Keith Adams. The Court heard argument of counsel and took the matter under submission. The Court has reviewed the lengthy submissions of the parties and is fully advised.

       Plaintiff seeks leave to conduct an additional deposition of Defendants Marc Toberoff, Laura Siegel Larson, and Mark Peary. FED. R. CIV. P. 30(a)(2)(A)(ii) requires such application for leave if the witness has already been deposed in the case, and states that "the court must grant leave to the extent consistent with Rule 26(b)(2)." Rule 26(b)(2) in turn is entitled "Limitations on Frequency and Extent," and provides standards by which the Court should restrict discovery devices. The rule commands courts to limit discovery

if it is unreasonably cumulative or duplicative, or there has been ample opportunity to obtain the information by discovery, or the burden is undue in the circumstances of the case.

This request comes at a time in this litigation when three of Plaintiff's six claims have been largely adjudicated, the remaining three are the subject of a pending motion for partial summary judgment by Defendants, and the Court has denied Plaintiff's request to terminate the remaining claims in Plaintiff's favor because of alleged discovery abuses by Defendants. This last ruling came on March 8, 2013, after the present motion had been briefed. Much of Plaintiff's argument relied on the assertion that repeat depositions were pertinent to the then-pending motion for so-called terminating sanctions. Overall, of course, discovery in this case has been massive and unrelenting.

Mr. Toberoff and Mr. Peary both have been deposed once in this case and once in the earlier companion case brought by Mr. Siegel's heirs; Ms. Larson has been deposed a total of three times. In addition, Ms. Larson faces some health issues that factor into the consideration. At the hearing, the Court asked Plaintiff's counsel about the intended inquiry from Ms. Larson if further deposition were to be allowed. It developed that one of the main purposes was to attempt to enhance impeachment material, through examining Ms. Larson about certain documents that Plaintiff did not have when it previously examined her. One issue largely concerns the so-called "billionaire investor" claim, and whether there was a separate billionaire investor promised as a way of inducing Ms. Larson to repudiate an agreement with DC. Ms. Larson, for her part, does not seem to have been bothered by such an assertion; *she* doesn't assert that some misrepresentation about a billionaire was made to her. In any event, this kind of deposition inquiry, which typifies the sorts of inquiries DC now wishes to make, does not justify an additional deposition of Ms. Larson. Plaintiff has had enough opportunity, and has received enough evidence, to be able to easily put on its case, cross-examine and impeach without imposing a further added burden on Ms. Larson at this late stage of the litigation. Not all the

documents on which Plaintiff seeks further examination address the "billionaire investor" dispute, but the need for further deposition as to them is likewise unpersuasive.

A similar situation exists with respect to Mr. Toberoff. Were this at an earlier stage of the case, the situation might be different. But, as it stands now, much of the claim for the need for further examination here is tied to the now-denied motion for terminating sanctions. Also, Mr. Toberoff has sat for a full day of deposition in both this case and the Siegel case, and some of the examination overlapped. By the time of Mr. Toberoff's deposition in this case, Plaintiff apparently had all of the documents it needed for a full examination. And it does not appear that a further examination is needed for additional briefing on the statute of limitations questions as to the pending motions, as the issues there appear to relate to when Plaintiff was on notice of the potential for a claim. Finally, the argument that Toberoff should be compelled to answer previously-asked questions about the discovery process does not give grounds for a further deposition. The Court would be reluctant to make such an order in the abstract, as opposed to with respect to specific questions, but in any event it is hard to believe that there are *still* documents to be pursued, and the ruling on the terminating sanctions motion makes the issue academic.

The remaining witness that DC targets for an additional deposition session is Mark Peary. The Court agrees that the presence of the Armstrong Hirsh documents — legal advice apparently given to Mr. Toberoff, not Mr. Peary — do not justify further examination of Mr. Peary. As to his mother's will, it appears that Plaintiff did not receive a copy until after Mr. Peary was deposed; but it also appears, at this point, to be a tangential issue on the remaining claims. The Court does not understand how the 2011 agreement can bear on the statute of limitations issues concerning events half a dozen years earlier or on an alleged interference said to have occurred even years earlier. And, overall, there appears to be no reason that DC should not be held to the consequences of having selected the timing of Mr. Peary's deposition, rather than having an additional bite at the apple now.

DC also says that it needs additional deposition time so that Peary can answer questions he refused to answer before. This is a very thorny question, because it hinges on

the issue of whether discussions between Mr. Toberoff and Mr. Peary constituted discussions between an attorney and client, such that the attorney-client privilege is properly invoked. That issue is alluded to from time to time in both the Ninth Circuit and District Court opinions, principally on the SLAPP issues. The Court can find no *finding* on that issue that is determinative, however, and is reluctant to hold, on the basis of the record created for this discovery motion, that the attorney-client privilege does not apply as to the particular questions that were asked. It does not appear to the Court, however, that any of those questions has a bearing on the pending summary judgment motion. The Court denies this portion of the motion without prejudice to reconsideration based on a more targeted and developed motion, following a ruling on the summary judgment motion if that motion is denied.

     Except as set forth above, Plaintiff's motion is denied.

     DATED: March 13, 2013

                                                    _____
                                                  RALPH ZAREFSKY
                                        UNITED STATES MAGISTRATE JUDGE