UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 04 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DC COMICS,<br><br>            Plaintiff - Appellee,<br><br>  v.<br><br>PACIFIC PICTURES CORPORATION; et al.,<br><br>            Defendants - Appellants. | No. 11-56934<br><br>D.C. No. 2:10-cv-03633-ODW-RZ<br>U.S. District Court for Central California, Los Angeles<br><br>**MANDATE** |

The judgment of this Court, entered January 10, 2013, takes effect this date.

This constitutes the formal mandate of this Court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure.

Costs are taxed against the appellant in the amount of $479.20.

FOR THE COURT:
Molly C. Dwyer
Clerk of Court

Theresa Benitez
Deputy Clerk

FILED

JAN 10 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DC COMICS,<br><br>        Plaintiff - Appellee,<br><br>  v.<br><br>PACIFIC PICTURES CORPORATION; IP WORLDWIDE, LLC; IPW, LLC; MARC TOBEROFF; MARK WARREN PEARY, as personal representative of the Estate of Joseph Shuster; LAURA SIEGEL LARSON, individually and as personal representative of the Estate of Joanne Siegel; JEAN ADELE PEAVY,<br><br>        Defendants - Appellants. | No. 11-56934<br><br>D.C. No. 2:10-cv-03633-ODW-RZ<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, District Judge, Presiding

Argued and Submitted November 5, 2012
Pasadena, California

---

       [*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: REINHARDT and THOMAS, Circuit Judges, and SEDWICK, District Judge.[**]

  Defendants Pacific Pictures Corporation et al. ("defendants") bring this interlocutory appeal challenging the district judge's denial of their motion to strike, pursuant to California's anti-SLAPP statute, Cal. Civ. Proc. Code § 425.16, the fourth, fifth, and sixth claims brought by plaintiff DC Comics ("DC") in its First Amended Complaint.  As explained in the contemporaneously-filed opinion, we have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.  We affirm.

  The district judge properly held that DC's claims were not "based on" defendants' protected activity.  *In re Episcopal Church Cases*, 198 P.3d 66, 73 (Cal. 2009).  DC's fourth and fifth claims arise from the heirs' repudiation, at Toberoff's apparent urging, of their agreements or economic relationships with DC.  Neither the heirs' repudiation nor Toberoff's alleged inducement itself constitutes protected conduct under the anti-SLAPP statute.  We reject defendants' contentions that DC's claims involve protected conduct simply because (1) protected conduct may have been the ultimate motivation for, or eventual result of,

---

[**]  The Honorable John W. Sedwick, Senior U.S. District Judge for the District of Alaska, sitting by designation.

the repudiation, or (2) an attorney may have induced that repudiation. *See id.*[1]

Defendants' arguments based on the legal sufficiency of DC's claims are not relevant to our determination of whether those claims arise from protected conduct; such arguments are properly directed to the district court in the form of a dispositive motion. *See, e.g.,* Fed R. Civ. P. 56.

We also agree with DC that its sixth claim does not encompass protected conduct, even when the heirs' 2008 "lock-up" agreement is considered as a basis for that claim. Although the agreement was apparently produced immediately before settlement negotiations and, allegedly, in anticipation of them, the settlement negotiations themselves are incidental to the fact that the agreement may itself constitute unfair competition. Indeed, the lock-up agreement appears to bind the heirs long after the expiration of any settlement negotiations. Any protected conduct is thus merely the backdrop to—and not the basis of—the unfair competition claim. *See Episcopal Church Cases*, 198 P.3d at 73. Further, the anti-SLAPP statute does not, as defendants suggest, extend to the protected activities of the party *bringing* the underlying claims. *See* Cal. Civ. Proc. Code § 425.16(b)(1) (providing a motion to strike for "[a] cause of action *against* a person arising from

---

[1] Accordingly, we need not decide whether the filing of copyright termination notices would constitute protected conduct under California's anti-SLAPP statute.

3

any *act of that person* in furtherance of *the person's right* of petition or free speech" (emphasis added)).

**AFFIRMED.**[2]

---

[2]Because we need not assess the merits of DC's claims, its motion for partial reconsideration of this court's order denying its motion to supplement the record (D.E. 29) and its motion for judicial notice (D.E. 28) are denied as moot. For the same reason, Defendants' motion for judicial notice (D.E. 58) is denied as moot. DC is awarded costs on appeal.